Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David Sheehan (DS 4818)
Email: dsheehan@bakerlaw.com
Douglas E. Spelfogel (DS 7097)
Email: dspelfogel@bakerlaw.com
Richard J. Bernard (RB 6371)
Email: rbernard@bakerlaw.com

*Attorneys for Irving H. Picard, Esq.,
Trustee for the SIPA Liquidation of
Bernard L. Madoff Investment Securities LLC*

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adversary Proceeding |
| Plaintiff-Applicant | No. 08-01789-JMP |
| v. | |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC | |
| Defendant. | |

**TRUSTEE'S EX-PARTE APPLICATION FOR ENTRY OF AN ORDER
APPROVING FORM AND MANNER OF PUBLICATION AND MAILING
OF NOTICES, SPECIFYING PROCEDURES FOR FILING, DETERMINATION,
AND ADJUDICATION OF CLAIMS; AND PROVIDING OTHER RELIEF**

Irving H. Picard, Esq. ("Trustee"), as Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("Debtor"), by and through his undersigned counsel, respectfully requests, on an ex-parte basis, entry of an order approving the form and manner of the publication and mailing of required notices, specifying the procedures for the

filing, determination, and adjudication of claims, and providing other relief based on the following:

1. On December 11, 2008 (the "Filing Date"), the Securities and Exchange Commission ("SEC") filed a Complaint in the United States District Court for the Southern District of New York against defendants Bernard L. Madoff and the Debtor (together, the "Defendants") (No. 08 CV 10791). The Complaint alleged that the Defendants engaged in fraud through investment advisor activities of the Debtor. On December 12, 2008, the Honorable Louis A. Stanton of the United States District Court for the Southern District of New York, entered an order which, inter alia, appointed Lee S. Richards, Esq., as receiver for the Debtor. On December 15, 2008, Judge Stanton entered an order pursuant to the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa et seq. ("SIPA")[1], which, in pertinent part:

    (a) Appointed Irving H. Picard, Esq. as Trustee for the liquidation of the business of the Debtor, pursuant to §78eee(b)(3) of SIPA;

    (b) Appointed Baker & Hostetler, LLP ("B&H") as counsel to the Trustee pursuant to §78eee(b)(3) of SIPA; and

    (c) Removed the case to this Bankruptcy Court pursuant to §78eee(b)(4) of SIPA.

2. Section 78fff-2(a)(1) of SIPA provides that promptly after appointment, a trustee shall cause notice of the commencement of the proceeding to be mailed to each person who, from the books and records of the debtor, appears to have been a customer of the debtor with an open account within the twelve (12) months prior to the Filing Date, to the address of such person as it appears from the debtor's books and records. The Trustee requests that this Court enter an order directing the Trustee to effect such mailing of the notice in the form attached as Exhibit A on or before January 9, 2009.

---

[1] For convenience, reference to SIPA will not include "15 U.S.C."

3. Section 78fff-2(a)(1) of SIPA further provides that promptly after appointment, a trustee shall cause notice of the commencement of the proceeding to be published in one or more newspapers of general circulation in the form and manner determined by the Court. During the twelve months prior to the Filing Date, the Debtor, which maintained its primary office in New York, New York and had additional offices in London, U.K., had customers across the United States and in various foreign nations. Accordingly, the Trustee requests that this Court enter an order directing the Trustee to publish notice substantially in the form attached as Exhibit A on or before January 9, 2009 in the following newspapers:

    (a)    *The New York Times*, all editions;

    (b)    *The Wall Street Journal*, all editions;

    (c)    *The Financial Times*, all editions;

    (d)    *USA Today*, all editions;

    (e)    *Jerusalem Post*, all editions; and

    (f)    *Ye'diot Achronot*, all editions.

4. Section 78fff-2(a)(l) of SIPA states that notice to creditors other than customers shall be given by a trustee in the manner prescribed by the Bankruptcy Code. Section 342 of the Title 11 of the United States Code (the "Bankruptcy Code") states that there shall be given such notice as is appropriate of an order for relief. The Trustee requests that this Court enter an order directing him to mail notice to creditors other than customers in the form attached as Exhibit A on or before January 9, 2009.

5. The Trustee requests that this Court enter an order approving the form of the following documents, and directing the Trustee to mail such documents, substantially in the forms attached hereto, to customers and other creditors:

    (a)    Exhibit A    -    Notice of Commencement of Proceeding

    (b)    Exhibit B  -  Explanatory Letter to Customers

    (c)    Exhibit C  -  Customer Claim Form (and instructions)

    (d)    Exhibit D  -  Explanatory Letter to Broker-Dealers (with Series 300 Rules)

    (e)    Exhibit E  -  Explanatory Letter to Other Creditors

    (f)    Exhibit F  -  General Creditor Claim Form

    (g)    Exhibit G  -  Notice of Trustee's Determination of Claim Form

    (h)    Exhibit H  -  Proposed Order

6. Section 78fff-2(a)(3) of SIPA provides that no claim of a customer or other creditor of the debtor which is received by a trustee after the expiration of the six (6) month period beginning on the date of publication of notice of the commencement of proceedings under SIPA shall be allowed, except that the Court may, upon application within such period and for cause shown, grant a reasonable fixed extension of time for the filing of a claim by the United States, by a state or political subdivision thereof, or by an infant or incompetent person without a guardian. Any claim of a customer for net equity which is received by a trustee after the expiration of such period of time as may be fixed by the Court need not be paid or satisfied in whole or in part out of customer property, and, to the extent such claim is satisfied from monies advanced by the Securities Investor Protection Corporation ("SIPC"), it shall be satisfied in cash or securities (or both) as a trustee determines is most economical to the estate. The Trustee requests that the Court enter an order fixing a six-month period from the date of publication and mailing of notice for filing of such customer claims for net equity.

