**Robinson Brog Leinwand Greene**
 **Genovese & Gluck P.C.**
875 Third Avenue
New York, New York 10022
(212) 603-6300
**A. Mitchell Greene, Esq.**

**Proposed Attorneys for Debtor and Debtor-in-Possession**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

In re:                                                                               Chapter 11

**WILLIAM W. KOEPPEL,**                                       Case No. 18-22984-rdd

                                      Debtor.
-------------------------------------------------------------X

**APPLICATION FOR ORDER DIRECTING THE
FILING OF PROOFS OF CLAIMS AGAINST THE DEBTOR
AND APPROVING FORM AND MANNER OF NOTICE THEREOF**

TO:    THE HONORABLE ROBERT D. DRAIN
           UNITED STATES BANKRUPTCY JUDGE:

The debtor and debtor in possession, William W. Koeppel (the "Debtor"), by its attorneys, Robinson Brog Leinwand Greene Genovese & Gluck P.C. ("Robinson Brog"), pursuant to Section 501 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") seeks the entry of an order (i) establishing a final date (the "Bar Date") for the filing of proofs of claims against the Debtor (including, without limitation, general unsecured creditors and creditors with priority under §507 of the Bankruptcy Code), and (ii) approving the form and manner of notice thereof. In support thereof, the Debtor states:

## INTRODUCTION

1.  Pursuant to Section 501 of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3), by this motion the Debtor seeks the entry of an order establishing a final date for filing proofs of claims against the Debtor.

2.  In order for the Debtor to make appropriate decisions concerning, *inter alia*, the filing of a plan of reorganization, the feasibility of any plan, the solvency of its estate and to determine whether to pursue objections to claims or potential causes of action against putative creditors, it is necessary that a claims bar date be set to enable the Debtor to fully understand the universe of claims against its estate.

## JURISDICTION AND VENUE

3.  Jurisdiction over this application is vested in the United States District Court for this District pursuant to Sections 1334 of Title 28 of the United States Code (the "Judicial Code").

4.  This application has been referred to this Court for consideration pursuant to Section 157 of the Judicial Code and the *Standing Order of Reference Regarding Title 11* (S.D.N.Y. Feb 1, 2012) (Preska, C.J.).

5.  This is a core proceeding arising under title 11 of the United States Code. *See* 28 U.S.C. §§ 157(b)(1). The statutory predicate for the relief sought herein is Section 501 of the Bankruptcy Code.

6.  Venue of this motion in this district is proper pursuant to Section 1409 of the Judicial Code.

{00946034.DOC;1 }

**BACKGROUND**

7. On June 26, 2018, (the "Petition Date") the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy.

8. The Debtor is a property manager and real estate investor. The Debtor's financial condition was precipitated by an adverse decision, potentially in an amount up to $7,000,000 rendered against the Debtor, which decision is pending entry as a judgment. The Debtor disputes the calculation of the amount fixed in the decision and is filing this petition is to preserve the assets of the Debtor for the benefit of the creditors and to preserve priorities of creditors. The Debtor believes that it will have the ability to monetize certain assets to pay creditors.

9. As of the filing of this Motion, no trustee, examiner or committee has been requested or appointed.

**THE BAR DATE**

10. The Bankruptcy Rules provide, in relevant part, as follows:

> Any creditor or equity security holder whose claim or interest is not scheduled or scheduled as disputed, contingent, or unliquidated shall file a proof of claim or interest within the time prescribed by subdivision (c)(3) of this rule; any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution.

Fed. R. Bankr. P. 3003(c)(2). The Bankruptcy Rules further provide that in Chapter 11 cases the Court shall fix the time within which proofs of claim must be filed. Fed. R. Bankr. P. 3003(c)(3).

11. The Debtor submits that it is in the best interest of its estates and creditors that this Court, at this juncture, enter an order requiring creditors to file proofs of claims against the Debtor within a fixed period of time.

{00946034.DOC;1 }

12. Accordingly, the Debtor requests that, pursuant to Sections 105 and 502 of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3), and the Procedural Guidelines for Filing Requests for Orders to Set the Last Date for Filing Proofs of Claim, updated 12/1/15 (the "Guidelines") the Court fix **August 27, 2018** as the last date (the "Bar Date") for all creditors to file proofs of claim against the Debtor. Such date will allow creditors more than the requisite 35 days notice set forth in the Guidelines, and will provide sufficient opportunity for them to file their proofs of claim. Governmental units, as that term is defined in the Bankruptcy Code, shall have until **December 24, 2018** (the **"**Government Bar Date") to file proofs of claim against the Debtor (the Government Bar Date being 180 days after the Petition Date).

