**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,  Plaintiff-Applicant,  v.  BERNARD L. MADOFF INVESTMENT SECURITIES LLC,  Defendant. | Adv. Pro. No. 08-01789-JMP  SIPA Liquidation |

**STIPULATION AND ORDER FOR TRANSFER OF FUNDS**
**BY THE BANK OF NEW YORK MELLON CORPORATION TO TRUSTEE**

WHEREAS, on December 11, 2008, the Securities and Exchange Commission filed a Complaint in the United States District Court for the Southern District of New York against defendants Bernard L. Madoff and Bernard L. Madoff Investment Securities LLC ("Debtor") (No. 08 CV 10791); and

WHEREAS, on December 12, 2008, the Honorable Louis A. Stanton of the United States District Court for the Southern District of New York entered an order which appointed Lee S. Richards, Esq., as receiver for the Debtor (the "Receiver"); and

WHEREAS, on December 15, 2008, Judge Stanton entered an order pursuant to the Securities Investor Protection Act of 1970 (15 U.S.C. § 78aaa *et seq*.), as amended ("SIPA"), which, in pertinent part:

    (a)    Appointed Irving H. Picard, Esq. as trustee (the "Trustee") for the liquidation of the business of the Debtor, pursuant to §78eee(b)(3) of SIPA;

    (b)    Appointed Baker & Hostetler, LLP ("B&H") as counsel to the Trustee pursuant to §78eee(b)(3) of SIPA; and

102643298

     (c)     Removed the case to this Bankruptcy Court pursuant to § 78eee(b)(4) of SIPA; and

WHEREAS, pursuant to 15 U.S.C. § 78fff-1(a), the Trustee is "vested with the same powers and title with respect to the debtor and the property of the debtor…as a trustee in a case under title 11;" and

WHEREAS, pursuant to 15 U.S.C. § 78fff(b), a liquidation proceeding under SIPA "shall be conducted in accordance with, and as though it were being conducted under…subchapters I and II of chapter 7 of title 11;" and

WHEREAS, pursuant to section 704(a) of subchapter I of chapter 7 of title 11, the Trustee shall, among other things, "collect and reduce to money the property of the estate," and "be accountable for all property received;" and

WHEREAS, pursuant to 15 U.S.C. § 78fff(e), "all costs of administration of the estate of the debtor and of the liquidation proceeding shall be borne by the general estate of the debtor to the extent it is sufficient therefore;" and

WHEREAS, The Bank of New York Mellon Corporation (the "Bank") currently is in possession of the Debtor's funds in an account held by the Debtor (the "Account"); and

WHEREAS, the Trustee is in urgent need of funding for immediate costs of administration of the Debtor's estate; and

WHEREAS, as of the date of this Stipulation, the Bank has agreed to transfer to the Trustee, for the benefit of the Debtor's estate, and at the request of the Trustee, twenty-nine million dollars (USD $29,000,000) of the funds held in the Account, minus eight hundred eighty-three thousand, nine hundred seventy-eight dollars and fifty-nine cents ($883,978.59) which has already been transferred (the "Prior Transfers," and, together with the Prior Transfer, the "Funds"), (the Prior Transfers include payments to an account at Wells Fargo for the purpose of

processing payroll for employees of the Debtor and to an account at Wachovia Bank for healthcare coverage for the employees of the Debtor); subject to Court approval after notice and a hearing; and

WHEREAS, the Trustee and the Bank have agreed to terms for the transfer of the Funds, and the Receiver has indicated that he has no objection to the transfer of the Funds;

IT IS HEREBY AGREED AND STIPULATED, as follows:

1. The Prior Transfers are approved subject to the terms set forth herein.

2. On or before December 31, 2008, the Bank shall remit to the Trustee, by wire transfer, pursuant to instructions to be provided by the Trustee and to account(s) designated by the Trustee, twenty-eight million, one hundred sixteen thousand, twenty-one dollars and forty-one cents (USD $28,116,021.41) from the Account, within a reasonable period of time after receiving instructions from the Trustee.

3. The Trustee shall hold and administer the Funds for the benefit of the Debtor's estate in accordance with SIPA, the applicable provisions of the Bankruptcy Code and other applicable laws and orders of the Court, subject to and with full reservation of all rights, claims and interests of any party in interest with respect to such funds.

Dated: New York, New York
December 26, 2008

| THE BANK OF NEW YORK MELLON CORPORATION | IRVING H. PICARD, ESQ., TRUSTEE FOR THE SIPA LIQUIDATION OF BERNARD L. MADOFF INVESTMENT SECURITIES LLC |
|---|---|
| By: */s/ Lewis J. Liman* <br> CLEARY GOTTLIEB STEEN & HAMILTON LLP <br> One Liberty Plaza <br> New York, New York 10006 <br> Telephone: (212) 225-2000 <br> Facsimile: (212) 225-3999 <br> Email: lliman@cgsh.com <br><br> *Attorneys for The Bank of New York Mellon Corporation* | By: */s/ Richard J. Bernard* <br> BAKER & HOSTETLER LLP <br> 45 Rockefeller Plaza <br> New York, New York 10111 <br> Telephone: (212) 589-4200 <br> Facsimile: (212) 589-4201 <br> David Sheehan (DS 4818) <br> Email: dsheehan@bakerlaw.com <br> Douglas E. Spelfogel (DS 7097) <br> Email: dspelfogel@bakerlaw.com <br> Richard J. Bernard (RB 6371) <br> Email: rbernard@bakerlaw.com <br><br> *Attorneys for Irving H. Picard, Esq., Trustee for the SIPA Liquidation of Bernard L. Madoff Investment Securities LLC* |

SO ORDERED: December 30, 2008

By: /s/Burton R. Lifland
HONORABLE BURTON R. LIFLAND
UNITED STATES BANKRUPTCY JUDGE