Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan (DS 4818)
Email: dsheehan@bakerlaw.com
Douglas E. Spelfogel (DS 7097)
Email: dspelfogel@bakerlaw.com
Richard J. Bernard (RB 6371)
Email: rbernard@bakerlaw.com

*Attorneys for Irving H. Picard, Esq.,*
*Trustee for the SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC*

Presentment Date: January 12, 2009
Hearing Time: 12:00 p.m.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789-BRL<br><br>SIPA Liquidation |

**MOTION FOR ORDER GRANTING AUTHORITY TO ISSUE SUBPOENAS FOR THE PRODUCTION OF DOCUMENTS AND THE EXAMINATION OF WITNESSES**

Irving H. Picard, Esq. (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC (the "Debtor"), by and through Baker & Hostetler LLP, hereby moves (the "Motion"), for entry of an order, pursuant to section 78fff-1(d)(2) of the Securities Investor Protection Act of 1970, 15 U.S.C. § 78aaa *et seq.*, as amended ("SIPA"), section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing discovery

102642245

requests and Bankruptcy Rule 2004 subpoenas for documents, information and/or testimony without further order of the Court. In support of this Motion, the Trustee respectfully represents as follows:

## BACKGROUND

1. On December 11, 2008 (the "Filing Date"), the Securities and Exchange Commission ("SEC") filed a Complaint in the United States District Court for the Southern District of New York against defendants Bernard L. Madoff and the Debtor (together, the "Defendants") (No. 08 CV 10791). The Complaint alleged that the Defendants engaged in fraud through investment advisor activities of the Debtor.

2. On December 12, 2008, the Honorable Louis A. Stanton of the United States District Court for the Southern District of New York entered an order which appointed Lee S. Richards, Esq., as receiver.

3. On December 15, 2008, Judge Stanton entered an order pursuant to SIPA, (the "Protective Decree"), which, in pertinent part:

   (a)   Appointed Irving H. Picard, Esq. as Trustee for the liquidation of the business of the Debtor, pursuant to §78eee(b)(3) of SIPA;

   (b)   Appointed Baker & Hostetler, LLP ("B&H") as counsel to the Trustee pursuant to §78eee(b)(3) of SIPA; and

   (c)   Removed the case to this Bankruptcy Court pursuant to §78eee(b)(4) of SIPA.

4. On December 18, 2008, Judge Stanton entered an order, among other things, clarifying that Mr. Richards is the receiver for broker-dealer, market maker and investment advisory services businesses not located in the United States and that the receiver shall not have authority over the Debtor.

## RELIEF REQUESTED

5. By this Motion, the Trustee seeks an order, in substantially the form attached hereto as **Exhibit A**, authorizing the Trustee to seek documents and oral examinations pursuant to section 78fff-1(d)(2) of SIPA and Bankruptcy Rule 2004 without further order of the Court. The Trustee, in the exercise of his powers and duties under SIPA, will conduct a broad investigation of, inter alia, the Debtor's acts, conduct, property, liabilities, financial condition, and the operation of the Debtor's business, and will report to the Court and to the Securities Investor Protection Corporation ("SIPC") any facts ascertained by the Trustee with respect to fraud, misconduct, mismanagement and irregularities, and to any causes of action available to the estate. As has been widely reported in the news media, and detailed to a certain extent in the criminal complaint filed against Bernard L. Madoff, the Debtor's operations were allegedly a massive fraudulent enterprise. In order to assist the Trustee in investigating these allegations and in recovering customer property, the relief requested herein is most urgent.

6. The Trustee seeks entry of a single order of the Court authorizing the Trustee to issue subpoenas and seek discovery through Rule 2004. The Trustee also requests that the Court establish certain procedures in connection with the Trustee's issuance of subpoenas (the "Subpoena Procedures"), including a deadline of ten (10) days for parties to object to or move to quash any subpoenas, and time frames as set forth below for witnesses to produce documents and appear for examination. The Trustee believes this authority is critical to enable the Trustee to promptly obtain full access to all information necessary for the Trustee to complete his investigation in a timely manner.

7. The Trustee almost certainly will be required to examine a multitude of entities and individuals, and it would be unduly burdensome for the Trustee to seek entry of a separate order

authorizing a Rule 2004 examination of each party. Moreover, seeking an order prior to each examination would slow down the Trustee's investigation.

