Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David Sheehan
Email: dsheehan@bakerlaw.com
Douglas E. Spelfogel
Email: dspelfogel@bakerlaw.com
Richard J. Bernard
Email: rbernard@bakerlaw.com

*Attorneys for Irving H. Picard*
*Trustee for the SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff, | SIPA Liquidation |
| v. | **DECLARATION OF DAVID J. SHEEHAN OF DISINTERESTEDNESS OF COUNSEL TO TRUSTEE** |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |

I, David J. Sheehan, declare as follows:

1.    I am an attorney at law admitted to practice in the State of New York and before the Bar of this Court.

2.    I am a member of the law firm Baker & Hostetler LLP.

3.    All matters stated herein are known by me to be true except as otherwise stated.

102630869

4. By the Order dated December 15, 2008, entered by the Honorable Louis A. Stanton of the United States District Court for the Southern District of New York, Irving H. Picard, Esq. was appointed trustee ("Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("Debtor") and Baker & Hostetler, LLP ("B&H") was appointed counsel to the Trustee.

5. Section 78eee(b)(6) of the Securities Investor Protection Act of 1970 ("SIPA") is entitled "Disinterestedness," and provides as follows:

> (6) Disinterestedness
>
> (A) Standards
>
> For purposes of paragraph (3), a person shall not be deemed disinterested if--
>
> > (i) such person is a creditor (including a customer), stockholder, or partner of the debtor;
> >
> > (ii) such person is or was an underwriter of any of the outstanding securities of the debtor or within five years prior to the filing date was the underwriter of any securities of the debtor;
> >
> > (iii) such person is, or was within two years prior to the filing date, a director, partner, officer, or employee of the debtor or such an underwriter, or an attorney for the debtor or such an underwriter;
>
> or
>
> > (iv) it appears that such person has, by reason of any other direct or indirect relationship to, connection with, or interest in the debtor or such an underwriter, or for any other reason, an interest materially adverse to the interests of any class of creditors (including customers) or stockholders,
>
> except that SIPC shall in all cases be deemed disinterested, and an employee of SIPC shall be deemed disinterested if such employee would, except for his association with SIPC, meet the standards set forth in this subparagraph.
>
> (B) Hearing

> The court shall fix a time for a hearing on disinterestedness, to be held promptly after the appointment of a trustee. Notice of such hearing shall be mailed at least ten days prior thereto to each person who, from the books and records of the debtor, appears to have been a customer of the debtor with an open account within the past twelve months, to the address of such person as it appears from the books and records of the debtor, and to the creditors and stockholders of the debtor, to SIPC, and to such other persons as the court may designate. The court may, in its discretion, also require that notice be given by publication in such newspaper or newspapers of general circulation as it may designate. At such hearing, at any adjournment thereof, or upon application, the court shall hear objections to the retention in office of a trustee or attorney for a trustee on the grounds that such person is not disinterested.

15 U.S.C. § 78eee(b)(6).

6.  In order to determine that B&H is disinterested within the meaning of SIPA § 78eee(b)(6), I utilized B&H's conflicts check procedures and practices to determine that to the best of my knowledge, B&H meets the "disinterestedness" requirements set forth in SIPA § 78eee(b)(6).

7.  All partners, counsel, associates and other employees of B&H were sent an e-mail message on December 22, 2008, concerning this matter and were requested to reply if he or she believed there was any known conflicts or adverse interests.

8.  In response to the above e-mail message, the following associations to the Debtor were disclosed, although neither association amounts to a "conflict" as defined by SIPA:

>  (i)  member of B&H is trustee of a trust that invests in a managed fund that, in turn, invested in one of the Debtor's funds; however, the B&H member had and has no control over the investment decisions of such fund;
>
>  (ii)  the 401k plan of a family member of a B&H associate included an investment in one of the Debtor's funds; and
>
>  (iii)  a family member of a B&H associate is employed at a law firm which has been retained by former/clients/customers of the Debtor; however, the B&H employee has not and will not be involved in

the representation of the Trustee.

In addition, members and employees of B&H may have other, as yet unknown, remote connections to the Debtor that, similarly, do not constitute a conflict under SIPA.

9. To date, no other member or employee of B&H has informed me of any actual or potential conflict, nor has a search of the B&H database disclosed any actual or potential conflict. Based on the lack of responses and a review of other available information, it appears that B&H meets the disinterestedness standard of section 78eee(b)(6)(A) of SIPA, as well as under Bankruptcy Code Section 327(a) and Federal Rule of Civil Procedure 2014(a) and has no conflict nor an interest materially adverse to the Debtor.

10. As a result, to the best of my knowledge, information and belief, I have been able to determine that:

(i) no member of B&H is a creditor (including a customer), stockholder, or partner of the Debtor;

(ii) no member of B&H is or was an underwriter of any of the outstanding securities of the Debtor or within five years prior to the filing date was the underwriter of any securities of the Debtor;

(iii) no member of B&H is, or was within two years prior to the filing date, a director, partner, officer, or employee of the Debtor or such an underwriter, or any attorney for the Debtor or such an underwriter; and

(iv) it appears that no member of B&H has, by reason of any other direct or indirect relationship to, connection with, or interest in the Debtor or

such an underwriter, or for any other reason, an interest materially adverse to the interests of any class of creditors (including customers) or stockholders.

11. Trustee and SIPC are in the initial review and information-gathering stage of the instant liquidation proceeding, and are continuing to research and analyze the books and records of the Debtor. As a result, additional information may be discovered that may be relevant to the instant Declaration. I understand that B&H has a continuing duty to disclose any subsequently discovered information and/or connections within the meaning of 15 U.S.C. § 78eee(b)(6), and will supplement this Declaration as appropriate.

I declare under penalty of perjury that the foregoing is true and correct, and if called on as a witness I could testify competently thereto.

Executed on the 2nd day of January, 2009, at New York, New York.


          */s/ David J. Sheehan*
          David J. Sheehan