Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan (DS 4818)
Email: dsheehan@bakerlaw.com
Douglas E. Spelfogel (DS 7097)
Email: dspelfogel@bakerlaw.com
Richard J. Bernard (RB 6371)
Email: rbernard@bakerlaw.com

*Attorneys for Irving H. Picard, Esq.,*
*Trustee for the SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |

**TRUSTEE'S EX-PARTE APPLICATION FOR AN ORDER EXTENDING THE STAYS AGAINST ALL CREDITORS**

Irving H. Picard, Esq. (the "Trustee"), as trustee for the liquidation of the business of

Bernard L. Madoff Investment Securities LLC (the "Debtor"), under the Securities Investor

Protection Act, 15 U.S.C. §§ 78aaa, et seq. ("SIPA"),[1] by and through his undersigned counsel,

respectfully requests entry of an order extending the stays against all creditors, and respectfully

represents as follows:

---

[1] For convenience, future reference to SIPA will not include "15 U.S.C."

## Background

1.       On December 11, 2008 (the "Filing Date"),[2] the Securities and Exchange Commission ("SEC") filed a complaint in the United States District Court for the Southern District of New York against defendants Bernard L. Madoff and the Debtor (together, the "Defendants") (No. 08 CV 10791).  The complaint alleged that the Defendants engaged in fraud through investment advisor activities of the Debtor.

2.       On December 12, 2008, the Honorable Louis A. Stanton of the United States District Court for the Southern District of New York entered an order which appointed Lee S. Richards, Esq., as receiver (the "Receiver").

3.       On December 15, 2008, Judge Stanton entered an order pursuant to SIPA (the "Protective Decree"), which, in pertinent part:

(a)      appointed the Trustee for the liquidation of the business of the Debtor pursuant to section 78eee(b)(3) of SIPA;

(b)      appointed Baker & Hostetler, LLP as counsel ("Counsel") to the Trustee pursuant to section 78eee(b)(3) of SIPA; and

(c)      removed the case to this Bankruptcy Court pursuant to section 78eee(b)(4) of SIPA.

4.       The Protective Decree further provided in relevant part that:

VI. … pursuant to 15 U.S.C. §§78eee(b)(2)(B)(ii) and (iii), and notwithstanding the provisions of 11 U.S.C. §§362(b) and 553, except as otherwise provided in this Order, all persons and entities are stayed, enjoined and restrained for a period of twenty-one (21) days, or such time as may subsequently be ordered by this Court or any court having competent jurisdiction of this proceeding, from enforcing liens or pledges against the property of the Defendant and from exercising any right of setoff, without first receiving the written consent of SIPC and the trustee;

VII. … pursuant to 15 U.S.C. §78eee(b)(2)(C)(ii), and notwithstanding 15 U.S.C. §78eee(b)(2)(C)(i), all persons and

---

[2] See section 78lll(7)(B) of SIPA.

entities are stayed for a period of twenty-one (21) days, or such other time as may subsequently be ordered by this Court or any other court having competent jurisdiction of this proceeding, from foreclosing on, or disposing of, securities collateral pledged by the Defendant, whether or not with respect to one or more of such contracts or agreements, securities sold by the Defendant under a repurchase agreement, or securities lent under a securities lending agreement, without first receiving the written consent of SIPC and the trustee.

The above provisions expire, pursuant to the Protective Decree, on January 5, 2009.

5.      On December 18, 2008, Judge Stanton entered the Order on Consent Imposing Preliminary Injunction, Freezing Assets and Granting Other Relief Against Defendants (the "Preliminary Injunction Order").  Among other things, the Preliminary Injunction Order clarified that the Receiver is only appointed as to assets concerning the London entity, Madoff Securities International Ltd.

**Relief Requested**

6.      Immediately upon his appointment, the Trustee and his Counsel began an examination of the books and records of the Debtor to ascertain the identity of the customers and creditors, as well as the assets and liabilities.  The Debtor's offices and records are the subject of a criminal investigation and a crime scene.  The Trustee has been working, and will continue to work, cooperatively with the government agencies involved; however, such coordination necessarily results in some delay with respect to full and complete access to the Debtor's books and records.  Accordingly, the Trustee requires additional time to complete his investigation.  To date, the Trustee's investigation has revealed certain hard assets, in respect of which the Trustee will move expeditiously to maximize value.  Needless to say, the simple task of identifying all of the liens, pledges, agreements and securities involved requires additional time.  Thereafter, a

reconciliation will have to take place. Further, the Trustee and his Counsel will have to analyze all customer accounts and various litigation claims.

7.    The Trustee submits that, upon the removal of this case from the District Court to this Court, the automatic stay pursuant to Bankruptcy Code section 362, 11 U.S.C. § 362, went into effect as of the December 11, 2008 Filing Date; however, the stays imposed by the Protective Decree in some ways exceeds the scope of the automatic stay, primarily by requiring the Trustee's consent before counterparties to financial safe harbor agreements may effectuate their rights pursuant to the stays exceptions. The Trustee requests an extension of these additional protections provided in the Protective Decree in an abundance of caution.

8.    It is respectfully submitted, therefore, by the Trustee and his Counsel, that the stays against all creditors as provided in paragraphs VI and VII of the Protective Decree should be extended until further order of this Court. The creditors and customers of the Debtor will, of course, receive a copy of the within Order extending said stays and will, therefore, have the opportunity, if deemed appropriate, to move before this Court for a vacation thereof. On that basis, the rights of the Debtor will be fully protected, and only after a full opportunity for a hearing on the respective positions of the affected parties before this Court will a decision be made as to a vacation of the stays.

9.    No prior request for the relief sought in this application has been made to this or any other Court. SIPC has reviewed the application and supports the relief requested herein.

10.    Because this Application presents no novel issues of law and the authorities relied upon by the Trustee are set forth herein, the Trustee respectfully requests that the Court waive the requirement for the filing of a separate memorandum of law in support of this Application pursuant to Local Bankruptcy Rule 9013-1(b).

WHEREFORE, the Trustee respectfully requests that the Court (a) enter an order substantially in the form attached hereto as Exhibit A, granting the relief requested herein; and (b) grant such other and further relief to the Trustee as the Court deems proper.

Dated: New York, New York                               Respectfully submitted,
       January 5, 2009

                                          /s/ Richard J. Bernard
                                          Baker & Hostetler LLP
                                          45 Rockefeller Plaza
                                          New York, New York 10111
                                          Telephone: (212) 589-4200
                                          Facsimile: (212) 589-4201
                                          David J. Sheehan (DS 4818)
                                          Email: dsheehan@bakerlaw.com
                                          Douglas E. Spelfogel (DS 7097)
                                          Email: dspelfogel@bakerlaw.com
                                          Richard J. Bernard (RB 6371)
                                          Email: rbernard@bakerlaw.com

                                          *Attorneys for Irving H. Picard, Esq.,*
                                          *Trustee for the SIPA Liquidation of Bernard L.*
                                          *Madoff Investment Securities LLC*