Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan (DS 4818)
Email: dsheehan@bakerlaw.com
Douglas E. Spelfogel (DS 7097)
Email: dspelfogel@bakerlaw.com
Richard J. Bernard (RB 6371)
Email: rbernard@bakerlaw.com

*Attorneys for Irving H. Picard, Esq.,*
*Trustee for the SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC*

Hearing Date:      February 4, 2009
Hearing Time:      10:00 AM (EST)
Objection Deadline: January 30, 2009

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (BRL)<br>SIPA Liquidation |

**TRUSTEE'S MOTION PURSUANT TO SECTIONS 105(a) AND 365(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 6006 SEEKING AUTHORITY TO REJECT EXECUTORY CONTRACTS ON A *NUNC PRO TUNC* BASIS**

Irving H. Picard, Esq. (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC (the "Debtor"), under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, et seq. ("SIPA"),[1] by and through his undersigned counsel, respectfully moves (the "Motion") for entry of an order under sections 105(a) and 365(a) of the

---

[1] For convenience, future reference to SIPA will not include "15 U.S.C."

1

102651386.1

Bankruptcy Code, 11 U.S.C. §§ 105(a) and 365(a), and Bankruptcy Rule 6006 seeking authority to reject certain executory contracts on a *nunc pro tunc* basis. In support hereof, the Trustee further represents as follows:

**<u>Background</u>**

1. On December 11, 2008 (the "Filing Date"),[2] the Securities and Exchange Commission ("SEC") filed a complaint in the United States District Court for the Southern District of New York against defendants Bernard L. Madoff and the Debtor (together, the "Defendants") (No. 08 CV 10791). The complaint alleged that the Defendants engaged in fraud through investment advisor activities of the Debtor.

2. On December 12, 2008, the Honorable Louis L. Stanton of the United States District Court for the Southern District of New York entered an order which appointed Lee S. Richards, Esq., as receiver (the "Receiver").

3. On December 15, 2008, Judge Stanton entered an order pursuant to SIPA (the "Protective Decree"), which, in pertinent part:

   (a) appointed the Trustee for the liquidation of the business of the Debtor pursuant to section 78eee(b)(3) of SIPA;

   (b) appointed Baker & Hostetler, LLP as counsel ("Counsel") to the Trustee pursuant to section 78eee(b)(3) of SIPA; and

   (a) removed the case to this Bankruptcy Court pursuant to section 78eee(b)(4) of SIPA.

4. The Protective Decree further provided in relevant part that:

VI. … pursuant to 15 U.S.C. §§78eee(b)(2)(B)(ii) and (iii), and notwithstanding the provisions of 11 U.S.C. §§362(b) and 553, except as otherwise provided in this Order, all persons and entities are stayed, enjoined and restrained for a period of twenty-one (21) days, or such time as may subsequently be ordered by this Court or any court having competent jurisdiction of this proceeding, from enforcing liens or pledges against the property of the Defendant and from

---

[2] <u>See</u> section 78*lll*(7)(B) of SIPA.

102651386.1

2

08-01789-cgm    Doc 39    Filed 01/21/09    Entered 01/21/09 18:41:41    Main Document
Pg 3 of 7

exercising any right of setoff, without first receiving the written consent of SIPC and the trustee;

VII. … pursuant to 15 U.S.C. §78eee(b)(2)(C)(ii), and notwithstanding 15 U.S.C. §78eee(b)(2)(C)(i), all persons and entities are stayed for a period of twenty-one (21) days, or such other time as may subsequently be ordered by this Court or any other court having competent jurisdiction of this proceeding, from foreclosing on, or disposing of, securities collateral pledged by the Defendant, whether or not with respect to one or more of such contracts or agreements, securities sold by the Defendant under a repurchase agreement, or securities lent under a securities lending agreement, without first receiving the written consent of SIPC and the trustee.

The above provisions are effective, pursuant to the Protective Decree, through January 5, 2009.

5. On December 18, 2008, Judge Stanton entered the Order on Consent Imposing Preliminary Injunction, Freezing Assets and Granting Other Relief Against Defendants (the "Preliminary Injunction Order"). Among other things, the Preliminary Injunction Order clarified that the Receiver is only appointed as to assets concerning the London entity, Madoff Securities International Ltd.

6. On January 5, 2009, this Court entered Order Extending The Stays Against All Creditors, affirming that the automatic stay under section 362 of the Bankruptcy Code is effective in this case from and after the December 11, 2008 Filing Date and extending the stays against all creditors of the Debtor and all other persons as provided for in paragraphs VI and VII of the Protective Decree from and after January 5, 2009 until further order of this Court.

7. The proposed leases to be rejected (together with all amendments, supplements, waivers and side letters related thereto, the "Rejected Leases") are listed on <u>Exhibit B</u> attached hereto and separately cover six vehicles (the "Vehicles") that are leased to the Debtor: a 2007 Land Rover Range Rover, a 2008 Cadillac DTS, a 2009 Mercedes S550-4, a 2007 Mercedes S550V, a 2008 Mercedes GL450, and a 2006 Lexus. Given the nature of this liquidation proceeding, the Vehicles are of no use or value to the creditors of the Debtor. In an effort to

3
102651386.1

minimize the costs of administration in this case, each of the vehicles was returned to the applicable lessor listed on Exhibit B on the dates set forth on Exhibit B.

### Relief Requested

8. By this motion, the Trustee seeks an order in the form attached hereto as Exhibit A authorizing and approving the rejection, pursuant to sections 105(a) and 365(a) of the Bankruptcy Code, 11 U.S.C. §§ 105(a) and 365(a), and Bankruptcy Rule 6006, of the Rejected Leases.

