| | |
|---|---|
| Baker & Hostetler LLP | Hearing Date:        February 4, 2009 |
| 45 Rockefeller Plaza | Hearing Time:        10:00 a.m. |
| New York, New York 10111 | Objection Deadline:  January 30, 2009 |
| Telephone: (212) 589-4200 | |
| Facsimile: (212) 589-4201 | |
| David J. Sheehan (DS 4818) | |
| Email: dsheehan@bakerlaw.com | |
| Douglas E. Spelfogel (DS 7097) | |
| Email: dspelfogel@bakerlaw.com | |
| Richard J. Bernard (RB 6371) | |
| Email: rbernard@bakerlaw.com | |

*Attorneys for Irving H. Picard, Esq.,*
*Trustee for the SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

SECURITIES INVESTOR PROTECTION
CORPORATION,

        Plaintiff-Applicant,

        v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

        Defendant.

Adv. Pro. No. 08-01789 (BRL)

SIPA Liquidation

---

**TRUSTEE'S MOTION FOR AN ORDER PURSUANT TO**
**SECTION 365(d)(1) OF THE BANKRUPTCY CODE EXTENDING THE TIME**
**WITHIN WHICH THE TRUSTEE MAY ASSUME OR REJECT**
**EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Irving H. Picard, Esq. (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC (the "Debtor"), under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, et seq. ("SIPA"),[1] by and through his undersigned counsel, respectfully requests entry of an order, pursuant to section 365(d)(1) of title 11 of the United

---

[1] For convenience, future reference to SIPA will not include "15 U.S.C."

States Code (the "Bankruptcy Code"), extending the time within which he may assume or reject executory contracts and unexpired leases on behalf of the Debtor's estate, and respectfully represents as follows:

**Background**

1. On December 11, 2008 (the "Filing Date"),[2] the Securities and Exchange Commission ("SEC") filed a complaint in the United States District Court for the Southern District of New York against defendants Bernard L. Madoff and the Debtor (together, the "Defendants") (No. 08 CV 10791). The complaint alleged that the Defendants engaged in fraud through investment advisor activities of the Debtor.

2. On December 12, 2008, the Honorable Louis L. Stanton of the United States District Court for the Southern District of New York entered an order which appointed Lee S. Richards, Esq., as receiver (the "Receiver").

3. On December 15, 2008, Judge Stanton entered an order pursuant to SIPA (the "Protective Decree"), which, in pertinent part:

   (a) appointed the Trustee for the liquidation of the business of the Debtor pursuant to section 78eee(b)(3) of SIPA;

   (b) appointed Baker & Hostetler, LLP as counsel ("Counsel") to the Trustee pursuant to section 78eee(b)(3) of SIPA; and

   (c) removed the case to this Bankruptcy Court pursuant to section 78eee(b)(4) of SIPA.

4. The Protective Decree further provided in relevant part:

VI. … pursuant to 15 U.S.C. §§78eee(b)(2)(B)(ii) and (iii), and notwithstanding the provisions of 11 U.S.C. §§362(b) and 553, except as otherwise provided in this Order, all persons and entities are stayed, enjoined and restrained for a period of twenty-one (21) days, or such time as may subsequently be ordered by this Court or any court having competent jurisdiction of this proceeding, from enforcing liens or pledges against the property of the Defendant and from

---

[2] See section 78*lll*(7)(B) of SIPA.

    exercising any right of setoff, without first receiving the written consent of SIPC and the trustee;

    VII. … pursuant to 15 U.S.C. §78eee(b)(2)(C)(ii), and notwithstanding 15 U.S.C. §78eee(b)(2)(C)(i), all persons and entities are stayed for a period of twenty-one (21) days, or such other time as may subsequently be ordered by this Court or any other court having competent jurisdiction of this proceeding, from foreclosing on, or disposing of, securities collateral pledged by the Defendant, whether or not with respect to one or more of such contracts or agreements, securities sold by the Defendant under a repurchase agreement, or securities lent under a securities lending agreement, without first receiving the written consent of SIPC and the trustee.

The above provisions are effective, pursuant to the Protective Decree, through January 5, 2009.

5. On December 18, 2008, Judge Stanton entered the Order on Consent Imposing Preliminary Injunction, Freezing Assets and Granting Other Relief Against Defendants (the "Preliminary Injunction Order"). Among other things, the Preliminary Injunction Order clarified that the Receiver is only appointed as to assets concerning the London entity, Madoff Securities International Ltd.

6. On January 5, 2009, this Court entered Order Extending The Stays Against All Creditors, affirming that the automatic stay under section 362 of the Bankruptcy Code is effective in this case from and after the December 11, 2008 Filing Date and extending the stays against all creditors of the Debtor and all other persons as provided for in paragraphs VI and VII of the Protective Decree from and after January 5, 2009 until further order of this Court.

**Relief Requested**

7. By this Motion, the Trustee seeks to preserve the rights of the estate in executory contracts and unexpired leases by extending the time within which the Trustee may assume or reject the Debtor's executory contracts and unexpired leases. Pursuant to section 365(d)(1) of the Bankruptcy Code, the time within which the Trustee may assume or reject the Debtor's executory contracts and unexpired leases will expire on February 9, 2009. The Trustee requests

an extension of the deadline within which the Trustee may assume or reject the Debtor's executory contracts and unexpired leases, as provided in section 365(d)(1) of the Bankruptcy Code, for a period of sixty (60) days up to, and including, May 1, 2009 (the "Extension Request"). Such an extension would be without prejudice to the right of the Trustee to seek a further extension. Likewise, such an extension would be without prejudice to the rights of any party-in-interest to seek to shorten the Trustee's time to assume or reject a particular executory contract or unexpired lease.

## Basis for Relief Requested

8.  Section 365 of the Bankruptcy Code applies to liquidations under SIPA. See 15 U.S.C. § 78fff(b) ("a liquidation proceeding shall be conducted in accordance with, and as though it were being conducted under chapters 1, 3, and 5 and suchapters I and II of chapter 7 of title 11.").

9.  Section 365(d)(1) of the Bankruptcy Code grants a trustee an initial sixty (60) day period to determine whether to assume or reject unexpired executory contracts and certain unexpired leases, unless such time is extended by order of the Court. Section 365(d)(1) provides, in pertinent part:

> "[I]n a case under chapter 7 of this title, if the trustee does not assume or reject an executory contract or unexpired lease of residential real property or of personal property of the debtor within sixty (60) days after the order for relief, **or within such additional time as the Court, for cause, within such sixty-day period, fixes, then such contract or lease is deemed rejected** . . . ."

11 U.S.C. § 365(d)(1) (emphasis added).[3]

10.  Accordingly, this Court has express authority, when appropriate cause is shown, to extend the time within which the Trustee may assume or reject the Debtor's unexpired

---

[3] For the purposes of applying title 11 in a SIPA liquidation, a reference to the petition date is deemed to be a reference to the filing date under SIPA – here, December 11, 2008. 15 U.S.C. §§ 78fff(b) and 78lll(7)(B).

executory contracts and certain unexpired leases. See 11 U.S.C. § 365(d)(1); *see e.g., In re Lefrak*, 223 B.R. 431, 434 (Bankr. S.D.N.Y. 1998). The purpose of this section is to benefit the estate by permitting a trustee to assume beneficial contracts and leases and reject burdensome ones. *See Liona Corp. v. PCH Assocs. (In re PCH Assocs.)*, 804 F.2d 1983, 200 (2d Cir. 1986).

11. Section 365(d)(1) strikes a balance between the interest of the Trustee in liquidating the estate in a commercially reasonable manner and the interests of the parties to the executory contracts and certain leases who may want a prompt resolution of their rights and remedies. *See In re Telemark Management Co., Inc.*, 51 B.R. 623, 625 (Bankr. W.D. Wis. 1984).

12. Cause exists to grant the Extension Request in order to avoid any inadvertent forfeiture in the relatively early stages of this extremely large and complex case as a result of the "deemed rejected" language found in section 365 of the Bankruptcy Code. *See, e.g., Lefrak*, 223 B.R. at 434. In addition, the Trustee's access to the Debtor's offices and books and records has been limited. It is in the best interest of the Debtor's estate, customers and creditors to allow the Trustee additional time to access and review the relevant records and to determine whether the assumption or assignment of any executory contracts and unexpired leases would be beneficial to the estate.

13. Counterparties will not be prejudiced by this short extension as their rights to seek an order to shorten the Trustee's time to assume or reject any particular executory contract or unexpired lease will be preserved.

**Notice**

14. Notice of this Motion has been provided by U.S. mail, postage prepaid, or email to (i) all parties that have filed a notice of appearance in this case; (ii) SIPC; (iii) the SEC; (iv) the Internal Revenue Service; and (v) the United States Attorney for the Southern District of

New York (collectively, the "Notice Parties"). The Trustee submits that no other or further notice need be given.

### No Prior Request

15. No prior request for the relief sought in this Motion has been made to this or any other Court. SIPC has reviewed the Motion and supports the relief requested herein.

### Waiver of Local Rule 9013-1(b)

16. The Trustee submits that the relief requested in this Motion is not novel, and the Trustee has incorporated his legal authority under SIPA and the Bankruptcy Code. Accordingly, the Trustee requests the Court to waive the requirements of Local Bankruptcy Rule 9013-1(b) to the extent applicable.

**WHEREFORE**, the Trustee respectfully requests that the Court (a) enter an order substantially in the form attached hereto as <u>Exhibit A</u>, granting the relief requested herein; and (b) grant such other and further relief to the Trustee as the Court deems proper.

Dated: New York, New York
January 21, 2009

Respectfully submitted,

 /s/ Richard J. Bernard
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan (DS 4818)
Email: dsheehan@bakerlaw.com
Douglas E. Spelfogel (DS 7097)
Email: dspelfogel@bakerlaw.com
Richard J. Bernard (RB 6371)
Email: rbernard@bakerlaw.com

*Attorneys for Irving H. Picard, Esq.,*
*Trustee for the SIPA Liquidation of Bernard L.*
*Madoff Investment Securities LLC*