William A. Gogel, Esq.
321 Broadway - 2nd Floor
New York, New York 10007
Telephone: (212) 233 - 9500
Facsimile: (212) 693 - 1666
William A. Gogel (WG3271)
Email: Bill@LawAG.com

*Attorney for Craig Kugel*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Hearing Date: February 4, 2009
Hearing Time: 10:00 (EST)
Objection Deadline: January 30, 2009

---

SECURITIES INVESTOR PROTECTION
CORPORATION,

    Plaintiff-Applicant,

    v.

BERNARD L. MADOFF INVESTMENT
SECURITIES, LLC,

    Defendant.

Adv. Pro. No. 08-01789 (BRL)
SIPA Liquidation

---

### LIMITED OBJECTION OF CRAIG KUGEL
### TO THE TRUSTEE'S MOTION SEEKING
### AUTHORITY TO REJECT EXECUTORY
### CONTRACTS ON A NUNC PRO TUNC BASIS

Craig Kugel, by and through his undersigned Attorney, submits this limited objection (the "limited objection") to the notice of trustee's motion seeking authority to reject executory contracts on a nunc pro tunc basis.

### RECITALS

On December 15, 2008, an Order was entered which removed this case to the Bankruptcy Court and appointed the Trustee for the liquidation of the business of the debtor pursuant to section 78eee(b)(3) of SIPA.

1

On January 21, 2009 the Trustee moved for an Order to reject the leases for six (6) vehicles which were leased to the Debtor. Among those six (6) leases was a 2009 Mercedes S500-4, vehicle identification number WDDNG86X49A254361.

Craig Kugel was an employee of the Defendant, Bernard L. Madoff Investment Securities, LLC. Except for the circumstances pertaining to said 2009 Mercedes S500-4, Craig Kugel was not an officer or director of Bernard L. Madoff Investment Securities, LLC.

The Mercedes S500-4 was leased from Rallye Motors, Roslyn, New York on October 31, 2008 to replace the expired lease for the Mercedes used by Bernard Madoff. A copy of the lease is annexed hereto as Exhibit "1."

Peter Madoff, the Managing Director, Chief Compliance Officer and General Counsel of Defendant Bernard L. Madoff Investment Securities, LLC requested that Craig Kugel obtain price quotes for a new Mercedes for Bernard Madoff.

Craig Kugel reported his findings to Peter Madoff who then instructed Craig Kugel to arrange for the lease of a 2009 Mercedes S500-4 from Rallye Motors (Roslyn, New York).

The Rallye Motors salesman, Bob Bianchi, advised Craig Kugel that Mercedes-Benz Financial required credit information about Bernard L. Madoff Investment Securities, LLC in order to obtain approval for the lease.

Bernard Madoff refused to submit the financial information requested. The salesman, Bob Bianchi informed Craig Kugel that in lieu of financials, Mercedes-Benz would require a guarantor on the lease.

Peter Madoff thereafter requested that Craig Kugel accommodate him by arranging for the immediate signing of the lease and the pick up of the vehicle, because the old leased car had to be returned and the new car was immediately needed by Bernard Madoff.

In order to adhere to the requirements of Peter Madoff and of Rallye Motors, Craig Kugel was instructed by Peter Madoff to sign the motor vehicle Lease Agreement on behalf of Bernard L. Madoff Securities, LLC.

Rallye Motors required that Craig Kugel execute the Lease Agreement both on behalf of Bernard L. Madoff Securities, LLC and as a guarantor of said lease. In order to facilitate this requirement, Peter Madoff designated Craig Kugel, in writing, as a Director of Bernard L. Madoff Securities, LLC. A copy of the Certificate of Resolution is annexed hereto as Exhibit "2".

Craig Kugel followed the instructions and directions of Peter Madoff, went to Rallye Motors, signed the Lease Agreement on behalf of Bernard L. Madoff Securities, LLC by affixing his name as "Craig Kugel, Director", and signed as the required guarantee as "Craig Kugel" but neglected to add the words "as Director."

Bernard Madoff's chauffeur delivered the Mercedes S500-4 to the Debtor. Craig Kugel has had no use or benefit whatsoever of said vehicle.

Craig Kugel never intended to be a personal guarantor of the lease for Bernard L. Madoff Investment Securities, LLC; Rallye Motors never intended Craig Kugel, as an individual, to be a guarantor of said lease; and Craig Kugel mistakenly executed the lease in his individual capacity as a Director of Bernard L. Madoff Investment Securities, LLC.

Rallye Motors knew or should have known that Craig Kugel, as a guarantor, acted only as a representative of his employer and not in his individual capacity.

Without the knowledge, consent or approval of Craig Kugel, the Trustee surrendered the 2009 Mercedes to Rallye Motors on December 31, 2008.

On January 15, 2009, Craig Kugel received a "notice of default and right to cure motor vehicle lease". Said notice requires Craig Kugel as guarantor to pay the sum of $1712.14 for the month of January, 2009. See notice Exhibit "3". The trustee estimated that the total remaining lease payment is in the sum of $58,212.76.

Mercedes-Benz Financial has advised Craig Kugel of its intention to sell the vehicle beginning on February 2, 2009. See Notice - Exhibit "4". The sale has been postponed until February 16, 2009.

This sale is typically a wholesale sale and the Mercedes will not be sold in a commercially reasonable manner. Therefore the sale proceeds will be minimized, creating a substantial deficiency, subjecting Craig Kugel to financial loss and impairment of his credit.

The actions of the Trustee in voluntarily surrendering the vehicle without Craig Kugel's knowledge or consent, has deprived Craig Kugel of the opportunity of keeping and paying for the vehicle; or attempting to re-negotiate the lease price; or attempting to sell the vehicle; or taking other actions to protect his credit rating.

Craig Kugel will be continued to be obligated to pay for the lease, or the sale deficiency and have his credit impaired unless the written limited objection is granted.

## LIMITED OBJECTION

Craig Kugel executed the lease for the Mercedes Benz S500-4 as an accommodation for the Debtor, as an agent and representative of the Debtor, as a "Director" and should be treated as the Debtor and no differently than Bernard L. Madoff Securities, LLC.

Bankruptcy code section 524(e) should not apply to Craig Kugel under the circumstances set forth herein.

Accordingly, Craig Kugel is filing this limited object to prevent his treatment from other than being classified the same as the Debtor for the purposes of the trustee's motion.

## CONCLUSION

**WHEREFORE,** Craig Kugel respectfully requests that the Court sustain the Limited Objection and grant Craig Kugel such other and further relief as this Court deems proper.

Dated: New York, New York
      January 27 , 2009

Respectfully Submitted

William A. Gogel, Esq.
321 Broadway - 2nd Floor
New York, New York 10007
Telephone: (212) 233 - 9500
Facsimile: (212) 693 - 166
William A. Gogel (WG3271)
Email: Bill@LawAG.com
*Attorney for Craig Kugel*

# EXHIBIT 1

**Mercedes-Benz Financial**

## NEW YORK

**Motor Vehicle Lease Agreement**    DEAL #  158154

*The First Class Lease®*

### Type of Lease

☒ Standard Lease    ☐ Single Payment Lease

If the Single Payment Lease box is checked above, "Monthly Payment" or "First Monthly Payment" are replaced with the words "Single Lease Payment" throughout this lease and the word "Monthly" in section 6.i. below is deleted.

The date of this lease is ___10/31/08___

The scheduled term of this lease is ___36___ months ("Lease Term").

The scheduled date this lease ends is ___11/01/11___ ("Lease End").

### Vehicle Information

☐ New    ☐ Pre-owned    VIN _____

___2009   Mercedes   S550-4   4D30___

Year    Make    Model    Body Style

**Lessor (Dealer)** RALLYE MOTORS
Address  1800 NORTHERN BLVD
ROSLYN, NY      11576-1101

**Lessee** BERNARD L MADOFF INVESTMENT SECURITIES
LLC
885 THIRD AVENUE

**Lessee's Billing Address** NEW YORK NY 10022  NASSAU
*(Include County)*

Address of principal garage location, if different from Lessee's Billing Address (no P.O. Box):

_____

_____
*(Include County)*

**Optional Factory Equipment**

☐ CD Player _____    ☐ Telephone _____

☐ Other *(please specify)* _____

**Primary Intended Use**

☒ Personal    ☐ Business, Commercial, or Agricultural Purposes

If no box is checked, or if the Personal box is checked, you agree to use the vehicle for personal, family or household purposes.

Unless otherwise specified, "lease" refers to this Motor Vehicle Lease Agreement; "vehicle" refers to the vehicle described above; "you", "your", and "yours" refer to the Lessee and any Co-Lessee; "we", "us", and "our" refer to the Lessor and, after the lease is assigned, to DAIMLER TRUST, or its successors and assigns; "Assignee" refers to DAIMLER TRUST, or its successors and assigns. The "Vehicle Turn-In Fee" is a fee to cover the cost of disposing of the vehicle, commonly referred to as a disposition fee. "Pre-owned" refers to used vehicles. You agree to lease the vehicle from us on the terms and conditions provided in the front and back of the lease. The terms and conditions contained in this lease are made on behalf of Lessor and Assignee.

### Consumer Leasing Act Disclosures

| 1. Amount Due at Lease Signing or Delivery *(Itemized below)* | 2. Monthly Payments | 3. Other Charges *(not part of your Monthly Payment)* | 4. Total of Payments |
|---|---|---|---|
| $ 2702.22 | Your first Monthly Payment of $ 1712.14 is due on 10/31/08, followed by 35 payments of $ 1712.14 due on the 1ST of each month. The total of your Monthly Payments is $ 61637.04 | a. Vehicle Turn-In Fee (if you do not purchase the vehicle) $ 595.00  b. N/A  d. Total | The amount you will have paid by the end of the lease |

### 5. Itemization of Amount Due at Lease Signing or Delivery

**a. Amount Due at Lease Signing or Delivery:**

| | |
|---|---|
| 1. First Total Monthly Payment (includes sales/use taxes) | $ 1712.14 |
| 2. Capitalized Cost Reduction | + $ 0.00 |
| 3. Acquisition Fee (if not capitalized) | + $ 795.00 |
| 4. Sales/Use Taxes | + $ 66.58 |
| 5. Refundable Security Deposit | + $ N/A |
| 6. Title Fees | + $ N/A |
| 7. License Fees | + $ 61.00 |
| 8. Registration Fees | + $ N/A |
| 9. Waste Tire Recycling Fee | + $ 12.50 |
| 10. Inspection & Gas | + $ 10.00 |
| 11. DEALER FEE | + $ 45.00 |
| 12. | + $ N/A |
| 13. Total | = $ 2702.22 |

**b. How the Amount Due at Lease Signing or Delivery will be paid:**

| | |
|---|---|
| 1. Net Trade-in Allowance | $ N/A |
| 2. Rebates and noncash credits | + $ N/A |

### 6. Your monthly payment is determined as shown below:

| | |
|---|---|
| a. **Gross Capitalized Cost:** The agreed upon value of the vehicle ($ 84000.  ) and any items you pay over the lease term (such as service contracts, insurance, and any outstanding prior credit or lease balance) | $ 89102.87 |
| b. **Capitalized Cost Reduction:** The amount of any net trade-in allowance, rebate, noncash credit, or cash you pay that reduces the Gross Capitalized Cost | − $ 0.00 |
| c. **Adjusted Capitalized Cost:** The amount used in calculating your Base Monthly Payment | = $ 89102.87 |
| d. **Residual Value:** The value of the vehicle at the end of the lease used in calculating your Base Monthly Payment | $ 46221.70 |
| e. **Depreciation and any amortized amounts:** The amount charged for the vehicle's decline in value through normal use and for other items paid over the lease term | − $ 42881.17 |
| f. **Rent Charge:** The amount charged in addition to the Depreciation and any amortized amounts | + $ 18755.87 |
| g. **Total of Base Monthly Payments:** The Depreciation and any amortized amounts plus the Rent Charge | = $ 61637.04 |
| h. **Lease Payments:** The number of payments in your lease | 36 |
| i. **Base Monthly Payment** | = $ 1712.14 |

| | | |
|---|---|---|
| 2. Rebates and noncash credits .............. + $ | i. Base Monthly Payment | - $  1712.14 |
| 3. Amount to be paid in cash .............. + $  200.00 | J. Monthly Sales/Use Taxes | $  N/A |
| 4.  N/A  + $  N/A | k.  N/A | $  N/A |
| 5. Total ................................ = $  2702.22 | l. Total Monthly Payment | $  1712.14 |

**7. Early Termination.** You may have to pay a substantial charge if you end this lease early. The charge may be up to several thousand dollars. The actual charge will depend on when the lease is terminated. The earlier you end the lease, the greater this charge is likely to be.

**8.** *Excessive Wear and Use.* You may be charged for excessive wear based on our standards for normal use and for mileage in excess of ___45,000___ miles (Mileage Allowance) for the term of this lease, at the rate of ___.___ per mile.

**9.** *Purchase Option at End of Lease Term.* You have an option to purchase the vehicle ("as is") at the end of the lease term for $ ___46,221.70___, plus a Purchase Option Fee of $ ___150.00___, plus a processing fee of $ ___150.00___, plus all official fees and taxes. See the Purchase Option section on the back of this lease for more information.

**10.** *Other Important Terms.* See your lease documents for additional information on early termination, purchase options, maintenance responsibilities, warranties, late and default charges, insurance, and any security interest, if applicable.

## 11. Itemization of Gross Capitalized Cost

| | |
|---|---|
| a. Price of Vehicle ............................. $ | 84000.00 |
| b. Approved Dealer Installed Equipment ............ $ | N/A |
| c. Service Contract ............................. $ | N/A |
| d. Extended Warranty ......................... $ | N/A |
| e. Credit Life and/or Credit Disability Premium ....... $ | N/A |
| f. Current Year Taxes, Title, Licenses, Registration .... $ | N/A |
| g. Acquisition Fee ............................. $ | N/A |
| h. Sales/Use Taxes ............................ $ | 5102.87 |
| i. Other Tax (describe) _____ $ | N/A |
| j. _____ $ | N/A |
| k. _____ $ | N/A |
| l. _____ $ | N/A |
| m. Total Gross Capitalized Cost ................. $ | 89102.87 |

## 12. Estimated Official Fees and Taxes

The total estimated amount you will pay for official fees, license, title and registration fees, and taxes over the term of your lease, whether included with your Monthly Payment or assessed otherwise is $ ___5392.45___. This is an estimate and the actual amount of Official fees and Taxes may be higher or lower than this estimate. The actual total of Official Fees and Taxes depends on the rates in effect, the value of the vehicle and the garage location of the vehicle at the time the fees and taxes are assessed.

## 13. Mileage Allowance

If your Mileage Allowance in section 8 above is greater than ___45,000___ "Base Mileage Amount", you have chosen to purchase additional miles for your Mileage Allowance determination. If you have purchased additional miles, then at Lease End, as provided below, you will be eligible for a credit or refund of $_____ per mile for any unused additional miles between the Base Mileage Amount and your Mileage Allowance over the term of the lease. You will not receive a refund if the vehicle is destroyed or stolen, you are in default, you purchase the vehicle, or the refund is less than $1.

## 14. Missing Records

If you do not return the vehicle's maintenance booklets as provided in the Maintenance section of this lease, you will owe a missing records fee in the amount of $ ___500.00___.

## 15. New and Pre-owned Vehicle Warranty

If the vehicle is new, it is covered by a standard new vehicle warranty from the manufacturer.

If the vehicle is pre-owned, it is not covered by a warranty unless indicated by a check in the corresponding box below:

☐ Remainder of standard new vehicle warranty from manufacturer
☐ Pre-owned vehicle warranty from manufacturer
☐ Pre-owned warranty from other third-party provider

We lease the vehicle to you "AS IS". EXCEPT AS EXPRESSLY PROVIDED UNDER THIS LEASE, AND UNLESS PROHIBITED BY LAW, WE MAKE NO WARRANTIES OR REPRESENTATIONS, EITHER EXPRESS OR IMPLIED, AS TO THE VEHICLE'S (OR ANY PART OR ACCESSORY THEREOF) CONDITION, MERCHANTABILITY, OR FITNESS FOR ANY PARTICULAR PURPOSE AND WE MAKE NO OTHER REPRESENTATION OR WARRANTY WHATSOEVER.

## 16. Optional Insurance and Other Products

You are not required to buy any of the optional insurance or other products listed below to enter into this lease, and they are not a factor in our credit decision. These insurance and other products will not be provided unless you are accepted by the provider. By your initials below, you agree that you have received a notice of the terms and cost of the insurance or product, and you want to obtain the insurance or product for the premium or charge shown. A portion of the premium or charge shown may be retained by the Lessor (Dealer). These coverages are not provided by the Lessor. You must pursue all matters related to these coverages, including refunds, through the provider. The terms and conditions for these coverages are provided in a separate contract, which you acknowledge that you have received and read.

If the price of these coverages is also included in the Itemization of Gross Capitalized Cost, it will be included in the Base Monthly Payments. If not, you have paid for the coverages in full upon signing this lease.

Unless you receive written notification otherwise, credit life and credit disability insurance end on the original due date of the last payment due under the lease.

☐ Credit Life Provider ___N/A___

Initial Coverage $ ___N/A___   Prem. $ ___N/A___

Lessee/Co-Lessee Initials _____

☐ Credit Disability Provider ___N/A___

Maximum Mo. Benefit $ ___N/A___   Prem. $ ___N/A___

Lessee/Co-Lessee Initials _____

☐ Service Agreement Provider ___N/A___

Coverage is for ___N/A___ months or ___N/A___ miles, whichever happens first.

Premium or charge $ ___N/A___   Lessee/Co-Lessee Initials _____

☐ Extended Warranty Provider ___N/A___

Coverage is for ___N/A___ months or ___N/A___ miles, whichever happens first.

Premium or charge $ ___N/A___   Lessee/Co-Lessee Initials _____

## 17. Additional Disclosures Required by New York Law.

**Capitalized Cost** - Capitalized Cost is the sum of the Adjusted Capitalized Cost and any Capitalized Cost Reduction. The Capitalized Cost and the amount of the Monthly Payment may be negotiable .............. $ _____

**Adjusted Capitalized Cost** - Adjusted Capitalized Cost is the amount which is capitalized in connection with the lease and is used in determining the amount of your Monthly Payment. This amount will be used in determining your Early Termination Liability. The Adjusted Capitalized Cost may be used to compare the early termination provisions of competing lessors .............. $ _____

... any of these warranties. You acknowledge ...
received a copy of the indicated warranties.

Competing lessors . . . . . . . . . . . . . . . . . . . . . . . . $ ~~~~~~
Estimated Residual Value . . . . . . . . . . . . . . . . $ ~~~~~~

**WARNING: Important consumer protections may not apply if this agreement indicates that you are leasing the vehicle primarily for agricultural, business or commercial use.**

**NOTICE TO LESSEE: (1) DO NOT SIGN THIS AGREEMENT BEFORE YOU READ IT OR IF IT CONTAINS ANY BLANK SPACES. (2) YOU ARE ENTITLED TO A COMPLETELY FILLED IN COPY OF THIS AGREEMENT WHEN YOU SIGN IT.**

**LESSEE**

By signing below, you acknowledge that:
- This lease is completely filled out;
- You have read this entire lease carefully and agree to all of its terms, **INCLUDING THE IMPORTANT ARBITRATION DISCLOSURES AND PRIVACY POLICY ON THE REVERSE SIDE;**
- You have received a completed copy of this lease; and the Lessor may assign all right, title, and interest in this lease, vehicle and Guaranty to anyone.

**MOTOR VEHICLE LEASE AGREEMENT**

X _____   X _____
Lessee                          Lessee
BERNARD L MADOFF INVESTMENT SECURITIES LLC

By _____   By _____
Title _____Director____   Title _____
                    NY
Driver's license number/State          Driver's license number/State

**LESSOR SIGNATURE AND ASSIGNMENT**

By signing below, the Lessor (or if Daimler Trust is Lessor, through its attorney-in-fact) accepts the terms and conditions of this lease. If Lessor is not Daimler Trust, Lessor assigns all right, title and interest in this lease, vehicle and Guaranty to Daimler Trust, subject to the terms and conditions of the Retail Installment Contract and Lease Program Agreement with or assigned to DCFS USA LLC and Lessor.

X _____   _____
Lessor (or its attorney-in-fact)          Title

**GUARANTY**

The Guarantor(s) named below absolutely and unconditionally guarantee(s) payment of all amounts owed under this lease. This means if the lessee(s) fail(s) to pay any money owed, guarantor(s) will pay it. All Guarantor(s) shall be jointly and severally liable and agree that this guaranty shall not be affected by any changes to this lease. Guarantor(s) also agree to be liable for all fees and costs, including attorneys' fees, that the Lessor incurs in enforcing this lease or guaranty.

Guarantor(s) has/have received a completed copy of this lease and guaranty at the time of signing.

X _____   X _____
Guarantor                          Guarantor

_____
Print Name                          Print Name

_____   _____
Address                          Address

_____   _____
Address                          Address

**INSURANCE VERIFICATION**

Lessor (or Dealer) has verified that the insurance coverage required by this lease is in force on the date of this lease. All matters regarding insurance should be sent to:
Mercedes-Benz Financial   PO BOX 1800
                               ROANOKE TX 76262
ONEBEACON MIDWEST 7120078390001
Your insurance company   Policy No.   Insurance coverage verified
                                       Employee of Lessor/Dealer please initial
ONEBEACON MIDWEST
Your insurance agent                          Agent's Phone number
MANHASSET NY
Agent's Address

**NOTICE: SEE OTHER SIDE FOR IMPORTANT INFORMATION.**

**THE ADDITIONAL TERMS AND CONDITIONS ON THE REVERSE SIDE ARE A PART OF THIS LEASE.**

**AUTO-PAY DEBIT AUTHORIZATION**

Upon acceptance by DCFS USA LLC, its successors and assigns ("Mercedes-Benz Financial"), of this authorization and a properly voided check payment at the account holder name(s) and address, Mercedes-Benz Financial is authorized by the account holder ("you or "your") to initiate electronic debit entries or effect a charge to your lease commercially accepted means to your account held at the financial institution listed below for the amount of the monthly payment described in your lease with Mercedes-Benz Financial or Daimler Trust dated concurrently with this authorization ("Agreement"). The account number is listed on this form. You authorize and request the financial institution listed on this form to honor such debit entries. In addition, this authorization includes all other amounts due pursuant to the terms of the Agreement, which may vary from the amount of the regularly scheduled payment to an amount exceeding the regularly scheduled payment by $100. You understand that Mercedes-Benz Financial will notify you of any changes in the dollar amount to be debited from your account where the debited amount will exceed the regularly scheduled payment by more than $100. This authorization will remain in force until either Mercedes-Benz Financial or you have received reasonable and advance written notice of cancellation from the other party or until satisfaction in full of all your obligations under the Agreement. Your lease payment will be deducted on your scheduled due date and will continue up to and including the last payment due on your account. You may receive a separate bill for charges associated with the return of your vehicle (i.e., excess wear and use, excess mileage, etc.).

_____   _____
Financial Institution Name          Name(s) on the Checking/Draft Account

                               _____
                               Checking/Draft Account Number

_____   _____
Financial Institution Address          Account Holder's Signature(s)

_____   _____
Lessee's Name(s)          Date

84 001-5290 NY (10/07)   **MBF – ORIGINAL**   **CUSTOMER – WHITE**   **DEALER – YELLOW**   **FILING – GREEN**

# EXHIBIT 2

# CERTIFICATE OF RESOLUTION

| ACCOUNT NO. | DEALER NO. | DATE |
|---|---|---|
| | | |

**To:**
DEALER'S NAME

**Company is a**
- ☐ Corporation
- ☐ General Partnership
- ☒ Limited Liability Company
- ☒ Limited Partnership
- ☐ Other _____

**From:**

COMPANY NAME
Bernard L. Madoff Investment Securities LLC

STREET ADDRESS
885 Third Ave

| CITY | STATE | ZIP | FEDERAL IDENTIFICATION NUMBER |
|---|---|---|---|
| New York | NY | 10022 | 13-1997126 |

**Agent(s) to whom authority is granted:**

| NAME | TITLE(S) | SAMPLE SIGNATURE |
|---|---|---|
| Peter B. Madoff | S. Managing Director | |
| Craig Kugel | Director | |
| | | |

**I HEREBY CERTIFY to you that:**

(1) The following resolutions were duly and properly adopted by the Company's governing body and have not been revoked:

RESOLVED, that the Company enter into a Retail Installment Contract, a Motor Vehicle Lease Agreement or a Promissory Note and Security Agreement (any of which is referred to herein as the "Agreement"), with, or to be assigned to, DCFS USA LLC or Daimler Trust, as the case may be (either of which is referred to herein as "DCFS"), and that any officer(s), partner(s), member(s), manager(s) and/or agent(s) of the Company whose names appear above (collectively, the "Agents") are hereby authorized to: (a) execute and deliver the Agreement in the name and on behalf of the Company, on such terms as the Agent executing the same may approve, his or her approval and authority conclusively evidenced by his or her execution thereof, such execution to be valid and binding on the Company with or without the seal of, or any further approval from, the Company; (b) carry out the obligations and enforce the rights of the Company under the Agreement; (c) execute and deliver in the name and on behalf of the Company such other documents as may be requested for lease, renewal, purchase or other option of the Company under the Agreement; and (d) take all other action deemed necessary or advisable by the Agent in connection with the foregoing.

RESOLVED, that any actions previously taken by the Agents in connection with the Agreement are hereby ratified and approved in all respects.

(2) The Agents are duly authorized representatives of the Company in the capacity set forth opposite their names and that their signatures are true and correct and, as of the date hereof, have proper power and authority to execute and deliver the Agreement and any documents required in connection therewith, and shall continue to have such power and authority until the Company notifies DCFS otherwise.

I Peter B. Madoff, am the Company's S. Managing Director (Title) and I have the authority to make this certification to you.

X _____
(SIGNATURE OF OFFICER PROVIDING CERTIFICATION)

84-RMF-7739 (10/07)

# EXHIBIT 3

84-0014057 (10/07) MULTI

# NOTICE OF DEFAULT
# AND RIGHT TO CURE
# MOTOR VEHICLE LEASE

| ACCOUNT NO. |
| --- |
| 7002816709 |

**Mercedes-Benz Financial**

| LESSEE'S NAME AND ADDRESS | CO-LESSEE'S NAME AND ADDRESS |
| --- | --- |
| BERNARD L MADOFF INV SEC<br>885 3RD AVENUE<br>NEW YORK                    NY      10022 | I Craig Kugel<br>21 Soundview Lane<br>Port Washington, NY 11050 |

You have broken your Motor Vehicle Lease Agreement dated ___10/31/2008___ , on the below described *(Insert "Car," "Van," "Truck" or "Other Vehicle")* _____ , called the "vehicle."

## DESCRIPTION OF THE VEHICLE FOLLOWS:

| YEAR | MAKE | MODEL | VEHICLE IDENTIFICATION NUMBER |
| --- | --- | --- | --- |
| 2009 | MERCEDES-B | S550V4 | WDDNG86X49A254381 |

You are late in making your payment(s). We may have accepted late payments in the past. Neverless, we demand prompt payment under the terms of your Lease:

| | | | AMOUNT DUE |
| --- | --- | --- | --- |
| PAST DUE PAYMENT(S): | DUE DATE 01/01/2009 | | $ 1,712.14 |
| | DUE DATE | | $ 0.00 |
| | DUE DATE | | $ 0.00 |
| PLUS: LATE CHARGES: | | | $ 0.00 |
| PLUS: MISCELLANEOUS FEES: | | | $ 0.00 |
| THIS TOTAL IS THE AMOUNT NOW DUE *(not including amounts that become due after the date of this Notice)* | | ⟶ | $ 1,712.14 |

| DATE |
| --- |
| 1/15/2009 |

is the LAST DAY FOR PAYMENT of the AMOUNT NOW DUE.

**RIGHT TO CURE THE DEFAULT:** If you pay the AMOUNT NOW DUE (above) by the LAST DAY FOR PAYMENT (above), you may continue with the Lease as though you were not late.

**NOTICE OF INTENT TO REPOSSESS:** If you do not pay the AMOUNT NOW DUE by the LAST DAY FOR PAYMENT, we may exercise our rights under the Lease. These rights include the right to repossess the vehicle. The vehicle will not be sold until 10 days after we repossess it, at the earliest.

**INSURANCE RIGHTS:** If we repossess your vehicle, think about whether you want the insurance cancelled. You have a right to get credit for all premium refunds. If we repossess your vehicle we will cancel any insurance on your vehicle that you purchased from us or we purchased for you and which was financed in the contract. The unearned premium refund from this insurance, if any, will be credited to you.

**REMAINING DEBT:** When the vehicle is sold, the sale price might not cover your premature termination liability. If that happens, you will personally owe the difference to us.

If you are late again in making your payments, we may exercise our rights without sending you another notice like this one.

If you have questions, please write or call us promptly.

| Make payments to: | | | |
| --- | --- | --- | --- |
| **Mercedes-Benz Financial** | | | |
| MAILING ADDRESS<br>P.O.Box 9001680, Louisville, KY 40290-1680 | | PHONE NUMBER<br>(800) 984-4455 | ext. 2073 |
| DATE NOTICE MAILED<br>12/31/2008 | BY ITS AGENT (Name and Title)<br>MR. NIEVES DRS | | |

## PROOF OF MAILING

On the date indicated above I sent by ☒ First Class Mail   ☐ Certified Mail a copy of the above notice to the person(s) at the address(es) stated in the above notice.

| SIGNATURE | | | DATE |
| --- | --- | --- | --- |
| MR. NIEVES | | | 12/31/2008 |



# EXHIBIT 4

You have broken your Motor Vehicle Lease Agreement dated __10/31/2008__. As a result, we have obtained the vehicle, either by

☐ repossession or ☒ voluntary surrender, whichever is checked.

## DESCRIPTION OF THE VEHICLE FOLLOWS:

| YEAR | MAKE | MODEL | VEHICLE IDENTIFICATION NUMBER |
|------|------|-------|-------------------------------|
| 2009 | Mercedes-Benz | S550V4 | WDDNG88X49A254361 |

**NOTICE OF SALE:** Your vehicle will be offered for sale, beginning on __2/2/2009__, and from day to day thereafter until sold. You have a right to submit a cash bid. If you wish to submit a cash bid, please contact us at the telephone number shown below prior to the sale date. Your vehicle will be sold by:

☑ **Mercedes-Benz Financial**     ☐ the Dealer who leased you the vehicle (as our assignee). Your vehicle has been or will be returned to that Dealer, but will **NOT** be sold before the date shown

| DEALERSHIP NAME | | PHONE NUMBER |
|---|---|---|
| ADDRESS, CITY, STATE, ZIP | | |

☑ You have a right to reinstate the lease.   To reinstate, you must pay us the **NET AMOUNT NEEDED TO REINSTATE**, plus any other amounts that may become due after the date of this Notice and before you pay us, by ~~1/30/2009~~. You must pay with cash, money order or certified funds; no personal checks will be accepted.

☐ You do not have a right to reinstate the lease.

| | | | |
|---|---|---|---|
| PAST DUE PAYMENTS | | $ | 1,712.14 |
| PLUS: LATE CHARGES | | $ | 50.00 |
| PLUS: REPOSSESSION & STORAGE COSTS (To Date) | | | |
| TOWING COSTS | $ | 215.00 | |
| STORAGE COSTS (Daily Rate $ _____ ) | $ | 0.00 | |
| OTHER COSTS (Specify) | $ | 0.00 | |
| | $ | 0.00 | |
| SUBTOTAL OF COSTS | | $ | 215.00 |
| NET AMOUNT NEEDED TO REINSTATE (NOT INCLUDING OTHER AMOUNTS THAT MAY BECOME DUE AFTER THE DATE OF THIS NOTICE) | | $ | 1,977.14 |

**INSURANCE RIGHTS:** If you do not want the vehicle back, you should consider canceling any insurance on it. To make sure this is done, call the insurance company or the Dealer.

**REMAINING DEBT:** You shall be liable for the difference between the estimated residual value of the vehicle and its realized value, if such liability exists. The sale price might not cover your early termination liability. If that happens, you will owe the difference to us and you could be sued for this difference. If there is any attempt to collect this difference from you, we will send you a summary of the resale and expense amounts.

**NOTICE TO CO-LESSEE:** As a Co-Lessee, you are personally liable for any indebtedness owed by Lessee to us and you are also subject to all the obligations of Lessee. All the rights and obligations of Lessee as described above apply to you. In your capacity as Co-Lessee, a judgment may be sought against you should the sale price not cover Lessee's early termination liability.

| Mercedes-Benz Financial | |
|---|---|
| MAILING ADDRESS | TELEPHONE NO. |
| P.O. Box 685, Roanoke, TX  76262 | (866)878-7456        ext. |

## PROOF OF MAILING

On the date indicated above I sent by ☐ First Class Mail ☒ Certified Mail a copy of the above notice to the person(s) at the address(es) stated in the above notice.

| SIGNATURE | DATE |
|---|---|
| N.MOREAU | 1/16/2009 |



## AFFIRMATION OF SERVICE

WILLIAM A. GOGEL, an attorney duly admitted to practice law in the State of New York, affirms the following under penalty of perjury: I am not a party to the action, am over 18 years of age, and reside of Nassau County, New York.

That on January 27, 2009, I served a true copy of the within Limited Objection of Craig Kugel to the Trustee's motion seeking Authority to reject executory contracts on a nunc pro tunc basis by dispatching a copy by overnight delivery to the following attorneys as indicated below:

Baker & Hostetler, LLP
Attorneys for the Trustee
45 Rockefeller Plaza
New York, New York 10011
Attn: David J. Shehan,
Douglas E. Spelfugel and
Richard J. Bernard
FEDEX Airbill # 865444543852

Securities Investor Protection Corporation
805 Fifteenth Street, N.W. - Suite 800
Washington, D.C. 20005
Attn: Kevin H. Bell, Esq.
FED EX Airbill # 865444543841

Dated:  New York, New York
        January 27, 2009

William A. Gogel, Esq.
321 Broadway – 2nd Floor
New York, New York 10007
Telephone: (212) 233-9500
Facsimile: (212) 693-1666
William A. Gogel (WG3271)
Email : Bill@LawAG.com
*Attorney for Craig Kugel*