**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
SECURITIES INVESTOR PROTECTION         :
CORPORATION,                                             :        Adversary Proceeding
                                                                       :
        Plaintiff,                                      :        No. 08-01789 (BRL)
                                                                       :
        v.                                                  :
                                                                       :
BERNARD L. MADOFF INVESTMENT   :
SECURITIES LLC,                                        :
                                                                       :
        Defendant.                                   :
----------------------------------------------------------------X

### ORDER DENYING MOTION

      Jonathan Lee Riches, pro se (the "Movant") filed a motion with this Court on January 12, 2009 (ecf #48) (i) to intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure ("Federal Rules"), made applicable herein by Rule 7024 of the Federal Rules of Bankruptcy Procedure; (ii) "for Brief of Amicus Curaie [sic], friend of the court"; and (iii) "for Request for Admission, Rule 36" (which relates to discovery and not admission or intervention into a proceeding).

      Specifically, the Movant, a self-described inmate of the federal prison system, and no stranger to the federal courts, and having filed over one thousand lawsuits in Federal District Courts, *see Race Tires America, Inc. v. Hoosier Racing Tire Corp.*, No. 02:07-CV-1294, 2008 WL 3271550, at *1 (W.D. Pa. Aug. 5, 2008), alleges he and fellow inmates invested their "prison funds" with Bernard L. Madoff ("Madoff") and that Madoff transferred their funds to a "Swiss account Ponzi." Movant asserts that he is entitled to intervene as a matter of right pursuant to Federal Rule 24(a)(2), or in the alternative, seeks permissive intervention pursuant to Federal Rule 24(b).

      Federal Rule 24(a)(2), "Intervention of Right," requires the Movant to show, among other things, that the "disposition of the action threatens to create a practical impediment to its ability to protects [sic] its interests" and "no existing party adequately represents its interests." *B. Fernandez & Hnos., Inc. v. Kellogg USA, Inc.*, 440 F.3d 541, 544–45 (1st Cir. 2006); *see also* FED. R. CIV. P. 24(a)(2). The Movant's papers fail to satisfy either of these requirements. First, the disposition of the Securities Investor Protection Act proceeding ("SIPA Proceeding") does not hinder the Movant's ability to protect his interests because the Movant has the ability to file a claim. The ability to file a claim in the SIPA Proceeding adequately protects the Movant's interests. Second, the Movant has made no showing, nor allegation, that the existing party (the SIPA Trustee) will not adequately represent his interests. Therefore, the Movant has failed to make a showing that he is entitled to intervene as of right.

      Movant, in the alternative, seeks permissive intervention pursuant to Federal Rule 24(b). Permissive intervention under Federal Rule 24(b) "lies within the discretion of the Court." *Race Tires America,* 2008 WL 3271550, at *1. Under Federal Rule 24(b)(1)(A), "the court may permit anyone to intervene who is given a conditional right to intervene by a federal statute." FED. R. CIV. P. 24(b)(1)(A). Other than broadly stating that he is "entitled to protection under 15 usc [sic] 78" (presumably, the Movant intended to cite 15 U.S.C. § 78aaa *et seq.*, which is the Securities Investor Protection Act), the Movant has failed to point to a specific federal statute that confers upon him a conditional right to intervene.

      Additionally, Federal Rule 24(b)(1)(B) allows a court to permit intervention if the movant "has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1)(B). The Movant merely alleges that he has "a common vested interest in the case" and had invested funds with Madoff. These allegations fail to make a showing that he has a claim or defense that shares a common question of law or fact with the main action. Additionally, in this court's discretion, permissive intervention is not warranted in light of the Movant's ability to file a claim in the SIPA Proceeding and protect his interests.

      Last, the Movant's motion under Federal Rule 24 is procedurally defective. Specifically, Federal Rule 24(c) states that the motion "must be served on the parties as provided in Rule 5" and "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." FED. R. CIV. P. 24(c). Movant failed to comply with the service requirements of Federal Rule 5 and did not attach the required pleading. Therefore, in addition to failing to meet the requirements of Federal Rule 24(a)(2) and (b), the Movant's papers are procedurally defective under Federal Rule 24(c). *See Peak Asphalt, LLC v. National Fire Insurance Co. of Hartford,* No. CV 08-127-EJL-LMB, 2008 WL 5429730, at *1 (D. Idaho Dec. 31, 2008).

      No showing having been made to justify intervention as of right or for permissive intervention and his asserted possession of "juicy details" not being grounds for intervention, the Movant's attention seeking motion is hereby denied.

      IT IS SO ORDERED.

Dated: New York, New York
      January 30, 2009

                                          /s/Burton R. Lifland
                                          UNITED STATES BANKRUPTCY JUDGE