David J. Sheehan (DS 4818)
Douglas E. Spelfogel (DS 7097)
Richard J. Bernard (RB 6371)
BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
*Attorneys for Irving H. Picard, Esq.,
Trustee for the SIPA Liquidation of
Bernard L. Madoff Investment Securities LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation |

**TRUSTEE'S MOTION FOR AUTHORITY TO RETAIN SPECIAL
COUNSEL *NUNC PRO TUNC* AS OF JANUARY 15, 2009**

Irving H. Picard, Esq. (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("Debtor" or "BLMIS"), under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, et seq. ("SIPA"),[1] by and through his undersigned counsel, for his motion (the "Motion") for authority to retain special counsel *nunc pro tunc* to January 15, 2009, and respectfully represents as follows:

---

[1] For convenience, future reference to SIPA will not include "15 U.S.C."

## Jurisdiction

1. This Court has jurisdiction over this Application pursuant to SIPA section 78eee(b) and 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this SIPA liquidation case and this Motion are proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are section 78eee(b)(3) of SIPA and sections 327(e), 328, 329 and 330 of the Bankruptcy Code and Fed. R. Bankr. P. 2014.

## Background

3. On December 11, 2008 (the "Filing Date"),[2] the Securities and Exchange Commission ("SEC") filed a complaint in the United States District Court for the Southern District of New York against defendants Bernard L. Madoff and BLMIS (together, the "Defendants") (No. 08 CV 10791). The complaint alleged that the Defendants engaged in fraud through investment advisor activities of BLMIS.

4. On December 12, 2008, the Honorable Louis L. Stanton of the United States District Court for the Southern District of New York entered an order which appointed Lee S. Richards, Esq., as receiver (the "Receiver").

5. On December 15, 2008, Judge Stanton entered an order pursuant to SIPA (the "Protective Decree"), which, in pertinent part:

   a) appointed the Trustee for the liquidation of the business of the Debtor pursuant to section 78eee(b)(3) of SIPA;

   b) appointed Baker & Hostetler, LLP as counsel ("Counsel") to the Trustee pursuant to section 78eee(b)(3) of SIPA; and

   c) removed the case to this Bankruptcy Court pursuant to section 78eee(b)(4) of SIPA.

---

[2] See section 78lll(7)(B) of SIPA.

6. The Protective Decree further provided in relevant part that:

VI. ... pursuant to 15 U.S.C. §§78eee(b)(2)(B)(ii) and (iii), and notwithstanding the provisions of 11 U.S.C. §§362(b) and 553, except as otherwise provided in this Order, all persons and entities are stayed, enjoined and restrained for a period of twenty-one (21) days, or such time as may subsequently be ordered by this Court or any court having competent jurisdiction of this proceeding, from enforcing liens or pledges against the property of the Defendant and from exercising any right of setoff, without first receiving the written consent of SIPC and the trustee;

VII. ... pursuant to 15 U.S.C. §78eee(b)(2)(C)(ii), and notwithstanding 15 U.S.C. §78eee(b)(2)(C)(i), all persons and entities are stayed for a period of twenty-one (21) days, or such other time as may subsequently be ordered by this Court or any other court having competent jurisdiction of this proceeding, from foreclosing on, or disposing of, securities collateral pledged by the Defendant, whether or not with respect to one or more of such contracts or agreements, securities sold by the Defendant under a repurchase agreement, or securities lent under a securities lending agreement, without first receiving the written consent of SIPC and the trustee.

The above provisions are effective, pursuant to the Protective Decree, through January 5, 2009.

7. On December 18, 2008, Judge Stanton entered the Order on Consent Imposing Preliminary Injunction, Freezing Assets and Granting Other Relief Against Defendants (the "Preliminary Injunction Order"). Among other things, the Preliminary Injunction Order clarified that the Receiver is only appointed as to assets concerning the London entity, Madoff Securities International Ltd. ("MSIL").

8. On January 5, 2009, this Court entered Order Extending The Stays Against All Creditors, affirming that the automatic stay under section 362 of the Bankruptcy Code is effective in this case from and after the December 11, 2008 Filing Date and extending the stays against all creditors of the Debtor and all other persons as provided for in paragraphs VI and VII of the Protective Decree from and after January 5, 2009 until further order of this Court.

9. Issues have arisen in the foreign proceedings of MSIL that require the Trustee's participation and representation therein. The MSIL Directors filed an Application with the High

3

Court of Justice, Chancery Division, Companies Court, for the appointment of joint provisional liquidators. After a hearing on December 19, 2008 at which counsel for the Receiver, counsel for the MSIL Directors, counsel for the Financial Services Authority ("FSA"), and counsel for the Joint Provisional Liquidators were heard, the High Court ordered, among other things, that: (1) MSIL be placed into a provisional liquidation, (2) Mark Richard Byers, Andrew Laurence Hosking, and Stephen John Akers of Grant Thornton be appointed joint provisional liquidators, (3) the affairs, business, and property of MSIL will be managed by the joint provisional liquidators, (4) the joint provisional liquidators shall cooperate with the Receiver, the Trustee, and the Financial Services Authority ("FSA"), and (5) to use their best efforts to provide to the United States Department of Justice and SEC the same information provided to the Receiver, Trustee, and FSA.

10. Issues have arisen in other foreign jurisdictions in Europe such that there may be a need for representation by counsel in other foreign proceedings in Europe as the Trustee pursues the recovery of customer property.

## Relief Requested

11. The Trustee has determined that it will be necessary to engage counsel to represent him in the foreign proceedings of MSIL. Such legal counsel will enable the Trustee to carry out his duties in this SIPA Liquidation Proceeding. The Trustee, therefore, proposes to retain and employ the law firm of Lovells LLP ("Lovells") as its special counsel with regard to the foreign proceeding of MSIL, and any matters related to other foreign proceedings as directed by the Trustee, effective as of January 15, 2009.

12. The Trustee seeks to retain Lovells as special counsel because of its knowledge, expertise and experience in liquidation proceedings in the United Kingdom and other European foreign jurisdictions, including France, Germany, Italy, and Spain.

13. The services of Lovells are necessary and essential to enable the Trustee to execute faithfully his duties herein.

14. Lovells has indicated a willingness to act on the Trustee's behalf to render the foregoing professional services.

15. The Trustee submits that Lovells' provision of professional services to the Trustee is permissible under section 78eee(3) of SIPA and is in the best interest of the Debtor's estate and customers and creditors.

16. To the best of the Trustee's knowledge, and except as disclosed in the declaration of disinterestedness of Christopher Kenneth Grierson (the "Grierson Declaration"), executed on January 27, 2009 and annexed hereto as Exhibit A, the members, counsel and associates of Lovells are disinterested pursuant to section 78eee(b)(3) of SIPA and do not hold or represent any interest adverse to the Debtor's estate in respect of the matter for which Lovells is to be retained. Lovells' employment and retention is necessary and in the best interests of the Debtor's estate and its customers and creditors.

17. Lovells will be compensated at its normal hourly rates, less a ten percent (10%) discount. Applications for compensation to Lovells will be filed with this Court pursuant to applicable statutes and rules. Lovells normal hourly rates are as follows:

| Level of Experience | London Hourly Rates (£) | Continental European Rates (€) |
|---|---|---|
| Partner | 610 | 520 |
| Consultants and Senior Lawyers | 560 | 435 |
| Assistant 6-8 years | 525 | 415 |

| | | |
|---|---|---|
| Assistant 5-6 years | 490 | 370 |
| Assistant 4-5 years | 450 | 335 |
| Assistant 3-4 years | 415 | 335 |
| Assistant 2-3 years | 380 | 315 |
| Assistant 1-2 years | 340 | 295 |
| Assistant 0-1 years | 300 | 275 |
| Trainee | 230 | 235 |

18. SIPC has no objection to this Motion and, pursuant to SIPA section 78eee(b)(3), SIPC specifies that the Trustee should be authorized to retain Lovells as special counsel for the purposes identified herein.

## Notice

19. Notice of this Motion has been given to SIPC, United States Department of Justice, United States Securities and Exchange Commission and all parties that have filed a notice of appearance herein. In light of the nature of the relief requested, the Trustee submits that such notice is good and sufficient, and no other or further notice is necessary or required.

WHEREFORE, the Trustee respectfully requests that the Court enter an order substantially in the form of Exhibit B hereto, (a) granting this Motion; (b) authorizing the Trustee to employ Lovells as special counsel for the purposes described herein, *nunc pro tunc*, as of January 15, 2009; and (c) granting the Trustee such other and further relief as is just and proper.

Dated: February 2, 2009

                                             /s/ David J. Sheehan
                                      Baker & Hostetler LLP
                                      45 Rockefeller Plaza
                                      New York, New York 10111
                                      Telephone: (212) 589-4200
                                      Facsimile: (212) 589-4201
                                      David J. Sheehan (DS 4818)
                                      Email: dsheehan@bakerlaw.com
                                      Douglas E. Spelfogel (DS 7097)
                                      Email: dspelfogel@bakerlaw.com
                                      Richard J. Bernard (RB 6371)
                                      Email: rbernard@bakerlaw.com

                                      *Attorneys for Irving H. Picard, Esq.,*
                                      *Trustee for the SIPA Liquidation of Bernard L.*
                                      *Madoff Investment Securities LLC*