# EXHIBIT A

### (Declaration of Disinterestedness)

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>**DECLARATION OF DISINTERESTEDNESS OF CHRISTOPHER KENNETH GRIERSON OF LOVELLS LLP AS PROPOSED SPECIAL COUNSEL TO TRUSTEE** |

I, Christopher Kenneth Grierson, declare as follows:

1. I am a Solicitor admitted to practice law in England and Wales.

2. I am a member (ie a partner) of the law firm of Lovells LLP ("Lovells"), an international law firm headquartered in London, England, which has offices throughout Continental Europe as well as in the United States, Asia and the Middle East.

3. All matters stated herein are known by me to be true except as otherwise stated.

4. By the Order dated December 15, 2008, entered by the Honorable Louis A. Stanton of the United States District Court for the Southern District of New York, Irving H. Picard, Esq. was appointed trustee ("Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("Debtor"). The Trustee has retained Baker & Hostetler as his primary counsel. However, the Trustee wishes to retain Lovells as Special Counsel to assist the Trustee in London and elsewhere in Europe in gathering evidence pursuant to the various insolvency/bankruptcy laws of the United

08-01789-cgm   Doc 59-1   Filed 02/02/09   Entered 02/02/09 21:05:23   Exhibit
Exhibit A - Lovells Declaration of Disinterestedness   Pg 3 of 6

- 2 -

States, England and Wales and the European Community, as well as to assist as necessary in advising on various matters involving the tracing of funds, and where necessary and appropriate, to pursue litigations seeking recovery from third parties of assets of the estate.

5. Section 78eee(b)(6) of the Securities Investor Protection Act of 1970 ("SIPA") is entitled "Disinterestedness," and provides as follows:

> **(6) Disinterestedness**
>
> (A) Standards
>
> For the purposes of paragraph (3), a person shall not be deemed disinterested if:
>
> (i) such person is a creditor (including a customer), stockholder, or partner of the debtor;
>
> (ii) such person is or was an underwriter of any of the outstanding securities of the debtor or within five years prior to the filing date was the underwriter of any securities of the debtor;
>
> (iii) such person is, or was within two years prior to the filing date, a director, partner, officer, or employee of the debtor or such an underwriter, or an attorney for the debtor or such an underwriter; or
>
> (iv) it appears that such person has, by reason of any other direct or indirect relationship to, connection with, or interest in the debtor or such an underwriter, or for any other reason, an interest materially adverse to the interests of any class of creditors (including customers) or stockholders,
>
> except that SIPC shall in all cases be deemed disinterested, and an employee of SIPC shall be deemed disinterested if such employee would, except for his association with SIPC, meet the standards set forth in this subparagraph.
>
> (B) Hearing
>
> The court shall fix a time for a hearing on disinterestedness, to be held promptly after the appointment of a trustee. Notice of such hearing shall be mailed at least ten days prior thereto to each person who, from the books and records of the debtor, appears to have been a customer of the debtor with an open account within the past twelve months, to the address of such person as it appears from the books and records of the debtor, and to the creditors and stockholders of the debtor, to SIPC, and to such other persons as the court may designate. The court may, in its discretion, also require that notice be given by publication in such newspaper or newspapers of general circulation as it may designate. At such hearing, at any adjournment thereof, or upon application,

08-01789-cgm    Doc 59-1    Filed 02/02/09    Entered 02/02/09 21:05:23    Exhibit
Exhibit A - Lovells Declaration of Disinterestedness    Pg 4 of 6

- 3 -

the court shall hear objections to the retention in office of a trustee or attorney for a trustee on the grounds that such person is not disinterested.

15 U.S.C. § 78eee(b)(6).

6. In order to determine that Lovells is disinterested within the meaning of SIPA § 78eee(b)(6), I utilized Lovells' conflicts check procedures and practices to determine that to the best of my knowledge, Lovells meets the "disinterestedness" requirements set forth in SIPA § 78eee(b)(6).

7. In particular, all members (ie partners) of Lovells were sent e-mail messages on January 23 and 25, 2009 concerning this matter and were requested to reply if he or she believed there were any known conflicts or adverse interests.

8. In response to the above e-mail message, or as a result of the search of our database, the following associations to the Debtor were disclosed, although I believe that none of the associations amounts to a "conflict" as defined by SIPA:

(i) Lovells represents many customers or creditors of Madoff that are known, and may represent customers, creditors or other parties with an interest adverse to the Debtor that are presently unknown. Lovells does not and will not represent those persons or entities adverse to the interests of the Debtor.

(ii) Various members of Lovells may have investments in managed funds that invested monies or engaged in trading with the Debtor, but no one is aware of any such investments, nor is anyone aware of having made a direct investment with the Debtor.

(iii) It may emerge following investigation that there may be claims by the Trustee on behalf of the Debtor's estate against certain person or entities that are clients of Lovells, and which Lovells cannot sue. Lovells will disclose to the Trustee the identities of any such persons or entities as it becomes aware of them. Based on all the facts available to it today, Lovells is not aware of any such conflict which constitutes an interest materially adverse to the interests of any class of creditors (including customers) or stockholders.

- 4 -

(iv)  In addition, members of Lovells may have other, as yet unknown, remote connections to the Debtor that, similarly, do not constitute a conflict under SIPA.

9. To date, no other member of Lovells has informed me of any actual or potential conflict, nor has a search of the Lovells database disclosed any actual or potential conflict. Based on the lack of responses and a review of other available information, it appears that Lovells meets the disinterestedness standard of section 78eee(b)(6)(A) of SIPA, as well as under Bankruptcy Code Section 327(a) and Federal Rule of Civil Procedure 2014(a) and has no conflict nor an interest materially adverse to the Debtor.

10. As a result, to the best of my knowledge, information and belief, I have been able to determine that:

(i)  no member of Lovells is a creditor (including a customer), stockholder, or partner of the Debtor;

(ii)  no member of Lovells is or was an underwriter of any of the outstanding securities of the Debtor or within five years prior to the filing date was the underwriter of any securities of the Debtor;

(iii)  no member of Lovells is, or was within two years prior to the filing date, a director, partner, officer, or employee of the Debtor or such an underwriter, or any attorney for the Debtor or such an underwriter; and

(iv)  it appears that no member of Lovells has, by reason of any other direct or indirect relationship to, connection with, or interest in the Debtor or such an underwriter, or for any other reason, an interest materially adverse to the interests of any class of creditors (including customers) or stockholders.

11. I understand that the Trustee and SIPC are in the initial review and information-gathering stage of the instant liquidation proceeding, and are continuing to research and analyze the books and records of the Debtor. As a result, additional information may be discovered that may be relevant to the instant Declaration. I understand that Lovells has a continuing duty to disclose any subsequently discovered information and/or connections within the meaning of 15 U.S.C. § 78eee(b)(6), and will supplement this Declaration as appropriate.

08-01789-cgm    Doc 59-1    Filed 02/02/09    Entered 02/02/09 21:05:23    Exhibit
Exhibit A - Lovells Declaration of Disinterestedness    Pg 6 of 6

- 5 -

I declare under penalty of perjury that the foregoing is true and correct, and if called on as a witness I could testify competently thereto.

Executed on the 27th day of January, 2009 at Atlantic House, Holborn Viaduct, London EC1A 2FG, United Kingdom.

_____
Christopher Kenneth Grierson