Howard Kleinhendler
David Yeger
WACHTEL & MASYR, LLP
110 East 59th Street
New York, New York 10022
(212) 909-9500

**Presentment Date: February 4, 2009**

*Attorneys for Rosenman Family, LLC*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROSENMAN FAMILY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> IRVING H. PICARD, as Trustee for the SIPA Liquidation of BERNARD L. MADOFF INVESTMENT SECURITIES LLC, and JP MORGAN CHASE BANK, NA, <br><br> Defendants. | Adv. Pro. No. 09-01000-BRL |

### LIMITED OBJECTION BY ROSENMAN FAMILY LLC TO PROPOSED STIPULATION AND ORDER OF TRANSFER OF FUNDS BY J.P. MORGAN CHASE BANK TO TRUSTEE

1. Rosenman Family LLC ("Rosenman") submits this limited objection to the proposed stipulation and order for transfer of funds by J.P. Morgan Chase Bank ("Chase") to the Trustee (the "Order").

2. On January 1, 2009, Rosenman commenced the above-captioned adversary proceeding seeking a declaration that $10 million which it deposited in J.P. Morgan Chase Bank, Account #140 081 703 (the "Chase Account") on December 5, 2008, is not property of the estate. Rosenman averred, that upon information and belief, those funds

still reside in the Chase Account, never having been spent or used by anyone, including Bernard Madoff L. Investment Securities LLC ("BMIS"). (Rosenman Adversary Complaint, par. 20, attached as Exhibit A).

3. On January 20, 2009, this Court approved a Stipulation between Rosenman and the Trustee, which provided, inter alia, that "to the extent funds are transferred from the Chase Account to the Trustee, the Trustee shall withhold from distribution the amount of $10 million until the merits of this Adversary Proceeding are adjudicated." (A copy of the Stipulation is attached as Exhibit B).

4. This evening, the Trustee filed a motion to dismiss the Rosenman Adversary Complaint arguing that Rosenman may not recover funds from the Trustee. The thrust of the Trustee's argument is that Rosenman deposited funds with Madoff with the instruction to purchase securities which compels Rosenman's claim to be treated as a "customer claim" under SIPA. While this argument finds no support in the pleadings, in which Rosenman specifically averred that "on or about December 3, 2008, Mr. Rosenman spoke by telephone with Bernard Madoff . . . [and] Mr. Madoff stated that the fund was closed until January 1, 2009, but that Rosenman could wire money to a BMIS account where it would be held until the fund opened after the New Year," (Complaint, par. 8), the Trustee appears to be taking the position that Rosenman is seeking to disgorge money from it.

5. It is this point – the Trustee's argument that Rosenman seeks to obtain funds from the Trustee or from the estate -- that is the basis for this limited objection. Rosenman seeks to compel Chase to return to it the money that Rosenman deposited in the Chase Account and which resides there. Rosenman does not seek a dime from the

2

Trustee. The point of this adversary proceeding is to make clear that the Trustee has no right to these funds.

6. The proposed Order that is offered for presentment tomorrow, contains language which may permit the Trustee to argue that it already has acquired title to all the funds in the Chase Account thereby altering the status quo of the Rosenman deposit by shifting it from the Chase Account to the Trustee. For example, the Tenth Whereas Clause provides: "Whereas, the J.P. Morgan Chase Bank (the "Bank") currently is in possession of the Debtor's funds . . ." which suggests that the Trustee has valid title to Rosenman's funds in the Chase account. The Eleventh Whereas Clause makes a similar assertion by stating that "the funds be allocated as customer property."

7. Paragraph 3 of the Order provides: "The Trustee shall hold and administer the Funds in accordance with SIPA, the applicable provisions of the bankruptcy Code and other applicable laws and orders of the Court, subject to and with full reservation of all rights, claims and interests of any party in interest with respect to such funds." The assertion that the Trustee "shall hold and administer the Funds in Accordance with SIPA" further intimates that the Trustee is entitled to hold these funds.

8. On January 20, 2009, Rosenman and the Trustee stipulated that were Chase to transfer funds to the Trustee from the Chase Account, that $10 million would be segregated until this Adversary Proceeding was fully adjudicated. The point of this stipulation, from Rosenman's perspective, was to preserve the status quo concerning Rosenman's claim that its $10 million was not property of the estate despite the transfer of funds to the Trustee. It was never Rosenman's intention to allow the Trustee to obtain

3

the funds in the Chase Account in order to bolster its argument that Rosenman seeks to remove funds from the Trustee or from the estate.

9. Accordingly, Rosenman objects to the Order to the extent it suggests that the Trustee has a right to the $10 million Rosenman deposited in the Chase Account as "customer property" or "SIPA funds" or "debtor's funds", or in any way shifts the burden of proof Rosenman must demonstrate to prevail in this adversary proceeding.

10. Should the Court find that the Trustee's proposed language in the Order is appropriate, then Rosenman respectfully requests that $10 million of the $223,500,000 residing in Chase Account remain there until this Adversary Proceeding is adjudicated.

11. Rosenman begs the Court's indulgence for submitting this Objection at this late hour, however, it was not apparent to the undersigned that the proposed Order could create the confusion set forth above until after we saw the Trustee's motion to dismiss the Rosenman Adversary which was filed after 9:00 pm on February 3.

Respectfully submitted,

*/s/ Howard Kleinhendler*
Howard Kleinhendler
David Yeger
WACHTEL & MASYR, LLP
110 East 59th Street
New York, New York 10022
(212) 909-9500

*Attorneys for Rosenman Family, LLC*

4