William B. Wachtel (WW-4911)
Howard Kleinhendler (HK-5712)
David Yeger (DY-1393)
WACHTEL & MASYR, LLP
110 East 59th Street
New York, New York 10022
(212) 909-9500

*Attorneys for Rosenman Family, LLC*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> BERNARD L. MADOFF, and <br> BERNARD L. MADOFF <br> INVESTMENT SECURITIES LLC, <br><br> Defendants. | Civ. 08-10791 (LLS) |
| SECURITIES INVESTOR PROTECTION <br> CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT <br> SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-01789-BRL |

ROSENMAN FAMILY, LLC, )
)
          Plaintiff, )   Adv. Pro. No. 09-01000-BRL
)
v. )
)
IRVING H. PICARD, as Trustee for the SIPA )
Liquidation of BERNARD L. MADOFF )
INVESTMENT SECURITIES LLC, and )
JP MORGAN CHASE BANK, NA, )
)
          Defendants. )

## COMPLAINT IN ADVERSARY PROCEEDING

ROSENMAN FAMILY, LLC, for its complaint, by its undersigned counsel, hereby avers:

### NATURE OF THE ACTION

1. This is an action for declaratory and injunctive relief brought by Rosenman Family, LLC ("Family") to recover $10 million that it deposited in a Bernard L. Madoff Investment Securities LLC ("BMIS") account at JP Morgan Chase Bank ("Chase") on December 5, 2008, just six days before Mr. Madoff was arrested for running one of the most notorious Ponzi schemes in modern history.

2. BMIS never obtained legal or equitable title to the money Family deposited in the Chase account, which, upon information and belief, remains there to this day.

3. Family seeks judgment requiring Chase to turn over the $10 million it deposited.

### THE PARTIES

4. Plaintiff Rosenman Family, LLC is a New York limited liability company with a principal place of business at 3 Chestnut Drive, Great Neck, New York 11201.

2

5. Defendant Irving H. Picard (the "Trustee") is sued in his capacity as the court-appointed trustee for the SIPA Liquidation of Bernard L. Madoff Investment Securities LLC. Mr. Picard is a partner in the New York Office of Baker & Hostetler LLP and maintains a principal place of business at 45 Rockefeller Plaza, New York, New York.

6. Defendant JP Morgan Chase Bank, NA is a federally chartered bank and maintains a principal place of business in New York County.

## JURISDICTION AND VENUE

7. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue lies in this court pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTS

8. Martin Rosenman is the President of Stuyvesant Fuel Service Corp. ("Stuyvesant"), and is Family's managing member. On or about December 3, 2008, Mr. Rosenman spoke by telephone with Bernard Madoff, the sole owner of BMIS, concerning Family's potential investment in BMIS' investment advisory fund. Mr. Madoff stated that the fund was closed until January 1, 2009, but that Mr. Rosenman could wire money to a BMIS account where it would be held until the fund opened after the New Year.

9. Prior to this conversation, Mr. Rosenman had neither invested nor conducted any business with Mr. Madoff or BMIS.

10. On December 5, 2008, Mr. Rosenman received a facsimile transmittal from Jodi Crup, a BMIS employee, that provided wiring instructions for the transfer of funds to Account No. 140 081 703 at JP Morgan Chase Bank, 40 Wall Street, New York, New York 10015, for credit to Bernard L. Madoff (the "Chase Account"). (A copy of the Facsimile Transmittal is attached as Exhibit A).

3

11. Pursuant to these instructions, on December 5, 2008, Mr. Rosenman caused Stuyvesant to wire, on behalf of Family, $10 million from its account at Wachovia Bank to the Chase Account. (A copy of the wire transfer confirmation is attached as Exhibit B).

12. On or about December 9, 2008, Mr. Rosenman received a "Confirmation" from BMIS which stated that Family had sold short $10 million in U.S Treasury Bills that mature on March 26, 2009. (A copy of the Confirmation is attached as Exhibit C). Mr. Rosenman never authorized this transaction.

13. The Confirmation contains a CUSIP number (an identification number) for the transaction. Multiple electronic searches for securities under this number have shown that it does not exist. In other words, BMIS never transacted a trade of U.S. Treasury Bills on Family's behalf.

14. On or about December 11, 2008, the Securities and Exchange Commission commenced the above-captioned action. In its complaint, the SEC alleges that from an indeterminate time to the present Madoff and BMIS have been conducting a Ponzi scheme through the investment advisory services of BMIS. Under this scheme, Madoff solicited investments to his advisory services fund which he never invested but which he instead either converted for himself or used to pay debts to other investors.

15. The complaint further alleges that on or about December 9, 2008, Madoff informed a senior BMIS employee that he wanted to pay 2008 year-end bonuses to employees of the firm in December even though bonuses were usually paid in February of the following year. On December 10, 2008, Madoff met with two senior BMIS employees in his New York apartment and confessed to the Ponzi scheme. Madoff stated

4

that within the next week he planned to distribute to selected family, friends and employees approximately $200-300 million that remained in his possession.

16. Upon information and belief the aforementioned allegations in the SEC complaint are true.

17. On December 11, 2008, Mr. Madoff was arrested on charges of federal securities fraud. Immediately thereafter, news of Mr. Madoff's scheme became known to the general public. Neither Family nor Mr. Rosenman had any knowledge concerning the illegal and fraudulent activity conducted by Madoff and BMIS prior to Madoff's arrest on December 11, 2008.

18. On December 12, 2008, Judge Stanton issued a temporary restraining order in the SEC case preventing the transfer of funds from any BMIS account. This order applied to funds in the Chase Account. On December 15, 2008, Judge Stanton issued an order pursuant to the Securities Investor Protection Act of 1970 (15 U.S.C. §§ 78aaa *et seq.*), which in pertinent part, appointed Irving H. Picard as trustee for the liquidation of BMIS and transferred the case to this court.

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment)

19. Family repeats Paragraphs 1-18.

20. On December 5, 2008, Family transferred $10 million to the Chase Account. Although the Chase Account is under the name of BMIS, the money there is equitably and beneficially owned by Family. BMIS never obtained legal, beneficial or equitable title to these funds. Upon information and belief, the $10 million deposited by Family in the Chase Account remains there.

21. Family demands the immediate return of these funds. The Trustee, however, believes that these funds are the property of the BMIS estate.

22. A justiciable controversy exists as to whether the funds deposited in the Chase Account by Family belong to the BMIS estate.

23. Family seeks a declaration that the funds deposited in the Chase Account by Family are not property of the estate and that the debtor has no interest in these funds.

## SECOND CLAIM FOR RELIEF
### (Injunction)

24. Family repeats Paragraphs 1-23.

25. Upon information and belief, the $10 million Family deposited in the Chase Account on December 5, 2008 was not transferred and remains there.

26. Chase is a stakeholder and has no equitable or beneficial interest in these funds. Chase has been enjoined from releasing these funds.

27. Family seeks a mandatory injunction requiring Chase to turn over $10 million to Family.

WHEREFORE, Family demands judgment:

(a) declaring that the funds deposited by Family in the Chase Account on December 5, 2008 are not property of the debtor's estate and the debtor has no interest in these funds;

(b) compelling Chase to turn over to Family $10 million; and

(c) for whatever further relief the court deems necessary and proper.

Dated: New York, New York
December 31, 2008

/s/ *Howard Kleinhendler*
William B. Wachtel (WW-4911)
Howard Kleinhendler (HK-5712)
David Yeger (DY-1393)
WACHTEL & MASYR, LLP
110 East 59th Street
New York, New York 10022
(212) 909-9500

*Attorneys for Rosenman Family, LLC*

7

# EXHIBIT A



**BERNARD L. MADOFF**
Investment Securities LLC

885 Third Avenue New York, NY 10022-4834

# Facsimile Transmittal

Date: _____     Pages: _____

To: _____     From:    Jodi Crupi

Fax #: _____     Phone #:    (212) 230-2424

                                 Fax #:    (212) 838-4061

☐ Urgent     ☐ For Review     ☐ Please Comment     ☐ Please Reply

Notes:

## WIRE INSTRUCTIONS

JP Morgan Chase Bank
40 Wall Street
New York, NY 10015
ABA #: 021 000 021
For Further Credit To:
Bernard L. Madoff
Account #: 140 081 703
FBO:   (your account name) Rosenman Family LLC
        (your account #)
        R0254

# EXHIBIT B

```
STATUS:  PROCESSED              TIME:  12:18
VIA:     FED                    VALDT: 12/05/08      OUTGOING WIRE - DEBIT
DEBIT BANK/ACCOUNT:                    WBNS   D   2100012322920
DEBIT NAME:                            STUYVESANT FUEL SERVICE CORP
USD EQUIVALENT:                               $10,000,000.00
TRANSACTION AMT:                       USD       10,000,000.00
ADVICE:                                20081205-00030512
REF #:                                 1205E3B75DAC002275
SENDER FI:                             031201467
SENDER FI NAME:                        WACHOVIA BANK OF NORTHEAST STATES
RECEIVER FI:                           021000021
RECEIVER FI NAME:                      JPMORGAN CHASE
RECEIVER FI ADDRESS:                   NEW YORK
                                       NY

ORIGINATOR ID CODE/ID:                 WBNS 2100012322920
ORIGINATOR NAME:                       STUYVESANT FUEL
ORIGINATOR ADDRESS:                    642 SOUTHERN BOULEVARD
                                       BRONX, NY 10455

BENEFICIARY FI NAME:                   JP MORGAN CHASE BANK, NA
BENEFICIARY FI ADDRESS:                NEW YORK, NY
BENEFICIARY ID CODE/ID:                140 081 703
BENEFICIARY NAME:                      BERNARD L. MADOFF
BENEFICIARY ADDRESS:                   FBO: ROSENMAN FAMILY, LLC.
                                       A/C #R0254
ORIGINATOR TO BENEFICIARY INFO:        STUYVESANT FUEL SERVICE CORP.
                                        *** END   OF   WIRE ***
```

© Wachovia Corporation, 2004

# EXHIBIT C

08-01789-cgm    Doc 65-1    Filed 02/03/09    Entered 02/03/09 23:45:17    Exhibit
Adversary Complaint    Pg 12 of 13



# BERNARD L. MADOFF
### INVESTMENT SECURITIES LLC
New York ☐ London

MEMBER:
FINRA NSX SIPC NSCC DTC

885 Third Avenue
New York, NY 10022
212 230-2424
800 334-1343
Fax 212 838-4061

| ORIGINATOR NO. | DELIVERED VIA | ACCOUNT NUMBER | D/R | TRANS. NO. | TR | CAP | SETT | TRADE DATE | SETTLEMENT DATE |
|---|---|---|---|---|---|---|---|---|---|
| 0646 | | 1-R0254-3 | D | 79851 | 5 | 1 | | 12/05/08 | 12/05/08 |

IDENTIFICATION NO.

CONTRA PARTY: ROSENMAN FAMILY LLC
3 CHESTNUT DRIVE
GREAT NECK    NY 11021

C.H. NUMBER

SPECIAL DELIVERY INSTRUCTIONS

| WE | QUANTITY | CUSIP NUMBER | SECURITY DESCRIPTION |
|---|---|---|---|
| BLD | 10,000,000 | 912795K91 | U S TREASURY BILL DUE 03/26/2009 |

Y.T.M. .08%    3/26/2009

| PRICE | PRINCIPAL | COMMISSION | STATE TAX | INTEREST | FEE | MISC. | NET AMOUNT |
|---|---|---|---|---|---|---|---|
| 99.975 | 9997500.00 | | | | | | 9997500.00 |

17

**CONFIRMATION** *(Please see reverse for further details.)*

Affiliated with:
**Madoff Securities International Limited**
12 Berkeley Street, Mayfair, London W1J 8DT. Tel 020-7493 6222
Member of The London Stock Exchange