**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789-BRL |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |

**STIPULATION AND ORDER FOR TRANSFER OF FUNDS**
**BY THE BANK OF NEW YORK MELLON CORPORATION TO TRUSTEE**

WHEREAS, on December 11, 2008, the Securities and Exchange Commission ("SEC") filed a Complaint in the United States District Court for the Southern District of New York against defendants Bernard L. Madoff and Bernard L. Madoff Investment Securities LLC ("Debtor") (No. 08 CV 10791); and

WHEREAS, on December 12, 2008, the Honorable Louis L. Stanton of the United States District Court for the Southern District of New York entered an order which appointed Lee S. Richards, Esq., as receiver for the Debtor (the "Receiver"); and

WHEREAS, on December 15, 2008, Judge Stanton entered an order pursuant to the Securities Investor Protection Act of 1970, 15 U.S.C. § 78aaa *et seq.*, as amended ("SIPA"),[1] which, in pertinent part:

(a)   Appointed Irving H. Picard, Esq. as trustee ("Trustee") for the liquidation of the business of the Debtor, pursuant to section 78eee(b)(3) of SIPA;

---
[1] For convenience, future reference to SIPA will not include "15 U.S.C."

    (b)    Appointed Baker & Hostetler, LLP as counsel to the Trustee ("Counsel") pursuant to section 78eee(b)(3) of SIPA; and

    (c)    Removed the case to this Bankruptcy Court pursuant to section 78eee(b)(4) of SIPA; and

WHEREAS, pursuant to 15 U.S.C. § 78fff-1(a), the Trustee is "vested with the same powers and title with respect to the debtor and the property of the debtor . . . as a trustee in a case under title 11;" and

WHEREAS, pursuant to 15 U.S.C. § 78fff(b), a liquidation proceeding under SIPA "shall be conducted in accordance with, and as though it were being conducted under . . . subchapters I and II of chapter 7 of title 11;" and

WHEREAS, pursuant to section 704(a) of subchapter I of chapter 7 of title 11, the Trustee shall, among other things, "collect and reduce to money the property of the estate," and "be accountable for all property received;" and

WHEREAS, pursuant to 15 U.S.C. § 78fff(e), "all costs of administration of the estate of the debtor and of the liquidation proceeding shall be borne by the general estate of the debtor to the extent it is sufficient therefore;" and

WHEREAS, SIPA requires the Trustee to allocate recovered assets between customer property and the general estate, and submit such proposed allocation to the Court for an order thereon; and

WHEREAS, the statutory framework for the satisfaction of customer claims in a SIPA liquidation proceeding provides that customers share pro rata in customer property to the extent of their net equity (as defined in section 78*lll*(11) of SIPA, 15 U.S.C. §78*lll*(11)), and to the extent that a customer's net equity exceeds his or her ratable share of customer property, SIPC shall advance funds to the SIPA trustee up to $500,000 for securities for that customer; and

WHEREAS, The Bank of New York Mellon Corporation (the "Bank") currently is in possession of the Debtor's funds in an account in the name of Debtor, account number 726715 (the "Account"); and

WHEREAS, it is the intention of the Trustee, subject to further order of this Court, that the funds from the Bank in the Account be allocated as customer property and available for distribution to customers, pursuant to the statutory scheme of SIPA; and

WHEREAS, as of the date of this Stipulation, the Bank has agreed to transfer to the Trustee, at the request of the Trustee, the funds held in the Account, which total approximately $301,407,190 (the "Funds"), subject to Court approval after notice and a hearing; and

WHEREAS, the Bank has been cooperating with the Trustee, and the Trustee and the Bank have agreed to terms for the transfer of the Funds, and the SEC has indicated that it has no objection to the transfer of the Funds; and

WHEREAS, the Trustee and the Bank have agreed to terms for the transfer of the Funds, and the Receiver has indicated that he has no objection to the transfer of the Funds;

IT IS HEREBY AGREED AND STIPULATED, as follows:

1. On or before February 6, 2009, the Bank shall remit to the Trustee, by wire transfer, pursuant to instructions to be provided by the Trustee and to account(s) designated by the Trustee, the Funds.

2. In the event that the Account receives credits or deposits after the date of the remittance referenced in paragraph 1 above, the Bank shall remit to the Trustee, by wire transfer pursuant to instructions to be provided by the Trustee and to account(s) designated by the Trustee, any funds in the Account, within a reasonable period of time after such funds are credited to or deposited in the Account.

3. The Trustee shall hold and administer the Funds in accordance with SIPA, the applicable provisions of the Bankruptcy Code and other applicable laws and orders of the Court, subject to and with full reservation of all rights, claims and interests of any party in interest with respect to such funds.

4. The Trustee shall indemnify, defend and hold the Bank harmless from and against any and all claims, actions, suits or other proceedings ("Claims"), and all losses, liabilities, assessments, judgments, costs, expenses, obligations and damages (including, without limitation, litigation costs, penalties, interest, reasonable attorneys' fees and experts' fees and court costs) sustained, incurred or paid in connection with or as a result of the Bank's transfer and disbursement of the Funds to the Trustee pursuant to this Order.

5. Should the Bank seek indemnification under this Stipulation, it will give the Trustee prompt notice of any Claim against the Trustee which may give rise to indemnification under this Stipulation, but in no event not less than seven (7) business days after becoming aware of such Claim. Such notice will set forth in reasonable detail the facts and circumstances pertaining to the Claim and the basis for the Bank's right to indemnification. Delay on the part of the Bank in notifying the Trustee of any Claim will not relieve the Trustee from any liability or obligation hereunder unless (and then solely to the extent) the Trustee is materially prejudiced by such failure to give prompt notice. In the event that the Bank gives notice to the Trustee of a Claim, the Trustee may assume the defense thereof by giving notice to the Bank within thirty (30) days of receipt from the Bank of such Claim in which case (i) the Trustee will defend the Bank against such Claim with counsel of its choice reasonably satisfactory to the Bank; (ii) the Bank may retain separate co-counsel at its sole cost and expense to represent it in the defense of such Claim; (iii) the Bank will not consent to the entry of any judgment or enter into any

settlement with respect to such Claim without the written consent of the Trustee (not to be withheld unreasonably); and (iv) the Trustee will not consent to the entry of any judgment or enter into any settlement with respect to such Claim, which does not include a provision whereby the plaintiff or claimant in such matter releases the Bank from all liability with respect thereto, without the written consent of the Bank (not to be withheld unreasonably).  If the Trustee does not notify the Bank within thirty (30) days after the Bank has given notice of such Claim that such Trustee is assuming the defense thereof, then the Bank may defend against, or enter into any settlement with respect to, such matter in any manner it reasonably may deem appropriate, without prejudice to any of its rights hereunder.

Dated: New York, New York
       January 29, 2009

| THE BANK OF NEW YORK MELLON CORPORATION | IRVING H. PICARD, ESQ., TRUSTEE FOR THE SIPA LIQUIDATION OF BERNARD L. MADOFF INVESTMENT SECURITIES LLC |
|---|---|
| By: */s/ Lewis J. Liman*<br>   CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>   One Liberty Plaza<br>   New York, New York 10006<br>   Telephone: (212) 225-2000<br>   Facsimile: (212) 225-3999<br>   Email: lliman@cgsh.com<br><br>*Attorneys for The Bank of New York Mellon Corporation* | By: */s/ David J. Sheehan*<br>   BAKER & HOSTETLER LLP<br>   45 Rockefeller Plaza<br>   New York, New York 10111<br>   Telephone: (212) 589-4200<br>   Facsimile: (212) 589-4201<br>   David Sheehan (DS 4818)<br>   Email: dsheehan@bakerlaw.com<br>   Douglas E. Spelfogel (DS 7097)<br>   Email: dspelfogel@bakerlaw.com<br>   Richard J. Bernard (RB 6371)<br>   Email: rbernard@bakerlaw.com<br><br>*Attorneys for Irving H. Picard, Esq., Trustee for the SIPA Liquidation of Bernard L. Madoff Investment Securities LLC* |

DATED:  New York, New York
         February 4, 2009

SO ORDERED:

/s/Burton R. Lifland
HONORABLE BURTON R. LIFLAND
UNITED STATES BANKRUPTCY JUDGE