**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>      Plaintiff-Applicant,<br><br>      v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>      Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation |

**ORDER APPROVING THE STIPULATION AND ORDER FOR TRANSFER OF FUNDS**
**BY J.P. MORGAN CHASE BANK TO TRUSTEE**

Upon the stipulation ("Stipulation")[1], dated January 27, 2009, by and between J.P. Morgan Chase Bank (the "Bank") and Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC (the "Debtor"), pursuant to the Securities Investor Protection Act ("SIPA"), pursuant to sections 105(a) and 704(a) of title 11 of the United States Code (the "Bankruptcy Code"), by which the Bank agreed to transfer certain funds ("Funds") of the Debtor from the Bank to the Trustee, all as more fully described in the Stipulation; and the Court having jurisdiction to consider the Stipulation and the relief requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Stipulation and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Stipulation having been provided, and it appearing that no other or further notice need be provided; and a hearing (the "Hearing") having been held on February 4, 2009 to consider the relief requested in the Stipulation, and upon the record of the Hearing, and all of the proceedings had before the Court; and there having been a Limited Objection to the Stipulation filed by

---

[1] Capitalized terms not defined herein shall have the meaning used in the Stipulation.

the Rosenman Family LLC, and the Court having overruled such Limited Objection for the reasons stated

on the record; and the Court having found and determined that the relief sought in the Stipulation is in the

best interests of the Debtor, its estate, customers and creditors, and all parties in interest and that the legal

and factual bases set forth in the Stipulation establish just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefor, it is

       ORDERED that the Stipulation is hereby approved; and it is further

       ORDERED that the Trustee is authorized and empowered to take such actions as may be

necessary and appropriate to implement the terms of this Order; and it is further

       ORDERED that entry of this Order is without prejudice to the rights of the Trustee,

including but not limited to, the right to seek further, other, or different relief regarding the Funds; and it

is further

       ORDERED that this Court shall retain jurisdiction with respect to all matters relating to

the interpretation or implementation of this Order.

Dated: New York, New York
    February 4, 2009               /s/Burton R. Lifland___
                                 BURTON R. LIFLAND
                                 UNITED STATES BANKRUPTCY JUDGE