## Exhibit A

K R A M E R   L E V I N   N A F T A L I S   &   F R A N K E L   LLP

PHILIP BENTLEY
PARTNER
PHONE  212-715-9505
FAX  212-715-8000
PBENTLEY@KRAMERLEVIN.COM

February 2, 2009

By Electronic Mail

Irving H. Picard, Esq.
Trustee for the Liquidation of Bernard L.
   Madoff Investment Securities LLC
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111

Re:    Bernard L. Madoff Investment Securities LLC

Dear Mr. Picard:

    We write regarding a matter of pressing concern to victims of the fraudulent activities of Bernard Madoff:

- Thousands of Madoff investors face an impending March 4, 2009 deadline for the filing of customer claims against Bernard L. Madoff Investment Securities LLC ("BMIS").

- The notice that you have sent to investors omits to mention a critical exception to that deadline – namely, that investors need not file claim forms by March 4 to preserve the *future* claims they will acquire if and when they are sued and required to return distributions that they received from Madoff.

- Unless your notice is clarified in advance of the March 4 deadline, investors who currently have no claims against BMIS may file claim forms – and thereby risk waiving their right to a jury trial in your potential suits against them – out of a mistaken belief that they must do so to preserve their future claims against BMIS and the SIPC reserve fund.

To avoid investor confusion and prejudice of this sort, we ask you to confirm that you will honor customer claims that arise *after the March 4, 2009 deadline* as a result of "clawback" suits, without the need for such claims to be filed by that deadline.

KRAMER LEVIN NAFTALIS & FRANKEL LLP

Irving H. Picard, Esq.
February 2, 2009
Page 2

We make this request on behalf of our own clients – Madoff investors who received distributions, directly or indirectly, from BMIS prior to the December 11, 2008 discovery of Madoff's fraud – as well as many other similarly-situated investors. While their individual circumstances vary, all of these redeeming investors recognize the possibility that you may attempt to recover at least a portion of these distributions on the ground that they are avoidable as preferences under Bankruptcy Code § 547 or as fraudulent conveyances under Bankruptcy Code §§ 544 and 548.

Our clients appropriately place great value on their constitutional right to a jury trial in defending against such potential clawback suits. Indeed, the Supreme Court has confirmed that a defendant's right to a jury trial in such suits is absolute, provided that the defendant does not take some action to waive the right. However, in the context of the Securities Investor Protection Act ("SIPA"), at least one court in another jurisdiction has held that the filing of a customer claim waives the claimant's right to a jury trial in avoidance actions. While we do not agree with that result, Madoff redeemers nevertheless face the possibility that filing a customer claim could result in the loss of their right to a jury trial.

We understand that investors who currently have "net equity claims" against BMIS – that is, investors whose cash investments exceed their withdrawals, *see* 15 U.S.C. § 78fff(a)(1)(A) – are required to file customer claims by the March 4 deadline or risk losing their right to recover from the estate or from the SIPC reserve fund. We do not quarrel with this result.

However, we trust you will agree that the March 4 deadline should not apply to investors who do not *currently* have claims against BMIS, but who may in the future obtain claims in the event you sue them and recover any judgment requiring them to return money to the estate. For example, consider a hypothetical individual who invested $1 million with Madoff in 2007, then withdrew the entire account balance in October 2008. As of now, the individual has no net equity and no reason to file a customer claim. But if you as Trustee successfully recovered the withdrawal as a preference, the individual would *then* have a customer claim for $1 million. Particularly in light of the SIPC insurance coverage up to $500,000, this claim would be valuable and should not be forfeited.

An investor in this situation should not be required to file a claim now and thereby potentially lose his or her right to a jury trial in any future suit. To avoid such a result, the Bankruptcy Code and Rules expressly provide that claims arising as a result of successful avoidance actions may be filed within 30 days after the judgment giving rise to them becomes final, even if the bar date for filing claims against the estate has passed. *See* Bankruptcy Code § 502(h); Bankruptcy Rule 3002(c)(3).

KRAMER LEVIN NAFTALIS & FRANKEL LLP

Irving H. Picard, Esq.
February 2, 2009
Page 3


The same rule should apply under SIPA, which follows the Bankruptcy Code and Rules "to the extent consistent with the provisions of this chapter," *see* 15 U.S.C. § 78fff(b). To be sure, SIPA provides for an absolute six month deadline for the filing of all existing customer and creditor claims. But this in no way suggests that future "springing" claims – claims that only come into existence months or years after the SIPA deadline, as a result of recoveries obtained in avoidance actions – are any less entitled to recognition than they are under the bankruptcy laws.

Your January 2, 2009 notice to BMIS customers does not make clear that future claims of this sort are excluded from the March 4, 2009 deadline. The notice states, without elaboration, that all customer claims received after March 4 are "subject to delayed processing and to being satisfied on terms less favorable to you." The notice further states: "The law governing this proceeding absolutely bars the allowance of any claim, including a customer claim, not actually received by the trustee on or before July 2, 2009." Many investors reading these provisions may conclude that they are required to file a claim form now to preserve even a future claim that has not yet arisen.

To avert widespread confusion of this sort, and resulting prejudice to many investors, we ask you to confirm that customer claims arising in the future as a result of successful clawback actions will be recognized as provided by Bankruptcy Code § 502(h) and Bankruptcy Rule 3002(c)(3). As time is of the essence, we ask that you respond by no later than 10:00 am on this Friday, February 6.

We look forward to hearing from you.

Yours sincerely,

Philip Bentley


cc:   (via e-mail)
      David Sheehan, Esq.
      Douglas E. Spelfogel, Esq.
      Richard J. Bernard, Esq.
      Philip S. Kaufman, Esq.
      Gregory A. Horowitz, Esq.

**<u>Exhibit B</u>**

Baker Hostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

February 3, 2009

Irving H. Picard
direct dial: 212.589.4688
ipicard@bakerlaw.com

**VIA ELECTRONIC MAIL**

Philip Bentley, Esq.
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036-2714

Re:    *Bernard L. Madoff Investment Securities LLC ("BLMIS")*
       *Bankr. S.D.N.Y., No. 08-01789 (BRL)*

Dear Mr. Bentley:

     This is in response to your letter of February 2nd in which you suggest that there may be "investor confusion and prejudice" and that certain matters are of "pressing concern to victims of the fraudulent activities of Bernard Madoff." I address the bullet points you raised seriatim:

- Contrary to your assertion, customers of BLMIS do **not** "fac[e] an impending March 4, 2009 deadline for the filing of customer claims." The notice that was published and mailed on January 2, 2009, follows provisions of the Securities Investor Protection Act ("SIPA"). Section 78fff-2(a)(3) of SIPA states that "[n]o claim of a customer or other creditor...received by the trustee after the expiration of the six-month period beginning on the publication of notice...shall be allowed...." Thus, as was noted in the claims material sent to each potential claimant and in the notice published in various newspapers of general circulation, the mandatory statutory bar date in the BLMIS case is July 2, 2009. Section 78fff-2(a)(3) further provides that a customer claim for net equity received, in this case after March 4, 2009, pursuant to the Bankruptcy Court's order of December 23, 2008, "need not be paid in whole in part out of customer property" and, if paid from SIPC advances, the trustee has the option to pay "in cash or securities (or both) [whichever he] determines is most economical to the estate.

- A review of section 78fff-2(a)(3) of SIPA does not include the exception which you contend is "critical" for customers "to preserve the future claims" that may arise if the trustee brings successful avoidance actions against them.   In referring to such exception, you rely on section 502(h) of the Bankruptcy Code. We will not provide an advisory opinion as to whether the section is applicable

*Cincinnati   Cleveland   Columbus   Costa Mesa   Denver   Houston   Los Angeles   New York   Orlando   Washington, DC*

Philip Bentley, Esq.
February 3, 2009
Page 2

in this or any SIPA proceeding where the bar date that is fixed by statute is
mandatory.

- We do not believe that the court-approved notice that was published and mailed
requires clarification.  In any event, it is not unusual in bankruptcy cases that
creditors, for whatever reason, have to make a choice whether or not to file a
claim on or before the bar date.

Very truly yours,

Irving H. Picard

cc:     (via e-mail)
        David J. Sheehan, Esq.
        Douglas E. Spelfogel, Esq.
        Richard J. Bernard, Esq.
        Philip S. Kaufman, Esq.
        Gregory A. Horowitz, Esq.

**<u>Exhibit C</u>**

The New York Times
# DealBook
Edited by Andrew Ross Sorkin

---

FEBRUARY 4, 2009, 1:10 PM

## $946 Million Recovered So Far From Madoff Firm

About 2 cents on the dollar. That's what has been recovered so far for people who invested with the disgraced financier Bernard L. Madoff.

The trustee overseeing the liquidation of Mr. Madoff's investment firm said in Federal Bankruptcy Court on Wednesday that a total of about $946 million had been recovered so far. That may seem like a considerable sum, but it is barely 2 percent of the reputed $50 billion lost in the Ponzi scheme that Mr. Madoff is accused of running.

"It is our intention to designate those funds as customer property," the court-appointed trustee, Irving Picard, told Burton Lifland in bankruptcy court in Manhattan, Reuters reports. "It is our intention to have all these funds, and funds from assets we are able to collect, to go into the customer fund and distribute to the victims."

At the close of business on Tuesday, an addition $111.4 million in cash had been recovered from various banks and other financial institutions where **Bernard L. Madoff Investment Securities** had accounts, Mr. Picard said.

This comes on top of the $535 million that the trustee disclosed last week would be transferred from accounts at **JPMorgan Chase** and **Bank of New York Mellon**.

He said $300 million in securities had also been recovered and would eventually be sold.

Mr. Picard is working for the Securities Investor Protection Corporation to recover customer assets from the Madoff firm. The deadline for Madoff's customers to make a claim with the S.I.P.C. is July 2, he told the court.

DealBook live-blogged the House hearing on the Madoff scandal.

Go to Article from Reuters »
Go to Previous Item from DealBook »
Go to Live Blog from DealBook »

Copyright 2009 The New York Times Company | Privacy Policy | NYTimes.com 620 Eighth Avenue New York, NY 10018

**Exhibit D**

**Media Contact:**
Kevin McCue, Baker Hostetler
kmccue@bakerlaw.com

## Statement from Irving H. Picard, the Court-appointed trustee for the liquidation of Bernard L. Madoff Investment Securities LLC

## PRESS RELEASE

**New York, NY. February 6, 2006.** Irving H. Picard, the court-appointed Trustee for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"), today announced that because the Trustee and his staff have received numerous questions in letters, e-mails, voice messages, media inquiries about certain topics on a recurring basis, the Trustee will address these topics in a series of postings under the heading "Frequently Asked Questions" or FAQs, which will be posted to the Trustee's website, www.madofftrustee.com. The frequency of new postings will vary. The first two web postings follow.

## July 2, 2009 – Last Date for Claims To Be Received by Trustee

**New York, NY. February 6, 2006.** Claims will not be timely filed unless received on or before July 2, 2009 by Irving H. Picard, the court-appointed Trustee for the liquidation of Bernard L. Madoff Investment Securities, LLC (BLMIS) at Claims Processing Center, 2100 McKinney Ave., Suite 800, Dallas, TX 75201.  July 2, 2009 is the SIPA statutory bar date.

Contrary to misinformation published by unofficial sources, March 4, 2009 is not the last date to file customer claims.  That date is more about how claims are paid.  Claims not filed by the March 4, 2009 date, pursuant to the Bankruptcy Court's Order of December 23, 2008, "need not be paid in whole or in part out of customer property" and, if paid from SIPC advances, the Trustee has the option to pay "in cash or securities (or both) [which he] determines is most economical to the estate."

**Thus, claimants should get claims in as soon as possible, but remember get them received on or before July 2, 2009.  Neither the Bankruptcy Court nor the Trustee can extend this deadline.**

## Administrative Costs of the SIPA Liquidation
## Will Not Be Paid From Customer Property

**New York, NY. February 6, 2006.** Contrary to inaccurate news reports, the costs of administration are not going to be paid out of any property being recovered by the Trustee for the benefit of customers.

At the Court hearing on February 4, 2009, the Trustee reported that he had recovered about $111.4 million in cash and about $300 million (market value – 1/26/09) in securities.  After the hearing, the Court entered orders by which the Trustee has additionally received about $535 million.  Thus, to date the Trustee has gathered assets with an approximate total value of $946.4 million.  It is the Trustee's and SIPC's intention that, subject to future Court Order, he will allocate this amount, and future recoveries for distribution to customers pursuant to the SIPA statutory scheme.  As noted above, none of these funds will be used to pay administrative costs

502251613.1

and expenses.

**<u>Exhibit E</u>**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X
                    :

In re:                      :    Chapter 11

BAYOU GROUP, LLC, et al.,      :    Case No.: 06-22306 (ASH)

               Debtors.    :    Jointly Administered
                    :
-------------------------------------------------------------- X

## ORDER ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF

This matter coming before the Court on the Motion of Debtors and Debtors in Possession for an Order Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof (the "Motion"),[1] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"); the Court having reviewed the Motion and having heard the statements of counsel regarding the relief requested in the Motion at a hearing before the Court (the "Hearing"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) notice of the Motion and the Hearing was sufficient under the circumstances and (d) in light of the circumstances, the requirement of Local Bankruptcy Rule 9013-1(a) that a separate memorandum of law be filed in support of the Motion is waived; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1.     The Motion is GRANTED in its entirety.

---

[1]     Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

2.     As used herein, (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code, and (b) the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code.

3.     The forms of the Bar Date Notice, the Publication Notice and the Proof of Claim Form, and the manner of providing notice of the Bar Dates proposed in the Motion, are approved in all respects pursuant to Bankruptcy Rules 2002(a)(7) and 2002(l), Local Bankruptcy Rule 3003-1 and General Order M-279. The form and manner of notice of the Bar Dates approved herein are deemed to fulfill the notice requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and General Order M-279. As such, the Debtors are authorized to serve the Bar Date Notice Package in the manner described in paragraphs 13 and 14 below.

4.     Except as otherwise provided in this Order, all entities (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and governmental units) that assert a claim against a Debtor that arose or is deemed to have arisen prior to commencement of these chapter 11 cases on May 30, 2006 (the "Filing Date") must file a proof of claim in writing in accordance with the procedures described herein by January 17, 2007 ("General Bar Date").

5.     The General Bar Date applies to all claims (as defined in 11 U.S.C. § 101(5)), against the Debtors that arose prior to the Filing Date, including, without limitation, secured claims, unsecured priority claims (including, without limitation, claims entitled to priority under sections 507(a)(4), (5) and (8) and 503(b)(9) of the Bankruptcy Code) and unsecured nonpriority claims. The filing of a proof of claim form shall be deemed to satisfy the procedural requirements for the assertion of administrative priority claims under section 503(b)(9) of the

2

Bankruptcy Code. All other administrative claims under section 503(b) of the Bankruptcy Code

shall be made by separate requests for payment in accordance with section 503(a) of the

Bankruptcy Code and shall not be deemed proper if made by proof of claim.

6.    Subject to the provisions of paragraphs 10 and 11 of this Order with respect to

holders of claims subject to the Rejection Bar Date and the Amended Schedule Bar Date and the

exceptions described in paragraph 8 below, the following entities must file a proof of claim on or

before the General Bar Date: (a) any entity (i) whose prepetition claim against a Debtor is not

listed in the applicable Debtor's Schedules or is listed as disputed, contingent, or unliquidated

and (ii) that desires to participate in any of these chapter 11 cases or share in any distribution in

any of these chapter 11 cases; and (b) any entity that believes that its prepetition claim is

improperly classified in the Schedules or is listed in an incorrect amount and that desires to have

its claim allowed in a classification or amount other than that identified in the Schedules.

7.    The following procedures for the filing of proofs of claim shall apply:

(a)    Proofs of claim must be on the Proof of Claim Form attached hereto as

Exhibit 2 or otherwise conform substantially to Official Bankruptcy Form No. 10;

(b)    Proofs of claim must be filed either (i) by mailing the original proof of

claim to Bayou Group, LLC, c/o The Trumbull Group, LLC, P.O. Box 5064, Bowling Green

Station, New York, New York 10274 or (ii) by delivering the original proof of claim by hand or

overnight courier to United States Bankruptcy Court, Southern District of New York, 300

Quarropas Street, Second Floor, White Plains, New York 10601. Proofs of claim submitted by

facsimile or electronic mail shall not be accepted and shall not be deemed properly filed;

(c)    Proofs of claim will be deemed filed only when actually received by the

Clerk of the Bankruptcy Court, at the addresses above on or before the applicable Bar Date. If a

creditor wishes to receive acknowledgement of receipt of a proof of claim, the creditor also must

submit by the applicable Bar Date and concurrently with submitting its original proof of claim (i)

a copy of the original proof of claim and (ii) a self-addressed, postage prepaid return envelope;

(d)     Proofs of claim must (i) be signed; (ii) include supporting documentation

(or, if such documents are voluminous, a summary) or an explanation as to why documentation

is not available; (iii) be in the English language; and (iv) be denominated in United States

currency; and

(e)     Proofs of claim must specify by name and case number the Debtor against

which the claim is filed.  If the holder asserts a claim against more than one Debtor or has claims

against different Debtors, a separate proof of claim form must be filed with respect to each

Debtor.  Any entity asserting claims against more than one Debtor must file a separate proof of

claim with respect to each such Debtor.  In addition, any entity filing a proof of claim must

identify on its proof of claim form the particular Debtor against which its claim is asserted.  If

more than one debtor is listed on the form, the claim shall be treated as filed only against the first

listed Debtor.

8.     The following entities, whose claims otherwise would be subject to the General

Bar Date, shall not be required to file proofs of claim in these chapter 11 cases:

(a)     Any entity that already has filed a signed proof of claim against the

applicable Debtor(s) with the Clerk of the Bankruptcy Court for the Southern District of New

York in a form substantially similar to Official Bankruptcy Form No. 10;

(b)     Any entity whose claim is listed on the Schedules if (i) the claim is not

scheduled as "disputed," "contingent" or "unliquidated" and (ii) such entity agrees with the

amount, nature and priority of the claim as set forth in the Schedules and (iii) such entity does

not dispute that its claim is an obligation only of the specific Debtor against which the claim is

listed in the Schedules;

(c)     A holder of a claim that previously has been allowed by order of the

Court;

(d)     A holder of a claim that has been paid in full by any of the Debtors in

accordance with the Bankruptcy Code or an order of the Court;

(e)     A holder of a claim for which a specific deadline previously has been

fixed by the Court;

(f)     Any Debtor having a claim against another Debtor;

(g)     Any holder of a claim allowable under sections 503(b) and 507(a)(2) of

the Bankruptcy Code as an expense of administration (other than any claim allowable under

section 503(b)(9) of the Bankruptcy Code); and

(h)     Any holder of a claim which arises or becomes allowable as a result of a

judgment against such entity if the judgment is for the recovery of money or property from that

entity or denies or avoids the entity's interest in property; provided, however, that a proof of

claim shall be filed with respect to such claim on the later of the Bar Date or 30 days after the

judgment becomes final.

9.     Any entity holding an equity interest (not investment) in any Debtor (an "Interest

Holder"), which equity interest is based exclusively upon the ownership of a membership interest

in one or more of the Debtors (any such interest being referred to herein as an "Interest"), need

not file a proof of interest on or before the General Bar Date; provided, however, that Interest

Holders who wish to assert claims against any of the Debtors that arise out of or relate to the

ownership or purchase of an Interest, including claims arising out of or relating to the sale,

5

issuance, or distribution of the Interest, must file proofs of claim on or before the General Bar

Date, unless another exception contained in this Order applies.

10.    Any entity holding a Rejection Damages Claim arising from the rejection of an

executory contract or unexpired lease pursuant to an order entered prior to the confirmation of a

plan of reorganization in the applicable Debtor's chapter 11 case (a "Rejection Order") shall be

required to file a proof of claim in respect of such Rejection Damages Claim in accordance with

the procedures described herein by the Rejection Bar Date. The Rejection Bar Date shall be the

later of (a) the General Bar Date and (b) 30 days after the date of entry of the applicable

Rejection Order.

11.    The Debtors shall retain the right to (a) dispute, or assert offsets or defenses

against, any filed claim or any claim listed or reflected in the Schedules as to nature, amount,

liability, classification or otherwise; (b) subsequently designate any scheduled claim as disputed,

contingent or unliquidated; and (c) otherwise amend or supplement the Schedules. If the Debtors

amend or supplement their Schedules after the service of the Bar Date Notice Package, the

Debtors shall give notice of any such amendment or supplement to the holders of claims affected

thereby, including notice of the Amended Schedules Bar Date to file proofs of claim in response

to the amendment or supplement to the Schedules. In particular, if a Debtor amends or

supplements its Schedules to reduce the undisputed, noncontingent and liquidated amount, to

change the nature or classification of a claim against the Debtor or to add a new claim to the

Schedules, the affected claimant is required to file a proof of claim or amend any previously filed

proof of claim in respect of the amended scheduled claim in accordance with the procedures

described herein by the Amended Schedule Bar Date. The Amended Schedule Bar Date shall be

the later of (a) the General Bar Date; and (b) 30 days after the date that notice of the applicable

amendment to the Schedules is served on the claimant. Notwithstanding the foregoing, nothing contained herein shall preclude the Debtors from objecting to any claim, whether scheduled or filed, on any grounds.

12.     Pursuant to Bankruptcy Rule 3003(c)(2), any entity that is required to file a proof of claim in these chapter 11 cases pursuant to the Bankruptcy Code, the Bankruptcy Rules, or this Order with respect to a particular claim against a Debtor, but that fails to properly do so by the applicable Bar Date, shall be forever barred, estopped and enjoined from: (a) asserting any claim against the Debtors that the entity has that (i) is in an amount that exceeds the amount, if any, that is identified in the Schedules on behalf of such entity as undisputed, noncontingent and liquidated or (ii) is of a different nature or a different classification than any claim identified in the Schedules on behalf of such entity (any such claim under subparagraph (a) of this paragraph being referred to herein as an "Unscheduled Claim"); or (b) voting upon, or receiving distributions in or related to these Chapter 11 cases, including under any plan of reorganization in these chapter 11 cases in respect of an Unscheduled Claim.

13.     As soon as practicable, but in any event no later than November 29, 2006, the Debtors, through its claims agent, The Trumbull Group ("Trumbull") or otherwise, shall serve the Bar Date Notice Package, including a copy of the Bar Date Notice and the Proof of Claim Form substantially in the forms attached hereto as Exhibit 1 and Exhibit 2, respectively, by first class mail, postage prepaid, on: (a) all known potential holders of claims as of the date of this Order and their counsel (if known), including all persons or entities listed in the Schedules as potentially holding claims; (b) the U.S. Trustee; (c) counsel to the Committee; (d) all persons or entities that have requested notice of the proceedings in these chapter 11 cases as of the date of this Order, (e) all persons or entities that have filed proof of claims in these cases as of the date

7

of this Order; (f) all parties to executory contracts and unexpired leases of the Debtors; (g) all

parties to litigation with the Debtors; (h) the Internal Revenue Service for this District and all

other taxing authorities for the jurisdictions in which the Debtors do business; (i) the Securities

Exchange Commission; and (j) such additional persons and entities as deemed appropriate by the

Debtors.

14.     As part of the Bar Date Package, the Debtors shall mail one or more Proof of

Claim Forms (as appropriate) to the parties receiving the Bar Date Notice. For holders of

potential claims listed in the Schedules, the Proof of Claim Form mailed to such entities shall

indicate how the Debtors have scheduled the creditor's claim in the Schedules, including (a) the

identity of the Debtor against which the entity's claim is scheduled; (b) the amount of the claim,

if any; (c) whether the claim is listed as disputed, contingent, or unliquidated; and (d) whether

the claim is listed as a secured, unsecured priority or unsecured priority claim.

15.     Upon the advance express written consent of the Debtors, a claimant's proof of

claim may be filed without the documents required by Bankruptcy Rules 3001(c) and 3001(d);

provided, however, that any claimant that receives such a written consent shall be required to

transmit these documents in support of its claim to Trumbull, the Debtors, or other parties in

interest within ten days after the date of a written request for such documents.

16.     Pursuant to Bankruptcy Rule 2002(f), the Debtors shall publish notice of the Bar

Dates in substantially the form of the Publication Notice attached hereto as Exhibit 3, once, in

The New York Times and the national edition of The Wall Street Journal at least 25 days prior to

the General Bar Date, which publication is hereby approved and shall be deemed good, adequate

and sufficient publication notice of the Bar Dates. The Debtors, in their sole discretion, may

publish the Publication Notice in other newspapers, trade journals or similar publications.

8

17.    The Debtors and Trumbull are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

18.    The entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the Bar Dates established herein must file such proofs of claim or interest or be barred from doing so.

Dated: White Plains, New York
       November 22, 2006

/s/Adlai S. Hardin, Jr.
UNITED STATES BANKRUPTCY JUDGE

9

**Exhibit F**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MORTGAGE LENDERS | ) | Case No. 07-10146 (PJW) |
| NETWORK USA, INC.,[1] | ) | |
| | ) | |
| Debtor. | ) | Related Docket No. 1047 |

**ORDER (A) FIXING THE PROCEDURES AND DEADLINES TO FILE
PROOFS OF CLAIM PURSUANT TO FED. R. BANKR. P. 2002 AND 3003
AND DEL. BANKR. L.R. 2002-1(E) AND TO MAKE REQUESTS FOR
PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS AND
(B) APPROVING THE FORM AND MANNER OF NOTICE OF BAR DATE**

Upon the Motion[2] of the above-captioned debtor and debtor in possession

(the "Debtor"), requesting entry of an order (i) establishing the deadline for filing certain Proofs

of Claims against the Debtor pursuant to Rule 3003-1 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), (ii) establishing the deadline for filing certain

Administrative Expense Claims against the Debtor, and approving the form and manner of notice

thereof pursuant to Bankruptcy Rule 2002(a)(7) and Del. Bankr. L.R. 2002-1(e); and it appearing

that the relief sought in the Motion and the entry of this Order is appropriate and necessary in

order for the Debtor to determine the nature, scope and classification of all claims; and it

appearing that the relief sought in the Motion is reasonable and in the best interests of the Debtor

and its estate; and no adverse interest being represented, and sufficient cause appearing therefore,

and upon due deliberation given, it is hereby

---

[1] Debtor's EIN: XX-XXX7394;

Debtor's Address: Middlesex Corporate Center, 213 Court Street, 11th Floor, Middletown, CT 06457

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

ORDERED, that the Motion is granted in its entirety; and it is further

ORDERED, that all claims, as defined in section 101(5) of title 11 of the United

States Code (the "Bankruptcy Code"), **arising prior to the Petition Date**, including any claims

against the Debtor's estate based on the Debtor's primary, secondary, direct, indirect, fixed,

secured, unsecured, contingent, guaranteed, disputed, undisputed, liquidated, unliquidated,

matured, unmatured, legal or equitable liability, or otherwise (each a "Prepetition Claim"),

except as otherwise provided for or specifically excepted herein, shall be filed with The

Trumbull Group, LLC (the "Claims Agent"), in writing, together with supporting documentation,

substantially conforming with Official Bankruptcy Form 10, or as otherwise prescribed or

authorized under the Bankruptcy Rules so that the Proof of Claim is **actually received** on or

before **February 1, 2008, at 4:00 p.m. prevailing Eastern time** (the "Bar Date"), at the office

of the Claims Agent as set forth in the Bar Date notice; and it is further

ORDERED, that any Person asserting a Prepetition Claim by reason of the

rejection of an executory contract or unexpired lease, pursuant to section 502(g) of the

Bankruptcy Code and Bankruptcy Rule 3002(c)(4), must file a Proof of Claim on account of any

claims such Person holds or wishes to assert against the Debtor, so that the Proof of Claim is

**actually received** by the Claims Agent on or before the later of (i) thirty days after the date of

the rejection of such contract or lease, or (ii) the Bar Date; and it is further

ORDERED, that all governmental units (which shall include all entities defined as

such in section 101(27) of the Bankruptcy Code, including any such entities that hold a Claim

arising from prepetition tax years or periods or prepetition transactions to which a Debtor was a

party) holding or wishing to assert Claims against the Debtor arising before the Petition Date, are

required to file a Proof of Claim on account of any claims such governmental unit holds or

wishes to assert against the Debtor, so that the proof of Claim is **actually received** by the Claims

Agent on or before **February 1, 2008, at 4:00 p.m. prevailing Eastern time**; and it is further

ORDERED, that all parties asserting certain administrative expenses against the

Debtor's estate arising between the Petition Date and October 31, 2007 (but excluding claims for

fees and expenses of professionals retained in these proceedings and members of the Committee

in these cases) or under Bankruptcy Code § 503(b)(9), **whenever arising**, shall file a motion for

allowance of such administrative expense with the Court (the "Administrative Expense Claim"),

on or before **February 1, 2008, at 4:00 p.m. prevailing Eastern time**; and it is further

ORDERED, that any Person asserting a claim by reason of the recovery of a

voidable transfer, pursuant to section 502(h) of the Bankruptcy Code and Bankruptcy Rule

3002(c)(3), must file a Proof of Claim on account of any claims such Person holds or wishes to

assert against the Debtor, so that the Proof of Claim is **actually received** by the Claims Agent on

or before the later of (i) the Bar Date, or (ii) thirty days after the entry of final judgment avoiding

such transfer and payment of such recovered transfer to the respective Debtor's estate; and it is

further

ORDERED that, following the notice of any amendment to the Schedules

pursuant to Bankruptcy Rule 1009(a), which amendment (i) reduces the liquidated amount or

changes the priority of a scheduled Prepetition Claim, or (ii) reclassifies a scheduled, undisputed,

noncontingent Prepetition Claim to be disputed, unliquidated, undetermined, and/or contingent,

or (iii) adds a Prepetition Claim that was not listed on the original Schedules, any Person affected

by such amendment shall be permitted to file a Proof of Claim on account of any claims such

Person holds or wishes to assert against the Debtor, so that the Proof of Claim is **actually
received** by the Claims Agent on or before the later of (a) the Bar Date, or (b) the first business
day that is at least thirty calendar days after the mailing of notice of such amendment, but only to
the extent such Proof of Claim does not exceed the amount scheduled for such Prepetition Claim
prior to such amendment; and it is further

ORDERED, that the following claims are *excluded* from the provisions of this
Order and are not required to be filed on or before the Bar Date, unless otherwise ordered by the
Court:

a.      claims by any Person, entity, or governmental unit that has already
properly filed a Proof of Claim with the Claims Agent, or with the Clerk of the Bankruptcy Court
for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, DE 19801;

b.      claims by any Person or governmental unit if that Person or
governmental unit's Prepetition Claim is listed in the Schedules (or any amendment thereto) and
is not scheduled as being contingent, unliquidated, or disputed, <u>unless</u> the Person or
governmental unit believes that it is owed a different amount or its Prepetition Claim is entitled
to a different priority than that reflected in the Schedules;

c.      claims by any Person or governmental unit if that Person or
governmental unit's Prepetition Claim previously has been allowed by order of the Court; and

d.      claims with respect to administrative expense claims for fees and
expenses of professionals retained in these proceedings and members of the Committee in these
cases.

ORDERED, that any Person or governmental unit required to file a proof of Proof of Claim but does not do so in compliance with the date and procedures established herein:

a.    shall not, with respect to any such claim, be treated as a creditor of the Debtor for the purpose of voting and distribution under any plan;

b.    shall be forever barred from (i) filing a Proof of Claim with respect to such claim, (ii) asserting such claim against the Debtor or its estate or property, (iii) voting on any plan or plans of reorganization filed in this case, and (iv) participating in any distribution in the Debtor's chapter 11 case on account of such claim; and

c.    shall be bound by the terms of any such plan of reorganization, if such plan is confirmed by the Court.

ORDERED, that in accordance with Bankruptcy Rule 2002, the Debtor is hereby authorized and directed to cause notice of the Bar Date, in a form substantially of that annexed to the Motion as Exhibit A and incorporated herein, which form is hereby approved, to be given by first class mail, postage prepaid, on or before **November 30, 2007**, upon (i) the Office of the United States Trustee, (ii) counsel for the Committee, (iii) all Persons and governmental units on the Debtor's creditor matrix, (iv) all known holders of claims listed on the Debtor's Schedules and, as applicable, any amended Schedules, at the addresses stated therein, (v) all relevant taxing authorities, (vi) the District Director of Internal Revenue for the District of Delaware, and (vii) all parties that have requested notice in this case pursuant to Bankruptcy Rule 2002; and it is further

ORDERED that the Debtor is hereby authorized and directed to cause notice of

the Bar Date, in a form substantially of that annexed to the Motion as <u>Exhibit A</u>, to be published

by no later than **November 30, 2007** in the national edition of the USA Today; and it is further

ORDERED that this Court shall retain jurisdiction to interpret, implement and

enforce the terms and provisions of this Order.

Dated: November 2⯑, 2007

Honorable Peter J. Walsh
United States Bankruptcy Court

**Exhibit G**



1   William N. Lobel (State Bar No. 93202)
    Alan J. Friedman (State Bar No. 132580)
2   Mike D. Neue (State Bar No. 179303)
    Kerri A. Lyman (State Bar No. 241615)
3   IRELL & MANELLA LLP
    840 Newport Center Drive, Suite 400
4   Newport Beach, California 92660
    Telephone: (949) 760-0991
5   Facsimile: (949) 760-5200

6   [Proposed] Attorneys for Debtor and
    Debtor-in-Possession

7

8

9                   UNITED STATES BANKRUPTCY COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11                  SAN FERNANDO VALLEY DIVISION

12

13  In re                                )   Case No. SV 07-13006 GM
                                         )
14  QUALITY HOME LOANS, a California     )   Chapter 11
    corporation,                         )
15                                       )
                Debtor and              )   ORDER: (1) ESTABLISHING LAST
16              Debtor-in-Possession.    )   DATE TO FILE PROOFS OF CLAIM
                                         )   AND (2) APPROVING FORM OF
17                                       )   NOTICE OF BAR DATE
                                         )
18                                       )   [NO HEARING REQUIRED]
                                         )
19                                       )
                                         )
20                                       )
                                         )
21                                       )

22

23          The Court having considered the "Notice of Motion and Motion for Order Establishing a

24  Bar Date for Filing Proofs of Claim and Approving Form and Manner of Notice of Bar Date" (the

25  "Motion") filed by Quality Home Loans, a California corporation ("Quality"), the debtor and

26  debtor-in-possession in the above-captioned chapter 11 case (the "Debtor"), the Memorandum of

27  Points and Authorities and the Declaration of Mike D. Neue in support of the Motion, and the

28  records, pleadings, and other documents on file in this case; the Court having found that notice of

ORDER: (1) ESTABLISHING A BAR DATE TO
FILE PROOFS OF CLAIM; AND (2) APPROVING          - 1 -
FORM OF NOTICE OF BAR DATE #1762437

FILED
OCT 12 2007
CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

ENTERED
OCT 15 2007
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

1   the Motion was proper, and that no responses or objections to the Motion have been filed; and

2   good cause appearing therefor,

3   **IT IS HEREBY ORDERED** that:

4   1.      The Motion is granted;

5   2.      Sixty (60) days following service of notice of the last date and time by which all

6   creditors of the Debtor must file proofs of claim in this Chapter 11 case (the "Bar Date"), is the

7   last day for all claimants to file proofs of claim against the Debtor, and the form Notice of Bar

8   Date, which is appended hereto as Exhibit "1," is approved;

9   3.      If any of the following claimants fail to file a proof of claim on or prior to the Bar

10  Date, (i) such claimant shall be forever barred from (1) participating in this case, (2) voting with

11  respect to any plan (the "Plan"), and (3) receiving any distribution through or under the Plan; and

12  (ii) the terms of the Plan will be binding on such claim and claimant:

13  (a)     Claimants holding claims that have not been listed in the Debtor's Schedules

14          of Assets and Liabilities, or any amended Schedules of Assets and Liabilities (the

15          "Schedules");

16  (b)     Claimants holding claims that have been listed in the Schedules as disputed,

17          unmatured, contingent, unliquidated, or as to the amount scheduled, as unknown;

18  (c)     Claimants who disagree with the amount of their claims as listed in the

19          Schedules;

20  (d)     Claimants whose claims have been listed in the Schedules as unsecured who

21          believe that all or a portion of their claims are secured;

22  (e)     Claimants whose claims have been listed in the Schedules as secured or

23          partially secured but who believe that they hold an unsecured deficiency claim;

24  (f)     Claimants whose claims have been listed in the Schedules as general

25          unsecured claims or secured claims who believe that all or a portion of their claims

26          are entitled to priority or administrative status under title 11 of the United States

27          Bankruptcy Code;

28

1        (g)    Claimants whose claims arose from the rejection of executory contracts or

2    unexpired leases prior to the date of entry of the order setting the Bar Date; and

3        (i)    Claimants whose claims arise out of the obligations of such entity (as such

4    term is defined in the Bankruptcy Code), under a contract for the provision of

5    liability or any other kind of insurance to the Debtor.

6        4.    Any entity that wishes to file a proof of claim adhere to the following procedures

7    and deadlines for the filing of proofs of claim:

8        a.    An original and one (1) copy of all proofs of claim shall be filed with the

9    Court. Any party requesting a conformed copy must submit an additional copy with a stamped,

10    self-addressed envelope. A copy of all proofs of claim shall also be served on counsel to the

11    Debtor;

12        b.    A proof of claim shall not be deemed timely filed unless the original of such

13    proof of claim is <u>actually received</u> by the Court by the Bar Date. The Court will not accept proofs

14    of claim transmitted via facsimile, telecopy, or electronic transmission;

15        c.    Each Proof of Claim filed must:  (i) be written in English; (ii) be

16    denominated in United States dollars; and (iii) conform substantially to the form Proof of Claim or

17    Official Form No. 10;

18        d.    Unless otherwise specified in a confirmed plan, any entity that asserts

19    against the estate a claim pursuant to section 502(g) of the Code as a result of the rejection of an

20    executory contract or unexpired lease shall file a proof of claim by the  Bar Date;

21        e.    Unless otherwise specified in a confirmed plan, any person or entity that

22    asserts against the Debtor's estate a claim pursuant to section 502(h) of the Code as a result of the

23    recovery of a voidable transfer shall file a proof of claim by the <u>later</u> of: (i) the Bar Date; <u>or</u> (ii) 30

24    days after service of notice of entry of the order avoiding that transfer;

25        f.    Unless otherwise specified in a confirmed plan, any person or entity that

26    asserts against the Debtor's estate a claim pursuant to section 502(i) of the Code as a result of the

27    assessment of taxes entitled to priority under section 507(a)(8) of the Code shall file a proof of

28

1  claim by the later of:  (i) the Bar Date; or (ii) 180 days after the date of the Order for Relief in this

2  case;

3           g.        If, after the Bar Date, the Debtor files any amendment to the Schedules to

4  reduce the amount of, delete, or change the status of a liquidated, noncontingent, and undisputed

5  claim previously attributed to a specified creditor, such creditor may file a proof of claim with

6  respect to such rescheduled claim until the later of:  (i) the Bar Date; or (ii) 30 days after service of

7  notice of such amendment to the Schedules; provided, however, that any proof of claim filed

8  pursuant to this subparagraph after the Bar Date shall be limited in amount:  (i) to the amount

9  previously set forth in a proof of claim timely filed by the entity whose claim has been rescheduled

10  by the Debtor, unless it is appropriate to file an amended claim for a larger amount; or (ii) if no

11  such proof of claim timely was filed, to the amount previously designated in the Schedules as a

12  liquidated, noncontingent, and undisputed claim for that entity.  If the Debtor amends the

13  Schedules to increase the amount of a claim deemed filed for an entity pursuant to Bankruptcy

14  Code section 1111(a), no extension of the time within which that entity may file a proof of claim

15  shall be granted;

16           h.        If, after the Bar Date Notice is mailed, the Debtor determines that it failed to

17  provide the Bar Date Notice to a known creditor, then such creditor may file a proof of claim until

18  the later of:  (i) the Bar Date; or (ii) 30 days after service of the Bar Date Notice upon such

19  creditor;

20           i.        Following the Bar Date (or such other deadline as applicable under these

21  procedures), a creditor may not amend a claim except as permitted by the Bankruptcy Court in

22  accordance with applicable bankruptcy law; and

23      5.        Any entity that is required to, but does not, file a proof of claim in compliance with

24  / / /

25  / / /

26

27

28

ORDER: (1) ESTABLISHING A BAR DATE TO
FILE PROOFS OF CLAIM; AND (2) APPROVING
FORM OF NOTICE OF BAR DATE #1762437          - 4 -

1  the foregoing procedures and deadlines shall have their claim disallowed or subordinated under the

2  terms of the Plan, as appropriate, without further notice or hearing.

3

4  DATED: _____10/12/07_____

                                                  _____

5                                           HONORABLE GERALDINE MUND
                                         UNITED STATES BANKRUPTCY JUDGE

6

7

8  Submitted by:

9  IRELL & MANELLA LLP

10  By: _____

11        Mike D. Neue
[Proposed Attorneys for Debtor

12  and Debtor-in-Possession

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>Exhibit H</u>**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SEITEL, INC., et al.,[1] | ) | Case No. 03-12227 (PJW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Ref. Docket No. 125 |
| | ) | BAR DATE MOTION |

ORDER ESTABLISHING BAR DATES, DEADLINES AND
PROCEDURES FOR FILING PROOFS OF CLAIMS AND INTERESTS
AND APPROVING FORM AND MANNER OF NOTICE THEREOF

Upon the Motion of the Debtors for an Order pursuant Rules 2002 and 3003(c)(3) of the

Federal Rules of Bankruptcy Procedure (i) establishing a bar date, deadlines and procedures for

filing Proofs of Claim and Interest, and (ii) approving the form and manner of notice thereof (the

"Motion"); and the Court having jurisdiction to consider the Motion and the relief requested

therein in accordance with 28 U.S.C. §§ 157 and 1334; and due and proper notice of the Motion

having been given; and the Court having determined that the relief sought in the Motion is in the

best interests of the Debtors, their creditors and all parties-in-interest; and after due deliberation

and sufficient cause appearing therefore; it is ORDERED as follows:

1.    The Motion is GRANTED.

2.    October 14, 2003 at 5:00 p.m. is hereby established as the last date (the "General

Bar Date") for all persons or entities (except governmental units) holding a claim against or

---

[1]    The Debtors are the following entities:  Seitel, Inc.; Seitel Management, Inc.; N360X, L.L.C.; Seitel Delaware, Inc.; Seitel Data Corp.; Seitel Data, Ltd.; Seitel Offshore Corp.; Datatel, Inc.; Seitel Solutions, Inc.; Seitel Solutions, L.L.C.; Seitel Solutions, Ltd.; SI Holdings, G.P.; Seitel Solutions Holdings, L.L.C.; Seitel Canada Holdings, Inc.; SEIC, Inc.; SFIC, L.L.C.; DDD Energy, Inc.; Energy Venture Holdings, L.L.C.; Endeavor Exploration, L.L.C.; Seitel Geophysical, Inc.; Seitel Gas & Energy Corp.; Seitel Power Corp.; Geo-Bank, Inc.; Alternative Communication Enterprises, Inc.; EHI Holdings, Inc.; Exsol Inc.; Seitel IP Holdings, LLC; Seitel Natural Gas, Inc.; Seitel Canada L.L.C.; Matrix Geophysical, Inc.; and Express Energy I, LLC.

interest in the Debtors, or any one of them, to file proofs of claim or interest with respect to any such claim or interest that arose on or prior to the Petition Date. January 18, 2004 at 5:00 p.m. is hereby established as the last date (the "Governmental Bar Date" together with the General Bar Date, the "Bar Dates") that governmental units holding a claim against the Debtors, or any one of them, to file proofs of claim with respect to such claim that arose prior to the Petition Date.

3.      All creditors holding claims against the Debtors arising from (i) the rejection of an executory contract or unexpired lease pursuant to Section 502(g) of the Bankruptcy Code, (ii) the recovery of an avoidable transfer pursuant to Section 502(h) of the Bankruptcy Code, or (iii) the incurrence of certain taxes pursuant to Section 502(i) of the Bankruptcy Code must file proofs of claim on or before the later to occur of the applicable Bar Date or thirty (30) days after the date that any such claim first arises under Sections 502(g), 502(h) or 502(i).

4.      In the event that any of the Debtors amend their respective Schedules after the Bar Dates, the Debtors shall give notice of such amendment to any creditor affected thereby, and such creditor shall have thirty (30) days from the date on which such notice is given to file proofs of claim, if necessary, or be forever barred from doing so.

5.      The following entities are exempt from the proof of claim or interest filing requirements set forth herein:

        (a)      any person or entity who has already filed a proof of claim or interest against the Debtors;

        (b)      any person or entity (a) whose claim is listed in the Debtors' Schedules, and whose claim is not listed as "disputed," "contingent" or "unliquidated" and (b) who agrees that the Debtors' Schedules properly reflect the amount and the classification of the claim asserted;

        (c)      holders of claims allowable Sections 328(a), 330, 331, 503(b), and 507(a)(1) of the Bankruptcy Code;

     (d)     holders of claims or interests allowed by an order of this Court entered on or before the applicable Bar Date;

     (e)     any person or entity holding common stock in the Debtors; and

     (f)     any Debtor or non-Debtor affiliate asserting a claim against any Debtor.

6.     All persons who or entities which are required to file a proof of claim or proof of interest must file such proof of claim or interest with the clerk of the Bankruptcy Court on or before the applicable Bar Date set forth above. To be valid, all proofs of claim or interest must substantially conform to the enclosed proof of claim form or Official Form No. 10 and must (i) be in English; (ii) specifically set forth the name and case number of each Debtor against which such claim or interest is asserted; (iii) be denominated in lawful currency of the United States; (iv) describe the transaction, agreement or other circumstances giving rise or relating to the claim or interest; (v) describe the collateral and its estimated value, if applicable, granted to the creditor in respect of the claim; and (vi) include copies of any invoices, statements or other documents evidencing the amount and/or basis of the claim or interest.

7.     Any person or entity who is required to but fails to timely and properly file a proof of claim or interest on or before the applicable Bar Date set forth above shall, with respect to any such claim or interest, be forever barred from (i) voting with respect to any plan(s) of reorganization filed in the Debtors' Chapter 11 cases, and (ii) receiving any distribution under any such plan(s) of reorganization.

8.     The Notice of Bar Date, Deadlines and Procedures for the Filing Proofs of Claim and Interest substantially in the form attached hereto as Exhibit "A" (the "Bar Date Notice") is hereby approved in all respects and shall be deemed good, adequate and sufficient notice if it is served on the parties set forth below, together with a proof of claim form and instruction sheet substantially in the form attached hereto as Exhibit "B" (the "Proof of Claim Form," together

with the Bar Date Notice, the "Bar Date Package"), by depositing same in the United States first class mail postage prepaid as promptly after entry of this Order as is practicable to ensure that direct notice is issued no later than twenty (20) days before the General Bar Date.

9.     The Bar Date Package shall be served upon (i) the Office of the United States Trustee, (ii) any official committee which may be constituted pursuant to 11 U.S.C. § 1102, (iii) all persons or entities who have filed a notice of appearance in the Debtors' Chapter 11 cases pursuant to Bankruptcy Rule 2002, (iv) all persons or entities listed in the Debtors' Schedules, (v) all persons or entities who have asserted claims against in the Debtors as of the date of the Bar Date Notice, and (vi) all other known creditors and parties-in-interest in the Debtors' Chapter 11 cases.

10.     In addition to mailing the Bar Date Package as set forth above, the Debtors shall publish notice of the Bar Dates, substantially in the form of the Publication Bar Date Notice attached hereto as Exhibit "C," in the *Houston Chronicle* and the National Edition of *The Wall Street Journal*, one time, not later than twenty (20) days prior to the General Bar Date. Such publication shall constitute good and adequate constructive notice to all parties of the Bar Dates.

11.     Each of the Debtors is hereby authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

12.     Entry of this Order is without prejudice to the rights of the Debtors or any other party-in-interest to seek a further order of this Court fixing the date by which a holder of a claim not subject to the bar dates established herein must file such claim against the Debtors.

Dated:   Wilmington, Delaware
         Aug 18, 2003

                                        THE HONORABLE PETER J. WALSH
                                        UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit I</u>**

ORIGINAL

1  RICHARD L. WYNNE (SBN 120349)
   **KIRKLAND & ELLIS**
2  777 South Figueroa Street
   Los Angeles, CA 90017
3  Telephone:   (213) 680-8400
   Facsimile:    (213) 680-8500
4
   Attorneys for the Official Committee of
5  Unsecured Creditors

6  SUSAN MONTGOMERY (SBN 120667)
   **GUMPORT REITMAN & MONTGOMERY**
7  550 S. Hope Street, Suite 825
   Los Angeles, CA 90071-2627
8  Telephone:   (213) 452-4900

9  Attorneys for R. Todd Neilson,
   Chapter 11 Trustee
10

OK to
enter

ENTERED
OCT 2 4 2001
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY        Deputy Clerk

FILED
OCT 2 4 2001
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY        Deputy Clerk

11         **UNITED STATES BANKRUPTCY COURT**

12          **CENTRAL DISTRICT OF CALIFORNIA**

13               **NORTHERN DIVISION**

14  In re                                    Case No. ND 01-11549 RR

15  REED E. SLATKIN,                         Chapter 11

16          Debtor.                          **ORDER GRANTING MOTION (1) FIXING
                                             LAST DATE FOR FILING PROOFS OF
17                                           CLAIM OR INTEREST; (2) APPROVING
                                             FORM AND MANNER OF NOTICE; (3)
18                                           APPROVING REQUIRED SUPPLEMENT
                                             TO PROOF OF CLAIM FORM; AND (4)
19                                           REQUIRING ALL CLAIMANTS,
                                             INCLUDING THOSE WHO HAVE
20                                           PREVIOUSLY FILED A PROOF OF
                                             CLAIM, TO FILE A SUPPLEMENT TO
21                                           PROOF OF CLAIM FORM**

22                                           Hearing:
                                             Date:        October 24, 2001
23                                           Time:        10:00 a.m.
                                             Place:       Courtroom 201
24                                                        1415 State Street
                                                          Santa Barbara, CA
25

26

27

28
    P006a_RecoveredBarDtOrder2.doc-ORDER

1    Upon the Motion filed jointly by R. Todd Neilson, the Chapter 11 Trustee (the

2    "Trustee"), and the Official Committee of Unsecured Creditors (the "Committee"), for an

3    Order (1) Fixing Last Date for Filing Proofs of Claim or Interest; (2) Approving Form and

4    Manner of Notice; (3) Approving Required Supplement to Proof of Claim Form; and (4)

5    Requiring all Creditors, including those who have Previously filed a Proof of Claim, to

6    File Supplement to Proof of Claim (the "Bar Date Motion") filed October 1, 2001, upon

7    consideration of the Memorandum of Points and Authorities and Declaration in support

8    thereof; it appearing that the Court has jurisdiction over this matter; it appearing that due

9    notice of the Motion has been provided to the appropriate parties; and after

10   consideration of the Limited Opposition to the Bar Date Motion filed on behalf of Santa

11   Barbara Capital Management (the "SBCM Opposition"), and the Trustee's Reply

12   thereto, it appearing that the SBCM Opposition is the sole timely filed written opposition

13   to the Bar Date Motion; and after consideration of the arguments and representations of

14   all counsel who appeared at the hearing on the Bar Date Motion; and it further

15   appearing that the relief requested in the Bar Date Motion is in the best interest of the

16   creditors; and after due deliberation and good and sufficient cause appearing therefor, **it**

17   **is hereby ORDERED that**

18        1.    the Bar Date Motion is granted in its entirety, and the SBCM Opposition

19   and any other opposition to the Bar Date Motion presented prior to or at the hearing on

20   the Bar Date Motion is overruled;

21        2.    the last date to file proofs of claim or proofs of interest, along with the

22   Supplement to Proof of Claim (the "Bar Date") shall be 4:00 p.m., ~~January 30,~~ *Felsnay 22* 2002,

23   except as otherwise ordered by this Court;

24        3.    the form of the Supplement to Proof of Claim attached to the Bar Date

25   Motion and to this Order as Exhibit "A," is approved;

26        4.    all claimants, including claimants who have previously filed a proof of

27   claim, shall file a Supplement to Proof of Claim on or before the Bar Date;

28   ///

5.    the Trustee shall forthwith serve on all known potential claimants in this case the "Notice of (1) Last Date To File Proofs Of Claim Or Interest, and (2) Requiring All Claimants, Including Those Who Have Previously Filed A Proof Of Claim, To File A Supplement To Proof Of Claim Form," attached to the Bar Date Motion and this Order as Exhibit "B" (the "Bar Date Notice"), a Proof of Claim form, and the Supplement to Proof of Claim as provided in the Bar Date Motion; and

6.    the form of the Bar Date Notice is hereby approved, *as modified* *And must be mailed to creditors and interested parties on or before October 31, ~~2005~~ 2001*

**IT IS SO ORDERED.**

DATED: *October 24, 2001*

*Robin Riblet*
THE HONORABLE ROBIN RIBLET
U.S. BANKRUPTCY JUDGE

Presented by:

*[signature]*
RICHARD L. WYNNE
**KIRKLAND & ELLIS**
Attorneys for the Official Committee of
Unsecured Creditor

## In re Reed Slatkin
## United States Bankruptcy Court Case No.: ND 01-11549 RR

### SUPPLEMENT TO PROOF OF CLAIM

Name of Creditor: _____

Address: _____

_____

_____

**Attach Additional Sheets If Necessary**

| Payments or Investments Made | | | | Payments Received | | | |
|---|---|---|---|---|---|---|---|
| Date[1] | Amount | To Whom[2] | Type[3] | Date[4] | Amount | From Whom[5] | Type[6] |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

[1] Date of payment to or investment with Slatkin or his Affiliates.
[2] Payment or investment made to what entity.
[3] Payment method: check, wire transfer, etc.

[4] Date of payment received from Slatkin or his Affiliates.
[5] Payment or investment made from what entity.
[6] Payment method: check, wire transfer, etc.

| File the Original of This Supplement Form with the Proof of Claim form with: | Mail A Copy of This Supplement Form with the Proof of Claim form to: |
|---|---|
| Clerk<br>United States Bankruptcy Court<br>1415 State Street<br>Santa Barbara, CA 93101 | Neilson Elggren LLP<br>c/o David Judd<br>10100 Santa Monica Blvd., Suite 410<br>Los Angeles, CA 90067 |

### IT IS REQUIRED THAT COPIES OF ALL SUPPORTING DOCUMENTATION BE ATTACHED.
### DO NOT SEND ORIGINAL DOCUMENTS.

EXHIBIT A

004

9

 

1   RICHARD L. WYNNE (SBN 120349)
    KIRKLAND & ELLIS
2   777 S. Figueroa Street, 34th Floor
    Los Angeles, California 90017
3   Telephone:   (213) 680-8400
    Facsimile:   (213) 680-8500
4
    Attorneys for Official Committee
5   of Unsecured Creditors

6   SUSAN MONTGOMERY (SBN 120667)
    GUMPORT REITMAN & MONTGOMERY
7   550 S. Hope Street, Suite 825
    Los Angeles, CA 90071-2627
8   Telephone:  (213) 452-4900

9   Attorneys for R. Todd Neilson, chapter 11
    trustee
10

11              UNITED STATES BANKRUPTCY COURT

12               CENTRAL DISTRICT OF CALIFORNIA

13                      NORTHERN DIVISION

14   In re                          Case No. ND 01-11549 RR

15   REED E. SLATKIN,               Chapter 11

16              Debtor.             NOTICE OF (1) LAST DATE TO FILE
                                    PROOFS OF CLAIM AND INTERESTS
17                                  AND (2) REQUIRING ALL CLAIMANTS,
                                    INCLUDING THOSE WHO
18                                  PREVIOUSLY FILED A PROOF OF
                                    CLAIM, TO FILE A SUPPLEMENT TO
19                                  PROOF OF CLAIM FORM
                                                    *February 28*
20                                  BAR DATE: ~~JANUARY 30,~~ 2002

21

22

23

24   TO ALL CREDITORS AND OTHER PARTIES IN INTEREST:

25        The United States Bankruptcy Court for the Central District of California has set a

26   deadline of ~~January 30,~~ *February 28* 2002 for claimants of the above-referenced Debtor to file

27   claims against the Debtor's estate.

28

     5396/P005/Bar Date Notice                    1                        -- - - 10
                                 EXHIBIT B                                  005

 

PLEASE TAKE NOTICE THAT YOU HAVE AN AFFIRMATIVE DUTY TO REVIEW THIS NOTICE AND TIMELY FILE ANY PROOF OF CLAIM AND THE REQUIRED SUPPLEMENT TO PROOF OF CLAIM THAT YOU DEEM APPPROPRIATE AND TO ENSURE THAT THE ABOVE FILING DEADLINE IS MET. YOU SHOULD NOT RELY ON YOUR AGENT(S), ATTORNEY(S) OR ANYONE ELSE TO MEET THE DEADLINE SPECIFIED IN THIS NOTICE. ATTACHED HERETO IS A BLANK PROOF OF CLAIM FORM AND A BLANK SUPPLEMENT TO PROOF OF CLAIM FORM.

**THE BANKRUPTCY COURT'S ORDER**

A.    THE ORDER OF THE BANKRUPTCY COURT ESTABLISHES ~~JANUARY 30~~, *February 28* 2002, at 4:00 P.M., PACIFIC TIME, AS THE LAST DAY TO FILE PROOFS OF CLAIM AND PROOFS OF INTEREST WITH THE BANKRUPTCY COURT ("BAR DATE"), EXCEPT FOR THE FOLLOWING:

(1)    Claims arising from rejection of executory contracts or unexpired leases;

(2)    Claims of governmental units; and

(3)    Claims arising as the result of avoidance of transfer or obligation actions pursuant to chapter 5 of the Bankruptcy Code.

B.    The holder of any claim or interest that files a Proof of Claim or Proof of Interest must comply with the Bankruptcy Code and all applicable rules and must file the proof of claim or proof of interest in the Debtor's bankruptcy case.

C.    **All Proofs of Claim and the required Supplement to Proof of Claim Form and Proofs of Interest must be filed with the Clerk of the Bankruptcy Court by mail, or in person, at the following address on or before ~~January 30~~,** *February 28* **2002, at 4:00 p.m. Pacific Time:**

Clerk, United States Bankruptcy Court
1415 State Street
Santa Barbara, CA 93101

1    D.    Claimants should also serve a copy of their Proofs of Claim, Supplement

2    to Proof of Claim Form and Proof of Interest on the Trustee, on or before ~~January 30~~ *February 28*

3    2002 at 4:00 p.m. Pacific Time, at the following address:

4

5                    Neilson Elggren LLP
                     c/o David Judd
6                    10100 Santa Monica Blvd., Suite 410
                     Los Angeles, CA 90067

7    E.    The holder of any claim or interest against the Debtor who is required to

8    file a Proof of Claim or Proof of Interest but who fails to file with the Bankruptcy Court a

9    proof of claim or proof of interest, along with the supplement to proof of claim on or

10   before ~~January 30~~ *February*, 2002, at 4:00 p.m. Pacific Standard Time ~~is~~ *may be*:

11            (1)    ~~forever~~ barred from participating in the Debtor's bankruptcy case;

12            (2)    ~~forever~~ barred from receiving any distributions from the Debtor's

13                   bankruptcy estate; and

14            (3)    ~~forever~~ barred from all mailing and service lists in the Debtor's

15                   bankruptcy case.

16   F.    With respect to any rejected executory contract or unexpired lease,

17   pursuant to 11 U.S.C. Section 365 the last day to file a proof of claim is (a) thirty (30)

18   days after the date of entry of the order authorizing the rejection or (b) ~~January 30~~ *February 28*,

19   2002, whichever is later.

20   G.    The last day to file Proofs of Claim arising from avoidance of transfers or

21   obligations is (a) 30 days after entry of the order or judgment avoiding such transfer or

22   obligation or (b) ~~January 30~~ *February 28*, 2002, whichever is later.

23   **H.    The Bankruptcy Court's Order requires that all claimants shall timely**

24   **file their Proof of Claim and the Supplement to Proof of Claim form and provide**

25   **the requested information and documentation therein, including the date and**

26   **amount of all payments made and payments received, and all supporting**

27   **documents, on account of their claim or investment.**

28

**EXHIBIT B**

007

 

1    I.    **All creditors who have previously filed a Proof of Claim on the**

2    **standard form must still file the Supplement to Proof of Claim form by** ~~January 30~~ *February 2*,

3    **2002.**

4         Failure to timely file a Proof of Claim or Proof of Interest and the Supplement to

5    Proof of Claim form on or before the deadline may result in disallowance of the claim

6    without further notice or hearing, unless the claimant files a motion to allow a late filed

7    claim on the basis that the failure to file was the result of excusable neglect.  11 U.S.C.

8    §502(b)(9)); F.R.B.P. 9006(b)(1).  Claimants may wish to consult an attorney to protect

9    their rights.

10

11   DATED: October __, 2001              GUMPORT REITMAN & MONTGOMERY

12

13

14                                       By: _____

15                                           SUSAN MONTGOMERY
                                             Attorneys for R. Todd Neilson,
16                                           Chapter 11 Trustee

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF SERVICE

I am over the age of eighteen years and not a party to the within action. I am employed in an office that employs a member of the bar of this Court, at whose direction the within service was made. My business address is KIRKLAND & ELLIS, 777 South Figueroa Street, Los Angeles, California 90017.

On **October 23, 2001**, I served the following **ORDER GRANTING MOTION (1) FIXING LAST DATE FOR FILING PROOFS OF CLAIM OR INTEREST; (2) APPROVING FORM AND MANNER OF NOTICE; (3) APPROVING REQUIRED SUPPLEMENT TO PROOF OF CLAIM FORM; AND (4) REQUIRING ALL CLAIMANTS, INCLUDING THOSE WHO HAVE PREVIOUSLY FILED A PROOF OF CLAIM, TO FILE A SUPPLEMENT TO PROOF OF CLAIM FORM** on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes addressed as follows:

### SEE ATTACHED SERVICE LIST

The above-described pleading was transmitted to the indicated parties set forth above in the manner described below:

**By United States Mail.**

[ ] \*I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

[X] As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 23, 2001, at Los Angeles, California.

I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Susan Perry

UNITED STATES TRUSTEE
Brian Fittipaldi
Staff Attorney
128 East Carillo Street
Santa Barbara, CA 93101

Chapter 11 Trustee
R. Todd Neilson
Neilson Elggren LLP
10100 Santa Monica Blvd., #410
Los Angeles, CA 90067

Atys to Chapter 11 Trustee
John P. Reitman
Gumport Reitman & Montgomery
550 South Hope Street, Suite 825
Los Angeles, CA 90071-2627

Attorneys for Santa Barbara
Capital Management
William C. Beall
Beall & Burkhardt
1114 State Street
La Arcada Building, Suite 200
Santa Barbara, CA 93101

Attorneys to Creditors
Leslie A. Cohen, Esq.
Liner & Yankelevitz
3130 Wilshire Boulevard
2nd Floor
Santa Monica, CA 90403



NOTE TO USERS OF THIS FORM:
Physically attach this form as the last page of the proposed Order or Judgment.
Do **not** file this form as a separate document.

| In re          (SHORT TITLE) | CHAPTER    11 |
|---|---|
| REED E. SLATKIN,<br><br>        DEBTOR. | CASE NUMBER: ND 01-11549-RR<br><br>FILED<br>OCT 2 4 2001<br>CLERK U.S BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY          Deputy Clerk |

## NOTICE OF ENTRY OF JUDGMENT OR ORDER
## AND CERTIFICATE OF MAILING

TO ALL PARTIES IN INTEREST ON THE ATTACHED SERVICE LIST:

1.    You are hereby notified, pursuant to Local Bankruptcy Rule 116(1)(a)(iv), that a judgment or order entitled,
      *(specify)*:


**ORDER GRANTING MOTION (1) FIXING LAST DATE FOR FILING PROOFS OF CLAIM OR INTEREST; (2) APPROVING FORM AND MANNER OF NOTICE; (3) APPROVING REQUIRED SUPPLEMENT TO PROOF OF CLAIM FORM; AND (4) REQUIRING ALL CLAIMANTS, INCLUDING THOSE WHO HAVE PREVIOUSLY FILED A PROOF OF CLAIM, TO FILE A SUPPLEMENT TO PROOF OF CLAIM FORM**


      was entered on *(specify date)*:    OCT 2 4 2001

2.    I hereby certify that I mailed a copy of this notice and a true copy of the order or judgment to the persons and entities on the attached service list on *(specify date)*:
                                          OCT 2 4 2001

DATED:    OCT 2 4 2001


                                          JON D. CERETTO
                                          Clerk of the Bankruptcy Court

                                          by: _____

UNITED STATES TRUSTEE
Brian Fittipaldi
Staff Attorney
128 East Carillo Street
Santa Barbara, CA 93101

Committee Counsel
Richard L. Wynne
Kirkland & Ellis
777 South Figueroa Street
Los Angeles, California  90017

Chapter 11 Trustee
R. Todd Neilson
Neilson Elggren LLP
10100 Santa Monica Blvd., #410
Los Angeles, CA 90067

Attys to Chapter 11 Trustee
John P. Reitman
Gumport Reitman & Montgomery
550 South Hope Street, Suite 825
Los Angeles, CA 90071-2627

Attorneys for Santa Barbara Capital Management
William C. Beall
Beall & Burkhardt
1114 State Street
La Arcada Building, Suite 200
Santa Barbara, CA 93101

Attorneys to Creditors
Leslie A. Cohen, Esq.
Liner & Yankelevitz
3130 Wilshire Boulevard, 2nd Floor
Santa Monica, CA 90403