Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan (DS 4818)
Email: dsheehan@bakerlaw.com
Richard J. Bernard (RB 6371)
Email: rbernard@bakerlaw.com

Hearing Date: February 24, 2009 at 10:00 a.m.
Objection Deadline: February 20, 2009 at noon

*Attorneys for Irving H. Picard, Esq.,*
*Trustee for the SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation |

**MOTION FOR ORDER PURSUANT TO SECTION 78eee(b)(5) OF SIPA,**
**SECTIONS 105, 330 AND 331 OF THE BANKRUPTCY CODE,**
**BANKRUPTCY RULE 2016(a) AND LOCAL BANKRUPTCY RULE 2016-1**
**ESTABLISHING PROCEDURES GOVERNING INTERIM MONTHLY**
**COMPENSATION OF TRUSTEE AND BAKER & HOSTETLER LLP**

Irving H. Picard, Esq. (the "Trustee"), as Trustee for the liquidation of the business of

Bernard L. Madoff Investment Securities LLC (the "Debtor"), by and through his undersigned

counsel, hereby moves (the "Motion") the Court for entry of an order substantially in the form of

Exhibit A hereto (the "Interim Compensation Procedures Order"), establishing procedures

governing interim monthly compensation for the Trustee and his counsel Baker & Hostetler LLP

102641327.5

("B&H," and together with the Trustee, the "Applicants"),[1] pursuant to section 78eee(b)(5) of the Securities Investor Protection Act ("SIPA"), 15 U.S.C.§ 78eee(b)(5), sections 105, 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2106-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Bankruptcy Rules"). In support of this Motion, the Trustee respectfully represents as follows:

## BACKGROUND

1. On December 11, 2008 (the "Filing Date"),[2] the Securities and Exchange Commission ("SEC") filed a complaint in the United States District Court for the Southern District of New York against defendants Bernard L. Madoff and the Debtor (together, the "Defendants") (No. 08 CV 10791). The complaint alleged that the Defendants engaged in fraud through investment advisor activities of the Debtor.

2. On December 12, 2008, the Honorable Louis L. Stanton of the United States District Court for the Southern District of New York entered an order which appointed Lee S. Richards, Esq., as receiver (the "Receiver").

3. On December 15, 2008, Judge Stanton entered an order pursuant to SIPA (the "Protective Decree"), which, in pertinent part:

   (a) appointed the Trustee for the liquidation of the business of the Debtor pursuant to section 78eee(b)(3) of SIPA;

   (b) appointed Baker & Hostetler, LLP as counsel ("Counsel") to the Trustee pursuant to section 78eee(b)(3) of SIPA; and

   (c) removed the case to this Bankruptcy Court pursuant to section 78eee(b)(4) of SIPA.

---

[1] The Trustee will seek compensation as a member of Baker and will not seek separate commissions as Trustee of the Debtor pursuant to section 326 of the Bankruptcy Code.
[2] See section 78*lll*(7)(B) of SIPA.

-2-

102641327.5

## RELIEF REQUESTED

4. Pursuant to section 78eee(b)(5) of SIPA, sections 105(a) and 331 of the Bankruptcy Code, Rule 2016(a) of the Bankruptcy Rules and Local Bankruptcy Rule 2016-1, and in accordance with the standing General Orders M-219 and M348 of the United States Bankruptcy Court for the Southern District of New York (the "Standing Orders"), the Trustee hereby seeks the entry of an order establishing an orderly, regular process for the allowance and payment of compensation and reimbursement for the Applicants.[3]

5. In conjunction with the Standing Orders,[4] the Trustee proposes that the payment of compensation and reimbursement of expenses of the Applicants be structured as follows:

   (a) On or before the twentieth (20th) day of each month following the month for which compensation is sought, the Applicants seeking compensation pursuant to this Order shall serve a monthly statement (a "Monthly Statement"), by electronic mail or overnight delivery, on SIPC.[5]

   (b) The Monthly Statement need not be filed with the Court and a courtesy copy need not be delivered to chambers since this Order is not intended to alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy Code and since the Applicants are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of SIPA, the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules;

   (c) Each Monthly Statement must contain a list of the individuals and their respective titles (e.g., attorney or paralegal) who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred and

---

[3] A SIPA trustee also has authority, subject to approval from SIPC but without need for Court approval, to among other things "hire and fix the compensation of all personnel (including officers and directors of the debtor and of its examining authority) and other persons (including accountants) that are deemed necessary for all or any purposes of the liquidation proceeding." SIPA § 78fff-1(a)(1). To date, the Trustee has retained AlixPartners LLP to provide, inter alia, accounting, claim management and noticing services, FTI Consulting, Inc. to provide forensic support and Lazard Frères & Co. LLC to provide investment banking services.

[4] While the proposed procedures, as described below, conform substantially to the model procedures found within the Standing Orders, the proposed procedures differ to the extent that certain procedures are inapplicable to a SIPA liquidation. In addition, the proposed procedures differ to the extent that they extend certain time periods.

[5] The United States Trustee does not play a role in a SIPA proceeding, as to professional retention matters or otherwise. See, e.g., Bankruptcy Rule 2002(k). Such function is generally mirrored by SIPC's role in the proceeding, and the Trustee and B&H have and will continue to work closely with SIPC in all phases of the liquidation.

-3-

102641327.5

contemporaneously maintained time entries for each individual in increments of tenths of an hour;

(d) SIPC will have at least twenty (20) days after its receipt of a Monthly Statement to review it and, if SIPC has an objection to the compensation or reimbursement sought in a particular Monthly Statement, SIPC shall, by no later than thirty (30) days following the expiration of the month for which compensation is sought, subject to any reasonable extension required by SIPC, serve upon the Applicants a written "Notice of Objection to Fee Statement," setting forth the nature of the objection and the amount of fees or expenses at issue;

(e) At the expiration of the thirty (30) day period, the Trustee shall promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses identified in each Monthly Statement to which no objection has been served in accordance with paragraph (d) hereof;

(f) If the Trustee receives an objection to a particular Monthly Statement, he shall withhold payment of that portion of the Monthly Statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e) hereof;

(g) Similarly, if SIPC and the Applicants are able to resolve their dispute following the service of a Notice of Objection to Fee Statement, then the Trustee shall promptly pay, in accordance with paragraph (e) hereof, that portion of the Monthly Statement that is no longer subject to an objection;

(h) All objections that are not resolved by the parties shall be preserved and scheduled for hearing before the Court at the next interim or final fee application hearing to be heard by the Court in accordance with paragraph (j) hereof;

(i) The service of an objection in accordance with paragraph (d) hereof shall not prejudice SIPC's right to object to any fee application made to the Court in accordance with SIPA or the Bankruptcy Code on any ground, whether raised in the objection or not. Furthermore, the decision by SIPC not to object to a Monthly Statement shall not be a waiver of any kind or prejudice SIPC's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code;

(j) Approximately every 120 days (but not less frequently than every 150 days), the Applicants shall serve and file with the Court, in accordance with General Order M-242, as amended by General Order M-269 (both of which can be found at www.nysb.uscourts.gov) and pursuant to section 78eee(b)(5) of SIPA and sections 330 and 331 of the Bankruptcy Code, an application for interim or final (as the case may be) Court approval and allowance of the compensation and reimbursement of expenses and the Trustee shall schedule a hearing at which all such applications will be heard;

(k) Should the Applicants fail to file an application seeking approval of compensation and expenses previously paid under this Order when due (i) they may be ineligible to receive further monthly payments of fees or reimbursement of expenses as provided herein until further order of the Court and (ii) upon Court order after notice and a hearing, may be required to disgorge any fees paid since retention or the last fee application, whichever is later;

(l) The pendency of an application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Statement shall not disqualify the Applicants from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court;

(m) Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of the Applicants; and

(n) SIPC may, upon notice to the Applicants, seek Court approval to modify the procedures contained herein at any time during the pendency of the liquidation.

6. The Trustee further proposes that the Applicants may seek, in their first Monthly Statement, compensation for work performed and reimbursement for expenses incurred during the period beginning on December 15, 2008 and ending on January 31, 2009. The first interim fee application for the Applicants shall seek compensation and reimbursement of expenses for the period from December 15, 2008 to April 30, 2009.

**BASIS FOR RELIEF REQUESTED**

7. Pursuant to section 78eee(b)(5)(A) of SIPA, the Court shall grant reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred (hereinafter in this paragraph referred to as "allowances") by a trustee, and by the attorney for such a trustee, in connection with a liquidation proceeding…. Allowances may be granted on an interim basis during the course of the liquidation proceeding at such times and in such amounts as the court considers appropriate.

8. Pursuant to section 331 of the Bankruptcy Code,[6] the Applicants are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more often if the court permits.[7] In addition, section 105(a) of the Bankruptcy Code authorizes the court to issue any order "that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]," thereby codifying the bankruptcy court's inherent equitable powers.

9. The proposed procedures follow SIPC's role, as mandated by SIPA, to review and provide recommendations as to the Applicants' compensation and reimbursement requests. SIPA § 78eee(b)(5)(C) ("SIPC shall file its recommendation with respect to such allowances with the court prior to the hearing on such application and shall, if it so requests, be allowed a reasonable time after such hearing within which to file a further recommendation"); *Holmes v. Securities Investor Protection Corp.*, 503 U.S. 258, 274 n.21 (1992) (recognizing that "SIPC's recommendation to court on trustee's compensation is entitled to considerable reliance and is, under certain circumstances, binding"); *In re Donald Sheldon & Co, Inc.* 153 B.R. 661, 668 (Bankr. S.D.N.Y. 1993) (SIPA requires . . . that we 'place considerable reliance on the recommendation of SIPC' in ruling on [the Trustee's] application [for fees and expenses]") (internal citation omitted).

10. The proposed procedures further will enable the Trustee to monitor closely the costs of administration. These procedures will also allow the Court, SIPC and the key parties in

---

[6] Section 331 of the Bankruptcy Code provides, in part, as follows:
A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title.
11 U.S.C. § 331.

[7] Section 78eee(b)(5)(B) of SIPA provides that "[a]ny person seeking allowances shall file with the court an application which complies in form and content with the provisions of title 11 [of the United States Code]."

-6-

102641327.5

interest to ensure the reasonableness and necessity of the compensation and reimbursement sought pursuant to such procedures.

11. The Applicants have provided copies of this Motion and the proposed Interim Compensation Procedures Order to SIPC. Counsel for SIPC has informed the Trustee that SIPC does not object to the relief requested herein.

12. Moreover, procedures, similar to those proposed herein, have been approved in the SIPA Liquidation of Lehman, *SIPC v. Lehman Brothers, Inc.*, Adv. Pro. No. 08-1420, in this District.

## NOTICE

13. Notice of this Motion has been provided by U.S. mail, postage prepaid, or email to (i) all parties that have filed a notice of appearance in this case; (ii) SIPC; (iii) the SEC; (iv) the Internal Revenue Service (the "IRS"); and (v) the United States Attorney for the Southern District of New York (collectively, the "Notice Parties"). The Trustee submits that no other or further notice need be given.

## NO PRIOR REQUEST

14. No prior request for the relief sought in this Motion has been made to this or any other Court. SIPC has reviewed the Motion and supports the relief requested herein.

WHEREFORE, the Trustee respectfully requests that the Court (a) enter an order substantially in the form attached hereto as Exhibit A, granting the relief requested herein; and (b) grant such other and further relief to the Trustee as the Court may deem just and proper.

Dated: New York, New York
February 12, 2009

Respectfully submitted,

*/s/ David J. Sheehan*
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan (DS 4818)
Email: dsheehan@bakerlaw.com
Richard J. Bernard (RB 6371)
Email: rbernard@bakerlaw.com

*Attorneys for Irving H. Picard, Esq.,*
*Trustee for the SIPA Liquidation of Bernard L.*
*Madoff Investment Securities LLC*

102641327.5