UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
In re                                                                :
                                                                     :    Chapter 7
MARCIA CAMPBELL,                                                     :
                                                                     :    Case No. 17-13518 (CMG)
                         Debtor.                                     :
                                                                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**ORDER GRANTING TRUSTEE'S APPLICATION SEEKING AN ORDER UNDER BANKRUPTCY CODE SECTIONS 363(a), (b), (f) AND (m) AND RULES 2002 AND 6004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE: (1) AUTHORIZING THE TRUSTEE TO SELL THE REAL PROPERTY KNOWN AS 3939 WHITE PLAINS ROAD, BRONX, NEW YORK 10466 TO THE HIGHEST AND BEST BIDDER AT AN AUCTION SALE; (2) SCHEDULING A HEARING TO APPROVE SUCH SALE TO THE HIGHEST AND BEST BIDDER; (3) APPROVING CERTAIN BIDDING PROCEDURES; AND (4) APPROVING THE MANNER AND EXTENT OF NOTICE OF SUCH AUCTION HEARING**

THIS MATTER having come before this Court upon the motion [**Doc. No. 74**] (the "Motion")[1] of John S. Pereira, as chapter 7 trustee ("Trustee") for the estate of Marcia Campbell (the "Debtor"), for entry of an order, pursuant to sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002(a)(2) and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rule"), Local Rules 6004-1 and 9006-1 (the "Local Rules"), *inter alia*, (i) authorizing and approving the bidding procedures for the sale of the Trustee right, title and interest of the real property located at 3939 White Plains Road, Bronx, New York 10466 [Block 4825, Lot 5] ("Real Property"), at public auction, free and clear of all liens, claims, encumbrances and other interests, (ii) scheduling a hearing to approve the sale of the Real Property to the highest and best bidder at the auction sale; (iii) approving terms and conditions for submitting offers and approving the form and manner of notice with respect to the hearing on the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

45855637;4

§§ 157 and 1334; and it appearing that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having granted the Trustee's *ex-parte* motion to shorten the notice period on the Motion **[Doc. No. 83]**; and the limited opposition to the Motion filed by Ninel Baker ("Baker") **[Doc. No. 80]** having been resolved (the "Baker Opposition"); and the late-filed opposition to the Motion filed by the Debtor **[Doc. No. 86]** having been overruled (the "Debtor Opposition," together with the Baker Opposition, the "Oppositions"); and a reply to the Debtor's Opposition having been filed by 3939 White Plains Road Funding Associates ("WPR") **[Doc. No. 87]** (the "Reply"); and the Court having reviewed the Motion, the Oppositions, and the Reply; and the Court having heard arguments in support of and in opposition to the relief requested in the Motion at a hearing held on August 7, 2018 (the "Hearing"); and proper and adequate notice of the Motion and the Hearing having been given; and it further appearing that the legal and factual basis set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and the Court having determined that the relief sought by the Trustee is appropriate under the circumstances; and upon the representation by the Trustee and his counsel that WPR and Baker having consented to the Motion; and good and sufficient cause having been shown; it is hereby **ORDERED**, as follows:

1. The Motion is hereby granted as set forth herein.

2. The Trustee is authorized to sell the Real Property to the highest and best bidder at an auction sale ("Auction Sale") to be held on **Tuesday, August 14, 2018 at 11:00 a.m. (EDT)** at the United States Bankruptcy Court, Southern District of New York, One Bowling Green, Room 610, New York, NY 10004. The Auction Sale shall be advertised on the website of MYC, the Trustee's Broker retained by Court Order. At the conclusion of said Auction Sale,

the Trustee may recommend to the Court the proposed successful bidder and ask that the Court approve the sale to such successful bidder.

5. The dates and deadlines with respect to the bidding on the Property (the "Bidding Procedures"), as set forth in the Motion as Exhibit B and attached hereto as **Exhibit 1**, are hereby approved (subject to modification as needed).

6. The Court shall hold a hearing on the Sale of the Property on **August 23, 2018 at 9:30 a.m. (prevailing Eastern Time)** before the Honorable Cecelia G. Morris, United States Bankruptcy Chief Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Courtroom 627, New York, NY 10004 (the "Sale Hearing"). The Sale Hearing may be adjourned without further notice other than announcement in open Court or on the Court's calendar.

7. The Trustee is authorized to sell to the proposed successful bidder, subject to higher and better offers, the Debtor's estates interest in the Real Property, free and clear of all liens, claims, encumbrance, and other interests, with such liens, claims, encumbrances and other interests to attach to the net proceeds of the Auction Sale in order of priority to the extent that the liens existed prior to the filing of the petition on December 8, 2017, under Bankruptcy Code Sections 363(b), (f) and (m).

9. The Auction Sale of the Real Property is expressly subject to any and all occupancies, hold-overs, tenancies and/or leases, or any other possessory interest in the Real Property that may exist; and it is further

10. The proceeds of the Auction Sale are to be held by the Trustee in a segregated account.

11. The Trustee shall not disburse any funds without further order of the Court.

12. The Trustee shall serve a copy of this Order by e-mail, facsimile or overnight delivery upon: (i) all creditors, (ii) any party having filed a notice of appearance and demand for service in this case, (iii) any parties in interest and any party that has expressed an interest in the Real Property, and (iv) the Office of the United States Trustee by no later than five (5) days after the date of entry of this Order, and shall file an affidavit of service attesting to service of the Order.

13. The fourteen (14) day stay under Bankruptcy Rule 6004(h) is hereby waived.

14. The Court shall retain jurisdiction to consider any disputes or other issues that may arise relating to this Order. To the extent any provisions of this Order shall be inconsistent with the Motion, the terms of this Order shall control.



**Dated: August 13, 2018**
**Poughkeepsie, New York**

/s/ Cecelia G. Morris
_____
**Hon. Cecelia G. Morris**
**Chief U.S. Bankruptcy Judge**

4

45855637;4