David J. Sheehan (DS 4818)  
Email: dsheehan@bakerlaw.com  
Richard J. Bernard (RB 6371)  
Email: rbernard@bakerlaw.com  
Elyssa S. Kates (EK 8439)  
Email: ekates@bakerlaw.com  
BAKER & HOSTETLER LLP  
45 Rockefeller Plaza  
New York, New York  10111  
Telephone:    (212) 589-4200  
Facsimile:    (212) 589-4201  

*Attorneys for Irving H. Picard, Esq.,*  
*Trustee for the SIPA Liquidation of Bernard L.*  
*Madoff Investment Securities LLC*

Hearing Date: February 24, 2009  
Hearing Time: 10:00 a.m.

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　　Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　　　Defendant. | Adv. Pro. No. 08-1789 (BRL)<br><br>SIPA Liquidation |

**TRUSTEE'S OBJECTION TO DCFS USA LLC'S MOTIONS FOR RELIEF FROM**  
**AUTOMATIC STAY AND REQUEST FOR SANCTIONS**

Irving H. Picard (the "Trustee"), trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC (the "Debtor"), for his objection (the "Objection") to DCFS USA LLC's ("DCFS") three Motions (the "Motions") for Relief From Automatic Stay Pursuant to 11 U.S.C. Section 362(d)(1) and for his request for sanctions, respectfully represents as follows:

102697824

## PRELIMINARY STATEMENT

1. The Motions should be denied as moot because this Court has already entered an order (the "Order") (docket no. 75), rejecting the leases (the "Leases") for the 2007 Mercedes S550V (V.I.N. WDDNG71XX7A094596), 2008 Mercedes GL450 (V.I.N. 4JGBF71E78A326325), and 2009 Mercedes S550-4 (V.I.N. WDDNG86X49A254361), (the "Vehicles"), which are the subject of the Motions. Additionally, the Trustee scheduled and effectuated the return of the Vehicles in December 2008. Accordingly, neither the Trustee nor the Debtor's estate has any interest in the Vehicles.

2. Additionally, the Trustee is seeking sanctions in the form of reimbursement of his attorneys' fees and expenses for responding to the Motions because the Trustee, though his attorneys, has repeatedly tried to resolve this matter without Court intervention and the attending costs and expenses. However, counsel for DCFS has refused to respond to repeated voicemails and correspondence.

## BACKGROUND

3. On December 11, 2008 (the "Filing Date"),[1] the Securities and Exchange Commission ("SEC") filed a complaint in the United States District Court for the Southern District of New York against defendants Bernard L. Madoff and the Debtor (together, the "Defendants") (No. 08 CV 10791). The complaint alleged that the Defendants engaged in fraud through investment advisor activities of the Debtor.

4. On December 12, 2008, the Honorable Louis L. Stanton of the United States District Court for the Southern District of New York entered an order which appointed Lee S. Richards, Esq., as receiver (the "Receiver").

---

[1] See section 78*lll*(7)(B) of SIPA.

5. On December 15, 2008, Judge Stanton entered the Protective Decree, which, in pertinent part:

 a. appointed the Trustee for the liquidation of the business of the Debtor pursuant to section 78eee(b)(3) of SIPA;

 b. appointed Baker & Hostetler, LLP as counsel ("Counsel") to the Trustee pursuant to section 78eee(b)(3) of SIPA; and

 c. removed the case to this Bankruptcy Court pursuant to section 78eee(b)(4) of SIPA.

Rejection of the Leases and Return of the Vehicles:

6. On December 30, 2008, the 2007 Mercedes S550V and 2009 Mercedes S550-4 were returned to their respective dealerships. On December 31, 2008, the 2008 Mercedes GL450 was returned to its dealership.

7. On January 21, 2009, the Trustee filed the Trustee's Motion Pursuant to Sections 105(a) and 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006 Seeking Authority to Reject Executory Contracts on a *Nunc Pro Tunc Basis* (the "Initial Rejection Motion") (docket no. 39). On January 23, 2009, the Trustee filed the Trustee's Amended Motion Pursuant to Sections 105(a) and 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006 Seeking Authority to Reject Executory Contracts on a *Nunc Pro Tunc Basis* (the "Amended Rejection Motion", and together with the Initial Rejection Motion, the "Rejection Motion") (docket no. 43). Among other things, the Trustee sought to reject the Leases on the Vehicles *nunc pro tunc* to the December 11, 2008 Filing Date.

8. On February 4, 2009, this Court entered the Order (docket no. 75), granting the Rejection Motion and rejecting the Leases *nunc pro tunc* to December 11, 2008.

The Motions and the Trustee's Attempts to Resolve the Motions:

9.  On February 4, 2009, the same day the Court entered the Order, DCFS filed the Motions (docket nos. 66, 67 and 68), seeking relief from the automatic stay to, among other things, obtain possession of the Vehicles in order to dispose of them, despite acknowledging that the Vehicles have been surrendered.

10. Counsel for the Trustee repeatedly attempted to resolve the Motions by trying to contact DCFS' counsel by telephone, facsimile and email.  DCFS' counsel failed to respond to most of these attempts.  Among other things, DCFS' attorneys failed to respond to correspondence sent to DCFS' counsel on February 13, 2009 stating that neither the Trustee nor the Debtor estate had any interest in the Vehicles.  Copies of the February 5, 2009 email from Elyssa S. Kates, Esq. to Martin A. Mooney, Esq. and the February 13, 2009 letter from Elyssa S. Kates, Esq. to Pilar Cano, Esq. are attached collectively hereto as Exhibit "A".  Thus, the Trustee has been unable to resolve the Motions without the need for Court intervention.

**OBJECTION**

Stay Relief Should be Denied:

11. The Trustee submits that, under the circumstances, because the Leases were rejected pursuant to the Order and the Vehicles were returned to their respective dealerships in December 2008, the relief sought in the Motions is moot.

12. The rejection of a lease constitutes an abandonment of the property which removes the property from the estate. C.f. Stoltz v. Brattleboro Housing Authority (In re Stoltz), 315 F.3d 80, 86 (2d Cir. 2002) ("A rejected lease is abandoned and no longer property of the estate."); In re Damianopoulos, 93 B.R. 3, 6 (Bankr. N.D.N.Y. 1988 (denying lessor's motion for relief from the stay as moot for lease that was rejected as a matter of law because the lease was

no longer estate property nor did the debtor retain any interest in the lease.)  The automatic stay does not apply to property that is not part of the estate.  In re Damianopoulos, 93 B.R. at 6 (if a "lease is not property of the estate, the automatic stay does not affect it.").

13.    Here, the Trustee's return of the Vehicles, together with the entry of the Order, constitutes an abandonment of the Vehicles.  The Debtor's estate has no property interest under the Leases or to the Vehicles, thus the automatic stay does not apply.  Accordingly, DCFS' Motions should be denied as moot.

The Court Should Enter Sanctions:

14.    Counsel for the Trustee has provided DCFS' attorneys with a copy of the Order and has also represented in writing that neither the Trustee nor the Debtor estate have any interest in the Vehicles.  As indicated in the Motions, DCFS is also aware that the Vehicles have been returned and the Trustee does not have possession of the Vehicles.  DCFS' attorneys have also failed to respond to several attempts to contact them.  Under the circumstances, DCFS' bad faith in pursuing meritless Motions warrants the imposition of sanctions.

15.    Courts have inherent authority to issue sanctions "and to require the payment of the other party's attorney's fees by one who has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" In re Spectee Group, Inc., 185 B.R. 146, 155 (Bankr. S.D.N.Y. 1995) (quoting Oliveri v. Thompson, 803 F.2d 1265, 1272 (2d Cir. 1986)).  A court's authority to issue sanctions against a litigant or an attorney "is not limited to bad faith filings; the Court can award sanctions either for commencing or for continuing an action in bad faith, vexatiously, wantonly, or for oppressive reasons."  Id.  "[B]ad faith may be inferred where the action is completely without merit."  60 East 80th Street Equities, Inc. v. Sapir (In re 60 East 80th Street Equities, Inc.), 218 F.3d 109, 116 (2d Cir. 2000).

16.     In addition to the Court's inherent authority, 28 U.S.C. § 1927 authorizes this Court to enter sanctions against DCFS' counsel, and provides in relevant part that:

> Any attorney or other person … who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

17.     The standard for the imposition of sanctions under 28 U.S.C. § 1927 is similar to the standard for imposing sanctions pursuant to the Court's inherent authority. In re Spectee Group, Inc., 185 B.R. at 158. "Indeed, the only meaningful difference between an award made under § 1927 and one made pursuant to the court's inherent power is … that awards made under § 1927 are made only against attorneys or other persons authorized to practice before the courts…" Id. (quoting Oliveri v. Thompson, 803 F.2d at 1273).

18.     As set forth above, DCFS' decision to pursue the Motions in light of the Order and the Trustee's written notice to DCFS' counsel that neither the Trustee nor the Debtor estate retain any interest in the Vehicles, coupled with DCFS' attorneys' failure to respond to several attempts to contact them warrant the imposition of sanctions. Accordingly, the Trustee seeks an award of sanctions in the amount of fees and expenses incurred in preparing and prosecuting this Objection. The Trustee respectfully requests that, if the Court awards sanctions, the Trustee be permitted to submit proof of the amount of fees and costs within ten (10) days of the entry of the order granting the request.

WHEREFORE, the Trustee respectfully request the Court enter an order denying the Motions, awarding the Trustee sanctions, and for such other and further relief as the Court deems just and proper.

Dated: New York, New York
February 19, 2009

Respectfully submitted,

/s/ Richard J. Bernard
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan (DS 4818)
Email: dsheehan@bakerlaw.com
Richard J. Bernard (RB 6371)
Email: rbernard@bakerlaw.com
Elyssa S. Kates (EK 8439)
Email: ekates@bakerlaw.com

*Attorneys for Irving H. Picard, Esq.
Trustee for the SIPA Liquidation of Bernard L.
Madoff Investment Securities LLC*