# **EXHIBIT A**

## Kates, Elyssa S.

| | |
|---|---|
| **From:** | Kates, Elyssa S. |
| **Sent:** | Thursday, February 05, 2009 8:45 PM |
| **To:** | 'mmooney@deilylawfirm.com' |
| **Subject:** | Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC - Adv. Pro. No. 08-1789 (BRL) |
| **Attachments:** | Order authorizing rejection of vehicles.pdf |

Mr. Mooney,

I write to follow up on the message I left for you yesterday regarding the motions for relief from the automatic stay you filed and the Order Pursuant to Sections 105(a) and 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006, Authorizing Rejection of Executory Contracts on a Nunc Pro Tunc Basis. Attached for your convenience is a copy of the Order. Please call me at your first convenience to discuss the Motions and the Order.

Thank you,

Elyssa Kates

My Bio  |  Web site  |  V-card

T 212.589.4227
F 212.589.4201
www.bakerlaw.com

Elyssa S. Kates
ekates@bakerlaw.com

Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111



2/19/2009

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (BRL)<br>SIPA Liquidation |

**ORDER PURSUANT TO SECTIONS 105(a) AND 365(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 6006, AUTHORIZING REJECTION OF EXECUTORY CONTRACTS ON A *NUNC PRO TUNC* BASIS**

Upon the motion, dated January 21, 2009 and the amended motion dated January 23, 2009 (together, the "Motion")[1] of Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC (the "Debtor") pursuant to the Securities Investor Protection Act ("SIPA"), pursuant to sections 105(a) and 365(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for authority to reject certain executory contracts as of the Filing Date, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and a

---

[1] Capitalized terms not defined herein shall have the meaning used in the Motion.

hearing (the "Hearing") having been held on February 4, 2009 to consider the relief requested in the Motion, and upon the record of the Hearing, and all of the proceedings had before the Court; and there having been a Limited Objection to the Motion filed by Craig Kugel, and the Court having overruled such Limited Objection for the reasons stated on the record; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor, its estate, customers and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Motion is hereby granted; and it is further

ORDERED that the rejection of each Rejected Lease is authorized and approved pursuant to section 365(a) of the Bankruptcy Code. Each Rejected Lease is hereby rejected by the Trustee, effective as of the December 11, 2008 Filing Date; and it is further

ORDERED that the Trustee is authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that entry of this Order is without prejudice to the rights of the Trustee, including but not limited to, the right to seek further, other, or different relief regarding the Rejected Leases pursuant to among other things, section 363 of the Bankruptcy Code; and it is further

ORDERED that this Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: New York, New York
      February 4, 2009        /s/Burton R. Lifland
                                        BURTON R. LIFLAND
                                        UNITED STATES BANKRUPTCY JUDGE

# Baker Hostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

February 13, 2009

Elyssa S. Kates
direct dial: 212.589.4227
ekates@bakerlaw.com

**VIA FACSIMILE**

Pilar A. Cano, Esq.
Deily, Mooney & Glastetter, LLP
8 Thurlow Terrace
Albany, NY 12203

Re: *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC* – Adv. Pro. No. 08-1789 (BRL) SIPA Liquidation

Dear Ms. Cano:

We represent Irving H. Picard (the "Trustee"), trustee for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"). This letter follows our discussion earlier this week and my subsequent, unanswered voicemail to you concerning the three motions (the "Motions") of your client, DCFS USA LLC, for relief from the automatic stay regarding the 2007 Mercedes S550V, the 2008 Mercedes GL450, and the 2009 Mercedes S550V4 (the "Vehicles").

On February 4, 2009, Judge Lifland entered the Order Pursuant to Sections 105(a) and 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006, Authorizing Rejection of Executory Contracts on a *Nunc Pro Tunc* Basis (the "Order"), which, among other things, rejected the leases for the Vehicles. We have previously provided Mr. Mooney with a copy of that Order. Additionally, the Vehicles were returned to their respective dealerships prior to the entry of the Order. Under the circumstances, the Trustee and the BLMIS estate have no interest in the Vehicles. We believe the relief you seek on behalf of your clients in each of the Motions is moot. Accordingly, we request that DCFS USA LLC withdraw the Motions.

We would appreciate resolving this matter without incurrence of further fees and expenses and need for Court intervention.

Sincerely,

Elyssa S. Kates

cc: Martin A. Mooney, Esq. (via facsimile)

Cincinnati   Cleveland   Columbus   Costa Mesa   Denver   Houston   Los Angeles   New York   Orlando   Washington, DC

102693215