JOSEPHINE WANG
General Counsel
SECURITIES INVESTOR
 PROTECTION CORPORATION
805 Fifteenth Street, N.W., Suite 800
Washington, DC 20005
Telephone: (202) 371-8300
Facsimile: (202)371-6728
E-mail: jwang@sipc.org

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————————

|  |  |  |
|---|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | ) ) ) | |
| Applicant, | ) ) | Adv. Pro. No. 08-01789-BRL |
| v. | ) ) | SIPA Liquidation |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | ) ) ) | |
| Defendant. | ) ) | |

———————————————————————

**RESPONSE OF THE**
**SECURITIES INVESTOR PROTECTION CORPORATION**
**IN OPPOSITION TO MOTION OF LUCERNE FOUNDATION, ET AL.,**
**FOR ORDER CREATING EXCEPTION**
**TO CUSTOMER CLAIMS FILING DEADLINE**

Lucerne Foundation, Collingwood Enterprises, and Douglas Rimsky (collectively,

"Movants") have filed a motion ("Motion") seeking an exception to the claims filing deadlines in

this case that were imposed by Court Order dated December 23, 2008, under provisions of the

Securities Investor Protection Act, 15 U.S.C. section 78aaa *et seq*. ("SIPA").[1] As argued by the

Trustee ("Trustee") for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"

---

[1] For convenience, references hereinafter to provisions of SIPA shall omit "15 U.S.C."

or "Debtor"),[2] the Motion is an attempt by entities or persons lacking standing, to obtain a declaratory judgment or an advisory opinion on a matter not ripe for relief. The Securities Investor Protection Corporation ("SIPC") concurs in the position of the Trustee and pursuant to SIPA section 78eee(d), submits this response in support of the Trustee's position and in opposition to the Motion. The bankruptcy law provisions relied upon by the Movants to exempt them from the SIPA claims filing periods are at least facially inconsistent with SIPA and the question of whether the provisions apply to a SIPA case involves important questions of policy and law. Movants have not been sued by the Trustee, face only the speculative possibility of a suit, and as such, may or may never have to file a claim in the liquidation proceeding. Given the seriousness of the issue presented and the absence of any real controversy, SIPC urges the Court not to grant the relief sought.

## STATEMENT OF THE CASE

On December 23, 2008, this Court issued an Order ("Housekeeping Order") that, among other things, authorized the Trustee to publish notice of the liquidation proceeding, and set the deadlines for filing claims in the BLMIS case. See Docket # 12. SIPA establishes two deadlines for the submission of claims. One, an initial deadline designed to encourage investors to file early, can be no more than 60 days from the publication date. The other, an absolute bar date for the filing of all claims, is six months from the publication date. See SIPA § 78fff-2(a)(3). Pursuant to SIPA section 78fff-2(a)(1) and the Housekeeping Order, the initial claims filing period was fixed at March 4, 2009. The outermost claims filing bar date was fixed at July 2, 2009, six months from the Publication Date.

---

[2] See Trustee's Opposition for an Order Modifying the December 23, 2008 Order Establishing Deadlines for the Filing of Customer Claims, filed herein, on February 20, 2009.

Although the Movants appear to have no standing in this liquidation proceeding and are not defendants in any pending avoidance action by the Trustee, they seek an order that "any claim arising in the future as a result of the Trustee's successful pursuit of an avoidance action is excepted from the bar date and need not be filed until 30 days after the judgment giving rise to the claim becomes final." Movants stress the urgency of a decision before March 4, 2009, to avert the "substantial prejudice" that "numerous," but unidentified, investors will face if the March 4 deadline is not extended and the investors fail to file a protective claim to preserve their potential future claims against the Debtor. Motion, p. 3.

As an initial matter, Movants misconstrue the significance of the two filing dates under SIPA. Because of the potential fluctuation in value of securities, "customers" are encouraged to file their claims early. Thus, SIPA authorizes the setting of an initial period (not to exceed sixty days from the date of publication) for the filing of customer claims. Customers who have claims for securities and who file within the initial sixty days, to the extent possible, have their claims satisfied in kind. Securities that are in the broker's possession are delivered to them, and if such securities are not available, they may be purchased for customers by the trustee so long as the market is fair and orderly. SIPA §§78fff-2(a)(3) and 78fff-2(d). Customers owed securities who file <u>after</u> the initial period but within six months have their claims satisfied in kind or in cash (or both), depending upon which the trustee deems most economical to the estate. SIPA §78fff-2(a)(3).

As can be seen from the foregoing discussion, only customers owed securities are affected by the initial deadline. If a customer who is owed securities files his claim within the initial time period, his claim may be satisfied with securities. If he files after the initial period but within six months, his claim for securities is satisfied in cash or securities depending upon which is less costly

to the estate. Customers who are owed cash are unaffected by the initial period. So long as they file their claims within the six month period, their allowed claims are satisfied in cash.

Any transfers to the Movants by the Debtor would have been of cash, and accordingly, if such transfers were avoided and the Movants filed claims with the Trustee, their claims would be for "cash." Although the only deadline that should concern them is the six-month July 2 deadline, Movants appear to contend that their failure to file a claim by March 4 could somehow result in their receiving less customer property than other customers. This is incorrect. All customers share *pro rata* in customer property. SIPA §78fff-2(c)(1)(B). There is no lesser status given to cash claimants who file after the initial time period but within six months.

## ARGUMENT

### I. THE MOTION SHOULD BE DISMISSED
### BECAUSE IT PRESENTS NO JUSTICIABLE CONTROVERSY

As discussed more fully by the Trustee in his opposition, this matter is not ripe for judicial review as the Trustee has yet to bring any avoidance action. "A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Texas v. United States*, 523 U.S. 296, 298 (1998). There are many contingencies here that may or may not materialize. The Trustee has not sued the Movants; he may never sue them; and even if he were to sue them, the suit could be brought and resolved before the six-month time limit has expired, thereby enabling the Movants to file timely claims. Furthermore, ripeness is determined by (1) the fitness of the issues for judicial decision, and (2) the hardship to the parties of withholding court consideration. *National Park Hospitality Ass'n v. Department of Interior*, 538 U.S. 803, 807 (2003). Fitness for review means that the issue must be completely or substantially a question of law.

*See Teva Pharmaceuticals v. Novartis Pharmaceuticals*, 482 F.3d 1330, 1337 (Fed. Cir. 2007). While the issue of whether Bankruptcy Code section 502(h) and related Bankruptcy Rules apply to vary the claims filing period under SIPA section 78fff-2(a)(3) is a question of law, the long line of authority providing that the SIPA period is immutable and cannot be modified except as expressly provided in SIPA, as discussed below, requires that the issue not be lightly decided. This is particularly the case when weighed against the purported hardship to the Movants. Movants concede that they have an immediate remedy to their dilemma, namely, they can "file a protective SIPA claim now to preserve the possibility of a future recovery." Motion, p. 9. However, they contend that by doing so, they waive any Constitutional right to a jury trial in any avoidance action against them by the Trustee. *Id.* This alleged "hardship" is insufficient. The Second Circuit has held that the claims time bar in a Title 11 case, will not be varied so that a putative claimant against whom an avoidance suit has been brought can preserve its entitlement to a jury trial in the avoidance action. *In re Hooker Investments*, 937 F.2d 833, 837-840 (2d Cir. 1991) ("requiring that a bar order be drafted in such a way that it would preserve rights for anybody who felt that they might ... be prejudicing themselves ... by filing a Proof of Claim would set[] a very dangerous precedent," *id.* at 839) (internal quotations omitted).

## II. IN THE ABSENCE OF A JUSTICIABLE CONTROVERSY, THIS COURT SHOULD NOT DECIDE WHETHER THE SIPA CLAIMS FILING PERIOD WHICH HAS BEEN DESCRIBED AS "IMMUTABLE" AND IN THE NATURE OF A STATUTE OF LIMITATIONS SHOULD BE VARIED

The question of whether the bankruptcy provisions in question apply to a SIPA case is a close one, and under circumstances such as these where no real controversy exists, SIPC takes no position on whether the provisions do or do not apply. Given that the provisions appear at least on

their face to conflict with one another and that a genuine question exists as to whether they *can*

apply, this Court should be loathe to decide the issue prematurely.

Bankruptcy Code section 502(h) allows post-petition claims to be considered as pre-

petition claims if the claim arises from the recovery of property under certain provisions of the

Bankruptcy Code. The section also provides that such claims are to be allowed or disallowed in

accordance with specified subsections of section of 502. Bankruptcy Rule 3002(c)(3) provides that

in cases under Chapters 7, 12 and 13, such claims may be filed within 30 days after the judgment for

the recovery of money becomes final. Its counterpart, Bankruptcy Rule 3003(c)(3), offers the same

relief in Chapters 9 and 11 cases. Although certain ordinary bankruptcy provisions that apply to a

Chapter 7 bankruptcy case apply to a SIPA case, they apply only to the extent consistent with SIPA.

See §78fff(b). Given the nature of the SIPA claims limitation, at first blush, the bankruptcy

provisions in question are not easily reconciled with SIPA.

A.        **The Claims Filing Period in SIPA, and its Limited Exceptions, Are Strictly Enforced**

From how claims are filed, to whom they must be filed with, to the time for filing claims,

the claims procedures under SIPA differ fundamentally from those of the Bankruptcy Code and

Rules. *Cf.* 11 U.S.C. § 501(a) and Fed. R. Bankr. P. 3002 and 5005 with SIPA § 78fff-2(a)(2) and

(3). SIPA does not allow late-filed claims except in extremely narrow circumstances, and even then,

the request for an extension must be made before the six-month limitations period has lapsed. Thus,

SIPA section 78fff-2(a)(3) provides:

> No claim of a customer or other creditor of the debtor which is received by the
> trustee after the expiration of the six-month period beginning on the date of
> publication of notice . . . shall be allowed, except that the court may, upon
> application within such period and for cause shown, grant a reasonable, fixed
> extension of time for the filing of a claim by the United States, by a State or

political subdivision thereof, or by an infant or incompetent person without a
guardian.

Courts have observed that the "six-month time-bar contained in §78fff-2(a)(3) of SIPA
is mandatory and absolute." *In re Blinder, Robinson & Co.*, 124 F.3d 1238, 1243 (10th Cir. 1997);
*In re First Interregional Equity Corp.*, 290 B. R. 265, 281 (Bankr. D. N. J. 2003); *In re Adler,
Coleman Clearing Corp.*, 204 B.R. 99, 103 (Bankr. S.D.N.Y. 1997), *aff'd.,* No. 97 Civ. 2095 (HB)
(S.D.N.Y. Dec. 15, 1997). The history of the section and the applicable case law demonstrate that
SIPA section78fff-2(a)(3) is an absolute bar to late filed claims, with no exceptions other than those
specifically enumerated.

## B.    The History of SIPA §78fff-2(a)(3)

As enacted in 1970, SIPA did not have an express time limit for the filing of claims, instead
incorporating the requirements of the now-repealed section 57n Bankruptcy Act, 11 U.S.C. §93n
(repealed 1979). *See* SIPA section78fff(e) (1970). In pertinent part, section 57n of the Bankruptcy
Act, set the six-month time limit with narrow exceptions:

> Claims which are not filed within six months after the first date set for the first
> meeting of creditors shall not be allowed: *Provided, however*, That the court may,
> upon application before the expiration of such period and for cause shown, grant a
> reasonable fixed extension of time for the filing of claims by the United States or any
> State or any subdivision thereof: *Provided further*, That the right of infants and
> insane persons without guardians, without notice of the bankruptcy proceedings, may
> continue six months longer. . . .

Section 57n reflected a compromise among the conflicting judicial opinions that existed in
1938 as to when an extension of time could be allowed. In specifically creating exceptions for claims
by governmental entities, and infants and insane persons without guardians, with no notice of the
bankruptcy proceedings, the provision eliminated the conflict and made clear the narrow

circumstances under which such relief could be granted. As discussed in 3 *Collier on Bankruptcy*,

¶57.27 at pp. 416-424 (14th ed. 1978) (footnotes omitted):

> The inherent equity powers of the bankruptcy court, so frequently referred to, are a tempting instrument to mitigate the harshness involved in any statutory time limitation, but under the Act courts have generally withstood the temptation even in situations in which the equities of the case, if they might have been considered, spoke strongly in favor of equitable relief.
>
> The weight of authority considers the statutory six months' period as mandatory and immutable. "This is a statute of limitations. It is even more. It is a prohibition. It is peremptory." [emphasis added].

In 1978, the reference in section78fff(e) to the claims filing period was deleted, and a new

section, 78fff-2(a)(3), was added – expressly setting forth in SIPA the time limits and their narrow

exceptions. Pub. L. No. 95-283, 1978 U.S.C.C.A.N. (92 Stat.) 261-2. Effectively, the 1978

amendment made no substantive change, merely eliminating the reference to section 57 and

incorporating the standards of section 57n directly into SIPA. Thus, SIPA section 78fff-2(a)(3) was

adopted in its current form, to bar all claims received later than six months from the date of

publication of the liquidation notice. A "reasonable, fixed extension of time" could be granted only

to "the United States, [to] a State or political subdivision thereof, or [to] an infant or incompetent

person without a guardian" if an application for an extension was filed within the six-month period

and cause was shown.

In the same year that it enacted SIPA section 78fff-2(a)(3), Congress modified the filing

requirements in ordinary bankruptcies when it adopted the Bankruptcy Reform Act of 1978.

However, that law did not affect the SIPA limits. This is particularly significant because Congress

included in the Bankruptcy Reform Act various amendments to SIPA, both substantive and

technical, to conform it to the Code, but made no changes to the SIPA claims filing period and its

-8-

exceptions.[3] Unlike the Bankruptcy Act, the Code was silent as to the filing period, leaving it to be

formulated under the Bankruptcy Rules. In contrast, the limits in SIPA, which tracked the narrow

limitations of the repealed Bankruptcy Act, remained in effect.

**C.    Cases Construing SIPA §78fff-2(a)(3) Absolutely Bar All Late Claims That Are Not
Within Any Exception Provided In SIPA §78fff-2(a)(3); the Court Has No Discretion
to Extend the Bar Date**

The policies and purposes of SIPA underscore the reasons for the strictness of the claims time

limit and the need for finality in the administration of claims. One concern, common both to a SIPA

and a Title 11 case, is to facilitate the expeditious administration of the debtor estate. *Chrysler

Motors Corp. v. Schneiderman*, 940 F.2d 911, 912 (3rd Cir. 1991); *Redington v. Borghi (Matter of

Weis Securities, Inc.)*, 411 F. Supp. 194, 195 (S.D.N.Y. 1975), *affirmed w/o opinion*, 538 F.2d 317

(2d Cir. 1976). Another consideration, which is unique to SIPA, is that there be a balanced finality

to the demand upon the SIPC Fund. *In re OTC Net, Inc.,* 34 B.R. 658, 660 (Bankr. D. Colo. 1983).

In view of those reasons, with narrow exceptions, section 78fff-2(a)(3) *absolutely* bars late

claims. The discretion of the court to extend the period is limited to requests for extensions by

specified parties that are filed within the six month statutory period. *In re Adler, Coleman Clearing

Corp.*, 204 B. R. 99 at 103; *Matter of Weis Securities*, 411 F.Supp. 194 (S.D.N.Y.1975), *aff'd

without opinion*, 538 F.2d 317 (2d Cir.1976). SIPA section 78fff-2(a)(3) offers no discretion for the

exercise of equitable relief. *In re First Interregional Equity Corp.,* 290 B. R. 265, 281 (Bankr. D.

N. J. 2003); *Camp v. Morey (In re Government Securities Corp.)*, 107 B. R. 1012, 1022 (S. D. Fla.

---

[3] For example, references in SIPA to the "Bankruptcy Act" were changed to refer instead to "Title 11 of the United States Code." See Pub. L. No. 95-598, 1978 U.S.C.C.A.N. (92 Stat.) 2674-76. Substantive changes also were made. Thus, the Bankruptcy Reform Act made removal of the SIPA proceeding to the Bankruptcy Court mandatory. Pub. L. No. 95-598, 1978 U.S.C.C.A.N. (92 Stat.) 2674. Until that time, reference of the cases to referees in bankruptcy was permissive.

1989); *In re Chicago Partnership Bd., Inc.*, 236 B. R. 249, 257 (Bankr. N. D. Ill. 1999); *In the Matter of Weis Securities, Inc. (Claim of John D. Fowler),* 1 Bankr. Ct. Dec. 1572, 1573 (Bankr. S.D.N.Y. 1975) (the SIPA time limits are "mandatory and may not be extended by the exercise of some equity power"). There is nothing which permits a departure from the strict adherence to the language of that section, by the creation of an additional exception, on "equitable" grounds. *Camp v. Carson (In re Government Securities Corp.)*, 95 B. R. 829, 832 (S. D. Fla. 1988); *Miller v. Austin*, 72 B.R. 893, 896-897 (S.D.N.Y. 1987).

D.    **Bankruptcy Code § 502(h) and Bankruptcy Rules 3002(c)(3) and 3003(c)(3) Are Facially Inconsistent With SIPA Section 78fff-2(a)(3)**

By its own terms, Bankruptcy Rule 3002(c)(3) applies to cases under chapter 7 and chapter 13 of Title 11. Under the rule, "[a]n unsecured claim which arises in favor of an entity or becomes allowable as a result of a judgment may be filed within 30 days after the judgment becomes final if the judgment is for the recovery of money or property from that entity or denies or avoids the entity's interest in the property." The rule thus provides an exception to the claim filing deadlines for cases under chapter 7 and chapter 13.

Although SIPA section 78fff(b) provides that a SIPA liquidation proceeding "shall be conducted in accordance with, and as though it were being conducted under chapters 1, 3 and 5 and subchapters I and II of chapter 7" of the Bankruptcy Code, the section limits the application of the provisions of the Code "to the extent consistent with" SIPA. In pertinent part, a provision is not consistent if it "conflicts with an explicit provision" of SIPA. *SIPC v. Charisma Sec. Corp.,* 506 F.2d 1191, 1195 (2d Cir.1974). By expressly providing that no claim received after the six month period shall be allowed, SIPA section 78fff-2(a)(3) conflicts with Bankruptcy Rule 3002(c)(3) which allows

-10-

claims to be filed within 30 days after a judgment becomes final even if that time is after the six month period.

Section 502(h) of the Bankruptcy Code also is inconsistent with SIPA. That section requires a claim arising from certain avoidance recoveries to be determined and allowed or disallowed under subsections 502 (a) through (e) as if such claim had arisen before the filing date. SIPA claims are determined under the standards set forth in sections 78fff-2(b) and 78*lll*(11) thereof , and not under the conflicting provisions of Bankruptcy Code sections 502(a) through (e). For example, customer claims are not presumptively allowed, as under section 502(a). Instead, the burden of proving the validity of a claim rests on the claimant. *See In re A. R. Baron Co., Inc.*, 226 B. R. 790, 795 (Bankr. S. D. N. Y. 1998). The procedures for determining claims are not as set forth in section 502(b), *cf.*, SIPA §§78fff-2(a)(2) and 78fff-2(b), and the claims filing time limits in section 502(b)(9) directly contradict SIPA section 78fff-2(a)(3).

In light of the conflict between SIPA and the bankruptcy provisions relied upon by the Movants and the alternate remedy of a protective claim available to the Movants that they choose not to elect, the Court should refrain from offering an opinion on the issue presented unless and until Movants are sued by the Trustee and a real controversy exists.

## <u>CONCLUSION</u>

For the aforementioned reasons, SIPC requests that the Motion for an Order Modifying

the December 23, 2008 Order Establishing Deadlines for the Filing of Customer Claims be denied.

Dated:     February 20, 2009                              Respectfully submitted,
           Washington, DC

                                                          JOSEPHINE WANG (JW0674)
                                                          General Counsel


                                                          /s/ Hemant Sharma
                                                          HEMANT SHARMA (HS4951)
                                                          Assistant General Counsel
                                                          SECURITIES INVESTOR
                                                          PROTECTION CORPORATION
                                                          805 Fifteenth Street, N.W., Suite 800
                                                          Washington, DC 20005
                                                          Telephone: (202) 371-8300
                                                          Facsimile: (202)371-6728
                                                          E-mail: jwang@sipc.org
                                                                      hsharma@sipc.org