Hearing Date: February 24, 2009 at 10:00 a.m.
Objection Deadline: February 20, 2009 at 4:00 p.m.

BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
Irving H. Picard
Email: ipicard@bakerlaw.com
David J. Sheehan
Email: dsheehan@bakerlaw.com

Kelly S. Burgan
3200 National City Center
1900 E. 9th St.
Cleveland, Ohio 44114-3485
Telephone: (216) 621-0200
Facsimile: (216) 696-0740
Email: kburgan@bakerlaw.com

*Attorneys for Irving H. Picard, Esq.,*
*Trustee for the SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |

**TRUSTEE'S OBJECTION TO MOTION FOR AN ORDER MODIFYING THE DECEMBER 23, 2008 ORDER ESTABLISHING DEADLINES FOR THE <u>FILING OF CUSTOMER CLAIMS</u>**

Irving H. Picard, Esq. (the "Trustee"), as trustee for the liquidation of the business of

Bernard L. Madoff Investment Securities LLC (the "Debtor"), under the Securities Investor

Protection Act, 15 U.S.C. §§ 78aaa, et seq. ("SIPA"),[1] by and through his undersigned counsel, for his objection (the "Objection") to the Motion (the "Motion") of Lucerne Foundation, Collingwood Enterprises and Douglas Rimsky (collectively, "Movants") seeking to modify the statutory deadlines for filing customer claims memorialized in the Court's December 23, 2008 order [Docket No. 12] (the "Claim Procedures Order")[2], respectfully represents as follows:

I. **The Court is Without Jurisdiction Because the Motion Presents No Justiciable Controversy.**

1. Movants, as the parties invoking the Court's jurisdiction, bear the burden of demonstrating a live, justiciable controversy. *Renne v. Geary*, 501 U.S. 312, 316 (1991); *In re Joint Eastern and Southern Dist. Asbestos Litigation*, 14 F.3d 726, 730 (2d Cir. 1993) (citing *McNutt v. General Motors Acceptance Corp. of Ind.,* 298 U.S. 178, 189 (1936)). A court may not exercise subject matter jurisdiction absent compliance with Article III of the Constitution, which limits judicial authority to "Cases" and "Controversies." U.S. Const. art. III, § 2. *North Carolina v. Rice,* 404 U.S. 244, 246 (1971); *Town of Deerfield, N.Y. v. F.C.C.,* 992 F.2d 420, 427 (2d Cir. 1993).

2. "To satisfy the Article III case or controversy requirement, a litigant must have suffered some actual injury that can be redressed by a favorable judicial decision." *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 555, 560-61 (1992); *see also, Fisher Bros. v. Revere Copper and Brass Inc. (In re Revere Copper and Brass Inc.)*, 1984 WL 857 (S.D.N.Y. Sept. 12, 1984) (motion to withdraw claim to district court presented no justiciable controversy where no objection to the claim was pending). To establish that they have suffered an "injury in fact,"

---

[1] For convenience, future reference to SIPA will not include "15 U.S.C."
[2] Movants inaccurately characterize the Claims Procedures Order as a "bar order," "establishing deadlines for the filing of customer claims." *See* Motion, p. 1. The Claims Procedures Order is in the nature of a procedural, or "housekeeping" order. In contrast to a bar date order in a typical bankruptcy case, the Claims Procedures Order does not establish deadlines for filing claims – it approves procedures for providing notice of the statutory deadlines established by SIPA and procedures for filing claims. *See* discussion at 4-5, *infra*.

-2-

movants must demonstrate "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Def. of Wildlife*, 504 U.S. 555, 560 (1992). *See also, In re Bean*, 252 F.3d 113, 117 (2d Cir. 2001) (ripeness is a "constitutional prerequisite to exercise of jurisdiction by federal courts."); *Babbitt v. United Farm Workers Nat'l Union,* 442 U.S. 289, 298 (1979) (ripeness doctrine requires a "real, substantial controversy between parties" involving a "dispute definite and concrete.").

3. "The 'case and controversy' requirement must be satisfied in all actions, including declaratory judgment actions." *In re G-I Holdings, Inc.*, 318 B.R. 66, 74 (D.N.J. 2004) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950)). Movants essentially are asking this court for declaratory relief by seeking an order stating that the Claims Procedures Order will not affect the ability to file 502(h) claims arising from future avoidance judgments. Since no avoidance claims have been threatened or asserted, such relief would constitute an impermissible advisory opinion. "The oldest and most consistent thread in the federal law of justiciability is that federal courts will not give advisory opinions." *Coffin v. Malvern Federal Sav. Bank*, 90 F.3d 851, 853 (3d Cir. 1996) (quoting 13 Wright, Miller, Cooper, Federal Practice and Procedure, § 3529.1, p. 293 (2d ed. 1984) (bankruptcy court's finding that a bank's lien was not discharged was an advisory opinion, because the debtor had not moved for an order of lien avoidance, thus, the issue of whether the lien survived was not before the court for adjudication).

4. "In order to present a justiciable controversy in an action seeking a declaratory judgment to protect against a feared future event, the plaintiff must demonstrate the probability of that future event occurring is real and substantial, 'of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.' " *Salvation Army v. Dep't Cmty. Affairs of N.J.,* 919 F.2d 183, 192 (3d Cir. 1990). In determining the propriety of rendering declaratory relief,

-3-

"'a hypothetical, conjectural, or conditional question, or one based upon the possibility of a factual situation that may never develop,' does not present a justiciable controversy and may not be offered as a basis for present judicial action." *Broadhead v. Hartford Cas. Ins. Co.,* 773 F.Supp. 882, 909 (S.D. Miss. 1991) (quoting *Rowan Companies, Inc. v. Griffin,* 876 F.2d 26, 28 (5th Cir. 1989)); *see also Caprock Plains Fed. Bank Ass'n v. Farm Credit Admin.,* 843 F.2d 840, 845 (5th Cir. 1988) (court should not decide cases that turn on uncertain and contingent future events that may not occur as anticipated, or may not occur at all); *Exxon Corp. v. Busbee,* 644 F.2d 1030 (5th Cir.), *cert. denied,* 454 U.S. 932 (1981); *See also, Orix Credit Alliance, Inc. v. Wolfe,* 212 F.3d 891, 896 (5th Cir. 2000) *(*finding the possibility that a draft motion would be filed was not sufficiently immediate and real to constitute a justiciable controversy); *In re Block*, 2007 WL 2580817 (Bankr. D. Vt. May 11, 2007) (treating trustee's oral motion for a determination regarding the calculation of the debtor's plan payments as a request for declaratory judgment, and holding that, since neither the trustee nor any holder of a claim objected to confirmation, there was no justiciable controversy before the court and any decision on the trustee's motion would amount to an advisory opinion); *In re G-I Holdings, Inc.*, 318 B.R. 66 (creditors' committee request for determination that bank would be barred from asserting payment as defense in a hypothetical future action to void the bank's liens was not ripe for decision; relief sought by committee was essentially in nature of advisory opinion).

5.      Here, as in *G-I Holdings*, Movants, who concede that they do not have any claim (*See* Motion, p. 2), disguise their request for an advisory opinion as a request for modifications to an existing order to prevent adverse future consequences. The court in *G-I Holdings* rejected that argument and refused to ignore the justiciability requirement with respect to claims "that do not exist…and may never exist at all." *In re G-I Holdings, Inc.*, 318 B.R. at 77. Furthermore,

-4-

the deadlines set forth in the Claims Procedures Order were not established by the Court. The Claims Procedures Order simply memorializes the statutory deadlines established under Section 78fff-2(a)(3) of SIPA, particularly the ultimate bar date of July 2, 2009, six months after the date of publication on January 2, 2009. By requesting an order modifying those deadlines, Movants effectively are asking this Court to modify SIPA, which, of course, is impermissible.[3] This Court is without subject matter jurisdiction to enter an order amending a federal statute in order to ameliorate the consequences of a remote and speculative controversy which is unripe for determination. Even if this Court were inclined to consider whether § 502(h) of the Bankruptcy Code applies in a SIPA liquidation proceeding, the Court should not do so in a vacuum. Without conceding that § 502(h) would apply, the Trustee submits that it would only be appropriate for the Court to decide the issue on a case-by-case basis, when and if the issue becomes ripe for adjudication.

6.  Movants fail to demonstrate that they have suffered, or imminently will suffer, any real and substantial injury. Movants allege only that they "received distributions from Madoff, directly or indirectly, prior to December 11, 2008." *See* Motion, p. 2. This is insufficient to establish the sufficiency or immediacy of a future avoidance action as necessary to warrant the requested relief. Movants have not filed claims in this proceeding, and concede that they have no claims. *See* Motion, p. 2. The Trustee is still in the process of gathering information regarding avoidance claims. The Trustee has not filed an avoidance action against any of the Movants, has made no demand upon the Movants and has not otherwise threatened any claims against the Movants. The Movants cannot establish the immediacy of future avoidance claims which the Trustee has not yet asserted or even fully considered. This Court is

---

[3] Indeed, even under Fed. R. Bankr. P. 9006(b), the Court is only authorized to enlarge time periods specified by the Bankruptcy Rules or court order – the Court has no authority to enlarge time periods established by statute. *See, e.g., U.S. Lines, Inc. v. U.S. Lines Reorg. Trust*, 262 B.R. 223, 235 (S.D.N.Y. 2001).

102697294.4, Response to Motion to Modify Bar Dates

without authority to modify SIPA and without jurisdiction to decide the Motion, because it presents no actual, imminent injury and no live case or controversy.

## II. Movants Lack Standing Because They Have No Pecuniary Interest At Stake.

7. Under SIPA, the only parties with standing to request an extension of the claims bar date are "the United States, by a State or political subdivision thereof," or "an infant or incompetent person without a guardian." Section 78fff-2(a)(3). Movants do not allege that they fall into any of these categories.

8. Movants admit that their only conceivable connection to this case is as potential defendants in "future" avoidance actions which may or may not ever be commenced. *See* Motion, p. 2. This is not enough to establish standing. Being a defendant in an adversary proceeding, alone, is not sufficient to confer standing in a chapter 7 case. *In re Manshul Constr. Corp.*, 223 B.R. 428, 431 (Bankr. S.D.N.Y. 1998) (adversary litigants who were not the debtor or creditors and whose only ground for standing was as defendants in pending adversary proceeding, lacked standing in main bankruptcy case). In this case, Movants' connection to this proceeding as potential defendants in a speculative future adversary proceeding is tangential, at best. This is not enough to confer standing on Movants to interfere with a procedural order that is central to the Trustee's ability to administer claims.

> Simply being a party to a bankruptcy case is not enough to give one standing to participate in every aspect of the proceeding or to seek relief on every issue that might arise. To the contrary, 'limits on standing are vital in bankruptcy, where clouds of persons indirectly affected by the acts and entitlements of others may buzz about, delaying final resolution of cases.' Strict rules, that narrowly define the scope of those who have standing to participate in the proceeding, promote the swift and efficient administration of the estate and avoid the needless multiplication of litigation. Lax rules, on the other hand, which liberally allow anyone with some interest in the proceeding to object to a proposed course of action, tend to needlessly generate protracted litigation. Standing to object to a proposed course of action in a bankruptcy case requires a party to have a pecuniary

-6-

> interest which will be directly and adversely affected by the order the court is asked to issue.

*Matter of Drost*, 228 B.R. 208, 209 (Bankr. N.D. Ind. 1998).

9. Notably, SIPA does not provide any generalized right to raise and be heard on issues in the liquidation proceeding. SIPA incorporates chapters 1, 3, 5 and subchapters I and II of chapter 7 of the Bankruptcy Code, to the extent they are consistent with SIPA. Section 78fff(b). Thus, for example, Section 1109 of the Bankruptcy Code, which gives "parties in interest" the right to raise and be heard on issues in a chapter 11 case, is excluded from SIPA. Movants, who have no claim or present interest in these proceedings, have no standing to seek modifications to the procedural order that underlies the very purpose of a SIPA liquidation proceeding and the Trustee's ability to administer claims. To permit persons such as Movants, who have admitted they have no claim or other stake in this case, to interpose themselves in these SIPA liquidation proceedings "would needlessly enlarge the scope of such proceedings and impede the achievement of the primary aims of…orderly liquidation of the business of the debtor and the payment of valid customer claims." *Securities and Exchange Commission v. Securities Northwest, Inc.*, 573 F.2d 622, 625 (9th Cir. 1978).

10. The number of creditors and dollars at issue in this case present the Trustee with a task of monumental proportions in administering this estate. The Trustee's responsibilities are further compounded by issues arising from the massive fraud and the resulting federal investigations which are proceeding simultaneously with the Trustee's investigation. This Court should not abide disruption from parties with no stake in the proceeding who seek an advisory opinion. Movants, by their own admission, are not creditors or customers, and they are not parties to any adversary proceeding related to this case. The potential waiver of the right to a jury trial in a future, speculative cause of action is not a pecuniary interest. Movants have no

standing to seek relief which would interfere with the Trustee's efficient administration of this case.

### III. Courts In The Second Circuit Deny Motions For This Relief as a Matter of Policy.

11. It is inappropriate to modify the Claims Procedures Order (*see* n. 2, *supra*) solely to enable Movants to invoke this Court's equitable jurisdiction for the purpose of sharing in distributions, while at the same time avoiding the Court's equitable jurisdiction for purposes of preserving the right to a jury trial. *In re Hooker Investments, Inc.*, 122 B.R. 659 (S.D.N.Y. 1991), *appeal dismissed*, 937 F.2d 833 (2d Cir. 1991) (Secured creditors' claim that they would lose their right to a jury trial in an adversary proceeding brought against them by the Chapter 11 debtors asserting fraudulent transfers and other claims, if creditors were required to file proofs of claim, did not entitle creditors to exemption from claims bar date); *accord, Houbigant, Inc. v. ACB Mercantile, Inc. (In re Houbigant, Inc.)*, 190 B.R. 185, 188 (Bankr. S.D.N.Y. 1996); *In re Thomson McKinnon Secs., Inc.*, 153 B.R. 414, 416 (Bankr. S.D.N.Y. 1993); *In re Glen Eagle Square, Inc.*, 132 B.R. 106, 112 (Bankr. E.D. Penn. 1991); *In re Denton County Electric Cooperative, Inc.*, 2003 WL 22846354, *2 (Bankr. N.D. Tex. April 8, 2003).

12. "[R]equiring that a bar order preserve rights for anybody who felt that they might be prejudicing themselves by filing a Proof of Claim would set a very dangerous precedent." *In re Hooker Investments, Inc.*, 937 F.2d at 839. "[S]uch a dangerous precedent would…'dismember a scheme which Congress has prescribed.'" *Id*. at 839-40 (citing *Katchen v. Landy,* 382 U.S. 323, 339 (1966)). As the Second Circuit explains,

> A bar order serves the important purpose of enabling the parties to a bankruptcy case to identify with reasonable promptness the identity of those making claims against the bankruptcy estate and the general amount of the claims….To be sure, the amount of the claims may not be finally determined until adversary proceedings have been concluded, but establishing the identities and interests of the participants so that the claims-allowance process may begin is an essential

> function served by a bar order…. If individual creditors were permitted to postpone indefinitely the effect of a bar order so long as adversary proceedings were pending, the institutional means of ensuring the sound administration of the bankruptcy estate would be undermined.

*Id.* at 840.

13. The decision whether to file a proof of claim, though perhaps a "Hobson's choice," is a tactical decision that Movants nonetheless must make. Modifying the Claims Procedures Order in the manner the Movants propose would complicate and delay the claims administration process by frustrating the Trustee's ability to identify the universe of claims. This Court should not render an advisory opinion to provide the Movants comfort in making a strategy decision.

### IV. The SIPA Bar Date Is Mandatory And Absolute.

14. SIPA establishes an absolute deadline for filing claims: "No claim of a customer or other creditor of the debtor which is received by the trustee after the expiration of the six-month period beginning on the date of publication of notice under paragraph (1) shall be allowed[.]" Section 78fff-2(a)(3).

15. Section 78fff-2(a)(3) of SIPA is a mandatory and absolute bar to late filed claims. *See, e.g., Blinder, Robinson & Co., Inc.*, 124 F.3d 1238, 1243 (10th Cir. 1997); *In re Adler, Coleman Clearing Corp.*, 204 B.R. 99, 103. (Bankr. S.D.N.Y. 1997); *In re In re First Interregional Equity Corp.*, 290 B.R. 265, 281 (Bankr. D.N.J. 2003). The Court's discretion to extend the six month period for filing claims is limited to requests made within that period by specified parties and for cause specified in the statute. The statute permits no equitable relief. *Matter of Weis Securities*, 411 F. Supp. 194 (S.D.N.Y. 1975), *aff'd without opinion*, 538 F.2d 317 (2d Cir. 1976); *In re Adler, Coleman Clearing Corp.*, 204 B.R. at 103. "Concern for the prompt completion of the liquidation process and early certainty as to the extent of available

-9-

assets and demands made against the assets, underscore the need for a strictly observed filing period." *Camp v. Carson (In re Government Securities Corp.)*, 95 B.R. 829, 832 (S.D. Fla. 1988) (holding bankruptcy court erred as a matter of law in allowing late-filed claim outside the SIPA time limit based, in part, on the court's finding that the 6-month time limit under SIPA § 78fff-2(a)(3) should be harmonized where possible with Bankruptcy Code § 502(j) and Bankruptcy Rule 3002(c)(2)).

16.    Movants cite several chapter 11 cases and contend that the modifications they seek are "often found" in bar date orders. *See* Motion, p. 5. Common provisions of bar date orders in chapter 11 cases, however, are irrelevant to the statutory deadlines established under SIPA. A SIPA liquidation is conducted in accordance with chapters 1, 3 and 5 and subchapters I and II of chapter 7 of the Bankruptcy Code, but only "to the extent consistent with" SIPA. Section 78fff(b). "In making the provisions of the Code applicable to SIPA proceedings only to the extent consistent with SIPA, Congress contemplated and intended that certain provisions of the Code not apply to SIPA cases. A reconciliation of the provisions undermines the legislative intent." *In re Government Securities Corp.*, 95 B.R. at 833.

17.    Movants admit that they "do not currently have claims" against the Debtor. *See* Motion, p. 2. The Trustee has not threatened or asserted any claims against Movants that would give rise to a claim under § 502(h) of the Bankruptcy Code. This Court should not decide whether § 502(h) applies to this proceeding unless and until that issue ripens and is appropriately raised by a party with standing to do so.

-10-

WHEREFORE, the Trustee respectfully requests that the Court to enter an order denying the Motion and granting such other and further relief to the Trustee as the Court deems proper.

Dated: New York, New York  
February 20, 2009

Respectfully submitted,

s/David J. Sheehan  
Baker & Hostetler LLP  
45 Rockefeller Plaza  
New York, New York 10111  
Telephone: (212) 589-4200  
Facsimile: (212) 589-4201  
Irving H. Picard  
Email: ipicard@bakerlaw.com  
David J. Sheehan  
Email: dsheehan@bakerlaw.com

Kelly S. Burgan  
3200 National City Center  
1900 E. 9th St.  
Cleveland, Ohio 44114-3485  
Telephone: (216) 621-0200  
Facsimile: (216) 696-0740  
Email: kburgan@bakerlaw.com

*Attorneys for Irving H. Picard, Esq.,  
Trustee for the SIPA Liquidation of Bernard L.  
Madoff Investment Securities LLC*

-11-