Hearing Date: February 24, 2009 at 10:00 a.m.

KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
Tel: (212) 715-9100
Philip Bentley
Philip S. Kaufman
Gregory A. Horowitz

*Attorneys for Lucerne Foundation, Collingwood Enterprises and Douglas Rimsky*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
:
SECURITIES INVESTOR PROTECTION : Adv. Proc. No.: 08-01789 (BRL)
CORPORATION, :
:
        Plaintiff-Applicant, : SIPA Liquidation
:
  v. :
:
BERNARD L. MADOFF INVESTMENT :
SECURITIES LLC, :
:
        Defendant. :
:
-----------------------------------------------------------X

# REPLY IN FURTHER SUPPORT OF
# MOTION FOR AN ORDER MODIFYING
# THE DECEMBER 23, 2008 ORDER ESTABLISHING
# DEADLINES FOR THE FILING OF CUSTOMER CLAIMS

Movants respectfully submit this reply to the objections filed by the Trustee, the Security Investor Protection Corporation ("SIPC") and the Unofficial Committee of Certain Claim Holders (collectively, "Objectants") to their February 10, 2009 motion (the "Motion") seeking clarification of the Bar Date Order.

Objectants' opposition to this Motion rests on two false premises: (i) that Movants are somehow trying to "extend" the deadlines fixed by the Bar Date Order, and to thereby gain

supposed tactical advantages over other creditors; and (ii) that Movants present no actual case or controversy warranting the Court's intervention, because no avoidance suits have yet been brought against them or supposedly even threatened.

Neither of these premises is correct. The objections lack merit and should be overruled.

## Argument

I. **Movants Seek No Extension of the Bar Dates, Nor Any Exemption Not Already Recognized By the Law**

   A. **Future Springing Claims Are Not Yet "Claims"**

We showed in our opening submission that the springing claims that will eventually arise from future avoidance actions are not yet "claims" (under the definition of that term set forth in the Bankruptcy Code and incorporated by reference in SIPA), because the elements necessary to establish a legal obligation between the Trustee and the potential avoidance defendant/claimant did not exist prior to the bankruptcy — indeed, they do not exist even now. *See* Motion at 5-8; 11 U.S.C. § 101(5)(A). Objectants do not even attempt to dispute this showing; they simply ignore it. But the principle is fundamental to this Motion, and it exposes the fallacy of Objectants' assertion that Movants seek an "extension" of the statutory deadlines or an unwarranted exemption from those deadlines.

Movants seek no extension — only a clarification that the upcoming deadlines do not apply to investors who have no existing "claims," but who subsequently obtain claims as a result of successful avoidance suits against them. In addition to being warranted by the undisputed definition of "claims," this clarification comports with Bankruptcy Code § 502(h) and Bankruptcy Rule 3002(c)(3), which provide that springing claims arising out of avoidance actions may be filed within 30 days after the entry of judgments in those actions, notwithstanding

the expiration of any prior bar date. Nothing in SIPA is inconsistent with these provisions.[1] These provisions therefore apply in this case, pursuant to SIPA's express provision that a SIPA liquidation proceeding "shall be conducted in accordance with, and *as though it were being conducted under*, chapters 1, 3 and 5 and subchapters I and II of chapter 7" of the Bankruptcy Code. SIPA § 78fff(b) (emphasis added).

Indeed, courts administering SIPA liquidations routinely apply the Bankruptcy Rules, including Rule 3002(c). *See Miller v. Austin*, 72 B.R. 893, 897 (S.D.N.Y. 1987) (relied upon by SIPC itself, *see* SIPC Objection at 10) (applying Bankruptcy Rule 3002(c) in a SIPA liquidation: Rule 3002(c) is "the applicable Bankruptcy Rule" that supplements SIPA's claims provisions); *see also, e.g., South Securities, LLC v. Taylor (In re Park South Securities, LLC)*, 326 B.R. 505, 509 (applying Bankruptcy Rule 7009 and 7012 in an adversary proceeding brought under SIPA). In this very case, the Trustee has repeatedly availed himself of the Bankruptcy Rules to request and obtain relief from the Court. *See, e.g.*, Order Granting Authority to Issue Subpoenas for the Production of Documents and the Examination of Witnesses [Dkt. No. 31] (authorizing issuance of subpoenas pursuant to Bankruptcy Rule 2004); Order Pursuant to Sections 105(a) and 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006, Authorizing Rejection of Executory Contracts on a *Nunc Pro Tunc* Basis [Dkt. No. 75].

---

[1] The sole "inconsistency" identified by Objectants is SIPA's absolute bar on the filing of "claims" more than six months after notice of the claim filing deadlines is given. As discussed above, however, Objectants fail to rebut our showing that future claims arising out of potential avoidance action recoveries are not "claims," as that term is defined in the Bankruptcy Code and (though incorporation) in SIPA. Consequently, there is no inconsistency whatsoever between SIPA's mandate that all "claims" be filed within six months and Bankruptcy Rule 3002(c)(3)'s provision that claims that subsequently arise as a result of avoidance action recoveries may be filed within 30 days after final judgment is entered.

3

In arguing that Bankruptcy Rule 3002(c)(3) does not apply in a SIPA proceeding such as this one, Objectants misplace reliance on *Trust Fidelity Bank, N.A. v. Hooker Inv. Inc.* (*In re Hooker Inv. Inc.*), 937 7.2d 833 (2d Cir. 1991), a decision that was effectively overruled by the 1991 amendments to the Federal Rules of Bankruptcy Procedure. In *Hooker*, Judge Brozman had entered an order on April 2, 1990 denying relief from the bar date order. *See In re Hooker Inv. Inc.*, 122 B.R. 658, 661 (S.D.N.Y. 1990). On appeal, the district court held that Judge Brozman did not abuse her discretion, and the Second Circuit, on June 28, 1991, dismissed a further appeal. At the time of both the bankruptcy court's ruling and the subsequent appellate decisions, the rule exempting springing claims from bar date orders applied in chapter 7 cases but *did not apply* in cases filed under chapter 11, such as *Hooker*. Specifically, Bankruptcy Rule 3002(c)(3), providing that springing claims may be filed within 30 days after judgment, applied only in cases under chapters 7, 12 and 13 — and the 1991 amendment to Bankruptcy Rule 3003 that extended Rule 3002(c)(3) to chapter 11 cases had not yet become effective. *See* Letter from William H. Rehnquist, Chief Justice of the United States, to Newt Gingrich, Speaker of the House of Representatives (Apr. 30, 1991) (1991 amendment to Bankruptcy Rule 3003 became effective on August 1, 1991), *reprinted in Collier on Bankruptcy*, App. Pt. 2 at 118-19 (15th ed. rev. 2006). Had the 1991 amendments been in effect at the time, Judge Brozman would have been obligated to grant the relief sought.

Here, because Bankruptcy Rule 3002(c)(3) is the operative rule for supplementing SIPA, and because nothing in SIPA is inconsistent with this rule, the Bar Date Order should make clear that its deadlines do not apply to springing claims.

    **B.    Clarifying the Exception for Springing Claims Will Neither Create
Any "Tactical" Advantage Nor Delay the Administration of Claims**

Contrary to Objectants' contentions, the requested clarification will give no tactical or other advantage to investors with springing claims, nor will it complicate or delay the processing of claims. Investors who currently have legally cognizable claims and who timely file those claims will maintain their right to distributions from both the SIPC reserve and customer property without any dilution from springing claims, since the customer property pool in which they share will be proportionately increased by the amounts added to that pool by virtue of the Trustee's recoveries from the springing claimants themselves. By the same token, neither the pendency of avoidance suits nor the filing of springing claims based on Trustee recoveries in those suits will in any way delay the distribution of SIPC funds or customer property to satisfy timely-filed and allowed claims. The administration of the case will not be in any way delayed, nor will any customers or other creditors suffer any prejudice.

**II.    The Applicability of Bankruptcy Code § 502(h) and
Bankruptcy Rule 3002(c)(3) in this SIPA Liquidation
is a Justiciable Controversy Ripe for Adjudication**

Movants' request for clarification stems not, as Objectants assert, from some hypothetical or abstract concern, but rather from a real and present threat to Movants' pecuniary interests and constitutional rights. Although avoidance actions have not yet been brought, the filing of such actions is a virtual certainty. Among the Trustee's most basic fiduciary duties to the Madoff estate is his duty to bring avoidance suits to maximize revenues for creditors. *In re Smith*, __ B.R. __, 2009 WL 205023, at *6 (Bankr. E.D.N.Y. Jan. 26, 2009); *see also* 15 U.S.C. § 78fff(b); 11 U.S.C. § 704(a)(1). In this case especially, avoidance claims may well be the estate's most valuable assets, and the filing of avoidance suits against redeeming investors has already been presaged in public statements by SIPC's President, Stephen Harbeck. *See, e.g.,*

5

2009 WL 19164 (F.D.C.H.), *Assessing the Madoff Ponzi and the Need for Regulatory Reform Before H. Fin. Servs. Comm.*, 111th Cong. (2009) (statement by Mr. Harbeck). Just three days ago, at the February 20, 2009 First Meeting of Creditors, the Trustee himself made clear that he intends to commence clawback actions against redeemers.

These indisputable facts establish the existence of a justiciable controversy. A claim is ripe for review when there is a "real and substantive threat that the predicted injustice would occur." *Binker v. Com. of Pa.*, 977 F.2d 738, 752-53 (3d Cir. 1992). It is well settled that "'[o]ne does not have to await the consummation of threatened injury to obtain preventive relief.'" *Babbit v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1978) (quoting *Pennsylvania v. West Virginia*, 262 U.S. 553, 593 (1923)). On this Motion, "a realistic assessment of the likelihood" of avoidance suits "is a necessary part of the threshold inquiry concerning justiciability." *Salvation Army v. Dep't Cmty. Affairs of N.J.*, 919 F.2d 183, 192 (3d Cir. 1990). Because such suits are inevitable under any realistic assessment, the test for justiciability is met.

Clarification of the Bar Date Order is needed now, prior to the expiration of the deadlines fixed by that Order. Absent the requested clarification, redeemers who have no existing claims to file would nevertheless be forced to make an impossible, and legally unnecessary, choice: whether to risk forfeiting their pecuniary interests by not filing protective claims by the deadline, or instead to risk forfeiting their constitutional right to a jury trial by filing protective claims. Before making this Motion, we asked the Trustee to provide guidance that would resolve this issue without the need for judicial intervention, and he refused. With the claims deadlines fixed and fast approaching, there is nothing hypothetical or abstract about the need for clarification of the Bar Date Order in advance of those deadlines.

6

## **Conclusion**

For the reasons stated previously and above, the Motion should be granted.

Dated: New York, New York
February 23, 2009

                                      KRAMER LEVIN NAFTALIS & FRANKEL LLP

                                      By:   /s/ Philip S. Kaufman
                                             Philip Bentley
                                             Philip S. Kaufman
                                             Gregory A. Horowitz

                                    1177 Avenue of the Americas
                                    New York, New York 10036
                                    Tel: (212) 715-9100

                                    *Attorneys for Lucerne Foundation, Collingwood Enterprises and Douglas Rimsky*