DEILY, MOONEY & GLASTETTER, LLP
8 Thurlow Terrace
Albany, New York  12203
(518) 436-0344
Martin A. Mooney, Esq. (MM 8333)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────────────

SECURITIES INVESTOR PROTECTION
CORPORATION,

                  Plaintiff,

      v.

BERNARD L. MADOFF INVESTMENT
SECURITIES, LLC,

                  Defendant.
───────────────────────────────────────

Adv. Pro. No. 08-01789 (BRL)
SIPA Liquidation

### DCFS USA LLC'S RESPONSE TO TRUSTEE'S OBJECTION TO DCFS USA LLC'S MOTION FOR RELIEF FROM AUTOMATIC STAY AND REQUEST FOR SANCTIONS

DCFS USA LLC, successor in interest to DaimlerChrysler Financial Services Americas LLC, by its counsel, Deily, Mooney & Glastetter, LLP, states the following as their response to the Trustee's objection and request for sanctions:

1.    Counsel for Deily, Mooney & Glastetter, LLP did respond to e-mails, facsimiles and voice mail messages from counsel to the Trustee, Elyssa S. Kates, Esq.

2.    On Friday, February 6, 2009, Pilar A. Cano, Esq., left a message with Ms. Kates' assistant, Brenda, in response to both Ms. Kates' e-mail message sent to Martin A. Mooney, Esq. on Thursday, February 5, 2009 and Ms. Kates' voice mail message left for Ms. Cano that same day.

3. On Monday, February 9, 2009, Ms. Cano left a second message with Ms. Kates' assistant Brenda. This phone call was in response to Ms. Kates' voice mail message left earlier that day.

4. On Tuesday, February 10, 2009, Ms. Cano spoke to Ms. Kates and attempted to explain her client's position regarding the filing of three (3) Motions for Relief from Automatic Stay in this case specifically docket entry numbers 66, 67 and 68. It is Ms. Cano's recollection that the phone conversation ended with Ms. Kates agreeing to review proposed Stipulation and Orders with the Trustee. (See attached Exhibit "A" which references all three phone calls and phone messages).

5. Ms. Kates' letter dated Friday, February 13, 2009, was received *via* facsimile around 2:28 p.m., after Ms. Cano had left for the day. Ms. Cano was surprised to receive such a letter given her previous conversation with Ms. Kates. On February 16, 2009, Ms. Cano e-mailed Ms. Kates proposed Stipulation and Orders in the above referenced matter.

6. On Friday, February 20, 2009, Ms. Cano sent *via* facsimile, a letter to Ms. Kates' attention in another attempt to relay her client's position regarding the Motions for Relief from the Automatic Stay filed with the Court. (See attached Letter as Exhibit "B").

7. The Trustee argues that because the leases were rejected pursuant to an Order singed by the Honorable Burton R. Lifland entitled "Order Pursuant to Sections 105(a) and 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006, Authorizing Rejection of Executory Contracts on a *Nunc Pro Tunc* basis" that DCFS USA LLC's motions are moot.

8.  DCFS USA LLC, respectfully points out that its motions were filed pursuant to both 11 U.S.C. Section 362(d)(1) as well as the Order signed by Judge Lifland on January 5, 2009, "Extending the Stays Against All Creditors." In his January 5, 2009 Order, Judge Lifland stated that automatic stay is extended until further order from the court.

9.  The Trustee cites to Stolz v. Brattleboro Housing Authority (In re Stolz), 315 F.3d 80 (2d Cir. 2002) to support its position the rejected lease is no longer property of the estate. In Stolz, the Second Circuit recognized the conflict between 11 U.S.C. Section 525(a), the anti-discrimination provision protecting debtor-tenants from eviction for nonpayment and Section 365, the provision allowing the Trustee to reject executory contracts, thus permitting the Brattleboro Housing Authority (BHA) to pursue state law remedies.

10. "Sections 525(a) and 365 therefore cannot simultaneously be given their full effect … If we do not allow BHA to evict Stolz, however, then we cannot enforce the executory contract assumption requirements in the implications of rejection under Section 365." Stolz, 315 F.3d 80, 92 and 93 (2d Cir. 2002).

11. In the end the Second Circuit found Section 525(a) was a more specific provision and therefore controlling in the Stolz case. Similarly, it is DCFS USA, LLC's position that Section 365(a) and Judge Lifland's order "Extending the Stays Against All Creditors" cannot "simultaneously be given their full effect" and therefore DCFS USA, LLC respectfully requests an order lifting the automatic stay to allow its client to dispose of its property without fear of being in violation of this court order.

WHEREFORE, DCFS USA LLC, successor to DaimlerChrysler Financial Services Americas, LLC respectfully requests that the Court:  1) issue an order pursuant

to 11 U.S.C. Section 362 granting DCFS USA LLC relief from automatic stay in order to dispose of its property with regard to its three (3) Motions for Relief from Automatic Stay, specifically docket entry numbers 66, 67 and 68; and 2) deny Trustee's request for sanctions.

DATED:    Albany, New York
          February 23, 2009     /s/ Martin A. Mooney
                                           Martin A. Mooney, Esq. (mm 8333)
                                           DEILY, MOONEY & GLASTETTER, LLP
                                           Attorneys for DCFS USA LLC, successor in interest to DaimlerChrysler Financial Services
                                           Office and P.O. Address:
                                           8 Thurlow Terrace
                                           Albany, NY  12203
                                           Tel:  (518) 436-0344