UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------

SECURITIES INVESTOR PROTECTION
CORPORATION,                                              Adv. Pro. No. 08-01789 (BRL)

                Plaintiff-Applicant,                    SIPA Liquidation

      v.

BERNARD L.MADOFF INVESTMENT
SECURITIES LLC,
                Defendant.
--------------------------------------------------------

APPEARANCES**:**

KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
Tel: (212) 715-9100
By:    Philip Bentley
        Philip S. Kaufman
        Gregory A. Horowitz
*Attorneys for Lucerne Foundation, Collingwood*
*Enterprises and Douglas Rimsky*

BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
By:    Irving H. Picard
        David J. Sheehan
        Kelly S. Burgan
*Attorneys for Irving H. Picard, Esq.,*
*Trustee for the SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC*

SECURITIES INVESTOR
PROTECTION CORPORATION
805 Fifteenth Street, N.W., Suite 800
Washington, DC 20005
Telephone: (202) 371-8300
Facsimile: (202)371-6728
By: Josephine Wang, General Counsel

MILBERG LLP

One Pennsylvania Plaza, 49thFloor
New York, New York 10119
Tel: (212) 594-5300
Fax: (212) 868-1229
By:    Jonathan M. Landers
       Brad N. Friedman
       Matthew Gluck
       Sanford P. Dumain
*Attorneys for the Unofficial Committee of*
*Certain Claim Holders*

Before: Burton R. Lifland,
        United States Bankruptcy Judge

## MEMORANDUM DECISION AND ORDER DENYING MOTION TO MODIFY ORDER ESTABLISHING DEADLINES FOR THE FILING OF CUSTOMER CLAIMS

Lucerne Foundation, Collingwood Enterprises and Douglas Rimsky (collectively,

"Movants"), move for an order modifying this Court's December 23, 2008 order (the "Claims

Procedures Order") establishing deadlines the ("Bar Dates") for the filing of customer claims in

the Bernard L. Madoff Investment Securities LLC ( the "Debtor") proceeding.  Movants identify

themselves as investors who have received distributions from the Debtor directly or indirectly

prior to December 11, 2008.  They have either been paid in full or, for strategic purposes, do not

wish to file claims prior to the established Bar Dates.

While couched in terms of a request for clarification, Movants actually request that the

Claims Procedures Order be modified to provide expressly that any claim arising in the future as

a result of the Trustee's successful pursuit of an avoidance action is excepted from the Bar Date

and need not be filed until 30 days after the judgment giving rise to the claim becomes final.

The Claims Procedures Order provides, among other things, an absolute July 2, 2009 deadline

for the filing of all claims.[1]  *See* Claims Procedures Order at pp. 3, 7; 15 U.S.C. § 78fff-2(a)(3).

The Securities Investor Protection Corporation ("SIPC"), the Trustee appointed pursuant to the

Securities Investor Protection Act ("SIPA") and an Unofficial Committee of (unofficial) Claim

Holders strenuously oppose the motion.

**Discussion**

Section 78fff-2(a)(3) of SIPA contains a six-month time limit for filing customer claims:

> Time limitations-No claim of a customer or other creditor of the debtor which is received
> by the Trustee after the expiration of the six-month period beginning on the date of
> publication of notice.... shall be allowed, except that the court may, upon application
> within such period and for cause shown, grant a reasonable, fixed extension of time for
> the filing of a claim by the United States, by a State or political subdivision thereof, or by
> an infant or incompetent person without a guardian.

15 U.S.C. § 78fff-2(a)(3) (1981). Thus, it is clear from the face of the statute that the six-month

time limit for filing is subject to extension at the discretion of the court in only three specified

instances, none of which are applicable here.  *See Miller v. Austin,* 72 B.R. 893, 896 (S.D.N.Y.

1987).  Further emphasis is contained in the legislative history of the provision. The Section-by-

Section Summary of the SIPA Amendments of 1977 states:

> Claims of customers. . .   must actually be received by the trustee within a six-month
> period from the date of publication of notice. . . .  Claims filed more than six months after
> publication would be barred except for certain claims by a government authority, an
> infant or an incompetent. . . .

*Id. citing* Report of the Senate Committee on Banking, Housing and Urban Affairs, No. 95-763,

95th Cong., 1st Sess. at 12; 3 U.S.Code Cong. & Admin.News 764, 775 (1978).  *Securities and*

*Exch. Comm'n v. Kenneth Bove & Co.*, 353 F. Supp. 496, 497 (S.D.N.Y. 1973) (recognizing that

---

[1]  The Claims Procedure Order also sets an initial period (not to exceed sixty days from
the date of publication) for the filing of customer claims.  SIPA provides for this initial period
for customers who have claims for securities, to the extent possible, to have their claims satisfied
in kind.  Since Movants do not seek to recover securities, they face only the July 2, 2009 Bar
Date.

the six-month time limit is the "absolute outer limit").  Accordingly this Court does not have the

discretion to extend the statutory bar date for filing SIPA claims under these circumstances.

What the Movants actually seek is a declaration that the Claims Procedures Order will

not affect the ability to file claims arising from future avoidance judgments pursuant to section

502(h), title 11, United States Code (the "Bankruptcy Code.").[2]  However, since no avoidance

claims have been asserted, such relief would constitute an impermissible advisory opinion.  A

court may not exercise subject matter jurisdiction absent compliance with Article III of the

Constitution which limits judicial authority to "cases" and "controversies."  U.S. Const. Art. III,

§ 2.  "To satisfy the Article III case or controversy requirement, a litigant must have suffered

some actual injury that can be redressed by a favorable judicial decision." *Iron Arrow Honor*

*Society v. Heckler,* 464 U.S. 555, 560-61 (1992).  Here, the Movants fail to demonstrate that they

have suffered or imminently will suffer, any real or substantial injury.  Movants admit that they

do not currently have claims against the Debtor.  They merely allege that they are potential

defendants to actions which may or may never be commenced.   This Court is not deciding

whether section 502(h) of the Bankruptcy Code applies unless and until that issue ripens and is

brought by a party with standing to do so.

In the meantime, and if so inclined, the Movants can filed protective proofs of claim.  Bar

dates apply to creditors who have reason to believe they have a claim, even if the claim has not

yet accrued.  *See In re Globe Metallurgical, Inc*. 312 B.R. 34, 42 (Bankr. S.D.N.Y. 2004) *citing*

*First Fidelity Bank, N.A. v. Hooker Investments, Inc., L.J. (In re Hooker Investments, Inc.),* 937

F.2d 833, 837-38 (2d Cir. 1991).  And although the filing of a proof of claim would submit the

---

[2] Although section 78fff(b) of SIPA specifies that the provisions of the Bankruptcy Code
shall apply in SIPA liquidation proceedings, to the extent that they are consistent with SIPA, it is
unclear whether section 502(h) of the Code would apply. 15 U.S.C. § 78fff(b) (1981).

claimant to the equitable jurisdiction of this court,  "observance of a bar date clearly may be required even if it alters the method of fact finding on the merits of the claim by limiting the availability of a jury trial."  *See In re Hooker Invs., Inc.*, 937 F.2d at 840  ("parties to litigation are frequently required to make choices that may affect their rights.").[3]  The filing or non-filing of a claim is an act of volition employed by individual parties as a tactical decision.  Here, the Movants have until July 2, 2009, to evaluate their individual circumstances.[4]

**Conclusion**

For the reasons set forth, the Motion to Modify the Order Establishing Deadlines for the Filing of Customer Claims is denied.

SUBMIT AN ORDER CONSISTENT WITH THIS DECISION.

Dated: New York, New York
       February 24, 2009

                                    /s/ Burton R. Lifland
                                    United States Bankruptcy Judge

---

[3]  In *Hooker*, the Second Circuit found that a creditor who invokes the Bankruptcy Court's equitable jurisdiction to establish a claim against a debtor's estate is also subject to the procedures of equity in the determination of preference actions brought on behalf of the estate, and held that the plaintiff was obligated to observe the bar date set by the Bankruptcy Court regardless of the fact that it altered the method of fact finding on the merits of the claim by limiting the availability of a jury trial. *In re Hooker*, 937 F.2d at 838, 840.

[4] For example, for many a driving factor may be the tax consequences.