**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff, | SIPA Liquidation |
| v. | |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |

**ORDER PURSUANT TO SECTION 78eee(b)(5) OF SIPA,
SECTIONS 105, 330 AND 331 OF THE BANKRUPTCY CODE,
BANKRUPTCY RULE 2016(a) AND LOCAL BANKRUPTCY RULE 2016-1
ESTABLISHING PROCEDURES GOVERNING INTERIM MONTHLY
COMPENSATION OF TRUSTEE AND BAKER & HOSTETLER LLP**

This matter came before the Court on the motion (the "Motion")[1] of Irving H. Picard, Esq. ("Trustee"), as Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("Debtor"), pursuant to section 78eee(b)(5) of SIPA, 15 U.S.C.§ 78eee(b)(5),2 sections 105, 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a) and Local Bankruptcy Rule 2106-1, for an order establishing procedures governing interim monthly compensation for the Trustee and his counsel Baker & Hostetler LLP (the "Applicants"); and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and it appearing that the relief requested by the Motion is necessary and in the best interests of the estate, its customers, its creditors, and all parties in interest; and due notice of the motion having been given, and it appearing that no other or further notice need be given; and no objection having been raised as to the relief requested; and the Court having

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and sufficient cause appearing therefore;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. The Applicants in this case may seek and be paid monthly compensation in accordance with the following procedures:

    (a) On or before the twentieth (20th) day of each month following the month for which compensation is sought, the Applicants seeking compensation pursuant to this Order shall serve a monthly statement (a "Monthly Statement"), by electronic mail or overnight delivery, on SIPC, except as otherwise set forth below.

    (b) The Monthly Statement need not be filed with the Court and a courtesy copy need not be delivered to chambers since this Order is not intended to alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy Code and since the Applicants are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of SIPA, the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules;

    (c) Each Monthly Statement must contain a list of the individuals and their respective titles (e.g., attorney or paralegal) who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred and contemporaneously maintained time entries for each individual in increments of tenths of an hour;

    (d) SIPC will have at least twenty (20) days after its receipt of a Monthly Statement to review it and, if SIPC has an objection to the compensation or reimbursement sought in a particular Monthly Statement, SIPC shall, by no later than thirty (30) days, subject to any reasonable extension of time requested by SIPC, following the expiration of the month for which compensation is sought, serve upon the Applicants a written "Notice of Objection to Fee Statement," setting forth the nature of the objection and the amount of fees or expenses at issue;

    (e) At the expiration of the thirty (30) day period, the Trustee shall promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses identified in each Monthly Statement to which no objection has been served in accordance with paragraph (d) hereof;

2

(f) If the Trustee receives an objection to a particular Monthly Statement, he shall withhold payment of that portion of the Monthly Statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e) hereof;

(g) Similarly, if SIPC and the Applicants are able to resolve their dispute following the service of a Notice of Objection to Fee Statement, then the Trustee shall promptly pay, in accordance with paragraph (e) hereof, that portion of the Monthly Statement that is no longer subject to an objection;

(h) All objections that are not resolved by the parties shall be preserved and scheduled for hearing before the Court at the next interim or final fee application hearing to be heard by the Court in accordance with paragraph (j) hereof;

(i) The service of an objection in accordance with paragraph (d) hereof shall not prejudice SIPC's right to object to any fee application made to the Court in accordance with SIPA or the Bankruptcy Code on any ground, whether raised in the objection or not. Furthermore, the decision by SIPC not to object to a Monthly Statement shall not be a waiver of any kind or prejudice SIPC's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code;

(j) Approximately every 120 days (but not less frequently than every 150 days), the Applicants shall serve and file with the Court, in accordance with General Order M-242, as amended by General Order M-269 (both of which can be found at www.nysb.uscourts.gov) and pursuant to section 78eee(b)(5) of SIPA and sections 330 and 331 of the Bankruptcy Code, an application for interim or final (as the case may be) Court approval and allowance of the compensation and reimbursement of expenses and the Trustee shall schedule a hearing at which all such applications will be heard;

(k) Should the Applicants fail to file an application seeking approval of compensation and expenses previously paid under this Order when due (i) they may be ineligible to receive further monthly payments of fees or reimbursement of expenses as provided herein until further order of the Court and (ii) upon Court order after notice and a hearing, may be required to disgorge any fees paid since retention or the last fee application, whichever is later;

(l) The pendency of an application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Statement shall not disqualify the Applicants from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court;

3

    (m)    Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of the Applicants; and

    (n)    SIPC may, upon notice to the Applicants, seek Court approval to modify the procedures contained herein at any time during the pendency of the liquidation.

3.    The initial Monthly Statement(s) of the Applicants shall be served to SIPC on or before February 27, 2009, for the period from December 15, 2008 through January 31, 2009.

4.    Due to litigation or other advantage that may be gained through access and insight to the factual and legal research being performed by Applicants, the applications for approval of compensation filed with the Court shall be redacted to exclude certain descriptive language that would reveal the thought processes and other work product of Trustee and his counsel.

5.    All time periods set forth in this Order shall be calculated in accordance with Rule 9006(a) of the Federal Rules of Bankruptcy Procedure.

6.    Notice of the hearing and all applications for interim or final (as the case may be) Court approval and allowance of the compensation and reimbursement of expenses shall be served on the Notice Parties.

7.    The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: New York, New York
       February 25, 2009

                        /s/Burton R. Lifland
                        HONORABLE BURTON R. LIFLAND
                        UNITED STATES BANKRUPTCY JUDGE