UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In Re:

MICHAEL P. D'ALESSIO,

Debtor.

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Case No. 18-22552-RDD
Chapter 7

Nissan-Infiniti LT as serviced by Nissan Motor Acceptance Corporation (hereinafter "Nissan-Infiniti LT") hereby submits the following memorandum of law in support of its motion for relief from the automatic stay to enforce its rights with respect to a certain vehicle subject to a Lease Agreement between Nissan-Infiniti LT and the debtor, including, but not limited to selling the same and applying the proceeds to the obligation of the debtor to Nissan-Infiniti LT.  The account is in default and thus there exists a lack of adequate protection.

## I. STATEMENT OF FACTS

On or about July 18, 2016, the debtor, Michael P. D'Alessio, and Michael Paul Enterprises, LLC entered into that certain Lease Agreement with Pepe Infiniti regarding one (1) 2016 Infiniti QX80 (hereinafter "property").  The account is in default as set forth in the accompanying motion and affidavit of Nissan-Infiniti LT.

## II. ARGUMENT

### Standards for Relief From the Automatic Stay

11 U.S.C. § 362(d) provides for circumstances under which this Court may terminate, annul, modify, or condition the automatic stay.  11 U.S.C. § 362(d)(1) and (2), provide:

> "(d)    On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay –

> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
>
> (1) with respect to a stay of an act against property under subsection (a) of this section, if -
>
>> (A) the debtor does not have an equity in such property; and
>> (B) such property is not necessary to an effective reorganization."

"Two threshold points should be made concerning these provisions. First, Section 362(d) is mandatory, not permissive . . . Second, the grounds for relief from stay are presented in subsections (1), (2) and (3) in the disjunctive; thus, if any one subsection applies, the Court must grant a motion for relief from automatic stay." In re Zeoli, 249 B.R. 61, 63 (Bankr. S.D.N.Y. 2000).

    A.    <u>Default in Payments is Cause</u>

This Court has stated "[a] continued failure to make monthly payments under loan documents can constitute cause for granting relief from the automatic stay . . . Typically, however, cause will only be found where the failure to make monthly payments corresponds with a nonexistent equity cushion [internal citations omitted]. Even when a slight equity cushion exists, this does not constitute adequate protection where post-petition interest is accruing, and the debtor is not able to pay expenses as they come due." In re Balco Equities Ltd., Inc., 312 B.R. 734m 749 (Bankr. S.D.N.Y. 2004). Thus, debtor's failure to make payments is a default under the contract constituting cause for termination of the stay to allow the creditor to protect its interests in the property, which is depreciating.

    B.    <u>There is No Equity in the Vehicle for the Debtor or the Bankruptcy Estate</u>

This Court has held that "[t]he secured creditor who seeks relief from the automatic stay under § 362(d)(2) must demonstrate (1) the amount of its claim, (2) that its claim is secured by a valid, perfected lien in property of the estate, and (3) that the debtor lacks equity in the property." In re Elmira Litho, Inc., 174 B.R. 892, 900 (Bankr. S.D.N.Y. 1994). The motion establishes the validity of Nissan-Infiniti LT's security interest and that the value of the property is less than the amount owed under the contract. As such, there is no equity in the property for the Debtor or the bankruptcy estate.

    C.    <u>The Vehicle is Not Necessary to an Effective Reorganization</u>

For property to be necessary for an effective reorganization, an effective reorganization must be a reasonable possibility. <u>In re Albany Partners Limited</u>, 749 F.2d 670, 673 (11th Cir. 1984). If there is no reorganization of the debtor, then no property of that debtor can be necessary for that end. <u>In re Dublin Properties</u>, 12 B.R. 77, 80 (Bankr. E.D. PA 1981).

### III. **CONCLUSION**

For the foregoing reasons, Nissan-Infiniti LT as serviced by Nissan Motor Acceptance Corporation respectfully requests that this Court make and enter its Order terminating the automatic stay as to Nissan-Infiniti LT with respect to the vehicle including but not limited to obtaining possession of and selling the same and applying the proceeds of sale to the obligations of the debtor to Nissan-Infiniti LT, and for such other and further relief as the Court deems proper.

DATED:     August 20, 2018          **SCHILLER, KNAPP,**
                                    **LEFKOWITZ & HERTZEL, LLP**


                                    By:    /s/ Martin A. Mooney
                                           Martin A. Mooney, Esq.
                                           Attorneys for Nissan-Infiniti LT
                                           as serviced by Nissan Motor Acceptance
                                           Corporation
                                            50 New Loudon Road
                                            Latham, New York 12110
                                            (518) 786-9069