# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X
SECURITIES INVESTOR PROTECTION      :   ADV. PRO.NO. 08-01789(BRL)
CORPORATION                         :   SIPA LIQUIDATION
                                    :
        Plaintiffs – Applicant,     :
                                    :   DECLARATION OF
        v.                          :   KEITH AZOPARDI
                                    :
BERNARD L MADOFF INVESTMENT         :
SECURITIES LLC                      :
                                    :
        Defendants.                 :
------------------------------------X

I, KEITH AZOPARDI, am over the age of eighteen, have personal knowledge of, and am competent to testify to, the facts set forth below, and declare the following to be true and correct pursuant to 28 U.S.C. Section 1746:

1. I am a Barrister admitted in Gibraltar and in England and Wales.

2. I am a member (I.e. partner) of the law firm of Attias & Levy located at 39 Irish Town, Gibraltar and practice law in Gibraltar.

3. All matters stated herein are known by me to be true except as otherwise stated. To the extent that I make reference to New York proceedings or to US statute my knowledge is derived from information supplied to me by Baker & Hostetler.

4. I am informed by Baker & Hostetler that by the Order dated December 15, 2008, entered by the Honorable Louis A. Stanton of the United States District Court for the Southern District of New York, Irving H. Picard, was appointed trustee ("Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("Debtor"). The Trustee has retained Baker & Hostetler as his primary counsel. However, the

Trustee wishes to retain Attias & Levy as Gibraltar Counsel to assist the Trustee in recovering customer property in Gibraltar and other such matters as may arise.

5. I am informed by Baker & Hostetler that section 78eee(b)(6) of the Securities Investor Protection Act of 1970 ("SIPA") is entitled "Disinterestedness", and provides as follows:

**(6) Disinterestedness**

(A) **Standards**

For the purpose of paragraph (3), a person shall not be deemed disinterested if:

(I) such person is a creditor (including a customer), stockholder, or partner of the debtor;

(ii) such person is or was an underwriter of any of the outstanding securities of the debtor or within five years prior to the filing date was the underwriter of any securities of the debtor;

(iii) such person is, or was within two years prior to the filing date, a director, partner, officer, or employee of the debtor or such an underwriter, or an attorney for the debtor or such an underwriter; or

(iv) it appears that such person has, by reason of any other direct or indirect relationship to, connection with, or interest in the debtor or such an underwriter, or for any other reason, an interest materially adverse to the interests of any class of creditors (including customers) or stockholders,

2

except that SIPC shall in all cases be deemed disinterested, and an employee of SIPC shall be deemed disinterested if such employee would, except for his association with SIPC, meet the standards set forth in this subparagraph.

(B)   Hearing

The court shall fix a time for a hearing on disinterestedness, to be held promptly after the appointment of a trustee. Notice of such hearing shall be mailed at least ten days prior thereto to each person who, from the books and records of the debtor, appears to have been a customer of the debtor with an open account within the past twelve months, to the address of such person as it appears from the books and records of the debtor, and to the creditors and stockholders of the debtor, to SIPC, and to such other persons as the court may designate. The court may, in its discretion, also require that notice be given by publication in such newspaper or newspapers of general circulation as it may designate. At such hearing, at any adjournment thereof, or upon application, the court shall hear objections to the retention in office of a trustee or attorney for a trustee on the grounds that such person is not disinterested.

15 U.S.C. § 78eee(b)(6).

6.   In order to determine that Attias & Levy is disinterested within the meaning of SIPA § 78eee(b)(6), I utilised Attias & Levy's conflicts check procedures and practices to determine that to the best of my knowledge, Attias & Levy meets the "disinterestedness" requirements set forth in SIPA § 78eee(b)(6).

3

7. In particular, all members (i.e. partners) of Attias & Levy were sent e-mail messages on 14 March, 2009 concerning this matter and were requested to reply by 12 noon on Monday 16 March 2009 if he or she believed there were any known conflicts or adverse interests.

8. In response to the above e-mail message, or as a result of the search of our database, no associations to the Debtor were disclosed.

9. To date, no other member of Attias & Levy has informed me of any actual or potential conflict, nor has a search of Attias & Levy's database disclosed any actual or potential conflict. This Declaration has been placed before me for signature after noon on the 16 March 2009 the deadline I set in my email to all other Partners of this firm. Based on the lack of responses and a review of other available information, it appears that Attias & Levy meets the disinterestedness standard of Section 78eee(b)(6)(A) of SIPA, as well as under Bankruptcy Code Section 327(a) and Federal Rule of Civil Procedure 2014(a) and has no conflict nor an interest materially adverse to the Debtor.

10. As a result, to the best of my knowledge, information and belief, I have been able to determine that:

    (i) no member of Attias & Levy is a creditor (including a customer), stockholder, or partner of the Debtor;

    (ii) no member of Attias & Levy is or was an underwriter of any of the outstanding securities of the Debtor or within five years prior to the filing date was the underwriter of any securities of the Debtor;

4

(iii) no member of Attias & Levy is, or was within two years prior to the filing date, a director, partner, officer, or employee of the Debtor or such an underwriter, or any attorney for the Debtor or such an underwriter; and

(iv) it appears that no member of Attias & Levy has, by reason of any other direct or indirect relationship to, connection with, or interest in the Debtor or such an underwriter, or for any other reason, an interest materially adverse to the interest of any class of creditors (including customers) or stockholders.

11. I understand that the Trustee and SIPC are in the initial review and information gathering stage of the instant liquidation proceeding, and are continuing to research and analyze the books and records of the Debtor. As a result, additional information may be discovered that may be relevant to the instant Declaration. I understand that Attias & Levy has a continuing duty to disclose any subsequently discovered information and/or connections within the meaning of 15 U.S.C. § 78eee(b)(6), and will supplement this Declaration as appropriate.

I declare under penalty of perjury that the foregoing is true and correct, and if called on as a witness I could testify competently thereto. Executed on the 16th day of March, 2009 at Suites 1 & 3, 39 Irish Town, Gibraltar.

16th March 2009
Date

_____
KEITH AZOPARDI

5