**Exhibit B**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | Adv. Pro. No. 08-1789 (BRL)<br><br>SIPA Liquidation |

**ORDER (A) ESTABLISHING BIDDING PROCEDURES IN CONNECTION WITH THE SALE OF CERTAIN ASSETS; (B) ESTABLISHING PROCEDURES IN RESPECT OF THE ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASES AND EXECUTORY CONTRACTS; (C) APPROVING THE FORM AND MANNER OF NOTICES; (D) APPROVING THE ASSET PURCHASE AGREEMENT SUBJECT TO HIGHER AND BETTER OFFERS; AND (E) SCHEDULING A SALE HEARING DATE**

Upon consideration of the motion (the "Motion")[1] of Irving H. Picard (the "Trustee"), trustee for the liquidation of Bernard L. Madoff Investment Securities LLC (the "Debtor"), dated March 30, 2009, for entry of an order, pursuant to sections 363 and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), (a) establishing bidding procedures in connection with the sale of certain assets, (b) establishing procedures in respect of the assumption and assignment of unexpired leases and executory contracts, (c) approving the form and manner of notices, (d) approving the Agreement subject to higher and better offers; and (e) scheduling a hearing (the "Sale Hearing") to consider the sale of certain assets of the Debtor and the assumption and assignment of related executory contracts and unexpired leases; and sufficient cause appearing therefore, and it further appearing that sufficient notice of the Motion

---

[1] All capitalized terms used, but not defined herein, shall have the meanings ascribed to them in the Motion.

102655781

as required having been given under the circumstances, as evidenced by the proof of service filed on _____, 2009; and it further appearing that this Court has jurisdiction to grant the requested relief pursuant to 28 U.S.C. §§ 157 and 1334 and 15 U.S.C. § 78eee(b)(4); and after considering all objections (the "Objections"), if any, to the Motion; and a hearing having been held on _____, 2009 to consider the relief requested in the Motion and all other proceedings had before the Court; and it further appearing that the relief requested in the Motion is reasonable and necessary under the circumstances to protect the interests of the Debtor's estate, customers, creditors and parties in interest in connection with the proposed sale of assets pursuant to the Agreement; and it appearing that an order establishing bidding procedures, fixing and approving the notice of the Agreement and the Sale Hearing and scheduling the Sale Hearing is in the best interests of the Debtor's estate, customers, creditors and parties in interest; and after due deliberation and sufficient cause appearing therefore, it is

FOUND AND DETERMINED THAT:

A. The Trustee has shown good and sufficient reasons for approving the Sale Notice and the Bidding Procedures (as defined below) in connection with the proposed sale of the Acquired Assets, the Cure Procedures, procedures for the assumption and assignment of the Designated Contracts and the related Auction.

B. The Bidding Procedures, under the circumstances, are reasonable and appropriate and are designed to maximize the recovery on the Acquired Assets and the assumption and assignment of the Designated Contracts.

C. The Sale Notice including the notice of Bidding Procedures, the Cure Procedures and procedures for the assumption, assignment of executory contracts under the circumstances, provide due, adequate and timely notice of the sale and assignment

transactions described in the Agreement (the "Sale Transaction") in accordance with Bankruptcy Rules 2002 and 6006 and the applicable provisions of the Bankruptcy Code and SIPA.

D. The notice proposed to be provided by the Trustee of the Sale Motion and Auction, under the circumstances, constitutes due, sufficient and adequate notice to parties in interest of the sale of the Acquired Assets, the assumption and assignment of the Designated Contracts.

E. The Break-Up Fee (as defined below) was and is a material inducement for, and condition of, the Purchaser's entry into the Agreement. The Purchaser is unwilling to commit to hold open its offer to purchase the Acquired Assets under the terms of the Agreement unless it is assured of payment of the Break-Up Fee, as more fully set forth in the Agreement and the Bidding Procedures. Assurance to the Purchaser of payment of the Break-Up Fee has promoted and will promote more competitive bidding by inducing the Purchaser's bid, which otherwise would not have been made, and without which bidding may have been and may be limited. Furthermore, because the Break-Up Fee induced the Purchaser to conduct extensive due diligence with respect to the Acquired Assets and to submit a bid that will serve as a minimum or floor bid for the sale of the Acquired Assets on which other bidders and the Trustee can rely, the Purchaser has provided a benefit to the estate by increasing the likelihood that the price at which the Acquired Assets are sold will reflect their true worth and that value for the estate will be maximized through the Sale Transaction.

F. Absent approval of the Break-Up Fee, the Trustee may lose the opportunity to obtain the highest and best available offer for the Acquired Assets and the downside protection

afforded by the Agreement. In light of the benefit to the estate realized by having a fully negotiated agreement, the terms of which will enable the Trustee to preserve the value of the Business, ample support exists for the approval of the Break-Up Fee as contemplated in the Bidding Procedures and the Agreement.

NOW, THEREFORE, IT IS HEREBY:

ORDERED, that the Sale Notice and the Bidding Procedures in connection with the sale of the Acquired Assets, the Break-Up Fee, the Cure Procedures, the procedures for the assumption and assignment of the Designated Contracts and the related Auction are hereby approved; and it is further

ORDERED, that to the extent not withdrawn or rendered moot by the provisions contained herein, all Objections as to the Sale Notice, the Bidding Procedures, the procedures for the assumption and assignment of the Designated Contracts as provided above, if any, are overruled on the merits; and it is further

ORDERED, that the Trustee is authorized to sell the Acquired Assets by conducting the Auction in accordance with the Bidding Procedures, which procedures are hereby approved in their entirety; and it is further

ORDERED, that the Trustee shall hold the Auction in accordance with the Bidding Procedures at the offices of Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, New York 10111, 11th floor, on April ___, 2009, at 10:00 a.m.; and it is further

ORDERED, if any Competing Bids (as defined below) are received by the Trustee, that the Sale Hearing shall commence the first available court date after the conclusion of the Auction, April ___, 2009, at 10:00 a.m., at the United States Bankruptcy Court for the Southern District of New York, Courtroom 623, One Bowling Green, New York, New York 10004, which

hearing shall be to determine whether to confirm approval of the highest and best offer from the Auction free and clear of liens and encumbrances and shall also be to determine whether to approve the assumption and assignment of the Designated Contracts; and it is further

ORDERED, that any party desiring to submit a competing bid for the Acquired Assets at the Auction shall submit such bid in accordance with the following terms and conditions (the "Bidding Procedures"):

(a) Any entity that wishes to make a bid for Acquired Assets must provide the Trustee with sufficient and adequate information to demonstrate, to the absolute satisfaction of the Trustee, that such competing bidder (i) has the financial wherewithal and ability to consummate the Sale Transaction including evidence of adequate financing, and including a financial guaranty, if appropriate, and (ii) can provide all non-debtor contracting parties to the Designated Contracts with adequate assurance of future performance as contemplated by section 365 of the Bankruptcy Code. Any party satisfying such criteria shall be designated as a "Qualified Party." Any Qualified Party shall be permitted to conduct reasonable due diligence for purposes of making a competing bid, subject to executing an appropriate confidentiality agreement.

(b) The Trustee shall entertain competing offers ("Competing Bids") that are substantially the same terms and conditions as those set forth in the Agreement and the documents set forth as exhibits thereto. Any entity that wishes to submit a competing bid must provide the Trustee and the Purchaser with a marked version of the Agreement indicating any changes made thereto.

(c) Competing Bids must be (a) in writing and (b) served upon (i) counsel to the Trustee, Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, New York 10111 (Attn: Douglas E. Spelfogel, Esq., Marc Hirschfield, Esq. and Richard J. Bernard, Esq.), and (ii) be served upon counsel to the Purchaser, Choate Hall & Stewart LLP, Two International Place, Boston, Massachusetts 02110 (Attn: Jolie M. Siegel, Esq. and William S. McMahon, Esq.) so that such bid is received by such parties no later than April ___, 2009 at 12:00 p.m. (EDT) (the "Competing Offer Deadline"). Parties not submitting Competing Bids by the Competing Offer Deadline, together with the required information and deposit as provided for under this Order shall not be permitted to participate at the Auction.

(d) Competing Bids must be accompanied by a good faith earnest money deposit in the amount of 10% of the closing payment, in the form of a certified or cashier's check made payable to IRVING H. PICARD, TRUSTEE FOR THE LIQUIDATION OF BERNARD L. MADOFF INVESTMENT SECURITIES LLC. All such deposits shall be retained by the Trustee (but the checks will not

102655781

- 5 -

be cashed) pending the hearing to consider the Sale Motion and except for the two (2) highest offers, shall be returned as soon as practicable after entry of an order by the Court approving the Sale. The Trustee shall hold the deposits of the winning bidder ("Winning Bidder") and the maker of the next highest bid (the "Alternate Bidder") (as determined by the Trustee and accepted by the Court) and apply the deposit of the Winning Bidder to the Purchase Price at closing. In the event that the Trustee does not close with the Winning Bidder, the Trustee may close with the Alternate Bidder with that bidder's deposit being credited towards the Purchase Price at closing. As soon as practicable after the closing, the remaining deposit of the Winning Bidder or the Alternate Bidder as the case may be, shall be returned to that bidder, except as otherwise provided herein or in the purchase agreement with such bidders.

(e) If there are any Competing Bids that are submitted in accordance with the above-referenced requirements, including within the required deadlines and together with a good faith deposit, then such Competing Bids shall be considered at the open auction (the "Auction") to be held at the offices of Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, New York 10111, 11th floor, or in such manner and at such alternative location as the Trustee may determine or the Court may direct, on April ___, 2009 commencing at 10:00 a.m. (EDT).

(f) Any Competing Offer shall be in an amount at least equal to $550,000 in cash plus additional consideration with a present value equal to at least the value provided by the Purchaser, as determined in the Trustee's sole and absolute discretion (with additional consideration for the Cure Amounts set forth in the Agreement) and must be presented under a contract substantially the same, except as to purchase price, as the Agreement, and such bid must not be subject to due diligence or financing contingencies.

(g) The Trustee shall, after the Competing Offer Deadline and prior to the Auction, evaluate all bids received, and determine which bid reflects the highest or best offer for the Acquired Assets. The Trustee shall announce such determination at the commencement of the Auction and then the Trustee shall conduct the Auction among the parties submitting Competing Bids to determine if any higher or better offer might be obtained. Any further bids made at the Auction shall be in increments of at least $35,000 greater than the preceding bid. The Acquired Assets are being offered for sale in lots and in the aggregate, bids will be accepted for individual lots and in the aggregate. The Trustee will evaluate which is the highest and best bid for the Acquired Assets by comparing total individual bids and aggregate, individual bids.

(h) If there is a successful competing bidder for the Acquired Assets, such Winning Bidder shall be bound by all of the terms and conditions of the Agreement with appropriate modifications for (i) the identity of the successful bidder and (ii) the purchase price as the same shall have been increased at the Auction.

(i) In the event that a competing bidder is the Winning Bidder (as determined by the Trustee and accepted by the Court) and such Winning Bidder fails to consummate the proposed transaction by the Closing Date, such bidder's deposit shall be forfeited to the Trustee (but not as liquidated damages, the Trustee reserving the right to pursue all remedies that may be available to him) and the Trustee shall be free to consummate the proposed transaction with the next highest bidder at the final price bid by such bidder at the Auction (or, if that bidder is unable to consummate the transaction at that price, the Trustee may consummate the transaction with the next higher bidder, and so forth) without the need for an additional hearing or order of the Bankruptcy Court.

(j) In the event that the Agreement is terminated pursuant to Section 12.1(e) of the Agreement, the Trustee shall pay Purchaser a fee of Fifteen Thousand Dollars ($15,000), inclusive of reimbursement of Purchaser's expenses, including attorneys, investment banking, accounting and other professional fees and expenses incurred in pursuit of its bid (the "Break-Up Fee") to compensate the Purchaser for its efforts in connection with it being the "stalking horse" bidder for the Acquired Assets, including the costs of the Purchaser incurred in performing due diligence, negotiating and documenting the terms of this Agreement and representing its interests with respect to the proposed sale and Trustee's Bankruptcy Case. The Break-Up Fee shall be paid exclusively from the proceeds of the Alternative Transaction and shall be paid within 10 days of any closing in connection with the Acquired Assets and without further order or application to the Bankruptcy Court. The Break-Up Fee shall constitute a first priority administrative expense of the Trustee pursuant to Section 503(b) of the Bankruptcy Code.

(k) All bids for the purchase of the Debtor's Acquired Assets shall be subject to approval of the Bankruptcy Court and SIPC. The offer of the Winning Bidder, together with the Alternate Bidder's offer, shall be presented to the Bankruptcy Court at a hearing to confirm the sale of the Acquired Assets.

(l) No bids shall be considered by the Trustee or the Bankruptcy Court unless a party submitted a Competing Offer in accordance with the Bidding Procedures and participated in the Auction. The Trustee, in his absolute discretion, may reject any Competing Bids not in conformity with the requirements of the Bankruptcy Code, the Bankruptcy Rules or the Local Bankruptcy Rules of the Court, or contrary to the best interests of the Debtor's estate, customers, creditors and parties of interest.

(m) All bids are irrevocable until the earlier to occur of: (i) the closing of the Sale Transaction, or (ii) thirty (30) days following the last date of the Auction (as such Auction may be adjourned).

(n) All bids are subject to such additional terms and conditions as are announced by the Trustee at the outset of the Auction, provided that such terms and conditions do not conflict with the provisions hereof.

and it is further

ORDERED, that the Trustee shall designate cure amounts owed under the Designated Contracts, and shall serve notice of the Cure Amounts on all parties to the Designated Contracts by first class U.S. mail, postage prepaid, on or before April ___, 2009. Any party desiring to object to the Cure Amounts must comply with the following terms and conditions (the "Cure Procedures"):

    a.    Any and all objections ("Cure Objections") to the Cure Amounts set forth on Exhibit "D" of the Sale Motion must be in writing, filed with the Court, and <u>actually received</u> by (i) the attorneys for the Trustee, Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, New York 10111 (Attn: David J. Sheehan, Esq., Douglas E. Spelfogel, Esq., Marc Hirschfield, Esq. and Richard J. Bernard, Esq.), (ii) the Securities Investor Protection Corporation, 805 Fifteenth Street, NW, Suite 800, Washington, DC 20005 (Attn: Kevin H. Bell, Esq.), and (iii) the attorneys for the Purchaser, Choate Hall & Stewart LLP, Two International Place, Boston, Massachusetts 02110 (Attn: Jolie M. Siegel, Esq. and William S. McMahon, Esq.) no later than April ___, 2009 at ___:___ p.m. EDT (the "Cure Objection Deadline").

    b.    Each Cure Objection shall set forth the cure amounts or obligations that the objecting party asserts have accrued and/or are due, the specific types and dates of the alleged cure amounts, obligations, defaults, pecuniary losses, and conditions to assignment, and the support therefore.

    c.    Unless the party, or party in interest, to a Designated Contract files and serves a Cure Objection by the Cure Objection Deadline, all interested parties who have received actual or constructive notice hereof shall be deemed to have waived and released any right to assert a Cure Objection and to have otherwise consented to the assignment of the Designated Contract and shall be forever barred and estopped from asserting or claiming against the Trustee, the Debtor's estate, the Purchaser, such other Winning Bidder, or any other assignee of the relevant Designated Contract that any additional amounts are due or default exists, or conditions to assignment must be satisfied, under such Designated Contract for the period prior to the date of the Closing.

    d.    To the extent any Cure Objections are timely filed, a further hearing will be held at the Sale Hearing, or at such other date as the Court may designate, with respect to a determination as to any such cure disputes; provided that, if the subject Designated Contract is assumed and assigned over objection as to the Cure Amount, the Trustee shall deposit the cure amount asserted by the objecting party (or such lower amounts as may be fixed by the Court) in a segregated account

    held by the Trustee or such other person as the Court may direct pending further order of the Court or mutual agreement of the parties.

 e. A properly filed and served Cure Objection shall reserve such party's rights against the Trustee (but not against the Purchaser or any other purchaser of the Acquired Assets and the Designated Contracts) respecting the Cure Amount, but shall not constitute an objection to the remaining relief generally requested in the Sale Motion.

and it is further

  ORDERED, that the Break-Up Fee is hereby approved and the Trustee is authorized and directed to pay the Purchaser the Break-Up Fee in accordance with the terms of the Agreement, the Motion and this Order; and it is further

  ORDERED, that should overbidding take place at the Auction, the Purchaser shall have the right, but not the obligation, to participate in the overbidding and to be approved at the Sale Hearing as the successful bidder based upon any such overbids, provided, however, that the Purchaser shall receive a credit against any additional incremental bid in an amount equal to the Break-Up Fee; and it is further

  ORDERED, that pursuant to Bankruptcy Rules 2002, 6004, and 6006, within one (1) day of entry of this Order, the Trustee shall serve a copy of the Sale Motion together with a copy of this Order, by first class U.S. Mail upon (i) the Securities Investor Protection Corporation, (ii) the Securities and Exchange Commission; (iii) the United States Attorney for the Southern District of New York; (iv) all non-debtor contracting parties with respect to the Designated Contracts; (v) all appropriate federal, state and local taxing authorities; and (vi) all known persons holding a lien on any of the Acquired Assets. The Trustee shall serve a copy of the Sale Motion, together with this Order, via the ECF filing that will be made, to each person or entity that has filed a notice of appearance in this case. In addition, the Trustee shall serve a copy of the Sale Notice, substantially in the form annexed to the Motion as Exhibit "D" (which form is

hereby approved) on all parties who have made written expressions of interest in acquiring the Acquired Assets in the past three (3) months. Finally, the Trustee shall also post this Bidding Procedures Order and approved Sale Notice on the Trustee's website, www.madofftrustee.com; and it is further

ORDERED, that such service as provided in the previous paragraph is hereby deemed due, timely, good and sufficient notice of the entry of this Bidding Procedures Order, the Auction, the Sale Motion, the Cure Procedures, the procedures for the assumption and assignment of the Designated Contracts, the related Auction, the Sale Hearing and all proceedings to be held thereon and matters related thereto; and it is further

ORDERED, that responses or objections, if any, to the remaining relief requested in the Sale Motion must be in writing, must state the name of the objecting party, must state with particularity the reasons and basis for the objection, and be filed with the Court and served upon (i) the attorneys for the Trustee, Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, New York 10111 (Attn: David J. Sheehan, Esq., Douglas E. Spelfogel, Esq., Marc Hirschfield, Esq. and Richard J. Bernard, Esq.), (ii) the Securities Investor Protection Corporation, 805 Fifteenth Street, NW, Suite 800, Washington, DC 20005 (Attn: Kevin H. Bell, Esq.) and the attorneys for the Purchaser, Choate Hall & Stewart LLP, Two International Place, Boston, Massachusetts 02110 (Attn: Jolie M. Siegel, Esq. and William S. McMahon, Esq.), so as to be actually received by such persons no later than April ___, 2009; and it is further

ORDERED, that the Court shall retain jurisdiction over any matter or dispute arising form or relating to the implementation of this Order.

Dated: New York, New York
_____, 2009

_____
HONORABLE BURTON LIFLAND
UNITED STATES BANKRUPTCY JUDGE