**Exhibit C**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　　Defendant. | Adv. Pro. No. 08-1789 (BRL)<br><br>SIPA Liquidation |

**ORDER (A) APPROVING THE SALE OF CERTAIN ASSETS OF THE DEBTOR FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES, (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES AND EXECUTORY CONTRACTS AND (C) GRANTING RELATED RELIEF**

On consideration of the motion (the "Sale Motion"), dated March 30, 2009, filed by Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC (the "Debtor"), for entry of an order (the "Order"), *inter alia*, pursuant to section 78fff(a) of the Securities Investor Protection Act of 1970, 15 U.S.C. § 78aaa, *et seq.* ("SIPA"), and sections 105, 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6004, 6006, 7001 *et seq.* and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing and approving (a) the sale of certain assets (the "Acquired Assets") related to the Debtor's market making operations described in and pursuant to the terms and conditions of that certain Asset Purchase Agreement, dated _____, 2009 (the "Agreement") by and between the Trustee, as seller, and [Castor Pollux Securities, LLC], as buyer (the "Purchaser"), and (b) the assumption and assignment of various contracts and leases identified in the Agreement; and a hearing on the Sale Motion

102745482.3

having been held on _____, 2009 (the "Sale Hearing"); and the Court having jurisdiction to consider and determine the Sale Motion in accordance with 28 U.S.C. § 157 and 1334 and 15 U.S.C. § 78eee(b)(4); and due notice of the Sale Motion having been provided, and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefore;

IT IS HEREBY FOUND AND DETERMINED:

### General

A.  All capitalized terms not otherwise defined in this Order have the meanings ascribed to such terms in the Sale Motion or the Agreement.

B.  The Court has jurisdiction to consider the Sale Motion and the relief requested therein under section 78eee(b)(4) of SIPA and 28 U.S.C. §§ 157 and 1334. The Sale Motion is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (N) and (O). Venue is proper in the Court under 28 U.S.C. §§ 1408 and 1409.

C.  The statutory predicates for the relief sought in the Sale Motion are section 78fff(a) of SIPA, sections 105(a), 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 6004, 6006, 7001 *et seq.*, and 9014.

D.  On _____, 2009, the Court entered the order (the "Bidding Procedures Order"), *inter alia*, establishing bidding procedures (the "Bidding Procedures"), in respect of the assumption and assignment of unexpired leases and executory contracts, authorizing the Trustee to conduct an auction (the "Auction") of the Acquired Assets, and scheduling the Sale Hearing.

E.  As evidenced by the certificates of service filed with the Court, and based on the representations of counsel at the hearing, (i) proper, timely, adequate, and sufficient notice of the

Sale Motion, the transactions contemplated therein (including the assumption and assignment of the Designated Contracts (hereinafter, the "Assumed Contracts"), the Bidding Procedures Order, the Bidding Procedures, the Auction and the Sale Hearing has been provided in accordance with the Bidding Procedures Order and sections 102, 105, 363, and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006, 7001, *et seq.* and 9014; (ii) such notice was good and sufficient and appropriate under the particular circumstances; and (iii) no other or further notice of the Sale Motion, the transactions contemplated therein (including the assumption and assignment of the Assumed Contracts), the Bidding Procedures Order, the Bidding Procedures, the Auction, the Sale Hearing and the entry of this Order is required.

F.   A reasonable opportunity to object or be heard with respect to the Sale Motion and the relief requested therein has been afforded to all interested persons and entities, including, but not limited to: (i) counsel for the Purchaser; (ii) counsel for the Trustee; (iii) the Securities Investor Protection Corporation; (iv) all known persons holding a lien, claim, encumbrance or other interest in, to or against any of the Acquired Assets; (v) all parties to the Assumed Contracts; (vi) all appropriate federal, state and local taxing authorities; (vii) the Securities Exchange Commission (the "SEC"); (viii) the United States Attorney for the Southern District of New York; and (ix) all entities who have filed a notice of appearance and request for service of papers in the Debtor's case pursuant to Bankruptcy Rule 2002.

### The Case

G.   On December 11, 2008 (the "Filing Date"),[1] the SEC filed a complaint in the

---

[1] Section 78*lll*(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78*lll*(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

United States District Court for the Southern District of New York against defendants Bernard L. Madoff and the Debtor (together, the "Defendants") (No. 08 CV 10791). The complaint alleged that the Defendants engaged in fraud through investment advisor activities of the Debtor.

H. On December 12, 2008, the Honorable Louis L. Stanton of the United States District Court for the Southern District of New York entered an order which appointed Lee S. Richards, Esq. as receiver (the "Receiver").

I. On December 15, 2008, Judge Stanton entered the Protective Decree, which, in pertinent part:

 a. appointed the Trustee for the liquidation of the business of the Debtor pursuant to section 78eee(b)(3) of SIPA;

 b. appointed Baker & Hostetler, LLP as counsel ("Counsel") to the Trustee pursuant to section 78eee(b)(3) of SIPA; and

 c. removed the case to this Bankruptcy Court pursuant to section 78eee(b)(4) of SIPA.

J. On December 18, 2008, Judge Stanton entered the Order on Consent Imposing Preliminary Injunction, Freezing Assets and Granting Other Relief Against Defendants (the "Preliminary Injunction Order"). Among other things, the Preliminary Injunction Order clarified that the Receiver is only appointed as to assets concerning the London entity, Madoff Securities International Ltd.

### The Sale Process for the Assets

K. The Trustee has marketed the Acquired Assets diligently, in good faith and in a commercially reasonable manner to secure the highest and best offers therefor by, among other things, delivering offering materials to potential purchasers and inviting potential purchasers to meet with management and the Trustee's professionals and providing potential purchasers with

the opportunity to conduct due diligence. Further, the Trustee, through his professionals, contacted approximately 100 strategic, potential buyers, assembled and sent informational packages, and created a data room for due diligence to enable potential acquirers and interested parties to make an informed investment decision. The Trustee has provided access to the information to all suitable and interested parties. In addition, the Trustee delivered the Bidding Procedures Order, the Bidding Procedures, the Sale Notice and the Sale Motion to each of the entities that had previously expressed an interest in the Acquired Assets and provided all notices as required under the Bid Procedures Order.

L. At the Auction, the Purchaser submitted the highest and best offer for the Acquired Assets on terms and conditions set forth in the Agreement.

M. The Bidding Procedures afforded a full, fair and reasonable opportunity for any entity to make a higher or better offer to purchase the Acquired Assets and no higher or better offer has been made than that of the Purchaser.

N. The Trustee and the Purchaser have complied with the Bidding Procedures Order and the Bidding Procedures in all respects.

### The Sale of the Assets to the Purchaser

O. The transactions effectuating, and the terms and conditions governing, the sale of the Acquired Assets to the Purchaser are embodied in the Agreement, which is attached hereto as Exhibit "A." A description of the Acquired Assets is contained in Article II of the Agreement. Moreover, a description of the Designated Contracts (which represents the executory contracts and unexpired leases that the Purchaser is assuming subject to a Closing as provided below and in the Agreement) for assumption and further assignment to the Purchaser under the terms of the Agreement is contained in Section 2.1(a) of the Agreement.

P.  Upon the Closing of the Sale, subject to and in accordance with the terms and conditions of the Agreement, the Purchaser shall make the Closing Deliveries required under the Agreement insofar as not delivered prior to the Closing.

Q.  The Agreement contemplates that the sale of the Acquired Assets shall be free and clear of all liens, claims, interests, and other encumbrances within the meaning of section 363(f) of the Bankruptcy Code, including, but not limited to any and all liens, mortgages, security interests, conditional sale or title retention agreements, pledges, judgments, demands, encumbrances, easements, restrictions or charges of any and all kinds or nature and any and all claims (as defined in section 101(5) of the Bankruptcy Code), obligations, demands, options, rights, restrictions, and interests, whether imposed by agreement, understanding, law, equity, or otherwise (collectively, the "Liens") in exchange for the Purchase Price, which includes the $500,000 Closing Payment plus the Earn-Out Payments pursuant to sections 4.1(b) and 4.1(c) of the Agreement.

R.  The Purchaser's obligation to consummate the transactions contemplated in the Agreement is subject to the specific conditions outlined in that contract, including Bankruptcy Court approval. As of the date of entry of this Order, there has been no failure of any condition under the Agreement to the Purchaser's obligation to consummate the Sale.

S.  The Agreement was negotiated, proposed, and entered into by and between the Purchaser and the Trustee without collusion, in good faith, and from arm's length bargaining positions. Neither the Trustee nor the Purchaser has engaged in any conduct that would cause or permit the application of Bankruptcy Code section 363(n) to the sale, including having the Agreement voided.


T.  The Purchaser is a good faith purchaser in accordance with section 363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections afforded thereby. Absent a stay of the effectiveness of this Order, if any, the Purchaser will be acting in good faith within the meaning of Bankruptcy Code Section 363(m) in closing the transaction under the Agreement, including the assumption and assignment of the Assumed Contracts, at any time after the expiration of any stay of this Order, whether pursuant to Bankruptcy Rule 6004(h) or otherwise.

U.  The Assumed Contracts to be assumed and assigned to the Purchaser are valid and binding, in full force and effect, and enforceable in accordance with their terms, and are property of the Debtor's estate pursuant to section 541(a) of the Bankruptcy Code.

V.  The terms and conditions of the Agreement, the Purchase Price and the closing deliveries to be made by the Purchaser under the Agreement (i) are fair and reasonable; (ii) valid, binding and enforceable; (iii) constitute the highest and best offer for the Acquired Assets; (iv) will provide a greater recovery for the Debtor's creditors than would be provided by any other practical available alternative; and (v) constitute reasonably equivalent value and fair consideration for the Acquired Assets.

W.  The transactions contemplated by the Agreement will, upon consummation thereof (the "Closing"), (i) be a legal, valid, and effective transfer of the Acquired Assets to the Purchaser with no further action required on the part of the Trustee and (ii) vest the Purchaser with good title to the Acquired Assets free and clear of all Liens within the meaning of section 363(l) of the Bankruptcy Code.

X.  The Purchaser would not have entered into the Agreement and will not consummate the transactions described in the Agreement (thus adversely affecting the

bankruptcy estate) if the sale of the Acquired Assets and the assignment of the Assumed Contracts were not free and clear of all Liens, except as expressly permitted by the Agreement.

Y.  The relief sought in the Sale Motion, including approval of the Agreement and consummation of the transactions contemplated thereof is in the best interests of the Debtor's estate, customers, creditors, and parties in interest. The sale must be approved and consummated promptly in order to preserve the viability of the Acquired Assets as a going concern to maximize the value to the Debtor's estate.

Z.  Upon entry of this Order, the Trustee has all the corporate and organizational power and authority necessary to consummate the transactions contemplated by the Agreement.

AA.  Except as otherwise provided in this Order, no comments or approvals, other than this Order and those expressly provided for in the Agreement, are required for the Trustee to consummate the transactions contemplated by the Agreement.

BB.  The Trustee has demonstrated good, sound and sufficient business purpose and justification, and it is a reasonable exercise of his business judgment, to (i) sell the Acquired Assets on the terms and conditions set forth in the Agreement; (ii) assume and assign the Assumed Contracts to the Purchaser; and (iii) consummate all transactions contemplated by the Agreement, and the sale, and assumption and assignment of the Acquired Assets is in the best interests of the Debtor's estate, customers and creditors.

CC.  The provisions of sections 363 and 365 of the Bankruptcy Code have been complied with and are applicable to the sale of the Acquired Assets.

DD.  The Trustee may consummate the transactions and transfer the Acquired Assets free and clear of all Liens of any kind or nature whatsoever, except as expressly permitted by the Agreement, because one or more of the standards set forth in section 363(f)(1)–(5) of the

Bankruptcy Code has been satisfied. All parties with Liens of any kind or nature whatsoever in the Acquired Assets, except as expressly permitted by the Agreement, who did not object to the Sale Motion and the relief requested therein, or who withdrew their objections to the transactions, are deemed to have consented pursuant to sections 363(f)(2) and 365 of the Bankruptcy Code. All parties with Liens of any kind or nature whatsoever in the Acquired Assets, except as expressly permitted by the Agreement, who did object to the Sale Motion and the relief requested therein fall within one or more of the other subsections of section 363(f) of the Bankruptcy Code are adequately protected by having their Liens attach to the net proceeds of the transactions with the same validity, enforceability, priority, force and effect that now have as against the Acquired Assets, subject to the rights, claims, defenses, and objections, if any, of the Trustee and all parties in interest with respect to such Liens.

EE. Except as otherwise provided in the Agreement, consummation of the transactions will not subject the Purchaser to any debts, liabilities, obligations, commitments, responsibilities or claims of any kind or nature whatsoever, whether known or unknown, contingent or otherwise, existing as of the date hereof or hereafter arising, of or against the Trustee or Debtor, any affiliate of the Debtor, or any other person by reason of such transfers and assignments, including, without limitation, based on any theory of antitrust or successor or transferee liability. Should the Purchaser be subjected to any claim contrary to the provisions of this paragraph, and whether or not this Court shall retain jurisdiction at such time as to the enforcement thereof, this provision may be enforced by the Purchaser in any court having jurisdiction of the subject matter as to which this provision EE is relevant.

FF. The Trustee (i) cured, or has provided adequate assurance of cure, of all defaults under the Assumed Contracts, if any, existing before the date of this Order, within the meaning

of section 365(b)(1)(A) of the Bankruptcy Code, and (ii) provided compensation or adequate assurance of compensation to any party for any actual pecuniary loss to such party resulting from a default before the date of this Order under the Assumed Contracts, if any, within the meaning of section 365(b)(1)(B) of the Bankruptcy Code and the Purchaser has provided adequate assurance of its future performance of and under the Assumed Contracts, within the meaning of section 365(b)(1)(C) of the Bankruptcy Code.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

### General Provisions

1. The findings of fact entered above and the conclusions of law stated herein shall constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any finding of fact shall later be determined to be a conclusion of law, it shall be so deemed, and to the extent that any conclusion of law shall later be determined to be a finding of fact, it shall be so deemed.

2. The Sale Motion is granted in its entirety on the terms and conditions set forth herein.

3. All parties in interest have had the opportunity to object to the relief requested in the Sale Motion and to the extent that objections to the Sale Motion or the relief requested therein have not been withdrawn, waived or settled, such objections and all reservations of right included therein, are overruled on the merits and with prejudice. The parties who did not object, or who withdrew their objections, to the Sale Motion, are deemed to have consented pursuant to Section 363(f)(2) of the Bankruptcy Code.

**Approval of the Agreement**

4.  The Agreement and all of the terms and conditions contained therein are approved in their entirety and are binding upon the parties thereto. Upon entry of this Order, the Agreement, to the extent (if any) not already enforceable by its terms, shall be fully enforceable by the parties thereto in accordance with and subject to its terms and conditions.

5.  The sale of the Acquired Assets and the terms and conditions contemplated by the Agreement, including, without limitation, the closing of the transactions contemplated by the Agreement, are hereby approved pursuant to sections 105(a), 363(b) and (f) of the Bankruptcy Code.

6.  The Trustee and Purchaser are authorized and directed, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, to perform all of their obligations pursuant to the Agreement and to execute such other documents and take such other actions as are reasonably necessary to effectuate the transactions contemplated by the Agreement.

7.  The sale of the Acquired Assets will vest the Purchaser with good title to the Acquired Assets and will be a legal, valid and effective transfer of the Acquired Assets free and clear of all Liens, except as expressly permitted by the Agreement.

**Transfer of the Assets to the Purchaser**

8.  Except as expressly provided in the Agreement, pursuant to sections 105(a), 363(l) and 365 of the Bankruptcy Code, upon the Closing, the Acquired Assets shall be sold, transferred or otherwise conveyed to the Purchaser free and clear of all Liens, with all such Liens to attach to the proceeds of sale and the Acquired Assets in order of their priority, and with the same validity, priority, force and effect which they now have as against the Acquired Assets, subject to the rights, claims, defenses, and objections, if any, of the Trustee and all parties in interest with respect to such Liens.

9.  Except as expressly provided in the Agreement, all persons or entities holding Liens in, to or against the Acquired Assets shall be, and they hereby are, forever barred, estopped, and enjoined from asserting such Liens against Purchaser, its successors and assigns or such Acquired Assets.

### Assumption and Assignment of the Assumed Contracts

10. Subject to and conditioned on the Closing of the transactions contemplated in the Agreement, the Trustee is authorized pursuant to section 365(a) of the Bankruptcy Code to assume and assign to the Purchaser the Assumed Contracts identified on Schedule 2.1(a) to the Agreement.

11. Subject to and conditioned on the Closing of the transactions contemplated in the Agreement, pursuant to Bankruptcy Code sections 105(a) and 365, the Trustee's assumption and assignment to the Purchaser, and the Purchaser's assumption on the terms contained in the Agreement, of the Assumed Contracts is approved, and the requirements of Bankruptcy Code section 365(b)(1) with respect thereto are deemed satisfied.

12. All Assumed Contracts subject to the Sale Motion are in full force and effect and have not been terminated by operation of law, their own terms or otherwise.

13. Upon Closing pursuant to the Agreement, the Assumed Contracts shall be transferred to, and remain in full force and effect for the benefit of, the Purchaser in accordance with their terms, notwithstanding any provision in the Assumed Contracts (including, without limitation, those described in sections 365(b)(2) and (f) of the Bankruptcy Code) that prohibits, restricts, or conditions such assignment or transfer and, pursuant to section 365(k) of the Bankruptcy Code, the Trustee shall be relieved from any further obligations or liability from any breach of the Assumed Contracts occurring after such assumption and assignment.

14. All monetary defaults or other cure (within the meaning of Bankruptcy Code section 365), if any, under the Assumed Contracts arising or accruing before the date of this Order (without giving effect to any acceleration clause or any default provisions of the kind specified in Bankruptcy Code section 365(b)(2) as agreed to by the Trustee and the non-debtor parties thereto or as determined by the Court in the event that the parties are unable to reach an agreement as to the cure amount, shall be the responsibility of the Trustee, and shall be paid or satisfied by the Trustee at or before Closing.

15. Any Cure Amounts under any of the Assumed Contracts are hereby deemed adequately provided for.

16. The Cure Amount set forth in (i) the Cure Amounts Schedule, (ii) any stipulation entered into between the Trustee and the non-debtor party to an Assumed Contract, or (iii) prior Order of this Court, shall be controlling notwithstanding anything to the contrary in any Assumed Contract or other document, and the non-debtor party to each Assumed Contract shall be forever barred from asserting any other claim arising prior to the Closing against the Trustee or the Purchaser.

17. The failure of the Trustee or the Purchaser to enforce any term or condition of any Assumed Contract shall not constitute a waiver of such term or condition or of the Trustee's or the Purchaser's rights to enforce every term and condition of the Assumed Contracts.

### Miscellaneous Provisions

18. The consideration to be paid by the Purchaser for the Acquired Assets under the Agreement is fair and reasonable and may not be avoided under section 363(n) of the Bankruptcy Code.

19. This Order (a) is and shall be effective as a determination that, upon the Closing, except as expressly provided in the Agreement, all Liens existing as to the Acquired Assets prior

to the Closing have been unconditionally released, discharged and terminated in each case as to the Acquired Assets and (b) is and shall be binding upon and shall govern acts of all entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of fees, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments that reflect that the Purchaser is the assignee of the Acquired Assets free and clear of Liens. In addition, upon the Closing, each of the Debtor's creditors are authorized and directed to execute such documents and take all other actions to release its Liens in or on the Acquired Assets as may have been recorded or may otherwise exist.

20. Nothing in this Order shall be deemed to waive, release, extinguish, estop the Trustee or the Debtor's estate from asserting or otherwise impair or diminish any right (including without limitation any right of recoupment), claim, cause of action, defense, offset or counterclaim in respect of an Excluded Asset (as defined in the Agreement).

21. Except with respect to enforcing the terms of the Agreement and/or this Order, absent a stay pending appeal, no person shall take any action to prevent, enjoin or otherwise interfere with consummation of the transactions contemplated in or by the Agreement or this Order.

22. The Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented through a written document signed by the parties in accordance with the terms thereof without further order of the Court; provided, however, that any

such modification, amendment or supplement is neither material nor changes the economic substance of the transactions contemplated hereby.

23. In the absence of a stay of the effectiveness of this Order, in the event that the Purchaser and the Trustee consummate the transactions contemplated by the Agreement at any time after entry of this Order, then with respect to the transaction approved and authorized herein, the Purchaser, as a purchaser in good faith within the meaning of section 363(m) of the Bankruptcy Code, shall be entitled to the protections of section 363(m) of the Bankruptcy Code in the event this Order or any authorization contained herein is reversed or modified on appeal.

24. The provisions of this Order are self-executing and each and every federal, state, and local governmental agency or department is hereby authorized and directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Agreement.

25. Until these cases are closed or dismissed, the Court shall retain exclusive jurisdiction (a) to enforce and implement the terms and provisions of the Agreement, all amendments thereto, any waivers and consents thereunder, and each of the agreements, documents and instruments executed therewith; (b) to compel transfer of the Acquired Assets to the Purchaser; (c) to compel the Trustee and Purchaser to perform all of their respective obligations under the Agreement, including the payment of the Purchase Price and transfer of the Acquired Assets; (d) to resolve any disputes, controversies or claims arising out of or relating to the Agreement, including without limitation the adjudication of any cure required under Assumed Contracts; and (e) to interpret, implement and enforce the provisions of this Order. Except as otherwise provided in the Agreement, consummation of the transactions will not subject the Purchaser to any debts, liabilities, obligations, commitments, responsibilities or

claims of any kind or nature whatsoever, whether known or unknown, contingent or otherwise, existing as of the date hereof or hereafter arising, of or against the Trustee or Debtor, any affiliate of the Debtor, or any other person by reason of such transfers and assignments, including, without limitation, based on any theory of antitrust or successor or transferee liability. Should the Purchaser be subjected to any claim contrary to the provisions of this paragraph, and whether or not this court shall retain jurisdiction as such time as to the enforcement hereof, this provision may be enforced by the Purchaser in any court having jurisdiction of the subject matter as to which this provision is relevant.

26. The terms of this Order and the Agreement shall be binding on and inure to the benefit of the Trustee, the Purchaser and each of their successors and assigns.

27. The failure to include any particular provision of the Agreement in this Order shall not diminish or impair the effectiveness of that provision, it being the intent of the Court and the parties that the Agreement be authorized in its entirety.

28. Any conflict between the terms and provisions of this Order and the Agreement shall be resolved in favor of this Order.

29. The Trustee is hereby authorized to perform each of his covenants and undertakings and to take such actions and expense such funds as may be necessary to effectuate the terms of this Order and as provided in the Agreement prior to closing without further order of this Court.

30. As provided by Bankruptcy Rule 7062, this order shall be effective and enforceable immediately. The provisions of Bankruptcy Rules 6004(h) and 6006(d) staying the effectiveness of this Order for 10 days are hereby waived, and this Order shall be effective, and

the parties may consummate the transactions contemplated by the Agreement, immediately upon entry of this Order.

Dated: New York, New York
_____, 2009

                                                _____
                                                HONORABLE BURTON R. LIFLAND
                                                UNITED STATES BANKRUPTCY JUDGE