# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>**DECLARATION OF DISINTERESTEDNESS of François (called Franz) SCHILTZ of SCHILTZ & SCHILTZ AS PROPOSED SPECIAL COUNSEL TO TRUSTEE** |

I, Franz Schiltz, declare as follows:

1. I am an Avocat à la Cour (lawyer) admitted to practice law in Luxembourg.

2. I am a partner of the law office Schiltz & Schiltz ("Schiltz & Schiltz") which has its offices in Luxembourg (2, rue du Fort Rheinsheim, L-2419 Luxembourg).

3. All matters stated herein are known by me to be true except as otherwise stated.

4. By the Order dated December 15, 2008, entered by the Honorable Louis A. Stanton of the United States District Court for the Southern District of New York, Irving H. Picard, Esq. was appointed trustee ("Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("Debtor"). The Trustee has retained Baker & Hostetler from New-York as his primary counsel and Lovells from London as Special Counsel to assist the Trustee in London and elsewhere in Europe. However the Trustee wishes to retain Schiltz & Schiltz as Special Counsel to assist him in Luxembourg in gathering evidence pursuant to the various insolvency/bankruptcy laws of the United States and Luxembourg, as well as to assist as necessary in advising on various matters involving the tracing of funds, and where necessary and appropriate, to pursue litigations seeking recovery from third parties of assets of the estate.

5. Section 78eee(b)(6) of the Securities Investor Protection Act of 1970 ("SIPA") is entitled "Disinterestedness", and provides as follows:



**(6)    Disinterestedness**

(A) Standards

For purposes of paragraph (3), a person shall not be deemed disinterested if:

(i) such person is a creditor (including a customer), stockholder, or partner of the debtor ;
(ii)   such person is or was an underwriter of any of the outstanding securities of the debtor or within five years prior to the filing date was the underwriter of any securities of the debtor ;
(iii)   such person is, or was within two years prior to the filing date, a director, partner, officer, or employee of the debtor or such an underwriter, or an attorney for the debtor or such an underwriter; or
(iv)   it appears that such person has, by reason of any other direct or indirect relationship to, connection with, or interest in the debtor or such an underwriter, or for any other reason, an interest materially adverse to the interests of any class of creditors (including customers) or stockholders,

except that SIPC shall in all cases be deemed disinterested, and an employee of SIPC shall be deemed disinterested if such employee would, except for his association with SIPC, meet the standards set forth in this subparagraph.

(B) Hearing

The court shall fix a time for a hearing on disinterestedness, to be held promptly after the appointment of a trustee. Notice of such hearing shall be mailed at least ten days prior thereto to each person who, from the books and records of the debtor, appears to have been a customer of the debtor with an open account within the past twelve months, to the address of such person as it appears from the books and records of the debtor, and to the creditors and stockholders of the debtor, to SIPC, and to such other persons as the court may designate. The court may, in its discretion, also require that notice be given by publication in such newspaper or newspapers of general circulation as it may designate. At such hearing, at any adjournment thereof, or upon application, the court shall hear objections to the retention in office of a trustee or attorney for a trustee on the grounds that such person is not disinterested.

6. In order to determine that Schiltz & Schiltz is disinterested within the meaning of SIPA § 78eee(b)(6), I liaised with all partners and associates of Schiltz & Schiltz and checked Schiltz & Schiltz's database in order to determine that to the best of my knowledge, Schiltz & Schiltz meets the "disinterestedness" requirements set forth in SIPA § 78eee(b)(6).

3

7. In particular, all partners and associates of Schiltz & Schiltz were on 3rd and 10th of March, 2009 concerning this matter asked whether or not he or she believed there were any known conflicts or adverse interests.

8. In response to the above, or as a result of the search of our database, the following associations to the Debtor were disclosed, although I believe that none of the associations amounts to a "conflict" as defined by SIPA:

   (i) One of my partners with Schiltz & Schiltz has previously represented and assisted UBS (Luxembourg) SA -which appears here in Luxembourg to be involved with Madoff related investments- in several labour law matters, and is currently handling one such labour law case.

   (ii) Schiltz & Schiltz on a very regular basis and in various areas represents and assists several banks (and also insurers) in Luxembourg (including Dexia-BIL, KBL European Private Bankers, Banque de Luxembourg, etc) which might have an interest adverse to the Debtor. Schiltz & Schiltz will not represent those persons or entities adverse to the interests of the Debtor.

   (iii) Relatives of members of Schiltz & Schiltz may have investments in managed funds that invested monies or engaged in trading with the Debtor.

   (iv) It may emerge following investigation that there may be claims by the Trustee on behalf of the Debtor's estate against certain persons or entities that are clients of Schiltz & Schiltz, and which Schiltz & Schiltz cannot sue. Schiltz & Schiltz will disclose to the Trustee the identities of any such persons or entities as it becomes aware of them. Based on all the facts available to it today, Schiltz & Schiltz is not aware of any such conflict which constitutes an interest materially adverse to the interests of any class of creditors (including customers) or stockholders.

   (v) In addition, members of Schiltz & Schiltz or clients from Schiltz & Schiltz may have other, as yet unknown, remote connections to the Debtor that, similarly, should not constitute a conflict under SIPA.

9. To date, no other information of any actual or potential conflict is known to me. Based on the available information, it appears to me that Schiltz & Schiltz meets the disinterestedness standard of section 78eee(b)(6)(A) of SIPA, as well as under Bankruptcy Code Section 327(a) and Federal Rule of Civil Procedure 2014(a) and has no conflict nor an interest materially adverse to the Debtor.

10. As a result, to the best of my knowledge, information and belief, I have been able to determine that:

   (i) no member of Schiltz & Schiltz is a creditor (including a customer), stockholder, or partner of the Debtor;

4

(ii) no member of Schiltz & Schiltz is or was an underwriter of any of the outstanding securities of the Debtor or within five years prior to the filing date was the underwriter of any securities of the Debtor;

(iii) no member of Schiltz & Schiltz is, or was within two years prior to the filing date, a director, partner, officer, or employee or the Debtor or such an underwriter, or any attorney for the Debtor or such an underwriter; and

(iv) it appears that no member of Schiltz & Schiltz has, by reason of any other direct or indirect relationship to, connection with, or interest in the Debtor or such an underwriter, or for any other reason, an interest materially adverse to the interests of any class of creditors (including customers) or stockholders.

11. I understand that the Trustee and SIPC are in the initial review and information-gathering stage of the instant liquidation proceeding, and are continuing to research and analyze the books and records of the Debtor. As a result, additional information may be discovered that may be relevant to the instant Declaration. I understand that Schiltz & Schiltz has a continuing duty to disclose any subsequently discovered information and/or connections within the meaning of 15 U.S.C. § 78eee(b)(6), and will supplement this Declaration as appropriate.

I declare under penalty of perjury that the foregoing is true and correct, and if called on as a witness I could testify competently thereto.

Executed on the April 3rd, 2009 in Luxembourg, 2, rue du Fort Rheinsheim, L-2419 Luxembourg.

Franz SCHILTZ