**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-1789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |

## ORDER APPROVING THE SALE PROCEDURES AND AUTHORIZING THE SALE OF THE DEBTOR'S NEW YORK METS TICKETS FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES

On consideration of the motion dated April 7, 2009 (the "Sale Motion"), filed by Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC (the "Debtor"), for entry of an order (the "Order") pursuant to section 78fff(a) of the Securities Investor Protection Act of 1970, 15 U.S.C. § 78aaa, *et seq.* ("SIPA"), and sections 105 and 363 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") and Rules 2002 and 6004 *et seq.* of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving the proposed sale procedures and authorizing the sale of the Debtor's New York Mets season tickets (the "Tickets"); and a hearing on the Sale Motion having been held on _____, 2009 (the "Sale Hearing"); and the Court having jurisdiction to consider and determine the Sale Motion in accordance with 28 U.S.C. § 157 and 1334 and 15 U.S.C. § 78eee(b)(4); and due notice of the Sale Motion having been provided, and

102747252

it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefore;

IT IS HEREBY FOUND AND DETERMINED:

## General

A.    All capitalized terms not otherwise defined in this Order have the meanings ascribed to such terms in the Sale Motion.

B.    The Court has jurisdiction to consider the Sale Motion and the relief requested therein under section 78aaa *et seq* of SIPA and 28 U.S.C. §§ 157 and 1334. The Sale Motion is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (N) and (O). Venue is proper in the Court under section 78eee(b)(4) of SIPA and 28 U.S.C. §§ 1408 and 1409.

C.    The statutory predicates for the relief sought in the Sale Motion are section 78fff(a) of SIPA, sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004 *et seq*.

D.    As evidenced by the certificate of service filed with the Court, and based on the representations of counsel at the hearing, (i) proper, timely, adequate, and sufficient notice of the Sale Motion, the sale of the Tickets, the Auction, the Sale Hearing and the entry of this Order has been provided in accordance with sections 102, 105 and 363, of the Bankruptcy Code, Bankruptcy Rules 2002 and 6004, *et seq.* and 9014 and the Order to shorten notice dated April 7, 2009, which shortened notice of the Sale Motion; (ii) such notice was good and sufficient and appropriate under the particular circumstances; and (iii) no other or further notice of the Sale Motion, the sale of the Tickets, the Auction, the Sale Hearing and the entry of this Order is required.

E.     A reasonable opportunity to object or be heard with respect to the Sale Motion and the relief requested therein has been afforded to all interested persons and entities, including, but not limited to: (i) counsel for the Trustee; (ii) the New York Mets; (iii) the Securities Investor Protection Corporation; (iv) all appropriate federal, state and local taxing authorities; (vii) the Securities Exchange Commission (the "SEC"); (viii) the United States Attorney for the Southern District of New York; and (ix) all entities who have filed a notice of appearance and request for service of papers in the Debtor's case pursuant to Bankruptcy Rule 2002.

## The Case

F.     On December 11, 2008 (the "Filing Date"),[1] the SEC filed a complaint in the United States District Court for the Southern District of New York against defendants Bernard L. Madoff and the Debtor (together, the "Defendants") (No. 08 CV 10791). The complaint alleged that the Defendants engaged in fraud through investment advisor activities of the Debtor.

G.     On December 12, 2008, the Honorable Louis L. Stanton of the United States District Court for the Southern District of New York entered an order which appointed Lee S. Richards, Esq. as receiver (the "Receiver").

H.     On December 15, 2008, Judge Stanton entered the Protective Decree, which, in pertinent part:

   a. appointed the Trustee for the liquidation of the business of the Debtor pursuant to section 78eee(b)(3) of SIPA;

   b. appointed Baker & Hostetler, LLP as counsel ("Counsel") to the Trustee pursuant to section 78eee(b)(3) of SIPA; and

---

[1] Section 78lll(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78lll(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

    c. removed the case to this Bankruptcy Court pursuant to section 78eee(b)(4) of SIPA.

I.      On December 18, 2008, Judge Stanton entered the Order on Consent Imposing Preliminary Injunction, Freezing Assets and Granting Other Relief Against Defendants (the "Preliminary Injunction Order"). Among other things, the Preliminary Injunction Order clarified that the Receiver is only appointed as to assets concerning the London entity, Madoff Securities International Ltd.

## The Sale Procedures

J.      The Trustee has marketed and will market the Tickets diligently, in good faith and in a commercially reasonable manner to secure the highest and best offers therefor.

K.      The Trustee has shown good and sufficient reasons for approving the Sale Procedures and the related Auction.

L.      The Auction will afford a full, fair and reasonable opportunity for any entity to make a higher or better offer to purchase the Tickets and the Tickets will be sold to the person or entity making the highest and best offer (the "Purchaser").

## The Sale of the Tickets to the Purchaser

M.      The Tickets shall be sold free and clear of all liens, claims, interests, and other encumbrances within the meaning of section 363(f) of the Bankruptcy Code, including, but not limited to any and all liens, mortgages, security interests, conditional sale or title retention agreements, pledges, judgments, demands, encumbrances, easements, restrictions or charges of any and all kinds or nature and any and all claims (as defined in section 101(5) of the Bankruptcy Code), obligations, demands, options, rights, restrictions, and interests, whether imposed by agreement, understanding, law, equity, or otherwise (collectively, the "Liens") in exchange for the purchase price paid by the Purchaser for the Tickets.

                                  

N.     The terms and conditions of the sale of the Tickets (i) are fair and reasonable; (ii) valid, binding and enforceable; (iii) will constitute the highest and best offer for the Tickets; (iv) will provide a greater recovery for the Debtor's creditors than would be provided by any other practical available alternative; and (v) will constitute reasonably equivalent value and fair consideration for the Tickets.

O.     Upon consummation, the sale of the Tickets, will (i) be a legal, valid, and effective transfer of the Tickets to the Purchaser with no further action required on the part of the Trustee and (ii) vest the Purchaser with good title to the Tickets free and clear of all liens within the meaning of section 363(l) of the Bankruptcy Code.

P.     The relief sought in the Sale Motion, including approval of the Sale Procedures and the sale of the Tickets to the Purchaser, is in the best interests of the Debtor's estate, customers, creditors, and parties in interest. The Sale Procedures and the sale of the Tickets to the Purchaser must be approved and consummated promptly in order to maximize the value to the Debtor's estate.

Q.     Upon entry of this Order, the Trustee has all the corporate and organizational power and authority necessary to sell the Tickets.

R.     Except as otherwise provided in this Order, no comments or approvals, other than this Order are required for the Trustee to sell the Tickets.

S.     The Trustee has demonstrated good, sound and sufficient business purpose and justification, and it is a reasonable exercise of his business judgment, to sell the Tickets to the Purchaser, and the sale is in the best interests of the Debtor's estate, customers and creditors.

T.    The provisions of section 363 of the Bankruptcy Code have been and, to the extent the Sale Procedures are complied with, will be complied with and are applicable to the sale of the Tickets.

U.    The Trustee may consummate the sale and transfer the Tickets to the Purchaser free and clear of all Liens of any kind or nature whatsoever, because one or more of the standards set forth in section 363(f)(1)–(5) of the Bankruptcy Code has been satisfied.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

## General

1.    The findings of fact entered above and the conclusions of law stated herein shall constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any finding of fact shall later be determined to be a conclusion of law, it shall be so deemed, and to the extent that any conclusion of law shall later be determined to be a finding of fact, it shall be so deemed.

2.    All parties in interest have had the opportunity to object to the relief requested in the Sale Motion and to the extent that objections to the Sale Motion or the relief requested therein have not been withdrawn, waived or settled, such objections and all reservations of right included therein, are overruled on the merits and with prejudice. The parties who did not object, or who withdrew their objections, to the Sale Motion, are deemed to have consented pursuant to Section 363(f)(2) of the Bankruptcy Code.

3.    The Sale Motion is granted in its entirety on the terms and conditions set forth herein.

102747252                                          - 6 -

## The Sale Procedures

4.      The Sale Procedures and the related Auction are hereby approved and any party desiring to submit a bid for the Tickets at the Auction shall submit such bid in accordance with the following Sale Procedures:

> (i)      The Trustee will post a notice on his website (www.madofftrustee.com) stating that the Tickets will be auctioned off on eBay.

> (ii)     The Mets offer of $30,375.00 will serve as the minimum bid for the Auction.

> (iii)    The highest bid received at the closing of the online bidding will be considered the bid accepted by the Trustee and the Trustee will proceed to close the sale with the highest bidder, the Purchaser.

> (iv)     The Trustee reserves the right to (a) refrain from selling the Tickets to any bidder if, in the Trustee's sole discretion, the value of the highest bid received at the Auction does not represent fair value for the Tickets, as determined by the Trustee, and (b) offer the Tickets for sale in lots as well as in the aggregate.

5.      The Trustee is authorized to sell the Tickets by conducting the online Auction in accordance with the Sale Procedures.

## The Sale of the Tickets to the Purchaser

6.      The sale of the Tickets to the Purchaser is hereby approved pursuant to sections 105(a), 363(b) and (f) of the Bankruptcy Code.

7.      The sale of the Tickets will vest the Purchaser with good title to the Tickets and will be a legal, valid and effective transfer of the Tickets free and clear of all Liens.

102747252                                             - 7 -

8.      Pursuant to sections 105(a) and 363(l) of the Bankruptcy Code, the Tickets shall be sold, transferred or otherwise conveyed to the Purchaser free and clear of all Liens, with all such Liens to attach to the proceeds of sale and the Tickets in order of their priority, and with the same validity, priority, force and effect which they now have as against the Tickets, subject to the rights, claims, defenses, and objections, if any, of the Trustee and all parties in interest with respect to such Liens.

9.      All persons or entities holding Liens in, to or against the Tickets shall be, and they hereby are, forever barred, estopped, and enjoined from asserting such Liens against Purchaser, its successors and assigns or such Tickets.

## Notice

10.     Pursuant to Bankruptcy Rules 2002 and 6004, the Trustee shall, within one (1) day of entry of this Order, serve a copy of this Motion and the Order upon the following persons by email or first-class mail, postage prepaid to (i) the New York Mets; (ii) the Securities Investor Protection Corporation, (iii) the Securities and Exchange Commission; (iv) the United States Attorney for the Southern District of New York; and (v) all appropriate federal, state and local taxing authorities. The Trustee will also serve, via the ECF filing that will be made, each person or entity that has filed a notice of appearance in this case and will post this Order on the Trustee's website, www.madofftrustee.com.

11.     Such service as provided in the previous paragraph is hereby deemed due, timely, good and sufficient notice of the entry of this Order, the Sale Procedures, the related Auction and the sale of the Tickets to the Purchaser and all matters related thereto.

## Miscellaneous Provisions

12.      The consideration to be paid by the Purchaser for the Tickets will be fair and reasonable because an auction process was used to obtain the best possible value for the Tickets and may not be avoided under section 363(n) of the Bankruptcy Code.

13.      This Order (a) is and shall be effective as a determination that, upon the sale of the Tickets, all Liens existing as to the Tickets prior to the sale have been unconditionally released, discharged and terminated in each case as to the Tickets and (b) is and shall be binding upon and shall govern acts of all entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of fees, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments that reflect that the Purchaser is the assignee of the Tickets free and clear of Liens. In addition, upon the sale of the Tickets, each of the Debtor's creditors are authorized and directed to execute such documents and take all other actions to release its Liens in or on the Tickets as may have been recorded or may otherwise exist.

14.      Except with respect to enforcing the terms of this Order, absent a stay pending appeal, no person shall take any action to prevent, enjoin or otherwise interfere with consummation of the transactions contemplated in this Order.

15.      Any agreements, documents or other instruments necessary to effect the sale of the Tickets may be modified, amended or supplemented through a written document signed by the parties in accordance with the terms thereof without further order of the Court; provided, however, that any such modification, amendment or supplement is neither material nor changes the economic substance of the transactions contemplated hereby.

- 9 -

16.     In the absence of a stay of the effectiveness of this Order, in the event that the
Purchaser and the Trustee consummate the sale of the Tickets at any time after entry of this
Order, then with respect to the transaction approved and authorized herein, the Purchaser, as a
purchaser in good faith within the meaning of section 363(m) of the Bankruptcy Code, shall be
entitled to the protections of section 363(m) of the Bankruptcy Code in the event this Order or
any authorization contained herein is reversed or modified on appeal.

17.     The provisions of this Order are self-executing and each and every federal, state,
and local governmental agency or department is hereby authorized and directed to accept any
and all documents and instruments necessary and appropriate to consummate the transactions
contemplated by the Agreement.  No additional order shall be required to approve the sale of the
Tickets to the Purchaser.

18.     Until these cases are closed or dismissed, the Court shall retain exclusive
jurisdiction (a) to resolve any disputes, controversies or claims arising out of or relating to the
sale of the Tickets; and (b) to interpret, implement and enforce the provisions of this Order.

19.     The terms of this Order shall be binding on and inure to the benefit of the Trustee,
the Purchaser and each of their successors and assigns.

20.     The Trustee is hereby authorized to perform each of his covenants and
undertakings and to take such actions and expense such funds as may be necessary to effectuate
the terms of this Order without further order of this Court.

21.     As provided by Bankruptcy Rule 7062, this order shall be effective and
enforceable immediately.  The provisions of Bankruptcy Rule 6004(h) staying the effectiveness
of this Order for 10 days are hereby waived, and this Order shall be effective, and the parties
may consummate the sale of the Tickets, immediately upon entry of this Order.

102747252                                   - 10 -

Dated: New York, New York
_____, 2009

_____
HONORABLE BURTON R. LIFLAND
UNITED STATES BANKRUPTCY JUDGE