UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                Defendant. | Adv. Pro. No. 08-1789 (BRL)<br><br>SIPA Liquidation |

**AFFIDAVIT PURSUANT TO LOCAL BANKRUPTCY RULE 9077-1 IN SUPPORT OF ORDER SHORTENING NOTICE**

STATE OF NEW YORK   )
                                 ) ss:
COUNTY OF NEW YORK)

Marc Hirschfield, being duly sworn, hereby attests as follows:

     1.     I am an attorney at law admitted to the Bar of this Court and I am a partner at Baker & Hostetler LLP, counsel to Irving H. Picard, Esq. (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC (the "Debtor").

     2.     I submit this Affidavit pursuant to Local Bankruptcy Rule 9077-1 in support of an Order Shortening Notice for the Trustee's Motion for the entry of an order authorizing the sale of the Debtor's New York Mets season tickets (the "Motion").

     3.     I make this Affidavit based upon my own personal knowledge or upon information that I believe to be true.

     4.     All capitalized terms not defined herein have the meaning ascribed to them in the Motion.

5. By the Motion, the Trustee requests entry of the Sale Order, substantially in the form attached as Exhibit A to the Motion, authorizing the Trustee to sell the Tickets at an auction to the highest bidder (the "Purchaser") and approving the sale of the Tickets to the Purchaser, pursuant to section 78fff(a)(2) of SIPA and sections 105(a) and 363 of the Bankruptcy Code.

6. A sale of the Tickets, an asset of the Debtor's estate, to the Purchaser is necessary for the Trustee to comply with section 78fff(a) of the Securities Investor Protection Act, which section gives the Trustee an affirmative duty to sell potentially viable business units. The sale of the Tickets is part of the Trustee's overall liquidation program and will enable the Trustee to liquidate assets and increase the value of the estate. In addition, because the New York Mets' season has already started, the Trustee must sell the Tickets as quickly as possible to maximize the possible recovery. Accordingly, the Trustee is moving by order shortening notice so the hearing on the Sale Order can be heard as promptly as possible.

7. The Trustee is also requesting immediate authority to sell, on an individual basis, tickets to games scheduled for the month of April. The Trustee proposes to sell the Tickets through an online ticket broker. Because the Auction will not occur until mid-April, after the start of the season at home on April 13th, selling these individual game Tickets is the only way the Trustee can recover value for these early season games.

8. Other than with respect to the sale of tickets for games to be played in the month of April, the Trustee is not seeking substantive relief in this Order Shortening Notice. Rather, he is seeking to schedule a hearing to consider approval of the Sale Order on shortened notice. The Trustee is prepared to provide notice of the Order Shortening Notice, this Affidavit and the Motion promptly after the signing of the Order Shortening Notice to: (i) the New York Mets, (ii) the Securities Investor Protection Corporation, (iii) the Securities and Exchange Commission;

(iv) the United States Attorney for the Southern District of New York (v) all appropriate federal, state and local taxing authorities; (vi) via the ECF filing that will be made, to each person or entity that has filed a notice of appearance in this case; and (vii) on the Trustee's website, www.madofftrustee.com. I submit that such notice is sufficient and no prejudice is likely to result if the Sale Order is considered by the Court on an expedited basis. No previous application for similar relief has been made.

9. I submit that, under these circumstances, it is appropriate to move by order shortening notice rather than by notice of motion.

_____
MARC HIRSCHFIELD

Subscribed and Sworn to before me
this 7th day of April, 2009

_____
Notary Public

Theresa Blaber
Notary Public, State of New York
No. 01BL6122229
Qualified in Queens County
Commission Expires 2013