# EXHIBIT A

## (Declaration of Disinterestedness)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>        Plaintiff,<br><br>        v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>        Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>**DECLARATION OF DISINTERESTEDNESS OF D. JUSTIN WILLIAMS OF WILLIAMS, BARRISTERS & ATTORNEYS AS PROPOSED SPECIAL COUNSEL TO TRUSTEE** |

I, Damien Justin Williams, declare as follows:

1. I am a Barrister & Attorney admitted to practice law in England, Wales and the Islands of Bermuda.

2. I am a partner of the law firm of Williams, Barristers & Attorneys in the Islands of Bermuda ("Williams"), a law firm headquartered in the City of Hamilton in the Islands of Bermuda.

3. All matters stated herein are known by me to be true except as otherwise stated.

4. By the Order dated December 15, 2008, entered by the Honorable Louis A. Stanton of the United States District Court for the Southern District of New York, Irving H. Picard, Esq. was appointed trustee ("Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("Debtor"). The Trustee has retained Baker & Hostetler as his primary counsel. However, the Trustee wishes to retain Williams as Special Counsel to assist the Trustee in Bermuda in the matter of claims made by certain entities to monies held at The Bank of Bermuda Limited and other institutions amounting

to approximately Eighty Million Dollars (US$80,000,000.00), which monies belong to the Estate in Bankruptcy of the Debtor and for the purpose of gathering evidence pursuant to the various insolvency/bankruptcy laws of the United States and Bermuda, as well as to assist as necessary in advising on various matters involving cross border insolvency, the Trustee's asserted proprietary claims to funds within the jurisdiction of the Islands of Bermuda, asset tracing and recovery, alleged fraud, Proceeds of Crime and International Commercial Criminal Treaties, and where necessary and appropriate, to pursue litigations seeking recovery of funds belonging to the Debtor.

5. Section 78 (b)(6) of the Securities Investor Protection Act of 1970 ("SIPA") is entitled "Disinterestedness," and provides as follows:

> **(6) Disinterestedness**
>
> (A) Standards
>
> For the purposes of paragraph (3), a person shall not be deemed disinterested if:
>
> (i) such person is a creditor (including a customer), stockholder, or partner of the debtor;
>
> (ii) such person is or was an underwriter of any of the outstanding securities of the debtor or within five years prior to the filing date was the underwriter of any securities of the debtor;
>
> (iii) such person is, or was within two years prior to the filing date, a director, partner, officer, or employee of the debtor or such an underwriter, or an attorney for the debtor or such an underwriter; or
>
> (iv) it appears that such person has, by reason of any other direct or indirect relationship to, connection with, or interest in the debtor or such an underwriter, or for any other reason, an interest materially adverse to the interests of any class of creditors (including customers) or stockholders,
>
> except that SIPC shall in all cases be deemed disinterested, and an employee of SIPC shall be deemed disinterested if such employee would, except for his association with SIPC, meet the standards set forth in this subparagraph.
>
> (B) Hearing
>
> The court shall fix a time for a hearing on disinterestedness, to be held promptly after the appointment of a trustee. Notice of such hearing shall be mailed at least ten days prior thereto to each person who, from the books and records of the

2

debtor, appears to have been a customer of the debtor with an open account within the past twelve months, to the address of such person as it appears from the books and records of the debtor, and to the creditors and stockholders of the debtor, to SIPC, and to such other persons as the court may designate. The court may, in its discretion, also require that notice be given by publication in such newspaper or newspapers of general circulation as it may designate. At such hearing, at any adjournment thereof, or upon application, the court shall hear objections to the retention in office of a trustee or attorney for a trustee on the grounds that such person is not disinterested.

15 U.S.C. § 78eee(b)(6).

6. In order to determine that Williams is disinterested within the meaning of SIPA § 78 (b)(6), I utilized Williams' conflicts check procedures and practices to determine that to the best of my knowledge, Williams meets the "disinterestedness" requirements set forth in SIPA § 78eee(b)(6).

7. In particular, all members (i.e. partners) of Williams were sent e-mail messages on 2nd April, 2009 concerning this matter and were requested to reply if he or she believed there were any known conflicts or adverse interests.

8. In response to the above e-mail message, or as a result of the search of our database, no associations to the Debtor were disclosed.

9. To date, no member of Williams has informed me of any actual or potential conflict, nor has a search of the Williams' database disclosed any actual or potential conflict. Based on the lack of responses and a review of other available information, it appears that Williams meets the disinterestedness standard of section 78 (b)(6)(A) of SIPA, as well as under Bankruptcy Code Section 327(a) and Federal Rule of Civil Procedure 2014(a) and has no conflict nor an interest materially adverse to the Debtor.

10. As a result, to the best of my knowledge, information and belief, I have been able to determine that:

    (i)    no member of Williams is a creditor (including a customer), stockholder, or partner of the Debtor;

3

(ii) no member of Williams is or was an underwriter of any of the outstanding securities of the Debtor or within five years prior to the filing date was the underwriter of any securities of the Debtor;

(iii) no member of Williams is, or was within two years prior to the filing date, a director, partner, officer, or employee of the Debtor or such an underwriter, or any attorney for the Debtor or such an underwriter; and

(iv) it appears that no member of Williams has, by reason of any other direct or indirect relationship to, connection with, or interest in the Debtor or such an underwriter, or for any other reason, an interest materially adverse to the interests of any class of creditors (including customers) or stockholders.

11. I understand that the Trustee and SIPC are in the initial review and information gathering stage of the instant liquidation proceeding, and are continuing to research and analyze the books and records of the Debtor. As a result, additional information may be discovered that may be relevant to the instant Declaration. I understand that Williams has a continuing duty to disclose any subsequently discovered information and/or connections within the meaning of 15 U.S.C. § 78(b)(6), and will supplement this Declaration as appropriate.

I declare under penalty of perjury that the foregoing is true and correct, and if called on as a witness I could testify competently thereto.

Executed on the 7th day of April, 2009 in the City of Hamilton in the Islands of Bermuda.

_____
Damien Justin Williams, J.P.

Kim Raymond White, Notary Public
Commissioner for Oaths and Affirmations
for and in the Islands of Bermuda
Hamilton, Bermuda.
My Commission is unlimited as to time.

4