# EXHIBIT A

## (Declaration of Disinterestedness)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION | |
| | **Adv. Pro. No. 08-01789 (BRL)** |
| Plaintiff | |
| | **SIPA LIQUIDATION** |
| v | |
| | **DECLARATION OF DISINTERESTEDNESS OF** |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC | **RAYMOND PATRICK DAVERN OF HIGGS JOHNSON TRUMAN BODDEN & CO** |
| | **AS PROPOSED SPECIAL COUNSEL** |
| Defendant | **TO TRUSTEE** |

I, Raymond Patrick Davern, declare as follows:

1.  I am a barrister called to the Bar of England & Wales and admitted to practice as an attorney in the Cayman Islands.

2.  I am an associate attorney in the employ of the firm Higgs Johnson Truman Bodden & Co ("HJTBCO"), a Caymanian firm of attorneys and counsel.

3.  All matters stated herein are known by me to be true except as otherwise stated.

4.  By the Order dated December 15, 2008, entered by the Honorable Louis A. Stanton of the United States District Court for the Southern District of Hew York, Irving H. Picard, Esq. was appointed trustee ("Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("Debtor"). The Trustee has retained Baker & Hostetler as his primary counsel. However, the Trustee wishes to retain HJTBCO as Special Counsel to assist the Trustee in the Cayman Islands in gathering evidence pursuant to the various insolvency/bankruptcy laws of the United States and the Cayman Islands as well as to assist as necessary in advising on various matters involving the tracing of funds and where necessary and appropriate, to pursue litigation seeking recovery from third parties of assets of the estate.

5.  Section 78eee(b) (6) of the Securities Investor Protection Act of 1970 ("SIPA") is entitled "Disinterestedness" and provides as follows:

    (6) Disinterestedness

    (A) Standards

For the purposes of paragraph (3), a person shall not be deemed disinterested if:

(i)     such person is or was a creditor (including a customer), stockholder, or partner of the debtor;

(ii)    such person is or was an underwriter of any of the outstanding securities of the debtor or within five years prior to the filing date was the underwriter of any securities of the debtor

(iii)   such person is, or was within two years prior to the filing date, a director partner, officer, or employee of the debtor or such an underwriter, or an attorney for the debtor or such an underwriter; or

(iv)    it appears that such person has by reason of any other direct or indirect relationship to, connection with, or interest in the debtor or such an underwriter, or for any other reason an interest materially adverse to the interests of any class of creditors (including customers) or stockholders

except that SIPC shall in all cases be deemed disinterested, and an employee of SIPC shall be deemed disinterested if such employee would, except for his association with SIPC, meet the standards set forth in this subparagraph.

(B) Hearing

The court shall fix a time for a hearing on disinterestedness, to be held promptly after the appointment of a trustee. Notice of such hearing shall be mailed at least ten days prior thereto to each person who, from the books and record of the debtor, appears to have been a customer of the debtor with an open account within the past twelve months, to the address of such person as it appears from the books and records of the debtor, and to the creditors and stockholders of the debtor, to SIPC, and to such other persons as the court may designate  The court may, in its discretion, also require that notice be given by publication in such newspaper or newspapers of general circulation as it may designate. At such hearing, at any adjournment thereof, or upon application, the court shall hear objections to the retention in office of a trustee or attorney for a trustee on the grounds that such person is not disinterested.

15 USC section 78eee(b)(6)

6.  In order to determine that HJTBCO is disinterested within the meaning of SIPA section 78eee(b)(6), I used the firms conflicts check procedures and practices to determine that, to the best of my knowledge, HJTBCO meets the "disinterestedness" requirements set forth in SIPA section 78eee(b)(6).

7.  In particular, all fee-earners in (i) HJTBCO, (ii) Higgs & Johnson (a Bahamian law firm two of whose partners are also partners in HJTBCO) and (iii) H&J Trulaw Corporate Services Ltd (a company with a close business connection to HJTBCO offering corporate services to entities which may also be clients of HJTBCO) were sent a standard email on 1 April 2009 in accordance with normal conflict check procedure.

8.  Further, on 6 April 2009, the same persons were sent a further email specifically requesting them to advise me by return email and no later than 12 noon on Tuesday 7 April 2009 of any affirmative answer to a number of questions in the email directed to ascertaining whether there was any reason to believe that HJTBCO, Higgs & Johnson or H&J Trulaw Corporate Services Ltd fell within

any of the (iv) categories of persons who, under section 78eee(b)(6), would not be deemed disinterested.

9. In response to the above email messages no conflict or association with the Debtor was disclosed save as follows in relation to section 76eee(b)(6)(A) (iv):

    (A) Higgs & Johnson (the Bahamian firm) has recently acted and may continue to act for a bank that holds shares in two sub-funds whose assets may have been negligently and/or fraudulently invested by BLMIS and which bank, therefore, may seek to prove in the insolvency of BLMIS as a creditor.

10. I verily belief, however, that no such interest on the part of the bank could be classed as materially adverse to the interest of any class of creditor (by which I understand and mean any secured, preferential or unsecured creditor) in the BLMIS liquidation since any secured and preferential creditors would rank in priority to such claim and such claim would rank *pari passu* with all other unsecured creditors.

11. Based on these responses and that belief, it would appear that HJTBCO meets the disinterestedness standard of section 78eee(b)(6)(A) of SIPA, as well as under Bankruptcy Code Section 327(a) and Federal rule of Civil Procedure 2014(a) and has no conflict nor an interest materially adverse to the Debtor.

12. As a result, to the best of my knowledge, information and belief, I have been able to determine that

    (A) No fee-earner of HJTBCO, Higgs and Johnson or H&J Trulaw Corporate Services Ltd is a creditor (including customer), stockholder, or partner of the Debtor

    (B) No fee-earner of HJTBCO, Higgs and Johnson or H&J Trulaw Corporate Services Ltd is or was an underwriter of any of the outstanding securities of the Debtor or within five years prior to the filing date was the underwriter of any securities of the Debtor

    (C) No fee-earner of HJTBCO, Higgs and Johnson or H&J Trulaw Corporate Services Ltd is, or was within two years prior to the filing date, a director, partner officer or employee of the Debtor or such an underwriter or any attorney for the Debtor or such an underwriter and

    (D) It appears that no fee-earner of HJTBCO, Higgs and Johnson or H&J Trulaw Corporate Services Ltd has, by reason of any other direct or indirect relationship to, connection with, or interest in the Debtor or such an underwriter, or for any other reason, an interest materially adverse to the interest of any class of creditors (including customers) or stockholders.

13. I understand that the Trustee and SIPC are in the initial review and information-gathering stage of the instant liquidation proceeding, and are continuing to

research and analyze the books and records of the Debtor. As a result, additional information may be discovered that may be relevant to the instant Declaration. I understand that HJTBCO has a continuing duty to disclose any subsequently discovered information and/or connections within the meaning of 15 USC section 78eee(b)(6), and I will supplement this Declaration as appropriate.

I declare under penalty of perjury that the foregoing is true and correct and if called on as a witness I could testify competently thereto.

Executed on the 8th day of April 2009 at Fifth Floor, Anderson Square Building, Shedden Rd, PO Box 866, Georgetown, Grand Cayman, Cayman Islands.

Raymond Patrick Davern

Before me Christopher J Narborough attorney & notary
Fifth Floor, Anderson Square Building, Shedden Road, Georgetown, Cayman Islands

NOTARY PUBLIC

