

**FOLEY & LARDNER LLP**

ATTORNEYS AT LAW

90 PARK AVENUE
NEW YORK, NY 10016-1314
212.682.7474 TEL
212.687.2329 FAX
WWW.FOLEY.COM

WRITER'S DIRECT LINE
212.338.3586
rbernard@foley.com EMAIL

CLIENT/MATTER NUMBER
118010-0107

October 1, 2018

Re:     Request for Status Conference - *In re Hooper Holmes, Inc.
        d/b/a Provant Health*, et al., Case No. 18-23302

Dear Judge Drain:

The debtors and debtors-in-possession of the above-referenced cases (collectively, the "Debtors") respectfully request that the Court schedule a status conference, *on an emergency basis*, with respect to the final hearing (the "Sale Hearing") to approve the Debtors' proposed sale of substantially all of their assets pursuant to the Sale Motion.[1] Pursuant to the Sale Motion, and subject to higher and better bids, the Debtors propose to sell substantially all of their assets to Summit Health, Inc. (the "Stalking Horse Bidder") in accordance with that Amended and Restated Asset Purchase Agreement by and between the Stalking Horse Bidder and the Debtors [Docket No. 151] (the "Purchase Agreement").

Under the Purchase Agreement, the cash consideration payable by the Stalking Horse Bidder to the Debtors' estates is reduced by $150,000 for each day that the closing of the Purchase Agreement is delayed past October 10, 2018. Purchase Agreement, ¶ 4.1. With this potential reduction of value to the Debtors' estates in place, the Sale Motion and the Bidding Procedures Order contemplated two different Sale Hearing dates depending on whether the Debtors received any qualified competing bids for their assets.

In the event that the Debtors do not receive a competing Qualified Bid (as defined in the Bidding Procedures Order) by October 5, 2018, the Debtors requested the Sale Hearing to approve

---

[1] The "Sale Motion" means *Motion of Debtors for Entry of (I) an Order Approving (A) Bidding Procedures, (B) Stalking Horse Asset Purchase Agreement and Bid Protections, (C) Form and Manner of Notice of Auction, Sale Transaction, and Sale Hearing, and (D) Assumption and Assignment Procedures, and (II) an Order Approving (A) Sale of Substantially All of Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, (B) Entry Into Asset Purchase Agreement, and (C) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases* [Docket No. 18]. The Court approved bidding procedures with respect to the Sale Motion in that *Order Approving (A) Bidding Procedures, (B) Stalking Horse Asset Purchase Agreement and Bid Protections, (C) Form and Manner of Notice of Auction, Sale Transaction, and Sale Hearing, and (D) Assumption and Assignment Procedures*. [Docket No. 119] (the "Bidding Procedures Order").

AUSTIN          DETROIT         MEXICO CITY     SACRAMENTO      TAMPA
BOSTON          HOUSTON         MIAMI           SAN DIEGO       WASHINGTON, D.C.
CHICAGO         JACKSONVILLE    MILWAUKEE       SAN FRANCISCO   BRUSSELS
DALLAS          LOS ANGELES     NEW YORK        SILICON VALLEY  TOKYO
DENVER          MADISON         ORLANDO         TALLAHASSEE

WEIL:\96741752\1\68745.0006

4836-8946-0085.6


FOLEY & LARDNER LLP

October 1, 2018
Page 2

the Purchase Agreement on October 9, 2018. Sale Motion, ¶ 26.b. This timeline was approved by the Court in the Bidding Procedures Order. *See* Bidding Procedures Order, ¶ 12. Such a timeline permits the Debtors to obtain this Court's approval of the Purchase Agreement and close on the Purchase Agreement by October 10, 2018. Alternatively, if the Debtors receive a competing Qualified Bid, the Sale Hearing is to be held on October 12, 2018. *Id.* In that instance, the Debtors' risk of a reduced purchase price by the Stalking Horse Bidder would not exist, because a competing Qualified Bidder would have already topped the bid by the Stalking Horse Bidder.

In addition, pursuant to the Debtors' debtor-in-possession financing (the "DIP Facilities"),[2] the Debtors' last draw under the DIP Facilities is scheduled to occur on October 9, 2018 in an amount that would exhaust the availability under the DIP Facilities. This draw is designed to acquire certain supplies and pay other expenses as approved under the current Final DIP Order, necessary for continuing operations. However, the delay of the Sale Hearing from October 9 to October 12 creates an additional cash requirement to the Debtor of up to approximately $700,000 consisting of approximately $600,000 for supplies, $85,000 for rent and the balance for a modest amount of miscellaneous operating requirements. Under the Debtors' bifurcated schedule, certain, if not all, of these amounts could be paid post-closing if no competing Qualified Bids are received and the Sale Hearing is held on October 9, 2018.

The Debtors have been informed that, due to scheduling issues, the Court is not hearing matters on October 9, 2018. As such, the Court reset the Sale Hearing to October 12, 2018 even if the Debtors do not receive a competing Qualified Bid.

The re-setting of the Sale Hearing for October 9 – even if the Debtors do not receive a competing Qualified Bid – may cost the Debtors' estates up to approximately $1.15 million. This amount consists of:

- Potential for up to approximately $700,000 in additional cash needed by the Debtors to pay, on a (pre-closing) cash in advance basis, prepayments for certain medical supplies and rent which will result in post-closing revenues that will be billed and collected by the Stalking Horse Bidder or other buyer of the Debtors' assets. The Debtors may not have sufficient cash availability under the DIP Facilities to fund these expenditures, and the lenders under the DIP Facilities (the "DIP Lenders") do not believe that they are required to fund these expenditures because the revenues and benefits from such expenditures will be received after closing and for the benefit of the future owner. Further, the Stalking

---

[2] *See Final Order (1) Authorizing the Debtors to Obtain Postpetition Financing, Granting Senior Postpetition Security Interests and According Superpriority Administrative Expense Status Pursuant to Sections 364(c) and 364(d) of the Bankruptcy Code, (2) Authorizing the Use of Cash Collateral, (3) Granting Adequate Protection, (4) Modifying the Automatic Stay, and (5) Granting Related Relief* [Docket No. 156].



**FOLEY & LARDNER LLP**

October 1, 2018
Page 3

        Horse Bidder has not agreed to amend the Purchase Agreement to fund these pre-closing expenditures prior to closing on the Purchase Agreement.

- Assuming no higher or better Qualified Bid is received, up to $450,000 in potential losses arising from the Stalking Horse Bidder's purchase price adjustments caused by a 3-day delay in closing the sale contemplated by the Purchase Agreement (i.e., because the sale would likely close on October 13, 2018 rather than October 10, 2018).

        The Debtors and their advisors have engaged in multiple, arm's length discussions with each of the Stalking Horse Bidder and the DIP Lenders, separately, in an effort to resolve these issues consensually. To date, those efforts have been unsuccessful. Accordingly, given the impact that the re-scheduled Sale Hearing Date has on their estates, the Debtors request that this Court hold a telephonic status conference, at the earliest possible date available for the Court, to (a) determine if there is an ability to hold the Sale Hearing before October 12, 2018 if the Stalking Horse Bidder is the only bidder for the Debtors' assets, and (b) otherwise obtain guidance from the Court – with all relevant parties present – on a method of proceeding with respect to these issues.

        Below, the Debtors have copied counsel for the Official Committee of Unsecured Creditors, the Stalking Horse Bidder, the DIP Lenders, and the United States Trustee for the Southern District of New York at this status conference. The Debtors have advised these parties of this request prior to the submission hereof.

Sincerely,

Richard J. Bernard

cc:    Brent McIlwain, Esq.
        Brian Smith, Esq.
        Christopher Winter, Esq.
        Michael Lastowksi, Esq.
        Paul Jennings, Esq.
        Jessica Liou, Esq.
        John Conte, Esq.
        Ed Weisfelner, Esq.



October 1, 2018
Page 4

    Bennett Silverberg, Esq.
    Sunni Beville, Esq.
    Susan Arbeit, Esq.