**KELLEY DRYE & WARREN LLP**
Eric R. Wilson
Maeghan J. McLoughlin
101 Park Avenue
New York, New York 10178
Tel: (212) 808-7800
Fax: (212) 808-7897

*Counsel to Creditors Adjustment Bureau,*
*as assignee of Guangzhou Taihe Leather Co. Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| YOSI SAMRA, INC., | Case No. 17-12493 |
| Debtor. | |
| | Hearing Date: July 24, 2018 at 10:00 a.m. |

**RESPONSE TO DEBTOR'S OBJECTION TO CLAIM OF**
**CREDITORS ADJUSTMENT BUREAU AS ASSIGNEE OF**
**GUANGZHOU TAIHE LEATHER CO. LTD. (CLAIM NO. 6)**

Creditors Adjustment Bureau ("CAB"), as assignee of Guangzhou Taihe Leather Co. Ltd. ("Guangzhou"), submits this response (the "Response") to the objection (the "Objection")[1] of debtor Yosi Samra, Inc. (the "Debtor") to Claim No. 6 filed by CAB (the "Claim") and respectfully states as follows:

**BACKGROUND**

1. On September 5, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court. Since the Petition Date, the Debtor has remained in possession of its assets and has continued to operate and manage its business as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[1] Docket No. 158.

2.      On September 27, 2017, the United States Trustee appointed a three-member committee consisting of (i) Dara Partners LP, (ii) US Software Group Inc., and (iii) WFC Fund LLC.

3.      Guangzhou assigned its claim against the Debtor to CAB. Evidence of the assignment is attached hereto as **Exhibit A**.

4.      On October 13, 2017, CAB timely filed the Claim. The Claim asserts that the Debtor owed Guangzhou $1,911,263.65 (the "Claim Amount") on account of goods sold to the Debtor and annexes a payment statement outlining (i) the year the goods were sold, (ii) the months of the year the goods were sold, (iii) the amount of inventory supplied to the Debtor, (iv) the amount outstanding for each shipment, and (v) the net amount sought.

5.      On June 15, 2018, the Debtor filed the Objection. The Objection alleges that the Claim should be expunged because (1) there were no documents attached to the claim in violation of Bankruptcy Rule 3001 and (2) the Debtor has setoff claims against Guangzhou in excess of the Claim Amount.

## ARGUMENT

6.      To file a proof of claim, a claimant must be a "creditor or the creditor's authorized agent." Fed. R. Bankr. P. 3001(b). "[A] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). "To overcome this prima facie evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim." *Sherman v. Novak (In re Reilly)*, 245 B.R. 768, 773 (2d Cir. BAP 2000). As set forth below, the Claim should be allowed in the Claim Amount because the Debtor has not overcome the prima facie evidence contained in the Claim.

**A.      The Claim is Supported by Documentation**

7.      The Debtor erroneously asserts that CAB violated Bankruptcy Rule 3001(c) because there is no supporting documentation attached to the Claim.[2]  To the contrary, CAB annexed a payment statement clearly outlining the data underlying the Claim Amount which would allow the Debtor to analyze the propriety of the Claim.  Statements showing the purchase order number, quantity, the shipping date, the cost incurred, and the invoice numbers are attached as **Exhibit B**.[3]  Based on this documentation, the Debtor cannot refute that it ordered $1,911,263.65 in goods from Guangzhou prior to the Petition Date, all of which were shipped to the Debtor, for which the Debtor failed to make payment.  As a result, CAB has a valid claim for the entire Claim Amount.

**B.      The Debtor Does Not Have Valid Setoff Rights**

8.      The Debtor contends that Guangzhou provided goods of substandard quality that caused lost profits in excess of the Claim Amount which should result in the Claim being expunged.

9.      Upon information and belief, Guangzhou provided the Debtor with quality goods that met industry standards.  As shown by the email correspondence between the Debtor and Guangzhou attached hereto as **Exhibit C**, in the period leading up to the Petition Date the Debtor did not mention the purported complaints to Guangzhou.  Instead, the Debtor made excuses for falling behind on payments, none of which dealt with substandard goods, and assured Guangzhou that payments for the goods supplied would be made.

---

[2]     *See* Objection, ¶ 7 ("There were no documents attached to the Claim.").

[3]     Due to the voluminous nature of the invoices, CAB will provide the Debtor with same separately.  In addition, Exhibit B does not include a statement for the October 2016 invoice.  This statement will be filed with the Court and provided to the Debtor in advance of the hearing on the Objection.

3

10. Moreover, the Debtor's contention is belied by the emails attached to the Objection. For example, the emails from various retailers refer to defective goods, but the Objection did not provide whether Guangzhou was the Debtor's only supplier and Guangzhou is never referenced by name in any of the emails.

11. The Debtor cannot refute the essential allegations of the Claim or substantiate any claim for offset rights and, as a result, the Debtor has not met its burden to refute the validity of the Claim.

WHEREFORE, CAB requests that the Court overrule the Objection and grant such other and further relief as is just.

Dated: July 17, 2018

        KELLEY DRYE & WARREN LLP

        */s/ Eric R. Wilson*
        Eric R. Wilson
        Maeghan J. McLoughlin
        101 Park Avenue
        New York, New York 10178
        Tel: (212) 808-7800
        Fax: (212) 808-7897
        Email: ewilson@kelleydrye.com
              mmcloughlin@kelleydrye.com

        *Counsel to Creditors Adjustment Bureau,*
        *as assignee of Guangzhou Taihe Leather Co. Ltd.*