**KELLEY DRYE & WARREN LLP**
Eric R. Wilson
Maeghan J. McLoughlin
101 Park Avenue
New York, New York 10178
Tel: (212) 808-7800
Fax: (212) 808-7897

*Counsel to Creditors Adjustment Bureau,*
*as assignee of Guangzhou Taihe Leather Co. Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>YOSI SAMRA, INC.,<br><br>                Debtor. | Chapter 11<br><br>Case No. 17-12493<br><br>Hearing Date: July 24, 2018 at 10:00 a.m. |

**DECLARATION OF HUMBERTO MATZ IN SUPPORT OF RESPONSE TO DEBTOR'S OBJECTION TO CLAIM OF CREDITORS ADJUSTMENT BUREAU AS ASSIGNEE OF GUANGZHOU TAIHE LEATHER CO. LTD. (CLAIM NO. 6)**

I, Humberto Matz, hereby declare that, upon and information and belief, the following statements are true and correct to the best of my knowledge after due inquiry as described herein:

1. I am the Vice President at Creditors Adjustment Bureau ("CAB").

2. Guangzhou Taihe Leather Co. Ltd. ("Guangzhou") assigned its claim (the "Claim") against debtor Yosi Samra, Inc. (the "Debtor") in the amount of $1,911,263.65 (the "Claim Amount") to CAB. A true and correct copy of the assignment is annexed as **Exhibit A** to the response (the "Response") filed contemporaneously herewith to the objection (the "Objection") to the Claim.

3. On October 13, 2017, CAB timely filed the Claim. The Claim asserts that the Debtor owed Guangzhou the Claim Amount on account of goods sold to the Debtor.

4. CAB annexed a payment statement to the Claim which set forth (i) the year the goods were sold, (ii) the months of the year the goods were sold, (iii) the amount of inventory supplied to the Debtor, (iv) the amount outstanding for each shipment, and (v) the net amount sought.

5. The Claim is supported by purchase orders, invoices, and related documentation. True and correct statements showing the purchase order number, quantity, the shipping date, the cost incurred, and the invoice numbers are attached as **Exhibit B** to Response.[1]

6. Upon information and belief, Guangzhou shipped goods valued at the full Claim Amount to the Debtor. CAB has a valid claim for the entire Claim Amount.

7. Upon information and belief, the Debtor did not inform Guangzhou that its good were of poor quality. True and correct copies of email correspondence between Guangzhou and the Debtor are annexed as **Exhibit C** to the Response.

8. Upon information and belief, Guangzhou provided the Debtor with goods that met industry standards.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on July 17, 2018

By: _____
Humberto Matz
*Vice President, Creditors Adjustment Bureau*

---

[1] Due to the voluminous nature of the invoices, CAB will provide the Debtor with same separately. In addition, Exhibit B does not include a statement for the October 2016 invoice. This statement will be filed with the Court and provided to the Debtor in advance of the hearing on the Objection.