UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                                    Chapter 7

MICHAEL P. D'ALESSIO, et al.,                             Case No.: 18-22552 (RDD)
                                                                              (Jointly Administered)
                        Debtors.
-----------------------------------------------------------x

**STIPULATION AND ORDER RESPECTING SALE OF REAL PROPERTY
LOCATED AT 3 SANDPIPER COURT, WESTHAMPTON, NEW YORK 11977
AND CARVE OUT FROM SECURED CLAIM**

WHEREAS, on June 21, 2018, 3 Sandpiper Court LLC ("3 Sandpiper Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the Court;

WHEREAS, Marianne T. O'Toole is the Chapter 7 Trustee of the 3 Sandpiper Debtor's estate ("Trustee");

WHEREAS, pursuant to an Order of the Court dated July 17, 2017, the 3 Sandpiper Debtor's case is being jointly administered under the *In re: Michael P. D'Alessio* bankruptcy case;

WHEREAS, as reflected in the 3 Sandpiper Debtor's Schedule A/B, the 3 Sandpiper Debtor owns the real property located at 3 Sandpiper Court, Westhampton, New York 11977 ("3 Sandpiper Property");

WHEREAS, as reflected in the 3 Sandpiper Debtor's Schedule D, the 3 Sandpiper Property is encumbered by a first mortgage lien held by Pilot 1704 LLC ("Pilot 1704") in the original principal amount of $1,400,000 ("3 Sandpiper Lien")

WHEREAS, the Trustee intends to sell the 3 Sandpiper Property in accordance with, inter alia, section 363 of the Bankruptcy Code and subject to further Order(s) of the Court ("363 Sale");

1

WHEREAS, as of September 20, 2018, Pilot 1704 asserts that it is owed $1,683,001.23 on account of the 3 Sandpiper Lien plus accrued interest and attorneys frees up to the amount of the gross sale price of the 3 Sandpiper Property;

WHEREAS, the Trustee and Pilot 1704 recognize and agree that the sale of 3 Sandpiper Property is in the best interests of all parties and the bankruptcy estate;

WHEREAS, the Trustee and Pilot 1704 recognize and agree that the sale proceeds from the 363 Sale of 3 Sandpiper Property may be insufficient to satisfy the 3 Sandpiper Lien held by Pilot 1704 and all administrative costs and expenses associated with the 363 Sale;

WHEREAS, the Trustee and Pilot 1704, through their respective counsel, have negotiated and entered into this Stipulation, which, among other things, provides for a carve-out from the 3 Sandpiper Lien for the Trustee's administrative costs and expenses associated with the 363 Sale, as well as funds for ultimate distribution to the creditors of the 3 Sandpiper Debtor's estate;

WHEREAS, the Trustee and Pilot 1704 believe that it is in the best interests of all parties-in-interest in this case that such an arrangement be effectuated and approved by the Court;

WHEREAS, the Trustee has agreed to file the Sale Motion concurrent with this Stipulation in order to maximize its value in light of certain exigencies relating to the 3 Sandpiper Property.

NOW, THEREFORE, in consideration of the foregoing, it is hereby stipulated and agreed by and between the Trustee and Pilot 1704 as follows:

1.   This Stipulation is contingent upon approval of the Court. Should the Court decline to approve the Stipulation, the Stipulation shall have no force or effect.

2.   Pilot 1704 consents to the 363 Sale of 3 Sandpiper Property by the Trustee.

3. Pilot 1704 shall have an allowed secured claim against the 3 Sandpiper Debtor's estate in the amount of $1,683,001.23 plus accruing attorneys' fees ("3 Sandpiper Secured Claim").

4. Pilot 1704 hereby agrees that the Trustee and the 3 Sandpiper Debtor's estate shall receive a carve-out from the proceeds of the sale of the 3 Sandpiper Property and the 3 Sandpiper Lien as follows (collectively, "Carve-Out"): (a) funds necessary to pay in full any and all liens on the 3 Sandpiper Property that are of higher priority than the 3 Sandpiper Lien including, but not limited to, any and all outstanding real estate and school taxes; (b) any reasonable, customary closing costs, fees or taxes required to be paid by the estate at closing; and (c) 5% of the gross proceeds of sale for the payment of: (i) the Trustee's statutory commissions and expenses (as approved by the Court); (ii) the fees and expenses of the Trustee's retained attorneys (as approved by the Court); (iii) the commission and expenses of the Trustee's auctioneer and/or real estate broker (as approved by the Court); (iv) the fees and expenses of the Trustee's accountant (as approved by the Court); and (v) distributions on account of allowed claims (after payment of administrative claims) in accordance with the Bankruptcy Code.

5. The Trustee is authorized to pay from the Carve-Out the amounts set forth in paragraph 4(a) and (b) herein without further Order of the Court. The Trustee is authorized to segregate sufficient funds from the sale proceeds to pay the amounts set forth in paragraph 4(c). The Trustee is authorized to distribute, within 5 days of receipt and without further order of the Court, the remaining sale proceeds of sale of 3 Sandpiper Property to Pilot 1704 on account of, and in reduction of, the 3 Sandpiper Secured Claim.

6. In the event the sale proceeds do not exceed the sums due to Pilot 1704 on account of the 3 Sandpiper Secured Claim, Pilot 1704 waives any right to share in the Carve-Out.

3

7. In the event the sale proceeds exceed the sums due to Pilot 1704 (including the Carve-Out) as contemplated in paragraph 4 herein, any additional proceeds of sale shall be retained by the Trustee for the benefit of junior lien holders and other creditors including, but not limited to, mechanic's lien holders (if any), administrative, priority and general unsecured creditors.

8. Nothing contained herein is a waiver of any of the Trustee's rights to contest or otherwise object to the claims of any junior lien holders or any other party asserting a claim or interest against 3 Sandpiper Property or the proceeds of sale.

9. This Stipulation shall be effective upon entry of an Order of the Court approving this Stipulation.

10. This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original and shall be binding on any party executing this Stipulation, all of which shall constitute one and the same document. Signatures delivered by electronic mail or facsimile shall have the same force and effect as those original signatures.

11. This Stipulation shall be governed by and construed under the laws of the State of New York.

12. The Court shall retain jurisdiction to determine any dispute which may arise under the terms of this Stipulation.

13. This Stipulation may not be amended or modified other than in writing executed by each of the Parties.

14. This Stipulation sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements and understandings, written or oral, between the Parties pertaining to the subject matter hereof.

4

15. This Stipulation shall be binding upon the Parties, their respective heirs, executors, successors, administrators and assigns.

Dated: September 27, 2018
      Boston, Massachusetts

**RIEMER | BRAUNSTEIN LLP**
Counsel to Pilot 1704 LLC

By: _____
Alan L. Braunstein, Esq.
1 Center Plaza f/k/a 3 Center Plaza
Boston, Massachusetts 02108
Telephone: (617) 880-3516

Dated: October 1, 2018
      Wantagh, New York

**LaMONICA HERBST & MANISCALCO, LLP**
Counsel to Marianne T. O'Toole, as Chapter 7 Trustee

By: _____
Salvatore LaMonica, Esq.
Holly R. Holecek, Esq.
3305 Jerusalem Avenue
Wantagh, New York 11793
Telephone (516) 826-6500

**IT IS SO ORDERED this ___ day of September 2018**

_____
Hon. Robert D. Drain
United States Bankruptcy Judge

5