## TERMS AND CONDITIONS OF SALE
*3 Sandpiper Court, Westhampton, New York 11977*

1.  These Terms and Conditions of Sale are promulgated in connection with the public auction sale ("363 Sale") of the real property located at 3 Sandpiper Court, Westhampton, New York 11977 ("3 Sandpiper Property").

2.  The 363 Sale will be held on November 14, 2018 at 1:00 p.m. at Maltz Auctions Inc. d/b/a Maltz Auctions, 39 Windsor Place, Central Islip, New York 11722. Registration for the 363 Sale will begin at 12:00 p.m.

3.  The seller of the 3 Sandpiper Property is Marianne T. O'Toole, solely in her capacity as Chapter 7 Trustee ("Trustee") of the estate of 3 Sandpiper Court LLC ("3 Sandpiper Debtor"). The 3 Sandpiper Debtor's Chapter 7 bankruptcy case is pending in the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court"), and is being jointly administered under the *In re Michael P. D'Alessio* case (Case No. 18-22552(RDD). The 363 Sale is conducted pursuant to sections 363 (b), (d), (f) and (m) of title 11 of the United States Code ("Bankruptcy Code") and in accordance with an Order of the Bankruptcy Court.

4.  To bid on the 3 Sandpiper Property, each prospective bidder must deliver must deliver to the Trustee's auctioneer, Maltz Auctions, Inc. d/b/a Maltz Auctions ("Auctioneer"), prior to the commencement of the 363 Sale a certified check or bank check in the amount of seventy-five thousand dollars ($75,000) ("Qualifying Deposit") payable to "Marianne T. O'Toole, as Trustee," which amount shall serve as a good faith deposit against payment of the purchase price for the 3 Sandpiper Property. Each prospective bidder must also execute, and thereby agree to be bound by, these Terms and Conditions of Sale. The first highest bidder ("Highest Bidder") and the second highest bidder ("Second Highest Bidder") for the 3 Sandpiper Property must also execute, and thereby agree to be bound by, a Memorandum of Sale. At the conclusion of the 363 Sale, the Trustee or her representative will return the Qualifying Deposits to all bidders except the Highest Bidder and the Second Highest Bidder. The Second Highest Bidder's Qualifying Deposit will be returned within two business days after the Highest Bidder posts the entire Deposit (as defined in ¶5).

5.  Within 48 hours after conclusion of the 363 Sale, the Highest Bidder shall deliver to the Trustee, by certified check, bank check, federal funds or wire transfer, an amount equal to 10% of its successful bid minus the amount of the Qualifying Deposit as and for a good faith deposit (such amount, plus the Qualifying Deposit, hereinafter "Deposit").

6.  The Highest Bidder must pay the balance (the difference between the amount of the successful bid and the Deposit) of the purchase price ("Purchase Price") for the 3 Sandpiper Property to the Trustee, by certified check, bank check, federal funds or wire transfer at the closing of title to the 3 Sandpiper Property ("Closing"). The Highest Bidder must close title to the 3 Sandpiper Property on or before **December 19, 2018** ("Closing Date"), **TIME BEING OF THE ESSENCE as to the Highest Bidder**, although such date may be extended solely by the Trustee.

7.  The Closing shall take place on or before the Closing Date at the offices of the attorneys for the Trustee, LaMonica Herbst & Maniscalco LLP, 3305 Jerusalem Avenue, Wantagh, New York 11793 or by mail, as elected by the Trustee.

8. The real estate taxes will be apportioned as of 12:00 a.m. on the Closing Date. There will be no other apportionments for water or any other utilities pertaining to the 3 Sandpiper Property.

9. The Highest Bidder shall pay any village, city, county, state or other real property transfer taxes incurred by the transfer of the 3 Sandpiper Property by the estate at the Closing.

10. In connection with the Closing and Closing Date, the Highest Bidder is hereby given notice that **TIME IS OF THE ESSENCE against the Highest Bidder and the failure of the Highest Bidder to close for any reason whatsoever (except as otherwise provided below), including its failure to pay the balance of the Purchase Price on the Closing Date, will result in the Trustee retaining the Deposit and the termination of the Highest Bidder's right to acquire the 3 Sandpiper Property under these Terms and Conditions of Sale**. The Highest Bidder shall be obligated to close title to the 3 Sandpiper Property and there is no contingency of any kind or nature that will permit the Highest Bidder to cancel or avoid its obligation under these Terms and Conditions of Sale other than the Trustee's inability to deliver insurable title to the 3 Sandpiper Property. Further, the Highest Bidder shall have demonstrated, to the sole satisfaction of the Trustee, evidence of its ability to conclude the transaction upon these Terms and Conditions of Sale without delay. The Trustee reserves the right to reject any bidder who, in the sole discretion of the Trustee, the Trustee believes is not financially capable of consummating the purchase of the 3 Sandpiper Property. **Expenses incurred by the Highest Bidder, or any competing bidder, including concerning any due diligence, such as obtaining title reports, shall be the sole responsibility of such bidder and under no circumstances shall the Trustee, the estate or the Trustee's professionals be responsible for, or pay, such expenses**.

11. In the event that the Highest Bidder for the 3 Sandpiper Property fails to tender the payment of the balance of the Purchase Price on the Closing Date, or otherwise perform any of its obligations under these Terms and Conditions of Sale, the Trustee, at her sole option, shall be authorized to sell the 3 Sandpiper Property to the Second Highest Bidder without any further notice, without giving credit for the Deposit forfeited by the Highest Bidder, and upon such other terms and conditions as the Trustee deems appropriate. Should the Second Highest Bidder fail to close on the 3 Sandpiper Property within such time as the parties may agree but not to exceed 20 days after notice from the Trustee to the Second Highest Bidder, the Trustee shall be authorized to sell the 3 Sandpiper Property to the next highest or best bidder, without the necessity of any further notice. In either event, the Second Highest Bidder or the next highest or best bidder shall be deemed to be "Highest Bidder" under these Terms and Conditions of Sale and shall be bound by these Terms and Conditions of Sale.

12. The Trustee and her professionals, including the Auctioneer, have not made, and do not make, any representations or warranties of any kind, including, but not limited to, as to the physical condition, tenancies, rents, leases, expenses, operations, value of the land or buildings thereon, or any other matter or thing affecting or related to the 3 Sandpiper Property that might be pertinent to the purchase of the 3 Sandpiper Property, and including, without limitation: (a) the current or future real estate tax liability, assessment or valuation of the 3 Sandpiper Property; (b) the potential qualification of the 3 Sandpiper Property for any and all benefits conferred by or available under federal, state or municipal laws, whether for subsidies, special real estate tax treatment, insurance, mortgages, or any other benefits, whether similar or dissimilar to those enumerated; (c) the compliance or non-compliance of the 3 Sandpiper Property, in its current or any future state, with applicable present or future zoning ordinances or other land use law or regulation, or the ability to

obtain a change in the zoning or use, or a variance in respect to the 3 Sandpiper Property; (d) the availability of any financing for the purchase, alteration, rehabilitation or operation of the 3 Sandpiper Property from any source, including, but not limited to, any state, city or federal government or institutional lender; (e) the current or future use of the 3 Sandpiper Property; (f) the present and future condition and operating state of any and all machinery or equipment on the 3 Sandpiper Property and the present or future structural and physical condition of any building thereon or its suitability for rehabilitation or renovation; (g) the ownership or state of title of any personal property on the 3 Sandpiper Property; (h) the presence or absence of any laws, ordinances, rules or regulations issued by any governmental authority, agency or board and any violations thereof; (i) any present or future issues concerning subdivision or non-subdivision of the 3 Sandpiper Property; or (j) the compliance or non-compliance with environmental laws and the presence or absence of underground fuel storage tanks, any asbestos or other hazardous materials anywhere on the 3 Sandpiper Property. Each bidder hereby expressly agrees and acknowledges that no such representations or warranties have been made. The Trustee and her professionals, including the Auctioneer, are not liable or bound in any manner by expressed or implied warranties, guaranties, promises, statements, representations or information pertaining to the 3 Sandpiper Property, or any real estate broker, agent, employee, servant or other person or professional representing or purporting to represent the Trustee unless such warranties, guaranties, promises, statements, representations or information are expressly and specifically set forth in writing by the Trustee.

13.  The 3 Sandpiper Property is being sold "**AS IS**" "**WHERE IS**", "**WITH ALL FAULTS,**" without any representations, covenants, guarantees or warranties of any kind or nature whatsoever, and free and clear of any and all interests including, but not limited to, liens, claims, encumbrances, interests, judgments and/or mortgages, or adverse claims to title, of whatever kind or nature (collectively, "Interests"), with such Interests, if any, to attach to the proceeds of sale in such order and priority as they existed immediately prior to the entry of the Order for Relief against the Debtor, and subject to, among other things: (a) any state of facts that an accurate survey may show; (b) any covenants, restrictions and easements of record; (c) any state of facts a physical inspection may show; (d) any building or zoning ordinances or other applicable municipal regulations and violations thereof; and (e) environmental conditions.

14. By delivering Qualifying Deposits, each bidder acknowledges that it has had the opportunity to review the state of title thereof and laws, rules and regulations applicable thereto, and will rely solely thereon and on its own independent investigation of the 3 Sandpiper Property in making its bids. Neither the Trustee nor any of her representatives make any representations or warranties with respect to the permissible uses of the 3 Sandpiper Property, including, but not limited to, the zoning of the 3 Sandpiper Property. Each bidder acknowledges that it has conducted its own due diligence in connection with the 3 Sandpiper Property and is not relying on any information provided by the Trustee and her professionals.

15.  The Trustee shall convey the 3 Sandpiper Property by delivery of a Trustee's Deed. The quality of title shall be that which any reputable title insurance company authorized to do business in the State of New York is willing to approve and insure. The Trustee may at her option arrange for the issuance of a title insurance policy by such a company at the Highest Bidder's sole cost and expense.

16.  Neither the Trustee nor the Trustee's professionals, including the Auctioneer, are liable or responsible for the payment of fees of any broker. The only commissions that the estate may be liable for are those of the Auctioneer, which was retained pursuant to an Order of the Bankruptcy Court, and those of the Trustee.

17. Nothing contained in these Terms and Conditions of Sale is intended to supersede or alter any provisions of the Bankruptcy Code or otherwise interfere with the jurisdiction of the Bankruptcy Court. All of the terms and conditions set forth in these Terms and Conditions of Sale are subject to modification as may be directed by the Trustee or by the Bankruptcy Court. The Trustee reserves the right to modify these Terms and Conditions of Sale at the 363 Sale or thereafter to maintain consistency with the provisions of the Bankruptcy Code and/or prior orders of the Bankruptcy Court.

18. These Terms and Conditions of Sale will be read into the record, or specifically incorporated by reference, at the 363 Sale of the 3 Sandpiper Property. By making a bid for the 3 Sandpiper Property, each bidder will be deemed to have acknowledged having read these Terms and Conditions of Sale and agreed to be bound by them.

19. If the Trustee is unable to deliver title to the 3 Sandpiper Property in accordance with these Terms and Conditions of Sale for any reason whatsoever, her only obligation will be to refund the Deposit to the Highest Bidder and, upon such refund, the Highest Bidder shall not have any claim or recourse against the Trustee, the estate or the Trustee's professionals.

20. The Trustee reserves her right to withdraw the 3 Sandpiper Property from the 363 Sale, either prior or subsequent to the 363 Sale, for any reason whatsoever, as she deems necessary or appropriate.

21. The 363 Sale of the 3 Sandpiper Property is subject to confirmation by the Trustee. Prior to the Closing, the Bankruptcy Court may enter an Order confirming the results of the 363 Sale.

22. The Bankruptcy Court shall determine any disputes concerning the 363 Sale of the 3 Sandpiper Property. By participating in the 363 Sale, all bidders consent to the jurisdiction of the Bankruptcy Court to determine such disputes.

I have read these Terms and Conditions of Sale and agree to be bound by them.

By: _____    Date: _____
    Name

**MEMORANDUM OF SALE- HIGHEST BIDDER**

The undersigned has this 14th day of November 2018, agreed to purchase the real property and improvements located at 3 Sandpiper Court, Westhampton, New York 11977 ("3 Sandpiper Property"), vested in Marianne T. O'Toole, solely in her capacity as Chapter 7 Trustee for the bankruptcy estate of 3 Sandpiper Court LLC, and being sold by Marianne T. O'Toole, as the Chapter 7 Trustee of the Debtor for the sum of $_____, and hereby promise and agree to comply with the terms and conditions of the sale of said property, as set forth in the annexed Terms and Conditions of Sale.

_____        _____
PURCHASER (Signature)                           PURCHASER (Signature)

_____        _____
PRINT NAME OF PURCHASER                         PRINT NAME OF PURCHASER

_____        _____
ADDRESS                                         ADDRESS

_____        _____
E-MAIL                                          E-MAIL

_____        _____
TELEPHONE NUMBER                                TELEPHONE NUMBER

_____        _____
FAX NUMBER                                      FAX NUMBER

Received from _____ the sum of $\_\_\_\_,000.00 DOLLARS, as a non-refundable deposit for the purchase of the 3 Sandpiper Property pursuant to the Terms and Conditions of Sale.

Marianne T. O'Toole, Chapter 7 Trustee
LaMonica Herbst & Maniscalco LLP
Attorneys for the Trustee
3305 Jerusalem Avenue
Wantagh, New York 11793
(516) 826-6500
(516) 826-0222 Fax

This is to verify that the successful bid in the above sale was for the sum of $ _____.
_____
Maltz Auctions, Inc. d/b/a Maltz Auctions

**ATTORNEY INFORMATION**
Name:        _____
Address:     _____
E-Mail:      _____
Phone:       _____

**MEMORANDUM OF SALE - SECOND HIGHEST BIDDER**

The undersigned has this 14th day of November 2018, agreed to purchase the real property and improvements located at 3 Sandpiper Court, Westhampton, New York 11977 ("3 Sandpiper Property"), vested in Marianne T. O'Toole, solely in her capacity as Chapter 7 Trustee for the bankruptcy estate of 3 Sandpiper Court LLC, and being sold by Marianne T. O'Toole, as the Chapter 7 Trustee of the Debtor for the sum of $_____, and hereby promise and agree to comply with the terms and conditions of the sale of said property, as set forth in the annexed Terms and Conditions of Sale.

_____     _____
PURCHASER (Signature)         PURCHASER (Signature)

_____     _____
PRINT NAME OF PURCHASER              PRINT NAME OF PURCHASER

_____     _____
ADDRESS                              ADDRESS

_____     _____
E-MAIL                               E-MAIL

_____     _____
TELEPHONE NUMBER                     TELEPHONE NUMBER

_____     _____
FAX NUMBER                           FAX NUMBER

Received from _____ the sum of $\_\_\_\_,000.00 DOLLARS, as a non-refundable deposit for the purchase of the 3 Sandpiper Property pursuant to the Terms and Conditions of Sale.

Marianne T. O'Toole, Chapter 7 Trustee
LaMonica Herbst & Maniscalco LLP
Attorneys for the Trustee
3305 Jerusalem Avenue
Wantagh, New York 11793
(516) 826-6500
(516) 826-0222 Fax

This is to verify that the second-highest bid in the above sale was for the sum of $_____.

_____
Maltz Auctions, Inc. d/b/a Maltz Auctions
**ATTORNEY INFORMATION**
Name:      _____
Address:   _____
E-Mail:    _____
Phone:     _____