David J. Sheehan  
Marc Hirschfield  
Richard J. Bernard  
Alissa M. Nann  
BAKER & HOSTETLER LLP  
45 Rockefeller Plaza  
New York, New York 10111  
Telephone: (212) 589-4200  
Facsimile: (212) 589-4201  

Hearing Date:       May 27, 2009  
Hearing Time:       10:00 a.m.  
Objection Deadline: May 21, 2009  

*Attorneys for Irving H. Picard, Esq.,*  
*Trustee for the SIPA Liquidation of*  
*Bernard L. Madoff Investment Securities LLC*

**UNITED STATES BANKRUPTCY COURT**  
**SOUTHERN DISTRICT OF NEW YORK**

SECURITIES INVESTOR PROTECTION CORPORATION,

    Plaintiff-Applicant,

v.

BERNARD L. MADOFF INVESTMENT SECURITIES LLC,

    Defendant.

Adv. Pro. No. 08-01789 (BRL)

SIPA Liquidation

**TRUSTEE'S SECOND MOTION FOR AN ORDER PURSUANT TO**
**SECTION 365(d)(1) OF THE BANKRUPTCY CODE FURTHER**
**EXTENDING THE TIME WITHIN WHICH THE TRUSTEE MAY ASSUME**
**OR REJECT EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Irving H. Picard, Esq. (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC (the "Debtor"), under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"),[1] by and through his undersigned counsel, for his motion (the "Motion") for entry of an order, pursuant to section 365(d)(1) of title 11 of the United States Code (the "Bankruptcy Code"), further extending the time within which he

---

[1] For convenience, future reference to SIPA will not include "15 U.S.C."

300010397

may assume or reject executory contracts and unexpired leases on behalf of the Debtor's estate, and respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the Motion pursuant to section 78eee(b)(4) of SIPA and the order (the "Protective Decree") entered on December 15, 2008 [Docket No. 4] by the Honorable Louis L. Stanton, United States District Judge, United States District Court for the Southern District of New York in Case No. 08 CV 10791, and 28 U.S.C. §§ 157 and 1334. Venue of this case is proper in this district pursuant to section 78eee(b)(4) of SIPA and 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 78fff(a) of SIPA, sections 105, and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

2. On December 11, 2008 (the "Filing Date"),[2] the Securities and Exchange Commission ("SEC") filed a complaint in the United States District Court for the Southern District of New York against defendants Bernard L. Madoff and the Debtor (together, the "Defendants") (No. 08 CV 10791). The complaint alleged that the Defendants engaged in fraud through investment advisor activities of the Debtor.

3. On December 12, 2008, the Honorable Louis L. Stanton of the United States District Court for the Southern District of New York entered an order which appointed Lee S. Richards, Esq. as receiver (the "Receiver").

4. On December 15, 2008, pursuant to section 78eee(a)(4)(A) of SIPA, the SEC consented to a combination of the SEC Action with an application of SIPC. Thereafter, pursuant to section 78eee(a)(3) of SIPA, SIPC filed an application in the District Court alleging, inter alia,

---

[2] *See* section 78*lll*(7)(B) of SIPA.

that the Debtor was not able to meet its obligations to securities customers as they came due and, accordingly, its customers needed the protection afforded by SIPA.

5. On that date, the District Court entered the Protective Decree, to which the Debtor consented, which, in pertinent part:

   (a) appointed the Trustee for the liquidation of the business of the Debtor pursuant to section 78eee(b)(3) of SIPA;

   (b) appointed Baker & Hostetler, LLP as counsel to the Trustee pursuant to section 78eee(b)(3) of SIPA; and

   (c) removed the case to this Bankruptcy Court pursuant to section 78eee(b)(4) of SIPA.

6. On December 18, 2008, the District Court entered the Order on Consent Imposing Preliminary Injunction, Freezing Assets and Granting Other Relief Against Defendants (the "Preliminary Injunction Order"). Among other things, the Preliminary Injunction Order clarified that the Receiver is only appointed as to assets concerning the London entity, Madoff Securities International Ltd. On February 26, 2009, the Receiver submitted a report and application to Terminate the Receivership to the District Court. After receipt of submissions by the Trustee, the SEC, and the Department of Justice, and after a hearing on March 23, 2009, the District Court issued an order discharging the Receiver and terminating the receivership.

7. On January 21, 2009, the Trustee filed his first Motion for an Order Pursuant to Section 365(d)(1) of the Bankruptcy Code Extending the Time Within Which the Trustee May Assume or Reject Executory Contracts and Unexpired Leases ("First Extension Motion") [Docket No. 41], seeking to extend such deadline from February 9, 2009 through and including May 1, 2009, which motion was served on the Trustee's then known vendors and creditors of Debtor.

8. On February 4, 2009, this Court entered an order [Docket No. 70], granting the First Extension Motion and extending the deadline by which the Trustee must assume or reject contracts and leases to May 1, 2009.

## RELIEF REQUESTED

9. By this Motion, the Trustee seeks to preserve the rights of the estate in executory contracts and unexpired leases by extending the time within which the Trustee may assume or reject the Debtor's executory contracts and unexpired leases (the "Agreements") set forth in Exhibit A annexed hereto. The Trustee requests an additional extension of the May 1, 2009 deadline for the Trustee to assume or reject the Agreements, as provided in section 365(d)(1) of the Bankruptcy Code, for a period of sixty (60) days, up to and including June 30, 2009 (the "Extension Request"). The Extension Request is without prejudice to the right of the Trustee to seek a further extension. Likewise, such an extension would be without prejudice to the rights of the counter-parties to the Agreements to seek to shorten the Trustee's time to assume or reject a particular executory contract or unexpired lease.

## BASIS FOR RELIEF REQUESTED

10. Section 365 of the Bankruptcy Code applies to liquidations under SIPA. *See* 15 U.S.C. § 78fff(b) ("a liquidation proceeding shall be conducted in accordance with, and as though it were being conducted under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11.").

11. Section 365(d)(1) of the Bankruptcy Code grants a trustee an initial sixty (60) day period to determine whether to assume or reject unexpired executory contracts and certain unexpired leases, unless such time is extended by order of the Court. Section 365(d)(1) provides, in pertinent part:

> [I]n a case under chapter 7 of this title, if the trustee does not assume or reject an executory contract or unexpired lease of residential real property or of personal property of the debtor within sixty (60) days after the order for relief, **or within such additional time as the Court, for cause, within such sixty-day period, fixes, then such contract or lease is deemed rejected** . . . .

11 U.S.C. § 365(d)(1) (emphasis added).[3]

12.  The Bankruptcy Code provides the Trustee with a 120-day period to assume or reject nonresidential real property leases, which time may be extended. Bankruptcy Code section 365(d)(4) provides:

> (A) Subject to subparagraph (B), an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of—
>
> (i) the date that is 120 days after the date of the order for relief; or
>
> (ii) the date of the entry of an order confirming a plan.
>
> (B)
>
> (i) The court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause.
>
> (ii) If the court grants an extension under clause (i), the court may grant a subsequent extension only upon prior written consent of the lessor in each instance.

11 U.S.C. § 365(d)(4).

13.  Accordingly, this Court has express authority, when appropriate cause is shown, to extend the time within which the Trustee may assume or reject the Debtor's executory contracts and unexpired leases. *See* 11 U.S.C. § 365(d); *see e.g., In re Lefrak*, 223 B.R. 431, 434 (Bankr. S.D.N.Y. 1998). The purpose of this section is to benefit the estate by permitting a

---

[3] For the purposes of applying title 11 in a SIPA liquidation, a reference to the petition date is deemed to be a reference to the filing date under SIPA – here, December 11, 2008. 15 U.S.C. §§ 78fff(b) and 78lll(7)(B).

trustee to assume beneficial contracts and leases and reject burdensome ones. *See Liona Corp. v. PCH Assocs. (In re PCH Assocs.)*, 804 F.2d 1983, 200 (2d Cir. 1986).

14. Section 365(d) strikes a balance between the interest of the Trustee in liquidating the estate in a commercially reasonable manner and the interests of the parties to the executory contracts and certain leases who may want a prompt resolution of their rights and remedies. *See In re Telemark Management Co., Inc.*, 51 B.R. 623, 625 (Bankr. W.D. Wis. 1984).

15. Cause exists to grant the Extension Request to avoid inadvertent forfeiture as a result of the "deemed rejected" language found in section 365 of the Bankruptcy Code. *See, e.g., Lefrak*, 223 B.R. at 434. The Trustee has made significant progress in assessing the Debtor's business and determining which contracts and leases are in the best interest of the Debtor's estate to assume or reject. However, given the complex nature of this extremely large case, certain limitations to access of the Debtor's books and records and the loss of Debtor's employees as a source of information, the Trustee needs additional time to complete this analysis to provide the estate with the full benefit of the Agreements. It is in the best interest of the Debtor's estate, customers and creditors to allow the Trustee additional time to access and review the relevant records and to determine whether the assumption or assignment of any of the Agreements would be beneficial to the estate.

16. Counterparties will not be prejudiced by this short extension as their rights to seek an order to shorten the Trustee's time to assume or reject any particular Agreement will be preserved. In addition, the landlord under the sole nonresidential real property lease has consented in writing to the extension of the deadline to assume or reject this lease through June 30, 2009.

17. In an abundance of caution, the Trustee also requests the immediate entry of a bridge order extending the time to assume or reject the Agreements from May 1, 2009 through and including the date of the hearing scheduled on this Motion.

## NOTICE

18. Notice of this Motion has been provided by U.S. mail, postage prepaid, or email to (i) all parties that have filed a notice of appearance in this case; (ii) SIPC; (iii) the SEC; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) those counter-parties to the Agreements listed on Exhibit A attached hereto (collectively, the "Notice Parties"). The Trustee submits that no other or further notice need be given.

**WHEREFORE**, the Trustee respectfully requests that the Court (a) enter an order substantially in the form attached hereto as Exhibit B, granting the relief requested herein; (b) immediately enter a bridge order substantially in the form attached hereto as Exhibit C, extending the assumption or rejection deadline through and including the date of the hearing scheduled for this Motion; and (c) grant such other and further relief to the Trustee as the Court deems proper.

Dated: New York, New York  
Respectfully submitted,  
May 1, 2009

/s/ Richard J. Bernard  
David J. Sheehan  
Marc Hirschfield  
Richard J. Bernard  
Alissa M. Nann  
Baker & Hostetler LLP  
45 Rockefeller Plaza  
New York, New York 10111  
Telephone: (212) 589-4200  
Facsimile: (212) 589-4201  

*Attorneys for Irving H. Picard, Esq., Trustee for the SIPA Liquidation of Bernard L. Madoff Investment Securities LLC*