Eric L. Lewis (EL 0038)
Email: eric.lewis@baachrobinson.com
BAACH ROBINSON & LEWIS PLLC
1201 F Street, N.W., Suite 500
Washington D.C. 20004
Tel:  202-833-8900
Fax: 202-466-5738

*Counsel for the Joint Provisional Liquidators*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

_____

|  |  |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | ) ) ) Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff, | ) ) ) |
| v. | ) SIPA Liquidation ) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | ) ) ) |
| Defendant. | ) ) |

_____)

**JOINT PROVISIONAL LIQUIDATORS' RESPONSE TO MOTION
FOR RULE 1014(b) TRANSFER OF RELATED PROCEEDING**

Stephen John Akers, Mark Richard Byers, and Andrew Laurence Hosking, appointed by the High Court of Justice in England as the Joint Provisional Liquidators (collectively, the "Liquidators") of Madoff Securities International Limited ("MSIL"), by their attorneys Baach Robinson & Lewis PLLC, respectfully submit this Response to the Motion for Rule 1014(b) Transfer of Related Proceeding filed by Blumenthal & Associates Florida General Partnership, Martin Rappaport Charitable Remainder Unitrust, Martin Rappaport, Marc Cherno, and Steven Morganstern (hereinafter, collectively, the "Movants") on April 21, 2009.

1

The transfer motion is highly irregular, to say the least. The Movants assert that they are creditors in the Bernard L. Madoff personal bankruptcy proceeding and have not intervened or alleged, let alone demonstrated, standing in this proceeding (which is related to, but not consolidated with, the personal bankruptcy proceeding). Their motion was made prior to entry of an Order for Relief in their own proceeding and without the support of the Trustee in this proceeding. The Motion also makes only conclusory—and questionable—averments concerning overlapping creditors, assets, and discovery as between this proceeding and the Chapter 15 proceeding, *In re Madoff Sec. Int'l Ltd.*, No. 09-16751-BKC-PGH (Bankr. S.D. Fla. filed April 14, 2009). And it is regrettable that the Movants chose to make their motion, which is premised on a notion of coordination, without advance notice to, or discussion with, the Liquidators.

The Liquidators brought the Chapter 15 petition in the Southern District of Florida primarily because they wished to pursue (i) an asset located in that district through an adversary proceeding, *Akers v. Madoff*, No. 09-01355 (Bankr. S.D. Fla. filed April 14, 2009), and (ii) discovery from one of MSIL's directors, Mr. Peter Madoff, who has a residence there.[1] Nevertheless, having considered the matter and consulted with the SIPA Trustee and the Provisional Trustee of the Bernard L. Madoff estate, the Liquidators would not oppose a transfer of the Chapter 15 Ancillary Case (No. 09-16751) to this District if the Court is inclined to grant such relief.[2] The Liquidators' efforts to

---

[1] The Liquidators understand that Peter Madoff is primarily residing in his residence in New York at this time and believe that the adversary proceeding (Adv. Case No. 09-01355) can continue in Florida if the Chapter 15 (Case No. 09-16751) is transferred. *See* 28 U.S.C. § 1412 (West 2008); *cf.* B.R. 7087 (adversary proceeding can be in separate venue from underlying proceeding).

[2] By filing this response and not opposing transfer the Liquidators do not intend to waive, but rather wish to preserve and assert, all rights and immunities provided and/or available to them by law including 11 U.S.C. § 1510 ("The sole fact that a foreign representative files a petition under section 1515 does not subject the foreign representative to the jurisdiction of any court in the United States for any other purpose.").

2

date have been uniformly directed at achieving coordination with the relevant court appointees and agencies in the United States, and the Liquidators can see the benefit of having the U.S. aspects of MSIL's asset recovery and discovery efforts supervised, on the basis of the comity afforded to foreign representatives by Chapter 15, by the same Court that is supervising the Bernard L. Madoff personal bankruptcy and this proceeding. The Liquidators do, however, have a specific and distinct job to do under the supervision of the English court and wish to emphasize that their non-objection to transfer is intended to facilitate coordination and not to suggest in any way that these or other creditors in the proceedings pending in this Court have an interest in the Chapter 15 proceeding.

The Movants have not sought transfer of the related adversary action (No. 09-01355) from the Southern District of Florida to this District. Because these are distinct legal proceedings, the Liquidators believe there is no action for the Court to take in respect of the adversary proceeding. Even if the proceeding were to be transferred to or were otherwise pending in this District, moreover, this Court would have the power to transfer it to the Southern District of Florida pursuant to 28 U.S.C. § 1412 and B.R. 7067, and, in view of the location of the asset and proceedings already on foot in that District, the Liquidators submit that leaving venue there is clearly the most efficient course. In any event, in order to avoid confusion, the Liquidators request that any order transferring the Chapter 15 ancillary case make it clear that the adversary action remains in the Southern District of Florida. A proposed order to this effect is attached for the convenience of the Court.

/ / /

/ / /

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | BAACH ROBINSON & LEWIS PLLC |
|  | /s/ Eric L. Lewis |
| Date: May 1, 2009 | Eric L. Lewis, Esq. (EL 0038)<br>1201 F Street N.W., Suite 500<br>Washington D.C. 20004<br>Tel: (202) 833-8900<br>Fax: (202) 466-5738 |
|  | *Counsel for the Joint Provisional Liquidators* |