Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Marc Hirschfield
Email: mhirschfield@bakerlaw.com
Keith R. Murphy
Email: kmurphy@bakerlaw.com

Hearing Date: May 6, 2009
Hearing Time: 10:00 a.m.
Objection Deadline: May 1, 2009

*Attorneys for Irving H. Picard, Esq.,*
*Trustee for the SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-1789 (BRL)<br><br>SIPA Liquidation |

**JOINT RESPONSE OF TRUSTEE IRVING H. PICARD AND THE**
**SECURITIES INVESTOR PROTECTION CORPORATION TO MOTION**
**FOR FED.R.BANKR.P. RULE 1014(b) TRANSFER OF RELATED PROCEEDING**

Irving H. Picard, trustee ("Trustee") for the liquidation of Bernard L. Madoff Investment

Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et

seq. ("SIPA")[1], and the Securities Investor Protection Corporation ("SIPC"), by their respective

counsel, respectfully submit this response to the Motion for Fed.R.Bankr.P. Rule 1014(b)

---
[1] For convenience, subsequent references to SIPA shall omit "15 U.S.C."

300010628.3

Transfer of Related Proceeding ("Motion") filed by Blumenthal & Associates Florida General Partnership, Martin Rappaport Charitable Remainder Unitrust, Martin Rappaport, Marc Cherno, and Steven Morganstern (collectively, the "Movants") for an order transferring In re Madoff Securities International Limited (Bankr. S.D. Fla.), No. 09-16751 ("MSIL Proceeding") to this Court, and state as follows:

1. As the Court is aware, it has long been, and it continues to be, the Trustee's paramount goal to maximize recoveries in order to compensate the victims of Bernard Madoff's ("Madoff") sordid scheme. In furtherance of that goal, the Trustee believes that it is appropriate to prevent duplication of effort, maximize efficiencies and minimize expenses that get deducted from potential recoveries to claimants. Further, to the extent possible, the possibility of inconsistent judicial decisions in the various parallel Madoff-related proceedings should be minimized. For these reasons, the Trustee and SIPC believe that it is appropriate to transfer the MSIL proceeding to this Court. If the MSIL Proceeding were transferred to this Court, common issues regarding discovery and other issues will be heard before a single court thereby helping to reduce administrative expense and ensure that the maximum possible recovery is realized for those who suffered losses because of Madoff's fraud.

2. The Trustee and the Joint Provisional Liquidators ("JPL") appointed for MSIL in England have been working cooperatively to achieve these goals. In connection with their efforts to marshal assets relating to Madoff, the JPL commenced the chapter 15 MSIL Proceeding in the United States Bankruptcy Court for the Southern District of Florida ("Florida Court") to recover a vintage luxury car from Peter Madoff.[2] The Trustee has determined that the

---

[2] The Trustee notes that the Florida Court's order recognizing the MSIL Proceeding as a foreign main proceeding was entered without the 20-day notice required pursuant to Federal Rule of Bankruptcy Procedure 2002(q)(1). The order recognizing the foreign proceeding was entered on the same date as the petition was filed. The Trustee also notes that the Florida Court's order provides that all persons and entities in possession or control of records or

300010628.3                                    2

funds used to purchase Peter Madoff's Aston Martin did not come directly from BLMIS.

3. While the commencement of the MSIL Proceeding in Florida was logical based on the location of the car, the Trustee and SIPC believe that transfer of the MSIL Proceeding to this Court will achieve greater administrative efficiency and judicial economy, thus helping the Trustee achieve his goal of maximizing value for the benefit of all of those defrauded.

4. The Trustee and SIPC note that, pursuant to section 1501(c)(3) of the Bankruptcy Code, a SIPA proceeding cannot be commenced as a Chapter 15 case.

---

information relating to funds, assets, liabilities, property or accounts, or any matter which may affect the liquidation of MSIL, must provide such information to the JPL upon demand. That broad subpoena power could impact the Trustee's ongoing investigation. While the Trustee does not expect the subpoena to be an issue, he nonetheless requests that he and his professionals be specifically exempted from that section of the order.

## **Conclusion**

The Trustee and SIPC support the transfer of the MSIL Proceeding to this Court.

Dated: New York, New York  
       May 1, 2009

Respectfully submitted,

  s/David J. Sheehan  
Baker & Hostetler LLP  
45 Rockefeller Plaza  
New York, New York 10111  
Telephone: (212) 589-4200  
Facsimile: (212) 589-4201  
David J. Sheehan  
Email: dsheehan@bakerlaw.com  
Marc Hirschfield  
Email: mhirschfield@bakerlaw.com  
Keith R. Murphy  
Email: kmurphy@bakerlaw.com

*Attorneys for Irving H. Picard, Esq.*  
*Trustee for the SIPA Liquidation of Bernard L.*  
*Madoff Investment Securities LLC*

  s/Kevin H. Bell  
Securities Investor Protection Corporation  
805 Fifteenth Street N.W., Suite 800  
Washington D.C. 20005  
Telephone: (202) 371-8300  
Facsimile:  (202) 371-6728  
Josephine Wang  
General Counsel  
Email: jwang@sipc.org  
Kevin H. Bell  
Senior Associate General Counsel  
   for Dispute Resolution  
Email: kbell@sipc.org