**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | Adv. Pro. No. 08-1789 (BRL)<br><br>SIPA Liquidation |
| In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | Chapter 7<br><br>No. 09-11893 (BRL) |

**ORDER SUBSTANTIVELY CONSOLIDATING THE ESTATE
OF BERNARD L. MADOFF INTO THE SIPA PROCEEDING
OF BERNARD L. MADOFF INVESTMENT SECURITIES LLC**

THIS MATTER having been presented to the Court upon the joint motion ("Motion") of the Securities Investor Protection Corporation ("SIPC") and Irving H. Picard ("Trustee"), as Trustee for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"), under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), for entry of an order pursuant to section 105(a), title 11 of the United States Code ("Bankruptcy Code"), Section 78fff(b) of SIPA and Rule 1015 of the Federal Rules of Bankruptcy Procedure, substantively consolidating the Chapter 7 estate of Bernard L. Madoff ("Madoff") with the estate of BLMIS; and the Court having considered the moving papers, and the arguments of counsel at a hearing on the Motion held on May 21, 2009; and after due deliberation and consideration of the facts and circumstances herein; and upon the record set forth in open Court, the contents of which are incorporated by reference herein; and it appearing that the relief requested is warranted and is in the best interests of the estate of BLMIS and the Chapter 7 estate of Madoff, the Court makes the

following findings and conclusions:

    A.    Notice of the Motion and the hearing thereon was given to (a) the Securities and Exchange Commission ("SEC"), (b) via the ECF filing, all parties in interest who have filed a notice of appearance or request to receive notices and pleadings in the BLMIS liquidation proceeding, (c) Madoff, through his counsel, (d) the Chapter 7 trustee for the estate of Madoff, (e) via the ECF filing, all parties in interest who have filed a notice of appearance or request to receive notices and pleadings in the Madoff Chapter 7 proceeding, and (f) the known creditors of Madoff, including the Petitioners (as defined in the Motion), and such notice is adequate and sufficient under the circumstances, and no further notice of the relief requested in the Motion or the relief granted hereunder need be given.

    B.    On December 11, 2008 (the "Filing Date"), the SEC filed a complaint in the United States District Court for the Southern District of New York (the "District Court") against defendants Bernard L. Madoff and BLMIS (together, the "Defendants") (Case No. 08 CV 10791). The complaint alleged that the Defendants engaged in fraud through investment advisor activities of BLMIS.

    C.    On December 15, 2008, pursuant to section 78eee(a)(4)(A) of SIPA, the SEC consented to a combination of its own action with an application of SIPC. Thereafter, pursuant to section 78eee(a)(3) of SIPA, SIPC filed an application in the District Court alleging, inter alia, that BLMIS was not able to meet its obligations to securities customers as they came due and, accordingly, its customers needed the protection afforded by SIPA. Also on that date, the Trustee was appointed and the proceeding was removed to this Court.

    D.    On April 10, 2009, the District Court entered an order modifying article V of the Order on Consent Imposing Preliminary Injunction, Freezing Assets and Granting Other Relief

Against Defendants dated December 18, 2008, to allow the Petitioners to file an involuntary bankruptcy petition against Madoff (the "Petition").

E. On April 13, 2009, the Petition was filed with the Bankruptcy Court for the Southern District of New York, and the case is being administered before this Court. Thereafter, on April 21, 2009, the United States Trustee filed a Notice to Interim Trustee of Appointment, appointing Alan Niesselson, Esq., as interim trustee.

F. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and Section 78eee(b)(4) of SIPA. Venue in this district of the case and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This Motion is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E) and (O).

G. Substantive consolidation of the Chapter 7 estate of Madoff into the estate of BLMIS is appropriate based upon the unity of interest between Madoff and BLMIS, the transfer and commingling of assets and the intertwined financial affairs generally between the two entities, as more fully set forth in the Affidavit of Michael Slattery, Jr. dated as of May 5, 2009 (the "Affidavit"), and the supporting Memorandum of Law filed simultaneously therewith.

H. The benefits of the proposed substantive consolidation outweigh any harm to customers or creditors of BLMIS's estate, or the creditors of Madoff, and, as more fully set forth in the Affidavit and the Memorandum of Law, and on the record at the hearing, the proposed substantive consolidation will ensure the equitable treatment of all creditors of the two entities.

**NOW, THEREFORE,** it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

1. The Motion is granted in its entirety.

2. All objections filed to the Motion are overruled in their entirety and on the merits.

3. Under 11 U.S.C. §105(a), the Madoff Chapter 7 proceeding be, and hereby is, substantively consolidated for all purposes into the SIPA liquidation of BLMIS, and all assets and

liabilities of Madoff be deemed consolidated into the SIPA proceeding of BLMIS and the combined estate will be administered by the Trustee in accordance with SIPA and the Bankruptcy Code under the jurisdiction of this Court.

4. The Trustee is authorized to pursue claims on behalf of the consolidated estate as the representative of and fiduciary for the SIPA proceeding of BLMIS and Madoff and their combined estates, and as subrogee and assignee of creditors' claims for, among other things, the avoidance and recovery of transferred property.

5. Any claim filed against BLMIS and/or Madoff shall be treated as a claim against the consolidated estate and any obligation of BLMIS and/or Madoff shall be deemed to be an obligation of the consolidated estate, and that all duplicate claims or obligations are hereby expunged.

6. All future documents shall be docketed in the consolidated proceeding, case number 08-01789 (BRL).

7. The caption of the substantively consolidated estates shall be, and all docket entries shall read as follows:

---------------------------------------------------------------x
SECURITIES INVESTOR PROTECTION
CORPORATION,                                              Adv. Pro. No. 08-01789 (BRL)

    Plaintiff-Applicant,
                                                SIPA Liquidation
    v.
                                                (Substantively Consolidated)
BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

    Defendant.
---------------------------------------------------------------x
In re:

BERNARD L. MADOFF,

    Debtor.
---------------------------------------------------------------x

8. The Trustee is authorized, without further order of this Court, to take such actions and sign such documents as may be necessary to implement and effectuate this Order.

9. Based on the substantive consolidation of the Chapter 7 estate of Madoff into the SIPA Proceeding of BLMIS, the Chapter 7 trustee for Madoff is hereby relieved of his duties as Chapter 7 trustee, and he shall make all records, information and assets collected to date available to the Trustee.

10. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

11. The Clerk of the Court is hereby direct to enter this Order on the dockets of the SIPA liquidation (Adv. Pro. No. 08-1789 (BRL)) and the Madoff Chapter 7 proceeding (Case No. 09-11893 (BRL)).

Dated: New York, New York
      May __, 2009

                                               HONORABLE BURTON R. LIFLAND
                                               UNITED STATES BANKRUPTCY JUDGE