# EXHIBIT 4

## UNSECURED PROMISSORY NOTE

Dated: December 12, 2007

**Principal Amount:**            $9,000,000.00

**Maturity Date:**            December 31, 2012

**Interest Rate:**            Four and Thirteen (4.13%) percent per annum to be computed an actual 365-day basis (i.e., interest for each day during which any of the Principal Amount is outstanding shall be computed at the Interest Rate divided by 365).

**FOR VALUE RECEIVED, I, PETER B. MADOFF,** hereinafter referred to as the "Maker", residing at 34 Pheasant Run, Old Westbury, NY 11560, do hereby covenant and promise to pay to **BERNARD L. MADOFF**, her successors and assigns (the "Payee") at 885 Third Avenue, New York, N.Y. 10022, or at such other place as the Payee may designate to the Maker in writing from time to time, the Principal Amount or so much thereof as may be advanced together with interest at the Interest Rate on the Principal Amount on the Maturity Date when the outstanding Principal Amount together with all accrued and unpaid interest due under this Note shall be immediately due and payable.

All payments under this Note shall be applied first to the payment of interest at the Interest Rate, then to any other sums or charges then due, with any amount remaining thereafter to be applied to the reduction of the Principal Amount.

All sums payable hereunder shall be paid by check or money order and shall be payable without relief or benefit of any valuation, stay, appraisement, extension or redemption laws now or hereafter existing. At Payee's option, payments shall be made by federal wire transfer to an account designated by Payee at Payee's sole cost and expense.

In the event of any default under the terms of this Note, which is not cured after 15 days written notice to the Maker at the property address by certified mail return receipt requested, the entire unpaid principal balance together with all other sums due thereunder and hereunder shall, at the election of Payee, immediately become due and payable notwithstanding the Maturity Date set forth herein.

Time is of the essence as to all dates set forth herein, provided, however, that whenever any payment to be made under this Note shall be stated to be due on a Saturday, Sunday or a public holiday or the equivalent for banks generally under the laws of the State of New York (any

other day being a "Business Day") such payment may be made on the next succeeding Business Day and such extension of time shall be included in the computation of the payment of interest. If the said repayment of the principal sum is not paid in full at the earlier of the Maturity Date or an event by which under the terms of the Loan Documents said principal shall become due and payable, then the amount of the principal sum shall bear interest from the due date to the actual date of payment (whether such payment is made voluntarily or as a result of foreclosure or other legal process) at the rate of two (2%) percent per month computed from the said due date to the date of actual payment (the "Default Rate").

This note and every covenant and agreement herein contained shall be binding upon Maker and his successors and any permitted assigns, and shall inure to the benefit of Payee.

Nothing in this Note shall require Maker to pay or Payee to accept, interest in an amount which would subject Payee to any penalty or forfeiture under applicable law. In no event shall the total of all charges payable hereunder, whether of interest or of such other charges which may or might be of interest or of such other charges which may or might be characterized as interest, exceed the maximum rate permitted to be charged borrowers such as Maker under applicable law. Should Payee receive any payment which is or would be in excess of that permitted to be charged under such applicable law, such payment shall have been, and shall be deemed to have been made in error and shall automatically be applied to reduce the principal balance outstanding on this Note.

The parties hereto intend and believe that each provision in this Note comports with all applicable local, state and federal laws and judicial decisions. However, if any provision or provisions, or if any portion of any provision or provisions, in this Note is found by a court of law to be in violation of any applicable local, state or federal ordinance, statute, law, administrative or judicial decision, or public policy, and if such court should declare such portion, provision or provisions of this Note to be illegal, invalid, unlawful, void or unenforceable as written, then it is the intent of all parties hereto that such portion, provision or provisions shall be given force to the fullest possible extent that they are legal, valid and enforceable, that the remainder of this Note shall be construed as if such illegal, invalid, unlawful, void or unenforceable portion, provision or provisions were not contained therein and that the rights, obligations and interest of Maker and the Payee or the holder hereof under the remainder of this Note shall continue in full force and effect.

This Note may be prepaid in whole or in part without penalty upon not less than ten (10) days prior written notice from Maker to Payee.

This Note may not be changed orally, but only by an agreement in writing, signed by the party against whom enforcement of any waiver, change, modification or discharge is sought.

Should the indebtedness, represented by this Note or any part thereof be collected at law or in equity, or in bankruptcy, receivership or any other court proceeding (whether at the trial or

2

appellate level), or should this Note be placed in the hands of attorneys for collection upon default, the Maker agrees to pay, in addition to the principal, interest, advances, late charges and other sums due and payable hereon, all costs of collecting or attempting to collect this Note, including reasonable attorneys' fees and expenses.

All parties now or hereafter liable with respect to this Note, whether Maker, principal, surety, guarantor, endorse or otherwise, hereby severally waive presentment for payment, demand, notice of nonpayment or dishonor, protest and notice of protest. No failure to accelerate the indebtedness evidenced hereby, acceptance of a past due installment following the expiration of any cure period provided by this Note or applicable law, or indulgences granted from time to time shall be construed (i) as a novation of this Note or as a reinstatement of the indebtedness evidenced hereby or as a waiver of such right of acceleration or of the right of the Payee thereafter to insist upon strict compliance with the terms of this Note, or (ii) to prevent the exercise of such right of acceleration or any other right granted hereunder or by the laws of the State of New York. Maker hereby expressly waives the benefit of any statute or rule of law or equity now provided, or which may hereafter be provided, which would produce a result contrary to or in conflict with the foregoing.

The Payee shall not by any act, delay, omission or otherwise be deemed to have waived any rights or remedies hereunder. No waiver shall be valid unless signed by Payee. Any waiver by Payee on any occasion shall not bar any right or remedy which Payee would otherwise have had on any future occasion. No executory agreement unless signed by Payee, and no course of dealing between the Maker and Payee, shall be effective to modify or discharge, in whole or in part, this Note. All rights and remedies of Payee shall be cumulative and may be exercised singly or concurrently. Terms of this Note may not be waived, modified or extended in any respect without the written consent of the Payee.

No release of any security for the indebtedness under this Note, if any, or any extension of time for payment of any installment of principal or interest, or an alteration, amendment or waiver of any provision of this Note, between Payee and any other person or party, shall release, modify or affect the liability of the Maker under this Note.

Maker hereby expressly and unconditionally waives, in connection with any suit, action or proceeding brought by Payee on this Note, any and every right it may have to (i) injunctive relief, (ii) a trial by jury, (iii) interpose any set-off or counterclaim therein and (iv) have the same consolidated with any other action or proceeding. Nothing herein contained shall prevent or prohibit Maker from instituting or maintaining a separate action against Payee with respect to any asserted claim.

This Note is fully negotiable by Payee.

This Note is to be construed and enforced in accordance with the laws of the State of New York without giving effect to New York's principles of conflicts of law.

If more than one party executes this Note, the obligations hereunder shall be the joint and several obligations of the parties hereto.

**IN WITNESS WHEREOF**, the Maker has executed this Note on the day and year first above written.

WITNESSES:

PETER B. MADOFF

STATE OF NEW YORK          )
                           )
COUNTY OF NEW YORK         )

On the _18_ day of December in the year 2007 before me, the undersigned, personally appeared **PETER B. MADOFF**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

Notary Public

JEAN LARSEN
Notary Public, State of New York
No. 01LA5113015
Qualified in New York County
Commission Expires July 19, 20_08_

4



```
                        ┌─────────────────────────────────────┐
                        │ HSBC BANK USA, N.A.                   │
                        │                                       │
                        │ OUR REF # 346422395                   │
                        │ DATE: 12/DEC/2007                     │
                        │ FED RECEIVE CREDIT ADVICE             │
                        └─────────────────────────────────────┘
```

CREDIT A/C # D006103278    ┌─────────────────────┐         ML00171
REF:2922600346JO           │ ********$9,000,000.00 │
                           └─────────────────────┘

                                   REF:CAP OF 07/12/12
PETER B MADOFF                     RECEIVED VIA FEDERAL RESERVE BANK
885 3RD AVE                        OMAD: B1QGC07C005645
NEW YORK, NY 10022-4834

                                   JPMORGAN CHASE BANK, NA
                                   NEW YORK, NY


REMITTER INFORMATION:ORG=A/C-140081703, BERNARD L MADOFF, 885 THIRD AVENUE 18TH
FLOOR, ATTN TONY TILETNICK, NEW YORK NY 10022-4834,



BENEFICIARY INFORMATION:BNF=A/C-006103278, PETER B MADOFF, 885 3RD AVE, NEW YORK
  NY 10022-4834,



    HSBC Bank USA
```

18-Dec-08

18Dec08-344

**JPMorganChase** ⬤

December 01, 2007 -
December 31, 2007

Page 19 of 52

Account Number
000000140081703

BERNARD L MADOFF INVESTMENT SECURITIES



## Commercial Checking
(continued)

## Activity

| Ledger Date | Value Date | Description | Debit | Amount |
|---|---|---|---|---|
| 12/12 | | FEDWIRE DEBIT VIA: HSBC USA/021001088 A/C: PETER B. MADOFF IMAD: 1212B1OGC07C005645 TRN: 2922600346J0 YOUR REF: FNADF | $9,000,000.00 | |
| 12/12 | | BOOK TRANSFER DEBIT A/C: 000000D0099999651 ORG: BERNARD L. MADOFF 88 5 THIRD AVENUE NE BEN/028560005 JEROME & ANNE C. FISHER REF: TELEBEN TRN: 1339600346J0 YOUR REF: JODI | $1,500,000.00 | |
| 12/12 | | FEDWIRE DEBIT VIA: WACHOVIA BK NA FL/063000021 A/C: FIRST UNION BANK ABA-067006432 BEN: LICKY CO. PALM BEACH, FL 33480-3948 REF: TELEBEN IMAD: 1212B1OGC04C002677 TRN: 1339700346J0 YOUR REF: JODI | $600,000.00 | |
| 12/12 | | JP MORGAN CHASE & CO DEP TAKEN A/C: BERNARD L MADOFF 10922 REF: TO ESTABLISH YOUR DEPOSIT FR 071212 TO 071213 RATE 4.1564 TRN: 0724600459AN YOUR REF: N00291657512120701 | $120,000,000.00 | |
| 12/12 | | FUNDING XFER TO 00630142B151509 TRN: 018000024368F | $2,271,738.57 | |
| 12/12 | | PURCHASE OF SECURITIES GIS REF: T307346B5QA CUSTODY ACT: G 13414 PURC TD: 12/12/07 SETTLE DATE: 12/12/07BK0: NATIONAL FINL SVCS CORP UNITS: 50,000,000.00 CUSIP NO: 912795D57 UNITED STATES TREASURY BILLS US TRE TRN: 0000120557ST | $49,586,305.56 | |
| 12/12 | | PURCHASE OF SECURITIES GIS REF: T307346B5QV CUSTODY ACT: G 13414 PURC TD: 12/12/07 SETTLE DATE: 12/12/07BK0: NATIONAL FINL SVCS CORP UNITS: 50,000,000.00 CUSIP NO: 912795D57 UNITED STATES TREASURY BILLS US TRE TRN: 0000120538ST | $49,586,305.56 | |
| 12/12 | | PURCHASE OF SECURITIES GIS REF: T307346B5RK CUSTODY ACT: G 13414 PURC TD: 12/12/07 SETTLE DATE: 12/12/07BK0: NATIONAL FINL SVCS CORP UNITS: 50,000,000.00 CUSIP NO: 912795D57 UNITED STATES TREASURY BILLS US TRE TRN: 0000120656ST | $49,586,305.56 | |
| 12/12 | | PURCHASE OF SECURITIES GIS REF: T307346B5RS CUSTODY ACT: G 13414 PURC TD: 12/12/07 SETTLE DATE: 12/12/07BK0: NATIONAL FINL SVCS CORP UNITS: 50,000,000.00 CUSIP NO: 912795D57 UNITED STATES TREASURY BILLS US TRE TRN: 0000120657ST | $49,586,305.56 | |
| 12/12 | | END-OF-DAY INVESTMENT SWEEP TO JPMORGAN CHASE & CO COMMERCIAL PAPER. CPSWP121207 . YOUR REF: 31Y9996699346 | $13,748,076.00 | |
| 12/12 | | CLOSING LEDGER BALANCE | *** Balance *** | $219,259.21 |
| 12/12 | | CLOSING COLLECTED BALANCE | *** Balance *** | $.21 |
| 12/13 | | REDEMPTION OR CALL GIS REF: T307347ABIE CUSTODY ACT: G 13414 REDM TD: 12/13/07 SETTLE DATE: 12/13/07BK0: REDEMPTIONS UNITS: 300,000,000.00 CUSIP NO: 912795B867 UNITED STATES TREASURY BILLS UNITED TRN: 0000077685ST | | $300,000,000.00 |
| 12/13 | | RETURN OF PRINCIPAL - END-OF-DAY SWEEP JPMORGAN CHASE & CO COMMERCIAL PAPER. CPSWP121207 . TRN: 3462003076XN YOUR REF: 31Y9996699346 | | $13,748,076.00 |