# EXHIBIT 17

s 12050   Carl Hiby

## NEW JERSEY ASSOCIATION OF REALTORS®
## STANDARD FORM OF REAL ESTATE CONTRACT
©1996 New Jersey Association of REALTORS®, Inc.

THIS FORM MAY BE USED ONLY IN THE SALE OF A ONE TO FOUR FAMILY RESIDENTIAL PROPERTY OR VACANT ONE FAMILY LOTS. THIS FORM IS SUITABLE FOR USE ONLY WHERE THE SELLER HAS PREVIOUSLY EXECUTED A WRITTEN LISTING AGREEMENT.

THIS IS A LEGALLY BINDING CONTRACT THAT WILL BECOME FINAL WITHIN THREE BUSINESS DAYS. DURING THIS PERIOD YOU MAY CHOOSE TO CONSULT AN ATTORNEY WHO CAN REVIEW AND/OR CANCEL THE CONTRACT. SEE SECTION ON ATTORNEY REVIEW FOR DETAILS.

### CONTRACT OF SALE

**1. PURCHASE AGREEMENT AND PROPERTY DESCRIPTION:**

Judith G. Bowen and JoAnn Crupi _____, Buyer,

whose address is 416 Grove Street, Westfield, N.J. 07090

AGREES TO PURCHASE FROM _____, Seller,

Elizabeth A. Nelson

whose address is 1081 Barnegat Lane, Mantoloking, N.J. 08738

THROUGH THE BROKER(S) NAMED IN THIS AGREEMENT AT THE PRICE AND TERMS STATED BELOW, THE FOLLOWING PROPERTY:

Property Address: 1081 Barnegat Lane, Mantoloking, N.J. 08738
Shown on the municipal tax map of MANTOLOKING
County OCEAN                                  Approximate size of lot 50 x 105
As Lot  33    Block  21

THE WORDS "BUYER" AND "SELLER" INCLUDE ALL BUYERS AND SELLERS LISTED ABOVE.

**2. PURCHASE PRICE: THE TOTAL PURCHASE PRICE IS:**  $2,225,000.00

**3. MANNER OF PAYMENT:**
(A) Deposit paid by Buyer on signing of this Agreement of ☒ Listing Broker or ☐ Participating  $ 5,000.00
Broker, by ☐ cash or ☐ check, for which this is a receipt.

(B) Additional deposit to be paid by Buyer on or before 10 Days from attorney(sic) $ 430,000.00
All deposit monies paid by the Buyer shall be held in escrow in the NON-INTEREST BEARING
TRUST ACCOUNT of Donnelly Real Estate , Escrowee, until closing of sale, at which time all monies shall be paid over to the Seller. The deposit monies shall not be paid over to the Seller prior to the closing of title, unless agreed to in writing by both the Buyer and Seller. In the event the Buyer and Seller cannot agree on the disbursement of these escrow monies, the Escrowee may place the deposit monies in Court requesting the Court to resolve the dispute.

(C) IF PERFORMANCE BY BUYER IS CONTINGENT UPON OBTAINING A MORTGAGE.  N/A
The Buyer agrees to apply immediately for a mortgage loan through any lending institution of the Buyer's choice or the office of the Listing Broker or the Participating Broker. The application shall be furnished by the Buyer in writing on an application form prescribed by the lending institution to which the application shall be submitted. Buyer shall also furnish, in a timely manner, such other documents and information as is usually required by said lending institution. Failure of Buyer to comply with the foregoing, in good faith, shall be deemed a breach of this Contract of Sale. The amount of mortgage loan required by the Buyer is $ ___0___ and will be what is commonly known as the ☐ (F.H.A.)  N/A
☐ (V.A.) ☐ (Conventional) ☐ (A.R.M.) ___ year direct reduction plan with interest at not more than ___% and interest than ___ Points. Buyer agrees to pay not more than ___ Points. Seller agrees to pay not more than ___ Points. IF THE MORTGAGE LOAN HAS NOT BEEN ARRANGED, OR IF THE BUYER HAS NOT NOTIFIED SELLER OF BUYER'S DECISION TO COMPLETE THE TRANSACTION WITHOUT OBTAINING A MORTGAGE COMMITMENT, ON OR BEFORE _____ (Date) THEN EITHER BUYER OR SELLER MAY VOID THIS AGREEMENT BY WRITTEN NOTICE TO THE OTHER PARTY. The method of notifying the other party shall be in accordance with Section 23 of this Agreement.  $ N/A

(D) BALANCE OF PURCHASE PRICE.
The balance of the purchase price shall be paid by cash, certified check or Attorney's Trust Account check on delivery of a Bargain & Sale (C.V.G.) (Type of Deed). Title to the Property will be free from all claims or rights of others, except as described in Sections 6, 7 and 8 of this Agreement. The deed shall contain the full legal description of the Property. Payment of the balance of the purchase price by Buyer and delivery of the deed and affidavit of title by Seller occur at the "Closing." The Closing will take place on or before June 30, 1999, at the office of ___to be determined___ or such other place as the Seller and the Buyer may agree.    $1,789,000.00

to be determined on or before 1/29/00

TOTAL PURCHASE PRICE:    $2,225,000.00

Buyer's Initials: JGC
Seller's Initials: EAN

NJAR Form-118-3/96 Page 1 of 9  Donnelly Real Estate

000005

**BUYER FINANCIALLY ABLE TO CLOSE:**
Buyer represents that Buyer has sufficient cash available (together with the mortgage referred to in Section 3) to complete this purchase.

**ACCURATE DISCLOSURE OF SELLING PRICE:**
The Buyer and Seller certify that this Contract accurately reflects the gross sale price as indicated on the reverse (63) of this Contract. The Buyer and Seller UNDERSTAND AND AGREE that THIS INFORMATION SHALL BE DISCLOSED to the Internal Revenue Service as required by law.

**6. TENANTS, IF ANY:**
This sale is made subject to the following tenancies. The Seller warrants that these tenancies are not in violation of existing Municipal, County, State or Federal rules, regulations or laws.

NAME         LOCATION         RENT         SECURITY DEPOSIT         TERM

NONE

**7. QUALITY OF TITLE:**
This sale will be subject to easements and restrictions of record, if any, and such state of facts as an accurate survey might disclose. Generally, an easement is a right of a person other than the owner of Property to use a portion of the Property for a special purpose. A restriction is a recorded limitation on the manner in which a Property owner may use his/her/their Property. The Buyer does not have to complete the purchase, however, if any easement, restriction, or facts disclosed by an accurate survey would substantially interfere with the use of the Property for residential purposes. The sale will also be made subject to applicable zoning ordinances.
Title to the Property shall be good, marketable and insurable, at regular rates, by any title insurance company licensed to do business in the State of New Jersey, subject only to the claims and rights described in this section and in Section 6. Buyer agrees to order title insurance commitment (title search) and survey if necessary and to furnish copies to Seller. In the event Seller's title shall contain any exceptions other than as set forth in this paragraph, Buyer shall notify Seller and Seller shall have 30 days within which to eliminate those exceptions. If Seller cannot remove those exceptions, Buyer shall have the option to void this Contract or to proceed with closing of title without any reduction in the purchase price. If Buyer elects to void this Contract, so provided in the preceding sentence, the deposit money shall be returned to Buyer and Seller shall reimburse Buyer for search and survey expenses not exceeding _____ACTUAL_____ dollars.

**8. BUILDING AND ZONING LAWS:**
The Buyer intends to use the Property as a __single__ family home. The Seller states, to the best of the Seller's knowledge, that this use does not violate any applicable zoning ordinance, building code or other law. The Seller will pay for and obtain Certificate of Occupancy, Certificate of Land Use Compliance or other similar document required by law and will arrange and pay for all inspections required to obtain such document. SELLER AGREES TO CORRECT ALL VIOLATIONS, AT THE SELLER'S OWN EXPENSE, PRIOR TO THE CLOSING OF TITLE.

**9. ITEMS INCLUDED IN SALE:**
Gas and electric fixtures, cooking ranges and ovens, hot water heaters, linoleum, T.V. antenna, screens, storm sash, shades, blinds, awnings, radiator covers, heating apparatus and sump pump, if any, except where owned by tenants, are included in this sale. All of the appliances shall be in working order as of the closing of title. This provision shall not survive closing of title. This means that the Seller DOES NOT GUARANTEE the condition of the appliances AFTER the deed and affidavit of title have been delivered to the Buyer at the "Closing". The following items are also specifically included:

See MLS # 20820929

**10. ITEMS EXCLUDED FROM SALE:**

See MLS # 20820929

**11. ASSESSMENTS:**
All confirmed assessments and all unconfirmed assessments which may be imposed by the municipality for public improvements which have been completed as of the date of Closing are to be paid in full by the Seller or credited to the Buyer at the Closing. A confirmed assessment is a lien (legal claim) against the Property. An unconfirmed assessment is a potential lien (legal claim) which, when approved by the appropriate governmental body, will become a legal claim against the Property.

**12. FINAL INSPECTION:**
Seller agrees to permit the Buyer or the Buyer's duly authorized representative to examine the interior and exterior of the Property at any reasonable time immediately before Closing.

**13. NEW JERSEY HOTEL AND MULTIPLE DWELLING HEALTH AND SAFETY ACT:**
If the New Jersey Hotel and Multiple Dwelling Health and Safety Act applies to the Property, the Seller represents that the Property complies with the requirements of the Act.

**14. NO ASSIGNMENT:**
This Agreement shall not be assigned without the written consent of the Seller. This means that the Buyer may not transfer to anyone else his/her/their rights under this Agreement to buy the Property.

Buyer's Initials: JC        Seller's Initials: EAN

**15. RISK OF LOSS:**
The risk of loss or damage to the Property by fire or otherwise, except ordinary wear and tear, is on the Seller until the Closing.

**16. ADJUSTMENTS AT CLOSING; RIGHTS TO POSSESSION:**
Rents, water charges, sewer charges, real estate taxes, interest on any existing mortgage to be assumed by Buyer and fuel are to be apportioned as of the date of actual closing of title. The Buyer shall be entitled to possession of the Property and any rents or profits from the Property, immediately upon the delivery of the deed and closing of title. The Seller shall have the privilege of paying off any person with a claim or right affecting the Property from the proceeds of this sale at the time of Closing.

**17. MAINTENANCE AND CONDITION OF PROPERTY:**
The Seller agrees to maintain the grounds, buildings and improvements, in good condition, subject to ordinary wear and tear. The premises shall be in "broom clean" condition and free of debris on the date of Closing. Seller represents that all electrical, plumbing, heating and air conditioning systems (if applicable), together with all fixtures included within the terms of this Agreement now work and shall be in proper working order at the time of Closing. Seller further states, that to the best of Seller's knowledge, there are currently no leaks or seepage in the roof, walls or basement. UNLESS OTHERWISE INDICATED IN THE ADDITIONAL CONTRACTUAL PROVISIONS SECTION (Section 35) OF THIS AGREEMENT, ALL REPRESENTATIONS AND/OR STATEMENTS MADE BY THE SELLER, IN THIS SECTION, SHALL NOT SURVIVE CLOSING OF TITLE. This means that the Seller DOES NOT GUARANTEE the condition of the premises AFTER the deed and affidavit of title have been delivered to the Buyer at the "Closing".

**18. LEAD-BASED PAINT DOCUMENT ACKNOWLEDGMENT:** (Applies to dwellings built before 1978)
Buyer acknowledges receipt of the EPA pamphlet entitled "Protect Your Family From Lead In Your Home." Moreover, a copy of a document entitled "Disclosure of Information and Acknowledgment Lead-Based Paint and Lead-Based Paint Hazards" has been fully completed and signed by Buyer, Seller and Broker(s) and is appended to this Agreement as Addendum "A" and is part of this Agreement.

**19. LEAD-BASED PAINT AND/OR LEAD-BASED PAINT HAZARD CONTINGENCY CLAUSE:**
(This paragraph is applicable to all dwellings built prior to 1978. The law requires that unless the Buyer and Seller agree to a longer or shorter period, Seller must allow Buyer a ten-day (10) period within which to complete an inspection and/or risk assessment of the Property. Buyer, however, has the right to waive this clause in its entirety.)
This Agreement is contingent upon an inspection and/or risk assessment (the "Inspection") of the Property by a certified inspector/risk assessor for the presence of lead-based paint and/or lead-based paint hazards. The inspection shall be ordered and obtained by the Buyer at the Buyer's expense, within ten (10) calendar days after the termination of the Attorney Review period set forth in Section 24 of this Agreement (the "Completion Date"). If the Inspection indicates that no lead-based paint or lead-based paint hazard is present on the Property, this contingency clause shall be deemed to be null and void. If the Inspection indicates that lead-based paint or lead-based paint hazard is present on the Property, this contingency clause will terminate at the time set forth above, unless within (3) days from the Completion Date, the Buyer delivers a copy of the inspection and/or risk assessment report to the Seller and Broker(s) and (a) advises Seller and Broker(s) in writing that Buyer is voiding this Agreement; or (b) delivers to Seller and Broker(s) a written amendment (the "Amendment") to this Agreement listing the specific existing deficiencies and corrections required by the Buyer. The Amendment shall provide that the Seller agrees to (a) correct the deficiencies; and (b) furnish the Buyer with a certification from a certified inspector/risk assessor that the deficiencies have been corrected, before the date of Closing. The Seller shall have ___7___ days after receipt of the Amendment to sign and return it to Buyer or send a written counter-proposal to Buyer. If Seller does not sign and return the Amendment or fails to offer a counter-proposal, this Agreement shall be null and void. In the event Seller offers a counter-proposal, Buyer shall have ___X___ days after receipt of the counter-proposal to accept it. If the Buyer fails to accept the counter-proposal within the time limit provided, this Agreement shall be null and void.

**20. INSPECTION CONTINGENCY CLAUSE:**
(a) Responsibilities of Home Ownership
The Buyer and Seller acknowledge and agree that because the purchase of a home is one of the most significant investments a person can make in a lifetime, all aspects of this transaction require considerable analysis and investigation by Buyer before closing title to the Property. While the Broker(s) and Salesperson(s) who are involved in this transaction are licensed as licensees under the License Law of the State of New Jersey, they readily acknowledge that they have had no special training or experience with respect to the complexities pertaining to the multitude of structural, topographical and environmental characteristics of the Property. For example, and not by way of limitation, the Broker(s) and Salesperson(s) have no special training, knowledge or experience with regard to discovering and/or evaluating physical defects including structural defects, roof, basement, mechanical equipment such as heating, air conditioning, electrical systems, sewage, plumbing, carbon dioxide, termites and other types of insect infestations or damage caused by such infestation. Moreover, the Broker(s) and Salesperson(s) similarly have no special training, knowledge or experience with regard to evaluation of possible environmental conditions which might affect the Property pertaining to the dwelling such as the existence of radon gas, formaldehyde gas, airborne asbestos fibers, toxic chemicals, underground storage tanks, lead, mold or other pollutants in the soil, air or water.

(b) Radon Testing, Reports and Mitigation
(Radon is a radioactive gas which results from the natural breakdown of uranium in soil, rock and water. It has been found in homes all over the United States and is a carcinogen. For more information on radon go to www.epa.gov/iaq/radon/pubs/hmbyguid.html or www.nj.gov/dep/rpp/radon or call the NJ Radon Hotline at 1-800-648-0394 or 1-609-984-5425.
If the Property has been tested for radon prior to the date of this Agreement, Seller agrees to provide to the Buyer, at the time of the execution of this Agreement, a copy of the result of the radon test(s) and evidence of

subsequent radon mitigation or treatment of the Property. In any event, Buyer shall have the right to conduct a radon inspection/test as provided and subject to the conditions set forth in subparagraph (C) below. If any test results furnished or obtained by Buyer indicate a concentration level of 4 picocuries per liter (4.0 pCi/L) or more in the subject dwelling, Buyer shall then have the right to void this Agreement by notifying the Seller in writing within seven (7) calendar days of the receipt of any such report. For the purposes of this Paragraph 10, Seller and Buyer agree that in the event a radon gas concentration level in the subject dwelling is determined to be less than 4 picocuries per liter (4.0 pCi/L) without any remediation, such level of radon gas concentration shall be deemed to be an Acceptable Level ("Acceptable Level") for the purposes of this Agreement. Under these circumstances, the Seller shall be under no obligation to remediate, and this contingency clause as it relates to radon shall be deemed fully satisfied.

If the Buyer's qualified inspector reports that the radon gas concentration level in the subject dwelling is four picocuries per liter (4.0 pCi/L) or more, Seller shall have a seven (7) calendar day period after receipt of such report to notify Buyer in writing that the Seller agrees to remediate the gas concentration to an Acceptable Level (unless the Buyer has voided this Agreement as provided in the preceding paragraph). Upon such notification, the contingency in this Agreement which relates to radon shall be deemed fully satisfied. If Seller fails to notify Buyer of Seller's agreement to so remediate, such failure to so notify shall be deemed to be a refusal by Seller to remediate the radon level to an Acceptable Level, and Buyer shall then have the right to void this Agreement by notifying the Seller in writing within seven (7) calendar days thereafter. If Buyer shall fail to void this Contract within the seven (7) day period, the Buyer shall have waived his right to cancel this Contract, and this Contract shall remain in full force and effect, and Seller shall be under no obligation to remediate the radon gas concentration. If Seller shall agree to remediate the radon to an Acceptable Level, such remediation and associated testing shall be completed by Seller prior to the closing of title.

(c) Buyer's Rights To Inspections
The Buyer acknowledges that the Property is being sold in an "AS IS" condition and that this Agreement is entered into based upon the knowledge of the Buyer as to the value of the land and whatever buildings are upon the Property, and not on any representation made by the Seller, the named Broker(s) or their agents as to character or quality. Therefore, the Buyer, at the Buyer's sole cost and expense, is granted the right to have the dwelling and all other aspects of the Property, inspected and evaluated by "qualified inspectors" (as the term is defined in paragraph (f) below) for the purpose of determining the existence of any physical defects or environmental conditions such as referred to in this paragraph, such inspections must be completed, and written reports must be furnished to the Seller listed in Section 1 and Broker(s) listed in Section 26 of this Agreement within _____ calendar days after the end of the Attorney Review Period set forth in Section 24 of this Agreement. If Buyer shall fail to furnish such written reports to the Seller and Broker(s) within the time period specified in this paragraph, this contingency clause shall be deemed waived by Buyer, and the Property shall be deemed acceptable by Buyer. The time period for furnishing the inspection reports is referred to as the "Inspection Time Period."

(d) Responsibilities to Cure
If any physical defects, or environmental conditions (other than radon) are reported by the inspectors to the Seller within the Inspection Time Period, the Seller shall then have seven (7) calendar days after the receipt of such reports to notify the Buyer in writing that the Seller shall correct or cure any of the defects set forth in such reports. If Seller shall fail to notify Buyer of Seller's agreement to so cure and correct, such failure to so notify shall be deemed to be a refusal by Seller to cure or correct such defects. If Seller shall fail to agree to cure or correct such defects within said seven (7) day period, or if any part of the dwelling is found to be located within a flood hazard area, or if the environmental condition at the Property (other than radon) is incurable and is of such significance as to unreasonably endanger the health of the Buyer, the Buyer shall then have the right to void this Contract by notifying the Seller in writing within seven (7) calendar days thereafter. If Buyer shall fail to void this Contract within the seven (7) day period, the Buyer shall have waived his right to cancel this Contract and this Contract shall remain in full force, and Seller shall be under no obligation to cure or cure any of the defects set forth in the inspections. If Seller shall agree to correct or cure such defects, all such repair work shall be completed by Seller prior to the closing of title. Radon at the Property shall be governed by the provisions of Paragraph (b), above.

(e) Flood Hazard Area (Delete if not applicable)
Buyer acknowledges that the Property is within a flood hazard area, and Buyer waives Buyer's right to void this Agreement for such reason.

(f) Qualifications of Inspectors
Where the term "qualified inspector" is used in this Contract, it is intended to refer to persons who are licensed by the State of New Jersey for such purpose or who are regularly engaged in the business of inspecting residential properties for a fee and who generally maintain good reputations for skill and integrity in their area of expertise.

21. NOTICES:
All notices as required in this Contract must be in writing. All notices shall be by certified mail, by telegram, telefax or by delivering it personally. The telegram, certified letter or telefax will be effective upon sending. The personal delivery will be effective upon delivery to the other party. Notices to the Seller shall be addressed to the address that appears on line eleven (11) of this Contract. Notices to the Buyer shall be addressed to the address that appears on line five (5) of this Contract.

22. MEGAN'S LAW STATEMENT:
UNDER NEW JERSEY LAW, THE COUNTY PROSECUTOR DETERMINES WHETHER AND HOW TO PROVIDE NOTICE OF THE PRESENCE OF CONVICTED SEX OFFENDERS IN AN AREA. IN THEIR PROFESSIONAL CAPACITY, REAL ESTATE LICENSEES ARE NOT ENTITLED TO NOTIFICATION BY THE COUNTY PROSECUTOR UNDER MEGAN'S LAW AND ARE UNABLE TO OBTAIN SUCH INFORMATION FOR YOU. UPON CLOSING, THE COUNTY PROSECUTOR MAY BE CONTACTED FOR SUCH FURTHER INFORMATION AS MAY BE DISCLOSABLE TO YOU.

**23. NOTICE ON OFF-SITE CONDITIONS:** (Applicable to all resale transactions)
PURSUANT TO THE NEW RESIDENTIAL CONSTRUCTION OFF-SITE CONDITIONS DISCLOSURE ACT, P.L. 1995, C. 253, THE CLERKS OF MUNICIPALITIES OF NEW JERSEY MAINTAIN LISTS OF OFF-SITE CONDITIONS WHICH MAY AFFECT THE VALUE OF RESIDENTIAL PROPERTIES IN THE VICINITY OF THE OFF-SITE CONDITION. PURCHASERS MAY EXAMINE THE LISTS AND ARE ENCOURAGED TO INDEPENDENTLY INVESTIGATE THE AREA SURROUNDING THIS PROPERTY IN ORDER TO BECOME FAMILIAR WITH ANY OFF-SITE CONDITIONS WHICH MAY AFFECT THE VALUE OF THE PROPERTY. IN CASES WHERE A PROPERTY IS LOCATED NEAR THE BORDER OF A MUNICIPALITY, PURCHASERS MAY WISH TO ALSO EXAMINE THE LIST MAINTAINED BY THE NEIGHBORING MUNICIPALITY.

**24. ATTORNEY REVIEW CLAUSE:**
(1) *Study by Attorney*
The Buyer or the Seller may choose to have an attorney study this Contract. If an attorney is consulted, the attorney must complete his or her review of the Contract within a three-day period. This Contract will be legally binding at the end of this three-day period unless an attorney for the Buyer or the Seller reviews and disapproves of the Contract.

(2) *Counting the Time*
You count the three days from the date of delivery of the signed Contract to the Buyer and Seller. You do not count Saturdays, Sundays or legal holidays. The Buyer and the Seller may agree in writing to extend the three-day period for attorney review.

(3) *Notice of Disapproval*
If an attorney for the Buyer or the Seller reviews and disapproves of this Contract, the attorney must notify the REALTOR(S) and the other party named in this Contract within the three-day period. Otherwise this Contract will be legally binding as written. The attorney must send the notice of disapproval to the REALTOR(S) by certified mail, by telegram, or by delivering it personally. The telegram or certified letter will be effective upon sending. The personal delivery will be effective upon delivery to the REALTOR(S) Office. The attorney may also, but need not, inform the REALTOR(S) of any suggested revision(s) in the Contract that would make it satisfactory.

**25. ENTIRE AGREEMENT; PARTIES LIABLE:**
This Agreement contains the entire agreement of the parties. No representations have been made by any of the parties, the Broker(s) or his/her/their agents except as set forth in this Agreement. This Agreement is binding upon all parties who sign it and all who succeed to their rights and responsibilities.

**26. BROKER'S COMMISSION:**
The commission, as stated in the previously executed listing agreement, shall be due and payable at the time of actual closing of title and payment by Buyer of the purchase consideration for the Property. The Seller hereby authorizes and instructs the Buyer's attorney, or the Buyer's title insurance company or whomever is the disbursing agent to pay the full commission as set forth below to the below mentioned Broker/Brokers out of the proceeds of sale prior to the payment of any such funds to the Seller. Buyer consents to the disbursing agent making the said disbursements.

| | COMMISSION (IF ACTUAL COMMISSION DIFFERS FROM PREVIOUSLY EXECUTED LISTING AGREEMENT, LESS PARTICIPATING BROKER'S COMMISSION IF ANY) |
|---|---|
| Donnelly Real Estate LLC | |
| Listing Broker | 732 899-0200 |
| 523 Main Avenue, Bay Head, N.J. 08742 | 732 899-7236 ( FAX ) |
| Address and Telephone # | See MLS # 20820929 |
| N/A | Commission |
| Participating Broker | |
| N/A | |
| Address and Telephone # | |

**27. FAILURE OF BUYER OR SELLER TO SETTLE:**
In the event the Seller willfully fails to close title to the Property in accordance with this Contract, the Buyer may commence any legal or equitable action to which the Buyer may be entitled. In the event the Buyer fails to close title in accordance with this Contract, the Seller then may commence an action for damages it has suffered, and, in such case, the deposit monies paid on account of the purchase price shall be applied against such damages. In the event the Seller breaches this Contract, Seller will, nevertheless, be liable to the Broker for commissions in the amount set forth in this Contract.

**28. CONSUMER INFORMATION STATEMENT ACKNOWLEDGMENT:**
By signing below the sellers and purchasers acknowledge they received the Consumer Information Statement on New Jersey Real Estate Relationships from the brokerage firms involved in this transaction prior to the first showing of the property.

Buyer Initials: JC JCS    Seller Initials: EH

12:37p  Carl Hiby

1. **DECLARATION OF LICENSEE BUSINESS RELATIONSHIP(S):**

(a) ____Donnelly Real Estate____ , (name of firm) AND
____Carl E. Hiby____ (name(s) of licensee(s)), AS ITS AUTHORIZED REPRESENTATIVE(S), ARE WORKING IN THIS TRANSACTION AS (choose one) ☐ SELLER'S AGENTS ☐ BUYER'S AGENTS ☒ DISCLOSED DUAL AGENTS ☐ TRANSACTION BROKERS

(b) INFORMATION SUPPLIED BY ____Donnelly Real Estate____ (name of other firm) HAS INDICATED THAT IT IS OPERATING IN THIS TRANSACTION AS A (choose one) ☐ SELLER'S AGENT ☐ BUYER'S AGENT ☒ DISCLOSED DUAL AGENT ☐ TRANSACTION BROKER

31. **NEW CONSTRUCTION RIDER:**
If the property being sold consists of a lot and a detached single family home (the "House") to be constructed upon the lot by the Seller, the "Rider To Contract of Sale of Real Estate - New Construction" has been signed by Buyer and Seller and is appended to and made a part of this Agreement.

31. **PRIVATE WELL TESTING:**
(This section is applicable if the property's potable water supply is provided by a private well located on the property (or the potable water supply is a well that has less than 15 service connections or does not regularly serve an average of at least 25 individuals daily at least 60 days a year).)

Pursuant to the Private Well Testing Act (N.J.S.A. 58:12A-26 to 37) and regulations (N.J.A.C. 7:9E - 3.1 to 5.2), if this Contract is for the sale of real property whose potable water supply is provided from a private well and the analytical results of prior water tests no longer are valid, a test on the water supply must be performed by a laboratory certified by NJDEP. Seller agrees to procure the test, at Seller's sole cost and expense and to provide a copy of the test results to Buyer within seven (7) calendar days after receiving the report(s). Seller shall order the new test or, if applicable, provide Buyer with the valid prior water test within seven (7) calendar days after the end of the Attorney Review Period set forth in Section 24 of this Agreement. The test shall cover the parameters set forth in the Act and regulations. As required in the Act, prior to closing of title, Seller and Buyer shall each certify in writing that they have received and read a copy of the water test results.

If any of the water tests do not meet applicable standards at the time Seller provides the water test results to the Buyer, Seller shall notify Buyer, in writing, that Seller agrees to cure or correct said conditions in the water test results. If Seller shall fail to notify Buyer of Seller's agreement to cure or correct, such failure to so notify shall be deemed to be a refusal by Seller to cure or correct. If Seller shall fail to agree to cure or correct any of the conditions set forth in the water test results within seven (7) calendar days or if the condition is incurable and is of such significance as to unreasonably endanger the health of the Buyer, the Buyer shall then have the right to void this Contract by notifying the Seller in writing within seven (7) calendar days thereafter. If Buyer shall fail to void this Contract within the seven (7)-day period, the Buyer shall have waived his right to cancel this Contract and this Contract shall remain in full force, and the Seller shall be under no obligation to correct or cure any of the conditions set forth in the water test results. If Seller shall agree to correct or cure such conditions, all such remediation shall be completed by Seller prior to the closing of title.

32. **MEGAN'S LAW REGISTRY:**
Buyer is notified that New Jersey law establishes an Internet Registry of Sex Offenders that may be accessed at WWW.NJ.GOV.

33. **SMOKE DETECTORS, CARBON MONOXIDE ALARM AND PORTABLE FIRE EXTINGUISHER COMPLIANCE:**
The Certificate of smoke detectors, carbon monoxide alarm and portable fire extinguisher compliance (CSDCMAPFEC) as required by law, shall be the responsibility of the Seller.

34. **NOTICE TO BUYERS CONCERNING INSURANCE**
Buyers should obtain appropriate casualty and liability insurance for the Property. Your mortgage lender will require that such insurance be in place at time of closing. Occasionally there are factors and delays in obtaining insurance. Be advised that a "binder" is only a temporary commitment to provide insurance coverage and is not an insurance policy. You are therefore urged to contact a licensed insurance agent or broker to assist you in satisfying your insurance requirements.

35. **ADDITIONAL CONTRACTUAL PROVISIONS (if any):**

Buyer's initials: JC  JFB   Seller's initials: PAN

NJAR Form-118-11/05 Page 7 of 8   Donnelly Real Estate

000010

1238p   Carl Hiby

ADDITIONAL CONTRACTUAL PROVISIONS (concluded):

JC *illegible*   EAN

12380    Carl Hiby

**INDEX**

(illegible index entries, approximately items 1–36 covering topics such as Purchase Agreement, Property Description, Cancellation of Contract, Accurate Disclosure of Building, Tenants if any, Quality of Title, Building & Zoning Laws, Items Included in Sale, Items Excluded from Sale, Assessments, Final Inspection, Model and Multiple Dwelling Health & Safety Act, No Assignment, Risk of Loss, Adjustments at Closing, Rights to Possession, Maintenance & Condition of Property, Lead-Based Paint Document Acknowledgment, Lead-Based Paint Contingency Clause, Inspection Contingency Clause, Notices, Megan's Law Statement, Office Conditions, Attorney Review Clause, Entire Agreement/Further Claims, Broker's Commission, Failure of Buyer or Seller to Settle, Consumer Information Statement Acknowledgment, Declaration of Licensee Subagent Relationship, New Construction Rider, Private Well Testing, Megan's Law Registry, Smoke Detector/Carbon Monoxide Alarm and Portable Fire Extinguisher Compliance, Notice to Buyer Concerning Insurance, Additional Contractual Provisions (if any), Notice)

IN THE PRESENCE OF:

_____    _____ (L.S.)
                            BUYER
                            Judith H. Bowen

Date: 5/31/08    _____ (L.S.)
_____    BUYER
                            JoAnn Crupi

Date: 5/31/08    _____ (L.S.)
_____    SELLER

Date: 6/_/08    Elizabeth _____ (L.S.)
_____    SELLER

NJAR Form-118-1/03 Page 7 of 7  Donnelly Real Estate

INST # 2009010520 OR BK 14207 PG 0132 02/10/2009 09:05:37 AM
CARL W. BLOCK COUNTY CLERK, OCEAN COUNTY NEW JERSEY
RTF TOTAL TAX 35,255.00

COUNTY OF OCEAN
CONSIDERATION 2,225,000.00
REALTY TRANSFER FEE 35,255
DATE 2-10-09 BY CML

6) 90.00 cash

PREPARED BY:

*Edward V. Collins*

Edward V. Collins, Esq.

## BARGAIN AND SALE DEED WITH COVENANTS AGAINST GRANTOR'S ACTS

THIS DEED made as of JANUARY 2, 2009

BY DOUGLAS H. NELSON and ELIZABETH A. NELSON, husband and wife, residing at 1081 Barnegat Lane, Mantoloking, New Jersey 08738 ("Grantor"),

TO JUDITH G. BOWEN, about to be residing at 1081 Barnegat Lane, Mantoloking, New Jersey 08738 ("Grantee"),

The words "Grantor" and "Grantee" as used herein shall mean all Grantors and Grantees listed above.

**TRANSFER OF OWNERSHIP.** Grantor grants and conveys (transfers ownership of) the property described in Exhibit A attached hereto and made a part hereof to the Grantee subject to easements and restrictions of record. This transfer is made for the sum of TWO MILLION TWO HUNDRED TWENTY-FIVE THOUSAND DOLLARS ($2,225,000.00). Grantor acknowledges receipt of this money.

**TAX MAP REFERENCE.** (N.J.S.A. 46:15-2.1) Borough of Mantolokoing, Ocean County, Lot 33 in Block 24 as shown on the official tax map.

**PROPERTY.** The property consists of the land and all the buildings and structures on the land described in Exhibit A attached hereto and located in the Borough of Mantoloking, County of Ocean and State of New Jersey.

**GRANTOR'S COVENANTS.** (N.J.S.A. 46:4-6) Grantor covenants that the Grantor has not allowed anyone else to obtain any legal rights which affect the property. Grantor further covenants that the Grantor has done no act to encumber the property.

**VESTING INFORMATION.** The property is the same property conveyed to Grantor Elizabeth A. Nelson by Deed dated June 30, 2005 from Douglas H. Nelson and Elizabeth A. Nelson, his wife and Barbara Nelson, unmarried which Deed was recorded on January 13, 2006 in OR Deed Book 13000 at Page 1784 in the Office of the Ocean County Clerk. Douglas H. Nelson has joined in this Deed to convey all of his right, title and interest in the property, including any right to occupy the property as his principal marital residence.

000038

**SIGNATURES.** Grantor signs this Deed as of the date at the top of the first page.

Witness:

_____        _____
                                        DOUGLAS H. NELSON

_____        _____
                                        ELIZABETH A. NELSON

STATE OF NEW JERSEY  )
                     ) ss:
COUNTY OF OCEAN      )

I CERTIFY that on _____1/2/09_____, Douglas H. Nelson and Elizabeth A. Nelson, husband and wife, personally appeared before me and acknowledged under oath, to my satisfaction, that:

(a) they are named in and personally signed this Deed;

(b) they signed, sealed and delivered this Deed in their act; and

(c) they made this Deed for $2,225,000.00 as the full and actual consideration paid or to be paid for the transfer of title. (Such consideration is defined in N.J.S.A. 46:15-5).

_____

Record and Return to:                    JUDITH A. BLOCK # 6998
Debra E. Guston, Esq.                    Notary Public of New Jersey
Guston and Guston, LLP                   My Comm. Expires October 19, 2013
55 Harristown Road
Glen Rock, New Jersey 07452

000043