1

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

---------------------------------x

    In the Matter

        of                      Index No.

                                08-01789

    THE SIPA LINK,

               Debtors.

---------------------------------x

                May 6, 2009

                United States Custom House

                One Bowling Green

                New York, New York 10004

    Motion on Rule 1014(b), transfer of relted Proceeding in re Madoff Securities International Limited, No. 9-1675, et al.

B E F O R E:

            HON. BURTON R. LIFLAND,

                    U.S. Bankruptcy Judge

2

1
   A P P E A R A N C E S:
2
3       BAKER HOSTETLER, LLP
            Attorneys for Irving H. Picard, SIPA
4           Trustee
            45 Rockefeller Plaza
5           New York, New York 10017
6       BY:   MARC E. HIRSCHFIELD, ESQ.
7
8
9       SECURITIES INVESTOR PROTECTION CORPORATION
            805 15th Street, Suite 800
10          Washington, D.C. 20005
11      BY:   KEVIN H. BELL, ESQ.
12
13
14      MILBERG LLP
            Attorneys for Unofficial
15          Committee of Customers
            One Pennsylvania Plaza
16          New York, New York 10119
        BY:   MATTHEW GLUCK, ESQ.
17            -and-
              JONATHAN M. LANDERS, ESQ.
18            -and-
              JOSHUA E. KELLER, ESQ.
19
20
21
22
23
24
25

```
                                                                 3
 1    A P P E A R A N C E S: (Continued)
 2
 3         BAACH ROBINSON & LEWIS
                Attorneys for Securities International
 4              Limited and the Joint Provisional
                Liquidators
 5         1201 F Street NW, Suite 500
           Washington, D.C.  20004
 6
           BY:   H. BRADFORD GLASSMAN, ESQ.
 7
 8
 9
           WINDELS MARK LANE & MITTENDORF, LLP
10              Attorneys for Alan Nisselson Chapter 7
                Trustee
11         156 West 56th Street
           New York, New York  10019
12
           BY:   ALAN NISSELSON, ESQ.
13                   -and-
                 HOWARD L. SIMON, ESQ.
14                   -and-
                 REGINA GRIFFIN, ESQ.
15
16
17
18
19
20
21
22
23
24
25
```

```
                          Proceedings

  3              THE COURT:  The SIPA Link.
  4              MR. GLUCK:   Good morning, Your Honor.
  5              THE COURT:  Good morning.
  6              MR. GLUCK:  Your Honor, I stand before you
  7    with some trepidation.
  8              Matthew Gluck, with the law firm of
  9    Milberg.  I am the attorney for the moving parties.
 10              MR. SIMON:  Howard Simon, I am with the law
 11    firm of Windels Mark Lane & Mittendorf for Alan Nisselson,
 12    as Interim Chapter 7 Trustee of the estate of Bernard L
 13    Madoff.
 14              MR. LEWIS:   Eric Lewis, Your Honor.  I am
 15    with the law firm of Baach Robinson & Lewis.  I am here
 16    today on behalf of the Joint Provisional Liquidators of
 17    Madoff Securities International Limited.
 18              MR. HIRSCHFIELD:   Good morning, Your
 19    Honor.
 20              THE COURT:  Good morning.
 21              MR. HIRSCHFIELD:  Marc Hirschfield, with
 22    the law firm of Baker Hostetler, for the Trustee.
 23              MR. BELL:  Kevin Bell, on behalf of the
 24    Securities Investment Protection Agency.
 25              MR. GLUCK:   Okay.  I still stand before
```

1    you with some trepidation because in part it is so uncommon

2    to have a motion that is necessary to have everyone's

3    consent, and I am afraid I will mess it up.   Each time I

4    am down here, Your Honor --

5                THE COURT:   Be careful, you could snatch

6    victory from the jaws of defeat.   That is a common

7    problem --

8                MR. GLUCK:   That is what I am afraid of.

9                THE COURT:   -- for some.

10               MR. GLUCK:   And, of course, the other

11   thing is that since the last two times that we have been

12   here, and it's been true for each time we have been here,

13   there has been some really big motion filed trying to

14   govern the future of this case or to be more precise,

15   Madoff and the Madoff entity assets.

16               I am getting a little bit gun shy, but I

17   don't think that there is anything that is direct, which is

18   before you, the 1014 motion, it would be very nice if

19   somehow all of the motion practice could stop and

20   everything could be in one place and organized, but I guess

21   we can only do what we can do.

22               And if there are three proceedings, the

23   rules make it clear that this Court should decide where it

24   should be and everybody seems to agree that having it in

25   one place, here, is the appropriate remedy.

1                I had thought a little bit about trying to
2    suggest even though the Joint Provisional Liquidators are
3    in a different position and, obviously, have some different
4    interests, something along the protocols that we talked
5    about last time which Your Honor indicated you had a great
6    interest in.  But since sadly it now appears that even
7    without the Joint Provisional Liquidators there will not be
8    any protocols, at least not consensually, I don't feel
9    there is anyplace to go there.
10               The only other issue on this motion, is
11   Aston Martin, which I don't believe is parked in front of
12   the courthouse, which I confirmed James Bond did, in fact,
13   drive.
14               THE COURT:  This very vehicle?
15               MR. GLUCK:  For all the care that I raised
16   about it, you must assume so, right, or else Sean Connery
17   is still in the car.  It is really not for the moving
18   parties to say.
19               It seems to me this is an issue between the
20   Joint Provisional Liquidator and Mr. Picard and Mr.
21   Nisselson.  I recognize there has now been a suggestion
22   Mr. Nisselson to speak.  This matter should be very short.
23   He is here now, and I am sure that both can respond where
24   the car should be.
25               THE COURT:  Does anyone else want to be

7

```
 1   heard?
 2              MR. HIRSCHFIELD:  Yes, Your Honor. Marc
 3   Hirschfield from Baker Hostetler.  It should be in my
 4   driveway, but if it is not going to be there then it could
 5   be somewhere else.
 6              We do support the motion, Your Honor.  We
 7   believe it makes sense for all the proceedings --
 8              THE COURT:  For purposes of identification,
 9   what color it?
10              MR. HIRSCHFIELD:  I don't know.
11              MR. LEWIS:  Racing green.
12              THE COURT:  British racing green?
13              MR. GLUCK:  Yes.
14              MR. HIRSCHFIELD:  And we support the
15   motion and the second protocols for the JPLs and we hope to
16   have something done before too long.
17              MR. SIMON:  Your Honor, Howard Simon, on
18   behalf of Alan Nisselson.  We also support the motion.
19              MR. LEWIS:  Eric Lewis, from Baach Robinson
20   & Lewis, on behalf of the Joint Provisional Liquidators.
21   We filed in Florida.
22              It turned out to be the day after the
23   individual petition was filed.  We did not know it had
24   been filed at the time we filed it because there was a
25   piece of property down there.  It was our best information
```

8

1  that Mr. Peter Madoff had a residence down there.
2             We have been in close consultation with the
3  trustee.  The trustee was aware of our filing.  We did
4  obtain Chapter 15 recognition and we did file the adversary
5  proceeding.
6             THE COURT:  I don't understand something
7  about that recognition.  We will get into that because
8  there are some things that are left open based upon that.
9  But go ahead.
10            MR. LEWIS:  The reason we were in Florida
11 was that was where the property was and we also, to be
12 candid, want to be somewhat under the radar, given all of
13 the publicity of the Madoff matter in New York, that filing
14 a limited purpose Chapter 15 on behalf of a foreign --
15            THE COURT:  If you wanted to stay under the
16 radar, to me it means that you went apparently far beyond
17 the interests of the car in that the recognition letter is
18 a full 1520 type of order.
19            MR. LEWIS:  Yes, Your Honor, because it
20 goes beyond the car, also to be able to take discovery of
21 parties in the United States who may have information
22 relevant to the English provisional liquidation.
23            THE COURT:  I believe it is your own papers
24 in connection of support of the motion here that indicates
25 that Peter Madoff is a resident here in New York City.

1        MR. LEWIS: Once we contacted his
2   attorneys, he was back and forth. He is now spending much
3   more time in New York than he did previously. So at this
4   point that is correct and we are happy to have the case
5   here now.
6        We had a good reason we thought for
7   bringing it in Florida and we are happy to have it unified
8   now in New York.
9        THE COURT: Does anyone else want to be
10  heard?
11       Well, the recognition order initially was
12  pursuant I believe to 1519, which allows it provisionally,
13  and then does have the door open for all kind of relief
14  including the possibility of the basic relief under 1520
15  which comes after the complete recognition.
16       However, under the rules, recognition is
17  only after there is a hearing, on the 2002(q). I don't
18  think since this is an ex parte order there was ever a
19  recognition hearing.
20       There will be one set up.
21       MR. LEWIS: Well, Your Honor --
22       THE COURT: After all what it refers to is
23  an involuntary petition, and there has to be time afforded
24  for people to react to that petition. That includes Peter
25  Madoff. That would include Irving Picard, who is in the

1   petition, as I understand, was named the one with the
2   equity interest derivatively in the U.K. entity.
3            MR. LEWIS:  Well, at the time there was no
4   claim filed.  There was no claim asserted by Mr. Picard.
5   We anticipated such a claim to be filed.
6            My partner, Mr. Glassman, who is in the
7   courtroom, argued this morning before Chief Judge Heymann,
8   and there's a colloquy, as between 1519 and 1521, and
9   because it was a provisional liquidation and there were no
10  claims proceedings and no creditors in view at the time,
11  the Court made the decision to go directly at issue under
12  1521.
13           THE COURT:  But it is ex parte and the
14  rules do provide the opportunity to come in and react to
15  the application for recognition.
16           What I am asking is, has there ever been a
17  hearing set up for that recognition?  Inter alia, the
18  request is for recognition, a foreign made provision.
19           MR. LEWIS:  Mr. Madoff was given notice and
20  a further hearing was set, and that has been put off
21  pending discussions between Mr. Madoff and the Joint
22  Provisional Liquidators.
23           So there has not been that substantive
24  hearing as of this date, Your Honor.
25           THE COURT:  Well, assume since it is all on

11

1  consent that the matter is removed here, I see no reason
2  under the circumstances why it should be removed here, that
3  there still would have to be a hearing set up with respect
4  to the recognition, so that the full panoply of 1520 comes
5  in under the statute rather than under 1519, a provisional
6  remedy, which is obtained, again, ex parte.
7              MR. LEWIS:  Right.
8              THE COURT:  But that is a matter which we
9  could attend to here and the parties should be able to
10 either completely conceive the issue as presented to the
11 Florida Court or contest it.  I have no particular feeling
12 one way or the other.
13             But after my reading of all the papers in
14 Florida, I am concerned that no one even bothered to pay
15 attention to 2002(q).
16             MR. LEWIS:  It was discussed with Chief
17 Judge Heymann, and he thought he could proceed to issue a
18 1521 order right then and there.  But you are quite right
19 the 20-day notice did not go out, I think on the judgment
20 that the trustee was aware of the proceeding, that there
21 were no creditors in view, and that there were no sort of
22 potential objectors as Judge Heymann could identify.
23             But that was the decision he issued, and we
24 could certainly go forward and have a formal hearing on
25 recognition.

12

1   THE COURT: Very well.

2   Does anyone else want to be heard?

3   I have another housekeeping matter that I
4   would like to find out about. That is, there is a request
5   by the provisional liquidators that the adversary
6   proceeding involving the car remain in Florida.

7   Does anyone want to be heard with respect
8   to that? It seems to me if that is the main thrust of the
9   petition in the first place, that all anyone should really
10  be concerned with is whether the car is accounted for and
11  mobilized, and I would like to hear from the parties on
12  that.

13  MR. LEWIS: Your Honor, --

14  THE COURT: Is Mr. Madoff still free to
15  drive it around?

16  MR. LEWIS: Mr. Peter Madoff is free to
17  drive it around, but only within that district. He is not
18  free to take it outside of the district. That was the
19  scope of the order.

20  THE COURT: Well, that adversary proceeding
21  would seem to support then a quest for further injunctive
22  relief. If nothing is being sought in Florida, perhaps,
23  that proceeding belongs here.

24  MR. LEWIS: We are in discussions with his
25  counsel, and I think we are about to enter an agreed upon

1  order in Florida with regard to the disposition of that
2  car.
3              THE COURT:  That is a fuzzy response.  I
4  am concerned if I am bringing the matter up here and I have
5  no problem with your bringing it to any Court, to any
6  appropriate Court to hear a resolution of the issue.
7              The question is I am being asked now by you
8  to remove everything but keep one aspect there without
9  giving me any information as to some kind of a resolution
10 of that matter.
11             MR. LEWIS:  Well, Your Honor, we are in
12 discussions with Mr. Peter Madoff's counsel.  They are not
13 going to fight injunctive relief.  We are simply in the
14 process of showing them the evidence that the car was paid
15 for with funds from Madoff Securities International.  That
16 information has been provided and I think we are on the
17 verge of entering an agreed upon injunction with respect to
18 the car.
19             That could be done here, Your Honor, or
20 that could be done in Florida.
21             THE COURT:  I think then we can tidy it up.
22 I said this is a housekeeping thing.  If this is an
23 appropriate stipulation, this Court is in a position to
24 bless it since Mr. Madoff is here, and that ensures the
25 whole proceeding is here, and the idea was in all the

14

1   papers before us was not to have fragmented proceedings.
2                  MR. LEWIS:  We are happy with a New York
3   blessing, Your Honor.
4                  THE COURT:  Fine.  Then the transfer shall
5   be or the entire matter shall be before this Court.
6                  I also point out that since a full panoply
7   of recognition was given in Florida, and we still have not
8   had a required recognition hearing, 1517 does provide for
9   the potential for modification of any order, that
10  recognition has been made and I also have in connection
11  with the matters filed before me a request by the SIPC
12  trustee that they be carved out of the discovery requests
13  that were in that recognition order.
14                 That is a substantive matter, and I don't
15  know if that should or could be done by stipulation, but it
16  is a matter that has been raised before me in the context
17  of the transfer.
18                 Does anyone want to be heard in that
19  regard?
20                 MR. LEWIS:  Your Honor, we saw that in the
21  response to our papers.  We are discussing --
22                 THE COURT:  I am not prepared to do any
23  carving out unless the parties are in accord because I
24  don't have in front of me enough to make these
25  determinations.  That is why I am a little surprised by

1  the silence at the counsels' tables.  It is not my ox
2  being gored, it is the oxen that are being represented by
3  people here.
4              MR. HIRSCHFIELD:  We do, in fact, request
5  that relief.  We put it in our papers, we think it should
6  be carved out of that discovery and we would ask the Court
7  grant our request.
8              THE COURT: I don't know if it was an
9  adversary position or agreed upon position since the
10 parties indicated they are willing to work together to
11 reach some kind of protocol, and since I have not had the
12 final hearing yet with respect to recognition, maybe I
13 should not be disturbing the recognition order until there
14 is some basis for doing that.  Merely requesting a
15 carveout by the SIPC trustee does not accomplish that.
16             MR. HIRSCHFIELD:  Well, if I could, Your
17 Honor, perhaps we could talk after the hearing.  We did not
18 think that was on for today.  We could perhaps talk and
19 hopefully reach a resolution.  If we can, that is
20 wonderful, and if not, we will be back before Your Honor.
21             THE COURT: Very good.
22             Please submit an appropriate order.
23 Remand all matters from the Florida Court to this Court.
24             MR. HIRSCHFIELD:  May I raise one
25 additional matter?

16

1  THE COURT: Sure.
2  MR. HIRSCHFIELD: Your Honor may recall
3  that you issued a directive to the respective trustees, to
4  submit a protocol under Mr. Nisselson, he is here to
5  discuss the effort to achieve that, and the filing last
6  night by the SIPC trustee for a substantial consolidation.
7  But we thought it was appropriate, Your
8  Honor, since Your Honor had issued an order for Mr.
9  Nisselson to at least summarize the efforts to achieve
10 that.
11 MR. SIMON: Your Honor, do you want to hear
12 this in chambers or on the record?
13 THE COURT: The reason for a protocol is a
14 question of negotiations among parties, and perhaps even
15 under the rules you don't really discuss the nitty-gritty
16 of all your negotiations and discussions.
17 So we will relegate that to chambers. If
18 you could reach an accord, fine, and if you can't, I
19 understand that, too. What we will do is have that in
20 chambers.
21 MR. SIMON: Thank you, Your Honor.
22      *      *      *
23
24
25

1                         C E R T I F I C A T E

3   STATE OF NEW YORK        }
                             }   ss.:
4   COUNTY OF NEW YORK        }

5               I, MINDY CORCORAN, a Shorthand Reporter
6   and Notary Public within and for the State of New York, do
7   hereby certify:
8               That I reported the proceedings in the
9   within entitled matter, and that the within transcript is a
10  true record of such proceedings.
11              I further certify that I am not related, by
12  blood or marriage, to any of the parties in this matter and
13  that I am in no way interested in the outcome of this
14  matter.
15              IN WITNESS WHEREOF, I have hereunto set my
16  hand this 6th day of May, 2009.

18                          _____
                            MINDY CORCORAN