|  |  |
|---|---|
|  | Hearing Date:      May 27, 2009 |
|  | Hearing Time:      10:00 a.m. (EDT) |
|  | Objection Deadline: May 22, 2009 |

**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com
Alissa M. Nann
Email: anann@bakerlaw.com

*Attorneys for Irving H. Picard, Esq.,*
*Trustee for the SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation |

**TRUSTEE'S MOTION FOR AN ORDER PURSUANT TO SECTION 78fff(a)**
**OF THE SECURITIES INVESTOR PROTECTION ACT AND SECTIONS 105(a)**
**AND 363 OF THE BANKRUPTCY CODE AUTHORIZING THE AMENDMENT OF**
**AND TERMINATION OF CERTAIN EMPLOYEE BENEFIT PLANS**

Irving H. Picard, Esq. (the "Trustee"), as trustee for the liquidation of the business of

Bernard L. Madoff Investment Securities LLC (the "Debtor"), under the Securities Investor

Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"),[1] by and through his undersigned counsel, for his motion (the "Motion") for entry of an order, pursuant to section 78fff(a) of SIPA and sections 105(a) and 363 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), authorizing the Trustee to enter into amendments to and effectuate the termination of certain of the employee benefit plans sponsored and maintained by the Debtor, as defined and further described below, respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the Motion pursuant to section 78eee(b)(4) of SIPA and the order (the "Protective Decree") entered on December 15, 2008 [Docket No. 4] by the Honorable Louis L. Stanton, United States District Judge, United States District Court for the Southern District of New York in Case No. 08 CV 10791, and 28 U.S.C. §§ 157 and 1334. Venue of this case is proper in this district pursuant to section 78eee(b)(4) of SIPA and 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 78fff(a) of SIPA, sections 105 and 363 of the Bankruptcy Code and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

2. On December 11, 2008 (the "Filing Date"),[2] the Securities and Exchange Commission ("SEC") filed a complaint in the United States District Court for the Southern District of New York against defendants Bernard L. Madoff and the Debtor (together, the "Defendants") (No. 08 CV 10791). The complaint alleged that the Defendants engaged in fraud through investment advisor activities of the Debtor.

---

[1] For convenience, future reference to SIPA will not include "15 U.S.C."
[2] See section 78*lll*(7)(B) of SIPA.

2

3. On December 12, 2008, the Honorable Louis L. Stanton of the United States District Court for the Southern District of New York entered an order which appointed Lee S. Richards, Esq. as receiver (the "Receiver").

4. On December 15, 2008, pursuant to section 78eee(a)(4)(A) of SIPA, the SEC consented to a combination of the SEC Action with an application of SIPC. Thereafter, pursuant to section 78eee(a)(3) of SIPA, SIPC filed an application in the District Court alleging, inter alia, that the Debtor was not able to meet its obligations to securities customers as they came due and, accordingly, its customers needed the protection afforded by SIPA.

5. On that date, the District Court entered the Protective Decree, to which the Debtor consented, which, in pertinent part:

(a) appointed the Trustee for the liquidation of the business of the Debtor pursuant to section 78eee(b)(3) of SIPA;

(b) appointed Baker & Hostetler, LLP as counsel to the Trustee pursuant to section 78eee(b)(3) of SIPA; and

(c) removed the case to this Bankruptcy Court pursuant to section 78eee(b)(4) of SIPA.

6. On December 18, 2008, the District Court entered the Order on Consent Imposing Preliminary Injunction, Freezing Assets and Granting Other Relief Against Defendants (the "Preliminary Injunction Order"). Among other things, the Preliminary Injunction Order clarified that the Receiver is only appointed as to assets concerning the London entity, Madoff Securities International Ltd.

7. At a plea hearing (the "Plea Hearing") on March 12, 2009 in the Criminal Action, Madoff pled guilty to an 11-count criminal information, which counts included securities fraud, money laundering and theft and embezzlement, filed against him by the United States Attorneys' Office for the Southern District of New York. At the Plea Hearing, Madoff admitted that he "operated a Ponzi scheme through the investment advisory side of [BLMIS]." (Plea Hr'g Tr. at

23:14-17.) Additionally, Madoff asserted "[a]s I engaged in my fraud, I knew what I was doing [was] wrong, indeed criminal." (Id. at 23:20-21.) Madoff filed a plea allocution describing some of the details of his fraud, No. 09-213 [Dkt. No. 50].

## RELIEF REQUESTED

8. The Trustee, in the ordinary course of his liquidation and wind-down of the Debtor's business, has made the determination that certain of the employee benefit plans sponsored and maintained by the Debtor should be amended and modified, and then terminated, by appropriate action taken by or on behalf of the Debtor to further reduce the liability and administrative expense associated with said liquidation and wind-down. The employee benefit plans to be amended and modified and then terminated in connection with the Motion are as follows (together, the "Employee Plans"):

- Bernard L. Madoff Investment Securities LLC Employee Benefit Plan (the "Benefit Plan"), which provides health, accident and sickness benefits, dental and vision benefits and prescription drug benefits on a self-insured basis. By the Motion, the Trustee seeks authorization to modify certain provisions of the Benefit Plan and then terminate the Benefit Plan, effective May 31, 2009, acting for and on behalf of the Debtor, subject only to continuing administration of the Benefit Plan on a temporary basis to wind-up certain claims and resolve and discharge administrative expenses associated with its operation.

- Bernard L. Madoff Investment Securities LLC Cafeteria Plan (the "Cafeteria Plan"), which provides premium conversion opportunities, health care spending accounts and dependant care spending accounts. By the Motion, the Trustee seeks authorization to terminate the Cafeteria Plan, effective May 31, 2009, acting for and on behalf of the Debtor, subject only to continuing the administration of the Cafeteria Plan on a temporary basis to resolve and discharge administrative expenses associated with its operation.

- Bernard L. Madoff Investment Securities LLC Group Life and Accidental Death and Dismemberment Insurance Plan (the "Life Insurance Plan"). By the Motion, the Trustee seeks authorization to terminate the Life Insurance Plan and cancel all related group policies maintained to provide benefits under said Plan, effective May 31, 2009, acting for and on behalf of the Debtor.

- Bernard L. Madoff Investment Securities LLC Group Long-Term Disability Plan (the "Long Term Disability Plan"). By the Motion, the Trustee seeks

4

authorization to terminate the Long-Term Disability Plan and cancel all related group policies maintained to provide benefits under said Plan, effective May 31, 2009, acting for and on behalf of the Debtor.

9. By this Motion, the Trustee requests entry of the Order, substantially in the form of Exhibit A attached hereto, authorizing the Trustee to (i) execute amendments modifying the Employee Plans as described above and (ii) enter into and execute resolutions to bring about the termination of the employee Plans, individually and collectively as described above, in each case acting on behalf of the Debtor as required under the terms of said Employee Plans.

## NOTICE OF TERMINATION OF BENEFITS

10. The amendments modifying the terms of the Employee Plans and the resolutions effecting the termination of the Employee Plans are currently being finalized, and will be filed with and provided to this Court prior to the hearing date of May 27, 2009. In addition, copies of the amendments and terminations and resolutions will be made available on the Trustee's website at: http://www.madofftrustee.com/DocketFilings.aspx.

11. To effectuate the foregoing, and consistent with relevant ERISA requirements, all current and prior employees of the Debtor from May 1, 2007 through the Filing Date, and third parties reasonably believed to have a colorable interest in one or more of the Employee Plans, will receive notice of the impending modification and termination of the Employee Plans in a writing (the "Notice of Termination") which identifies the Employee Plans, provides relevant information regarding the termination and curtailment of rights and the dates for submitting outstanding claims, and provides contact information for employees and other parties with additional questions. The Notice of Termination is being provided to said current and former employees and third parties via U.S. mail on May 15, 2009, in conjunction with notice of this Motion.

5

## BASIS FOR RELIEF REQUESTED

A. <u>SIPA requires the liquidation of the Debtor's business.</u>

12. Section 78fff(a) of SIPA governs the purposes of a SIPA liquidation and provides in relevant part that: "[t]he purposes of a liquidation proceeding under this chapter shall be . . . (4) to liquidate the business of the debtor." Thus, the Trustee has an affirmative duty to liquidate and wind-down the business operations of the Debtor, including any existing employee benefit plans.

B. <u>The proposed amendment and/or termination of Employee Plans is within the Trustee's discretion under section 105(a) and sound business judgment under section 363 and should therefore be approved.</u>

13. Sections 105(a) and 363 of the Bankruptcy Code apply to liquidations under SIPA. *See* 15 U.S.C. § 78fff(b) ("a liquidation proceeding shall be conducted in accordance with, and as though it were being conducted under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11.").

14. The Trustee submits that the amendment and/or termination of the Employee Plans is within the ordinary course of business and does not require Court approval. However, out of an abundance of caution, the Trustee, by this Motion, is seeking Court approval to enter into and execute those documents bringing about the amendment and/or terminations of the Employee Plans. The Trustee also seeks such Court approval to ensure that proper notice is given to current and former employees and any other parties in interest regarding the pending terminations of the Employee Plans.

15. The Trustee submits that authority exists for the Court's approval of the amendment and/or termination of the Employee Plans as such amendments and terminations are within the Trustee's discretion under section 105(a) of the Bankruptcy Code and within the Trustee's business judgment under Section 363 of the Bankruptcy Code. Section 363 permits a

6

trustee to "use, sell or lease, other than in the ordinary course of business, property of the estate..." 11 U.S.C. § 363(b).

16. The Trustee submits that the notice given herein, in addition to the notice provided by the Notice of Termination is reasonably calculated to place on notice all parties in interest to the amendment and modification and termination of the Employee Plans.

## NOTICE

17. Notice of this Motion has been provided by U.S. mail, postage prepaid, or email to (i) SIPC; (ii) the SEC; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; and (v) all employees of the Debtor as of May 1, 2007 through the Filing Date and third parties reasonably believed to have a colorable interest in one or more of the Employee Plans. The Trustee shall also serve, via the ECF filing that will be made, each person or entity that has filed a notice of appearance in this case. The Trustee submits that no other or further notice need be given.

**WHEREFORE**, the Trustee respectfully requests that the Court (a) enter an order substantially in the form attached hereto as Exhibit A, granting the relief requested herein; and (b) grant such other and further relief to the Trustee as the Court deems proper.

Dated: New York, New York
      May 15, 2009

/s/ Marc Hirschfield
David J. Sheehan
Marc Hirschfield
Alissa M. Nann
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Esq.,
Trustee for the SIPA Liquidation of Bernard L.
Madoff Investment Securities LLC*