SILVERMANACAMPORA LLP
Attorneys for Talon Air, Inc.
100 Jericho Quadrangle Suite 300
Jericho, New York 11753
516-479-6300
Adam L. Rosen

**Hearing Date: June 2, 2009**
**Time:       10:00 a.m.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

**Objections Due: May 28, 2009**
**Time: 4:00 p.m.**

------------------------------------------------------------------x
SECURITIES INVESTOR PROTECTION
CORPORATION,                                                              Adv. Pro. No. 08-01789 (BRL)

                Plaintiff,                                SIPA LIQUIDATION

    v.
BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

                Defendant.
------------------------------------------------------------------x

In re:

BERNARD L. MADOFF,                                                        Chapter 7

                Debtor.                                   Case No. 09-11893 (BRL)

------------------------------------------------------------------x

**MOTION OF TALON AIR, INC. FOR ORDER (A) COMPELLING BLMIS
TRUSTEE TO PAY AMOUNTS OWED UNDER AIRCRAFT MANAGEMENT
AGREEMENT, (B) FIXING TIME FOR BLMIS TRUSTEE TO ASSUME OR
REJECT AIRCRAFT MANAGEMENT AGREEMENT AND (C) MODIFYING
STAYS TO PERMIT TERMINATION OF AIRCRAFT LEASE AGREEMENT**

TO:    THE HONORABLE BURTON R. LIFLAND
        UNITED STATES BANKRUPTCY JUDGE:

Talon Air, Inc. (the "Movant"), a creditor of Bernard L. Madoff Investment Securities LLC

("BLMIS"), hereby moves (the "Motion") this Court for an order (a) compelling Irving H. Picard (the

"BLMIS Trustee") to pay certain amounts owed under a management agreement related to that

certain Embraer Legacy 600, Model EMB-135 BJ aircraft (Serial No. 14501034) (the "Aircraft"), (b)

fixing the time for the BLMIS Trustee to assume or reject the management agreement and (c)

modifying the automatic stays in both the BLMIS case and the Bernard Madoff individual case to the

extent necessary to permit Talon to terminate its lease agreement with BLM Air Charter LLC, a non-

debtor party, relating to the Aircraft, and in support of the Motion Movant respectfully represents as follows:

**PRELIMINARY STATEMENT**

1. In March 2008, Bernard L. Madoff ("Madoff") purchased a 50% interest (the "Interest") in the Aircraft which is a private jet that was purchased for approximately $25 million. The Interest is held by BLM Air Charter LLC ("BLM") and, upon information and belief, Madoff is a manager of BLM. Neither BLMIS nor Madoff is the owner of the Interest.

2. The owner of the other 50% share of the Aircraft is BDG Aircharter, Inc. ("BDG"). Upon information and belief, Edward Blumenfeld is the president of BDG.

3. The use of and costs associated with the Aircraft are subject to several agreements, including an agreement with Movant which relates to the management and servicing of the Aircraft. These agreements provide that BLM and BDG will pay Movant to manage and operate the Aircraft for a monthly management fee, as well as other costs.

4. The agreements also provide that Movant may lease the Aircraft from BLM and BDG and pay certain rent based on the number of flight hours utilized.

**BACKGROUND AND JURISDICTION**

5. On December 11, 2008, the above-captioned SIPA liquidation proceeding was commenced against BLMIS pursuant to the Securities Investor Protection Act of 1970 ("SIPA"). BLMIS was the principal operating company for the broker-dealer and investment advisory business previously run by Madoff.

6. On December 12, 2008, the Honorable Louis L. Stanton of the United States District Court for the Southern District of New York entered an order which appointed Lee S. Richards, Esq., as receiver for BLMIS.

7. On December 15, 2008, Judge Stanton entered an order pursuant to SIPA which, in pertinent part:

    a.    Appointed the Trustee for the liquidation of BLMIS's business pursuant to section 78eee(b)(3) of SIPA;

    b.    Appointed Baker & Hostetler, LLP as counsel to the Trustee pursuant to section 78eee(b)(3) of SIPA; and

    c.    Removed the case to this Court pursuant to section 78eee(b)(4) of SIPA.

8. On April 13, 2009, five (5) petitioning creditors filed an involuntary petition for relief against Madoff under chapter 7 of title 11, United States Code (the "Madoff Bankruptcy Case"). The Madoff Bankruptcy Case was designated as related to this proceeding, and was assigned to this Court.

9. Pursuant to an Order of this Court signed on April 20, 2009 directing the appointment of an interim chapter 7 trustee, the United States Trustee appointed Alan Nisselson (the "Madoff Trustee") on April 21, 2009.

10. On May 7, 2009, an order for relief was entered against Madoff.

The Management Agreement

11. On March 3, 2008, BLMIS, Talon and BDG MLJF, Inc. (a separate entity in which Mr. Blumenfeld holds an interest) entered into that certain Aircraft Pilot and Management Services Agreement, dated March 3, 2008 (the "Management Agreement") with respect to the Aircraft. (A copy of the Management Agreement is annexed as Exhibit "A" to the Declaration of Adam Katz filed herewith (the "Katz Declaration")).

12. The Management Agreement provides, among things:

- Movant will provide, train and supervise all pilot and ground crew personnel necessary to operate the Aircraft.
- Movant will provide a certified mechanic and aircraft crew to maintain and staff the Aircraft.
- Movant will provide indoor hangar facilities and shop facilities for the Aircraft.
- Movant will receive a monthly management fee of $11,083.34 and monthly hangar rent of $7,500.00 regardless of the actual use of the

3

>  Aircraft. BLMIS and BDG are each responsible for one-half of these amounts.
>
> - BLMIS and BDG are solely responsible for all costs and expenses attributable to their use of the Aircraft.

13. Under the Management Agreement, BLMIS owes Talon $47,217.12 for the period December 12, 2008 through April 30, 2009. For the period prior to December 12, 2008, BLMIS owes Talon $92,525.66. The Trustee has not paid Talon for amounts due under the Management Agreement. (A chart detailing the amounts owed under the Management Agreement is annexed as Exhibit "C" to the Katz Declaration.)

The Lease Agreement

14. On March 3, 2008, BDG and BLM, as lessors, and Movant, as lessee, entered into that certain Non-Exclusive Aircraft Lease Agreement, dated as of March 3, 2008 (the "Lease Agreement"). (A copy of the Lease Agreement is annexed as Exhibit "B" to the Katz Declaration.) Neither BLMIS nor Madoff are parties to the Lease Agreement.

15. The Lease Agreement provides, among other things:

> - Movant may lease the Aircraft to provide charter air transportation services to third parties for a rental fee for each flight hour of use by Movant.
>
> - Movant is obligated to pay all costs and expenses attributable to its use of the Aircraft, as set forth in the Schedules attached to the Lease Agreement.

16. For the period December 12, 2008 through April 30, 2009, Movant leased the Aircraft for 156.80 hours and, according to the Lease Agreement, BLM is entitled to $112,896.00 under the Lease Agreement. Movant has not paid BLM the amounts due under the Lease Agreement. (See Exhibit "C" to the Katz Declaration.)

The Embraer and Rolls-Royce Agreements

17. BDG and BLM are parties to that certain Embraer Executive Care Agreement, dated March 17, 2008 (the "Embraer Agreement") and that certain Rolls-Royce CorporateCare

4

ALR/D283632v/F056429

Agreement, dated May 20, 2008, which provide maintenance and servicing plans for the Aircraft and its engines.

18. On April 29, 2009, Embraer Aircraft Customer Services, Inc. issued a notice of default under the Embraer Agreement alleging certain defaults under that agreement.[1]

## RELIEF REQUESTED

The Court Should Require the BLMIS Trustee to Pay Post December 12, 2008 Expenses

19. The BLMIS Trustee is required to pay amounts which come due after the date of his appointment under unexpired executory contracts if the BLMIS estate is receiving some benefit. See, Bankruptcy Code section 503(b)(1); See also S&W Holding Co. v. Kuriansky, 317 F.2d 666, 667 (2d Cir. 1963) (landlord entitled to administrative rent from trustee for period following trustee's appointment); In re Buttonwood Searches, Inc., 349 F.Supp. 273, 277-78 (S.D. Calif. 1972) (landlord in SIPA proceeding was entitled to administrative rent claim for the period after receiver's appointment).

20. The amounts due under the Management Agreement relate to the maintenance and preservation of the Aircraft, which benefits the BLMIS estate to the extent that it claims an interest in the Aircraft. See, e.g., In re Aerospace Technologies, Inc., 199 B.R. 331 (Bankr. M.D.N.C. 1996) (holding that the costs for storage and preservation of estate property constituted a section 503(b)(1)(A) administrative expense claim); In re Lenz, 90 B.R. 458, 460 (Bankr. D. Colo. 1988) (expenses incurred in connection with maintenance of estate asset constituted section 503(b)(1)(A) administrative expense claim); In re Canton Jubilee, Inc., 253 B.R. 770, 776-77 (Bankr. E.D. Tex. 2000) (payment of insurance premiums and similar expenses to preserve estate asset constituted a section 503(b)(1)(A) administrative expense claim). If the BLMIS Trustee does not claim an interest in the Aircraft, then he should reject the Management Agreement.

---

[1] To the extent that either BLMIS or Madoff hold an interest in the Aircraft, the issuance of the notice of default would be a violation of this Court's Order, dated January 5, 2009 or Bankruptcy Code section 362.

ALR/D283632v/F056429

21. As stated above, the BLMIS Trustee owes Movant $47,217.12 for the period December 12, 2008 through April 30, 2009 under the Management Agreement. (See Exhibit "B" to Katz Declaration.) Movant should not be asked to provide valuable services relating to the Aircraft and not receive payment.

22. For the above reasons, the Court should require the BLMIS Trustee to pay the post-December 12, 2008 expenses under the Management Agreement.

The Court Should Fix the Time Within Which the BLMIS Trustee
Must Assume or Reject the Management Agreement

23. On May 1, 2009, this Court extended the BLMIS Trustee's time to assume or reject executory contracts, including presumably the Management Agreement, to May 27, 2009.

24. Bankruptcy Courts have the power to shorten the period for debtors and trustees to make their assumption/rejection decisions. See, e.g., In re Adelphia Communications Corp., 291 B.R. 283, 293 (Bankr. S.D.N.Y. 2003); In re Enron Corp., 279 B.R. 695, 702 (Bankr. S.D.N.Y. 2002).

25. The BLMIS Trustee has had a sufficient opportunity (5 months) to decide whether to assume or reject the Management Agreement and it is unfair to Movant to ask it to continue to perform under the Management Agreement without receiving compensation.

26. Movant submits that it is appropriate to require the Trustee to assume or reject the Management Agreement by June 12, 2009. In addition, to the extent that either the BLMIS Trustee or the Madoff Trustee assert an interest in or control over BLM, then Movant asks the Court to require the BLMIS Trustee or the Madoff Trustee to assume or reject the Lease Agreement by June 12, 2009.

Modification of Stays

27. Movant also seeks an order modifying the automatic stays in both the BLMIS case and the Madoff case to permit Movant to terminate the Lease Agreement with BDG and BLM. As

stated above, neither BLMIS nor Madoff are parties to the Lease Agreement and therefore the automatic stay of Bankruptcy Code section 362 does not apply.

28. But, out of an excess of caution, Movant asks for an order modifying the stay to the extent necessary to take the appropriate steps to terminate the Lease Agreement. Movant submits that, in light of the uncertainty regarding whether the Interest is subject to this Court's jurisdiction, appropriate cause exists to issue an order modifying the stay or clarifying that neither BLMIS nor Madoff hold an interest in the Aircraft.

## CONCLUSION

29. Notice of this Motion has been given to: (a) the BLMIS Trustee's counsel; (b) the Madoff Trustee's counsel; (c) the Office of the United States Trustee; (d) the Securities Investor Protection Corporation; and (e) BDG's counsel and (f) those parties that have filed notices of appearance in the BLMIS case and Madoff case.

30. This Motion specifies the rules and statutory provisions upon which it is predicated and the legal authorities that support the requested relief.

31. No prior request for the relief sought herein has been made to this or any other Court.

WHEREFORE, for all of the foregoing reasons, Movant respectfully requests that the Court grant the Motion and providing Movant such further relief as the Court deems just.

Dated: Jericho, New York
      May 19, 2009

Respectfully submitted,

**SILVERMANACAMPORA LLP**
Attorneys for Talon Air, Inc.

By: s/ Adam L. Rosen
    Adam L. Rosen
100 Jericho Quadrangle - Suite 300
Jericho, New York 11753
(516) 479-6300

ALR/D283632v/F056429