# EXHIBIT B

FILED

AUG 2 5 2003

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

---

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,
450 Fifth Street, N.W.,
Washington, DC 20549-0911,

*Plaintiff*,

v.

TOKS, INC., and
ADE O. OGUNJOBI,

*Defendants*

CASE NUMBER 1:03CV01787

JUDGE: Paul L. Friedman

DECK TYPE: TRO/Preliminary Injunction

DATE STAMP: 08/25/2003

---

## COMPLAINT

Plaintiff, United States Securities and Exchange Commission, for its Complaint states as follows:

### SUMMARY

1. This matter involves an ongoing fraudulent offering of unregistered "promissory note" securities. Defendants Toks, Inc., and Ade O. Ogunjobi are offering "Toks, Inc. Secured Promissory Notes" through the Toks internet website at www.tspnotes.com. The stated purpose of this offering is to raise between one billion dollars ($1,000,000,000) and ten billion dollars ($10,000,000,000) to pay Commission filing fees claimed to be at least four million dollars ($4,000,000) and to finance tender offer deals for the stock of at least fifteen (15) of the world's largest corporations including AOL Time Warner, Inc., AT&T Corporation, AT&T Wireless Services, Inc., Hughes Electronics Corporation, Marriott International, Inc., Comcast Corporation, General Electric Company, General Motors Corporation, Microsoft Corporation, Fox Entertainment Group, Inc., News Corporation, SBC Communications, Tribune Company, Vivendi Universal SA, and Vodaphone Group, which are supposedly targets of the tender offer

deals. The defendants claim the tender offers will require at least five trillion dollars ($5,000,000,000,000) in stock.

2.  Toks did not register the offering of the notes with the Commission even though it represented that: (i) the notes were investments for "stockholders" with no particular qualifications or experience, (ii) the notes were stock to be issued to shareholders, and (iii) the notes would be exchanged for publicly traded stock within nine (9) months and before the "deals" were closed. The offering does not qualify for any exemptions from registration and the notes are not exempt securities under the Federal securities laws.

3.  The offering of the notes is deceptive, pernicious, and fraudulent. Defendants Toks and Ogunjobi are carrying out the offering using numerous egregious, flagrant misrepresentations and omissions of material facts: Toks and Ogunjobi have no assets, sales or revenues and only one employee, Mr. Ogunjobi. Toks and Ogunjobi have no commitments from any banks, investment firms, underwriters, institutions, clearing firms, attorneys, or financiers. Defendants could not have a reasonable belief that they have the means to purchase at least five trillion dollars ($5,000,000,000,000) of stock to complete the tender offers for fifteen (15) or more of the world's largest companies.

4.  Defendants Toks' and Ogunjobi's offering of the notes to the investing public and the materially false and misleading statements contained in the publicly disseminated offering materials operate as a fraud and deceit because they create the false impression that Toks' proposed tender offers are legitimate and that the "deals" will likely be consummated. In fact, consummation of any of these tender offer deals is impossible. As Toks and Ogunjobi know, or are reckless in not knowing, Toks does not have any of the resources, means, or assets to accomplish these tender offers.

5.  The internet website offering of the notes also contains a number of materially false and misleading statements and omissions claiming that Toks and Ogunjobi can pledge billions of dollars in securities for the notes, will issue trillions of dollars of stock, will increase the revenues of the target companies and wipe out their debt by billions of dollars, will enter into "deals" worth trillions of dollars, will have cash reserves of hundreds of billions of dollars, and will have billions of dollars of proceeds from the notes to pay back investors ten (10) times their investment.

6.  This is not Toks and Ogunjobi's first effort to advance their plan to acquire a number of the world's largest corporations. In August 2001, Toks filed a Registration Statement on Form SB-2 with the Commission, which it amended in September 2001. This registration statement set forth a similar plan to raise billions of dollars to fund tender offers for seven large corporations, including AT&T, GE and GM. The registration statement contained numerous material misstatements, omissions and misrepresentations of the same order and magnitude as in this action.

7.  The Commission instituted an Administrative Proceeding that resulted in a Decision by the Honorable Brenda P. Murray, Chief Administrative Law Judge of the Commission issuing a stop order suspending the effectiveness of Toks' registration statement on January 8, 2002. The Decision, which became a Final Order of the Commission, found the registration statement "goes beyond hyperbole with a series of assumptions that it presents as realistic future events" (Decision attached as Exhibit A *at* p. 8) and was materially false and misleading in several aspects (Exhibit A *at* pp. 6-9). Among other things, the Decision found that: (a) Toks had no audited financial statements as required to register the securities; (b) Toks is not a registered Delaware corporation as represented; (c) Toks had no Plan of Operation as

required to register the securities; and (d) because Toks has no assets, no revenues, no employees, and no products, "Toks has no reasonable basis to believe that it has the means to complete the tender offers that it has publicly announced in the registration statement." (Exhibit A *at* p. 9).

8. The current offering of notes, which purports to be different from Toks' 2001 offering, pursues the same overall plan contained in the registration statement that the Commission stopped after an Administrative Hearing and Decision. This offering is an effort by defendants Toks and Ogunjobi to pursue the same fraudulent plan as before while attempting to avoid the registration requirements of the Securities Act of 1933 by offering fifty billion dollars ($50,000,000,000) in "notes" to the investing public to supposedly fund the various tender offers to the fifteen (15) or more target corporations.

9. Defendants' conduct violates Sections 5, 17(a)(1) and 17(a)(3) of the Securities Act of 1933 [15 U.S.C. §§ 77e, 77q(a)(1) and 77q(a)(3)], Section 14(e) of the Securities Exchange Act of 1934 [15 U.S.C. § 78n(e)] and Rules 14d-2(b) and 14e-8 [17 C.F.R. §§ 240.14d-2(b) and 240.14e-8] thereunder. Unless the Court enjoins defendants, their ongoing fraudulent and unregistered offering will continue and Toks and Ogunjobi will persist in engaging in conduct similar to that described in this Complaint.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this action pursuant to Sections 20 and 22 of the Securities Act of 1933 [15 U.S.C. §§ 77t and 77v] and Sections 21(d), 21(e) and 27 of the Securities and Exchange Act of 1934 [15 U.S.C. §§ 78u(d), 78u(e) and 78aa].

11. The Commission brings this action pursuant to Section 20(b) of the Securities Act [15 U.S.C. § 77t(b)] and Sections 21(d) and 21(e) of the Exchange Act [15 U.S.C. §§ 78u(d) and

78u(e)], to restrain and enjoin defendants preliminarily and permanently from engaging in the acts, practices and transactions alleged.

12.  Venue lies in this Court pursuant to Section 22 of the Securities Act of 1933 [15 U.S.C. § 77v] and Section 27 of the Securities and Exchange Act of 1934 [15 U.S.C. § 78aa]. Defendants, directly or indirectly, made use of the means or instrumentality of interstate commerce, or of the mails, or of a facility of a national securities exchange, in connection with the acts, transactions, and practices alleged herein. Defendants are making their offering over the internet's world wide web to persons in the District of Columbia, as well as elsewhere. The note securities are required to be registered with the Commission at its headquarters in the District of Columbia.

## DEFENDANTS

13.  Defendant Ogunjobi formed Toks as a Delaware corporation in 1996. The State of Delaware voided Toks' corporate charter on March 1, 1998. On June 17, 1998, the State of Delaware repealed Toks' corporate charter for failure to pay taxes. According to its internet website offering materials, Toks has no assets, revenues or sales, and Ogunjobi is Toks' only listed employee. Toks' address is listed on its internet website as P.O. Box 503, Malibu, California 90265. Toks also claims to be located in the State of Hawaii.

14.  Ogunjobi, age 43, is listed on the Toks internet website as the founder, chairman and chief executive officer of Toks. Upon information and belief, he resides in Los Angeles, California.

## FACTS

### Toks' 2001 Offering

15. On August 31, 2001, Toks filed a Registration Statement on Form SB-2, subsequently amended on September 7, 2001, to raise one hundred thousand dollars ($100,000), which it would then use to "arrange $10 billion in loan syndication or issue high yield bonds." Toks sought to conduct all-stock "tender offers" for a number of the world's largest corporations, including AT&T and GM. Staff from the Commission's Division of Corporation Finance notified Toks in writing on October 3, 2001 that its initial registration statement was deficient in numerous material respects.

16. On October 9, 2001, Toks made a series of filings pursuant to Rule 425 of the Securities Act indicating it planned to make almost identical tender offers for a number of these same large corporations. Staff from the Division of Corporation Finance again indicated to defendants Toks and Ogunjobi that their filings were materially deficient, but they refused to correct the deficiencies or withdraw the registration statement.

17. The Commission instituted an Administrative Proceeding that resulted in the issuance of a stop order on January 8, 2002. Toks and Ogunjobi were notified of the proceeding. In a telephone conference call before the hearing, they declined to participate in the hearing. The stop order, which is now final, suspended the effectiveness of Toks' registration statement. The Decision stopping the effectiveness of the registration statement found the statement to be materially false and misleading because it: (a) failed to include audited financial statements for Toks; (b) failed to disclose that Toks was not incorporated and that its corporate charter had been repealed; (c) failed to include a required plan of operation and omitted material information regarding how a corporation with no earnings expected to raise ten billion dollars

($10,000,000,000) or acquire securities worth two trillion dollars ($2,000,000,000,000) to accomplish its tender offers or to register its shares; (d) failed to disclose that Ogunjobi intended to purchase the entire twenty (20) shares of Toks stock covered by the registration statement; and (e) Toks "has no reasonable basis to believe that it has the means to complete the tender offers that it publicly announced in the registration statement."

### Toks' Ongoing Notes Offering

18. From at least May 12, 2003, to the present, Toks has been conducting an unregistered offering of up to fifty billion dollars ($50,000,000,000) in Toks notes at a minimum of one hundred dollars ($100) per note. Defendants describe the notes as redeemable at Toks' option for shares of Toks stock. The overall purpose of this offering appears to be to pay Commission filing fees and to fund tender offers targeting a number of the world's largest corporations, including AT&T, GE, GM and Microsoft.

19. The notes, which are securities under the federal securities laws, are described in the offering materials as: (1) having maturities of nine (9) months; (2) being unconditionally guaranteed; and (3) bearing a fixed interest rate of thirteen percent (13%). All of the offering materials are disseminated to the public on Toks' internet website at www.tspnotes.com, which solicits investors to participate in this public offering.

20. The note offering is false and deceptive in its entirety. Toks, a company with no assets, sales or revenues; no financing or commitments from any banks, financiers, investment firms, underwriters, clearing agents, or institutions; and a workforce of one, Mr. Ogunjobi, has no ability or reasonable expectation to conduct tender offers for fifteen (15) corporations with a total combined market capitalization in the trillions of dollars.

21. The offering materials for the notes contain other materially false or misleading statements. The "prospectus" and its supplement prominently state that the notes are "Unconditionally Guaranteed" by Toks. Such a guarantee from an entity with no assets is deceptive and misleading. The "prospectus" states that shares of Toks common stock are traded on the Toronto, Boston, Cincinnati and Philadelphia exchanges. This statement is false. Moreover, the "prospectus" deceptively states that Toks stock will be listed on the New York Stock Exchange, when there is no possibility that Toks can meet the requirements for listing on the New York Stock Exchange, or any of the other listed exchanges.

22. Defendants Toks and Ogunjobi make many extremely egregious false and misleading statements and omissions in the publicly disseminated offering materials on their internet website claiming that they: (a) are pledging five-hundred billion dollars ($500,000,000,000) in securities towards the notes; (b) will sell almost three-hundred million dollars ($300,000,000,000) in assets; (c) will buy back common shares in the open market at a share price of two hundred fifty dollars ($250); (d) will issue almost ten trillion dollars ($10,000,000,000,000) in common shares to shareholders; (e) will increase annual revenues of the target companies to at least seven-hundred billion dollars ($700,000,000,000) and have cash reserves or access to capital markets of over one-hundred billion dollars ($100,000,000,000); (f) expect proceeds from the notes of at least forty-nine billion dollars ($49,000,000,000); (g) have a deal worth ten trillion dollars ($10,000,000,000,000); (h) will wipe out all outstanding debts of acquired companies of over two-hundred billion dollars ($200,000,000,000) by issuing Toks notes; (i) will create jobs, a theme park, movie and television production facilities, auto plants, and DVD and CD manufacturing divisions in Hawaii; (j) the securities will be registered,

publicly traded and bear thirteen percent (13%) interest, plus cash and stock dividends; and (k) will cause investors to gain a ten (10) times return on their investment.

23. The offering is an effort by Toks and Ogunjobi to launch their tender offer plan without complying with the registration requirements of the Securities Act of 1933 and obtaining funds from unsophisticated investors who may be influenced by the misrepresentations and the allusions to God, Country and the downtrodden. Defendants admit obtaining the Administrative Decision stopping Toks' registration statement from taking effect and admit trying to avoid registration of the offering in its attack on the integrity of the Administrative Law Judge and the Commission's hearing process.

24. Defendants Toks and Ogunjobi continue to disseminate their string of grossly misleading promises and invented claims in order to solicit public investors to buy the worthless notes.

## CLAIMS FOR RELIEF

### FIRST CLAIM

**Toks and Ogunjobi Violated Section 17(a)(1) of the Securities Act**
**(Fraud in the Offer or Sale of Securities)**

25. Paragraphs 1 through 24 are realleged and incorporated herein by reference.

26. Defendants, from May 2003 to the present, directly or indirectly, in the offer or sale of securities, by use of the means and instruments of transportation and communication in interstate commerce and/or by use of the mails, have and are employing devices, schemes, or artifices to defraud.

27. As part of, and in and in furtherance of, this scheme, defendants, directly and indirectly, prepared, disseminated or used materials, including but not limited to an internet website, that contain untrue statements of material facts and which omit to state material facts

necessary in order to make the statements made, in light of the circumstances in which they were made, not misleading, including, but not limited to, the statements and omissions set forth in this Complaint.

28. Defendants know, or are reckless in not knowing, that the statements they made are materially false and misleading.

29. By reason of the foregoing, defendants have violated, and unless enjoined, will continue to violate, Section 17(a)(1) of the Securities Act of 1933 [15 U.S.C. §§ 77q(a)(1)].

## SECOND CLAIM

### Toks and Ogunjobi Violated Section 17(a)(3) of the Securities Act
### (Fraud in the Offer or Sale of Securities)

30. Paragraphs 1 through 27 are realleged and incorporated herein by reference.

31. Defendants, from May 2003 to the present, directly or indirectly, in the offer or sale of securities, by use of the means and instruments of transportation and communication in interstate commerce and/or by use of the mails, have and are engaging in transactions, practices, or courses of business which operate or would operate as a fraud or deceit.

32. As part of, and in and in furtherance of, this scheme, defendants, directly and indirectly, prepared, disseminated or used materials, including but not limited to an internet website, that contain untrue statements of material facts and which omit to state material facts necessary in order to make the statements made, in light of the circumstances in which they were made, not misleading, including, but not limited to, the statements and omissions set forth in this Complaint.

33. By reason of the foregoing, defendants have violated, and unless enjoined, will continue to violate, Section 17(a)(3) of the Securities Act of 1933 [15 U.S.C. § 77q(a)(3)].

## THIRD CLAIM

### Toks and Ogunjobi Violated Section 14(e) of the Exchange Act And Exchange Act Rules 14e-8 and 14d-2(b) (Fraud and Filing Violations in Connection With a Tender Offer)

34. Paragraphs 1 through 33 are realleged and incorporated herein by reference.

35. Defendants, from at least May 2003 through the present, made, and are making, materially false and misleading statements and omissions in their offering materials in connection with tender offers for at least fifteen (15) major target corporations. Defendants know, or are reckless in not knowing, that the statements they made, and are making, or failed, and are failing, to make, are materially false and misleading.

36. Defendants, from at least May 2003 through the present, publicly announced through their offering materials that they plan to make tender offers for at least fifteen (15) major corporations targeted for takeover, without having any reasonable belief that they have the means to purchase securities to complete the offers. Neither defendant has the assets, means, financing, or resources required to purchase the securities necessary to complete the tender offers. They have no reasonable belief that they can obtain the assets, means, financing, or resources to purchase the securities to complete the offers.

37. Defendants made, and are making, untrue statements of material facts or omitted, and are omitting, to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or engaged, and are engaging, in fraudulent, deceptive, or manipulative acts or practices, in connection with tender offers, in violation of Section 14(e) of the Securities Exchange Act of 1934 [15 U.S.C. § 78n(e)].

38. Defendants publicly announced that they plan to make tender offers that have not yet been commenced and defendants do not have any reasonable belief that they have the means

11

to purchase securities to complete the offers, in violation of Rule 14e-8 under the Securities Exchange Act of 1934 [17 C.F.R. § 240.14e-8].

39. Also Defendants made pre-commencement written communications and public announcements to the investing public in connection with a tender offer without filing the communications with the Commission, providing the communications to the subject companies, and including the required information, legend and advisements to investors, in violation of Rule 14d-2(b) under the Securities Exchange Act of 1934 [17 C.F.R. § 240.14d-2(b)].

40. By reason of the foregoing, defendants violated and, unless enjoined, will continue to violate Section 14(e) of the Securities Exchange Act of 1934 [15 U.S.C. § 78n(e)] and Rules 14e-8 and 14d-2(b) thereunder [17 C.F.R. §§ 240.14e-8 and 240.14d-2(b)].

## FOURTH CLAIM

### Violations of Section 5 of the Securities Act
### (Violations of the Registration Provisions)

41. Paragraphs 1 through 40 are realleged and incorporated herein by reference.

42. The notes offered by defendants are securities within the meaning of Section 2(a)(1) of the Securities Act of 1933 [15 U.S.C. § 77b(a)(1)].

43. From at least May 2003 to the present, defendants have been offering to sell the notes and have been, directly or indirectly, making use of the means and instruments of transportation and communication in interstate commerce and/or of the mails to offer to sell the notes and to offer to buy the securities of at least fifteen (15) major targeted corporations through the use or medium of a prospectus and communications on the internet's world wide web without filing with the Commission or having an effective registration statement and without the prospectuses meeting the requirements of Section 10 of the Securities Act of 1933 [15 U.S.C. § 77j], all in violation of Section 5 of the Securities Act of 1933 [15 U.S.C. § 77e].

44. Defendants offered their securities to the public through a general solicitation of investors. Defendants have not filed a registration statement with the Commission and no registration statement is in effect with respect to the notes. No exemption to registration is applicable to the notes. The notes are not exempt securities.

45. By reason of the foregoing, defendants violated and, unless enjoined, will continue to violate Section 5 of the Securities Act of 1933 [15 U.S.C. § 77e].

**PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court grant a Preliminary and Permanent Injunction:

I.

Preliminarily and permanently restrain and enjoin defendants from violating, directly or indirectly, Sections 5 and 17(a)(1) and 17(a)(3) of the Securities Act of 1933 [15 U.S.C. §§ 77e, 77q(a)(1) and 77q(a)(3)], and Section 14(e) of the Securities Exchange Act of 1934 [15 U.S.C. §§ 78j(b)] and Rules 14d-2(b) and 14e-8 [17 C.F.R. §§ 240.14d-2(b) and 240.14e-8] thereunder;

II.

Preliminarily and permanently restrain and enjoin defendants from participating in the sale of any security unless a registration statement is in effect or offering to sell or buy any security unless a registration statement has been filed;

III.

Order defendants to pay a civil penalty pursuant to Section 20(d) of the Securities Act of 1933 [15 U.S.C. § 77t(d)] and Section 21(d) of the Securities Exchange Act of 1934 [15 U.S.C. § 78u(d)];

## IV.

Enter an order directing each defendant to repatriate and disgorge their ill-gotten gains and profits from the conduct stated in this Complaint, plus prejudgment interest;

## V.

Enter an order prohibiting defendants from accepting funds from investors in connection with the offering described in this Complaint;

## VI.

Enter an order requiring each defendant to provide to the Commission an accounting, by persons or entities not unacceptable to the Commission, to determine the full amount of the monies received as a result of their conduct stated in this Complaint;

## VII.

Enter an order expediting discovery and barring defendants from destroying any documents that relate in any way to any matters alleged herein;

## VIII.

Retain jurisdiction of this action in order to implement and carry out the terms of all orders and decrees that the Court may enter, or to entertain any suitable application or motion for additional relief within the jurisdiction of the Court; and

## IX.

Grant such other relief as this Court may deem just and appropriate.

Respectfully submitted,

*/s/ Carl A. Tibbetts*

Carl A. Tibbetts (Trial Counsel) (CT-3248)
Antonia Chion    # 281139
Christopher R. Conte
Jeffrey P. Weiss
Joseph F. Griffin

Attorneys for Plaintiff
United States Securities and Exchange Commission
450 Fifth Street, NW, Stop 9-11
Washington, DC 20549-0911
(202) 942-4817 (Tibbetts)
Facsimile (202) 942-9581
Electronic Mail: TibbettsC@SEC.Gov

This 25 day of August, 2003, at Washington, District of Columbia.