# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

---

**UNITED STATES SECURITIES AND EXCHANGE COMMISSION,**
450 Fifth Street, N.W.,
Washington, DC 20549-0911,
   *Plaintiff,*

v.

**TOKS, INC.,** and
**ADE O. OGUNJOBI,**
   *Defendants*

1:03CV01787 (PLF)

**FILED**

MAR 2 5 2004

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

---

### FINAL JUDGMENT GRANTING PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF

**WHEREAS,** Plaintiff, United States Securities and Exchange Commission, has applied for a Final Judgment granting a Permanent Injunction and Other Equitable Relief;

**WHEREAS,** on January 20, 2004, the Court ordered defendants Toks, Inc., and Ade O. Ogunjobi to respond to the Commission's motion for injunctive relief on or before February 17, 2004, or the Commission's motion could be deemed conceded and the relief requested by the Commission granted pursuant to Local Civil Rule 7.1;

**WHEREAS,** defendants Toks, Inc., and Ade O. Ogunjobi did not respond to the Commission's motion for injunctive relief as ordered by the Court;

**WHEREAS,** the Court entered the Commission's proposed Order Granting Preliminary Injunction and Other Equitable Relief on March 10, 2004;

**WHEREAS,** the Court has jurisdiction over the subject matter of this action and over the defendants Toks, Inc., and Ade O. Ogunjobi and venue properly lies in this District;



**WHEREAS**, defendants Toks and Ogunjobi are offering "Toks, Inc. Secured Promissory Notes" (Notes) through the Toks internet website at www.tspnotes.com, with the stated purpose of raising between one billion dollars ($1,000,000,000) and ten billion dollars ($10,000,000,000) to pay Commission filing fees claimed to be at least four million dollars ($4,000,000,000) and to finance tender offer deals for the stock of at least fifteen (15) of the world's largest corporations including AOL Time Warner, Inc., AT&T Corporation, AT&T Wireless Services, Inc., Hughes Electronics Corporation, Marriott International, Inc., Comcast Corporation, General Electric Company, General Motors Corporation, Microsoft Corporation, Fox Entertainment Group, Inc., News Corporation, SBC Communications, Tribune Company, Vivendi Universal SA, and Vodaphone Group, which are targets of the touted tender offer deals;

**WHEREAS**, defendants claim the tender offers will require at least five trillion dollars ($5,000,000,000,000) in stock;

**WHEREAS**, defendants admit to having no assets, no sales, no revenues, no employees, and no stable office;

**WHEREAS**, defendants Toks and Ogunjobi have no commitments from any banks, investment firms, underwriters, institutions, clearing firms, attorneys, or financiers;

**WHEREAS,** defendant Toks has not registered the offering of the Notes with the Commission despite admitting that: (i) Toks is a public entity offering the Notes to the investing public in a general solicitation for "shareholders"; (ii) the Notes are redeemable by Toks for shares at its option; (iii) the Notes will be exchanged for publicly traded stock within nine (9) months and before the "deals" are closed; and (iv) Toks is issuing stock to shareholders;

**WHEREAS,** defendants Toks' and Ogunjobi's offering of the Notes does not qualify for any exemptions from registration, and the Notes are not exempt securities under the Federal securities laws;

**WHEREAS,** defendants Toks and Ogunjobi could not have a reasonable belief that they have the means to purchase at least five trillion dollars ($5,000,000,000,000) of stock to complete tender offers for fifteen (15) or more of the world's largest companies;

**WHEREAS,** defendants Toks' and Ogunjobi's offering of the Notes to the investing public and the materially false and misleading statements contained in the publicly disseminated offering materials operate as a fraud because they create the materially false and misleading impression that Toks' proposed tender offers are legitimate and that the "deals" will likely be consummated, when the consummation of any of these tender offer deals is impossible;

**WHEREAS,** defendants Toks and Ogunjobi know, or are reckless in not knowing, that Toks does not have any of the resources, means, or assets to accomplish the promised tender offers;

**WHEREAS**, the offering of the Notes also contains a number of materially false or misleading statements and omissions claiming that defendants Toks and Ogunjobi can pledge billions of dollars in securities for the Notes, will issue trillions of dollars of stock, will increase revenues for the target companies and wipe out their debt by billions of dollars, will enter into "deals" worth trillions of dollars, will have cash reserves of hundreds of billions of dollars, and will have billions of dollars of proceeds from the Notes to pay back investors ten (10) times their investment;

**NOW, THEREFORE:**

I.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that defendants Toks, Inc., and Ade O. Ogunjobi and their agents, servants, employees, attorneys-in-fact, successors-in-interest, and assigns, and all those persons in active concert or participation who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from, directly or indirectly, through the use of any means or instrumentality of transportation or communication in interstate commerce or of the mails, or of the facilities of a national securities exchange:

    (1) employing any device, scheme, or artifice to defraud; or

    (2) engaging in any transaction, act, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser,

in connection with the offer or sale of any security, in violation of Sections 17(a)(1) and 17(a)(3) of the Securities Act of 1933 [15 U.S.C. §§ 77q(a)(1) and 77q(a)(3)].

## II.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that defendants Toks, Inc., and Ade O. Ogunjobi and their agents, servants, employees, attorneys-in-fact, successors-in-interest, and assigns, and all those persons in active concert or participation who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from, directly or indirectly, making use of any means or instruments of transportation or communication in interstate commerce or of the mails:

(1) to sell any security through the use or medium of a prospectus or otherwise, or to carry or cause to be carried through the mails or in interstate commerce any security for the purpose of sale or for delivery after sale, unless a registration statement is in effect as to the security;

(2) (i) to transmit any prospectus relating to any security with respect to which a registration statement has been filed, unless the prospectus meets the requirements of Section 10 of the Securities Act of 1933 [15 U.S.C. § 77j], or (ii) to carry or cause to be carried through the mails or in interstate commerce for the purpose of sale or for delivery after sale any such security unless accompanied or preceded by a prospectus that meets the requirements of Section 10(a) of the Securities Act [15 U.S.C. § 77j(a)]; or

(3) to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security unless a registration statement at to the security has been filed or while the registration statement is subject of a refusal order or stop order or any public proceeding or examination under Section 8 of the Securities Act of 1933 [15 U.S.C. § 77h], in violation of Section 5 of the Securities Act of 1933 [15 U.S.C. § 77e].

III.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that defendants Toks, Inc., and Ade O. Ogunjobi and their agents, servants, employees, attorneys-in-fact, successors-in-interest, and assigns, and all those persons in active concert or participation who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from, directly or indirectly, participating in any way in the sale of any security while acting as, on behalf of, or in association with, an issuer, underwriter, broker, or dealer involved in such sale, unless a registration statement is in effect pursuant to the Securities Act of 1933 [15 U.S.C. § 77a *et seq.*] as to the security; or participating in any way in the offer to sell or the offer to buy any security while acting as, on behalf of, or in association with, an issuer, underwriter, broker, or dealer involved in such offer, unless a registration has been filed pursuant to the Securities Act of 1933 [15 U.S.C. § 77a *et seq.*] as to the security;

IV.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that defendants Toks, Inc., and Ade O. Ogunjobi and their agents, servants, employees, attorneys-in-fact, successors-in-interest, and assigns, and all those persons in active concert or participation who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from: (i) making any untrue statement of a material fact or omitting to state any material fact necessary in order to make the statements made, light of the circumstances under which they are made, not misleading, or to engage in any fraudulent, deceptive, or manipulative acts or practices, in connection with any tender offer, request or invitation for tenders, or any solicitation of

security holders in opposition to or in favor of any such offer, request, or invitation, in violation of Section 14(e) of the Securities Exchange Act of 1934 [15 U.S.C. § 78n(e)] and (ii) publicly announcing that Toks' and Ogunjobi's plan to make a tender offer, that has not yet been commenced, without having a reasonable belief that they will have the means to purchase securities to complete the offer in violation of Rule 14e-8 under the Exchange Act [17 C.F.R. § 240.14e-8].

## V.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that defendants Toks, Inc., and Ade O. Ogunjobi and their agents, servants, employees, attorneys-in-fact, successors-in-interest, and assigns, and all those persons in active concert or participation who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from making written communications relating to a tender offer, including and after the first public announcement of the tender offer, without: (i) filing the communications with the Commission; (ii) delivering the communications to the subject company; and (iii) including the information, legend, and advisement, as required by Rule 14d-2(b) under the Securities Exchange Act of 1934 [17 C.F.R. § 240.14d-2(b)].

## VI.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that defendants Toks, Inc., and Ade O. Ogunjobi and their agents, servants, employees, attorneys-in-fact, successors-in-interest, and assigns, and all those persons in active concert or participation with him who receive actual notice of this Final Judgment by personal service or

otherwise, and each of them, are prohibited from accepting funds from any investor in connection with the offering of the Notes.

## VIII.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Court will retain jurisdiction of this action in order to implement and carry out the terms of all orders and decrees that the Court may enter, or to entertain any suitable application or motion for additional relief within the jurisdiction of the Court.

## IX.

There being no just reason for delay, the Court hereby directs the Clerk, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, to enter this Final Judgment forthwith.

**IT IS SO ORDERED:**

*/s/ Paul L. Friedman*

PAUL L. FRIEDMAN
United States District Judge
for the District of Columbia

Entered this 24th day of March, 2004.

Requested by:

*/s/ Carl A. Tibbetts*
Carl A. Tibbetts,
Assistant Chief Litigation Counsel
Antonia Chion, Associate Director
Christopher R. Conte, Assistant Director
Jeffrey P. Weiss, Deputy Assistant Director
Joseph F. Griffin, Senior Counsel
**U. S. Securities and Exchange Commission**
Telephone: (202) 942-4817
Facsimile: (202) 942-9581
450 Fifth Street, N.W., Stop 9-11
Washington, D.C. 20549-0911