# EXHIBIT D

Westlaw.

Not Reported in F.Supp.
Not Reported in F.Supp., 1997 WL 401669 (S.D.N.Y.)
(Cite as: 1997 WL 401669 (S.D.N.Y.))

Page 1

**H**

Only the Westlaw citation is currently available.

United States District Court, S.D. New York.
ERDMAN TECHNOLOGIES CORPORATION,
Plaintiff,
v.
US SPRINT COMMUNICATIONS COMPANY
L.P., Defendant.
**No. 91 CIV. 7602(PKL).**

July 16, 1997.

Richard C. Bartel P.O. Box 70805 Chevy Chase,
Maryland 20813

Stephen A. Weingrad, Esq. Weingrad & Weingrad,
PC 350 Fifth Avenue, Suite 7720 New York, New
York 10118

Charles T. Lee, Esq.John R. Marvin, Esq. Paul,
Hastings, Janofsky & Walker 399 Park Avenue
New York, New York 10022

*MEMORANDUM ORDER*

LEISURE, District Judge.

*1 This action involves plaintiff's acquisition of
four toll-free telephone numbers from defendant, a
common carrier that provides long-distance tele-
communications services pursuant to tariffs on file
with the Federal Communications Commission (the
"FCC") and various state public utility commis-
sions. Plaintiff asserts that defendant wrongfully
terminated the phone numbers in September of
1991. By Memorandum Order dated April 9, 1992,
the Court granted defendant's motion to stay this
action under the doctrine of primary jurisdiction,
pending the FCC's resolution of the dispositive is-
sues in this case. This action was placed on the Sus-
pense Docket of the Court on April 9, 1992,
pending a final determination by the FCC.

By letter dated September 24, 1996 and signed by
plaintiff's then-attorney Stephen A. Weingrad, Esq.,
plaintiff informed the Court that the case was dis-
missed by the FCC and that the "file" was closed.
Based on plaintiff's representations, the Court dis-
missed this action by Order dated September 26,
1996. On January 8, 1997, Richard C. Bartel
("Bartel"), appearing *pro se,* moved to intervene in
this action and to remove this case from the Sus-
pense Docket. By Order dated January 29, 1997,
the Court denied the motion because the action had
been dismissed.

Bartel moves the Court to reconsider its January 29,
1997 order denying his motion to intervene be-
cause, he contends, plaintiff's September 24, 1996
letter incorrectly informed the Court that the action
pending before the FCC had been dismissed. In
support of this contention, Bartel submits a copy of
a facsimile letter signed by Walter Steimel, Jr.,
Esq., plaintiff's attorney before the FCC, which
states that plaintiff has moved for reconsideration
before the FCC. In addition, the Court has received
a letter dated March 9, 1997, from plaintiff's former
attorney Stephen A. Weingrad, Esq., which states
that:

I was informed by my client last year that [this]
case had been dismissed by the [FCC]. I have now
been informed that his attorney Walter Steimel Jr.
has filed an appeal. In the interim your Honor has
entered an order dismissing the case which had
been previously ... marked in suspension. We
would ask your [H]onor to reconsider the dismissal
order and reverse it and place the case on the sus-
pension calendar. We are sorry for any inconveni-
ence that it may have caused, I was not aware [sic]
nor consulted concerning the appeal.

For the reasons stated below, Bartel's motion for re-
consideration is denied.

DISCUSSION

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

As stated in the January 29, 1997 order, this action had been dismissed at the time Bartel filed the motion to intervene. Accordingly, the Court denied the motion to intervene. Bartel's claim that the action was improperly dismissed does not lead the Court to a different conclusion. Plaintiff has not formally moved to have the action reinstated. Unless and until the action is reinstated, the Court can not grant the motion to intervene.

**\*2** Even if the action had been pending at the time the motion to intervene was filed, the Court would have denied the motion on the merits because Bartel failed to satisfy the requirements for intervention under Rule 24 of the Federal Rules of Civil Procedure. First, he failed to submit a motion stating the grounds for intervention "accompanied by a pleading setting forth the claim or defense for which intervention is sought." Fed.R.Civ.P. 24(c). This deficiency alone would have been sufficient to deny the motion. *See Abramson v. Pennwood Inv. Corp.,* 392 F.2d 759, 761-62 (2d Cir.1968) (affirming denial of motion to intervene because appellant failed to comply with formal requirements of Rule 24(c)); *Rosgoscirc v. Circus Show Corp.,* Nos. 92 Civ. 8498, 93 Civ. 1304, 1993 WL 277333, at *10 (S.D.N.Y. July 16, 1993) (dismissing motion to intervene because movant failed to comply with formal requirements of Rule 24(c)); *see also Hispanic Soc'y of the New York City Police Dep't Inc. v. New York City Police Dep't,* 806 F.2d 1147, 1154 (2d Cir.1986) ("The need for formal intervention is thus as great as the need for named plaintiffs or defendants to state a well-pleaded claim or defense."), *aff'd sub nom. Marino v. Ortiz,* 484 U.S. 301, 108 S.Ct. 586, 98 L.Ed.2d 629 (1988).

Second, and more importantly, Bartel's brief and vague allegations fall well short of satisfying either the **Rule 24( a) standard** for **intervention** as of right or the more lenient **Rule 24( b) standard** for permissive **intervention**. The Court of Appeals for the Second Circuit has instructed that:

In order to intervene as of right under Fed.R.Civ.P.

24(a)(2), an applicant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action. *See United States v. State of New York,* 820 F.2d 554, 556 (2d Cir.1987). "Failure to satisfy any one of these requirements is sufficient grounds to deny the application." *Id.* (citations omitted).

* * *

Under **Rule 24( b)**(2), an applicant may be permitted to **intervene** in an action "when an applicant's claim or defense and the main action have a question of law or fact in common." Fed.R.Civ.P. 24(b)(2).

*New York News, Inc. v. Kheel,* 972 F.2d 482, 485, 487 (2d Cir.1992); *accord United States v. Pitney Bowes, Inc.,* 25 F.3d 66, 70, 73 (2d Cir.1994). In his moving papers, Bartel merely claimed, without elaboration, that he "has financial and policy interest(s) in the issues raised by this Court, insofar as the resolution may bind the Defendant or other carriers, code administrators, or RespOrgs as to others, or may bind the FCC in future cases, including in the Southern District of New York" and that he "intends to implement phone number marketing access from the Southern District and has equitable interest in entities doing business there." Mot. Intervention. These allegations are woefully inadequate.

## CONCLUSION

**\*3** For the reasons stated above, the motion for reconsideration is HEREBY DENIED.

SO ORDERED.

S.D.N.Y.,1997.
Erdman Technologies Corp. v. US Sprint Communications Co., L.P.
Not Reported in F.Supp., 1997 WL 401669 (S.D.N.Y.)

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1997 WL 401669 (S.D.N.Y.)
**(Cite as: 1997 WL 401669 (S.D.N.Y.))**

END OF DOCUMENT

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.