David J. Sheehan
Marc Hirschfield
Alissa M. Nann
BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Esq.,*
*Trustee for the SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　Plaintiff-Applicant,<br><br>　　　　v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation |

**EX PARTE APPLICATION OF TRUSTEE FOR AN ORDER AUTHORIZING**
**TRUSTEE TO FILE CERTIFICATE OF SERVICE UNDER SEAL**

　　　　Irving H. Picard, Esq. (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC (the "Debtor"), under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq*. ("SIPA"),[1] by and through his undersigned counsel, for his E*x Parte* application (the "Application") for entry of an order, pursuant to sections 105(a) and 107(c) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Civil Procedure (the "Bankruptcy Rules"), authorizing the Trustee to file under seal the certificate of service ("Certificate of Service") relating to the Trustee's Motion for an Order pursuant to section 78fff(a) of SIPA and section105(a) and 363 of the Bankruptcy Code Authorizing the Amendment of and Termination of Certain Employee

---

[1] For convenience, future reference to SIPA will not include "15 U.S.C."

300011541

Benefits Plans (the "Termination Motion") [Docket No. 207], as further described below, respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the Application pursuant to section 78eee(b)(4) of SIPA and the order (the "Protective Decree") entered on December 15, 2008 [Docket No. 4] by the Honorable Louis L. Stanton, United States District Judge, United States District Court for the Southern District of New York in Case No. 08 CV 10791, and 28 U.S.C. §§ 157 and 1334. Venue of this case is proper in this district pursuant to section 78eee(b)(4) of SIPA and 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 105(a) and 107(c) of the Bankruptcy Code, and Rule 9018 ("Rule 9018") of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND AND RELIEF REQUESTED

2. On May 15, 2009, the Trustee filed the Termination Motion seeking Court approval to enter into (i) amendments and/or terminations to certain Employee Plans[2] and (ii) Resolutions to effectuate such amendments and/or terminations. Notice of the Termination Motion and a Notice of Termination were provided via U.S. mail on May 15, 2009 to all current and prior employees ("Employees") of the Debtor from May 1, 2007 through the Filing Date, and third parties reasonably believed to have a colorable interest in one or more of the Employee Plans.

3. As the Court is aware, given the high optics of this case, the names and addresses of the Employees of Debtor is information that is highly sensitive. The Employees are innocent people who have been victimized by Bernard Madoff's fraud by, among other things, losing their jobs and possibly being stigmatized by their relation to Madoff. The Trustee does not want to further victimize the Employees by publically disclosing their names and addresses. Accordingly, by this Application the Trustee requests entry of the order, substantially in the form of Exhibit A attached hereto, authorizing the Trustee to file under seal the Certificate of Service relating to the Termination Motion.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Termination Motion.

2

300011541

**BASIS FOR RELIEF REQUESTED**

4.     Section 107(c)(1) of the Bankruptcy Code provides bankruptcy courts with power to issue orders that will protect entities from potential harm:

> The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
> (A) Any means of identification (as defined in section 1028(d) of title 18) contained in a paper filed, or to be filed, in a case under this title.
>
> (B) Other information contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c)(1).

5.     The purpose of §107(c), specifically, is to set forth a limited exception to the general rule that all records are public, allowing a court to limit public access of certain identification information if it determines that cause exists and dissemination of the information would constitute an undue risk of identity theft or other injury. French v. Am. Gen. Fin. Servs. (In re French), 401 B.R. 295, 305-306 (Bankr. E.D. Tenn. 2009). According to the legislative history, §107(c) was created to address privacy concerns and to prevent the "disclosure of sensitive information in light of the emerging problem of identity theft and also the possible need to protect individuals from domestic violence or other injury." Id. (citing 2 COLLIER ON BANKRUPTCY ¶ 107.LH[2] (15th ed. 2008)). A court has broad discretion to protect individuals with respect to any identifying information in a paper to be filed with the court to the extent that the court finds that disclosure would create unlawful injury to the individual or his/her estate. 2 COLLIER ON BANKRUPTCY ¶ 107.04[1] (15th ed. 2007).

6.     The Trustee submits that the information listed on the Certificate of Service, as it relates to the Employees, falls under the "means of identification" listed in 18 U.S.C. 1028(d), which includes, among other things, and individual's name and address. The Trustee further submits that, in the highly publicized and emotionally charged environment of this case, it is appropriate to file the Certificate of Service under seal to protect the Employees from further potential victimization and stigma.

300011541

**NOTICE**

7.  In accordance with Rule 9018, no notice of this Application be given.

**WHEREFORE**, the Trustee respectfully requests that the Court (a) enter an order substantially in the form attached hereto as Exhibit A, granting the relief requested herein; and (b) grant such other and further relief to the Trustee as the Court deems proper.

Dated: New York, New York
Respectfully submitted,
     May 21, 2009

 /s/ Alissa Nann
David J. Sheehan
Marc Hirschfield
Alissa M. Nann
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Esq.,
Trustee for the SIPA Liquidation of Bernard L.
Madoff Investment Securities LLC*

4

300011541