# Exhibit B

**EXHIBIT B**

**AMENDMENT AND TERMINATION OF THE
BERNARD MADOFF INVESTMENT SECURITIES, LLC
CAFETERIA PLAN
(PREMIUM CONVERSION PLAN, HEALTH CARE SPENDING ACCOUNT, AND
DEPENDENT CARE SPENDING ACCOUNT)
(Amended and Restated Effective December 1, 2007)**

This Declaration of Amendment and Termination is made this ____ day of May, 2009, by Bernard L. Madoff Investment Securities LLC ("BLMIS"):

**WITNESSETH THAT:**

WHEREAS, BLMIS has previously adopted the Bernard Madoff Investment Securities, LLC Cafeteria Plan (the "Plan") for the benefit of those employees who are eligible thereunder, which such Plan was last amended and restated effective December 1, 2007;

WHEREAS, Irving H. Picard, as Trustee ("Trustee") for the liquidation of BLMIS has retained the power and authority to amend and terminate the Plan according to Page 30 of the Plan document and as authorized by order of the United States Bankruptcy Court entered on May ___, 2009;

NOW, THEREFORE, BLMIS hereby amends the Plan as follows, effective as of the dates indicated herein:

1. **Termination and Cessation of Benefits and Coverage.** Effective December 31, 2008, all Covered Employees' elections for contributions to the Health Care and Dependent Care Flexible Spending Accounts ceased and no further elections were permitted. Effective May 31, 2009, the Plan is terminated and all benefits and coverages provided under the Plan shall cease and no additional benefits shall be provided for any claims incurred after May 31, 2009 (or such earlier date(s) as provided under the Plan). However, any necessary actions required to wind up the Plan, including claim adjudication, shall proceed.

2. **Cessation of Plan Contributions to Flexible Spending Accounts.** Effective December 31, 2008, Page 1 of the Plan shall be amended by the addition of the following text after the last sentence in the third paragraph:

> "Effective December 31, 2008, elections for contributions to the Flexible Spending Accounts will not be valid after December 31, 2008."

3. **Definition of Flexible Spending Account.** Effective December 31, 2008, the definition of "Flexible Spending Account" on Page 2 of the Plan shall read as follows:

> "Flexible Spending Account means a Health Care Spending Account and/or a Dependent Care Spending Account. Effective December 31, 2008, elections for contributions to the Flexible Spending Accounts will not be valid after December 31, 2008."

4. **Annual Re-Enrollment in the Flexible Spending Account.** Effective December 31, 2008, Page 6 of the Plan shall be amended so that the following sentence shall be added after the last sentence of the last paragraph in the section entitled "Annual Re-Enrollment":

> "Effective December 31, 2008, contributions to the Flexible Spending Account will not be valid after December 31, 2008."

5. **Termination of Coverage for Covered Employees on Military Leave.**

Effective as of May 30, 2009, Page 10 of the Plan, which presently states:

> "Regardless of any other provision of the Plan, if a Covered Employee takes a leave of absence from employment with the Employer because of military service, the Covered Employee may elect to continue coverage under a Qualified Benefit Plan to the extent required by the Uniformed Services Employment and Reemployment Rights Act ("USERRA") for the Covered Employee and the Employee's covered Spouse or Dependents and may change his or her elections under this Plan, as appropriate. The Covered Employee will be required to pay for such coverage in an amount determined under USERRA. Such coverage will end on the earlier of: (1) the last day of the 24-month period beginning on the date the Employee's absence begins; or (2) the day after the date on which the Employee fails to apply for or return to a position of employment with the Employer. An Employee may contact the Plan Administrator for additional information about coverage during periods of military service."

is hereby amended in its entirety to read as follows:

2

> "Regardless of any other provision of the Plan, if a Covered Employee takes a leave of absence from employment with the Employer because of military service, the Covered Employee may elect to continue coverage under a Qualified Benefit Plan to the extent required by the Uniformed Services Employment and Reemployment Rights Act ("USERRA") for the Covered Employee and the Employee's covered Spouse or Dependents and may change his or her elections under this Plan, as appropriate. The Covered Employee will be required to pay for such coverage in an amount determined under USERRA. Such coverage will end on the earlier of: (1) the last day of the 24-month period beginning on the date the Employee's absence begins; or (2) the day after the date on which the Employee fails to apply for or return to a position of employment with the Employer. In no event shall such coverage extend beyond May 31, 2009. An Employee may contact the Plan Administrator for additional information about coverage during periods of military service."

6. **Termination of Coverage for Covered Employees on Family and Medical Leave.** Effective as of May 30, 2009, Page 10 of the Plan, which presently states:

> "Coverage under the Plan shall be provided to a Covered Employee during a period of family or medical leave of absence from the Employer in accordance and only to the extent provided under the Employer's policy under the Family and Medical Leave Act of 1993, as such Act may from time to time be amended."

is hereby amended in its entirety to read as follows:

> "Coverage under the Plan shall be provided to a Covered Employee during a period of family or medical leave of absence from the Employer in accordance and only to the extent provided under the Employer's policy under the Family and Medical Leave Act of 1993, as such Act may from time to time be amended. In no event shall such coverage extend beyond May 31, 2009."

7. **Claims Review Procedure and Plan Administration.** Effective as of May 30, 2009, on Page 21, under the heading "Claims Procedures – Healthcare Spending Account Claims Review Procedures," the paragraph is hereby deleted in its entirety.

8. **Reviews of Initially Denied Claims.** Effective as of May 30, 2009, Page 21 of the Plan, which presently states:

> "A Claimant whose initial claim is denied may request a review of that denial by submitting the request in writing to the Reviewer no later than 180 days after the Claimant receives the notice of an adverse benefit determination. A review will meet the following requirements:"

3

is hereby amended to read as follows:

"Notwithstanding any provision of the Plan to the contrary, including any provisions regarding applicable law, a Claimant whose initial claim is denied may request a review of that denial by submitting the request in writing to the Reviewer no later than 90 days after the Claimant receives the notice of an adverse benefit determination. A review will meet the following requirements:"

9. **Dependent Care Spending Account Claims Review Procedure.** Effective as of May 30, 2009, Page 23 of the Plan, which presently states:

"Requests for appeal that do not comply with this procedure (including failure to provide additional or requested information) will not be considered, except in extraordinary circumstances."

is hereby amended in its entirety to read as follows:

"Requests for appeal that do not comply with this procedure (including failure to provide additional or requested information) will not be considered."

10. **Termination of COBRA Rights.** Effective as of May 30, 2009, Page 25 of the Plan, which presently states:

"Notwithstanding any provision of the plan to the contrary, the employer will provide Covered Employees and covered Spouses and Dependents with all health care continuation coverage rights to which they are entitled under the Consolidated Omnibus Budget Reconciliation Act of 1985 and any other similar, applicable state law."

is hereby amended in its entirety to read as follows:

"Notwithstanding any provision of the plan to the contrary, the employer will provide Covered Employees and covered Spouses and Dependents with all health care continuation coverage rights to which they are entitled under the Consolidated Omnibus Budget Reconciliation Act of 1985 and any other similar, applicable state law. In no event shall such coverage extend beyond May 31, 2009."

11. **Amending the Plan.** Effective as of May 30, 2009, Page 30 of the Plan, which presently states:

"If the Plan is terminated, the rights of the Covered Employees are limited to covered expenses incurred before termination. If the Plan is amended or modified, expenses incurred before the Plan modification or amendment will be considered as provided under the terms of the Plan prior to its amendment or modification. For purposes of this section, "amendment" means, a formal document signed by the Plan Sponsor.

4

> The Plan Sponsor intends to maintain this Plan indefinitely; however, it reserves the right, at any time, without prior notice, to amend, suspend, or terminate the Plan in whole or in part. This includes amending the benefits under the Plan. In the event of the dissolution, merger, consolidation or reorganization of the Plan Sponsor, the Plan will automatically terminate unless it is continued by a successor to the Plan Sponsor."

is hereby amended in its entirety to read as follows:

> "If the Plan is terminated, the rights of all Covered Employees are limited to covered expenses incurred before termination. If the Plan is amended or modified, otherwise-covered expenses legitimately incurred by or on behalf of a Covered Person prior to the modification or amendment of the Plan will be treated as covered expenses which cannot be retroactively rescinded, revoked, or eliminated, subject only to the timely presentment of such covered expenses under the terms of the Plan as so amended or modified.
>
> The Plan Sponsor, by action taken in writing, reserves the right, at any time, without prior notice, to retroactively and/or prospectively amend, suspend, or terminate the Plan in whole or in part, including any amendments that may be adopted after the termination of the Plan, which are effective with respect to the Plan prior to the termination date of the Plan. This includes amending the benefits under the Plan. In the event of the dissolution, merger, consolidation or reorganization of the Plan Sponsor, the Plan will automatically terminate unless it is continued by a successor to the Plan Sponsor."

12. **Statute of Limitations.** Effective as of May 30, 2009, Page 31 of the Plan, which presently states:

> "No legal action may be commenced or maintained to recover benefits under the Plan more than 12 months after the final review/appeal decision by the Plan Administrator has been rendered (or deemed rendered)."

is hereby amended in its entirety to read as follows:

> "No legal action may be commenced or maintained to recover benefits under the Plan more than 3 months after the final review/appeal decision by the Plan Administrator has been rendered (or deemed rendered)."

13. **Conformity with the Law.** On Page 31 of the Plan, the section entitled "Conformity With The Law" is hereby deleted in its entirety.

14. **Inability to Locate Recipient.** Effective as of May 30, 2009, Page 32 of the Plan, which presently states:

> "If the Plan Administrator is unable to make payment to any Covered Employee or other person to whom a payment is due under the Plan because it cannot ascertain the identity

5

or location of that person after reasonable efforts have been made to identify or locate that person (including a notice mailed to the last known address of the person, as shown on the records of the Employer), the payment and all subsequent payments otherwise due to such Participant or other person shall be forfeited eighteen months after the date payment first became due."

is hereby amended in its entirety to read as follows:

"If the Plan Administrator is unable to make payment to any Covered Employee or other person to whom a payment is due under the Plan because it cannot ascertain the identity or location of that person after reasonable efforts have been made to identify or locate that person (including a notice mailed to the last known address of the person, as shown on the records of the Employer), the payment and all subsequent payments otherwise due to such Participant or other person shall be forfeited three months after the date payment first became due."

15. **Disclosure of Protected Health Information.** Effective as of May 30, 2009, Page 36 of the Plan containing the section entitled "Disclosure of Protected Health Information to Plan Sponsor" is hereby amended by the addition of the following new text to the end thereof, such new text to read as follows:

"The Plan and Plan Sponsor will take reasonable steps to ensure the protection of Protected Health Information while the Plan is in effect and after the Plan ceases to provide benefits and/or terminates."

16. **Plan Identification Number.** Effective as of December 1, 2007, the "Plan Number," located on Page 38 of the Plan in the section entitled "General Plan Information," is hereby amended in its entirety to read as follows:

"502"

17. **Plan Year.** Effective as of May 30, 2009, the definition of "Plan Year," located on Page 38 of the Plan in the section entitled "General Plan Information," is hereby amended in its entirety to read as follows:

"Plan Year means the twelve month period beginning January 1 and ending December 31, except that the final Plan Year shall be the period of January 1, 2009 through May 31, 2009."

6

IN WITNESS WHEREOF, Trustee on behalf of BLMIS, has caused this Amendment and Termination to be executed as of the date first written above.

**BERNARD L. MADOFF INVESTMENT SECURITIES LLC.**

By _____
   Irving H. Picard, as Trustee for the Liquidation
   of Bernard L. Madoff Investment Securities LLC

300010933.11