David J. Sheehan  
Email: dsheehan@bakerlaw.com  
Marc Hirschfield  
Email: mhirschfield@bakerlaw.com  
Amy Vanderwal  
Email: avanderwal@bakerlaw.com  
BAKER & HOSTETLER LLP  
45 Rockefeller Plaza  
New York, New York 10111  
Telephone: (212) 589-4200  
Facsimile: (212) 589-4201  

Attorneys for Irving H. Picard, Esq.,  
Trustee for the SIPA Liquidation of  
Bernard L. Madoff Investment Securities  
LLC  

**Hearing Date and Time:** June 9, 2009 at 10:00 a.m.  
**Objection Deadline:** June 5, 2009

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>           Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>           Defendant. | Adv. Pro. No. 08-1789 (BRL)<br><br>SIPA Liquidation |

**MOTION FOR ENTRY OF ORDER PURSUANT TO SECTIONS 1526, 1527 AND 105(a) OF THE BANKRUPTCY CODE APPROVING PROTOCOLS BY AND BETWEEN THE TRUSTEE AND THE JOINT PROVISIONAL LIQUIDATORS OF MADOFF SECURITIES INTERNATIONAL LIMITED**

TO:    THE HONORABLE BURTON R. LIFLAND  
         UNITED STATES BANKRUPTCY JUDGE:

       Irving H. Picard, Esq. (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC (the "Debtor" or "BLMIS"), by and through his undersigned counsel, submits this motion (the "Motion") seeking entry of an

order, pursuant to sections 1526, 1527 and 105(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), seeking approval of certain protocols (collectively, the "Protocols")[1] by and among the (i) Trustee and (ii) Stephen John Akers, Mark Richard Byers and Andrew Laurence Hosking, as joint provisional liquidators (collectively, the "JPLs") of Madoff Securities International Limited ("MSIL") and, in support thereof, the Trustee respectfully represents as follows:

## BACKGROUND

1. On December 11, 2008 (the "Filing Date"),[2] the Securities and Exchange Commission ("SEC") filed a complaint in the United States District Court for the Southern District of New York (the "District Court") against defendants Bernard L. Madoff and the Debtor (together, the "Defendants") (Case No. 08 CV 10791). The complaint alleged that the Defendants engaged in fraud through investment advisor activities of the Debtor.

2. On December 15, 2008, pursuant to section 78eee(a)(4)(A) of SIPA, the SEC consented to a combination of its own action with an application of the Securities Investor Protection Corporation ("SIPC"). Thereafter, pursuant to section 78eee(a)(3) of SIPA, SIPC filed an application in the District Court alleging, inter alia, that BLMIS was not able to

---

[1] The Protocols are annexed hereto as Exhibits "A" and "B."

[2] Section 78lll(7)(B) of the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa et seq. ("SIPA") states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78lll(7)(B). Thus, even though the Application for a Protective Decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

2

meet its obligations to securities customers as they came due and, accordingly, its customers needed the protection afforded by SIPA.

3. On that date, the District Court entered the Protective Decree, to which BLMIS consented, which, in pertinent part:

(a) appointed the Trustee for the liquidation of the business of the Debtor pursuant to section 78eee(b)(3) of SIPA;

(b) appointed Baker & Hostetler, LLP as counsel to the Trustee pursuant to section 78eee(b)(3) of SIPA; and

(c) removed the case to this Court pursuant to section 78eee(b)(4) of SIPA.

4. On December 18, 2008, the District Court entered the Order on Consent Imposing Preliminary Injunction, Freezing Assets and Granting Other Relief Against Defendants.

5. MSIL is an English company that was engaged in the business of securities trading. Essentially, MSIL traded for the personal accounts of Bernard L. Madoff ("Madoff") and members of his family. In addition, the bank accounts of MSIL were used by Madoff for a variety of purposes, including the purchase of personal assets such as luxury yachts, automobiles and furnishings for himself and members of his family. Madoff is the majority shareholder of MSIL and members of his family and other associates own the remainder of the shares.

6. On December 19, 2008, on an application by the directors of MSIL, the High Court of Justice, Chancery Division, Companies Court in the United Kingdom (the "British Court") entered an Order placing MSIL in provisional liquidation and appointing the JPLs. The Trustee was recognized as a foreign representative and the SIPA proceeding was recognized as a foreign main proceeding by the British Court, pursuant to an order dated

300012620

March 3, 2009. An order for cooperation between the Trustee and the JPLs was entered by the British Court on March 6, 2009.

7. The JPLs filed a petition for recognition as a foreign main proceeding in the United States Bankruptcy Court for the Southern District of Florida on April 14, 2009, as provided in section 1509 of the Bankruptcy Code. On the same day, the JPLs were granted full administration and realization of all assets of MSIL in the United States.

8. After a hearing in this Court on May 6, 2009, the recognition proceeding was transferred to the United States District Court for the Southern District of New York pursuant to Rule 1014 of the Federal Rules of Bankruptcy Procedure. This Court adjourned the hearing for recognition and, pursuant to Rule 2002(q) of the Federal Rules of Bankruptcy Procedure, a hearing for recognition is scheduled for June 9, 2009.

## THE PROTOCOLS

9. As the Court is aware, it has been, and it continues to be, the Trustee's paramount goal to maximize recoveries in order to compensate the victims of Madoff's sordid scheme. In furtherance of that goal, the Trustee believes that it is appropriate to prevent duplication of effort, maximize efficiencies and minimize expenses. For these reasons, the Trustee believes that it is appropriate and consistent with the relevant provisions of the Bankruptcy Code to enter into the Protocols.

10. The nature of the business and the fraud conducted by Bernard Madoff is such that each of BLMIS and MSIL is likely to have assets and/or liabilities in both England and the United States (as well as many other jurisdictions). Furthermore, while more investigation is required, it is apparent that the affairs of BLMIS and MSIL are closely intertwined. In fact, BLMIS appears to be the largest creditor of MSIL. As a result,

evidence relating to the assets and liabilities of each of BLMIS and MSIL may be held by the other entity.

11. The Trustee, SIPC and the JPLs believe that the proper administration of each of the estates is dependent on cooperation and information sharing.

12. Accordingly, the Trustee and the JPLs have entered into the two Protocols. First, the Trustee and the JPLs have entered into the Cross-Border Insolvency Protocol for the Bernard Madoff Group of Companies (the "Cross-Border Protocol"). A copy of the Cross-Border Protocol is attached hereto as Exhibit "A." A summary of the principal terms of the Cross-Border Protocol is set forth below.[3]

- Where possible, the Representatives shall have the right to appear in all Proceedings and the Representatives shall provide each other with notice of any hearing, meeting, application, statutory deadline, or other matter in which the relevant Representative has an interest.

- To the extent appropriate, each Representative shall keep the other apprised of their activities and all relevant information and material developments, and will share non-public information regarding BLMIS and MSIL. All communications between the Representatives shall subject to the relevant privilege. In this regard, the Representatives and SIPC have entered into an agreement regarding confidentiality and/or privileged information of common interest.

- It is intended that the Guidelines Applicable to Court-to-Court Communications in Cross-Border cases be formally adopted by each Tribunal.

- Each Representative will coordinate and cooperate regarding the identification, preservation and realization of assets that the other may have an interest in. The Representatives will quickly determine which Representative is best placed to deal with the assets and will assist each other in the recovery of identified assets.

---

[3] Terms not defined in this section shall have the meaning ascribed in the Cross-Border Protocol. The following is intended to be merely a summary of the Cross-Border Protocol and the Court is respectfully referred to the Cross-Border Protocol itself for a full statement of its content.

5

- The Representatives agree to cooperate in good faith with respect to potential claims between BLMIS and MSIL.

- The Representatives will coordinate with each other regarding cooperation with law enforcement or other agencies.

13.  The Trustee and the JPLs have also entered into an Information Sharing Protocol (the "Information Protocol"), a copy of which is attached as Exhibit "B." Pursuant to the Information Protocol, the Trustee and the JPLs have agreed to the sharing of information regarding the affairs of BLMIS and MSIL, including by their respective agents, FTI Consulting, Inc. and Grant Thornton UK LLP (collectively, the "Investigators"). The Information Protocol sets out categories of information that, subject to objection by the Trustee or the JPLs, may be freely communicated between the Investigators; for example any communications between BLMIS and MSIL. The Trustee and the JPLs have agreed that any information received will be used only to assist the Trustee and the JPLs in their court-appointed roles.

14.  Finally, the Trustee and the JPLs believe that there is a substantial alignment of interest between BLMIS and MSIL and have been engaged in constructive discussions concerning the collection and ultimate distribution of assets consistent with the governing law of their respective jurisdictions and the overall goal of avoiding duplication of effort and maximizing restitution to victims. The Trustee and the JPLs anticipate further filings in their respective courts at the appropriate time.

**LEGAL ARGUMENT**

15.  Given the interrelated nature of the Madoff business and fraud, the proper administration of the estates of BLMIS and MSIL is dependent on cooperation and information sharing. The Protocols will allow for the most efficient administration of the two estates and will prevent duplicative efforts by the Trustee and the JPLs. The Protocols

establish a framework for the coordination of the estates of BLMIS and MSIL and are structured to insure that information is shared appropriately.

16. In addition, the Protocols are consistent with section 1526 and 1527 of the Bankruptcy Code. Section 1526 requires a trustee to, subject to the supervision of the Court, cooperate to the maximum extent possible with a foreign court or foreign representative. 11 U.S.C. § 1526. Further, section 1527 provides that the cooperation described in section 1526 may be implemented by any appropriate means, including "the approval or implementation of agreements concerning the coordination of proceedings." 11 U.S.C. § 1527. The Trustee submits that the Protocols satisfy the cooperation mandate created by these sections of the Bankruptcy Code.

17. Accordingly, it is the view of the Trustee that the Protocols are appropriate and should be approved by this Court.

## NOTICE

18. Notice of this Motion has been given to (i) SIPC; (ii) the JPLs, (iii) the SEC; (iv) the Internal Revenue Service; and (v) the United States Attorney for the Southern District of New York. The Trustee shall also serve, by way of the ECF filing that will be made, each person or entity that has filed a notice of appearance in this case. The Trustee submits that no other or further notice need be given. and respectfully requests that the Court find that such notice is proper and sufficient.

WHEREFORE, the Trustee respectfully requests entry of an Order substantially in the form of Exhibit "C" granting the relief requested herein.

Dated: New York, New York  
       May 29, 2009

Respectfully submitted,

/s/ Marc Hirschfield  
Baker & Hostetler LLP  
45 Rockefeller Plaza  
New York, New York 10111  
Telephone: (212) 589-4200  
Facsimile: (212) 589-4201  
David J. Sheehan  
Email: dsheehan@bakerlaw.com  
Marc Hirschfield  
Email: mhirschfield@bakerlaw.com  
Amy Vanderwal  
Email: avanderwal@bakerlaw.com

*Attorneys for Irving H. Picard, Esq.*  
*Trustee for the SIPA Liquidation of Bernard L.*  
*Madoff Investment Securities LLC*

300012620