# EXHIBIT B

# INFORMATION PROTOCOL

300012620

**STRICTLY PRIVATE & CONFIDENTIAL**
**SUBJECT TO COMMON INTEREST PRIVILEGE - ATTORNEY WORK PRODUCT**

# INFORMATION SHARING PROTOCOL

Protocol for the exchange of information in relation to the Bernard Madoff Group of companies between agents of the Joint Provisional Liquidators and the SIPA Trustee

1. **Background**

   1.1. Irving H. Picard has been appointed trustee ("Trustee") for the liquidation of Bernard L. Madoff Investments Securities LLC ("BLMIS") under the Securities Investor Protection Act ("SIPA"), pursuant to the application of the Securities Investor Protection Corporation ("SIPC"). FTI Consulting, Inc and its subsidiaries and affiliates (together "FTI") are assisting the Trustee in the liquidation of BLMIS.

   1.2. Mark Richard Byers, Andrew Lawrence Hosking, and Stephen John Akers have been appointed the Joint Provisional Liquidators ("JPLs") of Madoff Securities International Limited (MSIL). Grant Thornton UK LLP ("GT") is assisting the JPLs in the provisional liquidation of MSIL.

   1.3. The Trustee and the JPLs (collectively the "Representatives") have agreed that it is in their common interest to share information with each other relating to the affairs of BLMIS and MSIL.

   1.4. The Representatives have agreed that their agents FTI and GT (together the "Investigators") should assist them by sharing information with each other on their behalf in accordance with this Protocol for the Exchange of Information in Relation to the Bernard Madoff Group of Companies Between Agents of the Joint Provisional Liquidators and the SIPA Trustee ("Protocol") and the Cross-Border Insolvency Protocol for the Bernard Madoff Group of Companies also entered into by the Representatives on this day.

2. **Purpose and Aims**

   2.1. The purpose of the Protocol is to provide guidance with respect to the sharing and transferring of information by and between the Representatives and Investigators.

   2.2. The provisions of this Protocol shall be interpreted consistently with the Cross-Border Insolvency Protocol for the Bernard Madoff Group of Companies and the Order dated 27 February 2009 of the High Court of Justice.

1

STRICTLY PRIVATE & CONFIDENTIAL
SUBJECT TO COMMON INTEREST PRIVILEGE - ATTORNEY WORK PRODUCT

3. **Costs**

   3.1. The parties anticipate that the Investigators will incur costs in sharing information and complying with this Protocol. FTI's costs in relation to work performed under this protocol shall be borne in the same way as its other costs in assisting the Trustee with the BLMIS liquidation. Similarly, GT's costs shall be borne in the same way as its other costs in assisting the JPLs with the provisional liquidation of MSIL.

4. **Information to be Communicated**

   4.1. The Trustee shall be responsible for determining which information may be provided by FTI to GT in accordance with applicable laws and regulations, on the understanding that following disclosure such information might be used by the GT and the JPLs in accordance with section 5 of this protocol. FTI shall share information with GT as directed by the Trustee.

   4.2. The JPLs shall be responsible for determining which information may be provided by GT to FTI in accordance with applicable laws and regulations, on the understanding that following disclosure such information may be used by FTI and the Trustee in accordance with section 5 of this protocol. GT shall share information with FTI as directed by the JPLs.

   4.3. Unless otherwise agreed between the Investigators, the Investigator receiving any information does not agree to take custody of, or to preserve, any original evidence provided.

   4.4. The Representatives agree at this time that categories of information that may be freely communicated and transmitted between the Investigators and Representatives, unless objected to by either Representative, include any

   4.4.1. organizational documents regarding MSIL;

   4.4.2. bank statements;

   4.4.3. accounting records;

   4.4.4. wire transfers and/or records of funds transfers to, by, or on behalf of MSIL;

   4.4.5. customer statements;

2

**STRICTLY PRIVATE & CONFIDENTIAL**
**SUBJECT TO COMMON INTEREST PRIVILEGE - ATTORNEY WORK PRODUCT**

    4.4.6. communications to and/or from any investment advisor, broker, banker or referral source;

    4.4.7. communications with regulatory authorities;

    4.4.8. records of trades;

    4.4.9. communications between MSIL and BLMIS, or entities acting for or on their behalf;

    4.4.10. personnel files; and

    4.4.11. communications with any recipients of funds transferred by or on behalf of MSIL

in the possession or under the control of either Representative, the provision of which is necessary for the purposes identified in paragraphs (a), (b), and (d) of the 27 February 2009 Order of the High Court, hereto attached.

4.5. It is expected that the information communicated will likely, though not necessarily, relate to one or more of the following categories:

    4.5.1. The books and records or other physical documents held by BLMIS or MSIL and secured by FTI or GT;

    4.5.2. Electronic data held by BLMIS or MSIL and secured by FTI or GT;

    4.5.3. The work papers or equipment (including IT systems) of one of the Investigators;

    4.5.4. Discussions between one of the Investigators and current or former personnel of BLMIS or MSIL;

    4.5.5. Discussions between one of the Investigators and third parties such as bankers, counterparties or advisers;

    4.5.6. Formal interviews held under statutory powers;

    4.5.7. Information from other legal proceedings;

    4.5.8. Information provided by law enforcement agencies or regulators that the respective party is not forbidden from transmitting; and/or

**STRICTLY PRIVATE & CONFIDENTIAL**
**SUBJECT TO COMMON INTEREST PRIVILEGE - ATTORNEY WORK PRODUCT**

4.5.9. Publicly available information.

4.6. It is envisioned that the information transmitted will encompass data and information that is in, *inter alia*, electronic, hard copy, raw, written, and oral form.

4.7. Information may be provided by any appropriate means. This may include, but is not limited to, written or oral summaries, analyses and commentaries, charts, graphs, tables, copies of documents, transcripts, recordings, access to original evidence or attendance at interviews with third parties.

5. **Use of Information Received & Confidentiality**

5.1. The information received by each Investigator from the other shall only be used for the proper purposes of the recipient in assisting the Trustee and the JPLs in their court-appointed roles. Each Investigator may use all information received from the other for any such purpose, subject to the provisions of Section 6.1.

5.2. No Representative or Investigator shall disclose any non-public information received from any other Representative or Investigator to third parties, other than agents of the Representatives, unless such information disclosure is (i) agreed to by each Representative, (ii) required by applicable law, or (iii) required by order of any Tribunal.

5.3. It is expressly acknowledged and agreed that GT shall establish "Chinese Wall" procedures, such that no employee or other representative of GT receiving information pursuant to this Protocol share such information with any employee or other representative of that division of Grant Thornton in its capacity as the auditor for SIPC, and such that no information received by the JPLs pursuant to the Protocol shall be shared with the relevant division of Grant Thornton which is the auditor of SIPC.

5.4. It is mutually understood that both the Trustee and JPLs are fully cooperating with law enforcement agencies in both the U.K. and U.S.

5.5. Nothing in this Protocol shall be deemed a waiver of any privilege, protection, or immunity with respect to communications between and among Representatives and Investigators, including their employees and agents. The Investigators shall treat communications between each other and with the Representatives, and their respective professionals, employees, agents, and representatives confidentially in accordance with the common interest privilege agreement of even date and shall not waive any attorney-

4

STRICTLY PRIVATE & CONFIDENTIAL
SUBJECT TO COMMON INTEREST PRIVILEGE - ATTORNEY WORK PRODUCT

client, work-product, legal advice, litigation, professional, common interest or other privileges recognised under any applicable law.

5.6. Information received pursuant to this Protocol shall be maintained in the same manner as other information retained by each party, but in all cases securely, and destroyed in accordance with each party's regular information and/or document destruction policy.

## 6. Procedures for the Communication of Compelled Information

6.1. Any information that is compelled, whether pursuant to court order, required by law, or otherwise, shall be considered Compelled Evidence. Compelled Evidence shall only be transmitted to another party pursuant to this Protocol with the consent of both Representatives. Any Compelled Evidence that is so transmitted shall be maintained securely and recorded in a log by both the sender and recipient of the information and labelled "Confidential: Not to be Disclosed." Each party shall designate a person responsible for logging and maintaining custody of Compelled Evidence, and notify the other parties of the designated individual's identity and contact information.

## 7. Amendment and Execution

7.1. Points of contact for the purposes of questions pursuant to this Protocol or amendments to the Protocol are as follows:

    For the JPLs        Stephen J. Akers
                        Grant Thornton
                        30 Finsbury Square
                        London EC2P 2YU

    For the Trustee:    David J. Sheehan, Esq.
                        John W. Moscow, Esq.
                        Baker & Hostetler, LLP
                        45 Rockefeller Plaza, 11th Fl.
                        New York, NY 10111

7.2. This Protocol shall be binding on, and inure to the benefit of, the Representatives' and Investigators' respective successors and assigns, including any liquidator subsequently appointed over MSIL.

7.3. This Protocol shall not create any right for any person or entity that is not a party hereto.

STRICTLY PRIVATE & CONFIDENTIAL
SUBJECT TO COMMON INTEREST PRIVILEGE - ATTORNEY WORK PRODUCT

7.4. Each Representative represents and warrants to the other that its execution, delivery, and performance of this Protocol is within its power and authority, except to the extent that Tribunal approval is required.

7.5. This Protocol may be signed in any number of counterparts, each of which shall be deemed an original and all of which together shall be deemed to be one and the same instrument.

7.6. This Protocol shall be deemed effective upon its approval by both Representatives.

IN WITNESS WHEREOF the Representatives have caused this Protocol to be executed either individually or by their respective attorneys or representatives hereunto authorised.

Dated: 21st MAY 2009

Signed ................................ by

JOINT PROVISIONAL LIQUIDATOR OF MADOFF SECURITIES INTERNATIONAL LTD

Dated: May 21, 2009

Signed ...Irving H Picard... by

Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC

6