Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Marc Hirschfield
Email: mhirschfield@bakerlaw.com
Amy E. Vanderwal
Email: avanderwal@bakerlaw.com

Hearing Date: June 9 2009
Hearing Time: 10:00 a.m.

*Attorneys for Irving H. Picard, Esq.,
Trustee for the SIPA Liquidation of
Bernard L. Madoff Investment Securities LLC*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-1789 (BRL) <br><br> SIPA Liquidation |

**RESPONSE OF TRUSTEE IRVING H. PICARD TO JOINT PROVISIONAL
LIQUIDATORS' EXPEDITED PETITION FOR RECOGNITION OF MADOFF
<u>SECURITIES INTERNATIONAL LIMITED FOREIGN PROCEEDING</u>**

Irving H. Picard, trustee ("Trustee") for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), by his counsel, respectfully submits this Response to the Joint Provisional Liquidators' Expedited Petition for Recognition of Foreign Proceeding and for Commencement of Chapter 15 Ancillary Case in Aid of Foreign Main Proceeding (the "Petition") filed by the Joint Provisional Liquidators ("JPLs") of Madoff Securities International Limited ("MSIL") for

300014047

an order seeking recognition of the High Court Provisional Liquidation (the "Foreign Proceeding") of MSIL as a foreign main proceeding pursuant to chapter 15 of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq. and states as follows:

1. As the Court is aware, it has been, and it continues to be, the Trustee's paramount goal to maximize recoveries in order to compensate the victims of Bernard Madoff's extensive fraud. In this regard, the Trustee believes that it is appropriate to prevent duplication of effort, maximize efficiencies and minimize expenses.

2. In furtherance of this goal, the Trustee entered into two protocols with the JPLs; specifically, the Cross-Border Insolvency Protocol for the Bernard Madoff Group of Companies and the Information Sharing Protocol (collectively, the "Protocols"), both of which are subject to approval by this Court. The Protocols provide a framework for the coordination of activities undertaken by the Trustee and the JPLs, which is necessary given the interrelationships between BLMIS and MSIL.

3. The JPLs commenced the MSIL chapter 15 proceedings in the United States Bankruptcy Court for the Southern District of Florida to recover a vintage luxury car from Peter Madoff. The Trustee had determined that the funds used to purchase Peter Madoff's Aston Martin did not come directly from BLMIS and appear to have come from MSIL. After a hearing in this Court on May 6, 2009, the recognition proceeding was transferred to the United States District Court for the Southern District of New York pursuant to Rule 1014 of the Federal Rules of Bankruptcy Procedure.

4. The JPLs now seek an order (the "JPL Order") from this Court recognizing the Foreign Proceeding as a foreign main proceeding. The relief that the JPLs are seeking in the JPL Order is broad as it permits the JPLs to commence legal actions in the United States, conduct

unlimited discovery,[1] examine Peter Madoff and require him to produce documents, obtain records and obtain additional later relief. As such, the Trustee is concerned about the potential for duplication of effort and unnecessary expense.

5. The Trustee agrees that there may be other actions beyond those related to the vintage car that are appropriate for the JPLs to undertake in the future. However, the Trustee proposes that, for any activities other than those specifically related to the vintage car, the JPLs first discuss their proposed course of action with the Trustee. This dialogue will, in the spirit of the Protocols, allow the Trustee and the JPLs to cooperatively determine who is in the best position to undertake the proposed action, and will avoid duplication of efforts and other inefficiencies that could slow the process leading to distribution to customers or unnecessarily increase expense.

6. Should the Trustee and the JPLs agree that the proposed course action is appropriately undertaken by the JPLs, the JPLs could proceed without any further authorization. If however, the Trustee and the JPLs are unable to agree, the JPLs could proceed with the proposed action only if specifically authorized to do so by this Court.

7. The Trustee believes that this process would ensure that the spirit of the Protocols is protected, while allowing the JPLs to take all steps necessary for the administration of the MSIL estate.

---

[1] The JPLs have agreed to exclude the Trustee and his professionals from the scope of the discovery sought in the JPL Order.

Dated: New York, New York  
       June 4, 2009

Respectfully submitted,

/s/ Marc Hirschfield
_____
Baker & Hostetler LLP  
45 Rockefeller Plaza  
New York, New York 10111  
Telephone: (212) 589-4200  
Facsimile: (212) 589-4201  
David J. Sheehan  
Email: dsheehan@bakerlaw.com  
Marc Hirschfield  
Email: mhirschfield@bakerlaw.com  
Amy E. Vanderwal  
Email: avanderwal@bakerlaw.com

*Attorneys for Irving H. Picard, Esq.*  
*Trustee for the SIPA Liquidation of Bernard L.*  
*Madoff Investment Securities LLC*