WINDELS MARX LANE & MITTENDORF, LLP                  Hearing Date: June 9, 2009 at 10:00 a.m.
*Attorneys for Alan Nisselson, Interim Chapter 7 Trustee*      Objection Deadline:  June 4, 2009
     *For the Estate of Bernard L. Madoff*
156 West 56th Street
New York, New York 10019
Tel:  (212) 237-1000

Attorneys appearing:
Howard L. Simon (hsimon@windelsmarx.com)
Regina Griffin (rgriffin@windelsmarx.com)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------x
SECURITIES INVESTOR PROTECTION
CORPORATION,                                                        Adv. Proc. No. 08-01789 (BRL)
                              Plaintiff,

    v.                                                                      SIPA Liquidation

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

                              Defendant.
---------------------------------------------------x

**LIMITED OBJECTION OF ALAN NISSELSON, CHAPTER 7 TRUSTEE OF THE
ESTATE OF BERNARD L. MADOFF, TO THE JOINT PROVISIONAL
LIQUIDATORS' PETITION FOR RECOGNITION OF FOREIGN PROCEEDING AND
FOR COMMENCEMENT OF CHAPTER 15 ANCILLARY CASE IN AID OF
FOREIGN MAIN PROCEEDING**

**TO THE HONORABLE BURTON R. LIFLAND,
UNITED STATES BANKRUPTCY JUDGE:**

        Alan Nisselson, interim trustee for the chapter 7 estate (the "Chapter 7 Trustee") of

Bernard L. Madoff ("Madoff"), by and through his attorneys, respectfully submits this limited

objection (the "Objection") to the Petition of the Joint Provisional Liquidators (the "JPL") of

Madoff Securities International Limited ("MSIL") for Recognition of Foreign Proceeding and

for Commencement of Chapter 15 Ancillary Case in Aid of Foreign Main Proceeding (the

"Petition").

The Chapter 7 Trustee does not oppose the recognition of the MSIL UK proceeding pursuant to Chapter 15 of the Bankruptcy Code, and is filing this limited objection solely as to the scope of the relief sought by the JPL in their Petition. As set forth below, the relief granted by the Court to the JPL should be limited to recognition, and to proceedings related to the automobile that is the subject of the adversary proceeding previously commenced by the JPL against Peter Madoff.

### Background of the Related Madoff Bankruptcy Proceedings

1.      On December 11, 2008, the above-captioned SIPA liquidation proceeding was commenced against Bernard L. Madoff Investment Securities LLC ("BLMIS") pursuant to the Securities Investor Protection Act of 1970 ("SIPA"). BLMIS was the principal operating company for the broker-dealer and investment advisory business previously run by Madoff.

2.      On December 15, 2008, Irving H. Picard, Esq. was appointed as SIPA Trustee for the liquidation of the business of BLMIS.

3.      On April 13, 2009, Movants Blumenthal & Associates Florida General Partnership, Martin Rappaport Charitable Remainder Unitrust, Martin Rappaport, Marc Cherno and Steven Morganstern filed an involuntary petition for relief against Bernard L. Madoff under chapter 7 of title 11, United States Code, 11 U.S.C. §§ 101, et seq. (the "Madoff Bankruptcy Case"). See In re Bernard L. Madoff, Bankr. Case No. 09-11893 (BRL).

4.      The Madoff Bankruptcy Case was designated as related to this proceeding, and was assigned to the Honorable Burton R. Lifland.

5.      Pursuant to an Order of this Court signed on April 20, 2009 directing the appointment of an interim chapter 7 trustee, the United States Trustee's Office for the Southern District of New York appointed Alan Nisselson as the Chapter 7 Trustee on April 21, 2009.

6.       On May 5, 2009, the SIPA Trustee and the Securities Investor Protection Corporation ("SIPC") filed a joint motion for entry of an order substantively consolidating the estate of Bernard L. Madoff into the SIPA proceeding of BLMIS.  The Chapter 7 Trustee has submitted a response to the motion, and has agreed to the terms of a proposed Consent Order consolidating the two estates. That motion is scheduled to be heard by the Court on June 9, 2009.

7.       On May 7, 2009, the Court entered an Order for Relief in the Madoff Bankruptcy Case.

8.       Stephen John Akers, Mark Richard Byers and Andrew Laurence Hosking are serving as the JPL of MSIL, another Madoff entity being liquidated in proceedings in the United Kingdom.

9.       On April 14, 2009, the JPL filed in the United States Bankruptcy Court for the Southern District of Florida an expedited petition pursuant to Chapter 15 of the Bankruptcy Code, seeking various relief.   See Joint Provision Liquidators' Expedited Petition for Recognition of Foreign Proceeding and for Commencement of Chapter 15 Ancillary Case in Aid of Foreign Main Proceeding, In re Madoff Securities Int'l Ltd., Case No. 09-16751 (Bankr. S.D.Fla. filed Apr. 14, 2009), attached as Exhibit A to the JPL's Amended Notice of Hearing, Electronic Docket No. 201 (the "Petition").

10.      In an order dated the same day, April 14, 2009, the Florida Bankruptcy Court granted the expedited petition of the JPL.  See order attached as Exhibit B to the JPL's Amended Notice of Hearing, Electronic Docket No. 201.

11.      On April 21, 2009, Steven Morganstern, Marc Cherno, Martin Rappaport, Martin Rappaport Charitable Remainder Unitrust, Blumenthal & Associates Florida General Partnership filed a motion in this case pursuant to Rule 1014(B) to transfer the Chapter 15 case from the

United States Bankruptcy Court for the Southern District of Florida to this Court.

12.     After a hearing on May 6, 2009, this Court entered an Order directing that the transfer of the MSIL Chapter 15 case and any pending related adversary proceedings be transferred from the Southern District of Florida to this District.  See Electronic Docket No. 199.

13.     Pursuant to the Court's instruction at the May 6, 2009 hearing, the JPL noticed the Petition for reconsideration before this Court.

## THE CHAPTER 7 TRUSTEE'S LIMITED OBJECTION
## TO THE SCOPE OF THE RELIEF SOUGHT IN THE PETITION

14.     The broad scope of discovery powers and other authority that the JPL seek in their Petition exceeds that which is necessary at this time based upon the allegations in the Petition which relate to a single asset located within the United States (an automobile) in which MSIL claims an interest.

15.     Among other things, the JPL seek authority to take the examination of Peter Madoff and to require him, and other unspecified parties within the United States, to produce to the JPL all documents that relate "to funds, assets, liabilities, property, or accounts now or formerly of MSIL or any matter which may affect the liquidation of MSIL."  The JPL also seek authority to conduct general discovery (see Petition at ¶ 26(d), (e), (f) & (g)), and for authority to administer and realize "all of MSIL's assets within the territorial jurisdiction of the United States."  See Petition ¶ 26(c).

16.     The Chapter 7 Trustee and/or the SIPA Trustee have an interest in all such assets that are located within the United States that are related to Madoff and/or his entities.

17.     It appears that the largest creditor of MSIL is the BLMIS estate.  See Motion For Entry of Order Pursuant to Sections 1526, 1527 and 105(a) of the Bankruptcy Code Approving Protocols By and Between the Trustee and The Joint Provisional Liquidators of Madoff

Securities International Limited at ¶ 10 (Electronic Docket No. 232). In addition, Bernard Madoff is MSIL's largest shareholder, and appears to have controlled its activities, including the movement of money between MSIL, BLMIS, Madoff and members of his family. See JPL Petition at ¶¶ 3 and 16.

18.     Even assuming the Petition for recognition is granted, the JPL will not have the benefit of the same broad powers that the SIPA Trustee and the Chapter 7 Trustee have to recover assets within the United States. In particular, Section 1521 of the Bankruptcy Code expressly excludes most avoidance powers from the relief that a foreign representative may assert upon recognition (except with regard to post-petition transfers).

19.     Furthermore, efforts to recover assets by the SIPA Trustee (and the Chapter 7 Trustee, if the proposed Consent Order substantively consolidating the two estates is approved by the Court) are funded by SIPC, whereas the expenses associated with the efforts of the JPL to recover such assets will diminish the recovery for creditors.

20.     Therefore, as a general rule, it will be more cost effective and in the best interests of the creditors of all of the estates that the Chapter 7 Trustee and/or the SIPA Trustee pursue the recovery of Madoff-related assets (and discovery related thereto) located within the territorial jurisdiction of the United States.

21.     As evidenced by the protocol between the SIPA Trustee and the JPL which has been submitted to the Court for approval, the JPL, the SIPA Trustee and the Chapter 7 Trustee (although not a party to the protocol), intend to, among other things, coordinate their efforts and avoid disputes among their estates.

22.     Nonetheless, the JPL can always seek further relief from the Court to expand the scope of their authority upon a showing that such relief is warranted with regard to a particular

asset located within the United States.

WHEREFORE, the Chapter 7 Trustee respectfully requests that the Court limit the relief granted: (i) to recognizing the Provisional Liquidation before the English High Court of Justice and that the JPL are the exclusive representatives of MSIL; (ii) and granting the JPL the authority to pursue the automobile which is the subject of the pending adversary proceeding against Peter Madoff, and grant such other relief as is just.

Dated: New York, New York
     June 4, 2009

Respectfully submitted,

WINDELS MARX LANE & MITTENDORF, LLP
*Attorneys for Alan Nisselson, Chapter 7 Trustee of*
*Bernard L. Madoff*

_____/s/ Howard L. Simon_____
Howard L. Simon (hsimon@windelsmarx.com)
Regina Griffin (rgriffin@windelsmarx.com)
156 West 56th Street
New York, New York 10019
Telephone (212) 237-1000