UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

UNITED STATES OF AMERICA

- v. -

BERNARD L. MADOFF,

                Defendant.

------------------------------------------------------------

POST-INDICTMENT RESTRAINING
ORDER PURSUANT TO
21 U.S.C. § 853(e)(2)

09 Cr. 213 (DC)

Upon consideration of the Application of LEV L. DASSIN, Acting United States Attorney for the Southern District of New York, Barbara A. Ward and Sharon E. Frase, Assistant United States Attorneys, of counsel, for a Post-Indictment Restraining Order pursuant to Title 21, United States Code, Section 853(e), restraining BERNARD L. MADOFF, the defendant (the "defendant"), and others acting in concert with him, from engaging in the transfer, sale, assignment, pledge, hypothecation, encumbrance, dissipation or other movement of the following assets which are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and 18 U.S.C. § 982:

> All right, title and interest of BERNARD L. MADOFF, the defendant, in any and all property and interests in property held in the name of, or for the benefit of, BERNARD MADOFF and/or Ruth Madoff, including but not limited to the property listed in Exhibit A hereto, and all property traceable to such property,

(hereinafter referred to as the "Subject Property"), the Court finds that:

1.      Pursuant to 21 U.S.C. § 853(e)(1), this Court is authorized to enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property subject to forfeiture.

2.  In its seeking this Order, the Government argues that restraint of the Subject Property pursuant to 21 U.S.C. § 853(e) is necessary to protect its ability to exercise its right of forfeiture and to preserve the availability of property in order to maximize recovery for victims of the offenses charged in the Information.

3.  Under Section 853(e)(1)(A), upon application of the United States, this Court may issue a restraining order upon the filing of an indictment charging a violation for which criminal forfeiture may be ordered and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture.

4.  There is probable cause to believe the Subject Property is subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and 18 U.S.C. § 982.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:

BERNARD L. MADOFF, the defendant, any attorneys, agents, employees, and others acting on his behalf, and all persons or entities acting in concert or participation with any of the above, including, but not limited to, Ruth Madoff and Yacht Bull Corporation, shall not take any action prohibited by this Order.

IT IS FURTHER ORDERED that the defendant, his attorneys, agents, employees, and anyone acting on their behalf, and all persons or entities acting in concert or participation with any of the above, including, but not limited to, Ruth Madoff and Yacht Bull Corporation, and all persons and entities having actual knowledge of this Order, shall not, directly or indirectly, transfer, sell, assign, pledge, hypothecate, encumber, or dispose of in any manner; cause to be transferred, sold, assigned, pledged, hypothecated, encumbered, or disposed of in any manner;

2

shall not attempt or take any action that might affect the availability of the Subject Property for forfeiture, including, but not limited to, withdrawing, assigning, pledging, distributing, encumbering, wasting, secreting or otherwise disposing of, or removing all or any part of the Subject Property, or take, or cause to be taken, any action that might have the effect of depreciating, damaging, or in any way diminishing the value of the Subject Property.

IT IS FURTHER ORDERED that the United States Attorney's Office for the Southern District of New York is (i) exempted from the provisions of this Order to the extent necessary to manage, maintain, preserve, contain, store, preserve, or engage in negotiations concerning the disposition of the Subject Property in accordance with federal law, and (ii) may provide specific written authorization to third parties to take actions or refrain from actions otherwise prohibited by this Order, for the purpose of assisting the United States Attorney's Office for the Southern District of New York in managing, maintaining, preserving, containing, storing, preserving, or engaging in negotiations regarding the disposition of the Subject Property, or in facilitating the management, maintenance, preservation, containment, storage, preservation of the status quo, or the negotiation of the disposition of the Subject Property in accordance with federal law.

IT IS FURTHER ORDERED that the United States Attorney's Office for the Southern District of New York or its agent shall serve a copy of this Restraining Order forthwith upon Bernard Madoff, Ruth Madoff, in her individual capacity and as president of Yacht Bull

Corporation, their respective counsel, and any other person with an interest in or control over the

Subject Property, and shall make return thereof to the Court.

Dated: New York, New York
April 20, 2009


**SO ORDERED**:

_____
HON. DENNY CHIN
United States District Judge

4

## EXHIBIT A

1. All shares of capital stock held in the name of Bernard L. Madoff and/or Ruth Madoff in 133 East 64th Street Corporation, a cooperative housing corporation, and the proprietary lease for Apartment 11A/12 in the building located at 133 East 64th Street, New York, New York, 10021, together with its appurtenances, improvements and fixtures and all insured and readily salable personal property contained therein, including, but not limited to, one Steinway piano valued at approximately $39,000, and one set of silverware valued at approximately $65,000.

2. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements known as 216 Old Montauk Highway, Montauk, New York, 11954, and all insured and readily salable personal property contained therein.

3. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements known as Chateau des Pins Villa 2, 279 Chemin de la Garoupe, Cap d'Antibes, France, 06600, and all insured and readily salable personal property contained therein.

4. One Leopard 23M Sport Yacht known as *Bull*, Hull No. 27, HIN IT ARNA 2327 K 202, approximately 23 meters long, 5.35 meters wide and 1.5 meters draft, and registered in the name of Yacht Bull Corp., George Town, Grand Cayman, Cayman Islands.

5. Any and all interest held in the name of Yacht Bull Corp., George Town, Grand Cayman, Cayman Islands, in Mooring Number 25, Port Gallice, Pointe du Crouton, Boulevard Baudoin, 06160, Juan-les-Pins, Cap d'Antibes, France.

6. One 1999 Mercedes Benz CLK Class, vehicle identification number WDBLK65G9XT012137, Florida registration number K556WB.

7. One 2004 Volkswagen Touareg, vehicle identification number WVGEM77L34D077975, New York registration number CYC6394.

8. One 2001 Mercedes Benz E Class, vehicle identification number WDBJH82J71X043517, New York registration number BAR8009.

9. Any and all ownership interest held in the name of Ruth Madoff and/or Bernard Madoff in the following entities, and/or their subsidiaries, affiliates and joint ventures:

   a. Sterling Equities;
   b. Sterling American Property III LP;
   c. Sterling American Property IV LP;
   d. Sterling American Property V LP;
   e. Sterling Acquisitions LLC;
   f. Sterling/Carl Marks Capital; and
   g. Realty Associates Madoff II.

10. Any and all ownership interest held in the name of Ruth Madoff and/or Bernard Madoff in the following entities, and/or their subsidiaries, affiliates and joint ventures:

    a. 4th and Forty LLC;
    b. Laguardia Corporate Center Association LLC;
    c. W.D.I. LLC; and
    d. DWD Associates LLC.

11. Any and all ownership interest held in the name of Ruth Madoff and/or Bernard Madoff in Hoboken Radiology LLC, its subsidiaries, affiliates and joint ventures.

12. Any and all ownership interest held by Bernard L. Madoff in PJ Clarke's on the Hudson LLC and The Clarke's Group LLC, their its subsidiaries, affiliates and joint ventures

13. Any and all ownership interest held in the name of Ruth Madoff and/or Bernard Madoff in Delta Ventures (Israel) and/or Delta Fund 1 LP, their subsidiaries, affiliates and joint ventures

14. Any and all ownership interest held in the name of Ruth Madoff and/or Bernard Madoff in Viager II LLC, its subsidiaries, affiliates and joint ventures

15. Any and all securities, funds and other property in Account No. 126-01070 in the name of Ruth Madoff at COHMAD Securities Corp., 885 Third Avenue, New York, New York, 10022, including but not limited to, municipal bonds valued at approximately $45,000,000, and all property traceable thereto.

16. All funds on deposit in any and all accounts at Wachovia Bank, N.A., including but not limited to Account No. 1010146337325 in the name of Ruth Madoff, and

      any accounts to which said funds have been transferred, and all funds traceable thereto.

17. Any and all interest in COHMAD Securities Corporation, 885 Third Avenue, New York, New York, 10022, held in the name of Bernard Madoff, and all property traceable thereto

18. Any and all promissory notes executed by Andrew Madoff and/or Mark Madoff, as borrowers, in favor of Bernard L. Madoff and/or Ruth Madoff, as lender(s) and/or assignee(s), including but not limited to the following:

    a. A September 21, 2008 unsecured promissory note for $250,000, executed by Andrew Madoff in favor of Bernard L. Madoff, due August 31, 2012;

    b. An October 6, 2008 unsecured promissory note for $4,300,000, executed by Andrew Madoff in favor of Bernard L. Madoff, due September 30, 2012;

    c. A December 31, 2005 unsecured promissory note for $5,000,000 (Restatement of Loan Agreement dated December 31, 2001, which in turn memorializes and modifies unsecured Loan Agreement dated December 28, 1998, for $5,000,000), executed by Mark Madoff in favor of Bernard L. Madoff, due December 31, 2010;

    d. A December 31, 2005 unsecured promissory note for $5,000,000 (Restatement of Loan Agreement dated December 31, 2001, which in turn memorializes and modifies unsecured Loan Agreement dated December 28, 1998, for $5,000,000), executed by Andrew Madoff in favor of Bernard L. Madoff, due December 31, 2010;

    e. A June 17, 2005 unsecured promissory note for $6,000,000, executed by Mark Madoff in favor of Ruth Madoff, due May 31, 2010;

    f. A March 1, 2004, unsecured promissory note for $3,200,000, executed by Mark Madoff in favor of Ruth Madoff, due February 29, 2008;

    g. A November 25, 2003 unsecured promissory note for $6,800,000 executed by Andrew Madoff in favor of Ruth Madoff, due November 30, 2007.