UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,      :
                                         :
                        Plaintiff,       :
                                         :
            - against -                  :        08 Civ. 10791 (LLS)
                                         :        ECF CASE
BERNARD L. MADOFF and                    :
BERNARD L. MADOFF INVESTMENT             :
SECURITIES LLC,                          :
                                         :
                        Defendants.      :
                                         :
------------------------------------------------------------x

## OBJECTION BY SECURITIES AND EXCHANGE COMMISSION TO MOTION FOR PARTIAL RELIEF FROM INJUNCTION

The Securities and Exchange Commission ("SEC") objects to the April 1, 2009 motion for partial relief from injunction ("Motion") filed by The Blumenthal & Associates Florida General Partnership, Marc Cherno, Judith Rock Goldman, the Horowitz Family Trust, Steven Morgenstern, M.D., the Martin Rappaport Charitable Remainder Unitrust, and Martin Rappaport ("Movants") and states as follows:

The Movants seek a modification of the Court's injunction prohibiting the filing of any bankruptcy proceeding against Bernard L. Madoff ("Madoff"). The Movants are concerned that Madoff's assets will be turned over by the SEC or by the Department of Justice ("DOJ") to the U.S. Treasury rather than to victims. (Motion at 6-7 & n. 4) The SEC can state unequivocally that it will cooperate fully with the DOJ and the Securities Investor Protection Corporation ("SIPC") to ensure that any Madoff assets it recovers will be distributed to Madoff's victims and creditors, and that it expects that any assets forfeited by the DOJ or recovered by SIPC will likewise be distributed to Madoff's victims and creditors.

The Movants are also under the apparent impression that a bankruptcy filing and application of the Bankruptcy Code to Madoff's assets is necessary for an efficient and consistent collection and distribution procedure of Madoff's assets to victims of his fraud. (Motion at 6) In the SEC's view, the DOJ's forfeiture powers render any perceived bankruptcy benefit illusory. In fact, a bankruptcy filing is likely to lead to unnecessarily high administrative costs and confusion without any apparent benefits. The DOJ is in the process of seeking forfeiture of Madoff's assets. Under applicable forfeiture law, any of Madoff's property that is subject to forfeiture by the United States will be excluded from Madoff's bankruptcy estate. *United States v. Pelullo*, 178 F.3d 196, 203 (3d Cir. 1999) (criminal forfeiture order divests defendant of interest in property forfeited and property does not become part of defendant's bankruptcy case). Due to the "relation back" doctrine, even if a bankruptcy case is filed prior to entry of a forfeiture order the bankruptcy estate will likely be divested of its interest in the property once the forfeiture order is entered. *United States v. U.S. Currency*, 895 F.2d 908, 916 (2d Cir. 1990) ("Under the relation-back doctrine, the forfeiture occurs when the crime is committed and therefore, [the defendant] had no property interest in the [forfeited asset] as of that moment."); *United States v. Klein*, 264 B.R. 565, 572 (9th Cir. B.A.P. 2001) (forfeiture proceeding is excepted from automatic stay and "once the government obtains a forfeiture judgment, it can assert that the proceeds are not property of the estate based on the relation back doctrine"). In addition, under the forfeiture laws, the government can recover certain property conveyed by the defendant. Thus, even if a bankruptcy case is filed, Madoff's bankruptcy estate will either be devoid of property from inception or will be divested of most, if not all, of Madoff's property interests once the forfeiture process is completed. Finally, the appointment of a third fiduciary in

2

this complicated fraud case is likely to result in unnecessary confusion for creditors and defrauded investors, additional administrative expenses and potentially wasteful litigation, all providing no benefit to potential claimants.

Under these circumstances, the SEC believes that the Court should continue its lawful injunction prohibiting the filing of any bankruptcy case against Madoff. *U.S. v. Royal Business Funds Corp.*, 724 F.2d 12, 16 (2d Cir. 1983) ("a debtor subject to a federal receivership has no absolute right to file a bankruptcy petition and federal courts have disallowed petitions where a liquidation under a receiver is substantially under way."); *SEC v. Lincoln Thrift Assoc.*, 577 F.2d 600 (9th Cir. 1978) (court upheld district court's injunction prohibiting non-party creditors of SEC receivership from filing bankruptcy petition); *SEC v. Byers*, 592 F. Supp. 2d 532, 536 (S.D.N.Y. 2008) (district court "has the authority to enjoin non-parties from filing involuntary bankruptcy petitions against any [receivership entities]"). *See also SEC v. Wencke*, 622 F.2d 1363, 1369 (9th Cir. 1980) ("The power of the district court to issue a stay, effective against all persons, of all proceedings against the receivership entities rests as much on its control over the property placed in receivership as on its jurisdiction over the parties to the securities fraud action."); *Liberte Capital Group, LLC v. Capwill*, 462 F.3d 543, 551-52 (6th Cir. 2006) (district court has power to enter blanket stay of litigation against non-parties to protect receivership assets based upon its "power over the assets in question").

## CONCLUSION

For the foregoing reasons, the SEC requests that the Court deny the Motion, and grant the SEC such other and further relief as is just.

Dated: April 8, 2009
New York, New York

                        JAMES CLARKSON
                        ACTING REGIONAL DIRECTOR

                        Alexander M. Vasilescu
                        Attorneys for Plaintiff
                        SECURITIES AND EXCHANGE COMMISSION
                        New York Regional Office
                        3 World Financial Center – RM 400
                        New York, NY 10281
                        (212) 336-0178

Of Counsel:

Andrew M. Calamari
Neal Jacobson
Israel Friedman