

To The Clerk of The Court
Please docket and place
this document in the public file.

LLS  4/9/09

Louis L. Stanton
U.S.D.J

**U.S. Department of Justice**

Criminal Division

---

*Washington, D.C. 20530*
202 616 0430

Lev L. Dassin
Acting United States Attorney
Southern District of New York
One Saint Andrew's Plaza
New York, NY 10007

4-10-09

RECEIVED IN CHAMBERS
OF LOUIS L. STANTON

APR -- 2009

UNITED STATES DISTRICT JUDGE

Re:   *United States v. Bernard L. Madoff.*
      09 Cr. 213 (DC)
      08 civ 1079 (LLS) & Please Docket

Dear Mr. Dassin:

This responds to a request from Assistant United States Attorney Barbara A. Ward concerning the disposition of property and assets that are expected to be forfeited to the United States in the above-referenced case. It is the policy of the Department of Justice, consistent with the Crime Victims' Rights Act, to ensure that crime victims receive "full and timely restitution as provided in law." 18 U.S.C. §3771(c)(1). Accordingly, when the Government seizes fraud proceeds for forfeiture, our goal is to forfeit the monies and then, in proceedings administered by the Attorney General, distribute funds to all victims on a pro-rata basis. *See Asset Forfeiture Policy Manual,* Chap. 4, Sec. IV.C. Pursuant to this policy, the Asset Forfeiture and Money Laundering Section (AFMLS) intends to authorize the return to victims of the net proceeds forfeited in this case consistent with the applicable regulations.

In general, the Attorney General has authority to "grant petitions for remission or mitigation of forfeiture, restore forfeited property to victims, or take any other action to protect the rights of innocent victims which is in the interest of justice." 21 U.S.C. § 853(i) (incorporated by reference in 18 U.S.C. § 982(b)(1)). Remission and mitigation are the principal means by which forfeited property may be returned to crime victims. Under the regulations at 28 C.F.R. § 9.8, victims are eligible for remission if they, among other things, are victims of an offense underlying the forfeiture or a related offense, have suffered a pecuniary loss of a specific amount, and did not knowingly participate in or benefit from the offense giving rise to forfeiture.

In appropriate cases, claims of victims may be received and evaluated by a trustee or receiver appointed by the Court or retained by the government. Where appropriate, forfeited money may also be turned over to the Clerk of the Court for distribution to victims in accordance

with a criminal restitution order. It is our understanding that the Office of the United States Attorney for the Southern District of New York is making every effort to locate and judicially forfeit all proceeds arising from the offenses committed in this case.

AFMLS looks forward to working with you to ensure that property forfeited to the United States in this case is used to compensate victims of the offenses giving rise to the forfeiture in the appropriate manner and to the maximum extent under the applicable statutes and regulations. Please feel free to contact me or Acting Deputy Chief Alice W. Dery at (202) 514-1320 if you have any questions or concerns.

Sincerely,

Richard Weber
Chief
Asset Forfeiture and Money
 Laundering Section

2