| | |
|---|---|
| David J. Sheehan<br>Seanna R. Brown<br>BAKER & HOSTETLER LLP<br>45 Rockefeller Plaza<br>New York, New York 10111<br>Telephone: (212) 589-4200<br>Facsimile: (212) 589-4201 | Presentment Date: June 15, 2009<br>Time: 12:00 p.m.<br><br>Objections Due: June 15, 2009<br>Time: 10:00 a.m. |

*Attorneys for Irving H. Picard*
*Trustee for the SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SECURITIES INVESTOR PROTECTION
CORPORATION,

        Plaintiff-Applicant,

        v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

        Defendant.
------------------------------------------------------------x
In re:

BERNARD L. MADOFF,

        Debtor.
------------------------------------------------------------x

Adv. Pro. No. 08-01789 (BRL)

SIPA Liquidation

(Substantively Consolidated)

## TRUSTEE'S MOTION FOR AN ORDER APPROVING
## THE RETENTION OF SCHIFFERLI VAFADAR SIVILOTTI AS
## SPECIAL COUNSEL *NUNC PRO TUNC* AS OF MAY 29, 2009

Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard

L. Madoff Investment Securities LLC ("Debtor" or "BLMIS"), under the Securities Investor

Protection Act, 15 U.S.C. §§ 78aaa, et seq. ("SIPA"),[1] by and through his undersigned counsel,

for his motion (the "Motion") for authority to retain special counsel *nunc pro tunc* to May 29,

2009, and respectfully represents as follows:

## Jurisdiction

1. This Court has jurisdiction over this Application pursuant to SIPA section 78eee(b) and 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this SIPA liquidation case and this Motion are proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are section 78eee(b)(3) of SIPA and sections 327(e), 328, 329 and 330 of the Bankruptcy Code and Fed. R. Bankr. P. 2014.

## Background

3. On December 11, 2008 (the "Filing Date"),[2] the Securities and Exchange Commission ("SEC") filed a complaint in the United States District Court for the Southern District of New York against defendants Bernard L. Madoff and BLMIS (together, the "Defendants") (No. 08 CV 10791). The complaint alleged that the Defendants engaged in fraud through investment advisor activities of BLMIS.

4. On December 12, 2008, the Honorable Louis L. Stanton of the United States District Court for the Southern District of New York entered an order which appointed Lee S. Richards, Esq., as receiver (the "Receiver").

5. On December 15, 2008, Judge Stanton entered an order pursuant to SIPA (the "Protective Decree"), which, in pertinent part:

   a) appointed the Trustee for the liquidation of the business of the Debtor pursuant to section 78eee(b)(3) of SIPA;

   b) appointed Baker & Hostetler, LLP as counsel ("Counsel") to the Trustee pursuant to section 78eee(b)(3) of SIPA; and

---

[1] For convenience, future reference to SIPA will not include "15 U.S.C."
[2] See section 78*lll*(7)(B) of SIPA.

    c) removed the case to this Bankruptcy Court pursuant to section 78eee(b)(4) of SIPA.

6.    The Protective Decree further provided in relevant part that:

VI. … pursuant to 15 U.S.C. §§78eee(b)(2)(B)(ii) and (iii), and notwithstanding the provisions of 11 U.S.C. §§362(b) and 553, except as otherwise provided in this Order, all persons and entities are stayed, enjoined and restrained for a period of twenty-one (21) days, or such time as may subsequently be ordered by this Court or any court having competent jurisdiction of this proceeding, from enforcing liens or pledges against the property of the Defendant and from exercising any right of setoff, without first receiving the written consent of SIPC and the trustee;

VII. … pursuant to 15 U.S.C. §78eee(b)(2)(C)(ii), and notwithstanding 15 U.S.C. §78eee(b)(2)(C)(i), all persons and entities are stayed for a period of twenty-one (21) days, or such other time as may subsequently be ordered by this Court or any other court having competent jurisdiction of this proceeding, from foreclosing on, or disposing of, securities collateral pledged by the Defendant, whether or not with respect to one or more of such contracts or agreements, securities sold by the Defendant under a repurchase agreement, or securities lent under a securities lending agreement, without first receiving the written consent of SIPC and the trustee.

The above provisions were effective, pursuant to the Protective Decree, through January 5, 2009.

7.    On December 18, 2008, Judge Stanton entered the Order on Consent Imposing Preliminary Injunction, Freezing Assets and Granting Other Relief Against Defendants (the "Preliminary Injunction Order").

8.    On January 5, 2009, this Court entered Order Extending The Stays Against All Creditors, affirming that the automatic stay under section 362 of the Bankruptcy Code is effective in this case from and after the December 11, 2008 Filing Date and extending the stays against all creditors of the Debtor and all other persons as provided for in paragraphs VI and VII of the Protective Decree from and after January 5, 2009 until further order of this Court.

9.    Issues have arisen overseas, and in Switzerland in particular, that require the Trustee's participation and representation by counsel. The Trustee has become aware of assets

that he believes to be customer property located within that country and requires counsel to pursue such customer property.

### Relief Requested

10. The Trustee has determined that it will be necessary to engage counsel to represent him in Switzerland. Such legal counsel will enable the Trustee to carry out his duties in this SIPA Liquidation Proceeding. The Trustee, therefore, proposes to retain and employ the law firm of Schifferli Vafadar Sivilotti as its special counsel with regard to its recovery of customer property in Switzerland, and any related matters as directed by the Trustee, effective as of May 29, 2009.

11. The Trustee seeks to retain Schifferli Vafadar Sivilotti as special counsel because of its knowledge and expertise in the law of Switzerland.

12. The services of Schifferli Vafadar Sivilotti are necessary and essential to enable the Trustee to execute faithfully his duties herein.

13. Schifferli Vafadar Sivilotti has indicated a willingness to act on the Trustee's behalf to render the foregoing professional services.

14. The Trustee submits that Schifferli Vafadar Sivilotti provision of professional services to the Trustee is permissible under section 78eee(3) of SIPA and is in the best interest of the Debtor's estate and customers and creditors.

15. To the best of the Trustee's knowledge, and except as disclosed in the declaration of disinterestedness of Pierre Schifferli (the "Schifferli Declaration"), executed on April 3, 2009 and annexed hereto as Exhibit A, the members, counsel and associates of Schifferli Vafadar Sivilotti are disinterested pursuant to section 78eee(b)(3) of SIPA and do not hold or represent any interest adverse to the Debtor's estate in respect of the matter for which Schifferli Vafadar

Sivilotti is to be retained. Schifferli Vafadar Sivilotti employment and retention is necessary and in the best interests of the Debtor's estate and its customers and creditors.

16. Schifferli Vafadar Sivilotti will be compensated at agreed upon rates, listed below, which reflect a reduction of its normal rates by ten percent (10%). Applications for compensation to Schifferli Vafadar Sivilotti will be filed with this Court pursuant to applicable statutes and rules. Schifferli Vafadar Sivilotti rate information is as follows:

| Level of Experience | Normal Rates | Agreed Upon Rates |
| --- | --- | --- |
| Partner | $500 | $450 |
| Associate | $300 | $270 |

17. SIPC has no objection to this Motion and, pursuant to SIPA section 78eee(b)(3), SIPC specifies that the Trustee should be authorized to retain Schifferli Vafadar Sivilotti as special counsel for the purposes identified herein.

### Notice

18. Notice of this Motion has been given to SIPC, United States Department of Justice, United States Securities and Exchange Commission and all parties that have filed a notice of appearance herein. In light of the nature of the relief requested, the Trustee submits that such notice is good and sufficient, and no other or further notice is necessary or required.

WHEREFORE, the Trustee respectfully requests that the Court enter an order substantially in the form of Exhibit B hereto, (a) granting this Motion; (b) authorizing the Trustee to employ Schifferli Vafadar Sivilotti as special counsel for the purposes described herein, *nunc pro tunc*, as of May 29, 2009; and (c) granting the Trustee such other and further relief as is just and proper.

Dated: New York, New York
June 9, 2009

By:  /s/ David J. Sheehan
David J. Sheehan
Seanna R. Brown
**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
Email: dsheehan@bakerlaw.com
Email: sbrown@bakerlaw.com

*Attorneys for Irving H. Picard*
*Trustee for the SIPA Liquidation of Bernard*
*L. Madoff Investment Securities LLC*