UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff, | SIPA Liquidation |
| v. | **DECLARATION OF DISINTERESTEDNESS OF PIERRE SCHIFFERLI OF SCHIFFERLI VAFADAR SIVILOTTI AS PROPOSED SPECIAL COUNSEL TO TRUSTEE** |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |

I, Pierre Schifferli, declare as follows:

1.   I am a Solicitor admitted to practice law in Switzerland.

2.   I am a member (ie a Partner) of the law firm of SCHIFFERLI VAFADAR SIVILOTTI, a national law firm headquartered in Geneva, Switzerland, which has offices in Lausanne (canton de Vaud) and in Sion (canton du Valais).

3.   All matters stated herein are known to be true except as otherwise stated.

4.   By the Order dated December 15, 2008, entered by the Honorable Louis A. Standon of the United States District Court for the Southern District of New York, Irving H. Picard, Esq. was appointed trustee ("Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("Debtor"). The Trustee has retained Baker & Hostetler as his primary counsel. However, the Trustee wishes to retain SCHIFFERLI VAFADAR SIVILOTTI as Special Counsel to assist the Trustee in Geneva and elsewhere in Switzerland in gathering evidence pursuant to the various insolvency/bankruptcy laws of the United States and Switzerland, as well as to assist as necessary in advising on various matters involving the tracing of funds, and where necessary and appropriate, to pursue litigations seeking recovery from third parties of assets of the estate.

5.    Section 78eee(b) (6) of the Securities Investor Protection Act of 1970 ("SIPA") is entitled "Disinterestedness", and provides as follows:

**(6) Disinterestedness**

(A)        Standards

For the purposes of paragraph (3), a person shall not be deemed disinterested if:

(i)   such person is a creditor (including a customer), stockholder, or partner of the debtor;

(ii)  such person is or was an underwriter of any of the outstanding securities of the debtor or within five years prior to the filing date was the underwriter of any securities of any securities of the debtor;

(iii)  such person is, or was within two years prior to the filing date, a director, partner, officer, or employee of the debtor or such an underwriter; or

(iv) it appears that such person has, by reason of any other direct or indirect relationship to, connection with, or interest in the debtor or such an underwriter, or for any other reason, an interest materially adverse to the interests of any class of creditors (including customers) or stockholders,

except that SIPC shall in all cases be deemed disinterested, and an employee of SIPC shall be deemed disinterested if such employee would, except for his association with SIPC, meet the standards set forth in this subparagraph.

(B)        Hearing

The court shall fix a time for a hearing on disinterestedness, to be held promptly after the appointment of a trustee. Notice of such hearing shall be mailed at least ten days prior thereto to each person who, from the books and records of the debtor, appears to have been a customer of the debtor, and to the creditors and stockholders of the debtor, to SIPC, and to such other persons as the court may designate. The court may, in its discretion, also require that notice be given by publication in such newspapers of general circulation as it may designate. At such hearing, at any adjournment thereof, or upon

application, the court shall hear objections to the retention in office of a trustee on the grounds that such person is not disinterested.

15 U.S.C § 78eee(b) (6).

6.  In order to determine that SCHIFFERLI VAFADAR SIVILOTTI is disinterested within the meaning of SIPA § 78eee(b)(6), I utilized SCHIFERLI VAFADAR SIVILOTTI's conflicts check procedures and practices to determine that to the best of my knowledge, SCHIFFERLI VAFADAR SIVILOTTI meets the "disinterestedness" requirements set forth in SIPA § 78eee(b)(6).

7.  In particular, all members (ie partners) of SCHIFFERLI VAFADAR SIVILOTTI were asked about whether or, concerning this matter, they believed there were any known conflicts or adverse interests.

8.  In response to the above investigation, or as a result of the search of our database, the following associations to the Debtor were disclosed, although I believe that none of the associations amounts to a "conflict" as defined by SIPA:

    (i)   SCHIFFERLI VAFADAR SIVILOTTI represents one customer or creditor of Madoff that is known. SCHIFFERLI VAFADAR SIVILOTTI does not and will not represent persons or entities adverse to the interests of the Debtor.

    (ii)  The members of SCHIFFERLI VAFADAR SIVILOTTI have no investments in managed funds that invested monies and have been engaged in trading with the Debtor.

    (iii) It may emerge following investigation that there may be claims by the Trustee on behalf of the Debtor's estate against certain persons or entities that are clients of SCHIFFELI VAFADAR SIVILOTTI, and which SCHIFFERLI VAFADAR SIVILOTTI cannot sue. SCHIFFERLI VAFADAR SIVILOTTI will disclose to the Trustee the identities of any such persons or entities as it becomes aware of any such conflict which constitutes an interest materially adverse to the interests of any class of creditors (including customers) or stockholders.

9. To date, no other member of SCHIFFERLI VAFADAR SIVILOTTI has informed me of any actual or potential conflict, nor has a search of the SCHIFFERLI VAFADAR SIVILOTTI database disclose any actual or potential conflict. Based on the lack of responses and a review of other available information, it appears that SCHIFFERLI VAFADAR SIVILOTTI meets the disinterestedness standard section 78eee(b)(6)(A) of SIPA, as well as under Bankruptcy Code Section 327(a) and Federal Rule of Civil Procedure 2014(a) and has no conflict nor an interest materially adverse to the Debtor.

10. As a result, to the best of my knowledge, information and belief, I have been able to determine that:

    (i)   no member of SCHIFFERLI VAFADAR SIVILOTTI is a creditor (including customer), stockholder, or partner of the Debtor;

    (ii)   no member of SCHIFFERLI VAFADAR SIVILOTTI is or was an underwriter of any of the outstanding securities of the Debtor or within five years prior to the filing date was the underwriter of any securities of the Debtor;

    (iii)   no member of SCHIFFERLI VAFADAR SIVILOTTI is, or was within two years prioir to the filing date, a director, partner, officer, or employee of the Debotr or such an underwriter, or any attorney for the Debtor or such an underwriter; and

    (iv)   it appears that no member of SCHIFFERLI VAFADAR SIVILOTTI has, by reason of any other direct or indirect relationship to, connections with, or interest in the Debtor or such an underwriter, or for any other reason, an interest materially adverse to the interests of any class of creditors (including customers) or stockholders.

11. I understand that the Trustee and SIPC are in the initial review and information-gathering stage of the instant liquidation proceeding, and are continuing to research and analyze the books and records of the Debtor. As a result, additional information may be discovered that may be relevant to the instant Declaration. I understand that SCHIFFERLI VAFADAR SIVILOTTI has a continuing duty to disclose any subsequently discovered information and/or connections within the meaning of 15 U.S.C. § 78eee(b)(6), and will supplement this Declaration as appropriate.

I declare under penalty of perjury that the foregoing is true and correct, and if called on as a witness I could testify competently thereto.

Executed on June 8th, 2009 at 8 avenue Jules-Crosnier, 1206 Geneva, SWITZERLAND.


Pierre SCHIFFERLI