**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-1789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | Chapter 7 |
| BERNARD L. MADOFF, | No. 09-11893 (BRL) |
| Debtor. | |

## CONSENT ORDER SUBSTANTIVELY CONSOLIDATING THE ESTATE OF BERNARD L. MADOFF INTO THE SIPA PROCEEDING OF BERNARD L. MADOFF INVESTMENT SECURITIES LLC AND EXPRESSLY PRESERVING ALL RIGHTS, CLAIMS AND POWERS OF BOTH ESTATES

THIS MATTER having been presented to the Court upon the joint motion ("Motion") of the Securities Investor Protection Corporation ("SIPC") and Irving H. Picard ("SIPA Trustee"), as Trustee for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"), under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), for entry of an order pursuant to section 105(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), section 78fff(b) of SIPA and Rule 1015 of the Federal Rules of Bankruptcy Procedure, substantively consolidating the Chapter 7 estate of Bernard L. Madoff ("Madoff") into the estate of BLMIS; and Alan Nisselson, the Chapter 7 Trustee for the Madoff estate (the "Chapter 7 Trustee" or "Nisselson") having submitted a response to the Motion (the "Response") and the Court having considered the Motion and other pleadings filed by the SIPA Trustee, the Response and the arguments of counsel at a hearing on the Motion held on June 9, 2009; and after due deliberation and consideration of the facts and circumstances herein; and upon the record set

forth in open Court and all prior proceedings in the above-captioned BLMIS SIPA Proceeding (as defined below) and the above-captioned Madoff Chapter 7 Case (as defined below), all of which are incorporated by reference herein; and it appearing that the relief requested is warranted and is in the best interests of the estate of BLMIS and the Chapter 7 estate of Madoff, the Court makes the following findings and conclusions:

A.  Notice of the Motion and the hearing thereon was given to (a) the Securities and Exchange Commission ("SEC"), (b) via the ECF filing, all parties in interest who have filed a notice of appearance or request to receive notices and pleadings in the BLMIS liquidation proceeding, (c) Madoff, through his counsel, (d) the Chapter 7 trustee for the estate of Madoff, (e) via the ECF filing, all parties in interest who have filed a notice of appearance or request to receive notices and pleadings in the Madoff Chapter 7 Case, and (f) the known creditors of Madoff, including the Petitioning Creditors (as defined below), and such notice is adequate and sufficient under the circumstances, and no further notice of the relief requested in the Motion or the relief granted hereunder need be given.

B.  On December 11, 2008 (the "Filing Date"), the SEC filed a complaint in the United States District Court for the Southern District of New York (the "District Court") against defendants Bernard L. Madoff and BLMIS (together, the "Defendants") (Case No. 08 CV 10791). The complaint alleged that the Defendants engaged in fraud through investment advisor activities of BLMIS.

C.  On December 15, 2008, pursuant to section 78eee(a)(4)(A) of SIPA, the SEC consented to a combination of its own action with an application of SIPC. Thereafter, pursuant to section 78eee(a)(3) of SIPA, SIPC filed an application in the District Court alleging, inter alia, that BLMIS was not able to meet its obligations to securities customers as they came due and,

accordingly, its customers needed the protection afforded by SIPA.  Also on that date, the Trustee was appointed and the proceeding (the "BLMIS SIPA Proceeding") was removed to this Court.

D.      On April 10, 2009, the District Court entered an order modifying article V of the Order on Consent Imposing Preliminary Injunction, Freezing Assets and Granting Other Relief Against Defendants dated December 18, 2008, to allow the Petitioning Creditors to file an involuntary bankruptcy petition against Madoff (the "Petition").  The District Court in its Order noted that:

> A Bankruptcy Trustee has direct rights to Mr. Madoff's individual property, with the ability to maximize the size of the estate available to Mr. Madoff's creditors through his statutory authority to locate assets, avoid fraudulent transfers, and preserve or increase the value of assets through investment or sale, as well as provide notice to creditors, process claims, and make distributions in a transparent manner under the procedures and preferences established by Congress, all under the supervision of the Bankruptcy Court.

E.      On April 13, 2009, Blumenthal & Associates Florida General Partnership, Martin Rappaport Charitable Remainder Unitrust, Martin Rappaport, Marc Cherno and Steven Morganstern (collectively, the "Petitioning Creditors"), filed an involuntary petition for relief against Madoff commencing a case under chapter 7 of the Bankruptcy Code (the "Madoff Chapter 7 Case");

F.      On April 21, 2009, pursuant to an Order of the Court dated April 20, 2009 directing the appointment of an interim chapter 7 trustee, the United States Trustee's Office for the Southern District of New York appointed Nisselson as interim trustee for the Madoff Chapter 7 Case;

G.      On May 7, 2009, the Court entered an Order for Relief in the Madoff Chapter 7 Case;

H.     In order for the Chapter 7 Trustee to reach his own determination regarding the potential benefits of substantive consolidation, and whether there would be any potential harm to the creditors of the Madoff estate, the Chapter 7 Trustee and his counsel have met and conferred with:  the SIPA Trustee and his counsel; Michael Slattery, Jr., Managing Director with FTI Consulting, Inc ("FTI"), one of the SIPA Trustee's consultants; and Meaghan Schmidt of Alix Partners, LLP, consultants to the SIPA Trustee.

I.     After having had an opportunity to meet with the foregoing, and having reviewed certain documentation regarding BLMIS and Madoff's financial affairs, the Chapter 7 Trustee has concluded that there appears to be no basis to dispute the allegations made in the Motion papers concerning the history of payments and transfers from BLMIS to Madoff, Madoff's misuse of BLMIS funds, the intertwining of, and lack of a practical manner in which to separate, the financial affairs of Madoff and BLMIS.

J.     The Chapter 7 Trustee has concluded that, as set forth more fully in the Response, proceeding under a substantively consolidated estate in the manner as outlined in this Order is the most expeditious, efficient and economical manner to administer the estates and will benefit the creditors of both estates.

K.     This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and Section 78eee(b)(4) of SIPA. Venue in this district of the case and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This Motion is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E) and (O).

L.     Substantive consolidation of the Chapter 7 estate of Madoff into the estate of BLMIS as set forth herein is appropriate based upon the unity of interest between Madoff and BLMIS, the transfer and commingling of assets and the intertwined financial affairs generally between the two entities, as more fully set forth in the Affidavit of Michael Slattery, Jr. dated as of

May 5, 2009 (the "Affidavit"), and the supporting Memorandum of Law filed simultaneously therewith.

M.     The Court having found that: (i) the affairs of Madoff and BLMIS are so entangled that they cannot practically be separated; (ii) that the benefits of consolidation outweigh any potential harm to creditors; and (iii) that the substantive consolidation as delineated in this Order will ensure the equitable treatment of all creditors of both estates.

**NOW, THEREFORE,** it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

1.     The Motion is granted as set forth herein.

2.     All objections filed to the Motion are overruled in their entirety and on the merits.

3.     Pursuant to section §105(a) of the Bankruptcy Code, the Madoff estate is substantively consolidated into the BLMIS SIPA Proceeding and the BLMIS estate, and all assets and liabilities of the Madoff estate shall be deemed consolidated into the BLMIS SIPA Proceeding and the BLMIS estate, which shall be administered in accordance with SIPA and the Bankruptcy Code under the jurisdiction of this Court.

4.     Notwithstanding the substantive consolidation of the Madoff estate into the BLMIS SIPA Proceeding, the Chapter 7 Trustee shall remain Chapter 7 trustee of the Madoff estate and shall continue to have all powers, rights, claims and interests of a Chapter 7 trustee to bring claims under Chapters 5 and 7 of the Bankruptcy Code in consultation with the SIPA Trustee and SIPC. Further, all powers, rights, claims and interests of the Madoff estate are expressly preserved, including without limitation all Chapter 5 and Chapter 7 powers, rights, claims and/or interests.

5.     Pursuant to Rule 1015(c) of the Federal Rules of Bankruptcy Procedure, and in order to avoid unnecessary costs and delays, (a) the Chapter 7 Trustee shall not retain separate counsel but instead will be authorized to use as his counsel, only after consultation with and approval by the SIPA Trustee and SIPC, counsel or special counsel retained by the SIPA Trustee;

(b) the Chapter 7 Trustee, acting in his capacity as such, will not seek or be entitled to compensation whether pursuant to section 326 of the Bankruptcy Code or otherwise, but shall be entitled to compensation for all of his services as legal counsel; and (c) the Chapter 7 Trustee shall consult with the SIPA Trustee with respect to his duties under section 704 of the Bankruptcy Code or otherwise and to the extent that the Chapter 7 Trustee reasonably determines that his exercise of any of the duties set forth in section 704 or otherwise would be duplicative of the efforts of the SIPA Trustee, the Chapter 7 Trustee shall not exercise such duties and is hereby relieved of the obligation to do so.

6.      The SIPA Trustee shall continue to have the duties and powers of the SIPA Trustee and, in addition, he shall have all duties and powers of a Chapter 7 trustee for the Madoff estate other than those set forth in paragraph 4 hereof.

7.      All powers, rights, claims and interests of the SIPA Trustee and the BLMIS estate are expressly preserved, including without limitation all Chapter 5 and Chapter 7 powers, rights, claims and/or interests, and the SIPA Trustee is authorized to pursue claims on behalf of the consolidated estate as the representative of and fiduciary for the BLMIS SIPA Proceeding and as subrogee and assignee of creditors' claims for, among other things, the avoidance and recovery of transferred property.

8.      The entry of this Order or any subsequent order closing the Madoff Chapter 7 Case shall not operate, or be deemed, to discharge Madoff under Section 727 of the Bankruptcy Code, and the Chapter 7 Trustee and the SIPA Trustee each reserve all rights and powers to oppose or object to any such discharge.

9.      All future documents shall be docketed in the substantively consolidated proceeding, case number 08-01789 (BRL).

10.      The caption of the substantively consolidated estates shall be, and all docket entries

shall read as follows:

```
-----------------------------------------------------------------x
```
SECURITIES INVESTOR PROTECTION
CORPORATION,                                    Adv. Pro. No.  08-01789 (BRL)

        Plaintiff-Applicant,

                               SIPA Liquidation

        v.

                               (Substantively Consolidated)

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

        Defendant.
```
-----------------------------------------------------------------x
```
In re:

BERNARD L. MADOFF,

        Debtor.
```
-----------------------------------------------------------------x
```

      11.     The SIPA Trustee and the Chapter 7 Trustee, as the case may be, are authorized, without further order of this Court, to take such actions and sign such documents as may be necessary to implement and effectuate this Order.

      12.     The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

      13.     The Clerk of the Court is hereby directed to enter this Order on the dockets of the BLMIS SIPA Proceeding (Adv. Pro. No. 08-1789 (BRL)) and the Madoff Chapter 7 Case (Case No. 09-11893 (BRL)).

14.    The relief granted pursuant to this Order and the consolidation provided for herein

shall be *nunc pro tunc* for all purposes to December 11, 2008.

Dated: New York, New York
       June __, 2009

| | |
|---|---|
| Irving H. Picard, Esq., Trustee for the SIPA Liquidation of Bernard L. Madoff Investment Securities LLC | Alan Nisselson, Esq., Interim Chapter 7 Trustee of Bernard L. Madoff |

By: _/s/Marc Hirschfield___                    By:___/s/ Alan Nisselson _____
Baker & Hostetler LLP                          Windels Marx Lane & Mittendorf, LLP
45 Rockefeller Plaza                           156 W. 56th Street
New York, New York 10111                       New York, New York  10019
Telephone: (212) 589-4200                      Telephone: (212) 237-1000
Facsimile: (212) 589-4201                      Facsimile: (212) 262-1215


Securities Investor Protection Corporation

By: _/s/Kevin Bell_____
805 Fifteenth Street N.W., Suite 800
Washington D.C. 20005
Telephone: (202) 371-8300
Facsimile: (202) 371-6728


DATED:  June 9, 2009                           SO ORDERED:
        New York, New York


                                               /s/Burton R. Lifland
                                               HONORABLE BURTON R. LIFLAND
                                               UNITED STATES BANKRUPTCY JUDGE