# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>BERNARD L. MADOFF<br>INVESTMENTS SECURITIES LLC,<br><br>Defendant | SIPA Liquidation<br><br>Adv. Pro No. 08-017 (BRL)<br><br>DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD AND STATEMENT OF ISSUES |

*RECEIVED JUN - 9 2009 U.S. BANKRUPTCY COURT, SDNY*

Pursuant to Rule 8006, Rules of the Bankruptcy Procedure, the Intervenor-Applicant/Appellant designates the following documents for inclusion in the record on appeal in the District Court:

A. Motion For Intervention with Memorandum of Law In Support of Motion For Intervention to conduct a buyout of Bernard L. Madoff Investment Securities LLC for $75,000,000,000 inn stock/cash program to reimburse all money lost by former clients of Bernard L. Madoff Investment Securities LLC filed by Intervenor-Applicant via mail on April 22, 2009 and docketed on April 24, 2009 by the court.

B. Affidavit of Ade O. Ogunjobi in Support of Motion For Intervention filed by Intervenor-Applicant via mail on April 22, 2009 and docketed on April 24, 2009 by the court.

C. Applicant's Letter to the court that Mr. Ade O. Ogunjobi will appear in court on June 2, 2009 at 10:00 a.m. for the hearing on Motion For Intervention to to conduct a buyout of Bernard L. Madoff Investment Securities LLC for $75,000,000,000 in stock/cash program that will reimburse all money lost by former clients of Bernard L. Madoff Investment Securities LLC filed by Intervenor-Applicant via mail on May 21, 2009.

D. Order: Final Judgment Granting Permanent Injunction and other Equitable Relief in <u>United States Securities and Exchange Commission v. Toks, Inc., and Ade O. Ogunjobi</u>, No. 1:03CV01787 (PLF).

E. Notice of Appeal

Pursuant to Rule 8006, copies of these documents are being mailed this day to the clerk

The statement of issues to be raised on appeal to the District Court are:

1. Do the Trustee of Bernard L. Madoff Investment Securities LLC has any legal authority to oppose Motion For Intervention to conduct a buyout of Bernard L. Madoff Investment Securities LLC for $75,000,000,000 in stock/cash program that will reimburse all former clients of Bernard L. Madoff Investment Securities LLC that lost $65,000,000,000 in cash through the largest Ponzi scheme in America committed by Mr. Bernard L. Madoff within the context of the role of the Trustee in the SIPA Liquidation.

2. The legal context of the constitutional right of the former clients of Bernard L. Madoff Investment Securities LLC as "investors" superseded the Trustee's right to reject an offer of buyout that would reimburse all money lost by the former clients of Bernard L. Madoff Investment Securities LCC.

3. What is the legal interpretation of an order issued six years ago against Mr. Ade O. Ogunjobi with no evidence and no trial by jury in <u>United States Securities and Exchange Commission v. Toks, Inc. and Ade O. Ogunjobi,</u> No. 1:03CV 01787 (PLF) if such order precludes Mr. Ade O. Ogunjobi from ever seeking capital or engage any form of transaction again for the rest of his natural life. This is a very constitutional issue that will be addressed.

4. Another issue that will be addressed is does an entrepreneur like Mr. Ade O. Ogunjobi has to possess assets to conduct a legitimate business transaction where assets are not required to do so in this case the Bankruptcy court

embraced the notion that Mr. Ade O. Ogunjobi has no tangible assets like money of his own to make such offer which is the misconception that will be addressed in the appeal. Examples like Thomas Edison. Alexander Graham Bell, these great entrepreneurs never possessed assets or money to launch the greatest inventions in the history of mankind.

5. Source of funding and capital was established with the Bankruptcy court that Would make such offer to pay $75,000,000,000 in stock/cash program through Toks, Inc.'s pending platform/transaction.

6. The constitutional issue of Mr. Ade O. Ogunjobi to exercise his right to have ideas and continue seeking windows of opportunity to implement such ideas will be addressed in the appeal to reflect the very window of opportunity to make offer to conduct buyout of Bernard L. Madoff Investment Securities LLC for $75,000,000,000 in stock/cash program that will reimburse all clients of Bernard L. Madoff Investment Securities LLC all money lost in the Ponzi scheme committed by Bernard L. Madoff.

7. Finally, the Bankruptcy court's order of June 2, 2009 to deny the Motion For Intervention to conduct buyout of Bernard L. Madoff Investment Securities LLC for $75,000,000,000 in stock/cash program to reimburse all money lost by former clients of Bernard L. Madoff Investment Securities LLC through the largest Ponzi scheme committed by Bernard L. Madoff that lost $65,000,000,000 of investors' money was not made at the best interest of former clients of Bernard L. Madoff Investment Securities because they were the ones that lost money, not the Trustee, SIPA or the Bankruptcy court. The Bankruptcy court erred.

                                              Respectfully submitted,

_____
Ade O. Ogunjobi
Appeallant
138 Foster Street # A1
Carrollton, Georgia 30117
(808) 393-6573