# BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

## DECEMBER 11, 2008[1]

## NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

May 28, 2009

Ms. Susan Plum
c/o Edward Morris
Metis Group LLC
14 Penn Plaza, Suite 1800
New York, New York 10122



Dear Ms. Plum:

## PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim on BLMIS Account No. 1ZB498 designated as Claim Number 001634:

Your claim for a credit balance of $18,526.00 and for securities is **DENIED**. No securities were ever purchased for your account.

---

[1] Section 78*lll*(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78*lll*(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

300013315.1

Your claim is **ALLOWED** for $1,000,000.00, which is the amount of money you deposited with BLMIS on 1/23/2004 for the purchase of securities.

Your **ALLOWED CLAIM** of $1,000,000.00 will be satisfied in the following manner:

The enclosed **PARTIAL ASSIGNMENT AND RELEASE** must be executed, notarized and returned in the envelope provided herewith. Upon receipt of the executed and notarized **PARTIAL ASSIGNMENT AND RELEASE**, the Trustee will make a partial satisfaction of your **ALLOWED CLAIM** by sending you a check in the amount of $500,000.00, with the funds being advanced by Securities Investor Protection Corporation pursuant to section 78fff-3(a)(1) of SIPA. The remainder of your claim - $500,000.00 - will remain as a claim against the fund of customer property.

It is the Trustee's intent, pursuant to SIPA, to submit a Motion for an order of the Bankruptcy Court to allocate assets he has collected and will collect between the fund of customer property and the general estate and to distribute customer property *pro rata* among allowed claimants, such as you. In a decision in this case, Rosenman Family, LLC v. Picard, 401 B.R. 629, 634 (Bankr. S.D.N.Y. 2009), the Bankruptcy Court stated:

> The customer estate is a fund consisting of customer property and is limited exclusively to satisfying customer claims. In re Adler Coleman Clearing Corp. (Adler Coleman II), 216 B.R. 719, 722 (Bankr. S.D.N.Y. 1998) ("A SIPA trustee, distributes 'customer property' exclusively among the debtor's customers...."); see also 15 U.S.C. § 78*lll*(4). Accordingly, Customers, as defined by SIPA § 78*lll*(2), enjoy a preferred status and are afforded special protections under SIPA. See New Times Securities, 463 F.3d at 127; Adler Coleman, 195 B.R. at 269."

Id. at 634.

It is not known at this time when the Trustee will be filing such allocation and distribution motion.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after May 28, 2009, the date on which the Trustee mailed this notice.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that

hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York 10004

and

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10011

_____
Irving H. Picard

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

300013315.1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SECURITIES INVESTOR PROTECTION
CORPORATION,

          Plaintiff-Applicant,

          v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

          Defendant.

Adv. Pro. No. 08-01789-BRL

SIPA Liquidation

## PARTIAL ASSIGNMENT AND RELEASE

**KNOW ALL MEN BY THESE PRESENTS,** that SUSAN PLUM, located at c/o

Edward Morris, Metis Group LLC, 14 Penn Plaza, Suite 1800, New York, New York 10122

(hereinafter referred to as the "Assignor") in consideration of the payment of $500,000.00 to

satisfy in part her claim for customer protection (the "Customer Claim", having been designated

Claim #001634) filed in the liquidation proceeding of Bernard L. Madoff Investment Securities

LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §78aaa et seq. ("SIPA")

(see §§78fff-2(b), 78fff-2(d), and §78fff-3(a)(1) of SIPA), does for herself hereby assign,

transfer and set over to Irving H. Picard as SIPA Trustee (the "SIPA Trustee") for the liquidation

of BLMIS (see §78fff-2(b) of SIPA), and the Securities Investor Protection Corporation

("SIPC"), as subrogee to the extent of its cash advances to the SIPA Trustee for the satisfaction

of the aforementioned Customer Claim (see §78fff-3(a)(1) of SIPA), any and all rights, including

causes of action or claims, that Assignor now may have against BLMIS and/or any third party

arising out of or relating to any fraudulent or illegal activity with respect to Assignor's BLMIS

account (Account No. 1ZB498, the "BLMIS Account"), which gave rise to the allowed

300013329.1

Customer Claim for securities filed by Assignor against BLMIS. Such assignment is only to the extent that Assignor has received satisfaction of the Customer Claim as set forth above.

Further, Assignor has not previously compromised or assigned any claim, cause of action or other right against BLMIS, its principals or agents or any third party arising out of or related to any fraudulent or illegal activity giving rise to the Customer Claim.

Upon reasonable request of the SIPA Trustee or SIPC, Assignor agrees to cooperate with the SIPA Trustee or SIPC in connection with any efforts of either to recover from the principals or agents of BLMIS or anyone else for amounts advanced by SIPC or paid by the SIPA Trustee to satisfy in part Assignor's Customer Claim in this SIPA liquidation proceeding. Such efforts to recover by the SIPA Trustee or SIPC, either to demand or pursue or to prosecute or settle any collection effort, action or proceeding therefore, shall be at the sole cost of the SIPA Trustee or SIPC.

Effective immediately and without further action, contingent only upon Assignor's receipt from the SIPA Trustee or his agent of a check in the amount of $500,000.00 as set forth in the SIPA Trustee's Notice of Determination of the Customer Claim dated May 28, 2009, (the "Trustee's Determination"), and upon receipt by the SIPA Trustee of this executed and notarized Partial Assignment and Release, the Assignor does for Assignor's executors, administrators, heirs and assigns hereby remise, release and forever discharge the SIPA Trustee and SIPC, as subrogee to the extent of its cash advances for the satisfaction of the Customer Claim, and, as the case may be, its officers, directors, professionals, employees, agents, successors and assigns, of and from any and all claims arising out of or relating to the Assignor's BLMIS Account, the Customer Claim filed with the SIPA Trustee as protected by the provisions of SIPA, and any and all circumstances giving rise to said Customer Claim which the Assignor now has, or hereafter

may have, for or by any reason, cause, matter or thing whatsoever from the beginning of the world to the date of the execution of this Partial Assignment and Release, only to the extent that the SIPA Trustee and/or SIPC has paid monies to the Assignor to satisfy Assignor's Customer Claim.

Assignor acknowledges the sufficiency of the consideration to be received in accordance with the SIPA Trustee's Determination and under this Partial Assignment and Release.

**IN WITNESS WHEREOF,** the undersigned has on this day set forth below duly executed this Partial Assignment of Assignor's Customer Claim and Release, intending to be legally bound hereby.

By:_____
SUSAN PLUM

Sworn and subscribed before me this
_____ day of _____, 2009.


_____
Notary Public