## EXHIBIT A

## FORM OF AGREEMENT BETWEEN
## THE TRUSTEE AND NJ COMPANIES

300015577

# CITATION X
# TERMINATION AND REPURCHASE AGREEMENT

**THIS TERMINATION AND REPURCHASE AGREEMENT** (this "Agreement") is made and entered this _____ day of June, 2009, among NETJETS SALES, INC., formerly known as Executive Jet Sales, Inc., a Delaware corporation, having its principal office and place of business at 4111 Bridgeway Avenue, Columbus, Ohio 43219-1882 ("NJS"), NETJETS AVIATION, INC., formerly known as Executive Jet Aviation, Inc., a Delaware corporation, having its principal office and place of business at 4111 Bridgeway Avenue, Columbus, Ohio 43219-1882 ("NJA"), NETJETS SERVICES, INC., formerly known as Executive Jet Services, Inc., a Delaware corporation, having its principal office and place of business at 4111 Bridgeway Avenue, Columbus, Ohio 43219-1882 ("SERVICES") and BLM AIR CHARTER LLC ("BLM"), a New York limited liability company, having its principal office and place of business at c/o Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, New York, 10111, by and through Irving H. Picard, the court-appointed Trustee for the liquidation of Bernard L. Madoff Investment Securities, LLC and Bernard L. Madoff individually.

## WITNESSETH:

**WHEREAS**, BLM and NJS entered into a Citation X Purchase Agreement dated February 6, 2001 (the "Purchase Agreement") for the purchase of a twelve and one-half percent (12.5%) undivided interest (the "Interest") in Citation X aircraft serial number 750-0083 bearing United States Registration Number N983QS (the "Aircraft");

**WHEREAS**, BLM and NJA entered into a Citation X Management Agreement dated February 6, 2001, as amended, covering the Interest in the Aircraft (the "Management Agreement");

**WHEREAS**, BLM and SERVICES entered into a Citation X Master Interchange Agreement dated February 6, 2001 covering the Interest in the Aircraft (the "Master Interchange Agreement");

**WHEREAS**, BLM and other undivided interest owners of the Aircraft entered into a Citation X Owners Agreement dated February 6, 2001 covering certain agreements among themselves (the "Owners Agreement");

**WHEREAS**, BLM, NJS, and Cessna Aircraft Company entered into an assignment and consent agreement wherein certain warranties covering the Aircraft were assigned to BLM;

**WHEREAS**, BLM and NJA entered into a Renewal Amendment dated September 1, 2004 wherein the terms of the Management Agreement were revised and renewed through September 1, 2007;

**WHEREAS**, BLM and NJA entered into a Renewal Amendment dated August 28, 2007 wherein the terms of the Management Agreement were revised and renewed through September 1, 2009; and

SIPC, 300015716.3

**WHEREAS**, BLM desires NJS to repurchase the Interest in the Aircraft and NJS is willing to repurchase the Interest in the Aircraft.

**NOW, THEREFORE**, the parties to this TERMINATION AND REPURCHASE AGREEMENT agree as follows:

1. BLM and NJA agree that the amount of $752,963 to be paid to the Trustee by NJA (as described in the attached Annex) represents the final obligation between the parties. Further, as consideration for such amount, BLM and NJA agree to refrain from making any further claims of preference or requests for contribution against the other through bankruptcy or otherwise.

2. BLM agrees to deliver to NJS good and marketable title to the Interest in the Aircraft free and clear of any and all liens or encumbrances created by or through BLM.

3. The settlement contained in this Agreement is subject to approval by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") and the obligations of each party to consummate the transactions contemplated hereby shall be subject entry of an order or judgment of the Court, as entered on the docket that has not been reversed, stayed, modified or amended, and as to which: (a) the time for appeal, seeking review or rehearing or petition for certiorari has expired; or (b) any appeal taken or petition for certiorari filed has been finally resolved by the highest court for which appeal or certiorari was sought, approving the Agreement.

4. Following the satisfaction of (1) and (2) above, the parties shall not have any further obligation to the other in regard to the Purchase Agreement, Management Agreement, Master Interchange Agreement, Owners Agreement or any other agreements in regard to the Interest in the Aircraft.

5. This Agreement may be executed in one or more counterparts, each of which when so executed shall be deemed an original, but all of which taken together shall constitute one and the same instrument.

6. This Agreement shall be governed by and construed in accordance with the laws of the state of New York without regard for that state's conflict of law provisions or choice of law rules. Any disputes concerning or arising in connection with this Agreement, shall be adjudicated exclusively by the Bankruptcy Court and the Parties consent to the core jurisdiction of the Bankruptcy Court for that purpose.

7. This Agreement constitutes the entire agreement between NJS and BLM with respect to the subject matter of it. There are no other covenants, promises, agreements, conditions or understandings, either oral or written, express or implied, between NJS and BLM except for this Agreement with respect to its subject matter. The terms are contractual and not merely recitals. No alteration, amendment or modification shall be effective or binding upon either NJS or BLM unless in writing and duly executed by NJS and BLM.

**IN WITNESS WHEREOF**, the parties hereto have caused this TERMINATION AND REPURCHASE AGREEMENT to be executed by their duly authorized representatives.

| | |
|---|---|
| NETJETS SALES, INC. ("NJS") | NETJETS SERVICES, INC. ("SERVICES") |
| BY:_____ <br> David S. Beach <br> Title:  Senior Vice President | BY:_____ <br> David S. Beach <br> Title:  Senior Vice President |
| BLM AIR CHARTER LLC ("BLM") <br> By and through Irving H. Picard Trustee for the Liquidation of Bernard L. Madoff Investment Securities, LLC and Bernard L. Madoff individually | NETJETS AVIATION, INC. ("NJA") |
| BY: _____ <br> Irving H. Picard, Trustee | BY: _____ <br> David S. Beach <br> Title:  Senior Vice President |