# EXHIBIT C

# AFFIDAVIT OF IRVING PICARD

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　　Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant.<br><br>In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | Adv. Pro. No. 08-1789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |

**AFFIDAVIT IN SUPPORT OF MOTION FOR ENTRY OF ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND RULES 2002 AND 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE APPROVING AN AGREEMENT BY AND AMONG THE TRUSTEE, NETJETS SALES, INC., NETJETS AVIATION, INC. AND NETJETS SERVICES, INC.**

STATE OF NEW YORK　)
　　　　　　　　　　 ) ss:
COUNTY OF NEW YORK)

Irving H. Picard, being duly sworn, hereby attests as follows:

　　　1.　　I am the trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") and trustee for the estate of Bernard L. Madoff ("Madoff"), individually. I am familiar with the affairs of BLMIS and Madoff. I respectfully submit this Affidavit in support of the Motion for Entry of Order Pursuant to Section 105(a) of the Bankruptcy Code and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure

Approving an Agreement By and Among the Trustee, NETJETS Sales, Inc., NETJETS Aviation, Inc. and NETJETS Services, Inc. (the "Agreement").

2. I make this Affidavit based upon my own personal knowledge or upon information that I believe to be true.

3. All capitalized terms not defined herein have the meaning ascribed to them in the Motion.

4. I believe that the terms of the Agreement fall above the lowest point in the range of reasonableness and, accordingly, should be approved by this Court. The NJ Companies have agreed to pay fair market value for the Interest. Given that no other potential purchaser would pay more than market value, there is no advantage to attempting to sell the Interest to a third party. The Agreement allows the estate to avoid having to participate in what would likely be a futile sales process.

5. In addition, the Management Agreement terminates on September 1, 2009. As such, any delay in selling the Interest reduces the possible recovery for the estate. Finally, the Agreement resolves all issues regarding any claims by the NJ Companies and Trustee without the need for protracted, costly, and uncertain litigation. Litigating with the NJ Companies could be expensive and would require a significant commitment of time by the various professionals involved in the matter and would increase the administrative burden on the estate.

6. Given the potential impact of these issues, and the cost and complexities involved in proceeding with litigation, I have determined that the Agreement represents a fair compromise. The Agreement also furthers the interests of the customers of BLMIS by bringing a significant amount of money into the estate.

7. In sum, I respectfully submit that the Agreement should be approved (a) because the repurchase price represents the fair value of the Interest and these funds that will benefit the BLMIS and Madoff estates and customers of BLMIS, and (b) to avoid potentially burdensome and expensive litigation.

_____
IRVING H. PICARD

Subscribed and Sworn to before me
this 19th day of June, 2009

_____
Notary Public

DAMIAN SMITH
Notary Public, State of New York
No. 01SM6169097
Qualified in New York County
Commission Expires June 18, 2011