BERNFELD, DEMATTEO & BERNFELD LLP
David B. Bernfeld
Jeffrey L. Bernfeld
*Attorneys for Eric D. Berniker*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES INVESTOR PROTECTION
CORPORATION,
                    Plaintiff,

v

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,
                    Defendant.

Adv. Pro. No. 08-01789 (BRL)

SIPA LIQUIDATION

## OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM

**ERIC D. BERNIKER** (the "Claimant"), by his attorneys, **BERNFELD, DEMATTEO & BERNFELD, LLP** hereby files the following Objections to a letter received from Irving Picard dated May 22, 2009 (the "May 22 Letter"), if and to the extent that the May 22 Letter was intended as and/or constituted a Determination Letter within the meaning of SIPA and this Court's Order dated December 23, 2008.

### BACKGROUND

1.    On or about December 11, 2009, Plaintiff commenced the instant action against Bernard L. Madoff Investment Securities, LLC ("BLMIS") to liquidate BLMIS pursuant to the provisions of the Securities Investor Protection Act of 1970 ("SIPA").

2. By Court order dated December 15, 2008, Irving Picard was appointed to act as the trustee (the "Trustee") to oversee and administer the liquidation of BLMIS in accordance with the SIPA statute.

3. Pursuant to order dated December 23, 2008 (the December 23 Order"), the Court directed the Trustee :

a. to disseminate and make available notice and claim forms to BLMIS customers for the filing of Customer Claims in the BLMIS Liquidation

b. to advise Customers of the relevant claim-filing cut off dates

c. to determine in writing all filed customer claims, and to the extent that the Trustee disallowed any claim, whether in whole or in part, to provide the reason for such disallowance

4. On or about February 23, 2009, Claimant submitted a written customer claim to the trustee ( the "Claim"). See copy of claim annexed as Exhibit A.

5. By letter dated May 22, 2009, received by Claimant sometime thereafter, the Trustee advised Claimant as follows:

"We cannot address your claim ...until RYE SELECT BROAD MARKET-PRIME FUND, LP files a customer claim for [Rye's] Account so that we have adequate information about the [RYE] Account."

A copy of the May 22, 2009 Letter is annexed as Exhibit B

6. On its face, the May 22 Letter does not purport to be a Determination Letter:

a. upon information and belief, the form of the letter is different from the Trustee's usual form of Determination Letter.

2

b.  the May 22 Letter makes no actual determination of Claimant's claim; rather it claims that it cannot make a determination ostensibly because a third party has failed to file a claim.[1]

7.  Nevertheless, to avoid any future assertion by the Trustee that the May 22 Letter was intended as and did constitute a Determination Letter, Claimant is filing protective objections in order to preserve his Claim from any unintended or inadvertent waiver or any subsequent argument that the failure to file timely objections to the May 22 Letter operated as a time bar against the Claim.

## OBJECTIONS

8.  If it is ultimately deemed a Determination Letter, Claimant objects to the May 22 Letter for the following reasons, among others:

a.  The May 22 Letter fails to make a determination of the Claim;

b.  Although the Trustee is obligated to make a timely determination of all claims including the Claim filed by Claimant, and the Claimant has provided full information about the Claim, the Trustee has not made a determination with respect to the Claim;

c.  The failure of the Trustee to make a timely determination with respect to the Claim must be deemed an approval of the Claim as filed;

d.  The May 22 Letter provides no reason or basis for a disallowance of the Claim, in

---

[1] Claimant does not agree that the Trustee cannot make a determination of Claimant's SIPC claim and affirmatively asserts that the Trustee can and must make a determination without regard to whether or not the third party referenced in the May 22 letter files a SIPC claim in is own name.

3

whole or in part ;[2]

e. The stated reason for the Trustee's failure to make a determination-- that a third party has failed to make a SIPC claim– is not a valid or legally cognizable reason for the Trustee's refusal to make a determination of this separate and individual Claim

f. Claimant has filed a timely claim on the forms provided for such purpose by the trustee and has provided the necessary written back up and supporting data to demonstrate that (i) claimant is entitled to be treated as a Customer of BLMIS for purposes of this SIPC Liquidation; and (ii) Claimant has a Net Equity of in excess of $ 500,000 and is thus entitled to be approved to receive the maximum SIPC advance payment of $500,000.

g. The undisputed facts demonstrate that the Claim should be allowed in full, as filed, and that Claimant should immediately receive the full $ 500,000 SIPC advance payment provided for under the SIPA statute.

h. The Trustee's failure to affirmatively approve the Claim at this time is in violation of the SIPA statute, the applicable regulations thereto, and the relevant cases interpreting the said SIPA statute and regulations.

9. Claimant reserves the right to make other and further objections to (a) the May 22 Letter as the facts and circumstances develop and warrant, and (b) any subsequent Determination Letter or other writing from the Trustee which addresses or purports to determine the Claim, in

---

[2] As noted, in the Letter the Trustee simply says he cannot make a determination on the claim because a third party has not yet filed its claim. That statement provides no basis for a disallowance of the claim nor for that matter for a delay in determining the Claim.

4

whole or in part.

Dated: June 20, 2009

                                              Bernfeld, Dematteo & Bernfeld, LLP

                                              By_____

                                                 David Bernfeld (0177)

                                            Attorneys for Claimant Eric D. Berniker
                                            600 Third Avenue
                                            New York, New York 10016
                                            (212) 661-1661

CUSTOMER CLAIM

Claim Number_____

Date Received_____

# BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

## DECEMBER 11, 2008

PLACE MAILING LABEL HERE

Provide your office and home telephone no.

OFFICE: 646-621-5022

HOME: 646-414-1170

Taxpayer I.D. Number (Social Security No.)
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

(If incorrect, please change)

NOTE: BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY THE ACCOMPANYING INSTRUCTION SHEET. A SEPARATE CLAIM FORM SHOULD BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL PROTECTION AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE RECEIVED BY THE TRUSTEE ON OR BEFORE March 4, 2009. CLAIMS RECEIVED AFTER THAT DATE, BUT ON OR BEFORE July 2, 2009, WILL BE SUBJECT TO DELAYED PROCESSING AND TO BEING SATISFIED ON TERMS LESS FAVORABLE TO THE CLAIMANT. PLEASE SEND YOUR CLAIM FORM BY CERTIFIED MAIL - RETURN RECEIPT REQUESTED.

*************************************************************************

1. Claim for money balances as of **December 11, 2008**:
   a. The Broker owes me a Credit (Cr.) Balance of    $ 547,953.39
   b. I owe the Broker a Debit (Dr.) Balance of       $_____

502180406                                1

If you wish to repay the Debit Balance please insert the amount you wish to repay and attach a check payable to "Irving H. Picard, Esq., Trustee for Bernard L. Madoff Investment Securities LLC."

If you wish to make a payment, **it must be enclosed** with this claim form.   $_____

d. If balance is zero, insert "None."   _____

2. Claim for securities as of **December 11, 2008**:

**PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.**

|   |   | YES | NO |
|---|---|---|---|
| a. | The Broker owes me securities |   | ✓ |
| b. | I owe the Broker securities |   | ✓ |

c. If yes to either, please list below:

| Date of Transaction (trade date) | Name of Security | Number of Shares or Face Amount of Bonds | |
|---|---|---|---|
| | | The Broker Owes Me (Long) | I Owe the Broker (Short) |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

**Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclose, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation. You should also provide all documentation or**

502180406                                    2

information regarding any withdrawals you have ever made or payments received from the Debtor.

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement. If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.

**PLEASE CHECK THE APPROPRIATE ANSWER FOR ITEMS 3 THROUGH 9.**

NOTE: IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION ON A SIGNED ATTACHMENT. IF SUFFICIENT DETAILS ARE NOT PROVIDED, THIS CLAIM FORM WILL BE RETURNED FOR YOUR COMPLETION.

|   |   | YES | NO |
|---|---|---|---|
| 3. | Has there been any change in your account since December 11, 2008? If so, please explain. |  | ✓ |
| 4. | Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of the broker? |  | ✓ |
| 5. | Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or policies of the broker? |  | ✓ |
| 6. | Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in any way with the broker? If so, give name(s) |  | ✓ |
| 7. | Is this claim being filed by or on behalf of a broker or dealer or a bank? If so, provide documentation with respect to each public customer on whose behalf you are claiming. |  | ✓ |
| 8. | Have you ever given any discretionary authority to any person to execute securities transactions with or through the broker on your behalf? Give names, addresses and phone numbers. |  | ✓ |

502180406                                    3

Have you or any member of your family ever filed a claim under the Securities Investor Protection Act of 1970? if so, give name of that broker. _____ ✓

Please list the full name and address of anyone assisting you in the preparation of this claim form: _____
_____.

If you cannot compute the amount of your claim, you may file an estimated claim. In that case, please indicate your claim is an estimated claim.

**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM. CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.**

**THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY INFORMATION AND BELIEF.**

Date   2.23.09                    Signature _[signature]_

Date _____            Signature _____

(If ownership of the account is shared, all must sign above. Give each owner's name, address, phone number, and extent of ownership on a signed separate sheet. If other than a personal account, e.g., corporate, trustee, custodian, etc., also state your capacity and authority. Please supply the trust agreement or other proof of authority.)

**This customer claim form must be completed and mailed promptly, together with supporting documentation, etc. to:**

Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

Irving H. Picard, Trustee
Claims Processing Center
2100 McKinney Avenue
Suite 800
Dallas, Texas 75201

May 22, 2009

**REMINDER NOTICE – JULY 2, 2009 BAR DATE FOR CLAIMS**

ERIC D. BERNIKER
RYE SELECT BROAD MARKET - PRIME FUND, LP
236-246 WEST 17TH STREET
APT 3D
NEW YORK, NY 10011

Re:   *Securities Investor Protection Corp. v. Bernard L. Madoff Investment Securities LLC*, Adv. Pro. No. 08-01789-BRL

Dear ERIC D. BERNIKER:

As you are aware, the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") is being conducted under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

Based on a review of the records of the BLMIS Trustee's Claims Center, as of this date we have not received a customer claim from RYE SELECT BROAD MARKET - PRIME FUND, LP for Account Number 1C1260 (the "Account"). We have sent RYE SELECT BROAD MARKET - PRIME FUND, LP a reminder that the statutory bar date for filing such claim is July 2, 2009. We have received numerous customer claims from those who invested indirectly with BLMIS through the Account of RYE SELECT BROAD MARKET - PRIME FUND, LP. We cannot address your claim or other such claimants' claims until RYE SELECT BROAD MARKET - PRIME FUND, LP files a customer claim for the Account so that we have adequate information about the Account. Claim forms are available on the Claims Packages tab on the BLMIS Trustee's website: www.madofftrustee.com. Please act accordingly.

Very truly yours,

*Irving H. Picard*

Irving H. Picard
Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

300012176.1