BERNFELD, DEMATTEO & BERNFELD LLP
David B. Bernfeld
Jeffrey L. Bernfeld
*Attorneys for Michael Schur*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SECURITIES INVESTOR PROTECTION
CORPORATION,

                Plaintiff,

        v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

                Defendant.

Adv. Pro. No. 08-01789 (BRL)
SIPA LIQUIDATION

**OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM**

Michael Schur, by his attorneys, hereby objects to the Notice of Trustee's

Determination of Claim dated May 22, 2009 (the "Determination Letter"), as follows:

    1.    As the Trustee's Determination Letter acknowledges, Michael Schur ("Claimant")

is a "customer" of Bernard L. Madoff Investment Securities, LLC ("BLMIS") as that term as

defined under the Securities Investor Protection Act (hereinafter "SIPA").

    2.    According to the final customer statement for his account at BLMIS dated

November 30, 2008 (the "November Statement"), Claimant had securities in his BLMIS account

valued at $2,653,363.78 as well as cash of $316,470.

3.      On or about December 15, 2008, the court directed the liquidation of BLMIS

pursuant to the provisions of the Securities Investor Protection Act of 1970 ("SIPA") and Irving

Picard was designated by SIPC and appointed by the Court to act as the trustee (the "Trustee") .

4.      Pursuant to order dated December 23, 2008, the Court empowered the Trustee:

       a.      to disseminate and make available notice and claim forms to

           BLMIS customers for the filing of Customer Claims in the BLMIS

           Liquidation;

       b.      to advise Customers of the relevant claim-filing cut off dates;

       c.      to determine in writing all filed customer claims, and to the extent

           that the Trustee disallowed any claim, whether in whole or in part,

           to provide the reason for such disallowance.

5.      Claimant submitted his claim on the form therefor promulgated by the Trustee

(the "Claim"). Included in the Claim was a copy of the November Statement as an attachment

(see Exhibit A).

6.      By letter dated May 22, 2009, received by Claimant on or about May 22, 2009, the

Trustee sent Claimant the Trustee's Determination Letter which, *inter alia*: (a) disallowed the

claim for physical delivery of the securities set forth as being in Claimant's BLMIS account as of

the November Statement; (b) allowed the Net Equity claim but only to the extent of $1,210,000,

rather than for the value of the November Statement as the Michael Schur Customer Claim

requested.  A copy of the Trustee's Determination Letter is annexed as Exhibit B .

7.      As is reflected in the Trustee's Determination Letter, no reason is provided for

the:

2

a.     denial of Claimant's claim for the physical delivery of securities listed in the November Statement.[1];

b.     Approval of the Net Equity claim but limited only to the amount of $1,210,000 rather than the account value as reflected in the November Statement.[2]

8.     Claimant objects to the Determination Letter to the extent that it: (a) denies Claimant's request for delivery of the securities listed in the November Statement; (b) limits Claimant's allowed claim to the sum of $1,210,000; and (c) may or purports to condition payment of the SIPC advance on the undisputed amount of the Net Equity Claim on a release by Claimant of the right to file objections to the disputed portions of the claim or to have those objections heard and determined by the Court.[3]

## SUMMARY OF OBJECTIONS

9.     Claimant's Objections are predicated on the law-on the SIPA statute and regulations and on case law interpreting the rights of customers of broker-dealers in a SIPA Liquidation.

10.     One of core the legal issues raised is the Trustee's use of an improper definition

---

[1]     The letter states that "No securities were ever purchased for your account" which is simply a statement of fact, not a legal reason or basis for the denial, as required by the Order dated December 23, 2008

[2]     The letter states that this allowed amount represents "the amount of money you deposited with BLMIS on [sic] for the purchase of securities less subsequent withdrawals you received" which is again a statement of fact, not a legal reason or basis, as required by the Order dated December 23, 2008.

[3]     Claimant does not concede or agree that the release in fact prohibits the Claimant from filing Objections or from having them heard or determined by the Court.

and methodology for calculating a customer's Net Equity:

    a.    The SIPA Statute and the applicable case law require that when, as here, a customer's account purports to reflect positions in actual securities (as defined by SIPA), the Customer's Net Equity is calculated by the value s set forth in the last account statement consistent with the customer's reasonable expectations. [4]

    b.    The Trustee has adopted a definition and methodology of Net Equity which is limited to the amounts invested by a customer less amounts withdrawn by the customer without regard to any other factor, disregarding all written confirmations of securities transactions and all account statements received by the customer. As a result, the Trustee's definition and methodology is inconsistent with and frustrates the customer's reasonable expectations - in flat violation of the stated purposes of the SIPA statute.

11.    The Trustee's insistent use of this flawed and improper definition of Net Equity materially and adversely affects a number of basic issues for Customers and their SIPC claim, including the following:

    a.    In many cases, a customer who should have a positive Net Equity based on the proper definition - and therefore one entitled to a SIPC payment - is determined by the Trustee to have a negative Net Equity and, therefore,

---

[4]    See definition of Net Equity in SIPA statute 15 USC §78lll(11); See also *In re New Times Secs. Servs.,* 371 F.3d 68 (2d Cir. 2004)

someone not entitled to any SIPC payment.

b.     In other cases, a customer receives a lower SIPC payment than the customer should have received because the Trustee's formula, while still leaving the customer with some Net Equity, nevertheless reduces the Net equity amount below what it should have been based on the proper definition of and methodology for determining Net Equity.

c.     In most cases, the improper reduction of a customer's Net Equity will adversely affect the amount that a customer receives of future distributions by the trustee of the non-SIPC customer property to be distributed among customers in accordance with the SIPA statute.

12.     A separate core issue is whether the Trustee is complying with the mandates of SIPA which imposes fiduciary duties on the Trustee in favor of the customers when the Trustee adopts arguments and positions antithetical to the customers who he owes said fiduciary duty and which support SIPC and reduce the amount of SIPC payments at the expense of the customers. For example, the definition of Net Equity chosen by the Trustee has resulted in fewer and lower SIPC payments to many customers and substantial savings to SIPC.

## SPECIFIC OBJECTIONS

First Objection

13.     The Order of December 23, 2008 requires the Trustee to provide "the reasons" for any claim disallowance in whole or in part. As noted in ¶ 7 above, the Trustee has not provided such reasons in connection with the Trustee's denial of portions of Claimant's claim.

a.     With respect to the Trustee's denial of delivery of Securities, the only

5

explanation provided is the statement in the Determination Letter that "No securities were ever purchased for your account" ("DL Statement A"). However, the SIPA statute specifically provides for physical delivery if the securities in question are missing. The Determination Letter makes no mention of this SIPA provision nor does it set forth any reason why the Trustee has not complied with it.

b.    With respect to the Net Equity allowance of only $1,210,000 of the total claim, the Trustee has failed to provide a reason why the values set forth on the November Statement are not accepted as Claimant's Net Equity. The statement that the Trustee has fixed the amount of the Allowed Claim based on monies deposited less monies withdrawn ("DL Statement B" ) is simply a statement of methodology not a "reason" in law for rejecting the November Statement values.

Second Objection

14.    If DL Statements A and B were intended by the Trustee to set forth "reasons" for the respective disallowances, neither provides a "reason" sufficient in law or within the meaning of the Court's December 23 Order.

15.    With respect to the denial of the claim's request for securities:

a.    SIPC has previously acknowledged that if a claimant files the claim within sixty days of the filing date (here by March 4, 2009 - the "Initial Claim Period"), that claimant will receive the securities positions reflected in the claimant's last customer account statement even if "the securities

6

were never purchased";

    b.      Accordingly, to the extent that DL Statement A was intended to provide a "reason" for denying the securities claim, it is contrary to law and stated SIPC policy and methodology, and as such, is no "reason" as a matter of law; and

    c.      Since Claimant did file his claim within the Initial Claim Period, his securities claim should not have been denied and he should therefore have received , *in kind,* the securities reflected in his November Statement.

16.      With respect to the disallowance of Claimant's Net Equity claim for all amounts in excess of $1,210,000:

    a.      The definition of Net Equity and the methodology used by the Trustee to calculate the same is invalid and contrary to law.

    b.      Both the SIPA definition of Net Equity and the case law interpreting the definition confirm that when the transactions in the account purport to involve real securities,  Net Equity is to be determined by the customer-claimant's last account statement, even if the transactions in those securities did not in fact occur

    c.      There is no lawful authority for the Trustee's stated methodology of calculating Net Equity solely on the basis of "the amount of money...deposited...less subsequent withdrawals ...received."

    d.      Accordingly, the allowed Net Equity for the Michael Schur Customer Claim should have been $2,969,833.78 with the only proper reduction

7

therefrom being any SIPC payment made on account of that claim.

Third Objection

17.    If the Court were *arguendo* to adopt the Trustee's flawed "cash in/cash out" methodology of fixing Net Equity (which it should not), even then the law requires an appropriate positive adjustment to reflect the greater of either the reported appreciation in the account reflected by the account statements and the P&S confirmations sent to the customers by BLMIS when the securities purchases and sales allegedly occurred or interest at the judgment rate.

18.    The appreciation in claimants account as cumulatively reflected in the November Statement arose almost entirely from securities transactions as defined under SIPA which were reflected in written confirmations from BLMIS sent contemporaneously and monthly statements recording those transactions in claimant's BLMIS customer account.

19.    Upon information and belief, the Trustee has acknowledged, and it is the fact, that BLMIS' books and records reflect the cumulative appreciation in claimant's BLMIS account as reflected in the November Statement (and the P&S confirms and prior monthly account statements previously furnished to Claimant by BLMIS).

20.    In accordance with applicable state and federal law and principles of equity and fairness, if the Court determines Claimant's Net Equity without including the cumulative appreciation in the account as reflected in the November Statement, then Claimant's Net Equity must include interest at the legal rate applicable to judgments calculated on all sums deposited.[5]

---

[5]    The interest calculation would be adjusted for customer withdrawals in the sense that interest would cease to be calculated on any amounts withdrawn from and after the date of such withdrawal.

8

Fourth Potential Objection

21.    In accordance with the directions accompanying the Trustee's Determination
Letter, Claimant executed and returned the partial Release and Subrogation form required by the
Trustee as an express pre-condition to receiving the SIPC payment the Trustee acknowledged
was due to Claimant based on the undisputed portion of the Claim.

22.    The partial release and subrogation form was provided based upon the express
understanding that if the Court determined that the Trustee's had used an improper methodology
to calculate Net equity (e.g. that the Trustee's "cash in/cash out" methodology was erroneous, in
whole or in part) and that using the methodology allowed or adopted by the Court would result in
an increased Net Equity for Claimant, then Claimant 's Net Equity would be increased to that
amount unaffected by the partial release and subrogation provided by Claimant.

23.    At this juncture, the Trustee has not specifically advised Claimant that he will, in
fact, take a contrary position with respect to Claimant and the calculation of Claimant's Net
Equity.  However, in court filings by other claimants, there are allegations that the Trustee has
threatened to do precisely that with respect to Objections filed by those Claimants.

24.    Accordingly, Claimant is filing this Fourth Objection as a potential objection as a
protective matter to provide the Trustee and this Court with timely notice, in the event that the
Trustee subsequently seeks to claim that the partial release and subrogation form resulted in a
waiver of Claimant's rights to object to the disputed portion of the Determination Letter.

Fifth Objection

25.    A primary purpose of the SIPA statute is to protect customers and satisfy their
reasonable expectations, as reflected in the Customer's account statements and the confirmation

9

of trades received by the customer from the broker-dealer.

26.    Under SIPA, the person designated and appointed by the Court to act as Trustee in

a SIPA liquidation owes the customers of the debtor firm a fiduciary duty to act in their best

interest and to advocate for them consistent with the law.  The Trustee owes no such comparable

duty to SIPC.

27.    The Determination Letter sent by the Trustee to Claimant appears facially to be

inconsistent with the duties owed to customers of BLMIS, including Claimant.

28.    For example, the definition of Net Equity adopted by the Trustee appears

inconsistent with the fiduciary duty owed to customers, including Claimant.

         a.    For purposes of determining eligibility for SIPC advances, the Trustee has

adopted a definition and methodology calculation which has the effect of

minimizing the number of customers who qualify for any SIPC advance

and which also minimizes the amount thereof.  The only apparent

beneficiary of this is SIPC itself which, as a result, is required to make

SIPC payments at greatly reduced levels with no concomitant benefit to

any other customer or the customer class generally;

         b.    The Trustee's Net Equity definition also results in a reduced Net Equity

for all customers of BLMIS whether or not the customer did or did not

make any withdrawals (and whether said withdrawals were substantial or

modest);

         c.    SIPA specifically provides that the customers of a broker-dealer being

liquidated under SIPA are entitled to preference over general creditors of

10

the debtor. In that regard, under SIPA the Net Equity of all customers of the Broker Dealer being liquidated by SIPC is paid in full before any payments are made to general non-customer creditors. Under the Trustee's definition, the collective Net Equity of the entire customer class of BLMIS customers is materially reduced, thereby benefitting the general creditor class at the expense of the Customer class.

29.    At a minimum, as s fiduciary for claimant (and others similarly situated) the Trustee is required to take positions that favor those to whom he owes a fiduciary duty - which in this circumstance means arguing for a definition of Net Equity that benefits the Customer class, not one that favors SIPC at the expense of the customers.

30.    Given the Trustee's fiduciary obligations, if there is a conflict or dispute between the Customers and SIPC, the Trustee is duty bound to make any sustainable or justifiable argument that supports the customer's contentions. However, with respect to the dispute between customers and SIPC concerning the definition of Net Equity, the Trustee has adopted a definition that supports SIPC at the expense of the customer.

31.    Under the circumstances, Claimant: (a) objects to the Trustee adopting and implementing a definition of Net Equity which favors a third party at the expense of the Trustee's lawful fiduciaries; and (b) seeks a direction from the Court to the Trustee to discharge his duties under SIPA consistent with the fiduciary duties imposed on him by SIPA and by other applicable law.

Dated: June 20, 2009

Bernfeld, Dematteo & Bernfeld, LLP

By _____

David Bernfeld (0177)

Attorneys for Claimant Eric D. Berniker
600 Third Avenue
New York, New York 10016
(212) 661-1661

12

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

MICHAEL SCHUR
10560 SOUTH TROPICAL TRAIL
MERRITT ISLAND          FL 32952

YOUR ACCOUNT NUMBER: 1-S0473-3-0
PERIOD ENDING: 11/30/08
YOUR TAX PAYER IDENTIFICATION NUMBER: ******6127
PAGE: 1

| BOUGHT RECEIVED OR IN | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|
| | | | BALANCE FORWARD | | | 157,211.44 |
| 2,394 | | 510 | WELLS FARGO & CO NEW | 29.800 | | 71,636.20 |
| 1,710 | | 1012 | HEWLETT PACKARD CO | 34.900 | | 59,747.00 |
| 1,482 | | 4836 | WAL-MART STORES INC | 55.830 | | 82,799.06 |
| 969 | | 5338 | INTERNATIONAL BUSINESS MACHS | 87.270 | | 84,602.63 |
| 3,591 | | 9162 | EXXON MOBIL CORP | 72.880 | | 261,855.08 |
| 3,933 | | 9664 | INTEL CORP | 14.510 | | 57,224.48 |
| 1,881 | | 13990 | JOHNSON & JOHNSON | 59.580 | | 112,144.98 |
| 2,565 | | 18315 | J.P. MORGAN CHASE & CO | 38.530 | | 98,931.45 |
| 1,368 | | 22641 | COCA COLA CO | 44.560 | | 61,148.08 |
| 798 | | 26967 | MCDONALDS CORP | 55.970 | | 44,716.26 |
| 1,482 | | 31293 | MERCK & CO | 28.550 | | 42,370.10 |
| 5,415 | | 35519 | MICROSOFT CORP | 21.810 | | 118,317.15 |
| 2,736 | | 39945 | ORACLE CORPORATION | 17.300 | | 47,441.80 |
| 1,083 | | 52923 | PEPSICO INC | 56.410 | | 61,135.03 |
| 627 | | 53425 | APPLE INC | 100.780 | | 63,214.06 |
| 142 | | 57249 | PFIZER INC | 16.940 | | 78,395.98 |
| 4,617 | | 57751 | ABBOTT LABORATORIES | 54.610 | | 252,185.65 |
| 2,052 | | 51575 | PROCTER & GAMBLE CO | 64.080 | | 131,574.16 |
| 741 | | 62077 | AMGEN INC | 59.160 | | 43,866.56 |
| 1,425 | | 65901 | PHILIP MORRIS INTERNATIONAL | 43.600 | | 62,187.00 |
| 3,420 | | 66603 | BANK OF AMERICA | 21.590 | | 124,973.80 |
| 1,140 | | 70227 | QUALCOMM INC | 33.770 | | 38,542.80 |
| 3,705 | | 70729 | CITI GROUP INC | 12.510 | | 46,497.55 |

CONTINUED ON PAGE    2

**BERNARD L. MADOFF**
[MADF]
INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

MICHAEL SCHUR
10560 SOUTH TROPICAL TRAIL
MERRITT ISLAND          FL 32952

YOUR ACCOUNT NUMBER: 1-S0473-3-0

DATE: 11/30/08    PAGE: 2

TAX I.D. NUMBER: ********6127

| Bought / Received | Sold / Delivered | TRN | Description | Price | Amount Debited To Your Account | Amount Credited To Your Account |
|---|---|---|---|---|---|---|
| 855 | | 74553 | SCHLUMBERGER LTD | 49.480 | 42,339.40 | |
| 2,052 | | 75055 | COMCAST CORP CL A | 16.510 | 33,960.52 | |
| 4,047 | | 78879 | AT&T INC | 27 | 109,430.00 | |
| 1,026 | | 79381 | CONOCOPHILLIPS | 52.510 | 53,916.26 | |
| 684 | | 83205 | UNITED PARCEL SVC INC CLASS B | 52.040 | 35,522.35 | |
| 44,161 | | 83707 | CISCO SYSTEMS INC | 16.730 | 69,779.53 | |
| 1,197 | | 87531 | U S BANCORP | 29.530 | 35,394.41 | |
| 1,425 | | 88033 | CHEVRON CORP | 73.630 | 104,684.75 | |
| 7,684 | | 91857 | UNITED TECHNOLOGIES CORP | 55.150 | 95,388.44 | |
| 7,239 | | 92353 | GENERAL ELECTRIC CO | 19.630 | 142,996.57 | |
| 1,938 | | 96183 | VERIZON COMMUNICATIONS | 30.410 | 59,011.58 | |
| 171 | | 96685 | GOOGLE | 337.400 | 57,701.40 | |
| | 2,525,000 | 23119 | U S TREASURY BILL DUE 2/12/2009 2/12/2009 | 99.936 | | 2,523,384.00 |
| | | | U S TREASURY MONEY MARKET DIV | DIV | | 93.40 |
| | 79,423 | 18220 | FIDELITY SPARTAN U S TREASURY MONEY MARKET DIV 11/12/08 | 1 | | 79,423.00 |
| | 1 | | FIDELITY SPARTAN U S TREASURY MONEY MARKET | | | |
| 9,949 | 27588 | | FIDELITY SPARTAN U S TREASURY MONEY MARKET DIV | DIV | 9,949.00 | |
| | | | FIDELITY SPARTAN U S TREASURY MONEY MARKET DIV 11/19/08 | | | 1.22 |

CONTINUED ON PAGE 3

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York ☐ London

New York, NY 10022
885 Third Avenue
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

MICHAEL SCHUR
10560 SOUTH TROPICAL TRAIL
MERRITT ISLAND        FL 32952

YOUR ACCOUNT NUMBER: 1-S0473-3-0
YOUR TAX PAYER IDENTIFICATION NUMBER: **********6127
PERIOD ENDING: 11/30/08
PAGE: 3

| DATE | BOUGHT (RECEIVED OR LONG) | SOLD (DELIVERED OR SHORT) | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| 11/28 | | 9,949 | 53080 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | | 9,949.00 |
| 11/28 | 175,000 | | 57603 | U S TREASURY BILL DUE 03/26/2009 | 99.926 | 174,870.50 | |
| | | | | 3/26/2009 | | | |
| 11/28 | 5,852 | | 62118 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | 5,852.00 | |
| | | | | NEW BALANCE | | 316,469.53 | |
| | | | | SECURITY POSITIONS / NET MARKET VALUE | MKT PRICE | | |
| | 4,047 | | | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | | |
| | 1,083 | | | ABBOTT LABORATORIES | 28.560 | | |
| | 741 | | | AMGEN INC | 55.560 | | |
| | 627 | | | APPLE INC | 92.570 | | |
| | 3,420 | | | BANK OF AMERICA | 16.250 | | |
| | 1,425 | | | CHEVRON CORP | 79.010 | | |
| | 4,161 | | | CISCO SYSTEMS INC | 16.540 | | |
| | 3,705 | | | CITI GROUP INC | 8.290 | | |
| | 1,368 | | | COCA COLA CO | 46.870 | | |
| | 2,052 | | | COMCAST CORP CL A | 17.340 | | |
| | 1,026 | | | CONOCOPHILLIPS | 52.520 | | |
| | 3,591 | | | EXXON MOBIL CORP | 80.150 | | |
| | 7,239 | | | GENERAL ELECTRIC CO | 17.170 | | |

CONTINUED ON PAGE  4

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

MICHAEL SCHUR

10560 SOUTH TROPICAL TRAIL
MERRITT ISLAND      FL  32952

YOUR ACCOUNT NUMBER: 1-S0473-3-0
PERIOD ENDING: 11/30/08
PAGE: 4
YOUR TAX PAYER/IDENTIFICATION NUMBER: **********6127

| BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|
| 171 | | | GOOGLE | 292.960 | | |
| 1,710 | | | HEWLETT PACKARD CO | 35.280 | | |
| 3,933 | | | INTEL CORP | 13.800 | | |
| 969 | | | INTERNATIONAL BUSINESS MACHS | 81.600 | | |
| 2,565 | | | J.P. MORGAN CHASE & CO | 31.660 | | |
| 1,881 | | | JOHNSON & JOHNSON | 58.580 | | |
| 793 | | | MCDONALDS CORP | 58.750 | | |
| 1,482 | | | MERCK & CO | 26.720 | | |
| 5,415 | | | MICROSOFT CORP | 20.220 | | |
| 2,736 | | | ORACLE CORPORATION | 16.090 | | |
| 1,083 | | | PEPSICO INC | 56.700 | | |
| 4,617 | | | PFIZER INC | 16.430 | | |
| 1,425 | | | PHILLIP MORRIS INTERNATIONAL | 42.160 | | |
| 2,052 | | | PROCTER & GAMBLE CO | 64.350 | | |
| 1,140 | | | QUALCOMM INC | 33.570 | | |
| 855 | | | SCHLUMBERGER LTD | 50.740 | | |
| 5,852 | | | FIDELITY SPARTAN | 1 | | |
| | | | U S TREASURY MONEY MARKET | | | |
| 1,197 | | | U S BANCORP | 26.980 | | |
| 684 | | | UNITED PARCEL SVC INC | 57.600 | | |
| | | | CLASS B | | | |
| 175,000 | | | U S TREASURY BILL | 99.971 | | |
| | | | DUE 03/26/2009  3/26/2009 | | | |
| 684 | | | UNITED TECHNOLOGIES CORP | 48.530 | | |
| | | | CONTINUED ON PAGE  5 | | | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

[M.A.D.F.]

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

MICHAEL SCHUR
10560 SOUTH TROPICAL TRAIL
MERRITT ISLAND        FL  32952

YOUR ACCOUNT NUMBER: 1-S0473-3-0

11/30/08

PAGE 5

YOUR TAX PAYER IDENTIFICATION NUMBER: *******6127

| BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TIN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|
| 1,938 | | | VERIZON COMMUNICATIONS | 32.650 | | |
| 1,482 | | | WAL-MART STORES INC | 55.880 | | |
| 2,394 | | | WELLS FARGO & CO NEW | 28.690 | | |
| | | | MARKET VALUE OF SECURITIES | | | |
| | | | LONG         2,692,123.18 | | | |
| | | | SHORT | | | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

BERNARD L. MADOFF
INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel (020) 7493 6222

MICHAEL SCHUR
10560 SOUTH TROPICAL TRAIL
MERRITT ISLAND          FL 32952

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|------|------|------|------|------|------|------|------|
| | | | | YEAR-TO-DATE SUMMARY | | | |
| | | | | DIVIDENDS | | | 17,879.43 |
| | | | | GROSS PROCEEDS FROM SALES | | | 14,842,255.96 |

YOUR ACCOUNT NUMBER  1-S0473-3-0

PERIOD ENDING  11/30/98

YOUR TAX PAYER IDENTIFICATION NUMBER  *******6127

PAGE  6

**BERNARD L. MADOFF**
**INVESTMENT SECURITIES LLC**
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

MICHAEL SCHUR
10560 SOUTH TROPICAL TRAIL
MERRITT ISLAND        FL   32952

YOUR ACCOUNT NUMBER  1-S0473-4-0
PERIOD ENDING  11/30/08
YOUR TAX PAYER IDENTIFICATION NUMBER  *****6127
PAGE  1

| BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|
| | | | BALANCE FORWARD | | | 157,212.00 |
| 57 | | 44271 | S & P 100 INDEX | 15.800 | 90,003.00 | |
| | | | NOVEMBER 460 CALL | | | |
| 57 | | 48597 | S & P 100 INDEX | 17.800 | 101,517.00 | |
| | 57 | 34701 | S & P 100 INDEX | 26 | | 148,143.00 |
| | | | DECEMBER 430 CALL | | | |
| 57 | | 39026 | S & P 100 INDEX | 30 | 171,057.00 | |
| | | | DECEMBER 420 PUT | | | |
| | 57 | 43351 | S & P 100 INDEX | 3 | | 17,157.00 |
| | | | NOVEMBER 460 CALL | | | |
| | 57 | 47676 | S & P 100 INDEX | 37 | | 210,843.00 |
| | | | NOVEMBER 450 PUT | | | |
| | | | NEW BALANCE | | | 316,470.00 |
| | | | SECURITY POSITIONS | | | |
| | | | S & P 100 INDEX | MKT PRICE | | |
| | | | DECEMBER 430 CALL | 23.300 | | |
| 57 | | | S & P 100 INDEX | 16.500 | | |
| | | | DECEMBER 420 PUT | | | |
| | | | MARKET VALUE OF SECURITIES | | | |
| | | | LONG | 94,050.00 | | |
| | | | SHORT | 132,810.00- | | |

*Exhibit B*

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

### DECEMBER 11, 2008[1]

### NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

May 22, 2009

Michael Schur
10560 South Tropical Trail
Merritt Island, FL  32952

Dear Mr. Schur:

### PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim on BLMIS Account No. 1S0473 designated as Claim Number 2487:

Your claim for securities is **DENIED**.  No securities were ever purchased for your account.

Your claim is **ALLOWED** for $1,210,000.00, which is the amount of money you deposited with BLMIS on for the purchase of securities less subsequent withdrawals you received, as outlined in Table 1.

---

[1] Section 78*lll*(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78*lll*(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

000001 000012801 1  Trustee Determination Letter - Michael Schur

| TABLE 1 | |
|---|---|
| DEPOSITS | |
| DATE | AMOUNT |
| 2/10/2003 | $2,000,000.00 |
| | |
| Total deposits: | $2,000,000.00 |
| WITHDRAWALS | |
| DATE | AMOUNT |
| 3/30/2004 | $100,000.00 |
| 1/26/2005 | $340,000.00 |
| 3/2/2006 | $100,000.00 |
| 1/19/2007 | $150,000.00 |
| 12/31/2007 | $100,000.00 |
| | |
| Total withdrawals: | $790,000.00 |
| **Total deposits less withdrawals:** | **$1,210,000.00** |

Your **ALLOWED CLAIM** of $1,210,000.00 will be satisfied in the following manner:

The enclosed **PARTIAL ASSIGNMENT AND RELEASE** must be executed, notarized and returned in the envelope provided herewith. Upon receipt of the executed and notarized **PARTIAL ASSIGNMENT AND RELEASE**, the Trustee will make a partial satisfaction of your **ALLOWED CLAIM** by sending you a check in the amount of $500,000.00, with the funds being advanced by Securities Investor Protection Corporation pursuant to section 78fff-3(a)(1) of SIPA. The remainder of your claim - $710,000.00 - will remain as a claim against the fund of customer property.

It is the Trustee's intent, pursuant to SIPA, to submit a Motion for an order of the Bankruptcy Court to allocate assets he has collected and will collect between the fund of customer property and the general estate and to distribute customer property *pro rata* among allowed claimants, such as you. In a decision in this case, Rosenman Family, LLC v. Picard, 401 B.R. 629, 634 (Bankr. S.D.N.Y. 2009), the Bankruptcy Court stated:

> The customer estate is a fund consisting of customer property and is limited exclusively to satisfying customer claims. In re Adler Coleman Clearing Corp. (Adler Coleman II), 216 B.R. 719, 722 (Bankr. S.D.N.Y. 1998) ("A SIPA trustee, distributes 'customer property' exclusively among the debtor's customers...."); see also 15 U.S.C. § 78lll(4). Accordingly, Customers, as defined by SIPA § 78lll(2), enjoy a preferred status and are afforded special protections under SIPA. See New Times Securities, 463 F.3d at 127; Adler Coleman, 195 B.R. at 269."

Id. at 634.

It is not known at this time when the Trustee will be filing such allocation and

distribution motion.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after May 22, 2009, the date on which the Trustee mailed this notice.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York 10004

and

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10011

_Irving H. Picard_
Irving H. Picard

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC