David J. Sheehan                         Hearing Date:      July 7, 2009
Marc Hirschfield                         Hearing Time:      10:00 a.m.
Alissa M. Nann                           Objection Deadline: July 3, 2009
BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Esq. Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC*
*And Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-1789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**TRUSTEE'S THIRD MOTION FOR AN ORDER PURSUANT TO**
**SECTION 365(d)(1) OF THE BANKRUPTCY CODE FURTHER**
**EXTENDING THE TIME WITHIN WHICH THE TRUSTEE MAY ASSUME**
<u>**OR REJECT EXECUTORY CONTRACTS**</u>

Irving H. Picard, Esq. (the "Trustee"), as trustee for the liquidation of the business of

Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor"), and as trustee for the

estate of Bernard L. Madoff ("Madoff"), under the Securities Investor Protection Act, 15 U.S.C.

§§ 78aaa, *et seq.* ("SIPA"),[1] by and through his undersigned counsel, for his motion (the "Motion") for entry of an order, pursuant to section 365(d)(1) of title 11 of the United States Code (the "Bankruptcy Code"), further extending the time within which he may assume or reject executory contracts on behalf of the Debtor's estate, and respectfully represents as follows:

## BACKGROUND

1.    On December 11, 2008 (the "Filing Date"),[2] the Securities and Exchange Commission ("SEC") filed a complaint in the United States District Court for the Southern District of New York against defendants Bernard L. Madoff and the Debtor (together, the "Defendants") (No. 08 CV 10791). The complaint alleged that the Defendants engaged in fraud through investment advisor activities of the Debtor.

2.    On December 12, 2008, the Honorable Louis L. Stanton of the United States District Court for the Southern District of New York entered an order which appointed Lee S. Richards, Esq. as receiver (the "Receiver").

3.    On December 15, 2008, pursuant to section 78eee(a)(4)(A) of SIPA, the SEC consented to a combination of the SEC Action with an application of SIPC. Thereafter, pursuant to section 78eee(a)(3) of SIPA, SIPC filed an application in the District Court alleging, inter alia, that the Debtor was not able to meet its obligations to securities customers as they came due and, accordingly, its customers needed the protection afforded by SIPA.

4.    On that date, the District Court entered the Protective Decree, to which the Debtor consented, which, in pertinent part:

(a)    appointed the Trustee for the liquidation of the business of the Debtor pursuant to section 78eee(b)(3) of SIPA;

(b)    appointed Baker & Hostetler, LLP as counsel to the Trustee pursuant to section 78eee(b)(3) of SIPA; and

---

[1]  For convenience, future reference to SIPA will not include "15 U.S.C."
[2]  *See* section 78*lll*(7)(B) of SIPA.

(c)     removed the case to this Bankruptcy Court pursuant to section 78eee(b)(4) of SIPA.

5.      On December 18, 2008, Judge Stanton entered the Order on Consent Imposing Preliminary Injunction, Freezing Assets and Granting Other Relief Against Defendants, which, among other things, clarified that the Receiver is only appointed as to assets concerning the London entity, Madoff Securities International Ltd.

6.      On April 13, 2009 an involuntary bankruptcy petition was filed against Madoff. On June 9, 2009, this Court entered an order substantively consolidating the chapter 7 estate of Madoff into the BLMIS SIPA proceeding.

7.      On January 21, 2009, the Trustee filed his first Motion for an Order Pursuant to Section 365(d)(1) of the Bankruptcy Code Extending the Time Within Which the Trustee May Assume or Reject Executory Contracts and Unexpired Leases ("First Extension Motion") [Docket No. 41], seeking to extend such deadline from February 9, 2009 through and including May 1, 2009, which motion was served on the Trustee's then known vendors and creditors of Debtor.

8.      On February 4, 2009, this Court entered an order [Docket No. 70], granting the First Extension Motion and extending the deadline by which the Trustee must assume or reject contracts and leases to May 1, 2009.

9.      On May 1, 2009, the Trustee filed his Second Motion for an Order Pursuant to Section 365(d)(1) of the Bankruptcy Code Extending the Time Within Which the Trustee May Assume or Reject Executory Contracts and Unexpired Leases ("Second Extension Motion") [Docket No. 185], seeking to extend such deadline from May 1, 2009 through and including June 30, 2009 for certain contracts and leases as included on a schedule to the Second Extension Motion. All other contracts and leases not included on the schedule were rejected as of May 1,

2009. A Bridge Order was entered by the Court in the interim [Docket No. 186], extending the deadline until the May 28, 2009 hearing date on the Second Extension Motion.

10.    On May 28, 2009, this Court entered an order [Docket No. 231], granting the Second Extension Motion and extending the deadline by which the Trustee must assume or reject contracts and leases to June 30, 2009.

## RELIEF REQUESTED

11.    By this Motion, the Trustee seeks to preserve the rights of the estate in executory contracts and unexpired leases by extending the time within which the Trustee may assume or reject certain of the Debtor's executory contracts (the "Agreements") set forth in Exhibit A annexed hereto. The Trustee requests an additional extension of the June 30, 2009 deadline for the Trustee to assume or reject the Agreements, as provided in section 365(d)(1) of the Bankruptcy Code, for a period of thirty-one (31) days, up to and including July 31, 2009 (the "Extension Request").

12.    On April 30, 2009, the Court approved the sale of the Debtor's market making business ("Market Maker") to Castor Pollux Securities Inc., now known as Surge Trading Inc. ("Surge"). Surge will run the Market Maker from Debtor's old offices at 885 Third Avenue, New York, New York ("885 Third Ave."). The sale closed on June 17, 2009; however, Surge continues to negotiate with several vendors who provided services to Debtor at 885 Third Ave. Surge requested that the Trustee seek additional time within which he could assume or rejected the contracts on Exhibit A so that Surge can have additional time to make a business decision regarding whether to request that the Trustee assume and assign to Surge the contracts listed on Exhibit A or negotiate new contracts for those services. During this negotiation period, Surge will reimburse the Trustee for all costs in keeping these services in place. In addition, Surge will

reimburse the Trustee for any legal fees incurred in connection with the Extension Request. Thus there is no expense to the Trustee in granting the Extension Request.

13.      Furthermore, by the terms of the sale of the Market Maker, the estate stands to gain a substantial financial benefit from a positive earn-out – thus the Trustee is incentivized to assist Surge in becoming a successful business in any way possible.

14.      The Extension Request is without prejudice to the right of the Trustee to seek a further extension.  Likewise, such an extension would be without prejudice to the rights of the counter-parties to the Agreements to seek to shorten the Trustee's time to assume or reject a particular executory contract or unexpired lease.

## BASIS FOR RELIEF REQUESTED

15.      Section 365 of the Bankruptcy Code applies to liquidations under SIPA.  *See* 15 U.S.C. § 78fff(b) ("a liquidation proceeding shall be conducted in accordance with, and as though it were being conducted under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11.").

16.      Section 365(d)(1) of the Bankruptcy Code grants a trustee an initial sixty (60) day period to determine whether to assume or reject unexpired executory contracts and certain unexpired leases, unless such time is extended by order of the Court.  Section 365(d)(1) provides, in pertinent part:

> [I]n a case under chapter 7 of this title, if the trustee does not assume or reject an executory contract or unexpired lease of residential real property or of personal property of the debtor within sixty (60) days after the order for relief, **or within such additional time as the Court, for cause, within such sixty-day period, fixes, then such contract or lease is deemed rejected** . . . .

11 U.S.C. § 365(d)(1) (emphasis added).[3]

---

[3]  For the purposes of applying title 11 in a SIPA liquidation, a reference to the petition date is deemed to be a reference to the filing date under SIPA – here, December 11, 2008.  15 U.S.C. §§ 78fff(b) and 78lll(7)(B).

17.    The Bankruptcy Code provides the Trustee with a 120-day period to assume or reject nonresidential real property leases, which time may be extended.    Bankruptcy Code section 365(d)(4) provides:

> (A) Subject to subparagraph (B), an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of—
>
> (i) the date that is 120 days after the date of the order for relief; or
>
> (ii) the date of the entry of an order confirming a plan.
>
> (B)
>
> (i) The court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause.
>
> (ii) If the court grants an extension under clause (i), the court may grant a subsequent extension only upon prior written consent of the lessor in each instance.

11 U.S.C. § 365(d)(4).

18.    Accordingly, this Court has express authority, when appropriate cause is shown, to extend the time within which the Trustee may assume or reject the Debtor's executory contracts and unexpired leases. *See* 11 U.S.C. § 365(d); *see e.g., In re Lefrak*, 223 B.R. 431, 434 (Bankr. S.D.N.Y. 1998).    The purpose of this section is to benefit the estate by permitting a trustee to assume beneficial contracts and leases and reject burdensome ones. *See Liona Corp. v. PCH Assocs. (In re PCH Assocs.)*, 804 F.2d 1983, 200 (2d Cir. 1986).

19.    Section 365(d) strikes a balance between the interest of the Trustee in liquidating the estate in a commercially reasonable manner and the interests of the parties to the executory contracts and certain leases who may want a prompt resolution of their rights and remedies. *See In re Telemark Management Co., Inc.*, 51 B.R. 623, 625 (Bankr. W.D. Wis. 1984).

20.     Cause exists to grant the Extension Request to avoid inadvertent forfeiture as a result of the "deemed rejected" language found in section 365 of the Bankruptcy Code. *See, e.g., Lefrak*, 223 B.R. at 434. The Trustee has made significant progress in assessing the Debtor's business and determining which contracts and leases are in the best interest of the Debtor's estate to assume or reject. However, given the complex nature of this extremely large case, certain limitations to access of the Debtor's books and records and the loss of Debtor's employees as a source of information, the Trustee needs additional time to complete this analysis to provide the estate with the full benefit of the Agreements. It is in the best interest of the Debtor's estate, customers and creditors to allow the Trustee additional time to access and review the relevant records and to determine whether the assumption or assignment of any of the Agreements would be beneficial to the estate.

21.     Counterparties will not be prejudiced by this short extension as their rights to seek an order to shorten the Trustee's time to assume or reject any particular Agreement will be preserved. In addition, the landlord under the sole nonresidential real property lease has consented in writing to the extension of the deadline to assume or reject this lease through June 30, 2009.

22.     In an abundance of caution, the Trustee also requests the immediate entry of a bridge order extending the time to assume or reject the Agreements from June 30, 2009 through and including the date of the hearing scheduled on this Motion, which is currently scheduled for July 7, 2009.

## NOTICE

23.     Notice of this Motion has been provided by U.S. mail, postage prepaid, or email to (i) all parties that have filed a notice of appearance in this case; (ii) SIPC; (iii) the SEC; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of

New York; and (vi) those counter-parties to the Agreements listed on Exhibit A attached hereto (collectively, the "Notice Parties"). The Trustee submits that no other or further notice need be given.

WHEREFORE, the Trustee respectfully requests that the Court (a) enter an order substantially in the form attached hereto as Exhibit B, granting the relief requested herein; (b) immediately enter a bridge order substantially in the form attached hereto as Exhibit C, extending the assumption or rejection deadline through and including the date of the hearing scheduled for this Motion; and (c) grant such other and further relief to the Trustee as the Court deems proper.

Dated: New York, New York
Respectfully submitted,
    June 26, 2009

*/s/ Marc Hirschfield*

Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Marc Hirschfield
Email: mhirschfield@bakerlaw.com
Alissa M. Nann
Email: anann@bakerlaw.com

*Attorneys for Irving H. Picard, Esq. Trustee*
*for the Substantively Consolidated SIPA*
*Liquidation of Bernard L. Madoff Investment*
*Securities LLC And Bernard L. Madoff*