Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com
Amy Vanderwal
Email: avanderwal@bakerlaw.com

Hearing Date:       Tuesday, July 7, 2009
Hearing Time:       10:00 AM (EDT)
Objection Deadline: Friday, July 3, 2009

*Attorneys for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation
of Bernard L. Madoff Investment Securities LLC
And Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |

**TRUSTEE'S MOTION PURSUANT TO SECTIONS 105(a) AND 365(a) OF THE
BANKRUPTCY CODE AND BANKRUPTCY RULE 6006 SEEKING AUTHORITY TO
<u>ASSUME AN EXECUTORY CONTRACT</u>**

Irving H. Picard, Esq. (the "Trustee"), as trustee for the liquidation of the business of

Bernard L. Madoff Investment Securities LLC ("BLMIS"), and as trustee for the estate of

Bernard L. Madoff ("Madoff"), under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, et seq. ("SIPA"),[1] by and through his undersigned counsel, respectfully moves (the "Motion") for entry of an order under sections 105(a) and 365(a) of the Bankruptcy Code, 11 U.S.C. §§ 101 et seq., and Rule 6006 of the Federal Rules of Bankruptcy seeking authority to assume an executory contract pursuant to which BLMIS leased a photocopy machine. In support hereof, the Trustee further represents as follows:

## Background

1. On December 11, 2008 (the "Filing Date"),[2] the Securities and Exchange Commission ("SEC") filed a Complaint in the United States District Court for the Southern District of New York against defendants Madoff and BLMIS (together, the "Defendants") (No. 08 CV 10791). The Complaint alleged that the Defendants engaged in fraud through investment advisory activities of the Debtor.

2. On December 12, 2008, the Honorable Louis A. Stanton of the United States District Court for the Southern District of New York entered an order which appointed Lee S. Richards, Esq., as receiver (the "Receiver").

3. On December 15, 2008, Judge Stanton entered an order pursuant to SIPA (the "Protective Decree"), which, in pertinent part:

   (a) Appointed Irving H. Picard, Esq. as Trustee for the liquidation of the business of BLMIS, pursuant to section 78eee(b)(3) of SIPA;

   (b) Appointed Baker & Hostetler, LLP ("B&H") as counsel to the Trustee pursuant to section 78eee(b)(3) of SIPA; and

   (c) Removed the case to this Bankruptcy Court pursuant to section 78eee(b)(4) of SIPA.

---

[1] For convenience, future reference to SIPA will not include "15 U.S.C."
[2] See section 78lll(7)(B) of SIPA.

2

4. On December 18, 2008, Judge Stanton entered the Order on Consent Imposing Preliminary Injunction, Freezing Assets and Granting Other Relief Against Defendants, which, among other things, clarified that the Receiver is only appointed as to assets concerning the London entity, Madoff Securities International Ltd.

5. On April 13, 2009 an involuntary bankruptcy petition was filed against Madoff. On June 9, 2009, this Court entered an order substantively consolidating the chapter 7 estate of Madoff into the BLMIS SIPA proceeding.

6. The proposed executory contract to be assumed (together with all amendments, supplements, waivers and side letters related thereto, the "Lease") is described in <u>Exhibit A</u> hereto and relates to a photocopier leased to BLMIS by Xerox Capital Services, LLC.[3] The Trustee has identified the equipment subject to the lease as equipment that is necessary for the day-to-day administration of the estate. Specifically, representatives of the Federal Bureau of Investigation are remaining on the 17th floor of the former BLMIS offices and continue to require access to the copier.

7. The monthly payments due under the Lease total $1076, which amounts are funded by SIPC. Continuing to make these payments until when the lease terminates on July 31, 2010 will be less expensive that buying out the Lease at this time.

### Relief Requested

8. By this motion, the Trustee seeks an order, in the form attached hereto as <u>Exhibit B</u>, authorizing and approving the assumption, pursuant to sections 105(a) and 365(a) of the Bankruptcy Code, and Bankruptcy Rule 6006, of the Lease.

---

[3] The Trustee requests the immediate entry of a bridge order extending the time to assume or reject the Lease and certain other agreements from June 30, 2009 through and including the date of the hearing scheduled on this Motion, which is currently scheduled for July 7, 2009.

## Applicable Law

A. <u>Assumption of the Assumed Lease is Supported by the Trustee's Business Judgment and Should be Approved by the Court</u>

9. Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a); see also *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 521 (1984); *In re Lavigne*, 114 F.3d 379, 386 (2d Cir. 1997). "[T]he purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'" *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993).

10. Courts defer to a debtor's or trustee's business judgment in assuming an executory contract or unexpired lease, and, upon finding that a debtor or trustee has exercised his sound business judgment, approve the assumption under section 365(a) of the Bankruptcy Code. *See Bildisco*, 465 U.S. at 523 (recognizing the "business judgment" standard used to approve assumption or rejection of executory contracts); *In re Child World, Inc.*, 142 B.R. 87, 89 (Bankr. S.D.N.Y. 1992) (stating that a debtor may assume or reject an unexpired lease under § 365(a) in the exercise of its "business judgment").

11. The Trustee has determined that he requires the equipment that is the subject of the Lease in his ongoing efforts to administer the estate, and as such, the assumption of the Lease is appropriate.

B. <u>The Trustee has satisfied the requirements of Section 365</u>

12. Section 365(b)(1) of the Bankruptcy Code sets forth requirements for assuming an unexpired lease or executory contract of a debtor. The section provides that if there has been any

4

default in an executory contract or lease, the trustee may not assume the executory contract or lease unless the default has been cured and adequate assurance of future performance has been provided.

13. There has been no default in the Lease as the Trustee has been making lease payments since his appointment. Accordingly, there is no cure obligation to be satisfied prior to the assumption of the Lease.

14. Based on the foregoing, it is submitted that the assumption of the Lease is in the best interest of BLIMIS, its creditors and estate..

## Notice

15. The Trustee has provided notice of the Motion by overnight delivery or email to (i) the Securities Investor Protection Corporation; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the counterparty to the Lease; and (v) the United States Attorney for the Southern District of New York, and (vi) by way of the ECF filing of this Motion, to all parties that have filed a notice of appearance in this case. The Trustee submits that no other or further notice need be given.

WHEREFORE, the Trustee respectfully requests that the Court (a) enter an order substantially in the form attached hereto as <u>Exhibit B</u>, granting the relief requested herein; and (b) grant such other and further relief to the Trustee as the Court may deem proper.

Dated: New York, New York  
       June 26, 2009

Respectfully submitted,

*/s/ Marc Hirschfield*
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com
Amy Vanderwal
Email: avanderwal@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC And Bernard L. Madoff*