**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | |
| Plaintiff, | Adv. Pro No. 08-01789 |
| v. | (BRL) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | SIPA Liquidation |
| Defendant, | **MOTION FOR STAY** |

Before: Burton R. Lifland
       United States Bankruptcy Judge

TO ALL PARTIES AND THEIR COUNSEL:

PLEASE TAKE NOTICE THAT, Ade O. Ogunjobi, hereby file this motion (the "Motion to Stay"), under Rule 5011 (c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order staying the i) proceeding to continue to liquidate all assets of Bernard L. Madoff Investment Securities LLC; ii) distribution of (partial) claims to some former clients of Bernard L. Madoff Investment Securities LLC through SIPC reimbursement plan (excluding "hardship" claim), pending appeal to the order to deny motion for intervention to conduct $75,000,000,000 buyout to reimburse all money lost by former clients of Bernard L. Madoff Investment Securities LLC in stock/cash program through Toks, Inc.'s $100,000,000,000,000 all stock tax free global transaction and resolution on the appeal to close the buyout of Bernard L. Madoff Investment Securities LLC.

Applicant's Motion is based on this Notice of Motion and Motion; all pleadings and other documents filed in this case; and any and all arguments of Applicant.

DATED: July 1, 2009

By: _____
Ade O. Ogunjobi
5820 Hickory Street # 7
Callaway, Florida 32404
808-393-6573
tspnotes@tspnotes.com

Hearing Date: (non-hearing motion)
Objection Deadline: July 15, 2009

ADE O. OGUNJOBI
5820 Hickory Street, # 7
Callaway, Florida 32404
(808) 393-6573
Pro Se

# IN THE UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | |
| Plaintiff, | Adv. Pro No. 08-01789 |
| v. | (BRL) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | SIPA Liquidation |
| Defendant. | |

**EMERGENCY MOTION OF ADE O. OGUNJOBI FOR STAY ON
PROCEEDING TO LIQUIDATE AND CLAIMS**

TO THE HONORABLE BURTON R. LIFLAND
UNITED STATES BANKRUPTCY JUDGE:

Ade O. Ogunjobi, hereby file this motion (the "Motion to Stay"), under Rule

5011 (c) of the Federal Rules of Bankruptcy Procedure ( the "Bankruptcy Rules"), for an

order staying the i) proceeding to continue to liquidate all assets of Bernard L. Madoff

1

Investment Securities LLC; ii) distribution of (partial) claims to some former clients of Bernard L. Madoff Investment Securities LLC through SIPC reimbursement plan (excluding "hardship" claim), pending appeal to the order to deny motion for intervention to conduct $75,000,000,000 buyout to reimburse all money lost by former clients of Bernard L. Madoff Investment Securities LLC in stock/cash program through Toks, Inc.'s $100,000,000,000,000 all stock tax free global transaction and resolution on the appeal to close the buyout of Bernard L. Madoff Investment Securities LLC. In support of this Motion to Stay, Ade O. Ogunjobi respectfully states as follows.

## PRELIMINARY STATEMENT

Ade O. Ogunjobi, an entrepreneur, founder of Toks, Inc. and Intervenor-Applicant-Appellant was the only person that filed Motion For Intervention pursuant to Rules FRCP 24 (a) Intervention of right; 24 (b) Permissive intervention to conduct $75,000,000,000 stock/cash program buyout of Bernard L. Madoff Investment Securities LLC to reimburse all money lost by former clients of Bernard L. Madoff Investment Securities LLC through Toks, Inc.'s pending $100,000,000,000,000 all stock tax free global transaction.

There's no other offer on the table as "alternative" superior than the offer made through the motion for intervention by Ade O. Ogunjobi to conduct this buyout. Actually, any superior offer will have to encroach on the pending transaction of Toks, Inc. because how in the world any entity will be able to pay out such behemoth amount to all former clients of Bernard L. Madoff Investment Securities LLC without any "platform" like Toks, Inc.'s $100,000,000,000,000 all stock tax free global transaction. Bernard L.

2

Madoff Investment Securities LLC has no such operations or assets to back such pay out of $75,000,000,000 in stock/cash program to former clients, let alone a superior offer larger than $75,000,000,000.

The stay will exclude claims that are filed under "hardship" claim with the trustee. Actually, the agenda calls for all claims filed be it regular claims or "hardship" claims that already received money under such claims will remain with the claimants. No one will be requested to return any money. Ade O. Ogunjobi with the assistance of others as any legal firm handling the legal aspects and accountants will restructure the buyout to reflect "heavy premium" where an average client with past cash payments through claims will receive more stock issue. This approach is purposely done to support the fundamental of capitalism where investors have unconditional right to maximize their investments. It's perfectly legal for an investor to make more money than they original invested. This is actually why this appeal was filed to dispute the conventional wisdom that "risk" is all an investor must consider when investing as opposed to maximizing one's investments.

The current proceedings to liquidate all assets to generate liquid (cash) will never be adequate to reimburse all money lost by former clients. The SIPC's program to reimburse all money lost by former clients is actually making a mockery of such reimbursement plan the United States Congress enacted through the formation of Securities Investor Protection Corporation to establish confidence in investors and calm the market. Such claims have exceeded. SPIC is now stretched.

This stay is designed to give credence to the offer due to the appeal filed in order to i) get the word out through the stay that an offer is on table for the former

3

clients of Bernard L. Madoff Investment Securities LLC and appeal to District Court, Appeals and Supreme Court will be pursued if warranted; ii) Ade O. Ogunjobi and his future legal representatives to structure preliminary buyout of Bernard L. Madoff Investment Securities LLC to reimburse all money lost by former clients of Bernard L. Madoff Investment Securities LLC.

The first approach is to transfer all such assets from liquid assets to real estate properties, etc to Toks, Inc. "effective immediately" in order to establish the new owner through this legal proceeding depending how all parties worked together regarding the appeal.

Accordingly, a stay under Bankruptcy Rule 5011 (c) of certain aspects of this bankruptcy is appropriate until the appeal to remand or send back to Bankruptcy court for further instruction to accommodate this $75,000,000,000 buyout offer by the District Court.

## BACKGROUND

1. On April 22, 2009 (the "Motion Date"), Motion For Intervention was filed to conduct a buyout of $75,000,000,000 in stock/cash program to reimburse former clients of Bernard L. Madoff Investment Securities LLC all money lost. Motion was filed in timely manner due to the infancy of the bankruptcy proceeding to liquidate all assets of Bernard L. Madoff Investment Securities LLC.

2. On June 2, 2009 at 10:00a.m., the motion was denied.

3. On June 6, 2009, appeal was filed within the 10 days of the minute to deny the

motion to the District Court with payment of $255.

## RELIEF REQUESTED

4. Through the Motion to Stay, Ade O. Ogunjobi request an order staying all proceedings to liquidate the all assets of Bernard L. Madoff Investment Securities LLC and pay out of cash to claims, excluding "hardship" claims pending adjudication by the District Court to reverse the order by Bankruptcy Court to deny Motion For Intervention to conduct buyout of Bernard L. Madoff Investment Securities LLC for $75,000,000,000 in stock/cash program to reimburse all money lost by former clients of Bernard L. Madoff Investment Securities LLC.

## BASIS FOR RELIEF

5. A bankruptcy court should stay underlying proceedings pending the outcome of the appeal to a district court when: i) the movant is likely to prevail on merits; ii) the movant and the beneficiaries (former clients of BLMIS) of this offer and appeal will be irreparably harmed if the stay is denied; iii) the other party will not suffer any substantial harm if the stay is granted; and iv) the public interest will be served by grant of the stay. Here, each of the above elements is satisfied, and thus, the Court should grant a stay pending the outcome of the appeal.

6. Ade O. Ogunjobi and the beneficiaries of the buyout offer will suffer irreparably harm if the stay is not granted. Courts have long recognized that the elimination of movants' rights by mootness is the "quintessential" form of prejudice to a party. Cf. Country Squire Assoc. of Carle Place, L.P. v. Rochester Cmty. Sav. Bank (In re Country Squire Asooc. Of Carle Place, L. P.), 203 B.R. 182, 183-84 (B.A.P. 2d Cir. 1996) (granting stay and finding that irreparably harm was established

where it was clear that without a stay pending appeal the foreclosure sale would proceed and moot the appeal).

7. A Stay is also appropriate because of the Intervenor-Applicant-Appelllant likely to prevail on (his) appeal. Indiana Pensioners filed a stay to block the sale/merger of Chrysler LLC to Fiat and appeal the Bankruptcy court's approval to let the sale of Chysler LLC, et al. to Fiat to proceed, (Indiana Pensioners v. Chrysler, LLC, et al. (In re Chrysler, LLC, et al Chapter 11, No. 09-50002), which the stay was granted by the Bankruptcy court and Appeals court upheld the bankruptcy's court approval of the sale/merger based on the basic question: 'what is the alternative?' which the answer liquidation if the sale/merger is denied by the bankruptcy court. The Appeals court agreed that it's more profitable to sell than liquidate. The Supreme Court issued its own stay and finally agreed with the Appeals Court to upheld the bankruptcy court's approval of sale/merger of Chrysler LLC, et al. The Appellant's offer of buyout which is a sale already determined by the highest courts of the land that it's more rewarding than liquidation ( which is the current proceeding) and the sale will be accepted at any levels of appeal to conduct this buyout.

8. Finally, granting of a stay pending the adjudication of the appeal will serve the public interest based on the mischaracterization of Ade O. Ogunjobi by the trustee it's very critical for the public once and for all to know the facts and the truths. The is the height of extreme racism and bigotry from the Trustee and SIPC with the assistance of SEC. The issues that will be presented in appeal will address Ade O. Ogunjobi's fundamental right to go anywhere in United State or around the globe without any mischaracterization of his character as a "fraud," "cheat," "monster," that

6

needs to be stopped. This will put to rest by the Court the delusional individuals like the Trustee (Irving Picard and his attorneys at Baker & Hostetler LLP), SIPC (Josephine Wang and other so-called attorneys at SIPC) to cease believing in lies about Ade O. Ogunjobi. This will also put to rest SEC is not an "angel," "super-hero" that goes around the country and globe saving lives. SEC is a corrupt agency that ignore complaints about Madoff that resulted in the large Ponzi scheme. SEC is notorious for rearing his head as a "hero" after the damage is done. SEC has never, never and will never protect investors or shareholders (e.g. Shareholders of General Motors Corporation were wiped out of the equity stake in GM when GM filed for its own Bankruptcy---where was SEC to address such issue). A stay should be granted to allow the District Court the opportunity to evaluate the "real" and "true" Ade O. Ogunjobi regarding his life, work, character, etc that will help any Courts of this land to provide "impartial" ruling to this appeal.

### NOTICE

9.  Notice of this Motion to Stay will be provided to: i) Trustee; ii) SPIC; iii) Federal Reserve Board; iv) United States Securities and Exchange Commission.

10. Ade O. Ogunjobi submits that no other or further prior notice of the relief requested herein need be provided.

### NO PRIOR REQUEST

11. No prior request for the relief sought in the Motion to Stay has been made to this or any other court.

### CONCLUSION

WHEREFORE, Ade O. Ogunjobi respectfully requests the Court enter an order

7

pursuant to Bankruptcy Rule 5011 (c) staying all proceedings related to the liquidation of all assets of Bernard L. Madoff Investment Securities LLC and distribution of claims to all claims filed excluding "hardship" claim pending resolution by the District on the Appeal to reverse the Motion for Intervention order to deny by the Bankruptcy Court.

Dated: July 1, 2009
      Callaway, Florida

      Ade O. Ogunjobi
      5820 Hickory Street # 7
      Callaway, Florida 32404
      Telephone: 808-393-6573
      E-mail: tspnotes@tspnotes.com
      Pro Se

By: _____
      Ade O. Ogunjobi

8

# PROOF OF SERVICE

I, Ade O. Ogunjobi, declare that I am over the eighteen years and I am not a party to this action. My business address is 5820 Hickory Street #7 Callaway, Florida 32404

On July 1, 2009, I served the following:

Applicant's Notice of Motion For Stay, Motion, Notice of Change of Address, Proof of Service of Applicant's Notice of Motion for Stay, Motion, Notice of Change of Address on the interested parties in this action by placing true and correct copies thereof, enclosed in sealed envelope addressed as follows:

See attached Service List

[X] BY MAIL: I am readily familiar with the business practice for collection and processing correspondence of mailing with the United States Postal Service. I know that the correspondence was deposited with the United States Postal Services on the same day this declaration was executed in the ordinary course of business and that the envelopes were sealed, with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices in Florida.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, that this declaration is executed on July 1, 2009 in Callaway, Florida.

_____
Ade O. Ogunjobi

SERVICE LIST

Josephine Wang (JW 0674)---General Counsel
Kevin Bell (KB 2260)---Senior Associate General Counsel
Securities Investor Protection Corporation
805 Fifteenth Street, N.W.
Suite 800
Washington, DC 20005-2207

Irving H. Packard---Partner, Baker & Hostetler LLP
Trustee
Bernard L. Madoff Investment Securities LLC Bankruptcy
45 Rockefeller Plaza
11th Floor
New York, NY 10111

Ben S. Bernanke---Chairman Board of Governors of Federal Reserve System
Federal Reserve Board
20th Street and Constitution Avenue N.W.
Washington, DC 20551

United States Securities and Exchange Commission
SEC Headquarters
100 F Street NE
Washington, DC 20549