BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com

Presentment Date: July 13, 2009
Time: 12:00 p.m.

Objections Due: July 13, 2009
Time: 10:00 a.m.

*Attorneys for Irving H. Picard, Esq., Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC And Bernard L. Madoff*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |

**TRUSTEE'S MOTION FOR AN ORDER APPROVING
THE RETENTION OF SCA CREQUE AS SPECIAL
COUNSEL *NUNC PRO TUNC* AS OF JUNE 8, 2009**

Irving H. Picard, Esq. ("Trustee"), as trustee for the substantively consolidated

liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the estate of

Bernard L. Madoff ("Debtor" or "BLMIS"), under the Securities Investor Protection Act, 15

U.S.C. §§ 78aaa, et seq. ("SIPA"),[1] by and through his undersigned counsel, for his motion (the "Motion") for authority to retain special counsel *nunc pro tunc* to June 8, 2009, and respectfully represents as follows:

## Jurisdiction

1.  This Court has jurisdiction over this Application pursuant to SIPA section 78eee(b) and 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this SIPA liquidation case and this Motion are proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The statutory predicates for the relief sought herein are section 78eee(b)(3) of SIPA and sections 327(e), 328, 329 and 330 of the Bankruptcy Code and Fed. R. Bankr. P. 2014.

## Background

3.  On December 11, 2008 (the "Filing Date"),[2] the Securities and Exchange Commission ("SEC") filed a complaint in the United States District Court for the Southern District of New York against defendants Bernard L. Madoff and BLMIS (together, the "Defendants") (No. 08 CV 10791). The complaint alleged that the Defendants engaged in fraud through investment advisor activities of BLMIS.

4.  On December 12, 2008, the Honorable Louis L. Stanton of the United States District Court for the Southern District of New York entered an order which appointed Lee S. Richards, Esq., as receiver (the "Receiver").

5.  On December 15, 2008, Judge Stanton entered an order pursuant to SIPA (the "Protective Decree"), which, in pertinent part:

    a)  appointed the Trustee for the liquidation of the business of the Debtor pursuant to

---

[1] For convenience, future reference to SIPA will not include "15 U.S.C."
[2] See section 78*lll*(7)(B) of SIPA.

      section 78eee(b)(3) of SIPA;

b) appointed Baker & Hostetler, LLP as counsel ("Counsel") to the Trustee pursuant to section 78eee(b)(3) of SIPA; and

c) removed the case to this Bankruptcy Court pursuant to section 78eee(b)(4) of SIPA.

6.     The Protective Decree further provided in relevant part that:

VI. … pursuant to 15 U.S.C. §§78eee(b)(2)(B)(ii) and (iii), and notwithstanding the provisions of 11 U.S.C. §§362(b) and 553, except as otherwise provided in this Order, all persons and entities are stayed, enjoined and restrained for a period of twenty-one (21) days, or such time as may subsequently be ordered by this Court or any court having competent jurisdiction of this proceeding, from enforcing liens or pledges against the property of the Defendant and from exercising any right of setoff, without first receiving the written consent of SIPC and the trustee;

VII. … pursuant to 15 U.S.C. §78eee(b)(2)(C)(ii), and notwithstanding 15 U.S.C. §78eee(b)(2)(C)(i), all persons and entities are stayed for a period of twenty-one (21) days, or such other time as may subsequently be ordered by this Court or any other court having competent jurisdiction of this proceeding, from foreclosing on, or disposing of, securities collateral pledged by the Defendant, whether or not with respect to one or more of such contracts or agreements, securities sold by the Defendant under a repurchase agreement, or securities lent under a securities lending agreement, without first receiving the written consent of SIPC and the trustee.

The above provisions were effective, pursuant to the Protective Decree, through January 5, 2009.

7.     On December 18, 2008, Judge Stanton entered the Order on Consent Imposing Preliminary Injunction, Freezing Assets and Granting Other Relief Against Defendants (the "Preliminary Injunction Order").

8.     On January 5, 2009, this Court entered Order Extending The Stays Against All Creditors, affirming that the automatic stay under section 362 of the Bankruptcy Code is effective in this case from and after the December 11, 2008 Filing Date and extending the stays against all creditors of the Debtor and all other persons as provided for in paragraphs VI and VII of the Protective Decree from and after January 5, 2009 until further order of this Court.

9. Issues have arisen overseas, and in the British Virgin Islands ("BVI") in particular, that require the Trustee's participation and representation by counsel. The Trustee has become aware of assets that he believes to be customer property located within the BVI and requires counsel to pursue such customer property.

**Relief Requested**

10. The Trustee has determined that it will be necessary to engage counsel to represent him in the BVI. Such legal counsel will enable the Trustee to carry out his duties in this SIPA Liquidation Proceeding. The Trustee, therefore, proposes to retain and employ the law firm of SCA Creque as its special counsel with regard to its recovery of customer property in the BVI, and any related matters as directed by the Trustee, effective as of June 8, 2009.

11. The Trustee seeks to retain SCA Creque as special counsel because of its knowledge and expertise in the laws of the BVI.

12. The services of SCA Creque are necessary and essential to enable the Trustee to execute faithfully his duties herein.

13. SCA Creque has indicated a willingness to act on the Trustee's behalf to render the foregoing professional services.

14. The Trustee submits that SCA Creque's provision of professional services to the Trustee is permissible under section 78eee(3) of SIPA and is in the best interest of the Debtor's estate and customers and creditors.

15. To the best of the Trustee's knowledge, and except as disclosed in the declaration of disinterestedness of Seamus Andrew (the "Andrew Declaration"), executed on July 2, 2009 and annexed hereto as <u>Exhibit A</u>, the members, counsel and associates of SCA Creque are disinterested pursuant to section 78eee(b)(3) of SIPA and do not hold or represent any interest adverse to the Debtor's estate in respect of the matter for which SCA Creque is to be retained.

4

SCA Creque's employment and retention is necessary and in the best interests of the Debtor's estate and its customers and creditors.

16. SCA Creque will be compensated at agreed upon rates, listed below, which reflect a reduction of its normal rates by ten percent (10%). Applications for compensation to SCA Creque will be filed with this Court pursuant to applicable statutes and rules. SCA Creque rate information is as follows:

| Level of Experience | Normal Rates | Agreed Upon Rates |
| --- | --- | --- |
| Partner | $695 | $625 |
| Associate | $585 | $525 |

17. SIPC has no objection to this Motion and, pursuant to SIPA section 78eee(b)(3), SIPC specifies that the Trustee should be authorized to retain SCA Creque as special counsel for the purposes identified herein.

## Notice

18. Notice of this Motion has been given to SIPC, United States Department of Justice, United States Securities and Exchange Commission and all parties that have filed a notice of appearance herein. In light of the nature of the relief requested, the Trustee submits that such notice is good and sufficient, and no other or further notice is necessary or required.

WHEREFORE, the Trustee respectfully requests that the Court enter an order substantially in the form of Exhibit B hereto, (a) granting this Motion; (b) authorizing the Trustee to employ SCA Creque as special counsel for the purposes described herein, *nunc pro tunc*, as of

5

June 8, 2009; and (c) granting the Trustee such other and further relief as is just and proper.

Dated: New York, New York  
       July 6, 2009

Respectfully submitted,

*/s/ David J. Sheehan*
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com

*Attorneys for Irving H. Picard, Esq. Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

095879, 300015579