# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT COURT OF NEW YORK**

| | |
|---|---|
| SECURTIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD L.MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv.Pro.No 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>DECLARATION OF DISINTERESTEDNESS OF SEAMUS ANDREW ON BEHALF OF SCA CREQUE AS PROPOSED SPECIAL COUNSEL TO TRUSTEE |

I, Seamus Andrew, declare as follows:

1. I am a Solicitor admitted to practice in England and Wales.

2. I am the principal member (or partner) of the law firm SC Andrew LLP. SC Andrew LLP is a partner of SCA Creque, a British Virgin Islands partnership practising law in the British Virgin Islands. I am authorised by SCA Creque to make this Declaration.

3. All matters stated herein are known by me to be true except as otherwise stated.

4. By the order dated December 15, 2008 entered by the Honourable Louis A. Stanton of the United States District Court for the Southern District of New York, Irving H.Picard, Esq was appointed trustee ("Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("Debtor"), The Trustee has retained Baker & Hostetler as his primary counsel. However the Trustee wishes to retain SCA Creque as Special Counsel to assist the Trustee in relation to the laws of, and possible steps to be taken in, the British Virgin Islands.

5. Section 78eee(b)(6) of the Securities Investor Protection Act of 1970 ("SIPA") is entitled "Disinterestedness," and provides as follows:

    (6) Disinterestedness

    (A) Standards

For the purposes of paragraph (3), a person shall not be deemed disinterested if:

(i) such person is a creditor (including a customer), stockholder, or partner of the debtor;

(ii) such person is or was an underwriter of any of the outstanding securities of the debtor or within five years prior to the filing date was the underwriter of any securities of the debtor;

(iii) such person is, or was within two years prior to the filing date, a director, partner, officer, or employee of the debtor or such an underwriter; or

(iv) it appears that such person has, by reason of any other direct or indirect relationship to, connection with, or interest in the debtor or such an underwriter, or for any other reason, am interest materially adverse too the interests of any class of creditors (including customers) or stockholders,

except that SIPC shall in all cases be deemed disinterested, and an employee of SIPC shall be deemed disinterested if such employee would, except for his association with SIPC, meet the standards set forth in this subparagraph.

(B) Hearing

The court shall fix a time for hearing on disinterestedness, to be held promptly after the appointment of a trustee. Notice of such hearing shall be mailed at least ten days prior thereto to each person who, from the books and the records of the debtor, and to the creditors and the stockholders of the debtor, to SIPC, and to such other persons as the court may designate. The court may, in its discretion also require that notice be given by publication in such newspaper or newspapers of general circulation as it may designate. At such hearing, at any adjournment thereof, or upon application, the court shall hear objections to the retention in office of a trustee or attorney for a trustee on the grounds that such person is not disinterested.

15 U.S.C § 78eee(b)(6).

6. In order to determine that SCA Creque is disinterested within the meaning of SIPA § 78eee(b)(6), I consulted the database of SCA Creque's clients. I also emailed Marie-Lou Creque, a partner of SCA Creque, and Niki Olympitis, the Managing Partner of SCA Creque (together comprising all the other partners in SCA Creque), to ask if either of them knew of any conflicts or adverse interests, which they did not.

7. On the basis of the above it appears SCA Creque meets the disinterestedness standard of section 78eee (b)(6)(A) of SIPA, as well as under Bankruptcy Code Section 327(a) and Federal Rule of Civil Procedure 2014(a) and has no conflict nor an interest materially adverse to the Debtor.

8. Specifically, to the best of my knowledge, information and belief (and having raised the following with Marie-Lou Creque and Niki Olympitis), I have been able to determine that:

(i) no member of SCA Creque is a creditor (including a customer), stockholder, or partner of the Debtor;

(ii) no member of SCA Creque is or was an underwriter of any of the outstanding securities of the Debtor or within five years prior to the filing date was the underwriter of any securities of the Debtor;

(iii) no member of SCA Creque is, or was within two years prior to the filing date, a director, partner officer or employee of the Debtor or such an underwriter, or any attorney for the Debtor or such an underwriter; and

(iv) it appears that no member of SCA Creque has, by reason of any other direct or indirect relationship to, connection with, or interest in the Debtor or such an underwriter, or for any other reason, an interest materially adverse to the interest of any class of creditors (including customers) or stockholders.

9. I understand that SCA Creque has a continuing duty to disclose any subsequently discovered information and/or connections within the meaning of 15 U.S.C § 78eee(b)(6), and will supplement this Declaration as appropriate.

I declare under penalty of perjury that the foregoing is true and correct, and if called on as a witness I could testify competently thereto.

Executed on the 2nd day of July, 2009 at 76 Shoe Lane, London, EC4A 3JB, United Kingdom.

_____
Seamus Andrew