BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com

*Attorneys for Irving H. Picard, Esq., Trustee for the
Substantively Consolidated SIPA Liquidation of
Bernard L. Madoff Investment Securities LLC
And Bernard L. Madoff*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

### TRUSTEE'S MOTION FOR AN ORDER APPROVING THE RETENTION OF WINDELS MARX LANE & MITTENDORF, LLP AS SPECIAL COUNSEL *NUNC PRO TUNC* AS OF JUNE 9, 2009

Irving H. Picard ("Trustee"), Trustee for the liquidation of the business of Bernard L.

Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15

U.S.C. §§ 78aaa et seq. ("SIPA"),[1] and the consolidated estate of Bernard L. Madoff ("Madoff")

---

[1] For convenience, future reference to SIPA will omit "15 U.S.C."

(collectively, "Debtors"), by and through his undersigned counsel, respectfully submits this motion ("Motion") for authority to retain Windels Marx Lane & Mittendorf, LLP ("Windels Marx"), as special counsel to the Trustee, *nunc pro tunc* to June 9, 2009, and in support thereof, states as follows:

## I.    Jurisdiction

1.      This Court has jurisdiction over this Application pursuant to SIPA section 78eee(b) and 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2). Venue of this SIPA liquidation and this Motion are proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief sought herein are section 78eee(b)(3) of SIPA and sections 327(e), 328, 329 and 330 of the United States Bankruptcy Code (the "Bankruptcy Code") and Fed. R. Bankr. P. 2014.

## II.    Background

**The SIPA Liquidation**

3.      On December 11, 2008 (the "Filing Date"),[2] the United States Securities and Exchange Commission (the "SEC") filed a complaint in the United States District Court for the Southern District of New York (the "District Court") against defendants Madoff and BLMIS (Case No. 08 CV 10791) (the "SEC Action"). The SEC complaint alleged that Madoff and BLMIS engaged in fraud through investment advisor activities of BLMIS.

4.      In the SEC Action, the SEC consented to a combination of its own action with an application of the Securities Investor Protection Corporation ("SIPC"). Thereafter, pursuant to section 78eee(a)(3) of SIPA, SIPC filed an application in the District Court alleging, inter alia, that BLMIS was not able to meet its obligations to securities customers as they came due and,

---

[2] See section 78*lll*(7)(B) of SIPA.

accordingly, its customers needed the protection afforded by SIPA.

5.      On December 15, 2008, District Judge Stanton entered an order pursuant to SIPA (the "Protective Decree"), which, in pertinent part:

- appointed the SIPA Trustee for the liquidation of the business of BLMIS pursuant to section 78eee(b)(3) of SIPA;

- appointed Baker & Hostetler LLP as counsel to the SIPA Trustee pursuant to section 78eee(b)(3) of SIPA; and

- removed the liquidation proceeding (the "BLMIS Liquidation") to this Court pursuant to section 78eee(b)(4) of SIPA

6.      On December 18, 2008, Judge Stanton entered the Order on Consent Imposing Preliminary Injunction, Freezing Assets and Granting Other Relief Against Defendants (the "Preliminary Injunction Order").

**The Bernard L. Madoff Chapter 7 Case**

7.      On April 13, 2009, Blumenthal & Associates Florida General Partnership, Martin Rappaport Charitable Remainder Unitrust, Martin Rappaport, Marc Cherno and Steven Morganstern (collectively, the "Petitioning Creditors"), through their attorneys, Milberg LLP ("Milberg"), filed an involuntary petition for relief under chapter 7 of the Bankruptcy Code against Madoff.

8.      On April 16, 2009, the Petitioning Creditors filed a motion to appoint a trustee in Madoff's case, and on that same date, the Court entered an *Order to Show Cause Why the Court Should not Enter an Order Directing the United States Trustee to Appoint an Interim Trustee.*

9.      On April 20, 2009, the Court entered an Order (the "Order Directing Appointment") directing the Office of the United States Trustee for the Southern District of New York (the "UST") to appoint an interim trustee to perform the duties of trustee as set forth in Bankruptcy Code §§ 701 and 704, pursuant to which the UST appointed Alan Nisselson as the interim trustee ("Chapter 7 Trustee") on April 21, 2009.

10.    The Order Directing Appointment further directed that promptly after appointment, the Chapter 7 Trustee should meet and confer with the Trustee and counsel for the Petitioning Creditors to develop protocols for the coordination of the Madoff case with the BLMIS Liquidation.

11.    On April 24, 2009, the Court entered an Order authorizing and empowering the Chapter 7 Trustee to retain Windels Marx to represent him in the Madoff case, effective as of April 21, 2009 (the "WM Chapter 7 Retention Order").

**The Substantive Consolidation Order**

12.    On May 5, 2009, the Trustee and SIPC, by their counsel, filed a joint motion for entry of an order pursuant to Section 105(a) of the Bankruptcy Code substantively consolidating the Madoff estate into the BLMIS Liquidation (the "Substantive Consolidation Motion").

13.    On June 4, 2009, the Chapter 7 Trustee filed a Response to the Substantive Consolidation Motion, which response agreed to the consolidation of the estates, as outlined in an annexed Proposed Consent Order ("Consent Order"), which, among other things:

- Approved the Substantive Consolidation Motion, *nunc pro tunc* to December 11, 2008;

- Ordered that the Chapter 7 Trustee would remain trustee to the Madoff estate and would continue to have all powers, rights, claims, and interests of a Chapter 7 trustee pursuant to, among others, Chapters 5 and 7 of the Bankruptcy Code;

- Directed that the Trustee would have all the duties and powers of a SIPA trustee and of a Chapter 7 trustee, other than those specifically granted to the Chapter 7 Trustee as indicated above;

- Ordered that the Chapter 7 Trustee would be authorized to use as his counsel any

counsel or special counsel retained by the Trustee, after consultation and approval by the Trustee and SIPC.

14.    On June 9, 2009, the Consent Order was approved and entered by the Court.

## III.    Retention of Windels Marx

15.    Immediately upon the Chapter 7 Trustee's appointment as trustee to the Madoff estate and pursuant to the WM Chapter 7 Retention Order, Windels Marx began to analyze Madoff's financial affairs and assets, and to review the status of the various legal proceedings involving Madoff and his various business interests.

16.    To that end, and pursuant to the Order Directing Appointment, both the Chapter 7 Trustee and Windels Marx, as his counsel, conducted multiple meetings between themselves, the SIPA Trustee and his retained professionals, the Petitioning Creditors and their counsel, and the United States Attorney's Office for the Southern District of New York to coordinate the identification, marshaling and liquidation of Madoff's assets and the coordination and exchange of discovery and investigative work.

17.    Further, in connection with the Chapter 7 Trustee's analysis as to the benefits and potential harms of consolidation, the Chapter 7 Trustee and Windels Marx, as his counsel, have met and conferred with FTI Consulting, Inc. and Alix Partners, LLP, each consultants to the Trustee, and have reviewed various documents in the Trustee's possession regarding BLMIS's and Madoff's financial affairs, which meetings and document reviews have furthered the Chapter 7 Trustee's understanding of the extent and intertwining of the Madoff and BLMIS estates.

## IV.    Relief Requested

18.    Based on its expertise and services to date for the Chapter 7 Trustee, the Trustee wishes to retain and employ Windels Marx, with offices located at 156 West 56th Street, New

York, New York 10019, as his special counsel. The attorneys of Windels Marx who will be assigned to the Debtors' cases are duly admitted to practice before this Court and are well qualified to represent the SIPA Trustee.

19.    The Trustee submits that Windels Marx's provision of professional services to the Trustee is permissible under section 78eee(3) of SIPA and is in the best interest of the Debtors' estate, customers, and creditors.

20.    It is anticipated that Windels Marx shall, among other things as directed by the Trustee, (i) bring actions including, without limitation, chapter 5 avoidance actions, with respect to potential assets of Madoff, (ii) liquidate any assets of Madoff, including but not limited to, any assets turned over to the consolidated estate that may be forfeited by the United States; (iii) pursue litigation to recover all assets of Madoff, including but not limited to, any assets which the United States does not forfeit; and (iv) pursue any litigation or perform any other tasks the Trustee and/or SIPC deem appropriate.

21.    Except (i) with respect to its representation of the Chapter 7 Trustee pursuant to the WM Chapter 7 Retention Order, as discussed above, and (ii) as previously disclosed to the Court in that certain Affidavit of Alan Nisselson in Support of Trustee's Application for Authority to Retain Windels Marx Lane & Mittendorf, LLP as Attorneys for the Chapter 7 Trustee, dated April 22, 2009 (the "Nisselson Affidavit"), to the best of the Trustee's knowledge, Windels Marx represents no entity in connection with this case, is a disinterested person and represents or holds no interest adverse to that of the Trustee or the consolidated estates with respect to the matters for which it is to be retained, and the employment of said firm as counsel for the Trustee would be in the best interest of the estates.

22.    In addition, annexed hereto as Exhibit A is an Affidavit of Howard L. Simon,

which affidavit reaffirms Windels Marx's disinterestedness as of the date of this Motion, except as noted above.

23.    The Trustee, after reviewing the problems and difficulties that may arise during the pendency of this case, believes such retention is necessary.

24.    Windels Marx will be compensated at its normal hourly rates, less a ten percent (10%) discount and a 20% holdback. Applications for compensation to Windels Marx will be filed with this Court pursuant to applicable statutes and rules. The discounted hourly rates for the attorneys and staff Windels Marx anticipates will be working on the matter, subject to semi-annual customary rate adjustments, are as follows:

| Level of Experience | Discounted Rates |
| --- | --- |
| Alan Nisselson (Partner) | $510 |
| Howard L. Simon (Partner) | $445 |
| Regina Griffin (Special Counsel) | $390 |
| Les Barr (Special Counsel) | $390 |
| Kim Longo (Senior Associate) | $315 |
| Junior to Midlevel Associates | $210-245 |
| Senior Paralegal | $210 |
| Junior Paralegal | $140 |

25.    SIPC has no objection to this Motion and, pursuant to section 78eee(b)(3) of SIPA, SIPC specifies that the Trustee should be authorized to retain Windels Marx as special counsel for the purposes identified herein.

### V. Notice

26.    Notice of this Motion has been given to SIPC, United States Department of Justice, United States Securities and Exchange Commission, and all parties that have filed a notice of appearance herein. In light of the nature of the relief requested, the Trustee submits that such notice is good and sufficient, and no other or further notice is necessary or required.

**WHEREFORE**, the Trustee requests that this Court enter an order substantially in the form of Exhibit B hereto: (a) granting this Motion; (b) authorizing the Trustee to employ Windels Marx as special counsel for the purposes described herein, *nunc pro tunc*, as of June 9, 2009; and (c) grant the Trustee such other and further relief as is just and proper.

Dated: New York, New York
     July 10, 2009

By:     _____*s/David J. Sheehan*_____
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Tel: (212) 589-4200
Fax: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Marc Hirschfield
Email: mhirschfield@bakerlaw.com

*Attorneys for Irving H. Picard, Esq., Trustee for
the Substantively Consolidated SIPA Liquidation
of Bernard L. Madoff Investment Securities LLC
And Bernard L. Madoff*