Windels Marx Lane & Mittendorf, LLP          Hearing Date: August 6, 2009 @ 10:00 a.m.
*Counsel to Alan Nisselson, Chapter 7 Trustee*          Objections Due: August 3, 2009 @ 4:00 p.m.
*of Bernard L. Madoff*
156 West 56th Street
New York, New York 10019
Telephone (212) 237-1000
Attorneys Appearing:  Howard L. Simon (hsimon@windelsmarx.com)
                      Regina Griffin (rgriffin@windelsmarx.com)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**FIRST AND FINAL APPLICATION OF WINDELS MARX LANE &
MITTENDORF, LLP, COUNSEL TO ALAN NISSELSON, THE CHAPTER
7 TRUSTEE FOR ESTATE OF BERNARD L. MADOFF, PURSUANT TO
SECTION 78eee(b)(5) OF SIPA AND SECTIONS 326, 328 AND 330 OF THE
BANKRUPTCY CODE AND RULE 2016(a) OF THE FEDERAL RULES OF
BANKRUPTCY PROCEDURE FOR ALLOWANCE AND PAYMENT OF
COMPENSATION AND REIMBURSEMENT OF DISBURSEMENTS FOR
THE PERIOD OF APRIL 21, 2009 THROUGH JUNE 8, 2009**

**TO THE HONORABLE BURTON R. LIFLAND,**
**UNITED STATES BANKRUPTCY JUDGE:**

Windels Marx Lane & Mittendorf, LLP ("Windels Marx", or the "Firm"), counsel to

Alan Nisselson (the "Chapter 7 Trustee"), trustee for the chapter 7 estate of Bernard L. Madoff

("Madoff", or the "Debtor") respectfully makes this first and final application (the

"Application") pursuant to Section 78eee(b)(5) of the Securities Investor Protection Act, and

sections 326, 328 and 330, of 11 U.S.C. §§ 101, et seq (the "Bankruptcy Code"), and Rule 2016

of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule or Rules") for allowance of

compensation for professional services rendered and for reimbursement of actual and necessary

costs and expenses incurred by Windels Marx on behalf of the Chapter 7 Trustee for the period

April 21, 2009 through June 8, 2009 (the "Application Period"), and respectfully represent as

follows:

## INTRODUCTION

1.    The total fees for professional services rendered by Windels Marx on behalf of the

Chapter 7 Trustee during the Application Period based on the Firm's customary hourly rates are

$263,877.50, as set forth on the schedule of fees incurred and the Firm's detailed time records,

attached hereto, as Exhibit A.[1]  The Firm's detailed time records show for each attorney or legal

assistant the number of hours spent and the nature of the services performed by type of matter

during the Application Period.

2.    Also attached at the last page of Exhibit A is a schedule of total disbursements

incurred by the Firm during the Application Period, which is $2,770.46.  This sum includes

costs for photocopying, postage, long distance telephone calls, facsimile transmissions,

messenger and courier service, secretarial overtime, Westlaw and other legal research fees,

filing and service fees, process server fees, late night car service and other miscellaneous

services and expenses.

3.    As set forth below, the total amount of the fees sought by the Firm on this

Application is $199,500, and expenses in the amount of $2,770.46.  The reduced amount of the

---

[1] In order to preserve the confidentiality of the information contained in the detailed time records contained in
Exhibit A, the time records have been provided to SIPC and the SIPA Trustee and will be made available to the

Firm's fee request reflects Windels Marx's agreement to a 10% discount from the Firm's customary hourly billing rates, as well as the Firm's agreement to further reduce its fees to the sum of $199,500.00 for this Application.

4.    Between April 21, 2009 and June 8, 2009, Windels Marx has rendered substantial services to the Chapter 7 Trustee in connection with his administration of the estate, as discussed herein.

5.    Accordingly, Windels Marx respectfully seeks approval of this Application as set forth in more detail below.

## JURISDICTION AND VENUE

6.    The Court has jurisdiction over this Application under the Securities Investor Protection Act ("SIPA), 15 U.S.C. § 78eee(b), 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.).  This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2).  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are section 78eee(b)(3) of SIPA and sections 327(e), 328, 329 and 330 of the United States Bankruptcy Code (the "Bankruptcy Code") and Fed. R. Bankr. P. 2014.

## PROCEDURAL BACKGROUND

The SIPA Liquidation

7.    On December 11, 2008, the United States Securities and Exchange Commission (the "SEC") filed a complaint in the United States District Court for the Southern District of New York (the "District Court") against defendants Madoff and BLMIS (Case No. 08 CV 10791) (the "SEC Action").  The SEC complaint alleged that Madoff and BLMIS engaged in fraud through

Court, *in camera*, upon request.

investment advisor activities of BLMIS.

8.   In the SEC Action, the SEC consented to a combination of its own action with an application of the Securities Investor Protection Corporation ("SIPC").  Thereafter, pursuant to section 78eee(a)(3) of the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, et seq. ("SIPA"), SIPC filed an application in the District Court alleging, inter alia, that BLMIS was not able to meet its obligations to securities customers as they came due and, accordingly, its customers needed the protection afforded by SIPA.

9.   On December 15, 2008, District Judge Stanton granted the SIPC application, which among other things:

- appointed Irving H. Picard, as the SIPA Trustee for the liquidation of the business of BLMIS pursuant to 15 U.S.C. § 78eee(b)(3);

- appointed Baker & Hostetler LLP as counsel to the SIPA Trustee pursuant to 15 U.S.C. § 78eee(b)(3); and

- removed the liquidation proceeding (the "BLMIS Liquidation") to this Court pursuant to 15 U.S.C. § 78eee(b)(4).

The Bernard L. Madoff Chapter 7 Case

10. On April 13, 2009, Blumenthal & Associates Florida General Partnership, Martin Rappaport Charitable Remainder Unitrust, Martin Rappaport, Marc Cherno and Steven Morganstern (collectively, the "Petitioning Creditors"), through their attorneys, Milberg LLP ("Milberg"), filed an involuntary petition for relief under chapter 7 of the Bankruptcy Code against Madoff.

11. On April 16, 2009, the Petitioning Creditors filed a motion to appoint a trustee in Madoff's case, and on that same date, the Court entered an *Order to Show Cause Why the Court Should not Enter an Order Directing the United States Trustee to Appoint an Interim Trustee.*

12. On April 20, 2009, the Court entered an Order (the "Order Directing Appointment")

directing the Office of the United States Trustee for the Southern District of New York (the "UST") to appoint an interim trustee to perform the duties of trustee as set forth in Bankruptcy Code §§ 701 and 704, pursuant to which the UST appointed Alan Nisselson as the interim trustee on April 21, 2009.

13. The Order Directing Appointment further directed that promptly after appointment, the Chapter 7 Trustee should meet and confer with the SIPA Trustee and counsel for the Petitioning Creditors to develop protocols for the coordination of the Madoff case with the BLMIS Liquidation.

14. On April 24, 2009, the Court entered an Order authorizing and empowering the Chapter 7 Trustee to retain Windels Marx to represent him in the Madoff case, effective as of April 21, 2009 (the "WM Chapter 7 Retention Order").

The Substantive Consolidation Order

15. On May 5, 2009, the SIPA Trustee and SIPC, by their counsel, filed a joint motion for entry of an order pursuant to the Section 105(a) of the Bankruptcy Code substantively consolidating the Madoff estate into the BLMIS Liquidation (the "Substantive Consolidation Motion").

16. On June 4, 2009, the Chapter 7 Trustee filed a Response to the Substantive Consolidation Motion, which response agreed to the consolidation of the estates, as outlined in an annexed Proposed Consent Order ("Consent Order"), which, among other things:

- Approved the Substantive Consolidation Motion, *nunc pro tunc* to December 11, 2008;

- Ordered that the Chapter 7 Trustee would remain trustee to the Madoff estate and would continue to have all powers, rights, claims, and interests of a

Chapter 7 trustee pursuant to, among others, Chapters 5 and 7 of the Bankruptcy Code;

- Directed that the SIPA Trustee would have all the duties and powers of a SIPA trustee and of a Chapter 7 trustee, other than those specifically granted to the Chapter 7 Trustee as indicated above; and

- Ordered that the Chapter 7 Trustee would be authorized to use as his counsel any counsel or special counsel retained by the SIPA Trustee, after consultation with, and the approval of, the SIPA Trustee and SIPC.

17.   On June 9, 2009, the Consent Order was approved and entered by the Court.

## THE APPLICATION

18. This Application seeks: (i) allowance of the fees and expenses incurred by Windels Marx during the Application Period in the amounts of $199,500.00 and $2,770.46, respectively.

19. Windels Marx has acted as attorneys for the Chapter 7 Trustee for a period of over two months.  During this time period, Windels Marx has performed extensive services for the Chapter 7 Trustee including, but not limited to, the matters described in this Application and in more detail below.

20.  Attached as Exhibit A are the Firm's detailed time records showing for each attorney or legal assistant, the number of hours spent and the nature of the services performed by type of matter during the Application Period.

21. Attached as Exhibit A is a schedule of total disbursements incurred by the Firm in connection with its representation of the Chapter 7 Trustee during the Application Period which is equal to $2,770.46.

22.  All services performed and expenses incurred by Windels Marx during the

Application Period for which compensation and reimbursement are now requested were performed and incurred on behalf of the Chapter 7 Trustee, and not for any other person or entity.

23. Windels Marx has not shared nor agreed to share compensation or reimbursement of expenses awarded in this case with any other person or entity except as permitted by Bankruptcy Rule 2016.

24. Windels Marx has not received a retainer in this case and Windels Marx has made no agreements with the Chapter 7 Trustee or with others for compensation or reimbursement except as permitted by Bankruptcy Rule 2016.

25. Windels Marx respectfully submits that it has expended substantial time and effort in rendering professional services on behalf of the Chapter 7 Trustee during the Application Period which were essential and which have realized substantial value and benefit to the Debtors' estate and its creditors.

## **SERVICES RENDERED**

26. Windels Marx rendered the following services to the Chapter 7 Trustee during the Application Period.

### Windels Marx's Assistance to the Chapter 7 Trustee

27. At the time of the Chapter 7 Trustee's appointment, the Debtor, Bernard L. Madoff, was himself incarcerated; the Debtor's personal financial records had been purportedly seized by the government in connection with its ongoing criminal investigation; the Debtor's personal assets, to the extent they had been identified, had been earmarked for forfeiture by the United States Attorney's Office for the Southern District of New York (the "USAO").

28. Accordingly, immediately upon the Chapter 7 Trustee's appointment as trustee to the

Madoff estate and pursuant to an Order of the Court authorizing the retention of Windels Marx, Windels Marx began to advise the Chapter 7 Trustee regarding potential courses of action to preserve and protect the interests of the creditors of the Chapter 7 estate given the unique circumstances of this case.

29.  Windels Marx immediately began to conduct an extensive review of the prior pleadings and proceedings, among others, in the related SIPA Liquidation of BLMIS, the District Court action commenced by the SEC against BLMIS and Madoff, the criminal case against the Debtor, and the proceedings in the United Kingdom regarding the joint provisional liquidators (the "JPL") of Madoff Securities Investment Ltd. ("MSIL").  Windels Marx also conducted an exhaustive review of media reports concerning all of the foregoing, and in particular, reports regarding the assets of the Debtor and his family members.

30.  Windels Marx reviewed the list of assets identified by the Debtor in papers submitted to the SEC.  The firm also reviewed the United States Attorneys Office Notices of Intent to Forfeit certain assets of the debtor, and analyzed the scope of the forfeiture orders.  Windels Marx also reviewed the Restraining Order issued by District Judge Denny Chin and analyzed its impact upon the ability of the Chapter 7 Trustee to take actions to recover and preserve assets for the benefit of the estate.

31.  Windels Marx also conducted substantial legal research regarding the government's right to forfeit assets, and the legal effect of forfeiture upon the debtor's creditors and the Chapter 7 estate.  The Firm also researched the effect of the Restraining Order upon the ability of the Chapter 7 Trustee to take actions on behalf of the estate, and also researched arrangements the government had entered into with trustees in other cases (including the Dreier case), concerning the potential role of the trustee.

32. Windels Marx met with the USAO to discuss these and other related issues, and the coordination of efforts to collect and preserve assets of the Debtor. The Firm also met and had discussions with the Office of the United States Trustee for the Southern District of New York to discuss the circumstances of the case.

33. Windels Marx also reviewed the Petitioning Creditors' motion before District Judge Stanton seeking relief from the Court's preliminary injunction to permit the commencement of an involuntary bankruptcy case against the Debtor. The Firm reviewed the responses to that motion and the Order of the District Court which, after analyzing the various benefits to be gained from the appointment of a Chapter 7 Trustee for the Debtor's estate, granted permission to the Petitioning Creditors to commence the Debtor's case.

34. Windels Marx had multiple and extended meetings and communications with the Petitioning Creditors' counsel regarding, among other things, the status of the various related Madoff proceedings, including the various feeder fund litigations; potential assets of the Debtor's estate; and the role that the Chapter 7 Trustee and his counsel could play under the circumstances to collect and preserve assets for the estate. The Chapter 7 Trustee and Windels Marx also met with the Petitioning Creditors' counsel to discuss strategies to respond to various motions and/or pleadings that were filed in the various related cases.

35. The Chapter 7 Trustee and Windels Marx also began to coordinate efforts with the SIPA Trustee and his counsel, Baker Hostetler. The Firm established ongoing communications between the two trustees, and with counsel to the SIPA Trustee, and participated in a series of lengthy meetings to, among other things: update Windels Marx on the status of the related proceedings; to discuss and consider all potential issues related to the coordination of the efforts of the professionals for the two estates; and to develop a protocol for proceeding on behalf of the

estates in an efficient, cost-effective manner which would avoid duplication of efforts.

36. Pursuant to the Order of the Court appointing the Chapter 7 Trustee, Windels Marx drafted protocols for the coordination of efforts between the two estates, made revisions based upon SIPC's counsel's comments, and continued conversations with counsel for the Petitioning Creditors regarding the same.

37. Upon being served with the SIPA Trustee's motion to substantively consolidate the two estates, Windels Marx arranged for a chambers conference before Bankruptcy Judge Lifland to advise the Court of the efforts of the two trustees to reach a protocol, and regarding the filing of the motion.

38. Windels Marx reviewed the motion to substantively consolidate, including the allegations of the SIPA Trustee that BLMIS and Madoff were each the alter ego of the other; that there were innumerable transactions in which Madoff used BLMIS as his "personal piggy bank"; that the financial affairs of BLMIS and Madoff are hopelessly entangled; and that all of Madoff's assets should be treated as assets of the BLMIS estate because Madoff did not have any other significant source of income.

39. Windels Marx also analyzed the benefits and potential harms of consolidation.  The Firm met and conferred with representatives of FTI Consulting, Inc. and Alix Partners, LLP, consultants to the SIPA Trustee, and reviewed various documents in the SIPA Trustee's possession regarding BLMIS' and Madoff's financial affairs.

40. Windels Marx also reviewed the accompanying proposed order and the relief sought therein, and the legal authorities cited by the SIPA Trustee's counsel for substantively consolidating a SIPA liquidation proceeding with the chapter 7 bankruptcy estate.  Windels Marx then conducted extensive legal research regarding substantive consolidation.

41. As a result of Windels Marx's research and analysis, the Chapter 7 Trustee determined that substantive consolidation could be, under appropriate terms and conditions, in the interests of the creditors of the Chapter 7 estate.

42. Windels Marx worked extensively with counsel for the SIPA Trustee to formulate the terms and conditions for substantive consolidation.  Towards that end, Windels Marx prepared various drafts of substantive consolidation orders under different scenarios, conducted additional legal research pertaining thereto, and engaged in extensive communications with counsel for the SIPA Trustee regarding the same.

43. Upon reaching an agreement with the SIPA Trustee and SIPC regarding the terms and conditions of a proposed consent order for substantive consolidation, Windels Marx drafted and filed a response to the motion.  The Firm appeared at the Court hearing in support of the motion, which was granted by Order dated June 9, 2009.

Other Services Rendered Concerning Specific Matters

44. During the Application Period, Windels Marx also represented and advised the Chapter 7 Trustee in connection with the proceedings instituted by the joint provisional liquidators ("JPL") of MSIL in the United States.  Windels Marx reviewed an *ex parte* motion by the JPL for recognition pursuant to Chapter 15 of the Bankruptcy Code, and an Order of the Bankruptcy Court for the Southern District Florida granting such relief to the JPL.  Windels Marx also reviewed a motion by the Petitioning Creditors to transfer venue of the foreign recognition proceedings (and a related adversary proceeding) to the Bankruptcy Court for the Southern District of New York.

45. Windels Marx conducted research regarding recognition of foreign representatives under Chapter 15 of the Code, and the scope of authority which could be granted if such relief

were awarded by the Court.  The Firm also researched applicable code provisions, rules and case law regarding the motion to transfer venue of the JPL's chapter 15 proceedings, and prepared and filed a response to the Petitioning Creditors' motion.

46. Windels Marx appeared at the hearing in connection with the venue transfer motion, which was granted by the Court.  Pursuant to the Court's direction at that same hearing, Windels Marx also reviewed and analyzed the issues regarding foreign representative recognition, and researched the scope of relief – both mandatory and discretionary -- which might be available to the JPL.  The Firm then drafted and filed a limited objection with regard to the scope of relief sough by the JPL in their amended motion for recognition, and appeared at the hearing on the motion.

47. During the Application Period, Windels Marx also advised the Chapter 7 Trustee regarding a French proceeding involving a yacht located in France in which the Debtor had an interest.  Windels Marx reviewed the complaint served upon the Chapter 7 Trustee, in which he was named personally, and also conferred with potential counsel in the United Kingdom and France regarding the proceeding.  The Firm also has had several communications with the JPL, the USAO and counsel for the SIPA Trustee regarding coordinating efforts to recover the yacht.

48. During the Application Period, Windels Marx also advised the Chapter 7 Trustee in connection with the estate's interest in certain aircraft and various agreements related thereto. Among other things, Windels Marx reviewed and analyzed documents with regard to the estate's economic and other interests in the aircrafts, as well as leasing and management agreements pertaining thereto.  The Firm also met with counsel for the SIPA Trustee and representatives of the entity currently managing the aircraft.  Windels Marx also reviewed a motion by the management entity to compel the assumption or rejection of certain of the agreements, and

conducted legal research regarding the potential sale of the aircraft pursuant to Bankruptcy Code

§ 363(h).

## FEES AND DISBURSEMENTS OF WINDELS MARX

49. The Firm seeks an allowance of compensation and payment of outstanding

professional fees and reimbursements of expenses for the Application Period pursuant to Section

78eee(b)(5) of SIPA, and Sections 326, 328 and 330 of the Bankruptcy Code.   Bankruptcy Code

§ 330 provides in pertinent part:

> (a)(1) … the court may award to a … professional person employed under section
> 327… (A) reasonable compensation for actual, necessary services rendered by …
> [such] attorney and by any paraprofessional person employed by any such person;
> and (B) reimbursement for actual, necessary expenses.

> (3) In determining the amount of reasonable compensation to be awarded, the
> court shall consider the nature, the extent, and the value of such services, taking
> into account all relevant factors, including- the time spent on such services, [and
> the cost of comparable services other than in a case under this title;]

11 U.S.C. § 330.

50. Windels Marx is a professional employed under Code § 327 and is qualified to apply

for and receive a final award of compensation and reimbursement of expenses in this case for its

services as counsel to the Chapter 7 Trustee.

51. Windels Marx maintains computerized records of the time it expended in rendering

the services for which compensation is sought.  These time records were made

contemporaneously with the performance of the services that they describe and in the ordinary

course of the Firm's business.

52. The total fees for professional services rendered by Windels Marx to the Chapter 7

Trustee during the Application Period based upon its customary hourly rates are $263,877.50, as

set forth on the schedule of fees incurred and the Firm's detailed time records, attached hereto, as

Exhibit A.[2]  The Firm's detailed time records show for each attorney or legal assistant, the number of hours spent and the nature of the services performed by type of matter during the Application Period.

53. Attached as Exhibit A is a schedule of total disbursements incurred by the Firm in connection with its representation of the Trustee during the Application Period, which is $2,770.46.  This sum includes costs for photostatting, postage, long distance telephone calls, facsimile transmissions, messenger and courier service, secretarial overtime, Westlaw and other legal research fees, filing and service fees, process server fees, late night car service and other miscellaneous services and expenses.

54.   The total amount of the fees sought by the Firm on this Application is $199,500, and expenses in the amount of $2,770.46.  The reduced amount of the Firm's fee request reflects Windels Marx's agreement to a 10% discount from the Firm's customary hourly billing rates, as well as the Firm's agreement to further reduce its fees to the sum of $199,500.00 for this Application.

**PROFESSIONALS ASSIGNED TO THIS CASE
AND THEIR CUSTOMARY HOURLY BILLING RATES**

55. Leslie S. Barr joined Windels Marx in January 2007 and is of counsel to the Firm. Mr. Barr's practice focuses primarily in the field of bankruptcy.  Mr. Barr is a graduate of Brooklyn Law School and has been practicing law since 1985.  Mr. Barr is admitted to the bar of the State of New York and to the United States District Courts for the Southern and Eastern Districts of New York.  A reasonable hourly compensation for Mr. Barr's legal services is $460 for the period ending December 31, 2009, his normal and customary rates.

---

[2] As noted above, in order to preserve the confidentiality of the information contained in the detailed time records contained in Exhibit A, the time records have been provided to SIPC and the SIPA Trustee and will be made available to the Court, *in camera*, upon request.

56. Regina Griffin is special counsel to the Firm.   Ms. Griffin's practice focuses primarily in bankruptcy and commercial litigation.  Ms. Griffin graduated from St. John's University *cum laude* in 1989, and from St. John's University School of Law in 1992.  Ms. Griffin is admitted to the bar of the State of New York and to the United States District Courts for the Southern and Eastern Districts of New York.  A reasonable hourly compensation for Ms. Griffin's legal service is $430 for the period ending December 31, 2009, her normal and customary rates.

57. Kim M. Longo is an associate of the Firm's Corporate and Securities and Financial Transactions Practice Groups.  Ms. Longo graduated with a J.D. degree from New York University School of Law in 2001 and received a B.S. degree from Binghamton University, New York in 1994.  Ms. Longo is admitted to the Bar of the State of New York.  A reasonable hourly compensation for Ms. Longo's legal services is $350, for the period ending December 31, 2009, her normal and customary rate.

58. Alan Nisselson is a member of Windels Marx, where he serves as a member of the Firm's Bankruptcy and Creditors' Rights Department since joining the Firm in January 2007. Mr. Nisselson has been practicing law since 1976, and has concentrated in the field of bankruptcy law since 1982.  He is admitted to the bars of the State of Florida and New York, and to the United States District Courts for the Southern and Eastern Districts of New York.  Mr. Nisselson was an Assistant United States Attorney in charge of bankruptcy matters at the U.S. Attorney's Office for the Southern District of New York.  He is currently a chapter 7 panel Trustee in the Eastern and Southern Districts of New York.  A reasonable hourly compensation for Mr. Nisselson's legal services is $560 for the period ending December 31, 2009, his normal and customary rates.

59. Howard L. Simon is a member of Windels Marx. Mr. Simon has been practicing law since 1977, focusing much of that time on commercial and bankruptcy litigation. Mr. Simon received his B.A. degree from the Brooklyn College of the City University of New York in 1973, and his J.D. degree from New York University in 1976. Mr. Simon is admitted to the bar of the State of New York and to the United States District Courts for the Southern and Eastern Districts of New York. Mr. Simon was an Adjunct Instructor at the Adelphi University Lawyer Assistant Program in the Litigation Section. A reasonable hourly compensation for Mr. Simon's legal services is $495, for the period ending December 31, 2009, his normal and customary rates.

60. Anna Cote has been a legal assistant since 1993, and works in the firm's Bankruptcy and Real Estate Departments. A reasonable hourly compensation for Ms. Cote's services is $235 for the period ending December 31, 2009, her normal and customary rates.

61. Tracy Heston has been a legal assistant since 1997, concentrating primarily in bankruptcy, litigation and real estate matters. A reasonable hourly compensation for Ms. Heston's services is $190 for the period ending December 31, 2009, her normal and customary rates.

62. Taila Lynn Martin was a summer associate at the Firm. A reasonable hourly compensation for Ms. Martin's services is $150 for the period ending December 31, 2009, her normal and customary rates.

63. Maritza Segarra has been a legal assistant since 2007, working primarily in the Bankruptcy Department. A reasonable hourly compensation for Ms. Segarra's services is $130 for the period ending December 31, 2009, her normal and customary rates.

64. Joel L. Solomon has been the Manager of Library Services at Windels Marx since July 1984. He earned his M.S. degree in Library Science from the Palmer School of Library &

Information Science (C.W. Post Campus of Long Island University) and has been a law librarian since 1978. A reasonable hourly compensation for Mr. Solomon's services is $225 for the period ending December 31, 2009, his normal and customary rates.

## CONCLUSION

67. Windels Marx has expended recorded time of 621.30 hours of legal services for or on behalf of the Chapter 7 Trustee for which such services have a reasonable value of $263,877.50 based on the Firm's customary rates, which the Firm has agreed to reduce further to $199,500. Windels Marx respectfully submits that considering the amount of recorded time, the complex legal issues encountered in this case, the Firm's involvement in the day to day legal issues necessitating resolution to enable the Trustee to maximize and enhance the value of the Debtor's estate and the Firm's expertise and professional standing, Windels Marx should be granted an allowance of compensation in the amount of $199,500.00, plus an allowance of expenses incurred in the amount of $2,770.46.

**WHEREFORE**, Windels Marx respectfully requests entry of an Order granting to the Firm the following:

a. A final allowance of compensation to Windels Marx in the amount of $199,500.00, representing the reduced amount pursuant to which the Firm has agreed, and which is the reasonable value of the Firm's professional services rendered to and on behalf of the Chapter 7 Trustee;

b. An allowance of the actual, necessary and reasonable out-of-pocket and disbursements incurred by Windels Marx during its representation of the Chapter 7 Trustee in the amount of $2,770.46; and

c.   Such other and further relief as this Court may deem just and proper.

Dated:      New York, New York
            July 10, 2009

Respectfully submitted,

WINDELS MARX LANE & MITTENDORF, LLP
*Counsel to Alan Nisselson, the Chapter 7 Trustee*
*of Bernard L. Madoff*

By:   /s/ Howard L. Simon
      Howard L. Simon
      (hsimon@windelsmarx.com)
      A Member of the Firm
      156 West 56th Street
      New York, New York 10019
      (212) 237-1000

Windels Marx Lane & Mittendorf, LLP
*Counsel for Alan Nisselson, Chapter 7 Trustee*
*of Bernard L. Madoff*
156 West 56th Street
New York, New York 10019
Telephone (212) 237-1000
Attorneys Appearing:  Howard L. Simon (hsimon@windelsmarx.com)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>               Plaintiff-Applicant,<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>               Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>               Debtor. | |

**STATEMENT PURSUANT TO FEDERAL RULE**
**OF BANKRUPTCY PROCEDURE 2016(b)**

      1.  I am a member of Windels Marx Lane & Mittendorf, LLP ("Windels Marx"), counsel to Alan Nisselson (the "Chapter 7 Trustee"), trustee for the chapter 7 estate of Bernard L. Madoff ("Madoff", or the "Debtor") and the partner in charge of the matter.

      2.  Windels Marx submits that all of the professional services for which the annexed Application is made have been rendered solely for the Chapter 7 Trustee and for the benefit of the Debtors' estate and its creditors.

      3.  No agreement exists between Windels Marx and any other person, firm or entity

concerning the compensation or reimbursement received as a result of this case.

4.   Windels Marx has received no retainer in the cases and has made no agreements

with the Trustee for compensation or reimbursement.

5.   Windels Marx has received no transfer, assignment or pledge of property of the

Debtors' estate except pursuant to an Order of the Court for compensation.

Dated: New York, New York
      July 10, 2009

                         Respectfully submitted,

                         WINDELS MARX LANE & MITTENDORF, LLP
                         *Counsel to Alan Nisselson, the Chapter 7 Trustee*
                         *of Bernard L. Madoff*

                     By: /s/ Howard L. Simon
                         Howard L. Simon
                         (hsimon@windelsmarx.com)
                         A Member of the Firm
                         156 West 56th Street
                         New York, New York 10019
                         (212) 237-1000

Windels Marx Lane & Mittendorf, LLP
*Counsel to Alan Nisselson, the Chapter 7 Trustee*
*of Bernard L. Madoff*
156 West 56th Street
New York, New York 10019
Telephone (212) 237-1000
Attorneys Appearing:  Howard L. Simon (hsimon@windelsmarx.com)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>           Plaintiff-Applicant,<br><br>      v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>           Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>           Debtor. | |

## <u>CERTIFICATION OF PROFESSIONAL</u>

Howard L. Simon, a member of the firm of Windels Marx Lane & Mittendorf, LLP,

("Applicant"), counsel to Alan Nisselson (the "Chapter 7 Trustee"), trustee for the chapter 7

estate of Bernard L. Madoff ("Madoff", or the "Debtor"), hereby certifies as follows:

(i)   I have read the foregoing application (the "Application");

(ii)   To the best of my knowledge, information and belief, formed after reasonable

inquiry, the Application substantially complies with the mandatory guidelines of this Court for

fees and disbursements for professionals (the "Guidelines");

(iii)   To the best of my knowledge, information and belief, formed after reasonable

inquiry, the fees and disbursements sought in the Application fall within the Guidelines, except as specifically noted in this Certification and Application;

(iv)    Except to the extent prohibited by the Guidelines, the fees and disbursements sought in the Application are billed at rates and in accordance with practices customarily employed by applicant and generally accepted by applicant's clients;

(v)    The Chapter 7 Trustee, represented by the applicant, has been provided with a copy of the Application at least 10 days before the date set by the Court or any applicable rules for filing fee applications, has reviewed the Application and has approved it.

(vi)    The Chapter 7 Trustee has been provided no later than 20 days after the end of each month with a statement of fees and disbursements accrued during such month; and

(vii)    The Disbursements requested to be reimbursed in the Application;

a.  do not include any amount of profit for Applicant;

b.  do not include the amortization of the cost of any investment, equipment or capital out lay; and

    c.  to the extent provided by a third party vendor only include the amount billed to

applicant by the third-party vendor and paid by the applicant to such vendor.

Dated:  New York, New York           Respectfully submitted,
       July 10, 2009

                    WINDELS MARX LANE & MITTENDORF, LLP
                    *Counsel to Alan Nisselson, the Chapter 7 Trustee*
                    *Of Bernard L. Madoff*

                By:   /s/ Howard L. Simon
                    Howard L. Simon
                    (hsimon@windelsmarx.com)
                    A Member of the Firm
                    156 West 56th Street
                    New York, New York 10019
                    (212) 237-1000