UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-1789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**APPLICATION FOR INTERIM ALLOWANCE OF FEES AND
REIMBURSEMENT OF EXPENSES OF ATTIAS & LEVY
<u>AS SPECIAL COUNSEL FOR THE TRUSTEE</u>**

Keith Azopardi (Partner), together with other associates at the law firm of Attias & Levy, special counsel for Irving H. Picard (the "Trustee"), Trustee for the liquidation of the businesses of Bernard L. Madoff Investment Securities LLC (the "Debtor") under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa et al. ("SIPA"), submits this Application for Interim Allowance of Fees and Reimbursement of Expenses (the "Application") for compensation of legal fees in the amount of £8,992.00 GBP (approximately US$14,475.32) and reimbursement of expenses in the amount of £211 GBP (approximately US$339.67) incurred from 13th March 2009 through 30th April 2009 (the "Compensation Period").

Pursuant to its current fee arrangement with the Securities Investor Protection Corporation ("SIPC"), Attias & Levy has agreed to an approximately 17% reduction of its fees. Attias &

1

Levy has also agreed to a 20% holdback to be requested at a later date. The total amount of fees incurred prior to the discount and holdback was £13,540.01 GBP (approximately US$21,796.71). After the approximately 17% reduction in the amount of £2,300.00 GBP (about US$3,702.54), the total amount of fees incurred by Attias & Levy is £11,240.00 GBP. From this number, Attias & Levy further deducted a 20% holdback in the amount of £2,248.00 GBP (approximately US$3,618.83) to be requested at a later date. Attias & Levy expended a total of 61 hours in connection with this case, resulting in a blended hourly rate of £184.26 GBP (approximately $296.62).

**In support of this Application, Attias & Levy respectfully represents as follows:**

### I. Background

1. On 15 December 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by SIPC, entered an order (the "Decree Order") calling for the liquidation of the business of the Debtor in accordance with SIPA and by Paragraph II of the Decree Order, the Trustee was appointed as the trustee for the liquidation of the Debtor's business.

2. The Debtor's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, to the extent consistent with the provisions of SIPA, is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") pursuant to SIPA § 78fff(b).

*Work undertaken by Attias & Levy up to 30th April 2009*

3. Beginning on 13th March 2009 Attias & Levy has served as special counsel for the Trustee.

4. On 7th April 2009 this Court entered an order approving the Trustee's motion for authority to retain Attias & Levy as special counsel to the Trustee.

2

5.  Attias & Levy has focused its efforts in relation to intervening in Judicial Review proceedings issued in Gibraltar in relation to funds held to the account of a client of the Debtor which were frozen by the Gibraltar Finance and Intelligence Unit (GFIU) as well as advising and drafting court documents in relation to proposed civil proceedings by the Trustee (Injunction and Disclosure Orders) in Gibraltar.

*Attias & Levy's Fee Arrangement*

6.  The Trustee's motion to retain Attias & Levy established a fee arrangement pursuant to which Attias & Levy agreed to a fee reduction in the amount of approximately 17% as well as an additional holdback of fees in the amount of 20%.

## II. Services Rendered by Attias & Levy

7.  Attias & Levy has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism. To this end, Attias & Levy has staffed this matter leanly and has endeavored to eliminate duplication of effort by giving primary responsibility of the case to one partner, Mr Keith Azopardi.

8.  From 13th March 2009 through 30th April 2009, Attias & Levy provided a total of 61 hours of legal services to the Trustee in this case. Prior to the approximately 17% discount, the total amount of fees incurred in this time period was £13,540.01 GBP. After the discount, the total amount of fees incurred is £11,240.00 GBP, resulting in a blended hourly rate of £184.26 GBP. Attias & Levy has agreed to a further 20% holdback of fees in the amount of £2,248.00 GBP (approximately US$3,702.54) resulting in the present request for compensation in the amount of £8,992.00GBP (approximately US$14,475.32).

9.  Detailed descriptions of the tasks performed and the results therefrom during the time period

3

covered by this Application are set forth below.

10. A list of attorneys from Attias & Levy who worked on the matter, the hours billed, and the rates applicable is detailed in **Exhibit A** attached hereto.

11. Attias & Levy also seeks reimbursement of its expenses in this case in the amount of £211 GBP (approximately US$339.67), detailed in **Exhibit B** attached hereto.

12. The legal services performed on behalf of the Trustee during the time period covered by this Application are as follows:

*Judicial Review Proceedings*

13. During the time period covered by the Application, Attias & Levy focused on the pursuit of the Trustee's remedies in Gibraltar as well as to secure that the Trustee was added as an interested party to the Judicial Review proceedings commenced in Gibraltar by Vizcaya Partners Limited (Vizcaya) (the "JR proceedings").

14. Vizcaya was a client of the Debtor's investment and advisory business and held funds in Bank J Safra (Gibraltar) Limited (Safra). The sums held by Vizcaya were derived from a transfer of US$150 million made by the Debtor on or about 31st October 2008. At the time the sum of US$75,000 was held at Safra Bank.

15. The Gibraltar Financial Intelligence Unit of the Royal Gibraltar Police issued "no consent" orders to prevent the release of funds held by Safra Bank as custodian for Vizcaya. Such a decision is challenged and Vizcaya seeks a release of the funds.

16. On the basis that the Trustee claims an entitlement to these funds and seeks their return, an application for the Trustee to be joined to the JR proceedings as an interested party was filed by Attias & Levy.

17. Attias & Levy continues to monitor and intervene in the JR proceedings on behalf of the

Trustee.

*Civil Proceedings*

18.     Attias & Levy have advised the Trustee in relation to civil proceedings in Gibraltar and have drafted papers for a proposed application for a freezing injunction and disclosure applications.

19.     Attias & Levy worked closely with the Trustee and Baker & Hostetler LLP as counsel to the Trustee regarding the above issues.

20.     Attias & Levy devoted a total of 61 hours of professional time in connection with these services.

### III. Expenses Incurred by Attias & Levy

21.     Attias & Levy incurred out-of-pocket expenses in connection with its representation of the Trustee in this case. An itemized list of these expenses is detailed on **Exhibit B**. The total amount of expenses for which Attias & Levy seeks reimbursement is £211.00 GBP (approximately US$339.67).

22.     Attias & Levy typically charges its clients £0.10 GBP per copy. Attias & Levy does not charge for incoming faxes. Charges for electronic research, overnight delivery, postage, long distance telephone calls, and other out-of-pocket disbursements are based on the actual amounts paid by Attias & Levy for those services.

### IV. General Matters

23.     All of the professional services for which compensation is requested herein were performed by Attias & Levy for and on behalf of the Trustee and not on behalf of any other person or entity.

24.     No agreement or understanding exists between Attias & Levy and any other person for sharing compensation received in connection with this case nor has any other person or entity agreed to provide Attias & Levy with compensation for the legal services described herein.

25.  This Court is authorized by SIPA to award to the attorneys for a SIPA Trustee "reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred." SIPA § 78eee(b)(5)(A), SIPA also permits interim allowances to the attorneys for a SIPA Trustee, Id.

26.  Pursuant to § 78eee(b)(5)(E) of SIPA, allowances granted by this Court are to be charged against the general estate as a cost of administration. If the general estate is insufficient to pay such allowances in whole, or in part, SIPC shall advance any necessary funds for such payment. SIPA § 78eee(b)(5)(E). Section 78eee(b)(5)(C) of SIPA provides that SIPC shall file a recommendation with regard to the allowance of fees and reimbursement of expenses requested by this Application, and that this Court shall place considerable reliance on the recommendation of SIPC. SIPA § 78eee(b)(5)(C). SIPC's recommendation shall be filed with this Court separately.

WHEREFORE, Attias & Levy respectfully requests that this Court enter an Order

    a.    Granting this Application;

    b.    Allowing payment to Attias & Levy for interim compensation of legal fees, after (a) a reduction of approximately 17% (in the amount of £2,300.00 GBP) and (b) a holdback of 20% (in the amount of £2,248.00 GBP) pending final approval of Attias & Levy's fees in this case, in the aggregate amount of £8,992.00 GBP (approximately US$14,475.32) for professional services rendered to the Trustee from 13th March 2009 through 30th April 2009;

    c.    Allowing payment to Attias & Levy in the amount of £211 GBP (approximately US$339.67) for reimbursement of expenses incurred by Attias & Levy from 13th March 2009 to 30th April 2009; and

    d.    Granting Attias & Levy such other and further relief as this Court deems just and

proper.

Dated:  July 17, 2009            Respectfully submitted,

ATTIAS & LEVY

By: <u>*/s/  Keith Azopardi*</u>

    Attias & Levy
    First Floor Suites
    39 Irish Town
    P.O. Box 466
    Gibraltar
    Telephone: +350 200 72150
    Facsimile: +350 200 74986

    *Special Counsel to Irving H. Picard, Esq.*
    *Trustee for the Substantively Consolidated*
    *SIPA Liquidation of Bernard L. Madoff*
    *Investment Securities LLC*
    *And Bernard L. Madoff*