**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant.<br><br>In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | Adv. Pro. No. 08-1789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |

**APPLICATION FOR INTERIM ALLOWANCE OF FEES AND
REIMBURSEMENT OF EXPENSES OF EUGENE F. COLLINS AS
<u>SPECIAL COUNSEL FOR THE TRUSTEE</u>**

Barry O'Neill, together with other members and associates at the law firm of Eugene F. Collins ("EFC"), special counsel to Irving H. Picard, ("Trustee"), Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("Debtor") under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78eee(b)(3) ("SIPA"), submits this Application for Interim Allowance of Fees and Reimbursement of Expenses (the "Application") for compensation of legal fees in the amount of €58,883.60 (approximately US$81,871.76) and reimbursement of expenses and outlay in the amount of €18,837.94 (approximately US$26,192.27) from February 9, 2009 through April 30, 2009 (the "Compensation Period").

EFC has agreed to a 10% reduction of its fees. EFC has also agreed to a 20%

holdback to be requested at a later date. The total amount of fees incurred prior to the 10% discount and the 20% holdback was €88,703.89 (approximately US$123,333.88). After the 10% reduction in the amount of €8,870.39 (approximately US$12,333.39), the total amount of fees incurred by EFC was €79,833.50 (approximately US$111,000.49). EFC also agreed to a one time discount of €6,229.00 (approximately US$8,660.80), bringing the total fees requested to €73,604.50 (US$102,339.69). EFC expended a total of 237.2 hours in connection with this case, resulting in an hourly blended rate of €310.30 (approximately US$431.45). After the 20% holdback, the total amount of fees requested at this time is €58,883.60 (approximately US$81,871.76).

**In support of this Application, EFC respectfully represents as follows:**

### I. BACKGROUND

1.      By the Order dated December 15, 2008, entered by the Honourable Louis A. Stanton of the United States District Court for the Southern District of New York, the Trustee was appointed as trustee for the liquidation of the business of the Debtor. The Trustee has retained Baker & Hostetler as his primary counsel. However, the Trustee has retained EFC as Special Foreign Counsel to assist the Trustee in Ireland in representing the Trustee in the following legal proceedings before the Irish High Court:

(i)     The High Court - Record No. 2009/608 P - Thema International Fund plc. v. HSBC Securities Services (Ireland) Limited and HSBC Institutional Trust Services (Ireland) Limited.

(ii)    The High Court – Record No. 2009/609 P - AA (Alternative Advantage) plc. v. HSBC Securities Services (Ireland) Limited and HSBC Institutional Trust

2

    Services (Ireland) Limited.

(iii)    The High Court – Record No. 2009/960 P - Fortis Prime Fund Solutions Custodial Services (Ireland) Limited v. HSBC Securities Services (Ireland) Limited and Defender Limited.

(iv)    The High Court – Record No. 2009/656 S - Consulnor Gestion SGIIC SA v. Optimal Multiadvisors Ireland plc.

(v)    And such other matters as may arise.

### EFC's Efforts to Date

2.    On February 23, 2009, this Court entered an order approving the Trustee's motion for authority to retain EFC as Special Foreign Counsel to the Trustee *nunc pro tunc* as of February 9, 2009. Beginning on February 9, 2009, EFC has served as Special Foreign Counsel for the Trustee in Ireland. EFC has focused its efforts toward monitoring and seeking to participate (to a limited extent) in the various proceedings before the Irish High Court with a view to obtaining further information and, in particular, to considering his position in relation to these proceedings.

### EFC's Fee Arrangement

3.    The Trustee's motion to retain EFC established a fee arrangement pursuant to which EFC agreed to a fee reduction in the amount of 10% as well as an additional holdback of fees in the amount of 20%.

### II.    SERVICES RENDERED BY EFC

4.    Beginning on February 9, 2009, EFC has served as special counsel to the Trustee.

5. During the Compensation Period, EFC has focused its efforts toward monitoring and seeking to participate (to a limited extent) in certain proceedings before the Irish High Court with a view to obtaining further information and, in particular, to considering his position in relation to these proceedings.

6. EFC has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to ensure that all work has been undertaken at the appropriate level.

7. From February 9, 2009 through April 30, 2009, EFC provided a total of 237.2 hours of legal services to the Trustee in this case. A list of the attorneys from EFC who worked on the matter, the hours billed, and the rates applicable is detailed on Exhibit A.

8. Descriptions of the tasks performed during the time period covered by this Application are set forth below.

9. EFC also seeks reimbursement of expenses incurred during the Compensation Period in the amount of €18,837.94 (approximately US$26,192.27) as detailed on Exhibit B attached hereto.

10. The legal services performed on behalf of the Trustee during the Compensation Period are as follows:

**Thema International Fund plc. v. HSBC Securities Services (Ireland) Limited and HSBC Institutional Trust Services (Ireland) Limited**

**AA (Alternative Advantage) plc. v. HSBC Securities Services (Ireland) Limited and HSBC Institutional Trust Services (Ireland) Limited**

11. During the Compensation Period, EFC closely monitored both sets of proceedings before the Commercial Division of the Irish High Court.

4

12. EFC worked closely with the Trustee and Lovells LLP as counsel to the Trustee regarding issues arising in the Irish proceedings. EFC reviewed all pleadings and associated documentation filed in the Irish proceedings and instructed and consulted with junior and senior barristers in relation to the proceedings. EFC corresponded with and liaised with the Irish lawyers acting on behalf of Thema, AA and HSBC respectively and, in particular, in relation to the application of the Trustee's principles in respect of unissued subscription monies the subject of the proceedings. EFC corresponded with the Irish lawyers acting on behalf of HSBC and raised queries to enable the Trustee to clarify his position in relation to the monies held in HSBC's Custody and Redemption Accounts. EFC attended hearings before the Irish High Court on 10th February 2009, 12th March 2009, 13th March 2009 and 23rd March 2009 in relation to both sets of proceedings and assisted the Trustee in preparing a statement to the Irish High Court as regards the Trustees' rights and interests in relation to redemption monies.

13. EFC devoted a total of 137.7 hours of professional time in connection with these services.

**Fortis Prime Fund Solutions Custodial Services (Ireland) Limited v. HSBC Securities Services (Ireland) Limited and Defender Limited**

14. During the Compensation Period, EFC monitored the Fortis proceedings before the Commercial Division of the Irish High Court.

15. EFC worked closely with the Trustee and Lovells LLP as counsel to the Trustee regarding issues arising in the Irish proceedings. EFC reviewed all pleadings and associated documentation filed in the Fortis proceedings and instructed and consulted with a junior barrister in relation to the proceedings. EFC advised the Trustee in

5

relation to his entitlement to obtain copies of all pleadings filed in the Fortis proceedings. EFC corresponded with and liaised with the Irish lawyers acting on behalf of Fortis and HSBC respectively and, in particular, in relation to the application of the Trustee's principles in respect of unissued subscription monies the subject of the proceedings. EFC attended hearings before the Irish High Court on 23rd February 2009, 9th March 2009 and 16th March 2009 in relation to the proceedings.

16.     EFC devoted a total of 59.2 hours of professional time in connection with these services.

**Consulnor Gestion SGIIC SA v. Optimal Multiadvisors Ireland plc**

17.     During the Compensation Period, EFC monitored the Consulnor proceedings before the Commercial Division of the Irish High Court.

18.     EFC worked closely with the Trustee and Lovells LLP as counsel to the Trustee regarding issues arising in the Irish proceedings. EFC instructed and consulted with a junior barrister in relation to the proceedings. EFC formally requested copies of all pleadings filed to date in the proceedings to enable the Trustee determine the extent of his interest in the proceedings and to allow him fully consider his position. EFC advised the Trustee in relation to his entitlement to obtain copies of all pleadings filed in the Consulnor proceedings. EFC attended a hearing before the Irish High Court on 19th March 2009 in relation to the proceedings and made an application to the Court for directions in relation to the provision of documentation to the Trustee. EFC also attended the substantive hearing of the proceedings on 19th March 2009, 20th March 2009 and 27th March 2009.

19.     EFC devoted a total of 33.2 hours of professional time in connection with

these services.

### Other matters arising

20. During the Compensation Period, EFC advised Lovells LLP in relation to the enforceability of a US preference judgment against an insolvent fund in Ireland. EFC also advised the Trustee in relation to the availability of interlocutory relief in aid of proceedings that have been instituted in a foreign jurisdiction and where there are assets relevant to the dispute in Ireland.

21. EFC devoted a total of 7.1 hours of professional time in connection with these services.

### III. EXPENSES INCURRED BY EFC

22. EFC incurred out-of-pocket expenses in connection with its representation of the Trustee in this case. In addition, EFC engaged the services of senior and junior barristers. An itemized list of these expenses and barristers' fees is detailed on **Exhibit B** attached hereto. The total amount of expenses and barristers' fees for which EFC seeks reimbursement is €18,837.94 (approximately US$26,192.27).

### IV. GENERAL MATTERS

23. All of the professional services for which compensation is requested herein were performed by EFC for and on behalf of the Trustee and not on behalf of any other person or entity.

24. No agreement or understanding exists between EFC and any other person for sharing compensation received in connection with this case nor has any other person or entity agreed to provide EFC with compensation for the legal services described herein.

25.  This Court is authorized by SIPA to award to the attorneys for a SIPA Trustee "reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred." SIPA § 78eee(b)(5)(A). SIPA also permits interim allowances to the attorneys for a SIPA Trustee. Id.

26.  Pursuant to § 78eee(b)(5)(E) of SIPA, allowances granted by this Court are to be charged against the general estate as a cost of administration. If the general estate is insufficient to pay such allowances in whole, or in part, SIPC shall advance any necessary funds for such payment. SIPA § 78eee(b)(5)(E). Section 78eee(b)(5)(C) of SIPA provides that SIPC shall file a recommendation with regard to the allowance of fees and reimbursement of expenses requested by this Application, and that this Court shall place considerable reliance on the recommendation of SIPC. SIPA § 78eee(b)(5)(C). SIPC's recommendation shall be filed with this Court separately.

WHEREFORE, EFC respectfully requests that this Court enter an Order

a.  Granting this Application;

b.  Allowing payment to EFC for interim compensation of legal fees, after (a) a reduction of 10% (in the amount of €8,870.39, or approximately US$12,333.39), (b) a one time discount of €6,229.00 (approximately US$8,660.80), and (c) a holdback of 20% (in the amount of €14,720.90, or approximately US$20,467.94) pending final approval of EFC's fees in this case, in the aggregate amount of €58,883.60 (approximately US$81,871.76) for professional services rendered to the Trustee from February 9, 2009 through April 30, 2009;

c.  Allowing payment to EFC in the amount of €18,837.94 (approximately US$26,192.27) for reimbursement of expenses incurred by EFC

8

from February 9, 2009 through April 30, 2009; and

d.   Granting EFC such other and further relief as this Court deems just and proper.

                                                  Respectfully submitted,

Dated: July 17, 2009                            EUGENE F. COLLINS, SOLICITORS

                                                BY: */s/ Barry O'Neill*

                                                    Mr. Barry O'Neill
                                                  EUGENE F. COLLINS
                                                  Temple Chambers
                                                  3 Burlington Road
                                                  Dublin 4
                                                  Ireland
                                                  +353 (1) 202 6400