**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-1789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

## APPLICATION FOR INTERIM ALLOWANCE
## OF FEES AND REIMBURSEMENT OF EXPENSES OF LOVELLS LLP
## <u>AS SPECIAL COUNSEL FOR THE TRUSTEE</u>

Christopher Grierson, together with other members and associates at the international law firm of Lovells LLP (collectively, **"Lovells"**), Special Counsel for Irving H. Picard, trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC (the **"Trustee"** and the **"Debtor"** respectively) under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa <u>et</u> <u>seq</u>. (**"SIPA"**), submits this Application for Interim Allowance of Fees and Reimbursement of Expenses (the **"Application"**) for compensation of legal fees in the amount of £465,611.04 (approximately US$749,540.65) and reimbursement of expenses in the amount of £16,782.50 (approximately US$27,016.47) incurred from January 15, 2009, through April 30, 2009 (the **"Compensation Period"**).

Pursuant to its retainer agreement with the Trustee, Lovells agreed to a 10% reduction to its standard hourly rates. The total value of the fees incurred during the Compensation Period, prior to the application of any discount, was £754,110.00 (approximately

US$1,213,966.20).    The total amount for which Lovells seeks payment is £582,013.80 (approximately US$936,925.81).    This in fact reflects an overall discount of approximately 23%, as Lovells has not proposed charging in respect of all time incurred.  As instructed by Baker & Hostetler LLP, Lovells has also applied a 20% "holdback".  As such, this Application is for compensation of legal fees in the amount of £465,611.04 (approximately US$749,540.65) and Lovells will seek payment of the balance of £116,402.76 (approximately US$187,385.16) for the Compensation Period at a later date.

During the Compensation Period, Lovells expended a total of 1,232.40 hours in connection with this case, resulting in a blended hourly rate of approximately £472 (approximately US$759.83).

In support of this Application, Lovells respectfully represents as follows:

## I.    <u>BACKGROUND</u>

1.    On December 15, 2008, the United States District Court for the Southern District of New York (the **"District Court"**), upon an application filed on the same date by the Securities Investor Protection Corporation (**"SIPC"**), entered an order appointing Irving H. Picard as Trustee (the **"Decree Order"**).

2.    The Debtor's liquidation was removed to this Court pursuant to SIPA § 78eee(b)(4) and, to the extent consistent with the provisions of SIPA, is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code pursuant to SIPA § 78fff(b).

### *Lovells' Efforts to Date*

3.    On February 18, 2009, this Court entered an order approving the Trustee's motion for authority to retain Lovells as Special Counsel to the Trustee *nunc pro tunc* as of January 15, 2009.  Lovells' advice since that date has been focussed on issues arising in

England, including in particular the relationship between the Trustee and the Joint Provisional Liquidators (the **"JPLs"**) of Madoff Securities International Limited (**"MSIL"**), and the strategy to be adopted by the Trustee in relation to evidence, assets and legal proceedings outside the United States (whether in England or other common law jurisdictions with legal systems closely modelled on English law).

4.       This Application demonstrates how Lovells has helped to advance the SIPC liquidation proceeding of the Debtor.

### *Lovells' Fee Arrangement*

5.       The Trustee's motion to retain Lovells established a fee arrangement pursuant to which Lovells agreed to a fee reduction in the amount of 10%.  Lovells has since agreed to an additional "holdback" of fees in the amount of 20%.

## II.    SERVICES RENDERED BY LOVELLS

6.       From the outset, Lovells has been mindful of the need to avoid undue legal fees in this case, and has taken all reasonable steps to provide cost-effective representation, while rendering services with the highest degree of skill and professionalism.

7.       Lovells has made every effort to avoid unnecessary duplication, and has deployed a core team of just three attorneys.  Given the nature and complexity of the issues with which Lovells has been dealing, that team has comprised two partners and one senior associate.

8.       Where additional attorneys have needed to be involved, Lovells has not proposed charging for any time spent by the relevant attorney reading in.   Lovells has also not proposed charging for any work performed by its New York office, or for general monitoring of press reports and developments in relation to the SIPC liquidation proceedings and other related proceedings in the United States.

9.     During the Compensation Period, Lovells provided a total of 1,232.40 hours of legal services to the Trustee.  The total value of the fees incurred, prior to the application of any discount, was £754,110.00 (approximately US$1,213,966.20).   The total amount for which Lovells seeks payment is £582,013.80 (approximately US$936,925.81).   Although a discount of 10% was agreed at the outset of Lovells' retainer, this in fact reflects an overall discount of approximately 23%.  This is because, as noted above, Lovells has not proposed charging in respect of all time recorded to the file.

10.     As instructed by Baker & Hostetler LLP, Lovells has also applied a 20% "holdback".  As such, this Application is for compensation of legal fees in the amount of £465,611.04 (approximately US$749,540.65) and Lovells will seek payment of the balance of £116,402.76 (approximately US$187,385.16)   for the Compensation Period at a later date.

11.     A breakdown of the total number of hours performed by each Lovells fee-earner is set out in **Exhibit A** attached hereto.  A summary is also provided below of the principal categories of work performed by Lovells.

12.     In addition to the legal fees, Lovells also seeks reimbursement of expenses in the amount of £16,782.50 (approximately US$27,016.47).   A breakdown of the expenses is set out in **Exhibit B** attached hereto

13.     The principal categories of work performed on behalf of the Trustee during the Compensation Period are as follows:

### *UNCITRAL Model Law*

14.     Lovells provided advice regarding the scope for recognition of the Trustee in England under the Cross-Border Insolvency Regulations 2006 (**"CBIR"**), which enact into English law the UNCITRAL Model Law on Cross-Border Insolvency.  This included detailed advice regarding the requirements and procedure under the CBIR, and the preparation of an

application, together with supporting evidence, to the High Court of Justice. That application was heard on February 27, 2009, when an order for the recognition of the Trustee was made.

### Litigation Strategy

15.    Lovells provided extensive advice regarding the strategy to be adopted by the Trustee in relation to pending legal proceedings, feeder funds, custodian/depositary banks, and redemption and subscription monies located outside the United States. This included advice regarding the substantive claims, remedies and relief which may be available to the Trustee under English law (and/or in other common law jurisdictions).

### Coordination with the JPLs

16.    Lovells worked closely with the JPLs, and their representatives in England (Grant Thornton UK LLP and Dundas & Wilson LLP), to develop protocols for cooperation between the estate of the Debtor and the estate of MSIL. This Court has since entered an order approving those protocols (on June 9, 2009). Lovells was also closely involved in the development of a legal framework for the exchange of documentation and data between the two estates. In particular, Lovells provided advice regarding the impact of the UK Data Protection Act 1998, and the formulation of an application by the JPLs to sanction the export of data to the Trustee in the United States. That application was ultimately made on February 27, 2009.

### Evidence Gathering

17.    Lovells provided advice regarding the Trustee's powers to gather evidence and conduct interviews in England pursuant to the CBIR (as well as in other common law jurisdictions). Lovells also assisted with issues arising in connection with interviews proposed to be conducted by the JPLs pursuant to their statutory powers under the UK Insolvency Act 1986. This entailed close liaison with the JPLs and their representatives (Grant Thornton UK LLP and Dundas & Wilson LLP).

### Law Enforcement Agencies

18.    Lovells provided advice and assistance in connection with liaison between the Trustee and law enforcement agencies, including the Serious Fraud Office, in the United Kingdom, and the flow of information between, on the one hand, the Trustee and the JPLs and, on the other hand, law enforcement agencies in both the United States and the United Kingdom.

### Overseas Counsel

19.    Lovells assisted the Trustee to identify and retain local counsel in a number of overseas jurisdictions, including the Republic of Ireland, Gibraltar, Luxembourg, the Cayman Islands, Bermuda, and the British Virgin Islands.  In the majority of these jurisdictions, where the legal system is closely modelled on English law, Lovells then worked closely with the overseas lawyers retained by the Trustee in order to ensure the highest quality of advice, and consistency of approach, for the Trustee.

### Ireland

20.    In Ireland, Lovells worked closely with Eugene F. Collins in relation to various legal proceedings pending before the Irish High Court of Justice involving a number of different feeder funds and custodian/depositary banks.  Lovells played a key role in the development of the Trustee's strategy in relation to those proceedings as well as, more generally, proceedings in relation to redemption and/or subscription monies held outside the United States.

### Caribbean

21.    Lovells provided detailed advice regarding both pending and threatened legal proceedings in Bermuda and the Cayman Islands (working, respectively, with local firms Williams Barristers & Attorneys and Higgs Johnson Truman Bodden & Co).  Lovells has

provided detailed advice to the Trustee regarding the different relief which may be available
to the Trustee in those, and other common law, jurisdictions.

### *Luxembourg*

22.    Following the engagement of local counsel in Luxembourg, Maître Franz
Schiltz of Schiltz et Schlitz, Lovells worked closely with Maître Schlitz to obtain information
and advice for the Trustee regarding issues arising in Luxembourg (including pending legal
proceedings in Luxembourg and action taken by the Luxembourg regulator, the CSSF, in
relation to funds affected by the Madoff fraud).

### *French Assets*

23.    Lovells provided advice and assistance in connection with the Trustee's efforts
to investigate and, if appropriate, secure Madoff-related assets in France.

### *Investigations*

24.    Lovells provided advice and assistance in connection with investigations being
conducted by the Trustee and his representatives outside the United States, and particularly in
connection with the relationships and dealings between the Debtor and MSIL.  This entailed
close liaison with both FTI Consulting, Inc. (and its associates and affiliates) and the JPLs'
representatives (Grant Thornton UK LLP and Dundas & Wilson LLP).

25.    Finally, throughout the Compensation Period, Lovells participated in extensive
conference calls and discussions with representatives of the Trustee, including Baker &
Hostetler LLP, and FTI Consulting, Inc. (and its associates and affiliates).

### III.    EXPENSES INCURRED BY LOVELLS

26.    Lovells has incurred out-of-pocket expenses in connection with its
representation of the Trustee in this case.  An itemized list of those expenses incurred during

the Compensation Period is provided in **Exhibit B** attached hereto.  The total amount of the expenses is £16,782.50 (approximately US$27,016.47).

27.    The principal out-of-pocket expenses incurred by Lovells were the professional fees of Mr Robin Dicker QC, a leading insolvency barrister retained to represent the Trustee at the recognition application on February 27, 2009, and who has also provided specialist advice and expertise in relation to other issues with which Lovells has been dealing.  It is standard practice in England to engage the services of a specialist barrister in this way.

28.    Lovells usually charges its clients £0.20 per page for photocopying and printing.  In this case, as not all copying and printing has been charged, the effective rate is approximately £0.16 per page.

29.    Lovells has also not charged all other out-of-pocket expenses incurred during the Compensation Period.  Nevertheless, where amounts have been charged in respect of telephone conferencing, Court transcription services, LexisNexis research facilities, taxis, Court fees, and press advertisements (in relation to the recognition order pursuant to the CBIR), these reflect the out-of-pocket expenses incurred by Lovells.

## IV.    GENERAL MATTERS

30.    All of the professional services for which compensation is requested herein were performed by Lovells for and on behalf of the Trustee and not on behalf of any other person or entity.

31.    No agreement or understanding exists between Lovells and any other person for sharing compensation received in connection with this case nor has any other person or entity agreed to provide Lovells with compensation for the legal services described herein.

32.    This Court is authorized by SIPA to award to the attorneys for a SIPA Trustee "reasonable compensation for services rendered and reimbursement for proper costs and

expenses incurred." SIPA § 78eee(b)(5)(A). SIPA also permits interim allowances to the attorneys for a SIPA Trustee. Id.

33.    Pursuant to § 78eee(b)(5)(E) of SIPA, allowances granted by this Court are to be charged against the general estate as a cost of administration. If the general estate is insufficient to pay such allowances in whole, or in part, SIPC shall advance any necessary funds for such payment. SIPA § 78eee(b)(5)(E). Section 78eee(b)(5)(C) of SIPA provides that SIPC shall file a recommendation with regard to the allowance of fees and reimbursement of expenses requested by this Application, and that this Court shall place considerable reliance on the recommendation of SIPC. SIPA § 78eee(b)(5)(C). Lovell's expects that SIPC's recommendation shall be filed with this Court separately.

WHEREFORE, Lovells respectfully requests that this Court enter an Order

a.    Granting this Application;

b.    Allowing payment to Lovells for interim compensation of legal fees after (a) a reduction of 23% (in the amount of £172,096.20, or approximately US$277,040.46) and (b) a holdback of 20% (in the amount of £116,402.76, or approximately US$187,385.16) pending final approval of Lovells' fees in this case, in the aggregate amount of £465,611.04 (approximately US$749,540.65) for professional services rendered to the Trustee from January 15, 2009 through April 30, 2009;

c.    Allowing payment to Lovells in the amount of £16,782.50 (approximately US$27,016.47) for reimbursement of expenses incurred by Williams from January 15, 2009 through April 30, 2009; and

d.    Granting Lovells such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: July 17, 2009

LOVELLS

By: */s/  Christopher Grierson*
Lovells LLP
Atlantic House
Holborn Viaduct
London EC1A 2FG
Telephone: +44 (0) 20 7296 2000
Fax: +44 (0) 20 7296 2001

*Special Counsel to the Trustee*