UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant.<br><br>In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | Adv. Pro. No. 08-1789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |

### APPLICATION FOR INTERIM ALLOWANCE OF FEES AND REIMBURSEMENT OF EXPENSES OF WILLIAMS, BARRISTERS & ATTORNEYS AS SPECIAL COUNSEL FOR THE TRUSTEE

Williams, Barristers & Attorneys ("Williams"), as Bermuda Special counsel to Irving H. Picard (the "Trustee") as Trustee for the liquidation of Bernard L. Madoff Investment Securities LLC. ("Debtor" or "BLMIS"), for its first application (the "Application") for an order pursuant to section 78eee(b)(5) of the Securities Investor Protection Act ("SIPA"), 15 U.S.C.§ 78eee(b)(5),[1] sections 330 and 331 of the Bankruptcy Code, Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), allowing and awarding interim compensation for services performed by Williams for the period commencing January 15, 2009 through and including April 30, 2009 (the "Compensation Period") and reimbursement of Williams' actual and necessary expenses (hereinafter also referred to as "disbursements and costs") incurred during the Compensation Period, respectfully represents:

---

[1] References hereinafter to provisions of SIPA shall omit "15 U.S.C."

## BACKGROUND

1. On December 15, 2008, the United States District Court for the Southern District of New York (the "District Court"), upon an application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order appointing Irving H. Picard as Trustee (the "Decree Order").

2. The Debtor's liquidation was removed to this Court pursuant to SIPA § 78eee(b)(4) and, to the extent consistent with the provisions of SIPA, is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code pursuant to SIPA § 78fff(b).

3. On April, 21 2009, the Court entered the Order Authorizing the Trustee to Retain Williams, Barristers & Attorneys as Special Counsel to the Trustee Nun Pro Tunc as of January 15, 2009 (Docket No. 170) (the "Williams Appointment Order")

## COMPENSATION REQUESTED

4. At SIPC's request, Williams' fees in this case reflect a 12.5% public interest discount from Williams' standard rates, which discount amounts to approximately US$19,000. Williams has also given a 20% one time further discount on its total fees billed during the compensation period of approximately $37,066.75. The total value of the fees incurred during the Compensation Period was $166,238.25. The total amount for which Williams seeks payment is US$132,990.60. As instructed by Baker & Hostetler LLP, Williams has also applied a 20% "holdback". As such, this Application is for compensation of legal fees in the amount of US$106,392.48 and Williams will seek payment of the balance of US$26,598.12 at a later date.

5. Williams expended 263.97 hours in the rendition of professional and paraprofessional services on behalf of the Trustee during the Compensation Period, resulting in a blended hourly rate of US$503.81. **Exhibit A** annexed hereto is a breakdown of the total number of hours performed by each Williams fee-earner.

6. There is no agreement or understanding between Williams and any other person, other than members of the Williams firm and counsel identified in this matter, for sharing of compensation to be received for services rendered in this case.

7.     To the extent that time or disbursement charges for services rendered or disbursements and costs incurred relate to the Compensation Period, but were not classified or processed prior to the preparation of this Application, Williams reserves the right to request additional compensation for such services and reimbursement of such disbursements and costs in a future application.

## SUMMARY OF SERVICES

8.     A SIPA proceeding contemplates liquidation of the business of the broker-dealer, with special provisions regarding "customer" assets. Williams' services relate principally to the Bermudian aspects of the liquidation of the international enterprise that was BLMIS, certain funds with monies in the Islands of Bermuda, efforts to monies (the "monies") which emanated from BLMIS and were paid into accounts at a certain Bermuda Bank as well as advice in relation to prospective protective steps to protect the monies, advice and certain legal actions and positions taken in relation to a variety of claims and applications made in and brought before the Bermuda Courts by purported investors and other parties, in relation to the monies.

9.     In particular, Williams, has devoted substantial time to coordinating with Baker & Hostetler LLP and Lovells LLP, U.K. counsel for the Trustee, as well as U.K. Queen's Counsel for the Trustee regarding the many other Madoff-related insolvency proceedings around the globe and in particular in the Caribbean and other common law jurisdictions. Williams has also been involved in the advising the Trustee upon the appropriate steps to be taken by him in connections with the liquidation of certain funds in the British Virgin Islands.

10.    Williams provided extensive advice to the Trustee regarding the Bermuda court's ability to recognize the Trustee and his claims to monies held in by a fund at a bank in Bermuda, as well as the strategy to be adopted by the Trustee in relation to various Bermudian proceedings.

11.    Williams assisted the Trustee in further investigations in Bermuda regarding various entities and researched and advised the Trustee regarding legal strategies with respect to the certain funds. Williams also aided the Trustee's investigation by liaising with counsel for these entities and with Bermudian authorities.

12.    Williams has been cognizant throughout the Compensation Period that its efforts, as with the efforts of professionals in other SIPA proceedings, bear on the public

3

interest. Accordingly, Williams has remained sensitive to SIPC requirements as they impact upon its role in the liquidation, and has consulted with the Trustee, Baker & Hostetler LLP, Queen's Counsel and Lovells LLP wherever necessary in that respect.

### ACTUAL AND NECESSARY
### DISBURSEMENTS AND COSTS INCURRED BY WILLIAMS

13. Williams has incurred disbursements and costs in providing professional services during the Compensation Period in the amount of $19,593.75. The disbursements and costs include charges in respect of printing, photocopying, standard-rate overtime, company search fees and courier fees incurred in the course of working on this matter. These charges reflect Williams' direct operating costs in all cases. In view of the inherently international nature of this case, frequent long distance telephone calls and conference call services have been necessary. These costs disbursements and expenses are summarized on **Exhibit B** to this application.

14. The actual disbursements and costs incurred in providing professional services were necessary, reasonable and justified under the circumstances to serve the needs of the estate, its customers and creditors.

### WILLIAMS' REQUEST FOR INTERIM
### COMPENSATION SHOULD BE GRANTED

15. Williams may submit applications to the Court for compensation for services rendered and reimbursement for disbursements and costs during the course of the liquidation, which may be done on an interim basis. SIPA §§ 78eee(b)(5)(A)-(B). Whenever an application for compensation and reimbursement of disbursements and costs is filed, SIPC shall file its recommendation with respect to such fees and disbursements with the Court prior to the hearing on such application. Id. at § 78eee(b)(5)(C).

16. Williams submits that its request for interim allowance of compensation is reasonable and complies with the provisions of the Bankruptcy Code governing applications for compensation and reimbursement of expenses, pursuant to section 78eee(b)(5) of SIPA.

17. With respect to this Application, Williams requests that consistent with section 78eee(b)(5)(C) of SIPA, the Court "shall award the amounts recommended by SIPC." See, In re Bell & Beckwith, 112 B.R. 876 (Bankr. N.D. Ohio 1990). Williams expects that SIPC will file

4

its recommendation to the Court with respect to this Application prior to the hearing, currently scheduled for August 6, 2009.

18. In the instant case, Williams respectfully submits that the services for which it seeks compensation in this Application, as highlighted above, at the time rendered, were believed to be necessary for and beneficial to BLMIS' estate, customers, creditors and other parties-in-interest. Williams further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to these constituencies. In sum, the services rendered by Williams were necessary and beneficial and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. Accordingly, approval of the compensation sought herein is warranted.

## CONCLUSION

WHEREFORE, Williams respectfully submits that the services rendered during the Compensation Period and accomplishments to date merit the approval of the fees and disbursements and costs requested herein, and respectfully requests that the Court enter Orders as follows: (i) allowing US$132,990.60 as an interim payment to Williams for professional services rendered by Williams during the Compensation Period; (ii) allowing payment to Williams in the amount of $19,593.75 for actual and necessary disbursements and costs incurred by Williams in connection with the rendition of such services during the Compensation Period; and (iii) granting Williams such other and further relief as the Court may deem just and proper.

Dated: July 17, 2009

WILLIAMS, Barristers & Attorneys

By: */s/ Justin Williams*

Williams, Barristers & Attorneys
LOM Building
27 Reid Street
Hamilton
Bermuda
Telephone: +1-441-536-0000
Facsimile: +1-441-2954720
Email: law@williams.bm

*Bermuda Counsel for Irving H. Picard, Trustee for the SIPA Liquidation of Bernard L. Madoff Investment Securities LLC*