**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant.<br><br>In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | Adv. Pro. No. 08-1789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |

**APPLICATION FOR FIRST INTERIM ALLOWANCE
OF FEES AND EXPENSES OF FRANZ SCHILTZ
<u>AS SPECIAL COUNSEL FOR THE TRUSTEE</u>**

Franz Schiltz, together with other members and associates at the law firm of Schiltz & Schiltz which has his offices in Luxembourg (collectively, "Schiltz"), special counsel for Irving H. Picard (the "Trustee"), Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC (BLMIS) under the Securities Investor Protection Act U.S.C. §§ 78aaa et seq. ("SIPA"), submits this Application for Interim Allowance of Fees of Expenses (the "Application") for compensation of legal fees in the amount of € 36.464,68 (approximately US$50,700.49) and expenses in the amount of € 2.962,75 (approximately US$4,119.41) from March 3, 2009 through April 30, 2009.

Pursuant to its current fee arrangement with the Securities Investor Protection Corporation ("SIPC"), Schiltz has agreed to a 10% reduction of its

1

normally applied hourly rates. Schiltz also agrees to a 20% holdback on his fees for March and April 2009 to be requested at a later date. The total amount of fees incurred in application of the reduced hourly rates but prior to the 20% holdback was € 45.580,84 (approximately US$63,375.60). From this number, Schiltz deducted a 20% holdback in the amount of € 9.116,16 (approximately US$12,675.11) to be requested at a later date. Schiltz expended a total of 141 hours in connection with this case, resulting in an average hourly rate (on the basis of the reduced hourly rates), of € 323,27 (approximately US$449.47).

**In support of this Application, Schiltz respectfully represents as follows:**

## I. BACKGROUND

1. On December 11, 2008, the Securities and Exchange Commission filed a complaint in the United States District Court for the Southern District of New York against defendants Bernard L. Madoff and BLMIS (together, the "Defendants") (No. 08 CV 10791). The complaint alleged that the Defendants engaged in fraud through investment advisor activities of BLMIS.

2. On December 12, 2008, the Honorable Louis L. Stanton of the United States District Court for the Southern District of New York entered an order which appointed Lee S. Richards, Esq., as receiver.

3. On December 15, 2008, Judge Stanton entered an order pursuant to SIPA, which, in pertinent part::

   a) appointed the Trustee for the liquidation of the business of BLMIS pursuant to section 78eee(b)(3) of SIPA;

   b) appointed Baker & Hostetler, LLP as counsel ("Counsel") to the

2

Trustee pursuant to section 78eee(b)(3) of SIPA; and

c) removed the case to this Bankruptcy Court pursuant to section 78eee(b)(4) of SIPA.

*Schiltz's Efforts to Date*

4. On April 14, 2009, this Court entered an order approving the Trustee's motion for authority to retain Schiltz as special counsel to the Trustee. Beginning on March 3, 2009, Schiltz has served as special counsel for the Trustee. Schiltz has focused his efforts toward investigating assets held in Luxembourg, monitoring the liquidation of the Luxembourg entities Luxalpha Sicav, Herald (Lux) and Luxembourg Investment Fund, monitoring numerous cases pending before the Luxembourg Courts (requests for execution of money transfer instructions, requests for communication of documents and liability claims against various parties involved) and advising on various issues of Luxembourg law.

*Schiltz's Fee Arrangement*

5. The Trustee's motion to retain Schiltz established a fee arrangement pursuant to which Schiltz agreed to a fee reduction in the amount of 10% of its normally applied hourly rates. For his fees for March and April 2009, Schiltz also agrees to a holdback of fees in the amount of 20%.

## II. SERVICES RENDERED BY SCHILTZ

6. Beginning on March 3, 2009, Schiltz has served as special counsel for the Trustee.

7. During the period covered by this Application, Schiltz has focused his efforts toward investigating assets held in Luxembourg, monitoring the liquidation of the Luxembourg entities Luxalpha Sicav, Herald

3

(Lux) and Luxembourg Investment Fund, monitoring numerous cases pending before the Luxembourg Courts (requests for execution of money transfer instructions, requests for communication of documents and liability claims against various parties involved) and advising on various issues of Luxembourg law.

8. Schiltz has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism.

9. Schiltz has staffed this matter leanly and has endeavored to eliminate duplication of effort by giving primary responsibility of the case to one partner, Franz Schiltz.

10. From March 3, 2009 through April 30, 2009, Schiltz provided a total of 141 hours of legal services to the Trustee in this case. In application of the reduced hourly rates agreed, the total amount of fees incurred in this time period is € 45.580,84 (approximately US$63,375.60) and the average hourly rate for professional services was € 323,27 (approximately US$449.47). Schiltz has agreed to a 20% holdback of fees in the amount of € 9.116,16 (approximately US$12,675.11) resulting in the present request for compensation in the amount of € 36.464,68 (approximately US$50,700.49).

11. A Summary of the tasks performed during the time period covered by this Application is set forth below.

12. A breakdown of the total number of hours performed by each Schiltz fee-earner is set out in **Exhibit A** attached hereto.

13. Schiltz also seeks payment of its normal office expenses which

4

in this case are calculated at a rate of 6,5% (instead of 8%). For the relevant period of time these expenses amount to € 2.962,75 and are broken down by month in **Exhibit B** attached hereto.

14. The legal services performed on behalf of the Trustee during the time period covered by this Application are as follows:

*Winding-up of Luxalpha Sicav, Herald (Lux) and Luxembourg Investment Fund*

15. Schiltz has monitored the evolution of the three Luxembourg entities from their withdrawal from the official CSSF list to the winding-up decisions of the three UCI's issued by the Luxembourg Commercial Court. In this context, Schiltz has also informed and advised Counsel about the relevant liquidation rules and mechanisms of Luxembourg law applicable.

*Monitoring of numerous cases introduced and pending before the Luxembourg Courts*

16. Schiltz has also closely monitored (and informed Counsel about the evolution and outcome) of numerous cases introduced and pending before the Luxembourg Summary Courts with respect (i) to requests filed by investors for execution of money transfer instructions and (ii) to requests filed by investors for delivery of documents.

*Collecting information, advising on Luxembourg law issues and ongoing liquidation process*

17. In accordance with Counsel, Schiltz has acted in order to collect various information in order to assess potential future steps in the best interest of the global body of creditors and investors. In addition, Schiltz has advised the Trustee, via Counsel on various Luxembourg law issues of relevance and assisted in contacts with the Luxembourg liquidators in the context of the ongoing liquidation process of the various

5

Luxembourg UCI's.

*Monitoring liability claims introduced by various investors*

18. As from and of April 2009, Schiltz has begin to monitor also the various liability claims issued -in an increasing number- by investors against various entities involved.

*Request of the Luxembourg liquidators of Luxalpha Sicav and Luxembourg Investment Fund concerning transfer of funds previously held with UBS*

19. In the context of the summons to appear issued by the liquidators of Luxalpha Sicav against UBS, and upon official information notified to the Trustee by UBS, and in order to preserve the rights of the Trustee, Schiltz has made appearance before the Luxembourg Summary Court on behalf of the Trustee in the context of the request of the Luxembourg liquidators to obtain transfer to another bank of the funds previously held by Luxalpha Sicav with UBS. Concerning Luxembourg Investment Fund, Schiltz has also been active on an out of court basis in the same context.

### III. EXPENSES INCURRED BY SCHILTZ

20. Schiltz incurred office expenses in connection with his representation of the Trustee in this case. The total amount of expenses for which Schiltz seeks payment is € 2.962,75 (approximately US$4,119.41).

21. Schiltz typically charges his clients an additional amount equivalent to 8% of his fees in order to cover normal office expenses. In this case, Schiltz agreed to charge normal office expenses at a reduced rate of 6,5%.

### IV. GENERAL MATTERS

22. All of the professional services for which compensation is

6

requested herein were performed by Schiltz for and on behalf of the Trustee and not on behalf of any other person or entity.

23. No agreement or understanding exists between Schiltz and any other person for sharing compensation received in connection with this case nor has any other person or entity agreed to provide Schiltz with compensation for the legal services described herein.

24. This Court is authorized by SIPA to award to the attorneys for a SIPA Trustee "reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred." SIPA § 78eee(b)(5)(A). SIPA also permits interim allowances to the attorneys for a SIPA Trustee. Id.

25. Pursuant to § 78eee(b)(5)(E) of SIPA, allowances granted by this Court are to be charged against the general estate as a cost of administration. If the general estate is insufficient to pay such allowances in whole, or in part, SIPC shall advance any necessary funds for such payment. SIPA § 78eee(b)(5)(E). Section 78eee(b)(5)(C) of SIPA provides that SIPC shall file a recommendation with regard to the allowance of fees and reimbursement of expenses requested by this Application, and that this Court shall place considerable reliance on the recommendation of SIPC. SIPA § 78eee(b)(5)(C). SIPC's recommendation shall be filed with this Court separately.

WHEREFORE, Schiltz respectfully requests that this Court enter an Order

a. Granting this Application;

b. Allowing payment to Schiltz for interim compensation of legal fees on the basis of the reduced hourly rates as agreed and, after a

7

holdback of 20% (in the amount of € 9.116,16, or approximately US$12,675.11) pending final approval of Schiltz's fees in this case, in the aggregate amount of € 36.464,68 (approximately US$50,700.49) for professional services rendered to the Trustee from March 3, 2009 through April 30, 2009;

c. Allowing payment to Schiltz in the amount of € 2.962,75 (approximately US$4,119.41) for ordinary office expenses incurred by Schiltz from March 3, 2009 through April 30, 2009; and

d. Granting Schiltz such other and further relief as this Court deems just and proper.

Dated: July __, 2009                        SCHILTZ & SCHILTZ

                                            By: /s/_____