UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-1789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |

**APPLICATION FOR INTERIM ALLOWANCE OF FEES AND REIMBURSEMENTOF EXPENSES OF HIGGS JOHNSON TRUMAN BODDEN & CO. AS SPECIAL COUNSEL FOR THE TRUSTEE**

Raymond Davern, together with other members and associates at the law firm of Higgs Johnson Truman Bodden & Co. (collectively, "HJTBCo"), special counsel for Irving H. Picard (the "Trustee"), Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa et seq. ("SIPA"), submits this Application for Interim Allowance of Fees and Reimbursement of Expenses (the "Application") for compensation of legal fees in the amount of $10,760.40 and reimbursement of expenses in the amount of $223.18 included April 1, 2009 through April 30, 2009 (the "Compensation Period").

Pursuant to its current fee arrangement with the Securities Investor Protection

1

Corporation ("SIPC"), HJTBCo has agreed to a 10% reduction of its fees. HJTBCo has also agreed to a 20% holdback to be requested at a later date. The total amount of fees incurred prior to the 10% discount and the 20% holdback was $14,945.00. After the 10% reduction in the amount of $1,494.50, the total amount of fees incurred by HJTBCo was $13,450.50. From this number, HJTBCo further deducted a 20% holdback in the amount of $2,690.10 to be requested at a later date. HJTBCo expended a total of 28.10 hours in connection with this case, resulting in a blended hourly rate, *after* the 10% discount, of $478.67.

In support of this Application, HJTBCo respectfully represents as follows:

### I. BACKGROUND

1. On 15 December 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by SIPC, entered an order (the "Decree Order") calling for the liquidation of the business of the Debtor in accordance with SIPA and by Paragraph II of the Decree Order, the Trustee was appointed as the trustee for the liquidation of the Debtor's business.

2. The Debtor's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, to the extent consistent with the provisions of SIPA, is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") pursuant to SIPA § 78fff(b).

3. Beginning on 1 April 2009, HJTBCo has served as special counsel for the Trustee.

4. On 21 April 2009, this Court entered an order approving the Trustee's motion for authority to retain HJTBCo as special counsel to the Trustee in matters pertaining to the Cayman Islands.

2

5.     The Trustee's motion to retain HJTBCo established a fee arrangement pursuant to which HJTBCo agreed to a fee reduction in the amount of 10% as well as an additional holdback of fees in the amount of 20%.

## II. SERVICES RENDERED BY HJTBCo

6.     During the Compensation Period, HJTBCo has focused its efforts on preparing an application to the Grand Court of the Cayman Islands for recognition of the Trustee's title to act on behalf of the Debtor in the Cayman Islands and on advising on the Trustee's rights and obligations under Cayman law as required.

7.     HJTBCo' Application demonstrates how HJTBCo has both added value to the Debtor's estate and has advanced the Debtor's SIPC liquidation proceeding.

8.     HJTBCo has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism. To that end, HJTBCo has staffed this matter leanly and has endeavored to eliminate duplication of effort by giving primary responsibility of the case to one associate, Raymond Davern and involving a partner, Christopher Narborough only when necessary.

9.     From 1 April 2009 through 30 April 2009, HJTBCo provided a total of 28.1 hours of legal services to the Trustee in this case. Prior to the 10% discount, the total amount of fees incurred in this time period was $14,945.00 and the total blended hourly rate for professional services was $531.85. After the 10% discount, the total amount of fees incurred is $13,450.50 and the total blended hourly rate is $478.67. HJTBCo has agreed to a further 20% holdback of fees in the amount of $2,690.10 resulting in the present request for compensation in the amount of $10,760.40.

10.    Descriptions of the tasks performed and the results therefrom during the Compensation Period are set forth below. **Exhibit A** annexed hereto provides a breakdown of the total number of hours performed by each HJTBCo fee-earner.

3

11. The legal services performed on behalf of the Trustee during the time period covered by this Application are as follows:

### *Recognition application*

12. During the Compensation Period, HJTBCo focused on preparing a petition for recognition of the Trustee by the Grand Court of the Cayman Islands together with supporting evidence, on advising in respect of rights against a Cayman hedge fund in liquidation, arranging for service of US process on the same fund and advising on rights against a fund held by a service provider to an additional Cayman hedge fund in liquidation.

13. HJTBCo worked closely with the Trustee and Baker & Hostetler LLP as counsel to the Trustee along with Lovells, Special Counsel to the Trustee in London.

14. HJTBCo devoted a total of 28.1 hours of professional time in connection with these services.

### III. EXPENSES INCURRED BY HJTBCo

15. HJTBCo incurred out-of-pocket expenses in connection with its representation of the Trustee in this case. An itemized list of these expenses is detailed on **Exhibit B** attached hereto. The total amount of expenses for which HJTBCo seeks reimbursement is $223.18.

16. HJTBCo typically charges its clients $0.50 page printed. HJTBCo does not charge for incoming faxes. Charges for telephone calls are based on the actual amounts paid by HJTBCo for those services.

### IV. GENERAL MATTERS

17. All of the professional services for which compensation is requested herein were performed by HJTBCo for and on behalf of the Trustee and not on behalf of any other person or entity.

18. No agreement or understanding exists between HJTBCo and any other

4

person for sharing compensation received in connection with this case nor has any other person or entity agreed to provide HJTBCo with compensation for the legal services described herein.

19. This Court is authorized by SIPA to award to the attorneys for a SIPA Trustee "reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred." SIPA § 78eee(b)(5)(A). SIPA also permits interim allowances to the attorneys for a SIPA Trustee. Id.

20. Pursuant to § 78eee(b)(5)(E) of SIPA, allowances granted by this Court are to be charged against the general estate as a cost of administration. If the general estate is insufficient to pay such allowances in whole, or in part, SIPC shall advance any necessary funds for such payment. SIPA § 78eee(b)(5)(E). Section 78eee(b)(5)(C) of SIPA provides that SIPC shall file a recommendation with regard to the allowance of fees and reimbursement of expenses requested by this Application, and that this Court shall place considerable reliance on the recommendation of SIPC. SIPA § 78eee(b)(5)(C). HJTBCo expects that SIPC's recommendation shall be filed with this Court separately.

WHEREFORE, HJTBCo respectfully requests that this Court enter an Order:

a. Granting this Application;

b. Allowing payment to HJTBCo for interim compensation of legal fees, after (a) a reduction of 10% (in the amount of $1,494.50) and (b) a holdback of 20% (in the amount of $2,690.10) pending final approval of HJTBCo' fees in this case, in the aggregate amount of $10,760.40 for professional services rendered to the Trustee from 1 April 2009 through 30 April 2009;

c. Allowing payment to HJTBCo in the amount of $223.18 for reimbursement of expenses incurred by HJTBCo from 1 April 2009 through April 30 2009; and

5

  d  Granting HJTBCo such other and further relief as this Court deems just and proper.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: July 17, 2009 | HIGGS JOHNSON TRUMAN BODDEN & CO. |
|  | By: */s/ Raymond Davern* |
|  | P.O. Box 866 |
|  | Anderson Square Building |
|  | Grand Cayman |
|  | KY1-1103 |
|  | Cayman Islands |
|  | Telephone: +1(345) 949-7555 |
|  | Fax: +1(345) 949-8492 |