**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
:
SECURITIES INVESTOR PROTECTION       :
CORPORATION,                         :
:
        Plaintiff-Appellant,   :   SIPA LIQUIDATION
:   (Substantively Consolidated)
    v.                            :   Adv. Pro. No. 08-10789 (BRL)
:
BERNARD L. MADOFF INVESTMENT         :
    SECURITIES, LLC,           :
:
        Defendant.             :
:
------------------------------------------------------------ x
:
In re:                               :
:
BERNARD L. MADOFF,                   :
:
        Debtor.                :
:
------------------------------------------------------------ x

**OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM**

Norman Plotnick ("Plotnick") hereby objects to the Notice of Trustee's Determination of Claim ("Determination") dated June 23, 2009, attached hereto as Exhibit A.

**BACKGROUND**

1.    Plotnick is a "customer," as defined by the Securities Investor Protection Act of 1970 ("SIPA"), of Bernard L. Madoff Investment Securities LLC ("BLMIS").

2.    On or about January 25, 2009, Plotnick filed a customer claim in this proceeding. See Exhibit B (the "Claim"). The Claim, including its reservation of rights, is incorporated herein. The Claim seeks recovery of $142,407.87, the value of the securities reflected in Plotnick's final BLMIS account statement, dated November 30, 2008. This sum constitutes the

32000/0218-5853841v2

Plotnick's "net equity" as defined in SIPA. See 15 U.S.C. § 78lll(11).

3. On December 23, 2008, this Court issued, on an ex parte basis, an order directing the Trustee to disseminate notice and claim forms to BLMIS customers and setting forth claim-filing deadlines, as well as processes by which claims were to be submitted. See Order on Application for an Entry of an Order Approving Form and Manner of Publication and Mailing of Notices, Specifying Procedures for Filing, Determination, and Adjudication of Claims; and Providing Other Relief, Docket No. 12, SIPC v. Bernard L. Madoff Inv. Sec. LLC, No. 08-01789 (Bankr. S.D.N.Y. Dec. 23, 2008) (the "Claims Procedures Order"). The Claims Procedures Order authorizes the Trustee to satisfy customer claims and deliver securities in accordance "with the Debtor's books and records." Id. at 5. The Claims Procedures Order sets forth the procedure to be followed by the Trustee when a customer's claim "disagree[s] with the Debtor's books and records." Id. at 6. The Claims Procedures Order does not address the process by which other objections are to be made.

4. On June 23, 2009, the Trustee sent Plotnick the Determination, which states that the Claim was "DENIED." Determination at 1, Ex. A. The Determination also states that "[n]o securities were ever purchased for your account" and that the amount of the Customer's allowed claim is the "balance in your BLMIS account on the Filing Date based on the amount of money you deposited with BLMIS for the purchase of securities, less subsequent withdrawals . . . ." Id., Ex. A.

5. Plotnick hereby objects to the Determination.

## GROUNDS FOR OBJECTION

**The Determination Violates SIPA.**

2

32000/0218-5853841v2

6. SIPA requires that customer "net equity" claims be allowed and paid promptly. See 15 U.S.C. § 78fff-2(b). "Net equity" is defined as the amount the debtor owes the customer, less any indebtedness of the customer to the debtor. Id. § 78lll(11). The definition of "net equity" binds the Trustee. See id. § 78ccc(b)(4)(A).

7. The Determination states that the "Claim is allowed for . . . the balance in your BLMIS account on the Filing Date based on the amount of money you deposited with BLMIS for the purchase of securities, less subsequent withdrawals . . ." Determination at 1, Ex. A.

8. The Determination is contrary to law for at least the following reasons:

   a. The Determination violates SIPA's definition of "net equity."

   b. The Determination is inconsistent with SIPA's legislative history, which requires the Trustee to meet the customer's "legitimate expectations." Neither SIPA nor its legislative history excuses the Trustee from this duty because no securities were purchased by the debtor. See, e.g., S. Rep. No. 95-763, at 2 (1978); H.R. Rep. No. 95-746, at 21.

   c. The Determination is foreclosed by SIPC's position and the Second Circuit's decision in In re New Times Sec. Servs., Inc., 371 F.3d 68 (2d Cir. 2004).

   d. The Determination is contrary to past SIPC policies and practices.

**The Determination Violates the Claims Procedures Order.**

9. The Determination does not state that the Claim "disagree[s] with the Debtor's books and records" and therefore is inconsistent with the Claims Procedures Order.

**The Determination Fails to Provide Notice.**

10. The Determination is inadequate to rebut the prima facie validity of the Claim, and fails to set forth facts and legal theories upon which it is based. See, e.g., 11 U.S.C. § 502(a); Collier on Bankruptcy ¶ 3007.01(3) (15th ed.) ("[A]n objection to a claim should . . . meet the [pleading] standards of an answer. It should make clear which facts are disputed; it

3

should allege facts necessary to affirmative defenses; and it should describe the theoretical bases of those defenses.") The Determination sets forth no valid legal basis for disallowing the Claim in any respect. Although the Determination states that (1) "[n]o securities were ever purchased for your account," and (2) describes the Trustee's basis for calculating the amount set forth in the Determination, neither has any basis in law for disallowing the Claim nor explains the reason(s) for the Determination.

**There is No Basis for Avoidance.**

11.  To the extent the Determination is based upon any alternative valuation or avoidance theory, there is no basis in law for the Determination.

**The Trustee Cannot Demand Execution of a "Partial Assignment and Release."**

12.  The Trustee has sought to condition Plotnick's receipt of any SIPC funds (including undisputed amounts) on the execution of a Partial Assignment and Release. See Determination and Partial Assignment and Release attached thereto at 2-3, Ex. A. There is no legal basis for conditioning the Customer's receipt of SIPC funds on execution of such a Partial Assignment and Release.

**The Determination Fails to Take into Account Plotnick's Personal Hardship Circumstances.**

13.  Plotnick filed an application for the Hardship Program which was approved and accepted into the Hardship Program, as confirmed by a letter from the Trustee's counsel dated May 28, 2009, a copy of which is attached hereto as Exhibit B. Plotnick is 76 years old, and is facing a series of serious health issues, while living on Social Security and borrowed funds from friends to pay for most basic day-to-day living expenses. Because Plotnick qualifies for the Hardship Program, his Claim should be allowed and paid consistent with that program. Tying up Plotnick's right to payment in complex, lengthy legal proceedings would deny him the relief he

needs now just to meet his most basic needs.

**The Trustee Should Pay Plotnick the Undisputed Amount of His Claim.**

14.  The Trustee, in his determination, recognizes that Plotnick is entitled to an allowed claim and prompt payment of $11,500.00. The Trustee, at the very least, should pay this amount to Plotnick now, without awaiting resolution of this matter.

### RELIEF REQUESTED

15.  For the reasons stated herein, the Claim should be allowed in its entirety, and the Court should direct SIPC to issue immediate payment to the Customer in the amount of $142,407.87, plus interest from the date of the Determination, and such equitable relief as the Court deems appropriate. In addition, because the Trustee recognizes that Plotnick qualifies for the Hardship Program and is owed at least $11,500.00, this amount should be paid to Plotnick without delay, without awaiting final outcome of this proceeding.

Dated: New York, New York
July 17, 2009

Respectfully submitted,

By: *[signature]*
Norman Plotnick
7319 Bannockburn Ridge Court
Bethesda, MD 20817

5

32000/0218-5853841v2

# EXHIBIT

# A



# BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

## DECEMBER 11, 2008[1]

### NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

June 23, 2009

Norman Plotnick
7319 Bannockburn Ridge Court
Bethesda, MD 20817

Dear Mr. Plotnick:

**PLEASE READ THIS NOTICE CAREFULLY.**

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim on BLMIS Account No. 1KW377 designated as Claim Number 1201:

Your claim for securities is **DENIED**. No securities were ever purchased for your account.

Your claim is **ALLOWED** for $11,500.00, which was the balance in your BLMIS Account on the Filing Date based on the amount of money you deposited with BLMIS for the purchase of securities, less subsequent withdrawals, as outlined in Table 1.

As discussed with my legal counsel, Ruth Hartman, on June 17, 2009, the last withdrawal from your BLMIS Account was made within 90 days of the Filing Date and is therefore a preferential transfer which is recoverable by the Trustee under 11 U.S.C. §§547(b) and 550(a). You agreed with Ruth Hartman that to facilitate the prompt satisfaction of your allowed claim,

---

[1] Section 78lll(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78lll(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

the Trustee was authorized to deduct the preferential payment of $15,000.00 from his initial payment to you.

Accordingly, your **ALLOWED CLAIM** of $11,500.00 will be satisfied in the following manner:

The enclosed **RELEASE AND ASSIGNMENT** must be executed, notarized and returned in the envelope provided herewith. Upon receipt of the executed and notarized **RELEASE AND ASSIGNMENT**, the Trustee will make a satisfaction of your **ALLOWED CLAIM** by sending you a check in the amount of $11,500.00.

It is the Trustee's intent, pursuant to SIPA, to submit a Motion for an order of the Bankruptcy Court to allocate assets he has collected and will collect between the fund of customer property and the general estate and to distribute customer property *pro rata* among allowed claimants, such as you. In a decision in this case, Rosenman Family, LLC v. Picard, 401 B.R. 629, 634 (Bankr. S.D.N.Y. 2009), the Bankruptcy Court stated:

> The customer estate is a fund consisting of customer property and is limited exclusively to satisfying customer claims. In re Adler Coleman Clearing Corp. (Adler Coleman II), 216 B.R. 719, 722 (Bankr. S.D.N.Y. 1998) ("A SIPA trustee, distributes 'customer property' exclusively among the debtor's customers...."); see also 15 U.S.C. § 78*lll*(4). Accordingly, Customers, as defined by SIPA § 78*lll*(2), enjoy a preferred status and are afforded special protections under SIPA. See New Times Securities, 463 F.3d at 127; Adler Coleman, 195 B.R. at 269."

Id. at 634.

It is not known at this time when the Trustee will be filing such allocation and distribution motion.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court and the Trustee within **THIRTY DAYS** after June 23, 2009, the date on which the Trustee mailed this notice.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York 10004

and

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10011

_____
Irving H. Picard

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

cc:  Irving E. Walker, Esq.
     Cole Schotz, Meisel & Leonard
     300 East Lombard Street, Suite 2000
     Baltimore, MD 21202

| - TABLE 1 - ||
|:---:|:---:|
| **DEPOSITS** ||
| DATE | AMOUNT |
| 10/10/2002 | $325,000.00 |
| 5/24/2004 | $180,000.00 |
| 7/7/2007 | $14,000.00 |
| 11/30/2007 | $300,000.00 |
| Total Deposits | $819,000.00 |
| **WITHDRAWALS** ||
| DATE | AMOUNT |
| 1/16/2003 | $40,000.00 |
| 4/8/2003 | $6,000.00 |
| 4/21/2003 | $14,000.00 |
| 6/24/2003 | $14,000.00 |
| 6/25/2003 | $14,000.00 |
| 9/25/2003 | $20,000.00 |
| 12/8/2003 | $12,000.00 |
| 1/23/2004 | $50,000.00 |
| 4/8/2004 | $107,000.00 |
| 6/28/2004 | $11,000.00 |
| 9/10/2004 | $8,000.00 |
| 10/14/2004 | $5,000.00 |
| 11/10/2004 | $5,000.00 |
| 12/9/2004 | $8,000.00 |
| 1/14/2005 | $8,000.00 |
| 3/14/2005 | $10,000.00 |
| 4/14/2005 | $28,000.00 |
| 6/6/2005 | $5,000.00 |
| 7/15/2005 | $5,000.00 |
| 7/28/2005 | $5,000.00 |
| 10/7/2005 | $5,000.00 |
| 12/6/2005 | $8,000.00 |
| 2/7/2006 | $5,000.00 |
| 6/29/2006 | $7,000.00 |
| 8/7/2006 | $3,000.00 |
| 10/12/2006 | $5,000.00 |

| Date | Amount |
|---|---|
| 3/14/2007 | $4,000.00 |
| 5/15/2007 | $7,500.00 |
| 6/18/2007 | $10,000.00 |
| 8/7/2007 | $8,000.00 |
| 9/10/2007 | $5,000.00 |
| 10/9/2007 | $5,000.00 |
| 11/30/2007 | $300,000.00 |
| 1/23/2008 | $15,000.00 |
| 2/5/2008 | $7,500.00 |
| 5/8/2008 | $5,000.00 |
| 6/20/2008 | $5,000.00 |
| 7/22/2008 | $7,500.00 |
| 8/21/2008 | $5,000.00 |
| 10/20/2008 | $10,000.00 |
| 11/25/2008 | $5,000.00 |
| Total Withdrawals: | $807,500.00 |
| Total Deposits Less Withdrawals | $11,500.00 |

# EXHIBIT B

# Baker Hostetler

Baker&Hostetler LLP

3200 National City Center
1900 East 9th Street
Cleveland, OH 44114-3485

T 216.621.0200
F 216.696.0740
www.bakerlaw.com

May 28, 2009

Courtni E. Thorpe
direct dial: 216.861.6106
cthorpe@bakerlaw.com

Norman Plotnick
7319 Bannockburn Ridge Court
Bethesda, MD 20817

Re:   Hardship Program Application: Account # 1-KW377-3

Dear Mr. Plotnick:

We have received your Hardship Application. Based on review of your application, the Trustee has determined that your application is hereby approved and your claim has been accepted into the Hardship Program. The determination of your claim will be expedited by the Trustee, and the Trustee will endeavor to determine your claim within 20 days of this letter.

Please note that while the processing of your claim will be accelerated, the Trustee cannot guaranty that the claims of all customers accepted into the Hardship Program will be approved for SIPC protection.

Sincerely,

*Courtni E. Thorpe*

Courtni E. Thorpe

300013373