UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SECURITIES INVESTOR PROTECTION
CORPORATION,

    Plaintiff-Applicant,

v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

    Defendant.
-----------------------------------------------------------x
In re:

BERNARD L. MADOFF,

    Debtor.
-----------------------------------------------------------x

Adv. Pro. No. 08-1789 (BRL)

SIPA Liquidation

(Substantively Consolidated)

### RESPONSE OF BURTON AND ELAINE TRAUB ITF PAUL, GARY AND KENNETH TRAUB TO TRUSTEE'S DETERMINATION OF CLAIM

TO    THE HONORABLE BURTON R. LIFLAND,
        UNITED STATES BANKRUPTCY JUDGE:

    1.    Burton and Elaine Traub ITF Paul, Gary and Kenneth Traub ("Claimant"), pro se, hereby submit this Response to the Notice of Trustee's Determination of Claim, dated June 23, 2009 ("Trustee's Claim Notice"), presented by Irving H. Picard, trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC (the "Trustee"), with respect to BLMIS Claims Numbers 003124 and 003125. In opposition to the Trustee's denial of Claimant's claim, Claimant respectfully sets forth as follows:

    2.    In his Trustee's Claim Notice, the Trustee has determined to deny the asserted amount of Claimant's claims, and instead acknowledges an aggregate, combined claim in the more limited amount equal to Claimant's so-called "net equity" (i.e., the difference between the

NY:3602031v1

total amount invested by Claimant and the total amount withdrawn over time) remaining in Claimant's trading accounts. The Trustee's approach to fixing claims of victims of the Madoff frauds, while expedient, is nevertheless inconsistent with applicable law and principles of equity.

3.  Claimant submits that it is entitled to have its claims allowed in amount equal to the total stated value of its trading accounts on the date that the Madoff scheme was discovered and the subject accounts were frozen.

4.  Alternatively, Claimant submits that in addition to allowance of a claim for any "net equity" remaining in its trading accounts, Claimant is entitled, at a minimum, to assert a claim for unpaid interest on the amounts invested over the life of the trading accounts in issue, at the prevailing rate of interest for the applicable time periods in question.

5.  Claimant reserves any and all rights to supplement this Response as Claimant may determine appropriate.

WHEREFORE, Claimant asserts that it is entitled to have allowed claims for the amounts reflected in our BLMIS accounts of $156,856 and $1,291,660.25, respectively, together with interest thereon, in addition to such other and further relief as the Court may deem just and proper.

Dated: July 22, 2009

Respectfully submitted,

By:  /s/ Burton Traub
     Burton and Elaine Traub
     ITF Paul, Gary and Kenneth Traub