BAKER & HOSTETLER LLP  
45 Rockefeller Plaza  
New York, New York 10111  
Telephone: (212) 589-4200  
Facsimile: (212) 589-4201  
David J. Sheehan  
Email: dsheehan@bakerlaw.com  
Marc Hirschfield  
Email: mhirschfield@bakerlaw.com  

*Attorneys for Irving H. Picard, Esq. Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

Hearing Date: August 6, 2009  
Time: 10:00 a.m.  

Objections Due: August 3, 2009  

**UNITED STATES BANKRUPTCY COURT**  
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. <br><br> In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | Adv. Pro. No. 08-1789 (BRL) <br><br> SIPA Liquidation <br><br> (Substantively Consolidated) |

**TRUSTEE'S FOURTH MOTION FOR AN ORDER PURSUANT TO SECTION 365(d)(1) OF THE BANKRUPTCY CODE FURTHER EXTENDING THE TIME WITHIN WHICH THE TRUSTEE MAY ASSUME OR REJECT EXECUTORY CONTRACTS**

Irving H. Picard, Esq. (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor") under the Securities

095879, 300024591

Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"),[1] and as trustee for the estate of Bernard L. Madoff ("Madoff"), by and through his undersigned counsel, for his motion (the "Motion") for entry of an order, pursuant to section 365(d)(1) of title 11 of the United States Code (the "Bankruptcy Code"), further extending the time within which he may assume or reject executory contracts on behalf of the Debtor's estate, and respectfully represents as follows:

## BACKGROUND

1. On December 11, 2008 (the "Filing Date"),[2] the Securities and Exchange Commission ("SEC") filed a complaint in the United States District Court for the Southern District of New York against defendants Madoff and the Debtor (together, the "Defendants") (No. 08 CV 10791). The complaint alleged that the Defendants engaged in fraud through investment advisor activities of the Debtor.

2. On December 15, 2008, pursuant to section 78eee(a)(4)(A) of SIPA, the SEC consented to a combination of the SEC Action with an application of SIPC. Thereafter, pursuant to section 78eee(a)(3) of SIPA, SIPC filed an application in the District Court alleging, *inter alia*, that the Debtor was not able to meet its obligations to securities customers as they came due and, accordingly, its customers needed the protection afforded by SIPA.

3. On that date, the District Court entered the Protective Decree, to which the Debtor consented, which, in pertinent part:

(a) appointed the Trustee for the liquidation of the business of the Debtor pursuant to section 78eee(b)(3) of SIPA;

(b) appointed Baker & Hostetler, LLP as counsel to the Trustee pursuant to section 78eee(b)(3) of SIPA; and

(c) removed the case to this Bankruptcy Court pursuant to section 78eee(b)(4) of SIPA.

---

[1] For convenience, future reference to SIPA will not include "15 U.S.C."
[2] *See* section 78*lll*(7)(B) of SIPA.

2

095879, 300024591

4. On December 18, 2008, Judge Stanton entered the Order on Consent Imposing Preliminary Injunction, Freezing Assets and Granting Other Relief Against Defendants.

5. On April 13, 2009 an involuntary bankruptcy petition was filed against Madoff. On June 9, 2009, this Court entered an order substantively consolidating the chapter 7 estate of Madoff into the BLMIS SIPA proceeding.

6. On January 21, 2009, the Trustee filed his first Motion for an Order Pursuant to Section 365(d)(1) of the Bankruptcy Code Extending the Time Within Which the Trustee May Assume or Reject Executory Contracts and Unexpired Leases ("First Extension Motion") [Docket No. 41], seeking to extend such deadline from February 9, 2009 through and including May 1, 2009, which motion was served on the Trustee's then known vendors and creditors of Debtor.

7. On February 4, 2009, this Court entered an order [Docket No. 70], granting the First Extension Motion and extending the deadline by which the Trustee must assume or reject contracts and leases to May 1, 2009.

8. On May 1, 2009, the Trustee filed his Second Motion for an Order Pursuant to Section 365(d)(1) of the Bankruptcy Code Extending the Time Within Which the Trustee May Assume or Reject Executory Contracts and Unexpired Leases ("Second Extension Motion") [Docket No. 185], seeking to extend such deadline from May 1, 2009 through and including June 30, 2009 for certain contracts and leases as included on a schedule to the Second Extension Motion. All other contracts and leases not included on the schedule were rejected as of May 1, 2009. A Bridge Order was entered by the Court in the interim [Docket No. 186], extending the deadline until the May 28, 2009 hearing date on the Second Extension Motion.

095879, 300024591

9. On May 28, 2009, this Court entered an order [Docket No. 231], granting the Second Extension Motion and extending the deadline by which the Trustee must assume or reject contracts and leases to June 30, 2009.

10. On June 26, 2009, the Trustee filed his Third Motion for an Order Pursuant to Section 365(d)(1) of the Bankruptcy Code Extending the Time Within Which the Trustee May Assume or Reject Executory Contracts and Unexpired Leases ("Third Extension Motion") [Docket No. 292], seeking to extend such deadline from June 30, 2009 through and including July 31, 2009 for certain contracts and leases as included on a schedule to the Third Extension Motion. A Bridge Order was entered by the Court in the interim [Docket No. 294], extending the deadline until the July 7, 2009 hearing date on the Third Extension Motion.

11. On July 7, 2009, this Court entered an order [Docket No. 310], granting the Third Extension Motion and extending the deadline by which the Trustee must assume or reject contracts and leases to July 31, 2009.

## RELIEF REQUESTED

12. By this Motion, the Trustee seeks to preserve the rights of the estate in certain executory contracts by extending the time within which the Trustee may assume or reject certain of the Debtor's executory contracts (the "Agreements") set forth in <u>Exhibit A</u> annexed hereto. The Trustee requests an additional extension of the July 31, 2009 deadline for the Trustee to assume or reject the Agreements, as provided in section 365(d)(1) of the Bankruptcy Code, for a period of thirty-one (31) days, up to and including August 31, 2009 (the "Extension Request").

13. On April 30, 2009, the Court approved the sale of the Debtor's market making business ("Market Maker") to Castor Pollux Securities Inc., now known as Surge Trading Inc. ("Surge"). Surge will run the Market Maker from Debtor's old offices at 885 Third Avenue, New York, New York ("885 Third Ave."). The sale closed on June 17, 2009; however, Surge

4

continues to negotiate with one remaining vendor who provided services to Debtor at 885 Third Ave. Surge requested that the Trustee seek additional time within which he could assume or rejected the contracts with that vendor, as described on Exhibit A, so that Surge can have additional time to make a business decision regarding whether to request that the Trustee assume and assign to Surge the contracts listed on Exhibit A or negotiate new contracts for those services. During this negotiation period, Surge will reimburse the Trustee for all costs in keeping these services in place. In addition, Surge will reimburse the Trustee for any legal fees incurred in connection with the Extension Request. Thus, there is no expense to the Trustee in granting the Extension Request.

14. Furthermore, pursuant to the terms of the sale of the Market Maker, the estate stands to gain a substantial financial benefit from a positive earn-out – thus the Trustee is incentivized to assist Surge in becoming a successful business in any way possible.

15. The Extension Request is without prejudice to the right of the Trustee to seek a further extension. Likewise, such an extension would be without prejudice to the rights of the counter-parties to the Agreements to seek to shorten the Trustee's time to assume or reject a particular executory contract or unexpired lease.

## BASIS FOR RELIEF REQUESTED

16. Section 365 of the Bankruptcy Code applies to liquidations under SIPA. *See* 15 U.S.C. § 78fff(b) ("a liquidation proceeding shall be conducted in accordance with, and as though it were being conducted under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11.").

17. Section 365(d)(1) of the Bankruptcy Code grants a trustee an initial sixty (60) day period to determine whether to assume or reject unexpired executory contracts and certain

095879, 300024591

unexpired leases, unless such time is extended by order of the Court. Section 365(d)(1) provides, in pertinent part:

> [I]n a case under chapter 7 of this title, if the trustee does not assume or reject an executory contract or unexpired lease of residential real property or of personal property of the debtor within sixty (60) days after the order for relief, **or within such additional time as the Court, for cause, within such sixty-day period, fixes, then such contract or lease is deemed rejected** . . . .

11 U.S.C. § 365(d)(1) (emphasis added).[3]

18. Accordingly, this Court has express authority, when appropriate cause is shown, to extend the time within which the Trustee may assume or reject the Debtor's executory contracts and unexpired leases. *See* 11 U.S.C. § 365(d); *see e.g., In re Lefrak*, 223 B.R. 431, 434 (Bankr. S.D.N.Y. 1998). The purpose of this section is to benefit the estate by permitting a trustee to assume beneficial contracts and leases and reject burdensome ones. *See Liona Corp. v. PCH Assocs. (In re PCH Assocs.)*, 804 F.2d 1983, 200 (2d Cir. 1986).

19. Section 365(d) strikes a balance between the interest of the Trustee in liquidating the estate in a commercially reasonable manner and the interests of the parties to the executory contracts and certain leases who may want a prompt resolution of their rights and remedies. *See In re Telemark Management Co., Inc.*, 51 B.R. 623, 625 (Bankr. W.D. Wis. 1984).

20. Cause exists to grant the Extension Request to avoid inadvertent forfeiture as a result of the "deemed rejected" language found in section 365 of the Bankruptcy Code. *See, e.g., Lefrak*, 223 B.R. at 434. It is in the best interest of the Debtor's estate, customers and creditors to allow the Trustee additional time so that Surge can make a business decision with respect to the Agreements.

---

[3] For the purposes of applying title 11 in a SIPA liquidation, a reference to the petition date is deemed to be a reference to the filing date under SIPA – here, December 11, 2008. 15 U.S.C. §§ 78fff(b) and 78lll(7)(B).

6

095879, 300024591

21. Counterparties will not be prejudiced by this short extension as their rights to seek an order to shorten the Trustee's time to assume or reject any particular Agreement will be preserved.

22. In an abundance of caution, the Trustee also requests the immediate entry of a bridge order extending the time to assume or reject the Agreements from July 31, 2009 through and including the date of the hearing scheduled on this Motion, which is currently scheduled for August 6, 2009.

## NOTICE

23. Notice of this Motion has been provided by U.S. mail, postage prepaid, or email to (i) all parties that have filed a notice of appearance in this case; (ii) SIPC; (iii) the SEC; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) those counter-parties to the Agreements listed on Exhibit A attached hereto (collectively, the "Notice Parties"). The Trustee submits that no other or further notice need be given.

095879, 300024591

**WHEREFORE**, the Trustee respectfully requests that the Court (a) enter an order substantially in the form attached hereto as <u>Exhibit B</u>, granting the relief requested herein; (b) immediately enter a bridge order substantially in the form attached hereto as <u>Exhibit C</u>, extending the assumption or rejection deadline through and including the date of the hearing scheduled for this Motion; and (c) grant such other and further relief to the Trustee as the Court deems proper.

Dated: New York, New York
       July 24, 2009

/s/ Marc Hirschfield

Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Marc Hirschfield
Email: mhirschfield@bakerlaw.com

*Attorneys for Irving H. Picard, Esq. Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

095879, 300024591