**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>   Plaintiff – Applicant,<br><br>  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>   Defendant. | Adv. Pro. No. 08-01789-BRL<br><br>SIPA Liquidation |

## NOTICE OF FILING

To: Irving H. Picard, Esq. Trustee
   c/o Baker & Hostetler, LLP
   45 Rockefeller Plaza
   New York, NY 10011

  PLEASE TAKE NOTICE that on July 24, 2009, there was sent, via First Class Mail, for filing with the Clerk of the United States Bankruptcy Court, Southern District of New York, *Richard Most's Objection to Trustee's Determination of Claim*, a copy of which is attached and herewith served upon you.

            Respectfully submitted,
            RICHARD MOST

      By: _____
         James J. Moylan, his attorney

**OF COUNSEL:**

JAMES J. MOYLAN AND ASSOCIATES, P.C.
Post Office Box 775965
Tree Haus
31685 Inca Way
Steamboat Springs, CO 80477-5965
(970) 870-0730; (970) 870-0736 – FAX



RECEIVED
JUL 2 8 2009
U.S. BANKRUPTCY COURT, SDNY

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff – Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789-BRL<br><br>SIPA Liquidation |

## OBJECTION TO SIPC TRUSTEE'S DETERMINATION ON CLAIM FILED BY RICHARD MOST

Richard Most, by his attorney, James J. Moylan, files his Objection to Trustee's Determination of Claim, attached as Exhibit A hereto, on the grounds that the Trustee's determination that no credit balance is in the account or that Mr. Most is not entitled to SIPC coverage for the cash and securities in his IRA Account is contrary to the Securities Investor Protection Act and related laws and regulations.

Because Richard Most is similarly situated to the other Madoff Investment Securities, LLC's customers whose claims have been denied or challenged by the SIPC Trustee, Mr. Most will not set forth the "net equity" and related arguments already of record in this proceeding and

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

incorporated herein by this reference.

Respectfully submitted,
RICHARD MOST

By: _____
James J. Moylan, his attorney
Member of Colorado and Illinois Bars[*]

**OF COUNSEL:**

JAMES J. MOYLAN AND ASSOCIATES, P.C.
Post Office Box 775965
Tree Haus
31685 Inca Way
Steamboat Springs, CO 80477-5965
(970) 870-0730; (970) 870-0736 – FAX

---

[*] Motion to Appear Pro Hac Vice will be filed if ordered by the Court.

# EXHIBIT

BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

**DECEMBER 11, 2008**[1]

NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

June 30, 2009

Richard Most
PO Box 880471
Steamboat Springs, Colorado 80488

Dear Mr. Most:

**PLEASE READ THIS NOTICE CAREFULLY.**

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim on BLMIS Account No. 1ZR280 designated as Claim Number 004861:

Your claim for a credit balance of $1,545.10 and for securities is **DENIED**. No securities were ever purchased for your account.

Your claim is **ALLOWED** for $82,533.56, which is the amount of money you deposited with BLMIS for the purchase of securities, less subsequent withdrawals, as outlined in Table 1.

---

[1] Section 78lll(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78lll(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.



EXHIBIT A

300017069.1

## Table 1

### DEPOSITS

| DATE | TRANSACTION DESCRIPTION | AMOUNT |
|---|---|---|
| 7/6/1998 | CHECK | $51,189.70 |
| 12/14/1998 | CHECK | $2,000.00 |
| 5/25/1999 | CHECK | $2,000.00 |
| 1/16/2001 | CHECK | $4,094.02 |
| 1/22/2002 | CHECK | $3,000.00 |
| 5/18/2004 | CHECK | $2,957.50 |
| 3/1/2005 | CHECK WIRE | $4,000.31 |
| 1/25/2006 | CHECK WIRE | $4,000.28 |
| 3/29/2007 | CHECK WIRE | $4,916.87 |
| 3/5/2008 | CHECK WIRE | $5,000.00 |
| **Total Deposits:** | | $83,158.68 |

### WITHDRAWALS

| DATE | TRANSACTION DESCRIPTION | AMOUNT |
|---|---|---|
| 9/11/2001 | CHECK | ($67.23) |
| 1/20/2006 | CHECK | ($58.00) |
| 7/28/2006 | CHECK | ($80.00) |
| 4/14/2008 | CHECK | ($276.20) |
| 10/7/2008 | CHECK | ($143.69) |
| **Total Withdrawals:** | | ($625.12) |
| **Total deposits less withdrawals:** | | $82,533.56 |

Your **ALLOWED CLAIM** of $82,533.56 will be satisfied in the following manner:

The enclosed **RELEASE AND ASSIGNMENT** must be executed, notarized and returned in the envelope provided herewith. You also should provide the name of the custodian for your IRA. Upon receipt of the executed and notarized **RELEASE AND ASSIGNMENT**, and designation of your IRA custodian the Trustee will fully satisfy your **ALLOWED CLAIM** by sending you a check in the amount of $82,533.56, with the funds being advanced by Securities Investor Protection Corporation pursuant to section 78fff-3(a)(1) of SIPA.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after June 30, 2009, the date on which the Trustee mailed this notice.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

> Clerk of the United States Bankruptcy Court for
> the Southern District of New York
> One Bowling Green
> New York, New York 10004

> and

> Irving H. Picard, Trustee
> c/o Baker & Hostetler LLP
> 45 Rockefeller Plaza
> New York, New York 10011

_____
Irving H. Picard

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

cc: James J. Moylan, Esq.
James J. Moylan & Associates, P.C.
Tree Haus
PO Box 775965
31685 Inca Way
Steamboat Springs, Colorado 80477-5965

300017069.1

3

# CERTIFICATE OF SERVICE

I, James J. Moylan, an attorney licensed to practice law in the states of Colorado and Illinois, hereby certify that I caused *Richard Most's Objection to Trustee's Determination of Claim*, to be served on:

>Irving H. Picard, Esq. Trustee
>c/o Baker & Hostetler, LLP
>45 Rockefeller Plaza
>New York, NY 10011

Priority Mail and First Class, as indicated, before the hour of 5:00 p.m. on this 24th day of July, 2009.

_____
James J. Moylan