**Joan Roman**
**2444 NW 59th St.  Apt. 1301**
**Boca Raton, FL  33496**

Honorable Burton R. Lifland
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
Bowling Green, Courtroom 623
New York, New York 10004

July 24, 2009

Honorable Burton R. Lifland:

With reference to the "NOTICE OF HEARING ON FIRST APPLICATIONS FOR INTERIM COMPENATION" for the Trustee of Bernard L. Madoff Investment Securities LLC, I would like to state my objection regarding the request of monies to be given to Irving Picard and the various law firms and attorneys that are handling the bankruptcy.

I object to the fact that the SIPA laws in this case have been ignored by the Trustee and that the methods that were used to determine "net equity" and the amount of SIPC money that should have been returned to each investor has not been done according to the law. Much time and money has been wasted by Irving Picard and his associates to inspect investment accounts of innocent individuals who have been treated as adversaries.  As a Trustee, Irving Picard has not preserved the integrity of the laws of the United States of America and by doing what he is doing he has violated his role as Trustee. There is an assumption that the oversight of the SEC and the laws of the land were installed to protect citizens

of the United States. Unfortunately, it appears from what has transpired, this assumption is incorrect.

Irving Picard has requested $759,229 for 98 days worth of work. Assuming a 12 hour work day he is earning $650 per hour or assuming an 8 hour work day he is earning $968 per hour. In addition, the office of Baker & Hostetler LLP will be earning $12,500 per hour or $18,702 per hour respectively and this is just the "first application". Many of the hours that are being charged to SIPC have been a waste of time.

The Trustee has wasted the time and resources of the estate by examining the validity of "hardship" cases. The SIPA statute does not provide for the Trustee to decide "hardship" cases. Had the Trustee not created his own "net equity" theory there would have never been a need for "hardship" cases. The delay in expediting all claims under SIPA is what created the "hardships". The Trustee should not be rewarded for squandering the assets of the estate.

In addition, Irving Picard and his law firm will be rewarded very generously from the collections he is attempting to receive from the "clawback" procedure he has instigated. Although it appears to be a conflict of interest, he will also be enriched by earning a percentage of that money as well. Irving Picard and his law firm stand to generate healthy profits on the backs of the investors.

I would respectfully like to request that the application for compensation either be denied or substantially reduced.

Thank you.

Sincerely,

Joan Roman