# EXHIBIT E

03-26-2009   08:59am   From-EHBS                      +6313242324         T-250   P.002   F-814

1.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------
In the Matter of:                )
                                 )
NEW TIMES SECURITIES             )
SERVICES, INC.                   )
                                 )
           Debtor                )
                                 )
-------------------------------

1) Application filed by proposed class claimants to
authorize and approve the filing of a class proof of claim
and for a certification of the putative class and to
shorten time for the hearing

Memorandum by proposed class claimants

Memorandum by Plaintiff Securities Investor Protection
Corporation

Memorandum of law by Trustee James W. Giddens

Affidavit of Derek J. T. Adler in opposition

                              United States Bankruptcy
                              Court
                              Westbury, New York

                              July 28, 2000
                              10:00 a.m.

B E F O R E:

       HONORABLE STAN BERNSTEIN
       United States Bankruptcy Judge

A P P E A R A N C E S:

       HUGHES HUBBARD & REED LLP
            Attorney for James W. Giddens, Trustee
       One Battery Park Plaza
       New York, New York  10004
            BY:  JAMES W. KOBAK, JR, ESQ.
                 DANIEL S. LUBELL, ESQ.


       (516) 741-5342    Tankoos Reporting Co.   (212) 349-9692

37

THE COURT: Okay, so, you're telling me that this is very different from the open transaction.

MR. HARBECK: Correct.

THE COURT: Okay, so, now we're dealing with a closed transaction, where the money is there, you have interest in a --

MR. HARBECK: The securities are there.

THE COURT: -- real --

MR. HARBECK: Not the money is there. The securities are supposed to be there.

THE COURT: No, no -- yeah, you have -- you have an ownership interest in the securities; namely, shares of the mutual fund, of a mutual fund that is real, existing as of the petition date.

MR. HARBECK: Dreyfus, Janus, you name it.

THE COURT: Okay.

MR. HARBECK: Now, what Congress did is it said it wants to give the Trustee and SIPC a very good idea of what securities have to -- that the Trustee is going to have to go out into the marketplace and buy. So, if you file within sixty days, you'll get the securities, without question. Whether -- if they triple in value, you'll get the securities.

But, if --

THE COURT: Even -- even if --

(516) 741-5342    Tankoos Reporting Co.   (212) 349-9692

38

MR. HARBECK: Even if they're not there.

THE COURT: Even if they're not there.

MR. HARBECK: Correct.

THE COURT: In other words, if the money was diverted, converted --

MR. HARBECK: And the securities were never purchased.

THE COURT: Okay.

MR. HARBECK: And, if those positions triple, we will gladly give the people their securities positions.

THE COURT: But, you've got to jump.

MR. HARBECK: But, you've got to act fast, yeah. And, Congress did that --

THE COURT: Because -- because --

MR. HARBECK: -- because of the fluctuations.

THE COURT: -- because there's a concern -- because there's a concern that the value of this mutual fund might skyrocket and it's going to cost SIPC a lot more money.

MR. HARBECK: Six months down the line, that's right.

THE COURT: Okay, all right. And, you don't want people playing games with you.

MR. HARBECK: That's correct.

THE COURT: Deciding when they're going to --

(516) 741-5342    Tankoos Reporting Co.    (212) 349-9682