# EXHIBIT Q

# Baker Hostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

June 23, 2009

David J. Sheehan
direct dial: 212.589.4616
dsheehan@bakerlaw.com

**VIA ELECTRONIC AND FIRST CLASS MAIL**

Helen Davis Chaitman, Esq.
Phillips Nizer LLP
666 Fifth Avenue
New York, NY 10103-0084

Re:   *Maureen A. Ebel, BLMIS Account No. 1ZB463*

Dear Ms. Chaitman:

    I am in receipt of your letter to Mr. Picard ("Trustee") dated June 16, 2009 regarding the determination of Maureen A. Ebel's customer claim. In the Trustee's determination letter of June 9, 2009, the Trustee offered to pay Ms. Ebel $398,000, advanced by SIPC pursuant to 15 U.S.C. § 78fff-3(a)(1), an amount that reflects an offset of the $102,000 preferential payment received by Ms. Ebel within 90 days of the filing date.

    As you are aware, the Securities Investor Protection Corporation ("SIPC"), the Trustee, and his counsel evaluated two approaches for the satisfaction of customer claims. The first approach was to allow customer claims based on the customer statements as of the filing date. The second approach is to credit the customer with the money that he deposited at BLMIS, less any amounts already withdrawn by that customer (the "money in/money out approach"). After careful analysis, we have decided to utilize the latter approach in the satisfaction of customer claims in this proceeding.

    Several individuals, including you and your clients, have disputed the propriety of the money in/money out approach. This issue will be determined by the Court in due course. Should a final order overrule the use of the money in/money out approach, we will be bound by that order and will apply it retroactively to all previously determined allowed customer claims. Thus, any future rulings regarding the satisfaction of customer claims will apply to all customers, whether or not their individual claim has been determined at that time.

    In your letter of June 16th, you indicated that Ms. Ebel will accept the offer set forth in the determination letter, provided the Trustee agree that Ms. Ebel's claim will be recognized in the amount showing on her November 30, 2008 customer account

Helen Davis Chaitman, Esq.
June 23, 2009
Page 2

statement. As stated above, we will be bound by the final order regarding this issue and will determine and, as appropriate, redetermine all customer claims in accordance with any such ruling. Thus, all of Ms. Ebel's rights will be reserved until such time.

Your letter further proposes a similar resolution of the customer claim of Diane and Roger Peskin. We agree that all of their rights will also be reserved until such time as the issue is decided by a final order.

In light of the foregoing, I request that you withdraw the complaint filed on behalf of Ms. Ebel, and Diane and Roger Peskin.

Sincerely,

David J. Sheehan

djs/srb