# EXHIBIT T

# PHILLIPS NIZER LLP

666 Fifth Avenue
New York, NY 10103-0084
212.977.9700
Fax 212.262.5152

600 Old Country Road
Garden City, NY 11530-2011
516.229.9400
Fax 516.228.9612

Court Plaza North
25 Main Street
Hackensack, NJ 07601-7015
201.487.3700
Fax 201.646.1764

www.phillipsnizer.com

**Helen Davis Chaitman***
212.841.1320
201.646.1664
hchaitman@phillipsnizer.com
*Admitted in New York and New Jersey

June 29, 2009

**By email: dsheehan@bakerlaw.com**

David J. Sheehan, Esq.
Baker & Hostetler, LLP
45 Rockefeller Plaza, 11th Floor
New York, NY  10111

Dear Mr. Sheehan:

  I acknowledge receipt of your letter dated June 26, 2009 with respect to the claims of the Diane and Roger Peskin and Maureen Ebel.

  With respect to the Peskins, I am pleased that you have acknowledged that the Trustee has no right to reduce their SIPC insurance by the $113,000 that they withdrew within 90 days of the filing. The Trustee could have saved the Peskins a lot of heartache if he had realized earlier that he had no basis to withhold the full $500,000 from them. I hope that you will promptly send me a determination letter for them so that their payment will not be further delayed. Any such delay will only increase the damages they have suffered already as a result of their inability to obtain the $500,000 to which they are indisputably entitled and which should have been paid to them "promptly" after the filing.

  With respect to Mrs. Ebel, I would urge you to send her a check for $398,000 as soon as possible in order to mitigate her damages from the delay in payment to her. However, she cannot sign the Partial Assignment and Release you sent me for the following reasons:

  1. We contend that Mrs. Ebel is entitled to a claim for securities in the amount of the balance on her November 30, 2008 statement. The Partial Assignment and Release would have to be revised to state that, in the event that a court determines that the Trustee is bound by SIPA's definition of "net equity" and by the Second Circuit's decision in the *New Times* case, in that event, Mrs. Ebel's claim will be determined as the balance on her November 30, 2008 statement.

  2. I know of no statutory authority for conditioning payment of SIPC insurance on a general release of the Trustee and SIPC. Obviously, SIPC's check will be evidence of the date and amount of its partial payment to Mrs. Ebel. As you know, Mrs. Ebel has asserted substantial claims against the Trustee and she cannot possibly release those claims as a condition to obtaining a portion of the SIPC insurance to which she is statutorily entitled.

1084502.1

**PHILLIPS NIZER** LLP

David J. Sheehan, Esq.
June 29, 2009
Page 2

      3. The Partial Assignment and Release you propose requires Mrs. Ebel to leave in the Trustee's control the timing of the judicial determination of her claim for the remaining $102,000. This is something to which we cannot possibly agree. Indeed, she would be breaching her duty to mitigate damages if she agreed to such a provision.

      Please let me know by Wednesday, July 1, 2009, whether the Trustee will agree to revise the Partial Assignment and Release to remove these objectionable terms. The Trustee has a duty to mitigate the damages being suffered by my clients and I hope he will quickly pay them their SIPC insurance without causing them further delay and damages and without insisting on conditions which are unfair and unreasonable.

                                                      Yours sincerely,

                                                      Helen Davis Chaitman

HDC:leb

cc:    Maureen Ebel
        Diane and Roger Peskin

1084502.1