Josephine Wang
General Counsel
SECURITIES INVESTOR PROTECTION
 CORPORATION
805 15th Street, N.W., Suite 800
Washington, DC 20005
Telephone: 202-371-8300
E-mail: jwang@sipc.org

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, Defendant. | |
| IN RE: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

## RECOMMENDATION OF THE
## SECURITIES INVESTOR PROTECTION CORPORATION
## IN SUPPORT OF FIRST APPLICATIONS OF TRUSTEE AND COUNSEL FOR
## INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES

Irving H. Picard, Esquire, as trustee ("Trustee") for the substantively consolidated

liquidation proceeding of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor")

and Bernard L. Madoff ("Madoff"), and the law firm of Baker & Hostetler LLP ("B&H"), his

counsel in this proceeding under the Securities Investor Protection Act, 15 U.S.C. section 78aaa

et seq. ("SIPA"), have filed their first applications for allowance of interim compensation.

Pursuant to section 5(b)(5)(C) of SIPA, 15 U.S.C. §78eee(b)(5)(C), SIPC submits this

recommendation in support of the applications.   The grounds for this recommendation are as

follows:

1.  The applications involve the period from December 15, 2008 through April 30, 2009

("Compensation Period").   As detailed in the applications, the Trustee and Counsel rendered

substantial services to the administration of the estate during this time.   The liquidation

proceeding has progressed to a point where the review and determination of customer claims is

underway, and the completion of administration will require Counsel to assist the Trustee in (1)

continuing with the marshaling and distribution of the assets of the estate; and (2) dealing with

such other matters as they may be called upon to resolve.

2.  SIPC, by its staff, has carefully evaluated the applications for compensation.  This has

included analyzing the detailed reports of time spent and services rendered as set forth in the

applications and the exhibits thereto, together with a review of pleadings and correspondence in

this case.  The detailed reports of services reflect a total of 1,088.50 hours and 38,270.55 hours

respectively expended by the Trustee and Counsel in the performance of their duties.    In

reviewing the applications, SIPC considered the requirements and standards for an application set

forth in 15 U.S.C. §78eee(b)(5); the relevant sections of the Bankruptcy Code; the

Administrative Order re Guidelines for Fees and Disbursements for Professionals in Southern

District of New York Bankruptcy Cases; and the Order Pursuant to Section 78eee(b)(5) of SIPA,

Sections 105, 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a) and Local

Bankruptcy Rule 2016-1 Establishing Procedures Governing Interim Monthly Compensation of

Trustee and Baker & Hostetler LLP, dated February 25, 2009 ("the Monthly Compensation Procedures Order"). SIPC believes that the applications substantially comply with the applicable law, this District's Administrative Order, and the Monthly Compensation Procedures Order.

3.    Based upon an hourly rate of $697.50, the Trustee asserts the reasonable discounted value of his services is $759,228.75. The Trustee agreed with SIPC to discount his normal billing rate by 10%. The Trustee reports that this discount resulted in a voluntary reduction during this Compensation Period of $84,358.75. In addition, the Trustee wrote off or did not bill 176 hours, thus reducing his fees by $136,000. The Trustee requests an interim allowance of 80% of the asserted value of $759,228.75, or a total of $607,383.00, at this time. The Trustee also seeks reimbursement of $45.00 in expenses.

4.    Based upon an average hourly rate of $425.69, Counsel asserts the reasonable discounted value of its services is $14,662,319.83. Counsel agreed with SIPC to discount its normal billing rates by 10%. Counsel reports that this discount resulted in a voluntary reduction during this Compensation Period of $1,629,146.67. In addition, Counsel voluntarily adjusted its fees by writing off $335,852.56 and wrote off expenses in the amount of $111,006.39. The Trustee and Counsel request an interim allowance of 80% of the asserted value of $14,662,319.83, or a total of $11,729,855.87, at this time. Counsel also seeks reimbursement of $274,203.03 in expenses.

5.    Generally, SIPC has no objection to the allowance of such interim compensation as the Court may deem appropriate once the liquidation proceeding has progressed to a point where operational and significant work has been performed, and upon consideration of the potential hardship to the applicant. In this liquidation proceeding, the Trustee and Counsel have performed significant work in the claims and liquidation processes, and substantial progress has

been achieved.

6. Section 5(b)(5)(A) of SIPA, 15 U.S.C. § 78eee(b)(5)(A), provides that the court shall "grant reasonable compensation for services rendered . . . by a trustee, and by the attorney for such a trustee, in connection with a liquidation proceeding." SIPA §5(b)(5)(C), 15 U.S.C. §78eee(b)(5)(C), sets forth the standard for the Court's determination of applications for allowances of compensation and reimbursement in SIPA cases. The section provides:

> Whenever an application for allowances is filed pursuant to subparagraph (B), SIPC shall file its recommendation with respect to such allowances with the court prior to the hearing on such application and shall, if it so requests, be allowed reasonable time after such hearing within which to file a further recommendation. In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC. In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendation of SIPC. [emphasis added].

7. In a SIPA proceeding, administrative costs and expenses, which include trustee and counsel fees and expenses, are to be borne by the general estate. SIPA §5(b)(5)(E), 15 U.S.C. §78eee(b)(5)(E). To the extent the estate is not sufficient, SIPC advances funds for their payment. SIPA §§ 5(b)(5)(E), 6(e), and 9(b)(2), 15 U.S.C. §§ 78eee(b)(5)(E), 78fff(e), and 78fff-3(b)(2).

8. In this case, the Court has been advised that the Trustee has "no reasonable expectation that the general estate will be sufficient to make any distribution to general creditors or pay any administrative expenses." (First Application of Irving H. Picard, Trustee at 16, ¶37.) Thus, any allowances for fees and expenses of Trustee and Counsel will be paid by SIPC without any recoupment by SIPC. Furthermore, there is no difference between the amounts requested by Trustee and Counsel and the amounts recommended by SIPC. Consequently, SIPA provides that this Court shall award Trustee and Counsel the amounts recommended by SIPC.

-4-

9.    Resolution of the matters set forth in paragraph 1 above will delay the completion of this proceeding.    SIPC respectfully submits that an allowance of interim compensation is appropriate at this time in order to avoid undue hardship. An interim allowance does not involve a determination as to the actual reasonable value of the services in question.  It is merely a payment on account of the final allowance and does not imply that the Court or SIPC has approved the value which Trustee and Counsel have placed on their services.  The amounts sought do not exceed the sums the Court might reasonably award as final compensation for the services rendered. Accordingly, SIPC supports the applications.

WHEREFORE, SIPC respectfully recommends that: (1) interim compensation in the amounts of $607,383.00 and $11,729,855.87, representing 80% of the asserted value of services, and (2) reimbursement of $45.00 and $274,203.03 in expenses, as sought by the Trustee and Counsel, respectively, be allowed at this time.

Respectfully submitted,

Of Counsel:
KEVIN H. BELL
Senior Associate General Counsel
 for Dispute Resolution
E-mail: kbell@sipc.org

JOSEPHINE WANG
General Counsel
SECURITIES INVESTOR
 PROTECTION CORPORATION
805 15th Street, N.W.
Suite 800
Washington, D.C.  20005-2215
Telephone: (202) 371-8300
Facsimile: (202) 371-6728
E-mail: jwang@sipc.org

August 3, 2009
Washington, D.C.