Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY  10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com

Hearing Date: August 6, 2009
Hearing Time: 10:00 am

*Attorneys for Irving H. Picard, Esq. Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC And Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant.<br><br>In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | Adv. Pro. No. 08-1789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |

**TRUSTEE'S RESPONSE TO OBJECTIONS TO APPLICATIONS
OF TRUSTEE AND BAKER & HOSTETLER LLP FOR ALLOWANCE OF
<u>INTERIM COMPENSATION</u>**

Irving H. Picard as trustee (the "Trustee") for the substantively consolidated

liquidation proceeding of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor")

300025582

and Bernard L. Madoff ("Madoff"), by and through his counsel, Baker & Hostetler LLP ("B&H"), respectfully submits this response to the objections ("Objections") filed in opposition to the first applications (the "Applications") for an order allowing and awarding interim compensation for services performed by the Trustee and B&H for the period commencing December 15, 2008 through and including April 30, 2009 (the "Compensation Period") and reimbursement of actual and necessary expenses incurred during the Compensation Period; and in support thereof, respectfully represents as follows:

The Trustee has received a number of Objections to the Applications from various parties (the "Objectors"),[1] all of whom are customers of BLMIS. For the reasons outlined below, the Objections should be denied and this Court should grant the Applications.

## MISINFORMATION REGARDING COMPENSATION OF TRUSTEE

1.  Several of the Objections are based on the false notion that (i) the Trustee will receive as compensation three percent (3%) of the proceeds (over $1,000,000) that he collects on behalf of the estate of BLMIS (as is customary under section 326 of the Bankruptcy Code), and/or (ii) the granting of the Applications will somehow reduce the amount of money available for distribution to customers of BLMIS.

2.  As the Trustee has stated both in media reports and in various filings with this Court, in a liquidation proceeding under the Securities Investor Protection Act of 1970, 15 U.S.C. 78aaa et seq. ("SIPA"),[2] administrative expenses, which include trustee and counsel fees and expenses, are to be borne by the general estate. Where the general estate is insufficient, the

---

[1] Objections were filed on the docket by (i) Meyer Muschel on behalf of the Joseph N. Muschel Memorial Foundation, (ii) Helen Davis Chaitman on behalf of Diane and Roger Peskin and Maureen Ebel and (iii) Joan Roman, who is Ruth Madoff's sister. The Trustee also received a number of letters objecting to the Applications which were addressed to this Court but were not filed on the docket from the following: Laurence J. Wiener; Robert F. Gammons; and Judith and Donald Rafferty.

[2] For convenience, future reference to SIPA will not include "15 U.S.C."

Securities Investor Protection Corporation ("SIPC") advances funds to the trustee for their payment. See SIPA §§78eee(b)(5)(E) and 78fff-3(b)(2). In this case, because the Trustee "has no reasonable expectation that the general estate will be sufficient to … pay any administrative expenses" (First Application of Irving H, Picard, Trustee at ¶37), SIPC will advance funds to the Trustee to pay the administrative costs and expenses of the BLMIS estate, including the fees and expenses of the Trustee and his counsel. Accordingly, the granting of the Applications will not effect the amount of funds available for distribution to customers.

3. Furthermore, §78eee(b)(5)(A) of SIPA authorizes the court to award "reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred" to a trustee and his counsel. The Trustee will not receive the three percent (3%) (or any premium) of proceeds he returns to the estate under SIPA.

## **ALLEGED BREACH OF FIDUCIARY DUTY**

4. Several of the Objections also allege that the Trustee is in breach of his fiduciary duties owed to the customers of BLMIS as he is applying a "cash in, cash out" methodology to determine the net equity of a customer's claims.

5. As this Court is aware, various adversary proceedings, including Peskin v. Picard, Adv. Pro. No. 09-01272 (BRL), have been initiated to challenge the "cash in, cash out" methodology of calculating a customer's net equity. In fact, the objection filed by Ms. Chaitman on behalf of customers of BLMIS is simply a restatement of her complaint filed against the Trustee on June 10, 2009, which initiated the above-referenced adversary proceeding. The Trustee has since moved to dismiss this complaint and that motion is currently pending before this Court.

300025582

6. The Trustee submits that the hearing on the Applications is not the proper forum to raise these arguments. The Objectors will have their day in court and the opportunity to litigate these issues and any others they wish to pursue in connection with the Trustee's determination of their respective claims. The fact that there may be a legal dispute regarding the proper methodology by which to value customer claims provides no basis to disallow the Trustee's fees and those of his counsel.

7. For the reasons outlined above, the Objections should be denied.

## VII. CONCLUSION

The Trustee respectfully submits that this Court enter Orders as follows: (i) denying the Objections; (ii) granting the Applications; and (iii) granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      August 5, 2009

Respectfully submitted,

**BAKER & HOSTETLER LLP**

By: /s/ *David J. Sheehan*
    Baker & Hostetler LLP
    45 Rockefeller Plaza
    New York, NY  10111
    Telephone: (212) 589-4200
    Facsimile: (212) 589-4201
    David J. Sheehan
    Email: dsheehan@bakerlaw.com
    Marc E. Hirschfield
    Email: mhirschfield@bakerlaw.com

*Attorneys for Irving H. Picard, Esq. Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC And Bernard L. Madoff*