Josephine Wang
General Counsel
SECURITIES INVESTOR PROTECTION
 CORPORATION
805 15th Street, N.W., Suite 800
Washington, DC 20005
Telephone: 202-371-8300
E-mail: jwang@sipc.org

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES INVESTOR PROTECTION )
  CORPORATION, )          Adv. Pro. No. 08-01789 (BRL)
 )
         Plaintiff-Applicant, )          SIPA Liquidation
 )
v. )          (Substantively Consolidated)
 )
BERNARD L. MADOFF INVESTMENT )
SECURITIES LLC, )
         Defendant. )
---

IN RE:

BERNARD L. MADOFF,

         Debtor.

---

**RESPONSE OF THE
SECURITIES INVESTOR PROTECTION CORPORATION
TO OBJECTIONS TO FIRST APPLICATIONS OF TRUSTEE AND COUNSEL
FOR ALLOWANCE OF INTERIM COMPENSATION
AND REIMBURSEMENT OF EXPENSES**

# TABLE OF CONTENTS

                                                                                        PAGE

Table of Authorities ......................................................... ii

PRELIMINARY STATEMENT ......................................... 2

ISSUE PRESENTED ................................................. 4

STANDARD OF PROOF ............................................. 4

ARGUMENT ....................................................... 4

I.  THE TRUSTEE AND HIS COUNSEL ARE
    DISINTERESTED UNDER SIPA. THERE IS
    NO CONFLICT OF INTEREST CREATED
    BY THE TRUSTEE'S DUTIES TO CUSTOMERS
    AND CREDITORS AND THE RELATIONSHIP
    BETWEEN THE TRUSTEE AND SIPC CREATED
    BY STATUTE. ................................................ 4

    A. The Appointment of Trustees and Counsel Under SIPA ................. 5

    B. The Relationship of SIPC and Trustees and Their Counsel Under SIPA ...... 9

II. NO BASIS FOR REMOVAL OF THE TRUSTEE
    AND COUNSEL IS PRESENT .................................... 11

CONCLUSION .................................................... 12

# **TABLE OF AUTHORITIES**

**CASES:**  **PAGE**

Application of Executive Securities Corp., 702 F.2d 406
  (2d Cir. 1983), cert. den., 464 U. S. 818 (1983) ............................... 9

In re Bell & Beckwith, 93 B.R. 569 (Bankr. N. D. Ohio 1998) ....................... 10

In re Concept Packaging Corp., 7 B. R. 607 (Bankr. S. D. N. Y. 1980) ................ 11

In re Dallas Cabana, Inc., 469 F.2d 606 (5th Cir. 1972),
  cert. den., 411 U. S. 932 (1973) ............................................. 10

In re Freeport Italian Bakery, 340 F.2d 50 (2d Cir. 1965) ........................... 11

In re Heartron, Inc., 5 B.R. 703 (Bankr. W.D. Mo. 1980) ............................ 10

In the Matter of Rea Holding Corp., 2 B. R. 733 (S.D.N.Y. 1980) ................. 8, 11

SEC v. Albert & Maguire Securities Co., Inc.,
  378 F.Supp. 906 (E.D. Pa. 1974) .............................................. 7

SEC v. Oxford Securities, Ltd., 486 F.2d 1396 (2d Cir. 1973),
  reversing 354 F. Supp. 301 (S.D.N.Y. 1973) ................................. 7-8

SEC v. Wick, 360 F. Supp. 312 (N.D. Ill. 1973) .................................. 10

SIPC v. Barbour, 421 U. S. 412 (1975) .......................................... 5, 9

SIPC v. Morgan, Kennedy & Co., Inc., 533 F. 2d 1314 (2d Cir.),
  cert. den., 426 U.S. 936 (1976) ............................................. 10

In the Matter of W. T. Grant Co., 4 B. R. 53 (Bankr. S.D.N.Y. 1980) ............. 8, 11

**STATUTES AND RULES:**

Securities Investor Protection Act, as amended (1981), 15 U.S.C. §

78eee(b)(3) ................................................................. 6, 10
78eee(b)(4) .................................................................... 6
78eee(b)(5)(A) ................................................................. 3
78eee(b)(5)(C) ............................................................... 2,6
78eee(b)(5)(E) ................................................................. 9
78eee(b)(6) .............................................................. 8, 10,11

# TABLE OF AUTHORITIES

**STATUTES AND RULES (cont):**                                                                                    **PAGE**

Securities Investor Protection Act, as amended (1981), 15 U.S.C. §

78eee(b)(6)(A) .................................................... 10
78eee(6)(A) ...................................................... 6
78fff(a)(3) ....................................................... 9
78fff-1(a)(1) ..................................................... 9
78fff-1(a)(2) ..................................................... 9
78fff-1(b)(2) ..................................................... 9
78fff-2(b) ....................................................... 11
78fff-2(f) ........................................................ 9
78fff-3(b)(2) ..................................................... 9

Securities Investor Protection Act (1970), 15 U.S.C. §

78eee(b)(3) ...................................................... 6

**LEGISLATIVE MATERIALS:**

Hearings on H.R. 8331 Before the Subcomm. on Consumer Protection and Finance
    of the H. Comm. on Interstate and Foreign Commerce, 95th Cong. (1977) ............ 6

Hearing on H.R. 8331 before the Subcomm. on Securities of the
    S. Comm. on Banking, Housing, and Urban Affairs, 95th Cong. (1978) .............. 7

H.R. Rep. No. 95-746 (1977) ............................................ 6

S. Rep. No. 91-1218 (1970) ............................................. 5

**TREATISES:**

2 Collier Bankruptcy Practice Guide ¶29.06 (2008) ............................ 4

3 Collier on Bankruptcy ¶ 324.03 (15th ed. rev. 2009) ....................... 4

## PRELIMINARY STATEMENT

Diane and Roger Peskin and Maureen Ebel ("Objectors") have filed an objection to the first applications for an allowance of interim compensation and reimbursement of costs by Irving H. Picard, Trustee for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor"), and his counsel, Baker & Hostetler LLP, in this proceeding under the Securities Investor Protection Act, 15 U.S.C. §78aaa et seq. ("SIPA").[1] Pursuant to SIPA section 78eee(b)(5)(C), SIPC has filed a recommendation with respect to the applications. (Docket No. 352). This memorandum of law is submitted in further support of SIPC's recommendation and in opposition to the objection of the Peskins and Ms. Ebel.[2]

Although what is presently before the Court are the fee applications of the Trustee and counsel, the Objectors inappropriately have raised in their Objection issues that relate to the claims that they have filed in the liquidation proceeding but that are irrelevant to the question of

---

[1] The BLMIS proceeding was substantively consolidated with the Chapter 7 bankruptcy of Bernard L. Madoff on June 9, 2009 (Docket No. 252).

For convenience, references hereinafter to provisions of SIPA shall omit "15 U.S.C."

[2] Objection to First Applications of Irving H. Picard, Trustee, and Baker & Hostetler LLP for Allowance of Interim Compensation for Services Rendered and Reimbursement of Expenses Incurred From December 15, 2008 Through April 30, 2009 (Docket No. 351) ("Objection"). An objection also has been filed by Ms. Joan Roman (Docket No. 348) who relies on many of the same grounds as the Peskins and Ms. Ebel. To the extent the grounds of both objections are common, this memorandum also responds to Ms. Roman's objection. Finally, the Joseph N. Muschel Memorial Foundation ("Foundation") also has objected (Docket No. 350). The Foundation cites no authority for the proposals contained in its objection, nor is there any reason to believe, as the Foundation suggests (objection, p. 4, ¶8), that the general estate will be prejudiced by the payment of administrative expenses. As mentioned in SIPC's recommendation on the applications, the Trustee has represented that there is no reasonable expectation that the general estate will be sufficient to make any distribution to general creditors or to pay any administrative expenses.

2

compensation. A central claims issue in this proceeding is the appropriateness of the methodology used by the Trustee in determining claims. The Trustee is not recognizing the fictitious profits invented by Bernard Madoff and instead is returning to customers the net amounts deposited by them with the brokerage. The Objectors challenge this approach: the Trustee should treat the artificial profits as real and allow those investors who recaptured the amount of their original deposits from BLMIS and received other investors' money in the form of "profits" from BLMIS, to be paid even more through this liquidation proceeding.

The Objectors should and will have their say in court on the methodology and other related issues. The Court has established an orderly procedure for judicial review of claim determinations by the Trustee.[3] That is the context in which the Objectors' claims should and will be heard. Now, however, is not the time.

Under SIPA section 78eee(b)(5)(A), the Court may allow, on an interim basis, "reasonable" compensation for services rendered by a trustee and counsel in connection with a liquidation proceeding, as well as reimbursement of proper costs and expenses. Although most of the issues identified by the Objectors are irrelevant at this time, one appears to bear on the matter at hand. That issue involves whether a trustee and his counsel are conflicted by their relationship to SIPC and are thereby disqualified, both from serving and from being compensated for their services. That is the issue that SIPC will address in this memorandum.

---

[3] The Objectors contend that they are denied due process with respect to their claims. Objection at 13-14. They completely ignore the procedures for judicial review established by the Court's Order dated December 23, 2008 (Docket No. 12).

3

**ISSUE PRESENTED**

Whether a trustee and his counsel are inherently conflicted and disinterested under SIPA and must be removed from their positions and denied compensation because the trustee allows certain claims and denies others in a liquidation proceeding under SIPA and the disappointed claimants contend that the trustee and his counsel are serving the interests of SIPC and not the claimants.

SIPC submits that the answer to this question is "no."

**STANDARD OF PROOF**

The Objectors seek to have the Trustee and his counsel removed from their positions, and in connection with the removal, denied compensation. In a motion to remove a trustee, the applicant bears the burden of proof and must set out by oral or documentary evidence all facts which demonstrate grounds for removal of the trustee. 2 Collier Bankruptcy Practice Guide ¶29.06 at 29-7 – 29-8 (2008). Claimants have proffered no evidence which establishes such grounds, nor does such evidence exist. It should be noted that although the Objectors seek to have the Trustee and counsel removed, they do so inappropriately by objection and not motion. See 3 Collier on Bankruptcy ¶ 324.03 at 324-5 (15th ed. rev. 2009) ("removal is not an adversary proceeding and is brought by motion as a contested matter.")

**ARGUMENT**

**I. THE TRUSTEE AND HIS COUNSEL ARE DISINTERESTED UNDER SIPA. THERE IS NO CONFLICT OF INTEREST CREATED BY THE TRUSTEE'S DUTIES TO CUSTOMERS AND CREDITORS AND THE RELATIONSHIP BETWEEN THE TRUSTEE AND SIPC CREATED BY STATUTE**

As an initial matter, it must be observed that the objection by the Peskins and Ms. Ebel is fraught with misstatements of fact and law that demonstrate not only a painful misunderstanding

of the origins of SIPA, its purposes, and provisions, but even worse, a wilful ignorance of the law. In page after page, the Objectors impugn the integrity and attack with absolutely no foundation the good faith of the Trustee, his counsel, SIPC, and even the United States Congress. Among their many misstatements, these Objectors contend that "SIPA was enacted at the behest of the financial services industry to relieve the industry of the significant expense of registering securities in the names of investors and to allow the industry to profit from holding securities in street name." Objection at 2, ¶1. In fact, Congress enacted SIPA in the aftermath of the 1960s Paperwork Crisis that threatened the viability of the financial markets and for reasons wholly unrelated to benefitting financially the securities industry. As stated in the legislative history of SIPA, the purposes of the statute were:

> to protect individual investors from financial hardship; to insulate the economy from the disruption which can follow the failure of major financial institutions; and to achieve a general upgrading of financial responsibility requirements of brokers and dealers to eliminate, to the maximum extent possible, the risks which lead to customer loss.

S. Rep. No. 91-1218, at 4 (1970). See SIPC v. Barbour, 421 U. S. 412, 415 (1975).

Against this background, Congress created SIPC and the unique process whereby trustees and SIPC could work collaboratively for the good of investors. Contrary to the Objectors' contentions, this relationship does not render a trustee and counsel disinterested. Nor does it disqualify them from being compensated for their services.

A. **The Appointment of Trustees and Counsel Under SIPA**

Once a United States District Court has found that the customers of a brokerage firm are in need of the protections available under SIPA, the District Court is to appoint "as trustee for the liquidation of the business of the debtor and as attorney for the trustee, such persons as SIPC, in

5

its sole discretion, specifies."[4] SIPA §78eee(b)(3). The entire liquidation proceeding is then removed to the Bankruptcy Court in the same judicial district pursuant to SIPA §78eee(b)(4). It falls to the Bankruptcy Court to hold a hearing on disinterestedness and to determine whether the trustee and his counsel are disinterested within the meaning of SIPA §78eee(6)(A).

The authority of SIPC to designate the trustee and counsel,[5] subject to a hearing on disinterestedness, was the subject of keen Congressional scrutiny when SIPA was amended in 1978. As originally enacted, SIPA required the court to "appoint as trustee for the liquidation of the business of the debtor ..., and as attorney for such trustee, such persons as SIPC shall specify." SIPA §5(b)(3), 15 U. S. C. §78eee(b)(3) (1970). In 1978, the section was modified to make specific reference to the fact that SIPC was to have <u>sole</u> discretion in designating the trustee. The legislative history indicates that "because of the numerous times courts have questioned the authority of SIPC to designate the trustee and counsel, the existing provision that such designations are within the discretion of SIPC is sharpened."[6]

Congress considered opposition to SIPC's authority to designate the trustee, but chose

---

[4] SIPC is likewise given a significant, and sometimes determinative voice in setting the fees for the trustee and counsel under SIPA §78eee(b)(5)(C).

[5] The Objection states (p. 14) that the Trustee "chooses counsel." This is simply incorrect. See SIPA §78eee(b)(3).

[6] <u>Hearings on H. R. 8331 Before the Subcomm. on Consumer Protection and Finance of the H. Comm. on Interstate and Foreign Commerce</u>, 95th Cong. 173 (1977). See also H.R. Rep. No. 95-746 at 26 (1977), which notes that the amendments "fortify SIPC's sole discretion to designate the trustee...."

6

nevertheless to strengthen this authority.[7] Its Constitutional authority to do so is unquestionable. SIPA is a bankruptcy statute, "supported as it is by both the bankruptcy provision in the United States Constitution and also by the commerce clause." SEC v. Albert & Maguire Securities Co., Inc., 378 F.Supp. 906, 911 (E.D. Pa. 1974).

It is noteworthy that even before the 1978 amendment, the most rigorous challenge to SIPC's authority to specify trustees and counsel was bluntly turned aside in SEC v. Oxford

---

[7] It was stated by one person opposed to giving SIPC "sole discretion" to designate trustees that

> If SIPC were a federal agency the amendment could, perhaps, be justified. However, it is a private organization as constituted under Section 3 of the Act [15 U.S.C. 78ccc(a)] and has, during its brief existence, shown itself to be highly concerned with protecting the SIPC trust fund. There is a built-in conflict of interest with the trustee pressing strongly for recognition of customer claims and SIPC, except in the clearest of cases, resisting any claims based upon principles which would expand its liability. The proposed amendment to the Act places the trustee who chooses to advance the interests of the customers over that of SIPC in a untenable position. On the one hand, there is the carrot that if he subscribes to SIPC's position respecting claims, he may obtain a large fee which the court has no jurisdiction to reduce. On the other hand, there is the stick that if he objects to SIPC's position respecting claims, the court must place "considerable reliance" on the recommendation of SIPC when fees are determined. In our judgment, this amendment would tend to make the trustees and their counsel in a liquidation under the Act mere agents of SIPC, a result neither contemplated by the Act nor justified by past history.

Hearing on H.R. 8331 before the Subcomm. on Securities of the S. Comm. on Banking, Housing, and Urban Affairs, 95th Cong. 173 (1978).

Further, a dissatisfied claimant in a SIPA proceeding alleged that "SIPC has perverted the Act by dominating the trustees," and that "an irresolvable conflict of interest exists under the present SIPC Act." Id. at 134-135. Congress chose to give SIPC the sole power to specify trustees despite these arguments.

Securities, Ltd., 486 F.2d 1396 (2d Cir. 1973), reversing 354 F. Supp. 301 (S.D.N.Y. 1973).

The present objection to the appointment of the Trustee and counsel must be considered against this unique statutory framework. Any disgruntled claimant in a SIPA proceeding could make the arguments made by the Objectors. At bottom, the only point made by the Objectors is that the common interests of SIPC and the Trustee render the Trustee and his counsel disqualified. Congress thought otherwise. It would undermine and nullify SIPC's statutory right to specify trustees and counsel if every disappointed litigant could require the Court to remove them.

The Objectors do not contend that the Trustee and counsel are disinterested under the disinterestedness standards of SIPA section 78eee(b)(6). They cannot, as there is no factual basis for them to do so. On notice, a hearing was held on the Trustee's and counsel's disinterestedness to which no objections were filed. The Trustee and his counsel were held to be disinterested under SIPA pursuant to an Order issued in this case on February 4, 2009 (Docket No. 69). Nor is this a case involving fraud, conversion, or other egregious misconduct on the part of the Trustee or his counsel. No such misconduct has been alleged or exists here. See In the Matter of Rea Holding Corp., 2 B. R. 733, 735 (S.D.N.Y. 1980) ("Case law indicates that grounds for removal of a trustee in bankruptcy are not found in the Trustee's formal relationships but are based upon fraud and actual injury to the estate. [internal citation omitted]"); In the Matter of W. T. Grant Co., 4 B. R. 53, 82 (Bankr. S.D.N.Y. 1980) (disqualification of attorney requires "considerable reluctance" because of the immediate adverse effect on the administration of the estate "and because such motions are often interposed for tactical purposes.... [internal citations omitted]." As to the alleged conflict of interest arising from the Trustee's duties to

customers and other creditors and the Trustee's close relationship to SIPC, any such conflict is inherent in the statutory scheme mandated by Congress with full awareness of any potential for conflict.

**B.    The Relationship of SIPC and Trustees and Their Counsel Under SIPA**

The Supreme Court has held that in interpreting SIPA, one must draw inferences "from the structure of SIPC." SIPC v. Barbour, 421 U.S. 412, 420 (1975). SIPC was created by SIPA to enhance protection of customers of insolvent brokers. Id., 421 U.S. at 421. Both SIPC and trustees under SIPA vindicate important public interests. Application of Executive Securities Corp., 702 F.2d 406, 410 (2d Cir. 1983), cert. den., 464 U. S. 818 (1983). Both work to conduct a more efficient administration under the provisions of SIPA. Thus, the trustee is empowered to "utilize SIPC employees for all or any purposes of a liquidation proceeding," SIPA §78fff-1(a)(2), and may enforce SIPC's rights of subrogation, SIPA §78fff(a)(3). Other acts of the trustee, which in ordinary bankruptcy, if permitted at all would require court approval, are handled by a trustee under SIPA, subject to the prior approval of SIPC. This includes hiring of personnel, including accountants, SIPA §78fff-1(a)(1); payment or guarantee of bank loans, SIPA §78fff-1(b)(2); and transfer of accounts of customers to another member of SIPC, SIPA §78fff-2(f). The liquidation proceeding is funded by SIPC which is required, pursuant to SIPA §78fff-3(b)(2), to pay costs of administration if the debtor's estate is inadequate to cover such expenses. See also SIPA §78eee(b)(5)(E). This assures complete administration, including thorough investigation into the propriety of customer claims and the affairs of the debtor, even in no asset cases.

SIPC's role and oversight in a proceeding under SIPA is such that the initial decision of

who shall serve as trustee and counsel rests with SIPC. Indeed, in cases where there appear to be fewer than five hundred customers and aggregate liabilities less than $750,000, SIPC may specify itself or one of its employees as trustee. SIPA §78eee(b)(3). Further, "SIPC shall in all cases be deemed disinterested." SIPA §78eee(b)(6).

The statutory scheme renders SIPC's role and the trustee's role complementary, each to the other, in the overwhelming majority of instances. The two share common interests such as efficiently satisfying valid claims, disallowing invalid claims, and maximizing estate assets. This is not to say that SIPC and trustees always agree. Trustees are independent fiduciaries who, on occasion, have litigated with SIPC as to the scope of customer protection, SIPC v. Morgan, Kennedy & Co., Inc., 533 F. 2d 1314 (2d Cir.), cert. den., 426 U.S. 936 (1976), or the extent of estate assets, see SEC v. Wick, 360 F.Supp. 312 (N.D. Ill. 1973). See also In re Bell & Beckwith, 93 B. R. 569 (Bankr. N. D. Ohio 1998) (SIPC opposes settlement between trustee and wife of a wrongdoer). This does not detract from the fact that SIPC and the trustee have an identical interest in maximizing the return to all creditors, including SIPC.[8] Congress knew all of the above when it reviewed the "disinterestedness" standard of SIPA §78eee(b)(6)(A) in 1978. All of the foregoing simply emphasizes the Congressional intent to determine, as a matter of law and policy, that the common interests shared by a trustee and SIPC do not disqualify a trustee or his counsel from service.

---

[8] Thus, where a trustee and a creditor have identical interest in adding certain property to the estate, they may use the same law firm, without creating a conflict of interest. In re Dallas Cabana, Inc., 469 F.2d 606, 608-609 (5th Cir. 1972), cert. den., 411 U. S. 932 (1973). Similarly, the Court in In re Heartron, Inc., 5 B.R. 703, 705 (Bankr. W.D. Mo. 1980), noted that the fact that one is a major creditor to the estate, without more, does not mean that one has an adverse interest to the debtor. Such is the case here.

## II. NO BASIS FOR REMOVAL OF THE
## TRUSTEE AND COUNSEL IS PRESENT

The essence of the Objectors' position is that they object to the relationship between SIPC and the Trustee and his counsel which is inherent in this and every SIPA proceeding. This is not proper grounds for removal. Cf. In re Freeport Italian Bakery, 340 F.2d 50 (2d Cir. 1965); In the Matter of REA Holding Corp., 2 B. R. 733 (S.D.N.Y. 1980); In the Matter of W. T. Grant Co., 4 B. R. 53 (Bankr. S. D. N.Y. 1980). No cause having been shown, a removal at this time would lead only to an unnecessary additional expenditure of resources and an undeniable set back in the progress of the liquidation proceeding. SIPC would be required, pursuant to SIPA section 78eee(b)(3), to specify a new trustee and counsel. The Court would be required to hold a hearing on their disinterestedness under SIPA section 78eee(b)(6). The logic of the Objectors' position compels the conclusion that no trustee or counsel could be disinterested if the trustee opposed even a single customer claim, in good faith. Removal of a trustee should be effected "only 'if the administration of the estate would suffer more from the discord created by the present trustee than would be suffered from a change in administration.'" In re Concept Packaging Corp., 7 B. R. 607 (Bankr. S. D. N. Y. 1980) (citation omitted). Such is not the case here.

In reality, the pending Objection to fees is an objection to the fact that the Trustee has not adopted the methodology advocated by the Objectors for determining claims. The Trustee's determination of claims in a SIPA case is to be made "insofar as such obligations are ascertainable from the books and records of the debtor or are otherwise established to the satisfaction of the trustee." SIPA §78fff-2(b). Where there is disagreement between a claim and

11

the debtor's records, it is the duty of the SIPA trustee to investigate and where necessary deny a claim. His duty is not only to certain claimants, but to <u>all</u> claimants and his determination of any single claim must be as required under SIPA. Payment of improper customer claims, whether out of customer property or SIPC funds, has a deleterious effect on and dilutes the claims of <u>bona fide</u> customers. That SIPC agrees with the claims approach taken by the Trustee in this case does not make the Trustee's approach wrong or undo the fact that the Trustee is discharging his obligations, in good faith, not just to some customers, but to all customers.

## CONCLUSION

For all of the aforementioned reasons, the Objection to the Trustee's and counsel's fee applications should be overruled.

Dated: August 5, 2009  
Washington, DC

Respectfully submitted,

JOSEPHINE WANG  
General Counsel

KEVIN H. BELL  
Senior Associate General Counsel  
 for Dispute Resolution

HEMANT SHARMA  
Assistant General Counsel

SECURITIES INVESTOR  
PROTECTION CORPORATION  
805 Fifteenth Street, N.W., Suite 800  
Washington, DC 20005  
Telephone: (202) 371-8300  
Facsimile: (202)371-6728  
E-mail: jwang@sipc.org  
kbell@sipc.org  
hsharma@sipc.org