**EXHIBIT J**

# Baker Hostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

David J. Sheehan
direct dial: 212.589.4616
dsheehan@bakerlaw.com

June 26, 2009

**VIA ELECTRONIC AND FIRST CLASS MAIL**

Helen Davis Chaitman
Phillips Nizer LLP
666 Fifth Avenue
New York, NY 10103-0084

Re:   *Maureen A. Ebel, BLMIS Account No. 1ZB463*

Dear Ms. Chaitman:

I am in receipt of your letter dated June 23, 2009, written in response to my letter of that same date. I write to clarify a few outstanding issues with respect to the customer claims of Ms. Ebel and the Peskins.

Ms. Ebel's customer claim was determined by the Trustee and, on June 9th, was sent a determination letter and a Partial Assignment and Release, a copy of which is enclosed herewith for your convenience. You have indicated that Ms. Ebel wishes to reserve her right to dispute the Trustee's netting of the $102,000 preferential payment Ms. Ebel received against the $500,000 SIPC advance. This objection has already been preserved in the Partial Assignment and Release. Thus, once the Partial Assignment and Release is executed by Ms. Ebel and returned to the Trustee, the Trustee will promptly pay Ms. Ebel $398,000 to which she is entitled, without prejudice to her rights to the disputed portion of the SIPC advance.

With regard to the Peskins, as they were advised by the Trustee's counsel, we can confirm that they received no preferential payment in the 90 days preceding the filing date of this action. Thus, we will promptly determine their customer claim for the full amount. Upon their receipt of the Trustee's determination letter, please have them execute the Partial Assignment and Release and return it to the Trustee. Once they have done so, the Trustee will promptly send them $500,000 advanced by SIPC.

Helen Davis Chaitman
June 26, 2009
Page 2

    Based on the foregoing, please confirm that upon receipt of payment to Ms. Ebel and the Peskins, you will withdraw the complaint filed on their behalf.

    Sincerely,

    David J. Sheehan

DJS/srb

Enclosure

cc:    Irving H. Picard

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

### DECEMBER 11, 2008[1]

### NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

June 9, 2009

Maureen A. Ebel
506 Hansen Dr.
West Chester, PA  19380

Dear Ms. Ebel:

### PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim on BLMIS Account No. 1ZB463 designated as Claim Number 002582:

Your claim for a credit balance of $2,460,387.49 and for securities is **DENIED**. No securities were ever purchased for your account.

Your claim is **ALLOWED** for $2,290,387.49, which was the balance in your BLMIS Account on the Filing Date based on the amount of money you deposited with BLMIS for the purchase of securities, <u>less</u> withdrawals as listed in the following table:

---

[1] Section 78*lll*(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78*lll*(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

| DEPOSITS | |
|---|---|
| 3/17/2003 | $1,171,347.49 |
| 4/10/2003 | $550,000.00 |
| 6/19/2003 | $100,000.00 |
| 6/30/2003 | $25,000.00 |
| 7/25/2003 | $62,000.00 |
| 11/24/2003 | $500,000.00 |
| 1/27/2004 | $1,223,040.00 |
| 7/23/2004 | $200,000.00 |
| Total deposits: | $3,831,387.49 |
| WITHDRAWALS | |
| 1/2/04 | $42,000.00 |
| 9/22/2004 | $100,000.00 |
| 12/23/2004 | $85,000.00 |
| 3/22/2005 | $110,000.00 |
| 8/25/2005 | $130,000.00 |
| 1/4/2006 | $110,000.00 |
| 4/7/2006 | $60,000.00 |
| 6/9/2006 | $45,000.00 |
| 9/5/2006 | $140,000.00 |
| 1/3/2007 | $35,000.00 |
| 1/12/2007 | $35,000.00 |
| 3/27/2007 | $135,000.00 |
| 6/1/2007 | $40,000.00 |
| 7/31/2007 | $175,000.00 |
| 12/31/2007 | $75,000.00 |
| 4/2/2008 | $37,000.00 |
| 6/5/2008 | $85,000.00 |
| 9/16/2008 | $102,000.00 |
| Total withdrawals: | $1,541,000.00 |
| **Total deposits less withdrawals:** | **$2,290,387.49** |

As discussed with my legal counsel, James W. May, on June 4, 2009, the last withdrawal from your BLMIS Account was made within 90 days of the Filing Date and is therefore a preferential transfer which is recoverable by the Trustee under 11 U.S.C. §§547(b) and 550(a). To facilitate the prompt partial satisfaction of your allowed claim, the Trustee has proposed to deduct the preferential payment of $102,000.00 from his initial payment to you.

You have disputed this treatment of the preferential payment. Pursuant to the terms of the Hardship Program instituted by the Trustee, the Trustee is willing to pay the undisputed portion of claims (up to the limit of available SIPC protection) to claimants that qualify for the Hardship Program, but have disputed the Trustee's proposed treatment of their claims. Because you have qualified for the Hardship Program and because you have disputed the treatment of the preferential

300011963

payment you received, the Trustee is willing to make an initial payment to you of $398,000.00 which is your available SIPC protection of $500,000.00 minus the amount of the preferential payment of $102,000.00. This is not a set off, rather, you and the Trustee reserve all rights regarding the disputed portion of your claim (including the disputed portion of you SIPC protection). Your rights to the remainder of the SIPC protection available to you and the Trustee's rights to seek recovery of the preferential payment you received will be determined at a later date either by settlement between you and the Trustee or by court order.

The enclosed **PARTIAL RELEASE AND ASSIGNMENT** relating to the undisputed portion of the Trustee's initial payment to you must be executed, notarized and returned in the envelope provided herewith. Upon receipt of the executed and notarized **PARTIAL RELEASE AND ASSIGNMENT**, the Trustee will make a partial satisfaction of your **ALLOWED CLAIM** by sending you a check in the amount of $398,000.00 advanced by the Securities Investor Protection Corporation pursuant to section 78fff-3(a)(1) of SIPA. The remainder of your SIPC protection will be held by the Trustee pending resolution of the dispute over the preferential payment that you received. By executing the Partial Assignment and Release, you will not be waiving any rights to seek the full payment of the SIPC protection potentially available to you.

It is the Trustee's intent, pursuant to SIPA, to submit a Motion for an order of the Bankruptcy Court to allocate assets he has collected and will collect between the fund of customer property and the general estate and to distribute customer property *pro rata* among allowed claimants, such as you. In a decision in this case, Rosenman Family, LLC v. Picard, 401 B.R. 629, 634 (Bankr. S.D.N.Y. 2009), the Bankruptcy Court stated:

> The customer estate is a fund consisting of customer property and is limited exclusively to satisfying customer claims. In re Adler Coleman Clearing Corp. (Adler Coleman II), 216 B.R. 719, 722 (Bankr. S.D.N.Y. 1998) ("A SIPA trustee, distributes 'customer property' exclusively among the debtor's customers...."); see also 15 U.S.C. § 78*lll*(4). Accordingly, Customers, as defined by SIPA § 78*lll*(2), enjoy a preferred status and are afforded special protections under SIPA. See New Times Securities, 463 F.3d at 127; Adler Coleman, 195 B.R. at 269."

Id. at 634.

It is not known at this time when the Trustee will be filing such allocation and distribution motion.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after June 9, 2009, the date on which the Trustee mailed this notice.

300011963

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee at a time and date determined by the Trustee, in his sole discretion. You will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you and the Trustee are not able to agree upon the portion of your SIPC protection that has been withheld due to the preferential payment you received, the Trustee will obtain a hearing date for this controversy at a time and date determined by the Trustee, in his sole discretion. You will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York 10004

and

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10011

_/s/ Irving H. Picard_
Irving H. Picard

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

300011963

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789-BRL<br><br>SIPA Liquidation |

## PARTIAL ASSIGNMENT AND RELEASE

**KNOW ALL MEN BY THESE PRESENTS,** that Maureen A. Ebel, located at 506 Hansen Dr., West Chester, PA 19380 (hereinafter referred to as the "Assignor") in consideration of the payment of $398,000.00 to satisfy in part her claim for customer protection (the "Customer Claim", having been designated Claim #002582) filed in the liquidation proceeding of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §78aaa et seq. ("SIPA") (see §§78fff-2(b), 78fff-2(d), and §78fff-3(a)(1) of SIPA), does for herself hereby assign, transfer and set over to Irving H. Picard as SIPA Trustee (the "SIPA Trustee") for the liquidation of BLMIS (see §78fff-2(b) of SIPA), and the Securities Investor Protection Corporation ("SIPC"), as subrogee to the extent of its cash advances to the SIPA Trustee for the satisfaction of the aforementioned Customer Claim (see §78fff-3(a)(1) of SIPA), any and all rights, including causes of action or claims, that Assignor now may have against BLMIS and/or any third party arising out of or relating to any fraudulent or illegal activity with respect to Assignor's BLMIS account (Account No. 1ZB463, the "BLMIS Account"), which gave rise to the allowed Customer Claim for securities filed by Assignor

against BLMIS. Such assignment is only to the extent that Assignor has received satisfaction of the Customer Claim as set forth above.

Further, Assignor has not previously compromised or assigned any claim, cause of action or other right against BLMIS, its principals or agents or any third party arising out of or related to any fraudulent or illegal activity giving rise to the Customer Claim.

Upon reasonable request of the SIPA Trustee or SIPC, Assignor agrees to cooperate with the SIPA Trustee or SIPC in connection with any efforts of either to recover from the principals or agents of BLMIS or anyone else for amounts advanced by SIPC or paid by the SIPA Trustee to satisfy in part Assignor's Customer Claim in this SIPA liquidation proceeding. Such efforts to recover by the SIPA Trustee or SIPC, either to demand or pursue or to prosecute or settle any collection effort, action or proceeding therefore, shall be at the sole cost of the SIPA Trustee or SIPC.

Effective immediately and without further action, contingent only upon Assignor's receipt from the SIPA Trustee or his agent of a check in the amount of $398,000.00 as set forth in the SIPA Trustee's Notice of Determination of the Customer Claim dated June 9, 2009, (the "Trustee's Determination"), and upon receipt by the SIPA Trustee of this executed and notarized Partial Assignment and Release, the Assignor does for Assignor's executors, administrators, heirs and assigns hereby remise, release and forever discharge the SIPA Trustee and SIPC, as subrogee to the extent of its cash advances for the satisfaction of the Customer Claim, and, as the case may be, its officers, directors, professionals, employees, agents, successors and assigns, of and from any and all claims arising out of or relating to the Assignor's BLMIS Account, the Customer Claim filed with the SIPA Trustee as protected by the provisions of SIPA, and any and all circumstances giving rise to said Customer Claim which the Assignor now has, or hereafter

may have, for or by any reason, cause, matter or thing whatsoever from the beginning of the world to the date of the execution of this Partial Assignment and Release, only to the extent that the SIPA Trustee and/or SIPC has paid monies to the Assignor to satisfy Assignor's Customer Claim.

If Assignor and the SIPA Trustee are not able to agree upon the portion of Assignor's SIPC protection that has been withheld due to the preferential payment received by Assignor, the SIPA Trustee will obtain a hearing date for this controversy at a time and date determined by the SIPA Trustee, in his sole discretion. Assignor will be notified of that hearing date. Assignor's failure to appear personally or through counsel at such hearing will result in the SIPA Trustee's determination with respect to Assignor's claim being confirmed by the Court and binding on Assignor.

**IN WITNESS WHEREOF**, the undersigned has on this day set forth below duly executed this Partial Assignment of Assignor's Customer Claim and Release, intending to be legally bound hereby.

By:_____
MAUREEN A. EBEL

Sworn and subscribed before me this
\_\_\_\_ day of _____, 2009.

_____
Notary Public