# EXHIBIT U

# Baker Hostetler

Baker&Hostetler LLP

3200 National City Center
1900 East 9th Street
Cleveland, OH 44114-3485

T 216.621.0200
F 216.696.0740
www.bakerlaw.com

Kurt Andrew Leeper
direct dial: 216.861.7014
kleeper@bakerlaw.com

July 22, 2009

Helen Davis Chaitman
Phillips Nizer LLP
666 Fifth Avenue
New York, New York 10103-0084

Re:    Diane & Roger Peskin

Dear Helen:

Irving Picard referred your letter regarding Diane and Roger Peskin of July 21, 2009 to me. I have attached a revised partial assignment and release that includes language that we are now including in such documents to address the issue you raised. Please have the Peskins sign this document and return it to my attention at your earliest convenience.

Sincerely,

*[signature]*

Kurt A. Leeper


cc:    Irving Picard

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　Plaintiff-Applicant,<br><br>　　　　v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　Defendant. | Adv. Pro. No. 08-01789-BRL<br><br>SIPA Liquidation |

## PARTIAL ASSIGNMENT AND RELEASE

**KNOW ALL MEN BY THESE PRESENTS,** that Roger M Peskin and Diane Peskin J/T WROS, located at 51 East Wall Street, Bethlehem, Pennsylvania 18018 (hereinafter referred to as the "Assignor") in consideration of the payment of $500,000.00 to satisfy in part their claims for customer protection (together, the "Customer Claim", having been designated Claims #3301 and #12,843) filed in the liquidation proceeding of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §78aaa et seq. ("SIPA") (see § §78fff-2(b), 78fff-2(d), and §78fff-3(a)(1) of SIPA), do for themselves hereby assign, transfer and set over to Irving H. Picard as SIPA Trustee (the "SIPA Trustee") for the liquidation of BLMIS (see §78fff-2(b) of SIPA), and the Securities Investor Protection Corporation ("SIPC"), as subrogee to the extent of its cash advances to the SIPA Trustee for the satisfaction of the aforementioned Customer Claim (see §78fff-3(a)(1) of SIPA), any and all rights, including causes of action or claims, that Assignor now may have against BLMIS and/or any third party arising out of or relating to any fraudulent or illegal activity with respect to Assignor's BLMIS account (Account No. 1CM948, the "BLMIS Account"), which gave rise to

the allowed Customer Claim for securities filed by Assignor against BLMIS. Such assignment is only to the extent that Assignor has received satisfaction of the Customer Claim as set forth above.

Further, Assignor has not previously compromised or assigned any claim, cause of action or other right against BLMIS, its principals or agents or any third party arising out of or related to any fraudulent or illegal activity giving rise to the Customer Claim.

Upon reasonable request of the SIPA Trustee or SIPC, Assignor agrees to cooperate with the SIPA Trustee or SIPC in connection with any efforts of either to recover from the principals or agents of BLMIS or anyone else for amounts advanced by SIPC or paid by the SIPA Trustee to satisfy in part Assignor's Customer Claim in this SIPA liquidation proceeding. Such efforts to recover by the SIPA Trustee or SIPC, either to demand or pursue or to prosecute or settle any collection effort, action or proceeding therefore, shall be at the sole cost of the SIPA Trustee or SIPC.

Effective immediately and without further action, contingent only upon Assignor's receipt from the SIPA Trustee or his agent of a check in the amount of $500,000.00 as set forth in the SIPA Trustee's Notice of Determination of the Customer Claim dated July 22, 2009, (the "Trustee's Determination"), and upon receipt by the SIPA Trustee of this executed and notarized Partial Assignment and Release, the Assignor does for Assignor's executors, administrators, heirs and assigns hereby remise, release and forever discharge the SIPA Trustee and SIPC, as subrogee to the extent of its cash advances for the satisfaction of the Customer Claim, and, as the case may be, its officers, directors, professionals, employees, agents, successors and assigns, of and from any and all claims arising out of or relating to the Assignor's BLMIS Account, the Customer Claim filed with the SIPA Trustee as protected by the provisions of SIPA, and any and

all circumstances giving rise to said Customer Claim which the Assignor now has, or hereafter may have, for or by any reason, cause, matter or thing whatsoever from the beginning of the world to the date of the execution of this Partial Assignment and Release, only to the extent that the SIPA Trustee and/or SIPC has paid monies to the Assignor to satisfy Assignor's Customer Claim.

Should a final and unappealable court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Partial Assignment and Release shall be construed as a waiver of any rights or claims held by Assignor in having its customer claim re-determined in accordance with any such Court order.

Should a final and unappealable court order determine that the Trustee is improperly limiting the payment of the $500,000 SIPC advance to one advance per BLMIS customer account, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's decision. Nothing in this Partial Assignment and Release shall be construed as a waiver of any rights or claims held by Assignor in having its customer claim re-determined in accordance with any such Court order.

Assignor acknowledges the sufficiency of the consideration to be received in accordance with the SIPA Trustee's Determination and under this Partial Assignment and Release.

**IN WITNESS WHEREOF,** the undersigned has on this day set forth below duly executed this Partial Assignment of Assignor's Customer Claim and Release, intending to be legally bound hereby.

By:_____
    ROGER M PESKIN

By:_____
    DIANE PESKIN

Sworn and subscribed before me this
\_\_\_\_ day of _____, 2009.

_____
    Notary Public