UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| NINE WEST HOLDINGS, INC., *et al.*,[1] ) | Case No. 18-10947 (SCC) |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |

## SUPPLEMENTAL AFFIDAVIT OF SERVICE

I, Daniel Kounin, depose and say that I am employed by Prime Clerk LLC ("**Prime Clerk**"), the claims and noticing agent for the Debtors in the above-captioned chapter 11 cases.

On June 5, 2018, at my direction and under my supervision, employees of Prime Clerk caused the following documents to be served via First Class Mail to Michelle Thomas-Ellie (MMLID: 6690223) at an address that has been redacted for reasons of privacy:

- Notice of Deadline Requiring Submission of Proofs of Claim on or Before June 29, 2018, and Related Procedures for Submitting Proofs of Claim in the Above-Captioned Chapter 11 Cases, a copy of which is attached hereto as **Exhibit A**

- a Proof of Claim form, a copy of which is attached hereto as **Exhibit B**

Dated: June 8, 2018

/s/ Daniel Kounin
Daniel Kounin

State of New York
County of New York

Subscribed and sworn to (or affirmed) before me on June 8, 2018, by Daniel Kounin, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature: _____

Oleg Bitman
Notary Public, State of New York
No. 01BI6339574
Qualified in Queens County
Commission Expires: April 04, 20__

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Nine West Holdings, Inc. (7645); Jasper Parent LLC (4157); Nine West Management Service LLC (4508); Kasper Group LLC (7906); Kasper U.S. Blocker LLC (2390); Nine West Apparel Holdings LLC (3348); Nine West Development LLC (2089); Nine West Distribution LLC (3029); Nine West Jeanswear Holding LLC (7263); One Jeanswear Group Inc. (0179); and US KIC Top Hat LLC (3076). The location of the Debtors' service address is: 1411 Broadway, New York, New York 10018.

SRF 25299

**Exhibit A**

James H.M. Sprayregen, P.C.
Christopher J. Marcus, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

James A. Stempel (admitted *pro hac vice*)
Joseph M. Graham (admitted *pro hac vice*)
Angela M. Snell (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NINE WEST HOLDINGS, INC., *et al.*,[1] | ) | Case No. 18-10947 (SCC) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF DEADLINE REQUIRING**
**SUBMISSION OF PROOFS OF CLAIM ON OR BEFORE**
**JUNE 29, 2018, AND RELATED PROCEDURES FOR SUBMITTING**
**PROOFS OF CLAIM IN THE ABOVE-CAPTIONED CHAPTER 11 CASES**

**TO:     ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY DEBTOR LISTED ON PAGE 2 OF THIS NOTICE IN THE ABOVE-CAPTIONED CHAPTER 11 CASES.**

The United States Bankruptcy Court for the Southern District of New York (the "Court") has entered an order (the "Bar Date Order") establishing **5:00 p.m., prevailing Eastern Time, on June 29, 2018** (the "General Claims Bar Date"), as the last date for each person or entity[2] (including individuals, partnerships, corporations, joint ventures, and trusts) to submit a Proof of Claim against any of the Debtors listed on page 2 of this notice (collectively, the "Debtors").

Except for those holders of the Claims listed below that are specifically excluded from the General Claims Bar Date submission requirement, the Bar Dates[3] and the procedures set forth below for submitting proofs of claim (each, a "Proof of Claim") apply to all Claims (defined below) against the Debtors that arose prior to **April 6, 2018** (the "Petition Date"), the date on which the Debtors commenced cases under chapter 11 of the United States Bankruptcy Code, **including parties asserting Claims pursuant to section 503(b)(9) of the Bankruptcy Code (each, a "503(b)(9) Claim")**.[4]  In addition, governmental units have until **5:00 p.m., prevailing Eastern Time, on October 3, 2018** (the date that is 180 days after the order for relief) to submit Proofs of Claim.

**A holder of a possible Claim against the Debtors should consult an attorney regarding any matters not covered by this notice, such as whether the holder should submit a Proof of Claim.**

**Debtors in the Chapter 11 Cases**

| Debtor Name | Federal Tax Identification Number | Case Number |
|---|---|---|
| Nine West Holdings, Inc. | 22-3497645 | 18-10947 |
| Jasper Parent LLC | 30-0804157 | 18-10948 |
| Nine West Management Service LLC | 51-0384508 | 18-10949 |
| Kasper Group LLC | 47-1977906 | 10-10950 |
| Kasper U.S. Blocker LLC | 46-5012390 | 18-10951 |
| Nine West Apparel Holdings LLC | 82-0833348 | 18-10953 |
| Nine West Development LLC | 06-1462089 | 18-10954 |
| Nine West Distribution LLC | 32-0223029 | 18-10956 |
| Nine West Jeanswear Holding LLC | 13-4067263 | 18-10957 |
| One Jeanswear Group Inc. | 13-3050179 | 18-10958 |
| US KIC Top Hat LLC | 81-2853076 | 18-10959 |

**Who Must Submit a Proof of Claim**

You MUST submit a Proof of Claim to vote on a chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a Claim that arose before the Petition Date and it is *not* one of the types of Claims described under the heading "Who Need Not Submit a Proof of Claim" below. Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be submitted on or prior to the applicable Bar Date, even if such Claims are not now fixed, liquidated, or certain or did not mature or become fixed, liquidated, or certain before the Petition Date.

Under section 101(5) of the Bankruptcy Code and as used in this notice, the word "Claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

**What To Submit**

The Debtors are enclosing a Proof of Claim form for use in the cases; if your Claim is scheduled by the Debtors, the form also sets forth the amount of your Claim as scheduled by the Debtors, the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Nine West Holdings, Inc. (7645); Jasper Parent LLC (4157); Nine West Management Service LLC (4508); Kasper Group LLC (7906); Kasper U.S. Blocker LLC (2390); Nine West Apparel Holdings LLC (3348); Nine West Development LLC (2089); Nine West Distribution LLC (3029); Nine West Jeanswear Holding LLC (7263); One Jeanswear Group Inc. (0179); and US KIC Top Hat LLC (3076). The location of the Debtors' service address is: 1411 Broadway, New York, New York 10018.

[2] As used herein, the term "entity" has the meaning given to it in section 101(15) of title 11 of the United States Code (the "Bankruptcy Code"), and includes all persons, estates, trusts and the United States trustee. Further, the terms "person" and "governmental unit" have the meanings given to them in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

[3] Defined collectively as the Rejection Bar Date (further defined herein), the General Claims Bar Date, the Supplemental Bar Date (further defined herein), and the Governmental Bar Date.

[4] "503(b)(9) Claims" are Claims on account of goods received by a Debtor within 20 days before the Petition Date, where such goods were sold to the Debtor in the ordinary course of such Debtor's business. *See* 11 U.S.C. § 503(b)(9).

2

specific Debtor against which the Claim is scheduled, and whether the Claim is scheduled as disputed, contingent, or unliquidated. You will receive a different Proof of Claim form for each Claim scheduled in your name by the Debtors. You may utilize the Proof of Claim form(s) provided by the Debtors to submit your Claim.

Your Proof of Claim form must not contain complete social security numbers or taxpayer identification numbers (only the last four digits), a complete birth date (only the year), the name of a minor (only the minor's initials), or a financial account number (only the last four digits of such financial account).

Additional Proof of Claim forms may be obtained by contacting the Debtors' notice and claims agent, Prime Clerk LLC (the "Notice and Claims Agent"), by calling (855) 628-7533 for callers in the United States or by calling (917) 651-0324 for callers outside the United States and/or visiting the Debtors' restructuring website at: https://cases.primeclerk.com/ninewest.

The following procedures for the submission of Proofs of Claim against the Debtors in the chapter 11 cases shall apply:

a) Each Proof of Claim must: (i) be written in English; (ii) be legible; (iii) include a Claim amount denominated in United States dollars; (iv) conform substantially with the Proof of Claim form provided by the Debtors or Official Form 410; (v) be signed by the claimant or by an authorized agent or legal representative of the claimant; and (vi) include supporting documentation unless voluminous, in which case a summary must be attached or an explanation provided as to why documentation is not available.

a) In addition to the requirements set forth in (a) above, any Proof of Claim asserting a 503(b)(9) Claim must also: (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted; (iii) attach documentation of any reclamation demand made to any Debtor under section 546(c) of the Bankruptcy Code (if applicable); and (iv) set forth whether any portion of the 503(b)(9) Claim was satisfied by payments made by the Debtors pursuant to any order of the Court authorizing the Debtors to pay prepetition Claims.

b) Parties who wish to receive proof of receipt of their Proofs of Claim from the Notice and Claims Agent must also include with their Proof of Claim (i) a copy of their Proof of Claim and (ii) a self-addressed, stamped envelope.

c) Each Proof of Claim must specify by name and case number the Debtor against which the Claim is submitted. A Proof of Claim submitted under Case No. 18-10947 or that does not identify a Debtor will be deemed as submitted only against Nine West Holdings, Inc. A Proof of Claim that names a subsidiary Debtor but is submitted under the Case No. 18-10947 will be treated as having been submitted against the subsidiary Debtor with a notation that a discrepancy in the submission exists.

3

d)  If the holder asserts a Claim against more than one Debtor or has Claims against different Debtors, a separate Proof of Claim form must be submitted with respect to each Debtor (unless otherwise set forth in the Bar Date Order).  To the extent more than one Debtor is listed on the Proof of Claim, such Claim will be treated as if submitted only against the first-listed Debtor.

### When and Where To Submit

Each Proof of Claim, including supporting documentation, must be submitted so that the Notice and Claims Agent *actually receives* the Proof of Claim on or before the applicable Bar Date by either: (i) electronically using the interface available on the Notice and Claims Agent's website at https://cases.primeclerk.com/ninewest or (ii) first-class U.S. Mail, overnight mail, or other hand-delivery system, which Proof of Claim must include an *original* signature, at the following address: Nine West Claims Processing Center, c/o Prime Clerk LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232.

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL <u>NOT</u> BE ACCEPTED AND WILL <u>NOT</u> BE DEEMED TIMELY SUBMITTED.**

### Who Need Not Submit a Proof of Claim

You do not need to submit a Proof of Claim on or prior to the Bar Date if you are:

a)  any person or entity that has already submitted a Proof of Claim against the Debtors with the Clerk of this Court or the Debtors' Notice and Claims Agent in a form substantially similar to Official Bankruptcy Form No. 410;

b)  any person or entity whose Claim is listed on the Schedules (as defined herein) filed by the Debtors; provided that (i) the Claim is *not* scheduled as "disputed," "contingent," or "unliquidated," (ii) the claimant agrees with the amount, nature and priority of the Claim as set forth in the Schedules, and (iii) the claimant does not dispute that the Claim is an obligation of the specific Debtor against which the Claim is listed on the Schedules;

c)  (i) the ABL/FILO DIP Secured Parties, on account of Claims arising under or in connection with the ABL/FILO DIP Documents, (ii) the Term DIP Secured Parties, on account of Claims arising under or in connection with the Term DIP Documents, (iii) the Prepetition ABL/FILO Secured Parties, on account of Claims arising under or in connection with the Prepetition ABL/FILO Documents, and (iv) the Prepetition Secured Term Loan Parties, on account of Claims arising under or in connection with the Prepetition Secured Term Loan Documents, *provided* that if either the Prepetition ABL/FILO Agent or the Prepetition Secured Term Loan Agent files a Proof of Claim on account of the Prepetition ABL/FILO Documents or the Prepetition Secured Term Loan Documents, respectively, they shall be authorized to file one Proof of Claim with respect to all Claims arising under the Prepetition ABL/FILO Documents or the Prepetition Secured Term Loan Documents, respectively, and such Proof of Claim shall constitute the filing of a Proof of Claim in the chapter 11 cases of all other

4

Debtors against whom a Claim may be asserted under the Prepetition ABL/FILO Documents or the Prepetition Secured Term Loan Documents, respectively;[5]

d) any holder of a Claim previously allowed by order of this Court;

e) any holder of a Claim that has already been paid in full;

f) any holder of a Claim for which a specific deadline has previously been fixed by this Court or otherwise is fixed pursuant to the Bar Date Order;

g) any Debtor having a Claim against another Debtor or any of the non-debtor subsidiaries (whether direct or indirect) having a Claim against any of the Debtors;

h) any holder of an equity interest in the Debtors with respect to the ownership of such equity interest, *provided*, *however*, that any holder of an equity interest who wishes to assert a Claim against the Debtors, including a Claim relating to such equity interest or the purchase or sale of such interest, must file a Proof of Claim asserting such Claim on or prior to the General Claims Bar Date pursuant to procedures set forth herein;

i) any holder of a Claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense incurred in the ordinary course, *provided*, *however*, that any person or entity asserting a Claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such Claims by filing a request for payment or a Proof of Claim on or prior to the General Claims Bar Date;

j) any current employee of the Debtors on account of any Claim the Court has authorized the Debtors to honor in the ordinary course of business as a wage, commission, or benefit, *provided*, *however*, that a current employee must submit a Proof of Claim by the General Claims Bar Date for all other Claims arising before the Petition Date, including Claims for wrongful termination, discrimination, harassment, hostile work environment, and retaliation and Claims covered by the Debtors' workers' compensation insurance;

k) any current or former officer or director for indemnification, contribution, or reimbursement;

l) any present or former employees of a Debtor whose employment is or was, as applicable, subject to the terms of a collective bargaining agreement (and, with respect to benefit claims, spouses and beneficiaries of such employees) or any labor union representing such employees (collectively, "CBA Parties") with respect to prepetition claims based solely on the payment of wages, salaries, employee medical benefits, insurance benefits, or other benefits the Court has authorized the Debtors to

---

[5] Capitalized terms used in this Paragraph (c) shall have the meanings set forth in the *Interim Order (A) Authorizing the Debtors to Obtain Postpetition Financing, (B) Authorizing the Debtors to use Cash Collateral, (C) Granting Liens and Providing Superpriority Administrative Expense Status, (D) Granting Adequate Protection to the Prepetition Secured Parties, (E) Modifying the Automatic Stay, (F) Scheduling a Final hearing, and (G) Granting Related Relief* [Docket No. 80].

5

honor in the ordinary course of business. CBA Parties need not submit Claims for such amounts unless the Debtors have provided written notice to certain CBA Parties and their unions, where applicable, that the Debtors do not intend to pay such Claims with respect to those certain CBA Parties, in which case those CBA Parties will have until the later of (i) the General Claims Bar Date and (ii) 35 days after the date of written notice to submit Proofs of Claim. Notwithstanding the foregoing, employees (present or former) or the labor unions must submit claims relating to grievances prior to the General Claims Bar Date to the extent the grounds for such grievances arose on or before the Petition Date, *provided* that labor unions may submit a claim itemizing such grievances on behalf of their respective members;

m) the Unsecured Term Loan Agent and Unsecured Term Loan Lenders (each as defined in the *Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 128] (the "Plan")), on account of Unsecured Term Loan Claims (as defined in the Plan), *provided* that if the Unsecured Term Loan Agent files a Proof of Claim, it shall be authorized to file one Proof of Claim with respect to all Claims arising under the Unsecured Term Loan Documents (as defined in the Plan) and such Proof of Claim shall constitute the filing of a Proof of Claim in the chapter 11 cases of all other Debtors against whom a Claim may be asserted under the Unsecured Term Loan Documents;

n) the Indenture Trustees (as defined in the Plan) and the individual holders of 2019 Notes or 2034 Notes (each as defined in the Plan), on account of 2019 Notes Claims or 2034 Notes Claims (each as defined in the Plan), provided that if any of the Indenture Trustees files a Proof of Claim, such applicable Indenture Trustee shall be authorized to file one Proof of Claim with respect to all Claims arising under the applicable indenture, *provided, further*, that any Proof of Claim filed by an individual holder of 2019 Notes or 2034 Notes may be determined during the Debtors' claims reconciliation process to be duplicative of the applicable 2019 Notes Claim or 2034 Notes Claim filed by the respective Indenture Trustees or the 2034 Notes Claim or 2019 Notes Claim as allowed pursuant to the Plan; and

o) any person or entity holding a Claim solely against the Debtors' non-debtor affiliates.

THIS NOTICE IS BEING SENT TO MANY PERSONS AND ENTITIES THAT HAVE HAD SOME RELATIONSHIP WITH OR HAVE DONE BUSINESS WITH THE DEBTORS BUT MAY NOT HAVE AN UNPAID CLAIM AGAINST THE DEBTORS. THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THIS COURT BELIEVE THAT YOU HAVE ANY CLAIM.

## Executory Contracts and Unexpired Leases

If you have a Claim arising from the rejection of an executory contract or unexpired lease, you must submit your Proof of Claim based on such rejection on or before the later of (a) the General Claims Bar Date and (b) any date this Court may fix in the applicable order authorizing such rejection and, if no such date is provided, 35 days after the date of entry of such order, (the "Rejection Bar Date"). The Debtors will provide notice of the Rejection Bar Date to the contract or lease counterparty whose contract or lease is being rejected at the time the Debtors reject any executory contract or unexpired lease.

KE 53670722

### Supplemental Bar Date

In the event the Debtors amend or supplement their Schedules, the Debtors shall give notice of any such amendment to the holders of any Claim affected thereby, and such holders shall be afforded until the later of (a) the applicable General Claims Bar Date or the Governmental Bar Date, and (b) 35 days after the date on which such notice is given of such amendment or supplement to the Schedules, to submit a Proof of Claim or be forever barred from doing so.

### The Debtors' Schedules and Access Thereto

You may be listed as the holder of a Claim against one or more of the Debtors in the Debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (collectively, the "Schedules").

Copies of the Debtors' Schedules are available: (a) from the Notice and Claims Agent by calling (855) 628-7533 for callers in the United States or by calling (917) 651-0324 for callers outside the United States and/or visiting the Debtors' restructuring website at: https://cases.primeclerk.com/ninewest or (b) for inspection on this Court's website at http://ecf.nysb.uscourts.gov. A login and password to this Court's Public Access to Electronic Court Records are required to access this information and can be obtained at http://www.pacer.psc.uscourts.gov. Copies of the Schedules may also be examined between the hours of 9:00 a.m. and 4:00 p.m., Monday through Friday, at the Office of the Clerk of the Bankruptcy Court, One Bowling Green, New York, New York 10004-1408.

To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the enclosed Proof of Claim forms regarding the nature, amount, and classification of your Claim(s). If the Debtors believe that you hold Claims against more than one Debtor, you will receive multiple Proof of Claim forms, each of which will reflect the nature and amount of your Claim listed in the Schedules.

If you rely on the Debtors' Schedules, it is your responsibility to determine that the Claim is accurately listed in the Schedules; however, you may rely on the enclosed Proof of Claim form, which lists your Claim as scheduled, identifies the Debtor against which it is scheduled, and specifies whether the Claim is disputed, contingent, or unliquidated.

As set forth above, if you agree with the nature, amount, and classification of your Claim as listed in the Debtors' Schedules, and if you do not dispute that your Claim is only against the Debtor specified by the Debtors, and if your Claim is **not** described as "disputed," "contingent," or "unliquidated," **you need not submit a Proof of Claim**. Otherwise, or if you decide to submit a Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this notice.

### Reservation of Rights

Nothing contained in this Bar Date Notice is intended, or should be construed, as a waiver of the Debtors' right to: (a) dispute, or assert offsets or defenses against, any submitted Proof of Claim or any Claim listed or reflected in the Schedules as to the nature, amount, liability, or classification of such Claims; (b) subsequently designate any scheduled Claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

KE 53670722

**Consequences of Failure To Submit a Proof of Claim by the Applicable Bar Date**

ANY HOLDER OF A CLAIM THAT IS <u>NOT</u> LISTED IN THIS NOTICE AS A PARTY EXCEPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER AND THAT FAILS TO TIMELY SUBMIT A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM (1) ASSERTING SUCH CLAIM AGAINST THE DEBTORS AND THEIR CHAPTER 11 ESTATES, (2) VOTING ON ANY CHAPTER 11 PLAN OF REORGANIZATION FILED IN THESE CASES ON ACCOUNT OF SUCH CLAIM, AND (3) PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM.

**BY ORDER OF THE COURT**

New York, New York
Dated: May 24, 2018

*/s/ Joseph M. Graham*
James H.M. Sprayregen, P.C.
Christopher J. Marcus, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:   (212) 446-4800
Facsimile:    (212) 446-4900

- and -

James A. Stempel (admitted *pro hac vice*)
Joseph M. Graham (admitted *pro hac vice*)
Angela M. Snell (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:    (312) 862-2200

*Proposed Counsel to the Debtors and Debtors in Possession*

**Exhibit B**

**UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

Fill in this information to identify the case (Select only one Debtor per claim form):

☐ Nine West Holdings, Inc. (Case No. 18-10947)   ☐ Nine West Distribution LLC (Case No. 18-10954)
☐ Jasper Parent LLC (Case No. 18-10948)   ☐ Nine West Jeanswear Holding LLC (Case No. 18-10956)
☐ Kasper Group LLC (Case No. 18-10949)   ☐ Nine West Management Service LLC (Case No. 18-10957)
☐ Kasper U.S. Blocker LLC (Case No. 18-10950)   ☐ One Jeanswear Group Inc. (Case No. 18-10958)
☐ Nine West Apparel Holdings LLC (Case No. 18-10951)   ☐ US KIC Top Hat LLC (Case No. 18-10959)
☐ Nine West Development LLC (Case No. 18-10953)

Modified Official Form 410

# Proof of Claim     04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

### Part 1: Identify the Claim

1. **Who is the current creditor?**
   Name of the current creditor (the person or entity to be paid for this claim)
   Other names the creditor used with the debtor

2. **Has this claim been acquired from someone else?**
   ☐ No
   ☐ Yes. From whom?

3. **Where should notices and payments to the creditor be sent?**
   Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

   Where should notices to the creditor be sent?

   Contact phone
   Contact email

   Where should payments to the creditor be sent? (if different)

   Name
   Number     Street
   City     State     ZIP Code
   Contact phone
   Contact email

4. **Does this claim amend one already filed?**
   ☐ No
   ☐ Yes.   Claim number on court claims registry (if known) _____     Filed on ___ / ___ / ____
                                                                           MM / DD / YYYY

5. **Do you know if anyone else has filed a proof of claim for this claim?**
   ☐ No
   ☐ Yes. Who made the earlier filing?

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

| | | |
|---|---|---|
| 6. | **Do you have any number you use to identify the debtor?** | ❑ No<br>❑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____  ____  ____  ____ |
| 7. | **How much is the claim?** | $_____. **Does this amount include interest or other charges?**<br>❑ No<br>❑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. | **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as health care information.<br>_____ |
| 9. | **Is all or part of the claim secured?** | ❑ No<br>❑ Yes. The claim is secured by a lien on property.<br><br>**Nature of property:**<br>❑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*<br>❑ Motor vehicle<br>❑ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property**:             $_____<br><br>**Amount of the claim that is secured:**     $_____<br><br>**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:**     $_____<br><br>**Annual Interest Rate** (when case was filed) _____%<br>❑ Fixed<br>❑ Variable |
| 10. | **Is this claim based on a lease?** | ❑ No<br>❑ Yes. **Amount necessary to cure any default as of the date of the petition.**     $_____ |
| 11. | **Is this claim subject to a right of setoff?** | ❑ No<br>❑ Yes. Identify the property: _____ |

Modified Official Form 410          **Proof of Claim**          page 2

| | | |
|---|---|---|
| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ❑ No<br>❑ Yes. *Check one:*<br><br>❑ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).<br><br>❑ Up to $2,850 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).<br><br>❑ Wages, salaries, or commissions (up to $12,850) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).<br><br>❑ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).<br><br>❑ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).<br><br>❑ Other. Specify subsection of 11 U.S.C. § 507(a)(  ) that applies. | **Amount entitled to priority**<br><br>$_____<br><br>$_____<br><br>$_____<br><br>$_____<br><br>$_____<br><br>$_____ |
| 13. **Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ❑ No<br><br>❑ Yes. **Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case(s), in which the goods have been sold to the debtor in the ordinary course of such debtor's business. Attach documentation supporting such claim.** | $_____ |

## Part 3:   Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

❑  I am the creditor.
❑  I am the creditor's attorney or authorized agent.
❑  I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
❑  I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____ (mm/dd/yyyy)

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name    _____
         First name          Middle name          Last name

Title    _____

Company  _____
         Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  _____
         Number          Street

         _____
         City                      State      ZIP Code

Contact phone _____    Email _____

Modified Official Form 410                              **Proof of Claim**                              page 3

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                                                       12/15

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.** Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

    Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at http://cases.primeclerk.com/ninewest.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. § 503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. § 101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. § 507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. § 506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of § 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

### Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

### Please send completed Proof(s) of Claim to:

Nine West Holdings, Inc. Claims Processing Center
c/o Prime Clerk LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

**Do not file these instructions with your form**