Jonathan D. Fink
4316 Marina City Drive # 427
Marina Del Rey, CA 90292
Telephone: (310) 503-3189

*In Pro Per*

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | ) Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff, | ) |
| v. | ) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | ) SIPA Liquidation |
| Defendant. | ) |

RECEIVED
AUG 21 2009
U.S. BANKRUPTCY COURT, SDNY

## OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM

Jonathan D. Fink, acting in pro per, hereby objects to the Notice of Trustee's
Determination of Claim dated July 24, 2009 ("Determination Letter"), a true copy of which is
attached as Exhibit "A" hereto.

I.    **BACKGROUND**

1.    Jonathan D. Fink is a "customer," as defined by the Securities Investor Protection
Act ("SIPA"), of Bernard L. Madoff Investment Securities, LLC ("BMIS").

2.    Mr. Fink's final BMIS statement, dated November 30, 2008, states that he owns
securities valued at $295,881.49 ("Final BMIS Statement").

3.    On December 11, 2008, the above-captioned liquidation proceeding was
commenced against BMIS, pursuant to the Securities Investor Protection Act of 1970 ("SIPA").

*See* Order, Securities and Exchange Commission v. Madoff, No. 08-10791 (S.D.N.Y. Dec. 15, 2008) (ordering relief under SIPA and transferring proceeding to the United States Bankruptcy Court for the Southern District of New York) [Docket No. 4]. Irving Picard was appointed Trustee ("BMIS Trustee"), charged with overseeing the liquidation of BMIS and processing customer claims for money pursuant to SIPA. Id.; 15 U.S.C. 78fff-1(a).

4.      On December 23, 2008, the Court issued an Order directing the Trustee to disseminate notice and claim forms to BMIS customers and setting forth claim-filing deadlines. *See* Order [Docket No. 12]. Upon information and belief, the BMIS Trustee disseminated notice and claim forms to BMIS's customers in accordance with the Court's Order.

5.      The December 23, 2008 Order further provided that, to the extent the BMIS Trustee disagrees with the amount set forth on a customer claim form, the BMIS Trustee "shall notify such claimant by mail of his determination that the claim is disallowed, in whole or in part, and the reason therefor . . . ." *See* Order at 6 (emphasis added) [Docket No. 12].

6.      On or about January 24, 2009, Mr. Fink submitted a customer claim form to SIPC, setting forth his claim in the amount of approximately $295,881.49. *See* Customer Claim for Account No. 1ZR044 ("Fink Customer Claim"), a true copy of which is attached as Exhibit "B" hereto.[1]

7.      On July 24, 2009, the BMIS Trustee sent Mr. Fink the Determination Letter allowing Mr. Fink's claim only in the amount of $43,086.00, rather than $295,881.49, the total amount that Mr. Fink claimed. *See* Determination Letter (Exhibit "A" hereto).

8.      Mr. Fink hereby objects to the Determination Letter for the reasons described below.

## II.    **GROUNDS FOR OBJECTION:**

9.      First Objection. The Determination Letter fails to comply with this Court's December 23, 2008 Order, which directs the BMIS Trustee to satisfy customer claims and deliver securities in accordance "with the Debtor's books and records." *See* December 23, 2008

---

[1] For purposes of reducing the risk of identity theft, the Social Security number has been redacted.

Order at 5 [Docket No. 12]. Included with Mr. Fink's Customer Claim was his final BMIS
statement showing a final balance of at least $295,881.49  *See* Fink Customer Claim (Exhibit
"B" hereto). The Final BMIS statement is the best evidence of the amount owed based on the
Debtor's books and records. Accordingly, the claim should be allowed in the full amount of
$295,881.49.

10.     Second Objection. The Trustee has set forth no legal basis for disallowing the
Fink Customer Claim in full as filed. The only explanations set forth in the Determination Letter
are that (1) "[n]o securities were ever purchased for your account," and (2) the "claim is allowed
for . . . the amount of money you deposited with BLMIS for the purchase of securities as
outlined in Table 1." *See* Determination Letter (Exhibit "A" hereto).  Neither of these purported
grounds for disallowance have any statutory or other legal basis. Moreover, the Determination
Letter: (a) does not clearly provide "the reason" for the disallowance, as required by the Court's
December 23, 2008 Order, *see* Order [Docket No. 12]; (b) is inadequate to rebut the prima facie
validity of the Fink Customer Claim as provided in Section 502(a) of the Bankruptcy Code and
Federal Rules of Bankruptcy Procedure Rule 3001(f); and (c) violates general principles of
applicable law and practice requiring that an objection to a proof of claim set forth, at a
minimum, the relevant facts and legal theories upon which the objection is based. *See, e.g.,*
Collier on Bankruptcy ¶ 3007.01(3) (15th ed.) ("[A]n objection to a claim should . . . meet the
[pleading] standards of an answer. It should make clear which facts are disputed; it should allege
facts necessary to affirmative defenses; and it should describe the theoretical bases of those
defenses."); *In re Enron Corp.*, No. 01-16034, 2003 Bankr. LEXIS 2261, at * (Bankr. S.D.N.Y.
Jan. 13, 2003) (to the same effect).

11.     Third Objection. 15 U.S.C. Section 78fff-2(b) provides that a customer's claim
shall be allowed in the amount of the customer's "net equity." 15 U.S.C. § 78fff-2(b). Upon
information and belief, the Trustee objects to the Fink Customer Claim on the ground that "net
equity" should be determined by principal contributed to the account less any withdrawals,
without regard to any gains reflected in the Final BMIS Statement or prior BMIS statements. *See*

Determination Letter Table 1 (Exhibit "A" hereto). This is incorrect for at least the following
reasons:

(a) The Trustee's construction of the statute ignores SIPA's express language which
defines "net equity" as:

> [T]he dollar amount of the account or accounts of a customer, to be determined by
> -- (A) calculating the sum which would have been owed by the debtor to such
> customer if the debtor had liquidated, by sale or purchase on the filing date, all
> securities positions of such customer (other than customer name securities
> reclaimed by such customer); minus (B) any indebtedness of such customer to the
> debtor on the filing date;...

15 U.S.C. § 78*lll*(11). The Trustee's proposed formulation has no support in the language of the
statute or interpreting case law and in fact, impermissibly adds words and concepts to the statute
which do not exist and which have never been authorized to be included. Indeed, the SIPC is
*prohibited* from changing the statutory definition of "net equity" by 15 U.S.C. § 78*ccc*(b)(4)(A);

(b) The SIPA's legislative history emphasizes Congress's intention that the statute protect
customer expectations by ensuring that customers of retail brokerage firms can rely on their
account statements. The BMIS statements received by Mr. Fink stated that he owned a list of
blue chip securities. It makes no difference whether the securities were in fact purchased since
the representation was made, and relied upon, that they were:

> A customer generally expects to receive what he believes is in his account at the
> time the stockbroker ceases business. But because securities may have been lost,
> improperly hypothecated, misappropriated, never purchased, or even stolen, it is
> not always possible to provide to customers that which they expect to receive, that
> is, securities which they maintained in their brokerage account. . . . By seeking to
> make customer accounts whole and returning them to customers in the form they
> existed on the filing date, the amendments . . . would satisfy customers' legitimate
> expectations . . . .

S. Rep. No. 95-763, at 2 (1978) (emphasis added). Further, When SIPA was amended in 1978,
the goal was to fix "[o]ne of the greatest shortcomings of the procedure under the 1970 Act, to be
remedied by [the 1978 amendments], *[i.e.],* . . . **the failure to meet legitimate customer
expectations of receiving what was in their account at the time of their broker's
insolvency.**" D 922 Cong. Rec. H. 36326 (Daily ed. Nov. 1, 1977)(statement of Rep. Robert C.

Eckhardt)(emphasis added).  While there might arguably be a basis to disallow customer claims for wholly fictitious securities—*i.e.* purportedly issued by entities which do not in fact exist, here the securities set forth on Mr. Fink's Final BMIS Statement and prior statements were those of actual companies listed on the stock exchange;

(c) The Trustee's Determination Letter is contrary to SIPC's own policies and practices, as reflected in the sworn testimony of Stephen Harbeck, SIPC's president and CEO, and its actions in similar liquidation proceedings. For example, in the *New Times* SIPA liquidation, in the context of discussing claims filing deadlines, Harbeck acknowledged that SIPC would replace securities listed on customer account statements, even if the securities had never been purchased:

> Harbeck: [I]f you file within sixty days, you'll get the securities, without question. Whether -- if they triple in value, you'll get the securities. . . . Even if they're not there.
>
> Court: Even if they're not there.
>
> Harbeck: Correct.
>
> Court: In other words, if the money was diverted, converted –
>
> Harbeck: And the securities were never purchased.
>
> Court. Okay.
>
> Harbeck: And if those positions triple, we will gladly give the people their securities positions.

Transcript at 37-39, *In re New Times Securities Services, Inc.*, No. 00-8178 (Bankr. E.D.N.Y. July 28, 2000). The Second Circuit's discussion of SIPC's claims processing in *New Times* further indicates that, with respect to customers who thought they were invested in listed securities, SIPC paid customer claims based on the customers' final account statements, even where the securities had never been purchased:

> "Meanwhile, investors who were misled . . . to believe that they were investing in mutual funds that in reality existed were treated much more favorably. Although they were not actually invested in those real funds -- because Goren never

executed the transactions -- the information that these claimants received on their
account statements mirrored what would have happened had the given transaction
been executed? As a result, the Trustee deemed those customers' claims to be
"securities claims" eligible to receive up to $500,000 in SIPC advances. The
Trustee indicates that this disparate treatment was justified because he could
purchase real, existing securities to satisfy such securities claims. Furthermore,
the Trustee notes that, if they were checking on their mutual funds, the "securities
claimants," . . . could have confirmed the existence of those funds and tracked the
funds' performance against Goren's account statements."

*In re New Times Securities Services*, 371 F.3d 68, 74 (2d Cir. 2004).

12.    Mr. Fink is situated no differently from the "securities claimants" discussed by

the Second Circuit. The monies he deposited were as part of his IRA and his intent and

expectation was that those monies would be prudently invested, rolled over, and continue to

grow over the years in order to provide for his retirement—the monies were not placed in a safe

deposit box, they were invested and he received periodic written confirmations and other

communications from BMI purporting to show that trades were being made as promised. *See* 17

CFR §§ 300.501 and 300.502; *cf. Visconsi v. Lehman Bros. Inc.*, 244 Fed.Appx. 708, 2007 WL

2258827 (C.A.6 2007). As alleged by the SEC in its recent Complaint filed against BMI's "key

lieutenant," Frank DiPascali, Jr., on August 11, 2009, *SEC v. DiPascali*, USDC SDNY Case No.

09 CV 7085:

> 55. One reason the fraud was not detected for so long was DiPascali's
> considerable success in overseeing the creation of large quantities of false books
> and records that corroborated the fictitious trading.
>
> 56. In addition to allocating trades and generating trade confirmations and account
> statements, the *AS/400* computer system housed and automatically generated
> books and records reflecting the phantom trading in the advisory accounts.

13.    In addition, annual fees were paid to a company (now known as Fiserv) which

served as the Custodian for the IRA. There was also a supposedly independent accounting firm

employed by BMI which claimed to review its records to confirm the existence and legitimacy of

the transactions and which would periodically communicate with investors such as Mr. Fink to

provide further assurances that the funds were all properly accounted for.

14.    Indeed, the SEC apparently investigated BMI on several occasions and consistently failed to find any problem. If the agency charged with protecting investors, with all its resources and expertise, failed to uncover the scheme, why should an ordinary investor be penalized for entrusting BMI with retirement funds and relying on the documented growth in that account? Accordingly, Mr. Fink's claim should be recognized in full.

15.    In the event that the Court should determine that claimed gains on deposited funds should not be allowed, then in the alternative, Mr. Fink is entitled to recover interest on such deposited amounts. Such interest is required as a matter of state law, and the United States Supreme Court has determined that in bankruptcy cases, creditor claims, including the right to interest, are determined by state law. *See Travelers Cas. & Sur. Co. of America v. PG&E*, 549 U.S. 443, 450-51 (2007) ("[W]e have long recognized that the 'basic federal rule' in bankruptcy is that state law governs the substance of claims, Congress having generally left the determination of property rights in the assets of a bankrupt's estate to state law."). (a) Under New York law, which is applicable here, funds deposited with the Debtors under these circumstances are entitled to interest. *See, e.g.,* N.Y.C.P.L.R. § 5004; N.Y. Gen. Oblig. § 5-501, et seq. Accordingly, Customer claims should be recalculated by adding interest to all funds deposited by customers such as Mr. Fink; (b) Under New York law, which is applicable here, customers are entitled to any returns the Debtors earned on the deposited funds under principles of unjust enrichment. Accordingly, Customer claims should be recalculated by adding the amounts earned by the Debtors on Mr. Fink's deposits. *See, e.g., Steinberg v. Sherman,* No. 07-1001, 2008 U.S. Dist. LEXIS 35786, at *14-15 (S.D.N.Y. May 2, 2008) ("Causes of action such as . . . conversion and unjust enrichment qualify for the recovery of prejudgment interest."); *Eighteen Holding Corp. v. Drizin,* 701 N.Y.S.2d 427, 428 (1st Dep't 2000) (awarding prejudgment interest on claims for unjust enrichment and conversion).

16.    **Fourth Objection.** The BMIS Trustee's action in reducing the amount shown on Mr. Fink's Customer Claim by any prior gains reflected on his final BMIS statement or prior BMIS statements is an attempt to avoid such gains without alleging any grounds for avoidance or proving that such gains are avoidable under the Bankruptcy Code's avoidance provisions. As

such, any such disallowance is improper and unjustified, and the Determination letter should be stricken. *See* Federal Rules of Bankruptcy Procedure Rules 7001(1), 7008.

17.    Fifth Objection. The BMIS Trustee has sought to condition Mr. Fink's receipt of any SIPC funds (including undisputed amounts) on the execution of an Assignment and Release that would "release and forever discharge the SIPA Trustee and SIPC . . . from any and all claims arising out of or relating to [Mr. Fink's] BMIS Account, the Customer Claim filed with the SIPA Trustee . . . , and any and all circumstances giving rise to the Customer Claim . . . ." *See* Determination Letter (Exhibit "A" hereto). There is no legal basis for requiring such an Assignment and Release, and the Trustee's actions attempt to compel Mr. Fink to give up substantial rights which are disputed as a condition to receiving amounts that are undisputed. Indeed, conditioning the payment of funds to which customers are statutorily entitled on the execution of a release is contrary to the provisions of SIPA which direct that customer claims be paid "promptly." *See* 15 U.S.C. § 78fff(a)(1) (noting that one of the purposes of a SIPA liquidation proceeding is "to distribute customer property and . . . otherwise satisfy net equity claims of customers . . . as promptly as possible after the appointment of a trustee."); 15 U.S.C. §78fff-2(b) ("[T]he trustee shall promptly discharge . . . all obligations of the debtor to a customer. . . by the . . . making of payments to or for the account of such customer."). Moreover, the demand for a release and assignment violates specific provisions of SIPA providing limited subrogation rights to the BMIS Trustee, which do not include the assignment and release sought by the BMIS Trustee. *See, e.g.*, 15 U.S.C. § 78fff(a)(3) (providing that Trustee has "rights of subrogation as provided in this chapter"); 15 U.S.C. § 78fff-2(c)(3) (providing that Trustee's rights as subrogee are subordinate to rights of customers to customer property). In addition, the Trustee's demand is both unconscionable and contrary to public policy and should be stricken.

**III.    RELIEF REQUESTED:**

18.    For the reasons stated herein, the Fink Customer Claim should be allowed in its entirety.

19.     For the reasons stated herein, the Court should direct SIPC to issue immediate payment to Mr. Fink in the amount of $295,881.49, plus interest from the date of the Determination Letter, and such equitable relief as the Court deems appropriate.

20.     The BMIS Trustee's determination amounts to an improper disallowance of a claim that has prima facie validity. *See* Bankruptcy Code § 502(a). The BMIS Trustee has offered no factual or legal basis for his Determination. The BMIS Trustee's Determination Letter, and the objections contained therein, should be stricken, or alternatively, the BMIS Trustee should describe his position in detail including all relevant facts, legal theories, and authorities. Upon the filing of such a statement, this matter will be a contested proceeding under Rule 9014, and Mr. Fink will file a response.

21.     Mr. Fink requests such other relief as may be just and equitable.

## IV.    **CONCLUSION:**

22.     Mr. Fink reserves the right to revise, supplement, or amend this Objection, and any failure to object on a particular ground or grounds shall not be construed as a waiver of Mr. Fink's right to object on any additional grounds.

23.     Mr. Fink reserves all rights set forth Rule 9014, including, without limitation, rights of discovery. *See* Federal Rules of Bankruptcy Procedure Rule 9014.

24.     Mr. Fink reserves all objections as to the competence, relevance, materiality, privilege, or admissibility of evidence in any subsequent proceeding or trial of this or any other action for any purpose whatsoever.

Respectfully submitted,

Dated: August 10, 2009          By: _____

Jonathan D. Fink, In Pro Per
4316 Marina City Dr. # 427
Marina Del Rey, CA  90292
310-503-3189

# EXHIBIT "A"

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

### DECEMBER 11, 2008[1]

## NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

July 24, 2009

Jonathan Fink (IRA)
4316 Marina City Dr., Apt. #427
Marina Del Rey, CA 90292

Dear Mr. Fink (IRA):

### PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT
SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the
Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order
entered on December 15, 2008 by the United States District Court for the Southern District of
New York.

The Trustee has made the following determination regarding your claim on BLMIS
Account No. 1ZR044 designated as Claim Number 001339:

Your claim for a credit balance of $295,881.49 and for securities is **DENIED**. No
securities were ever purchased for your account.

Your claim is **ALLOWED** for $43,086.00, which is the amount of money you deposited
with BLMIS for the purchase of securities, less subsequent withdrawals, as outlined in Table 1.

---

[1] Section 78*lll*(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is
filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court
"in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced
before the date on which such application was filed, the term 'filing date' means the date on which such proceeding
was commenced." Section 78*lll*(7)(B). Thus, even though the Application for a protective decree was filed on
December 15, 2008, the Filing Date in this action is on December 11, 2008.

| TABLE 1: DEPOSITS | |
| --- | --- |
| **DATE** | **AMOUNT** |
| 12/10/1992 | $43,086.00 |
| 12/15/1992 | $43,086.16 |
| | |
| Total deposits: | $86,172.16 |
| | |
| WITHDRAWALS | |
| **DATE** | **AMOUNT** |
| 12/15/1992 | $43,086.00 |
| 1/4/1993 | $0.16 |
| | |
| Total withdrawals: | $43,086.16 |
| **Total deposits less withdrawals:** | **$43,086.00** |

Your **ALLOWED CLAIM** of $ 43,086.00 will be satisfied in the following manner:

The enclosed **RELEASE AND ASSIGNMENT** must be executed, notarized and returned in the envelope provided herewith. You also should provide the name of the custodian for your IRA. Upon receipt of the executed and notarized **RELEASE AND ASSIGNMENT**, and designation of your IRA custodian the Trustee will fully satisfy your **ALLOWED CLAIM** by sending you a check in the amount of $43,086.00, with the funds being advanced by Securities Investor Protection Corporation pursuant to section 78fff-3(a)(1) of SIPA.

**PLEASE TAKE NOTICE:** Should a final and unappealable court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Partial Assignment and Release shall be construed as a waiver of any rights or claims held by Jonathan Fink in having his customer claim re-determined in accordance with any such Court order.

**PLEASE TAKE FURTHER NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after July 24, 2009, the date on which the Trustee mailed this notice.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York 10004

and

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10011

Should a final and unappealable court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Assignment and Release shall be construed as a waiver of any rights or claims held by Assignor in having its customer claim re-determined in accordance with any such Court order.

_____
Irving H. Picard

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

cc:   NTC & CO.
      FBO Jonathan Fink
      P.O. Box 173859
      Denver, Colorado 80217

# EXHIBIT "B"

# CUSTOMER CLAIM

Claim Number_____

Date Received_____

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

### DECEMBER 11, 2008

Irving H. Picard, Esq.
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

Provide your office and home telephone no.

OFFICE: 949 - 477 - 5068

HOME: 310 - 827 - 7088

Taxpayer I.D. Number (Social Security No.)
102 - 44 - 2815

Account Number: 1ZR044
NTC & CO.
FBO JONATHAN D FINK (89784)
P O BOX 173859
DENVER, CO 80217

(If incorrect, please change)

**NOTE:** BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY THE ACCOMPANYING INSTRUCTION SHEET. A SEPARATE CLAIM FORM SHOULD BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL PROTECTION AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE RECEIVED BY THE TRUSTEE ON OR BEFORE March 4, 2009. CLAIMS RECEIVED AFTER THAT DATE, BUT ON OR BEFORE July 2, 2009, WILL BE SUBJECT TO DELAYED PROCESSING AND TO BEING SATISFIED ON TERMS LESS FAVORABLE TO THE CLAIMANT. PLEASE SEND YOUR CLAIM FORM BY CERTIFIED MAIL - RETURN RECEIPT REQUESTED.

*********************************************************************

1. Claim for money balances as of **December 11, 2008**:
   a. The Broker owes me a Credit (Cr.) Balance of    $___—0—___ (?)
   b. I owe the Broker a Debit (Dr.) Balance of    $___—0—___

502180406

c.  If you wish to repay the Debit Balance,
please insert the amount you wish to repay and
attach a check payable to "Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC."
If you wish to make a payment, **it must be enclosed**
with this claim form.                                          $ _— 0 —_

d.  If balance is zero, insert "None."                              _NoNE_

2.  Claim for securities as of **December 11, 2008**:

# PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.

|  |  | YES | NO |
|---|---|---|---|
| a. | The Broker owes me securities | ✓ | |
| b. | I owe the Broker securities | | ✓ |

c.  If yes to either, please list below:

| Date of Transaction (trade date) | Name of Security | Number of Shares or Face Amount of Bonds | |
|---|---|---|---|
| | | The Broker Owes Me (Long) | I Owe the Broker (Short) |
| 11/12/08 and 11/19/08 | SEE ENCLOSED COPY of STATEMENT FOR DETAILS | 295,881.49 | 0 |
| | ALL NUMBER TAKEN FROM | 9,900 | 13,980 — |
| | STATEMENT | | |

**Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclose, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation. You should also provide all documentation or**

502180406                                    2

information regarding any withdrawals you have ever made or payments received from the Debtor.

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement. If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.

**PLEASE CHECK THE APPROPRIATE ANSWER FOR ITEMS 3 THROUGH 9.**

**NOTE:**    IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION ON A SIGNED ATTACHMENT. IF SUFFICIENT DETAILS ARE NOT PROVIDED, THIS CLAIM FORM WILL BE RETURNED FOR YOUR COMPLETION.

|     |     | YES | NO |
|-----|-----|-----|-----|
| 3. | Has there been any change in your account since December 11, 2008? If so, please explain. | | √ |
| 4. | Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of the broker? | | √ |
| 5. | Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or policies of the broker? | | √ |
| 6. | Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in any way with the broker? If so, give name(s) | | √ |
| 7. | Is this claim being filed by or on behalf of a broker or dealer or a bank? If so, provide documentation with respect to each public customer on whose behalf you are claiming. | | √ |
| 8. | Have you ever given any discretionary authority to any person to execute securities transactions with or through the broker on your behalf? Give names, addresses and phone numbers. | | √ |

502180406                                     3

9.      Have you or any member of your family
         ever filed a claim under the Securities
         Investor Protection Act of 1970?  if
         so, give name of that broker.                _____   ✓ _____

         Please list the full name and address of anyone assisting you in the
         preparation of this claim form:_____

_____

If you cannot compute the amount of your claim, you may file an estimated claim.  In that
case, please indicate your claim is an estimated claim.

**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM.
CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR
IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.**

**THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY
INFORMATION AND BELIEF.**

Date _____1/24/09_____     Signature_____

Date _____     Signature_____

(If ownership of the account is shared, all must sign above.  Give each owner's name,
address, phone number, and extent of ownership on a signed separate sheet.  If other
than a personal account, *e.g.*, corporate, trustee, custodian, etc., also state your capacity
and authority.  Please supply the trust agreement or other proof of authority.)

**This customer claim form must be completed and mailed promptly,
together with supporting documentation, etc. to:**

Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

502180406

PORTFOLIO MANAGEMENT REPORT AS OF  9/30/08

THIS REPORT IS PROVIDED TO ASSIST YOU IN EVALUATING THE PERFORMANCE OF YOUR
ACCOUNT AND SHOULD NOT BE USED FOR INCOME TAX PURPOSES.

JONATHAN D FINK                           1-ZR044-3

4316 MARINA CITY DR APT #427
MARINA DEL REY        CA 90292

STARTING EQUITY FOR CURRENT YEAR                              265,746.27CR
CAPITAL ADDITIONS
CAPITAL WITHDRAWALS
REALIZED P/L FOR CURRENT YEAR                                  19,534.70CR
UNREALIZED P/L ON OPEN SECURITY POSITIONS                         222.75CR
CURRENT CASH BALANCE                                                .22CR
NET MARKET VALUE OF OPEN SECURITIES POSITIONS                 285,503.50
TOTAL EQUITY                                                 285,503.72CR   NET LONG

ANNUALIZED RETURN FOR CURRENT YEAR          9.90 %

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

**DUPLICATE** FOR ACCOUNT NYC & CO.
JONATHAN D FINK

4316-MARINA CITY DR APT #427
MARINA DEL REY        CA    90292

YOUR ACCOUNT NUMBER: 1-ZR044-3-0
PERIOD ENDING: 11/30/09
YOUR TAX ID: *****6253
PAGE 1

| DATE | BOUGHT Received or Long | SOLD Delivered or Short | FIRM | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|------|------|------|------|------|------|------|------|
| | | | | **BALANCE FORWARD** | | 14,975.06 | |
| 11/12 | 252 | | 1693 | WELLS FARGO & CO NEW | 29.800 | 7,519.60 | |
| 11/12 | 180 | | 3345 | | 34.900 | 6,282.00 | |
| 11/12 | 156 | | 2195 | | 55.430 | 8,715.48 | |
| 11/12 | 102 | | 5909 | WAL-MART STORES INC | 55.430 | 8,715.48 | |
| 11/12 | 378 | | 6521 | INTERNATIONAL BUSINESS MACHS | 82.270 | 8,905.54 | |
| 11/12 | 10345 | | 10847 | EXXON MOBIL CORP | 74.520 | 27,815.90 | |
| 11/12 | 414 | | 10847 | INTEL CORP | 16.510 | 6,023.14 | |
| 11/12 | 198 | | 15173 | JOHNSON & JOHNSON | 59.580 | 11,803.84 | |
| 11/12 | 270 | | 19608 | J.P. MORGAN CHASE & CO | 38.530 | 10,413.10 | |
| 11/12 | 144 | | 19928 | | | | |
| 11/12 | | 166 | 32476 | MERCK & CO | 28.550 | 4,459.80 | |
| 11/12 | | 570 | 36802 | MICROSOFT CORP | 21.810 | 12,453.70 | |
| 11/12 | | 288 | 41168 | ORACLE CORPORATION | | | |
| 11/12 | | 114 | 54608 | APPLE INC | 100.780 | 6,653.48 | |
| 11/12 | | 66 | 58432 | HEWLETT PACKARD CO | | | |
| 11/12 | | 486 | 62768 | PROCTER & GAMBLE CO | 64.080 | 13,649.28 | |
| 11/12 | 216 | | 63260 | AMGEN INC | 59.160 | 4,617.48 | |
| 11/12 | 78 | | 67084 | PHILIP MORRIS INTERNATIONAL | 43.600 | 4,566.00 | |
| 11/12 | 150 | | 62586 | BANK OF AMERICA | 24.590 | 7,786.40 | |
| 11/12 | 360 | | 71410 | QUALCOMM INC | 33.770 | 4,056.40 | |
| 11/12 | 120 | | 71912 | CITI GROUP INC | 12.510 | 4,893.90 | |
| 11/12 | 390 | | | | | | |

CONTINUED ON PAGE 2.

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

# BERNARD L. MADOFF

**MADF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

**DUPLICATE** FOR ACCOUNT   NTC & CO.
JONATHAN D FINK

4316 MARINA CITY DR APT #4427
MARINA DEL REY        CA  90292

| YOUR ACCOUNT NUMBER | PERIOD ENDING | TAX IDENTIFICATION NUMBER | PAGE |
|---|---|---|---|
| 1-ZR044-3-0 | 11/30/08 | ******6253 | 2 |

| DATE | BOUGHT RECEIVED | SOLD DELIVERED | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|
| 11/12 | 90 | | SCHLUMBERGER LTD | 49.480 | 4,455.20 | |
| 11/12 | 216 | | SCHLUMBERGER LTD | 16.510 | 3,574.16 | |
| 11/12 | 426 | | XTEX INC | | | |
| 11/12 | 108 | | CONOCOPHILLIPS | 52.510 | 5,675.08 | |
| 11/12 | 72 | | CONOCOPHILLIPS | 52.060 | 3,748.88 | |
| 11/12 | 438 | | UNITED PARCEL SVC INC | 16.730 | 7,334.74 | |
| 11/12 | 126 | | CISCO SYSTEMS INC | 29.530 | 3,734.78 | |
| 11/12 | 72 | | U S BANCORP | | 3,020.50 | |
| 11/12 | 204 | | VERIZON COMMUNICATIONS | 30.410 | 6,211.64 | |
| 11/12 | 18 | | GOOGLE | 332.400 | 6,073.20 | |
| 11/12 | | 225,000 | U S TREASURY | | | 224,856.00 |
|  | | | DUE 2/12/2009 | | | |
| 11/12 | | 61,538 | FIDELITY SPARTAN U.S. TREASURY MONEY MARKET | DIV | | 61,538.00 |
| 11/12 | 19403 | | DIV 11/12/08 FIDELITY SPARTAN | 1 | 11,509.00 | |
| 11/12 | 28771 | | U S TREASURY MONEY MARKET FIDELITY SPARTAN | 1 | | |
| 11/19 | 13,543 | | U.S. TREASURY MONEY MARKET FIDELITY SPARTAN | 1 | 13,543.00 | |
|  | | | U.S. TREASURY MONEY MARKET DIV 11/19/08 | DIV | | 1.66 |

CONTINUED ON PAGE   3

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

888 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

**DUPLICATE**   FOR ACCOUNT   NTC & CO.
JONATHAN D FINK

4316 MARINA CITY DR. APT #427
MARINA DEL REY    CA   90292

YOUR ACCOUNT NUMBER   1-ZR044-3-0

PERIOD ENDING   11/30/08

PAGE   3

YOUR TAX PAYER IDENTIFICATION NUMBER   ******6253

| DATE | BOUGHT RECEIVED | SOLD DELIVERED | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| 11/19 | | | | NEW BALANCE | | 31,739.08 | |
| 11/19 | 6,539 | | 63353 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | | 6,539.00 |
| | | | | FIDELITY SPARTAN U S TREASURY BILL DUE 03/26/2009 3/26/2009 | | | |
| 11/19 | 254,000 | | 58729 | U S TREASURY BILL | 99.926 | 253,981.50 | |
| 11/19 | | 13,543 | 54317 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | | 13,543.00 |
| | 426 | | | ABBOTT LABORATORIES | 52.390 | | |
| | 114 | | | ABSPN INC | 55.540 | | |
| | 18 | | | CHEVRON CORP | 79.010 | | |
| | 66 | | | CISCO SYSTEMS INC | 16.540 | | |
| | 350 | | | CITI GROUP INC | 8.290 | | |
| | 438 | | | COCA COLA CO | 46.870 | | |
| | 390 | | | COMCAST CORP | 17.340 | | |
| | 144 | | | CONOCOPHILLIPS | 52.520 | | |
| | 216 | | | EXXON MOBIL CORP | 80.150 | | |
| | 108 | | | GENERAL ELECTRIC CO | 17.170 | | |
| | 378 | | | | | | |
| | 762 | | | | | | |

CONTINUED ON PAGE 4.

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

**BERNARD L. MADOFF**
MADF  INVESTMENT SECURITIES LLC
☐ New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

**DUPLICATE**: FOR ACCOUNT   NTC & CO.
JONATHAN D FINK

4316 MARINA CITY DR APT #627
MARINA DEL REY          CA    90292

| YOUR ACCOUNT NUMBER | PERIOD ENDING | YOUR TAX PAYER IDENTIFICATION NUMBER | PAGE |
|---|---|---|---|
| 1-ZR044-3-0 | 11/30/08 | ******6253 | 4 |

| BOUGHT RECEIVED IN | SOLD DELIVERED OUT | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|
| 18 | | GOOGLE | 292.960 | | |
| 180 | | HEWLETT PACKARD CO | 33.800 | | |
| 102 | | HOME DEPOT INC | 21.600 | | |
| 270 | | INTERNATIONAL BUSINESS MACHS | 81.600 | | |
| 198 | | J.P. MORGAN CHASE & CO | 31.660 | | |
| 84 | | JOHNSON & JOHNSON | 58.580 | | |
| 156 | | MCDONALDS CORP | 58.970 | | |
| 156 | | MERCK & CO | 26.720 | | |
| 570 | | MICROSOFT CORP | 20.220 | | |
| 228 | | ORACLE CORPORATION | 16.490 | | |
| 132 | | PEPSICO INC | 56.520 | | |
| 486 | whatever spelt next on the unknown | PFIZER INC | 16.550 | | |
| 150 | | PHILLIP MORRIS INTERNATIONAL | 42.160 | | |
| 216 | | PROCTER & GAMBLE CO | 64.350 | | |
| 120 | | QUALCOMM INC | 37.670 | | |
| 90 | | SCHLUMBERGER LTD | 51.740 | | |
| | | U S TREASURY SPARTAN | 1 | | |
| | | FIDELITY MONEY MARKET | | | |
| 126 | | UNITED PARCEL SVC INC | 26.980 | | |
| 72 | | CLASS B | 57.600 | | |
| 25,000 | | U S TREASURY BILL | 99.971 | | |
| | | DUE 03/26/2009 | | | |
| | | 3/26/2009 | | | |
| 72 | | UNITED TECHNOLOGIES CORP | 48.530 | | |
| | | CONTINUED ON PAGE 5 | | | |

CONTINUED ON PAGE 5

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

BERNARD L. MADOFF
INVESTMENT SECURITIES LLC
New York ☐ London

☐ MADF

**DUPLICATE**: FOR ACCOUNT   NYC  &  CO.
JONATHAN D FINK

4316 MARINA CITY DR APT #427
MARINA DEL REY   CA  90292

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

YOUR ACCOUNT NUMBER: 1-ZR044-3-0
PERIOD ENDING: 11/30/08
YOUR TAX PAYER IDENTIFICATION NUMBER: ******6253
PAGE: 5

| DATE | BOUGHT (RECEIVED OR LONG) | SOLD (DELIVERED OR SHORT) | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| | 204 | | | VERIZON COMMUNICATIONS | 32.650 | | |
| | 156 | | | WAL-MART STORES INC | 55.800 | | |
| | 252 | | | WELLS FARGO & CO NEW | 28.890 | | |
| | | | | MARKET VALUE OF SECURITIES | | | |
| | | | | LONG | 295.8881.49 | | |
| | | | | SHORT | | | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

**DUPLICATE**: FOR ACCOUNT NTC & CO.
JONATHAN D FINK
4316 MARINA CITY DR APT #427
MARINA DEL REY CA 90292

| Account Number | Period Ending | Page | Your Tax Payer Identification Number |
|---|---|---|---|
| 1-ZR044-3-0 | 11/30/08 | 6 | *****6253 |

YEAR-TO-DATE SUMMARY

| DESCRIPTION | | AMOUNT |
|---|---|---|
| DIVIDENDS | | 2,038.37 |
| GROSS PROCEEDS FROM SALES | | 1,481,012.11 |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

# BERNARD L. MADOFF
## INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

**DUPLICATE** FOR ACCOUNT  NYC & CO.
JONATHAN D FINK
4316 MARINA CITY DR APT #627
MARINA DEL REY    CA    90292

YOUR ACCOUNT NUMBER: 1-ZR0464-4-0

PERIOD ENDING: 11/30/08

YOUR TAX PAYER IDENTIFICATION NUMBER: *****6255

PAGE: 1

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|------|------|------|------|------|------|------|------|
| | | | | BALANCE FORWARD | | | |
| 11/12 | | 6 | 45454 | S & P 100 INDEX NOVEMBER 460 CALL | 15.800 | | 9,474.00 |
| 11/12 | 6 | | 49780 | S & P 100 INDEX NOVEMBER 450 PUT | 17.800 | 10,686.00 | |
| 11/19 | | 6 | 35894 | S & P 100 INDEX DECEMBER 430 CALL | | | 15,594.00 |
| 11/19 | 6 | | 40209 | S & P 100 INDEX DECEMBER 420 PUT | 30 | 18,006.00 | |
| 11/19 | | 6 | 48859 | S & P 100 INDEX NOVEMBER 450 PUT | 37 | | 22,194.00 |
| | | 6 | | NEW BALANCE | | | |
| | | | | SECURITY POSITIONS | MKT PRICE | | |
| | | | | S & P 100 INDEX DECEMBER 430 CALL | 23.300 | | 14,976.00 |
| | | | | S & P 100 INDEX DECEMBER 420 PUT | 16.500 | | 31,740.00 |
| | | | | MARKET VALUE OF SECURITIES LONG 9,900.00 SHORT 13,980.00 | | | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

## PROOF OF SERVICE

I, Gretchen Grant, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 280, Newport Beach, California 92660. I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business.

On August 8, 2009, I served the within **OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM** on all interested parties in this action as follows:

[X]    by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

Clerk of the United States Bankruptcy Court for
The Southern District of New York
One Bowling Green
New York, New York 10004

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10011

[X ]    (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[ ]    (BY FACSIMILE) The facsimile machine I used, with telephone no. (949) 477-9200, complied with California Rules of Court, Rule 2003, and no error was reported by the machine.

[ ]    (BY FEDERAL EXPRESS - NEXT DAY DELIVERY) I placed true and correct copies of thereof enclosed in a package designated by Federal Express with the delivery fees provided for.

[X ]    (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 18, 2009, at Newport Beach, California.

_Gretchen Grant_ (Gretchen Grant)