**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com
Seanna R. Brown
Email: sbrown@bakerlaw.com

*Attorneys for Irving H. Picard, Esq., Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

Hearing Date: September 9, 2009
Time: 10:00 a.m.

Objections Due: September 3, 2009
Time: 4:00 p.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　　　　Plaintiff,<br><br>　　　　　　v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　　　　　Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>　　　　　　　　Debtor. | |

**MOTION OF TRUSTEE FOR AN ORDER TO
SCHEDULE HEARING ON "NET EQUITY" ISSUE**

Irving H. Picard, Trustee ("Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") and for Bernard L. Madoff ("Madoff") (collectively, the "Debtors"), hereby moves this Court to enter the scheduling order proposed

herein regarding the "net equity" issue, as more fully described below, and in support thereof, states as follows:

## BACKGROUND

1. On December 11, 2008, the Securities and Exchange Commission ("SEC") filed a Complaint in the United States District Court for the Southern District of New York against defendants Bernard L. Madoff and Bernard L. Madoff Investment Securities LLC (No. 08 CV 10791).

2. On December 15, 2008, Judge Stanton entered an order pursuant to the Securities Investor Protection Act of 1970, 15 U.S.C. § 78aaa *et seq.*, as amended ("SIPA"),[1] which, in pertinent part:

   (a) Appointed Irving H. Picard as trustee for the liquidation of the business of BLMIS, pursuant to section 78eee(b)(3) of SIPA;

   (b) Appointed Baker & Hostetler, LLP as counsel to the Trustee ("Counsel") pursuant to section 78eee(b)(3) of SIPA;

   (c) Removed the case to this Bankruptcy Court pursuant to section 78eee(b)(4) of SIPA; and

   (d) Authorized the Trustee to take immediate possession of the property of the debtor, wherever located.

3. On December 23, 2008, this Court entered an order (the "Claims Procedures Order") that, *inter alia*, specified the procedures for the filing, determination, and adjudication of customer claims ("Customer Claims") in this proceeding.

---

[1] For convenience, future reference to SIPA will not include "15 U.S.C."

4. The Claims Procedures Order provides for the written determination by the Trustee of customer claims, and allows any claimant who opposes the Trustee's determination to file an opposition in this Court.

5. The Claims Procedures Order also provides that upon the filing of an objection, the Trustee shall obtain a hearing date and time and shall so notify the objecting party.

6. Under SIPA, the Trustee is responsible for recovering and distributing customer property to BLMIS's customers, assessing claims, and liquidating any other assets of the firm for the benefit of the estate and its creditors.

7. The statutory framework for the satisfaction of Customer Claims in a SIPA liquidation proceeding provides that customers share pro rata in customer property to the extent of their Net Equity (as defined in section 78*lll*(11) of SIPA, 15 U.S.C. §78*lll*(11)), and to the extent that a customer's Net Equity exceeds his or her ratable share of customer property, SIPC shall advance funds to the SIPA trustee up to $500,000 for securities for that customer.

8. Certain claimants disagree with the Trustee as to the construction of the term Net Equity and how that term should be applied to determine the amount of the valid Customer Claim of each claimant.

9. It is the Trustee's position that for purposes of determining customer claims, each BLMIS customer's Net Equity will be determined by crediting the amount of cash deposited by the customer into his BLMIS account, less any amounts already withdrawn by him from his BLMIS customer account (the "cash in/cash out approach").

10. Various claimants have asserted that Net Equity should be determined on the basis of each claimant's balance as shown on their November 30, 2008 account statement provided by BLMIS or, alternatively, that the calculation should reflect the time value of money

deposited by each claimant and/or interest, unjust enrichment or other factors as described in the objections that have been filed in the above-referenced action.

11. Furthermore, the following two adversary proceedings were filed challenging the Trustee's definition of "net equity": *Less, et al. v. Picard*, Adv. Pro. No. 09 CV 1265 (Bankr. S.D.N.Y.) (BRL) (seeking class action relief); and *Peskin, et al. v. Picard*, Adv. Pro. No. 09 CV 1272 (Bankr. S.D.N.Y.) (BRL).

12. This Motion has been disseminated in advance of filing to the following law firms, each of which has demonstrated an interest in the litigation of this issue: (a) Lax & Neville, LLP, (b) Milberg LLP, and (c) Phillips Nizer LLP

**RELIEF REQUESTED**

13. In furtherance of the requirement under the Claims Procedures Order that the Trustee obtain and notify an objecting party of a hearing on an objection, the purpose of this proposed scheduling order is to establish an orderly procedure for this Court to resolve objections involving the proper determination of Net Equity. The Trustee proposes the following schedule:

    A. On or before October 16, 2009, the Trustee shall file motion(s) to affirm certain customer claims determinations as to which objections have been filed, specifically with regard to the Trustee's Net Equity determinations (the "Motion(s)"). In the attached Exhibit A, the Trustee has set forth the various categories of claimants that he intends to include within the Motion(s).

    B. In accordance with the Claims Procedures Order, the Motion(s) shall identify those claimants who have filed objections to his determination of their customer claims for which he intends to

4

schedule a hearing on the Net Equity issue (the "Objecting Claimants").

C. In support of the Motion(s), the Trustee shall file a memorandum of law and supporting papers setting forth the factual and legal bases for the Trustee's construction of the term Net Equity on the same date.

D. SIPC shall file any brief with reference to the Motion(s) on or before October 16, 2009.

E. The Objecting Claimants shall file their responses to the Motion(s) on or before November 13, 2009.

F. Any Interested Parties (as further defined below in paragraph 14) who wish to file a brief in opposition to the Trustee's Motion(s) shall file their briefs on or before November 13, 2009.

G. Any Interested Parties who wish to file a brief in support of the Trustee's Motion(s) shall file their briefs on or before December 11, 2009.

H. To the extent that Interested Parties who filed briefs in accordance with paragraph G above raise issues, factual or legal, that have not been previously raised, Interested Parties who filed a brief in opposition to the Trustee's Motion(s) in accordance with paragraph F above may file a reply brief addressing such issues on or before December 21, 2009.

I. The Trustee and SIPC shall file any reply papers on or before

January 15, 2010.

J. The Court shall hold a hearing on the Motion on February 2, 2010, at 10:00 a.m., or such other time as the Court determines.

14. Interested Parties that are permitted to file briefs regarding the Motion in accordance with this proposed scheduling order shall be limited to claimants who have filed a timely customer claim with the Trustee, or any governmental unit or division. Such briefs may be filed without seeking leave from the Court.

15. Any claimant who files a brief regarding the Motion in accordance with this proposed scheduling order shall submit a copy of or otherwise identify their timely filed customer claim at the time of filing their brief. Counsel filing a brief on behalf of any Interested Party shall identify all such Interested Parties they represent.

16. Any party, other than governmental units, who did not file a timely customer claim but wishes to file a brief regarding the Motion in accordance with this proposed scheduling order must seek leave of court prior to filing such a brief and must identify their interest in this matter, including, but not limited to, whether they had an account at BLMIS. If any such party had an account at BLMIS, or if counsel is representing one or more persons who had an account(s) or an interest in an account(s) at BLMIS, they must identify all holders of the BLMIS accounts in their motion for leave to file briefs in accordance with this paragraph.

## **NOTICE**

17. Notice of this Motion has been provided by U.S. mail, postage prepaid, email, or by ECF to (i) all parties that have filed a notice of appearance in this case; (ii) the SEC; (iii) the Internal Revenue Service; and (iv) the United States Attorney for the Southern District of

New York; (collectively, the "Notice Parties"). The Trustee submits that no other or further notice need be given.

**WHEREFORE**, the Trustee respectfully requests that the Court (a) enter an order substantially in the form attached hereto as Exhibit B, granting the relief requested herein; and (b) grant such other and further relief to the Trustee as the Court deems proper.

Dated: New York, New York
    August 27, 2009

Respectfully submitted,
**BAKER & HOSTETLER LLP**

By:/s/ *David J. Sheehan*
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com
Seanna R. Brown
Email: sbrown@bakerlaw.com

*Attorneys for Irving H. Picard, Esq. Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC And Bernard L. Madoff*

095879, 300027883