MILBERG LLP
Jonathan M. Landers
Matthew Gluck
Brad N. Friedman
Sanford P. Dumain
Jennifer L. Young
One Pennsylvania Plaza
48th Floor
New York, NY 10119
Tel: (212) 594-5300
Fax: (212) 868-1229

SEEGER WEISS LLP
Stephen A. Weiss
Christopher M. Van DeKieft
Parvin Aminolroaya
One William Street
New York, NY 10004
Tel: (212) 584-0700
Fax:  (212) 584-0799

*Attorneys for Martin Rappaport, Paul J. Robinson, Judith Rock Goldman,
Anita Karimian, and Albert J. Goldstein U/W FBO Ruth E. Goldstein TTEE*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                    Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                    Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                    Debtor. | |

**RESPONSE TO MOTION OF TRUSTEE FOR AN ORDER TO SCHEDULE
A HEARING ON "NET EQUITY" ISSUE**

Martin Rappaport, Paul J. Robinson, Judith Rock Goldman, Anita Karimian, and Albert J. Goldstein U/W FBO Ruth E. Goldstein TTEE ("Customers"), each of whom is a customer of Bernard L. Madoff Investment Securities LLC ("BMIS") and each of whom has filed an objection to a claim determination issued by the Irving H. Picard (the "BMIS Trustee"), hereby respond to the Motion of Trustee for an Order to Schedule a Hearing on "Net Equity" Issue [Dkt. No. 395] (the "Motion").

As described in the Motion, counsel for the BMIS Trustee conferred with counsel for the Customers regarding a procedure to propose for requesting that the Court rule on the proper construction of "net equity" as defined in 15 U.S.C. § 78lll(11). Customers do not object to the procedure proposed by the BMIS Trustee in the Motion ("Net Equity Resolution Procedure"). Indeed, resolution of the "net equity" issue is critical to ensuring that customers receive the money to which they are entitled in the claims process.

However, if not properly limited, there exists the potential that interested parties may raise tangential issues in the proposed Net Equity Resolution Procedure that: (a) will be obviated by the resolution of the "net equity" issue; (b) may be more properly resolved once the Court rules on the "net equity" issue; (c) may require discovery or an examination of unique factual circumstances; and/or (d) would unnecessarily complicate resolution of the "net equity" issue. To ensure that the proposed Net Equity Resolution Procedure is properly limited in scope, Customers request that the following issues be excluded therefrom:

(1) How customer claims should be determined when the account of a current BMIS customer was acquired by assignment, transfer, succession, or otherwise from a former BMIS customer.

(2) How customer claims should be determined when the account of a current BMIS customer resulted from the division of or transfer from the account of another BMIS customer.

(3)      In situations where a single BMIS account has two or more co-owners, beneficiaries, partners, or other interested persons, whether there is one or more than one customer claim for the purposes of the SIPC Advance pursuant to 15 U.S.C. § 78fff-3(a) and allocations of customer property pursuant to 15 U.S.C. § 78fff-2(c)(1)(B).

(4)      In situations where a single account is held in the name of a feeder fund, fund of funds, or similar entity, whether beneficial owners of interests in or claims against such entities have customer claims under 15 U.S.C. § 78fff-3(a)(2).

(5)      The effect, if any, of any knowledge a customer may have had about the operation of BMIS.

(6)      Any avoidance power or other claims the BMIS Trustee may have against a customer.

The foregoing issues are important to customers and will certainly need to be addressed promptly. However, given that resolution of many of these issues will depend in large part on the outcome of the "net equity" issue, these issues are more properly and efficiently resolved as soon as possible after the "net equity issue is determined.

Customers have revised the proposed order submitted by the BMIS Trustee to provide that the foregoing issues shall be excluded from the proposed Net Equity Resolution Procedure. *See* Redline Edits to Proposed Order (Exhibit A); Non-Redline Proposed Order (Exhibit B). Customers respectfully request that the Court enter the proposed order in its revised form.

08-01789-cgm    Doc 405    Filed 09/02/09    Entered 09/02/09 15:28:58    Main Document
         Pg 4 of 4

Dated: September 2, 2009

        s/ Jonathan M. Landers
MILBERG LLP
Jonathan M. Landers
Matthew Gluck
Brad N. Friedman
Sanford P. Dumain
Jennifer L. Young
One Pennsylvania Plaza
48th Floor
New York, NY 10119
Tel: (212) 594-5300
Fax: (212) 868-1229

SEEGER WEISS LLP
Stephen A. Weiss
Christopher M. Van DeKieft
Parvin Aminolroaya
One William Street
New York, NY 10004
Tel: (212) 584-0700
Fax:  (212) 584-0799

*Attorneys for Martin Rappaport, Paul J. Robinson, Judith Rock Goldman, Anita Karimian, and Albert J. Goldstein U/W FBO Ruth E. Goldstein TTEE*

4