| | |
|---|---|
| **Baker & Hostetler LLP** | Hearing Date: September 9, 2009 |
| 45 Rockefeller Plaza | Time: 10:00 a.m. |
| New York, New York 10111 | |
| Telephone: (212) 589-4200 | Objections Due: September 3, 2009 |
| Facsimile: (212) 589-4201 | Time: 4:00 p.m. |
| David J. Sheehan | |
| Email: dsheehan@bakerlaw.com | |
| Marc E. Hirschfield | |
| Email: mhirschfield@bakerlaw.com | |
| Seanna R. Brown | |
| Email: sbrown@bakerlaw.com | |

*Attorneys for Irving H. Picard, Esq., Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　　　　Plaintiff,<br><br>　　　　　　v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　　　　　Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>　　　　　　　　Debtor. | |

**MOTION OF TRUSTEE FOR AN ORDER TO
SCHEDULE HEARING ON "NET EQUITY" ISSUE**

Irving H. Picard, Trustee ("Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") and for Bernard L. Madoff ("Madoff") (collectively, the "Debtors"), hereby moves this Court to enter the scheduling order proposed

herein regarding the "net equity" issue, as more fully described below, and in support thereof, states as follows:

## BACKGROUND

1. On December 11, 2008, the Securities and Exchange Commission ("SEC") filed a Complaint in the United States District Court for the Southern District of New York against defendants Bernard L. Madoff and Bernard L. Madoff Investment Securities LLC (No. 08 CV 10791).

2. On December 15, 2008, Judge Stanton entered an order pursuant to the Securities Investor Protection Act of 1970, 15 U.S.C. § 78aaa *et seq.*, as amended ("SIPA"),[1] which, in pertinent part:

    (a) Appointed Irving H. Picard as trustee for the liquidation of the business of BLMIS, pursuant to section 78eee(b)(3) of SIPA;

    (b) Appointed Baker & Hostetler, LLP as counsel to the Trustee ("Counsel") pursuant to section 78eee(b)(3) of SIPA;

    (c) Removed the case to this Bankruptcy Court pursuant to section 78eee(b)(4) of SIPA; and

    (d) Authorized the Trustee to take immediate possession of the property of the debtor, wherever located.

3. On December 23, 2008, this Court entered an order (the "Claims Procedures Order") that, *inter alia*, specified the procedures for the filing, determination, and adjudication of customer claims ("Customer Claims") in this proceeding.

---

[1] For convenience, future reference to SIPA will not include "15 U.S.C."

2

4. The Claims Procedures Order provides for the written determination by the Trustee of customer claims, and allows any claimant who opposes the Trustee's determination to file an opposition in this Court.

5. The Claims Procedures Order also provides that upon the filing of an objection, the Trustee shall obtain a hearing date and time and shall so notify the objecting party.

6. Under SIPA, the Trustee is responsible for recovering and distributing customer property to BLMIS's customers, assessing claims, and liquidating any other assets of the firm for the benefit of the estate and its creditors.

7. The statutory framework for the satisfaction of Customer Claims in a SIPA liquidation proceeding provides that customers share pro rata in customer property to the extent of their Net Equity (as defined in section 78*lll*(11) of SIPA, 15 U.S.C. §78*lll*(11)), and to the extent that a customer's Net Equity exceeds his or her ratable share of customer property, SIPC shall advance funds to the SIPA trustee up to $500,000 for securities for that customer.

8. Certain claimants disagree with the Trustee as to the construction of the term Net Equity and how that term should be applied to determine the amount of the valid Customer Claim of each claimant.

9. It is the Trustee's position that for purposes of determining customer claims, each BLMIS customer's Net Equity will be determined by crediting the amount of cash deposited by the customer into his BLMIS account, less any amounts already withdrawn by him from his BLMIS customer account (the "cash in/cash out approach").

10. Various claimants have asserted that Net Equity should be determined on the basis of each claimant's balance as shown on their November 30, 2008 account statement provided by BLMIS or, alternatively, that the calculation should reflect the time value of money

3

deposited by each claimant and/or interest, unjust enrichment or other factors as described in the objections that have been filed in the above-referenced action.

11.   Furthermore, the following two adversary proceedings were filed challenging the Trustee's definition of "net equity": *Less, et al. v. Picard*, Adv. Pro. No. 09 CV 1265 (Bankr. S.D.N.Y.) (BRL) (seeking class action relief); and *Peskin, et al. v. Picard*, Adv. Pro. No. 09 CV 1272 (Bankr. S.D.N.Y.) (BRL).

12.   This Motion has been disseminated in advance of filing to the following law firms, each of which has demonstrated an interest in the litigation of this issue: (a) Lax & Neville, LLP, (b) Milberg LLP, and (c) Phillips Nizer LLP

### RELIEF REQUESTED

13.   In furtherance of the requirement under the Claims Procedures Order that the Trustee obtain and notify an objecting party of a hearing on an objection, the purpose of this proposed scheduling order is to establish an orderly procedure for this Court to resolve objections involving the proper determination of Net Equity. The Trustee proposes the following schedule:

A.   On or before October 16, 2009, the Trustee shall file motion(s) to affirm certain customer claims determinations as to which objections have been filed, specifically with regard to the Trustee's Net Equity determinations (the "Motion(s)"). In the attached Exhibit A, the Trustee has set forth the various categories of claimants that he intends to include within the Motion(s).

B.   In accordance with the Claims Procedures Order, the Motion(s) shall identify those claimants who have filed objections to his determination of their customer claims for which he intends to

4

schedule a hearing on the Net Equity issue (the "Objecting Claimants").

C. In support of the Motion(s), the Trustee shall file a memorandum of law and supporting papers setting forth the factual and legal bases for the Trustee's construction of the term Net Equity on the same date.

D. SIPC shall file any brief with reference to the Motion(s) on or before October 16, 2009.

E. The Objecting Claimants shall file their responses to the Motion(s) on or before November 13, 2009.

F. Any Interested Parties (as further defined below in paragraph 14) who wish to file a brief in opposition to the Trustee's Motion(s) shall file their briefs on or before November 13, 2009.

G. Any Interested Parties who wish to file a brief in support of the Trustee's Motion(s) shall file their briefs on or before December 11, 2009.

H. To the extent that Interested Parties who filed briefs in accordance with paragraph G above raise issues, factual or legal, that have not been previously raised, Interested Parties who filed a brief in opposition to the Trustee's Motion(s) in accordance with paragraph F above may file a reply brief addressing such issues on or before December 21, 2009.

I. The Trustee and SIPC shall file any reply papers on or before

January 15, 2010.

J.    The Court shall hold a hearing on the Motion on February 2, 2010, at 10:00 a.m., or such other time as the Court determines.

14.    Interested Parties that are permitted to file briefs regarding the Motion in accordance with this proposed scheduling order shall be limited to claimants who have filed a timely customer claim with the Trustee, or any governmental unit or division. Such briefs may be filed without seeking leave from the Court.

15.    Any claimant who files a brief regarding the Motion in accordance with this proposed scheduling order shall submit a copy of or otherwise identify their timely filed customer claim at the time of filing their brief. Counsel filing a brief on behalf of any Interested Party shall identify all such Interested Parties they represent.

16.    Any party, other than governmental units, who did not file a timely customer claim but wishes to file a brief regarding the Motion in accordance with this proposed scheduling order must seek leave of court prior to filing such a brief and must identify their interest in this matter, including, but not limited to, whether they had an account at BLMIS. If any such party had an account at BLMIS, or if counsel is representing one or more persons who had an account(s) or an interest in an account(s) at BLMIS, they must identify all holders of the BLMIS accounts in their motion for leave to file briefs in accordance with this paragraph.

## NOTICE

17.    Notice of this Motion has been provided by U.S. mail, postage prepaid, email, or by ECF to (i) all parties that have filed a notice of appearance in this case; (ii) the SEC; (iii) the Internal Revenue Service; and (iv) the United States Attorney for the Southern District of

6

New York; (collectively, the "Notice Parties"). The Trustee submits that no other or further notice need be given.

**WHEREFORE**, the Trustee respectfully requests that the Court (a) enter an order substantially in the form attached hereto as Exhibit B, granting the relief requested herein; and (b) grant such other and further relief to the Trustee as the Court deems proper.

Dated: New York, New York
      August 27, 2009

Respectfully submitted,
**BAKER & HOSTETLER LLP**

By:/s/  *David J. Sheehan*
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY  10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com
Seanna R. Brown
Email: sbrown@bakerlaw.com

*Attorneys for Irving H. Picard, Esq. Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC And Bernard L. Madoff*

095879, 300027883

## **EXHIBIT A**

There are three factual scenarios that will arise in the "net equity" litigation. The goal of the Trustee is to have each of the scenarios represented in the Net Equity Dispute. The three scenarios include:

1) "Net Winner" – A customer that deposited funds with BLMIS, but withdrew more funds from BLMIS than the customer deposited. Thus, the customer received payments constituting a full return of her principal investment, plus some amount of fictitious profits generated by BLMIS. In other words, this customer received more money from the BLMIS ponzi scheme than she put into the BLMIS ponzi scheme. Although she has already withdrawn all of her principal, this customer is claiming the fictitious amount stated on her November 30, 2008 fictitious account statement.

2) "Over-the-Limits Net Losers that have Received Full SIPC Protection" – under the cash in/cash out approach, customers that withdrew less money from BLMIS than they deposited are entitled to an allowed claim for the amount that they invested less the amount that they have withdrawn from BLMIS. The net difference is the customer's "net equity." The customer will receive a pro rata share of any customer property based upon her net equity. These customers will have net equities that are more than their share of customer property, plus the maximum SIPC advance of $500,000. Although their claims should be based on their net equity as measured by the net amount invested, these claimants assert that the amount of their net equity should be the fictitious amount shown on their November 30, 2008 fictitious account statement. This scenario also includes the claimant who argues that the claim for the fictitious amount should be satisfied in securities and not cash.

For example, assume that a customer invests $1,100,000 with BLMIS and subsequently withdraws $100,000. Her net equity therefore is $1 million. Assume that the customer's November 30, 2008 customer statement shows a balance of $2,000,000 in the customer's account. The Trustee asserts that the customer is entitled to a pro rata share of customer property based on a net equity of $1 million. To the extent that there is not enough customer property to make the customer whole, SIPC advances up to $500,000 for the customer. In this hypothetical, we assume that the customer is still owed money after she has received her share of customer property and the SIPC advance. Because her claim is more than the limit of SIPC protection, she is an "over-the-limits" claimant. Incorrectly believing that it will result in her recovering more money, this claimant alleges that her net equity should be based on the $2 million shown in her fictitious account statement and that she should receive a pro rata share of customer property based on a $2 million claim in addition to the SIPC advance of $500,000.

3) "Net Losers that have not received a full $500,000 in SIPC Protection" – This is the same situation as number 2 above, except that the net amount deposited by the customer (the customer's net equity) is less than $500,000, but the fictitious customer account statement shows a balance of more than $500,000.

For example, the customer deposits $550,000 with BLMIS but withdraws $50,000. Her net equity is the difference or $500,000. Her share of customer property is a fraction based on a net equity of $500,000. Assume that the customer's share of customer property is $300,000. With a SIPC advance of $200,000, the customer is made whole. However, the customer's fictitious account statement shows a fictitious balance of $3 million. In order to increase the amount of protection received from SIPC and because she incorrectly believes that it also will increase the amount of customer property that she is entitled to, the customer asserts that the amount owed to her is $3 million.

095879, 300027879

**EXHIBIT B**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                 Plaintiff,<br><br>                 v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                 Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                 Debtor. | |

**[PROPOSED] ORDER**

      This matter came before the Court on September 9, 2009 on the motion (the "Motion")[1] of Irving H. Picard, Esq. (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq*., and as trustee for the estate of Bernard L. Madoff ("Madoff"), for entry of an order to schedule a hearing on the Net Equity issue, as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with section 78eee(b)(4) of the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq*. ("SIPA"), and the Protective Decree, entered on December 15, 2008 by the United States District Court for the Southern District of New York in Case No. 08 CV 10791, and 28 U.S.C. §§ 157 and 1334; and it appearing that the relief requested by the Motion is necessary and in the best interests of the estate, its customers, its creditors, and all parties in interest; and due notice of the Motion having been given, and it appearing that no other

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

2

or further notice need be given; and upon the proceedings before the Court and after due deliberation, it is hereby:

**ORDERED**, that the relief requested in the Motion is granted; and it is further

**ORDERED**, that on or before on or before October 16, 2009, the Trustee shall file motion(s) to affirm certain customer claims determinations, specifically with regard to the Trustee's Net Equity determinations (the " Net Equity Motion(s)"); and it is further

**ORDERED,** that the Net Equity Motion(s) shall identify those claimants who have filed objections to his determination of their customer claims for which the Trustee intends to schedule a hearing on the Net Equity issue (the "Objecting Claimants"); and it is further

**ORDERED**, that in support of the Net Equity Motion(s), the Trustee shall file a memorandum of law and supporting papers setting forth the factual and legal bases for the Trustee's construction of the term Net Equity on October 16, 2009; and it is further

**ORDERED,** that SIPC shall file any brief with reference to the Net Equity Motion(s) on or before October 16, 2009; and it is further

**ORDERED,** that the Objecting Claimants shall file their responses to the Net Equity Motion(s) on or before November 13, 2009; and it is further

**ORDERED,** that any Interested Parties who wish to file a brief in opposition to the Trustee's Net Equity Motion(s) shall file their briefs on or before November 13, 2009; and it is further

3

**ORDERED,** that any Interested Parties who wish to file a brief in support of the Trustee's Net Equity Motion(s) shall file their briefs on or before December 11, 2009; and it is further

**ORDERED,** that to the extent that Interested Parties who filed briefs in accordance with the preceding paragraph raise new issues, whether factual or legal, that have not been previously raised, Interested Parties who filed a brief in opposition to the Trustee's Motion(s) may file a reply brief addressing such issues on or before December 21, 2009.

**ORDERED,** the Trustee and SIPC shall file their reply papers on or before January 15, 2010; and it is further

**ORDERED,** the Court shall hold a hearing on the Net Equity Motion(s) on February 2, 2010, at 10:00 a.m., or such other time as the Court determines; and it is further

**ORDERED**, that Interested Parties that are permitted to file briefs in accordance with this Order shall be limited to customers of BLMIS who have filed a timely claim with the Trustee, or any governmental unit or division. Such briefs may be filed without seeking leave from the Court; and it is further

**ORDERED**, that any claimant who files a brief regarding the Net Equity Motion(s) in accordance with this proposed scheduling order shall submit a copy of or otherwise identify their timely filed customer claim at the time of filing their brief. Counsel filing a brief on behalf of any Interested Party shall identify all such Interested Parties they represent; and it is further

**ORDERED**, that any party, other than governmental units, who did not file a timely customer claim but wishes to file a brief regarding the Net Equity Motion(s) in accordance with

4

this proposed scheduling order must seek leave of court prior to filing such a brief and must identify their interest in this matter, including, but not limited to, whether they had an account at BLMIS. If any such party had an account at BLMIS, or if counsel is representing one or more persons who had an account(s) or an interest in an account(s) at BLMIS, they must identify all holders of the BLMIS accounts in their motion for leave to file briefs in accordance with this paragraph; and it is further

**ORDERED,** that the Trustee shall prepare a form of notice, which shall set forth the date, time and location of the hearing, apprise all claimants who filed timely customer claims for BLMIS accounts that were active as of the Filing Date of their right to attend the hearing, describe the legal issues to be heard, and inform recipients of their ability to file briefs and the deadline for any such filing. The Trustee shall also post comparable information on his web site. The Court shall consider the form of notice at the hearing to approve this scheduling order. If the Court approves the form of notice, or any amended form of notice, the Trustee shall serve the notice by the same method used to serve notices of the bar date, upon all persons who have filed timely claims in the above-captioned action, and shall place the notice on his web site; and it is further

**ORDERED**, that this Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: New York, New York
   September ___, 2009

                          _____
                          HONORABLE BURTON R. LIFLAND
                          UNITED STATES BANKRUPTCY JUDGE

095879, 300027881

5