Brian J. Neville (BN 8251)
Barry R. Lax (BL 1302)
Brian Maddox (BM 6128)
LAX & NEVILLE, LLP
1412 Broadway, Suite 1407
New York, NY 10018
Tel: (212) 696-1999
Fax: (212) 566-4531

*Counsel for Plaintiffs and*
*Proposed Counsel for Class in*
*Adv. P. No. 09-01265*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------X
                                                           :
                                                           :
SECURITIES INVESTOR PROTECTION         :   SIPA LIQUIDATION
CORPORATION,                                               :
                                                           :
                            Plaintiff,    :
                                                           :   Adv. Pro. No. 08-01789 (BRL)
        v.                                                 :
                                                           :
                                                           :
BERNARD L. MADOFF INVESTMENT           :
SECURITIES LLC,                                            :
                                                           :
                            Defendant.    :
----------------------------------------------------------- :
In re:                                                     :
                                                           :
BERNARD L. MADOFF,                      :
-----------------------------------------------------------X

## [PROPOSED] ORDER

This matter came before the Court on September 9, 2009 on the motion (the "Motion")[1] of Irving H. Picard, Esq. (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor") under

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Class Action Plaintiffs' Objection to Trustee's Motion.

the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.,* and as trustee for the estate of Bernard L. Madoff ("Madoff"), for entry of an order to schedule a hearing on the "net equity" issue, as more fully set forth in the Class Actions Plaintiffs' Objection to Trustee's Motion; and the Court having jurisdiction to consider the Motion, and the Class Actions Plaintiffs' Objection to Trustee's Motion, and the relief requested therein in accordance with section 78eee(b)(4) of the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq. ("SIPA"),* and the Protective Decree, entered on December 15, 2008 by the United States District Court for the Southern District of New York in Case No. 08 CV 10791, and 28 U.S.C. §§ 157 and 1334; and it appearing that the relief requested by the Class Action Plaintiffs' Objection to Trustee's Motion is necessary and in the best interests of the estate, its customers, its creditors, and all parties in interest; and due notice of the Class Action Plaintiffs' Objection to Trustee's Motion having been given, and it appearing that no other or further notice need be given; and upon the proceedings before the Court and after due deliberation, it is hereby:

**ORDERED**, that the relief requested in the Class Action Plaintiffs' Objection to Trustee's Motion is granted; and it is further

**ORDERED,** that in support of the Net Equity Motion, the Trustee shall file a memorandum of law and supporting papers, within the Class Action, *Less, et al., v. Picard, Trustee*, Adv. Pro. No. 09 CV 1265 (Bankr.S.D.N.Y.)(BRL), setting forth the factual and legal bases for the Trustee's construction of the term Net Equity on October 16, 2009; and it is further

**ORDERED**, that SIPC shall file any brief with reference to the Net Equity Motion on or before October 16, 2009; and it is further

2

**ORDERED**, that the Objecting Claimants shall file their responses to the Net Equity Motion on or before November 13, 2009; and it is further

**ORDERED**, that any Interested Parties who wish to file a brief in opposition to the Net Equity Motion shall file their briefs on or before November 13, 2009; and it is further

**ORDERED,** that any Interested Parties who wish to file a brief in support of the Trustee's Net Equity Motion shall file their briefs on or before December 11, 2009; and it is further

**ORDERED,** that to the extent that Interested Parties who filed briefs in accordance with the preceding paragraph raise new issues, whether factual or legal, that have not been previously raised, Interested Parties who filed a brief in opposition to the Net Equity Motion may file a reply brief addressing such issues on or before December 21, 2009.

**ORDERED,** the Trustee and SIPC shall file their reply papers on or before January 15, 2010; and it is further

**ORDERED,** that the briefing to be submitted to the Court pursuant to this Order shall be limited to discussing the proper interpretation of "net equity," as defined by 15 U.S.C. § 78111(11). Such briefing shall not include ancillary or customer-specific issues or arguments

**ORDERED**, the Court shall hold a hearing on the Net Equity Motion on February 2, 2010, at 10:00 a.m., or such other time as the Court determines; and it is further

**ORDERED,** that Interested Parties that are permitted to file briefs in accordance with this Order shall be limited to customers of BLMIS who have filed a timely claim with the Trustee, or any governmental unit or division. Such briefs may be filed without

3

seeking leave from the Court; and it is further

**ORDERED,** that any claimant who files a brief regarding the Net Equity Motion in accordance with this proposed scheduling order shall submit a copy of or otherwise identify their timely filed customer claim at the time of filing their brief. Counsel filing a brief on behalf of any Interested Party shall identify all such Interested Parties they represent; and it is further

**ORDERED,** that any party, other than governmental units, who did not file a timely customer claim but wishes to file a brief regarding the Net Equity Motion in accordance with this proposed scheduling order must seek leave of court prior to filing such a brief and must identify their interest in this matter, including, but not limited to, whether they had an account at BLMIS. If any such party had an account at BLMIS, or if counsel is representing one or more persons who had an account(s) or an interest in an account(s) at BLMIS, they must identify all holders of the BLMIS accounts in their motion for leave to file briefs in accordance with this paragraph; and it is further

**ORDERED,** that the Trustee shall prepare a form of notice, which shall set forth the date, time and location of the hearing, apprise all claimants who filed timely customer claims for BLMIS accounts that were active as of the Filing Date of their right to attend the hearing, describe the legal issues to be heard, and inform recipients of their ability to file briefs and the deadline for any such filing. The Trustee shall also post comparable information on his web site. The Court shall consider the form of notice at the hearing to approve this scheduling order. If the Court approves the form of notice, or any amended form of notice, the Trustee shall serve the notice by the same method used to serve notices of the bar date, upon all persons who have filed timely claims in the above-captioned action,

4

and shall place the notice on his web site.


Dated: New York, New York
      September___, 2009                   _____

                                       HONORABLE BURTON R. LIFLAND
                                       UNITED STATES BANKRUPTCY JUDGE