| | |
|---|---|
| **Baker & Hostetler LLP**<br>45 Rockefeller Plaza<br>New York, New York  10111<br>Telephone: (212) 589-4200<br>Facsimile: (212) 589-4201<br>David J. Sheehan<br>Email: dsheehan@bakerlaw.com<br>Marc E. Hirschfield<br>Email: mhirschfield@bakerlaw.com<br>Seanna R. Brown<br>Email: sbrown@bakerlaw.com | Hearing Date: September 9, 2009<br>Time:  10:00 a.m. |

*Attorneys for Irving H. Picard, Esq., Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>               Plaintiff,<br><br>          v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>               Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>               Debtor. | |

**TRUSTEE'S RESPONSE TO OBJECTIONS TO MOTION OF TRUSTEE FOR AN ORDER TO SCHEDULE HEARING ON "NET EQUITY" ISSUE**

Irving H. Picard, Trustee ("Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") and for Bernard L. Madoff ("Madoff") (collectively, the "Debtors"), by and through his counsel, Baker & Hostetler LLP ("B&H"), respectfully submits this response to the objections ("Objections") filed in opposition to the

Motion[1] for an order to schedule a hearing on the Net Equity Dispute, and in support thereof, respectfully represents as follows:

1.    Four Objections to the Motion have been filed[2] by various parties (the "Objectors"). Specifically, the Objections were filed on behalf of the following parties: (a) the James H. Cohen Special Trust and its nine beneficiaries, by Brunelle & Hadjikow, P.C. (the "Trust Objectors"); (b) Mary Albanese, Brow Family Partnership, Allan Goldstein, Laurence Kaye, Suzanne Kaye, Rose Less and Gordon Bennett (the "Class Action Objectors"); (c) Martin Rappaport, Paul J. Robinson, Judith Rock Goldman, Anita Karimian, and Albert J. Goldstein, U/W FBO Ruth E. Goldstein TTEE (the "Rappaport Objectors"); and (d) Marsha Peskin IRA, Michael Mann, and Barry Weisfeld ("Weisfeld Objectors").

2.    With the exception of one Objection, to be discussed in further detail below, the Objectors, in large part, support the procedures proposed by the Trustee in the Motion for resolution and adjudication of the Net Equity Dispute.

3.    The Rappaport Objectors agree with the Trustee's proposed procedure for resolution of the Net Equity Dispute. The Rappaport Objectors, however, are concerned that the Net Equity Dispute be limited in scope so that parties are precluded from raising issues that are tangential to the Net Equity Dispute.

4.    The Trustee agrees with the Rappaport Objectors' proposal that the Net Equity Dispute be limited in scope. Among the issues to be excluded from consideration in connection with the Net Equity Dispute, but not limited to, are:

- The manner by which customer claims should be determined when the account of a current BLMIS customer was acquired by assignment, transfer, succession, or otherwise from a former

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.
[2] The Trustee is in receipt of an objection by James Newman, *pro se*, that was not filed with the Court. As it presents an objection that is not related to the Net Equity Dispute, it requires no response.

BLMIS customer.

- In situations where a single BLMIS customer account has two or more co-owners, beneficiaries, partners, or other interested persons, whether there is more than one customer claim for purposes of the SIPC advance pursuant 15 U.S.C. § 78fff-3(a) and allocations of customer property pursuant to 15 U.S.C. § 78fff-2(c)(1)(B).

- In situations where a single customer account is held in the name of a feeder fund, fund of funds, or other similar entity, whether beneficial owners of interests in or claims against such entities have customer claims under 15 U.S.C. § 78fff-3(a).

5. The Rappaport Objectors also propose to exclude the issue concerning the effect, if any, of the knowledge a customer may have had about the operation of BLMIS. The Trustee does not agree that this issue can be excluded from consideration. In court filings and objections filed pursuant to the claims determination process, certain customers have raised their "legitimate expectation" as a basis for valuing their claim (i.e. asserting that the value of their account is as it was listed on the November 30, 2008 BLMIS customer statement). In support of their "legitimate expectations," these customers have asserted that they had no knowledge about the fraud perpetrated by the Debtors. While the Trustee does not intend to delve into each particular customer's knowledge as a factual matter, he may address those arguments as a general matter within his brief and supporting papers and to the extent he does so, he believes that the Court may and should consider such arguments.

6. The Rappaport Objectors request to exclude from the Net Equity Dispute the issue of the Trustee's avoidance powers under state and federal law from the Net Equity Dispute. The Trustee does not agree to this request, as some of the aforementioned powers may be impacted by the resolution of the Net Equity Dispute and the Trustee wishes to reserve his right to brief those issues.

3

7. Finally, the Rappaport Objectors request that the Net Equity Dispute exclude issues relating to the determination of customer claims where the BLMIS customer account history includes a transfer from another account at BLMIS.

8. On the other hand, one of the objections filed by the Weisfeld Objectors requests that issues relating to transfers be determined in the context of the Net Equity Dispute.

9. As described in the Motion, the Trustee intends to move for orders affirming certain customer claim determinations. In so doing, the Trustee intends to include within those motions customers whose account histories includes transfer(s) between BLMIS accounts. Thus, the Trustee agrees with the Weisfeld Objectors, and disagrees with the Rappaport Objectors, that this issue can and should be addressed within the Net Equity Dispute.

10. The other objection made by the Weisfeld Objectors is that the proposed briefing schedule be reduced in timing. The Trustee respectfully submits that the importance of this issue requires adequate time for all parties to respond. The Trustee's proposed schedule provides such time and moves with sufficient alacrity under the circumstances.

11. The Trust Objectors concur with the Trustee's proposed procedure for resolution of the Net Equity Dispute. The Trust Objectors suggest that the Trustee utilize a similar procedure for resolution of an issue ancillary to the Net Equity Dispute but is nonetheless of import in this liquidation proceeding. Although it is presented more narrowly, the general issue is whether indirect investors – i.e. those who invested through an intermediary, investment vehicle, or another type of shared or joint account – should be treated as a single customer or separate customers under SIPA.

12. The Trustee agrees that this is an issue of substantial complexity that would be best resolved by a similar procedure to that proposed in the Motion on the Net Equity

4

Dispute, but not within the context of the Net Equity Dispute. However, because of the complexity presented by the issue, the Trustee requests additional time before moving for an order setting forth a similar schedule as he has done regarding the Net Equity Dispute. The Trustee will move for such an order at the appropriate time and will suggest a procedure for resolution of that dispute that operates within the confines of the Claims Procedures Order.

13. Of the four Objections filed, the Class Action Objectors are the only parties to object to the overall procedure with regard to the Net Equity Dispute proposed by the Trustee in the Motion. Rather than utilize the procedure proposed by the Trustee, the Class Action Objectors request that the Net Equity Dispute be resolved within the context of their putative class action adversary proceeding.

14. This request is improper for several reasons. First, the Class Action Objectors are putting the cart before the proverbial horse. Merits litigation on behalf of a class should only proceed after (and if) a class is certified – not prior to such time. It is not appropriate to litigate substantive issues on behalf of a *putative* class. The Class Action Objectors have not even readily identified their proposed class, nor has discovery or briefing commenced on class certification. The Trustee opposes the certification of a class. To delay resolution of the Net Equity Dispute until after such time as class discovery and certification briefing is concluded, and after this Court determines whether class certification is appropriate, is to delay unduly the adjudication of this issue to the detriment of all customers. Moreover, litigating the Net Equity Dispute within the class action context may require the intervention of parties who wish to be heard on that issue – a process far more cumbersome than that proposed by the Trustee.

5

15. The Class Action Objectors raise several concerns in proceeding in the manner proposed by the Trustee – all of which are meritless. The Class Action Objectors assert that the Trustee's proposed procedure raises due process concerns, leaves uncertain the *stare decisis* effect of such decisions, wastes judicial resources and increases costs to all parties. (Class Action Objection ¶ 13). As the Trustee's procedures permits, and in fact, invites, the participation of any interested party or customer, any concerns about due process or the *stare decisis* effect of any rulings on this issue are obviated.

16. Moreover, resolution of the Net Equity Dispute in favor of the Trustee may render the Class Action largely, if not entirely, moot. As it currently reads, the class definition appears to include "net winners"[3] – customers that would not receive a distribution in this liquidation proceeding should the Trustee's interpretation of "net equity" be upheld. Thus, depending on the outcome of the Net Equity Dispute, there may be no class to certify. It wastes – rather than conserves – judicial resources to have the Net Equity Dispute litigated in the context of a class action where the class has not been certified and may never be.

17. Finally, the Class Action Objectors assert that the net equity issue should be decided in the absence of the factual claims proffered by the Trustee in Exhibit A to the Motion. While the Trustee agrees that the Net Equity Dispute is primarily a legal issue, it cannot be resolved in a vacuum. In order to understand how the various "net equity" interpretations affect the different customers of BLMIS, it is only proper to apply the law to facts as they exist. By including customers whose account histories present a varied factual landscape, the Trustee will ensure as complete a factual record as possible for the determination of this legal issue.

18. Therefore, the Trustee requests that the Class Action Objection be denied in its entirety.

19. The Trustee respectfully submits a revised proposed order incorporating certain proposals as outlined above, annexed hereto as Exhibit A (a redline version of the order is also annexed hereto as Exhibit B).[4] Also submitted at this time is the form of notice that the Trustee intends to send if approved by this Court.

Dated: New York, New York
September 8, 2009

Respectfully submitted,

**BAKER & HOSTETLER LLP**

By: /s/ David J. Sheehan
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com
Seanna R. Brown
Email: sbrown@bakerlaw.com

*Attorneys for Irving H. Picard, Esq. Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC And Bernard L. Madoff*

---

[3] See Motion, Exhibit A, ¶ 1.
[4] The Trustee has also revised the proposed order, specifically the notice section, to reflect his intention to expand the scope of the notice provided regarding the Net Equity Dispute hearing and briefing schedule to all individuals who filed customer claims prior to the statutory bar date of July 2, 2009. A proposed form of notice is annexed hereto as Exhibit C.

7