# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>      Plaintiff,<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>      Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>      Debtor. | |

**[PROPOSED] ORDER**

This matter came before the Court on September 9, 2009 on the motion (the "Motion")[1] of Irving H. Picard, Esq. (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq*., and as trustee for the estate of Bernard L. Madoff ("Madoff"), for entry of an order to schedule a hearing on the Net Equity issue, as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with section 78eee(b)(4) of the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq*. ("SIPA"), and the Protective Decree, entered on December 15, 2008 by the United States District Court for the Southern District of New York in Case No. 08 CV 10791, and 28 U.S.C. §§ 157 and 1334; and it appearing that the relief requested by the Motion is necessary and in the best interests of the estate, its customers, its creditors, and all

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

parties in interest; and upon consideration of the Objections filed in this Court in response to the Motion, including those filed by the following parties: the James H. Cohen Special Trust and its nine beneficiaries; Mary Albanese, Brow Family Partnership, Allan Goldstein, Laurence Kaye, Suzanne Kaye, Rose Less and Gordon Bennett; Martin Rappaport, Paul J. Robinson, Judith Rock Goldman, Anita Karimian, and Albert J. Goldstein, U/W FBO Ruth E. Goldstein TTEE; and Marsha Peskin IRA, Michael Mann, and Barry Weisfeld (collectively, the "Objections"); and due notice of the Motion having been given, and it appearing that no other or further notice need be given; and upon a hearing and the proceedings before the Court and after due deliberation, it is hereby:

**ORDERED**, that the relief requested in the Motion is granted; and it is further

**ORDERED**, that on or before on or before October 16, 2009, the Trustee shall file motion(s) to affirm certain customer claims determinations, specifically with regard to the Trustee's Net Equity determinations (the " Net Equity Motion(s)"); and it is further

**ORDERED,** that the Net Equity Motion(s) shall identify those claimants who have filed objections to his determination of their customer claims for which the Trustee intends to schedule a hearing on the Net Equity issue (the "Objecting Claimants"); and it is further

**ORDERED**, that in support of the Net Equity Motion(s), the Trustee shall file a memorandum of law and supporting papers setting forth the factual and legal bases for the Trustee's construction of the term Net Equity on October 16, 2009; and it is further

**ORDERED,** that SIPC shall file any brief with reference to the Net Equity Motion(s) on or before October 16, 2009; and it is further

2

**ORDERED,** that the Objecting Claimants shall file their responses to the Net Equity Motion(s) on or before November 13, 2009; and it is further

**ORDERED,** that any Interested Parties who wish to file a brief in opposition to the Trustee's Net Equity Motion(s) shall file their briefs on or before November 13, 2009; and it is further

**ORDERED,** that any Interested Parties who wish to file a brief in support of the Trustee's Net Equity Motion(s) shall file their briefs on or before December 11, 2009; and it is further

**ORDERED,** that to the extent that Interested Parties who filed briefs in accordance with the preceding paragraph raise new issues, whether factual or legal, that have not been previously raised, Interested Parties who filed a brief in opposition to the Trustee's Motion(s) may file a reply brief addressing such issues on or before December 21, 2009.

**ORDERED,** the Trustee and SIPC shall file their reply papers on or before January 15, 2010; and it is further

**ORDERED**, that the briefing to be submitted to the Court pursuant to this Order shall be limited to discussing the proper interpretation of "net equity", as defined by Section 78*lll*(11) of SIPA, although this analysis may include consideration of the valuation of transfers between accounts at BLMIS. Such briefing shall not include ancillary issues, including but not limited to:

1. The manner by which customer claims should be determined when the account of a current BLMIS customer was acquired by assignment, transfer, succession, or otherwise from a former BLMIS customer.

2. In situations where a single BLMIS customer account has two or more co-

3

        owners, beneficiaries, partners, or other interested persons, whether there is more than one customer claim for purposes of the SIPC advance pursuant 15 U.S.C. § 78fff-3(a) and allocations of customer property pursuant to 15 U.S.C. § 78fff-2(c)(1)(B).

3.     In situations where a single customer account is held in the name of a feeder fund, fund of funds, or other similar entity, whether beneficial owners of interests in or claims against such entities have customer claims under 15 U.S.C. § 78fff-3(a).

The Trustee and Interested Parties shall reserve all rights, claims, and defenses as to any issues and/or arguments not resolved by the Court in connection with the briefing described herein on the Net Equity Issue.

**ORDERED,** the Court shall hold a hearing on the Net Equity Motion(s) on February 2, 2010, at 10:00 a.m., or such other time as the Court determines; and it is further

**ORDERED**, that Interested Parties that are permitted to file briefs in accordance with this Order shall be limited to customers of BLMIS who have filed a customer claim with the Trustee, or any governmental unit or division. Such briefs may be filed without seeking leave from the Court; and it is further

**ORDERED**, that any claimant who files a brief regarding the Net Equity Motion(s) in accordance with this proposed scheduling order shall submit a copy of or otherwise identify their filed customer claim at the time of filing their brief. Counsel filing a brief on behalf of any Interested Party shall identify all such Interested Parties they represent; and it is further

**ORDERED**, that any party, other than governmental units, who did not file a customer claim but wishes to file a brief regarding the Net Equity Motion(s) in accordance with this proposed scheduling order must seek leave of court prior to filing such a brief and must identify their interest in this matter, including, but not limited to, whether they had an account at BLMIS.

4

If any such party had an account at BLMIS, or if counsel is representing one or more persons who had an account(s) or an interest in an account(s) at BLMIS, they must identify all holders of the BLMIS accounts in their motion for leave to file briefs in accordance with this paragraph; and it is further

**ORDERED,** that the Trustee's proposed form of notice is approved. The Trustee shall serve the notice by mailing to all persons who have filed customer claims in the above-captioned action, and shall place the notice on his web site; and it is further

**ORDERED**, that the Objections are denied, to the extent not adopted above; and it is further

**ORDERED**, that this Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: New York, New York
        September ___, 2009

                                          _____
                                          HONORABLE BURTON R. LIFLAND
                                          UNITED STATES BANKRUPTCY JUDGE

5