# EXHIBIT C

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>      Plaintiff-Applicant,<br><br>   v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>      Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>      Debtor. | |

**NOTICE TO CUSTOMERS OF BERNARD L. MADOFF INVESTMENT SECURITIES LLC REGARDING ADJUDICATION OF "NET EQUITY" ISSUE**

In accordance with an order (the "Order") issued by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") on September ___, 2009 in the above-captioned liquidation proceeding, you are receiving this Notice because you filed a customer claim ("Customer Claim") for an account at Bernard L. Madoff Investments Securities LLC ("BLMIS") with the Trustee prior to July 2, 2009, the statutory last date to file such claims.[1]

Irving H. Picard trustee ("Trustee") for the substantively consolidated Securities Investor Protection Act ("SIPA"), 15 U.S.C. § 78aaa *et seq.*,[2] liquidation of Bernard L. Madoff

---

[1] In this case, the Filing Date is the date on which the Securities and Exchange Commission commenced its suit against BLMIS, December 11, 2008, which resulted in the appointment of a receiver for the firm. *See* Section 78*lll*(7)(B) of SIPA, 15 U.S.C. § 78 *lll*(7)(B).

[2] Subsequent references to SIPA shall omit "15 U.S.C."

Investment Securities LLC and Bernard L. Madoff (collectively, "Debtors"), hereby notifies all parties of the following:

The statutory framework for the satisfaction of Customer Claims in a SIPA liquidation proceeding provides that customers share pro rata in customer property to the extent of their Net Equity (as defined in section 78*lll*(11) of SIPA, 15 U.S.C. §78*lll*(11)), and to the extent that a customer's Net Equity exceeds his or her ratable share of customer property, SIPC shall advance funds to the SIPA trustee up to $500,000 for securities for that customer.

It is the Trustee's position that for purposes of determining customer claims, each BLMIS customer's Net Equity will be determined by crediting the amount of cash deposited by the customer into his BLMIS account, less any amounts already withdrawn by him from his BLMIS customer account (the "cash in/cash out approach").

Certain customer claimants disagree with the Trustee as to the construction of the term Net Equity and how that term should be applied to determine the amount of the valid Customer Claim of each claimant. These customer claimants have asserted that Net Equity should be determined on the basis of each claimant's balance as shown on their November 30, 2008 account statement provided by BLMIS or, alternatively, that the calculation should reflect the time value of money deposited by each claimant and/or interest, unjust enrichment or other factors as described in the objections that have been filed in the above-referenced action.

In order to resolve this issue in an orderly fashion, the Trustee moved before the Bankruptcy Court for an order setting a hearing date and briefing schedule on this issue. Accordingly, on September ____, 2009, the Order was granted, which sets forth the following schedule:

    a. On or before October 16, 2009, the Trustee shall file motion(s) to affirm certain customer claims determinations as to which objections have been filed,

2

specifically with regard to the Trustee's Net Equity determinations (the "Motion(s)").

b. In accordance with the order entered by the Bankruptcy Court on December 23, 2008 (the "Claims Procedures Order"), the Motion(s) shall identify those claimants who have filed objections to his determination of their customer claims for which he intends to schedule a hearing on the Net Equity issue (the "Objecting Claimants").

c. In support of the Motion(s), the Trustee shall file a memorandum of law and supporting papers setting forth the factual and legal bases for the Trustee's construction of the term Net Equity on the same date.

d. The Securities Investor Protection Corporation ("SIPC") shall file any brief with reference to the Motion(s) on or before October 16, 2009.

e. The Objecting Claimants shall file their responses to the Motion(s) on or before November 13, 2009.

f. Any Interested Parties who wish to file a brief in opposition to the Trustee's Motion(s) shall file their briefs on or before November 13, 2009.

g. Any Interested Parties who wish to file a brief in support of the Trustee's Motion(s) shall file their briefs on or before December 11, 2009.

h. To the extent that Interested Parties who filed briefs in accordance with paragraph g above raise issues, factual or legal, that have not been previously raised, Interested Parties who filed a brief in opposition to the Trustee's Motion(s) in accordance with paragraph f above may file a reply brief addressing such issues on or before December 21, 2009.

i. The Trustee and SIPC shall file any reply papers on or before January 15, 2010.

j. The Court has scheduled a hearing on the Motion on February 2, 2010, at 10:00 a.m., or such other time as the Court determines.

k. The briefing to be submitted to the Court pursuant to the Order shall be limited to discussing the proper interpretation of "net equity," as defined by Section 78*lll*(11) of SIPA, although this analysis may include consideration of the valuation of transfers between accounts at BLMIS. Such briefing shall not include ancillary issues, including but not limited to:

   1. The manner by which customer claims should be determined when the account of a current BLMIS customer was acquired by assignment, transfer, succession, or otherwise from a former

3

        BLMIS customer.

2. In situations where a single BLMIS customer account has two or more co-owners, beneficiaries, partners, or other interested persons, whether there is more than one customer claim for purposes of the SIPC advance pursuant 15 U.S.C. § 78fff-3(a) and allocations of customer property pursuant to 15 U.S.C. § 78fff-2(c)(1)(B).

3. In situations where a single customer account is held in the name of a feeder fund, fund of funds, or other similar entity, whether beneficial owners of interests in or claims against such entities have customer claims under 15 U.S.C. § 78fff-3(a).

The Trustee and Interested Parties shall reserve all rights, claims, and defenses as to any issues and/or arguments not resolved by the Court in connection with the briefing described herein on the Net Equity Issue.

Because you are receiving this Notice, you are entitled to file a response in the Bankruptcy Court in accordance with the schedule order outlined above, without seeking leave of court. If you do file a response, you are required to submit a copy of or otherwise identify your filed customer claim at the time of filing your response. Irrespective of whether you file a response in accordance with the scheduling order as outlined above, you are entitled to, but need not, attend the hearing on this issue currently scheduled for February 2, 2010 at 10:00 a.m., to be held at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, Courtroom 623.

You are encouraged to check the Trustee's website, www.madofftrustee.com, as the hearing date approaches. Should there be any adjournment or other change to the hearing date, the Trustee will post notification of the new hearing date on his website.

In addition, all of the pleadings filed in accordance with the schedule outlined above will be posted to the Trustee's website and you are encouraged to access them, without charge, from that site.

4

Please be advised that when a final and unappealable court order is entered regarding "net equity," the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. You do not need to take any action in order to preserve your rights with regard to this issue.

Dated: September ___, 2009
       New York, New York

                                              _____
                                              Irving H. Picard, Esq.
                                              Trustee for the Liquidation of the
                                              Business of Bernard L. Madoff
                                              Investment Securities LLC

095879, 300028900

5