AKIN GUMP STRAUSS HAUER & FELD LLP
Daniel H. Golden
Arik Preis
Jason P. Rubin
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
dgolden@akingump.com
apreis@akingump.com
jrubin@akingump.com

*Proposed Counsel to the Official Committee of*
*Unsecured Creditors of Nine West Holdings Inc., et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| NINE WEST HOLDINGS, INC., *et al.*,[1] | Case No. 18-10947 (SCC) |
| Debtors. | (Jointly Administered) |

**CERTIFICATE OF NO OBJECTION TO APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF NINE WEST HOLDINGS, INC., *ET AL.*, TO RETAIN AND EMPLOY PROTIVITI INC. AS FINANCIAL ADVISOR AND FORENSIC ACCOUNTANT, *NUNC PRO TUNC* TO APRIL 27, 2018**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Nine West Holdings, Inc. (7645); Jasper Parent LLC (4157); Nine West Management Service LLC (4508); Kasper Group LLC (7906); Kasper U.S. Blocker LLC (2390); Nine West Apparel Holdings LLC (3348); Nine West Development LLC (2089); Nine West Distribution LLC (3029); Nine West Jeanswear Holding LLC (7263); One Jeanswear Group Inc. (0179); and US KIC Top Hat LLC (3076). The location of the Debtors' service address is: 1411 Broadway, New York, New York 10018.

Pursuant to the *Order (A) Establishing Certain Notice, Case Management, and Administrative Procedures and (B) Granting Related Relief* [Docket No. 107] (the "Case Management Order"), the undersigned proposed counsel for the Official Committee of Unsecured Creditors of Nine West Holdings, Inc., *et al*., (the "Committee") hereby certifies as follows:

1. On May 18, 2018, the Committee filed and served the *Application of the Official Committee of Unsecured Creditors of Nine West Holdings, Inc., et al., to Retain and Employ Protiviti Inc. as Financial Advisor and Forensic Accountant, Nunc Pro Tunc to April 27, 2018* [Docket No. 268] (the "Application"). Pursuant to the *Notice of Adjournment of Hearing on the Retention Applications of the Professionals for the Official Committee of Unsecured Creditors to June 18, 2018* [Docket No. 307], the hearing on the Application was adjourned to June 18, 2018 and the deadline to object to the Application was adjourned to **June 11, 2018 at 4:00 p.m.** (prevailing Eastern Time) (the "Objection Deadline"). Pursuant to the *Further Amended Agenda for Hearing to be Held June 18, 2018, at 11:00 a.m. (Prevailing Eastern Time)* [Docket No. 396], the hearing on the Application was further adjourned to June 28, 2018 at 10:00 a.m. (prevailing Eastern Time).

2. In addition, on June 21, 2018, the Committee filed and served the *Supplemental Declaration of Guy A. Davis in Support of the Application of the Official Committee of Unsecured Creditors of Nine West Holdings, Inc., et al., to Employ Protiviti Inc. as Financial Advisor and Forensic Accountant Nunc Pro Tunc to April 27, 2018* [Docket No. 406] (the "Davis Supplemental Declaration").

3. The undersigned hereby certifies that the Committee has not received any formal answer, objection or other responsive pleading with respect to the Application and no such

answer, objection or other responsive pleading has appeared on the Court's docket in these chapter 11 cases. The Committee did, however, receive an informal response from the Office of the United States Trustee (the "U.S. Trustee"). In response to the U.S. Trustee's comments, the Committee modified the proposed order to incorporate the U.S. Trustee's comments. The amended proposed order (the "Amended Proposed Order") is attached hereto as **Exhibit A**, and a redline of the Amended Proposed Order showing the modifications to the proposed order attached to the Application is attached hereto as **Exhibit B**.

4. The Case Management Order provides that the Court may grant the Application without a hearing, provided that, after the passage of the Objection Deadline, counsel for the movant submits a proposed order with a certificate indicating that no objection has been filed or served in accordance with the Case Management Order.

5. Accordingly, the Committee respectfully requests that this Court enter the Amended Proposed Order granting the relief requested in the Application without hearing in accordance with the procedures described in the Case Management Order.

New York, New York  
Dated: June 25, 2018

AKIN GUMP STRAUSS HAUER & FELD LLP

By: /s/ *Daniel H. Golden*  
Daniel H. Golden  
Arik Preis  
Jason P. Rubin  
One Bryant Park  
New York, New York 10036  
Telephone: (212) 872-1000  
Facsimile: (212) 872-1002  
dgolden@akingump.com  
apreis@akingump.com  
jrubin@akingump.com

*Proposed Counsel to the Official Committee of Unsecured Creditors of Nine West Holdings, Inc.*

3

## **Exhibit A**

**Amended Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| NINE WEST HOLDINGS, INC., *et al.*,[1] | ) ) ) | Case No. 18-10947 (SCC) |
| Debtors. | ) ) ) | (Jointly Administered) |

**ORDER APPROVING APPLICATION OF THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS TO EMPLOY
PROTIVITI INC. AS FINANCIAL ADVISOR AND FORENSIC
ACCOUNTANT EFFECTIVE AS OF APRIL 27, 2018**

Upon the application (the "Application")[2] dated May 18, 2018 of the Official Committee of Unsecured Creditors (the "Committee") of Nine West Holdings, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") for an order, pursuant to sections 327, 328(a) and 1103(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York (the "Local Bankruptcy Rules"), authorizing the Committee to retain and employ Protiviti Inc. ("Protiviti") as financial advisor and forensic accountant to the Committee, *nunc pro tunc* to April 27, 2018, all as more fully described in the Application; and the Court being satisfied, based on the representations made in the Application and the Declaration of Michael L. Atkinson (the "Atkinson Declaration") and the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Nine West Holdings, Inc. (7645); Jasper Parent LLC (4157); Nine West Management Service LLC (4508); Kasper Group LLC (7906); Kasper U.S. Blocker LLC (2390); Nine West Apparel Holdings LLC (3348); Nine West Development LLC (2089); Nine West Distribution LLC (3029); Nine West Jeanswear Holding LLC (7263); One Jeanswear Group Inc. (0179); and US KIC Top Hat LLC (3076). The location of the Debtors' service address is: 1411 Broadway, New York, New York 10018.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

Supplemental Declaration of Guy A. Davis (the "Davis Supplemental Declaration"), a managing director of Protiviti, in support of the Application that the Committee's employment of Protiviti is in the best interests of the Debtors' estates and their unsecured creditors, that Protiviti does not hold or represent any entity having an interest adverse to the interests of the Debtors' estates and is a "disinterested person" as that term is defined in Bankruptcy Code section 101(14); and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been served, and it appearing that no other or further notice need be provided; and the Court having reviewed the Application and determined that the legal and factual bases set forth therein establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Application is GRANTED as set forth herein.

2. Pursuant to Bankruptcy Code sections 327, 328(a) and 1103(a), the Committee is authorized to employ Protiviti as its financial advisor and forensic accountant *nunc pro tunc* to April 27, 2018 under the terms set forth in the Application and the Engagement Letter.[3]

3. Protiviti shall be compensated in accordance with the procedures set forth in Bankruptcy Code sections 330 and 331, such Bankruptcy Rules as may then be applicable, from time to time, and such other orders and procedures as may be fixed by this Court.

---

[3] A copy of the Engagement Letter is attached hereto as **Exhibit 1**.

4. Protiviti is entitled to reimbursement of actual and necessary expenses, including reasonable legal fees and expenses related to the Application and future fee applications as approved by the Court.

5. At least ten days before implementing any increase in the rates of Protiviti's professionals providing services in this case, Protiviti shall file and serve on the U.S. Trustee, the Debtor, and the Committee a supplemental affidavit providing justification for any such rate increases and stating whether the Committee has agreed to them. All parties in interest retain the right to object to any rate increase on any grounds.

6. The Committee is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

7. If there is any inconsistency between the terms of this Order, the Application, the Engagement Letter, the Atkinson Declaration and the Davis Supplemental Declaration, the terms of this Order shall govern.

8. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.


Dated: _____, 2018

                                                  _____
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

**Engagement Letter**



May 1, 2018

Daniel H. Golden, Esq.
Akin Gump Strauss Hauer & Feld LLP
Bank of America Tower, 1 Bryant Park
New York, NY 10036

RE:    Protiviti Inc. Engagement Letter – Nine West Holdings, Inc. et al. Chapter 11 Matter

Dear Mr. Golden:

This letter confirms Protiviti Inc.'s ("Protiviti") arrangements with the Official Committee of Unsecured Creditors (the "Committee")[1] of Nine West Holdings, Inc. et al. ("Nine West" or "Debtors"), Case No. 18-10947, effective April 27, 2018.

**Project Scope and Approach**

The Committee desires to engage Protiviti to perform financial advisory and related services to the Committee in the Nine West Chapter 11 Bankruptcy. Protiviti will coordinate services with the Committee's proposed counsel, Akin Gump Strauss Hauer & Feld LLP ("Akin" or "Counsel") and the Committee's proposed investment banker, Houlihan Lokey, Inc. ("Houlihan").

Protiviti's work will consist of the following services and will be performed under the direction and coordination of the Committee and Counsel:

- Review and analysis of the Debtors' weekly financial and cash flow performance as compared to its budgets;
- Review and analysis of historical operating results and recent performance and comparison to Debtors' forecasts;
- Review and analysis of Debtors' business segments and operating performance;
- Review, analysis, forensic accounting and litigation support related to the 2014 Transaction, the Carve-Out Transactions (each as defined in the Debtors' "first day declaration") and other transactions occurring between 2014 and the filing date;
- Analysis of Debtors' business performance;
- Analysis of intercompany claims and transfers;
- Analysis related to claims waterfall and substantive consolidation issues;
- Review and analysis of first day motions;
- Review and analysis of statements and schedules;
- Analysis of general unsecured claims;
- Evaluate the assets and liabilities of the Debtors including interests in non-Debtor entities;
- Identification and determination of unencumbered assets;
- Assess the financial and claims issues concerning the Debtors' chapter 11 Plan of Reorganization or liquidation or any other chapter 11 plans;
- Review and analysis of Debtors' Plan of Reorganization and Disclosure Statement with respect to claims and treatment of creditors;
- Assist the Committee and its counsel in developing strategies and related negotiations with the Debtors and other interested parties with respect to elements of the Debtors' treatment to the unsecured creditors under a proposed Plan or such treatment under alternative proposals;

---

[1] The term "Committee," as used herein, shall mean the Official Committee of Unsecured Creditors as a whole, not its individual members.

- Provide such financial analyses as the Committee may require in connection with the Debtors;
- Represent the Committee in negotiations with the Debtors and third parties with respect to any of the foregoing;
- Provide information in support of or testimony in court on behalf of the Committee with respect to any of the foregoing, if necessary; and
- Assist the Committee and its counsel as requested with respect to various financial matters.

The Committee and Counsel acknowledge that Protiviti's work is highly dependent on the availability of relevant documents, Debtors' personnel, and other factors beyond the control of Protiviti.

**No Duplication of Services**

The Committee has also selected Houlihan to provide investment banking services to the Committee. The services that Houlihan is to provide to the Committee are separate and distinct from the financial advisory services that Protiviti will be providing to the Committee. In order to ensure that there is no unnecessary duplication of services by either firm during the pendency of these chapter 11 cases, Protiviti and Houlihan have and will continue to coordinate appropriate and efficient division of responsibilities on the services they are providing to the Committee.

It is currently contemplated that Protiviti will be principally responsible for providing to the Committee the above identified services including financial analyses of the Debtors' cash budget, liquidity, cash management, unencumbered assets, related party transactions, intercompany transfers, claims levels and other operational elements of the Debtors' business plan and exit strategy, and the investigation of causes of action. It is currently contemplated that Houlihan will be primarily responsible for advising the Committee on the investment banking and strategic elements of the Debtors' plan of reorganization (including relevant valuations and the viability of a standalone plan of reorganization), strategic restructuring and other (M&A / asset sale) alternatives as well as financing alternatives for the Debtors, including exit financing, and any capital market valuations, negotiations with the Debtors and management assessments.

The above explanation of division of services is subject to change and Protiviti, Houlihan, and Akin will undertake to coordinate all services to the Committee in order to minimize, wherever possible, any unnecessary duplication of services and any potential burden on the Debtors and their professional advisors. Moreover, Protiviti has worked in co-advisory roles previously and thus has experience ensuring that best practices are maintained in the provision of services to the Committee.

**Professional Fees & Expenses**

Protiviti will charge for this work based upon hourly rates as set forth in the schedule below, plus reasonable out-of-pocket expenses. The hourly rates charged by Protiviti will be in accordance with the following:

|                                | Standard Rates |
|--------------------------------|----------------|
| Managing Director              | $665 - $740    |
| Associate Director & Director  | $435 - $595    |
| Manager & Senior Manager       | $360 - $495    |
| Consultant & Senior Consultant | $235 - $345    |
| Administrative                 | $125 - $175    |

We agree to submit invoices to the Committee and Counsel for review and approval. We agree to charge for the Services provided hereunder at the rates set forth above, plus reasonable expenses incurred in connection with performance of the Services. Periodically, Protiviti may adjust its fees to reflect company-wide pricing changes, which typically occur on January 1 of each year, and rate modifications associated with customary promotions of engagement personnel.

**Engagement Team**

Protiviti engagement leaders will be as follows:

- Project Managing Directors    Michael Atkinson, Suzanne Roski, and Guy Davis
- Project Director              Jason Crockett

In addition, senior and staff consultants will be used as necessary to complete the work. Protiviti reserves the right to staff the project as it sees fit and according to the personnel available to it.

This Engagement Letter and the terms and conditions set forth in Attachment I (collectively, the "Agreement") represent the entire agreement between Protiviti, the Committee and Counsel regarding this engagement, supersede all other oral, written or electronic communications between the parties concerning this engagement, and shall be binding on and inure to the benefit of the parties and their respective successors and permitted assigns. This Agreement has been entered into solely among the Committee, Counsel and Protiviti, and no third-party beneficiaries are created hereby.

Please indicate your acceptance of this Agreement by signing where indicated below and returning it to us. We look forward to the opportunity to assist you in this project. Please contact me at (410) 454-6836 with any questions regarding this Agreement or the project.

Very truly yours,

PROTIVITI INC.

By: _____    Date: _____May 18, 2018_____

Michael Atkinson
Managing Director
Protiviti Inc.

AGREED AND ACKNOWLEDGED:

By: _____    Date: __May 18, 2018__

Ronald M. Tucker
Co-Chair of
The Official Committee of Unsecured Creditors
of Nine West Holdings, Inc. et al.

ATTACHMENT I

**Terms and Conditions to Agreement Dated as of May 1, 2018 Between
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF
NINE WEST HOLDINGS, INC. et al. ("Client") and PROTIVITI INC. ("Protiviti")**

1. **Regulated Activity.** Client understands that Protiviti is not a public accounting firm and does not issue opinions on financial statements or offer any attestation services.

2. **Confidential Information.** Confidential Information exchanged between Client, Counsel and Protiviti shall be governed by the confidentiality obligations set forth in the bylaws of the Committee or any other confidentiality agreement governing such Confidential Information.

3. **Distribution of Deliverables.** Deliverables or other documents or materials that are provided by Protiviti that are Protiviti-branded or marked as being authored by Protiviti, or Deliverables or other documents or materials that, based on the circumstances, context or any related communications, would lead a reasonable reader to understand that Protiviti produced, authored or contributed to such Deliverables, documents or materials (collectively, "**Associated Deliverables**") are for the use and benefit of the Client only and not for any other party (each a "**Third Party**"). If the Client desires to disclose Associated Deliverables, or make reference to Protiviti, to any Third Party (other than the Client's legal counsel and external auditors who need access to such information and who have agreed to keep such information confidential), Client will obtain Protiviti's prior written approval and, if requested by Protiviti, obtain from such Third Party a non-disclosure agreement and release in a form satisfactory to Protiviti. Protiviti accepts no liability or responsibility to any Third Party who benefits from or uses the Services or gains access to any Deliverables, including, but not limited to, Associated Deliverables.

   Nothing contained in this Agreement shall prohibit the legally required disclosure of Deliverables to the Client's regulators, who may be granted access to such Deliverables to the extent legally required.

4. **No Third-Party Beneficiaries.** This Agreement has been entered into solely between Client and Protiviti, and no third-party beneficiaries are created hereby.

5. **Responsibility for Information.** Protiviti shall be entitled to rely on all information provided by, and the decisions and approvals of, Client in connection with Protiviti's work hereunder. Client hereby releases Protiviti and its personnel from any liability and costs relating to the Services to the extent that such liability and costs are attributable to any information provided, or decisions or approvals made, by Client personnel that were not complete, accurate or current.

6. **Changes to Services.** Changes to any Services must be agreed upon by Protiviti and Client and will not be considered effective unless and until both parties agree in writing to an amendment.

7. **Limitation of Liability.** Notwithstanding anything to the contrary in this Agreement, Client and Protiviti agree that, regardless of the legal theory asserted (including, but not limited to, breach of contract, warranty, negligence or tort): (i) Protiviti's entire liability to Client or any person asserting claims on behalf of or in the name of Client will not exceed in the aggregate, for all claims, liability, losses, damages or expenses, the total amount of fees paid to Protiviti hereunder with respect to the engagement hereunder provided that this subsection (i) shall not apply to Protiviti's indemnification obligations under this Agreement; and (ii) neither party shall be liable to the other party or any person asserting claims on behalf of or in the name of the other party for consequential, indirect, incidental, punitive or special damages of any nature suffered by Client or Protiviti (including, but not limited to, lost profits or business opportunity costs), provided that this subsection (ii) shall not apply to any indemnification obligations under the Agreement.

8. **Engagement Team Restrictions.** If for any reason any of the employees or subcontractors designated in the Engagement Letter portion of this Agreement is not able to complete this engagement, Protiviti will provide employees or subcontractors with similar qualifications and experience to complete the assignment.

9. **Warranties.** NOTWITHSTANDING ANYTHING TO THE CONTRARY CONTAINED IN THIS AGREEMENT, PROTIVITI MAKES NO WARRANTIES, EXPRESS OR IMPLIED, WHETHER ARISING BY OPERATION OF LAW, COURSE OF PERFORMANCE OR DEALING, CUSTOM, USAGE IN THE TRADE OR PROFESSION OR OTHERWISE, INCLUDING, BUT NOT LIMITED TO, THE IMPLIED WARRANTIES OF MERCHANTABILITY, NONINFRINGEMENT AND FITNESS FOR A PARTICULAR PURPOSE.

10. **Publicity.** Neither party shall use the name of the other party, in part or whole, or any of their trademarks or trade names without the other party's prior written approval. Notwithstanding the foregoing, Client consents to Protiviti's use of Client's name and a general description of the Services to be performed by Protiviti under this Agreement in resumes and proposals.

11. **Proprietary Rights in Deliverables and Data.** Subject to the terms of this Agreement, Protiviti agrees that Client shall own the copyright in the Deliverables, excluding any Protiviti Proprietary Materials (as defined below) and any third-party software that is incorporated into the Deliverables. Client acknowledges that as part of performing Services, Protiviti may utilize proprietary copyrights, patents, trade secrets, software, ideas, concepts, know-how, tools, models, processes, methodologies and techniques (including any derivatives, enhancements or modifications thereto) which have been originated or developed by Protiviti, or which have been purchased by, or licensed to, Protiviti (collectively, "**Protiviti Proprietary Materials**"). Client agrees that Protiviti retains all right, title, and interest in the Protiviti Proprietary Materials. Subject to the terms of this Agreement, Protiviti grants and Client accepts a nonexclusive, nontransferable license to use the Protiviti Proprietary Materials solely to the extent necessary to make use of the Deliverables as contemplated by this Agreement.

12. **Termination of Agreement.** Either party may at any time and without cause terminate this Agreement by providing 30 days' prior written notice of termination to the other party. The rights and obligations set forth in this Agreement shall survive termination of this Agreement.

13. **Governing Law.** This Agreement and the rights and duties of the parties hereunder shall be governed by, and construed in accordance with, the laws of the State of New York, without regard to its conflict of laws provisions.

14. **Expenses.** The Debtors shall reimburse Protiviti for any fees or expenses (including, but not limited to, legal expenses) reasonably incurred by it in connection with providing evidence in, or preparing to serve or serving as a witness with respect to, any lawsuits, investigations, claims or other proceedings in any way connected with, or related to, the Services.

15. **Notice.** All notices or other communications required or desired to be sent to either party shall be in writing and sent by first class mail, postage prepaid, by next-day courier, by facsimile, or by e-mail, to the attention of the person identified below, at the address shown below or to the facsimile number shown below. Either party may change such person, address or facsimile number by written notice to the other party. Notice shall be effective on the fifth (5th) business day after mailing, on the first (1st) day after the date of sending via next-day courier, or on the date of transmission if sent by facsimile or e-mail (provided that notice shall be effective on the first (1st) business day following the date of transmission if transmission is effected on a non-business day).

|  |  |
|---|---|
| Protiviti: | Protiviti Inc.<br>Attn: Michael Atkinson<br>Managing Director<br>1 E. Pratt St. Suite 900<br>Baltimore, MD 21202<br>michael.atkinson@protiviti.com<br>Facsimile: 410-454-6801 |
| cc: | Protiviti Inc.<br>Attn: Legal Department<br>50 California Street, 17th Floor<br>San Francisco, CA 94111 |
| Client: | Proposed Counsel for the Official Committee of<br>Unsecured Creditors of Nine West Holdings, Inc. et al.<br>Attn: Daniel H. Golden, Esquire<br>Akin Gump Strauss Hauer & Feld LLP<br>Bank of America Tower, 1 Bryant Park<br>New York, NY 10036<br>Telephone: 212-872-8010<br>dgolden@akingump.com |

16. **Assignment.**  Neither Protiviti nor Client may assign this Agreement, by operation of law or otherwise, without the prior written consent of the other party.  Any assignment in violation of this provision shall be deemed to be null and void.

17. **Force Majeure.**  Neither party shall be liable for any default or delay in the performance of its obligations under this Agreement if such default or delay is caused by an act of God or other circumstance outside the reasonable control of the party, including, but not limited to, fire, flood, earthquake, natural disasters or other acts of God, terrorist acts, riots, civil disorders, freight embargoes, government action, or the like.

18. **Severability.**  If any term of the Agreement is found to be illegal, invalid or unenforceable under any applicable law, such term shall, insofar as it is severable from the remaining terms, be deemed omitted from the Agreement and shall in no way affect the legality, validity or enforceability of the remaining terms.

19. **Waiver.**  No waiver shall be deemed to have been made by either party unless it is expressed in writing and signed by the waiving party.  The failure of either party to insist in any one or more instances upon strict performance of any of the terms of provisions of this Agreement, or to exercise any option or election herein contained, shall not be construed as a waiver or relinquishment for the future of such terms, provisions, option or election, and no waiver by either party of any one or more of its rights or remedies under this Agreement shall be deemed to be a waiver of any prior or subsequent rights or remedies hereunder or at law.

20. **Headings and Interpretation.**  The section headings in this Agreement are inserted for convenience only and shall not affect in any way the meaning or interpretation of the Agreement.  All parties hereto have participated substantially in the negotiation and drafting of this Agreement and each party hereby disclaims any defense or assertion that any ambiguity herein should be construed against the drafter of the Agreement.

21. **Regulatory Compliance.**  Client acknowledges and agrees that it is responsible for its own legal representation and guidance related to the Services or Deliverables, and that it will consult its own legal resources before acting upon any Services or Deliverables.  Client further acknowledges and agrees that Protiviti is not a law firm and is not providing legal advice or analysis and that Protiviti has not engaged legal counsel with respect to the Services or Deliverables.

22. **Release: Tax Information.**  Client covenants and agrees that, should it determine that legal representation is required with regard to any U.S. federal, state, local, or foreign tax matters and the Services, Client is responsible for the provision and costs of its own legal representation concerning such matters.  Client further acknowledges and agrees that (1) Protiviti may receive information requests or subpoenas from the Internal Revenue Service, other governmental authorities or other third parties with respect to Client in connection with or related to the Services, or may otherwise be required by applicable law to furnish information to the Internal Revenue Service, other governmental authorities or other third parties; (2) Protiviti will (unless prohibited by law) notify Client of such information requests from any third parties, including, but not limited to, the Internal Revenue Service; (3) while Protiviti will respect Client confidentiality and comply with all legal and appropriate requests from Client's legal counsel to the extent legally permitted, Protiviti will comply with all legal requirements of any governmental authority or other third party; and (4) Protiviti will have sole discretion with respect to the preparation of any and all responses to such information requests and with respect to the provision of any additional information, and Protiviti will not be required to obtain consent from Client with respect to such responses and additional information.

08-01789-cgm    Doc    Filed 06/25/18    Entered 06/25/18 13:11:27    Main Document
Pg 14 of 18

**<u>Exhibit B</u>**

**Redline**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| NINE WEST HOLDINGS, INC., *et al.*,[1] | ) ) | Case No. 18-10947 (SCC) |
| Debtors. | ) ) ) | (Jointly Administered) |

**ORDER APPROVING APPLICATION OF THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS TO EMPLOY
PROTIVITI INC. AS FINANCIAL ADVISOR AND FORENSIC
ACCOUNTANT EFFECTIVE AS OF APRIL 27, 2018**

Upon the application (the "Application")[2] dated May 18, 2018 of the Official Committee of Unsecured Creditors (the "Committee") of Nine West Holdings, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") for an order, pursuant to sections 327, 328(a) and 1103(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York (the "Local Bankruptcy Rules"), authorizing the Committee to retain and employ Protiviti Inc. ("Protiviti") as financial advisor and forensic accountant to the Committee, *nunc pro tunc* to April 27, 2018, all as more fully described

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Nine West Holdings, Inc. (7645); Jasper Parent LLC (4157); Nine West Management Service LLC (4508); Kasper Group LLC (7906); Kasper U.S. Blocker LLC (2390); Nine West Apparel Holdings LLC (3348); Nine West Development LLC (2089); Nine West Distribution LLC (3029); Nine West Jeanswear Holding LLC (7263); One Jeanswear Group Inc. (0179); and US KIC Top Hat LLC (3076). The location of the Debtors' service address is: 1411 Broadway, New York, New York 10018.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

in the Application; and the Court being satisfied, based on the representations made in the Application and the Declaration of Michael L. Atkinson <ins>(the "Atkinson Declaration") and the Supplemental Declaration of Guy A. Davis (the "Davis Supplemental Declaration")</ins>, a managing director of Protiviti, in support of the Application that the Committee's employment of Protiviti is in the best interests of the Debtors' estates and their unsecured creditors, that Protiviti does not hold or represent any entity having an interest adverse to the interests of the Debtors' estates and is a "disinterested person" as that term is defined in Bankruptcy Code section 101(14); and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been served, and it appearing that no other or further notice need be provided; and the Court having reviewed the Application and determined that the legal and factual bases set forth therein establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Application is GRANTED as set forth herein.

2. Pursuant to Bankruptcy Code sections 327, 328(a) and 1103(a), the Committee is authorized to employ Protiviti as its financial advisor and forensic accountant *nunc pro tunc* to April 27, 2018 under the terms set forth in the Application and the Engagement Letter.[3]

---

[3] A copy of the Engagement Letter is attached hereto as **Exhibit 1**.

3. Protiviti shall be compensated in accordance with the procedures set forth in Bankruptcy Code sections 330 and 331, such Bankruptcy Rules as may then be applicable, from time to time, and such other orders and procedures as may be fixed by this Court.

4. Protiviti is entitled to reimbursement of actual and necessary expenses, including reasonable legal fees and expenses related to the Application and future fee applications as approved by the Court.

5. At least ten days before implementing any increase in the rates of Protiviti's professionals providing services in this case, Protiviti shall file and serve on the U.S. Trustee, the Debtor, and the Committee a supplemental affidavit providing justification for any such rate increases and stating whether the Committee has agreed to them. All parties in interest retain the right to object to any rate increase on any grounds.

~~5~~6. The Committee is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

7. If there is any inconsistency between the terms of this Order, the Application, the Engagement Letter, the Atkinson Declaration and the Davis Supplemental Declaration, the terms of this Order shall govern.

~~6~~8. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: _____, 2018

_____
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE

3