Joel and Ellen Ross
24 Plymouth Drive
Scarsdale, NY 10583

September 9, 2009

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York 10004

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10011

Re: Bankruptcy Case No. 08-1789 (BRL)

Dear Mr. Picard:

The two Madoff accounts which will be referenced are:

1. Joel & Ellen Ross TIC: ZA715
2. Joel Ross Tennis Enterprises Inc. Pension Plan Trust: 1ZB560

The settlement on the Pension, 1ZB560, was received on July 9. We received $500,000 from SIPC. The balance of the claim allowed is $1,145.761.48.

In our personal account, ZA715, we are asking for additional consideration because we used our personal account money to fund our pension only a couple of years ago. On December 21, 2006, we withdrew $400,000 from our personal account to fund the pension (document enclosed). In early 2007 we sent 3 checks to the pension totaling $448,000 (document enclosed). By withdrawing so much ($400,000), it put the personal account under the $500,000 allowed by SIPC.

For several years, beginning in 2003 (see enclosed letters), I asked Bernie Madoff to allow my wife & I to set up a pension account along with our personal account. He refused to take the money. I wrote again in 2004. He refused our money a second time.

I wrote again in November, 2006, and he agreed to accept our money. I even wrote back a week later saying that I overstated the amount we could open the account with by $100,000. I got a call from Jodi in his office saying that it was ok and to send the money in.

We lost so much money in the pension account, over $1,000,000. This was our life savings. Can some consideration be shown in this case to bring our allowable claim on the personal account to $500,000? We realize that this would decrease our pension claim by the difference.

Thank you very much for your consideration.

Sincerely Yours,

Joel & Ellen Ross


RECEIVED SEP 11 2009 U.S. BANKRUPTCY COURT, SDNY

# BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

## DECEMBER 11, 2008[1]

## NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

September 2, 2009

Ellen Ross and Joel Ross TIC
24 Plymouth Drive
Scarsdale, New York 10583

Dear Ellen Ross and Joel Ross TIC:

**PLEASE READ THIS NOTICE CAREFULLY.**

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim on BLMIS Account No. 1ZA715 designated as Claim Number 001122:

Your claim for securities is **DENIED**. No securities were ever purchased for your account.

Your claim is **ALLOWED** for $227,800.00, which was the balance in your BLMIS Account on the Filing Date based on the amount of money you deposited with BLMIS for the purchase of securities, less subsequent withdrawals, as outlined in Table 1.

| DEPOSITS | | |
|---|---|---|
| **DATE** | **TRANSACTION DESCRIPTION** | **AMOUNT** |
| 12/21/1992 | CHECK | $53,000.00 |
| 2/16/1993 | CHECK | $800.00 |
| 3/8/1993 | CHECK | $2,500.00 |
| 3/31/1993 | CHECK | $25,000.00 |
| 6/3/1993 | CHECK | $80,000.00 |

---

[1] Section 78*lll*(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78*lll*(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

| DATE | TRANSACTION DESCRIPTION | AMOUNT |
|---:|:---:|---:|
| 6/25/1993 | CHECK | $65,000.00 |
| 3/30/1994 | CHECK | $9,000.00 |
| 4/26/1994 | CHECK | $2,000.00 |
| 5/27/1994 | CHECK | $75,000.00 |
| 9/6/1994 | CHECK | $4,000.00 |
| 3/29/1995 | CHECK | $50,000.00 |
| 5/22/1995 | CHECK | $80,000.00 |
| 6/7/1995 | CHECK | $6,000.00 |
| 10/26/1995 | CHECK | $500.00 |
| 5/17/1996 | CHECK | $50,000.00 |
| 5/28/1996 | CHECK | $40,000.00 |
| 6/7/1996 | CHECK | $80,000.00 |
| 2/3/1997 | CHECK | $10,000.00 |
| 3/13/1997 | CHECK | $25,000.00 |
| 5/15/1997 | CHECK | $30,000.00 |
| 5/19/1997 | CHECK | $40,000.00 |
| 6/16/1997 | CHECK | $75,000.00 |
| 3/9/1998 | CHECK | $50,000.00 |
| 5/26/1998 | CHECK | $100,000.00 |
| 3/8/1999 | CHECK | $50,000.00 |
| 3/6/2000 | CHECK | $50,000.00 |
| 4/28/2000 | CHECK | $20,000.00 |
| 5/12/2000 | CHECK | $30,000.00 |
| 2/15/2001 | CHECK | $60,000.00 |
| 5/15/2001 | CHECK | $40,000.00 |
| 6/5/2001 | CHECK | $50,000.00 |
| 7/8/2002 | CHECK | $130,000.00 |
| 6/5/2003 | CHECK | $40,000.00 |
| 10/14/2003 | CHECK | $15,000.00 |
| 5/25/2004 | CHECK | $100,000.00 |
| 2/23/2005 | CHECK | $115,000.00 |
| 5/16/2005 | CHECK | $50,000.00 |
| 5/31/2005 | CHECK | $100,000.00 |
| 6/14/2005 | CHECK | $50,000.00 |
| 3/24/2006 | CHECK | $100,000.00 |
| 5/30/2006 | CHECK | $80,000.00 |
| 3/12/2007 | CHECK | $100,000.00 |
| 5/24/2007 | CHECK | $100,000.00 |
| 5/19/2008 | CHECK | $200,000.00 |
| 6/19/2008 | CHECK | $100,000.00 |
| **Total Deposits:** | | $2,532,800.00 |

## WITHDRAWALS

| DATE | TRANSACTION DESCRIPTION | AMOUNT |
|---:|:---:|---:|
| 8/2/1993 | CHECK | ($60,000.00) |
| 8/3/1994 | CHECK | ($50,000.00) |
| 9/9/1994 | CHECK | ($20,000.00) |
| 8/11/1995 | CHECK | ($100,000.00) |
| 11/28/1995 | CHECK | ($35,000.00) |

2

| | | |
|---:|:---:|---:|
| 12/19/1995 | CHECK | ($15,000.00) |
| 7/16/1996 | CHECK | ($100,000.00) |
| 9/5/1996 | CHECK | ($75,000.00) |
| 8/6/1997 | CHECK | ($75,000.00) |
| 9/16/1997 | CHECK | ($60,000.00) |
| 12/17/1997 | CHECK | ($25,000.00) |
| 1/5/1998 | CHECK | ($20,000.00) |
| 7/30/1998 | CHECK | ($50,000.00) |
| 10/14/1998 | CHECK | ($75,000.00) |
| 12/30/1998 | CHECK | ($50,000.00) |
| 12/15/1999 | CHECK | ($35,000.00) |
| 12/17/2001 | CHECK | ($50,000.00) |
| 8/23/2002 | CHECK | ($50,000.00) |
| 3/26/2003 | CHECK | ($145,000.00) |
| 12/30/2003 | CHECK | ($100,000.00) |
| 12/17/2004 | CHECK | ($125,000.00) |
| 8/18/2005 | CHECK | ($250,000.00) |
| 12/16/2005 | CHECK | ($90,000.00) |
| 9/25/2006 | CHECK | ($250,000.00) |
| 12/21/2006 | CHECK | ($400,000.00) |
| **Total Withdrawals:** | | ($2,305,000.00) |
| | | |
| **Total deposits less withdrawals:** | | $227,800.00 |

Your **ALLOWED CLAIM** of $227,800.00 will be satisfied in the following manner:

The enclosed **ASSIGNMENT AND RELEASE** must be executed, notarized and returned in the envelope provided herewith. Upon receipt of the executed and notarized **ASSIGNMENT AND RELEASE**, the Trustee will fully satisfy your **ALLOWED CLAIM** by sending you a check in the amount of $227,800.00, with the funds being advanced by Securities Investor Protection Corporation pursuant to section 78fff-3(a)(1) of SIPA.

Should a final and unappealable court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by you in having your customer claim re-determined in accordance with any such Court order.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after September 2, 2009, the date on which the Trustee mailed this notice.

3

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

> Clerk of the United States Bankruptcy Court for
> the Southern District of New York
> One Bowling Green
> New York, New York 10004

> and

> Irving H. Picard, Trustee
> c/o Baker & Hostetler LLP
> 45 Rockefeller Plaza
> New York, New York 10011

_____
Irving H. Picard

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

4

# BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

## DECEMBER 11, 2008[1]

## NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

June 29, 2009

Joel Ross Tennis Enterprises Inc. Pension Plan Trust
c/o Joel Ross and Ellen Ross, Trustees
24 Plymouth Drive
Scarsdale, New York 10583

Dear Mr. and Mrs. Ross:

### PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim on BLMIS Account No. 1ZB560 designated as Claim Number 1121:

Your claim for securities is **DENIED**. No securities were ever purchased for your account.

Your claim is **ALLOWED** for $1,645,761.48, which is the amount of money you deposited with BLMIS for the purchase of securities, as outlined in Table 1.

---

[1] Section 78lll(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78lll(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

095879, 000005, 300016899.1

| - TABLE 1 - ||
| DEPOSITS ||
| DATE | AMOUNT |
|---|---|
| 12/6/2006 | $1,055,781.90 |
| 12/6/2006 | $141,912.58 |
| 1/3/2007 | $248,067.00 |
| 1/5/2007 | $100,000.00 |
| 5/24/2007 | $100,000.00 |
| Total deposits: | $1,645,761.48 |

Your **ALLOWED CLAIM** of $1,645,761.48 will be satisfied in the following manner:

The enclosed **PARTIAL ASSIGNMENT AND RELEASE** must be executed, notarized and returned in the envelope provided herewith. Upon receipt of the executed and notarized **PARTIAL ASSIGNMENT AND RELEASE**, the Trustee will make a partial satisfaction of your **ALLOWED CLAIM** by sending you a check in the amount of $500,000.00, with the funds being advanced by Securities Investor Protection Corporation pursuant to section 78fff-3(a)(1) of SIPA. The remainder of your claim - $1,145,761.48 - will remain as a claim against the fund of customer property.

It is the Trustee's intent, pursuant to SIPA, to submit a Motion for an order of the Bankruptcy Court to allocate assets he has collected and will collect between the fund of customer property and the general estate and to distribute customer property *pro rata* among allowed claimants, such as you. In a decision in this case, Rosenman Family, LLC v. Picard, 401 B.R. 629, 634 (Bankr. S.D.N.Y. 2009), the Bankruptcy Court stated:

> The customer estate is a fund consisting of customer property and is limited exclusively to satisfying customer claims. In re Adler Coleman Clearing Corp. (Adler Coleman II), 216 B.R. 719, 722 (Bankr. S.D.N.Y. 1998) ("A SIPA trustee, distributes 'customer property' exclusively among the debtor's customers...."); see also 15 U.S.C. § 78*lll*(4). Accordingly, Customers, as defined by SIPA § 78*lll*(2), enjoy a preferred status and are afforded special protections under SIPA. See New Times Securities, 463 F.3d at 127; Adler Coleman, 195 B.R. at 269."

Id. at 634.

It is not known at this time when the Trustee will be filing such allocation and distribution motion.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after June 29, 2009, the date on which the Trustee mailed this notice.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

> Clerk of the United States Bankruptcy Court for
> the Southern District of New York
> One Bowling Green
> New York, New York 10004
>
> and
>
> Irving H. Picard, Trustee
> c/o Baker & Hostetler LLP
> 45 Rockefeller Plaza
> New York, New York 10011

*/s/ Irving H. Picard*
_____
Irving H. Picard

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

#3

Joel Ross
24 Plymouth Drive
Scarsdale, NY 10583
914-723-1769  914-668-7477

April 9, 2003

Bernard L. Madoff
Investment Securities LLC
885 Third Avenue
New York, NY 10022

Dear Mr. Madoff:

I have been with Madoff since Telfran. I remember speaking with you when Telfran ended and we had to come up with $50,000 to open an account in the early 90's. I scraped everything I could together, borrowed some from my parents & opened the account. Best move I ever made! That account is now worth over a million.

My pension account is a different story. I have been calling every year to try to open an account but was told that no new accounts were being opened. I understand that Madoff is opening new accounts for current account holders, but the minimum is one million. I can begin this pension account with approximately $530,000. I am asking you to make an exception in this case. I fear that I will lose most of this money on my own or with another firm.

Thanking you in advance for your consideration.

Sincerely,

Joel Ross
1-ZA715-3 & 4

P.S. I know that you are involved with several charities. I would be interested in offering some camp scholarships at my camp, Joel Ross Tennis/Golf & Sports Camp in Kent, CT.

Joel Ross
24 Plymouth Drive
Scarsdale, NY 10583
914-723-1769  914-668-7477

December 17, 2004

Bernard L. Madoff
Investment Securities LLC
885 Third Avenue
New York, NY 10022

Dear Mr. Madoff:

In April of 2003 I wrote to you asking to open a second account for my pension. At the time I thought I could put about $600k in it. At this time, I could fund the account with $900k. Is it possible to open the account now?

Thanking you in advance for your consideration.

Sincerely,

Joel Ross
1-ZA715-3 & 4

Joel Ross
24 Plymouth Drive
Scarsdale, NY 10583
914-723-1769  914-668-7477

November 13, 2006

Bernard L. Madoff
Investment Securities LLC
885 Third Avenue
New York, NY 10022

Dear Mr. Madoff:

My wife and I currently have a personal account at Madoff. I would like to open a second account, a pension account in which my wife and I are the only participants. In January the account will have approximately $1,600,000. Each year, we are adding about $200,000. We have been with you for a long time.

Thank you.


Sincerely Yours,


Joel Ross
1-ZA715-3 & 4

Joel Ross
24 Plymouth Drive
Scarsdale, NY 10583
914-723-1769  914-668-7477

November 22, 2006

Bernard L. Madoff
Investment Securities LLC
885 Third Avenue
New York, NY 10022

Dear Mr. Madoff:

I can only do $1,500,000 this January. After a few months into the new year, I might be able to add more. I apologize for being over zealous in my previous letter. I hope it is still ok.

Thank you.

Sincerely Yours,

Joel Ross
1-ZA715-3 & 4