# EXHIBIT A

COPY

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

### DECEMBER 11, 2008[1]

### REVISED NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

September 9, 2009

Myron Feuer (IRA)
150 Bradley Place, 312
Palm Beach, FL 33480

Dear Mr. Feuer (IRA):

### PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee previously issued a Notice of Trustee's Determination of Claim dated [DATE] (the "Initial Notice") in connection with Claim Number 000165. The Trustee has not received the executed and notarized **ASSIGNMENT AND RELEASE** of June 16, 2009 (the "Release") enclosed with the Initial Notice. Subsequent to the issuance of the Initial Notice, the Trustee received a duplicate claim from you (Claim Number 011566) in connection with the same BLMIS account. This letter supersedes the Initial Notice and shall serve as the Trustee's revised determination with respect to the Combined Claim.

The Trustee has made the following revised determination regarding your claims on BLMIS Account No. 1F0173 designated as Claim Number 000165 and Claim Number 011566 (the latter of which is duplicative of Claim Number 000165) and are combined ("Combined Claim") for purposes of this determination:

---

[1] Section 78lll(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78lll(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

300029094

Your Combined Claim for a credit balance of $2,362,447.00 and for securities is **DENIED**. No securities were ever purchased for your account.

Your Combined Claim is **ALLOWED** for $9,609.00 (the "Allowed Claim"), which was the balance in your BLMIS Account on the Filing Date based on the amount of money you deposited with BLMIS for the purchase of securities, less subsequent withdrawals, as outlined in Table 1.

| TABLE 1 | |
|---|---|
| **DEPOSITS** | |
| DATE | AMOUNT |
| 3/26/2002 | $3,000,000.00 |
| Total deposits: | $3,000,000.00 |
| | |
| **WITHDRAWALS** | |
| DATE | AMOUNT |
| 9/27/2004 | $200,000.00 |
| 3/21/2005 | $99,000.00 |
| 5/6/2005 | $1,000,000.00 |
| 7/5/2005 | $90,050.00 |
| 10/6/2005 | $250,000.00 |
| 12/12/2005 | $40,050.00 |
| 1/24/2006 | $40,085.00 |
| 4/7/2006 | $50,000.00 |
| 6/27/2006 | $50,000.00 |
| 9/252007 | $250,000.00 |
| 11/3/2006 | $30,005.00 |
| 12/1/2006 | $35,015.00 |
| 4/30/2007 | $36,025.00 |
| 6/11/2007 | $50,025.00 |
| 7/20/2007 | $40,025.00 |
| 8/27/2007 | $35,025.00 |
| 10/3/2007 | $250,025.00 |
| 11/2/2007 | $50,025.00 |
| 12/5/2007 | $35,015.00 |
| 9/15/2008 | $30,021.00 |
| 9/30/2008 | $260,000.00 |
| 11/5/2008 | $40,000.00 |
| 11/25/2008 | $30,000.00 |
| Total withdrawals: | $2,990,391.00 |
| **Total deposits less withdrawals:** | **$9,609.00** |

Your **ALLOWED CLAIM** of $9,609.00 will be satisfied in the following manner:

The enclosed **REVISED ASSIGNMENT AND RELEASE** must be executed, notarized and returned in the envelope provided herewith. You also should provide the name of the custodian for

your IRA. Upon receipt of the executed and notarized **REVISED ASSIGNMENT AND RELEASE**, and designation of your IRA custodian, the Trustee will fully satisfy your **ALLOWED CLAIM** by sending you a check in the amount of $9,609.00, with the funds being advanced by Securities Investor Protection Corporation pursuant to section 78fff-3(a)(1) of SIPA.

Should a final and unappealable court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Revised Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by you in having your customer claim re-determined in accordance with any such Court order.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after September 9, 2009, the date on which the Trustee mailed this notice.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

> Clerk of the United States Bankruptcy Court for
> the Southern District of New York
> One Bowling Green
> New York, New York 10004

> and

> Irving H. Picard, Trustee
> c/o Baker & Hostetler LLP
> 45 Rockefeller Plaza
> New York, New York 10011

_/s/ Irving H. Picard_
Irving H. Picard

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

cc:   Lax & Neville
      1412 Broadway, Suite 1407
      New York, NY 10018
      Attn: Brian Neville

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789-BRL<br><br>SIPA Liquidation |

## REVISED ASSIGNMENT AND RELEASE

**KNOW ALL MEN BY THESE PRESENTS,** that Myron Feuer (IRA), located at 150 Bradley Place, 312; Palm Beach, FL 33480 (hereinafter referred to as the "Assignor") in consideration of the payment of $9,609.00 to satisfy his claims for customer protection (the "Customer Claim", having been designated Claim #000165 and Claim #011566 and combined for purposes of the Trustee's Determination) filed in the liquidation proceeding of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §78aaa et seq. ("SIPA") (see §§78fff-2(b), 78fff-2(d), and §78fff-3(a)(1) of SIPA), does for himself hereby assign, transfer and set over to Irving H. Picard as SIPA Trustee (the "SIPA Trustee") for the liquidation of BLMIS (see §78fff-2(b) of SIPA), and the Securities Investor Protection Corporation ("SIPC"), as subrogee to the extent of its cash advances to the SIPA Trustee for the satisfaction of the aforementioned Customer Claim (see §78fff-3(a)(1) of SIPA), any and all rights, including causes of action or claims, that Assignor now may have against BLMIS and/or any third party arising out of or relating to any fraudulent or illegal activity with respect to Assignor's BLMIS account (Account No. 1F0173, the "BLMIS Account"), which gave

300029093

rise to the allowed Customer Claim for securities filed by Assignor against BLMIS. Such assignment is only to the extent that Assignor has received satisfaction of the Customer Claim as set forth above.

Further, Assignor has not previously compromised or assigned any claim, cause of action or other right against BLMIS, its principals or agents or any third party arising out of or related to any fraudulent or illegal activity giving rise to the Customer Claim.

Upon reasonable request of the SIPA Trustee or SIPC, Assignor agrees to cooperate with the SIPA Trustee or SIPC in connection with any efforts of either to recover from the principals or agents of BLMIS or anyone else for amounts advanced by SIPC or paid by the SIPA Trustee to satisfy Assignor's Customer Claim in this SIPA liquidation proceeding. Such efforts to recover by the SIPA Trustee or SIPC, either to demand or pursue or to prosecute or settle any collection effort, action or proceeding therefore, shall be at the sole cost of the SIPA Trustee or SIPC.

Effective immediately and without further action, contingent only upon Assignor's receipt from the SIPA Trustee or his agent of a check in the amount of $9,609.00 as set forth in the SIPA Trustee's Revised Notice of Determination of the Customer Claim dated September 9, 2009, (the "Trustee's Determination"), and upon receipt by the SIPA Trustee of this executed and notarized Revised Assignment and Release, the Assignor does for Assignor's executors, administrators, heirs and assigns hereby remise, release and forever discharge the SIPA Trustee and SIPC, as subrogee to the extent of its cash advances for the satisfaction of the Customer Claim, and, as the case may be, its officers, directors, professionals, employees, agents, successors and assigns, of and from any and all claims arising out of or relating to the Assignor's BLMIS Account, the Customer Claim filed with the SIPA Trustee as protected by the provisions of SIPA, and any and

all circumstances giving rise to said Customer Claim which the Assignor now has, or hereafter may have, for or by any reason, cause, matter or thing whatsoever from the beginning of the world to the date of the execution of this Revised Assignment and Release, only to the extent that the SIPA Trustee and/or SIPC has paid monies to the Assignor to satisfy Assignor's Customer Claim.

Should a final and unappealable court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Revised Assignment and Release shall be construed as a waiver of any rights or claims held by Assignor in having his customer claim re-determined in accordance with any such Court order.

Assignor acknowledges the sufficiency of the consideration to be received in accordance with the SIPA Trustee's Determination and under this Revised Assignment and Release.

**IN WITNESS WHEREOF,** the undersigned has on this day set forth below duly executed this Revised Assignment of Assignor's Customer Claim and Release, intending to be legally bound hereby.

By:_____
MYRON FEUER

Sworn and subscribed before me this
\_\_\_\_ day of _____, 2009.

_____
    Notary Public