> AMG Trading Corp.
> Ben Gould Holdings, Inc.
> 310 Main Street West, Hamilton, ON Canada L8P1J8
> 905-527-1531

September 14, 2009

Clerk of the United States Bankruptcy Court for
The Southern District of New York
One Bowling Green
New York, New York 10004

Irving H. Picard, Trustee
C/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10011



RECEIVED
SEP 16 2009
U.S. BANKRUPTCY COURT, SDNY

    Re: Bankruptcy Case 08-1789 (BRL)
    Bernard L. Madoff Investment Securities LLC (BLMIS), In Liquidation
    Notice of Trustee's Determination of Claim
    BLMIS Account 1-FN083
    Claim Number 4106

Dear Sir or Madam:

Thank you for your letter of August 25, 2009 allowing our claim.

In your Table 1 attachment, you correctly listed the capital transactions. These amounts agree with our records. However, our tax council has advised us that, prior to agreeing to the amount per the *Notice of Determination of Claim*, we should obtain your proof that the W/H amounts allegedly withheld by Madoff were, in fact, remitted to IRS. In absence of such it is our position that the original claim amount of $359,370.00 be honoured.

We would like to claim the undisputed amount of $320,892.28 without undue delay. As such, we would appreciate your response by return as quickly as possible

Kindly let me know if we can be of further assistance.

We thank you for your effort to date and we look forward to your reply.

Sincerely,

Ben Gould               Mildred Gould
Ben Gould Holdings, Inc.   AMG Trading Corp.

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

## DECEMBER 11, 2008[1]

## NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

August 25, 2009

AMG Trading Corp.
Ben Gould Holdings Inc. T/I/C
c/o Mildred Gould and Ben Gould
310 Main Street West
Hamilton, Ontario L8P1J8 Canada

Dear Mrs. and Mr. Gould:

### PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim on BLMIS Account No. 1FN083 designated as Claim Number 4106:

Your claim for securities is **DENIED**. No securities were ever purchased for your account.

Your claim is **ALLOWED** for $320,892.28, which was the balance in your BLMIS Account on the Filing Date based on the amount of money you deposited with BLMIS for the purchase of securities, less subsequent withdrawals, as outlined in Table 1 attached hereto.

Your **ALLOWED CLAIM** of $320,892.28 will be satisfied in the following manner:

The enclosed **ASSIGNMENT AND RELEASE** must be executed, notarized and returned in the envelope provided herewith. Upon receipt of the executed and notarized **ASSIGNMENT AND RELEASE**, the Trustee will fully satisfy your **ALLOWED CLAIM** by sending you a check in the

---

[1] Section 78lll(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78lll(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

095879, 000005, 300027290.1

amount of $320,892.28, with the funds being advanced by Securities Investor Protection Corporation pursuant to section 78fff-3(a)(1) of SIPA.

Should a final and unappealable court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by you in having your customer claim re-determined in accordance with any such Court order.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after August 25, 2009, the date on which the Trustee mailed this notice.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York 10004

and

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10011

*Irving H. Picard*

Irving H. Picard

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

095879.000005.300027290.1                                     2