**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```
SECURITIES INVESTOR PROTECTION
CORPORATION,

     Plaintiff-Appellant,

    v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

     Defendant.

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```
In re:

BERNARD L. MADOFF,

     Debtor.

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

SIPA LIQUIDATION
(Substantively Consolidated)
Adv. Pro. No. 08-01789 (BRL)

## OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM

   Just Empire, LLC (the "Customer") hereby objects to the Notice of Trustee's

Determination of Claim ("Determination") dated August 31, 2009, attached hereto as

Exhibit A for the Claim designated by Trustee with three Claim Numbers: 3222, 100253

and 100355.



## BACKGROUND

1.    The Customer is a "customer," as defined by the Securities Investor Protection Act of 1970 ("SIPA"), of Bernard L. Madoff Investment Securities LLC ("BLMIS"). BLMIS account numbers 1-KW261-3-0 and 1-KW261-4-0 for the Customer were "given" to the Customer by BLMIS on or about January 2005. For clarification purposes, please note that accounts were opened in the name of R & J Company, LLC in late May, 1999 **under its own** Federal Tax ID number at BLMIS. The interests of R & J Company, LLC were assigned to Just Empire, LLC on or about January, 2005 and accounts in the name of Just Empire, LLC **under its own** Federal Tax ID number were opened at that time at BLMIS (BLMIS kept the same account numberings for the new accounts but reported income to the IRS under the new Just Empire, LLC Federal Tax ID number). The first BLMIS account statements received in the name of Just Empire, LLC, account number 1-KW261-3-0 and 1-KW261-4-0, were March 31, 2005. There were no customer withdrawals or deposits between December 31, 2004 and April 30, 2005. **No claim** in this proceeding was made by or on behalf of R & J Company, LLC. Any reference to Customer's "Claim" includes the two above referenced BLMIS account numbers and any Claim number(s) given by the Trustee.

2.    On February 11, 2009, the Customer filed a customer claim in this proceeding. <u>See</u> Exhibit B (the "Claim"). The Claim, including its reservation of rights, is incorporated herein. The Claim seeks recovery of $6,096,886.99, the value of the securities reflected in the Customer's final BLMIS account statement, dated November 30, 2008. This sum constitutes the Customer's "net equity" as defined in SIPA. <u>See</u> 15

2

U.S.C. § 78lll(11). Customer was not given a claim number in any prior correspondence from Trustee. In this notice, customer Claim is designated by trustee as Claim Numbers 3222, 100253 and 100355.

3.     On December 23, 2008, this Court issued, on an <u>ex parte</u> basis, an order directing the Trustee to disseminate notice and claim forms to BLMIS customers and setting forth claim-filing deadlines, as well as processes by which claims were to be submitted. <u>See</u> Order on Application for an Entry of an Order Approving Form and Manner of Publication and Mailing of Notices, Specifying Procedures for Filing, Determination, and Adjudication of Claims; and Providing Other Relief, Docket No. 12, <u>SIPC v. Bernard L. Madoff Inv. Sec. LLC</u>, No. 08-01789 (Bankr. S.D.N.Y. Dec. 23, 2008) (the "Claims Procedures Order"). The Claims Procedures Order authorizes the Trustee to satisfy customer claims and deliver securities in accordance "with the Debtor's books and records." <u>Id.</u> at 5. The Claims Procedures Order sets forth the procedure to be followed by the Trustee when a customer's claim "disagree[s] with the Debtor's books and records." <u>Id.</u> at 6. The Claims Procedures Order does not address the process by which other objections are to be made.

4.     On August 31, 2009, the Trustee sent the Customer the Determination, which states, "your claims for securities are "DENIED." Determination at 1, Ex. A. The Determination also states that "no securities were ever purchased for your account" and that "because you have withdrawn more than was deposited into your account, you do not have a positive "net equity" in your account and you are not entitled to an allowed claim

3

in the BLMIS liquidation proceeding. Therefore your claim is DENIED in its entirety"
Id., Ex. A.

5.     The Customer hereby objects to the Determination.

## GROUNDS FOR OBJECTION

**The Determination Violates SIPA.**

6.     SIPA requires that customer "net equity" claims be allowed and paid promptly. See 15 U.S.C. § 78fff-2(b). "Net equity" is defined as the amount the debtor owes the customer, less any indebtedness of the customer to the debtor. Id. § 78lll(11). The definition of "net equity" binds the Trustee. See id. § 78ccc(b)(4)(A). As Customer has no indebtedness to the debtor, Customer's November 30, 2008 statement reflects Customer's "net equity."

7.     The Determination is contrary to law for at least the following reasons:

a.     The Determination violates SIPA's definition of "net equity."

b.     The Determination is inconsistent with SIPA's legislative history, which requires the Trustee to meet the Customer's "legitimate expectations." Neither SIPA nor its legislative history excuses the Trustee from this duty because no securities were purchased by the debtor. See, e.g., S. Rep. No. 95-763, at 2 (1978); H.R. Rep. No. 95-746, at 21. The Customer was given regular statements by BLMIS in its name and under

its unique Federal Tax ID number and paid taxes each year on the earnings reported by BLMIS until 2008 when the fraud was discovered.

      c.     The Determination is foreclosed by SIPC's position and the Second Circuit's decision in <u>In re New Times Sec. Servs., Inc.</u>, 371 F.3d 68 (2d Cir. 2004).

      d.     The Determination is contrary to past SIPC policies and practices.

**The Determination Violates the Claims Procedures Order.**

      8.     The Determination does not state that the Claim "disagree[s] with the Debtor's books and records" and therefore is inconsistent with the Claims Procedures Order. The Trustee is not using the account balance as of the date of the succession by Just Empire, LLC to the account of R & J Company, LLC. Furthermore, the Trustee does not provide a reasoning or state that there was a change in ownership of the account and that the Customer's claim disagrees with the "Debtor's books and records." The Customer was given regular statements by BLMIS in its name and under its unique Federal Tax ID Number and paid taxes each year on the earnings reported by BLMIS until 2008 when the fraud was discovered.

**The Determination Fails to Provide Notice**

      9.     The Determination is inadequate to rebut the <u>prima facie</u> validity of the Claim, and fails to set forth facts and legal theories upon which it is based. <u>See, e.g.</u>, 11 U.S.C. § 502(a); <u>Collier on Bankruptcy</u> ¶ 3007.01(3) (15th ed.) ("[A]n objection to a

5

claim should . . . meet the [pleading] standards of an answer. It should make clear which facts are disputed; it should allege facts necessary to affirmative defenses; and it should describe the theoretical bases of those defenses.") The Determination sets forth no valid legal basis for disallowing the Claim in any respect. Although the Determination states that (1) "no securities were ever purchased for your account," and (2) includes a chart setting forth deposits, withdrawals and transfers to other Madoff accounts, neither has any basis in law for disallowing the Claim nor has Trustee referenced any basis in law for the Determination.

**There is No Basis for Avoidance**

10.     To the extent the Determination is based upon any alternative valuation or avoidance theory, there is no basis in law for the Determination. The Trustee states in the Determination letter that his calculation of net equity is based on subtracting all withdrawals from all deposits made during the life of the Account as set forth in Table 1 annexed thereto. His calculations include withdrawals and inter-Madoff transfers from the Account that pre-date the maximum statute of limitations period, assuming under New York State law it begins on December 11, 2002[1] and not six years before the commencement of an adversary proceeding against Customer.[2]

---

[1] In addition as noted in paragraph 1 above, the interests of R & J Company, LLC were assigned to Just Empire, LLC on or about January, 2005 and accounts in the name of Just Empire, LLC **under its own** Federal Tax ID Number were opened at BLMIS (BLMIS kept the same account numberings for the new accounts but reported income to the IRS under the new Just Empire, LLC Federal Tax ID number). The

11.     The Trustee, by attempting to process this Determination in contradiction to the statute of limitations set forth in the fraudulent conveyance laws of the State of New York and the Bankruptcy Code, without the Customer being given a full hearing has and would be denying the Customer his due process.

12.     Furthermore, by seeking to recover transfers outside the bankruptcy estate without full hearing has and would be denying the Customer his due process.

13.     Since the time that the Trustee has sent out this determination, he has submitted to the court and has been granted a scheduling motion so the court may determine the legally appropriate method of computing "net equity." To the extent the other issues raised in this Objection, including but not limited to issues of due process are not raised, Customer wishes to preserve its rights thereto.

**All customers past and present should be considered in determining a fair approach to settling the estate and payments under SIPA**

---

first BLMIS account statements received by Just Empire, LLC, in the name of Just Empire, LLC, account numbers 1-KW261-3-0 and 1-KW261-4-0, were March 31, 2005.

[2] There is some argument that on avoidance claims the New York Statute of Limitations runs from the date an adversary proceeding is started.

14.     To the extent the Determination is based upon any alternative valuation other than the balance in the statement as of November 30, 2008, said Determination and such methodology, if allowed to consider transactions that go beyond the applicable statute of limitations, would deny Claimant fair and equitable considerations to his prejudice and detriment.

15.     Madoff has testified that the scheme has existed from the early 1990's and the Trustee has alleged a period even earlier than that expanding over a period of almost 30 years. The Trustee has noted that he has so far secured records going back more than 13 years and expects to go back further. Untold numbers of customers have opened accounts and closed them prior to December 11, 2002 withdrawing untold sums of money. Recovery of these pre December 11, 2002 transfers or account closings are precluded by New York State law[3] (statute of limitations), but furthermore would be both impractical of recovery, expensive, time consuming and in some instances cruel. Yet failure by the Trustee to include them in his construction of a fair and equitable distribution process weighs heavily against those investors who remained yet who took necessary distributions in reliance on their account balances.

---

[3] As noted in the footnote to paragraph 10 hereof, there is some argument that on avoidance claims the New York Statute of Limitations runs from the date an adversary proceeding is started. In that case, the date of December 11, 2002 would be moved later as would the application of any applicable limitations.

16.    The Trustee has stated publicly and in filings with this court that his determination of "net equity" is based upon use of his "cash in" less "cash out" method. He has further stated that such a method is the only "fair" method under which this court can create an equitable and fair distribution process. The Trustee refers to only a two-tiered process in the Determination. A Claimant is designated as either having a **"positive net equity"** or **"negative net equity,"** and under information and belief there are no claimants whose accounts terminated prior to December 12, 2002 nor will the Trustee seek avoidance of such former customers. Yet by including transfers earlier than December 11, 2002 current customers have a potential liability not extended to former customers even though they may have benefitted from withdrawals **during the very same period of time**. In its Memorandum Decision and Order dated September 10, 2009, this Court made reference to, the case of *S.E.C. v Byers*, **2009 WL 2185491 (S.D.N.Y.)** as recent evidence of a District Court (Judge Chin) adopting an approach in a receivership plan of distribution that addressed all customers as noted below[4].

Judge Chin took special recognition of those investors who chose not to take their fictitious investment distributions in cash, but chose instead to roll them over and increase their investment. Even though Judge Chin recognized that such "rollovers" were clearly false profits under a "ponzi" scheme as in the BLMIS

---

[4] Judge chin was dealing with a federal equity receivership where a more liberal claims process is allowed versus a SIPA liquidation where the claims process is very clearly defined.

matter, his acknowledgment that the Customer had the ability to withdraw those funds led to the Court **including these "rolled-over distributions,"** as part of the customer statement balance. The court stated that failing to do so would result in an inequity. This logic can rightfully be applied to the BLMIS matter. The Statute of Limitations Date can be used as a guideline of both equity and practicality. Since all funds in this Customer's and other customers' BMLIS accounts existing prior to December 11, 2002[5] could have been withdrawn, it is equitable for the Trustee and Court to treat such fictitious "profits" as "rolled-over" funds or new "cash" "reinvestment" funds. Federal taxes and state and city taxes (where applicable) were paid on these funds. The Trustee could then apply his "cash in / cash out" approach with greater fairness and equity. Net winners or net losers would be determined starting with their account balances as of December 11, 2002. Claimant thus challenges the Trustee's methodology on the basis noted.[6]

**The Customer is entitled to prejudgment interest.**

---

[5] As noted in the footnote to paragraph 10 and footnote 3 hereof, there is some argument that on avoidance claims the New York Statute of Limitations runs from the date an adversary proceeding is started. In that case, the date of December 11, 2002 wherever referenced in this paragraph would be moved later as would the application of any applicable limitations.

[6] Due to the fact that the Byers case was short-lived relative to this case and did not extend back in time more than 5 years, it bears noting that Judge Chin did not need to address whether or not pre-limitation transfers could be included. Accordingly, while a form of "net equity" was consented to by the Court in Byers, this court should not fully and solely rely on such a process in connection herewith as many of the transfers that occurred were prior to the applicable statute of limitations.

17.     Under New York law, which is applicable here, funds deposited with Madoff are entitled to interest. See, e.g., N.Y.C.P.L.R. § 5004; N.Y. Gen. Oblig. § 5-501, et seq. Moreover, since Madoff converted the Customer's funds, that fact also entitles the Customer to prejudgment interest. See, e.g., Steinberg v. Sherman, No. 07-1001, 2008 U.S. Dist. LEXIS 35786, at * 14-15 (S.D.N.Y. May 2, 2008)("Causes of action such as ... conversion and unjust enrichment qualify for the recovery of prejudgment interest."); Eighteen Holding Corp. v. Drizin, 701 N.Y. S. 2d 427, 428 (151 Dept. 2000)(awarding prejudgment interest on claims for unjust enrichment and conversion).

**The "net equity" definition of the Trustee causes an inadequate measure of damages to the Customer**

18.     The Sixth Circuit recently ruled on the propriety of using the "net equity" or cash in/cash out method. The Sixth Circuit ruling [*Visconsi v. Lehman Bros.*, **244 Fed. App.708, 2007, WL 225887 (C.A. 6, 2007)** (Ex., *infra.*)] involved a securities fraud in which the perpetrator paid victims with monies obtained from other victims. The Sixth Circuit rejected the claim that one's harm, and damages, are limited to "the out-of-pocket theory," or "net equity" theory, which would give the plaintiff "only the $21 million they originally invested less their subsequent withdrawals." (Ex.,p. 5.) This artificial imposition of an inadequate measure of harm and damages suffered by the victim of the fraud is identical to the inadequacy of the "net equity" theory set forth by the Trustee in the Determination. It was ruled to be "an improper-and wholly inadequate measure of damages," because the plaintiffs had given the fraudster their money "not to hide under a

11

rock or lock in a safe, but for the express purpose of investment, with a hope -- indeed a
reasonable expectation -- that it would grow." (*Id.*)

## RELIEF REQUESTED

19.     For the reasons stated herein, the Claim of $ 6,096,886.99 should be
allowed in its entirety.

20.     For the reasons stated herein, the Court should direct SIPC to issue
immediate payment to the Customer in the amount of $500,000.00, plus interest from the
date of the Determination, and such equitable relief as the Court deems appropriate.

21.     Customer reserves the right to revise, supplement or amend this Objection
and any failure to object on a particular ground or grounds shall not be construed as a
waiver of Customer's right to object on any additional grounds.

Dated:   Providence, Rhode
         Island
         September 21, 2009

By: _____  mg member
    Just Empire, LLC
    by Josef Mittlemann
    Managing Member

    107 Prospect Street
    Providence, RI  02906

12

# BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

## DECEMBER 11, 2008[1]

## NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

August 31, 2009

Just Empire, LLC
c/o Josef Mittlemann
107 Prospect Street
Providence, RI 02906

Dear Mr. Mittlemann:

### PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim on BLMIS Account No. 1KW-261 designated as Claim Numbers 3222, 100253 and 100355.

Your claims for securities are **DENIED**. No securities were ever purchased for your account.

Further, based on the Trustee's analysis, the amount of money you withdrew from your account at BLMIS (total of $8,950,000.00), as more fully set forth in Table 1 annexed hereto and made a part hereof, is greater than the amount that was deposited with BLMIS for the purchase

---

[1] Section 78lll(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced

of securities (total of $7,000,000.00). As noted, no securities were ever purchased by BLMIS for your account. Any and all profits reported to you by BLMIS on account statements were fictitious.

Since there were no profits to use either to purchase securities or to pay you any money beyond the amount that was deposited into your BLMIS account, the amount of money you received in excess of the deposits in your account ($1,950,000.00) was taken from other customers and given to you. Accordingly, because you have withdrawn more than was deposited into your account, you do not have a positive "net equity" in your account and you are not entitled to an allowed claim in the BLMIS liquidation proceeding. Therefore, your claim is **DENIED** in its entirety.

Should a final and unappealable court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by you in having your customer claim re-determined in accordance with any such Court order.

Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by the Trustee against you.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after August 31, 2009, the date on which the Trustee mailed this notice.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York 10004

and

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10011

Irving H. Picard

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

| DEPOSITS | | |
|---|---|---|
| **DATE** | **TRANSACTION DESCRIPTION** | **AMOUNT** |
| 6/3/1999 | CHECK | $3,000,000.00 |
| 1/11/2000 | TRANS FROM 1KW22530 | $2,000,000.00 |
| 1/11/2000 | TRANS FROM 1KW22630 | $2,000,000.00 |
| **Total Deposits:** | | $7,000,000.00 |

| WITHDRAWALS | | |
|---|---|---|
| **DATE** | **TRANSACTION DESCRIPTION** | **AMOUNT** |
| 12/18/2001 | TRANS TO 1KW35130 | ($250,000.00) |
| 3/20/2002 | CHECK WIRE | ($1,000,000.00) |
| 2/26/2003 | CHECK | ($400,000.00) |
| 4/17/2003 | CHECK WIRE | ($1,000,000.00) |
| 9/5/2003 | CHECK WIRE | ($1,000,000.00) |
| 2/24/2004 | CHECK WIRE | ($500,000.00) |
| 7/12/2004 | CHECK WIRE | ($500,000.00) |
| 5/5/2005 | CHECK WIRE | ($500,000.00) |
| 8/1/2005 | CHECK WIRE | ($500,000.00) |
| 3/27/2006 | CHECK WIRE | ($500,000.00) |
| 6/21/2006 | CHECK WIRE | ($600,000.00) |
| 9/21/2006 | CHECK WIRE | ($500,000.00) |
| 12/29/2006 | CHECK WIRE | ($500,000.00) |
| 1/4/2007 | CHECK WIRE | ($1,200,000.00) |
| **Total Withdrawals:** | | ($8,950,000.00) |
| | | |
| **Total deposits less withdrawals:** | | ($1,950,000.00) |

# $\overline{E}$XHIBIT B

## CUSTOMER CLAIM

Claim Number_____

Date Received_____

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

### DECEMBER 11, 2008

(Please print or type)

Name of Customer: JUST EMPIRE, LLC ℅ JOSEF MITTLEMANN
Mailing Address: 107 PROSPECT STREET
City: PROVIDENCE   State: R.I   Zip: 02906
Account No.: 1-KW-261-3-0 ; 1-KW-261-4-0
Taxpayer I.D. Number (Social Security No.): 20-2075864

**NOTE:** **BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY THE ACCOMPANYING INSTRUCTION SHEET. A SEPARATE CLAIM FORM SHOULD BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL PROTECTION AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE RECEIVED BY THE TRUSTEE ON OR BEFORE March 4, 2009. CLAIMS RECEIVED AFTER THAT DATE, BUT ON OR BEFORE July 2, 2009, WILL BE SUBJECT TO DELAYED PROCESSING AND TO BEING SATISFIED ON TERMS LESS FAVORABLE TO THE CLAIMANT. PLEASE SEND YOUR CLAIM FORM BY CERTIFIED MAIL - RETURN RECEIPT REQUESTED.**

*********************************************************************

1.   Claim for money balances as of **December 11, 2008**:

   a.   The Broker owes me a Credit (Cr.) Balance of          $_____

   b.   I owe the Broker a Debit (Dr.) Balance of             $_____

   c.   If you wish to repay the Debit Balance,
        please insert the amount you wish to repay and
        attach a check payable to "Irving H. Picard, Esq.,
        Trustee for Bernard L. Madoff Investment Securities LLC."
        If you wish to make a payment, **it must be enclosed**
        with this claim form.                                 $_____

   d.   If balance is zero, insert "None."                    NONE_____

2.    Claim for securities as of **December 11, 2008**:

**PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.**

|  |  | YES | NO |
|---|---|---|---|
| a. | The Broker owes me securities | ✓ | |
| b. | I owe the Broker securities | | |
| c. | If yes to either, please list below: | | |

| Date of Transaction (trade date) | Name of Security | The Broker Owes Me (Long) | I Owe the Broker (Short) |
|---|---|---|---|
| | | Number of Shares or Face Amount of Bonds | |
| _____ | *PLEASE SEE ATTACHED STATEMENTS* | | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

**Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclose, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation. You should also provide all documentation or information regarding any withdrawals you have ever made or payments received from the Debtor.**

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement. If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.

**PLEASE CHECK THE APPROPRIATE ANSWER FOR ITEMS 3 THROUGH 9.**

**NOTE:** **IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION ON A SIGNED ATTACHMENT. IF SUFFICIENT DETAILS ARE NOT PROVIDED, THIS CLAIM FORM WILL BE RETURNED FOR YOUR COMPLETION.**

|  |  | YES | NO |
|---|---|---|---|
| 3. | Has there been any change in your account since December 11, 2008? If so, please explain. | | ✓ |
| 4. | Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of the broker? | | ✓ |
| 5. | Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or policies of the broker? | | ✓ |
| 6. | Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in any way with the broker? If so, give name(s) | | ✓ |
| 7. | Is this claim being filed by or on behalf of a broker or dealer or a bank? If so, provide documentation with respect to each public customer on whose behalf you are claiming. | | ✓ |
| 8. | Have you ever given any discretionary authority to any person to execute securities transactions with or through the broker on your behalf? Give names, addresses and phone numbers. | | ✓ |
| 9. | Have you or any member of your family ever filed a claim under the Securities Investor Protection Act of 1970? if so, give name of that broker. | | ✓ |

Please list the full name and address of anyone assisting you in the preparation of this claim form:_____
_____.

If you cannot compute the amount of your claim, you may file an estimated claim. In that case, please indicate your claim is an estimated claim.

IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM. CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.

THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY INFORMATION AND BELIEF. In addition, the Customer asserts claims for contingent and/or unliquidated claims against the Debtor for any damages or losses that Customer may suffer as a result of the Debtor's default and/or breach of its duties and obligations to Customer arising from and/or relating to the Account.

The Customer expressly reserves its right to modify, amend or supplement this Customer Claim at any time and in any respect. This Customer Claim is made without prejudice to the Customer's filing of additional claims with respect to any other indebtedness or liability of the Debtor to the Customer.

By executing and filing this Customer Claim, the Customer does not waive any right with respect to any claim it has or may have against the Debtor or any other person.

The Customer submits itself to the jurisdiction of the United States Bankruptcy Court for the Southern District of New York solely for the purpose of the resolution of the claims set forth herein. The Customer objects to the exercise of jurisdiction by the Bankruptcy Court over the Customer or over any cases or controversies concerning the Customer for any other purpose. The Customer demands trial by jury on all issues so triable.

Date ___2/11/09___ Signature _____ MANAGING MEMBER

Date _____ Signature _____

(If ownership of the account is shared, all must sign above. Give each owner's name, address, phone number, and extent of ownership on a signed separate sheet. If other than a personal account, e.g., corporate, trustee, custodian, etc., also state your capacity and authority. Please supply the trust agreement or other proof of authority.)

This customer claim form must be completed and mailed promptly, together with supporting documentation, etc. to:
Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities ILC Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-1061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

JUST EMPIRE LLC

P O BOX 22
LECUST VALLEY      NY 11560

PERIOD ENDING: 11/30/03
PAGE: 1

YOUR ACCOUNT NUMBER: 1-KW-212-3-0

YOUR TAX PAYER IDENTIFICATION NUMBER: ******7694

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| | | | | BALANCE FORWARD | | 365,894.16 | |
| 11/12 | 3,930 | | 61 | HEWLETT PACKARD CO | 34.903 | 137,314.00 | |
| 11/12 | 3,400 | | 3885 | WAL-MART STORES INC | 55.630 | 190,292.98 | |
| 11/12 | 2,227 | | 4387 | INTERNATIONAL BUSINESS MACHS | 87.273 | 194,439.23 | |
| 11/12 | 61-53 | | 8211 | EXXON MOBIL CORP | 72.380 | 001,808.64 | |
| 11/12 | 9,039 | | 8713 | INTEL CORP | 14.510 | 131,516.89 | |
| 11/12 | 4,323 | | 13039 | JOHNSON & JOHNSON | 59.590 | 257,736.34 | |
| 11/12 | 5,895 | | 17364 | J.P. MORGAN CHASE & CO | 38.530 | 227,367.35 | |
| 11/12 | 3,144 | | 21690 | COCA COLA CO | 44.860 | 140,536.04 | |
| 11/12 | 1,634 | | 26016 | MCDONALDS CORP | 25.370 | 101,621.58 | |
| 11/12 | 3,406 | | 30342 | MERCK & CO | 28.550 | 97,377.30 | |
| 11/12 | 12,445 | | 34666 | MICROSOFT CORP | 21.810 | 271,922.45 | |
| 11/12 | 6,288 | | 38994 | ORACLE CORPORATION | 17.300 | 109,033.40 | |
| 11/12 | 2,489 | | 31972 | PEPSICO INC | 56.410 | 140,503.49 | |
| 11/12 | 1,441 | | 52474 | APPLE INC | 100.780 | 145,280.98 | |
| 11/12 | 10,011 | | 56293 | PFIZER INC | 16.943 | 190,174.34 | |
| 11/12 | 2,489 | | 56800 | ABBOTT LABORATORIES | 54.610 | 136,023.29 | |
| 11/12 | 4,716 | | 60024 | PROCTER & GAMBLE CO | 64.030 | 302,389.28 | |
| 11/12 | 1,703 | | 61126 | AMGEN INC | 59.160 | 100,817.48 | |
| 11/12 | 3,175 | | 64990 | PHILLIP MORRIS INTERNATIONAL | 45.000 | 142,921.00 | |
| 11/12 | 7,680 | | 65452 | BANK OF AMERICA | 21.490 | 170,011.40 | |
| 11/12 | 2,620 | | 69276 | QUALCOMM INC | 33.770 | 88,581.40 | |
| 1/12 | 8,515 | | 69776 | CITI GROUP INC | 12.510 | 106,862.65 | |
| 1/12 | 1,905 | | 73602 | SCHLUMBERGER LTD | 49.440 | 97,306.20 | |
| | | | | | | | |
| | | | | CONTINUED ON PAGE 2 | | | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

JUST EMPIRE LLC

P O BOX 522
LOCUST VALLEY          NY    11560

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| 11/12 | 4,716 | | 74204 | COMCAST CORP CL A | 16.510 | 78,049.16 | |
| 11/12 | 9,301 | | 77928 | AT&T INC | 27 | 251,499.00 | |
| 11/12 | 2,350 | | 78430 | CONOCOPHILLIPS | 52.510 | 123,912.58 | |
| 11/12 | 1,572 | | 82254 | UNITED PARCEL SVC INC CLASS B | 52.040 | 81,868.88 | |
| 11/12 | 9,563 | | 82756 | CISCO SYSTEMS INC | 16.730 | 160,370.99 | |
| 11/12 | 2,731 | | 86590 | U S BANCORP | 29.530 | 81,347.03 | |
| 11/12 | 3,275 | | 87082 | CHEVRON CORP | 73.430 | 240,614.25 | |
| 11/12 | 1,572 | | 90906 | UNITED TECHNOLOGIES CORP | 53.160 | 83,629.52 | |
| 11/12 | 16,637 | | 91408 | GENERAL ELECTRIC CO | 19.630 | 327,249.31 | |
| 11/12 | 4,454 | | 95232 | VERIZON COMMUNICATIONS | 30.410 | 135,624.14 | |
| 11/12 | 393 | | 95734 | GOOGLE | 337.400 | 132,613.20 | |
| 11/12 | 5,502 | | 99558 | WELLS FARGO & CO NEW | 29.800 | 164,179.60 | |
| 11/12 | | 50,000 | 20014 | U S TREASURY BILL DUE 12/18/2008 | 99.942 | | 49,971.00 |
| 1/1 | | 5,900,000 | 22170 | U S TREASURY BILL DUE 12/13/2008 12/13/2008 | 99.936 | | 5,895,224.00 |
| 1/12 | | | | U S TREASURY BILL 2/12/2009 DUE 2/12/2009 | | | |
| 1/12 | | | | FIDELITY SPARTAN U S TREASURY MONEY MARK..I | DIV | | 36.05 |
| 1/12 | 34,706 | 34,706 | 17259 | DIV 11/17/08 FIDELITY SPARTAN U S TREASURY MONEY MARKE F | 1 | | 34,706.00 |
| | | | | CONTINUED ON PAGE   3 | | | |

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair London W1J 8DT
Tel (020) 7493 6222

JOSE EMPIRE LLC

P O BOX 522
LOCUST VALLEY          NY  11560

| PERIOD ENDING | PAGE |
|---|---|
| 11/30/08 | 3 |

YOUR ACCOUNT NUMBER  1-XM201-1-3

YOUR TAX PAYER IDENTIFICATION NUMBER  *******5854

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| 11/22 | 21,672 | | 25636 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | 21,672.00 | |
| 11/19 | | | | FIDELITY SPARTAN U S TREASURY MONEY MARKET DIV 11/17/08 | DIV | | 2.65 |
| 11/19 | | 21,672 | 52040 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | | 21,672.30 |
| 11/19 | 400,000 | | 56623 | U S TREASURY BILL DUE 03/26/2009 3/26/2009 | 99.926 | 399,704.00 | |
| 11/19 | 14,447 | | 51079 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | 14,447.00 | |
| | | | | NEW BALANCE | | 731,908.87 | |
| | | | | SECURITY POSITIONS | MKT PRICE | | |
| | 4,301 | | | AT&T INC | 28.560 | | |
| | 2,459 | | | ABBOTT LABORATORIES | 52.390 | | |
| | 1,703 | | | AMGEN INC | 55.540 | | |
| | 74,850 | | | APPLE INC | 92.670 | | |
| | 3,215 | | | BANK OF AMERICA | 16.250 | | |
| | 9,503 | | | CHEVRON CORP | 79.010 | | |
| | 4,515 | | | CISCO SYSTEMS INC | 16.340 | | |
| | 59,144 | | | CITI GROUP INC | 8.290 | | |
| | | | | COCA COLA CO | 46.870 | | |

CONTINUED ON PAGE  4

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020-7493 6222

JUST EMPIRE LLC

P O BOX 522
LOCUST VALLEY    NY   11560

| YOUR ACCOUNT NUMBER | PERIOD ENDING | YOUR TAX PAYER IDENTIFICATION NUMBER | PAGE |
|---|---|---|---|
| 1-KW261-3-0 | 11/30/06 | ******5064 | 4 |

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| | 4,710 | | | COMCAST CORP | 17.340 | | |
| | | | | CL A | | | |
| | 2,320 | | | CONOCOPHILLIPS | 52.520 | | |
| | 4,253 | | | EXXON MOBIL CORP | 30.150 | | |
| | 16,537 | | | GENERAL ELECTRIC CO | 17.170 | | |
| | 393 | | | GOOGLE | 292.960 | | |
| | 3,930 | | | HEWLETT PACKARD CO | 35.280 | | |
| | 9,039 | | | INTEL CORP | 13.800 | | |
| | 2,227 | | | INTERNATIONAL BUSINESS MACHS | 31.600 | | |
| | 2,895 | | | J.P. MORGAN CHASE & CO | 31.060 | | |
| | 4,523 | | | JOHNSON & JOHNSON | 58.580 | | |
| | 1,634 | | | MCDONALDS CORP | 58.750 | | |
| | 3,405 | | | MERCK & CO | 20.720 | | |
| | 12,445 | | | MICROSOFT CORP | 20.220 | | |
| | 6,286 | | | ORACLE CORPORATION | 16.090 | | |
| | 2,489 | | | PEPSICO INC | 56.700 | | |
| | 10,611 | | | PFIZER INC | 16.430 | | |
| | 3,275 | | | PHILLIP MORRIS INTERNATIONAL | 42.160 | | |
| | 4,716 | | | PROCTER & GAMBLE CO | 64.350 | | |
| | 2,620 | | | QUALCOMM INC | 33.570 | | |
| | 1,985 | | | SCHLUMBERGER LTD | 50.740 | | |
| | 14,647 | | | FIDELITY SPARTAN | 1 | | |
| | | | | U S TREASURY MONEY MARKET | | | |
| | 2,751 | | | U S BANCORP | 26.980 | | |
| | 4,572 | | | UNITED PARCEL SVC INC | 57.600 | | |
| | | | | CLASS B | | | |
| | | | | CONTINUED ON PAGE   5 | | | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

JUST EMPIRE LLC

P O BOX 522
LOCUST VALLEY     NY   11560

| PAGE |
|------|
| 5 |

| PERIOD ENDING |
|---------------|
| 11/30/08 |

| YOUR ACCOUNT NUMBER |
|---------------------|
| 1-KN261-3-0 |

| YOUR TAX PAYER IDENTIFICATION NUMBER |
|--------------------------------------|
| ******5864 |

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|------|------|------|------|-------------|-----------------|-------------------------------|---------------------------------|
| | 400,000 | | | U S TREASURY BILL DUE 03/26/2009 3/26/2009 | 99.971 | | |
| | 1,572 | | | UNITED TECHNOLOGIES CORP | 48.530 | | |
| | 4,454 | | | VERIZON COMMUNICATIONS | 32.650 | | |
| | 3,406 | | | WAL-MART STORES INC | 55.880 | | |
| | 5,502 | | | WELLS FARGO & CO NEW | 28.890 | | |
| | | | | MARKET VALUE OF SECURITIES | | | |
| | | | | LONG 6,185,960.99 | | | |
| | | | | SHORT -87,080 | | | |
| | | | | 6,098,886.99 | | | |

**PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES**

[M|B] **BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

JUST EMPIRE LLC

P O BOX 522
LOCUST VALLEY          NY   11560

| | |
|---|---|
| **PERIOD ENDING** | 11/30/08 |
| **PAGE** | 6 |
| **YOUR ACCOUNT NUMBER** | 1-S4204-3-0 |
| **YOUR TAX PAYER IDENTIFICATION NUMBER** | ******5864 |

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|------|------|------|-----|-------------|-----------------|-------------|-------------|
| | | | | YEAR-TO-DATE SUMMARY | | | |
| | | | | DIVIDENDS | | | 40,904.55 |
| | | | | GROSS PROCEEDS FROM SALES | | | 34,380,427.39 |

**PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES**

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-1061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

JUST EMPIRE LLC

P O BOX 522
LOCUST VALLEY          NY   11560

| PERIOD ENDING | 11/30/08 |
| PAGE | 1 |

| YOUR ACCOUNT NUMBER | 1-YM231-4-0 |
| YOUR TAX PAYER IDENTIFICATION NUMBER | ******5604 |

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| | | | | BALANCE FORWARD | | | 365,895.00 |
| 11/12 | | 131 | 43320 | S & P 100 INDEX | 15,800 | | 206,849.00 |
| 11/12 | 131 | | 47646 | NOVEMBER 460 CALL | 17,800 | 233,311.00 | |
| 11/19 | | | 33750 | S & P 100 INDEX NOVEMBER 450 PUT | 26 | | 340,469.00 |
| 11/19 | 131 | | 38075 | S & P 100 INDEX DECEMBER 430 CALL | 30 | 393,131.00 | |
| 11/19 | 131 | | 42400 | S & P 100 INDEX DECEMBER 420 PUT | 3 | | |
| 11/19 | 131 | | 46725 | S & P 100 INDEX NOVEMBER 460 CALL | 37 | 39,431.00 | |
| | | 131 | | S & P 100 INDEX NOVEMBER 450 PUT | | | 464,565.00 |
| | | | | NEW BALANCE | | | 731,904.00 |

SECURITY POSITIONS
S & P 100 INDEX                            MKT PRICE
DECEMBER 430 CALL                         23,300
S & P 100 INDEX                            16,300
DECEMBER 420 PUT

MARKET VALUE OF SECURITIES
     LONG           SHORT
  216,150.00    305,230.00-

-505,230

-89,080

*LEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES