John Ksiez
4496 N.W. Wandering Oak Court
Jensen Beach, Florida 34957
Residence   772 692-1398
Cell John    772-233-9412
Cell Roslyn 772-919-1054
E-mail: rjabode@comcast.net

Clerk of the United States Bankruptcy Court for
The Southern District of New York
One Bowling Green   New York, New York 10004

Re:   Bankruptcy Case No. 08-1789 (BRL)
      Bernard L. Madoff Investment Securities LLC
      Customer Claim No. 000113
      Claimant: John Ksiez

Dear Mr. Picard:

On or about 08/01-03/2009, I received a partial payment of my claim from SIPC regarding my IRA account that had been held by Bernard L. Madoff Securities. Prior to receiving this partial payment, I was sent a partial assignment and release form which I was compelled to sign in order to receive this partial payment.

Although I did sign this Partial Assignment and Release, I did so under duress as I felt I was forced to possibly relinquish a legitimate portion of my claim in exchange for this partial payment.

It is my understanding since I signed the release, that the terms and conditions for partial payment of customer claims have been modified for future claimants.

As quoted in the attached newspaper article in Newsday dated 08/06/2009, Mr. Picard stated "The trustee will promptly pay the undisputed portion of the customer's claim" and the payments " will be without prejudice to the trustee's and the customer's rights, claims and defenses with respect to the disputed portion of the customer's claim." In view of this new ruling, I hereby inform you that I dispute the amount of the allowed claim which you computed and hereby modify the release which I signed on 07/25/2009 so as to preserve my rights.

In view of this recent decision by Mr. Picard, I feel it is unfair that hardship cases such as mine, that had no legal representation, were compelled to sign an unfair Partial Assignment and Release. Having signed the release (which will be modified for future claimants), I fear that I will not receive fair and equal treatment under the law.

Any distributions that I received from Bernard Madoff Securities were required IRA minimum distributions which were not preferential payments but legally mandated IRA minimum distributions.

RECEIVED
AUG 19 2009
U.S. BANKRUPTCY COURT, SDNY

I also object to the Trustee's definition of "net equity" as deposits minus withdrawals. It is my belief that I am entitled to my "net equity" of $1,545,846.20 minus the amount received by me from SIPC. I feel it unjust for me to have to agree to the Trustee's definition of "net equity" and having done so, feel that my rights were compromised.

I am depositing this partial reimbursement check into my IRA account so that the 60 day rollover period in which to deposit same does not expire.

In view of my disagreement with the release which I felt compelled to sign, I am requesting a hearing before Bankruptcy Judge Burton A. Lifland under Bankruptcy Case No. 08-1789 (BRL). Attached herein are copies of the Partial Assignment and Release form which I signed on 07/25/2009 and a copy of a newspaper article in Newsday dated 08/06/2009 describing the changes in policy regarding partial restitution to Bernard Madoff victims which was instituted after I signed the Partial Assignment and Release form.

Thank you for your consideration. I pray that justice and fairness will prevail and that I am not again another victim.

Sincerely,

*John Ksiez*

John Ksiez

Addendum:   08/18/2009

Last week, on a number of occasions, I spoke with Mr. Douglas Nevin of Baker & Hostetler LLP. On Friday 08-13-09, I was told by Mr. Nevin that I would be receiving an additional payment of $49,700.00 which would result in my receiving the full $500,000.00 from SIPC. However, since I am not currently in possession of this money, I am continuing my request for the hearing so that the time limit for filing my opposition does not expire in the event that I do not receive the additional $49,700.00 and the written confirmation from the Trustee affirming Mr. Nevin's statement to me that the Trustee will be using the new modified definition of "net equity."

At about 8:30 P.M., Monday 08/17/09, I received a call from Ms. Heather Wlodek, assistant to Mr. David Sheehan. She responded to my call of last week to Mr. Sheehan. Ms. Wlodek confirmed Mr.Nevin's statements to me that I would soon receive the $49,700.00 from SIPC as well as the modified documents, worded so as to not waive my rights to claim my net equity loss amount. When these conditions are met, my request for a hearing will be considered withdrawn.

John Ksiez   *John Ksiez*

*From Phillips+Annas*
*Newsday newspaper*

(A)

**LI BUSINESS**

# Faster Madoff returns pledged

**BY ERIK LARSON**
*Bloomberg News*

The trustee liquidating Bernard Madoff's business said he will speed up reimbursements to defrauded customers under a new plan that lets victims keep the money even if they dispute the amount.

Trustee Irving Picard, who's paying as much as $500,000 to victims on behalf of the Securities Investor Protection Corp., was accused of wrongfully forcing them to waive rights to the disputed amounts in exchange for checks. Some victims of Madoff, who is serving 150 years, claim Picard is miscalculating payments.

"The trustee will promptly pay the undisputed portion of the customer's claim," Picard said yesterday on his Web site. The payments "will be without prejudice to the trustee's and the customer's rights, claims, and defenses with respect to the disputed portion of the customer's claim."

David Sheehan, counsel for Picard, said the trustee has been listening to criticism from investors and their lawyers about the payment policy. As a result, Picard made the changes yesterday, Sheehan said.

"I think it is helpful," said Sheehan about the complaints dealing with the speed of the SIPC payment process.

Picard has said his way of calculating payments prevents Madoff's earliest customers from profiting from the fraud at the expense of those who invested later.

*With Anthony M. DeStefano*

**COMPANY EARNINGS**

"The trustee will pay
the customer's claim..."

*disputed portion of*

? What is the undisputed portion?
? Does the partial payments release form release the disputed portion? ? Do I waive rights to the disputed amount?
? Who decides the "Disputed" amount of my claim?