**Brian S. Appel**
**Doreen G. Appel**
**233 Locust Street**
**West Hempstead, N.Y. 11552**

Monday, September 21, 2009

RE: Case No. 08-1789 (BRL)
BLMIS Account No. 1KW382

Clerk of the United States Bankruptcy Court for
The Southern District of New York
One Bowling Green
New York, New York 10004

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10011



Honorable Judge Burton R. Lifland,

      We write to you to plead our case to recover monies that are rightfully ours and insured by Securities Investor Protection Corporation or ("SIPC"). We may be victims of wrongdoing twice, unless your Honor directs the SIPC to honor its word and protection commitment that we relied upon to safeguard our investment with Bernard L. Madoff Investment Securities LLC ("BLMIS").

      Your Honor has heard countless heartbreaking stories about lives and businesses disrupted by BLMIS's failure. In a post mortem of what went wrong with regulators, auditors and the liquidation process, it appears obvious many of these hardships could have been avoided by directing the SIPC to do what is right and what they claim to be doing. The fraud was so egregious that even the Treasury's, Internal Revenue Service acted with swiftness and compassion required under these extraordinary circumstances, setting-up advisory rules and procedures for victims, although we do not fully agree with all their calculations and rulings.

      The fact remains SIPC insures victims of security dealers and if they are claiming they do not, then they are misinforming the public. We can present volumes of documents in support of these advertised claims cutting across financial institutions and SIPC's own disclosures at the Court's wishes, but for this pleading we are sparing the forest to becoming reams of copier

1

paper. Just one example gives the Court the flavor of the perception of investors and the expected coverage in the event of a financial institution failure.

The following is copied and highlighted from a September 2009 statement from SIPC's website. This reference clearly states SIPC was created to "Restoring funds to investors…" What also should be noted regarding the new SIPC is their current website contains numerous statements that they (SIPC) are not the FDIC, a clear reaction to the financial crisis. We find this unusual and disturbing and a lame attempt to conjure up a defensive strategy and one of conveyance to renege on what is universally accepted investor protection: The website states:

*****************************************************************

## Why Was SIPC Created?

SIPC is an important part of the overall system of investor protection in the United States. While a number of federal, self-regulatory and state securities agencies deal with cases of investment fraud, SIPC's focus is both different and narrow: **Restoring funds to investors with assets in the hands of bankrupt and otherwise financially troubled brokerage firms.** The Securities Investor Protection Corporation was not chartered by Congress to combat fraud.

*****************************************************************

A news release prior to the Bernard L. Madoff financial exposure to industry funded SIPC is interesting to review and puts in perspective their flip flopping in what their obligations are. Coupled with publically available volumes of further evidence, a conclusion can be drawn that the facts support coverage and a full payment to investors for up to $500,000.00 by SIPC. The release is related to the Lehman Brothers failure. SIPC was assuring investors in the release that these investments were covered. The release further states, **"At the same time, funds from the SIPC reserve are available to satisfy the remaining claims of each customer up to a maximum of $500,000."** The "remaining claims" or in plain English: a catch-all covering the non-cash or securities portion at an investment firm. The highlighted September 18, 2009 release is as follows:

*****************************************************************

## News Release

**SIPC ISSUES STATEMENT ON LEHMAN BROTHERS INC.: LIQUIDATION PROCEEDING NOW ANTICIPATED**

**WASHINGTON, D.C. - September 18, 2008** – The Securities Investor Protection Corporation (SIPC), which maintains a special reserve fund authorized by Congress to help investors at failed brokerage firms, issued the following statement today in relation to the SIPC member, Lehman Brothers Inc. (LBI).

SIPC President Stephen Harbeck said: "On Friday, September 19, 2008, SIPC will file a proceeding placing LBI in liquidation under the Securities Investor Protection Act (SIPA). After extensive discussions and consultation with representatives of the firm and its parent company, as well as representatives of the Securities and Exchange Commission, the Federal Reserve, the Commodity Futures Trading Commission, the Financial Industry Regulatory Authority and others, SIPC has decided that such action is appropriate for the protection of customers and to facilitate the transfer of customer accounts of LBI and an orderly unwinding of the business of the brokerage firm.

2

This action is being taken in connection with a proposed sale of the business of the broker-dealer to Barclays Capital Inc. A hearing on approval of that sale is scheduled for September 19, 2008, at 4p.m., in the Chapter 11 proceeding of the parent company, LBHI.

To provide clarity to market participants, I would note the following:

- SIPC's initiation of the proceeding is designed to minimize market disruption and to allow the transfer of assets and customer accounts of LBI to close in a timely manner under the negotiated Asset Purchase Agreement.
- SIPC will ask the court where the SIPA proceeding is filed to allow the Trustee to operate the business of the firm for a limited time so that normal operations can continue.
- SIPC continues to consult and coordinate with the above-mentioned federal agencies and others to ensure orderly market functioning.

**SIPC remains vigilant and committed to our core mission of customer protection."**

### About SIPC

The Securities Investor Protection Corporation is the U.S. investor's first line of defense in the event a brokerage firm fails, owing customer cash and securities that are missing from customer accounts. SIPC either acts as trustee or works with an independent court-appointed trustee in a brokerage insolvency case to recover funds. **The statute that created SIPC provides that customers of a failed brokerage firm receive all non-negotiable securities – such as stocks or bonds -- that are already registered in their names or in the process of being registered. At the same time, funds from the SIPC reserve are available to satisfy the remaining claims of each customer up to a maximum of $500,000. This figure includes a maximum of $100,000 on claims for cash.** From the time Congress created it in 1970 through December 2006, SIPC has advanced $505 million in order to make possible the recovery of $15.7 billion in assets for an estimated 626,000 investors

For more information about SIPC, see "The Investor's Guide to Brokerage Firm Liquidations" at http://www.sipc.org/pdf/SIPC_brochure_Investors_Guide_To_BD_Liquidations.pdf.

**MEDIA CONTACT:** Leslie Anderson, (703) 276-3256 or landerson@hastingsgroup.com. All investor inquiries of SIPC should be directed to asksipc@sipc.org or (202) 371-8300. Inquiries about LBHI should be directed to Monique Wise, (646)-333-9056.

*********************************************************************

      We have enclosed some relevant correspondence regarding our claim for your review. We plead and beg you to direct the SIPC to pay the remaining $57,206.35 due our family so we can move on with our lives. Every investor relied on "advertised" insurance mechanisms to safe guard investments. The record is clear. We cannot allow SIPC to deceive the public. It is not acting correctly and its mitigation scheme borders on committing a fraud. We cannot let that happen. Victims pray that "In God We Trust", but we also pray that our system of checks and balances work as designed and promoted. Let the scales of justice balance the wrong and refill the accounts, hard earned monies and a trust in the financial markets. Fiat Justitia. Thank you.

Best regards,

Brian S. Appel                                      Doreen G. Appel

Encl.

# BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

# DECEMBER 11, 2008[1]

## REVISED NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

September 10, 2009

Brian Appel & Doreen Appel JT TEN
233 Locust Street
West Hempstead, NY 11552

Dear Brian Appel and Doreen Appel:

**PLEASE READ THIS NOTICE CAREFULLY.**

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee previously issued a Notice of Trustee's Determination of Claim dated May 14, 2009 on BLMIS Account No. 1KW382 designated as Claim Number 001080 (the "Initial Notice"). On May 26, 2009, the Trustee sent you a check in the amount of $45,065.00, with the funds advanced by Securities Investor Protection Corporation pursuant to section 78fff-3(a)(1) of SIPA, upon receipt of the executed and notarized **PARTIAL ASSIGNMENT AND RELEASE** of May 19, 2009 (the "Release") enclosed with the Initial Notice. The Release is still in full force and effect. This Subsequent to the issuance of the Initial Notice, the Trustee received a duplicate claim from you (Claim Number 015413) in connection with the same BLMIS account. The Trustee then issued a Revised Determination of Claim dated September 9, 2009 on BLMIS Account No. 1KW382 which erroneously stated that the Trustee had sent you a check in the amount of $500,000.00. This Revised Determination of Claim supersedes all other Determinations.

---

[1] Section 78lll(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78lll(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

300029065

This claim for the same account you had with BLMIS is **DENIED** because it is duplicative of your **ALLOWED CLAIM** ($45,065.23) for which you have received a SIPC payment.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after September 10, 2009, the date on which the Trustee mailed this notice.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

> Clerk of the United States Bankruptcy Court for
> the Southern District of New York
> One Bowling Green
> New York, New York 10004

> and

> Irving H. Picard, Trustee
> c/o Baker & Hostetler LLP
> 45 Rockefeller Plaza
> New York, New York 10011

_____
Irving H. Picard

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

300029065                                    2

# BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

## DECEMBER 11, 2008[1]

## REVISED NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

September 9, 2009

Brian Appel & Doreen Appel JT TEN
233 Locust Street
West Hempstead, NY 11552

Dear Brian Appel and Doreen Appel:

### PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee previously issued a Notice of Trustee's Determination of Claim dated May 14, 2009 on BLMIS Account No. 1KW382 designated as Claim Number 001080 (the "Initial Notice"). On May 26, 2009, the Trustee sent you a check in the amount of $500,000.00, with the funds advanced by Securities Investor Protection Corporation pursuant to section 78fff-3(a)(1) of SIPA, upon receipt of the executed and notarized **PARTIAL ASSIGNMENT AND RELEASE** of May 19, 2009 (the "Release") enclosed with the Initial Notice. The Release is still in full force and effect. Subsequent to the issuance of the Initial Notice, the Trustee received a duplicate claim from you (Claim Number 015413) in connection with the same BLMIS account.

This claim for the same account you had with BLMIS is **DENIED** because it is duplicative of your **ALLOWED CLAIM** ($45,065.23) for which you have received a SIPC payment.

---

[1] Section 78lll(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78lll(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

300029065

**Brian S. Appel**
**Doreen G. Appel**
**233 Locust Street**
**West Hempstead, N.Y. 11552**

Securities Investor Protection Corporation            Monday, June 29, 2009
Armando J. Bucelo, Jr. Chairman
805 15th Street, N.W. Suite 800
Washington, D.C. 20005-2215

RE: Bernard L. Madoff Investment Securities LLC


Armando J. Bucelo, Jr., Chairman,

    We submit this letter to file a timely claim against SIPC for the monies due from our SIPC protected account. The full amount due to me and my wife has not been paid. These were investments insured by you in Bernard L. Madoff Investment Securities LLC. The account number is # 1-KW382-3-0, under the names of "Brian Appel and Doreen Appel JT TEN". The account balance as of November 30, 2008 was $102,271.58.

    We filed an initial claim as instructed by the U.S. Trustee and only received a partial payment. We attached a copy of the letter from the U.S. Trustee and the check received for $45,065.23 and the last insured statement showing $102,271.58. That translates into a shortfall of $57,206.35. For your information we acknowledge that we signed away our rights to collection of any monies received from SIPC for the benefit of the Madoff Estate, but not for the difference. Small innocent investors like us are mismatched by your enormous resources and we are no match for your aggressive cram down style and the pressures to a speedy recovery by the Trustee for Madoff victims. We therefore come to you and demand the shortfall. Please respond back as when we can expect the difference in monies purportedly protected by SIPC.

    You're apparent agreed to formula with the Madoff Estate is at best a way to cram down innocent investors from your liability and losses. It is common knowledge that SIPC is there for insuring investors from these very nefarious actions. My family relied on the SIPC's stated policies. This large Madoff claim apparently puts the SIPC at risk, but you have the resources to make yourself whole. How can you morally or legally change on the fly your policies? This attempt to not perform your duties and obligations is clearly inconsistent with your marketing of these protection plans and morally outrageous. SIPC has an obligation and we pray that its decision makers are not morally bankrupt as to hurt so many innocent investors. To hide behind

some purported technicality is not in your best interests and it is at best misleading. The financial markets and transferring title has changed over the years. You have been operating with the full knowledge that small investors do not receive stock certificates only acknowledgements of any financial instruments held. That fact is the part where SIPC comes to play and where little investors who relied on your policies could sleep and night and would not fall prey to bad people like the Madoff's. You the SEC and others must stand up and do what is right and pay the investors what their statements showed as of November 30, 2008.

We thank you for your prompt attention to this matter.

*[signature]*

Brian S. Appel

*[signature]*

Doreen G Appel


CC: Stephen P. Harbeck, President

Encl.

Revised

# CUSTOMER CLAIM

Claim Number_____

Date Received_____

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

### DECEMBER 11, 2008

(Please print or type)

Name of Customer: __BRIAN APPEL, DOREEN APPEL JT TEN__
Mailing Address: __233 LOCUST STREET__
City: __WEST HEMPSTEAD__ State: __N.Y.__ Zip: __11552__
Account No.: __1 KW 382__
Taxpayer I.D. Number (Social Security No.): __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__

NOTE: BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY THE ACCOMPANYING INSTRUCTION SHEET. A SEPARATE CLAIM FORM SHOULD BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL PROTECTION AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE RECEIVED BY THE TRUSTEE ON OR BEFORE March 4, 2009. CLAIMS RECEIVED AFTER THAT DATE, BUT ON OR BEFORE July 2, 2009, WILL BE SUBJECT TO DELAYED PROCESSING AND TO BEING SATISFIED ON TERMS LESS FAVORABLE TO THE CLAIMANT. PLEASE SEND YOUR CLAIM FORM BY CERTIFIED MAIL - RETURN RECEIPT REQUESTED.

*******************************************************************

1. Claim for money/balances as of **December 11, 2008**:

    a. The Broker owes me a Credit (Cr.) Balance of    $ __0__

    b. I owe the Broker a Debit (Dr.) Balance of    $ __0__

    c. If you wish to repay the Debit Balance, please insert the amount you wish to repay and attach a check payable to "Irving H. Picard, Esq., Trustee for Bernard L. Madoff Investment Securities LLC." If you wish to make a payment, **it must be enclosed** with this claim form.    $ __N/A__

    d. If balance is zero, insert "None."    __NONE__

502180406            1

2. Claim for securities as of **December 11, 2008**:

**PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.**

|   |   | YES | NO |
|---|---|---|---|
| a. | The Broker owes me securities | ✓ | |
| b. | I owe the Broker securities | | |

c. If yes to either, please list below:

| Date of Transaction (trade date) | Name of Security | The Broker Owes Me (Long) | I Owe the Broker (Short) |
|---|---|---|---|
| 11/30/08 | STATEMENT ATTACHED | 102,271.58 | |

Number of Shares or Face Amount of Bonds

**Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclose, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation. You should also provide all documentation or information regarding any withdrawals you have ever made or payments received from the Debtor.**

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement. If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.

**PLEASE CHECK THE APPROPRIATE ANSWER FOR ITEMS 3 THROUGH 9.**

502180406                                2

**NOTE: IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION ON A SIGNED ATTACHMENT. IF SUFFICIENT DETAILS ARE NOT PROVIDED, THIS CLAIM FORM WILL BE RETURNED FOR YOUR COMPLETION.**

|   |   | YES | NO |
|---|---|---|---|
| 3. | Has there been any change in your account since December 11, 2008? If so, please explain. RECIEVED $45,063.23 FROM SIPC | ✓ |   |
| 4. | Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of the broker? |   | ✓ |
| 5. | Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or policies of the broker? |   | ✓ |
| 6. | Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in any way with the broker? If so, give name(s) |   | ✓ |
| 7. | Is this claim being filed by or on behalf of a broker or dealer or a bank? If so, provide documentation with respect to each public customer on whose behalf you are claiming. |   | ✓ |
| 8. | Have you ever given any discretionary authority to any person to execute securities transactions with or through the broker on your behalf? Give names, addresses and phone numbers. |   | ✓ |
| 9. | Have you or any member of your family ever filed a claim under the Securities Investor Protection Act of 1970? If so, give name of that broker. |   | ✓ |

Please list the full name and address of anyone assisting you in the preparation of this claim form: NONE

If you cannot compute the amount of your claim, you may file an estimated claim. In that case, please indicate your claim is an estimated claim.

**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM. CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.**

THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY INFORMATION AND BELIEF.

Date 6/29/09      Signature _____

Date 6/29/09      Signature _____

(If ownership of the account is shared, all must sign above. Give each owner's name, address, phone number, and extent of ownership on a signed separate sheet. If other than a personal account, e.g., corporate, trustee, custodian, etc., also state your capacity and authority. Please supply the trust agreement or other proof of authority.)

This customer claim form must be completed and mailed promptly, together with supporting documentation, etc. to:

Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

CLAIM AMOUNT DUE FROM SIPC
$57,206.35

**Irving Picard, Trustee**
**c/o Baker & Hostetler LLP**
**45 Rockefeller Plaza**
**New York, New York 10111**

May 26, 2009

BRIAN APPEL & DOREEN APPEL JT TEN
233 LOCUST STREET
WEST HEMPSTEAD, NY 11552

    Re:    Bernard L. Madoff Investment Securities LLC
             Customer Claim No. 001080

Dear BRIAN APPEL & DOREEN APPEL JT TEN:

    The Trustee has received your executed and notarized assignment and release of May 19, 2009. Accordingly, please find enclosed, in full satisfaction of your above-referenced allowed customer claim, the Trustee's check in the amount of $45,065.23 from funds advanced to the Trustee by the Securities Investor Protection Corporation.

                                                         Very truly yours,

                                                         Irving H. Picard, Trustee
                                                         Bernard L. Madoff Investment
                                                         Securities LLC

Enclosure

300011634.1



## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

### DECEMBER 11, 2008[1]

### NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

May 14, 2009

BRIAN APPEL & DOREEN APPEL JT TEN
233 LOCUST STREET
WEST HEMPSTEAD, NY 11552

Dear BRIAN APPEL & DOREEN APPEL JT TEN:

### PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim on BLMIS Account No. 1KW382 designated as Claim Number 001080:

Your claim for securities is **DENIED**. No securities were ever purchased for your account.

Your claim is **ALLOWED** for $45,065.23, which is the amount of money you deposited with BLMIS, for the purchase of securities on 03/06/2003 of $150,000.00 and on 02/24/2004 of $10,000.00, less the subsequent withdrawal on 06/25/2004 of $114,934.77.

Your **ALLOWED CLAIM** of $45,065.23 will be satisfied in the following manner:

---

[1] Section 78lll(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78lll(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

300011376.1

The enclosed **RELEASE AND ASSIGNMENT** must be executed, notarized and returned in the envelope provided herewith. Upon receipt of the executed and notarized **RELEASE AND ASSIGNMENT**, the Trustee will fully satisfy your **ALLOWED CLAIM** by sending you a check in the amount of $45,065.23, with the funds being advanced by Securities Investor Protection Corporation pursuant to section 78fff-3(a)(1) of SIPA.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after May 14, 2009, the date on which the Trustee mailed this notice.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

> Clerk of the United States Bankruptcy Court for
> the Southern District of New York
> One Bowling Green
> New York, New York 10004

> and

> Irving H. Picard, Trustee
> c/o Baker & Hostetler LLP
> 45 Rockefeller Plaza
> New York, New York 10011

*/s/ Irving H. Picard*
Irving H. Picard

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

300011376.1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789-BRL<br><br>SIPA Liquidation |

## ASSIGNMENT AND RELEASE

**KNOW ALL MEN BY THESE PRESENTS,** that BRIAN APPEL & DOREEN APPEL JT TEN, located at 233 LOCUST STREET, WEST HEMPSTEAD, NY 11552 (hereinafter referred to as the "Assignors") in consideration of the payment of $45,065.23 to satisfy their claim for customer protection (the "Customer Claim", having been designated Claim #001080) filed in the liquidation proceeding of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §78aaa et seq. ("SIPA") (see §§78fff-2(b), 78fff-2(d), and §78fff-3(a)(1) of SIPA), do for themselves hereby assign, transfer and set over to Irving H. Picard as SIPA Trustee (the "SIPA Trustee") for the liquidation of BLMIS (see §78fff-2(b) of SIPA), and the Securities Investor Protection Corporation ("SIPC"), as subrogee to the extent of its cash advances to the SIPA Trustee for the satisfaction of the aforementioned Customer Claim (see §78fff-3(a)(1) of SIPA), any and all rights, including causes of action or claims, that Assignors now may have against BLMIS and/or any third party arising out of or relating to any fraudulent or illegal activity with respect to Assignor's BLMIS account (Account No. 1KW382, the "BLMIS Account"), which gave rise to the allowed

300011432.1

Customer Claim for securities filed by Assignors against BLMIS. Such assignment is only to the extent that Assignors have received satisfaction of the Customer Claim as set forth above.

Further, Assignors have not previously compromised or assigned any claim, cause of action or other right against BLMIS, its principals or agents or any third party arising out of or related to any fraudulent or illegal activity giving rise to the Customer Claim.

Upon reasonable request of the SIPA Trustee or SIPC, Assignors agree to cooperate with the SIPA Trustee or SIPC in connection with any efforts of either to recover from the principals or agents of BLMIS or anyone else for amounts advanced by SIPC or paid by the SIPA Trustee to satisfy Assignors' Customer Claim in this SIPA liquidation proceeding. Such efforts to recover by the SIPA Trustee or SIPC, either to demand or pursue or to prosecute or settle any collection effort, action or proceeding therefore, shall be at the sole cost of the SIPA Trustee or SIPC.

Effective immediately and without further action, contingent only upon Assignor's receipt from the SIPA Trustee or his agent of a check in the amount of $45,065.23 as set forth in the SIPA Trustee's Notice of Determination of the Customer Claim dated May 14, 2009, (the "Trustee's Determination"), and upon receipt by the SIPA Trustee of this executed and notarized Assignment and Release, the Assignors do for Assignors' executors, administrators, heirs and assigns hereby remise, release and forever discharge the SIPA Trustee and SIPC, as subrogee to the extent of its cash advances for the satisfaction of the Customer Claim, and, as the case may be, its officers, directors, professionals, employees, agents, successors and assigns, of and from any and all claims arising out of or relating to the Assignors' BLMIS Account, the Customer Claim filed with the SIPA Trustee as protected by the provisions of SIPA, and any and all circumstances giving rise to said Customer Claim which the Assignors now have, or hereafter

may have, for or by any reason, cause, matter or thing whatsoever from the beginning of the world to the date of the execution of this Assignment and Release, only to the extent that the SIPA Trustee and/or SIPC has paid monies to the Assignors to satisfy Assignors' Customer Claim.

Assignors acknowledge the sufficiency of the consideration to be received in accordance with the SIPA Trustee's Determination and under this Assignment and Release.

**IN WITNESS WHEREOF,** the undersigned has on this day set forth below duly executed this Assignment of Assignor's Customer Claim and Release, intending to be legally bound hereby.

By: _____
BRIAN APPEL

By: _____
DOREEN APPEL

Sworn and subscribed before me this
19th day of May, 2009.

_____
Notary Public

JUDITH D. KEMNITZER
NOTARY PUBLIC, State of New York
No. 01KE4812654
Qualified in Nassau County
Commission Expires May 31, 2010

300011432.1                          3