# BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

## DECEMBER 11, 2008[1]

## NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

September 2, 2009

Sondra Feinberg Norman Feinberg JT/WROS
123 Via Florenza
Palm Beach Gardens, Florida 33418-6203

Dear Sondra Feinberg Norman Feinberg JT/WROS:

### PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claims on BLMIS Account No. 1F0189 designated as Claim Number 001017 and Claim Number 012144 (the latter of which is duplicative of Claim Number 001017) and BLMIS Account No. 1F0141 designated as Claim Number 001018 and Claim Number 012145 (the latter of which is duplicative of Claim Number 001018).

BLMIS Account No. 1F0189 and BLMIS Account No. 1F0141 (and the claims associated with them) are held in the same capacity pursuant to SIPA Rule 105 and are combined into one account ("Combined Claim") for purposes of this determination. SIPA Rule 105 provides as follows:

---

[1] Section 78lll(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78lll(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

(a) A joint account shall be deemed to be a "qualifying joint account" if it is owned jointly, whether by the owners thereof as joint tenants with the right to survivorship, as tenants by the entirety or as tenants in common, or by husband and wife as community property, but only if each co-owner possesses authority to act with respect to the entire account.

(b) Subject to paragraph (c) of this rule, each qualifying joint account with a member shall be deemed held by one separate customer of the member.

(c) All qualifying joint accounts with a member owned by the same persons shall be deemed held by the same customer so that the maximum protection afforded to such accounts in the aggregate shall be the protection afforded to one separate customer of the member.

(d) A joint account with a member which does not meet the requirements of paragraph (a) of this rule shall be deemed to be an individual or qualifying joint account of the co-owner or co-owners having the exclusive power to act with respect to it.

This letter shall serve as the Trustee's determination with respect to the Combined Claim:

Your Combined Claims for credit balances of $2,668,016.24 (Claim Number 001017 and Claim Number 012144); $772,350.14 (Claim Number 001018 and Claim Number 012145) and for securities is **DENIED**. No securities were ever purchased for your account.

Your Combined Claim is **ALLOWED** for $1,275,500.00 (the "Allowed Claim"), which represents the difference between the balance in BLMIS Account No. 1F0189 on the Filing Date based on the amount of money you deposited with BLMIS for the purchase of securities, less subsequent withdrawals, as outlined in Table 1, and the balance in BLMIS Account No. 1F0141 on the Filing Date based on the amount of money you deposited with BLMIS for the purchase of securities, less subsequent withdrawals, as outlined in Table 2. Table 1 and Table 2 are attached hereto and made a part hereof.

Your **ALLOWED CLAIM** of $1,275,500.00 will be satisfied in the following manner:

The enclosed **PARTIAL ASSIGNMENT AND RELEASE** must be executed, notarized and returned in the envelope provided herewith. Upon receipt of the executed and notarized **PARTIAL ASSIGNMENT AND RELEASE**, the Trustee will make a partial satisfaction of your **ALLOWED CLAIM** by sending you a check in the amount of $500,000.00, with the funds being advanced by Securities Investor Protection Corporation pursuant to section 78fff-3(a)(1) of SIPA. In addition, you will be entitled to receive an additional distribution based upon your **ALLOWED CLAIM** from the fund of customer property, if any.

It is the Trustee's intent, pursuant to SIPA, to submit a Motion for an order of the Bankruptcy Court to allocate assets he has collected and will collect between the fund of customer property and the general estate and to distribute customer property *pro rata* among allowed claimants, such as you. In a decision in this case, Rosenman Family, LLC v. Picard, 401 B.R. 629, 634 (Bankr. S.D.N.Y. 2009), the Bankruptcy Court stated:

> The customer estate is a fund consisting of customer property and is limited exclusively to satisfying customer claims. In re Adler Coleman Clearing Corp. (Adler Coleman II), 216 B.R. 719, 722 (Bankr. S.D.N.Y. 1998) ("A SIPA trustee, distributes 'customer property' exclusively among the debtor's customers...."); see also 15 U.S.C. § 78lll(4). Accordingly, Customers, as defined by SIPA § 78lll(2), enjoy a preferred status and are afforded special protections under SIPA. See New Times Securities, 463 F.3d at 127; Adler Coleman, 195 B.R. at 269."

Id. at 634.

It is not known at this time when the Trustee will be filing such allocation and distribution motion.

Should a final and unappealable court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by you in having your customer claim re-determined in accordance with any such Court order.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after September 2, 2009, the date on which the Trustee mailed this notice.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

> Clerk of the United States Bankruptcy Court for
> the Southern District of New York
> One Bowling Green
> New York, New York 10004
>
> and
>
> Irving H. Picard, Trustee
> c/o Baker & Hostetler LLP
> 45 Rockefeller Plaza
> New York, New York 10011

_____
Irving H. Picard

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

| DATE | TRANSACTION DESCRIPTION | AMOUNT |
|---|---|---|
| 1/26/2004 | CHECK | $1,000,000.00 |
| 10/5/2004 | CHECK | $1,500,000.00 |
| **Total Deposits:** | | $2,500,000.00 |

| DATE | TRANSACTION DESCRIPTION | AMOUNT |
|---|---|---|
| 4/1/2004 | CHECK | ($25,000.00) |
| 7/1/2004 | CHECK | ($25,000.00) |
| 10/1/2004 | CHECK | ($25,000.00) |
| 1/3/2005 | CHECK | ($45,000.00) |
| 4/1/2005 | CHECK | ($45,000.00) |
| 7/1/2005 | CHECK | ($45,000.00) |
| 8/29/2005 | CHECK | ($15,000.00) |
| 10/3/2005 | CHECK | ($55,000.00) |
| 1/3/2006 | CHECK | ($55,000.00) |
| 3/2/2006 | CHECK | ($100,000.00) |
| 4/3/2006 | CHECK | ($55,000.00) |
| 7/3/2006 | CHECK | ($55,000.00) |
| 10/2/2006 | CHECK | ($55,000.00) |
| 1/2/2007 | CHECK | ($55,000.00) |
| 4/2/2007 | CHECK | ($55,000.00) |
| 7/2/2007 | CHECK | ($55,000.00) |
| 10/1/2007 | CHECK | ($55,000.00) |
| 1/2/2008 | CHECK | ($55,000.00) |
| 4/1/2008 | CHECK | ($55,000.00) |
| 7/1/2008 | CHECK | ($75,000.00) |
| 10/1/2008 | CHECK | ($75,000.00) |
| **Total Withdrawals:** | | ($1,080,000.00) |
| **Total deposits less withdrawals:** | | $1,420,000.00 |

| DATE | TRANSACTION DESCRIPTION | AMOUNT |
|---|---|---|
| 11/26/1997 | CHECK | $500,000.00 |
| 12/11/1997 | CHECK | $500,000.00 |
| **Total Deposits:** | | $1,000,000.00 |

| DATE | TRANSACTION DESCRIPTION | AMOUNT |
|---|---|---|
| 12/1/1997 | CANCEL CHECK 11/26/97 | ($500,000.00) |
| 1/2/1998 | CHECK | ($6,000.00) |
| 4/1/1998 | CHECK | ($6,000.00) |
| 7/1/1998 | CHECK | ($6,000.00) |
| 10/1/1998 | CHECK | ($6,000.00) |
| 1/4/1999 | CHECK | ($6,000.00) |
| 2/8/1999 | CHECK | ($15,000.00) |
| 4/1/1999 | CHECK | ($11,000.00) |
| 7/1/1999 | CHECK | ($11,000.00) |
| 10/1/1999 | CHECK | ($11,000.00) |
| 1/3/2000 | CHECK | ($11,000.00) |
| 4/3/2000 | CHECK | ($11,000.00) |
| 7/3/2000 | CHECK | ($11,000.00) |
| 10/2/2000 | CHECK | ($11,000.00) |
| 1/2/2001 | CHECK | ($11,000.00) |
| 4/2/2001 | CHECK | ($11,000.00) |
| 5/24/2001 | CHECK | ($10,000.00) |
| 7/2/2001 | CHECK | ($11,000.00) |
| 10/1/2001 | CHECK | ($11,000.00) |
| 1/2/2002 | CHECK | ($11,000.00) |
| 4/1/2002 | CHECK | ($11,000.00) |
| 7/1/2002 | CHECK | ($11,000.00) |
| 10/1/2002 | CHECK | ($11,000.00) |
| 1/2/2003 | CHECK | ($11,000.00) |
| 4/1/2003 | CHECK | ($11,000.00) |
| 5/28/2003 | CHECK | ($50,000.00) |
| 7/1/2003 | CHECK | ($11,000.00) |
| 8/26/2003 | CHECK | ($30,000.00) |
| 10/1/2003 | CHECK | ($11,000.00) |
| 1/2/2004 | CHECK | ($11,000.00) |
| 4/1/2004 | CHECK | ($11,000.00) |
| 7/1/2004 | CHECK | ($11,000.00) |
| 10/1/2004 | CHECK | ($11,000.00) |
| 1/3/2005 | CHECK | ($11,000.00) |
| 4/1/2005 | CHECK | ($11,000.00) |
| 7/1/2005 | CHECK | ($11,000.00) |

| Date | Type | Amount |
|---:|:---:|---:|
| 8/17/2005 | CHECK | ($10,000.00) |
| 10/3/2005 | CHECK | ($11,000.00) |
| 10/7/2005 | CHECK | ($10,500.00) |
| 1/3/2006 | CHECK | ($11,000.00) |
| 4/3/2006 | CHECK | ($11,000.00) |
| 6/16/2006 | CHECK | ($50,000.00) |
| 7/3/2006 | CHECK | ($11,000.00) |
| 7/14/2006 | CHECK | ($10,000.00) |
| 10/2/2006 | CHECK | ($11,000.00) |
| 1/2/2007 | CHECK | ($11,000.00) |
| 4/2/2007 | CHECK | ($11,000.00) |
| 7/2/2007 | CHECK | ($11,000.00) |
| 10/1/2007 | CHECK | ($11,000.00) |
| 1/2/2008 | CHECK | ($11,000.00) |
| 4/1/2008 | CHECK | ($11,000.00) |
| 7/1/2008 | CHECK | ($11,000.00) |
| 10/1/2008 | CHECK | ($11,000.00) |
| **Total Withdrawals:** | | ($1,144,500.00) |
| | | |
| **Total deposits less withdrawals:** | | ($144,500.00) |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789-BRL |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |

### PARTIAL ASSIGNMENT AND RELEASE

**KNOW ALL MEN BY THESE PRESENTS,** that Sondra Feinberg Norman Feinberg JT/WROS, located at 123 Via Florenza, Palm Beach Gardens, Florida 33418-6203 (hereinafter referred to as the "Assignor") in consideration of the payment of $500,000.00 to satisfy in part their claims for customer protection (the "Customer Claim", having been designated Claim #001017 and Claim #012144 in relation to Assignor's BLMIS account no. 1F0189 and Claim #001018 and 012145 in relation to Assignor's BLMIS account no. 1F0141 and combined for purposes of the Trustee's Determination) filed in the liquidation proceeding of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §78aaa et seq. ("SIPA") (see §§78fff-2(b), 78fff-2(d), and §78fff-3(a)(1) of SIPA), do for themselves hereby assign, transfer and set over to Irving H. Picard as SIPA Trustee (the "SIPA Trustee") for the liquidation of BLMIS (see §78fff-2(b) of SIPA), and the Securities Investor Protection Corporation ("SIPC"), as subrogee to the extent of its cash advances to the SIPA Trustee for the satisfaction of the aforementioned Customer Claim (see §78fff-3(a)(1) of SIPA), any and all rights, including causes of action or claims, that Assignor now may have against

300028411

BLMIS and/or any third party arising out of or relating to any fraudulent or illegal activity with respect to Assignor's BLMIS account (Account No. 1F0189 and Account No. 1F0141, the "BLMIS Combined Account"), which gave rise to the allowed Customer Claim for securities filed by Assignor against BLMIS. Such assignment is only to the extent that Assignor has received satisfaction of the Customer Claim as set forth above.

Further, Assignor has not previously compromised or assigned any claim, cause of action or other right against BLMIS, its principals or agents or any third party arising out of or related to any fraudulent or illegal activity giving rise to the Customer Claim.

Upon reasonable request of the SIPA Trustee or SIPC, Assignor agrees to cooperate with the SIPA Trustee or SIPC in connection with any efforts of either to recover from the principals or agents of BLMIS or anyone else for amounts advanced by SIPC or paid by the SIPA Trustee to satisfy in part Assignor's Customer Claim in this SIPA liquidation proceeding. Such efforts to recover by the SIPA Trustee or SIPC, either to demand or pursue or to prosecute or settle any collection effort, action or proceeding therefore, shall be at the sole cost of the SIPA Trustee or SIPC.

Effective immediately and without further action, contingent only upon Assignor's receipt from the SIPA Trustee or his agent of a check in the amount of $500,000.00 as set forth in the SIPA Trustee's Notice of Determination of the Customer Claim dated September 2, 2009, (the "Trustee's Determination"), and upon receipt by the SIPA Trustee of this executed and notarized Partial Assignment and Release, the Assignor does for Assignor's executors, administrators, heirs and assigns hereby remise, release and forever discharge the SIPA Trustee and SIPC, as subrogee to the extent of its cash advances for the satisfaction of the Customer Claim, and, as the case may be, its officers, directors, professionals, employees, agents, successors and assigns, of

and from any and all claims arising out of or relating to the Assignor's BLMIS Combined Account, the Customer Claim filed with the SIPA Trustee as protected by the provisions of SIPA, and any and all circumstances giving rise to said Customer Claim which the Assignor now has, or hereafter may have, for or by any reason, cause, matter or thing whatsoever from the beginning of the world to the date of the execution of this Partial Assignment and Release, only to the extent that the SIPA Trustee and/or SIPC has paid monies to the Assignor to satisfy Assignor's Customer Claim.

Should a final and unappealable court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Partial Assignment and Release shall be construed as a waiver of any rights or claims held by Assignor in having [his/her/its] customer claim re-determined in accordance with any such Court order.

Assignor acknowledges the sufficiency of the consideration to be received in accordance with the SIPA Trustee's Determination and under this Partial Assignment and Release.

**IN WITNESS WHEREOF,** the undersigned has on this day set forth below duly executed this Partial Assignment of Assignor's Customer Claim and Release, intending to be legally bound hereby.

By: _____
SONDRA FEINBERG

By: _____
NORMAN FEINBERG

Sworn and subscribed before me this
____ day of _____, 2009.

_____
Notary Public