September 23, 2009

To: Clerk of the United States Bankruptcy Court
    for the Southern District of New York
    One Bowling Green
    New York, New York 10004

Irving H. Picard, Trustee
    c/o Baker & Hostetler LLP
    45 Rockefeller Plaza
    New York, New York 10011



RECEIVED SEP 28, U.S. BANKRUPTCY COURT, SDNY

**Opposition to Trustee's Determination of Claim
Bernard L. Madoff Investment Securities LLC In Liquidation
Bankruptcy Case No. 08-1789 (BRL)**

**BLMIS Account No. 1ZA216
Claim Number 001449
i/n/o Gertrude I. Gordon Revocable Living Trust**

I have received the attached Notice of Trustee's Determination of Claim dated September 1, 2009 addressed to the Gertrude I. Gordon Revocable Living Trust. I disagree with the calculation of the allowed claim. I acknowledge the withdrawal of $50,000 from my account 1ZA216 at Bernard L. Madoff Investment Securities LLC in 2002 at my request, but can not acknowledge the receipt of the additional $135,000 listed in the Trustee's Notice.

I have no recollection or record of having received the additional $135,000 from the above account on the dates between 1994 and 1998 listed in the Notice or at any other time. Nor did I authorize anyone to make the withdrawals of the funds to be paid to or for the use of anyone else.

I ask that the Trustee check the records of Bernard L. Madoff Investment Securities LLC to determine with certainty that: (1) the $135,000 was not received by another client or fictitious client named Gert or Gertrude Gordon or any trust or other entity in my name; and (2) no one associated with Bernard L. Madoff Investment Securities LLC withdrew the funds without permission from me and without my knowledge.

I ask that the Trustee produce the checks totaling the $135,000 in question so that I may examine them for my endorsement. If the checks were simply cashed, I can state that I did not cash them. As a single woman in her seventies in the years in question, I had no use for and did not wish to carry cash in such large amounts. If the checks were deposited, then I would need to see the checks to determine exactly what

1

Opposition to Trustee's Determination of Claim
Bankruptcy Case No. 08-1789 (BRL)
BLMIS Account No. 1ZA216        Claim Number 001449

account they went into and determine whether the account was an account that I had knowingly established and over which I had any control. Perhaps Bernard L. Madoff Investment Securities LLC established an account in my name without my knowledge and not under my control into which its personnel poured funds from my account in the early years in an effort to hide the siphoning off and reuse of the funds, sending me statements that did not reflect their withdrawal.

I am not able to attach records from the years in question at this time. Some months before learning of the problems at Bernard L. Madoff Investment Securities LLC, I left my residence of many years for smaller quarters in a life care community. As a part of that move, records from the 1990s had to be discarded as there was inadequate space to house them in my new quarters. My accountant from the 1990s died some time ago and I can not determine where his records went following the closure of his firm. With respect to my bank account, I have asked my bank about the possibility of supplying me with records dating back to the 1990s so that I can establish that the funds were not deposited to an account over which I had control. I have not received any such statements at this time.

I also disagree with the calculation of my claim based on the amount originally invested. That calculation does not, among other things, take into account amounts lost due to taxes paid on apparently fictitious income that will not be reimbursed, the loss of use of funds for valid investments that would have produced income in the years in which my funds were invested with Bernard L. Madoff Investment Securities LLC, and potential legal, accounting and other costs of pursuing my claims in connection with this matter.

Accordingly, I request a hearing to dispute the Trustee's determination of claim. I wish to receive the $5,000 at this time that is not in dispute. I reserve my rights to that $5,000. I also reserve my rights to all amounts in excess of $5,000 to which I may be entitled.

Sincerely yours,

Gertrude I. Gordon, Trustee
Gertrude I. Gordon Revocable Living Trust
5551 Dunrobin Drive #4203
Sarasota, FL 34238

2

**BERNARD L. MADOFF INVESTMENT SECURITIES LLC**

In Liquidation

**DECEMBER 11, 2008**[1]

**NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM**

September 1, 2009

GERTRUDE I. GORDON REVOCABLE LIVING TRUST
5551 Dunrobin Drive, # 4203
Sarasota, FL 34238

Dear GERTRUDE I. GORDON REVOCABLE LIVING TRUST:

**PLEASE READ THIS NOTICE CAREFULLY.**

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim on BLMIS Account No. 1ZA216, designated as Claim Number 001449:

Your claim for securities is **DENIED**. No securities were ever purchased for your account.

Your claim is **ALLOWED** for $5,000.00, which was the balance in your BLMIS Account on the Filing Date based on the amount of money you deposited with BLMIS for the purchase of securities, less subsequent withdrawals, as outlined in Table 1.

---

[1] Section 78*lll*(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78*lll*(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

300028039.1

| DATE | TRANSACTION DESCRIPTION | AMOUNT |
|---|---|---|
| 12/7/1992 | CHECK | $190,000.00 |
| **Total Deposits:** | | $190,000.00 |

| DATE | TRANSACTION DESCRIPTION | AMOUNT |
|---|---|---|
| 1/4/1994 | CHECK | ($15,000.00) |
| 4/19/1995 | CHECK | ($25,000.00) |
| 9/18/1996 | CHECK | ($15,000.00) |
| 1/6/1997 | CHECK | ($30,000.00) |
| 4/22/1998 | CHECK | ($50,000.00) |
| 11/21/2002 | CHECK | ($50,000.00) |
| **Total Withdrawals:** | | ($185,000.00) |
| **Total deposits less withdrawals:** | | $5,000.00 |

Your **ALLOWED CLAIM** of $5,000.00 will be satisfied in the following manner:

The enclosed **ASSIGNMENT AND RELEASE** must be executed, notarized and returned in the envelope provided herewith. Upon receipt of the executed and notarized **ASSIGNMENT AND RELEASE**, the Trustee will fully satisfy your **ALLOWED CLAIM** by sending you a check in the amount of $5,000.00, with the funds being advanced by Securities Investor Protection Corporation pursuant to section 78fff-3(a)(1) of SIPA.

Should a final and unappealable court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by you in having your customer claim re-determined in accordance with any such Court order.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after September 1, 2009, the date on which the Trustee mailed this notice.

300028039.1

2

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

> Clerk of the United States Bankruptcy Court for
> the Southern District of New York
> One Bowling Green
> New York, New York 10004
>
> and
>
> Irving H. Picard, Trustee
> c/o Baker & Hostetler LLP
> 45 Rockefeller Plaza
> New York, New York 10011

_____
Irving H. Picard
Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

300028039.1

3