ROSEN & ASSOCIATES, P.C.
Attorneys for David Alan Schustack
747 Third Avenue
New York, NY 10017-2803
(212) 223-1100
Sanford P. Rosen, Esq.


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
SECURITIES INVESTOR PROTECTION
  CORPORATION,

                    Plaintiff,    Adv.Pro.No. 08-01789 (BRL)
v.

BERNARD L. MADOFF INVESTMENT      SIPA Liquidation
  SECURITIES, LLC,

                    Defendant.    (Substantively Consolidated)
------------------------------x
In re

BERNARD L. MADOFF INVESTMENT
  SECURITIES, LLC,

                    Debtor.
------------------------------x


## OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM

David Alan Schustack, by his attorneys, Rosen &

Associates, P.C., hereby objects to the Notice of Trustee's

Determination of Claim dated September 11, 2009 ("**Determination**

**Letter**"), attached hereto as Exhibit "A."

### BACKGROUND

1.   David Alan Schustack is a "customer," as defined

by section 78*lll* of the Securities Investor Protection Act

("**SIPA**"), of Bernard L. Madoff Investment Securities, LLC

("**BLMIS**").

2.   Mr. Schustack's final BLIMS statement, dated

November 30, 2008, states that he owns securities valued at

$4,094,300.77 (the "**Final Statement**").

3.   On December 11, 2008, the above-captioned

liquidation proceeding was commenced against BLIMS, pursuant to

SIPA.  See Order, Securities and Exchange Commission v. Madoff,

No. 08-10791 (S.D.N.Y. Dec. 15, 2008) (ordering relief under

SIPA and transferring proceeding to the United States Bankruptcy

Court for the Southern District of New York) [Docket No. 4].

Irving Picard was appointed Trustee (the "**Trustee**"), charged

with overseeing the liquidation of BLMIS and processing customer

claims for money pursuant to SIPA.  Id.; 15 U.S.C. §78fff-1(a).

4.   On December 23, 2008, this Court issued an

Order directing the Trustee to disseminate notice and claim

forms to BLIMS customers and setting forth claim-filing

deadlines.  See Order [Docket No. 12].  Upon information and

belief, the Trustee disseminated notice and claim forms to

BLIMS's customers in accordance with this Court's Order.

The December 23, 2008 Order further provided that, to the extent

the Trustee disagrees with the amount set forth on a customer

2

claim form, the Trustee "shall notify such claimant by mail of his determination that the claim is disallowed, in whole or in part, <u>and the reason therefor</u> . . ." See Order at 6 [Docket No. 1] (emphasis added).

5.    On or about February 2, 2009, Mr. Schustack submitted a customer claim form to Securities Investor Protection Corporation ("**SIPC**") setting forth his claim in the amount of $4,094,300.77. See Shustack Customer Claim for Account No. 1-ZA061 (**"Schustack Customer Claim"**) attached hereto as Exhibit "B."

6.    Mr. Schustack submitted the Final Statement with the Schustack Customer Claim. See Schustack Customer Claim, Exhibit B. On September 11, 2009, the Trustee sent Mr. Schustack the Determination Letter allowing Mr. Schustack's claim only in the amount of $2,912.130.56, rather than $4,094,300.77, the total amount claimed by Mr. Schustack. See Determination Letter, Exhibit A.

7.    Mr. Schustack hereby objects to the Determination Letter for the reasons described below.

<b><u>GROUNDS FOR OBJECTION</u></b>

8.    <u>First Objection</u>.  The Determination Letter fails to comply with this Court's December 23, 2008 Order that directs the Trustee to satisfy customer claims and deliver securities in

3

accordance "with the Debtor's books and records." Dec. 23, 2008
Order at 5 [Docket No. 12].  The Final Statement which as
mentioned above was included by Mr. Schustack, is the best
evidence of the amount owed based on the Debtor's books and
records.  Accordingly, the claim should be allowed in the full
amount of $4,094,300.77.

       9.   <u>Second Objection</u>.   The Trustee has set forth no
legal basis for disallowing the Schustack Customer Claim in full
as filed.  The only explanations set forth in the Determination
Letter are that (1) "[n]o securities were ever purchased for
your account," and (2) the "claim is allowed for ... the amount
of money you deposited with BLMIS for the purchase of
securities, less subsequent withdrawals, as outlined in Table
1."  Determination Letter at 1, Exhibit A.  Neither of these
purported grounds for disallowance have any statutory or other
legal basis.  Moreover, the Determination Letter:

       (a)   does not clearly provide "the reason" for
the disallowance, as required by this Court's December 23, 2008
Order;

       (b)   is inadequate to rebut the <u>prima facie</u>
validity of the Schustack Customer Claim as provided in 11
U.S.C. § 502(a) and Bankruptcy Rule 3001(f); and

4

(c)     violates general principles of applicable
law that require that objections to a proof of claim set forth,
at a minimum, the relevant facts and legal theories upon which
the objection is based.  As stated by the Bankruptcy Court for
the Southern District of New York, "'[t]he best practice is to
denominate an objection to a claim as just that.  The body of
the objection should identify the claim.  It should also, at a
minimum, allege those facts necessary to support the objection .
. . and provide a description of the theories on which it is
based.  In short, proofs of claim have been held analogous to
complaints initiating civil actions; an objection to a claim
should therefore meet the standards of an answer.  It should
make clear which facts are disputed; it should allege facts
necessary to affirmative defenses; and it should describe the
theoretical bases of those defenses.'"  In re Enron Corp., No.
01-16034, 2003 Bankr. LEXIS 2261, at *25 (Bankr. S.D.N.Y. Jan.
13, 2003) (citing 9 Collier on Bankruptcy ¶ 3007.01[3] (15th ed.)
(footnotes omitted).

10.  Third Objection.    15 U.S.C. § 78lll(11)
provides that a customer's claim shall be allowed in the amount
of the customer's "net equity."  15 U.S.C. § 78fff-2(b).  Upon
information and belief, the Trustee objects to the Schustack
Customer Claim on the ground that "net equity" should be

determined by principal contributed to the account less any
withdrawals, without regard to any gains reflected in the Final
Statement or prior BLIMS statements.  See Determination Letter
Table 1.  See also Another View: Unwinding Madoff Fraud Fairly,
Deal Blog. NY times.com (May 6, 2009).  This is incorrect for
the following reasons:

(a)  the Trustee's proposed formulation has no
support in the language of the statute or interpretive case law
and, in fact, adds words and concepts to the statute that do not
exist.

(b)  SIPA's legislative history emphasizes
Congress's intention that the statute protect customer
expectations by ensuring that customers of retail brokerage
firms can rely on their account statements.  The BLIMS
statements received by Mr. Schustack stated that he owned a list
of blue chip securities.  It makes no difference whether the
securities were purchased.

> A customer generally expects to receive
> *what he believes* is in his account at the
> time the stockbroker ceases business. But
> because securities may have been lost,
> improperly hypothecated, misappropriated,
> *never purchased,* or even stolen, it is
> not always possible to provide to
> customers that which they expect to
> receive, that is, securities which they
> maintained in their brokerage account . .

> . . By seeking to make customer accounts
> whole and returning them to customers in
> the form they existed on the filing date,
> the amendments   .   .  .would   satisfy
> customers' legitimate expectations . . .
> .

S.Rep.No. 95-763, at 2 (1978)(emphasis added).  While there may

be a basis to disallow customer claims for wholly fictitious

securities of nonexisting entities, here the securities set

forth on Mr. Schustack's Final Statement and prior statements

were those of actual companies listed on the stock exchange.

        (c)  Mr. Schustack deposited funds in BLIMS with

the expectation that the amount would grow, his account

statements showed such growth, and the balance on his Final

Statement reflects the benefit of his bargain.  The Trustee's

formula is an improper and wholly inadequate measure of loss.

See Yiscons v. Lehman Brothers, Inc., 244 Fed. Appx. 708, 713-14

(6th Cir. 2007)(court applied expectancy measure of damages to

claim against successor in Ponzi scheme case, and rejected money

in/money out theory).

        (d)  the Trustee's Determination Letter is

contrary to SIPC's own policies and practices, as reflected in

the sworn testimony of Stephen Harbeck, SIPC's President and

CEO, and its actions in similar liquidation proceedings.  For

example, in the New Times SIPA liquidation, in the context of

discussing claims filing deadlines, Harbeck acknowledged that

SIPC would replace securities listed on customer account

statements, even if the securities had never been purchased:

> Harbeck: [I]f you file within
> sixty days, you'll get the
> securities, without question.
> Whether -- if they triple in value,
> you'll get the securities .... Even
> if they're not there.
>
> Court: Even if they're not there.
>
> Harbeck: Correct.
>
> Court: In other words, if the
> money was diverted, converted –
>
> Harbeck: And the securities were never
> purchased.
>
> Court. Okay.
>
> Harbeck: And if those positions
> triple, we will gladly give the
> people their securities
> positions.

Transcript at 37-39, In re New Times Securities Services, Inc.,

No. 00-8178 (Bankr. E.D.N.Y. July 28, 2000), attached hereto as

Exhibit "C."  The Second Circuit's discussion of SIPC's claims

processing in New Times further indicates that, with respect to

customers who thought they were invested in listed securities,

SIPC paid customer claims based on the customers' final account

statements, even where the securities had never been purchased:

> Meanwhile, investors who were misled.

> . . to believe that they were
> investing in mutual funds that in
> reality existed were treated much more
> favorably. Although they were not
> actually invested in those real funds
> -- because Goren never executed the
> transactions - - the information that
> these claimants received on their
> account statements mirrored what would
> have happened had the given
> transaction been executed. As a
> result, the Trustee deemed those
> customers' claims to be "securities
> claims" eligible to receive up to
> $500,000 in SIPC advances. The
> Trustee indicates that this disparate
> treatment was justified because he
> could purchase real, existing
> securities to satisfy such securities
> claims. Furthermore, the Trustee
> notes that, if they were checking on
> their mutual funds, the "securities
> claimants," . . . could have confirmed
> the existence of those funds and
> tracked the funds' performance against
> Goren's account statements.

In re New Times Sec. Services, Inc., 371 F.3d 68, 74 (2d Cir.

2004). See also Brief of Appellant SIPC in In re New Times Sec.

Services, Inc., at 23-24 (under SIPC "reasonable and legitimate

claimant expectations on the filing date are controlling even

where inconsistent with transactional reality" such as when the

customer receives a confirmation reflecting a purchase, "even

where the purchase never actually occurred and the debtor

instead converted the cash deposited by the claimant to fund

that purchase."). Mr. Schustack is situated no differently from

the "securities claimants" discussed by the Court of Appeals for the Second Circuit. Accordingly, his claim should be recognized in full.

11. In the event that this Court determines that claimed gains on deposited funds should not be allowed, then in the alternative, Mr. Schustack is entitled to recover interest on such deposited amounts. Such interest is required as a matter of state law, and the United States Supreme Court has determined that in bankruptcy cases, creditor claims, including the right to interest, are determined by state law. See Travelers Cas. & Sur. Co. of Am. v. PG&E, 549 U.S. 443, 450-51, 127 S.Ct. 1199, 167 L.Ed.2d 178 (2007)("[W]e have long recognized that the 'basic federal rule' in bankruptcy is that state law governs the substance of claims, Congress having generally left the determination of property rights in the assets of a bankrupt's estate to state law.").

(a) Under New York law, which is applicable here, funds deposited with BLMIS under these circumstances are entitled to interest. See, e.g., N.Y.C.P.L.R. § 5004; N.Y. Gen. Oblig. § 5-501, et seq. Accordingly, the Schustack Customer Claim should be recalculated by adding interest to all funds deposited by Mr. Schustack.

(b) Under New York law, which is applicable

10

here, Mr. Schustack is entitled to any returns BLMIS earned on the deposited funds under principles of unjust enrichment. Accordingly, the Schustack Customer Claim should be recalculated by adding the amounts earned by BLMIS on Mr. Schustack's deposits.  See, e.g., Steinberg v. Sherman, No. 07-1001, 2008 U.S. Dist. LEXIS 35786, at *14-15 (S.D.N.Y. May 2, 2008) ("Causes of action such as ... conversion and unjust enrichment qualify for the recovery of prejudgment interest."); Eighteen Holding Corp. v. Drizin, 701 N.Y.S.2d 427, 428 (1st Dep't 2000)(awarding prejudgment interest on claims for unjust enrichment and conversion).

12.  Fourth Objection.  The Trustee's unilateral reduction of the Schustack Customer Claim by the amount of any prior gains reflected on the Final Statement, or prior statements, avoids such gains without alleging any grounds therefor or demonstrating that such gains are avoidable under the Bankruptcy Code's avoidance provisions.  As such, any such disallowance is improper and unjustified, and the Determination letter should be stricken.  Fed.R.Bankr.P. 7001(1); Fed.R.Bankr.P. 7008.

13.  Fifth Objection.  The Trustee's determination assumes that BLIMS never earned funds and, therefore, all gains reported to customers were "fictitious."  This assumption is

11

contrary to fact.   There is significant evidence that, at some
time, BLIMS was at least in part a legitimate business and,
therefore, all or a portion of the gains were not fictitious.
The burden is on the Trustee to show that BLIMS never earned any
amounts to support customer gains and, if at some point it did
earn funds, the dates when it ceased to do so.   The Trustee is
required to state and prove when the Ponzi scheme began.

        14.   Sixth Objection.   Mr. Schustack was required to
pay significant income taxes on distributions that the Trustee
has alleged are fictitious.   The Trustee has justified his
proposed method of calculating claims as fair and reasonable
because fictitious gains should not compete dollar for dollar
with claims for funds actually deposited by customers, and his
proposed method equalizes the treatment of all customers.   This
justification is not correct insofar as customers did not have
the use of reported, but fictitious, gains because of required
income tax payments.   Even assuming arguendo the Trustee's
method is correct, the Schustack Customer Claim should be
adjusted by adding all amounts he actually paid as income taxes
on allegedly fictitious gains to equalize his treatment with
that of other customers.   See SEC v. Byers, 2009 U.S. Dist.
LEXIS 63741, at *11-12 (S.D.N.Y. 2009)(in equitable distribution
proceeding, court allowed claims for reinvestment of fictitious

profits to equitably treat reinvesting customers as compared with customers receiving distributions).

15.    Seventh Objection.    The Trustee has sought to condition Mr. Schustack's receipt of any SIPC funds (including undisputed amounts) on the execution of a Partial Assignment and Release that would "release and forever discharge the SIPA Trustee and SIPC ... from any and all claims arising out of or relating to [Mr. Schustack's] BLIMS Account, the Customer Claim filed with the SIPA Trustee .... and any and all circumstances giving rise to said Customer Claim . . . ." See Determination Letter and Partial Assignment and Release attached thereto at 2, Exhibit A.    There is no legal basis for requiring such a Partial Assignment and Release, and the Trustee's actions attempt to compel Mr. Schustack to give up substantial rights that are disputed as a condition to receiving amounts that are undisputed.    Indeed, conditioning the payment of funds to which customers are statutorily entitled on the execution of a release is contrary to the provisions of SIPA which direct that customer claims be paid "promptly."    See 15 U.S.C. § 78fff(a)(1) (noting that one of the purposes of a SIPA liquidation proceeding is "to distribute customer property and . . . otherwise satisfy net equity claims of customers . . . as promptly as possible after the appointment of a trustee."); 15 U.S.C. § 78fff-2(b) ("[T]he

13

trustee shall <u>promptly</u> discharge ... all obligations of the
debtor to a customer ... by the ... making of payments to or for
the account of such customer."). Moreover, the demand for a
release and assignment violates specific provisions of SIPA
providing limited subrogation rights to the BLIMS Trustee, which
do not include the assignment and release sought by the BLIMS
Trustee. <u>See, e.g.,</u> 15 U.S.C. § 78fff(a)(3)(providing that
Trustee has "rights of subrogation as provided in this
chapter"); 15 U.S.C. § 78fff-2(c)(3)(providing that Trustee's
rights as subrogee are subordinate to rights of customers to
customer property). In addition, the Trustee's demand is both
unconscionable and contrary to public policy and should be
stricken.

        16.   <u>Eighth Objection</u>.   SIPA provides that (a) SIPC
shall pay the first $500,000 of each customer claims, and (b)
customers have an unsecured claim against customer property for
the balance of their claims which is paid pro rata with other
customers. 15 U.S.C § 78fff-3 ("In order to provide for prompt
payment and satisfaction of net equity claims of customers of
debtor, SIPC shall advance to the trustee [up to] $500,000 for
each customer, as may be required to pay ... claims."); 15
U.S.C. § 78fff-2(c)(1)(B)(providing that customers of the debtor
"shall share ratably in ... customer property on the basis and

14

to the extent of their net equities"). Here, the Trustee has
acknowledged in the Determination Letter that $2,912,130.56 of
Mr. Schustack's claim is undisputed. As such, SIPC is obligated
to pay Mr. Schustack $2,912,130.56 regardless of how the
disputed portion of the claim is resolved. Under these
circumstances, the Trustee's failure to pay the $2,912,130.56
immediately violates SIPA's mandate that payment be "prompt," is
not justified by any statutory provision, unjustly enriches
SIPC, and seeks to compel Mr. Schustack into surrendering a
significant portion of his claim without consideration or
compensation in order to obtain funds to which he is entitled as
a matter of statute. Mr. Schustack is entitled to receive
immediate payment of $2,912,130.56, plus interest from the date
of the determination and appropriate equitable relief as
determined by this Court.

17. The Trustee has recently stated a willingness to
make payments of undisputed claims along the lines set forth
herein, but the documents which accompanied the Trustee's Notice
of Determination did not adequately preserve Mr. Schustack's
full rights in connection with the contested claims including,
without limitation, his ability to continue to assert the rights
in the Third, Fourth, Fifth and Sixth Objection herein, and
also, required certain assignments which the Trustee is not

15

authorized to obtain.

## RELIEF REQUESTED

18.   For the reasons stated herein, the Schustack Customer Claim should be allowed in its entirety.

19.   For the reasons stated herein, this Court should direct SIPC to issue immediate payment to Mr. Schustack in the amount of $2,912,130.56 plus interest from the date of the Determination Letter without imposing conditions to payment that are not authorized or warranted.

20.   The Trustee's determination amounts to an improper disallowance of a claim that has prima facie validity. See 11 U.S.C. § 502(a).  The Trustee has offered no factual or legal basis for his Determination.  The Trustee's Determination Letter, and the objections contained therein, should be stricken, or alternatively, the Trustee should describe his position in detail including all relevant facts, legal theories, and authorities.  Upon the filing of such a statement, this matter will be a contested proceeding under Bankruptcy Rule 9014, and Mr. Schustack will file a response.

21.   Mr. Schustack requests such other relief as may be just and equitable.

## CONCLUSION

22.       Mr. Schustack reserves the right to revise,

16

supplement, or amend this Objection, and any failure to object on a particular ground or grounds shall not be construed as a waiver of Mr. Schustack's right to object on any additional grounds.

23. Mr. Schustack reserves all rights set forth in Bankruptcy Rule 9014, including, without limitation, rights of discovery.

24. Mr. Schustack reserves all objections as to the competence, relevance, materiality, privilege, or admissibility of evidence in any subsequent proceeding or trial of this or any other action for any purpose whatsoever.

25. Mr. Schustack incorporates by reference all reservations of rights set forth in the Schustack Customer Claim.

Dated: October 12, 2009
       New York, New York

                              ROSEN & ASSOCIATES, P.C.
                              Attorneys for David Alan
                                 Schustack


                              By: /s/ Sanford P. Rosen
                                  Sanford P. Rosen

                              747 Third Avenue
                              New York, NY 10017-2803
                              (212) 223-1100

Exhibit "A"

# BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

## DECEMBER 11, 2008[1]

## NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

September 11, 2009

David Alan Schustack
253 Stratton Road
New Rochelle, NY 10804

Dear David Alan Schustack:

### PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim on BLMIS Account No. 1ZA061 designated as Claim Number 4980:

Your claim for securities is **DENIED**. No securities were ever purchased for your account.

Your claim is **ALLOWED** for $2,912,130.56, which was the balance in your BLMIS Account on the Filing Date based on the amount of money you deposited with BLMIS for the purchase of securities, less subsequent withdrawals, as outlined in Table 1 attached hereto.

Your **ALLOWED CLAIM** of $2,912,130.56 will be satisfied in the following manner:

The enclosed **PARTIAL ASSIGNMENT AND RELEASE** must be executed, notarized and returned in the envelope provided herewith. Upon receipt of the executed and notarized **PARTIAL**

---

[1] Section 78lll(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78lll(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

300029405.1

**ASSIGNMENT AND RELEASE**, the Trustee will make a partial satisfaction of your **ALLOWED CLAIM** by sending you a check in the amount of $500,000.00, with the funds being advanced by Securities Investor Protection Corporation pursuant to section 78fff-3(a)(1) of SIPA. In addition, you will be entitled to receive an additional distribution based upon your **ALLOWED CLAIM** from the fund of customer property, if any.

It is the Trustee's intent, pursuant to SIPA, to submit a Motion for an order of the Bankruptcy Court to allocate assets he has collected and will collect between the fund of customer property and the general estate and to distribute customer property *pro rata* among allowed claimants, such as you. In a decision in this case, Rosenman Family, LLC v. Picard, 401 B.R. 629, 634 (Bankr. S.D.N.Y. 2009), the Bankruptcy Court stated:

> The customer estate is a fund consisting of customer property and is limited exclusively to satisfying customer claims. In re Adler Coleman Clearing Corp. (Adler Coleman II), 216 B.R. 719, 722 (Bankr. S.D.N.Y. 1998) ("A SIPA trustee, distributes 'customer property' exclusively among the debtor's customers...."); see also 15 U.S.C. § 78lll(4). Accordingly, Customers, as defined by SIPA § 78lll(2), enjoy a preferred status and are afforded special protections under SIPA. See New Times Securities, 463 F.3d at 127; Adler Coleman, 195 B.R. at 269."

Id. at 634.

It is not known at this time when the Trustee will be filing such allocation and distribution motion.

Should a final and unappealable court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by you in having your customer claim re-determined in accordance with any such Court order.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after September 11, 2009, the date on which the Trustee mailed this notice.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York 10004

and

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10011

_____

Irving H. Picard

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

300029405.1                                    3

| Table 1 | | |
| --- | --- | --- |
| **DEPOSITS** | | |
| DATE | TRANSACTION DESCRIPTION | AMOUNT |
| 12/1/1992 | CHECK | $200,000.00 |
| 9/24/1993 | CHECK | $100,000.00 |
| 11/29/1999 | CHECK | $100,000.00 |
| 9/15/2000 | CHECK | $100,000.00 |
| 2/5/2008 | CHECK | $3,500,000.00 |
| Total Deposits: | | $4,000,000.00 |
| | | |
| **WITHDRAWALS** | | |
| DATE | TRANSACTION DESCRIPTION | AMOUNT |
| 4/8/1993 | CHECK | ($10,661.10) |
| 7/13/1993 | CHECK | ($7,096.50) |
| 10/13/1993 | CHECK | ($4,379.99) |
| 1/14/1994 | CHECK | ($13,199.58) |
| 4/13/1994 | CHECK | ($12,219.76) |
| 7/14/1994 | CHECK | ($10,474.86) |
| 10/13/1994 | CHECK | ($12,223.72) |
| 1/13/1995 | CHECK | ($7,997.07) |
| 4/13/1995 | CHECK | ($11,552.14) |
| 7/14/1995 | CHECK | ($14,395.41) |
| 10/16/1995 | CHECK | ($10,442.17) |
| 1/12/1996 | CHECK | ($12,049.48) |
| 4/12/1996 | CHECK | ($12,345.81) |
| 7/12/1996 | CHECK | ($10,795.21) |
| 10/11/1996 | CHECK | ($13,257.78) |
| 1/13/1997 | CHECK | ($12,996.21) |
| 4/10/1997 | CHECK | ($16,182.14) |
| 7/11/1997 | CHECK | ($18,944.22) |
| 10/10/1997 | CHECK | ($9,865.38) |
| 1/13/1998 | CHECK | ($10,509.56) |
| 4/8/1998 | CHECK | ($15,044.26) |

| | | |
|---|---|---|
| 7/9/1998 | CHECK | ($14,409.53) |
| 10/9/1998 | CHECK | ($8,194.92) |
| 1/13/1999 | CHECK | ($15,779.83) |
| 4/13/1999 | CHECK | ($14,488.62) |
| 7/8/1999 | CHECK | ($19,459.26) |
| 10/8/1999 | CHECK | ($9,486.40) |
| 1/6/2000 | CHECK | ($12,198.12) |
| 4/7/2000 | CHECK | ($21,762.37) |
| 7/7/2000 | CHECK | ($12,919.11) |
| 10/11/2000 | CHECK | ($9,396.00) |
| 1/10/2001 | CHECK | ($9,860.07) |
| 4/6/2001 | CHECK | ($23,913.46) |
| 7/9/2001 | CHECK | ($15,919.21) |
| 10/9/2001 | CHECK | ($11,160.39) |
| 1/11/2002 | CHECK | ($17,131.62) |
| 4/10/2002 | CHECK | ($5,943.28) |
| 7/8/2002 | CHECK | ($21,205.37) |
| 10/7/2002 | CHECK | ($26,799.98) |
| 1/10/2003 | CHECK | ($9,912.22) |
| 4/9/2003 | CHECK | ($10,935.91) |
| 7/8/2003 | CHECK | ($13,594.65) |
| 10/9/2003 | CHECK | ($16,810.57) |
| 1/8/2004 | CHECK | ($6,919.01) |
| 4/8/2004 | CHECK | ($10,813.34) |
| 7/7/2004 | CHECK | ($16,358.54) |
| 10/7/2004 | CHECK | ($13,129.50) |
| 1/7/2005 | CHECK | ($10,438.88) |
| 4/7/2005 | CHECK | ($10,702.80) |
| 7/7/2005 | CHECK | ($10,524.19) |
| 10/7/2005 | CHECK | ($10,199.05) |
| 1/9/2006 | CHECK | ($16,351.02) |
| 4/7/2006 | CHECK | ($12,319.06) |
| 7/10/2006 | CHECK | ($13,628.71) |
| 10/6/2006 | CHECK | ($23,521.86) |
| 1/8/2007 | CHECK | ($12,689.54) |

| | | |
|---|---|---|
| 4/4/2007 | CHECK | ($11,175.12) |
| 7/6/2007 | CHECK | ($14,653.04) |
| 10/4/2007 | CHECK | ($15,494.00) |
| 1/8/2008 | CHECK | ($12,867.28) |
| 4/7/2008 | CHECK | ($13,435.50) |
| 7/7/2008 | CHECK | ($223,193.05) |
| 10/6/2008 | CHECK | ($61,542.71) |
| Total Withdrawals: | | ($1,087,869.44) |
| | | |
| Total deposits less withdrawals: | | $2,912,130.56 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES INVESTOR PROTECTION
CORPORATION,

        Plaintiff-Applicant,

        v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

        Defendant.

Adv. Pro. No. 08-01789-BRL

SIPA Liquidation

---

## PARTIAL ASSIGNMENT AND RELEASE

**KNOW ALL MEN BY THESE PRESENTS,** that David Alan Schustack, located at 253 Stratton Road, New Rochelle, NY 10804 (hereinafter referred to as the "Assignor") in consideration of the payment of $500,000.00 to satisfy in part his claim for customer protection (the "Customer Claim", having been designated Claim Number 4980) filed in the liquidation proceeding of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §78aaa et seq. ("SIPA") (see §§78fff-2(b), 78fff-2(d), and §78fff-3(a)(1) of SIPA), does for himself hereby assign, transfer and set over to Irving H. Picard as SIPA Trustee (the "SIPA Trustee") for the liquidation of BLMIS (see §78fff-2(b) of SIPA), and the Securities Investor Protection Corporation ("SIPC"), as subrogee to the extent of its cash advances to the SIPA Trustee for the satisfaction of the aforementioned Customer Claim (see §78fff-3(a)(1) of SIPA), any and all rights, including causes of action or claims, that Assignor now may have against BLMIS and/or any third party arising out of or relating to any fraudulent or illegal activity with respect to Assignor's BLMIS account (Account No. 1ZA061, the "BLMIS Account"), which gave rise to the allowed Customer Claim for securities filed by Assignor

against BLMIS. Such assignment is only to the extent that Assignor has received satisfaction of the Customer Claim as set forth above.

Further, Assignor has not previously compromised or assigned any claim, cause of action or other right against BLMIS, its principals or agents or any third party arising out of or related to any fraudulent or illegal activity giving rise to the Customer Claim.

Upon reasonable request of the SIPA Trustee or SIPC, Assignor agrees to cooperate with the SIPA Trustee or SIPC in connection with any efforts of either to recover from the principals or agents of BLMIS or anyone else for amounts advanced by SIPC or paid by the SIPA Trustee to satisfy in part Assignor's Customer Claim in this SIPA liquidation proceeding. Such efforts to recover by the SIPA Trustee or SIPC, either to demand or pursue or to prosecute or settle any collection effort, action or proceeding therefore, shall be at the sole cost of the SIPA Trustee or SIPC.

Effective immediately and without further action, contingent only upon Assignor's receipt from the SIPA Trustee or his agent of a check in the amount of $500,000.00 as set forth in the SIPA Trustee's Notice of Determination of the Customer Claim dated September 11, 2009, (the "Trustee's Determination"), and upon receipt by the SIPA Trustee of this executed and notarized Partial Assignment and Release, the Assignor does for Assignor's executors, administrators, heirs and assigns hereby remise, release and forever discharge the SIPA Trustee and SIPC, as subrogee to the extent of its cash advances for the satisfaction of the Customer Claim, and, as the case may be, its officers, directors, professionals, employees, agents, successors and assigns, of and from any and all claims arising out of or relating to the Assignor's BLMIS Account, the Customer Claim filed with the SIPA Trustee as protected by the provisions of SIPA, and any and all circumstances giving rise to said Customer Claim which the Assignor now has, or hereafter

may have, for or by any reason, cause, matter or thing whatsoever from the beginning of the world to the date of the execution of this Partial Assignment and Release, only to the extent that the SIPA Trustee and/or SIPC has paid monies to the Assignor to satisfy Assignor's Customer Claim.

Should a final and unappealable court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Partial Assignment and Release shall be construed as a waiver of any rights or claims held by Assignor in having his customer claim re-determined in accordance with any such Court order.

Assignor acknowledges the sufficiency of the consideration to be received in accordance with the SIPA Trustee's Determination and under this Partial Assignment and Release.

**IN WITNESS WHEREOF,** the undersigned has on this day set forth below duly executed this Partial Assignment of Assignor's Customer Claim and Release, intending to be legally bound hereby.

By: _____
David Alan Schustack

Sworn and subscribed before me this
_____ day of _____, 2009.


_____
Notary Public

Exhibit "B"

## CUSTOMER CLAIM

Claim Number_____

Date Received_____

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

### In Liquidation

### DECEMBER 11, 2008

Irving H. Picard, Esq.
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

Provide your office and home telephone no.

OFFICE: _212 354 4740_

HOME: _914 235 1866_

Taxpayer I.D. Number (Social Security No.)
_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_

Account Number:   1ZA060
DAVID ALAN SCHUSTACK
253 STRATTON ROAD
NEW ROCHELLE, NY  10804

(If incorrect, please change)

NOTE:    BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY THE ACCOMPANYING INSTRUCTION SHEET. A SEPARATE CLAIM FORM SHOULD BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL PROTECTION AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE RECEIVED BY THE TRUSTEE ON OR BEFORE March 4, 2009. CLAIMS RECEIVED AFTER THAT DATE, BUT ON OR BEFORE July 2, 2009, WILL BE SUBJECT TO DELAYED PROCESSING AND TO BEING SATISFIED ON TERMS LESS FAVORABLE TO THE CLAIMANT. PLEASE SEND YOUR CLAIM FORM BY CERTIFIED MAIL - RETURN RECEIPT REQUESTED.

*******************************************************************************

1.    Claim for money balances as of **December 11, 2008**:
       a.    The Broker owes me a Credit (Cr.) Balance of          $_____
       b.    I owe the Broker a Debit (Dr.) Balance of             $_____

c.    If you wish to repay the Debit Balance,

please insert the amount you wish to repay and

attach a check payable to "Irving H. Picard, Esq.,

Trustee for Bernard L. Madoff Investment Securities LLC."

If you wish to make a payment, **it must be enclosed**

with this claim form.                                   $_____

d.    If balance is zero, insert "None."              _____

2.    Claim for securities as of **December 11, 2008**:

**PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.**

|  |  | YES | NO |
|---|---|---|---|
| a. | The Broker owes me securities | _____ | _____ |
| b. | I owe the Broker securities | _____ | _____ |
| c. | If yes to either, please list below: | | |

| Date of Transaction (trade date) | Name of Security | Number of Shares or Face Amount of Bonds | |
|---|---|---|---|
| | | The Broker Owes Me (Long) | I Owe the Broker (Short) |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

**Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclose, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation. You should also provide all documentation or**

**information regarding any withdrawals you have ever made or payments received from the Debtor.**

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement. If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.
**PLEASE CHECK THE APPROPRIATE ANSWER FOR ITEMS 3 THROUGH 9.**

**NOTE:    IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION ON A SIGNED ATTACHMENT. IF SUFFICIENT DETAILS ARE NOT PROVIDED, THIS CLAIM FORM WILL BE RETURNED FOR YOUR COMPLETION.**

|  |  | <u>YES</u> | <u>NO</u> |
|---|---|---|---|
| 3. | Has there been any change in your account since December 11, 2008? If so, please explain. | _____ | _____ |
| 4. | Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of the broker? | _____ | _____ |
| 5. | Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or policies of the broker? | _____ | _____ |
| 6. | Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in any way with the broker? If so, give name(s) | _____ | _____ |
| 7. | Is this claim being filed by or on behalf of a broker or dealer or a bank? If so, provide documentation with respect to each public customer on whose behalf you are claiming. | _____ | _____ |
| 8. | Have you ever given any discretionary authority to any person to execute securities transactions with or through the broker on your behalf? Give names, addresses and phone numbers. | _____ | _____ |

9.      Have you or any member of your family
        ever filed a claim under the Securities
        Investor Protection Act of 1970?  if
        so, give name of that broker.                    _____   _____

        Please list the full name and address of anyone assisting you in the
        preparation of this claim form:_____
        _____.

If you cannot compute the amount of your claim, you may file an estimated claim.  In that case, please indicate your claim is an estimated claim.

**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM. CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.**

**THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY INFORMATION AND BELIEF.**

Date  _2-2-2009_          Signature _Reid Alan Schindler_

Date  _____     Signature _____

(If ownership of the account is shared, all must sign above.  Give each owner's name, address, phone number, and extent of ownership on a signed separate sheet.  If other than a personal account, e.g., corporate, trustee, custodian, etc., also state your capacity and authority.  Please supply the trust agreement or other proof of authority.)

**This customer claim form must be completed and mailed promptly, together with supporting documentation, etc. to:**

Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
212 230-2424
P&S Dept. 212 230-2480
800 334-1343
Fax 212 838-4061

WE HAVE THIS DAY **CREDITED YOUR**
ACCOUNT WITH THE FOLLOWING:

7/28/08

| CHECK | 900,000.00 |

CLIENT'S ACCOUNT NUMBER

DAVID ALAN SCHUSTACK
253 STRATTON ROAD
NEW ROCHELLE          NY 10804

1-ZA060-3



PORTFOLIO MANAGEMENT REPORT AS OF   9/30/08

THIS REPORT IS PROVIDED TO ASSIST YOU IN EVALUATING THE PERFORMANCE OF YOUR
ACCOUNT AND SHOULD NOT BE USED FOR INCOME TAX PURPOSES.


DAVID ALAN SCHUSTACK              1-ZA060-3

253 STRATTON ROAD
NEW ROCHELLE         NY 10804


STARTING EQUITY FOR CURRENT YEAR              581,653.37CR
CAPITAL ADDITIONS                             900,000.00CR
CAPITAL WITHDRAWALS
REALIZED P/L FOR CURRENT YEAR                  55,389.87CR
UNREALIZED P/L ON OPEN SECURITY POSITIONS       1,637.75CR
CURRENT CASH BALANCE                                .49CR
NET MARKET VALUE OF OPEN SECURITIES POSITIONS  1,538,680.50    NET LONG
TOTAL EQUITY                                   1,538,680.99CR

ANNUALIZED RETURN FOR CURRENT YEAR      9.55 %

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 888-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

DAVID ALAN SCHUSTACK

253 STRATTON ROAD
NEW ROCHELLE      NY   10804

1-ZA060-3-0          11/30/08          ******8074          1

| | | | | | | |
|---|---|---|---|---|---|---|
| | | BALANCE FORWARD | | | | 78,479.76 |
| | | HEWLETT PACKARD CO | 55,830 | | | 47,936.14 |
| 858 | 5068 | WAL-MART STORES INC | 87,270 | | | 48,980.47 |
| 541 | 5870 | INTERNATIONAL BUSINESS MACHS | | | | |
| | | INTEL CORP | 59,580 | | | 64,925.62 |
| 1,089 | 14222 | JOHNSON & JOHNSON | 38,230 | | | 53,275.95 |
| 1,485 | 13347 | J.P. MORGAN CHASE & CO | | | | |
| | | MEDIMMUNE | | | | |
| 858 | 31525 | MERCK & CO | 28,550 | | | 24,529.90 |
| 3,135 | 36855 | MICROSOFT CORP | 21,830 | | | 69,469.25 |
| | | APPLE INC | 100,780 | | | 36,557.14 |
| 363 | 53657 | DELTEC INC | 16,440 | | | 54,394.52 |
| | | APPLE INC | | | | |
| 429 | 62309 | AMGEN INC | 59,160 | | | 25,396.64 |
| | | PHILLIP MORRIS INTERNATIONL | | | | 36,003.00 |
| | | CITI GROUP INC | 12,510 | | | 26,918.95 |
| 2,145 | 70961 | | | | | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

DAVID ALAN SCHUSTACK

253 STRATTON ROAD
NEW ROCHELLE        NY    10804

1-ZA060-3-0    11/30/08    ******8074    2

| Date | | | Description | Price | Amount Debited | Amount Credited |
|---|---|---|---|---|---|---|
| 11/12 | | 495 | SCHLUMBERGER LTD | 49.480 | 24,511.60 | |
| 11/12 | | 1,181 | COMCAST CORP | 15.510 | 18,350.88 | |
| 11/12 | | 2,543 | APPL INC | 21. | 53,. .00 | |
| 11/12 | | 594 | CONOCOPHILLIPS | 52.510 | 31,213.94 | |
| 11/12 | | 391 | UNITED PARCEL SVC INC | 52.040 | 20,622.86 | |
| 11/12 | | | INC | | | |
| 11/12 | | 693 | U S BANCORP | 29.530 | 20,491.29 | |
| 11/12 | | 825 | CHEVRON CORP | 73.430 | 60,612.75 | |
| 11/12 | | 396 | APPLIED TECHNOLOGIES CORP | | | |
| 11/12 | | 1,122 | GENERAL ELECTRIC CO | | | |
| 11/12 | | 99 | VERIZON COMMUNICATIONS | 30.410 | 34,164.02 | |
| 11/12 | | | GOOGLE | 337.400 | 33,405.60 | |
| | | | DUE 2/12/2009 | | | |
| 11/12 | | | FIDELITY SPARTAN | DIV | | 22.68 |
| | | | U.S. TREASURY MONEY MARKET | | | |
| 11/12 | 20,614 | 18452 | FIDELITY SPARTAN | 1 | | 20,614.00 |
| | | | U.S. TREASURY MONEY MARKET | | | |
| | | | U.S. TREASURY MONEY MARKET | | | |
| 11/19 | | | FIDELITY SPARTAN | DIV | | 5.34 |
| | | | U.S. TREASURY MONEY MARKET | | | |
| | | | CONTINUED ON PAGE   3 | | | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES



BERNARD L. MADOFF
INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

DAVID ALAN SCHUSTACK

253 STRATTON ROAD
NEW ROCHELLE    NY    10804

| | | | 1-ZA060-3-0 | 11/30/08 | *******8074 | 3 |

| 11/19 | 43,486 | 53331 | FIDELITY SPARTAN | | | 43,486.00 |
| | | | U.S.TREASURY MONEY MARKET | 1 | | |
| 11/19 | 17,452 | 62367 | FIDELITY SPARTAN | | | 17,452.00 |
| | | | DUE 3/25/2009 | | | |
| | | | NEW BALANCE | | 170,681.73 | |
| | 2,543 | | SECURITY POSITIONS | | | |
| | 627 | | ABBOTT LABORATORIES | 52,390 | | |
| | 420 | | AMGEN INC | 55,540 | | |
| | 1,908 | | BANK OF AMERICA | | | |
| | 825 | | CHEVRON CORP | 79,010 | | |
| | 2,680 | | CISCO SYSTEMS INC | 16,540 | | |
| | | | COMCAST CORP | 17,340 | | |
| | 1,188 | | CL A | | | |
| | | | EXXON MOBIL CORP | | | |
| | 4,191 | | GENERAL ELECTRIC CO | 17,170 | | |





**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

11/30/08    5

1-ZA060-3-0    *******8074

DAVID ALAN SCHUSTACK

253 STRATTON ROAD
NEW ROCHELLE    NY    10804

| | | |
|---|---|---|
| 1,122 | VERIZON COMMUNICATIONS | 32.650 |
| 8,950 | WAL-MART STORES INC | 55.880 |
| 15,738 | WELLS FARGO & CO NEW | 29.950 |

MARKET VALUE OF SECURITIES
LONG       SHORT

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES



**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

DAVID ALAN SCHUSTACK
253 STRATTON ROAD
NEW ROCHELLE        NY    10804

Date: 11/30/98    Account: ********8074    1-ZA360-4-0

| Date | Quantity | Description | Price | Amount | Balance |
|---|---|---|---|---|---|
| | | BALANCE FORWARD | | | 78,480.00 |
| 11/12 | 33 | NOVEMBER 760 CALL | | | |
| | | S & P 100 INDEX | 17,800 | 58,773.00 | |
| | | NOVEMBER 450 PUT | | | |
| 12/19 | 33 | S & P 100 INDEX | 30 | 99,033.00 | |
| | 33 | DECEMBER 420 PUT | | | |
| | | S & P 100 INDEX | | | |
| 11/19 | 33 | NOVEMBER 760 CALL | 37 | 122,067.00 | |
| | | S & P 100 INDEX | | | |
| | | NOVEMBER 450 PUT | | | |
| | | NEW BALANCE | | | |
| | | SECURITY POSITIONS | NET PRICE | | |
| | | S & P 100 INDEX | 16,500 | | |
| | | DECEMBER 420 PUT | | | |
| | | MARKET VALUE OF SECURITIES | | | |
| | | LONG | 54,450.00 | | |
| | | SHORT | 76,890.00 | | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES