

Judith Kalman
Daniel Kalman
78 Forest Park Terrace
Monroe Township, NJ 08831

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------

SECURITIES INVESTOR PROTECTION
CORPORATION,

               Plaintiffs

vs.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

               Defendant.
-------------------------------------------------------

Adv. Pro. No. 08-01789 (BRL)

SIPA Liquidation

**OBJECTION TO TRUSTEE'S
DETERMINATION OF
CLAIM**

      Judith and Daniel Kalman hereby object to the Notice of Trustee's Determination of

Claim dated September 10, 2009 sent by Irving H. Picard and state as follows:

**Background facts**

     1.     The Kalmans had an account with Bernard L. Madoff Investment Securities LLC

(BLMIS): Account No.1ZG032.  Each of Judith and Daniel Kalman had deposited money into

the Account for the purpose of purchasing securities and each of them had the power to direct the

investments in the Account.  The Account was a joint account with tenants in common.

     2.     During the period from January 4, 1993 to September 16, 2002, the Kalmans

deposited $164,675.00 into the Account.

     3.     Judith Kalman's father-in-law and Daniel Kalman's grandfather, Milton Kalman,

also had an account with Bernard L. Madoff Investment Securities LLC  bearing account

number 1ZA33530.

     4.     In 2001, Milton Kalman passed away leaving his estate, including his BLMIS

account numbered 1ZA33530, to his children, Jewel Kraham and Ronald Kalman.

5.    On December 18, 2001, account number 1ZA33530 was closed and exactly half the balance ($53,723.66) was transferred to the Kalmans' account numbered 1ZG032.

6.    During the period from March 17, 2006 to April 24, 2008, the Kalmans withdrew $ 31,000.00 from the Account for the specific purpose of paying income taxes on capital gains reflected on statements received from BLMIS.

7.    Throughout the fifteen year period that the Kalmans had the Account, they paid taxes annually on the appreciation in the Account.

8.    The November 30, 2008 net market value of securities in the Account was $731,113.60 in addition to a credit balance of $85,893.00 in sub account 1ZG032-4-0, for a total account value of $817,006.60.

9.    On or about February 12, 2009, the Kalmans submitted two SIPC claim forms to the Trustee asserting a claim for securities in the amount of $741,313.60, and a claim for $75,693.00 (the net value of sub account 1ZG032-4-0) based upon the November 30, 2008 BLMIS statements. The total of these two claims was equal to the total account value on November 30, 2008 of $817,006.60.

10.    On September 10, 2009, the Trustee sent the Kalmans a determination letter (the "Determination Letter") with respect to the Account, combining the two claims for purposes of determination, and rejecting the combined claim for a credit balance and for securities based upon the November 30, 2008 balance and stating that they were entitled to $133,675.00 based on the amount deposited less the amount withdrawn. However, this amount did not include the $53,723.66 transferred from account 1ZA33530 that was closed on December 18, 2001.

2

**Grounds for objection**

**A. The Trustee has failed to comply with the Court's December 23, 2008 Order**

11.    The Determination Letter fails to comply with the Court order dated December 23, 2008 which directs the Trustee to satisfy customer claims and deliver securities in accordance with "the Debtor's books and records." December 23, 2008 Order at 5 (Docket No. 12). The November 30, 2008 account statement generated by BLMIS is reflective of "the Debtor's books and records" by which the Trustee is bound, absent proof that the Kalmans did not have a "legitimate expectation" that the balance on the Account statement represented their property. In fact, in each year that they had the Account, the Kalmans paid income taxes on the appreciation in the Account, which were duly accepted by the federal and state taxing authorities. The Kalmans would not have paid those sums if they did not believe that the assets in the Account belonged to them.

12.    The Determination Letter does not state the basis for the exclusion of the amount transferred from closed account number 1ZA33530 on December 18, 2001.

13.    SIPC's Series 500 Rules, 17 C.F.R. 300.500, enacted pursuant to SIPA, provide for the classification of claims in accordance with the "legitimate expectations" of a customer based upon the written transaction confirmations sent by the broker-dealer to the customer. Thus, SIPC is statutorily bound to honor a customer's "legitimate expectations."

14.    SIPA defines "net equity" as the dollar amount of the account or accounts of a customer, to be determined by --

> (A) calculating the sum which would have been owed by the debtor to such customer if the debtor had liquidated, by sale or purchase on the filing date, all securities positions of such customer (other than customer name securities reclaimed by such customer); minus

(B) any indebtedness of such customer to the debtor on the filing
date;

15.     SIPA specifically prohibits SIPC from changing the definition of "net equity." 15
U.S.C. § 78ccc(b)(4)(A).

16.     Despite the statutory provision, the Trustee has created his own definition of "net
equity." The Trustee has asserted that he has a right to recognize investors' claims only for the
amount of their net investment, disregarding all appreciation in their accounts. By using this
unprecedented procedure, the Trustee and SIPC avoid paying the full SIPC insurance entitled to
the Kalmans, long-term BLMIS investors who have lost most of their life savings and were
depending on their investments.

17.     The Kalmans, like thousands of other investors, received monthly statements from
BLMIS in the past several years indicating returns in the range of 9 – 11% per year. The
Kalmans had entered into a standard brokerage agreement with BLMIS, a licensed SEC-
regulated broker-dealer, pursuant to which the Account had specific numbers; they received on a
monthly basis trade confirmations for every securities transaction in the Account which
accurately set forth the names and prices of securities indicating the purchase and sale of "blue
chip" S&P 100 stocks and the purchase of US Treasury securities. There is no basis to claim that
the Kalmans did not have a "legitimate expectation" that the assets reflected on the Account
statement sent to them by BLMIS belonged to them. Thus, the Kalmans are entitled to a claim
in the amount of $817,006.60 as reflected on the November 30, 2008 BLMIS statements.

**B. There is no legal basis to exclude the transfer from Account Number 1ZA33530 in the
net equity calculation.**

18.     On December 18, 2001, the value of Account Number 1ZA33530 was

$107,447.32. Upon the account holder's death, the funds in the account could have been withdrawn by the executor of the estate. Instead, the funds were transferred to accounts held by heirs. Specifically, $ 53,723.66 was transferred to Account Number 1ZG032 held by the Kalmans.

19.     That transfer should be treated as a deposit for purposes of net equity calculations.

20.     The executor could have withdrawn the funds from the decedent's account in which case the heirs would have received a cash equivalent to the value set forth in the statement on or about December 18, 2001, the time of decedent's death. Alternatively, the executor could have withdrawn the funds and redeposited them into the heirs accounts, in which case, the amount likely would have been treated by the Trustee as a deposit for purposes of calculating the net equity in account number 1ZG032.

## C. The Trustee has no right to condition payment of SIPC insurance on execution of a release.

21.     The Trustee has conditioned any payment to the Kalmans, including the undisputed amount of $133,675.00, on execution by them of an Assignment and Release that would "release and forever discharge the SIPA Trustee and SIPC . . . from any and all claims arising out of or relating to [their account], the Customer Claim filed with the SIPA Trustee. . ., and any and all circumstance giving rise to said Customer Claim. . ." There is no legal basis for requiring such an Assignment and Release in exchange for SIPC insurance to which the Kalmans are statutorily entitled, and in so doing, the Trustee attempts to compel the Kalmans to surrender substantial rights which are disputed as a condition to receiving an amount that is undisputed.

22.        Under a new policy announced by the Trustee on August 4, 2009, he is obligated to pay customers the undisputed amount he owes them, even if they will not execute a release.

**D. Each of the Kalmans is a "customer" under the plain definition of "customer" in SIPA.**

23.        Each of the Kalmans is a "customer" under the plain definition of "customer" in SIPA. The term "customer" includes . . . "any person who has deposited cash with the debtor for the purpose of purchasing securities". Thus, each is entitled to receive replacement securities up to $500,000 in value as reflected in the statements of November 30, 2008.

**Conclusion**

The Kalmans are entitled to an order compelling the Trustee and SIPC to include the amount transferred from account 1ZA33530 to account 1ZG032 in calculating the net equity in the account.

The Kalmans are entitled to an order compelling the Trustee and SIPC to immediately replace the securities in the Account to the extent of a valuation of $500,000 for each of the Kalmans up to the amount as valued on the statements of November 30, 2008.

The Kalmans are entitled to have their claim recognized in the amount of $817,006.60 consistent with the November 30, 2008 statements.

The Kalmans are entitled to have payment dispersed without executing the Assignment and Release sent to them by the trustee.

The Kalmans reserve the right to revise, supplement, or amend this Objection, and any failure to object on a particular ground or grounds shall not be construed as a waiver of the Kalmans' right to object on any additional grounds.

6

The Kalmans reserve all rights set forth Rule 9014, including, without limitation, rights of discovery. *See* Fed. R. Bankr. P. 9014.

The Kalmans reserve all objections as to the competence, relevance, materiality, privilege, or admissibility of evidence in any subsequent proceeding or trial of this or any other action for any purpose whatsoever.

The Kalmans incorporate by reference all reservations of rights set forth in the Kalmans' Customer Claim.

Dated: October 7, 2009


*J. Kalman*

Judith Kalman


*Daniel Kalman*

Daniel Kalman

## CUSTOMER CLAIM

Claim Number_____

Date Received_____

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

### DECEMBER 11, 2008

(Please print or type)

Name of Customer: JUDITH KALMAN + DANIEL KALMAN T/C
Mailing Address: 78 FOREST PARK TERRACE
City: MONROE TOWNSHIP State: NJ      Zip: 08831
Account No.: 1-ZG032-4
Taxpayer I.D. Number (Social Security No.): 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

NOTE:    BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY
THE ACCOMPANYING INSTRUCTION SHEET. A SEPARATE CLAIM FORM
SHOULD BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL
PROTECTION AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE
RECEIVED BY THE TRUSTEE ON OR BEFORE March 4, 2009. CLAIMS
RECEIVED AFTER THAT DATE, BUT ON OR BEFORE July 2, 2009, WILL BE
SUBJECT TO DELAYED PROCESSING AND TO BEING SATISFIED ON TERMS
LESS FAVORABLE TO THE CLAIMANT. PLEASE SEND YOUR CLAIM FORM BY
CERTIFIED MAIL - RETURN RECEIPT REQUESTED.

*******************************************************************************

1.    Claim for money balances as of December 11, 2008:

a.    The Broker owes me a Credit (Cr.) Balance of     $ 85,893

b.    I owe the Broker a Debit (Dr.) Balance of     $_____

c.    If you wish to repay the Debit Balance,
please insert the amount you wish to repay and
attach a check payable to "Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC."
If you wish to make a payment, it must be enclosed
with this claim form.

d.    If balance is zero, insert "None."     $_____

_____

502180406

1

2.       Claim for securities as of **December 11, 2008**:

## PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.

|   |   | YES | NO |
|---|---|-----|-----|
| a. | The Broker owes me securities | ✓ | |
| b. | I owe the Broker securities | ✓ | |

c.       If yes to either, please list below:

| Date of Transaction (trade date) | Name of Security | Number of Shares or Face Amount of Bonds | |
|---|---|---|---|
| | | The Broker Owes Me (Long) | I Owe the Broker (Short) |
| 11/14/08 | S+P 100 INDEX DEC 430 CALL | | ✓ |
| 11/14/08 | S+P 100 INDEX DEC 420 PUT | X | |

**Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclose, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation. You should also provide all documentation or information regarding any withdrawals you have ever made or payments received from the Debtor.**

**Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement. If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received. PLEASE CHECK THE APPROPRIATE ANSWER FOR ITEMS 3 THROUGH 9.**

502180406

2

information regarding any withdrawals you have ever made or payments received from the Debtor.

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement. If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.

**PLEASE CHECK THE APPROPRIATE ANSWER FOR ITEMS 3 THROUGH 9.**

**NOTE:    IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION ON A SIGNED ATTACHMENT. IF SUFFICIENT DETAILS ARE NOT PROVIDED, THIS CLAIM FORM WILL BE RETURNED FOR YOUR COMPLETION.**

|  |  | YES | NO |
|---|---|---|---|
| 3. | Has there been any change in your account since December 11, 2008? If so, please explain. |  | ✓ |
| 4. | Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of the broker? |  | ✓ |
| 5. | Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or policies of the broker? |  | ✓ |
| 6. | Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in any way with the broker? If so, give name(s) |  | ✓ |
| 7. | Is this claim being filed by or on behalf of a broker or dealer or a bank? If so, provide documentation with respect to each public customer on whose behalf you are claiming. |  | ✓ |
| 8. | Have you ever given any discretionary authority to any person to execute securities transactions with or through the broker on your behalf? Give names, addresses and phone numbers. |  | ✓ |

502180406

3

9.    Have you or any member of your family
      ever filed a claim under the Securities
      Investor Protection Act of 1970?  if
      so, give name of that broker.    ✓

      Please list the full name and address of anyone assisting you in the
      preparation of this claim form: _____

      _____

If you cannot compute the amount of your claim, you may file an estimated claim.  In that
case, please indicate your claim is an estimated claim.

**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM.
CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR
IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.**

**THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY
INFORMATION AND BELIEF.**

Date  2/12/09          Signature  Judica Kelman
Date  2/12/09          Signature X Daniel Kelman

(If ownership of the account is shared, all must sign above.  Give each owner's name,
address, phone number, and extent of ownership on a signed separate sheet.  If other
than a personal account, e.g., corporate, trustee, custodian, etc., also state your capacity
and authority.  Please supply the trust agreement or other proof of authority.)

**This customer claim form must be completed and mailed promptly,
together with supporting documentation, etc. to:**

Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

502180406

## CUSTOMER CLAIM

Claim Number_____

Date Received_____

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

### DECEMBER 11, 2008

Irving H. Picard, Esq.
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

Provide your office and home telephone no.

OFFICE: 732-521-6111

HOME: 732-251-1776

Taxpayer I.D. Number (Social Security No.)
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

Account Number:    1ZG032
JUDITH KALMAN
AND DANIEL KALMAN  TIC
78 FOREST PARK TERRACE
MONROE TOWNSHIP, NJ  08831

(If incorrect, please change)

**NOTE:**    BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY
THE ACCOMPANYING INSTRUCTION SHEET.  A SEPARATE CLAIM FORM
SHOULD BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL
PROTECTION AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE
RECEIVED BY THE TRUSTEE ON OR BEFORE March 4, 2009.  CLAIMS
RECEIVED AFTER THAT DATE, BUT ON OR BEFORE July 2, 2009, WILL BE
SUBJECT TO DELAYED PROCESSING AND TO BEING SATISFIED ON TERMS
LESS FAVORABLE TO THE CLAIMANT. PLEASE SEND YOUR CLAIM FORM BY
CERTIFIED MAIL - RETURN RECEIPT REQUESTED.

**************************************************************************

1.    Claim for money balances as of December 11, 2008 :
      a.    The Broker owes me a Credit (Cr.) Balance of      $_____
      b.    I owe the Broker a Debit (Dr.) Balance of          $_____

502180406

c.   If you wish to repay the Debit Balance,
please insert the amount you wish to repay and
attach a check payable to "Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC."
If you wish to make a payment, it must be enclosed
with this claim form.                              $ _____

d.   If balance is zero, insert "None."              _____

2.   Claim for securities as of **December 11, 2008:**

**PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.**

|   |   | YES | NO |
|---|---|-----|-----|
| a. | The Broker owes me securities | ✔ | |
| b. | I owe the Broker securities | | |
| c. | If yes to either, please list below: | | |

| Date of Transaction (trade date) | Name of Security | Number of Shares or Face Amount of Bonds | |
|---|---|---|---|
| | | The Broker Owes Me (Long) | I Owe the Broker (Short) |
| _____ | *SEE ATTACHED* | ____ | ____ |
| _____ | _____ | ____ | ____ |
| _____ | _____ | ____ | ____ |
| _____ | _____ | ____ | ____ |
| _____ | _____ | ____ | ____ |

**Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclose, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation. You should also provide all documentation or**

information regarding any withdrawals you have ever made or payments received from the Debtor.

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement. If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.
**PLEASE CHECK THE APPROPRIATE ANSWER FOR ITEMS 3 THROUGH 9.**

**NOTE:** **IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION ON A SIGNED ATTACHMENT. IF SUFFICIENT DETAILS ARE NOT PROVIDED, THIS CLAIM FORM WILL BE RETURNED FOR YOUR COMPLETION.**

|  | | YES | NO |
|---|---|---|---|
| 3. | Has there been any change in your account since December 11, 2008? If so, please explain. | | ✓ |
| 4. | Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of the broker? | | ✓ |
| 5. | Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or policies of the broker? | | ✓ |
| 6. | Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in any way with the broker? If so, give name(s) | | ✓ |
| 7. | Is this claim being filed by or on behalf of a broker or dealer or a bank? If so, provide documentation with respect to each public customer on whose behalf you are claiming. | | ✓ |
| 8. | Have you ever given any discretionary authority to any person to execute securities transactions with or through the broker on your behalf? Give names, addresses and phone numbers. | | ✓ |

9.   Have you or any member of your family
ever filed a claim under the Securities
Investor Protection Act of 1970?  if
so, give name of that broker.                    _____    ✓

Please list the full name and address of anyone assisting you in the
preparation of this claim form: _____

If you cannot compute the amount of your claim, you may file an estimated claim.  In that
case, please indicate your claim is an estimated claim.

**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM.
CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR
IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.**

**THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY
INFORMATION AND BELIEF.**

Date   2/12/09      Signature   Judith Kalman

Date   2/12/09      Signature X Daniel Falman

(If ownership of the account is shared, all must sign above.  Give each owner's name,
address, phone number, and extent of ownership on a signed separate sheet.  If other
than a personal account, e.g., corporate, trustee, custodian, etc., also state your capacity
and authority.  Please supply the trust agreement or other proof of authority.)

**This customer claim form must be completed and mailed promptly,
together with supporting documentation, etc. to:**

Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

| Date of Transaction (trade date) | Name of Security | Number of Shares or Face Amount of Bonds | |
|---|---|---|---|
| | | The Broker Owes Me (Long) | I Owe the Broker (Short) |
| 11/6/08 | AT&T INC | 1,065 | |
| " | ABBOTT LABORATORIES | 285 | |
| " | AMGEN INC | 195 | |
| " | APPLE INC | 165 | |
| " | BANK OF AMERICA | 900 | |
| " | CHEVRON CORP | 375 | |
| " | CISCO SYSTEMS INC | 1,095 | |
| " | CITI GROUP INC | 975 | |
| " | COCA COLA CO | 360 | |
| " | COMCAST CORP CL A | 540 | |
| " | CONOCOPHILIPS | 270 | |
| " | EXXON MOBIL CORP | 945 | |
| " | GENERAL ELECTRIC CO | 1,905 | |
| " | GOOGLE | 45 | |
| " | HEWLETT PACKARD CO | 450 | |
| " | INTEL CORP | 1,035 | |
| " | INTERNATIONAL BUSINESS MACHS | 255 | |
| " | J.P. MORGAN CHASE & CO | 675 | |
| " | JOHNSON & JOHNSON | 495 | |
| " | MCDONALDS CORP | 210 | |
| " | MERCK & CO | 390 | |
| " | MICROSOFT CORP | 1,425 | |
| " | ORACLE CORPORATION | 720 | |
| " | PEPSICO INC | 285 | |
| " | PFIZER INC | 1,215 | |
| " | PHILLIP MORRIS INTERNATIONAL | 375 | |
| " | PROCTER & GAMBLE CO | 540 | |
| " | QUALCOMM INC | 300 | |
| 11/19/08 | SCHLUMBERGER LTD | 225 | |
| | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 5,461 | |
| 11/6/08 | U S BANCORP | 315 | |
| " | UNITED PARCEL SVC INC CLASS B | 180 | |
| 11/19/08 | U S TREASURY BILL DUE 03/26/2009 3/26/2009 | 75,000 | |
| 11/6/08 | UNITED TECHNOLOGIES CORP | 180 | |
| " | VERIZON COMMUNICATIONS | 510 | |
| " | WAL-MART STORES INC | 390 | |
| " | WELLS FARGO & CO NEW | 630 | |

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

JUDITH KALMAN
AND DANIEL KALMAN TIC
78 FOREST PARK TERRACE
MONROE TOWNSHIP     NJ   08831

Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel (020) 493 6222

YOUR ACCOUNT NUMBER: 1-Z6032-3-0
PERIOD ENDING: 11/30/08
YOUR TAX PAYER IDENTIFICATION NUMBER: *******3219
PAGE 1

| AMOUNT RECEIVED OR LOAN | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|
| | | | BALANCE FORWARD | | | 43,982.38 |
| 630 | | 1659 | WELLS FARGO & CO NEW | 29.800 | 18,799.00 | |
| 450 | | 2161 | HEWLETT PACKARD CO | 34.900 | 15,723.00 | |
| 390 | | 5985 | WAL-MART STORES INC | 55.830 | 21,788.70 | |
| 255 | | 6487 | INTERNATIONAL BUSINESS MACHS | 87.270 | 22,263.85 | |
| 945 | | 10311 | EXXON MOBIL CORP | 72.680 | 68,908.60 | |
| 1,035 | | 10813 | INTEL CORP | 14.510 | 15,058.85 | |
| 495 | | 15139 | JOHNSON & JOHNSON | 59.580 | 29,511.10 | |
| 675 | | 19464 | J.P. MORGAN CHASE & CO | 38.530 | 26,034.75 | |
| 360 | | 23700 | COCA COLA CO | 44.660 | 16,091.60 | |
| 210 | | 28116 | MCDONALDS CORP | 55.370 | 11,635.70 | |
| 390 | | 32442 | MERCK & CO | 28.550 | 11,149.50 | |
| 1,425 | | 36768 | MICROSOFT CORP | 21.810 | 31,136.25 | |
| 720 | | 41094 | ORACLE CORPORATION | 17.300 | 12,484.00 | |
| 285 | | 54072 | PEPSICO INC | 56.410 | 16,087.85 | |
| 165 | | 54574 | APPLE INC | 100.780 | 16,634.70 | |
| 1,235 | | 56900 | PFIZER INC | 16.940 | 20,630.10 | |
| 285 | | 58398 | ABBOTT LABORATORIES | 54.610 | 15,574.85 | |
| 540 | | 62724 | PROCTER & GAMBLE CO | 64.080 | 34,624.20 | |
| 195 | | 63226 | AMGEN INC | 59.160 | 11,543.20 | |
| 375 | | 67050 | PHILIP MORRIS INTERNATIONAL | 43.590 | 16,565.00 | |
| 900 | | 67552 | BANK OF AMERICA | 21.590 | 19,467.00 | |
| 300 | | 71376 | QUALCOMM INC | 33.770 | 10,143.00 | |
| 975 | | 71878 | CITI GROUP INC | 12.510 | 12,236.25 | |
| | | | CONTINUED ON PAGE 2 | | | |

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

JUDITH KALMAN
AND DANIEL KALMAN   TIC
78 FOREST PARK TERRACE
MONROE TOWNSHIP   NJ   08831

YOUR ACCOUNT NUMBER: 1-K6032-3-0
PERIOD ENDING: 11/30/08
PAGE 2
YOUR TAX PAYER IDENTIFICATION NUMBER: ******3219

| BOUGHT Received or Long | SOLD Delivered or Short | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|
| 225 | | 75702 | SCHLUMBERGER LTD | 49.480 | 11,142.00 | |
| 540 | | 76204 | COMCAST CORP A | 16.510 | 8,936.40 | |
| 1,665 | | 80028 | AT&T INC | 27 | 28,797.00 | |
| 270 | | 80530 | CONOCOPHILLIPS | 52.530 | 14,187.70 | |
| 180 | | 84354 | UNITED PARCEL SVC INC CLASS B | 52.040 | 9,374.20 | |
| 1,095 | | 84856 | CISCO SYSTEMS INC | 16.730 | 18,362.35 | |
| 315 | | 88680 | U S BANCORP | 29.530 | 9,313.95 | |
| 375 | | 89182 | CHEVRON CORP | 73.430 | 27,551.25 | |
| 180 | | 93006 | UNITED TECHNOLOGIES CORP | 53.160 | 9,575.60 | |
| 1,905 | | 93508 | GENERAL ELECTRIC CO | 19.630 | 37,471.15 | |
| 510 | | 97332 | VERIZON COMMUNICATIONS | 30.410 | 15,529.10 | |
| 45 | | 97834 | GOOGLE | 337.400 | 15,184.00 | |
| | 700,000 | 24265 | U S TREASURY BILL DUE 2/12/2009 2/12/2009 | 99.996 | | 699,552.00 |
| | | 19369 | FIDELITY SPARTAN U S TREASURY MONEY MARKET DIV 11/12/08 | DIV | | 19.66 |
| | 18,235 | 28737 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | | 18,235.00 |
| 35,461 | | | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | 35,461.00 | |
| | | | FIDELITY SPARTAN U S TREASURY MONEY MARKET DIV 11/19/08 | DIV | | 6.35 |

CONTINUED ON PAGE   3

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

JUDITH KALMAN
AND DANIEL KALMAN   TIC
78 FOREST PARK TERRACE
MONROE TOWNSHIP NJ 08831

Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

YOUR ACCOUNT NUMBER: 1-26032-3-0
PERIOD ENDING: 11/30/08
PAGE: 3
YOUR TAX PAYER IDENTIFICATION NUMBER: ********3219

| BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|
| 75,000 | 35,461 | 54282 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | | 35,461.00 |
| | | 58695 | U S TREASURY BILL DUE 03/26/2009 | 99.926 | 74,944.50 | |
| 5,461 | | 63318 | FIDELITY SPARTAN U S TREASURY MONEY MARKET 3/26/2009 | 1 | 5,461.00 | |
| | | | NEW BALANCE | 1 | | 5,461.00 |
| | | | SECURITY POSITIONS | MKT PRICE | | |
| 1,065 | | | AT&T INC | 28.560 | | |
| 285 | | | ABBOTT LABORATORIES | 52.390 | | |
| 195 | | | AMGEN INC | 52.540 | | |
| 165 | | | APPLE INC | 92.670 | | |
| 900 | | | BANK OF AMERICA | 16.250 | | |
| 375 | | | CHEVRON CORP | 79.010 | | |
| 1,095 | | | CISCO SYSTEMS INC | 16.340 | | |
| 975 | | | CITI GROUP INC | 8.290 | | |
| 360 | | | COCA COLA CO | 46.870 | | |
| 540 | | | COMCAST CORP CL A | 17.340 | 85,892.82 | |
| 270 | | | CONOCOPHILLIPS | 52.520 | | |
| 945 | | | EXXON MOBIL CORP | 80.150 | | |
| 1,905 | | | GENERAL ELECTRIC CO | 17.170 | | |
| | | | CONTINUED ON PAGE   4 | | | |

CONTINUED ON PAGE 4

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222
Affiliated with

JUDITH KALMAN
AND DANIEL KALMAN TIC
78 FOREST PARK TERRACE
MONROE TOWNSHIP    NJ    08831

YOUR ACCOUNT NUMBER: 1-26032-3-0
PERIOD ENDING: 11/30/08
PAGE: 4
YOUR TAX PAYER IDENTIFICATION NUMBER: *******3239

| BOUGHT RECEIVED ON CARD | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|
| 45 | | | GOOGLE | 292.960 | | |
| 1,035 | | | HEWLETT PACKARD CO | 35.280 | | |
| 255 | | | INTEL CORP | 13.800 | | |
| 675 | | | INTERNATIONAL BUSINESS MACHS | 81.600 | | |
| 495 | | | J.P. MORGAN CHASE & CO | 31.660 | | |
| 210 | | | JOHNSON & JOHNSON | 58.580 | | |
| 390 | | | MCDONALDS CORP | 58.750 | | |
| 1,425 | | | MERCK & CO | 26.720 | | |
| 720 | | | MICROSOFT CORP | 20.220 | | |
| 285 | | | ORACLE CORPORATION | 16.090 | | |
| 1,215 | | | PEPSICO INC | 56.700 | | |
| 375 | | | PFIZER INC | 16.430 | | |
| 540 | | | PHILLIP MORRIS INTERNATIONAL | 42.160 | | |
| 300 | | | PROCTER & GAMBLE CO | 64.350 | | |
| 225 | | | QUALCOMM INC | 33.570 | | |
| 5,461 | | | SCHLUMBERGER LTD | 50.740 | | |
| | | | FIDELITY SPARTAN | | | |
| | | | U S TREASURY MONEY MARKET | 1 | | |
| 315 | | | U S BANCORP | 26.980 | | |
| 180 | | | UNITED PARCEL SVC INC | 57.600 | | |
| | | | CLASS B | | | |
| 755,000 | | | U S TREASURY BILL | 99.971 | | |
| | | | DUE 03/26/2009    3/26/2009 | | | |
| 180 | | | UNITED TECHNOLOGIES CORP | 48.530 | | |
| | | | CONTINUED ON PAGE    5 | | | |

BERNARD L. MADOFF
INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated With
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel (020) 7493 6222

JUDITH KALMAN
AND DANIEL KALMAN  TIC
78 FOREST PARK TERRACE
MONROE TOWNSHIP    NJ    08831

| YOUR ACCOUNT NUMBER | PERIOD ENDING | PAGE |
|---|---|---|
| 1-ZG032-3-0 | 11/30/08 | 5 |

YOUR TAX PAYER IDENTIFICATION NUMBER
*******3219

| BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|
| 510 390 630 | | | VERIZON COMMUNICATIONS MAL-MART STORES INC WELLS FARGO & CO NEW | 32.650 55.880 28.690 | | |
| | | | MARKET VALUE OF SECURITIES LONG 741,313.60 SHORT | | | |

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

JUDITH KALMAN
AND DANIEL KALMAN - TIC
78 FOREST PARK TERRACE
MONROE TOWNSHIP    NJ    08831

YOUR ACCOUNT NUMBER: 1-Z6032-3-0

PERIOD ENDING: 11/30/06    PAGE: 6

YOUR TAX PAYER IDENTIFICATION NUMBER: **********3219

| BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|
| | | | YEAR-TO-DATE SUMMARY | | | |
| | | | DIVIDENDS | | | 44,9669.02 |
| | | | GROSS PROCEEDS FROM SALES | | | 4,128,864.81 |

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

JUDITH KALMAN
AND DANIEL KALMAN TIC
78 FOREST PARK TERRACE
MONROE TOWNSHIP     NJ     08831

| YOUR ACCOUNT NUMBER | PERIOD ENDING | PAGE |
|---|---|---|
| 1-ZG032-4-0 | 11/30/08 | 1 |

YOUR TAX PAYER IDENTIFICATION NUMBER: *******3219

| AMOUNT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|
| | | | BALANCE FORWARD | | | 43,993.00 |
| 15 | | 45420 | S & P 100 INDEX | 15.800 | | 23,685.00 |
| | 15 | 49746 | NOVEMBER 460 CALL | 17.800 | | |
| | | | S & P 100 INDEX | | | |
| | 15 | 35850 | NOVEMBER 450 PUT | 26 | 26,715.00 | 38,985.00 |
| | | | S & P 100 INDEX | | | |
| 15 | | 40175 | DECEMBER 430 CALL | 30 | 45,015.00 | |
| | | | S & P 100 INDEX | | | |
| 15 | | 44500 | DECEMBER 420 PUT | 3 | 4,515.00 | 55,485.00 |
| | | | S & P 100 INDEX | | | |
| 15 | | 48825 | NOVEMBER 460 CALL | 37 | | |
| | | | S & P 100 INDEX | | | |
| | | | NOVEMBER 450 PUT | | | |
| | | | NEW BALANCE | | | |
| | | | SECURITY POSITIONS | | | |
| | | | S & P 100 INDEX | MKT PRICE | | 85,693.00 |
| | 15 | | DECEMBER 430 CALL | 23.300 | | |
| | | | S & P 100 INDEX | | | |
| | | | DECEMBER 420 PUT | 16.500 | | |

MARKET VALUE OF SECURITIES
LONG                    SHORT
26,750.00          34,950.00-

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

### DECEMBER 11, 2008[1]

### NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

September 10, 2009

JUDITH KALMAN AND DANIEL KALMAN, TIC
78 FOREST PARK TERRACE
MONROE TOWNSHIP, NJ  08831

Dear Judith Kalman and Daniel Kalman:

**PLEASE READ THIS NOTICE CAREFULLY.**

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claims on BLMIS Account No. 1ZG032 designated as Claim Number 002462 and Claim Number 002503 (the latter of which is duplicative of Claim Number 002462) and are combined ("Combined Claim") for purposes of this determination. This letter shall serve as the Trustee's determination with respect to the Combined Claim:

Your Combined Claim for a credit balance and for securities is **DENIED**. No securities were ever purchased for your account.

Your Combined Claim is **ALLOWED** for $133,675.00 (the "Allowed Claim"), which was the balance in your BLMIS Account on the Filing Date based on the amount of money you deposited with BLMIS for the purchase of securities, less subsequent withdrawals, as outlined in Table 1.

---

1 Section 78lll(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78lll(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

## Table 1
### DEPOSITS

| DATE | TRANSACTION DESCRIPTION | AMOUNT | ADJUSTED AMOUNT |
|---|---|---|---|
| 1/4/1993 | CHECK | $20,000.00 | $20,000.00 |
| 1/4/1993 | CHECK | $14,175.00 | $14,175.00 |
| 12/31/1993 | CHECK | $2,000.00 | $2,000.00 |
| 1/29/1996 | CHECK | $5,000.00 | $5,000.00 |
| 12/18/1996 | CHECK | $36,000.00 | $36,000.00 |
| 1/29/1999 | CHECK | $5,000.00 | $5,000.00 |
| 7/2/1999 | CHECK | $5,000.00 | $5,000.00 |
| 10/15/1999 | CHECK | $25,000.00 | $25,000.00 |
| 11/12/1999 | CHECK | $2,500.00 | $2,500.00 |
| 2/14/2000 | CHECK | $5,000.00 | $5,000.00 |
| 6/30/2000 | CHECK | $5,000.00 | $5,000.00 |
| 1/16/2001 | CHECK | $7,000.00 | $7,000.00 |
| 5/29/2001 | CHECK | $8,000.00 | $8,000.00 |
| 8/20/2001 | CHECK | $7,000.00 | $7,000.00 |
| 8/27/2001 | CHECK | $2,500.00 | $2,500.00 |
| 11/15/2001 | CHECK | $5,000.00 | $5,000.00 |
| 12/3/2001 | CHECK | $5,500.00 | $5,500.00 |
| 12/18/2001 | TRANS FROM 1ZA33530 | $53,723.66 | $0.00 |
| 9/16/2002 | CHECK | $5,000.00 | $5,000.00 |
| **Total Deposits:** | | $218,398.66 | $164,675.00 |

### WITHDRAWALS

| DATE | TRANSACTION DESCRIPTION | AMOUNT | ADJUSTED AMOUNT |
|---|---|---|---|
| 3/17/2006 | CHECK | ($20,000.00) | ($20,000.00) |
| 4/24/2008 | CHECK | ($11,000.00) | ($11,000.00) |
| **Total Withdrawals:** | | ($31,000.00) | ($31,000.00) |
| **Total deposits less withdrawals:** | | $187,398.66 | $133,675.00 |

Your **ALLOWED CLAIM** of $ 133,675.00 will be satisfied in the following manner:

The enclosed **ASSIGNMENT AND RELEASE** must be executed, notarized and returned in the envelope provided herewith along with **PHOTO IDENTIFICATION** for each of you. Upon receipt of the executed and notarized **ASSIGNMENT AND RELEASE**, the Trustee will fully satisfy your **ALLOWED CLAIM** by sending you a check in the amount of $133,675.00, with the

funds being advanced by Securities Investor Protection Corporation pursuant to Section 78fff-3(a)(1) of SIPA.

Should a final and unappealable court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by you in having your customer claim re-determined in accordance with any such Court order.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after September 10, 2009, the date on which the Trustee mailed this notice.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York 10004

and

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10011

_____
Irving H. Picard

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC