# EXHIBIT A

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

## DECEMBER 11, 2008[1]

## NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

September 18, 2009

Brad E. Avergon and Cynthia B. Avergon
4 Reed Avenue
Westborough, Massachusetts 01581

Dear Brad E. Avergon and Cynthia B. Avergon:

### PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim on BLMIS Account No. 1ZB094 designated as Claim Number 000264:

Your claim for a credit balance and for securities is **DENIED**. No securities were ever purchased for your account.

Your claim is **ALLOWED** for $55,000, which was the balance in your BLMIS Account on the Filing Date based on the amount of money you deposited with BLMIS for the purchase of securities, less subsequent withdrawals, as outlined in Table 1.

---

[1] Section 78lll(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78lll(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

| DATE | TRANSACTION DESCRIPTION | AMOUNT |
|---|---|---|
| 4/26/1993 | CHECK WIRE | $100,000.00 |
| 7/13/1994 | Check | $30,000.00 |
| 12/23/1996 | CHECK WIRE | $130,000.00 |
| 2/4/2002 | CHECK WIRE | $50,000.00 |
| Total Deposits: | | $310,000.00 |

| DATE | TRANSACTION DESCRIPTION | AMOUNT |
|---|---|---|
| 6/3/1997 | CHECK | ($170,000.00) |
| 7/9/1999 | CHECK | ($25,000.00) |
| 12/20/2005 | CHECK | ($10,000.00) |
| 4/30/2007 | CHECK | ($10,000.00) |
| 8/3/2007 | CHECK | ($10,000.00) |
| 12/24/2007 | CHECK | ($10,000.00) |
| 3/31/2008 | CHECK | ($10,000.00) |
| 9/16/2008 | CHECK | ($10,000.00) |
| Total Withdrawals: | | ($255,000.00) |
| Total deposits less withdrawals: | | $55,000.00 |

Your **ALLOWED CLAIM** of $55,000 will be satisfied in the following manner:

The enclosed **ASSIGNMENT AND RELEASE** must be executed, notarized and returned in the envelope provided herewith. Upon receipt of the executed and notarized **ASSIGNMENT AND RELEASE**, the Trustee will fully satisfy your **ALLOWED CLAIM** by sending you a check in the amount of $55,000, with the funds being advanced by Securities Investor Protection Corporation pursuant to section 78fff-3(a)(1) of SIPA.

Should a final and unappealable court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by you in having your customer claim re-determined in accordance with any such Court order.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching

copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after September 18, 2009, the date on which the Trustee mailed this notice.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York 10004

and

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10011

Irving H. Picard

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

SECURITIES INVESTOR PROTECTION
CORPORATION,

          Plaintiff-Applicant,

          v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

          Defendant.

Adv. Pro. No. 08-01789-BRL

SIPA Liquidation

## ASSIGNMENT AND RELEASE

**KNOW ALL MEN BY THESE PRESENTS**, that BRAD E. AVERGON AND

CYNTHIA B. AVERGON located at 4 Reed Avenue, Westborough, Massachusetts 01581

(hereinafter referred to as the "Assignors") in consideration of the payment of $55,000 to satisfy

their claim for customer protection (the "Customer Claim", having been designated Claim

#000264) filed in the liquidation proceeding of Bernard L. Madoff Investment Securities LLC

("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §78aaa et seq. ("SIPA") (see

§§78fff-2(b), 78fff-2(d), and §78fff-3(a)(1) of SIPA), do for themselves hereby assign, transfer

and set over to Irving H. Picard as SIPA Trustee (the "SIPA Trustee") for the liquidation of

BLMIS (see §78fff-2(b) of SIPA), and the Securities Investor Protection Corporation ("SIPC"),

as subrogee to the extent of its cash advances to the SIPA Trustee for the satisfaction of the

aforementioned Customer Claim (see §78fff-3(a)(1) of SIPA), any and all rights, including

causes of action or claims, that Assignors now may have against BLMIS and/or any third party

arising out of or relating to any fraudulent or illegal activity with respect to Assignors' BLMIS

account (Account No. 1ZB094, the "BLMIS Account"), which gave rise to the allowed

Customer Claim for securities filed by Assignors against BLMIS. Such assignment is only to the extent that Assignors have received satisfaction of the Customer Claim as set forth above.

Further, Assignors have not previously compromised or assigned any claim, cause of action or other right against BLMIS, its principals or agents or any third party arising out of or related to any fraudulent or illegal activity giving rise to the Customer Claim.

Upon reasonable request of the SIPA Trustee or SIPC, Assignors agree to cooperate with the SIPA Trustee or SIPC in connection with any efforts of either to recover from the principals or agents of BLMIS or anyone else for amounts advanced by SIPC or paid by the SIPA Trustee to satisfy Assignors' Customer Claim in this SIPA liquidation proceeding. Such efforts to recover by the SIPA Trustee or SIPC, either to demand or pursue or to prosecute or settle any collection effort, action or proceeding therefore, shall be at the sole cost of the SIPA Trustee or SIPC.

Effective immediately and without further action, contingent only upon Assignors' receipt from the SIPA Trustee or his agent of a check in the amount of $55,000 as set forth in the SIPA Trustee's Notice of Determination of the Customer Claim dated September 18, 2009, (the "Trustee's Determination"), and upon receipt by the SIPA Trustee of this executed and notarized Assignment and Release, the Assignors do for Assignor's executors, administrators, heirs and assigns hereby remise, release and forever discharge the SIPA Trustee and SIPC, as subrogee to the extent of its cash advances for the satisfaction of the Customer Claim, and, as the case may be, its officers, directors, professionals, employees, agents, successors and assigns, of and from any and all claims arising out of or relating to the Assignors' BLMIS Account, the Customer Claim filed with the SIPA Trustee as protected by the provisions of SIPA, and any and all circumstances giving rise to said Customer Claim which the Assignors now have, or hereafter

2

may have, for or by any reason, cause, matter or thing whatsoever from the beginning of the world to the date of the execution of this Assignment and Release, only to the extent that the SIPA Trustee and/or SIPC has paid monies to the Assignors to satisfy Assignors' Customer Claim.

Should a final and unappealable court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Assignment and Release shall be construed as a waiver of any rights or claims held by Assignors in having their customer claim re-determined in accordance with any such Court order.

Assignors acknowledge the sufficiency of the consideration to be received in accordance with the SIPA Trustee's Determination and under this Assignment and Release. This Assignment and Release may be executed in one or more counterparts, each of which shall be deemed an original and all of which taken together shall constitute a single instrument.

3

**IN WITNESS WHEREOF,** the undersigned has on this day set forth below duly executed this Assignment of Assignors' Customer Claim and Release, intending to be legally bound hereby. This Assignment and Release may be executed in one or more counterparts, each of which shall be deemed an original and all of which taken together shall constitute a single instrument.

By:_____

    BRAD E. AVERGON

By:_____

    CYNTHIA B. AVERGON

Sworn and subscribed before me this
_____ day of _____, 2009.

_____
    Notary Public

4