ROSEN & ASSOCIATES, P.C.
Attorneys for Robert Jason Schustack
747 Third Avenue
New York, NY 10017-2803
(212) 223-1100
Sanford P. Rosen, Esq.


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
SECURITIES INVESTOR PROTECTION
  CORPORATION,

                    Plaintiff,   Adv.Pro.No. 08-01789 (BRL)
v.

BERNARD L. MADOFF INVESTMENT    SIPA Liquidation
  SECURITIES, LLC,

                    Defendant.   (Substantively Consolidated)
------------------------------x
In re

BERNARD L. MADOFF INVESTMENT
  SECURITIES, LLC,

                    Debtor.
------------------------------x


## OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM

Robert Jason Schustack, by his attorneys, Rosen &

Associates, P.C., hereby objects to the Notice of Trustee's

Determination of Claim dated September 15, 2009 ("**Determination**

**Letter**"), attached hereto as Exhibit "A."

## BACKGROUND

1.   Robert Jason Schustack is a "customer," as

defined by section 78*lll* of the Securities Investor Protection Act (**"SIPA"**), of Bernard L. Madoff Investment Securities, LLC (**"BLMIS"**).

2.   Mr. Schustack's final BLIMS statements, dated November 30, 2008, state that he owns securities valued at $774,273.14 and $519,387.94, respectively (collectively, the **"Final Statements"**).

3.   On December 11, 2008, the above-captioned liquidation proceeding was commenced against BLIMS, pursuant to SIPA.  See Order, Securities and Exchange Commission v. Madoff, No. 08-10791 (S.D.N.Y. Dec. 15, 2008) (ordering relief under SIPA and transferring proceeding to the United States Bankruptcy Court for the Southern District of New York) [Docket No. 4]. Irving Picard was appointed Trustee (the **"Trustee"**), charged with overseeing the liquidation of BLMIS and processing customer claims for money pursuant to SIPA.  Id.; 15 U.S.C. §78fff-1(a).

4.   On December 23, 2008, this Court issued an Order directing the Trustee to disseminate notice and claim forms to BLIMS customers and setting forth claim-filing deadlines.  See Order [Docket No. 12].  Upon information and belief, the Trustee disseminated notice and claim forms to BLIMS's customers in accordance with this Court's Order. The December 23, 2008 Order further provided that, to the extent

the Trustee disagrees with the amount set forth on a customer claim form, the Trustee "shall notify such claimant by mail of his determination that the claim is disallowed, in whole or in part, <u>and the reason therefor</u> . . ." <u>See</u> Order at 6 [Docket No. 1] (emphasis added).

5.    On or about February 2, 2009, Mr. Schustack submitted two customer claim forms to the Securities Investor Protection Corporation ("**SIPC**") setting forth claims in the amount of $774,273.14 and $519,387.94, respectively. <u>See</u> Shustack Customer Claim for Account Nos. 1-ZA064 and 1-ZA066. (collectively, the "**Schustack Customer Claims**") attached hereto as Exhibit "B."

6.    Mr. Schustack submitted the Final Statements with the Schustack Customer Claims. <u>See</u> Schustack Customer Claims, Exhibit B.  On September 15, 2009, the Trustee sent Mr. Schustack the Determination Letter disallowing the Schustack Customer Claims in their entirety. <u>See</u> Determination Letter, Exhibit A.

7.    Mr. Schustack hereby objects to the Determination Letter for the reasons described below.

<u>**GROUNDS FOR OBJECTION**</u>

8.    <u>First Objection</u>.  The Determination Letter fails to comply with this Court's December 23, 2008 Order that directs the Trustee to satisfy customer claims and deliver securities in

accordance "with the Debtor's books and records." Dec. 23, 2008

Order at 5 [Docket No. 12]. The Final Statements that, as

mentioned above, were included by Mr. Schustack, are the best

evidence of the amount owed based on the books and records of

BLMIS. Accordingly, the Schustack Customer Claims should be

allowed in the full amount of $774,273.14 and $519,387.94,

respectively.

     9.    <u>Second Objection</u>.    The Trustee has set forth no

legal basis for disallowing the Schustack Customer Claims in

full as filed.    The only explanations set forth in the

Determination Letter are that (1) "[n]o securities were ever

purchased for your account," and (2) the "claim is allowed for

$0 (the "Allowed Claim"), which represents . . . the amount of

money you deposited with BLMIS for the purchase of securities,

<u>less</u> subsequent withdrawals, as outlined in Table 1, and . . .

Table 2."    Determination Letter at 2, Exhibit A.    Neither of

these purported grounds for disallowance have any statutory or

other legal basis.    Moreover, the Determination Letter:

     (a)    does not clearly provide "the reason" for

the disallowance, as required by this Court's December 23, 2008

Order;

     (b)    is inadequate to rebut the <u>prima facie</u>

validity of the Schustack Customer Claims as provided in 11

4

U.S.C. § 502(a) and Bankruptcy Rule 3001(f); and

(c)   violates general principles of applicable law that require that objections to a proof of claim set forth, at a minimum, the relevant facts and legal theories upon which the objection is based.  As stated by the Bankruptcy Court for the Southern District of New York, "'[t]he best practice is to denominate an objection to a claim as just that.  The body of the objection should identify the claim.  It should also, at a minimum, allege those facts necessary to support the objection . . . and provide a description of the theories on which it is based.  In short, proofs of claim have been held analogous to complaints initiating civil actions; an objection to a claim should therefore meet the standards of an answer.  It should make clear which facts are disputed; it should allege facts necessary to affirmative defenses; and it should describe the theoretical bases of those defenses.'"  In re Enron Corp., No. 01-16034, 2003 Bankr. LEXIS 2261, at *25 (Bankr. S.D.N.Y. Jan. 13, 2003) (citing 9 Collier on Bankruptcy ¶ 3007.01[3] (15th ed.) (footnotes omitted).

10.   Third Objection.   15 U.S.C. § 78lll(11) provides that a customer's claim shall be allowed in the amount of the customer's "net equity."  15 U.S.C. § 78fff-2(b).  Upon information and belief, the Trustee objects to the Schustack

5

Customer Claims on the ground that "net equity" should be determined by principal contributed to the account less any withdrawals, without regard to any gains reflected in the Final Statements or prior BLIMS statements. See Determination Letter Table 1 and Table 2. See also Another View: Unwinding Madoff Fraud Fairly, Deal Blog. NYtimes.com (May 6, 2009). This is incorrect for the following reasons:

(a)   the Trustee's proposed formulation has no support in the language of the statute or interpretive case law and, in fact, adds words and concepts to the statute that do not exist.

(b)   SIPA's legislative history emphasizes Congress's intention that the statute protect customer expectations by ensuring that customers of retail brokerage firms can rely on their account statements. The BLIMS statements received by Mr. Schustack stated that he owned a list of blue chip securities. It makes no difference whether the securities were purchased.

> A customer generally expects to receive *what he believes* is in his account at the time the stockbroker ceases business. But because securities may have been lost, improperly hypothecated, misappropriated, *never purchased,* or even stolen, it is not always possible to provide to customers that which they expect to

> receive, that is, securities which they
> maintained in their brokerage account . .
> . . By seeking to make customer accounts
> whole and returning them to customers in
> the form they existed on the filing date,
> the amendments . . .would satisfy
> customers' legitimate expectations . . .
> .

S.Rep.No. 95-763, at 2 (1978)(emphasis added). While there may

be a basis to disallow customer claims for wholly fictitious

securities of nonexisting entities, here the securities set

forth on Mr. Schustack's Final Statements and prior statements

were those of actual companies listed on the stock exchange.

(c) Mr. Schustack deposited funds in BLIMS with

the expectation that the amount would grow, his account

statements showed such growth, and the balances on his Final

Statements reflects the benefit of his bargain. The Trustee's

formula is an improper and wholly inadequate measure of loss.

See Yiscons v. Lehman Brothers, Inc., 244 Fed. Appx. 708, 713-14

(6th Cir. 2007)(court applied expectancy measure of damages to

claim against successor in Ponzi scheme case, and rejected money

in/money out theory).

(d) the Trustee's Determination Letter is

contrary to SIPC's own policies and practices, as reflected in

the sworn testimony of Stephen Harbeck, SIPC's President and

CEO, and its actions in similar liquidation proceedings. For

example, in the New Times SIPA liquidation, in the context of
discussing claims filing deadlines, Harbeck acknowledged that
SIPC would replace securities listed on customer account
statements, even if the securities had never been purchased:

> Harbeck: [I]f you file within
> sixty days, you'll get the
> securities, without question.
> Whether -- if they triple in
> value, you'll get the securities
> .... Even if they're not there.
>
> Court: Even if they're not there.
>
> Harbeck: Correct.
>
> Court: In other words, if the
> money was diverted, converted –
>
> Harbeck: And the securities were never
> purchased.
>
> Court. Okay.
>
> Harbeck: And if those positions
> triple, we will gladly give the
> people their securities
> positions.

Transcript at 37-39, In re New Times Securities Services, Inc.,
No. 00-8178 (Bankr. E.D.N.Y. July 28, 2000), attached hereto as
Exhibit "C."  The Second Circuit's discussion of SIPC's claims
processing in New Times further indicates that, with respect to
customers who thought they were invested in listed securities,
SIPC paid customer claims based on the customers' final account
statements, even where the securities had never been purchased:

Meanwhile, investors who were misled.
. . to believe that they were
investing in mutual funds that in
reality existed were treated much more
favorably. Although they were not
actually invested in those real funds
-- because Goren never executed the
transactions - - the information that
these claimants received on their
account statements mirrored what would
have happened had the given
transaction been executed. As a
result, the Trustee deemed those
customers' claims to be "securities
claims" eligible to receive up to
$500,000 in SIPC advances. The
Trustee indicates that this disparate
treatment was justified because he
could purchase real, existing
securities to satisfy such securities
claims. Furthermore, the Trustee
notes that, if they were checking on
their mutual funds, the "securities
claimants," . . . could have confirmed
the existence of those funds and
tracked the funds' performance against
Goren's account statements.

In re New Times Sec. Services, Inc., 371 F.3d 68, 74 (2d Cir.

2004). See also Brief of Appellant SIPC in In re New Times Sec.

Services, Inc., at 23-24 (under SIPC "reasonable and legitimate

claimant expectations on the filing date are controlling even

where inconsistent with transactional reality" such as when the

customer receives a confirmation reflecting a purchase, "even

where the purchase never actually occurred and the debtor

instead converted the cash deposited by the claimant to fund

that purchase."). Mr. Schustack is situated no differently from the "securities claimants" discussed by the Court of Appeals for the Second Circuit. Accordingly, the Schustack Customer Claims should be allowed in full.

11. In the event that this Court determines that claimed gains on deposited funds should not be allowed, then in the alternative, Mr. Schustack is entitled to recover interest on such deposited amounts. Such interest is required as a matter of state law, and the United States Supreme Court has determined that in bankruptcy cases, creditor claims, including the right to interest, are determined by state law. See Travelers Cas. & Sur. Co. of Am. v. PG&E, 549 U.S. 443, 450-51, 127 S.Ct. 1199, 167 L.Ed.2d 178 (2007)("[W]e have long recognized that the 'basic federal rule' in bankruptcy is that state law governs the substance of claims, Congress having generally left the determination of property rights in the assets of a bankrupt's estate to state law.").

(a) Under New York law, which is applicable here, funds deposited with BLMIS under these circumstances are entitled to interest. See, e.g., N.Y.C.P.L.R. § 5004; N.Y. Gen. Oblig. § 5-501, et seq. Accordingly, the Schustack Customer Claims should be recalculated by adding interest to all funds deposited by Mr. Schustack.

10

(b)    Under New York law, which is applicable here, Mr. Schustack is entitled to any returns BLMIS earned on the deposited funds under principles of unjust enrichment. Accordingly, the Schustack Customer Claims should be recalculated by adding the amounts earned by BLMIS on Mr. Schustack's deposits. See, e.g., Steinberg v. Sherman, No. 07-1001, 2008 U.S. Dist. LEXIS 35786, at *14-15 (S.D.N.Y. May 2, 2008) ("Causes of action such as ... conversion and unjust enrichment qualify for the recovery of prejudgment interest."); Eighteen Holding Corp. v. Drizin, 701 N.Y.S.2d 427, 428 (1st Dep't 2000)(awarding prejudgment interest on claims for unjust enrichment and conversion).

12.  Fourth Objection.   The Trustee's unilateral reduction of the Schustack Customer Claims by the amount of any prior gains reflected on the Final Statement, or prior statements, avoids such gains without alleging any grounds therefor or demonstrating that such gains are avoidable under the Bankruptcy Code's avoidance provisions.  As such, any such disallowance is improper and unjustified, and the Determination Letter should be stricken.  Fed.R.Bankr.P. 7001(1); Fed.R.Bankr.P. 7008.

13.  Fifth Objection.   The Trustee's determination assumes that BLIMS never earned funds and, therefore, all gains

11

reported to customers were "fictitious." This assumption is contrary to fact. There is significant evidence that, at some time, BLIMS was at least in part a legitimate business and, therefore, all or a portion of the gains were not fictitious. The burden is on the Trustee to show that BLIMS never earned any amounts to support customer gains and, if at some point it did earn funds, the dates when it ceased to do so. The Trustee is required to state and prove when the Ponzi scheme began.

14. <u>Sixth Objection</u>. Mr. Schustack was required to pay significant income taxes on distributions that the Trustee has alleged are fictitious. The Trustee has justified his proposed method of calculating claims as fair and reasonable because fictitious gains should not compete dollar for dollar with claims for funds actually deposited by customers, and his proposed method equalizes the treatment of all customers. This justification is not correct insofar as customers did not have the use of reported, but fictitious, gains because of required income tax payments. Even assuming <u>arguendo</u> the Trustee's method is correct, the Schustack Customer Claims should be adjusted by adding all amounts he actually paid as income taxes on allegedly fictitious gains to equalize his treatment with that of other customers. <u>See</u> <u>SEC v. Byers</u>, 2009 U.S. Dist. LEXIS 63741, at *11-12 (S.D.N.Y. 2009)(in equitable distribution

proceeding, court allowed claims for reinvestment of fictitious profits to equitably treat reinvesting customers as compared with customers receiving distributions).

## RELIEF REQUESTED

15. For the reasons stated herein, the Schustack Customer Claims should be allowed in their entirety.

16. The Trustee's determination amounts to an improper disallowance of a claim that has prima facie validity. See 11 U.S.C. § 502(a). The Trustee has offered no factual or legal basis for his Determination. The Trustee's Determination Letter, and the objections contained therein, should be stricken, or alternatively, the Trustee should describe his position in detail including all relevant facts, legal theories, and authorities. Upon the filing of such a statement, this matter will be a contested proceeding under Bankruptcy Rule 9014, and Mr. Schustack will file a response.

17. Mr. Schustack requests such other relief as may be just and equitable.

## CONCLUSION

18.        Mr. Schustack reserves the right to revise, supplement, or amend this Objection, and any failure to object on a particular ground or grounds shall not be construed as a waiver of Mr. Schustack's right to object on any additional

13

grounds.

19.   Mr. Schustack reserves all rights set forth in
Bankruptcy Rule 9014, including, without limitation, rights of
discovery.

20.   Mr. Schustack reserves all objections as to the
competence, relevance, materiality, privilege, or admissibility
of evidence in any subsequent proceeding or trial of this or any
other action for any purpose whatsoever.

21.   Mr. Schustack incorporates by reference all
reservations of rights set forth in the Schustack Customer
Claims.

Dated: October 14, 2009
       New York, New York

                              ROSEN & ASSOCIATES, P.C.
                              Attorneys for Robert Jason
                                Schustack


                              By: /s/ Sanford P. Rosen
                                  Sanford P. Rosen

                              747 Third Avenue
                              New York, NY 10017-2803
                              (212) 223-1100

14

Exhibit "A"

# BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

## DECEMBER 11, 2008[1]

### NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

September 15, 2009

Robert Jason Schustack
253 Stratton Road
New Rochelle, NY 10804

Dear Mr. Schustack:

### PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claims on BLMIS Account No. 1ZA066 designated as Claim Number 004986 and BLMIS Account No. 1ZA064 designated as Claim Number 004982.

BLMIS Account No. 1ZA066 and BLMIS Account No. 1ZA064 (and the claims associated with them) are held in the same capacity pursuant to SIPA Rule 101(a) and are combined into one account ("Combined Claim") for purposes of this determination. SIPA Rule 101(a) states "all accounts held with a member by a person in his own name...shall be combined so as to constitute a single account of a separate customer" (17 C.F.R. §300.101).

This letter shall serve as the Trustee's determination with respect to the Combined Claim:

---

[1] Section 78*lll*(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78*lll*(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

300027770

Your Combined Claim for a credit balance of $519,387.94 (Claim Number 004982) and $774,273.14 (Claim Number 004986) and for securities is **DENIED**. No securities were ever purchased for your account.

Your Combined Claim is **ALLOWED** for $0 (the "Allowed Claim"), which represents the difference between the balance in BLMIS Account No. 1ZA066 on the Filing Date based on the amount of money you deposited with BLMIS for the purchase of securities less withdrawals, as outlined in Table 1, and the balance in BLMIS Account No. 1ZA064 on the Filing Date based on the amount of money you deposited with BLMIS for the purchase of securities less withdrawals, as outlined in Table 2. Table 1 and Table 2 are attached hereto and made a part hereof and are referred to herein collectively as the "Tables".

As reflected in the Tables, certain of the transfers into your account have been adjusted. As part of the Trustee's analysis of accounts, the Trustee has looked at accounts based on a money in/money out analysis (i.e., has the investor deposited more or less than he or she withdrew from BLMIS). The Trustee uses this analysis to determine which part of an account's balance is made up of deposits of principal and which part is fictitious gains that were fabricated by BLMIS. A customer's allowed claim is based on the amount of deposited principal determined to be remaining in the customer's account.

The Trustee's staff has analyzed whether transfers from one account to another account have involved principal and/or fictitious profits. The available principal in the former account has been transferred to and credited in the transferee account. The reason that the adjusted amount of transferred deposits in the Tables is less than the purported transferred amount is that the transferor account did not have sufficient principal available to effectuate the full transfer. The difference between the purported transfer amount reflected on your account statement and the adjusted transferred amount is the amount of fictitious gain that was transferred to your account. Under the money in/money out analysis, the Trustee does not give credit for fictitious gains in setting your allowed claim.

Should a final and unappealable court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by you in having your customer claim re-determined in accordance with any such Court order.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after September 15, 2009, the date on which the Trustee mailed this notice.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

300002777U

2

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York 10004

and

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10011

_____
Irving H. Picard

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

300027770                                    3

## Tables - Account No. 1ZA064

### DEPOSITS

| DATE | TRANSACTION DESCRIPTION | AMOUNT | ADJUSTED AMOUNT |
|---|---|---|---|
| 12/1/1992 | CHECK | $100,000.00 | $100,000.00 |
| 10/1/2003 | TRANS FROM 1ZA06630 | $100,000.00 | $100,000.00 |
| 1/3/2007 | TRANS FROM 1ZA06630 | $300,000.00 | $70,000.00 |
| **Total Deposits:** | | $500,000.00 | $270,000.00 |

### WITHDRAWALS

| DATE | TRANSACTION DESCRIPTION | AMOUNT | ADJUSTED AMOUNT |
|---|---|---|---|
| 4/8/1993 | CHECK | ($5,217.47) | ($5,217.47) |
| 7/13/1993 | CHECK | ($3,802.38) | ($3,802.38) |
| 10/13/1993 | CHECK | ($1,572.27) | ($1,572.27) |
| 1/14/1994 | CHECK | ($3,547.24) | ($3,547.24) |
| 4/13/1994 | CHECK | ($3,913.11) | ($3,913.11) |
| 7/14/1994 | CHECK | ($2,873.30) | ($2,873.30) |
| 10/13/1994 | CHECK | ($4,164.99) | ($4,164.99) |
| 1/13/1995 | CHECK | ($2,197.92) | ($2,197.92) |
| 4/13/1995 | CHECK | ($3,386.14) | ($3,386.14) |
| 7/14/1995 | CHECK | ($4,678.02) | ($4,678.02) |
| 10/16/1995 | CHECK | ($3,198.32) | ($3,198.32) |
| 1/12/1996 | CHECK | ($2,832.91) | ($2,832.91) |
| 4/12/1996 | CHECK | ($3,913.64) | ($3,913.64) |
| 7/12/1996 | CHECK | ($2,728.60) | ($2,728.60) |
| 10/11/1996 | CHECK | ($3,058.69) | ($3,058.69) |
| 1/13/1997 | CHECK | ($3,451.90) | ($3,451.90) |
| 4/10/1997 | CHECK | ($4,418.48) | ($4,418.48) |
| 7/11/1997 | CHECK | ($5,655.20) | ($5,655.20) |
| 10/10/1997 | CHECK | ($3,287.72) | ($3,287.72) |
| 1/13/1998 | CHECK | ($3,497.36) | ($3,497.36) |
| 4/8/1998 | CHECK | ($5,013.60) | ($5,013.60) |
| 7/9/1998 | CHECK | ($3,287.30) | ($3,287.30) |
| 10/9/1998 | CHECK | ($2,515.88) | ($2,515.88) |
| 1/13/1999 | CHECK | ($4,504.78) | ($4,504.78) |
| 4/13/1999 | CHECK | ($4,071.44) | ($4,071.44) |
| 7/8/1999 | CHECK | ($5,027.75) | ($5,027.75) |
| 10/8/1999 | CHECK | ($2,602.08) | ($2,602.08) |
| 1/6/2000 | CHECK | ($5,173.55) | ($5,173.55) |
| 4/7/2000 | CHECK | ($4,517.24) | ($4,517.24) |
| 7/7/2000 | CHECK | ($2,846.08) | ($2,846.08) |
| 10/11/2000 | CHECK | ($2,046.12) | ($2,046.12) |
| 1/10/2001 | CHECK | ($1,864.83) | ($1,864.83) |
| 4/6/2001 | CHECK | ($3,680.44) | ($3,680.44) |
| 7/9/2001 | CHECK | ($2,375.34) | ($2,375.34) |
| 10/9/2001 | CHECK | ($1,567.69) | ($1,567.69) |
| 1/11/2002 | CHECK | ($2,255.15) | ($2,255.15) |

300027770

From: 914 235 1305    Page: 6/14    Date: 9/17/2009 3:38:58 PM

| | | | |
|---|---|---|---|
| 4/10/2002 | CHECK | ($840.54) | ($840.54) |
| 7/8/2002 | CHECK | ($2,595.25) | ($2,595.25) |
| 10/7/2002 | CHECK | ($4,535.78) | ($4,535.78) |
| 1/10/2003 | CHECK | ($1,808.73) | ($1,808.73) |
| 4/9/2003 | CHECK | ($1,772.43) | ($1,772.43) |
| 7/8/2003 | CHECK | ($2,723.00) | ($2,723.00) |
| 10/9/2003 | CHECK | ($2,444.32) | ($2,444.32) |
| 1/8/2004 | CHECK | ($2,307.61) | ($2,307.61) |
| 4/8/2004 | CHECK | ($3,594.98) | ($3,594.98) |
| 7/7/2004 | CHECK | ($5,566.12) | ($5,566.12) |
| 10/7/2004 | CHECK | ($4,437.75) | ($4,437.75) |
| 1/7/2005 | CHECK | ($3,632.89) | ($3,632.89) |
| 4/7/2005 | CHECK | ($3,718.31) | ($3,718.31) |
| 7/7/2005 | CHECK | ($3,988.82) | ($3,988.82) |
| 10/7/2005 | CHECK | ($3,703.07) | ($3,703.07) |
| 1/9/2006 | CHECK | ($5,743.85) | ($5,743.85) |
| 4/7/2006 | CHECK | ($4,733.76) | ($4,733.76) |
| 7/10/2006 | CHECK | ($5,237.92) | ($5,237.92) |
| 10/6/2006 | CHECK | ($8,948.87) | ($8,948.87) |
| 1/8/2007 | CHECK | ($5,280.65) | ($5,280.65) |
| 4/4/2007 | CHECK | ($10,834.67) | ($10,834.67) |
| 7/6/2007 | CHECK | ($14,648.37) | ($14,648.37) |
| 10/4/2007 | CHECK | ($15,490.74) | ($15,490.74) |
| 1/8/2008 | CHECK | ($12,864.22) | ($12,864.22) |
| 4/7/2008 | CHECK | ($4,166.38) | ($4,166.38) |
| 7/7/2008 | CHECK | ($27,599.23) | ($27,599.23) |
| 10/6/2008 | CHECK | ($7,355.52) | ($7,355.52) |
| **Total Withdrawals:** | | ($295,318.71) | ($295,318.71) |
| | | | |
| **Total deposits less withdrawals:** | | $204,681.29 | ($25,318.71) |

300027770

5

| Table 2 - Account No. 1ZA066 | | | |
|---|---|---|---|
| **DEPOSITS** | | | |
| **DATE** | **TRANSACTION DESCRIPTION** | **AMOUNT** | **ADJUSTED AMOUNT** |
| 12/1/1992 | CHECK | $150,000.00 | $150,000.00 |
| 10/11/2005 | CHECK | $10,000.00 | $10,000.00 |
| 7/27/2006 | CHECK | $10,000.00 | $10,000.00 |
| 8/20/2008 | CHECK | $12,000.00 | $12,000.00 |
| **Total Deposits:** | | $182,000.00 | $182,000.00 |
| | | | |
| **WITHDRAWALS** | | | |
| **DATE** | **TRANSACTION DESCRIPTION** | **AMOUNT** | **ADJUSTED AMOUNT** |
| 10/1/2003 | TRANS TO 1ZA06430 | ($100,000.00) | ($100,000.00) |
| 1/3/2007 | TRANS TO 1ZA06430 | ($300,000.00) | ($70,000.00) |
| **Total Withdrawals:** | | ($400,000.00) | ($170,000.00) |
| | | | |
| **Total deposits less withdrawals:** | | ($218,000.00) | $12,000.00 |

Exhibit "B"

## CUSTOMER CLAIM

Claim Number_____

Date Received_____

### BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

### DECEMBER 11, 2008

Irving H. Picard, Esq.
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

Provide your office and home telephone no.

OFFICE: _(212) 201 - 9281_

HOME: _(914) 393 - 6490_

Taxpayer I.D. Number (Social Security No.)
_097 - 62 - 5456_

Account Number:    1ZA064
ROBERT JASON SCHUSTACK
253 STRATTON ROAD
NEW ROCHELLE, NY  10804

(If incorrect, please change)

NOTE:    BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY
THE ACCOMPANYING INSTRUCTION SHEET.  A SEPARATE CLAIM FORM
SHOULD BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL
PROTECTION AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE
RECEIVED BY THE TRUSTEE ON OR BEFORE March 4, 2009.  CLAIMS
RECEIVED AFTER THAT DATE, BUT ON OR BEFORE July 2, 2009, WILL BE
SUBJECT TO DELAYED PROCESSING AND TO BEING SATISFIED ON TERMS
LESS FAVORABLE TO THE CLAIMANT. PLEASE SEND YOUR CLAIM FORM BY
CERTIFIED MAIL - RETURN RECEIPT REQUESTED.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

1.    Claim for money balances as of December 11, 2008 :
      a.    The Broker owes me a Credit (Cr.) Balance of          $_____
      b.    I owe the Broker a Debit (Dr.) Balance of             $_____

502180406

c.  If you wish to repay the Debit Balance,
    please insert the amount you wish to repay and
    attach a check payable to "Irving H. Picard, Esq.,
    Trustee for Bernard L. Madoff Investment Securities LLC."
    If you wish to make a payment, **it must be enclosed**
    with this claim form.                                      $_____

d.  If balance is zero, insert "None."                         _____

2.  Claim for securities as of **December 11, 2008**:

**PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.**

|                                                    | YES | NO |
|----------------------------------------------------|-----|-----|
| a. The Broker owes me securities                   | ____ | ____ |
| b. I owe the Broker securities                     | ____ | ____ |

c.  If yes to either, please list below:

| Date of Transaction (trade date) | Name of Security | Number of Shares or Face Amount of Bonds | |
|---|---|---|---|
| | | The Broker Owes Me (Long) | I Owe the Broker (Short) |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

**Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclose, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation. You should also provide all documentation or**

Information regarding any withdrawals you have ever made or payments received from the Debtor.

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement. If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.

**PLEASE CHECK THE APPROPRIATE ANSWER FOR ITEMS 3 THROUGH 9.**

**NOTE:** IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION ON A SIGNED ATTACHMENT. IF SUFFICIENT DETAILS ARE NOT PROVIDED, THIS CLAIM FORM WILL BE RETURNED FOR YOUR COMPLETION.

|  |  | YES | NO |
|---|---|---|---|
| 3. | Has there been any change in your account since December 11, 2008? If so, please explain. | _____ | _____ |
| 4. | Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of the broker? | _____ | _____ |
| 5. | Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or policies of the broker? | _____ | _____ |
| 6. | Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in any way with the broker? If so, give name(s) | _____ | _____ |
| 7. | Is this claim being filed by or on behalf of a broker or dealer or a bank? If so, provide documentation with respect to each public customer on whose behalf you are claiming. | _____ | _____ |
| 8. | Have you ever given any discretionary authority to any person to execute securities transactions with or through the broker on your behalf? Give names, addresses and phone numbers. | _____ | _____ |

502180406                                3

9.    Have you or any member of your family
      ever filed a claim under the Securities
      Investor Protection Act of 1970?  if
      so, give name of that broker.                    _____   _____

      Please list the full name and address of anyone assisting you in the
      preparation of this claim form:_____

      _____.

If you cannot compute the amount of your claim, you may file an estimated claim.  In that
case, please indicate your claim is an estimated claim.

**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM.
CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR
IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.**

**THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY
INFORMATION AND BELIEF.**

Date  2/2/09            Signature _____

Date  _____   Signature _____

(If ownership of the account is shared, all must sign above.  Give each owner's name,
address, phone number, and extent of ownership on a signed separate sheet.  If other
than a personal account, *e.g.*, corporate, trustee, custodian, etc., also state your capacity
and authority.  Please supply the trust agreement or other proof of authority.)

**This customer claim form must be completed and mailed promptly,
together with supporting documentation, etc. to:**

Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

502180406

PORTFOLIO MANAGEMENT REPORT AS OF 9/30/08

THIS REPORT IS PROVIDED TO ASSIST YOU IN EVALUATING THE PERFORMANCE OF YOUR
ACCOUNT AND SHOULD NOT BE USED FOR INCOME TAX PURPOSES.


ROBERT JASON SCHUSTACK          1-ZA064-3


253 STRATTON ROAD
NEW ROCHELLE          NY 10804


STARTING EQUITY FOR CURRENT YEAR                    513,174.22CR
CAPITAL ADDITIONS
CAPITAL WITHDRAWALS                                  44,629.83-
REALIZED P/L FOR CURRENT YEAR                        38,675.63CR
UNREALIZED P/L ON OPEN SECURITY POSITIONS              445.50CR
CURRENT CASH BALANCE                                     .52CR
NET MARKET VALUE OF OPEN SECURITIES POSITIONS       507,665.00    NET LONG
TOTAL EQUITY                                        507,665.52CR

ANNUALIZED RETURN FOR CURRENT YEAR    10.65 %

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel (020) 7493 6222

ROBERT JASON SCHUSTACK

253 STRATTON ROAD
NEW ROCHELLE    NY    10804

| 1-ZA054-3-0 | 11/30/08 | *****5456 | 1 |
|---|---|---|---|

| Date | | | | Description | | | Amount |
|---|---|---|---|---|---|---|---|
| | 390 | | | BALANCE FORWARD | | | 29,951.27 |
| 11/12 | 286 | | 2740 | HEWLETT PACKARD CO | | 55,760 | 15,936.39 |
| 11/12 | 187 | | 5072 | WAL-MART STORES INC | | 55,830 | 15,978.38 |
| 11/12 | | | 5571 | INTERNATIONAL BUSINESS MACHS | | 27,270 | 16,336.49 |
| 11/12 | 753 | | 12990 | INTEL | | 59,580 | 21,601.09 |
| 11/12 | 363 | | 14226 | JOHNSON & JOHNSON | | 59,580 | 21,641.54 |
| 11/12 | 475 | | 19351 | J P MORGAN CHASE & CO | | 38,530 | 19,091.35 |
| 11/12 | 154 | | 27229 | MERRILL LYNCH | | 25,010 | 9,929.00 |
| 11/12 | 286 | | 31529 | MERCK & CO | | 28,550 | 8,176.30 |
| 11/12 | 1,045 | | 2585 | MICROSOFT CORP | | 21,810 | 22,932.45 |
| 11/12 | 209 | | 53657 | PFIZER INC | | 56,130 | 11,731.17 |
| 11/12 | 121 | | 53661 | APPLE INC | | 100,780 | 12,198.38 |
| 11/12 | 897 | | 57485 | PFIZER INC | | 16,840 | 15,128.54 |
| 11/12 | 590 | | 62313 | AMGEN INC | | 59,160 | 8,464.88 |
| 11/12 | 275 | | 66137 | PHILIP MORRIS INTERNATIONAL | | 44,100 | 12,027.00 |
| 11/12 | 715 | | 70965 | CITI GROUP INC | | 12,510 | 8,972.65 |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES



**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

ROBERT JASON SCHUSTACK

253 STRATTON ROAD
NEW ROCHELLE    NY    10804

1-ZA064-3-0    11/30/08    *******5456    2

| 11/12 | 165 | | SCHLUMBERGER LTD | | 49,489 | 8,170.20 | |
| 11/12 | 396 | 74789 | COMCAST CORP | | 16,510 | 6,552.96 | |
| | 198 | 75291 | AMOCO CORP | | | 15,713.20 | |
| 11/12 | 198 | 79617 | CONOCOPHILIPS | | 52,520 | 10,403.98 | |
| 11/12 | 133 | 93641 | UNITED PARCEL SVC INC | | 52,060 | 5,837.23 | |
| | | | SCHLUMBERG LTD | | | | |
| 11/12 | 231 | 87767 | U S BANCORP | | 29,530 | 6,830.43 | |
| | 275 | 88268 | CHEVRON CORP | | 73,530 | 20,204.25 | |
| | | | GENERAL ELEC CO | | | 15,779.15 | |
| 11/12 | 374 | 96419 | VERIZON COMMUNICATIONS | | 30,410 | 11,387.34 | |
| | 33 | 99821 | COMCAST | | 337,400 | 11,135.20 | |
| | | | DUE 2/12/2009 2/12/2009 | | | | |
| 11/12 | | | FIDELITY SPARTAN | DIV | | 30.43 | |
| | | | U S TREASURY MONEY MARKET | | | | |
| 11/12 | 52,416 | 18456 | FIDELITY SPARTAN | 1 | | 52,416.00 | |
| | | | U S TREASURY MONEY MARKET | | | | |
| 11/19 | | | FIDELITY SPARTAN | DIV | | .22 | |
| | | | U S TREASURY MONEY MARKET | | | | |
| | | | CONTINUED ON PAGE 3 | | | | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES



**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

ROBERT JASON SCHUSTACK
253 STRATTON ROAD
NEW ROCHELLE    NY    10804

1-ZA064-3-0    11/30/08    *******5456    3

| 11/19 | 1,779 | 5335 | FIDELITY SPARTAN U.S TREASURY MONEY MARKET | 1 | | 1,779.00 |
| | | | DOC 09/26/2009 | | | |
| 11/19 | 9,754 | 62371 | FIDELITY SPARTAN | 1 | 9,754.00 | |
| | | | NEW BALANCE | | 60,685.95 | |
| | | | SECURED POSITION | MKT PRICE | | |
| | 761 | | AT&T INC | 28.290 | | |
| | 209 | | ABBOTT LABORATORIES | 52.390 | | |
| | 143 | | AMGEN INC | 55.560 | | |
| | 688 | | BANK OF AMERICA | | | |
| | 275 | | CHEVRON CORP | 79.010 | | |
| | 803 | | CISCO SYSTEMS INC | 16.560 | | |
| | | | COCA COLA | | | |
| | 204 | | COMCAST CORP | 17.340 | | |
| | 396 | | CL A | | | |
| | 635 | | EXXON MOBIL CORP | 80.250 | | |
| | 1,397 | | GENERAL ELECTRIC CO | 17.170 | | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES





BERNARD L. MADOFF
INVESTMENT SECURITIES LLC
New York ☐ London

385 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

ROBERT JASON SCHUSTACK

253 STRAITON ROAD
NEW ROCHELLE    NY    10804

| 1-ZA064-3-0 | 11/30/08 | *******5456 | 5 |
|---|---|---|---|

| 374 | | VERIZON COMMUNICATIONS | 32.650 |
| 286 | | MCI/MCIC CLASS A INC | 25.880 |
| | | MARKET VALUE OF SECURITIES | |
| | | LONG | |
| | | SHORT | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES



**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

ROBERT JASON SCHUSTACK

253 STRATTON ROAD
NEW ROCHELLE        NY    10804

| 1-ZA064-4-0 | 11/30/88 | *******5456 | 1 |

| Date | | | Description | MKT PRICE | | |
|---|---|---|---|---|---|---|
| | | | BALANCE FORWARD | | | 29,952.00 |
| 13/12 | 11 | 48833 | S & P 100 INDEX NOVEMBER /50 PUT | 17.600 | 19,591.00 | |
| 13/19 | 11 | 39262 | S & P 100 INDEX DECEMBER /420 PUT | 30 | 33,011.00 | |
| 11/19 | 11 | 47912 | S & P 100 INDEX NOVEMBER /450 PUT | 37 | | 40,689.00 |
| | 11 | | NEW BALANCE | | | |

SECURITY POSITIONS
MKT PRICE

| | | | | | |
|---|---|---|---|---|---|
| 11 | | S & P 100 INDEX DECEMBER /420 PUT | 16.500 | | |
| | | LONG | SHORT | | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

**CUSTOMER CLAIM**

Claim Number_____

Date Received_____

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

### DECEMBER 11, 2008

Irving H. Picard, Esq.
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

Provide your office and home telephone no.

OFFICE: *(212) 201 - 9281*

HOME: *(914) 393 - 6490*

Taxpayer I.D. Number (Social Security No.)
*097 - 62 - 5456*

Account Number:   1ZA066
ROBERT JASON SCHUSTACK
253 STRATTON ROAD
NEW ROCHELLE, NY  10804

(If incorrect, please change)

NOTE:    BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY
THE ACCOMPANYING INSTRUCTION SHEET.  A SEPARATE CLAIM FORM
SHOULD BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL
PROTECTION AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE
RECEIVED BY THE TRUSTEE ON OR BEFORE March 4, 2009.    CLAIMS
RECEIVED AFTER THAT DATE, BUT ON OR BEFORE July 2, 2009, WILL BE
SUBJECT TO DELAYED PROCESSING AND TO BEING SATISFIED ON TERMS
LESS FAVORABLE TO THE CLAIMANT. PLEASE SEND YOUR CLAIM FORM BY
CERTIFIED MAIL - RETURN RECEIPT REQUESTED.

*********************************************************************************

1.    Claim for money balances as of **December 11, 2008** :
      a.    The Broker owes me a Credit (Cr.) Balance of          $_____
      b.    I owe the Broker a Debit (Dr.) Balance of              $_____

502180406

      c.     If you wish to repay the Debit Balance,
please insert the amount you wish to repay and
attach a check payable to "Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC."
If you wish to make a payment, **it must be enclosed**
with this claim form.               $_____

      d.     If balance is zero, insert "None."    _____

2.     Claim for securities as of **December 11, 2008**:

**PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.**

|  | YES | NO |
|---|---|---|
| a.  The Broker owes me securities | _____ | _____ |
| b.  I owe the Broker securities | _____ | _____ |

c.     If yes to either, please list below:

| Date of Transaction (trade date) | Name of Security | Number of Shares or Face Amount of Bonds | |
|---|---|---|---|
| | | The Broker Owes Me (Long) | I Owe the Broker (Short) |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

**Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclose, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation. You should also provide all documentation or**

information regarding any withdrawals you have ever made or payments received from the Debtor.

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement. If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.

**PLEASE CHECK THE APPROPRIATE ANSWER FOR ITEMS 3 THROUGH 9.**

NOTE:   IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION ON A SIGNED ATTACHMENT. IF SUFFICIENT DETAILS ARE NOT PROVIDED, THIS CLAIM FORM WILL BE RETURNED FOR YOUR COMPLETION.

<u>YES</u>        <u>NO</u>

3.   Has there been any change in your account since December 11, 2008? If so, please explain.

4.   Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of the broker?

5.   Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or policies of the broker?

6.   Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in any way with the broker? If so, give name(s)

7.   Is this claim being filed by or on behalf of a broker or dealer or a bank? If so, provide documentation with respect to each public customer on whose behalf you are claiming.

8.   Have you ever given any discretionary authority to any person to execute securities transactions with or through the broker on your behalf? Give names, addresses and phone numbers.

502180406                                    3

9.   Have you or any member of your family
     ever filed a claim under the Securities
     Investor Protection Act of 1970?  if
     so, give name of that broker.                    _____    _____

     Please list the full name and address of anyone assisting you in the
     preparation of this claim form:_____

     _____.

If you cannot compute the amount of your claim, you may file an estimated claim.  In that
case, please indicate your claim is an estimated claim.

**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM.
CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR
IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.**

**THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY
INFORMATION AND BELIEF.**

Date  _2/2/09_____   Signature_____

Date  _____   Signature_____

(If ownership of the account is shared, all must sign above.  Give each owner's name,
address, phone number, and extent of ownership on a signed separate sheet.  If other
than a personal account, *e.g.*, corporate, trustee, custodian, etc., also state your capacity
and authority.  Please supply the trust agreement or other proof of authority.)

**This customer claim form must be completed and mailed promptly,
together with supporting documentation, etc. to:**

Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

502180406

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
212 230-2424
P&S Dept. 212 230-2436
800 334-1343
Fax 212 838-4061

WE HAVE THIS DAY **CREDITED YOUR**
ACCOUNT WITH THE FOLLOWING:

8/20/08

CHECK                                                                    12,000.00

CLIENT'S ACCOUNT NUMBER

ROBERT  JASON  SCHUSTACK
253 STRATTON  ROAD
NEW ROCHELLE          NY 10804

1-ZA066-3





**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avent
New York, NY 1002
212 230-242
P&S Dept. 212 230-243
800 334-134
Fax 212 838-406

WE HAVE THIS DAY **CREDITED YOUR**
ACCOUNT WITH THE FOLLOWING:

**7/27/06**

| CHECK | 10,000.00 |
|-------|-----------|

CLIENT'S ACCOUNT NUMBER

ROBERT JASON SCHUSTACK
253 STRATTON ROAD
NEW ROCHELLE          NY 10804

1-ZA066-3





885 Third Avenue
New York, NY 10022
212 230-2424
P&S Dept. 212 230-2436
800 334-1343
Fax 212 838-4061

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

WE HAVE THIS DAY **CREDITED YOUR**
ACCOUNT WITH THE FOLLOWING:

10/11/05

CHECK

10,000.00

CLIENT'S ACCOUNT NUMBER

ROBERT JASON SCHUSTACK
253 STRATTON ROAD
NEW ROCHELLE        NY 10804

1-ZA066-3





Robert Jason Schustack
253 Stratton Road
New Rochelle, NY 10804

January 1, 2007

To Whom It May Concern,

Please transfer $300,000.00 from account # 1-ZA066-3 to account # 1-ZA064-3.

Thank you.

Sincerely,


Robert Schustack

PORTFOLIO MANAGEMENT REPORT AS OF  9/30/08

THIS REPORT IS PROVIDED TO ASSIST YOU IN EVALUATING THE PERFORMANCE OF YOUR
ACCOUNT AND SHOULD NOT BE USED FOR INCOME TAX PURPOSES.


ROBERT JASON SCHUSTACK              1-ZA066-3


253 STRATTON ROAD
NEW ROCHELLE        NY 10804


STARTING EQUITY FOR CURRENT YEAR                680,164.54CR
CAPITAL ADDITIONS                                12,000.00CR
CAPITAL WITHDRAWALS
REALIZED P/L FOR CURRENT YEAR                    53,539.74CR
UNREALIZED P/L ON OPEN SECURITY POSITIONS          693.00CR
CURRENT CASH BALANCE                                 .28CR
NET MARKET VALUE OF OPEN SECURITIES POSITIONS   746,397.00    NET LONG
TOTAL EQUITY                                    746,397.28CR

ANNUALIZED RETURN FOR CURRENT YEAR     10.59 %



**BERNARD L. MADOFF**
**INVESTMENT SECURITIES LLC**
New York □ London

385 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

ROBERT JASON SCHUSTACK

253 STRATTON ROAD
NEW ROCHELLE    NY    10804

| 1-ZA066-3-0 | 11/30/08 | ******5456 | 2 |

| Date | Quantity | Quantity | Security | Symbol | Price | Amount | Amount |
|---|---|---|---|---|---|---|---|
| 11/12 | 240 | | 74791 | SCHLUMBERGER LTD | 49.480 | 11,884.20 | |
| 11/12 | 576 | | 75399 | COMCAST CORP | 16.510 | 9,532.76 | |
| 11/12 | 288 | | 79619 | CONOCOPHILIPS | 52.510 | 15,133.88 | |
| 11/12 | 192 | | 83443 | UNITED PARCEL SVC INC | 52.040 | 9,998.68 | |
| 11/12 | 336 | | 87769 | U S BANCORP | 29.530 | 9,935.08 | |
| 11/12 | 400 | | 88771 | CHEVRON CORP | 72.430 | 29,338.00 | |
| 11/12 | 544 | | 96421 | VERIZON COMMUNICATIONS | 30.410 | 16,566.04 | |
| 11/12 | 49,600 | 49,600 | 18456 | FIDELITY SPARTAN U.S. TREASURY MONEY MARKET | 1 | 49,600.00 | 60.77 |
| 11/30 | | | | FIDELITY SPARTAN U.S. TREASURY MONEY MARKET | DIV | | 2.62 |
| | | | | CONTINUED ON PAGE 3 | | | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES



**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

ROBERT JASON SCHUSTACK
253 STRATTON ROAD
NEW ROCHELLE    NY    10804

11/30/08    *******5456    1-ZA066-3-0    4

| | Description | Amount |
|---|---|---|
| 48 | GOOGLE | 292,960 |
| 480 | HEWLETT PACKARD CO | 35,280 |
| 270 | INTERNATIONAL BUSINESS MACHS | |
| 720 | J.P. MORGAN CHASE & CO | 31,660 |
| 528 | JOHNSON & JOHNSON | 52,580 |
| 1,520 | MICROSOFT CORP | 20,220 |
| 768 | ORACLE CORPORATION | 16,090 |
| 400 | PHILLIP MORRIS INTERNATIONAL | 42,160 |
| 576 | PROCTER & GAMBLE CO | |
| 240 | SCHLUMBERGER LTD | |
| 19,355 | FIDELITY SPARTAN U.S. TREASURY MONEY MARKET | 1 |
| 192 | CLASS B U.S TREASURY BILL | 691,971 |
| 50,000 | | |
| 192 | UNITED TECHNOLOGIES CORP | 48,530 |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES



BERNARD L. MADOFF
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair London W1J 8DT
Tel 020 7493 6222

ROBERT JASON SCHUSTACK

253 STRATTON ROAD
NEW ROCHELLE        NY   10804

1-ZA056-3-0        11/30/08        ******5456        5

VERIZON COMMUNICATIONS        544        32,650
WAL-MART STORES INC          (16        55,080

MARKET VALUE OF SECURITIES
LONG
SHORT

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES



BERNARD L. MADOFF
INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Attinated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

ROBERT JASON SCHUSTACK

253 STRATTON ROAD
NEW ROCHELLE    NY    10804

1-ZA066-3-0        11/30/08        ******5456        6

YEAR-TO-DATE SUMMARY

GROSS PROCEEDS FROM SALES

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

ROBERT JASON SCHUSTACK
253 STRATTON ROAD
NEW ROCHELLE      NY    10804

| 1-ZA065-4-0 | 11/30/08 | ******5456 | 1 |

| Date | | | | Description | | MKT PRICE | | Amount |
|------|--|--|--|-------------|--|-----------|--|--------|
| | | | | BALANCE FORWARD | | | | 43,983.00 |
| 11/12 | 16 | | 48835 | NOVEMBER 450 CALL | | 17.800 | 28,496.00 | |
| | | | | NOVEMBER 450 INDEX / PUT | | | | |
| 11/19 | 16 | | 39264 | DECEMBER 450 CALL | | 30 | 48,016.00 | |
| | | | | S & P 100 INDEX | | | | |
| 11/25 | 5 | | 2589 | DECEMBER 420 PUT | | | | |
| 11/29 | 16 | 16 | 47924 | NOVEMBER 450 CALL | | 37 | 59,184.00 | |
| | | | | S & P 100 INDEX | | | | |
| | | | | NOVEMBER 450 PUT | | | | |
| | | | | NEW BALANCE | | | | 859,597.00 |

SECURITY POSITIONS                MKT PRICE

| | | | S & P 100 INDEX | | 15.500 | |
| 16 | | | DECEMBER 420 PUT | | | |

MARKET VALUE OF SECURITIES
LONG    76,600.00          SHORT    37,250.00-

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES