**OKIN, HOLLANDER & DeLUCA, L.L.P.**
Paul S. Hollander
Gregory S. Kinoian (GK-7386)
One Parker Plaza, 12th Floor
Fort Lee, NJ 07024
Tel. No.:   (201) 947-7500
Fax. No.:   (201) 947-2663

*Counsel to Vicki Kaplow Family Trust I,*
*Kaplow Family Partnership and Vicki Kaplow*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **Securities Investor Protection Corporation,** | **Adv. Proc. No. 08-01789 (BRL)** |
| **Plaintiff,** | |
| v. | **SIPA Liquidation** |
| **Bernard L. Madoff Investment Securities, LLC,** | |
| **Defendant.** | |
| In re: | |
| **Bernard L. Madoff,** | |
| **Debtor.** | |

**JOINT OBJECTION OF VICKI KAPLOW FAMILY TRUST I,**
**KAPLOW FAMILY PARTNERSHIP AND VICKI KAPLOW TO**
**NOTICES OF TRUSTEE'S DETERMINATIONS OF CLAIMS**

Vicki Kaplow Family Trust I (the "Kaplow Trust"), Kaplow Family Partnership (the "Kaplow Partnership") and Ms. Vicki Kaplow ("Ms. Kaplow"; and, collectively, with the Kaplow Trust and the Kaplow Partnership, the "Objectors"), by and through their undersigned counsel, hereby submit this joint objection (the "Joint Objection") to the Notice of Trustee's Determination of Claim (collectively, the "Claim Determinations") submitted by Irving H. Picard, the Trustee for the Liquidation of the Business of Bernard L. Madoff Investment Securities, LLC (the "Trustee") with respect to each Customer Claim submitted by the Objectors

(collectively, the "Objectors' Customer Claims").  By and through their counsel, the Objectors make the following representations in support of this Joint Objection:

## BACKGROUND

1.     Kaplow Trust, Kaplow Partnership and Ms. Kaplow each constitute a "customer" as defined by the Securities Investor Protection Act ("SIPA") of Bernard L. Madoff Investment Securities, LLC ("BLMIS").

2.     On or about January 12, 2009, each of the Objectors submitted a Customer Claim to the Trustee.  True and correct copies of the Objectors' Customer Claims, as submitted,[1] are annexed hereto as follows:

| Claimant | BLMIS Account No. | Claim No. Desigation | Exhibit Hereto |
|---|---|---|---|
| Kaplow Trust | 1-ZA848-3-0 | 004337 | **Exhibit A** |
| Kaplow Partnership | 1-ZA586-3-0 | 004338 | **Exhibit B** |
| Ms. Kaplow | 1-ZB285-3-0 | 004339 | **Exhibit C** |

3.     The final BLMIS statements received by each of the Objectors, each dated as of November 30, 2008, states that each Objector owned securities in the following values (collectively, the "Objectors' Final BLMIS Statements"):

| Claimant | BLMIS Account No. | Value of Securities as of 11/30/08 | Claim No. Desigation |
|---|---|---|---|
| Ms. Kaplow | 1-ZB285-3-0 | $4,383,402.68 | 004339 |
| Kaplow Partnership | 1-ZA586-3-0 | $677,112.56 | 004338 |
| Kaplow Trust | 1-ZA848-3-0 | $112,096.33 | 004337 |

A true and correct copy of each of the Objectors' Final BLMIS Statements was attached to each of the Objectors' Customer Claims (*see* Exhibits A, B and C hereto).

---

[1] The Social Security Number of Ms. Kaplow and the Federal Tax I.D. Numbers of the Kaplow Trust and the Kaplow Partnership have been redacted, in part.

4. A Notice of Trustee's Determination of Claim, dated August 19, 2009, was received with respect to the Customer Claim submitted by Kaplow Trust. A true and correct copy of the Claim Determination with respect to the Kaplow Trust Customer Claim is annexed hereto as **Exhibit D**.[2]

5. A separate Notice of Trustee's Determination Claim, each dated September 21, 2009, was received with respect to the Customer Claims submitted by Kaplow Partnership and Ms. Kaplow. A true and correct copy of the Claim Determination with respect to the Kaplow Partnership Customer Claim is annexed hereto as **Exhibit E**. A true and correct copy of the Claim Determination with respect to Ms. Kaplow's Customer Claim is annexed hereto as **Exhibit F**.

6. Based on the Trustee's Claim Determinations, the Objectors' Customer Claims have been deemed by the Trustee to be allowed in the following amounts:

| Claimant | BLMIS Account No. | Claim No. Desigation | Deemed Allowed Amount |
|---|---|---|---|
| Kaplow Partnership | 1-ZA586-3-0 | 004338 | $220,131.82 |
| Kaplow Trust | 1-ZA848-3-0 | 004337 | $47,867.66 |
| Ms. Kaplow | 1-ZB285-3-0 | 004339 | $12,490.14 |

**GROUNDS FOR OBJECTION**

**Trustee's "Money In/Money Out Analysis" Is Inconsistent with SIPA**

7. Each of the Trustee's Claim Determinations substantially reduced the amount of each of the Objectors' Customer Claims pursuant to a purported "money in/money out analysis" employed by the Trustee. The Objectors object to the "money in/money out analysis" employed by the Trustee as violating 15 U.S.C. Section 78fff-2(b), which provides that a customer's claim

---

[2] By mutual agreement between counsel to the Trustee and the undersigned, the deadline to submit an objection, if any, with respect to the Trustee's Claim Determination as to the Kaplow Trust Customer Claim was extended to October 19, 2009.

shall be allowed in the amount of the customer's "net equity." As used in SIPA, "net equity" is defined as:

> the dollar amount of the account or accounts of a customer, to be determined by –
>
> (A) calculating the sum which would have been owed by the debtor to such customer if the debtor had liquidated, by sale or purchase on the filing date, all securities positions of such customer (other than customer name securities reclaimed by the customer); minus
>
> (B) any indebtedness of such customer to the debtor on the filing date;
>
> ****

*See* 15 U.S.C. § 78lll(11). The Trustee's purported "money in/money out analysis" is inconsistent with the statutory approach for determining the amount of a customer's claim.

8. Indeed, SIPA's legislative history emphasizes Congressional intention that the statute protect customer expectations. The Trustee asserts in each of the Claim Determinations that "No securities were ever purchased for your account." *See* Claim Determinations at 1 (Exhibits D through F hereto). However, as the legislative history makes clear, it makes no difference whether securities were purchased:

> A customer generally expects to receive what he believes is in his account at the time the stockbroker ceases business. But because securities may have been lost, improperly hypothecated, misappropriated, ***never purchased***, or even stolen, it is not always possible to provide to customers that which they expect to receive, that is, securities which they maintained in their brokerage account… By seeking to make customer accounts whole and returning them to customers in the form they existed on the filing date, the amendments … would satisfy customers' legitimate expectations.

*See* S. Rep. No. 95-763, at 2 (1978) (emphasis added). Here, the Objectors' expectations were that they owned the securities identified on the Objectors' Final BLMIS Statements (each of which were actual securities available on the markets). That the securities were not actually purchased is not a basis under SIPA for reducing the Objectors' Customer Claims.

9. The Objectors received the Trustee's Notice to Customers of Bernard L. Madoff Investment Securities LLC Regarding Adjudication of "Net Equity" Issue, dated September 18, 2009 (the "Net Equity Adjudication Notice"). The Objectors hereby join with the customers opposing the Trustee's "money in/money out analysis" (defined in the Net Equity Adjudication Notice as the "cash in/cash out approach").

10. The Objectors hereby expressly reserve all claims with respect to the Trustee's "money in/money out analysis"/ "cash in/cash out approach" pending the Court's final determination of the "net equity" issue as outlined in the Net Equity Adjudication Notice.

**Conditioning Distribution of SIPC Payments on Assignment and Release Improper**

11. The Objectors also object to the Trustee's conditioning the release of funds allowable from the Securities Investor Protection Corporation ("SIPC") on the execution and delivery of the Assignment and Release forms attached to each of the Trustee's Claim Determinations. *See* Claims Determinations (Exhibits D through F hereto). The breadth of the Assignment and Release is broader than the simple rights of subrogation afforded to the Trustee und SIPA. *See*, *e.g.*, 15 U.S.C. § 78fff(a)(3); 15 U.S.C. § 78fff-2(c)(3).

12. Accordingly, the Trustee should promptly release the undisputed portions of the Objectors' Customer Claims, pending the Court's final determination of the "net equity" issue as outlined in the Net Equity Adjudication Notice, without requiring the execution of the Assignment and Release forms.

13. In any event, the Objectors object to the proposed Assignment and Release forms attached to each of the Trustee's Claim Determinations. Each Assignment and Release form includes the following paragraph:

> Should a final and unappealable court order determine that the
> Trustee is incorrect in his interpretation of "net equity" and its

>corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Assignment and Release shall be construed as a waiver of any rights or claims held by Assignor in having its customer claim re-determined in accordance with any such Court order.

*See* each Assignment and Release at page 3 (attached to each Claim Determination) (Exhibits D through F hereto).

14. The above-quoted provision in the Assignment and Release forms essentially constitutes a "most favored nation" provision. The Objectors' concern with the above-quoted provision is that it does not preserve for the Objectors the benefit of any settlement between the Trustee and a customer that may more favorable to the customer than the Trustee's "money in/money out analysis"/ "cash in/cash out approach", but which is not approved by an order of the Court. The Objectors should also be given the benefit in any such Assignment and Release of any settlement that may be reached between a Trustee and a customer that is more favorable to the customer than the Trustee's "money in/money out analysis"/ "cash in/cash out approach."

## **RELIEF REQUESTED**

15. For the reasons set forth above, each of the Objectors' Customer Claims should be allowed in full. Each of the Trustee's Claim Determinations should be denied in its entirety.

16. The amounts of each of the Objectors' Customer Claims deemed allowed in the Trustee's Claim Determinations deemed allowed by the Trustee (the undisputed amounts), should be issued immediately without further delay and without requiring the execution and delivery of the Assignment and Release forms, pending a final determination of this Joint Objection and the final determination of the Net Equity Adjudication Notice.

17. The Objectors request such other and further relief as may be just and equitable.

18.     The Objectors hereby reserve the right to supplement or amend this Joint Objection as may be necessary. The Objectors' failure to object on a particular ground or grounds shall not be construed as waiver of the Objectors' right to object on any additional grounds.

**WHEREFORE**, the Objectors respectfully request an order be entered as follows: (i) allowing each of the Objectors' Customer Claims in full; (ii) denying each of the Trustee's Claim Determinations in its entirety; (iii) directing the Trustee to deliver to the amounts of each of the Objectors' Customer Claims deemed allowed in the Trustee's Claim Determinations deemed allowed by the Trustee (the undisputed amounts) without further delay and without requiring the execution and delivery of the Assignment and Release forms, pending a final determination of this Joint Objection and the final determination of the Net Equity Adjudication Notice; and (iv) granting other and further relief as may be just and equitable.

Dated: October 19, 2009

**OKIN, HOLLANDER & DeLUCA, L.L.P.**
*Counsel to Vicki Kaplow Family Trust I, Kaplow Family Partnership and Vicki Kaplow*

By: */s/ Gregory S. Kinoian*
         Gregory S. Kinoian (GK-7386)
         Paul S. Hollander
One Parker Plaza, 12th Floor
Fort Lee, NJ  07024
Tel. No.:   (201) 947-7500
Fax. No.:  (201) 947-2663
E-Mail:    gkinoian@ohdlaw.com

f:\och\kaplow, peter & vicki\pleadings\obj to claims deterinations.doc