| | |
|---|---|
| Caption: | Securities Investor Protection Corporation, Plaintiff, v. Bernard L. Madoff Investment Securities, LLC, Defendant |
| Adv. Proc. No.: | 08-01789 (BRL) SIPA Liquidation |
| EXHIBIT E | **Joint Objection of Vicki Kaplow Family Trust I, Kaplow Family Partnership and Vicki Kaplow to Notices of Trustee's Determinations of Claims** |

# EXHIBIT E

COPY

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

## DECEMBER 11, 2008[1]

## NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

September 21, 2009

KAPLOW FAMILY PARTNERSHIP
7 Headley Way
Woodbury, NY 11797

Dear KAPLOW FAMILY PARTNERSHIP:

### PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim on BLMIS Account No. 1ZA586 designated as Claim Number 004338:

Your claim for a credit balance of $677,112.56 and for securities is **DENIED**. No securities were ever purchased for your account.

Your claim is **ALLOWED** for $220,131.82, which was the balance in your BLMIS Account on the Filing Date based on the amount of money you deposited with BLMIS for the purchase of securities, less subsequent withdrawals (see Table 1 attached hereto).

As reflected in Table 1, certain of the transfers into or out of your account have been adjusted. As part of the Trustee's analysis of accounts, the Trustee has assessed accounts based on a money in/money out analysis (i.e., has the investor deposited more or less than he or she withdrew from BLMIS). This analysis allows the Trustee to determine which part of an account's balance is originally invested principal and which part is fictitious gains that were fabricated by BLMIS. A customer's allowed claim is based on the amount of principal in the customer's account.

---

[1] Section 78lll(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78lll(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

300030013.1

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

> Clerk of the United States Bankruptcy Court for
> the Southern District of New York
> One Bowling Green
> New York, New York 10004

> and

> Irving H. Picard, Trustee
> c/o Baker & Hostetler LLP
> 45 Rockefeller Plaza
> New York, New York 10011

_____
Irving H. Picard

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

cc:  Paul Hollander, Esq.
     Okin, Hollander, & DeLuca LLP
     One Parker Plaza
     Ft. Lee, NJ 07024

300030013.1                                    3

| DATE | TRANSACTION DESCRIPTION | AMOUNT | ADJUSTED AMOUNT |
|---|---|---|---|
| 12/24/1992 | TRANS TO KOHL-SONNETT | ($14,000.00) | ($14,000.00) |
| 7/13/1995 | CHECK | ($10,000.00) | ($10,000.00) |
| 10/2/1995 | CHECK | ($10,000.00) | ($10,000.00) |
| 10/26/1995 | CHECK | ($10,000.00) | ($10,000.00) |
| 1/2/1996 | CHECK | ($10,000.00) | ($10,000.00) |
| 4/1/1996 | CHECK | ($10,000.00) | ($10,000.00) |
| 7/1/1996 | CHECK | ($10,000.00) | ($10,000.00) |
| 10/1/1996 | CHECK | ($10,000.00) | ($10,000.00) |
| 1/2/1997 | CHECK | ($10,000.00) | ($10,000.00) |
| 4/1/1997 | CHECK | ($10,000.00) | ($10,000.00) |
| 7/1/1997 | CHECK | ($10,000.00) | ($10,000.00) |
| 10/1/1997 | CHECK | ($10,000.00) | ($10,000.00) |
| 1/2/1998 | CHECK | ($10,000.00) | ($10,000.00) |
| 4/1/1998 | CHECK | ($10,000.00) | ($10,000.00) |
| 7/1/1998 | CHECK | ($10,000.00) | ($10,000.00) |
| 10/1/1998 | CHECK | ($10,000.00) | ($10,000.00) |
| 1/4/1999 | CHECK | ($10,000.00) | ($10,000.00) |
| 4/1/1999 | CHECK | ($10,000.00) | ($10,000.00) |
| 7/1/1999 | CHECK | ($10,000.00) | ($10,000.00) |
| 10/1/1999 | CHECK | ($10,000.00) | ($10,000.00) |
| 1/3/2000 | CHECK | ($10,000.00) | ($10,000.00) |
| 4/3/2000 | CHECK | ($10,000.00) | ($10,000.00) |
| 7/3/2000 | CHECK | ($10,000.00) | ($10,000.00) |
| 10/2/2000 | CHECK | ($10,000.00) | ($10,000.00) |
| 1/2/2001 | CHECK | ($10,000.00) | ($10,000.00) |
| 4/2/2001 | CHECK | ($10,000.00) | ($10,000.00) |
| 4/23/2001 | RETURNED CHECK | $10,000.00 | $10,000.00 |
| 12/5/2001 | CHECK WIRE | ($1,001,008.00) | ($1,001,008.00) |
| 1/8/2002 | CHECK | ($65,000.00) | ($65,000.00) |
| 1/8/2002 | TRANS TO 1ZB28630 | ($750,000.00) | ($384,036.64) |
| 1/8/2002 | TRANS TO 1ZB28530 | ($750,000.00) | ($384,036.64) |
| 3/12/2002 | TRANS TO 1ZB28530 | ($150,000.00) | ($150,000.00) |
| 3/12/2002 | TRANS TO 1ZB28630 | ($150,000.00) | ($150,000.00) |
| 6/11/2002 | TRANS TO 1ZB28630 | ($131,910.09) | ($18,369.34) |
| Total Withdrawals: | | ($3,251,918.09) | ($2,406,450.62) |
| | | | |
| Total deposits less withdrawals: | | ($625,335.65) | $220,131.82 |

300030013.1        5

Assignor against BLMIS. Such assignment is only to the extent that Assignor has received satisfaction of the Customer Claim as set forth above.

Further, Assignor has not previously compromised or assigned any claim, cause of action or other right against BLMIS, its principals or agents or any third party arising out of or related to any fraudulent or illegal activity giving rise to the Customer Claim.

Upon reasonable request of the SIPA Trustee or SIPC, Assignor agrees to cooperate with the SIPA Trustee or SIPC in connection with any efforts of either to recover from the principals or agents of BLMIS or anyone else for amounts advanced by SIPC or paid by the SIPA Trustee to satisfy Assignor's Customer Claim in this SIPA liquidation proceeding. Such efforts to recover by the SIPA Trustee or SIPC, either to demand or pursue or to prosecute or settle any collection effort, action or proceeding therefore, shall be at the sole cost of the SIPA Trustee or SIPC.

Effective immediately and without further action, contingent only upon Assignor's receipt from the SIPA Trustee or his agent of a check in the amount of $220,131.82 as set forth in the SIPA Trustee's Notice of Determination of the Customer Claim dated September 21, 2009, (the "Trustee's Determination"), and upon receipt by the SIPA Trustee of this executed and notarized Assignment and Release, the Assignor does for Assignor's executors, administrators, heirs and assigns hereby remise, release and forever discharge the SIPA Trustee and SIPC, as subrogee to the extent of its cash advances for the satisfaction of the Customer Claim, and, as the case may be, its officers, directors, professionals, employees, agents, successors and assigns, of and from any and all claims arising out of or relating to the Assignor's BLMIS Account, the Customer Claim filed with the SIPA Trustee as protected by the provisions of SIPA, and any and all circumstances giving rise to said Customer Claim which the Assignor now has, or hereafter may

**IN WITNESS WHEREOF,** the undersigned has on this day set forth below duly executed this Assignment of Assignor's Customer Claim and Release, intending to be legally bound hereby.

By:_____
Vicki Kaplow, General and Limited Partner


By:_____
Peter Kaplow, General and Limited Partner

Sworn and subscribed before me this
\_\_\_\_ day of _____, 2009.


_____
Notary Public

300030024.1                     4