

DR. ROBERT KRAHAM
JEWEL KRAHAM
385 WINDFALL LANE
SOMERSET, NJ 08873

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------
SECURITIES INVESTOR PROTECTION
CORPORATION,

        Plaintiffs

vs.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

        Defendant.
-----------------------------------------------------------

Adv. Pro. No. 08-01789 (BRL)

SIPA Liquidation

**OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM**

Robert and Jewel Kraham hereby object to the Notice of Trustee's Determination of Claim dated September 2, 2009 sent by Irving H. Picard and state as follows:

**Background facts**

1. The Krahams had an account with Bernard L. Madoff Investment Securities LLC ("Madoff"): Account No. 1ZA662. Each of Robert Kraham and Jewel Kraham had deposited money into the Account for the purpose of purchasing securities and each of them had the power to direct the investments in the Account.

2. During the period from 1992 to 2001 the Krahams deposited $160,000 into the Account.

3. Jewel Kraham's father, Milton Kalman, also had an account with Bernard L. Madoff Investment Securities LLC ("Madoff") bearing account number 1ZA33530.

1091574.1

4.   In 2001, Milton Kalman passed away leaving his estate, including account number 1ZA33530 to his children, Jewel Kraham and Ronald Kalman.

5.   On December 18, 2001, $52,723.67 was transferred from account number 1ZA33530 to account number 1ZA662.

6.   During the period from June 2005 to August 2007, the Krahams withdrew $85,000 from the Account.

7.   Throughout the period that the Krahams had the Account, they paid taxes annually on the appreciation in the Accounts.

8.   The November 30, 2008 market value of securities in the Account was $975,378.05.

9.   On February 9, 2009, the Krahams sent a SIPC claim to the trustee for the Account asserting a claim for securities in the amount of $975,378.05 based upon the November 30, 2008 Madoff statement.

10.  On September 18, 2009, the trustee sent the Krahams a determination letter (the "Determination Letter") with respect to the Account, rejecting the claim for securities based upon the November 30, 2008 balance and stating that they were entitled to $75,000 based on the amount deposited less the amount withdrawn. However, this amount did not include the $53,723.67 transferred from account 1ZA33530 on December 18, 2001.

**OBJECTION -- There is no legal basis to exclude the transfer from Account Number 1ZA33530 in the equity calculation.**

11.  The Determination Letter does not state the basis for the exclusion of the amount transferred from account number 1ZA33530.

2

1091574.1

12. Upon the account holder's death, the value of the account could have been withdrawn by the executor of the estate. Instead, the amount was transferred to accounts held by heirs. Specifically, $52,723.67 was transferred to Account Number 1ZA662 held by the Krahams.

13. That transfer should be treated as a deposit for purposes of equity calculations.

14. The executor could have withdrawn the funds from the decedent's account in which case the heirs would have received a cash equivalent to the value set forth in the statement on or about December 2001 following the decedent's death. Alternatively, the executor could have withdrawn the funds and redeposited them into the heirs accounts, in which case, the amount likely would have been treated by the trusee as a deposit for purposes of calculating the equity in account number 1ZA662.

**The Trustee has no right to condition payment of SIPC insurance on execution of a release.**

15. The trustee has conditioned payment to the Krahams of the $75,000 SIPC payment, which he does not dispute, on execution by them of a Partial Assignment and Release that would "release and forever discharge the SIPA Trustee and SIPC . . . from any and all claims arising out of or relating to [their account], the Customer Claim filed with the SIPA Trustee. . ., and any and all circumstance giving rise to the Customer Claim." There is no legal basis for requiring such a Partial Assignment and Release in exchange for SIPC insurance to which the Krahams are unconditionally entitled.

16. The Trustee is obligated to pay customers the undisputed amount he owes them, even if they do not execute a release and file an objection.

**Conclusion**

3

1091574.1

The Krahams are entitled to an order compelling the trustee and SIPC to include the amount transferred from account 1ZA33530 to account 1ZA662 in calculating the equity in the account;

The Krahams are entitled to have payment dispersed without executing the Partial Assignment and Release sent to them by the trustee.

*[signature]*
DR. ROBERT KRAHAM

*[signature]*
JEWEL KRAHAM

October 8, 2009