**EXHIBIT F**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                      Plaintiff-Applicant,<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                      Defendant.<br><br>IN RE:<br><br>BERNARD L. MADOFF,<br><br>                      Debtor. | Adv. Proc. No. 08-1789 (BRL)<br>SIPA Liquidation<br><br>(Substantively Consolidated) |

**DECLARATION OF JOSEPHINE WANG IN SUPPORT OF
MOTION FOR PROTECTIVE ORDER DENYING DISCOVERY SOUGHT BY
CLAIMANT LAWRENCE R. VELVEL THROUGH HIS
REQUESTS FOR PRODUCTION OF DOCUMENTS
(28 U.S.C. § 1746)**

I, Josephine Wang, declare as follows:

1.    I am General Counsel and Secretary of the Securities Investor Protection Corporation ("SIPC"), located at 805 15th Street, N. W., Suite 800, Washington, D. C. 20005, and have held those positions at all times relevant to this matter. In my capacity as SIPC's Secretary, I am SIPC's custodian of records and am therefore familiar with the manner in which the organization preserves and maintains its records.

2.    In late September 2009, SIPC received a request for production of documents served



by Lawrence R. Velvel ("Velvel") in the above-captioned proceeding ("First Production Request"). A copy of the Production Request is attached to SIPC's motion for a protective order, filed contemporaneously herewith, as Exhibit A.

3. Upon receiving a copy of the First Production Request, I immediately distributed it to all SIPC personnel and requested the personnel to provide me with all documents responsive to the request in their possession or custody or an estimate of the number of such documents in their possession or custody.

4. Based upon the responses to my request and upon personal information acquired by me as counsel in this proceeding, I have concluded that the number of pages responsive to the First Production Request ("Responsive Document"), totals in the thousands.

5. Based upon my brief review of the Responsive Documents and the responses to my request, and upon my personal knowledge, I have concluded that the documents principally fall into one of two categories: (1) documents filed in court in the above-captioned matter or otherwise readily available to the public; and (2) documents eligible for protection against disclosure by one or more privileges or other comparable doctrines, e.g., the attorney-client privilege, the joint-defense privilege, and the work-product doctrine.

6. Many documents in the latter category include, without limitation, those reflecting communications between and among SIPC and its counsel and/or communications between SIPC and the Trustee for the above-captioned liquidation and their counsel and staff. All, or nearly all, of these documents were prepared in connection with, or in anticipation of, litigation, and many reflect either attorney-client communications and/or communications in connection with a party with whom SIPC enjoys a joint-defense privilege.

7.      On October 28, 2009, I received by electronic mail a copy of a second request for production of documents propounded by Velvel ("Second Production Request"). A copy of the Second Production Request is attached to SIPC's motion for protective order as Exhibit B. This second request seeks documents "relating to any reason or reasons for or against satisfying the claims of Madoff investors by acquiring and providing to them the securities shown on their statements of November 30, 2008." I believe that most, and perhaps all, of the documents responsive to this second request are encompassed within the Responsive Documents.

8.      In view of the scope of the First and Second Production Requests, I have concluded that a careful review of each Responsive Document for privilege or other grounds for withholding, preparation of a proper and complete privilege log, preparation of a response to the First and Second Production Requests, and supervisory review of the log and response, would entail a substantial of time of one or more SIPC attorneys and support personnel.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 30 day of October, 2009.

                                            _____
                                            JOSEPHINE WANG