# UNITED STATE BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

SECURITIES INVESTOR PROTECTION
CORPORATION,
        Plaintiff,

v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,
        Defendant.

Adv. Pro. 08-01789 (BRL)



RECEIVED OCT 3 0 2009 U.S. BANKRUPTCY COURT, SDNY

## OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM

1.    James S. Werter, representing James S. Werter Revocable Trust dtd 9/25/03" is a "customer," as defined by the Securities Investor Protection Act ("SIPA"), of Bernard L. Madoff Investment Securities, LLC ("BMIS").

2.    Mr. Werter's final BMIS statement, dated November 30, 2008, states that he owns securities valued at approximately $1,150,000.00 ("Final BMIS Statement").

3.    Mr. Werters BMIS account number is 1ZA979 and his SPIC claim number is 000086.

4.    On December 11, 2008, the above-captioned liquidation proceeding was commenced against BMIS, pursuant to the Securities Investor Protection Act of 1970 ("SIPA"). *See* Order, *Securities and Exchange Commission v. Madoff,* No. 08-10791 (S.D.N.Y. Dec. 15, 2008) (ordering relief under SIP A and transferring proceeding to the United States Bankruptcy Court for the Southern District of New York) [Dkt. No.4]. Irving Picard was appointed Trustee ("BMIS Trustee"), charged with overseeing the liquidation of BMIS and processing customer claims for money pursuant to SIPA. *fd.;* 15 u.S.C. 78fff-l(a).

5.    On December 23, 2008, the Court issued an Order directing the Trustee to disseminate notice and claim forms to BMIS customers and setting forth claim-filing deadlines. *See* Order [Dkt. No. 12]. Upon information and belief, the BMIS Trustee disseminated notice and claim forms to BMIS's customers in accordance with the Court's Order.

6.    The December 23, 2008 Order further provided that, to the extent the BMIS Trustee disagrees with the amount set forth on a customer claim form, the BMIS Trustee "shall notify such claimant by mail of his determination that the claim is disallowed, in whole or in part, *and the reason therefor ....* " *See* Order at 6 (emphasis added) [DIet. No. 12].

7. On or about March 3, 2009, Mr. Werter submitted a customer claim form to SIPC, setting forth his claim in the approximate amount of $1,150,000.00. *See* Werter Customer Claim for Acct. No. 1ZA979 (Exhibit A).

8. On October 19, 2009, the BMIS Trustee sent Mr. Werter the Determination Letter disallowing Mr. Werter's claim in its entirety. *See* Determination Letter (Exhibit B).

9. Mr. Werter hereby objects to the Determination Letter for the reasons stated in the Objection to Trustee's Determination of Claim entered on behalf of Martin Rappaport, on or about June 12, 2009, by and through Mr. Rappaport's attorney of the law firm of Milberg, LLP and Seeger Weiss LLP and requests this Honorable Court to consider those arguments for consideration as Mr. Werter's position. *See* Martin Rappaport's Objection to Notice of Trustee's Determination of Claim (Exhibit C).

## RELIEF REQUESTED

10. For the reasons stated herein, the Werter Customer Claim should be allowed in its entirety.

11. For the reasons stated herein, the Court should direct SIPC to issue immediate payment to Mr. Rappaport in the amount of $500,000, plus interest from the date of the Determination Letter, and such equitable relief as the Court deems appropriate.

12. The BMIS Trustee's determination amounts to an improper disallowance of a claim that has prima facie validity. *See* Bankruptcy Code § 502(a). The BMIS Trustee has offered no factual or legal basis for his Determination. The BMIS Trustee's Determination Letter, and the objections contained therein, should be stricken, or alternatively, the BMIS Trustee should describe his position in detail including all relevant facts, legal theories, and authorities. Upon the filing of such a statement, this matter will be a contested proceeding under Rule 9014, and Mr. Werter will file a response.

13. Mr. Werter requests such other relief as may be just and equitable.

I HEREBY CERTIFY that a copy of this instrument has been delivered by U.S. Mail to the Irving H. Picard, Esquire, Trustee, 2100 McKinney Avenue, Suite 800, Dallas, TX 75201, and Baker & Hostetler, LLP, 45 Rockefeller Plaza, New York, NY 10111   `, this 26 day of October, 2009.

*[signature]*
JAMES S. WERTER, PRO SE
1201 Arapaho Avenue, Suite B
St. Augustine, FL 32084
(904) 827-0446

# CUSTOMER CLAIM

Claim Number_____

Date Received_____

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

## DECEMBER 11, 2008

Irving H. Picard, Esq.
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

Provide your office and home telephone no.

OFFICE: (904) 827-0446

HOME: (904) 543-9434

Taxpayer I.D. Number (Social Security No.)
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

Account Number:    1ZA979
JAMES S WERTER
REVOCABLE TRUST DTD 9/25/03
1201 ARAPAHO AVENUE #B
ST AUGUSTINE, FL 32084

(If incorrect, please change)

NOTE:    BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY THE ACCOMPANYING INSTRUCTION SHEET. A SEPARATE CLAIM FORM SHOULD BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL PROTECTION AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE RECEIVED BY THE TRUSTEE ON OR BEFORE March 4, 2009. CLAIMS RECEIVED AFTER THAT DATE, BUT ON OR BEFORE July 2, 2009, WILL BE SUBJECT TO DELAYED PROCESSING AND TO BEING SATISFIED ON TERMS LESS FAVORABLE TO THE CLAIMANT. PLEASE SEND YOUR CLAIM FORM BY CERTIFIED MAIL - RETURN RECEIPT REQUESTED.

*********************************************************************

1.  Claim for money balances as of **December 11, 2008**:
    a.  The Broker owes me a Credit (Cr.) Balance of     $1,150,000 Approx.
    b.  I owe the Broker a Debit (Dr.) Balance of        $ 0

502180406                                  1                              Exhibit A

   c.   If you wish to repay the Debit Balance,
please insert the amount you wish to repay and
attach a check payable to "Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC."
If you wish to make a payment, **it must be enclosed**
with this claim form.  $ 0

   d.   If balance is zero, insert "None."  $( 1,130,000 Approx.

2.   Claim for securities as of **December 11, 2008**:

**PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.**

|   |   | YES | NO |
|---|---|---|---|
| a. | The Broker owes me securities | X |   |
| b. | I owe the Broker securities |   | X |

c.   If yes to either, please list below:

| Date of Transaction (trade date) | Name of Security | Number of Shares or Face Amount of Bonds | |
|---|---|---|---|
|  |  | The Broker Owes Me (Long) | I Owe the Broker (Short) |
|   | Unknown |   |   |
|   |   |   |   |
|   |   |   |   |
|   |   |   |   |

**Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclose, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation. You should also provide all documentation or**

502180406          2


Exhibit A

information regarding any withdrawals you have ever made or payments received from the Debtor.

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement. If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.
**PLEASE CHECK THE APPROPRIATE ANSWER FOR ITEMS 3 THROUGH 9.**

NOTE:   IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION ON A SIGNED ATTACHMENT. IF SUFFICIENT DETAILS ARE NOT PROVIDED, THIS CLAIM FORM WILL BE RETURNED FOR YOUR COMPLETION.

|  |  | YES | NO |
|---|---|---|---|
| 3. | Has there been any change in your account since December 11, 2008? If so, please explain. | _[illegible handwriting]_ | X |
| 4. | Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of the broker? |  | X |
| 5. | Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or policies of the broker? |  | X |
| 6. | Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in any way with the broker? If so, give name(s) |  | X |
| 7. | Is this claim being filed by or on behalf of a broker or dealer or a bank? If so, provide documentation with respect to each public customer on whose behalf you are claiming. |  | X |
| 8. | Have you ever given any discretionary authority to any person to execute securities transactions with or through the broker on your behalf? Give names, addresses and phone numbers. |  | X |

502180406                                  3                            Exhibit A

9. Have you or any member of your family ever filed a claim under the Securities Investor Protection Act of 1970? if so, give name of that broker. _____ X

Please list the full name and address of anyone assisting you in the preparation of this claim form: _None_____

If you cannot compute the amount of your claim, you may file an estimated claim. In that case, please indicate your claim is an estimated claim.

**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM. CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.**

THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY INFORMATION AND BELIEF.

Date 01/07/2009     Signature /s/ James A. Venti

Date _____  Signature _____

(If ownership of the account is shared, all must sign above. Give each owner's name, address, phone number, and extent of ownership on a signed separate sheet. If other than a personal account, e.g., corporate, trustee, custodian, etc., also state your capacity and authority. Please supply the trust agreement or other proof of authority.)

This customer claim form must be completed and mailed promptly, together with supporting documentation, etc. to:

Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

502180406

4

Exhibit A

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

## DECEMBER 11, 2008[1]

## NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

October 19, 2009

James S. Werter Revocable Trust dtd 9/25/03
1201 Arapaho Avenue #B
St. Augustine, FL 32084

Dear James S. Werter Revocable Trust dtd 9/25/03:

## PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim on BLMIS Account No. 1ZA979 designated as Claim Number 000086:

Your claim for a credit balance of $1,150,000.00 and for securities is **DENIED**. No securities were ever purchased for your account.

Further, based on the Trustee's analysis, the amount of money you withdrew from your account at BLMIS (total of $1,773,547.58), as more fully set forth in Table 1 annexed hereto and made a part

---

[1] Section 78*lll*(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78*lll*(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.


Exhibit B

hereof, is greater than the amount that was deposited with BLMIS for the purchase of securities (total of $958,000.00). As noted, no securities were ever purchased by BLMIS for your account. Any and all profits reported to you by BLMIS on account statements were fictitious.

Since there were no profits to use either to purchase securities or to pay you any money beyond the amount that was deposited into your BLMIS account, the amount of money you received in excess of the deposits in your account ($815,547.58) was taken from other customers and given to you. Accordingly, because you have withdrawn more than was deposited into your account, you do not have a positive "net equity" in your account and you are not entitled to an allowed claim in the BLMIS liquidation proceeding. Therefore, your claim is **DENIED** in its entirety.

Should a final and unappealable court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by you in having your customer claim re-determined in accordance with any such Court order.

Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by the Trustee against you.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after October 19, 2009, the date on which the Trustee mailed this notice.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.


Exhibit B

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

> Clerk of the United States Bankruptcy Court for
> the Southern District of New York
> One Bowling Green
> New York, New York 10004

> and

> Irving H. Picard, Trustee
> c/o Baker & Hostetler LLP
> 45 Rockefeller Plaza
> New York, New York 10111

_____
Irving H. Picard

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

3

exhibit B

### Table 1

#### DEPOSITS

| DATE | TRANSACTION DESCRIPTION | AMOUNT |
|---|---|---|
| 1/22/1993 | CHECK | $380,000.00 |
| 8/22/1994 | CHECK | $15,000.00 |
| 3/10/1995 | CHECK | $5,000.00 |
| 8/14/1995 | CHECK | $10,000.00 |
| 4/12/1996 | CHECK | $20,000.00 |
| 9/23/1996 | CHECK | $45,000.00 |
| 11/29/1996 | CHECK | $20,000.00 |
| 9/22/1997 | CHECK | $8,000.00 |
| 7/2/1998 | CHECK | $10,000.00 |
| 10/19/1998 | CHECK | $125,000.00 |
| 12/17/1998 | CHECK | $10,000.00 |
| 12/29/1998 | CHECK RETURNED | ($10,000.00) |
| 1/15/1999 | CHECK | $30,000.00 |
| 1/29/1999 | CHECK | $30,000.00 |
| 2/5/1999 | CHECK | $100,000.00 |
| 3/26/1999 | CHECK | $40,000.00 |
| 5/12/1999 | CHECK WIRE | $35,000.00 |
| 9/24/1999 | CHECK | $15,000.00 |
| 11/5/1999 | CHECK | $30,000.00 |
| 11/1/2002 | CHECK | $40,000.00 |
| **Total Deposits:** | | $958,000.00 |

#### WITHDRAWALS

| DATE | TRANSACTION DESCRIPTION | AMOUNT |
|---|---|---|
| 4/8/1993 | CHECK | ($11,547.58) |
| 6/21/1993 | CHECK | ($20,000.00) |
| 7/13/1993 | CHECK | ($14,713.30) |
| 7/22/1993 | CXL CHECK 7/13/93 | $14,713.30 |
| 3/1/1994 | CHECK | ($15,000.00) |
| 5/3/1994 | CHECK | ($5,000.00) |
| 6/1/1994 | CHECK | ($5,000.00) |
| 6/22/1994 | CHECK | ($5,000.00) |
| 6/27/1994 | CHECK | ($5,000.00) |
| 3/1/1995 | CHECK | ($20,000.00) |
| 6/22/1995 | CHECK | ($5,000.00) |
| 10/19/1995 | CHECK | ($5,000.00) |
| 12/5/1995 | CHECK | ($5,000.00) |
| 4/2/1996 | CHECK | ($30,000.00) |

Exhibit B

| Date | Type | Amount |
|---:|:---:|---:|
| 6/7/1996 | CHECK | ($40,000.00) |
| 8/5/1996 | CHECK | ($5,000.00) |
| 10/24/1996 | CHECK | ($3,000.00) |
| 11/21/1996 | CHECK | ($8,000.00) |
| 12/16/1996 | CHECK | ($8,000.00) |
| 1/24/1997 | CHECK | ($5,000.00) |
| 2/21/1997 | CHECK | ($4,000.00) |
| 3/21/1997 | CHECK | ($40,000.00) |
| 5/21/1997 | CHECK | ($5,000.00) |
| 6/19/1997 | CHECK | ($5,000.00) |
| 7/2/1997 | CHECK | ($20,000.00) |
| 11/21/1997 | CHECK | ($4,000.00) |
| 11/26/1997 | CHECK | ($4,000.00) |
| 2/5/1998 | CHECK | ($5,000.00) |
| 4/2/1998 | CHECK | ($25,000.00) |
| 4/24/1998 | CHECK | ($5,000.00) |
| 5/12/1998 | CHECK | ($5,000.00) |
| 8/12/1998 | CHECK | ($5,000.00) |
| 9/11/1998 | CHECK | ($5,000.00) |
| 9/24/1998 | CHECK | ($40,000.00) |
| 9/29/1998 | CHECK | ($10,000.00) |
| 6/3/1999 | CHECK | ($10,000.00) |
| 2/24/2000 | CHECK | ($5,000.00) |
| 3/27/2000 | CHECK | ($100,000.00) |
| 5/24/2000 | CHECK | ($10,000.00) |
| 6/19/2000 | CHECK | ($5,000.00) |
| 7/12/2000 | CHECK | ($5,000.00) |
| 8/1/2000 | CHECK | ($5,000.00) |
| 9/5/2000 | CHECK | ($10,000.00) |
| 10/18/2000 | CHECK | ($15,000.00) |
| 11/14/2000 | CHECK | ($10,000.00) |
| 12/20/2000 | CHECK | ($10,000.00) |
| 1/31/2001 | CHECK | ($5,000.00) |
| 3/30/2001 | CHECK | ($100,000.00) |
| 5/22/2001 | CHECK | ($5,000.00) |
| 7/2/2001 | CHECK | ($5,000.00) |
| 8/7/2001 | CHECK | ($5,000.00) |
| 9/5/2001 | CHECK | ($5,000.00) |
| 9/10/2001 | CHECK | ($5,000.00) |
| 11/5/2001 | CHECK | ($10,000.00) |
| 11/20/2001 | CHECK | ($10,000.00) |
| 12/11/2001 | CHECK | ($5,000.00) |
| 1/17/2002 | CHECK | ($5,000.00) |
| 2/13/2002 | CHECK | ($5,000.00) |
| 3/14/2002 | CHECK | ($5,000.00) |
| 4/2/2002 | CHECK | ($50,000.00) |


Exhibit B

| Date | Type | Amount |
|---:|:---:|---:|
| 6/3/2002 | CHECK | ($25,000.00) |
| 8/13/2002 | CHECK | ($25,000.00) |
| 11/19/2002 | CHECK | ($10,000.00) |
| 1/15/2003 | CHECK | ($5,000.00) |
| 3/19/2003 | CHECK | ($5,000.00) |
| 4/1/2003 | CHECK | ($45,000.00) |
| 4/25/2003 | CHECK | ($5,000.00) |
| 5/6/2003 | CHECK | ($5,000.00) |
| 7/8/2003 | CHECK | ($5,000.00) |
| 7/29/2003 | CHECK | ($10,000.00) |
| 8/6/2003 | CHECK | ($5,000.00) |
| 8/26/2003 | CHECK | ($5,000.00) |
| 9/9/2003 | CHECK | ($5,000.00) |
| 9/23/2003 | CHECK | ($10,000.00) |
| 10/17/2003 | CHECK | ($5,000.00) |
| 10/27/2003 | CHECK | ($5,000.00) |
| 11/12/2003 | CHECK | ($15,000.00) |
| 12/2/2003 | CHECK | ($5,000.00) |
| 12/15/2003 | CHECK | ($5,000.00) |
| 1/23/2004 | CHECK | ($10,000.00) |
| 2/19/2004 | CHECK | ($5,000.00) |
| 3/2/2004 | CHECK | ($5,000.00) |
| 3/23/2004 | CHECK | ($5,000.00) |
| 3/29/2004 | CHECK | ($35,000.00) |
| 6/1/2004 | CHECK | ($5,000.00) |
| 7/20/2004 | CHECK | ($5,000.00) |
| 8/30/2004 | CHECK | ($5,000.00) |
| 9/15/2004 | CHECK | ($5,000.00) |
| 11/12/2004 | CHECK | ($4,000.00) |
| 12/10/2004 | CHECK | ($4,000.00) |
| 12/28/2004 | CHECK | ($5,000.00) |
| 1/26/2005 | CHECK | ($5,000.00) |
| 2/15/2005 | CHECK | ($5,000.00) |
| 3/7/2005 | CHECK | ($5,000.00) |
| 3/22/2005 | CHECK | ($5,000.00) |
| 4/4/2005 | CHECK | ($40,000.00) |
| 5/10/2005 | CHECK | ($5,000.00) |
| 6/1/2005 | CHECK | ($5,000.00) |
| 6/24/2005 | CHECK | ($5,000.00) |
| 7/19/2005 | CHECK | ($5,000.00) |
| 7/26/2005 | CHECK | ($5,000.00) |
| 8/30/2005 | CHECK | ($5,000.00) |
| 9/15/2005 | CHECK | ($40,000.00) |
| 10/25/2005 | CHECK | ($5,000.00) |
| 11/22/2005 | CHECK | ($5,000.00) |
| 12/1/2005 | CHECK | ($5,000.00) |

Exhibit B

| Date | Type | Amount |
|---|---|---|
| 12/8/2005 | CHECK | ($5,000.00) |
| 12/27/2005 | CHECK | ($5,000.00) |
| 1/9/2006 | CHECK | ($5,000.00) |
| 1/26/2006 | CHECK | ($5,000.00) |
| 2/7/2006 | CHECK | ($5,000.00) |
| 2/23/2006 | CHECK | ($5,000.00) |
| 2/28/2006 | CHECK | ($5,000.00) |
| 3/15/2006 | CHECK | ($5,000.00) |
| 3/28/2006 | CHECK | ($25,000.00) |
| 4/21/2006 | CHECK | ($5,000.00) |
| 5/11/2006 | CHECK | ($5,000.00) |
| 6/22/2006 | CHECK | ($5,000.00) |
| 7/18/2006 | CHECK | ($5,000.00) |
| 8/8/2006 | CHECK | ($5,000.00) |
| 8/22/2006 | CHECK | ($5,000.00) |
| 8/30/2006 | CHECK | ($5,000.00) |
| 9/14/2006 | CHECK | ($5,000.00) |
| 9/25/2006 | CHECK | ($10,000.00) |
| 10/16/2006 | CHECK | ($70,000.00) |
| 11/9/2006 | CHECK | ($5,000.00) |
| 11/22/2006 | CHECK | ($5,000.00) |
| 11/28/2006 | CHECK | ($5,000.00) |
| 12/18/2006 | CHECK | ($5,000.00) |
| 1/3/2007 | CHECK | ($5,000.00) |
| 1/9/2007 | CHECK | ($5,000.00) |
| 1/23/2007 | CHECK | ($5,000.00) |
| 2/2/2007 | CHECK | ($5,000.00) |
| 2/8/2007 | CHECK | ($10,000.00) |
| 2/26/2007 | CHECK | ($10,000.00) |
| 3/5/2007 | CHECK | ($10,000.00) |
| 3/28/2007 | CHECK | ($5,000.00) |
| 4/3/2007 | CHECK | ($50,000.00) |
| 4/27/2007 | CHECK | ($5,000.00) |
| 5/7/2007 | CHECK | ($5,000.00) |
| 5/25/2007 | CHECK | ($5,000.00) |
| 5/31/2007 | CHECK | ($5,000.00) |
| 6/21/2007 | CHECK | ($7,000.00) |
| 6/26/2007 | CHECK | ($10,000.00) |
| 7/18/2007 | CHECK | ($5,000.00) |
| 7/31/2007 | CHECK | ($5,000.00) |
| 8/21/2007 | CHECK | ($5,000.00) |
| 8/27/2007 | CHECK | ($5,000.00) |
| 9/6/2007 | CHECK | ($5,000.00) |
| 10/1/2007 | CHECK | ($5,000.00) |
| 10/11/2007 | CHECK | ($5,000.00) |
| 10/26/2007 | CHECK | ($5,000.00) |



Exhibit B

08-01789-cgm    Doc 562    Filed 11/02/09    Entered 11/02/09 14:32:51    Main Document
    Pg 14 of 16


| Date | Type | Amount |
|---|---|---|
| 11/6/2007 | CHECK | ($25,000.00) |
| 11/9/2007 | CHECK | ($10,000.00) |
| 11/20/2007 | CHECK | ($5,000.00) |
| 11/27/2007 | CHECK | ($5,000.00) |
| 12/5/2007 | CHECK | ($5,000.00) |
| 12/14/2007 | CHECK | ($5,000.00) |
| 12/27/2007 | CHECK | ($5,000.00) |
| 1/8/2008 | CHECK | ($5,000.00) |
| 1/29/2008 | CHECK | ($5,000.00) |
| 2/29/2008 | CHECK | ($5,000.00) |
| 4/8/2008 | CHECK | ($10,000.00) |
| 5/1/2008 | CHECK | ($4,000.00) |
| 5/27/2008 | CHECK | ($5,000.00) |
| 7/1/2008 | CHECK | ($4,000.00) |
| 7/22/2008 | CHECK | ($5,000.00) |
| 7/24/2008 | CHECK | ($5,000.00) |
| 8/11/2008 | CHECK | ($5,000.00) |
| 8/21/2008 | CHECK | ($8,000.00) |
| 9/2/2008 | CHECK | ($5,000.00) |
| 9/12/2008 | CHECK | ($5,000.00) |
| 9/23/2008 | CHECK | ($5,000.00) |
| 10/2/2008 | CHECK | ($5,000.00) |
| 10/22/2008 | CHECK | ($5,000.00) |
| 11/4/2008 | CHECK | ($5,000.00) |
| 11/19/2008 | CHECK | ($5,000.00) |
| 12/3/2008 | CHECK | ($5,000.00) |
| **Total Withdrawals:** | | ($1,773,547.58) |
| | | |
| **Total deposits less withdrawals:** | | ($815,547.58) |

095879, 000001, 300033212.1



Exhibit B

MILBERG LLP
Jonathan M. Landers
Matthew Gluck
Brad N. Friedman
Sanford P. Dumain
Jennifer L. Young
One Pennsylvania Plaza
48th Floor
New York, NY 10119
Telephone: (212) 594-5300
Facsimile: (212) 868-1229

SEEGER WEISS LLP
Stephen A. Weiss
Christopher A. Seeger
One William Street
New York, NY 10004
Telephone: (212) 584-0700
Facsimile: (212) 584-0799

*Attorneys for Martin Rappaport*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-01789 (BRL) <br><br> SIPA Liquidation |

## OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM

Martin Rappaport, by and through his attorneys, hereby objects to the Notice of Trustee's Determination of Claim dated May 15, 2009 ("Determination Letter"), attached as Exhibit A, as described herein.



Exhibit C

## BACKGROUND

1. Martin Rappaport is a "customer," as defined by the Securities Investor Protection Act ("SIPA"), of Bernard L. Madoff Investment Securities, LLC ("BMIS").

2. Mr. Rappaport's final BMIS statement, dated November 30, 2008, states that he owns securities valued at $16,838,043.73 ("Final BMIS Statement").

3. On December 3, 2008, Mr. Rappaport wired $4,000,000 to BMIS to invest on his behalf.

4. On December 11, 2008, the above-captioned liquidation proceeding was commenced against BMIS, pursuant to the Securities Investor Protection Act of 1970 ("SIPA"). *See* Order, *Securities and Exchange Commission v. Madoff*, No. 08-10791 (S.D.N.Y. Dec. 15, 2008) (ordering relief under SIPA and transferring proceeding to the United States Bankruptcy Court for the Southern District of New York) [Dkt. No. 4]. Irving Picard was appointed Trustee ("BMIS Trustee"), charged with overseeing the liquidation of BMIS and processing customer claims for money pursuant to SIPA. *Id.*; 15 U.S.C. 78fff-1(a).

5. On December 23, 2008, the Court issued an Order directing the Trustee to disseminate notice and claim forms to BMIS customers and setting forth claim-filing deadlines. *See* Order [Dkt. No. 12]. Upon information and belief, the BMIS Trustee disseminated notice and claim forms to BMIS's customers in accordance with the Court's Order.

6. The December 23, 2008 Order further provided that, to the extent the BMIS Trustee disagrees with the amount set forth on a customer claim form, the BMIS Trustee "shall notify such claimant by mail of his determination that the claim is disallowed, in whole or in part, *and the reason therefor* . . . ." *See* Order at 6 (emphasis added) [Dkt. No. 12].

