# EXHIBIT B

## CUSTOMER CLAIM

Claim Number_____

Date Received_____

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

### In Liquidation

### DECEMBER 11, 2008

Irving H. Picard, Esq.
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

Provide your office and home telephone no.

OFFICE: _954-720-5515_

HOME: _954-720-5515_
_CEL- 404-664-7673_

Taxpayer I.D. Number (Social Security No.)
_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_

Account Number:   1ZA101
LANNY ROSE
TTEE OF THE LANNY ROSE REV TST
U/A DATED 12/24/98
P O BOX 39561
FORT LAUDERDALE, FL  33339

(If incorrect, please change)

NOTE:   BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY
THE ACCOMPANYING INSTRUCTION SHEET.  A SEPARATE CLAIM FORM
SHOULD BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL
PROTECTION AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE
RECEIVED BY THE TRUSTEE ON OR BEFORE March 4, 2009.  CLAIMS
RECEIVED AFTER THAT DATE, BUT ON OR BEFORE July 2, 2009, WILL BE
SUBJECT TO DELAYED PROCESSING AND TO BEING SATISFIED ON TERMS
LESS FAVORABLE TO THE CLAIMANT. PLEASE SEND YOUR CLAIM FORM BY
CERTIFIED MAIL - RETURN RECEIPT REQUESTED.

*********************************************************************

1.   Claim for money balances as of December 11, 2008 :
   a.   The Broker owes me a Credit (Cr.) Balance of         $ _17,478,759.00_
   b.   I owe the Broker a Debit (Dr.) Balance of            $_____

502180406

c.    If you wish to repay the Debit Balance,
please insert the amount you wish to repay and
attach a check payable to "Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC."
If you wish to make a payment, **it must be enclosed**
**with this claim form.**                                        $_____

d.    If balance is zero, insert "None."                          _____

2.    Claim for securities as of **December 11, 2008**:

**PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.**

|  |  | YES | NO |
|---|---|---|---|
| a. | The Broker owes me securities | *YES* | |
| b. | I owe the Broker securities | | *NO* |

c.    If yes to either, please list below:

| Date of Transaction (trade date) | Name of Security | The Broker Owes Me (Long) | I Owe the Broker (Short) |
|---|---|---|---|
| *See* | *ATTACHED STATEMENT AND CONFIRMATIONS* | | |
| | | | |
| | | | |
| | | | |
| | | | |

Number of Shares or Face Amount of Bonds

**Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclose, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation. You should also provide all documentation or**

Information regarding any withdrawals you have ever made or payments received from the Debtor.

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement. If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.

**PLEASE CHECK THE APPROPRIATE ANSWER FOR ITEMS 3 THROUGH 9.**

**NOTE:** IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION ON A SIGNED ATTACHMENT. IF SUFFICIENT DETAILS ARE NOT PROVIDED, THIS CLAIM FORM WILL BE RETURNED FOR YOUR COMPLETION.

|  |  | YES | NO |
|---|---|---|---|
| 3. | Has there been any change in your account since December 11, 2008? If so, please explain. | | NO |
| 4. | Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of the broker? | | NO |
| 5. | Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or policies of the broker? | | NO |
| 6. | Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in any way with the broker? If so, give name(s) | | NO |
| 7. | Is this claim being filed by or on behalf of a broker or dealer or a bank? If so, provide documentation with respect to each public customer on whose behalf you are claiming. | | NO |
| 8. | Have you ever given any discretionary authority to any person to execute securities transactions with or through the broker on your behalf? Give names, addresses and phone numbers. | | NO |

502180406                                    3

9.   Have you or any member of your family
     ever filed a claim under the Securities
     Investor Protection Act of 1970?  if
     so, give name of that broker.         _____   _____

     Please list the full name and address of anyone assisting you in the
     preparation of this claim form:_____
     _____.

If you cannot compute the amount of your claim, you may file an estimated claim.  In that
case, please indicate your claim is an estimated claim.


**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM.
CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR
IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.**


**THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY
INFORMATION AND BELIEF.**


Date _____     Signature_____

Date _____     Signature_____

(If ownership of the account is shared, all must sign above.  Give each owner's name,
address, phone number, and extent of ownership on a signed separate sheet.  If other
than a personal account, *e.g.*, corporate, trustee, custodian, etc., also state your capacity
and authority.  Please supply the trust agreement or other proof of authority.)


**This customer claim form must be completed and mailed promptly,
together with supporting documentation, etc. to:**

Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

502180406

# CUSTOMER CLAIM

Claim Number_____

Date Received_____

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

### In Liquidation

### DECEMBER 11, 2008

Irving H. Picard, Esq.
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

Provide your office and home telephone no.

OFFICE: 954-720-5515

HOME: 954-720-5515

CPL - 404-664-7673

Taxpayer I.D. Number (Social Security No.)
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

Account Number:    1ZA101
LANNY ROSE
TTEE OF THE LANNY ROSE REV TST
U/A DATED 12/24/98    BENEFICIARY SWANEE LAWRENCE
P O BOX 39561    AND ELLA LAWRENCE
FORT LAUDERDALE, FL 33339    (See TRUST ATTACHED-4TH AMENDMENT)

(If incorrect, please change)

NOTE:    BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY
THE ACCOMPANYING INSTRUCTION SHEET.  A SEPARATE CLAIM FORM
SHOULD BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL
PROTECTION AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE
RECEIVED BY THE TRUSTEE ON OR BEFORE March 4, 2009.  CLAIMS
RECEIVED AFTER THAT DATE, BUT ON OR BEFORE July 2, 2009, WILL BE
SUBJECT TO DELAYED PROCESSING AND TO BEING SATISFIED ON TERMS
LESS FAVORABLE TO THE CLAIMANT. PLEASE SEND YOUR CLAIM FORM BY
CERTIFIED MAIL - RETURN RECEIPT REQUESTED.

****************************************************************************

1.    Claim for money balances as of December 11, 2008 :
       a.    The Broker owes me a Credit (Cr.) Balance of          $ 17,478,759.00
       b.    I owe the Broker a Debit (Dr.) Balance of             $_____

502180406

# CUSTOMER CLAIM

Claim Number_____

Date Received_____

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

### In Liquidation

### DECEMBER 11, 2008

Irving H. Picard, Esq.
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

Provide your office and home telephone no.

OFFICE: *954-720-5515*

HOME: *954-720-5515*
*CEL - 404-664-7673*

Taxpayer I.D. Number (Social Security No.)
*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*

Account Number:    1ZA101
LANNY ROSE
TTEE OF THE LANNY ROSE REV TST
U/A DATED 12/24/98  *BENEFICIARY EMORY UNIVERSITY*
P O BOX 39561                *(See ATTACHED TRUST)*
FORT LAUDERDALE, FL  33339

(If incorrect, please change)

**NOTE:** BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY THE ACCOMPANYING INSTRUCTION SHEET. A SEPARATE CLAIM FORM SHOULD BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL PROTECTION AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE RECEIVED BY THE TRUSTEE ON OR BEFORE March 4, 2009. CLAIMS RECEIVED AFTER THAT DATE, BUT ON OR BEFORE July 2, 2009, WILL BE SUBJECT TO DELAYED PROCESSING AND TO BEING SATISFIED ON TERMS LESS FAVORABLE TO THE CLAIMANT. PLEASE SEND YOUR CLAIM FORM BY CERTIFIED MAIL - RETURN RECEIPT REQUESTED.

**************************************************************************

1.    Claim for money balances as of December 11, 2008 :
      a.    The Broker owes me a Credit (Cr.) Balance of        $ *17,478,759.00*
      b.    I owe the Broker a Debit (Dr.) Balance of           $_____

502180406

# CUSTOMER CLAIM

Claim Number_____

Date Received_____

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

### In Liquidation

### DECEMBER 11, 2008

Irving H. Picard, Esq.
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

Provide your office and home telephone no.

OFFICE: _954-720-5515_

HOME: _954-720-5515_
CEL - 404-664-7673
Taxpayer I.D. Number (Social Security No.)
_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_

Account Number:    1ZA101
LANNY ROSE
TTEE OF THE LANNY ROSE REV TST
U/A DATED 12/24/98  *BENEFICIARY Leslie Rosen*
P O BOX 39561                *(See Trust Attached)*
FORT LAUDERDALE, FL  33339

### (If incorrect, please change)

**NOTE:**  **BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY THE ACCOMPANYING INSTRUCTION SHEET.  A SEPARATE CLAIM FORM SHOULD BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL PROTECTION AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE RECEIVED BY THE TRUSTEE ON OR BEFORE March 4, 2009.  CLAIMS RECEIVED AFTER THAT DATE, BUT ON OR BEFORE July 2, 2009, WILL BE SUBJECT TO DELAYED PROCESSING AND TO BEING SATISFIED ON TERMS LESS FAVORABLE TO THE CLAIMANT. PLEASE SEND YOUR CLAIM FORM BY CERTIFIED MAIL - RETURN RECEIPT REQUESTED.**

*************************************************************

1.    Claim for money balances as of December 11, 2008 :
      a.    The Broker owes me a Credit (Cr.) Balance of          $ _17,478,759.00_
      b.    I owe the Broker a Debit (Dr.) Balance of              $ _____

502180406

# CUSTOMER CLAIM

Claim Number_____

Date Received_____

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

### In Liquidation

### DECEMBER 11, 2008

Irving H. Picard, Esq.
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

Provide your office and home telephone no.

OFFICE: _954-720-5515_

HOME: _954-720-5515_
_CEL - 404-664-7673_

Taxpayer I.D. Number (Social Security No.)
_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_

Account Number:  1ZA101

LANNY ROSE
TTEE OF THE LANNY ROSE REV TST
U/A DATED 12/24/98  _BENEFICIARY STANLEY ROSEN_
_(See TRUST ATTACHED)_
P O BOX 39561
FORT LAUDERDALE, FL  33339

(If incorrect, please change)

NOTE:    BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY
THE ACCOMPANYING INSTRUCTION SHEET.  A SEPARATE CLAIM FORM
SHOULD BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL
PROTECTION AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE
RECEIVED BY THE TRUSTEE ON OR BEFORE March 4, 2009.  CLAIMS
RECEIVED AFTER THAT DATE, BUT ON OR BEFORE July 2, 2009, WILL BE
SUBJECT TO DELAYED PROCESSING AND TO BEING SATISFIED ON TERMS
LESS FAVORABLE TO THE CLAIMANT. PLEASE SEND YOUR CLAIM FORM BY
CERTIFIED MAIL - RETURN RECEIPT REQUESTED.

*************************************************************

1.    Claim for money balances as of December 11, 2008 :
       a.    The Broker owes me a Credit (Cr.) Balance of        $ _17,478,759.00_
       b.    I owe the Broker a Debit (Dr.) Balance of           $_____

502180406

## THE LANNY ROSE REVOCABLE TRUST

I, LANNY ROSE, of Palm Beach County, Florida, and a U.S. citizen, as Settlor, hereby create a revocable trust (the "Trust"), and transfer to myself, as Trustee, the property described in attached Schedule A. The Trustee shall hold such property and all investments and reinvestments thereof and additions thereto, in trust, as hereinafter provided. This instrument shall be called the "LANNY ROSE REVOCABLE TRUST". If the Successor Trustee cannot account for any property when examining my accountings, I shall be deemed to have properly withdrawn and revoked such property from the trust estate.

FIRST:    During my lifetime, the Trustee shall pay so much or all of the income and principal of the trust to me or otherwise as I direct, adding to principal any income not distributed.

If, at any time, I am Incapacitated (as defined below), the Trustee may, in the Trustee's discretion, pay or apply for my benefit so much of the income and principal of the trust as the Trustee deems necessary or advisable for my care, support and comfort, and for any other purposes the Trustee considers to be for my best interests, adding to principal any income not distributed. In making such determinations, the Trustee shall have primary regard for my best interests, rather than those of any remainder beneficiary. It is my direction that I be cared for at home, rather than in a nursing home or similar institution. In that regard, the Trustee is directed to pay or apply for my benefit any available funds towards the cost of home care for me, including, but not limited to, necessary structural or other alterations to my residence, and may purchase a residence for me, if that would be deemed beneficial for my care.

For purposes of this instrument, I shall be considered "Incapacitated" if (i) a guardian of my property has been appointed or (ii) by reason of illness or mental or physical disability, I lack the capacity to give prompt and intelligent consideration to financial matters. The determination as to such lack of capacity (if nonadjudicated), or a subsequent determination of regained capacity, shall be made by my primary treating physician and one other physician, and the successor Trustee shall rely on written notice of such determination from such individual(s).

I have confidence in the investments which will be found in trust by any Successor Trustee, and no change need be made by the Trustee in these investments solely for the purpose of creating a diversity of investments, but the Trustee may sell or otherwise dispose of such investments, if and to the extent the Trustee deems such sale or disposition to be in my best interest, without being constrained to do so.

1

I reserve in any trust property that would otherwise qualify for the homestead real estate tax exemption a beneficial interest for my life, such interest being equitable title to such real estate.

SECOND:    Upon my death, the Trustee shall pay from the principal of the trust estate all expenses my last illness and funeral, any estate or inheritance taxes, real costs of administration, and reasonable claims allowable against my estate.

The succeeding articles of this instrument shall be subject to the Trustee(s) making or providing for the foregoing payments.

THIRD:    After my death and after the payment of the aforementioned items, the entire balance of the trust estate shall be distributed as follows:

1.    A.    The sum of $100,000.00 will be distributed only to my uncle, Stanley Rosen, if he shall survive me, or if not, this distribution shall lapse.

B.    The Sum of $100,000.00 will be distributed only to my cousin Leslie Rosen, if she shall survive me, or if not, this distribution shall lapse.

2.    After my death, and payment of debts, taxes and distribution of the foregoing gifts, my Trustee shall distribute the remaining trust estate to Emory University, Atlanta Georgia (hereinafter referred to as the "University"), to be used to create a fund which shall be established on the books of the University to be known as the "LANNY ROSE ENDOWMENT FUND" (hereinafter referred to as the "Endowment Fund"), to be administered and disposed of as follows:

(a)    The Endowment Fund shall include the property received from this trust and such other property as may from time to time be received by the University from any other source and accepted by it for inclusion in the Endowment Fund, and all income from the foregoing property.

(b)    Subject to the following paragraph (c), and the approval and consent of their actions by the Board of Trustees of the University as provided in its governing instruments, the Endowment Fund shall be managed by a board of managers, selected by the President of the University, and it is my wish (but not my direction) that the University appoint to such board such individuals as I may suggest in letters I may provide from time to time.

(c)    The Endowment Fund shall be the property of the University and shall be held by it in its normal corporate capacity; it shall not be deemed a trust fund held by it in a trustee capacity. The University, in its normal

2

corporate capacity, shall have the ultimate authority and control over all property in the Endowment Fund, and the income derived therefrom, for the charitable, educational and cultural purposes of the University.

(d)    The Endowment Fund shall be used only for charitable, educational purposes (or any combination of such purposes) within the purpose of the University, either directly or by contributions to other organizations for such purpose or purposes.

(e)    Within the limitations provided for in the preceding subparagraph (d), however, it is my hope, intent and objective that:

(i)    The principal of the Endowment Fund be maintained in whole or in part, in perpetuity, and;

(ii)    The income (or principal, or both, if necessary to carry out my objectives) of the Endowment Fund shall be used for the following limited purposes:

(A)    For establishing, fostering and encouraging research in the fields of medicine and science, by making gifts for (a) financial assistance to persons engaged in such pursuits, and (b) for the purchase of necessary apparatus, books, equipment or supplies for the same;

(B)    For the support of charitable, medical, educational or scientific institutions or organizations;

(C)    For the making of gifts to non-profit institutions and agencies, whether incorporated or unincorporated, and whether now existent or hereafter formed, devoted to any of the aforementioned purposes, or to the solicitation of funds for devotion to purposes wholly charitable, medical, educational or scientific; provided, however, that such institutions are of the type described in Code Section 501(c)(3) and provided further that bequests to such organizations are deductible under Code Section 2055(a).

In making distributions or applications of the income or principal of the Endowment Fund, it is my wish (but not my direction) that the managers take into account my wishes as expressed in any letters which I may provide to the University from time to time.

(f)    It is intended that the Endowment Fund shall be a component of the University and not a separate trust, and that nothing in this

3

instrument shall affect the status of the University as a public charitable organization as qualified and described in the Code and as an organization which is not a private foundation within the meaning of Section 509(a) of the Internal Revenue Code. This instrument shall be interpreted in a manner consistent with the foregoing provisions of the federal tax laws and any regulations issued pursuant thereto. The University is authorized to amend the provisions of this paragraph 2 to conform to the provisions of any applicable law or government regulation in order to carry out the foregoing intention.

FOURTH:    During my lifetime, unless I appoint another or become incapacitated, I shall serve as Trustee of this trust. I reserve the right to remove and appoint Successor Trustees and Co-Trustees.    In the event of my Incapacity, resignation or death, I appoint my cousin Jerome J. Sussman, Marvin Pechter, CPA, and Scott Schulten, J.D., as Successor Co-Trustees. In the event Jerome J. Sussman, Marvin Pechter, or Scott Schulten should fail or cease to serve, the others, including any one of the three, may continue with all the same powers. In the event none of the three said individuals is able or willing to serve, I appoint SunTrust Bank South Florida N.A. (including any bank or trust company into which it may be merged) as Successor Trustee.

I intend to reach compensation arrangements immediately subsequent to the execution of this trust with each of the named Trustees, which fee arrangements as amended from time to time shall be in effect during the term hereof.

Any Trustee may resign at any time by written notice to me, if living, otherwise to Emory University.

Any appointment or removal of a Trustee hereunder shall be effectuated by a writing signed by the individual(s) authorized hereto to perform such action, and delivered to the individual or corporation being appointed or removed.

Every successor Trustee shall have all the powers given the originally named Trustee.  No successor Trustee shall be personally liable for any act or omission of any predecessor.  With the approval of a majority of the beneficiaries then entitled to receive or eligible for distributions from the trust, a successor Trustee may accept the account rendered and the property received as a full and complete discharge to the predecessor Trustee without incurring any liability for so doing.

FIFTH:    The law of Florida shall govern the validity and interpretation of the provisions of this Agreement.

4

BOC\TESTATES\2ACHG 2
225784\0001

SIXTH:    I have confidence in my investments. The Trustees shall not be required to change the investments in this trust solely for the purpose of diversification.

SEVENTH: 1. In the management, care and disposition of this trust, the Trustee, and its successors in office, shall have the power to do all things and to execute such instruments as may be deemed necessary or proper, including the following powers, all of which may be exercised without order or report to any court:

A. To sell, exchange or otherwise dispose of any property at any time held or acquired hereunder, at public or private sale, for cash or on terms, without advertisement, including the right to lease for any term notwithstanding the period of the trust, and to grant options (including writing covered call options) to buy for any period, including a period beyond the duration of the trust;

B. To invest all monies in such stocks, bonds, securities, investment company or trust shares (including investments in investment companies or trusts and in collective or commingled investment funds offered or advised by or through the corporate Trustee or any of its affiliates), mortgages, notes, chooses in action, real estate, improvements thereon, interests in partnerships, limited liability companies and other entities (including any such entity to which the corporate Trustee or any of its affiliates renders investment advice or other services), and other property as the Trustee may deem best without regard to any law or regulation now or hereafter in force limiting investments of fiduciaries or the fact that a security is purchased from an underwriting syndicate that includes the Trustee or an affiliate of the Trustee as a member or that the security was underwritten by such a syndicate and is purchased from a member of that syndicate;

C. To retain for investment any property or chooses in action deposited with the Trustee hereunder, including any stock in any corporate Trustee or in a parent or affiliate company of such Trustee or in a company whose stock any corporate Trustee or its parent or affiliate holds as an asset, either individually or in a fiduciary capacity;

D. To vote in person or by proxy any corporate stock or other security or ownership interest and to agree to or take any other action in regard to any reorganization, merger, consolidation, liquidation, bankruptcy or other procedure or proceeding affecting any stock, bond, note or other security or ownership interest;

E. To employ attorneys, real estate brokers, accountants and other agents, if such employment be deemed appropriate, to rely reasonably on the advice

5

of such agents, and to pay reasonable compensation for their services;

F. To compromise, settle or adjust any claim or demand by or against the trust and to agree to any rescission or modification of any contract or agreement affecting the trust;

G. To renew any indebtedness, as well as to borrow money, and to secure the same by mortgaging, pledging or conveying any property of the trust, including the power to borrow from the Trustee or any of the corporate Trustee's affiliates at a reasonable rate of interest;

H. To retain and carry on any business in which the trust acquires an interest, to acquire additional interests in any such business, to agree to the liquidation in kind of any corporation or other entity in which the trust may have an interest and to carry on the business thereof, to join with other owners in adopting any form of management for any business or property in which the trust may have an interest, to become or remain a partner, general or limited, in regard to any such business or property, to incorporate any such business or property or to form a limited liability company or other entity with respect thereto (including any such entity to which the corporate Trustee or any of its affiliates renders investment advice or other services) and to hold the stock or other ownership interest as an investment, and to employ agents and confer on them authority to manage and operate such business, property, corporation or other entity, without liability for the acts of any such agents or for any loss, liability or indebtedness of such business if the management is selected or retained with reasonable care;

I. To register any stock, bond, or other security in the name of a nominee, and use nationally and internationally recognized depositories, without the addition of words indicating that such security is held in a fiduciary capacity; but accurate records shall be maintained showing that such security is a trust asset; and

J. To pay from any trust created hereunder all charges which the Trustee deems necessary or appropriate to comply with laws regulating environmental conditions and to remedy or ameliorate any such conditions which the Trustee determines adversely affect such trust or otherwise are liabilities of such trust, and to pay any liabilities, fines or penalties incurred by the Trustee, either in its fiduciary capacity or personally, on account of such conditions and arising out of the performance of its duties hereunder, other than any such charges which are directly caused by its own gross negligence or willful misconduct, and to apportion all of such charges among the several trusts hereunder and the interests of the beneficiaries therein in such manner as the Trustee deems fair, prudent and equitable under all of the

6

circumstances.

2.  The Trustee shall have discretion to determine whether items should be charged or credited to income or principal or allocated between income and principal as the Trustee may deem equitable and fair under all the circumstances, including the power to amortize or fail to amortize any part or all of any premium or discount, to treat any part or all of the profit resulting from the maturity or sale of any asset, whether purchased at a premium or at a discount, as income or principal or apportion the same between income and principal, to apportion the sales price of any asset between income and principal, to treat any dividend or other distribution on any investment as income or principal or apportion the same between income and principal, to charge any expense against income or principal or apportion the same, and to provide or fail to provide a reasonable reserve against depreciation or obsolescence, all as the Trustee may reasonably deem equitable and just under all the circumstances.

EIGHTH:    References in this instrument to the "Trustee" shall mean the Trustee or Trustees from time to time acting.  In addition, references to various provisions of the "Internal Revenue Code" or "Code" are to such designated provisions of the Internal Revenue Code of 1986, as amended, or any corresponding successor or replacement statute hereafter in effect.

IN WITNESS WHEREOF, I have signed this instrument, as Settlor and Trustee this 24th day of December, 1998.

LANNY ROSE, Settlor and Trustee

We the undersigned, hereby certify that the foregoing instrument was signed by the Settlor and Trustee in our joint presence, and at the request of and in the presence of the Settlor and Trustee, we subscribed our names as witnesses of the execution thereof on the date above written, and we certify that at the time of the execution hereof we believe the Settlor and Trustee to be of sound mind and under no constraint.

KENNETH EDELMAN        residing at:  22153 Larkspur Trail
                                     Boca Raton, FL  33433

LISA M. JUCEAM         residing at:  8814A S.W. 22nd Street
                                     Boca Raton, FL  33433

7

BOC1\GS1A\F920050.2
20578/0001

STATE OF FLORIDA          )
                          )SS.:
COUNTY OF PALM BEACH      )

We, LANNY ROSE, KENNETH EDELMAN and LISA M. JUCEAM, the Settlor and Trustee and the witnesses, respectively, whose names are signed to the attached or foregoing instrument, having been sworn, declared to the undersigned officer that the Settlor and Trustee, in the presence of witnesses, signed the instrument as his Revocable Trust, that he signed and that each of the witnesses, in the presence of the Settlor and in the presence of each other, signed the Revocable Trust as a witness.

_____
LANNY ROSE, Settlor and Trustee

_____
KENNETH EDELMAN, Witness

_____
LISA M. JUCEAM, Witness

Subscribed and sworn to before me by LANNY ROSE, the Settlor and Trustee, who is personally known to me or who has produced _____ as identification, and by KENNETH EDELMAN, a witness who is personally known to me or who has produced _____ as identification and LISA M. JUCEAM, a witness who is personally known to me or who has produced _____ as identification, on December 24, 1998.

_____
Signature of Notary Public
Print Name: _____
State of: _____
My Commission Expires: _____

BOC\RES\AYFS\30050.2
20576J0001

# EXHIBIT A

## TO THE LANNY ROSE REVOCABLE TRUST

Cash in the amount of $10.00.

DOC #ESTATES\020055 2
23575/0001

# FIRST AMENDMENT

## TO

## LANNY ROSE REVOCABLE TRUST

THIS FIRST AMENDMENT is made effective this 29th day of January, 2002, by LANNY ROSE, of Palm Beach County, Florida.

I, LANNY ROSE, as Settlor, herewith amend the LANNY ROSE REVOCABLE TRUST dated December 24, 1998 (the "Trust"), of which I am sole Trustee, as follows:

### I.

I hereby delete the first paragraph of Article Fourth of the Trust in its entirety and insert the following in lieu thereof:

"FOURTH: During my lifetime, unless I appoint another or become incapacitated, I shall serve as Trustee of this trust. I reserve the right to remove and appoint Successor Trustees and Co-Trustees. In the event of my Incapacity, resignation or death, I appoint my cousin, Jerome J. Sussman, and Scott Schulten, J.D., as Successor Co-Trustees. In the event Jerome J. Sussman or Scott Schulten should fail or cease to serve, the other one of them may continue with all the same powers. In the event neither of the two said individuals is able or willing to serve, I appoint SunTrust Bank South Florida N.A. (including any bank or trust company into which it may be merged) as Successor Trustee."

### II.

All other provisions of the Trust shall be unchanged and read in accordance with this First Amendment.

BOC\ESTATES\87038.1
236/5\0001

IN WITNESS WHEREOF, the Settlor has signed this First Amendment as of the day and year first above written.

_____
LANNY ROSE, Settlor and Trustee


The foregoing was signed, sealed, published and declared by LANNY ROSE, Settlor and Trustee, to be the First Amendment to Revocable Trust, in our presence and we are at his request, in his presence and in the presence of each other hereunto subscribe our names as witnesses.

_____        address:        Broad and Cassel
KENNETH EDELMAN                                                          7777 Glades Road
                                                                                          Suite 300
                                                                                          Boca Raton, FL  33434

_____        address:        Broad and Cassel
MAUREEN PASQUARELLO                                                7777 Glades Road
                                                                                          Suite 300
                                                                                          Boca Raton, FL  33434

STATE OF FLORIDA                )
                                ) SS.:
COUNTY OF PALM BEACH            )

I, LANNY ROSE, declare to the officer taking my acknowledgment of this instrument, and to the subscribing witnesses, that I signed this instrument as my First Amendment to Revocable Trust.

_____
LANNY ROSE, Settlor and Trustee

We, KENNETH EDELMAN and MAUREEN PASQUARELLO, have been sworn by the officer signing below, and declare to that officer on our oaths that the Settlor and Trustee declared the instrument to be the First Amendment to Revocable Trust and signed it in our presence and that we each signed the instrument as a witness in the presence of the Settlor and Trustee and of each other.

_____
KENNETH EDELMAN, Witness

_____
MAUREEN PASQUARELLO, Witness

Acknowledged and subscribed and sworn to before me by the Settlor and Trustee, LANNY ROSE, who is personally known to me or who has produced DRIVER'S LICENSE as identification, and sworn to and subscribed before me by the witnesses, KENNETH EDELMAN, who is personally known to me or who has produced _____ as identification, and by MAUREEN PASQUARELLO, who is personally known to me or who has produced _____ as identification, and subscribed by me in the presence of the testator and subscribing witnesses, all on this 29th day of January, 2002.

_____
Signature of Notary Public
Print Name: TRACEY A. TESTA
State of: FLORIDA
My Commission Expires:_____



TRACEY A. TESTA
MY COMMISSION # DD 077890
EXPIRES: December 10, 2005
Bonded Thru Notary Public Underwriters

3

GDC\TESTA\TESA07U36 1
23870\0001

# SECOND AMENDMENT

## TO

## LANNY ROSE REVOCABLE TRUST

THIS SECOND AMENDMENT is made effective this 16th day of December, 2003, by LANNY ROSE, of Broward County, Florida.

I, LANNY ROSE, as Settlor, herewith amend the LANNY ROSE REVOCABLE TRUST dated December 24, 1998, as amended by a First Amendment dated January 29, 2002, (the "Trust"), of which I am sole Trustee, as follows:

### I.

I hereby delete Section 1 of Article THIRD of the Trust in its entirety and insert the following in lieu thereof:

"1.    A.    The sum of $100,000.00 will be distributed only to my uncle, Stanley Rosen, if he shall survive me, or if not, this distribution shall lapse.

B.    The sum of $100,000.00 will be distributed only to my cousin, Leslie Rosen, if she shall survive me, or if not, this distribution shall lapse.

C.    If, as of my death, I or this Trust is the obligor on any promissory note or other debt payable to ▓▓▓▓▓▓▓▓▓▓▓▓▓ I direct that such debt be satisfied by the Trust as soon as practicable following my death, not to exceed 60 days."

### II.

I hereby amend the Trust by adding to it a new Article NINTH, reading as follows:

"NINTH:    I may at any time or times by written instrument in writing delivered to the Trustee amend or revoke this instrument, and, if this instrument is completely revoked, all trust property shall be transferred to me or as I otherwise direct in writing. This right is personal to me and may not be exercised by my legal representative or others."

### III.

All other provisions of the Trust shall be unchanged and read in accordance with this Second Amendment. [END OF SECOND AMENDMENT]

*{Signatures on following pages}*

1

16431-2

IN WITNESS WHEREOF, the Settlor and Trustee has signed this Second Amendment as of the day and year first above written.

_____

LANNY ROSE, Settlor and Trustee

The foregoing was signed, sealed, published and declared by LANNY ROSE, Settlor and Trustee, to be the Second Amendment to his Revocable Trust, in our presence and we at the request of the Settlor and Trustee, in the presence of the Settlor and Trustee, and in the presence of each other hereunto subscribe our names as witnesses.

_____

Print Name: KENNETH EDELMAN

Address:     Arnstein & Lehr LLP
2424 No. Federal Highway
Suite 462
Boca Raton, FL 33431

_____

Print Name: JILL E. RAINERI

Address:     Arnstein & Lehr LLP
2424 No. Federal Highway
Suite 462
Boca Raton, FL 33431

2

16431-2

STATE OF FLORIDA                    )
                                   ) SS.:
COUNTY OF PALM BEACH               )

I, LANNY ROSE, declare to the officer taking my acknowledgment of this instrument, and to the subscribing witnesses, that I signed this instrument as the Second Amendment to my Revocable Trust.

_____
LANNY ROSE, Settlor and Trustee

We, KENNETH EDELMAN and JILL E. RAINERI, have been sworn by the officer signing below, and declare to that officer on our oaths that the Settlor and Trustee declared the instrument to be the Second Amendment to his Revocable Trust and signed it in our presence and that we each signed the instrument as a witness in the presence of the Settlor and Trustee and of each other.

_____
KENNETH EDELMAN, Witness

_____
JILL E. RAINERI, Witness

Acknowledged and subscribed and sworn to before me by the Settlor and Trustee, LANNY ROSE, who is personally known to me or who has produced _____ as identification, and sworn to and subscribed before me by the witnesses, KENNETH EDELMAN, who is personally known to me or who has produced _____ as identification; and by JILL E. RAINERI, who is personally known to me or who has produced _____N/A_____ as identification, and subscribed by me in the presence of the Settlor and Trustee and subscribing witnesses, all on this 16th day of December, 2003.

_____
Signature of Notary Public
Print Name:_____
State of: _____
My Commission Expires:_____

MYRIAM FAMADA
Notary Public - State of Florida
My Commission Expires Jan 25, 2004
Commission # CC348571

3

16431-2

# THIRD AMENDMENT

## TO

## LANNY ROSE REVOCABLE TRUST

THIS THIRD AMENDMENT is made effective this 9th day of August, 2006, by LANNY ROSE, of Broward County, Florida.

I, LANNY ROSE, as Settlor, herewith amend the LANNY ROSE REVOCABLE TRUST dated December 24, 1998, as amended on January 29, 2002 and December 16, 2003, (the "Trust"), of which I am sole Trustee, in accordance with the right reserved to me by Article Ninth of the Trust, as follows:

I.

I hereby delete Section 1 of Article Third of the Trust in its entirety and insert the following in lieu thereof:

"1.  A.   The sum of $250,000 shall be distributed to my uncle, Stanley Rosen, if he survives me, or, if not, this distribution shall lapse.

B.   The sum of $250,000 shall be distributed to my cousin, Leslie Rosen, if she survives me, or, if not, this distribution shall lapse."

II.

I hereby delete the first paragraph of Article Fourth of the Trust in its entirety and insert the following in lieu thereof:

"FOURTH:   During my lifetime, unless I appoint another Trustee or become incapacitated, I shall serve as Trustee of this trust. I reserve the right to remove and appoint Successor Trustees and Co-Trustees. In the event of my incapacity, resignation or death, I appoint my cousin, Jerome J. Sussman, and Louis M. Cohen, as Successor Co-Trustees. In the event Jerome J. Sussman or Louis M. Cohen should fail or cease to serve, the other one of them may continue with all the same powers. In the event neither of the two said individuals is able or willing to serve, I appoint SunTrust Bank South Florida N.A. (including any bank or trust company into which it may be merged) as Successor Trustee."

*L.R.*

### III.

All other provisions of the Trust shall be unchanged and read in accordance with this Third Amendment.

IN WITNESS WHEREOF, the Settlor and Trustee has signed this Third Amendment as of the day and year first above written.

_____
LANNY ROSE, Settlor and Trustee

The foregoing was signed, sealed, published and declared by LANNY ROSE, Settlor and Trustee, to be the Third Amendment to his Revocable Trust, in our presence and we, at his request, in his presence and in the presence of each other hereunto subscribe our names as witnesses.

_____
PATRICIA MOUTON

address:    2255 Glades Road
            Suite 337W
            Boca Raton, FL  33431

_____
SHEILA E. CUSICK

address:    2255 Glades Road
            Suite 337W
            Boca Raton, FL  33431

STATE OF FLORIDA            )
                           )SS:
COUNTY OF PALM BEACH       )

I, LANNY ROSE, declare to the officer taking my acknowledgment of this instrument, and to the subscribing witnesses, that I signed this instrument as the Third Amendment to my Revocable Trust.



LANNY ROSE, Settlor and Trustee

We, PATRICIA MOUTON and SHEILA E. CUSICK, have been sworn by the officer signing below, and declare to that officer on our oaths that the Settlor and Trustee declared the instrument to be the Third Amendment to his Revocable Trust and signed it in our presence and that we each signed the instrument as a witness in the presence of the Settlor and Trustee and of each other.

PATRICIA MOUTON, Witness

SHEILA E. CUSICK, Witness

Acknowledged and subscribed and sworn to before me by the Settlor and Trustee, LANNY ROSE, who is personally known to me, and sworn to and subscribed before me by the witnesses, PATRICIA MOUTON, who is personally known to me, and by SHEILA E. CUSICK, who is personally known to me, and subscribed by me in the presence of the Settlor and Trustee and subscribing witnesses, all on this 9th day of August, 2006.

Signature of Notary Public
Print Name:_____
State of:_____
My Commission Expires:_____

KENNETH EDELMAN
MY COMMISSION # DD 170491
EXPIRES: January 15, 2007
Bonded Thru Notary Public Underwriters

# FOURTH AMENDMENT

## TO

## LANNY ROSE REVOCABLE TRUST

THIS FOURTH AMENDMENT is made effective this 1st day of June, 2007, by LANNY ROSE, of Broward County, Florida.

I, LANNY ROSE, as Settlor, herewith amend the LANNY ROSE REVOCABLE TRUST dated December 24, 1998, as amended on January 29, 2002 and December 16, 2003, and August 9, 2006 (the "Trust"), of which I am sole Trustee, in accordance with the right reserved to me by Article Ninth of the Trust, as follows:

**I.**

I hereby delete Section 1 of Article Third of the Trust in its entirety and insert the following in lieu thereof:

"1.    A.    The sum of $250,000 shall be distributed to my uncle, Stanley Rosen, if he survives me, or, if not, this distribution shall lapse.

B.    The sum of $250,000 shall be distributed to my cousin, Leslie Rosen, if she survives me, or, if not, this distribution shall lapse.

C.    The Trustee shall distribute to Swanee Lawrence and Ella Lawrence, if they survive me, jointly, or all to the survivor if only one survives me, a lump sum determined pursuant to the attached chart, based on the month of my death. If neither Swanee Lawrence nor Ella Lawrence survive me, such sum shall be distributed to their daughter, Brownie Clinton, if she survives me, or, if not, this distribution shall lapse."

**II.**

All other provisions of the Trust shall be unchanged and read in accordance with this Fourth Amendment.

IN WITNESS WHEREOF, the Settlor and Trustee has signed this Fourth
Amendment as of the day and year first above written.

_____
LANNY ROSE, Settlor and Trustee

The foregoing was signed, sealed, published and declared by LANNY ROSE,
Settlor and Trustee, to be the Fourth Amendment to his Revocable Trust, in our
presence and we, at his request, in his presence and in the presence of each other
hereunto subscribe our names as witnesses.

_____
NADYA I. SCHUBERT

address:     2255 Glades Road
             Suite 337W
             Boca Raton, FL  33431

_____
SHEILA E. CUSICK

address:     2255 Glades Road
             Suite 337W
             Boca Raton, FL  33431

STATE OF FLORIDA        )
                               )SS:

COUNTY OF PALM BEACH    )

I, LANNY ROSE, declare to the officer taking my acknowledgment of this instrument, and to the subscribing witnesses, that I signed this instrument as the Fourth Amendment to my Revocable Trust.

LANNY ROSE, Settlor and Trustee

We, NADYA I. SCHUBERT and SHEILA E. CUSICK, have been sworn by the officer signing below, and declare to that officer on our oaths that the Settlor and Trustee declared the instrument to be the Fourth Amendment to his Revocable Trust and signed it in our presence and that we each signed the instrument as a witness in the presence of the Settlor and Trustee and of each other.

NADYA I. SCHUBERT, Witness

SHEILA E. CUSICK, Witness

Acknowledged and subscribed and sworn to before me by the Settlor and Trustee, LANNY ROSE, who is personally known to me, and sworn to and subscribed before me by the witnesses, NADYA I. SCHUBERT, who is personally known to me, and by SHEILA E. CUSICK, who is personally known to me, and subscribed by me in the presence of the Settlor and Trustee and subscribing witnesses, all on this 1st day of June, 2007.

Signature of Notary Public
Print Name:_____
State of:_____
My Commission Expires:_____



KENNETH EDELMAN
MY COMMISSION # DO 595565
EXPIRES: January 18, 2011
Bonded Thru Notary Public Underwriters

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

LANNY ROSE
TTEE OF THE LANNY ROSE REV TST
U/A DATED 12/24/93
P O BOX 39561
FORT LAUDERDALE      FL  33339

PERIOD ENDING: 11/30/08

YOUR ACCOUNT NUMBER: 1-ZA101-3-0

YOUR TAX IDENTIFICATION NUMBER: ●●●●●●●●9230

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|------|------|------|------|------|------|------|------|
| | | | | BALANCE FORWARD | | 1,049,957.25 | |
| 11/12 | 15,792 | | 772 | WELLS FARGO & CO NEW | 29.800 | 471,232.60 | |
| 11/12 | 11,200 | | 1274 | HEWLETT PACKARD CO | 34.900 | 394,123.00 | |
| 11/12 | 9,776 | | 5090 | WAL-MART STORES INC | 55.330 | 546,135.08 | |
| 11/12 | 6,392 | | 5600 | INTERNATIONAL BUSINESS MACHS | 87.270 | 558,084.84 | |
| 11/12 | 23,688 | | 9424 | EXXON MOBIL CORP | 72.980 | 1,737,328.44 | |
| 11/12 | 25,944 | | 9926 | INTEL CORP | 14.510 | 377,484.44 | |
| 11/12 | 12,409 | | 14252 | JOHNSON & JOHNSON | 59.550 | 739,764.64 | |
| 11/12 | 16,920 | | 18577 | J.P. MORGAN CHASE & CO | 36.530 | 632,603.60 | |
| 11/12 | 9,024 | | 22903 | COCA COLA CO | 44.660 | 403,371.84 | |
| 11/12 | 5,264 | | 27229 | MCDONALDS CORP | 55.370 | 291,677.68 | |
| 11/12 | 9,775 | | 31555 | MERCK & CO | 28.550 | 279,495.80 | |
| 11/12 | 35,720 | | 35801 | MICROSOFT CORP | 22.610 | 700,481.20 | |
| 11/12 | 18,040 | | 40207 | ORACLE CORPORATION | 17.300 | 312,951.40 | |
| 11/12 | 7,144 | | 53185 | PEPSICO INC | 56.410 | 403,278.04 | |
| 11/12 | 4,136 | | 53687 | APPLE INC | 100.730 | 416,991.08 | |
| 11/12 | 30,456 | | 57511 | PFIZER INC | 16.940 | 517,142.64 | |
| 11/12 | 7,144 | | 58013 | ABBOTT LABORATORIES | 54.610 | 390,418.84 | |
| 11/12 | 13,536 | | 61837 | PROCTER & GAMBLE CO | 64.080 | 867,927.88 | |
| 11/12 | 4,888 | | 62339 | AMGEN INC | 55.160 | 269,369.08 | |
| 11/12 | 9,400 | | 66163 | PHILLIP MORRIS INTERNATIONAL | 43.640 | 410,216.00 | |
| 11/12 | 22,560 | | 66665 | BANK OF AMERICA | 21.590 | 487,072.40 | |
| 11/12 | 7,520 | | 70489 | QUALCOMM INC | 33.779 | 254,250.40 | |
| 11/12 | 24,440 | | 70991 | CITI GROUP INC | 12.510 | 306,721.40 | |
| | | | | CONTINUED ON PAGE    2 | | | |

Oct 15 2009 1:57PM    HP LASERJET FAX    P.2

Oct 15 2009 1:57PM    HP LASERJET FAX    P.3

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

LANNY ROSE
TTEE OF THE LANNY ROSE REV TST
U/A DATED 12/24/98
P O BOX 39561
FORT LAUDERDALE    FL    33339

PERIOD ENDING 11/30/08    PAGE 2

YOUR ACCOUNT NUMBER 1-ZA101-3-0    YOUR TAX PAYER IDENTIFICATION NUMBER ********9230

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| 11/12 | 5,640 | | 74815 | SCHLUMBERGER LTD | 49.480 | 279,292.20 | |
| 11/12 | 13,536 | | 75317 | COMCAST CORP | 16.520 | 224,020.36 | |
| | | | | CL A | | | |
| 11/12 | 26,696 | | 79141 | AT&T INC | 27 | 721,859.00 | |
| 11/12 | 6,768 | | 79643 | CONOCOPHILIPS | 52.319 | 358,657.69 | |
| 11/12 | 4,522 | | 83467 | UNITED PARCEL SVC INC | 52.040 | 234,984.48 | |
| | | | | CLASS B | | | |
| 11/12 | 27,448 | | 83969 | CISCO SYSTEMS INC | 16.730 | 460,302.04 | |
| 11/12 | 7,896 | | 87793 | U S BANCORP | 29.530 | 233,465.89 | |
| 11/12 | 9,400 | | 88295 | CHEVRON CORP | 73.430 | 690,618.00 | |
| 11/12 | 4,512 | | 92119 | UNITED TECHNOLOGIES CORP | 53.160 | 240,037.92 | |
| 11/12 | 47,752 | | 92621 | GENERAL ELECTRIC CO | 19.630 | 939,281.76 | |
| 11/12 | 12,784 | | 96445 | VERIZON COMMUNICATIONS | 30.410 | 389,272.44 | |
| 11/12 | 1,128 | | 96947 | GOOGLE | 337.400 | 380,632.20 | |
| 11/12 | | 100,000 | 20200 | U S TREASURY BILL | 99.942 | | 99,942.00 |
| | | | | DUE 12/19/2008 | | | |
| | | | | 12/18/2008 | | | |
| 11/12 | | 16,950,000 | 23380 | U S TREASURY BILL | 99.936 | | 16,939,152.00 |
| | | | | DUE 2/12/2009 | | | |
| | | | | 2/12/2009 | | | |
| 11/12 | | | | FIDELITY SPARTAN | DIV | | 98.76 |
| | | | | U S TREASURY MONEY MARKET | | | |
| | | | | DIV 11/12/08 | | | |
| 11/12 | | 106,777 | 18482 | FIDELITY SPARTAN | 1 | | 106,777.00 |
| | | | | U S TREASURY MONEY MARKET | | | |
| | | | | CONTINUED ON PAGE    3 | | | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

Oct 15 2009 1:57PM    HP LASERJET FAX    P.3

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

LANNY ROSE
TTEE OF THE LANNY ROSE REV TST
U/A DATED 12/24/98
P O BOX 39561
FORT LAUDERDALE    FL  33339

PERIOD ENDING: 11/30/08    PAGE: 3

YOUR ACCOUNT NUMBER: 1-ZA101-3-0    YOUR TAX PAYER IDENTIFICATION NUMBER: ********9230

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| 11/12 | 41,504 | | 27850 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | 41,504.00 | |
| 11/19 | | | | FIDELITY SPARTAN U S TREASURY MONEY MARKET DIV 11/19/08 | DIV | | 5.09 |
| 11/19 | | 41,504 | 53362 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | | 41,504.00 |
| 11/19 | 1,150,000 | | 57872 | U S TREASURY BILL DUE 03/26/2009 3/26/2009 | 99.926 | 1,149,149.00 | |
| 11/19 | 18,856 | | 62398 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | 18,856.00 | |
| | | | | NEW BALANCE | | 2,100,301.68 | |
| | | | | SECURITY POSITIONS | MKT PRICE | | |
| | 26,696 | | | AT&T INC | 28.550 | | |
| | 7,144 | | | ABBOTT LABORATORIES | 52.390 | | |
| | 4,888 | | | AMGEN INC | 55.540 | | |
| | 4,136 | | | APPLE INC | 92.670 | | |
| | 22,560 | | | BANK OF AMERICA | 16.230 | | |
| | 9,400 | | | CHEVRON CORP | 79.010 | | |
| | 27,448 | | | CISCO SYSTEMS INC | 16.540 | | |
| | 24,440 | | | CITI GROUP INC | 8.290 | | |
| | 9,024 | | | COCA COLA CO | 46.070 | | |

CONTINUED ON PAGE    4

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

Oct 15 2009 1:57PM    HP LASERJET FAX    p.5

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

LANNY ROSE
TTEE OF THE LANNY ROSE REV TST
U/A DATED 12/24/98
P O BOX 39561
FORT LAUDERDALE    FL 33339

PERIOD ENDING 11/30/08    PAGE 4

YOUR ACCOUNT NUMBER 1-ZA101-3-0    YOUR TAX PAYER IDENTIFICATION NUMBER ********9230

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|------|------|------|-----|-------------|-----------------|--------------------------------|---------------------------------|
| | 13,556 | | | COMCAST CORP CL A | 17,340 | | |
| | 6,768 | | | CONOCOPHILIPS | 52,520 | | |
| | 23,688 | | | EXXON MOBIL CORP | 80,150 | | |
| | 47,752 | | | GENERAL ELECTRIC CO | 17,170 | | |
| | 14,128 | | | GOOGLE | 292,280 | | |
| | 11,280 | | | HEWLETT PACKARD CO | 35,280 | | |
| | 25,944 | | | INTEL CORP | 13,800 | | |
| | 6,972 | | | INTERNATIONAL BUSINESS MACHS | 81,600 | | |
| | 26,920 | | | J.P. MORGAN CHASE & CO | 31,600 | | |
| | 12,408 | | | JOHNSON & JOHNSON | 56,560 | | |
| | 5,204 | | | MCDONALDS CORP | 58,750 | | |
| | 9,776 | | | MERCK & CO | 26,720 | | |
| | 35,720 | | | MICROSOFT CORP | 20,220 | | |
| | 18,048 | | | ORACLE CORPORATION | 16,090 | | |
| | 7,144 | | | PEPSICO INC | 56,700 | | |
| | 30,456 | | | PFIZER INC | 16,430 | | |
| | 9,400 | | | PHILLIP MORRIS INTERNATIONAL | 42,150 | | |
| | 13,536 | | | PROCTER & GAMBLE CO | 64,350 | | |
| | 7,520 | | | QUALCOMM INC | 33,570 | | |
| | 5,640 | | | SCHLUMBERGER LTD | 50,740 | | |
| | 18,656 | | | FIDELITY SPARTAN U S TREASURY MONEY MARKET | ▲ | | |
| | 7,696 | | | U S BANCORP | 26,980 | | |
| | 4,512 | | | UNITED PARCEL SVC INC CLASS B | 57,500 | | |
| | | | | CONTINUED ON PAGE    5 | | | |

CONTINUED ON PAGE    5

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8UT
Tel 020 7493 6222

LANNY ROSE
TTEE OF THE LANNY ROSE REV TST
U/A DATED 12/24/98
P O BOX 54561
FORT LAUDERDALE    FL  33339

PERIOD ENDING 11/30/08    PAGE 5

YOUR ACCOUNT NUMBER 1-ZA101-3-0    YOUR TAX PAYER IDENTIFICATION NUMBER ●●●●●●●9230

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|------|------|------|------|------|------|------|------|
| | 1,150,000 | | | U S TREASURY BILL | 99.971 | | |
| | | | | DUE 03/26/2009 | | | |
| | | | | 3/26/2009 | | | |
| | 4,512 | | | UNITED TECHNOLOGIES CORP | 48.530 | | |
| | 12,784 | | | VERIZON COMMUNICATIONS | 32.650 | | |
| | 9,776 | | | WAL-MART STORES INC | 55.860 | | |
| | 15,792 | | | WELLS FARGO & CO NEW | 28.890 | | |
| | | | | MARKET VALUE OF SECURITIES | | | |
| | | | | LONG         SHORT | | | |
| | | | | 7,734,639.56 | | | |

25, 680

1,7,7,3,4,6,3,9,5,9

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

Oct 15 2009 1:57PM    HP LASERJET FAX    P.6

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

LANNY ROSE
TTEE OF THE LANNY ROSE REV TST
U/A DATED 12/24/98
P O BOX 39561
FORT LAUDERDALE    FL  33339

PERIOD ENDING: 11/30/04    PAGE: 6

YOUR ACCOUNT NUMBER: 1-ZA101-3-0    YOUR TAX PAYER IDENTIFICATION NUMBER: ********9230

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|------|------|------|------|------|------|------|------|
|  |  |  |  | YEAR-TO-DATE SUMMARY |  |  |  |
|  |  |  |  | DIVIDENDS |  |  | 117,306.75 |
|  |  |  |  | GROSS PROCEEDS FROM SALES |  |  | 148,424,372.54 |

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

LANNY ROSE
TTEE OF THE LANNY ROSE REV TST
U/A DATED 12/24/98
P O BOX 39561
FORT LAUDERDALE    FL 33339

PERIOD ENDING: 11/30/03

PAGE: 1

YOUR ACCOUNT NUMBER: 1-ZA101-4-0

YOUR TAX PAYER IDENTIFICATION NUMBER: ●●●●●●●9230

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| | | | | BALANCE FORWARD | | | 2,049,958.00 |
| 11/12 | | 376 | 44533 | S & P 100 INDEX | 15.800 | | 593,704.00 |
| | | | | NOVEMBER 460 CALL | | | |
| 11/12 | 376 | | 48659 | S & P 100 INDEX | 17.800 | 669,656.00 | |
| | | | | NOVEMBER 450 PUT | | | |
| 11/19 | | 376 | 34463 | S & P 100 INDEX | 26 | | 977,224.00 |
| | | | | DECEMBER 430 CALL | | | |
| 11/19 | 376 | | 39286 | S & P 100 INDEX | 30 | 1,128,376.00 | |
| | | | | DECEMBER 420 PUT | | | |
| 11/19 | 376 | | 43613 | S & P 100 INDEX | 3 | 113,176.00 | |
| | | | | NOVEMBER 460 CALL | | | |
| 11/19 | | 376 | 47936 | S & P 100 INDEX | 37 | | 1,390,824.00 |
| | | | | NOVEMBER 450 PUT | | | |
| | | | | NEW BALANCE | | | 2,100,502.00 |
| | | 376 | | SECURITY POSITIONS | | | |
| | | | | S & P 100 INDEX | MKT PRICE 23.300 | | |
| | | | | DECEMBER 430 CALL | | | |
| | 376 | | | S & P 100 INDEX | 16.300 | | |
| | | | | DECEMBER 420 PUT | | | |

MARKET VALUE OF SECURITIES
LONG                SHORT
620,465.00        376,080.00-

TAX RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES