**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------- x
             :

SECURITIES INVESTOR PROTECTION
CORPORATION,             :

        Plaintiff-Appellant,   :     SIPA LIQUIDATION
             :     (Substantively Consolidated)
       v.              :     Adv. Pro. No. 08-10789 (BRL)
             :

BERNARD L. MADOFF INVESTMENT
    SECURITIES, LLC,  :

             :

       Defendant.       :

---------------------------------------------------- x
             :

In re:              :

BERNARD L. MADOFF,     :

       Debtor.        :

---------------------------------------------------- x

RECEIVED
NOV - 4 2009
U.S. BANKRUPTCY COURT SDNY

## OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM

    Yetta Goldman ("Goldman") hereby objects to the Notice of Trustee's Determination of

Claim ("Determination") dated October 8, 2009, attached hereto as Exhibit A.

### BACKGROUND

    1.     Goldman is a "customer," as defined by the Securities Investor Protection Act of

1970 ("SIPA"), of Bernard L. Madoff Investment Securities LLC ("BLMIS").

    2.     On or about January 25, 2009, Goldman filed a customer claim in this case (the

"Claim"). The Claim, including its reservation of rights, is incorporated herein. The Claim

seeks recovery of $950,314.05, the value of the securities reflected in Goldman's final BLMIS

account statement, dated November 30, 2008. This sum constitutes Goldman's "net equity" as

defined in SIPA. See 15 U.S.C. § 78111(11).

3.    On December 23, 2008, this Court issued, on an ex parte basis, an order directing

the Trustee to disseminate notice and claim forms to BLMIS customers and setting forth claim-

filing deadlines, as well as processes by which claims were to be submitted. See Order on

Application for an Entry of an Order Approving Form and Manner of Publication and Mailing of

Notices, Specifying Procedures for Filing, Determination, and Adjudication of Claims; and

Providing Other Relief, Docket No, 12, SIPC v. Bernard L. Madoff Inv. Sec. LLC, No. 08-01789

(Bankr. S.D.N.Y. Dec. 23, 2008) (the "Claims Procedures Order"). The Claims Procedures

Order authorizes the Trustee to satisfy customer claims and deliver securities in accordance

"with the Debtor's books and records." Id. at 5. The Claims Procedures Order sets forth the

procedure to be followed by the Trustee when a customer's claim "disagree[s] with the Debtor's

books and records." Id. at 6. The Claims Procedures Order does not address the process by

which other objections are to be made.

4.    On June 23, 2009, the Trustee sent Goldman the Determination, which states that

the Claim was "DENIED." Determination at 1, Ex. A. The Determination also states that "[n]o

securities were ever purchased for your account" and that the amount of the Customer's allowed

claim is the "balance in your BLMIS account on the Filing Date based on the amount of money

you deposited with BLMIS for the purchase of securities, less subsequent withdrawals . . . ." Id.,

Ex. A (underline in original).

5.    Goldman hereby objects to the Determination.

## GROUNDS FOR OBJECTION

**The Determination Violates SIPA.**

6.    SIPA requires that customer "net equity" claims be allowed and paid promptly.

See 15 U.S.C. § 78fff-2(b). "Net equity" is defined as the amount the debtor owes the customer,

2

less any indebtedness of the customer to the debtor. Id. § 78111(11). The definition of "net equity" binds the Trustee. See id. § 78ccc(b)(4)(A).

7.    The Determination states that the "Claim is allowed for . . . the balance in your BLMIS account on the Filing Date based on the amount of money you deposited with BLMIS for the purchase of securities, less subsequent withdrawals . . ." Determination at 1, Ex. A (underline in original).

8.    The Determination is contrary to law for at least the following reasons:

a.    The Determination violates SIPA's definition of "net equity."

b.    The Determination is inconsistent with SIPA's legislative history, which requires the Trustee to meet the customer's "legitimate expectations." Neither SIPA nor its legislative history excuses the Trustee from this duty because no securities were purchased by the debtor. See, e.g., S. Rep. No. 95-763, at 2 (1978); H.R. Rep. No. 95-746, at 21.

c.    The Determination is foreclosed by SIPC's position and the Second Circuit's decision in In re New Times Sec. Servs., Inc., 371 F.3d 68 (2d Cir. 2004).

d.    The Determination is contrary to past SIPC policies and practices.

**The Determination Violates the Claims Procedures Order.**

9.    The Determination does not state that the Claim "disagree[s] with the Debtor's books and records" and therefore is inconsistent with the Claims Procedures Order.

**The Determination Fails to Provide Notice.**

10.    The Determination is inadequate to rebut the prima facie validity of the Claim, and fails to set forth facts and legal theories upon which it is based. See, e.g., 11 U.S.C. § 502(a); Collier on Bankruptcy ¶ 3007.01(3) (15th ed.) ("[A]n objection to a claim should . . . meet the [pleading] standards of an answer. It should make clear which facts are disputed; it should allege facts necessary to affirmative defenses; and it should describe the theoretical bases

3

of those defenses.") The Determination sets forth no valid legal basis for disallowing the Claim in any respect. Although the Determination states that (1) "[n]o securities were ever purchased for your account," and (2) describes the Trustee's basis for calculating the amount set forth in the Determination, neither has any basis in law for disallowing the Claim nor explains the reason(s) for the Determination.

**There is No Basis for Avoidance.**

11.    To the extent the Determination is based upon any alternative valuation or avoidance theory, there is no basis in law for the Determination.

**The Trustee Cannot Demand Execution of an "Assignment and Release."**

12.    The Trustee has sought to condition Goldman's receipt of any SIPC funds (including undisputed amounts) on the execution of an Assignment and Release. See Determination and Assignment and Release attached thereto at 2-3, Ex. A. There is no legal basis for conditioning the Customer's receipt of SIPC funds on execution of such an Assignment and Release.

**The Determination Fails to Take into Account Goldman's Personal Hardship Circumstances.**

13.    Goldman filed an application for the Hardship Program. Goldman is 73 years old, and has lost her life's savings, without any viable means of supporting herself. Additionally, her husband, Norman Plotnick, who also is a claimant in this case, was accepted into the Hardship program. Mr. Plotnick is 76 years old, and is facing a series of serious health issues, including multiple surgeries for cancer, while living on Social Security and borrowed funds from friends and family to pay for most basic day-to-day living expenses.

14.    In addition, Goldman reasonably relied upon her securities statement that is the basis for her Claim when she purchased a house in Florida. The loss of her life's savings has

4

caused her undue hardship, and without relief, Goldman will likely cost her Florida house.

15.    Considering all of the above, tying up Goldman's right to payment in complex, lengthy legal proceedings would deny her the relief she needs now just to meet her most basic needs (except to the extent covered by help from family and friends). Goldman's Claim should be allowed and paid.

**The Trustee Should Pay Goldman the Undisputed Amount of Her Claim.**

16.    The Trustee, in his determination, recognizes that Goldman is entitled to an allowed claim and prompt payment of $41,700.00. The Trustee, at the very least, should pay this amount to Goldman now, without awaiting resolution of this matter.

## RELIEF REQUESTED

17.    For the reasons stated herein, the Claim should be allowed in its entirety, and the Court should direct SIPC to allow and to issue payment to Goldman in the amount of $950,314.50, plus interest from the date of the Determination, and such equitable relief as the Court deems appropriate. In addition, because the Trustee recognizes that Goldman is owed at least $41,700.00, this amount should be paid to Goldman without delay, without awaiting final outcome of this matter.

5

Dated: New York, New York
October 30, 2009

Respectfully submitted,

By: *Yetta Goldman*
Yetta Goldman
7319 Bannockburn Ridge Court
Bethesda, MD 20817

6

# **EXHIBIT A**



## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

### DECEMBER 11, 2008[1]

## NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

October 8, 2009

YETTA GOLDMAN
7319 BANNOCKBURN RIDGE COURT
BETHESDA, MD 20817

Dear Ms. Goldman:

### PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim on BLMIS Account No. 1KW128 designated as Claim Number 1199:

Your claim for a credit balance of $950,314.05 and for securities is **DENIED**. No securities were ever purchased for your account.

Your claim is **ALLOWED** for $41,700.00, which was the balance in your BLMIS Account on the Filing Date based on the amount of money you deposited with BLMIS for the purchase of securities, less subsequent withdrawals, as outlined in Table 1.

---

[1] Section 78lll(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78lll(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

300003403.1

Your **ALLOWED CLAIM** of $41,700.00 will be satisfied in the following manner:

The enclosed **ASSIGNMENT AND RELEASE** must be executed, notarized and returned in the envelope provided herewith. Upon receipt of the executed and notarized **ASSIGNMENT AND RELEASE**, the Trustee will fully satisfy your **ALLOWED CLAIM** by sending you a check in the amount of $41,700.00, with the funds being advanced by Securities Investor Protection Corporation pursuant to section 78fff-3(a)(1) of SIPA.

Should a final and unappealable court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by you in having your customer claim re-determined in accordance with any such Court order.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after October 8, 2009, the date on which the Trustee mailed this notice.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York 10004

and

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111

Irving H. Picard

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

cc:    Irving E. Walker, Esq.
Cole, Shotz, Meisel, Forman & Leonard
300 E. Lombard St.
Suite 2000
Baltimore, MD 21202

300033403.1                                3

| DATE | TRANSACTION DESCRIPTION | AMOUNT |
|---|---|---|
| 10/12/1994 | CHECK | $100,000.00 |
| 11/25/1994 | CHECK | $25,000.00 |
| 12/6/1994 | CHECK | $17,500.00 |
| 1/24/1995 | CHECK | $27,500.00 |
| 8/31/1995 | CHECK | $245,000.00 |
| 9/13/2005 | CHECK | $15,000.00 |
| 1/24/2007 | CHECK WIRE | $490,000.00 |
| 7/23/2007 | CHECK | $19,000.00 |
| **Total Deposits:** | | $939,000.00 |

| DATE | TRANSACTION DESCRIPTION | AMOUNT |
|---|---|---|
| 8/28/1996 | CHECK | ($10,000.00) |
| 12/27/1996 | CHECK | ($9,500.00) |
| 4/9/1997 | CHECK | ($10,000.00) |
| 5/29/1997 | CHECK | ($16,000.00) |
| 8/28/1997 | CHECK | ($11,000.00) |
| 1/6/1998 | CHECK | ($107,000.00) |
| 4/16/1998 | CHECK | ($100,000.00) |
| 9/16/1998 | CHECK | ($30,000.00) |
| 1/11/1999 | CHECK | ($75,000.00) |
| 10/19/1999 | CHECK | ($25,000.00) |
| 2/25/2000 | CHECK | ($5,000.00) |
| 4/7/2000 | CHECK | ($17,000.00) |
| 1/8/2001 | CHECK | ($10,000.00) |
| 6/12/2001 | CHECK | ($8,000.00) |
| 9/5/2001 | CHECK | ($4,800.00) |
| 12/5/2001 | CHECK | ($3,600.00) |
| 4/8/2002 | CHECK | ($8,000.00) |
| 9/18/2002 | CHECK | ($3,400.00) |
| 11/13/2002 | CHECK | ($12,000.00) |
| 4/8/2003 | CHECK | ($6,000.00) |
| 5/8/2003 | CHECK | ($2,500.00) |
| 6/5/2003 | CHECK | ($5,000.00) |
| 8/13/2003 | CHECK | ($4,600.00) |
| 9/11/2003 | CHECK | ($9,000.00) |
| 10/24/2003 | CHECK | ($5,000.00) |
| 12/9/2003 | CHECK | ($6,000.00) |
| 4/8/2004 | CHECK | ($157,000.00) |
| 6/25/2004 | CHECK | ($6,000.00) |

| | | |
|---|---|---:|
| 9/3/2004 | CHECK | ($6,000.00) |
| 12/16/2004 | CHECK | ($5,000.00) |
| 1/3/2006 | CHECK | ($1,300.00) |
| 4/25/2006 | CHECK | ($4,500.00) |
| 8/22/2006 | CHECK | ($5,000.00) |
| 10/24/2006 | CHECK | ($4,000.00) |
| 3/1/2007 | CHECK | ($5,000.00) |
| 3/1/2007 | CHECK | ($5,000.00) |
| 4/2/2007 | CHECK | ($5,000.00) |
| 5/1/2007 | CHECK | ($5,000.00) |
| 5/2/2007 | CHECK | ($1,500.00) |
| 5/9/2007 | CHECK | ($4,200.00) |
| 5/9/2007 | CHECK | ($5,000.00) |
| 5/15/2007 | RETURNED CHECK | $5,000.00 |
| 6/1/2007 | CHECK | ($5,000.00) |
| 6/18/2007 | CHECK | ($21,000.00) |
| 6/26/2007 | CHECK | ($21,000.00) |
| 7/2/2007 | CHECK | ($5,000.00) |
| 8/1/2007 | CHECK | ($5,000.00) |
| 8/7/2007 | CHECK | ($9,000.00) |
| 9/4/2007 | CHECK | ($5,000.00) |
| 10/1/2007 | CHECK | ($5,000.00) |
| 11/1/2007 | CHECK | ($5,000.00) |
| 11/13/2007 | CHECK | ($4,000.00) |
| 12/3/2007 | CHECK | ($5,000.00) |
| 12/5/2007 | CHECK | ($5,000.00) |
| 2/13/2008 | CHECK | ($9,400.00) |
| 3/3/2008 | CHECK | ($5,000.00) |
| 4/1/2008 | CHECK | ($5,000.00) |
| 5/1/2008 | CHECK | ($5,000.00) |
| 6/2/2008 | CHECK | ($5,000.00) |
| 6/20/2008 | CHECK | ($20,000.00) |
| 7/1/2008 | CHECK | ($5,000.00) |
| 8/1/2008 | CHECK | ($5,000.00) |
| 9/2/2008 | CHECK | ($5,000.00) |
| 9/9/2008 | CHECK | ($5,000.00) |
| 10/1/2008 | CHECK | ($5,000.00) |
| 11/3/2008 | CHECK | ($5,000.00) |
| 11/12/2008 | CHECK | ($5,000.00) |
| **Total Withdrawals:** | | ($897,300.00) |
| | | |
| **Total deposits less withdrawals:** | | $41,700.00 |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

SECURITIES INVESTOR PROTECTION
CORPORATION,

       Plaintiff-Applicant,

       v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

       Defendant.

Adv. Pro. No. 08-01789-BRL

SIPA Liquidation

---

## ASSIGNMENT AND RELEASE

**KNOW ALL MEN BY THESE PRESENTS,** that Yetta Goldman, located at 7319

Bannockburn Ridge Court, Bethesda, MD 20817 (hereinafter referred to as the "Assignor") in

consideration of the payment of $41,700.00 to satisfy her claim for customer protection (the

"Customer Claim", having been designated Claim #1199) filed in the liquidation proceeding of

Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor

Protection Act, 15 U.S.C. §78aaa et seq. ("SIPA") (see §§78fff-2(b), 78fff-2(d), and §78fff-

3(a)(1) of SIPA), does for herself hereby assign, transfer and set over to Irving H. Picard as SIPA

Trustee (the "SIPA Trustee") for the liquidation of BLMIS (see §78fff-2(b) of SIPA), and the

Securities Investor Protection Corporation ("SIPC"), as subrogee to the extent of its cash

advances to the SIPA Trustee for the satisfaction of the aforementioned Customer Claim (see

§78fff-3(a)(1) of SIPA), any and all rights, including causes of action or claims, that Assignor

now may have against BLMIS and/or any third party arising out of or relating to any fraudulent

or illegal activity with respect to Assignor's BLMIS account (Account No. 1KW128, the

"BLMIS Account"), which gave rise to the allowed Customer Claim for securities filed by

300033398.1

Assignor against BLMIS. Such assignment is only to the extent that Assignor has received satisfaction of the Customer Claim as set forth above.

Further, Assignor has not previously compromised or assigned any claim, cause of action or other right against BLMIS, its principals or agents or any third party arising out of or related to any fraudulent or illegal activity giving rise to the Customer Claim.

Upon reasonable request of the SIPA Trustee or SIPC, Assignor agrees to cooperate with the SIPA Trustee or SIPC in connection with any efforts of either to recover from the principals or agents of BLMIS or anyone else for amounts advanced by SIPC or paid by the SIPA Trustee to satisfy Assignor's Customer Claim in this SIPA liquidation proceeding. Such efforts to recover by the SIPA Trustee or SIPC, either to demand or pursue or to prosecute or settle any collection effort, action or proceeding therefore, shall be at the sole cost of the SIPA Trustee or SIPC.

Effective immediately and without further action, contingent only upon Assignor's receipt from the SIPA Trustee or his agent of a check in the amount of $41,700.00 as set forth in the SIPA Trustee's Notice of Determination of the Customer Claim dated October 8, 2009, (the "Trustee's Determination"), and upon receipt by the SIPA Trustee of this executed and notarized Assignment and Release, the Assignor does for herself, and for her executors, administrators, heirs and assigns hereby remise, release and forever discharge the SIPA Trustee and SIPC, as subrogee to the extent of its cash advances for the satisfaction of the Customer Claim, and, as the case may be, their officers, directors, professionals, employees, agents, successors and assigns, of and from any and all claims arising out of or relating to the Assignor's BLMIS Account, the Customer Claim filed with the SIPA Trustee as protected by the provisions of SIPA, and any and all circumstances giving rise to said Customer Claim which the Assignor now has, or hereafter

may have, for or by any reason, cause, matter or thing whatsoever from the beginning of the world to the date of the execution of this Assignment and Release, only to the extent that the SIPA Trustee and/or SIPC has paid monies to the Assignor to satisfy Assignor's Customer Claim.

Should a final and unappealable Court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Assignment and Release shall be construed as a waiver of any rights or claims held by Assignor in having her customer claim re-determined in accordance with any such Court order. The payment of the undisputed amount of the Assignor's Customer Claim (up to the limits of SIPA protection) will be without prejudice to the Trustee's and the Assignor's rights, claims, and defenses with respect to the disputed portion(s) of the Assignor's Customer Claim.

Assignor acknowledges the sufficiency of the consideration to be received in accordance with the SIPA Trustee's Determination and under this Assignment and Release.

**IN WITNESS WHEREOF,** the undersigned has on this day set forth below duly executed this Assignment of Assignor's Customer Claim and Release, intending to be legally bound hereby.

By:_____

YETTA GOLDMAN

Sworn and subscribed before me this
_____ day of _____, 2009.

_____
Notary Public