# JAMES J. MOYLAN AND ASSOCIATES, P.C.

P.O. BOX 775965
TREE HAUS
31685 INCA WAY
STEAMBOAT SPRINGS, CO 80477-5965

PHONE: (970) 870-0730
FAX:    (970) 870-0736

E-MAIL: JJMOYLANLAW@AOL.COM

November 2, 2009

Clerk of the United States
Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

RECEIVED NOV - 5 2009 U.S. BANKRUPTCY COURT, SDNY

Re:   SIPC v. Bernard L. Madoff Investment Securities, LLC
      Adv. Pro. No. 08-01789-BRL (BK, S.D. N.Y.)

Dear Ladies and Gentlemen:

On behalf of Richard Most a former customer of Bernard L. Madoff Investment Securities, LLC, I am herein enclosing an original and one copy of his Withdrawal of Opposition to Trustee's Determination of Claim on IRA Account, without prejudice ("Withdrawal").

By copy of this letter to the designated recipients, I am serving one copy of same.

Kindly "Filed" stamp receipt on the extra copy of the Withdrawal and please return it to me in the self-addressed stamped envelope provided for your convenience.

Thank you.

Sincerely,

James J. Moylan

JJM/kh
Enc.

cc:   Richard Most (w/enc) – *Confidential – Attorney-Client Privileged Material*
      Irving H. Picard, Esq., Trustee (w/enc)
      c/o Baker & Hostetler LLP
      45 Rockefeller Plaza
      New York NY 10011
      Kendra Thramann Marderosian, Esq. (w/enc) - *Confidential*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>        Plaintiff – Applicant,<br><br>        v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>        Defendant. | Adv. Pro. No. 08-01789-BRL<br><br>SIPA Liquidation |

## NOTICE OF FILING

To:    Irving H. Picard, Esq. Trustee
        c/o Baker & Hostetler, LLP
        45 Rockefeller Plaza
        New York, NY 10011

    PLEASE TAKE NOTICE that on November 2, 2009, there was sent, via First Class Mail, for filing with the United States Bankruptcy Court, Southern District of New York, *Richard Most's Withdrawal of Objection to Trustee's Determination of Claim on IRA Account, Without Prejudice*, a copy of which is attached and herewith served upon you.

                                              Respectfully submitted,
                                              RICHARD MOST

                By: _____
                      James J. Moylan, his attorney

**OF COUNSEL:**

JAMES J. MOYLAN AND ASSOCIATES, P.C.
Post Office Box 775965
Tree Haus
31685 Inca Way
Steamboat Springs, CO 80477-5965
(970) 870-0730; (970) 870-0736 – FAX

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff – Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789-BRL<br><br>SIPA Liquidation |

## WITHDRAWAL OF OPPOSITION TO TRUSTEE'S DETERMINATION OF CLAIM FILED BY RICHARD MOST ON IRA ACCOUNT, WITHOUT PREJUDICE

Richard Most ("Most"), by his attorney, James J. Moylan, files his Withdrawal of Objection to Trustee's Determination of Claim on IRA Account, without prejudice, attached as Exhibit A hereto, on the grounds that the Trustee has advised that it will distribute the deposits Mr. Most made to his IRA account, without prejudice and without a waiver of the pending Judicial determination of the contested "net equity" issue.

Respectfully submitted,
RICHARD MOST

By: _____
James J. Moylan, his attorneys
Member of Colorado and Illinois Bars[*]

**OF COUNSEL:**
JAMES J. MOYLAN AND ASSOCIATES, P.C.
Post Office Box 775965
Tree Haus
31685 Inca Way
Steamboat Springs, CO  80477-5965
(970) 870-0730; (970) 870-0736 – FAX

---

[*] Motion to Appear Pro Hac Vice will be filed if ordered by the Court.

# EXHIBIT

# BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

## DECEMBER 11, 2008[1]

## NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

June 30, 2009

Richard Most
PO Box 880471
Steamboat Springs, Colorado 80488

Dear Mr. Most:

### PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim on BLMIS Account No. 1ZR280 designated as Claim Number 004861:

Your claim for a credit balance of $1,545.10 and for securities is **DENIED**. No securities were ever purchased for your account.

Your claim is **ALLOWED** for $82,533.56, which is the amount of money you deposited with BLMIS for the purchase of securities, less subsequent withdrawals, as outlined in Table 1.

---

[1] Section 78lll(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78lll(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

300017069.1

## Table 1

### DEPOSITS

| DATE | TRANSACTION DESCRIPTION | AMOUNT |
|---|---|---|
| 7/6/1998 | CHECK | $51,189.70 |
| 12/14/1998 | CHECK | $2,000.00 |
| 5/25/1999 | CHECK | $2,000.00 |
| 1/16/2001 | CHECK | $4,094.02 |
| 1/22/2002 | CHECK | $3,000.00 |
| 5/18/2004 | CHECK | $2,957.50 |
| 3/1/2005 | CHECK WIRE | $4,000.31 |
| 1/25/2006 | CHECK WIRE | $4,000.28 |
| 3/29/2007 | CHECK WIRE | $4,916.87 |
| 3/5/2008 | CHECK WIRE | $5,000.00 |
| **Total Deposits:** | | **$83,158.68** |

### WITHDRAWALS

| DATE | TRANSACTION DESCRIPTION | AMOUNT |
|---|---|---|
| 9/11/2001 | CHECK | ($67.23) |
| 1/20/2006 | CHECK | ($58.00) |
| 7/28/2006 | CHECK | ($80.00) |
| 4/14/2008 | CHECK | ($276.20) |
| 10/7/2008 | CHECK | ($143.69) |
| **Total Withdrawals:** | | **($625.12)** |
| **Total deposits less withdrawals:** | | **$82,533.56** |

Your **ALLOWED CLAIM** of $82,533.56 will be satisfied in the following manner:

The enclosed **RELEASE AND ASSIGNMENT** must be executed, notarized and returned in the envelope provided herewith. You also should provide the name of the custodian for your IRA. Upon receipt of the executed and notarized **RELEASE AND ASSIGNMENT**, and designation of your IRA custodian the Trustee will fully satisfy your **ALLOWED CLAIM** by sending you a check in the amount of $82,533.56, with the funds being advanced by Securities Investor Protection Corporation pursuant to section 78fff-3(a)(1) of SIPA.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after June 30, 2009, the date on which the Trustee mailed this notice.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

> Clerk of the United States Bankruptcy Court for
> the Southern District of New York
> One Bowling Green
> New York, New York 10004

and

> Irving H. Picard, Trustee
> c/o Baker & Hostetler LLP
> 45 Rockefeller Plaza
> New York, New York 10011

_____
Irving H. Picard

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

cc:  James J. Moylan, Esq.
James J. Moylan & Associates, P.C.
Tree Haus
PO Box 775965
31685 Inca Way
Steamboat Springs, Colorado 80477-5965

3

300017069.1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789-BRL |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |

## ASSIGNMENT AND RELEASE

**KNOW ALL MEN BY THESE PRESENTS**, that RICHARD MOST, located at PO Box 880471, Steamboat Springs, Colorado 80488 (hereinafter referred to as the "Assignor") in consideration of the payment of $82,533.56 to satisfy his claim for customer protection (the "Customer Claim", having been designated Claim #004861) filed in the liquidation proceeding of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §78aaa et seq. ("SIPA") (see §§78fff-2(b), 78fff-2(d), and §78fff-3(a)(1) of SIPA), does for himself hereby assign, transfer and set over to Irving H. Picard as SIPA Trustee (the "SIPA Trustee") for the liquidation of BLMIS (see §78fff-2(b) of SIPA), and the Securities Investor Protection Corporation ("SIPC"), as subrogee to the extent of its cash advances to the SIPA Trustee for the satisfaction of the aforementioned Customer Claim (see §78fff-3(a)(1) of SIPA), any and all rights, including causes of action or claims, that Assignor now may have against BLMIS and/or any third party arising out of or relating to any fraudulent or illegal activity with respect to Assignor's BLMIS account (Account No. 1ZR280, the "BLMIS Account"), which gave rise to the allowed Customer Claim for securities filed by Assignor

300017070.1

against BLMIS. Such assignment is only to the extent that Assignor has received satisfaction of the Customer Claim as set forth above.

Further, Assignor has not previously compromised or assigned any claim, cause of action or other right against BLMIS, its principals or agents or any third party arising out of or related to any fraudulent or illegal activity giving rise to the Customer Claim.

Upon reasonable request of the SIPA Trustee or SIPC, Assignor agrees to cooperate with the SIPA Trustee or SIPC in connection with any efforts of either to recover from the principals or agents of BLMIS or anyone else for amounts advanced by SIPC or paid by the SIPA Trustee to satisfy Assignor's Customer Claim in this SIPA liquidation proceeding. Such efforts to recover by the SIPA Trustee or SIPC, either to demand or pursue or to prosecute or settle any collection effort, action or proceeding therefore, shall be at the sole cost of the SIPA Trustee or SIPC.

Effective immediately and without further action, contingent only upon Assignor's receipt from the SIPA Trustee or his agent of a check in the amount of $82,533.56 as set forth in the SIPA Trustee's Notice of Determination of the Customer Claim dated June 30, 2009, (the "Trustee's Determination"), and upon receipt by the SIPA Trustee of this executed and notarized Assignment and Release, the Assignor does for Assignor's executors, administrators, heirs and assigns hereby remise, release and forever discharge the SIPA Trustee and SIPC, as subrogee to the extent of its cash advances for the satisfaction of the Customer Claim, and, as the case may be, its officers, directors, professionals, employees, agents, successors and assigns, of and from any and all claims arising out of or relating to the Assignor's BLMIS Account, the Customer Claim filed with the SIPA Trustee as protected by the provisions of SIPA, and any and all circumstances giving rise to said Customer Claim which the Assignor now has, or hereafter may

have, for or by any reason, cause, matter or thing whatsoever from the beginning of the world to the date of the execution of this Assignment and Release, only to the extent that the SIPA Trustee and/or SIPC has paid monies to the Assignor to satisfy Assignor's Customer Claim. Assignor acknowledges the sufficiency of the consideration to be received in accordance with the SIPA Trustee's Determination and under this Assignment and Release.

**IN WITNESS WHEREOF**, the undersigned has on this day set forth below duly executed this Assignment of Assignor's Customer Claim and Release, intending to be legally bound hereby.

_____
RICHARD MOST

Sworn and subscribed before me this
____ day of _____, 2009.

_____
Notary Public

300017070.1

3

## CERTIFICATE OF SERVICE

I, James J. Moylan, an attorney licensed to practice law in the states of Colorado and Illinois, hereby certify that I caused *Richard Most's Withdrawal of Objection to Trustee's Determination of Claim on IRA Account, without prejudice*, to be served on:

Irving H. Picard, Esq. Trustee
c/o Baker & Hostetler, LLP
45 Rockefeller Plaza
New York, NY 10011

Priority Mail and First Class, as indicated, before the hour of 5:00 p.m. on this 2nd day of November, 2009.

_____
James J. Moylan