BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com
Alissa M. Nann
Email:  anann@bakerlaw.com

*Attorneys for Irving H. Picard, Esq., Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant.<br>In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |

**TRUSTEE'S APPLICATION FOR AN OMNIBUS ORDER AUTHORIZING THE TRUSTEE TO FILE CERTAIN ACCOMPANIMENTS UNDER SEAL**

Irving H. Picard, Esq. (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC (the "Debtor"), under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq*. ("SIPA"),[1] by and through his undersigned counsel,

---

[1] For convenience, future reference to SIPA will not include "15 U.S.C."

300042407

files this application (the "Application") for entry of an omnibus order, pursuant to sections 105(a) and 107(c) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Civil Procedure (the "Bankruptcy Rules"), authorizing the Trustee to file under seal any certificate of service, exhibit and/or attachment to a motion (the "Accompaniments"), where such Accompaniment contains the name and/or contact information of any former employee of the Debtor (the "Former Employees"), as further described below.  In support of the Application, the Trustee respectfully represents as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over the Application pursuant to section 78eee(b)(4) of SIPA and the order (the "Protective Decree") entered on December 15, 2008 [Docket No. 4] by the Honorable Louis L. Stanton, United States District Judge, United States District Court for the Southern District of New York in Case No. 08 CV 10791, and 28 U.S.C. §§ 157 and 1334. Venue of this case is proper in this district pursuant to section 78eee(b)(4) of SIPA and 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are sections 105(a) and 107(c) of the Bankruptcy Code, and Rule 9018 ("Rule 9018") of the Federal Rules of Bankruptcy Procedure.

### BACKGROUND AND RELIEF REQUESTED

2.      In the course of liquidating the Debtor's business, the Trustee has filed and plans to file additional motions seeking Court approval to amend and/or terminate certain of the Debtor's employee benefit plans.  As required under ERISA and other various labor laws, notice of these motions is provided to certain Former Employees of the Debtor who were participants in such benefit plans, and to third parties reasonably believed to have a colorable interest in the benefit plans.  In addition, such motions may require the filing of certain exhibits or other attachments that relate to certain of the Debtor's benefit plans, which may contain names of

Former Employees or other information about Former Employees and/or their family members who were plan beneficiaries.

3. As the Court is aware, given the high optics of this case, the names and addresses of the Former Employees is information that is highly sensitive. Many of the Former Employees are innocent people who have been victimized by Bernard Madoff's fraud by, among other things, losing their jobs and possibly being stigmatized by their relation to Madoff. The Trustee does not want to further victimize the Former Employees by publically disclosing their names and addresses.

4. Accordingly, by this Application the Trustee requests entry of an omnibus order, substantially in the form of Exhibit A attached hereto, authorizing the Trustee to file under seal any Accompaniment that contains the name and/or contact information of any Former Employee of the Debtor.

## BASIS FOR RELIEF REQUESTED

5. Section 107(c)(1) of the Bankruptcy Code provides bankruptcy courts with power to issue orders that will protect entities from potential harm:

> The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
> (A) Any means of identification (as defined in section 1028(d) of title 18) contained in a paper filed, or to be filed, in a case under this title.
>
> (B) Other information contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c)(1).

6. The purpose of §107(c), specifically, is to set forth a limited exception to the general rule that all records are public, allowing a court to limit public access of certain identification information if it determines that cause exists and dissemination of the information would constitute an undue risk of identity theft or other injury. French v. Am. Gen. Fin. Servs. (In re French), 401 B.R. 295, 305-306 (Bankr. E.D. Tenn. 2009). According to the legislative history, §107(c) was created to address privacy concerns and to prevent the "disclosure of sensitive information in light of the emerging problem of identity theft and also the possible need to protect individuals from domestic violence or other injury." Id. (citing 2 COLLIER ON BANKRUPTCY ¶ 107.LH[2] (15th ed. 2008)). A court has broad discretion to protect individuals with respect to any identifying information in a paper to be filed with the court to the extent that the court finds that disclosure would create unlawful injury to the individual or his/her estate. 2 COLLIER ON BANKRUPTCY ¶ 107.04[1] (15th ed. 2007).

7. The Trustee submits that the information listed on the Certificates of Service, as it relates to the Employees, falls under the "means of identification" listed in 18 U.S.C. 1028(d), which includes, among other things, and individual's name and address. The Trustee further submits that, in the highly publicized and emotionally charged environment of this case, it is appropriate to file the Accompaniments under seal to protect the Employees from further potential victimization and stigma.

## NOTICE

8. Notice of this Motion has been provided by U.S. mail, postage prepaid, or email to (i) all parties that have filed a notice of appearance in this case; (ii) SIPC; (iii) the SEC; (iv) the Internal Revenue Service; and (v) the United States Attorney for the Southern District of New York. The Trustee submits that no other or further notice need be given.

**WHEREFORE**, the Trustee respectfully requests that the Court (a) enter an omnibus order substantially in the form attached hereto as Exhibit A, granting the relief requested herein; and (b) grant such other and further relief to the Trustee as the Court deems proper.

Dated: New York, New York
       November 6, 2009

Respectfully submitted,

*s/Alissa M. Nann*
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com
Alissa M. Nann
Email: anann@bakerlaw.com

*Attorneys for Irving H. Picard, Esq. Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*