# LAX NEVILLE

BARRY R. LAX
BRIAN J. NEVILLE

---

BRIAN MADDOX
SANDRA P. ESPINOSA
RAQUEL TERRIGNO

LAX & NEVILLE, LLP
ATTORNEYS AT LAW

1412 Broadway, Suite 1407
New York, NY 10018
Tel (212) 696-1999
Fax (212) 566-4531
www.laxneville.com

OF COUNSEL:
DAVID S. RICH

November 6, 2009

**VIA E-MAIL AND ECF FILING**

Honorable Burton R. Lifland
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

    Re:    *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC*, No. 08 CV 1789 (Bankr.S.D.N.Y.) (BRL)

           *Albanese, et al. v. Picard, Trustee*, Adv. Pro. No. 09-1265 (BRL)

Dear Judge Lifland:

    We represent the Plaintiffs and prospective Class in the above referenced adversarial proceeding, as well as numerous objectors and creditors in the main bankruptcy case. We write in regards to the "Net Equity" briefing schedule outlined in Your Honor's September 16, 2009 Order.

    Even though the September 16, 2009 Order was quite clear that the scope of the briefing to be submitted to the Court was to be limited to the "proper interpretation of 'net equity'" (September 16, 2009 Order at pg. 4), the Trustee, Irving H. Picard (the "Trustee") and the Securities Investor Protection Corporation ("SIPC"), took it upon themselves to brief the additional topic of the Trustees' avoidance power under both SIPA and the Bankruptcy Code (*See* Trustee's Memorandum of Law in Support of Trustee's Motion for an Order Upholding Trustee's Determination Denying "Customer" Claims for Amounts Listed on Last Customers Statement Relating to Net Equity, at pg. 33-35 and 46-49; and SIPC Memorandum of Law in Support of Trustee's Motion for an Order Upholding Trustee's Determination Denying "Customer" Claims for Amounts Listed on Last Customers Statement Relating to Net Equity, at pg. 29-35 (collectively the "Net Equity Memoranda")).

    First and foremost, these Net Equity Memoranda violate the letter and spirit of the September 16, 2009 Order. Furthermore, SPIC and the Trustee's actions are counter to the conversations and negotiations held with interested parties prior to the submission of the September 16, 2009 Order.

**LAX**
**NEVILLE**

Honorable Judge Lifland
November 6, 2009
Page 2 of 2

      The avoidance issue was specifically listed as an important ancillary issue, which was to be the subject of a soon to follow and separate briefing schedule. Obviously avoidance is an extremely complicated issue that requires substantial independent research and briefing (as originally contemplated and agreed upon by the interested parties).

      We contacted counsel for the Trustee about the Trustee's and SIPC's change of heart and requested an explanation and resolution of this issue. Opposing counsel acknowledged our concerns and indicated that they would get back to us with a possible solution. Almost two weeks have passed, and despite numerous phone calls and e-mails regarding this issue, counsel for the Trustee has yet to adequately respond to our overtures.

      While we do not object in principle to briefing the avoidance issue in conjunction with the "Net Equity" issue, we respectfully request that Your Honor approve a new briefing schedule for addressing both the "Net Equity" and avoidance issues. Our Proposed Order for such a briefing schedule is attached hereto.

      We are a small firm with two partners and four associates. We agreed to the briefing schedule proposed in the September 16, 2009 Order based upon the mutual understanding that the issue at bar would be limited to "Net Equity." The Trustee and SIPC took it upon themselves to brief the ancillary issue of avoidance outside the scope of the original agreement and in complete contradiction to the September 16, 2009 Order. Based upon pre-existing commitments, such as hearings, arbitrations, depositions and briefs in other matters, we are unable to meet the schedule as currently proposed. We respectfully request Your Honor's assistance in resolving this issue.

Respectfully submitted,
Lax & Neville, LLP

By: /s/ Brian Neville
      Brian J. Neville

cc:    David J. Sheehan
       Helen Chaitman
       Carole Neville
       Jonathan M. Landers