**UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant.<br>In re:<br>BERNARD L. MADOFF,<br><br>Debtor. | Adv. Pro. No. 08-01789<br><br>(BRL) SIPA Liquidation<br><br>(Substantively Consolidated) |

## [PROPOSED] ORDER SCHEDULING ADJUDICATION OF "NET EQUITY" AND AVOIDANCE ISSUES

This matter initially came before the Court on September 9, 2009 on the motion (the "Motion") [1] of Irving H. Picard, Esq. (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.,* and as trustee for the estate of Bernard L. Madoff ("Madoff'), for entry of an order to schedule a hearing on the Net Equity issue; and now comes before this Court based on a November 6, 2009 request to modify the briefing schedule to address the avoidance issue raised by the Trustee's and the Securities Investment Protection Corporation's Motion and Memoranda in Support thereof regarding Net Equity (collectively the "Net Equity and Avoidance Motion") filed on October 16, 2009; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with section 78eee(b)(4) of the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"), and the Protective Decree, entered on December 15, 2008 by the United

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

States District Court for the Southern District of New York in Case No. 08 CV 10791, and 28 U.S.C. §§ 157 and 1334; and it appearing that the relief requested is necessary and in the best interests of the estate, its customers, its creditors, and all parties in interest:

**ORDERED,** that the Objecting Claimants shall file their responses to the Net Equity and Avoidance Motion on or before December 11, 2009; and it is further

**ORDERED,** that any Interested Parties who wish to file a brief in opposition to the Net Equity and Avoidance Motion shall file their briefs on or before December 11, 2009; and it is further

**ORDERED**, that any Interested Parties who wish to file a brief in support of the Net Equity and Avoidance Motion shall file their briefs on or before January 15, 2010; and it is further

**ORDERED**, that to the extent that Interested Parties who filed briefs in accordance with the preceding paragraph raise new issues, whether factual or legal, that have not been previously raised, Interested Parties who filed a brief in opposition to the Net Equity and Avoidance Motion may file a reply brief addressing such issues on or before January 29, 2010.

**ORDERED**, the Trustee and SIPC shall file their reply papers on or before February 26, 2010; and it is further

**ORDERED**, the Court shall hold a hearing on the Net Equity and Avoidance Motion on March 15, 2010, at 10:00 a.m., or such other time as the Court determines; and it is further

**ORDERED**, that Interested Parties that are permitted to file briefs in accordance with this Order shall be limited to customers of BLMIS who have filed a

2

customer claim with the Trustee, or any governmental unit or division. Such briefs may be filed without seeking leave from the Court; and it is further

**ORDERED**, that any claimant who files a brief regarding the Net Equity and Avoidance Motion in accordance with this proposed scheduling order shall submit a copy of or otherwise identify their filed customer claim at the time of filing their brief. Counsel filing a brief on behalf of any Interested Party shall identify all such Interested Parties they represent; and it is further

**ORDERED**, that any party, other than governmental units, who did not file a customer claim but wishes to file a brief regarding the Net Equity and Avoidance Motion in accordance with this proposed scheduling order must seek leave of court prior to filing such a brief and must identify their interest in this matter, including, but not limited to, whether they had an account at BLMIS. If any such party had an account at BLMIS, or if counsel is representing one or more persons who had an account(s) or an interest in an account(s) at BLMIS, they must identify all holders of the BLMIS accounts in their motion for leave to file briefs in accordance with this paragraph; and it is further

**ORDERED**, that the Trustee's proposed form of notice is approved. The Trustee shall serve the notice by mailing to all persons who have filed customer claims in the above-captioned action, and shall place the notice on his web site; and it is further

**ORDERED,** that the Trustee shall confer with counsel regarding the other issues that should be the subject of separate scheduling orders, and shall propose a conference or hearing to set schedules for such issues; and it is further

3

**ORDERED,** that this Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: New York, New York
       November ___, 2009

                                     HONORABLE BURTON R. LIFLAND
                                     UNITED STATES BANKRUPTCY JUDGE