# Baker Hostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

November 9, 2009

David J. Sheehan
direct dial: 212.589.4616
dsheehan@bakerlaw.com

**VIA ELECTRONIC AND FIRST CLASS MAIL**

Honorable Burton R. Lifland
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

Re:   *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC,* 08-1789 (BRL) (Substantively Consolidated)

Dear Judge Lifland:

Baker Hostetler serves as counsel to Irving H. Picard (the "Trustee"), the Trustee for the substantively consolidated liquidation proceedings of Bernard L. Madoff Investment Securities LLC ("BLMIS") and Bernard L. Madoff.

I write in response to the letter sent to your Honor by Mr. Neville on November 6, 2009 in which he requested that a revised scheduling order be entered with respect to the "net equity" dispute (the "Lax Neville Letter").[1] As the Court is aware, the net equity dispute is the subject of your Honor's September 16, 2009 Order, which sets forth an extended schedule for briefing of this important issue in which all interested parties may participate.

The Lax Neville Letter proposes that the briefing schedule set forth in the September 16 Order be extended to accommodate their firm in responding to the Trustee's net equity brief filed on October 16, 2009. The reason set forth in Mr. Neville's letter is that the Trustee briefed issues ancillary to net equity, specifically the Trustee's avoidance powers under the Bankruptcy Code.

The Trustee agrees that the September 16, 2009 Order precludes briefing of issues of anything other than those that relate to net equity. The Trustee, however, views the brief discussion of his avoidance powers on pages 33-35 and 46-49 as essential to a full understanding and argument of the net equity issue and are thus not precluded by the September 16 Order.

---

[1] Because it does not appear from the recipient list that Lax Neville transmitted its letter to SIPC, the Trustee forwarded a copy to it.

Chicago   Cincinnati   Cleveland   Columbus   Costa Mesa   Denver   Houston   Los Angeles   New York   Orlando   Washington, DC

Honorable Burton R. Lifland
November 9, 2009
Page 2

The discussion on pages 33-35 of the Trustee's brief articulates additional support for the principle that investors are not entitled to recover fictitious profits they received in a Ponzi scheme. The manner that those fictitious profits are recovered are through fraudulent conveyance principles provided under the Bankruptcy Code. As the Trustee's position with respect to "net equity" is that customers are entitled to the cash they deposited with BLMIS less any withdrawals, with no claim to any fictitious profits, discussion of these precedents was critical to demonstrating the propriety of the Trustee's position.

Moreover, the Trustee felt it critical to articulate the result of interpreting "net equity" such that customers have a claim to fictitious profits as well as their principal. A necessary outcome of utilizing the November 30, 2008 statements is that the Trustee's avoidance powers will be severely limited. Using the November 30, 2008 statements for purposes of determining customer claims is to credit certain transactions that the Trustee would otherwise seek to avoid for the benefit of all customers. Thus, discussion of the Trustee's avoidance powers – and the curtailing of the same by using the November 30, 2008 statements as the basis for determining the amount of customer claims – is essential to any discussion of the proper interpretation of "net equity."

Contrary to the suggestions by Mr. Neville, the Trustee submits that his net equity brief did not violate your Honor's September 16 Order, but rather provided the Court with a full and necessary discussion of the net equity issue. Similarly, the discussion by SIPC at pp. 29-35 of its brief was an intrinsic part of its discussion of "net equity" and was not presented as, or intended to be, a discussion of any ancillary issue.

Thus, the Trustee requests that your Honor deny the Lax Neville request to modify the briefing schedule set forth in your September 16 Order. SIPC joins the Trustee in his request.

Respectfully,

*David J. Sheehan /srb*

David J. Sheehan

DJS/srb

cc:    Barry Lax
       Brian Neville
       Helen Davis Chaitman
       Matthew Gluck
       Jonathan Landers
       Carol Neville