BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: djsheehan@bakerlaw.com
Marc Hirschfield
Email: mhirschfield@bakerlaw.com
Alissa M. Nann
Email: anann@bakerlaw.com

Hearing Date: November 24, 2009
Time: 10:00 am

Objections Deadline: November 20, 2009
Time: 4:00 p.m.

*Attorneys for Irving H. Picard, Esq., Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. <br><br> In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | Adv. Pro. No. 08-1789 (BRL) <br><br> SIPA Liquidation <br><br> (Substantively Consolidated) |

**TRUSTEE'S MOTION FOR AN ORDER PURSUANT TO 15 U.S.C.
SECTION 78fff(a) (SECURITIES INVESTOR PROTECTION ACT) AND
SECTIONS 105(a) AND 363 OF THE BANKRUPTCY CODE AUTHORIZING
THE AMENDMENT, TERMINATION AND LIQUIDATION OF
<u>DEBTOR'S 401(k) PLAN, EFFECTIVE NOVEMBER 30, 2009</u>**

Irving H. Picard, Esq. (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC (the "Debtor"), under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq*. ("SIPA"),[1] by and through his undersigned counsel, for his motion (the "Motion") for entry of an order, pursuant to section 78fff(a) of SIPA and sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the Trustee to enter into amendments, effective November 30, 2009, or as soon as feasible thereafter, to and effectuate the termination and liquidation of the Debtor's 401(k) Plan, the sole employee pension benefit plan sponsored and maintained by the Debtor, as defined and further described below, respectfully represents as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over the Motion pursuant to section 78eee(b)(4) of SIPA and the order (the "Protective Decree") entered on December 15, 2008 [Docket No. 4] by the Honorable Louis L. Stanton, United States District Judge, United States District Court for the Southern District of New York in Case No. 08 CV 10791, and 28 U.S.C. §§ 157 and 1334. Venue of this case is proper in this district pursuant to section 78eee(b)(4) of SIPA and 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 78fff(a) of SIPA, sections 105 and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

2.      On December 11, 2008 (the "Filing Date"),[2] the Securities and Exchange Commission ("SEC") filed a complaint in the United States District Court for the Southern District of New York against defendants Bernard L. Madoff and the Debtor (together, the

---

[1] For convenience, future reference to SIPA will not include "15 U.S.C."
[2] *See* section 78*lll*(7)(B) of SIPA.

2

"Defendants") (No. 08 CV 10791). The complaint alleged that the Defendants engaged in fraud through investment advisor activities of the Debtor.

3. On December 15, 2008, pursuant to section 78eee(a)(4)(A) of SIPA, the SEC consented to a combination of the SEC Action with an application filed by the Securities Investor Protection Corporation ("SIPC"). Thereafter, pursuant to section 78eee(a)(3) of SIPA, SIPC filed an application in the District Court alleging, inter alia, that the Debtor was not able to meet its obligations to securities customers as they came due and, accordingly, its customers needed the protection afforded by SIPA.

4. On the aforesaid December 15, 2008, the District Court entered the Protective Decree, to which the Debtor consented, which, in pertinent part:

(a) appointed the Trustee for the liquidation of the business of the Debtor pursuant to section 78eee(b)(3) of SIPA;

(b) appointed Baker & Hostetler, LLP as counsel to the Trustee pursuant to section 78eee(b)(3) of SIPA; and

(c) removed the case to the Bankruptcy Court pursuant to section 78eee(b)(4) of SIPA.

5. On the Filing Date, the Debtor sponsored and maintained several employee benefit plans (together, the "Benefit Plans"), all of which are subject to regulation under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001, *et seq.* ("ERISA") and one of which is the Bernard L. Madoff Investment Securities LLC Plan, an "employee pension benefit plan" (within the meaning of section 3(2) of ERISA), an individual account plan to which plan-covered employees have made "section 401(k)" deferral contributions (the "401(k) Plan"). With respect to each of the Benefit Plans, including the 401(k) Plan, the Debtor also served as the "administrator" (within the meaning of section 3(16)(A) of ERISA) on the date liquidation of the business of the Debtor commenced under Chapter 7 of the federal Bankruptcy Code.

3

6. The Trustee has since taken action to progressively wind down the business operations of the Debtor, including liquidation of the operating assets associated with Debtor's "market maker" trading business and termination of all of Debtor's employees. In connection with the wind-down of Debtor's operations, the Trustee has taken actions to modify, terminate and provide for the orderly wind down of certain of the Debtor's employee benefit plans, including the group term life insurance, group disability income insurance, and health accident and sickness benefit plans. By order entered May 27, 2009, this Court confirmed the Trustee's authority under SIPA and the Bankruptcy Code to proceed with such actions.

7. Since the commencement of the aforesaid liquidation, the Trustee also has served as the "administrator" of the Benefit Plans, and each of them (within the meaning of section 3(16) of ERISA), including the 401(k) Plan, in accordance with the responsibilities imposed on the Trustee under section 704(a)(11) of the Bankruptcy Code. The Trustee has continued to administer the Benefit Plans, including the 401(k) Plan, pending their termination and liquidation.

8. In addition, since the commencement of the aforesaid liquidation, the Trustee has been in contact with both the Employee Benefits Security Administration, a division of the United States Department of Labor ("DOL") and Fidelity Management Trust Company ("Fidelity"), the 401(k) Plan's trustee, regarding the administration and eventual termination of the 401(k) Plan. Both the Trustee and Fidelity have fully cooperated with requests for information from the DOL regarding the 401k Plan, as well as the Debtor's other benefit plans.

**RELIEF REQUESTED**

9. The Trustee, in the ordinary course of his liquidation and wind-down of the Debtor's business, having amended and modified, and then terminated those Benefit Plans other than the 401(k) Plan, has now determined that the 401(k) Plan also should be amended and

4

modified, and then terminated, by appropriate action taken by or on behalf of the Debtor, effective November 30, 2009.

10. By this Motion, the Trustee, acting for and on behalf of the Debtor, seeks authorization to modify certain provisions of the 401(k) Plan and then terminate the 401(k) Plan, effective November 30, 2009, subject only to continuing the administration of the 401(k) Plan, as its administrator and on a temporary basis, to provide for the systematic liquidation of investments, the making of distributions, and the resolution and discharge of all participant and beneficiary-initiated claims, and the discharge and satisfaction of any and all administrative expenses associated with the 401(k) Plan's operation, termination and liquidation.

11. By this Motion, the Trustee requests entry of the Order, substantially in the form of Exhibit D attached hereto, (i) authorizing the Trustee to execute amendments modifying the 401(k) Plan as described above, (ii) authorizing the Trustee to enter into and execute resolutions to bring about the termination and liquidation of the 401(k) Plan, acting on behalf of the Debtor as required under the terms of said Plan, (iii) authorizing the Trustee to use assets of the Estate to pay for the reasonable expenses associated with amending and terminating the 401(k) Plan and liquidating its assets; (iv) confirming the Trustee's authority to provide for the orderly resolution or discharge of any claims for benefits now pending or hereafter made under the terms of the 401(k) Plan, and (iv) confirming the Trustee's authority to provide for the orderly resolution or discharge of any breach-of-duty or similar claims involving the 401(k) Plan (including any held by or on behalf of said Plan) that are either now pending or may hereafter be made.

12. Copies of the amendments modifying the terms of the 401(k) Plan, and the resolutions effecting the termination of the 401(k) Plan are attached hereto as Exhibits A and B, respectively.

**NOTICE OF TERMINATION OF BENEFITS**

13. To effectuate the foregoing, and consistent with relevant ERISA requirements, all individuals with a colorable interest in the 401(k) Plan, including any individuals who have taken a distribution from the 401(k) Plan since November 1, 2006, will receive notice of the impending modification and termination of the 401(k) Plan in a writing (the "Notice of Termination") which identifies the 401(k) Plan, provides relevant information regarding the termination and curtailment of rights, includes a description of the fact that any account for which an individual fails to provide timely direction will be transferred directly to an individual retirement account established for such individual in a manner consistent with applicable provisions of ERISA, and provides contact information for those individuals and other parties with questions or the need to assert a claim under, or in connection with, the 401(k) Plan (including both claims for benefits and breach-of-duty claims arising under ERISA). A copy of the Notice of Termination is attached hereto as <u>Exhibit</u> <u>C</u>.

14. The Notice of Termination is being provided to said current and former employees, and non-employee individuals with a colorable claim to benefits, via U.S. mail on November 11, 2009, along with a copy of the notice of this Motion. In addition to the Notice of Termination, on November 3, 2009, a letter was sent to all individuals with an account balance in the 401(k) Plan as of that date, via U.S. mail, alerting them as to the proposed termination and liquidation of the 401(k) Plan, encouraging that such individuals take immediate action, and providing them with appropriate contact information to enable such action.

15. In addition, copies of the amendments, the resolutions and the Notice of Termination will be made available on the Trustee's website at: http://www.madofftrustee.com/DocketFilings.aspx.

**BASIS FOR RELIEF REQUESTED**

A.     <u>SIPA requires the liquidation of the Debtor's business.</u>

16.     Section 78fff(a) of SIPA governs the purposes of a SIPA liquidation and provides in relevant part that: "[t]he purposes of a liquidation proceeding under this chapter shall be . . . (4) to liquidate the business of the debtor." Thus, the Trustee has an affirmative duty to liquidate and wind-down the business operations of the Debtor, including any existing employee benefit plans.

B.     <u>The proposed amendment and/or termination of the 401(k) Plan is within the Trustee's discretion under section 105(a) and sound business judgment under section 363 and should therefore be approved.</u>

17.     Sections 105(a) and 363 of the Bankruptcy Code apply to liquidations under SIPA. *See* 15 U.S.C. § 78fff(b) ("a liquidation proceeding shall be conducted in accordance with, and as though it were being conducted under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11.").

18.     The Trustee respectfully submits that the amendment and termination of the 401(k) Plan, and the wind-up of all 401(k) Plan-related interests and the resolution of all 401(k) Plan-related claims, are within the ordinary course of business. However, out of an abundance of caution, the Trustee, by the Motion, is seeking Court approval to enter into and execute those documents necessary or appropriate to bringing about the amendment and termination of the 401(k) Plan, discharge from the assets of the estate the expenses associated with amending, terminating and then liquidating said Plan, and confirm his duties and obligations as the administrator of said Plan. The Trustee also seeks Court approval to ensure that proper notice is given to current and former employees and any other third parties with an interest in the pending amendment, termination and liquidation of the 401(k) Plan.

7

19. The Trustee respectfully submits that the amendments to and termination and liquidation of the 401(k) Plan come within the Trustee's discretion under section 105(a) of the Bankruptcy Code and within the Trustee's business judgment under Section 363 of the Bankruptcy Code. Section 363 permits a trustee to "use, sell or lease, other than in the ordinary course of business, property of the estate…" 11 U.S.C. § 363(b).

20. The Trustee submits that the notice given herein, in addition to the notice provided by the Notice of Termination is reasonably calculated to place on notice all interested parties of the amendment and modification, and termination, of the 401(k) Plan and the actions being take to wind down and liquidate its related trust fund.

### **NOTICE**

21. Notice of this Motion has been provided by U.S. mail, postage prepaid, or email to (i) all parties that have filed a notice of appearance in this case; (ii) SIPC; (iii) the SEC; (iv) the Internal Revenue Service; (v) the Employee Benefits Security Administration; (vi) Fidelity Management Trust Company; (vii) counsel to Fidelity Management Trust Company; (viii) the United States Attorney for the Southern District of New York; and (ix) all individuals with an interest in the 401(k) Plan from November 1, 2006 through the Filing Date (collectively, the "Notice Parties"). The certificate of service demonstrating service of this Motion will be filed under seal, to maintain confidentiality of the Debtor's former employees' personal information. The Trustee submits that no other or further notice need be given.

**WHEREFORE**, the Trustee respectfully requests that the Court (a) enter an order substantially in the form attached hereto as <u>Exhibit</u> <u>D</u>, granting the relief requested herein; and (b) grant such other and further relief to the Trustee as the Court deems proper.

Dated: New York, New York
November 10, 2009

Respectfully submitted

  /s/ *Alissa M. Nann*
David J. Sheehan
Marc Hirshfield
Alissa M. Nann
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Esq.,*
*Trustee for the SIPA Liquidation of Bernard L.*
*Madoff Investment Securities LLC*

300023300