# CUSTOMER CLAIM

Claim Number_____

Date Received_____

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

### In Liquidation

## DECEMBER 11, 2008

Irving H. Picard, Esq.
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

Provide your office and home telephone no.

OFFICE:_____

HOME:___954-484-0307_____

Taxpayer I.D. Number (Social Security No.)
_____-2583_____

Account Number:    1ZA437
DOROTHY B SELDON
REVOCABLE LIVING TRUST
BERNARD SELDON SUCCESSOR TSTEE
4710 HOLLY DRIVE
TAMARAC, FL 33319

(If incorrect, please change)

NOTE:    BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY THE
ACCOMPANYING INSTRUCTION SHEET. A SEPARATE CLAIM FORM SHOULD
BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL PROTECTION
AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE RECEIVED BY THE
TRUSTEE ON OR BEFORE March 4, 2009. CLAIMS RECEIVED AFTER THAT
DATE, BUT ON OR BEFORE July 2, 2009, WILL BE SUBJECT TO DELAYED
PROCESSING AND TO BEING SATISFIED ON TERMS LESS FAVORABLE TO THE
CLAIMANT. PLEASE SEND YOUR CLAIM FORM BY CERTIFIED MAIL - RETURN
RECEIPT REQUESTED.

*************************************************************************

1.    Claim for money balances as of **December 11, 2008** :
    a.    The Broker owes me a Credit (Cr.) Balance of        $_____0_____
    b.    I owe the Broker a Debit (Dr.) Balance of        $_____0_____

c. If you wish to repay the Debit Balance,
please insert the amount you wish to repay and
attach a check payable to "Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC."
If you wish to make a payment, **it must be enclosed**
with this claim form.                                    $_____

d. If balance is zero, insert "None."                    _____None_____

2.    Claim for securities as of **December 11, 2008**:

**PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.**

|  | YES | NO |
|---|---|---|
| a.  The Broker owes me securities | x | |
| b.  I owe the Broker securities | | x |

c.    If yes to either, please list below:

| Date of Transaction (trade date) | Name of Security | Number of Shares or Face Amount of Bonds | |
|---|---|---|---|
| | | The Broker Owes Me (Long) | I Owe the Broker (Short) |
| See Nov. 30, 2008 | ZA437 statements, attached hereto as Exhibit A | | |
| $362,476.53 (market value of securities long, per ZA437-3 statement) | | | |
| 11,550.00 (market value of securities long, per ZA437-4 statement) | | | |
| (16,310.00) (market value of securities short, per ZA437-4 statement) | | | |
| TOTAL $357,716.53 | | | |

**Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclose, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation. You should also provide all documentation or**

**information regarding any withdrawals you have ever made or payments received from the Debtor.**    See Exhibits A and B, and documents submitted herewith.

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement. If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.

**PLEASE CHECK THE APPROPRIATE ANSWER FOR ITEMS 3 THROUGH 9.**

**NOTE:    IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION ON A SIGNED ATTACHMENT. IF SUFFICIENT DETAILS ARE NOT PROVIDED, THIS CLAIM FORM WILL BE RETURNED FOR YOUR COMPLETION.**

|  |  | YES | NO |
|---|---|---|---|
| 3. | Has there been any change in your account since December 11, 2008? If so, please explain. | | X |
| 4. | Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of the broker? | | X |
| 5. | Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or policies of the broker? | | X |
| 6. | Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in any way with the broker? If so, give name(s) | | X |
| 7. | Is this claim being filed by or on behalf of a broker or dealer or a bank? If so, provide documentation with respect to each public customer on whose behalf you are claiming. | | X |
| 8. | Have you ever given any discretionary authority to any person to execute securities transactions with or through the broker on your behalf? Give names, addresses and phone numbers. | | X |

9.     Have you or any member of your family
ever filed a claim under the Securities
Investor Protection Act of 1970?  if
so, give name of that broker.                                    _____  X

Please list the full name and address of anyone assisting you in the
preparation of this claim form:  Christopher Van DeKieft, Esq., Seeger
Weiss LLP, One William Street, New York, NY 10004

If you cannot compute the amount of your claim, you may file an estimated claim.  In that
case, please indicate your claim is an estimated claim.

**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM.
CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR
IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.**

**THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY
INFORMATION AND BELIEF.**

Date ___3/4/09_____    Signature_____

Date _____    Signature_____

(If ownership of the account is shared, all must sign above.  Give each owner's name,
address, phone number, and extent of ownership on a signed separate sheet.  If other
than a personal account, *e.g.*, corporate, trustee, custodian, etc., also state your capacity
and authority.  Please supply the trust agreement or other proof of authority.)

**This customer claim form must be completed and mailed promptly,
together with supporting documentation, etc. to:**

Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

## CUSTOMER CLAIM

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

December 11, 2008

### Trustee Account Information for
### Bernard L. Madoff Investment Securities Account No. ZA437

| | |
|---|---|
| **Trust Name:** | Dorothy B. Seldon Revocable Living Trust |
| **Trustee Name:** | Bernard Seldon |
| **Trustee Address:** | 4710 Holly Drive, Tamarac, FL 33319 |
| **Trustee Tel. No.:** | 954-484-0307 |

Pursuant to the Agreement for the Dorothy B. Seldon Revocable Trust ("Trust"), submitted herewith in Exhibit B, I, Bernard Seldon, am the sole Trustee of the Trust. The previous Trustee, Dorothy B. Seldon is deceased as of June 16, 2002. As the sole Trustee, I am authorized to file a Securities Investor Protection Corporation Customer Claim for Account ZA437 with Bernard L. Madoff Securities, Inc.

3/4/09
_____
Date

_____
Bernard Seldon, as Trustee for the
Dorothy B. Seldon Revocable Living Trust

# *EXHIBIT A*

**BERNARD L. MADOFF**
MADF  INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

PAGE: 1

PERIOD ENDING: 11/30/08

YOUR TAX PAYER IDENTIFICATION NUMBER: *****1494

YOUR ACCOUNT NUMBER: 1-ZA437-4-0

DOROTHY B SELDON
REVOCABLE LIVING TRUST
BERNARD SELDON SUCCESSOR TSTEE
4710 HOLLY DRIVE
TAMARAC          FL    33319

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|------|------|------|------|------|------|------|------|
| | | | | BALANCE FORWARD | | | 18,720.00 |
| 11/12 | | 7 | 44754 | S & P 100 INDEX | 15.800 | | 11,053.00 |
| | | | | NOVEMBER 460 CALL | | | |
| 11/12 | 7 | | 49080 | S & P 100 INDEX | 17.800 | 12,467.00 | |
| | | | | NOVEMBER 450 PUT | | | |
| 11/19 | | 7 | 35184 | S & P 100 INDEX | 26 | | 18,193.00 |
| | | | | DECEMBER 430 CALL | | | |
| 11/19 | 7 | | 39509 | S & P 100 INDEX | 30 | 21,007.00 | |
| | | | | DECEMBER 420 PUT | | | |
| 11/19 | 7 | | 43034 | S & P 100 INDEX | 3 | 2,107.00 | |
| | | | | NOVEMBER 460 CALL | | | |
| 11/19 | | 7 | 48159 | S & P 100 INDEX | 37 | | 25,893.00 |
| | | | | NOVEMBER 450 PUT | | | |
| | | | | NEW BALANCE | | | 38,278 |
| | | | | SECURITY POSITIONS | MKT PRICE | | |
| | | 7 | | S & P 100 INDEX | 23.300 | | |
| | | | | DECEMBER 430 CALL | | | |
| | | | | S & P 100 INDEX | 16.500 | | |
| | | | | DECEMBER 420 PUT | | | |
| | | | | MARKET VALUE OF SECURITIES | | | |
| | | | | LONG          SHORT | | | |
| | | | | 11,550.00    16,310.00— | | | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

PAGE **2**

PERIOD ENDING **11/30/08**

YOUR TAX PAYER IDENTIFICATION NUMBER **\*\*\*\*\*\*1494**

YOUR ACCOUNT NUMBER **1-ZA437-3-0**

DOROTHY B SELDON
REVOCABLE LIVING TRUST
BERNARD SELDON SUCCESSOR TSTEE
4710 HOLLY DRIVE
TAMARAC                    FL    33319

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| 1/12 | 105 | | 75036 | SCHLUMBERGER LTD | 49.480 | 5,199.40 | |
| 1/12 | 252 | | 75538 | COMCAST CORP | 16.510 | 4,170.52 | |
| | | | | CL A | | | |
| 1/12 | 497 | | 79362 | AT&T INC | 27 | 13,438.00 | |
| 1/12 | 126 | | 79864 | CONOCOPHILIPS | 52.510 | 6,621.26 | |
| 1/12 | 84 | | 83688 | UNITED PARCEL SVC INC | 52.040 | 4,374.36 | |
| | | | | CLASS B | | | |
| 1/12 | 511 | | 84190 | CISCO SYSTEMS INC | 16.730 | 8,569.03 | |
| 1/12 | 147 | | 88014 | U S BANCORP | 29.530 | 4,345.91 | |
| 1/12 | 175 | | 88516 | CHEVRON CORP. | 73.439 | 12,857.25 | |
| 1/12 | 84 | | 92340 | UNITED TECHNOLOGIES CORP | 53.100 | 4,468.44 | |
| 1/12 | 889 | | 92842 | GENERAL ELECTRIC CO | 19.630 | 17,466.07 | |
| 1/12 | 238 | | 96666 | VERIZON COMMUNICATIONS | 30.410 | 7,246.58 | |
| 1/12 | 21 | | 97168 | GOOGLE | 337.400 | 7,085.40 | |
| 1/12 | 325,000 | | 23600 | U S TREASURY BILL | 99.936 | | 324,792.00 |
| | | | | DUE 2/12/2009 | | | |
| | | | | FIDELITY SPARTAN | DIV | | 15.47 |
| 1/12 | | | | U S TREASURY MONEY MARKET | | | |
| | | | | DIV 11/12/08 | | | |
| 1/12 | | 26,681 | 18703 | FIDELITY SPARTAN | 1 | | 26,681.00 |
| | | | | U S TREASURY MONEY MARKET | | | |
| 1/12 | 33,070 | | 28071 | FIDELITY SPARTAN | 1 | 33,070.00 | |
| | | | | U S TREASURY MONEY MARKET | | | |
| | | | | FIDELITY SPARTAN | DIV | | 4.06 |
| 1/19 | | | | U S TREASURY MONEY MARKET | | | |
| | | | | DIV 11/19/08 | | | |
| | | | | CONTINUED ON PAGE  3 | | | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel (020) 7493 6222

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

| PERIOD ENDING | PAGE |
|---|---|
| 11/30/08 | 3 |

YOUR TAX PAYER IDENTIFICATION NUMBER
******1494

DOROTHY B SELDON
REVOCABLE LIVING TRUST
BERNARD SELDON SUCCESSOR TSTEE
4710 HOLLY DRIVE        FL 33319
TAMARAC

YOUR ACCOUNT NUMBER
1-ZA437-3-0

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| 11/19 | | 33,070 | 53586 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | | 33,070.00 |
| 11/19 | 50,000 | | 58072 | U S TREASURY BILL DUE 03/26/2009 | 99.926 | 49,963.00 | |
| 11/19 | 4,083 | | 62622 | FIDELITY SPARTAN U S TREASURY MONEY MARKET DUE 3/26/2009 | 1 | 4,083.00 | |
| | | | | NEW BALANCE | | 38,277.77 | |
| | | | | SECURITY POSITIONS | MKT PRICE | | |
| | 497 | | | AT&T INC | 28.560 | | |
| | 133 | | | ABBOTT LABORATORIES | 52.390 | | |
| | 91 | | | AMGEN INC | 55.540 | | |
| | 77 | | | APPLE INC | 92.670 | | |
| | 420 | | | BANK OF AMERICA | 16.250 | | |
| | 175 | | | CHEVRON CORP | 79.010 | | |
| | 511 | | | CISCO SYSTEMS INC | 16.540 | | |
| | 455 | | | CITI GROUP INC | 8.290 | | |
| | 168 | | | COCA COLA CO | 46.870 | | |
| | 252 | | | COMCAST CORP CL A | 17.340 | | |
| | 126 | | | CONOCOPHILIPS | 52.520 | | |
| | 441 | | | EXXON MOBIL CORP | 80.150 | | |
| | 889 | | | GENERAL ELECTRIC CO | 17.170 | | |
| | | | | CONTINUED ON PAGE    4 | | | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

PAGE: **4**

PERIOD ENDING: **11/30/08**

YOUR TAX PAYER IDENTIFICATION NUMBER: ******1494

YOUR ACCOUNT NUMBER: **1-ZA437-3-0**

DOROTHY B SELDON
REVOCABLE LIVING TRUST
BERNARD SELDON SUCCESSOR TSTEE
4710 HOLLY DRIVE
TAMARAC          FL    33319

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| | 21 | | | GOOGLE | 292.960 | | |
| | 210 | | | HEWLETT PACKARD CO | 35.280 | | |
| | 483 | | | INTEL CORP | 13.800 | | |
| | 119 | | | INTERNATIONAL BUSINESS MACHS | 81.600 | | |
| | 315 | | | J.P. MORGAN CHASE & CO | 31.660 | | |
| | 231 | | | JOHNSON & JOHNSON | 59.580 | | |
| | 98 | | | MCDONALDS CORP | 55.750 | | |
| | 182 | | | MERCK & CO | 26.720 | | |
| | 665 | | | MICROSOFT CORP | 20.220 | | |
| | 336 | | | ORACLE CORPORATION | 16.090 | | |
| | 133 | | | PEPSICO INC | 56.700 | | |
| | 567 | | | PFIZER INC | 16.430 | | |
| | 175 | | | PHILLIP MORRIS INTERNATIONAL | 42.160 | | |
| | 252 | | | PROCTER & GAMBLE CO | 64.350 | | |
| | 140 | | | QUALCOMM INC | 33.570 | | |
| | 105 | | | SCHLUMBERGER LTD | 50.740 | | |
| | 4,083 | | | FIDELITY SPARTAN | 1 | | |
| | | | | U S TREASURY MONEY MARKET | | | |
| | 147 | | | U S BANCORP | 26.980 | | |
| | 84 | | | UNITED PARCEL SVC INC | 57.600 | | |
| | | | | CLASS B | | | |
| | 50,000 | | | U S TREASURY BILL | 99.971 | | |
| | | | | DUE 03/26/2009 | | | |
| | | | | 3/26/2009 | | | |
| | 84 | | | UNITED TECHNOLOGIES CORP | 48.530 | | |
| | | | | CONTINUED ON PAGE      5 | | | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES



BERNARD L. MADOFF
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

PERIOD ENDING: 11/30/08

PAGE: 5

YOUR ACCOUNT NUMBER: 1-ZA437-3-0

YOUR TAX PAYER IDENTIFICATION NUMBER: *******1494

DOROTHY B SELDON
REVOCABLE LIVING TRUST
BERNARD SELDON SUCCESSOR TSTEE
4710 HOLLY DRIVE
TAMARAC          FL   33319

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|------|------|------|------|------|------|------|------|
| | 238 | | | VERIZON COMMUNICATIONS | 32.650 | | |
| | 182 | | | WAL-MART STORES INC | 55.880 | | |
| | 294 | | | WELLS FARGO & CO NEW | 28.890 | | |
| | | | | MARKET VALUE OF SECURITIES | | | |
| | | | | LONG     SHORT | | | |
| | | | | 362,476.53 | | | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

| MADF | BERNARD L. MADOFF |
| --- | --- |
| | INVESTMENT SECURITIES LLC |
| | New York ☐ London |

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

DOROTHY B SELDON
REVOCABLE LIVING TRUST
BERNARD SELDON SUCCESSOR TSTEE
4710 HOLLY DRIVE
TAMARAC          FL    33319

**PAGE** 6

**PERIOD ENDING** 11/30/08

**YOUR TAX PAYER IDENTIFICATION NUMBER** ******1494

**YOUR ACCOUNT NUMBER** 1-2A437-3-0

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | YEAR-TO-DATE SUMMARY | | | |
| | | | | DIVIDENDS | | | 2,330.27 |
| | | | | GROSS PROCEEDS FROM SALES | | | 2,050,731.20 |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Madoff Securities International Limited
12 Berkeley Street
Mayfair. London W1J 8DT
Tel 020 7493 6222

PERIOD ENDING: 11/30/08

PAGE: 1

YOUR TAX PAYER IDENTIFICATION NUMBER: ******1494

YOUR ACCOUNT NUMBER: 1-ZA437-3-0

DOROTHY B SELDON
REVOCABLE LIVING TRUST
BERNARD SELDON SUCCESSOR TSTEE
4710 HOLLY DRIVE
TAMARAC          FL   33319

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|------|------|------|------|------|------|------|------|
| | | | | BALANCE FORWARD | | 18,719.59 | |
| 1/12 | 294 | | 993 | WELLS FARGO & CO NEW | 29.800 | 8,772.20 | |
| 1/12 | 210 | | 1495 | HEWLETT PACKARD CO | 34.900 | 7,337.00 | |
| 1/12 | 182 | | 5319 | WAL-MART STORES INC | 55.830 | 10,168.06 | |
| 1/12 | 119 | | 5821 | INTERNATIONAL BUSINESS MACHS | 87.270 | 10,389.13 | |
| 1/12 | 441 | | 9645 | EXXON MOBIL CORP | 72.880 | 32,157.08 | |
| 1/12 | 483 | | 10147 | INTEL CORP | 14.510 | 7,027.33 | |
| 1/12 | 231 | | 14473 | JOHNSON & JOHNSON | 59.580 | 13,771.98 | |
| 1/12 | 315 | | 18798 | J.P. MORGAN CHASE & CO | 38.530 | 12,148.95 | |
| 1/12 | 168 | | 23124 | COCA COLA CO | 44.660 | 7,509.88 | |
| 1/12 | 98 | | 27450 | MCDONALDS CORP | 55.370 | 5,429.26 | |
| 1/12 | 182 | | 31776 | MERCK & CO | 28.550 | 5,203.10 | |
| 1/12 | 665 | | 36102 | MICROSOFT CORP | 21.810 | 14,529.65 | |
| 1/12 | 336 | | 40428 | ORACLE CORPORATION | 17.300 | 5,825.80 | |
| 1/12 | 133 | | 53406 | PEPSICO INC | 56.410 | 7,507.53 | |
| 1/12 | 77 | | 53908 | APPLE INC | 100.780 | 7,763.06 | |
| 1/12 | 567 | | 57732 | PFIZER INC | 16.940 | 9,626.98 | |
| 1/12 | 133 | | 58234 | ABBOTT LABORATORIES | 54.610 | 7,268.13 | |
| 1/12 | 252 | | 62058 | PROCTER & GAMBLE CO | 64.080 | 16,158.16 | |
| 1/12 | 91 | | 62560 | AMGEN INC | 59.160 | 5,386.56 | |
| 1/12 | 175 | | 66384 | PHILLIP MORRIS INTERNATIONAL | 43.600 | 7,637.00 | |
| 1/12 | 420 | | 66886 | BANK OF AMERICA | 21.590 | 9,083.80 | |
| 1/12 | 140 | | 70710 | QUALCOMM INC | 33.770 | 4,732.80 | |
| 1/12 | 455 | | 71212 | CITI GROUP INC | 12.510 | 5,710.05 | |
| | | | | CONTINUED ON PAGE 2 | | | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

# *EXHIBIT B*

## **EXHIBIT B**

1. This Claim Form, exhibits, and supporting documentation (collectively "Claim Form") is submitted pursuant to the December 23, 2008 Order of the Honorable Burton R. Lifland and the instructions disseminated by Irving H. Picard, Trustee for Bernard L. Madoff Investment Securities LLC ("Trustee"), on December 11, 2008.

2. The information provided in the Claim Form is based on information provided in the Claimant's latest Madoff account statement and additional information known by the Claimant as of the date of the submission of the Claim Form. The Claimant reserves the right to amend and/or supplement this Claim Form upon the receipt of further information, or upon request by the Trustee for additional information.

3. The Claimant reserves the right to amend the Claim Form in the event of any recoveries by the Trustee or any other party under the avoidance powers of the Bankruptcy Code or otherwise, or in the event of rejections of executory contracts pursuant to Bankruptcy Code Section 365, whether such amendments are made pursuant to Bankruptcy Code Sections 105, 502(g), or 502(h), Bankruptcy Rule 3002(c)(3), (4), other provisions of applicable bankruptcy law, or general principles of law or equity.

4. The Claimant hereby requests that the Claim Form be considered as a proof of claim in *In re Bernard L. Madoff Investment Securities LLC*, No. 08-01789 (Bankr. S.D.N.Y.).

5. This Claim Form is required to be submitted pursuant to the Court's January 2, 2009 Order and the Trustee's instructions to the Claimant. To the extent permitted by applicable law, the Claimant does not, by submitting the Claim Form, consent to the jurisdiction of the Bankruptcy Court nor does Claimant waive any right to trial by jury.

6. The Claimant reserves all rights, claims, and/or defenses as to and/or against any and all parties potentially liable for the losses sustained by the Claimant, including, without limitation, Bernard L. Madoff Investment Securities LLC and its owners, partners, employees, and affiliates, as well as any potentially liable third parties including, without limitation, investment advisors, "feeder funds," accountants, and auditors.

7. The Claimant further reserves all rights, claims, and/or defenses as to and/or against any persons and/or creditors asserting claims against Bernard L. Madoff Investment Securities LLC, its employees, owners, and/or affiliates, in bankruptcy or otherwise.

8.  The Claimant reserves all objections as to the competence, relevance, materiality, privilege, or admissibility of evidence in any subsequent proceeding or trial of this or any other action for any purpose whatsoever, notwithstanding the submission of any such information to the Trustee.

9.  To the extent the Claimant has disclosed to the Trustee documents containing accounting and/or legal advice, the Claimant does not waive any potential privileges applicable thereto.

10. The Claimant reserves all rights with respect to submitting information to the Internal Revenue Service regarding gains, losses, and/or theft of assets.

11. The Claim Form and supporting documents contain confidential information. The Claimant submits this information to the Trustee subject to the condition that this information will not to be disclosed to any third parties, other than under seal to the Court, absent the Claimant's express consent or Court order.

12. The Claimant submits herewith documents in support of the Claimant's claim, including documents containing information regarding account transactions, such as contributions and/or withdrawals. The Claimant reserves any arguments that such documents are not relevant to the Trustee's inquiry. The Claimant further reserves the right to supplement this submission, including the submission of additional documents, if deemed necessary. Attached is a list of the documents submitted herewith:

**NTC CO. FBO Bernard Seldon**
**Bernard L. Madoff Investment Securities Account No. 1ZA437**

| Document Number | Date of Document | Issuing Party | Prepared for | Description of Document |
|---|---|---|---|---|
| 1 | 9/30/2008 | Bernard L. Madoff Investment Securities | Dorothy B Seldon Revocable Living Trust, Bernard Seldon Successor Trustee | Portfolio Management Report for Bernard L. Madoff Investment Securities Account ZA437 as of September 30, 2008. |
| 2 | 12/31/2007 | Bernard L. Madoff Investment Securities | Bernard Seldon | Portfolio Management Report for Bernard L. Madoff Investment Securities Account ZR050 as of December 31, 2007. |
| 3 | 11/19/1991 | Bernard L. Madoff Investment Securities | Bernard Seldon | Dorothy B. Seldon Revocable Living Trust Agreement. |
| | | | | |
| | | | | |

1

PORTFOLIO MANAGEMENT REPORT AS OF   9/30/08

THIS REPORT IS PROVIDED TO ASSIST YOU IN EVALUATING THE PERFORMANCE OF YOUR
ACCOUNT AND SHOULD NOT BE USED FOR INCOME TAX PURPOSES.


DOROTHY B SELDON                    1-ZA437-3
REVOCABLE LIVING TRUST
BERNARD SELDON SUCCESSOR TSTEE
4710 HOLLY DRIVE
TAMARAC              FL 33319


| | |
|---|---|
| STARTING EQUITY FOR CURRENT YEAR | 359,324.17CR |
| CAPITAL ADDITIONS | |
| CAPITAL WITHDRAWALS | 29,376.37- |
| REALIZED P/L FOR CURRENT YEAR | 24,656.78CR |
| UNREALIZED P/L ON OPEN SECURITY POSITIONS | 449.75CR |
| CURRENT CASH BALANCE | .83CR |
| NET MARKET VALUE OF OPEN SECURITIES POSITIONS | 355,053.50    NET LONG |
| TOTAL EQUITY | 355,054.33CR |

ANNUALIZED RETURN FOR CURRENT YEAR      9.74 %

2

PORTFOLIO MANAGEMENT REPORT AS OF 12/31/07

THIS REPORT IS PROVIDED TO ASSIST YOU IN EVALUATING THE PERFORMANCE OF YOUR
ACCOUNT AND SHOULD NOT BE USED FOR INCOME TAX PURPOSES.

DOROTHY B SELDON                                    1-ZA437-3
REVOCABLE LIVING TRUST
BERNARD SELDON SUCCESSOR TSTEE
4710 HOLLY DRIVE
TAMARAC              FL 33319

STARTING EQUITY FOR CURRENT YEAR                         359,152.40CR
CAPITAL ADDITIONS
CAPITAL WITHDRAWALS                                        38,180.35-
REALIZED P/L FOR CURRENT YEAR                             38,352.12CR
UNREALIZED P/L ON OPEN SECURITY POSITIONS
CURRENT CASH BALANCE                                          .67CR
NET MARKET VALUE OF OPEN SECURITIES POSITIONS            359,323.50
TOTAL EQUITY                                             359,324.17CR   NET LONG

ANNUALIZED RETURN FOR CURRENT YEAR        11.38 %

3

### DOROTHY B. SELDON

### REVOCABLE TRUST AGREEMENT

THIS TRUST AGREEMENT, is executed this _19_ day of _November_ 1991, at Palm Beach County, Florida, by and between DOROTHY B. SELDON, hereinafter called the "Settlor," and DOROTHY B. SELDON, hereinafter called the "Trustee." The Settlor has or shall immediately hereafter deliver to the Trustee the property described on Schedule "A" attached hereto, and the Trustee agrees to accept, hold and administer all of said assets, together with all additions thereto and all proceeds therefrom, in trust, pursuant to the following terms:

ARTICLE I - MEMBERS OF SETTLOR'S FAMILY

As of this date, the Settlor's immediate family consists of:

The Settlor's husband, BERNARD SELDON,
The Settlor's daughter, TERRY A. CALHOUN, and
The Settlor's son, RICHARD B. SELDON.

All references herein to the Settlor's "Spouse" shall refer to the Settlor's husband, named above.

ARTICLE II - TRUST AMENDMENT AND REVOCATION

At any time or times during the life of the Settlor, by an instrument in writing, signed by the Settlor and delivered to the Trustee, Settlor (i) may amend, alter, modify or change this Trust Agreement in any manner; and/or (ii) may change the Successor Trustee or Successor Trustees; (iii) withdraw any part or all of the properties contained in the Trust and/or (iv) may revoke or terminate this Trust Agreement in part or in whole, in which latter event any and all Trust properties shall forthwith revert to Settlor as her own property free of Trust.

ARTICLE III - ADMINISTRATION DURING THE LIFETIME OF SETTLOR

During the lifetime of the Settlor, the Trustee shall pay all of the net income, if any, to the Settlor, in convenient installments at least as often as monthly. In addition, the Trustee shall pay to the Settlor, from the principal of the Trust,

DOROTHY B. SELDON

1

so much as the Trustee deems necessary for the welfare, support and comfort of the Settlor in her accustomed manner of living.

## ARTICLE IV - INCAPACITY OF SETTLOR

Notwithstanding any other provision of this instrument to the contrary, during any period of time that any "Successor Trustee" is in possession of any of the following:

A.   A court order, which such Successor Trustee deems to be jurisdictionally proper and still currently applicable, holding Settlor to be legally incapacitated to act in her own behalf or appointing a guardian to act for her, or

B.   Duly executed, witnessed, and acknowledged written certificates of two licensed physicians (each of whom represents that he is certified by a recognized medical board), each certifying that such physician has examined the Settlor and has concluded that, by reason of accident, physical or mental illness, progressive or intermittent physical or mental deterioration, or other similar cause the Settlor had, at the date thereof, become incapacitated to act rationally and prudently in her own financial best interests, the Settlor shall be deemed to be incapacitated and any attempt by the Settlor to exercise the above reserved rights of revocation, withdrawal of assets, and/or control over the Successor Trustee shall, unless and until a court of competent jurisdiction determines otherwise, be void and totally without effect, this Trust being, during that period of time, irrevocable and unamendable.   The Successor Trustee hereunder shall be under no duty to institute any examination into Settlor's possible incapacity, but any such examination reasonably instituted shall be deemed made at Settlor's request, with waiver by Settlor of all provisions of law relating to disclosure of confidential medical information needed in connection therewith, and the expenses thereof may be paid from Trust assets.   Any physician's aforesaid certificate may be revoked by a similar certificate to the effect that Settlor is no longer thus incapacitated executed either (i) by the originally certifying physician or (ii) by two other licensed,

_____
DOROTHY B. SELDON

2

board-certified physicians.  During any period of the Settlor's
incapacity as defined herein, the Successor Trustee shall make
payments from the Trust to or for the benefit of the Settlor for
her health, support, comfort and maintenance, and such health,
support, comfort and maintenance of the Settlor shall be of
paramount importance even to the complete exhaustion of the trust.

ARTICLE V – PAYMENT OF SETTLOR'S DEBTS, FUNERAL EXPENSES and TAXES,
IF ANY

Upon the Settlor's death, the Successor Trustee shall pay from
the residue of the trust estate the Settlor's funeral expenses,
costs of administration and estate and inheritance taxes assessed
by reason of the Settlor's death.  The Trustee may make payment
directly or to the Settlor's Personal Representative.  The Settlor
hereby waives all rights of reimbursement for any payments made
pursuant to this article.

ARTICLE VI – DISTRIBUTION OF REMAINDER OF TRUST UPON DEATH OF
SETTLOR

Upon the death of the Settlor, if the Settlor's spouse is then
alive, the Successor Trustee shall divide the entire remaining
Trust estate, including, but not limited to any proceeds of
insurance payable to the Successor Trustee and any assets which may
be distributable to the Successor Trustee pursuant to any
provisions in the Last Will of the Settlor, or otherwise, into two
separate Shares, one to be known as the "Marital Share," and
distributed outright to the Settlor's Spouse, the other to be known
as the "Residuary Trust."  Upon the death of the Settlor, if the
spouse of the Settlor is not then alive, the Trust shall not be
divided pursuant to the provisions of the last preceding sentence,
and the Trust shall be administered pursuant to the terms
hereinafter contained relating to the administration of the
"Residuary Trust" after the death of the Settlor and the spouse of
the Settlor.  Subject to the foregoing, if the Settlor is survived
by the spouse of the Settlor, the portion of the Trust estate to be

DOROTHY B. SELDON

3

distributed as the "Marital Share" and the "Residuary Trust" shall be as follows:

1.  The portion to be placed in the "Marital Share" shall be the smallest pecuniary amount which, if allowed as a Federal estate tax marital deduction, would result in the least possible Federal estate tax being payable by reason of the Settlor's death.  In determining the portion to be placed in the "Marital Share," the Successor Trustee shall select assets employing for the purpose thereof values current at the time or times of distribution.  No asset or proceeds of any asset shall be selected as to which marital deduction is not allowable.

2.  All the rest and residue of the Trust after satisfaction of the foregoing provisions of this Article shall be placed in the Residuary Trust, to be administered pursuant to the provisions hereinafter set forth.

ARTICLE VII - ADMINISTRATION OF THE RESIDUARY TRUST DURING THE LIFETIME OF THE SETTLOR'S SPOUSE.

The Residuary Trust shall, during the lifetime of the Settlor's spouse, be administered pursuant to the terms and conditions of this Article.

A.  The Successor Trustee shall pay to the Settlor's spouse, in convenient installments at least as often as monthly, an amount equal to all of the net income earned by the Residuary Trust.

B.  In addition, the Successor Trustee shall pay to the Settlor's husband, BERNARD SELDON, from the principal of the trust, such amount or amounts or all of the principal as the trustee may determine to be reasonably required, in addition to all other income and assets of the Settlor's husband known to the Successor Trustee, for the health, support, and maintenance of the Settlor's husband in his accustomed manner of living.

C.  Upon the death of the Settlor's husband, during the period of this Trust for his benefit, or upon Settlor's death if she survives him, the principal of the Residuary Trust, as it is then

DOROTHY B. SELDON

4

constituted, together with any undistributed or accumulated income shall be distributed as follows:

1. The sum of One Hundred Thousand ($100,000.00) Dollars to the Settlor's granddaughter, AMANDA CALHOUN, if living, otherwise to her issue, in equal shares, per stirpes.

2. The sum of Fifty Thousand ($50,000.00) Dollars to the Settlor's grandson, ADAM SELDON, if living, otherwise to his issue, in equal shares, per stirpes.

3. The sum of Fifty Thousand ($50,000.00) Dollars to the Settlor's grandson, COREY SELDON, if living, otherwise to his issue, in equal shares, per stirpes.

4. The sum of Ten Thousand ($10,000.00) Dollars to the Settlor's nephew, JEFFREY B. BENNETT.

5. The rest, residue and remainder of the trust estate shall be distributed as follows:

a. A One-Half (1/2) share of the balance of the trust estate to the Settlor's daughter, TERRY A. CALHOUN, if living, otherwise to her issue, in equal shares, per stirpes.

b. A One-Half (1/2) share of the balance of the trust estate to the Settlor's son, RICHARD B. SELDON, if living, otherwise to his issue, in equal shares, per stirpes.

D. Each share of the trust estate which is distributable to a beneficiary who has not reached the age of twenty-five (25) years shall immediately vest in the beneficiary, but the trustee shall retain possession of the share as a separate trust until the beneficiary reaches the age of twenty-five (25), meanwhile paying to or for the benefit of the beneficiary so much or all of the income and principal of the share as the trustee deems necessary for the beneficiary's health, maintenance, education and best interests, and adding to principal any income not so paid.

## ARTICLE VIII – SPENDTHRIFT PROVISION

The interests of beneficiaries in principal or income shall not be subject to the claims of any creditor, any spouse for

DOROTHY B. SELDON

5

alimony or support, or others, or to legal process, and may not be alienated or encumbered.

## ARTICLE IX – SIMULTANEOUS DEATH

If the Settlor's spouse and the Settlor shall die under such circumstances that there is not sufficient evidence to determine the order of their deaths, then it shall be conclusively presumed that the Settlor survived the Settlor's husband, and all the terms of this instrument shall be construed in accordance with said presumption. With the exception of the Settlor's spouse, for all purposes throughout this instrument, no person shall be deemed to have survived the Settlor unless said person is alive thirty (30) days after the date of the Settlor's death.

## ARTICLE X – PROVISIONS REGARDING TRUSTEE

A.  As Successor Trustee of all Trusts created hereunder, the Settlor names her husband, BERNARD SELDON. If for any reason he should die, resign or otherwise be unwilling or unable to act, the Settlor names her two (2) children, TERRY A. CALHOUN and RICHARD B. SELDON, to serve as Co-Successor Trustees in his place and stead, each of whom shall be qualified to act without qualification or any other affirmative action whatsoever.  If for any reason either is unwilling or unable to act or to continue to act in that capacity, then the other may act alone.

B.  No Successor Trustee shall be required to post bond.

C.  No person dealing with the Trustee of any separate trust shall be obligated to inquire as to the powers of such Trustee or to see to the application of any money or property delivered to such Trustee.   Such Trustee shall not be required to obtain authority from or approval of any court in the exercise of any power conferred upon her hereunder.

D.  The Successor Trustee is authorized to combine, solely for the purpose of investment, any separate Trusts created herein with any other separate Trusts created herein, or with any Trust containing the same or like provisions created by the Settlor or the Settlor's spouse or issue in any other instrument now or

6

DOROTHY B. SELDON

hereafter created, provided, however, that separate books of account shall be kept for each separate Trust notwithstanding the physical combination of assets.

E.   Any Trustee may resign at any time by written notice to each beneficiary then entitled to have the benefit of the income from the trust.  In case of the resignation, refusal or inability to act of any Trustee acting or appointed to act hereunder and to the extent not otherwise effectively provided for herein who can so act, a majority in interest of the beneficiaries then entitled to have the benefit of the income from the trust may appoint a Successor Trustee.

F.   Throughout this trust, any pronouns used in connection herewith shall be construed to include the plural as well as the singular number, and the masculine, feminine and neuter gender, whenever and wherever the context so admits or requires.

G.   The term "Trustee" refers to the single, multiple and Successor Trustees, who at any time may be appointed and acting in a fiduciary capacity under the terms of this Agreement.

ARTICLE XI - POWERS OF TRUSTEES

All Trustees and Successor Trustees shall have the continuing power to deal with any property, real, personal or mixed, held in the  Trust, independently, and without the prior or subsequent approval of any court or judicial authority, and no person dealing with the Successor Trustee shall be required to inquire into the propriety of their acts.   Without in any way limiting the generality of the foregoing, all Trustees shall have the following specific powers and authority:

1.   To sell, exchange, assign, transfer and convey any security or property, real or personal, held in the Trust, at public or private sale, at such time and price and upon such terms and conditions as it may determine and to borrow money upon such terms and conditions as the Trustee may determine and to mortgage and pledge Trust assets as security for the repayment thereof.

2.   The Trustee is empowered and specifically authorized to invest and reinvest trust funds, including the right to buy, sell and deal in stocks, bonds, Limited Partnerships, U.S. Government Securities, all forms of managed accounts, mortgages, notes, mutual funds or other property of any kind, real or personal.  The Trustee is also specifically empowered to maintain margin accounts.  Any

DOROTHY B. SELDON

7

Successor Trustee serving hereunder shall have all of the above powers.

3.   In addition to all powers hereinabove granted to the Successor Trustees, the Successor Trustee shall have, all powers conferred upon Successor Trustees pursuant to Florida Statutes, Section 733.612 and 737.402, as those statutes may now exist or be hereafter amended, and generally, the Successor Trustees shall have the power to do any and all acts and things and to execute any and all written documents with respect to any property at any time held hereunder, which the Successor Trustees would be entitled to do, were such property owned absolutely by the Successor Trustees.

4.   This Trust shall not be subject to Florida Statute Section 737.402 (4).

## ARTICLE XII – GOVERNING LAW

This agreement shall be construed and regulated in all respects by the laws of the State of Florida.

IN WITNESS WHEREOF, the parties hereto have set their hands and seals to this instrument, consisting of this and the seven (7) preceding typewritten pages, on the day and year first above written.

_____(SEAL)
DOROTHY B. SELDON
as Settlor and Trustee

We certify that the above instrument was on the date thereof signed, sealed and declared by DOROTHY B. SELDON as her declaration of trust in our presence, and that we, at her request and in her presence and in the presence of each other, have signed our names as witnesses thereto, believing her to be of sound mind and memory at the time of signing.

_____ residing at   6100 Glades Road

Boca Raton, FL 33434

_____ residing at   6100 Glades Road

Boca Raton, FL 33434

STATE OF FLORIDA      )
) ss.
COUNTY OF PALM BEACH)

I HEREBY CERTIFY that before me, a Notary Public duly authorized in the State and County named above, to take acknowledgments, personally appeared DOROTHY B. SELDON, known to me to be the person described as Settlor and Trustee, respectively, in and who executed the foregoing instrument, and she acknowledged before me that she executed the same for the purposes therein expressed.

WITNESS my hand and official seal at Palm Beach County, Florida on the day and year first above written.

_____
NOTARY PUBLIC, State of
Florida at Large

My commission expires:

Notary Public State of Florida
My Commission Expire August 15, 1992
Bonded Thru Bankers Ins Co.

This document prepared by:
Craig Donoff, P.A.
6100 Glades Road., Suite 204
Boca Raton, FL 33434
407-451-8220

8

## SCHEDULE "A"

This Schedule is to be attached to the TRUST AGREEMENT dated _____, 1991, by and between DOROTHY B. SELDON as Settlor, and DOROTHY B. SELDON as Trustee.

## FIRST AMENDMENT TO TRUST AGREEMENT

Settlor, DOROTHY B. SELDON, hereby amends the Trust Agreement dated November 19, 1991, pursuant to Article II thereof, as follows:

### ITEM I

The Trust Agreement is hereby amended to provide that the Settlor, DOROTHY B. SELDON, and her husband, BERNARD SELDON, shall serve as Co-Trustees of the Trust during the Settlor's lifetime. Further, the signature of either Trustee shall be sufficient to deposit funds, make withdrawals, execute any bill of sale, certificate of ownership, deed or any other documents or instruments which are required to be executed in order to carry out the intent and purpose of the Trust.

### ITEM II

Article VII, Paragraphs C.2 and C.3 are hereby amended to provide that the bequests to the Settlor's grandsons, ADAM SELDON and COREY SELDON, shall be in the amount of One Hundred Thousand ($100,000.00) Dollars each, if living, otherwise to their respective issue, in equal shares, per stirpes.

Article VII, Paragraph C.4 is hereby deleted and the following substituted therefor: The sum of Ten Thousand ($10,000.00) Dollars to the Settlor's nephew, JEFFREY B. BENNETT, if living, otherwise to his issue, in equal shares, per stirpes.

### ITEM III

In all other respects Settlor confirms the Trust Agreement dated November 19, 1991, reserving the right to further amend or revoke the same and this First Amendment thereto.

IN WITNESS WHEREOF, Settlor has signed this First Amendment this _31_ day of _January_ , 1992.

Witnesses:

_____     _____(SEAL)
                                DOROTHY B. SELDON

(10)