Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Karen E. Wagner (karen.wagner@davispolk.com)
Denis J. McInerney (denis.mcinerney@davispolk.com)
Jonathan D. Martin (jonathan.martin@davispolk.com)

*Attorneys for Sterling Equities Associates and Certain Affiliates*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------ x
SECURITIES INVESTOR
PROTECTION CORPORATION,

              Plaintiff-Appellant,

   v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

              Defendant.

------------------------------ x

In re:

BERNARD L. MADOFF,

              Debtor.

------------------------------ x

SIPA LIQUIDATION
(Substantively Consolidated)
Adv. Pro. No. 08-01789 (BRL)

## DECLARATION OF ARTHUR FRIEDMAN

ARTHUR FRIEDMAN declares under penalty of perjury under the laws of the United States of America that the following is true and correct:

1. I am a partner in and the Senior Vice President of Sterling Equities Associates ("Sterling"). Sterling is a general partnership comprised of ten individual partners. I submit this declaration in support of Sterling's opposition, for itself and on behalf of its partners and an affiliate, to the Trustee's motion regarding "net equity."[1]

2. I have served as Sterling's Senior Vice President since joining Sterling in January 1986. As part of my duties and responsibilities, I am the principal partner responsible for coordinating cash management and overseeing many of Sterling's and the Sterling partners' investments, including investments with Bernard L. Madoff Investment Securities LLC ("BLMIS").

**Sterling's Brokerage Account 1KW300**

3. Sterling opened an account with BLMIS on July 12, 2000 and was assigned account number 1KW300. Each Sterling partner invested money with BLMIS through this account, as well as through other accounts.

4. Several account opening documents were executed on behalf of Sterling. These documents included:

    a. A "Customer Agreement," a true and correct copy of which is attached as Exhibit A.

    b. A "Trading Authorization Limited to Purchases And Sales of Securities and Options." In this agreement Sterling authorized "Bernard L. Madoff . . . as [Sterling's] agent and attorney in fact to buy, sell, and trade in stocks, bonds, options, and any other securities in accordance with [the requisite] terms and conditions for the [Sterling] account . . . ." A true and correct copy of the Trading Authorization Limited to Purchases And Sales of Securities and Options is attached as Exhibit B.

---

[1] This declaration and the accompanying memorandum of law are being filed on behalf of the following individuals and entities (with account numbers), each of whom filed customer claims: Sterling (1KW300); the individual partners of Sterling: Arthur Friedman (1KW004), David Katz (1KW201), Gregory Katz (1KW108), Michael Katz (1KW019), Saul Katz (1KW024), L. Thomas Osterman (1KW044), Marvin Tepper (1KW263), Fred Wilpon (1KW067), Jeff Wilpon (1KW076), and Richard Wilpon (1KW081); and Mets Limited Partnership (1KW192), an affiliated entity.

c.  An "Option Agreement," which, among other things, authorized BLMIS, on behalf of account 1KW300, to carry accounts for transactions in option contracts, including for the purchase, sale, transfer, exercise, and endorsement of options. A true and correct copy of the Option Agreement is attached as Exhibit C.

5.  Sterling regularly deposited funds for the credit of account 1KW300 for the purpose of purchasing securities. Generally, a deposit was made by sending a check to BLMIS. Sterling would receive in the mail a confirmation of BLMIS' receipt of the check. Thereafter, BLMIS would mail confirmations to Sterling reflecting the use of the funds to purchase securities on behalf of Sterling. Sterling also received monthly account statements that reflected the deposit of cash available for investment and/or the purchase of securities using that cash or proceeds of prior sales. Such prior sales also were reflected in confirmations or prior monthly statements sent to Sterling by BLMIS.

6.  Checks sent by Sterling to BLMIS for the purpose of purchasing securities were generally drawn on an account at JPMorgan Chase & Co. or a predecessor financial institution. Checks sent by BLMIS and received by Sterling were also drawn on an account at JPMorgan Chase & Co. or a predecessor financial institution.

7.  The last account statement received prior to the collapse of BLMIS was for the month of November 2008. A true and correct copy of the November account statement is attached as Exhibit D. The statement reflects that, as of November 30, 2008, Sterling's account was credited with ownership of, among other things, Coca Cola, Hewlett Packard and Philip Morris. The Fidelity Spartan US Treasury Money Market Fund reference is to the prior name of a money market fund that continued to exist under a new name.

8.  The November account statement reflects no margin payment due to BLMIS.

Dated: New York, New York
       November 11, 2009

_____
Arthur Friedman