Fred H. Perkins
Joseph T. Moldovan
Michael R. Dal Lago
MORRISON COHEN LLP
909 Third Avenue
New York, New York  10022
(212) 735-8600
Attorneys for Customer Claimant David Silver

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>               Plaintiff,<br><br>        v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>               Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>               Debtor. | Hearing Date:  February 2, 2010<br>Hearing Time: 10:00 AM |

**STATEMENT OF DAVID SILVER**
**IN RESPONSE TO TRUSTEE AND SIPC'S MOTION**
**FOR AN ORDER UPHOLDING TRUSTEE'S DETERMINATION**
**RELATING TO NET EQUITY CALCULATION**

Customer Claimant David Silver ("Silver"), through his attorneys Morrison

Cohen LLP, respectfully submits this statement in response to the motion by the trustee

("Trustee") for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS")

under the Securities Investor Protection Corporation Act, 15 U.S.C. § 78aaa, *et seq*. ("SIPA"),

and by SIPC, which motion seeks to confirm the Trustee's calculation of "net equity" under the

"cash in/cash out" approach.

## ARGUMENT

The Trustee and SIPC's pending motion seeks to have this Court affirm the

Trustee's approach to determining net equity under SIPA via a "cash in/cash out" method, rather

than by relying on the amounts set forth in customer's most recent BLMIS account statements.

Silver has previously filed a timely customer claim seeking recovery in connection with his

individual retirement account. To date, there has been no determination by the Trustee regarding

Silver's customer claim.

Silver believes that the issue of whether an investor's direct account and an

individual retirement account for that same investor's benefit should be treated as different

accounts held by two separate customers for calculating net equity is ***not*** currently before this

Court on the Trustee's motion. Nonetheless, to the extent such issue is deemed properly before

the Court on the current motion, Silver requests that the Court confirm -- consistent with the

Trustee's prior claim determination in this proceeding and applicable SIPA rules -- that personal

accounts held directly by a customer and individual retirement accounts for the benefit of the

same customer are treated separately (as being held by separate customers) for net equity

calculation purposes and determination of entitlement to recovery on a customer claim.

Under SIPA, an investor may be entitled to a distribution from SIPC and the

Trustee if the investor has "net equity" in his or her brokerage account. In determining net

equity, "accounts held by a customer in separate capacities shall be deemed to be accounts of

separate customers." 15 U.S.C. § 78*lll*(11); *see also* 15 U.S.C. § 78fff-3(a)(2) (same under

statute governing advances by SIPC). This approach of treating individual retirement accounts

1965009-1/020758/0001

2

as separate from direct accounts for net equity and customer claim purposes is in accordance with applicable SIPA rules. *Compare* 17 C.F.R. § 300.101 (stating that "all accounts held with a member by a person in his own name, and those which under these rules are deemed his individual accounts, shall be combined so as to constitute a single account of a separate customer") *with* 17 C.F.R. § 300.104 (stating that trust account "shall be deemed held by a separate customer of the member, distinct from the trustee, the testator or his estate, the settler, or any beneficiary of the trust").

Indeed, the Trustee has in this proceeding previously treated individual retirement accounts for the benefit of an investor and direct investment accounts held by the same investor as "accounts of separate customers" for net equity and customer claim distribution purposes. *See Peskin v. Picard*, No. 08-01789, 2009 Bankr. LEXIS 2605 at 10-11 (S.D.N.Y. Bankr. Sept. 10, 2009) (Trustee treated as separate customer claims a customer's individual retirement account and same customer's direct investment accounts with BLMIS and authorized SIPC advance of $500,000 each for both the individual retirement account and for the direct investment account). Silver respectfully requests that this Court confirm that the Trustee shall continue to treat individual retirement accounts opened by and for the benefit of an investor and direct investment accounts held by the same investor as accounts of separate customers, and calculate net equity and entitlement to distribution on customer claims accordingly for Silver and all other similarly situated BLMIS customer claimants.

## WAIVER OF MEMORANDUM OF LAW

Silver requests that the Court waive and dispense with the requirement set forth in Rule 9013-1(b) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York that any motion filed shall have an accompanying memorandum of law.

1965009-1/020758/0001

3

No novel issue of law is raised by this statement and the authorities relied upon are cited herein.

Accordingly, Silver submits that a waiver of the Rule 9013-1(b) requirement is appropriate in

these circumstances.


Dated:   New York, New York
         November 12, 2009

**MORRISON COHEN LLP**

By:   */s/ Fred H. Perkins*
      Fred H. Perkins
      Joseph T. Moldovan
      Michael R. Dal Lago
      909 Third Avenue
      New York, New York  10022
      (212) 735-8600

      Attorneys for David Silver