To: Clerk of the United States Bankruptcy Court for
    The Southern District of New York
    One Bowling Green New York, New York 10004
    Bankruptcy Judge Burton R. Lifland
Re: Bankruptcy Case No. 08-1789 (BRL)

From: Brody Family Ltd. Partnership #1
    C/O Hilda Brody
    4251 Rock Island Rd. #809 Lauderhill, Fl. 33319
    BLMIS Account No. 1ZB311 Claim # 003183

Your Honor,

The Trustee, Irving H. Picard, for the liquidation of BLMIS has determined the Brody Family Ltd. Partnership #1 claim for $3,953,788 is denied. He is allowing a claim for $494,678.22. His determination is based on the partnerships deposits less withdrawals.

I disagree with this determination.

1) There are legal precedents that the "net equity" is the $3,953,788 as reported on Madoff's statement as of 11/30/08. If that is not allowed, there are legal precedents providing a "fair" rate of return to the principal. An interest rate of 9% has been used in the past. Even using a risk-free rate - U.S. Government Securities, the 30 year government bond with compounded interest the "net equity" of the partnership would certainly exceed $500,000.

2) Due to the nature of the BLMIS bankruptcy - I am not referring to the enormous sums and length of time of the Madoff Ponzi scam. I'm referring to the Securities and Exchange Commission's complicity in this scam. Whether this complicity was based on stupidity, whether this complicity was based on fraud, complicity it was. There is no question had the SEC done their job, monies invested and lost by the partnership would have been substantially less.

3) Please keep in mind the purpose of Congress's enactment of the SIPC in 1970 was to give investors faith in the broker-dealer industry. That faith based on monetary protection helped fuel the enormous growth of the security industry.

4) This partnership's hopes and dreams rest with you your honor. We throw ourselves at your mercy and common sense. This partnership proposes a compromise. This compromise is based on two principals. Firstly, we ask you to take into consideration inflation. SIPC's $500,000 protection in 1970 is worth some $1,600,000 today. Secondly, there are 15 partners in this partnership, each of us would have had separate Madoff accounts except BLMIS insisted as individuals we were to small to be direct investors.

5) The compromise the partnership asks you to award is $1,520,000. This is less than our claim of $3,953,788. Less than the inflation adjusted SIPC protection of $1,600,000.

Thanks for your consideration

*Hilda Brody*

Hilda Brody
Brody Family Limited Partnership #1
11/09/2009

RECEIVED NOV 1 2 2009 [BANKRUPTCY COURT, SDNY]

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

## DECEMBER 11, 2008[1]

## NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

October 16, 2009

Brody Family Ltd Partnership #1
C/O Hilda Brody
4251 Rock Island Road #809
Lauderhill, FL 33319

Dear Brody Family Ltd Partnership #1:

### PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim on BLMIS Account No. 1ZB311 designated as Claim Number 003183:

Your claim for a credit balance of $3,953,788.00 and for securities is **DENIED**. No securities were ever purchased for your account.

Your claim is **ALLOWED** for $494,678.22, which was the balance in your BLMIS Account on the Filing Date based on the amount of money you deposited with BLMIS for the purchase of securities, less subsequent withdrawals (see Table 1 attached hereto).

Your **ALLOWED CLAIM** of $494,678.22 will be satisfied in the following manner:

The enclosed **ASSIGNMENT AND RELEASE** must be executed, notarized and returned in the envelope provided herewith. Upon receipt of the executed and notarized **ASSIGNMENT AND RELEASE**, the Trustee will fully satisfy your **ALLOWED CLAIM** by sending you a check in the

---

[1] Section 78lll(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78lll(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

095879, 000001, 300030524.1

amount of $494,678.22, with the funds being advanced by Securities Investor Protection Corporation pursuant to section 78fff-3(a)(1) of SIPA.

Should a final and unappealable court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by you in having your customer claim re-determined in accordance with any such Court order.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after October 16, 2009, the date on which the Trustee mailed this notice.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

> Clerk of the United States Bankruptcy Court for
> the Southern District of New York
> One Bowling Green
> New York, New York 10004

> and

> Irving H. Picard, Trustee
> c/o Baker & Hostetler LLP
> 45 Rockefeller Plaza
> New York, New York 10011

_____
Irving H. Picard

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

## Table 1

### DEPOSITS

| DATE | TRANSACTION DESCRIPTION | AMOUNT | ADJUSTED AMOUNT |
|---|---|---|---|
| 2/3/1997 | TRANS FROM 1ZA51030 | $552,117.52 | $302,478.22 |
| 3/6/1997 | CHECK | $194,000.00 | $194,000.00 |
| 3/13/1997 | TRANS FROM 1ZA51030 | $69.93 | $0.00 |
| 1/6/1998 | CHECK | $60,000.00 | $60,000.00 |
| 1/20/1998 | CHECK | $15,000.00 | $15,000.00 |
| 10/5/1998 | CHECK | $40,000.00 | $40,000.00 |
| 10/15/1998 | CHECK | $10,000.00 | $10,000.00 |
| 12/28/1998 | CHECK | $50,000.00 | $50,000.00 |
| 9/24/1999 | CHECK | $75,000.00 | $75,000.00 |
| 1/4/2000 | CHECK | $335,000.00 | $335,000.00 |
| 9/26/2000 | CHECK | $50,000.00 | $50,000.00 |
| 1/8/2001 | CHECK | $45,000.00 | $45,000.00 |
| 2/13/2001 | CHECK | $50,000.00 | $50,000.00 |
| 1/2/2002 | CHECK | $20,000.00 | $20,000.00 |
| 12/31/2002 | CHECK | $155,500.00 | $155,500.00 |
| 1/13/2003 | CHECK | $5,000.00 | $5,000.00 |
| 1/24/2003 | CHECK | $50,000.00 | $50,000.00 |
| 1/20/2004 | CHECK | $50,000.00 | $50,000.00 |
| 1/3/2005 | CHECK | $200,000.00 | $200,000.00 |
| 1/7/2005 | CHECK | $80,000.00 | $80,000.00 |
| 1/11/2005 | CHECK | $120,000.00 | $120,000.00 |
| 12/27/2005 | CHECK | $100,000.00 | $100,000.00 |
| 1/9/2006 | CHECK | $60,000.00 | $60,000.00 |
| 1/3/2007 | CHECK | $90,000.00 | $90,000.00 |
| 1/3/2007 | CHECK | $40,000.00 | $40,000.00 |
| 12/17/2007 | CHECK | $14,200.00 | $14,200.00 |
| 1/16/2008 | CHECK | $50,000.00 | $50,000.00 |
| 7/14/2008 | CHECK | $34,000.00 | $34,000.00 |
| 9/23/2008 | TRANS FROM 1ZA51030 | $100,000.00 | $100,000.00 |
| **Total Deposits:** | | $2,644,887.45 | $2,395,178.22 |

### WITHDRAWALS

| DATE | TRANSACTION DESCRIPTION | AMOUNT | ADJUSTED AMOUNT |
|---|---|---|---|
| 4/1/1997 | CHECK | ($10,000.00) | ($10,000.00) |
| 5/19/1997 | TRANS TO 1ZA51030 | ($150,000.00) | ($150,000.00) |
| 7/1/1997 | CHECK | ($10,000.00) | ($10,000.00) |
| 10/1/1997 | CHECK | ($10,000.00) | ($10,000.00) |
| 1/2/1998 | CHECK | ($10,000.00) | ($10,000.00) |
| 4/1/1998 | CHECK | ($10,000.00) | ($10,000.00) |
| 7/1/1998 | CHECK | ($10,000.00) | ($10,000.00) |
| 10/1/1998 | CHECK | ($10,000.00) | ($10,000.00) |
| 1/4/1999 | CHECK | ($10,000.00) | ($10,000.00) |
| 4/1/1999 | CHECK | ($10,000.00) | ($10,000.00) |
| 7/1/1999 | CHECK | ($10,000.00) | ($10,000.00) |

| Date | Type | Amount | Amount |
|---|---|---|---|
| 9/29/1999 | CHECK | ($25,000.00) | ($25,000.00) |
| 10/1/1999 | CHECK | ($10,000.00) | ($10,000.00) |
| 1/3/2000 | CHECK | ($10,000.00) | ($10,000.00) |
| 4/3/2000 | CHECK | ($12,000.00) | ($12,000.00) |
| 7/3/2000 | CHECK | ($12,000.00) | ($12,000.00) |
| 10/2/2000 | CHECK | ($12,000.00) | ($12,000.00) |
| 1/2/2001 | CHECK | ($12,000.00) | ($12,000.00) |
| 4/2/2001 | CHECK | ($18,000.00) | ($18,000.00) |
| 7/2/2001 | CHECK | ($18,000.00) | ($18,000.00) |
| 10/1/2001 | CHECK | ($18,000.00) | ($18,000.00) |
| 1/2/2002 | CHECK | ($18,000.00) | ($18,000.00) |
| 4/1/2002 | CHECK | ($18,000.00) | ($18,000.00) |
| 7/1/2002 | CHECK | ($18,000.00) | ($18,000.00) |
| 10/1/2002 | CHECK | ($18,000.00) | ($18,000.00) |
| 1/2/2003 | CHECK | ($23,000.00) | ($23,000.00) |
| 4/1/2003 | CHECK | ($24,500.00) | ($24,500.00) |
| 7/1/2003 | CHECK | ($24,500.00) | ($24,500.00) |
| 10/1/2003 | CHECK | ($24,500.00) | ($24,500.00) |
| 1/2/2004 | CHECK | ($24,500.00) | ($24,500.00) |
| 4/1/2004 | CHECK | ($24,500.00) | ($24,500.00) |
| 7/1/2004 | CHECK | ($19,000.00) | ($19,000.00) |
| 10/1/2004 | CHECK | ($19,000.00) | ($19,000.00) |
| 1/3/2005 | CHECK | ($25,000.00) | ($25,000.00) |
| 4/1/2005 | CHECK | ($25,000.00) | ($25,000.00) |
| 6/9/2005 | CHECK | ($70,000.00) | ($70,000.00) |
| 7/1/2005 | CHECK | ($25,000.00) | ($25,000.00) |
| 8/1/2005 | CHECK | ($30,000.00) | ($30,000.00) |
| 10/3/2005 | CHECK | ($25,000.00) | ($25,000.00) |
| 10/12/2005 | CHECK | ($30,000.00) | ($30,000.00) |
| 1/3/2006 | CHECK | ($25,000.00) | ($25,000.00) |
| 4/3/2006 | CHECK | ($25,000.00) | ($25,000.00) |
| 5/17/2006 | CHECK | ($363,000.00) | ($363,000.00) |
| 7/3/2006 | CHECK | ($25,000.00) | ($25,000.00) |
| 10/2/2006 | CHECK | ($25,000.00) | ($25,000.00) |
| 10/16/2006 | CHECK | ($75,000.00) | ($75,000.00) |
| 1/2/2007 | CHECK | ($25,000.00) | ($25,000.00) |
| 4/2/2007 | CHECK | ($60,000.00) | ($60,000.00) |
| 7/2/2007 | CHECK | ($60,000.00) | ($60,000.00) |
| 10/1/2007 | CHECK | ($60,000.00) | ($60,000.00) |
| 1/2/2008 | CHECK | ($60,000.00) | ($60,000.00) |
| 4/1/2008 | CHECK | ($68,000.00) | ($68,000.00) |
| 7/1/2008 | CHECK | ($68,000.00) | ($68,000.00) |
| 10/1/2008 | CHECK | ($79,000.00) | ($79,000.00) |
| **Total Withdrawals:** | | ($1,900,500.00) | ($1,900,500.00) |
| | | | |
| **Total deposits less withdrawals:** | | $744,387.45 | $494,678.22 |

USPS EXPRESS MAIL

Flat Rate Mailing Envelope
For Domestic and International Use

Visit us at usps.com

Print postage online - Go to usps.com/postageonline

EQ 925174687 US

ORIGIN (POSTAL SERVICE USE ONLY)

PO ZIP Code: 33484
Day of Delivery: 10-09
Flat Rate: 11-12
Time: 10:37 x 25
Postage: $17.50
Total: $17.50

FROM: (PLEASE PRINT) PHONE (954) 465-7216
ALBERT Buody
5054 Ashward Way C96
Delray Beach, FL 33484

DELIVERY (POSTAL USE ONLY)
Post Office To Addressee
Mailing Label Label 11-B, March 2004

CUSTOMER USE ONLY
PAYMENT BY ACCOUNT

TO: (PLEASE PRINT) PHONE ( )
Clerk of the United States
Bankruptcy court - Southern District
of N.Y.
One Bowling Green
N.Y. N.Y.
ZIP 10004+

U.S. POSTAGE PAID
DELRAY BEACH, FL 33484
NOV 10, 09
AMOUNT $17.50
00046406-08

When used internationally affix customs declarations (PS Form 2976, or 2976A).



Please recycle.

USPS packaging products have been awarded Cradle to Cradle Certification for their ecologically-intelligent design. For more information go to mbdc.com/usps

FOR PICKUP OR TRACKING
Visit WWW.USPS.COM
Call 1-800-222-1811

EP13F

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Express Mail® shipments.
Misuse may be a violation of federal law. This packaging is not for resale. EP13F © U.S. Postal Service; Oct. 2008; All rights reserved.