CLAYMAN & ROSENBERG
Seth L. Rosenberg
Paul S. Hugel
305 Madison Avenue
New York, NY 10165
Telephone: (212) 922-1080
Telefax: (212) 949-8255

*Attorneys for The Edward and Susan Blumenfeld Foundation*
(BLMIS Account No. 1-B0181 designated Claim Number 011055)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRIC OF NEW YORK**

----------------------------------------------------X

| | | |
|---|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | : | |
| Plaintiff, | : | Adv. Pro. No. 08-01789(BRL) |
| -against- | : | SIPA Liquidation |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | : | |
| Defendant | : | |

----------------------------------------------------X

**OBJECTION TO TRUSTEE'S DETERMIMNATION OF CLAIM**

The Edward and Susan Blumenfeld Foundation ("the Foundation"), by its attorneys, CLAYMAN & ROSENBERG, hereby objects to the Notice of Trustee's Determination of Claim dated October 19, 2009 (the "Determination Letter"), appended hereto as Exhibit A, as set forth herein.

## BACKGROUND

1. The Foundation is a "Customer" as that term is defined by the Securities Investor Protection Act ("SIPA") of Bernard L. Madoff Investment Securities LLC ("BLMIS").

2. The Foundation received a final statement from BLMIS which indicated that the Foundation owned securities valued at $2,598,300.74.

3. On December 11, 2008, the above-captioned liquidation proceeding was commenced against BLMIS, pursuant to the Securities Investor Protection Act of 1970 ("SIPA"). Irving Picard was appointed Trustee ("BLMIS Trustee") with oversight of the liquidation of BLMIS and responsibility for processing customer claims for money pursuant to SIPA.

4. By Order dated December 23, 2008, the Court directed the Trustee to disseminate notice and claim forms to BLMIS customers and set forth claim-filing deadlines. The Order further authorized the Trustee, *inter alia*, "to satisfy, within the limits provided by SIPA, those portions of any and all customer claims and accounts which agree with the Debtor's books and records," and provided that, where the BLMIS Trustee disagrees with the amount claimed in a customer's claim form, the BLMIS Trustee, "shall notify such claimant by mail of his determination that the claim is disallowed, in whole or in part, and the reason therefor..."

5. On or about June 23, 2009, the Foundation timely submitted a customer claim form to SIPC setting forth its claim in the amount of $2,598,300.74 together with alternative calculations thereof ("the Foundation's claim"). A copy of the Foundation's claim form is appended hereto as Exhibit B.

6. On October 19, 2009, the BLMIS Trustee sent the Foundation a Determination Letter denying the Foundation's claim, "in its entirety." Exhibit A. The Determination Letter

stated, in part, "No securities were ever purchased for your account... [B]ecause you have withdrawn more money than was deposited into your account, you do not have a positive "net equity" in your account and you are not entitled to an allowed claim in the BLMIS liquidation proceeding."

7. The Foundation objects to the BLMIS Trustee's disallowance of the Foundation's claim for the reasons set forth hereinbelow.

**GROUNDS FOR OBJECTION**

8. First: The Trustee's definition and application of the term, "net equity" as set forth in the Determination Letter is incorrect.

9. Second: The Determination Letter fails to comply with this Court's December 23, 2008 Order authorizing the BLMIS Trustee to pay customer claims in accordance, "with the Debtor's books and records." The final BLMIS statement received by the trust is the best evidence of the amount due on the Trust's claim based upon the Debtor's books and records.

10. Third: The Trustee's computation of the amount of money received by the Foundation from BLMIS and the amount of the Foundation's deposits into its BLMIS account is incorrect.

12. The Foundation reserves the right to revise or amend this Objection. The Foundation's failure to assert an objection on a particular ground or grounds shall not be construed as a waiver of its right to object or join in the objection of other claimants on any additional grounds.

13. The Foundation reserves all rights set forth in Rule 9014.

14. The Foundation incorporates herein by reference all claims and reservations of rights set forth in the Foundation's claim form. Exhibit B.

**RELIEF SOUGHT**

15. The Foundation's claim should be allowed in its entirety.

16. The Court should direct SIPC to pay the Foundation $2,598,300.74 together with interest thereon commencing not later than the date of the Determination Letter.

17. In the alternative, the Court should direct SIPC to pay the Foundation up to the applicable limit of SIPA coverage believed by the foundation to be $500,000.00.

18. Such other and further relief as the Court may deem just and equitable.

Dated: New York, New York
November 10, 2009

CLAYMAN & ROSENBERG
By: Seth L. Rosenberg
Paul S. Hugel
305 Madison Avenue
New York, NY 10165
Telephone: (212) 922-1080
Telefax: (212) 949-8255
rosenberg@clayro.com
hugel@clayro.com

# Exhibit A

**BERNARD L. MADOFF INVESTMENT SECURITIES LLC**

In Liquidation

**DECEMBER 11, 2008**[1]

**NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM**

October 19, 2009

The Edward and Susan Blumenfeld Foundation
300 Robbins Lane
Syosset, New York 11791

Dear The Edward and Susan Blumenfeld Foundation:

**PLEASE READ THIS NOTICE CAREFULLY.**

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim on BLMIS Account No. 1B0181 designated as Claim Number 011055:

Your claim for securities is **DENIED**. No securities were ever purchased for your account.

Further, based on the Trustee's analysis, the amount of money you withdrew from your account at BLMIS (total of $1,045,000.00), as more fully set forth in Table 1 annexed hereto and made a part hereof, is greater than the amount that was deposited with BLMIS for the purchase of securities (total of $0.00). As noted, no securities were ever purchased by BLMIS for your account. Any and all profits reported to you by BLMIS on account statements were fictitious.

---

1 Section 78*lll*(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78*lll*(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

Since there were no profits to use either to purchase securities or to pay you any money beyond the amount that was deposited into your BLMIS account, the amount of money you received in excess of the deposits in your account ($1,045,000.00) was taken from other customers and given to you. Accordingly, because you have withdrawn more than was deposited into your account, you do not have a positive "net equity" in your account and you are not entitled to an allowed claim in the BLMIS liquidation proceeding. Therefore, your claim is **DENIED** in its entirety.

Should a final and unappealable court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by you in having your customer claim re-determined in accordance with any such Court order.

Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by the Trustee against you.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after October 19, 2009, the date on which the Trustee mailed this notice.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York 10004

and

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111

Irving H. Picard

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

cc: David Kaplan, Esq.
300 Robbins Lane
Syosset, New York 11791

| Table 1 | | |
|---|---|---|
| **DEPOSITS** | | |
| **DATE** | **TRANSACTION DESCRIPTION** | **AMOUNT** |
| **Total Deposits:** | | $0.00 |
| | | |
| **WITHDRAWALS** | | |
| **DATE** | **TRANSACTION DESCRIPTION** | **AMOUNT** |
| 8/13/1997 | CHECK | ($25,000.00) |
| 2/17/1998 | CHECK | ($20,000.00) |
| 4/28/1998 | CHECK | ($25,000.00) |
| 4/29/1999 | CHECK | ($50,000.00) |
| 2/3/2000 | CHECK | ($40,000.00) |
| 8/15/2000 | CHECK | ($40,000.00) |
| 12/1/2000 | CHECK | ($50,000.00) |
| 3/7/2003 | CHECK | ($20,000.00) |
| 4/30/2003 | CHECK | ($25,000.00) |
| 7/23/2003 | CHECK | ($50,000.00) |
| 3/18/2004 | CHECK | ($150,000.00) |
| 4/18/2005 | CHECK | ($25,000.00) |
| 4/29/2005 | CHECK | ($25,000.00) |
| 7/21/2005 | CHECK | ($25,000.00) |
| 11/2/2005 | CHECK | ($50,000.00) |
| 3/31/2006 | CHECK | ($50,000.00) |
| 9/13/2006 | CHECK | ($150,000.00) |
| 5/22/2007 | CHECK | ($25,000.00) |
| 8/13/2007 | CHECK | ($50,000.00) |
| 10/31/2007 | CHECK | ($50,000.00) |
| 7/22/2008 | CHECK | ($50,000.00) |
| 10/20/2008 | CHECK | ($25,000.00) |
| 11/6/2008 | CHECK | ($25,000.00) |
| **Total Withdrawals:** | | ($1,045,000.00) |
| | | |
| **Total deposits less withdrawals:** | | ($1,045,000.00) |

# Exhibit B

**The Edward and Susan Blumenfeld Foundation**
**300 Robbins Lane**
**Syosset, New York 11791**

June 23, 2009

***Via UPS Overnight Priority***

Irving H. Picard, Esq.
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Avenue, Suite 800
Dallas, Texas 75201

***Re:*** ***Account Number: 1-B0181***
***The Edward and Susan Blumenfeld Foundation***
***300 Robbins Lane***
***Syosset, New York 11791***

Dear Mr. Picard:

Enclosed please find the following:

1. Customer Claim Form for The Edward and Susan Blumenfeld Foundation, Account Number: 1-B0181;
2. November 30, 2008 statement received from Bernard L. Madoff Investment Securities, LLC;
3. Transaction Tickets associated with the November, 2008 statement;
4. Certificate of Incorporation of The Edward and Susan Blumenfeld Foundation; and
5. By-Laws of The Edward and Susan Blumenfeld Foundation.

This letter is hereby incorporated by reference in and made a part of the Customer Claim Form for Account Number 1-B0181, The Edward and Susan Blumenfeld Foundation.

Very truly yours,

The Edward and Susan Blumenfeld Foundation

By: ______________________
Edward Blumenfeld
President



UPS: Tracking Information Page 1 of 2

Close Window

## Tracking Detail

**Your package has been delivered.**

| | |
|---|---|
| Tracking Number: | 1Z 12X 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 230 5 |
| Type: | Package |
| Status: | **Delivered** |
| Delivered On: | 06/24/2009 12:49 P.M. |
| Signed By: | DOSS |
| Location: | OFFICE |
| Delivered To: | 2100 MCKINNEY AVE<br>800<br>DALLAS, TX, US 75201 |
| Shipped/Billed On: | 06/23/2009 |
| Reference Number(s): | 01/SM, EB AND SB FOUNDATION |
| Service: | NEXT DAY AIR SAVER |

Package Progress

| Location | Date | Local Time | Description |
|---|---|---|---|
| DALLAS, TX, US | 06/24/2009 | 12:49 P.M. | DELIVERY |
| | 06/24/2009 | 7:01 A.M. | OUT FOR DELIVERY |
| | 06/24/2009 | 6:40 A.M. | ARRIVAL SCAN |
| DALLAS/FT. WORTH A/P, TX, US | 06/24/2009 | 6:17 A.M. | DEPARTURE SCAN |
| | 06/24/2009 | 5:11 A.M. | ARRIVAL SCAN |
| ROCKFORD, IL, US | 06/24/2009 | 3:27 A.M. | DEPARTURE SCAN |
| ROCKFORD, IL, US | 06/23/2009 | 11:45 P.M. | ARRIVAL SCAN |
| JAMAICA, NY, US | 06/23/2009 | 10:18 P.M. | DEPARTURE SCAN |
| | 06/23/2009 | 9:13 P.M. | ARRIVAL SCAN |
| UNIONDALE, NY, US | 06/23/2009 | 8:35 P.M. | DEPARTURE SCAN |
| | 06/23/2009 | 8:03 P.M. | ORIGIN SCAN |
| | 06/23/2009 | 7:09 P.M. | PICKUP SCAN |
| | 06/23/2009 | 7:08 P.M. | PICKUP SCAN |

# CUSTOMER CLAIM

Claim Number______

Date Received______

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

**DECEMBER 11, 2008**

Irving H. Picard, Esq.
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

Account Number: 1B0181
THE EDWARD & SUSAN BLUMENFELD
FOUNDATION
300 ROBBINS LANE
SYOSSET, NY 11791

(If incorrect, please change)

Provide your office and home telephone no.

OFFICE: 516-921-0800

HOME: 516-921-0800

Taxpayer I.D. Number (Social Security No.)
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

NOTE: **BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY THE ACCOMPANYING INSTRUCTION SHEET. A SEPARATE CLAIM FORM SHOULD BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL PROTECTION AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE RECEIVED BY THE TRUSTEE ON OR BEFORE March 4, 2009. CLAIMS RECEIVED AFTER THAT DATE, BUT ON OR BEFORE July 2, 2009, WILL BE SUBJECT TO DELAYED PROCESSING AND TO BEING SATISFIED ON TERMS LESS FAVORABLE TO THE CLAIMANT. PLEASE SEND YOUR CLAIM FORM BY CERTIFIED MAIL - RETURN RECEIPT REQUESTED.**

*****************************************************************************

1. Claim for money balances as of **December 11, 2008**:
   a. The Broker owes me a Credit (Cr.) Balance of $ — 0 —
   b. I owe the Broker a Debit (Dr.) Balance of $ — 0 —

c. If you wish to repay the Debit Balance, please insert the amount you wish to repay and attach a check payable to "Irving H. Picard, Esq., Trustee for Bernard L. Madoff Investment Securities LLC." If you wish to make a payment, **it must be enclosed** with this claim form. $ – 0 –

d. If balance is zero, insert "None." NONE

2. Claim for securities as of **December 11, 2008**:

**PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.**

| | | YES | NO |
|---|---|---|---|
| a. | The Broker owes me securities<br>SEE ATTACHED ADDENDUM A | YES | |
| b. | I owe the Broker securities | | NO |
| c. | If yes to either, please list below: | | |

| Date of Transaction (trade date) | Name of Security | Number of Shares or Face Amount of Bonds<br>The Broker Owes Me (Long) | I Owe the Broker (Short) |
|---|---|---|---|
| | SEE ATTACHED ACCOUNT STATEMENT | | |
| | | | |
| | | | |
| | | | |
| | | | |

**Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclose, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation. You should also provide all documentation or**

**information regarding any withdrawals you have ever made or payments received from the Debtor.**

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement. If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.

**PLEASE CHECK THE APPROPRIATE ANSWER FOR ITEMS 3 THROUGH 9.**

**NOTE: IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION ON A SIGNED ATTACHMENT. IF SUFFICIENT DETAILS ARE NOT PROVIDED, THIS CLAIM FORM WILL BE RETURNED FOR YOUR COMPLETION.**

| | | YES | NO |
|---|---|---|---|
| 3. | Has there been any change in your account since December 11, 2008? If so, please explain. | | X |
| 4. | Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of the broker? | | X |
| 5. | Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or policies of the broker? | | X |
| 6. | Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in any way with the broker? If so, give name(s) | | X |
| 7. | Is this claim being filed by or on behalf of a broker or dealer or a bank? If so, provide documentation with respect to each public customer on whose behalf you are claiming. | | X |
| 8. | Have you ever given any discretionary authority to any person to execute securities transactions with or through the broker on your behalf? Give names, addresses and phone numbers. | | X |

9. Have you or any member of your family ever filed a claim under the Securities Investor Protection Act of 1970? if so, give name of that broker. ______ X

Please list the full name and address of anyone assisting you in the preparation of this claim form: DAVID KAPLAN, 300 ROBBINS LANE SYOSSET, NY 11791.

If you cannot compute the amount of your claim, you may file an estimated claim. In that case, please indicate your claim is an estimated claim.

**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM. CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.**

**THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY INFORMATION AND BELIEF.**

THE EDWARD AND SUSAN BLUMENFELD FOUNDATION

Date JUNE 23, 2009 Signature [signature]
EDWARD BLUMENFELD, PRESIDENT

Date ______________ Signature ______________

(If ownership of the account is shared, all must sign above. Give each owner's name, address, phone number, and extent of ownership on a signed separate sheet. If other than a personal account, *e.g.*, corporate, trustee, custodian, etc., also state your capacity and authority. Please supply the trust agreement or other proof of authority.)

**This customer claim form must be completed and mailed promptly, together with supporting documentation, etc. to:**

Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

# Addendum A

Account Title: The Edward and Susan Blumenfeld Foundation
Account Number: 1-B0181

We are owed the securities listed on the accompanying monthly statement(s) dated November 30, 2008; alternatively

We are owed a sum equal to the value of those securities on the bankruptcy date, believed to be approximately $2,598,300.74, the value set forth in said monthly statement for those securities on the date of said statement.

We reserve the right to amend or modify this claim if and to the extent warranted by facts and circumstances not presently known to us.