CLAYMAN & ROSENBERG
Seth L. Rosenberg
Paul S. Hugel
305 Madison Avenue
New York, NY 10165
Telephone:    (212) 922-1080
Telefax:       (212) 949-8255

*Attorneys for Double B Squared*
(BLMIS Account No. 1-D0076designated Claim Number 011054)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRIC OF NEW YORK**
-------------------------------------------------------------X

SECURITIES INVESTOR PROTECTION     :
CORPORATION,
                                                              :         Adv. Pro. No. 08-01789(BRL)
                Plaintiff,
                                                              :
    -against-
                                                              :         SIPA Liquidation
BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,                                        :

                Defendant                             :

-------------------------------------------------------------X

### OBJECTION TO TRUSTEE'S DETERMIMNATION OF CLAIM

Double B Squared ("DBS"), by its attorneys, CLAYMAN & ROSENBERG, hereby objects to the Notice of Trustee's Determination of Claim dated October 19, 2009 (the "Determination Letter"), appended hereto as Exhibit A, as set forth herein.

## BACKGROUND

1. DBS is a "Customer" as that term is defined by the Securities Investor Protection Act ("SIPA") of Bernard L. Madoff Investment Securities LLC ("BLMIS").

2. DBS received a final statement from BLMIS which indicated that DBS owned securities valued at $135,212.33

3. On December 11, 2008, the above-captioned liquidation proceeding was commenced against BLMIS, pursuant to the Securities Investor Protection Act of 1970 ("SIPA"). Irving Picard was appointed Trustee ("BLMIS Trustee") with oversight of the liquidation of BLMIS and responsibility for processing customer claims for money pursuant to SIPA.

4. By Order dated December 23, 2008, the Court directed the Trustee to disseminate notice and claim forms to BLMIS customers and set forth claim-filing deadlines. The Order further authorized the Trustee, *inter alia*, "to satisfy, within the limits provided by SIPA, those portions of any and all customer claims and accounts which agree with the Debtor's books and records," and provided that, where the BLMIS Trustee disagrees with the amount claimed in a customer's claim form, the BLMIS Trustee, "shall notify such claimant by mail of his determination that the claim is disallowed, in whole or in part, and the reason therefor…"

5. On or about June 23, 2009, DBS timely submitted a customer claim form to SIPC setting forth its claim in the amount of $ 135,212.33 together with alternative calculations thereof ("DBS's claim"). A copy of DBS's claim form is appended hereto as Exhibit B.

6. On October 19, 2009, the BLMIS Trustee sent DBS a Determination Letter denying DBS's claim, "in its entirety." Exhibit A. The Determination Letter stated, in part, "No securities were ever purchased for your account… [B]ecause you have withdrawn more money

2

than was deposited into your account, you do not have a positive "net equity" in your account and you are not entitled to an allowed claim in the BLMIS liquidation proceeding."

7. DBS objects to the BLMIS Trustee's disallowance of the Trust's claim for the reasons set forth hereinbelow.

## GROUNDS FOR OBJECTION

8. First: The Trustee's definition and application of the term, "net equity" as set forth in the Determination Letter is incorrect.

9. Second: The Determination Letter fails to comply with this Court's December 23, 2008 Order authorizing the BLMIS Trustee to pay customer claims in accordance, "with the Debtor's books and records." The final BLMIS statement received by the trust is the best evidence of the amount due on the Trust's claim based upon the Debtor's books and records.

10. Third: The Trustee's computation of the amount of money received by DBS from BLMIS and the amount of DBS's deposits into its BLMIS account is incorrect.

12. DBS reserves the right to revise or amend this Objection. DBS's failure to assert an objection on a particular ground or grounds shall not be construed as a waiver of its right to object or join in the objection of other claimants on any additional grounds.

13. DBS reserves all rights set forth in Rule 9014.

14. DBS incorporates herein by reference all claims and reservations of rights set forth in DBS's claim form. Exhibit B.

3

## RELIEF SOUGHT

15. DBS's claim should be allowed in its entirety.

16. The Court should direct SIPC to pay DBS $135,212.33 together with interest thereon commencing not later than the date of the Determination Letter.

17. Such other and further relief as the Court may deem just and equitable.

Dated: New York, New York
       November 10, 2009

>                             CLAYMAN & ROSENBERG
>                             By:   Seth L. Rosenberg
>                                   Paul S. Hugel
>                             305 Madison Avenue
>                             New York, NY 10165
>                             Telephone:   (212) 922-1080
>                             Telefax:     (212) 949-8255
>                             rosenberg@clayro.com
>                             hugel@clayro.com

# Exhibit A

**BERNARD L. MADOFF INVESTMENT SECURITIES LLC**

In Liquidation

**DECEMBER 11, 2008**[1]

**NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM**

October 19, 2009

Double B Squared
c/o Blumfeld Development Group
300 Robbins Lane
Syosset, NY 11791

Dear Blumfeld Development Group:

**PLEASE READ THIS NOTICE CAREFULLY.**

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim on BLMIS Account No. 1D0076 designated as Claim Number 011054:

Your claim for securities is **DENIED**. No securities were ever purchased for your account.

Further, based on the Trustee's analysis, the amount of money you withdrew from your account at BLMIS (total of $2,950,000.00), as more fully set forth in Table 1 annexed hereto and made a part hereof, is greater than the amount that was deposited with BLMIS for the purchase of securities (total of $2,550,000.00). As noted, no securities were ever purchased by BLMIS for your account. Any

---

[1] Section 78lll(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78lll(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

and all profits reported to you by BLMIS on account statements were fictitious.

Since there were no profits to use either to purchase securities or to pay you any money beyond the amount that was deposited into your BLMIS account, the amount of money you received in excess of the deposits in your account ($400,000.00) was taken from other customers and given to you. Accordingly, because you have withdrawn more than was deposited into your account, you do not have a positive "net equity" in your account and you are not entitled to an allowed claim in the BLMIS liquidation proceeding. Therefore, your claim is **DENIED** in its entirety.

Should a final and unappealable court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by you in having your customer claim re-determined in accordance with any such Court order.

Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by the Trustee against you.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after October 19, 2009, the date on which the Trustee mailed this notice.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

    Clerk of the United States Bankruptcy Court for
    the Southern District of New York
    One Bowling Green
    New York, New York 10004

and

    Irving H. Picard, Trustee
    c/o Baker & Hostetler LLP
    45 Rockefeller Plaza
    New York, New York 10111

_____
Irving H. Picard
Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

| Table 1 | | |
|---|---|---|
| DEPOSITS | | |
| DATE | TRANSACTION DESCRIPTION | AMOUNT |
| 11/18/2004 | CHECK | $1,650,000.00 |
| 10/23/2006 | CHECK | $100,000.00 |
| 1/16/2007 | CHECK | $800,000.00 |
| Total Deposits: | | $2,550,000.00 |
| WITHDRAWALS | | |
| DATE | TRANSACTION DESCRIPTION | AMOUNT |
| 3/16/2005 | CHECK | ($600,000.00) |
| 6/8/2005 | CHECK | ($50,000.00) |
| 12/3/2007 | CHECK | ($2,300,000.00) |
| Total Withdrawals: | | ($2,950,000.00) |
| Total deposits less withdrawals: | | ($400,000.00) |

# Exhibit B

**Double B Squared**
300 Robbins Lane
Syosset, New York 11791

June 23, 2009

*Via UPS Overnight Priority*

Irving H. Picard, Esq.
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Avenue, Suite 800
Dallas, Texas 75201

Re:   Account Number: 1-D0076
      Double B Square, LLC
      300 Robbins Lane
      Syosset, New York 11791

Dear Mr. Picard:

Enclosed please find the following:

1. Customer Claim Form for Double B Squared, LLC, Account Number: 1-D0076;
2. November 30, 2008 statement received from Bernard L. Madoff Investment Securities, LLC;
3. Transaction Tickets associated with the November, 2008 statement; and
4. Operating Agreement of Double B Squared, LLC, pursuant to which I have been appointed a Manager.

This letter is hereby incorporated by reference in and made a part of the Customer Claim Form for Account Number 1-D0076, Double B Squared.

Very truly yours,

Double B Squared, LLC

By: _____
    Brad Blumenfeld
    Manager



# Shipment Receipt

Transaction Date: 23 Jun 2009
Tracking Number: 1Z12X2361393931147

## Address Information

**Ship To:**
Trustee for Bernard L. Madoff Sec.
Irving H. Picard, Esq.
2100 McKinney Avenue
Suite 800
Claims Processing Center
DALLAS TX 75201-6910

**Ship From:**
Blumenfeld Dev. Group, Ltd.
BDG
300 Robbins Lane
Syosset NY 11791
Telephone: 5169210800

**Return Address:**
Blumenfeld Dev. Group, Ltd.
BDG
300 Robbins Lane
Syosset NY 11791
Telephone: 5169210800

## Package Information

| | Weight | Dimensions / Packaging | Declared Value | Reference Numbers |
|---|---|---|---|---|
| 1. | Letter | UPS Letter | | {Reference#1 - 01 lmc}<br>{Reference#2 - Double 8 Squared} |

## UPS Shipping Service and Shipping Options

**Service:**
UPS Next Day Air Saver
**Guaranteed By:[1]:**
3:00 P.M. Wednesday, 6/24/2009

| | |
|---|---|
| Shipping Fees Subtotal: | 20.15 USD |
| Transportation | 19.95 USD |
| Fuel Surcharge | 0.20 USD |

## Payment Information

Bill Shipping Charges to: Shipper's Account 12X236

Total Charged: 20.15 USD

Note: Your invoice may vary from the displayed reference rates.
[1] - For delivery and guarantee information, see the UPS Service Guide. To speak to a customer service representative, call 1-800-PICK-UPS for domestic services and 1-800-782-7892 for international services.

**Responsibility for Loss or Damage**
Unless a greater value is recorded in the declared value field as appropriate for the UPS shipping system used, the shipper agrees that the released value of each package covered by this receipt is no greater than $100, which is a reasonable value under the circumstances surrounding the transportation. If additional protection is desired, a shipper may increase UPS's limit of liability by declaring a higher value and paying an additional charge. UPS does not accept for transportation and shipper's requesting service through the Internet are prohibited from shipping packages with a value of more than $50,000. The maximum liability per package assumed by UPS shall not exceed $50,000, regardless of value in excess of the maximum. Claims not made within nine months after delivery of the package (sixty days for international shipments), or in the case of failure to make delivery, nine months after a reasonable time for delivery has elapsed (sixty days for international shipments), shall be deemed waived. The entry of a C.O.D. amount is not a declaration of value for carriage purposes. All checks or other negotiable instruments tendered in payment of C.O.D. will be accepted by UPS at shipper's risk. UPS shall not be liable for any special, incidental, or consequential damages. All shipments are subject to the terms and conditions contained in the UPS Tariff and the UPS Terms and Conditions of Service, which can be found at www.ups.com.



⊠Close Window

# Tracking Detail

**Your package has been delivered.**

| | |
|---|---|
| Tracking Number: | 1Z 12X 236 13 9393 114 7 |
| Type: | Package |
| Status: | **Delivered** |
| Delivered On: | 06/24/2009  12:49 P.M. |
| Signed By: | DOSS |
| Location: | OFFICE |
| Delivered To: | 2100 MCKINNEY AVE<br>800<br>DALLAS, TX, US 75201 |
| Shipped/Billed On: | 06/23/2009 |
| Reference Number(s): | 01 LMC, DOUBLE B SQUARED |
| Service: | NEXT DAY AIR SAVER |

## Package Progress

| Location | Date | Local Time | Description |
|---|---|---|---|
| DALLAS, TX, US | 06/24/2009 | 12:49 P.M. | DELIVERY |
| | 06/24/2009 | 7:19 A.M. | OUT FOR DELIVERY |
| | 06/24/2009 | 6:40 A.M. | ARRIVAL SCAN |
| DALLAS/FT. WORTH A/P, TX, US | 06/24/2009 | 6:25 A.M. | DEPARTURE SCAN |
| | 06/24/2009 | 5:28 A.M. | ARRIVAL SCAN |
| LOUISVILLE, KY, US | 06/24/2009 | 4:37 A.M. | DEPARTURE SCAN |
| | 06/24/2009 | 12:47 A.M. | ARRIVAL SCAN |
| JAMAICA, NY, US | 06/23/2009 | 10:51 P.M. | DEPARTURE SCAN |
| | 06/23/2009 | 10:05 P.M. | ARRIVAL SCAN |
| UNIONDALE, NY, US | 06/23/2009 | 9:16 P.M. | DEPARTURE SCAN |
| | 06/23/2009 | 8:46 P.M. | ORIGIN SCAN |
| | 06/23/2009 | 7:09 P.M. | PICKUP SCAN |
| | 06/23/2009 | 7:08 P.M. | PICKUP SCAN |

# CUSTOMER CLAIM

Claim Number_____

Date Received_____

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

### DECEMBER 11, 2008

Irving H. Picard, Esq.
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

Provide your office and home telephone no.

OFFICE: 516-921-0800

HOME: 516-921-0800

Taxpayer I.D. Number (Social Security No.)
86-1117791

Account Number: 1D0076
DOUBLE B SQUARED
C/O BLUMFELD DEVELOPMENT GROUP
300 ROBBINS LANE
SYOSSET, NY 11791

(If incorrect, please change)

NOTE: BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY THE ACCOMPANYING INSTRUCTION SHEET. A SEPARATE CLAIM FORM SHOULD BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL PROTECTION AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE RECEIVED BY THE TRUSTEE ON OR BEFORE March 4, 2009. CLAIMS RECEIVED AFTER THAT DATE, BUT ON OR BEFORE July 2, 2009, WILL BE SUBJECT TO DELAYED PROCESSING AND TO BEING SATISFIED ON TERMS LESS FAVORABLE TO THE CLAIMANT. PLEASE SEND YOUR CLAIM FORM BY CERTIFIED MAIL - RETURN RECEIPT REQUESTED.

*********************************************************************

1. Claim for money balances as of **December 11, 2008**:
    a. The Broker owes me a Credit (Cr.) Balance of      $ —0—
    b. I owe the Broker a Debit (Dr.) Balance of          $ —0—

502180406                                 1

c.  If you wish to repay the Debit Balance,
    please insert the amount you wish to repay and
    attach a check payable to "Irving H. Picard, Esq.,
    Trustee for Bernard L. Madoff Investment Securities LLC."
    If you wish to make a payment, **it must be enclosed**
    with this claim form.                                  $ —0—

d.  If balance is zero, insert "None."                     NONE

2.  Claim for securities as of **December 11, 2008**:

**PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.**

|   |   | YES | NO |
|---|---|-----|----|
| a. | The Broker owes me securities<br>SEE ATTACHED ADDENDUM A | YES | |
| b. | I owe the Broker securities | | NO |

c.  If yes to either, please list below:

| Date of Transaction (trade date) | Name of Security | The Broker Owes Me (Long) | I Owe the Broker (Short) |
|---|---|---|---|
|   | SEE ATTACHED ACCOUNT STATEMENT |   |   |

Number of Shares or Face Amount of Bonds

**Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclose, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation. You should also provide all documentation or**

502180406                                  2

**information regarding any withdrawals you have ever made or payments received from the Debtor.**

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement. If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.
**PLEASE CHECK THE APPROPRIATE ANSWER FOR ITEMS 3 THROUGH 9.**

NOTE:   IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION ON A SIGNED ATTACHMENT. IF SUFFICIENT DETAILS ARE NOT PROVIDED, THIS CLAIM FORM WILL BE RETURNED FOR YOUR COMPLETION.

|     |                                                                                                                                                                                                                          | YES | NO |
| --- | ------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------ | --- | -- |
| 3.  | Has there been any change in your account since December 11, 2008? If so, please explain.                                                                                                                                |     | X  |
| 4.  | Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of the broker?                                                                                                           |     | X  |
| 5.  | Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or policies of the broker?                  |     | X  |
| 6.  | Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in any way with the broker? If so, give name(s)                     |     | X  |
| 7.  | Is this claim being filed by or on behalf of a broker or dealer or a bank? If so, provide documentation with respect to each public customer on whose behalf you are claiming.                                           |     | X  |
| 8.  | Have you ever given any discretionary authority to any person to execute securities transactions with or through the broker on your behalf? Give names, addresses and phone numbers.                                     |     | X  |

502180406                                    3

9.  Have you or any member of your family ever filed a claim under the Securities Investor Protection Act of 1970? if so, give name of that broker. _____ __X__

Please list the full name and address of anyone assisting you in the preparation of this claim form: DAVID KAPLAN, 300 ROBBINS LANE, SYOSSET, NY 11791

If you cannot compute the amount of your claim, you may file an estimated claim. In that case, please indicate your claim is an estimated claim.

**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM. CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.**

**THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY INFORMATION AND BELIEF.**

DOUBLE B SQUARED, LLC

Date __JUNE 23, 2009__    Signature __[signed]__
BRAD BLUMENFELD, MANAGER

Date _____    Signature _____

(If ownership of the account is shared, all must sign above. Give each owner's name, address, phone number, and extent of ownership on a signed separate sheet. If other than a personal account, e.g., corporate, trustee, custodian, etc., also state your capacity and authority. Please supply the trust agreement or other proof of authority.)

**This customer claim form must be completed and mailed promptly, together with supporting documentation, etc. to:**

Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

# Addendum A

Account Title: Double B Squared, LLC
Account Number: 1-D0076

We are owed the securities listed on the accompanying monthly statement(s) dated November 30, 2008; alternatively

We are owed a sum equal to the value of those securities on the bankruptcy date, believed to be approximately $135,212.33, the value set forth in said monthly statement for those securities on the date of said statement(s).

We reserve the right to amend or modify this claim if and to the extent warranted by facts and circumstances not presently known to us.