# EXHIBIT D

PG-1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,
                      Plaintiff,
SECURITIES INVESTOR PROTECTION CORPORATION
                      Applicant,        72 Civ. 560
      -against-
S. J. SALMON & COMPANY, INC.,
                      Defendant.

                    DECISION ON MOTIONS OF DAWSON
                    MANAGEMENT, INC. and SAM BAYDIN
                    TO COMPEL RETURN OF SECURITIES
                    AND CASH
APPEARANCES:
    SCHNEIDER & EARATTA, P.C.
    Attorneys for Dawson Management, Inc.

    BARRY & KATZMAN, ESQS.
    Attorneys for Sam Baydin

    HUGHES HUBBARD & REED, ESQS.
    Attorneys for Trustee

ASA S. HERZOG, REFEREE:
    Two separate motions have been brought to compel the trustee to turn over specific securities and cash.

PG-2

    Dawson Management, Inc. seeks return of specified securities alleged to have been purchased through defendant, together with a cash balance alleged to be due and owing. A similar application by Dawson was denied on June 13, 1972.
    Sam Baydin seeks to recover (1) specified securities alleged to have been purchased through defendant, and (2) securities which on two occasions he loaned to the defendant, and for which he was to receive 8% interest. The first group alleged to have been loaned to defendant was to be returned to Baydin's account on January 28, 1972, and the second, on March 25, 1972.
    Both applications assert that trustee has released or is releasing securities to others and both claim that by withholding their securities

and cash, the trustee is discriminating against them.

Section 6(b)(2) of the Securities Investor Protection Act of 1970 and Section 47(a)(8) of the Bankruptcy Act impose upon the trustee the duty to examine claims and object to those as may be improper. Pursuant to that statutory mandate the trustee has been examining claims and is in the process of preparing an application to this court which will take a position on all claims filed and which will include a list of claims to which objections are being raised. The procedure upon filing of said

PG-3

application will be a prompt hearing before this court and summary determination of objections as provided in SS196 of the Bankruptcy Act.

This action was instituted early this year and the trustee has been proceeding with all due speed in his investigation and orderly liquidation of the business of the defendant. Approximately 2,000 claims have been filed; securities and cash have been returned to some 1,500 customers as either specifically identifiable property or as payment of the portion of "net equities" in the single and separate fund representing free credit balances. This clearly indicates that the trustee is proceeding as swiftly as the circumstances of the case permit and negates any suggestion that he is guilty of unnecessary delay or dilatory tactics in the performance of his duties.

The trustee believes that the claims of the two moving parties are not so clear and free from doubt as to justify his delivery to them of the claimed securities and cash at this time. They will undoubtedly be included in the list of those whose claims are subject to objection by the trustee. This court will not interfere with the orderly process of liquidation by the trustee in his patently well-planned procedural sequence.

PG-4

Accordingly, both motions will be denied without prejudice to renewal at an appropriate time should the trustee unduly delay filing his application and objections to claims.

Settle order in accordance with the foregoing on three days' notice.

DATED: New York, New York
       November 14, 1972

                            REFEREE IN BANKRUPTCY