# EXHIBIT R

# B Y L A W S

## OF

## SECURITIES INVESTOR PROTECTION CORPORATION

A Nonprofit Membership Corporation

Pursuant to the Provisions
of the
Securities Investor Protection Act of 1970
As Amended

Revision #12 of November, 2009

# ARTICLE 1

## OFFICES

The principal office of SIPC shall be in the city of Washington, District of Columbia.

# ARTICLE 2

## BOARD OF DIRECTORS

Section 1.    <u>Quorum</u>.

A majority of the whole Board shall constitute a quorum for the transaction of business at any meeting of the Board. No action may be taken by the Board except at a duly convened meeting of the Board at which a quorum is present. Except as otherwise provided herein, a majority vote of the Directors present at a meeting of the Board at which a quorum is present shall be the act of the Board. If a quorum is not present at any meeting of the Board, the Directors present may adjourn the meeting from time to time until a quorum shall attend. Notice of any adjournment of a meeting of the Board to another time and place shall be given in the manner described in Section 3 to the Directors who were not present at the time of adjournment and, unless such time and place are announced at the time of adjournment, to the other Directors. If a quorum of otherwise qualified Directors cannot be assembled in time to meet the exigencies of a particular situation, any one Director who may be disqualified as to a matter may be counted for quorum purposes only, provided Board action is necessary in the public interest and for the protection of investors.

Section 2.    <u>Special Meetings</u>.

Special meetings of the Board may be called by the Chairman; Vice Chairman; or, at the request of any three Directors, by the Secretary or President. Special meetings shall be held at such times and at such places as shall be determined by the Chairman, Vice Chairman or by the Directors requesting the meeting.

1

Section 3.  **Notice of Special Meetings**.

Notice of the time, place and purpose of a special meeting of the Board shall be mailed to each Director, addressed to him at his address as it appears on the records of SIPC, not later than the seventh day before the day on which the meeting is to be held or telephoned or delivered to him personally, not later than the day before the day on which the meeting is to be held.

Section 4.  **Meeting by Telephone**.

A meeting of the Board by telephone may be called by the Chairman; Vice-Chairman; or, at the request of any three Directors, by the Secretary or President; provided that (1) notice of the date, time, and purpose of the meeting by telephone has been sent via a reputable overnight delivery service, or sent via facsimile, to each Director, addressed to each Director's address or facsimile telephone number, as it appears on the records of SIPC, not later than the third day before the day on which the meeting by telephone is to be held, or (2) notice of the meeting by telephone has been delivered or given by telephone to each Director personally not less than twenty-four (24) hours before the time of the meeting by telephone. A meeting by telephone may not be held if any three Directors object.

Section 5.  Waiver of Notice.

Notice of any meeting of the Board need not be given to any Directors who submit a signed waiver of notice before or after the meeting, or who either attended the meeting or participated in the meeting by telephone without protesting, prior thereto or at its commencement, the lack of notice to such Director. A waiver of notice need not specify the purpose of any meeting of the Board.

Section 6.  Honorarium and Reimbursement of Expenses.

The Chairman of the Corporation shall receive a yearly honorarium of $15,000. The Chairman also shall be reimbursed for expenses incurred in connection with official business of the Corporation. The Vice Chairman shall receive a yearly honorarium of $6,250. The Vice Chairman also shall be reimbursed for expenses incurred in connection with official business of the Corporation. The three Directors selected from the securities industry each shall receive a yearly honorarium of $6,250. The three Directors selected from the securities industry also shall be reimbursed for expenses incurred in connection with official business of the Corporation. The yearly honoraria shall be paid in quarterly installments as of November 21, 2006. The

2

remaining two Directors shall receive no honoraria from the Corporation and shall not be reimbursed by the Corporation for their official business expenses.

## ARTICLE 3

### COMMITTEES

Section 1.    <u>Establishment of Committees</u>.

The Chairman may establish standing or special committees, each of which shall consist of one Director appointed from each of the following classes:

Class I    - The Chairman and Vice Chairman of the Board

Class II    - The Directors appointed pursuant to Sections 3(c)(2)(A) and 3(c)(2)(B) of the Securities Investor Protection Act ("Act"), and

Class III - The Directors appointed pursuant to Section 3(c)(2)(C)(i) of the Act.

The Chairman shall designate one member of each committee to serve as its chairman.

Section 2.    <u>Powers and Authority</u>.

Each committee shall have and exercise such powers and authority as may be granted to it at the time of its establishment. No committee may have or exercise the powers and authority set forth in:

(a) Sections 2 and 4 of Article 4 (relating to appointment and removal of officers),

(b) Section 1 of Article 7 (relating to applications for protective decrees), or

(c) Article 8 (relating to borrowings).

Section 3.    Absent Members.

In the absence of a member of any committee, any other Director of the same class may be designated by the Chairman to attend any meeting of such committee in the place and stead and with the full rights and powers of such absent Director.

Section 4.    Quorum.

A majority of the members of a committee shall constitute a quorum of any meeting of such committee and a vote of a majority of the members present at any meeting of a committee at which a quorum is present shall be the act of such committee.  If a quorum is not present at any meeting of a committee, the members thereof present may adjourn the meeting from time to time until a quorum shall attend.  Notice of any adjournment of a committee meeting at another time and place shall be given in the manner described in Section 5 to the members thereof who were not present at the time of adjournment and, unless such time and place are announced at the time of adjournment, to the other members of the committee.

Section 5.    Meetings, Notice and Waivers of Notice.

Regular meetings of any committee may be held without call or notice at such times and places as may be determined by such committee from time to time.  Special meetings of any committee may be called by the Chairman of such committee or on the request of any two members of such committee.  A special meeting shall be held at such time and place as shall be determined by the Chairman of such committee or by the Directors requesting the meeting, as the case may be.  Notice of the time, place and purpose of a special meeting of any committee shall be mailed to each member of such committee, addressed to him at his address as it appears in the records of SIPC, not later than the third day before the day on which the meeting is to be held or telephoned or delivered to him personally not later than the day before the day on which the meeting is to be held.  Notice of a meeting of a committee need not be given to any member thereof who submits a signed waiver of notice without protesting, prior thereto or at its commencement, the lack of notice to him.  A waiver of notice need not specify the purpose of any meeting of the committee.

4

# ARTICLE 4

## OFFICERS

Section 1.    <u>Number and Titles</u>.

The officers of the Corporation shall be the Chairman, Vice Chairman, President, Senior Vice President-Finance, Vice President-Finance, Vice President-Operations, General Counsel, Secretary, Controller and Treasurer.

Section 2.    <u>Election</u>.

All officers, except the Chairman and Vice Chairman, shall be elected by the Board and shall exercise such powers and perform such duties as shall be determined and prescribed by the Board, or as may be provided in these bylaws. The same person may be appointed by the Board to more than one office. The Board shall fix the salary, compensation and other terms of employment of each officer of the Corporation, other than the Chairman and Vice Chairman.

Section 3.    <u>Subordinate Officers.</u>

The Board may from time to time appoint such subordinate officers as may be deemed necessary, each of whom shall have such authority to perform such duties as shall be determined by the Board. The Board may delegate the authority to appoint subordinate officers to the Chairman or an officer elected by the Board.

Section 4.    <u>Removal</u>

Any officer or subordinate officer, except the Chairman and Vice Chairman, may be removed at any time, either with or without cause, by vote of a majority of the whole Board, or, except in the case of an officer elected by the Board, by any officer upon whom such power of removal may be conferred by the Board.

5

Section 5.    <u>Chairman</u>.

The Chairman shall preside at meetings of the Board and shall have such other powers and shall perform such other duties as may be prescribed by the bylaws or the Board.

Section 6.    <u>Vice Chairman</u>.

The Vice Chairman shall perform all of the duties of the Chairman when the Chairman is absent and shall have such other powers and shall perform such other duties as may be prescribed by the bylaws or the Board.

# ARTICLE 5

## INDEMNIFICATION OF DIRECTORS, OFFICERS, AND EMPLOYEES

Section 1.    Any former, present, or future director, officer, or employee shall be indemnified by SIPC

(a) against reasonable costs, disbursements and counsel fees paid or incurred where such person has been successful on the merits or otherwise in any pending, threatened or completed civil, criminal, administrative or arbitrative action, suit or proceeding, and any appeal therein and any inquiry or investigation which could lead to such action, suit or proceeding, or in defense of any claim, issue or matter therein, by reason of such person being or having been such director, officer or employee, and

(b) with respect to any such action, suit, proceeding, inquiry or investigation for which indemnification is not made under (a) above, against reasonable costs, disbursements, including but not limited to amounts paid in satisfaction of settlements, judgments, fines and penalties and counsel fees if such person acted in good faith and in a manner such person reasonably believed to be consistent with the purposes of the Act, with the determination as to whether the applicable standard of conduct was met to be made by the majority of the directors who are not parties to such inquiry, investigation, action, suit or proceeding (hereinafter in this Article

6

"Disinterested Directors") or by any one or more, disinterested counsel to whom the question may be referred by the Disinterested Directors, and the termination of any such inquiry, investigation, action, suit or proceeding by judgment, order, settlement, conviction or upon a plea of nolo contender or its equivalent shall not of itself create a presumption that such person did not meet the standards of conduct set forth in this subsection.

Section 2.    Reasonable costs, disbursements and counsel fees incurred by any person eligible for indemnification under Section 1 in connection with any inquiry, investigation, action, suit or proceeding may be paid by SIPC in advance of the final disposition of such matter if authorized by a majority of the Disinterested Directors or by any one or more disinterested counsel to whom the question may be referred by the Disinterested Directors, upon receipt by SIPC of an undertaking by or on behalf of such person to repay such amount unless it is ultimately determined that such person is entitled to be indemnified as provided herein.

Section 3.    The indemnification available pursuant to Section 1 of this bylaw shall apply to any director, officer, or employee of SIPC who serves, at the request of SIPC, as a trustee, receiver, or in any other capacity with respect to a member broker or dealer which is the subject of a liquidation proceeding under the Act, if such person acted in good faith and in a manner such person reasonably believed to be consistent with the purposes of the Act.

Section 4.    The indemnification herein provided shall not exclude any other rights to which any person eligible for indemnification under Section 1 may be entitled as a matter of law or which may lawfully be granted.

Section 5.    For purposes of any determination required by this Article, if the Disinterested Directors do not constitute a quorum, any director, even if not disinterested, may be counted for quorum purposes only. If all the directors are not disinterested, then the directors shall submit the matter to disinterested counsel selected by them.

7

# ARTICLE 6

## ASSESSMENTS

Section 1.    <u>General</u>.

(a) <u>Amount of Assessment</u>.

(1) The amount of each member's assessment for the member's fiscal year shall either be (a) the minimum assessment or (b) the product of the assessment rate established by SIPC for that fiscal year and either the member's gross or net revenues from the securities business, as follows:

(A) The assessment rate shall be one-fourth (¼) of one (1) percent per annum of net operating revenues from the securities business until SIPC determines that the balance of the SIPC Fund, as defined in Section 4(a)(2) of the Act, exclusive of confirmed lines of credit, has aggregated a target balance of $2.5 billion, and will remain at or above $2.5 billion for six months or more.

(B) If SIPC determines that the balance of the SIPC Fund as defined in Section 4(a)(2) of the Act, exclusive of confirmed lines of credit, has aggregated $2.5 billion, and will remain at or above $2.5 billion for six months or more, members shall pay a minimum assessment, which shall be $150.00 for each calendar year or part thereof.

(C) If at any time SIPC determines that the balance of the SIPC Fund, as defined in Section 4(a)(2) of the Act, exclusive of confirmed lines of credit, aggregates or is reasonably likely to aggregate:

(i)   <u>less than the target balance of $2.5 billion and will likely remain less than $2.5 billion for a period of six (6) months or more</u> – the amount of each member's assessment shall be at an assessment rate of one-fourth (¼) of one (1) percent per annum of net operating revenue.

(ii)   <u>less than $150,000,000</u> – the amount of each member's assessment shall be at an amount to be determined by SIPC, but in no case shall the amount of each member's assessment be less than an assessment rate of one-fourth (¼) of one (1)

8

percent per annum of such member's gross revenues from the securities business.

(iii)   less than $100,000,000 – the amount of each member's assessment shall be at an amount to be determined by SIPC, but in no case shall the amount of each member's assessment be less than an assessment rate of one-half (½) of one (1) percent per annum of such member's gross revenues from the securities business.

(iv)   The amount of each member's assessment shall not exceed one-half (½) of one (1) percent per annum of such member's gross revenues from the securities business, unless SIPC determines that a rate in excess of one-half (½) of one (1) percent during any twelve (12) month period will not have a material adverse effect on the financial condition of its members or their customers. No assessment made pursuant to this section 1(a)(1) shall require payments during any such period that exceed in the aggregate one (1) percent of any member's gross revenues from the securities business for such period.

Any change in assessments made in accordance with the above shall commence on the first day of the month following the date on which SIPC announces its determination and continue until such time as SIPC provides otherwise.

(2) Commencing on the first day of the month following the date on which SIPC borrows moneys pursuant to Section 4(f) or Section 4(g) of the Act, and continuing while any such borrowing is outstanding and until such further time as SIPC provides otherwise, the amount of each member's assessment shall be at an assessment rate of not less than one-half (½) of one (1) percent per annum of such member's gross revenues from the securities business.

(3) Notwithstanding paragraphs (1) and (2) above, the minimum amount of each member's assessment shall be $150.00 for each calendar year or part thereof. Members shall pay the minimum assessment if none of the conditions in Section (a)(1) or (a)(2) apply.

Section 2.    <u>Overpayments</u>.

If the final annual reconciliation filed by a terminated member reflects an assessment overpayment carried forward that exceeds $150.00, SIPC may refund such excess to the member upon receipt of the member's written request therefor and after the member's SIPC collection agent has confirmed to SIPC that all of the member's SIPC assessment form filings and payments and reports required by SEC Rule 17a-5 covering periods through the termination date have been reviewed and accepted.

Section 3.    <u>Interpretation of Terms</u>.

For purposes of this article:

(a) The term "securities in trading accounts" shall mean securities held for sale in the ordinary course of business and not identified as having been held for investment.

(b) The term "securities in investment accounts" shall mean securities that are clearly identified as having been acquired for investment in accordance with provisions of the Internal Revenue Code applicable to dealers in securities.

(c) The term "fees and other income from such other categories of the securities business" shall mean all revenue related either directly or indirectly to the securities business except revenue included in Section 16(9)(A)-(K) and revenue specifically excepted in Section 4(c)(3)(C).

**ARTICLE 7**

LIQUIDATION

Section 1.    <u>Application for Adjudication</u>.

10

(a) Except as provided in subdivision (b), an application for a protective decree under Section 5(a)(3) of the Act shall be made upon direction of the Board.

(b) The Chairman is authorized, in his discretion, to make the determinations required under Sections 5(a)(3) and 5(b)(3) of the Act and to file on behalf of SIPC an application for a protective decree in respect to a SIPC member.

Section 2.    Direct Payment Procedure.

The Chairman is authorized, in his discretion, to make the determinations required under Section 10 of the Act, to initiate a direct payment procedure under that section, and to discontinue the same in accordance with subsection (f) thereof.

## ARTICLE 8

### BORROWING OF MONEYS

No borrowing of moneys, and no pledge of any part of the assets of SIPC, or any assessment made or to be made of SIPC, as security for such borrowings, shall be made without the authorization of the Board.

## ARTICLE 9

### DESIGNATION OF EXAMINING AUTHORITY

Section 1.    The respective self-regulatory organization shall act as examining authorities for their respective members to the extent and in such manner as the Securities and Exchange Commission shall have designated pursuant to Section 17(d) of the Securities Exchange Act of 1934 and each such self-regulatory organization shall act as collecting agent pursuant to Section 13(a) of the Act

11

for each of its members for which it has been so designated as the examining authority.

Section 2.    In acting as collecting agent pursuant to Section 13(a) of the Act, the designated self-regulatory organization shall deposit all payments of assessments in accordance with all applicable provisions of any Pledge Agreement, Credit Agreement or other agreement or instrument providing or creating a security interest in assessments to secure indebtedness, and shall not commingle collections or proceeds on account of assessments with any of its other funds or property.

## ARTICLE 10

### BYLAWS AND RULES

Section 1.    Copies of all bylaws and rules shall be kept available for public inspection at the headquarters office of the Commission and the principal office of SIPC.

## ARTICLE 11

### MISCELLANEOUS PROVISIONS

Section 1.    Fiscal Year.

The fiscal year of the Corporation shall be the calendar year.

Section 2.    Capital Expenditures.

No capital expenditure or investment outside the usual course of its operations shall be made without the approval of the Board. No real estate shall be bought, leased, mortgaged or otherwise encumbered or sold, except with the approval of the Board.

Section 3.    Selection of Accountants.

12

Pursuant to Section 11(c)(2) of the Act, the Board shall select an independent public accountant or firm of independent public accountants, whose name shall be submitted to the Commission for approval within 15 days after selection by the Board.

Section 4.    <u>Advertisement of Membership</u>.

Pursuant to Section 15(d) of the Act, as amended, this Section provides for the official symbol, the official advertising statement, and the official explanatory statement of SIPC. In addition, it sets forth certain requirements, prohibitions, and other guidelines for the use of these official devices by members.

(a) <u>Definitions</u>.

    (1) <u>Advertising</u> -The term "advertising" as used in this Section shall mean promotional material used in or on any newspaper, magazine, or other periodical, radio, television, telephone or tape recording, videotape display, motion picture, slide presentation, telephone directory, sign or billboard, electronic or other public media.

    (2) <u>Branch Office</u> - The term "branch office" as used in this Section shall mean any office of a member which is registered with or designated as a branch office with any self-regulatory organization.

    (3) <u>Official Brochure</u> - The term "official brochure" as used in this Section shall mean any publication so designated by the Corporation which explains the purposes of the Corporation and the protections it affords and which is authorized for public distribution.

    (4) <u>Official Advertising Statement</u> - The term "official advertising statement" as used in this Section shall be "Member of the Securities Investor Protection Corporation." The word "the" or the words "of the" may be omitted. The words "This firm is a" may be added before the word "member." The short title "Member of SIPC" or "Member SIPC" may be used by members at their option as the official advertising statement. When the official advertising statement is used on the Internet, the words "Securities Investor Protection Corporation" and "SIPC" shall contain a hyperlink to SIPC's website.

    (5) <u>Official Explanatory Statement</u> - The term "official explanatory statement" as used in this Section shall be either: (1) "Member of SIPC, which protects securities customers of its members up to $500,000 (including $100,000 for claims for cash). Explanatory

13

brochure available upon request or at www.sipc.org." or (2) "Member of SIPC. Securities in your account protected up to $500,000. For details, please see www.sipc.org." The words "Member of SIPC" may be omitted if the official explanatory statement is used in conjunction with the official symbol. When the official explanatory statement is used on the Internet, "SIPC" and "www.sipc.org" shall contain a hyperlink to SIPC's website.

(6) <u>Official Symbol</u> - The "official symbol," which may be displayed in a variety of sizes, colors or materials, shall be of the following design:



When the symbol is so reduced in size that the words "member" and "Securities Investor Protection Corporation" are illegible, these words may be omitted. When the official symbol is used on the Internet, "SIPC" shall contain a hyperlink to SIPC's website.

(b) <u>Mandatory Display by Members</u>.

Except as provided in (d) below, effective January 1, 1979, each member of SIPC shall continuously display in a prominent place the official symbol (as prescribed in (a)(6) above) at its principal place of business and at each branch office.

(c) <u>Mandatory Inclusion of Member Advertising</u>.

Except as provided in (d), (e), and (g)(2) below, effective January 1, 1979, members of SIPC shall include in all advertising (as defined in (a)(1) above) a reproduction of the official symbol or the official advertising statement or the official explanatory statement (as defined in (a)(6), (a)(4), (a)(5), respectively).

14

(d) <u>Exemptions.</u>

    (1) No member shall be required to display the official symbol until thirty (30) days after its first day of operation as a member.

    (2) No member shall be required to display the official symbol at any office where such display would be misleading to the public in that none of the business transacted in such office appears likely to give rise to claims of public customers which might be protected with SIPC funds in the event the member should be liquidated under the provisions of the Act as amended.

    (3) A member may exhaust supplies of advertising materials which do not include the official symbol, advertising statement or explanatory statement so long as such materials were on hand or on order on the date this Section 4 was adopted.   Radio, telephone or television advertisement which were produced, recorded or contracted for on the date this Section 4 was adopted may be used even if they do not contain the official symbol, advertising statement or explanatory statement.

    (4) Upon written application by a member, the Corporation may grant an exemption from the requirements of (b) or (c) above, if it finds that (1) compliance with the requirement may be misleading to the public or result in undue hardship to the member and (2) an exemption from the requirement is consistent with the purposes of this Section 4.

(e) <u>Optional Inclusion in Member Advertising.</u>

The following is an enumeration of the types of advertising which may, but need not, include the official symbol, advertising statement or explanatory statement:

    (1) Signs or plates in the office or attached to the building or buildings in which the member's offices are located;

    (2) Listings in directories;

    (3) Classified or display advertisements relating to the recruitment of personnel;

15

(4) Advertisements not setting forth the name of the member;

(5) Printed advertisements which do not exceed 10 square inches in space;

(6) Advertisements by radio or telephone recording which do not exceed 30 seconds in time;

(7) Advertisements by television which do not exceed 15 seconds in time;

(8) Advertisements relating to underwriting offerings, investment banking activities, mergers and acquisitions, and personnel announcements; and

(9) Internal news wires.

(f) <u>Other Optional Inclusion by Members</u>.

The official symbol, advertising statement, or explanatory statement may also, but need not, be included in communications media other than those defined as advertising in paragraph (a)(1) above, including, but not limited to, the following:

(1) Supplies, such as trade confirmations, stationery, envelopes, checks, statements;

(2) Customers' statements;

(3) Promotional items, such as calendars, matchbooks, pens, paperweights;

(4) Telephone market reports;

(5) Research reports;

(6) Annual reports; and

(7) Direct mail brochures, market letters, and similar communications.

(g) <u>Prohibitions on Member Advertising.</u>

(1) No member shall display any sign or symbol, or include any symbol, statement, or explanation relating to SIPC or membership therein in

any advertising, promotional or other material other than the official brochure, symbol and statements as specified in (a) of this Section.

(2) Notwithstanding the provisions of (b), (c), (e) and (f) above, advertisements or other material relating primarily to services or types of investments which might, if the official symbol, the official advertising statement, or the official explanatory statement were included therein, reasonably be deemed misleading to public customers, may not include any reference to SIPC except, where applicable rules or regulations of any self-regulatory organization require, a forthright disclaimer of SIPC protection.

An advertisement including the official symbol, the official advertising statement, or the official explanatory statement might be misleading if the Act as amended would not under most circumstances provide protection with respect to the investment or service advertised or if it might appear that SIPC protects or insures the quality of such investment or service. Matters to which the prohibition of this paragraph apply include, but are not limited to, those relating primarily to the following:

(A) Commodities or related contracts or futures contracts or any warrant or right to subscribe to, purchase or sell any of the same.

(B) Direct investments in real estate and real estate or mortgage brokerage.

(C) Insurance.

(D) Investment services which are exclusively advisory in character.

(E) Interests which are not included in the definition of the term "security" in the Act.

Section 5.    Conduct of Employees of the Securities Investor Protection Corporation.

(a) General Statement of Policy. It is deemed contrary to SIPC policy for an employee of SIPC to:

(1) Have any beneficial or record interest in any broker-dealer or investment advisor, through ownership of securities or otherwise. At the time of employment all new employees shall furnish a statement

17

indicating that, as of that time, he or she holds no beneficial interest in any broker-dealer or investment advisor.

(2) Engage, directly or indirectly, in any personal business transaction or private arrangement for personal profit which accrues from or is based upon his official position or authority or upon confidential information which he gains by reason of such position or authority.

(3) Accept, directly or indirectly, any valuable gift, favor or service from any person with whom he transacts business on behalf of SIPC.

(4) Divulge confidential information to any unauthorized person, or release any such information in advance of authorization for its release.

(5) Act in any official matter with respect to which there exists a personal interest incompatible with an unbiased exercise of official judgment.

(6) Fail reasonably to restrict his personal business affairs so as to avoid conflicts of interest with his official duties.

(7) Acquire, directly or indirectly, any property held by or for the account of a member of SIPC who is the subject of a proceeding under the Act or a current notice pursuant to Section 5(a) of the Act.

(b) <u>Outside or Private Employment</u>.

(1) No employee shall permit his name to be associated in any way with any legal, accounting or other professional firm or office.

(2) No employee shall have any outside or private employment or affiliation with any firm or organization incompatible with concurrent employment by SIPC. This applies particularly to employment or association with any registered broker, dealer, investment company or investment advisor or directly or indirectly related to the issuance, sale or purchase of securities.

(3) No employee shall accept or perform any outside or private employment which interferes with the efficient performance of his official duties. An employee who intends to perform services for compensation or engage in any business shall report his intention to do so to the Chairman of the Board prior to such acceptance or performance.

18

(4) No employee shall appear in court or on a brief in a representative capacity (with or without compensation) or otherwise accept or perform legal or accounting work for compensation unless specifically authorized by SIPC. Requests for such authorization shall be submitted to the Chairman of the Board, together with all pertinent facts regarding the proposed employment, such as the name of the employer, the nature of the work to be performed and its estimated duration.

(5) Any article or treatise or any prepared speech or address relating to SIPC or the statute and rules that it administers published or delivered by any employee shall include at an appropriate place by way of footnote or otherwise the following disclaimer:

> "The Securities Investor Protection Corporation, as a matter of policy, disclaims responsibility for any private publication by any of its employees. The views expressed herein are those of the author and do not necessarily reflect the views of SIPC or of the Author's colleagues upon the staff of SIPC."

(c) Securities Transactions.

(1) This Section applies to all transactions effected by or on behalf of an employee, except to the extent such employee is acting in his capacity as trustee appointed under the Act or as agent for SIPC in its capacity as trustee appointed under the Act. Employees are considered to have sufficient interest in the security transactions of their spouses, minor children and members of their immediate household so that such transactions are subject to all the terms of this Section.

(2) No employee shall effect or cause to be effected any transaction in a security of a broker-dealer.

(3) No employee shall effect or cause to be effected any transaction in any security which results from or is based in any way upon nonpublic information received in the course of his employment with SIPC.

(4) No employee shall effect or cause to be effected any transaction in any security which to his knowledge is involved in any pending investigation by any branch of the United States Government or by SIPC or by a SIPC trustee or in any proceeding before or involving the same.

19

(d) <u>Action in Cases of Personal Interest</u>. Any employee assigned to work on any matter in which he or his spouse or his minor child then owns any securities or has any personal interest or with which he has been employed or associated in the past shall immediately advise his supervisor of that fact.


## ARTICLE 12


DEFINITIONS


When used in these bylaws:

Section 1.    <u>General</u>.

Unless otherwise specified in these bylaws, the terms used in these bylaws shall have the meaning accorded them under the Act or under the Securities Exchange Act of 1934. (15 United States Code, Section 78a <u>et</u> <u>seq</u>.)

Section 2.    <u>SIPC</u>.

The term "SIPC" shall mean the Securities Investor Protection Corporation.

Section 3.    <u>Act</u>.

The term "Act" shall mean the Securities Investor Protection Act of 1970, as from time to time amended.

Section 4.    <u>Commission</u>.

The term "Commission" shall mean the Securities and Exchange Commission.

Section 5.    <u>Board</u>.

The term "Board" shall mean the Board of Directors of SIPC.