# EXHIBIT B



# BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

## DECEMBER 11, 2008[1]

## NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

October 27, 2009

WACHOVIA BANK, NATIONAL ASSOCIATION
1021 E. CARY STREET
RICHMOND, VIRGINIA 23219
ATTENTION: JOYCE BARRY

Dear WACHOVIA BANK, NATIONAL ASSOCIATION:

### PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim on BLMIS Account No. 1H0071 (the "Account") designated as Claim Number 001872:

Your claim for securities is **DENIED**. No securities were ever purchased for your account.

Your claim is **ALLOWED** for $7,901,539.29, which was the balance in your BLMIS Account on the Filing Date based on the amount of money you deposited with BLMIS for the purchase of securities, less subsequent withdrawals as outlined in Table 1 attached hereto.

Your **ALLOWED CLAIM** of $7,901,539.29 will be satisfied in the following manner:

---

[1] Section 78lll(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78lll(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

300035074.1

The enclosed **PARTIAL ASSIGNMENT AND RELEASE** must be executed, notarized and returned in the envelope provided herewith.

Based upon the Trustee's staff's review of the documents related to the Account, it appears that the Account was originally registered in the name of Hollyplant Investment Limited Partnership ("Hollyplant"), but that the Account was pledged before the Filing Date to Wachovia Bank, National Association ("Wachovia") to secure certain obligations of Hollyplant to Wachovia (the "Obligations"). On January 5, 2009, the Trustee was notified of Wachovia assuming exclusive control over the Account, presumably as the result of an alleged default by Hollyplant of the Obligations. However, the Trustee's staff understands that there may be a dispute between Wachovia and Hollyplant in respect of the Obligations, which could result in the parties claiming adverse interests in the Account. As such, please provide joint written payment instructions from Wachovia and Hollyplant specifying the name of the payee and the address to which the check should be sent (the "Instructions").

Upon receipt of the executed and notarized **PARTIAL ASSIGNMENT AND RELEASE** and the Instructions, the Trustee will make a partial satisfaction of your **ALLOWED CLAIM** by sending a check in the amount of $500,000.00, with the funds being advanced by Securities Investor Protection Corporation pursuant to section 78fff-3(a)(1) of SIPA. In addition, you will be entitled to receive an additional distribution based upon your **ALLOWED CLAIM** from the fund of customer property, if any.

It is the Trustee's intent, pursuant to SIPA, to submit a Motion for an order of the Bankruptcy Court to allocate assets he has collected and will collect between the fund of customer property and the general estate and to distribute customer property *pro rata* among allowed claimants, such as you. In a decision in this case, Rosenman Family, LLC v. Picard, 401 B.R. 629, 634 (Bankr. S.D.N.Y. 2009), the Bankruptcy Court stated:

> The customer estate is a fund consisting of customer property and is limited exclusively to satisfying customer claims. In re Adler Coleman Clearing Corp. (Adler Coleman II), 216 B.R. 719, 722 (Bankr. S.D.N.Y. 1998) ("A SIPA trustee, distributes 'customer property' exclusively among the debtor's customers...."); see also 15 U.S.C. § 78*lll*(4). Accordingly, Customers, as defined by SIPA § 78*lll*(2), enjoy a preferred status and are afforded special protections under SIPA. See New Times Securities, 463 F.3d at 127; Adler Coleman, 195 B.R. at 269."

Id. at 634.

It is not known at this time when the Trustee will be filing such allocation and distribution motion.

Should a final and unappealable court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously

determined customer claims in accordance with the Court's order. Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by you in having your customer claim re-determined in accordance with any such Court order.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after October 27, 2009, the date on which the Trustee mailed this notice.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

> Clerk of the United States Bankruptcy Court for
> the Southern District of New York
> One Bowling Green
> New York, New York 10004

> and

> Irving H. Picard, Trustee
> c/o Baker & Hostetler LLP
> 45 Rockefeller Plaza
> New York, New York 10111

_____
Irving H. Picard

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

cc:  Joseph Lubertazzi, Jr.
     McCarter & English LLP
     Four Gateway Center,
     100 Mulberry Street
     Newark, New Jersey 07102

     Hollyplant Investment Limited Partnership
     130 Clarendon Avenue
     Palm Beach, Florida 33480
     Attention: Phyllis Krock

     Paul Batista
     Genovese Joblove & Battista P.A.
     Bank of America Tower
     100 Southeast 2nd Street, 44th Floor
     Miami, Florida 33131

### DEPOSITS

| DATE | TRANSACTION DESCRIPTION | AMOUNT |
|---|---|---|
| 10/31/1994 | CHECK WIRE | $326,076.31 |
| 11/2/1994 | CHECK WIRE | $297,117.84 |
| 11/7/1994 | CHECK WIRE | $287,650.24 |
| 11/10/1994 | CHECK WIRE | $46,536.76 |
| 11/16/1994 | CHECK WIRE | $2,820,140.05 |
| 11/16/1994 | CHECK WIRE | $56,652.04 |
| 12/15/1994 | CHECK WIRE | $14,890.82 |
| 1/30/1995 | CHECK WIRE | $24.59 |
| 2/27/1995 | CHECK WIRE | $225,000.00 |
| 4/4/1996 | CHECK WIRE | $320,000.00 |
| 4/15/1996 | CHECK WIRE | $5,000,000.00 |
| 4/1/1997 | CHECK WIRE | $1,000,000.00 |
| 11/28/1997 | CHECK WIRE | $700,000.00 |
| 6/12/2000 | CHECK WIRE | $650,000.00 |
| 12/29/2000 | CHECK WIRE | $1,600,000.00 |
| 2/12/2001 | CHECK WIRE | $1,942,450.64 |
| 6/13/2002 | CHECK WIRE | $300,000.00 |
| 10/28/2002 | CHECK WIRE | $500,000.00 |
| 8/8/2003 | CHECK WIRE | $800,000.00 |
| 8/27/2004 | CHECK WIRE | $500,000.00 |
| **Total Deposits:** | | $17,386,539.29 |

### WITHDRAWALS

| DATE | TRANSACTION DESCRIPTION | AMOUNT |
|---|---|---|
| 2/5/1996 | CHECK | ($200,000.00) |
| 6/5/1996 | CHECK | ($100,000.00) |
| 7/8/1996 | CHECK | ($150,000.00) |
| 8/19/1996 | CHECK | ($100,000.00) |
| 9/26/1996 | CHECK | ($250,000.00) |
| 11/1/1996 | CHECK | ($200,000.00) |
| 1/6/1997 | CHECK | ($200,000.00) |
| 4/11/1997 | CHECK | ($400,000.00) |
| 5/9/1997 | CHECK | ($250,000.00) |
| 7/18/1997 | CHECK | ($200,000.00) |
| 10/2/1997 | CHECK | ($300,000.00) |
| 1/20/1998 | CHECK | ($200,000.00) |
| 3/26/1998 | CHECK | ($900,000.00) |
| 6/1/1998 | CHECK | ($750,000.00) |
| 10/9/1998 | CHECK | ($200,000.00) |
| 9/22/1999 | CHECK | ($350,000.00) |

| | | |
|---:|:---:|---:|
| 12/29/1999 | CHECK | ($1,100,000.00) |
| 3/28/2000 | CHECK | ($1,400,000.00) |
| 3/15/2001 | CHECK | ($850,000.00) |
| 8/3/2001 | CHECK | ($900,000.00) |
| 12/12/2001 | CHECK | ($485,000.00) |
| **Total Withdrawals:** | | ($9,485,000.00) |
| | | |
| **Total deposits less withdrawals:** | | $7,901,539.29 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789-BRL<br><br>SIPA Liquidation |

## PARTIAL ASSIGNMENT AND RELEASE

**KNOW ALL MEN BY THESE PRESENTS,** that WACHOVIA BANK, NATIONAL ASSOCIATION, located at 1021 E. CARY STREET, RICHMOND, VIRGINIA 23219 (hereinafter referred to as the "Assignor") in consideration of the payment of $500,000.00 to satisfy in part its claim for customer protection (the "Customer Claim", having been designated Claim #001872) filed in the liquidation proceeding of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §78aaa et seq. ("SIPA") (see §§78fff-2(b), 78fff-2(d), and §78fff-3(a)(1) of SIPA), does for itself hereby assign, transfer and set over to Irving H. Picard as SIPA Trustee (the "SIPA Trustee") for the liquidation of BLMIS (see §78fff-2(b) of SIPA), and the Securities Investor Protection Corporation ("SIPC"), as subrogee to the extent of its cash advances to the SIPA Trustee for the satisfaction of the aforementioned Customer Claim (see §78fff-3(a)(1) of SIPA), any and all rights, including causes of action or claims, that Assignor now may have against BLMIS and/or any third party arising out of or relating to any fraudulent or illegal activity with respect to Assignor's BLMIS account (Account No. 1H0071, the "BLMIS Account"), which gave rise to the allowed Customer

300037769.1

Claim for securities filed by Assignor against BLMIS. Such assignment is only to the extent that Assignor has received satisfaction of the Customer Claim as set forth above.

Further, Assignor has not previously compromised or assigned any claim, cause of action or other right against BLMIS, its principals or agents or any third party arising out of or related to any fraudulent or illegal activity giving rise to the Customer Claim.

Upon reasonable request of the SIPA Trustee or SIPC, Assignor agrees to cooperate with the SIPA Trustee or SIPC in connection with any efforts of either to recover from the principals or agents of BLMIS or anyone else for amounts advanced by SIPC or paid by the SIPA Trustee to satisfy in part Assignor's Customer Claim in this SIPA liquidation proceeding. Such efforts to recover by the SIPA Trustee or SIPC, either to demand or pursue or to prosecute or settle any collection effort, action or proceeding therefore, shall be at the sole cost of the SIPA Trustee or SIPC.

Effective immediately and without further action, contingent only upon Assignor's receipt from the SIPA Trustee or his agent of a check in the amount of $500,000.00 as set forth in the SIPA Trustee's Notice of Determination of the Customer Claim dated October 27, 2009, (the "Trustee's Determination"), and upon receipt by the SIPA Trustee of this executed and notarized Partial Assignment and Release, the Assignor does for itself, and for its executors, administrators, heirs and assigns hereby remise, release and forever discharge the SIPA Trustee and SIPC, as subrogee to the extent of its cash advances for the satisfaction of the Customer Claim, and, as the case may be, their officers, directors, professionals, employees, agents, successors and assigns, of and from any and all claims arising out of or relating to the Assignor's BLMIS Account, the Customer Claim filed with the SIPA Trustee as protected by the provisions of SIPA, and any and all circumstances giving rise to said Customer Claim which the Assignor

300037769.1                                       2

now has, or hereafter may have, for or by any reason, cause, matter or thing whatsoever from the beginning of the world to the date of the execution of this Partial Assignment and Release, only to the extent that the SIPA Trustee and/or SIPC has paid monies to the Assignor to satisfy Assignor's Customer Claim.

Should a final and unappealable Court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Partial Assignment and Release shall be construed as a waiver of any rights or claims held by Assignor in having its customer claim re-determined in accordance with any such Court order. The payment of the undisputed amount of the Assignor's Customer Claim (up to the limits of SIPA protection) will be without prejudice to the Trustee's and the Assignor's rights, claims, and defenses with respect to the disputed portion(s) of the Assignor's Customer Claim.

Assignor acknowledges the sufficiency of the consideration to be received in accordance with the SIPA Trustee's Determination and under this Partial Assignment and Release.

The undersigned acknowledges that he is/she is authorized to execute this Partial Assignment and Release on behalf of WACHOVIA BANK, NATIONAL ASSOCIATION.

**IN WITNESS WHEREOF,** the undersigned has on this day set forth below duly executed this Partial Assignment of Assignor's Customer Claim and Release, intending to be legally bound hereby.

                WACHOVIA BANK, NATIONAL
                ASSOCIATION

                By: _____
                      NAME

Sworn and subscribed before me this
____ day of _____, 2009.

_____
    Notary Public