DRINKER BIDDLE & REATH LLP
Stephanie Wickouski
Kristin Going
140 Broadway, 39th Floor
New York, NY 10005-1116
Telephone: (212) 428-3140
Facsimile: (212) 248-3141

*Attorneys for Cades Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION<br><br>Plaintiff<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC<br><br>. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation |

## **OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM**

Cades Trust, by and through its attorneys, hereby objects to the Notice of Trustee's Determination of Claim dated October 19, 2009 ("Determination Letter"), attached as Exhibit A, as described herein.

### **BACKGROUND**

1. Cades Trust is a "customer," as defined by the Securities Investor Protection Act ("SIPA"), of Bernard L. Madoff Investment Securities, LLC ("BLMIS").

2. Cades Trust's final BLMIS statement, dated November 30, 2008, states that it owns securities valued at $1,038,609.88 ("Final BLMIS Statement").

3. Steven Cades and Marjorie Linder formed Cades Trust in 2002 for the purpose of managing their investment with BLMIS. Prior to March 2002, Stephen Cades and Marjorie Linder had no accounts with BLMIS. Stephen Cades and Marjorie Linder inherited the money they invested with BLMIS from their father, Leon Cades, who had invested with BLMIS prior to his death in 2002.

4. A copy of the last BLMIS statement before Leon Cades' estate was settled is attached hereto as Exhibit B. It shows the name of the investor as "Leon Cades, Revocable Trust dated 12/9/1997," and the tax identification number as: 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.

5. In March 2002, Leon Cades estate was settled and Stephen Cades and Marjorie Linder were provided their inheritance and invested $600,000 with BLMIS. In August 2002, the Cades Trust deposited an additional $400,000 into the BLMIS account. Although BLMIS changed the name and tax identification number on the account, BLMIS used the same account number for both Leon Cades and the Cades Trust account.

6. On December 11, 2008, the above-captioned liquidation proceeding was commenced against BLMIS, pursuant to the Securities Investor Protection Act of 1970 ("SIPA"). *See* Order, *Securities and Exchange Commission v. Madoff*, No. 08-10791 (S.D.N.Y. Dec. 15, 2008) (ordering relief under SIPA and transferring proceeding to the United States Bankruptcy Court of the Southern District of New York) [Dkt. No. 4]. Irving Picard was appointed Trustee ("BLMIS Trustee"), charged with overseeing the liquidation of BLMIS and processing customer claims for money pursuant to SIPA, *Id.*: 15 U.S.C. 78fff-1(a).

7. On December 23, 2008, the Court issued an Order directing the BLMIS Trustee to disseminate notice and claim forms to BLMIS customers and setting forth claim-filing deadlines. *See* Order [Dkt. No. 12]. Upon information and belief, the BLMIS Trustee disseminated notice and claim forms to BLMIS's customers in accordance with the Court's Order.

8. The December 23, 2008 Order further provided that, to the extent the BLMIS Trustee disagrees with the amount set forth on a customer claim form, the BLMIS Trustee "shall notify such claimant by mail of his determination that the claim is disallowed, in whole or in part, *and the reason therefore ..."* *See* Order at 6 (emphasis added) [Dkt. No. 12].

9. On February 28, 2009, Cades Trust submitted a customer claim form to SIPC, setting forth its calculation of an estimated claim in the amount of $316,384.62 or $376,754.54. *See* Cades Trust Customer Claim (Exhibit C) ("Cades Customer Claim"). This figure reflects investments of $600,000 inherited from Leon Cades and $400,000 deposited into the account on August 27, 2002, minus distributions. *Id*. The Cades Trust Final BLMIS Statement and documentation related to the account were submitted with the Cades Customer Claim. *See* Cades Customer Claim (Exhibit C).

10. On October 19, 2009, the BLMIS Trustee sent Cades Trust the Determination Letter denying the Cades Trust claim in its entirety. *See* Determination Letter (Exhibit A).

11. Cades Trust hereby objects to the Determination Letter for the reasons described below.

**GROUNDS FOR OBJECTION**

12. <u>First Objection</u>. The Determination Letter fails to comply with this Court's December 23, 2008 Order, which directs the BLMIS Trustee to satisfy customer claims and deliver securities in accordance "with the Debtor's books and records." Dec. 23, 2008 Order at 5 (Dkt. No. 12]. Included with the Cades Customer Claim were the final BLMIS statement and

documents demonstrating that Cades Trust deposited $1,000,000 into its BLMIS account and only withdrew $706,342.22  *See* Cades Customer Claim (Exhibit C).  Accordingly, Cades Trust should have an allowed claim for $293,657.78.

13.    Second Objection.  The Trustee has set forth no legal basis for disallowing the Cades Customer Claim in full as filed.  The only explanations set forth in the Determination Letter are that (1) "[n]o securities were ever purchased for your account,"  This purported reason for disallowance does not have any statutory or other legal basis.  Moreover, the Determination Letter:

(a)    does not clearly provide "the reason" for the disallowance, as required by the Court's December 23, 2008 Order, *See* Order [Dkt. No. 12];

(b)    is inadequate to rebut the prima facie validity of the Cades Customer Claim as provided in Section 502(a) of the Bankruptcy Code and Fed. R. Bankr. P. 3001(f); and

(c)    violates general principles of applicable law requiring that an objection to a proof of claim set forth, at a minimum, the relevant facts and legal theories upon which the objection is based.  *See, e.g.,* Collier on Bankruptcy ¶ 3007.01(3) (15th ed.) ("[A]n objection to a claim should … meet the [pleading] standards of an answer.  It should make clear which facts are disputed; it should allege facts necessary to affirmative defenses; and it should describe the theoretical bases of those defenses.");  *In re Enron Corp.*, No. 01-16034, 2003 Bankr. LEXIS 2261, at * (Bankr. S.D.N.Y. Jan. 13, 2003) (same).

14.    Third Objection.  Although articulated no where in the Determination Letter, it appears the BLMIS Trustee is attempting to somehow deduct the withdrawals made from the Leon Cades account against the Cades Trust account.  Leon Cades and the Cades Trust are two separate accounts, with two separate owners.  Cades Trust did not have any accounts with

BLMIS prior to March 2002. Thus, Cades Trust did not receive any withdrawals prior to April 2002, and therefore any withdrawals prior to April 2002 should not be a part of the Trustee's net equity calculation.

## RELIEF REQUESTED

15. For the reasons stated herein, the Cades Customer Claim should be allowed in its entirety.

16. For the reasons stated herein, the Court should direct SIPC to issue immediate payment to Cades Trust in the amount of $293,657.78 plus interest from the date of the Determination Letter, and such equitable relief as the Court deems appropriate.

17. The Cades Trust requests such other relief as may be just and equitable.

## CONCLUSION

18. For the above stated reasons, the Cades Trust respectfully requests this Court allow its claim in the amount of $293,657.78.

Dated: November 13, 2009

> *S/ Stephanie Wickouski*
> DRINKER BIDDLE & REATH LLP
> Stephanie Wickouski
> Kristin Going
> 140 Broadway, 39th Floor
> New York, NY 10005-1116
> Telephone: (212) 428-3140
> Facsimile: (212) 248-3141
>
> *Attorneys for the Cades Trust*