- 8 -

**EXHIBIT C**

DC01/ 2366415.1

February 28, 2009

Irving Picard, Esq.
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

Re: **CADES TRUST**    Tax ID: **47-0865813**    Account # 1-ZA593-3-0
    Stephen Cades, Trustee
    11445 Beechgrove Ln.
    Potomac, MD 20854
    301-279-7999   steve-ellen@verizon.net

To Whom It May Concern:

This claim is filed on behalf of **CADES TRUST**, a general partnership between Stephen Cades and Marjorie (Cades) Linder. The EIN tax ID for the partnership is **47-0865813**.

It should be noted up front that we have never had any personal relationship with anyone either at BLMIS or anyone involved in promoting this investment. Our investment was made based on the recommendation of our father, just before he passed away, that this was a good, stable and secure investment, which although it wouldn't provide returns as good as the market when the market was "hot," it also wouldn't reflect the magnitude of the downturns in the market. It was stable, obviously good and seemingly secure.

Our partnership was established in 2002 (see Exhibit A) for the purpose of managing an investment with Bernard L. Madoff Investment Securities LLC. The money for this investment was inherited from our father. Our father worked his entire career for the U.S. Government (IRS). He was clearly not a wealthy man, lived frugally and retired on disability. Our mother, after a very long bout with Alzheimer's, passed away in 2000. Our father died shortly after that in 2001. Because of their illnesses, they had been in assisted living for several years.

We've also enclosed (Exhibit B) the IRS notification of the assigned EIN number for Cades Trust, dated 5-23-02.

The estate of Leon Cades was settled (see Exhibit C, Final Estate Tax Return for the estate of Leon Cades) in March of 2002, we formally had access to the inheritance after that and it was invested in the BLMIS specific account "Cades Trust (Tax ID 47-0865813)."

The June, 2002 monthly statement from BLMIS (Exhibit D) is the first statement for Cades Trust (ID 46-0865813). The starting equity was $600,000. We are not claiming the higher amount shown on that first statement since it reflects the modifications by the presumed activities in the account during the month itself.

The August, 2002 statement (Exhibit E) shows, on August 27, a check deposit to the Cades Trust account of $400,000. This was the only additional deposit we made to the account, bringing the net cash invested to an even $1,000,000. We've enclosed a bank statement from CitiBank, in the name of Cades Trust (Exhibit F) for August that shows the $400,000 check being debited from the account, the day before it was formally credited to the BLMIS account.

The final BLMIS statement provided was the last one received, for November, 2008 (Exhibit G). This statement shows the continued balance of $1,000,000, differing only in the recent presumed transactions made for the account.

Since we were using the distributions to live on, we were having a check sent to us quarterly. There were times it would have been nice to have access to some of the principal, but our understanding was that if we attempted to withdraw any of the principal, all of it would be returned and our investment would not be allowed to continue.

Our distributions from this investment are shown by year end statements for the years 2003 through 2007 along with the quarterly check distribution statements for 2002 and 2008 (Exhibit H).

From all that we have been able to understand about this terrible mess, our claim should reflect our actual investment ($1,000,000) minus distributions from BLMIS. However, to arrive at the net equity calculation for this investment, two different solutions seem possible. Without clarification, we are not sure which to use.

One is taking into account the distributions for the life of the investment (6 ¾ years), while a second takes into account only the 6 year look back period frequently discussed. Also, during the Creditors Meeting we heard reference to a 90 day period preceding the Dec. 11, 2008 date, where distributions might be subject to recovery in the second phase of the bankruptcy proceedings. Given that, we did not include the October, 2008 distribution of $15,412.16 in the calculation of our claim. The totals would then be as follows:

1) **Net equity based on the <u>entire life of the partnership (to June, 2002)</u> minus the likely return of the October, 2008 distribution: ($1,000,000 - $683,615.38) is $316,384.62.**
2) **Net equity based on the <u>6 year look back period (to December, 2002)</u> minus the likely return of the October, 2008 distribution: ($1,000,000 - $623,245.46) = $376,754.54.**

Because we do not know if we should include the entire life of the investment or the 6 year look-back period, our claim is for either (1) or (2)  $316,384.62 or $376, 754.54, depending on what your policy is on look-back periods.

Statements made during the Creditors meeting seemed to suggest that that income taxes paid on the distributions over the years should not be a part of the net equity calculation, therefore we have not included the effect of those taxes. If this is an incorrect understanding on our part, we would be happy to provide detailed information on the income taxes paid in an adjusted claim.

If there is any other documentation you would like to see, please contact us and we'll see if we can find it. If there are any questions, obviously, please contact us.

Thank you for your assistance in this terribly devastating situation.

Sincerely,

CADES TRUST GENERAL PARTNERSHIP


_____

By Stephen Cades     11445 Beechgrove Ln.     Potomac, MD 20854

Steve-ellen@verizon.net    301-279-7999


_____

By Marjorie (Cades) Linder

# BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

**DECEMBER 11, 2008**

Irving H. Picard, Esq.
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

Provide your office and home telephone no.

OFFICE: _____

HOME: 301-279-7999

Taxpayer I.D. Number (Social Security No.)
47-0865813

Account Number: 1ZA593

CADES TRUST
STEVEN CADES TRUSTEE
11445 BEECHGROVE LANE
POTOMAC, MD 20854-1802

(If incorrect, please change)

NOTE: BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY THE ACCOMPANYING INSTRUCTION SHEET. A SEPARATE CLAIM FORM SHOULD BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL PROTECTION AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE RECEIVED BY THE TRUSTEE ON OR BEFORE March 4, 2009. CLAIMS RECEIVED AFTER THAT DATE, BUT ON OR BEFORE July 2, 2009, WILL BE SUBJECT TO DELAYED PROCESSING AND TO BEING SATISFIED ON TERMS LESS FAVORABLE TO THE CLAIMANT. PLEASE SEND YOUR CLAIM FORM BY CERTIFIED MAIL - RETURN RECEIPT REQUESTED.

*************************************************************************

1. Claim for money balances as of **December 11, 2008**:
   a. The Broker owes me a Credit (Cr.) Balance of        $_____
   b. I owe the Broker a Debit (Dr.) Balance of           $_____

502180406                              1

    c.    If you wish to repay the Debit Balance, please insert the amount you wish to repay and attach a check payable to "Irving H. Picard, Esq., Trustee for Bernard L. Madoff Investment Securities LLC."

If you wish to make a payment, **it must be enclosed with this claim form.**    $ _____

    d.    If balance is zero, insert "None."    _None_

2.    Claim for securities as of **December 11, 2008**:

**PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.**

|   | | YES | NO |
|---|---|---|---|
| a. | The Broker owes me securities | ✓ | |
| b. | I owe the Broker securities | | ✓ |
| c. | If yes to either, please list below: | | |

| Date of Transaction (trade date) | Name of Security | Number of Shares or Face Amount of Bonds | |
|---|---|---|---|
| | | The Broker Owes Me (Long) | I Owe the Broker (Short) |
| | SEE ENCLOSED EXHIBIT G - BLMIS STATEMENT DATED 11/30/08 | | |

Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclose, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation. You should also provide all documentation or

information regarding any withdrawals you have ever made or payments received from the Debtor.

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement. If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.

PLEASE CHECK THE APPROPRIATE ANSWER FOR ITEMS 3 THROUGH 9.

NOTE: IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION ON A SIGNED ATTACHMENT. IF SUFFICIENT DETAILS ARE NOT PROVIDED, THIS CLAIM FORM WILL BE RETURNED FOR YOUR COMPLETION.

|  |  | YES | NO |
|---|---|---|---|
| 3. | Has there been any change in your account since December 11, 2008? If so, please explain. |  | ✓ |
| 4. | Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of the broker? |  | ✓ |
| 5. | Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or policies of the broker? |  | ✓ |
| 6. | Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in any way with the broker? If so, give name(s) |  | ✓ |
| 7. | Is this claim being filed by or on behalf of a broker or dealer or a bank? If so, provide documentation with respect to each public customer on whose behalf you are claiming. |  | ✓ |
| 8. | Have you ever given any discretionary authority to any person to execute securities transactions with or through the broker on your behalf? Give names, addresses and phone numbers. |  | ✓ |

502180406                                3

9. Have you or any member of your family ever filed a claim under the Securities Investor Protection Act of 1970? If so, give name of that broker. ✓ _____

Please list the full name and address of anyone assisting you in the preparation of this claim form: _____

If you cannot compute the amount of your claim, you may file an estimated claim. In that case, please indicate your claim is an estimated claim. ADDRESSED IN ATTACH

ESTIMATED CLAIM, BASED ON ASSUMPTIONS COVER LETTER.

**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM. CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.**

**THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY INFORMATION AND BELIEF.**

Date   Feb 28, 2009          Signature _____, Trustee (as ...)

Date _____          Signature _____

(If ownership of the account is shared, all must sign above. Give each owner's name, address, phone number, and extent of ownership on a signed separate sheet. If other than a personal account, e.g., corporate, trustee, custodian, etc., also state your capacity and authority. Please supply the trust agreement or other proof of authority.)

**This customer claim form must be completed and mailed promptly, together with supporting documentation, etc. to:**

Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201