| | |
|---|---|
| KLEINBERG, KAPLAN, WOLFF & COHEN, P.C. | **Hearing Date: February 2, 2010** |
| 551 Fifth Avenue, 18th Floor | **Hearing Time: 10:00 a.m.** |
| New York, New York 10176 | |
| (212) 968-6000 | |
| David Parker | |
| Matthew J. Gold | |
| Jason Otto | |

Counsel for Lawrence Elins and Malibu Trading and Investing, L.P.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
SECURITIES INVESTOR PROTECTION :
CORPORATION, : Adv. Pro. No. 08-01789 (BRL)
 :
                Plaintiff, : SIPA Liquidation
 :
                v. : (Substantively Consolidated)
 :
BERNARD L. MADOFF INVESTMENT :
SECURITIES LLC, :
 :
                Defendant. :
------------------------------------------------------------:
 :
In re: :
 :
BERNARD L. MADOFF, :
 :
                Debtor. :
------------------------------------------------------------x

**OBJECTION OF LAWRENCE ELINS AND MALIBU TRADING
AND INVESTING, L.P. TO TRUSTEE'S MOTION FOR
AN ORDER REGARDING DEFINITION OF "NET EQUITY"
UNDER THE SECURITIES INVESTOR PROTECTION ACT**

      Lawrence Elins and Malibu Trading and Investing, L.P. (the "Elins Objectors"), hereby submit this objection to the Trustee's Motion for an Order Upholding Trustee's Determination Denying "Customer" Claims for Amounts Listed on Last Customer Statement, Affirming Trustee's Determination of Net Equity, and Expunging Those Objections with Respect to the

Determinations Relating to Net Equity, dated October 16, 2009 (the "Trustee Motion"), and respectfully represent:

## I. The Elins Objectors

1. The Elins Objectors are victims of Bernard Madoff and Interested Parties under the Scheduling Order (as defined below). Lawrence Elins filed a proof of claim with the Trustee regarding Lawrence Elins IRA, account #1E0172. Malibu Trading also filed a proof of claim with the Trustee regarding account #1M0198.[1]

## II. The Trustee Motion Impermissibly Requests Relief Beyond That Permitted by the Scheduling Order

2. The Order Scheduling Adjudication of "Net Equity" Issue, dated September 16, 2009 (the "Scheduling Order"), strictly limits the scope of the Trustee Motion, and so the issues to be considered by the Court with regard to the Trustee Motion, to only whether, for purposes of determining a customer's "net equity" under SIPA, the November, 2008, last account statements are controlling:

> ORDERED, that, consistent with the record of the hearing held on September 9, 2009, the briefing to be submitted to the Court pursuant to this Order shall be limited to discussing the proper interpretation of "net equity," specifically the following two issues:
>
> 1. Whether a customer's "net equity" under SIPA is equal to "cash in/cash out"; or
>
> 2. Whether a customer's "net equity" under SIPA is equal to the value of the securities positions and credit balance reflected in the customer's last statement.

---

[1] Kleinberg Kaplan Wolff & Cohen, P.C. also represents Linda Elins, Elins Family Trust, Lawrence Robert Elins Grantor Retainer Annuity Trust and Linda Sue Elins Grantor Retainer Annuity Trust, which are or were direct or indirect investors with Bernard L. Madoff Investment Securities, LLC ("BLMIS"), and are interested parties with regard to the Trustee Motion.

2

> *The Trustee and Interested Parties shall reserve all rights, claims, and defenses as to any issues and/or arguments not resolved by the Court in connection with the briefing described herein on the Net Equity Issue.*

Scheduling Order at 4 (emphasis added, the emphasized provision is referred to as the "Reservation").

3.    In violation of the limited scope of the Scheduling Order and the protective scope of the Reservation, the Trustee Motion impermissibly asserts and seeks binding determinations on far broader issues, including requesting an order "upholding the Trustee's determinations of the Claims listed on Exhibit A to the extent such determinations relate to the Trustee's interpretation of 'Net Equity' as such term is used at 15 U.S.C. § 78*lll*(11)...." Trustee Motion ¶17 at 8. Even if the Court were to rule that a customer's net equity for SIPA purposes is not equal to the value of the securities positions and credit balance reflected in the customer's last account statement, pursuant to the Reservation and the limited scope of the Scheduling Order, customers nonetheless may raise all other defenses with respect to the Trustee's position. As to the Trustee Motion, it was improper for the Trustee to assert, and the Court should not rule, that the Trustee's interpretation of net equity is correct without preserving the right of customers and interested parties to raise all other defenses in future proceedings.

4.    Accordingly, any and all relief sought by the Trustee that exceeds the protective limitations of the Scheduling Order and Reservation should be denied.

### III.  The Trustee Motion Should Be Denied

5.    The Trustee Motion should be denied because the applicable law is that a customer's net equity under SIPA is equal to the value of the securities positions and credit balance reflected in the customer's last statement received from BMLIS. Because this position is

presented in many briefs filed with the Court, the Elins Objectors will not submit further and redundant argument on this point.

### IV. The Looby Declaration Should Be Disregarded

6. The Trustee Motion improperly relies upon factual assertions contained in the Declaration of Joseph Looby in Support of Trustee's Motion for an Order Upholding Trustee's Determination Denying "Customer" Claims for Amounts Listed on Last Customer Statement, Affirming Trustee's Determination of Net Equity, and Expunging Those Objections with Respect to the Determinations Relating to Net Equity, dated October 16, 2009 (the "Looby Declaration"). Almost all of the "facts" asserted in the Looby Declaration are not known personally by Mr. Looby, and he could not competently testify to them. Further, the Looby Declaration is largely composed of inadmissible hearsay.

7. The very basis for the Scheduling Order was that the limited issue permitted to be presented was, and so could be decided, purely as a matter of law applying SIPA and attendant decisional law. If the Court instead determines that fact-finding is permitted, then the parties should be permitted first to conduct discovery in preparation for an evidentiary hearing. The Court should disregard the conclusory and inadmissible matters contained in the Looby Declaration.

8. Alternatively, and at minimum, no factual reliance, let alone findings of fact, with respect to the Trustee Motion should be of any effect in any future proceedings.

**WHEREFORE**, the Elins Objectors respectfully request that the Court (i) deny the relief sought in the Trustee Motion, (ii) determine that a customer's net equity under SIPA is the amount stated in the last monthly statement received from BLMIS, (iii) in the alternative, restrict any ruling in favor of the Trustee to the limited issue specified in the Scheduling Order and preserve the right of customers and interested parties to raise defenses in future proceedings, consistent with the Reservation, (iv) hold that the Looby Declaration is of no evidentiary effect in this and other proceedings, and (v) grant such other and further relief as is just and proper.

Dated: November 13, 2009

                              **KLEINBERG, KAPLAN, WOLF & COHEN, P.C.**

                              By:  /s/ David Parker
                                   David Parker
                                   Matthew J. Gold
                                   Jason Otto
                                   551 Fifth Avenue
                                   New York, New York 10176
                                   Tel. No.: (212) 986-6000
                                   Fax No.: (212) 986-8866

                                   Counsel for Lawrence Elins and Malibu Trading
                                   and Investing, L.P.