# EXHIBIT 3

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

800-8178-288

In the Matter of:

NEW TIMES SECURITIES SERVICES, INC.

Debtor

1) Application filed by proposed class claimants to authorize and approve the filing of a class proof of claim and for a certification of the putative class and to shorten time for the hearing

Memorandum by proposed class claimants

Memorandum by Plaintiff Securities Investor Protection Corporation

Memorandum of law by Trustee James W. Giddens

Affidavit of Derek J. T. Adler in opposition

United States Bankruptcy Court
Westbury, New York

July 28, 2000
10:00 a.m.

B E F O R E:

HONORABLE STAN BERNSTEIN
United States Bankruptcy Judge

A P P E A R A N C E S:

HUGHES HUBBARD & REED LLP
Attorney for James W. Giddens, Trustee
One Battery Park Plaza
New York, New York 10004
BY: JAMES W. KOBAK, JR, ESQ.
DANIEL S. LUBELL, ESQ.

APPEARANCES (Contd.)

STEPHEN P. HARBECK, ESQ.
General Counsel and Secretary
Securities Investor Protection Corporation
805 15th Street, N.W., Suite 800
Washington, D.C. 20005

FARRELL FRITZ
Co-Counsel for Class Claimants and
Putative Class Plaintiffs
EAB Plaza
Uniondale, New York 11556
BY: TED A. BERKOWITZ, ESQ.

HELLER HOROWITZ & FEIT, P.C.
Co-Counsel for Class Claimants and
Putative Class Plaintiffs
292 Madison Avenue
New York, New York 10017
BY: SIGMUND S. WISSNER-GROSS. ESQ.
ALAN EISENBERG, ESQ.

RICHARD L. STONE, ESQ.
Receiver for New Age Financial Services
830 Third Avenue
New York, New York 10022

SECURITIES AND EXCHANGE COMMISSION
Northeast Regional Office
7 World Trade Center
New York, New York 10048
BY: ALISTAIRE BAMBACH, ESQ.

THE COURT: But, there were -- there were persons in that class.

MR. HARBECK: Yes, sir, there were persons who deposited money with at least one of them, and I assume with the Debtor --

THE COURT: Okay, well, we're --

MR. HARBECK: -- to buy those.

THE COURT: -- assuming that, for the purpose of argument, --

MR. HARBECK: Correct.

THE COURT: -- with the Debtor.

All right. So, what's the second kind of claim?

MR. HARBECK: The second kind of claims are for people who bought real honest-to-goodness mutual funds.

THE COURT: Okay, and that's different from securities.

MR. HARBECK: No, they are securities, but they're real securities, unlike these fictitious shares of the New Age Money Market.

THE COURT: But, SIPC draws a distinction for purposes of administration of this case, between my having shares of IBM, versus my having shares of --

MR. HARBECK: New Age Money Market Fund.

THE COURT: No, no, no. Third category.

MR. HARBECK: No. The mutual fund shares are just the kind of securities these people bought. You could think of them in terms of being IBM, if you want. It's the same -- same analysis.

THE COURT: Okay. But, it -- at the macro level, the mutual fund has securities. Those may be IBM, or anything else.

MR. HARBECK: But it, itself, is a security.

THE COURT: But, I -- but, I have some kind of percentage interest in that mutual fund.

MR. HARBECK: You have shares in it, and those shares are securities.

THE COURT: Okay, all right.

So, from the -- whether I have direct shares or, in effect, indirect shares, you don't care.

MR. HARBECK: No, we do. You have direct shares of the mutual fund, and here is where Congress comes into play.

THE COURT: Okay.

MR. HARBECK: To the extent members -- people who dealt with this Debtor bought any kind of securities and want those securities, --

THE COURT: Okay.

MR. HARBECK: -- Congress put them on a short leash, and this is a very specific leash. It says if you

file within sixty days, you'll get the securities, absolutely. If you file between sixty days and six months, the Trustee will have an option --

THE COURT: Well, wait a minute. I get the -- I get the shares absolutely. Okay.

MR. HARBECK: The Trustee will have an option to pay you in either the shares or the value of the shares on the filing date of the bankruptcy.

THE COURT: Okay, so, now tell me the economic consequences of filing before sixty days and after sixty days, if you --

MR. HARBECK: Some people could win; some people could lose.

THE COURT: -- deposited monies for a mutual fund that has a fluctuating value.

MR. HARBECK: No, you -- at this point, the shares -- the mutual fund shares should be in your account. It's not depositing money for them. You've bought them. You've got a confirmation -- you've got a statement from the firm, saying you have in your account shares of one, two, and three different securities. These securities happen to be mutual funds.

THE COURT: Okay.

MR. HARBECK: And, what Congress did is Congress said, --

THE COURT: Okay, so, you're telling me that this is very different from the open transaction.

MR. HARBECK: Correct.

THE COURT: Okay, so, now we're dealing with a closed transaction, where the money is there, you have interest in a --

MR. HARBECK: The securities are there.

THE COURT: -- real --

MR. HARBECK: Not the money is there. The securities are supposed to be there.

THE COURT: No, no -- yeah, you have -- you have an ownership interest in the securities; namely, shares of the mutual fund, of a mutual fund that is real, existing as of the petition date.

MR. HARBECK: Dreyfus, Janus, you name it.

THE COURT: Okay.

MR. HARBECK: Now, what Congress did is it said it wants to give the Trustee and SIPC a very good idea of what securities have to -- that the Trustee is going to have to go out into the marketplace and buy. So, if you file within sixty days, you'll get the securities, without question. Whether -- if they triple in value, you'll get the securities.

But, if --

THE COURT: Even -- even if --

MR. HARBECK: Even if they're not there.

THE COURT: Even if they're not there.

MR. HARBECK: Correct.

THE COURT: In other words, if the money was diverted, converted --

MR. HARBECK: And the securities were never purchased.

THE COURT: Okay.

MR. HARBECK: And, if those positions triple, we will gladly give the people their securities positions.

THE COURT: But, you've got to jump.

MR. HARBECK: But, you've got to act fast, yeah. And, Congress did that --

THE COURT: Because -- because --

MR. HARBECK: -- because of the fluctuations.

THE COURT: -- because there's a concern -- because there's a concern that the value of this mutual fund might skyrocket and it's going to cost SIPC a lot more money.

MR. HARBECK: Six months down the line, that's right.

THE COURT: Okay, all right. And, you don't want people playing games with you.

MR. HARBECK: That's correct.

THE COURT: Deciding when they're going to --