**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
                                                          :
SECURITIES INVESTOR PROTECTION                            :
CORPORATION,                                              :   SIPA Liquidation
                                                          :
                     Plaintiffs,                          :
                                                          :   No. 08-01789 (BRL)
           vs.                                            :
                                                          :
BERNARD L. MADOFF INVESTMENT                              :
SECURITIES LLC,                                           :
                                                          :
                     Defendant.                           :
                                                          :
----------------------------------------------------------- :   Adv. Pro. No. 09-01265 (BRL)
                                                          :
In re:                                                    :
                                                          :
BERNARD L. MADOFF                                         :
                                                          :
                     Debtor.                              :
-----------------------------------------------------------X

**DECLARATION OF BRIAN MADDOX IN OPPOSITION
TO TRUSTEE'S MOTION FOR AN ORDER UPHOLDING TRUSTEE'S
DETERMINATION DENYING CUSTOMER CLAIMS FOR AMOUNTS
LISTED ON LAST STATEMENT, AFFIRMING TRUSTEE'S
DETERMINATION OF NET EQUITY, AND EXPUNGING THOSE OBJECTIONS
<u>WITH RESPECT TO THE DETERMINATIONS RELATING TO NET EQUITY</u>**

I, Brian Maddox, declare as follows:

1.     I am an associate at the law firm of Lax & Neville, LLP, a member in good standing of the Bars of New York and this Court, and am fully familiar with the facts and circumstances contained herein.

2.     My firm represents Class Action Plaintiffs[1] Mary Albanese, the Brow Family Partnership, Allan Goldstein, Laurence Kaye, Suzanne Kaye, Rose Less and Gordon Bennett

---

[1]   Capitalized terms used herein, but not defined, shall have the meanings assigned to them in the Memorandum of Law.

(collectively, "Plaintiffs"), on behalf of themselves and the Class,[2] who have commenced this above-captioned adversary proceeding (the "Proceeding") arising from the liquidation of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. § 78aaa, *et seq.* ("SIPA"), in the United States Bankruptcy Court for the Southern District of New York (the "Court") against Irving Picard, the Trustee of the Madoff liquidation (the "Trustee"), seeking to obtain a declaratory judgment, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, that: (i) the Trustee's definition of "net equity" as deposits minus withdrawals is incorrect as a matter of law; (ii) a customer's "net equity" under SIPA is the value of the securities positions reflected in that customer's Madoff account(s) as of the SIPA filing date; (iii) the Amended Class Action Complaint be deemed a written statement of claim for all class members who fail to file their individual SIPC Customer Claim Forms prior to the Bar Date; (iv) the Amended Class Action Complaint is not a waiver of any Plaintiff's or prospective class member's right to a jury trial, nor may it be used by the Trustee to contest any Plaintiff or prospective class member's right to a jury trial; (v) the Amended Class Action Complaint does not confer jurisdiction over any prospective class member, nor may it be used by the Trustee to assert jurisdiction over any prospective class member; (vi) the Trustee cease and desist from requiring the execution of a release as a condition precedent to the distribution of SIPC funds to a class member; and (vii) all releases executed by any class member in the Madoff liquidation be declared void.

---

[2] The Class is defined as all persons and entities who: (i) maintained one or more customer accounts with Madoff as of December 11, 2008, the value of which is/are adversely affected by the Trustee's unlawful calculation of "net equity" in contrivance of 15 U.S.C. § 78lll(11); and (ii) have suffered and will suffer damages thereby. Excluded from the Class are the (i) Trustee, members of his immediate family and their legal representatives, heirs, successors, or assigns and any entity in which Defendant has or had a controlling interest; and (ii) Bernard L. Madoff, members of his immediate family and their legal representatives, heirs, successors, or assigns and any entity in which Bernard L. Madoff has or had a controlling interest, including their officers, directors, agents and employees.

3. My firm also represents Mary Albanese; Mary Albanese, as trustee for the Dominick Albanese Trust Acct B; William Jay Cohen, as Trustee for the William Jay Cohen Trustee Dated 11/14/89; Eleanor P. Cohen, as Trustee for the Eleanor P. Cohen Trustee dated 11/14/89; Jacob Davis; Fammad, LLC; Myron Feuer; Jerome Fox; Selma Fox; Robert Allen Greene; Julian Greene; Robert Allen Greene as Custodian; Bruce P. Hector MD; Howard Kamp; Bonnie Kansler; Matthew S. Kanlser; Marjorie Kleinman; Dale Kleinman; Elliot S. Kaye; Robert Kehlmann, as trustee for the Trust UW William Kehlmann U/A DTD 1/23/65; Robert Kehlmann, as trustee for the Robert Kehlmann & Diana Tosto Kehlmann Living Trust U/A DTD 3/19/90; Robert Kehlmann, as trustee for the Trust FBO Ephraim Kehlmann U/A DTD 12/30/72; Donald Kent MD; Robert Korn, as Trustee for the Robert Korn Revocable Trust; Rose Less; Ruth Mechaneck; Harriet Meiss, as Trustee of the Harriet K. Meiss Trust; The Morse Family Foundation; Lanny Rose, as Trustee for the Lanny Rose Revocable Trust; Robert L. Schwartz, as trustee of the Robert L. Schwartz 2004 Revocable Trust; Elaine Schlessberg; Angelo Viola and Angelo Viola IRA; Allan Goldstein; and Rodger & Miriam Williams. Counsel represents numerous other Madoff investors that, as of the submission of this memorandum of law, have not received their determination letters from the Trustee and who join the memorandum of law.

4. Claimants received each month an account statement from Madoff that included a specific section entitled "Security Positions," which set forth (1) the list of securities held in the account at the end of the calendar month, (2) the number of shares of each such security, (3) the price per share of each security position, and (4) the total market value of all the security positions (for both stocks and options).

5. I have first-hand knowledge, based on e-mails, phone conversations and in-person conversations, many of our clients over the course of their relationship with Madoff, some of

which lasted in excess of 20 years, customers or their accountants tracked the purchases and sales in their account diligently.

6. Attached hereto as Exhibit A is a true and correct copy of the Customer Claim form mailed by the Trustee to Madoff investors on January 2, 2009, cited in the Brief.

7. Attached hereto as Exhibit B is a copy of the Rose Less Letter from Baker & Hostetler dated June 16, 2009, noting that "your claim falls into the Pre-1995 Accounts category and the Trustee will not be able to make a determination of you claim until full records for this period become available.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 13, 2009.

_____
Brian Maddox