FAX 760 770 0409

**DR. LEON I FINK**
4 TERRACE PLACE
RANCHO MIRAGE CA. 92270
TEL 760 770 7037
FAX 760 770 0409

November 10, 2009

Clerk of the US Bankruptcy Court for
The Southern District of New York
One Bowling Green
New York, New York 10004

Objection to Trustee's Determination of Claim   Bankruptcy Case No.08-1789

LEON I & Mikki L Fink Family Trust   BLMIS #1ZA355   CLAIM 001438

Our final BMIS statement, dated November, 2008 states that we own securities valued at $1.242.094.00. We object to the Determination Letter, as it fails to comply with this Court's December 23, 2008 Order, which directs the BMIS Trustee to satisfy claims and deliver securities in accordance "with Debtors books and records. Furthermore the Trustee's construction of the statute ignores SIPA'S language which defines "net equity" as:
The dollar amount of the account or accounts of the customer by --(A) calculating the sum which would have been owed by the debtor to such customer if the debtor had liquidated, by sale or purchase on the filing date, all securities positions of such customer (other than customer name securities reclaimed by such customer): minus (B) any indebtedness of such customer to the debtor on the filing date.....

We also object to the denial of $561,410.85 transferred from an account previously held in the name of Mikki Fink (1ZA36230) and transferred to the above account/

We expect to receive what we believed to be in my account at the time the stockbroker BLMIS ceased business. I hope the Court will direct SIPC to issue immediate payment in the amount of $1,242094.00 plus interest from the date of the Determination Letter and such equitable relief as the Court deems appropriate.

Respectfully submitted,

Leon I Fink          Mikki L Fink

NOV 13 2009

FAX 760 770 0409

# DR. LEON I FINK
4 TERRACE PLACE
RANCHO MIRAGE CA. 92270
TEL 760 770 7037
FAX 760 770 0409

November 10, 2009

Clerk of the US Bankruptcy Court for
The Southern District of New York
One Bowling Green
New York, New York 10004

Objection to Trustee's Determination of Claim   Bankruptcy Case No.08-1789

Dr. Leon I Fink MD Retirement Trust   BLMIS #1ZA357   CLAIM 001437

My final BMIS statement, dated November, 2008 states that I own securities valued at $160292.00. I object to the Determination Letter, as it fails to comply with this Court's December 23, 2008 Order, which directs the BMIS Trustee to satisfy claims and deliver securities in accordance "with Debtors books and records. Furthermore the Trustee's construction of the statute ignores SIPA'S language which defines "net equity" as:
The dollar amount of the account or accounts of the customer by --(A) calculating the sum which would have been owed by the debtor to such customer if the debtor had liquidated, by sale or purchase on the filing date, all securities positions of such customer (other than customer name securities reclaimed by such customer): minus (B) any indebtedness of such customer to the debtor on the filing date.....

I expect to receive what I believed to be in my account at the time the stockbroker BLMIS ceased business. I hope the Court will direct SIPC to issue immediate payment in the amount of $160292.00 plus interest from the date of the Determination Letter and such equitable relief as the Court deems appropriate.

Respectfully submitted,

*Leon I Fink*
Leon I Fink

FAX 760 770 0409

**DR. LEON I FINK**
4 TERRACE PLACE
RANCHO MIRAGE CA. 92270
TEL 760 770 7037
FAX 760 770 0409

November 10, 2009

Clerk of the US Bankruptcy Court
For the Southern District of New York
1 Bowling Green
New York, New York 10004

Objection to Trustee's Determination of Claim   Bankruptcy Case No.08-1789

Dr. Leon I Fink IRA   BLMIS #1ZR030   CLAIM 001436

My final BMIS statement, dated November, 2008 states that I own securities valued at $88,878.00. I object to the Determination Letter, as it fails to comply with this Court's December 23, 2008 Order, which directs the BMIS Trustee to satisfy claims and deliver securities in accordance "with Debtors books and records. Furthermore the Trustee's construction of the statute ignores SIPA'S language which defines "net equity" as:
The dollar amount of the account or accounts of the customer by --(A) calculating the sum which would have been owed by the debtor to such customer if the debtor had liquidated, by sale or purchase on the filing date, all securities positions of such customer (other than customer name securities reclaimed by such customer): minus (B) any indebtedness of such customer to the debtor on the filing date.....

I expect to receive what I believed to be in my account at the time the stockbroker BLMIS ceased business. I hope the Court will direct SIPC to issue immediate payment in the amount of $88,878.00 plus interest from the date of the Determination Letter and such equitable relief as the Court deems appropriate.

Respectfully submitted,

Leon I Fink