# EXHIBIT B

Bernard L. Madoff Investment Securities LLC
Case No 08-01789-BRL
U.S. Bankruptcy Court for the Southern District of New York
Claim Number:        **001099**

## CUSTOMER CLAIM

Date Received_____

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

RECEIVED

In Liquidation

JAN 26 2009

### DECEMBER 11, 2008

PLACE MAILING LABEL HERE

Provide your office and home telephone no.

OFFICE: *None* _____

HOME: *(954) 484-7867* _____

Taxpayer I.D. Number (Social Security No.)
*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* _____

(If incorrect, please change)

NOTE:    BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY THE
ACCOMPANYING INSTRUCTION SHEET.  A SEPARATE CLAIM FORM SHOULD
BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL PROTECTION
AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE RECEIVED BY THE
TRUSTEE ON OR BEFORE March 4, 2009.  CLAIMS RECEIVED AFTER THAT
DATE, BUT ON OR BEFORE July 2, 2009, WILL BE SUBJECT TO DELAYED
PROCESSING AND TO BEING SATISFIED ON TERMS LESS FAVORABLE TO THE
CLAIMANT.  PLEASE SEND YOUR CLAIM FORM BY CERTIFIED MAIL - RETURN
RECEIPT REQUESTED.

*********************************************************************************

1.    Claim for money balances as of **December 11, 2008** :
      a.    The Broker owes me a Credit (Cr.) Balance of        $_____
      b.    I owe the Broker a Debit (Dr.) Balance of          $_____

c.  If you wish to repay the Debit Balance,
please insert the amount you wish to repay and
attach a check payable to "Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC."
If you wish to make a payment, **it must be enclosed**
with this claim form.                              $_____

d.  If balance is zero, insert "None."        _____

2.  Claim for securities as of **December 11, 2008**:

**PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.**

|   | | YES | NO |
|---|---|---|---|
| a. | The Broker owes me securities | *Yes* | |
| b. | I owe the Broker securities | | *NO* |

c.  If yes to either, please list below:

| Date of Transaction (trade date) | Name of Security | Number of Shares or Face Amount of Bonds | |
|---|---|---|---|
| | | The Broker Owes Me (Long) | I Owe the Broker (Short) |
| _____ | *Extensive list – see Attached documents* | | |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

**Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclose, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation. You should also provide all documentation or**

information regarding any withdrawals you have ever made or payments received from the Debtor.

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement. If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.

**PLEASE CHECK THE APPROPRIATE ANSWER FOR ITEMS 3 THROUGH 9.**

NOTE:    IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION ON A SIGNED ATTACHMENT. IF SUFFICIENT DETAILS ARE NOT PROVIDED, THIS CLAIM FORM WILL BE RETURNED FOR YOUR COMPLETION.

|  |  | YES | NO |
|---|---|---|---|
| 3. | Has there been any change in your account since December 11, 2008? If so, please explain. | | No |
| 4. | Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of the broker? | | No |
| 5. | Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or policies of the broker? | | No |
| 6. | Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in any way with the broker? If so, give name(s) | | No |
| 7. | Is this claim being filed by or on behalf of a broker or dealer or a bank? If so, provide documentation with respect to each public customer on whose behalf you are claiming. | | No |
| 8. | Have you ever given any discretionary authority to any person to execute securities transactions with or through the broker on your behalf? Give names, addresses and phone numbers. | | No |

502180406                                   3

9.    Have you or any member of your family
ever filed a claim under the Securities
Investor Protection Act of 1970?  if
so, give name of that broker.    _____    _No_

Please list the full name and address of anyone assisting you in the
preparation of this claim form:_____

_____.

If you cannot compute the amount of your claim, you may file an estimated claim.  In that
case, please indicate your claim is an estimated claim.

**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM.
CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR
IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.**

**THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY
INFORMATION AND BELIEF.**

Date _Jan 20, 2009_    Signature _Donna Lefkowitz_

Date _____    Signature_____

(If ownership of the account is shared, all must sign above.  Give each owner's name,
address, phone number, and extent of ownership on a signed separate sheet.  If other
than a personal account, *e.g.*, corporate, trustee, custodian, etc., also state your capacity
and authority.  Please supply the trust agreement or other proof of authority.)

**This customer claim form must be completed and mailed promptly,
together with supporting documentation, etc. to:**

Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

# THE DONNA LEFKOWITZ

# REVOCABLE TRUST AGREEMENT

Trust Agreement made on the 13th day of December, 2004, by and between DONNA LEFKOWITZ, (the "Grantor") and DONNA LEFKOWITZ, (the "Trustee").

In consideration of the terms and conditions set forth herein, the parties agree:

## ARTICLE I

## TRANSFER IN TRUST

Grantor hereby assigns, transfers, conveys and declares to the Trustee, all of the property set forth and described in Schedule A attached hereto and incorporated herein by reference. The receipt of such property is hereby acknowledged by Trustee. All property now or hereafter subject to this Trust shall constitute the Trust estate, and shall be held, managed, and distributed in accordance with this Trust Agreement.

## ARTICLE II

## NAME OF TRUST

This Trust shall, for convenience, be known as THE DONNA LEFKOWITZ REVOCABLE TRUST, and it shall be sufficient that it be referred to as such in any deed, assignment, bequest or devise.

1

DL.

## ARTICLE III

## ADDITIONS TO CORPUS

Grantor or any other person with the consent of the Trustee, may add to the principal of the Trust created herein by donation, deed, exercise power of attorney, will or otherwise without amendment to this Agreement. Such additions shall be covered by the provisions of this Trust Agreement as if originally included herein.

## ARTICLE IV

## DISPOSITION OF INCOME AND PRINCIPAL

## DURING GRANTOR'S LIFE TIME

During Grantor's lifetime, the Trustee and her Successors shall hold, manage, invest and reinvest the Trust estate and collect and receive the interest, income and profits therefrom for Grantor's benefit.

A)     The Trustee shall distribute to or expand for Grantor's benefit, during Grantor's lifetime, as much of the income and/or principal of the Trust at such time or times and in such amounts and manner as the Grantor may request, or failing such request, as the Trustee, in her discretion, deems appropriate to provide for the Grantor's support, health, welfare and pleasure. Any amounts of income which the Trustee does not expend for the benefit of the Grantor shall be accumulated.

B)     Grantor hereby expresses her strong wish and desire to remain at her home,

2

if possible, rather that being placed in a nursing home or other rehabilitative center, in the event of a disability. Thus, the Successor Trustees are authorized and directed to provide for Grantor's health and social care and attention at home, in the event of a disability; provided that home care is financially affordable and medically approved.

## DISPOSITION OF INCOME AND PRINCIPAL UPON GRANTOR'S DEATH

C)    Upon Grantor's death, the Trustee shall pay the expenses of Grantor's last illness, burial, funeral expenses and legally enforceable debts and claims, from the Trust Estate, to the extent that Grantor's probate estate is not sufficient to pay these expenses.

D)    After provision is made for the payments, if any, under Article IV C) above, the Trust as then constituted (hereafter "the Corpus") shall be held, administered and disposed of in accordance with the following provisions. The Corpus of this Trust, as constituted upon the death of Grantor, shall be continue to be held in trust, for the life of Grantor's husband, DONALD E. LEFKOWITZ, and the Successor Trustees are authorized and directed, completely within their discretion, to provide for DONALD E. LEFKOWITZ's health and social care and attention at home, in the event of a disability; provided that home care is financially affordable and medically approved.

E)    After provision is made for the payments, if any, under Article IV C) above, and Article IV D) above, and after the death of both Grantor and Donald E. Lefkowitz, the Trust as then constituted (hereafter "the Corpus") shall be distributed to my daughter, LORI

3

PATRICE LABUSH, whose current address is 10341 N.W. 11th Court, Plantation, Florida 33324, and whose present telephone numbers are as follows:

Home Telephone:          (954) 475-2732

Cellular Telephone:          (954) 609-7339.

## ARTICLE V

## CONTINUATION OF TRUST FOR MINORS

Whenever the Trustee is directed under the terms and provisions of this Trust to make distribution to a minor, such minor's interest shall immediately vest indefeasibly, but the Trustee shall retain such beneficiary's interest in trust until such minor attains the age of eighteen (18) years, at which time the minor's devise shall be distributed outright to the minor, and during the period of minority, the Trustee may use any part or all of the principal and income thereof for such minor's reasonable support, comfort, health and education as the Trustee deems necessary; however, in no event shall the Trustee retain any undistributed portion of any Trust so as to violate any rule against perpetuities.

## ARTICLE VI

## APPOINTMENT OF TRUSTEES

A)      APPOINTMENT:

Grantor hereby appoints DONNA LEFKOWITZ as Trustee of this Trust.

B)      APPOINTMENT OF SUCCESSOR:

4



1.    SUCCESSION:    Upon the death, incapacity, disability, resignation or discharge of DONNA LEFKOWITZ, Grantor appoints her husband, DONALD E. LEFKOWITZ, to serve as Successor Trustee.  Upon the death, incapacity, disability, resignation of both DONNA LEFKOWITZ and DONALD E. LEFKOWITZ, I hereby appoint my daughter, LORI PATRICE LABUSH Alternate Successor Trustee.

2.    RESIGNATION:    Any Trustee may resign as Trustee by presenting written evidence of such resignation to the Grantor, Successor Trustee and current beneficiary.

3.    RIGHTS:    The Successor Trustees shall have all the rights, powers, duties and discretion conferred or imposed on the original Trustee, except as otherwise provided in this Agreement.

4.    NEW APPOINTMENT:    If the Trustee or Successor Trustee(s) shall not be serving as such, whether by reason of death, resignation, incompetency, disability or discharge, the then current beneficiary or beneficiaries shall appoint a Successor Trustee.

C)    BOND:    It is Grantor's request and direction that no bond or other security shall be required of any Trustee or Successor Trustee named herein.

D)    DISCRETION:    The decisions, acts, transactions and deeds of the Trustee and her Successors shall not be subject to question unless fraudulent, wanton,

5



criminal or gross negligence is alleged to have been committed by said Trustee; provided however that the Trustee(s) shall not be liable or responsible for an erroneous act or omission made in good faith.

E)    SIGNATURES:    The Trustee and Successor Trustees shall be permitted to act independently of one another in administering the Trust and transacting trust business.  Thus, the signature of only one Trustee shall be sufficient to transact Trust business and to bind the Trust estate.

## ARTICLE VII

## RETENTION OF HOMESTEAD STATUS AND TAX EXEMPTION

Grantor shall have the right to reside upon any real property placed in this Trust as her permanent residence during her lifetime, it being the intention of this provision to grant to the Grantor the requisite beneficial interest and possessory right in and to such real property, complying with Section 196.041 of the Florida Statutes, such that said beneficial interest and possessory right constitute in all respect equitable title to real estate as that term is used in Section 6, Article VII of the Constitution of the State of Florida.  In addition, any homestead real property transferred into this Trust shall retain its homestead status as long as Grantor continues to reside on such real property.  The Trustee and her successors are authorized and directed to take any action that is necessary to preserve the homestead status of Grantor's residence during her lifetime and upon her death.

6



## ARTICLE VIII

## DISABILITY OR INCOMPETENCY

1.    DEFINITION:       The Trustee and any Successor Trustee shall be automatically and forthwith discharged and removed from authority and duties as Trustee hereunder should he or she be deemed disabled or incompetent as defined herein. The Trustee and/or her Successors shall be deemed so disabled or incompetent to act as a Trustee if the questionable Trustee is too disabled or incompetent to make rational or prudent judgments concerning the management of the Trust obligations imposed on him or her herein. Letters from two (2) medical doctors certifying that they have examined the questionable Trustee and have concluded, with a reasonable degree of medical certainty, that the questionable Trustee is incompetent or too disabled to act rationally and prudently in the management of this Trust, shall be deemed conclusive evidence of the questionable Trustee's disability of incompetency.

2.    GRANTOR: Should Grantor be deemed incompetent as above defined, besides revocation of all fiduciary powers and authority allowed to her, then Grantor shall automatically not have any right of election, revocation, or decision as reserved to Grantor by this Agreement or applicable law.

3.    RESTORATION OF TRUSTEESHIP AUTHORITY:       If any of the writings, proofs, and/or certificates noted above be negated, changed, canceled or abrogated, the questionable Trustee or Grantor who was removed from fiduciary authority shall

7

automatically be restored to full fiduciary power and authority and rights of decision or election reserved to him or her by this Agreement.

## ARTICLE IX

### POWERS AND DUTIES OF TRUSTEES AND SUCCESSORS

A)    INVESTMENTS AND DUTIES:

The Trustee and each Successor Trustee shall have all powers and authority conferred upon trustees in accordance with Florida Statute 737.402, as it presently exists or as it may be hereinafter amended, in addition to such additional powers and authority conferred by the provisions of this Agreement. In exercising such powers, the Trustee and her Successors shall be bound to do only what a reasonably prudent person would do in like circumstances.

The Trustee and her Successors shall have the continuing, absolute, discretionary power to deal with any property, real or personal, held in such Trust. Such power may be exercised independently and without the prior or subsequent approval of any Court or judicial authority, and no person dealing with the Trustee or her Successors shall be required to inquire into the propriety of any of the actions of such Trustee or successors.

The original Trustee shall not be limited to the type, amount and character of investments in which she may invest the funds of this Trust. The Successor Trustees shall not be limited to the type, amount and character of investments in which they may invest

8

the funds of this Trust, so long as they use reasonable prudence and judgment in the selection of investments.

B)    COMPENSATION:

Neither the Grantor, while acting as Trustee, nor the Successor Trustees identified in Article VI (B) above shall be entitled to compensation for services rendered while acting as Trustee, but they shall be reimbursed for all reasonable expenses incurred in the management and protection of the Trust Estate; provided, however, that in the event that a third party such as a bank, trust company or attorney shall be a Trustee, he or it shall be entitled to reasonable compensation based upon his or its standard charge for other Trusts of similar size.

## ARTICLE X

## ACCOUNTING

While Grantor is acting as Trustee, she shall not be required to render an account of her acts to anyone.  However, any beneficiary shall have the right to demand an accounting, on an annual basis, of a Successor Trustee.  Approval of such account by said beneficiary shall constitute a full and complete discharge of said accounting and release Trustee(s) from all further liability, responsibility, as set forth in such account, both as to income and principal.

## ARTICLE XI

9

## GENERAL PROVISIONS

A)    PAYMENTS TO OR FOR BENEFICIARIES:

The Trustee has sole and absolute discretion to make payments of principal and/or income to a beneficiary of this Trust in one or more of the following four ways as the Trustee(s) deem best in his/her opinion: (i) directly to such beneficiary; (ii) to the legally appointed guardian or conservator of such beneficiary; (iii) to some relative or friend of the beneficiary for the care, support, health or pleasure of such beneficiary; (iv) by the Trustee(s), using such amounts directly for such beneficiary's care, support, health or pleasure.

## ARTICLE XII

### ACCEPTANCE OF TRUST: GOVERNING LAW

The Trust created by this Agreement has been accepted by the Trustee in the State of Florida. The validity, construction, and all rights under this Agreement shall be governed by the laws of the State of Florida.

## ARTICLE XIII

### SEVERABILITY

In the event that any provision of this Agreement is or becomes invalid or unenforceable, the remaining provisions of the Agreement shall be, and continue to be, fully effective.

10



## ARTICLE XIV

## PAYMENT OF TAXES

Taxes shall be paid and charged by Trustee as follows:

A)    On Grantor's death, any estate, inheritance, succession, or other death taxes, duties, charges, or assessments, together with interest, penalties, costs, Trustee's compensation, and attorneys' fees, which shall become due by reason of the Trust estate or any interest therein being included for such tax purposes, shall be paid by the Trustee from the Trust estate, provided that Grantor's probate estate is not sufficient to pay such taxes.

B)    If at any time any gift tax becomes due from Grantor, by reason of the Trust estate or any interest therein being inclusive for such tax purposes, such gift tax, together with interest, penalties, costs, Trustee's compensation, and attorneys' fees, may be paid by Trustee from the Trust estate, unless other adequate provision shall have been made therefore.

C)    The Trustee may make any such payment directly to a personal representative or other fiduciary.  The Trustee may rely on a written statement of such fiduciary as to the amount and propriety of such taxes, interests, penalties and other costs.

## ARTICLE XV

## SPENDTHRIFT PROVISION

11

Except as otherwise expressly provided herein, all income or principal to be paid to any of the beneficiaries shall be paid by the Trustee directly and only to the beneficiaries, to the Personal Representatives of any beneficiary, or where authorized, applied for the benefit of any beneficiary. Trustee shall not recognize any transfer, mortgage, pledge, hypothecation, order or assignment of any beneficiary by way of anticipation of income or principal. The income and principal of the Trust hereunder shall be exempt from the claims of creditors or other claimants and from orders, decrees, levies, attachments, garnishments, executions, and other legal or equitable process or proceedings to the fullest extent permissible by law.

## ARTICLE XVI

## REVOCABILITY OF TRUST

Grantor expressly reserves the right to alter, amend or revoke this Agreement at any time and in any manner she deems practical and convenient. By signing this Trust Agreement, Grantor is hereby revoking and nullifying any and all prior Trust Agreements that she previously entered into.

## ARTICLE XVII

## MISCELLANEOUS

The paragraph and article headings used herein are for convenience only and shall not be resorted to for interpretation of this Trust. Wherever the context so requires, the masculine gender shall include the feminine and neuter gender (and vice versa).

12

Wherever the term "Trustees" (plural) are noted, they shall also mean "Trustee" (singular), as the case may be, and vice versa, unless the context would preclude such interpretation. If any portion of this Trust is held to be void or unenforceable, the balance of this Trust shall nevertheless be carried into effect.

IN WITNESS WHEREOF, Grantor has signed and sealed this Trust Agreement as of the ___13th___ day of December, 2004.

_Donna Lefkowitz_
DONNA LEFKOWITZ

The foregoing instrument was signed, sealed, published and declared by the Grantor in our presence and in the presence of each other and we, at the Grantor's request and in Grantor's presence and in the presence of each other, have hereunto subscribed our hands as witnesses this ___13th___ day of ___December___, 2004.

_Diane L. Hodges_ residing at    2624 N.E. 33 and St., #215
Fort Lauderdale, FL 33306

_Linda L. Obel_ residing at    315 SE 7 St 2nd floor
Ft. Lauderdale, FL 33301

STATE OF FLORIDA     )
                                  )SS:
COUNTY OF BROWARD  )

13

BEFORE ME, personally appeared DONNA LEFKOWITZ, as Grantor and Trustee, and _Diane L. Hodges_ and _Linda L. Obel_, above noted, to me well known and known to me to be the persons described in and who executed the foregoing Trust Agreement and who acknowledged to and before me that they executed said instrument in the capacities and for the purposes therein expressed and they did take an oath.

WITNESS, my hand and official seal in the County and State last aforesaid this _13th_ day of December, 2004.

Personally Known _____ or Produced Identification _____

Type of Identification Produced: _Fl. Driver's license_

Scott E. Cohn
Commission # DD083101
Expires Feb. 18, 2006
Bonded Thru
Atlantic Bonding Co., Inc.

NOTARY PUBLIC
MY COMMISSION EXPIRES:

## ACCEPTANCE BY TRUSTEE

The undersigned hereby accepts the Trust imposed by this Trust Agreement and agrees to serve as Trustee upon the terms and conditions therein set forth.

_Diane L. Hodges_                    _Donna Lefkowitz_
                                     DONNA LEFKOWITZ

_Linda L. Obel_

14

## SCHEDULE "A"

FINANCIAL ACCOUNTS WITH BERNARD MADOFF, WHOSE ACCOUNT NUMBER
BEING CONTAINED ON ATTACHED INSTRUMENT

**BERNARD L. MADOFF**
MADF INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
212 230-2424
800 334-1343
Fax 212 838-4061

MEMBER
NASD CSE SIPC NSCC DTC

| ORIGINATOR NO. | DELIVERED VIA | ACCOUNT NUMBER | D/R | TRANS. NO. | CODES TR | CAP | SETT | TRADE DATE | SETTLEMENT DATE | |
|---|---|---|---|---|---|---|---|---|---|---|
| 0646 | | 1-ZA966-3 | D | 00196 | 5 | 2 | | 9/22/04 | 9/22/04 | 17 |

| IDENTIFICATION NO. | CONTRA PARTY | C.H. NUMBER | SPECIAL DELIVERY INSTRUCTIONS |
|---|---|---|---|
| | | | |

DONNA LEFKOWITZ
3771 ENVIRON BLVD
BLDG 6  APT 445
LAUDERHILL      FL 33319

| WE | QUANTITY | CUSIP NUMBER | SECURITY DESCRIPTION | NET AMOUNT |
|---|---|---|---|---|
| SLD | 150,000 | 912795RR4 | U S TREASURY BILL DUE 12/16/2004  Y.T.M. 1.67% 12/16/2004 | 149419.50 |

| PRICE | PRINCIPAL | COMMISSION | STATE TAX | INTEREST | SEC. FEE | MISC. |
|---|---|---|---|---|---|---|
| 99.613 | 149419.50 | | | | | |

Affiliated with:
**Madoff Securities International Limited**
12 Berkeley Street, Mayfair, London W1J 8DT. Tel 020-7493 6222
Member of The London Stock Exchange and NASDAQ Europe

BERNARD L. MADOFF
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

INA LEFKOWITZ
IRROCABLE TRUST DTD 12/13/04
1 ENVIRON BLVD
BG 6   APT 445
LAUDERHILL        FL   33319

| PERIOD ENDING | PAGE |
|---|---|
| 11/30/08 | 1 |

| YOUR ACCOUNT NUMBER | YOUR TAX PAYER IDENTIFICATION NUMBER |
|---|---|
| 1-ZA966-3-0 | *******9933 |

| BOUGHT OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|
| | | | BALANCE FORWARD | | 21,513.01 | |
| 294 | | 1276 | WELLS FARGO & CO NEW | 29.800 | 8,772.20 | |
| 210 | | 1773 | HEWLETT PACKARD CO | 34.900 | 7,337.00 | |
| 182 | | 5602 | WAL-MART STORES INC | 55.830 | 10,168.06 | |
| 119 | | 6104 | INTERNATIONAL BUSINESS MACHS | 87.270 | 10,389.13 | |
| 441 | | 9928 | EXXON MOBIL CORP | 72.880 | 32,157.08 | |
| 483 | | 10430 | INTEL CORP | 14.510 | 7,027.33 | |
| 231 | | 14756 | JOHNSON & JOHNSON | 59.580 | 13,771.98 | |
| 315 | | 19081 | J.P. MORGAN CHASE & CO | 38.530 | 12,148.95 | |
| 168 | | 23407 | COCA COLA CO | 44.660 | 7,508.88 | |
| 98 | | 27733 | MCDONALDS CORP | 55.370 | 5,429.26 | |
| 182 | | 32059 | MERCK & CO | 28.550 | 5,203.10 | |
| 665 | | 36385 | MICROSOFT CORP | 21.810 | 14,529.65 | |
| 336 | | 40711 | ORACLE CORPORATION | 17.300 | 5,825.80 | |
| 133 | | 53689 | PEPSICO INC | 56.410 | 7,507.53 | |
| 77 | | 54191 | APPLE INC | 100.780 | 7,763.06 | |
| 567 | | 58015 | PFIZER INC | 16.940 | 9,626.98 | |
| 133 | | 58517 | ABBOTT LABORATORIES | 54.610 | 7,268.13 | |
| 252 | | 62341 | PROCTER & GAMBLE CO | 64.080 | 16,158.16 | |
| 91 | | 62843 | AMGEN INC | 59.160 | 5,386.56 | |
| 175 | | 66667 | PHILLIP MORRIS INTERNATIONAL | 43.600 | 7,637.00 | |
| 420 | | 67169 | BANK OF AMERICA | 21.590 | 9,083.80 | |
| 140 | | 70993 | QUALCOMM INC | 33.770 | 4,732.80 | |
| 455 | | 71495 | CITI GROUP INC | 12.510 | 5,710.05 | |
| | | | CONTINUED ON PAGE    2 | | | |

STATEMENT FOR INCOME TAX PURPOSES

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

ERNARD L. MADOFF
VESTMENT SECURITIES LLC
ew York □ London

85 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

NA LEFKOWITZ
OCABLE TRUST DTD 12/13/04
1 ENVIRON BLVD
G 6    APT 445
DERHILL          FL    33319

| PERIOD ENDING | PAGE |
|---|---|
| 11/30/08 | 2 |

YOUR ACCOUNT NUMBER: 1-ZA966-3-0

YOUR TAX PAYER IDENTIFICATION NUMBER: *******9933

| GHT OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|
| 105 | | 75319 | SCHLUMBERGER LTD | 49.480 | 5,199.40 | |
| 252 | | 75821 | COMCAST CORP CL A | 16.510 | 4,170.52 | |
| 497 | | 79645 | AT&T INC | 27 | 13,438.00 | |
| 126 | | 80147 | CONOCOPHILIPS | 52.510 | 6,621.26 | |
| 84 | | 83971 | UNITED PARCEL SVC INC CLASS B | 52.040 | 4,374.36 | |
| 511 | | 84473 | CISCO SYSTEMS INC | 16.730 | 8,569.03 | |
| 147 | | 88297 | U S BANCORP | 29.530 | 4,345.91 | |
| 175 | | 88799 | CHEVRON CORP | 73.430 | 12,857.25 | |
| 84 | | 92623 | UNITED TECHNOLOGIES CORP | 53.160 | 4,468.44 | |
| 889 | | 93125 | GENERAL ELECTRIC CO | 19.630 | 17,486.07 | |
| 238 | | 96949 | VERIZON COMMUNICATIONS | 30.410 | 7,246.58 | |
| 21 | | 97451 | GOOGLE | 337.400 | 7,085.40 | |
| | 350,000 | 23882 | U S TREASURY BILL DUE 2/12/2009        2/12/2009 | 99.936 | | 349,776.00 |
| | | | FIDELITY SPARTAN U S TREASURY MONEY MARKET DIV 11/12/08 | DIV | | 7.60 |
| | 13,194 | 18986 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | | 13,194.00 |
| 44,559 | | 28354 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | 44,559.00 | |
| | | | FIDELITY SPARTAN U S TREASURY MONEY MARKET DIV 11/19/08 | DIV | | 5.47 |

CONTINUED ON PAGE    3

TATEMENT FOR INCOME TAX PURPOSES

**ERNARD L. MADOFF**
VESTMENT SECURITIES LLC

ew York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

INA LEFKOWITZ
'OCABLE TRUST DTD 12/13/04
'1 ENVIRON BLVD
'G 6  APT 445
IDERHILL         FL  33319

| PERIOD ENDING | PAGE |
|---|---|
| 11/30/08 | 3 |

| YOUR ACCOUNT NUMBER | YOUR TAX PAYER IDENTIFICATION NUMBER |
|---|---|
| 1-ZA966-3-0 | ********9933 |

| IGHT OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|
| | 44,559 | 53880 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | | 44,559.00 |
| 50,000 | | 58331 | U S TREASURY BILL DUE 03/26/2009 3/26/2009 | 99.926 | 49,963.00 | |
| 15,574 | | 62916 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | 15,574.00 | |
| | | | NEW BALANCE | | 41,076.65 | |
| | | | SECURITY POSITIONS | MKT PRICE | | |
| 497 | | | AT&T INC | 28.560 | | |
| 133 | | | ABBOTT LABORATORIES | 52.390 | | |
| 91 | | | AMGEN INC | 55.540 | | |
| 77 | | | APPLE INC | 92.670 | | |
| 420 | | | BANK OF AMERICA | 16.250 | | |
| 175 | | | CHEVRON CORP | 79.010 | | |
| 511 | | | CISCO SYSTEMS INC | 16.540 | | |
| 455 | | | CITI GROUP INC | 8.290 | | |
| 168 | | | COCA COLA CO | 46.870 | | |
| 252 | | | COMCAST CORP CL A | 17.340 | | |
| 126 | | | CONOCOPHILIPS | 52.520 | | |
| 441 | | | EXXON MOBIL CORP | 80.150 | | |
| 889 | | | GENERAL ELECTRIC CO | 17.170 | | |

CONTINUED ON PAGE    4

STATEMENT FOR INCOME TAX PURPOSES

ERNARD L. MADOFF
VESTMENT SECURITIES LLC
ew York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair. London W1J 8DT
Tel 020 7493 6222

INA LEFKOWITZ
OCABLE TRUST DTD 12/13/04
'1 ENVIRON BLVD
IG 6   APT 445
IDERHILL      FL   33319

PERIOD ENDING
11/30/08

PAGE
4

YOUR ACCOUNT NUMBER
1-ZA966-3-0

YOUR TAX PAYER IDENTIFICATION NUMBER
********9933

| IGHT / OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|
| 21 | | | GOOGLE | 292.960 | | |
| 210 | | | HEWLETT PACKARD CO | 35.280 | | |
| 483 | | | INTEL CORP | 13.800 | | |
| 119 | | | INTERNATIONAL BUSINESS MACHS | 81.600 | | |
| 315 | | | J.P. MORGAN CHASE & CO | 31.660 | | |
| 231 | | | JOHNSON & JOHNSON | 58.580 | | |
| 98 | | | MCDONALDS CORP | 58.750 | | |
| 182 | | | MERCK & CO | 26.720 | | |
| 665 | | | MICROSOFT CORP | 20.220 | | |
| 336 | | | ORACLE CORPORATION | 16.090 | | |
| 133 | | | PEPSICO INC | 56.700 | | |
| 567 | | | PFIZER INC | 16.430 | | |
| 175 | | | PHILLIP MORRIS INTERNATIONAL | 42.160 | | |
| 252 | | | PROCTER & GAMBLE CO | 64.350 | | |
| 140 | | | QUALCOMM INC | 33.570 | | |
| 105 | | | SCHLUMBERGER LTD | 50.740 | | |
| 15,574 | | | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | | |
| 147 | | | U S BANCORP | 26.980 | | |
| 84 | | | UNITED PARCEL SVC INC CLASS B | 57.600 | | |
| 50,000 | | | U S TREASURY BILL DUE 03/26/2009         3/26/2009 | 99.971 | | |
| 84 | | | UNITED TECHNOLOGIES CORP | 48.530 | | |
| | | | CONTINUED ON PAGE    5 | | | |

STATEMENT FOR INCOME TAX PURPOSES

ERNARD L. MADOFF
VESTMENT SECURITIES LLC
ew York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair. London W1J 8DT
Tel 020 7493 6222

NA LEFKOWITZ
'OCABLE TRUST DTD 12/13/04
'1 ENVIRON BLVD
IG 6   APT 445
IDERHILL          FL   33319

| PERIOD ENDING | PAGE |
|---|---|
| 11/30/08 | 5 |

| YOUR ACCOUNT NUMBER | YOUR TAX PAYER IDENTIFICATION NUMBER |
|---|---|
| 1-ZA966-3-0 | *******9933 |

| IGHT OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|
| 238 | | | VERIZON COMMUNICATIONS | 32.650 | | |
| 182 | | | WAL-MART STORES INC | 55.880 | | |
| 294 | | | WELLS FARGO & CO NEW | 28.890 | | |
| | | | MARKET VALUE OF SECURITIES | | | |
| | | | LONG          SHORT | | | |
| | | | 373,967.53 | | | |

STATEMENT FOR INCOME TAX PURPOSES

ERNARD L. MADOFF
VESTMENT SECURITIES LLC
ew York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

NA LEFKOWITZ
OCABLE TRUST DTD 12/13/04
1 ENVIRON BLVD
G 6  APT 445
DERHILL          FL  33319

| PERIOD ENDING | PAGE |
|---|---|
| 11/30/08 | 6 |

| YOUR ACCOUNT NUMBER | YOUR TAX PAYER IDENTIFICATION NUMBER |
|---|---|
| 1-ZA966-3-0 | *******9933 |

| GHT OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|
| | | | **YEAR-TO-DATE SUMMARY** | | | |
| | | | **DIVIDENDS** | | | 2,527.63 |
| | | | **GROSS PROCEEDS FROM SALES** | | | 2,430,587.50 |

STATEMENT FOR INCOME TAX PURPOSES

ERNARD L. MADOFF
VESTMENT SECURITIES LLC
ew York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

NA LEFKOWITZ
OCABLE TRUST DTD 12/13/04
1 ENVIRON BLVD
G 6  APT 445
DERHILL          FL  33319

**PERIOD ENDING** 11/30/08

**PAGE** 1

**YOUR ACCOUNT NUMBER** 1-ZA966-4-0

**YOUR TAX PAYER IDENTIFICATION NUMBER** *******9933

| GHT OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|
| | | | BALANCE FORWARD | | | 21,519.00 |
| | 7 | 45037 | S & P 100 INDEX NOVEMBER 460 CALL | 15.800 | | 11,053.00 |
| 7 | | 49363 | S & P 100 INDEX NOVEMBER 450 PUT | 17.800 | 12,467.00 | |
| | 7 | 35467 | S & P 100 INDEX DECEMBER 430 CALL | 26 | | 18,193.00 |
| 7 | | 39792 | S & P 100 INDEX DECEMBER 420 PUT | 30 | 21,007.00 | |
| 7 | | 44117 | S & P 100 INDEX NOVEMBER 460 CALL | 3 | 2,107.00 | |
| | 7 | 48442 | S & P 100 INDEX NOVEMBER 450 PUT | 37 | | 25,893.00 |
| | | | NEW BALANCE | | | 41,077.00 |
| | | | SECURITY POSITIONS | MKT PRICE | | |
| | 7 | | S & P 100 INDEX DECEMBER 430 CALL | 23.300 | | |
| 7 | | | S & P 100 INDEX DECEMBER 420 PUT | 16.500 | | |
| | | | MARKET VALUE OF SECURITIES | | | |
| | | | LONG          SHORT | | | |
| | | | 11,550.00      16,310.00- | | | |

STATEMENT FOR INCOME TAX PURPOSES

Donna Lefkowitz
3771 Environ Blvd. Apt. 415
Lauderhill, FL 33319



CERTIFIED MAIL™

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

7006 2760 0003 8097 1176



U.S. POSTAGE
PAID
TAMARAC, FL
33351
JAN 21, 09
AMOUNT
$6.75
00048125-

0000        75201

Irving H. Picard, Esq.
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201