ROSEN & ASSOCIATES, P.C.
Attorneys for Shirley Schustack
  Conrad
747 Third Avenue
New York, NY 10017-2803
(212) 223-1100
Sanford P. Rosen, Esq.


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
SECURITIES INVESTOR PROTECTION
  CORPORATION,

                    Plaintiff,    Adv.Pro.No. 08-01789 (BRL)
v.

BERNARD L. MADOFF INVESTMENT      SIPA Liquidation
  SECURITIES, LLC,

                    Defendant.    (Substantively Consolidated)
------------------------------x
In re

BERNARD L. MADOFF INVESTMENT
  SECURITIES, LLC,

                    Debtor.
------------------------------x


## OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM

Shirley Schustack Conrad, by her attorneys, Rosen &
Associates, P.C., hereby objects to the Notice of Trustee's
Determination of Claim dated October 19, 2009 ("**Determination
Letter**"), attached hereto as Exhibit "A."

### BACKGROUND

1.    Shirley Schustack Conrad is a "customer," as

defined by section 78*lll* of the Securities Investor Protection
Act ("**SIPA**"), of Bernard L. Madoff Investment Securities, LLC
("**BLMIS**").

2.   Ms. Conrad's final BLIMS statement, dated
November 30, 2008, states that she owns securities with a market
value of $1,025,287.88 (the "**Final Statement**").

3.   On December 11, 2008, the above-captioned
liquidation proceeding was commenced against BLIMS, pursuant to
SIPA.  See Order, Securities and Exchange Commission v. Madoff,
No. 08-10791 (S.D.N.Y. Dec. 15, 2008) (ordering relief under
SIPA and transferring proceeding to the United States Bankruptcy
Court for the Southern District of New York) [Docket No. 4].
Irving Picard was appointed Trustee (the "**Trustee**"), charged
with overseeing the liquidation of BLMIS and processing customer
claims for money pursuant to SIPA.  Id.; 15 U.S.C. §78fff-1(a).

4.   On December 23, 2008, this Court issued an
Order directing the Trustee to disseminate notice and claim
forms to BLIMS customers and setting forth claim-filing
deadlines.  See Order [Docket No. 12].  Upon information and
belief, the Trustee disseminated notice and claim forms to
BLIMS's customers in accordance with this Court's Order.
The December 23, 2008 Order further provided that, to the extent
the Trustee disagrees with the amount set forth on a customer

claim form, the Trustee "shall notify such claimant by mail of his determination that the claim is disallowed, in whole or in part, and the reason therefor . . ." See Order at 6 [Docket No. 1] (emphasis added).

5.    On or about February 2, 2009, Ms. Conrad submitted a customer claim form to Securities Investor Protection Corporation ("**SIPC**") setting forth her claim in the amount of $1,025,287.88. See Conrad Customer Claim for Account No. 1-ZA057 (**"Conrad Customer Claim"**) attached hereto as Exhibit "B."

6.    Ms. Conrad submitted the Final Statement with the Conrad Customer Claim. See Conrad Customer Claim, Exhibit B. On October 19, 2009, the Trustee sent Ms. Conrad the Determination Letter denying Ms. Conrad's claim. See Determination Letter, Exhibit A.

7.    Ms. Conrad hereby objects to the Determination Letter for the reasons described below.

## GROUNDS FOR OBJECTION

8.    First Objection. The Determination Letter fails to comply with this Court's December 23, 2008 Order that directs the Trustee to satisfy customer claims and deliver securities in accordance "with the Debtor's books and records." Dec. 23, 2008 Order at 5 [Docket No. 12]. The Final Statement which as

mentioned above was included by Ms. Conrad, is the best evidence of the amount owed based on the Debtor's books and records. Accordingly, the claim should be allowed in the full amount of $1,025,287.88.

9.   Second Objection.   The Trustee has set forth no legal basis for disallowing the Conrad Customer Claim in full as filed.   The only explanations set forth in the Determination Letter are that (1) "[n]o securities were ever purchased for your account," and (2) the "claim is allowed for ... the amount of money you deposited with BLMIS for the purchase of securities, less subsequent withdrawals, as outlined in Table 1."   Determination Letter at 1, Exhibit A.   Neither of these purported grounds for disallowance have any statutory or other legal basis.   Moreover, the Determination Letter:

(a)   does not clearly provide "the reason" for the disallowance, as required by this Court's December 23, 2008 Order;

(b)   is inadequate to rebut the prima facie validity of the Conrad Customer Claim as provided in 11 U.S.C. § 502(a) and Bankruptcy Rule 3001(f); and

(c)   violates general principles of applicable law that require that objections to a proof of claim set forth, at a minimum, the relevant facts and legal theories upon which

4

the objection is based.  As stated by the Bankruptcy Court for
the Southern District of New York, "'[t]he best practice is to
denominate an objection to a claim as just that.  The body of
the objection should identify the claim.  It should also, at a
minimum, allege those facts necessary to support the objection .
. . and provide a description of the theories on which it is
based.  In short, proofs of claim have been held analogous to
complaints initiating civil actions; an objection to a claim
should therefore meet the standards of an answer.  It should
make clear which facts are disputed; it should allege facts
necessary to affirmative defenses; and it should describe the
theoretical bases of those defenses.'"  In re Enron Corp., No.
01-16034, 2003 Bankr. LEXIS 2261, at *25 (Bankr. S.D.N.Y. Jan.
13, 2003) (citing 9 Collier on Bankruptcy ¶ 3007.01[3] (15th ed.)
(footnotes omitted).

10.  Third Objection.    15 U.S.C. § 78lll(11)
provides that a customer's claim shall be allowed in the amount
of the customer's "net equity."  15 U.S.C. § 78fff-2(b).  Upon
information and belief, the Trustee objects to the Conrad
Customer Claim on the ground that "net equity" should be
determined by principal contributed to the account less any
withdrawals, without regard to any gains reflected in the Final
Statement or prior BLIMS statements.  See Determination Letter

Table 1.  See also Another View: Unwinding Madoff Fraud Fairly, Deal Blog. NY times.com (May 6, 2009).  This is incorrect for the following reasons:

(a)  the Trustee's proposed formulation has no support in the language of the statute or interpretive case law and, in fact, adds words and concepts to the statute that do not exist.

(b)  SIPA's legislative history emphasizes Congress's intention that the statute protect customer expectations by ensuring that customers of retail brokerage firms can rely on their account statements.  The BLIMS statements received by Ms. Conrad stated that he owned a list of blue chip securities.  It makes no difference whether the securities were purchased.

> A customer generally expects to receive *what he believes* is in his account at the time the stockbroker ceases business. But because securities may have been lost, improperly hypothecated, misappropriated, *never purchased,* or even stolen, it is not always possible to provide to customers that which they expect to receive, that is, securities which they maintained in their brokerage account . . . . By seeking to make customer accounts whole and returning them to customers in the form they existed on the filing date, the amendments . . .would satisfy customers' legitimate expectations . . . .

S.Rep.No. 95-763, at 2 (1978)(emphasis added).  While there may

be a basis to disallow customer claims for wholly fictitious

securities of nonexisting entities, here the securities set

forth on Ms. Conrad's Final Statement and prior statements were

those of actual companies listed on the stock exchange.

(c)  Ms. Conrad deposited funds in BLIMS with the

expectation that the amount would grow, her account statements

showed such growth, and the balance on her Final Statement

reflects the benefit of her bargain.  The Trustee's formula is

an improper and wholly inadequate measure of loss.  See Yiscons

v. Lehman Brothers, Inc., 244 Fed. Appx. 708, 713-14 (6th Cir.

2007)(court applied expectancy measure of damages to claim

against successor in Ponzi scheme case, and rejected money

in/money out theory).

(d)  the Trustee's Determination Letter is

contrary to SIPC's own policies and practices, as reflected in

the sworn testimony of Stephen Harbeck, SIPC's President and

CEO, and its actions in similar liquidation proceedings.  For

example, in the New Times SIPA liquidation, in the context of

discussing claims filing deadlines, Harbeck acknowledged that

SIPC would replace securities listed on customer account

statements, even if the securities had never been purchased:

7

> Harbeck: [I]f you file within
> sixty days, you'll get the
> securities, without question.
> Whether -- if they triple in value,
> you'll get the securities .... Even
> if they're not there.
>
> Court: Even if they're not there.
>
> Harbeck: Correct.
>
> Court: In other words, if the
> money was diverted, converted –
>
> Harbeck: And the securities were never
> purchased.
>
> Court. Okay.
>
> Harbeck: And if those positions
> triple, we will gladly give the
> people their securities
> positions.

Transcript at 37-39, In re New Times Securities Services, Inc.,

No. 00-8178 (Bankr. E.D.N.Y. July 28, 2000), attached hereto as

Exhibit "C." The Second Circuit's discussion of SIPC's claims

processing in New Times further indicates that, with respect to

customers who thought they were invested in listed securities,

SIPC paid customer claims based on the customers' final account

statements, even where the securities had never been purchased:

> Meanwhile, investors who were misled. . .
> to believe that they were investing in
> mutual funds that in reality existed were
> treated much more favorably. Although
> they were not actually invested in those
> real funds -- because Goren never
> executed the transactions – – the

8

> information that these claimants received
> on their account statements mirrored what
> would have happened had the given
> transaction been executed. As a result,
> the Trustee deemed those customers'
> claims to be "securities claims" eligible
> to receive up to $500,000 in SIPC
> advances. The Trustee indicates that
> this disparate treatment was justified
> because he could purchase real, existing
> securities to satisfy such securities
> claims. Furthermore, the Trustee notes
> that, if they were checking on their
> mutual funds, the "securities claimants,"
> . . . could have confirmed the existence
> of those funds and tracked the funds'
> performance against Goren's account
> statements.

In re New Times Sec. Services, Inc., 371 F.3d 68, 74 (2d Cir.

2004). See also Brief of Appellant SIPC in In re New Times Sec.

Services, Inc., at 23-24 (under SIPC "reasonable and legitimate

claimant expectations on the filing date are controlling even

where inconsistent with transactional reality" such as when the

customer receives a confirmation reflecting a purchase, "even

where the purchase never actually occurred and the debtor

instead converted the cash deposited by the claimant to fund

that purchase."). Ms. Conrad is situated no differently from

the "securities claimants" discussed by the Court of Appeals for

the Second Circuit. Accordingly, her claim should be recognized

in full.

    11. In the event that this Court determines that

claimed gains on deposited funds should not be allowed, then in the alternative, Ms. Conrad is entitled to recover interest on such deposited amounts.  Such interest is required as a matter of state law, and the United States Supreme Court has determined that in bankruptcy cases, creditor claims, including the right to interest, are determined by state law.  See Travelers Cas. & Sur. Co. of Am. v. PG&E, 549 U.S. 443, 450-51,  127 S.Ct. 1199, 167 L.Ed.2d 178 (2007)("[W]e have long recognized that the 'basic federal rule' in bankruptcy is that state law governs the substance of claims, Congress having generally left the determination of property rights in the assets of a bankrupt's estate to state law.").

(a)  Under New York law, which is applicable here, funds deposited with BLMIS under these circumstances are entitled to interest.  See, e.g., N.Y.C.P.L.R. § 5004; N.Y. Gen. Oblig. § 5-501, et seq.  Accordingly, the Conrad Customer Claim should be recalculated by adding interest to all funds deposited by Ms. Conrad.

(b)  Under New York law, which is applicable here, Ms. Conrad is entitled to any returns BLMIS earned on the deposited funds under principles of unjust enrichment. Accordingly, the Conrad Customer Claim should be recalculated by adding the amounts earned by BLMIS on Ms. Conrad's deposits.

10

See, e.g., Steinberg v. Sherman, No. 07-1001, 2008 U.S. Dist.
LEXIS 35786, at *14-15 (S.D.N.Y. May 2, 2008) ("Causes of action
such as ... conversion and unjust enrichment qualify for the
recovery of prejudgment interest."); Eighteen Holding Corp. v.
Drizin, 701 N.Y.S.2d 427, 428 (1st Dep't 2000)(awarding
prejudgment interest on claims for unjust enrichment and
conversion).

    12.    Fourth Objection.    The Trustee's unilateral
reduction of the Conrad Customer Claim by the amount of any
prior gains reflected on the Final Statement, or prior
statements, avoids such gains without alleging any grounds
therefor or demonstrating that such gains are avoidable under
the Bankruptcy Code's avoidance provisions.  As such, any such
disallowance is improper and unjustified, and the Determination
letter should be stricken.   Fed.R.Bankr.P. 7001(1);
Fed.R.Bankr.P. 7008.

    13.    Fifth Objection.    The Trustee's determination
assumes that BLIMS never earned funds and, therefore, all gains
reported to customers were "fictitious."  This assumption is
contrary to fact.  There is significant evidence that, at some
time, BLIMS was at least in part a legitimate business and,
therefore, all or a portion of the gains were not fictitious.
The burden is on the Trustee to show that BLIMS never earned any

11

amounts to support customer gains and, if at some point it did earn funds, the dates when it ceased to do so. The Trustee is required to state and prove when the Ponzi scheme began.

14. <u>Sixth Objection</u>. Ms. Conrad was required to pay significant income taxes on distributions that the Trustee has alleged are fictitious. The Trustee has justified his proposed method of calculating claims as fair and reasonable because fictitious gains should not compete dollar for dollar with claims for funds actually deposited by customers, and his proposed method equalizes the treatment of all customers. This justification is not correct insofar as customers did not have the use of reported, but fictitious, gains because of required income tax payments. Even assuming <u>arguendo</u> the Trustee's method is correct, the Conrad Customer Claim should be adjusted by adding all amounts she actually paid as income taxes on allegedly fictitious gains to equalize his treatment with that of other customers. <u>See</u> <u>SEC v. Byers</u>, 2009 U.S. Dist. LEXIS 63741, at *11-12 (S.D.N.Y. 2009)(in equitable distribution proceeding, court allowed claims for reinvestment of fictitious profits to equitably treat reinvesting customers as compared with customers receiving distributions).

<u>**RELIEF REQUESTED**</u>

15. For the reasons stated herein, the Conrad

12

Customer Claim should be allowed in its entirety.

16. The Trustee's determination amounts to an improper disallowance of a claim that has prima facie validity. See 11 U.S.C. § 502(a). The Trustee has offered no factual or legal basis for his Determination. The Trustee's Determination Letter, and the objections contained therein, should be stricken, or alternatively, the Trustee should describe his position in detail including all relevant facts, legal theories, and authorities. Upon the filing of such a statement, this matter will be a contested proceeding under Bankruptcy Rule 9014, and Ms. Conrad will file a response.

17. Ms. Conrad requests such other relief as may be just and equitable.

## CONCLUSION

18. Ms. Conrad reserves the right to revise, supplement, or amend this Objection, and any failure to object on a particular ground or grounds shall not be construed as a waiver of Ms. Conrad's right to object on any additional grounds.

19. Ms. Conrad reserves all rights set forth in Bankruptcy Rule 9014, including, without limitation, rights of discovery.

20. Ms. Conrad reserves all objections as to the

13

competence, relevance, materiality, privilege, or admissibility of evidence in any subsequent proceeding or trial of this or any other action for any purpose whatsoever.

21.  Ms. Conrad incorporates by reference all reservations of rights set forth in the Conrad Customer Claim.

Dated: November 17, 2009
       New York, New York

                                    ROSEN & ASSOCIATES, P.C.
                                    Attorneys for Shirley
                                       Schustack Conrad


                                    By: /s/ Sanford P. Rosen
                                        Sanford P. Rosen

                                    747 Third Avenue
                                    New York, NY 10017-2803
                                    (212) 223-1100

Exhibit "A"

**BERNARD L. MADOFF INVESTMENT SECURITIES LLC**

In Liquidation

**DECEMBER 11, 2008**[1]

## NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

October 19, 2009

Shirley Schustack Conrad
28 East 10th Street Apt 10B
New York, NY 10003

Dear Ms. Conrad:

### PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim on BLMIS Account No. 1ZA057 designated as Claim Number 005592:

Your claim for securities is **DENIED**. No securities were ever purchased for your account.

Further, based on the Trustee's analysis, the amount of money you withdrew from your account at BLMIS (total of $1,457,454.87), as more fully set forth in Table 1 annexed hereto and made a part hereof, is greater than the amount that was deposited with BLMIS for the purchase of securities (total of $1,000,000.00). As noted, no securities were ever purchased by BLMIS for your account. Any and all profits reported to you by BLMIS on account statements were fictitious.

---

[1] Section 78*lll*(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78*lll*(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

Since there were no profits to use either to purchase securities or to pay you any money beyond the amount that was deposited into your BLMIS account, the amount of money you received in excess of the deposits in your account ($457,454.87) was taken from other customers and given to you. Accordingly, because you have withdrawn more than was deposited into your account, you do not have a positive "net equity" in your account and you are not entitled to an allowed claim in the BLMIS liquidation proceeding. Therefore, your claim is **DENIED** in its entirety.

Should a final and unappealable court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by you in having your customer claim re-determined in accordance with any such Court order.

Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by the Trustee against you.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court and the Trustee within **THIRTY DAYS** after October 19, 2009, the date on which the Trustee mailed this notice.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

2

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York 10004

and

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111

Irving H. Picard

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

3

| DATE | TRANSACTION DESCRIPTION | AMOUNT |
|---|---|---|
| | | $600,000.00 |
| 12/1/1992 | CHECK | $50,000.00 |
| 4/25/2003 | CHECK | $50,000.00 |
| 5/5/2003 | CHECK | $50,000.00 |
| 10/20/2005 | CHECK | $50,000.00 |
| 10/27/2005 | CHECK | $50,000.00 |
| 1/24/2007 | CHECK | $50,000.00 |
| 1/29/2007 | CHECK | $50,000.00 |
| 1/15/2008 | CHECK | $50,000.00 |
| 2/14/2008 | CHECK | $1,000,000.00 |
| **Total Deposits:** | | |

| DATE | TRANSACTION DESCRIPTION | AMOUNT |
|---|---|---|
| | | ($34,414.09) |
| 4/8/1993 | CHECK | ($23,818.52) |
| 7/13/1993 | CHECK | ($11,776.76) |
| 10/13/1993 | CHECK | ($28,341.68) |
| 1/14/1994 | CHECK | ($25,970.32) |
| 4/13/1994 | CHECK | ($21,464.59) |
| 7/14/1994 | CHECK | ($24,470.69) |
| 10/13/1994 | CHECK | ($15,909.74) |
| 1/13/1995 | CHECK | ($24,424.06) |
| 4/13/1995 | CHECK | ($30,602.98) |
| 7/14/1995 | CHECK | ($19,798.69) |
| 10/16/1995 | CHECK | ($25,577.71) |
| 1/12/1996 | CHECK | ($25,202.68) |
| 4/12/1996 | CHECK | ($23,075.39) |
| 7/12/1996 | CHECK | ($26,874.39) |
| 10/11/1996 | CHECK | ($27,926.84) |
| 1/13/1997 | CHECK | ($33,258.88) |
| 4/10/1997 | CHECK | ($40,739.82) |
| 7/11/1997 | CHECK | ($20,383.00) |
| 10/10/1997 | CHECK | ($21,864.62) |
| 1/13/1998 | CHECK | ($31,062.52) |
| 4/8/1998 | CHECK | ($31,103.06) |
| 7/9/1998 | CHECK | ($16,710.56) |
| 10/9/1998 | CHECK | ($32,704.91) |
| 1/13/1999 | CHECK | ($29,023.66) |
| 4/13/1999 | CHECK | ($43,231.11) |
| 7/8/1999 | CHECK | |

4

| | | ($19,365.60) |
|---|---|---|
| 10/8/1999 | CHECK | ($23,387.22) |
| 1/6/2000 | CHECK | ($32,105.04) |
| 4/7/2000 | CHECK | ($20,147.84) |
| 7/7/2000 | CHECK | ($13,354.19) |
| 10/11/2000 | CHECK | ($12,305.95) |
| 1/10/2001 | CHECK | ($28,564.55) |
| 4/6/2001 | CHECK | ($19,519.01) |
| 7/9/2001 | CHECK | ($13,670.83) |
| 10/9/2001 | CHECK | ($21,063.99) |
| 1/11/2002 | CHECK | ($7,317.43) |
| 4/10/2002 | CHECK | ($26,039.94) |
| 7/8/2002 | CHECK | ($33,376.69) |
| 10/7/2002 | CHECK | ($11,776.60) |
| 1/10/2003 | CHECK | ($12,573.57) |
| 4/9/2003 | CHECK | ($20,075.82) |
| 7/8/2003 | CHECK | ($24,029.60) |
| 10/9/2003 | CHECK | ($9,941.98) |
| 1/8/2004 | CHECK | ($14,407.29) |
| 4/8/2004 | CHECK | ($22,753.36) |
| 7/7/2004 | CHECK | ($18,931.27) |
| 10/7/2004 | CHECK | ($14,542.82) |
| 1/7/2005 | CHECK | ($14,436.02) |
| 4/7/2005 | CHECK | ($15,327.28) |
| 7/7/2005 | CHECK | ($13,984.71) |
| 10/7/2005 | CHECK | ($22,848.32) |
| 1/9/2006 | CHECK | ($19,858.95) |
| 4/7/2006 | CHECK | ($22,049.92) |
| 7/10/2006 | CHECK | ($38,177.58) |
| 10/6/2006 | CHECK | ($20,961.27) |
| 1/8/2007 | CHECK | ($19,949.51) |
| 4/4/2007 | CHECK | ($26,868.95) |
| 7/6/2007 | CHECK | ($28,359.18) |
| 10/4/2007 | CHECK | ($23,550.28) |
| 1/8/2008 | CHECK | ($11,516.96) |
| 4/7/2008 | CHECK | ($55,165.23) |
| 7/7/2008 | CHECK | ($15,418.85) |
| 10/6/2008 | CHECK | ($1,457,454.87) |
| **Total Withdrawals:** | | |
| **Total deposits less withdrawals:** | | ($457,454.87) |

5

Exhibit "B"

# CUSTOMER CLAIM

Claim Number_____

Date Received_____

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

### In Liquidation

### DECEMBER 11, 2008

Irving H. Picard, Esq.
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

Provide your office and home telephone no.

OFFICE:_____

HOME: 212-677-2440

Taxpayer I.D. Number (Social Security No.)
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

Account Number:    1ZA057
SHIRLEY SCHUSTACK CONRAD
28 EAST 10TH STREET  APT 10B
NEW YORK, NY  10003

(If incorrect, please change)

NOTE:    BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY
THE ACCOMPANYING INSTRUCTION SHEET.  A SEPARATE CLAIM FORM
SHOULD BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL
PROTECTION AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE
RECEIVED BY THE TRUSTEE ON OR BEFORE March 4, 2009.  CLAIMS
RECEIVED AFTER THAT DATE, BUT ON OR BEFORE July 2, 2009, WILL BE
SUBJECT TO DELAYED PROCESSING AND TO BEING SATISFIED ON TERMS
LESS FAVORABLE TO THE CLAIMANT. PLEASE SEND YOUR CLAIM FORM BY
CERTIFIED MAIL - RETURN RECEIPT REQUESTED.

*******************************************************************************

1.      Claim for money balances as of **December 11, 2008** :
        a.    The Broker owes me a Credit (Cr.) Balance of          $_____
        b.    I owe the Broker a Debit (Dr.) Balance of             $_____

502180406

c.  If you wish to repay the Debit Balance,

please insert the amount you wish to repay and

attach a check payable to "Irving H. Picard, Esq.,

Trustee for Bernard L. Madoff Investment Securities LLC."

If you wish to make a payment, **it must be enclosed**

with this claim form.                          $_____

d.  If balance is zero, insert "None."         _____

2.  Claim for securities as of **December 11, 2008**:

**PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.**

|  |  | YES | NO |
|---|---|---|---|
| a. | The Broker owes me securities | _____ | _____ |
| b. | I owe the Broker securities | _____ | _____ |

c.  If yes to either, please list below:

| Date of Transaction (trade date) | Name of Security | The Broker Owes Me (Long) | I Owe the Broker (Short) |
|---|---|---|---|
| | | Number of Shares or Face Amount of Bonds | |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

**Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclose, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation. You should also provide all documentation or**

Information regarding any withdrawals you have ever made or payments received from the Debtor.

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement. If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.
**PLEASE CHECK THE APPROPRIATE ANSWER FOR ITEMS 3 THROUGH 9.**

NOTE:   IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION ON A SIGNED ATTACHMENT. IF SUFFICIENT DETAILS ARE NOT PROVIDED, THIS CLAIM FORM WILL BE RETURNED FOR YOUR COMPLETION.

|  |  | YES | NO |
|---|---|---|---|
| 3. | Has there been any change in your account since December 11, 2008? If so, please explain. | _____ | _____ |
| 4. | Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of the broker? | _____ | _____ |
| 5. | Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or policies of the broker? | _____ | _____ |
| 6. | Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in any way with the broker? If so, give name(s) | _____ | _____ |
| 7. | Is this claim being filed by or on behalf of a broker or dealer or a bank? If so, provide documentation with respect to each public customer on whose behalf you are claiming. | _____ | _____ |
| 8. | Have you ever given any discretionary authority to any person to execute securities transactions with or through the broker on your behalf? Give names, addresses and phone numbers. | _____ | _____ |

502180406                                3

9.        Have you or any member of your family
          ever filed a claim under the Securities
          Investor Protection Act of 1970?  if
          so, give name of that broker.                    _____   _____

          Please list the full name and address of anyone assisting you in the
          preparation of this claim form:_____

          _____.

If you cannot compute the amount of your claim, you may file an estimated claim.  In that
case, please indicate your claim is an estimated claim.

**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM. CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.**

**THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY INFORMATION AND BELIEF.**

Date  _2/2/2009_        Signature  _Shirley Schustack Conrad_

Date  _____        Signature  _____

(If ownership of the account is shared, all must sign above.  Give each owner's name,
address, phone number, and extent of ownership on a signed separate sheet.  If other
than a personal account, *e.g.*, corporate, trustee, custodian, etc., also state your capacity
and authority.  Please supply the trust agreement or other proof of authority.)

**This customer claim form must be completed and mailed promptly, together with supporting documentation, etc. to:**

Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

5021 80406

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

1

11/30/08

\*\*\*\*\*\*6736

1-ZA05T-3-0

SHIRLEY SCHUSTACK CONRAD     APT 10B
28 EAST 10TH STREET
NEW YORK     NY 10003

| | | | BALANCE FORWARD | | 62,702.30 |
|---|---|---|---|---|---|
| 11/12 | 559 | 5067 | HEWLETT PACKARD CO | 54,790. | 34,790.76 |
| 11/12 | 572 | 5067 | WAL-MART STORES INC | 55,830 | 31,956.76 |
| 11/12 | 274 | 5859 | INTERNATIONAL BUSINESS MACHS | 87,270 | 32,622.98 |
| 11/12 | 726 | 14221 | JOHNSON & JOHNSON | 59,580 | 43,284.08 |
| 11/12 | 990 | 18556 | J.P. MORGAN CHASE & CO | 38,530 | 38,183.70 |
| 11/12 | 572 | 31524 | MERCK & CO | 28,550 | 16,352.50 |
| 11/12 | 2,090 | 35850 | MICROSOFT CORP | 21,910 | 45,465.80 |
| 11/12 | 242 | 53656 | APPLE INC | 100,780 | 24,397.76 |
| 11/12 | 782 | 53480 | PFIZER INC | 15,940 | 39,252.08 |
| 11/12 | 286 | 62308 | AMGEN INC | 59,150 | 16,930.76 |
| 11/12 | 550 | 66132 | PHILLIPS ELECTRONICS INTERNATIONAL | 24,600 | 24,002.00 |
| 11/12 | 1,430 | 70960 | CITI GROUP INC | 12,510 | 17,945.30 |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

1-Z4057-3-0    11/30/08    *******8736    2

SHIRLEY SCHUSTACK CONRAD

28 EAST 10TH STREET   APT 10B
NEW YORK         NY  10003

| Date | | | | | | | |
|------|---|---|---|---|---|---|---|
| 11/12 | 330 | | 74784 | SCHLUMBERGER LTD | 49.480 | 16,341.40 | |
| 11/12 | 792 | | 75986 | COMCAST CORP | 16.510 | 13,105.92 | |
| 11/12 | | | | AT & T | | | |
| 11/12 | 396 | | 79612 | CONOCOPHILLIPS | 52.510 | 20,808.96 | |
| 11/12 | 261 | | 83436 | UNITED PARCEL SVC INC | 52.040 | 13,768.56 | |
| 11/12 | 1006 | | 85958 | CISCO SYSTEMS INC | | | |
| 11/12 | 462 | | 87762 | U S BANCORP | 29.530 | 13,660.86 | |
| 11/12 | 530 | | 88964 | CHEVRON CORP | 73.430 | 40,405.50 | |
| 11/12 | 768 | | 96434 | VERIZON COMMUNICATIONS | 30.410 | 23,354.88 | |
| 11/12 | 66 | | 96914 | GOOGLE | 335.40 | 22,775.68 | |
| | | | | DUE 2/12/2009 | | | |
| 11/12 | | | | FIDELITY SPARTAN | DIV | 3 | |
| | | | | U S TREASURY MONEY MARKET | | | |
| 11/12 | 6,442 | | 18451 | FIDELITY SPARTAN | 1 | 6,442.- | |
| | | | | U S TREASURY MONEY MARKET | | | |
| 11/19 | | | | FIDELITY SPARTAN | DIV | .61 | |
| | | | | U S TREASURY MONEY MARKET | | | |
| | | | | CONTINUED ON PAGE 3 | | | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

SHIRLEY SCHUSTACK CONRAD

28 EAST 10TH STREET    APT 10B
NEW YORK    NY  10003

11/30/08    *******8736    1-ZA057-3-0    3

| Date | | | | Description | | |
|------|------|------|------|-------------|------|------|
| 11/19 | 5,030 | | | FIDELITY SPARTAN U.S. TREASURY MONEY MARKET | 1 | 5,030.00 |
| | | | | DUE 3/26/2009 | | |
| 11/19 | 20,980 | | 62366 | FIDELITY SPARTAN 3/26/2009 | | 20,980.00 |
| | | | | | | |
| | | | | NEW BALANCE | | 124,170.83 |
| | | | | ABBOTT LABORATORIES | 52.390 | |
| | 418 | | | AMGEN INC | 55.540 | |
| | 200 | | | BANK OF AMERICA | | |
| | 550 | | | CHEVRON CORP | 79.010 | |
| | 1,606 | | | CISCO SYSTEMS INC | 14.540 | |
| | 792 | | | COMCAST CORP CL A | 17.340 | |
| | 2,794 | | | GENERAL ELECTRIC CO | 17.170 | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

BERNARD L. MADOFF
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

SHIRLEY SCHUSTACK CONRAD
28 EAST 10TH STREET    APT 10B
NEW YORK        NY  10003

11/30/08   *******8T36   4
1-ZA057-3-0

| Description | | |
|---|---|---|
| GOOGLE | 66 | 292,960 |
| HEWLETT PACKARD CO | 660 | 25,220 |
| INTERNATIONAL BUSINESS MACH | 570 | |
| J.P. MORGAN CHASE & CO | 990 | 31,660 |
| JOHNSON & JOHNSON | 720 | 58,580 |
| MERCK & CO | 512 | |
| MICROSOFT CORP | 2,090 | 20,220 |
| ORACLE CORPORATION | 1,956 | 16,090 |
| PHILLIP MORRIS INTERNATIONAL | 550 | 42,150 |
| PROCTER & GAMBLE CO | 292 | 64,350 |
| FIDELITY SPARTAN | 20,980 | 1 |
| U.S TREASURY MONEY MARKET | | |
| CLASS B | | |
| U.S TREASURY BILL | 50,000 | 89,971 |
| UNITED TECHNOLOGIES CORP | 264 | 48,530 |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel (020) 7493 6222

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

SHIRLEY SCHUSTACK CONRAD

28 EAST 10TH STREET   APT 10B
NEW YORK   NY   10003

| 11/30/08 | *******8736 | 5 |
| 1-ZA057-3-0 | | |

| | | |
|---|---|---|
| 746 | VERIZON COMMUNICATIONS | 32.650 |
| 573 | WAL-MART STORES INC | 55.830 |
| | MARKET VALUE OF SECURITIES LONG | |
| | SUB1 | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

| 1-ZA057-3-0 | 11/30/08 | *******8736 | 6 |

SHIRLEY SCHUSTACK CONRAD

28 EAST 10TH STREET    APT 108
NEW YORK    NY    10003

YEAR-TO-DATE SUMMARY

GROSS PROCEEDS FROM SALES

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

| 11/30/08 | 1-ZA057-4-0 | ******8736 | 1 |

SHIRLEY SCHUSTACK CONRAD
28 EAST 10TH STREET     APT 10B
NEW YORK               NY  10003

| Date | | | Transaction | MKT. PRICE | Amount | Balance |
|---|---|---|---|---|---|---|
| | | | BALANCE FORWARD | | | 62,703.— |
| 11/12 | 22 | 48828 | S & P 100 INDEX NOVEMBER /50 PUT | 17.800 | 39,182.00 | |
| 11/19 | 22 | 39257 | S & P 100 INDEX DECEMBER /420 PUT | 30 | 666,022.00 | |
| 11/19 | 22 | 47907 | S & P 100 INDEX NOVEMBER /50 PUT | 37 | | 81,378.00 |
| | | | NEW BALANCE | | | |
| | | | SECURITY POSITIONS | | | |
| 11/19 | 22 | | S & P 100 INDEX DECEMBER /420 PUT | 16.500 | | |
| | | | MARKET VALUE OF SECURITIES — LONG | | 36,300.00 | |
| | | | SHORT | | 51,250.00 | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES