# EXHIBIT B

# CUSTOMER CLAIM

Claim Number_____

Date Received_____

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

### In Liquidation

### DECEMBER 11, 2008

Irving H. Picard, Esq.
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

Provide your office and home telephone no.

OFFICE: *N/A RETIRED*_____

HOME: _703-281-5557_____

Taxpayer I.D. Number (Social Security No.)
_____l372_____

Account Number:    1ZA201
NUR C GANGJI TRUSTEE
UNDER NUR C GANGJI
TRUST DATED 10/16/00
607 JOHN MARSHALL DRIVE NE
VIENNA, VA 22180

(If incorrect, please change)

NOTE:    BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY THE
ACCOMPANYING INSTRUCTION SHEET. A SEPARATE CLAIM FORM SHOULD
BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL PROTECTION
AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE RECEIVED BY THE
TRUSTEE ON OR BEFORE March 4, 2009. CLAIMS RECEIVED AFTER THAT
DATE, BUT ON OR BEFORE July 2, 2009, WILL BE SUBJECT TO DELAYED
PROCESSING AND TO BEING SATISFIED ON TERMS LESS FAVORABLE TO THE
CLAIMANT. PLEASE SEND YOUR CLAIM FORM BY CERTIFIED MAIL - RETURN
RECEIPT REQUESTED.

************************************************************************

1.    Claim for money balances as of **December 11, 2008** :
    a.    The Broker owes me a Credit (Cr.) Balance of    $_____0_____
    b.    I owe the Broker a Debit (Dr.) Balance of    $_____0_____

c.  If you wish to repay the Debit Balance,

please insert the amount you wish to repay and

attach a check payable to "Irving H. Picard, Esq.,

Trustee for Bernard L. Madoff Investment Securities LLC."

If you wish to make a payment, **it must be enclosed**

with this claim form.                                        $_____

d.  If balance is zero, insert "None."                       None
_____

2.      Claim for securities as of **December 11, 2008**:

**PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.**

|  |  | YES | NO |
|---|---|---|---|
| a. | The Broker owes me securities | X | |
| b. | I owe the Broker securities | | X |

c.  If yes to either, please list below:

|  |  | Number of Shares or Face Amount of Bonds | |
|---|---|---|---|
| Date of Transaction (trade date) | Name of Security | The Broker Owes Me (Long) | I Owe the Broker (Short) |
| See Nov. 30, 2008 ZA201 statement, attached hereto as Exhibit A. | | | |
| $321,066.91 (market value of securities long, per ZA201-3 statement) | | | |
| 6,600.00 (market value of securities long, per ZA201-4 statement) | | | |
| (9,320.00) (market value of securities short, per ZA201-4 statement) | | | |
| TOTAL 318,346.91 | | | |

**Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclose, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation. You should also provide all documentation or**

information regarding any withdrawals you have ever made or payments received from the Debtor. See Exhibits A and B, and documents submitted herewith.

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement. If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.

**PLEASE CHECK THE APPROPRIATE ANSWER FOR ITEMS 3 THROUGH 9.**

**NOTE:    IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION ON A SIGNED ATTACHMENT. IF SUFFICIENT DETAILS ARE NOT PROVIDED, THIS CLAIM FORM WILL BE RETURNED FOR YOUR COMPLETION.**

| | | YES | NO |
|---|---|---|---|
| 3. | Has there been any change in your account since December 11, 2008? If so, please explain. | | X |
| 4. | Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of the broker? | | X |
| 5. | Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or policies of the broker? | | X |
| 6. | Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in any way with the broker? If so, give name(s) | | X |
| 7. | Is this claim being filed by or on behalf of a broker or dealer or a bank? If so, provide documentation with respect to each public customer on whose behalf you are claiming. | | X |
| 8. | Have you ever given any discretionary authority to any person to execute securities transactions with or through the broker on your behalf? Give names, addresses and phone numbers. | | X |

9.       Have you or any member of your family
         ever filed a claim under the Securities
         Investor Protection Act of 1970?  if
         so, give name of that broker.                                    _____      __X__

         Please list the full name and address of anyone assisting you in the
         preparation of this claim form:  Christopher Van De Kieft, Esq., Seeger Weiss LLP,
One William Street, New York, NY 10004                                                  .

If you cannot compute the amount of your claim, you may file an estimated claim.  In that
case, please indicate your claim is an estimated claim.


IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM.
CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR
IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.


THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY
INFORMATION AND BELIEF.

Date _4·28·09_____   Signature _____

Date _____   Signature _____

(If ownership of the account is shared, all must sign above.  Give each owner's name,
address, phone number, and extent of ownership on a signed separate sheet.  If other
than a personal account, e.g., corporate, trustee, custodian, etc., also state your capacity
and authority.  Please supply the trust agreement or other proof of authority.)


**This customer claim form must be completed and mailed promptly,
together with supporting documentation, etc. to:**

Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

# CUSTOMER CLAIM

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

### In Liquidation

### December 11, 2008

### Explanation of Trustee Capacity for
### Bernard L. Madoff Investment Securities Account No. ZA201

| | |
|---|---|
| **Trust:** | The Nur C. Gangji Trust |
| **Trustee:** | Nur C. Gangji |
| **Trustee Address:** | 607 John Marshall Drive NE, Vienna, VA 22180 |
| **Trustee Tel. No.:** | 703-281-5557 |

Pursuant to the Agreement for the Nur C. Gangji Trust ("Trust"), submitted herewith in Exhibit B, I, Nur C. Gangji, am the sole Trustee of the Trust. As the sole Trustee, I am authorized to file a Securities Investor Protection Corporation Customer Claim for Account ZA201 with Bernard L. Madoff Securities, LLC.


_4·28·09_
Date

_[signature]_
Nur C. Gangji, as Trustee for the
Nur C. Gangji Trust

# Exhibit A

| MADF |
|------|

# BERNARD L. MADOFF
### INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

**NUR C GANGJI TRUSTEE
UNDER NUR C GANGJI
TRUST DATED 10/16/00
607 JOHN MARSHALL DRIVE NE
VIENNA VA 22180**

| YOUR ACCOUNT NUMBER | PERIOD ENDING | PAGE |
|---|---|---|
| 1-ZA201-3-0 | 11/30/08 | 1 |

| TAX PAYER IDENTIFICATION NUMBER |
|---|
| ********1372 |

Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

| DATE | BOUGHT RECEIVED | SOLD DELIVERED | TIN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| | | | | BALANCE FORWARD | | 25,262.09 | |
| 11/12 | 168 | | 840 | WELLS FARGO & CO NEW | 29.800 | 5,012.40 | |
| 11/12 | 120 | | 1342 | HEWLETT-PACKARD CO | 34.900 | 4,192.60 | |
| 11/12 | 104 | | 5166 | WAL-MART STORES INC | 55.830 | 5,810.32 | |
| 11/12 | 68 | | 5668 | INTERNATIONAL BUSINESS MACHS | 87.270 | 5,936.76 | |
| 11/12 | 252 | | 9992 | EXXON MOBIL CORP | 72.880 | 18,375.76 | |
| 11/12 | 276 | | 9994 | INTEL CORP | 14.510 | 4,013.56 | |
| 11/12 | 132 | | 14320 | JOHNSON & JOHNSON | 59.580 | 7,869.56 | |
| 11/12 | 180 | | 18695 | J.P. MORGAN CHASE & CO | 38.530 | 6,942.40 | |
| 11/12 | 96 | | 22291 | COCA COLA CO | 44.690 | 4,290.36 | |
| 11/12 | 56 | | 22291 | MCDONALDS CORP | 55.840 | 3,130.72 | |
| 11/12 | 104 | | 31623 | MERCK & CO | 28.550 | 2,973.20 | |
| 11/12 | 380 | | 35949 | MICROSOFT CORP | 21.810 | 8,302.80 | |
| 11/12 | 192 | | 40275 | ORACLE CORPORATION | 17.300 | 3,328.60 | |
| 11/12 | 76 | | 53293 | PEPSICO INC | 56.440 | 4,290.16 | |
| 11/12 | 44 | | 53155 | APPLE INC | 100.780 | 4,435.32 | |
| 11/12 | 324 | | 51719 | PFIZER INC | 16.940 | 5,500.56 | |
| 11/12 | 76 | | 55081 | ABBOTT LABORATORIES | 54.610 | 4,153.36 | |
| 11/12 | 144 | | 61905 | PROCTER & GAMBLE CO | 64.080 | 9,232.52 | |
| 11/12 | 52 | | 62407 | AMGEN INC | 59.160 | 3,078.32 | |
| 11/12 | 100 | | 66231 | PHILLIP MORRIS INTERNATIONAL | 43.600 | 4,364.00 | |
| 11/12 | 240 | | 66733 | BANK OF AMERICA | 21.590 | 5,184.60 | |
| 11/12 | 80 | | 70557 | QUALCOMM INC | 33.770 | 2,704.60 | |
| 11/12 | 260 | | 71059 | CITI GROUP INC | 12.510 | 3,262.60 | |

CONTINUED ON PAGE   2

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

NUR C GANGJI TRUSTEE
UNDER NUR C GANGJI
TRUST DATED 10/16/00
607 JOHN MARSHALL DRIVE NE
VIENNA          VA   22180

| YOUR ACCOUNT NUMBER | PERIOD ENDING | PAGE |
|---|---|---|
| 1-ZA201-3-0 | 11/30/08 | 2 |

YOUR TAX PAYER IDENTIFICATION NUMBER: ********1372

| DATE | BOUGHT OR RECEIVED ON LONG | SOLD DELIVERED OR SHORT | TIN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| 11/12 | 60 | | 74883 | SCHLUMBERGER LTD | 49.480 | 2,970.80 | |
| 11/12 | 144 | | 75385 | COMCAST CORP | 16.510 | 2,382.44 | |
| 11/12 | 284 | | 79205 | AT&T INC | 27. | 7,679.00 | |
| 11/12 | 72 | | 79711 | CONOCOPHILLIPS | 52.510 | 3,782.72 | |
| 11/12 | 48 | | 83535 | UNITED PARCEL SVC INC | 52.040 | 2,498.92 | |
| 11/12 | 292 | | 4083 | CISCO SYSTEMS INC | 16.930 | 4,896.16 | |
| 11/12 | 84 | | 87861 | U S BANCORP | 29.530 | 2,483.52 | |
| 11/12 | 100 | | 88363 | CHEVRON CORP | 73.130 | 7,367.00 | |
| 11/12 | 748 | | 92087 | UNITED TECHNOLOGIES CORP | 53.160 | 39,552.68 | |
| 11/12 | 508 | | 92689 | GENERAL ELECTRIC CO | 19.630 | 9,992.04 | |
| 11/12 | 136 | | 96513 | VERIZON COMMUNICATIONS | 30.410 | 4,140.76 | |
| 11/12 | 12 | | 96015 | GOOGLE | 337.400 | 4,048.80 | |
| 11/12 | 200,000 | | 22438 | DUE 2/12/2009 U S TREASURY BILL | 99.936 | 199,872.00 | |
| | | | | 2/12/2009 | | | |
| 11/12 | | | | FIDELITY SPARTAN U S TREASURY MONEY MARKET | DIV | | 7.60 |
| | | | | DIV 11/12/08 | | | |
| 11/12 | | 14,821 | 18550 | U.S. TREASURY MONEY MARKET | 1 | | 14,821.00 |
| 11/12 | | 32,754 | 27918 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | 32,754.00 | |
| 11/14 | | | | U S TREASURY MONEY MARKET CHECK | CA | | 100,000.00 |
| | | | | CONTINUED ON PAGE 3 | | | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

NUR C GANGJI TRUSTEE
UNDER NUR C GANGJI
TRUST DATED 10/16/00
607 JOHN MARSHALL DRIVE NE
VIENNA          VA   22180

**YOUR ACCOUNT NUMBER:** 1-ZA201-3-0
**THIS STATEMENT IS FOR THE PERIOD ENDING:** 11/30/08
**PAGE:** 3
**YOUR TAX IDENTIFICATION NUMBER:** ********1372

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TR. NO. | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|------|------|------|------|------|------|------|------|
| 11/14 | 100,000 | | 30024 | U S TREASURY BILL DUE 03/26/2009 | 99.890 | 99,890.00 | |
| 11/14 | 110 | | 30025 | FIDELITY SPARTAN 3/26/2009 U S TREASURY MONEY MARKET | 1 | 110.00 | |
| 11/19 | | | | FIDELITY SPARTAN U S TREASURY MONEY MARKET | DIV | | 4.03 |
| 11/19 | | 32,864 | 53431 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | | 32,864.00 |
| 11/19 | 25,000 | 57933 | | U S TREASURY BILL DUE 03/26/2009 | 99.926 | 24,981.50 | |
| 11/19 | 19,870 | | 62467 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | 19,870.00 | |
| | | | | NEW BALANCE | | 36,438.08 | |
| | | | | SECURITY POSITIONS | | | |
| | -204 | | | AT&T INC | 28.560 | | |
| | 76 | | | ABBOTT LABORATORIES | 52.390 | | |
| | 52 | | | AMGEN INC | 55.540 | | |
| | 44 | | | APPLE INC | 92.670 | | |
| | 240 | | | BANK OF AMERICA | 16.250 | | |
| | 100 | | | CHEVRON CORP | 79.010 | | |
| | | | | CONTINUED ON PAGE   4 | | | |

CONTINUED ON PAGE 4

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

NUR C GANGJI TRUSTEE
UNDER NUR C GANGJI
TRUST DATED 10/16/00
607 JOHN MARSHALL DRIVE NE
VIENNA                 VA  22180

| Account Number | 1-ZA201-3-0 |
| Date | 11/30/08 |
| Tax Payer Number | ******1372 |
| Page | 4 |

| DATE | BOUGHT RECEIVED LONG | SOLD DELIVERED SHORT | TRAN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| | 292 | | | CISCO SYSTEMS INC | 16.540 | | |
| | 260 | | | CITI GROUP INC | 8.290 | | |
| | 96 | | | COCA COLA CO | 46.870 | | |
| | 144 | | | COMCAST CORP | 17.540 | | |
| | | | | CL A | | | |
| | 72 | | | CONOCOPHILLIPS | 52.520 | | |
| | 252 | | | EXXON MOBIL CORP | 80.150 | | |
| | 508 | | | GENERAL ELECTRIC CO | 17.070 | | |
| | 12 | | | GOOGLE | 292.960 | | |
| | 120 | | | HEWLETT PACKARD CO | 35.280 | | |
| | 276 | | | INTEL CORP | 13.900 | | |
| | 168 | | | INTL BUSINESS MACHS | 81.600 | | |
| | 180 | | | J P MORGAN CHASE & CO | 31.660 | | |
| | 132 | | | JOHNSON & JOHNSON | 58.580 | | |
| | 56 | | | MCDONALDS CORP | 56.750 | | |
| | 104 | | | MERCK & CO | 26.050 | | |
| | 380 | | | MICROSOFT CORP | 20.220 | | |
| | 76 | | | ORACLE CORPORATION | 16.090 | | |
| | 192 | | | PEPSICO INC | 56.700 | | |
| | 324 | | | PFIZER INC | 16.430 | | |
| | 100 | | | PHILLIP MORRIS INTERNATIONAL | 42.160 | | |
| | 144 | | | PROCTER & GAMBLE CO | 66.350 | | |
| | 80 | | | QUALCOMM INC | 35.570 | | |
| | 60 | | | SCHLUMBERGER LTD | 50.740 | | |
| | | | | FIDELITY SPARTAN | | | |
| | 191,870 | | | U S TREASURY MONEY MARKET | 1 | | |
| | | | | CONTINUED ON PAGE  5 | | | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES



BERNARD L. MADOFF
INVESTMENT SECURITIES LLC

New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

NUR C GANGJI TRUSTEE
UNDER NUR C GANGJI
TRUST DATED 10/16/00
607 JOHN MARSHALL DRIVE NE
VIENNA          VA  22180

| DATE | BOUGHT RECEIVED (Long) | SOLD DELIVERED (Short) | TIN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| | 84 | | | U S BANCORP | 26.980 | | |
| | 48 | | | UNITED PARCEL SVC INC | 57.600 | | |
| 125,000 | | | | CLASS B | | | |
| | | | | U S TREASURY BILL | 99.971 | | |
| | | | | DUE 03/26/2009 | | | |
| | | | | 3/26/2009 | | | |
| | 48 | | | UNITED TECHNOLOGIES CORP | 48.530 | | |
| | 136 | | | VERIZON COMMUNICATIONS | 32.650 | | |
| | 104 | | | WAL-MART STORES INC | 55.880 | | |
| | 168 | | | WELLS FARGO & CO NEW | 28.090 | | |
| | | | | MARKET VALUE OF SECURITIES | | | |
| | | | | LONG          321,066.91 | | | |
| | | | | SHORT | | | |

318,374

1-ZA201-3-0

11/30/08

5

*******1372

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES



**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
☐ New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

NUR C GANGJI TRUSTEE
UNDER NUR C GANGJI
TRUST DATED 10/16/00
607 JOHN MARSHALL DRIVE NE
VIENNA                    VA 22180

1-ZA201-3-0    11/30/08    6

**********1372

YEAR-TO-DATE SUMMARY

DIVIDENDS
GROSS PROCEEDS FROM SALES                 23,950.74
                                       2,849,991.05

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

# BERNARD L. MADOFF
### INVESTMENT SECURITIES LLC
☑ MADE  New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

NUR C GANGJI TRUSTEE
UNDER NUR C GANGJI
TRUST DATED 10/16/00
607 JOHN MARSHALL DRIVE NE
VIENNA                          VA 22180

| YOUR ACCOUNT NUMBER | PERIOD ENDING | YOUR TAX PAYER IDENTIFICATION NUMBER | PAGE |
|---|---|---|---|
| 1-ZA201-4-0 | 11/30/06 | ***-**-1372 | 1 |

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| | | | | BALANCE FORWARD | | | 25,263.00 |
| 11/12 | | 4 | 44601 | S & P 100 INDEX NOVEMBER 460 CALL | 15.800 | | 6,316.00 |
| 11/12 | 4 | | 48927 | S & P 100 INDEX NOVEMBER 450 PUT | 17.800 | 7,124.00 | |
| 11/19 | | 4 | 35031 | S & P 100 INDEX DECEMBER 430 CALL | 26 | | 10,396.00 |
| 11/19 | 4 | | 39356 | S & P 100 INDEX DECEMBER 420 PUT | 30 | 12,004.00 | |
| 11/19 | 4 | | 43681 | S & P 100 INDEX NOVEMBER 460 CALL | 3 | 1,204.00 | |
| 11/19 | | 4 | 48006 | S & P 100 INDEX NOVEMBER 450 PUT | 37 | | 14,796.00 |
| | | | | NEW BALANCE | | | 36,439.00 |
| | | | | SECURITY POSITIONS | | | |
| | | | | S & P 100 INDEX DECEMBER 430 CALL | MKT PRICE 23.300 | | |
| | | | | S & P 100 INDEX DECEMBER 420 PUT | 16.500 | | |
| | | | | MARKET VALUE OF SECURITIES LONG 6,600.00 | SHORT 9,320.00- | | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

# Exhibit B

## EXHIBIT B

1. This Claim Form, exhibits, and supporting documentation (collectively "Claim Form") is submitted pursuant to the December 23, 2008 Order of the Honorable Burton R. Lifland and the instructions disseminated by Irving H. Picard, Trustee for Bernard L. Madoff Investment Securities LLC ("Trustee"), on December 11, 2008.

2. The information provided in the Claim Form is based on information provided in the Claimant's latest Madoff account statement and additional information known by the Claimant as of the date of the submission of the Claim Form. The Claimant reserves the right to amend and/or supplement this Claim Form upon the receipt of further information, or upon request by the Trustee for additional information.

3. The Claimant reserves the right to amend the Claim Form in the event of any recoveries by the Trustee or any other party under the avoidance powers of the Bankruptcy Code or otherwise, or in the event of rejections of executory contracts pursuant to Bankruptcy Code Section 365, whether such amendments are made pursuant to Bankruptcy Code Sections 105, 502(g), or 502(h), Bankruptcy Rule 3002(c)(3), (4), other provisions of applicable bankruptcy law, or general principles of law or equity.

4. The Claimant hereby requests that the Claim Form be considered as a proof of claim in *In re Bernard L. Madoff Investment Securities LLC*, No. 08-01789 (Bankr. S.D.N.Y.).

5. This Claim Form is required to be submitted pursuant to the Court's January 2, 2009 Order and the Trustee's instructions to the Claimant. To the extent permitted by applicable law, the Claimant does not, by submitting the Claim Form, consent to the jurisdiction of the Bankruptcy Court nor does Claimant waive any right to trial by jury.

6. The Claimant reserves all rights, claims, and/or defenses as to and/or against any and all parties potentially liable for the losses sustained by the Claimant, including, without limitation, Bernard L. Madoff Investment Securities LLC and its owners, partners, employees, and affiliates, as well as any potentially liable third parties including, without limitation, investment advisors, "feeder funds," accountants, and auditors.

7. The Claimant further reserves all rights, claims, and/or defenses as to and/or against any persons and/or creditors asserting claims against Bernard L. Madoff Investment Securities LLC, its employees, owners, and/or affiliates, in bankruptcy or otherwise.

8. The Claimant reserves all objections as to the competence, relevance, materiality, privilege, or admissibility of evidence in any subsequent proceeding or trial of this or any other action for any purpose whatsoever, notwithstanding the submission of any such information to the Trustee.

9. To the extent the Claimant has disclosed to the Trustee documents containing accounting and/or legal advice, the Claimant does not waive any potential privileges applicable thereto.

10. The Claimant reserves all rights with respect to submitting information to the Internal Revenue Service regarding gains, losses, and/or theft of assets.

11. The Claim Form and supporting documents contain confidential information. The Claimant submits this information to the Trustee subject to the condition that this information will not to be disclosed to any third parties, other than under seal to the Court, absent the Claimant's express consent or Court order.

12. The Claimant submits herewith documents in support of the Claimant's claim, including documents containing information regarding account transactions, such as contributions and/or withdrawals. The Claimant reserves any arguments that such documents are not relevant to the Trustee's inquiry. The Claimant further reserves the right to supplement this submission, including the submission of additional documents, if deemed necessary. Attached is a list of the documents submitted herewith.

**The Nur C. Gangji Trust**
**Bernard L. Madoff Investment Securities Account No. ZA201**

| Document Number | Date of Document | Issuing Party | Prepared for | Description of Document |
|---|---|---|---|---|
| 1 | 11/14/2008 | Bernard L. Madoff Investment Securities | Nur C. Gangji | Confirmation that Account No. ZA201 was credited $100,000. |
| 2 | 11/11/2008 | Nur C. Gangji | Bernard L. Madoff Investment Securities | Check from Nur Gangji to Bernard L. Madoff in the amount of $100,000. |
| 3 | 9/30/2008 | Bernard L. Madoff Investment Securities | Nur C. Gangji | Portfolio Management Report as of September 30, 2008. |
| 4 | 6/30/2008 | Bernard L. Madoff Investment Securities | Nur C. Gangji | Portfolio Management Report as of June 30, 2008. |
| 5 | 2007 | Bernard L. Madoff Investment Securities | Nur C. Gangji | Form 1099-B from Bernard L. Madoff. |

**The Nur C. Gangji Trust**
**Bernard L. Madoff Investment Securities Account No. ZA201**

| Document Number | Date of Document | Issuing Party | Prepared for | Description of Document |
|---|---|---|---|---|
| 6 | 2007 | Bernard L. Madoff Investment Securities | Nur C. Gangji | Form 1099 from Bernard L. Madoff. |
| 7 | 10/6/2000 | | | The Nur C. Gangji Trust Agreement. |

1



**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
212 230-2424
P&S Dept. 212 230-2436
800 334-1343
Fax 212 838-4061

WE HAVE THIS DAY CREDITED YOUR
ACCOUNT WITH THE FOLLOWING:

**11/14/08**

| CHECK | 100,000.00 |
|-------|-----------|

CLIENT'S ACCOUNT NUMBER

NUR C GANGJI TRUSTEE
UNDER NUR C GANGJI
TRUST DATED 10/16/00
607 JOHN MARSHALL DRIVE NE
VIENNA              VA 22180

1-ZA201-3

2



| Account Number | 6038 |
|---|---|
| Amount | $100000.00 |
| Sequence Number | 2305 |
| CR-DR | Debit |
| Serial Number | 0094 |
| Date | 11/17/2008 |

3

PORTFOLIO MANAGEMENT REPORT AS OF   9/30/08

THIS REPORT IS PROVIDED TO ASSIST YOU IN EVALUATING THE PERFORMANCE OF YOUR
ACCOUNT AND SHOULD NOT BE USED FOR INCOME TAX PURPOSES.

NUR C GANGJI TRUSTEE                1-ZA201-3
UNDER NUR C GANGJI
TRUST DATED 10/16/00
607 JOHN MARSHALL DRIVE NE
VIENNA              VA 22180

| | | |
|---|---|---|
| STARTING EQUITY FOR CURRENT YEAR | 432,780.26CR | |
| CAPITAL ADDITIONS | | |
| CAPITAL WITHDRAWALS | 75,000.00- | |
| REALIZED P/L FOR CURRENT YEAR | 30,369.24CR | |
| UNREALIZED P/L ON OPEN SECURITY POSITIONS | 398.75CR | |
| CURRENT CASH BALANCE | .75CR | |
| NET MARKET VALUE OF OPEN SECURITIES POSITIONS | 388,547.50 | NET LONG |
| TOTAL EQUITY | 388,548.25CR | |

ANNUALIZED RETURN FOR CURRENT YEAR    10.02 %

4

PORTFOLIO MANAGEMENT REPORT AS OF   6/30/08

THIS REPORT IS PROVIDED TO ASSIST YOU IN EVALUATING THE PERFORMANCE OF YOUR
ACCOUNT AND SHOULD NOT BE USED FOR INCOME TAX PURPOSES.

NUR C GANGJI TRUSTEE                 1-ZA201-3
UNDER NUR C GANGJI
TRUST DATED 10/16/00
607 JOHN MARSHALL DRIVE NE
VIENNA                VA 22180

STARTING EQUITY FOR CURRENT YEAR                    432,780.26CR
CAPITAL ADDITIONS
CAPITAL WITHDRAWALS                                  31,000.00-
REALIZED P/L FOR CURRENT YEAR                        23,511.76CR
UNREALIZED P/L ON OPEN SECURITY POSITIONS              864.25CR
CURRENT CASH BALANCE                                      .77CR
NET MARKET VALUE OF OPEN SECURITIES POSITIONS       426,155.50   NET LONG
TOTAL EQUITY                                        426,156.27CR

ANNUALIZED RETURN FOR CURRENT YEAR     11.66 %

5

☐ CORRECTED (if checked)

| PAYER'S name, street address, city, state, ZIP code, and telephone no. | 1a Date of sale or exchange | OMB No. 1545-0715 | Proceeds From Broker and Barter Exchange Transactions |
|---|---|---|---|
| BERNARD L. MADOFF<br>885 THIRD AVE.<br>NEW YORK, NY  10022<br><br>DIRECT INQUIRIES TO:212 230-2470 | 1b CUSIP No. | **2007**<br>Form 1099-B | |

| PAYER'S Federal identification number | RECIPIENT'S identification number | 2 Stocks, bonds, etc.<br>$    4458461.10 | Reported } to IRS | Gross proceeds<br>Gross proceeds less commissions and option premiums | |
|---|---|---|---|---|---|
| 13-1997126 | 1372 | 3 Bartering | 4 Federal income tax withheld<br>$ | | **Copy B**<br>**For Recipient** |

| RECIPIENT'S name, address, city and ZIP code | 5 No. of shares exchanged | 6 Classes of Stock exchanged | This is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if this income is taxable and the IRS determines that it has not been reported. |
|---|---|---|---|
| NUR C GANGJI TRUSTEE<br>UNDER NUR C GANGJI<br>TRUST DATED 10/16/00<br>607 JOHN MARSHALL DRIVE NE<br>VIENNA            VA 22180 | 7 Description | | |
| | 8 Profit or (loss) realized in 2007<br>$ | 9 Unrealized profit or (loss) on open contracts—12/31/2006<br>$ | |
| | 10 Unrealized profit or (loss) on open contracts—12/31/2007<br>$ | 11 Aggregate profit or (loss)<br>$ | |

| CORPORATION'S name | | 12 If the box is checked, the recipient cannot take a loss on their tax return based on the amount in box 2 ☐ | |
|---|---|---|---|
| Account number (see instructions)<br>12A201 | | | |

Form **1099-B**          (Keep for your records.)          Department of the Treasury - Internal Revenue Service

6

☐ CORRECTED (if checked)

| PAYER'S name, street address, city, state, ZIP code, and telephone no. | 1a Total ordinary dividends | OMB No. 1545-0110 | Dividends and Distributions |
|---|---|---|---|
| BERNARD L. MADOFF<br>885 THIRD AVE.<br>NEW YORK, NY 10022<br>DIRECT INQUIRIES TO:212 230-2470 | $ 5065.87 | **2007** | |
| | 1b Qualified dividends<br>$ | Form 1099-DIV | |
| PAYER'S Federal identification number | 2a Total capital gain distr.<br>$ | 2b Unrecap. Sec. 1250 gain | Copy B For Recipient |
| 13-1997126 | RECIPIENT'S identification number<br>1372 | | |
| RECIPIENT'S name, address, city, and ZIP code | 2c Section 1202 gain | 2d Collectibles (28%) gain<br>$ | This is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if this income is taxable and the IRS determines that it has not been reported. |
| NUR C GANGJI TRUSTEE<br>UNDER NUR C GANGJI<br>TRUST DATED 10/16/00<br>607 JOHN MARSHALL DRIVE NE<br>VIENNA           VA 22180 | 3 Nondividend distributions<br>$ | 4 Federal income tax withheld<br>$ | |
| | 5 Investment expenses<br>$ | | |
| | 6 Foreign tax paid<br>$ | 7 Foreign country or U.S. possession | |
| Account number (see instructions)<br>1ZA201 | 8 Cash liquidation distributions<br>$ | 9 Noncash liquidation distributions<br>$ | |

Form 1099-DIV          (Keep for your records.)          Department of the Treasury - Internal Revenue Service

7

# THE NUR C. GANGJI TRUST

This **DECLARATION OF TRUST** is made this 6th day of October, 2000, by **Nur C. Gangji**, who as TRUSTOR has created this Trust and who is also the first TRUSTEE of this Trust. **Nur C. Gangji** hereby binds herself in her separate capacities as TRUSTOR and TRUSTEE (and her successors-in-Trust) in accordance with the terms and conditions contained in this Declaration of Trust, including any amendments thereto.  This Trust shall be known as the **'Nur C. Gangji Trust.'**  The TRUSTOR does, on this date, transfer and deliver ten dollars ($10) to the TRUSTEE, plus such other property as is hereafter referred to, *in Trust,* for the following purposes and pursuant to the following conditions:

## ARTICLE I

## TRANSFER OF PROPERTY TO TRUSTEE

The TRUSTOR hereby transfers and delivers unto the TRUSTEE ten dollars ($10) together with the property, insurance policies and/or proceeds and other assets which are partially described in Schedules 'A' and 'B' attached hereto.  Any references in this Declaration of Trust to the 'TRUSTEE' shall refer to the CO-TRUSTEES or sole TRUSTEE serving as such at the relevant time.  The TRUSTEE shall have and hold said properties (whether listed in said

The **Nur C. Gangji** Trust

1

Schedules or not), and all subsequently acquired income, *in Trust*, pursuant to the terms of this Declaration of Trust.

The TRUSTEE shall also hold any other property subsequently added to this Trust by the TRUSTOR or as a result of the payment to this Trust of insurance proceeds, or by any other person or from any other source, *in Trust*, and pursuant to the provisions of this Declaration of Trust. All of the property held by the TRUSTEE pursuant to this Declaration of Trust is hereinafter referred to as the 'Trust Estate,' and shall be held by the TRUSTEE for the uses and purposes, and upon the terms and conditions, set forth in this Declaration of Trust.

## ARTICLE II

### RESERVATION OF RIGHTS IN TRUSTOR

The TRUSTOR reserves the following rights during the TRUSTOR'S lifetime, which may be exercised without the consent of the TRUSTEE, to-wit:

A. To add to the Trust Estate any property, of any nature, kind or description, including cash, securities, real estate, additional insurance policies, or other property, by delivering said property to the TRUSTEE or by transferring or conveying title to said property to the TRUSTEE by appropriate legal documents. The TRUSTOR may also add additional property to this Trust by devising and bequeathing same to the TRUSTEE in the TRUSTOR'S Last Will and Testament. The TRUSTOR may also designate this Trust as the beneficiary of one or more life insurance policies, the ownership of which is in another person or entity other than this Trust.

---

The **Nur C. Gangji** Trust

2

B.   To change, alter, or amend this Declaration of Trust by written instrument, and to change any or all of the beneficiaries of this Trust, or to wholly divest them of any rights to property comprising the Trust Estate, or to limit said beneficiaries in any of their interests or rights herein, without the consent of any other person or persons.

C.   To revoke or vacate this Trust in whole or in part, or to withdraw any of the Trust property from the operation of this Trust at any time during the TRUSTOR'S lifetime.   Such revocation or vacation of this Declaration of Trust, or such withdrawal of property, shall be effected by TRUSTOR'S giving written notice to the TRUSTEE of the TRUSTOR'S intentions in this regard, and upon the receipt of any such notice by the TRUSTEE, the TRUSTEE shall make, execute, and deliver to the TRUSTOR such instruments in writing (including deeds, bills of sale, assignments or otherwise) as may be necessary to release to the TRUSTOR any and all rights which the TRUSTEE may have acquired in any of the properties of the Trust Estate.

D.   To demand an accounting as to any properties held by the TRUSTEE, or as to any income or expenditures made by the TRUSTEE, or as to the location and financial condition of any of the investments comprising the Trust Estate, including liabilities to which any such investment may be subject, any physical depreciation or diminution in value reasonably anticipated by the TRUSTEE, and any other financial information concerning said investments which the TRUSTOR may reasonably require.   The TRUSTEE shall prepare and render an accounting as to the above items no less frequently than annually without the necessity of any request by the TRUSTOR.

---

The **Nur C. Gangji** Trust

in such event, then the gift to that person shall
lapse and the item of personal property so listed
shall instead be disposed of as a part of the
residuary Trust Estate pursuant to the provisions of
this Declaration of Trust.

4.   The TRUSTEE may rely upon the instructions
contained in any list referred to above, and shall not
be liable to any beneficiary because the TRUSTEE
follows said instructions.

5.   To the extent that the laws of any state do not
permit the amendment of this Trust by reference to
such a list as described above, then the person or
persons who otherwise receive the items of personal
property described on said list other than the persons
who are named in said list as the intended
beneficiaries shall receive said items in Trust for
the beneficiaries named in said list and shall deliver
said properties to the intended beneficiaries named in
said list as soon as reasonably possible.

B.   As of the date of execution of the Declaration of
Trust, the TRUSTOR has two living children: **Shan N. Gangji**
and **Tezra Gangji Hendrickson**. Upon the death of the
TRUSTOR, the TRUSTEE shall allocate fifty-five percent
(55%) to **Shan N. Gangji** and shall allocate the rest,
residue and remainder of the Trust Estate to **Tezra Gangji
Hendrickson**, to be held, administered and distributed as
follows:

1.   The TRUSTEE shall allocate and distribute each
such share to the respective child of the TRUSTOR who
is then living, to be held and managed by each such

The **Nur C. Gangji** Trust

14

child herein as TRUSTEE in accordance with the terms and provisions of this Declaration of Trust, and to be distributed as follows:

a.   During the lifetime of each such child to whom such share is allocated, the TRUSTEE shall pay to or apply for the benefit of such child so much of the net income and/or principal of such share as the TRUSTEE, in its sole discretion, shall deem appropriate for the health, maintenance, education or support of such child, with such consideration as the TRUSTEE may give, in its sole discretion, to other sources of support available to such child.

b.   Upon the death of such child, any amount of principal and/or accumulated net income remaining in such share shall be divided among the descendants of such child, *per stirpes*, and shall be held in Trust and distributed in accordance with the terms and provisions hereinafter provided. Each such share shall hereinafter be referred to as a 'Surviving Descendant's Share.' However, notwithstanding the preceding two sentences, each such child may appoint the remainder of such share, by specific reference to this limited power in such child's Last Will and Testament, to or among any one or more of any of such child's descendants in such shares as such child may deem appropriate, and such child may appoint the remainder of such share outright, to a custodian, or to a TRUSTEE to be held in further lawful trust for the benefit of such descendants.  If such child has left no

The **Nur C. Gangji** Trust

descendants then living, this share shall augment proportionately the other shares created in this Section, whether distributed or undistributed.

c.  Each living child of the TRUSTOR shall serve as TRUSTEE with respect to such child's share of the Trust Estate.  In the event such child is at any time unwilling or unable to so serve, the successor TRUSTEE(S) hereinafter appointed to serve under this Declaration of Trust shall serve as TRUSTEE of such child's share, in the order of succession provided with respect to this Declaration of Trust.  The administration of each such share shall be subject to and governed by all of the terms and provisions of this Declaration of Trust, including without limitation those relating to investment powers, notice to parties, restrictions on assignment, rules against remoteness of vesting and governing law.

2.  With respect to any child of the TRUSTOR who is not then living, leaving descendants who are then living, the TRUSTEE shall retain such share in Trust for the benefit of such descendants, *per stirpes*, to be distributed in accordance with the terms and provisions hereinafter provided with respect to a 'Surviving Descendant's Share.'

3.  If any child of the TRUSTOR is not then living, or dies before receiving final distribution of his or her share, leaving no descendants then living, such predeceased child's share shall augment

16

The **Nur C. Gangji** Trust

proportionately the other shares created in this
Section, whether distributed or undistributed.


C.   If all shares of this Trust Estate have been
distributed to the beneficiaries of the TRUSTOR as provided
in paragraph B above, the **NUR C. GANGJI TRUST** shall
terminate upon completion of such distribution.  If,
however, one or more beneficiaries of the TRUSTOR have
predeceased TRUSTOR, leaving descendants then surviving,
'Surviving Descendants' Shares' shall be established as
provided in paragraph B above, to be held and distributed as
provided in paragraph D below.


D.   The Surviving Descendants' Shares in the **Nur C.
Gangji TRUST** designated above may be considered as
undivided equitable interests in the entire principal of
the Trust Estate by the TRUSTEE, it being the TRUSTOR'S
intention that the TRUSTEE have the discretion to
administer said shares as though one single Trust only, and
not as separate Trusts for the several beneficiaries of
this Trust.  Alternatively, the TRUSTEE may establish
separate Trusts for the beneficiaries hereof, in said
TRUSTEE'S discretion. Any other person may make additions
to this Trust or to any separate Trust established
hereunder by conveyance, by gift, by insurance contract, by
Will or otherwise, and any property so added shall be and
become a part of the Trust Estate subject to the provisions
hereof.


E.   During such time as any Surviving Descendant's
Share in the **NUR C. GANGJI TRUST** or a portion of any such
share, is at any time held by the TRUSTEE for a beneficiary
who has attained the age of 21 years, the TRUSTEE shall pay

17

The **Nur C. Gangji** Trust

the net income to such beneficiary in monthly or other convenient installments. Until such beneficiary has attained the age of twenty-one (21) years, the TRUSTEE shall use and apply all or a part of such income for such beneficiary's health, education, maintenance, as the TRUSTEE shall deem appropriate in its sole discretion, and may accumulate any income in excess of such beneficiary's needs and add the same to the principal of such beneficiary's share.

F.  The TRUSTEE shall also have the discretion to expend any portion of the principal of any Surviving Descendant's Share held subject to this Trust as the TRUSTEE deems appropriate for the health, education, maintenance, care, or support of such beneficiary after taking into consideration his or her income and means of support from other sources.

G.  When any beneficiary of a Surviving Descendant's Share for whose benefit any share of this Trust is at any time held dies before the time for distribution to said beneficiary free of Trust, any income which is unexpended or undistributed at the time of such death shall not be a part of such deceased beneficiary's estate, but shall instead be divided among the same persons and in the same manner as the principal of such share, said principal and income to be either held or distributed as part of this Trust.

H.  Distribution free of Trust to a beneficiary of a Surviving Descendant's Share shall be made by the TRUSTEE as follows:

---

The **Nur C. Gangji** Trust

18

1.   When any beneficiary entitled to any share of this
Trust and who was living at the time the TRUSTOR died
attains the age of twenty-five (25) years, such
beneficiary shall have the option and the right to
withdraw from such share up to one-third (1/3) of such
share.  When any such beneficiary attains the age of
thirty (30) years, such beneficiary shall have the
option and right to withdraw from such share up to
one-half (1/2) of the remaining balance of such share;
and upon attaining the age of thirty-five (35) years,
such beneficiary shall have the option and right to
withdraw the entire remaining balance of such share.
Such options and rights to withdraw shall be
cumulative, and if any beneficiary shall have already
attained the age of twenty-five (25), thirty (30) or
thirty-five (35) years at the time when such share is
created for his or her benefit, such option(s) or
right(s) to withdraw shall be immediately available to
said beneficiary.

2.   When any beneficiary entitled to any share of this
Trust and who was *not yet* living at the time the
TRUSTOR died attains the age of twenty-one (21) years,
said beneficiary shall have the option and the right
to withdraw from said share an amount equal to One
Hundred Percent (100%) of said share at any time
during said beneficiary's remaining lifetime;
provided that if said beneficiary shall have already
attained the age of twenty-one (21) years at the time
when such share becomes held for her  benefit, such
option or right to withdraw shall be immediately
available to said beneficiary.

---

The **Nur C. Gangji** Trust

3.   If any beneficiary fails to request the withdrawal of his or her share from this Trust pursuant to the foregoing authority, or otherwise dies before receiving a final distribution of such beneficiary's share, such share, or the portion thereof still retained in Trust, shall continue to be held by the TRUSTEE and, upon such beneficiary's death shall be held, managed and distributed for the benefit (i) of such deceased beneficiary's then-living descendants, if any, or if there be no such descendants, then (ii) of such deceased beneficiary's then-living siblings or the then-living descendants of any predeceased sibling, if any, or   (iii) if there be no such siblings or descendant, of the then-living descendants of TRUSTORS, *per stirpes*, all in accordance with the terms and conditions herein provided with respect to Surviving Descendants' Shares.

I.   With respect to any discretionary distribution made hereunder, the TRUSTEE need not require the exhaustion of a beneficiary's personal resources as a condition for making disbursements under the authority of this Article. The judgment of the TRUSTEE as to the propriety and amount of all such payments shall be conclusive.

J.   However, the TRUSTEE may, in its discretion, require as a condition precedent to any discretionary distribution of any Trust income or principal that the beneficiary furnish evidence of his or her financial condition, income, earning capacity and assets, in form and content satisfactory to the TRUSTEE.   The TRUSTEE shall be entitled to rely upon the written certification of such beneficiary or the guardian of such beneficiary as to the nature and extent of such beneficiary's need for support,

The **Nur C. Gangji** Trust

and the inadequacy of such beneficiary's resources apart
from the Trust.  The TRUSTEE shall not be required to make
further inquiry as to the authenticity of the facts so
certified.

K.  When any expenditure of or encroachment upon the
principal of any share is made pursuant to this ARTICLE,
such share of the Trust Estate shall be reduced
proportionately, and the determination of the exact amount
of such reduction shall be made by the TRUSTEE, and the
TRUSTEE'S determination in this regard shall be binding and
conclusive upon all beneficiaries hereof.

L.  It is the TRUSTOR'S intention that nothing
contained in this Declaration of Trust shall violate the
rule against perpetuities.  Accordingly, notwithstanding
any other provision of this Declaration of Trust to the
contrary, any differentiation between beneficiaries of this
Trust as to the time for the vesting of any interest
therein which shall be required in order to avoid violating
said rule shall be made by the TRUSTEE, and any
distributions of the Trust Estate, free of Trust, which
likewise may be required to avoid violating said rule shall
be made by the TRUSTEE.

M.  No disposition, charge or encumbrance on the
income or principal of any Trust established hereunder
shall be valid or binding upon the TRUSTEE.  No beneficiary
of this Trust shall have any right or power to sell,
assign, convey, mortgage, pledge, anticipate, hypothecate,
or otherwise dispose of any right, title or interest which
any said beneficiary may acquire to the income or principal
of this Trust until said share or a part thereof shall have
been actually paid over and delivered to said beneficiary

---

The **Nur C. Gangji** Trust

21

by the TRUSTEE.  Nor shall the income or principal of this
Trust be liable for, or to any extent subject to, any debts
of any kind or character incurred by or contracted by such
beneficiary before or after the death of the TRUSTOR, nor
shall any such income or principal be subject in any manner
to any claim of any creditor of any beneficiary, or be
liable to attachment, execution or other process of law.

        N.  If the TRUSTEE of any Trust created hereunder
believes that any beneficiary shall not benefit as greatly
from any distribution of income or principal to such
beneficiary because of the potential availability of such
distributed funds to such beneficiary's creditor(s), the
TRUSTEE shall expend such funds for the benefit of such
beneficiary instead of distributing them to him or her, it
being the intention of TRUSTOR to insulate all Trust funds
from the claims of creditors of the Trust's beneficiaries,
to the greatest extent possible under applicable law.  This
paragraph shall not limit the TRUSTEE'S powers and shall be
construed to enable the TRUSTEE to give each beneficiary
the fullest possible benefit and enjoyment of all of the
Trust income and principal to which he or she is entitled
under this Declaration of Trust.

        O.  If, at the time of the final distribution of this
Trust, there be no other person or persons entitled to take
the remaining Trust Estate under the other provisions
hereof because all of the TRUSTOR'S descendants and/or
other beneficiaries named above in this ARTICLE shall all
have predeceased such distribution without surviving
descendants, then the remainder of the Trust Estate, or all
the rest, residue, and remainder of the Trust income and
principal property, as the case may be, shall be
distributed to the heirs-at-law of TRUSTOR.

---

The **Nur C. Gangji** Trust

P.   Any disbursement required or permitted to be made by the TRUSTEE pursuant to the foregoing provisions may be made in cash or in kind, or partly in cash and partly in kind, in the TRUSTEE'S sole discretion, and the TRUSTEE shall have complete authority to determine the manner in which such distribution is to be made.

Q.   Any beneficiary of this Trust may disclaim any gift, benefit or distribution herein given to him or her pursuant to the following terms and conditions:

1.   Any disclaimer must be in writing and must meet the requirements of Section 2518 of the Internal Revenue Code of 1986 (including any substitute or successor section);

2.   Any such disclaimer must be unqualified and irrevocable, and must be in writing, signed, and acknowledged by the beneficiary disclaiming such gift, benefit or distribution;

3.   The written disclaimer must be received by the TRUSTEE of this Trust within nine (9) months of the *latest* of: (i)   the date of death of the TRUSTOR; (ii)   the date the person making said disclaimer attains the age of 21 years;   or (iii) the date said person making said disclaimer first becomes entitled to receive a current benefit of this Trust;

4.   The person making said disclaimer must not have previously accepted any interest or benefit from this Trust; and

---

The **Nur C. Gangji** Trust

23

5. As a result of such disclaimer, the interest being disclaimed shall pass to that person or those persons who would have been entitled to receive said share or interest as though the person disclaiming had predeceased the TRUSTOR.

## ARTICLE VII

### DESIGNATION OF SUCCESSOR TRUSTEES

In the event **Nur C. Gangji** is unwilling or becomes unable, for any reason, to continue to serve as TRUSTEE under this Trust, then  the TRUSTOR nominates and appoints **Shan N. Gangji** and **Tezra Gangji Hendrickson** to serve as Co-TRUSTEES hereunder without the approval of any court.   In the event CO-TRUSTEES have been appointed hereunder and any of such persons is/are unable or unwilling to serve, the other(s) shall serve as TRUSTEE. Only in the event that all such persons are unable or unwilling to act shall the person(s) appointed as next Successor TRUSTEE serve in such capacity.   Should all of the above-named persons be unwilling or become unable to act as TRUSTEE, current income beneficiaries (or their guardians) holding a majority in interest in the Trust Estate shall select a successor TRUSTEE.   Furthermore:

A.   No bond shall be required of any person or any entity herein named as a CO-TRUSTEE or sole TRUSTEE of this Trust.   If a fiduciary bond may not be dispensed with, such bond shall be accepted without surety and in the lowest amount permitted by law.   In the absence of breach of Trust, no TRUSTEE shall ever be required to qualify before, be appointed by, or account to, any court, or to obtain the

---

The **Nur C. Gangji** Trust

order or approval of any court to exercise any power or discretion given hereunder.

B.   Any CO-TRUSTEE or sole TRUSTEE serving as such under this Trust shall be entitled to compensation for services rendered to this Trust according to the reasonable value thereof, or, in the case of a corporate TRUSTEE, in accordance with the regular published fee schedule established by said TRUSTEE.

C.   Any TRUSTEE may resign as the TRUSTEE under this Trust by delivering a written resignation to the TRUSTOR, or a majority in interest of the beneficiaries named in ARTICLE VI of this Trust who are over the age of twenty-one (21) years.

D.   Any reference in this Trust to 'the TRUSTEE' shall be considered as referring to whichever TRUSTEE, CO-TRUSTEE, or successor TRUSTEE is serving as such at the relevant time; provided, however, that any action taken by a CO-TRUSTEE must be consented to by the other CO-TRUSTEE serving as such at the relevant time, if there are two CO-TRUSTEES, or by at least a majority of the CO-TRUSTEES then serving if there are more than two.

E.   During the TRUSTOR'S lifetime, the TRUSTOR shall have the power to name any TRUSTEE or successor TRUSTEE or CO-TRUSTEES under this Trust.

---

The **Nur C. Gangji** Trust

25

# ARTICLE VIII

## POWERS OF TRUSTEE AND ADMINISTRATIVE PROVISIONS

A.   In the administration of any property, real or personal, at any time forming a part of the Trust Estate, including accumulated income, and in the administration of any Trust created hereunder, the TRUSTEE, in addition to and without limitation of the powers provided by law, specifically including those provided in Section 64.1-57 of the Code of Virginia, shall have the following powers to be exercised in the absolute discretion of the TRUSTEE, except as otherwise expressly provided in this Declaration of Trust:

1.   To retain or acquire such property for any period, whether or not the same is of the character permissible for investment by fiduciaries under any applicable law, and without regard to the effect any such retention may have upon the diversity of investments;

2.   To buy, sell, transfer, exchange, convert or otherwise dispose of, or grant options with respect to, such property, real or personal, at public or private sale, with or without security, in such manner, at such times, for such prices, and upon such terms and conditions as the TRUSTEE may deem advisable;

3.   To invest and reinvest in common or preferred stocks, mutual funds, securities, investment Trusts, bonds and other property of any kind or nature, real or personal, foreign or domestic, including any

The **Nur C. Gangji** Trust

26

undivided interest in any one or more common trust funds, whether or not such investments be of the character permissible for investments by fiduciaries under any applicable law, and without regard to the effect any such investment may have upon the diversity of investments;

4.   To open an account with a brokerage firm of the choosing of the TRUSTEE in the TRUSTEE'S name, in the TRUSTEE'S own behalf, for the purpose of purchasing and selling all kinds of securities and authorizing such brokerage firm to act upon any orders, including margin orders, options, both covered and uncovered, commodities, futures, spreads and straddles, derivatives, instructions with respect to such accounts and/or the delivery of securities or money therefrom and received from said TRUSTEE;  and to retain as an investment any securities or other property received through the exercise of any of the foregoing powers;

5.   To exercise any option to purchase stock under any stock option purchase plan in which any TRUSTOR is a participant or may hold such option rights to the extent that any such option rights may be exercised by the TRUSTEE even though the stock involved is stock of a corporation which may be serving as corporate TRUSTEE hereunder, regardless of the amount of such stock or the percentage of the Trust Estate which may be invested in such stock before or after any purchase under such option;

6.   To buy, sell and trade in securities of any nature (including short sales) on margin, and for such

---

The **Nur C. Gangji** Trust

27

purposes to maintain and operate margin accounts with brokers, and to pledge any securities held or purchased with such brokers as security for loans and advances made to the TRUSTEE;

7. To render liquid the Trust Estate or any Trust created hereunder in whole or in part, at any time and from time to time, and to hold unproductive property, cash or readily marketable securities of little or no yield for such period as the TRUSTEE may deem advisable;

8. To lease any such property beyond the period fixed by statute for leases made by fiduciaries and beyond the duration of any Trust created hereunder;

9. To join or become a party to, or to oppose, any reorganization, readjustment, recapitalization, foreclosure, merger, voting trust, dissolution, consolidation, or exchange, and to deposit any securities with any committee, depository or TRUSTEE, and to pay any fees, expenses and assessments incurred in connection therewith, and to charge the same to principal, and to exercise conversion, subscription or other rights, and to make any necessary payments in connection therewith, or to sell any such privileges;

10. To vote in person at meetings of stock or security holders and adjournments thereof, and to vote by general or limited proxy with respect to any stock or securities;

11. To hold stock and securities in the name of a nominee without indicating the Trust character of such

The **Nur C. Gangji** Trust

28

holding, or unregistered or in such form as will pass by delivery, or to use a central depository and to permit registration in the name of a nominee;

12.   To initiate or defend, at the expense of the Trust Estate, any litigation relating to this Declaration of Trust or any property of the Trust Estate which the TRUSTEE considers advisable, and to pay, compromise, compound, adjust, submit to arbitration, sell or release any claims or demands of the Trust Estate or any Trust created hereunder against others, or of others against the same, as the TRUSTEE may deem advisable, including the acceptance of deeds of real property in satisfaction of notes, bonds and mortgages, and to make any payments in connection therewith which the TRUSTEE may deem advisable;

13.   To borrow money for any purpose and upon such terms, for such duration and at such interest rates as the TRUSTEE may deem advisable, from any source, including any TRUSTEE at any time acting hereunder, and to secure the repayment of any and all amounts so borrowed by mortgage or pledge of any property.  The TRUSTEE has the power to pledge any and all property, real or personal, held by the TRUSTEE on behalf of the Trust, as collateral for a loan to TRUSTOR, and the TRUSTOR has the right to direct the TRUSTEE to accomplish such act;

14.   To loan Trust funds to such persons and on such terms, for such duration and at such interest rates, either unsecured or secured by such collateral as the TRUSTEE deems advisable, provided that the TRUSTEE

The **Nur C. Gangji** Trust

shall not lend money to the TRUSTOR'S estate without
receiving adequate security and an adequate rate of
interest.

15.   To buy, sell, possess, manage, develop,
subdivide, control, partition, mortgage, lease or
otherwise deal with any and all real property;   to
satisfy and discharge or extend the term of any
mortgage thereof;   to execute the necessary
instruments and covenants to effectuate the foregoing
powers, including the giving or granting of options in
connection therewith;   to make repairs, replacements
and improvements, structural or otherwise, or abandon
the same if deemed to be worthless or not of
sufficient value to warrant keeping or protecting;   to
abstain from the payment of real estate taxes,
assessments, water charges and sewer rents, repairs,
maintenance and upkeep of the same;   to permit to be
lost by tax sale or other proceeding or to convey the
same for a nominal consideration or without
consideration;   to set up appropriate reserves out of
income for repairs, modernization and upkeep of
buildings, including reserves for depreciation and
obsolescence, and to add such reserves to principal
and, if the income from the property itself should not
suffice for such purposes, to advance out of other
income any sums needed therefor, and advance any
income of the Trust for the amortization of any
mortgage on property held in the Trust.   As used
herein the term 'mortgage' includes mortgages, deeds
of Trust, mortgage deeds and all similar instruments;

16.   To carry insurance of the kinds and in the
amounts which the TRUSTEE considers advisable, at the

The **Nur C. Gangji** Trust

30

expense of the Trust Estate, to protect the Trust
Estate and the TRUSTEE personally against any hazard;

17.  To make distribution of the Trust Estate or of
the principal of any Trust created hereunder in kind,
and to cause any distribution to be composed of cash,
property or undivided fractional shares in property
different in kind from any other distribution, without
regard to the income tax basis of the property
distributed to any beneficiary of any Trust;

18.  To allocate receipts and disbursements of the
Trust Estate between income and principal as the
TRUSTEE in its discretion may determine;

19.  To allocate any generation-skipping transfer
exemption which may be available with respect to the
Trust Estate at the time of death of a TRUSTOR in
whatever way the TRUSTEE, in its sole discretion, may
determine to minimize any generation-skipping transfer
taxes which may be due by reason of any generation-
skipping transfer, either upon such TRUSTOR'S death or
at any time subsequent thereto, as such terms are
defined in the Internal Revenue Code or regulations
thereto in effect at the time of said death, and the
determination by the TRUSTEE with respect to the above
shall be conclusive and binding on all interested
parties;

20.  To pay all costs, charges and expenses of the
Trust Estate, together with reasonable compensation
for the TRUSTEE'S services hereunder, including
services in whole or partial distribution of the Trust
Estate;  and to employ and compensate from the Trust

The **Nur C. Gangji** Trust

31

Estate such Attorneys-in-Fact, assistants and attorneys (including costs of litigation) as in the TRUSTEE'S judgment shall be necessary to protect and manage the Trust property and the distribution of Trust assets as set forth herein;

21.  To operate, either solely or in conjunction with others, any business operation or enterprise of any nature, whether it be a general, limited, or family partnership, a proprietorship or in some other form for as long a time and in such a manner as the TRUSTEE deems proper for the best interest of the Trust.  The TRUSTEE is empowered to purchase and sell, directly or indirectly, precious metals, limited partnership interests of any type, investment quality gems, rare coins and stamps, objects of art, jewelry and property of any and every type which the TRUSTEE deems appropriate in its sole discretion;

22.  To engage or employ such stock, real estate or other brokers, banks, custodians, accountants, attorneys, investment counsel and services, insurance and financial consultants, and other Attorneys-in-Fact, as the TRUSTEE may deem necessary, and for such periods of time as the TRUSTEE shall deem proper, without liability for any mistake or default of any such person selected or retained with reasonable care and prudence;  and to pay all costs, fees, assessments, taxes, insurance premiums, expenses and charges, including reasonable compensation to the TRUSTEE and to any of the aforesaid persons employed or engaged by the TRUSTEE in connection with the administration hereof;

The **Nur C. Gangji** Trust

32

23.   To select distribution periods and exercise such
rights, options and elections as may be permitted or
required of the owner or beneficiary of any IRA,
Keogh, 401(k), pension, profit-sharing or other
qualified or non-qualified retirement plan in which
the TRUSTEE or the Trust may have any interest from
time to time; and,

24.   To establish new financial accounts in the name
of the Trust, including, but not limited to, checking
accounts, savings accounts, certificates of deposit,
credit union accounts, money market accounts and any
other similar accounts, make deposits to, write checks
upon and/or withdraw funds or account balances now or
hereafter outstanding to the credit of the TRUSTEE,
whether or not the check or other instrument is drawn
to the order of the TRUSTEE.

B.   The administration of the Trust shall be subject
to and conducted in accordance with the following
provisions:

1.   No person who deals with any TRUSTEE hereunder
shall be bound to see to the application of any asset
delivered to such TRUSTEE or to inquire into the
authority for, or propriety of, any action taken or
not taken by such TRUSTEE.

2.   No TRUSTEE shall be liable for acts or omissions
in administering the Trust Estate or any Trust created
by this Declaration, except for that TRUSTEE'S own
actual fraud, gross negligence or willful misconduct.
If any TRUSTEE becomes liable as TRUSTEE to any other
person who is not a beneficiary in connection with any

---

The **Nur C. Gangji** Trust

33

matter not within the TRUSTEE'S control and not due to the TRUSTEE'S actual fraud, gross negligence or willful misconduct, such TRUSTEE shall be fully indemnified and held harmless by the Trust Estate and any Trust created hereunder giving rise to such liability, as the case may be, against and in respect of any damages that such TRUSTEE may sustain, including without limitation attorneys' fees.  No successor TRUSTEE shall incur any liability as a result of qualifying as a TRUSTEE hereunder before receiving an account of the previous administration of the Trust Estate and the Trusts created hereunder.

3.  The TRUSTEE is authorized, but not required, to accept any property transferred to the TRUSTEE by any person during such person's lifetime or by such person's Last Will and Testament.  Any property so transferred to, and accepted by, the TRUSTEE shall become a part of such Trust or Trusts created by this Declaration of Trust as such person shall direct and may be commingled with the other property in the Trust or Trusts to which such property has been added and shall be held, administered and disposed of as a part of such Trust or Trusts.

4.  Notwithstanding any restrictions on distribution set forth in this Declaration of Trust, if at any time any Trust created hereunder becomes too small to be economically managed, the TRUSTEE, in its absolute discretion, may terminate that Trust and distribute all property then subject to the Trust to the income beneficiary(ies) thereof, or the legal representative of such person(s), each income beneficiary to take an amount proportional to his or her interest in the

___

The **Nur C. Gangji** Trust

34

Trust income, or if each income beneficiary is not
entitled to a specified portion of Trust income, each
income beneficiary to take an equal amount.

C.   In administering this Trust, and in exercising its
investment and management powers hereunder, the TRUSTEE
shall not be bound by the provisions of the Uniform Prudent
Investment Act or any other similar act or rule of law
commonly characterized or referred to as a 'prudent man' or
'prudent investor' rule.

## ARTICLE IX

### THIRD PARTIES NOT RESPONSIBLE FOR ADMINISTRATION

A.   This Trust is created with the express
understanding that each bank at which an account is
maintained shall have no responsibility as a depository of
funds to see to the proper administration of this Trust.
Upon the transfer of the right, title, and interest in and
to any account by any TRUSTEE hereunder, the bank shall
conclusively treat the transferee as the sole owner of such
right, title and interest.  Until the bank shall receive
from some person interested in this Trust written notice of
any death or other event upon which a right to receive
income or principal may depend, the bank shall incur no
liability for payment made in good faith to persons whose
interests shall have been affected by such event.  The bank
shall be protected in acting upon any notice or other
instrument or document believed by it to be genuine and to
have been signed or presented by the proper party or
parties.

B.   This Trust is created with the express
understanding that each issuer, transfer Attorney-in-Fact

---

The **Nur C. Gangji** Trust

or custodian of any securities held hereunder shall have no responsibility or liability to see to the proper administration of this Trust.  Upon the transfer of the right, title and interest in and to such account by any TRUSTEE hereunder, said issuer, transfer Attorney-in-Fact or custodian shall conclusively treat the transferee as the sole owner of such securities.  Until the issuer, transfer Attorney-in-Fact or custodian shall receive from some person interested in this Trust written notice of any death or other event upon which a right to receive income or principal may depend, the issuer, transfer Attorney-in-Fact or custodian shall incur no liability for payment made in good faith to persons whose interests shall have been affected by such event.  The issuer, transfer Attorney-in-Fact or custodian shall be protected in acting upon any notice or other instrument or document believed by it to be genuine and to have been signed or presented by the proper party or parties.

C.  There are only two signed copies of this Declaration of Trust, one in the possession of the TRUSTEE and the other in the possession of the law firm that prepared it.  Anyone may rely on a copy of said Declaration of Trust certified by a notary public, similar official or an attorney-at-law to be a true copy of the signed original (and of the amendments and other writings, if any, endorsed on or attached thereto) to the same effect as if such copy were the signed original.  Anyone may rely upon any statement of fact certified by anyone who appears from the Declaration of Trust to be a TRUSTEE hereunder.

The **Nur C. Gangji** Trust

## ARTICLE X

### ACCOUNTS OF TRUSTEE

A.   The TRUSTEE, at any time and from time to time, may render to the TRUSTOR an account of the acts and transactions of the TRUSTEE with respect to the income and principal of any Trust created hereunder, from the date of the creation of such Trust or from the date of the last previous account of the TRUSTEE.  After the death of the TRUSTOR, the TRUSTEE, at any time and from time to time, at least annually, shall render an account to the living person or persons who are entitled, at the time of such account, to receive all or a portion of the income of the Trusts herein created.  The approval of any adult person, or a guardian or parent of a minor or incompetent person, to whom an account is rendered shall, as to all matters stated therein, be final and binding upon him or such minor or incompetent person, as the case may be.  An adult person, or a guardian or parent of a minor or incompetent person, to whom an account is rendered shall be deemed to have approved the account if he or she assents to the account in writing or if he or she does not communicate to the TRUSTEE his or her written objections to the account within sixty days after the receipt of the account (provided the account was accompanied by a notice of said sixty-day period within which to raise objections).

B.   The TRUSTOR shall have full power and authority on behalf of all persons interested in any Trust hereunder, whether such interest relates to income or principal, to settle any account of the TRUSTEE.  Such settlement shall be final and binding upon all persons so interested in such Trust.  Upon such settlement, the TRUSTEE shall be fully

37

The **Nur C. Gangji** Trust

and completely discharged and released from all further liability with respect to acts and transactions set forth in the account so settled.

C.   The TRUSTEE shall not be required at any time to file any account in any court, nor shall the TRUSTEE be required to have any account judicially settled.   Nothing herein, however, shall be construed as limiting the right of the TRUSTEE to seek a judicial settlement of any account.

## ARTICLE XI

## DECISIONS OF TRUSTEE ARE CONCLUSIVE; CERTAIN LIMITATIONS

A.   The determination of the TRUSTEE with respect to the amount of any discretionary payment of income or principal from any Trust established hereunder, and of the advisability thereof, shall be final and conclusive on all persons, whether or not then in being, having or claiming any interest in such Trust, and upon making any such payment, the TRUSTEE shall be released fully from all further liability or accountability therefor.

B.   The right of any beneficiary to any payment of income or principal shall in every case be subject to any charge or deduction which the TRUSTEE may make against the same under the authority granted to the TRUSTEE by any law or by this Declaration of Trust.

C.   Notwithstanding any other provision of this Declaration of Trust, the following limitations shall apply to the exercise of any powers by the TRUSTEES:

---

The **Nur C. Gangji** Trust

38

1.   No TRUSTEE shall possess, or participate in the exercise of, any discretionary fiduciary power, granted hereunder or under any applicable law, to make any determination with respect to:

a)   Any payment or application that would discharge any of such TRUSTEE'S legal obligations to support another person; or

b)   Any payment to, or expenditure for the benefit of, such particular TRUSTEE personally, except through possession of or participation in the exercise of any power (or severable portion thereof) to consume, invade, or appropriate property for the TRUSTEE'S personal benefit, if such power is granted hereunder and limited by an ascertainable standard relating to the TRUSTEE'S health, education, support or maintenance; or

c)   Any payment to or expenditure for the benefit of anyone other than the TRUSTEE personally to be made from property in which the TRUSTEE has any personal beneficial interest, except through the possession of or participation in the exercise of any fiduciary power (or severable portion thereof) granted hereunder to make any payment to or expenditure for the benefit of anyone other than the TRUSTEE personally, the exercise or nonexercise of which is limited by an ascertainable standard set forth herein; or

d)   Any other payment or exercise of a power, whether granted hereunder or under any applicable law, if, under the then-applicable federal tax

The **Nur C. Gangji** Trust

39

laws, such TRUSTEE'S sole possession and/or exercise (as though the only TRUSTEE) of such power would cause all or a part of such trust to be attributed to any person for purposes of federal income or transfer taxes before such person receives the actual distribution or benefit of such trust property.

2.  If the limitations contained in subparagraph 1 would prevent the exercise of one or more powers granted to a TRUSTEE, but such powers could be exercised either by such named TRUSTEE acting jointly with an independent TRUSTEE or by an independent TRUSTEE acting alone, then such named TRUSTEE shall appoint an additional CO-TRUSTEE, if an independent TRUSTEE is not then serving, who can exercise those powers without violating subparagraph 1.  Such an independent TRUSTEE will act jointly with such named TRUSTEE whenever their joint exercise of power will not violate the restrictions imposed by subparagraph 1; and such independent TRUSTEE will act alone whenever such separate action is required to exercise a power without violating the restrictions imposed by subparagraph 1.

## ARTICLE XII

### SIMULTANEOUS DEATH

For purposes of this Declaration of Trust, any beneficiary hereunder shall be deemed to have predeceased the TRUSTOR or any other person upon whose death such beneficiary shall become entitled to receive income or principal, unless such beneficiary shall survive the

The **Nur C. Gangji** Trust

TRUSTOR or such other person by more than FORTY FIVE (45) days. The provisions of this Declaration of Trust shall be construed as aforesaid, notwithstanding the provisions of any applicable law establishing a different presumption of order of death or providing for survivorship for a fixed period as a condition of inheritance of property.

## ARTICLE XIII

## TRUST TO PAY TAXES, DEBTS, AND EXPENSES

The Trust Estate shall be charged with the payment of any federal estate taxes, or any state death or inheritance taxes which may be assessed upon the TRUSTOR'S estate. The TRUSTEE may rely conclusively upon written advice from the Executor of the TRUSTOR'S estate, or upon any other competent evidence as to the existence of such taxes and the amount thereof. If the TRUSTEE shall be required to pay any such taxes, they shall be charged against the principal of the Trust Estate. In addition to the foregoing, the Trust Estate shall be charged with the payment of any funeral expenses attributable to the funeral of the TRUSTOR, the payment of any lawful debts owed by the TRUSTOR as of the date of the TRUSTOR'S death, and any expenses associated with the last illness of TRUSTOR. The TRUSTEE shall be permitted to continue any debt to which an asset of the Trust Estate is subject, including without limitation any installment debt, mortgage or Trust deed obligation, and may refuse to pay any debt in the event the TRUSTEE, in the TRUSTEE'S judgment, deems said indebtedness improper or not properly payable by the Trust Estate.

The **Nur C. Gangji** Trust

41

# ARTICLE XIV

## UNREGISTERED AND AFTER-ACQUIRED PROPERTY

TRUSTOR agrees and binds herself, her executors, heirs and assigns as follows:

A.   That by the execution of this Declaration of Trust, the TRUSTOR hereby transfers and conveys to herself, as TRUSTEE, all that unregistered personal property of every type owned by her;

B.   That any additional personal property, whether received by purchase, gift, inheritance or otherwise, shall pass without further action on the part of TRUSTOR or TRUSTEE into the Trust Estate and shall be held by TRUSTEE, or TRUSTEE'S successor, in the TRUSTEE'S capacity as TRUSTEE.

# ARTICLE XV

## QSST PROVISIONS

If any stock transferred to the Trust Estate qualifies as S-Corporation Stock pursuant to Internal Revenue Code Section 1361, such stock shall be allocated to a separate share, known as the 'QSST Share,' and shall be managed according to the following provisions:

A.   During the life of the transferor(s) of said stock, the sole beneficiary of the QSST share shall be the transferor(s) of said stock;

B.   Any income or corpus of the QSST share shall be distributed only to the transferor(s);

---

The **Nur C. Gangji** Trust

42

C.   The transferor's right to receive income from the QSST share shall terminate upon the earlier of the transferor's death or the termination of this Trust;

D.   If the Trust terminates during the life of the transferor, the QSST Share shall be distributed in its entirety to the transferor;   and

E.   Upon the death of the transferor, the QSST Share shall merge with the residue of the Trust Estate.

### ARTICLE XVI

### DEFINITIONS AND CONSTRUCTIONS

A.   The validity and construction of this Declaration of Trust and the Trusts created hereunder shall be governed by the laws of the Commonwealth of Virginia.   The initial situs of the Trust shall be the Commonwealth of Virginia. The TRUSTOR may, by written instrument signed and acknowledged by the TRUSTOR, designate a different situs, in which case the law of such designated situs shall govern.

B.   The words 'child' and 'children,' wherever used in this Declaration of Trust, shall include not only the child and children of the person or persons designated, but also the legally adopted child and children of such person or persons.   The words 'descendant' and 'issue,' which are synonymous, wherever used in this Declaration of Trust, shall include not only the child, children, issue and all descendants of such person or persons designated, but also the legally adopted child and children of such person or persons and the child, children, issue or descendants

The **Nur C. Gangji** Trust

43

thereof.  A person in gestation who is later born alive
shall be treated as alive during the period of gestation
for purposes of determining (1) whether any person has died
without leaving issue or descendants surviving him or her,
(2) the right to distributions on the termination of a
trust created under this Declaration of Trust, and (3) any
person's right to share in required principal
distributions.  For all other purposes such person's rights
accrue only from the date of birth.

C.  For purposes of this Declaration of Trust, the
phrases 'health, education, support or maintenance' and
'health, support or maintenance' shall be construed in such
manner as to be an ascertainable standard for federal
estate and gift tax purposes, such that the exercise,
release, or lapse of a power which is limited by this
standard will not be taxable for federal estate or gift tax
purposes.  In this regard and without limiting the
foregoing, 'support' and 'maintenance' are synonymous,
shall not be limited to bare necessities of life, and shall
be the same as 'support and maintenance in reasonable
comfort.'  The word 'support' when applied to the surviving
spouse of the TRUSTOR shall mean 'support in such spouse's
accustomed manner of living.'

D.  For purposes of this Declaration of Trust, a
TRUSTOR shall be deemed 'incapacitated' in the event that:

1.  Two physicians regularly attending the TRUSTOR, at
least one of whom is board certified in the specialty
most closely associated with the alleged disability,
have specified in writing in their Statements of
Expert Evaluation or in similar statements, that the
TRUSTOR is unable to competently serve as TRUSTEE

The **Nur C. Gangji** Trust

under the Declaration of Trust because of physical or mental impairment, in that the TRUSTOR is so impaired as a result of a physical or mental illness or disability, advanced age, retardation, or as a result of chronic substance abuse, that the TRUSTOR is incapable of taking proper care of the TRUSTOR'S self or property or that the TRUSTOR has failed to provide for the TRUSTOR'S family or other persons for whom the TRUSTOR is charged by law to provide, or the TRUSTOR is confined to a penal institution; or

2.   A court of competent jurisdiction determines that the TRUSTOR is unable to manage the TRUSTOR'S own affairs and/or those of the Trust, or is 'incompetent' or 'incapacitated' within the meaning of any applicable statute or definition established by law or regulation; provided however that any person having access to this Declaration of Trust may bring it to the attention of independent counsel for the TRUSTOR and/or the Guardian ad litem of TRUSTOR so that the court may be informed that it is the TRUSTOR'S wish that if the court finds the TRUSTOR to be incompetent or incapacitated, its order shall be limited to such finding, that all assets of TRUSTOR not presently in the Trust be transferred thereto to be held by the TRUSTEE in accordance with the provisions of Article I above, that the TRUSTOR'S financial affairs shall be managed without court supervision in accordance with the terms of this Declaration of Trust and that the guidelines for the care of the TRUSTOR set forth in this Declaration of Trust shall be considered to be in the 'best interest' of the TRUSTOR within the meaning of any statute or common law, irrespective of whether

The **Nur C. Gangji** Trust

alternative arrangements for the TRUSTOR'S care might be less costly.

E.   If the TRUSTOR has been declared incapacitated as provided hereunder, but should thereafter recover and feel capable of taking proper care of the TRUSTOR'S person and/or of administering the Trust Estate, the TRUSTOR may have the TRUSTOR'S capacity restored by one of the following procedures:

1.   Confirmation of Capacity - Capacity may be confirmed in writing by any two physicians regularly attending the TRUSTOR, at least one of whom is board certified in the specialty most closely associated with the previously certified disability, appointed at the sole discretion of the Successor TRUSTEE; or

2.   Application to Terminate Incapacity - Application to terminate incapacity may be made to a court of competent jurisdiction, within the jurisdiction of the situs of the Trust at the time.

Upon recovery of capacity, the TRUSTOR shall resume the right to exercise the powers granted to him or her under the terms of this Trust and resume his or her role as TRUSTEE, upon providing to the then-acting TRUSTEE a written statement of his or her intention to resume such role.

The provisions of this paragraph E and paragraph D, above, shall also apply to any TRUSTEE serving at such time the determination of incapacity is made.   Any TRUSTEE who has been deemed incapacitated shall not serve as TRUSTEE unless capacity is restored under this Paragraph E.

---

The **Nur C. Gangji** Trust

F.   If the TRUSTOR has misnamed any charity designated
as a beneficiary of the Trust Estate, the TRUSTEE shall
have the authority and sole discretion to determine the
charity intended by the TRUSTOR.

G.   In order to minimize the impact of any generation-
skipping tax that may be applied to any of the Trusts
created by this Declaration or their beneficiaries, the
TRUSTEE, in its sole and absolute discretion, is authorized
to take the following actions:

1.   If any Trust created under this Declaration
would be partially exempt from generation-
skipping tax by reason of an allocation of a
generation-skipping tax exemption to it, prior to
such allocation the TRUSTEE shall divide the
total Trust assets allocable to such Trust into
two separate Trust shares of equal or unequal
value, to permit allocation of the exemption
solely to one Trust share (the 'Exempt Trust').
The Exempt Trust shall consist of a fractional
interest of such total Trust assets in an amount
necessary to cause the Exempt Trust to be
entirely exempt for generation-skipping tax.  The
other Trust share (the 'Nonexempt Trust') shall
consist of the remaining fractional interest of
such total Trust assets.  For purposes of this
allocation, asset values as finally determined
for federal estate tax purposes shall be used.

2.   If any Trust created under this Declaration,
whether created under this paragraph or not, is
entirely exempt or nonexempt from generation-
skipping tax and adding property to it would

47

The **Nur C. Gangji** Trust

partially subject such Trust to generation-skipping tax, the TRUSTEE may hold that property in a separate Trust in lieu of making the addition.

3.   If the TRUSTEE divides a Trust into two separate Trust shares or creates a separate Trust for additions pursuant to this section, the Trusts or Trust shares that result shall have the same terms and conditions as the original Trust. The TRUSTEE shall not make discretionary distributions from the income or principal of the Exempt Trust to beneficiaries who are nonskip persons as long as any readily marketable assets remain in the Nonexempt Trust.

4.   Upon division or distribution of an Exempt Trust and a Nonexempt Trust, the TRUSTEE may allocate property from the Exempt Trust first to a share from which a generation-skipping transfer is more likely to occur.

5.   If the TRUSTEE considers that any distribution from a Trust under this Declaration, other than pursuant to a power to withdraw or appoint, is a taxable distribution subject to a generation-skipping tax payable by the beneficiary, the TRUSTEE shall augment the distribution by an amount which the TRUSTEE estimates to be sufficient to pay the tax and shall charge the same against the Trust to which the tax relates.

---

The **Nur C. Gangji** Trust

6.  If the TRUSTEE considers that any termination
of an interest in any portion of the Trust Estate
is a taxable termination subject to a generation-
skipping tax, the TRUSTEE shall pay the tax from
the portion of the Trust Estate to which the tax
relates, without adjustment of the relative
interests of the beneficiaries.

H.  Whenever this Declaration of Trust makes reference
to distributions or allocations to be made from the Trust
Estate to or for the benefit of then-living or then-
surviving beneficiaries, the identity of those
beneficiaries shall be determined at the time the right to
receive each such distribution accrues.  For example, where
the distribution of a share of the Trust Estate that had
been held in a support Trust until the death of the life
beneficiary is to be made to 'then-living children, or to
the issue of children who are not then-living,' the
beneficiaries shall be the children who have survived until
that time and the issue (rather than the estates) of then-
deceased children.

I.  Wherever used in this Declaration of Trust and the
context so requires, the masculine shall include the
feminine and the singular shall include the plural, and
vice versa.

J.  The captions in this Declaration of Trust are for
convenience of reference, and they shall not be considered
when construing this Declaration of Trust.

K.  If under any of the provisions of this Declaration
of Trust any portion of the Trust Estate would be held in
Trust for longer than a period ending on the date twenty-

49

The **Nur C. Gangji** Trust

one years after the death of the TRUSTOR and the issue of the TRUSTOR and the other beneficiaries hereunder in being when this Declaration of Trust becomes irrevocable, then, upon such date, the Trust with respect to such portion shall terminate and the principal of such portion, and any unpaid income thereof, shall be paid and distributed to the person or persons then living who would have been entitled to receive the income therefrom had the Trust continued, in the proportions to which they would have been so entitled, or if such proportions are indefinite, equally to such beneficiaries without regard to their relationship to the TRUSTOR.   For purposes of this paragraph, any beneficiary entitled to receive support shall be considered entitled to receive income.

L.   Any controversy between a TRUSTEE and any other TRUSTEE or TRUSTEES, or between any other parties to this Trust, including beneficiaries, involving the construction or application of any of the terms, provisions, or conditions of this Declaration of Trust shall, on the written request of either or any disagreeing party served on the other or others, be submitted to arbitration.   The parties to such arbitration shall each appoint one person to hear and determine the dispute and, if they are unable to agree, then the two persons so chosen shall select a third impartial arbitrator whose decision shall be final and conclusive upon both parties.   The costs of arbitration shall be born by the losing party or in such proportion as the arbitrator(s) shall decide.   Such arbitrations shall comply with the commercial Arbitration Rules of the American Arbitration Association, 140 West 51st Street, New York, New York 10200.

---

50

The **Nur C. Gangji** Trust

M.   The TRUSTOR desires that this Trust, the Trust Estate and the TRUSTEES and beneficiaries shall not be involved in time-consuming and costly litigation concerning the administration of this Trust and/or the distribution of its assets.   Additionally, the TRUSTOR has taken great care to specify, through the provisions of this Declaration of Trust, the manner in which she wants the Trust Estate distributed.   Therefore, if a beneficiary, or a representative of a beneficiary, or one claiming a beneficial interest in the Trust Estate, should legally challenge this Declaration of Trust, its provisions, or the competency of the TRUSTOR to establish this Trust, then all assets held for the benefit of, or to be distributed to, such challenging beneficiary or party shall be retained in Trust and distributed to the remaining beneficiaries herein named, as if said challenging beneficiary or party and all his or her descendants had predeceased the distribution of the Trust Estate.   In the event that any court of law determines that any individual who is either a beneficiary or who is not named as a beneficiary shall have a right to any interest in the Trust Estate, other than as specified in this Declaration of Trust, TRUSTOR directs that such individual shall have distributed to him one dollar ($1.00) from the Trust Estate and nothing more.

N.   Except to the extent costs are assessed against such challenging beneficiary or party, the defense of any such challenge or litigation, including costs incurred by representatives of the TRUSTOR'S estate, the TRUSTEE of this Trust and its Attorneys-in-Fact, attorneys, accountants and representatives, shall be paid for by the TRUSTEE from the Trust Estate.

The **Nur C. Gangji** Trust

O.   This Declaration of Trust shall extend to and be binding upon the heirs, executors, administrators, successors and assigns of the undersigned TRUSTOR and upon all TRUSTEES acting hereunder.

P.   TRUSTOR desires that the provisions of this Declaration of Trust remain private and confidential. TRUSTOR directs that only the information concerning the benefits held for or distributable to any particular beneficiary be revealed to such beneficiary and that no person shall be entitled to information concerning benefits held for or distributable to any other person.

Q.   If any part of any provision of this Trust shall be invalid or unenforceable under applicable law, such part shall be ineffective to the extent of such invalidity only, without in any way affecting the remaining parts of such provision or the remaining provisions of this Trust.

R.   Notwithstanding any other provision hereof, and except as provided in this paragraph, the TRUSTEE may not distribute to or for the benefit of TRUSTOR'S estate, any charity or any other non-individual beneficiary any benefits payable to this Trust under any qualified retirement plan, individual retirement account or other retirement arrangement subject to the 'minimum distribution rules' of s. 401(a)(9) of the Code, or other comparable provisions of law.  It is TRUSTOR'S intent that all such retirement benefits be distributed to or held for only individual beneficiaries, within the meaning of s. 401(a)(9) and applicable regulations.  Accordingly TRUSTOR directs that such benefits may not be used or applied for payment of TRUSTOR'S debts, taxes and other claims against TRUSTOR'S 'estate' except to the minimum extent that would be required under applicable state or federal law in the absence of any specific provision on the

The **Nur C. Gangji** Trust

subject in TRUSTOR'S will or this Trust or any other Trust established by TRUSTOR.

S. **Homestead-Florida Property.**  The TRUSTOR reserves the right to reside upon any property placed into this Trust, as the TRUSTOR'S permanent residence during the TRUSTOR'S life, it being the intent of this provision to preserve in the TRUSTOR the requisite beneficial interest and possessory right in and to such real property, to comply with section 196.031 of the Florida Statute, such that the TRUSTOR'S possessory right constitutes in all respects, 'Equitable Title to real estate,' as that term is used in Section 6 Article 7 of the Constitution of the State of Florida.  Notwithstanding, anything contained in this Trust Agreement to the contrary, the interest of the TRUSTOR in any real property on which the TRUSTOR resides pursuant to the provisions of this Trust shall be deemed to be an interest of real property and not personalty.

The **Nur C. Gangji** Trust

53

IN WITNESS WHEREOF, this Declaration of Trust has been duly executed as of October 6, 2000.

_____              _____
**Nur C. Gangji**,                          **Nur C. Gangji**,
TRUSTOR                                     TRUSTEE

The declarant signed the foregoing document in our presence.

_____
Witness                                     7601 Lewinsville Rd.-Ste. 101

                                            McLean, Virginia

_____
Witness                                     7601 Lewinsville Rd.-Ste. 101

                                            McLean, Virginia


### NOTARIZATION

COMMONWEALTH OF VIRGINIA  )
                          )    ss.
COUNTY OF FAIRFAX         )

On this 6th day of October, 2000, **Nur C. Gangji**, known to me (or satisfactorily identified) to be the person named in the foregoing instrument, personally appeared before me, a Notary Public, within and for the Commonwealth and County aforesaid, and acknowledged that she freely and voluntarily executed the same for the purposes stated therein. In addition, DONALD O'LEARY   and  PATRICIA M. COLLINS  appeared and acknowledged that they voluntarily affixed their signatures hereto as witnesses. I further attest that **Nur C. Gangji** appears to be of sound mind and not under or subject to duress, fraud, or undue influence.

                                            NOTARY SEAL

_____
Notary Public

**My Commission Expires:**

                        LAURA M. SHERMAN
                NOTARY PUBLIC COMMONWEALTH OF VIRGINIA
                My Commission Expires December 31, 2004


—————————                                                              54

The **Nur C. Gangji** Trust