

# Reinsel Kuntz Lesher LLP

*Certified Public Accountants and Consultants*

1330 Broadcasting Road
P.O. Box 7008
Wyomissing, PA 19610-6008
Phone 610.376.1595
Fax 610.376.7340
www.rklcpa.com
Reading • Lancaster • Harrisburg

November 16, 2009

Clerk of the United States Bankruptcy Court
  For the Southern District of New York
One Bowling Green
New York, NY 10004



RECEIVED NOV 17 2009 U.S. BANKRUPTCY COURT, SDNY

Irving H. Pickard, Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111

Re:  Formal Written Opposition of Trustee's Determination of Claim
     Bankruptcy Case No. 08-1789 (BRL)
     Bally-ko Partners
     BLMIS Account # 1CM561 – Claim Number 007075

Dear Sir/Madam:

This letter is notice that the above named claimant disagrees with the Trustee's determination (copy enclosed) on this claim and requests a hearing before Bankruptcy Judge Burton R. Lifland. The Claimant (Bally-ko Partners) asserts that despite the overall net equity position, based on the specific facts of this case, the Claimant deserves a full SIPC recovery of $500,000.00.

The Claimant was formed between David Thun and his business partner with a small interest being held by Mr. Thun's daughter. The purpose of the partnership was to pool their resources to invest in various investment opportunities. Initially the partnership invested in several other opportunities other than Bernard L. Madoff Investment Securities LLC ("BLMIS"). In 1999, through the contacts of Mr. Thun's partner, the Claimant began investing in BLMIS. The structure of the partnership remained constant through 2004. In 2004 for various reasons Mr. Thun and his partner decided that they should no longer invest together. Thus it was decided that the partner would transfer his portion of the Claimants investment. It was determined that he should transfer his investment because he held other BLMIS accounts and this would allow both Claimant and the partner to remain invested in BLMIS. In addition, the Claimant understood that their account had reached a sufficient value such that it would qualify as a stand-alone BLMIS account without the partner share of the investment. As such, the partner simply applied to BLMIS to transfer his share of Claimant to their other BLMIS accounts. This transfer is confirmed by the Trustee in their decision dated 10/19/09.

On 05/05/04 the partner transferred his portion of the Claimant investment. Per the Trustee's records (copy of deposit/withdrawal schedule enclosed) these amounts were transferred directly from the Claimant's BLMIS account to two BLMIS accounts controlled by the partner. The funds never left BLMIS. These were not withdrawals, but a relocation of funds between BLMIS accounts. No profits were removed from BLMIS by either Claimant or the exiting partner as part of this transfer. The Claimant and the exiting partner both sustained substantial net cash losses on the demise of BLMIS. Trustee has in their possession SIPC claims by the partner and Claimant which substantiate these losses. The sole purpose

*Fresh thinking. Solid solutions.*

RSM McGladrey Network
An Independently Owned Member



of this transfer was to separate the investments of the Claimant from the exiting partner. No profits were taken from the BLMIS at this transfer. The deposit/withdrawal schedule calculated by the Trustee confirms that the transaction on 5/5/04 was not a withdrawal from BLMIS.

The Claimant continued to hold the investment from the time of the transfer until the BLMIS enterprise was shut down. The Claimant filed their SIPC claim showing the deposits/withdrawals for the two partners remaining, which they assert truly represents the net equity as defined by the Trustee of the Claimant. The transfer that transpired in May of 2004 by the other partner was not a true withdrawal of funds from the BLMIS. In essence it was an administrative transfer that allowed the Claimant and the partner to separate their investment in BLMIS. As the Trustee's records indicate **No Funds** were withdrawn from BLMIS as a result of the transfer in 2004 by the partner. The Claimant asserts that the calculation of net equity done by the Trustee does not properly reflect the true transaction. The purpose of the net equity calculation is to insure that no investor in BLMIS that withdrew more cash than they deposited would be eligible for a SIPC claim. Based on the facts as outlined above this is certainly not the case for the Claimant. The Claimant and his partner clearly in the aggregate deposited more funds than were withdrawn. As previously stated, the deposit/withdrawal schedule as originally filed fairly represents Claimant's deposit and withdrawal activity within BLMIS. Although we understand the methodology employed by the Trustee we assert that based on the totality of the facts that Claimant's calculation more fairly represents the facts of this claim.

Conclusion:

We request that the Claimant's application for a SIPC claim be reviewed applying the additional information disclosed above. As noted, the application as originally submitted represents the true net equity of the Claimant in BLMIS. The withdrawals by the terminated partner originally booked against this account, should be removed and treated as a reallocation of funds within BLMIS (as verified on the Trustee's deposit/withdrawal schedule). The amount should be disregarded as both a withdrawal from the Claimant's accounts and contributions to the other BLMIS accounts.

Thus we request that the Claimant's original net deposit/withdrawals schedule be accepted. (Note a revised schedule is attached to reflect adjustments made by the Trustee.) The revised analysis set forth on the schedule indicates that the amount of the money withdrawn is less than the amount deposited with BLMIS. Since the net amount of the deposits exceeds the withdrawals by more than $500,000.00, we request that the Claimant receive the maximum amount allowed by the SIPC regulations - $500,000.00.

Claimant reserves the right to further supplement this claim prior to the scheduled hearing. Please review the enclosed information and contact us should you need any additional information at 610-376-1595.

Sincerely yours,

REINSEL KUNTZ LESHER LLP

Michael R. DePaul, Jr., Esq.

MRD/pks

Under penalties of perjury, I declare that I have examined the information and assertions made in this letter and to the best of my knowledge and belief it is true and correct.

_____
David L Thun
Trustee of Bally-ko Partners


Under penalties of perjury, I declare that I have examined the information and assertions made in this letter and to the best of my knowledge and belief it is true and correct.

_____
Michael R. DePaul, Jr. Esq.
Reinsel Kuntz Lesher, LLP

Bally-Ko Partners
Attn: Mr. David Thun
67 Evans Hill Rd
Sinking Spring, PA 19608
Account #: 1CM561
Revised Deposit/ Withdrawal Schedule

| Date | Initial Inv. | Add'l Investments | Withdrawals |
|---|---|---|---|
| 01/19/99 | $1,166,249.50 | | |
| 04/01/99 | | $ 3,000,000.00 | |
| 07/01/99 | | | ($60,000.00) |
| 10/01/99 | | | ($60,000.00) |
| 01/03/00 | | | ($60,000.00) |
| 04/03/00 | | | ($60,000.00) |
| 07/03/00 | | | ($60,000.00) |
| 10/02/00 | | | ($80,000.00) |
| 01/02/01 | | | ($80,000.00) |
| 04/02/01 | | | ($80,000.00) |
| 07/02/01 | | | ($120,000.00) |
| 10/01/01 | | | ($120,000.00) |
| 01/01/02 | | | ($120,000.00) |
| 04/01/02 | | | ($120,000.00) |
| 07/01/02 | | | ($120,000.00) |
| 10/08/02 | | | ($165,000.00) |
| 01/01/03 | | | ($180,000.00) |
| 04/01/03 | | | ($180,000.00) |
| 07/01/03 | | | ($180,000.00) |
| 07/03/02 | | $ 1,604,115.00 | |
| 10/01/03 | | | ($180,000.00) |
| 01/01/04 | | | ($180,000.00) |
| 04/01/04 | | $ 3,500,000.00 | |
| 04/28/04 | | | ($250,000.00) |
| 07/01/04 | | | ($150,000.00) |
| 10/01/04 | | | ($150,000.00) |
| 01/01/05 | | | ($200,000.00) |
| 03/29/05 | | | ($550,000.00) |
| 04/01/05 | | | ($200,000.00) |
| 07/01/05 | | | ($200,000.00) |
| 10/01/05 | | | ($200,000.00) |
| 12/01/05 | | | ($750,000.00) |
| 01/01/06 | | | ($200,000.00) |
| 04/01/06 | | | ($200,000.00) |
| 04/12/06 | | $ 1,000,000.00 | |
| 07/01/06 | | | ($200,000.00) |
| 10/02/06 | | | ($200,000.00) |
| 01/06/07 | | | ($200,000.00) |
| 04/04/07 | | | ($200,000.00) |
| 07/02/07 | | | ($200,000.00) |
| 10/04/07 | | | ($200,000.00) |
| 01/04/08 | | | ($200,000.00) |
| 04/04/08 | | | ($200,000.00) |
| 07/01/08 | | | ($200,000.00) |
| 10/01/08 | | | ($200,000.00) |
| Total | $1,166,249.50 | $ 9,104,115.00 | ($7,255,000.00) |
| Total Initial and Additional Investments | | | $10,270,364.50 |
| NET TOTAL | | | $3,015,364.50 |

# BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

## DECEMBER 11, 2008[1]

## NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

October 19, 2009

Bally Ko Partnership
c/o David Thun
67 Evans Hill Road
Sinking Spring, Pennsylvania 19608

Dear Bally Ko Partnership:

### PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claims on BLMIS Account No. 1CM561 designated as Claim Number 007075.

Your Combined Claim securities is **DENIED**. No securities were ever purchased for your account.

Further, based on the Trustee's analysis, the amount of money you withdrew from your account at BLMIS (total of $10,957,258.62), as more fully set forth in Table 1 annexed hereto and made a part hereof, is greater than the amount that was deposited with BLMIS for the purchase of securities (total of $10,270,364.59). As noted, no securities were ever purchased by BLMIS for your account. Any and all profits reported to you by BLMIS on account statements were fictitious.

---

[1] Section 78lll(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78lll(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

300032112.1

Since there were no profits to use either to purchase securities or to pay you any money beyond the amount that was deposited into your BLMIS account, the amount of money you received in excess of the deposits in your account ($686,894.03) was taken from other customers and given to you. Accordingly, because you have withdrawn more than was deposited into your account, you do not have a positive "net equity" in your account and you are not entitled to an allowed claim in the BLMIS liquidation proceeding. Therefore, your Combined Claim is **DENIED** in its entirety.

Should a final and unappealable court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by you in having your customer claim re-determined in accordance with any such Court order.

Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by the Trustee against you.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after October 19, 2009, the date on which the Trustee mailed this notice.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

> Clerk of the United States Bankruptcy Court for
> the Southern District of New York
> One Bowling Green
> New York, New York 10004
>
> and
>
> Irving H. Picard, Trustee
> c/o Baker & Hostetler LLP
> 45 Rockefeller Plaza
> New York, New York 10111

_____
Irving H. Picard

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities

### Table 1
### DEPOSITS

| DATE | TRANSACTION DESCRIPTION | AMOUNT |
|---|---|---|
| 1/12/1999 | CHECK WIRE | $1,142,484.38 |
| 1/19/1999 | CHECK WIRE | $23,765.21 |
| 4/1/1999 | CHECK WIRE | $1,500,000.00 |
| 4/1/1999 | CHECK WIRE | $1,500,000.00 |
| 7/3/2002 | CHECK WIRE | $1,604,115.00 |
| 4/1/2004 | CHECK WIRE | $1,900,000.00 |
| 4/1/2004 | CHECK WIRE | $875,000.00 |
| 4/1/2004 | CHECK WIRE | $725,000.00 |
| 4/12/2006 | CHECK WIRE | $1,000,000.00 |
| **Total Deposits:** | | $10,270,364.59 |

### WITHDRAWALS

| DATE | TRANSACTION DESCRIPTION | AMOUNT |
|---|---|---|
| 7/1/1999 | CHECK | ($60,000.00) |
| 10/1/1999 | CHECK | ($60,000.00) |
| 1/3/2000 | CHECK | ($60,000.00) |
| 4/3/2000 | CHECK | ($60,000.00) |
| 7/3/2000 | CHECK | ($60,000.00) |
| 10/2/2000 | CHECK | ($80,000.00) |
| 1/2/2001 | CHECK | ($80,000.00) |
| 4/2/2001 | CHECK | ($80,000.00) |
| 7/2/2001 | CHECK | ($120,000.00) |
| 10/1/2001 | CHECK | ($120,000.00) |
| 1/2/2002 | CHECK | ($120,000.00) |
| 4/1/2002 | CHECK | ($120,000.00) |
| 7/1/2002 | CHECK | ($120,000.00) |
| 10/1/2002 | CHECK | ($165,000.00) |
| 1/2/2003 | CHECK | ($180,000.00) |
| 4/1/2003 | CHECK | ($180,000.00) |
| 7/1/2003 | CHECK | ($180,000.00) |
| 10/1/2003 | CHECK | ($180,000.00) |
| 1/2/2004 | CHECK | ($180,000.00) |
| 4/28/2004 | CHECK | ($250,000.00) |
| 5/5/2004 | TRANS TO 1CM64130 | ($463,818.96) |
| 5/5/2004 | TRANS TO 1CM50530 | ($3,238,439.66) |
| 7/1/2004 | CHECK | ($150,000.00) |
| 10/1/2004 | CHECK | ($150,000.00) |
| 1/3/2005 | CHECK | ($200,000.00) |
| 3/29/2005 | CHECK | ($550,000.00) |
| 4/1/2005 | CHECK | ($200,000.00) |
| 7/1/2005 | CHECK | ($200,000.00) |
| 10/3/2005 | CHECK | ($200,000.00) |
| 12/2/2005 | CHECK | ($750,000.00) |
| 1/3/2006 | CHECK | ($200,000.00) |
| 4/3/2006 | CHECK | ($200,000.00) |
| 7/3/2006 | CHECK | ($200,000.00) |

| | | |
|---|---|---|
| 10/2/2006 | CHECK | ($200,000.00) |
| 1/2/2007 | CHECK | ($200,000.00) |
| 4/2/2007 | CHECK | ($200,000.00) |
| 7/2/2007 | CHECK | ($200,000.00) |
| 10/1/2007 | CHECK | ($200,000.00) |
| 1/2/2008 | CHECK | ($200,000.00) |
| 4/1/2008 | CHECK | ($200,000.00) |
| 7/1/2008 | CHECK | ($200,000.00) |
| 10/1/2008 | CHECK | ($200,000.00) |
| **Total Withdrawals:** | | ($10,957,258.62) |
| | | |
| **Total deposits less withdrawals:** | | ($686,894.03) |