# UNITED STATES BANKRUPTCY COURT
## FOR
## THE SOUTHERN DISTRICT OF NEW YORK

**JOHN D. MURRAY**
Attorney at Law
1247 Sussex Turnpike
Suite 220
Randolph, NJ 07869
(973) 895-6080
Attorney for Claimant
Bianca Murray

---

**SECURITIES INVESTOR PROTECTION CORPORATION**

    as Plaintiff

vs

**BERNARD L. MADOFF INVESTMENT SECURITIES LLC**

    as Defendant,

Adversary No. 08-01789-BRL
Claim No. 3140

---

In Re: **BERNARD L. MADOFF**

---

## NOTICE OF OBJECTION
## TO TRUSTEE'S DENIAL OF CLAIM

**PLEASE TAKE NOTICE**, that the Claimant, **Bianca M. Murray**, residing at 5 Shannon lane, Blairstown, New Jersey 07825, and having been Assigned Claim No. 3140, by and through her counsel, hereby states her Objection to the Trustee's Denial of Claim in this matter dated October 19, 2009, for the following reasons:

1. From February 1, 19993 through November 30, 2008, the Claimant was a customer of Bernard L. Madoff Investment Securities, LLC. under account 1ZA986 with an account balance of **$180,318.62** as of that date..

1

2. On February 23, 2009, the Claimant timely filed a **Claim Form** with the appointed SIPC Trustee, Irving H. Picard, and was assigned **Claim No. 3140** in this matter.

3. Applicant's claim of **$180,318.62** for cash and/or securities is based on the SIPC insurance obligation to satisfy each Madoff investor's claim up to $500,000 in SPIC insurance based upon the customer's "net equity."

4. Under 15 USC 78 a et seq (SIPA), the SIPC Trustee is required to "satisfy net equity claims of a failed member institution". SIPA defines "net equity" as the value of the securities positions in the customer's account as of the SIPA filing date, less any amount the customer owes the debtor.

5. As of November 30, 2008, the Claimant/customer owed no money to the Debtor, Madoff Investment Securities, LLC.

6. On or about October 19, 2009, the Trustee entered a **Denial** of Claimant's claim.

7. The Trustee has failed to adhere to the statutory definition of "net equity", and has thus denied this claim unfairly.

**WHEREFORE**, the Claimant demands that the Court direct the Trustee to comply with the express language of SIPA and by its legislative intent, and honor the claim in the full amount shown on Claimant's Statement as of November 30, 2008 of **$180,318.62**); and further demands

a) Direct Payment be made to the Claimant by SIPC for the amount of such funds

b) Awarding counsel fees to the Claimant's counsel.

c) Setting this matter down for a Hearing

d) For such other relief as the Court deems equitable and just.

Dated: November 16, 2009

John D. Murray,
Attorney for Claimant
Bianca M. Murray

2