# EXHIBIT B

# CUSTOMER CLAIM

Claim Number_____

Date Received_____

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

### DECEMBER 11, 2008

**(Please print or type)**

Name of Customer: __Joseph S. Popkin Revocable Trust DTD 2/19/06__
Mailing Address: __86 Bridle Path__
City: __Ellerslie__ State: __GA__ Zip: __31807__
Account No.: __ZA121__
Taxpayer I.D. Number (Social Security No.): _____4577_____

**NOTE:** BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY THE ACCOMPANYING INSTRUCTION SHEET. A SEPARATE CLAIM FORM SHOULD BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL PROTECTION AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE RECEIVED BY THE TRUSTEE ON OR BEFORE March 4, 2009. CLAIMS RECEIVED AFTER THAT DATE, BUT ON OR BEFORE July 2, 2009, WILL BE SUBJECT TO DELAYED PROCESSING AND TO BEING SATISFIED ON TERMS LESS FAVORABLE TO THE CLAIMANT. PLEASE SEND YOUR CLAIM FORM BY CERTIFIED MAIL - RETURN RECEIPT REQUESTED.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

1.    Claim for money balances as of **December 11, 2008**:

    a.    The Broker owes me a Credit (Cr.) Balance of        $_____0_____

    b.    I owe the Broker a Debit (Dr.) Balance of          $_____0_____

    c.    If you wish to repay the Debit Balance,

        please insert the amount you wish to repay and

        attach a check payable to "Irving H. Picard, Esq.,

        Trustee for Bernard L. Madoff Investment Securities LLC."

        If you wish to make a payment, **it must be enclosed**

        with this claim form.                                $_____

    d.    If balance is zero, insert "None."                 _____None_____

2.    Claim for securities as of **December 11, 2008**:

**PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.**

|  |  | YES | NO |
|---|---|---|---|
| a. | The Broker owes me securities | X | |
| b. | I owe the Broker securities | | X |

c.    If yes to either, please list below:

| Date of Transaction (trade date) | Name of Security | Number of Shares or Face Amount of Bonds | |
|---|---|---|---|
| | | The Broker Owes Me (Long) | I Owe the Broker (Short) |
| See Nov. 30, 2008 statement ZA121 statements, attached hereto as Exhibit A. | | | |
| $654,181.02 (market value of securities long, per ZA121-3 statement) | | | |
| 21,450.00 (market value of securities long, per ZA121-4 statement) | | | |
| (30,290.00) (market value of securities short, per ZA121-4 statement) | | | |
| (450,000) (withdrawal made on or about Oct. 29, 2008) | | | |

TOTAL: $195,341.02

**Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclose, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation.  You should also provide all documentation or information regarding any withdrawals you have ever made or payments received from the Debtor.**  See Exhibits A and B, and documents submitted herewith.

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement.  If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.
**PLEASE CHECK THE APPROPRIATE ANSWER FOR ITEMS 3 THROUGH 9.**

**information regarding any withdrawals you have ever made or payments received from the Debtor.** See Exhibits A and B, and documents submitted herewith.

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement. If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.

**PLEASE CHECK THE APPROPRIATE ANSWER FOR ITEMS 3 THROUGH 9.**

**NOTE:    IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION ON A SIGNED ATTACHMENT. IF SUFFICIENT DETAILS ARE NOT PROVIDED, THIS CLAIM FORM WILL BE RETURNED FOR YOUR COMPLETION.**

|  |  | YES | NO |
|---|---|---|---|
| 3. | Has there been any change in your account since December 11, 2008? If so, please explain. | | X |
| 4. | Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of the broker? | | X |
| 5. | Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or policies of the broker? | | X |
| 6. | Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in any way with the broker? If so, give name(s) | | X |
| 7. | Is this claim being filed by or on behalf of a broker or dealer or a bank? If so, provide documentation with respect to each public customer on whose behalf you are claiming. | | X |
| 8. | Have you ever given any discretionary authority to any person to execute securities transactions with or through the broker on your behalf? Give names, addresses and phone numbers. | | X |

502180406

3

9.      Have you or any member of your family
        ever filed a claim under the Securities
        Investor Protection Act of 1970?  if
        so, give name of that broker.                          _____    X    _____

        Please list the full name and address of anyone assisting you in the
        preparation of this claim form:___Christopher Van DeKieft, Esq., Seeger
        Weiss LLP, One William Street, New York, NY 10004                    .

If you cannot compute the amount of your claim, you may file an estimated claim.  In that
case, please indicate your claim is an estimated claim.

**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM.
CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR
IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.**

**THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY
INFORMATION AND BELIEF.**

Date _____5-1-09_____          Signature _____

Date _____          Signature _____

(If ownership of the account is shared, all must sign above.  Give each owner's name,
address, phone number, and extent of ownership on a signed separate sheet.  If other
than a personal account, *e.g.*, corporate, trustee, custodian, etc., also state your capacity
and authority.  Please supply the trust agreement or other proof of authority.)

**This customer claim form must be completed and mailed promptly,
together with supporting documentation, etc. to:**

Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

502180406

# CUSTOMER CLAIM

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

December 11, 2008

**Explanation of Trustee Capacity for
Bernard L. Madoff Investment Securities Account No. ZA121**

| | |
|---|---|
| **Trust:** | Joseph S. Popkin Revocable Trust |
| **Trustee:** | Robin Popkin Logue |
| **Trustee Address:** | 86 Bridle Path<br>Ellerslie, GA 31807 |
| **Trustee Tel. No.:** | 954-815-2884 |

Pursuant to the Agreement for the Joseph S. Popkin Revocable Trust ("Trust"), submitted herewith in Exhibit B, I, Robin Popkin Logue, am the Trustee of the Trust. As Trustee, I am authorized to file a Securities Investor Protection Corporation Customer Claim for Account ZA121 with Bernard L. Madoff Securities, LLC.

5-1-09
Date

Robin Popkin Logue, as Trustee of the
Joseph S. Popkin Revocable Trust

# EXHIBIT A

**BERNARD L. MADOFF**
**INVESTMENT SECURITIES LLC**
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

JOSEPH S POPKIN REVOCABLE TST
DTD 2/9/06 ROBIN POPKIN LOGUE
SHARON POPKIN CO-TSTEES
12610 NW 12TH COURT
SUNRISE          FL   33323

Date: 11/30/08   Account No: ********4577   1-ZA121-3-0

| Date | Bought Received | Sold Delivered | Description | Price | Amount Debited | Amount Credited |
|---|---|---|---|---|---|---|
| | | | BALANCE FORWARD | | | 63,647.11 |
| 11/12 | | 340 | MERCK TAX CO & COL INC | | | |
| 11/12 | | 390 | HEWLETT PACKARD CO | | | 15,925.80 |
| 11/12 | | 338 | WAL-MART STORES INC | 55,830 | | 18,883.54 |
| 11/12 | | 221 | INTERNATIONAL BUSINESS MACHS | 87,270 | | 19,294.67 |
| 11/12 | | 831 | EXXON MOBIL CORP | | | |
| 11/12 | | 429 | INTEL CORP | 14,510 | | |
| 11/12 | | 585 | JOHNSON & JOHNSON | 59,580 | | 25,576.82 |
| 11/12 | | | J P MORGAN CHASE & CO | 38,530 | | 22,563.05 |
| 11/12 | | 182 | | | | |
| 11/12 | | 338 | MERCK & CO | | | 9,662.90 |
| 11/12 | | 1,235 | MICROSOFT CORP | 28,550 | | 26,884.35 |
| 11/12 | | | ORACLE CORPORATION | 21,810 | | |
| 11/12 | | 341 | PEPSICO INC | 500,450 | | |
| 11/12 | | 143 | APPLE INC | 100,780 | | 14,416.54 |
| 11/12 | | 1,053 | PFIZER INC | 16,940 | | 17,879.82 |
| 11/12 | | 460 | PROCTER & GAMBLE CO | | | |
| 11/12 | | 169 | AMGEN INC | 59,160 | | 10,004.04 |
| 11/12 | | 225 | PHILLIP MORRIS INTERNATIONAL | 63,600 | | 14,193.00 |
| 11/12 | | 100 | BANK OF AMERICA | | | |
| 11/12 | | 250 | QUALCOMM INC | | | |
| 11/12 | | 845 | CITI GROUP INC | 12,510 | | 10,603.95 |
| | | | CONTINUED ON PAGE   2 | | | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

JOSEPH S POPKIN REVOCABLE TST
DTD 2/9/06 ROBIN POPKIN LOGUE
SHARON POPKIN CO-TSTEES
12610 NW 12TH COURT
SUNRISE          FL   33323

| ACCOUNT NO. | STATEMENT DATE | PAGE |
|---|---|---|
| 1-ZA121-3-0 | 11/30/08 | 2 |
| YOUR ACCOUNT NUMBER | | |
| *******4577 | | |

| DATE | BOUGHT / RECEIVED | SOLD / DELIVERED | SYMBOL | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| 11/12 | 195 | | 74831 | SCHLUMBERGER LTD | 49.480 | 9,655.60 | |
| 11/12 | 468 | | 75333 | COMCAST CORP | 16.510 | 7,744.68 | |
| 11/12 | 923 | | 79151 | AT&T INC | | 14,951.00 | |
| 11/12 | 234 | | 79659 | CONOCOPHILLIPS | 52.510 | 12,296.34 | |
| 11/12 | 156 | | 83483 | UNITED PARCEL SVC INC | 52.000 | 8,124.21 | |
| 11/12 | 949 | | 80908 | CISCO SYSTEMS INC | 16.930 | 15,918.77 | |
| 11/12 | 273 | | 87809 | U.S. BANCORP | 29.530 | 8,071.69 | |
| 11/12 | 325 | | 83311 | CHEVRON CORP | 73.630 | 23,977.75 | |
| 11/12 | | | 92185 | UNITED TECHNOLOGIES CORP | | | |
| 11/12 | 1,051 | | 92697 | GENERAL ELECTRIC CO | | 24,775.19 | |
| 11/12 | 442 | | 96461 | VERIZON COMMUNICATIONS | 30.410 | 13,458.22 | |
| 11/12 | 39 | | 96963 | GOOGLE | 337.400 | 13,159.60 | |
| 11/12 | 625,000 | | 23493 | U.S. TREASURY BILL DUE 2/12/2009 2/12/2009 | 99.456 | 621,600.00 | |
| 11/12 | | | | FIDELITY SPARTAN U.S. TREASURY MONEY MARKET | DIV | | 5.11 |
| 11/12 | 9,190 | | 18498 | FIDELITY SPARTAN U.S. TREASURY MONEY MARKET | 1 | | 9,190.00 |
| 11/12 | 42,437 | | 27866 | FIDELITY SPARTAN U.S. TREASURY MONEY MARKET | | 42,437.00 | |
| 11/19 | | | | FIDELITY SPARTAN U.S. TREASURY MONEY MARKET | DIV | | 5.21 |
| | | | | CONTINUED ON PAGE 3 | | | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES



**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

JOSEPH S POPKIN REVOCABLE TST
DTD 2/9/06 ROBIN POPKIN LOGUE
SHARON POPKIN CO-TSTEES
12610 NW 12TH COURT
SUNRISE          FL    33323

1-ZA121-3-0        11/30/08        *******4577        3

| DATE | BOUGHT/RECEIVED | SOLD/DELIVERED | TRANS | DESCRIPTION | PRICE | AMOUNT DEBITED | AMOUNT CREDITED |
|------|------|------|------|------|------|------|------|
| 11/19 | | 42,437 | 53379 | FIDELITY SPARTAN U.S. TREASURY MONEY MARKET DUE 03/28/2009 | 1 | | 42,437.00 |
| 11/19 | 75,000 | | 57,806 | U.S. TREASURY BILL DUE 03/26/2009 | 99.29 | 74,794.50 | |
| 11/19 | 6,445 | | 62,415 | FIDELITY SPARTAN U.S. TREASURY MONEY MARKET | 1 | 6,445.00 | |
| | | | | NEW BALANCE | | | 99,969.18 |
| | | | | 13 LONG POSITIONS | | | |
| | 923 | | | AT&T INC | 28.390 | | |
| | 247 | | | ABBOTT LABORATORIES | 52.390 | | |
| | 169 | | | AMGEN INC | 55.540 | | |
| | 750 | | | APPLE INC | | | |
| | 700 | | | BANK OF AMERICA | 16.290 | | |
| | 325 | | | CHEVRON CORP | 79.010 | | |
| | 949 | | | CISCO SYSTEMS INC | 16.540 | | |
| | 372 | | | CITI GROUP INC | | | |
| | 512 | | | COCA COLA CO | 45.870 | | |
| | 468 | | | COMCAST CORP | 17.340 | | |
| | | | | CL A | | | |
| | 554 | | | CONOCOPHILLIPS | | | |
| | 813 | | | EXXON MOBILE CORP | 80.156 | | |
| | 1,651 | | | GENERAL ELECTRIC CO | 17.170 | | |
| | | | | CONTINUED ON NEXT PAGE | | | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES



**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

JOSEPH S POPKIN REVOCABLE TST
DTD 2/9/06 ROBIN POPKIN LOGUE
SHARON POPKIN CO-TSTEES
12610 NW 12TH COURT
SUNRISE          FL    33323

| | AMOUNT DEBITED | | DATE 11/30/08 | ******4577 | 4 | AMOUNT CREDITED |
|---|---|---|---|---|---|---|

| TRANS TO/FROM | QUANTITY PURCHASED/RECEIVED | | DESCRIPTION | PRICE OR SYMBOL 1-ZA121-3-0 | AMOUNT DEBITED | AMOUNT CREDITED |
|---|---|---|---|---|---|---|
| | 39 | | GOOGLE | 292.960 | | |
| | 390 | | HEWLETT-PACKARD CO | 35.230 | | |
| | 971 | | INTEL CORP | 13.660 | | |
| | 221 | | INTERNATIONAL BUSINESS MACHS | 80.000 | | |
| | 585 | | J.P. MORGAN CHASE & CO | 31.660 | | |
| | 429 | | JOHNSON & JOHNSON | 58.580 | | |
| | 102 | | MCDONALDS CORP | | | |
| | 338 | | MERCK & CO | 26.720 | | |
| | 1,235 | | MICROSOFT CORP | 20.220 | | |
| | 624 | | ORACLE CORPORATION | 16.090 | | |
| | 217 | | PEPSICO INC | | | |
| | 1,055 | | PFIZER INC | | | |
| | 325 | | PHILLIP MORRIS INTERNATIONAL | 42.190 | | |
| | 498 | | PROCTER & GAMBLE CO | 66.160 | | |
| | 460 | | QUALCOMM INC | 38.570 | | |
| | 195 | | SCHLUMBERGER LTD | | | |
| | 6,445 | | FIDELITY SPARTAN | 1 | | |
| | | | U S TREASURY MONEY MARKET | | | |
| | 217 | | U S BANCORP | 26.980 | | |
| | 156 | | UNITED PARCEL SVC INC | 54.900 | | |
| | | | CLASS B | | | |
| | 75,000 | | U S TREASURY BILL | 99.971 | | |
| | | | DUE 07/23/2009 | | | |
| | | | 07/23/2009 | | | |
| | 156 | | UNITED TECHNOLOGIES CORP | 48.530 | | |
| | | | CONTINUED ON PAGE 5 | | | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

**BERNARD L. MADOFF**
MADF INVESTMENT SECURITIES LLC

New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel (020) 7493 6222

JOSEPH S POPKIN REVOCABLE TST
DTD 2/9/06 ROBIN POPKIN LOGUE
SHARON POPKIN CO-TSTEES
12610 NW 12TH COURT
SUNRISE                FL    33323

| ACCOUNT NUMBER | DATE | PAGE |
|---|---|---|
| 1-ZA121-3-0 | 11/30/08 | 5 |

| AMOUNT DEBITED TO YOUR ACCOUNT | DESCRIPTION | PRICE OR SYMBOL | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|
| | VERIZON COMMUNICATIONS | 32.650 | |
| | WAL-MART STORES INC. | 55.880 | |
| | WELLS FARGO & CO NEW | 26.990 | |
| | MARKET VALUE OF SECURITIES | | |
| | LONG | | |
| | SHORT | | |

| NEW BALANCE | 442 |
| | 338 |
| | 240 |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES



**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

JOSEPH S POPKIN REVOCABLE TST
DTD 2/9/06 ROBIN POPKIN LOGUE
SHARON POPKIN CO-TSTEES
12610 NW 12TH COURT
SUNRISE                FL      33323

1-ZA121-3-0        11/30/08        ********4577        6

YEAR-TO-DATE SUMMARY

DIVIDENDS
GROSS PROCEEDS FROM SALES

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES



**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel (020) 7493 6222

JOSEPH S POPKIN REVOCABLE TST
DTD 2/9/06 ROBIN POPKIN LOGUE
SHARON POPKIN CO-TSTEES
12610 NW 12TH COURT
SUNRISE          FL      33323

| DATE | BOUGHT | RECEIVED | SOLD | DELIVERED | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|---|
| | | | | | BALANCE FORWARD | | | 63,648.00 |
| 11/12 | | | 13 | 48575 | S & P 100 INDEX NOVEMBER 480 CALL | 16.500 | | 21,424.00 |
| 11/12 | 13 | | | 48875 | S & P 100 INDEX NOVEMBER 450 PUT | 17.800 | 23,153.00 | |
| 11/19 | | | 13 | 39579 | S & P 100 INDEX DECEMBER 490 CALL | 23.100 | | 39,766.00 |
| 11/19 | 13 | | | 39304 | S & P 100 INDEX DECEMBER 420 PUT | 30 | 39,013.00 | |
| 11/19 | | | 13 | 48029 | S & P 100 INDEX NOVEMBER 480 CALL | 12.500 | | 1,913.00 |
| 11/19 | 13 | | | 47954 | S & P 100 INDEX NOVEMBER 450 PUT | 37 | 48,087.00 | |
| | | | | | NEW BALANCE | | | 9,993.00 |
| | | | | | SECURITY POSITIONS | MKT PRICE | | |
| | | | 13 | | S & P 100 INDEX DECEMBER 490 CALL | 23.100 | | |
| | 13 | | | | S & P 100 INDEX DECEMBER 420 PUT | 16.500 | | |
| | | | | | MARKET VALUE OF SECURITIES | | | |
| | | | | | LONG         SHORT 21,450.00    30,290.00 | | | |

*** PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES ***

| TAX YEAR/PERIOD | ACCOUNT NUMBER | |
|---|---|---|
| 1-ZA121-4-0 | 11/30/08 | ***-***-*4577 | 1 |

# *EXHIBIT B*

## EXHIBIT B

1. This Claim Form, exhibits, and supporting documentation (collectively "Claim Form") is submitted pursuant to the December 23, 2008 Order of the Honorable Burton R. Lifland and the instructions disseminated by Irving H. Picard, Trustee for Bernard L. Madoff Investment Securities LLC ("Trustee"), on December 11, 2008.

2. The information provided in the Claim Form is based on information provided in the Claimant's latest Madoff account statement and additional information known by the Claimant as of the date of the submission of the Claim Form. The Claimant reserves the right to amend and/or supplement this Claim Form upon the receipt of further information, or upon request by the Trustee for additional information.

3. The Claimant reserves the right to amend the Claim Form in the event of any recoveries by the Trustee or any other party under the avoidance powers of the Bankruptcy Code or otherwise, or in the event of rejections of executory contracts pursuant to Bankruptcy Code Section 365, whether such amendments are made pursuant to Bankruptcy Code Sections 105, 502(g), or 502(h), Bankruptcy Rule 3002(c)(3), (4), other provisions of applicable bankruptcy law, or general principles of law or equity.

4. The Claimant hereby requests that the Claim Form be considered as a proof of claim in *In re Bernard L. Madoff Investment Securities LLC*, No. 08-01789 (Bankr. S.D.N.Y.).

5. This Claim Form is required to be submitted pursuant to the Court's January 2, 2009 Order and the Trustee's instructions to the Claimant. To the extent permitted by applicable law, the Claimant does not, by submitting the Claim Form, consent to the jurisdiction of the Bankruptcy Court nor does Claimant waive any right to trial by jury.

6. The Claimant reserves all rights, claims, and/or defenses as to and/or against any and all parties potentially liable for the losses sustained by the Claimant, including, without limitation, Bernard L. Madoff Investment Securities LLC and its owners, partners, employees, and affiliates, as well as any potentially liable third parties including, without limitation, investment advisors, "feeder funds," accountants, and auditors.

7. The Claimant further reserves all rights, claims, and/or defenses as to and/or against any persons and/or creditors asserting claims against Bernard L. Madoff Investment Securities LLC, its employees, owners, and/or affiliates, in bankruptcy or otherwise.

8.  The Claimant reserves all objections as to the competence, relevance, materiality, privilege, or admissibility of evidence in any subsequent proceeding or trial of this or any other action for any purpose whatsoever, notwithstanding the submission of any such information to the Trustee.

9.  To the extent the Claimant has disclosed to the Trustee documents containing accounting and/or legal advice, the Claimant does not waive any potential privileges applicable thereto.

10. The Claimant reserves all rights with respect to submitting information to the Internal Revenue Service regarding gains, losses, and/or theft of assets.

11. The Claim Form and supporting documents contain confidential information. The Claimant submits this information to the Trustee subject to the condition that this information will not to be disclosed to any third parties, other than under seal to the Court, absent the Claimant's express consent or Court order.

12. The Claimant submits herewith documents in support of the Claimant's claim, including documents containing information regarding account transactions, such as contributions and/or withdrawals. The Claimant reserves any arguments that such documents are not relevant to the Trustee's inquiry. The Claimant further reserves the right to supplement this submission, including the submission of additional documents, if deemed necessary. Attached is a list of the documents submitted herewith.

**Joseph S. Popkin Revocable Trust DTD 2/19/06**
**Bernard L. Madoff Investment Securities Account No. ZA121**

| Document Number | Date of Document | Issuing Party | Prepared for | Description of Document |
|---|---|---|---|---|
| 1 | 10/29/2008 | Bernard L. Madoff Investment Securities | Logue Family Revocable Trust | Existing Account Record Notification confirming that an account in the name of the Logue Family Revocable Trust was opened. |
| 2 | 10/28/2008 | Robin P. Logue | Bernard L. Madoff Investment Securities | Letter confirmation of request that an account in the name of the "Logue Family Revocable Trust" be opened and that $450,000 be transferred from the Joseph S. Popkin Revocable Trust to the Logue Family Revocable Trust account. |
| 3 | 2/9/2006 | | | Joseph S. Popkin Revocable Trust Agreement |
| **2008 Bernard L. Madoff Investment Securities LLC monthly statements** | 10/31/2008 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Bernard L. Madoff Investment Securities October 2008 account statement. |

**Joseph S. Popkin Revocable Trust DTD 2/19/06**
**Bernard L. Madoff Investment Securities Account No. ZA121**

| Document Number | Date of Document | Issuing Party | Prepared for | Description of Document |
|---|---|---|---|---|
| | 9/30/2008 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Bernard L. Madoff Investment Securities September 2008 account statement. |
| | 8/31/2008 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Bernard L. Madoff Investment Securities August 2008 account statement. |
| | 7/31/2008 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Bernard L. Madoff Investment Securities July 2008 account statement. |
| | 6/30/2008 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Bernard L. Madoff Investment Securities June 2008 account statement. |
| | 5/31/2008 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Bernard L. Madoff Investment Securities May 2008 account statement. |

**Joseph S. Popkin Revocable Trust DTD 2/19/06**
**Bernard L. Madoff Investment Securities Account No. ZA121**

| Document Number | Date of Document | Issuing Party | Prepared for | Description of Document |
|---|---|---|---|---|
| | 4/30/2008 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Bernard L. Madoff Investment Securities April 2008 account statement. |
| | 3/31/2008 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Bernard L. Madoff Investment Securities March 2008 account statement. |
| | 2/29/2008 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Bernard L. Madoff Investment Securities February 2008 account statement. |
| | 1/31/2008 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Bernard L. Madoff Investment Securities January 2008 account statement. |
| **2008 Bernard L. Madoff Investment Securities LLC Portfolio Management Reports** | | | | |

**Joseph S. Popkin Revocable Trust DTD 2/19/06**
**Bernard L. Madoff Investment Securities Account No. ZA121**

| Document Number | Date of Document | Issuing Party | Prepared for | Description of Document |
|---|---|---|---|---|
| | 9/30/2008 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Portfolio Management Report as of 9/30/2008 |
| | 6/30/2008 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Portfolio Management Report as of July 30, 2008 |
| | 3/31/2008 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Portfolio Management Report as of March 31, 2008. |
| 2008 Checks | 10/6/2008 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Bernard L. Madoff Investment Securities Check made payable to Joseph S. Popkin Revocable Trust. |

**Joseph S. Popkin Revocable Trust DTD 2/19/06**
**Bernard L. Madoff Investment Securities Account No. ZA121**

| Document Number | Date of Document | Issuing Party | Prepared for | Description of Document |
|---|---|---|---|---|
| | 7/7/2008 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Bernard L. Madoff Investment Securities Check made payable to Joseph S. Popkin Revocable Trust. |
| | 4/7/2008 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Bernard L. Madoff Investment Securities Check made payable to Joseph S. Popkin Revocable Trust. |
| | 1/8/2008 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Bernard L. Madoff Investment Securities Check made payable to Joseph S. Popkin Revocable Trust. |
| **2007 Bernard L. Madoff Investment Securities LLC monthly statements** | 12/31/2007 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Bernard L. Madoff Investment Securities December 2007 account statement. |

**Joseph S. Popkin Revocable Trust DTD 2/19/06**
**Bernard L. Madoff Investment Securities Account No. ZA121**

| Document Number | Date of Document | Issuing Party | Prepared for | Description of Document |
|---|---|---|---|---|
| | 11/30/2007 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Bernard L. Madoff Investment Securities November 2007 account statement. |
| | 10/31/2007 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Bernard L. Madoff Investment Securities October 2007 account statement. |
| | 9/30/2007 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Bernard L. Madoff Investment Securities September 2007 account statement. |
| | 8/31/2007 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Bernard L. Madoff Investment Securities August 2007 account statement. |
| | 7/31/2007 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Bernard L. Madoff Investment Securities July 2007 account statement. |

**Joseph S. Popkin Revocable Trust DTD 2/19/06**
**Bernard L. Madoff Investment Securities Account No. ZA121**

| Document Number | Date of Document | Issuing Party | Prepared for | Description of Document |
|---|---|---|---|---|
| | 6/30/2007 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Bernard L. Madoff Investment Securities June 2007 account statement. |
| | 5/31/2007 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Bernard L. Madoff Investment Securities May 2007 account statement. |
| | 4/30/2007 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Bernard L. Madoff Investment Securities April 2007 account statement. |
| | 3/31/2007 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Bernard L. Madoff Investment Securities March 2007 account statement. |
| | 2/28/2007 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Bernard L. Madoff Investment Securities February 2007 account statement. |

**Joseph S. Popkin Revocable Trust DTD 2/19/06**
**Bernard L. Madoff Investment Securities Account No. ZA121**

| Document Number | Date of Document | Issuing Party | Prepared for | Description of Document |
|---|---|---|---|---|
| **2007 Bernard L. Madoff Investment Securities LLC Portfolio Management Reports** | 1/31/2007 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Bernard L. Madoff Investment Securities January 2007 account statement. |
| | 12/31/2007 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Portfolio Management Report as of December 31, 2007. |
| | 9/30/2007 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Portfolio Management Report as of September 30, 2007 |
| | 6/30/2007 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Portfolio Management Report as of June 30, 2007. |

**Joseph S. Popkin Revocable Trust DTD 2/19/06**
**Bernard L. Madoff Investment Securities Account No. ZA121**

| Document Number | Date of Document | Issuing Party | Prepared for | Description of Document |
|---|---|---|---|---|
| | 3/31/2007 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Portfolio Management Report as of March 31, 2007. |
| **2007 Internal Revenue Service documents** | | | | |
| | | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Form 1099-B |
| | | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Form 1099-DIV |
| **2007 Checks** | | | | |

**Joseph S. Popkin Revocable Trust DTD 2/19/06**
**Bernard L. Madoff Investment Securities Account No. ZA121**

| Document Number | Date of Document | Issuing Party | Prepared for | Description of Document |
|---|---|---|---|---|
| | 7/6/2007 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Bernard L. Madoff Investment Securities Check made payable to Joseph S. Popkin Revocable Trust. |
| | 4/4/2007 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Bernard L. Madoff Investment Securities Check made payable to Joseph S. Popkin Revocable Trust. |
| | 1/8/2007 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Bernard L. Madoff Investment Securities Check made payable to Joseph S. Popkin Revocable Trust. |
| **2006 Bernard L. Madoff Portfolio Management Reports** | | | | |
| | 12/31/2006 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Portfolio Management Report as of December 31, 2006. |

**Joseph S. Popkin Revocable Trust DTD 2/19/06**
**Bernard L. Madoff Investment Securities Account No. ZA121**

| Document Number | Date of Document | Issuing Party | Prepared for | Description of Document |
|---|---|---|---|---|
| | 9/30/2006 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Portfolio Management Report as of September 30, 2006. |
| | 6/30/2006 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Portfolio Management Report as of June 30, 2006. |
| | 3/31/2006 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Portfolio Management Report as of March 31, 2006. |
| 2006 Bernard L. Madoff Monthly Account Statements | 12/31/2006 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Bernard L. Madoff Investment Securities December 2006 account statement. |

**Joseph S. Popkin Revocable Trust DTD 2/19/06**
**Bernard L. Madoff Investment Securities Account No. ZA121**

| Document Number | Date of Document | Issuing Party | Prepared for | Description of Document |
|---|---|---|---|---|
| | 11/30/2006 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Bernard L. Madoff Investment Securities November 2006 account statement. |
| | 10/31/2006 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Bernard L. Madoff Investment Securities October 2006 account statement. |
| | 9/30/2006 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Bernard L. Madoff Investment Securities September 2006 account statement. |
| | 8/31/2006 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Bernard L. Madoff Investment Securities August 2006 account statement. |
| | 7/31/2006 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Bernard L. Madoff Investment Securities July 2006 account statement. |

**Joseph S. Popkin Revocable Trust DTD 2/19/06**
**Bernard L. Madoff Investment Securities Account No. ZA121**

| Document Number | Date of Document | Issuing Party | Prepared for | Description of Document |
|---|---|---|---|---|
| | 6/30/2006 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Bernard L. Madoff Investment Securities June 2006 account statement. |
| | 5/31/2006 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Bernard L. Madoff Investment Securities May 2006 account statement. |
| | 4/30/2006 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Bernard L. Madoff Investment Securities April 2006 account statement. |
| | 3/31/2006 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Bernard L. Madoff Investment Securities March 2006 account statement. |
| | 2/28/2006 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Bernard L. Madoff Investment Securities February 2006 account statement. |

**Joseph S. Popkin Revocable Trust DTD 2/19/06**
**Bernard L. Madoff Investment Securities Account No. ZA121**

| Document Number | Date of Document | Issuing Party | Prepared for | Description of Document |
|---|---|---|---|---|
| | 1/31/2006 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Bernard L. Madoff Investment Securities January 2006 account statement. |
| **2006 Internal Revenue Service documents** | | | | |
| | | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Form 1099-B |
| | | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Form 1099-DIV |
| **2006 Checks** | | | | |

**Joseph S. Popkin Revocable Trust DTD 2/19/06**
**Bernard L. Madoff Investment Securities Account No. ZA121**

| Document Number | Date of Document | Issuing Party | Prepared for | Description of Document | |
|---|---|---|---|---|---|
| | 10/6/2006 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Bernard L. Madoff Investment Securities Check made payable to Joseph S. Popkin Revocable Trust. | |
| | 7/10/2006 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Bernard L. Madoff Investment Securities Check made payable to Joseph S. Popkin Revocable Trust. | |
| | 4/7/2006 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Bernard L. Madoff Investment Securities Check made payable to Joseph S. Popkin Revocable Trust. | |
| | 1/9/2006 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Bernard L. Madoff Investment Securities Check made payable to Joseph S. Popkin Revocable Trust. | |
| 2005 Bernard L. Madoff Portfolio Management Reports | | | | | |

**Joseph S. Popkin Revocable Trust DTD 2/19/06**
**Bernard L. Madoff Investment Securities Account No. ZA121**

| Document Number | Date of Document | Issuing Party | Prepared for | Description of Document |
|---|---|---|---|---|
| | 12/31/2005 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Portfolio management Report as of December 31, 2005. |
| | 9/30/2005 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Portfolio management Report as of September 30, 2005. |
| | 6/30/2005 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Portfolio management Report as of June 30, 2005. |
| | 3/31/2005 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Portfolio management Report as of March 31, 2005. |
| **2005 Bernard L. Madoff Monthly Account Statements** | | | | |

**Joseph S. Popkin Revocable Trust DTD 2/19/06**
**Bernard L. Madoff Investment Securities Account No. ZA121**

| Document Number | Date of Document | Issuing Party | Prepared for | Description of Document |
|---|---|---|---|---|
| | 12/31/2005 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Bernard L. Madoff Investment Securities December 2005 account statement. |
| | 11/30/2005 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Bernard L. Madoff Investment Securities November 2005 account statement. |
| | 10/31/2005 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Bernard L. Madoff Investment Securities October 2005 account statement. |
| | 9/30/2005 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Bernard L. Madoff Investment Securities September 2005 account statement. |
| | 8/31/2005 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Bernard L. Madoff Investment Securities July 2005 account statement. |

**Joseph S. Popkin Revocable Trust DTD 2/19/06**
**Bernard L. Madoff Investment Securities Account No. ZA121**

| Document Number | Date of Document | Issuing Party | Prepared for | Description of Document |
|---|---|---|---|---|
| | 7/31/2005 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Bernard L. Madoff Investment Securities August 2005 account statement. |
| | 6/30/2005 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Bernard L. Madoff Investment Securities June 2005 account statement. |
| | 5/31/2005 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Bernard L. Madoff Investment Securities May 2005 account statement. |
| | 4/31/2005 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Bernard L. Madoff Investment Securities April 2005 account statement. |
| | 3/31/2005 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Bernard L. Madoff Investment Securities March 2005 account statement. |

**Joseph S. Popkin Revocable Trust DTD 2/19/06**
**Bernard L. Madoff Investment Securities Account No. ZA121**

| Document Number | Date of Document | Issuing Party | Prepared for | Description of Document |
|---|---|---|---|---|
| | 2/28/2005 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Bernard L. Madoff Investment Securities February 2005 account statement. |
| | 1/31/2005 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Bernard L. Madoff Investment Securities January 2005 account statement. |
| 2005 Internal Revenue Service documents | | | | |
| | | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Form 1099-B |
| | | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Form 1099-DIV |

**Joseph S. Popkin Revocable Trust DTD 2/19/06**
**Bernard L. Madoff Investment Securities Account No. ZA121**

| Document Number | Date of Document | Issuing Party | Prepared for | Description of Document |
|---|---|---|---|---|
| 2005 Checks | | | | |
| | 10/7/2005 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Bernard L. Madoff Investment Securities Check made payable to Joseph S. Popkin Revocable Trust. |
| | 7/7/2005 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Bernard L. Madoff Investment Securities Check made payable to Joseph S. Popkin Revocable Trust. |
| | 4/7/2005 | Bernard L. Madoff Investment Securities | Joseph S. Popkin Revocable Trust | Bernard L. Madoff Investment Securities Check made payable to Joseph S. Popkin Revocable Trust. |

1



# BERNARD L. MADOFF
## INVESTMENT SECURITIES LLC
885 Third Avenue New York, NY 10022

212 230-2424
800 334-1343
Fax 212 838-4061

LOGUE FAMILY REVOCABLE TRUST
12610 N.W. 12TH. COURT
SUNRISE, FL 33323

**October 29, 2008**

**Existing Account Record Notification**

**Account:**      1L0329

Dear Client:
In accordance with SEC regulation 17a-3: Books and Records, we are required to verify that the following information is complete and accurate.

**There is no need to return this form if the information is correct.**

| Account Name and Address | Account Information | |
|---|---|---|
| LOGUE FAMILY REVOCABLE TRUST | **Account Type:** | Trust |
| 12610 N.W. 12TH. COURT | **Investment Objective:** | " Trading Income |
| SUNRISE, FL 33323 | **Annual Income:** | |
| | **Net Worth:** | |

| Customer Information | | Alternate Address |
|---|---|---|
| **Name:** | LOGUE FAMILY REVOCABLE TRUST | NONE |
| **Street:** | 12610 N.W. 12TH. COURT | |
| **Apt/Suite:** | | |
| **City:** | SUNRISE | |
| **State:** | FL - FLORIDA | |
| **Country:** | UNITED STATES | |
| **Province:** | | |
| **Zip Code:** | 33323 | |
| **Home:** | | |
| **Business:** | | |
| **Tax ID:** | *ON FILE* | |
| **DOB:** | | |
| **Occupation:** | | |
| **Company/Firm:** | | |
| **Is Person Employed By A Member Firm:** | | |

**Mailing Address**
**Address:**      *same as Primary Account*

If any of your account or customer information is found to be inaccurate, please mark the corrections on this form and return to the address below.

It is very important to maintain accurate records of your account(s) at all times. If there are any future material changes to the information above, please send the updated information to the address below, as soon as possible:

BERNARD L. MADOFF
INVESTMENT SECURITIES LLC
885 3RD AVENUE
NEW YORK, NY 10022

Affiliated with:
Madoff Securities International Limited
12 Berkeley Street, Mayfair, London W1J 8DT. Tel. 020-7493 6222

2

12610 N. W. 12th Court
Sunrise, FL  33323
October 28, 2008


BERNARD L. MADOFF INVESTMENT SECURITIES LLC
ATTN:  Erin
885 Third Avenue
New York, NY  10022

**Re:    Joseph S. Popkin Revocable Trust– A/C# 1-ZA121-30/40**

Dear Erin;

Per our conversation today, please open another account in the name of
"Logue Family Revocable Trust" and transfer $450,000 into that account.  I have
enclosed copy of the trust agreement.  The federal ID number for this trust is my
husband's social security number 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.

Thank you so much for everything.

Sincerely,

Robin P. Logue

Sent via FedEx Priority.

3

## JOSEPH S. POPKIN REVOCABLE TRUST AGREEMENT

### DATED FEBRUARY 9, 2006

I, JOSEPH S. POPKIN, residing at 6010 Linden Circle, Tamarac, Broward County, Florida, as Settlor or Grantor, have conveyed and assigned to myself, as Trustee, the property described in Schedule "A" attached hereto, and I hereby declare that I and my successors, as Trustee, shall hold and administer all such property and all other property at any time or times hereafter transferred (including, among other things, any property transferred by reason of my death) to the Trustee, and the proceeds of all such property and all investments and reinvestments thereof (sometimes hereinafter called the "Trust Estate'), in trust, as hereinafter set forth.

### WITNESSETH

WHEREAS, Settlor has transferred certain property into the said Trust and desires that the same be held pursuant to the terms hereof.

### ARTICLE I

### NAME OF TRUST

This declaration and the Trust estate hereby created, and as at any time amended prior to my death, shall be known as the "JOSEPH S. POPKIN REVOCABLE TRUST AGREEMENT DATED FEBRUARY 9, 2006".

### ARTICLE II

### AMENDMENT, REVOCATION AND INCAPACITY

A.   At any time or times during my lifetime, if I am

1

competent, I shall have the right and power to amend or revoke this Declaration of Trust, in whole or in part, by delivery of a written instrument to the then acting Trustee. If I shall revoke this Declaration of Trust in whole or in part, all assets of the Trust Estate made subject to my revocation shall be delivered to me or upon my order. The foregoing powers are personal to me and may not be exercised by my legal representatives or other.

B.   For the purpose of the Trust created herein, if my attending physician and my daughter, ROBIN POPKIN LOGUE, unanimously agree that by reason of accident, physical or mental illness, mental deterioration or other similar cause, it is in my best interests that I be removed as Trustee and that my Successor Trustee(s) named herein, become the Trustee of my Trust, then the above-named individuals shall sign a written statement of incapacity in a form substantially the same as that attached hereto as Schedule "B". In the event that my daughter should predecease me or be unwilling or unable to determine my capacity to act as Trustee, then I appoint my daughter, SHARON POPKIN the authority to consult with my attending physician and execute Schedule "B" with my physician should they jointly determine that I am unable to continue to act as Trustee.

C.   This instrument shall become irrevocable upon my death.

## ARTICLE III
### PAYMENT OF NET INCOME AND PRINCIPAL DURING LIFETIME

A.   During my lifetime, the Trustee shall pay to me all of the net income of the Trust Estate, in convenient installments, or

2

as I shall from time to time direct in writing, and shall distribute to me such part or all of the principal of the Trust Estate as I shall at any time or times request in writing.

B.    The provisions of paragraph A. of this Article to the contrary notwithstanding, if my Successor Trustees shall replace me as Trustee as is provided in Article II, B. above, the Trustees shall pay to me or apply for my benefit such part or all of the net income and principal (even to the point of completely exhausting the principal) of the Trust Estate as the Trustee shall deem desirable to provide for my comfortable support, welfare, medical care and best interest.   Any net income not so paid or applied in any accounting year shall be added to the principal of the Trust Estate.

## ARTICLE IV

### TRUST ADDITIONS

I, as Settlor, or any other person may make Trust additions in the form of insurance policies or other property, by making such insurance payable or transferring the property to Trustee by gift, bequest or devise, and if so added the proceeds of such policies and such property shall be held in Trust and distributed in accordance with this instrument.   Trustee is specifically empowered to accept Trust additions of any of Settlor's assets from any person holding a valid power of attorney of Settlor.

## ARTICLE V

### SPENDTHRIFT PROVISION

After any of the Trust created herein become irrevocable, the

3

interest of each beneficiary in income and principal shall be free from the control or interference of any creditor or such beneficiary or the spouse of a married beneficiary, or the parent of a child beneficiary, and shall not be subject to assignment either voluntarily or involuntarily.

ARTICLE VI

## PAYMENT OF DEBTS AND ESTATE EXPENSES

Upon my death, the Trustee shall first pay, from those assets of the Trust Estate includable in my gross estate for Federal Estate tax purposes, either directly or to the Personal Representative of my Estate, all of my debts (other than debts secured by life insurance or real property), all expenses of my last illness, and administration of my Estate, and all estate, inheritance, transfer and succession taxes (including any interest and penalties thereon) which become due by reason of my death, other than any tax on any generation skipping transfer as to which I am the deemed transferor. My Trustee shall also pay all of my funeral expenses either directly or to the Personal Representative of my Estate to the extent that sufficient funds are not already available to my Personal Representative. The Trustee shall consult the Personal Representative of my Estate with respect to the amounts and payments of such debts, expenses and taxes, but shall not seek reimbursement from any person for any taxes, penalties, interest, debts or expenses paid pursuant to the provisions of this Trust.

4

ARTICLE VII

## DISTRIBUTION OF TRUST ESTATE UPON DEATH

Upon Settlor's death, the Successor Trustee shall continue the administration of this Trust for the purposes herein expressed and specifically set forth herein. The Successor Trustee shall marshall my assets and shall distribute the entire distributable trust estate, including any property received under the Settlor's Will or otherwise, as follows:

I direct the Trustee to make the following distributions to the individuals and entities referenced herein.

1.   SPECIFIC DISTRIBUTION

A.   To my daughter, ROBIN POPKIN LOGUE, the parcel of real property known as 6010 Linden Circle, Tamarac, Florida together with all of its furniture, furnishings and fixtures In the event that my daughter, ROBIN POPKIN LOGUE shall predecease me, I direct my Trustee to distribute the home to my daughter, SHARON POPKIN.

B.   To my step-daughter, DARA N. SIMONS the sum of Two Hundred Thousand Dollars ($200,000.00). In the event that DARA N. SIMONS should predecease me, this distribution shall lapse and be added to the Corpus of the Trust.

C.   To my son, MARK POPKIN, the sum of Twenty Five Thousand Dollars ($25,000.00). In the event that MARK POPKIN should predecease me, this distribution shall lapse and be added to the Corpus of the Trust.

5

2.   <u>RESIDUARY DISTRIBUTION</u>

After payment of administration expenses, taxes, both estate and income, and all distributions in Paragraph 1 of this Article, I direct that the rest, residue and remainder of the Trust corpus and any additions thereto, shall be divided and distributed as follows:

A.   Sixty-Five Percent (65%) to my daughter, ROBIN POPKIN LOGUE. In the event she should predecease me, I direct that this distribution be paid to my daughter, SHARON POPKIN.

B.   Thirty-Five Percent (35%) to my daughter, SHARON POPLIN. In the event she should predecease me, I direct that this distribution to be paid to my daughter, ROBIN POPKIN LOGUE. In the event both of my children shall predecease the distribution of the Trust, I direct my Trustee to the ANTI-DEFAMATION LEAGUE, 823 United Nations Plaza, New York, New York 10017.

ARTICLE VIII

<u>TRUSTEES</u>

Effective upon my death or in the event that I shall cease to serve as Trustee, I hereby appoint my daughter, ROBIN POPKIN LOGUE to act as Successor Trustee. In the event that she fails to qualify to act as Trustee, or having qualified as Trustee, ceases to act as Trustee, then I direct that my daughter, SHARON POPKIN be the Successor Trustee. I direct that no bond be required of the Trustees herein named.

6

## ARTICLE IX

### SIMULTANEOUS DEATH

A beneficiary under this Trust shall be deemed to have predeceased me if she shall die at the same time that I die or within thirty (30) days after my death.

## ARTICLE X

### POWERS AND DUTIES OF TRUSTEES

As to the Trustee, including any successor Trustee, I provide as follows:

A.   Trustee has the duty of administering the Trust Estate in accordance with the terms of this instrument and all consistent trust law of general applicability and in a manner which in his opinion is in the best interests of the Trust Estate and of its beneficiaries. The discretionary and ministerial powers of Trustee are exercisable only in a fiduciary capacity. Subject to other provisions of this instrument, these powers are intended to be broadly construed to permit Trustee to act in a manner he deems to be in the best interest of the Trust Estate or of its beneficiaries. No statute with respect to under productive property shall apply to this Trust.

B.   Trustee and his successors shall be permitted to qualify and serve in any jurisdiction without giving bond or other security and shall be excused from making accountings or other reports to any court.

C.   Upon request, Trustee shall render an annual statement of the receipts and disbursements of the income and principal of the

7

Trust and the condition of the Trust Estate to each beneficiary.

D.   No person transacting business with Trustee in connection with the purchase or sale of securities or other property, the sale or lease of real property, the borrowing or lending of money, the making of any other contract or the voting of shares of stock shall be required to inquire into Trustee's capacity or authority to act or to see to the application or disposition of any money or other property paid, loaned or delivered to Trustee.

E.   Under this agreement, Trustee will be chargeable only for the monies, stocks, property, funds, shares and securities which she actually receives, notwithstanding Trustee's having signed any receipt for the sake of conformity.   Trustee shall be answerable and accountable only for his or her own acts, receipts, negligence and defaults and not for those of any other person for whom or into whose hands any trust property monies or securities may be deposited, nor shall she be liable for the insufficiency or deficiency of any stocks, funds, property, shares or securities, nor for any other loss, unless it shall have occurred through his/her own willful default.

F.   Trustee may resign by giving proper notice to the beneficiaries of this Trust.   He or she shall give reasonable notice of his or her resignation in order to allow time for the designation of a successor (if one is not named) and he or she shall account to the Successor Trustee.

G.   In case there is at any time a vacancy in a position held by the named Trustee or Successor Trustee under this Agreement as

8

hereinabove provided for because of the ineligibility of Trustee or for any other reason except where otherwise provided, then in such event a Successor shall be appointed by a majority vote of the income beneficiaries. Any minor beneficiary entitled to vote under this paragraph shall be represented by his or her parent or, if both parents are dead, by that beneficiary's duly appointed guardian.

H.  Notwithstanding anything herein to the contrary, if any political, social or economic conditions or changes in the laws of taxation arise which in the opinion of Trustee make it advisable and in the best interest of the beneficiaries that this Trust or any share hereunder be entirely terminated or if at any time the principal of any trust or share created hereunder is too small to justify the continuation of the Trust, then Trustee may terminate the Trust or share and distribute the principal thereof and any accumulated income thereon to the beneficiary or beneficiaries for whose benefit it is held.

I.  In addition to the powers, privileges and immunities conferred upon the Trustees by Chapter 518, 737 and 738 of the Florida Statutes, and the decisional law of the State of Florida, the Trustee has the power and authority with respect to the Trusts created herein and their assets:

1.  To retain in the form received any property or undivided interests in property donated to, or otherwise acquired as a part of the Trust Estate, including residential property and shares of any corporate Trustee's own stock, regardless of any lack

9

of diversification, risk or nonproductivity, as long as he or she deems advisable, and to exchange any such security or property for other securities or properties and to retain such items received in exchange, although said property represents a large percentage of the total property of the Trust Estate or even the entirety thereof.

2.  To invest and reinvest all or any part of the Trust Estate in any property and undivided interest in property, wherever located, including bonds, debentures, notes (secured or unsecured), stocks of corporations regardless of class, shares of limited liability companies, interests in limited partnerships, real estate or any interest in real estate (whether or not productive at the time of investment), interest in trusts, investment trusts (whether of the open and/or closed fund types and participation in common), collective or pooled trust funds of the Trustee, insurance contracts on the life of any beneficiary or annuity contracts for any beneficiary, without being limited by any statute or rule of law concerning investments by fiduciaries.

3.  To sell or dispose of or grant options to purchase any property, real or personal, constituting a part of the Trust Estate, for cash or upon credit, to exchange any property of the Trust Estate for other property, at such times and upon such terms and conditions as she may deem best, and no person dealing with it shall be bound to see to the application of any monies paid.

4.  To hold any securities or other property in her own name as Trustee, in their own names, in the name of a nominee (with

10

or without disclosure of any fiduciary relationship) or in bearer form.

5. To keep, at any time and from time to time, all or any portion of the Trust Estate in cash and uninvested for such reasonable period or periods of time as she may deem advisable, without liability for any loss in income by reason thereof.

6. To sell or exercise stock subscription or conversion rights.

7. To refrain from voting or to vote shares of stock owned by the Trust Estate at shareholders' meetings in person or by special, limited or general proxy and in general to exercise all the rights, powers and privileges of an owner in respect to any securities constituting a part of the Trust.

8. To participate in any plan of reorganization or consolidation or merger involving any company or companies whose stock or other securities shall be part of the Trust Estate, and to deposit such stock or other securities under any plan of reorganization or with any protective committee and to delegate to such committee discretionary power with relation thereto to pay a proportionate part of the expenses of such committee and any assessments levied under any such plan, to accept and retain new securities received by the Trustee pursuant to any such plan, to exercise all conversion, subscription, voting and other rights, of whatsoever nature pertaining to such property, and to pay any amount or amounts of money as she may deem advisable in connection therewith.

11

9.   To borrow money and to encumber, mortgage or pledge any asset of the Estate for a term within or extending beyond the term of the Trust, in connection with the exercise of any power vested in the Trustees.

10.   To enter for any purpose into a lease as lessor or lessee with or without option to purchase or renew for a term within or extending beyond the term of the Trust.

11.   To subdivide, develop or dedicate real property to public use or to make or obtain the vacation of plats and adjust boundaries, to adjust differences in valuation on exchange or partition by giving or receiving consideration, and to dedicate easements to public use without consideration.

12.   To make ordinary or extraordinary repairs or alterations in buildings or other structures, to demolish any improvements, to raise existing or erect new party walls or building.

13.   To continue and operate any business owned by me at my death and to do any and all things deemed needful or appropriate by the Trustee, including the power to incorporate the business, for such time as they shall deem advisable, without liability for loss resulting from the continuance or operation of the business, except for their own negligence; and to close out, liquidate or sell the business at such time and upon such terms as she shall deem best.

14.   To collect, receive and receipt of rents, issues, profits and income of the Trust Estate.

12

15.    To insure the assets of the Trust Estate against damage or loss and the Trustees against liability with respect to third persons.

16.    In buying and selling assets, in lending and borrowing money, and in all other transactions, irrespective of the occupancy by the same person of dual positions, to deal with themselves in their separate, or any fiduciary, capacities.

17.    To compromise, adjust, arbitrate, sue on or defend, abandon or otherwise deal with and settle claims in favor of or against and Estate as the Trustee shall deem best.

18.    To employ and compensate agents, accountants, investment advisors, brokers, appraisers, attorneys-in-fact, attorneys-at-law, tax specialists, realtors and other assistants and advisors deemed by the Trustee needful for the proper administration of the Trust Estate, and to do so without liability for any neglect, omission, misconduct or default of any such agent or professional representative provided he or she was selected and retained with reasonable care.

19.    To determine, irrespective of statute or rule of law, what shall be fairly and equitably charges or credited to income and what to principal notwithstanding any determination by the court or by any custom or statute, and whether or not to establish depreciation reserves.

20.    To hold and retain the principal of the Trust Estate undivided until actual division shall become necessary in order to make distributions; to hold, manage, invest, and account for the

13

several shares or parts thereof by appropriate entries on the Trustee's books of account; and to allocate to each share or part of share its proportionate part of all receipts and expenses; provided, however, the carrying of several trusts as one shall not defer the vesting in title or in possession of any share or part of share thereof.

21.   To make payment in cash or in kind, or partly in cash and partly in kind upon any division or distribution of the Trust Estate (including the satisfaction of any pecuniary distribution) without regard to the income tax basis of any specific property allocated to any beneficiary and to value and appraise any asset and to distribute such asset in kind at its appraised value.

22.   In general, to exercise all powers in the management of the Trust Estate which any individual could exercise in her own rights, upon such terms and conditions as she may deem best, and to do all acts which she may deem necessary or proper to carry out the purposes of this Trust.

23.   To purchase property, real or personal, from my Estate upon such terms and conditions as to price and terms of payment as my Personal Representatives and the Trustee shall agree, to hold the property so purchased in the Trust, although it may not qualify as an authorized trust investment, except for this provision, and to dispose of such property as and when the Trustee shall deem advisable. The fact that my Personal Representative and the Trustee are the same shall in no way affect the validity of

14

this provision.

24.    To lend funds to my Estate upon such terms and conditions as to interest rates, maturities and security as my Personal Representative and the Trustee shall agree. The fact that my Personal Representative and the Trustee are the same shall in no way affect the validity of this provision.

25.    To receive property bequeathed, devised or donated to the Trustee by me or any other person; to receive the proceeds of any insurance policy which names any Trustee as beneficiary; to execute all necessary receipts and releases to personal representatives, donors, insurance companies and other parties adding property to the Trust Estate.

## ARTICLE XI

### CERTIFIED COPIES OF TRUST

To the same effect as if it were the original, any person or institution may rely upon a copy certified by a notary public to be a true copy of this instrument and any schedules or exhibits attached hereto. Any person or institution may rely upon any statement of fact certified by anyone who appears from the original Trustee, or a certified copy thereof, to be a Trustee hereunder.

## ARTICLE XII

### LOCATION OF DOCUMENTS

This Declaration of Trust has been prepared in duplicate, each copy of which has been executed as an original. Either copy may be used as an original without the other and, if only one copy of this Declaration of Trust can be found, then it shall be considered as

15

the original and the missing copy will be presumed inadvertently lost.

## ARTICLE XIII

### INEFFECTUAL PROVISION

If any provision of this Declaration of Trust is unenforceable, the remaining provisions, nevertheless, shall be carried into effect.

## ARTICLE XIV

### DEFINITIONS AND CONSTRUCTION

This Declaration of Trust shall be construed as follows and the following terms have the following meanings:

1. "Distribute to" includes a payment directly to a beneficiary or a payment for the benefit of such beneficiary made to a third party;

2. "Descendants" include all lineal descendants of a person, of whatever degree; and

3. "Trustee" shall also be considered to be plural where necessitated by the appointment of Co-Trustees.

4. "Net Income" means the trust income, determined in accordance with generally accepted trust accounting principles (as modified by other provisions of this instrument), after payment of taxes and all reasonable and necessary expenses, including compensation of Trustee, except, however, my Trustee's determination of allocation of an item to income or principal shall be final, as long as such allocation is done in good faith by my Trustees.

16

5. This Trust has been established and shall be governed and construed according to the laws of the State of Florida.

6. References in this instrument to fiduciaries and beneficiaries shall apply to any fiduciary serving hereunder at any time and to any beneficiary hereunder, whether he, she or it is specifically names and regardless of whether the reference is singular or plural in number or whether it is in masculine, feminine or neuter gender.

7. The Trustee hereby accepts the Trust established herein.

IN WITNESS WHEREOF, I have hereunto set my hand and seal as Grantor and Trustee on the 9th day of February, 2006

_____
JOSEPH S. POPKIN, as Settlor

_____
JOSEPH S. POPKIN, as Grantor and Trustee

SIGNED, SEALED, PUBLISHED and DECLARED by JOSEPH S. POPKIN, the Grantor and Trustee, as and for his Revocable Trust dated February 9, 2006, in the presence of us and each of us, who, at his request, in his presence and in the presence of each other, have hereunto subscribed our names as witnesses on the date first above written.

_____ of Fort Lauderdale, Florida

_____ of Fort Lauderdale, Florida
Doris E. Aurelius

STATE OF FLORIDA

COUNTY OF BROWARD

We, the undersigned, being the Settlor/Grantor and Trustee and

17

the witnesses, respectively, whose names are signed to the foregoing instrument, and having been sworn, do hereby declare to the undersigned officer that the Settlor/Grantor and Trustee, in the presence of the witnesses, signed the instrument as his Revocable Trust, that he signed willingly; and that each of the witnesses, in the presence of the Grantor and Trustee and in the presence of each other, signed the Revocable Trust as a witness.

_____
JOSEPH S. POPKIN, Settlor/Grantor and Trustee

_____

_____
Doris E. Aurelius

    Subscribed and sworn to before me by JOSEPH S. POPKIN, the Settlor/Grantor and Trustee, and by JOHN E. AURELIUS and DORIS E. AURELIUS, the witnesses, on the 9th day of February, 2006, all of whom personally appeared before me. JOSEPH S. POPKIN, has produced his Florida Drivers License as identification. JOHN E. AURELIUS and DORIS E. AURELIUS are personally known to me.

_____
Notary Public
Name Printed: GEORGETTE R. COSTAS
My Commission Expires:

Georgette R. Costas
MY COMMISSION EXPIRES
September 4, 2007
#DD231579
Bonded thru
Troy Fain Insurance
NOTARY PUBLIC, STATE OF FLORIDA

SCHEDULE "A"

(Attached to and creating a part of the JOSEPH S. POPKIN REVOCABLE TRUST AGREEMENT DATED FEBRUARY 9, 2006.

The following described property has been conveyed and assigned to the Trustee:

Cash in the sum of $100.00

JOSEPH S. POPKIN, Settlor/Grantor

19

SCHEDULE "B"

STATEMENT OF INCAPACITY OF JOSEPH S. POPKIN

The undersigned, after having given much thought to the circumstances, unanimously agree that JOSEPH S. POPKIN is incapacitated to such an extent that he is unable to properly manage his affairs and it is in his best interest and the undersigned therefore deem it necessary and advisable that JOSEPH S. POPKIN be removed as Trustee of the JOSEPH S. POPKIN REVOCABLE TRUST AGREEMENT DATED FEBRUARY 9, 2006, and that the Successor Trustee shall now be the Trustee of the JOSEPH S. POPKIN REVOCABLE TRUST AGREEMENT DATED FEBRUARY 9, 2006

The undersigned further agree that, unless circumstances change to such an extent that JOSEPH S. POPKIN shall no longer be considered by the undersigned to be incapacitated, the Successor Trustee shall remain Trustee for the remainder of JOSEPH S. POPKIN'S life.  In the event that the undersigned determine that JOSEPH S. POPKIN is no longer incapacitated, a Revocation of Statement of Incapacity shall be signed by the undersigned, or his then current attending physician, and JOSEPH S. POPKIN shall again become the Trustee of his Revocable Trust.


_____
ROBIN POPKIN LOGUE


_____
ATTENDING PHYSICIAN

20

STATE OF _____
COUNTY OF _____

    The foregoing instrument was acknowledged before me this ___ day of _____, 200___ by ROBIN POPKIN LOGUE, who is personally known to me or who has produced _____ _____ as identification.

                                                  Printed Name:_____

My Commission Expires:             Notary Public


STATE OF _____
COUNTY OF _____

    The foregoing instrument was acknowledged before me this ___ day of _____, 20_____ by _____, as attending physician, who is personally known to me or who has produced _____ as identification.

                                                  Printed Name:_____

My Commission Expires:             Notary Public

21

### FIRST AMENDMENT

### TO

### JOSEPH S. POPKIN REVOCABLE TRUST AGREEMENT
### DATED FEBRUARY 9, 2006

THIS AMENDMENT to the JOSEPH S. POPKIN REVOCABLE TRUST AGREEMENT DATED FEBRUARY 9, 2006 is made this 14th day of May, 2007 by JOSEPH S. POPKIN, who resides at 6010 Linden Circle, Tamarac, Broward County, Florida, hereinafter called the "Settlor".

### WITNESSETH:

WHEREAS, the Settlor heretofore executed the Joseph S. Popkin Revocable Agreement dated February 9, 2006; and

WHEREAS, Settlor desires to amended and modify the said Revocable Trust Agreement dated February 9, 2007;

NOW, THEREFORE, Article VIII as set forth in the instrument dated February 9, 2006, be in the same is hereby deleted, stricken and revoked in its entirety and in its place and stead the following terms and conditions are stated:

### ARTICLE VIII

### TRUSTEES

The Trustees of this Trust shall be JOSEPH S. POPKIN and ROBIN POPKIN LOGUE.   The Co-Trustees are hereby authorized to act individually on behalf of this Trust in any matter or transaction relating to the assets held in the trust.  The action of one of the trustees shall be binding upon both of the trustees. In the event both of these trustees die, resign, or become incapacitated, the Successor Trustee, shall be SHARON POPKIN.  I direct that no bond be required of the Trustees herein named.

Except as amended hereby, the said JOSEPH S. POPKIN REVOCABLE TRUST AGREEMENT DATED FEBRUARY 9, 2006 is hereby ratified and confirmed in every respect.

We, JOSEPH S. POPKIN and ROBIN POPKIN LOGUE, as Co-Trustees hereby accept the Trust herein created.

IN WITNESS WHEREOF, the Settlor has made and executed this Amendment as of the 14th day of May, 2007.

_____
JOSEPH S. POPKIN, Settlor

_____
JOSEPH S. POPKIN, Co-Trustee

_____
ROBIN POPKIN LOGUE, Co-Trustee

The foregoing instrument, was signed, sealed and published and declared by JOSEPH S. POPKIN, the Settlor and Co-Trustee and ROBIN POPKIN LOGUE, Co-Trustee in the presence of us, the undersigned, who, at their special instance and request, do attest as witnesses, after said Settlor and Co-Trustees have signed their names thereto, and in their presence and in the presence of each other.

_____ of Fort Lauderdale, Florida.

_____ of Fort Lauderdale, Florida
Doris E. Aurelius

STATE OF FLORIDA

COUNTY OF BROWARD

We, JOSEPH S. POPKIN, ROBIN POPKIN LOGUE, JOHN E. AURELIUS and DORIS E. AURELIUS, the Settlor, Co-Trustees and witnesses

respectively, whose names are signed to the attached or foregoing instrument, having been sworn, declared to the undersigned officer that the Settlor and Trustees, in the presence of the witnesses, signed the foregoing instrument, that they signed, and that each of the witnesses in the presence of the Settlor and Co-Trustees and in the presence of each other, signed the document as a witness.

JOSEPH S. POPKIN, Settlor

JOSEPH S. POPKIN, Trustee

ROBIN POPKIN LOGUE, Trustee

Doris E. Aurelius

Subscribed and sworn to before me by JOSEPH S. POPKIN, as Settlor and Co-Trustee, ROBIN POPKIN LOGUE, as Co-Trustee and by JOHN E. AURELIUS and DORIS E. AURELIUS, the witnesses, on the 14th day of May, 2007 all of whom personally appeared before me. JOSEPH S. POPKIN and ROBIN POPKIN LOGUE are personally known to me. JOHN E. AURELIUS and DORIS E. AURELIUS are personally known to me.

Printed Name: GEORGETTE R. COSTAS
Notary Public

My Commission Expires

Georgette R. Costas
MY COMMISSION EXPIRES
September 4, 2007
#DD231579
Bonded thru
Troy Fain Insurance
NOTARY PUBLIC, STATE OF FLORIDA