# EXHIBIT A

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

## DECEMBER 11, 2008

### NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

October 19, 2009

Edith Wasserman (Deceased) (IRA)
C/O Sheryl Weinstein
17 Concerto Court
Eastport, NY 11941

Dear Edith Wasserman (IRA):

### PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim on BLMIS Account No. 1W0052 designated as Claim Number 2763:

Your claim for a credit balance of $338,512.78 and for securities is **DENIED**. No securities were ever purchased for your account.

Further, based on the Trustee's analysis, the amount of money you withdrew from your account at BLMIS (total of $85,997.82), as more fully set forth in Table 1 annexed hereto and made a part hereof, is greater than the amount that was deposited with BLMIS for the purchase of securities (total of $77,133.07). As noted, no securities were ever purchased by BLMIS for your account. Any and all profits reported to you by BLMIS on account statements were fictitious.

---

[1] Section 78lll(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78lll(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

300032227.1

Since there were no profits to use either to purchase securities or to pay you any money beyond the amount that was deposited into your BLMIS account, the amount of money you received in excess of the deposits in your account ($8,864.75) was taken from other customers and given to you. Accordingly, because you have withdrawn more than was deposited into your account, you do not have a positive "net equity" in your account and you are not entitled to an allowed claim in the BLMIS liquidation proceeding. Therefore, your claim is **DENIED** in its entirety.

Should a final and unappealable court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by you in having your customer claim re-determined in accordance with any such Court order.

Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by the Trustee against you.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after October 19, 2009, the date on which the Trustee mailed this notice.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you

## - Table 1 -

### DEPOSITS

| DATE | TRANSACTION DESCRIPTION | AMOUNT |
|---:|:---:|---:|
| 8/30/1993 | CHECK | $53,582.19 |
| 8/30/1993 | CHECK | $3,608.59 |
| 9/2/1993 | CHECK | $19,942.29 |
| **Total Deposits:** | | $77,133.07 |

### WITHDRAWALS

| DATE | TRANSACTION DESCRIPTION | AMOUNT |
|---:|:---:|---:|
| 5/11/1998 | TRANS TO 1W005130 | ($5,765.91) |
| 9/7/1999 | TRANS TO 1W005130 | ($6,690.33) |
| 3/14/2000 | TRANS TO 1W005130 | ($7,544.64) |
| 1/23/2002 | TRANS TO 1W005130 | ($8,762.02) |
| 11/20/2002 | TRANS TO 1W005130 | ($10,221.59) |
| 10/1/2003 | TRANS TO 1W005130 | ($10,378.52) |
| 12/1/2004 | TRANS TO 1W005130 | ($7,771.68) |
| 1/27/2006 | CHECK | ($8,574.00) |
| 12/27/2006 | CHECK | ($9,696.00) |
| 12/14/2007 | CHECK | ($10,593.13) |
| **Total Withdrawals:** | | ($85,997.82) |
| **Total deposits less withdrawals:** | | ($8,864.75) |

300032227 1