Jaspan Schlesinger LLP
300 Garden City Plaza
Garden City, New York 11530
(516) 746-8000
Steven R. Schlesinger, Esq. (SS 4225)

*Attorneys for LDP Corp. Profit Sharing Plan & Trust*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
SECURITIES INVESTOR PROTECTION
CORPORATION,

              Plaintiff-Applicant,              Adv. Pro. No. 08-01789 (BRL)

    v.                                      SIPA Liquidation

BERNARD L. MADOFF INVESTMENT        (Substantively Consolidated)
SECURITIES LLC,

              Defendant.
---------------------------------------------------------------X

IN RE:

BERNARD L. MADOFF,

              Debtor.
---------------------------------------------------------------X

### LDP CORP. PROFIT SHARING PLAN & TRUST'S OBJECTION TO
### NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

      LDP Corp. Profit Sharing Plan & Trust ("LDP Corp."), by and through its counsel, Jaspan Schlesinger LLP, hereby raises and files this Objection to the Notice of Trustee's Determination of Claim, dated October 19, 2009, and respectfully shows and alleges as follows:

      1.     Prior to the bar date, LDP Corp. mailed certified mail – return receipt a Custom Claim form (the "Customer Claim Form") with respect to Account Number 1ZA795 of Bernard L. Madoff Investment Securities LLC ("BLMIS"). A copy of the Customer Claim

Form is annexed hereto as Exhibit "A". The Customer Claim Form reflected a November 30, 2008 balance of $1,813,826.77 with respect to Account Number 1ZA795.

2. On or about October 19, 2009, the Trustee issued the Notice of Trustee's Determination of Claim, dated October 19, 2009 (the "Determination of Claim"). A copy of the Determination of Claim is annexed hereto as Exhibit "B". As reflected in the Determination of Claim, the Trustee denied LDP Corp.'s claim under Account Number 1ZA795 in its entirety. Specifically, the Trustee denied LDP Corp.'s claim for a credit balance of $1,787,986.77 on the ground that "[n]o securities were ever purchased for [its] account." See Exhibit B. The Trustee also stated that based upon his analysis, the amount of money withdrawn from the account was greater than the amount deposited with BLMIS. See Exhibit B.

3. The Determination of Claim Trustee's determination should be overturned and LDP Corp. should be allowed a claim for the maximum amount under SIPC ($500,000.00) with the balance as a claim against the estate and any remaining proceeds, totaling $1,787,986.77 as reflected on its last statement from BLMIS, dated November 30, 2008.

**THE DETERMINATION OF CLAIM SHOULD BE OVERTURNED
AS LDP CORP. IS ENTITLED TO A CLAIM FOR THE FULL AMOUNT ON
ITS NOVEMBER 30, 2008 ACCOUNT STATEMENT**

4. The Determination of Claim should be overturned as LDP Corp. is entitled to receive the full amount of its claim from SIPC for Account Number 1ZA795 in the amount of $1,787,986.77, as reflected on its Customer Claim Form.

5. The Trustee has failed to render a determination and to satisfy LDP's Customer Claim for Account Number 1ZA795 in accordance with the books and records of BLMIS. The Trustee has failed to give any weight to the documents in his possession regarding this account.

A proof of claim filed by a creditor is prima facie evidence of the amount and validity of the claim. See Fed. R. Bankr. P. 3001. The Trustee bears the burden of proof in challenging the amount and validity of LDP Corp.'s Customer Claim. See In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); In re 37-02 Plaza LLC, 387 B.R. 413, 417 (Bankr. E.D.N.Y. 2008) ("The party objecting to a properly filed claim has the burden of introducing sufficient evidence to overcome that claim's prima facie validity."). The Trustee has failed to meet this burden.

6. Additionally, assuming, *arguendo*, that the Trustee is correct with his definition of "net equity" and his money in/money out analysis (which LDP Corp. submits is also incorrect), the Trustee's conclusion that LDP Corp. withdrew more funds than were deposited for its account should be overturned. The Trustee's money in/money out analysis fails to give customers of BLMIS credit for basic interest that could have been earned on the funds deposited with Madoff and BLMIS during the years in which they were investors, and also fails to reflect the time value of money. Clearly, the amounts LDP Corp. deposited with BLMIS in 1995 and the years following do not have the same value now in 2009.

7. The Trustee's definition of "net equity" only serves to punish victims of Madoff and BLMIS and fails to honor their reasonable expectations. The Determination of Claim must therefore be reversed and LDP Corp. should be entitled to receive the full amount of its claim ($1,787,986.77) as reflected on its last statement from BLMIS, dated November 30, 2008.

8. LDP Corp. also submits that the issue of "net equity" with respect to its account will be affected by the various motions and objections to the Trustee's definition of "net equity" that is being briefed for this Court pursuant to its September 16, 2009 Order [Docket # 437]. LDP Corp. respectfully requests that a hearing and ruling on its Objection to the Determination of Claim be stayed pending a decision by this Court on the Trustee's definition of "net equity"

and his money in/money out approach as such decision will undoubtedly affect this Objection, the amount of LDP Corp.'s claim and entitlement to recovery from SIPC and the Trustee's Determination of Claim.

9. LDP Corp. further reserves the right to revise, supplement, or amend this Objection, and any failure to object on a particular ground or grounds shall not be construed as a waiver of its right to object.

**WHEREFORE**, LDP Corp. Profit Sharing Plan & Trust requests that its Customer Claim be allowed in its entirety in the amount of $1,787,986.77, together with such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
November 18, 2009

                        JASPAN SCHLESINGER LLP
*Attorneys for LDP Corp. Profit Sharing Plan & Trust*

By: s/ Steven R. Schlesinger
STEVEN R. SCHLESINGER (SS 4225)
300 Garden City Plaza
Garden City, New York 11530
(516) 746-8000

TO:     Clerk of the United States Bankruptcy Court  (via ECF)
         for the Southern District of New York
         One Bowling Green
         New York, New York 10004

         Irving H. Picard, Trustee
         c/o Baker & Hostetler LLP
         45 Rockefeller Plaza
         New York, New York 10111

HY/D677874v1/M053489/C0143280      5