Stephen Fishbein
James Garrity, Jr.
Richard Schwed
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 848-4000
Facsimile: (212) 848-7179

*Attorneys for Petitioner Carl J. Shapiro*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, :<br>:<br>Plaintiff, :<br>:<br>v. :<br>:<br>BERNARD L. MADOFF INVESTMENT SECURITIES, LLC, :<br>:<br>Defendant. :<br>In re: :<br>:<br>BERNARD L. MADOFF, :<br>:<br>Debtor. :<br>In the Matter of the Petition of :<br>Carl J. Shapiro to Perpetuate Testimony :<br>Pursuant to Federal Rule of Civil Procedure :<br>27 and Federal Rules of Bankruptcy :<br>Procedure 9014 and 7027 : | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated)<br><br><br><br><br><br><br><br>09 Civ. No. _____ |

**MEMORANDUM OF LAW IN SUPPORT OF PETITION OF**
**<u>CARL J. SHAPIRO TO PERPETUATE TESTIMONY</u>**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................................... ii

INTRODUCTION ........................................................................................................................ 1

FACTUAL BACKGROUND ....................................................................................................... 2

ARGUMENT ................................................................................................................................ 5

    I.    The Criteria For A Rule 27 Deposition To Perpetuate Testimony
         Are Satisfied ................................................................................................................... 5

    II.   Reasonable And Fair Procedures Should Be Established For The Deposition ...... 6

         A.    The Deposition Should Be Held On December 14, 2009 ........................... 6

         B.    The Duration And Scope Of The Deposition Should Be Limited .............. 7

         C.    Both Parties Should Produce Relevant Documents Prior to
               the Deposition ................................................................................................ 9

         D.    An Appropriate Confidentiality Order Should Be Entered ....................... 11

    III.  An Expedited Hearing Is Necessary Under The Circumstances .......................... 11

CONCLUSION ........................................................................................................................... 12

# TABLE OF AUTHORITIES

## CASES

*Am. Stock Exch., LLC v. Mopex, Inc.*, 215 F.R.D. 87 (S.D.N.Y. 2002) ......................................... 9

*In re Application of Deiulemari Di Navigazione*, 153 F.R.D. 592 (E.D. La. 1994) ................ 10, 12

*Collins v. Polk*, 115 F.R.D. 326 (M.D. La. 1987) ......................................................................... 8

*In re Dupont Walston Inc.*, No. 74-B-344, 1978 Bankr. LEXIS 8
    (Bankr. S.D.N.Y. Mar. 22, 1978) ............................................................................................. 9

*In re Duratech Indus.*, 241 B.R. 283 (E.D.N.Y. 1999) ................................................................. 8

*In re Enron Corp.*, 281 B.R. 836 (Bankr. S.D.N.Y. 2002) ............................................................ 7

*Gjermo v. Sasso*, No. 99 Civ. 4964, 2000 WL 385527 (S.D.N.Y. Apr. 17, 2000) ....................... 7

*In re Hunter*, 207 B.R. 981 (Bankr. D. Conn. 1997) .................................................................. 11

*Martin v. Reynolds Metals Corp.*, 297 F.2d 49 (9th Cir. 1961) ......................................... 5, 9, 10

*Petition of Ingersoll-Rand Co.*, 35 F.R.D. 122 (S.D.N.Y. 1964) ................................................ 10

*In re Recoton Corp.*, 307 B.R. 751 (Bankr. S.D.N.Y. 2004) ........................................................ 7

*In re Town of Amenia, NY*, 200 F.R.D. 200 (S.D.N.Y. 2001) ...................................................... 5

## STATUTES

Fed. R. Bankr. P. 2004 ........................................................................................................ *passim*

Fed. R. Bankr. P. 7030 ................................................................................................................... 7

Fed. R. Bankr. P. 9006(c) ............................................................................................................ 12

Fed. R. Civ. P. 26(c) .................................................................................................................... 11

Fed. R. Civ. P. 27 ................................................................................................................ *passim*

Fed. R. Civ. P. 30(d)(1) ................................................................................................................. 7

Fed. R. Civ. P. 34 ........................................................................................................................... 9

Fed. R. Civ. P. 7027 ................................................................................................................. 1, 5

Fed. R. Civ. P. 9014 .................................................................................................................. 1, 5

## OTHER AUTHORITIES

Collier on Bankruptcy § 9-2004 .................................................................................................. 7

Moore's Federal Practice, Civil § 27.13 ..................................................................................... 5

Wright & Miller, Federal Practice and Procedure § 2074 ......................................................... 9

Local Bankruptcy Rule 9006-1 ................................................................................................. 12

Carl J. Shapiro, by and through his undersigned attorneys, respectfully submits this Memorandum of Law and accompanying Declaration of Stephen Fishbein ("Fishbein Decl.") in support of his Petition ("Shapiro Pet.") for an order pursuant to Federal Rule of Civil Procedure 27 and Federal Rules of Bankruptcy Procedure 7027 and 9014 authorizing the deposition of Mr. Shapiro to perpetuate his testimony.

## INTRODUCTION

Mr. Shapiro is 96 years old and in failing health. He was a long-time investor with Bernard Madoff, having first invested around 1960. The Trustee for Bernard L. Madoff Investment Securities LLC ("BLMIS") has informed Mr. Shapiro's counsel that the Trustee will assert avoidance claims against Mr. Shapiro and his family (the "Shapiro Family") and the Carl and Ruth Shapiro Family Foundation (the "Foundation"). Since May 2009, the parties have been engaged in discussions to resolve the matter but so far have been unable to reach a settlement. The Trustee has already drafted a complaint, which he will file if the Shapiro Family and the Foundation do not settle.

Mr. Shapiro's testimony should be preserved because – given his advanced age and poor health – there is a substantial risk that he will not be available should the parties fail to settle the case. Mr. Shapiro also seeks reasonable conditions for his deposition including time limits to accommodate his frail condition and the opportunity to obtain document discovery from the Trustee in advance of the deposition. These conditions are no more than what any civil litigant would be entitled to in a run-of-the-mill case. The fact that the stakes here are enormous (the Trustee's claims are likely to be for several hundred million dollars) and that this could well be Mr. Shapiro's last chance to tell his story make it all the more important that the deposition be conducted on a level playing field and with due consideration to Mr. Shapiro's health.

The Trustee agrees that Mr. Shapiro should be deposed. While the Trustee has indicated that his questioning will be efficient and that he will be respectful of Mr. Shapiro's health, the procedures he has proposed would in fact amount to litigation by ambush. The Trustee has proposed that the deposition begin with a very broad Rule 2004 examination without time limits that may last several days or longer. Only after this Rule 2004 examination would Mr. Shapiro's counsel be entitled to question the witness and, even then, the Trustee has declined to provide any relevant documents in his possession such as BLMIS account statements, correspondence and analysis relating to the Shapiro Family and Foundation accounts. The Trustee's Rule 2004 approach is inappropriate because the Trustee is in no way conducting an investigation to determine whether he has a claim. To the contrary, the Trustee has already asserted a claim (orally) and has drafted a complaint. Under the circumstances, Mr. Shapiro is entitled to the protections of the Federal Rules of Civil Procedure that govern contested litigation.

## FACTUAL BACKGROUND

Mr. Shapiro was a successful entrepreneur who made a fortune in the women's clothing business in the 1950s and 60s.[1] He first invested with Bernard Madoff around 1960, after which members of his family and the Foundation also invested. (Shapiro Pet. ¶ 2.) The Shapiros remained Madoff investors until BLMIS collapsed in December 2008. (*Id.*) Indeed, the Shapiros invested an additional $250 million with BLMIS just weeks before the scheme was exposed. (*Id.*)

---

[1] *See, e.g.*, *'Work Horse' Dress Builds a $22,000,000 Business*, New York Times, Jan. 27, 1957, at F1 (referring to Mr. Shapiro as the "cotton king of the dress industry" and estimating annual revenues of his company, Kay Windsor, to be $22 million); *V.F. Agrees to Acquire Kay Windsor for Stock Valued at $20.9 Million*, The Wall Street Journal, Dec. 17, 1970, at 19.

Over the years, the Shapiro Family and the Foundation accounts at BLMIS thrived and the Shapiros withdrew more from their accounts than they deposited. (Shapiro Pet. ¶ 3.) Beginning in May 2009, counsel for the Trustee informed counsel for Mr. Shapiro that the Trustee would pursue avoidance claims against the Shapiro Family and the Foundation to "claw back" the amounts withdrawn from their BLMIS accounts. (*Id.*) Since then, the parties have been engaged in discussions to resolve the case, but have been unable to reach a settlement. (*Id.*) The Trustee has advised that he already has a complaint drafted, which he will file if settlement discussions are not successful. (*Id.*)

Mr. Shapiro is 96 years old. Apart from his advanced age, he suffers from a number of serious medical conditions. In 1986, he had Ramsey Hunt Syndrome, a viral infection of the nerves of the face that left him virtually blind in one eye. He currently suffers coronary artery disease, which has required several stents and ongoing treatment with medication. He has atrial fibrillation, which requires anticoagulant medication and hypothyroidism requiring medication and other treatment. Mr. Shapiro's physical condition worsened considerably in October 2009, when he was diagnosed with wet macular degeneration, an eye disease that threatened the eyesight in his remaining "good" eye. Mr. Shapiro has been receiving treatment for this condition, but his vision has not improved. He currently is unable to read.[2] (Shapiro Pet. ¶¶ 4-5 and Ex. "A".)

On October 29, 2009, the Trustee served a subpoena for documents under Federal Rule of Bankruptcy Procedure 2004 on the Shapiro Family and the Foundation. (Fishbein Decl. ¶ 3.) In response, the Shapiro Family and the Foundation have produced comprehensive

---

[2] Mr. Shapiro's doctor has observed that "[t]he events of the last several months, combined with [Mr. Shapiro's] multitude of medical problems has caused a clear cut decline in his state of well being and robustness. He is now fragile and for the first time since I have known him, less confident in the future." (Shapiro Pet. Ex. "A").

documentation concerning their BLMIS accounts, including: BLMIS account statements; correspondence with BLMIS relating to the Shapiro Family and Foundation accounts; account statements from another financial institution reflecting deposits to and withdrawals from BLMIS; and tax returns for the Shapiro Family and the Foundation.[3]  (*Id.*)

Since August 2009, the parties have been discussing a deposition of Mr. Shapiro. (Fishbein Decl. ¶ 4.)  In early October 2009, as Mr. Shapiro's health worsened, his counsel urged the Trustee to proceed with Mr. Shapiro's deposition as soon as possible and proposed the week of November 2, 2009 for the deposition.  (*Id.*)  The Trustee declined to proceed on November 2 and instead proposed to "target" the deposition for December 14, 2009.  (*Id.*)  The Trustee has declined to commit to December 14 and has said that the deposition may be delayed if the Trustee is not satisfied with the scope of documents produced by Mr. Shapiro.  (*Id.*)

The Trustee has required a number of other conditions for Mr. Shapiro's deposition.  First, the Trustee has said that the deposition must begin with a broad Rule 2004 examination with no time limits and which the Trustee says may last several days or longer. (Fishbein Decl. ¶ 5.)  Second, while the Trustee has obtained extensive document discovery from Mr. Shapiro, he has refused to provide any reciprocal discovery, including BLMIS account statements, correspondence and analysis relating to the Shapiro Family and Foundation accounts. (*Id.*)  Third, the Trustee has insisted on adding an unusual term to the confidentiality agreement covering Mr. Shapiro's testimony and production of documents that would tie this Court's hands and prevent the Court from imposing any meaningful sanction for the Trustee's violation of the confidentiality agreement.  (*Id.*)

---

[3] The Shapiro Family and Foundation produced their BLMIS account statements and related documentation to the Trustee on October 28, 2009. On November 17, 2009, they produced tax returns, bank account statements and other documents. So far, approximately 135,000 pages have been produced to the Trustee.

**ARGUMENT**

I. <u>**The Criteria For A Rule 27 Deposition To Perpetuate Testimony Are Satisfied**</u>

Federal Rule of Civil Procedure 27 (made applicable here through Federal Rules of Bankruptcy Procedure 7027 and 9014)[4] provides that a court may issue an order authorizing a deposition to perpetuate testimony when a person expects to be made a party to an action and where there is a possibility that relevant testimony may otherwise be unobtainable. Fed. R. Civ. P. 27(a); *see In re Town of Amenia, NY*, 200 F.R.D. 200, 203 (S.D.N.Y. 2001) (permitting deposition to preserve testimony of 77-year-old man); *Martin v. Reynolds Metals Corp.*, 297 F.2d 49, 55 (9th Cir. 1961) ("one who expects to be made a defendant . . . should be, and is, entitled to use [Rule 27], upon a proper showing, to preserve important testimony that might otherwise be lost"); Moore's Federal Practice, Civil § 27.13[2] ("The Rule 27(a) procedure may be used by a prospective defendant.").

The necessary criteria are easily satisfied here because (i) the Trustee has orally asserted claims against Mr. Shapiro and says he will file a complaint if the parties are unable to settle; (ii) Mr. Shapiro's testimony is directly relevant to an avoidance action, which would be based on Mr. Shapiro's and his family's BLMIS investments; and (iii) Mr. Shapiro is 96 years old and suffers from serious medical conditions such that he may not be available if and when litigation is commenced. *See* Fed. R. Civ. P. 27(a); Moore's Federal Practice, Civil § 27.13 (serious illness and advanced age of deponent are sufficient to meet Rule 27 criteria).

---

[4] Federal Rule of Bankruptcy Procedure 9014 provides that "[a]n entity that desires to perpetuate testimony may proceed in the same manner as provided in Rule 7027 for the taking of a deposition before an adversary proceeding." In turn, Federal Rule of Bankruptcy Procedure 7027 provides that Rule 27 of the Federal Rules of Civil Procedure applies to bankruptcy proceedings.

## II.   Reasonable And Fair Procedures Should Be Established For The Deposition

The Trustee agrees that Mr. Shapiro should be deposed. The parties' dispute relates to the procedures for the deposition. As set forth below, the procedures proposed in Mr. Shapiro's Petition are appropriate.

### A.   The Deposition Should Be Held On December 14, 2009

It is essential that a firm date be established for the deposition. Given Mr. Shapiro's advanced age and declining health, there can be no assurance that he will be able to provide meaningful testimony for the foreseeable future. Mr. Shapiro urged the Trustee to agree to the deposition the week of November 2, but the Trustee declined. December 14, 2009 is a reasonable date because the Trustee has already said he is available and it allows ample time for the Trustee to review Mr. Shapiro's document production.

The deposition should not be delayed for the Trustee's further review of documents. The Shapiro Family and Foundation produced their BLMIS account statements, tax returns, correspondence with BLMIS and other documents on October 28 and November 17, well in advance of the proposed deposition date. The Shapiro Family and Foundation expect to produce some additional documents by December 1; the Trustee's law firm has substantial resources and can review Mr. Shapiro's documents quickly. Even if additional documents are produced after December 14, the Trustee can always move to reopen the deposition. Establishing a firm date of December 14 will not prejudice the Trustee because he is free to request additional testimony if circumstances justify it. On the other hand, delaying the deposition will seriously prejudice Mr. Shapiro because, as a result of his declining health, he may be unable to testify at all.

B.     The Duration And Scope Of The Deposition Should Be Limited

Depositions in adversary proceedings are generally limited to one day of seven hours. Fed. R. Civ. P. 30(d)(1); Fed. R. Bankr. P. 7030. When a deponent is old and infirm, it is appropriate to impose shorter time limitations. *See Gjermo v. Sasso*, No. 99 Civ. 4964, 2000 WL 385527, at *1 (S.D.N.Y. Apr. 17, 2000) (ordering "a brief deposition, not to exceed a few hours" based on deponent's poor health). Here, a limit of six hours – four hours for the Trustee and two hours for Mr. Shapiro's counsel – is appropriate. To the extent that either side believes they had insufficient time, they are free to ask the Court to reopen the deposition at a later date. As with a firm date for the deposition, imposing a time limit now will not prejudice the Trustee because he can get more time later if circumstances warrant it. On the other hand, requiring Mr. Shapiro to sit for more than six hours of questioning in the first instance may affect his health and his ability to provide meaningful testimony.

The Trustee's proposal to take a Rule 2004 examination that could last several days is not appropriate. Rule 2004 authorizes extremely broad examinations so that the Trustee can determine the location of the debtor's assets and identify parties against whom to assert claims. *See In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002) (Rule 2004 is used for "discovering assets, examining transactions, and determining whether wrongdoing has occurred"). Where the Trustee has already asserted a claim – for example when an adversary proceeding has been commenced – courts routinely deny Rule 2004 examinations. *Id.* at 840-41; *see* Collier on Bankruptcy § 9-2004 (where "an adversary proceeding or contested matter is pending . . . Rule 2004 should not be used"). Once a matter is actually contested, the defendant is entitled to the protections of the Federal Rules. *In re Recoton Corp.*, 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004) ("Rule 2004 examinations are also not generally permitted once an

adversary proceeding has been filed, as the greater protections of the Bankruptcy Rules 7026 through 7037, which are modeled on Fed. R. Civ. P. 26-37, then apply.").

Here, the Trustee has already told counsel for the Shapiro Family and the Foundation that he will assert avoidance claims. The Trustee has drafted a complaint and the only reason it has not been filed is that the parties are attempting to settle the matter. If no settlement is reached, there is no doubt that the Trustee will pursue the claims. Under these circumstances, a Rule 2004 examination without time limits would be an end-run around the fair and orderly procedures of the Federal Rules, to which the defendant is entitled. *See In re Enron*, 281 B.R. at 841 ("Based on Rule 2004's substantive differences, courts have expressed concern that Rule 2004 examinations not be used as a tactic to circumvent the safeguards of the Federal Rules of Civil Procedure."); *In re Duratech Indus.*, 241 B.R. 283, 289-90 (E.D.N.Y. 1999) (denying Rule 2004 examination where court found that applicant already had "sufficient information" that made examination unnecessary); *Collins v. Polk*, 115 F.R.D. 326, 328-29 (M.D. La. 1987) (granting motion to impound all Rule 2004 depositions and criticizing plaintiff who filed suit in district court but did not serve the pleadings on Rule 2004 examinee until after having participated in Rule 2004 examinations).

To be clear, Mr. Shapiro has no objection if the Trustee wishes to conduct his portion of the deposition as a Rule 2004 examination, and the Trustee will be free to broadly question Mr. Shapiro on any topic related to BLMIS. What Mr. Shapiro requests is that the Trustee's total time be limited to four hours and that the normal protections of the Federal Rules apply, such as the right to be represented by counsel and the ability of counsel to object to questions by the Trustee.

C.    Both Parties Should Produce Relevant Documents Prior To The Deposition

It is a fundamental principle of our adversary system that *both* parties to a civil litigation are required to produce relevant documents before depositions or trial testimony. *See* Fed. R. Civ. P. 34; *In re Dupont Walston Inc.*, No. 74-B-344, 1978 Bankr. LEXIS 8, at *10 (Bankr. S.D.N.Y. Mar. 22, 1978) ("*Mutual* knowledge of all relevant facts, gathered by both parties, is necessary for proper litigation, and, using the Federal Rules, either party may compel the other to disclose evidence in his possession.") (emphasis in original). Trial by ambush in which one party seeks to hide its documents in order to surprise the other is not permitted. *Am. Stock Exch., LLC v. Mopex, Inc.*, 215 F.R.D. 87, 93 (S.D.N.Y. 2002) (purpose of discovery rules is to "avoid 'surprise' or trial by 'ambush'").

Depositions to perpetuate testimony are no different. In fact, Rule 27 was amended in 1946 specifically to clarify that Rule 34 governing the production of documents is applicable to a deposition to perpetuate testimony. *See* Fed. R. Civ. P. 27(a)(3) (if satisfied that Rule 27 criteria are met, "depositions may then be taken under these rules, and the court may issue orders like those authorized by Rule 34 and 35"); *id.*, Advisory Committee Notes (1946 Amendment clarified applicability of Rule 34 to depositions to perpetuate testimony); Wright & Miller, Federal Practice and Procedure § 2074 (Advisory Committee "made it clear that, at a minimum, inspection of documents . . . could be had in connection with a deposition under Rule 27"). As one court has explained, once the proper showing to perpetuate testimony is made under Rule 27, the document discovery rules should then be "liberally construed" as one of the central purposes of the Federal Rules "was to take the sporting element out of litigation, partly by affording each party full access to evidence in the control of his opponent." *Martin v. Reynolds Metals Corp.*, 297 F.2d at 56. *See also Petition of Ingersoll-Rand Co.*, 35 F.R.D. 122, 124 (S.D.N.Y. 1964) ("the argument that documentary evidence cannot be obtained for a

deposition under Fed. R. Civ. P. 27 is entirely unsound"); *In re Application of Deiulemari Di Navigazione*, 153 F.R.D. 592, 593 (E.D. La. 1994) (ordering production of documents in connection with Rule 27 deposition to perpetuate testimony).

The Trustee has already received the benefit of broad document discovery from Mr. Shapiro, including Madoff account statements (back to the mid-90s), other bank account statements, correspondence, and tax returns.[5] The Trustee has in his possession other relevant documents – for example BLMIS account statements and correspondence going back to at least the early 1980s – but he has refused to produce anything to Mr. Shapiro in advance of his deposition. (*See* Fishbein Decl. ¶ 5.)

Mr. Shapiro's upcoming deposition may well be the first and last time he is able to offer meaningful testimony in this proceeding. If that is the case, the videotape of the deposition will serve as the trial testimony of the key witness. To permit the Trustee to cross examine the key witness in the case, a 96-year-old man in ill health, without previously making available relevant documents would not be fair. Further, the Trustee likely has documents that could illuminate and support Mr. Shapiro's testimony. It would also be unfair for Mr. Shapiro to testify without the benefit of helpful documents (some of which only he may be able to explain) only to have those documents produced by the Trustee after Mr. Shapiro is no longer able to testify. Rule 27, which expressly authorizes document discovery, as well as the openness and transparency on which our litigation system is based dictate that the Trustee produce his documents well in advance of the deposition.

---

[5] The Shapiro Family and the Foundation have objected to providing the Trustee with "net worth" statements detailing their personal assets. This information is not relevant to the Trustee's avoidance claims. It also is not necessary for the Trustee to trace assets as the Shapiros have already provided their Madoff statements, tax returns and statements from the bank that received withdrawals from BLMIS.

      D.    <u>An Appropriate Confidentiality Order Should Be Entered</u>

Parties to litigation are often entitled to discover information from their adversaries that is personal or confidential in nature. As a result, the Court has broad authority to enter protective or confidentiality orders limiting the disclosure of documents and testimony obtained in litigation. *See* Fed. R. Civ. P. 26(c). A necessary corollary to the power to enter protective orders is the authority to sanction violations of such orders. The Bankruptcy Court, like any other court, has the inherent authority to impose a wide range of sanctions for discovery abuses. *See In re Hunter,* 207 B.R. 981, 988 (Bankr. D. Conn. 1997).

The parties here have negotiated a suitable confidentiality agreement. However, they have been unable to finalize the agreement because the Trustee has insisted on including the following provision: "The [Shapiro Family] agrees that if Confidential Information is disclosed in violation of this Agreement, the [Shapiro Family's] sole remedy is to seek injunctive relief in the Bankruptcy Court to prevent further disclosures of Confidential Information." In essence, this provision would limit the Court's supervisory authority to issuing a "don't do it again" order that provides no real incentive for the Trustee to abide by his confidentiality obligations.

The Court should reject the Trustee's proposed remedy provision because it would tie the Court's hands as to any discovery abuse by the Trustee. The Shapiro Family and the Foundation have and will continue to produce highly confidential documents such as tax returns and personal emails. Should the Trustee violate the confidentiality agreement, it will be for the Court, not the parties, to decide the appropriate remedy. Any effort to curtail the Court's otherwise broad powers would be inappropriate.

### III.    <u>An Expedited Hearing Is Necessary Under The Circumstances</u>

Although Rule 27 ordinarily requires a hearing to be held at least 20 days after the petition is filed, this Court has the authority to shorten that period "for cause shown . . . with or

without motion or notice." Fed. R. Bankr. P. 9006(c); *see*, *e.g.*, *In re Application of Deiulemar*, 153 F.R.D. at 593 ("The court sees no reason why the twenty day period set forth in Rule 27(a)(2) is sacrosanct and cannot be modified . . .").[6] There is good cause here because both parties will need the Court's ruling well in advance of December 14, 2009 so that if the Court orders the Trustee to produce documents, there will be sufficient time for the production and for Mr. Shapiro's counsel to review the documents in advance of the deposition. The Trustee will not be prejudiced by expedited proceedings because the parties have been discussing a deposition of Mr. Shapiro for several months and the Trustee is well aware of Mr. Shapiro's position on the procedural issues raised in this petition. Moreover, the Trustee has likely already collected relevant documents in preparation for Mr. Shapiro's deposition, which has been under discussion for several months. Accordingly, Mr. Shapiro respectfully requests that the hearing date for the Rule 27 Petition be no later than November 30, 2009 so that if the Court orders the production of documents, Mr. Shapiro will have approximately two weeks prior to the deposition to review the documents.

## CONCLUSION

For the foregoing reasons, Mr. Shapiro respectfully requests that the Court issue an order requiring:

(a) That a deposition of Mr. Shapiro be held on December 14, 2009 at 9:00 a.m. in a private conference room at the Breakers Hotel in Palm Beach, Florida, or such other location in Palm Beach as may be agreed by the parties;

(b) That the deposition be limited to a total of six hours of testimony, of which the Trustee is entitled to question for four hours and Mr. Shapiro's counsel may question for two hours;

---

[6] Local Bankruptcy Rule 9006-1 provides that discovery motions, including under Rule 7027, should be served at least five days before the return date.

(c) That Mr. Shapiro be permitted extended breaks during the deposition as needed given his level of fatigue and concentration;

(d) That the Trustee provide to counsel for Mr. Shapiro by December 1, 2009 the following documents in his possession:

(i) BLMIS records including account statements, correspondence, analyses or other documents that relate or refer to the Shapiro Family or the Foundation or to their accounts at BLMIS; and,

(ii) All other documents that were created prior to December 12, 2008 and which relate or refer to the Shapiro Family or the Foundation or to their accounts at BLMIS.

(e) That the Trustee and Mr. Shapiro enter into a confidentiality agreement covering document production and depositions that does not contain any limitation on the Court's authority to sanction discovery violations.

Dated: New York, New York
November 18, 2009

Respectfully submitted,

**SHEARMAN & STERLING LLP**

By: /s/Stephen Fishbein
Stephen Fishbein
James Garrity, Jr.
Richard Schwed
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 848-4000
Facsimile: (212) 848-7179

*Attorneys for Petitioner Carl J. Shapiro*