**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | : <br> : <br> :    Adv. Pro. No. 08-01789 (BRL) <br> : <br> :    SIPA Liquidation <br> : <br> :    (Substantively Consolidated) |
| Plaintiff, | |
| v. | |
| BERNARD L. MADOFF INVESTMENT SECURITIES, LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| In the Matter of the Petition of Carl J. Shapiro to Perpetuate Testimony Pursuant to Federal Rule of Civil Procedure 27 and Federal Rules of Bankruptcy Procedure 9014 and 7027 | :    09 Civ. No. _____ |

## DECLARATION OF STEPHEN FISHBEIN

I, STEPHEN FISHBEIN, under penalty of perjury, declare as follows:

1. I am counsel for Carl J. Shapiro and certain members of his family (the "Shapiro Family") and the Carl and Ruth Shapiro Family Foundation (the "Foundation") in the above-captioned matter. I submit this Declaration in support of the Verified Petition of Carl J. Shapiro to Perpetuate Testimony. I have personal knowledge of the facts set forth in this Declaration.

2. Counsel for the court-appointed Trustee ("Trustee") for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") has informed me that the Trustee

will assert avoidance claims against the Shapiro Family and the Foundation.  Since about May 2009, the parties have been engaged in settlement discussions but so far such discussions have not been successful.  Counsel for the Trustee has informed me that he has already drafted a complaint, which he will file if the parties are unable to settle.

        3.        On October 29, 2009, the Trustee served a subpoena under Federal Rule of Bankruptcy Procedure 2004 requesting documents from the Shapiro Family and the Foundation. The Shapiro Family and the Foundation have produced non-privileged documents concerning their BLMIS accounts in response to the subpoena including, but not limited to:  (i) BLMIS account statements; (ii) correspondence with BLMIS relating to the Shapiro Family and Foundation accounts; (iii) account statements from another financial institution, which show deposits to and withdrawals from the Shapiro Family and Foundation accounts at BLMIS; and (iv) tax returns for the Shapiro Family and Foundation.

        4.        Since at least August 2009, the parties have been discussing a deposition of Mr. Shapiro.  In early October 2009, as Mr. Shapiro's health worsened, I urged the Trustee to proceed with Mr. Shapiro's deposition as soon as possible and proposed the week of November 2, 2009 for the deposition.  The Trustee declined to proceed during the week of November 2 and instead proposed to "target" the deposition to begin on December 14, 2009.  The Trustee declined to make a firm commitment for December 14 and has said that the deposition will be delayed if the Trustee is not satisfied with the scope of documents produced by Mr. Shapiro.

        5.        The Trustee has required a number of other conditions for Mr. Shapiro's deposition.  First, the Trustee has said that the deposition must begin with a broad Rule 2004 examination with no time limits.  While the Trustee's counsel has advised that he will be efficient in his questioning and respectful of Mr. Shapiro's health, the Trustee has declined to

agree to time limits and has said that the Rule 2004 examination may take several days. Second, while the Trustee has obtained extensive document discovery from Mr. Shapiro, he has declined to provide any reciprocal discovery, including the BLMIS account statements that he has referred to publicly and documents that he may use to confront Mr. Shapiro at his deposition. Third, the Trustee has insisted that the confidentiality agreement covering Mr. Shapiro's deposition and the documents produced by the Shapiro Family and the Foundation include a provision stating that: "[the Shapiro Family] agrees that if Confidential Information is disclosed in violation of this Agreement, the [Shapiro Family's] sole remedy is to seek injunctive relief in the Bankruptcy Court to prevent further disclosures of Confidential Information."

Dated:  New York, New York
        November 18, 2009

                                                                            /s/Stephen Fishbein
                                                                             Stephen Fishbein