ROSEN & ASSOCIATES, P.C.
Attorneys for Amy Beth Smith
747 Third Avenue
New York, NY 10017-2803
(212) 223-1100
Sanford P. Rosen, Esq.


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
SECURITIES INVESTOR PROTECTION
  CORPORATION,

                    Plaintiff,    Adv.Pro.No. 08-01789 (BRL)
v.

BERNARD L. MADOFF INVESTMENT    SIPA Liquidation
  SECURITIES, LLC,

                    Defendant.    (Substantively Consolidated)
------------------------------x
In re

BERNARD L. MADOFF INVESTMENT
  SECURITIES, LLC,

                    Debtor.
------------------------------x


### OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIMS

        Amy Beth Smith, by her attorneys, Rosen & Associates,

P.C., hereby objects to (a) the Notice of Trustee's

Determination of Claim dated October 19, 2009 with respect to

Bernard L. Madoff Investment Securities, LLC Account No. 1ZA063

and (b) the Notice of Trustee's Determination of Claim dated

October 19, 2009 with respect to Bernard L. Madoff Investment

Securities, LLC Account No. 1ZA065 (hereinafter, collectively referred to as the **"Determination Letters"**).  The Determination Letters are attached hereto as Exhibit "A."

## BACKGROUND

1.    Amy Beth Smith is a "customer," as defined by section 78*lll* of the Securities Investor Protection Act (**"SIPA"**), of Bernard L. Madoff Investment Securities, LLC (**"BLMIS"**).

2.    Ms. Smith's final BLIMS statement with respect to BLMIS Account No. 1ZA063, dated November 30, 2008, states that she owns securities with a market value of $102,565.15.

3.    Ms. Smith's final BLIMS statement with respect to BLMIS Account No. 1ZA065, dated November 30, 2008, states that she owns securities with a market value of $597,308.67. (The final BLMIS statement for BLMIS Account No. 1ZA063 and the final BLMIS statement for BLMIS Account No. 1ZA065 are hereinafter collectively referred to as the **"Final Statements"**).

4.    On December 11, 2008, the above-captioned liquidation proceeding was commenced against BLIMS, pursuant to SIPA. <u>See</u> Order, <u>Securities and Exchange Commission v. Madoff</u>, No. 08-10791 (S.D.N.Y. Dec. 15, 2008) (ordering relief under SIPA and transferring proceeding to the United States Bankruptcy Court for the Southern District of New York) [Docket No. 4].

2

Irving Picard was appointed Trustee (the **"Trustee"**), charged with overseeing the liquidation of BLMIS and processing customer claims for money pursuant to SIPA.  Id.; 15 U.S.C. §78fff-1(a).

5.   On December 23, 2008, this Court issued an Order directing the Trustee to disseminate notice and claim forms to BLIMS customers and setting forth claim-filing deadlines.  See Order [Docket No. 12].  Upon information and belief, the Trustee disseminated notice and claim forms to BLIMS's customers in accordance with this Court's Order. The December 23, 2008 Order further provided that, to the extent the Trustee disagrees with the amount set forth on a customer claim form, the Trustee "shall notify such claimant by mail of his determination that the claim is disallowed, in whole or in part, and the reason therefor . . ."  See Order at 6 [Docket No. 1] (emphasis added).

6.   On or about February 2, 2009, Ms. Smith submitted two (2) customer claim forms to Securities Investor Protection Corporation (**"SIPC"**) setting forth her claim in the amount of $102,565.15 and $597,308.67, respectively. See Smith Customer Claim for Account No. 1ZA063 and Smith Customer Claim for Account No. 1ZA065 (collectively **"Smith Customer Claims"**) attached hereto as Exhibit "B."

7.   Ms. Smith submitted the Final Statements with the

Smith Customer Claims.  See Smith Customer Claims, Exhibit B.  On
October 19, 2009, the Trustee sent Ms. Smith the Determination
Letters denying Ms. Smith's claim.  See Determination Letters,
Exhibit A.

8.    Ms. Smith hereby objects to the Determination
Letters for the reasons described below.

## GROUNDS FOR OBJECTION

9.    First Objection.  The Determination Letters fails
to comply with this Court's December 23, 2008 Order that directs
the Trustee to satisfy customer claims and deliver securities in
accordance "with the Debtor's books and records." Dec. 23, 2008
Order at 5 [Docket No. 12].  The Final Statements that as
mentioned above were included by Ms. Smith, are the best
evidence of the amount owed based on the Debtor's books and
records.  Accordingly, the claims should be allowed in the full
amount of $102,565.15 and $597,308.67, respectively.

10.    Second Objection.  The Trustee has set forth no
legal basis for disallowing the Smith Customer Claims in full as
filed.  The only explanations set forth in the Determination
Letters are that (1) "[n]o securities were ever purchased for
your account," and (2) the "claim is allowed for ... the amount
of money you deposited with BLMIS for the purchase of
securities, less subsequent withdrawals, as outlined in Table

4

1." Determination Letters at 1, Exhibit A.  Neither of these
purported grounds for disallowance have any statutory or other
legal basis.  Moreover, the Determination Letters:

(a)  do not clearly provide "the reason" for the
disallowance, as required by this Court's December 23, 2008
Order;

(b)  are inadequate to rebut the prima facie
validity of the Smith Customer Claims as provided in 11 U.S.C. §
502(a) and Bankruptcy Rule 3001(f); and

(c)  violates general principles of applicable
law that require that objections to a proof of claim set forth,
at a minimum, the relevant facts and legal theories upon which
the objection is based.  As stated by the Bankruptcy Court for
the Southern District of New York, "'[t]he best practice is to
denominate an objection to a claim as just that.  The body of
the objection should identify the claim.  It should also, at a
minimum, allege those facts necessary to support the objection .
. . and provide a description of the theories on which it is
based.  In short, proofs of claim have been held analogous to
complaints initiating civil actions; an objection to a claim
should therefore meet the standards of an answer.  It should
make clear which facts are disputed; it should allege facts
necessary to affirmative defenses; and it should describe the

theoretical bases of those defenses.'"  In re Enron Corp., No.

01-16034, 2003 Bankr. LEXIS 2261, at *25 (Bankr. S.D.N.Y. Jan.

13, 2003) (citing 9 Collier on Bankruptcy ¶ 3007.01[3] (15th ed.)

(footnotes omitted).

     11.  Third Objection.    15 U.S.C. § 78*lll*(11)

provides that a customer's claim shall be allowed in the amount

of the customer's "net equity." 15 U.S.C. § 78fff-2(b).  Upon

information and belief, the Trustee objects to the Smith

Customer Claims on the ground that "net equity" should be

determined by principal contributed to the account less any

withdrawals, without regard to any gains reflected in the Final

Statement or prior BLIMS statements.  See Determination Letters

Table 1.  See also Another View: Unwinding Madoff Fraud Fairly,

Deal Blog. NY times.com (May 6, 2009).  This is incorrect for

the following reasons:

     (a)  the Trustee's proposed formulation has no

support in the language of the statute or interpretive case law

and, in fact, adds words and concepts to the statute that do not

exist.

     (b)  SIPA's legislative history emphasizes

Congress's intention that the statute protect customer

expectations by ensuring that customers of retail brokerage

firms can rely on their account statements.  The BLIMS

statements received by Ms. Smith stated that she owned a list of blue chip securities.  It makes no difference whether the securities were purchased.

> A customer generally expects to receive *what he believes* is in his account at the time the stockbroker ceases business. But because securities may have been lost, improperly hypothecated, misappropriated, *never purchased,* or even stolen, it is not always possible to provide to customers that which they expect to receive, that is, securities which they maintained in their brokerage account . . . . By seeking to make customer accounts whole and returning them to customers in the form they existed on the filing date, the amendments . . . .would satisfy customers' legitimate expectations . . . .

S.Rep.No. 95-763, at 2 (1978)(emphasis added).  While there may be a basis to disallow customer claims for wholly fictitious securities of nonexisting entities, here the securities set forth on Ms. Smith's Final Statement and prior statements were those of actual companies listed on the stock exchange.

(c)  Ms. Smith deposited funds in BLIMS with the expectation that the amount would grow, her account statements showed such growth, and the balances on her Final Statements reflect the benefit of her bargain.  The Trustee's formula is an improper and wholly inadequate measure of loss.  See Yiscons v. Lehman Brothers, Inc., 244 Fed. Appx. 708, 713-14 (6th Cir.

2007)(court applied expectancy measure of damages to claim

against successor in Ponzi scheme case, and rejected money

in/money out theory).

          (d)    the Trustee's Determination Letters are

contrary to SIPC's own policies and practices, as reflected in

the sworn testimony of Stephen Harbeck, SIPC's President and

CEO, and its actions in similar liquidation proceedings.  For

example, in the New Times SIPA liquidation, in the context of

discussing claims filing deadlines, Harbeck acknowledged that

SIPC would replace securities listed on customer account

statements, even if the securities had never been purchased:

> Harbeck: [I]f you file within
> sixty days, you'll get the
> securities, without question.
> Whether -- if they triple in value,
> you'll get the securities .... Even
> if they're not there.
>
> Court: Even if they're not there.
>
> Harbeck: Correct.
>
> Court: In other words, if the
> money was diverted, converted –
>
> Harbeck: And the securities were never
> purchased.
>
> Court. Okay.
>
> Harbeck: And if those positions
> triple, we will gladly give the
> people their securities
> positions.

Transcript at 37-39, In re New Times Securities Services, Inc.,

No. 00-8178 (Bankr. E.D.N.Y. July 28, 2000), attached hereto as

Exhibit "C." The Second Circuit's discussion of SIPC's claims

processing in New Times further indicates that, with respect to

customers who thought they were invested in listed securities,

SIPC paid customer claims based on the customers' final account

statements, even where the securities had never been purchased:

> Meanwhile, investors who were misled. . .
> to believe that they were investing in
> mutual funds that in reality existed were
> treated much more favorably. Although
> they were not actually invested in those
> real funds -- because Goren never
> executed the transactions - - the
> information that these claimants received
> on their account statements mirrored what
> would have happened had the given
> transaction been executed. As a result,
> the Trustee deemed those customers'
> claims to be "securities claims" eligible
> to receive up to $500,000 in SIPC
> advances. The Trustee indicates that
> this disparate treatment was justified
> because he could purchase real, existing
> securities to satisfy such securities
> claims. Furthermore, the Trustee notes
> that, if they were checking on their
> mutual funds, the "securities claimants,"
> . . . could have confirmed the existence
> of those funds and tracked the funds'
> performance against Goren's account
> statements.

In re New Times Sec. Services, Inc., 371 F.3d 68, 74 (2d Cir.

2004). See also Brief of Appellant SIPC in In re New Times Sec.

Services, Inc., at 23-24 (under SIPC "reasonable and legitimate claimant expectations on the filing date are controlling even where inconsistent with transactional reality" such as when the customer receives a confirmation reflecting a purchase, "even where the purchase never actually occurred and the debtor instead converted the cash deposited by the claimant to fund that purchase."). Ms. Smith is situated no differently from the "securities claimants" discussed by the Court of Appeals for the Second Circuit. Accordingly, her claims should be recognized in full.

12. In the event that this Court determines that claimed gains on deposited funds should not be allowed, then in the alternative, Ms. Smith is entitled to recover interest on such deposited amounts. Such interest is required as a matter of state law, and the United States Supreme Court has determined that in bankruptcy cases, creditor claims, including the right to interest, are determined by state law. See Travelers Cas. & Sur. Co. of Am. v. PG&E, 549 U.S. 443, 450-51, 127 S.Ct. 1199, 167 L.Ed.2d 178 (2007)("[W]e have long recognized that the 'basic federal rule' in bankruptcy is that state law governs the substance of claims, Congress having generally left the determination of property rights in the assets of a bankrupt's estate to state law.").

10

(a)   Under New York law, which is applicable here, funds deposited with BLMIS under these circumstances are entitled to interest.  See, e.g., N.Y.C.P.L.R. § 5004; N.Y. Gen. Oblig. § 5-501, et seq.  Accordingly, the Smith Customer Claim should be recalculated by adding interest to all funds deposited by Ms. Smith.

(b)   Under New York law, which is applicable here, Ms. Smith is entitled to any returns BLMIS earned on the deposited funds under principles of unjust enrichment. Accordingly, the Smith Customer Claims should be recalculated by adding the amounts earned by BLMIS on Ms. Smith's deposits. See, e.g., Steinberg v. Sherman, No. 07-1001, 2008 U.S. Dist. LEXIS 35786, at *14-15 (S.D.N.Y. May 2, 2008) ("Causes of action such as ... conversion and unjust enrichment qualify for the recovery of prejudgment interest."); Eighteen Holding Corp. v. Drizin, 701 N.Y.S.2d 427, 428 (1st Dep't 2000)(awarding prejudgment interest on claims for unjust enrichment and conversion).

13.   Fourth Objection.   The Trustee's unilateral reduction of the Smith Customer Claims by the amount of any prior gains reflected on the Final Statements, or prior statements, avoids such gains without alleging any grounds therefor or demonstrating that such gains are avoidable under

the Bankruptcy Code's avoidance provisions.  As such, any such
disallowance is improper and unjustified, and the Determination
Letters should be stricken.  Fed.R.Bankr.P. 7001(1);
Fed.R.Bankr.P. 7008.

14.  Fifth Objection.  The Trustee's determination
assumes that BLIMS never earned funds and, therefore, all gains
reported to customers were "fictitious."  This assumption is
contrary to fact.  There is significant evidence that, at some
time, BLIMS was at least in part a legitimate business and,
therefore, all or a portion of the gains were not fictitious.
The burden is on the Trustee to show that BLIMS never earned any
amounts to support customer gains and, if at some point it did
earn funds, the dates when it ceased to do so.  The Trustee is
required to state and prove when the Ponzi scheme began.

15.  Sixth Objection.  Ms. Smith was required to pay
significant income taxes on distributions that the Trustee has
alleged are fictitious.  The Trustee has justified his proposed
method of calculating claims as fair and reasonable because
fictitious gains should not compete dollar for dollar with
claims for funds actually deposited by customers, and his
proposed method equalizes the treatment of all customers.  This
justification is not correct insofar as customers did not have
the use of reported, but fictitious, gains because of required

12

income tax payments.  Even assuming _arguendo_ the Trustee's
method is correct, the Smith Customer Claims should be adjusted
by adding all amounts she actually paid as income taxes on
allegedly fictitious gains to equalize his treatment with that
of other customers.  See _SEC v. Byers_, 2009 U.S. Dist. LEXIS
63741, at *11-12 (S.D.N.Y. 2009)(in equitable distribution
proceeding, court allowed claims for reinvestment of fictitious
profits to equitably treat reinvesting customers as compared
with customers receiving distributions).

### RELIEF REQUESTED

16.  For the reasons stated herein, the Smith Customer
Claims should be allowed in their entirety.

17.  The Trustee's determination amounts to an
improper disallowance of a claim that has prima facie validity.
See 11 U.S.C. § 502(a).  The Trustee has offered no factual or
legal basis for his determination.  The Trustee's Determination
Letters, and the objections contained therein, should be
stricken, or alternatively, the Trustee should describe his
position in detail including all relevant facts, legal theories,
and authorities.  Upon the filing of such a statement, this
matter will be a contested proceeding under Bankruptcy Rule
9014, and Ms. Smith will file a response.

18.  Ms. Smith requests such other relief as may be

13

just and equitable.

## CONCLUSION

19.  Ms. Smith reserves the right to revise, supplement, or amend this Objection, and any failure to object on a particular ground or grounds shall not be construed as a waiver of Ms. Smith's right to object on any additional grounds.

20.  Ms. Smith reserves all rights set forth in Bankruptcy Rule 9014, including, without limitation, rights of discovery.

21.  Ms. Smith reserves all objections as to the competence, relevance, materiality, privilege, or admissibility of evidence in any subsequent proceeding or trial of this or any other action for any purpose whatsoever.

22.  Ms. Smith incorporates by reference all reservations of rights set forth in the Smith Customer Claim.

Dated: November 18, 2009
       New York, New York

                                   ROSEN & ASSOCIATES, P.C.
                                   Attorneys for Amy Beth Smith


                                   By: /s/ Sanford P. Rosen
                                       Sanford P. Rosen

                                   747 Third Avenue
                                   New York, NY 10017-2803
                                   (212) 223-1100

14

Exhibit "A"

**BERNARD L. MADOFF INVESTMENT SECURITIES LLC**

In Liquidation

**DECEMBER 11, 2008'**


**NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM**

October 19, 2009

Amy Beth Smith
1185 Park Lane
Yorktown Heights, NY 10598

Dear Amy Beth Smith:

**PLEASE READ THIS NOTICE CAREFULLY.**

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim on BLMIS Account No. 1ZA063 designated as Claim Number 004981:

Your claim for securities is **DENIED**. No securities were ever purchased for your account.

Further, based on the Trustee's analysis, the amount of money you withdrew from your account at BLMIS (total of $241,616.11), as more fully set forth in Table 1 annexed hereto and made a part hereof, is greater than the amount that was deposited with BLMIS for the purchase of securities (total of $225,000.00). As noted, no securities were ever purchased by BLMIS for your account. Any and all profits reported to you by BLMIS on account statements were fictitious.

---

' Section 78*lll*(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78*lll*(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

As reflected in Table 1, certain of the transfers into or out of your account have been adjusted. As part of the Trustee's analysis of accounts, the Trustee has assessed accounts based on a money in/money out analysis (i.e., has the investor deposited more or less than he or she withdrew from BLMIS). This analysis allows the Trustee to determine which part of an account's balance is originally invested principal and which part is fictitious gains that were fabricated by BLMIS. A customer's allowed claim is based on the amount of principal in the customer's account.

Whenever a customer requested a transfer from one account to another, the Trustee analyzed whether the transferor account had principal in the account at the time of the transfer. The available principal in the account was transferred to and credited in the transferee account. Thus, the reason that the adjusted amount of transferred deposits or withdrawals in Table 1 is less than the purported transfer amount is that the transferor account did not have sufficient principal available to effectuate the full transfer. The difference between the purported transfer amount and the adjusted transfer amount is the amount of fictitious gain that was transferred to or from your account. Under the money in/money out analysis, the Trustee does not give credit for fictitious gains in settling your allowed claim.

Since there were no profits to use either to purchase securities or to pay you any money beyond the amount that was deposited into your BLMIS account, the amount of money you received in excess of the deposits in your account ($16,616.11) was taken from other customers and given to you. Accordingly, because you have withdrawn more than was deposited into your account, you do not have a positive "net equity" in your account and you are not entitled to an allowed claim in the BLMIS liquidation proceeding. Therefore, your claim is **DENIED** in its entirety.

Should a final and unappealable court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by you in having your customer claim re-determined in accordance with any such Court order.

Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by the Trustee against you.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after October 19, 2009, the date on which the Trustee mailed this notice.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

2

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York 10004

and

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111

Irving H. Picard

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

3

| DATE | TRANSACTION DESCRIPTION | AMOUNT |
|---|---|---|
| 12/1/1992 | CHECK | $100,000.00 |
| 10/1/2003 | TRANS FROM 1ZA06530 | $100,000.00 |
| 5/17/2007 | CHECK | $25,000.00 |
| **Total Deposits:** | | $225,000.00 |

| DATE | TRANSACTION DESCRIPTION | AMOUNT |
|---|---|---|
| 4/8/1993 | CHECK | ($5,217.47) |
| 7/13/1993 | CHECK | ($3,802.38) |
| 10/13/1993 | CHECK | ($1,572.27) |
| 1/14/1994 | CHECK | ($3,547.24) |
| 4/13/1994 | CHECK | ($3,913.11) |
| 7/14/1994 | CHECK | ($2,873.30) |
| 10/13/1994 | CHECK | ($4,164.99) |
| 1/13/1995 | CHECK | ($2,197.92) |
| 4/13/1995 | CHECK | ($3,386.14) |
| 7/24/1995 | CHECK | ($4,678.02) |
| 10/16/1995 | CHECK | ($3,198.32) |
| 1/12/1996 | CHECK | ($2,832.91) |
| 4/12/1996 | CHECK | ($3,913.64) |
| 7/12/1996 | CHECK | ($2,728.60) |
| 10/11/1996 | CHECK | ($3,058.69) |
| 1/13/1997 | CHECK | ($5,377.90) |
| 4/10/1997 | CHECK | ($4,421.06) |
| 7/11/1997 | CHECK | ($5,655.20) |
| 10/10/1997 | CHECK | ($3,287.72) |
| 1/13/1998 | CHECK | ($3,497.36) |
| 4/8/1998 | CHECK | ($5,013.60) |
| 7/9/1998 | CHECK | ($3,287.30) |
| 10/9/1998 | CHECK | ($2,515.88) |
| 1/13/1999 | CHECK | ($4,504.78) |
| 4/13/1999 | CHECK | ($4,071.44) |
| 7/8/1999 | CHECK | ($5,027.75) |
| 10/8/1999 | CHECK | ($2,602.08) |
| 1/6/2000 | CHECK | ($5,173.55) |
| 4/7/2000 | CHECK | ($4,517.24) |
| 7/7/2000 | CHECK | ($2,846.08) |
| 10/11/2000 | CHECK | ($2,046.12) |
| 1/10/2001 | CHECK | ($1,864.83) |
| 4/6/2001 | CHECK | ($3,680.44) |
| 7/9/2001 | CHECK | ($2,375.34) |
| 10/9/2001 | CHECK | ($1,567.69) |

| | | |
|---|---|---|
| 1/11/2002 | CHECK | ($2,255.15) |
| 4/10/2002 | CHECK | ($840.54) |
| 7/8/2002 | CHECK | ($2,595.25) |
| 10/7/2002 | CHECK | ($4,535.78) |
| 1/10/2003 | CHECK | ($1,808.73) |
| 4/9/2003 | CHECK | ($1,772.43) |
| 7/8/2003 | CHECK | ($2,723.00) |
| 10/9/2003 | CHECK | ($2,444.32) |
| 1/8/2004 | CHECK | ($2,307.61) |
| 4/8/2004 | CHECK | ($3,594.98) |
| 7/7/2004 | CHECK | ($5,566.12) |
| 10/7/2004 | CHECK | ($4,437.75) |
| 1/7/2005 | CHECK | ($3,632.89) |
| 4/7/2005 | CHECK | ($3,718.31) |
| 7/7/2005 | CHECK | ($3,988.82) |
| 10/7/2005 | CHECK | ($3,703.07) |
| 1/9/2006 | CHECK | ($5,743.85) |
| 4/7/2006 | CHECK | ($4,733.76) |
| 7/10/2006 | CHECK | ($5,237.92) |
| 10/6/2006 | CHECK | ($8,948.87) |
| 1/8/2007 | CHECK | ($5,280.65) |
| 4/4/2007 | CHECK | ($4,612.95) |
| 7/6/2007 | CHECK | ($5,156.83) |
| 10/4/2007 | CHECK | ($6,702.36) |
| 1/8/2008 | CHECK | ($5,631.05) |
| 4/7/2008 | CHECK | ($1,870.34) |
| 7/7/2008 | CHECK | ($10,463.09) |
| 10/6/2008 | CHECK | ($2,891.33) |
| **Total Withdrawals:** | | ($241,616.11) |
| | | |
| **Total deposits less withdrawals:** | | ($16,616.11) |

5

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

### DECEMBER 11, 2008[1]


### NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

October 19, 2009

AMY BETH SMITH
1185 PARK LANE
YORKTOWN HEIGHTS, NEW YORK 10598

Dear AMY BETH SMITH:

### PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC
("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection
Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the
United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim on BLMIS Account
No. 1ZA065 designated as Claim Number 004988:

Your claim for securities is **DENIED**. No securities were ever purchased for your account.

Further, based on the Trustee's analysis, the amount of money you withdrew from your account
at BLMIS (total of $550,000.00), as more fully set forth in Table 1 annexed hereto and made a part
hereof, is greater than the amount that was deposited with BLMIS for the purchase of securities (total
of $170,000.00). As noted, no securities were ever purchased by BLMIS for your account. Any and
all profits reported to you by BLMIS on account statements were fictitious.

---

[1] Section 78lll(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is
filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court
"in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced
before the date on which such application was filed, the term 'filing date' means the date on which such proceeding
was commenced." Section 78lll(7)(B). Thus, even though the Application for a protective decree was filed on
December 15, 2008, the Filing Date in this action is on December 11, 2008.

Since there were no profits to use either to purchase securities or to pay you any money beyond the amount that was deposited into your BLMIS account, the amount of money you received in excess of the deposits in your account ($380,000.00) was taken from other customers and given to you. Accordingly, because you have withdrawn more than was deposited into your account, you do not have a positive "net equity" in your account and you are not entitled to an allowed claim in the BLMIS liquidation proceeding. Therefore, your claim is **DENIED** in its entirety.

Should a final and unappealable court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by you in having your customer claim re-determined in accordance with any such Court order.

Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by the Trustee against you.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after October 19, 2009, the date on which the Trustee mailed this notice.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

2

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York 10004

and

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111

_____

Irving H. Picard

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

3

| DATE | TRANSACTION DESCRIPTION | AMOUNT |
|---|---|---|
| 12/1/1992 | CHECK | $150,000.00 |
| 10/18/2005 | CHECK | $10,000.00 |
| 10/25/2006 | CHECK | $10,000.00 |
| **Total Deposits:** | | $170,000.00 |

| DATE | TRANSACTION DESCRIPTION | AMOUNT |
|---|---|---|
| 10/1/2003 | TRANS TO 1ZA06330 | ($100,000.00) |
| 5/26/2005 | CHECK | ($450,000.00) |
| **Total Withdrawals:** | | ($550,000.00) |
| **Total deposits less withdrawals:** | | ($380,000.00) |

4

Exhibit "B"

## CUSTOMER CLAIM

Claim Number_____

Date Received_____

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

### In Liquidation

### DECEMBER 11, 2008

Irving H. Picard, Esq.
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

Provide your office and home telephone no.

OFFICE:_____

HOME: 914 245-5949

Account Number:    1ZA063
AMY BETH SMITH
1185 PARK LANE
YORKTOWN HEIGHTS, NY  10598

Taxpayer I.D. Number (Social Security No.)
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

**(If incorrect, please change)**

**NOTE:**    BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY THE
ACCOMPANYING INSTRUCTION SHEET.  A SEPARATE CLAIM FORM SHOULD
BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL PROTECTION
AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE RECEIVED BY THE
TRUSTEE ON OR BEFORE March 4, 2009.  CLAIMS RECEIVED AFTER THAT
DATE, BUT ON OR BEFORE July 2, 2009, WILL BE SUBJECT TO DELAYED
PROCESSING AND TO BEING SATISFIED ON TERMS LESS FAVORABLE TO THE
CLAIMANT. PLEASE SEND YOUR CLAIM FORM BY CERTIFIED MAIL - RETURN
RECEIPT REQUESTED.

*********************************************************************

1.    Claim for money balances as of **December 11, 2008**:
    a.    The Broker owes me a Credit (Cr.) Balance of    $_____
    b.    I owe the Broker a Debit (Dr.) Balance of    $_____

502180406                    1

c.   If you wish to repay the Debit Balance,

please insert the amount you wish to repay and

attach a check payable to "Irving H. Picard, Esq.,

Trustee for Bernard L. Madoff Investment Securities LLC."

If you wish to make a payment, **it must be enclosed**

with this claim form.                                    $_____

d.   If balance is zero, insert "None."                  _____

2.   Claim for securities as of **December 11, 2008**:

## PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.

|  |  | YES | NO |
|---|---|---|---|
| a. | The Broker owes me securities | _____ | _____ |
| b. | I owe the Broker securities | _____ | _____ |
| c. | If yes to either, please list below: |  |  |

| Date of Transaction (trade date) | Name of Security | Number of Shares or Face Amount of Bonds | |
|---|---|---|---|
|  |  | The Broker Owes Me (Long) | I Owe the Broker (Short) |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

**Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclose, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation. You should also provide all documentation or**

502180406                                    2

**information regarding any withdrawals you have ever made or payments received from the Debtor.**

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement. If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.

**PLEASE CHECK THE APPROPRIATE ANSWER FOR ITEMS 3 THROUGH 9.**

**NOTE:    IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION ON A SIGNED ATTACHMENT. IF SUFFICIENT DETAILS ARE NOT PROVIDED, THIS CLAIM FORM WILL BE RETURNED FOR YOUR COMPLETION.**

|  |  | <u>YES</u> | <u>NO</u> |
|---|---|---|---|
| 3. | Has there been any change in your account since December 11, 2008? If so, please explain. | _____ | _____ |
| 4. | Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of the broker? | _____ | _____ |
| 5. | Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or policies of the broker? | _____ | _____ |
| 6. | Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in any way with the broker? If so, give name(s) | _____ | _____ |
| 7. | Is this claim being filed by or on behalf of a broker or dealer or a bank? If so, provide documentation with respect to each public customer on whose behalf you are claiming. | _____ | _____ |
| 8. | Have you ever given any discretionary authority to any person to execute securities transactions with or through the broker on your behalf? Give names, addresses and phone numbers. | _____ | _____ |

502180406                                3

9.        Have you or any member of your family
          ever filed a claim under the Securities
          Investor Protection Act of 1970?  if
          so, give name of that broker.                    _____  _____

          Please list the full name and address of anyone assisting you in the
          preparation of this claim form:_____
          _____.

If you cannot compute the amount of your claim, you may file an estimated claim.  In that
case, please indicate your claim is an estimated claim.

**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM.
CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR
IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.**

**THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY
INFORMATION AND BELIEF.**

Date _2/3/09_____     Signature _Amy Beth Smith_____

Date _____     Signature_____

(If ownership of the account is shared, all must sign above.  Give each owner's name,
address, phone number, and extent of ownership on a signed separate sheet.  If other
than a personal account, *e.g.*, corporate, trustee, custodian, etc., also state your capacity
and authority.  Please supply the trust agreement or other proof of authority.)

**This customer claim form must be completed and mailed promptly,
together with supporting documentation, etc. to:**

Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

502180406                              4

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

ANY BETH SMITH
1185 PARK LANE
YORKTOWN HEIGHTS        NY    10596

1-ZA063-3-0      11/30/08      *******4557      1

| Date | Amount | | | |
|---|---|---|---|---|
| | | BALANCE FORWARD | | 11,231.92 |
| 11/12 | 120 | HEWLETT PACKARD CO | | |
| 11/12 | 104 | WAL-MART STORES INC. | 55,830 | 5,811.32 |
| 11/12 | 66 | INTERNATIONAL BUSINESS MACHS | 87,270 | 5,936.36 |
| 11/12 | 132 | JOHNSON & JOHNSON | 59,580 | 7,869.56 |
| 11/12 | 180 | J.P. MORGAN CHASE & CO | 38,530 | 6,942.40 |
| 11/12 | | MERCK & CO | | |
| 11/12 | 104 | MERCK & CO | 28,550 | 2,973.20 |
| 11/12 | 380 | MICROSOFT CORP | 21,810 | 8,302.80 |
| 11/12 | 44 | APPLE INC | 100,780 | 4,935.32 |
| 11/12 | 276 | PFIZER INC | 16,960 | 5,600.52 |
| 11/12 | 52 | AMGEN INC | 59,160 | 3,078.32 |
| 11/12 | 100 | PHILIP MORRIS INTERNATIONAL | | |
| 11/12 | 260 | CITI GROUP INC | 12,510 | 3,262.60 |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

AMY BETH SMITH

1185 PARK LANE
YORKTOWN HEIGHTS          NY    10598

1-ZA063-3-0          11/30/08          **********4557          2

| | | | | | | |
|---|---|---|---|---|---|---|
| 11/12 | 60 | 74788 | SCHLUMBERGER LTD | | 49,480 | 2,970.80 |
| 11/12 | 144 | 75530 | COMCAST CORP | | 16,510 | 2,382.44 |
| 11/12 | 204 | | AT&T INC | | | |
| 11/12 | 72 | 79616 | CONOCOPHILLIPS | | 52-510 | 3,782.72 |
| 11/12 | 48 | 93440 | UNITED PARCEL SVC INC | | 52,060 | 2,499.82 |
| 11/12 | | | | | | |
| 11/12 | 252 | 85992 | CISCO SYSTEMS INC | | | |
| 11/12 | 84 | 87766 | U S BANCORP | | 29,530 | 2,483.52 |
| 11/12 | 100 | 88269 | CHEVRON CORP | | 73,430 | 7,347.00 |
| 11/12 | | | GENERAL ELECTRIC CO | | | |
| 11/12 | 500 | 96416 | VERIZON COMMUNICATIONS | | 30,410 | 4,140.76 |
| 11/12 | 136 | 98628 | GOOGLE | | 32,600 | 4,063.80 |
| 11/12 | 12 | | | | | |
| 11/12 | | | DUE 2/12/2009 | | | |
| 11/12 | 51,149 | 18455 | FIDELITY SPARTAN | | 1 | 51,149.00 |
| | | | U S TREASURY MONEY MARKET | | | |
| 11/19 | | | FIDELITY SPARTAN | DIV | DIV | 5-42 |
| | | | U S TREASURY MONEY MARKET | | | |
| | | | CONTINUED ON PAGE 3 | | | |

CONTINUED ON PAGE 3

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES









**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

AMY BETH SMITH
1185 PARK LANE
YORKTOWN HEIGHTS          NY    10598

1-ZA063-4-0     11/30/08     *******4557     1

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

| DATE | | | | SECURITY | MKT. PRICE | | AMOUNT |
|------|--|--|--|----------|-----------|--|--------|
| | | | | BALANCE FORWARD | | | 11,232.00 |
| 11/19 | | 4 | 47911 | S & P 100 INDEX NOVEMBER 650 PUT | 37 | | 14,796.00 |
| | | | | MARKET PRICE | | | 22,795.00 |
| 11/19 | 4 | | 39261 | S & P 100 INDEX DECEMBER 420 PUT | 30 | | 12,904.00 |
| 11/12 | 4 | | 48832 | S & P 100 INDEX NOVEMBER 650 PUT | 17.800 | | 7,124.00 |
| | | 4 | | S & P 100 INDEX DECEMBER 420 PUT | 16.500 | | |

SECURITY POSITIONS

MARKET VALUE OF SECURITIES LONG 22,795.00 SHORT

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

# CUSTOMER CLAIM

Claim Number_____

Date Received_____

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

### In Liquidation

### DECEMBER 11, 2008

Irving H. Picard, Esq.
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

Provide your office and home telephone no.

OFFICE:_____

HOME: _914   845 - 5949___

Taxpayer I.D. Number (Social Security No.)
_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___

Account Number:    1ZA065
AMY BETH SMITH
1185 PARK LANE
YORKTOWN HEIGHTS, NY  10598

(If incorrect, please change)

NOTE:    BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY THE
ACCOMPANYING INSTRUCTION SHEET. A SEPARATE CLAIM FORM SHOULD
BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL PROTECTION
AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE RECEIVED BY THE
TRUSTEE ON OR BEFORE March 4, 2009. CLAIMS RECEIVED AFTER THAT
DATE, BUT ON OR BEFORE July 2, 2009, WILL BE SUBJECT TO DELAYED
PROCESSING AND TO BEING SATISFIED ON TERMS LESS FAVORABLE TO THE
CLAIMANT. PLEASE SEND YOUR CLAIM FORM BY CERTIFIED MAIL - RETURN
RECEIPT REQUESTED.

*******************************************************************************

1.    Claim for money balances as of **December 11, 2008** :
      a.    The Broker owes me a Credit (Cr.) Balance of        $_____
      b.    I owe the Broker a Debit (Dr.) Balance of        $_____

502180406                                    1

    c.    If you wish to repay the Debit Balance,

           please insert the amount you wish to repay and

           attach a check payable to "Irving H. Picard, Esq.,

           Trustee for Bernard L. Madoff Investment Securities LLC."

           If you wish to make a payment, **it must be enclosed**

           with this claim form.           $_____

    d.    If balance is zero, insert "None."   _____

2.    Claim for securities as of **December 11, 2008**:

## PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.

|  | | YES | NO |
|---|---|---|---|
| a. | The Broker owes me securities | _____ | _____ |
| b. | I owe the Broker securities | _____ | _____ |

    c.    If yes to either, please list below:

| | | Number of Shares or Face Amount of Bonds | |
|---|---|---|---|
| Date of Transaction (trade date) | Name of Security | The Broker Owes Me (Long) | I Owe the Broker (Short) |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | | |

**Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclose, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation. You should also provide all documentation or**

502180406               2

**information regarding any withdrawals you have ever made or payments received from the Debtor.**

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement. If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.
**PLEASE CHECK THE APPROPRIATE ANSWER FOR ITEMS 3 THROUGH 9.**

NOTE:    **IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION ON A SIGNED ATTACHMENT. IF SUFFICIENT DETAILS ARE NOT PROVIDED, THIS CLAIM FORM WILL BE RETURNED FOR YOUR COMPLETION.**

|   | | <u>YES</u> | <u>NO</u> |
|---|---|---|---|
| 3. | Has there been any change in your account since December 11, 2008? If so, please explain. | _____ | _____ |
| 4. | Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of the broker? | _____ | _____ |
| 5. | Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or policies of the broker? | _____ | _____ |
| 6. | Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in any way with the broker? If so, give name(s) | _____ | _____ |
| 7. | Is this claim being filed by or on behalf of a broker or dealer or a bank? If so, provide documentation with respect to each public customer on whose behalf you are claiming. | _____ | _____ |
| 8. | Have you ever given any discretionary authority to any person to execute securities transactions with or through the broker on your behalf? Give names, addresses and phone numbers. | _____ | _____ |

502180406                                    3

9.      Have you or any member of your family
        ever filed a claim under the Securities
        Investor Protection Act of 1970?  if
        so, give name of that broker.                    _____   _____

        Please list the full name and address of anyone assisting you in the
        preparation of this claim form:_____

        _____.

If you cannot compute the amount of your claim, you may file an estimated claim.  In that
case, please indicate your claim is an estimated claim.


**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM.
CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR
IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.**


**THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY
INFORMATION AND BELIEF.**

Date  2/2/09 _____      Signature  Amy Beth Smith _____

Date  _____     Signature_____

(If ownership of the account is shared, all must sign above.  Give each owner's name,
address, phone number, and extent of ownership on a signed separate sheet.  If other
than a personal account, *e.g.*, corporate, trustee, custodian, etc., also state your capacity
and authority.  Please supply the trust agreement or other proof of authority.)


**This customer claim form must be completed and mailed promptly,
together with supporting documentation, etc. to:**

Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

```
┌─┐ BERNARD L. MADOFF
│MADF│ INVESTMENT SECURITIES LLC
└─┘ New York □ London
```

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

AMY BETH SMITH
1185 PARK LANE
YORKTOWN HEIGHTS        NY    10598

| 11/30/06 | 1-ZA065-3-0 | ****4557 | 1 |

| Date | | | Description | | Amount |
|---|---|---|---|---|---|
| | | | BALANCE FORWARD | | 25,262.27 |
| 11/12 | 234 | 5073 | WAL-MART STORES INC | 55-830 | 13,073.22 |
| 11/12 | 153 | 5575 | INTERNATIONAL BUSINESS MACHS | 92-270 | 13,353.31 |
| 11/12 | 297 | 14227 | JOHNSON & JOHNSON | 59-560 | 17,706.26 |
| 11/12 | 405 | 18502 | J.P. MORGAN CHASE & CO | 38-530 | 15,620.65 |
| 11/12 | 234 | 31530 | MERCK & CO | 28-550 | 6,689.70 |
| 11/12 | 855 | 35055 | MICROSOFT CORP | 21-810 | 18,491.55 |
| 11/12 | 99 | 53662 | APPLE INC | 100-780 | 9,980.22 |
| 11/12 | 729 | 57436 | PFIZER INC | 16-980 | 12,378.26 |
| 11/12 | 117 | 62314 | AMGEN INC | 59-160 | 6,925.72 |
| 11/12 | 225 | 66138 | PHILIP MORRIS INTERNATIONAL | 43-600 | 9,810.00 |
| 11/12 | 585 | 70966 | CITI GROUP INC | 12-510 | 7,341.35 |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

AMY BETH SMITH

1165 PARK LANE
YORKTOWN HEIGHTS      NY    10598

| | 1-ZA065-3-0 | 11/30/08 | *******4557 | 2 |

| Date | Qty | Qty | Description | Price | Amount |
|---|---|---|---|---|---|
| 11/12 | 135 | | SCHLUMBERGER LTD | 49.480 | 6,684.80 |
| 11/12 | 324 | | COMCAST CORP | 16.510 | 5,361.24 |
| 11/12 | | | AIRLINE | | |
| 11/12 | 162 | | CONOCOPHILIPS | 52.610 | 8,512.62 |
| 11/12 | 108 | | UNITED PARCEL SVC INC | 52.040 | 5,624.32 |
| 11/12 | 189 | | U S BANCORP | 29.530 | 5,588.17 |
| 11/12 | 225 | | CHEVRON CORP | 73.430 | 16,530.75 |
| 11/12 | 306 | | VERIZON COMMUNICATIONS | 30.430 | 9,317.46 |
| 11/12 | 27 | | GOOGLE | 337.00 | |
| 11/12 | | | DUE 2/12/2009 | | |
| | | | FIDELITY SPARTAN | DIV | |
| 11/12 | 37,315 | 18457 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | 37,315.00 |
| 11/29 | | | FIDELITY SPARTAN U S TREASURY MONEY MARKET | DIV | |
| | | | CONTINUED ON PAGE 3 | | |

CONTINUED ON PAGE 3

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

BERNARD L. MADOFF
MADF INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

AMY SETH SMITH

1185 PARK LANE
YORKTOWN HEIGHTS    NY   10598

| 11/30/08 | ********4557 | 3 |
| 1-ZA065-3-0 | | |

| 12/19 | | 27,704 | 53336 | FIDELITY SPARTAN | | | 1 | | 27,704 |
| | | | | U S TREASURY MONEY MARKET | | | | | |
| | | | | DUE 667/X67/X69 | | | | | |
| 11/19 | 4,708 | | 62272 | FIDELITY SPARTAN | | | 1 | 4,708.00 | |
| | | | | 3/26/2009 | | | | | |
| | | | | NEW BALANCE | | | | 50,408.45 | |
| | 830 | | | ABBOTT LABORATORIES | | 52.390 | | | |
| | 171 | | | AMGEN INC | | 55.550 | | | |
| | 137 | | | | | | | | |
| | 300 | | | BANK OF AMERICA | | | | | |
| | 225 | | | CHEVRON CORP | | 79.010 | | | |
| | 657 | | | CISCO SYSTEMS INC | | 16.540 | | | |
| | 324 | | | COMCAST CORP | | 17.340 | | | |
| | | | | CL A | | | | | |
| | 301 | | | EXXON MOBIL CORP | | | | | |
| | 1,143 | | | GENERAL ELECTRIC CO | | 17.170 | | | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

**MADF** ☐ **BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York ☐ London

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

4

11/30/08

*******4557

1-ZA065-3-0

AMY BETH SMITH

1185 PARK LANE
YORKTOWN HEIGHTS    NY    10598

| | | | |
|---|---|---|---|
| 27 | GOOGLE | 292.960 | |
| 270 | HEWLETT PACKARD CO | 35.280 | |
| 155 | INTERNATIONAL BUSINESS MACHS | | |
| 405 | J.P. MORGAN CHASE & CO | 31.660 | |
| 297 | JOHNSON & JOHNSON | 58.530 | |
| | | | |
| 855 | MICROSOFT CORP | 20.220 | |
| 432 | ORACLE CORPORATION | 16.990 | |
| 170 | | | |
| 225 | PHILLIP MORRIS INTERNATIONAL | 42.160 | |
| 324 | PROCTER & GAMBLE CO | 64.350 | |
| | | | |
| 4,708 | FIDELITY SPARTAN | 1 | |
| | U.S. TREASURY MONEY MARKET | | |
| | | | |
| 50,000 | CLASS B | 86.971 | |
| | U.S TREASURY BILL | | |
| | | | |
| 106 | UNITED TECHNOLOGIES CORP | 48.530 | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

11/30/08          5          *******4557          1-ZA065-3-0

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

AMY BETH SMITH

1185 PARK LANE
YORKTOWN HEIGHTS          NY  10598

| | | |
|---|---|---|
| 306 | VERIZON COMMUNICATIONS | 32,650 |
| 334 | WAL-MART STORES INC | 55,480 |

MARKET VALUE OF SECURITIES
LONG
SHORT
NET

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

BERNARD L. MADOFF
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

11/30/08    ********4557    6

1-ZA065-3-0

AMY BETH SMITH

1185 PARK LANE
YORKTOWN HEIGHTS    NY    10598

YEAR-TO-DATE SUMMARY

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

AMY BETH SMITH

1185 PARK LANE
YORKTOWN HEIGHTS          NY   10598

1-ZA065-4-0          11/30/08          *******4557          1

| Date | | Quantity | Description | | Price | Amount Debited | Amount Credited | Balance |
|---|---|---|---|---|---|---|---|---|
| | | | BALANCE FORWARD | | | | | 25,263.?? |
| 11/12 | 9 | 48834 | S & P 100 INDEX NOVEMBER 450 PUT | | 17.800 | 16,029.00 | | |
| 11/19 | 9 | 39263 | S & P 100 INDEX DECEMBER 420 PUT | | 30 | 27,009.00 | | |
| 11/19 | 9 | 47913 | S & P 100 INDEX NOVEMBER 450 PUT | | 37 | | 33,25?.00 | |
| | | | NEW BALANCE | | | | | 36?,??? |

SECURITY POSITIONS          MKT PRICE

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 9 | | S & P 100 INDEX DECEMBER 420 PUT | | 16.500 | | | |

MARKET VALUE OF SECURITIES
LONG  11,880.00          SHORT  20,570.00

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES