08-01789-cgm    Doc 944    Filed 11/18/09    Entered 11/18/09 20:09:38    Main Document
Pg 1 of 11

LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154
Tel: 212-407-4000
P. Gregory Schwed
Daniel B. Besikof

*Attorneys for Alan L. Aufzien and Norma K. Aufzien*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
:
SECURITIES INVESTOR PROTECTION          :
CORPORATION,                            :
                                        :  SIPA Liquidation
            Plaintiff,                  :  (Substantively Consolidated)
                                        :  Adv. Proc. No. 08-01789-BRL
      v.                                :
                                        :
BERNARD L. MADOFF INVESTMENT            :
SECURITIES LLC                          :
                                        :
            Defendant.                  :
---------------------------------------------------------------X
                                        :
In re:                                  :
                                        :
BERNARD L. MADOFF,                      :
                                        :
            Debtor.                     :
                                        :
---------------------------------------------------------------X

**OBJECTION OF ALAN L. AUFZIEN AND NORMA K. AUFZIEN
<u>TO NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM</u>**

Alan L. Aufzien and Norma K. Aufzien (together, the "Aufziens"), by their undersigned counsel, Loeb & Loeb LLP, hereby object to the Notice of Trustee's Determination of Claim (the "Determination Letter"), a copy of which is annexed hereto as Exhibit A.

NY809379.2
666666-66666

## BACKGROUND

1.      The Aufziens are "customers," as defined by the Securities Investor Protection Act of 1970 ("SIPA"), of Bernard L. Madoff Investment Securities LLC ("BLMIS").

2.      The Aufziens held account number 1CM198 (the "JTROS Account") at BLMIS as joint tenants with right of survivorship. The Aufziens' final BLMIS statement for the JTROS Account (the "Final Statement") states that the Aufziens own securities, which had a value in excess of $4.1 million (the "Statement Amount") as of November 30, 2008.

3.      On December 11, 2008, the above-captioned liquidation proceeding was commenced against BLMIS pursuant to SIPA. See Order, Securities and Exchange Commission v. Madoff, No. 08-10791 (S.D.N.Y. December 15, 2008) (ordering relief under SIPA and transferring proceeding to the United States Bankruptcy Court for the Southern District of New York) [ECF No. 4]. Irving Picard was appointed as trustee for the BLMIS estate (the "Trustee"), charged with overseeing the liquidation of BLMIS and processing customer claims for money pursuant to SIPA. Id.; 15 U.S.C. 78fff-1(a).

4.      On December 23, 2008, the Court issued an Order (the "December 23 Order") directing the Trustee to disseminate notice and claim forms to BLMIS customers [ECF No. 12]. Upon information and belief, the Trustee disseminated notice and claim forms to BLMIS customers in accordance with the December 23 Order.

5.      The December 23 Order further provided that, to the extent the Trustee disagrees with the amount set forth on a customer claim form, the Trustee "shall notify such claimant by mail of his determination that the claim is disallowed, in whole or in part, and the reason therefor . . . ." See December 23 Order at 6 (emphasis added).

6. On or about February 23, 2009, well in advance of the deadline for filing claims against the BLMIS estate, the Aufziens filed a customer claim form in respect of the JTROS Account (the "Aufzien Claim"), which asserts a claim in the Statement Amount.

7. On October 19, 2009, the Trustee sent the Determination Letter to the Aufziens disallowing the Aufzien Claim in its entirety. The Aufziens hereby object to the Determination Letter.

## OBJECTIONS

8. The Aufziens join in, adopt and incorporate by reference the objections, legal arguments and authorities set forth in the Objection to Trustee's Determination of Claim dated November 13, 2009 (the "Hein Objection"), filed by Harold Hein [ECF No. 790], as supplemented below.

### A. The Determination Letter does not comply with the December 23 Order.

9. The Determination Letter does not comply with the December 23, 2008 Order, which directed the Trustee to satisfy customer claims in accordance "with the Debtor's books and records." December 23 Order at 5. The Final Statement constitutes BLMIS's books and records and reflects a balance of the Statement Amount as of November 30, 2008. The Trustee is bound by the Final Statement absent proof that the Aufziens did not have a "legitimate expectation" that the balance reflected in the Final Statement did not represent their property. As discussed below, the Trustee cannot meet that burden.

### B. The Aufziens reasonably expected that the JTROS Account contained the securities set forth on the Final Statement.

10. The Aufziens' reasonable expectation that the JTROS Account contained the securities described on the Final Statement was supported by, among other things, (i) more than a decade of trouble-free investing by the Aufziens with BLMIS, (ii) more than a decade of

statements indicating that the JTROS Account held securities and (iii) the previously unblemished reputation of BLMIS's once-renowned principal, former NASDAQ Chairman Bernard Madoff. The Trustee is obligated under SIPA to honor the Aufziens' legitimate expectations, an obligation he has expressly declined to uphold by the Determination Letter.

### C.   The Determination Letter is deficient and inaccurate.

11.   The Determination Letter itself is also deficient, because it does not, among other things, (i) provide the "reason" for disallowance, as required under the December 23 Order; (ii) contain information or evidence sufficient to rebut the prima facie validity afforded to the Aufziens' claim under Section 502(a) of the Bankruptcy Code and Bankruptcy Rule 3001(f); or (iii) set forth the relevant facts and legal theories upon which the objection is based, see, e.g., Collier on Bankruptcy ¶ 3007.01(3) (15th ed. ("[A]n objection to a claim should . . . meet the [pleading] standards of an answer").

12.   In addition, however, the schedule annexed to the Determination Letter, which purports to reflect all of the deposits to and withdrawals from the JTROS Account is inaccurate, in that it does not reflect a deposit into the JTROS Account of $536,706 on or about January 31, 1996. Thus, even under the Trustee's incorrect and unsupported method of calculating the Aufziens' "net equity," the Aufziens would hold an undeniable claim of at least $486,000.

13.   Nearly fourteen years since the date of the deposit, the Aufziens do not have the supporting deposit documents on hand. Moreover, while the Trustee claims to have mailed the Determination Letter on October 19, 2009, the Aufziens did not receive it until well after November 1, 2009. The short timeframe for responding to the Determination Letter has complicated the Aufziens' efforts to obtain the supporting documents. However, the Aufziens are working to obtain the necessary documentation and reserve the right to supplement this

NY809379.2
666666-66666

4

objection with that or any other information or documentation. The Aufziens further note that it would be unreasonable to expect that the Aufziens would have such documentation in their possession, given, among other things, (i) that the passage of time exceeds all document preservation requirements under applicable IRS or other, similar rules and (ii) the apparent safety of the Aufziens' BLMIS investment and solvency of BLMIS the apparent safety and solvency of Madoff as acknowledged by the United States Securities and Exchange Commission, which had investigated BLMIS's affairs.

### D.    The Trustee's "net equity" calculation is incorrect and inequitable.

14.    As set forth in greater detail in the Hein Objection, the Determination Letter articulates no legal basis for the calculation of the Aufziens' "net equity" as the amount deposited less appreciation and withdrawals. In fact, this methodology is unsupported by (i) the provisions of SIPA, (ii) the rules promulgated thereunder, (iii) the legislative history (which clearly states that the intent of SIPA was to protect customer expectations), (iv) recent case law in this and other circuits, (v) SIPC's own policies and practices and (v) SIPC's own position on this very issue in the New Times case.

### E.    The Aufziens are entitled to interest and appreciation.

15.    In the event the Court determines that the Aufziens are entitled to a claim in an amount less than the Statement Amount, the Aufziens' claim should be recalculated to afford them interest on their claims pursuant to New York law and federal securities law, each as discussed in greater detail in the Hein Objection.

## **RESERVATION OF RIGHTS**

16. The Aufziens reserve the right to revise, supplement or amend this objection, and any failure to object on a particular ground or grounds shall not be construed as a waiver of the Aufziens' rights to object on any additional grounds.

17. The Aufziens further reserve all of their rights under Bankruptcy Rule 9014, including without limitation, rights of discovery.

18. The Aufziens reserve all objections as to the competence, relevance, materiality, privilege or admissibility of evidence in any subsequent proceeding or trial of this or any other action for any purpose whatsoever.

## **CONCLUSION**

19. WHEREFORE, the Aufziens respectfully request that the Court (i) allow their customer claim in the Statement Amount, plus interest from the date of the Determination Letter, (ii) direct the Trustee to immediately replace $500,000 of the securities held in the JTROS Account based on the values reflected on the Final Statement and/or pay the $500,000 advance, (iii) strike the Determination Letter and (iv) grant such other and further relief as the Court may deem just and proper.

Dated: November 18, 2009            LOEB & LOEB LLP

By:  /s/ P. Gregory Schwed
P. Gregory Schwed
Daniel B. Besikof
345 Park Avenue
New York, New York  101054
Tel: 212-407-4000

*Attorneys for Alan L. Aufzien and
Norma K. Aufzien*

NY809379.2
666666-66666

6

# EXHIBIT A

APR-26;2004 05:14A FROM:                                    TO:12124630123          P.1

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

### DECEMBER 11, 2008[1]

### NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

October 19, 2009

Alan F. Aufzien and Norma K. Aufzien
JT/WROS
350 Passaic Avenue, Suite 101
Fairfield, NJ 07004

Dear Mr. and Ms. Aufzien:

### PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim on BLMIS Account No. 1CM198 designated as Claim Number 004252:

Your claim for a credit balance of $7,878.00 and for securities is **DENIED**. No securities were ever purchased for your account.

Further, based on the Trustee's analysis, the amount of money you withdrew from your account at BLMIS (total of $1,750,000.00), as more fully set forth in Table 1 annexed hereto and made a part hereof, is greater than the amount that was deposited with BLMIS for the purchase of securities (total of $1,700,000.00). As noted, no securities were ever purchased by BLMIS for your account. Any and all profits reported to you by BLMIS on account statements were fictitious.

---

[1] Section 78lll(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78lll(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

Since there were no profits to use either to purchase securities or to pay you any money beyond the amount that was deposited into your BLMIS account, the amount of money you received in excess of the deposits in your account ($50,000.00) was taken from other customers and given to you. Accordingly, because you have withdrawn more than was deposited into your account, you do not have a positive "net equity" in your account and you are not entitled to an allowed claim in the BLMIS liquidation proceeding. Therefore, your claim is **DENIED** in its entirety.

Should a final and unappealable court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by you in having your customer claim re-determined in accordance with any such Court order.

Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by the Trustee against you.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court and the Trustee within **THIRTY DAYS** after October 19, 2009, the date on which the Trustee mailed this notice.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

APR-25-2004 05:14A FROM: TO:12124630123 P.3

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York 10004

and

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111

_____
Irving H. Picard
Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

| DATE | TRANSACTION DESCRIPTION | AMOUNT |
|---|---|---|
| 3/9/1993 | CHECK | $300,000.00 |
| 1/9/1997 | TRANS FROM 1CM19930 | $200,000.00 |
| 8/5/1997 | CHECK | $200,000.00 |
| 8/26/1999 | CHECK | $500,000.00 |
| 12/2/2003 | CHECK | $500,000.00 |
| **Total Deposits:** | | **$1,700,000.00** |

| DATE | TRANSACTION DESCRIPTION | AMOUNT |
|---|---|---|
| 1/11/2005 | CHECK | ($200,000.00) |
| 3/11/2005 | CHECK WIRE | ($1,250,000.00) |
| 3/20/2006 | CHECK | ($300,000.00) |
| **Total Withdrawals:** | | **($1,750,000.00)** |
| **Total deposits less withdrawals:** | | **($50,000.00)** |