LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154
Tel: 212-407-4000
P. Gregory Schwed
Daniel B. Besikof

*Attorneys for Meredith Aufzien Bauer*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————— X
                                         :

**SECURITIES INVESTOR PROTECTION**
**CORPORATION,**
                                         : **SIPA Liquidation**
                 **Plaintiff,**        : **(Substantively Consolidated)**
                                         : **Adv. Proc. No. 08-01789-BRL**

                 **v.**                 :

**BERNARD L. MADOFF INVESTMENT**
**SECURITIES LLC**
                                         :

                **Defendant.**     :

———————————————————— X
                                         :

**In re:**                                    :

**BERNARD L. MADOFF,**            :

                **Debtor.**       :

———————————————————— X

## OBJECTION OF MEREDITH AUFZIEN BAUER TO
## NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

Meredith Aufzien Bauer, by her undersigned counsel, Loeb & Loeb LLP, hereby objects

to the Notice of Trustee's Determination of Claim (the "Determination Letter"), a copy of which

is annexed hereto as Exhibit A.

NY809694.1
666666-66666

## BACKGROUND

1.      Ms. Bauer is a "customer," as defined by the Securities Investor Protection Act of 1970 ("SIPA"), of Bernard L. Madoff Investment Securities LLC ("BLMIS").

2.      Ms. Bauer held account number 1CM801 (the "Account") at BLMIS. Ms. Bauer's final BLMIS statement for the Account (the "Final Statement") states that Ms. Bauer owns securities, which had a net value in excess of $1.6 million (the "Statement Amount") as of November 30, 2008.

3.      On December 11, 2008, the above-captioned liquidation proceeding was commenced against BLMIS pursuant to SIPA. See Order, Securities and Exchange Commission v. Madoff, No. 08-10791 (S.D.N.Y. December 15, 2008) (ordering relief under SIPA and transferring proceeding to the United States Bankruptcy Court for the Southern District of New York) [ECF No. 4]. Irving Picard was appointed as trustee for the BLMIS estate (the "Trustee"), charged with overseeing the liquidation of BLMIS and processing customer claims for money pursuant to SIPA. Id.; 15 U.S.C. 78fff-1(a).

4.      On December 23, 2008, the Court issued an Order (the "December 23 Order") directing the Trustee to disseminate notice and claim forms to BLMIS customers [ECF No. 12]. Upon information and belief, the Trustee disseminated notice and claim forms to BLMIS customers in accordance with the December 23 Order.

5.      The December 23 Order further provided that, to the extent the Trustee disagrees with the amount set forth on a customer claim form, the Trustee "shall notify such claimant by mail of his determination that the claim is disallowed, in whole or in part, and the reason therefor . . . ." See December 23 Order at 6 (emphasis added).

6.      On or before the deadline for filing claims against the BLMIS estate, Ms. Bauer

filed a customer claim form in respect of the Account (the "Bauer Claim"), which asserts a claim

in the Statement Amount.

7.      On October 19, 2009, the Trustee sent the Determination Letter to Ms. Bauer

disallowing the Bauer Claim in its entirety.  Ms. Bauer hereby objects to the Determination

Letter.

## OBJECTIONS

8.      Ms. Bauer joins in, adopts and incorporates by reference the objections, legal

arguments and authorities set forth in the Objection to Trustee's Determination of Claim dated

November 13, 2009 (the "Hein Objection"), filed by the Harold Hein [ECF No. 790], as

supplemented below.

### A.      The Determination Letter does not comply with the December 23 Order.

9.      The Determination Letter does not comply with the December 23, 2008 Order,

which directed the Trustee to satisfy customer claims in accordance "with the Debtor's books

and records." December 23 Order at 5.  The Final Statement constitutes BLMIS's books and

records and reflects a net balance of the Statement Amount as of November 30, 2008.  The

Trustee is bound by the Final Statement absent proof that Ms. Bauer did not have a "legitimate

expectation" that the balance reflected in the Final Statement did not represent her property.  As

discussed below, the Trustee cannot meet that burden.

### B.      Ms. Bauer reasonably expected that the Account contained the securities set forth on the Final Statement.

10.     Ms. Bauer's reasonable expectation that the Account contained the securities

described on the Final Statement was supported by, among other things, (i) more than a decade

of trouble-free investing by Ms. Bauer or her family members, (ii) more than five years of

statements indicating that the Account held securities and (iii) the previously unblemished

reputation of BLMIS's once-renowned principal, former NASDAQ Chairman Bernard Madoff.

The Trustee is obligated under SIPA to honor Ms. Bauer's legitimate expectations, an obligation

he has expressly declined to uphold by the Determination Letter.

### C.   The Determination Letter is deficient and inaccurate.

11.   The Determination Letter itself is also deficient, because it does not, among other

things, (i) provide the "reason" for disallowance, as required under the December 23 Order;

(ii) contain information or evidence sufficient to rebut the prima facie validity afforded to Ms.

Bauer's claim under Section 502(a) of the Bankruptcy Code and Bankruptcy Rule 3001(f); or

(iii) set forth the relevant facts and legal theories upon which the objection is based.  See, e.g.,

Collier on Bankruptcy ¶ 3007.01(3) (15th ed. ("[A]n objection to a claim should . . . meet the

[pleading] standards of an answer").

12.   In addition, the schedule annexed to the Determination Letter, which purports to

reflect all of the deposits to and withdrawals from the Account is inaccurate.  The schedule

reflects for each of the deposits into the Account an "adjusted amount," which the Trustee asserts

represents the actual principal investment of Ms. Bauer in the Account.  The remainder of the

amounts deposited, according to the Trustee, constitute fictional profits for which Ms. Bauer is

not entitled to any credit under the Trustee's incorrect "dollars in" versus "dollars out" net equity

calculation methodology.

13.   As discussed below, Ms. Bauer disagrees with and objects to the Trustee's

calculation of net equity.  If, however, that calculation methodology ultimately is accepted by the

Court, Ms. Bauer should be given credit for all of her deposits into the Account in the full

amount.  The Trustee has articulated no legal basis for taking a downward adjustment, and Ms.

Bauer contests this approach. Finally, even if the Trustee is found to be entitled to give credit only for principal deposits, the Trustee dramatically understates the portion of the transfers to the Account constituting principal.

14.     While the Trustee claims to have mailed the Determination Letter on October 19, 2009, Ms. Bauer did not receive it until many days later. Thus, she has had insufficient time to gather the requisite documents to support this objection. Ms. Bauer is in the process of obtaining the necessary documentation and reserves the right to supplement this objection with that or any other information or documentation. Ms. Bauer notes that it would be unreasonable to expect that she would have such documentation in her possession, given, among other things, (i) the passage of more than six years since the initial transfer to the Account and (ii) the apparent safety of Ms. Bauer's BLMIS investment and solvency of BLMIS the apparent safety and solvency of Madoff as acknowledged by the United States Securities and Exchange Commission, which had investigated BLMIS's affairs.

**D.     The Trustee's "net equity" calculation is incorrect and inequitable.**

15.     As set forth in greater detail in the Hein Objection, the Determination Letter articulates no legal basis for the calculation of Ms. Bauer's "net equity" as the amount deposited less appreciation and withdrawals. In fact, this methodology is unsupported by (i) the provisions of SIPA, (ii) the rules promulgated thereunder, (iii) the legislative history (which clearly states that the intent of SIPA was to protect customer expectations), (iv) recent case law in this and other circuits, (v) SIPC's own policies and practices and (v) SIPC's own position on this very issue in the New Times case.

**E.**    **Ms. Bauer is entitled to interest and appreciation.**

16.    In the event the Court determines that Ms. Bauer is entitled to a claim in an amount less than the Statement Amount, Ms. Bauer's claim should be recalculated to afford her interest on her claim pursuant to New York law and federal securities law, each as discussed in greater detail in the Hein Objection.

## RESERVATION OF RIGHTS

17.    Ms. Bauer reserve the right to revise, supplement or amend this objection, and any failure to object on a particular ground or grounds shall not be construed as a waiver of Ms. Bauer's rights to object on any additional grounds.

18.    Ms. Bauer further reserves all of her rights under Bankruptcy Rule 9014, including without limitation, rights of discovery.

19.    Ms. Bauer reserves all objections as to the competence, relevance, materiality, privilege or admissibility of evidence in any subsequent proceeding or trial of this or any other action for any purpose whatsoever.

## CONCLUSION

20.     WHEREFORE, Ms. Bauer respectfully requests that the Court (i) allow her customer claim in the Statement Amount, plus interest from the date of the Determination Letter, (ii) direct the Trustee to immediately replace $500,000 of the securities held in the Account based on the values reflected on the Final Statement and/or pay the $500,000 advance, (iii) strike the Determination Letter and (iv) grant such other and further relief as the Court may deem just and proper.

Dated: November 18, 2009                LOEB & LOEB LLP

                                        By: /s/ P. Gregory Schwed
                                            P. Gregory Schwed
                                            Daniel B. Besikof
                                            345 Park Avenue
                                            New York, New York  101054
                                            Tel: 212-407-4000

                                        *Attorneys for Meredith Aufzien Bauer*

# EXHIBIT A

# BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

## DECEMBER 11, 2008¹

October 19, 2009

MEREDITH AUFZIEN BAUER
8 Stonebridge Road
Montclair, New Jersey 07042

Dear MEREDITH AUFZIEN BAUER:

## PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim on BLMIS Account No. 1CM801 designated as Claim Number 004901:

Your claim for securities is **DENIED**. No securities were ever purchased for your account.

Further, based on the Trustee's analysis, the amount of money you withdrew from your account at BLMIS (total of $1,880,000.00), as more fully set forth in Table 1 annexed hereto and made a part hereof, is greater than the amount that was deposited with BLMIS for the purchase of securities (total of $1,380,663.95). As noted, no securities were ever purchased by BLMIS for your account. Any and all profits reported to you by BLMIS on account statements were fictitious.

---

¹ Section 78lll(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78lll(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

As reflected in Table 1, certain of the transfers into or out of your account have been adjusted. As part of the Trustee's analysis of accounts, the Trustee has assessed accounts based on a money in/money out analysis (i.e., has the investor deposited more or less than he or she withdrew from BLMIS). This analysis allows the Trustee to determine which part of an account's balance is originally invested principal and which part is fictitious gains that were fabricated by BLMIS. A customer's allowed claim is based on the amount of principal in the customer's account.

When ever a customer requested a transfer from one account to another, the Trustee analyzed whether the transferor account had principal in the account at the time of the transfer. The available principal in the account was transferred to and credited in the transferee account. Thus, the reason that the adjusted amount of transferred deposits in Table 1 is less than the purported transfer amount is that the transferor account did not have sufficient principal available to effectuate the full transfer. The difference between the purported transfer amount and the adjusted transfer amount is the amount of fictitious gain that was transferred to or from your account. Under the money in/money out analysis, the Trustee does not give credit for fictitious gains in settling your allowed claim.

Since there were no profits to use either to purchase securities or to pay you any money beyond the amount that was deposited into your BLMIS account, the amount of money you received in excess of the deposits in your account ($499,336.05) was taken from other customers and given to you. Accordingly, because you have withdrawn more than was deposited into your account, you do not have a positive "net equity" in your account and you are not entitled to an allowed claim in the BLMIS liquidation proceeding. Therefore, your claim is **DENIED** in its entirety.

Should a final and unappealable court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by you in having your customer claim re-determined in accordance with any such Court order.

Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by the Trustee against you.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after October 19, 2009, the date on which the Trustee mailed this notice.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York 10004

and

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10011

_____
Irving H. Picard

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

| DATE | TRANSACTION DESCRIPTION | AMOUNT | ADJUSTED AMOUNT |
|---|---|---|---|
| 6/25/2003 | TRANS FROM 1CM58230 | $1,634,228.34 | $750,000.00 |
| 6/25/2003 | TRANS FROM 1CM19930 | $144,447.00 | $30,663.95 |
| 7/28/2003 | TRANS FROM 1CM19930 | $179.08 | $0.00 |
| 7/28/2003 | TRANS FROM 1CM58230 | $2,055.86 | $0.00 |
| 7/31/2003 | CXL C&S | ($2.50) | $0.00 |
| 7/31/2003 | TRANS FROM 1CM58230 | $2.50 | $0.00 |
| 7/31/2003 | TRANS FROM 1CM19930 | $2.50 | $0.00 |
| 8/26/2004 | CHECK WIRE | $600,000.00 | $600,000.00 |
| Total Deposits: | | $2,380,912.78 | $1,380,663.95 |

| DATE | TRANSACTION DESCRIPTION | AMOUNT | ADJUSTED AMOUNT |
|---|---|---|---|
| 5/31/2005 | CHECK WIRE | ($500,000.00) | ($500,000.00) |
| 1/27/2006 | CHECK WIRE | ($500,000.00) | ($500,000.00) |
| 12/21/2006 | CHECK WIRE | ($500,000.00) | ($500,000.00) |
| 12/20/2007 | CHECK | ($380,000.00) | ($380,000.00) |
| Total Withdrawals: | | ($1,880,000.00) | ($1,880,000.00) |
| | | | |
| Total deposits less withdrawals: | | $500,912.78 | ($499,336.05) |