**TODTMAN, NACHAMIE, SPIZZ & JOHNS, P.C.**
425 Park Avenue
New York, New York 10022
(212) 754-9400
Barton Nachamie
Janice B. Grubin
Jill Makower

     and

**MANSFIELD TANICK & COHEN P.A.**
1700 Pillsbury Center South
220 South Sixth Street
Minneapolis, Minnesota 55403-1409
(612) 339-4295
Earl Cohen

     and

**PARKER & WENNER, P.A.**
220 South 6th Street
1700 US Bank Plaza
Minneapolis, MN 55402
(612) 355-2201
Boris Parker

**Counsel for ABG Partners** and
**The Graybow Group, Inc. f/k/a Graybow**
**Communications Group, Inc., Claimants**

UNITED STATES BANRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | : | Adv. Pro. No.: 08-01789 (BRL) |
| Plaintiff, | : | SIPA Liquidation |
| -against- | : | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES, LLC., | : | |
| | : | |
| Defendant. | | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

In re:                        :

BERNARD L. MADOFF,        :

            Debtor.    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**AFFIDAVIT OF BRUCE GRAYBOW IN SUPPORT OF
ABG PARTNERS' AND THE GRAYBOW GROUP, INC.'S (I) OBJECTION TO
TRUSTEE'S DETERMINATION OF CLAIM AND (II) CROSS-MOTION FOR
ENTRY OF ORDER FOR AUTHORITY TO AMEND CLAIM
TO IDENTIFY MULTIPLE CUSTOMERS OR, ALTERNATIVELY,
TO PERMIT FILING OF LATE CLAIM**

STATE OF MINNESOTA    )
                         )   ss.:
COUNTY OF HENNEPIN   )

      **BRUCE GRAYBOW**, being duly sworn, deposes and says:

      1.     I am a partner in ABG Partners ("ABG") and the President of The Graybow Group, Inc. f/k/a Graybow Communications Group, Inc. ("Graybow Group" and, together with ABG, the "Objectors"), creditors and parties in interest in the above-captioned proceeding. I submit this affidavit in support of "ABG Partners' and The Graybow Group, Inc.'s (I) Objection To Trustee's Determination of Claim and (II) Cross-Motion For Entry of Order For Authority To Amend Claim To Identify Multiple Customers Or, Alternatively, To Permit Filing Of Late Claim."

      2.     At all times relevant herein, ABG had an account with Bernard L. Madoff Investment Securities, LLC ("BLMIC") denominated as account no. G0068, and derivatives thereof. By letter dated November 19, 2007, I notified BLMIC that Graybow Group would be wiring $700,000 to BLMIC and I requested that BLMIC "establish, upon receipt of the $700,000.00 wire transfer from Signature Bank that you will receive shortly, an account titled The Graybow Group, Inc. and deposit the $700,000.00 in that specific account." (A copy of the November 19, 2007 letter is annexed hereto as Exhibit **"A"**.)

      3.     On or about November 19, 2007, I directed that $1,450,000 be wire-transferred to BLMIC, with $750,000 to be deposited in ABG's account and $700,000 to be deposited into a new account to be established by BLMIC in the name of the The Graybow Group, Inc.

251322.1                                           2

4.      In November, 2007 and in January, 2008, I personally called BLMIC, and requested that Graybow Group's account be separated from ABG's account.  To the best of my recollection, in November, I spoke to either Robert or Frank DiPascali, who said he would take a look at the request and get back to me. I later called in January to follow up on my request to separate the accounts and spoke to a female employee in BLMIC's accounting department. She indicated to me that it was difficult to do, but agreed to have the issue addressed.  I asked for, but never received any confirmation that my request was honored.

5.      After the filing of this proceeding, ABG received a Customer Claim form with instructions. No Customer Claim form was ever received by Graybow Group.

6.       The Customer Claim form received by ABG specifically states on page 1 that: "A SEPARATE CLAIM FORM SHOULD BE FILED FOR EACH ACCOUNT…".

7.      By the time that ABG received the Customer Claim form, ABG, Graybow Group and I had learned that BLMIC had never established an account in the name of Graybow Group as Graybow Group had requested.

8.       Since the Customer Claim form required a separate claim form for each account, and only one account had been established, which account was in the name of ABG, ABG filed a claim (the "Claim") for that one account, and Brian E. Weisberg, Esq., counsel to ABG and Graybow Group, submitted with the Claim a letter to the Trustee dated March 3, 2009 asking the Trustee to "[p]lease advise the undersigned if a separate claim is available for the account

251322.1                                             3

that was not established and one will be filed." (A copy of Mr. Weisberg's letter with the Claim is annexed hereto as **Exhibit "B"**.) Upon information and belief, the Trustee never responded to Mr. Weisberg's letter.

 s/ Bruce Graybow
BRUCE GRAYBOW

Sworn to before me this
**18th** day of **November, 2009**

s/ Svetlana Chebotayeva
Notary Public

Svetlana Chebotayeva
Notary Public-Minnesota
My Commission Expires Jan 31, 2011