DAY PITNEY LLP
Thomas D. Goldberg
One Canterbury Green
Stamford, CT 06901
Telephone: (203) 977-7300
Facsimile:  (203) 977-7301
tgoldberg@daypitney.com

Attorneys for Ronald M. Gross, as Trustee

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

_____

| | | |
|---|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | : | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff, | : | SIPA Liquidation |
| v. | : | |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | : | |
| Defendant. | : | |

_____

**OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM**

Ronald M. Gross, as trustee for certain qualified annuity trusts, hereby objects to the Notice of Trustee's Determination of Claim with respect to the Ronald M. Gross Irrevocable Qualified Annuity Trust No. 1, account no. 1CM888, claim nos. 002434 and 012000. In support of this objection, Mr. Gross represents as follows:

**BACKGROUND**

1. Mr. Gross established four grantor retained annuity trusts, or "GRAT's," the assets of which were invested with Bernard L. Madoff Investment Securities LLC. The first such trust (GRAT 1) was established on June 30, 2004 in the amount of $3,000,000, which was deposited into account no. 1CM888. In accordance with IRS regulations, certain proceeds of

71521797.1

GRAT 1 were distributed to the grantor (Mr. Gross) on an annual basis, and Mr. Gross invested those proceeds in other GRAT's that he established in subsequent years. GRAT 1 terminated on June 30, 2007, and the remaining proceeds were then disbursed to beneficiaries of the trust in accordance with the terms of the trust agreement. After those distributions were completed, a cash balance of approximately $18,000 remained in the account.

2. Mr. Gross filed timely claims for cash and securities on behalf of each GRAT:

(a) Claim nos. 002434 and 012000, on behalf of The Ronald M. Gross Irrevocable Qualified Annuity Trust No. 1 ("GRAT 1"), account no. 1CM888, for cash in the amount of $18,525.00;

(b) Claim nos. 002433 and 011999, on behalf of The Ronald M. Gross Irrevocable Qualified Annuity Trust No. 2 ("GRAT 2"), account no. 1CM081, for securities in the amount of $1,850,633.81;

(c) Claim nos. 002432 and 011998, on behalf of The Ronald M. Gross Irrevocable Qualified Annuity Trust No. 3 ("GRAT 3"), account no. 1CM981, for securities in the amount of $2,963,689.02; and

(d) Claim nos. 002432 and 012040, on behalf of The Ronald M. Gross Irrevocable Qualified Annuity Trust No. 4 ("GRAT 4"), account no. 1G0391, for securities in the amount of $4,578,195.17.[1]

3. The Trustee issued his Notice of Trustee's Determination of Claim dated October 27, 2009 ("Determination Letter"), which denies the claim of GRAT 1. A copy of the

---

[1] After the original claims were filed, Mr. Gross filed corrected exhibits to each of the claims. The SIPC Trustee assigned a new number to the corrected submissions, which explains why each claim has two numbers.

Determination Letter is attached hereto as Exhibit A.  The Trustee has not yet made determinations on the claims of GRAT 2, GRAT 3 or GRAT 4.

## GROUNDS FOR OBJECTION

4.   Mr. Gross, as trustee for GRAT 1, objects to the Determination Letter on the following grounds:

(a)   The Determination Letter fails to comply with the Court's Order dated December 23, 2008, which directs the Trustee to satisfy customer claims in accordance "with the Debtor's books and records."  Dec. 23, 2008 Order (Dkt. No. 12), at 5.

(b)   The Determination Letter violates the Securities Investor Protection Act ("SIPA") because it deprives Mr. Gross, a "customer" entitled to protection under SIPA, of his legitimate expectation that the account included cash in the amount of approximately $18,525.

(c)   The Determination Letter relies on a definition of "net equity" that is inconsistent with SIPA and with applicable case law, for the reasons set forth in other objections and supporting memoranda, all of which are incorporated by reference herein.[2]

(d)   Table No. 1 attached to the Determination Letter makes improper "adjustments" to the amount of contributions to GRAT 1.

## RESERVATION OF RIGHTS

5.   Mr. Gross reserves the right to revise, supplement and amend this Objection, and reserves his rights as set forth in his claim on behalf of GRAT 1.  Mr. Gross further reserves all

---

[2] This Objection incorporates, without limitation, the arguments set forth in the Customers' Memorandum of Law in Opposition to Trustee's Motion for an Order Approving the Trustee's Re-Definition of "Net Equity" under the Securities Investor Protection Act (Dkt. No. 757), filed on November 13, 2009, and the Memorandum of Law in Opposition to Trustee's Motion for an Order Upholding Trustee's Determination Denying Customer Claims, etc. (Dkt. No. 785), filed on November 13, 2009.

rights with respect to any determination with respect to claims made on behalf of GRAT 2, GRAT 3 and GRAT 4.

## CONCLUSION

For the reasons set forth above, the Court should sustain this objection to the Determination Letter, should direct that the Trustee allow and pay the claim in the amount of $18,525.00, and should grant such other and further relief as is just and equitable.

Dated: Stamford, Connecticut
       November 19, 2009

DAY PITNEY LLP

By    /s/ Thomas D. Goldberg
      Thomas D. Goldberg
      One Canterbury Green
      Stamford, CT 06091
      Telephone: (203) 977-7300
      Facsimile: (203) 977-7301

Attorneys for Ronald M. Gross, as Trustee

# CERTIFICATE OF SERVICE

I, Thomas D. Goldberg, hereby certify that on November 19, 2009 I caused a true and correct copy of the foregoing Objection To Trustee's Determination Of Claim on behalf of Ronald M. Gross, as Trustee, to be filed electronically with the Court and served upon the parties in this action who receive electronic service through CM/ECF, and served by overnight mail upon:

> David J. Sheehan, Esq.
> Baker & Hostetler LLP
> 45 Rockefeller Plaza
> New York, NY 10111

/s/ Thomas D. Goldberg
Thomas D. Goldberg