**Daren W. Fryburg**
**7 Shadyside Avenue**
**Summit, New Jersey 07901**

October 26, 2009

Clerk of the U.S. Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, N.Y. 10004

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, N.Y. 10111

Re: Bankruptcy Case # 08-1789 (BRL)
Bernard L. Madoff Securities Account 1F0107
Claim Ref 003234

Dear Sir(s),

Thank you for your letter dated October 19th, 2009, concerning the Notice of Trustee's Determination of Claim for my Bernard L. Madoff account 1F0107. I am **APPEALING** your determination/findings set forth in the letter on the following grounds:

1) Your letter dated October 19th, 2009, does not fully describe the financial calculation used to determine the 'Adjusted Amount' of $35,000.00 representing the balance transfer of $103,538.09 dated April 24th, 1997. Please clarify.

2) Your letter dated October 19th, 2009, contains financial details of 13 withdrawals via check totaling $89,500.00. While I do recall withdrawing certain funds over the period, I do not recall all the withdrawals in question. Please provide evidence of these withdrawals by cancelled checks for all 13 withdrawals, providing photocopies of both the front and back of each of the 13 checks.

3) I do not agree with the Trustee's determination of 'net-equity' in my account. Throughout my life, I have been very cautious in my investment objectives, never exceeding the checking account insurance thresholds per FDIC or broker account protection thresholds per SIPC. To take the 'net-equity' stance on investor accounts with balances at or below and never exceeding the SIPC protection levels is unjust.

While I appreciate the effort that the Trustee has put into the overall Bernard L. Madoff account review, I would ask the Court to consider that the 'relatively minor' balance in my account was meant to send my three daughters to college, not pay for country club dues.

I look forward to your clarification / evidence as requested above.

Sincerely,

Daren W. Fryburg

# BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

## DECEMBER 11, 2008[1]

## NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

October 19, 2009

Daren Weeks Fryburg
7 Shadyside Avenue
Summit, New Jersey 07901

Dear Mr. Fryburg:

## PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim on BLMIS Account No. 1F0107 designated as Claim Number 003243:

Your claim for a credit balance of $171,631.56 and for securities is **DENIED**. No securities were ever purchased for your account.

Further, based on the Trustee's analysis, the amount of money you withdrew from your account at BLMIS (total of $89,500.00), as more fully set forth in Table 1 annexed hereto and made a part hereof, is greater than the amount that was deposited with BLMIS for the purchase of securities (total of $35,000.00). As noted, no securities were ever purchased by BLMIS for your account. Any and

---

[1] Section 78lll(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78lll(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

all profits reported to you by BLMIS on account statements were fictitious.

As reflected in Table 1, certain of the transfers into or out of your account have been adjusted. As part of the Trustee's analysis of accounts, the Trustee has assessed accounts based on a money in/money out analysis (i.e., has the investor deposited more or less than he or she withdrew from BLMIS). This analysis allows the Trustee to determine which part of an account's balance is originally invested principal and which part is fictitious gains that were fabricated by BLMIS. A customer's allowed claim is based on the amount of principal in the customer's account.

Whenever a customer requested a transfer from one account to another, the Trustee analyzed whether the transferor account had principal in the account at the time of the transfer. The available principal in the account was transferred to and credited in the transferee account. Thus, the reason that the adjusted amount of transferred deposits or withdrawals in Table 1 is less than the purported transfer amount is that the transferor account did not have sufficient principal available to effectuate the full transfer. The difference between the purported transfer amount and the adjusted transfer amount is the amount of fictitious gain that was transferred to or from your account. Under the money in/money out analysis, the Trustee does not give credit for fictitious gains in settling your allowed claim.

Since there were no profits to use either to purchase securities or to pay you any money beyond the amount that was deposited into your BLMIS account, the amount of money you received in excess of the deposits in your account ($54,500.00) was taken from other customers and given to you. Accordingly, because you have withdrawn more than was deposited into your account, you do not have a positive "net equity" in your account and you are not entitled to an allowed claim in the BLMIS liquidation proceeding. Therefore, your claim is **DENIED** in its entirety.

Should a final and unappealable court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by you in having your customer claim re-determined in accordance with any such Court order.

Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by the Trustee against you.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after October 19, 2009, the date on which the Trustee mailed this notice.

2

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

> Clerk of the United States Bankruptcy Court for
> the Southern District of New York
> One Bowling Green
> New York, New York 10004

> and

> Irving H. Picard, Trustee
> c/o Baker & Hostetler LLP
> 45 Rockefeller Plaza
> New York, New York 10111

*/s/ Irving H. Picard*
_____
Irving H. Picard
Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

| DATE | TRANSACTION DESCRIPTION | AMOUNT | ADJUSTED AMOUNT |
|---|---|---|---|
| 4/24/1997 | TRANS FROM 1F006610 | $103,538.09 | $35,000.00 |
| **Total Deposits:** | | $103,538.09 | $35,000.00 |

| DATE | TRANSACTION DESCRIPTION | AMOUNT | ADJUSTED AMOUNT |
|---|---|---|---|
| 9/17/1997 | CHECK | ($8,500.00) | ($8,500.00) |
| 11/26/1997 | CHECK | ($3,500.00) | ($3,500.00) |
| 4/8/1998 | CHECK | ($5,000.00) | ($5,000.00) |
| 9/17/1998 | CHECK | ($4,500.00) | ($4,500.00) |
| 11/30/1998 | CHECK | ($6,000.00) | ($6,000.00) |
| 6/4/1999 | CHECK | ($7,000.00) | ($7,000.00) |
| 10/21/1999 | CHECK | ($7,000.00) | ($7,000.00) |
| 9/5/2000 | CHECK | ($7,000.00) | ($7,000.00) |
| 12/13/2000 | CHECK | ($6,000.00) | ($6,000.00) |
| 7/13/2001 | CHECK | ($6,000.00) | ($6,000.00) |
| 12/5/2001 | CHECK | ($7,000.00) | ($7,000.00) |
| 1/3/2003 | CHECK | ($9,000.00) | ($9,000.00) |
| 12/11/2003 | CHECK | ($13,000.00) | ($13,000.00) |
| **Total Withdrawals:** | | ($89,500.00) | ($89,500.00) |
| **Total deposits less withdrawals:** | | $14,038.09 | ($54,500.00) |

4