**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com
Amy Vanderwal
Email: avanderwal@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

**Securities Investor Protection Corporation**
805 15th Street, N.W., Suite 800
Washington, D.C. 20005
Telephone: (202) 371-8300
Facsimile: (202) 371-6728
Josephine Wang
Email: jwang@sipc.org
Christopher LaRosa
Email: clarosa@sipc.org

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>          Plaintiff-Applicant,<br><br>     v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>          Defendant. | No. 08-01789 (BRL)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>          Debtor. | |

300044339

**JOINT REPLY OF THE TRUSTEE AND THE SECURITIES INVESTOR
PROTECTION CORPORATION IN SUPPORT OF MOTION FOR A PROTECTIVE
<u>ORDER DENYING DISCOVERY SOUGHT BY LAWRENCE R. VELVEL</u>**

Irving H. Picard, Esq., as trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq*. ("SIPA"),[1] and Bernard L. Madoff ("Madoff") and the Securities Investor Protection Corporation ("SIPC") jointly, by and through their undersigned counsel, submit this Reply in support of the Trustee's and SIPC's Motions for Protective Orders Denying Discovery Sought by Lawrence R. Velvel, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, made applicable under Rules 7026 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Motions"), and in support thereof, respectfully represent as follows:

1. On November 11, 2009, Dean Lawrence Velvel ("Dean Velvel") filed with the Court a Response to the Motions (the "Response"). The Trustee and SIPC are jointly filing this Reply to address certain aspects of the Response that are inaccurate and/or irrelevant to this Court's consideration of the Motions.

2. First, in an attempt to demonstrate that the Trustee and SIPC should be required to produce documents relating to their motivation in determining how to value claims, Dean Velvel devotes the opening portion of his Response to a discussion of causes of action in which a party's intent is germane to the outcome of the cause of action. While an interesting intellectual exercise, it has absolutely no relevance since each of the causes of action Dean Velvel identifies are actions in which intent is an *element* of the offense. Of course it may be relevant to consider whether there was an intent to defraud in a fraud case or whether there was the intent to injure in

---

[1] For convenience, subsequent references to SIPA shall omit "15 U.S.C."

an antitrust case; these specific causes of action require such intent. Not only is intent not an element of the "net equity" determination, the intent of the Trustee and SIPC is utterly irrelevant to how the Court will ultimately rule, as a matter of law, on the proper calculation of claims.

3. Dean Velvel then devotes a considerable portion of his brief to manufacturing alleged conspiracies. Even if, *arguendo*, each of the very imaginative and far-fetched allegations made by Dean Velvel were correct, and if he were able to gain whatever discovery he seeks and he is able to establish improper motives by the Trustee and SIPC,[2] none of that would change the central issue before the Court: whether as matter of statutory interpretation and application, claims should be valued on a "cash in/cash out" basis or be based on the customer's last statement. Indeed, if the Trustee and SIPC are correct in their interpretation of "net equity" under SIPA, their motives in coming up with the correct answer are irrelevant. *See, e.g. In re Cruz*, 254 B.R. 801 (Bankr. S.D.N.Y. 2000) (an inquiry into the debtor's state of mind is irrelevant for purposes of determining whether a particular Bankruptcy Code provision is implicated).

4. The applicable standard for seeking discovery is that the results of discovery must be relevant to the dispute at hand or be reasonably tailored to lead to the discovery of relevant information. Fed. R. Civ. P. 26(b)(1). As set out in the Trustee's motion, Courts in this district have frequently barred discovery that seeks to determine the intent of a party in bringing a suit. *See, e.g.*, *Cresswell v. Prudential Bache Secs., Inc.*, 105 F.R.D. 64, 64-65 (S.D.N.Y. 1985). Because the intent of the Trustee and SIPC is irrelevant, the dispute at hand relates solely to a legal question and the discovery that is sought is not relevant to the dispute and not calculated to lead to discoverable information, the Court should not require the Trustee and SIPC to respond to

---

[2] Of course, each of the Trustee and SIPC emphatically submit that they have acted in good faith and in accordance with their statutory duties in this proceeding, including, without limitation, with respect to the interpretation of "net

Dean Velvel's discovery requests.

## CONCLUSION

For the foregoing reasons, together with those set forth in the Motions, the Trustee and SIPC respectfully request that the Court grant the Motions for protective orders denying the discovery sought in the Document Requests and relieving the Trustee and SIPC of any obligation to respond thereto.

Date:   New York, New York
       November 20, 2009

                                     /s/ Marc Hirschfield
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com
Amy Vanderwal
Email: avanderwal@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

                                     /s/ Christopher LaRosa
Securities Investor Protection Corporation
805 15th Street, N.W., Suite 800
Washington, D.C. 20005
Telephone: (202) 371-8300
Facsimile: (202) 371-6728
Josephine Wang
General Counsel
Email: jwang@sipc.org
Christopher LaRosa
Email: clarosa@sipc.org

---

equity" and the application thereof.

300044339                                               4