Baker Hostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Marc Edward Hirschfield
direct dial: 212.589.4610
mhirschfield@bakerlaw.com

November 23, 2009

**BY EMAIL AND ECF FILING**

Honorable Burton R. Lifland
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

*Re: Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC, Adv. Pro. No. 08-01789 (BRL) (Substantively Consolidated)*

Dear Judge Lifland:

We write this letter in anticipation of the Chamber's Conference scheduled for Tuesday, November 24, 2009 in connection with the Verified Petition of Carl Shapiro To Perpetuate Testimony that was filed last week in the Madoff matter (the "Shapiro Motion"). Having already violated Local Bankruptcy Rule 7007-1 by filing the Shapiro Motion without first seeking a pre-filing discovery conference, Mr. Shapiro, through his motion, now seeks to contravene Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 27 of the Federal Rules of Civil Procedure (the "Federal Rules"). Specifically, the Shapiro Motion seeks, among other things, to combine the Trustee's scheduled Bankruptcy Rule 2004 examination of Mr. Shapiro with the requested Federal Rule 27 (Bankruptcy Rule 7027) deposition into a single proceeding, to impose time limits on the single deposition, and to obtain pre-litigation and pre-deposition discovery from the Trustee. Although we are in the process of preparing a formal brief in response to the Shapiro Motion, this letter is intended to apprise the Court of some of the relevant background facts and to set forth our preliminary view of the legal issues raised by the Shapiro Motion's attempt to thwart the Trustee's Rule 2004 investigatory efforts under the guise of "perpetuating" Mr. Shapiro's testimony.

<u>Background</u>. Carl Shapiro was one of Madoff's earliest investors. During the course of his 40 year relationship with Madoff, Mr. Shapiro's accounts enjoyed, among other things, unrealistically and consistently purported high rates of return and remarkable purported trading success. Mr. Shapiro and his family received more than $1 billion of fictitious profit—*i.e.*, other investors' money—over the course of their dealings with Madoff, rendering them among the largest beneficiaries of Madoff's Ponzi scheme.

Accordingly, the Trustee has a fiduciary obligation to fully investigate the investments and dealings between Madoff and Mr. Shapiro and his family.

In May 2009, because he was aware of the Trustee's investigation of his involvement with Madoff, Mr. Shapiro, through his counsel, approached the Trustee. His stated objective was to convince the Trustee that Shapiro and his family were "victims" of Madoff's fraud and that they were not, in fact, involved in or knowledgeable about the Ponzi scheme or any other improper activities of Madoff.

Between May and October 2009, there were numerous meetings and discussions between the parties' counsel regarding the extent of Shapiro's involvement with Madoff, the amount of fictitious profits received by Shapiro, and the possible resolution of potential avoidance claims against Mr. Shapiro and his family. It should be noted that the Shapiro family's counsel has indicated that these discussions included all members of Mr. Shapiro's extended family except for his son-in-law Robert Jaffe, who was the Vice President of Cohmad Securities. It is also notable that throughout these discussions, Mr. Shapiro chose not to produce to the Trustee documents that he had produced to both the Securities and Exchange Commission ("SEC") and the Department of Justice as early as Spring 2009, but rather to respond to the Trustee's various requests for information in a more limited fashion.

Although at the time these discussions started, the Trustee had begun to consider the form of suit he might bring against the Shapiro family, contrary to what is stated in the Shapiro Motion there is no draft of a Complaint that is ready to be filed and the Trustee has not finally decided that suit against the Shapiros is imminent or the most effective way to proceed on behalf of the estate.

The discussions between counsel are protected by Rule 408 of the Federal Rules of Evidence so the detail will not be revealed in this letter. Suffice it to say that despite Mr. Shapiro's contentions that he is a victim of Madoff's scheme (as he continues to proclaim both publicly and in his briefing on net equity), the Trustee's independent investigation of the Shapiros has demonstrated inconsistencies between Mr. Shapiro's counsel's account of the family's history with Madoff and the records available to the Trustee. Accordingly, on October 15, 2009, the Trustee informed Stephen Fishbein, Mr. Shapiro's counsel, that further settlement discussions could not continue without the Trustee being able to conduct Bankruptcy Rule 2004 examinations to allow the Trustee to gain additional information about, among other things, these inconsistencies. Specifically, we indicated that the purpose of this discovery included further investigation into: (i) the relationship between Mr. Shapiro and his family, on the one hand, and Madoff on the other; (ii) the Shapiro family's use and subsequent transfer(s) of the more than $1 billion in fictitious profits that was withdrawn from Madoff; and (iii) obtaining a more complete picture of the Shapiro family's net worth to better evaluate the potential for settlement. Mr. Fishbein did not object to this discovery.

In mid-October, after being informed that the Trustee required discovery pursuant to Rule 2004, counsel for the first time indicated that Mr. Shapiro's health was at issue and that any contemplated discovery should proceed expeditiously.

On October 22, 2009, by letter to Mr. Fishbein, we requested the production of certain categories of documents and indicated that a formal subpoena would follow. On October 24, counsel agreed to accept service of a formal subpoena and suggested that the deposition of Mr. Shapiro be taken in the first week of November. This scheduling was unacceptable to the Trustee as it did not permit time to receive and review the requested documents. On October 29, 2009, the Trustee delivered a formal Bankruptcy Rule 2004 document subpoena to counsel. The prior day, in partial compliance with the October 22 letter, Mr. Fishbein delivered to the Trustee a set of documents that had previously been produced to the SEC in connection with its investigation of Mr. Shapiro. A set of tax returns and other documents was produced on November 17. To date, and despite Mr. Shapiro's suggestion that the Trustee has somehow been responsible for delaying his deposition, the Trustee has not yet received a complete production in response to his requests for documents.

In his October 28, 2009 letter to the Trustee transmitting the SEC production, Mr. Shapiro's counsel suggested potential deposition dates of the weeks of November 30 or December 7. No mention was made of any desire or intention to have Mr. Shapiro testify in any proceeding other that a Bankruptcy Rule 2004 examination. During these discussions regarding Mr. Shapiro's Rule 2004 deposition, counsel requested that the Trustee provide him with the documents we intend to use during the examination of Mr. Shapiro. Counsel explained that he sought these documents so he could review the documents and then go over the documents with Mr. Shapiro in preparation for Mr. Shapiro's Bankruptcy Rule 2004 examination.

The first mention of "perpetuating" Mr. Shapiro's testimony under Federal Rule 27 was made in early November when counsel was advised that Bankruptcy Rule 2004 did not permit him to examine Mr. Shapiro and that he would, therefore, be unable to control the manner in which Mr. Shapiro's "story" was told at the deposition. This was also after the Trustee informed Mr. Shapiro's counsel that we would not be providing documents before the Bankruptcy Rule 2004 deposition, which continues to remain a subject of contention. Indeed, during a teleconference on November 10, 2009, Mr. Fishbein indicated that providing him with the documents we intend to show to Mr. Shapiro during the Rule 2004 examination was very important to the Shapiro family and would dictate the Shapiro family's cooperation with the Trustee's Rule 2004 subpoena. During this discussion, Mr. Shapiro's counsel still was seeking only documents that the Trustee intended to use during the Rule 2004 examination.

In discussions both before and on November 10, the Trustee indicated that, assuming Shapiro complied with the outstanding subpoenas, we would conduct our Bankruptcy Rule 2004 examination during the week of December 14, 2009. On November 18, 2009, the Trustee formally noticed Mr. Shapiro's Bankruptcy Rule 2004 examination for December 14, which was deemed to be the earliest practical date for the deposition considering counsels' schedules and the timing of Mr. Shapiro's document production, which to date remains incomplete. The Shapiro Motion was filed in the evening of November 18.

The Shapiro Motion. Among other things, the Shapiro Motion seeks to combine the Bankruptcy Rule 2004 examination and the requested Federal Rule 27 deposition into

a single proceeding, and to further impose time limits on the process due to Mr. Shapiro's alleged health issues. Significantly, the Shapiro Motion also seeks to obtain document discovery from the Trustee prior to allowing the Trustee to take its Rule 2004 examination of Mr. Shapiro. Although the Trustee has no objection to the proper perpetuation of Mr. Shapiro's testimony, the Trustee does object to a Federal Rule 27 deposition being combined with the Bankruptcy Rule 2004 examination, and also objects to the notion that Shapiro is entitled to pre-deposition discovery in order to permit him to prepare for this testimony. As set forth below and will be set forth in detail in the Trustee's response to the Shapiro Motion, Mr. Shapiro's novel request is wholly unsupported.

The Rule 2004 Examination and Requested Rule 27 Deposition Are Separate Proceedings That Cannot Be Combined. There can be no legitimate dispute that the Trustee is entitled to proceed under Bankruptcy Rule 2004 to obtain documents and testimony from Mr. Shapiro (and his related family and entities). The applicable rules and procedures for the taking of testimony under Rule 2004 are similarly not in dispute. Under those rules, the scope of the inquiry is extremely broad and Mr. Shapiro's counsel is not permitted to question the witness. One of the clearly permissible areas of inquiry is the transfer by the Shapiros of the more than $1 billion in fictitious profits received from Madoff and the Shapiros' net worth information.[1]

In contrast, a Federal Rule 27 deposition is extremely limited in scope. Although the procedure for questioning the witness is the same as in a typical deposition, the sole and limited purpose of a Rule 27 deposition is *to preserve known testimony*. It is neither an investigatory nor a discovery deposition. Given the fundamental differences in scope, purpose and procedure pursuant to Bankruptcy Rule 2004 and Rule 27 depositions, it is impossible to combine them into a single proceeding. The Trustee therefore contends that the two depositions should proceed separately,with the Rule 27 deposition starting only after the Rule 2004 deposition has been completed.

Rule 27 Cannot Be Used To Obtain Discovery From The Trustee. The Shapiro Motion improperly seeks to obtain discovery from the Trustee for the purpose of preparing Mr. Shapiro for the depositions. Without question, a party is not entitled to discovery in advance of a Bankruptcy Rule 2004 deposition. Indeed, permitting Shapiro *any discovery* prior to the Rule 2004 deposition could subvert the investigatory process. Mr. Shapiro contends, however, that this requested discovery is appropriate prior to the Rule 27 deposition and the commencement of litigation in order to avoid "trial by ambush." This is contrary to well-established law and, indeed, Shapiro cites to no precedent for his novel position. (The purported "trial by ambush" cases cited in the Shapiro Motion have nothing to do with Rule 27, but instead relate only to the general proposition that parties have access to discovery in civil proceedings.)

---

[1] Despite the very broad nature of permissible Bankruptcy Rule 2004 examinations, the Shapiros have indicated their objection to the production of net worth information. If not resolved, the Trustee will seek leave, in accordance with Local Bankruptcy Rule 7007-1, to file a motion to compel production of the improperly withheld documents.

Rule 27 cannot be used to conduct pre-suit discovery from the Trustee. This is black-letter law. *In re Yamaha Motor Corp.*, 251 F.R.D. 97, 100 (N.D.N.Y. 2009) ("Rule 27 is not a substitute for discovery[.]"); *In re Allegretti*, 229 F.R.D. 93, 98 (S.D.N.Y. 2005) ("Regardless of whether petitioners seek to perpetuate testimony in deposition or document-form, the general principle remains the same: Rule 27 may not be used as a vehicle for discovery in contemplation of an action."); *In re Landry-Bell*, 232 F.R.D. 266, 267 n3 (W.D. La. 2005) ("Rule 27 simply authorizes the perpetuation of evidence, not the discovery or uncovering of it."); *In re Ford*, 170 F.R.D. 504, 507 (M.D. Ala. 1997) ("Here, Ford seeks to discover or uncover testimony, not to perpetuate it. ... Ford simply wants to know who shot Roberts and why. Rule 27 simply does not provide for such discovery."); *Barnett v. Sims*, 2009 U.S. Dist. LEXIS 106493, *2-3 (D. Ark. 2009) ("Rule 27(a)(1) may not be used as a license for conducting general discovery prior to the institution of a civil action."); *In re Vratoric*, 2009 U.S. Dist. LEXIS 98703 (W.D. Pa. Oct. 23, 2009) (quoting *In re Ferkauf*, 3 F.R.D. 89, 90 (S.D.N.Y. 1943)) ("Rule 26, and not Rule 27, provides the method for discovering facts and that rule may be availed only after action has been commenced.").

Moreover, Rule 27 is intended only to preserve *known* evidence. *In re Chester County Elec., Inc.*, 208 F.R.D. 545, 549 (E.D. Pa. 2002) ("Unlike the other discovery rules, helping parties find unknown information, Rule 27(a) allows only for the preservation of known data."). In this instance, far from preserving known evidence, Mr. Shapiro is requesting a broad set of documents that contain evidence that is or may be unknown to him so that he can "respond" to it during the course of perpetuating his testimony. In this regard, the genesis of this request is telling. As discussed above, until shortly before the Shapiro Motion was filed, Mr. Shapiro sought only the documents that the Trustee was considering using at the 2004 examination – presumably, given the problems in what his counsel had told the Trustee, Mr. Shapiro wanted to arm himself with the Trustee's work product and theories. Thus, he seeks not to perpetuate known testimony, but rather to educate himself in order to create testimony that he believes will be effective to rebut potential claims that may later be asserted against him. Federal Rule 27 does not permit him to do this. *Nevada v. O'Leary*, 63 F.3d 932, 935-36 (9th Cir. 1995) (Rule 27 is not appropriate where "the petitioner seeks discovery of unknown information that the petitioner hopes will assist it in the future when the petitioner applies for judicial relief"); *Deiulemar Compagnia di Navigazione S.P.A. v. M/V Allegra*, 198 F.3d 473, 486 (4th Cir. Md. 1999) ("A petitioner must know the substance of the evidence it seeks before it can invoke Rule 27 perpetuation."); *In re Allegretti*, 229 F.R.D. 93, 98 (S.D.N.Y. 2005) (denying petition because "plaintiffs have failed to demonstrate that the information that lies within the sought-after documents is known to the petitioners."); *In re Yamaha Motor Corp.*, 251 F.R.D. 97, 100 (N.D.N.Y. 2009) ("The Petitioner must know the substance of the testimony to be preserved before it can call for a Rule 27 deposition."); *In re Ramirez*, 241 F.R.D. 595, 596 (W.D. Tex. 2006) ("It is well-established in case law that perpetuation means the perpetuation of known testimony. In other words, Rule 27 may not be used as a vehicle for discovery prior to filing a complaint."); *In re Vioxx Prods. Liab. Litig.*, 2009 U.S. Dist. LEXIS 36744 (E.D. La. May 5, 2009) ("Rule 27 provides relief to those petitioners who seek to perpetuate discovery; perpetuation in this context means the perpetuation of known testimony.")

There Should Be No Time Limits Placed Upon The Trustee's Bankruptcy Rule 2004 Examination. The Bankruptcy Rules do not limit the time for a Bankruptcy Rule 2004 examination. Given that there was a relationship for 40 or more years, it is impossible to determine how much information Mr. Shapiro may provide during his examination. Mr. Shapiro's counsel has been unable to gauge how his alleged infirmities may limit his ability to testify. Accordingly, the Trustee objects to the imposition of any restriction on the time for this investigation in advance. Of course, as we have repeatedly told Mr. Shapiro's counsel, the Trustee will be mindful of Mr. Shapiro's health and age and we will permit such breaks or limitations on the consecutive hours of deposition as may be reasonably required to accommodate Mr. Shapiro.

The Rules Already Limit The Federal Rule 27 Deposition To 7 Hours Per Side. Similarly, there is no reason for the Court to limit the time for the Federal Rule 27 deposition. The Federal Rules already limit the deposition to 7 hours per side.

There Is No Basis To Expedite the Hearing on the Shapiro Motion. Having already breached Local Bankruptcy Rule 7007-1, the Shapiro Motion runs afoul of Federal Rule 27 by requesting a hearing on shortened notice. Rule 27 clearly provides that "[a]t least 20 days before the hearing date, the petitioner must served each expected adverse party with a copy of the petition and a notice stating the time and place of the hearing." Fed. R. Civ. P. 27(a)(2). Notwithstanding this requirement, and in order to impede the Trustee's ability to fully respond to the many issues the Shapiro Motion raises, only some of which are highlighted above, Mr. Shapiro requests that the hearing be expedited and occur as early as November 30, a mere seven business days after the filing of the Shapiro Motion.

The Trustee respectfully submits that there is no basis to expedite the hearing (especially given the Thanksgiving holiday) and that accordingly, a hearing on the Shapiro Motion should occur no earlier than December 9 as Rule 27 expressly contemplates. *See In re Petition of Jacobs*, 110 F.R.D. 422, 424 (N.D. Ind. 1986) (denying request from petitioner suffering from myeloblastic leukemia to reduce 20-day notice period after concluding "Rule 27 does not vest the court with the authority to reduce the twenty-day's notice requirement"). Inasmuch as the issues surrounding the deposition testimony of Mr. Shapiro have been occurring for more than a month, had Mr. Shapiro wanted an earlier hearing date, his counsel should have filed the Shapiro Motion in a more timely fashion. This should be seen for what it is – an attempt to frustrate the Trustee's proper attempt to conduct a Bankruptcy Rule 2004 examination by delaying that examination, imposing limits on that examination, and providing the Shapiro family with the documents the Trustee intends to use at that deposition well in advance thereof. This attempt should be denied.[2]

---

2 As to the last issue raised in Mr. Shapiro's motion, the parties have agreed that the Trustee will submit a protective order to the Court to address the concern raised by Mr. Shapiro's counsel regarding the remedies for any breach of confidentiality relating to the exchange of documents.

As stated above, we expect to submit a more detailed briefing of the issues presented by the Shapiro Motion in accordance with a Court-ordered briefing schedule.

Sincerely,

Marc Hirschfield

cc: Stephen Fischbein, Esq. (via email)