UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant.<br><br>In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | Adv. Pro. No. 08-1789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |

### APPLICATION OF EUGENE F. COLLINS AS SPECIAL COUNSEL FOR THE TRUSTEE FOR ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM MAY 1, 2009 THROUGH SEPTEMBER 30, 2009

Barry O'Neill, together with other members and associates at the law firm of Eugene F. Collins ("EFC"), special counsel for Irving H. Picard (the "Trustee"), Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") and Bernard L. Madoff under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa et seq. ("SIPA"), submits this Application for Interim Allowance of Fees and Reimbursement of Expenses (the "Application") for compensation of legal fees in the amount of $21,445.82[1] (of which 20% is to be deferred through the conclusion of the liquidation period) plus an additional $16,374.35 in respect of amounts that are owed to EFC for services rendered during the Prior Compensation Period (as defined below), as further described in ¶ 16 *infra*, and reimbursement of expenses in the amount

1

$198.63 for the period from May 1, 2009 through September 30, 2009 (the "Compensation Period"). In support of the Application, EFC respectfully submits as follows:

## I. BACKGROUND

1. On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order (the "Decree Order") calling for the liquidation of the business of the Debtor in accordance with SIPA and by Paragraph II of the Decree Order, the Trustee was appointed as the trustee for the liquidation of the Debtor's business.

2. The Debtor's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, to the extent consistent with the provisions of SIPA, is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") pursuant to SIPA § 78fff(b).

3. Beginning on February 9, 2009, EFC has served as special counsel for the Trustee.

4. On February 23, 2009, this Court entered an order approving the Trustee's motion for authority to retain EFC as special counsel to the Trustee in matters pertaining to Ireland.

5. The Trustee's motion to retain EFC established a fee arrangement pursuant to which EFC agreed to a fee reduction in the amount of 10% as well as an additional holdback of fees in the amount of 20%.

## II. SERVICES RENDERED BY EFC

6. The legal services performed on behalf of the Trustee during the time period covered by this Application are as follows:

7. EFC retained a watching brief on *Thema International Fund plc. v. HSBC Securities Services (Ireland) Limited and HSBC Institutional Trust Services (Ireland) Limited* and *AA (Alternative Advantage) plc. v. HSBC Securities Services (Ireland) Limited and HSBC*

---

[1] All invoices were received in Euros, and were converted into USD at the November 12, 2009 midday exchange rate of $1.4863.

2

*Institutional Trust Services (Ireland) Limited* in the Commercial Division of the High Court and were in communication with the solicitors for HSBC to monitor progression of the applications for the release of monies by Thema and AA.

8. With regard to *Fortis Prime Fund Solutions Custodial Services (Ireland) Limited v. HSBC Securities Services (Ireland) Limited and Defender Limited* and *Consulnor Gestion SGIIC SA v. Optimal Multiadvisors Ireland plc*, EFC advised the Trustee on the claim by the funds. EFC monitored the progress of the proceedings and advised Baker & Hostetler LLP ("B&H"), Trustee's counsel, accordingly.

9. With regard to *Fortis Prime Fund Solutions Bank (Ireland) Limited v. Harley International Fund plc*, EFC advised B&H regarding the freezing of monies by the Irish National Police (An Garda Síochána) in an account administered by Fortis. EFC contacted the Police Authorities and made representations for the immediate release of the funds to the Trustee. At the request of the Police Authorities, EFC set out the Trustees claim to the monies and liaised closely with B&H and Lovells in relation to the subsequent release of a claim on the monies. EFC advised on jurisdictional issues arising from any potential direct claim to recover the monies released in the Irish courts. EFC furnished additional advice regarding an application by Fortis for the Harley Fund and the Trustee to interplead competing claims. EFC retained a Junior Barrister and attended the Commercial Division of the High Court when the interpleader proceedings were listed to confirm that the Trustee was not engaging in the proceedings before the court but was continuing to assert a claim to the Harley Fund monies under US law.

### III. COMPENSATION REQUESTED

10. The Application demonstrates how EFC has both added value to the Debtor's estate and has advanced the Debtor's SIPC liquidation proceeding.

11. EFC has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the

3

highest degree of skill and professionalism.

12. From May 1, 2009 through September 30, 2009, EFC provided a total of 55.3 hours of legal services to the Trustee in this case. Prior to the 10% discount, the total amount of fees incurred in this time period was $23,828.69 and the total blended hourly rate for professional services was $430.90. After the 10% discount, the total amount of fees incurred is $21,445.82 and the total blended hourly rate is $387.81. EFC has agreed to a further holdback of 20% of its fees in the amount of $4,289.16 resulting in the present request for compensation in the amount of $17,156.66.

13. A breakdown of the total number of hours performed by each EFC timekeeper is provided on **Exhibit A** annexed hereto.

14. EFC seeks reimbursement for out-of-pocket expenses incurred in connection with its representation of the Trustee during the Compensation Period of $198.63. An itemized list of these expenses is detailed on **Exhibit B** attached hereto.

15. Charges for postage, telephone, photocopying, fax, taxi, courier and other out-of-pocket disbursements are based on the actual amounts paid by EFC for those services.

## IV. COMPENSATION OWED FROM PRIOR COMPENSATION PERIOD

16. EFC's fees for the period February 9, 2009 through April 30, 2009 ("Prior Compensation Period") were correctly detailed in its application to this Court, dated July 17, 2009 (the "Prior Application") [Docket No. 329] and in SIPC's recommendation in support of Foreign Counsels' fees, dated August 3, 2009 [Docket No. 355]. However, B&H incorrectly extrapolated the amount of fees requested for EFC. As a result, Exhibit A to the Order Approving Applications for Allowance of Interim Compensation for Services Rendered and Reimbursement of Expenses, dated August 6, 2009 (the "Order") [Docket No. 363] mistakenly listed only eighty percent (80%) of EFC's discounted fees as "Interim Compensation Requested" instead of one hundred percent (100%) of the discounted fees that had been incurred during the Prior Compensation Period. Pursuant to an agreement with SIPC, a twenty percent (20%) holdback in

4

fees until the end of the liquidation is required. EFC was thus awarded only sixty-four percent (64%) of its actual discounted fees, or $65,497.41, as opposed to the eighty percent (80%), or $81,871.76, it was entitled to receive. The Application seeks to correct this error; thus an additional $16,374.35 should be granted to EFC in respect of compensation for services rendered during the Prior Compensation Period.

## V. GENERAL MATTERS

17. All of the professional services for which compensation is requested herein were performed by EFC for and on behalf of the Trustee and not on behalf of any other person or entity.

18. No agreement or understanding exists between EFC and any other person for sharing compensation received in connection with this case nor has any other person or entity agreed to provide EFC with compensation for the legal services described herein.

19. This Court is authorized by SIPA to award to the attorneys for a SIPA Trustee "reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred." SIPA § 78eee(b)(5)(A). SIPA also permits interim allowances to the attorneys for a SIPA Trustee. Id.

20. Pursuant to § 78eee(b)(5)(E) of SIPA, allowances granted by this Court are to be charged against the general estate as a cost of administration. If the general estate is insufficient to pay such allowances in whole, or in part, SIPC shall advance any necessary funds for such payment. SIPA § 78eee(b)(5)(E). Section 78eee(b)(5)(C) of SIPA provides that SIPC shall file a recommendation with regard to the allowance of fees and reimbursement of expenses requested by this Application, and that this Court shall place considerable reliance on the recommendation of SIPC. SIPA § 78eee(b)(5)(C). EFC expects that SIPC's recommendation shall be filed with this Court separately.

**WHEREFORE**, EFC respectfully requests that this Court enter an Order:

5

  a.  Granting this Application;

  b.  Allowing payment to EFC for interim compensation of legal fees, after (a) a reduction of 10% (in the amount of $2,144.58) and (b) a holdback of 20% (in the amount of $4,289.16) pending final approval of EFC's fees in this case, in the aggregate amount of $17,156.66 for professional services rendered to the Trustee from May 1, 2009 through September 30, 2009;

  c.  Allowing payments to EFC in the amount of $16,374.35 in respect of compensation for services rendered during the Prior Compensation Period;

  d.  Allowing payment to EFC in the amount of $198.63 for reimbursement of expenses incurred by EFC from May 1, 2009 through September 30, 2009; and

  e.  Granting EFC such other and further relief as this Court deems just and proper.

Dated: November 23, 2009

Respectfully submitted,
Eugene F. Collins, Solicitors

By: ___s/Barry O'Neill_____

Mr. Barry O'Neill
EUGENE F. COLLINS
Temple Chambers
3 Burlington Road
Dublin 4
Ireland
+353 (1) 202 6400

# EXHIBIT A

## SUMMARY OF SECOND INTERIM FEE APPLICATION OF EFC FOR SERVICES RENDERED FOR THE PERIOD MAY 1, 2009 THROUGH SEPTEMBER 30, 2009

|  | **YEAR ADMITTED** | **HOURLY RATE** | **TOTAL HOURS BILLED** | **TOTAL COMPENSATION** |
|---|---|---|---|---|
| Barry O'Neill | 1972 | 743.15 | 5.4 | $4,013.04 |
| Donal Dunne | 1994 | 520.21 | 20.3 | $10,560.06 |
| Robin McDonnell | 2003 | 520.21 | 12.3 | $6,398.46 |
| Christine Martin | Trainee | 165.14 | 14.5 | $2,394.59 |
| Billy Lee | Trainee | 165.14 | 1.5 | $247.72 |
| Sheila Booth | Trainee | 165.14 | 0.8 | $132.12 |
| Orla Morgan | Trainee | 165.14 | 0.5 | $82.57 |
| Total: |  |  | 55.3 | $23,828.69 |
| Total minus 10% Discount |  | $387.81 |  | $21,445.82 |
| **Total Net of 20% Holdback:** |  |  |  | **$17,156.66** |

## EXHIBIT B

### EXPENSE SUMMARY OF EFC
### FOR THE SECOND INTERIM PERIOD
### OF MAY 1, 2009 THROUGH SEPTEMBER 30, 2009

| **EXPENSES** | **AMOUNTS** |
|---|---:|
| Postage, telephone, photocopying, fax, taxi, courier | $193.63 |
| **Total Expenses Requested:** | **$193.63** |