UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-1789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |

**APPLICATION OF LOVELLS LLP AS SPECIAL COUNSEL TO THE TRUSTEE FOR ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM MAY 1, 2009 THROUGH SEPTEMBER 30, 2009**

Christopher Grierson, together with other members and associates at the international law firm of Lovells LLP (collectively, "Lovells"), special counsel for Irving H. Picard (the "Trustee"), Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") and Bernard L. Madoff under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa et seq. ("SIPA"), submits this Application for Interim Allowance of Fees and Reimbursement of Expenses (the "Application") for compensation of legal fees in the amount of $580,942.62 (of which 20% is to be deferred through the conclusion of the liquidation period) plus an additional $149,908.13 in respect of amounts that are owed to Lovells for services rendered during the Prior Compensation Period (as defined below), as further described in ¶ 29 *infra*,

1

and reimbursement of expenses in the amount of $16,613.42 for the period from May 1, 2009 through September 30, 2009 (the "Compensation Period").

In support of the Application, Lovells respectfully submits as follows:

## I. BACKGROUND

1. On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order (the "Decree Order") calling for the liquidation of the business of the Debtor in accordance with SIPA and by Paragraph II of the Decree Order, the Trustee was appointed as the trustee for the liquidation of the Debtor's business.

2. The Debtor's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, to the extent consistent with the provisions of SIPA, is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") pursuant to SIPA § 78fff(b).

3. Beginning on January 15, 2009, Lovells has served as special counsel for the Trustee.

4. On February 18, 2009, this Court entered an order approving the Trustee's motion for authority to retain Lovells as special counsel to the Trustee in relation to foreign proceedings, including in England and Wales and other European jurisdictions.

5. The Trustee's motion to retain Lovells established a fee arrangement pursuant to which Lovells agreed to a fee reduction in the amount of 10% as well as an additional holdback of fees in the amount of 20%.

## II. SERVICES RENDERED BY LOVELLS

6. The legal services performed on behalf of the Trustee during the time period covered by this Application are as follows:

2

*Litigation Strategy*

7. Lovells provided extensive advice on the appropriate strategy for the Trustee in relation to a wide range of claims and potential claims against various respondents in a number of different jurisdictions. This has involved feeder funds, depository/custodian banks, redemption and subscription monies located outside the United States and advice regarding, inter alia, the substantive claims, remedies and relief which may be available to the Trustee under English law, the law of other common law jurisdictions, and in a number of European jurisdictions including Spain and the Netherlands.

8. Lovells also provided advice regarding the enforcement of U.S. judgments in England and other common law jurisdictions.

*Coordination with the JPLs*

9. During the Compensation Period Lovells continued to work closely with the Joint Provisional Liquidators ("JPLs") of Madoff Securities International Limited ("MSIL") (Grant Thornton LLP and Dundas & Wilson LLP) in connection with, inter alia, the establishment and subsequent operation of protocols for the sharing of information, and more general cooperation, between the estate of the Debtor and the estate of MSIL. This included further advice regarding the impact of the UK Data Protection Act 1998, as well as advice in connection with witness interviews being conducted by the JPLs pursuant to their statutory powers under the UK Insolvency Act 1986.

*English Proceedings*

10. Lovells provided extensive advice and assistance regarding the options available to the Trustee in relation to various threatened and pending proceedings before the High Court in England. Amongst other things, this entailed detailed advice regarding cross-border recognition and assistance provisions and conflict of laws issues.

3

*Evidence Gathering*

11.     Lovells continued to provide advice regarding the Trustee's powers to gather evidence and conduct interviews in England pursuant, inter alia, to the Cross-Border Insolvency Regulations 2006 as well as in other common law jurisdictions.  This included detailed advice regarding the approach of the English Court to disclosure applications and the scope of the disclosure likely to be ordered in any given case.  Lovells also undertook significant work in connection with a number of proposed disclosure applications.  It is anticipated that the Trustee will shortly be in a position to proceed with those applications.

*Investigations*

12.     Lovells provided advice and assistance in connection with investigations being conducted by the Trustee and his representatives outside the United States, including in connection with the dealings between the Debtor and MSIL.  This entailed close liaison with FTI Consulting, Inc. (and its associates and affiliates) and the JPLs' representatives (Grant Thornton UK LLP and Dundas & Wilson LLP).

13.     Lovells also conducted various investigations in Continental Europe in relation to assets suspected to have been purchased with monies derived from the Debtor's "investment advisory" business (including, by way of example, assets previously held in the Madoffs' names in France).

*Overseas Counsel*

14.     Lovells assisted the Trustee in a number of different jurisdictions, including the British Virgin Islands, to identify and retain local counsel.  In many of these jurisdictions, where the legal system is closely modeled on English law, Lovells then worked closely with the overseas lawyers retained by the Trustee in order to ensure the highest quality of advice, and consistency of approach, for the Trustee.

*Bermuda*

15.     Lovells worked closely with Williams Barristers & Attorneys in relation to proceedings pending in Bermuda involving Kingate Euro Fund, Ltd and Kingate Global Fund, Ltd (the "Kingate Funds"). This included advice regarding the Trustee's potential claim to monies held by the Bank of Bermuda Limited and on the implications, for the Trustee, of developments in relation to the Kingate Funds.

*Cayman Islands*

16.     Lovells provided extensive advice in connection with a number of different "feeder funds" incorporated in the Cayman Islands (in conjunction with Higgs Johnson Truman Bodden & Co). This included advice regarding Cayman Islands legislation providing for cross-border cooperation in insolvency proceedings as well as, more generally, the scope for the Trustee to secure and recover "customer property" in the possession of Cayman-incorporated funds.

*British Virgin Islands*

17.     Lovells assisted in the engagement of local counsel in the British Virgin Islands, SC Andrew LLP, and assisted in the provision of advice to the Trustee regarding a number of issues of BVI law, including as regards BVI legislation providing for cross-border cooperation in insolvency proceedings.

*Ireland*

18.     During the Compensation Period Lovells continued to work closely with Eugene F. Collins in relation to various legal proceedings pending before the Irish Court, including in relation to a number of feeder funds and custodian/depository banks located in Ireland.

*The Netherlands*

19.     Lovells provided advice regarding a number of issues of Dutch law arising in

connection with Dutch custodian/depositary banks and/or suspected "customer property" located in the Netherlands.

### *Law Enforcement Agencies*

20. Lovells provided advice and assistance in connection with liaison between the Trustee and law enforcement agencies in the UK (including the Serious Fraud Office) and other common law jurisdictions.

21. Finally, throughout the Compensation Period, Lovells participated in extensive conference calls and discussions with representatives of the Trustee, including Baker & Hostetler LLP and FTI Consulting, Inc. (and its associates and affiliates).

### III. **COMPENSATION REQUESTED**

22. The Application demonstrates how Lovells has both added value to the Debtor's estate and has advanced the Debtor's SIPC liquidation proceeding.

23. Lovells has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism. To that end, Lovells has endeavored to eliminate duplication of effort by giving responsibility for the day-to-day conduct of the case to two attorneys, Mr. Kochberg (Partner) and Mr. Roberts (Sr. Associate), and one trainee, involving others only when necessary.

24. From May 1, 2009 through September 30, 2009, Lovells provided a total of 906.76 hours of legal services to the Trustee in this case. Prior to the 10% discount, the total amount of fees incurred in this time period was $645,491.80 and the total blended hourly rate for professional services was $711.87. After the 10% discount, the total amount of fees incurred is $580,942.62 and the total blended hourly rate is $640.68. Lovells has agreed to a further holdback of 20% of its fees in the amount of $116,188.52 resulting in the present request for compensation in the amount of $464,754.10.

6

25. A breakdown of the total number of hours performed by each Lovells timekeeper is provided on **Exhibit A** annexed hereto.

26. Lovells seeks reimbursement of out-of-pocket expenses incurred in connection with its representation of the Trustee during the Compensation Period in the amount of $16,613.42. An itemized list of these expenses is detailed on **Exhibit B** attached hereto.

27. The principal out-of-pocket expenses incurred by Lovells were the professional fees of Mr Robin Dicker QC, a leading insolvency barrister retained to represent the Trustee at the recognition application on February 27, 2009, and who has since provided specialist advice and expertise in relation to other issues with which Lovells has been dealing. It is standard practice in England to engage the services of a specialist barrister in this way.

28. Lovells typically charges its clients $0.33 per page for photocopying and printing. In this case, as not all copying and printing has been charged, the effective rate is approximately $0.28 per page. Lovells does not charge for incoming faxes. Lovells also has not charged for telephone calls, except where external conference call facilities have been used. Charges for such conference calls are based on the actual amounts paid by Lovells for those services. Similarly, where amounts have been charged in respect of couriers or search fees, those amounts reflect the actual charges incurred by Lovells.

### IV. COMPENSATION OWED FROM PRIOR COMPENSATION PERIOD

29. Lovells' fees for the period January 15, 2009 through April 30, 2009 ("Prior Compensation Period") were correctly detailed in its application to this Court, dated July 17, 2009 (the "Prior Application") [Docket No. 330] and in SIPC's recommendation in support of Foreign Counsels' fees, dated August 3, 2009 [Docket No. 355]. However, Baker & Hostetler, LLP, counsel for the Trustee, incorrectly extrapolated the amount of fees requested for Lovells. As a result, Exhibit A to the Order Approving Applications for Allowance of Interim Compensation for Services Rendered and Reimbursement of Expenses, dated August 6, 2009

7

(the "Order") [Docket No. 363] mistakenly listed only eighty percent (80%) of Lovells' discounted fees as "Interim Compensation Requested" instead of one hundred percent (100%) of the discounted fees that had been incurred during the Prior Compensation Period.  Pursuant to an agreement with SIPC, a twenty percent (20%) holdback in fees pending final approval of Lovells' fees in this case.  Lovells was thus awarded only sixty-four percent (64%) of its actual discounted fees, or $599,632.52, as opposed to the eighty percent (80%), or $749,540.65, it was entitled to receive.  The Application seeks to correct this error; thus an additional $149,908.13 should be granted to Lovells in respect of compensation for services rendered during the Prior Compensation Period.

## V. GENERAL MATTERS

30. All of the professional services for which compensation is requested herein were performed by Lovells for and on behalf of the Trustee and not on behalf of any other person or entity.

31. No agreement or understanding exists between Lovells and any other person for sharing compensation received in connection with this case nor has any other person or entity agreed to provide Lovells with compensation for the legal services described herein.

32. This Court is authorized by SIPA to award to the attorneys for a SIPA Trustee "reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred." SIPA § 78eee(b)(5)(A). SIPA also permits interim allowances to the attorneys for a SIPA Trustee. Id.

33. Pursuant to § 78eee(b)(5)(E) of SIPA, allowances granted by this Court are to be charged against the general estate as a cost of administration. If the general estate is insufficient to pay such allowances in whole, or in part, SIPC shall advance any necessary funds for such payment. SIPA § 78eee(b)(5)(E). Section 78eee(b)(5)(C) of SIPA provides that SIPC shall file a recommendation with regard to the allowance of fees and reimbursement of expenses

requested by this Application, and that this Court shall place considerable reliance on the recommendation of SIPC. SIPA § 78eee(b)(5)(C). Lovells expects that SIPC's recommendation shall be filed with this Court separately.

**WHEREFORE**, Lovells respectfully requests that this Court enter an Order:

a.  Granting this Application;

b.  Allowing payment to Lovells for interim compensation of legal fees, after (a) a reduction of 10% (in the amount of $64,549.18) and (b) a holdback of 20% (in the amount of $116,188.52) pending final approval of Lovells' fees in this case, in the aggregate amount of $464,754.10 for professional services rendered to the Trustee from May 1, 2009 through September 30, 2009;

c.  Allowing payments to Lovells in the amount of $149,908.13 in respect of compensation for services rendered during the Prior Compensation Period;

d.  Allowing payment to Lovells in the amount of $16,613.42 for reimbursement of expenses incurred by Lovells from May 1, 2009 through September 30, 2009; and

e.  Granting Lovells such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: November 23, 2009                LOVELLS LLP

By:  _____*s/Christopher Grierson*_____

Christopher Grierson
Atlantic House
Holborn Viaduct
London EC1A 2FG
Telephone: +44 (0) 20 7296 2000
Fax: +44 (0) 20 7296 2001

9

## EXHIBIT A

### SUMMARY OF SECOND INTERIM FEE APPLICATION
### OF LOVELLS FOR SERVICES RENDERED
### FOR THE PERIOD MAY 1, 2009 THROUGH SEPTEMBER 30, 2009

|  | **YEAR ADMITTED** | **HOURLY RATE** | **TOTAL HOURS BILLED** | **TOTAL COMPENSATION** |
|---|---|---|---|---|
| Grierson C. | 1976 | 885.00 | 13.2 | $11,682.00 |
| Archer Q. | 1981 | 885.00 | 1.2 | $1,062.00 |
| Kochberg C. | 1992 | 885.00 | 260.6 | $230,631.00 |
| Richardson K. | N/A | 335.00 | 118.5 | $39,697.5.00 |
| Roberts M. | 2002 | 755.00 | 444.46 | $335,567.3 |
| Arroyo, A. | 2004 | 235.00 | 8.1 | $1,903.50 |
| Ditchburn, M. | 2001 | 810.00 | 7.1 | $5,751.00 |
| Gomez, E. | 1998 | 560.00 | 2.0 | $1,120.00 |
| Humphrey, O. | N/A | 290.00 | 3.8 | $1,102.00 |
| Keen, S. | 2006 | 550.00 | 5.3 | $2,915.00 |
| Smith, A. | 2009 | 435.00 | 2.1 | $913.50 |
| Papaphilippopoulos, A. | 2009 | 335.00 | 2.2 | $737.00 |
| Breken, K. | 1988 | 685.00 | 1.2 | $822.00 |
| Hunting, M. | N/A | 290.00 | 33.7 | $9,773.00 |
| Tager, S. | 2007 | 550.00 | 3.3 | $1,815.00 |
| Total: |  |  | 906.76 | $645,491.80 |
| Total minus 10% Discount |  | $640.68 |  | $580,942.62 |
| **Total Net of 20% Holdback:** |  |  |  | **$464,754.10** |

10

# EXHIBIT B

## EXPENSE SUMMARY OF LOVELLS
## FOR THE SECOND INTERIM PERIOD
## OF MAY 1, 2009 THROUGH SEPTEMBER 30, 2009

| EXPENSES | AMOUNTS |
| --- | --- |
| Communication Expenses | $76.53 |
| Stationary | 3973.28 |
| Courier | 93.10 |
| Counsel Fees | 11,504.19 |
| Searches | 966.32 |
| **Total Expenses Requested:** | **$16,613.42** |