**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant.<br><br>In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | Adv. Pro. No. 08-1789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |

**APPLICATION OF HIGGS JOHNSON TRUMAN BODDEN & CO. AS
SPECIAL COUNSEL TO THE TRUSTEE FOR ALLOWANCE OF INTERIM
COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT
OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM
<u>MAY 1, 2009 THROUGH SEPTEMBER 30, 2009</u>**

Raymond Davern, together with other members and associates at the law firm of Higgs Johnson Truman Bodden & Co. (collectively, "HJTBCo"), special counsel for Irving H. Picard (the "Trustee"), Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") and Bernard L. Madoff under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa <u>et</u> <u>seq</u>. ("SIPA"), submits this Application for Interim Allowance of Fees and Reimbursement of Expenses (the "Application") for compensation of legal fees in the amount of $37,829.25 (of which 20% is to be deferred through the conclusion of the liquidation period), plus an additional $2,152.08 in respect of amounts that are owed to HJTBCo for services rendered during the Prior Compensation Period (as defined below), as further described in ¶16 *infra*, and

1

reimbursement of expenses in the amount of $1,049.11 for the period from May 1, 2009 through September 30, 2009 (the "Compensation Period"). In support of the Application, HJTBCo respectfully submits as follows:

## I. BACKGROUND

1. On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order (the "Decree Order") calling for the liquidation of the business of the Debtor in accordance with SIPA and by Paragraph II of the Decree Order, the Trustee was appointed as the trustee for the liquidation of the Debtor's business.

2. The Debtor's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, to the extent consistent with the provisions of SIPA, is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") pursuant to SIPA § 78fff(b).

3. Beginning on April 1, 2009, HJTBCo has served as special counsel to the Trustee.

4. On April 21, 2009, this Court entered an order approving the Trustee's motion for authority to retain HJTBCo as special counsel to the Trustee in matters pertaining to the Cayman Islands.

5. The Trustee's motion to retain HJTBCo established a fee arrangement pursuant to which HJTBCo agreed to a fee reduction in the amount of 10%. HJTBCo also agreed to an additional holdback of fees in the amount of 20%.

## II. SERVICES RENDERED BY HJTBCo

6. The legal services performed on behalf of the Trustee during the time period covered by this Application are as follows:

7. During the Compensation Period HJTBCo assisted as Special Counsel on Cayman

2

matters in providing advice sought by the Trustee on various points including service of U.S. process and enforcement of a U.S. judgment in relation to a hedge fund in liquidation in the Cayman Islands which had invested in the Debtor and which had received preferential payments from it in the six year, two year and 90 day periods prior to the Filing Date of December 11, 2008 and liaised throughout with Lovells LLP in London, the Trustee's Special Counsel on matters of English law.

8. HJTBCo further advised in relation to the same fund on the prospects of an action to recover preferential payments under Cayman law and, in particular, part XVI of the Companies Law (2009 Revision). HJTBCo also gave advice as requested by the Trustee on Cayman law and procedure in relation to another Cayman hedge fund which had had similar dealings with the Debtor and which was the subject of interpleader proceedings in London. HJTBCo also gave advice in relation to and arranged for service of proceedings in Cayman on a third Cayman hedge fund and gave advice in relation to a fourth Cayman hedge fund concerning its ability, if any, to withhold information from the Trustee on the ground of claimed criminal liability under the Cayman Confidential Relationships (Preservation) Law (2009 Revision).

9. In all of these ways HJTBCo provided services of value to the Trustee which has allowed him to take strategic decisions in relation to and with the aim of maximizing recovery from a number of Cayman hedge funds to the benefit of those entitled to distributions from the Debtor's estate.

### III. COMPENSATION REQUESTED

10. The Application demonstrates how HJTBCo has both added value to the Debtor's estate and has advanced the Debtor's SIPC liquidation proceeding.

11. HJTBCo has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism. To that end, HJTBCo has staffed this matter leanly

and has endeavored to eliminate duplication of effort by giving primary responsibility of the case to one associate, Raymond Davern and involving a partner, Christopher Narborough only when necessary. Mr. Narborough's involvement was not necessary during the Compensation Period.

12. From May 1, 2009 through September 30, 2009, HJTBCo provided a total of 80.1 hours of legal services to the Trustee in this case. Prior to the 10% discount, the total amount of fees incurred in this time period was $42,032.50 and the total hourly rate for professional services was $525.00. After the 10% discount, the total amount of fees incurred is $37,829.25 and the total hourly rate is $472.50. HJTBCo has agreed to a further holdback of 20% of its fees in the amount of $7,565.85, resulting in the present request for compensation in the amount of $30,263.40.

13. A breakdown of the total number of hours performed by each HJTBCo timekeeper is provided on **Exhibit A** annexed hereto.

14. HJTBCo seeks reimbursement for out-of-pocket expenses incurred in connection with its representation of the Trustee during the Compensation Period in the amount of $1,049.14. An itemized list of these expenses is detailed on **Exhibit B** attached hereto.

15. HJTBCo typically charges its clients $0.50 page printed. HJTBCo does not charge for incoming faxes. Charges for telephone calls are based on the actual amounts paid by HJTBCo for those services.

## IV. COMPENSATION OWED FROM PRIOR COMPENSATION PERIOD

16. HJTBCo's fees for the period April 1, 2009 through April 30, 2009 ("Prior Compensation Period") were correctly detailed in its application to this Court, dated July 17, 2009 (the "Prior Application") [Docket No. 333] and in SIPC's recommendation in support of Foreign Counsels' fees, dated August 3, 2009 [Docket No. 355]. However, Baker & Hostetler LLP, counsel to the Trustee, incorrectly extrapolated the amount of fees requested for HJTBCo. As a result, Exhibit A to the Order Approving Applications for Allowance of Interim

4

Compensation for Services Rendered and Reimbursement of Expenses, dated August 6, 2009 (the "Order") [Docket No. 363] mistakenly listed only eighty percent (80%) of HJTBCo's discounted fees as "Interim Compensation Requested" instead of one hundred percent (100%) of the discounted fees that had been incurred during the Prior Compensation Period. Pursuant to an agreement with SIPC, a twenty percent (20%) holdback in fees until the end of the liquidation is required. HJTBCo was thus awarded only sixty-four percent (64%) of its actual discounted fees, or $8,608.32, as opposed to the eighty percent (80%), or $10,760.40 it was entitled to receive. The Application seeks to correct this error; thus an additional $2,152.08 should granted to HJTBCo in respect of compensation for services rendered during the Prior Compensation Period.

## V. GENERAL MATTERS

17.     All of the professional services for which compensation is requested herein were performed by HJTBCo for and on behalf of the Trustee and not on behalf of any other person or entity.

18.     No agreement or understanding exists between HJTBCo and any other person for sharing compensation received in connection with this case nor has any other person or entity agreed to provide HJTBCo with compensation for the legal services described herein.

19.     This Court is authorized by SIPA to award to the attorneys for a SIPA Trustee "reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred." SIPA § 78eee(b)(5)(A). SIPA also permits interim allowances to the attorneys for a SIPA Trustee. Id.

20.     Pursuant to § 78eee(b)(5)(E) of SIPA, allowances granted by this Court are to be charged against the general estate as a cost of administration. If the general estate is insufficient to pay such allowances in whole, or in part, SIPC shall advance any necessary funds for such payment. SIPA § 78eee(b)(5)(E). Section 78eee(b)(5)(C) of SIPA provides that SIPC shall file a recommendation with regard to the allowance of fees and reimbursement of expenses requested by

5

this Application, and that this Court shall place considerable reliance on the recommendation of SIPC. SIPA § 78eee(b)(5)(C). HJTBCo expects that SIPC's recommendation shall be filed with this Court separately.

**WHEREFORE**, HJTBCo respectfully requests that this Court enter an Order:

a. Granting this Application;

b. Allowing payment to HJTBCo for interim compensation of legal fees, after (a) a reduction of 10% (in the amount of $4,203.25) and (b) a holdback of 20% (in the amount of $7,565.85) pending final approval of HJTBCo' fees in this case, in the aggregate amount of $30,263.40 for professional services rendered to the Trustee from May 1, 2009 through September 30, 2009;

c. Allowing payments to HJTBCo in the amount of $2,152.08 in respect of compensation for services rendered during the Prior Compensation Period.

d. Allowing payment to HJTBCo in the amount of $1,049.14 for reimbursement of expenses incurred by HJTBCo from May 1, 2009 through September 30, 2009; and

d   Granting HJTBCo such other and further relief as this Court deems just and proper.

Dated: November 23, 2009

Respectfully submitted,

HIGGS JOHNSON TRUMAN BODDEN & CO.

By: ___s/Raymond Davern_____

Raymond Davern
P.O. Box 866
Anderson Square Building
Grand Cayman
KY1-1103
Cayman Islands
Telephone: +1(345) 949-7555
Fax: +1(345) 949-8492

6

# EXHIBIT A

## SUMMARY OF SECOND INTERIM FEE APPLICATION
## OF HIGGS JOHNSON TRUMAN BODDEN & CO. FOR SERVICES RENDERED
## FOR THE PERIOD MAY 1, 2009 THROUGH SEPTEMBER 30, 2009

|  | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Raymond Davern | 1988 (England & Wales); 2009 (Cayman Islands) | $525.00 | 80.1 | $42,032.50 |
| Total minus 10% Discount |  | $472.50 | 80.1 | $37,829.25 |
| **Total Net of 20% Holdback:** |  |  |  | **$30,263.40** |

# EXHIBIT B

## EXPENSE SUMMARY OF HIGGS JOHNSON TRUMAN BODDEN & CO. FOR THE SECOND INTERIM PERIOD OF MAY 1, 2009 THROUGH SEPTEMBER 30, 2009

| **EXPENSES** | **AMOUNTS** |
|---|---|
| Communication | 33.71 |
| Stationary | 879.51 |
| Mail/Postage | 87.14 |
| Court Search | 48.78 |
| **Total Expenses Requested:** | **$1049.14** |