UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant.<br><br>In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | Adv. Pro. No. 08-1789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |

**APPLICATION OF WILLIAMS, BARRISTERS & ATTORNEYS AS SPECIAL COUNSEL TO THE TRUSTEE FOR ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM <u>MAY 1, 2009 THROUGH OCTOBER 31, 2009</u>**

Williams, Barristers & Attorneys ("Williams"), Bermuda special counsel to Irving H. Picard (the "Trustee"), Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") and Bernard L. Madoff under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa et seq. ("SIPA"), submits this Application for Interim Allowance of Fees and Reimbursement of Expenses (the "Application") for compensation of legal fees in the amount of $262,717.50 (of which 20% is to be deferred through the conclusion of the liquidation period) and reimbursement of expenses in the amount of $30,963.00 for the period from May 1, 2009 through October 31, 2009 (the "Compensation Period"). In support of this Application, Williams respectfully represents as follows:

1

## I. BACKGROUND

1.      On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order (the "Decree Order") calling for the liquidation of the business of the Debtor in accordance with SIPA and by Paragraph II of the Decree Order, the Trustee was appointed as the trustee for the liquidation of the Debtor's business.

2.      The Debtor's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, to the extent consistent with the provisions of SIPA, is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") pursuant to SIPA § 78fff(b).

3.      On April 1, 2009, Williams was retained as special counsel for the Trustee.

4.      On April 21, 2009, this Court entered an order approving the Trustee's motion for authority to retain Williams as special counsel to the Trustee in matters pertaining to Bermuda.

5.      The Trustee's motion to retain Williams established a fee arrangement pursuant to which Williams agreed to a fee reduction in the amount of 10%. Williams also agreed to an additional holdback of fees in the amount of 20%.

## II. SERVICES RENDERED BY WILLIAMS

6.      Throughout the Compensation Period, Williams has represented the Trustee in Bermuda. The legal services performed on behalf of the Trustee during the time period covered by this Application are as follows:

12.      Throughout the Compensation period Williams has attended on the Trustee's behalf in the Supreme Court of Bermuda and Court of Appeal for Bermuda on the various Causes before the Bermuda Courts related to the Madoff litigation. In particular Williams has

represented the Trustee in relation to the Trustee's potential claim to recovery of approximately $120,000,000.00 in the accounts of Kingate Euro Limited and Kingate Global Limited as well as other considerable amounts of monies in custodian accounts of Madoff related entities in Bermuda involving not inconsiderable sums.

13. Throughout the Compensation Period Williams researched and advised upon matters of Bermuda law in relation to recognition of the Trustee in the Bermuda Courts; have participated in and advised in conference telephone calls with UK Solicitors for the Trustee and New York Counsel for the Trustee; participated in telephone calls with UK Solicitors for the Trustee; conducted research into matters of Bermuda and Commonwealth law relating to the Trustee's rights, remedies and position in Bermuda and in relation to the various Madoff related monies transferred to or in Bermuda. Williams' research included, but was not limited to, research into MLAT Treaties applicable to Bermuda, the provisions of the Hague Convention as they apply to the Trustee's claims and service of process in the Islands of Bermuda, International Criminal Cooperation Legislation and The Bermuda Proceeds of Crime Legislation.

14. Williams has prepared pleadings and Declarations for the Federal Court for the Southern District of New York; reviewed the Law of Bermuda regarding various Bermuda Proceedings; answered the questions of UK solicitors and Queen's Counsel for the Trustee in relation to matters of Bermuda law; negotiated with local Bermuda counsel for the Liquidators of the Kingate entities, counsel for the Fund companies and the Bank of Bermuda Limited holding the subject monies; advised on possible courses of action for the Trustee in Bermuda, has researched proprietary claims asserted by the Trustee under US Federal Bankuptcy Law and SIPA claims under Bermuda statutory and common law; responded to Kingate's Bermuda counsel; conducted frequent periodical searches in the Bermuda courts for applications pending and for new Madoff actions filed before the Bermuda Courts; conducted discussions with UK Queen's Counsel for the Trustee and discussed issues touching upon Bermuda law as they have

3

arisen with UK solicitors; received served and ensured compliance with local and international rules of process emanating out of the Federal Bankruptcy Court upon a large number of Funds and entities in Bermuda to include Siam Management Company Limited and Alpha Prime Fund; attended upon Kingate Bermuda Counsel regarding service of Madoff proceedings; prepared memoranda of law; general advice and conduct of the Trustee in the business and position in Bermuda generally.

### III. COMPENSATION REQUESTED

15.     The Application demonstrates how Williams has both added value to the Debtor's estate and has advanced the Debtor's SIPC liquidation proceeding.

16.     Williams has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism.  To that end, Williams has staffed this matter leanly and has endeavored to eliminate duplication of effort by giving primary responsibility of the case to Damien Justin Williams and involving other attorneys only when necessary.

17.     From May 1, 2009 through October 31, 2009, Williams provided a total of 502.2 hours of legal services to the Trustee in this case. Prior to the 10% discount, the total amount of fees incurred in this time period was $291,908.33 and the total blended hourly rate for professional services was $581.26.  After the 10% discount, the total amount of fees incurred is $262,717.50 and the total blended hourly rate is $523.13. Williams has agreed to a further 20% holdback of fees in the amount of $52,543.50 resulting in the present request for compensation in the amount of $210,174.00.

18.     A breakdown of the total number of hours performed by each Williams timekeeper is provided on **Exhibit A** annexed hereto.

19.     Williams seeks reimbursement for incurred out-of-pocket expenses in connection with its representation of the Trustee during the Compensation Period in the amount of $30,963.00. An

4

itemized list of these expenses is detailed on **Exhibit B** attached hereto.

20. Williams typically charges its clients $0.50 per page printed. Williams does not charge for incoming faxes. Charges for telephone calls are based on the actual amounts paid by Williams for those services.

### IV. GENERAL MATTERS

21. All of the professional services for which compensation is requested herein were performed by Williams for and on behalf of the Trustee and not on behalf of any other person or entity.

22. No agreement or understanding exists between Williams and any other person for sharing compensation received in connection with this case nor has any other person or entity agreed to provide Williams with compensation for the legal services described herein.

23. This Court is authorized by SIPA to award to the attorneys for a SIPA Trustee "reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred." SIPA § 78eee(b)(5)(A). SIPA also permits interim allowances to the attorneys for a SIPA Trustee. Id.

24. Pursuant to § 78eee(b)(5)(E) of SIPA, allowances granted by this Court are to be charged against the general estate as a cost of administration. If the general estate is insufficient to pay such allowances in whole, or in part, SIPC shall advance any necessary funds for such payment. SIPA § 78eee(b)(5)(E). Section 78eee(b)(5)(C) of SIPA provides that SIPC shall file a recommendation with regard to the allowance of fees and reimbursement of expenses requested by this Application, and that this Court shall place considerable reliance on the recommendation of SIPC. SIPA § 78eee(b)(5)(C). Williams expects that SIPC's recommendation shall be filed with this Court separately.

**WHEREFORE**, Williams respectfully requests that this Court enter an Order:

    a.    Granting this Application;

    b.    Allowing payment to Williams for interim compensation of legal fees,

after (a) a reduction of 10% (in the amount of $29,190.83) and (b) a holdback of 20% (in the amount of $52,543.50) pending final approval of Williams' fees in this case, in the aggregate amount of $210,174.00 for professional services rendered to the Trustee from May 1, 2009 through October 31, 2009;

    c.    Allowing payment to Williams in the amount of $30,963.00 for reimbursement of expenses incurred by Williams from May 1, 2009 through October 31, 2009; and

    d.    Granting Williams such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: November 23, 2009    WILLIAMS, Barristers & Attorneys

By: *s/Justin Williams*
    Justin Williams
    LOM Building
    27 Reid Street
    Hamilton, Bermuda
    Telephone: +1(441) 536-0000
    Fax: +1(441) 295-4720
    Email: law@williams.bm

# EXHIBIT A

## SUMMARY OF SECOND INTERIM FEE APPLICATION
## OF WILLIAMS, BARRISTERS & ATTORNEYS FOR SERVICES RENDERED
## FOR THE PERIOD MAY 1, 2009 THROUGH OCTOBER 31, 2009

|  | **YEAR ADMITTED** | **HOURLY RATE** | **TOTAL HOURS BILLED** | **TOTAL COMPENSATION** |
|---|---|---|---|---|
| Damien Justin Williams | 1988 | $583.23 | 493.4 | $287,766.67 |
| Paul A. Harshaw | 1995 | $583.33 | 6.7 | $3,908.33 |
| Faith Gilkes | Legal Assistant | $111.11 | 2.1 | $233.33 |
| Total: |  |  | 502.2 | $291,908.33 |
| Total minus 10% Discount |  | $523.13 |  | $262,717.50 |
| **Total Net of 20% Holdback:** |  |  |  | **$210,174.00** |

7

**EXHIBIT B**

**EXPENSE SUMMARY OF WILLIAMS, BARRISTERS & ATTORNEYS
FOR THE SECOND INTERIM PERIOD OF
MAY 1, 2009 THROUGH OCTOBER 31, 2009**

| **EXPENSES** | **AMOUNTS** |
|---|---:|
| Communication Expenses | $5,830.00 |
| Stationary | 110.00 |
| Travel | $19,590.00 |
| Service | $30.00 |
| Court Search | $320.50 |
| Postage/Freight | $702.50 |
| Administration Fee | $2,100.00 |
| IT Charges | $1,100.00 |
| Associated Meeting Expenses | $380.00 |
| Outside Temps/Paralegals | $800.00 |
| **Total Expenses Requested:** | **$30,963.00** |