UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-1789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**APPLICATION OF SCHILTZ & SCHILTZ AS SPECIAL COUNSEL TO THE TRUSTEE FOR ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM MAY 1, 2009 THROUGH SEPTEMBER 30, 2009**

Franz Schiltz, together with the other members and associates at the law firm of Schiltz & Schiltz which has offices in Luxembourg (collectively, "Schiltz"), special counsel for Irving H. Picard (the "Trustee"), Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") and Bernard L. Madoff under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa et seq. ("SIPA"), submits this Application for Interim Allowance of Fees and Reimbursement of Expenses (the "Application") for compensation of legal fees in the amount of $85,137.75 (of which 20% is to be deferred through the conclusion of the liquidation period), plus an additional $10,140.10 in respect of amounts that are owed to Schiltz for services rendered during the Prior Compensation Period (as defined below), as further described in ¶ 22 *infra*, and

1

reimbursement of expenses in the amount of $5,533.96 for the period from May 1, 2009 through September 30, 2009 (the "Compensation Period"). In support of the Application, Schiltz respectfully submits as follows:

## I. BACKGROUND

1. On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order (the "Decree Order") calling for the liquidation of the business of the Debtor in accordance with SIPA and by Paragraph II of the Decree Order, the Trustee was appointed as the trustee for the liquidation of the Debtor's business.

2. The Debtor's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, to the extent consistent with the provisions of SIPA, is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") pursuant to SIPA § 78fff(b).

3. On March 3, 2009, Schiltz was retained as special counsel to the Trustee.

4. On April 14, 2009, this Court entered an order approving the Trustee's motion for authority to retain Schiltz as special counsel to the Trustee in matters pertaining to Luxembourg.

5. The Trustee's motion to retain Schiltz established a fee arrangement pursuant to which Schiltz agreed to a fee reduction in the amount of 10%. Schiltz also agreed to an additional holdback of fees in the amount of 20%.

## II. SERVICES RENDERED BY SCHILTZ

6. The legal services performed on behalf of the Trustee during the time period covered by this Application are as follows:

*Request of Luxembourg liquidators of Luxembourg*
*Investment Fund concerning transfer of funds previously held with UBS:*

7. In the context of summons to appear issued by the liquidators of LIF against UBS

2

in order to obtain transfer to another bank of funds previously held by LIF with UBS, Schiltz has assisted in order to protect rights of the Trustee vis-à-vis LIF and UBS.

### *Collecting information and advising on Luxembourg law issues:*

8. In accordance with Counsel, Schiltz has acted in order to collect specific information with respect to various Luxembourg-based entities in order to assess potential future steps in the best interest of the global body of creditors and investors.

9. Schiltz has also advised the Trustee on Luxembourg law relating to various issues of relevance and conducted investigation on various aspects of interest, such as the attitude of the Luxembourg supervisory authority vis-à-vis custodian banks and implementation of UCITS directive in Luxembourg.

### *Monitoring cases introduced and pending before Luxembourg Courts:*

10. Schiltz has continued to closely monitor and inform Counsel of the evolution and outcome of a number of Madoff related cases introduced and pending before the Luxembourg Summary Courts with respect to (i) requests filed by investors for execution of money transfer instructions (with mainly one case in which the first instance Summary Court had ordered the transfer of more that $30 million, decision which in July was overturned by the Summary Court of Appeal) and (ii) requests filed by investors for delivery of specific documents of relevance related to the various Luxembourg UCIs put into liquidation.

11. Schiltz has also monitored the important and increasing number of liability claims introduced by individual investors against various actors involved with the Luxembourg UCIs put into liquidation and informed Counsel about the general substance of these cases and their evolution.

*US Subpoena:*

12. In the context of a Subpoena order issued in the US and having Luxembourg related implications, Schiltz has advised on various aspects and acted (in accordance with Counsel) in a view of obtaining the most effective result in terms of obtaining documents and information.

*Ongoing liquidation process of the Luxembourg UCIs put into liquidation:*

13. Schiltz has liaised with the Luxembourg liquidators and assisted in contacts between Counsel and the Luxembourg liquidators with respect to the ongoing process of the Luxembourg Madoff related liquidations. Schiltz has also assisted with respect to the queries of the Luxembourg liquidators concerning claim confirmation requests and in general proof of debt procedure within the liquidation of BLMIS.

14. Concerning the Luxembourg liquidation process, Schiltz has also advised via Counsel on various aspects and implications related to filing of claim within the Luxembourg liquidation procedure.

### III. COMPENSATION REQUESTED

15. The Application demonstrates how Schiltz has both added value to the Debtor's estate and has advanced the Debtor's SIPC liquidation proceeding.

16. Schiltz has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism. To that end, Schiltz has staffed this matter leanly and has endeavored to eliminate duplication of effort by giving primary responsibility of the case to one partner, Franz Schiltz and involving other attorneys only when necessary.

17. From May 1, 2009 through September 30, 2009, Schiltz provided a total of 179.8 hours of legal services to the Trustee in this case. Prior to the 10% discount, the total amount of fees incurred in this time period was $94,597.50 and the total blended hourly rate for professional

services was $526.13. After the 10% discount, the total amount of fees incurred is $85,137.75 and the total hourly rate is $473.51. Schiltz has agreed to a further 20% holdback of fees in the amount of $17,027.55 resulting in the present request for compensation in the amount of $68,110.20.

18.	A breakdown of the total number of hours performed by each Schiltz timekeeper is provided on **Exhibit A** annexed hereto.

19.	Schiltz seeks reimbursement for out-of-pocket expenses incurred in connection with its representation of the Trustee during the Compensation Period in the amount of $5,533.96. An itemized list of these expenses is detailed on **Exhibit B** attached hereto.

20.	Schiltz typically charges his clients an additional amount equivalent to 8% of his fees in order to cover normal office expenses. In this case, Schiltz agreed to charge normal office expenses at a reduced rate of 6.5%.

## IV. COMPENSATION OWED FROM PRIOR COMPENSATION PERIOD

21.	Schiltz's fees for the period March 3, 2009 through April 30, 2009 ("Prior Compensation Period") were correctly detailed in its application to this Court, dated July 17, 2009 (the "Prior Application") [Docket No. 332] and in SIPC's recommendation in support of Foreign Counsels' fees, dated August 3, 2009 [Docket No. 355]. However, Baker & Hostetler LLP, counsel to the Trustee, incorrectly extrapolated the amount of fees requested for Schiltz. As a result, Exhibit A to the Order Approving Applications for Allowance of Interim Compensation for Services Rendered and Reimbursement of Expenses, dated August 6, 2009 (the "Order") [Docket No. 363] mistakenly listed only eighty percent (80%) of Schiltz's discounted fees as "Interim Compensation Requested" instead of one hundred percent (100%) of the discounted fees that had been incurred during the Prior Compensation Period. Pursuant to an agreement with SIPC, a twenty percent (20%) holdback in fees until the end of the liquidation is required. Schiltz was thus awarded only sixty-four percent (64%) of its actual discounted fees,

5

or $40,560.39, as opposed to the eighty percent (80%), or $50,700.49, it was entitled to receive. The Application seeks to correct this error; thus an additional $10,140.10 should granted to Schiltz in respect of compensation for services rendered during the Prior Compensation Period.

## V. GENERAL MATTERS

22.     All of the professional services for which compensation is requested herein were performed by Schiltz for and on behalf of the Trustee and not on behalf of any other person or entity.

23.     No agreement or understanding exists between Schiltz and any other person for sharing compensation received in connection with this case nor has any other person or entity agreed to provide Schiltz with compensation for the legal services described herein.

24.     This Court is authorized by SIPA to award to the attorneys for a SIPA Trustee "reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred." SIPA § 78eee(b)(5)(A). SIPA also permits interim allowances to the attorneys for a SIPA Trustee. Id.

15.     Pursuant to § 78eee(b)(5)(E) of SIPA, allowances granted by this Court are to be charged against the general estate as a cost of administration. If the general estate is insufficient to pay such allowances in whole, or in part, SIPC shall advance any necessary funds for such payment. SIPA § 78eee(b)(5)(E). Section 78eee(b)(5)(C) of SIPA provides that SIPC shall file a recommendation with regard to the allowance of fees and reimbursement of expenses requested by this Application, and that this Court shall place considerable reliance on the recommendation of SIPC. SIPA § 78eee(b)(5)(C). Schiltz expects that SIPC's recommendation shall be filed with this Court separately.

**WHEREFORE**, Schiltz respectfully requests that this Court enter an Order:

a.   Granting this Application;

b.   Allowing payment to Schiltz for interim compensation of legal fees, after (a) a

6

reduction of 10% (in the amount of $9,459.75) and (b) a holdback of 20% (in the amount of $17,027.55) pending final approval of Schiltz' fees in this case, in the aggregate amount of $68,110.20 for professional services rendered to the Trustee from May 1, 2009 through September 30, 2009;

  c. Allowing payments to Schiltz in the amount of $10,140.10 in respect of compensation for services rendered during the Prior Compensation Period.

  d. Allowing payment to Schiltz in the amount of $5,533.96 for reimbursement of expenses incurred by Schiltz from May 1, 2009 through September 30, 2009; and

  d Granting Schiltz such other and further relief as this Court deems just and proper.

Dated: November 23, 2009

Respectfully submitted,

SCHILTZ & SCHILTZ

By: __s/Franz Schiltz_____

Franz Schiltz
2 Rue du Fort Rheinsheim
L-2419
Luxembourg
Telephone: +1(352) 45 64 80
Fax: +1(352) 45 64 44

7

## EXHIBIT A

## SUMMARY OF SECOND INTERIM FEE APPLICATION
## OF SCHILTZ & SCHILTZ FOR SERVICES RENDERED
## FOR THE PERIOD MAY 1, 2009 THROUGH SEPTEMBER 30, 2009

|  | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Franz Schiltz | 1993 | $633.33 | 93.3 | $59,090.00 |
| Laurence Frising | 1995 | $475.00 | 33.4 | $15,865.00 |
| Claude Veriter | 1997/2003 | $408.33 | 15.1 | $6,165.83 |
| Emmanuel Glock | 2001 | $408.33 | 5 | $2,041.67 |
| Anne Lambe | 1999 | $475.00 | 1.2 | $570.00 |
| Jennifer Mayot | 2005 | $341.67 | 31.8 | $10,865.00 |
| Total: |  |  | 179.8 | $94,597.50 |
| Total minus 10% Discount |  | $473.51 |  | $85,137.75 |
| **Total Net of 20% Holdback:** |  |  |  | **$68,110.20** |

8

## EXHIBIT B

### EXPENSE SUMMARY OF SCHILTZ & SCHILTZ FOR THE SECOND INTERIM PERIOD OF MAY 1, 2009 THROUGH SEPTEMBER 30, 2009

| EXPENSES | AMOUNTS |
| --- | --- |
| Ordinary expenses @6.5% | $5533.96 |
| **Total Expenses Requested:** | **$5533.96** |