

November 4, 2009

Re: Appeal of Decision to Deny Claim

Mr. Irving Wapner and Mrs. Estelle Wapner are 90 years of age and 86 years of age respectively. Mr. Irving Wapner was self-employed from the age of 16 when he moved to California from New York to become a painting contractor. Being that Mr. Wapner was self-employed throughout his entire working career, which lasted until he was 72 years of age, he did not have a retirement plan or pension plan he could fall back on, so he invested his entire life savings with Mr. Bernard Madoff upon the advice of a close friend who was already investing his money with Mr. Madoff at the time.

After his initial investment, Mr. Wapner continued to save the money he earned working as a self-employed painting contractor to send in deposits from time to time to add to his investment, until he felt he had enough money invested to retire. The sum of the deposits made by Mr. Wapner were in excess of $390,000, everything he was able to save during the years he was self-employed. Mr. Wapner never touched the principal amount that he had invested, and was able to make ends meet by receiving his quarterly dividend check he received from his investments. Mr. Wapner received a quarterly report along with each dividend payment showing what investments were made during that particular quarter to back-up the dividend amount he received. Based on these reports, Mr. Wapner felt comfortable that his money was safely and wisely invested with Mr. Madoff's firm.

Had Mr. Wapner known that these statements were fictitious, he would not have kept his money invested with Mr. Madoff, and would have pulled the money out to invest it in some other fashion. This is where the fraudulent act of Mr. Madoff's firm should be acknowledged by the SIPC, and Mr. Wapner should be made whole with his principal investment. Mr. Wapner was not aware of the fictitious quarterly reports or ponzi scheme, so the fact that he received dividend payments based on a fraudulent and deceitful act is what the insurance is designed to cover.

Mr. and Mrs. Wapner have no income other than social security, they are both on multiple prescription medications that are extremely costly, and will not be able to survive without them. They are being forced to either apply for a reverse mortgage or sell their home and move into a small apartment, which will only allow them shelter until the money obtained from the sale of their house will sustain them.

Mrs. Wapner had breast cancer surgery last week and is undergoing radiation treatment, and Mr. Wapner is an insulin dependent diabetic. The fact that Mr. and Mrs. Wapner have made it an entire year dealing with these setbacks, and are still faithful that justice will prevail, and that they will be made whole on their principal investment, is a blessing in itself. Only their families love and support has pulled them through to this point.

Mr. and Mrs. Wapner are not denying that they received dividend payments based on their investments with Mr. Madoff, but the fact is they were victims of fraud, and **the SIPC was created to protect investors who are affected monetarily by fraudulent acts, especially being that the SEC investigated Mr. Madoff's firm and was negligent in it's findings, or lack of findings, which should be an important factor and point of consideration in this matter.**

The plain and simple fact is, because Mr. and Mrs. Wapner lived off of the dividend payments they received quarterly from their investments with Mr. Madoff's firm, they have had no income for the past year other than social security, and will not be able to survive very long without being compensated by the SIPC.

Please accept this letter as a formal appeal of your decision to deny the claim filed on behalf of Mr. and Mrs. Irving and Estelle Wapner.

Mr. and Mrs. Wapner do not accept the decision on the denial of the claim, and wish to know what further options they have to obtain monetary compensation for their loss of their entire life savings, and loss of quality of life they have endured during the past year due to losing everything Mr. Wapner worked his entire life to achieve!

As their grandson, I have taken on this role to protect the interests and well–being of my grandparents, Mr. and Mrs. Irving and Estelle Wapner in lieu of my father who passed away in 1990, and who would have been responsible for responding on their behalf.

Sincerely,

Neil Wapner

*Hardship application approved 7/24/2009*
*(Baker Hostetler) acct # 1ZA459-3*






Irving Wapner
26130 Alizia Canyon #D
Calabasas, CA 91302-2691

7009 2250 0004 3812 5068

CERTIFIED MAIL

Clerk U.S. Bankruptcy Court
S.D. New York
One Bowling Green
New York, N.Y.
10004

NOV 23 2009

CPU U.S. POSTAGE $ 3.240
MAILED NOV 16 2009 91302
PB 1F 000
3656663
FCML