# HARRY KASSEL

Clerk of the Bankruptcy Court
Southern District of New York
One bowling Green
New York, NY 10004

November 13, 2009



Dear Sir/Madam,

I am writing you a copy of a letter that I am sending to Iring H. Picard, Trustee in the case of Bernard L Madoff Invetment Securities Llc ("BLMIS") In a letter from the Trustee in which he denied my claim, he instructs us to write to you as well as to him if we disagree with his decision. Therefore, what follows is that letter to the Trustee. I thank you in advance for your time, attention, and consideration.

"I am really not sure how to respond to your letter of denial to my Claim. Obviously I am not a lawyer, nor am I any longer in a financial position to hire one to protest for me or even fight your decision. (Copy of your letter enclosed.) Nevertheless, I want to take a few minutes of your time to point out some facts that may lead you to review your original decison and positively affect my situation. Therefore I offer the following for your consideration in the hopes of, at the very least, keeping my claim alive for consideration in the future distribution of the recovered assets.

#1.  My claim is for reimbursement of dollars invested in what was an IRA account maintained at BLMIS and under the custodial/trustee care of FISERV, a division of Fiserv Trust Company, a FDIC entity. In their capacity they counseled me that I needed to withdraw funds from that IRA account. So, amongst other points that I wish to make, firstly is that I did not withdraw money from that account in the same sense that others who made voluntary withdrawals from their ordinary investment accounts at Madoff, but in fact made the withdrawals based on a law that very specifically calls for mandatory required minimum distributions. Certainly on that basis, it seems to me that IRA accounts must be considered differently than ordinary investment accounts. I believe that the laws governing and establishing IRAs would make that clear.

#2.  Some history. In the '90s when a few articles appeared alleging some possible irregularities at BLMIS, I, as many lay people and professionals, assumed that they were false, first because of natural confidence based on the investigative powers, skills, and responsibility of the SEC. Additionally, if we needed further reassurance, the fact that FISERV Trust Company, a substantial public company had fairly recently bought the accounts, such as ours, from a predecessor custodial/trustee and that they would have done very intensive and careful due diligence. So in addition to SEC oversight, and the other Financial institutions involved, we certainly accepted the monthly reports of BLMIS and the quarterly reports of FISERV as gospel, supporting the assumption that we were involved in a legitimate operation, not a Ponzi scheme. With that background, clearly, unsophisticated investors such as myself, dependant on the regulatory powers and the charge of the SEC, would not suspect that we were not protected from

HARRY KASSEL

Page 2
Irving H Picard letter.

the scheme. And as you can see by the amount of my claim and investment we are not in the super wealthy class.

#3.   As recent as 2007, when FISERV sold all their common stock to TD AMERITRADE, they retained and transferred their custodial/trustee accounts to Trust Industrial Bank, another subsidiary of FISERV Inc. If there was any doubt, those complex financial transactions, without a whisper of anything being wrong, would certainly reassure anyone that due diligence on a transaction of that magnitude would have been done and any weakness or wrongdoing would have/should have risen to the surface. Again, when so called rumors or allegations were referred to, we had every reason to believe them indeed false.

But, based on point #1 above, as well as #2 and #3, I hope that the trustee and the court feel concerned enough, and obligated to give consideration to my plea for review and reconsideration of the decision to deny my claim, especially as it applies to this IRA account. At a minimum, we should not be totally eliminated from the possibility of reconsideration.

As precribed in your letter, I am also writing this to the Clerk of the Bankruptcy Court."

Thus ends the letter to Iring H. Picard, Trustee.

Again, thank you for your time and consideration.

Harry Kassel

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

## DECEMBER 11, 2008[1]

## NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

October 19, 2009

Harry Kassel (IRA)
1301 Azure Place
Hewlett, New York  11557


RECEIVED NOV 2 0 2009 U.S. BANKRUPTCY COURT, SDNY

Dear Mr. Kassel (IRA):

## PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim on BLMIS Account No. 1ZR149 designated as Claim Number 783:

Your claim for a credit balance of $809,594.43 and for securities is **DENIED**. No securities were ever purchased for your account.

Further, based on the Trustee's analysis, the amount of money you withdrew from your account at BLMIS (total of $155,000.00), as more fully set forth in Table 1 annexed hereto and made a part hereof, is greater than the amount that was deposited with BLMIS for the purchase of securities (total of $139,879.29). As noted, no securities were ever purchased by BLMIS for your account. Any and all profits reported to you by BLMIS on account statements were fictitious.

---

[1] Section 78lll(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78lll(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

Since there were no profits to use either to purchase securities or to pay you any money beyond the amount that was deposited into your BLMIS account, the amount of money you received in excess of the deposits in your account ($15,120.71) was taken from other customers and given to you. Accordingly, because you have withdrawn more than was deposited into your account, you do not have a positive "net equity" in your account and you are not entitled to an allowed claim in the BLMIS liquidation proceeding. Therefore, your claim is **DENIED** in its entirety.

Should a final and unappealable court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by you in having your customer claim re-determined in accordance with any such Court order.

Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by the Trustee against you.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after October 19, 2009, the date on which the Trustee mailed this notice.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

### Table 1

#### DEPOSITS

| DATE | TRANSACTION DESCRIPTION | AMOUNT |
|---|---|---|
| 1/11/1993 | CHECK | $57,753.72 |
| 11/8/1993 | CHECK | $32,125.57 |
| 5/23/1995 | CHECK | $50,000.00 |
| **Total Deposits:** | | $139,879.29 |

#### WITHDRAWALS

| DATE | TRANSACTION DESCRIPTION | AMOUNT |
|---|---|---|
| 4/12/2007 | CHECK | ($30,000.00) |
| 10/2/2007 | CHECK | ($25,000.00) |
| 6/30/2008 | CHECK | ($35,000.00) |
| 9/18/2008 | CHECK | ($35,000.00) |
| 10/6/2008 | CHECK | ($30,000.00) |
| **Total Withdrawals:** | | ($155,000.00) |
| **Total deposits less withdrawals:** | | ($15,120.71) |

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York 10004

and

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111

_____
Irving H. Picard
Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

cc: NTC & Co., FBO Harry Kassel
PO Box 173859
Denver, Colorado 80217