WINDELS MARX LANE & MITTENDORF, LLP
156 West 56th Street
New York, New York 10019
Tel: (212) 237-1000
Howard L. Simon
Email: hsimon@windelsmarx.com
Regina Griffin
Email: rgriffin@windelsmarx.com

*Special Counsel to Irving H. Picard, Esq., Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC and*
*Alan Nisselson, the Chapter 7 Trustee of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                Plaintiff-Applicant,<br><br>      v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                Defendant. | Adv. Pro. No. 08-01789 (BRL)<br>SIPA Liquidation<br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                Debtor. | |

**FIRST APPLICATION OF WINDELS MARX LANE & MITTENDORF, LLP**
**FOR ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES RENDERED**
**AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED**
<u>**FROM JUNE 9, 2009 THROUGH OCTOBER 31, 2009**</u>

Windels Marx Lane & Mittendorf, LLP ("Windels Marx" or the "Firm") as special counsel to Irving H. Picard as trustee (the "Trustee") for the substantively consolidated liquidation proceeding of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor"), and to Alan Nisselson (the "Chapter 7 Trustee"), trustee for the chapter 7 estate of

{10534113:5}

Bernard L. Madoff ("Madoff"), pursuant to the Order of this Court dated July 16th, 2009 [Docket No. 327], respectfully submits this first application (the "Application") for an order pursuant to section 78eee(b)(5) of the Securities Investor Protection Act ("SIPA"), 15 U.S.C.§ 78eee(b)(5), sections 330 and 331 of the Bankruptcy Code, Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") allowing and awarding interim compensation for services performed by Windels Marx for the period commencing June 9, 2009 through and including October 31, 2009 (the "Compensation Period") in the amount of $712,614.00 (of which 20% is to be deferred through the conclusion of the liquidation period) and reimbursement of Windels Marx's actual and necessary expenses incurred during the Compensation Period in the amount of $15,072.92; and in support thereof, respectfully represents as follows:

## I. PRELIMINARY STATEMENT

1.      On June 9, 2009, this Court entered a consent Order granting the Trustee's motion to substantively consolidate the chapter 7 estate of Madoff into the BLMIS liquidation proceeding. Since that time, and pursuant to a *nunc pro tunc* Order of the Court, Windels Marx, formerly counsel to the Chapter 7 Trustee, was retained on behalf of the consolidated estate as special counsel to the Trustee and the Chapter 7 Trustee.

2.      During this Compensation Period, Windels Marx has assisted the Trustee in his asset investigation efforts including, among others, investigation of potential insiders of BLMIS and Madoff, to ascertain whether they were the unlawful recipients of customer property or corporate assets. While the on-going nature of the inquiry prohibits the disclosure of the specific targets, details or preliminary findings of the investigation, the Firm has made significant progress into the investigation as discussed below.

3. Also during the Report Period, Windels Marx has assisted the Trustee and the Chapter 7 Trustee in their domestic and international efforts to marshal certain assets that were acquired by Madoff with BLMIS funds which, if recovered, could potentially be worth millions of dollars to the consolidated estate.

4. Given the duration and vastness of Madoff's fraud, the Trustee, the Chapter 7 Trustee and their counsel have had to address a number of complex legal issues spanning a broad spectrum, both domestically and internationally. Windels Marx's specialization in advising bankruptcy trustees regarding complex bankruptcy litigation and asset recovery has provided material assistance to the Trustee and the Chapter 7 Trustee in identifying potentially recoverable assets for the consolidated estate, and in laying the foundation to recover such assets through litigation, if necessary.

5. The following discussion and the materials attached to this Application cover the major categories of services for which allowance of compensation is sought.

## II. PROCEDURAL BACKGROUND

The SIPA Liquidation

6. On December 11, 2008, the United States Securities and Exchange Commission (the "SEC") filed a complaint in the United States District Court for the Southern District of New York (the "District Court") against defendants Madoff and BLMIS (Case No. 08 CV 10791) (the "SEC Action"). The SEC complaint alleged that Madoff and BLMIS engaged in fraud through investment advisor activities of BLMIS.

7. In the SEC Action, the SEC consented to a combination of its own action with an application of the Securities Investor Protection Corporation ("SIPC"). Thereafter, pursuant to section 78eee(a)(3) of the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, et seq.

("SIPA"), SIPC filed an application in the District Court alleging, <u>inter alia</u>, that BLMIS was not able to meet its obligations to securities customers as they came due and, accordingly, its customers needed the protection afforded by SIPA.

8. On December 15, 2008, District Judge Stanton granted the SIPC application, which among other things:

- appointed Irving H. Picard, as the SIPA Trustee for the liquidation of the business of BLMIS pursuant to 15 U.S.C. § 78eee(b)(3);
- appointed Baker & Hostetler LLP as counsel to the SIPA Trustee pursuant to 15 U.S.C. § 78eee(b)(3); and
- removed the liquidation proceeding (the "BLMIS Liquidation") to this Court pursuant to 15 U.S.C. § 78eee(b)(4).

<u>The Bernard L. Madoff Chapter 7 Case</u>

9. On April 13, 2009, Blumenthal & Associates Florida General Partnership, Martin Rappaport Charitable Remainder Unitrust, Martin Rappaport, Marc Cherno and Steven Morganstern (collectively, the "Petitioning Creditors"), through their attorneys, Milberg LLP, filed an involuntary petition for relief under chapter 7 of the Bankruptcy Code against Madoff.

10. On April 16, 2009, the Petitioning Creditors filed a motion to appoint a trustee in Madoff's case, and on that same date, the Court entered an *Order to Show Cause Why the Court Should not Enter an Order Directing the United States Trustee to Appoint an Interim Trustee.*

11. On April 20, 2009, the Court entered an Order (the "Order Directing Appointment") directing the Office of the United States Trustee for the Southern District of New York (the "UST") to appoint an interim trustee to perform the duties of trustee as set forth in Bankruptcy Code §§ 701 and 704, pursuant to which the United States Trustee appointed Alan Nisselson as the interim trustee on April 21, 2009.

12. On April 24, 2009, the Court entered an Order authorizing and empowering the Chapter 7 Trustee to retain Windels Marx to represent him in the Madoff case, effective as of April 21, 2009.

13. On May 5, 2009, the SIPA Trustee and SIPC, by their counsel, filed a joint motion for entry of an order pursuant to the Section 105(a) of the Bankruptcy Code substantively consolidating the Madoff estate into the BLMIS Liquidation (the "Substantive Consolidation Motion").

14. On June 4, 2009, after the Chapter 7 Trustee filed a Response to the Substantive Consolidation Motion, the Court entered a Consent Order ("Consent Order") [Docket No 252] which, among other things:

- Approved the Substantive Consolidation Motion, *nunc pro tunc* to December 11, 2008;
- Ordered that the Chapter 7 Trustee would remain trustee to the Madoff estate and would continue to have all powers, rights, claims, and interests of a Chapter 7 trustee pursuant to, among others, Chapters 5 and 7 of the Bankruptcy Code;
- Directed that the Trustee would have all the duties and powers of a SIPA trustee and of a Chapter 7 trustee, other than those specifically granted to the Chapter 7 Trustee as indicated above; and
- Ordered that the Chapter 7 Trustee would be authorized to use as his counsel any counsel or special counsel retained by the SIPA Trustee, after consultation with, and the approval of, the SIPA Trustee and SIPC.

15. On July 16, 2009, this Court entered an Order granting the Trustee's motion to retain Windels Marx as special counsel on behalf of the consolidated estate, *nunc pro tunc* as of

June 9, 2009 [Docket No. 327], finding that Windels Marx is disinterested pursuant to provisions section 78eee(b)(6) of SIPA, section 327(a) of the Bankruptcy Code, and Bankruptcy Rule 2014(a) and is therefore in compliance with the disinterestedness requirement in section 78eee(b)(3) of SIPA, section 327(a) of the Bankruptcy Code, and Bankruptcy Rule 2014(a).

### III. SPECIAL COUNSEL'S EXPERIENCE

16. Windels Marx engages in the general practice of law, and has substantial expertise in such areas as bankruptcy, commercial litigation, securities, tax and corporate law.

17. In particular, the senior Windels Marx attorneys in charge of this matter specialize in advising Chapter 7 and Chapter 11 bankruptcy trustees – including Alan Nisselson, the Chapter 7 Trustee – in connection with complex bankruptcy litigation related to, among other things, asset analysis and recovery. Windels Marx's experience in this area, together with the Firm's knowledge gained while serving as counsel to the Chapter 7 Trustee prior to substantive consolidation, has provided material assistance to the Trustee and the Chapter 7 Trustee in identifying potentially recoverable assets for the consolidated estate, and in laying the foundation to recover such assets through litigation, if necessary.

### IV. SUMMARY OF SERVICES

18. The services rendered by Windels Marx during the approximately four and one-half month Compensation Period are described below. In rendering professional services to the Trustee and the Chapter 7 Trustee, Windels Marx's legal team has been composed of professionals with extensive experience in bankruptcy and complex commercial litigation, securities, tax and corporate law. Windels Marx professionals have worked closely with the Trustee, his counsel Baker & Hostetler LLP ("Baker & Hostetler"), and the Trustee's other

retained professionals to coordinate assignments in order to maximize efficiency and avoid any duplication of effort.

19. This Application is intended to serve as a summary description of the more significant services rendered by Windels Marx. The following section provides an overview of certain of the significant services rendered by Windels Marx during the Compensation Period by the task codes in use during the Compensation Period. Windels Marx has implemented task codes for specific categories of work to permit a more detailed analysis of the fees incurred. As the case has evolved, Windels Marx has added additional task codes to ensure that work on a specific issue or matter is billed to the same matter or task code.

A. **Asset Analysis and Recovery** – Task Code 001 (127.0 hours)

20. This category relates to time spent identifying, investigating and analyzing specific assets which may potentially be recoverable for the benefit of the consolidated estate. Windels Marx expended a substantial amount of time in this task code during the Compensation Period. Included in this category of services by the Firm were the following:

- Consulting extensively with the Trustee's counsel, Baker & Hostetler, regarding coordination of specific asset recovery efforts with the Office of the United States Attorney for the Southern District of New York ("USAO") and the Joint Provisional Liquidators ("JPL") for Madoff Securities International Limited ("MSIL"), the United Kingdom affiliate of BLMIS;

- Advancing efforts to bring into the consolidated estate a fifty-percent co-ownership interest in a luxury private jet which was acquired in 2008 using $12.4 million of BLMIS funds (the "Aircraft"), but title to which was placed in BLM Air Charter, LLC, a shell subsidiary of BLMIS formed by Madoff; and

- Consulting with the Trustee and the Trustee's counsel regarding potential strategies to recover foreign assets.

B. **Bankruptcy Court Litigation** – Task Code 010 (749.1 hours)

21. This category relates to time spent with respect to researching and drafting, in anticipation of filing, various motions and pleadings as well as preparation for the initiation of certain adversary proceedings in the Bankruptcy Court to recover assets identified in the Firm's investigations on behalf of the Trustee. Included in this category of services by the Firm were the following:

- Researching various asset recovery strategies including, but not limited to, potential claims to recover specific assets;

- Drafting advisory memoranda relating to potential recoverable assets and litigation strategies; and

- Drafting pleadings and motions in preparation for commencing litigation to recover identified assets.

C. **Trustee Investigation** – Task Code 039 (1227.20 hours)

22. This category relates to time spent with respect to identification, investigation and recovery of various potential assets on behalf of the consolidated estate.

23. During the Compensation Period, Windels Marx expended a substantial amount of time in this task code, particularly as regards to assisting the Trustee in investigating potential insiders of BLMIS and Madoff, and the transactions, business investments and ventures they engaged in with BLMIS, Madoff and Madoff family members, to ascertain whether the potential insiders were the unlawful recipients of BLMIS customer property or corporate assets.

24. Included in this category of services by the Firm were the following:

- Reviewing tens of thousands of documents collected from the BLMIS premises, including investment account statements, bank account statements, wire transfers and other related financial account records, corporate formation documents, operating agreements, tax returns, emails and other related correspondence between potential insiders and BLMIS, Madoff and Madoff family members;

- Drafting document requests and subpoenas to third party entities, and reviewing thousands of pages of documents produced in compliance with the subpoenas;

- Reviewing notes of interviews with former BLMIS employees;

- Conferring with FTI Consulting, the Trustee's forensic accountant advisors, regarding the investment advisory accounts and records of the transactions, business investments and ventures between the potential insiders and BLMIS, Madoff and Madoff family members;

- Conducting analyses of the personal and professional relationships between the potential insiders and BLMIS, Madoff and Madoff family members;

- Conducting analyses of the corporate structure of affiliates of potential insiders, including entities in which Madoff or Madoff family members invested;

- Conducting extensive legal research and analyses relating to, among other things, potential claims against potential insiders; and

- Drafting memoranda regarding the status and findings of the Firm's investigations.

D. **Internal Office Meetings** – Task Code 020 (39.50 hours)

25. This category relates to internal Windels Marx strategy meetings and training sessions related to the consolidated estate. Windels Marx expended minimal time in this category during the Compensation Period.

E. **Billing/Fee Applications** – Task Code 007 (60.1 hours)

26. In addition to preparation of this Application, this section relates to the time spent by attorneys and paraprofessionals in reviewing the Windels Marx billing statements prior to submission to SIPC to ensure that time was properly billed by Windels Marx, to correct any errors in time entries, to write off certain time and expenses as agreed to by Windels Marx for the benefit of SIPC, and to respond to certain adjustments requested by SIPC after its review of the fee statement.

## V. COMPENSATION REQUESTED

27. During the Compensation Period, Windels Marx expended 2,202.90 hours in the rendition of professional and paraprofessional services on behalf of the Trustee and the Chapter 7 Trustee, resulting in a blended hourly rate of $323.49 for fees incurred.

28. Prior to filing this Application, Windels Marx provided to SIPC its statements setting forth the Firm's fees for services rendered and expenses incurred on behalf of the consolidated estate for the period June 9, 2009 through October 31, 2009.

29. At SIPC's request, Windels Marx's fees in this case reflect a 10% public interest discount from the Firm's standard rates. This discount has resulted in a voluntary reduction during the Compensation Period of $79,179.34. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in the Chapter 7 and 11 Cases and comparable bankruptcy and non-bankruptcy cases in a competitive national legal market.

30. There is no agreement or understanding among the Trustee, Windels Marx or any other person, other than members of Windels Marx, for sharing of compensation to be received for services rendered in this case.

31. This Application has been prepared in accordance with the Amended Guidelines for Fees and Disbursements of Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on April 19, 1995 (the "Local Guidelines"). Pursuant to the Local Guidelines, the certification of Howard L. Simon, Esq. regarding compliance with the same is attached hereto as Exhibit A.

32. Exhibit B annexed hereto provides a schedule of Windels Marx professionals and paraprofessionals who have provided services for the Debtors during the Compensation Period, the capacity in which each individual is employed by the Firm, the year in which each attorney was licensed to practice law, the hourly billing rate charged by Windels Marx for services provided by each individual and the aggregate number of hours billed by each individual. The 10% discount (as described above) is already reflected in the total amount billed.

33. Exhibit C annexed hereto provides a schedule of the expenses for which reimbursement is requested. The requested expenses are customarily charged to and paid by Windels Marx's bankruptcy and non-bankruptcy clients.

34. Exhibit D annexed hereto is a summary by task code of services performed by Windels Marx from June 9, 2009 through October 31, 2009.

35. To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Compensation Period, but were not classified or processed prior to the preparation of this Application, Windels Marx reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.

### VI. WINDELS MARX'S REQUEST FOR INTERIM COMPENSATION SHOULD BE GRANTED

36. Section 78eee(b)(5)(A) of SIPA provides in pertinent part that, upon appropriate application and after a hearing, "[t]he court shall grant reasonable compensation for services

{10534113:5}                                    -11-

rendered and reimbursement for proper costs and expenses incurred ... by a trustee ..." Section 78eee(b)(5)(C) of SIPA specifically establishes SIPC's role in connection with applications for compensation and the consideration the Court should give to SIPC's recommendation concerning fees. That section provides as follows:

> In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC. In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendations of SIPC.

37. To the extent the general estate is insufficient to pay such allowances as an expense of administration, section 78eee(b)(5)(E) of SIPA requires SIPC to advance the funds necessary to pay the compensation of B&H (see section 78fff-3(b)(2) of SIPA).

38. Based on the allocation process set forth in SIPA, the Trustee has determined at this time that he has no reasonable expectation that the general estate will be sufficient to make any distribution to general creditors or pay any administrative expenses. That is, the Trustee believes that any assets allocated to the BLMIS general estate will be exhausted prior to his being able to reimburse SIPC fully. The Trustee has been advised by SIPC that it concurs with this belief of the Trustee. Accordingly, any fees and expenses allowed by this Court will be paid from advances by SIPC without any reasonable expectation by SIPC of recoupment thereof.

39. Therefore, with respect to this Application, Windels Marx requests that consistent with section 78eee(b)(5)(C) of SIPA, the Court "shall award the amounts recommended by SIPC." See In re Bell & Beckwith, 112 B.R. 876 (Bankr. N.D. Ohio 1990). Windels Marx expects that SIPC will file its recommendation to the Court with respect to this Application prior to the hearing, currently scheduled for December 17, 2009.

40. Windels Marx submits that the request for interim allowance of compensation made through this Application is reasonable and complies with the provisions of the Bankruptcy Code governing applications for compensation and reimbursement of expenses, pursuant to section 78eee(b)(5) of SIPA.

## VII. CONCLUSION

41. Windels Marx respectfully submits that the services rendered during the Compensation Period merit the approval of the fees and disbursements requested herein, and respectfully requests that the Court enter an Order: (i) allowing and awarding $712,614.00 (of which 20% is to be deferred through the conclusion of the liquidation period) as an interim payment for professional services rendered by Windels Marx during the Compensation Period and $15,072.92 as reimbursement of the actual and necessary costs and expenses incurred by the Firm in connection with the rendition of such services; and (ii) granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      November 23, 2009

Respectfully submitted,

WINDELS MARX LANE & MITTENDORF, LLP
*Special Counsel for Irving H. Picard, Trustee for the SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Alan Nisselson, the Chapter 7 Trustee of Bernard L. Madoff*

/s/ Howard L. Simon
Howard L. Simon (hsimon@windelsmarx.com)
Regina Griffin (rgriffin@windelsmarx.com)
156 West 56th Street
New York, New York 10019
Telephone: (212) 237-1000
Facsimile: (212) 262-1215