UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-1789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**ORDER PURSUANT TO SECTION 78fff(a) OF THE SECURITIES INVESTOR PROTECTION ACT AND SECTIONS 105(a) AND 363 OF THE BANKRUPTCY CODE AUTHORIZING THE AMENDMENT, TERMINATION AND LIQUIDATION OF DEBTOR'S 401(k) PLAN, EFFECTIVE NOVEMBER 30, 2009**

This matter came before the Court on November 24, 2009 on the motion (the "Motion")[1] of Irving H. Picard, Esq. ("Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC (the "Debtor"), for entry of an order pursuant to sections 78aaa and 78fff of the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq*. ("SIPA") and sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code"), authorizing Trustee to amend, then terminate, and then provide for the liquidation of the Debtor's 401(k) Plan, effective November 30, 2009, and the satisfaction or extinguishment of all claims related thereto and to enter into Resolutions on behalf of the Debtor to effectuate such amendments and terminations, all as more fully set forth in the Motion; and the Court having

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

jurisdiction to consider the Motion and the relief requested therein in accordance with section 78eee(b)(4) of SIPA, and the Protective Decree, entered on December 15, 2008 by the United States District Court for the Southern District of New York in Case No. 08 CV 10791, and 28 U.S.C. §§ 157 and 1334; and it appearing that the relief requested by the Motion is necessary and in the best interests of the estate, its customers, its creditors, and all parties in interest; and due notice of the Motion having been given, and it appearing that no other or further notice need be given; and the Court having determined that the Trustee articulated good, sufficient and sound business justifications for the amendment, termination and liquidation of the 401(k) Plan, and entry into the Resolutions; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted therein; and upon the proceedings before the Court and after due deliberation, it is hereby

**ORDERED**, that the relief requested in the Motion is granted in its entirety; and it is further

**ORDERED**, that the Trustee is authorized to terminate the Bernard L. Madoff Investment Securities LLC Plan (the "401(k) Plan"), effective as of November 30, 2009; and it is further

**ORDERED**, that Trustee is authorized to (i) amend certain provisions of the 401(k) Plan, prior to the termination of said Plan, (ii) effect an orderly liquidation of the 401(k) Plan's invested assets, including the making of distributions, (iii) provide for the discharge of all participant and beneficiary-initiated claims, and (iv) discharge from Estate assets any and all reasonable administrative expenses associated with the 401(k) Plan's operation, termination and liquidation; and it is further

**ORDERED**, that the Trustee may enter into Resolutions on behalf of Bernard L. Madoff

2

Investment Securities, LLC to effectuate the above amendment, termination and liquidation of the 401(k) Plan; and it is further

**ORDERED**, that the Trustee is authorized to execute, on behalf of the Debtor, any other documents necessary to effect an orderly termination and liquidation of the 401(k) Plan and it's invested assets, including the making of distributions and discharging all participant and beneficiary-initiated claims; and it is further

**ORDERED**, that the entry of this Order is without prejudice to amendments to or termination of any additional employee benefit plans; and it is further

**ORDERED**, that this Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: New York, New York
       November 24, 2009

                              /s/Burton R. Lifland
                              HONORABLE BURTON R. LIFLAND
                              UNITED STATES BANKRUPTCY JUDGE