# EXHIBIT A

**Certification of RK&O**

491449.13/2643-00001

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SECURITIES INVESTOR PROTECTION          :          Adv. Pro. No. 08-1789 (BRL)
CORPORATION,                            :
                                        :          SIPA Liquidation
                    Plaintiff-Applicant, :
v.                                      :          (Substantively Consolidated)
                                        :
BERNARD L. MADOFF INVESTMENT            :
SECURITIES LLC,                         :
                                        :
                    Defendant.          :
                                        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:                                  :
                                        :
BERNARD L. MADOFF,                      :
                                        :
                    Debtor.             :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**CERTIFICATION IN SUPPORT OF THE FIRST AND FINAL APPLICATION OF LEE
S. RICHARDS, RECEIVER, RICHARDS KIBBE & ORBE LLP, COUNSEL TO THE
RECEIVER, AND ALIXPARTNERS LLP, FORENSIC ACCOUNTANTS FOR THE
RECEIVER, FOR ALLOWANCE OF FINAL COMPENSATION FOR PROFESSIONAL
SERVICES RENDERED AND FOR REIMBURSEMENT OF ACTUAL AND
NECESSARY EXPENSES INCURRED FOR THE PERIOD FROM
DECEMBER 11, 2008 THROUGH FEBRUARY 28, 2009**

        I, Joon P. Hong (the "Certifying Professional"), hereby certify that Lee S. Richards, the

duly appointed receiver (the "Receiver") for the assets of Bernard L. Madoff Investment

Securities LLC ("BMIS"), Madoff Securities International Ltd. ("MSIL"), Madoff Ltd. and any

other foreign corporate entity owned by the defendants Bernard L. Madoff ("Madoff"), and

Richards Kibbe & Orbe LLP ("RK&O"), counsel for the Receiver, have designated me as the

- 1 -

Certifying Professional with respect to the Certification required by the mandatory guidelines of this Court for fees and disbursements for professionals (the "Guidelines") and further certify that:

1.     I am an attorney licensed to practice law in the State of New York. I am a member of the bar of the United States District Court for the Southern District of New York. I am a member of RK&O.

2.     I have read and am familiar with the application (the "Fee Application") of the Receiver and RK&O for allowance of compensation and reimbursement of expenses incurred during the period from December 11, 2008 through February 28, 2009.

3.     To the best of my knowledge, information and belief formed after reasonable inquiry, the Fee Application and all fees and expenses sought therein are true and accurate and comply with the Guidelines except as noted in paragraphs 4 and 5 below.

4.     As noted in the Report of the Receiver Lee S. Richards and Application to Terminate Receivership (the "Receiver's Report"), dated February 26, 2009, and in the Fee Application, (a) BMIS is being liquidated by the Court appointed Trustee (the "SIPA Trustee") in the Bankruptcy Court for the Southern District of New York pursuant to the Securities Investor Protection Act of 1970 ("SIPA"), and (b) MSIL is being liquidated in a provisional liquidation in the UK by and through the Joint Provisional Liquidators appointed by the High Court of Justice, Chancery Division, Companies Court in London, with the active participation of the UK governmental authorities, the Securities and Exchange Commission and the SIPA Trustee. In addition, pursuant to the Receiver's request in the Receiver's Report, the United States District Court for the Southern District of New York entered an order on March 23, 2009 approving the Receiver's Report and terminating the receivership. As a result of these

- 2 -

491449.13/2643-00001

developments, the Receiver cannot (i) predict when this proceeding will close, (ii) provide a description or current status of creditor claims proceedings, (iii) identify any liquidated or unliquidated claims, (iv) provide a summary of all moneys received and disbursed in this case, (v) state the amount of cash on hand or on deposit, or (vi) provide the amount and nature of unpaid administrative expenses or the amount of unencumbered assets in the estate.

5.      RK&O has made every effort to ensure that all billing professionals placed all related time entries in a single activity category (as designated by activity code). However, in some instances RK&O professionals may have not been entirely consistent in placing all related billings under the same activity category.

6.      All fees contained in the Fee Application are based on the rates listed in RK&O's Fee Schedule (Exhibit C to the Fee Application), subject to the discounts described in the Fee Application, and all such fees are reasonable, necessary and commensurate with the skill and experience required for the activity performed.

7.      RK&O has not included in the amounts for which reimbursement is sought the amortization of the cost of any investment, equipment, or capital outlay (except to the extent that any such amortization is included within the permitted allowable amounts set forth in the Fee Application for photocopies).

8.      In seeking reimbursement for a service which RK&O justifiably purchased or contracted from a third party (such as copying, imaging, bulk mail, messenger service, overnight courier, computerized research or title and lien searches), RK&O requests reimbursement only for the amount billed to RK&O by the third-party vendor and paid by RK&O to such vendor. Neither RK&O nor the Receiver is making a profit on such reimbursable service.

- 3 -

491449.13/2643-00001

9.    No agreement exists between the Receiver, RK&O and any other person, firm or entity, other than members of RK&O, for sharing of compensation to be received for services rendered in this matter.

10.    Members of SIPC have been provided with a copy of the Fee Application.

11.    The Receiver and RK&O have not made any previous application for allowance of fees for professional services rendered during the Compensation Period with this Court or any other court.

12.    No agreement or understanding prohibited by 18 U.S.C. § 155 has been made or shall be made by the Receiver or RK&O.


Dated: New York, New York
       November 24, 2009

                                        */s/ Joon P. Hong*
                                        Joon P. Hong


- 4 -