# EXHIBIT B

**Certification of AlixPartners**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------- x
SECURITIES INVESTORS PROTECTION : Adv. Pro. No. 08-1789 (BRL)
CORPORATION, :
: SIPA Liquidation
              Plaintiff-Applicant, :
: (Substantively Consolidated)
  -against- :
:
BERNARD L. MADOFF INVESTMENT :
SECURITIES LLC, :
:
             Defendant. :
------------------------------- X
:
In re: :
:
BERNARD L. MADOFF, :
:
             Debtor. :
------------------------------- X

**CERTIFICATION IN SUPPORT OF THE FIRST AND FINAL APPLICATION OF LEE S. RICHARDS, RECEIVER, RICHARDS KIBBE & ORBE LLP, COUNSEL TO THE RECEIVER, AND ALIXPARTNERS LLP, FORENSIC ACCOUNTANTS FOR THE RECEIVER, FOR ALLOWANCE OF FINAL COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD FROM DECEMBER 11, 2008 THROUGH DECEMBER 31, 2008**

     I, Denis O'Connor (the "Certifying Professional"), hereby certify that AlixPartners, LLP ("AlixPartners"), retained by the Receiver for the assets of Madoff Securities International Ltd. ("MSIL"), Madoff Ltd. and any other foreign corporate entity owned by the defendants Bernard L. Madoff ("Madoff") and Bernard L. Madoff Investment Securities LLC ("BMIS"), has

designated me as the Certifying Professional with respect to the Certification required by the mandatory guidelines of this Court for fees and disbursements for professionals (the "Guidelines") and further certify that:

1. I am a C.P.A. licensed in the States of New York and Maryland. I am a Managing Director of AlixPartners.

2. I have read and am familiar with the application (the "Fee Application") of AlixPartners for allowance of compensation and reimbursement of expenses incurred during the period from December 11, 2008 through December 31, 2008.

3. To the best of my knowledge, information and belief formed after reasonable inquiry, the Fee Application and all fees and expenses sought therein are true and accurate and comply with the Guidelines except as noted in paragraphs 4 and 5 below.

4. As noted in the Report of the Receiver Lee S. Richards and Application to Terminate Receivership (the "Receiver's Report"), dated February 26, 2009, and in the Fee Application, (a) BMIS is being liquidated by the Court appointed Trustee (the "SIPA Trustee") in the Bankruptcy Court for the Southern District of New York pursuant to the Securities Investor Protection Act of 1970 ("SIPA"), and (b) MSIL is being liquidated in a provisional liquidation in the UK by and through the Joint Provisional Liquidators appointed by the High Court of Justice, Chancery Division, Companies Court in London, with the active participation of the UK governmental authorities, the Securities and Exchange Commission and the SIPA Trustee. In addition, pursuant to the Receiver's request in the Receiver's Report, the United States District Court for the Southern District of New York entered an order on March 23, 2009 approving the Receiver's Report and terminating the receivership. As a result of these developments, the Receiver cannot (i) predict when this proceeding will close, (ii) provide a

description or current status of creditor claims proceedings, (iii) identify any liquidated or unliquidated claims, (iv) provide a summary of all moneys received and disbursed in this case, (v) state the amount of cash on hand or on deposit, (vi) provide the amount and nature of unpaid administrative expenses or the amount of unencumbered assets in the estate.

5. AlixPartners has made every effort to ensure that all billing professionals placed all related time entries in a single activity category (as designated by activity code). However, in some instances AlixPartners professionals have not been entirely consistent in placing all related billings under the same activity category.

6. All fees contained in the Fee Application are based on the rates listed in AlixPartner's Fee Schedule (Exhibit D to the Fee Application), subject to the discounts described in the Fee Application, and all such fees are reasonable, necessary and commensurate with the skill and experience required for the activity performed.

7. AlixPartners has not included in the amounts for which reimbursement is sought the amortization of the cost of any investment, equipment, or capital outlay (except to the extent that any such amortization is included within the permitted allowable amounts set forth in the Fee Application for photocopies).

8. In seeking reimbursement for a service which AlixPartners justifiably purchased or contracted from a third party (such as copying, imaging, bulk mail, messenger service, overnight courier, computerized research or title and lien searches), AlixPartners requests reimbursement only for the amount billed to AlixPartners by the third-party vendor and paid by AlixPartners to such vendor. AlixPartners is not making a profit on such reimbursable service.

9. No agreement exists between AlixPartners and any other person, firm or entity, other than members of AlixPartners, for sharing of compensation to be received for services rendered in this case.

10. Members of SIPC have been provided with a copy of the Fee Application.

11. AlixPartners has not made any previous application for allowance of fees for professional services rendered during the Compensation Period.

Dated: New York, New York
      November 20, 2009

*Denis O'Connor*
Denis O'Connor