# CUSTOMER CLAIM

Claim Number_____

Date Received_____

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

### In Liquidation

### DECEMBER 11, 2008

Irving H. Picard, Esq.
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

Provide your office and home telephone no.

OFFICE:  973-773-6777

HOME:_____

Taxpayer I.D. Number (Social Security No.)
22-6875100

Account Number:   1CM718
MARTIN RAPPAPORT CHARITABLE
REMAINDER UNITRUST
JAY PASTERNACK ESQ TRUSTEE
1066 CLIFTON AVENUE
CLIFTON, NJ 07013

(If incorrect, please change)

**NOTE:**   BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY THE ACCOMPANYING INSTRUCTION SHEET.  A SEPARATE CLAIM FORM SHOULD BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL PROTECTION AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE RECEIVED BY THE TRUSTEE ON OR BEFORE March 4, 2009.  CLAIMS RECEIVED AFTER THAT DATE, BUT ON OR BEFORE July 2, 2009, WILL BE SUBJECT TO DELAYED PROCESSING AND TO BEING SATISFIED ON TERMS LESS FAVORABLE TO THE CLAIMANT. PLEASE SEND YOUR CLAIM FORM BY CERTIFIED MAIL - RETURN RECEIPT REQUESTED.

*************************************************************************

1.     Claim for money balances as of **December 11, 2008** :
       a.     The Broker owes me a Credit (Cr.) Balance of          $        0
       b.     I owe the Broker a Debit (Dr.) Balance of             $        0

502180406

c.    If you wish to repay the Debit Balance,
please insert the amount you wish to repay and
attach a check payable to "Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC."
If you wish to make a payment, it must be enclosed
with this claim form.                                    $ _____

d.    If balance is zero, insert "None."                 _____None_____

2.    Claim for securities as of **December 11, 2008**:

**PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.**

|  |  | YES | NO |
|---|---|---|---|
| a. | The Broker owes me securities | X | |
| b. | I owe the Broker securities | | X |

c.    If yes to either, please list below:

| Date of Transaction (trade date) | Name of Security | Number of Shares or Face Amount of Bonds | |
|---|---|---|---|
| | | The Broker Owes Me (Long) | I Owe the Broker (Short) |
| See Nov. 30, 2008 CM718 statements, attached hereto as Exhibit A. | | | |
| $8,400.511.12 (market value of securities long, per CM718-3 statement) | | | |
| 293,700.00 (market value of securities long, per CM718-4 statement | | | |
| (414,740.00) (market value of securities short, per CM718-4 statement | | | |
| TOTAL $8,279,471.12 | | | |

**Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclose, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation. You should also provide all documentation or**

502180406                    2

**information regarding any withdrawals you have ever made or payments received from the Debtor.** See Exhibits A and B, and documents submitted herewith.

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement. If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.
**PLEASE CHECK THE APPROPRIATE ANSWER FOR ITEMS 3 THROUGH 9.**

**NOTE:    IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION ON A SIGNED ATTACHMENT. IF SUFFICIENT DETAILS ARE NOT PROVIDED, THIS CLAIM FORM WILL BE RETURNED FOR YOUR COMPLETION.**

|     |     | YES | NO |
|-----|-----|-----|-----|
| 3. | Has there been any change in your account since December 11, 2008? If so, please explain. | | X |
| 4. | Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of the broker? | | X |
| 5. | Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or policies of the broker? | | X |
| 6. | Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in any way with the broker? If so, give name(s) | | X |
| 7. | Is this claim being filed by or on behalf of a broker or dealer or a bank? If so, provide documentation with respect to each public customer on whose behalf you are claiming. | | X |
| 8. | Have you ever given any discretionary authority to any person to execute securities transactions with or through the broker on your behalf? Give names, addresses and phone numbers. | | X |

9.    Have you or any member of your family
      ever filed a claim under the Securities
      Investor Protection Act of 1970?  if
      so, give name of that broker.                    _____    __X__

      Please list the full name and address of anyone assisting you in the
      preparation of this claim form: Christopher Van De Kieft, Esq.,
      Seeger Weiss LLP, 1 William Street, New York, NY 10004

If you cannot compute the amount of your claim, you may file an estimated claim.  In that
case, please indicate your claim is an estimated claim.

**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM.
CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR
IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.**

**THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY
INFORMATION AND BELIEF.**

Date 2/27/2009    Signature _____ Trustee

Date _____    Signature _____

(If ownership of the account is shared, all must sign above.  Give each owner's name,
address, phone number, and extent of ownership on a signed separate sheet.  If other
than a personal account, e.g., corporate, trustee, custodian, etc., also state your capacity
and authority.  Please supply the trust agreement or other proof of authority.)

**This customer claim form must be completed and mailed promptly,
together with supporting documentation, etc. to:**

Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

502180406

# CUSTOMER CLAIM

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

December 11, 2008

### Explanation of Trustee Capacity and Authority
### Bernard L. Madoff Investment Securities Account No. CM718

| | |
|---|---|
| **Trust Name:** | The Martin Rappaport Charitable Remainder Unitrust |
| **Trustee Name:** | Jay Pasternack, Esq. |
| **Trustee Address:** | 1066 Clifton Avenue, Clifton, NJ  07013 |
| **Trustee Tel. No.:** | 973-773-6777 |

Pursuant to the Trust Agreement for The Martin Rappaport Charitable Remainder Unitrust ("Trust"), dated December 27, 2000 and submitted herewith in Exhibit B, I, Jay Pasternack, am the sole Trustee of the Trust.  As the sole Trustee, I am authorized to file a Securities Investor Protection Corporation Customer Claim for Account No. CM718 with Bernard L. Madoff Securities, Inc.

2/27/09
_____
Date

_____
Jay Pasternack, as Trustee for
The Martin Rappaport Charitable Remainder Unitrust

# EXHIBIT A



BERNARD L. MADOFF
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

MARTIN RAPPAPORT CHARITABLE
REMAINDER UNITRUST
JAY PASTERNACK ESQ TRUSTEE
1066 CLIFTON AVENUE    NJ  07013
CLIFTON

PERIOD ENDING: 11/30/08

PAGE: 1

YOUR ACCOUNT NUMBER: 1-CM718-3-0

YOUR TAX PAYER IDENTIFICATION NUMBER: ******5100

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| | | | | BALANCE FORWARD | | 504,422.37 | |
| 11/12 | 4,628 | | 2640 | WAL-MART STORES INC | 55.830 | 258,566.24 | |
| 11/12 | 3,026 | | 3142 | INTERNATIONAL BUSINESS MACHS | 87.270 | 264,200.02 | |
| 11/12 | 11,214 | | 6966 | EXXON MOBIL CORP | 72.880 | 817,724.32 | |
| 11/12 | 12,282 | | 7468 | INTEL CORP | 14.510 | 178,702.82 | |
| 11/12 | 5,874 | | 11794 | JOHNSON & JOHNSON | 59.580 | 350,206.92 | |
| 11/12 | 8,010 | | 16120 | J.P. MORGAN CHASE & CO | 38.530 | 308,945.30 | |
| 11/12 | 4,272 | | 20445 | COCA COLA CO | 44.660 | 190,957.52 | |
| 11/12 | 2,492 | | 24771 | MCDONALDS CORP | 55.370 | 138,081.04 | |
| 11/12 | 4,628 | | 29097 | MERCK & CO | 28.550 | 132,314.40 | |
| 11/12 | 16,910 | | 33423 | MICROSOFT CORP | 21.810 | 369,483.10 | |
| 11/12 | 8,544 | | 37749 | ORACLE CORPORATION | 17.300 | 148,152.20 | |
| 11/12 | 3,382 | | 50727 | PEPSICO INC | 56.410 | 190,913.62 | |
| 11/12 | 1,958 | | 51229 | APPLE INC | 100.780 | 197,405.24 | |
| 11/12 | 14,418 | | 55053 | PFIZER INC | 16.940 | 244,216.02 | |
| 11/12 | 3,382 | | 55555 | ABBOTT LABORATORIES | 54.610 | 184,826.02 | |
| 11/12 | 6,408 | | 59379 | PROCTER & GAMBLE CO | 64.080 | 410,880.64 | |
| 11/12 | 2,314 | | 59881 | AMGEN INC | 59.160 | 136,988.24 | |
| 11/12 | 4,450 | | 63705 | PHILLIP MORRIS INTERNATIONAL | 43.600 | 194,198.00 | |
| 11/12 | 10,680 | | 64207 | BANK OF AMERICA | 21.590 | 231,008.20 | |
| 11/12 | 3,560 | | 68031 | QUALCOMM INC | 33.770 | 120,363.20 | |
| 11/12 | 11,570 | | 68533 | CITI GROUP INC | 12.510 | 145,202.70 | |
| 11/12 | 2,670 | | 72357 | SCHLUMBERGER LTD | 49.480 | 132,217.60 | |
| 11/12 | 6,408 | | 72859 | COMCAST CORP | 16.510 | 106,052.08 | |
| | | | | CL A | | | |
| | | | | | 2 | | |
| | | | | CONTINUED ON PAGE | | | |



BERNARD L. MADOFF
INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

**PAGE** 2

MARTIN RAPPAPORT CHARITABLE
REMAINDER UNITRUST
JAY PASTERNACK ESQ TRUSTEE
1066 CLIFTON AVENUE    NJ 07013
CLIFTON

**YOUR ACCOUNT NUMBER** 1-CM718-3-0
**PERIOD ENDING** 11/30/08
**YOUR TAX PAYER IDENTIFICATION NUMBER** *****5100

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| 1/12 | 12,638 | | 76683 | AT&T INC | 27 | 341,731.00 | |
| 1/12 | 3,204 | | 77185 | CONOCOPHILIPS | 52,510 | 168,370.04 | |
| 1/12 | 2,136 | | 81009 | UNITED PARCEL SVC INC | 52,040 | 111,242.44 | |
| | | | | CLASS B | | | |
| 1/12 | 12,994 | | 81511 | CISCO SYSTEMS INC | 16,730 | 217,908.62 | |
| 1/12 | 3,738 | | 85335 | U S BANCORP | 29,530 | 110,532.14 | |
| 1/12 | 4,450 | | 85837 | CHEVRON CORP | 73,430 | 326,941.50 | |
| 1/12 | 2,136 | | 89661 | UNITED TECHNOLOGIES CORP | 53,160 | 113,634.76 | |
| 1/12 | 22,606 | | 90163 | GENERAL ELECTRIC CO | 19,630 | 444,659.78 | |
| 1/12 | 6,052 | | 93987 | VERIZON COMMUNICATIONS | 30,410 | 184,283.32 | |
| 1/12 | 534 | | 94489 | GOOGLE | 337,400 | 180,192.60 | |
| 1/12 | 7,476 | | 98315 | WELLS FARGO & CO NEW | 29,800 | 223,083.80 | |
| 1/12 | 5,340 | | 98815 | HEWLETT PACKARD CO | 34,900 | 186,579.00 | |
| 1/12 | | 50,000 | 19831 | U S TREASURY BILL | 99,942 | | 49,971.00 |
| | | | | DUE 12/18/2008 | | | |
| 1/12 | | 8,050,000 | 20926 | U S TREASURY BILL | 99,936 | | 8,044,848.00 |
| | | | | DUE 12/18/2008 | | | |
| 1/12 | | | | U S TREASURY BILL | | | |
| | | | | DUE 2/12/2009 | | | |
| 1/12 | | | | FIDELITY SPARTAN | DIV | | 16.35 |
| | | | | U S TREASURY MONEY MARKET | | | |
| | | | | DIV 11/12/08 | | | |
| 1/12 | | 27,083 | 16024 | FIDELITY SPARTAN | 1 | 27,083.00 | 27,083.00 |
| | | | | U S TREASURY MONEY MARKET | | | |
| 1/12 | 24,597 | | 25393 | FIDELITY SPARTAN | 1 | 24,597.00 | |
| | | | | U S TREASURY MONEY MARKET | | | |
| | | | | CONTINUED ON PAGE 3 | | | |



**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

MARTIN RAPPAPORT CHARITABLE
REMAINDER UNITRUST
JAY PASTERNACK ESQ TRUSTEE
1066 CLIFTON AVENUE    NJ  07013
CLIFTON

| PERIOD ENDING | PAGE |
|---|---|
| 11/30/08 | 3 |

| YOUR ACCOUNT NUMBER | YOUR TAX PAYER IDENTIFICATION NUMBER |
|---|---|
| 1-CM718-3-0 | ******5100 |

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| 1/19 | | | | FIDELITY SPARTAN U S TREASURY MONEY MARKET | DIV | | 3.02 |
| 1/19 | | 24,597 | 50664 | DIV 11/19/08 FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | | 24,597.00 |
| 1/19 | 550,000 | | 55297 | U S TREASURY BILL DUE 03/26/2009 | 99.926 | 549,593.00 | |
| 1/19 | 8,295 | | 59703 | 3/26/2009 FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | | 8,295.00 |
| | | | | NEW BALANCE | | 1,001,754.34 | |
| | | | | SECURITY POSITIONS | MKT PRICE | | |
| | 12,638 | | | AT&T INC | 28.560 | | |
| | 3,382 | | | ABBOTT LABORATORIES | 52.390 | | |
| | 2,314 | | | AMGEN INC | 55.540 | | |
| | 1,958 | | | APPLE INC | 92.670 | | |
| | 10,680 | | | BANK OF AMERICA | 16.250 | | |
| | 4,450 | | | CHEVRON CORP | 79.010 | | |
| | 12,994 | | | CISCO SYSTEMS INC | 16.540 | | |
| | 11,570 | | | CITI GROUP INC | 8.290 | | |
| | 4,272 | | | COCA COLA CO | 46.870 | | |
| | 6,408 | | | COMCAST CORP CL A | 17.340 | | |
| | | | | CONTINUED ON PAGE  4 | | | |



**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

PERIOD ENDING: 11/30/08
YOUR TAX PAYER IDENTIFICATION NUMBER: ******5100
PAGE: 4

MARTIN RAPPAPORT CHARITABLE
REMAINDER UNITRUST
JAY PASTERNACK ESQ TRUSTEE
1066 CLIFTON AVENUE      NJ  07013
CLIFTON

YOUR ACCOUNT NUMBER: 1-CM718-3-0

| DATE | BOUGHT / RECEIVED OR LONG | SOLD / DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| | 3,204 | | | CONOCOPHILLIPS | 52.520 | | |
| | 11,214 | | | EXXON MOBIL CORP | 80.150 | | |
| | 22,606 | | | GENERAL ELECTRIC CO | 17.170 | | |
| | 534 | | | GOOGLE | 292.960 | | |
| | 5,340 | | | HEWLETT PACKARD CO | 35.280 | | |
| | 12,282 | | | INTEL CORP | 13.800 | | |
| | 3,026 | | | INTERNATIONAL BUSINESS MACHS | 81.600 | | |
| | 8,010 | | | J.P. MORGAN CHASE & CO | 31.560 | | |
| | 5,874 | | | JOHNSON & JOHNSON | 58.580 | | |
| | 2,492 | | | MCDONALDS CORP | 58.750 | | |
| | 4,628 | | | MERCK & CO | 26.720 | | |
| | 16,910 | | | MICROSOFT CORP | 20.220 | | |
| | 8,544 | | | ORACLE CORPORATION | 16.090 | | |
| | 3,382 | | | PEPSICO INC | 56.700 | | |
| | 14,418 | | | PFIZER INC | 16.430 | | |
| | 4,750 | | | PHILLIP MORRIS INTERNATIONAL | 42.160 | | |
| | 6,408 | | | PROCTER & GAMBLE CO | 64.350 | | |
| | 3,560 | | | QUALCOMM INC | 33.570 | | |
| | 2,670 | | | SCHLUMBERGER LTD | 50.740 | | |
| | 8,295 | | | FIDELITY SPARTAN | 1 | | |
| | | | | U S TREASURY MONEY MARKET | | | |
| | 3,738 | | | U S BANCORP | 26.980 | | |
| | 2,436 | | | UNITED PARCEL SVC INC | 57.600 | | |
| | | | | CLASS B | | | |
| | 550,000 | | | U S TREASURY BILL | 99.971 | | |
| | | | | DUE 03/26/2009  3/26/2009 | | | |
| | | | | CONTINUED ON PAGE 5 | | | |

**MADF** **BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

MARTIN RAPPAPORT CHARITABLE
REMAINDER UNITRUST
JAY PASTERNACK ESQ TRUSTEE
1066 CLIFTON AVENUE    NJ    07013
CLIFTON

| PERIOD ENDING | PAGE |
|---|---|
| 11/30/08 | 5 |

YOUR TAX PAYER IDENTIFICATION NUMBER
*****5100

YOUR ACCOUNT NUMBER
1-CM718-3-0

| DATE | BOUGHT OR LONG (RECEIVED OR LONG) | SOLD (DELIVERED OR SHORT) | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| | 2,136 | | | UNITED TECHNOLOGIES CORP | 48.530 | | |
| | 6,052 | | | VERIZON COMMUNICATIONS | 32.650 | | |
| | 4,928 | | | WAL-MART STORES INC | 55.880 | | |
| | 7,476 | | | WELLS FARGO & CO NEW | 28.890 | | |
| | | | | MARKET VALUE OF SECURITIES | | | |
| | | | | LONG            SHORT | | | |
| | | | | 8,400,511.12 | | | |

Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

**MADF**  **BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

MARTIN RAPPAPORT CHARITABLE
REMAINDER UNITRUST
JAY PASTERNACK ESQ TRUSTEE
1066 CLIFTON AVENUE    NJ  07013
CLIFTON

| PERIOD ENDING | YOUR TAX PAYER IDENTIFICATION NUMBER | PAGE |
|---|---|---|
| 11/30/08 | ******5100 | 6 |

YOUR ACCOUNT NUMBER
1-CM718-3-0

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| | | | | YEAR-TO-DATE SUMMARY | | | |
| | | | | DIVIDENDS | | | 56,077.98 |
| | | | | GROSS PROCEEDS FROM SALES | | | 55,716,738.22 |

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York ☐ London

MLDF

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 888-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

MARTIN RAPPAPORT CHARITABLE
REMAINDER UNITRUST
JAY PASTERNACK ESQ TRUSTEE
1066 CLIFTON AVENUE
CLIFTON          NJ   07013

PERIOD ENDING: 11/30/08
PAGE: 1

YOUR ACCOUNT NUMBER: 1-CM718-4-0
YOUR TAX PAYER IDENTIFICATION NUMBER: ******5100

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| | | | | BALANCE FORWARD | | | 504,423.00 |
| 11/12 | | 178 | 42075 | S & P 100 INDEX NOVEMBER 460 CALL | 15.800 | | 281,062.00 |
| 11/12 | 178 | | 46401 | S & P 100 INDEX NOVEMBER 450 PUT | 17.800 | 317,018.00 | |
| 11/19 | | 178 | 32500 | S & P 100 INDEX DECEMBER 430 CALL | 26 | | 462,622.00 |
| 11/19 | 178 | | 36831 | S & P 100 INDEX DECEMBER 420 PUT | 30 | 534,178.00 | |
| 11/19 | | 178 | 41156 | S & P 100 INDEX NOVEMBER 460 CALL | 3 | 53,578.00 | |
| 11/19 | | 178 | 45481 | S & P 100 INDEX NOVEMBER 450 PUT | 37 | | 658,422.00 |
| | | | | NEW BALANCE | | | 1,001,755.00 |
| | | | | SECURITY POSITIONS | MKT PRICE | | |
| | | | | S & P 100 INDEX DECEMBER 430 CALL | 23.300 | | |
| | 178 | | | S & P 100 INDEX DECEMBER 420 PUT | 16.500 | | |
| | | | | MARKET VALUE OF SECURITIES LONG 293,700.00   SHORT 414,740.00- | | | |

# *EXHIBIT B*

## EXHIBIT B

1. This Claim Form, exhibits, and supporting documentation (collectively "Claim Form") is submitted pursuant to the December 23, 2008 Order of the Honorable Burton R. Lifland and the instructions disseminated by Irving H. Picard, Trustee for Bernard L. Madoff Investment Securities LLC ("Trustee"), on December 11, 2008.

2. The information provided in the Claim Form is based on information provided in the Claimant's latest Madoff account statement and additional information known by the Claimant as of the date of the submission of the Claim Form. The Claimant reserves the right to amend and/or supplement this Claim Form upon the receipt of further information, or upon request by the Trustee for additional information.

3. The Claimant reserves the right to amend the Claim Form in the event of any recoveries by the Trustee or any other party under the avoidance powers of the Bankruptcy Code or otherwise, or in the event of rejections of executory contracts pursuant to Bankruptcy Code Section 365, whether such amendments are made pursuant to Bankruptcy Code Sections 105, 502(g), or 502(h), Bankruptcy Rule 3002(c)(3), (4), other provisions of applicable bankruptcy law, or general principles of law or equity.

4. The Claimant hereby requests that the Claim Form be considered as a proof of claim in *In re Bernard L. Madoff Investment Securities LLC*, No. 08-01789 (Bankr. S.D.N.Y.).

5. This Claim Form is required to be submitted pursuant to the Court's January 2, 2009 Order and the Trustee's instructions to the Claimant. To the extent permitted by applicable law, the Claimant does not, by submitting the Claim Form, consent to the jurisdiction of the Bankruptcy Court nor does Claimant waive any right to trial by jury.

6. The Claimant reserves all rights, claims, and/or defenses as to and/or against any and all parties potentially liable for the losses sustained by the Claimant, including, without limitation, Bernard L. Madoff Investment Securities LLC and its owners, partners, employees, and affiliates, as well as any potentially liable third parties including, without limitation, investment advisors, "feeder funds," accountants, and auditors.

7. The Claimant further reserves all rights, claims, and/or defenses as to and/or against any persons and/or creditors asserting claims against Bernard L. Madoff Investment Securities LLC, its employees, owners, and/or affiliates, in bankruptcy or otherwise.

8. The Claimant reserves all objections as to the competence, relevance, materiality, privilege, or admissibility of evidence in any subsequent proceeding or trial of this or any other action for any purpose whatsoever, notwithstanding the submission of any such information to the Trustee.

9. To the extent the Claimant has disclosed to the Trustee documents containing accounting and/or legal advice, the Claimant does not waive any potential privileges applicable thereto.

10. The Claimant reserves all rights with respect to submitting information to the Internal Revenue Service regarding gains, losses, and/or theft of assets.

11. The Claim Form and supporting documents contain confidential information. The Claimant submits this information to the Trustee subject to the condition that this information will not to be disclosed to any third parties, other than under seal to the Court, absent the Claimant's express consent or Court order.

12. The Claimant submits herewith documents in support of the Claimant's claim, including documents containing information regarding account transactions, such as contributions and/or withdrawals. The Claimant reserves any arguments that such documents are not relevant to the Trustee's inquiry. The Claimant further reserves the right to supplement this submission, including the submission of additional documents, if deemed necessary. Attached is a list of the documents submitted herewith:

**Martin Rappaport Charitable Remainder Unitrust**
**Bernard L. Madoff Investment Securities Account No. CM718**

| Document Number | Date of Document | Issuing Party | Prepared for | Description of Document |
|---|---|---|---|---|
| 1 | 12/31/2006 | Bernard L. Madoff Investment Securities LLC | Martin Rappaport Charitable Remainder Unitrust | Bernard L. Madoff Investment Securities LLC Portfolio Management Report for the account of Martin Rappaport Charitable Unitrust ("MRCUT") as of December 31, 2006. |
| 2 | 7/31/2006 | Valley National Bank | Martin Rappaport Charitable Remainder Unitrust | Jay Pasternack PA IOLTA Attorney Trust Account, Valley National Bank Account Statement dated July 31, 2006 indicating a $2,236,822.18 debit in favor of "Bernard L. Madof, Rec. Bank: JPMChase." |
| 3 | 7/28/2006 | Valley National Bank | Martin Rappaport Charitable Remainder Unitrust | Valley National Bank Approval of Request for a Wire Transfer from Jay Pasternack's Account to the account of Bernard L. Madoff in the amount of $2,236,822.18. |
| 4 | 12/31/2003 | Merrill Lynch | Martin Rappaport Charitable Remainder Unitrust | Jay Pasternack ESQ TTEE, by Martin Rappaport Charitable Remainder Unitrust, Merrill Lynch Cumulative Activity Report for the period January 1, 2003 through December 31, 2003 indicating a September 15, 2003 redemption of shares by wire in the amount of $1,000,000. |
| 5 | 12/31/2003 | Bernard L. Madoff Investment Securities LLC | Martin Rappaport Charitable Remainder Unitrust | Bernard L. Madoff Investment Securities LLC Portfolio Management Report for the account of MRCUT as of December 31, 2003. |

Martin Rappaport Charitable Remainder Unitrust
Bernard L. Madoff Investment Securities Account No. CM718

| Document Number | Date of Document | Issuing Party | Prepared for | Description of Document |
|---|---|---|---|---|
| 6 | 9/30/2003 | Merrill Lynch | Martin Rappaport Charitable Remainder Unitrust | Jay Pasternack ESQ TTEE, by Martin Rappaport Charitable Remainder Unitrust, Merrill Lynch Portfolio Summary Review for the period August 31, 2003 through September 30, 2003 indicating an electronic transfer in the amount of $1,000,000. |
| 7 | 9/12/2003 | Jay Pasternack | Martin Rappaport Charitable Remainder Unitrust | September 12, 2003 letter from Jay Pasternack, P.A. to Joe Silverman requesting a $1,000,000 wire transfer from MRCUT's Merrill Lynch account to MRCUT's account with Bernard L. Madoff Investment Securities. |
| 8 | 12/31/2002 | Merrill Lynch | Martin Rappaport Charitable Remainder Unitrust | Jay Pasternack ESQ TTEE, by Martin Rappaport Charitable Remainder Unitrust, Merrill Lynch CMA Statement for the period November 30, 2002 through December 31, 2002, confirming the September 5, 2002 electronic transfer in the amount of $2,500,000. |
| 9 | 12/31/2002 | Bernard L. Madoff Investment Securities LLC | Martin Rappaport Charitable Remainder Unitrust | Bernard L. Madoff Investment Securities LLC Portfolio Management Report for the account of MRCUT as of December 31, 2002. |
| 10 | 9/30/2002 | Merrill Lynch | Martin Rappaport Charitable Remainder Unitrust | Jay Pasternack ESQ TTEE, by Martin Rappaport Charitable Remainder Unitrust, Merrill Lynch CMA Statement for the period August 31, 2002 through September 30, 2002, indicating a September 5, 2002 electronic transfer in the amount of $2,500,000. |

**Martin Rappaport Charitable Remainder Unitrust**
**Bernard L. Madoff Investment Securities Account No. CM718**

| Document Number | Date of Document | Issuing Party | Prepared for | Description of Document |
|---|---|---|---|---|
| 11 | | Bernard L. Madoff Investment Securities LLC | Martin Rappaport Charitable Remainder Unitrust | Bernard L. Madoff Investment Securities LLC Account opening documents for the Martin Rappaport Charitable Remainder Trust. |
| 12 | 12/27/2000 | | Martin Rappaport Charitable Remainder Unitrust | Martin Rappaport Charitable Remainder Unitrust Agreement. |

1

PORTFOLIO MANAGEMENT REPORT AS OF 12/31/06

THIS REPORT IS PROVIDED TO ASSIST YOU IN EVALUATING THE PERFORMANCE OF YOUR
ACCOUNT AND SHOULD NOT BE USED FOR INCOME TAX PURPOSES.

MARTIN RAPPAPORT CHARITABLE          1-CM718-3
REMAINDER UNITRUST
JAY PASTERNACK ESQ TRUSTEE
1066 CLIFTON AVENUE
CLIFTON              NJ 07013

STARTING EQUITY FOR CURRENT YEAR                    4,507,516.78CR
CAPITAL ADDITIONS  — *FROM SALE OF GROUND TO LP 9* —  2,236,822.18CR
CAPITAL WITHDRAWALS — *TRANSFER TO ML A/C* — — — —   - 75,000.00-
REALIZED P/L FOR CURRENT YEAR                         684,524.50CR
UNREALIZED P/L ON OPEN SECURITY POSITIONS
CURRENT CASH BALANCE                                        .46CR
NET MARKET VALUE OF OPEN SECURITIES POSITIONS       7,353,863.00   NET LONG
TOTAL EQUITY                                        7,353,863.46CR

ANNUALIZED RETURN FOR CURRENT YEAR     12.64 %

2

**Valley National Bank**                              **Statement Of Account**

JAY PASTERNACK PA
IOLTA ATTORNEY TRUST ACCOUNT                 0
1066 CLIFTON AVE
CLIFTON NJ 07013-3616

| | |
|---|---|
| Page: | 1 |
| Chks Paid: | 1 |
| Statement Date: | 07/31/06 |
| Account Number: | 1051 |

Indicate to the right any changes of address.
Tear at the perforation and return this form
to: Valley Customer Service, 1445 Valley Road,
Wayne, NJ 07470

Street: _____
City, State, Zip: _____
Signature: _____

---

```
************************* IOLTA    1051 *************************
```

**Non-Check Transactions**

| Date | Description | Amount |
|---|---|---|
| 07/03 | TRANSFER TO CK        0084 | 1,571.83- |
| 07/27 | Deposit | 2,321,822.18 ✓ |
| 07/31 | IMAD:20060731B1B7SM1F000069 | 2,236,822.18- |
| | BENEFICIARY NAME:BERNARD L MADOF | |
| | REC BANK:JPMCHASE | |
| 07/31 | Interest Paid | 2,076.55 |

**Checks in Order**

| Date | Number | Amount | Date | Number | Amount |
|---|---|---|---|---|---|
| 07/17 | 4566 | 100.00 | | | |

**Daily Balance Summary**

| Date | Balance | Date | Balance | Date | Balance |
|---|---|---|---|---|---|
| 06/30 | 467,609.25 | 07/17 | 465,937.42 | 07/31 | 553,013.97 |
| 07/03 | 466,037.42 | 07/27 | 2,787,759.60 | | |

**Interest Rate Summary**

| DATE | 0-$99,999 | $100,000 and up |
|---|---|---|
| 07/01 | 0.25000% | 3.15000% |

**Account Summary**
Previous Statement Date: 06/30/06

| Beginning Balance | + Deposits | Interest + Paid | - Withdrawals | Service - Charge | = Ending Balance |
|---|---|---|---|---|---|
| 467,609.25 | 2321,822.18 | 2076.55 | 2238,494.01 | .00 | 553,013.97 |

Statement from 07/01/06 Thru 07/31/06   Avg Stmt Collected Bal      768,422.34
Average Collected Balance for Interest Calculation      768,422.33
Interest Earned    2,076.55      *Annual Percentage Yield Earned   3.23%

Average Balance:    768,422.33      Minimum Balance:   465,937.42

---

**SEE OTHER SIDE FOR IMPORTANT INFORMATION**
Report lost or stolen Valley Check Card to: 1-888-379-9903

**1-800-522-4100 Customer Service**
24 hours a day...7 days a week



www.valleynationalbank.com
©2006 Valley National Bank. Member FDIC. Equal Opportunity Lender

3

**Valley National Bank**

## DOMESTIC / INTERNATIONAL WIRE TRANSFER REQUEST

EWC05-11/05

| Date: | 07/28/2006 | Branch#: | 040 |
|---|---|---|---|
| Amount: | $  2,236,822.18 | Branch Phone#: | 973-773-5900 |
| Purpose of Wire Transfer: | CLOSING | | |

### VNB'S CUSTOMER (ORIGINATOR) ACCOUNT TO BE DEBITED

| Account #: | 1051 | [X] ND | [ ] SV | [ ] Direct Charge | [X] Analysis |
|---|---|---|---|---|---|
| Name: | JAY PASTERNACK PA | | Branch Code: | | |
| Address: | 1066 CLIFTON AVE | | | | |
| City, State, Zip: | CLIFTON, NJ 07013-3616 | | | | |
| Customer Id: | P07753908206472/NJ/083103 | | | | |
| Convert US$ to: | | | | | |
| Rcvr Bank ABA# & Name: | 021000021 | | JP MORGAN CHASE BA | | |

### BENEFICIARY ACCOUNT TO BE CREDITED (BNF)

| Account # & Name: | 140081703 | BERNARD L. MADOFF |
|---|---|---|
| Address 1: | 885 THIRD AVENUE | |
| Address 2: | NEW YORK, NY 10022 | |

### BENEFICIARY BANK (BBK)

| ABA/Acct/Swift# & Name: | | |
|---|---|---|
| Address 1: | | |
| Address 2: | | |
| Address 3: | | |

### INTERMEDIARY BANK (IBK)

| ABA/Acct/Swift# & Name: | | |
|---|---|---|
| Address 1: | | |
| Address 2: | | |
| Address 3: | | |
| Originator to Beneficiary Information (OBI): | | |

| | 1st APPROVED BY | Title or Excused | 2nd APPROVED BY | | Title or Excused |
|---|---|---|---|---|---|
| TL# & Name: | 4085 | ANN KURSAR | VP | 4081 | ATHENS TITUS | AC |
| Signature: | | | | | | |

| [ ] NSF/UNCOLLECTED LENDING AUTHORITY (if applicable) | | Lending Limit: | $0.00 |
|---|---|---|---|
| Signature: | | TL# | Last Name | Title or Excused |
| | | 0 | | |

**RECEIVED WIRE TRANSFER REQUEST:** [X] In Person (Customer must sign below)    [ ] Fax

**CALL BACK VERIFICATION**

| | | Instructions Received by | ELIZABETH PIRES |
|---|---|---|---|
| Customer Name Contacted: | | Verified By: | |

CUSTOMER AGREES TO VALLEY NATIONAL BANK'S WIRE TERMS AND CONDITIONS

Customer Signature: _____    Date: 7-28-06

4

# Merrill Lynch

**JAY PASTERNACK ESQ TTEE**
U/A DTD 12/27/2000
BY MARTIN RAPPAPORT
CHARITABLE REMAINDER UNITRUST
1066 CLIFTON AVE
CLIFTON NJ 07013-3616

Merrill Lynch Institutional Tax-Exempt Fund

Cumulative Statement for 01/01/2003 - 12/31/2003

Account Number
7641-0

Financial Advisor
The Silverman Group
(--82167532)

Account Value As Of 12/31/2003
$1,052,865.96

Dividends
| 01/01/2003 - 12/31/2003 | Year To Date |
|---|---|
| $17,193.19 | $17,193.19 |

> MERRILL LYNCH FUNDS FOR INSTITUTIONS WILL
> BE CLOSED ON MONDAY, JANUARY 19 IN
> OBSERVANCE OF MARTIN LUTHER KING, JR. DAY.

> THE AVERAGE NET ANNUALIZED YIELD FOR THE
> MONTH OF DECEMBER WAS 0.90%.

## Account Activity

| Confirm Date | Trade Date | Transaction Description | Dollar Amount of Transaction | Share Price | Balance After Transaction |
|---|---|---|---|---|---|
| | | Beginning Balance | | | $2,360,672.77 |
| 01/10/2003 | 01/10/2003 | Shares Redeemed By Wire | $50,000.00 | $1.00 | $2,310,672.77 |
| 01/31/2003 | 01/31/2003 | Div Reinvest | $1,922.38 | $1.00 | $2,312,595.15 |
| 02/28/2003 | 02/28/2003 | Div Reinvest | $1,761.83 | $1.00 | $2,314,356.98 |
| 03/31/2003 | 03/31/2003 | Div Reinvest | $1,950.44 | $1.00 | $2,316,307.42 |
| 04/04/2003 | 04/04/2003 | Shares Redeemed By Wire | $100,000.00 | $1.00 | $2,216,307.42 |
| 04/30/2003 | 04/30/2003 | Div Reinvest | $1,925.35 | $1.00 | $2,218,232.77 |
| 05/31/2003 | 05/31/2003 | Div Reinvest | $2,039.15 | $1.00 | $2,220,271.92 |
| 06/30/2003 | 06/30/2003 | Div Reinvest | $1,695.94 | $1.00 | $2,221,967.86 |
| 07/11/2003 | 07/11/2003 | Shares Redeemed By Wire | $100,000.00 | $1.00 | $2,121,967.86 |
| 07/31/2003 | 07/31/2003 | Div Reinvest | $1,267.93 | $1.00 | $2,123,235.79 |
| 08/31/2003 | 08/31/2003 | Div Reinvest | $1,284.34 | $1.00 | $2,124,520.13 |
| 09/15/2003 | 09/15/2003 | Shares Redeemed By Wire | $1,000,000.00 | $1.00 | $1,124,520.13 |
| 09/30/2003 | 09/30/2003 | Div Reinvest | $1,009.87 | $1.00 | $1,125,530.00 |
| 10/16/2003 | 10/16/2003 | Shares Redeemed By Wire | $75,000.00 | $1.00 | $1,050,530.00 |
| 10/31/2003 | 10/31/2003 | Div Reinvest | $750.82 | $1.00 | $1,051,280.82 |
| 11/30/2003 | 11/30/2003 | Div Reinvest | $781.60 | $1.00 | $1,052,062.42 |
| 12/31/2003 | 12/31/2003 | Div Reinvest | $803.54 | $1.00 | $1,052,865.96 |
| | | Ending Balance | | | $1,052,865.96 |

Account Number    7641-0    (page 1 of 1)

5

PORTFOLIO MANAGEMENT REPORT AS OF 12/31/03

THIS REPORT IS PROVIDED TO ASSIST YOU IN EVALUATING THE PERFORMANCE OF YOUR
ACCOUNT AND SHOULD NOT BE USED FOR INCOME TAX PURPOSES.

MARTIN RAPPAPORT CHARITABLE          1-CM718-3
REMAINDER UNITRUST
JAY PASTERNACK ESQ TRUSTEE
1066 CLIFTON AVENUE
CLIFTON          NJ 07013

STARTING EQUITY FOR CURRENT YEAR              2,553,522.08CR
CAPITAL ADDITIONS                             1,000,000.00CR
CAPITAL WITHDRAWALS
REALIZED P/L FOR CURRENT YEAR                   282,170.25CR
UNREALIZED P/L ON OPEN SECURITY POSITIONS
CURRENT CASH BALANCE                                  .33CR
NET MARKET VALUE OF OPEN SECURITIES POSITIONS  3,835,692.00      NET LONG
TOTAL EQUITY                                   3,835,692.33CR

ANNUALIZED RETURN FOR CURRENT YEAR              9.90 %

---

□ CORRECTED (if checked)

| PAYER'S name, street address, city, state, ZIP code, and telephone no. | 1a Date of sale | OMB No. 1545-0715 | | Proceeds From Broker and Barter Exchange Transactions |
|---|---|---|---|---|
| BERNARD L. MADOFF<br>885 THIRD AVE.<br>NEW YORK, NY   10022 | 1b CUSIP no. | 2003 | | |
| | 2 Stocks, bonds, etc.<br>$ 42627160.62 | Form 1099-B | | |
| DIRECT INQUIRIES TO:212 230-2470 | | Reported to IRS ☒ Gross proceeds<br>□ Gross proceeds less commissions and option premiums | | |
| PAYER'S Federal identification number | RECIPIENT'S identification number | 3 Bartering | 4 Federal income tax withheld | |
| 13-1997126 | 22-6875100 | $ | $ | |
| RECIPIENT'S name, address, and ZIP code | 5 Description | | | Copy B<br>For Recipient |

6

# Portfolio Summary Review

ılıılıllıllılııllılıılıllılılıllıllı.llı
MR JAY PASTERNACK ESQ TTEE
U/A DTD 12/27/2000
BY MARTIN RAPPAPORT
CHARITABLE REMAINDER UNITRUST
1065 CLIFTON AVE
CLIFTON NJ 07013-3616

**YOUR FINANCIAL ADVISOR:**
THE SILVERMAN GROUP

(800) 597-1434

**For Client Service Questions Call:**
1-800-MERRILL (1-800-637-7455)

**Office Serving Your Account**
1700 ROUTE 23 NORTH SUITE 200
WAYNE NJ          07470

**Review Your Statement Online at:**
www.mbol.ml.com

## Total Value as of September 30, 2003
## $1,189,585.63

### Asset Allocation Summary

| | Percent |
|---|---|
| □ Cash/Money Accounts | 100 |
| **Total 100** | |

* Estimated Accrued Interest not included. May not reflect all holdings.

### Total Value Comparison (in $ millions)



| 7/01 | 12/01 | 12/02 | 1/03 | 2/03 | 7/03 | 8/03 | 9/03 |
| .216 | .411 | 2.48 | 2.38 | 2.29 | 2.16 | 2.17 | 1.19 |

Total Value includes credits, debits, and change in market value.
Unpriced Securities are not included in total Value.

### Accounts Included in this Summary

| Account No. | Account Name | Account Type/ Managing Firm | Page | Total Value ($) This Month | Last Month |
|---|---|---|---|---|---|
| - 7532 | MR JAY PASTERNACK ESQ TTEE | CMA | 4 | 1,189,585 | 2,174,470 |
| | **Total** | | | **1,189,585** | **2,174,470** |

### Gains and Losses ($)

| | Realized YTD | | Unrealized | |
|---|---|---|---|---|
| | Short Term | Long Term | Short Term | Long Term |

Page
**SUMMARY 1**

**Statement Period**
08/30/03  TO 09/30/03

Account No.
1532

000021 7777

# Portfolio Summary Review

## Activity Summary ( All Accounts )

| Credits | This Statement ($) | Year-To-Date ($) | | Debits | This Statement ($) | Year-To-Date ($) |
|---|---|---|---|---|---|---|
| Security Sales | 0.00 | 0.00 | | Security Purchases | 0.00 | 0.00 |
| Income | 16.65 | 209.08 | | Withdrawals | 0.00 | 0.00 |
| Funds Received | 14,843.75 | 133,593.75 | | Electronic Transfers (Debit) | 1,000,000.00 | 1,000,000.00 |
| Electronic Transfers( Credits ) | 0.00 | 0.00 | | Interest Debits | 30.00 | 30.00 |
| Other Credits | 1,000,000.00 | 1,250,000.00 | | Interest | 0.00 | 130.00 |
| | | | | Checks Written | 1,000.00 | 440,863.50 |
| | | | | Visa Purchases | 0.00 | 0.00 |
| **Total Credit** | 1,014,860.40 | 1,383,796.83 | | **Total Debit** | 1,001,030.00 | 1,441,013.50 |
| | | | | **Net Activity** | 13,830.40 | 57,216.67DR |

## Income Summary ($)

| | This Statement | | | | | | Year-to-Date | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Account Number | Tax-Exempt Interest | Interest | Non-Reportable Dividends | Dividends | TOTAL | | Tax-Exempt Interest | Interest | Non-Reportable Dividends | Dividends | TOTAL |
| 021-67532 | | | 17 | | 17 | | | | 203 | | 203 |
| Total | | | 17 | | 17 | | | | 203 | | 203 |

## Financial Market Indicators

| | This Statement | Last Statement | Previous Year-End | | | This Statement | Last Statement | Previous Year-End |
|---|---|---|---|---|---|---|---|---|
| S&P 500 | 995.97 | 1008.01 | 879.82 | | NASDAQ | 1786.94 | 1810.59 | 1335.51 |
| Three-Month Treasury Bills | 0.94% | 0.91% | 1.19% | | | | | |
| Long-Term Treasury Bonds | 4.88% | 5.21% | 4.78% | | | | | |
| One-Month LIBOR | 1.12% | 1.12% | 1.36% | | | | | |

Investors looking for current income often turn to fixed-income securities. However, some bonds are appropriate for investors who do not need steady income. Zero-coupon bonds do not make regular interest payments but rather offer an assured return, if held to maturity. Speak with your Financial Advisor about how zero-coupon bonds may help you reach your education planning or retirement goals.

Equities offer greater opportunities for growth but also come with higher risk. Diversification by sector, industry and number of stocks can significantly reduce portfolio volatility. For investors looking to build diversified equity portfolios, Merrill Lynch has model Client Profile Portfolios. These sector-based portfolios correspond with the objectives of the five Merrill Lynch investor profiles.

# Portfolio Summary Review

## Top Portfolio Holdings > 5% ( by Market Value )

| Quantity | Security Description | Total Cost Basis | Estimated Market Value | Unrealized Gain or (Loss) | Equity Sector | % of Portfolio |
|---|---|---|---|---|---|---|
| **Cash/Money Accounts** | | | | | | |
| 1,124,520 | M. INSTITUTIONAL TAX EXE | 1,124,520 | 1,124,520 | N/A | N/A | 94.53 |
| 65,065 | CHA NJ MUNICIPAL MONEY | 65,065 | 65,065 | N/A | N/A | 5.47 |
| **Total** | | 1,189,595 | 1,189,595 | | | 100.00 |

Account No.
--...-.532

Statement Period
08/30/03 TO 09/30/03

Page
SUMMARY 3

00021 777

7

*JAY PASTERNACK, P.A.*

*A Professional Corporation*

*Attorney at Law*

*1066 Clifton Avenue, P.O. Box 3054*

*Clifton, NJ 07012*

*Tel.: 973-773-6777*

*Fax: 973-773-2240*

*E-Mail: jpast.law@juno.com*

September 12, 2003

**VIA FACSIMILE**
The Silverman Group
Attn: Joe Silverman

RE: The Martin Rappaport Charitable Remainder Unitrust
Account No. 3532

Dear Joe:

Please arrange to transfer the sum of $1,000,000.00 from the above-referenced Merrill Lynch account to MRCRUT's account with Bernard L. Madoff Investment Securities, LLC. The wire-transfer information is as follows:

JP Morgan Chase Bank
40 Wall Street
New York, NY 10015
ABA #: 021 00 021
For Further Credit To:
Bernard L. Madoff
Account #: 140 081 703
FBO: Martin Rappaport Charitable Remainder Unitrust
Jay Pasternack, Esq., Trustee
Account: #: 1-CM718-3-0

Very truly yours,

JAY PASTERNACK, P.A.

JAY PASTERNACK

JP:aa
Cc: Bernard L. Madoff Investment Securities LLC (Via Fax)
Martin Rappaport (Via Fax)
Steve Landau (Via Fax)

8

## CMA® ACCOUNT

**Merrill Lynch**

### Cash Flow Summary

| Activity Summary | This Statement | Year-to-Date |
|---|---|---|
| Opening Balance Cash & Money Accounts | 115,455.50 | |
| Net Credits & Debits | 6,826.67 | 289,132.60DR |
| Closing Balance Cash & Money Accounts | 122,282.17 | |

| Credits | This Statement | Year-to-Date |
|---|---|---|
| Sales | | 2,314.10 |
| Income | 80.42 | 308,511.00 |
| Funds Received | | 4,902,453.63 |
| Electronic Tfrs | 14,843.75 | 2,793,487.39 |
| Other | | |
| **Total Credits** | **14,924.17** | **8,006,769.12** |

| Debits | This Statement | Year-to-Date |
|---|---|---|
| Purchases | | |
| Withdrawals | | |
| Electronic Tfrs | | |
| CMA Checks | 8,097.50 | |
| Other | | |
| **Total Debits** | **8,097.50** | **8,295,901.72** |

### Current Portfolio

| Quantity | Security Description | Date Acquired | Adjust/Unit Cost Basis | Total Cost Basis | Estimated Market Price | Estimated Market Value | Unrealized Gain or (Loss) | Estimated Accrued Interest | Estimated Annual Income | Current Yield % |
|---|---|---|---|---|---|---|---|---|---|---|
| **Cash and Money Accounts** | | | | | | | | | | |
| | CASH | | | 1 | | 1 | | | | |
| 122,281 | CMA NJ MUNICIPAL MONEY | | 1.00 | 122,281 | 1.00 | 122,281 | | | 880 | .72 |
| 2,358,434 | ML INSTITUTIONAL TAX EXEMPT (7400 FRACTIONAL SHARE) AS OF 12/31/02 DIV NOT INCL | | 1.00 | 2,358,434 | 1.00 | 2,358,434 | | | 26,414 | 1.12 |
| **Total Cash and Money Accounts** | | | | 2,480,716 | | 2,480,716 | | | 27,294 | 1.10 |
| **Total of Long Portfolio** | | | | 2,480,716 | | 2,480,716 | | | 27,294 | 1.10 |

### Monthly Activity

| Date | Transaction | Quantity | Description | Price | Debit | Credit |
|---|---|---|---|---|---|---|
| **Dividends and Interest** | | | | | | |
| 12/31 | Share Dividend | 80 | CMA NJ MUNICIPAL MONEY | | | |
| 12/31 | Cash Dividend | | CMA NJ MUNICIPAL MONEY FROM 11-29 THRU 12-31 | | | .42 |
| | Income Total | | CMA NJ MUNICIPAL MONEY | | | 80.00 |

MR JAY PASTERNACK ESQ TTEE

Account No. 7552

Page 5 of 7

Statement Period 11/30/02 TO 12/31/02

007021 7777

0024244

6162 (11-02)

**Merrill Lynch**

# PORTFOLIO SUMMARY REVIEW

## Activity Summary ( All Accounts )

| Credits | This Statement ($) | Year-To-Date ($) |
|---|---|---|
| Security Sales | 0.00 | 0.00 |
| Income | 80.42 | 2,314.10 |
| Funds Received | 14,843.75 | 308,514.10 |
| Electronic Transfers ( Credits ) | 0.00 | 4,902,453.63 |
| Other Credits | 0.00 | 2,793,487.39 |
| **Total Credit** | **14,924.17** | **8,006,769.12** |

| Debits | This Statement ($) | Year-To-Date ($) |
|---|---|---|
| Security Purchases | 0.00 | 0.00 |
| Withdrawals | 0.00 | 0.00 |
| Electronic Transfers (Debit) | 0.00 | 2,500,000.00 |
| Other Debits | 0.00 | 5,136,820.00 |
| Interest | 0.00 | 0.00 |
| Checks Written | 8,097.50 | 659,081.72 |
| Visa Purchases | 0.00 | 0.00 |
| **Total Debit** | **8,097.50** | **8,295,901.72** |
| **Net Activity** | **6,826.67** | **289,132.60DR** |

## Income Summary ($)

| Account Number | This Statement | | | | | Year-to-Date | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | Tax-Exempt Interest | Interest | Non-Reportable Dividends | Dividends | TOTAL | Tax-Exempt Interest | Interest | Non-Reportable Dividends | Dividends | TOTAL |
| 821-67532 | | | 80 | | 80 | | 1,792 | 522 | | 2,314 |
| Total | | | 80 | | 80 | | 1,792 | 522 | | 2,314 |

## Financial Market Indicators

| | This Statement | Last Statement | Previous Year-End |
|---|---|---|---|
| S&P 500 | 879.82 | 936.31 | 1148.08 |
| Three-Month Treasury Bills | 1.19% | 1.22% | 1.71% |
| Long-Term Treasury Bonds | 4.78% | 5.04% | 5.47% |

The beginning of the year is an opportune time to review your port-folio. Your Financial Advisor can assist you in re-examining your progress toward your financial goals and help you to determine what you should do next. Remember, as your personal situation and financial markets change, adjustments to your asset allocation and investment strategy may be appropriate.

Account No. 7532

Statement Period 11/30/02 TO 12/31/02

The beginning of the year is an opportune time to review your port-folio. Your Financial Advisor can assist you in re-examining your progress toward your financial goals and help you to determine what you should do next. Remember, as your personal situation and financial markets change, adjustments to your asset allocation and investment strategy may be appropriate.

Page MMARY 2

6162 (11-02)

00702? 7777

0025240

9

PORTFOLIO MANAGEMENT REPORT AS OF 12/31/02

THIS REPORT IS PROVIDED TO ASSIST YOU IN EVALUATING THE PERFORMANCE OF YOUR
ACCOUNT AND SHOULD NOT BE USED FOR INCOME TAX PURPOSES.

```
MARTIN RAPPAPORT CHARITABLE          1-CM718-3
REMAINDER UNITRUST
JAY PASTERNACK ESQ TRUSTEE
1066 CLIFTON AVENUE
CLIFTON              NJ 07013
```

| | | |
|---|---|---|
| STARTING EQUITY | 9/05/02 | 2,500,000.00CR |
| CAPITAL ADDITIONS | | |
| CAPITAL WITHDRAWALS | | |
| REALIZED P/L FOR CURRENT YEAR | | 53,522.08CR |
| UNREALIZED P/L ON OPEN SECURITY POSITIONS | | |
| CURRENT CASH BALANCE | | .83CR |
| NET MARKET VALUE OF OPEN SECURITIES POSITIONS | | 2,553,521.25    NET LONG |
| TOTAL EQUITY | | 2,553,522.08CR |

ANNUALIZED RETURN FOR CURRENT YEAR        6.62 %

10

# Priority Client Services

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
MR JAY PASTERNACK ESQ TTEE
U/A DTD 12/27/2000
BY MARTIN RAPPAPORT
CHARITABLE REMAINDER UNITRUST
1066 CLIFTON AVE
CLIFTON NJ 07013-3616

**YOUR FINANCIAL ADVISOR:**
THE SILVERMAN GROUP

(800) 587-1434

For Client Service Questions Call:
1-800-MERRILL (1-800-637-7455)

**Office Serving Your Account**
1700 ROUTE 23 NORTH SUITE 200
WAYNE NJ       07470

## Total Value as of September 30, 2002
## $2,592,977.93

### Total Value Comparison (in $ millions )



.216  .491  .381  4.17  4.05  4.06  2.59

7/01 12/01 10/02 2/02 7/02 7/02 8/02 9/02

### Summary of Account(s)

| Account Type | Total Value This Month | Last Month | Gains and Losses YTD: Realized Unrealized |
|---|---|---|---|
| 1 CMA | 2,592,977 | 4,063,736 | |
| Total | 2,592,977 | 4,063,736 | |

### Asset Allocation Summary



Cash
100%      * May not reflect all holdings

### Statement Information

| Account No. | Account Name | Page |
|---|---|---|
| 7532 | MR JAY PASTERNACK ESQ TTEE | 2 to 6 |

PLEASE SEE REVERSE SIDE

Page
1 of 6

Statement Period
08/31/02 TO 09/30/02

Account No.
7532

This page intentionally left blank.

cu 01-03 cgm    Doc 1017-2    Filed 11/24/09    Entered 11/24/09 17:01:24    Exh...

# Priority Client CMA Account

Illₙ..Ill..Illₙₙₙ.Il.ₙᵢₗ.Il.ₙₙₙₗₗₗ.ₙₗₗ.I.I)
MR JAY PASTERNACK ESQ TTEE
U/A DTD 12/27/2000
BY MARTIN RAPPAPORT
CHARITABLE REMAINDER UNITRUST
1896 CLIFTON AVE
CLIFTON NJ 07013-3616

## Total Account Value As Of 09/30/2002

**$2,592,977.93**

YOUR FINANCIAL ADVISOR:
THE SILVERMAN GROUP

(800) 587-1434

FOR CUSTOMER SERVICE QUESTIONS:

Your Merrill Lynch Office:
1700 ROUTE 23 NORTH SUITE 200
WAYNE NJ    07470

1-800-MERRILL (1-800-637-7455)

## Monthly Portfolio Summary

| Asset | 08/30/02 Value | % | 09/30/02 Value | % |
|---|---|---|---|---|
| Cash/Money Accounts | 4,063,736 | 100 | 2,592,977 | 100 |
| CD's/Equivalents | | | | |
| Government Securities | | | | |
| Corporate Bonds | | | | |
| Municipal Bonds | | | | |
| Equities | | | | |
| Mutual Funds | | | | |
| Options | | | | |
| Other | | | | |
| | | | | |
| Long Market Value | 4,063,736 | | 2,592,977 | |
| Short Market Value | | | | |
| Estimated Accrued Interest | | | | |
| Debit Balance | | | | |
| | | | | |
| Net Portfolio Value | 4,063,736 | | 2,592,977 | |

## Income Summary

| | This Statement | Year-to-Date |
|---|---|---|
| Tax-Exempt Funds | | |
| Tax-Exempt Interest | 41.37 | 140.58 |
| Reportable Interest | | 1,791.74 |
| Reportable Dividends | | |
| Income Not Reported | | |
| **Total** | **41.37** | **1,932.32** |

### Items for Attention

| Security | Message | Date |
|---|---|---|
| | No Items For Attention | |

**Purchasing Power 1,079,484**

## Financial Market Indicators

| | This Statement | Last Statement | Previous Year-End |
|---|---|---|---|
| Dow Jones Industrial Average | 7591.58 | 8663.50 | 10021.64 |
| Three-Month Treasury Bills | 1.55% | 1.66% | 1.71% |
| Long-Term Treasury Bonds | 4.67% | 4.93% | 5.47% |

## NEWS

Please see the enclosed Merrill Lynch & You newsletter
for an important announcement of a new low balance fee.

Our simplified stock rating system took effect September 9th and
is reflected in this statement. For a description of the new system,
visit our client websites at ML.OL ML.COM or call your FA.

MR JAY PASTERNACK ESQ TTEE

Page
2 of 6

Statement Period
08/31/02 TO 09/30/02

Account No.
7532

# Priority Client CMA Account

## Cash Flow Summary

| Activity Summary | This Statement | Year-to-Date |
|---|---|---|
| Opening Balance Cash & Money Accounts | 54,455.41 | |
| Net Credits & Debits | 1,025,029.09 | 668,069.73 |
| Closing Balance Cash & Money Accounts | 1,079,484.50 | |

| Credits | This Statement | Year-to-Date | Debits | This Statement | Year-to-Date |
|---|---|---|---|---|---|
| Sales | 41.37 | 1,932.32 | Purchases | | |
| Income | 14,893.75 | 263,982.75 | Withdrawals | | |
| Funds Received | 1,010,721.47 | 4,902,453.63 | Electronic Tfrs | 2,500,000.00 | 2,500,000.00 |
| Electronic Tfrs | 2,500,000.00 | 2,600,000.00 | CMA Checks | 557.50 | 494,455.47 |
| Other | | | Other | 20.00 | 4,105,843.50 |
| **Total Credits** | 3,525,606.59 | 7,769,368.70 | **Total Debits** | 2,500,577.50 | 7,100,298.97 |

## Current Portfolio

| Quantity | Security Description | Date Acquired | Adjust/Unit Cost Basis | Total Cost Basis | Estimated Market Price | Estimated Market Value | Unrealized Gain or (Loss) | Estimated Accrued Interest | Estimated Annual Income | Current Yield % |
|---|---|---|---|---|---|---|---|---|---|---|
| | **Cash and Money Accounts** | | | | | | | | | |
| | CASH | | | | | | | | | |
| 68,763 | CMA NJ MUNICIPAL MONEY | | 1.00 | 1,010,721 | 1.00 | 1,010,721 | | | 598 | .87 |
| 1,513,493 | ML INSTITUTIONAL TAX EXEMPT (4300 FRACTIONAL SHARE) AS OF 09/30/02 DIV NOT INCL | | 1.00 | 1,513,493 | 1.00 | 1,513,493 | | | 19,675 | 1.30 |
| | **Total Cash and Money Accounts** | | | 2,592,977 | | 2,592,977 | | | 20,273 | 1.26 |
| | **Total of Long Portfolio** | | | 2,592,977 | | 2,592,977 | | | 20,273 | .78 |

## Monthly Activity

| Date | Transaction | Quantity | Description | Price | Debit | Credit |
|---|---|---|---|---|---|---|
| **Dividends and Interest** | | | | | | |
| 09/06 | Dividend | | CMA NJ MUNICIPAL MONEY FROM 08-30 THRU 09-05 | | | 8.77 |
| 09/27 | Share Dividend | | CMA NJ MUNICIPAL MONEY | | | |
| 09/27 | Cash Dividend | 32 | CMA NJ MUNICIPAL MONEY FROM 08-30 THRU 09-26 | | | .60 |
| | Income Total | | CMA NJ MUNICIPAL MONEY | | | 32.00 |

MR JAY PASTERNACK ESQ TTEE

Account No. 1532

Page 3 of 6

Statement Period 08/31/02 TO 09/30/02.

03021 277)

# Priority Client CMA® Account

## Monthly Activity

| Date | Transaction | Quantity | Description | Price | Debit | Credit |
|------|-------------|----------|-------------|-------|-------|--------|
| **Net Total** | | | | | | |
| **Funds Received** | | | | | | |
| 09/06 | Funds Received | | | | | 41.37 |
| **Net Total** | | | | | | 14,843.75 |
| **Electronic Transfers** | | | | | | |
| 09/05 | Wire Transfer | | WIRE TRF OUTP2002248280G | | | 14,843.75 |
| 09/30 | Wire Transfer | | WIRE TRF IN 020022735757 ORC=/20450180201JAY PASTE | | 2,500,000.00 | |
| **Total** | | | | | | 1,010,721.47 |
| **Other Activity** | | | | | | |
| 09/05 | Journal Entry | | ML INST. TAX-EXE | | 2,500,000.00 | 1,010,721.47 |
| 09/05 | Journal Entry | | TRANSFR FEE P2002248280G | | 20.00 | 2,500,000.00 |
| **Net Total** | | | | | | 2,499,980.00 |

## Summary of Checking Activity

| Date Cleared | Date Written | Check Number | Payee | Amount |
|--------------|--------------|--------------|-------|--------|
| 09/19 | 09/10 | 143 | JAY PASTERNACK PA | 500.00 |
| 09/17 | 09/10 | 144 | STEVEN F LANDAU CPA | 57.50 |
| **Total Checking Activity** | | | | 557.50 |

## Daily Activity Review

| Date | Transaction | Quantity | Description | Price | Amount | Cash Balance | Money Account Balance |
|------|-------------|----------|-------------|-------|--------|--------------|----------------------|
| 08/30 | Opening Balance | | | | | 1.41CR | 54,454 |
| 09/03 | Purchase | 1 | CMA NJ MUNICIPAL MONEY | | 1.00 | .41CR | 54,455 |
| 09/05 | Journal Entry | | ML INST. TAX-EXE | | 2,500,000.00CR | | |
| 09/05 | Journal Entry | | TRANSFR FEE P2002248280G | | 20.00 | | |
| 09/05 | Wire Transfer | | WIRE TRF OUTP2002248280G | | 2,500,000.00 | | |
| 09/05 | Sale | -54,455 | CMA NJ MUNICIPAL MONEY | | 54,455.00CR | 54,935.41CR | |
| 09/06 | Funds Received | | | | 14,843.75CR | | |

MR JAY PASTERNACK ESQ TTEE

Statement Period
08/31/02 TO 09/30/02          Account No.
7532

07021 2773

# Priority Client CMA Account

## Daily Activity Review

| Date | Transaction | Quantity | Description | Price | Amount | Cash Balance | Money Account Balance |
|---|---|---|---|---|---|---|---|
| 09/06 | Dividend | | CMA NJ MUNICIPAL MONEY FROM 09-30 THRU 09-05 | | 8.77CR | | |
| 09/06 | Purchase | 54,435 | CMA NJ MUNICIPAL MONEY | | 54,435.00 | 14,852.93CR | 54,435 |
| 09/09 | Purchase | 14,852 | CMA NJ MUNICIPAL MONEY | | 14,852.00 | .93CR | 69,287 |
| 09/17 | Check | | STEVEN F LANDAU CPA | | 57.50 | | |
| 09/19 | Check | -57 | CMA NJ MUNICIPAL MONEY | | 57.00CR | .43CR | 69,230 |
| 09/19 | Sale | | JAY PASTERNACK PA | | 500.00 | | |
| 09/27 | Share Dividend | -500 | CMA NJ MUNICIPAL MONEY | | 500.00CR | .43CR | 68,730 |
| 09/27 | Cash Dividend | 32 | CMA NJ MUNICIPAL MONEY FROM 08-30 THRU 09-26 | | .60CR | | |
| 09/30 | Wire Transfer | | WIRE TRF IN D200227135757 ORG=/20V05018002JAY PASTE | | 1,010,721.47CR | 1.03CR | 68,762 |
| 09/30 | Purchase | 1 | CMA NJ MUNICIPAL MONEY | | 1.00 | | |
| 09/30 | Closing Balance | 1,513,493 | Consolidation of Money Funds | | 1,810,721.50CR | 1,010,721.50CR | 1,582,255 |

**Customer Service**  For information about your account, please call 1-800-MERRILL (1-800-637-7455). To report Lost or Stolen Visa Cards or Checks, please call 1-800-262-5678.

MR JAY PASTERNACK ESQ TTEE

| Page | Statement Period | Account No. |
|---|---|---|
| 5 of 6 | 08/31/02 TO 09/30/02 | 7532 |

03921 2771

+

# Priority Client CMA Account

*** END OF STATEMENT ***

MR JAY PASTERNACK ESQ TTEE

Page
6 of 6

Statement Period
08/30/02 TO 09/30/02

Account No.
7532

11



**BERNARD L. MADOF**
INVESTMENT SECURITIES LLC
885 Third Avenue New York, NY 10022

212 230-2424
800 334-1343
Fax 212 486-8178

TAX ID NO.                                   ACCT# ASSIGNED

22-6875100  _____        _____

Mr./Mrs./Ms. Martin Rappaport Charitable Remainder Unitrust
NAME
Jay Pasternack, Esq., Trustee - 1066 Clifton Avenue
STREET
Clifton,                    New Jersey              07013
CITY                        STATE                    ZIP
(973) 773-6777
TEL. NUMBER                     BUSINESS                RESIDENCE

REG. REP_____

WE DEEM THE QUESTIONS CONTAINED IN THIS SECTION TO BE REQUIRED BY THE
"KNOW YOUR CUSTOMER" RULE OF THE NATIONAL ASSOCIATION OF SECURITY
DEALERS, AND, THEREFORE, MUST BE ANSWERED IN FULL.

RESIDENCE_____

           N/A
NAME OF EMPLOYER (IF HOUSEWIFE, NAME THE HUSBAND'S EMPLOYER)

EMPLOYER'S ADDRESS___ N/A

OCCUPATION _____

BANK REFERENCE AND ADDRESS___ Valley National Bank-Allwood Branch
                              Clifton, New Jersey
OTHER BROKERAGE ACCOUNTS _____

CLIENT INTRODUCED BY_____

### FOR OFFICE USE ONLY

R R.'S ESTIMATE OF CLIENTS NET WORTH _____

IS CLIENT OVER 21 YEARS OF AGE        YES_____    NO_____

HOW LONG HAVE YOU KNOWN CLIENT_____

CLIENT IS CITIZEN OF_____

APPROVED BY_____

DATE SENT TO CLIENT                 DATE SENT TO CLIENT

MARGIN AGREEMENT    _____     MAIL WAIVER FORM     _____
JOINT AGREEMENT     _____     MULTIPLE A/C FORM    _____
CORPORATE ACCOUNT FORM _____     CORPORATE RESOLUTION_____
CO-PARTNERSHIP FORM _____

Affiliated with:
Madoff Securities International Limited
12 Berkeley Street, Mayfair, London W1X 5AD. Tel 020-7493 6222

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
885 Third Avenue New York, NY 10022

212 230-2424
800 334-1343
Fax 212 486-8178

## OPTION AGREEMENT

**TO: BERNARD L. MADOFF INVESTMENT SECURITIES**

In order to induce you to carry accounts ("Option Accounts") for me (however designated) for transactions in option contracts (including, without limitations, purchase, sale, transfer, exercise and endorsement) ("Option Transaction"), I hereby warrant, represent and agree with you as set forth below on this Option Agreement.

1.   I understand, and am well aware, that option trading may be highly speculative in nature. I am also aware that on certain days, option trading may cease and this could result in a financial loss to me. I agree to hold BERNARD L. MADOFF, its other Divisions, and its officers, Directors and Agents harmless for such loss.

2.   I understand that any option transaction made for any account of mine is subject to the rules, regulations, customs and usages of The Options Clearing Corporation and of the registered national securities exchange, national securities association, clearing organization or market where such transaction was executed. I agree to abide by such rules, regulations, custom and usages and I agree that, acting individually or in concert with others, I will not exceed any applicable position or exercise limits imposed by such exchange, association, clearing organization or other market with respect to option trading.

3.   If I do not satisfy, on a timely basis, your money or security calls, you are authorized in your sole discretion and without notification, to take any and all steps you deem necessary to protect yourself (for any reason) in connection with option transactions for my account including the right to buy and/or sell (including short or short exempt) for my account and risk any part or all of the shares represented by options handled, purchased, sold and/or endorsed by you for my account or to buy for my account and risk any option as you may deem necessary or appropriate. Any and all expenses or losses incurred in this connection will be reimbursed by me.

4.   In addition to the terms and conditions hereof, my option account will be subject to all of the terms and conditions of all other agreements heretofore or hereafter at any time entered into with you relating to the purchase and sale of securities and commodities except to the extent that such other agreements are contrary to or inconsistent herewith.



**BERNARD L. MADOI**
INVESTMENT SECURITIES LLC
885 Third Avenue New York, NY 10022

212 230-2424
800 334-1343
Fax 212 486-8178

Congress has mandated that all interest and dividend payers including banks, corporations and funds must withhold 10% of all dividends or interest paid UNLESS you complete and return the form at the bottom of this page.

<u>Important New Tax Information</u>

"Under the Federal income tax law, you are subject to certain penalties as well as with-holding of tax at a 20% rate if you have not provided us with your correct social security number or other taxpayer identification number. Please read this notice carefully.

You (as a payee) are required by law to provide us (as payer) with your correct taxpayer identification number. If you are an individual, your taxpayer identification is your social security number. If you have not provided us with your correct taxpayer identification number, you may be subject to a $50 penalty imposed by the Internal Revenue Service. In addition, divided payments that we make to you may be subject to backup withholding starting on January 1, 1984.

Backup withholding is different from the 10% withholding on interest and dividends that was repealed in 1983. If backup withholding applies, payer is required to withhold 20% of dividend payments made to you. Backup withholding is not an additional tax. Rather, the tax liability of persons subject to backup withholding will be reduced by the amount of tax withheld. If withholding results in an overpayment of taxes, a refund may be obtained".

Please sign the form and return it to us.

<u>Even if you have already provided this information it is required by the IRS that all information requested below be provided again.</u>

Thank you for your cooperation.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SUBSTITUTE INTERNAL REVENUE SERVICE FORM W-9

Account Number(s): _____

Taxpayer Identification Number:

_____

22- 6875100  _____

Name:  Martin Rappaport Charitable Remainder Unitrust
       Jay Pasternack, Esq., Trustee

Address:  1066 Clifton Avenue, Clifton, New Jersey  _____

(Signature) _____

"Under penalties of perjury, I certify that the number shown
On this form is my correct Taxpayer Identification Number".

Please fill in your name, address, taxpayer identification number, and sign above.

<u>Affiliated with:</u>
Madoff Securities International Limited
12 Berkeley Street, Mayfair, London W1X 5AD. Tel 020-7493 6222

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
885 Third Avenue New York, NY 10022

212 230-2424
800 334-1343
Fax 212 486-8178

## TRADING AUTHORIZATION LIMITED TO PURCHASES
## AND SALES OF SECURITIES AND OPTIONS

To Whom It May Concern:

The undersigned hereby authorizes Bernard L. Madoff (whose signature appears below) as his agent and attorney in fact to buy, sell and trade in stocks, bonds, options and any other securities in accordance with your terms and conditions for the undersigned's account and risk and in the undersigned's name, or number on your books. The undersigned hereby agrees to indemnify and hold you harmless from, and to pay you promptly on demand any and all losses arising therefrom or debit balance due thereon. However, in no event will the losses exceed my investment.

In all such purchases, sales or trades you are authorized to follow the instructions of Bernard L. Madoff in every respect concerning the undersigned's account with you; and he is authorized to act for the undersigned and in the undersigned's behalf in the same manner and with the same force and effect as the undersigned might or could do with respect to such purchases, sales or trades as well as with respect to all other things necessary or incidental to the furtherance or conduct of such purchases, sales or trades.

The undersigned hereby ratifies and confirms any and all transactions with you heretofore or hereafter made by the aforesaid agent or for the undersigned's account.

This authorization and indemnity is in addition to (and in no way limits or restricts) any rights which you may have under any other agreement or agreements between the undersigned and your firm.

This authorization and indemnity is also a continuing one and shall remain in full force and effect until revoked by the undersigned by a written notice addressed to you and delivered to your office at 885 Third Avenue but such revocation shall not affect any liability in any way resulting from transaction initiated prior to such revocation. This authorization and indemnity shall enure to the benefit of your present firm and any successor firm or firms irrespective of any change or changes at any time in the personnel thereof for any cause whatsoever, and of the assigns of your present firm or any successor firm.

Dated, 7|3|02

Clifton,                         New Jersey
_____              _____
(City)                           (State)

Very truly yours,   MARTIN RAPPAPORT CHARITABLE REMAINDER UNITRUST
                     (Client Signature)

Signature of Authorized Agent:

JAY PASTERNACK, ESQ., TRUSTEE

Affiliated with:
Madoff Securities International Limited
12 Berkeley Street, Mayfair, London W1X 5AD. Tel 020-7493 6222

**BERNARD L. MADOF**
INVESTMENT SECURITIES LLC
885 Third Avenue New York, NY 10022

212 230-2424
800 334-1343
Fax 212 486-8178

## CUSTOMER AGREEMENT

In consideration for you (the "Broker") opening or maintaining one or more accounts (the "Customer"), the Customer agrees to the terms and conditions contained in this Agreement. The heading of each provision of the Agreement is for descriptive purposes only and shall not be deemed to modify or qualify any of the rights or obligations set forth in each such provision. For purposes of this Agreement, "securities and other property" means, but is not limited to money, securities, financial instruments and commodities of every kind and nature and related contracts and options, except that the provisions of paragraph 13 herein (the arbitration clause) shall not apply to commodities accounts. This definition includes securities or other property currently or hereafter held, carried or maintained by you or by any of your affiliates, in your possession or control, or in the possession or control of any such affiliate, for any purpose, in and for any of my accounts now or hereafter opened, including any account in which I may have an interest.

### 1. APPLICABLE RULES AND REGULATIONS

All transactions in the Customer's Account shall be subject to the constitution, rules, regulations, customs and usages of the exchange or market, and its clearing house, if any, where the transactions are executed by the Broker or its agents, including its subsidiaries and affiliates. Also, where applicable, the transactions shall be subject (a) to the provisions of (1) the Securities Exchange Act of 1934, as amended, and (2) the Commodities Exchange Act, as amended; and (b) to the rules and regulations of (1) the Securities and Exchange Commission, (2) the Board of Governors of the Federal Reserve System and (3) the Commodities Futures Trading Commission.

### 2. AGREEMENT CONTAINS ENTIRE UNDERSTANDING/ASSIGNMENT

This Agreement contains the entire understanding between the Customer and the Broker concerning the subject matter of this Agreement. Customer may not assign The rights and obligations hereunder without first obtaining the prior written consent of the Broker.

### 3. SEVERABILITY

If any provision of this Agreement is held to be invalid, void or unenforceable by reason of any law, rule, administrative order or judicial decision, that determination shall not effect the validity of the remaining provisions of this Agreement.

### 4. WAIVER

Except as specifically permitted in this Agreement, no provision of this Agreement can be, nor be deemed to be, waived, altered, modified or amended unless such is agreed to in a writing signed by the broker.

### 5. DELIVERY OF SECURITIES

Without abrogating any of the Broker's rights under any other portion of this Agreement and subject to any indebtedness of the Customer to the Broker, the Customer is entitled, upon appropriate demand, to receive physical delivery of fully paid securities in the Customer's Account.

### 6. SALES BY CUSTOMER

The Customer understands and agrees any order to sell "short" will be designated as such by the Customer, and that the Broker will mark the order as "short". All other sell orders will be for securities owned ("long"), at that time, by the Customer by placing the order the Customer affirms that he will deliver the securities on or before the settlement date.

**Affiliated with:**
Madoff Securities International Limited
12 Berkeley Street, Mayfair, London W1X 5AD. Tel 020-7493 6222



**13. ARBITRATION**

THE CUSTOMER AGREES, AND BY CARRYING AN ACCOUNT FOR THE CUSTOMER THE BROKER AGREES THAT ALL CONTROVERSIES WHICH MAY ARISE BETWEEN US CONCERNING ANY TRANSACTION OR THE CONSTRUCTION, PERFORMANCE, OR BREACH OF THIS OR ANY OTHER AGREEMENT BETWEEN US PERTAINING TO SECURITIES AND OTHER PROPERTY, WHETHER ENTERED INTO PRIOR, ON OR SUBSEQUENT TO THE DATE HEREOF, SHALL BE DETERMINED BY ARBITRATION UNDER THIS AGREEMENT SHALL BE CONDUCTED PURSUANT TO THE FEDERAL ARBITRATION ACT AND THE LAWS OF THE STATE DESIGNATED IN PARAGRAPH 10, BEFORE THE AMERICAN ARBITRATION ASSOCIATION, OR BEFORE THE NEW YORK STOCK EXCHANGE, INC. OR AN ARBITRATION FACILITY PROVIDED BY ANY OTHER EXCHANGE OF WHICH THE BROKER IS A MEMBER, OR THE NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC. OR THE MUNICIPAL SECURITIES RULE MAKING BOARD AND IN ACCORDANCE WITH THE RULES OBTAINING OF THE SELECTED ORGANIZATION. THE CUSTOMER MAY ELECT IN THE FIRST INSTANCE WHETHER ARBITRATION SHALL BE BY THE AMERICAN ARBITRATION ASSOCIATION, OR BY AN EXCHANGE OR SELF-REGULATORY ORGANIZATION OF WHICH THE BROKER IS A MEMBER, BUT IF THE CUSTOMER FAILS TO MAKE SUCH ELECTION, BY REGISTERED LETTER OR TELEGRAM ADDRESSED TO THE BROKER AT THE BROKER'S MAIN OFFICE, BEFORE THE EXPIRATION OF TEN DAYS AFTER RECEIPT OF A WRITTEN REQUEST FROM THE BROKER TO MAKE SUCH ELECTION, THEN THE BROKER MAY MAKE SUCH ELECTION, THE AWARD OF THE ARBITRATORS, OR OF THE MAJORITY OF THEM SHALL BE FINAL, AND JUDGMENT UPON THE AWARD RENDERED MAY BE ENTERED IN ANY COURT, STATE OR FEDERAL, HAVING JURISDICTION.

**14. DISCLOSURES TO ISSUERS**

Under rule 14b-1(c) of the Securities Exchange Act of 1934, we are required to disclose to an issuer the name, address, and securities position of our customers who are beneficial owners of that issuer's securities unless the customer objects. Therefore, please check one of the boxes below:

_____ Yes, I do object to the disclosure of information.

__X__ No, I do not object to the disclosure of such information.

THIS AGREEMENT CONTAINS A PRE-DISPUTE ARBITRATION CLAUSE AT PARAGRAPH 13.

MARTIN RAPPAPORT CHARITABLE REMAINDER UNITRUST

(X)_____        (X)_____

(Customer Signature/date)                                      (Customer Signature/date)

JAY PASTERNACK, ESQ., TRUSTEE

1066 CLIFTON AVENUE                                          _____

(Customer Address)                                                 (Account Number)

CLIFTON, NEW JERSEY  07013

12

## THE MARTIN RAPPAPORT CHARITABLE REMAINDER UNITRUST

THIS AGREEMENT, made the 27th day of December, 2000, by and between MARTIN RAPPAPORT, currently residing in Saddle River, New Jersey (hereinafter referred to as the "Grantor"), and JAY PASTERNACK, ESQ. with offices in Clifton, New Jersey (hereinafter referred to as the "Trustee").

### W I T N E S S E T H:

WHEREAS, the Grantor desires to create a charitable remainder unitrust, within the meaning of Section 4 of Rev. Proc. 90-31 and Section 664(d)(2) of the Internal Revenue Code of 1986, as amended (the "Code"), of the property described in Schedule "A" annexed hereto and made a part hereof, for the benefit of the beneficiaries hereinafter named, and for the uses and purposes and upon the terms and conditions as hereinafter more fully set forth, and such trust shall be known as "THE MARTIN RAPPAPORT CHARITABLE REMAINDER UNITRUST"; and

WHEREAS, the Trustee has agreed to accept this trust and to be bound by the terms and provisions of this Trust Agreement;

### N O W   T H E R E F O R E:

In consideration of the premises, the mutual promises herein contained, and other good and valuable consideration, the receipt whereof is hereby acknowledged, the parties hereto agree as follows:

FIRST:   The Grantor transfers to the Trustee the property described in Schedule A, and the Trustee accepts such property

and agrees to hold, manage, and distribute such property of the trust under the terms set forth in this Trust Agreement.

SECOND:   (A)  The term of the trust shall be for a period commencing on the date of this Trust Agreement until termination on the earlier of: (i) ten (10) years from the date hereof, or (ii) the Grantor's death.

(B)  In each taxable year of the trust, the Trustee shall pay to the Grantor, a unitrust amount (the "Unitrust Amount") equal to five (5%) percent of the net fair market value of the assets of the trust valued as of the first day of each taxable year of the trust (the "Valuation Date").

(C)  The Unitrust Amount shall be paid from income and, to the extent that income is not sufficient, from principal, in equal quarterly amounts at the end of each quarter, commencing with the date on which the trust is funded.

(D)  Subject to Paragraph FOURTH, any income of the trust for a taxable year in excess of the Unitrust Amount shall be added to principal.

(E)  If the net fair market value of the trust assets is incorrectly determined, then within a reasonable period after the value is finally determined for Federal tax purposes, the Trustee shall pay to the Grantor (in the case of an undervaluation) or receive from the Grantor (in the case of an overvaluation) an amount equal to the difference between the Unitrust Amount properly payable and the Unitrust Amount actually paid.

2

THIRD:    In determining the Unitrust Amount, the Trustee shall prorate the same on a daily basis for a short taxable year and for the taxable year ending with the Grantor's death or the year of termination, as the case may be.

FOURTH:    During the term of the trust, the Trusee may pay to BLYTHEDALE CHILDREN'S HOSPITAL (provided same shall then be an organization described in Code Sections 170(b)(1)(A), 170(c), 2055(a) and 2522(a)) any portion or all of the income of the trust in excess of the Unitrust Amount payable to the Grantor for the taxable year of the trust in which the income is earned. The adjusted basis for Federal income tax purposes of any trust property which the Trustee distributes in kind to charity during the trust term must be fairly representative of the adjusted basis for such purposes of all trust property available for distribution on the date of distribution.

FIFTH:    (A) Upon the earlier of: (i) the expiration of ten (10) years from the date hereof, or (ii) the death of the Grantor, the Trustee shall distribute all of the then principal and income of the trust (other than any amount due the Grantor or his estate under Paragraphs SECOND and THIRD above) to BLYTHEDALE CHILDREN'S HOSPITAL, having an address in Valhalla, New York, to be used for its general charitable purposes. The Grantor shall have the right to designate a substitute remainderman or remaindermen in lieu of the Charitable Organization set forth above and/or additional remaindermen; provided, however, that each such substitute or additional

3

remainderman shall be an organization described in Code Sections 170(b)(1)(A), 170(c), 2055(a) and 2522(a). The exercise of the foregoing designation right shall, during lifetime, be in writing duly acknowledged as in the case of Deeds in the State of New Jersey or at death, by the Grantor's Last Will and Testament duly admitted to probate by a court of competent jurisdiction.

(B)  If any Charitable Organization is not an organization described in Code Sections 170(b)(1)(A), 170(c), 2055(a), and 2522(a) at the time when any principal or income of the trust is to be distributed to it, then the Trustee shall distribute such principal or income to such one or more organizations described in Code Sections 170(b)(1)(A), 170(c), 2055(a), and 2522(a) as the Trustee shall select, in its sole discretion.

SIXTH:    (A)  The Trustee shall make distributions at such time and in such manner as not to subject the Trust to tax under Code Section 4942.

(B)  Except for the payment of the Unitrust Amount to the Grantor, the Trustee shall not engage in any act of self-dealing, as defined in Code Section 4941(d) and shall not make any taxable expenditures, as defined in Code Section 4945(d).

(C)  The Trustee shall not make any investments that jeopardize the charitable purpose of the trust, within the meaning of Code Section 4944 and the regulations thereunder, nor

4

retain any excess business holdings, within the meaning of Code Section 4943(c).

SEVENTH: The Grantor, subject to the Trustee's approval and acceptance, may hereafter, and from time to time, irrevocably grant, convey, transfer, set over, assign and deliver to the Trustee, additional property. If any additional contributions are made to the Trust after the initial contribution, the Unitrust Amount for the year in which the additional contribution is made shall be equal to five (5%) percent of the sum of (1) the net fair market value of the Trust assets as of the Valuation Date (excluding the assets so added and any income from, or appreciation on, such assets) and (2) that proportion of the fair market value of the assets so added that was excluded under (1) that the number of days in the period that begins with the date of contribution and ends with the earlier of the last day of the taxable year, the year of termination, or the day of the Grantor's death, as the case may be, bears to the number of days in the period that begins on the first day of such taxable year, the year of termination, and ends with the earlier of the last day in such taxable year, the year of termination, or the day of the Grantor's death, as the case may be. In the case where there is no Valuation Date after the time of contribution, the assets so added shall be valued as of the time of contribution.

EIGHTH: The taxable year of the trust shall be the calendar year.

5

NINTH:    (A)  In  making  any  payment  or  application  of income  or  principal  to  or  for  the  benefit  of  the  Grantor pursuant  to  this  Trust  Agreement,  the  Trustee  may  make  payment directly  to  the  Grantor  if  living  and  not  disabled,  or  may  make application  directly  or  by  payment  to  a  guardian  or  committee  of the  Grantor  appointed  in  the  State  of  New  Jersey  or  in  any  other jurisdiction,  or  to  an  adult  person  with  whom  the  Grantor resides  or  who  has  the  care  or  custody  of  the  Grantor temporarily  or  permanently.    Evidence  of  any  such  payment  or application  or  the  receipt  therefore  executed  by  the  Grantor, guardian,  committee  or  adult  person  shall  discharge  the  Trustee with  respect  to  such  payment  or  application  and  the  Trustee shall  not  be  responsible  for  the  application  of  such  income  or principal  by  such  beneficiary,  guardian,  committee  or  adult person.

(B)  The  decision  as  to  whether  at  any  time  or  from time  to  time  the  Grantor  is  (i)  disabled  for  purposes  of  this Paragraph  NINTH,  or  (ii)  unable  to  act  because  of  advanced  age, illness,  or  (iii)  that  other  causes  have  impaired  the  Grantor's ability  to  transact  ordinary  business,  shall  be  made  by  the Trustee  with  the  concurring  opinion  of  a  physician  who  has examined  or  treated  the  Grantor  within  the  prior  three  (3) months.    During  any  period  in  which  the  Grantor  is  determined  to be  disabled  hereunder,  the  Unitrust  Amount  shall  be  paid  as herein  set  forth.

6

TENTH:    Neither the income nor the principal of the trust created hereunder shall be liable for debts, undertakings, or engagements of the beneficiaries thereof, nor shall the same be assigned, pledged, alienated or anticipated; any endeavor by a beneficiary to circumvent this direction in any manner shall be wholly disregarded by the Trustee and shall be null and void.

ELEVENTH: With respect to all property, real or personal, at any time held in trust under this Trust Agreement, the Trustee is particularly authorized, empowered and granted the following privileges, powers and authority in addition to, and not in limitation of, any powers heretofore granted or otherwise permitted by law, provided, however, that none of the powers granted herein shall be exercised in a manner or to an extent so as to disqualify the trust as a charitable remainder unitrust within the meaning of Code Section 664(d)(2):

(A)    To hold and retain all or any part of the trust property in the form in which such property may be at the time it is received, without liability for decrease in the value of such property;

(B)    To sell, convey, exchange, lease, mortgage, loan, borrow, hypothecate, or encumber, all or any part of the property, real or personal, or any interest therein, at such time or times, in such manner, and upon such terms as the Trustee, in the Trustee's absolute discretion, shall deem to be for the best interest of each beneficiary of the trust, and to execute and deliver good and sufficient deeds or other

7

instruments and documents requisite therefor; to invest and reinvest the trust property or the proceeds arising from the sale, exchange, or mortgage thereof in such securities and properties as may be deemed suitable, including, but not by way of limitation, common or preferred stocks of any kind or description, undivided interests and common trust funds without regard to whether such securities or properties so retained, taken, exchanged or purchased are authorized as legal investments for fiduciaries under the laws of any state;

(C) To vote in person or by proxy, all stocks or other securities having voting privileges; to exercise or refrain from exercising, any right or privilege with respect to stock or other securities, including rights or privileges to subscribe for or otherwise to acquire additional stock or other securities, or to sell the same;

(D) To retain unproductive property, or money, for such period or periods of time as the Trustee deems proper, without liability of any kind for failure to invest in income-producing property;

(E) To liquidate, settle, compromise, set-off, forgive, or otherwise discharge all claims, inclusive of taxes, which are either due from or payable to the trust, in such manner and upon such terms and at such times as the Trustee, in the Trustee's absolute discretion, deems advisable;

(F) To manage any real property at any time held in the trust created hereunder and to make all ordinary repairs and

8

any extraordinary repairs, alterations or improvements as the Trustee, in the Trustee's absolute discretion, may deem advisable; to insure for any and all risks and to deal with any such property in all other lawful ways;

(G) To divide, distribute or partition all or any part of the trust property in cash or in kind, or partly in each, pro rata or non-pro rata, and to fix the value of any distribution in kind even though such distribution may differ in kind from property allocated to any other beneficiary, and in making such distribution in kind, the adjusted basis for Federal income tax purposes of the property distributed in kind shall be fairly representative of the adjusted basis for such purposes of all trust property available for distribution on the date of distribution. The judgment of the Trustee shall be binding and conclusive upon all persons interested therein;

(H) To receive additional property at any time, and from time to time, from the Grantor, or from any other source, whether by devise, bequest, assignment or transfer, and upon receipt thereof, to administer the same under the terms and conditions of this Trust Agreement;

(I) To engage such attorneys, investment counsel, clerks, employees, agents, accountants, brokers, officers, architects, contractors, subcontractors, surveyors, and such other persons, firms or corporations, as the Trustee shall deem necessary or helpful in connection with the administration of the trust created hereunder, at such wages, fees, compensation,

9

remuneration, commission rates, prices, consideration or otherwise, as the Trustee shall deem proper; to employ a custodian and to acquire, hold, register, or dispose of property in the name of such custodian, or its agent or nominee, without designation of fiduciary capacity; to employ investment counsel or other agents and to pay out of principal or income or both the charges and expenses of any such other agent; and to delegate investment discretion to a registered investment advisor; provided, however, that all powers, rights, privileges and discretions granted to the Trustee under this Agreement shall be exercised by such Trustee in a fiduciary capacity for the exclusive benefit and in the best interests of the beneficiaries; and

(J) To employ, and to delegate any of its discretionary and non-discretionary powers to agents, including but not limited to, attorneys, investment advisors, appraisers or accountants as the Trustee deems necessary and proper and to pay for such services from the trust property.

TWELFTH: Nothing in this Trust Agreement shall be construed to restrict the Trustee from investing the trust assets in a manner that could result in the annual realization of a reasonable amount of income or gain from the sale or disposition of trust assets.

THIRTEENTH: The Trustee shall keep records showing all receipts and disbursements of income and principal and all changes in investments. The Trustee may, but shall not be

required to, prepare and file accountings with any court.  Prior to delivering all of the property of any trust hereunder to a Successor Trustee or to making any partial or complete distribution of trust principal, the Trustee may require an approval of its accounting either by a release and discharge by the beneficiary of any such trust or by a court of competent jurisdiction.  All of the Trustee's fees and expenses (including reasonable attorneys' fees) attributable to any such accounting and approval shall be paid by such trust.

FOURTEENTH:    No purchaser at any sale made by the Trustee shall be bound to inquire into the expediency, propriety, validity or necessity of such sale or to see to or be liable for the application of the purchase monies arising therefrom; nor shall any person who, during the administration of the trust, shall pay over to or transfer any monies or other property to the Trustee, be bound to inquire into or see to or be liable for the application of such funds or monies so transferred or paid over to the Trustee.

FIFTEENTH:    The trust is irrevocable.   The Trustee, however, shall have the power, acting alone, to amend the trust in any manner required for the sole purpose of ensuring that the trust qualifies and continues to qualify as a charitable remainder unitrust within the meaning of Code Section 664(d)(2).

SIXTEENTH:    (A) In the event that JAY PASTERNACK, ESQ. is unwilling or unable to serve, for any reason, as Trustee, the

11

Grantor nominates and appoints STEVEN F. LANDAU, CPA, with offices in Clifton, New Jersey, to serve as Successor Trustee.

(B) Any Trustee serving hereunder may resign as Trustee at any time by written notice delivered to any Co-Trustee(s) and to the Grantor or his legal representative. Such resignation shall be effective upon the appointment and acceptance of a Successor Trustee. In the absence of a Successor Trustee designated hereunder who is willing and able to serve, the Trustee shall have the power to appoint a Successor Trustee. All of the Trustee's fees and expenses (including reasonable attorneys' fees) attributable to the appointment of a Successor Trustee shall be paid by the trust.

(C) During the Grantor's lifetime, the Grantor shall have the right to remove the Trustee (and any Successor Trustee) and to appoint a Successor Trustee or Trustees to serve hereunder. Provided, however, that such Successor Trustee or Trustees shall not be the Grantor or any person who is a "related or subordinate party" as defined in Code Section 672(c). The removal of any Trustee shall be effective upon the appointment of and acceptance by a Successor Trustee. Any such appointment or removal shall be during lifetime, by an instrument in writing duly acknowledged as in the case of Deeds in the State of New Jersey, or, if an individual, at death by his or her Last Will and Testament duly admitted to probate in a court of competent jurisdiction.

(D)   The  rights,  duties,  privileges,  obligations, powers and immunities given and granted to the Trustee herein named  shall  fully  extend  to  any  Successor  Trustee  appointed hereunder.   A  Successor  Trustee  shall  have  the  same  powers, authorities,  and  discretions  as  though  originally  named  as  the Trustee.

(E)   The  Trustee,  or  any  Successor  Trustee,  shall  be relieved  from  all  responsibility  or  liability  for  any  loss  to the  trust  properties  that  may  occur  due  to  errors  of  judgment and shall be liable only for failure to act in good faith.

(F)   No  bond  or  other  security  shall  be  required  of any  Trustee,  including  a  Successor,  in  any  jurisdiction,  in  the faithful performance of its duties in such capacity.

(G)   The  Trustee,  by  signing  this  Trust  Agreement, signifies  acceptance  of  the  terms  hereof,  and  any  Successor Trustee shall signify acceptance of the terms of this trust in writing.

SEVENTEENTH:   The  terms  and  provisions  of  this  Trust Agreement  shall  be  construed,  regulated  and  governed  as  to administration  and  as  to  validity  and  effect  by  the  laws  of  the State  of  New  Jersey.   To  minimize  any  tax  in  respect  of  any trust,  or  any  beneficiary  thereof,  or  for  such  other  purpose  as it  deems  appropriate,  the  Trustee  may  in  its  sole  and  absolute discretion  remove  all  or  part  of  the  property  of,  or  the  situs of  administration  of,  such  trust  from  one  jurisdiction  to another  and  elect,  by  an  instrument  filed  with  the  trust

13

records, that thereafter such trust shall be construed, regulated and governed as to administration by the laws of such other jurisdiction. The Trustee, however, is prohibited from exercising any power or discretion granted under said laws that would be inconsistent with the qualification of the trust under Code Section 664(d)(2) and the corresponding Regulations.

EIGHTEENTH:    (A)    In the event that any "unmarketable assets" (as defined in Treasury Regulations §1.664-1(a)(7)(ii)) are transferred to or held as part of the trust, the valuation of such assets shall be either:

(1)    performed exclusively by an independent trustee (as defined in Treasury Regulation §1.664-1(a)(7)(ii)), or

(2)    determined by a current qualified appraisal (as defined in Treasury Regulation §1.170A-13(c)(3)), from a qualified appraiser (as defined in Reg. §1.170A-13(c)(5).

(B)    The Trustee may appoint an independent trustee (as defined in Treasury Regulation §1.664-1(a)(7)(iii) (the "Independent Trustee") to act with respect to specific trust property when necessary as determined by the Trustee (or his successor) to be named and designated in writing by the Trustee (or his Successor). The Independent Trustee shall perform the valuation of such property, exclusively, and shall have such powers granted to the Trustee hereunder with respect to such property, as shall enable the trust herein to comply with the requirements of Treasury Regulation §1.664-1(a)(7). The

14

Independent Trustee may receive reasonable compensation for services rendered in such capacity, in addition to the compensation to which the Trustee is entitled under this Agreement, provided, however, that the value of property under the control of the Independent Trustee shall not be included when calculating compensation of the Trustee. So long as the Trustee (or his successor) exercises reasonable care, skill and caution in selecting the Independent Trustee, establishing the scope and terms of the Independent Trustee's appointment consistent with the terms of the trust and periodically reviewing the independent special Trustee's actions for compliance with the scope and terms so established, the Trustee shall not be liable to the beneficiaries of the trust for the decisions and actions of the Independent Trustee. If at any time the Independent Trustee ceases to act, the Trustee (or his successor) shall have the power to appoint a successor Independent Trustee.

NINTEENTH: It is agreed that these presents shall extend to and be obligatory upon the heirs, executors, administrators, legal representatives and successors of the parties hereto or beneficiaries hereof.

TWENTIETH: As used herein, each of the masculine, feminine or neuter genders shall include the other genders, the singular shall include the plural and the plural shall include the singular wherever appropriate to the context.

15

IN WITNESS WHEREOF, the parties hereto have set their respective hands and seals, the 27th day of December , 2000.

WITNESS:                                    GRANTOR:

_____              _____
                                          MARTIN RAPPAPORT

WITNESS:

_____              _____
                                          JAY PASTERNACK, ESQ.

16

STATE OF NEW JERSEY )
                    )   SS.:
COUNTY OF       )

     BE IT REMEMBERED, that on 27th day of December, 2000,
before me, a notary public, personally appeared MARTIN
RAPPAPORT, who I am satisfied, is the person named in and who
executed the within Agreement, and thereupon he acknowledged
that he signed, sealed and delivered the same as his act and
deed, for the uses and purposes therein expressed.

                                    *Beatrice J Lambert*

                                   BEATRICE J. LAMBERT
                            A Notary Public of New Jersey
                      My Commission Expires August 21, 2005

STATE OF NEW JERSEY )
                    )   SS.:
COUNTY OF       )

     BE IT REMEMBERED, that on 27th day of December, 2000,
before me, a notary public, personally appeared JAY PASTERNACK,
ESQ., who I am satisfied, is the person named in and who
executed the within Agreement, and thereupon he acknowledged
that he signed, sealed and delivered the same as his act and
deed, for the uses and purposes therein expressed.

                                    *Beatrice J Lambert*

                                   BEATRICE J. LAMBERT
                            A Notary Public of New Jersey
                      My Commission Expires August 21, 2005

## SCHEDULE "A"

Property assigned to THE MARTIN RAPPAPORT CHARITABLE REMAINDER UNITRUST dated December 27, 2000, by and between MARTIN RAPPAPORT, as Grantor, and JAY PASTERNACK, ESQ., as Trustee.

| DATE | PROPERTY |
|------|----------|
| December 27, 2000 | 10 Caesar Place<br>Moonachie, New Jersey |