UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------
In the Matter of:                  )
                                   )
NEW TIMES SECURITIES               )
SERVICES, INC.                     )
                                   )
            Debtor                 )
                                   )
------------------------------------

1) Application filed by proposed class claimants to authorize and approve the filing of a class proof of claim and for a certification of the putative class and to shorten time for the hearing

Memorandum by proposed class claimants

Memorandum by Plaintiff Securities Investor Protection Corporation

Memorandum of law by Trustee James W. Giddens

Affidavit of Derek J. T. Adler in opposition

                                    United States Bankruptcy
                                    Court
                                    Westbury, New York

                                    July 28, 2000
                                    10:00 a.m.

B E F O R E:

        HONORABLE STAN BERNSTEIN
        United States Bankruptcy Judge

A P P E A R A N C E S:

        HUGHES HUBBARD & REED LLP
            Attorney for James W. Giddens, Trustee
        One Battery Park Plaza
        New York, New York  10004
            BY:  JAMES W. KOBAK, JR., ESQ.
                 DANIEL S. LUBELL, ESQ.


        (516) 741-5342    Tankoos Reporting Co.    (212) 349-9692

1    THE COURT: Okay, so, you're telling me that
2  this is very different from the open transaction.
3    MR. HARBECK: Correct.
4    THE COURT: Okay, so, now we're dealing with a
5  closed transaction, where the money is there, you have
6  interest in a --
7    MR. HARBECK: The securities are there.
8    THE COURT: -- real --
9    MR. HARBECK: Not the money is there. The
10 securities are supposed to be there.
11    THE COURT: No, no -- yeah, you have -- you
12 have an ownership interest in the securities; namely,
13 shares of the mutual fund, of a mutual fund that is real,
14 existing as of the petition date.
15    MR. HARBECK: Dreyfus, Janus, you name it.
16    THE COURT: Okay.
17    MR. HARBECK: Now, what Congress did is it said
18 it wants to give the Trustee and SIPC a very good idea of
19 what securities have to -- that the Trustee is going to
20 have to go out into the marketplace and buy. So, if you
21 file within sixty days, you'll get the securities, without
22 question. Whether -- if they triple in value, you'll get
23 the securities.
24    But, if --
25    THE COURT: Even -- even if --

MR. HARBECK: Even if they're not there.

THE COURT: Even if they're not there.

MR. HARBECK: Correct.

THE COURT: In other words, if the money was diverted, converted --

MR. HARBECK: And the securities were never purchased.

THE COURT: Okay.

MR. HARBECK: And, if those positions triple, we will gladly give the people their securities positions.

THE COURT: But, you've got to jump.

MR. HARBECK: But, you've got to act fast, yeah. And, Congress did that --

THE COURT: Because -- because --

MR. HARBECK: -- because of the fluctuations.

THE COURT: -- because there's a concern -- because there's a concern that the value of this mutual fund might skyrocket and it's going to cost SIPC a lot more money.

MR. HARBECK: Six months down the line, that's right.

THE COURT: Okay, all right. And, you don't want people playing games with you.

MR. HARBECK: That's correct.

THE COURT: Deciding when they're going to --