**Brief in Favor of the Trustee's Motion on the Net Equity Issue. #08-01789**

December 1, 2009

My name is Simon Jacobs. I am a victim of the Madoff fraud. My Madoff account number was 1J0052 and claim number is 002368.

I am filing a brief in support of the Trustee's Motion.

As is now well understood, Bernie Madoff was running a classic Ponzi scheme. In a Ponzi scheme, the perpetrator takes in money from investors, promising a return that is wholly fictitious, and instead pays cash returns to early investors with cash collected from later investors. This means that any cash returned to an investor was either his own, or more likely, was taken from another later investor. No money is actually invested for either gain or loss. Money is simply moved by the perpetrator from one investor to another. Eventually, cash paid out to investors exceeds the amount of money being taken in, and the scheme collapses, exactly as happened in the Madoff case.

The trustee is now trying to make as many investors "whole" as possible. To do so, he is attempting to collect money from those investors who withdrew more cash than they ever put in, especially those whose withdrawals exceeded their deposits by a wide margin. He correctly identifies these customers as net winners, since they put cash into a Ponzi scheme, and withdrew more cash than they put in. Such cash that they withdrew in excess of their deposits was, by definition, cash that other customers put in, NOT a return on their purported investment, since there was no investment made, and hence no return. Those customers who withdrew more than they put in have, according to the trustee, negative net equity, defined as money in less money out. Those customers who have put in more than they took out, have positive net equity, per the trustee's definition. These are the net losers.

In theory, it might be possible to make everyone whole, i.e. return precisely the amount that each investor put into the scheme. To do this, all that would have to happen would be those with negative net equity, i.e. those who withdrew more than they put in, would have to return that excess amount (their winnings) to the trustee. If this occurred, the net winners would bring their net equity to zero, thereby keeping only their original investment.

The cash recovered would then be distributed to the net losers to the extent of their positive net equity, making the net losers whole.

If all net winners voluntarily returned their net winnings, every investor in the Madoff scheme would be made whole.

Clearly, the net winners don't agree. They feel that the amount shown on their final brokerage statement is the amount they are owed, and claim that because Madoff was a broker dealer, the law agrees with them.

The idea that because Madoff was a broker dealer, the assets recovered by the trustee should be returned to investors in proportion to their last monthly statement would effectively make the trustee perpetrate his own Ponzi scheme, because the net winners would again receive money put into the scheme by the net losers. This is so because any money recovered must, ipso facto, have come from the net losers, the net winners having already recovered their original investment, and more. Thus later investors, the net losers, would lose even more money and the earlier investors, the net winners (i.e. those who had already withdrawn more than they put in) would gain still further.

Whatever the case history on broker dealer frauds, the idea that the recovery of assets should be distributed in proportion to the last brokerage statement runs directly counter to any concept of equitable fairness. It would be a grotesque travesty if the court determines net equity in the Madoff Ponzi scheme is anything other than money in less money out.

Simon Jacobs
212-255-2400 ext 2017

Jacobs
1 W. 81st St
NY, NY 10024

United States Bankruptcy Court,
Attn. Ms Chan (re Madoff case), Room 623
One Bowling Green,
New York
NY 10004


