UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
SECURITIES INVESTOR PROTECTION
CORPORATION,

        Plaintiff

vs

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC.

        Defendant
-------------------------------------------------------

CASE No. 08-1789 (BRL)

SIPA Liquidation

**OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM**

Claim # 002510
Madoff Account# 1ZR327

    Howard M. Schupak hereby objects to the Notice of Trustee's Determination of Claim, dated October 19, 2009 sent and signed by Irving H. Picard, Trustee, declares and states, as follows:

**Background Facts**

1. The claim in question was filed by Nathan Schupak. On August 15, 2009 Nathan Schupak passed away from natural causes. Howard M. Schupak, together with his brothers, Paul Schupak and Martin Schupak are successors to the account of Nathan Schupak. [Collectively hereafter referred to as "Claimant"].
2. On or about September 29, 2006 an account was opened with Bernard L. Madoff Investment Securities LLC [hereinafter "BLMIS] by Nathan Schupak. See Exhibit "A" Portfolio Mgt. Report as of 9/30/06.
3. This account was a roll-over Individual Retirement Account from the Blue Bell Profit Sharing Plan. This IRA account was designated Account # 1-ZR327-3 by BLMIS.
4. The trustee for this account was FISERV and account number 060000098441 was assigned to it.
5. At all times this account was treated and thought to be a lawful retirement account and at all times the official statements from BLMIS and FISERV were relied upon as accurate.

6. The account was opened initially with $681,378.90. Attached is the statement of Fiserv, dated July 1, 2006- September 30, 2006 as Exhibit B. Subsequent deposits were made as set forth in the Determination Letter in October, 2006 and November, 2006 making a total opening balance of $702,257.23.
7. The November, 2008 statement sets forth the various securities in the account with a market value of $739,661.60. Attached is the BLMIS statement as Exhibit C.
8. On or about December 15, 2008 the instant liquidation proceeding was commenced.
9. On or about February 10, 2009, a SPIC claim was filed on behalf of Nathan Schupak asserting a claim for securities in the amount of $739.661.60, based upon the November 30, 2008 BLIMS statement. Attached is said claim as Exhibit D which includes a statement and various exhibits.
10. On or about October 19, 2009, the trustee, Irving I. Picard [hereinafter "Trustee"], sent a determination letter (the "Determination Letter" is attached as Exhibit E) with respect to this Account, rejecting the claim for securities based upon the November 30, 2008 balance [see exhibit C] and denying any award implying that more money was withdrawn from the account than was deposited.

**Grounds for Objection**

**A. The Trustee has failed to comply with the Court's December 23, 2008 Order**

11. The Determination Letter fails to comply with the Court Order, dated December 23, 2008 which directs the Trustee to satisfy claims and deliver securities in accordance with "the Debtor's books and records." December 23, 2008 Order at 5 (Docket #12). The November 30, 2008 statement is reflective of "the Debtor's books and records" upon which the Trustee is bound. There is no proof proffered by the Trustee to indicate that the claimant did not have a "legitimate expectation" that the account statements were true and accurate as stated.
12. To the contrary, the claimant in relying upon said statements made annual required minimum withdrawals (hereafter "RMD"), and paid taxes thereon.
13. The taxes paid by Claimant were received and accepted by the respective federal and state taxing authorities.
14. Equally compelling, the taxing authorities apparently accepted such payments relying upon the same account statements.
15. Noteworthy is the fact that the various statements and payment of taxes also reflected market increases in said Account.
16. Claimant would not have paid those sums if he did not believe that the assets set forth in his account belonged to him.

17. The Trustee has failed to state a basis for the position set forth in his Determination Letter.

**B. Trustee has violated the requirement that he honor a customer's "legitimate expectations"**

18. SPIC's Series 500 Rules, 17 C.F.R. 300.55, enacted pursuant to Securities Investor Protection Act ("SIPA"), provide for the classification of claims in accordance with the "legitimate expectations" of a customer based upon the written transaction confirmations sent by a broker-dealer to a customer.
19. Such individual transactions were set forth in the monthly BLMIS statements.
20. Claimant relied upon and received individual confirmations which were duly set forth in each monthly statement received from BLMIS and was correspondingly reflected in the quarterly statements received from Fiserv.
21. The Court is respectfully bound by the holding in the *In re New Times Securities Services, Inc.*, 371 F.3rd 68 (2006) case decided by the Second Circuit, 2006 which affirmed SPIC's obligation to make payment upon the last brokerage statement at the time of liquidation.

**C. Trustee has failed to acknowledge roll-over amounts**

22. Although not specifically stated, the Determination Letter implicitly denies any roll-over amounts presumably based upon the Trustee's erroneous method of computing account balances. Since no credit is given for the $682,287.41 [$681,378.90 plus $908.51], the Trustee has arbitrarily determined that under a "cash in/cash out" basis claimant is **not** entitled to those monies. The Court is respectfully referred to the Trustee's Determination letter, last page containing "Deposits" and "Withdrawals" in Exhibit E.
23. This is in contradiction to the "legitimate expectations" of Claimant.
24. Trustee has offered no evidence or indication that claimant did not have a legitimate expectation that his Account was genuine. Regardless of the method the Trustee has used to deny these roll-over amounts, your Claimant reserves all rights to challenge the accounting
method used as part of the Determination Letter in this and any subsequent liquidation or Bankruptcy proceeding.

**D. Claimant should not be penalized for taking lawfully mandated withdrawals**

25. Claimant always treated and construed his Account as a lawful IRA account.
26. The Internal Revenue Code has enacted special rules in connection with Profit Sharing Plans and Individual Retirement Accounts. Those rules, in pertinent

part, provide that owner's of a retirement account must make certain withdrawals when one reaches a certain age. See IRC, Sections 401 and 408 et seq.

27. More importantly, the failure to make a "required minimum distribution" ["RMD"] exposes the recipient (in this case the Claimant) to an Excise Tax "equal to 50% of the RMD amount that should have been distributed, but was not." See IRC, Section 4974(a).

28. Thus, Claimant finds himself in the untenable position of being penalized for making what was presumably a lawfully mandated withdrawal or in the alternative not making a withdrawal and exposing himself to the "monster" penalty for such failure.

29. This not only supports the lawful position this claimant has maintained over all these years but also should preclude this Trustee from holding this lawful behavior to the Claimant's determent.

30. Thus, it is respectfully submitted that any RMD withdrawals should **not** be assessed against Claimant.

E. **Claimant is entitled to prejudgment interest on investment and profits**

31. Under New York law funds deposited with BLMIS is entitled to interest. See,e.g. N.Y.C.P.L.R. Section 5004; N.Y. Gen. Oblig., Section 5-501 et seq.

32. In a Ponzi scheme, out of pocket damages are an improper and inadequate remedy. Where, as here, a Ponzi scheme is operated by an SEC regulated broker/dealer, investors are not limited to "out-of-pocket damages." See *Visconte v Lehman Bros, Inc.* No. 06-3304, 2007 WL 2258827 (6th Circuit, August 8, 2007).

F. **Trustee has no power to claw-back sums beyond the statute of limitations**

33. It is unfair and the Trustee is without power to compute or consider sums of money beyond the applicable statute of limitations.

34. There is no indication that the Claimant at any time had knowledge, or any inkling, that his investment was other than legitimate.

35. Nor do such actions on the part of the Trustee to evaluate prior "deposits" or "withdrawals" apply here as the current account was opened in 2006.

36. The Trustee has apparently utilized a unilateral position to deprive Claimant of monies first deposited into the instant Account totaling more than $680,000 which exceeds the SPIC maximum amount that Claimant is entitled to.

Wherefore, Claimant is seeking the following relief:

a. Trustee to pay or replace the full amount of securities held in Claimant's Account on November 30, 2008.
b. Trustee to recognize said claim in the amount of $500,000 under SPIC.
c. Trustee is directed not to penalize Claimant for innocent withdrawals of monies and which was compelled under the IRC.
d. Claimant objects to the method by which the Trustee denies any roll-over amounts.
e. Trustee to pay interest as determined by the Court
f. For such other and further relief as the Court deems justified.

Respectfully submitted,

*Howard M. Schupak*
Howard M. Schupak
13 Bonnie Briar Road
Yonkers, New York 10710
(W) 212-923-0200
(H) 914-779-7303

13 Bonnie Briar Road
Yonkers, New York 10710
December 2, 2009

Clerk of the U.S. Bankruptcy Court
For the Southern District of New York
One Bowling Green
New York City, New York 10004

      RE: Objection to Trustee's Determination
          Case No, 08-1789 (BRL)
          Claim # 002510
          Madoff Account #1ZR327

Dear Hon. Clerk:

    I am submitting the within Objection to the Trustee's Determination Letter, dated October 19, 2009. Please find enclosed attached to this letter a copy of an extension to Answer [by e-mail] and proof of Service by mail.

    In addition, I have enclosed a second copy, which I am requesting that you stamp received by the Court and return it in the self-addressed, postage paid envelope. I appreciate your cooperation.

                                    Sincerely,

                                    Howard M. Schupak
                                    Howard M. Schupak



RECEIVED DEC - 3 2009 U.S. BANKRUPTCY COURT, SDNY

Windows Live™    Home   Profile   People   Mail   Photos   More ▾   MSN ▾

# Hotmail

hmschupak@hotmail...

New | Delete Junk | Mark as ▾ Move to ▾ |

Reply   Reply all   Forward |

**Inbox (898)**
**Junk (17)**
**Drafts (2)**
Sent
**Deleted (29)**
politics
Manage folders
Add an e-mail account

Related places
Today
Contact list
Calendar

You've just added this sender to your safe senders list. Add contact

## Nathan Schupak (IRA)

From: **Ware, Nathan** (NWare@bakerlaw.com)
Sent: Wed 11/11/09 10:39 AM
To:   hmschupak@hotmail.com
📎 1 attachment
    att50b20.gif (3.2 KB)

Mr. Schupak, per your email request, we will grant you a 30-day extension to answer the Determination Letter, dated October 19, 2009. Please feel free to contact me with any questions. Thanks, Nathan

My Bio | Web site | V-card

T 216.861.7427
F 216.696.0740
M
www.bakerlaw.com

**Nathan Ware**
nware@bakerlaw.com

Baker & Hostetler LLP
3200 National City Center
1900 East 9th Street
Cleveland, Ohio 44114-3485



This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

Internet communications are not assured to be secure or clear of inaccuracies as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are present in this email, or any attachment, that have arisen as a result of e-mail transmission.

## Certificate of Service

I hereby certify that I have caused the forgoing Objection to Trustee's Determination to be served on the parties listed below by first class mail, postage prepaid on this 2nd day of December, 2009.

*Howard M. Schupak*
Howard M. Schupak

Irving H. Picard, Trustee
C/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York City, New York 10111

Clerk of the Bankruptcy Court
For the Southern District of New York
One Bowling Green
New York City, New York 10004