Olshan Grundman Frome Rosenzweig
& Wolosky LLP
Park Avenue Tower
65 East 55th Street
New York, NY 10022
Andrea Fischer, Esq.
Telephone:: 212-451-2300
Facsimile: 212-451-2222

Michael Keeley
State Bar No. 11157800
Robert P. Franke
State Bar No. 07371200
Strasburger & Price, LLP
901 Main Street, Suite 4400
Dallas, TX 75202-3794
Telephone: 214-651-4300
Facsimile: 214-651-4330

Attorneys for United States Fire Insurance Company

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

SECURITIES INVESTOR PROTECTION
CORPORATION,

    Plaintiff - Applicant,

    v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

    Defendant.

-------------------------------------------------------------------

In re:

BERNARD L. MADOFF,

    Debtor.

Adv. Pro. No. 08-01789-BRL

SIPA Liquidation

(Substantively Consolidated)

Chapter 7

No. 09-11893 (BRL)

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY
# TO SERVE JUDICIAL SUBPOENA DUCES TECUM

United States Fire Insurance Company ("U.S. Fire"), by and through Olshan Grundman Frome Rosenzweig & Wolosky LLP and Strasburger & Price LLP, hereby moves for the entry of an order lifting the stays against all creditors imposed by the order of this Court and the automatic stay to authorize U.S. Fire to serve a third-party judicial subpoena duces tecum on Irving H. Picard, Esq., as Trustee ("Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("Debtor") and the Securities Investor Protection Corporation ("SIPC") and in support would respectfully show:

## JURISDICTION

1. This Court possesses jurisdiction over the instant matter pursuant to 28 U.S.C. § 1334 and 157(b). This is a core proceeding. The statutory predicate for the relief requested in this motion is Section 362 of the Bankruptcy Code.

## BACKGROUND

2. U.S. Fire issued certain financial institution bonds to Nine Thirty FEF Investments, LLC ("FEF") and Nine Thirty VC Investments, LLC. ("VC"). FEF and VC submitted claims to U.S. Fire under the bonds claiming losses in excess of $9 million and $5 million, respectively, and requesting U.S. Fire to indemnify FEF and VC under the bonds for the full amount of such alleged losses, plus an additional $25,000 each in claims expense. FEF and VC are among the numerous victims of the Ponzi scheme perpetrated by Bernard Madoff and the Debtor, and their claims stem from losses they allegedly incurred from investing monies with the Debtor.

3. U.S. Fire denied FEF and VC's claim. On October 28, 2009, U.S. Fire filed its Complaint with the Supreme Court of the State of New York, County of New York

against FEF and VC, Index No. 603284/09, seeking a judgment finding that the bonds are rescinded and declared void ab initio or, alternatively, declaring that the bonds do not provide coverage for the losses incurred by FEF and VC ("Declaratory Judgment Action"). A copy of the Complaint initiating the Declaratory Judgment Action is attached hereto as Exhibit A.

4. Prior to the filing of the Declaratory Judgment Action, U.S. Fire requested that the Trustee produce for inspection and copying certain records relating to bank accounts used by Madoff and the Debtor in the perpetration of the Ponzi scheme specifically related to the accounts maintained on behalf of FEF and VC. At that time, the Trustee indicated that authorization from FEF and VC would be required in order for the Trustee to make any documents available. U.S. Fire provided such authorization to the Trustee, but the Trustee did not accept such authorization.

5. The Trustee also required that U.S. Fire engage a forensic accounting firm approved by the Trustee to review the records U.S. Fire sought to be produced. The Trustee also required the forensic accounting firm execute a confidentiality agreement. U.S. Fire engaged the firm of Marotta Gund Budd and Dzera, LLC ("MGBD"), one of the two firms approved by the Trustee, to review the records. MGDB advised the Trustee that it was willing to enter into a confidentiality agreement.

6. On January 5, 2009, the Court entered its Order Extending the Stay against All Creditors ("Order") by which the stays provided in the Order entered on December 15, 2008 by the Honorable Lewis Stanton, United States District Judge, United States District Court, Southern District of New York (No. 08-CV-10791) ("Protective Order"), against all creditors of the Debtor were extended in this substantively consolidated bankruptcy case. Under the terms of the Stay Order the automatic stay provided by Section 362 of the Bankruptcy Code is effective in

861315-1   3

the case from and after December 11, 2008, and the stays provided in the Protective Order against all creditors of the Debtor and all other persons as provided in Paragraphs VI and VII of the Protective Order were extended from and after January 5, 2009 until further order of the Court. The Stay Order specifically provides that an affected party may move the Court to be relieved from the stays provided for in the Stay Order pursuant to the Bankruptcy Code. In light of the Trustee's unwillingness to produce the requested records without additional proof of authorization, and the filing of the Declaratory Judgment Action, U.S. Fire is now compelled to file this motion to seek relief.

## RELIEF REQUESTED

7. By this motion, U.S. Fire seeks an order lifting the stay provided by the Order and the automatic stay and authorizing U.S. Fire to serve a subpoena duces tecum, substantially in the form attached hereto as Exhibit B, on the Trustee. Although there is authority that the automatic stay provided by Section 362 of the Bankruptcy Code does not prevent discovery from a debtor relating to claims against non-debtor defendants, U.S. Fire is filing this motion as a precaution and in light of the Trustee's position that the automatic stay is applicable. *In re Miller*, 262 BR. 499 (B.A.P. 9th Cir. 2001) (§362 not applicable to subpoenas issued to debtor that were part of discovery regarding claims that were not stayed) and *Peter Rosenbaum Photography Corporation v. Otto Doosan Mail Order, Ltd.* 2004 U.S. Dist. Lexis 24292 (N.D. Ill, 2005) (Plaintiff allowed to proceed with discovery against debtor directed at non-debtor claims). Specifically, U.S. Fire is requesting the Trustee to produce bank statements and records of banking activities, including bank account statements, deposit and withdrawal receipts, and funds transfer records, for the period of January 1, 2004, through December 11, 2008, for two separate bank accounts at JPMorgan Chase in the name of the Debtor as identified

in the attached subpoena. U.S. Fire is seeking to have MGDB review such documents to attempt to trace the funds that FEF and VC deposited into the Debtor's accounts.

8. U.S. Fire is also seeking additional documents from the Trustee relating to the Debtor's accounts for FEF and VC, in addition to the bank account records, because such bank records only extend through September 2008. Because there is a gap between September 2008 and the date the Debtor ceased operation, U.S. Fire is requesting any additional Debtor account statements or records that show any account activity for FEF or VC from September 6, 2008, through the date that the Debtor ceased operations. Furthermore, additional documents relating to the Debtor's business dealings with FEF and VC have also been requested because such documents are relevant to certain coverage issues raised in the Declaratory Judgment Action.

## BASIS FOR RELIEF REQUESTED

9. Cause exists to lift the stays provided by the Stay Order and by Section 362 of the Bankruptcy Code. FEF and VC each submitted claims to U.S. Fire under the bonds claiming a combined loss in excess of $14 million. In the Declaratory Judgment Action, U.S. Fire claims that the bonds are void ab initio and are rescinded because they were issued in reliance upon material misrepresentations, or, alternatively, that FEF's and VC's claims are not covered under the bonds.

10. The bank records and other documents subject to the subpoena are discoverable under Federal Rule of Civil Procedure 26(b) in that they are non-privileged and relevant to U.S. Fire's claims. The discovery requested by U.S. Fire includes only those documents that are "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b). The discovery sought by U.S. Fire cannot be obtained from other sources that are more convenient or less burdensome or expensive. The Trustee is in possession of the

records identified in the subpoena and such records are necessary to prosecute the claims asserted by U.S. Fire in the Declaratory Judgment Action. FEF and VC are not in possession of the requested documents.

11. The requested documents are relevant to the claim determination procedure provided by the Securities Investor Protection Act, 15 U.S.C. § 78aaa, et seq. ("SIPA"), and therefore the request is not unduly burdensome on the Trustee. According to the Trustee's Second Interim Report for the period ending October 31, 2009, the Trustee, with the assistance of Alix Partners and other engaged professionals, have retrieved, indexed and organized information pertaining to the Debtor's operations, communications, books and records. The Trustee represents that he has assembled in substantial detail and for extensive periods of time the Debtor's financial history and relationships with the Debtor's investors, employees, vendors and others. Such records and information would be relevant in connection with the claims determination process for FEF and VC in the proceeding. It is not unduly burdensome or unreasonable to require the Trustee to identify and provide copies of the requested records.

12. U.S. Fire has obtained the permission from FEF and VC for the Trustee to produce such records. Attached hereto as Exhibit C is a copy of email correspondence from counsel for FEF and VC. Further, U.S. Fire has engaged an acceptable forensic accounting firm required by the Trustee to review the records. Further, U.S. Fire and the Marotta firm have agreed to enter into a non-disclosure agreement as requested by the Trustee. The need for the documents by U.S. Fire to prosecute its Declaratory Judgment Action, and the fact that such documents cannot be obtained from other, more convenient, less burdensome or less expensive sources, is more than sufficient cause to lift the automatic stay to allow U.S. Fire to serve its

third-party subpoena on the Trustee. To the extent that the Trustee objects to certain items under the subpoena, he is certainly able to file a motion for a protective order.

**NOTICE**

U.S. Fire has provided notice of this Motion by overnight delivery or email to all parties that have filed a Notice of Appearance in this case, the SIPC, the SEC, Internal Revenue Service, and the United States Attorney for the Southern District of New York. U.S. Fire submits that no other or further notice need be given.

**NO PRIOR REQUEST**

No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, United States Fire Insurance Company requests that upon hearing the Court enter an order lifting the stay provided by the Order Extending Stay to All Creditors Dated January 5, 2009, and the automatic stay provided by Section 362 of the Bankruptcy Code, and allowing it to serve the Judicial Subpoena Duces Tecum attached hereto on Irving H. Picard, Esq., as Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC, and the Securities Investor Protection Corporation, and grant such other and further relief it may show itself justly entitled.

Dated: New York, New York
       December 10, 2009

        OLSHAN GRUNDMAN FROME ROSENZWEIG
        & WOLOSKY LLP

By:   /s/ Andrea Fischer
     Andrea Fischer
     Park Avenue Tower
     65 East 55th Street
     New York, New York 10022
     (212) 451-2300

AND

Michael Keeley
State Bar No. 11157800
John R. Riddle
State Bar No. 16890200
Robert P. Franke
State Bar No. 07371200
Strasburger & Price, LLP
901 Main Street, Suite 4400
Dallas, TX 75202-3794
Telephone: 214-651-4300
Facsimile: 214-651-4330

Attorneys for United States Fire Insurance Company