SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------x
UNITED STATES FIRE INSURANCE COMPANY

                        Plaintiff,

    -against –

NINE THIRTY FEF INVESTMENTS, LLC, and
NINE THIRTY VC INVESTMENTS, LLC,

                        Defendants.
-----------------------------------------------------------------x

Index No. 603284/09

**JUDICIAL SUBPOENA**
**DUCES TECUM**

TO:   Mr. Irving H. Picard, Trustee
       Baker and Hostetler, LLP
       45 Rockefeller Plaza
       11th Floor
       New York, New York 10111

**G R E E T I N G S:**

       WE COMMAND YOU, That all business and excusing being laid aside, you produce at the office of D'Amato & Lynch, 70 Pine Street, New York, New York 10270 on the 11th day of December, 2009 at 10:00 o'clock in the forenoon of that day, and at any recessed or adjourned date, originals or certified copies of the following documents, set forth in Schedule "A".

       Failure to comply with this Subpoena is punishable as a contempt of Court and shall make you liable to the Plaintiff United States Fire Insurance Company for a penalty not to exceeds $50.00 and all damages sustained by reason of your failure to comply.



Dated:  November 11, 2008

                                              D'AMATO & LYNCH, LLP

                            By:  _____
                                 JOHN P. HIGGINS
                                 Attorneys for Plaintiff United States
                                 Fire Insurance Company
                                 70 Pine Street
                                 New York, New York  10270-0110
                                 (212) 269-0927

## SCHEDULE "A"

## CONFIDENTIALITY AGREEMENT

Recognizing that the documents requested below may contain information related to third parties other than the defendants in this case, plaintiff United States Fire Insurance Company is willing to enter into an appropriate and mutually agreeable confidentiality agreement in order to protect such information from disclosure outside of this lawsuit.

## DEFINITIONS

As used herein, the following terms have the following meanings, unless the context otherwise requires:

1. "Document" and/or "Documents" refer to any writing which means handwriting, typewriting, printing, Photostatting, photographing, photocopying, transmitting by electronic mail or facsimile, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and any record thereby created, regardless of the manner in which the record has been stored, whether or not these writings or recordings were actually used, and including, without limitation, drafts, originals, and non-conforming copies containing handwritten notes. "Document" or "Documents," when referring to anything created or maintained electronically, shall include all associated metadata.

2. The terms "You" and "Your" mean Irving H. Picard, Trustee, Bernard L. Madoff Investment Securities, LLC, and your respective, partners, associates, employees, agents and representatives.

3. The term "VC" shall refer to defendant Nine Thirty VC Investments, LLC., and its past and present members, directors, officers, agents, employees and representatives.

4. The term "FEF" shall refer to defendant Nine Thirty FEF Investments, LLC., and its past and present members, directors, officers, agents, employees and representatives.

5. The term "U.S. Fire" shall refer to plaintiff United States Fire Insurance Company and its past and present directors, officer, agents, employees, attorneys, and representatives.

6. The term "BLMIS" shall refer to Bernard L. Madoff Investment Securities, LLC, and its past and present directors, officers, agents, employees, and representatives.

7. Each document requested herein contemplates production of the item in its entirety without abbreviation or expurgation.

8. In the event any matter called for by this subpoena is withheld or redacted on the basis of a claim of "privilege," that item is to be identified as follows: addressor, addressee, indicated on blind copies, dates, subject mater, number of pages, attachments or appendices, all persons to which distributed, shown or explained, present custodian and nature of the privilege asserted.

9. In the event that any matter called for in this subpoena has been destroyed, that item is to be identified to the extent possible as follows: addressor, addressee, indicated on blind copies, dates, subject matter, number of pages, attachments or appendices, all person to whom distributed, shown or explained, date of

destruction, manner of destruction, reason for destruction, person authorizing destruction and person destroying the document(s).

10. This subpoena shall be deemed continuing so as to require further and supplemental production if you receive or generate additional matter between the time of original production and the time of trial.

11. If any matter covered by this subpoena is no longer in your possession, custody or control, you are requested to describe the matter in detail and indicate the present custodian of same.

12. Each paragraph of this subpoena should be construed independently and should not be referenced to any other paragraphs for the purpose of limitation.

13. In the event that any document called for by this request has been destroyed, that document is to be identified as follows: addressor, addressee, indicated or blind copies, all person to whom distributed, shown or explained, date of destruction, manner of destruction, reason for destruction, person authorizing destruction and person destroying the document.

14. Documents produced in response to this request shall be segregated to respond to each specific request and shall state in whose files the documents were located.

### **REQUESTS FOR PRODUCTION**

1. All documents, including, but not limited to, account statements, deposit slips, withdrawal slips and wire transfer records, concerning monies deposited

into or withdrawn from the JP Morgan Chase account No. 000000140081703 from June 1, 2004, to December 31, 2008.

2. All documents, including, but not limited to, account statements, deposit slips, withdrawal slips and wire transfers records, concerning monies deposited into or withdrawn from the JP Morgan Chase account No. 000000066709466 from June 1, 2004, to December 31, 2008.

3. All documents concerning any agreement, including, but not limited to, any Customer Agreement, Option Agreement or Trading Authorization Limited to Purchases and Sales of Securities and Options, between BLMIS and VC.

4. All communications, including, but not limited to, letters, emails, faxes and notes, between BLMIS and VC concerning any agreement between BLMIS and VC.

5. All documents concerning any agreement, including, but not limited to, any Customer Agreement, Option Agreement or Trading Authorization Limited to Purchases and Sales of Securities and Options, between BLMIS and FEF.

6. All communications, including, but not limited to, letters, emails, faxes and notes, between BLMIS and FEF concerning any agreement between BLMIS and FEF.

7. All documents concerning BLMIS account No. 1-N0033-0-3, in the name of VC.

8.  All communications, including, but not limited to, letters, emails, faxes and notes, between BLMIS and VC concerning BLMIS account No. 1-N0033-03.

9.  All documents concerning BLMIS account No. 1-N0033-03, in the name of FEF.

11. All communications, including, but not limited to, letters, emails, faxes and notes, between BLMIS and FEF concerning BLMIS account No. 1-N0033-03.

12. All documents concerning the opening of BLMIS account No. 1-N0033-3-0 in the name of VC.

13. All communications, including, but not limited to, letters, emails, faxes and notes, between BLMIS and VC concerning the opening of account No. 1-N0033-3-0 in the name of VC.

14. All documents concerning the opening of BLMIS account No. 1-N0033-3-0 in the name of FEF.

15. All communications, including, but not limited to, letters, emails, faxes and notes, between BLMIS and FEF concerning the opening of account No. 1-N0033-3-0 in the name of FEF.

16. All documents concerning Citigroup "Preferred Custody" account No. 25D053819768, in the name of VC.

17. All documents concerning Citigroup "Preferred Custody" account No. 25D053819768, in the name of FEF.

18. All documents concerning account statements provided by BLMIS to VC.

19. All documents concerning account statements provided by BLMIS to FEF.

20. All documents concerning trade confirmations provided by BLMIS to VC.

21. All documents concerning trade confirmations provided by BLMIS to FEF.

22. All documents concerning any fees paid to BLMIS by VC.

23. All documents concerning any fees paid to BLMIS by FEF.

24. All documents concerning tax documents, including, but not limited to 1099-INT and 1099-B documents, provided by BLMIS to VC.

25. All documents concerning tax documents, including, but not limited to 1099-INT and 1099-B documents, provided by BLMIS to FEF.

26. All documents concerning commissions retained by BLMIS related to the account of VC.

27. All documents concerning commissions retained by BLMIS related to the account of FEF.

28. All documents concerning the "Customer Claim" submitted to you by VC on or about February 27, 2009.

29. All communications, including, but not limited to, letters, emails, faxes and notes, between you and VC concerning its "Customer Claim."

30. All documents concerning the "Customer Claim" submitted to you by FEF on or about February 27, 2009.

31. All communications, including, but not limited to, letters, emails, faxes and notes, between you and FEF concerning its "Customer Claim."

32. All documents concerning any registration with the Securities and Exchange Commission ("SEC") by BLMIS.

33. All documents concerning BLMIS' registration as a broker-dealer with the SEC.

34. All documents concerning BLMIS' registration as a investment advisor with the SEC.

35. All documents concerning any SEC filings made by BLMIS pursuant to its registration with the SEC as a broker-dealer.

36. All documents concerning any SEC filings made by BLMIS pursuant to its registration with the SEC as a investment advisor.

37. All documents concerning any agreement between BLMIS and Nine Thirty Capital Management, LLC.

38. All communications, including, but not limited to, letters, emails, faxes and notes, between BLMIS and Nine Thirty Capital Management, LLC concerning any agreement between BLMIS and Nine Thirty Capital Management, LLC.

39. All documents concerning marketing materials provided by BLMIS to VC.

40. All documents concerning marketing materials provided by BLMIS to FEF.

41. All documents concerning the investment strategy BLMIS would use on behalf of VC.

42. All communications, including, but not limited to letter, emails, faxes and notes, between BLMIS and VC concerning the investment strategy BLMIS would use on behalf of VC.

43. All documents concerning the investment strategy BLMIS would use on behalf of FEF.

44. All communications, including, but not limited to letter, emails, faxes and notes, between BLMIS and FEF concerning the investment strategy BLMIS would use on behalf of FEF.