SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

*Attorneys for Stephen Z. Kaufman*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

In re

BERNARD L. MADOFF INVESTMENT SECURITIES LLC,

                        Debtor

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

SIPA LIQUIDATION
No. 08-01789 (BRL)

## OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM

       Stephen Z. Kaufman, who submitted claim number 001734 (the "Claim") to Irving H. Picard, the Trustee for the above-captioned liquidation, regarding account number 1CM836 at Bernard L. Madoff Investment Securities LLC ("BLMIS"), hereby objects to the Trustee's determination of the Claim.

       1.      To begin, the Trustee miscalculated the value of the Claim because he erroneously applied a "cash in/cash out" approach to calculating Dr. Kaufman's "net equity" under the Securities Investor Protection Act ("SIPA"). The propriety of the Trustee's approach is currently the subject of ongoing briefing before this Court, and Dr. Kaufman understands that he will receive the benefit of any favorable court decision on the issue without further elaboration of his position at this time.

2. Even if the Trustee is correct in his contention that net equity should be calculated based on a "cash in/cash out" approach, the Trustee's calculation of the Claim is nevertheless flawed because it improperly favors later customers of BLMIS at the expense of earlier customers by failing to apply an appropriate adjustment for the amount of time Dr. Kaufman had his money deposited with BLMIS.  By neglecting to include such an adjustment in the amount of customers' claims, the Trustee would distribute to an investor that invested with BLMIS a week before the commencement of this proceeding the same percentage of his investment as an investor who made his investment a decade earlier.  The investor who invested a decade earlier, however, has lost the use of the money he invested for 10 years longer than the recent investor, and has obviously suffered a far greater loss.  By proposing to distribute to the two investors the same percentage of their principal investment, the Trustee is violating, among other provisions, the requirement for pro rata distributions of customer property under 15 U.S.C. § 78-fff-2(c)(1)(B).

3. Under New York law, from the time he placed his investments, Dr. Kaufman had the right to recover from BLMIS at least the amount of his principal investment and could have enforced that right, among other ways, through an action for fraud, breach of fiduciary duty, breach of contract or rescission.  The merits of these causes of action are beyond dispute.  In addition to recovering his principal investment, Dr. Kaufman could have obtained prejudgment interest under each of these causes of action.  "Interest shall be computed from the earliest ascertainable date the cause of action existed," N.Y. C.P.L.R. § 5001, in this case from the date when Dr. Kaufman submitted funds to BLMIS, and "shall be at the rate of nine per centum per annum,"

N.Y. C.P.L.R. § 5004.  *See Baer* v. *Anesthesia Assoc. of Mount Kisco, LLP*, 2008 NY Slip Op 10110, 2 (2d Dep't 2008) ("Contrary to the defendant's contention, as this is an action to recover damages for breach of contract, the Supreme Court properly awarded the plaintiff prejudgment interest at the statutory rate of 9% per annum"); *Davenport* v. *Martin*, 4 A.D.3d 873, 874 (4th Dep't 2004) (court had to apply statutory 9% interest rate for action alleging fraud and breach of fiduciary duty).  Accordingly, Dr. Kaufman possessed a clear legal right to obtain from BLMIS the amount of principal invested in his account plus interest, and the Trustee erred in failing to consider both of these amounts in determining the Claim.

4. Even if the Claim need not include a measure of interest, the Trustee erred by failing to consider the current value of the money Dr. Kaufman deposited into BLMIS, for example by including a measure of inflation.

Dated:  New York, New York
December 10, 2009

/s/ Jeffrey T. Scott
Jeffrey T. Scott
Patrick B. Berarducci
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588

*Attorneys for Stephen Z. Kaufman*