# EXHIBIT E

Madoff Trustee Site

BERNARD L. MADOFF
Investment Securities LLC

Home    More Information    Court Filings    Claims Packages    Hardship Program    Press    Contact Us    Creditors Meeting

## HARDSHIP PROGRAM

### 1. The Hardship Program

a. In an effort to accelerate Securities Investor Protection Corporation ("SIPC") protection for individual victims of Bernard L. Madoff Investment Securities LLC ("BLMIS") who are suffering hardship, the Trustee is instituting a Hardship Program as outlined below. The purpose of the Hardship Program is to provide a mechanism by which customers of BLMIS that are suffering hardship can accelerate the determination of their claims and the payment by the Trustee of the SIPC protection afforded to such customers. The SIPC protection is an amount not to exceed $500,000.00.

b. The Hardship Program is a supplement to and not a replacement of or alternative to the existing claims procedure. All customers seeking to enter the Hardship Program must have previously submitted a claim or must submit a claim concurrently with submission of the Hardship Application. Please note that the claims bar date is July 2, 2009.

c. The Hardship Program is only available to individual account holders, and not to corporations, partnerships and other business entities that are account holders of BLMIS or indirect investors through feeder funds or other investment vehicles.

**If you would like to receive a Hardship Application package in the mail, you may either contact the Claims Processing Center at 888-727-8695, or click here to submit a request for a Hardship Application Package.**

### 2. The Hardship Standard

Based on the Hardship Application that you submit, the Trustee will assess whether you qualify for the Hardship Program based on the following indicators of hardship:

a. Inability to pay for necessary living expenses, such as housing, food, utilities and transportation.

b. Inability to pay for necessary medical expenses.

c. Necessity to return to work, at the age of 65 or older, after having previously retired from former employment (special consideration will be given to individuals that can no longer return to their former work).

d. Declaring personal bankruptcy.

e. Inability to pay for the care of dependents.

f. Otherwise suffering from extreme financial hardship as demonstrated by other circumstances not addressed by the foregoing.

### 3. Administration of the Hardship Program

a. Applicants for the Hardship Program must complete a Hardship Application which requires identifying information, a short explanation of the basis for seeking inclusion in the Hardship Program and limited financial information. The Hardship Application form can be downloaded by clicking here.

b. The Hardship Application must be mailed with proof of delivery to Irving H. Picard, Esq., Trustee for Bernard L. Madoff Investment Securities LLC, Claims Processing Center, 2100 McKinney Ave., Suite 800, Dallas, TX 75201.

c. Assuming that you have filed a claim and assuming that your Hardship Application is properly completed, the Trustee will notify you in writing within 20 days of receipt of the Hardship Application by the Trustee whether or not you qualify for the Hardship Program. To the extent that the Hardship Application is incomplete or the Trustee requires further information, the Trustee will notify you within 20 days of receipt of the initial Hardship Application and you will be requested to resubmit the Hardship Application with the additional information requested by the Trustee. Once you resubmit your Hardship Application in compliance with the Trustee's information request, the Trustee will reconsider the Hardship Application and will notify you

in writing within 20 days of whether or not you qualify for the Hardship Program.

   d. The determination of the Trustee whether customers qualify for the Hardship Program shall be final, not subject to review by court, and shall not affect the claim process or your ultimate allowed claim.

   e. Once the Trustee determines that you qualify for the Hardship Program, your claim or claims will be expedited in the claims process by the Trustee. Given that BLMIS's records are currently incomplete and that the Trustee is currently working to reconstitute the financial records of BLMIS, the Trustee cannot guaranty the timing of determination of any claim; provided, however:

      i. <u>Post-1995 accounts</u>: if your account was opened at BLMIS after January 1, 1996, the Trustee will endeavor to mail a determination of your claim within 20 days of your claim qualifying for the Hardship Program.

      ii. <u>Pre-1996 Accounts</u>: Although the Trustee is working to reconstruct BLMIS's records for the time periods prior to January 1, 1996, full records for this period currently are not available. As such, the Trustee will not be able to render determinations on these accounts until full information is available. Reconstruction of BLMIS's records is a laborious and time consuming endeavor, and it is imperative to the expeditious treatment of your claims that you aid the Trustee by providing all documentation in your possession to the Trustee as soon as possible. **The Trustee strongly urges that you include all information in your possession (including proof of your deposits made to BLMIS) with your initial Hardship Application.** The Trustee is committed to determining pre-1996 accounts as soon as possible, but full information on your account will be needed in order to render a determination. The Trustee hopes that you and he can work together cooperatively to reconstruct the account history as quickly as possible, and as pre-1996 records are reconstructed on a rolling year-by-year basis starting with 1995 and moving back in time, the Trustee will work to quickly determine claims related to accounts that were opened in those years where the Trustee has the newly reconstructed records. Thus, for example, if you opened your account in 1994, the Trustee will quickly determine your claim once the records for 1994 and 1995 are reconstructed.

   f. Upon determination of a claim in the Hardship Program, the Trustee will mail a Determination Notice and either a Full or Partial Assignment and Release Agreement to you. The Determination Notice will set forth the Trustee's proposed treatment of your claim. Pursuant to the terms of the Order on Application for an Entry of an Order Approving Form and Manner of Publication and Mailing of Notices, Specifying Procedures for Filing, Determination, and Adjudication of Claims; and Providing other Relief (the "Claims Process Order"), you have 30 days to agree to the Trustee's determination or object to such determination as required by the Claims Process Order. A copy of the Claims Process Order can be obtained by clicking [here](). As provided in the Claims Process Order, you can agree to the determination by returning the Full or Partial Assignment and Release Agreement (whichever one you received) or by taking no action within 30 days of the mailing of the Determination Notice by the Trustee.

   g. If the Determination Notice states that the Trustee has determined that your claim is entitled to the protection afforded by SIPC, you can consent to this determination by taking no action for 30 days or by submitting a fully executed and notarized Full Assignment and Release Agreement (which is included with the Determination Notice if the SIPC protection will fully pay your claim) or a Partial Assignment and Release Agreement (which is included with the Determination Notice if the maximum SIPC protection will only partially pay your claim). Upon receipt by the Trustee of the fully executed Partial or Full Assignment and Release Agreement, as the case may be, the Trustee will pay you the SIPC protection set forth in your Determination Notice (an amount up to $500,000.00). The remainder of your claim, if any, will be paid at a later date when the Trustee makes additional distributions. The amount and timing of further distributions is not yet known.

      For example, if you invested $1,000,000.00 with BLMIS and never received a payment from BLMIS, the Trustee will send you a Determination Notice proposing to allow your claim for $1,000,000.00 and offering to pay you $500,000.00 in SIPC protection once you return the Partial Assignment and Release that is included with your Determination Notice. Although you have 30 days to consider the Determination Notice, as soon as you return the Partial Assignment and Release, the Trustee will process your check for the SIPC protection of $500,000.00 in this example. The unpaid portion of your claim will go into the pool of unpaid customer claims on which the Trustee intends to make distributions in the future. Please note that the Trustee is not giving you credit for the fictitious profits that BLMIS fabricated on your monthly statements. As previously announced, the Trustee is only considering cash in and out of BLMIS when determining claims.

   h. If you dispute the Trustee's proposed treatment of your claim and follow the procedure below, the Trustee will pay the undisputed portion of your claim up to the limits of the SIPC protection (an amount up to $500,000.00) even though there is not yet agreement on the treatment of your entire claim. The payment of the undisputed amount of your claim will be without prejudice to the Trustee's and your rights, claims and defenses with respect to the disputed portion of your claim. You should comply with the following procedure:

      i. You must submit a Statement of Dispute to the Trustee. A form of Statement of Dispute is available

by clicking here. The Statement of Dispute must be delivered (with proof of delivery) to the Trustee within 30 days of the date on your Determination Notice otherwise you will be deemed to have consented to the treatment of your claim in the Determination Notice. The Statement of Dispute must be delivered to the Trustee at the following address: Irving Picard, c/o Heather R. Wlodek, Trustee for Bernard L. Madoff Investment Securities LLC, Baker & Hostetler LLP, 45 Rockefeller Plaza, 11th Floor, New York, NY 10111. A copy of the Statement of Dispute should be delivered to the Trustee's counsel: Kelly Burgan, Baker & Hostetler LLP, 3200 National City Center, 1900 E. Ninth Street, Cleveland, Ohio, 44114. If you fail to keep or provide a record of proof of delivery of the Statement of Dispute, the date of receipt by the Trustee will be the date that the Trustee asserts he actually received your Statement of Dispute. Thus, you risk missing the 30 day deadline to submit your Statement of Dispute if you do not keep proof of delivery.

ii.   The Statement of Dispute must clearly state (a) the amount of the Trustee's determination that you do not dispute, (b) the amount which you dispute and (c) the reasons for your dispute of the Trustee's determination.

iii.   In order to receive SIPC protection of up to $500,000.00 on account of the undisputed portion of your claim, you will need to submit a Partial Assignment and Release for that amount to the Trustee. As soon as the Trustee has received the Partial Assignment and Release, he will process and send a check for the undisputed amount of your claim representing your SIPC protection. A Partial Assignment and Release form for the undisputed amount of your claim will be sent to you by the Trustee if you request it in writing to Kelly Burgan, Baker & Hostetler LLP, 3200 National City Center, 1900 E. Ninth Street, Cleveland, Ohio, 44114 or by email kburgan@bakerlaw.com. Please note that you can return the Partial Assignment and Release with your Statement of Dispute or anytime time thereafter.

> 1. For example, if the Trustee sends you a Determination Notice approving your claim at $1,000,000.00 and offering to pay $500,000.00 in SIPC protection to you, but you believe that your claim should be approved at $2,000,000.00, you should mail (with proof of delivery) a Statement of Dispute to the Trustee which clearly states (a) the amount of the Trustee's determination that you do not dispute (here, $1,000,000.00), (b) the amount which you dispute (here, you believe your claim should be approved at $2,000,000.00) and (c) the reasons for your dispute of the Trustee's determination. Because the undisputed portion of your claim is more than the $500,000.00 limit of the SIPC protection, the Trustee is willing to send you a check for $500,000.00 representing your undisputed SIPC protection; however, you must deliver a Partial Assignment and Release for your $500,000.00 SIPC protection to the Trustee before the Trustee will process your check.

> 2. For further example, if the Trustee sends you a Determination Notice approving your claim at $300,000.00 and offering to pay $300,000.00 in SIPC protection to you, but you believe that your claim should be approved at $2,000,000.00, you should mail (with proof of delivery) a Statement of Dispute to the Trustee which clearly states (a) the amount of the Trustee's determination that you do not dispute (here, $300,000.00), (b) the amount which you dispute (here, you believe your claim should approved at $2,000,000.00) and (c) the reasons for your dispute of the Trustee's determination. Because the undisputed portion of your claim is less than the $500,000.00 limit of the SIPC protection, the Trustee is willing to send you a check for $300,000.00 representing your undisputed SIPC protection; however, you must deliver a Partial Assignment and Release for your $300,000.00 SIPC protection to the Trustee before the Trustee will process your check. If it is later determined that the Trustee is correct, $300,000.00 will be your allowed claim and you will have no further claim. If it is later determined that you are correct, you will receive the remainder of your SIPC protection (here, $200,000.00) and you will have an additional allowed claim of $1,500,000.00. The unpaid portion of your claim will go into the pool of unpaid customer claims on which the Trustee intends to make further distributions in the future.

iv.   Once your SIPC protection check has been issued to you, the Trustee will work with you in good faith to reconcile the disputed portion of your claim.

v.   If the parties are not able to resolve the dispute, you and the Trustee will file a stipulation with the Bankruptcy Court stating that the undisputed portion of the claim that has been paid and describing the nature of the dispute. A hearing will be set by the Bankruptcy Court to determine the dispute.

vi.   If you have questions regarding the process for seeking the payment of the undisputed portion of your claim, you can contact Kelly Burgan at (216) 861-7665 or at kburgan@bakerlaw.com.