Josephine Wang
General Counsel
SECURITIES INVESTOR PROTECTION
 CORPORATION
805 15th Street, N.W., Suite 800
Washington, DC 20005
Telephone: 202-371-8300
E-mail: jwang@sipc.org

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| IN RE: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

RECOMMENDATION OF THE
SECURITIES INVESTOR PROTECTION CORPORATION
IN SUPPORT OF SECOND APPLICATIONS OF SPECIAL COUNSEL
TO IRVING H. PICARD, TRUSTEE, FOR
<u>INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES</u>

Eight special counsel to Irving H. Picard, Esquire, as trustee ("Trustee") for the substantively consolidated liquidation proceedings of Bernard L. Madoff Investment Securities

LLC ("BLMIS" or "Debtor") and Bernard L. Madoff ("Madoff"), have filed their applications for allowance of interim compensation under the Securities Investor Protection Act, 15 U.S.C. section 78aaa et seq. ("SIPA"). Pursuant to section 5(b)(5)(C) of SIPA, 15 U.S.C. §78eee(b)(5)(C), SIPC submits this recommendation in support of the applications. The grounds for this recommendation are as follows:

1. The applications involve the period from May 1, 2009 or the date of special counsel's nunc pro tunc retention by the Trustee pursuant to Orders of this Court through September 30, 2009 and/or October 31, 2009 ("Compensation Period"). As detailed in the applications, special counsel have rendered a range of services to the administration of the estate during this time. The liquidation proceeding has progressed to a point where the review and determination of customer claims is underway, and the completion of administration will require special counsel to assist the Trustee in (1) continuing with the marshaling of the assets of the estate; and (2) dealing with such other matters as they may be called upon to resolve.

2. The special counsel and the geographic locations where they represent the Trustee are: Lovells LLP ("Lovells") (England, Wales, and other European jurisdictions); Eugene F. Collins ("Collins") (Ireland); Higgs Johnson Truman Bodden & Co. ("Higgs") (Cayman Islands); Schlitz & Schlitz (Luxembourg); Attias & Levy ("Attias") (Gibraltar); and Williams Barristers & Attorneys ("Williams") (Bermuda); Schifferli Vafadar Sivilotti ("SVS")(Switzerland); and SCA Creque ("SCA")(British Virgin Islands ("BVI")).

3. SIPC, by its staff, has carefully evaluated the applications for compensation. This has included analyzing the detailed reports of time spent and services rendered as set forth in the applications and the exhibits thereto. SIPC also has consulted closely with the Trustee and his counsel (Baker & Hostetler LLP) regarding the need for the services of special counsel, the

nature and scope of services rendered by them, and the fees and reimbursement of costs sought by them. The detailed reports of services reflect the following totals of hours expended by special counsel in the performance of their duties: Lovells - 906.76 hours; Collins - 55.3 hours; Higgs - 80.1 hours; Schlitz - 179.8 hours; Attias - 759.8 hours; Williams - 502.2 hours; SVS - 45.3 hours; and SCA - 206.3 hours. In reviewing the applications, SIPC considered the requirements and standards for an application set forth in 15 U.S.C. §78eee(b)(5), the relevant sections of the Bankruptcy Code, and the Administrative Order re Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases. SIPC believes that the applications substantially comply with the applicable law and this District's Administrative Order.

4. Based upon an average hourly rate of $523.13, Lovells asserts the reasonable value of its services is $580,942.62 and requests allowance of 80% in the amount of $464,754.10, and reimbursement of expenses in the amount of $16,613.42 incurred from May 1, 2009 through September 30, 2009. Counsel also seeks to be paid $149,908.13 which is the amount by which it inadvertently was underpaid under its previous application.

5. Based upon an average hourly rate of $387.81, Collins asserts the reasonable value of its services is $21,445.82, and requests allowance of 80% in the amount of $16,374.35, and reimbursement of expenses in the amount of $198.63 incurred from May 1, 2009 through September 30, 2009. Counsel also seeks to be paid $16,374.35 which is the amount by which it inadvertently was underpaid under its previous application.

6. Based upon an average hourly rate of $472.50, Higgs asserts the reasonable value of its services is $37,829.25, and requests allowance of 80% in the amount of $30,263.40, and reimbursement of expenses in the amount of $1,049.11 incurred from May 1, 2009 through

September 30, 2009. Counsel also seeks to be paid $2,152.08 which is the amount by which it inadvertently was underpaid under its previous application.

7. Based upon an average hourly rate of $473.51, Schlitz asserts the reasonable value of its services is $85,137.75 and requests allowance of 80% in the amount of $68,110.20, and reimbursement of expenses in the amount of $5,533.96 incurred from May 1, 2009 through September 30, 2009. Counsel also seeks to be paid $10,140.10 which is the amount by which it inadvertently was underpaid under its previous application.

8. Based upon an average hourly rate of $285.33, Attias asserts the reasonable value of its services is $216,793.92, and requests allowance of 80% in the amount of $173,435.14, and reimbursement of expenses in the amount of $14,506.80 incurred from May 1, 2009 through October 31, 2009. Counsel also seeks to be paid $2,895.07 which is the amount by which it inadvertently was underpaid under its previous application.

9. Based upon an average hourly rate of $523.13, Williams asserts the reasonable value of its services is $262,717.50 and requests allowance of 80% in the amount of $210,174.00. Williams also requests reimbursement of expenses in the amount of $30,963.00 incurred from May 1, 2009 through October 31, 2009.

10. Based upon an average hourly rate of $384.33, SVS asserts the reasonable value of its services is $17,410.00, and requests allowance of 80% in the amount of $13,928.00.

11. Based upon an average hourly rate of $517.10, SCA asserts the reasonable value of its services is $106,677.50, and requests allowance of 80% in the amount of $85,342.00.

12. Generally, SIPC has no objection to the allowance of such interim compensation as the Court may deem appropriate once the liquidation proceeding has progressed to a point where a customer claims process is established and operational and significant work has been

performed, and upon consideration of the potential hardship to the applicant. In this liquidation proceeding, a customer claims process has been established and is operational and significant work has been performed.

13. Section 5(b)(5)(A) of SIPA, 15 U.S.C. § 78eee(b)(5)(A), provides that the Court shall "grant reasonable compensation for services rendered . . . by a trustee, and by the attorney for such a trustee, in connection with a liquidation proceeding." SIPA §5(b)(5)(C), 15 U.S.C. §78eee (b)(5)(C), sets forth the standard for the Court's determination of applications for allowances of compensation and reimbursement in SIPA cases. The section provides:

> Whenever an application for allowances is filed pursuant to subparagraph (B), SIPC shall file its recommendation with respect to such allowances with the court prior to the hearing on such application and shall, if it so requests, be allowed reasonable time after such hearing within which to file a further recommendation. <u>In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC</u>. In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendation of SIPC. [emphasis added].

14. In a SIPA proceeding, administrative costs and expenses, which include trustee and counsel fees and expenses, are to be borne by the general estate. SIPA §5(b)(5)(E), 15 U.S.C. §78eee (b)(5)(E). To the extent the estate is not sufficient, SIPC advances funds for their payment. SIPA §§ 5(b)(5)(E), 6(e), and 9(b)(2), 15 U.S.C. §§ 78eee(b)(5)(E), 78fff(e), and 78fff-3(b)(2).

15. In this case, the Court has been advised that the Trustee has "no reasonable expectation that the general estate will be sufficient to make any distribution to general creditors or pay any administrative expenses." (Second Application of Irving H. Picard, Trustee at 27, ¶56) Thus, any allowances for fees and expenses of special counsel will be paid by SIPC without any expectation of recoupment by SIPC. Furthermore, there is no difference between the amounts requested by

special counsel and the amounts recommended by SIPC. Consequently, SIPA provides that this Court shall award special counsel the amounts recommended by SIPC.

16. Resolution of the matters set forth in paragraph 1 above will delay the completion of this proceeding. SIPC respectfully submits that an allowance of interim compensation is appropriate at this time. An interim allowance does not involve a determination as to the actual reasonable value of the services in question. It is merely a payment on account of the final allowance and does not imply that the Court or SIPC has approved the value which special counsel have placed on their services. The amounts sought do not exceed the sums the Court might reasonably award as final compensation for the services rendered. Accordingly, SIPC supports the applications.

WHEREFORE, SIPC respectfully recommends that: (1) interim compensation in the amount of $464,754.10 sought by Lovells, reimbursement of $16,613.42 of expenses, and payment of $149,908.13 for services rendered during a prior compensation period; (2) interim compensation in the amount of $16,374.35 sought by Collins, reimbursement of $198.63 of expenses, and payment of $16,374.35 for services rendered during a prior compensation period; (3) interim compensation in the amount of $30,263.40 sought by Higgs, reimbursement of $1,049.11 of expenses, and payment of $2,152.08 for services rendered during a prior compensation period; (4) interim compensation in the amount of $68,110.20 sought by Schiltz, reimbursement of $5,533.96 of expenses, and payment of $10,140.10 for services rendered during a prior compensation period; (5) interim compensation in the amount of $173,435.14 sought by Attias, reimbursement of $14,506.80 of expenses, and payment of $2,895.07 for services rendered during a prior compensation period; (6) interim compensation in the amount of $210,174.00 sought by Williams, and reimbursement of $30,963.00 of expenses; (7) interim compensation in the amount of $13,928.00 sought by SVS; and

(8) interim compensation in the amount of $85,342.00 sought by SCA, be allowed.

                Respectfully submitted,

Of Counsel:
KEVIN H. BELL
Senior Associate General Counsel
 for Dispute Resolution
E-mail: kbell@sipc.org

JOSEPHINE WANG
General Counsel
SECURITIES INVESTOR
 PROTECTION CORPORATION
805 15th Street, N.W.
Suite 800
Washington, D.C. 20005-2215
Telephone: (202) 371-8300
E-mail: jwang@sipc.org

December 15, 2009
Washington, D.C.