Josephine Wang
General Counsel
SECURITIES INVESTOR PROTECTION
  CORPORATION
805 Fifteenth Street, N.W., Suite 800
Washington, DC 20005-2207
Telephone: (202) 371-8300

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| IN RE: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**RECOMMENDATION OF THE
SECURITIES INVESTOR PROTECTION CORPORATION
IN SUPPORT OF FIRST AND FINAL APPLICATION OF
LEE S. RICHARDS, FORMER RECEIVER FOR BERNARD L. MADOFF
INVESTMENT SECURITIES LLC, HIS COUNSEL, AND HIS FORENSIC
ACCOUNTANTS FOR ALLOWANCE OF
<u>COMPENSATION AND REIMBURSEMENT OF EXPENSES</u>**

Lee S. Richards, former receiver ("Receiver") for Bernard L. Madoff Investment Securities LLC ("BLMIS"), the law firm of Richards Kibbe & Orbe ("RKO") as counsel ("Counsel") for the Receiver, and AlixPartners LLP ("Alix") as forensic accountants for the Receiver, have filed their

first and final application for allowance of compensation and reimbursement of expenses under the Securities Investor Protection Act, 15 U.S.C. section 78aaa et seq. ("SIPA"). Pursuant to section 5(b)(5)(C) of SIPA, 15 U.S.C. §78eee(b)(5)(C), SIPC submits this recommendation in support of the application. The grounds for this recommendation are as follows:

1. At the request of the United States Securities and Exchange Commission ("SEC"), on December 11, 2008 the United States District Court for the Southern District of New York appointed Mr. Richards as the Receiver for, inter alia, BLMIS and Madoff Securities International Ltd. ("MSIL"). The Receiver and RKO have combined the presentation of their services and their request for compensation and reimbursement of expenses. SIPC, accordingly, will address their request as that of the Receiver/RKO.

2. The application involves the period from December 11, 2008 through February 28, 2009 ("Compensation Period"). As detailed in the application, the Receiver/RKO and Alix rendered services to the administration of the Madoff estate during this time. The Applicants also rendered services with respect to MSIL.

3. SIPC, by its staff, has carefully evaluated the application for compensation. This has included analyzing the detailed report of time spent and services rendered as set forth in the application and the exhibit thereto. The detailed report of services reflects a total of 1,225.8 hours expended by the Receiver/RKO and 717.35 by Alix in the performance of their duties. In reviewing the application, SIPC considered the requirements and standards for an application set forth in 15 U.S.C. §78eee(b)(5), the relevant sections of the Bankruptcy Code, and the Administrative Order re Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases. SIPC believes that the application substantially complies with the applicable law

and this District's Administrative Order.

4. Based upon an average hourly rate of $531.60, the Receiver/RKO asserts the discounted reasonable value of its services is $651,642.50. The Receiver/RKO agreed with the SEC to discount its normal billing rates by a public service discount of 10%. This discount resulted in a voluntary reduction during the Compensation Period of $65,164.25. The Receiver/RKO also agreed with the SEC to reduce by 50% its non-working travel time in an amount of $19,112.50. In addition, after consultation with SIPC, the Receiver/RKO voluntarily adjusted its fees by writing off $269,277.00 and its expenses by $21,247.49. The Receiver/RKO requests an allowance of the asserted discounted and reduced value, or a total of $300,000. The Receiver/RKO also seeks reimbursement of $6,449.00 in expenses.

5. Based upon an average hourly rate of $558.35, Alix asserts the reasonable value of its services is $400,531.25. Alix agreed with the SEC to discount its normal billing rates by a public service discount of 10%. That discount resulted in a voluntary reduction during the Compensation Period of $40,053.13. Alix also agreed with the SEC to reduce by 50% its non-working travel time in an amount of $8,313.75. In addition, after consultation with SIPC, Alix voluntarily adjusted its fees by writing off $36,999.75 and its expenses by $3,484.79. Alix requests an allowance of the asserted discounted and reduced value, or a total of $316,000.00. Alix also seeks reimbursement of $15,000.00 in expenses.

6. Section 5(b)(5)(A) of SIPA, 15 U.S.C. § 78eee(b)(5)(A), provides that the Court shall "grant reasonable compensation for services rendered . . . by a trustee, and by the attorney for such a trustee, in connection with a liquidation proceeding." SIPA §5(b)(5)(C), 15 U.S.C. §78eee(b)(5)(C), sets forth the standard for the Court's determination of applications for allowances

of compensation and reimbursement in SIPA cases. The section provides:

> Whenever an application for allowances is filed pursuant to subparagraph (B), SIPC shall file its recommendation with respect to such allowances with the court prior to the hearing on such application and shall, if it so requests, be allowed reasonable time after such hearing within which to file a further recommendation. <u>In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC</u>. In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendation of SIPC. [emphasis added].

5.  In a SIPA proceeding, administrative costs and expenses, which include trustee and counsel fees and expenses, are to be borne by the general estate. SIPA §5(b)(5)(E), 15 U.S.C. §78eee (b)(5)(E). To the extent the estate is not sufficient, SIPC advances funds for their payment. SIPA §§ 5(b)(5)(E), 6(e), and 9(b)(2), 15 U.S.C. §§ 78eee(b)(5)(E), 78fff(e), and 78fff-3(b)(2).

6.  In this case, the Court has been advised that the Trustee has "no reasonable expectation that the general estate will be sufficient to make any distribution to general creditors or pay any administrative expenses." (Second Application of Irving H. Picard, Trustee at 27, ¶56.) Thus, any allowances for fees and expenses of Counsel will be paid by SIPC without any expectation of recoupment by SIPC. Furthermore, there is no difference between the amounts requested by Counsel and the amounts recommended by SIPC. Consequently, SIPA provides that this Court shall award Counsel the amounts recommended by SIPC.

7.  SIPC supports the first and final application of the Receiver/RKO and Alix.

WHEREFORE, SIPC respectfully recommends that: (1) final compensation in the amounts of $300,000 and $316,000 and (2) reimbursement of $6,449 and $15,000 in expenses, as sought by the Receiver/RKO and Alix respectively, be allowed.

Respectfully submitted,

Of Counsel:
KEVIN H. BELL
Senior Associate General Counsel
 for Dispute Resolution
Email: kbell@sipc.org

JOSEPHINE WANG
General Counsel
SECURITIES INVESTOR
 PROTECTION CORPORATION
805 15th Street, N.W.
Suite 800
Washington, D.C. 20005-2215
Telephone: (202) 371-8300
Email: jwang@sipc.org

December 15, 2009
Washington, D.C.