**GIBBONS P.C.**
One Pennsylvania Plaza
New York, New York 10119
Telephone: 212-613-2009
Facsimile: 212-554-9696
By:   Jeffrey A. Mitchell, Esq.
      Don Abraham, Esq.

*Attorneys for Claudia Faris*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Debtor. | Bankruptcy Case No. 08-1789 (BRL) |

## OBJECTION TO DENIAL OF CLAIMS 689, 899 AND 100083 BY TRUSTEE DATED NOVEMBER 17, 2009

Pursuant to the Denial of Claims 689, 899 and 100083 (the "Combined Claims") dated October 19, 2009 (the "Denial") by the Trustee concerning Bernard L. Madoff Investment Securities ("BLMIS") account number IZA689 (the "Account"), the undersigned, as counsel for Claudia Faris ("Claudia"), hereby files its written disagreement with the Denial for the reasons set forth below.

**A.    Background**

1.    Claudia is 61 years old, and volunteers much of her time to support the activities of charitable, philanthropic and public arts organizations. Though she is not employed, Claudia, who lost her mother two years ago to a stroke, sits on the board of the National Stroke Foundation, as well as on the board of the American Academy of Dramatic Arts. Claudia had her entire life savings at BLMIS, and until December of last year, income from the account was

the primary means by which she supported herself. It also supported her late mother <u>and family</u> for many years. Claudia has been married for over 40 years to George Faris, who had his own separate account at BLMIS.

2. The cash-in/cash-out analysis made by the Trustee is not supported by existing law. Claudia had a legitimate expectation, based on her receipt of account statements and trade confirmations, that securities in listed companies were being purchased for her account. She, like all other customers of BLMIS, relied on her account statements as reflecting the actual equity value of her account, and as representing a <u>substantial</u> portion of her net worth available to provide support for living and other expenses <u>for herself and her family</u>. Consistent with existing law and SIPC precedent, Claudia should be entitled to rely on the last account statement issued to her by BLMIS which reflected a value of $4,093,559.77 for the purpose of determining her "net equity," and the cash-in/cash-out methodology proposed by the Trustee should be rejected.

3. There is also no dispute that for each year during which the Account was open, Claudia paid taxes on all reported income. At the time she did so, BLMIS was regulated, monitored and/or audited by government authorities, such as the SEC, NASD, FINRA, and the IRS, as well as insurers and others with which it did business. Those far closer to BLMIS than Claudia, and with actual oversight capability and authority, never observed or reported fraud to anyone right up to and including December 11, 2008, the day Madoff was arrested. Customers like Claudia were never warned that BLMIS might be anything other than a legitimate company honestly and accurately reporting securities related activities to its customers. Therefore, they treated their account statements no differently than customers of any other financial institution – as accurately reflecting a true account value maintained at a legitimate regulated company.

#1458987 v3
109595-67904

Consequently, whatever was reported by BLMIS as being in Claudia's account right before its collapse should be the only information relied upon to determine her net equity.

**B.    The Denial**

4.    The Denial purports to claim that the Trustee determined, solely from the same fraudulent business records that were also used to deceive regulators and customers for years, that Claudia actually did not lose the close to $4.1-million she believed was in the Account on the day BLMIS failed.  By going back far beyond any applicable statute of limitations period, ignoring existing legal precedent from other SIPA liquidations, and neglecting to consider tax payments for which no refund can be obtained from the government, the Trustee calculates that over time, Claudia was able to withdraw more than he initially deposited, and "the amount of money you received in excess of the deposits in your account ($391,324) was taken from other customers and given to you."

5.    That conclusion has no basis in fact or law.

**C.    Disagreement of Claudia with The Denial**

6.    Claudia hereby sets forth the following grounds for his disagreement with the Denial by the Trustee, without prejudice to her right to supplement the stated grounds in the future:

    a.    The formula used by the Trustee to calculate "net equity":

        i.    is not supported by legal authority;

        ii.    fails to take into account taxes paid on reported profits over the years;

        iii.    fails to add to "principal" the amount of such taxes, as well as the interest that would be due on such overpayment for all of the years on which tax payments should not have been made;

        iv.    fails to include all deposits into the Account; and

#1458987 v3
109595-67904

    v. fails to properly treat the balance reflected on Claudia's BLMIS statements for the Account as creating an obligation of BLMIS;

  b. The calculation of "net equity" is based upon business records maintained by a felon convicted of fraud and which were themselves falsified to conceal his own misconduct, and are therefore inherently unreliable;

  c. The calculation of "net equity" violates applicable statutes of limitations;

  d. The calculation of "net equity" is barred by the doctrine of laches;

  e. The calculation of "net equity" fails to take into account that Claudia in good faith relied upon the fact that government authorities regulated BLMIS, and therefore paid taxes on and ultimately spent distributions of reported income from the Account, and the Trustee is therefore estopped from seeking to reverse any such transactions or from otherwise trying to undermine the value reflected in the Account at the time Madoff was arrested;

  f. The calculation of "net equity" fails to treat all BLMIS customers equally, including in the following respects:

    i. It fails to take into account the time-value of funds deposited by customers;

    ii. It targets customers who, for reasons of need or otherwise, withdrew funds for personal use; and

    iii. It fails to base its calculations on a reversal of every distribution made to every customer of BLMIS from the beginning of the fraud, and instead only targets some customers, such as Claudia;

  g. The calculation of "net equity" fails to take into account that it was reported to customers of BLMIS that at year end, all trading positions had been liquidated, and any reported "profit" for the year on which taxes were paid was based upon a supposed cash-on-cash "profit" at year end; and

  h. Because the business records of BLMIS are inherently unreliable, the Trustee cannot know that funds withdrawn by Claudia were "taken from other customers and given to [Claudia]," as claimed.

7. In addition, SIPC protection is intended, in part, to protect a customer from fraud of a SIPC protected firm, such as the fraud perpetrated by BLMIS. Indeed, the SIPC website states that it replaces "missing stocks and other securities where it is possible to do so."

-4-

Accordingly, Claudia is entitled to SIPC coverage based upon value shown in his Account at the time of Madoff's arrest, without reduction or set-off.

8. Claudia also reserves his right to supplement his objections and to adopt, where appropriate, the objections of other similarly situated account holders of BLMIS.

### D. **FAILURE TO SAFEGUARD PERSONAL INFORMATION**

9. It has been reported in the media that an agent of the Trustee, AlixPartners, may have failed to safeguard the personal and financial information of account holders such as Claudia. To the extent Claudia's personal and financial information has been compromised, Claudia reserves her right to assert such claims as are appropriate against the Trustee as a result thereof.

### CONCLUSION

10. By the Denial, the Trustee purports to unwind more than a decade of activity reported as having taken place in the Account in an effort to cast a victim like Claudia as a beneficiary of misconduct. To do so, the Trustee relies upon fraudulent business records that cannot properly be authenticated and admitted into evidence. Therefore, Claudia objects to the Denial, and claims that she, like all other innocent customers of BLMIS, is entitled to have her loss calculated based on value reported as being in his account as of the day immediately preceding Madoff's arrest.

#1458987 v3
109595-67904

Dated: New York, New York
December 16, 2009

                                            **GIBBONS P.C.**

                                            By: _____
                                                Jeffrey A. Mitchell
                                                Don Abraham
                                                One Pennsylvania Plaza, 37th Floor
                                                New York, New York 10119-3701
                                                (212) 613-2009
                                                *Attorneys for Claudia Faris*

**TO:**

Clerk of the United States Bankruptcy Court
      Southern District of New York
One Bowling Green
New York, New York 10004

Irvin H. Picard, Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10004

#1458987 v3
109595-67904