Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY  10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com
Alissa M. Nann
Email: anann@bakerlaw.com

*Attorneys for Irving H. Picard, Esq. Trustee for the
Substantively Consolidated SIPA Liquidation of
Bernard L. Madoff Investment Securities LLC
And Bernard L. Madoff*

Hearing Date: December 17, 2009
Hearing Time: 10:00 am

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant.<br><br>In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | Adv. Pro. No. 08-1789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |

**TRUSTEE'S RESPONSE TO OBJECTIONS TO SECOND APPLICATIONS
OF TRUSTEE AND BAKER & HOSTETLER LLP FOR ALLOWANCE OF
<u>INTERIM COMPENSATION</u>**

Irving H. Picard as trustee (the "Trustee") for the substantively consolidated

300063199

liquidation proceeding of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. 78aaa *et seq*. ("SIPA"),[1] and Bernard L. Madoff ("Madoff"), by and through his counsel, Baker & Hostetler LLP ("B&H"), respectfully submits this response ("Response") to the objections ("Objections") filed in opposition to the second applications (the "Applications") for an order allowing and awarding interim compensation for services performed by the Trustee and B&H for the period commencing May 1, 2009 through and including September 30, 2009 (the "Compensation Period") and reimbursement of actual and necessary expenses incurred during the Compensation Period; and in support thereof, respectfully represents as follows:

## PRELIMINARY STATEMENT

1. The Trustee received three Objections to the Applications from various parties (the "Objectors"), one of which has been docketed, and two which took the form of letters to the Court from individuals who are or are presumed to be customers of BLMIS.[2]

2. The sole Objection filed on the docket was filed on behalf of Diane and Roger Peskin, Maureen Ebel and "a large group of other customers" (the "Peskin Objection"). The Peskin Objection is a repetition of many of the same arguments that previously have been raised by members of this group (the "Peskin Objectors") in objections to the first interim fee applications of the Trustee and B&H (the "First Applications"), and which were rejected by this Court – namely, issues that relate to the "net equity" determination that is scheduled to be argued on February 2, 2010, and thereafter decided by this Court. The Trustee will address in this Response the new issues raised by the Peskin Objection that are appropriate in this forum and

---

[1] For convenience, future reference to SIPA will not include "15 U.S.C."

[2] Letters objecting to the Applications were received from Stefanie Grossman and SaraAnne Grossman, which were addressed to this Court but have not been docketed.

applicable to the Trustee and B&H, and will only briefly mention those arguments that were previously unsuccessfully presented to the Court by various members of the group. The Trustee will not respond herein to substantive issues relating to net equity, or to hyperbole and other "attacks" on the Securities Investor Protection Corporation ("SIPC").

3. For the reasons outlined below, the Objections should be denied and this Court should grant the Applications.

**OBJECTION TO RULE 2004 SUBPOENAS AND "WASTING OF SIPC FUNDS"**

4. At ¶¶ 61-68, the Peskin Objection takes issue with the Trustee's issuance of Bankruptcy Rule 2004 subpoenas to the banks of customers who received funds from BLMIS. However, Rule 2004 examinations are an appropriate mechanism for the discovery of information, including from third parties, relating to the acts, conduct, assets and potential claims of the BLMIS estate, as they are intended to reveal the nature and extent of the bankruptcy estate, and to discover assets, examine transactions and determine whether wrongdoing has occurred. *See, e.g., In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002); *In re Hughes*, 281 B.R. 224, 226 (Bankr. S.D.N.Y. 2002) (Lifland, J).

5. Although ¶ 61 of the Peskin Objection asserts that the Trustee and B&H should not be granted fees for work relating to the subpoenas, Helen Davis Chaitman, counsel for the Peskin Objectors, effectively acknowledged the Trustee's right to information contained in the bank records. In response to a subpoena sent to the bank of a different customer, Ms. Chaitman wrote to B&H on November 6, 2009 that "[f]urthermore, we have no objection to the Subpoena to the extent it requests information from [the bank] regarding 'Madoff' as defined in the Subpoena." Rather, Ms. Chaitman felt that the subpoena was overbroad. Thus, it is clear from Ms. Chaitman's own prior statement that the Trustee's work and request for information is

not inherently objectionable or unnecessary, but rather that she objects to the scope of the request.

6. The representation in ¶ 64 of the Peskin Objection – which asserts that B&H has "admitted" that the sole reason for issuing subpoenas to customers' banks is to determine whether they have assets sufficient to satisfy a judgment – is false. To the contrary, B&H has explicitly identified multiple reasons for seeking information from the banks in communications with Ms. Chaitman, including in a November 11, 2009 responsive letter to Ms. Chaitman, wherein B&H advised that the bank subpoena was tailored to obtain documents that will demonstrate ownership of the accounts, the flow of funds from BLMIS to the customer's accounts, and documents that will demonstrate any subsequent transfers, pledging or other disposition by the customer of the funds received from BLIMS, and communications regarding same. As B&H advised Ms. Chaitman in that letter, such documents are directly related to the Trustee's investigation and analysis of the customer as a BLMIS accountholder and transferee, and will assist the Trustee in determining whether to pursue action against the customer or others.

7. Despite these differences, the Trustee agreed to work with Ms. Chaitman to address particular concerns with the scope and temporal limitation of the subpoena. Pursuant to subsequent conversations and a follow-up letter to Peter Smith of Ms. Chaitman's office on December 4, 2009, B&H agreed to allow Ms. Chaitman's office to review the responsive bank records and redact information they consider irrelevant to transactions with BLMIS, subject to the Trustee's right to seek additional documents at a later time. These documents were provided to B&H on December 15, 2009.

300063199

8.  Based on the foregoing, the statement in ¶ 67 of the Peskin Objection that fees associated with the bank subpoenas should not be allowed because "such fees were incurred for an illegal and improper purpose," is baseless and without merit.

### ALLEGED CONFLICT OF INTEREST

9.  At ¶ 6 and again at ¶¶ 30-37, the Peskin Objection alleges that the Trustee and B&H are in a position that is adversarial to the customers of BLMIS, and therefore have an untenable conflict of interest and should not be allowed to serve in this case. The Peskin Objection attempts to support this allegation using an argument already rejected by this Court in the objection to the First Applications – namely, that the Trustee and B&H are "deliberately acting to delay and frustrate the payment of customer claims." (Peskin Objection, ¶34).

10. At the hearing held on August 6, 2009 to approve the First Applications, this Court found that there was no basis for determining that a conflict existed. Furthermore, the Court found no evidence that the Trustee is not acting in good faith, or that he is guilty of any fraud or dereliction of duty.

11. Furthermore, the Trustee has an obligation to the creditor body as a whole to thoroughly investigate each customer claim before it is determined and to bring any avoidance actions as may be necessary to make recoveries for the benefit of the estate. "[T]he trustee's duty to the SIPA estate as a whole clearly prevails over the interests of any single customer." *See In re Adler*, 1998 Bankr. LEXIS 1076, at *49-50 (S.D.N.Y. Aug. 25, 1998), *aff'd*, 2000 U.S. App. LEXIS 14008 (2d Cir. Mar. 13, 2000).

12. As this conflict of interest argument has already been argued before and rejected by this Court in the context of a fee application, any of the instant Objections based on such claims should be denied.

5

## ALLEGED BREACH OF FIDUCIARY DUTY

13. The Peskin Objection also alleges that the Trustee and B&H are in breach of their fiduciary duties owed to the customers of BLMIS as they are applying a "cash in, cash out" methodology to determine the net equity of a customer's claims. This argument was previously found to be premature by this Court, and the claim was dismissed.[3]

14. A briefing schedule on the net equity issue has been ordered by this Court, and all parties objecting to the Trustee's method of determining net equity, including the Peskin Objectors, have had an opportunity to file briefs on the issue. The Trustee submits that the hearing on the Applications is not the proper forum to raise these arguments. The Objectors will have their day in court and the opportunity to litigate these issues and any others they wish to pursue in connection with the Trustee's determination of their respective claims. The fact that there may be a legal dispute regarding the proper methodology by which to value customer claims provides no basis to disallow the Trustee's fees and those of his counsel.

---

[3] The Peskin Objectors had filed an adversary proceeding asserting, *inter alia*, a claim for breach of fiduciary duty against the Trustee. The Court dismissed the claim as premature. *See In re Bernard L. Madoff Investment Securities LLC*, 413 B.R. 137 (Bankr. S.D.N.Y. 2009). The Peskin Objectors' appeal of this order is currently pending before the District Court.

## CONCLUSION

The Trustee respectfully submits that this Court enter Orders as follows: (i) denying the Objections; (ii) granting the Applications; and (iii) granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       December 16, 2009

Respectfully submitted,

**BAKER & HOSTETLER LLP**

By:/s/ *David J. Sheehan*
    Baker & Hostetler LLP
    45 Rockefeller Plaza
    New York, NY 10111
    Telephone: (212) 589-4200
    Facsimile: (212) 589-4201
    David J. Sheehan
    Email: dsheehan@bakerlaw.com
    Marc E. Hirschfield
    Email: mhirschfield@bakerlaw.com
    Alissa M. Nann
    Email: anann@bakerlaw.com

*Attorneys for Irving H. Picard, Esq. Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC And Bernard L. Madoff*