**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------
In re:

BERNARD L. MADOFF,

                Debtor
-------------------------------------------------------------

SECURITIES INVESTOR PROTECTION        Adv. Pro. No. 08-01789 (BRL)
CORPORATION,

                                                 SIPA Liquidation
                Plaintiff,         (Substantively Consolidated)

      v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

                Defendant.
-------------------------------------------------------------

**MARION APPLE'S OBJECTIONS TO THE NOTICE OF TRUSTEE'S**
**DETERMINATION CLAIM**

      For her Objections to the Notice of Trustee's Determination of Claim ("the Determination"),[1] Marion Apple states as follows:

      1.     Ms. Apple objects that the Trustee's definition of "net equity" is inconsistent with the definition of that term as set forth in the Securities Investor Protection Act of 1970, 15 U.S.C. § 78 lll(11). In support of this objection, Ms. Apple relies upon and incorporates by reference the objections filed by other BLMIS investors, including but not limited to Lawrence R. Velvel (ECF Document No 456); Sienna Partnership, L.P. (ECF Document No. 1073); Premero Investment LTD (ECF Document No. 986), and S. James Coppersmith (ECF Document No.

---

[1] By email message dated November 17, 2009, the Trustee, by and through one of his attorneys, Kurt A. Leeper of Baker Hostetler LLP, extended until December 19, 2009 the time available for Marion Apple to file these Objections.

1

981). When properly viewed, Ms. Apple's net equity for purposes of calculating her claim under the Securities Investor Protection Act of 1970 is well in excess of $500,000.

2.  Even if the Court were to accept the Trustee's improper definition of "net equity," the Trustee would still be incorrect that "the amount of money [Ms. Apple] withdrew from [her] account at BLMIS ($1,000,706.09) … is greater than the amount that was deposited with BLMIS for the purchase of securities (total of $685,401.78)." In fact, *even under the Trustee's definition*, Ms. Apple's total "net equity" is at least $447,334.32.

3.  By way of background, Ms. Apple had no account with BLMIS prior to May 18, 2000. In 2000, Ms. Apple's husband passed away, and Ms. Apple inherited his assets, including $1,372,028.63 that was in her husband's account at BLMIS. Ms. Apple could have withdrawn her inheritance from BLMIS at that time. If she had done so, the Trustee would have had no ability to "claw back" the money Ms. Apple inherited from her husband. *See* N.Y. C.P.L.R. § 213 (six-year statute of limitations). Instead, Ms. Apple opened a new account with BLMIS and transferred her $1,372,028.63 inheritance into that account. This was the functional equivalent of making a new deposit of $1,372,028.63. Since that time, Ms. Apple has made additional deposits into her BLMIS account. Ms. Apple's deposits, including her initial deposit, were calculated by the Trustee to be in the total amount of $1,542,801.50. According to the Trustee's calculations, Ms. Apple has withdrawn only $1,095,467.18 from her BLMIS account. As such, even under the Trustee's definition, Ms. Apple's total "net equity" in her BLMIS account is $447,334.32. As such, whether or not the Court accepts the Trustee's definition of "net equity," the Court should find that Ms. Apple's net equity for purposes of calculating her claim under the Securities Investor Protection Act of 1970, is at least $447,334.32.

Based upon these Objections, and for the foregoing reasons, Ms. Apple's SIPC Claim should be approved, and the Trustee should be ordered to pay Ms. Apple the required SIPC amount of $500,000. In the alternative, if the Court ultimately accepts the Trustee's definition of net equity, then Ms. Apple's SIPC claim should be approved in the amount of $447,334.32.

Dated:  December 17, 2009

/s/ Lawrence M. Shapiro
Lawrence M. Shapiro, P.A.
Mark L. Johnson
Greene Espel P.L.L.P.
200 South Sixth Street, Suite 1200
Minneapolis, MN 55402
LShapiro@GreeneEspel.com
MJohnson@GreeneEspel.com
(612) 373-0830

3