Benjamin P. Deutsch (BD-5435)
bdeutsch@schander.com
SCHNADER HARRISON SEGAL & LEWIS LLP
140 Broadway, Suite 3100
New York, New York, 10005-1101
Telephone: (212) 973-8000
Fascimile: (212) 972-8798

UNITED STATES BANKRUTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
In the Matter of                                             :
                                                             :
BERNARD L. MADOFF,                                           :    Bankruptcy No. 08-1789 (BRL)
                                                             :
            Debtor.                                          :
                                                             :
------------------------------------------------------------x :
SECURITIES INVESTOR PROTECTION                               :    Adv. Pro. No. 08-01789 (BRL)
CORPORATION,                                                 :
                                                             :    SIPA Liquidation
            Plaintiff,                                       :
                                                             :
    -against-                                                :
                                                             :
BERNARD L. MADOFF INVESTMENT                                 :
SECURITIES LLC,                                              :
                                                             :
            Defendant.                                       :
                                                             :
------------------------------------------------------------x

**OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM**

The Betsy R. Gordon Sheerr Successor Trust, as successor-in-interest to the Betsy R. Sheerr Trust Indenture (the "Sheerr Trust"), by way of objection to the Trustee's Determination of Claim dated November 17, 2009 (the "Determination Letter"), hereby states:

## BACKGROUND

1. The Sheerr Trust filed a claim in the amount of $3,458,000.00 based upon the account value of its investment with Bernard L. Madoff Investment Securities, LLC ("Madoff") as of December 11, 2008.

2. In the Determination Letter, the Trustee denied the Sheerr Trust's claim in the amount of $3,458,000.00 because: (a) "no securities were ever purchased" for the Sheerr Trust account; and (b) the Sheerr Trust account does not have "positive net equity" because the Sheerr Trust withdrew more from the account than it deposited.

## OBJECTION

**A.    The Trustee's Calculation of Net Equity Is Inconsistent With the Statute.**

3. Under SIPA, a customer's claim is allowed in the amount of the customer's "net equity." 15 U.S.C. §78fff-2(b).

4. "Net equity" is defined as "the dollar amount of the account or accounts of a customer" determined by "calculating the sum which would have been owed by the debtor if the debtor had liquidated, by sale or purchase on the filing date, all securities positions of such customer" less any indebtedness of the customer to the debtor. 15 U.S.C. §78lll(11).

5. SIPA does not mention or authorize the Trustee's "cash in/cash out" methodology. Since the Trustee's approach of calculating "net equity" is at odds with the express language of the definition set forth in the statute, the Sheerr Trust's claim should be allowed in its entirety.

**B.     The Trustee's Methodology Disregards the Sheerr Trust's Legitimate Expectations.**

6.     Under the SIPA "a customer's 'legitimate expectations,' based on written confirmation of the transactions, ought to be protected." *In re New Times Securities Services, Inc.*, 371 F.3d 68, 87 (2d Cir. 2004) (holding that customers had a SIPA claim even though their securities were fictitious because they had a legitimate expectation that they had invested in securities reflected on account statements); *See also In re Oberweis Secs., Inc.*, 135 B.R. 842, 847, n. 1 (B.N.D. Ill. 1991) ("customers with confirmations have a legitimate expectation of receiving securities").

7.     The legislative history of the SIPC makes it clear that the purpose of the statute is to protect the legitimate expectation of customers, even where the securities were never purchased. For example, the House Report explains:

> A customer generally expects to receive what he believes is in his account at the time the stockbroker ceases business. But because securities may have been lost, improperly hypothecated, misappropriated, never purchased, or even stolen, it is not always possible to provide to customers that which they maintained in their brokerage account…By seeking to make customer accounts whole and returning them to customers in the form they existed on the filing date, the amendments…would satisfy customers' legitimate expectations…

H.R. Report No. 95-746 at 23; 95 Congress 1st Sess. (1978).

8.     The Sheerr Trust had a legitimate expectation that it owned the securities identified on its Madoff account statements that must be honored. Consequently, the Sheerr Trust's claim should be allowed.

3

**C.     There Is No Basis for the Deductions Made by the Trustee.**

9.     Although SIPA permits the Trustee to recover transfers to the extent that such transfers are voidable under the Bankruptcy Code (15 U.S.C. § 78fff-2(c)(3)(b)), it does not authorize the Trustee to unilaterally deduct the amount of withdrawals that he contends are avoidable as part of his net equity calculation.

10.     Even if the Trustee's authority to avoid transfers was applicable to his net equity calculation, he would be required to establish his legal entitlement to avoid each and every challenged transaction. The Trustee would have to file an appropriate adversary proceeding in which the Sheerr Trust would have an opportunity to conduct discovery and raise all appropriate legal and factual defenses.

11.     In addition, Section 546(e) of the Bankruptcy Code limits the Trustee's ability to avoid transfers made by a stockbroker or a financial institution in connection with a securities contract, such as the withdrawals he purports to challenge here. The Trustee does not have any authority to: (a) set aside unperfected security interests under Section 544; (b) avoid statutory liens under Section 545; or (c) avoid preferential transfers under Section 547.

12.     Pursuant to Section 546(e), the Trustee may seek to avoid only transfers made within two years of the bankruptcy filing with the actual intent to hinder, delay or defraud creditors under 11 U.S.C. § 548(a)(1)(A).

13.     The Trustee has made deductions for withdrawals for which an avoidance action would clearly be barred by the statute of limitations.

14. The Trustee incorporates by reference the objections and memoranda of law filed by other Madoff customers, including the memoranda of law filed in opposition to the Trustee's Motion for an Order Upholding the Trustee's Determination Denying "Customer" Claims for Amounts Listed on Last Statement, Affirming Trustee's Determination of Net Equity and Expunging Those Objections With Respect to the Determination of Net Equity.

15. The Sheerr Trust reserves the right to amend or supplement this objection.

WHEREFORE, the Sheerr Trust respectfully requests that an Order be entered allowing its claim in the amount of $3,458,000.00 and for such other and further relief as the Court deems just and equitable.

SCHNADER HARRISON SEGAL
& LEWIS LLP

Dated: December 17, 2009

By: /s/ Benjamin P. Deutsch
Benjamin P. Deutsch (BD-5435)
bdeutsch@schnader.com
140 Broadway, Suite 3100
New York, NY 10005-1101
Phone: (212) 973-8000
Fax: (212) 972-8798

- and -

Barry E. Bressler, Esquire
bbressler@schnader.com
Richard A. Barkasy, Esquire
rbarkasy@schnader.com
1600 Market Street, Suite 3600
Philadelphia, PA 19103-7286
Phone: (215) 751-2000
Fax: (215) 751-2205

Attorneys for the Sheerr Trust