Irving J. Schupak
217 East Church Street
Bergenfield, NJ 07621

December 11, 2009

Clerk of the United States Bankruptcy Court for
The Southern District of New York
One Bowling Green
New York, NY 10004

Mr. Irving H. Picard, Trustee c/o Baker Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111

RE: BANKRUPTCY CASE No. 08-01-789 (BRL)
OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM
Account #1ZR328 (IRA)
Claim #003337

RECEIVED DEC 16 2009 U.S. BANKRUPTCY COURT, SDNY

Dear Clerk of the United States Bankruptcy Court for
The Southern District of New York, and Mr. Picard, Trustee:

I respectfully submit my objection to Trustee's Determination Letter for the above-captioned account/claim.

My roll-over IRA account was opened September 29, 2006 directly with Bernard L. Madoff Investment Securities LLC (BLMIS), through the custodian Fiserve, with $699,345.89 and made additional deposits of $932.47 and $26,994.92. My November 30, 2008 BLMIS Statement indicates $787,155.89. (attached)

Trustee's calculation of this claim incorporates data which is beyond the statute of limitations. Trustee indicates a transfer from 1ZA67130 and an adjusted amount of zero. Trustee has provided no breakdown or supportive data to justify a zero value rather than the roll-over of $700,278.36.

With reference to the above claim for losses of the securities in my account, I disagree with the reasons Trustee gave for the denial of being reimbursed by SIPC. During the years I was investing in BLMIS, I was continuously receiving written confirmation of transactions and monthly statements which indicated that my account was active as I expected it to be. The very fact that the statements were of fictitious information and therefore part of a fraudulent scheme by BLMIS, is the very reason that SIPC was created to protect an investor against such action.

In addition, I disagree with Trustee's definition of net equity for similar reasons as others have objected and, respectfully, incorporate them by reference.

As a taxpayer, a veteran, and citizen of the United States, it is expected that our government agencies should be acting on our behalf, supervising the activities

involving our well being, particularly of financial institutions, in fact a system in place involving our well being, particularly of financial institutions, in fact a system is established for this purpose.

My using BLMIS as a broker for my investment in stocks was for the same reason that I used MLPFS or Bank of America, believing that each firm was operating legally and being supervised by various government agencies, namely SIPC, SEC, FINRA, IRS, etc. Therefore, I depended on SIPC as protection against any fraudulent actions that would affect the value of my investment. Being a victim of fraud involving securities should be rectified by a quick process of disbursement of the insurance funds from SIPC as per my statement of November 30, 2008. SIPA requires SIPC to promptly replace my claim with securities.

In addition, I object to Trustee's definition of net equity and accounting methods for subtracting withdrawals. I relied on the statements, just as the IRS relied on those statements. Trustee's accounting procedure has no bearing on my reasonable expectation.

I received written trade confirmations as well as monthly and quarterly statements and annual Form 1099's. I relied on these documents just as the IRS and other state taxing authorities relied on those documents to assess and make tax payments. I had no reason to believe otherwise. I would not have made those tax payments if I did not believe those funds belonged to me. The IRS accepted my tax payments based on those records.

The IRS recognized the IRA account as real and thus required me to make minimum required withdrawals. Had I not taken minimum required withdrawals, I would have been penalized per the Internal Revenue Code (IRC).

I had every legitimate expectation that my account was accurate and true as reported on my November 30, 2008 statement, and now have every legitimate expectation that my allowed claim should be $787,155.89 and Trustee should replace those securities based on the November 2008 statement or pay up to the SIPC limit of $500,000. Also, my pro rata share of customer monies should be based on the November 30, 2008 statement, not Trustee's calculated amount of zero. I should not be penalized for making innocent withdrawals required under IRC.

I wish to reserve all rights to challenge the accounting method used as part of the Trustee's determination letter in this and any subsequent liquidation or bankruptcy court proceeding.

In conclusion, the government's failure to stop the fraud and the failure of prompt SIPC reimbursement has put a great deal of stress on my well-being and has caused a tremendous hardship which continues every day.

Thank you for your consideration in this matter.

Sincerely,

Irving I. Schupak