# Michele Schupak
53 Norfolk Street
Bergenfield, NJ  07621

December 11, 2009

Clerk of the United States Bankruptcy Court for
The Southern District of New York
One Bowling Green
New York, NY  10004

Mr. Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY  10111



RE:    BANKRUPTCY CASE No.   08-01789 (BRL)
       OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM
         Account # 1ZA984
         Claim # 011242

Dear Clerk of the United States Bankruptcy Court for the
Southern District of New York, and Mr. Picard, Trustee:

I respectfully submit my **objection** to the Notice of Trustee's Determination of Claim ("Determination Letter"), signed by Irving H. Picard ("Trustee") for the above-captioned account/claim.

Background Information
My account was opened directly with Bernard L. Madoff Investment Securities (BLMIS).  I submitted my customer claim June 22, 2009 for the amount of $203,000.91 based on the market value of securities reported in the final BLMIS November 30, 2008 statement.  My claim was received by the Trustee prior to the due date, and my claim was denied in the  Determination Letter dated October 19, 2009 (30 day extension to reply was granted by Trustee). I hereby **object** to this determination for the reasons set forth below.

Grounds for Objection
The SEC has documented (in 2009) the many indisputable failures of its agency, since at least 1992, to prevent the Madoff fraud. It is now the responsibility of SIPC to comply with the SIPA law to protect innocent investor victims of this fraud.

All of the trade confirmations that I received from BLMIS included the SIPC and FINRA logos, thus I believed during the course of my investment I was protected under the provisions of SIPA.  I am entitled to receive my SIPC reimbursement for the amount on my November 30, 2008 statement which has a balance that is below the maximum allowable $500,000 limit for SIPC payments.

Trustee's method of determination of my claim does not follow the guidelines set forth by Congress when SIPA was created to protect me, "the investor". SIPA requires that my claim be honored and that securities be issued in accordance with my final BLMIS statement, and that this process be performed promptly.

Trustee has denied my claim and calculated my claim to be zero based on Trustee's cash in/cash out "net equity" methodology. I object to Trustee's method of accounting which disregards all appreciation on the account and subtracts any withdrawals from my claim.

Trustee has provided no basis for the position taken in the Determination Letter. Nor has Trustee stated why I should not have believed the accuracy of my final BLMIS statement.

I received individual written trade confirmations of every transaction, as well as monthly statements (which itemized names and prices of securities indicating buy or sale of Fortune 100 company stocks and of US Treasury securities), and quarterly statements. I relied on these statements, and the annual Form 1099's generated by BLMIS over the course of my investment, to make my tax payments, just as the IRS and other state taxing authorities relied on those same documents to accept my tax payments. I have paid ordinary income taxes on the profits generated by the full amount of the account. I would not have paid those taxes unless I believed BLMIS' statements to be true and accurate. Accordingly, I had every expectation that my account was true and accurate as reported on my final November 30, 2008 statement; and I now have every legitimate expectation that my allowed claim should be $203,000.91, as indicated on my November 30, 2008 statement. I should not be penalized for making innocent routine withdrawals to pay income taxes and living expenses with funds I believed were mine and had no reason to believe otherwise. The IRS, the SEC and I all believed the Madoff statements were true and accurate.

In part, the net equity calculation relies on data that was derived from a time period that is beyond the statute of limitations, and this in itself indicates the mis-guidance in the net equity formula. Others have objected to the Trustee's and SIPC's net equity formula of cash in/cash out to determine the allowed claim. Rather than repeat those arguments here, I wish to incorporate them by reference.

Regardless of the method the Trustee has used to deny my claim, I reserve all rights to challenge the accounting method used as part of this Determination Letter in this and subsequent liquidation or bankruptcy proceeding.

Conclusion
The SEC, FINRA and SIPC failed in their obligation to protect investors against the Madoff fraud. The lack of any SIPC reimbursement has created tremendous stress and on-going hardship. It is now time for Trustee and SIPC to abide by the SIPA law and make payment up to the maximum allowable amount under SIPA. I had every legitimate expectation that my account was true and accurate as reported on my November 30, 2008 statement. Accordingly, I have every legitimate expectation that my allowed claim should be the value reported on my final BLMIS statement and am entitled to a SIPC payment. Therefore, I ask that the Court compel the Trustee to make the SIPC payment of $203,000.91 to meet its obligation to me, and any further relief as the Court deems justified.

Thank you for your consideration.

Sincerely,

*Michele Schupak*
Michele Schupak

Enclosures:
Notice of Trustee's Determination of Claim
Extension Letter from Trustee
Customer Claim Form (including November 30, 2008 Statement)