Muriel Goldberg,
3807 59th AVE SW
Seattle, Wa. 98116
206-230-8384

Pro se Muriel Goldberg

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**



-----------------------------------------------------------x

**SECURITIES INVESTMENT PROTECTION**

**CORPORATION**

        Plaintiff- Appellant,        SIPA LIQUIDATION
                                              (Substantively Consolidated)
                                              Adv. Pro. No. 08-01789 (BRL)

       v.

**BERNARD L. MADOFF INVESTMENT**
**SECURITIES, LLC,**

        Defendant.

-----------------------------------------------------------x

In re:

**BERNARD L. MADOFF,**
Debtor.

-----------------------------------------------------------x

## OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM

Muriel Goldberg, hereby objects to the Notice of Trustee's Determination of Claim ("Determination") dated October 19, 2009, attached hereto as Exhibit A.

## **BACKGROUND**

1. On December 15, 2008, the above-captioned litigation proceeding was commenced against Bernard L. Madoff Investment Securities, LLC ("BLMIS"), pursuant to the Securities Investment Protection Act ("SIPA"). *See* Order, *SEC v. Madoff*, No. 08-10791 (S.D.N.Y. Dec 15, 2008) (Docket No. 4) Irving Picard was appointed Trustee ("the BLMIS Trustee") charged with overseeing the liquidation of BLMIS and processing of customer claims pursuant to SIPA. *Id.* 15 U.S.C. & 78fff-1.

2. On December 23, 2008, his Court issued, on an *ex parte* basis, an order directing the Trustee to disseminate notice and claim forms to BLMIS customers and setting forth claim-filing deadlines, as well as processes by which claims were to be submitted. *See* Order on Application for an Entry of an Order Approving Form and Manner of Publication and Mailing of Notices, Specifying Procedures for Filing, Determination, and Adjudication of Claims; and Providing other Relief (Docket No.12), *SIPC v. Bernard Madoff Sec. LLC*, No. 08-01789 (Bankr. S.D.N.Y. Dec 23, 2008) (the Claims Procedures Order"). The Claims Procedures Order sets forth the procedure to be followed by the Trustee when a customer's claim "disagrees with the Debtor's books and records" and states that the Trustee "shall notify such claimant by mail of his determination that the claim is disallowed, in whole or in part, and the reason therefore…" *Id.* at 6.

3. Goldberg is a "customer" of BLMIS, as defined by SIPA.

4. On or about February 28, 2009, Goldberg filed a Customer claim in this proceeding. *See Exhibit B (the "Claim"). The Claim, including its reservation of rights, is incorporated herein. The Claim, related to BLMIS Account No. 1-ZA985 Designated as Claim Number 005052 seeks recovery of the full value of the securities reflected in Goldberg's final BLMIS account statement, dated November 30, 2008. This account was held in the name of Muriel Goldberg. This sum constitutes Goldberg's "net equity" as defined in SIPA. See 15 U.S.C. & 78111(11)*

5. On October 19, 2009, the Trustee sent Goldberg the Determination, which stated that the Claim was "DENIED". Determination at 1, Ex. A. the Determination also states that "no securities were ever purchased for your account." Id. Moreover, it provides that "the amount of money you withdrew from your account at BLMIS (total of $243,978.78), as more fully set forth in Table 1….. is greater than the amount that was deposited with BLMIS for the purchase of securities (total of $150,000.00)*Id.* at 1 It goes to on to say "any and all profits reported to you by BLMIS on account statements were fictitious." Id at 2.

6. The BLMIS Trustee has taken the position that "net equity" should be determined by netting all deposits and withdrawals by the customer over the life of the customers BLMIS ACCOUNT (i.e., the cash in/cash out method"), without regard to any gains reflected in the Final BLMIS Statement or prior BLMIS statements. See Motion of Trustee for an Oder to Schedule Hearing on "Net Equity Issue (Aug 27, 2009) (Docket No. 395).

7. Goldberg hereby objects to the Determination for the reasons described below.

-2-

## GROUNDS FOR OBJECTION

### I. The BLMIS Trustee's View of Net Equity is Contrary to SIPA, Second Circuit Precedent and SIPC'S Practices

8. Under the SIPA, the BLMIS Trustee is obligated to "promptly discharge....... all obligations of the debtor to a customer relating to, or net equity claims based upon, securities or cash, by the delivery of securities or the making of payments to or for the account of such customer...in so far as such obligations are ascertainable from the books and records of the debtor......" 15 U.S.C. & 78fff-2 (b). "Net equity is defined as the amount the debtor owes the customer less any indebtedness of the customer to the debtor. *Id.* & 78111(11). This definition of "net equity" binds the Trustee. *See id.* & 78ccc(b)(4)(A).

9. The BLMIS Trustee's "cash in/cash out" method of calculating "net equity" is erroneous and violates SIPA's definition of "net equity."

10. SIPA plainly defines "net equity" as the value of the securities positions in a customer's account as of the SIPA filing date – *i.e.*, December 11, 2008- minus any amount the customer owes the debtor. Specifically:

11. The term "net equity" means the dollar amount of the account and accounts of a customer, to be determined by –

(A) calculating the sum which would have been owed by the debtor to such customer if the debtor has liquidated, by sale or purchase *on the filing date,* all securities positions of such customer (other than customer name securities reclaimed by such customer); minus

(B) any indebtedness of such customer to the debtor on the filing date.......

12. 15 U.S.C. & 78111(11) (emphasis added); *see also In re New Times Secs.Servs., Inc.*, 371 F.3d 68, 72 (2d Cir. 2004) *( New Times I")* ("Each customer's 'net equity' is 'the dollar amount of the account or accounts of a customer, to be determined by calculating the sum which would have been owed by the debtor to such customer if the debtor ad liquidated, by sale or purchase on the filing date, all securities positions of such customer' corrected for 'any indebtedness of such customer to the debtor on the filing date.'").

13. The fact that securities were never purchased by BLMIS does not affect the calculation of "net equity" as defined by SIPA. *See New Times I* at 88. The Second Circuit in *New Times I* addressed the situation where no securities were purchased by a broker and held that net equity claims for "fictitious" securities (which never existed and the market value for which could not be independently obtained or verified) were properly valued based on the amount of money that the claimants initially provided to the debtor. *Id.* at 88. Where the securities at issue were "real" and had publicly verifiable values, SIPC and the SIPC trustees gave customers the full benefit of the SIPA remedy, calculating "net equity" as the value of "real" securities reflected in a customer's account statements on the filing date. *Id* at 74, 87. All of the securities reflected in Goldberg's final BLMIS account statement are real, publically verifiable securities (e.g., Citi Group Inc, Exxon Mobile corp., Google, McDonalds Corp.) *See id.*

-3-

14. In addition, the Determination is inconsistent with SIPA's legislative history, which requires the Trustee to meet the customer's "legitimate expectations." Neither SIPA nor its legislative history excuses the Trustee from this duty because no securities were purchased by the debtor. *See, e.g.,* S. Rep. No 95-763, at 2 (1978); H.R. Rep No. 95-746, at 21.

15. The Determination is also contrary to past SIPC policies and practices. In a brief submitted to the Second circuit in 2005, SIPC wrote:

Reasonable and legitimate expectations of the filing date are controlling *even where inconsistent with transactional reality.* Thus, for example, where a claimant orders a securities purchase and receives a written confirmation statement reflecting that purchase, the claimant generally has a reasonable expectation that he or she holds the securities identifies in the confirmation and therefore generally is entitled to recover those securities (within the limits imposed by SIPA), even where the purchase never actually occurred and the debtor instead converted the cash deposited by the claimant to fund that purchase.

*See* Br. of Appellant SIPC at 23-24, *In re New Times SEcs. Servs., Inc.,* No. 05-5527-bk (2d Cir. Filed Dec 27, 2005) (*New Times II")* (emphasis added).

16. Goldberg's legitimate expectations arise from the written confirmations and account statements she received from BLMIS, which reflected that she owned certain securities valued at the amount reflected in her account statement dated November 30, 2008. *See* Claim (Exhibit B). Goldberg had no expectation that BLMIS only owed her the net of what he deposited and withdrew over the life of her account.

## II.    The Determination Violates the Court's Claims Procedures Order of December 23, 2008

17. The Determination fails to provide "the reason" for the disallowance of Goldberg's claim, as required by the December 23, 2008 Order. *See* Claims Procedures Order at 6. The Determination is void of relevant facts and legal theories upon which the objection is based. *See e.g.,* Collier on Bankruptcy& 3007.01(30 (15th ed.) ("An objection to a claim should .... meet the [pleading] standards of an answer. It should make clear which facts are disputed; it should allege facts necessary to affirmative defenses; and it should describe the theoretical bases of those defenses." The BLMIS Trustee's purported ground for the disallowance – that "no securities were ever purchased for your account," Determination at I (Exhibit A), - is insufficient to meet the pleading standard.

18. Providing no statutory or legal basis for its objection, the Determination falls short of meeting the necessary pleading standard.

19. Thus, the Determination is inadequate to rebut the prima facie evidence of Goldberg's Claim. *See* Section 502 (a) Bankruptcy Code and Fed. R. Bankr. P 3001 (f).

20. Moreover, the Determination does not state that the Claim "disagrees with the Debtor's books and records" and therefore does not comply with the Claims Procedures Order in that regard.

### III. There is No Basis for Avoidance

21. To the extent the Determination is based upon any alternative valuation or avoidance theory, there is no basis in law, either case law or SIPA, for the Determination.

### IV. Incorporation of all prior Objections

22. Goldberg adopts and incorporates by reference all other objections filed by similarly situated claimants, whether filed now or at any point in the future.

### RELIEF REQUESTED

24. For the reasons stated herein, the Claim should be allowed in its entirety, and the Court should direct SIPC to issue immediate payment to Goldberg in the amount of the full balance reflected in his BLMIS account statement of November 30, 2008, plus interest from the date of Determination, and such equitable relief as the Court deems appropriate.

25. Goldberg reserves the right to revise, supplement or amend this Objection, and any failure to object on a particular ground or grounds shall not be construed as a waiver of Goldberg's right to object on any additional grounds.

Please note attached Exhibits:

Exh A - Determination
Exh B - Claim
Exh C- BLMIS 11/30/08 statement
Exh D -Extension granted from the Trustee on response to Determination until December 18, 2009

Dated: Seattle
December 15, 2009

Respectfully submitted,
By: Muriel Goldberg
3807 59th Ave SW
Seattle, WA. 98116
206-230-8384 (PST)

*Muriel Goldberg*  Dated 12/15/09

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing Objection of the Trustee's Determination of Claim, was filed and mailed certified this 15th day of December 2009, to:

Clerk of the United states Bankruptcy Court
Southern District of New York
One Bowling Green
New York, N.Y. 10004

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, N.Y. 10011
*Trustee for the Liquidation of the Business of Bernard L. Madoff Investment Securities LLC*

_____
Muriel Goldberg, Pro se

-7-