**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com

*Attorneys for Irving H. Picard, Esq., Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

Hearing Date: January 14, 2009
Hearing Time: 10:00 a.m.
Objection Deadline: January 7, 2009 at 4:00 p.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-1789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |

**TRUSTEE'S MOTION FOR ENTRY OF PROTECTIVE ORDER**

TO:   THE HONORABLE BURTON R. LIFLAND
      UNITED STATES BANKRUPTCY JUDGE:

Irving H. Picard, Esq., as trustee (the "Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") and Bernard L. Madoff ("Madoff," and together with BLMIS, collectively, the "Debtors"), by and through his undersigned counsel, submits this motion (the "Motion") seeking entry of a proposed protective order, substantially in the form attached hereto as Exhibit A, pursuant to section 105(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), Rule 7026(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 78fff(b) of the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq*. ("SIPA"),[1] governing the disclosure of confidential information in this action and related adversary proceedings (the "Protective Order") and, in support thereof, the Trustee respectfully represents as follows:

## BACKGROUND

1. On December 11, 2008 (the "Filing Date"),[2] the Securities and Exchange Commission ("SEC") filed a complaint in the United States District Court for the Southern District of New York (the "District Court") against the Debtors (Case No. 08 CV

---

[1] For convenience, subsequent references to SIPA shall omit "15 U.S.C."

[2] Section 78*lll*(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78*lll*(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

300062135

10791). The complaint alleged that the Debtors engaged in fraud through investment advisor activities of BLMIS.

2. On December 15, 2008, pursuant to section 78eee(a)(4)(A) of SIPA, the SEC consented to a combination of its own action with an application of the Securities Investor Protection Corporation ("SIPC"). Thereafter, pursuant to section 78eee(a)(3) of SIPA, SIPC filed an application in the District Court alleging, inter alia, that BLMIS was not able to meet its obligations to securities customers as they came due and, accordingly, its customers needed the protection afforded by SIPA.

3. On that date, the District Court entered the Protective Decree, to which BLMIS consented, which, in pertinent part:

    (i)    appointed the Trustee for the liquidation of the business of BLMIS pursuant to section 78eee(b)(3) of SIPA;

    (ii)    appointed Baker & Hostetler LLP as counsel to the Trustee pursuant to section 78eee(b)(3) of SIPA; and

    (iii)    removed the case to this Court pursuant to section 78eee(b)(4) of SIPA.

4. At a plea hearing (the "Plea Hearing") on March 12, 2009 in the criminal action filed against him by the United States Attorneys' Office for the Southern District of New York, Madoff pled guilty to an 11-count criminal information, which counts included securities fraud, money laundering, theft and embezzlement. At the Plea Hearing, Madoff admitted that he "operated a Ponzi scheme through the investment advisory side of [BLMIS]." (Plea Hr'g Tr. at 23:14-17.)

5.  On April 13, 2009, an involuntary bankruptcy petition was filed against Madoff. On June 9, 2009, this Court entered an order substantively consolidating the Chapter 7 estate of Madoff into the BLMIS SIPA proceeding.

6.  To date, the Trustee has commenced 14 adversary proceedings related to this action seeking, among other things, the recovery of property transferred by BLMIS. The Trustee expects to commence additional adversary proceedings in the future.

## THE PROTECTIVE ORDER

7.  Discovery has begun in certain of the adversary proceedings commenced by the Trustee and further discovery will be commencing shortly. Given the volume of information that has been or will be disclosed by parties in this action and in the related adversary proceedings, a uniform standard is needed to govern the treatment of confidential information. Inconsistent standards in different proceedings could lead to confusion and could even result in the inadvertent disclosure of confidential information due to the slight differences that would likely result from the negotiation of separate confidentiality standards in each proceeding. The Trustee is proposing entry of the Protective Order that would apply universally to this case and all adversary proceedings to avoid this result and to further the efficient administration of the liquidation.

8.  The proposed Protective Order is intended to govern all materials, including all documents produced to any party in this action and related adversary proceedings, which have been produced informally or pursuant to a formal discovery request and which have been designated by the producing party as comprising or containing confidential, proprietary or other secret information.

9. Pursuant to the Proposed Order, a party may designate information as "confidential" provided that party has a good faith belief that the information is confidential or secret in nature and not for the purpose of delaying or obstructing the ability of any other party to investigate the facts in controversy or prepare for a hearing.

10. Information designated as "confidential" may only be made available to certain classes of individuals, including counsel and consultants, as described in the proposed Protective Order.

11. The proposed Protective Order also provides procedures for resolving various issues that may arise, including: (i) inadvertent failure to identify information as "confidential;" (ii) disagreement regarding restrictions on disclosure of information; (iii) disclosing information designated as "confidential" to witnesses testifying at depositions; (iv) the filing of "confidential" information with the Court; and (v) the inadvertent disclosure of "confidential" information.

12. Nothing contained in the Protective Order is intended to preclude any party from asserting the attorney-client privilege or other privilege and/or work product protection as to any document, thing, material or information and the Protective Order provides for the situation in which such material is inadvertently produced or disclosed.

**RELIEF REQUESTED**

13. By this Motion, the Trustee respectfully requests that the Court enter an order substantially in the form of the proposed Protective Order annexed hereto as Exhibit A.

**LEGAL BASIS**

14. Rule 7026 of the Bankruptcy Rules, which makes Rule 26 of the Federal Rules of Civil Procedure applicable to bankruptcy proceedings, authorizes a party or

300062135

any person from whom discovery is sought to move for a protective order in the court where the action is pending. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense. Fed. R. Bank. Pro. 7026(c). *See also In re Lokotniki*, 232 B.R. 583 (Bankr. W.D.N.Y. 1999). Whether or not to issue a protective order is a matter in the court's discretion. *See Dove v. Atlantic Capital Corp.*, 963 F.2d 15, 19 (2d Cir. 1992).

15. Section 105 of the Bankruptcy Code, applicable here pursuant to section 78fff(b) of SIPA,[3] bestows on bankruptcy courts broad discretion to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

16. The Trustee is seeking entry of the Protective Order to create a uniform framework for the treatment of confidential information that is disclosed in this proceeding and related adversary proceedings. The proposed Protective Order will allow for the expeditious resolution of discovery-related issues and will conserve the resources of both the parties involved and this Court because separate protective orders will not have to be sought in each proceeding.

17. Entry of the Protective Order will establish guidelines to prevent the dissemination of information that could be the cause of annoyance, embarrassment, oppression or undue burden or expense. As the same time, the Protective Order allows the Trustee to protect such information in a manner that furthers the efficient administration of

---

[3] Section 78fff(b) of SIPA provides that to the extent consistent with SIPA, a liquidation proceeding shall be commenced as though it were being conducted under chapters 1, 3 and 5 and subchapters I and II of chapter 7 of title 11. 15 U.S.C. § 78fff(b).

the liquidation. For these reasons, the Trustee believes that entry of the Protective Order is necessary and appropriate.

## Notice

18. Notice of this Motion has been given to (i) counsel to all defendants in related adversary proceedings; (ii) SIPC; (iii) the SEC; (iv) the Internal Revenue Service; and (iv) the United States Attorney for the Southern District of New York. The Trustee shall also serve, by way of the ECF filing that will be made, each person or entity that has filed a notice of appearance in this case. The Trustee submits that no other or further notice need be given and respectfully requests that the Court find that such notice is proper and sufficient.

WHEREFORE, the Trustee respectfully requests entry of an Order substantially in the form of Exhibit A granting the relief requested in the Motion.

Dated: New York, New York
December 18, 2009

Respectfully submitted,

/s/ Marc Hirschfield
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com

*Attorneys for Irving H. Picard, Esq.
Trustee for the Substantively Consolidated
SIPA Liquidation of Bernard L. Madoff
Investment Securities LLC and Bernard L.
Madoff*

300062135