# EXHIBIT A

BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com

*Attorneys for Irving H. Picard, Esq., Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　Plaintiff-Applicant,<br><br>　　　　　v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　　Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated)<br><br>**PROTECTIVE ORDER** |
| In re:<br><br>BERNARD L. MADOFF,<br><br>　　　　　Debtor. | |

　　　**IT HEREBY IS ORDERED THAT,** the following Protective Order shall govern the disclosure of confidential information in this action and related adversary proceedings (the "Action"):

　　　1.　　This Protective Order (hereinafter, "Order") shall govern all materials, including all documents and information produced to any party in this Action whether furnished by a party

or third party regardless of whether produced informally or pursuant to a formal discovery request, which have been or subsequent hereto shall be designated by the producing party as comprising or containing confidential, proprietary or secret information, as defined below, which the producing party does not wish to become known to the public generally. Control and dissemination of all discovery materials covered by the Order shall be the responsibility of the attorneys of record.

2. As used herein, "Confidential Information" shall mean all documents, Electronically Stored Information and testimony, and all information contained therein, and any other information designated as "**CONFIDENTIAL**," if such documents, Electronically Stored Information, or testimony contain proprietary business information, personal financial information, personal identifying information, or other information the disclosure of which would, in the good faith judgment of the party designating the material as "**CONFIDENTIAL**," be detrimental to the producing party or a third party whose information the producing party has agreed to protect.

3. A party may designate any documents, testimony, and other information furnished or disclosed to another party or its counsel during discovery or trial as either "**CONFIDENTIAL**" in accord with this Order. The party designating information as **CONFIDENTIAL** shall make such designation only as to that information which it reasonably believes in good faith is confidential or secret information. **CONFIDENTIAL** information may include any type or classification of information which is so designated by the supplying party in accordance with the provisions of this Order, whether it be a document, portions or copies of a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or any other written discovery, or any

summaries, tangible things, notes, computer print-outs, computer files, or analyses of information, or portions of any of them, to the extent that they reveal information designated by the party producing such information as **CONFIDENTIAL** under the terms of this Order.

4. All designations of documents as **CONFIDENTIAL** shall be made in good faith and not for the purpose of delaying or obstructing the ability of any other party to investigate the facts of this controversy or to prepare for a hearing. Excessive and unreasonable designations of documents as **CONFIDENTIAL** will be considered by the Court as equivalent to a motion for a protective order and subject to possible sanctions, including attorney's fees to the receiving party who successfully obtained removal of the designations. All documents in the Trustee's productions will be marked **CONFIDENTIAL** in order to protect BLMIS investors' rights to financial privacy and shield their personally identifiable information from disclosure. If any receiving party seeks to remove a **CONFIDENTIAL** designation from documents produced by the Trustee, that party shall follow the procedures set forth in paragraph 9 below.

5. If any document designated as **CONFIDENTIAL** is filed with the Office of the Clerk of the Court, it shall not be disclosed except as provided by this Protective Order.

6. Information designated as **CONFIDENTIAL** shall not be given, shown, made available or communicated in any way to any person or entity other than the following:

    a. The Court, Court personnel assisting the Court, litigation assistants, paralegals, secretarial or other clerical personnel, and stenographers or other persons involved in taking or transcribing testimony in this action;

    b. Counsel representing the parties and their Agents;

    c. Agents include consultants, experts, litigation support services and other people or entities retained by a party for the purpose of assisting that party

- 3 -

        in this action, and the principals, employees and contractors with which Agents are associated;

    d.    Authors or recipients of the designated **CONFIDENTIAL** Information;

    e.    The Securities Investor Protection Corporation and regulatory and enforcement authorities investigating matters relating directly or indirectly to Bernard L. Madoff Investment Securities LLC;

    f.    A witness at any deposition or proceeding, provided that before providing any **CONFIDENTIAL** Information to any person pursuant to this sub-paragraph, such person shall be provided with a copy of this Order, and shall sign a separate non-disclosure agreement in the form annexed hereto (attached as Exhibit "A"), a signed copy of which shall be provided to the disclosing Party; to the extent the witness is covered by any other subsection to this paragraph, the provisions of this subsection shall not apply;

    g.    Such other persons as the Court may order, or as may be agreed to by the parties.

7.    Third party discovery in this proceeding may involve disclosure of Confidential Information, which if designated in conformity with the provisions of this Order, shall be subject to the provisions herein and shall provide the non-party with all of the rights and obligations set forth herein.

8.    In the event that a producing party inadvertently fails to designate Confidential Information **CONFIDENTIAL** or incorrectly so designates Confidential Information, that party may make a late designation or change the designation by so notifying in writing all parties to

- 4 -

whom the Information has been disclosed.  A party must serve such written notification at least thirty (30) days before the close of discovery.  The receiving parties shall take reasonable steps to ensure that the Confidential Information is thereafter treated in accordance with the designation.  Late designation shall not be deemed a waiver of the confidential status of the late designated Confidential Information.  No person or party shall incur any liability hereunder with respect to disclosure that occurred prior to the receipt of written notice of belated designation, **PROVIDED, HOWEVER**, that such person or party, upon receipt of such written notice of belated designation, must take all reasonable efforts to obtain the return of and/or limit the dissemination of any belatedly-designated Information.

9. If a receiving party claims that a document designated as **CONFIDENTIAL** should be disclosed notwithstanding the terms of the Order, or that any of the restrictions on disclosure or use should be reduced, modified or eliminated, it shall so inform the other parties to this Action by providing written notice and shall attempt to reach agreement with the party that produced the document.  If agreement cannot be reached promptly, the receiving party may, consistent with the rules of this Court, request an informal conference with the Court for relief within five (5) business days after said written notice of its disagreement.  In the event that the dispute has not been resolved in the informal conference and a motion is made, the receiving party may file the document in question under the seal for the Court's *in camera* inspection.  In connection with any such motion, however, the party that produced the document and designated the document as **CONFIDENTIAL** shall have the burden of demonstrating that the document is Confidential and should continue to be protected as designated.

10. The attorneys of record shall maintain a file of all undertakings (attached as Exhibit "A") signed by a representative of each law firm the attorneys of which have received

access to materials designated as **CONFIDENTIAL**. Additionally, the attorneys of record shall maintain a file of undertakings signed by an authorized representative of the employer of Agents retained by any party. Said file shall be made available upon request for inspection and copying by any attorney of record, except as to non-testifying experts and consultants, absent good cause shown.

11. Counsel shall not disclose Confidential Information designated as **CONFIDENTIAL** to a witness testifying at a deposition except in strict conformity with the provisions of this Order. If, during the course of any deposition, (a) an attorney of record for any party desires to make inquiry into Confidential Information subject to the designation **CONFIDENTIAL**, or (b) an attorney of record for a party asserts that an answer to a specific inquiry is subject to the foregoing designations, the attorney shall make such inquiry only in the presence of those persons authorized access to such Confidential Information. Such testimony shall be sealed, and the parties hereto shall treat it subject to the provision for disclosure set forth herein. Nothing in this paragraph shall preclude counsel at a deposition of a party witness from disclosing to the party witness confidential information produced by that party.

12. All testimony elicited during depositions shall be deemed **CONFIDENTIAL** and shall be treated in accordance with the provisions of this Order.

13. Any court reporter who transcribes testimony in this action at a deposition shall agree, before transcribing any such testimony, that all **CONFIDENTIAL** Information is and shall remain confidential and shall not be disclosed except as provided under this Order and that copies of any transcript, reporter's notes or any other transcription records of any such testimony shall be retained in absolute confidentiality and safekeeping by such shorthand reporter or shall be delivered to an attorney of record or filed with the Court.

14. No Information that was designated previously as **CONFIDENTIAL** will be filed with the Court unless it is filed under seal. The party desiring to file materials under seal may move for an order to file under seal or obtain a stipulation from the receiving party to file the material under seal. Unless otherwise agreed to by counsel for the parties, to comply with this requirement, **CONFIDENTIAL** Information must be filed in sealed containers labeled with: (1) the title to this action; (2) the general nature of the contents; (3) the words **CONFIDENTIAL**; and (4) a statement substantially in the following form (or such other form or manner as the Court shall require):

> The contents hereof include confidential information filed in this case by [name of party] in accordance with a Protective Order entered in this case on [date]. This envelope or container is not to be opened nor are the contents hereof to be displayed or revealed except by or at the direction of the Court, and shall be returned to [name of filing party] upon termination of all proceedings in this case. Counsel for the parties may open service copies of this envelope or container subject to the provisions of the Protective Order.

The materials so filed shall be impounded until thirty (30) days after the entry of final judgment herein, including any applicable appeal period, at which time the parties shall jointly communicate with the Clerk's Office about retrieving such materials from the Court.

15. The designation by counsel for the disclosing party of any Information as constituting Confidential Information is intended solely to facilitate the preparation and trial of this case, and such designation shall not be construed in any way as an admission or agreement by the non-designating party that the designated disclosure constitutes or contains any Confidential Information. Neither the taking of nor the failure to take any action to enforce the provisions of this Order shall constitute a waiver of any claim or defense in the trial of this Action or any other action, including, but not limited to, the claim or defense that any such information is or is not confidential, secret or proprietary. The procedures set forth herein shall not affect the rights of the parties or any other person to object to discovery on any permissible

grounds, nor shall they relieve a party or other person of the necessity of proper response to discovery devices.

16.     In the event anyone shall inadvertently disclose Information another party or third party has designated **CONFIDENTIAL**, the party making the inadvertent disclosure shall, upon learning of the disclosure:

> a.  Promptly notify the person to whom the disclosure was made that the disclosure contains Confidential Information protected by this Order;
>
> b.  Promptly make all reasonable and necessary efforts to obtain the return of and preclude dissemination or use of the Confidential Information by the person to whom disclosure was inadvertently made; and
>
> c.  Promptly notify the producing party of the identity of the person to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps that have been taken and will be taken to ensure against further dissemination or use of the Confidential Information.

17.     Nothing contained in this Order shall preclude, or be deemed to preclude, any party from asserting the attorney-client or other privilege and/or work product protection as to any document, thing, material or information.

18.     The inadvertent production or disclosure of any document or thing (the "Inadvertent Production") otherwise protected by the attorney-client privilege, work product immunity or a joint defense/common interest privilege shall not constitute or be deemed as a waiver or forfeiture of any such privilege or immunity. If, after learning of the Inadvertent Production, the producing party wishes to assert its privilege or protection, it shall promptly send to the receiving party a written request for return of the Inadvertent Production. Notwithstanding

the procedures outlined in (a) – (d) below, within five (5) business days of receiving such a request, the receiving party shall return the Inadvertent Production to the producing party and shall not utilize the information contained in the Inadvertent Production for any purpose.

    a.    If the receiving party wishes to contest that the Inadvertent Production is protected by the attorney-client privilege, work product immunity or a joint defense/common interest privilege, the receiving party shall so notify the producing party in writing;

    b.    Within five (5) business days after receiving such notification, the producing party shall provide to the receiving party, a description of the basis for the claim of privilege or immunity for the Inadvertent Production;

    c.    Within ten (10) business days after receiving such description, the receiving party may file under seal a motion to compel production of the Inadvertent Production, the protection of which is still disputed. If such a motion is filed, the producing party shall have the burden of proving that the Inadvertent Production in dispute is protected by attorney-client privilege, work product immunity or a joint defense/common interest privilege;

    d.    With respect to documents and other work product subsequently generated by the receiving party, which Derivative Documents contain information derived from such Inadvertent Production (the "Derivative Documents"), if the receiving party does not notify the producing party that the receiving party disputes the claims of attorney-client privilege or work-product

- 9 -

immunity with respect to the Inadvertent Production, the receiving party shall either destroy such Derivative Documents or redact from them all such derivative privilege or work-product information in a manner such that the derivative information cannot in any way be retrieved or reproduced.

19. The party that designated a document as **CONFIDENTIAL** may agree at any time that some or all of the restrictions applicable to said document may be reduced, modified or eliminated.

20. Nothing in this Order shall preclude any party from using a document at any hearing in this Action. If, at the hearing, any party believes that a document or group of documents requires any kind of protective treatment the provisions of this Order, it shall apply to the Court for such treatment, and the Court will consider and determine each such request at the time of the hearing or proceeding except those documents which have already been sealed at the time of such application to the Court.

21. The furnishing of any particular document, thing or information, whether or not it is designated as **CONFIDENTIAL** shall not constitute, or be deemed to constitute, a waiver of any attorney-client or other privilege or any work product protection as to any other document, thing or information.

22. The designation by a party of any information as **CONFIDENTIAL** under this Order shall not be deemed to be an admission or acknowledgement by any other party or non-party witness that such information is, in fact, confidential, secret, proprietary or constitutes a trade secret under applicable law.

23. This Order is without prejudice to the rights of any party to seek modification of this Order from the Court with respect to any specific **CONFIDENTIAL** and/or material contained therein. Designation of documents as **CONFIDENTIAL** by a party conveys no *prima facie* or presumptive effect of entitlement to protection in case of dispute before the Court on a Motion by the opposing party to remove or modify such marking.

24. The restrictions in this Order on the disclosure, use, or handling of documents, information, and things designated as **CONFIDENTIAL** shall not apply if (a) the document, information, or thing is available to the public through means other than production by the disclosing party; or (b) the document, information, or thing was lawfully known to or independently developed by the receiving party; (c) the document, information, or thing was received by the receiving party without restriction from a third party having the right to make such a disclosure; or (d) the document, information or thing is required to be produced to the receiving party by a court of competent jurisdiction (to the extent such court permits).

25. In the event that (1) a party receives a notice of deposition, interrogatory, request for document, subpoena, civil investigative demand, or similar request to disclose any of the **CONFIDENTIAL** Information, (2) the party reasonably believes, after consultation with counsel, that he is legally required to disclose any of the **CONFIDENTIAL** Information to a third party, including a governmental, or other regulatory body or agency or self-regulatory organization, the party, shall provide to the disclosing party reasonable notice of any such request or requirement so that the other party may seek a protective order or other appropriate remedy. In such a case, the parties shall reasonably cooperate in any action to obtain a protective order or other appropriate remedy or to obtain reliable assurance that confidential treatment consistent with this Order shall be accorded to any disclosed **CONFIDENTIAL** Information.

26.     Regardless of whether the producing party designated a document **CONFIDENTIAL**, and in addition to the restrictions on use of **CONFIDENTIAL** Information contained in this Order, the receiving party shall comply with all applicable laws and regulations related to the protection of Social Security numbers, financial institution account numbers, and any other "personally identifiable information," as defined by applicable laws or regulations.

27.     This Order shall remain in full force and effect until further order of this Court at the close of the Action.

28.     In the event anyone shall violate, or threaten to violate, any terms of this Order, the parties hereto agree that the aggrieved party may immediately apply to this Court to obtain injunctive relief against any such person.

**SO ORDERED:**

　　　　　　　　　　　　　　　　　　　　　HON. BURTON R. LIFLAND
　　　　　　　　　　　　　　　　　　　　　UNITED STATES BANKRUPTCY JUDGE

December ___, 2009

**EXHIBIT "A"**

An Equivalent Declaration May be Substituted for this Undertaking

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　Plaintiff-Applicant,<br><br>　　　　　v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　　Defendant.<br>In re:<br><br>BERNARD L. MADOFF,<br><br>　　　　　Debtor. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated)<br><br>**UNDERTAKING AND CONSENT TO BE BOUND** |

　　　I declare that:

　　　1.　　My address is _____

_____, and the name and address of my present employer is_____

_____ .

　　　2.　　My present occupation and job description is _____

_____ .

　　　3.　　I have received a copy of the Protective Order (the "Protective Order") in this action.

　　　4.　　I have carefully read and understand the provisions of the Protective Order, agree to be bound by it, and specifically agree I will not use or disclose to anyone any of the contents of any **CONFIDENTIAL** Information received under the protection of the Protective Order in

- 13 -

violation thereof. I will never use any **CONFIDENTIAL** Information, directly or indirectly, for any purpose other than for purposes of this litigation.

5. I understand that I am to retain all copies of any of the materials that I receive which have been so designated as **CONFIDENTIAL** in a container, cabinet, drawer, room or other safe place in a manner consistent with the Protective Order and that all copies are to remain in my custody until I have completed my assigned or legal duties. I will return all confidential documents and things which come into my possession or which I have prepared relating thereto, to counsel for the party that provided such documents and things to me. I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Protective Order.

6. I consent to the exercise of personal jurisdiction by this Court in connection with this Declaration and my obligations under the Protective Order.

7. I declare under penalty of perjury under the laws of the State of New York that the foregoing is true and correct.

_____
Name

_____
Date