SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

*Attorneys for Judy L. Kaufman et al. TIC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

In re

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

Debtor

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

SIPA LIQUIDATION
No. 08-01789 (BRL)

## OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM

Judy L. Kaufman et al. TIC ("Objecting Claimant"), which submitted claim number 13405 (the "Claim") to Irving H. Picard, the Trustee for the above-captioned liquidation, regarding account number 1CM100 at Bernard L. Madoff Investment Securities LLC ("BLMIS"), hereby objects to the Trustee's determination of the Claim.

1. To begin, the Trustee miscalculated the value of the Claim because he erroneously applied a "cash in/cash out" approach to calculating the Objecting Claimant's "net equity" under the Securities Investor Protection Act ("SIPA"). The propriety of the Trustee's approach is currently the subject of ongoing briefing before this Court, and the Objecting Claimant understands that it will receive the benefit of any favorable court decision on the issue without further elaboration of its position at this time.

2. Even if the Trustee is correct in his contention that net equity should be calculated based on a "cash in/cash out" approach, the Trustee's calculation of the Claim is nevertheless flawed because it improperly favors later customers of BLMIS at the expense of earlier customers by failing to apply an appropriate adjustment for the amount of time the Objecting Claimant had its money deposited with BLMIS. By neglecting to include such an adjustment in the amount of customers' claims, the Trustee would distribute to an investor that invested with BLMIS a week before the commencement of this proceeding the same percentage of his or her investment as an investor who made his or her investment a decade earlier. The investor who invested a decade earlier, however, has lost the use of the money he or she invested for 10 years longer than the recent investor, and has obviously suffered a far greater loss. By proposing to distribute to the two investors the same percentage of their principal investment, the Trustee is violating, among other provisions, the requirement for pro rata distributions of customer property under 15 U.S.C. § 78-fff-2(c)(1)(B).

3. Under New York law, from the time of its initial investment, the Objecting Claimant had the right to recover from BLMIS at least the amount of its principal investment and could have enforced that right, among other ways, through an action for fraud, breach of fiduciary duty, breach of contract or rescission. The merits of these causes of action are beyond dispute. In addition to recovering its principal investment, the Objecting Claimant could have obtained prejudgment interest under each of these causes of action. "Interest shall be computed from the earliest ascertainable date the cause of action existed," N.Y. C.P.L.R. § 5001, in this case from the date when the Objecting Claimant submitted funds to BLMIS, and "shall be at the rate of nine per

08-01789-cgm    Doc 1099    Filed 12/21/09    Entered 12/21/09 15:19:25    Main Document
              Pg 3 of 3

centum per annum," N.Y. C.P.L.R. § 5004. *See Baer* v. *Anesthesia Assocs. of Mount Kisco, LLP*, 57 A.D.3d 817, 819 (2d Dep't 2008) ("Contrary to the defendant's contention, as this is an action to recover damages for breach of contract, the Supreme Court properly awarded the plaintiff prejudgment interest at the statutory rate of 9% per annum"); *Davenport* v. *Martin*, 4 A.D.3d 873, 874 (4th Dep't 2004) (court had to apply statutory 9% interest rate for action alleging fraud and breach of fiduciary duty). Accordingly, the Objecting Claimant possessed a clear legal right to obtain from BLMIS the amount of principal invested in its account plus interest, and the Trustee erred in failing to value the Claim at this amount.

4. Even if the Claim need not include a measure of interest, the Trustee erred by failing to consider the current value of the money the Objecting Claimant deposited into BLMIS, for example by including a measure of inflation.

Dated: New York, New York
       December 21, 2009

/s/ Jeffrey T. Scott
Jeffrey T. Scott
Patrick B. Berarducci
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588

*Attorneys for Judy L. Kaufman et al. TIC*