# EXHIBIT A

**ANCHIN**

Anchin, Block & Anchin LLP
Accountants and Advisors
1375 Broadway New York, NY 10018
212 840-3456 • 212 840-7066 Fax
www.anchin.com

# FIRST FRONTIER, L.P.
## PARTNER'S CAPITAL ACCOUNT
### (UNAUDITED)
As of December 31, 2008

### Susan Saltz Charitable Lead Anuity Trust

| | Year to Date (1/1/08 - 12/31/08) |
|---|---|
| Capital Account - Beginning of Period [3] | $ - |
| Contributions | $ 2,200,000 |
| Withdrawals | $ - |
| Net Income (Loss) Allocated [1] | $ (1,641,403) |
| Capital Account - End of Period [2] | $ 558,597 |

[1] After all fees and deduction of performance allocation

[2] Capital account values are based upon unaudited financial data from the books and records of the First Frontier, L.P. and are presented net of all fees and expenses.

[3] Includes adjustment based upon prior year's audited financial statements and K-1

The above amounts are preliminary, unaudited and subject to change.
This information should not be used for tax purposes.

The information above has been compiled by Anchin, Block & Anchin (the "Firm") in accordance with Statements on Standards for Accounting and Review Services issued by the American Institute of Certified Public Accountants

A compilation is limited to presenting financial information that is the representation of First Frontier, L.P.'s (the "Fund") management The information above has not been audited or reviewed by the Firm and, accordingly the Firm expresses no opinion or any other form of assurance on it.

The Firm is not independent with respect to the Fund.

Note to Partner Capital Account:

The Fund's net asset value ("NAV") calculation is determined on the basis of market values of the Fund's investments in investment funds/accounts, based upon values as reported by (or on behalf of) such funds/accounts. The Fund's investment in Beacon Associates LLC I ("Beacon Associates I") is based upon information provided by the management of Beacon. They have informed us that the assets of Bernard L. Madoff Investments or any affiliate (collectively, "Madoff") have been valued at zero and the entire loss has been recognized during the year (for the purpose of determining Fund's NAV as of December 31, 2008) based solely on determinations made by Beacon Associates I and may be adjusted based on a number of variables including, but not limited to, the establishment of any appropriate reserves.

# EXHIBIT B

**ANCHIN**

Anchin, Block & Anchin LLP
Accountants and Advisors
1375 Broadway New York, NY 10018
212 840-3456 • 212 840-7066 Fax
www.anchin.com

## FIRST FRONTIER, L.P.
## PARTNER'S CAPITAL ACCOUNT
## (UNAUDITED)
### As of December 31, 2008
### Susan Saltz Descendant's Trust

| | Year to Date (1/1/08 - 12/31/08) |
|---|---|
| Capital Account - Beginning of Period [3] | $ 2,470,488 |
| Contributions | $ 1,000,000 |
| Withdrawals | $ --- |
| Net Income (Loss) Allocated [1] | $ (2,576,388) |
| Capital Account - End of Period [2] | $ 894,100 |

[1] After all fees and deduction of performance allocation.

[2] Capital account values are based upon unaudited financial data from the books and records of the First Frontier, L.P. and are presented net of all fees and expenses

[3] Includes adjustment based upon prior year's audited financial statements and K-1.

The above amounts are preliminary, unaudited and subject to change.
This information should not be used for tax purposes.

The information above has been compiled by Anchin, Block & Anchin (the "Firm") in accordance with Statements on Standards for Accounting and Review Services issued by the American Institute of Certified Public Accountants.

A compilation is limited to presenting financial information that is the representation of First Frontier, L.P.'s (the "Fund") management. The information above has not been audited or reviewed by the Firm and, accordingly the Firm expresses no opinion or any other form of assurance on it

The Firm is not independent with respect to the Fund.

Note to Partner Capital Account:

The Fund's net asset value ("NAV") calculation is determined on the basis of market values of the Fund's investments in investment funds/accounts, based upon values as reported by (or on behalf of) such funds/accounts. The Fund's investment in Beacon Associates LLC I ("Beacon Associates I") is based upon information provided by the management of Beacon. They have informed us that the assets of Bernard L. Madoff Investments or any affiliate (collectively, "Madoff") have been valued at zero and the entire loss has been recognized during the year (for the purpose of determining Fund's NAV as of December 31, 2008) based solely on determinations made by Beacon Associates I and may be adjusted based on a number of variables including, but not limited to, the establishment of any appropriate reserves.

# EXHIBIT C

**BERNARD L. MADOFF INVESTMENT SECURITIES LLC**

In Liquidation

**DECEMBER 11, 2008**[1]

## NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

December 8, 2009

SUSAN SALTZ CHARITABLE LEAD ANNUITY TRUST
150 E. 52ND ST., 28TH FL.
NEW YORK, NY  10022



RECEIVED DEC 14 2009

Dear SUSAN SALTZ CHARITABLE LEAD ANNUITY TRUST:

**PLEASE READ THIS NOTICE CAREFULLY.**

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim designated as Claim No. 014959:

Based on a review of available books and records of BLMIS by the Trustee's staff, you did not have an account with BLMIS. Because you did not have an account, you are not a customer of BLMIS under SIPA as that term is defined at 15 U.S.C. § 78lll (2). Accordingly, your Claim for securities and/or a credit balance is **DENIED**.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after December 8, 2009, the date on which the Trustee mailed this notice.

---

[1] Section 78lll(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78lll(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

>Clerk of the United States Bankruptcy Court for
>the Southern District of New York
>One Bowling Green
>New York, New York 10004

>and

>Irving H. Picard, Trustee
>c/o Baker & Hostetler LLP
>Attn: Claims Department
>45 Rockefeller Plaza
>New York, New York 10111

*/s/ Irving Picard*

---

**Irving H. Picard**

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

# EXHIBIT D

# BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

## DECEMBER 11, 2008[1]

## NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

December 8, 2009

SUSAN SALTZ DESCENDANTS TRUST
150 E. 52ND STREET, 28TH FLOOR
NEW YORK, NY 10022



RECEIVED DEC 14 2009

Dear SUSAN SALTZ DESCENDANTS TRUST:

**PLEASE READ THIS NOTICE CAREFULLY.**

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim designated as Claim No. 015429:

Based on a review of available books and records of BLMIS by the Trustee's staff, you did not have an account with BLMIS. Because you did not have an account, you are not a customer of BLMIS under SIPA as that term is defined at 15 U.S.C. § 78lll (2). Accordingly, your Claim for securities and/or a credit balance is **DENIED**.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after December 8, 2009, the date on which the Trustee mailed this notice.

---

[1] Section 78lll(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78lll(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York 10004

and

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
Attn: Claims Department
45 Rockefeller Plaza
New York, New York 10111

*/s/ Irving H. Picard*

**Irving H. Picard**

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC