# EXHIBIT B

# CUSTOMER CLAIM

Date Received_____

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

### In Liquidation

### DECEMBER 11, 2008

Irving H. Picard, Esq.
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

Provide your office and home telephone no.

OFFICE: _203 661 0001 X127_

HOME: _203 661 2385_

Taxpayer I.D. Number (Social Security No.)

_____

Account Number:    1B0141
KATHARINE BROWN TRUST
STACY MATHIAS ~~AND~~ AND _Michael Mathias_
~~MICHAEL MATHIAS TRUSTEES~~ _Trustees_
1722 COCONUT DRIVE
FORT PIERCE, FL  34949

(If incorrect, please change)

**NOTE:**    BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY THE ACCOMPANYING INSTRUCTION SHEET.  A SEPARATE CLAIM FORM SHOULD BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL PROTECTION AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE RECEIVED BY THE TRUSTEE ON OR BEFORE March 4, 2009.  CLAIMS RECEIVED AFTER THAT DATE, BUT ON OR BEFORE July 2, 2009, WILL BE SUBJECT TO DELAYED PROCESSING AND TO BEING SATISFIED ON TERMS LESS FAVORABLE TO THE CLAIMANT.  PLEASE SEND YOUR CLAIM FORM BY CERTIFIED MAIL - RETURN RECEIPT REQUESTED.

*****************************************************************************

1.    Claim for money balances as of **December 11, 2008** :
    a.    The Broker owes me a Credit (Cr.) Balance of        $_____
    b.    I owe the Broker a Debit (Dr.) Balance of        $_____

502180406                                1

c.  If you wish to repay the Debit Balance,
    please insert the amount you wish to repay and
    attach a check payable to "Irving H. Picard, Esq.,
    Trustee for Bernard L. Madoff Investment Securities LLC."
    If you wish to make a payment, **it must be enclosed**
    with this claim form.                                    $_____

d.  If balance is zero, insert "None."                       _____

2.  Claim for securities as of **December 11, 2008**:

**PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.**

|  | YES | NO |
|---|---|---|
| a.  The Broker owes me securities | ✓ | |
| b.  I owe the Broker securities | | |

c.  If yes to either, please list below:

| Date of Transaction (trade date) | Name of Security | Number of Shares or Face Amount of Bonds | |
|---|---|---|---|
| | | The Broker Owes Me (Long) | I Owe the Broker (Short) |
| _____ | _See statement 11/30/08_ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

**Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclose, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation. You should also provide all documentation or**

information regarding any **withdrawals** you have ever made or **payments received from the Debtor.**

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement. If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.
**PLEASE CHECK THE APPROPRIATE ANSWER FOR ITEMS 3 THROUGH 9.**

**NOTE:    IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION ON A SIGNED ATTACHMENT.    IF SUFFICIENT DETAILS ARE NOT PROVIDED, THIS CLAIM FORM WILL BE RETURNED FOR YOUR COMPLETION.**

|  |  | YES | NO |
|---|---|---|---|
| 3. | Has there been any change in your account since December 11, 2008? If so, please explain. | | X |
| 4. | Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of the broker? | | X |
| 5. | Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or policies of the broker? | | X |
| 6. | Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in any way with the broker? If so, give name(s) | | X |
| 7. | Is this claim being filed by or on behalf of a broker or dealer or a bank? If so, provide documentation with respect to each public customer on whose behalf you are claiming. | | X |
| 8. | Have you ever given any discretionary authority to any person to execute securities transactions with or through the broker on your behalf? Give names, addresses and phone numbers. | | X |

9.      Have you or any member of your family
        ever filed a claim under the Securities
        Investor Protection Act of 1970?  if                                    X
        so, give name of that broker.                    _____    _____

        Please list the full name and address of anyone assisting you in the
        preparation of this claim form: *Douglas Brown*
        *11 Meadowcroft Lane, Greenwich CT  06833*.

If you cannot compute the amount of your claim, you may file an estimated claim.  In that
case, please indicate your claim is an estimated claim.

**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM.
CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR
IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.**

**THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY
INFORMATION AND BELIEF.**

Date _____        Signature _____ *Trustee*

Date _____        Signature _____ *Trustee*

(If ownership of the account is shared, all must sign above.  Give each owner's name,
address, phone number, and extent of ownership on a signed separate sheet.  If other
than a personal account, *e.g.*, corporate, trustee, custodian, etc., also state your capacity
and authority.  Please supply the trust agreement or other proof of authority.)

**This customer claim form must be completed and mailed promptly,
together with supporting documentation, etc. to:**

Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

08-01789-cgm   Doc 1136-2   Filed 12/29/09   Entered 12/29/09 16:49:21   Exhibit B.

Customer Claim   Pg 6 of 33

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

| PERIOD ENDING | PAGE |
|---|---|
| 11/30/08 | 1 |

| YOUR ACCOUNT NUMBER | YOUR TAX PAYER IDENTIFICATION NUMBER |
|---|---|
| 1-B0161-3-0 | *****3713 |

KATHARINE BROWN TRUST
STACY MATHIAS AND
MICHAEL MATHIAS TRUSTEES
1722 COCONUT DRIVE
FORT PIERCE        FL   34949

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| | | | | BALANCE FORWARD | | 18,719.49 | |
| 11/12 | 182 | | 2098 | WAL-MART STORES INC | 55.830 | 10,168.06 | |
| 11/12 | 119 | | 2600 | INTERNATIONAL BUSINESS MACHS | 87.270 | 10,389.13 | |
| 11/12 | 441 | | 6424 | EXXON MOBIL CORP | 72.680 | 32,157.08 | |
| 11/12 | 483 | | 6926 | INTEL CORP | 14.510 | 7,027.33 | |
| 11/12 | 231 | | 11252 | JOHNSON & JOHNSON | 59.580 | 13,771.98 | |
| 11/12 | 315 | | 15578 | J.P. MORGAN CHASE & CO | 38.530 | 12,148.95 | |
| 11/12 | 168 | | 19903 | COCA COLA CO | 44.660 | 7,508.88 | |
| 11/12 | 98 | | 24229 | MCDONALDS CORP | 55.370 | 5,429.26 | |
| 11/12 | 182 | | 28555 | MERCK & CO. | 28.550 | 5,203.10 | |
| 11/12 | 665 | | 32881 | MICROSOFT CORP | 21.810 | 14,529.65 | |
| 11/12 | 336 | | 37207 | ORACLE CORPORATION | 17.300 | 5,825.80 | |
| 11/12 | 133 | | 50185 | PEPSICO INC | 56.410 | 7,507.53 | |
| 11/12 | 77 | | 50687 | APPLE INC | 100.780 | 7,763.06 | |
| 11/12 | 567 | | 54511 | PFIZER INC | 16.940 | 9,626.98 | |
| 11/12 | 133 | | 55013 | ABBOTT LABORATORIES | 54.610 | 7,268.13 | |
| 11/12 | 252 | | 58837 | PROCTER & GAMBLE CO | 64.080 | 16,158.16 | |
| 11/12 | 91 | | 59339 | AMGEN INC | 59.160 | 5,386.56 | |
| 11/12 | 175 | | 63163 | PHILIP MORRIS INTERNATIONAL | 43.600 | 7,637.00 | |
| 11/12 | 420 | | 63665 | BANK OF AMERICA | 21.590 | 9,083.80 | |
| 11/12 | 140 | | 67489 | QUALCOMM INC | 33.770 | 4,732.80 | |
| 11/12 | 455 | | 67991 | CITI GROUP INC | 12.510 | 5,710.05 | |
| 11/12 | 105 | | 71815 | SCHLUMBERGER LTD | 49.480 | 5,199.40 | |
| 11/12 | 252 | | 72317 | COMCAST CORP CL A | 16.510 | 4,170.52 | |
| | | | | CONTINUED ON PAGE   2 | | | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

KATHARINE BROWN TRUST
STACY MATHIAS AND
MICHAEL MATHIAS TRUSTEES
1722 COCONUT DRIVE
FORT PIERCE      FL    34949

| PERIOD ENDING | PAGE |
|---|---|
| 11/30/08 | 2 |

YOUR ACCOUNT NUMBER: 1-B0141-3-0
YOUR TAX PAYER IDENTIFICATION NUMBER: ******3713

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TKN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| 11/12 | 497 | | 76141 | AT&T INC | 27 | 13,438.00 | |
| 11/12 | 126 | | 76643 | CONOCOPHILLIPS | 52.510 | 6,621.26 | |
| 11/12 | 84 | | 80467 | UNITED PARCEL SVC INC CLASS B | 52.040 | 4,374.36 | |
| 11/12 | 511 | | 80969 | CISCO SYSTEMS INC | 16.730 | 8,569.03 | |
| 11/12 | 147 | | 84793 | U.S. BANCORP | 29.530 | 4,345.91 | |
| 11/12 | 175 | | 85295 | CHEVRON CORP | 73.430 | 12,857.25 | |
| 11/12 | 84 | | 89119 | UNITED TECHNOLOGIES CORP | 53.160 | 4,466.44 | |
| 11/12 | 889 | | 89621 | GENERAL ELECTRIC CO | 19.630 | 17,486.07 | |
| 11/12 | 238 | | 93445 | VERIZON COMMUNICATIONS | 30.410 | 7,246.58 | |
| 11/12 | 21 | | 93947 | GOOGLE | 337.400 | 7,085.40 | |
| 11/12 | 294 | | 97771 | WELLS FARGO & CO NEW | 29.800 | 8,772.20 | |
| 11/12 | 210 | | 98273 | HEWLETT PACKARD CO | 34.900 | 7,337.00 | |
| 11/12 | | 275,000 | 20384 | U S TREASURY BILL DUE 2/12/2009 | 99.936 | | 274,824.00 |
| 11/12 | | | | FIDELITY SPARTAN U.S. TREASURY MONEY MARKET DIV 11/12/08 | DIV | | 70.93 |
| 11/12 | | 58,887 | 15482 | FIDELITY SPARTAN U.S. TREASURY MONEY MARKET | 1 | | 58,887.00 |
| 11/12 | 15,363 | | 24851 | FIDELITY SPARTAN U.S. TREASURY MONEY MARKET | 1 | 15,363.00 | |
| 11/19 | | | | FIDELITY SPARTAN U S TREASURY MONEY MARKET DIV 11/19/08 | DIV | | 1.89 |

CONTINUED ON PAGE    3

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

BERNARD L. MADOFF
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

KATHARINE BROWN TRUST
STACY MATHIAS AND
MICHAEL MATHIAS TRUSTEES
1722 COCONUT DRIVE
FORT PIERCE        FL    34949

| PERIOD ENDING | PAGE |
|---|---|
| 11/30/08 | 3 |

YOUR ACCOUNT NUMBER: 1-B0141-3-0

YOUR TAX PAYER IDENTIFICATION NUMBER: *******3713

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| 11/19 | | 15,363 | 50090 | FIDELITY SPARTAN U.S. TREASURY MONEY MARKET | 1 | | 15,363.00 |
| 11/19 | 25,000 | | 54737 | U S TREASURY BILL DUE 03/26/2009 3/26/2009 | 99.926 | 24,981.50 | |
| 11/19 | 11,356 | | 59131 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | 11,356.00 | |
| | | | | NEW BALANCE | | 38,277.88 | |
| | | | | SECURITY POSITIONS | MKT PRICE | | |
| | 497 | | | AT&T INC | 28.560 | | |
| | 133 | | | ABBOTT LABORATORIES | 52.390 | | |
| | 91 | | | AMGEN INC | 55.540 | | |
| | 77 | | | APPLE INC | 92.670 | | |
| | 420 | | | BANK OF AMERICA | 16.250 | | |
| | 175 | | | CHEVRON CORP | 79.010 | | |
| | 511 | | | CISCO SYSTEMS INC | 16.540 | | |
| | 455 | | | CITI GROUP INC | 8.290 | | |
| | 168 | | | COCA COLA CO | 46.870 | | |
| | 252 | | | COMCAST CORP | 17.340 | | |
| | | | | CL A | | | |
| | 126 | | | CONOCOPHILLIPS | 52.520 | | |
| | 441 | | | EXXON MOBIL CORP | 80.150 | | |
| | 889 | | | GENERAL ELECTRIC CO | 17.170 | | |
| | | | | CONTINUED ON PAGE 4 | | | |

BERNARD L. MADOFF
INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

KATHARINE BROWN TRUST
STACY MATHIAS AND
MICHAEL MATHIAS TRUSTEES
1722 COCONUT DRIVE
FORT PIERCE    FL    34949

**PAGE** 4

**PERIOD ENDING** 11/30/08

**YOUR TAX PAYER ID/NTIFICATION NUMBER** ******3713

**YOUR ACCOUNT NUMBER** 1-B0141-3-0

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| | 21 | | | GOOGLE | 292.960 | | |
| | 210 | | | HEWLETT PACKARD CO | 35.280 | | |
| | 493 | | | INTEL CORP | 13.800 | | |
| | 119 | | | INTERNATIONAL BUSINESS MACHS | 81.600 | | |
| | 315 | | | J.P. MORGAN CHASE & CO | 31.660 | | |
| | 231 | | | JOHNSON & JOHNSON | 58.580 | | |
| | 98 | | | MCDONALDS CORP | 58.750 | | |
| | 182 | | | MERCK & CO | 26.720 | | |
| | 665 | | | MICROSOFT CORP | 20.220 | | |
| | 336 | | | ORACLE CORPORATION | 15.090 | | |
| | 133 | | | PEPSICO INC | 56.700 | | |
| | 567 | | | PFIZER INC | 16.430 | | |
| | 175 | | | PHILLIP MORRIS INTERNATIONAL | 42.160 | | |
| | 252 | | | PROCTER & GAMBLE CO | 64.350 | | |
| | 140 | | | QUALCOMM INC | 33.570 | | |
| | 105 | | | SCHLUMBERGER LTD | 50.740 | | |
| | 11,356 | | | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | | |
| | 147 | | | U S BANCORP | 26.980 | | |
| | 84 | | | UNITED PARCEL SVC INC CLASS B | 57.600 | | |
| | 25,000 | | | U S TREASURY BILL DUE 03/26/2009    3/26/2009 | 99.971 | | |
| | 84 | | | UNITED TECHNOLOGIES CORP | 48.530 | | |
| | | | | CONTINUED ON PAGE    5 | | | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York ☐ London

805 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

KATHARINE BROWN TRUST
STACY MATHIAS AND
MICHAEL MATHIAS, TRUSTEES
1722 COCONUT DRIVE
FORT PIERCE    FL    34949

| PERIOD ENDING | PAGE |
|---|---|
| 11/30/08 | 5 |

YOUR ACCOUNT NUMBER
1-B0141-3-0

YOUR TAX PAYER IDENTIFICATION NUMBER
******3713

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| | 238 | | | VERIZON COMMUNICATIONS | 32.650 | | |
| | 182 | | | WAL-MART STORES INC. | 55.880 | | |
| | 294 | | | WELLS FARGO & CO NEW | 28.890 | | |
| | | | | MARKET VALUE OF SECURITIES | | | |
| | | | | LONG    SHORT | | | |
| | | | | 344,756.78 | | | |

**PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES**

MADF **BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

KATHARINE BROWN TRUST
STACY MATHIAS AND
MICHAEL MATHIAS TRUSTEES
1722 COCONUT DRIVE
FORT PIERCE          FL   34949

**PERIOD ENDING**
11/30/08

**PAGE**
6

**YOUR ACCOUNT NUMBER**
1-B0141-3-0

**YOUR TAX PAYER IDENTIFICATION NUMBER**
*******3713

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| | | | | YEAR-TO-DATE SUMMARY | | | |
| | | | | DIVIDENDS | | | 2,403.78 |
| | | | | GROSS PROCEEDS FROM SALES | | | 1,826,237.70 |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

PERIOD ENDING: 11/30/08
PAGE: 1

YOUR ACCOUNT NUMBER: 1-B0141-4-0
YOUR TAXPAYER IDENTIFICATION NUMBER: *******3713

KATHARINE BROWN TRUST
STACY MATHIAS AND
MICHAEL MATHIAS TRUSTEES
1722 COCONUT DRIVE
FORT PIERCE          FL    34949

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| | | | | BALANCE FORWARD | | | 18,720.00 |
| 11/12 | | 7 | 41533 | S & P 100 INDEX NOVEMBER 460 CALL | 15.800 | | 11,053.00 |
| 11/12 | | 7 | 45859 | S & P 100 INDEX NOVEMBER 450 PUT | 17.800 | 12,467.00 | |
| 11/19 | | 7 | 31964 | S & P 100 INDEX DECEMBER 430 CALL | 26 | | 18,193.00 |
| 11/19 | 7 | | 36289 | S & P 100 INDEX DECEMBER 420 PUT | 30 | 21,007.00 | |
| 11/19 | 7 | | 40614 | S & P 100 INDEX NOVEMBER 460 CALL | 3 | | 25,893.00 |
| 11/19 | | 7 | 44939 | S & P 100 INDEX NOVEMBER 450 PUT | 37 | 2,107.00 | |
| | | | | NEW BALANCE | | | 38,278.00 |
| | | | | SECURITY POSITIONS S & P 100 INDEX DECEMBER 430 CALL | MKT PRICE 23.300 | | |
| | 7 | | | S & P 100 INDEX DECEMBER 420 PUT | 16.500 | | |
| | | | | MARKET VALUE OF SECURITIES LONG 11,550.00   SHORT 16,310.00- | | | |

## Bank of America

**Cashier's Check**

No. **0317240**

Notice to Purchaser - In the event this check is lost, misplaced or stolen, a sworn statement and 90-day waiting period will be required prior to replacement. This check should be negotiated within 90 days.

Date **OCTOBER 19, 2006**

30-1/1140
NTX

Banking Center **GREENWICH TRUST**

7240 *

Remitter (Purchased By)

**Pay**  **\*\*TWENTY FOUR THOUSAND DOLLARS AND 00 CENTS\*\***  $ **\*\*24000.00\*\***

**To The Order Of**  **\*\*BERNARD L MADOFF INVESTMENT SECURITIES\*\***
**\*\*\*\***  Account# 1-B0141-4

**Non-Negotiable**

Authorized Signature

Bank of America, N.A.
San Antonio, Texas

**VOID AFTER 90 DAYS**

**Customer Copy**
**Retain For Your Records**

001641005545

---

## Bank of America

**Cashier's Check**

No. **0436338**

Notice to Purchaser - In the event this check is lost, misplaced or stolen, a sworn statement and 90-day waiting period will be required prior to replacement. This check should be negotiated within 90 days.

Date **JANUARY 23, 2007**

30-1/1140
NTX

Banking Center **GREENWICH TRUST**

6338

Remitter (Purchased By)

**Pay**  **\*\*THIRTY FOUR THOUSAND DOLLARS AND 00 CENTS\*\***  $ **\*\*34000.00\*\***

**To The Order Of**  **\*\*BERNARD L MADOFF INVESTMENT\*\***
**\*\*SECURITIES, LLC ACCT#1B0141-4\*\***

**Non-Negotiable**

Authorized Signature

Bank of America, N.A.
San Antonio, Texas

**VOID AFTER 90 DAYS**

**Customer Copy**
**Retain For Your Records**

5545

---

## Bank of America

**Cashier's Check**

No. **0613067**

Notice to Purchaser - In the event this check is lost, misplaced or stolen, a sworn statement and 90-day waiting period will be required prior to replacement. This check should be negotiated within 90 days.

Date **JANUARY 15, 2008**

30-1/1140
NTX

Banking Center **GREENWICH TRUST**

1067

Remitter (Purchased By)

**Pay**  **\*\*TWENTY FOUR THOUSAND DOLLARS AND 00 CENTS\*\***  $ **\*\*24000.00\*\***

**To The Order Of**  **\*\*BERNARD L. MADOFF\*\***
**\*\*INVESTMENT SECURITIES\*\***  acct 1B0141-4

**Non-Negotiable**

Authorized Signature

Bank of America, N.A.
San Antonio, Texas

**VOID AFTER 90 DAYS**

**Customer Copy**
**Retain For Your Records**

5545



**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
212 230-2424
P&S Dept. 212 230-2436
800 334-1343
Fax 212 838-4061

WE HAVE THIS DAY CREDITED YOUR
ACCOUNT WITH THE FOLLOWING:

10/23/06

CHECK                                        24,000.00

CLIENT'S ACCOUNT NUMBER

KATHARINE BROWN TRUST
STACY MATHIAS AND
MICHAEL MATHIAS TRUSTEES
1722 COCONUT DRIVE
FORT PIERCE          FL 34949

1-B0141-3

---

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
212 230-2424
P&S Dept. 212 230-2436
800 334-1343
Fax 212 838-4061

WE HAVE THIS DAY CREDITED YOUR
ACCOUNT WITH THE FOLLOWING:

1/29/07

CHECK                                        34,000.00

CLIENT'S ACCOUNT NUMBER

KATHARINE BROWN TRUST
STACY MATHIAS AND
MICHAEL MATHIAS TRUSTEES
1722 COCONUT DRIVE
FORT PIERCE          FL 34949

1-B0141-3

---

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
212 230-2424
P&S Dept. 212 230-2436
800 334-1343
Fax 212 838-4061

WE HAVE THIS DAY CREDITED YOUR
ACCOUNT WITH THE FOLLOWING:

1/18/08

CHECK                                        24,000.00

CLIENT'S ACCOUNT NUMBER

KATHARINE BROWN TRUST
STACY MATHIAS AND
MICHAEL MATHIAS TRUSTEES
1722 COCONUT DRIVE
FORT PIERCE          FL 34949

1-B0141-3

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

212 230-2424
800 334-1343
Fax 212 838-4061

WE HAVE THIS DAY DEBITED YOUR
ACCOUNT WITH THE FOLLOWING:

4/08/08

CW    CHECK                                          15,500.00

CLIENT'S ACCOUNT NUMBER

KATHARINE BROWN TRUST
STACY MATHIAS AND
MICHAEL MATHIAS TRUSTEES
1722 COCONUT DRIVE
FORT PIERCE          FL 34949

1-B0141-3

MEMO

---

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

212 230-2424
800 334-1343
Fax 212 838-4061

WE HAVE THIS DAY DEBITED YOUR
ACCOUNT WITH THE FOLLOWING:

4/12/06

CW    CHECK                                           8,000.00

CLIENT'S ACCOUNT NUMBER

KATHARINE BROWN TRUST
STACY MATHIAS AND
MICHAEL MATHIAS TRUSTEES
1722 COCONUT DRIVE
FORT PIERCE          FL 34949

1-B0141-3

MEMO

PORTFOLIO MANAGEMENT REPORT AS OF 12/31/07

THIS REPORT IS PROVIDED TO ASSIST YOU IN EVALUATING THE PERFORMANCE OF YOUR ACCOUNT AND SHOULD NOT BE USED FOR INCOME TAX PURPOSES.

KATHARINE BROWN TRUST          1-B0141-3
STACY MATHIAS AND
MICHAEL MATHIAS TRUSTEES
1722 COCONUT DRIVE
FORT PIERCE          FL 34949

| | |
|---|---:|
| STARTING EQUITY FOR CURRENT YEAR | 247,551.34CR |
| CAPITAL ADDITIONS | 34,000.00CR |
| CAPITAL WITHDRAWALS | 12,400.00- |
| REALIZED P/L FOR CURRENT YEAR | 30,600.26CR |
| UNREALIZED P/L ON OPEN SECURITY POSITIONS | |
| CURRENT CASH BALANCE | .60CR |
| NET MARKET VALUE OF OPEN SECURITIES POSITIONS | 299,751.00   NET LONG |
| TOTAL EQUITY | 299,751.60CR |

ANNUALIZED RETURN FOR CURRENT YEAR     11.33 %

**MADF** **BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

**DUPLICATE** FOR ACCOUNT  KATHARINE BROWN TRUST

MR SETH M LIPSON
1920 PALM BEACH LAKES BLVD
SUITE #204
WEST PALM BEACH      FL   33409

| YOUR ACCOUNT NUMBER | YOUR TAX PAYER IDENTIFICATION NUMBER | PERIOD ENDING | PAGE |
|---|---|---|---|
| 1-B0141-3-0 | 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 | 4/30/05 | 1 |

| DATE | BOUGHT RECEIVED | SOLD DELIVERED | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| | | | | BALANCE FORWARD | | | 1,752.17 |
| 4/01 | | | | COCA COLA CO | | | |
| | | | | DIV 3/15/05  4/01/05 | DIV | | 24.35 |
| 4/01 | | | | MERCK & CO | | | |
| | | | | DIV 3/04/05  4/01/05 | DIV | | 30.24 |
| 4/01 | | | | VIACOM INC | | | |
| | | | | CLASS B NON VOTING SHS | DIV | | 4.41 |
| | | | | DIV 2/28/05  4/01/05 | | | |
| 4/07 | | | | HEWLETT PACKARD CO | | | |
| | | | | DIV 3/16/05  4/07/05 | DIV | | 8.00 |
| 4/08 | | | | CHECK | CW | 8,141.00 | |
| 4/11 | | | | ALTRIA GROUP INC | | | |
| | | | | DIV 3/15/05  4/11/05 | DIV | | 547.11 |
| 4/13 | | | | FIDELITY SPARTAN | | | |
| | | | | U.S TREASURY MONEY MARKET | | | 46.99 |
| | | | | DIV 04/13/05 | DIV | | |
| 4/13 | | 27,297 | 1878 | FIDELITY SPARTAN | 1 | | 27,297.00 |
| 4/13 | | 25,000 | 6380 | U.S TREASURY MONEY MARKET | | | 24,985.50 |
| | | | | U.S TREASURY BILL | 99.942 | | |
| | | | | DUE 4/21/2005 | | | |
| | | | | 4/21/2005 | | | |
| 4/13 | 44,188 | | 11076 | FIDELITY SPARTAN | 1 | 44,188.00 | |
| | | | | U.S TREASURY MONEY MARKET | | | |
| 4/25 | | | | GENERAL ELECTRIC CO | | | |
| | | | | DIV 2/28/05  4/25/05 | DIV | | 83.82 |
| | | | | CONTINUED ON PAGE   2 | | | |

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

**PAGE** 3

**PERIOD ENDING** 4/30/04

**YOUR TAX PAYER IDENTIFICATION NUMBER** 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

**YOUR ACCOUNT NUMBER** 1-B0141-3-0

**\*\*DUPLICATE\*\* FOR ACCOUNT  KATHARINE BROWN TRUST**
MR SETH M LIPSON

1920 PALM BEACH LAKES BLVD
SUITE #204
WEST PALM BEACH    FL   33409

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|------|------|------|------|------|------|------|------|
| 4/06 | 19,551 | | 86666 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | 19,551.00 | |
| 4/15 | | | | CHECK | CW | 2,805.00 | |
| 4/16 | | | | FIDELITY SPARTAN U S TREASURY MONEY MARKET DIV 04/16/04 | DIV | | 19,551.00 |
| 4/16 | | 19,551 | 6287 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | | |
| 4/16 | 16,750 | | 6587 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | 16,750.00 | |
| 4/19 | | | | FIDELITY SPARTAN U S TREASURY MONEY MARKET DIV 04/19/04 | DIV | | |
| 4/19 | | 16,750 | 20903 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | | 16,750.00 |
| 4/19 | 16,096 | | 32159 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | 16,096.00 | |
| 4/30 | 714 | | 47467 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | 714.00 | |
| 4/30 | | | | JP MORGAN CHASE & CO DIV  4/06/04  4/30/04 | DIV | | 24.00 |
| 4/30 | | | | MORGAN STANLEY DIV 4/09/04  4/30/04 | DIV | | 9.00 |
| 4/30 | 35 | | 53005 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | 35.00 | |
| | | | | CONTINUED ON PAGE  4 | | | |

**PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES**

## TRUST AGREEMENT

THIS AGREEMENT, made this __27th__ day of December, 1988, between **ELBERT BROWN** and **VIOLA BROWN**, his wife, domiciled in Palm Beach County, Florida ("Grantors"), and **MICHAEL MATHIAS** and **STACEY MATHIAS**, his wife ("Trustees").

WHEREAS, Grantors desire to have the Trustees take title to and hold in trust, upon the terms and subject to the uses and purposes set forth, certain property presently belonging to Grantors, as set forth on Schedule "A" attached hereto and made a part hereof, and to that end have this day transferred to the Trustees said property; and

WHEREAS, additional property may be transferred in the future to the Trustees, such property to be held upon the terms and subject to the uses and purposes set forth;

NOW, THEREFORE, in consideration of the premises and the mutual agreements herein contained, the parties agree as follows:

1. _During Katharine's Life_. All assets received by the Trustees during the lifetime of Grantors' granddaughter, KATHERINE ELIZABETH BROWN, shall be held for KATHARINE'S primary benefit as follows:

(a) _Accumulation of Net Income_. The Trustees shall accumulate the net income of the trust assets for the benefit of KATHARINE until she attains the age of twenty-one (21) years, and such accumulated income shall be added to the principal of the trust. After KATHARINE attains the age of twenty-one (21), the Trustees may, in their discretion, make distributions to her of the income that is thereafter earned on the trust assets.

(b) _Principal_. After KATHARINE has attained the age of thirty (30), the Trustees may from time to time distribute to KATHARINE such portions of the principal (including any

accumulated income added thereto) as the Trustees may determine, in their discretion, pursuant to the provisions of Section 4 below.

(c) __Right of Withdrawal__. Any direct, indirect or deemed transfer to this trust, whether in cash or other property, which is treated as a gift for federal gift tax purposes, shall be subject to a right of withdrawal by KATHARINE in accordance with the following provisions. The maximum amount of any said transfer to this trust which may be withdrawn in any given calendar year shall be an amount which is the greater of Twenty Thousand Dollars ($20,000.00) or the amount of the gift tax annual exclusion under Sections 2503(b) and 2513 of the Internal Revenue Code of 1954, as amended, or such similar Code provision that may hereafter provide for a gift tax annual exclusion. Immediately after the creation of this trust and immediately after any addition or transfer is made to this trust, the Trustees shall notify KATHARINE in writing of the amount placed in or added to the trust and shall advise KATHARINE of her right of withdrawal. If KATHARINE is a minor or is otherwise under any legal disability, this notification shall be given to her legal guardian. Upon receipt of any such notification from the Trustees, KATHARINE shall have a period of forty-five (45) days thereafter in which to withdraw the amount contributed to this trust, subject to the annual withdrawal limitations hereinabove set forth. If KATHARINE is a minor or is otherwise under any legal disability, her power of withdrawal may be exercised by her legal guardian. To exercise the power of withdrawal provided for herein, KATHARINE or her legal guardian, as the case may be, must send a written notice to the Trustees within forty-five (45) days after receipt of the notification from the Trustees that an amount has been placed in or added to this trust. If the power

to withdraw is not exercised within said forty-five (45) day period, it shall automatically lapse, and the amount contributed to the trust shall no longer be subject to a right to withdraw.

(d) <u>Termination of Trust</u>. When KATHARINE attains the age of thirty-five (35) years (which occurrence is referred to as the "termination date"), all the assets then in the trust shall be distributed outright to her; however, if within thirty (30) days after KATHARINE attains the age of thirty-five (35) years, she shall request in writing the Trustees to do so, the Trustees shall continue this trust until she attains the age of forty-five (45) years (which occurrence shall thereupon become the "termination date").

(e) <u>Distribution at Death</u>. Upon the death of KATHERINE prior to the termination date, the assets then remaining in the trust estate shall be distributed outright per stirpes to KATHARINE'S then living descendants, and if KATHARINE has no then living descendants, said assets shall be held and/or disposed of as provided in Section 3. However, if a descendant of Grantors shall become entitled to the outright distribution of property under the provisions of this Section 1(e), Section 2(c), or Section 3, at a time when such person is less than thirty-five (35) years of age, the property shall not be distributed outright to such person but shall be retained by the Trustees hereunder in trust for such person's primary benefit, all as provided in Section 2.

2. <u>Trust for Descendants of Grantors Less than Thirty-Five (35) Years of Age</u>. All assets directed to be held in trust for the primary benefit of a descendant of Grantors who is less than thirty-five (35) years of age, shall be held as follows:

(a) <u>Income and Principal</u>. The Trustees may pay for the benefit of such person from the trust held for such person's primary benefit such portions of the income [after such

person has attained the age of twenty-one (21)] and such portions of the principal [after such person has attached the age of thirty (30)] as the Trustees may determine, pursuant to the provisions of Section 4 below.

(b) <u>Principal at Age Thirty-Five (35)</u>. When any such person, for whose primary benefit property is held in trust hereunder, shall attain the age of thirty-five (35) years, all of the assets remaining in such trust shall be distributed outright to such person.

(c) <u>Distribution at Death</u>. Upon the death of any such person for whose primary benefit property is held in trust hereunder, before attaining the age of thirty-five (35) years, all of the assets remaining in such trust shall be distributed outright <u>per stirpes</u> to such person's then living descendants; in default thereof such assets shall be held and/or distributed as provided in Section 3 below.

(d) <u>Trustees' Discretion Re: Generation-Skipping Transfer</u>. Notwithstanding any other provisions contained in this Trust Agreement, if the Trustees determine that property directed to be held hereunder in trust for the benefit of a person under the age of thirty-five (35) years may, solely on account of the interposition of a trust for the benefit of such beneficiary, cause property distributed from such trust to such beneficiary to be treated as a generation-skipping transfer under Section 2611 of the Internal Revenue Code of 1986, the Trustees are authorized to distribute such property outright to such beneficiary, or the guardian of his or her estate.

3. <u>Distribution to Others</u>. In various provisions of this instrument, the Grantors have directed that assets be held and/or distributed as provided in this Section 3. Upon the happening of the contingency which conditions the disposition of such assets as provided in this Section 3, all such assets shall be held and/or distributed to those persons who would take such

share of this trust (be it KATHARINE'S share or the share of any
descendant of KATHARINE, pursuant to Sections 1(e) and 2) under
the laws of intestate succession then in effect in the State of
Florida.

    4. <u>Standards Governing Discretionary Distribut-
ions</u>. In this instrument, the Grantors have authorized certain
discretionary payments of principal to be made to or for the
benefit of designated persons pursuant to Sections 1.(b) and
2.(a) hereof and this Section 4.  The Trustees may make such
discretionary distributions at such times and in such amounts as
in the discretion of the Trustees shall be necessary or
appropriate for the health, support and education of such persons
at their accustomed standard of living.  The Grantors' intention
is that such distributions shall not be limited to supplying
necessities for such persons, but shall maintain them liberally
according to their accustomed standard of living, account being
taken of their possible desire for travel, owning a home and all
other reasonable desires not clearly out of line with their
accustomed standard of living.  In addition, there may be paid to
or for the benefit of such persons in order to permit them to
enter into or continue in business or professional ventures such
portions of principal as the Trustees in their discretion may
from time to time determine.  However, the Trustees, based upon
information reasonably available to them, shall make such
distributions to any such person for the purposes set forth above
only to the extent such person's income, and funds available from
others obligated to furnish funds for such purposes, are
insufficient in his opinion for such purposes.

    Notwithstanding any of the provisions of this
instrument, as long as either of the Grantors is living, all
discretionary distributions of principal to or for the benefit of

any person authorized to receive such distributions, shall be limited to such distributions as the Trustees deem reasonably required for the health, support and education of such person.

5. **Trustees**. The Grantors appoint MICHAEL MATHIAS and STACEY MATHIAS, his wife, as Trustees under this instrument. In the event one of the Trustees shall fail to serve for any reason, the remaining Trustee shall serve as sole Trustee. In the event both original Trustees fail to serve, then the Grantors designate —dur ergr ⅃ Frcw ⅃ to serve as successor Trustee.

6. **Trustees' Duties and Powers**. All the trusts hereunder shall be held subject to the following terms and conditions, and the Trustees shall have, in addition to any other powers granted to the Trustees by law, the following powers:

(a) **Investments**. The Trustees shall have power to improve, lease for any term or perpetually, rent, sell, exchange, grant and exercise options to buy, any property at any time held hereunder; to invest and reinvest the trust estate in such property, real, tangible or intangible, wheresoever situated or of whatsoever character, as the Trustees in their sole and absolute discretion deem proper, including investments in securities of foreign governments and companies or other entities organized under the laws of foreign countries, and to retain as a proper investment any such property; and to exercise the powers granted in this paragraph (a) without being limited by any statute or judicial decision, whenever enacted or announced, imposing requirements as to assets in which investments may be made or the retention or diversification of investments. The foregoing powers shall include (without limitation of those powers) the power to sell any trust assets to, and/or purchase assets from us, and issue of ours, and/or the estate of any such person, whether or not such person is then acting as a Trustee.

(b) <u>Accumulated Income</u>. Any accumulated income which shall not be paid to the beneficiaries hereunder by virtue of the provisions elsewhere contained herein may be added from time to time by the Trustees to the principal of the trust from which such income derived.

(c) <u>Borrowing</u>. The Trustees shall have power to borrow money for the benefit of any trust, and to pledge or mortgage any part or all of the trust estates as security therefor.

(d) <u>Claims</u>. The Trustees shall have power to arbitrate, defend, enforce, release, or settle any claim of or against any trust.

(e) <u>Voting; Reorganization</u>. The Trustees shall have power to vote, in person or by proxy, upon all securities held as a part of the trust estates; to exercise, buy or sell subscription and conversion rights and participate in reorganizations, recapitalizations, consolidations, mergers, exchanges, foreclosures, liquidations and creditors' and bondholders' agreements.

(f) <u>Apportionment to Income and Principal</u>. The Trustees shall have power to allocate receipts, disbursements, and losses to principal or to income, in accordance with generally accepted accounting practices.

(g) <u>Division and Distribution of Property in Kind</u>. In any cases in which the Trustees are required physically to divide property held in the trust estates into parts, shares or trusts, or to distribute the same, the Trustees may in their discretion make such division or distribution in kind or in money or partly in kind and partly in money, and may allocate dissimilar property and undivided interests in property to different parts, shares or trusts. If necessary to value property to be divided or distributed, it shall be valued at the

then current fair market value.  The provisions of this paragraph shall not apply to distributions pursuant to Section 1, paragraph (c).

(h)  <u>Assets May Be Held Collectively</u>.  All the assets held in trust for the primary benefit of any one person shall constitute a separate trust, and all such assets shall be administered and accounted for as a separate trust. Notwithstanding, however, all the assets in the several trusts may be held collectively for all the beneficiaries with no physical division thereof into trusts until such time as distribution is actually made by the Trustees.

(i)  <u>Nominee</u>.  The Trustees may take and hold all securities or other personal property in bearer form, in the name of the Trustees, or in the name of a nominee, with or without disclosing any fiduciary relationship, but the Trustees shall be liable for any wrongful act of their nominee with respect to such assets.

(j)  <u>Employment of Agents</u>.  The Trustees are authorized to employ and pay reasonable compensation to agents and attorneys.  The foregoing authority shall include, without limitation thereof, the power to authorize any person or persons to withdraw funds from any bank account maintained by the trusts and/or to have access to any safe deposit box maintained by the trusts.

(k)  <u>Instruments</u>.  The Trustees are authorized to execute and deliver all necessary or proper deeds or other instruments.

(l)  <u>Distribution to Minors and Incapacitated Persons</u>.  During the minority or incapacity of any beneficiary hereunder, the Trustees are authorized, in their discretion, to pay any sum distributable to such beneficiary, without liability to the Trustees, by paying the sum to such beneficiary or to any person whomsoever for the use and benefit of such beneficiary,

-8-

whether or not such person shall be the guardian of such beneficiary. The provisions of this paragraph shall not apply to distributions pursuant to Section 1, paragraph (c).

(m) <u>Nonliability of Purchasers and Lenders</u>. No purchaser from nor lender to the Trustees need see to the application of the purchase or loan money to the purposes of the trust estates, but the receipt of the Trustees shall be a complete discharge to any such person.

(n) <u>Books of Account</u>. The Trustees shall keep full books of account showing the condition of each trust, which shall be open at all reasonable times to the inspection of the respective beneficiaries of said trusts.

(o) <u>Holding and Transferring Real Estate</u>. The Trustees shall have power to take, hold and convey title to real estate or interests therein in the name of the Trustees or in the name of the nominee of the Trustees without disclosing the trusts; and in accepting title to the real estate neither the Trustees nor the nominee shall be held to have assumed the payment of any encumbrances thereon. All conveyances executed and delivered by the Trustees or the nominee shall be without covenants of warranty except as against their own acts.

(p) <u>Exculpatory Provision</u>. The Trustees shall not be personally liable upon any contract or indebtedness of or claims against said trust estates or upon a mortgage, trust deed, note or other instrument executed under the provisions hereof.

(q) <u>Protection on Distributions</u>. The Trustees shall be protected in continuing to make distributions of income or principal until the Trustees shall have actual knowledge of the happening of an event such as attainment of a certain age, death or other occurrence which would affect such distributions.

(r) <u>Nonliability of Successor Trustees for Acts of Predecessor</u>. Any successor Trustees may accept and rely upon any accounting made by or on behalf of any predecessor Trustees

-9-

hereunder, and any statement or representation made by any predecessor Trustees as to the assets comprising the trust estates or as to any other fact bearing upon the prior administration of the trusts. Successor Trustees shall not be liable for having accepted and relied upon such accounting, statement or representation if it is later proved to be incomplete, inaccurate or untrue. Successor Trustees shall not be liable for any act or omission of any other Trustees, nor have a duty to enforce any claims against any predecessor Trustees on account of any such act or omission.

(s) Protective Provision. No interest in income or principal shall be alienated, encumbered or otherwise disposed of by any beneficiary while in the possession and control of the Trustees, and if any beneficiary should attempt to alienate, encumber or dispose of all or part of the income or grants of principal before the same has been delivered by the Trustees, or if by reason of bankruptcy or insolvency or any attempted execution, levy, attachment or seizure of any assets remaining in the hands of the Trustees under claims of creditors or otherwise, all or any part of such income or principal might fail to be enjoyed personally by any beneficiary or might vest in or be enjoyed by some other person, then such interest shall terminate. Thereafter, the Trustees may pay to or for the benefit of such beneficiary and/or her descendants such income or principal comprising such interest as the Trustees in their discretion shall deem proper until such beneficiary dies. Thereupon, the trust estates or part affected shall be held or distributed as provided for disposition upon the death of such beneficiary; if not provided, distribution shall be to such persons as would take and in the proportions they would take such beneficiary's estate under the Florida laws of descent and distribution then in effect. The provisions of this paragraph shall not apply to the provisions of Section 1, paragraph (c).

(t)   <u>Anti-Perpetuities   Clause</u>.   This   instrument
shall   not   be   construed   as   postponing   the   distribution   of   any
trust   hereunder   beyond   the   period   of   twenty-one   (21)   years   less
one   day   from   the   date   of   the   death   of   the   last   survivor   of   us   and
our   descendants   presently   in   being.   Upon   the   expiration   of   such
period,   the   assets   of   each   trust   then   being   held   hereunder   shall
be   paid   to   its   current   income   beneficiary,   or   to   the   person   who
would   have   been   such   beneficiary   except   for   the   operation   of   the
immediately   preceding   Section   6,   paragraph   (s).

7.   <u>Add Property; Trust is Irrevocable</u>.   The   Grantors
reserve   the   right,   for   ourselves   and   other   persons,   to   add   other
property   to   this   trust   by   making   lifetime,   testamentary   or   other
transfers   of   property   to   the   Trustees.   The   Grantors   reserve   no
right   to   amend   or   revoke   this   instrument.

8.   <u>Florida Law Controls</u>.   The   validity,   effect,   and
interpretation   of   this   instrument   and   of   the   property   interests
herein   created   shall   be   controlled   by   the   laws   of   the   State   of
Florida.

9.   <u>Definitions</u>.   Where   necessary   or   appropriate   to   the
meaning   hereof,   the   masculine   shall   be   deemed   to   include   the
feminine   and   neuter,   and   vice   versa.   "Descendants"   and   words   of
similar   purport   shall   include   any   child   adopted   by   KATHERINE   but
no   other   persons   who   are   adopted.   A   person   in   gestation,   which
person   is   later   born   alive,   shall   be   regarded   in   this   instrument
as   a   person   in   being   during   the   period   of   gestation.

10.   <u>Non-Productive or Underproductive Property</u>.   The
Trustees   are   authorized   to   hold   underproductive   assets   that   are
part   of   the   trust   estate,   including   the   original   principal   of   the
trust,   and   to   pay   the   cost   of   carrying   that   property   from   income.
No   distributions   are   to   be   made   in   lieu   of   income   from   that
property,   no   income   is   to   be   charged   against   the   proceeds   of   that
property   and   all   net   proceeds   are   to   be   treated   as   principal.   In
addition,   the   Trustees   are   authorized   to   place   any   part   or   all   of

the property of the trust in cash or underproductive real or underproductive personal property, and to retain that property for whatever period the Trustees shall think best. The cost of carrying that property may be paid from income or principal in the discretion of the Trustees. No distributions are to be made in lieu of income from that property, no income is to be charged against the proceeds of that property and all net proceeds are to be treated as principal. The application of Section 738.12, Florida Statutes, is hereby specifically waived.

11. <u>Counterparts</u>. This Trust Agreement may be executed in multiple counterparts, any one of which shall be considered an original.

IN WITNESS WHEREOF, the parties hereto have signed their names to this Trust Agreement on the day and year first above written.

Signed, sealed and delivered in the presence of:

_____ (SEAL)
ELBERT BROWN

As to Elbert Brown

_____ (SEAL)
VIOLA BROWN

As to Viola Brown

GRANTORS

_____ (SEAL)
MICHAEL MATHIAS

As to Michael Mathias

_____ (SEAL)
STACEY MATHIAS

As to Stacey Mathias

TRUSTEES

STATE OF FLORIDA      )
                      :SS.
COUNTY OF PALM BEACH  )

BEFORE ME, the undersigned authority, personally appeared ELBERT BROWN and VIOLA BROWN, his wife, as Grantors, to me well known and known to me to be the individuals described in and who executed the foregoing instrument, and acknowledged before me that they executed the same for the purposes therein described.

-12-

WITNESS my hand and official seal this 27th day of
_____, 1988.

Notary Public

(NOTARY SEAL)

> SUSAN H. STAS
> My Commission Exp. 4-17-92
> Notary Public, State of Florida

My Commission Expires:

> SUSAN H. STAS
> My Commission Exp. 4-17-92
> Notary Public, State of Florida

STATE OF _Florida_ )
                    :SS.
COUNTY OF _Maden_   )

BEFORE ME, the undersigned authority, personally appeared
MICHAEL MATHIAS and STACEY MATHIAS, his wife, as Trustees, to me
well known and known to me to be the individuals described in and
who executed the foregoing instrument, and acknowledged before me
that they executed the same for the purposes therein described.

WITNESS my hand and official seal this 27 day of
_December_, 1988.

Notary Public

(NOTARY SEAL)

My Commission Expires:

> NOTARY PUBLIC STATE OF FLORIDA
> MY COMMISSION EXP OCT 20,1989
> BONDED THRU GENERAL INS. UND

-13-

## SCHEDULE "A"

$20,000.00 by check dated December _____, 1988.





**Brown Paper Company**
67 Holly Hill Lane
Greenwich, Connecticut 06830

RETURN RECEIPT REQUESTED

Irving H. Picard, Esq.
Trustee for Bernard L. Madoff
Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201