22 December 2009

Mr. Irving H. Picard
Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC
c/o Baker and Hostetler LLP
Attn: Claims Department
45 Rockefeller Plaza
New York
New York 10111
United States

Clerk of the United States Bankruptcy Court for
The Southern District of New York
One Bowling Green
New York
New York 10004
United States



## Opposition

### Against the Notice of Trustee's Determination of my Claim No 001225 dated 8 December 2009

I disagree with the determination made. I am referencing Bankruptcy Case No. 08-1789 (BRL). The grounds of my disagreement are as follows:

I understand that the definition of an "account" under SIPC regulations can be subject to the discretion of the Trustee in cases where there is any complexity such as feeder funds, joint accounts, and trustee accounts. From the Notice I understand that the BLMIS Trustee has currently decided that the definition of "customer" for purposes of recovering under SIPA remains limited to persons or entities that made a "direct" investment with BLMIS. Thus, those who invested in BLMIS indirectly through a fund or feeder fund do not technically, under interpretation of the BLMIS Trustee, qualify as customers. The conclusion and interpretation made by the Trustee in the Notice sent to me on 8 December 2009 is unfair and does not follow the original idea under which SIPA, The Securities Investor Protection Act, was passed. SIPA was passed to give investors special protection against broker theft, assuring them that they would be insured by SIPC for up to $500,000, at the present time, if their broker stole their securities or their money. When SIPA was enacted in 1970 it was clearly Congress' intent to protect all investors from losing 100% of their investment in fraudulent investment schemes run by brokerages supervised by the Securities and Exchange Commission („SEC"). It was clearly not Congress' intent to discriminate between indirect and direct investors. Mr. Picard is now trying to interpret the statutory definition of the „customer" not in harmony with the spirit of the law but in such a way that the indirect customers are excluded and no attention is called to the fact that indirect investors were under „substance over form" rule the investors and customers of BLMIS as well. It would be a ridiculous interpretation that those who invested in BLMIS indirectly through a fund or feeder fund would not technically qualify as customers.

Therefore the SIPA's definition, under the Trusttee's interpretation, of a customer should be consistent with Congress's 1970 intention to provide a „safety net" for all investors who placed their money with US brokerage firms that later turned out to be engaged in fraudulent activities or otherwise failed and

SIPC should provide equal financial relief for all indirect and direct investor victims whose funds were stolen by BLMIS.

BLMIS operated under the regulatory authority of the SEC. A major reason for the magnitude of the Madoff Ponzi scheme is the collective failure, negligence, ineptitude and incompetence of the SEC, the FINRA and SIPC. The SEC and other regulatory agencies had not adequately carried out their responsibilities and they enabled the gigantic Madoff Ponzi scheme to happen. Therefore SEC and SIPC should accept at least partial responsibility for these travesties and should confirm the equality between indirect and direct investors and should force the interpretations of SIPA as intended by Congress. To conclude, the BLMIS Trustee should not be allowed to "make up the rules" and the interpretation of the customer should include the indirect customers as well.

Based on the above mentioned my claim should not be denied under the fact that I did not have an account with BLMIS and I was not a direct customer of BLMIS. If this interpretation of SIPA is made possible I will lose confidence in the US securities markets, fairness of the US legal system and absence of responsibility of the US Government and its agencies to overtake responsibility for its failures.

I do not attach copies of any documents supporting my position as long as all the documents have been already filed together with my original claim.

Regards,

Dana Trezziová

Nad Truhlárnou 531, 252 31  Všenory, Czech Republic

dana@trezzi.cz




PRK bv VTS s.r.o.
Jáchymova 26/2
110 00 Praha 1
Tel: 226 222 223  Fax: 224 235 450
E-mail: tax@prkpartners.com
IČ: 272 44 784

DOPORUČENĚ
RECOMMANDÉ

PRIORITAIRE

CLERK OF THE UNITED STATES BANKRUPTCY C
THE SOUTHERN DISTRICT OF NEW YORK
ONE BOWLING GREEN
NEW YORK 10004
UNITED STATES



110 01 PRAHA 01
RL393194097
22.12.09  251 758  0.030kg
57.00 BEZH
ČESKÁ REPUBLIKA

DEC 29 2009

TAX 9828C