DEWEY & LeBOEUF LLP
1301 Avenue of the Americas
New York, NY 10019-6092
Telephone: (212) 259-8000
Facsimile: (212) 259-6333
Seth C. Farber (sfarber@deweyleboeuf.com)
Kelly A. Librera (klibrera@deweyleboeuf.com)

*Attorneys for Diana P. Victor, Ariana Victor, Justin Victor Baadarani, Shoshanna Remark Victor and Leila Victor Baadarani*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SECURITIES INVESTOR                          :
PROTECTION CORPORATION,
                                             :
            Plaintiff-Appellant,
                                             :   SIPA Liquidation
                                             :   (Substantively Consolidated)
        v.                                       Adv. Pro. No. 08-01789
                                             :
BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,                              :   **OBJECTION TO TRUSTEE'S**
                                                 **DETERMINATION OF CLAIM**
            Defendants.                      :
                                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                             :
In re:                                       :

BERNARD L. MADOFF,                           :
                                             :
            Debtor.                          :
                                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


        Diana P. Victor, Ariana Victor, Justin Victor Baadarani, Shoshanna Remark Victor and

Leila Victor Baadarani (the "Investors") hereby object to the Trustee's Determination of Claim

dated December 2 2008 (the "Determination Letter") and state as follows:

## Background Facts

1.      Diana P. Victor made an initial deposit into account number 1-ZA-126-30, held by Bernard L. Madoff Investment Securities LLC ("BLMIS"), on December 3, 1992.

2.      On December 7, 2003, Diana P. Victor entered into Nominee Agreements with Stephanie Gail Victor, as trustee of the Ariana Victor 2003 Trust and Shoshanna Remark Victor 2001 Trust, respectively, and Rebecca Victor Baadarani, as trustee of the Justin Victor Baadarani 1998 Trust and Leila Victor Baadarani 2000 Trust, respectively.  These Agreements provide that property of the Trusts (the "Property") would be invested into Account 1-ZA-126-30 at Bernard L. Madoff Investment Securities, LLP because of the "superior investment history" of the account.  Copies of the Nominee Agreements are attached as Exhibit A.

3.      The Investors entered into the Nominee Agreements so that each of the Investors could deposit cash with BLMIS which would be used to purchase securities on their behalf.

4.      Beginning in January 2004 and continuing through March 2008, the Investors did deposit cash into Account Number 1-ZA-126-30 to be used for securities purchases.

5.      On February 28, 2009, the Investors filed a claim ("Claim") with the Securities Investor Protection Corporation ("SIPC") in the amount of $1,930,473.39.  A copy of the Claim is attached as Exhibit B.

2

6.     On September 19, 2009, the Trustee determined the Claim in the amount of $702,639.    However, that determination reflected an erroneous $10,000 deduction based on the Trustee's belief that Diana P. Victor had cashed a BLMIS check dated December 10, 2008.    The Trustee subsequently corrected his calculations and issued a revised determination, the "Determination Letter," allowing the claim for $712,639 on December 2, 2009. The Determination Letter is attached as Exhibit C.

7.     The Determination Letter did not address whether Ariana Victor, Shoshanna Remark Victor, Justin Victor Baadarani or Leila Victor Baadarani were "customers" under the Securities Investor Protection Act ("SIPA") and instead was directed only to Diana P. Victor.

8.     On December 22, 2009, SIPC sent a check to Diana P. Victor in the amount of $500,000. None of the other Investors received SIPC funds.

**Ground For Objection: The Investors Are Each "Customers" Under SIPA**

9.     Each of the Investors is a "customer" under the plain definition of "customer" in SIPA.  Under SIPA, the term "customer" includes any person "who has deposited cash with the debtor for the purpose of purchasing securities."  15 U.S.C. § 78 lll(2); *see also Rosenman Family LLC v. Picard*, 401 B.R. 629, 635 (Bankr. S.D.N.Y. 2009) ("the mere act of entrusting cash to the debtor for the purpose of effecting securities transactions triggers customer status").

10.     Whether a claimant is a "customer" does not depend upon to whom he or she handed her cash or made her check payable, or even where the funds were initially deposited. *In re Old Naples Securities, Inc.*, 223 F.3d 1296, 1302-1303

(11th Cir. 2000). Instead, the determination hinges upon whether there was "actual receipt, acquisition or possession of the property of a claimant by the brokerage firm under liquidation." *Id.* Here, the Investors can show that there was "actual receipt, acquisition or possession" of their property by BLMIS.

11.    Moreover, because "SIPA is remedial legislation," "it should be construed liberally to affect its purpose," *Tcherepin v. Knight*, 389 U.S. 332 (1967), of "provid[ing] protection for investors if the broker-dealer with whom they are doing business encounters financial troubles." H.R. Rep. No. 91-1613 at 1 (1970) as reprinted in 1970 U.S.C.C.A.N. 5254, 5255. Thus, the definition of "customer" should be construed liberally in favor of the Investors here.

12.    Accordingly, for the foregoing reasons, the Investors are each "customers" under SIPA, entitled to up to $500,000 in SIPC funds.

## Reservation of Rights

13.    The Investors hereby reserve all rights with respect to the Claim and further reserve all rights to amend or supplement this Objection or file a reply to any response to this Objection that is filed.

Dated: December 31, 2009
       New York, New York

Respectfully submitted,

DEWEY & LeBOEUF LLP

By: _Kelly Ahbrer_
    Seth C. Garber
    Kelly A. Librera
    1301 Avenue of the Americas
    New York, NY 10019-6092
    Telephone: (212) 259-8000
    Facsimile: (212) 259-6333
    *Attorneys for Diana P. Victor, Ariana Victor,*
    *Justin Victor Baadarani, Shoshanna Remark*
    *Victor and Leila Victor Baadarani*

4

EXHIBIT A

## CUSTOMER CLAIM

Claim Number_____

Date Received_____

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

### DECEMBER 11, 2008

Irving H. Picard, Esq.
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

Provide your office and home telephone no.

OFFICE: 212-994-8455 x223

HOME: 646-732-3519

Taxpayer I.D. Number (Social Security No.)

089 60 5283 - Diana Victor, Beneficiary

114 92 9034 - Ariana Victor, Beneficiary

132 86 3710 - Justin Victor Baadarani, Beneficiary

218 59 5098 - Shoshanna Remark Victor, Beneficiary

062 90 8797 - Leila Victor Baadarani, Beneficiary

Account Number:    1ZA126

DIANA P VICTOR
10 W 15TH STREET APT 407
NEW YORK, NY 10011

(If incorrect, please change)

**NOTE:**    BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY THE ACCOMPANYING INSTRUCTION SHEET. A SEPARATE CLAIM FORM SHOULD BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL PROTECTION AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE RECEIVED BY THE TRUSTEE ON OR BEFORE March 4, 2009. CLAIMS RECEIVED AFTER THAT DATE, BUT ON OR BEFORE July 2, 2009, WILL BE SUBJECT TO DELAYED PROCESSING AND TO BEING SATISFIED ON TERMS LESS FAVORABLE TO THE CLAIMANT. PLEASE SEND YOUR CLAIM FORM BY CERTIFIED MAIL - RETURN RECEIPT REQUESTED.

*************************************************************************

1.    Claim for money balances as of **December 11, 2008** :
    a.    The Broker owes me a Credit (Cr.) Balance of        $_____
    b.    I owe the Broker a Debit (Dr.) Balance of          $_____

502180406                                1

c.    If you wish to repay the Debit Balance,

please insert the amount you wish to repay and

attach a check payable to "Irving H. Picard, Esq.,

Trustee for Bernard L. Madoff Investment Securities LLC."

If you wish to make a payment, **It must be enclosed**

with this claim form.                                                    $ _____

d.    If balance is zero, insert "None."                              _None_____

2.    Claim for securities as of **December 11, 2008**:

**PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.**

|  |  | YES | NO |
|---|---|---|---|
| a. | The Broker owes me securities | X | |
| b. | I owe the Broker securities | | X |

c.    If yes to either, please list below:

| Date of Transaction (trade date) | Name of Security | Number of Shares or Face Amount of Bonds | |
|---|---|---|---|
| | | The Broker Owes Me (Long) | I Owe the Broker (Short) |

Based on the attached Nov. 30, 2008 statements, we believe we had a net long position of $2,026,003.39, as reflected on pages 5 and 1 of the 1-ZA126-3-0 and 1-ZA126-4-0 statements, respectively, and a net short position of $95,530, as reflected on page 1 of the 1-ZA126-4-0 statement, for a net position of $1,930,473.39. For the names of securities please see the attached Nov. 30, 2008 statements. Per the terms of the attached Nominee Agreements dated December 7, 2003, there are five (5) beneficiaries to this account. Accordingly, we believe each beneficiary's interest in the account should be treated as a separate account for SIPC purposes.

**Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclose, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation. You should also provide all documentation or**

information regarding any withdrawals you have ever made or payments received from the Debtor.

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement. If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.

**PLEASE CHECK THE APPROPRIATE ANSWER FOR ITEMS 3 THROUGH 9.**

**NOTE:    IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION ON A SIGNED ATTACHMENT. IF SUFFICIENT DETAILS ARE NOT PROVIDED, THIS CLAIM FORM WILL BE RETURNED FOR YOUR COMPLETION.**

|  |  | YES | NO |
|---|---|---|---|
| 3. | Has there been any change in your account since December 11, 2008? If so, please explain. | X * | |
| 4. | Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of the broker? | | X |
| 5. | Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or policies of the broker? | | X |
| 6. | Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in any way with the broker? If so, give name(s) | | X |
| 7. | Is this claim being filed by or on behalf of a broker or dealer or a bank? If so, provide documentation with respect to each public customer on whose behalf you are claiming. | | X |
| 8. | Have you ever given any discretionary authority to any person to execute securities transactions with or through the broker on your behalf? Give names, addresses and phone numbers. | | X |

*(handwritten)* ⊛ I received a check in the amount of $10,000 (copy enclosed) which was issued on Dec. 10, '08. I did not cash the check because Madoff's assets were frozen, so no deduction is appropriate.

9.    Have you or any member of your family
      ever filed a claim under the Securities
      Investor Protection Act of 1970? if
      so, give name of that broker.                                    _____  .  X̶  _____

      Please list the full name and address of anyone assisting you in the
      preparation of this claim form: Seth C. Farber & Kelly A. Librera
      Dewey & LeBoeuf LLP, 1301 Ave. of the Americas, NY, NY 10019

If you cannot compute the amount of your claim, you may file an estimated claim. In that
case, please indicate your claim is an estimated claim.


**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM.
CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR
IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.**


**THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY
INFORMATION AND BELIEF.**

Date  2/28/09        Signature _____    Trustee for Beneficiary
                                                 Ariana Victor

Date  2/28/09        Signature _____    Trustee for Beneficiary Justin
                                                 Victor Boadarani

Date  2/28/09        Signature _____    Trustee for Beneficiary Sheshanna
                                                 Remark Victor

Date  2/28/09        Signature _____    Trustee for Beneficiary Leila Victor
                                                 Boadarani

Date  2/28/09        Signature _____    Beneficiary

(If ownership of the account is shared, all must sign above. Give each owner's name,
address, phone number, and extent of ownership on a signed separate sheet. If other
than a personal account, *e.g.*, corporate, trustee, custodian, etc., also state your capacity
and authority. Please supply the trust agreement or other proof of authority.)


**This customer claim form must be completed and mailed promptly,
together with supporting documentation, etc. to:**

Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

Diana P. Victor
1-ZA126-3, 1-ZA126-4
Shared Account Information

| Beneficiary Name | Address | Phone Number | Extent of Ownership |
|---|---|---|---|
| Diana Victor | 10 W. 15th Street<br>Apartment 407<br>New York, New York 10011 | 212-994-8455 ext. 223 | 55.5% |
| Ariana Victor | c/o Stephanie Gail Victor<br>444 East 82nd Street<br>Apartment 22B<br>New York, New York 10028 | 212-472-1545 | 9.25% |
| Shoshanna Remark Victor | c/o Stephanie Gail Victor<br>444 East 82nd Street<br>Apartment 22B<br>New York, New York 10028 | 212-472-1545 | 12.5% |
| Justin Victor Baadarani | c/o Rebecca Victor Baadarani<br>303 Prospect Avenue<br>Sea Cliff, New York 11579 | 516-759-0844 | 11.25% |
| Leila Victor Baadarani | c/o Rebecca Victor Baadarani<br>303 Prospect Avenue<br>Sea Cliff, New York 11579 | 516-759-0844 | 11.5% |

Diana Victor, Beneficiary

Stephanie Gail Victor, Trustee for Ariana Victor, Beneficiary

Stephanie Gail Victor, Trustee for Shoshanna Remark Victor, Beneficiary

Rebecca Victor Baadarani, Trustee for Justin Victor Baadarani, Beneficiary

Rebecca Victor Baadarani, Trustee for Leila Victor Baadarani, Beneficiary

EXHIBIT B

## NOMINEE AGREEMENT

THIS AGREEMENT made as of _Dec 7_, 2003 by and between REBECCA VICTOR BAADARANI, as trustee of the LEILA VICTOR BAADARANI 2000 TRUST (the "Trust") u/t/a (the "Trust Agreement") dated December 7, 2000, and DIANA VICTOR individually.

## W I T N E S S E T H

WHEREAS, all of the assets of the Trust (the "Property"), are owned by REBECCA VICTOR BAADARANI, as trustee of the Trust (the "Trustee"); and

WHEREAS, the Trustee has determined that it would be in the best interest of the Trust and its beneficiaries to invest the Property and any additions to the Property in Diana Victor's account 1-ZA-126-30 at Bernard I. Madoff Investment Securities, LLP (885 Third Ave., New York, NY 10022) (the "Fund") because of the Fund's superior investment history; and

WHEREAS, pursuant to the terms of the Trust Agreement, the Trustees have the power to invest the Property in the Fund; and

WHEREAS, the managers of the Fund do not permit new investment accounts in the Fund with less than $1 million; and

WHEREAS, the Property consists of less than $1 million; and

WHEREAS, DIANA VICTOR, individually, has an existing account ("Diana's Account") in the Fund; and

WHEREAS, in order to facilitate the investment of the Property in the Fund, the Trustee has decided to transfer legal title to the Property into the name of DIANA VICTOR, individually, as a nominee for the Trustee; and

WHEREAS, it is the intention of the parties that all rights and obligations accruing with respect to the Property shall inure to the benefit of, and bind, REBECCA VICTOR BAADARANI in her capacity as Trustee and not DIANA VICTOR, individually.

NOW, THEREFORE, it is agreed as follows:

1. DIANA VICTOR, individually, agrees to be the owner of record of the Property and any additions made to the Property after the date of this agreement.

2. DIANA VICTOR, individually, shall hold the Property and any additions made to the Property after the date of this Agreement for the sole, absolute and exclusive use and benefit of the Trust and its beneficiaries.

3. DIANA VICTOR, individually, shall maintain (or cause to be maintained) records showing the proportion of Diana's Account that consists of assets allocated to the Trust; specifically, she shall maintain (or cause to be maintained) a separate accounting for the Trust (the "Trust Account"), which accounting shall set forth the amount of the initial Property (a) increased by the amount of any additional contributions to the account made on the Trust's behalf and any net profits allocated to the Trust and (b) decreased by any distributions made in respect of the Trust and any losses allocated to the Trust.

4. DIANA VICTOR, individually, shall furnish (or cause to be furnished) to the Trust an Internal Revenue Service ("IRS") Form 1099 showing the tax attributes of Diana's Account allocable to the Trust Account each year.

5. DIANA VICTOR, individually, shall file (or cause to be filed) with the IRS a copy of the IRS Form 1099 she furnished (or caused to be furnished) to the Trust, along with an IRS Form 1096 each year, listing herself as "filer."

6. All rights and obligations accruing with respect to the Property and any additional contributions to the Property shall inure to the benefit of, and bind, the Trust.

7. The Trustee agrees to hold DIANA VICTOR, individually, harmless from and on account of any and all liability including all costs and expenses related thereto arising out of or related to her service as nominee under this Agreement.

8. This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, successors, assigns, executors and administrators and shall be construed in accordance with the laws of the state of New York.

9. Any action taken by DIANA VICTOR, individually, with respect to the Property or any additions to the Property shall be taken in accordance with the terms of the Nominee Agreement.

IN WITNESS WHEREOF, this Agreement has been duly executed this 7ᵗʰ day of December, 2003.

_____
REBECCA VICTOR BAADARANI, Trustee

_____
DIANA VICTOR, individually

## NOMINEE AGREEMENT

THIS AGREEMENT made as of _Dec. 7_, 2003 by and between REBECCA VICTOR BAADARANI, as trustee of the JUSTIN VICTOR BAADARANI 1998 TRUST (the "Trust") u/t/a (the "Trust Agreement") dated December 23, 1998, and DIANA VICTOR, individually.

## W I T N E S S E T H

WHEREAS, all of the assets of the Trust (the "Property"), are owned by REBECCA VICTOR BAADARANI, as trustee of the Trust (the "Trustee"); and

WHEREAS, the Trustee has determined that it would be in the best interest of the Trust and its beneficiaries to invest the Property and any additions to the Property in Diana Victor's account 1-ZA-126-30 at Bernard I. Madoff Investment Securities, LLP (885 Third Ave., New York, NY 10022) (the "Fund") because of the Fund's superior investment history; and

WHEREAS, pursuant to the terms of the Trust Agreement, the Trustees have the power to invest the Property in the Fund; and

WHEREAS, the managers of the Fund do not permit new investment accounts in the Fund with less than $1 million; and

WHEREAS, the Property consists of less than $1 million; and

WHEREAS, DIANA VICTOR, individually, has an existing account ("Diana's Account") in the Fund; and

WHEREAS, in order to facilitate the investment of the Property in the Fund, the Trustee has decided to transfer legal title to the Property into the name of DIANA VICTOR, individually, as a nominee for the Trustee; and

WHEREAS, it is the intention of the parties that all rights and obligations accruing with respect to the Property shall inure to the benefit of, and bind, REBECCA VICTOR BAADARANI in her capacity as Trustee and not DIANA VICTOR, individually.

NOW, THEREFORE, it is agreed as follows:

1. DIANA VICTOR, individually, agrees to be the owner of record of the Property and any additions made to the Property after the date of this agreement.

2. DIANA VICTOR, individually, shall hold the Property and any additions made to the Property after the date of this Agreement for the sole, absolute and exclusive use and benefit of the Trust and its beneficiaries.

3. DIANA VICTOR, individually, shall maintain (or cause to be maintained) records showing the proportion of Diana's Account that consists of assets allocated to the Trust; specifically, she shall maintain (or cause to be maintained) a separate accounting for the Trust (the "Trust Account"), which accounting shall set forth the amount of the initial Property (a) increased by the amount of any additional contributions to the account made on the Trust's behalf and any net profits allocated to the Trust and (b) decreased by any distributions made in respect of the Trust and any losses allocated to the Trust.

4. DIANA VICTOR, individually, shall furnish (or cause to be furnished) to the Trust an internal Revenue Service ("IRS") Form 1099 showing the tax attributes of Diana's Account allocable to the Trust Account each year.

5. DIANA VICTOR, individually, shall file (or cause to be filed) with the IRS a copy of the IRS Form 1099 she furnished (or caused to be furnished) to the Trust, along with an IRS Form 1096 each year, listing herself as "filer."

6. All rights and obligations accruing with respect to the Property and any additional contributions to the Property shall inure to the benefit of, and bind, the Trust.

7. The Trustee agrees to hold DIANA VICTOR, individually, harmless from and on account of any and all liability including all costs and expenses related thereto arising out of or related to her service as nominee under this Agreement.

8. This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, successors, assigns, executors and administrators and shall be construed in accordance with the laws of the state of New York.

9. Any action taken by DIANA VICTOR, individually, with respect to the Property or any additions to the Property shall be taken in accordance with the terms of the Nominee Agreement.

IN WITNESS WHEREOF, this Agreement has been duly executed this 7ᵗʰ day of December, 2003.

_Rebecca Victor Baadarani_
REBECCA VICTOR BAADARANI, Trustee

_Diana Victor_
DIANA VICTOR, individually

## NOMINEE AGREEMENT

THIS AGREEMENT made as of *Dec. 7*, 2003 by and between STEPHANIE GAIL VICTOR, as trustee of the SHOSHANA REMARK VICTOR 2001 TRUST (the "Trust") u/t/a (the "Trust Agreement") dated September 17, 2001, and DIANA VICTOR, individually.

## W I T N E S S E T H

WHEREAS, all of the assets of the Trust (the "Property"), are owned by STEPHANIE GAIL VICTOR, as trustee of the Trust (the "Trustee"); and

WHEREAS, the Trustee has determined that it would be in the best interest of the Trust and ts beneficiaries to invest the Property and any additions to the Property in Diana Victor's account 1-ZA-126-30 at Bernard I. Madoff Investment Securities, LLP (885 Third Ave., New York, NY 10022) (the "Fund") because of the Fund's superior investment history; and

WHEREAS, pursuant to the terms of the Trust Agreement, the Trustees have the power to invest the Property in the Fund; and

WHEREAS, the managers of the Fund do not permit new investment accounts in the Fund with less than $1 million; and

WHEREAS, the Property consists of less than $1 million; and

WHEREAS, DIANA VICTOR, individually, has an existing account ("Diana's Account") in the Fund; and

WHEREAS, in order to facilitate the investment of the Property in the Fund, the Trustee has decided to transfer legal title to the Property into the name of DIANA VICTOR, individually, as a nominee for the Trustee; and

WHEREAS, it is the intention of the parties that all rights and obligations accruing with respect to the Property shall inure to the benefit of, and bind, STEPHANIE GAIL VICTOR in her capacity as Trustee and not DIANA VICTOR, individually.

NOW, THEREFORE, it is agreed as follows:

1. DIANA VICTOR, individually, agrees to be the owner of record of the Property and any additions made to the Property after the date of this agreement.

2. DIANA VICTOR, individually, shall hold the Property and any additions made to the Property after the date of this Agreement for the sole, absolute and exclusive use and benefit of the Trust and its beneficiaries.

3. DIANA VICTOR, individually, shall maintain (or cause to be maintained) records showing the proportion of Diana's Account that consists of assets allocated to the

Trust; specifically, she shall maintain (or cause to be maintained) a separate accounting for the Trust (the "Trust Account"), which accounting shall set forth the amount of the initial Property (a) increased by the amount of any additional contributions to the account made on the Trust's behalf and any net profits allocated to the Trust and (b) decreased by any distributions made in respect of the Trust and any losses allocated to the Trust.

4.    DIANA VICTOR, individually, shall furnish (or cause to be furnished) to the Trust an Internal Revenue Service ("IRS") Form 1099 showing the tax attributes of Diana's Account allocable to the Trust Account each year.

5.    DIANA VICTOR, individually, shall file (or cause to be filed) with the IRS a copy of the IRS Form 1099 she furnished (or caused to be furnished) to the Trust, along with an IRS Form 1096 each year, listing herself as "filer."

6.    All rights and obligations accruing with respect to the Property and any additional contributions to the Property shall inure to the benefit of, and bind, the Trust.

7.    The Trustee agrees to hold DIANA VICTOR, individually, harmless from and on account of any and all liability including all costs and expenses related thereto arising out of or related to her service as nominee under this Agreement.

8.    This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, successors, assigns, executors and administrators and shall be construed in accordance with the laws of the state of New York.

9.    Any action taken by DIANA VICTOR, individually, with respect to the Property or any additions to the Property shall be taken in accordance with the terms of the Nominee Agreement.

IN WITNESS WHEREOF, this Agreement has been duly executed this 7th day of December, 2003.

_____
STEPHANIE GAIL VICTOR, Trustee

_____
DIANA VICTOR, individually

## NOMINEE AGREEMENT

THIS AGREEMENT made as of Dec. 7, 2003 by and between STEPHANIE GAIL VICTOR, as trustee of the ARIANA VICTOR 2003 TRUST (the "Trust") u/t/a (the "Trust Agreement") dated November 12, 2003, and DIANA VICTOR, individually.

## WITNESSETH

WHEREAS, all of the assets of the Trust (the "Property"), are owned by STEPHANIE GAIL VICTOR, as trustee of the Trust (the "Trustee"); and

WHEREAS, the Trustee has determined that it would be in the best interest of the Trust and its beneficiaries to invest the Property and any additions to the Property in Diana Victor's account 1-ZA-126-30 at Bernard I. Madoff Investment Securities, LLP (885 Third Ave., New York, NY 10022) (the "Fund") because of the Fund's superior investment history; and

WHEREAS, pursuant to the terms of the Trust Agreement, the Trustees have the power to invest the Property in the Fund; and

WHEREAS, the managers of the Fund do not permit new investment accounts in the Fund with less than $1 million; and

WHEREAS, the Property consists of less than $1 million; and

WHEREAS, DIANA VICTOR, individually, has an existing account ("Diana's Account") in the Fund; and

WHEREAS, in order to facilitate the investment of the Property in the Fund, the Trustee has decided to transfer legal title to the Property into the name of DIANA VICTOR, individually, as a nominee for the Trustee; and

WHEREAS, it is the intention of the parties that all rights and obligations accruing with respect to the Property shall inure to the benefit of, and bind, STEPHANIE GAIL VICTOR in her capacity as Trustee and not DIANA VICTOR, individually.

NOW THEREFORE, it is agreed as follows:

1. DIANA VICTOR, individually, agrees to be the owner of record of the Property and any additions made to the Property after the date of this agreement.

2. DIANA VICTOR, individually, shall hold the Property and any additions made to the Property after the date of this Agreement for the sole, absolute and exclusive use and benefit of the Trust and its beneficiaries.

3. DIANA VICTOR, individually, shall maintain (or cause to be maintained) records showing the proportion of Diana's Account that consists of assets allocated to the Trust; specifically, she shall maintain (or cause to be maintained) a separate accounting

for the Trust (the "Trust Account"), which accounting shall set forth the amount of the initial Property (a) increased by the amount of any additional contributions to the account made on the Trust's behalf and any net profits allocated to the Trust and (b) decreased by any distributions made in respect of the Trust and any losses allocated to the Trust.

4. DIANA VICTOR, individually, shall furnish (or cause to be furnished) to the Trust an Internal Revenue Service ("IRS") Form 1099 showing the tax attributes of Diana's Account allocable to the Trust Account each year.

5. DIANA VICTOR, individually, shall file (or cause to be filed) with the IRS a copy of the IRS Form 1099 she furnished (or caused to be furnished) to the Trust, along with an IRS Form 1096 each year, listing herself as "filer."

6. All rights and obligations accruing with respect to the Property and any additional contributions to the Property shall inure to the benefit of, and bind, the Trust.

7. The Trustee agrees to hold DIANA VICTOR, individually, harmless from and on account of any and all liability including all costs and expenses related thereto arising out of or related to her service as nominee under this Agreement.

8. This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, successors, assigns, executors and administrators and shall be construed in accordance with the laws of the state of New York.

9. Any action taken by DIANA VICTOR, individually, with respect to the Property or any additions to the Property shall be taken in accordance with the terms of the Nominee Agreement.

IN WITNESS WHEREOF, this Agreement has been duly executed this 7ª day of December , 2003.

_____
STEPHANIE GAIL VICTOR, Trustee

_____
DIANA VICTOR, individually

EXHIBIT C



## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

### DECEMBER 11, 2008[1]

### REVISED NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

December 2, 2009

Diana P. Victor
10 West 15th Street, Apt 407
New York, NY 10011

Dear Ms. Victor:

### PLEASE READ THIS NOTICE CAREFULLY.

    The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

    On September 19, 2009, the Trustee sent to you a Notice of Trustee's Determination of Claim, in which your claim was allowed in the amount of $702,639.00. Subsequent to your receipt of the Notice of Trustee's Determination, your representative, Ms. Kelly Librera of Dewey & LeBoeuf, informed the Trustee that you had received, but not cashed, a $10,000.00 check from BLMIS, dated December 10, 2008 ("uncashed $10,000.00 check"). Your representative requested that the amount of your allowed claim should be adjusted by giving your account credit for the uncashed $10,000.00 check. As a result of this information, the Trustee has made the following revised determination regarding your claim on BLMIS Account No. 1ZA126 designated as Claim Number 006047:

    Your claim for securities is **DENIED**.  No securities were ever purchased for your account.

---

[1] Section 78*lll*(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Sect on 78*lll*(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.



Your claim is **ALLOWED** for $712,639.00, which was the balance in your BLMIS Account on the Filing Date based on the amount of money you deposited with BLMIS for the purchase of securities, <u>less</u> subsequent withdrawals (see Table 1 attached hereto).

Your **ALLOWED CLAIM** of $712,639.00 will be satisfied in the following manner:

The enclosed **REVISED PARTIAL ASSIGNMENT AND RELEASE** must be executed, notarized and returned in the envelope provided herewith. In addition, the original uncashed $10,000.00 check must be returned in the envelope provided herewith. Upon receipt of the executed and notarized **REVISED PARTIAL ASSIGNMENT AND RELEASE**, as well as the original uncashed $10,000.00 check, the Trustee will make a partial satisfaction of your **ALLOWED CLAIM** by sending you a check in the amount of $500,000.00, with the funds being advanced by Securities Investor Protection Corporation pursuant to section 78fff-3(a)(1) of SIPA. In addition, you will be entitled to receive an additional distribution based upon your **ALLOWED CLAIM** from the fund of customer property, if any.

It is the Trustee's intent, pursuant to SIPA, to submit a Motion for an order of the Bankruptcy Court to allocate assets he has collected and will collect between the fund of customer property and the general estate and to distribute customer property *pro rata* among allowed claimants, such as you. In a decision in this case, <u>Rosenman Family, LLC v. Picard</u>, 401 B.R. 629, 634 (Bankr. S.D.N.Y. 2009), the Bankruptcy Court stated:

> The customer estate is a fund consisting of customer property and is limited exclusively to satisfying customer claims. <u>In re Adler Coleman Clearing Corp.</u> (Adler Coleman II), 216 B.R. 719, 722 (Bankr. S.D.N.Y. 1998) ("A SIPA trustee, distributes 'customer property' exclusively among the debtor's customers...."); <u>see also</u> 15 U.S.C. § 78*lll*(4). Accordingly, Customers, as defined by SIPA § 78*lll*(2), enjoy a preferred status and are afforded special protections under SIPA. <u>See New Times Securities</u>, 463 F.3d at 127; <u>Adler Coleman</u>, 195 B.R. at 269."

<u>Id.</u> at 634.

It is not known at this time when the Trustee will be filing such allocation and distribution motion.

**Should a final and unappealable court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by you in having your customer claim re-determined in accordance with any such Court order.**



**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after December 2, 2009, the date on which the Trustee mailed this notice.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York 10004

and

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10011

_Irving H. Picard_

Irving H. Picard

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

cc:    Seth C. Farber
Dewey & LeBoeuf LLP
1301 Avenue of the Americas
New York, NY 10019

Kelly A. Librera
Dewey & LeBoeuf LLP
1301 Avenue of the Americas
New York, NY 10019



| DATE | TRANSACTION DESCRIPTION | AMOUNT |
|---|---|---|
| 12/3/1992 | CHECK | $126,000.00 |
| 5/5/1993 | CHECK | $17,000.00 |
| 1/19/1994 | CHECK | $18,142.00 |
| 1/11/1995 | CHECK | $13,650.00 |
| 1/3/1996 | CHECK | $12,347.00 |
| 3/3/1997 | CHECK | $20,000.00 |
| 4/14/1998 | CHECK | $20,000.00 |
| 3/30/1999 | CHECK | $15,000.00 |
| 1/24/2000 | CHECK | $12,500.00 |
| 6/18/2001 | CHECK | $4,500.00 |
| 7/16/2001 | CHECK | $18,500.00 |
| 1/8/2002 | CHECK | $22,000.00 |
| 1/13/2003 | CHECK | $22,000.00 |
| 1/6/2004 | CHECK | $22,000.00 |
| 1/20/2004 | CHECK | $152,000.00 |
| 1/27/2004 | CHECK | $124,500.00 |
| 1/5/2005 | CHECK | $12,000.00 |
| 1/31/2005 | CHECK | $83,000.00 |
| 2/3/2005 | CHECK RETURNED | ($83,000.00) |
| 2/11/2005 | CHECK | $83,000.00 |
| 4/27/2005 | CHECK | $4,000.00 |
| 12/27/2005 | CHECK | $10,000.00 |
| 1/9/2006 | CHECK | $22,000.00 |
| 1/11/2006 | CHECK | $2,000.00 |
| 1/12/2006 | CHECK | $4,000.00 |
| 1/26/2006 | CHECK | $53,000.00 |
| 2/7/2006 | CHECK | $42,000.00 |
| 10/23/2006 | CHECK | $12,000.00 |
| 1/9/2007 | CHECK | $24,000.00 |
| 1/24/2007 | CHECK | $96,000.00 |
| 11/14/2007 | CHECK | $10,000.00 |
| 2/14/2008 | CHECK | $24,000.00 |
| 3/10/2008 | CHECK | $86,000.00 |
| **Total Deposits:** | | $1,104,139.00 |



| DATE | TRANSACTION DESCRIPTION | AMOUNT |
|---|---|---|
| 11/24/1993 | CHECK | ($3,500.00) |
| 4/6/1994 | CHECK | ($2,500.00) |
| 8/9/1994 | CHECK | ($2,000.00) |
| 10/24/1994 | CHECK | ($8,000.00) |
| 4/17/1995 | CHECK | ($3,000.00) |
| 6/22/1995 | CHECK | ($5,000.00) |
| 10/5/1995 | CHECK | ($3,000.00) |
| 4/11/1996 | CHECK | ($8,000.00) |
| 6/26/1996 | CHECK | ($5,000.00) |
| 9/12/1996 | CHECK | ($3,500.00) |
| 11/21/1996 | CHECK | ($6,000.00) |
| 11/26/1996 | STOP PAYMENT | $6,000.00 |
| 11/26/1996 | CHECK | ($6,000.00) |
| 2/21/1997 | CHECK | ($3,000.00) |
| 4/10/1997 | CHECK | ($7,500.00) |
| 6/9/1997 | CHECK | ($5,000.00) |
| 8/22/1997 | CHECK | ($6,000.00) |
| 12/18/1997 | CHECK | ($4,000.00) |
| 4/14/1998 | CHECK | ($8,000.00) |
| 6/10/1998 | CHECK | ($6,000.00) |
| 8/28/1998 | CHECK | ($7,000.00) |
| 12/15/1998 | CHECK | ($5,000.00) |
| 2/8/1999 | CHECK | ($4,000.00) |
| 3/29/1999 | CHECK | ($10,000.00) |
| 7/21/1999 | CHECK | ($6,000.00) |
| 9/14/1999 | CHECK | ($6,000.00) |
| 11/1/1999 | CHECK | ($30,000.00) |
| 12/17/1999 | CHECK | ($35,000.00) |
| 5/30/2000 | CHECK | ($5,000.00) |
| 6/30/2000 | CHECK | ($3,000.00) |
| 9/13/2000 | CHECK | ($7,000.00) |
| 1/11/2001 | CHECK | ($6,000.00) |
| 4/12/2002 | CHECK | ($5,500.00) |
| 1/6/2003 | CHECK | ($11,000.00) |
| 2/7/2003 | CHECK | ($2,500.00) |
| 3/12/2003 | CHECK | ($3,000.00) |
| 4/10/2003 | CHECK | ($5,500.00) |
| 6/16/2003 | CHECK | ($6,000.00) |
| 9/11/2003 | CHECK | ($6,000.00) |
| 2/23/2004 | CHECK | ($3,000.00) |
| 4/7/2004 | CHECK | ($6,000.00) |
| 5/12/2004 | CHECK | ($6,000.00) |
| 6/28/2004 | CHECK | ($5,000.00) |
| 9/22/2004 | CHECK | ($8,500.00) |

COPY

| | 4/6/2005 | CHECK | ($10,000.00) |
|---|---|---|---|
| | 4/12/2006 | CHECK | ($10,000.00) |
| | 4/11/2007 | CHECK | ($18,000.00) |
| | 5/4/2007 | CHECK | ($14,000.00) |
| | 8/31/2007 | CHECK | ($13,500.00) |
| | 4/3/2008 | CHECK | ($23,000.00) |
| | 6/11/2008 | CHECK | ($10,000.00) |
| | 9/9/2008 | CHECK | ($12,000.00) |
| **Total Withdrawals:** | | | ($391,500.00) |
| | | | |
| **Total deposits less withdrawals:** | | | $712,639.00 |



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES INVESTOR PROTECTION
CORPORATION,

        Plaintiff-Applicant,

        v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

        Defendant.

Adv. Pro. No. 08-01789-BRL

SIPA Liquidation

## REVISED PARTIAL ASSIGNMENT AND RELEASE

**KNOW ALL MEN BY THESE PRESENTS,** that Diana P. Victor, located at 10 West

15th Street, Apt 407, New York, NY, 10011 (hereinafter referred to as the "Assignor") in

consideration of the payment of $500,000.00 to satisfy in part her claim for customer protection

(the "Customer Claim", having been designated Claim #006047) filed in the liquidation

proceeding of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities

Investor Protection Act, 15 U.S.C. §78aaa et seq. ("SIPA") (see §§78fff-2(b), 78fff-2(d), and

§78fff-3(a)(1) of SIPA), does for herself hereby assign, transfer and set over to Irving H. Picard

as SIPA Trustee (the "SIPA Trustee") for the liquidation of BLMIS (see §78fff-2(b) of SIPA),

and the Securities Investor Protection Corporation ("SIPC"), as subrogee to the extent of its cash

advances to the SIPA Trustee for the satisfaction of the aforementioned Customer Claim (see

§78fff-3(a)(1) of SIPA), any and all rights, including causes of action or claims, that Assignor

now may have against BLMIS and/or any third party arising out of or relating to any fraudulent

or illegal activity with respect to Assignor's BLMIS account (Account No. 1ZA126, the "BLMIS

Account"), which gave rise to the allowed Customer Claim for securities filed by Assignor



against BLMIS.  Such assignment is only to the extent that Assignor has received satisfaction of

the Customer Claim as set forth above.

Further, Assignor has not previously compromised or assigned any claim, cause of action

or other right against BLMIS, its principals or agents or any third party arising out of or related

to any fraudulent or illegal activity giving rise to the Customer Claim.

Upon reasonable request of the SIPA Trustee or SIPC, Assignor agrees to cooperate with

the SIPA Trustee or SIPC in connection with any efforts of either to recover from the principals

or agents of BLMIS or anyone else for amounts advanced by SIPC or paid by the SIPA Trustee

to satisfy in part Assignor's Customer Claim in this SIPA liquidation proceeding.  Such efforts to

recover by the SIPA Trustee or SIPC, either to demand or pursue or to prosecute or settle any

collection effort, action or proceeding therefore, shall be at the sole cost of the SIPA Trustee or

SIPC.

Effective immediately and without further action, contingent only upon Assignor's receipt

from the SIPA Trustee or his agent of a check in the amount of $500,000.00 as set forth in the

SIPA Trustee's Revised Notice of Determination of the Customer Claim dated December 2,

2009, (the "Trustee's Revised Determination"), and upon receipt by the SIPA Trustee of this

executed and notarized Revised Partial Assignment and Release as well as the original uncashed

$10,000.00 check from BLMIS dated December 10, 2008, the Assignor does for Assignor's

executors, administrators, heirs and assigns hereby remise, release and forever discharge the

SIPA Trustee and SIPC, as subrogee to the extent of its cash advances for the satisfaction of the

Customer Claim, and, as the case may be, its officers, directors, professionals, employees,

agents, successors and assigns, of and from any and all claims arising out of or relating to the

Assignor's BLMIS Account, the Customer Claim filed with the SIPA Trustee as protected by the



provisions of SIPA, and any and all circumstances giving rise to said Customer Claim which the Assignor now has, or hereafter may have, for or by any reason, cause, matter or thing whatsoever from the beginning of the world to the date of the execution of this Revised Partial Assignment and Release, only to the extent that the SIPA Trustee and/or SIPC has paid monies to the Assignor to satisfy Assignor's Customer Claim.

Should a final and unappealable court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Revised Partial Assignment and Release shall be construed as a waiver of any rights or claims held by Assignor in having her customer claim re-determined in accordance with any such Court order.

Assignor acknowledges the sufficiency of the consideration to be received in accordance with the SIPA Trustee's Determination and under this Revised Partial Assignment and Release.

**IN WITNESS WHEREOF,** the undersigned has on this day set forth below duly executed this Revised Partial Assignment of Assignor's Customer Claim and Release, intending to be legally bound hereby.

By: _____
         Diana P. Victor

Sworn and subscribed before me this
_____ day of _____, 2009.

_____
    Notary Public

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
                                              SS.:
COUNTY OF NEW YORK  )

      RANDALL L. MORRISON, JR., being duly sworn, deposes and says:  I am not a party to the action, am over 18 years of age and am employed by the law firm of Dewey & LeBoeuf LLP.

      On the 31st day of December, 2009, I served the foregoing OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM by hand to the attorney listed below at his address designated for service of papers, as follows:

      David J. Sheehan, Esq.
      Baker & Hostetler LLP
      45 Rockefeller Plaza
      New York, NY 10111

                              RANDALL L. MORRISON, JR.
                              Lic. No. 1298239

Sworn to before me this
31st day of December, 2009

            NOTARY PUBLIC

CHRISTINA I. BELANGER
NOTARY PUBLIC, State of New York
No. 01BE-4845827
Qualified in Suffolk County
Certificate Filed in New York County
Commission Expires Sept. 30, 2013