Joan Gavin Ross, for
Joan G. Ross RO IRA
106 East Linden Avenue
Englewood, New Jersey 07631
201-568-6741

December 31, 2009

Clerk of the United States Bankruptcy Court for
The Southern District of New York
One Bowling Green
New York, New York 10004

Re: Bankruptcy Case No. 08-1789 (BRL)
Claim No. 013396

Dear Clerk of the Court:

On behalf of the Joan G. Ross RO IRA, I respectfully submit this letter as my formal opposition to the denial of Claim No. 013396 by Irving H. Picard, Trustee for the Liquidation of the Business of Bernard L. Madoff Investment Securities LLC. A copy of this denial is attached.

I believe the Madoff Trustee's restrictive, literal interpretation of "customer" under the Securities Investor Protection Act (SIPA), and his limiting relief only to *direct* customers of Bernard L. Madoff Investment Securities, fly in the face of Congressional intent, and should be rejected for a more equitable interpretation.

CONGRESSIONAL INTENT: The major intent of SIPA has always been and continues to be the restoration of investor confidence. Enacted in 1970 as an amendment to the Securities and Exchange Act of 1934, SIPA was passed in order to provide a safety net for all investors who placed their money with U.S. brokerage firms that later turned out to be engaged in fraudulent activities or otherwise failed. In urging passage of SIPA, Senator Edmund Muskie proclaimed, "...after this bill is enacted, no American will lose his savings through a brokerage firm bankruptcy." This intent is violated by denying relief to those thousands of investors who invested with Bernard Madoff through feeder funds, while at the same time providing relief to those investors who invested with Madoff directly. Such an interpretation of "customer" turns the meaning of SIPA on its head.

Admittedly, a less restrictive definition of "customer" -- to include indirect investors -- would mean a far greater workload for the Trustee, as well as an additional strain on SIPC resources. However, the intent of Congress in passing SIPA compels equitable treatment of Madoff's indirect investors (who often held smaller

accounts than direct investors) – particularly since virtually everyone agrees that the Securities and Exchange Commission's negligence contributed significantly to the longevity and scale of Madoff's fraud. There is no indication that Congress, in passing SIPA, was concerned about limiting the number of customers protected, because until a few months ago, the fee collected from members was a flat fee, with no relationship to revenue or the number of accounts held by a member firm.

Thank you very much for your consideration of this matter.

Respectfully submitted,

Joan Gavin Ross, for
Joan G. Ross RO IRA

cc:   Irving H. Picard, Trustee for the Business of
      Bernard L. Madoff Investment Securities LLC
      c/o Baker & Hostetler LLP
      Attn.: Claims Department
      45 Rockefeller Plaza
      New York, New York 10111