Burt Ross, Trustee
The Burt Lee Ross Trust
106 East Linden Avenue
Englewood, New Jersey 07631
201-568-6741

December 31, 2009

Clerk of the United States Bankruptcy Court for
The Southern District of New York
One Bowling Green
New York, New York 10004

RECEIVED
JAN - 4 2010
U.S. BANKRUPTCY COURT SDNY

Re:   Bankruptcy Case No. 08-1789 (BRL)
      Claim No. 014463

Dear Clerk of the Court:

On behalf of The Burt Lee Ross Trust, I respectfully submit this letter as my formal opposition to the denial of Claim No. 014463 by Irving H. Picard, Trustee for the Liquidation of the Business of Bernard L. Madoff Investment Securities LLC. A copy of this denial is attached.

I believe the Madoff Trustee's restrictive, literal interpretation of "customer" under the Securities Investor Protection Act (SIPA), and his limiting relief only to *direct* customers of Bernard L. Madoff Investment Securities, fly in the face of Congressional intent, and should be rejected for a more equitable interpretation.

CONGRESSIONAL INTENT: The major intent of SIPA has always been and continues to be the restoration of investor confidence. Enacted in 1970 as an amendment to the Securities and Exchange Act of 1934, SIPA was passed in order to provide a safety net for all investors who placed their money with U.S. brokerage firms that later turned out to be engaged in fraudulent activities or otherwise failed. In urging passage of SIPA, Senator Edmund Muskie proclaimed, "...after this bill is enacted, no American will lose his savings through a brokerage firm bankruptcy." This intent is violated by denying relief to those thousands of investors who invested with Bernard Madoff through feeder funds, while at the same time providing relief to those investors who invested with Madoff directly. Such an interpretation of "customer" turns the meaning of SIPA on its head.

Admittedly, a less restrictive definition of "customer" -- to include indirect investors -- would mean a far greater workload for the Trustee, as well as an additional strain on SIPC resources. However, the intent of Congress in passing SIPA compels equitable treatment of Madoff's indirect investors (who often held smaller

accounts than direct investors) – particularly since virtually everyone agrees that the Securities and Exchange Commission's negligence contributed significantly to the longevity and scale of Madoff's fraud. There is no indication that Congress, in passing SIPA, was concerned about limiting the number of customers protected, because until a few months ago, the fee collected from members was a flat fee, with no relationship to revenue or the number of accounts held by a member firm.

Thank you very much for your consideration of this matter.

Respectfully submitted,

Burt Ross, Trustee
The Burt Lee Ross Trust

cc:   Irving H. Picard, Trustee for the Business of
      Bernard L. Madoff Investment Securities LLC
      c/o Baker & Hostetler LLP
      Attn.: Claims Department
      45 Rockefeller Plaza
      New York, New York 10111

# BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

## DECEMBER 11, 2008[1]

## NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

December 8, 2009

THE BURT LEE ROSS TRUST
106 EAST LINDEN AVENUE
ENGLEWOOD, NJ 07631

Dear THE BURT LEE ROSS TRUST:

## PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim designated as Claim No. 014463:

Based on a review of available books and records of BLMIS by the Trustee's staff, you did not have an account with BLMIS. Because you did not have an account, you are not a customer of BLMIS under SIPA as that term is defined at 15 U.S.C. § 78lll (2). Accordingly, your Claim for securities and/or a credit balance is **DENIED**.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after December 8, 2009, the date on which the Trustee mailed this notice.

---

[1] Section 78lll(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78lll(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

> Clerk of the United States Bankruptcy Court for
> the Southern District of New York
> One Bowling Green
> New York, New York 10004

> and

> Irving H. Picard, Trustee
> c/o Baker & Hostetler LLP
> Attn: Claims Department
> 45 Rockefeller Plaza
> New York, New York 10111

*/s/ Irving H. Picard*

_____
**Irving H. Picard**

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC