JOSEPHINE WANG
General Counsel
KEVIN H. BELL
Senior Associate General Counsel
 for Dispute Resolution
CHRISTOPHER H. LAROSA
Associate General Counsel
SECURITIES INVESTOR
 PROTECTION CORPORATION
805 Fifteenth Street, N.W., Suite 800
Washington, DC 20005
Telephone: (202) 371-8300
E-Mail: jwang@sipc.org
kbell@sipc.org
clarosa@sipc.org

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | SIPA LIQUIDATION |
| Plaintiff, | Case No. 08-01789 (BRL) |
| | (Substantively Consolidated) |
| v. | |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | Appeal No. _____ |
| Defendant | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**RESPONSE OF THE**
**SECURITIES INVESTOR PROTECTION CORPORATION IN OPPOSITION TO**
**MOTION BY DIANE AND ROGER PESKIN AND MAUREEN EBEL**
<u>**FOR LEAVE TO APPEAL**</u>

## **TABLE OF CONTENTS**

**PAGE**

Table of Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

PRELIMINARY STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

COUNTERSTATEMENT OF THE ISSUE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF THE FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    The Peskins and Ms. Ebel. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    The Functions of Trustee and Counsel. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    The Applications for Compensation. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    The Objections of the Peskins and Ms. Ebel. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    THE MOVANTS HAVE SHOWN NO GROUNDS
    FOR AN IMMEDIATE APPEAL. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        1.  Applicable Law. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        2.  The Prerequisites for an Immediate Appeal Are Not Met. . . . . . . . . . . . . . 11

            A.  Movants Have Failed to Identify a "Controlling Question
                of Law"  As to Which There Is A "Substantial Ground
                For Difference of Opinion". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

            B.  Granting Movants Leave To Appeal Would Not Materially
                Advance The Termination Of Any Litigation Connected With
                the BMLIS Liquidation. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

CONCLUSION   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

# TABLE OF AUTHORITIES

**CASES:**                                                                                                    **PAGE**

In re Adorn Glass & Venetian Blind Corp.,
    2005 WL 3481325 (S.D.N.Y. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

In re Arochem Corp., 176 F.3d 610 (2d Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

In re Calpine Corp., 356 B.R. 585 (S.D.N.Y. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

In re Cross Media Marketing Corp., 2007
    WL 2743577 (S.D.N.Y. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 13

In re Enron Corp., 2006 WL 2548592 (S.D.N.Y. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9-11

In re Executive Securities Corp., 702 F.2d 406 (2d Cir.),
 cert. den., 464 U. S. 818 (1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

In re Flor, 79 F.3d 281 (2d Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10-11

Freeman v. NBC, Inc., 1993 WL 524858 (S.D.N.Y. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

In re Gault, 387 U.S. 1 (1967). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

In re Kassover, 343 F.3d 91 (2d Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave,
    921 F.2d 21 (2d Cir. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Koehler v. Bank of Bermuda, Ltd., 101 F.3d 863 (2d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . 11

In re Perry H. Koplik & Sons, Inc., 377 B.R. 69 (S.D.N.Y. 2007). . . . . . . . . . . . . . . . . . . . 9-11

In re Marketxt Holdings Corp., 2009 WL 1286130 (S.D.N.Y. 2009) . . . . . . . . . . . . . . . . . . . 10

SEC v. Albert & Maguire Sec. Co., Inc.,
    378 F.Supp. 906 (E.D. Pa. 1974). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

SEC v. Oxford Sec., Ltd., 486 F.2d 1396 (2d Cir. 1973). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Transport Workers Union of Am., Local 100, AFL-CIO v. N.Y.C. Transit Auth.,
    358 F.Supp.2d 347 (S.D.N.Y. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

In re Worldcom, Inc., 2009 WL 2215296 (S.D.N.Y. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . 8-10

In re Worldcom, Inc., 2006 WL 3592954 (S.D.N.Y. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

# TABLE OF AUTHORITIES

**STATUTES AND RULES:** **PAGE**

Securities Investor Protection Act, as amended (1981),
15 U.S.C. §

78eee(b)(2)(B)(i). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
78eee(b)(4). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
78eee(b)(5)(C) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 14
78eee(d). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
78fff-3(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
78lll(4). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Rules of the Securities Investor Protection Corporation, 17 C.F.R. §300.

100 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Federal Rules of Bankruptcy Procedure

2004 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16
8001(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
8003 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
9016 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

28 U.S.C. §

158(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
158(a)(3). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
1292(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

Federal Rules of Civil Procedure

45(c)(3). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

**PUBLICATIONS AND TREATIES**:

Alan N. Resnick, Henry J. Sommer,
  10 Collier on Bankruptcy (15th rev. ed. 2009).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**PRELIMINARY STATEMENT**

The Securities Investor Protection Corporation ("SIPC") submits this response in opposition to the motion of Diane and Roger Peskin ("Peskins") and Maureen Ebel ("Ms. Ebe;") (together with Peskins, "Movants") for leave to appeal from a Bankruptcy Court Order issued on December 17, 2009 awarding trustee and counsel compensation in the liquidation proceeding of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor") under the Securities Investor Protection Act, 15 U.S.C. §78aaa et seq. ("SIPA").[1]

**COUNTERSTATEMENT OF THE ISSUE**

Under SIPA §78eee(b)(5)(C), SIPC must file a recommendation with respect to any application for allowance of compensation in a SIPA liquidation proceeding. SIPA §78eee(b)(5)(C) also provides that in any case in which the allowances are to be paid by SIPC without reasonable expectation of recoupment and the amounts sought and recommended for payment are the same, the "court shall award the amounts recommended by SIPC." In the BLMIS liquidation proceeding, the trustee and counsel applied for interim compensation and SIPC recommended that their applications be allowed. The fees and costs would be paid out of funds provided by SIPC with no expectation of recoupment. The Bankruptcy Court granted the applications and in doing so, overruled an objection filed by the Movants. Movants filed a Notice of Appeal from the interlocutory Order and a request for leave to appeal, arguing that compensation should be denied because the Trustee allegedly had acted in bad faith in deciding claims that Movants had filed in the liquidation proceeding. Against this background, the issue presented is:

---

[1] For convenience, references hereinafter to provisions of SIPA shall omit "15 U.S.C."

Under SIPA §78eee(d), SIPC is "a party in interest as to all matters arising in a liquidation proceeding, with the right to be heard on all such matters...."

-2-

Where

>   (1) the Order of the lower Court is based firmly on a statute;
>   (2) the questions raised by Movants in seeking immediate review of the Order are of fact and not law;
>   (3) Movants should pursue their objections in an alternate forum previously established by the Bankruptcy Court but refuse to do so; and
>   (4) instead of materially advancing the termination of any litigation, granting Movants' motion will disrupt the administration of a liquidation proceeding and contravene the clear mandate of a statute,

whether Movants have met their burden of showing exceptional circumstances warranting an immediate appeal of the lower Court's Order.

SIPC respectfully submits that the answer is "no."

## STATEMENT OF FACTS

**The Peskins and Ms. Ebel**

The Peskins and Ms. Ebel are former customers of BLMIS who filed claims in the liquidation proceeding of BLMIS. The Trustee for the liquidation of the firm, Irving H. Picard, Esquire, allowed the claims of Ms. Ebel for a total of $3,639,264.61, and the claim of the Peskins for $2,310,191.25.[2] In partial satisfaction of their claims, with funds advanced by SIPC, the Trustee paid $1 million to Ms. Ebel, and $500,000 to the Peskins. The rest of their claims will be satisfied out of any customer property that the Trustee collects.

---

[2] The claims of customers are satisfied with customer property which generally is cash and securities received, acquired or held by the broker or dealer for the accounts of customers. SIPA §78lll(4). To the extent customer property is insufficient, SIPC advances funds for the satisfaction of customer claims. SIPA §78fff-3(a). The limit of protection is $500,000 per customer. Id. Ms. Ebel had two accounts at BLMIS – an individual and a trust account – held in different capacities. The Peskins had one account although they claim, as discussed infra, that they are entitled to an extra $500,000 of SIPC protection.

-3-

**The Functions of Trustee and Counsel**

BLMIS was placed in SIPA liquidation, and the Trustee and his counsel, the law firm of Baker & Hostetler LLP ("Counsel" or "B&H"), were appointed by Order of this District Court issued on December 15, 2008.[3] By the Order and pursuant to SIPA section 78eee(b)(4), the Court removed the proceeding to the Bankruptcy Court for this District ("Bankruptcy Court").

Since the date of their appointment, the Trustee and Counsel have taken numerous actions in connection with the BLMIS liquidation, including, e.g., taking possession of the Debtor and its assets, auctioning off the Debtor's market making business for a potential sum of up to $25.5 million; collecting over $1.2 billion of assets; filing multiple avoidance actions seeking to recover more than $13 billion from feeder funds and related parties; engaging several foreign law firms to aid and represent the Trustee in overseas asset recovery efforts and investigation. In addition, since the commencement of the proceeding, the Trustee and Counsel, as required by SIPA, have engaged in an intensive investigation of the activities of the Debtor which, among other things, has required close coordination and cooperation with SIPC and a number of regulatory and law enforcement authorities, as well as with the joint provisional liquidators for BLMIS's British operations.[4]

Finally, a significant part of the Trustee's and Counsel's activity has centered on claims. In this regard, the Trustee obtained, though Counsel, an Order ("Claims Procedures Order") from the Bankruptcy Court which authorized the Trustee, consistent with SIPA, to notify customers and creditors, by publication and mailing, of the commencement of the liquidation proceeding and to mail them claim forms. Through the Order, the Bankruptcy Court also established a procedure for the

---

[3] See Securities and Exchange Commission and Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC, Docket No. 1:08-cv-10791-LLS (S.D.N.Y.), Dkt. No. 4 ("12/15/08 District Court Order").

[4] More detailed information concerning the Trustee's activities are contained in his First and Second Interim Reports filed in the liquidation proceeding (Dkt. Nos. 314 and 1008).

filing, determination, and judicial review of claims. Under SIPA and the Claims Procedures Order, claims are filed with the Trustee, who reviews and determines them. If a claimant disagrees with the Trustee's decision, he may seek review by the Bankruptcy Court by filing an objection. Once an objection is filed, the Trustee requests a hearing and notifies the claimant of the date and time thereof.

**The Applications for Compensation**

On July 10, 2009, the Trustee and Counsel filed in the liquidation proceeding, their first applications for allowance of interim compensation and reimbursement of expenses for the period from December 15, 2008 through April 30, 2009. Movants objected to the applications on essentially the same grounds underlying their current motion. Following a hearing on the applications on August 6, 2009, the Bankruptcy Court rejected Movants' objections and granted the applications, entering an interim award of $607,383.00 in fees and $45.00 in expenses to the Trustee and an interim award of $11,729,855.29 in fees and $274,203.03 in expenses to Counsel. Movants then moved for leave to appeal those awards on an interlocutory basis. That motion remains pending before this District Court.

On November 23, 2009, the Trustee and Counsel filed their second applications for compensation in the liquidation proceeding, seeking the allowance of interim compensation and the reimbursement of expenses for the period from May 1, 2009 through and including September 30, 2009. The applications were based on 1,198.0 hours and 56,688.20 hours respectively expended by the Trustee and B&H in the performance of their duties. The Trustee and Counsel sought interim allowances of 85% of the asserted value of their services (reflecting a 5% reduction in the holdback of their fees to date) totaling $748,225.69 and $18,820,356, respectively, and reimbursement of $921.25 and $280,681.62 in expenses, respectively.

The Bankruptcy Court held a hearing on the applications on December 17, 2009 and, following the hearing, approved the applications on an interim basis, and without prejudice to the right of the Trustee and Counsel to seek release of the holdbacks at a later time. The combined 15% holdback totals in excess of $5 million.

**The Objections of the Peskins and Ms. Ebel**

The hearing on the fee applications was held on notice, prior to which Movants filed objections to the applications. Before filing the current objection, Movants had objected to the Trustee's determination of their claims for "customer" relief in the liquidation proceeding, had objected to, and sought leave to appeal the Bankruptcy Court's Order granting the first applications of the Trustee and Counsel for interim compensation, and had filed an adversary proceeding against the Trustee in Bankruptcy Court.[5] Through each of these procedural vehicles, Movants challenge the correctness of the methodology used by the Trustee in deciding their "customer" claims. The Trustee is allowing such claims for the net amount deposited by the customer with the brokerage. Movants contend that the Trustee should instead allow such claims on the basis of the wholly fictitious cash and securities positions reported to them on the final fictitious account statements provided to them by BLMIS.

Thus far, Movants have not prevailed. As noted, recognizing that Movants' adversary complaint and their objections to the earlier fee requests of the Trustee and Counsel were transparent attempts to circumvent the claims process established through the Claims Procedures Order, the Bankruptcy Court dismissed Movants' adversary complaint and granted the first fee applications of the Trustee and Counsel. Movants' direct challenge to the propriety of the Trustee's claims methodology will

---

[5] See Diane and Roger Peskin and Maureen Ebel v. Irving H. Picard, Trustee, Adv. Pro. No. 09-1272(BRL) (Bankr. SDNY) ("Declaratory Judgment Action"). The lawsuit was brought in violation of the stay of such suits against the Trustee under SIPA and this Court's Order placing BLMIS in liquidation. See SIPA §78eee(b)(2)(B)(i) and the 12/15/09 District Court Order at 3, ¶V. The suit was dismissed by the Bankruptcy Court.

-6-

be fully briefed on January 15, 2010 and is set for argument before the Bankruptcy Court on February 2, 2010.

## ARGUMENT

Unwilling to await the outcome of the claims process and litigation, Movants instead again seek judicial review – again at the District Court level – of the propriety of the Trustee's claims methodology. In seeking an immediate review, they contend that the Trustee is conflicted and should not be paid because he has failed to allow net equity claims according to the methodology they favor. Thus, once again, instead of following the established procedures for obtaining judicial review of their claim determinations, Movants attempt to sidestep the claims process, skip ahead of other claimants in line, and seek court review of the Trustee's determination of claims under the pretext of objecting to the Trustee's and Counsel's compensation. Movants' accusations of nefarious activity by the Trustee, Counsel and SIPC to delay the satisfaction of claims and wrongfully to determine their claims in order to protect SIPC and avoid the "indisputable" fact that "SIPC is insolvent and unable to pay its debts as they become due" are unfounded, irrelevant, and offensive. More importantly, for the reasons detailed below, Movants fail to satisfy any of criteria necessary for an immediate appeal.[6]

---

[6] Movants' motion is troublesome for many reasons, not the least of which is the lack of clarity as to whose interests the Movants' lead counsel represents. Although the Movants profess concern over whether there will be enough SIPC money to satisfy their claims, in fact, they already have received the maximum SIPC advances to which they are entitled. Ms. Ebel has received $1 million of SIPC funds based upon her two accounts. The Peskins have received the maximum protection of $500,000. Although the Peskins claim an additional $500,000 in their Declaratory Judgment Action, it is plain that they are entitled to only one $500,000 of protection under the SIPC Series 100 Rules, 17 C.F.R. §300.100 et seq., because they had only one account at the brokerage.

Movants' counsel also purports to submit her brief on behalf of 100 other claimants that she represents, but has failed to demonstrate that such claimants are entitled to an advance from SIPC or, even if they are, that SIPC will be unable to make those advances. In fact, Movant's baseless assertions notwithstanding, SIPC is solvent and able to meet its obligations.

# THE MOVANTS HAVE SHOWN
# NO GROUNDS FOR AN IMMEDIATE APPEAL

**1.  Applicable Law**

The immediate appealability of an interlocutory Bankruptcy Court Order is governed by 28 U.S.C. § 158(a)(3), which provides that an immediate appeal may be taken only with leave of the federal District Court for the district in which the Bankruptcy Court that issued the Order sits.[7] Because neither Section 158(a) nor the Bankruptcy Code or Rules provide standards for evaluating a motion for leave to appeal, the decision whether to grant leave is committed to the discretion of the District Court. See, e.g., In re Kassover, 343 F.3d 91 (2d Cir. 2003); In re Worldcom, Inc., 2009 WL 2215296 * 3 (S.D.N.Y. 2009). In exercising this discretion, most District Courts, including this Court, apply the standards applicable under 28 U.S.C. §1292(b) governing appeals from

---

As the availability of SIPC funds for Movants is not problematic, perhaps their real concern is the amount of customer property that Movants will receive from the Trustee. That too is troublesome. The Trustee's allowance of claims based upon the net amounts deposited returns real dollars owed to customers and not fictitious profit invented by Bernard Madoff. The fact that the claims may be smaller because they are based on real dollars and not fictitious amounts means a larger distribution per dollar per claimant from a limited pool of customer property. In contrast, allowing the claims of investors based upon the last fictitious account statements grossly inflates the value of claims against the limited amount of customer property and results in a smaller distribution per claimant. Thus, investors such as the Peskins and Ms. Ebel actually realize more under the Trustee's methodology than under a fictitious statement approach.

In light of the foregoing, the fact that Movants' counsel seeks to advance the fictitious statement methodology by means of investors like the Peskins and Ms. Ebel who are benefitted by the Trustee's approach and harmed by the fictitious statement approach is perplexing. What also is unclear is precisely whose interest the Movants' counsel represent. Lead counsel is a member of an entity that was a customer of BLMIS and, as such, has asserted that she individually is a claimant, a position with which the Trustee has disagreed. Counsel represents not only claimants like the Peskins and Ms. Ebel, "net losers" who withdrew less than they deposited with BLMIS, but also represents "net winners," persons who withdrew more than they deposited and received other investors' money as "profits." The Trustee's methodology will benefit net losers but not net winners. Yet, both groups are represented by the same counsel, even though their interests are hopelessly conflicted.

[7]  The procedure for seeking leave to appeal is set forth in Bankruptcy Rules 8001(b) and 8003. See Fed. R. Bankr. P. 8001(b) and 8003.

interlocutory appeals from orders entered by the federal District Courts.[8] See, e.g., Worldcom, 2009 WL 2215296 at * 3; In re Calpine Corp., 356 B.R. 585, 592-93 (S.D.N.Y. 2007). See also, Alan N. Resnick, Henry J. Sommer, 10 Collier on Bankruptcy ¶ 8003.03 (15th rev. ed. 2009).

Under these standards, the party seeking leave to take an interlocutory appeal has the burden to demonstrate exceptional circumstances sufficient to "overcome the general aversion to piecemeal appeals" and to "justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." In re Arochem Corp., 176 F.3d 610, 619 (2d Cir. 1999); In re Flor, 79 F.3d 281, 284 (2d Cir. 1996); In re Perry H. Koplik & Sons, Inc., 377 B.R. 69, 73-74 (S.D.N.Y. 2007). Interlocutory appeal is limited to extraordinary cases where appellate review might avoid protracted and expensive litigation and is not intended as a general vehicle to provide early review. See, e.g., In re Enron Corp., 2006 WL 2548592 * 3 (S.D.N.Y. 2006). In this regard, the Second Circuit has stressed that the power to grant interlocutory review should not be "liberally construed." Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave, 921 F.2d 21, 24-25 (2d Cir. 1990); In re Worldcom, Inc., 2006 WL 3592954 * 2 (S.D.N.Y. 2006).

Consistent with these limitations, interlocutory appeal is permitted only where the order appealed (1) involves a controlling question of law, (2) over which there is a substantial ground for difference of opinion, and where (3) an immediate appeal would materially advance the ultimate termination

---

[8] Section 1292(b) states, in pertinent part, that:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order....

28 U.S.C. § 1292(b).

of the litigation. See, e.g., Worldcom, 2009 WL 2215296 at * 3; Koplik, 377 B.R. at 73; Calpine, 356 B.R. at 593. In regard to the first prong of this test, the "controlling question of law" must first and foremost be just that - a question of law. See, e.g., Koplik, 377 B.R. at 73-74; Enron, 2006 WL 2548592 at * 4. It cannot involve a question of fact, or even a question requiring the application of the appropriate law to the relevant facts. See In re Marketxt Holdings Corp., 2009 WL 1286130 * 1 (S.D.N.Y. 2009) ("[W]here, as here, the question presented entails application of a well-accepted legal standard to complex factual predicates, no such controlling issue of law exists"); Koplik, 377 B.R. at 73-74; In re Cross Media Marketing Corp., 2007 WL 2743577 * 2 (S.D.N.Y. 2007); Enron, 2006 WL 2548592 at * 4. Rather, it must be a "pure question of law that the reviewing court could decide quickly and cleanly without having to study the record," e.g., a question concerning the applicable legal standard. Koplik, 377 B.R. at 74 (emphasis added, citation and quotation marks omitted); Enron, 2006 WL 2548592 at * 4; Freeman v. NBC, Inc., 1993 WL 524858 * 2 (S.D.N.Y. 1993).

The second prong of the test is equally stringent. A "substantial ground for a difference of opinion" concerning the propriety of the Bankruptcy Court's resolution of a question exists only if there is "substantial doubt" that the Court's Order was correct. See, e.g., Enron, 2006 WL 2548592 at *4; In re Adorn Glass & Venetian Blind Corp., 2005 WL 3481325 * 5 (S.D.N.Y. 2005). The fact that the issue is one of first impression in the Second Circuit, that there is conflicting case law outside the circuit, or that there is strong disagreement among the parties is not, in and of itself, sufficient to create "substantial doubt." See, e.g., Enron, 2006 WL 2548592 at *4; Adorn Glass, 2005 WL 3481325 at * 5. To ascertain whether such doubt exists, the reviewing court must examine the strength of the opposition to the challenged ruling and determine whether those arguments create truly substantial doubt as to the propriety of that ruling. See, e.g., Flor, 79 F.3d at

284; Enron, 2006 WL 2548592 at *4.

As for the third prong of the test, an immediate appeal is considered to advance the ultimate termination of the litigation if that "appeal promises to advance the time required for trial or to shorten the time required for trial." See, e.g., Koplik, 377 B.R. at 74; Transport Workers Union of Am., Local 100, AFL-CIO v. N.Y.C. Transit Auth., 358 F.Supp.2d 347, 350 (S.D.N.Y. 2005). See also, Koehler v. Bank of Bermuda, Ltd., 101 F.3d 863, 865-66 (2d Cir. 1996) (interlocutory appeal is "reserved for those cases where an immediate appeal may avoid protracted litigation").

## 2. The Prerequisites for An Immediate Appeal Are Not Met

For the reasons stated below, Movants have failed to satisfy any of the prerequisites for leave to take an interlocutory appeal of the Bankruptcy Court's order granting the fee applications of the Trustee and Counsel. The purported "questions" that they identify are hardly "controlling questions of law," and, in fact, are not questions of law at all. All of the alleged "questions" require acceptance of an assumed, but disputed, factual predicate - principally that the Trustee somehow grievously violated his duty to Movants by disagreeing with their position concerning the proper construction of the term "net equity" in SIPA[9] - and extensive study of the record, as Movants' abundance of record citations indicates. Moreover, not only is there no "substantial ground for difference of opinion" concerning whether the Bankruptcy Court resolved these "questions" correctly, there is no doubt that it did so. Finally, granting the Movants leave to appeal would not advance the ultimate termination of any litigation in the BLMIS liquidation. Instead, it would reward Movants and their counsel for attempting to use the wrong procedural vehicle - the Trustee's

---

[9] As noted above, in the course of making these allegations, Movants' counsel neglects to mention that her clients would actually recover more under the Trustee's construction of "net equity" than they would under the construction she advocates. She also neglects to mention that she herself is also a member of an entity that is a claimant in the BLMIS liquidation, and that her interests as such may well conflict with those of her clients. See supra, note 6.

-11-

and Counsel's fee applications - to litigate the substance of their customer claims, and, by diverting the Trustee's attention and resources from those claims, would force the Trustee to incur additional unnecessary fees and costs and would delay the process Movants allegedly hope to expedite.

### A. Movants Have Failed To Identify A "Controlling Question of Law" As To Which There Is A "Substantial Ground For Difference Of Opinion"

Movants state that, if granted leave to appeal, they would raise the following three issues: (1) whether the Trustee and Counsel may continue to serve in those capacities even though "they are conflicted by their loyalty to SIPC" because they failed to resolve and pay customer claims according to the "net equity" calculus advocated by Movants' counsel; (2) whether the Bankruptcy Court was required to approve the fee applications of the Trustee and Counsel upon SIPC's recommendation when SIPC and the Trustee "ignored their fundamental obligation" to resolve and pay customer claims according to the same calculus; (3) whether "the Customers," presumably including the Movants, were denied Fifth Amendment due process because the Trustee has declined to apply the Objectors' counsel's proposed "net equity" calculus; and (4) whether the portion of the contested fee awards based upon the "subpoenaing Customers' financial records" should be denied. Movants' Mem. at 14-17.[10]

None of these "issues" is a question of law. On the contrary, each of them requires uncritical acceptance of the Movants' persistent, but wholly erroneous and unsupported, <u>factual</u> assertions that the Trustee and Counsel acted in bad faith and maliciously applied an incorrect "net equity" standard, to the detriment of Movants and others. Obviously, neither SIPC nor the Trustee and Counsel agree with Movants' assertions, and both vigorously disputed in the Bankruptcy Court the accuracy of the assertions and their relevance to the Trustee's and Counsel's fee applications. Thus, the "issues" identified by Movants - to the extent that they are cognizable issues at all - are factual,

---

[10] Memorandum of Law In Support of Motion for Leave to Appeal ("Movants' Mem.")

not legal. They clearly are not issues that this Court "could decide quickly and cleanly without having to study the record" and, as such, are not eligible for interlocutory review. See, e.g., Cross Media Marketing, 2007 WL 2743577 at * 2.

Movants' efforts to convert these factual "issues" into legal questions by suggesting that they made an unopposed "offer of proof" before the Bankruptcy Court gets them nowhere. The "issues" raised by Movants before the Bankruptcy Court had nothing to do so with the propriety of the amount of fees sought by the Trustee and Counsel, and thus need not even have been considered by the Bankruptcy Court in rendering its decision concerning those applications. In any event, the Bankruptcy Court granted the fee applications of the Trustee and Counsel and thus, if it considered the Movants' factual assertions at all, rejected them. Thus, the Bankruptcy Court proceedings not only do not conclusively establish the Movants' assertions, they imply the contrary.

Moreover, not only are there no "substantial grounds for difference of opinion" concerning the Bankruptcy Court's resolution of the "issues" raised by Movants, there is no doubt that the Bankruptcy Court was right and that Movants are not. Movants' assertion that the Trustee and Counsel are disqualified from serving in their roles because they are "conflicted by their loyalty to SIPC" is based solely on the fact that the Trustee and Counsel have decided not to apply the "net equity" calculus proposed by Movants, or at least their counsel - a decision that benefits rather than harms, Movants. Further, while SIPC and the Trustee and Counsel share common interests[11] - a nexus common to all SIPA liquidations and the express product of statutory design - the Trustee is an independent fiduciary, whose disinterestedness was established conclusively at an uncontested

---

[11] SIPC and trustees appointed under SIPA "vindicate important public interests." In re Executive Securities Corp., 702 F.2d 406, 410 (2d Cir.), cert. den., 464 U. S. 818 (1983).

hearing on February 4, 2009, in the liquidation proceeding.[12] Movants are entitled to disagree with the Trustee's construction of "net equity" and to express their disagreement by objecting to his determinations of their claims. They are not entitled to have him removed from his position because they disagree with him, as the Bankruptcy Court implicitly recognized.

For the same reasons, it is equally clear that the Bankruptcy Court was obliged to accede to SIPC's recommendation concerning the fee applications of the Trustee and Counsel. SIPA provides expressly, and without qualification, that a bankruptcy court "<u>shall</u> award the [fee] amounts recommended by SIPC" when those amounts are to be paid by SIPC "without reasonable recoupment thereof." SIPA § 78eee(b)(5)(C) (emphasis added). That condition was met here, and the Bankruptcy Court properly awarded fees in the amounts recommended by SIPC.

Movants' contention that the Bankruptcy Court was not bound by SIPC's recommendation is again based upon their assertion that the Trustee and Counsel acted in bad faith by refusing to apply their counsel's proposed "net equity" calculus. There are simply no cognizable grounds for this position. The statutory language is clear, unequivocal, and unqualified. Moreover, as noted, Movants' assertions of bad faith and conflict are completely unsupported, and based solely on their belief that the Trustee and Counsel must be engaged in misconduct because they disagree with the Movants. Again, Movants can litigate that disagreement by objecting to the Trustee's determinations of their claims under the Claims Procedures Order. It is not relevant, however, to the propriety of the Trustee's and Counsel's fees, as the Bankruptcy Court impliedly found.

---

[12] <u>See</u> Order of Disinterestedness of Trustee and Counsel to Trustee, issued in the liquidation proceeding on February 4, 2009 (Dkt. No. 69).

Movants' invocation of Fifth Amendment Due Process is an even more blatant attempt to litigate the substance of their customer claims by objecting to the fee applications.[13] The constitutionality of SIPA is well established, both in this Circuit and elsewhere, and the precise constitutional challenge posed by Movants was summarily rejected by the Second Circuit approximately 36 years ago. See, e.g., SEC v. Oxford Sec., Ltd., 486 F.2d 1396 (2nd Cir. 1973), reversing, 354 F.Supp. 301 (S.D.N.Y. 1973) (reversing district court finding of unconstitutionality). See also, SEC v. Albert & Maguire Sec. Co., Inc., 378 F.Supp. 906, 911 (E.D. Pa. 1974). Moreover, Movants did not object to either the appointment of the Trustee and Counsel, or the disinterestedness of the same, until the Trustee and Counsel disagreed with the "net equity" calculus they propose. Movants' constitutional argument is thus an obvious, and meritless, attempt to have the Trustee and Counsel removed because they do not like the formula that he is using to resolve claims. There is no doubt that the Bankruptcy Court's decision to reject that attempt was entirely proper.

Movants' objection to the propriety of the Rule 2004 subpoenas served by the Trustee turns entirely on their assertion that the sole basis for the Trustee's decision to serve the subpoenas was to gather evidence of possible fraudulent conveyance actions. (See Movants' Mem. at 18.) That assertion is false, as the Trustee has explained in his memorandum, and Movants offer no contrary citation or other substantiation. In fact, the Trustee needed claimants' financial records, inter alia, in order to determine the amount of their net investments in their BLMIS accounts. Thus, again, Movants' real objection is to the Trustee's claims calculus, not his actions. In any event, the

---

[13] Even assuming, arguendo, that Movants had identified a protected property right in connection with their claims, which they have not, there is no deprivation thereof without due process. Due process requires notice and an opportunity to be heard before an impartial tribunal having jurisdiction. See In re Gault, 387 U.S. 1, 19 n. 25 (1967). The Claims Procedures Order required the Trustee to notify Movants of the determination of their claims and of their right to judicial review, which he did.

Trustee's motives in serving the subpoenas in question is clearly a factual, not legal, issue, and is therefore a wholly inappropriate subject for interlocutory review.

Movants' argument is also based on another mistake of fact. Movants contend that the use of Rule 2004 as authority for the contested subpoenas was improper because the Trustee "was likely to file" adversary proceedings against the subpoenaed claimants at the time he served the subpoenas. Movants are simply wrong, as reflected by the fact that, since he served the subpoenas, the Trustee has not brought suit against the subpoenaed parties. In any event, again, the Trustee's intent at the time he served the subpoenas, without a doubt, presents a question of fact not appropriate for resolution on interlocutory appeal.

Further, Movants' use of an objection to the compensation of the Trustee and Counsel constitutes yet another failure to follow proper procedure. If Movants received subpoenas of the type about which they complain, they could have sought to have the subpoenas quashed or modified in accordance with Rule 9016 of the Federal Rules of Bankruptcy Procedure and Rule 45(c)(3) of the Federal Rules of Civil Procedure. They did not do so. Movants lack standing to object to any subpoena served upon another party. They attempt to overcome this lack of standing by objecting to the compensation of the Trustee and Counsel. This Court should not reward this circumvention of proper procedure by authorizing Movants' appeal.

**B. Granting Movants Leave To Appeal Would Not Materially Advance The Termination Of Any Litigation Connected With the BMLIS Liquidation**

Finally, granting the Movants leave to appeal would not in any way advance the termination of any litigation connected with the BLMIS liquidation. On the contrary, it would force the Trustee and Counsel to incur additional fees and costs to defend a frivolous action and would require them to divert yet more time, attention, and resources from claims resolution and satisfaction, the very things that the Movants claim they want to accelerate. Worse, reversing the Bankruptcy Court's

-16-

Order on the grounds suggested by the Movants, and removing the Trustee and Counsel, would contravene, without any foundation in law or fact, both the express provisions of SIPA and years of practice under the statute, and would throw a highly complex liquidation into chaos, causing even more serious delay in claims resolution and satisfaction. In short, granting the Movants' motion would impede, not materially advance, the termination of the BLMIS liquidation and connected litigation.

## CONCLUSION

For all of the aforementioned reasons, the Motion for Leave to Appeal should be denied.

Respectfully submitted,

JOSEPHINE WANG
General Counsel

KEVIN H. BELL
Senior Associate General Counsel
 for Dispute Resolution


   /s/ Christopher H. LaRosa
CHRISTOPHER H. LAROSA
Associate General Counsel

SECURITIES INVESTOR
 PROTECTION CORPORATION
805 Fifteenth Street, N.W., Suite 800
Washington, DC 20005
Telephone: (202) 371-8300
Facsimile: (202)371-6728
E-mail: jwang@sipc.org
E-mail: kbell@sipc.org
E-mail: clarosa@sipc.org

January 4, 2010
Washington, D.C.