**UNITED STATES BANKRUPCTY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | ) ) ) |
|  | ) |
| Plaintiff, | ) ) |
| vs. | ) ) ) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | ) ) ) |
| Defendant. | ) ) |
| In re: | ) ) ) |
| BERNARD L. MADOFF | ) ) |
| Debtor. | ) ) |

SIPA LIQUIDATION

No. 08-01789 (BRL)

Adv. Pro. No. 09-01265 (BRL)

(Substantively Consolidated)

RECEIVED
NOV 19 2009
U.S. BANKRUPTCY COURT, SDNY

## SHERYL L. WEINSTEIN'S OPPOSITION TO TRUSTEE'S DETERMINATION OF CLAIM FOR CLAIM NOS. 006842 AND 006843

Claimant, Sheryl L. Weinstein, by and through her undersigned counsel, hereby submits this opposition to the Trustee's Determination of Claim to the extent that it denies recovery for her net equity, as reflected on her November 30, 2008 account statements, in connection with the above referenced SIPA liquidation proceeding for: (1) BLMIS Account No. 1W0049 designated as Claim Number 006842;[1] and (2) BLMIS Account No. 1W0051 designated as Claim Number 006843. Under the plain language of the SIPA and consistent with the legislative history and the manner in which that statute has been applied by the courts and the SIPC, Claimant is entitled to relief. The Trustee has substantially departed from the governing

---

[1] This account is held in joint tenancy with right of survivorship with her husband, Ronald Weinstein.

jurisprudence (displacing the plain language of the state with a wholly unsupported "money in/money out analysis"), and incorrectly denied her claims under the law. Accordingly, his determinations should be reversed.

These issues are currently being briefed by the parties in this action, pursuant to the Court's Order Scheduling Adjudication of the "Net Equity" Issue, dated September 16, 2009. Claimant hereby adopts and incorporates the arguments, not inconsistent with this opposition, submitted on behalf of claimants in favor of reversing the Trustee's determination of net equity, in addition to the arguments and reasons advanced herein.

## **BACKGROUND**

Sheryl L. Weinstein ("Weinstein" or "Claimant") invested $1,485,000 through BLMIS Account No. 1W0049 and inherited an account from her mother, who invested $318,134.69 through BLMIS Account No. 1W0051, directly with Bernard L. Madoff ("Madoff") and his investment firm, Bernard L. Madoff Investment Securities LLC ("BLMIS"). Based on the investments she (and her mother) was promised in certain securities, as reflected in her November 30, 2008 account statements, Weinstein is still owed $1,457,147.45 (which is the sum of $1,051,661.63 in Account No. 1W0049 and $405,485.82 in No. 1W0051). In accordance with the procedures established by the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), she properly filed a claim for a credit balance for this difference. Weinstein was an unsuspecting victim of what has been publicly disclosed as a massive fraudulent Ponzi scheme conducted by Madoff and BLMIS. She had no knowledge of or any part in the scheme. As an innocent investor, she is entitled to recovery of part of her remaining net equity under the SIPA.

2

On October 19, 2009, however, Irving H. Picard, Trustee for the Liquidation of the
Business of Bernard L. Madoff Investment Securities LLC ("Trustee"), issued a Notice of
Trustee's Determination of Claim to both Weinstein, individually, and Weinstein and her
husband. (Exs. 1, 2.) In both these notices, the Trustee denied Weinstein's claim for a credit
balance in its entirety. As the basis for his denial, the Trustee stated that "the amount of money
you withdrew from your account at BLMIS ... is greater than the amount that was deposited,"
and therefore under the "money in/money out analysis" Weinstein was not entitled to further
recovery for her lost investment. (*See, e.g.*, Ex. 1. at 2.) The Trustee claimed that "no securities
were ever purchased by BLMIS for your account" and therefore, "[a]ny and all profits reported
to you by BLMIS on account statements were fictitious." (*Id.*) The Trustee determined that he
would not "give credit for fictitious gains in settling your allowed claim" and therefore that
Weinstein did not have any remaining positive "net equity." (*Id.*) The Trustee did not once cite
the definition of net equity provided by the SIPA statute that he was charged with administering
or any basis for his "money in/money out analysis."

Moreover, the Trustee disregarded the fact that Weinstein's statements did not show
"profits," but showed a list of investments in specific stocks, in ascertainable quantities — her
"securities positions" — reflecting the growth of her investments with BLMIS over time. These
specific securities, as reflected in her November 30, 2008 account statements (Exs. 3, 4), were
not "fictitious," indeed they existed in fact and were readily attainable in the secondary market,
but were merely not owned by BLMIS on her behalf at the time of its insolvency.

## ARGUMENT

The Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), is remedial
legislation and thus should be construed liberally. *See In re First State Secs. Corp.*, 34 Bankr.

3

492, 496 (Bankr. S.D. Fla. 1983). It provides for recovery of "net equity" from an insolvent

broker-dealer, as in this case, and that term should be interpreted consistently with the broad

remedial purposes of the statute as well as the protection and investor confidence building

concerns behind the legislation. *See* H.R. Rep. No. 91-1613, at 3-4 (1970) ("This legislation

[SIPA] ... is designed to effect two aims. It will establish immediately a substantial reserve fund

which will provide protection to customers of broker-dealers .... This will reinforce the

confidence that investors have in the U.S securities markets. In addition, [it] will provide for a

strengthening of the financial responsibilities of broker-dealers."); *see also In re New Times

Secs. Servs., Inc.*, 371 F.3d 68, 87 (2d Cir. 2004) ("[T]he [SIPA] drafters' emphasis was on

promoting investor confidence in the securities markets and protecting broker-dealer

customers."); *Appleton v. First Nat'l Bank of Ohio*, 62 F.3d 791, 794 (6th Cir. 1995)

("'Congress enacted [SIPA] to ... restore investor confidence in the capital markets, and upgrade

the financial responsibility requirements for registered brokers and dealers.'" (quoting *SIPC v.

Barbour*, 421 U.S. 412, 415 (1975)).

The Trustee's determination in this case, however, that because "[n]o securities were

ever purchased for your account," and thus "[a]ny and all profits reported to you by BLMIS on

account statements were fictitious" (Ex. 1 at 1, 2), does not comport with the plain language of

the SIPA nor its purpose. Moreover, his narrow interpretation of "net equity" is inconsistent

with the manner in which that term has been consistently applied in the federal courts as well as

by the SEC and SIPC. The Court must conclude that such an interpretation, wholly out of step

with all relevant authority, is an inadequate basis on which to deny in its entirety the claimed

credit balance of $1,457,147.45 and for securities.

Under the SIPA, claimants are entitled to receive, subject to limits, the "net equity" of

their investment, which is defined expressly as "the dollar amount of the account or accounts of

a customer, to be determined by calculating the sum which *would have been owed* by the debtor

to such customer if the debtor had liquidated, by sale or purchase on the filing date, *all*

*securities positions of such customer*" corrected by "any indebtedness of such customer to the

debtor on the filing date." *In re New Times*, 371 F.3d at 72 (emphasis added). Whether the

debtor actually purchased the securities is not relevant under the SIPA. "SIPA ... protect[s]

claimants who attempt to invest through their brokerage firm but are defrauded by dishonest

brokers." *In re Primeline Secs. Corp.*, 295 F.3d 1100, 1107 (10th Cir. 2002). Several cases

have provided claimants the securities they were led to believe they had by their account

statements regardless of the fact that the broker never purchased or sold them. *See, e.g., In re*

*Stratton Oakmont, Inc.*, 2003 U.S. Dist. LEXIS 20459, at 21-22 (S.D.N.Y. Nov. 14, 2003);

*SEC v. Goren*, 206 F. Supp. 2d 344, 351 (E.D.N.Y. 2002); *In re June S. Jones Co.*, 52 B.R. 810,

814 (Bankr. D. Or. 1985).

In this case, Claimant reasonably relied upon the debtor to invest her savings into

various stocks, as reflected on her account statements. Had the debtor actually purchased those

securities, she would have would been owed substantially more than allowed by the Trustee.

Indeed, what she would have been owed is expressly stated on her account statements, in

particular the November 30, 2008 statements submitted herewith. (Exs. 3, 4.) The Trustee is

not given the authority to rewrite the definition of "net equity" provided in 15 U.S.C. §

78lll(11). Indeed, that power was expressly denied to SPIC in the statute. 15 U.S.C. §

78ccc(b)(4)(A). Moreover, that the SIPA contemplated claims in which the broker failed to

5

purchase the securities reflected in the account statements, but which are nonetheless

compensable under the statute, is reflected in the congressional record:

> Under present law, because securities belonging to customers may have
> been ... never purchased ... it is not always possible to provide to
> customers that which they expected to receive, that is, securities which
> they maintained in their brokerage account .... By seeking to make
> customer accounts whole and returning them to customers in the form
> they existed on the filing date, the amendments ... would satisfy the
> customers' legitimate expectations ....

S. Rep. No. 95-95-763, at 2 (1978).

> A customer generally expects to receive what he believes is in his
> account at the time the stockbroker ceases business. But because
> securities may have been ... never purchased ... this is not always
> possible. Accordingly, [when not possible, customers] will receive cash
> based on the market value as of the filing date.

H.R. Rep. No. 95-745 at 21 (1978). At that time, the SIPA was amended to provide that "[t]he

trustee shall, to the extent that securities can be purchased in a fair and orderly market, purchase

securities as necessary for the delivery of securities to customers in satisfaction of their claims

for net equities ...." 15 U.S.C. § 78fff-2(d). Nowhere in the legislative history is there any

suggestion that securities that were "never purchased" are "fictitious" and therefore discredited

under the SIPA; that is an invention of the Trustee all to himself.

Indeed, instead of determining what Claimant "would have been owed," as the statute

requires, the Trustee seeks to replace this definition of "net equity" with what he "would like to

pay" under his "money in/money out analysis." This approach is untenable. With all due

respect to the Trustee, not even the SEC or SIPC has endorsed such an approach prior to this

liquidation. To the contrary, in *In re New Times*, SIPC applied exactly the opposite approach.

For investors in that case, "investors who were misled ... to believe that they were investing in

mutual funds that in reality existed were treated much more favorably" than the Trustee

proposes here:

Although they were not actually invested in those real funds — because [debtor] never executed the transactions — the information that these claimants received on their account statements "mirrored what would have happened had the given transaction been executed." As a result, the Trustee deemed those customers' claims to be "securities claims" eligible to receive up to $500,000 in SIPC advances. The Trustee indicates that this disparate treatment was justified because he could purchase real, existing securities to satisfy such securities claims.

371 F.3d at 74 (international citations omitted). Indeed, this was also the conclusion Stephen

Harbeck, SIPC President, reaffirmed to the bankruptcy court in *In re New Times*:

> MR. HARBECK: Even if they're not there.
> THE COURT: Even if they're not there.
> MR. HARBECK: Correct.
> THE COURT: In other words, if the money was diverted, converted —
> MR. HARBECK: And the securities were never purchased.
> THE COURT: Okay.
> MR. HARBECK: And, if those positions triple, we will gladly give the people their securities positions.

Hrg. Tr. at 37-39, *In re New Times*, 371 F.3d 68 (B. E.D.N.Y. 2000) (No. 00-CV-8178). The

SIPC again reaffirmed this approach on December 27, 2005, in a brief submitted before the

Second Circuit in *In re New Times Secs. Servs., Inc.*, stating:

> [R]easonable and legitimate claimant expectations on the filing date are controlling even where inconsistent with transaction reality. Thus, for example, where a claimant orders a securities purchase and receives a written confirmation statement reflecting that purchase, the claimant generally has a reasonable expectation that he or she holds the securities identified in the confirmation and therefore generally is entitled to recover those securities (within the limits imposed by SIPA), even where the purchase never actually occurred and the debtor instead converted the cash deposited by the claimant to fund that purchase ....

Br. of Appellant SIPC, at 23-24 (Dec. 27, 2005) (citing *In re New Times*) (available at 2005 WL

5338148). This Court has consistently adhered to that principle. The SEC and SIPC have

consistently adhered to that principle. The Trustee should not be allowed to usurp the power

provided to Congress, the courts, the SEC and SIPC to decide by himself (even with newfound

7

support from SPIC) that he will not follow the uniform and settled interpretation of "net equity"
in this case.

Indeed, the Trustee's "fictitious" argument for denying proper net equity determinations
(and substitution of a "money in/money out analysis") is an affront to the purpose of the SIPA
(holding broker-dealers accountable and providing protection and confidence to investors) and
is a dangerous departure from the language and intent of the statute.

<u>**CONCLUSION**</u>

For all of the foregoing reasons, Claimant respectfully requests that the Court reverse the
determination of the Trustee, allowing her claim to the fullest extent of her net equity as
reflected on her November 30, 2008 account statements subject to the limits of the SIPA, and
grant such other relief as the Court deems just and appropriate under the circumstances.

Respectfully submitted,

KACHROO LEGAL SERVICES

By:_____

Dr. Gaytri D. Kachroo (*pro hac vice*
motion submitted)
Kachroo Legal Services
Kendall Square Center
245 First Street, Suite 1800
Cambridge, MA 02142
Tel: (617) 864-0775
Fax: (617) 864-1125

*Counsel for Claimant Sheryl L. Weinstein*

Dated: November 18, 2009

8

# EXHIBIT 1

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

## DECEMBER 11, 2008[1]

## NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

October 19, 2009

Sheryl Weinstein & Ronald Weinstein J/T WROS
17 Concerto Court
Eastport, NY 11941

Dear Sheryl Weinstein & Ronald Weinstein J/T WROS:

### PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim on BLMIS Account No. 1W0049 designated as Claim Number 006842:

Your claim for a credit balance of $1,051,661.63 and for securities is **DENIED**. No securities were ever purchased for your account.

Further, based on the Trustee's analysis, the amount of money you withdrew from your account at BLMIS (total of $1,801,300.00), as more fully set forth in Table 1 annexed hereto and made a part

---

[1] Section 78lll(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78lll(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

hereof, is greater than the amount that was deposited with BLMIS for the purchase of securities (total of $1,485,000.00). As noted, no securities were ever purchased by BLMIS for your account. Any and all profits reported to you by BLMIS on account statements were fictitious.

As reflected in Table 1, certain of the transfers into or out of your account have been adjusted. As part of the Trustee's analysis of accounts, the Trustee has assessed accounts based on a money in/money out analysis (i.e., has the investor deposited more or less than he or she withdrew from BLMIS). This analysis allows the Trustee to determine which part of an account's balance is originally invested principal and which part is fictitious gains that were fabricated by BLMIS. A customer's allowed claim is based on the amount of principal in the customer's account.

Whenever a customer requested a transfer from one account to another, the Trustee analyzed whether the transferor account had principal in the account at the time of the transfer. The available principal in the account was transferred to and credited in the transferee account. Thus, the reason that the adjusted amount of transferred deposits or withdrawals in Table 1 is less than the purported transfer amount is that the transferor account did not have sufficient principal available to effectuate the full transfer. The difference between the purported transfer amount and the adjusted transfer amount is the amount of fictitious gain that was transferred to or from your account. Under the money in/money out analysis, the Trustee does not give credit for fictitious gains in setting your allowed claim.

Since there were no profits to use either to purchase securities or to pay you any money beyond the amount that was deposited into your BLMIS account, the amount of money you received in excess of the deposits in your account ($316,300.00) was taken from other customers and given to you. Accordingly, because you have withdrawn more than was deposited into your account, you do not have a positive "net equity" in your account and you are not entitled to an allowed claim in the BLMIS liquidation proceeding. Therefore, your claim is DENIED in its entirety.

Should a final and unappealable court order determine that the Trustee is incorrect in his interpretation of "net equity," and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by you in having your customer claim re-determined in accordance with any such Court order.

Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by the Trustee against you.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you MUST file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court and the Trustee within THIRTY DAYS after October 19, 2009, the date on which the Trustee mailed

this notice.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York 10004

and

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111

_(signature)_

Irving H. Picard

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

| DATE | TRANSACTION DESCRIPTION | AMOUNT | ADJUSTED AMOUNT |
|---|---|---|---|
| 12/17/1997 | CHECK | ($50,000.00) | ($50,000.00) |
| 4/2/1998 | CHECK | ($150,000.00) | ($150,000.00) |
| 12/23/1998 | CHECK | ($50,000.00) | ($50,000.00) |
| 1/27/1999 | CHECK WIRE | ($250,000.00) | ($250,000.00) |
| 5/26/1999 | CHECK | ($50,000.00) | ($50,000.00) |
| 3/1/2000 | CHECK | ($70,000.00) | ($70,000.00) |
| 5/9/2000 | CHECK | ($25,000.00) | ($25,000.00) |
| 8/16/2000 | CHECK | ($25,000.00) | ($25,000.00) |
| 12/19/2000 | CHECK | ($25,000.00) | ($25,000.00) |
| 12/27/2002 | CHECK | ($25,000.00) | ($25,000.00) |
| 8/20/2003 | CHECK | ($25,000.00) | ($25,000.00) |
| 12/18/2003 | CHECK | ($50,000.00) | ($50,000.00) |

| DATE | TRANSACTION DESCRIPTION | AMOUNT | ADJUSTED AMOUNT |
|---|---|---|---|
| 7/8/1993 | CHECK | $25,000.00 | $25,000.00 |
| 7/8/1993 | CHECK | $25,000.00 | $25,000.00 |
| 1/6/1994 | CHECK | $25,000.00 | $25,000.00 |
| 1/6/1994 | CHECK | $25,000.00 | $25,000.00 |
| 1/6/1994 | CHECK | $5,000.00 | $5,000.00 |
| 1/6/1994 | CHECK | $5,000.00 | $5,000.00 |
| 1/6/1994 | CHECK | $5,000.00 | $5,000.00 |
| 1/6/1994 | CHECK | $5,000.00 | $5,000.00 |
| 1/10/1994 | CXL CHECK | ($5,000.00) | ($5,000.00) |
| 1/10/1994 | CXL CHECK | ($5,000.00) | ($5,000.00) |
| 1/10/1994 | CXL CHECK | ($25,000.00) | ($25,000.00) |
| 2/10/1994 | CHECK | $25,000.00 | $25,000.00 |
| 3/27/1997 | CHECK | $125,000.00 | $125,000.00 |
| 4/1/1997 | CHECK | $225,000.00 | $225,000.00 |
| 8/26/1998 | CHECK | $100,000.00 | $100,000.00 |
| 12/31/1998 | TRANS FROM 1W005030 | $9,698.08 | $5,000.00 |
| 2/8/1999 | CHECK | $300,000.00 | $300,000.00 |
| 4/25/2001 | CHECK | $75,000.00 | $75,000.00 |
| 11/30/2001 | CHECK | $70,000.00 | $70,000.00 |
| 12/20/2001 | CHECK | $10,000.00 | $10,000.00 |
| 7/26/2002 | CHECK | $15,000.00 | $15,000.00 |
| 7/14/2005 | CHECK | $450,000.00 | $450,000.00 |
| Total Deposits: | | $1,489,698.08 | $1,485,000.00 |

095879,000001,30003275 7.1

| Date | | | |
|---|---|---|---|
| | Total deposits less withdrawals: | ($311,601.92) | ($316,300.00) |
| | Total Withdrawals: | ($1,801,300.00) | ($1,801,300.00) |
| 9/22/2008 | CHECK | ($100,000.00) | ($100,000.00) |
| 4/11/2008 | CHECK | ($40,000.00) | ($40,000.00) |
| 12/21/2007 | CHECK | ($100,000.00) | ($100,000.00) |
| 9/21/2007 | CHECK | ($100,000.00) | ($100,000.00) |
| 4/3/2007 | CHECK | ($75,000.00) | ($75,000.00) |
| 12/28/2006 | CHECK | ($75,000.00) | ($75,000.00) |
| 9/26/2006 | CHECK | ($75,000.00) | ($75,000.00) |
| 9/15/2006 | CHECK | ($7,300.00) | ($7,300.00) |
| 3/31/2006 | CHECK | ($50,000.00) | ($50,000.00) |
| 3/2/2006 | CHECK | ($25,000.00) | ($25,000.00) |
| 1/6/2006 | CHECK | ($25,000.00) | ($25,000.00) |
| 12/23/2005 | CHECK | ($50,000.00) | ($50,000.00) |
| 9/19/2005 | CHECK | ($50,000.00) | ($50,000.00) |
| 8/31/2005 | CHECK | ($50,000.00) | ($50,000.00) |
| 4/18/2005 | CHECK | ($25,000.00) | ($25,000.00) |
| 12/14/2004 | CHECK | ($50,000.00) | ($50,000.00) |
| 10/13/2004 | CHECK | ($60,000.00) | ($60,000.00) |
| 9/2/2004 | CHECK | ($39,000.00) | ($39,000.00) |

# EXHIBIT 2



**BERNARD L. MADOFF INVESTMENT SECURITIES L**

In Liquidation

**DECEMBER 11, 2008[1]**

**NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM**

October 19, 2009

Sheryl L. Weinstein
17 Concerto Court
Eastport, NY 11941

Dear Sheryl L. Weinstein:

**PLEASE READ THIS NOTICE CAREFULLY.**

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim on BLMIS Account No. 1W0051 designated as Claim Number 006843:

Your claim for a credit balance of $405,485.82 and for securities is **DENIED**. No securities were ever purchased for your account.

Further, based on the Trustee's analysis, the amount of money you withdrew from your account at BLMIS (total of $390,000.00), as more fully set forth in Table 1 annexed hereto and made a part

---

[1] Section 78lll(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78lll(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

hereof, is greater than the amount that was deposited with BLMIS for the purchase of securities (total of $318,134.69). As noted, no securities were ever purchased by BLMIS for your account. Any and all profits reported to you by BLMIS on account statements were fictitious.

As reflected in Table 1, certain of the transfers into or out of your account have been adjusted. As part of the Trustee's analysis of accounts, the Trustee has assessed accounts based on a money in/money out analysis (i.e. has the investor deposited more or less than he or she withdrew from BLMIS). This analysis allows the Trustee to determine which part of an account's balance is originally invested principal and which part is fictitious gains that were fabricated by BLMIS. A customer's allowed claim is based on the amount of principal in the customer's account.

Whenever a customer requested a transfer from one account to another, the Trustee analyzed whether the transferor account had principal in the account at the time of the transfer. The available principal in the account was transferred to and credited in the transferee account. Thus, the reason that the adjusted amount of transferred deposits in Table 1 is less than the purported transfer amount is that the transferor account did not have sufficient principal available to effectuate the full transfer. The difference between the purported transfer amount and the adjusted transfer amount is the amount of fictitious gain that was transferred to or from your account. Under the money in/money out analysis, the Trustee does not give credit for fictitious gains in setting your allowed claim.

Since there were no profits to use either to purchase securities or to pay you any money beyond the amount that was deposited into your BLMIS account, the amount of money you received in excess of the deposits in your account ($71,865.31) was taken from other customers and given to you. Accordingly, because you withdrew more than was deposited into your account, you do not have a positive "net equity" in your account and you are not entitled to an allowed claim in the BLMIS liquidation proceeding. Therefore, your claim is DENIED in its entirety.

Should a final and unappealable court order determine that the Trustee is incorrect in his interpretation of "net equity," and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by you in having your customer claim re-determined in accordance with any such Court order.

Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by the Trustee against you.

PLEASE TAKE NOTICE: If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you MUST file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court and the Trustee within THIRTY DAYS after October 19, 2009, the date on which the Trustee mailed this notice.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York 10004

and

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111

Irving H. Picard

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

| DATE | TRANSACTION DESCRIPTION | AMOUNT | ADJUSTED AMOUNT |
|---|---|---|---|
| 8/20/1997 | CHECK | $123,000.00 | $123,000.00 |
| 5/11/1998 | TRANS FROM 1W005230 | $5,765.91 | $5,765.91 |
| 7/7/1999 | TRANS FROM 1W005230 | $6,690.33 | $6,690.33 |
| 3/14/2000 | TRANS FROM 1W005230 | $7,544.64 | $7,544.64 |
| 4/12/2001 | CHECK | $13,000.00 | $13,000.00 |
| 1/23/2002 | TRANS FROM 1W005230 | $8,762.02 | $8,762.02 |
| 11/20/2002 | TRANS FROM 1W005230 | $10,221.59 | $10,221.59 |
| 8/21/2003 | CHECK | $125,000.00 | $125,000.00 |
| 12/1/2003 | TRANS FROM 1W005230 | $10,378.52 | $10,378.52 |
| 12/1/2004 | TRANS FROM 1W005230 | $7,771.68 | $7,771.68 |
| Total Deposits: | | $318,134.69 | $318,134.69 |

| DATE | TRANSACTION DESCRIPTION | AMOUNT | ADJUSTED AMOUNT |
|---|---|---|---|
| 4/16/1998 | CHECK | ($15,000.00) | ($15,000.00) |
| 12/23/1998 | CHECK | ($20,000.00) | ($20,000.00) |
| 6/7/1999 | CHECK | ($20,000.00) | ($20,000.00) |
| 12/27/1999 | CHECK | ($40,000.00) | ($40,000.00) |
| 12/20/2000 | CHECK | ($40,000.00) | ($40,000.00) |
| 12/21/2000 | CHECK | ($30,000.00) | ($30,000.00) |
| 7/31/2001 | CHECK | ($40,000.00) | ($40,000.00) |
| 12/20/2002 | CHECK | ($10,000.00) | ($10,000.00) |
| 5/5/2003 | CHECK | ($25,000.00) | ($25,000.00) |
| 5/7/2003 | STOP PAYMENT | $25,000.00 | $25,000.00 |
| 5/8/2003 | CHECK | ($25,000.00) | ($25,000.00) |
| 12/29/2003 | CHECK | ($25,000.00) | ($25,000.00) |
| 12/14/2004 | CHECK | ($25,000.00) | ($25,000.00) |
| 12/23/2005 | CHECK | ($25,000.00) | ($25,000.00) |
| 3/3/2006 | CHECK | ($25,000.00) | ($25,000.00) |
| 1/12/2007 | TRANS TO 1W005030 | ($25,000.00) | $0.00 |
| 4/3/2007 | CHECK | ($25,000.00) | ($25,000.00) |
| 6/4/2008 | CHECK | ($25,000.00) | ($25,000.00) |
| Total Withdrawals: | | ($415,000.00) | ($390,000.00) |
| Total deposits less withdrawals: | | ($96,865.31) | ($71,865.31) |

# EXHIBIT 3

Received Fax      Nov 17 2009 3:04PM      Fax Station :   Kachroo Legal Services        page

2009-11-17 16:15      Weinstein        212-585-1662 >>      617 864 1125                                    P 1/7

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

SHERRY W. INSTEIN
& RONALD WEINSTEIN J/T WROS
360 EAST 72ND STREET B 1609
NEW YORK NY 10021

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TKR | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| | | | | BALANCE FORWARD | | 869,440.57 | |
| 11-12 | 924 | | 638 | WELLS FARGO & CO NEW | 29.600 | 27,571.20 | |
| 11-12 | 810 | | 1140 | HEWLETT PACKARD CO | 44.900 | 23,060.00 | |
| 11-12 | 496 | | 446 | WAL-MART STORES INC | 50.630 | 31,956.76 | |
| 11-12 | 576 | | 5460 | INTERNATIONAL BUSINESS MACHS | 73.610 | 31,852.93 | |
| 11-12 | 1,306 | | 9290 | EXXON MOBIL CORP | 72.080 | 101,066.68 | |
| 11-12 | 1,518 | | 9790 | INTEL CORP | 14.510 | 22,086.28 | |
| 11-12 | 746 | | 14110 | JOHNSON & JOHNSON | 57.660 | 43,864.00 | |
| 11-12 | 490 | | 16443 | J-P- MORGAN CHASE & CO | 49.660 | 34,130.70 | |
| 11-12 | 528 | | 22769 | COCA COLA CO | 44.660 | 23,601.48 | |
| 11-12 | 308 | | 27C95 | MCDONALDS CORP | 55.570 | 17,065.96 | |
| 11-12 | 572 | | 31421 | MERCK & CO | 28.550 | 16,352.60 | |
| 11-12 | 2,096 | | 35747 | MICROSOFT CORP | 21.750 | 45,665.90 | |
| 11-12 | 1,056 | | 40073 | ORACLE CORPORATION | 17.800 | 18,810.80 | |
| 11-12 | 418 | | 53051 | PEPSICO INC | 56.410 | 23,595.38 | |
| 11-12 | 242 | | 35533 | APPL INC | 102.190 | 24,397.76 | |
| 11-12 | 1,782 | | 57377 | PFIZER INC | 12.630 | 22,526.00 | |
| 11-12 | 418 | | 57879 | ABBOTT LABORATORIES | 54.610 | 22,842.96 | |
| 11-12 | 792 | | 61703 | PROCTER & GAMBLE CO | 64.080 | 50,782.36 | |
| 11-12 | 160 | | 62255 | AMGEN INC | 57.740 | 9,230.70 | |
| 11-12 | 550 | | 66029 | PHILLIP MORRIS INTERNATIONAL | 43.650 | 24,002.00 | |
| 11-12 | 1,320 | | 66551 | BANK OF AMERICA | 21.590 | 28,590.00 | |
| 11-12 | 440 | | 70355 | QUALCOMM INC | 33.570 | 14,875.90 | |
| 11-12 | 1,430 | | 70357 | CITI GROUP INC | 12.200 | 17,446.30 | |
| | | | | CONTINUED ON PAGE 2 | | | |

YOUR ACCOUNT NUMBER 1-0049-3-0

11/10/08

*****8,935

1

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Madoff Securities International Limited
12 Berkeley Street
Mayfair, London, W1J 8DT
Tel 020 703 6222

SHERYL WEINSTEIN
& MICHAEL WEINSTEIN J/T WROS

360 EAST 72ND STREET E 1607
NEW YORK    NY 10021

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TICS | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| 11/12 | 352 | | 74601 | SCHLUMBERGER LTD | 45.930 | 16,361.60 | |
| 11/12 | 792 | | 12783 | COMCAST CORP | 16.110 | 13,140.972 | |
| 11/12 | | | | CL A | | | |
| 11/12 | 1,502 | | 79007 | AT&T INC | 27 | 42,236.00 | |
| 11/12 | 390 | | 79509 | CONOCOPHILLIPS | 52.715 | 20,648.76 | |
| 11/12 | 459 | | 33333 | UNITED PARCEL SVC INC | 52.060 | 13,743.56 | |
| 11/12 | | | | CLASS B | | | |
| 11/12 | 1,600 | | 83835 | CISCO SYSTEMS INC | 16.730 | 26,932.38 | |
| 11/12 | 402 | | 37655 | U S BANCORP | 26.530 | 11,660.86 | |
| 11/12 | 550 | | 84161 | CHEVRON CORP | 73.450 | 40,430.50 | |
| 11/12 | 264 | | 91985 | UNITED TECHNOLOGIES CORP | 53.160 | 14,044.24 | |
| 11/12 | 2,394 | | 92487 | GENERAL ELECTRIC CO | 14.995 | 54,957.22 | |
| 11/12 | 748 | | 96311 | VERIZON COMMUNICATIONS | 30.410 | 22,772.66 | |
| 11/12 | 64 | | 23246 | GLOBAL | 357.450 | 22,877.270.40 | |
| 11/12 | | 1,000,000 | | U S TREASURY BILL | 99.936 | | 999,360.00 |
| | | | | DUE 2/12/2009 | | | |
| 11/12 | | | | DIV 2/12/2009 | | | |
| 11/12 | | | | FIDELITY SPARTAN | DIV | | 16.4 |
| 11/12 | | 17,033 | 15563 | U S TREASURY MONEY MARKET | 1 | | 17,033.00 |
| | | | | DIV 11/12/08 | | | |
| 11/12 | | | | FIDELITY SPARTAN | | | |
| | | | | U S TREASURY MONEY MARKET | | | |
| 11/12 | 16,632 | | 27716 | FIDELITY SPARTAN | 1 | 16,632.00 | |
| | | | | U S TREASURY MONEY MARKET | | | |
| | | | | FIDELITY SPARTAN | | | |
| 11/12 | | | | U S TREASURY MONEY MARKET | DIV | | 2.0 |
| | | | | DIV 11/19/08 | | | |
| | | | | CONTINUED ON PAGE    3 | | | |

TAX ACCOUNT NUMBER    11/30/09    2
●●●●●●●●●7935

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 785 4222

SHEILA WEINSTEIN
& RONALD WEINSTEIN J/T WROS
563 EAST 72ND STREET B 1609
NEW YORK    NY 10021

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| 11/23 | | 16,432 | 53,218 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | | 1,432.6 |
| 11/25 | 75,000 | | 577J6 | U S TREASURY AGENCY MARKET U S TREASURY BILL DUE 03/26/2009 3/26/2009 | 99.9296 | 74,944.50 | |
| 11/25 | 7,401 | | | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | 7,401.00 | |
| | | | | NEW BALANCE | | 127,914.30 | |
| | | | | SECURITY POSITIONS | MKT PRICE | | |
| | 1,562 | | | AT&T INC | 28.560 | | |
| | 410 | | | ABBOTT LABORATORIES | 52.570 | | |
| | 206 | | | AMGEN INC | 55.570 | | |
| | 242 | | | APPLE INC | 92.670 | | |
| | 1,320 | | | BANK OF AMERICA | 16.250 | | |
| | 530 | | | CHEVRON CORP | 75.600 | | |
| | 14,430 | | | CISCO SYSTEMS INC | 16.390 | | |
| | 520 | | | CITIGROUP INC | 8.290 | | |
| | 792 | | | COCA COLA CO | 44.970 | | |
| | | | | COMCAST CORP CL A | 17.340 | | |
| | 396 | | | CONOCOPHILLIPS | 52.520 | | |
| | 1,286 | | | EXXON MOBIL CORP | 80.150 | | |
| | 2,979 | | | GENERAL ELECTRIC CO | 17.210 | | |

CONTINUED ON PAGE 4

CONTINUED ON PAGE 4

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel (020) 7493 6222

SHERYL WEINSTEIN
& RONALD WEINSTEIN J/T WROS
360 EAST 72ND STREET B 1609
NEW YORK    NY 10021

11/30/08

##########5935

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| | 66 | | | CLOSE: | 295.000 | | |
| | 603 | | | HEWLETT PACKARD CO | 355.50 | | |
| | 1,516 | | | INTEL CORP | 13.800 | | |
| | 374 | | | INTERNATIONAL BUSINESS MACHS | 91.400 | | |
| | 990 | | | J P MORGAN CHASE & CO | 31.550 | | |
| | 726 | | | JOHNSON & JOHNSON | 31.550 | | |
| | 308 | | | MCDONALDS CORP | 53.750 | | |
| | 172 | | | MERCK & CO | 26.720 | | |
| | 2,690 | | | MICROSOFT CORP | 20.220 | | |
| | 1,956 | | | ORACLE CORPORATION | 16.010 | | |
| | 418 | | | PEPSICO INC | 56.700 | | |
| | 1,782 | | | PFIZER INC | 16.610 | | |
| | 550 | | | PHILLIP MORRIS INTERNATIONAL | 42.160 | | |
| | 792 | | | PROCTER & GAMBLE CO | 64.550 | | |
| | 440 | | | QUALCOMM INC | 33.570 | | |
| | 330 | | | SCHLUMBERGER LTD | 50.740 | | |
| | 1,402 | | | FIDELITY SPARTAN | | | |
| | | | | U S TREASURY MONEY MARKET | | | |
| | 462 | | | U S BANCORP | 26.900 | | |
| | 264 | | | UNITED PARCEL SVC INC | 57.600 | | |
| | 657,030 | | | CLASS B | | | |
| | | | | U S TREASURY BILL | | | |
| | | | | DUE 03/26/2009 | | | |
| | | | | 3/26/2009 | | | |
| | 264 | | | UNITED TECHNOLOGIES CORP | 46.530 | | |

CONTINUED ON PAGE    5

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

SHERYL WEINSTEIN
& RONALD WEINSTEIN J/T WROS
160 EAST 72ND STREET 8 1569
NEW YORK    NY 10021

Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | | |
|------|------|------|------|------|------|------|------|
| | 1,401 572 626 | | | VERIZON COMMUNICATIONS WAL-MART STORES INC WELLS FARGO & CO NEW | 30.000 55.000 28.893 | 11/30/09 | |
| | | | | MARKET VALUE OF SECURITIES LONG SHORT | 1,051,661.03 | | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

Received Fax :    Nov 17 2009 3:04PM    Fax Station :    Kachroo Legal Services    page    7
2009-11-17 16:20    Weinstein    212-585-1662 >>    617 864 1125    P 7/7

# BERNARD L. MADOFF

**INVESTMENT SECURITIES LLC**
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

SHERYL WEINSTEIN
& RONALD WEINSTEIN J/T WROS
360 EAST 72ND STREET 8 1009
NEW YORK    NY 10021

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| | | | | BALANCE FORWARD | | | 63,4467.00 |
| 11/14 | | 22 | 44399 | S & P 100 INDEX | 15.906 | | 34,736.00 |
| 11/13 | | | | NOVEMBER 460 CALL | 27.00 | | |
| 11/13 | 22 | | 40725 | S & P 100 INDEX | | 39,160.00 | |
| 11/19 | | 22 | 34829 | NOVEMBER 430 PUT | | 39,160.00 | |
| | | | | S & P 100 INDEX | 26 | | |
| 11/19 | 22 | | 39154 | DECEMBER 430 CALL | | 08,322.00 | 57,178.00 |
| 11/24 | 22 | | 43479 | S & P 100 INDEX | 30 | | |
| | | | | DECEMBER 420 PUT | 3 | | |
| 11/24 | | 22 | 47604 | S & P 100 INDEX | | 64,622.00 | 81,378.00 |
| | | | | NOVEMBER 460 CALL | | | |
| | | | | S & P 400 INDEX | .75 | | |
| | | | | NOVEMBER 430 PUT | | | |
| | | | | NEW BALANCE | | | |
| | | | | SECURITY POSITIONS | | | |
| | | | | S & P 100 INDEX | | | |
| | | | | DECEMBER 430 CALL | 23.500 | | |
| | | | | S & P 100 INDEX | | | |
| | | | | DECEMBER 420 PUT | 100.00 | | |
| | | | | MARKET VALUE OF SECURITIES | | | |
| | | | | LONG | | | 127,935.00 |
| | | | | 369,300.00 | | | |
| | | | | SHORT | | | |
| | | | | 519,600.00- | | | |

TAX LOT ACCOUNT NUMBER
1-WO345-4-0
●●●●●●●●5935

11/30/05
●●●●●●●●5935

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

# EXHIBIT 4



**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020-7493 6222

SHERYL L WEINSTEIN
EDITH WEINSTEIN
360 EAST 72ND STREET #106L
NEW YORK   NY 10021

| DATE | BOUGHT Received or Long | SOLD Delivered or Short | TM | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|------|------|------|------|------|------|------|------|
| 11/12 | 350 | | 640 | WELLS FARGO & CO NEW | 29,500 | 10,025.80 | |
| 11/12 | 240 | | 2142 | HEWLETT PACKARD CO | 34,900 | 8,385.00 | |
| 11/12 | 200 | | 4966 | WAL-MART STORES INC | 57,100 | 11,620.64 | |
| 11/12 | 238 | | 9466 | INTERNATIONAL BUSINESS MACHS | 49,720 | 11,873.72 | |
| 11/12 | 504 | | 9292 | EXXON MOBIL CORP | 73,180 | 36,931.52 | |
| 11/12 | 552 | | 9794 | INTEL CORP | 14,550 | 8,031.52 | |
| 11/12 | 734 | | 14120 | JOHNSON & JOHNSON | 59,130 | 11,973.52 | |
| 11/12 | 360 | | 1844? | J.P. MORGAN CHASE & CO | 33,160 | 11,984.30 | |
| 11/12 | 392 | | 22772 | COCA COLA CO | 44,650 | 6,981.72 | |
| 11/12 | 112 | | 27997 | MCDONALDS CORP | 55,370 | 6,205.44 | |
| 11/12 | 100 | | 31422 | MERCK & CO | 59,460 | 5,946.40 | |
| 11/12 | 336 | | 35799 | MICROSOFT CORP | 21,900 | 7,650.20 | |
| 11/12 | 152 | | 40015 | ORACLE CORPORATION | 39,410 | 6,658.20 | |
| 11/12 | 152 | | 53055 | PEPSICO INC | 56,410 | 8,580.32 | |
| 11/12 | 96 | | 37392 | APPLE INC | 71,560 | 6,871.44 | |
| 11/12 | 046 | | 37082 | PFIZER INC | 46,610 | 11,062.12 | |
| 11/12 | 152 | | 41700 | ABBOTT LABORATORIES | 62,090 | 8,306.72 | |
| 11/12 | 208 | | 3?107 | PROCTER & GAMBLE CO | 64,790 | 18,466.04 | |
| 11/12 | 104 | | 6?601 | AMGEN INC | 59,150 | 6,156.60 | |
| 11/12 | 200 | | 69533 | PHILLIP MORRIS INTERNATIONAL | 43,600 | 8,720.00 | |
| 11/12 | 480 | | 70357 | BANK OF AMERICA | 21,590 | 10,362.20 | |
| 11/12 | 150 | | 70639 | QUALCOMM INC | 33,770 | 5,409.20 | |
| 11/12 | 220 | | | CITI GROUP INC | 42,810 | 9,425.20 | |

BALANCE FORWARD                                                   27,965.43

CONTINUED ON PAGE   2

PORTFOLIO MANAGEMENT GROUP: 1-M0-51-5-0

TRADE DATE 11/30/09

ACCOUNT NUMBER: ********5935

PAGE 1

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

SHERYL L WEINSTEIN
360 EAST 72ND STREET B1609
NEW YORK        NY 10021

| DATE | YOU BOUGHT RECEIVED OR DELIVERED | YOU SOLD DELIVERED OR RECEIVED | TRAN. | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| 11/11 | 420 | | 74663 | SCHLUMBERGER LTD | 45.48 | | 5,941.80 |
| 11/12 | 260 | | 15182 | COMCAST CORP | 16.30 | | 4,265.84 |
| 11/12 | 568 | | 79009 | ATT INC | | | 15,358.00 |
| 11/12 | 144 | | 79511 | CL A | | | 7,366.44 |
| 11/12 | 96 | | 83335 | CONOCOPHILLIPS | | | 4,990.84 |
| | | | | UNITED PARCEL SVC INC | | | |
| 11/12 | 584 | | 83037 | CLASS B | 27 | | 9,793.32 |
| 11/12 | 168 | | 87661 | U S BANCORP | 29.520 | | 4,967.04 |
| 11/12 | 200 | | 88163 | CISCO SYSTEMS INC | 73.430 | | 14,694.00 |
| 11/12 | 96 | | 91987 | CHEVRON CORP | 53.160 | | 5,106.36 |
| 11/12 | 1,016 | | 92489 | UNITED TECHNOLOGIES CORP | 19.630 | | 19,984.08 |
| 11/12 | 27 | | 96313 | GENERAL ELECTRIC CO | 30.630 | | 826.51 |
| 11/12 | 24 | | 23248 | VERIZON COMMUNICATIONS | 312.410 | | 7,281.52 |
| | | | | GOOGLE | 336.936 | | 8,092.260 |
| | | | | U S TREASURY BILL | | | |
| | | | | DUE 2/12/2009 | | | |
| 11/12 | | 350,000 | | FIDELITY SPARTAN | | | |
| | | | | DIV 11/12/2009 | | | |
| | | | | U S TREASURY MONEY MARKET | | | |
| | | | | DIV 11/12/08 | DIV | | |
| | | | | FIDELITY SPARTAN | | | |
| 11/12 | | 43,103 | 19350 | U S TREASURY MONEY MARKET | 1 | | 43,103.00 |
| | | | | FIDELITY SPARTAN | | | |
| | | | | U S TREASURY MONEY MARKET | | | |
| | | | | FIDELITY SPARTAN | | | |
| 11/12 | 291,025 | | 27748 | U S TREASURY MONEY MARKET | DIV | | 291,025.00 |
| | | | | DIV 11/19/08 | | | |
| | | | | CONTINUED ON PAGE   3 | | | |

CONTINUED ON PAGE   3

ACCOUNT NUMBER 1-ZA021-3-0

TAX PAYER  ID NUMBER  *****5935

DATE 11/30/08

PAGE 2

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES



BERNARD L. MADOFF
INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
(800) 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

SHERYL L WEINSTEIN
360 EAST 72ND STREET 81609
NEW YORK        NY 10021

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | T/N | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| 11/3/9 | 50,000 | | | FIDELITY SPARTAN U S TREASURY MONEY MARKET | | | |
| 11/1/9 | 3,034 | | | U S TREASURY BILL DUE 03/26/2009 3/26/2009 | 99.926 | 49,963.00 | |
| | | 29,025 | 33220 | U S TREASURY BILL | 1 | | 3,034.00 |
| | | 57737 | 62236 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | | 44,815.74 |
| | | | | NEW BALANCE | | | |
| | | | | SECURITY POSITIONS | | | |
| | 568 | | | AT&T INC | MKT PRICE 28.560 | | |
| | 152 | | | ABBOTT LABORATORIES | 52.520 | | |
| | 106 | | | AMGEN INC | 55.340 | | |
| | 88 | | | APPLE INC | 92.670 | | |
| | 480 | | | BANK OF AMERICA | 16.250 | | |
| | 200 | | | CHEVRON CORP | 75.010 | | |
| | 504 | | | CISCO SYSTEMS INC | 16.340 | | |
| | 520 | | | CITIGROUP INC | 6.290 | | |
| | 192 | | | COCA COLA CO | 46.670 | | |
| | 288 | | | COMCAST CORP CL A | 17.340 | | |
| | 144 | | | CONOCOPHILLIPS | 52.520 | | |
| | 504 | | | EXXON MOBIL CORP | 80.130 | | |
| | 1,026 | | | GENERAL ELECTRIC CO | 17.223 | | |

CONTINUED ON PAGE   4

TOTAL ACCOUNT NUMBER
1-W0221-1-0

TAX IDENTIFICATION NUMBER
XXX-XX-5935

REPORT DATE
11/30/08

PAGE
3

29,025.025.0

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES







Received Fax :          Nov 17 2009 2:54PM   Fax Station : Kachroo Legal Services          page : 6

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

SHERYL L WEINSTEIN
360 EAST 72ND STREET 81609
NEW YORK          NY 10021

YOUR ACCOUNT NUMBER: 1-W0031-4-0

DATE: 11/30/06

YOUR TAX PAYER IDENTIFICATION NUMBER: ********5935

Madoff Securities 11

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|
| | | | | BALANCE FORWARD | | |
| 11/12 | 8 | | 44431 | S & P 100 INDEX | 15.800 | |
| 11/12 | | 8 | 48727 | NOVEMBER 460 CALL | 17.800 | 14,248.00 |
| 11/19 | 8 | | 34831 | S & P 100 INDEX NOVEMBER 450 PUT | | |
| 11/29 | | 8 | 39156 | S & P 100 INDEX DECEMBER 430 CALL | 26 | 24,000.00 |
| 11/29 | 8 | | 43481 | S & P 100 INDEX DECEMBER 420 PUT | 30 | |
| | | 8 | 47806 | S & P 100 INDEX NOVEMBER 460 CALL | 3 | 2,408.00 |
| | | | | S & P 100 INDEX NOVEMBER 450 PUT | 37 | |
| | | | | NEW BALANCE | | |
| | | | | SECURITY POSITIONS | | |
| | | | | S & P 100 INDEX DECEMBER 430 CALL | MKT PRICE 23.300 | |
| | | | | S & P 100 INDEX DECEMBER 420 PUT | 16.500 | |
| | | | | MARKET VALUE OF SECURITIES LONG 13,200.00 | | |
| | | | | SHORT 18,040.00— | | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

Received Fax :          Nov 17 2009 2:54PM    Fax Station : Kachroo Legal Services          page   7