# EVELYN E. NEWMAN TRUST
## 6450 CECIL AVENUE
## ST. LOUIS, MO 63105

December 28, 2009

JAN - 4 2010

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Bankruptcy Case #08-1789 (BRL)
Claim #005615

To: Irving H. Picard, Trustee for Liquidation
of Bernard L. Madoff Investment Securities, LLC (hereafter referred to as BLMIS)

To: and for consideration by United States Bankruptcy Court for the Southern District of New York.

Evelyn E. Newman Trust (hereafter referred to as Trust) which filed a claim in the BLMIS matter on February 26, 2009 disagrees with the December 11, 2009 denial by Picard of that claim (#005615) for the following reasons:

Beacon Associates LLC I (hereafter referred to as Beacon) was and is only an agent for the Trust and, therefore, the Trust is a direct claimant against BLMIS. While Beacon is a corporation under the Laws of the State of New York, it is actually a manager of an investment account for the Trust and also a manager of accounts for other investors. Beacon issued no shares of stock to investors, had no shareholders, had no investors' election of directors and had no dividend functions. It was and is paid a percentage fee for services as an investment manager based upon the capital value of the investment account of each investor. Each investor or principal could add more capital or withdraw capital at any time. The amount of aggregate capital of all principals is determined at the end of each month by applying the reported earnings, gains, losses, expenses and service fees to the prior month's aggregate capital value after adjustment for additions and withdrawals of capital by principals. The capital value for each principal (such as the Trust) for each month was credited to the respective account of each principal based upon its proportional part of the adjusted capital value of all principals.

As of the end of each calendar quarter, each principal was sent a written statement based upon a summary of financial activity for that quarter and a new capital value as of the end of that quarter. While the more detailed written reports of BLMIS and of other investments were sent monthly to Beacon, the results were consolidated for accounting purposes by Beacon and sent promptly to all principals by Beacon in numerical amounts as of the end of each quarter calendar year. When the Beacon auditors finished their work at the end of each calendar year, they sent Federal Form 1065 K-1 to each principal for income tax and other purposes. The Trust paid and filed Federal and Missouri income taxes based upon these K-1 Forms. Beacon as an agent incurred no income tax obligations on any increases in value reported to its principals. The Trust made no withdrawals from Beacon at any time. The total capital loss for the Trust for 2008 was $5,875,089 as reported to the Trust by Beacon's

Page 2
December 28, 2009

auditors on Form 1065 K-1 for 2008. When the amount of BLMIS phantom income is deducted, the actual capital loss of the Trust for 2008 is more than $3,000,000 (the exact amount should be available from Beacon).

So far as the Trust knows, no fees or other payments were paid directly or indirectly by BLMIS to Beacon.

This Trust like many other investors needed an agent or other representative for investment purposes and accordingly compensated such an agent for such work on a percentage of capital value. This Trust selected Beacon as such an agent beginning in 2005. This practice relied on the agent to receive and study detailed reports on investments and for the Trust to review summaries of its agent's reports and performance. Whether its agent did similar work for others had no affect on the Trust.

The fact that BLMIS did not send separate monthly reports directly to the Trust as principal but sent combined monthly reports for a group of principals handled by the same agent is customary. What Beacon learned as agent in the course of its work as an agent was for and on behalf of the principal. A principal is responsible for and charged with the knowledge of its agent. Any interpretation of a law to exclude a claimant because the claimant did not have direct knowledge of detailed communications to an agent is unfair, unjust, discriminatory and improper.

We believe that under SIPA a requirement of Picard is to approve payment of an actual loss up to $500,000 for each separate principal where only the agent for that separate principal received the monthly reports from BLMIS. There is no intermediary between BLMIS and the Trust, but only the agent of the Trust. Beacon as Trust's agent did not request BLMIS to issue separate reports for each Beacon principal because each principal's results could be readily ascertained from Beacon's own records after receiving a consolidated report from BLMIS covering all Beacon's principals.

We presume for precautionary reasons that Beacon has filed a claim with Picard on behalf of all its principals. In that case there should be no double dipping and Beacon's claim should be equitably reduced when the claim of this Trust is allowed.

We are unaware as to whether or not other principals in Beacon or similar situations are taking a position like ours and/or were denied. Any information as to such matters which may avoid unnecessary duplication of time and work by Picard, the Court and us will be welcome.

Respectfully submitted,

Evelyn E. Newman Trust

By *[signature]*
Eric P. Newman, Trustee
6450 Cecil Avenue
St. Louis, MO 63105
Telephone: 314 727-0850
Email: ERICNUMIS@aol.com
