# EXHIBIT C

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES INVESTOR PROTECTION
CORPORATION,

    Plaintiff-Applicant,

v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

    Defendant.

---

Adversary Proceeding

No. 08-01789-BRL

### ORDER ON APPLICATION FOR AN ENTRY OF AN ORDER APPROVING FORM AND MANNER OF PUBLICATION AND MAILING OF NOTICES, SPECIFYING PROCEDURES FOR FILING, DETERMINATION, AND ADJUDICATION OF CLAIMS; AND PROVIDING OTHER RELIEF

An order having been entered on consent by the Honorable Louis L. Stanton, United States District Judge, on December 15. 2008 (the "Protective Order") (1) finding that the customers of Bernard L. Madoff Investment Securities LLC (the "Debtor") are in need of the protection afforded by the Securities Investor Protection Act, 15 U.S.C. §78aaa et seq. ("SIPA"), (2) appointing Irving H. Picard as Trustee (the "Trustee") and Baker & Hostetler LLP as counsel for the Trustee, and (3) removing the liquidation proceeding to this Court; and it appearing, as set forth in the Trustee's Application dated December 21, 2008 (the "Application"), that this Court is required by SIPA and the Bankruptcy Code to direct the giving of notice regarding, among other things, the commencement of this liquidation proceeding, the appointment of the Trustee and his counsel; the hearing on disinterestedness of the Trustee and his counsel; the meeting of creditors; and the Trustee having recommended procedures for

resolution of customer claims and distributions; and it appearing that notice of the Application has been given to the Securities Investor Protection Corporation ("SIPC") and that no other notice need be given; no adverse interest having been represented, and sufficient cause appearing therefor, it is:

ORDERED, that the Application is granted; and it is further

ORDERED, that the Notice, explanatory letters, claim forms, and instructions appearing as Exhibits A, B, C, D, E, F, G and H to the Application, or substantially in that form, be, and they hereby are, authorized and approved, and shall be mailed by the Trustee to all former customers, broker-dealers, and other creditors of the Debtor, in conformance with this Order and in substantially the form appearing in those Exhibits, on or before January 9, 2008; and it is further

ORDERED, that the Trustee shall have the authority, on the advice and consent of SIPC, to amend these forms without further order of this Court; and it is further

ORDERED, that under 15 U.S.C. §78fff-2(a)(1), the Trustee be, and he hereby is, authorized and directed to cause the notice annexed as Exhibit A to the Application (the "Notice") to be published once in *The New York Times*, all editions; *The Wall Street Journal*, all editions; *The Financial Times*, all editions; *USA Today*, all editions; *Jerusalem Post*, all editions; *Ye'diot Achronot*, all editions, on or before January 9, 2008; and it is further

ORDERED, that under 15 U.S.C. §78fff-2(a)(1), the Trustee be, and he hereby is, authorized and directed to mail (a) a copy of the Notice, explanatory information, and claim form to each person who, from the books and records of the Debtor, appears to have been a

customer of the Debtor with an open account during the twelve (12) month period prior to December 11, 2008, (b) a copy of the Notice, explanatory letter, and claim form to creditors other than customers, and (c) a copy of the Notice, explanatory letter and Series 300 Rules to broker-dealers, at the addresses of such customers, broker-dealers, and creditors as they appear on available books and records of the Debtor, and finding that such mailing complies with the Notice Provision; and it is further

ORDERED, that under 15 U.S.C. §78fff-2(a)(3), any claim of a customer for a net equity which is received by the Trustee after the expiration of sixty (60) days from the date of publication of the Notice need not be paid or satisfied in whole or in part out of customer property, and, to the extent such claim is satisfied from monies advanced by SIPC, it shall be satisfied in cash or securities (or both) as the Trustee may determine to be most economical to the estate; and it is further

ORDERED, that, pursuant to 15 U.S.C. §78fff-2(a)(2), all claims against the Debtor shall be filed with the Trustee; and it is further

ORDERED, that all claims against the Debtor shall be deemed properly filed only when received by the Trustee at Irving H. Picard, Esq., Trustee for Bernard L. Madoff Investment Securities LLC, Claims Processing Center, 2100 McKinney Ave., Suite 800, Dallas, TX 75201; and it is further

ORDERED, that February 4, 2009, at 10:00 a.m., at Courtroom 601 of the United States Bankruptcy Court, One Bowling Green, New York, New York, is fixed as the time and place for a hearing on the disinterestedness of the Trustee and his counsel, as required by 15 U.S.C. §78eee(b)(6)(B); and it is further

ORDERED, that objections, if any, to the appointment and retention of the Trustee or his counsel shall be in the form prescribed by the Federal Rules of Civil Procedure and shall be filed with the Court, preferably electronically (with a courtesy hard copy for Chambers) and a hard copy personally served upon Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, NY 10111, Attention: David J. Sheehan, Esq. and Douglas E. Spelfogel, Esq., and the Securities Investor Protection Corporation, 805 Fifteenth Street, N.W., Suite 800, Washington, D.C. 20005-2215, Attention: Kevin Bell, on or before 12:00 noon on January 30, 2009; and it is further

ORDERED, that (a) the meeting of creditors required by Section 341(a) of the Bankruptcy Code, 11 U.S.C. §341(a), shall be held on February 20, 2009, at 10:00 a.m., at the Auditorium at the United States Bankruptcy Court, Southern District of New York, One Bowling Green, New York, New York 10004 and (b) the Trustee shall preside at such meeting of creditors for the purpose of examining the Debtor and any of its officers, directors or stockholders and conducting such other business as may properly come before such meeting; and it is further

ORDERED, that the Debtor, by any of its officers, directors, employees, agents or attorneys, shall comply with SIPA and the pertinent sections of the Bankruptcy Code, including, without limiting the generality of the foregoing, (a) by designating a person to appear and submit to examination under oath at the meeting of creditors under Section 341(a) of the Bankruptcy Code, and (b) by complying with the Debtor's duties under Section 521 of the Bankruptcy Code, 11 U.S.C. §521, i.e., (i) by timely filing the schedules of assets and liabilities, of executory contacts, of pending litigations and information about any other pertinent matters; (ii) timely filing a list of creditors, a schedule of assets and liabilities and a statement of financial

affairs, (iii) cooperating with the Trustee as necessary to enable the Trustee to perform his duties; and (iv) surrendering forthwith to the Trustee all property of the Debtor's estate and any and all recorded information, including, but not limited to, books, documents, records, papers and computer; and it is further

ORDERED, that the Trustee be, and he hereby is, authorized to satisfy, within the limits provided by SIPA, those portions of any and all customer claims and accounts which agree with the Debtor's books and records, or are otherwise established to the satisfaction of the Trustee pursuant to 15 U.S.C. §78fff-2(b), provided that the Trustee believes that no reason exists for not satisfying such claims and accounts; and it is further

ORDERED, that the Trustee be, and he hereby is, authorized to satisfy such customer claims and accounts (i) by delivering to a customer entitled thereto "customer name securities," as defined in 15 U.S.C. §78*lll*(3); (ii) by satisfying a customer's "net equity" claim, as defined in 15 U.S.C. §78*lll*(11), by distributing on a ratable basis securities of the same class or series of an issue on hand *as* "customer property," as defined in 15 U.S.C. §78*lll*(4), and, if necessary, by distributing cash from such customer property or cash advanced by SIPC, or purchasing securities for customers as set forth in 15 U.S.C. §78fff-2(d) within the limits set forth in 15 U.S.C. §78fff-3(a); and/or (iii) by completing contractual commitments where required pursuant to 15 U.S.C. §78fff-2(e) and SIPC's Series 300 Rules, 17 C.F.R. §300.300 et seq., promulgated pursuant thereto; and it is further

ORDERED, that with respect to claims for "net equity," as defined in 15 U.S.C. § 78*lll*(11), the Trustee be, and he hereby is, authorized to satisfy claims out of funds made available to the Trustee by SIPC notwithstanding the fact that there has not been any showing or

5

determination that there are sufficient funds of the Debtor available to satisfy such claims; and it is further

ORDERED, that with respect to claims relating to, or net equities based upon, securities of a class and series of an issuer which are ascertainable from the books and records of the Debtor or are otherwise established to the satisfaction of the Trustee, the Trustee be, and he hereby is, authorized to deliver securities of such class and series if and to the extent available to satisfy such claims in whole or in part, with partial deliveries to be made pro rata to the greatest extent considered practicable by the Trustee; and it is further

ORDERED, that with respect to any customer claim in which there is disagreement between such claimant and the Trustee with regard to satisfaction of a claim, the Trustee be, and he hereby is, authorized to enter into a settlement with such claimant with the approval of SIPC, and without further order of the Court, provided that any obligations incurred by the Debtor estate under the settlement are ascertainable from the books and records of the Debtor or are otherwise established to the satisfaction of the Trustee; and it is further

ORDERED, that with respect to customer claims which disagree with the Debtor's books and records and which are not resolved by settlement, the following procedures shall apply to resolve such controverted claims:

  A. The Trustee shall notify such claimant by mail of his determination that the claim is disallowed, in whole or in part, and the reason therefor, in a written form substantially conforming to Exhibit G to the Application.

  B. If the claimant desires to oppose the determination, the claimant shall be required to file with this Court, preferably electronically, and a hard copy with

the Trustee a written statement setting forth in detail the basis for the opposition, together with copies of any documents in support of such opposition, within thirty (30) days of the date on which the Trustee mails his determination to the claimant. If the claimant fails to file an opposition as hereinabove required, the Trustee's determination shall be deemed approved by the Court and binding on the claimant.

    C.    Following receipt by the Trustee of an opposition by a claimant, the Trustee shall obtain a date and time for a hearing before this Court on the controverted claim and shall notify the claimant in writing of the date, time, and place of such hearing.

    D.    If a claimant or his counsel fails to appear at the hearing on the controverted claim, then the Trustee's determination may be deemed confirmed by this Court and binding on the claimant.

ORDERED, that the bar date for all claims is six (6) months from the date of publication of Notice and mailing that complies with the Notice Provisions ("Publication Date"), and the bar date for receiving the maximum possible protection for customer claims under SIPA is sixty (60) days from the Publication Date; and it is further

ORDERED, that under 15 U.S.C. §78fff-1(c) the Trustee shall file a progress report with this Court within six (6) months after publication of the Notice of Commencement, and shall file interim reports every six (6) months thereafter; and it is further

ORDERED, that the requirement of Local Bankruptcy Rule 9013-1(b) regarding the filing of a separate memorandum of law is waived.

Dated: December 23, 2008
      New York, New York

                                            /s/Burton R. Lifland\_\_\_
                                            BURTON R. LIFLAND
                                            UNITED STATES BANKRUPTCY JUDGE