# EXHIBIT D

## PHILLIPS NIZER LLP

666 Fifth Avenue
New York, NY 10103-0084
212.977.9700
Fax 212.262.5152

600 Old Country Road
Garden City, NY 11530-2011
516.229.9400
Fax 516.228.9612

**Helen Davis Chaitman**\*
212.841.1320
201.646.1664
hchaitman@phillipsnizer.com
\*Admitted in New York and New Jersey

Court Plaza North
25 Main Street
Hackensack, NJ 07601-7015
201.487.3700
Fax 201.646.1764

www.phillipsnizer.com

November 6, 2009

BY EMAIL: BESSER@BAKERLAW.COM

Brian K. Esser, Esq.
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111

Re:   *SIPC v. BLMIS* (Adv. Pro. No. 08-01789-BRL)
       Benjamin T. Heller
       Rule 2004 Subpoena to Salisbury Bank and Trust Co.

Dear Mr. Esser:

We represent Benjamin T. Heller. We write in response to your October 20, 2009 letter to Mr. Heller in the hope that we can resolve our objection to the Rule 2004 subpoena *duces tecum* (the "Subpoena") that you served on Mr. Heller's bank, Salisbury Bank and Trust Co. ("Salisbury"), on October 29, 2009. We do not believe there is any legal basis for the Trustee's claim that he has a right to the immediate return of the "Funds" referenced in your October 20, 2009 letter. Moreover, we intend to move to quash or modify the Subpoena unless we reach an agreement narrowing its scope.

Mr. Heller will voluntarily provide documents in his possession concerning his BLMIS investments and withdrawals. Furthermore, we have no objection to the Subpoena to the extent it requests information from Salisbury regarding "Madoff" as defined in the Subpoena. However, the Subpoena is extremely overbroad and seeks irrelevant information to the extent it seeks any information unrelated to "Madoff." The Trustee has no right to any information regarding our client's non-Madoff assets and finances. The Subpoena is harassing, abusive, and far beyond the scope of the Trustee's December 31, 2008 application for authority to issue subpoenas, as well as Judge Lifland's January 12, 2009 order.

Rule 2004 discovery is broad, but it is not without limitation, particularly as to third parties and as to matters unrelated to the debtor. *See In re Drexel Burnham Lambert Group, Inc.,* 123 B.R. 702, 711 (B. S.D.N.Y. 1991). "The examination of a witness about matters having no relationship or no effect on the administration of an estate is improper." *Id.* (citing *In re Johns-*

1096274.1

**PHILLIPS NIZER**LLP

Brian K. Esser, Esq.
November 6, 2009
Page 2

*Manville Corp.*, 42 B.R. 362, 364 (S.D.N.Y. 1984) (scope of Rule 2004 discovery is subject to "general restriction of inquiry to the financial affairs of the debtor")). "It is clear that Rule 2004 may not be used as a device to launch into a wholesale investigation of a non-debtor's private business affairs." *Matter of Wilcher*, 56 B.R. 428, 434 (B. N.D. Ill. 1985) (language of Rule 2004 "makes it 'evident that an examination may be had only of those persons possessing knowledge of a debtor's acts, conduct or financial affairs so far as this relates to a debtor's proceeding in bankruptcy'") (quoting *In Re GHR Energy Corp.*, 35 B.R. 534, 537 (B. D. Mass. 1983)).

    The Subpoena is a transparent and improper attempt to obtain information about our client's assets when the Trustee does not have a judgment against our client and, indeed, has not even filed a complaint against him. As you know, if the Trustee ultimately loses on his re-definition of "net equity," his right to clawback will be similarly rejected by the courts.

    Presumably, if you thought you had a right to obtain such information, you would have subpoenaed our client, instead of his bank. "As a general rule, discovery concerning an adversary party's assets is not permitted during the course of the litigation unless it is relevant to the merits of a claim." *Sequa Corp. v. Gelmin*, 1995 WL 404726, *2 (S.D.N.Y. 1995). "[S]uch discovery is properly reserved for post-judgment proceedings, when a judgment creditor seeks the information necessary to permit it to enforce the judgment." *Id.* at *3. The only information concerning our client's assets that could possibly be relevant here and now would be information relating to Madoff, which, as indicated above, we have no objection to producing or having Salisbury provide pursuant to the Subpoena.

    Finally, your October 20 letter suggests that your are prepared to bring claims against our client to recover the "Funds" pursuant to 11 U.S.C. §§ 542, 547, 548, 550, 551, and under the New York Debtor and Creditor Law. The Subpoena is simply an impermissible attempt to bolster the Trustee's fraudulent conveyance claims against our client in advance of filing suit. The Trustee's effort to circumvent the traditional rules of discovery by using Rule 2004 is not permitted. *See* 10 Collier on Bankruptcy ¶ 7026.01, 7026-3 (15th ed. 2007) ("If an adversary proceeding or contested matter is pending <u>or is likely to be filed</u>, it is improper for one of the parties to use a Rule 2004 examination as a substitute for, or in addition to, discovery pursuant to Rule 26 . . . or to circumvent the rule's procedural protections provided to the parties and witnesses") (emphasis added) (citing *In re Bennet Funding Group*, 203 B.R. 24 (B. N.D.N.Y. 1996); *In re GHR Energy Corp.*, 35 B.R. 534, 538 (B. D. Mass. 1983) (once party is in position to file suit, it cannot use Rule 2004 to circumvent FRCP procedural safeguards)).

    Accordingly, we perceive no good faith basis for and we object to the overly-broad discovery you are seeking pursuant to the Subpoena. Please contact me to discuss this matter at your earliest convenience. We would prefer to reach an agreement with you restricting the scope of the Subpoena in accordance with the foregoing rather than having to seek relief from the