# EXHIBIT E

# Baker Hostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

November 11, 2009

Brian K. Esser
direct dial: 212.589.4236
besser@bakerlaw.com

**BY ELECTRONIC AND FIRST CLASS MAIL**

Helen Davis Chaitman, Esq.
Phillips Nizer LLP
666 Fifth Avenue
New York, NY 10103

Re:    *SIPC v. BLMIS (Adv. Pro. No. 08-01789-BRL)*
       Rule 2004 Subpoena to Salisbury Bank and Trust Co.

Dear Ms. Chaitman:

I write in response to your November 6, 2009 letter objecting to the Trustee's October 29, 2009 Bankruptcy Rule 2004 subpoena for documents to Salisbury Bank and Trust Co. concerning your client, Benjamin T. Heller (the "Subpoena"). Your November 6 letter also objects to the Trustee's October 20, 2009 letter requesting the return of approximately $16 million in funds received by Mr. Heller and his family from Bernard L. Madoff Investment Securities LLC ("BLMIS").

With respect to your position that there is no legal basis for the return of BLMIS funds, the Trustee has the right to pursue such funds pursuant to applicable law, including the Bankruptcy Code, state law and the Securities Investor Protection Act. As stated in the October 20, 2009 letter, the Trustee recognizes that there may be facts which impact his view regarding resolution of the matter. Furthermore, we have not yet determined whether we intend to bring an action against Mr. Heller or other parties. The investigation into the facts and circumstances of Mr. Heller's receipt of funds from BLMIS is still ongoing. Indeed, the Subpoena to which you have objected is specifically designed to gather information that will assist in making this determination.

Further to that point, we understand that you do not object to the Subpoena insofar as it requests information concerning "Madoff," as defined in the Subpoena. You maintain, however, that the Subpoena improperly seeks your client's "non-Madoff assets and finances" – whatever they may be – and is thus beyond the scope of the Trustee's authority. That is incorrect.

Contrary to your assertions, the Subpoena is tailored to obtain documents that will demonstrate ownership of the accounts, the flow of funds from BLMIS to Mr. Heller's accounts, and vice versa, as well as documents that will demonstrate any subsequent

Helen Davis Chaitman, Esq.
November 11, 2009
Page 2

transfers, pledging or other disposition by Mr. Heller of the funds received from BLMIS, and communications regarding same. All these documents are directly related to the Trustee's investigation and analysis of Mr. Heller as a BLMIS accountholder and transferee, and will assist the Trustee in determining whether to pursue action against Mr. Heller or others. And all of these documents are related to "Madoff," notwithstanding that they may fall within your understanding of what constitutes your client's "non-Madoff assets and finances." As such, the Subpoena is not overbroad, abusive, harassing, or beyond the scope of the Bankruptcy Rules or the Court's January 12, 2009 order.

Nevertheless, we are willing to confer to address particular concerns with the scope of and temporal limitations to the Subpoena. To that end, we agree to extend the return date of the Subpoena to November 23, 2009, to allow the parties sufficient time to resolve any disputes without resort to motion practice.

Finally, your letter indicates that Mr. Heller will voluntarily provide documents in his possession regarding his BLMIS withdrawals and investments. Thank you for volunteering such production. Please advise as to when you will provide these documents.

Sincerely,

Brian K. Esser

cc:   James R. Byrne, Esq. (counsel for Salisbury Bank and Trust Co.)