Jaspan Schlesinger LLP
300 Garden City Plaza
Garden City, New York 11530
(516) 746-8000
Steven R. Schlesinger, Esq. (SS 4225)

*Attorneys for Robert Zutty*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SECURITIES INVESTOR PROTECTION
CORPORATION,

        Plaintiff-Applicant,        Adv. Pro. No. 08-01789 (BRL)

    v.        SIPA Liquidation

BERNARD L. MADOFF INVESTMENT        (Substantively Consolidated)
SECURITIES LLC,

        Defendant.
-----------------------------------------------------------------X

IN RE:

BERNARD L. MADOFF,

        Debtor.
-----------------------------------------------------------------X

## ROBERT ZUTTY'S OBJECTION TO
## NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

      Robert Zutty ("Zutty"), by and through his counsel, Jaspan Schlesinger LLP, hereby raises and files this Objection to the Notice of Trustee's Determination of Claim, dated December 8, 2009 (the "Objection"), and respectfully shows and alleges as follows:

      1.     Prior to the bar date of July 2, 2009, Zutty mailed certified mail – return receipt a Customer Claim form (the "Customer Claim Form") with respect to accounts opened in his name with the Rye Select Broad Market Prime Fund, L.P. and the Rye Select Broad Market

XL Fund, L.P. (collectively, the "Funds") that were subsequently invested with Bernard L. Madoff Investment Securities LLC ("BLMIS"). A copy of the Customer Claim Form is annexed hereto as Exhibit "A". The Customer Claim Form reflected an aggregate stated balance of $1,282,248.00 as of October 31, 2008 in Zutty's accounts with the Funds. Zutty's claim was assigned Claim Number 001614.

2.      On or about December 8, 2009, the Trustee issued the Notice of Trustee's Determination of Claim, dated December 8, 2009 (the "Determination of Claim"). A copy of the Determination of Claim is annexed hereto as Exhibit "B". As reflected in the Determination of Claim, the Trustee denied Zutty's claim for a credit balance of $1,282,248.00 on the ground that "[he] did not have an account with BLMIS. Because [he] did not have an account, [he is] not a customer of BLMIS under SIPA as that term is defined at 15 U.S.C. § 78$lll$(2)." See Exhibit B.

3.      The Determination of Claim should be overturned and Zutty should be allowed a claim for the maximum amount with the balance as a claim against the estate and any remaining proceeds, totaling $1,282,248.00 as stated on his Customer Claim Form as Zutty was and is a "customer" of BLMIS under the meaning of the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq*. ("SIPA").

### THE DETERMINATION OF CLAIM SHOULD BE OVERTURNED AS ZUTTY IS ENTITLED TO A CLAIM FOR THE FULL AMOUNT AS STATED ON HIS CUSTOMER CLAIM FORM

4.      The Determination of Claim should be overturned as Zutty is entitled to receive the full amount of his claim under SIPA in the amount of $1,282,248.00 as stated on his Customer Claim Form.

5.    The Trustee has failed to render a determination and to satisfy Zutty's Customer Claim in accordance with the books and records of BLMIS, including the documents acknowledging customers of BLMIS that invested funds with BLMIS through means other than a direct account.  Additionally, the Trustee's chosen interpretation of the definition of the term "customer" under SIPA is too narrow and is also contrary to the purposes behind the enactment of this legislation.

6.    The Trustee has failed to meet his burden in objecting to the Customer Claim Form.  A proof of claim filed by a creditor is prima facie evidence of the amount and validity of the claim.  See Fed. R. Bankr. P. 3001.  The Trustee bears the burden of proof in challenging the amount and validity of Zutty's Customer Claim.  See In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); In re 37-02 Plaza LLC, 387 B.R. 413, 417 (Bankr. E.D.N.Y. 2008) ("The party objecting to a properly filed claim has the burden of introducing sufficient evidence to overcome that claim's prima facie validity.").  Zutty filed the Customer Claim Form for the monies he invested with BLMIS through the Funds.  See Exhibit A.  In order to meet his burden in overcoming the prima facie validity of the Customer Claim Form, the Trustee had to present evidence that Zutty is not a customer of BLMIS.  Stating that Zutty is not a customer because he did not have a direct account with BLMIS and ignoring the fact that Zutty had monies invested with BLMIS through the Funds is insufficient to meet his burden.

7.    Moreover, the legislative intent behind enacting SIPA was to "restore investor confidence in the capital markets, and upgrade the financial responsibility requirements for registered brokers and dealers." Sec. Investor Prot. Corp. v. Barbour, 421 U.S. 412, 415 (1975). "Congress' primary purpose in enacting the SIPA and creating the SIPC was . . . the protection of investors." Id. at 421; see In re First State Sec. Corp., 34 B.R. 492, 496 (Bankr. S.D. Fla.

1983) ("SIPA is remedial legislation. As such it should be construed liberally to effect its purpose. The purpose is the protection of the insolvent brokers' customers."); see also Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC, 401 B.R. 629, 633-34 (Bankr. S.D.N.Y. 2009) (noting that Congress' primary purpose behind enacting SIPA was to protect investors from financial losses arising from insolvency of brokers and to reestablish investor confidence). The Trustee's narrow definition of the term "customer" is not only incorrect, but also only serves to punish victims of Madoff and BLMIS and does not comport with the purposes behind SIPA.

8. The Trustee attempts to construe "customer" under SIPA to mean only "direct customer" thereby excluding from recovery those victims of Madoff and BLMIS who invested in BLMIS indirectly through a fund or feeder fund. Section 78*lll* of SIPA specifically states,

> The term "customer" of a debtor means any person (including any person with whom the debtor deals as principal or agent) who has a claim on account of securities received, acquired, or held by the debtor in the ordinary course of its business as a broker or dealer from or for the securities accounts of such person for safekeeping, with a view to sale, to cover consummated sales, pursuant to purchases, as collateral security, or for purposes of effecting transfer. The term "customer" includes any person who has a claim against the debtor arising out of sales or conversions of such securities, and any person who has deposited cash with the debtor for the purpose of purchasing securities . . .

15 U.S.C. § 78*lll*(2) (emphasis added). No distinction is made in the statutory definition of "customer" between those who had direct accounts with the debtor and those who had invested money through indirect means.

9. The application of the meaning of "customer" under SIPA is not as restrictive as the Trustee has chosen to make it with respect to certain investors of BLMIS. See Arford v. Miller, 239 B.R. 698, 701 (S.D.N.Y. 1999), aff'd In re Stratton Oakmont, 210 F.3d 420 (2d Cir.

2000) (finding that in order to be entitled to protections under SIPA, a claimant "must show not only that they entrusted securities to the brokerage house, but also that the losses they suffered were a result of that brokerage house's insolvency"); see also In re Klein, Maus & Shire, Inc., 301 B.R. 408, 419 (Bankr. S.D.N.Y. 2003) (determining that so long as property is owed to the investor by the debtor on the SIPA filing date, the investor has a "customer" claim).

10. The Customer Claim Form establishes that Zutty is entitled to protection under SIPA as a "customer" and nothing that the Trustee has offered in opposition refutes that fact.

> Whether a claimant "deposited cash with the debtor," however, does not . . . depend simply on to whom the claimant handed her cash or made her check payable, or even where the funds were initially deposited. Instead, the question is whether there was "actual receipt, acquisition or possession of the property of a claimant by the brokerage firm under liquidation."

In re Old Naples Sec., Inc., 223 F.3d 1296, 1302 (11th Cir. 2000). The books and records of BLMIS and the Customer Claim Form establish that Zutty transferred his monies to the Funds who then turned over these monies to BLMIS. In his Determination of Claim, the Trustee fails to acknowledge that Zutty had an account with the Funds and that the Funds are listed on the customer lists of BLMIS, thereby making Zutty a "customer" of BLMIS.

11. The Determination of Claim must therefore be reversed and Zutty should be entitled to receive the full amount of his claim ($1,282,248.00) as stated on his Customer Claim Form.

12. Zutty further reserves the right to revise, supplement, or amend this Objection, and any failure to object on a particular ground or grounds shall not be construed as a waiver of his right to object.

**WHEREFORE**, Zutty requests that its Customer Claim (Claim Number 001614) be allowed in its entirety in the amount of $1,282,248.00, together with such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
       January 6, 2010

                                              JASPAN SCHLESINGER LLP
                                              *Attorneys for Robert Zutty*

By:   s/Steven R. Schlesinger
       STEVEN R. SCHLESINGER (SS 4225)
       300 Garden City Plaza
       Garden City, New York 11530
       (516) 746-8000

TO:   Clerk of the United States Bankruptcy Court  (via ECF)
       for the Southern District of New York
       One Bowling Green
       New York, New York 10004

       Irving H. Picard, Trustee
       c/o Baker & Hostetler LLP
       45 Rockefeller Plaza
       New York, New York 10111