children, LINDA LANGER, RICHARD F. DeMATTEIS, SCOTT L. DeMATTEIS

and TRACEY SERKO, and his other lawful issue from time to time

living, as they shall select in their sole and absolute

discretion, to use and occupy the Quogue Residence (including

allowing guests of such issue to use the Quogue Residence), upon

such terms and conditions as the Trustees shall direct in their

sole and absolute discretion.

(c)   This Trust shall terminate on the first

to occur of (i) the determination by the Trustees to terminate

this Trust, which determination may be made by the Trustees, in

their sole and absolute discretion for any reason (including, but

not limited to, their determination that the income and principal

of the Trust is no longer sufficient to pay for the expenses of

the Quogue Residence) and if the Trustees so determine to

terminate this Trust, the Trustees shall be authorized (but not

directed) to sell all or a portion of the Quogue Residence, upon

such terms as they shall determine in their sole and absolute

discretion, in which case any net proceeds of any such sale shall

be disposed of as principal of this Trust as hereinafter provided,

(ii) the expiration of twenty-one (21) years after the death of

the last surviving of the Settlor's children, LINDA LANGER,

RICHARD F. DeMATTEIS, SCOTT L. DeMATTEIS and TRACEY SERKO, and his

other lawful issue in being at the date of the Settlor's death, or

(iii) such time when the Settlor has no lawful issue then living.

Upon such termination pursuant to (i) or (ii), the principal of

this Trust, together with any accrued, accumulated or undistributed income thereof, shall be paid over and distributed to such of the Settlor's lawful issue who shall then be surviving, in shares and sub-shares, _per stirpes_.  Upon such termination pursuant to (iii), such property shall be disposed of in accordance with the provisions of Article "EIGHTH" of this Agreement.

    4.    The then remaining balance, if any, of Nancy's Trusts (subject to Paragraph "L" of Article "SIXTEENTH" hereof) shall be divided into so many equal shares that there shall be one (1) equal share for each of the Settlor's children, LINDA LANGER, RICHARD F. DeMATTEIS, SCOTT L. DeMATTEIS and TRACEY SERKO, who shall then be surviving, and one (1) equal share (to be divided into sub-shares, _per stirpes_) for the lawful issue (collectively) of each of the Settlor's said children who shall have not so survived, but who shall have died leaving lawful issue so surviving, and the Trustees shall pay over and distribute such shares and sub-shares to such persons.

    B.    Subject to the provisions of Article "SEVENTH" of this Agreement but notwithstanding any other provision hereof to the contrary, if any beneficiary under Paragraph "C.3" (subclause (i) thereof) of Article "SECOND", Paragraph "D" of Article "SECOND", Paragraph "B" of Article "THIRD", Paragraph "A.1", "A.2", "A.3(c)(subclause (i) thereof)", "A.4" or Paragraph "B.4" of this Article "SIXTH", other than a child of the Settlor, shall

be under the age of thirty-five (35) years at the time when any interest herein should otherwise be distributable to such beneficiary (hereinafter sometimes referred to as the "beneficiary"), the Trustees shall retain the share or sub-share otherwise so distributable to such beneficiary in a further separate trust for the benefit of such beneficiary and shall dispose of the net income and principal thereof as follows:

1.   The Trustees may, at any time and/or from time to time, pay over or apply so much of the net income thereof as the Trustees, in their sole and absolute discretion, without regard to any and all other property, funds and resources (income or principal) which may be available to or for the use and benefit of such beneficiary, may deem necessary or proper for the health, maintenance, support and education of such beneficiary, and to enable or assist such beneficiary in the purchase of a residence or to participate or engage in any professional or business venture or relationship, and the Trustees shall accumulate any balance of said net income and add such accumulations of income to the principal of the trust at the end of each trust year.

2.   The Trustees, in addition to income, may, at any time and/or from time to time, pay over or apply so much of the principal thereof as the Trustees, in their sole and absolute discretion, after due regard to any and all other property, funds or resources (both income and principal) which may be available to or for the use and benefit of such beneficiary, may deem necessary

or proper for the health, maintenance, support and education of such beneficiary, and to enable or assist such beneficiary in the purchase of a residence or to participate or engage in any professional or business venture or relationship.

3.    The Trustees shall pay over and distribute to such beneficiary when he or she shall have attained the age of thirty (30) years, an amount equal to one-half (1/2) of the value of the principal of the trust held for his or her benefit as then constituted; and to shall over and distribute to such beneficiary when he or she shall have attained the age of thirty-five (35) years, the then remaining principal of such trust as then constituted, together with any accrued, accumulated or undistributed income thereof, provided, however, that if any such beneficiary shall have attained the age of thirty (30) years prior to his or her trust being set apart, then as soon as practicable upon said trust being set apart, the Trustees shall pay over and distribute to such beneficiary one-half (1/2) of such trust as then constituted.

4.    Upon the death of any beneficiary prior to the termination of the trust set apart for his or her benefit, the Trustees shall pay over and distribute any principal of the trust then held for him or her, together with any accrued, accumulated or undistributed income thereof, to his or her lawful issue then surviving, in shares and sub-shares, _per_ _stirpes_, or in default of such issue, the Trustees shall pay over and distribute the same to

the lawful issue then surviving of the direct lineal ancestor of the beneficiary in the nearest degree of consanguinity who was a lawful issue of the Settlor and who has lawful issue then surviving, in shares and sub-shares, _per stirpes_, or in default of such issue, the Trustees shall pay over and distribute the same to the Settlor's lawful issue then surviving, in shares and sub-shares, _per stirpes_; provided, however, that if a portion of any principal and income shall be payable under this Paragraph "B.4" to one or more of the Settlor's lawful issue for whom any property is then held in trust under the provisions of this Article "SIXTH" of this Agreement, such portion shall, instead of being paid outright to such issue, be added to the principal of such trust hereunder for the benefit of such issue and be held and disposed of as part thereof.

<u>SEVENTH</u>

Any provisions hereof to the contrary notwithstanding, the trusts established under Article "SIXTH" hereof shall terminate not later than twenty-one (21) years after the death of the last surviving of the Settlor's wife, NANCY DeMATTEIS, the Settlor's children, LINDA LANGER, RICHARD F. DeMATTEIS, SCOTT L. DeMATTEIS and TRACEY SERKO, and the Settlor's other lawful issue in being on the date of the Settlor's death, and upon such termination, the income and principal thereof shall be paid over and distributed to the then income beneficiary of each such trust.

EIGHTH

If none of the Settlor's wife, NANCY DeMATTEIS, the

Settlor's children, LINDA LANGER, RICHARD F. DeMATTEIS, SCOTT L.

DeMATTEIS and TRACEY SERKO, and the Settlor's other lawful issue

shall survive the Settlor, or if, at the termination of any trust

provided to be established pursuant to this Agreement, none of the

Settlor's said children or other lawful issue shall then be

surviving, the Trust Balance, or the then remaining principal of

such trust as then constituted, together with any accrued,

accumulated or undistributed income thereof not otherwise disposed

of, as the case may be, shall be divided into two (2) equal shares

to be disposed of as follows:

A.   One (1) such share shall be paid over and

distributed to such persons and in such proportions as the same

would be distributable under the laws of the State of New York

then in effect as if the Settlor had died the owner of said

property, intestate and a resident of said State.

B.   One (1) such share shall be paid over and

distributed to THE FREDERICK DeMATTEIS FAMILY FOUNDATION (or any

successor thereto), if it shall then be in existence and shall

then be a qualified charitable organization; provided, however,

that if THE FREDERICK AND NANCY DEMATTEIS FAMILY CHARITABLE TRUST

(as defined in Paragraph "A.1(b)" of Article "SECOND" hereof)

shall then be in existence and shall then be a qualified

charitable organization, such share shall not be paid over and

distributed to THE FREDERICK DeMATTEIS FAMILY FOUNDATION (or any successor to it) but shall instead be paid over and distributed to THE FREDERICK AND NANCY DEMATTEIS FAMILY CHARITABLE TRUST; provided, further, that, if none of THE FREDERICK DeMATTEIS FAMILY FOUNDATION (or any successor thereto) and THE FREDERICK AND NANCY DEMATTEIS FAMILY CHARITABLE TRUST shall then be in existence or if none of such entities shall be a qualified charitable organization at the time property is distributable to it, such property shall be distributed to such one or more qualified charitable organizations, and in such proportions, as the Trustees shall select in their absolute discretion.

## NINTH

A.   In the event that any beneficiary hereunder and the Settlor shall die simultaneously or under such circumstances that it is difficult or impracticable to determine who survived the other, then it is hereby directed, for the purposes of this Agreement, that such beneficiary shall be deemed to have predeceased the Settlor, except that if both the Settlor's wife, NANCY DeMATTEIS, and the Settlor shall die under those circumstances, then it is hereby directed that the Settlor's wife, NANCY DeMATTEIS, shall conclusively be presumed to have survived the Settlor with respect to one-half (1/2) of the Spouse's Part of the Trust Balance and not with respect to the remaining one-half (1/2) of the Spouse's Part of the Trust Balance, and that the provisions of this Agreement shall be construed accordingly.

Doc #30316536.WPD

B.   In the event that the special rule for persons with a deceased parent set forth in Code § 2651(e) and in Treasury Regulations § 26.2612-1(a)(2) would have been applicable if a descendant of the Settlor or of another beneficiary had predeceased the Settlor or had predeceased the other beneficiary, as the case may be, such descendant shall be deemed to have predeceased the Settlor or the other beneficiary if he or she dies within ninety (90) days after the Settlor's death or within ninety (90) days after the death of the other beneficiary, as the case may be.

TENTH

Anything herein contained to the contrary notwithstanding, whenever pursuant to this Agreement any part of the Trust Estate or of any separate trust created hereunder shall vest in absolute ownership in a person under the age of twenty-one (21) years (hereinafter called the "Minor"), the following provisions shall apply:

A.   The Trustees are authorized and empowered, in their sole and absolute discretion, to hold the property so vested in the Minor in a separate fund for the benefit of the Minor and to invest and reinvest the same, collect the income therefrom, and during the period until the Minor attains the age of twenty-one (21) years to apply so much of the net income and principal to the health, education, maintenance or support of the Minor as the Trustees shall deem necessary, and to accumulate the balance of

said income, if any, until the Minor shall attain the age of twenty-one (21) years, at which time all accumulated income and unexpended principal shall be paid over to him or her.

B.  The Trustees, in their sole and absolute discretion, may designate any of themselves or any adult person as Custodian for the Minor under the provisions of the Uniform Transfers (or Gifts) to Minors Act then in effect in an appropriate state (hereinafter called the "Act"), and may distribute so much of such property which consists of "custodial property" as that term is described in said Act, to such Custodian.  The Custodianship shall continue until the Minor attains the age of twenty-one (21) years, unless sooner terminated under the Act.

<u>ELEVENTH</u>

A.  The Trustees shall pay over to the executors or other legal representative(s) of the Settlor's estate out of the Trust such amounts as the said legal representative(s) shall from time to time after the Settlor's death, certify to the Trustees as the amount required to pay:  (1) the funeral and administration expenses of the Settlor's estate; and (2) any insufficiency resulting because the value of the cash and marketable securities comprising the Settlor's probate estate is less than the total of: (a) all cash bequests and other general bequests made in the Settlor's Last Will and Testament and (b) all other debts, liens and other claims enforceable against the Settlor's estate, which

his legal representative(s) are required to discharge and any interest thereon, provided that there shall be no specific contrary direction in the Will of the Settlor referring specifically to this Agreement. The Trustees may, but shall not be required to, rely upon the written certification of amounts required by the Settlor's said legal representative(s); provided, however, that any payments made pursuant to this Paragraph shall not be made from any funds or property, or the proceeds thereof, that are not otherwise includible in the Settlor's estate for purposes of Federal or state transfer, estate, inheritance, legacy, succession or like taxes, including any interest and penalties thereon, by reason of the Settlor's death. The Trustees shall further deliver to the legal representative(s) of the Settlor's estate any property passing under this Agreement, which would otherwise be effectively specifically bequeathed or devised by the Settlor's Last Will and Testament.

B.   If the Settlor's wife, NANCY DeMATTEIS, shall survive the Settlor, the Trustees shall pay all transfer, estate, inheritance, legacy, succession and like taxes, including any interest and penalties thereon, levied upon or assessed against the Settlor's estate with respect to property passing under this Agreement, under the Settlor's Will or outside of the Settlor's Will and which is required to be included in the Settlor's taxable estate (hereinafter referred to as the "estate taxes") out of the Non-Marital Part of the Trust Balance, as an expense of

administration without apportionment.  If the Non-Marital Part
shall be insufficient to pay the estate taxes, the balance of the
estate taxes, or all of the estate taxes, as the case may be,
shall be paid out of the Spouse's Part of the Trust Balance.

C.  If the Settlor's wife, NANCY DeMATTEIS, shall not
survive the Settlor, the Trustees shall pay the estate taxes out
of the Trust Balance passing under Paragraph "B" of Article
"THIRD" or Article "EIGHTH" hereof, as the case may be, as an
expense of administration without apportionment.

D.  No devisee, legatee or other recipient of
property constituting part of the Settlor's taxable estate shall
be required to pay or contribute to the payment of such taxes.

E.  Notwithstanding the above, if any Generation-
Skipping Transfer Tax ("GST") shall be payable at, after or with
respect to the Settlor's death, under Chapter 13 of the Code or
any similar state estate or inheritance tax provision, or any
additional estate tax shall be imposed by § 2032A(c) of the Code
or any similar state estate or inheritance tax provision, any such
taxes, including any interest and penalties thereon, shall be
apportioned against and paid by or on account of the person(s) in
possession of the property giving rise to such tax(es) or
benefitted thereby, or the trustee(s) or distributee(s) of the
property with respect to which the tax(es) shall be imposed, as
the case may be.  It is hereby directed that the amount of such
tax(es) under this Paragraph "E", together with any interest and
penalties thereon, which shall be apportioned and/or recovered

with respect to this Paragraph "E" shall be the difference between the amount of tax(es), including interest and penalties thereon, actually payable and the amount thereof which would have been payable had such property not been included in the computation of such tax(es).

F.   If any tax is imposed on property includible in the Settlor's estate by reason of § 2044 of the Code or any similar state estate or inheritance tax provision, the Settlor directs the Trustees to recover such tax, including any interest and penalties thereon, as provided under § 2207A of the Code, or as provided under any similar state estate or inheritance tax provision as to such state tax.

### TWELFTH

A.   If any of DONALD M. SCHAEFFER, STANLEY SIROTE or RONALD L. GALLATIN shall die or shall become unwilling or unable to continue to act as Trustee, the Settlor hereby nominates, constitutes and appoints DOUGLAS COOPER to be Trustee in his place and stead.

B.   1.   Notwithstanding anything to the contrary elsewhere contained in this Agreement, the Settlor directs that after his death and during his life while he is not acting as a Trustee, there shall always be three (3) Trustees acting in respect of any trust hereunder, other than or in addition to any person who is the income beneficiary of such trust or any person legally obligated to support any such income beneficiary

31

(hereinafter referred to collectively as the "Independent
Trustees" and individually as an "Independent Trustee"), and the
Settlor directs that in order to ensure that there are always
three (3) acting Independent Trustees of each trust created
hereunder, the three (3) Independent Trustees, acting jointly and
by majority vote, shall appoint any person (other than any person
who is the income beneficiary of such trust or any person legally
obligated to support any such income beneficiary), or a bank or
trust company to act (subject, however, to the above appointment
of DOUGLAS COOPER as the first successor Independent Trustee) as
successor Independent Trustee upon the death or resignation of the
first of the appointing Independent Trustees to die or resign, by
a written instrument duly acknowledged by the appointing
Independent Trustees and delivered to such person, persons or bank
or trust company.

2.    If at any time after the Settlor's death or
during his life while the Settlor is not acting as a Trustee
despite the direction set forth in Paragraph "B.1" of this
Article, there are fewer than three (3) Independent Trustees of
any trust created hereunder acting or willing and available to
qualify, the Settlor directs that all the then acting Trustees
(including, without limitation, the Settlor's wife, NANCY
DeMATTEIS, if she is then a Trustee), acting jointly and by
majority vote, shall appoint a sufficient number of person(s)
(other than any person who is the income beneficiary of such trust
or any person legally obligated to support any such income

beneficiary) and/or a bank or trust company to fill such vacancy(ies) in the office(s) of Independent Trustee(s), and to act as successor Independent Trustee(s), by a written instrument duly acknowledged by the acting Trustees, and delivered to such person(s) or bank or trust company.

C.   The appointment of any Trustee hereunder shall be effective upon the date when the person, bank or trust company appointed as Trustee hereunder shall qualify as such by executing and acknowledging his, her or its, as the case may be, consent to act as such Trustee and to be bound by the terms and provisions hereof.  The consent shall be delivered to the Settlor, if he shall then be living, and if he is not then living, to the then adult beneficiary or beneficiaries hereunder, if any, and to the then surviving Trustee(s), if any.

D.   1.   No person or bank or trust company named herein or otherwise appointed pursuant hereto, either as an original Trustee or as successor Trustee, shall be required to furnish any bond for the performance of his, her or its duties as Trustee, but if any bond is required by any law or statute, no sureties shall be required thereon.  The successor Trustee(s) shall have all the powers and authority of the original Trustees named herein.

2.   Notwithstanding any otherwise applicable contrary rule of law:  No Trustee shall be liable or responsible for any claim, loss or damages of any kind relating to any trust hereunder unless the same shall have been the result of such

Trustee's gross negligence or fraud. Without limitation to the foregoing sentence, each Trustee at any time acting hereunder shall be deemed to have acted within the scope of such Trustee's authority, to have exercised reasonable care, diligence and prudence, and to have acted impartially as to all persons interested unless the contrary be proved by affirmative evidence of such Trustee's gross negligence or fraud in that regard, and in the absence of such proof shall not be liable for loss arising from depreciation or shrinkage in value of any property authorized to be held or acquired. The provisions of this Paragraph "D.2" shall also apply, without limitation, to any donee of a power during minority. No Trustee shall be liable for the acts or defaults of a Co-Trustee. Each Trustee shall be entitled to reimbursement from the Trust Estate for any reasonable expenses incurred by such Trustee, including, without limitation, reasonable legal and/or accounting fees, in connection with any claim asserted against such Trustee, individually and/or as Trustee, relating to any trust hereunder unless and except to the extent that a court of competent jurisdiction shall finally determine that such claim arose from such Trustee's gross negligence and/or fraud.

E.   No Trustee hereunder (other than the Settlor), shall participate in the exercise of any discretion to determine the propriety or amount of payments of income or principal to himself, herself or any person he or she is legally obligated to

Doc #30316536.WPD

support and the remaining Trustee(s) alone shall exercise that discretion.

F.    The Settlor directs that whenever a majority of the Trustees cannot agree upon a course of action after his death or during his life while the Settlor is not acting as a Trustee, the decision of a majority of the Independent Trustees shall control.

G.    Following the Settlor's death, the Trustees shall be expressly authorized, acting jointly with the Executors under the Settlor's Will, to make the election described in Section 645(a) of the Code.

H.    The Settlor directs that his wife, NANCY DeMATTEIS, shall not be entitled to receive any Trustee's commissions or other compensation for acting as a Trustee.


## THIRTEENTH

A.    Any Trustee shall have the right to resign at any time with or without cause on appropriate notice. Neither the death nor resignation of any Trustee nor the appointment of any successor Trustee shall require an accounting at the time, but such accounting may be included with and as part of the next account rendered by the Trustee(s).

B.    Resignation of a Trustee shall be effected by delivering a written notice of resignation signed and acknowledged by the resigning Trustee to the remaining Trustee(s) and to the Settlor, if he is then living, and if he is not then living, to

35

the then adult beneficiary or beneficiaries hereunder, and to the
next appointed successor Trustee, if any.  Such resignation shall
thereafter be annexed hereto and shall be effective on the date
stated in such notice, which shall not be less than fifteen (15)
days after delivery of the notice.

### FOURTEENTH

The words "Trustee" and "Trustees" or either of them,
wherever used in this Agreement, shall be deemed to mean the
original Trustees appointed hereunder and/or as herein provided,
the successor Trustee(s) and/or co-Trustee(s).

### FIFTEENTH

For the purposes of this Agreement, the Settlor shall
be "incompetent" during any period of time in which the Trustee(s)
other than the Settlor then acting hereunder shall be in
possession of any of the following:  (1) a currently applicable
order from a court of competent jurisdiction holding the Settlor
to be legally incompetent to act in his own behalf or appointing a
guardian, committee or conservator, as the case may be, of his
person and/or property to act for him; (2) duly executed,
witnessed and acknowledged written certificates both of which are
unrevoked, of two licensed physicians (each of whom represents
that he or she is certified by a recognized medical board), each
certifying that such physician has examined the Settlor and has
concluded that, by reason of accident, physical or mental illness,

36

progressive or intermittent physical or mental deterioration, or other similar cause, the Settlor had, at the date of the written certificate, become incompetent and/or unable to act rationally and prudently in his own best interests; or (3) evidence, which such Trustee(s) shall deem to be credible and still currently applicable, that the Settlor has disappeared, is unaccountably absent, or is being detained under duress where he is unable, effectively and prudently, to look after his own financial best interests.

## SIXTEENTH

With respect to the management and administration of the Trust and any separate trust created hereunder, the Trustees and the Donee(s) of a power during minority shall have all of the powers conferred by the laws of the State of New York, and in addition thereto, the following discretionary powers without limitation by reason of specification:

A.    To hold and, either permanently or temporarily, retain any of the original property transferred into the Trust or any separate trust created hereunder, for any length of time without regard to the proportion such property may bear to the entire amount of the Trust or any separate trust created hereunder, or to the fact that the property may not be of a character permissible for investment by fiduciaries under the present or future laws applicable thereto.

B.    To sell at public or private sale for cash or upon credit (including the extension of credit for periods in excess of one year) with or without security, upon such terms as they may consider advisable, or otherwise dispose of any property, real or personal, or in which from time to time there may be an investment or reinvestment, including the giving

37

or granting of options for periods in excess of six (6) months in connection therewith.

C.   To hold securities in their names as Trustees or in the name of a nominee or in such form as to pass by delivery.

D.   To retain, to exchange for any other property, to divide, subdivide, partition, mortgage, improve, alter, remodel, repair and develop in any manner any real property and to lease any such property for such term or terms, and upon such conditions and rentals, and in such manner, as in their sole and absolute discretion, they shall deem advisable, irrespective of whether the term of any such lease shall exceed the period permitted by law or the term of the Trust or any separate trust hereunder.

E.   To abandon any real or personal property which the Trustees may determine to be worthless, any such determination by the Trustees to be binding and conclusive on all parties interested hereunder.

F.   To invest and from time to time reinvest the Trust or any separate trust created hereunder, in such common or preferred stocks, investment trust stocks, and in such bonds, securities, mortgages and other property, real or personal and foreign or domestic, as in their sole and absolute discretion, they may deem advisable, whether or not productive of income or a wasting asset and whether or not the said investments are authorized as an investment for trust funds by the laws of the State of New York, or of any other jurisdiction, in force at the time of the investment.

G.   To borrow money in the name of the Trust or any separate trust created hereunder for such periods and upon such terms as shall be necessary or convenient and as security to mortgage or pledge any real or personal property forming a part of the Trust or any separate trust created hereunder.

H.   To lend any part of the property of the Trust or any separate trust created hereunder to any person including any beneficiary of the Trust or any such separate trust, the estate of any deceased beneficiary, or any estate or other trust in which any beneficiary has an interest, upon any reasonable terms and conditions, for any period, with or without security, for any purpose which will benefit the Trust

or such separate trust or any beneficiary of the Trust or such separate trust.

I.   To vote in person or by general or limited proxy upon all stock held by them; to approve or oppose, directly or through a committee or other agent, the reorganization, consolidation, merger, dissolution or liquidation of any corporation, or the sale, lease, pledge or mortgage of any property by or to any corporation, any of the stocks, bonds, notes or other securities which are held in the Trust or any separate trust created hereunder, and to do any acts with reference to such stocks, bonds, notes and other securities which they may deem necessary or proper to enable them to obtain the benefit of any such transaction; to exercise any conversion privilege, subscription right or any option available in connection with any of the stocks, bonds, notes or other securities in the Trust or any separate trust created hereunder, and to make any such payments in connection therewith as they shall deem necessary or advisable.

J.   Any provisions hereof to the contrary notwithstanding, as to any trust created hereunder for the benefit of the Settlor's wife which would otherwise qualify for the Federal Estate Tax marital deduction, if the Trustees shall acquire or retain any non-income producing property, underproductive property and/or wasting assets, the Settlor's wife may require the Trustees to either make the property productive or convert it to productive property within a reasonable time.

K.   Anything herein contained to the contrary notwithstanding, the Trustees shall exercise the powers and discretions conferred upon them only in such manner as shall be consistent with the allowance of an estate tax marital deduction as to the Spouse's Part under Article "FOURTH".

L.   The Trustees of any trust under this Agreement qualifying under § 2056(b)(7) of the Code, or any successor provision of the Code, for which an election is made under that Section, shall be specifically authorized to pay to the Executors of the estate of the Settlor's wife such amounts as may be necessary to pay the share of any and all Federal or state transfer, estate, inheritance, legacy, succession and like taxes, including any interest and penalties thereon, attributable to said trust and due

as the result of the death of the Settlor's wife, which the Settlor's wife's Will, or the applicable Federal or state apportionment statutes, may authorize said Executors to collect, and the Trustees may rely on the request of said Executors and shall make such payments to such Executors of the Settlor's wife's estate without further inquiry or requiring any reimbursement; provided, however, that to the extent possible none of such taxes, interest or penalties shall be paid from an apportioned against any property passing under any of Paragraphs "A.1", "A.2" or "A.3" of Article "SIXTH" hereof and the same shall instead be paid only from the balance of any relevant trust passing under Paragraph "A.4" of Article "SIXTH" hereof.

M.   To make, without the consent of any beneficiary hereunder, any payment, distribution or division required by this Agreement, either in cash or in kind, or partly in cash and partly in kind, in proportions like to or different from that paid or transferred to anyone else.  Such distribution may be effected without regard to the income tax basis of the property distributed to any beneficiary of this Agreement, and without liability for any increase in the income taxes of any such beneficiary.

N.   To continue any individual business and/or interest in any partnership, limited liability company and/or corporation which is part of the Trust or any separate trust created hereunder, at the risk of the Trust or such separate trust, to sell, settle and/or discontinue any such business or such interest therein, whether corporate or otherwise, or any of them, in whole or in part, at any time, when and upon such terms and conditions as, in their judgment, is for the best interest of the Trust or any such separate trust created hereunder, or to exchange any such interest therein or assets thereof in whole or in part for bonds or shares of stock in any corporation which may take over or continue such business and/or partnership and/or limited liability company.  The Trustees are specifically and fully authorized and directed to, in all and every necessary and useful manner and respect, cooperate with the survivor or survivors of any partnership, limited liability company and/or corporation, of which the Trust or any separate trust created hereunder, may be a member or shareholder, as the case may be, in continuing and carrying on the business and the Trustees are specifically authorized and empowered to sell to the

surviving partner or partners, the surviving member or members and/or the surviving stockholder or stockholders of any partnership, limited liability company and/or corporation in which the Trust or any separate trust created hereunder, may be interested, regardless of who such person or persons may be, at any time, when and upon such terms and conditions as they, in their judgment, deem to be in the best interest of the Trust or any separate trust created hereunder, all or any part of any interest in such partnership, limited liability company and/or corporation and in the assets, business, property and profits therein. The Trustees are authorized and empowered to become, or continue to be, an officer, director or employee of such partnership, limited liability company or corporation and to be paid reasonable compensation from such partnership, limited liability company or corporation for serving as such officer, director and/or employee, in addition to any compensation otherwise allowed by law.

O.   To act as or to select other persons (including any beneficiary hereunder) to act as directors, officers or employees of any such business, the same to be compensated without regard to their being a fiduciary or beneficiary hereunder.

P.   1.   To remove all or any part of the property of the Trust or any separate trust created hereunder, from the jurisdiction which is the situs of the Trust or any such separate trust hereunder, and to take and keep such property outside such jurisdiction and in any other place or places during the term of the Trust or any separate trust hereunder or for any lesser period.

2.   In the event that all of the Trustees of the Trust or any separate trust created hereunder cease to be or never were Trustees residing in New York [with respect to individual Trustee(s)], or having an office in New York [with respect to corporate Trustee(s)] and the income beneficiary of the Trust or any such separate trust ceases to be or never was a New York resident, the Trustees are authorized, with the written and acknowledged consent of the adult income beneficiary, if any, to transfer the situs of the Trust or any such separate trust outside of the original or then current jurisdiction thereof, without bond and without court approval, unless such court approval is required by law, in which case, it is requested that the court of original

41

or then current jurisdiction shall consent to the change of situs; and thereafter the administration of the Trust or any such separate trust shall be governed by the laws of the new situs. During the term of the Trust or of any such separate trust created hereunder, this authorization shall continue in effect with respect to each new situs as if each such situs was the original New York situs.

Q. To employ investment counsel, accountants, depositaries, custodians, brokers, attorneys, law clerks, paralegals and other agents, irrespective of whether any person so employed shall be a Trustee hereunder who is individually so employed or who shall be a partner, a shareholder, a member or an employee, or shall have an interest, in any firm so employed or shall have any interest in the Trust or any separate trust created hereunder or otherwise, or any asset hereof, and to compensate him, her or them out of the principal of the property held under the Trust or any separate trust created hereunder without charging the same against the commissions or compensation of such Trustee.

R. Subject to the provisions of Paragraphs "J," "K" and "L" of this Article, to exercise the following powers with respect to any property, partnership interest(s), limited liability company interest(s) and/or stock which the Settlor may own at the time of his death, which powers shall be in addition to all the other powers herein conferred upon the Trustees or conferred upon the Trustees by law with respect to such property, partnership interest(s), limited liability company interest(s) and/or stock:

1. To take advantage of § 303 and/or § 6166 of the Code, and any other provisions therein which provide relief for the estates of owners of property, partnership interest(s), limited liability company interest(s) and/or stock in closely-held corporations, and to post any bond or other security and pay any interest required by § 6166 at the expense of the Trust or any separate trust created hereunder and to elect under § 6324A of the Code to create a special lien for the deferred estate tax (including tax attributable to property not passing under this Agreement) and to subject property belonging to the Trust or such separate trust to such lien.

2. To retain any such property, partnership interest(s), limited liability company

interest(s) and/or stock even though such property, partnership interest(s), limited liability company interest(s) and/or stock may form a substantially disproportionate part, or all, of the Trust or any separate trust created hereunder without risk of surcharge to the Trustees for so doing, as long as the Trustees act in good faith.

3.   To purchase any additional such property, partnership interest(s), limited liability company interest(s) and/or stock for the Trust or any separate trust created hereunder from any sources at such price or prices and at such times as the Trustees shall determine to be fair and reasonable.

4.   To sell any such property, partnership interest(s), limited liability company interest(s) and/or stock from the Trust or any separate trust created hereunder to any person, firm, trust or other entity at such price or prices and at such times as the Trustees shall determine to be fair and reasonable.

S.   To execute and deliver in writing any and all instruments which the Trustees may deem advisable to carry out any of the foregoing powers.  No party to any such instruments signed by the Trustees shall be obligated to inquire into the validity of such instrument.

T.   To delegate to any one of the Trustees any nondiscretionary power, including but not limited to the power, singly or with others, to sign checks, withdrawal slips, instructions for the receipt or delivery of securities or other property, and instructions for the payment or receipt of money.

U.   To divide the Trust or any trust(s) created under this Agreement, at any time, into two (2) or more separate trusts with the same dispositive provisions, in order to adjust between or among them the inclusion ratio, as defined in Chapter 13 of the Code, of each said trust for the purposes of the Generation-Skipping Transfer Tax.

V.   To do any and all things in relation to this Agreement deemed to be necessary for carrying out any of the above powers or incident to the purpose thereof.

## SEVENTEENTH

The Settlor reserves the right for himself and for any other person(s) at any time to add to the principal of the Trust, and any property so added shall be held, administered and distributed as part of this Trust.

## EIGHTEENTH

A.   The Settlor reserves the right at any time and from time to time during his life, by a notice in writing signed and acknowledged by him in the manner required by the laws of the State of New York for the recording of a deed of real property:

1.   To withdraw all or any part of the principal of the Trust free of and discharged from the terms and conditions of this Agreement and of the Trust hereby created;

2.   To terminate, alter, amend or modify the Trust, in whole or in part, as the Settlor, in his sole and absolute judgment, desires; and/or

3.   To revoke this Agreement in its entirety.

Such notice shall be delivered to the Trustee(s) then acting at least ten (10) days prior to the effective date of such withdrawal, termination, alteration, amendment, modification or revocation, as the case may be.

B.   Upon the death of the Settlor, this Trust shall be and become irrevocable.

## NINETEENTH

A.   If the Generation-Skipping Transfer Tax exemption shall be allocated pursuant to § 2631 and § 2632 of the Code to any trust(s) created under this Agreement, the Trustees shall divide each such trust to which such exemption is allocated into two (2) separate trusts with the same dispositive provisions, so that one (1) of such separate trusts shall have an inclusion ratio of zero as such term is defined in Chapter 13 of the Code.

B.   Any provision to the contrary notwithstanding, whenever any Trustee of any trust created pursuant to this Agreement has the discretionary power to pay principal to any beneficiary of such trust and such trust has been divided into two (2) separate trusts pursuant to the provisions of Paragraph "A" and/or Paragraph "C" of this Article, such Trustee shall not exercise such discretionary power for the benefit of such beneficiary out of the principal of the separate trust with a zero inclusion ratio over which such Trustee has such discretionary power until the principal of the remaining separate trust over which such Trustee has such discretionary power shall have been exhausted; provided, however, that the restriction stated in this Paragraph "B" shall not apply when the beneficiary to whom a discretionary distribution of principal may be made is a "skip person" as such term is defined in Chapter 13 of the Code.

C.   The Trustees are hereby authorized, but are not directed, to elect pursuant to the provisions of § 2652(a)(3) of the Code, for the purposes of Chapter 13 of the Code, to treat any

45

property as to which an election was made under § 2056(b)(7) of the Code, to qualify such property for the Federal Estate Tax marital deduction, or under § 2523(f) of the Code, to qualify such property for the Federal Gift Tax marital deduction, as if the election to be treated as qualified terminable interest property had not been made. Anything to the contrary notwithstanding, in the event such election is made, the Trustees, in their sole and absolute discretion, may at any time set apart property constituting such portion of such trust in a separate trust with the same provisions so that the inclusion ratio of such separate trust shall be zero.

<u>TWENTIETH</u>

Notwithstanding any provision of this Agreement to the contrary, in the event any trust receives stock in an S corporation (as defined in § 1361(a) of the Code), the Trustees shall, if they determine it to be advisable, comply with the provisions of either Paragraph "A" or Paragraph "B":

A.    If such trust would be eligible for treatment as a Qualified Subchapter S Trust as defined in § 1361(d) of the Code, the Trustees shall segregate said stock into a separate trust. Such separate trust shall be held, administered and distributed upon the same terms and conditions as the original trust from which it is segregated except that all the trust's income (within the meaning of § 643(b) of the Code) shall be distributed currently (within the meaning of § 1361(d)(3)(B) of

the Code) to the beneficiary who is then receiving the net income from such separate trust or who is then entitled to receive distributions of net income from such separate trust. It is the Settlor's intention that any such separate trust shall meet the qualifications of a Qualified Subchapter S Trust, and all provisions of this Agreement shall be interpreted in accordance with this intention.

B. If such trust would be eligible for treatment as an Electing Small Business Trust as defined in § 1361(e) of the Code, the Trustees shall make an appropriate election with respect to such trust, and all provisions of this Agreement shall be interpreted in accordance with this intention.

## TWENTY-FIRST

After the death of the Settlor, the shares of income and the principal of the Trust or any separate trust(s) set up and established under this Agreement shall not in any way or manner be subject to or liable for any of the debts, contracts, engagements or liabilities of the respective beneficiaries hereof, and shall not be liable to anticipation, sale or pledge, nor subject to attachment, execution or sequestration under any legal, equitable or other process of law.

## TWENTY-SECOND

All references in this Agreement to the Code are to the Internal Revenue Code of 1986, as heretofore and hereafter

amended, and shall be deemed to refer to corresponding provisions of any subsequent Federal tax law.

### TWENTY-THIRD

Whenever necessary or appropriate, the use herein of any gender shall be deemed to include the other genders and the use herein of either the singular or the plural shall be deemed to include the other.

### TWENTY-FOURTH

The terms child, lawful child, children, lawful children, issue and lawful issue ("legitimate descendants") as used in this Agreement shall include adopted children and issue of such adopted children and are intended to include only an individual having one of the following relationships:

A. An individual who is the natural descendant in the first degree of a female shall be regarded as her legitimate descendant.

B. An individual who is the natural descendant in the first degree of a male shall be regarded as his legitimate descendant if such individual was born of parents who, prior or subsequent to such individual's birth, have entered into a civil or religious marriage with each other, in the manner authorized by the law of the jurisdiction where such marriage was entered into, notwithstanding that such marriage was void or voidable, or has been, or shall be, annulled or otherwise judicially declared void.

C.   An individual who is adopted pursuant to a final order, decree or judgment of a court of competent jurisdiction, shall be regarded as the legitimate descendant of the adopting parent, but only if such order, decree or judgment has become final prior to such individual having attained the age of sixteen (16) years.  No other adopted individual shall be regarded as the legitimate descendant of the adopting parent.  It is the Settlor's intent to exclude any children or other issue who are adopted out of his family prior to the Settlor's death, except those children or other issue who are adopted out of the Settlor's family by a step-parent.

### TWENTY-FIFTH

This Agreement shall be construed and administered according to the laws of the State of New York.

### TWENTY-SIXTH

The invalidity or unenforceability of any provision or provisions hereof shall not affect the rest of this Agreement which shall be performed and carried out as though such invalid and/or unenforceable provision(s) had originally been omitted.

### TWENTY-SEVENTH

The Settlor directs that the joinder and representation provisions of the New York Surrogate's Court Procedure Act § 315(5), or any successor provision thereto, shall apply in any judicial proceeding involving the Trust Estate or any

trust(s) created hereunder and to any informal settlement of any accounting of the Trust Estate or of any trust(s) created hereunder.

### TWENTY-EIGHTH

The Trustees accept the Trust herein expressed and agree to carry out the provisions hereof on their part to be performed.

### TWENTY-NINTH

This Agreement shall be effective as soon as it is signed by FREDERICK DeMATTEIS as Settlor and as a Trustee.  Any other Trustee named herein as an initial Trustee who does not sign this Agreement contemporaneously with the Settlor shall be entitled to become a Trustee hereunder by signing one or more execution copies of this Agreement at any time within sixty days after the date of execution by the Settlor.  Failure by any such Trustee to so sign this Agreement shall constitute such Trustee's being unwilling to act, and the vacancy so occurring in the office

of Trustee shall, if necessary, be filled as provided in Article
"TWELFTH" hereof.

IN WITNESS WHEREOF, this Agreement is executed and
acknowledged the day and year first above written.

_____
FREDERICK DeMATTEIS, Settlor
and Trustee

_____
NANCY DeMATTEIS, Trustee

_____
DONALD M. SCHAEFFER, Trustee

_____
STANLEY SIROTE, Trustee

_____
RONALD L. GALLATIN, Trustee

Doc #30316536.WPD

51

STATE OF *NEW YORK* )
                    : ss.:
COUNTY OF *NASSAU* )

On *JULY 18* , 2001, before me, the undersigned, a Notary Public in and for said State, personally appeared FREDERICK DeMATTEIS personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and he acknowledged to me that he executed the same in his capacity as Settlor and Trustee, and that by his signature on the instrument, the individual executed the instrument.

JANET M. MEULE
NOTARY PUBLIC, State of New York
No. 01ME5071007
Qualified in Nassau County
Commission Expires January 6, 2003

_____
Notary Public

STATE OF *NEW YORK* )
                    : ss.:
COUNTY OF *NASSAU* )

On *JULY 18* , 2001, before me, the undersigned, a Notary Public in and for said State, personally appeared NANCY DeMATTEIS personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and she acknowledged to me that she executed the same in her capacity as Trustee, and that by her signature on the instrument, the individual executed the instrument.

JANET M. MEULE
NOTARY PUBLIC, State of New York
No. 01ME5071007
Qualified in Nassau County
Commission Expires January 6, 2003

_____
Notary Public

STATE OF *NEW YORK* )
                    : ss.:
COUNTY OF *NASSAU* )

On *JULY 18* , 2001, before me, the undersigned, a Notary Public in and for said State, personally appeared DONALD M. SCHAEFFER personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and he acknowledged to me that he executed the same in his capacity as Trustee, and that by his signature on the instrument, the individual executed the instrument.

JANET M. MEULE
NOTARY PUBLIC, State of New York
No. 01ME5071007
Qualified in Nassau County
Commission Expires January 6, 2003

_____
Notary Public

Doc #30316536.WPD

# THE 2001 FREDERICK DeMATTEIS REVOCABLE TRUST

## AMENDED AND RESTATED AGREEMENT OF TRUST

-between-

FREDERICK DeMATTEIS
("Settlor")

-and-

FREDERICK DeMATTEIS, NANCY DeMATTEIS,
DONALD M. SCHAEFFER, STANLEY SIROTE
and RONALD L. GALLATIN
("Trustees")

KAYE SCHOLER LLP
425 PARK AVENUE
NEW YORK, NEW YORK 10022-3598
(212) 836-8000