VIVIAN R. DROHAN, ESQ.
DROHAN LEE LLP
489 Fifth Avenue
New York, NY 10017
(212) 710-0004
Attorneys for Tradex Global Master Fund SPC, Ltd.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES INVESTOR PROTECTION
CORPORATION,

        Plaintiffs

vs.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

        Defendant,

---

Adv. Pro. No. 08-01789 (BRL)

SIPA Liquidation

**OBJECTION TO TRUSTEE'S
DETERMINATION OF CLAIM**

Tradex Global Master Fund, Ltd. ("Tradex") hereby objects to the Notice of Trustee's Determination of Claim dated December 8, 2009 and states as follows:

**Background**

1. Tradex is a British Virgin Islands open ended investment fund established to operate as a fund-of-funds.

2. Tradex was formed pursuant to a written agreement for the purpose of investing in securities and derivative instruments by and through a diversified portfolio of private investment vehicles and managed accounts.

3. As of October 31, 2008, Tradex held 914.6758 Class A shares of Santa Clara I Fund Ltd., a British Virgin Islands investment fund ("Santa Clara") valued at $2,733,391.18. The Account Statement for Tradex as of 31 October is attached as Exhibit "A".

1

4. On information and belief, all of Santa Clara's investable assets were placed with Harley International (Cayman) Ltd., a Cayman Islands investment fund ("Harley").

5. On information and belief, Harley maintained an account with Bernard L. Madoff Investment Securities LLC ("BLMIS") bearing Account No. 1FN094 (the "Harley Account").

6. On information and belief, all of Harley's investable assets (including all of Tradex's investment in Santa Clara) were invested in the Harley Account for the purpose of purchasing securities.

7. As of November 30, 2008, Tradex held 4,230.8095 shares of Directors Fund SPC Ltd. Segregated Portfolio A, a British Virgin Islands investment fund ("Directors") valued at $4,829,224.83. The Account Statement for Tradex as of 30 November is attached as Exhibit "B".

8. On information and belief, Directors maintained an account with BLMIS (the "Directors Account").

9. On information and belief, all of Directors' investable assets (including all of Tradex's investment in Directors) were invested in the Directors Account for the purpose of purchasing securities.

10. Tradex filed a SIPC claim in the amount of $2,733,391.18 for its investment in the Harley Account as of October 31, 2008.

11. Tradex filed a separate SIPC claim in the amount of $4,629,224.83 for its investment in the Directors Account as of November 30, 2008.

12. By letter dated December 8, 2009, Irving H. Picard, Trustee for the Liquidation of the Business of Bernard L. Madoff Investment Securities LLC (the "Trustee"), made a determination that Tradex did not have an account with BLMIS and was therefore not a

2

'customer' of BLMIS under the Securities Investor Protection Act ("SIPA"). The Denial of Claim is attached as Exhibit 'C'.

## Grounds for Objection

**Tradex is a "customer" under SIPA entitled to SIPC insurance.**

13. Tradex is a "customer" under the plain and unambiguous definition of the term in SIPA. SIPA defines "Customer" very broadly:

    *The term "customer" of a debtor means any person (including any person with whom the debtor deals as principal or agent) who has a claim on account of securities received, acquired, or held by the debtor in the ordinary course of its business as a broker or dealer from or for the securities accounts of such person for safekeeping, with a view to sale, to cover consummated sales, pursuant to purchases, as collateral security, or for purposes of effecting transfer. The term "customer" includes any person who has a claim against the debtor arising out of sales or conversions of such securities, and any person who has deposited cash with the debtor for the purpose of purchasing securities, but does not include—*

    *(A) any person to the extent that the claim of such person arises out of transactions with a foreign subsidiary of a member of SIPC; or*

    *(B) any person to the extent that such person has a claim for cash or securities which by contract, agreement, or understanding, or by operation of law, is part of the capital of the debtor, or is subordinated to the claims of any or all creditors of the debtor, notwithstanding that some ground exists for declaring such contract, agreement, or understanding void or voidable in a suit between the claimant and the debtor. 15 U.S.C. § 78lll(2)*

14. The protections flowing from customer status were intended, for SIPA purposes, to be available for those who were customers, and particularly those who were members of the public. The fundamental purpose of SIPA is to protect and reassure the investing public. For this reason (although at least one court has held that transfers as part of a Ponzi scheme are not made in the ordinary course of business and preclude customer status) innocent customers are generally found to be within the statutory definition. *In re New Times Securities Services, Inc.*, 371 F.3d 68, 43 Bankr. Ct. Dec. (CRR) 45, Fed. Sec. L. Rep. (CCH)

P 92838 (2d Cir. 2004); *In re Old Naples Securities, Inc.*, 223 F.3d 1296, 36 Bankr. Ct. Dec. (CRR) 172, Fed. Sec. L. Rep. (CCH) ¶91052 (11th Cir. 2000) (the deposit of cash with the debtor who did not use it for purchase of securities, but rather to operate a Ponzi scheme did not bar customer status). *But see Wider v. Wootton*, 907 F.2d 570, 24 Collier Bankr. Cas. 2d (MB) 104, Bankr. L. Rep. (CCH) ¶73571 (5th Cir. 1990).

15. Ambiguities in the definition of "customer" should be construed in favor of creditors seeking customer status because "SIPA is remedial legislation. As such, it should be construed liberally to effect its purpose." *Tcherepin v. Knight*, 389 U.S. 332 (1967). It offends basic standards of reasonableness to refuse to extend "customer" status for SIPA purposes to innocent investors who invested with BLMIS with the same intent as direct account holders simply because they invested through a superfluous intermediary.

## Conclusion

Tradex is entitled to an order compelling the Trustee and SIPC to immediately authorize payment in respect of the Harley Account and Directors Account up to $500,000.

Tradex is entitled to have its claim recognized in the aggregate amount of $7,562,616.01.

Dated: January 6, 2010
New York, New York

DROHAN LEE LLP

By: _____
VIVIAN R. DROHAN

489 Fifth Avenue
New York, NY 10017
(212) 710-0000

Attorneys for Tradex Global Master Fund SPC, Ltd.

4