RUSKIN MOSCOU FALTISCHEK P.C.
Mark S. Mulholland
1425 RXR Plaza
East Tower, 15th Floor
Uniondale, New York 11556
Telephone: (516) 663-6600
Facsimile: (516) 663-6648

*Attorneys for DeMatteis FLP Assets, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------

SECURITIES INVESTOR PROTECTION
CORPORATION,

           Plaintiffs,

v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

           Defendant.

-----------------------------------------------------------

Adv. Pro. No. 08-01789(BRL)

SIPA Liquidation

**OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM LETTERS**

The DeMatteis FLP Assets, LLC ("DeMatteis LLC"), by and through its attorneys, hereby objects to the Notice of Trustee's Determination of Claim letters dated December 8, 2009 (the "Determination Letters"), attached as Exhibit A, as described herein.

**BACKGROUND**

1.    Based on communications with and representations by Harry Hodges ("Mr. Hodges"), Vice President of investor services at Rye Investment Management Group, and Robert I. Schulman ("Mr. Schulman"), former Chairman, CEO, President and COO of Tremont Group Holdings, Inc. and former President of Rye Investment

474671.1                                            1

Management Group, DeMatteis LLC was advised that the Rye Select Broad Market Prime Fund, L.P. (the "Rye Fund") was a feeder fund which invested substantially all of its assets with Bernard L. Madoff Investment Securities, LLC ("Madoff").

2.  In December 2006, DeMatteis LLC became a limited partner in the Rye Fund by executing the required subscription documents and depositing the sum of $1,000,000.00 Dollars with the intent that those funds be deposited with Madoff for the purpose of purchasing securities.

3.  During the first half of 2008, Mr. Schulman advised DeMatteis LLC to continue to invest with Madoff, but through a different feeder fund called the Foredestine Series Fund, LLC- Broad Market Prime Series (the "Foredestine Fund"). The Foredestine Fund was offered by Foredestine Series Fund, LLC, a new company that Mr. Schulman started in 2008, and was marketed to DeMatteis LLC as a fund designed to be a conduit into Madoff by investing substantially all of its assets in the Rye Fund, which, in turn, invested substantially all of its assets with Madoff.

4.  With the continued expectation that its funds would be deposited with Madoff for the purpose of purchasing securities, in July 2008, DeMatteis LLC re-registered all funds held with the Rye Fund to the Foredestine Fund and continued to have substantially all of its funds deposited with and controlled by Madoff through Madoff Account No.: 1-C1260-3-0.

5.  On December 11, 2008, the above-captioned liquidation proceeding was commenced against Madoff, pursuant to the Securities Investor Protection Act of 1970 ("SIPA"). On December 15, 2008, Irving H. Picard, Esq. was appointed trustee (the

"Trustee"), charged with overseeing and administering the liquidation of Madoff and processing customer claims pursuant to SIPA. 15 U.S.C. § 78fff-1(a).

6. By letter dated December 22, 2008, Foredestine Series Fund, LLC informed DeMatteis LLC that "all or substantially all" of the Foredestine Fund had exposure to Madoff through its "investment in Rye Select Broad Market Prime Fund, LP, the initial Underlying Fund, which had all or substantially all of its assets" invested with Madoff, attached as Exhibit B.

7. DeMatteis LLC filed a Securities Investor Protection Corporation ("SIPC") customer claim for securities, dated February 27, 2009, in the amount of $1,185,541.82 (the "SIPC Customer Claim"), attached as Exhibit C. In submitting the SIPC Customer Claim, DeMatteis LLC notified the Trustee that DeMatteis LLC deposited funds with Madoff by investing in the Foredestine Fund, which invested in Madoff, Account No.: 1-C1260-3-0, through its investment in the Rye Fund. *See* SIPC Customer Claim (Exhibit C).

8. On June 11, 2009, DeMatteis LLC submitted a supplement to its SIPC Customer Claim providing the Trustee with deposit documentation, attached as Exhibit D.

9. The Trustee sent DeMatteis LLC two Determination Letters (in response to Claim No. 008806 and 004562), both dated December 8, 2009, denying DeMatteis LLC's claim in its entirety, on the grounds that DeMatteis LLC was not a customer of Madoff under SIPA pursuant to 15 U.S.C. § 78lll (2) because it did not have an account with Madoff. *See* Determination Letters (Exhibit A).

474671.1                                3

## GROUNDS FOR OBJECTION

10. Without limitation on, or waiver of, any of the foregoing, DeMatteis LLC hereby objects to the Determination Letters for the following reasons:

**The Trustee failed to recognize DeMatteis LLC as a "customer" under SIPA.**

11. SIPA's customer definition and the cases that interpret same have made it clear that the Trustee has incorrectly denied DeMatteis LLC customer status on the ground that DeMatteis LLC did not have an account in its name on the books and records of Madoff. Through its Determination Letters, the Trustee has attempted to shield itself from protecting Madoff investors by incorrectly focusing on the manner in which deposits reached Madoff's control and completely ignored the fact that those same deposits were entrusted with Madoff for the purpose of purchasing securities. The fact that Madoff's Ponzi scheme was so large that it acquired substantial deposits from investors through feeder funds like the Rye Fund and Foredestine Fund, as opposed to investors who deposited directly with Madoff, should not be material in determining customer status under SIPA. Such a position, as taken by the Trustee, is merely one of form over substance and fails to effectuate the purpose of SIPA.

**A.    DeMatteis LLC is a "customer" under the clear language contained in SIPA's customer definition pursuant to 15 U.S.C. § 78lll(2).**

12. The Trustee's basis for finding that DeMatteis LLC is not a customer of the debtor, Madoff, pursuant to 15 U.S.C. § 78lll(2), is misplaced. According to the Trustee, because the Trustee's staff was unable to find an account, presumably in the name of DeMatteis LLC, within the available books and records of Madoff, DeMatteis LLC is "not a customer of BLMIS under SIPA as that term is defined at 15 U.S.C. § 78lll(2)." *See* Determination Letters (Exhibit A).

13. 15 U.S.C. § 78lll(2) of SIPA defines customer as follows:

> The term "customer" of a debtor means any person (including any person with whom the debtor deals as principal or agent) who has a claim on account of securities received, acquired, or held by the debtor in the ordinary course of its business as a broker or dealer from or for the securities accounts of such person for safekeeping, with a view to sale, to cover consummated sales, pursuant to purchases, as collateral security, or for purposes of effecting transfer. The term "customer" includes any person who has a claim against the debtor arising out of sales or conversions of such securities, and any person who has deposited cash with the debtor for the purpose of purchasing securities . . .

As is clear from the definition, there is no requirement for an investor to have an account in its name on the debtor's books and records to be considered a customer of the debtor. In fact, the last sentence specifically states that a customer "includes . . . any person who has deposited cash with the debtor for the purpose of purchasing securities . . ." 15 U.S.C. § 78lll(2). Moreover, if Congress intended the narrow interpretation that the Trustee is asserting, then SIPA's customer definition would simply be defined as including only those investors that have an account in their name on the books and records of the debtor. Significantly, this is not the case.

14. Additionally, in setting forth the procedures for SIPC advances, SIPA makes clear that customers of a broker, dealer or bank that transacts with the failed debtor can be customers under SIPA without directly holding an account on the books and records of the debtor. *See* 15 U.S.C. § 78fff-3(a)(5) ("no advance shall be made by SIPC to the Trustee to pay or otherwise satisfy any net equity claim of any customer who is a broker or dealer or bank, other than to the extent that it shall be established . . . from the books and records of the debtor *or from the books and records of a broker or dealer or bank, or otherwise,* that the net equity claim of such broker or dealer or bank against the debtor arose out of transactions for customers of such broker or dealer or bank . . . , *in*

474671.1                                    5

*which event each such customer of such broker or dealer or bank shall be deemed a separate customer of the debtor") (emphasis added).*

15. Given the above, the Trustee must follow the language of the customer definition to find that DeMatteis LLC is a customer under SIPA because substantially all of DeMatteis LLC's funds were deposited into Madoff Account No.: 1-C1260-3-0 for the purpose of purchasing securities. Denying customer status to DeMatteis LLC on the ground that DeMatteis LLC must be an account holder on the books and records of Madoff is not only disingenuous it is based on a technical requirement that is absent from 15 U.S.C. § 78lll(2).

**B.    DeMatteis LLC is a "customer" according to case law interpretation of SIPA's customer definition.**

16. In determining whether an investor is a customer under SIPA, this Court in this liquidation, concluded that customer status is triggered by "the mere 'act of *entrusting* . . . cash to the debtor for the purpose of effecting securities transactions . . . .'" *Rosenman Family, LLC v. Picard*, 401 B.R. 629, 635 (Bankr.S.D.N.Y. 2009) (*citations omitted*). Here, DeMatteis LLC transacted with feeder funds, which exclusively entrusted their assets to Madoff, for the sole purpose of having Madoff effectuate securities transactions.

17. Other courts have held that investors "deposited cash with the debtor" within the meaning of the customer definition pursuant to 15 U.S.C. § 78lll(2), when their involvement in a Ponzi scheme originated by depositing funds with the debtor's agent or affiliate who is not a member of SIPC. *In re Primeline Sec. Corp.*, 295 F.3d 1100, 1107 (10th Cir. 2002)(applying the rule that "[i]f a claimant intended to have the brokerage purchase securities on the claimant's behalf and reasonably followed the broker's

instructions regarding payment, the claimant is a 'customer' under SIPA even if the brokerage or its agents misappropriate the funds.")(*citations omitted*); *In re Old Naples Sec., Inc.*, 223 F.3d 1296, 1302 (11th Cir. 2000)(applying the rule that it is not "simply on to whom the claimant handed her cash or made her check payable, or even where the funds were initially deposited. Instead, the question is whether there was 'actual receipt, acquisition or possession of the property of a claimant by the brokerage firm under liquidation.'")(*citations omitted*).

18. In 2000, SIPC and the trustee appointed in the case of *In re New Times Sec. Services, Inc.*, 371 F.3d 68 (2d Cir. 2004) continued the courts' trend in extending customer status to Ponzi scheme victims who had accounts with non-SIPC member affiliates by consolidating the estates of a SIPC member- New Times Securities Services, Inc. ("New Times") with its non-SIPC member affiliate- New Age Financial Services, Inc. ("New Age"). *See* U.S. General Accounting Office, Pub. No. GAO-01-653, Sec. Investor Prot.: Steps Needed To Better Disclose SIPC Policies To Investors at 48 (2001). According to the report, "[a]mong the many reasons the trustee discussed in support of the request [to consolidate], he pointed out that although New Times and New Age in many respects operated separately, generally did not commingle their assets, and distributed account statements under their respective names, their owner had promoted them to investors as being indistinguishable." *Id.*

19. Here, DeMatteis LLC's investment with Madoff through the Foredestine Fund and Rye Fund is analogous to investing with a non-SIPC member affiliate of Madoff. Upon information and belief, including publicly filed pleadings in pending

474671.1                                              7

federal cases, the following evidences the close affiliation between Madoff and the Rye Fund:

- Mr. Schulman had a close professional relationship with Madoff.
- Upon joining the executive ranks in 1994, Mr. Schulman began marketing Madoff dedicated Rye funds.
- Mr. Hodges and Mr. Schulman openly marketed the Rye Fund to prospective investors as a fund designed for the purpose of investing with Madoff.
- The Rye Fund, along with four other Madoff feeder funds (Rye Select Broad Market Portfolio Limited, Rye Select Broad Market Fund, L.P., Rye Select Broad Market XL Fund, L.P. and Rye Select Broad Market XL Portfolio Limited), deposited all or substantially all of their assets with Madoff and have lost in excess of 3 billion dollars as a result of Madoff's Ponzi scheme.
- The Rye Fund funneled substantially all of its assets to Madoff since DeMatteis LLC's initial deposit in 2006.

20.  Upon information and belief, including publicly filed pleadings in pending federal cases, the following evidences the close affiliation between Madoff and the Foredestine Fund:

- In 2008, Mr. Schulman resigned as president and chief executive officer of Rye Investment Management and started the Foredestine Fund, a new feeder fund to Madoff.

474671.1                                            8

- Mr. Schulman continued his close professional relationship with Madoff in 2008.
- The Foredestine Fund was merely an extension of the Rye Fund as evidenced by Foredestine's naming convention (*i.e.* the Foredestine Series Fund, LLC- *Broad Market Prime* Series invested substantially all assets in the Rye Select *Broad Market Prime* Fund, L.P.).
- Mr. Schulman openly marketed the Foredestine Fund to prospective investors as a fund designed for the purpose of investing with Madoff through the Rye Fund.
- The Foredestine Fund deposited all or substantially all of its assets with Madoff through the Rye Fund. *See* Exhibit B.

21. Accordingly, DeMatteis LLC is a customer under SIPA even though it invested with Madoff through feeder funds, because said funds were affiliates of Madoff designed with the purpose of investing substantially all assets with Madoff. The Rye Fund and Foredestine Fund had longstanding ties to Madoff and were an integral part of Madoff's Ponzi scheme. Investors like DeMatteis LLC, invested with these feeder funds with the intent that their funds be deposited with Madoff for the purpose of purchasing securities. In tracing DeMatteis LLC's investments, the Rye Fund and Foredestine Fund were nothing more than vehicles that funneled initial investor deposits into Madoff's Ponzi scheme. Moreover, the only difference between the Rye Fund and Foredestine Fund is that deposits accepted by the Foredestine Fund passed through the Rye Fund before ultimately being deposited with Madoff.

22. As with the cases discussed above, it is not relevant whether DeMatteis LLC had an account on the books and records of Madoff or that DeMatteis LLC originally deposited its funds in an entity other than Madoff. Rather, the key to obtaining customer status under SIPA is the fact that DeMatteis LLC deposited funds with the intent for Madoff to purchase securities on its behalf and the fact that Madoff actually did acquired, possess and eventually convert DeMatteis LLC's funds.

**C. SIPA is remedial legislation and any ambiguity in SIPA's customer definition should be construed liberally to affect its purpose.**

23. "SIPA is remedial legislation. . . [and] should be construed liberally to affect its purpose." *In re First State Sec. Corp.*, 34 B.R. 492, 496 (Bankr.S.D.Fla 1983) (*citing Tcherepin v. Knight*, 389 U.S. 332, 336 (1967)). SIPA's purpose is the "protection of the insolvent broker's customers." *Id.* (*citing SEC v. Ambassador Church Finance/Development Group, Inc.*, 679 F.2d 608, 612 (6th Cir. 1982)); *See also Securities Investor Protection Corp. v. Barbour*, 421 U.S. 412, 415 (1975). Any interpretation of the definition and scope of the term customer should be construed in favor of DeMatteis LLC given the fact that DeMatteis LLC lost substantially all of its funds through Madoff's Ponzi scheme as a result of those funds being deposited with Madoff for the purpose of purchasing securities.

## RELIEF REQUESTED

24. For the reasons stated herein, the Court should find that DeMatteis LLC is a customer under SIPA 15 U.S.C. § 78lll(2) and is entitled to the preferred status and special protections afforded to SIPA customers.

25. For the reasons stated herein, the Court should direct the Trustee to immediately process DeMatteis LLC's SIPC Customer Claim.

26. For the reasons stated herein, the Determination Letters should be stricken.

27. DeMatteis LLC requests such other relief as may be just and equitable.

## CONCLUSION

28. DeMatteis LLC reserves the right to amend, revise or supplement this Objection.

29. Any failure by DeMatteis LLC to object on a ground or grounds shall not be construed as a waiver of DeMatteis LLC's right to object on that ground or grounds in the future.

30. DeMatteis LLC reserves all rights set forth in Rule 9014, including, without limitation, rights of discovery. *See* Fed. R. Bankr. P. 9014.

31. DeMatteis LLC reserves all objections as to the competence, relevance, materiality, privilege, or admissibility of evidence in any subsequent proceeding or trial of this or any other action for any purpose whatsoever.

Dated:  Uniondale, New York
        January 6, 2010

                                            RUSKIN MOSCOU FALTISCHEK, P.C.

                                            By: _____
                                            Mark S. Mulholland
                                            1425 RXR Plaza
                                            East Tower, 15th Floor
                                            Uniondale, New York 11556
                                            Telephone: (516) 663-6600
                                            Facsimile: (516) 663-6648
                                            *Attorneys for Attorneys for DeMatteis FLP Assets, LLC*

474671.1                                    11

## CERTIFICATE OF SERVICE

    I, Mark S. Mulholland, hereby certify that on the 6th day of January, 2010, I electronically transmitted a true and correct copy of the foregoing OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM LETTER, dated January 6, 2010, to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing (NEF) to all attorneys of record who are ECF registrants. I also certify that on said date, I served a true and correct copy of the aforementioned document by United States Express Mail on Irving H. Picard, Trustee, c/o Baker & Hostetler, LLP, 45 Rockefeller Plaza, New York, New York 10111, and by regular mail on the following attorneys who are not ECF registrants:

Philip Bentley
Douglas Rimsky
Jonathan Koevary
Kramer, Levin, Naftalis & Frankel, LLP
1177 Avenue of the Americas
New York, New York 10036

Seth Davis
David E. Ross
Victor Barnet
Kasowitz, Benson Torres & Friedman LLP
1633 Broadway
New York, New York 10019

David C. McGrail
Law Offices of David C. McGrail
676A Ninth Avenue
New York, New York 10036

Joseph E. Shickich
Riddell Williams P.S.
1001 4th Avenue, Suite 4500
Seattle, Washington 98154-1065

Howard Kleinhendler
Wachtel & Masyr, LLP
110 East 59th Street
New York, New York 10022

Alan Nisselson
Windels Marx Mittendorf & Lane, LLP
156 West 56th Street
New York, New York 10019

Paul Traub
Epstein Becker & Green, P.C.
250 Park Avenue, 11th Floor
New York, New York 10177-1211

Tina M. Talarchyk
Squire, Sanders & Dempsey LLP
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, Florida 33401-6198

John J. Lavin
Coppel Laughlin Blount & Lavin, LLP
P.O. Box 455
Chester, New Jersey 07930

Thomas M. Wearsch
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111

Janis Weiss
415 East 54th Street, Apt. 10C
New York, New York 10022

Irwin Kellner
40 Angler Lane
Port Washington, New York 11050

_____
Mark S. Mulholland