UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                  Plaintiff-Applicant,<br><br>            v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                  Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                  Debtor. | JAN - 6 2010 |

## OPPOSITION TO TRUSTEE'S DETERMINATION OF CLAIM

Charles M. Haar ("Professor Haar") hereby submits this opposition to the notice of Trustee's determination of claim dated December 8, 2009 denying Professor Haar's claim, which was designated as claim no. 014595.[1] As grounds for his opposition, Professor Haar states as follows:

    1.    In or about January 2000, Professor Haar invested $500,000 in Ascot Partners, LP ("Ascot Partners").[2] In or about January 2000, Professor Haar invested $500,000 in Gabriel Capital, LP ("Gabriel Capital").[3] On or about that same time, Professor Haar invested a similar

---

[1] A true and accurate copy of the Trustee's notice is attached hereto as Exhibit A. Professor Haar and The Suzanne & Charles Haar Family Foundation Inc. received similar notices denying their claims designated as nos. 012998, 012999, 013000, 014594, and 014596, and have submitted separate oppositions in connection with each such claim.

[2] A true and accurate copy of Professor Haar's customer claim form and supporting documentation for his Ascot Partners account is attached hereto as Exhibit B.

[3] A true and accurate copy of Professor Haar's customer claim form and supporting documentation for his Gabriel Capital account is attached hereto as Exhibit C.

12839570.1

amount in Ascot Partners on behalf of The Suzanne & Charles Haar Family Foundation Inc., which is a 501(c)(3) charitable organization that supports higher educational institutions.

2. Ascot Partners (BLMIS Account No. 1-A0058) and Gabriel Capital (BLMIS Account No. 1-G0321) each invested a substantial percentage of their assets under management with Bernard L. Madoff Investment Securities LLC ("BLMIS").[4]

3. The Trustee's denial of Professor Haar's claim is contrary to the purpose of the Securities Investor Protection Act ("SIPA"). As this Court (Lifland, J.) recently held, "Congress's primary purpose in enacting SIPA was 'to protect investors against financial losses arising from the insolvency of their brokers,' *SEC v. S.J. Salmon & Co.*, 375 F. Supp. 867, 871 (S.D.N.Y. 1974), and reestablish investor confidence in capital markets." *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 401 B.R. 629, 633-34 (Bankr. S.D.N.Y. 2009) (citing *Sec. Investor Prot. Corp. v. Barbour*, 421 U.S. 412, 415 (1975)).

4. SIPA is remedial legislation that should be read broadly to effectuate its purpose. *In re: New Times Sec. Servs.*, 371 F. 3d 68, 84 (2d Cir. 2004) (citing *Tcherepnin v. Knight*, 389 U.S. 332, 336 (1967)). The Court's interpretation of SIPA should be guided by the principle that a claimant's "legitimate expectations" ought to be protected. *See, e.g., In re: New Times Sec. Servs.* at 371 F.3d at 87; *In re Stratton Oakmont, Inc.*, No. 01-CV-2812 (RCC), 2003 U.S. Dist. LEXIS 20459, at *19 (S.D.N.Y. Nov. 13, 2003) (interpreting SIPA provision based on claimants' "legitimate expectations" as to what they had in their accounts on the filing date).

5. Based on the foregoing, the Trustee's denial of Professor Haar's claim is inconsistent with the purpose and plain meaning of SIPA.

---

[4] One or more affiliates of Ascot Partners (all of whom were under common control and/or ownership of J. Ezra Merkin) disclosed that BLMIS served as a prime broker and custodian.

6. Moreover, the Trustee's denial of Professor Haar's claim is inconsistent with the Trustee's actions against other investors. The Trustee has undertaken steps to "claw back" monies from feeder funds, such as Ascot Partners and Gabriel Capital, on the theory that these funds received "customer property" when they made partial redemptions from BLMIS. As such, the Trustee is taking inconsistent positions under SIPA and its application to similarly situated persons. The Trustee is defining "customer" narrowly to avoid claims under SIPA, but he is defining "customer property" broadly when seeking to claw back monies.

7. Accordingly, Professor Haar should be treated as a "customer" of BLMIS and reserves any and all rights that he may have as a result of the losses that he suffered due to the actions of BLMIS and Bernard L. Madoff.

WHEREFORE, Professor Haar respectfully requests that the Court overrule the Trustee's determination and schedule a hearing on this matter.

Respectfully submitted,

CHARLES M. HAAR
By his attorneys,

_____
J. William Codinha (BBO No. 087740)
Timothy W. Mungovan (BBO No. 600702)
Deborah C. Burton (BBO No. 650737)
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110
(617) 345-1000
jcodinha@nixonpeabody.com
tmungovan@nixonpeabody.com
dburton@nixonpeabody.com

Dated: January 5, 2010

## CERTIFICATE OF SERVICE

I, Deborah C. Burton, certify that a copy of the above opposition to Trustee's determination of claim was sent via overnight mail on January 5, 2010 to:

> Clerk of the United States Bankruptcy Court for
> the Southern District of New York
> One Bowling Green
> New York, NY 10004

and

> Irving H. Picard, Trustee
> c/o Baker & Hostetler LLP
> Attn: Claims Department
> 45 Rockefeller Plaza
> New York, NY 10111

_____
Deborah C. Burton