**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　　　　Plaintiff-Applicant,<br><br>　　　v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　　　　　Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>　　　　　　　　Debtor. | JAN - 6 2010 |

## OPPOSITION TO TRUSTEE'S DETERMINATION OF CLAIM

The Suzanne & Charles Haar Family Foundation Inc. (the "Haar Family Foundation") hereby submits this opposition to the notice of Trustee's determination of claim dated December 8, 2009 denying the Haar Family Foundation's claim, which was designated as claim no. 012998.[1] As grounds for its opposition, the Haar Family Foundation states as follows:

1. In or about January 2000, Charles M. Haar ("Professor Haar") invested $500,000 in Ascot Partners, LP ("Ascot Partners").[2] In or about January 2000, Professor Haar invested $500,000 in Gabriel Capital, LP ("Gabriel Capital"). On or about that same time, Professor Haar invested a similar amount in Ascot Partners on behalf of the Haar Family Foundation, which is a 501(c)(3) charitable organization that supports higher educational institutions.

---

[1] A true and accurate copy of the Trustee's notice is attached hereto as Exhibit A. Charles M. Haar and The Suzanne & Charles Haar Family Foundation Inc. received similar notices denying their claims designated as nos. 012999, 013000, 014594, 014595, and 014596, and have submitted separate oppositions in connection with each such claim.

[2] A true and accurate copy of the Haar Family Foundation's customer claim form and supporting documentation is attached hereto as Exhibit B.

12839535.1

2. Ascot Partners (BLMIS Account No. 1-A0058) invested a substantial percentage of its assets under management with Bernard L. Madoff Investment Securities LLC ("BLMIS").[3]

3. The Trustee's denial of the Haar Family Foundation's claim is contrary to the purpose of the Securities Investor Protection Act ("SIPA"). As this Court (Lifland, J.) recently held, "Congress's primary purpose in enacting SIPA was 'to protect investors against financial losses arising from the insolvency of their brokers,' *SEC v. S.J. Salmon & Co.*, 375 F. Supp. 867, 871 (S.D.N.Y. 1974), and reestablish investor confidence in capital markets." *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 401 B.R. 629, 633-34 (Bankr. S.D.N.Y. 2009) (citing *Sec. Investor Prot. Corp. v. Barbour*, 421 U.S. 412, 415 (1975)).

4. SIPA is remedial legislation that should be read broadly to effectuate its purpose. *In re: New Times Sec. Servs.*, 371 F. 3d 68, 84 (2d Cir. 2004) (citing *Tcherepnin v. Knight*, 389 U.S. 332, 336 (1967)). The Court's interpretation of SIPA should be guided by the principle that a claimant's "legitimate expectations" ought to be protected. *See, e.g., In re: New Times Sec. Servs.* at 371 F.3d at 87; *In re Stratton Oakmont, Inc.*, No. 01-CV-2812 (RCC), 2003 U.S. Dist. LEXIS 20459, at *19 (S.D.N.Y. Nov. 13, 2003) (interpreting SIPA provision based on claimants' "legitimate expectations" as to what they had in their accounts on the filing date).

5. Based on the foregoing, the Trustee's denial of the Haar Family Foundation's claim is inconsistent with the purpose and plain meaning of SIPA.

6. Moreover, the Trustee's denial of the Haar Family Foundation's claim is inconsistent with the Trustee's actions against other investors. The Trustee has undertaken steps to "claw back" monies from feeder funds, such as Ascot Partners and Gabriel Capital, on the

---

[3] One or more affiliates of Ascot Partners (all of whom were under common control and/or ownership of J. Ezra Merkin) disclosed that BLMIS served as a prime broker and custodian.

theory that these funds received "customer property" when they made partial redemptions from BLMIS. As such, the Trustee is taking inconsistent positions under SIPA and its application to similarly situated persons. The Trustee is defining "customer" narrowly to avoid claims under SIPA, but he is defining "customer property" broadly when seeking to claw back monies.

7.  Accordingly, the Haar Family Foundation should be treated as a "customer" of BLMIS and reserves any and all rights that it may have as a result of the losses that it suffered due to the actions of BLMIS and Bernard L. Madoff.

WHEREFORE, the Haar Family Foundation respectfully requests that the Court overrule the Trustee's determination and schedule a hearing on this matter.

> Respectfully submitted,
>
> THE SUZANNE & CHARLES HAAR
> FAMILY FOUNDATION INC.
> By its attorneys,
>
> _____
> J. William Codinha (BBO No. 087740)
> Timothy W. Mungovan (BBO No. 600702)
> Deborah C. Burton (BBO No. 650737)
> NIXON PEABODY LLP
> 100 Summer Street
> Boston, MA 02110
> (617) 345-1000
> jcodinha@nixonpeabody.com
> tmungovan@nixonpeabody.com
> dburton@nixonpeabody.com

Dated: January 5, 2010

## CERTIFICATE OF SERVICE

I, Deborah C. Burton, certify that a copy of the above opposition to Trustee's determination of claim was sent via overnight mail on January 5, 2010 to:

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, NY 10004

and

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
Attn: Claims Department
45 Rockefeller Plaza
New York, NY 10111

_____
Deborah C. Burton