JAN - 6 2010

Esther Ziv Av
c/o M. Seligman & Co.
23 Menahem Begin Rd.
p.o.b. 36090,
Tel-Aviv, 66184
Israel

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

THE HONORABLE BANKRUPTCY JUDGE
BURTON R. LIFLAND

SECURITIES INVESTOR PROTECTION
CORPORATION,

   Plaintiff,

   v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

   Defendant,

In re:

BERNARD L. MADOFF,

   Debtor.

Adv. Pro. No. 08-01789 (BRL)

SIPA Liquidation

(Substantively Consolidated)

## WRITTEN OPPOSITION TO THE TRUSTEE'S DETERMINATION IN OUR CLAIM

I had indirectly invested in BERNARD L. MADOFF INVESTMENT SECURITIES LLC (hereinafter: "**BLMIS**") a sum of $129,009.58, all of which was lost, with no offsetting gains, due to the BLMIS Ponzi scheme (the "**Lost Funds**").

1. The Lost Funds were invested in units of Platinum All Weather Fund ("**Platinum**"). The 985.75 said units were purchased on 11.06.05.

2. The Platinum units are held directly in my name.

See documents enclosed as **Exhibit 'A'** to this Opposition.

3. As it turned out, Platinum was a Madoff "feeder funds" and <u>100% of its holdings</u> were "<u>invested</u>" with BLMIS (20% through units of Santa Clara II Fund, and 80% through units of a Sub Fund of Directors Fund SPC Ltd).

See documents enclosed as **Exhibit 'B'** to this Opposition.

-2-

1.3   Despite numerous requests, we have not been able to obtain further information regarding the nature of Platinum's indirect holdings with BLMIS such as the BLMIS account number used.

2. **The Investment Holding**

   2.1   The Platinum funds were held via Investor Account as part of an Executive Investment Bond Policy ("EIB2"), a life insurance policy issued by Royal Skandia Life Assurance Limited ("RSLA").

   2.2   As far as we understand it is possible that RSLA held the units in the name of their brokers, Capital International Nominees.

See documents enclosed as **Exhibit 'B'** to this Opposition.

3. **The Investments**

Using the funds in the RSLA Investor Account, we purchased 463.63 units in the Platinum Fund on May 2nd, 2005 and though we issued a 'sell' order on October 19th, 2008, we have never received any of our money back.

4. **Our Claim:**

Due to the reasons detailed above, we had filed a claim with regard to our Investment with the Trustee (hereinafter: "**the Claim**").

See documents enclosed as **Exhibit 'C'** to this Opposition.

5. **The Trustee Had Erred In Deciding That We Are Not A "Customer" of BLMIS Under SIPA:**

In his decision dated December 8, 2009, received by us on December 16, 2009, or thereabouts, the Trustee had denied the Claim finding that we did not have an account with BLMIS and thus are not considered a "customer" of BLMIS as this term is defined at 15 U.S.C. § 78/// (2).

With all due respect, the Trustee's said decision is erroneous in all of its aspects, as we shall demonstrate below.

**A. BLMIS is directly liable towards us under the law of Torts:**

The first major flaw in the Trustee's decision is that the denial of our Claim cannot be based solely on the finding whether we are a "Customer" of BLMIS as this term is defined at 15 U.S.C. § 78/// (2) or not.

Moreover, it was explicitly known to BLMIS that its criminal behavior will lead to damages, which I will directly and personally sustain, regardless of the investment vehicle.

Accordingly, BLMIS had a duty of care, as well as fiduciary duties towards me, irrespective of my investment vehicle.

Its fraudulent and criminal conduct left no doubt whatsoever that BLMIS had been in blatant breach of its said duties, *inter alia*, towards me.

Accordingly, and solely in light of the reasons detailed above, the Honorable Court is requested to find that the Trustee had erred in his decision to deny my Claim.

**B. I am a "Customer" as this term is defined at 15 U.S.C. § 78/// (2):**

Without derogating from the above I shall further argue that the Trustee had erroneously found that I am not a "Customer", as this term is defined at 15 U.S.C. § 78/// (2).

Indeed I had invested in BLMIS through a "feeder fund". However, the "feeder fund" had served as a mere pipeline for my investment in BLMIS, and it was clear at the outset to all parties involved, including BLMIS, that my Investment, as all investments in BLMIS through the various existing investment vehicles, was indeed an investment in BLMIS.

It is inappropriate and unjustified to treat the Investment any differently than any other investment in BLMIS, merely on the basis of the vehicle through which it had been executed.

Ultimately, BLMIS received numerous investments through a wide variety of vehicles, instituted in order to allow various portfolio managers to invest therein.

All of the said investments have two basic and fundamental facts in common, as follows:

  a) All had been performed knowingly **in BLMIS**, regardless of the vehicle;
  b) All were victimized by Mr. Madoff's Ponzi scheme.

These facts negate the possibility that the investment vehicle be the only reason that two identical investments in BLMIS be treated differently.

Moreover, the language of 15 U.S.C. § 78/// (2) clearly supports my understanding that I am indeed a "Customer" of BLMIS under SIPA.

In 15 U.S.C. § 78/// (2) it is stated that *"any person (including any person with whom the debtor deals as principal or agent) who has a claim on account of securities received, acquired, or held by the debtor in the ordinary course of its business as a broker or dealer from or for the securities accounts of such person for safekeeping, with a view to sale, to cover consummated sales, pursuant to purchases, as collateral security, or for purposes of effecting transfer. The term "customer" includes any person who has a claim against the debtor arising out of sales or conversions of such securities, and any person who has deposited cash with the debtor for the purpose of purchasing securities...".*

In the matter at hand, I had clearly deposited cash with BLMIS for the purpose of purchasing securities. The fact that BLMIS had misused the money it had received does not derogate from the said definition (it could only reinforce my Claim against it).

It is further clear that in the matter at hand the monies I had deposited with BLMIS were invested therein in its regular course of business, for safekeeping, with a view to sale / purchase / transfer.

Accordingly, and solely in light of the reasons detailed in this chapter above, the Honorable Court is requested to find that the Trustee had erred in his decision to deny my Claim.

**C. Preservation of Rights:**

Without derogating from the above and due to reasons of legal caution alone I shall further argue that in the event that despite the above the Honorable Court finds that the Trustee had not erred in interpreting 15 U.S.C. § 78/// (2) and implementing it to the matter at hand (a position which is in itself denied), this Opposition is filed in order to preserve my rights until the letter of 15 U.S.C. § 78/// (2) is reinterpreted or broadened in a manner that recognizes me as "customers" of BLMIS.

Yours sincerely,

Esther Ziv Av

CC:

Mr. Irving H. Picard
BLMIS Trustee

EXHIBIT A

# CITCO
*Citco Fund Services*
*(Europe) B.V.*

Mrs Ziv-Av Esther
34 Einstein Street
Tel Aviv
69101
Israel

| | |
|---|---|
| Date | : Nov-04-2008 |
| Valuation date | : Sep-30-2008 |
| Fund Id | : 228002 |
| Holder Id | : 688502 |
| Account Id | : 00337002 |
| Currency | : US DOLLAR |

Account: Mrs Ziv-Av Esther

## PLATINUM ALL WEATHER FUND LIMITED USD CLASS

### FUND NET ASSET VALUES

| | | Net Asset Value |
|---|---|---|
| Opening Price | Aug-31-2008 | 129.990383 |
| Closing Price | Sep-30-2008 | 130.874350 |

### ACCOUNT VALUE

| | | shares | Net Asset Value | Change in Account |
|---|---|---|---|---|
| Opening Market Value of Account | Aug-31-2008 | 985.7514 | 129.990383 | 128,138.20 |
| Add: Additions | | 0.0000 | | 0.00 |
| Less: Subtractions | No transactions in period | 0.0000 | | 0.00 |
| Closing Market Value of Account | Sep-30-2008 | 985.7514 | 130.874350 | 129,009.58 |
| Increase or decrease in market value due to change in the price in the period | | | | 871.38 |

Note: All trade orders must be submitted in writing. In the event of non-receipt of confirmation within 5 days, please contact Citco immediately.

For more information or any inquiries, please contact Citco Investor Relations Group
Tel: (31-20) 572 2850 Fax: (31-20) 572 2610 E-mail: amsterdamweb@citco.com

Telestone 8 - Teleport
Naritaweg 165
P.O. Box 7241
1007 JE Amsterdam

amsterdam-fund@citco.com
www.citco.com

Phone: +31 (0)20 572 2100
Fax: +31 (0)20 572 2600
Chamber of Commerce 33252773

Page 1 of 1

**PLATINUM ALL WEATHER FUND LIMITED** (the "Fund")
c/o The Harbour Trust Co. Ltd.
One Capital Place
PO Box 897
George Town
Grand Cayman KY1-1103
Cayman Islands

December 22, 2008

Dear Fellow Shareholder,

Estimations indicate that approximately 20% of the Fund is invested in Santa Clara II Fund ("Santa Clara") and approximately 80% in a Sub-Fund of Directors Fund SPC Ltd ("Directors SPC"), both of which we understand to be invested with Bernard L. Madoff Investment Securities LLC ("Madoff").

The following information has been received from Santa Clara and Directors SPC:

- Santa Clara has reported that it intends to write down the value of its Madoff holdings to zero and to institute compulsory redemption procedures, with a distribution of remaining proceeds. Santa Clara has further stated that, in the event the Madoff-exposed assets ever regain value, appropriate steps will be taken.

- Directors SPC has informed the Fund that it has decided to suspend calculations of the Net Asset Values as well as subscriptions and redemptions, and will keep investors updated as more information becomes available.

Consequently, the Fund regrets that is unable to calculate Net Asset Values and will be unable to service subscription or redemption requests until further notice.

We will keep you informed as further information develops.

Yours truly,

The Directors
Platinum All Weather Fund Limited

## CUSTOMER CLAIM

Claim Number_____

Date Received_____

### BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

**DECEMBER 11, 2008**

(Please print or type)

Name of Customer: ESTHER ZIV-AV
Mailing Address: 34 EINSTEIN St.
City: TEL AVIV   State: ISRAEL   Zip: 69101
Account No.: 0033700?
Taxpayer I.D. Number (Social Security No.): 001399195

NOTE: BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY THE ACCOMPANYING INSTRUCTION SHEET. A SEPARATE CLAIM FORM SHOULD BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL PROTECTION AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE RECEIVED BY THE TRUSTEE ON OR BEFORE March 4, 2009. CLAIMS RECEIVED AFTER THAT DATE, BUT ON OR BEFORE July 2, 2009, WILL BE SUBJECT TO DELAYED PROCESSING AND TO BEING SATISFIED ON TERMS LESS FAVORABLE TO THE CLAIMANT. PLEASE SEND YOUR CLAIM FORM BY CERTIFIED MAIL - RETURN RECEIPT REQUESTED.

*********************************************************************

1. Claim for money balances as of **December 11, 2008**:

See attached Letter

   a. The Broker owes me a Credit (Cr.) Balance of    $ 129,009
   b. I owe the Broker a Debit (Dr.) Balance of       $_____
   c. If you wish to repay the Debit Balance, please insert the amount you wish to repay and attach a check payable to "Irving H. Picard, Esq., Trustee for Bernard L. Madoff Investment Securities LLC." If you wish to make a payment, **it must be enclosed** with this claim form.   $_____
   d. If balance is zero, insert "None."

2.     Claim for securities as of **December 11, 2008**:

**PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.**

|   |   | YES | NO |
|---|---|---|---|
| a. | The Broker owes me securities | _____ | _____ |
| b. | I owe the Broker securities | _____ | _____ |
| c. | If yes to either, please list below: | | |

| Date of Transaction (trade date) | Name of Security | Number of Shares or Face Amount of Bonds | |
|---|---|---|---|
| | | The Broker Owes Me (Long) | I Owe the Broker (Short) |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

**Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclose, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation. You should also provide all documentation or information regarding any withdrawals you have ever made or payments received from the Debtor.**

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement. If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.

**PLEASE CHECK THE APPROPRIATE ANSWER FOR ITEMS 3 THROUGH 9.**

502180406      2

NOTE: IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION ON A SIGNED ATTACHMENT. IF SUFFICIENT DETAILS ARE NOT PROVIDED, THIS CLAIM FORM WILL BE RETURNED FOR YOUR COMPLETION.

|   |   | YES | NO |
|---|---|---|---|
| 3. | Has there been any change in your account since December 11, 2008? If so, please explain. |  | X |
| 4. | Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of the broker? |  | X |
| 5. | Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or policies of the broker? |  | X |
| 6. | Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in any way with the broker? If so, give name(s) |  | X |
| 7. | Is this claim being filed by or on behalf of a broker or dealer or a bank? If so, provide documentation with respect to each public customer on whose behalf you are claiming |  | X |
| 8. | Have you ever given any discretionary authority to any person to execute securities transactions with or through the broker on your behalf? Give names, addresses and phone numbers. |  | X |
| 9. | Have you or any member of your family ever filed a claim under the Securities Investor Protection Act of 1970? If so, give name of that broker. |  | X |

Please list the full name and address of anyone assisting you in the preparation of this claim form: _____

502180406

4

If you cannot compute the amount of your claim, you may file an estimated claim. In that case, please indicate your claim is an estimated claim.

IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM. CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.

THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY INFORMATION AND BELIEF.

Date 29.03.2009        Signature _____

Date _____       Signature _____

(If ownership of the account is shared, all must sign above. Give each owner's name, address, phone number, and extent of ownership on a signed separate sheet. If other than a personal account, e.g., corporate, trustee, custodian, etc., also state your capacity and authority. Please supply the trust agreement or other proof of authority.)

This customer claim form must be completed and mailed promptly, together with supporting documentation, etc. to:

Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

502180406                                    4