KING & SPALDING LLP
Richard A. Cirillo, Esq.
1185 Avenue of the Americas
New York, NY 10036
Telephone: (212) 556-2100
Fax: (212) 556-2222
Email: rcirillo@kslaw.com
*Counsel for NBK Banque Privee (Suisse) SA*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------X
SECURITIES INVESTOR PROTECTION
CORPORATION,

                Plaintiff-Applicant,        Adv. Pro. No. 08-01789-BRL

     v.

                                                 SIPA Liquidation

BERNARD L. MADOFF INVESTMENT          (Substantively Consolidated)
SECURITIES LLC,

                Defendant.
-----------------------------------------------------------------------X
In re:

BERNARD L. MADOFF,

                Debtor.
-----------------------------------------------------------------------X

**OBJECTION TO DETERMINATION OF CLAIM OF
<u>NBK BANQUE PRIVEE (SUISSE) SA</u>**

      NBK BANQUE PRIVEE (SUISSE) SA ("NBK Banque Privee"), on behalf of its customers and itself, by and through its counsel, hereby objects to the Trustee's Determination of Claim, and respectfully shows as follows:

Background

1.   NBK Banque Privee timely filed on behalf of its customers and itself a claim for $8,714,790 in this Securities Investor Protection Corporation ("SIPC") proceeding, which the Trustee duly acknowledged as timely filed and designated as Claim No. 015259 or 015262.[1]  A copy of the claim is attached hereto as Exhibit A.  Customers of NBK Banque Privee held net investment interests in the Fairfield Sentry Limited fund ("Fairfield Sentry") with the total net investment value of $8,714,790 at or around December 2008 as listed in the claim.  Fairfield Sentry invested NBK Banque Privee's customers' funds in Bernard L. Madoff Investment Securities LLC ("BLMIS"), causing the customers and NBK Banque Privee to bear the ultimate loss in this SIPC Liquidation resulting from the fraudulent scheme perpetrated by Bernard L. Madoff and BLMIS.

2.   The Trustee issued a "Notice of Trustee's Determination of Claim," denying the "customer claim" under 15 U.S.C. § 78lll(2) because "[b]ased on a review of available books and records of BLMIS by the Trustee's staff, [NBK Banque Privee] did not have an account with BLMIS," and was therefore not a "customer."  A copy of the Notice is attached hereto as Exhibit B.

3.   NBK Banque Privee and its customers object to this determination and submit that they are "customers" for purposes of, and are entitled to recover in, this SIPC proceeding in the same manner and to the same extent as "direct" investors who had accounts with BLMIS.

Legal Argument

4.   The Supreme Court has stated that "Congress' primary purpose in enacting the SIPA and creating the SIPC was…the protection of investors."  *See SIPC v. Barbour*, 421 U.S.

---

[1] NBK Banque Privee submitted only one claim in this proceeding, filing it via both UPS and Fedex to ensure delivery by the deadline for claims, noting in its cover letter that it did not intend for its claim to be processed twice.  NBK Banque Privee received two claim numbers and two Notices of Trustee's Determination of Claim.

2

412, 421 (1975). When a brokerage firm, like BLMIS, is a member of SIPC, SIPC may intervene in the firm's bankruptcy proceedings, gather the assets of the brokerage firm's "customers," and distribute those assets directly to them. *See* 15 U.S.C. § 78aaa *et seq*. If the brokerage firm lacks sufficient assets to refund the customer's claim, SIPC may then advance monies to the customer from the SIPC fund. *See* 15 U.S.C. § 78fff-3.

5. SIPA defines a "customer" as:

> Any person (including any person with whom the debtor deals as principal or agent) who has a claim on account of securities received, acquired, or held by the debtor in the ordinary course of its business as a broker or dealer from or for the securities accounts of such person for safekeeping, with a view to sale, to cover consummated sales, pursuant to purchases, as collateral security, or for purposes of effecting transfer. The term "customer" includes any person who has a claim against the debtor arising out of sales or conversions of such securities, and any person who has deposited cash with the debtor for the purpose of purchasing securities…

15 U.S.C. §78lll(2).

6. NBK Banque Privee's customers fall within section 78lll(2) under a plain reading of the statute. The customer funds were intended to be and were invested by Fairfield Sentry in BLMIS. There is no substantive difference between NBK Banque Privee's customers and other investors who invested funds directly in BLMIS. It was the express purpose of the Fairfield Sentry investment to direct the funds in the ordinary course of the business to BLMIS. As Fairfield Sentry literature made clear, Fairfield Sentry acted as a conduit by which funds would be invested with BLMIS. BLMIS solicited investors like the NBK Banque Privee customers through other "feeder funds" such as Fairfield Sentry in order to expand its reach and perpetuate its fraudulent scheme. NBK Banque Privee's customers were in virtual, if not actual, privity with BLMIS and suffered the same harm as direct investors in BLMIS.

7. A claimant's status as a "customer" under the statute does not depend on the person or entity to whom he handed his cash or made his check payable, or even where the funds were initially deposited. *In re Old Naples Secs., Inc.,* 223 F.3d 1296, 1302-03 (11th Cir. 2000). Instead, customer status under the statute depends on whether there was, as there was here, "actual receipt, acquisition or possession of the property of a claimant by the brokerage firm under liquidation" like BLMIS, such that the brokerage firm "acquired control over all of the claimants' funds" as BLMIS did here. *Id.* at 1302-04. In this case, NBK Banque Privee's customers' funds were deposited with their "actual receipt, acquisition or possession" by BLMIS, and BLMIS "acquired control" over their property.

8. Both the equities of the situation, as well as the realities of today's investment securities marketplace, require that NBK Banque Privee and its customers be afforded the same status in this proceeding as "direct" investors in BLMIS.

Relief Requested

9. For the reasons stated, it is respectfully requested that the Court overrule the Trustee's determination and find NBK Banque Privee's customers and NBK Banque Privee to be "customers" within the meaning of 15 U.S.C. § 78lll(2), direct that NBK Banque Privee's customers and NBK Banque Privee be treated by the Trustee in the same manner and grant them relief in the SIPC Liquidation proceeding to the same extent as direct investors in BLMIS, hold a hearing to determine this dispute, and grant such other and further relief as may be just, proper, and equitable.

10. NBK Banque Privee and its customers reserve the right to revise, supplement or amend this Objection. Any failure to object on a particular ground or grounds shall not be construed as a waiver of the right to object on additional grounds. NBK Banque Privee and its

customers also join in the Objections of other claimants in the same position and reserve the right to respond to the Trustee as and to the extent necessary or appropriate and to file supplemental memoranda of law.

Dated: January 6, 2010  
      New York, New York

/s/ Richard A. Cirillo_____  
KING & SPALDING LLP  
Richard A. Cirillo, Esq.  
Lauren W. Mitchell, Esq.  
1185 Avenue of the Americas  
New York, NY 10036  
Telephone: (212) 556-2100  
Fax: (212) 556-2222  
Email: rcirillo@kslaw.com  
*Counsel for NBK Banque Privee (Suisse) SA*