# ADORNO & YOSS

A LIMITED LIABILITY PARTNERSHIP
350 EAST LAS OLAS BOULEVARD, SUITE 1700
FORT LAUDERDALE, FLORIDA 33301-4217
PHONE: (954) 763-1200, FAX: (954) 766-7800
WWW.ADORNO.COM

JAN DOUGLAS ATLAS

EMAIL: JDA@ADORNO.COM

January 5, 2010

**VIA CERTIFIED MAIL AND FACSIMILE**

Mr. Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
Attn: Claims Department
45 Rockefeller Plaza
New York, NY 10111

    Re:    **Bankruptcy Case No. 08-1789 (BLR) / Opposition to Trustee's Denial of Claim Filed by Susan Schneider / Claim No. 3589**

Dear Mr. Picard:

    This letter is in opposition to the Notice of Trustee's Determination of Claim dated December 8, 2009, denying the claim of Ms. Susan Schneider ("Claimant") pursuant to the Securities Investor Protection Act, 15 U.S.C. 78aaa, *et seq.* ("SIPA").

    SIPA "is remedial legislation. As such it should be construed liberally to effect its purpose." *In re First State Securities Corp.*, 34 B.R. 492, 496 (Fla. 1983) (quoting *Tcherepnin v. Knight*, 389 U.S. 332 (1967)). "The purpose is the protection of the insolvent brokers' customers." *Id.* at 496. In *Securities and Exchange Commission v. F. O. Baroff Co., Inc.*, 497 F.2d 280 (2d Cir. 1974) [hereinafter, "*F. O. Barroff Co.*"], the Second Circuit gave a detailed analysis of SIPA's legislative history and intent. *Id.* at 281. Specifically, the court stated that:

> [t]he object of that statute, and the function of the Securities Investor Protection Corporation (SIPC) it created, is to protect the public customers of securities dealers from suffering the consequences of financial instability in the brokerage industry...Once a broker or dealer is found to be on the brink of collapse or in danger of failing to meet its obligations to its customers, a trustee is appointed for liquidation of the business. The firmS [sic] clients are cushioned (within limits) from personal loss through a special fund collected by SIPC from all securities dealers registered under the 1934 Securities Exchange Act...But the Securities Investor Protection Act allows only those who meet its definition of a 'customer' to share in this assurance.

{KCARDOSO/216613.0001/N0804174_1}
CALIFORNIA   FLORIDA   GEORGIA   MASSACHUSETTS   MISSOURI   NEW JERSEY   NEW YORK   TEXAS   WASHINGTON, D.C.
ATTORNEYS ADMITTED SOLELY IN THE JURISDICTION WHERE LISTED OFFICE IS LOCATED, UNLESS OTHERWISE NOTED

Mr. Irving H. Picard
January 5, 2010
Page 2

*F. O. Baroff Co.*, 497 F.2d at 281. Citing the House of Representatives, the court went on to state that "[t]he primary purpose of [SIPA] is to provide protection for investors if the broker-dealer with whom they are doing business encounters financial troubles." *Id.* at 283. In furtherance of SIPA, SIPC, "an independent corporation established by Congress," was created, "to reinstill[] confidence in the securities markets" by "protect[ing] investors from the effects of chronic instability in the securities industry." *Massachusetts Financial Services, Inc. v. Securities Investor Protection Corp.*, 411 F. Supp. 411, 412-13 (D.C. Mass. 1976). SIPC's "prime responsibility [is] to establish…a substantial reserve fund which…provide[s] protection to investors in the event a brokerage firm collapse[s]." *Id.* at 413.

SIPA defines the term "customer" of a debtor as:

> **any person (including any person with whom the debtor deals as principal or agent) who has a claim on account of securities received, acquired, or held by the debtor in the ordinary course of its business as a broker or dealer from or for the securities accounts of such person for safekeeping, with a view to sale, to cover consummated sales, pursuant to purchases, as collateral security, or for purposes of effecting transfer.** The term "customer" includes any person who has a claim against the debtor arising out of sales or conversions of such securities, and any person who has deposited cash with the debtor for the purpose of purchasing securities…

15 U.S.C.A. § 78lll(2) (emphasis added).

The United States District Court for the Southern District of New York further discussed the definition of the term "customer" in *Securities and Exchange Commission v. Kenneth Bove & Co., Inc.*, 378 F. Supp. 697 (S.D.N.Y. 1974) [hereinafter "*Kenneth Bove & Co.*"]. The court found that in order to be considered a "customer" under SIPA, "the claimant must have entrusted his securities to the debtor in liquidation," and have been "on account of securities received, acquired, or held by the debtor." *Id.* at 699. Claims pursuant to SIPA are "grounded on possession of identifiable securities by the broker." *Id.* Under SIPA, "**the preferential protection is accorded to a person who can trace and identify the…funds in the hands of the stockbroker.**" *Id.* (emphasis added).

In this case, Claimant's funds are traceable and can be identified as being in the direct control of Bernard L. Madoff Investment Securities LLC. Claimant transferred and placed the amount of $500,000.00 (the "Investment") with Emerald Asset Advisors, LLC which purchased with the Investment a limited partnership interest in the Rye Select Broad Market Fund, LP ("Rye Fund") under the authority of the Rye Fund's General Partner, Tremont Partners, Inc. ("Tremont Partners"), a subsidiary of Tremont Group Holdings, Inc. Attached hereto are copies of supporting documents evidencing the Investment in the limited partnership interest (the "Securities"). Tremont Partners placed all of the assets of the Rye Fund with Bernard L. Madoff Investment Securities LLC. The final account statement, attached hereto, reflects Securities

Mr. Irving H. Picard
January 5, 2010
Page 3

owed to Claimant in the amount of $556,370.61. Claimant is clearly a "customer" under SIPA and should be afforded its protection. The fact that Claimant's funds were not given directly from Claimant to Bernard L. Madoff Investment Securities LLC is of no consequence. As an investor, Claimant should be protected from the effects of the instable securities industry and, more specifically, the collapse of Bernard L. Madoff Investment Securities LLC, in which Claimant's assets were invested through her agents, Emerald Asset Advisors, LLC, The Rye Fund, and Tremont Partners. To deny Claimant's claim would directly contravene the legislative intent of SIPA. Accordingly, Claimant respectfully requests that the denial of her claim be reversed; that her claim be granted; and that she be afforded the protection to which she is entitled pursuant to SIPA.

Sincerely,

Jan Douglas Atlas

JDA/cab
Enclosure
cc:   United States Bankruptcy Court
for the Southern District of New York (by mail only)

Ms. Susan Schneider



A Division of Tremont Group Holdings, Inc.

BNY ALTERNATIVE INVESTMENT
SERVICES, INC.
101 Barclay Street
20th Floor West
New York, New York 10286
USA

Mrs. Susan Schneider
2940 Surrey Lane
Weston, FL 33331
USA

## CLIENT STATEMENT

A/C Number: 00-1200-700015487
Period Beginning: 01-Nov-2008
Period Ending: 30-Nov-2008
Fax Number:
E-Mail:

### PERFORMANCE SUMMARY

| Security | % Change | |
|---|---|---|
| | Period to Date | Year to Date |
| Rye Select Broad Market Fund, LP | 1.70% | 7.25% |

### PERIOD ACTIVITY

| Security | Net Opening Capital | Contribution | Net Income / (Loss) | Withdrawals / Trans / ReReg | Net Closing Capital |
|---|---|---|---|---|---|
| Rye Select Broad Market Fund, LP | 547,064.14 | 0.00 | 9,306.47 | 0.00 | 556,370.61 |
| Totals | 547,064.14 | 0.00 | 9,306.47 | 0.00 | 556,370.61 |

### DISCLOSURE NOTES

- % Change results are Net of all fees.
- Year To Date change is based on Calendar Year which ends on December 31st.
- All values are in USD.
- This information is not intended to be used for tax reporting or planning.
- This information is unaudited. Audited statements are issued upon conclusion of the fiscal year end audit.
- The Fund's net asset value has been calculated on the basis of market value information with respect to the Fund's portfolio obtained from third parties, including independent pricing vendors, the Fund's manager and administrators of funds in which the Fund may have invested. BNY-AIS does not give any assurances with respect to the accuracy of such market value information.
- Past performance as described herein is not necessarily indicative of future results.
- The Bank of New York acts as custodian with respect to cash. With respect to the portfolio's investments, such investments have been and will continue to be custodied for the benefit of the portfolio at Bernard L. Madoff Investment Securities LLC, 885 Third Avenue, New York, NY, 10022.
- Additional information is available at www.ryeselectfunds.com.

### INVESTOR INQUIRIES

Telephone: 212.815.4090    Facsimile: 212.644.6669    Email: AISOnline_NY@bankofny.com    Web: www.fundadmin.com

As you requested copies of this statement have been sent to:

Allan Budelman
Denise Karp
Ms. Pamela Palmer

# Online Account Statements

**TREMONT**

| Investor: | Susan Schneider | Address: | Susan Schneider |
| --- | --- | --- | --- |
| Company Name: | | | 2940 Surrey Lane |
| Account Type: | Individual | | Weston, FL 33331 |

## Account Summary (Year-To-Date)

Statement Date: June, 30 2007

| Portfolio Name | Value at Jun 30, 2007 | Net Cont./With.(*1) | Net Return | Value at Jun 30, 2007(*2) | ROR(%) |
| --- | --- | --- | --- | --- | --- |
| Rye Select Broad Market Fund, L.P. | $0 | $500,000 | $1,933 | $501,933 | 0.39 |
| Relationship Total | $0 | $500,000 | $1,933 | $501,933 | |

## Current Activity

| Portfolio Name | Value at Jun 01, 2007 | Contributions | Withdrawals | Value at Jun 30, 2007(*3) |
| --- | --- | --- | --- | --- |
| Rye Select Broad Market Fund, L.P. | $0 | $500,000 | $0 | $501,933 |
| Relationship Total | $0 | $500,000 | $0 | $501,933 |

Important Note: All results shown on this statement are not considered final and are subject to adjustment pending the outcome of each fund's annual audit. Past Performance as described herein is not necessarily indicative of future results.

*1. The amount shown reflects the net amount contributed and/or withdrawn, as the case may be, taking into account all contributions and/or withdrawals made during the period.

*2. The above estimated value is net of all fees, expenses, and the performance incentive allocation year-to-date, if applicable.

*3. Value shown takes into account all contributions and withdrawals and the calculated return on the net invested amount for the period, less all fees, expenses and the performance incentive allocation year-to-date, if applicable.

Cash contained in the Rye Select Broad Market Fund, L.P. ("RSBMF") has been, and will continue to be, held at Bank of America, 1 Landmark Square, Stamford, CT 06901, in an account in the name of the RSBMF and over which Tremont Partners, Inc., the partnership's General Partner exercises authority and control.

With respect to the RSBMF investments, such investments have been, and will continue to be custodied for the benefit of the partnership at Bernard L. Madoff Securities LLC, 885 Third Avenue new York, New York 10022.



Number: 2006 Date: 06/05/2007 Amount: $500,000.00

A check from Robert Schneider / Susan Schneider, 2940 Surrey Ln, Weston, FL 33331, drawn on Community Bank of Broward, 1991 Stirling Road, Dania Beach, FL 33004. Check #2006, dated 5-31-07. Pay to the order of: Ave Select Broad market Fund, LP. Amount: $500,000.00 (Five Hundred Thousand & 00/100 Dollars). Memo: Susan. Signed.