# ADORNO & YOSS

A LIMITED LIABILITY PARTNERSHIP
350 EAST LAS OLAS BOULEVARD, SUITE 1700
FORT LAUDERDALE, FLORIDA 33301-4217
PHONE: (954) 763-1200, FAX: (954) 766-7800
WWW.ADORNO.COM

JAN DOUGLAS ATLAS                                                                      EMAIL: JDA@ADORNO.COM

January 5, 2010

**VIA CERTIFIED MAIL AND FACSIMILE**

Mr. Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
Attn: Claims Department
45 Rockefeller Plaza
New York, NY 10111

Re:   Bankruptcy Case No. 08-1789 (BLR) / Opposition to Trustee's Denial
      of Claim Filed by Allison Matz Sepielli / Claim No. 3611

Dear Mr. Picard:

This letter is in opposition to the Notice of Trustee's Determination of Claim dated December 8, 2009, denying the claim of Ms. Allison Matz Sepielli ("Claimant") pursuant to the Securities Investor Protection Act, 15 U.S.C. 78aaa, *et seq.* ("SIPA").

SIPA "is remedial legislation. As such it should be construed liberally to effect its purpose." *In re First State Securities Corp.*, 34 B.R. 492, 496 (Fla. 1983) (quoting *Tcherepnin v. Knight*, 389 U.S. 332 (1967)). "The purpose is the protection of the insolvent brokers' customers." *Id.* at 496. In *Securities and Exchange Commission v. F. O. Baroff Co., Inc.*, 497 F.2d 280 (2d Cir. 1974) [hereinafter, "*F. O. Barroff Co.*"], the Second Circuit gave a detailed analysis of SIPA's legislative history and intent. *Id.* at 281. Specifically, the court stated that:

> [t]he object of that statute, and the function of the Securities Investor Protection Corporation (SIPC) it created, is to protect the public customers of securities dealers from suffering the consequences of financial instability in the brokerage industry...Once a broker or dealer is found to be on the brink of collapse or in danger of failing to meet its obligations to its customers, a trustee is appointed for liquidation of the business. The firmS [sic] clients are cushioned (within limits) from personal loss through a special fund collected by SIPC from all securities dealers registered under the 1934 Securities Exchange Act...But the Securities Investor Protection Act allows only those who meet its definition of a 'customer' to share in this assurance.

Mr. Irving H. Picard
January 5, 2010
Page 2

*F. O. Baroff Co.*, 497 F.2d at 281. Citing the House of Representatives, the court went on to state that "[t]he primary purpose of [SIPA] is to provide protection for investors if the broker-dealer with whom they are doing business encounters financial troubles." *Id.* at 283. In furtherance of SIPA, SIPC, "an independent corporation established by Congress," was created, "to reinstill[] confidence in the securities markets" by "protect[ing] investors from the effects of chronic instability in the securities industry." *Massachusetts Financial Services, Inc. v. Securities Investor Protection Corp.*, 411 F. Supp. 411, 412-13 (D.C. Mass. 1976). SIPC's "prime responsibility [is] to establish…a substantial reserve fund which…provide[s] protection to investors in the event a brokerage firm collapse[s]." *Id.* at 413.

SIPA defines the term "customer" of a debtor as:

> **any person (including any person with whom the debtor deals as principal or agent) who has a claim on account of securities received, acquired, or held by the debtor in the ordinary course of its business as a broker or dealer from or for the securities accounts of such person for safekeeping, with a view to sale, to cover consummated sales, pursuant to purchases, as collateral security, or for purposes of effecting transfer.** The term "customer" includes any person who has a claim against the debtor arising out of sales or conversions of such securities, and any person who has deposited cash with the debtor for the purpose of purchasing securities…

15 U.S.C.A. § 78lll(2) (emphasis added).

The United States District Court for the Southern District of New York further discussed the definition of the term "customer" in *Securities and Exchange Commission v. Kenneth Bove & Co., Inc.*, 378 F. Supp. 697 (S.D.N.Y. 1974) [hereinafter "*Kenneth Bove & Co.*"]. The court found that in order to be considered a "customer" under SIPA, "the claimant must have entrusted his securities to the debtor in liquidation," and have been "on account of securities received, acquired, or held by the debtor." *Id.* at 699. Claims pursuant to SIPA are "grounded on possession of identifiable securities by the broker." *Id.* Under SIPA, **"the preferential protection is accorded to a person who can trace and identify the…funds in the hands of the stockbroker."** *Id.* (emphasis added).

In this case, Claimant's funds are traceable and can be identified as being in the direct control of Bernard L. Madoff Investment Securities LLC. Claimant transferred and placed the amount of $100,000.00 (the "Investment") with Emerald Asset Advisors, LLC which purchased with the Investment a limited partnership interest in the Rye Select Broad Market Fund, LP ("Rye Fund") under the authority of the Rye Fund's General Partner, Tremont Partners, Inc. ("Tremont Partners"), a subsidiary of Tremont Group Holdings, Inc. Attached hereto are copies of supporting documents evidencing the Investment in the limited partnership interest (the "Securities"). Tremont Partners placed all of the assets of the Rye Fund with Bernard L. Madoff Investment Securities LLC. The final account statement, attached hereto, reflects Securities

Mr. Irving H. Picard
January 5, 2010
Page 3

owed to Claimant in the amount of $101,678.07. Claimant is clearly a "customer" under SIPA and should be afforded its protection. The fact that Claimant's funds were not given directly from Claimant to Bernard L. Madoff Investment Securities LLC is of no consequence. As an investor, Claimant should be protected from the effects of the instable securities industry and, more specifically, the collapse of Bernard L. Madoff Investment Securities LLC, in which Claimant's assets were invested through her agents, Emerald Asset Advisors, The Rye Fund, and Tremont Partners. To deny Claimant's claim would directly contravene the legislative intent of SIPA. Accordingly, Claimant respectfully requests that the denial of her claim be reversed; that her claim be granted; and that she be afforded the protection to which she is entitled pursuant to SIPA.

Sincerely,

Jan Douglas Atlas

JDA/cab
Enclosure
cc:    United States Bankruptcy Court
       for the Southern District of New York (by mail only)

       Ms. Allison Matz Sepielli



**RYE**
Investment Management
A Division of Tremont Group Holdings, Inc.

BNY ALTERNATIVE INVESTMENT
SERVICES, INC.
101 Barclay Street
20th Floor West
New York, New York 10286
USA

Allison Matz Sepielli
1488 Manner Way
Hollywood, FL 33019
USA

## CLIENT STATEMENT

A/C Number: 00-1200-800011729
Period Beginning: 01-Nov-2008
Period Ending: 30-Nov-2008
Fax Number:
E-Mail: alisepi@aol.com

### PERFORMANCE SUMMARY

| Security | % Change | |
|---|---|---|
| | Period to Date | Year to Date |
| Rye Select Broad Market Fund, LP | 1.71% | 1.68% |

### PERIOD ACTIVITY

| Security | Net Opening Capital | Contribution | Net Income / (Loss) | Withdrawals / Trans / ReReg | Net Closing Capital |
|---|---|---|---|---|---|
| Rye Select Broad Market Fund, LP | 99,973.12 | 0.00 | 1,704.95 | 0.00 | 101,678.07 |
| Totals | 99,973.12 | 0.00 | 1,704.95 | 0.00 | 101,678.07 |

### DISCLOSURE NOTES

- % Change results are Net of all fees.
- Year To Date change is based on Calendar Year which ends on December 31st.
- All values are in USD.
- This information is not intended to be used for tax reporting or planning.
- This information is unaudited. Audited statements are issued upon conclusion of the fiscal year end audit.
- The Fund's net asset value has been calculated on the basis of market value information with respect to the Fund's portfolio obtained from third parties, including independent pricing vendors, the Fund's manager and administrators of funds in which the Fund may have invested. BNY-AIS does not give any assurances with respect to the accuracy of such market value information.
- Past performance as described herein is not necessarily indicative of future results.
- The Bank of New York acts as custodian with respect to cash. With respect to the portfolio's investments, such investments have been and will continue to be custodied for the benefit of the portfolio at Bernard L. Madoff Investment Securities LLC, 885 Third Avenue, New York, NY, 10022.
- Additional information is available at www.ryeselectfunds.com.

### INVESTOR INQUIRIES

Telephone: 212.815.4090    Facsimile: 212.644.6669    Email: AISOnline_NY@bankofny.com    Web: www.fundadmin.com

As you requested copies of this statement have been sent to:
Denise Karp
Ms. Pamela Palmer



RYE
Investment Management
A Division of Tremont Group Holdings, Inc.

BNY ALTERNATIVE INVESTMENT
SERVICES, INC.
101 Barclay Street, 20th Floor West
New York, New York 10286
USA

Fax: --
E-mail: ppalmer@emeraldasset.com

13-Nov-2008

Ms. Pamela Palmer
2843 Executive Park Drive
Fort Lauderdale, FL 33327
USA

## CONFIRMATION OF CASH RECEIPT

Dear Investor,

We are pleased to confirm the receipt of your proceeds on behalf of Rye Select Broad Market Fund, LP. The details below confirm the specifics of the transaction. Your proceeds will not be invested until all requisite documentation has been received in good order and your eligibility as an investor in Rye Select Broad Market Fund, LP has been confirmed.

Please take a moment to review this confirmation to ensure that all details pertaining to this transaction and your account are correct. If any discrepancies are identified please contact our Investor Services Group as described below.

## ACTIVITY CONFIRMED

**Details**

| | |
|---|---|
| Action | Cash Received |
| Date Received | 30-Sep-2008 |
| Amount Local | 100,000.00 USD |
| Amount Base | 100,000.00 USD |

**To Be Applied**

| | |
|---|---|
| Dealing Date | 01-Oct-2008 |
| Security | Rye Select Broad Market Fund, LP |

| ACCOUNT INFORMATION | | INVESTOR INQUIRIES | |
|---|---|---|---|
| Acct. Name | Allison Matz Sepielli | Telephone | 212.815.4090 |
| Acct. Number | 01-2008-00011729 | Facsimile | 212.644.6669 |
| Telephone | 954-455 Ext. 9938 | Email | AISOnline_NY@bankofny.com |
| Facsimile | -- | | |
| Email | alisepi@aol.com | Web | www.fundadmin.com |

```
ALLISON MATZ SEPIELLI 01/2008                                          1013
1488 MARINER WAY                                                    63-215/631
HOLLYWOOD, FL 33019-5014
                                          9/24/08

Pay to the order of  Rye Select Broad Market Fund, L.P.    $ 100,000.00
One Hundred Thousand                                        Dollars

                          Money Market Account
SUNTRUST     ACH RT 061000104

For _____

⑆063102152⑆ 10000726956794⑈  1013
```