Rachel Aviv
c/o M. Seligman & Co.
23 Menahem Begin Rd.
p.o.b. 36090,
Tel-Aviv, 66184
Israel

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

**THE HONORABLE BANKRUPTCY JUDGE
BURTON R. LIFLAND**

JAN -6 2010

SECURITIES INVESTOR PROTECTION
CORPORATION,

        Plaintiff,

v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

        Defendant,

In re:

BERNARD L. MADOFF,

        Debtor.

Adv. Pro. No. 08-01789 (BRL)

SIPA Liquidation

(Substantively Consolidated)

## WRITTEN OPPOSITION TO THE TRUSTEE'S DETERMINATION IN OUR CLAIM

I had indirectly invested in BERNARD L. MADOFF INVESTMENT SECURITIES LLC (hereinafter: "**BLMIS**") a sum of $119,069.53, all of which was lost, with no offsetting gains, due to the BLMIS Ponzi scheme (the "**Lost Funds**").

1. **The Investment Vehicle:**

    1.1    The Lost Funds were invested in units of Platinum All Weather Fund ("**Platinum**").

    1.2    As it turned out, Platinum was a Madoff "feeder funds" and <u>100% of its holdings</u> were "<u>invested</u>" with BLMIS (20% through units of Santa Clara II Fund, and 80% through units of a Sub Fund of Directors Fund SPC Ltd).

See documents enclosed as **Exhibit 'A'** to this Opposition.

1.3 Despite numerous requests, I have not been able to obtain further information regarding the nature of Platinum's indirect holdings with BLMIS such as the BLMIS account number used.

2. **The Investment Holding**

The Platinum funds were held via Investor Account as part of an Executive Investment Bond Policy ("EIB2"), a life insurance policy issued by Royal Skandia Life Assurance Limited ("RSLA").

See documents enclosed as **Exhibit 'B'** to this Opposition.

3. **The Investments**

Using the funds in the RSLA Investor Account, I purchased 909.59 units in the Platinum Fund on September 30th, 2004 and though I issued a 'sell' order on October 27th, 2008, I have never received any of my money back.

4. **My Claim:**

Due to the reasons detailed above, we had filed a claim with regard to our Investment with the Trustee (hereinafter: "**the Claim**").

See documents enclosed as **Exhibit 'C'** to this Opposition.

5. **The Trustee Had Erred In Deciding That I am Not A "Customer" of BLMIS Under SIPA:**

In his decision dated December 8, 2009, received by me on December 16, 2009, or thereabouts, the Trustee had denied the Claim finding that I did not have an account with BLMIS and thus am not considered a "customer" of BLMIS as this term is defined at 15 U.S.C. § 78/// (2).

With all due respect, the Trustee's said decision is erroneous in all of its aspects, as I shall demonstrate below.

**A. BLMIS is directly liable towards me under the law of Torts:**

The first major flaw in the Trustee's decision is that the denial of my Claim cannot be based solely on the finding whether I am a "Customer" of BLMIS as this term is defined at 15 U.S.C. § 78/// (2) or not.

Regardless of the finding of whether I am a "Customer" of BLMIS or not, BLMIS is still liable towards me due to the fact that it had fraudulently extracted monies from me through criminal offense.

-3-

At the outset I had invested in BLMIS based on false representations that the monies were to be invested in what I believed to be a lawful and legitimate investment fund.

As it had *ex-post* been discovered, the monies were extracted within the framework of an elaborate Ponzi scheme.

Accordingly, I, as all other investors in BLMIS, fell victim to fraud, and thus had sustained damages due to tort in the full amount of my Investment.

The fact that I had executed my Investment through a "feeder fund" is irrelevant. The "feeder fund" had served as a mere pipeline for my investment in BLMIS, and it was clear at the outset to all parties involved, including BLMIS, that my Investment, as all investments in BLMIS through the various existing investment vehicles, was indeed an investment in BLMIS.

Moreover, it was explicitly known to BLMIS that its criminal behavior will lead to damages, which I will directly and personally sustain, regardless of the investment vehicle.

Accordingly, BLMIS had a duty of care, as well as fiduciary duties towards me, irrespective of my investment vehicle.

Its fraudulent and criminal conduct left no doubt whatsoever that BLMIS had been in blatant breach of its said duties, *inter alia*, towards me.

Accordingly, and solely in light of the reasons detailed above, the Honorable Court is requested to find that the Trustee had erred in his decision to deny my Claim.

**B. I am a "Customer" as this term is defined at 15 U.S.C. § 78/// (2):**

Without derogating from the above I shall further argue that the Trustee had erroneously found that I am not a "Customer", as this term is defined at 15 U.S.C. § 78/// (2).

Indeed I had invested in BLMIS through a "feeder fund". However, the "feeder fund" had served as a mere pipeline for my investment in BLMIS, and it was clear at the outset to all parties involved, including BLMIS, that my Investment, as all investments in BLMIS through the various existing investment vehicles, was indeed an investment in BLMIS.

It is inappropriate and unjustified to treat the Investment any differently than any other investment in BLMIS, merely on the basis of the vehicle through which it had been executed.

Ultimately, BLMIS received numerous investments through a wide variety of vehicles, instituted in order to allow various portfolio managers to invest therein.

All of the said investments have two basic and fundamental facts in common, as follows:
   a) All had been performed knowingly **in BLMIS**, regardless of the vehicle;
   b) All were victimized by Mr. Madoff's Ponzi scheme.

-4-

These facts negate the possibility that the investment vehicle be the only reason that two identical investments in BLMIS be treated differently.

Moreover, the language of 15 U.S.C. § 78/// (2) clearly supports my understanding that I am indeed a "Customer" of BLMIS under SIPA.

In 15 U.S.C. § 78/// (2) it is stated that *"any person (including any person with whom the debtor deals as principal or agent) who has a claim on account of securities received, acquired, or held by the debtor in the ordinary course of its business as a broker or dealer from or for the securities accounts of such person for safekeeping, with a view to sale, to cover consummated sales, pursuant to purchases, as collateral security, or for purposes of effecting transfer. The term "customer" includes any person who has a claim against the debtor arising out of sales or conversions of such securities, and any person who has deposited cash with the debtor for the purpose of purchasing securities...".*

In the matter at hand, I had clearly deposited cash with BLMIS for the purpose of purchasing securities. The fact that BLMIS had misused the money it had received does not derogate from the said definition (it could only reinforce my Claim against it).

It is further clear that in the matter at hand the monies I had deposited with BLMIS were invested therein in its regular course of business, for safekeeping, with a view to sale / purchase / transfer.

Accordingly, and solely in light of the reasons detailed in this chapter above, the Honorable Court is requested to find that the Trustee had erred in his decision to deny my Claim.

### C. Preservation of Rights:

Without derogating from the above and due to reasons of legal caution alone I shall further argue that in the event that despite the above the Honorable Court finds that the Trustee had not erred in interpreting 15 U.S.C. § 78/// (2) and implementing it to the matter at hand (a position which is in itself denied), this Opposition is filed in order to preserve my rights until the letter of 15 U.S.C. § 78/// (2) is reinterpreted or broadened in a manner that recognizes me as "customers" of BLMIS.

Yours sincerely,

Rachel Aviv

CC:

Mr. Irving H. Picard
BLMIS Trustee

Exhibit A

PLATINUM ALL WEATHER FUND LIMITED (the "Fund")
c/o The Harbour Trust Co. Ltd.
One Capital Place
PO Box 897
George Town
Grand Cayman KY1-1103
Cayman Islands

December 22, 2008

Dear Fellow Shareholder,

Estimations indicate that approximately 20% of the Fund is invested in Santa Clara II Fund ("Santa Clara") and approximately 80% in a Sub-Fund of Directors Fund SPC Ltd ("Directors SPC"), both of which we understand to be invested with Bernard L. Madoff Investment Securities LLC ("Madoff").

The following information has been received from Santa Clara and Directors SPC:

- Santa Clara has reported that it intends to write down the value of its Madoff holdings to zero and to institute compulsory redemption procedures, with a distribution of remaining proceeds. Santa Clara has further stated that, in the event the Madoff-exposed assets ever regain value, appropriate steps will be taken.

- Directors SPC has informed the Fund that it has decided to suspend calculations of the Net Asset Values as well as subscriptions and redemptions, and will keep investors updated as more information becomes available.

Consequently, the Fund regrets that is unable to calculate Net Asset Values and will be unable to service subscription or redemption requests until further notice.

We will keep you informed as further information develops.

Yours truly,

The Directors
Platinum All Weather Fund Limited



**BHI** Geneva Private Banking

# STATEMENT OF ACCOUNT

BANK HAPOALIM (SWITZERLAND) LTD.
CUSTOMER NAME: ROYAL SKANDIA LIFE ASSURANCE EIB 34351-9
CUSTOMER ID NO.: 7183140
BRANCH NO. & NAME: 218 Bank Hapoalim Switzerland

RELATIONSHIP MANAGER: GAST RONNY
REFERENCE CURRENCY: USD
BASE CURRENCY: USD

PRINTED ON: 01/01/09
AS OF: 31/12/2008
PAGE 5 of 8



"Exhibit B"

| Security Description | Cur | Quantity | Cost Price | Current Price | As Of | % Price Change | Amount | Indicative Accrued Interest | YTM | Value in USD Amount | Indicative Accrued Interest | Total Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| BARCLAYS BANK PLC RANGE OR CORRIDOR NOTES<br>Security No. 2913668000<br>Interest: 8.2000%<br>Maturity Date: 13/02/22<br>Next Pmt. Date: 13/02/09<br>Interest Frequency: 4 | USD | 150,000.00 | 100.00% | 100.00% | 04/04/07 | 0.00 | 150,000.00 | 1,605.83 | 8.45% | 150,000.00 | 1,605.83 | 151,605.83 |
| ROYAL BANK OF CANADA VARIABLE RATE SENIOR<br>Security No. 3493750000<br>Maturity Date: 01/11/22<br>Next Pmt. Date: 03/02/09<br>Interest Frequency: 4 | USD | 60,000.00 | 100.00% | 99.50% | 29/12/08 | -0.50 | 59,700.60 | 0.04 | 0.04% | 59,700.60 | 0.00 | 59,700.60 |
| | | | | | | | **TOTAL BONDS** | | | 1,019,775.10 | 7,702.19 | 1,027,477.29 |
| **SHARES** | | | | | | | | | | | | |
| PLATINUM ALL WEATHER FUND LIMITED<br>PTG.RED.PREF.SHS<br>Security No. 1565352000<br>First Purch. Date: 30/09/04 | USD | 909.59 | 110.52 | 129.92 | 10/12/08 | 17.56 | 118,173.54 | 0.00 | | 118,173.54 | 0.00 | 118,173.54 |
| PLATINUM GLOBAL DIVIDEND FUND LTD<br>PTG. SHS<br>Security No 2265562000<br>First Purch. Date: 01/11/06 | USD | 1,134.01 | 96.83 | 47.73 | 30/11/08 | -50.70 | 54,128.71 | 0.00 | | 54,128.71 | 0.00 | 54,128.71 |
| | | | | | | **TOTAL SHARES:** | 172,302.25 | 0.00 | | 172,302.25 | 0.00 | 172,302.25 |



# PLATINUM
CAPITAL MANAGEMENT

**PLATINUM ALL WEATHER FUND LIMITED** (the "Fund")
c/o The Harbour Trust Co. Ltd.
One Capital Place
PO Box 897
George Town
Grand Cayman KY1-1103
Cayman Islands

December 22, 2008

Dear Fellow Shareholder,

Estimations indicate that approximately 20% of the Fund is invested in Santa Clara II Fund ("Santa Clara") and approximately 80% in a Sub-Fund of Directors Fund SPC Ltd ("Directors SPC"), both of which we understand to be invested with Bernard L. Madoff Investment Securities LLC ("Madoff").

The following information has been received from Santa Clara and Directors SPC:

- Santa Clara has reported that it intends to write down the value of its Madoff holdings to zero and to institute compulsory redemption procedures, with a distribution of remaining proceeds. Santa Clara has further stated that, in the event the Madoff-exposed assets ever regain value, appropriate steps will be taken.

- Directors SPC has informed the Fund that it has decided to suspend calculations of the Net Asset Values as well as subscriptions and redemptions, and will keep investors updated as more information becomes available.

Consequently, the Fund regrets that is unable to calculate Net Asset Values and will be unable to service subscription or redemption requests until further notice.

We will keep you informed as further information develops.

Yours truly,

The Directors
Platinum All Weather Fund Limited