Rachel & Doron Aviv
c/o M. Seligman & Co.
23 Menahem Begin Rd.
p.o.b. 36090,
Tel-Aviv, 66184
Israel

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

**THE HONORABLE BANKRUPTCY JUDGE
BURTON R. LIFLAND**

JAN - 6 2010

SECURITIES INVESTOR PROTECTION
CORPORATION,

Adv. Pro. No. 08-01789 (BRL)

Plaintiff,

SIPA Liquidation

v.

(Substantively Consolidated)

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

Defendant,

In re:

BERNARD L. MADOFF,

Debtor.

## WRITTEN OPPOSITION TO THE TRUSTEE'S DETERMINATION IN OUR CLAIM

We had indirectly invested in BERNARD L. MADOFF INVESTMENT SECURITIES LLC (hereinafter: "**BLMIS**") a sum of $35,720.86, all of which was lost, with no offsetting gains, due to the BLMIS Ponzi scheme (the "**Lost Funds**").

1. **The Investment Vehicle:**

    1.1   The Lost Funds were invested in units of Platinum All Weather Fund ("**Platinum**").

   See documents enclosed as **Exhibit 'A'** to this Opposition.

    1.2   As it turned out, Platinum was a Madoff "feeder funds" and 100% of its holdings were "invested" with BLMIS (20% through units of Santa Clara II Fund, and 80% through units of a Sub Fund of Directors Fund SPC Ltd).

   See documents enclosed as **Exhibit 'B'** to this Opposition.

1.3   Despite numerous requests, we have not been able to obtain further information regarding the nature of Platinum's indirect holdings with BLMIS such as the BLMIS account number used.

2. **The Investment Holding**

The Platinum funds were held via Investor Account as part of an Executive Investment Bond Policy (**"EIB2"**) No. 32872-2, a life insurance policy issued by Royal Skandia Life Assurance Limited (**"RSLA"**).

See documents enclosed as **Exhibit 'C'** to this Opposition.

3. **The Investments**

Using the funds in the RSLA Investor Account, we purchased 280.12 units in the Platinum Fund on December 1st, 2004 and though we issued a 'sell' order on October 27th, 2008, we have never received any of our money back.

4. **Our Claim:**

Due to the reasons detailed above, we had filed a claim with regard to our Investment with the Trustee (hereinafter: **"the Claim"**).

See documents enclosed as **Exhibit 'D'** to this Opposition.

5. **The Trustee Had Erred In Deciding That We Are Not A "Customer" of BLMIS Under SIPA:**

In his decision dated December 8, 2009, received by us on December 16, 2009, or thereabouts, the Trustee had denied the Claim finding that we did not have an account with BLMIS and thus are not considered a "customer" of BLMIS as this term is defined at 15 U.S.C. § 78/// (2).

With all due respect, the Trustee's said decision is erroneous in all of its aspects, as we shall demonstrate below.

**A. BLMIS is directly liable towards us under the law of Torts:**

The first major flaw in the Trustee's decision is that the denial of our Claim cannot be based solely on the finding whether we are a "Customer" of BLMIS as this term is defined at 15 U.S.C. § 78/// (2) or not.

Regardless of the finding of whether we are a "Customer" of BLMIS or not, BLMIS is still liable towards us due to the fact that it had fraudulently extracted monies from us through criminal offense.

At the outset we had invested in BLMIS based on false representations that the monies were to be invested in what we believed to be a lawful and legitimate investment fund.

As it had *ex-post* been discovered, the monies were extracted within the framework of an elaborate Ponzi scheme.

Accordingly, we, as all other investors in BLMIS, fell victim to fraud, and thus had sustained damages due to tort in the full amount of our Investment.

The fact that we had executed our Investment through a "feeder fund" is irrelevant. The "feeder fund" had served as a mere pipeline for our investment in BLMIS, and it was clear at the outset to all parties involved, including BLMIS, that our Investment, as all investments in BLMIS through the various existing investment vehicles, was indeed an investment in BLMIS.

Moreover, it was explicitly known to BLMIS that its criminal behavior will lead to damages, which we will directly and personally sustain, regardless of the investment vehicle.

Accordingly, BLMIS had a duty of care, as well as fiduciary duties towards us, irrespective of our investment vehicle.

Its fraudulent and criminal conduct left no doubt whatsoever that BLMIS had been in blatant breach of its said duties, *inter alia*, towards us.

Accordingly, and solely in light of the reasons detailed above, the Honorable Court is requested to find that the Trustee had erred in his decision to deny our Claim.

**B. We are a "Customer" as this term is defined at 15 U.S.C. § 78/// (2):**

Without derogating from the above we shall further argue that the Trustee had erroneously found that we are not a "Customer", as this term is defined at 15 U.S.C. § 78/// (2).

Indeed we had invested in BLMIS through a "feeder fund". However, the "feeder fund" had served as a mere pipeline for our investment in BLMIS, and it was clear at the outset to all parties involved, including BLMIS, that our Investment, as all investments in BLMIS through the various existing investment vehicles, was indeed an investment in BLMIS.

It is inappropriate and unjustified to treat the Investment any differently than any other investment in BLMIS, merely on the basis of the vehicle through which it had been executed.

Ultimately, BLMIS received numerous investments through a wide variety of vehicles, instituted in order to allow various portfolio managers to invest therein.

All of the said investments have two basic and fundamental facts in common, as follows:

a) All had been performed knowingly **in BLMIS**, regardless of the vehicle;

b) All were victimized by Mr. Madoff's Ponzi scheme.

These facts negate the possibility that the investment vehicle be the only reason that two identical investments in BLMIS be treated differently.

Moreover, the language of 15 U.S.C. § 78/// (2) clearly supports our understanding that we indeed are a "Customer" of BLMIS under SIPA.

In 15 U.S.C. § 78/// (2) it is stated that *"any person (including any person with whom the debtor deals as principal or agent) who has a claim on account of securities received, acquired, or held by the debtor in the ordinary course of its business as a broker or dealer from or for the securities accounts of such person for safekeeping, with a view to sale, to cover consummated sales, pursuant to purchases, as collateral security, or for purposes of effecting transfer. The term "customer" includes any person who has a claim against the debtor arising out of sales or conversions of such securities, and any person who has deposited cash with the debtor for the purpose of purchasing securities..."*.

In the matter at hand, we had clearly deposited cash with BLMIS for the purpose of purchasing securities. The fact that BLMIS had misused the money it had received does not derogate from the said definition (it could only reinforce our Claim against it).

It is further clear that in the matter at hand the monies we had deposited with BLMIS were invested therein in its regular course of business, for safekeeping, with a view to sale / purchase / transfer.

Accordingly, and solely in light of the reasons detailed in this chapter above, the Honorable Court is requested to find that the Trustee had erred in his decision to deny our Claim.

**C. Preservation of Rights:**

Without derogating from the above and due to reasons of legal caution alone we shall further argue that in the event that despite the above the Honorable Court finds that the Trustee had not erred in interpreting 15 U.S.C. § 78/// (2) and implementing it to the matter at hand (a position which is in itself denied), this Opposition is filed in order to preserve our rights until

the letter of 15 U.S.C. § 78/// (2) is reinterpreted or broadened in a manner that recognizes us as "customers" of BLMIS.


Yours sincerely,

Rachel & Doron Aviv


CC:
Mr. Irving H. Picard
BLMIS Trustee

Exhibit A

# Skandia
Royal Skandia Life Assurance Limited

| | | | |
|---|---|---|---|
| TO: | Ronnie Salomon | OWNER: | Mrs R Aviv & Mr D Aviv |
| COMPANY: | Family Office Limited | BOND NO: | EIB-000328722 |
| FAX: | 00 972 3 7536680 | PRINT DATE: | 22 June 2009 |
| | 00 972 3 7536683 | REFERENCE: | 61-164975 |

## SECURITIES TRADE CONFIRMATION ADVICE

**Allocation Reference 66-147706**

**We confirm you have BOUGHT: PLATINUM TRAD ALL WEATHER $ SUSP**

| | | |
|---|---|---|
| Trade Date | | 01-Dec-2004 |
| Settlement Date | | 01-Dec-2004 |
| Units | | 280.11966 |
| Price | USD | 107.0970870 |
| Consideration | USD | 30,000.00 |

**Accrued Interest**

| | | |
|---|---|---|
| Accrued Interest | USD | 0.00 |

**Charges & Rounding**

| | |
|---|---|
| | NIL |

| | | |
|---|---|---|
| Net Settlement Amount | USD | 30,000.00 |

Please check the details of this transaction to ensure it corresponds with your instructions. If you wish to notify us that the purchase or sale of an investment does not correspond with your instruction, you must do so within 2 business days of the date upon which this confirmation was issued. If you do not advise us of any discrepancies within this time we will consider the transaction to be approved by you. This trade may have been executed to cover cash debits on your Bond Account in accordance with the Terms and Conditions.

If you have any deal specific questions please contact our Dealing Desk on Fax +44 (0)1624 615535 OR E-mail to rskfminvdealing@royalskandia.com

Note: This confirmation advice has been produced from Insite, Royal Skandia's secure web site for Professional Financial Advisers.

www.royalskandia.com
In order to avoid misunderstandings Royal Skandia may record telephone conversations.

Royal Skandia Life Assurance Limited (an incorporated company limited by shares)
Registered number: 24916 Registered and Head Office: Skandia House, King Edward Road, Onchan, Isle of Man, IM99 1NU, British Isles
Phone: +44 (0)1624 655 555  Fax: +44 (0)1624 611 715



**PLATINUM ALL WEATHER FUND LIMITED** (the "Fund")
c/o The Harbour Trust Co. Ltd.
One Capital Place
PO Box 897
George Town
Grand Cayman KY1-1103
Cayman Islands

December 22, 2008

Dear Fellow Shareholder,

Estimations indicate that approximately 20% of the Fund is invested in Santa Clara II Fund ("Santa Clara") and approximately 80% in a Sub-Fund of Directors Fund SPC Ltd ("Directors SPC"), both of which we understand to be invested with Bernard L. Madoff Investment Securities LLC ("Madoff").

The following information has been received from Santa Clara and Directors SPC:

- Santa Clara has reported that it intends to write down the value of its Madoff holdings to zero and to institute compulsory redemption procedures, with a distribution of remaining proceeds. Santa Clara has further stated that, in the event the Madoff-exposed assets ever regain value, appropriate steps will be taken.

- Directors SPC has informed the Fund that it has decided to suspend calculations of the Net Asset Values as well as subscriptions and redemptions, and will keep investors updated as more information becomes available.

Consequently, the Fund regrets that is unable to calculate Net Asset Values and will be unable to service subscription or redemption requests until further notice.

We will keep you informed as further information develops.

Yours truly,

The Directors
Platinum All Weather Fund Limited

# royal skandia

Exhibit C

## INVESTMENT REPORT

| | | |
|---|---|---|
| 19 10528 001 | 000328722 | Mrs R Aviv & Mr D Aviv |
| 31 December 2008 | | |

Family Office Limited
Beit Ackerstein Bldg B
11 Hamanofim Str.
POB 12461, Herzliya Pituach, Israel
56733

Tel No: 00972 9 961 97 00
FA

*This statement does not confer any rights distinct from those set out in the Policy Terms. The values quoted are for information purposes only and may not include any quarterly Portfolio Fund charges accrued but not yet applied. The value is based upon the latest valuation data available to us and may not reflect any applicable interest or redemption charges which may apply in the event of the realisation of an asset. The surrender/encashment value* will be 100% of the Portfolio Fund value reduced by any applicable charges shown in your Charges Schedule. The death benefit* on the death of the Relevant Life Assured (not applicable to Redemption Bond contracts) will be 101% of the fund value reduced by any applicable charge shown in your Charges Schedule unless your Schedule shows a higher amount. Please check and advise Royal Skandia within 1 month from the date of the valuation of any discrepancies. * calculated on the date stated in your Policy Bond Terms.

Pending Deals - Either a) some cash has been allocated for example for a purchase, the details of which are not yet known or b) some or part of the holding is in the process of being sold or switched, the proceeds/details of which are not yet known. Therefore the latest available price has been used for indication purposes only.

# Skandia

royal skandia

# PORTFOLIO VALUATION

Policy No  000328722                 31 December 2008

## DEBT INSTRUMENTS

| SECURITY NUMBER | COMPANY & STOCK NAME | CURRENCY | UNITS | USD BK COST | MKT PRICE | USD RATE | USD VALUE | ACCRUED DAYS | ACCRUED INTEREST | UNREALISED |
|---|---|---|---|---|---|---|---|---|---|---|
| B107PZ7 | DEXIA BIL | USD | 80,000.00000 | 80,000.00 | 92.2800000 | 1.000000 | 73,824.00 | | 0.00 | -6,176.00 |
| B011JX7 | DEXIA BLFR EMTN 4/19 0%BD USD10000 | USD | 40,000.00000 | 39,700.00 | 87.8200000 | 1.000000 | 35,128.00 | | 0.00 | -4,572.00 |
| 4CMB2K5 | LLOYDS TSB BANK FRN 9.3% 14/05/12 USD | USD | 40,000.00000 | 40,000.00 | 93.1300000 | 1.000000 | 37,252.00 | | 0.00 | -2,748.00 |
| B1WHT17 | CALYON FINANCE (GUERNSEY) LIMITED USD FRN 10/2021 $ | USD | 40,000.00000 | 40,000.00 | 0.0000000 | 1.000000 | 4,945.11 | 578 | 4,945.11 | -35,054.89 |
| B1X00D6 | LEHMAN BROTHERS HOLDINGS INC HLD 7.7% INTEREST ACCRUAL FACTOR $ | USD | 70,000.00000 | 69,200.00 | 99.8600000 | 1.000000 | 69,902.00 | | 0.00 | 702.00 |
| 4CDS733 | HSBC BANK PLC 8.25% FRN 04/05/22 USD | USD | 55,000.00000 | 79,143.27 | 100.3750000 | 0.717211 | 78,730.36 | 258 | 1,756.86 | -412.91 |
| | 3.25% BDS 17/04/2009 EUR0.01 GERMANY(FED REP) | EUR | | | | | | | | |
| | | | | | | TOTAL | 299,781.47 | | | |

## COLLECTIVE INVESTMENT

| SECURITY NUMBER | COMPANY & STOCK NAME | CURRENCY | UNITS | USD BK COST | MKT PRICE | USD RATE | USD VALUE | ACCRUED DAYS | ACCRUED INTEREST | UNREALISED |
|---|---|---|---|---|---|---|---|---|---|---|
| 2342324 | PLATINUM CAP MGMT ALL WEATHER FD USD   SUSP | USD | 280.11970 | 30,000.00 | 0.0000000 | 1.000000 | 0.00 | | 0.00 | -30,000.00 |
| 2186931 | PLATINUM CAP MGMT TURNBERRY FUND USD   LIQUID | * USD | 410.01320 | 50,517.72 | 64.0900000 | 1.000000 | 26,277.75 | | 0.00 | -24,239.97 |
| 4390611 | FAIRFIELD ACCLTD USD   SUSP | * USD | 82.87000 | 100,000.00 | 0.0000000 | 1.000000 | 0.00 | | 0.00 | -100,000.00 |
| B0TBCZ2 | MAN INVESTMENT PRO IP 220 LIMITED USD BD OCT 2005 | * USD | 32,500.00000 | 32,500.00 | 1.3018000 | 1.000000 | 42,308.50 | | 0.00 | 9,808.50 |
| B22Y1J8 | JP MORGAN SPX LKD S&P 500 23/8/10 USD | USD | 80.00000 | 80,000.00 | 697.0000000 | 1.000000 | 55,760.00 | | 0.00 | -24,240.00 |
| | | | | | | TOTAL | 124,346.25 | | | |

Skandia