# Exhibit B

**REDACTED**

### CUSTOMER CLAIM

Claim Number_____

Date Received_____

### BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

### DECEMBER 11, 2008

(Please print or type)

Name of Customer: Dolores Hoffman Trust
Mailing Address: 2206D Via Mariposa E
City: Laguna Hills          State: CA          Zip: 92637
Account No.: _____
Taxpayer I.D. Number (Social Security No.): _____-1031


NOTE:    BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY THE ACCOMPANYING INSTRUCTION SHEET. A SEPARATE CLAIM FORM SHOULD BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL PROTECTION AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE RECEIVED BY THE TRUSTEE ON OR BEFORE March 4, 2009. CLAIMS RECEIVED AFTER THAT DATE, BUT ON OR BEFORE July 2, 2009, WILL BE SUBJECT TO DELAYED PROCESSING AND TO BEING SATISFIED ON TERMS LESS FAVORABLE TO THE CLAIMANT. PLEASE SEND YOUR CLAIM FORM BY CERTIFIED MAIL - RETURN RECEIPT REQUESTED.

*******************************************************************

1. Claim for money balances as of **December 11, 2008**:

    a.  The Broker owes me a Credit (Cr.) Balance of    $ 0.00

    b.  I owe the Broker a Debit (Dr.) Balance of        $ 0.00

    c.  If you wish to repay the Debit Balance,
        please insert the amount you wish to repay and
        attach a check payable to "Irving H. Picard, Esq.,
        Trustee for Bernard L. Madoff Investment Securities LLC."
        If you wish to make a payment, **it must be enclosed**
        with this claim form.                            $ 0.00

    d.  If balance is zero, insert "None."               None

2.  Claim for securities as of **December 11, 2008**:

**PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.**

|   |   | YES | NO |
|---|---|---|---|
| a. | The Broker owes me securities | ✓ |   |
| b. | I owe the Broker securities |   | ✓ |

c.  If yes to either, please list below:

|   |   | Number of Shares or Face Amount of Bonds | |
|---|---|---|---|
| Date of Transaction (trade date) | Name of Security | The Broker Owes Me (Long) | I Owe the Broker (Short) |
| Please see Exhibits A and B. The entity described in Exhibit A |   |   |   |
| is believed to be a customer of BMIS and the party filing this claim |   |   |   |
| thus has an interest in the assets of such an entity and/or a claim |   |   |   |
| in this liquidation process. |   |   |   |

**Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclose, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation. You should also provide all documentation or information regarding any withdrawals you have ever made or payments received from the Debtor.**

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement. If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.
**PLEASE CHECK THE APPROPRIATE ANSWER FOR ITEMS 3 THROUGH 9.**

502180406                           2

NOTE: IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION ON A SIGNED ATTACHMENT. IF SUFFICIENT DETAILS ARE NOT PROVIDED, THIS CLAIM FORM WILL BE RETURNED FOR YOUR COMPLETION.

|     |     | YES | NO |
| --- | --- | --- | --- |
| 3.  | Has there been any change in your account since December 11, 2008? If so, please explain. |     | ✓  |
| 4.  | Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of the broker? |     | ✓  |
| 5.  | Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or policies of the broker? |     | ✓  |
| 6.  | Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in any way with the broker? If so, give name(s) |     | ✓  |
| 7.  | Is this claim being filed by or on behalf of a broker or dealer or a bank? If so, provide documentation with respect to each public customer on whose behalf you are claiming. |     | ✓  |
| 8.  | Have you ever given any discretionary authority to any person to execute securities transactions with or through the broker on your behalf? Give names, addresses and phone numbers. |     | ✓  |
| 9.  | Have you or any member of your family ever filed a claim under the Securities Investor Protection Act of 1970? if so, give name of that broker. |     | ✓  |

Please list the full name and address of anyone assisting you in the preparation of this claim form: Joshua Keller, Esq., Milberg LLP, One Pennsylvania Plaza, New York, NY 10119

502180406                                                   3

If you cannot compute the amount of your claim, you may file an estimated claim. In that case, please indicate your claim is an estimated claim.

IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM. CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.

THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY INFORMATION AND BELIEF.

Date June 1, 2009    Signature _____

Date _____    Signature _____

(If ownership of the account is shared, all must sign above. Give each owner's name, address, phone number, and extent of ownership on a signed separate sheet. If other than a personal account, e.g., corporate, trustee, custodian, etc., also state your capacity and authority. Please supply the trust agreement or other proof of authority.)

This customer claim form must be completed and mailed promptly, together with supporting documentation, etc. to:

Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

502180406    4

# Exhibit A



Statement date:05/01/08

REPORT FOR THE 3 MONTHS ENDING:        03/31/08

## Dolores Hoffman Trust

| | | |
|---|---|---|
| Opening capital @ | 01/01/08 | $984,932.18 |

Current activity

    -None-

| | | |
|---|---|---|
| Profit to date | | 46,563.40 |
| Closing capital @ | 03/31/08 | $1,031,495.58 * |

*Before General Partner share of profit

Prepared by
Frank Mantovani, CPA                         Received:
16530 Ventura Blvd. Suite 611
Encino, CA 91436                             Investment Date:

# CRESCENT SECURITIES

Statement date: 08/01/08

REPORT FOR THE 6 MONTHS ENDING:        06/30/08

## *Dolores Hoffman Trust*

| | | |
|---|---|---|
| Opening capital @ | 01/01/08 | $984,932.18 |

**Prior Activity**

    -None-

**Current activity**

| | | |
|---|---|---|
| Withdrawal | 5/19/2008 | (25,000.00) |
| Chais % | 5/19/2008 | (9,259.26) |
| Mantovani % | 5/19/2008 | (2,777.78) |
| Profit to date | | 98,287.51 |
| Closing capital @ | 06/30/08 | $1,046,182.65 * |

*Before General Partner share of profit

Prepared by
Frank Mantovani, CPA                    Received:
16255 Ventura Blvd., Suite 840
Encino, CA 91436                        Investment Date:

# CRESCENT SECURITIES

Statement date:11/01/08

REPORT FOR THE 9 MONTHS ENDING:        09/30/08

### *Dolores Hoffman Trust*

| | | |
|---|---|---|
| Opening capital @ | 01/01/08 | $984,932.18 |
| **Prior Activity** | | |
| Withdrawal | | (37,037.04) |
| **Current activity** | | |
| Withdrawal | 08/18/08 | (15,000.00) |
| Chais % | 08/18/08 | (5,555.56) |
| Mantovani % | 08/18/08 | (1,666.67) |
| Profit to date | | 149,948.34 |
| Closing capital @ | 09/30/08 | $1,075,621.25 * |

*Before General Partner share of profit

Prepared by
Frank Mantovani, CPA                    Received:
16255 Ventura Blvd., Suite 840
Encino, CA 91436                        Investment Date:

# Exhibit B

## EXHIBIT B

1. The Claimant is not a direct customer of Bernard L. Madoff Investment Securities LLC ("BMIS"), but instead is an investor in Crescent Securities, which is believed to be a limited partner of The Lambeth Company, which is believed to be a customer of BMIS with claims to securities and other assets of BMIS. The Claimant believes she has or may have in the future a claim in this liquidation proceeding and/or rights to all or a portion of the claims of Crescent Securities and/or The Lambeth Company.

2. This Claim Form, exhibits, and supporting documentation (collectively "Claim Form") is submitted pursuant to the December 23, 2008 Order of the Honorable Burton R. Lifland and the instructions disseminated by Irving H. Picard, Trustee for Bernard L. Madoff Investment Securities LLC ("Trustee"), on December 11, 2008.

3. The information provided in the Claim Form is based on information known by the Claimant as of the date of the submission of the Claim Form. The Claimant reserves the right to amend and/or supplement this Claim Form upon the receipt of further information, or upon request by the Trustee for additional information.

4. The Claimant reserves the right to amend the Claim Form in the event of any recoveries by the Trustee or any other party under the avoidance powers of the Bankruptcy Code or otherwise, or in the event of rejections of executory contracts pursuant to Bankruptcy Code Section 365, whether such amendments are made pursuant to Bankruptcy Code Sections 105, 502(g), or 502(h), Bankruptcy Rule 3002(c)(3), (4), other provisions of applicable bankruptcy law, or general principles of law or equity.

5. The Claimant hereby requests that the Claim Form be considered as a proof of claim in *In re Bernard L. Madoff Investment Securities LLC*, No. 08-01789 (Bankr. S.D.N.Y.).

6. This Claim Form is required to be submitted pursuant to the Court's January 2, 2009 Order and the Trustee's instructions to the Claimant. To the extent permitted by applicable law, the Claimant does not, by submitting the Claim Form, consent to the jurisdiction of the Bankruptcy Court nor does Claimant waive any right to trial by jury.

7. The Claimant reserves all rights, claims, and/or defenses as to and/or against any and all parties potentially liable for the losses sustained by the Claimant, including, without limitation, BMIS and its owners, partners, employees, and affiliates, as well as any potentially liable third parties including, without limitation, investment advisors, "feeder funds," accountants, and auditors.

8. The Claimant further reserves all rights, claims, and/or defenses as to and/or against any persons and/or creditors asserting claims against Bernard L. Madoff Investment Securities LLC, its employees, owners, and/or affiliates, in bankruptcy or otherwise.

9. The Claimant reserves all objections as to the competence, relevance, materiality, privilege, or admissibility of evidence in any subsequent proceeding or trial of this or any other action for any purpose whatsoever, notwithstanding the submission of any such information to the Trustee.

10. To the extent the Claimant has disclosed to the Trustee documents containing accounting and/or legal advice, the Claimant does not waive any potential privileges applicable thereto.

11. The Claimant reserves all rights with respect to submitting information to the Internal Revenue Service regarding gains, losses, and/or theft of assets.

12. The Claim Form and supporting documents contain confidential information. The Claimant submits this information to the Trustee subject to the condition that this information will not to be disclosed to any third parties, other than under seal to the Court, absent the Claimant's express consent or Court order.

13. The Claimant submits herewith documents in support of the Claimant's claim. The Claimant reserves any arguments that such documents are not relevant to the Trustee's inquiry. The Claimant further reserves the right to supplement this submission, including the submission of additional documents, if deemed necessary.