**MILBERG LLP**
Jonathan M. Landers
Matthew Gluck
Brad N. Friedman
Sanford P. Dumain
Kent A. Bronson
Jennifer L. Young
One Pennsylvania Plaza
48th Floor
New York, NY 10119
Telephone: (212) 594-5300
Facsimile: (212) 868-1229

**SEEGER WEISS LLP**
Stephen A. Weiss
Christopher M. Van DeKieft
Parvin Aminolroaya
One William Street
New York, NY 10004
Telephone: (212) 584-0700
Facsimile:  (212) 584-0799

*Attorneys for Miguel Lomeli*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                               Plaintiff,<br><br>        v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                               Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation |

### OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM

Miguel Lomeli, by and through his attorneys, hereby objects to the Notice of Trustee's Determination of Claim dated December 8, 2009 ("Determination Letter"), attached as Exhibit A, as described herein.

**BACKGROUND**

1.      Mr. Lomeli invested with Fairfield Sentry, Ltd., which is believed to have invested directly with Bernard L. Madoff Investment Securities, LLC ("BMIS"), and which is, upon information and belief, a "customer" as defined by the Securities Investor Protection Act of 1970 ("SIPA"), of BMIS.

2.      On December 11, 2008, the above-captioned liquidation proceeding was commenced against BMIS, pursuant to SIPA.  *See* Order, *Securities and Exchange Commission v. Madoff*, No. 08-10791 (S.D.N.Y. Dec. 15, 2008) (ordering relief under SIPA and transferring proceeding to the United States Bankruptcy Court for the Southern District of New York) [Dkt. No. 4].  Irving Picard was appointed Trustee ("BMIS Trustee"), charged with overseeing the liquidation of BMIS and processing customer claims for money pursuant to SIPA.  *Id*.; *see also* 15 U.S.C. 78fff-1(a).  Mr. Lomeli is an investor in Fairfield Sentry Ltd., through Standard Chartered Bank and/or Stan Chart Securities International, Inc., (collectively, with their affiliates and their predecessors American Express Company and/or American Express Bank Ltd. — ("Standard Chartered")).  Fairfield Sentry Ltd. in turn was an investor in BMIS placing all or substantially all of its billions of dollars in reported assets with Bernard Madoff and BMIS. Thus, Mr. Lomeli has an interest in certain claims belonging to Fairfield Sentry, Ltd. and/or Standard Chartered or others in the BMIS liquidation proceeding.

3.      On December 23, 2008, the Court issued an Order directing the Trustee to disseminate notice and claim forms to BMIS customers and setting forth claim-filing deadlines. *See* Order [Dkt. No. 12].  Upon information and belief, the BMIS Trustee disseminated notice and claim forms to BMIS's customers in accordance with the Court's Order.

4.      The December 23, 2008 Order further provided that, to the extent the BMIS Trustee disagrees with the amount set forth on a customer claim form, the BMIS Trustee "shall

2

notify such claimant by mail of his determination that the claim is disallowed, in whole or in part, *and the reason therefor . . . .*" *See* Order at 6 (emphasis added) [Dkt. No. 12].

5.    On or about July 1, 2009, Mr. Lomeli submitted a customer claim form to SIPC, which was designated as Claim No. 014651 by the BMIS Trustee (Exhibit B) ("Lomeli Customer Claim").[1]

6.    On or about December 8, 2009, the BMIS Trustee sent Mr. Lomeli a Determination Letter disallowing Mr. Lomeli's claim in its entirety on the basis that it "is not a customer of BMIS under SIPA as that term is defined at 15 U.S.C. § 78/// (2)." *See* Determination Letter (Exhibit A).

**OBJECTION**

7.    For the reasons set forth herein, Mr. Lomeli hereby objects to the Determination Letter.

8.    <u>First Objection</u>.  Normally, bankruptcy law prevents parties whose claims are derived from the claim of a creditor from seeking to recover on such derived claims from the debtor.  Such rules are designed to prevent duplicate recoveries arising from what amounts to a single legal claim  *See* Bankruptcy Code 502(e), 509.  However, bankruptcy law also recognizes that the derivative claimant should be permitted to file such a claim when the direct creditor fails or refuses to file or prosecute a claim since, in such cases, there is no risk of a double recovery. For example, bankruptcy law provides that "[i]f a creditor does not timely file a proof of such creditor's claim, an entity that is liable to such creditor with the debtor, or that has secured such creditor, may file a proof of such claim." *See* Bankruptcy Code 501(b); *see also* Fed. R. Bankr.

---

[1] In accordance with the Court's Order dated October 20, 2009 [Dkt. No. 533], Claimant's personal identification data has been redacted from Exhibit B.

3

P. 3005(a); *Power Five v. GMC (In re Automotive Armature Co.)*, 219 B.R. 513, 516-17 (S.D. Ind. 1998) (noting that Bankruptcy Code Section 502 "provides standing requirements for objectors in bankruptcy proceedings, allowing a 'party in interest' to object to a claim filed in the bankruptcy[]" and that "[c]reditors of the debtor are parties in interest, within the meaning of Section 502."). Again, to the extent that this is the case here with respect to either Standard Chartered or Fairfield Sentry, Ltd., or any other entity, these principles apply here and it is only appropriate and equitable that Mr. Lomeli's claim be considered and honored, as there is no danger of double recovery to the extent that these entities have failed to file and/or prosecute or defend claims on their own behalves or on behalf of Mr. Lomeli.

9.  <u>Second Objection</u>.  The BMIS Trustee has encouraged all those who lost money due to the Madoff Ponzi scheme to file customer claim forms. This includes investors such as Mr. Lomeli invested "indirectly" with BMIS. The BMIS Trustee has clearly contemplated a scenario whereby "indirect" investors such as Mr. Lomeli would be entitled to have their claims allowed and/or paid in this proceeding. To the extent that any claim by or on behalf of Mr. Lomeli is allowed, he reserves the right to challenge any determination of his claim by the BMIS Trustee, and to the extent that any such "indirect" claims are allowed and/or "indirect" claimants are deemed "customers" under SIPA, any amendments thereto, any decision, ruling, or order of any court or administrative agency, or any determination by SIPC or the Madoff Trustee, Mr. Lomeli reserves the right to challenge the Trustee's disallowance of his claim.

## RELIEF REQUESTED

10.  For the reasons stated herein, Mr. Lomeli's claim should be allowed.

11.  To the extent Mr. Lomeli's claim is deemed filed on behalf of Standard Chartered and/or Fairfield Sentry, Ltd., or any other entity, Mr. Lomeli reserves the right to supplement its

4

claim and submit further objections to any Determination of Claim directed to Mr. Lomeli, including but not limited to the right to object to the BMIS Trustee's method of calculating "net equity."

12.    Mr. Lomeli requests such other relief as may be just and equitable.

## CONCLUSION

13.    Mr. Lomeli reserves the right to revise, supplement, or amend this Objection, and any failure to object on a particular ground or grounds shall not be construed as a waiver of Mr. Lomeli's right to object on any additional grounds.

14.    Mr. Lomeli reserves all rights set forth Rule 9014, including, without limitation, rights of discovery. *See* Fed. R. Bankr. P. 9014.

15.    Mr. Lomeli reserves all objections as to the competence, relevance, materiality, privilege, or admissibility of evidence in any subsequent proceeding or trial of this or any other action for any purpose whatsoever.

16.    Mr. Lomeli incorporates by reference all reservations of rights set forth in his Customer Claim.

Dated: January 6, 2009

                              /s/ Jonathan M. Landers
                              MILBERG LLP
                              Jonathan M. Landers
                              Matthew Gluck
                              Brad N. Friedman
                              Sanford P. Dumain
                              Kent A. Bronson
                              Jennifer L. Young
                              One Pennsylvania Plaza, 48th Fl.
                              New York, NY 10119
                              Telephone: (212) 594-5300
                              Facsimile: (212) 868-1229

**SEEGER WEISS LLP**
Stephen A. Weiss
Christopher M. Van DeKieft
Parvin Aminolroaya
One William Street
New York, NY 10004
Telephone: (212) 584-0700
Facsimile:  (212) 584-0799

*Attorneys for Miguel Lomeli*

6