BERNFELD, DEMATTEO & BERNFELD LLP
by David B. Bernfeld and Jeffrey L. Bernfeld
*Attorneys for Burton Meerow (individually*
*and with respect to the Burton Meerow IRA account)*
600 Third Avenue, 15th Floor
New York, New York 10016
(212) 661-1661

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>            Plaintiff,<br><br>v<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>            Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA LIQUIDATION |

**OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM**

**BURTON MEEROW,** (the "Claimant"), by his attorneys, **BERNFELD, DEMATTEO & BERNFELD, LLP**, hereby files the following Objections to a Determination Letter received from Irving Picard, as Trustee, dated December 7, 2009, rejecting Claimants's claims in their entirety.

**BACKGROUND**

1.      On or about December 11, 2008, Plaintiff commenced the instant action against Bernard L. Madoff Investment Securities, LLC ("BLMIS") to liquidate BLMIS pursuant to the provisions of the Securities Investor Protection Act of 1970 ("SIPA").

2.      By Court order dated December 15, 2008, Irving Picard was appointed to act as

the trustee (the "Trustee") to oversee and administer the liquidation of BLMIS in accordance with the SIPA statute.

3. Pursuant to order dated December 23, 2008 (the December 23 Order"), the Court directed the Trustee :

    a. to disseminate and make available notice and claim forms to BLMIS customers for the filing of Customer Claims in the BLMIS Liquidation;

    b. to advise Customers of the relevant claim-filing cut off dates;

    c. to determine in writing all filed customer claims, and to the extent that the Trustee disallowed any claim, whether in whole or in part, to provide the reason for such disallowance.

4. Claimant has previously submitted written customer claims to the Trustee (the "Claims") covering the following three Madoff accounts of Claimant invested through Rye Select Broad Market Prime ("Rye Prime") and Rye Select XL:

    a. Burton Meerow IRA-Rye Prime (acct # 1-C1260-3-0)

    b. Burton Meerow Rye Prime (acct # 1-C1260-3-0)

    c. Burton Meerow Rye XL (acct # 1-T0027-3-0

5. Upon information and belief, the Trustee has assigned claim number 009128 to these claims which are incorporated by reference herein as if set forth at length.

6. During December 2009, Claimant was informed that various Claimants had received Determination Letters from the Trustee with respect to claims previously filed. Since Claimant had not as yet received Determination Letter(s) with respect to the Claims filed by him, in late December 2009, a telephone call was made to, and a conversation was had with, Jamie May of Baker & Hostetler. Mr. May informed Claimant that a Determination Letter had been

issued dated December 7, 2009 (the "Determination Letter") which was sent to Claimant's former address and was apparently never forwarded to Claimant. Mr. May suggested that contact be made with the Baker & Hostetler New York office. Following such contact, Baker & Hostetler then e-mailed a copy of the Determination Letter. Given the circumstances, Claimant's time to file Objections to the Determination Letter was extended by Baker & Hostetler to February 6, 2010.

7. The Determination Letter rejected the Claims in their entirety. The sole stated basis for this denial is that Claimant allegedly did not have an account with BLMIS and was "not a customer of BLMIS under SIPA as that term is defined" by SIPA.

## GROUNDS FOR OBJECTIONS

8. Claimant disagrees and disputes the Trustee's factual conclusions and assumptions and affirmatively alleges that under the specific facts and circumstances presented, Claimant is, and is entitled to be treated as, a customer of BLMIS for SIPA purposes.

9. Upon information and believe, although in form, Claimant invested through what the Trustee has previously characterized as a "feeder fund", in truth and in fact that fund was acting merely as a conduit - an agency for BLMIS - to receive and transmit funds to BLMIS for the purchase of securities.

10. As such, although Claimant's funds were maintained at BLMIS in an omnibus account maintained for administrative convenience, it was the understanding and intention of all of the parties to the transaction that Claimant's funds were invested with BLMIS and that in all material respects, Claimant was a customer of BLMIS' entitled to the protections afforded under SIPA.

11. For purposes of SIPA, the nominal account holder feeder fund should be treated as simply a conduit and agent for Madoff and Claimant should be accorded *pro rata* customer status and treatment with respect to BLMIS in accordance with the intention of the parties and the transaction realities.

12. The SIPA statute (15 U.S.C. §78lll(2) has a specific definition of "customer" which, on these facts, includes Claimant:

> The term "customer" of a debtor means any person (including any person with whom the debtor deals as principal or agent) who has a claim on account of securities received, acquired, or held by the debtor in the ordinary course of its business, as a broker or dealer from or for the securities accounts of such persons for safekeeping, with a view to sale, to cover consummated sales, pursuant to purchases, as collateral security, or for purposes of effecting transfer. The term "customer" includes any person who has a claim against the debtor arising out of sales or conversions of such securities, and any person who has deposited cash with the debtor for the purpose of purchasing securities ...

13. It is well settled that when an investor delivers funds to an agent or affiliate of the debtor broker-dealer, for the purpose of having those funds transmitted to the broker-dealer to purchase securities, that investor is deemed a "customer" of the broker-dealer within the above SIPA definition. See, e.g., *In re Old Naples Sec., Inc.* 233 F.3d 1296, 1302 (11th Cir. 2000) (customer status under SIPA is not determined based on who the investor delivered his or her payment, or even where those funds were initially deposited. "Instead the question is whether there was 'actual receipt, acquisition or possession of the property of a claimant by the brokerage firm under liquidation'") (internal citation omitted). See also, *In re Primeline Sec. Corp.,* 295 F.3d 1100 at 1107 (10th Cir. 2002).

14. Consistent with the stated congressional purpose of SIPA to focus on reasonable

customer expectations, when, as here, funds are deposited with a conduit entity for the specific purpose of having it delivered to the debtor/broker dealer (here, BLMIS), SIPA's "customer" includes the ultimate beneficial customer such as this Claimant.

15. The Trustee has recognized in related litigations that various "feeder funds" were simply functional conduits for the transmission of customer funds from the individual investors to BLMIS, including specifically the Tremont Rye Select and Rye Select XL funds.

16. Claimant invested the funds covered by his Claim (individually and for Claimant's IRA) with the specific understanding and intention that it be transmitted for investment by BLMIS.

17. Claimant's accounts with the feeder funds in fact reflected the transactions and values that BLMIS reported to the feeder funds as having been executed for the benefit of the Claimant.

18. Each of Claimant's separate accounts reflects a balance on the day prior to the disclosure of the BLMIS scheme of in excess of $ 500,000. Accordingly, if Claimant is accorded customer status, as SIPA requires, Claimant's net equity for each account would be in excess of $ 500,00 and Claimant is therefore entitled to an immediate SIPA payment of $ 500,000 for each such account and for each such account to participate *pro rata* in any future distribution of "customer property" to the customers of BLMIS.

## **DEMAND FOR A HEARING**

19. In the Trustee's December 7, 2009, determination letter denying Claimant's claim, the Trustee advises that if a claimant disagrees with the Trustee's determination, the Claimant is entitled to file written objections and to have a hearing before the Court to determine the

objections.

20.     Claimant does disagree with the Trustee's determination denying Claimant's claim and this **OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM** is intended as, and shall constitute Claimant's disagreement with said determination and demand for a hearing to determine that disagreement.

21.     Claimant hereby incorporates by reference as if annexed as exhibits hereto all prior submissions and documents heretofore submitted by Claimant to the Trustee.

Dated: January 6, 2009

                          Bernfeld, Dematteo & Bernfeld, LLP

                          By:         /s/
                          David Bernfeld (DBB-0177)
                          Attorneys for Claimant Burton Meerow
                          (Individually and for his IRA)
                          600 Third Avenue, 15th Floor
                          New York, New York 10016
                          (212) 661-1661