CLAYMAN & ROSENBERG
Seth L. Rosenberg  (SR4563)
Paul S. Hugel  (PH4749)
305 Madison Avenue
New York, NY 10165
Telephone:    (212) 922-1080
Telefax:    (212) 949-8255

*Attorneys for Lucas Blumenfeld Trust*
(BLMIS Account No. 1-B0081 designated Claim Number 011051)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X

SECURITIES INVESTOR PROTECTION        :
CORPORATION,
                                      :        Adv. Pro. No. 08-01789(BRL)
                    Plaintiff,
                                      :
        -against-
                                      :        SIPA Liquidation
BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,                       :

                    Defendant         :

-------------------------------------------------------X

### OBJECTION TO TRUSTEE'S DETERMIMNATION OF CLAIM

Lucas Blumenfeld Trust ("Objector"), by counsel, CLAYMAN & ROSENBERG, hereby

objects to the Notice of Trustee's Determination of Claim dated December 8, 2009 (the

"Determination Letter"), appended hereto as Exhibit A, as set forth herein.

## BACKGROUND

1.      Objector is a "Customer" as that term is defined by the Securities Investor

Protection Act ("SIPA") of Bernard L. Madoff Investment Securities LLC ("BLMIS").

2.      Objector was and is a member of Bull Market Fund, a general partnership

organized in the State of New York in 1986.

3.      The Bull Market Fund partnership was organized with the knowledge and

encouragement of BMLIS for the purpose of consolidating the bookkeeping for the investment

of certain small investors with BLMIS.

4.      Bull Market Fund received a final statement from BLMIS which indicated that

Bull Market Fund owned securities valued at $36,833,462.86.

5.      On or about December 31, 2008, Objector received a statement from Bull Market

Fund which indicated that Objector's funds invested by Bull Market Fund in BLMIS were

valued at $53,928.

6.      On December 11, 2008, the above-captioned liquidation proceeding was

commenced against BLMIS, pursuant to the Securities Investor Protection Act of 1970 ("SIPA").

Irving Picard was appointed Trustee ("BLMIS Trustee") with oversight of the liquidation of

BLMIS and responsibility for processing customer claims for money pursuant to SIPA.

7.      By Order dated December 23, 2008, the Court directed the Trustee to disseminate

notice and claim forms to BLMIS customers and set forth claim-filing deadlines.  The Order

further authorized the Trustee, *inter alia*, "to satisfy, within the limits provided by SIPA, those

portions of any and all customer claims and accounts which agree with the Debtor's books and

records," and provided that, where the BLMIS Trustee disagrees with the amount claimed in a

customer's claim form, the BLMIS Trustee, "shall notify such claimant by mail of his

determination that the claim is disallowed, in whole or in part, and the reason therefor..."

8.      On or about June 23, 2009, Objector timely submitted a customer claim form to

SIPC setting forth his claim in the amount of $53,928 ("Objector's claim"). Objector's claim

cross-referenced the BLMIS account of Bull Market Fund. A copy of Objector's claim form is

appended hereto as Exhibit B.

9.      On December 8, 2009, the BLMIS Trustee sent Objector a Determination Letter

denying Objector's claim, "in its entirety." Exhibit A. The Determination Letter stated, in part,

"Based upon a review of available books and records of BLMIS by the Trustee's staff, you did

not have an account with BLMIS. Because you did not have an account, you are not a customer

of BLMIS under SIPA as that term is defined at 15 U.S.C. Section 78111 (2). Accordingly,

your Claim for securities and/or a credit balance is **DENIED**."

10.     Objector objects to the BLMIS Trustee's disallowance of his claim for the reasons

set forth hereinbelow.

### GROUNDS FOR OBJECTION

11.     First:            The Trustee's definition and application of the term, "account" as

set forth in the Determination Letter is incorrect.

12.     Second:          The Trustee's definition and application of the term, "customer" as

set forth in the Determination Letter is incorrect.

13.     Objector reserves the right to revise or amend this Objection. Objector's failure

to assert an objection on a particular ground or grounds shall not be construed as a waiver of its

right to object or join in the objection of other claimants on any additional grounds.

14.     Objector reserves all rights set forth in Rule 9014.

15.    Objector incorporates herein by reference all claims and reservations of rights set forth in Objector's claim form. Exhibit B.

## RELIEF SOUGHT

16.    Objector's claim should be allowed in its entirety.

17.    The Court should direct SIPC to pay Objector the full amount of Objector's claim together with interest thereon commencing not later than the date of the Determination Letter.

18.    Such other and further relief as the Court may deem just and equitable.

Dated: New York, New York
      January 6, 2010

CLAYMAN & ROSENBERG
By:    Seth L. Rosenberg  (SR4563)
        Paul S. Hugel  (PH4749)
305 Madison Avenue
New York, NY 10165
Telephone:   (212) 922-1080
Telefax:      (212) 949-8255
rosenberg@clayro.com
hugel@clayro.com

4

EXHIBIT A

DETERMINATION LETTER

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

### DECEMBER 11, 2008[1]

## NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

December 8, 2009

LUCAS BLUMENFELD TRUST
C/O BRAD BLUMENFELD, TRUSTEE
2 EAST END AVENUE, APT. 7B
NEW YORK, NY 10075

Dear LUCAS BLUMENFELD TRUST:

### PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim designated as Claim No. 011051:

Based on a review of available books and records of BLMIS by the Trustee's staff, you did not have an account with BLMIS. Because you did not have an account, you are not a customer of BLMIS under SIPA as that term is defined at 15 U.S.C. § 78lll (2). Accordingly, your Claim for securities and/or a credit balance is **DENIED**.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after December 8, 2009, the date on which the Trustee mailed this notice.

------------------------------

[1] Section 78lll(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78lll(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York 10004

and

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
Attn: Claims Department
45 Rockefeller Plaza
New York, New York 10111

_____

**Irving H. Picard**

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

cc:  DAVID KAPLAN
     300 ROBBINS LANE
     SYOSSET, NY  11791

EXHIBIT B

CUSTOMER CLAIM FORM

LUCAS BLUMENFELD TRUST
300 ROBBINS LANE
SYOSSET, NY 11791

June 23, 2009

*Via UPS Overnight*

Irving H. Picard, Esq.
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Avenue, Suite 800
Dallas, Texas 75201

Re:    Account Number: 1-B0081
       Lucas Blumenfeld Trust through Bull Market Fund
       300 Robbins Lane
       Syosset, New York  11791

Dear Mr. Picard:

The Lucas Blumenfeld Trust is a partner in Bull Market Fund, which had an account with Bernard L. Madoff Investment Securities ("BLMIS"), Account No. 1-B0081.

It is our understanding that Bull Market Fund has submitted its own SIPC Customer Claim Form to your office.

We wish to submit our own personal SIPC Customer Claim Form at this time.  We are attaching the following:

1.  Our SIPC Customer Claim Form;
2.  Bull Market Fund's November 30, 2008 BLMIS statement;
3.  Our personal account balance as of December 11, 2008; and
4.  Trust Agreement of Lucas Blumenfeld Trust, pursuant to which I have been appointed a Trustee.

We reserve the right to amend or modify this claim if and to the extent warranted by facts and circumstances not presently known to us, or as a result of a subsequent determination by a court of competent jurisdiction with respect to any issue pertaining to our claim.

This letter is hereby incorporated by reference in and made a part of our SIPC Customer Claim Form.

Very truly yours,

Lucas Blumenfeld Trust

By: _____
    Brad Blumenfeld, Trustee

G:\Legal\MADOFF\Correspondence\Picard\Entity Investors\IHPicard Ltr - Lucas Blumenfeld Trust 6-09.doc



## Shipment Receipt

**Transaction Date:** 23 Jun 2009
**Tracking Number:** 1Z12X2361394937523

### Address Information

| | | |
|---|---|---|
| **Ship To:** | **Ship From:** | **Return Address:** |
| Trustee for Bernard L. Madoff Sec. | Blumenfeld Dev. Group, Ltd. | Blumenfeld Dev. Group, Ltd. |
| Irving H. Picard, Esq. | BDG | BDG |
| 2100 McKinney Avenue | 300 Robbins Lane | 300 Robbins Lane |
| Suite 600 | Syosset NY 11791 | Syosset NY 11791 |
| Claims Processing Center | Telephone: 5169210800 | Telephone: 5169210800 |
| DALLAS TX 75201-6910 | | |

### Package Information

| | Weight | Dimensions / Packaging | Declared Value | Reference Numbers |
|---|---|---|---|---|
| 1. | Letter | UPS Letter | | {Reference#1 - 01 lmc}<br>{Reference#2 - LucasBlumenfeldTrust} |

### UPS Shipping Service and Shipping Options

**Service:**
UPS Next Day Air Saver
**Guaranteed By:[1]**
3:00 P.M. Wednesday, 6/24/2009

| | |
|---|---|
| **Shipping Fees Subtotal:** | 20.15 USD |
| Transportation | 19.95 USD |
| Fuel Surcharge | 0.20 USD |

### Payment Information

**Bill Shipping Charges to:**     Shipper's Account 12X236

| | |
|---|---|
| **Total Charged:** | 20.15 USD |

Note: Your invoice may vary from the displayed reference rates.

[1] * For delivery and guarantee information, see the UPS Service Guide. To speak to a customer service representative, call 1-800-PICK-UPS for domestic services and 1-800-782-7892 for international services.

**Responsibility for Loss or Damage**
Unless a greater value is recorded in the declared value field as appropriate for the UPS shipping system used, the shipper agrees that the released value of each package covered by this receipt is no greater than $100, which is a reasonable value under the circumstances surrounding the transportation. If additional protection is desired, a shipper may increase UPS's limit of liability by declaring a higher value and paying an additional charge. UPS does not accept for transportation and shipper's requesting service through the Internet are prohibited from shipping packages with a value of more than $50,000. The maximum liability per package assumed by UPS shall not exceed $50,000, regardless of value in excess of the maximum. Claims not made within nine months after delivery of the package, (sixty days for international shipments), or in the case of failure to make delivery, nine months after a reasonable time for delivery has elapsed (sixty days for international shipments), shall be deemed waived. The entry of a C.O.D. amount is not a declaration of value for carriage purposes. All checks or other negotiable instruments tendered in payment of C.O.D. will be accepted by UPS at shipper's risk. UPS shall not be liable for any special, incidental, or consequential damages. All shipments are subject to the terms and conditions contained in the UPS Tariff and the UPS Terms and Conditions of Service, which can be found at www.ups.com.

☒Close Window



# Tracking Detail

**Your package has been delivered.**

| | |
|---|---|
| Tracking Number: | 1Z 12X 236 13 9493 752 3 |
| Type: | Package |
| Status: | **Delivered** |
| Delivered On: | 06/24/2009  12:49 P.M. |
| Signed By: | DOSS |
| Location: | OFFICE |
| Delivered To: | 2100 MCKINNEY AVE<br>800<br>DALLAS, TX, US 75201 |
| Shipped/Billed On: | 06/23/2009 |
| Reference Number(s): | 01 LMC, LUCASBLUMENFELDTRUST |
| Service: | NEXT DAY AIR SAVER |

### Package Progress

| Location | Date | Local Time | Description |
|---|---|---|---|
| DALLAS, TX, US | 06/24/2009 | 12:49 P.M. | DELIVERY |
| | 06/24/2009 | 7:43 A.M. | OUT FOR DELIVERY |
| DALLAS/FT. WORTH A/P, TX, US | 06/24/2009 | 6:25 A.M. | DEPARTURE SCAN |
| | 06/24/2009 | 5:28 A.M. | ARRIVAL SCAN |
| LOUISVILLE, KY, US | 06/24/2009 | 4:37 A.M. | DEPARTURE SCAN |
| | 06/24/2009 | 12:47 A.M. | ARRIVAL SCAN |
| JAMAICA, NY, US | 06/23/2009 | 10:51 P.M. | DEPARTURE SCAN |
| | 06/23/2009 | 10:05 P.M. | ARRIVAL SCAN |
| UNIONDALE, NY, US | 06/23/2009 | 9:16 P.M. | DEPARTURE SCAN |
| | 06/23/2009 | 8:45 P.M. | ORIGIN SCAN |
| | 06/23/2009 | 7:10 P.M. | PICKUP SCAN |
| | 06/23/2009 | 7:08 P.M. | PICKUP SCAN |
| US | 06/23/2009 | 4:47 P.M. | BILLING INFORMATION RECEIVED |

## CUSTOMER CLAIM

Claim Number_____

Date Received_____

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

### In Liquidation

### DECEMBER 11, 2008

**(Please print or type)**

Name of Customer: _LUCAS BLUMENFELD TRUST_ THROUGH BULL MARKET FUND _____

Mailing Address: 300 ROBBINS LANE

City: _____ SYOSSET _____ State: NY _____ Zip: 11791 _____

Account No.: _____ BULL MARKET FUND'S ACCOUNT NO.: 1-B0081 _____

Taxpayer I.D. Number (Social Security No.): 26-6203152 _____

NOTE:    BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY
THE ACCOMPANYING INSTRUCTION SHEET.  A SEPARATE CLAIM FORM
SHOULD BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL
PROTECTION AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE
RECEIVED BY THE TRUSTEE ON OR BEFORE March 4, 2009.   CLAIMS
RECEIVED AFTER THAT DATE, BUT ON OR BEFORE July 2, 2009, WILL BE
SUBJECT TO DELAYED PROCESSING AND TO BEING SATISFIED ON TERMS
LESS FAVORABLE TO THE CLAIMANT. PLEASE SEND YOUR CLAIM FORM BY
CERTIFIED MAIL - RETURN RECEIPT REQUESTED.

*****************************************************************

1.    Claim for money balances as of **December 11, 2008**:

    a.    The Broker owes me a Credit (Cr.) Balance of    $   -0-

    b.    I owe the Broker a Debit (Dr.) Balance of    $   -0-

    c.    If you wish to repay the Debit Balance,

        please insert the amount you wish to repay and

        attach a check payable to "Irving H. Picard, Esq.,

        Trustee for Bernard L. Madoff Investment Securities LLC."

        If you wish to make a payment, **it must be enclosed**

        with this claim form.    $   -0-

    d.    If balance is zero, insert "None."    NONE

502180406    1

2.      Claim for securities as of December 11, 2008:

## PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.

|  |  | YES | NO |
|---|---|---|---|
| a. | The Broker owes me securities | X | |
| b. | I owe the Broker securities | | X |
| c. | If yes to either, please list below: | | |

| Date of Transaction (trade date) | Name of Security | Number of Shares or Face Amount of Bonds | |
|---|---|---|---|
| | | The Broker Owes Me (Long) | I Owe the Broker (Short) |
| | SEE BULL MARKET FUND ACCOUNT STATEMENT | $53,928 * | |
| | | | |
| | | | |
| | | | |
| | | | |

Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclose, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation. You should also provide all documentation or information regarding any withdrawals you have ever made or payments received from the Debtor.

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement. If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.
PLEASE CHECK THE APPROPRIATE ANSWER FOR ITEMS 3 THROUGH 9.

*  PROVIDED BY BULL MARKET, SEE SUPPLEMENTAL CLAIM INFORMATION ATTACHMENT A

NOTE:    IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION ON A SIGNED ATTACHMENT. IF SUFFICIENT DETAILS ARE NOT PROVIDED, THIS CLAIM FORM WILL BE RETURNED FOR YOUR COMPLETION.

<u>YES</u>        <u>NO</u>

3.    Has there been any change in your account since December 11, 2008? If so, please explain.    _____    X

4.    Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of the broker?    _____    X

5.    Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or policies of the broker?    _____    X

6.    Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in any way with the broker? If so, give name(s)    _____    X

7.    Is this claim being filed by or on behalf of a broker or dealer or a bank? If so, provide documentation with respect to each public customer on whose behalf you are claiming.    _____    X

8.    Have you ever given any discretionary authority to any person to execute securities transactions with or through the broker on your behalf? Give names, addresses and phone numbers.    X *    _____

9.    Have you or any member of your family ever filed a claim under the Securities Investor Protection Act of 1970? if so, give name of that broker.    _____    X

Please list the full name and address of anyone assisting you in the preparation of this claim form:  DAVID KAPLAN, 300 ROBBINS LANE, SYOSSET, NY   11791

502180406                                    3

*    SEE SUPPLEMENTAL CLAIM INFORMATION ATTACHMENT A

If you cannot compute the amount of your claim, you may file an estimated claim. In that case, please indicate your claim is an estimated claim.

**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM. CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.**

**THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY INFORMATION AND BELIEF.**    LUCAS BLUMENFELD TRUST

Date   JUNE 23, 2009            Signature   _B. B_____
                                            BRAD BLUMENFELD, TRUSTEE

Date _____    Signature _____

(If ownership of the account is shared, all must sign above. Give each owner's name, address, phone number, and extent of ownership on a signed separate sheet. If other than a personal account, *e.g.*, corporate, trustee, custodian, etc., also state your capacity and authority. Please supply the trust agreement or other proof of authority.)

**This customer claim form must be completed and mailed promptly, together with supporting documentation, etc. to:**

Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

502180406                                    4

SUPPLEMENTAL CLAIM INFORMATION
ATTACHMENT A

Claimant is filing this claim form as a customer of Bernard L. Investment Securities LLC ("BLMIS"), having invested in BLMIS through a partnership, Bull Market Fund ("BMF"). Pursuant to the partnership agreement of BMF and other written agreements amongst the Partners of BMF, BMF invested all of its funds with BLMIS. BMF has informed claimant that its customer account number with BLMIS was 1-B0081. BMF has also advised claimant that it is filing a customer claim for the losses in its customer account with BLMIS.

BMF typically issued quarterly statements showing each partner's account summary. In light of the BLMIS fraud, BMF issued a statement to each partner showing their closing balance as of December 10, 2008, a copy of which is enclosed. Claimant believes that as of December 11, 2008, the amount of claimant's investment was all held in the securities as shown on the November 30, 2008 BLMIS statement for BMF, a copy of which is also enclosed.

Madoff Securities International Limited
Affiliated with
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

BULL MARKET FUND
F/K/A BLUMENFELD EMPLOYEES
C/O BLUMENFELD DEV GROUP LTD
300 ROBBINS LANE
SYOSSET                    NY: 11791

| 1-80081-3-0 | 11/30/08 | 1 | ****6934 | 1 |

| DATE | | | BALANCE FORWARD | | | |
|---|---|---|---|---|---|---|
| | | | | | | 1,428,340.08 |
| 11/06 | 2,800 | 11110 | ABBOTT LABORATORIES | | | |
| 11/06 | 41,992 | | AMGEN INC | 60,350 | | 207,258.20 |
| 11/06 | 3,432 | 11353 | AMGEN INC | | | |
| 11/06 | 2,496 | 11688 | BOEING CO | 51,120 | | 127,696.52 |
| 11/06 | 16,272 | | BANK | | | |
| 11/06 | 1,872 | 12058 | BAXTER INTERNATIONAL INC | 60,680 | | |
| 11/06 | 3,744 | 12293 | BANK OF NEW YORK MELLON CORP | 32,290 | | 121,042.76 |
| 11/06 | 5,240 | 12528 | BRISTOL MYERS SQUIBB COMPANY | 20,610 | | 128,855.40 |
| 11/06 | 22,704 | | CANTE | | | |
| 11/06 | 94,342 | | | | | |
| 11/06 | 93,360 | 13333 | COMCAST GROUP INC | | | 148,168.40 |
| | | | COMCAST CORP | 15,790 | | |
| | | | CL A | | | |
| 11/06 | 4,600 | 13938 | CVS CAREMARK CORP | 80,510 | | 142,973.80 |
| 11/06 | 64,552 | 14171 | CHEVRON CORP | 73,740 | | 483,406.48 |
| 11/06 | 6,240 | | GENE | | | |
| 11/06 | 359,596 | | GENERAL ELECTRIC CO | | | |
| 11/06 | 624 | 14878 | GOOGLE | 356,520 | | 222,492.48 |
| 11/06 | 1,248 | 15113 | GOLDMAN SACHS GROUP INC | 91,870 | | 114,702.76 |
| 11/06 | 5,616 | | HOME DEPOT INC | | | |
| 11/06 | 7,800 | | HEWLETT PACKARD CO | | | |
| 11/06 | 4,368 | 15618 | INTERNATIONAL BUSINESS MACHS | 92,800 | | 405,524.40 |
| | | | CONTINUED ON | | | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

MADF
**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

BULL MARKET FUND
F/K/A BLUMENFELD EMPLOYEES
C/O BLUMENFELD DEV GROUP LTD
300 ROBBINS LANE
SYOSSET                NY  11791

1-B0081-3-0    11/30/08    *******6934    2

| Date | Quantity | | Description | Price | Amount |
|---|---|---|---|---|---|
| 11/06 | 17,784 | 16053 | INTEL CORP | 16,070 | 286,499.88 |
| 11/06 | 9,040 | 16280 | JOHNSON & JOHNSON | 61,310 | 555,933.88 |
| 11/06 | 11,360 | 16923 | JPMORGAN CHASE & CO | 40,910 | 465,502.12 |
| 11/06 | 4,992 | 18758 | KRAFT FOODS INC | 29,150 | 145,581.12 |
| 11/06 | 6,240 | 16993 | COCA COLA CO | 44,490 | 277,866.60 |
| 11/06 | 3,744 | 17228 | MCDONALDS CORP | 57,900 | 216,926.60 |
| 11/06 | 21,184 | 17483 | MICROSOFT INC | 20,930 | 443,381.30 |
| 11/06 | 1,696 | 17690 | 3M COMPANY | 63,550 | 107,067.50 |
| 11/06 | 6,552 | 17933 | ALTRIA GROUP INC | 19,160 | 125,798.32 |
| 11/06 | 6,864 | 18168 | MERCK & CO | 30,780 | 211,547.92 |
| 11/06 | 25,272 | 18408 | MICROSOFT CORP | | 259,974.42 |
| 11/06 | 12,792 | 18686 | ORACLE CORPORATION | | 232,252.00 |
| 11/06 | 2,808 | 19343 | OCCIDENTAL PETROLEUM CORP | 54,290 | 152,558.32 |
| 11/06 | 4,992 | 19578 | PEPSICO INC | 57 | 284,773.00 |
| 11/06 | 11,528 | 19813 | PEPSICO INC | | 301,793.00 |
| 11/06 | 9,672 | 20040 | PROCTER & GAMBLE CO | 64,570 | 624,780.04 |
| 11/06 | 6,864 | 20283 | PHILIP MORRIS INTERNATIONAL | 42,730 | 293,657.72 |
| 11/06 | 5,304 | 20519 | QUALCOMM INC | 37,810 | 200,742.24 |
| 11/06 | 3,744 | 20753 | SCHLUMBERGER LTD | 51,460 | 192,735.44 |
| 11/06 | 181,720 | 20968 | AT&T INC | 26,480 | 505,815.60 |
| 11/06 | 11,544 | 21223 | TIME WARNER INC | 10,060 | 116,593.64 |
| 11/06 | 11,544 | 21458 | UNITED PARCEL SVC INC | 52,790 | 164,528.80 |
| 11/06 | 5,616 | 21693 | U S BANCORP | 289,560 | 166,578.00 |
| 12/06 | 3,120 | 21928 | UNITED TECHNOLOGIES CORP | 54,920 | 171,474.40 |

CONTINUED ON PAGE 3

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

BULL MARKET FUND
F/K/A BLUMENFELD EMPLOYEES
C/O BLUMENFELD DEV GROUP LTD
300 ROBBINS LANE
SYOSSET          NY  11791

| ( 1-B0081-3-0 ) | ( 11/30/08 ) | ( 3 ) | \*\*\*\*\*\*6934 |

| DATE | BOUGHT RECEIVED | SOLD DELIVERED | DESCRIPTION | PRICE | AMOUNT DEBITED | AMOUNT CREDITED |
|------|------|------|------|------|------|------|
| 11/06 | 9,048 | | VERIZON COMMUNICATIONS | 29.980 | 271,620.04 | |
| 11/06 | 10,608 | | WELLS FARGO & CO NEW | 33.640 | 357,489.25 | |
| 11/06 | 7,176 | | EXXON MOBIL CORP | 75.300 | 540,515.88 | |
| 11/06 | 10,848 | | EXXON MOBIL CORP | 75.300 | 817,459,05.04 | |
| 11/06 | | | FIDELITY SPARTAN | | DIV | 2.54 |
| 11/06 | | | U S TREASURY MONEY MARKET | | | |
| 11/06 | 287,784 | 40599 | FIDELITY SPARTAN | 1 | 287,784.00 | |
| 11/06 | | | U S TREASURY MONEY MARKET | | | |
| 11/06 | 24,408 | 48145 | FIDELITY SPARTAN | 1 | 24,408.00 | |
| 11/06 | | | U S TREASURY MONEY MARKET | | | |
| 11/06 | 1,925,000 | 48599 | U S TREASURY BILL | 99.969 | | 1,924,403.00 |
| 11/06 | | | DUE 12/11/2008 | | | |
| 11/06 | 3,925,000 | 48826 | U S TREASURY BILL | 99.960 | | 3,923,430.00 |
| 11/06 | | | DUE 12/18/2008 | | | |
| 11/06 | 3,925,000 | 49033 | U S TREASURY BILL | 99.946 | | 3,923,880.50 |
| 11/06 | | | DUE 01/15/2009 | | | |
| 11/06 | | | U S TREASURY BILL | | | |
| 11/06 | | | DUE 01/22/2009 | | | |
| 11/06 | | | CONTINUED ON PAGE | | | |

CONTINUED ON PAGE

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

BERNARD L. MADOFF
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

BULL MARKET FUND
F/K/A BLUMENFELD EMPLOYEES
C/O BLUMENFELD DEV GROUP LTD
300 ROBBINS LANE
SYOSSET          NY   11791

Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

| | | | | | |
|---|---|---|---|---|---|
| 1-B0081-3-0 | 11/30/08 | 4 | ******6934 | | |

| Date | Quantity | | Description | Price | Amount |
|---|---|---|---|---|---|
| 11/06 | 3,925,000 | 49461 | U S TREASURY BILL DUE 03/26/2009 | 99.928 | 3,922,174.00 |
| 11/06 | 11,050,000 | 49677 | U S TREASURY BILL DUE 2/12/2009 | 99.902 | |
| 11/06 | 2,515,000 | 49630 | U S TREASURY BILL DUE 2/12/2009 | 99.902 | |
| 11/06 | 2,575,000 | 50127 | U S TREASURY BILL DUE 1/02/2009 | 99.751 | 2,569,583.25 |
| 11/06 | 2,575,000 | | U S TREASURY BILL DUE 1/02/2009 | 99.751 | |
| 11/06 | 2,575,000 | 50356 | U S TREASURY BILL DUE 04/09/2009 | 99.726 | 2,567,944.50 |
| 11/07 | 1,944 | 25404 | APPLE INC | | |
| 11/07 | 3,456 | 23639 | ABBOTT LABORATORIES | 56.590 | 195,713.04 |
| 11/07 | 2,376 | 23874 | AMGEN INC | 52.070 | 147,713.12 |
| 11/07 | 1,016 | 24574 | LOAN CP PAPER | | |
| 11/07 | 1,296 | 24579 | BAXTER INTERNATIONAL INC | 61.740 | 80,066.04 |
| 11/07 | 2,376 | 24814 | BANK OF NEW YORK MELLON CORP | 34.210 | 81,377.96 |
| 11/07 | | 25284 | ANHEUSER BUSCH COS INC | 64.690 | |
| 11/07 | 1,512 | 25519 | CITIGROUP INC | 14.410 | |
| 11/07 | 11,664 | | | | 168,544.24 |

CONTINUED ON PAGE 5

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES



**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

BULL MARKET FUND
F/K/A BLUMENFELD EMPLOYEES
C/O BLUMENFELD DEV GROUP LTD
300 ROBBINS LANE
SYOSSET                NY  11791

1-B0081-3-0        11/30/08        5

******6934

| DATE | QUANTITY | DESCRIPTION | | PRICE | AMOUNT |
|---|---|---|---|---|---|
| 11/07 | 6,264 | 25754 | COMCAST CORP CL A | 17,390 | 109,180.96 |
| 11/07 | 8,640 | 31159 | ORACLE CORPORATION | 18.470 | 159,925.80 |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

BERNARD L. MADOFF
INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

BULL MARKET FUND
F/K/A BLUMENFELD EMPLOYEES
C/O BLUMENFELD DEV GROUP LTD
300 ROBBINS LANE
SYOSSET          NY   11791

| 1-B0081-3-0 | 11/30/08 | 6 | *****6534 |
|---|---|---|---|

| DATE | | | DESCRIPTION | | | AMOUNT |
|---|---|---|---|---|---|---|
| 11/07 | 1,728 | 31864 | OCCIDENTAL PETROLEUM CORP | 54.380 | | 94,037.64 |
| 11/07 | 3,456 | 32099 | PEPSICO INC | 58.630 | | 202,763.28 |
| 11/07 | 4,656 | 32235 | PFIZER INC | | | 264,971.00 |
| 11/07 | 4,536 | 32569 | PROCTER & GAMBLE CO | 65.080 | | 296,115.20 |
| 11/07 | 3,672 | 32804 | PHILLIP MORRIS INTERNATIONAL | 43.640 | | 181,332.04 |
| 11/07 | 3,552 | 33039 | QUALCOMM INC | 37.650 | | 133,543.68 |
| 11/07 | 1,152 | 33274 | SCHLUMBERGER LTD | 51.170 | | 59,093.64 |
| 11/07 | 4,776 | 33509 | AT&T INC | 28.350 | | 462,609.48 |
| 11/07 | 2,160 | 33744 | TIME WARNER INC | 10.110 | | 78,926.36 |
| 11/07 | 2,160 | 33979 | UNITED PARCEL SVC INC | 53.680 | | 116,037.80 |
| 11/07 | 99888 | 34214 | U S BANCORP | 30.090 | | 119,086.92 |
| 11/07 | 2,160 | 34449 | UNITED TECHNOLOGIES CORP | 56 | | 123,046.00 |
| 11/07 | 4,045 | 34684 | VERIZON COMMUNICATIONS | 31.810 | | 122,627.80 |
| 11/07 | 1,344 | 34919 | WELLS FARGO & CO NEW | | | 200,577.52 |
| 11/07 | 4,968 | 35154 | WAL-MART STORES INC | 56.750 | | 282,195.04 |
| 11/07 | 11,448 | 35389 | EXXON MOBIL CORP | 75.280 | | 862,262.44 |
| | | | FIDELITY SPARTAN | DIV. | | .34 |
| | | | U S TREASURY MONEY MARKET | | | |
| 11/07 | 18,784 | 10683 | FIDELITY SPARTAN | 1 | | 18,784.00 |
| 11/07 | 2,375,000 | 10174 | U S TREASURY MONEY MARKET | 99.925 | | 2,373,717.25 |
| | | | DUE 02/05/09 | | | |
| | | | 2/05/2009 | | | |

CONTINUED ON PAGE     7

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Mayfair, 12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

BULL MARKET FUND
F/K/A BLUMENFELD EMPLOYEES
C/O BLUMENFELD DEV GROUP LTD
300 ROBBINS LANE
SYOSSET        NY   11791

| Account No. | Date | Page | |
|---|---|---|---|
| 1-B0081-3-0 | 11/30/08 | 7 | *****6934 |

| DATE | BOUGHT / RECEIVED | SOLD / DELIVERED | DESCRIPTION | PRICE | AMOUNT |
|---|---|---|---|---|---|
| 11/07 | 2,450,000 | 11382 | U S TREASURY BILL DUE 02/19/2009 | 99.887 | 2,447,231.50 |
| 11/07 | 2,450,000 | 11597 | U S TREASURY BILL DUE 02/26/2009 | 99.889 | 2,447,280.50 |
| 03/07 | 2,571,000 | | U S TREASURY BILL DUE 05/05/09 | | |
| 11/07 | | 12019 | U S TREASURY BILL 3/05/2009 | 99.840 | |
| 11/07 | 2,650,000 | | U S TREASURY BILL DUE 3/12/2009 | | 2,646,080.00 |
| 11/07 | 1,175,000 | 12142 | U S TREASURY BILL DUE 04/16/2009 | 99.720 | 1,171,710.00 |
| 11/07 | 1,175,000 | 12364 | U S TREASURY BILL DUE 4/16/2009 | | |
| | | | FIDELITY SPARTAN U S TREASURY MONEY MARKET | | |
| 11/10 | 2,376 | 35864 | APPLE INC | 108.720 | 258,413.72 |
| 11/10 | 4,224 | 35092 | ABBOTT LABORATORIES | 55.910 | 236,331.84 |
| 11/10 | 2,904 | 36088 | AMGEN INC | | |
| 11/10 | 2,712 | 36054 | BOEING CO | 52.190 | |
| 11/10 | 13,728 | 36804 | BANK OF AMERICA | 24.050 | 330,707.40 |
| | | | CONTINUED ON PAGE | | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

**BERNARD L. MADOFF**
[MADF]
INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

BULL MARKET FUND
F/K/A BLUMENFELD EMPLOYEES
C/O BLUMENFELD DEV GROUP LTD
300 ROBBINS LANE
SYOSSET                    NY   11791

1-B0081-3-0     11/30/08     8     ******6934

FINANCIAL SERVICES INTERNATIONAL LIMITED
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

| DATE | AMOUNT BOUGHT/RECEIVED | AMOUNT SOLD/DELIVERED | DESCRIPTION | PRICE | AMOUNT |
|---|---|---|---|---|---|
| 11/10 | 1,848 | 37039 | BAXTER INTERNATIONAL INC | 60.770 | 112,375.96 |
| 11/10 | 3,760 | 37274 | BANK OF NEW YORK MELLON CORP | 33.480 | 126,190.64 |
| 11/10 | 5,544 | 37507 | ANHEUSER-BUSCH COS INC | 59.670 | 165,585.04 |
| 11/10 | 1,848 | 37747 | CITI GROUP INC | 14.270 | 26,495.92 |
| 11/10 | 15,648 | 37979 | COMCAST CORP | 14.270 | 215,335.96 |
| 11/10 | 47,920 | 38214 | GLAXOSMITHKLINE | 17.410 | 130,203.20 |
| 11/10 | 4,224 | 38449 | CONOCOPHILLIPS | 54.080 | 228,938.32 |
| 11/10 | 16,104 | 38684 | CISCO SYSTEMS INC | 18.080 | 291,804.32 |
| 11/10 | 3,960 | 38919 | CVS CAREMARK CORP | 31.300 | 124,106.40 |
| 11/10 | 3,608 | 39353 | TEMPLE-INLAND INC | 14.130 | 44,472.34 |
| 11/10 | 5,016 | 39589 | HEWLETT-PACKARD CO | 26.660 | 268,900.56 |
| 11/10 | 28,776 | 39824 | GENERAL ELECTRIC CO | 20.530 | 591,922.28 |
| 11/10 | 528 | 39059 | GOOGLE | 353.580 | 1,911,901.24 |
| 11/10 | 4,320 | 40099 | HON INDUSTRIES INC | 29.060 | 125,183.60 |
| 11/10 | 4,752 | 40329 | HENRY SCHEIN INC | 23.830 | 109,668.96 |
| 11/10 | 6,864 | 40564 | INTERNATIONAL BUSINESS MCHS | 37.290 | 256,232.56 |
| 11/10 | 3,696 | 40799 | HEWLETT PACKARD CO | 92.660 | 342,618.36 |
| 11/10 | 15,576 | 41034 | JOHNSON & JOHNSON | 58.380 | 910,906.80 |
| 11/10 | 7,956 | 41269 | J.P. MORGAN CHASE & CO | 41.730 | 331,771.92 |
| 11/10 | 10,032 | 41504 | KRAFT FOODS INC | 41.730 | 419,036.36 |
| 11/10 | 4,224 | 41739 | COCA COLA CO | 30.100 | 147,310.40 |
| 11/10 | 5,544 | 41974 | MCDONALDS CORP | 39.250 | 222,473.80 |
| 11/10 | 3,168 | 42209 | MEDTRONIC INC | 40.306 | 127,756.40 |
| 11/10 | 3,168 | 42444 | | | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

BERNARD L. MADOFF
[MADF]
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

BULL MARKET FUND
F/K/A BLUMENFELD EMPLOYEES
C/O BLUMENFELD DEV GROUP LTD
300 ROBBINS LANE
SYOSSET                    NY   11791

1-B0081-3-0     11/30/08     *******6934     9

| DATE | | | NAME | | AMOUNT |
|------|--|--|------|--|--------|
| 11/10 | 1,848 | 42679 | 3M COMPANY | 64.690 | 119,620.32 |
| 11/10 | 5,544 | 42934 | ALTRIA GROUP INC | 18.890 | 104,967.16 |
| 11/10 | 5,500 | 43147 | MERCK & CO | 30.510 | |
| 11/10 | 21,854 | 43564 | MICROSOFT CORP | 22.200 | |
| 11/10 | 10,624 | 43619 | ORACLE CORPORATION | 18.600 | 201,758.40 |
| 11/10 | 2,976 | 43324 | OCCIDENTAL PETROLEUM CORP | 56.010 | 133,174.76 |
| 11/10 | 10,744 | 44094 | PFIZER INC | 16.980 | |
| 11/10 | 8,184 | 45029 | PROCTER & GAMBLE CO | 65.230 | 534,169.32 |
| 11/10 | 5,544 | 45264 | QUALCOMM INC | 44.030 | 244,322.32 |
| 11/10 | 3,432 | 45407 | SCHLUMBERGER LTD | | |
| 11/10 | 16,368 | 45969 | TIME WARNER INC | 11.560 | |
| 11/10 | 9,504 | 46204 | UNITED PARCEL SVC INC | | 105,031.04 |
| 11/10 | | 46493 | CLASS B | | |
| 11/10 | 4,752 | 46674 | U S BANCORP | 31.510 | 149,925.52 |
| 11/10 | 27,640 | 46908 | UNITED TECHNOLOGIES CORP | 56.430 | |
| 11/10 | 6,776 | 47174 | VERIZON COMMUNICATIONS CORP | | |
| 11/10 | 6,776 | 47519 | WELLS FARGO & CO NEW | | |
| 11/10 | 6,072 | 47614 | WAL-MART STORES INC | 55.710 | 338,513.12 |
| 11/10 | 144,256 | 47649 | EXXON MOBIL CORP | 75.800 | 1,081,174.80 |
| | | | DIV 11/10/08 U S TREASURY MONEY MARKET | | |

CONTINUED ON PAGE

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES



BERNARD L. MADOFF
**MADF** INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Bernard L. Madoff International Limited
12 Berkeley Street
Mayfair, London W1J 6QT
Tel 020 7493 6222

BULL MARKET FUND
F/K/A BLUMENFELD EMPLOYEES
C/O BLUMENFELD DEV GROUP LTD
300 ROBBINS LANE
SYOSSET            NY    11791

1-00081-3-0     11/30/06     10     *****6934

| DATE | BOUGHT RECEIVED/LONG | SOLD DELIVERED/SHORT | DESCRIPTION | PRICE | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|
| 11/10 | | 30,199 | FIDELITY SPARTAN 12816 U.S. TREASURY MONEY MARKET | 1 | | 30,199.00 |
| 11/10 | | 29,000,000 | U.S. TREASURY BILL 132205 DUE 05/29/2009 | 99.607 | | 28,886,030,429.00 |
| 11/10 | 2,575,000 | | U.S. TREASURY BILL 13493 DUE 03/19/2009 | 99.834 | 2,570,725.50 | |
| 11/10 | 2,575,000 | | U.S. TREASURY BILL 13625 DUE 04/09/2009 | 99.770 | 2,569,077.50 | |
| 11/10 | 3,750,000 | | U.S. TREASURY BILL 13620 DUE 04/09/2009 | 99.742 | 3,740,325.00 | |
| 11/10 | 50,000 | 2,175,000 | U.S. TREASURY BILL 14062 DUE 04/16/2009 | 99.660 | | 1,172,849,100.50 |
| 11/10 | 635 | 14281 | U.S. TREASURY BILL 14162 DUE 04/16/2009 | 99.686 | 69,843.00 | |
| 11/14 | | 685 | FIDELITY SPARTAN 14508 U.S. TREASURY MONEY MARKET | 1 | 685.00 | |
| 11/14 | 100,140 | | FIDELITY SPARTAN 144742 U.S. TREASURY MONEY MARKET CHECK | CW | | 100,140,000.00 |
| 11/14 | | | FIDELITY SPARTAN U.S. TREASURY MONEY MARKET | DIV | | .05 |
| | | | CONTINUED ON PAGE 11 | | | |

CONTINUED ON PAGE 11

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

805 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Bernard Madoff Investment Securities Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

BULL MARKET FUND
F/K/A BLUMENFELD EMPLOYEES
C/O BLUMENFELD DEV GROUP LTD
300 ROBBINS LANE
SYOSSET          NY  11791

| 1-B0081-3-0 | 11/30/08 | *******6954 | 11 |

| DATE | | | | DESCRIPTION | | | AMOUNT |
|---|---|---|---|---|---|---|---|
| 11/14 | | 685 | 29393 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | | 685.00 |
| 11/14 | 1,357 | | | U S TREASURY MONEY MARKET | | | 1,357.00 |
| 11/18 | | | | CHECK | CA | | 25,000.00 |
| 11/18 | | | | CHECK | CA | | 15,000.00 |
| 11/18 | | | | CHECK | CA | | 10,000.00 |
| 11/18 | | | | CHECK | CA | | 10,000.00 |
| 11/18 | 595,000 | | | CHECK | CA | | 200,000.00 |
| 11/18 | | 59250 | | U S TREASURY BILL DUE 4/16/2009 | | | 15,000.00 |
| 11/18 | 594,668 | | | U S TREASURY BILL DUE 4/16/2009 | | | 135,000.00 |
| 11/18 | 143,717 | 59725 | | U S TREASURY MONEY MARKET | | | 135,747.00 |
| 11/18 | 450,000 | 49954 | | U S TREASURY BILL DUE 4/16/2009 | 99,830 | | 449,235.00 |
| 11/16 | 5,765 | 49903 | | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | | 5,765.00 |
| 11/19 | 20,839 | 50057 | | FIDELITY SPARTAN U S TREASURY MONEY MARKET DIV 08/02/08-08/31/08 | DIV | | 20,839.00 |
| | | | | FIDELITY SPARTAN U S TREASURY MONEY MARKET | | | .45 |
| | | | | CONTINUED ON PAGE     12 | | | |

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

BULL MARKET FUND
F/K/A BLUMENFELD EMPLOYEES
C/O BLUMENFELD DEV GROUP LTD
300 ROBBINS LANE
SYOSSET          NY   11791

1-B0081-3-0    11/30/08    12    *******6934

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

| Date | Bought (Received) | | Sold (Delivered) | | Price | Amount |
|---|---|---|---|---|---|---|
| 11/19 | 3,525,000 | | 54708 | U.S. TREASURY BILL DUE 03/26/2009 | 99.926 | 3,522,391.50 |
| 11/19 | 9,120 | | 59090 | FIDELITY SPARTAN U.S. TREASURY MONEY MARKET | 1 | 9,120.00 |
| 11/20 | | | | CHECK | | 675,000.00 |
| 11/20 | 2,850,000 | 3,525,000 | 63935 | U.S. TREASURY BILL DUE 03/26/2009 | 99.982 | 3,523,960.50 |
| 11/20 | 171 | | 64375 | U.S. TREASURY BILL DUE 4/30/2009 | 99.947 | 2,848,489.50 |
| 11/20 | 171 | | 64375 | FIDELITY SPARTAN U.S. TREASURY MONEY MARKET | 1 | 171.00 |
| 11/25 | 82 | | 64455 | APPLE INC | 99.970 | 100,000.00 |
| 11/25 | 1,558 | | 64855 | ABBOTT LABORATORIES | 54.240 | 84,955.19 |
| 11/25 | 1,078 | | 64993 | AMGEN INC | 53.630 | 57,856.14 |
| 11/25 | 1,298 | | 65131 | BANK OF AMERICA | 12.980 | 65,073.04 |
| 11/25 | 2,508 | | 65201 | BANK OF NEW YORK MELLON CORP | 25.970 | 65,083.76 |
| 11/25 | 1,176 | | 65201 | EXXON MOBIL CORP | 29.650 | 29,708.44 |
| 11/25 | 1,960 | | 65845 | BRISTOL MYERS SQUIBB COMPANY | 20.140 | 39,552.40 |
| 11/25 | 55,684 | | 66093 | CITIGROUP INC | 6.100 | 34,899.40 |
| 11/25 | 490 | | 66055 | COMCAST CORP | | |
| 11/25 | 2,842 | | 66255 | CL A | | 43,835.74 |
| | | | | CONTINUED ON PAGE 35 | | |

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

BULL MARKET FUND
F/K/A BLUMENFELD EMPLOYEES
C/O BLUMENFELD DEV GROUP LTD
300 ROBBINS LANE
SYOSSET                    NY  11791

| Account No. | Statement Date | Page |
|---|---|---|
| 1-B0081-3-0 | 11/30/08 | 13 |

Tax ID: *****46934

| DATE | BOUGHT RECEIVED | SOLD DELIVERED | SECURITY | PRICE | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|
| 11/25 | 1,568 | | 66797 | CONOCOPHILLIPS | 45.100 | 70,778.80 | |
| 11/25 | 5,880 | | 67035 | CISCO SYSTEMS INC | 14.370 | 84,758.60 | |
| 11/25 | 14,710 | | 67279 | CVS CAREMARK CORP | 27.240 | 401,006.80 | |
| 11/25 | 20,508 | | 67521 | CHEVRON CORP | 68.400 | 1,414,487.20 | |
| 11/25 | 1,862 | | 67749 | THE WALT DISNEY CO | 19.760 | 36,867.12 | |
| 11/25 | 688 | | 67977 | EXELON CORP | 48.740 | 33,462.64 | |
| 11/25 | 13,390 | | 68205 | GENERAL ELECTRIC CO | 14.040 | 188,109.90 | |
| 11/25 | 1,196 | | 68423 | GOOGLE | 275.000 | 329,907.00 | |
| 11/25 | 1,666 | | 68701 | HOME DEPOT INC | 19.530 | 32,602.98 | |
| 11/25 | 2,450 | | 68939 | HEWLETT-PACKARD CO | 32.990 | 80,923.50 | |
| 11/25 | 522 | | 69177 | INTERNATIONAL BUSINESS MACH | 75.000 | 40,363.00 | |
| 11/25 | 2,842 | | 69415 | INTEL CORP | 14.470 | 41,270.00 | |
| 11/25 | 2,842 | | 69653 | JOHNSON & JOHNSON | 57.650 | 163,954.30 | |
| 11/25 | 1,724 | | 69891 | COCA-COLA CO | 57.650 | 103,526.24 | |
| 11/25 | 1,960 | | 70129 | KRAFT FOODS INC | 25.500 | 39,331.00 | |
| 11/25 | 1,078 | | 70367 | JP MORGAN CHASE & CO | 29.040 | 62,476.00 | |
| 11/25 | 1,308 | | 70605 | MCDONALDS CORP | 55 | 59,333.00 | |
| 11/25 | 2,058 | | 70843 | MEDTRONIC INC | 30.800 | 36,267.80 | |
| 11/25 | 2,058 | | 71081 | ALTRIA GROUP INC | 21.282 | 40,007.08 | |
| 11/25 | 2,156 | | 71319 | MERCK & CO | 162.250 | 35,524.06 | |
| 11/25 | 7,840 | | 71557 | MICROSOFT CORP | 25 | 53,986.00 | |
| 11/25 | 3,920 | | 71795 | ORACLE CORPORATION | 18.100 | 142,217.00 | |
| 11/25 | 882 | | 72509 | OCCIDENTAL PETROLEUM CORP | 44.950 | 39,542.74 | |
| 11/25 | 1,568 | | 72985 | PEPSICO INC | 51.800 | 81,204.40 | |
| | | | | CONTINUED ON PAGE 14 | | | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

BERNARD L. MADOFF
INVESTMENT SECURITIES LLC
New York ☐ London

New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

BULL MARKET FUND
F/K/A BLUMENFELD EMPLOYEES
C/O BLUMENFELD DEV GROUP LTD
300 ROBBINS LANE
SYOSSET              NY  11791

| ACCOUNT NUMBER | DATE | PAGE |
|---|---|---|
| 1-80081-3-0 | 11/30/08 | 14 |

| DATE | BOUGHT RECEIVED | SOLD DELIVERED | | DESCRIPTION | PRICE | AMOUNT DEBITS | AMOUNT CREDITS |
|---|---|---|---|---|---|---|---|
| 11/25 | 6,762 | | 73223 | PFIZER INC | 15.320 | 103,863.84 | |
| 11/25 | 2,940 | | 73465 | PROCTER & GAMBLE CO | 61.940 | 182,220.60 | |
| 11/25 | | | 73697 | PHILLIP MORRIS INTERNATIONAL | | | |
| 11/25 | 1,666 | | 73931 | QUALCOMM INC | 29.850 | 49,796.10 | |
| 11/25 | 1,316 | | 74175 | SCHLUMBERGER LTD | 46.270 | 54,460.52 | |
| 11/25 | 5,810 | | 74413 | AT&T INC | | | |
| 11/25 | 3,066 | | 74649 | UNITED PARCEL SVC INC | | | |
| 11/25 | 980 | | 74885 | CLASS B | | | |
| 11/25 | 1,764 | | 75127 | U S BANCORP | 23.400 | 41,347.60 | |
| 11/25 | 980 | | 75369 | UNITED TECHNOLOGIES CORP | | | |
| 11/25 | 2,242 | | 75605 | VERIZON COMMUNICATIONS | | | |
| 11/25 | 3,822 | | 75841 | WELLS FARGO & CO NEW | 23.820 | 91,192.04 | |
| 11/25 | 2,254 | | 76077 | WAL-MART STORES INC | 51.450 | 116,058.30 | |
| 11/25 | 5,372 | | 76313 | EXXON MOBIL CORP | | | |
| 11/25 | 5,292 | | 76555 | FIDELITY SPARTAN | DIV | | .93 |
| | | | | U S TREASURY MONEY MARKET | | | |
| | | | | FIDELITY SPARTAN | | | |
| 11/25 | | 3,725,000 | 77386 | U S TREASURY MONEY MARKET | | | 3,720,455.50 |
| | | | | DUE 12/02/2009 | | | |
| 11/25 | 42,963 | | 77681 | FIDELITY SPARTAN | 1 | 42,963.00 | |
| | | | | U S TREASURY MONEY MARKET | | | |

CONTINUED ON PAGE  15

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

BERNARD L. MADOFF
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

BULL MARKET FUND
F/K/A BLUMENFELD EMPLOYEES
C/O BLUMENFELD DEV GROUP LTD
300 ROBBINS LANE
SYOSSET            NY   11791

1-B0081-3-0      11/30/08      15      *******6934

| Date | | | | | | Price | Amount |
|---|---|---|---|---|---|---|---|
| 11/26 | | 5,000 | | CHECK | | CA | 5,000.00 |
| 11/26 | | | 78168 | FIDELITY SPARTAN | | | |
| 11/28 | | | 78420 | U S TREASURY MONEY MARKET | | 1 | |
| 11/28 | | 100 | | BAXTER INTERNATIONAL INC | | 5,000.00 | 5,000.00 |
| 11/28 | | | | CHECK | | CK | 500,000.00 |
| 11/28 | | | | FIDELITY SPARTAN | | | |
| 11/28 | | | | U S TREASURY MONEY MARKET | | | |
| 11/28 | | 3,226 | 76024 | FIDELITY SPARTAN | | DIV | 2.26 |
| 11/28 | 47,963 | 78257 | | U S TREASURY MONEY MARKET | | 1 | 47,963.00 |
| | | | | NEW BALANCE | | | 5,119,352.95 |
| | | | | SECURITY POSITIONS | | MKT PRICE | |
| | 53,496 | | | AT&T INC | | 28,565 | |
| | 38,240 | | | ABBOTT LABORATORIES | | 52,390 | |
| | 39,750 | | | ALTRIA GROUP INC | | 16,250 | |
| | 81,010 | | | AMGEN INC | | 55,540 | |
| | 45,956 | | | APPLE INC | | 92,670 | |
| | 10,657 | | | BANK OF AMERICA | | 16,250 | |
| | 57,594 | | | BANK OF NEW YORK MELLON CORP | | 30,330 | |
| | 6,336 | | | BAXTER INTERNATIONAL INC | | | |
| | | | | BOEING CO | | 42,630 | |

CONTINUED ON PAGE 16

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

BULL MARKET FUND
F/K/A BLUMENFELD EMPLOYEES
C/O BLUMENFELD DEV GROUP LTD
300 ROBBINS LANE
SYOSSET          NY   11791

1-B0081-3-0    11/30/08    16    \*\*\*\*\*\*\*6934

BERNARD L. MADOFF INVESTMENT SECURITIES
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

| BOUGHT Received/Long | SOLD Delivered/Short | DESCRIPTION | PRICE |
|---|---|---|---|
| 18,064 | | BRISTOL MYERS SQUIBB COMPANY | 20.700 |
| 13,134 | | CVS CAREMARK CORP | 28.930 |
| 18,954 | | CISCO SYSTEMS INC | 16.200 |
| 55,760 | | CITIGROUP INC | 8.290 |
| 4,868 | | COCA COLA CO | 44.870 |
| 18,064 | | COMCAST CORP | 15.870 |
| 26,386 | | COMCAST CORP CL A | 15.840 |
| 14,024 | | CONOCOPHILLIPS | 52.520 |
| 17,222 | | EXXON MOBIL CORP | 76.180 |
| 686 | | EXXON MOBIL CORP | 80.150 |
| 47,844 | | GENERAL ELECTRIC CO | 17.170 |
| 95,620 | | GOOGLE INC | |
| 3,932 | | GOOGLE INC | |
| 1,760 | | HEWLETT PACKARD CO | 35.280 |
| 22,514 | | HOME DEPOT INC | 23.110 |
| 15,706 | | INTEL CORP | |
| 51,110 | | INTERNATIONAL BUSINESS MACHS | |
| 12,440 | | J.P. MORGAN CHASE & CO | 31.660 |
| 33,820 | | JOHNSON & JOHNSON | 59.580 |
| 25,584 | | STATE STREET CORP | |
| 10,926 | | MCDONALDS CORP | |
| 10,366 | | MEDIMMUNE INC | 30.720 |
| 10,464 | | MEDTRONIC INC | 30.520 |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

BULL MARKET FUND EMPLOYEES
F/K/A BLUMENFELD EMPLOYEES
C/O BLUMENFELD DEV GROUP LTD
300 ROBBINS LANE
SYOSSET            NY   11791

| 1-B0081-3-0 | 11/30/08 | *******6934 | 17 |

MADOFF SECURITIES INTERNATIONAL LIMITED
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

| DATE | BOUGHT RECEIVED/LONG | SOLD DELIVERED/SHORT | ITEM DESCRIPTION | PRICE OR SYMBOL | |
|---|---|---|---|---|---|
| | 19,680 | | MERCK & CO | 26.720 | |
| | 11,776 | | MICROSOFT CORP | 20.720 | |
| | 14,794 | | OCCIDENTAL PETROLEUM CORP | 16.090 | |
| | 36,176 | | ORACLE CORPORATION | | |
| | 14,240 | | PEPSICO INC | 56.700 | |
| | 61,720 | | PFIZER INC | 16.130 | |
| | 19,002 | | PROCTER & GAMBLE CO | | |
| | 27,492 | | PHILIP MORRIS INTERNATIONAL | | |
| | 15,130 | | QUALCOMM INC | 33.570 | |
| | 10,944 | | SCHLUMBERGER LTD | 54.950 | |
| | 3,426 | | | 50.740 | |
| | 6,230 | | WALT DISNEY-DISNEY MARKET | | |
| | 22,050 | | 3M COMPANY | 66.930 | |
| | 16,020 | | TIME WARNER INC | 29.050 | |
| | 6,900 | | UNITED PARCEL SVC INC | 57.000 | |
| | 8,900 | | CLASS B | | |
| | 25,558 | | UNITED TECHNOLOGIES CORP | 49.530 | |
| | 20,470 | | WAL MART STORES INC | 55.800 | |
| | 30,750 | | WELLS FARGO & CO NEW | 28.890 | |
| | 1,372 | | WITH: | 36.010 | |

27,819,843.26    MARKET VALUE OF SECURITIES LONG

SHORT

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

BULL MARKET FUND
F/K/A BLUMENFELD EMPLOYEES
C/O BLUMENFELD DEV GROUP LTD
300 ROBBINS LANE
SYOSSET            NY    11791

| 1-B0081-4-0 | 11/30/08 | **********6934 | 1 |

12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | | | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|------|------|------|------|------|------|------|
| | | | BALANCE FORWARD | | | 1,620,341.00 |
| 11/06 | | | S & P 100 INDEX | 20,360 | | |
| 11/06 | 312 | | NOVEMBER 470 CALL | 20.500 | 639,912.00 | |
| 11/07 | 216 | | S & P 100 INDEX | | | |
| 11/07 | | | NOVEMBER 460 PUT | 13.800 | 298,296.00 | |
| 11/07 | | | S & P 100 INDEX | | | |
| 11/10 | 264 | | NOVEMBER 460 CALL | 16.800 | 443,784.00 | |
| 11/10 | | | S & P 100 INDEX | | | |
| 11/19 | 792 | | DECEMBER 420 PUT | 30 | 2,376,792.00 | |
| 11/19 | 520 | | S & P 100 INDEX | | 241,024.00 | |
| 11/19 | 264 | | NOVEMBER 465 CALL | .900 | | |
| 11/19 | 264 | | S & P 100 INDEX | 59 | | 1,557,336.00 |
| 11/19 | | | NOVEMBER 475 PUT | | | |
| | | | CONTINUED ON PAGE | | | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

BERNARD L. MADOFF
INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

BULL MARKET FUND
F/K/A BLUMENFELD EMPLOYEES
C/O BLUMENFELD DEV GROUP LTD
300 ROBBINS LANE
SYOSSET          NY   11791

1-B0081-4-0        11/30/08        *******6934        2

| DATE | | | | DESCRIPTION | MKT PRICE | | AMOUNT DEBITED | AMOUNT CREDITED |
|---|---|---|---|---|---|---|---|---|
| 11/25 | | | 72033 | S & P 100 INDEX | | 34 | | |
| | | | | DECEMBER 380 CALL | | | | |
| 11/25 | | 98 | 72271 | S & P 100 INDEX | | 21¼ | 205,098.00 | |
| | | | | DECEMBER 430 CALL | | | | |
| | | | | S & P 100 INDEX | | | | |
| | | | | DECEMBER 370 PUT | | | | |
| | | | | NEW BALANCE | | | | |
| | | | | SECURITY POSITIONS | MKT PRICE | | | |
| | | | 98 | S & P 100 INDEX | 23.300 | | | |
| | | | | DECEMBER 380 CALL | | | | |
| | 792 | | | S & P 100 INDEX | | 13,000 | | |
| | | | | DECEMBER 430 CALL | | | | |
| | | 98 | | S & P 100 INDEX | 16.500 | | | |
| | | | | DECEMBER 420 PUT | | | | |
| | | | | S & P 100 INDEX | 5.200 | | | |
| | | | | DECEMBER 370 PUT | | | | |
| | | | | MARKET VALUE OF SECURITIES | | | 333,102.00 | |
| | | | | | | | 5,118,353.00 | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

## TRUST AGREEMENT

## CREATING THE LUCAS BLUMENFELD TRUST

AGREEMENT made as of the    31st    day of December, 2007, **DAVID**

**BLUMENFELD**, residing at 70 Bacon Road, Old Westbury, New York 11568 (hereinafter

referred to as "Grantor") and **BRAD BLUMENFELD**, residing at 2 East End Avenue, Apt. 7B,

New York, New York (hereinafter referred to as "Trustee").

### WITNESSETH:

The Grantor desires hereby to create a Trust, to be known as the "LUCAS

BLUMENFELDTRUST", for the purposes and on the terms and conditions hereinafter set forth

and referred to as "the Trust".

In consideration of the premises and the agreement of the Trustee to accept the

Trust, the Grantor has delivered to the Trustee the property described in Schedule A hereof, the

receipt of which property the Trustee hereby acknowledges.

TO HAVE AND TO HOLD such property, and such additional property, if any,

as may be added to the Trust, in accordance with the terms of this Agreement ("Agreement"), IN

TRUST, upon the terms and conditions set forth in this Agreement.

## ARTICLE FIRST:    CHARACTER OF TRUST

The Trust created in this Agreement is irrevocable and the Grantor reserves no powers to alter or amend any provision of this Agreement. This Trust is intended to qualify for the gift tax annual exclusion in effect from time to time and if any reformation is necessary to comply with such annual exclusion, the Trustee shall be authorized to petition a Court of competent jurisdiction to reform this Trust, modify the language thereof or add such additional language as will be necessary to carry out the intention expressed herein. Any such reformation shall be retroactive to the date hereof.

## ARTICLE SECOND:         POWERS OF WITHDRAWAL

Section A.    In the calendar year of establishment of this Trust and in any calendar year during which additional property is transferred to the Trust, **LUCAS BLUMENFELD** and any of my issue shall have the power commencing with the date of the Trust or the date of such additional transfer, as the case may be, to withdraw from the principal of the Trust, property having a value equal to the value of the property transferred to the Trust during such year (including in the year of the Trust's creation, the property creating the Trust).

Section B.    The Trustee shall, promptly after a transfer of property is made to the Trust, notify in writing, any holder of such power of withdrawal. Such notice shall include a description of (1) the transferred property, (2) the respective right of withdrawal resulting from the transfer, and (3) the time limit on exercise of the right. In case any holder of such power is under a legal disability, notification shall be given to her legal guardian, committee, conservator or parent, or, if none, to her parent or to such other person or institution in a position to act on her behalf as the Trustee shall deem appropriate. Such power of withdrawal may be exercised by a

2

writing signed and delivered to the Trustee. However, in no circumstance shall the Grantor exercise a power of withdrawal on behalf of a person under a legal disability.

Section C.    The Trustee may at any time and from time to time amend the provisions of this Article governing powers of withdrawal in any way that the Trustee determines will help achieve the Grantor's goal of obtaining the gift tax annual exclusion for transfers to the trust estate while avoiding other adverse consequences to the Grantor, the Grantor's estate, the trust estate and the beneficiaries of this trust estate; provided, however, that the Trustee may not amend the provisions of this Article to convey powers of withdrawal, alter the provisions regarding notification, or alter the terms on which any power of withdrawal lapses. Any such amendment made by the Trustee in good faith shall be conclusive on all persons interested in this trust estate and the Trustee shall not be liable for the consequences of amending or of non-amending. No such amendment shall limit any beneficiary's rights resulting from any transfer to the trust estate made prior to such amendment.

Section D.    When any powerholder is legally determined to be an adult, he or she may waive by an instrument in writing delivered to the Trustee the right to receive notification of his or her powers of withdrawal in accordance with the provisions of paragraph B of this Article but may reclaim at any time the right to again receive notification.

Section E.    It is the Grantor's intention through the provisions of this Article to qualify transfers to the Trust for the federal gift tax annual exclusion and to minimize the federal gift tax consequences to any holder of a power of withdrawal. The provisions of this Article should be construed to achieve these objectives.

3

**ARTICLE THIRD:**        **TRUST PROVISIONS DURING THE LIFE
OF LUCAS BLUMENFELD**

     Section A.     During the lifetime of **LUCAS BLUMENFELD**, the Trustee shall

hold, manage, invest and reinvest the property therein, collect and accumulate the income

therefrom, and pay and/or apply so much of the net income and principal to or on behalf of such

child (including payment to any other trust created for his/her benefit), to the extent of all thereof, at

such time or times, as the Trustee, in the Trustee's sole and absolute discretion, shall decide is

appropriate. Any net income not paid over or applied shall be accumulated and added to the

principal of the Trust at least annually and thereafter shall be held, administered and disposed of as a

part thereof.

**ARTICLE FOURTH:**       **TRUST PROVISIONS UPON DEATH
OF LUCAS BLUMENFELD**

     Section A.     Upon the death of **LUCAS BLUMENFELD**, the Trustee shall distribute

any or all property then belonging to the principal and accumulated income of the Trust to such

persons and/or corporations, in such amounts or proportions, and in such interests or estates,

whether outright or in trust (including payment to any other trust created for his/her/their benefit), as

**LUCAS BLUMENFELD** may appoint by his Last Will and Testament containing a specific

reference to this power provided among a class consisting of his issue and the issue of the Grantor.

In no event shall this power be exercisable in favor of such child, such child's estate, or such child's

creditors, but may be exercised in favor of the creditors of such child's estate. In default of such

appointment, or to the extent that such appointment shall for any reason be ineffective, such

unappointed property shall continue to be held by the Trustee, IN FURTHER TRUST, to manage,

invest and reinvest the property therein, collect and accumulate the income therefrom, and pay

and/or apply so much of the net income and principal to or on behalf of **LUCAS**

4

BLUMENFELD'S issue, or if LUCAS BLUMENFELD shall have no issue then living, to or on behalf of the Grantor's then living issue (including payment to any other trust created for his/her/their benefit) (herein collectively referred to as "Beneficiary"), to the extent of all thereof, at such time or times, as the Trustee, in the Trustee's sole and absolute discretion, shall decide is appropriate.

Section B.    Upon the expiration of TWENTY-ONE (21) years following the death of the last of the Grantor's issue living at the time of the Grantor's death (or such longer period as may be permitted by EPTL 9-1.1, as amended, or any successor to such statute, or other applicable law), the Trustee shall terminate the Trust under this Article and distribute all property then belonging to the principal and accumulated income, if any, of the Trust to the then living issue of Lucas Blumenfeld, per stirpes, or if he shall have no issue then living, to his then living brothers and sisters, per stirpes. As to any property which would otherwise be distributed to an individual for whose benefit a Trust is then in existence under this Article, such property shall not be distributed to such other individual, but shall instead be added to the principal of his or her Trust (notwithstanding that such Trust will also be for the benefit of such individual's issue) and disposed of in accordance with the terms and conditions thereof.

Section C.    If at the time of the termination of the Trust as set forth in Section B above, there shall be living no descendants of the Grantor, then the principal of the Trust and any accumulated income shall be paid ONE-HALF (1/2) to the nieces and nephews of the Grantor, per stirpes, and ONE-HALF (1/2) to the niece and nephews of the Grantor's wife, ANNA BLUMENFELD, per stirpes.

5

**ARTICLE FIFTH:**          **DISTRIBUTIONS TO MINORS**

  Section A.  Unless otherwise provided for in this Agreement, if under any

other provision of this Agreement, any property shall vest and become payable to a person under

the age of TWENTY-ONE (21) years, any Trustee shall have the right, as donee of a power

during minority, to hold, invest and administer such property during such person's minority, with

the same rights, powers, authorities, discretions and immunities, and subject to the same duties as

are conferred or imposed upon such fiduciary in this Trust.  If such property is so held, said

donee is authorized to invest, and reinvest such property for the benefit of such person under the

age of TWENTY-ONE (21) years, to receive the income therefrom and to pay or apply to or for

the benefit of such person such part or all of the net income thereof or such part or all of such

property as said donee may, from time to time, in said donee's sole discretion, determine.  Any

undistributed property shall be distributed to such person at age TWENTY-ONE (21), or, if he or

she shall die before attaining age TWENTY-ONE (21), said property shall upon his or her death,

be distributed to his or her estate.

  Section B.  In applying amounts of income or principal pursuant to any

provision of this Article said donee is authorized, in said donee's absolute discretion, to expend

such amounts for the benefit of such minor in one or more of the following methods as the said

donee may deem advisable from time to time:

    1.  By delivering such amount to the natural,  general

or testamentary guardian of such minor, or to the custodian for such minor under the Uniform

Transfers to Minors Acts, or to the committee, guardian or conservator of such minor; or

6

2.    By delivering any such amount to any individual or entity having the care, custody or control of such minor, or with whom such minor may reside; or

3.    By delivering any such amount to such minor, personally; or

4.    By making direct expenditures for the benefit of such minor.

The receipt of any such guardian, custodian, committee, conservator, individual, entity or minor, or evidence of such payment or expenditure of any such amount shall be a full and sufficient discharge to said donee for the payment or expenditure thereof, and said donee shall be exonerated from all liability and responsibility by reason of any amount so delivered, paid, or expended, irrespective of the application or use thereof which may be made by any such guardian, custodian, committee, conservator, individual, entity or minor, and said donee shall have no duty to see to the application of any such amount.

## ARTICLE SIXTH:        MISCELLANEOUS

Section A.    If a disposition of any property or interest in property which is made in this Agreement depends upon one person's surviving another person, and if both of those persons die under circumstances where there is no sufficient evidence that they have died otherwise than simultaneously, the alternate disposition of that property or interest in property made herein shall be operative.

Section B.    No person having a beneficial interest under this Agreement may voluntarily or involuntarily alienate, anticipate, assign, encumber, pledge, sell or otherwise

7

transfer all or any part of that person's interest in trust income or principal. No beneficial interest under this Agreement shall be subject to being taken or reached by any attachment, levy, writ or any other legal or equitable process to satisfy any claim against, or obligation of, the persons having that interest, and no such interest shall be subject to control or interference by any other person. No attempt to dispose of, or to take or reach, any such interest in violation of this spendthrift provision shall be valid or given any effect by any Trustee.

**ARTICLE SEVENTH:**        **TRUSTEE'S POWERS AND PROVISIONS**

<u>Section A.</u>        The Trustee is granted all of the following powers, authorities and discretions to administer each Trust herein created, in addition to those granted elsewhere herein and by applicable law, to be exercised only in a fiduciary capacity, at any time and from time to time, including during the period after the termination of such Trust and prior to the final distribution of assets, as the Trustee may determine in the Trustee's absolute discretion to be advisable, without authorization by any court; and the exercise of all such powers, authorities and discretions shall be absolute and binding upon, and conclusive against, all persons who are interested in, or who claim an interest in such Trust:

1.    To retain indefinitely, or for any lesser period, all or any part of the property of such Trust in the form in which it is received, regardless of whether such property is authorized by law for the investment of Trust funds, regardless of any law requiring diversification of Trust investments, without any liability for loss because of depreciation in value.

2.    To sell all or any part of the property of such Trust to any person, including any beneficiary of such Trust, the estate of any deceased beneficiary, or any estate or other Trust in which any beneficiary has an

8

interest, at public or private sale, for cash or upon credit for any period, regardless of any law limiting such period, with or without security, or partly for cash and partly upon credit, upon any terms and conditions; to grant options to sell any such property upon any terms, for any period, regardless of any law limiting such period, and regardless of whether any consideration is received for the granting of any such option; to make short sales of securities, whether or not owned by such Trust, and to borrow an equivalent amount of securities with which to make any short sale, consistent with prudent investment policies and taking into consideration the purposes of this Trust.

3. To lend any part of the property of such Trust, or to hypothecate such Trust property to secure a loan, to any person including any beneficiary of such Trust, the estate of any deceased beneficiary, or any estate or other Trust in which any beneficiary has an interest, upon any reasonable terms and conditions, for any period, with or without security, for any purpose which will benefit such Trust or any beneficiary of such Trust, consistent with prudent investment policies and taking into consideration the purposes of this Trust.

4. To borrow funds on behalf of such Trust from any person, including any Trustee, any beneficiary of such Trust, the estate of any deceased beneficiary, or any estate or other Trust in which any beneficiary has an interest, upon reasonable terms and conditions, for a reasonable period, for any reasonable purpose connected with the protection, preservation or improvement of any property of such Trust, for reasonable investment purposes, for the purpose of paying taxes and expenses, or for the purpose of making any distribution to a beneficiary which is authorized herein; to renew, modify or extend existing loans on similar or different terms; to mortgage or otherwise pledge property of such Trust as security for the repayment of any such borrowing.

9

5.    To reasonably determine, in any case where there is reasonable doubt or uncertainty as to the applicable law or relevant facts, which receipts of money or other property shall be credited to income or to principal, and which disbursements, commissions, expenses, costs, fees, taxes and other charges shall be charged to income or to principal; to reasonably apportion any of such receipts and disbursements between income and principal.

6.    To hold and invest separate funds held for minors in separate Trusts, or if there is more than one, in one or more consolidated accounts, and to allocate undivided or fractional interests in one or more assets to each such fund or Trust; provided that separate records are maintained of the property of each such fund or Trust, and that no such undivided holding shall be deemed to delay or postpone the vesting in possession of any such Trust fund as hereinabove provided.

7.    To remove all or any part of the property of such Trust from the jurisdiction which is the situs of such Trust, and to take and keep such property outside such jurisdiction and in any other place or places within or outside of the United States, during the term of such Trust or for any lesser period.

8.    To terminate any Trust hereunder when its fair market value has declined to an extent which would make it uneconomical, imprudent or unwise to continue to retain the principal in such Trust; if it is determined that this power should be exercised, the then remaining principal of such Trust shall be paid over and delivered to, or applied for the benefit of the beneficiaries of the Trust in such shares as the Trustee, in the Trustee's sole and absolute discretion shall determine is appropriate.

9.    To make any payment, to receive any money, to take any action, and to make, execute, deliver and receive any contract, deed, instrument, or other document which they believe advisable to exercise any of the foregoing powers or to carry into effect any provision contained herein; and in making any

10

payment or distribution, or in otherwise acting hereunder, except as is otherwise expressly provided herein, to rely upon any notice, certificate, affidavit, letter, telegram, cable or other written instrument which is believed to be genuine.

10.     In making investments or reinvestments for the Trust, consistent with prudent investment policies and taking into consideration the purposes of this Trust, the Trustee shall use the Trustee's own discretion and shall not be limited to securities of the character authorized by law for the investment of Trust funds.

11.     To vote in person or by proxy upon securities held by them and in such connection to delegate their discretionary powers.

12.     To exercise options, conversion privileges or rights to subscribe for additional securities and to make payments therefor.

13.     To invest and reinvest any of the cash, securities or other property at any time held in the said Trust or any part thereof, at any time and from time to time, in, and to acquire by exchange, property of any character including, but not limited to, bonds, notes, debentures, mortgages, certificates of deposit, capital, common and preferred stocks and participations in any common trust fund administered by the Trustee without being limited to securities authorized by law for the investment of trust funds, consistent with prudent investment policies and taking into consideration the purposes of this Trust.

14.     In any case where the Trustee is required, pursuant to the provisions of this Agreement, to apportion any portion of the principal of any Trust into parts and shares and to divide the same, the Trustee is authorized and empowered, in the Trustee's sole discretion, to make division or distribution in kind, in cash, or partly in cash and partly in kind.

11

15.    Where the word "securities" appears in this Agreement, the same shall be construed to mean, among other things, bonds, notes, debentures, mortgages, certificates of deposit, capital stock, and common and preferred stocks of any corporation, and any common trust fund maintained by any corporate trustee.

16.    Whenever in this Agreement the Trustee is authorized to invade and pay or apply any principal for any beneficiary, the Trustee, in determining the amount to be so invaded and paid over, may, but need not, in the Trustee's sole and absolute discretion, disregard and choose not to take into consideration any other resources or income or property of the beneficiary, regardless of the nature or amount thereof.

17.    To improve any real property and pay the cost out of principal.

18.    To charge to principal such sums as the Trustee shall determine to be the net loss incurred in operating or carrying any parcel of real property which in the Trustee's opinion is not producing net income.

19.    With respect to any real property, to sell, exchange, lease, mortgage, alter, improve or otherwise dispose of the same upon such terms as the Trustee shall deem proper, and to execute and deliver deeds, leases, mortgages and other instruments relating thereto. Any lease may be made for such periods (even though the same exceeds the maximum terms specifically authorized by law) as the Trustee shall deem proper, and shall contain such covenants, including covenants of renewal, as the Trustee determines may be desirable to effect any such leasing.

20.    To combine the Trust with any other Trust, whether created by the Grantor or another person, if the terms of the Trusts are substantially the same and the beneficiaries and Trustee are the same.

12

22.     The Trustee (other than any beneficiary of such Trust) may in the Trustee's sole discretion with respect to all or any part of the principal of any trust created hereunder for the benefit of any beneficiary (including a pecuniary amount), by an instrument filed with the Trust records, (a) create in a beneficiary a general power of appointment within the meaning of IRC Section 2041 (including a power the exercise of which requires the consent of the Trustee) to dispose of the property upon the death of the beneficiary, (b) eliminate such power for all or any part of the principal as to which it was created, (c) irrevocably release the right to create or eliminate such power and (d) divide the trust principal into two or more fractional shares based upon the portion that would be includable in the gross estate of the beneficiary holding such power if the beneficiary died immediately before such division (in which case the power shall be over the entire principal of one share and over no part of the other share) and each such share shall be administered as a separate trust unless the Trustee in the Trustee's sole discretion combine such separate trusts into a single trust, which the Trustee is authorized to do. The Grantor desires (but does not direct) that a general power be kept in effect when the Trustee believes the inclusion of the affected property in the beneficiary's gross estate may achieve a significant savings in transfer taxes by having an estate tax rather than a Chapter 13 tax imposed.

23.     In the event that there shall be more than ONE (1) Trustee acting hereunder, ONE (1) Trustee shall be authorized to exercise any powers granted hereunder or by applicable law, provided that all other Trustee(s) then acting hereunder shall consent in writing. Notwithstanding the preceding sentence, any application for a life insurance policy shall only require ONE (1) Trustee's signature. Any third party may rely upon the continued effectiveness of any such authorization until such third party shall have actual notice of the revocation thereof.

13

Section B.    No person, insurer or other entity which shall deal with the Trustee shall be bound to see to the application of any money or other property received by the Trustee or to inquire into the authority for, or propriety of, any action taken or not taken by the Trustee. The Trustee shall not be liable for any act or omission in administering any Trust herein created, except that the Trustee shall be liable for actual fraud, gross negligence or willful misconduct. If the Trustee becomes liable as Trustee to any person not beneficially interested in any Trust herein created in connection with matters not within the Trustee's control and not due to the Trustee's actual fraud, gross negligence or willful misconduct, the Trustee shall be entitled to indemnification therefor out of the property of such Trust.

## ARTICLE EIGHTH:        ACCOUNTINGS

The Trustee is relieved of any requirement to file accounts in any Court exercising jurisdiction, but this shall not affect the rights of any beneficiary to require an accounting. In the event that the Trustee should, at any time or from time to time, render an account of his acts and transactions hereunder, the approval in writing of such account by the Grantor shall finally settle such account on behalf of all persons (whether or not then living or ascertainable) who shall then or thereafter be interested in either the income or principal of the trust for which the account shall be rendered and shall fully release and discharge the Trustee from all liability, responsibility or accountability as to all matters therein set forth. Such account, if approved by an adult beneficiary or by the parent, committee or guardian, or like representative of a minor beneficiary or beneficiary under another legal disability, shall finally settle such account as to such beneficiary and all persons (whether or not then living or ascertainable) who shall derive their interest in either the income or principal of that trust through such beneficiary.

14

**Section E.**     In no event may the Grantor be nominated or appointed successor Trustee.

## ARTICLE ELEVENTH:   APPLICABLE LAW

The Grantor declares that this Agreement and each trust created hereunder shall be construed under and regulated by the laws of the State of New York and that the validity and effect of this Agreement shall be determined in accordance with the laws of that State and that the Trustee shall not be required to account in any Court other than one of the Courts of that State.

## ARTICLE TWELFTH:   CONSENT OF TRUSTEE

The Trustee hereby agrees and consents to act as Trustee hereunder.

This Trust may be signed and acknowledged in counterparts, each of which when so executed shall be deemed an original.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the day and year first above written.

**DAVID BLUMENFELD**, Grantor

**BRAD BLUMENFELD**, Trustee

16

# MEMORANDUM

TO:        **Lucas Blumenfeld Trust**

FROM:    Harvey Cohen

RE:        Bull Market Fund

DATE:    **December 31, 2008**

---

Please find below your balance in the Bull Market Fund as of December 10, 2008.  This includes your November 30, 2008 balance plus any additions, if applicable, made subsequent to November 30, 2008 and sent to Bernard L. Madoff Investment Securities, LLC.

Account Balance as of December 10, 2008:  $53,928

Please call me if I can be of further service.

## DECLARATION OF SERVICE

State of New York, County of New York )ss:

Ramsey Hinkle an attorney admitted to practice in the courts of New York, hereby declares:

I am not a party to this action, am over 18 years of age and am an associate at the law office of Clayman & Rosenberg, LLP 305 Madison Avenue, New York, New York 10165.

On January 6, 2010, I served a true copy of the annexed OBJECTIONS TO TRUSTEES DETERMINATIONS by depositing the same with an overnight delivery service in a wrapper properly addressed, the address having been designated by the addressee for that purpose. Said delivery was made prior to the latest time designated by the overnight delivery service for overnight delivery. The address and delivery service are indicated below:

> VIA FEDERAL EXPRESS
> Irving H. Picard, Trustee
> c/o Baker and Hostetler LLP
> 45 Rockefeller Plaza – 11th Floor
> New York, New York 10111

I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct.

Executed on:    January 6, 2010
                New York, New York

_____
Ramsey Hinkle