CLAYMAN & ROSENBERG
Seth L. Rosenberg    (SR4563)
Paul S. Hugel    (PH4749)
305 Madison Avenue
New York, NY 10165
Telephone:    (212) 922-1080
Telefax:    (212) 949-8255

*Attorneys for Anthony Galu*
(BLMIS Account No. 1-B0081 designated Claim Number 005198)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

SECURITIES INVESTOR PROTECTION    :
CORPORATION,

                                              :    Adv. Pro. No. 08-01789(BRL)

                Plaintiff,

  -against-

                                              :    SIPA Liquidation

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,    :

                Defendant    :

-----------------------------------------------------------X

### OBJECTION TO TRUSTEE'S DETERMIMNATION OF CLAIM

Anthony Galu ("Objector"), by counsel, CLAYMAN & ROSENBERG, hereby objects to the Notice of Trustee's Determination of Claim dated December 8, 2009 (the "Determination Letter"), appended hereto as Exhibit A, as set forth herein.

## BACKGROUND

1. Objector is a "Customer" as that term is defined by the Securities Investor Protection Act ("SIPA") of Bernard L. Madoff Investment Securities LLC ("BLMIS").

2. Objector was and is a member of Bull Market Fund, a general partnership organized in the State of New York in 1986.

3. The Bull Market Fund partnership was organized with the knowledge and encouragement of BMLIS for the purpose of consolidating the bookkeeping for the investment of certain small investors with BLMIS.

4. Bull Market Fund received a final statement from BLMIS which indicated that Bull Market Fund owned securities valued at $36,833,462.86.

5. On or about October 1, 2008, Objector received a statement from Bull Market Fund which indicated that Objector's funds invested by Bull Market Fund in BLMIS were valued at $764,226.

6. On December 11, 2008, the above-captioned liquidation proceeding was commenced against BLMIS, pursuant to the Securities Investor Protection Act of 1970 ("SIPA"). Irving Picard was appointed Trustee ("BLMIS Trustee") with oversight of the liquidation of BLMIS and responsibility for processing customer claims for money pursuant to SIPA.

7. By Order dated December 23, 2008, the Court directed the Trustee to disseminate notice and claim forms to BLMIS customers and set forth claim-filing deadlines. The Order further authorized the Trustee, *inter alia*, "to satisfy, within the limits provided by SIPA, those portions of any and all customer claims and accounts which agree with the Debtor's books and records," and provided that, where the BLMIS Trustee disagrees with the amount claimed in a

2

customer's claim form, the BLMIS Trustee, "shall notify such claimant by mail of his determination that the claim is disallowed, in whole or in part, and the reason therefor…"

8. On or about February 27, 2009, Objector timely submitted a customer claim form to SIPC setting forth his claim in the amount of $764,226.00 ("Objector's claim"). Objector's claim cross-referenced the BLMIS account of Bull Market Fund. A copy of Objector's claim form is appended hereto as Exhibit B.

9. On December 8, 2009, the BLMIS Trustee sent Objector a Determination Letter denying Objector's claim, "in its entirety." Exhibit A. The Determination Letter stated, in part, "Based upon a review of available books and records of BLMIS by the Trustee's staff, you did not have an account with BLMIS. Because you did not have an account, you are not a customer of BLMIS under SIPA as that term is defined at 15 U.S.C. Section 78111 (2). Accordingly, your Claim for securities and/or a credit balance is **DENIED**."

10. Objector objects to the BLMIS Trustee's disallowance of his claim for the reasons set forth hereinbelow.

## GROUNDS FOR OBJECTION

11. First: The Trustee's definition and application of the term, "account" as set forth in the Determination Letter is incorrect.

12. Second: The Trustee's definition and application of the term, "customer" as set forth in the Determination Letter is incorrect.

13. Objector reserves the right to revise or amend this Objection. Objector's failure to assert an objection on a particular ground or grounds shall not be construed as a waiver of its right to object or join in the objection of other claimants on any additional grounds.

14. Objector reserves all rights set forth in Rule 9014.

15. Objector incorporates herein by reference all claims and reservations of rights set forth in Objector's claim form. Exhibit B.

## RELIEF SOUGHT

16. Objector's claim should be allowed in its entirety.

17. The Court should direct SIPC to pay Objector the full amount of Objector's claim together with interest thereon commencing not later than the date of the Determination Letter.

18. Such other and further relief as the Court may deem just and equitable.

Dated: New York, New York
January 6, 2010

CLAYMAN & ROSENBERG
By:   Seth L. Rosenberg  (SR4563)
      Paul S. Hugel       (PH4749)
305 Madison Avenue
New York, NY 10165
Telephone:  (212) 922-1080
Telefax:    (212) 949-8255
rosenberg@clayro.com
hugel@clayro.com

4

# EXHIBIT A

## DETERMINATION LETTER

**BERNARD L. MADOFF INVESTMENT SECURITIES LLC**

In Liquidation
**DECEMBER 11, 2008[1]**

**NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM**

December 8, 2009

ANTHONY GALU
319 KEY PLACE
JERICHO, NY 11753

Dear ANTHONY GALU:

**PLEASE READ THIS NOTICE CAREFULLY.**

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim designated as Claim No. 005198:

Based on a review of available books and records of BLMIS by the Trustee's staff, you did not have an account with BLMIS. Because you did not have an account, you are not a customer of BLMIS under SIPA as that term is defined at 15 U.S.C. § 78lll (2). Accordingly, your Claim for securities and/or a credit balance is **DENIED**.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after December 8, 2009, the date on which the Trustee mailed this notice.

---

[1] Section 78lll(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78lll(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

> Clerk of the United States Bankruptcy Court for
> the Southern District of New York
> One Bowling Green
> New York, New York 10004

> and

> Irving H. Picard, Trustee
> c/o Baker & Hostetler LLP
> Attn: Claims Department
> 45 Rockefeller Plaza
> New York, New York 10111

*/s/ Irving Picard*

**Irving H. Picard**

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

# EXHIBIT B

## CUSTOMER CLAIM FORM

# Memorandum

To: Irving H Picard, Esq

From: Anthony Galu

    319 Key Place

    Jericho, NY 11753

    516-681-3579 (H)

    516-624-1979

    agalu@bdg.net

    sgalu@verizon.net

cc:

Date: 2-27-09

Re: Bernard L Madoff Investment Securities LLC

---

I have been a partner in a fund called the Bull Market Fund since approximately 1991. Attached are the follow:

1. Customer Claim Form

2. Bull Market Fund Statement thru the 3rd quarter of 2008

3. Bull Market Fund K-1 2007

*[signed] Anthony Galu  3-2-09*

## CUSTOMER CLAIM

Claim Number_____

Date Received_____

### BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

### DECEMBER 11, 2008

(Please print or type)

Name of Customer: Anthony Galu
Mailing Address: 319 Key Place
City: Jericho     State: N.Y     Zip: 11753
Account No.: Bull Market Fund
Taxpayer I.D. Number (Social Security No.): ██████ 2452

NOTE: BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY THE ACCOMPANYING INSTRUCTION SHEET. A SEPARATE CLAIM FORM SHOULD BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL PROTECTION AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE RECEIVED BY THE TRUSTEE ON OR BEFORE March 4, 2009. CLAIMS RECEIVED AFTER THAT DATE, BUT ON OR BEFORE July 2, 2009, WILL BE SUBJECT TO DELAYED PROCESSING AND TO BEING SATISFIED ON TERMS LESS FAVORABLE TO THE CLAIMANT. PLEASE SEND YOUR CLAIM FORM BY CERTIFIED MAIL - RETURN RECEIPT REQUESTED.

*********************************************************************

1. Claim for money balances as of **December 11, 2008**:

   a. The Broker owes me a Credit (Cr.) Balance of     $ 764,226.00

   b. I owe the Broker a Debit (Dr.) Balance of     $ 0

   c. If you wish to repay the Debit Balance, please insert the amount you wish to repay and attach a check payable to "Irving H. Picard, Esq., Trustee for Bernard L. Madoff Investment Securities LLC." If you wish to make a payment, **it must be enclosed** with this claim form.     $ —

   d. If balance is zero, insert "None."     764,226.00

502180406

1

2.     Claim for securities as of **December 11, 2008**:

**PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.**

|     |                                  | YES | NO |
|-----|----------------------------------|-----|----|
| a.  | The Broker owes me securities    |     |    |
| b.  | I owe the Broker securities      |     |    |
| c.  | If yes to either, please list below: |     |    |

| Date of Transaction (trade date) | Name of Security | Number of Shares or Face Amount of Bonds | |
|---|---|---|---|
| | | The Broker Owes Me (Long) | I Owe the Broker (Short) |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

**Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclose, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation. You should also provide all documentation or information regarding any withdrawals you have ever made or payments received from the Debtor.**

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement. If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.
**PLEASE CHECK THE APPROPRIATE ANSWER FOR ITEMS 3 THROUGH 9.**

502180406                                2

NOTE: IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION ON A SIGNED ATTACHMENT. IF SUFFICIENT DETAILS ARE NOT PROVIDED, THIS CLAIM FORM WILL BE RETURNED FOR YOUR COMPLETION.

|   |   | YES | NO |
|---|---|---|---|
| 3. | Has there been any change in your account since December 11, 2008? If so, please explain. |  | ✓ |
| 4. | Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of the broker? |  | ✓ |
| 5. | Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or policies of the broker? |  | ✓ |
| 6. | Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in any way with the broker? If so, give name(s) |  | ✓ |
| 7. | Is this claim being filed by or on behalf of a broker or dealer or a bank? If so, provide documentation with respect to each public customer on whose behalf you are claiming. |  | ✓ |
| 8. | Have you ever given any discretionary authority to any person to execute securities transactions with or through the broker on your behalf? Give names, addresses and phone numbers. |  | ✓ |
| 9. | Have you or any member of your family ever filed a claim under the Securities Investor Protection Act of 1970? If so, give name of that broker. |  | ✓ |

Please list the full name and address of anyone assisting you in the preparation of this claim form: _____

_____

502180406                                      3

# MEMORANDUM

To:     Anthony Galu

From:   Harvey Cohen

Re:     Bull Market Fund

Date:   October 2008

Below is a year to date summary of your account through the end of the 3rd Quarter 2008.

Please call me if I can be of further service.

| Opening Balance | Additions | Withdrawals* | Fees | Capital Gains | Interest | Dividends | Closing Balance |
|---|---|---|---|---|---|---|---|
| 713,001 | | (1,783) | (1,225) | 44,535 | 5,259 | 4,437 | 764,226 |

*Please note that the administrative fee for 2007 was paid in 2008 and is included in the Withdrawal column on this schedule. The 2008 admin fees appear in the Fee column.

651107

# Schedule K-1 (Form 1065) 2007

Department of the Treasury
Internal Revenue Service

For calendar year 2007, or tax year beginning _____ ending _____

**Partner's Share of Income, Deductions, Credits, etc.**

▶ See separate instructions.

☐ Final K-1  ☐ Amended K-1   OMB No. 1545-0099

## Part III  Partner's Share of Current Year Income, Deductions, Credits, and Other Items

| # | Item | Amount | # | Item | Amount |
|---|------|--------|---|------|--------|
| 1 | Ordinary business income (loss) | 0. | 15 | Credits | |
| 2 | Net rental real estate income (loss) | | 16 | Foreign transactions | |
| 3 | Other net rental income (loss) | | | | |
| 4 | Guaranteed payments | | | | |
| 5 | Interest income | 9,570. | | | |
| 6a | Ordinary dividends | 5,754. | 17 | Alternative min tax (AMT) items | |
| 6b | Qualified dividends | | | | |
| 7 | Royalties | | 18 | Tax-exempt income and nondeductible expenses | |
| 8 | Net short-term capital gain (loss) | 52,594. | | | |
| 9a | Net long-term capital gain (loss) | | | | |
| 9b | Collectibles (28%) gain (loss) | | 19 | Distributions | |
| 9c | Unrecaptured sec 1250 gain | | | | |
| 10 | Net section 1231 gain (loss) | | 20 | Other information   A   15,324.   W*   9,570. |
| 11 | Other income (loss) C | 2,030. | | | |
| 12 | Section 179 deduction | | | | |
| 13 | Other deductions | | | | |
| 14 | Self-employment earnings (loss) | | | | |

## Part I  Information About the Partnership

A Partnership's employer identification number
11-2796934

B Partnership's name, address, city, state, and ZIP code
BULL MARKET FUND
300 ROBBINS LANE
SYOSSET, NY 11791

C IRS Center where partnership filed return
OGDEN, UT

D ☐ Check if this is a publicly traded partnership (PTP)

## Part II  Information About the Partner

E Partner's identifying number
▮▮▮2452

F Partner's name, address, city, state, and ZIP code
ANTHONY GALU
319 KEY PLACE
JERICHO, NY 11753

G ☒ General partner or LLC member-manager   ☐ Limited partner or other LLC member
H ☒ Domestic partner   ☐ Foreign partner
I What type of entity is this partner? INDIVIDUAL

J Partner's share of profit, loss, and capital:

|  | Beginning | Ending |
|---|---|---|
| Profit | VARIOUS% | VARIOUS% |
| Loss | VARIOUS% | VARIOUS% |
| Capital | VARIOUS% | VARIOUS% |

K Partner's share of liabilities at year end:
Nonrecourse ........................... $ _____
Qualified nonrecourse financing ....... $ _____
Recourse .............................. $ 0.

L Partner's capital account analysis:
Beginning capital account ............. $ 643,051.
Capital contributed during the year ... $ _____
Current year increase (decrease) ...... $ 69,948.
Withdrawals & distributions ........... $( _____ )
Ending capital account ................ $ 712,999.

☒ Tax basis   ☐ GAAP   ☐ Section 704(b) book
☐ Other (explain)

*See attached statement for additional information.

For IRS Use Only

JWA  For Paperwork Reduction Act Notice, see Instructions for Form 1065.     Schedule K-1 (Form 1065) 2007

711261
12-31-07

12

| SCHEDULE K-1 | OTHER INFORMATION, BOX 20, CODE W | |
|---|---|---|
| DESCRIPTION | PARTNER FILING INSTRUCTIONS | AMOUNT |
| U.S. INTEREST (PART OF LINE 5) | SEE STATE INSTRUCTIONS | 9,570. |

| SCHEDULE K-1 | CURRENT YEAR INCREASES (DECREASES) | |
|---|---|---|
| DESCRIPTION | AMOUNT | TOTALS |
| INTEREST INCOME | 9,570. | |
| DIVIDEND INCOME | 5,754. | |
| SHORT-TERM CAPITAL GAIN (LOSS) | 52,594. | |
| OTHER INCOME (LOSS) | 2,030. | |
| SCHEDULE K-1 INCOME SUBTOTAL | | 69,948. |
| TOTAL TO SCHEDULE K-1, ITEM L | | 69,948. |

PARTNER NUMBER 12

Schedule K-1 (Form 1065) 2007                                                                                                                    Page **2**

This list identifies the codes used on Schedule K-1 for all partners and provides summarized reporting information for partners who file Form 1040. For detailed reporting and filing information, see the separate Partner's Instructions for Schedule K-1 and the instructions for your income tax return.

| | | Report on |
|---|---|---|
| 1. | Ordinary business income (loss). You must first determine whether the income (loss) is passive or nonpassive. Then enter on your return as follows: | |
| | Passive loss | See the Partner's Instructions |
| | Passive income | Schedule E, line 28, column (g) |
| | Nonpassive loss | Schedule E, line 28, column (h) |
| | Nonpassive income | Schedule E, line 28, column (j) |
| 2. | Net rental real estate income (loss) | See the Partner's Instructions |
| 3. | Other net rental income (loss) | |
| | Net income | Schedule E, line 28, column (g) |
| | Net loss | See the Partner's Instructions; Schedule E, line 28, column (h) |
| 4. | Guaranteed payments | Schedule E, line 28, column (j) |
| 5. | Interest income | Form 1040, line 8a |
| 6a. | Ordinary dividends | Form 1040, line 9a |
| 6b. | Qualified dividends | Form 1040, line 9b |
| 7. | Royalties | Schedule E, line 4 |
| 8. | Net short-term capital gain (loss) | Schedule D, line 5, column (f) |
| 9a. | Net long-term capital gain (loss) | Schedule D, line 12, column (f) |
| 9b. | Collectibles (28%) gain (loss) | 28% Rate Gain Worksheet, line 4 (Schedule D Instructions) |
| 9c. | Unrecaptured section 1250 gain | See the Partner's Instructions |
| 10. | Net section 1231 gain (loss) | See the Partner's Instructions |
| 11. | Other income (loss) | |
| | Code | |
| | A  Other portfolio income (loss) | See the Partner's Instructions |
| | B  Involuntary conversions | See the Partner's Instructions |
| | C  Sec. 1256 contracts & straddles | Form 6781, line 1 |
| | D  Mining exploration costs recapture | See Pub. 535 |
| | E  Cancellation of debt | Form 1040, line 21 or Form 982 |
| | F  Other income (loss) | See the Partner's Instructions |
| 12. | Section 179 deduction | See the Partner's Instructions |
| 13. | Other deductions | |
| | A  Cash contributions (50%) | |
| | B  Cash contributions (30%) | |
| | C  Noncash contributions (50%) | |
| | D  Noncash contributions (30%) | See the Partner's Instructions |
| | E  Capital gain property to a 50% organization (30%) | |
| | F  Capital gain property (20%) | |
| | G  Investment interest expense | Form 4952, line 1 |
| | H  Deductions - royalty income | Schedule E, line 18 |
| | I  Section 59(e)(2) expenditures | See the Partner's Instructions |
| | J  Deductions - portfolio (2% floor) | Schedule A, line 23 |
| | K  Deductions - portfolio (other) | Schedule A, line 28 |
| | L  Amounts paid for medical insurance | Schedule A, line 1 or Form 1040, line 29 |
| | M  Educational assistance benefits | See the Partner's Instructions |
| | N  Dependent care benefits | Form 2441, line 14 |
| | O  Preproductive period expenses | See the Partner's Instructions |
| | P  Commercial revitalization deduction from rental real estate activities | See Form 8582 Instructions |
| | Q  Pensions and IRAs | See the Partner's Instructions |
| | R  Reforestation expense deduction | See the Partner's Instructions |
| | S  Domestic production activities information | See Form 8903 Instructions |
| | T  Qualified production activities income | Form 8903, line 7 |
| | U  Employer's Form W-2 wages | Form 8903, line 15 |
| | V  Other deductions | See the Partner's Instructions |
| 14. | Self-employment earnings (loss) | |
| | Note: If you have a section 179 deduction or any partner-level deductions, see the Partner's Instructions before completing Schedule SE. | |
| | A  Net earnings (loss) from self-employment | Schedule SE, Section A or B |
| | B  Gross farming or fishing income | See the Partner's Instructions |
| | C  Gross non-farm income | See the Partner's Instructions |
| 15. | Credits | |
| | A  Low-income housing credit (section 42(j)(5)) | |
| | B  Low-income housing credit (other) | |
| | C  Qualified rehabilitation expenditures (rental real estate) | See the Partner's Instructions |
| | D  Other rental real estate credits | |
| | E  Other rental credits | |
| | F  Undistributed capital gains credit | Form 1040, line 70; check box a |
| | G  Credit for alcohol used as fuel | |
| | H  Work opportunity credit | |
| | I  Welfare-to-work credit | See the Partner's Instructions |
| | J  Disabled access credit | |

| | | Report on |
|---|---|---|
| | Code | |
| | K  Empowerment zone and renewal community employment credit | Form 8844, line 3 |
| | L  Credit for increasing research activities | |
| | M  New markets credit | See the Partner's Instructions |
| | N  Credit for employer social security and Medicare taxes | |
| | O  Backup withholding | Form 1040, line 64 |
| | P  Other credits | See the Partner's Instructions |
| 16. | Foreign transactions | |
| | A  Name of country or U.S. possession | |
| | B  Gross income from all sources | Form 1116, Part I |
| | C  Gross income sourced at partner level | |
| | Foreign gross income sourced at partnership level | |
| | D  Passive category | |
| | E  General category | Form 1116, Part I |
| | F  Other | |
| | Deductions allocated and apportioned to partner level | |
| | G  Interest expense | Form 1116, Part I |
| | H  Other | Form 1116, Part I |
| | Deductions allocated and apportioned at partnership level to foreign source income | |
| | I  Passive category | |
| | J  General category | Form 1116, Part I |
| | K  Other | |
| | Other information | |
| | L  Total foreign taxes paid | Form 1116, Part II |
| | M  Total foreign taxes accrued | Form 1116, Part II |
| | N  Reduction in taxes available for credit | Form 1116, line 12 |
| | O  Foreign trading gross receipts | Form 8873 |
| | P  Extraterritorial income exclusion | Form 8873 |
| | Q  Other foreign transactions | See the Partner's Instructions |
| 17. | Alternative minimum tax (AMT) items | |
| | A  Post-1986 depreciation adjustment | |
| | B  Adjusted gain or loss | See the Partner's Instructions and the Instructions for Form 6251 |
| | C  Depletion (other than oil & gas) | |
| | D  Oil, gas, & geothermal - gross income | |
| | E  Oil, gas, & geothermal - deductions | |
| | F  Other AMT items | |
| 18. | Tax-exempt income and nondeductible expenses | |
| | A  Tax-exempt interest income | Form 1040, line 8b |
| | B  Other tax-exempt income | See the Partner's Instructions |
| | C  Nondeductible expenses | See the Partner's Instructions |
| 19. | Distributions | |
| | A  Cash and marketable securities | See the Partner's Instructions |
| | B  Other property | See the Partner's Instructions |
| 20. | Other Information | |
| | A  Investment income | Form 4952, line 4a |
| | B  Investment expenses | Form 4952, line 5 |
| | C  Fuel tax credit information | Form 4136 |
| | D  Qualified rehabilitation expenditures (other than rental real estate) | See the Partner's Instructions |
| | E  Basis of energy property | See the Partner's Instructions |
| | F  Recapture of low-income housing credit (section 42(j)(5)) | Form 8611, line 8 |
| | G  Recapture of low-income housing credit (other) | Form 8611, line 8 |
| | H  Recapture of investment credit | Form 4255 |
| | I  Recapture of other credits | See the Partner's Instructions |
| | J  Look-back interest - completed long-term contracts | Form 8697 |
| | K  Look-back interest - income forecast method | Form 8866 |
| | L  Dispositions of property with section 179 deductions | |
| | M  Recapture of section 179 deduction | |
| | N  Interest expense for corporate partners | |
| | O  Section 453(l)(3) information | |
| | P  Section 453A(c) information | |
| | Q  Section 1260(b) information | See the Partner's Instructions |
| | R  Interest allocable to production expenditures | |
| | S  CCF nonqualified withdrawals | |
| | T  Information needed to figure depletion - oil and gas | |
| | U  Amortization of reforestation costs | |
| | V  Unrelated business taxable income | |
| | W  Other information | |

711262
12-31-07  JWA

12

## DECLARATION OF SERVICE

State of New York, County of New York )ss:

    Ramsey Hinkle an attorney admitted to practice in the courts of New York, hereby declares:

    I am not a party to this action, am over 18 years of age and am an associate at the law office of Clayman & Rosenberg, LLP 305 Madison Avenue, New York, New York 10165.

    On January 6, 2010, I served a true copy of the annexed OBJECTIONS TO TRUSTEES DETERMINATIONS by depositing the same with an overnight delivery service in a wrapper properly addressed, the address having been designated by the addressee for that purpose. Said delivery was made prior to the latest time designated by the overnight delivery service for overnight delivery. The address and delivery service are indicated below:

<u>VIA FEDERAL EXPRESS</u>
Irving H. Picard, Trustee
c/o Baker and Hostetler LLP
45 Rockefeller Plaza – 11th Floor
New York, New York 10111

    I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct.

Executed on: January 6, 2010
                New York, New York

                                                Ramsey Hinkle