7. Section 78fff-2(a)(2) of SIPA provides that claims against the debtor shall be filed with a trustee. The Trustee requests that this Court enter an order directing that claims against the Debtor in this proceeding be filed with **Irving H. Picard, Esq., Trustee for Bernard L. Madoff**

08-01789-cgm    Doc 8    Filed 12/21/08    Entered 12/21/08 23:28:29    Main Document
Pg 5 of 9

**Investment Securities LLC, Claims Processing Center, 2100 McKinney Ave., Suite 800, Dallas, TX 75201.**

8.  Section 78eee(b)(3) of SIPA specifies that no person shall be appointed as trustee or as attorney for the trustee in a liquidation under SIPA if such person is not "disinterested" within the meaning of Section 78eee(b)(6) of SIPA. As for the trustee and counsel to the trustee, Section 78eee(b)(6)(B) of SIPA requires that the Court fix a time for hearing on disinterestedness (and that at least ten (10) days notice of such hearing be given by mail to the parties specified in said section) for the purpose of considering objections to the retention of trustee and counsel to the trustee based upon lack of disinterestedness in the proceedings. Accordingly, the Trustee requests that this Court enter an order setting February 4, 2009, at 10:00 a.m., as the date and time for the hearing of disinterestedness objections to the retention in office of Irving H. Picard, Esq. as Trustee and Baker & Hostetler LLP as counsel to the Trustee. The Trustee requests that any objections to the retention of counsel be filed with this Court, with a copy served on the Trustee's attorney at: Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, New York 10111, Attention: Douglas E. Spelfogel, Esq.; and SIPC, 805 Fifteenth Street, N.W., Suite 800, Washington, D.C. 20005-2215, Attention: Kevin H. Bell, Esq., so as to be filed and received not less than five (5) days prior to such hearing.

9.  Section 341(a) of the Bankruptcy Code requires that a meeting of creditors be held within a reasonable time after the order for relief in a case under the Bankruptcy Code. Section 343 of the Bankruptcy Code requires that the debtor appear and submit to examination under oath at such meeting. The Trustee requests that this Court enter an order designating the Trustee to preside at a meeting of creditors to permit the examination of the Debtor and its officers by the Trustee, creditors or other parties in interest, and further to conduct such business as may properly come before such meeting. The Trustee further requests that this Court enter an order

setting February 18, 2009, at 1:30 p.m., at the United States Bankruptcy Court, Southern District of New York, One Bowling Green, New York, New York 10004, as the time and place for such meeting of creditors.

10. Pursuant to Bankruptcy Rule 9007, which authorizes the combination of notices whenever feasible, the Trustee requests that this Court enter an order directing that notice of the meeting of creditors and notice of the "disinterestedness" hearing be combined with notice of the commencement of proceedings, and that such notice, in the form and content as set forth in attached Exhibit A, be published and customers and creditors be notified by mail in the manner provided in paragraphs 2, 3, and 4 above.

11. The Trustee requests that this Court enter an order directing the Debtor to comply with SIPA and the pertinent sections of the Bankruptcy Code, including the requirements of the Debtor to (a) designate an officer to appear and submit to examination under oath at the meeting of creditors under section 343 of the Bankruptcy Code, and (b) comply with the Debtor's duties enumerated in section 521 of the Bankruptcy Code, i.e., by (i) by timely filing the schedules of assets and liabilities, of executory contracts, of pending litigations and information about any other pertinent matters; (ii) timely filing a list of creditors, a schedule of assets and liabilities and a statement of financial affairs, (iii) cooperating with the Trustee as necessary to enable the Trustee to perform his duties; and (iv) surrendering forthwith to the Trustee all property of the Debtor's estate and any and all recorded information, including, but not limited to, books, documents, records, papers and computer disks or tapes constituting or relating to the Debtor or property of the Debtor's estate.

12. To the extent consistent with the provisions of SIPA, a liquidation proceeding is to be conducted in accordance with, and as though it were being conducted under Chapters 1, 3, and 5, and subchapters I and II of Chapter 7 of the Bankruptcy Code. *See* Section 78fff(b) of SIPA.

Section 704(5) of the Bankruptcy Code, which appears in Subchapter I of Chapter 7 of the Bankruptcy Code, requires a Trustee to examine proofs of claims and object to the allowance of any claim that is improper.

13. The Trustee, by his staff and counsel, will analyze the customer claims and accounts. They will compare the claims against the books and records of the Debtor and other sources. The Trustee requests that this Court authorize him, as provided in Section 78fff-2(b) of SIPA, to satisfy customer claims as far as the claims agree with the Debtor's books and records or are otherwise established to the Trustee's satisfaction.

14. The Trustee will satisfy customer claims by (i) delivering "customer name securities," as defined in Section 78*lll*(3) of SIPA; and (ii) satisfying a customer's "net equity" claim, as defined in Section 78*lll*(11) of SIPA, by distributing on a ratable basis securities of the same class or series of an issuer on hand as "customer property," as defined in Section 78*lll*(4) of SIPA, and, if necessary, by distributing cash from such customer property or cash advanced by SIPC, or purchasing securities for customers as provided in Section 78fff-2(d) of SIPA.

15. In order to expedite the protection of customers of the Debtor under SIPA, the Trustee requests the approval of the Court of the procedures prescribed in Section 78fff-2(b) of SIPA which provides that:

> [T]he court shall, among other things –
>
> (1) with respect to net equity claims, authorize the trustee to satisfy claims out of moneys made available to the trustee by SIPC notwithstanding the fact that there has not been any showing or determination that there are sufficient funds of the debtor available to satisfy such claims; and
>
> (2) with respect to claims relating to, or net equities based upon, securities of a class and series of an issuer which are ascertainable from the books and records of the debtor or are otherwise established to the satisfaction of the trustee, authorize the trustee to deliver securities of such class and series if and to the extent available to satisfy such claims in whole or in part, with partial deliveries to be made pro rata to the greatest extent considered practicable by the trustee.

16. The Trustee anticipates that individuals may file claims seeking "customer" protection that the Trustee may disallow completely, disallow as a protected customer claim, or disallow in part. The Trustee proposes this Court order a procedure for the expeditious resolution of disputes that may arise between the Trustee and claimants for protection as customers. The Trustee suggests the following procedures for those claims for protection as a customer of the Debtor, as defined in SIPA, which it does not allow as filed:

   (1) The Trustee will notify the claimant by certified mail that the Trustee has determined that the claimant's claim has been disallowed in whole or in part or has otherwise not been approved for satisfaction as filed. Notification shall be in a form similar to Exhibit G attached hereto. If a claimant is aggrieved by the determination of the Trustee, the claimant shall be afforded the opportunity to have the matter heard by the Court as a contested matter under Rule 9014 of the Bankruptcy Rules.

   (2) The claimant shall request a hearing before this Court by filing a request in accordance with the instructions included with the Trustee's determination, Exhibit G hereto. The claimant shall file the request for a hearing within thirty days of the date on which the Trustee mailed his determination. The request shall include a detailed statement of the reasons for the claimant's objection to the Trustee's determination and the claimant shall attach copies of any documents or other writing upon which the claimant relies.

   (3) The Trustee shall ask the Court to set a time and date for a hearing and shall notify the claimant in writing of the time, date and place of the hearing.

   (4) If a claimant fails to request a hearing within thirty days of the mailing of the Trustee's determination in accordance with the procedures established by this Court's order, or if the claimant fails to appear at the hearing, then the Trustee's determination shall be final.

   (5) The Trustee requests authority to compromise and settle any disputed customer claim at any time, without further order of this Court.

17. Section 78fff-1(c) of SIPA requires that a trustee report progress to this Court. The Trustee requests the Court enter an order directing the Trustee to file his first report within six (6) months after publication of the Notice of Commencement, and shall file interim reports every six (6) months thereafter.

18.  No previous application for the relief requested herein has been made to this or any other court.

19.  The relief requested in this application is not novel, and the Trustee has incorporated his legal authority under SIPA and the Bankruptcy Code. Accordingly, the Trustee requests that the Court waive the requirements of Local Bankruptcy Rule 9013-1(B) to the extent applicable.

WHEREFORE, the Trustee requests that the Court grant this application and approve and enter the procedural order in substantially the form requested.

Dated: New York, New York  
December 21, 2008

Respectfully submitted,

OF COUNSEL:

SECURITIES INVESTOR  
PROTECTION CORPORATION  
805 Fifteenth Street, N.W., Suite 800  
Washington, DC 20005  
Telephone: (202) 371-8300

Josephine Wang (JW 0674)  
General Counsel  
jwang@SIPC.org

Kevin H. Bell (KB 2260)  
Senior Associate General Counsel  
kbell@SIPC.org

/s/ David J. Sheehan  
Baker & Hostetler LLP  
45 Rockefeller Plaza  
New York, New York 10111  
Telephone: (212) 589-4200  
Facsimile: (212) 589-4201  
David Sheehan (DS 4818)  
Email: dsheehan@bakerlaw.com  
Douglas E. Spelfogel (DS 7097)  
Email: dspelfogel@bakerlaw.com  
Richard J. Bernard (RB 6371)  
Email: rbernard@bakerlaw.com

*Attorneys for Irving H. Picard, Esq.,*  
*Trustee for the Liquidation of the Business of*  
*Bernard L. Madoff Investment Securities LLC*