13. Bankruptcy Rule 2002(a)(7) requires the clerk, or some other person as the Court may direct, to provide the debtor, the trustee, all creditors, and indenture trustees not less than twenty (21) days' notice by mail of the time fixed for filing proofs of claim under Bankruptcy Rule 3003(c). As noted above, the Guidelines provide for a 35 day notice period.

14. The Debtor requests that it be authorized to serve a notice of the time fixed by the Court for filing proofs of claims, substantially in the form annexed hereto as **<u>Exhibit A</u>** (the "Bar Date Notice"), by United States first class mail, postage prepaid, on all creditors, interest holders and other known claimants and parties in interest, and all governmental agencies specified in Bankruptcy Rule 2002(j) on or before July 23, 2018.

15. The Bar Date Notice (i) provides information concerning the Bar Date, (ii) requires claims to be filed with the Clerk's office, (iii) requires duplicate copies of all proofs of claims be served on counsel for the Debtor, and (iv) requires that proofs of claim conform substantially to Official Bankruptcy Form 410. The proposed notice also provides an address for

{00946034.DOC;1 }

4

the Clerk's office and the address and telephone number for Debtor's counsel to be used for further inquiries.

16. No previous application for the relief requested herein has been made to this or any other Court.

17. This application for entry of the bar date order in this case complies, to the best of the Debtor's knowledge, with Local Rule 3003-1 and the Guidelines.

**WHEREFORE**, the Debtor seeks the entry of an order setting August 27, 2018, as the Bar Date for the filing of proofs of claim against the Debtor, approving the service of notice as set forth herein; approving the proposed Bar Date Notice, and granting such other and further relief as is just and appropriate.

<table>
<tr><td>

**Dated:** New York, New York
        July 17, 2018

</td><td>

**ROBINSON BROG LEINWAND
GREENE GENOVESE & GLUCK P.C.
Proposed Attorneys for Debtor**
875 Third Avenue, 9th floor
New York, NY 10022
Tel. No.: (212) 603-6300

By: /s/ A. Mitchell Greene
      A. Mitchell Greene

</td></tr>
</table>

# **EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

In re:                                                                         Chapter 11

**WILLIAM W. KOEPPEL,**                                    Case No. 18-22984-rdd

                                          Debtor.
-------------------------------------------------------------X

**NOTICE OF DEADLINE REQUIRING FILING OF**
**PROOFS OF CLAIM AGAINST THE DEBTOR ON OR BEFORE AUGUST 27, 2018**

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST:**

**WILLIAM W. KOEPPEL**

      The United States Bankruptcy Court for the Southern District of New York has entered an Order establishing **August 27, 2018 at 5:00 p.m. (New York time)** (the "Bar Date") as the last date for each person or entity (including individuals, partnerships, corporations, joint ventures, trusts and governmental units) to file a proof of claim against William W. Koeppel (the "Debtor").

      The Bar Date and the procedures set forth below for filing proofs of claims against the Debtor apply to all such claims that arose prior to June 26, 2018, the date on which the Debtor commenced this case under Chapter 11 of the United States Bankruptcy Code, except for those holders of claims listed in Section 4 below that are specifically excluded from the Bar Date filing requirement. Governmental units may have until December 24, 2018, the date that is 180 days after the order for relief, to file proofs of claim.

1. **WHO MUST FILE A PROOF OF CLAIM**

      You MUST file a proof of claim to vote on a Chapter 11 plan filed by the Debtor or to share in distributions from the Debtor's bankruptcy estate if you have a claim that arose prior to **June 26, 2018** (the "Filing Date"), and it is not one of the types of claim described in Section 4

below.  Claims based on acts or omissions of the Debtor that occurred before the Filing Date, must be filed on or prior to the Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Filing Date.

Under Section 101(5) of the Bankruptcy Code and as used in this notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

**2.    WHAT TO FILE**

Your filed proof of claim must conform substantially to Official Form No. 410, a copy of which is attached to this notice.  Additional proof of claim forms may be obtained at http://www.uscourts.gov/forms/bankruptcy-forms.

All proof of claim forms must be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. It must be written in English and be denominated in United States currency. You should attach to your completed proof of claim any documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

<u>Your proof of claim form must not contain complete social security numbers or taxpayer identification numbers (only the last four digits), a complete birthdate (only the year), the name of a minor (only the minor's initials) or a financial account number (only the last four digits of such financial account).</u>

3.  **WHEN AND WHERE TO FILE**

Except as provided for herein, all proofs of claim must be filed so as to be received **on or before August 27, 2018 at 5:00 p.m. (New York time)**.

Attorneys (with full access accounts) and employees of institutional creditors (with limited access accounts) should file proofs of claim electronically on the Court's Case Management/Electronic Case File ("CM/ECF") system.

Those without accounts to the CM/ECF system may create and electronically file their proofs of claim through the "File a Proof of Claim" link on the Court's website, www.nysb.uscourts.gov, or by mailing or delivering the original proof of claim to the Court at the following address:

> **United States Bankruptcy Court**
> **Southern District of New York**
> **300 Quarropas Street, Room 248**
> **White Plains, New York 10601**

Proofs of claim will be deemed filed only when <u>received</u> by the Bankruptcy Court on or before the Bar Date. Proofs of claim may not be delivered by facsimile, telecopy or electronic mail transmission.

4.  **CLAIMS FOR WHICH PROOFS OF CLAIM NEED NOT BE FILED**

You do **not** need to file a proof of claim on behalf of a claim on or prior to the Bar Date if the claim falls into one of the following categories:

(a)  Any claim that has already been asserted in a proof of claim with the Clerk of the Bankruptcy Court for the Southern District of New York in a form substantially similar to Official Bankruptcy Form No. 410;

(b)  Any claim that is listed on the Schedules filed by the Debtors, provided that (i) the claim is <u>not</u> scheduled as "disputed," "contingent," or "unliquidated" <u>and</u> (ii) the claimant does not disagree with the amount, nature and priority of the claim as set forth in the Schedules;

  (c)  Any claim that previously has been allowed by Order of the Court;

  (d)  Any claim that has been paid in full by the Debtor;

  (e)  Any claim for which a specific deadline has previously been fixed by this Court; and

  (f)  Any claim allowable under §503(b) and §507(a)(2) of the Bankruptcy Code as an expense of administration of a Debtor's estate.

If you are a holder of a claim under section 503(b)(9), you must file a proof of claim by the deadlines set forth in this Notice.

This Notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtor but may not have an unpaid claim against the Debtor. The fact that you have received this Notice does not mean that you have a claim or that the Debtor or the Court believes that you have a claim against in the Debtor.

**5. EXECUTORY CONTRACTS AND UNEXPIRED LEASE**

If you have a claim arising out of the rejection of an executory contract or unexpired lease as to which the order authorizing such rejection is dated on or before _____, the date of entry of the Bar Order, you must file a proof of claim by the Bar Date. Any person or entity that has a claim arising from the rejection of an executory contract or unexpired lease, as to which the order is dated after the date of entry of the Bar Order, you must file a proof of claim with respect to such claim by the date fixed by the Court in the applicable order authorizing rejection of such contract or lease.

**6. CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE**

ANY HOLDER OF A CLAIM THAT IS NOT EXEMPTED FROM THE REQUIREMENTS OF THIS ORDER, AS SET FORTH IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM SHALL

NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING ON ANY PLAN OF REORGANIZATION FILED IN THIS CASE AND PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTOR'S CASE ON ACCOUNT OF SUCH CLAIM.

**7.    THE DEBTOR'S SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against the Debtor in the Debtor's Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (collectively, the "Schedules").

If you rely on the Debtor's Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.

As set forth above, if you agree with the nature, amount and status of your claim as listed in the Debtor's Schedules, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a proof of claim. Otherwise, or if you decide to file a proof of claim, you must do so before the Bar Date in accordance with the procedures set forth in this Notice.

Copies of the Debtor's Schedules are available for inspection on the Court's Internet Website at http://www.nysb.uscourts.gov. A login and password to the Court's Public Access to Electronic Court Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.gov. Copies of the Schedules may also be examined between the hours of 9:00 a.m. and 4:30 p.m., Monday through Friday at the Office of the Clerk of the Bankruptcy Court, 300 Quarropas Street, Room 248, White Plains, New York 10601. Copies of the Debtor's Schedules may also be obtained by written request to Debtor's counsel at the address and telephone number set forth below.

**A holder of a possible claim against the Debtor should consult an attorney regarding any matters not covered by this notice, such as whether the holder should file a proof of claim.**

**Dated:**  New York, New York
July __, 2018

**BY ORDER OF THE COURT**

**Counsel for the Debtor**
**and Debtor in Possession**
**Robinson Brog Leinwand Greene**
**Genovese & Gluck P.C.**
875 Third Avenue
New York, NY 10022
Tel. No.:  212-603-6300

{00946070.DOCX;1 }