## JURISDICTION AND VENUE

8. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

9. The statutory predicates for the relief requested in the Motion are section 105 of the Bankruptcy Code; sections 78fff and 78fff-1 of SIPA; Bankruptcy Rules 2004, 7030, 9014, and 9016; and Federal Rules of Civil Procedure (the "Federal Rules") 30(b)(6) and 45.

## BASIS FOR RELIEF REQUESTED

10. Upon entry of the Protective Decree, this Court retains "all of the jurisdiction, powers, and duties" conferred by SIPA upon the District Court. 15 U.S.C. § 78eee(b)(4). The relief sought in this Motion stems from SIPA's mandate that the Trustee undertake the intended investigation, and such relief has been granted in other SIPA proceedings.

11. The Trustee is required under SIPA to investigate the Debtor's acts, conduct, property, liabilities, financial condition, and the operation of the Debtor's business, and to report to the court and to SIPC any facts ascertained by the Trustee with respect to fraud, misconduct, mismanagement and irregularities, and to any causes of action available to the estate. 15 U.S.C. § 78fff-1(d)(1). SIPA requires that the Trustee *shall* "examine, by deposition or otherwise, the directors and officers of the debtor and any other witnesses" concerning any of the foregoing matters. 15 U.S.C. § 78fff-1(d)(2).

12. The Trustee is subject to the same duties as a trustee in a case under chapter 7 of the Bankruptcy Code. 15 U.S.C. § 78fff-1(b). A liquidation proceeding under SIPA "shall be

102642245

conducted in accordance with, and as though it were being conducted under chapters 1, 3 and 5 and subchapters I and II of chapter 7 of title 11." 15 U.S.C. § 78fff(b). Section 105(a) of the Bankruptcy Code authorizes the Court to "issue any order... that is necessary or appropriate to carry out provisions of this title."

13. Bankruptcy Rule 2004(a) permits any party-in-interest to move for an order authorizing the examination of any entity. Fed. R. Bankr. P. 2004(a). Upon entry of an order authorizing a Bankruptcy Rule 2004 examination, the production of documents and the attendance of witnesses for examination may be compelled by subpoena as provided in Bankruptcy Rule 9016. Fed. R. Bankr. P. 2004(c). The scope of a Bankruptcy Rule 2004 examination encompasses "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to discharge." Fed. R. Bankr. P. 2004(b). A party seeking authority to use Bankruptcy Rule 2004 must establish "good cause" for the relief requested. *See, e.g., Official Comm. Of Unsecured Creditors v. Eagle-Picher Indus., Inc. (In re Eagle-Picher Indus., Inc.)*, 169 B.R. 130, 134 (Bankr. S.D. Ohio 1994).

14. Good cause exists to conduct the proposed discovery because the Trustee is obligated under SIPA to investigate an even broader and more extensive array of matters than those set forth in Bankruptcy Rule 2004, including those transactions and financial conditions that are relevant to or otherwise impact the liquidation proceeding, and the Trustee must report its findings both to the Court and to SIPC. 15 U.S.C. §§ 78fff-1(d)(3) and (4).

15. Although the Trustee hopes and intends to conduct his investigation largely through the voluntary cooperation of witnesses and entities, the Trustee anticipates that, absent the ability to issue subpoenas, he will be unable to secure the production of documents from and interviews of witnesses and entities within a reasonable time frame. Under the circumstances of this case,

filing a separate motion for each Bankruptcy Rule 2004 examination the Trustee seeks would rapidly become unduly burdensome, because (i) in light of the size and scope of this proceeding, the Trustee anticipates that he will be required to seek a large number of Bankruptcy Rule 2004 examinations, (ii) any delay in seeking such examinations may lead to dissipation of any recoverable assets, evidence, and information and (iii) filing numerous subpoenas with the Court will burden the Court and the Trustee and almost certainly will generate additional administrative costs in this case. The Trustee therefore submits that the subpoena powers requested herein are critical to the Trustee's ability to fulfill his obligations and fiduciary duties under SIPA, and are in the best interest of the Debtor's customers and creditors and the efficient liquidation and administration of Debtor's estate.

16. Bankruptcy courts have granted similar relief in other SIPA proceedings. *See, e.g., SIPC v. MJK Clearing, Inc.*, Adv. Proc. No. 01-4257 (RJK) (Bankr. D. Minn.); *In re New Times Securities Services, Inc.*, No. 800-8178 (SB) SIPA (Bankr. E.D.N.Y. June 30, 2000); *In re A.R. Baron & Co., Inc.*, No. 96-8831A (PBA) SIPA (Bankr. S.D.N.Y. March 3, 1997); *In re Weis Securities, Inc.*, 73 Civ. 2332 (S.D.N.Y.).[1]

17. The Trustee seeks entry of an order streamlining the Rule 2004 discovery process by implementing the following procedures:

    a.    The Trustee shall be authorized to issue and serve subpoenas (each such subpoena, a "Rule 2004 Subpoena") for examinations and the production of documents pursuant to Bankruptcy Rule 2004 without further order of the Court.

    b.    The Trustee shall serve each Rule 2004 Subpoena and a copy of the order entered pursuant to this Motion on (i) the target of the Rule 2004 Subpoena, (ii) SIPC,

---

[1] In the Chapter 11 context, bankruptcy courts have recently provided similarly broad authority to examiners. *See, e.g., In re New Century TRS Holdings, Inc.*, No. 07-10416 (KJC) (Bankr. D. Del.), and *In re SemCrude, L.P.*, No. 08-11525 (BLS) (Bankr. D. Del.). In both *New Century* and *SemCrude*, the courts granted court-appointed examiners full authority to issue subpoenas requiring the production of documents and examination of witnesses upon persons and entities that the examiner believed possessed information regarding the investigations.

-6-

102642245

(iii) the SEC, (iv) the Internal Revenue Service, and (v) the United States Attorney for the Southern District of New York.

c. The Trustee shall file with the Court an affidavit or declaration of service for each Rule 2004 Subpoena he serves.

d. Targets of a Rule 2004 Subpoena and any party in interest shall have ten (10) days after any Rule 2004 Subpoena is served to object to and/or seek to quash such Rule 2004 Subpoena.

e. Targets of a Rule 2004 Subpoena shall be directed to produce, on a rolling basis, all responsive documents within ten (10) days of the service of the subpoena (unless otherwise agreed by the Trustee), subject to any documents withheld under a claim of privilege;

f. If a witness withholds any documents based upon a claim of privilege, the witness is obligated to provide counsel for the Trustee with a privilege log containing the information required under Bankruptcy Rule 7026(a)(5), within ten (10) days of the service of a subpoena upon that witness (unless otherwise agreed by the Trustee); and

g. Persons on whom a Rule 2004 Subpoena is served are directed to submit to oral examination upon reasonable notice and, absent other agreement with the Trustee, in no event more than fifteen (15) days from the service of a subpoena calling for such testimony.

18. This process will enable the Trustee to engage in the necessary discovery immediately and to move quickly as his investigation unfolds. Thus, the relief requested herein will minimize costs to the estate, allow the Trustee to conduct an efficient investigation, and potentially minimize any dissipation of assets. Nothing in the Motion or the proposed order granting the Motion limits the rights of any witness or other party under applicable law to object to or oppose any subpoena the Trustee may serve upon such witness.

## NOTICE

19. The Trustee has provided notice of this Motion by overnight delivery or email to (i) all parties that have filed a notice of appearance in this case; (ii) SIPC; (iii) the SEC; (iv) the Internal Revenue Service; and (v) the United States Attorney for the Southern District of New York. The Trustee submits that no other or further notice need be given.

-7-

102642245

## NO PRIOR REQUEST

20. No prior request for the relief sought in this Application has been made to this or any other Court.

**WHEREFORE**, the Trustee respectfully requests entry of an Order, substantially in the form annexed hereto as **Exhibit A**, (i) authorizing the Trustee to compel the production of documents and the testimony of witnesses through the issuance of Rule 2004 Subpoenas without further order of the Court; (ii) approving the procedures set forth herein; and (iii) granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
December 31, 2008

Respectfully submitted,

/s/ Richard J. Bernard
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan (DS 4818)
Email: dsheehan@bakerlaw.com
Douglas E. Spelfogel (DS 7097)
Email: dspelfogel@bakerlaw.com
Richard J. Bernard (RB 6371)
Email: rbernard@bakerlaw.com

*Attorneys for Irving H. Picard, Esq.,
Trustee for the SIPA Liquidation of Bernard L.
Madoff Investment Securities LLC*