9. The Trustee further requests that the rejection of each of the Rejected Leases be effective as of the Filing Date because the vehicles have not been used by the Trustee or the estate and have provided no value or benefit in this case. If an objection is timely filed by a lessor, a hearing will be held to consider only the rejection of the Rejected Lease subject to such timely-filed objection. The filing of such an objection shall not delay the proposed effective date of any Rejected Lease for which no objection has timely been filed.

### Applicable Law

A. Rejection of the Rejected Leases is Supported by the Trustee's Business Judgment and Should be Approved by the Court

10. Section 365(a) of the Bankruptcy Code, 11 U.S.C. § 365(a), provides, in pertinent part, that a debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a); see also *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 521 (1984); *In re Lavigne*, 114 F.3d 379, 386 (2d Cir. 1997). "[T]he purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'" *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993).

102651386.1

11. Courts defer to a debtor's or trustee's business judgment in rejecting an executory contract or unexpired lease, and, upon finding that a debtor or trustee has exercised his sound business judgment, approve the rejection under section 365(a) of the Bankruptcy Code. *See Bildisco*, 465 U.S. at 523 (recognizing the "business judgment" standard used to approve rejection of executory contracts); *Nostas Assocs. v. Costich (In re Klein Sleep Products, Inc.)*, 78 F.3d 18, 25 (2d Cir. 1996) (same); *In re Minges*, 602 F.2d 38, 42-43 (2d Cir. 1979) (same); *In re Balco Equities Ltd.*, 323 B.R. 85, 98-99 (Bankr. S.D.N.Y. 2005) (same); *In re G Survivor Corp.*, 171 B.R. 755, 757 (Bankr. S.D.N.Y. 1994) (approving rejection of license by debtor because such rejection satisfied the "business judgment" test); *In re Child World, Inc.,* 142 B.R. 87, 89 (Bankr. S.D.N.Y. 1992) (stating that a debtor may assume or reject an unexpired lease under § 365(a) in the exercise of its "business judgment").

12. The Trustee, in consultation with his advisors, is in the process of marshaling and liquidating assets of the Debtor. Further, the Debtor is no longer actively conducting any business that requires the use of the Vehicles.

13. Consequently, the Rejected Leases, as outlined above, are burdensome and unnecessary to the estate. The Trustee seeks approval to reject the Rejected Leases because they provide no benefit to the estate. Their rejection, and the attendant reduction in the estate's administrative costs, reflects the Trustee's exercise of sound business judgment.

B.   Rejection Nunc Pro Tunc to the Effective Date is Appropriate

14. Section 105 of the Bankruptcy Code, 11 U.S.C. § 105(a), provides, in relevant part, that "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." As has been recognized by Courts in this district, "courts considering the issue of whether a bankruptcy court is authorized to assign a retroactive rejection date under section 365(a) have held that it may do so 'when the principals of equity so

5

dictate.'" *BP Energy Company v. Bethlehem Steel Co. (In re Bethlehem Steel Co.)*, 2002 WL 31548723, at *3 (S.D.N.Y Nov. 15, 2002).

15. The Trustee submits that the implementation of the proposed rejections *nunc pro tunc* to the Filing Date is appropriate in this proceeding and is well within the Court's equitable powers under section 105 of the Bankruptcy Code. The purpose of this SIPC proceeding is to liquidate the assets of the Debtor in order to maximize value for the Debtor's customers and other creditors. The Vehicles are and were of no use to the Trustee or the estate in this liquidation – no administrative value has been provided by the Vehicles. As soon as possible after the Filing Date, the Trustee worked to return and/or make available the Vehicles to the respective lessors and, in fact, has returned the Vehicles to their respective lessors as set forth on <u>Exhibit B</u>. Given the good faith by the Trustee in notifying the lessors and returning and/or making available the Vehicles on practically an immediate basis, granting the rejection effective as of the Filing Date is just and appropriate in this circumstance. The Trustee submits that the proposed rejections balance the need for an expeditious reduction of burdensome costs to the estate while providing due notice of the proposed rejections to the lessors.

C.    <u>Waiver of the Separate Memorandum of Law Requirement is Appropriate</u>

16. Because this Motion presents no novel issues of law and the authorities relied upon by the Trustee are set forth herein, the Trustee respectfully requests that the Court waive the requirement for the filing of a separate memorandum of law in support of this Motion pursuant to Local Bankruptcy Rule 9013-1(b).

**<u>NOTICE</u>**

17. The Trustee has provided notice of the Motion by overnight delivery or email to (i) all parties that have filed a notice of appearance in this case; (ii) the Securities Investor Protection Corporation; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue

Service; (v) the counterparties to each Rejected Lease; and (vi) the United States Attorney for the Southern District of New York (collectively, the "Notice Parties"). The Trustee submits that no other or further notice need be given.

WHEREFORE, the Trustee respectfully requests that the Court (a) enter an order substantially in the form attached hereto as Exhibit A, granting the relief requested herein; and (b) granting such other and further relief to the Trustee as the Court may deem proper.

Dated: New York, New York
January 21, 2009

Respectfully submitted,

*/s/ Richard J. Bernard*
BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone:   (212) 589-4200
Facsimile:   (212) 589-4201
David J. Sheehan (DS 4818)
Email: dsheehan@bakerlaw.com
Douglas E. Spelfogel (DS 7097)
Email: dspelfogel@bakeralaw.com
Richard J. Bernard (RB 6371)
Email: rbernard@bakerlaw.com
*Attorneys for Irving H. Picard, Esq.,*
*Trustee for the SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC*