CLAYMAN & ROSENBERG
Seth L. Rosenberg (SR4563)
Paul S. Hugel (PH4749)
305 Madison Avenue
New York, NY 10165
Telephone: (212) 922-1080
Telefax: (212) 949-8255

*Attorneys for 125 Bethpage Associates, L.P.*
(BLMIS Account No. 1-B0081 designated Claim Number 011213)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------X

SECURITIES INVESTOR PROTECTION CORPORATION, :

Plaintiff, :

-against- :

BERNARD L. MADOFF INVESTMENT SECURITIES LLC, :

Defendant :

---------------------------------------------------X

Adv. Pro. No. 08-01789(BRL)

SIPA Liquidation

**OBJECTION TO TRUSTEE'S DETERMIMNATION OF CLAIM**

125 Bethpage Associates, L.P. ("Objector"), by counsel, CLAYMAN & ROSENBERG, hereby objects to the Notice of Trustee's Determination of Claim dated December 8, 2009 (the "Determination Letter"), appended hereto as Exhibit A, as set forth herein.

**BACKGROUND**

1. Objector is a "Customer" as that term is defined by the Securities Investor Protection Act ("SIPA") of Bernard L. Madoff Investment Securities LLC ("BLMIS").

2. Objector was and is a member of Bull Market Fund, a general partnership organized in the State of New York in 1986.

3. The Bull Market Fund partnership was organized with the knowledge and encouragement of BMLIS for the purpose of consolidating the bookkeeping for the investment of certain small investors with BLMIS.

4. Bull Market Fund received a final statement from BLMIS which indicated that Bull Market Fund owned securities valued at $36,833,462.86.

5. On or about December 31, 2008, Objector received a statement from Bull Market Fund which indicated that Objector's funds invested by Bull Market Fund in BLMIS were valued at $223,103.

6. On December 11, 2008, the above-captioned liquidation proceeding was commenced against BLMIS, pursuant to the Securities Investor Protection Act of 1970 ("SIPA"). Irving Picard was appointed Trustee ("BLMIS Trustee") with oversight of the liquidation of BLMIS and responsibility for processing customer claims for money pursuant to SIPA.

7. By Order dated December 23, 2008, the Court directed the Trustee to disseminate notice and claim forms to BLMIS customers and set forth claim-filing deadlines. The Order further authorized the Trustee, *inter alia*, "to satisfy, within the limits provided by SIPA, those portions of any and all customer claims and accounts which agree with the Debtor's books and records," and provided that, where the BLMIS Trustee disagrees with the amount claimed in a

customer's claim form, the BLMIS Trustee, "shall notify such claimant by mail of his determination that the claim is disallowed, in whole or in part, and the reason therefor..."

8. On or about June 24, 2009, Objector timely submitted a customer claim form to SIPC setting forth his claim in the amount of $223,103 ("Objector's claim"). Objector's claim cross-referenced the BLMIS account of Bull Market Fund. A copy of Objector's claim form is appended hereto as Exhibit B.

9. On December 8, 2009, the BLMIS Trustee sent Objector a Determination Letter denying Objector's claim, "in its entirety." Exhibit A. The Determination Letter stated, in part, "Based upon a review of available books and records of BLMIS by the Trustee's staff, you did not have an account with BLMIS. Because you did not have an account, you are not a customer of BLMIS under SIPA as that term is defined at 15 U.S.C. Section 78111 (2). Accordingly, your Claim for securities and/or a credit balance is **DENIED**."

10. Objector objects to the BLMIS Trustee's disallowance of his claim for the reasons set forth hereinbelow.

**GROUNDS FOR OBJECTION**

11. First: The Trustee's definition and application of the term, "account" as set forth in the Determination Letter is incorrect.

12. Second: The Trustee's definition and application of the term, "customer" as set forth in the Determination Letter is incorrect.

13. Objector reserves the right to revise or amend this Objection. Objector's failure to assert an objection on a particular ground or grounds shall not be construed as a waiver of its right to object or join in the objection of other claimants on any additional grounds.

14. Objector reserves all rights set forth in Rule 9014.

15. Objector incorporates herein by reference all claims and reservations of rights set forth in Objector's claim form. Exhibit B.

**RELIEF SOUGHT**

16. Objector's claim should be allowed in its entirety.

17. The Court should direct SIPC to pay Objector the full amount of Objector's claim together with interest thereon commencing not later than the date of the Determination Letter.

18. Such other and further relief as the Court may deem just and equitable.

Dated: New York, New York
January 6, 2010

CLAYMAN & ROSENBERG
By: Seth L. Rosenberg (SR4563)
Paul S. Hugel (PH4749)
305 Madison Avenue
New York, NY 10165
Telephone: (212) 922-1080
Telefax: (212) 949-8255
rosenberg@clayro.com
hugel@clayro.com

EXHIBIT A

DETERMINATION LETTER

**BERNARD L. MADOFF INVESTMENT SECURITIES LLC**

In Liquidation

**DECEMBER 11, 2008**[1]

**NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM**

December 8, 2009

125 BETHPAGE ASSOCIATES, L.P.
6800 JERICHO TURNPIKE
SYOSSET, NY 11791

Dear 125 BETHPAGE ASSOCIATES, L.P.:

**PLEASE READ THIS NOTICE CAREFULLY.**

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim designated as Claim No. 011213:

Based on a review of available books and records of BLMIS by the Trustee's staff, you did not have an account with BLMIS. Because you did not have an account, you are not a customer of BLMIS under SIPA as that term is defined at 15 U.S.C. § 78*lll* (2). Accordingly, your Claim for securities and/or a credit balance is **DENIED**.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after December 8, 2009, the date on which the Trustee mailed this notice.

-----------------------------

[1] Section 78*lll*(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78*lll*(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York 10004

and

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
Attn: Claims Department
45 Rockefeller Plaza
New York, New York 10111

**Irving H. Picard**

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

cc: DAVID KAPLAN
300 ROBBINS LANE
SYOSSET, NY 11791

EXHIBIT B

CUSTOMER CLAIM FORM

**125 BETHPAGE ASSOCIATES, L.P.**
**300 ROBBINS LANE**
**SYOSSET, NY 11791**

June 24, 2009

*Via UPS Overnight Priority*

Irving H. Picard, Esq.
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Avenue, Suite 800
Dallas, Texas 75201

Re: Account Number: 1-B0081
125 Bethpage Associates, L.P. through Bull Market Fund
300 Robbins Lane
Syosset, New York 11791

Dear Mr. Picard:

125 Bethpage Associates, L.P. is a partner in Bull Market Fund, which had an account with Bernard L. Madoff Investment Securities ("BLMIS"), Account No. 1-B0081.

It is our understanding that Bull Market Fund has submitted its own SIPC Customer Claim Form to your office.

We wish to submit our own personal SIPC Customer Claim Form at this time. We are attaching the following:

1. Our SIPC Customer Claim Form;
2. Bull Market Fund's November 30, 2008 BLMIS statement;
3. Our 2007 Schedule K-1;
4. Our personal account balance as of December 11, 2008; and
5. Amended Agreement and Certificate of Limited Partnership of 125 Bethpage Associates.

We reserve the right to amend or modify this claim if and to the extent warranted by facts and circumstances not presently known to us, or as a result of a subsequent determination by a court of competent jurisdiction with respect to any issue pertaining to our claim.

This letter is hereby incorporated by reference in and made a part of our SIPC Customer Claim Form.

Very truly yours,

125 Bethpage Associates, L.P.

By: [signature]
Name: Edward Blumenfeld
Title: General Partner

G:\Legal\MADOFF\Correspondence\Picard\Entity Investors\IHPicard Ltr – 125 Bethpage Associates, L.P. 6-09.doc



Close Window

# Tracking Detail

**Your package has been delivered.**

| | |
|---|---|
| Tracking Number: | 1Z 12X 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 124 6 |
| Type: | Package |
| Status: | **Delivered** |
| Delivered On: | 06/25/2009 1:10 P.M. |
| Signed By: | THOMASSON |
| Location: | OFFICE |
| Delivered To: | 2100 MCKINNEY AVE<br>800<br>DALLAS, TX, US 75201 |
| Shipped/Billed On: | 06/24/2009 |
| Reference Number(s): | 01/SM, 125 BETHPAGE ASSOC.L.P. BMF |
| Service: | NEXT DAY AIR SAVER |

**Package Progress**

| Location | Date | Local Time | Description |
|---|---|---|---|
| DALLAS, TX, US | 06/25/2009 | 1:10 P.M. | DELIVERY |
| | 06/25/2009 | 6:38 A.M. | OUT FOR DELIVERY |
| | 06/25/2009 | 6:07 A.M. | ARRIVAL SCAN |
| DALLAS/FT. WORTH A/P, TX, US | 06/25/2009 | 5:40 A.M. | DEPARTURE SCAN |
| | 06/25/2009 | 4:54 A.M. | ARRIVAL SCAN |
| ROCKFORD, IL, US | 06/25/2009 | 3:13 A.M. | DEPARTURE SCAN |
| ROCKFORD, IL, US | 06/24/2009 | 11:29 P.M. | ARRIVAL SCAN |
| JAMAICA, NY, US | 06/24/2009 | 10:16 P.M. | DEPARTURE SCAN |
| | 06/24/2009 | 9:18 P.M. | ARRIVAL SCAN |
| UNIONDALE, NY, US | 06/24/2009 | 8:39 P.M. | DEPARTURE SCAN |
| | 06/24/2009 | 8:20 P.M. | ORIGIN SCAN |
| | 06/24/2009 | 7:12 P.M. | PICKUP SCAN |
| | 06/24/2009 | 7:12 P.M. | PICKUP SCAN |

**CUSTOMER CLAIM**

Claim Number______

Date Received______

**BERNARD L. MADOFF INVESTMENT SECURITIES LLC**

In Liquidation

**DECEMBER 11, 2008**

**(Please print or type)**

**Name of Customer:** 125 BETHPAGE ASSOCIATES, L.P. THROUGH BULL MARKET FUND
**Mailing Address:** 300 ROBBINS LANE
**City:** SYOSSET **State:** NY **Zip:** 11791
**Account No.:** BULL MARKET FUND'S ACCOUNT NO.: 1-B0081
**Taxpayer I.D. Number (Social Security No.):** 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

**NOTE: BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY THE ACCOMPANYING INSTRUCTION SHEET. A SEPARATE CLAIM FORM SHOULD BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL PROTECTION AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE RECEIVED BY THE TRUSTEE ON OR BEFORE March 4, 2009. CLAIMS RECEIVED AFTER THAT DATE, BUT ON OR BEFORE July 2, 2009, WILL BE SUBJECT TO DELAYED PROCESSING AND TO BEING SATISFIED ON TERMS LESS FAVORABLE TO THE CLAIMANT. PLEASE SEND YOUR CLAIM FORM BY CERTIFIED MAIL - RETURN RECEIPT REQUESTED.**

*****************************************************************************

1. Claim for money balances as of **December 11, 2008:**

   a. The Broker owes me a Credit (Cr.) Balance of $ -0-

   b. I owe the Broker a Debit (Dr.) Balance of $ -0-

   c. If you wish to repay the Debit Balance, please insert the amount you wish to repay and attach a check payable to "Irving H. Picard, Esq., Trustee for Bernard L. Madoff Investment Securities LLC." If you wish to make a payment, **it must be enclosed** with this claim form. $ -0-

   d. If balance is zero, insert "None." NONE

2. Claim for securities as of December 11, 2008:

**PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.**

| | YES | NO |
|---|---|---|
| a. The Broker owes me securities | X | |
| b. I owe the Broker securities | | X |

c. If yes to either, please list below:

| Date of Transaction (trade date) | Name of Security | Number of Shares or Face Amount of Bonds: The Broker Owes Me (Long) | Number of Shares or Face Amount of Bonds: I Owe the Broker (Short) |
|---|---|---|---|
| | SEE BULL MARKET FUND ACCOUNT STATEMENT | $223,103 * | |
| | | | |
| | | | |
| | | | |
| | | | |

**Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclose, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation. You should also provide all documentation or information regarding any withdrawals you have ever made or payments received from the Debtor.**

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement. If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.

**PLEASE CHECK THE APPROPRIATE ANSWER FOR ITEMS 3 THROUGH 9.**

* PROVIDED BY BULL MARKET, SEE SUPPLEMENTAL CLAIM INFORMATION ATTACHMENT A

**NOTE: IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION ON A SIGNED ATTACHMENT. IF SUFFICIENT DETAILS ARE NOT PROVIDED, THIS CLAIM FORM WILL BE RETURNED FOR YOUR COMPLETION.**

| | | YES | NO |
|---|---|---|---|
| 3. | Has there been any change in your account since December 11, 2008? If so, please explain. | | X |
| 4. | Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of the broker? | | X |
| 5. | Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or policies of the broker? | | X |
| 6. | Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in any way with the broker? If so, give name(s) | | X |
| 7. | Is this claim being filed by or on behalf of a broker or dealer or a bank? If so, provide documentation with respect to each public customer on whose behalf you are claiming. | | X |
| 8. | Have you ever given any discretionary authority to any person to execute securities transactions with or through the broker on your behalf? Give names, addresses and phone numbers. | X * | |
| 9. | Have you or any member of your family ever filed a claim under the Securities Investor Protection Act of 1970? If so, give name of that broker. | | X |

Please list the full name and address of anyone assisting you in the preparation of this claim form: DAVID KAPLAN, 300 ROBBINS LANE, SYOSSET, NY 11791

* SEE SUPPLEMENTAL CLAIM INFORMATION ATTACHMENT A

If you cannot compute the amount of your claim, you may file an estimated claim. In that case, please indicate your claim is an estimated claim.

**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM. CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.**

**THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY INFORMATION AND BELIEF.** 125 BETHPAGE ASSOCIATES, L.P.

Date JUNE 24, 2009 Signature [signature]
EDWARD BLUMENFELD, GENERAL PARTNER

Date ____________ Signature ____________

(If ownership of the account is shared, all must sign above. Give each owner's name, address, phone number, and extent of ownership on a signed separate sheet. If other than a personal account, *e.g.*, corporate, trustee, custodian, etc., also state your capacity and authority. Please supply the trust agreement or other proof of authority.)

**This customer claim form must be completed and mailed promptly, together with supporting documentation, etc. to:**

Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

SUPPLEMENTAL CLAIM INFORMATION
ATTACHMENT A

Claimant is filing this claim form as a customer of Bernard L. Investment Securities LLC ("BLMIS"), having invested in BLMIS through a partnership, Bull Market Fund ("BMF"). Pursuant to the partnership agreement of BMF and other written agreements amongst the Partners of BMF, BMF invested all of its funds with BLMIS. BMF has informed claimant that its customer account number with BLMIS was 1-B0081. BMF has also advised claimant that it is filing a customer claim for the losses in its customer account with BLMIS.

BMF typically issued quarterly statements showing each partner's account summary. In light of the BLMIS fraud, BMF issued a statement to each partner showing their closing balance as of December 10, 2008, a copy of which is enclosed. Claimant believes that as of December 11, 2008, the amount of claimant's investment was all held in the securities as shown on the November 30, 2008 BLMIS statement for BMF, a copy of which is also enclosed.

Main Document

MADF
BERNARD L. MADOFF
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

BULL MARKET FUND
F/K/A BLUMENFELD EMPLOYEES
C/O BLUMENFELD DEV GROUP LTD
300 ROBBINS LANE
SYOSSET NY 11791

PERIOD ENDING: 11/30/08
PAGE: 1
YOUR ACCOUNT NUMBER: 1-B0081-3-0
YOUR TAX PAYER IDENTIFICATION NUMBER: ******6934

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| | | | | BALANCE FORWARD | | 1,428,340.08 | |
| 11/06 | 2,808 | | 10883 | APPLE INC | 105.380 | 296,019.04 | |
| 11/06 | 4,992 | | 11118 | ABBOTT LABORATORIES | 55.090 | 275,208.28 | |
| 11/06 | 3,432 | | 11353 | AMGEN INC | 60.350 | 207,258.20 | |
| 11/06 | 2,496 | | 11588 | BOEING CO | 51.120 | 127,694.52 | |
| 11/06 | 16,224 | | 11823 | BANK OF AMERICA | 23.840 | 387,428.16 | |
| 11/06 | 1,872 | | 12058 | BAXTER INTERNATIONAL INC | 60.600 | 113,517.20 | |
| 11/06 | 3,744 | | 12293 | BANK OF NEW YORK MELLON CORP | 32.290 | 121,042.76 | |
| 11/06 | 6,240 | | 12528 | BRISTOL MYERS SQUIBB COMPANY | 20.610 | 128,855.40 | |
| 11/06 | 2,184 | | 12763 | ANHEUSER BUSCH COS INC | 62.430 | 136,434.12 | |
| 11/06 | 17,472 | | 12998 | CITI GROUP INC | 13.530 | 237,094.16 | |
| 11/06 | 9,360 | | 13233 | COMCAST CORP CL A | 15.790 | 148,168.40 | |
| 11/06 | 4,992 | | 13468 | CONOCOPHILLIPS | 51.120 | 255,390.04 | |
| 11/06 | 19,032 | | 13703 | CISCO SYSTEMS INC | 17.520 | 334,201.64 | |
| 11/06 | 4,680 | | 13938 | CVS CAREMARK CORP | 30.510 | 142,973.80 | |
| 11/06 | 6,552 | | 14173 | CHEVRON CORP | 73.740 | 483,406.48 | |
| 11/06 | 6,240 | | 14408 | THE WALT DISNEY CO | 24.760 | 154,751.40 | |
| 11/06 | 33,384 | | 14643 | GENERAL ELECTRIC CO | 19.600 | 655,661.40 | |
| 11/06 | 624 | | 14878 | GOOGLE | 356.520 | 222,492.48 | |
| 11/06 | 1,248 | | 15113 | GOLDMAN SACHS GROUP INC | 91.870 | 114,702.76 | |
| 11/06 | 5,616 | | 15348 | HOME DEPOT INC | 23.300 | 131,076.80 | |
| 11/06 | 7,800 | | 15583 | HEWLETT PACKARD CO | 38.310 | 299,130.00 | |
| 11/06 | 4,368 | | 15818 | INTERNATIONAL BUSINESS MACHS | 92.800 | 405,524.40 | |

CONTINUED ON PAGE 2

MADF
**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

BULL MARKET FUND
F/K/A BLUMENFELD EMPLOYEES
C/O BLUMENFELD DEV GROUP LTD
300 ROBBINS LANE
SYOSSET NY 11791

PERIOD ENDING: 11/30/08
PAGE: 2
YOUR ACCOUNT NUMBER: 1-B0081-3-0
YOUR TAX PAYER IDENTIFICATION NUMBER: ******6934

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| 11/06 | 17,784 | | 16053 | INTEL CORP | 16.070 | 286,499.88 | |
| 11/06 | 9,048 | | 16288 | JOHNSON & JOHNSON | 61.310 | 555,093.88 | |
| 11/06 | 11,856 | | 16523 | J.P. MORGAN CHASE & CO | 40.910 | 485,502.96 | |
| 11/06 | 4,992 | | 16758 | KRAFT FOOD INC | 29.110 | 145,516.12 | |
| 11/06 | 6,240 | | 16993 | COCA COLA CO | 44.490 | 277,866.60 | |
| 11/06 | 3,744 | | 17228 | MCDONALDS CORP | 57.900 | 216,926.60 | |
| 11/06 | 3,744 | | 17463 | MEDTRONIC INC | 40.310 | 151,069.64 | |
| 11/06 | 2,184 | | 17698 | 3M COMPANY | 63.590 | 138,967.56 | |
| 11/06 | 6,552 | | 17933 | ALTRIA GROUP INC | 19.160 | 125,798.32 | |
| 11/06 | 6,864 | | 18168 | MERCK & CO | 30.780 | 211,547.92 | |
| 11/06 | 25,272 | | 18403 | MICROSOFT CORP | 22.310 | 564,828.32 | |
| 11/06 | 12,792 | | 18638 | ORACLE CORPORATION | 18.110 | 232,174.12 | |
| 11/06 | 2,808 | | 19343 | OCCIDENTAL PETROLEUM CORP | 54.290 | 152,558.32 | |
| 11/06 | 4,992 | | 19578 | PEPSICO INC | 57 | 284,743.00 | |
| 11/06 | 21,528 | | 19813 | PFIZER INC | 17.690 | 381,691.32 | |
| 11/06 | 9,672 | | 20048 | PROCTER & GAMBLE CO | 64.570 | 624,907.04 | |
| 11/06 | 6,864 | | 20283 | PHILLIP MORRIS INTERNATIONAL | 42.730 | 293,572.72 | |
| 11/06 | 5,304 | | 20518 | QUALCOMM INC | 37.810 | 200,756.24 | |
| 11/06 | 3,744 | | 20753 | SCHLUMBERGER LTD | 51.760 | 193,930.44 | |
| 11/06 | 18,720 | | 20988 | AT&T INC | 26.980 | 505,813.60 | |
| 11/06 | 11,544 | | 21223 | TIME WARNER INC | 10.060 | 116,593.64 | |
| 11/06 | 3,120 | | 21458 | UNITED PARCEL SVC INC CLASS B | 52.790 | 164,828.80 | |
| 11/06 | 5,616 | | 21693 | U S BANCORP | 29.550 | 166,176.80 | |
| 11/06 | 3,120 | | 21928 | UNITED TECHNOLOGIES CORP | 54.920 | 171,474.40 | |
| | | | | CONTINUED ON PAGE 3 | | | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

Main Document

BERNARD L. MADOFF
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

BULL MARKET FUND
F/K/A BLUMENFELD EMPLOYEES
C/O BLUMENFELD DEV GROUP LTD
300 ROBBINS LANE
SYOSSET NY 11791

| PERIOD ENDING | PAGE | YOUR ACCOUNT NUMBER | YOUR TAX PAYER IDENTIFICATION NUMBER |
|---|---|---|---|
| 11/30/08 | 3 | 1-B0081-3-0 | ******6934 |

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| 11/06 | 9,048 | | 22163 | VERIZON COMMUNICATIONS | 29.980 | 271,620.04 | |
| 11/06 | 10,608 | | 22398 | WELLS FARGO & CO NEW | 33.660 | 357,489.28 | |
| 11/06 | 7,176 | | 22633 | WAL-MART STORES INC | 56.560 | 406,161.56 | |
| 11/06 | 16,848 | | 22868 | EXXON MOBIL CORP | 73.680 | 1,242,033.64 | |
| 11/06 | | | | FIDELITY SPARTAN U S TREASURY MONEY MARKET DIV 11/06/08 | DIV | | 2.54 |
| 11/06 | 18,784 | | 10648 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | 18,784.00 | |
| 11/06 | | 24,408 | 48165 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | | 24,408.00 |
| 11/06 | | 1,325,000 | 48399 | U S TREASURY BILL DUE 12/11/2008 12/11/2008 | 99.989 | | 1,324,854.25 |
| 11/06 | | 3,350,000 | 48601 | U S TREASURY BILL DUE 12/18/2008 12/18/2008 | 99.932 | | 3,347,722.00 |
| 11/06 | | 3,925,000 | 48824 | U S TREASURY BILL DUE 01/08/2009 1/08/2009 | 99.960 | | 3,923,430.00 |
| 11/06 | | 3,925,000 | 49033 | U S TREASURY BILL DUE 01/15/2009 1/15/2009 | 99.946 | | 3,922,880.50 |
| 11/06 | | 3,925,000 | 49246 | U S TREASURY BILL DUE 01/22/2009 1/22/2009 | 99.934 | | 3,922,409.50 |

CONTINUED ON PAGE 4

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

Main Document

BERNARD L. MADOFF
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

BULL MARKET FUND
F/K/A BLUMENFELD EMPLOYEES
C/O BLUMENFELD DEV GROUP LTD
300 ROBBINS LANE
SYOSSET NY 11791

PERIOD ENDING: 11/30/08
PAGE: 4
YOUR ACCOUNT NUMBER: 1-B0081-3-0
YOUR TAX PAYER IDENTIFICATION NUMBER: ******6934

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| 11/06 | | 3,925,000 | 49461 | U S TREASURY BILL DUE 01/29/2009 1/29/2009 | 99.928 | | 3,922,174.00 |
| 11/06 | | 1,650,000 | 49677 | U S TREASURY BILL DUE 2/12/2009 2/12/2009 | 99.902 | | 1,648,383.00 |
| 11/06 | 2,575,000 | | 49898 | U S TREASURY BILL DUE 03/26/2009 3/26/2009 | 99.802 | 2,569,901.50 | |
| 11/06 | 2,575,000 | | 50127 | U S TREASURY BILL DUE 4/02/2009 4/02/2009 | 99.751 | 2,568,588.25 | |
| 11/06 | 2,575,000 | | 50356 | U S TREASURY BILL DUE 04/09/2009 4/09/2009 | 99.726 | 2,567,944.50 | |
| 11/07 | 1,944 | | 23404 | APPLE INC | 108.800 | 211,584.20 | |
| 11/07 | 3,456 | | 23639 | ABBOTT LABORATORIES | 56.590 | 195,713.04 | |
| 11/07 | 2,376 | | 23874 | AMGEN INC | 62.070 | 147,573.32 | |
| 11/07 | 1,728 | | 24109 | BOEING CO | 53.640 | 92,758.92 | |
| 11/07 | 11,016 | | 24344 | BANK OF AMERICA | 23.720 | 261,739.52 | |
| 11/07 | 1,296 | | 24579 | BAXTER INTERNATIONAL INC | 61.740 | 80,066.04 | |
| 11/07 | 2,376 | | 24814 | BANK OF NEW YORK MELLON CORP | 34.210 | 81,377.96 | |
| 11/07 | 4,320 | | 25049 | BRISTOL MYERS SQUIBB COMPANY | 21.020 | 90,978.40 | |
| 11/07 | 1,512 | | 25284 | ANHEUSER BUSCH COS INC | 64.190 | 97,115.28 | |
| 11/07 | 11,664 | | 25519 | CITI GROUP INC | 14.410 | 168,544.24 | |

CONTINUED ON PAGE 5

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

Main Document

Main Document

MADF

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

BULL MARKET FUND
F/K/A BLUMENFELD EMPLOYEES
C/O BLUMENFELD DEV GROUP LTD
300 ROBBINS LANE
SYOSSET NY 11791

PERIOD ENDING: 11/30/08
PAGE: 5
YOUR ACCOUNT NUMBER: 1-B0081-3-0
YOUR TAX PAYER IDENTIFICATION NUMBER: ******6934

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| 11/07 | 6,264 | | 25754 | COMCAST CORP CL A | 17.390 | 109,180.96 | |
| 11/07 | 3,240 | | 25989 | CONOCOPHILLIPS | 53.060 | 172,043.40 | |
| 11/07 | 12,744 | | 26224 | CISCO SYSTEMS INC | 17.580 | 224,548.52 | |
| 11/07 | 3,024 | | 26459 | CVS CAREMARK CORP | 31.720 | 96,041.28 | |
| 11/07 | 4,536 | | 26694 | CHEVRON CORP | 75.450 | 342,422.20 | |
| 11/07 | 4,104 | | 26929 | THE WALT DISNEY CO | 25.620 | 105,308.48 | |
| 11/07 | 22,680 | | 27164 | GENERAL ELECTRIC CO | 19.810 | 450,197.80 | |
| 11/07 | 432 | | 27399 | GOOGLE | 349.160 | 150,854.12 | |
| 11/07 | 864 | | 27634 | GOLDMAN SACHS GROUP INC | 89.070 | 76,990.48 | |
| 11/07 | 3,672 | | 27869 | HOME DEPOT INC | 22.480 | 82,692.56 | |
| 11/07 | 5,400 | | 28104 | HEWLETT PACKARD CO | 38.820 | 209,844.00 | |
| 11/07 | 3,024 | | 28339 | INTERNATIONAL BUSINESS MACHS | 92.430 | 279,628.32 | |
| 11/07 | 12,096 | | 28574 | INTEL CORP | 16 | 194,019.00 | |
| 11/07 | 6,048 | | 28809 | JOHNSON & JOHNSON | 61.820 | 374,128.36 | |
| 11/07 | 8,208 | | 29044 | J.P. MORGAN CHASE & CO | 40.960 | 336,527.68 | |
| 11/07 | 3,240 | | 29279 | KRAFT FOOD INC | 29.710 | 96,389.40 | |
| 11/07 | 4,320 | | 29514 | COCA COLA CO | 46.580 | 201,397.60 | |
| 11/07 | 2,376 | | 29749 | MCDONALDS CORP | 57.510 | 136,738.76 | |
| 11/07 | 2,376 | | 29984 | MEDTRONIC INC | 41.140 | 97,843.64 | |
| 11/07 | 1,512 | | 30219 | 3M COMPANY | 64.880 | 98,158.56 | |
| 11/07 | 4,536 | | 30454 | ALTRIA GROUP INC | 19.370 | 88,043.32 | |
| 11/07 | 4,752 | | 30689 | MERCK & CO | 30.480 | 145,030.96 | |
| 11/07 | 17,280 | | 30924 | MICROSOFT CORP | 22.940 | 397,094.20 | |
| 11/07 | 8,640 | | 31159 | ORACLE CORPORATION | 18.470 | 159,925.80 | |

CONTINUED ON PAGE 6

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

Main Document

BERNARD L. MADOFF
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

BULL MARKET FUND
F/K/A BLUMENFELD EMPLOYEES
C/O BLUMENFELD DEV GROUP LTD
300 ROBBINS LANE
SYOSSET NY 11791

PERIOD ENDING: 11/30/08
PAGE: 6
YOUR ACCOUNT NUMBER: 1-80081-3-0
YOUR TAX PAYER IDENTIFICATION NUMBER: ******6934

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| 11/07 | 1,728 | | 31864 | OCCIDENTAL PETROLEUM CORP | 54.380 | 94,037.64 | |
| 11/07 | 3,456 | | 32099 | PEPSICO INC | 58.630 | 202,763.28 | |
| 11/07 | 14,688 | | 32334 | PFIZER INC | 18 | 264,971.00 | |
| 11/07 | 6,696 | | 32569 | PROCTER & GAMBLE CO | 65.180 | 436,712.28 | |
| 11/07 | 4,536 | | 32804 | PHILLIP MORRIS INTERNATIONAL | 43.640 | 198,132.04 | |
| 11/07 | 3,672 | | 33039 | QUALCOMM INC | 37.690 | 138,543.68 | |
| 11/07 | 2,592 | | 33274 | SCHLUMBERGER LTD | 51.770 | 134,290.84 | |
| 11/07 | 12,528 | | 33509 | AT&T INC | 28.910 | 362,685.48 | |
| 11/07 | 7,776 | | 33744 | TIME WARNER INC | 10.110 | 78,926.36 | |
| 11/07 | 2,160 | | 33979 | UNITED PARCEL SVC INC CLASS B | 53.680 | 116,034.80 | |
| 11/07 | 3,888 | | 34214 | U S BANCORP | 30.790 | 119,866.52 | |
| 11/07 | 2,160 | | 34449 | UNITED TECHNOLOGIES CORP | 56 | 121,046.00 | |
| 11/07 | 6,048 | | 34684 | VERIZON COMMUNICATIONS | 31.810 | 192,627.88 | |
| 11/07 | 7,344 | | 34919 | WELLS FARGO & CO NEW | 34.080 | 250,576.52 | |
| 11/07 | 4,968 | | 35154 | WAL-MART STORES INC | 56.730 | 282,032.64 | |
| 11/07 | 11,448 | | 35389 | EXXON MOBIL CORP | 75.280 | 862,262.44 | |
| 11/07 | | | | FIDELITY SPARTAN U S TREASURY MONEY MARKET DIV 11/07/08 | DIV | | .34 |
| 11/07 | | 18,784 | 10883 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | | 18,784.00 |
| 11/07 | | 2,375,000 | 11174 | U S TREASURY BILL DUE 02/05/09 2/05/2009 | 99.923 | | 2,373,171.25 |
| | | | | CONTINUED ON PAGE 7 | | | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

Main Document

BERNARD L. MADOFF
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

BULL MARKET FUND
F/K/A BLUMENFELD EMPLOYEES
C/O BLUMENFELD DEV GROUP LTD
300 ROBBINS LANE
SYOSSET NY 11791

PERIOD ENDING: 11/30/08
PAGE: 7
YOUR ACCOUNT NUMBER: 1-B0081-3-0
YOUR TAX PAYER IDENTIFICATION NUMBER: ******6934

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| 11/07 | | 2,450,000 | 11382 | U S TREASURY BILL DUE 02/19/2009 2/19/2009 | 99.887 | | 2,447,231.50 |
| 11/07 | | 2,450,000 | 11597 | U S TREASURY BILL DUE 02/26/2009 2/26/2009 | 99.889 | | 2,447,280.50 |
| 11/07 | | 2,375,000 | 11813 | U S TREASURY BILL DUE 03/05/09 3/05/2009 | 99.866 | | 2,371,817.50 |
| 11/07 | | 2,450,000 | 12010 | U S TREASURY BILL DUE 3/12/2009 3/12/2009 | 99.840 | | 2,446,080.00 |
| 11/07 | 1,175,000 | | 12141 | U S TREASURY BILL DUE 04/09/2009 4/09/2009 | 99.720 | 1,171,710.00 | |
| 11/07 | 1,175,000 | | 12361 | U S TREASURY BILL DUE 4/16/2009 4/16/2009 | 99.671 | 1,171,134.25 | |
| 11/07 | 30,199 | | 12581 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | 30,199.00 | |
| 11/10 | 2,376 | | 35864 | APPLE INC | 108.720 | 258,413.72 | |
| 11/10 | 4,224 | | 36099 | ABBOTT LABORATORIES | 55.910 | 236,331.84 | |
| 11/10 | 2,904 | | 36334 | AMGEN INC | 59.620 | 173,252.48 | |
| 11/10 | 2,112 | | 36569 | BOEING CO | 52.190 | 110,309.28 | |
| 11/10 | 13,728 | | 36804 | BANK OF AMERICA | 24.050 | 330,707.40 | |
| | | | | CONTINUED ON PAGE 8 | | | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

Main Document

MADF

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

BULL MARKET FUND
F/K/A BLUMENFELD EMPLOYEES
C/O BLUMENFELD DEV GROUP LTD
300 ROBBINS LANE
SYOSSET NY 11791

PERIOD ENDING: 11/30/08

PAGE: 8

YOUR ACCOUNT NUMBER: 1-B0081-3-0

YOUR TAX PAYER IDENTIFICATION NUMBER: ******6934

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| 11/10 | 1,848 | | 37039 | BAXTER INTERNATIONAL INC | 60.770 | 112,375.96 | |
| 11/10 | 3,168 | | 37274 | BANK OF NEW YORK MELLON CORP | 33.480 | 106,190.64 | |
| 11/10 | 5,544 | | 37509 | BRISTOL MYERS SQUIBB COMPANY | 21.310 | 118,363.64 | |
| 11/10 | 1,848 | | 37744 | ANHEUSER BUSCH COS INC | 64.090 | 118,511.32 | |
| 11/10 | 15,048 | | 37979 | CITI GROUP INC | 14.270 | 215,335.96 | |
| 11/10 | 7,920 | | 38214 | COMCAST CORP<br>CL A | 17.410 | 138,203.20 | |
| 11/10 | 4,224 | | 38449 | CONOCOPHILLIPS | 54.130 | 228,813.12 | |
| 11/10 | 16,104 | | 38684 | CISCO SYSTEMS INC | 18.080 | 291,804.32 | |
| 11/10 | 3,960 | | 38919 | CVS CAREMARK CORP | 31.300 | 124,106.00 | |
| 11/10 | 5,808 | | 39154 | CHEVRON CORP | 76.410 | 444,021.28 | |
| 11/10 | 5,016 | | 39389 | THE WALT DISNEY CO | 25.660 | 128,910.56 | |
| 11/10 | 28,776 | | 39624 | GENERAL ELECTRIC CO | 20.530 | 591,922.28 | |
| 11/10 | 528 | | 39859 | GOOGLE | 363.580 | 191,991.24 | |
| 11/10 | 1,320 | | 40094 | GOLDMAN SACHS GROUP INC | 92.680 | 122,389.60 | |
| 11/10 | 4,752 | | 40329 | HOME DEPOT INC | 23.030 | 109,628.56 | |
| 11/10 | 6,864 | | 40564 | HEWLETT PACKARD CO | 37.290 | 256,232.56 | |
| 11/10 | 3,696 | | 40799 | INTERNATIONAL BUSINESS MACHS | 92.660 | 342,618.36 | |
| 11/10 | 15,576 | | 41034 | INTEL CORP | 15.880 | 247,969.88 | |
| 11/10 | 7,656 | | 41269 | JOHNSON & JOHNSON | 61.320 | 469,771.92 | |
| 11/10 | 10,032 | | 41504 | J.P. MORGAN CHASE & CO | 41.730 | 419,036.36 | |
| 11/10 | 4,224 | | 41739 | KRAFT FOOD INC | 30.100 | 127,310.40 | |
| 11/10 | 5,544 | | 41974 | COCA COLA CO | 45.500 | 252,473.00 | |
| 11/10 | 3,168 | | 42209 | MCDONALDS CORP | 57.230 | 181,430.64 | |
| 11/10 | 3,168 | | 42444 | MEDTRONIC INC | 40.300 | 127,796.40 | |

CONTINUED ON PAGE 9

BERNARD L. MADOFF
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

BULL MARKET FUND
F/K/A BLUMENFELD EMPLOYEES
C/O BLUMENFELD DEV GROUP LTD
300 ROBBINS LANE
SYOSSET NY 11791

PERIOD ENDING: 11/30/08
PAGE: 9
YOUR ACCOUNT NUMBER: 1-B0081-3-0
YOUR TAXPAYER IDENTIFICATION NUMBER: ******6934

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| 11/10 | 1,848 | | 42679 | 3M COMPANY | 64.690 | 119,620.12 | |
| 11/10 | 5,544 | | 42914 | ALTRIA GROUP INC | 18.890 | 104,947.16 | |
| 11/10 | 5,808 | | 43149 | MERCK & CO | 30.510 | 177,434.08 | |
| 11/10 | 21,384 | | 43384 | MICROSOFT CORP | 23.200 | 496,963.80 | |
| 11/10 | 10,824 | | 43619 | ORACLE CORPORATION | 18.600 | 201,758.40 | |
| 11/10 | 2,376 | | 44324 | OCCIDENTAL PETROLEUM CORP | 56.010 | 133,174.76 | |
| 11/10 | 4,224 | | 44559 | PEPSICO INC | 57.550 | 243,259.20 | |
| 11/10 | 18,744 | | 44794 | PFIZER INC | 17.960 | 337,391.24 | |
| 11/10 | 8,184 | | 45029 | PROCTER & GAMBLE CO | 65.230 | 534,169.32 | |
| 11/10 | 5,544 | | 45264 | PHILLIP MORRIS INTERNATIONAL | 44.030 | 244,323.32 | |
| 11/10 | 4,488 | | 45499 | QUALCOMM INC | 37.310 | 167,626.28 | |
| 11/10 | 3,432 | | 45734 | SCHLUMBERGER LTD | 50.500 | 173,453.00 | |
| 11/10 | 16,368 | | 45969 | AT&T INC | 28.580 | 468,451.44 | |
| 11/10 | 9,504 | | 46204 | TIME WARNER INC | 11.010 | 105,019.04 | |
| 11/10 | 2,640 | | 46439 | UNITED PARCEL SVC INC CLASS B | 54.420 | 143,773.80 | |
| 11/10 | 4,752 | | 46674 | U S BANCORP | 31.510 | 149,925.52 | |
| 11/10 | 2,640 | | 46909 | UNITED TECHNOLOGIES CORP | 56.430 | 149,080.20 | |
| 11/10 | 7,920 | | 47144 | VERIZON COMMUNICATIONS | 32 [illegible] | 253,756.00 | |
| 11/10 | 8,976 | | 47379 | WELLS FARGO & CO NEW | 34.600 | 310,928.60 | |
| 11/10 | 6,072 | | 47614 | WAL-MART STORES INC | 55.710 | 338,513.12 | |
| [illegible] | 14,256 | | 47849 | EXXON MOBIL CORP | 75.800 | 1,081,174.80 | |
| 11/10 | | | | FIDELITY SPARTAN U S TREASURY MONEY MARKET DIV 11/10/08 | DIV | | 1.64 |

CONTINUED ON PAGE 10

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

Main Document

Main Document

BERNARD L. MADOFF
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

BULL MARKET FUND
F/K/A BLUMENFELD EMPLOYEES
C/O BLUMENFELD DEV GROUP LTD
300 ROBBINS LANE
SYOSSET NY 11791

PERIOD ENDING: 11/30/08
PAGE: 10
YOUR ACCOUNT NUMBER: 1-B0081-3-0
YOUR TAX PAYER IDENTIFICATION NUMBER: ******6934

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| 11/10 | | 30,199 | 12816 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | | 30,199.00 |
| 11/10 | | 2,600,000 | 13204 | U S TREASURY BILL DUE 03/19/2009 3/19/2009 | 99.867 | | 2,596,542.00 |
| 11/10 | | 2,575,000 | 13423 | U S TREASURY BILL DUE 03/26/2009 3/26/2009 | 99.834 | | 2,570,725.50 |
| 11/10 | | 2,575,000 | 13625 | U S TREASURY BILL DUE 4/02/2009 4/02/2009 | 99.770 | | 2,569,077.50 |
| 11/10 | | 3,750,000 | 13828 | U S TREASURY BILL DUE 04/09/2009 4/09/2009 | 99.742 | | 3,740,325.00 |
| 11/10 | | 1,175,000 | 14061 | U S TREASURY BILL DUE 4/16/2009 4/16/2009 | 99.686 | | 1,171,310.50 |
| 11/10 | 50,000 | | 14281 | U S TREASURY BILL DUE 4/16/2009 4/16/2009 | 99.686 | 49,843.00 | |
| 11/10 | 685 | | 14508 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | 685.00 | |
| 11/14 | | 10,400 | 29442 | TIME WARNER INC | 9.720 | | 100,672.00 |
| 11/14 | | | | CHECK | CW | 100,000.00 | |
| 11/14 | | | | FIDELITY SPARTAN U S TREASURY MONEY MARKET DIV 11/14/08 | DIV | | .05 |
| | | | | CONTINUED ON PAGE 11 | | | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

Main Document

BERNARD L. MADOFF
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

BULL MARKET FUND
F/K/A BLUMENFELD EMPLOYEES
C/O BLUMENFELD DEV GROUP LTD
300 ROBBINS LANE
SYOSSET NY 11791

PERIOD ENDING: 11/30/08
PAGE: 11
YOUR ACCOUNT NUMBER: 1-B0081-3-0
YOUR TAX PAYER IDENTIFICATION NUMBER: ******6934

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| 11/14 | | 685 | 29393 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | | 685.00 |
| 11/14 | 1,357 | | 29864 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | 1,357.00 | |
| 11/18 | | | | CHECK | CA | | 25,000.00 |
| 11/18 | | | | CHECK | CA | | 15,000.00 |
| 11/18 | | | | CHECK | CA | | 100,000.00 |
| 11/18 | | | | CHECK | CA | | 100,000.00 |
| 11/18 | | | | CHECK | CA | | 200,000.00 |
| 11/18 | | | | CHECK | CA | | 15,000.00 |
| 11/18 | | 5,544 | 49250 | ANHEUSER BUSCH COS INC | 70 | | 388,080.00 |
| 11/18 | 375,000 | | 49488 | U S TREASURY BILL DUE 4/16/2009 4/16/2009 | 99.830 | 374,362.50 | |
| 11/18 | 13,717 | | 49723 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | 13,717.00 | |
| 11/18 | 450,000 | | 49954 | U S TREASURY BILL DUE 4/16/2009 4/16/2009 | 99.830 | 449,235.00 | |
| 11/18 | 5,765 | | 49965 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | 5,765.00 | |
| 11/19 | | | | FIDELITY SPARTAN U S TREASURY MONEY MARKET DIV 11/19/08 | DIV | | .45 |
| 11/19 | | 20,839 | 50057 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | | 20,839.00 |

CONTINUED ON PAGE 12

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

Main Document

MADF

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

BULL MARKET FUND
F/K/A BLUMENFELD EMPLOYEES
C/O BLUMENFELD DEV GROUP LTD
300 ROBBINS LANE
SYOSSET NY 11791

PERIOD ENDING: 11/30/08

PAGE: 12

YOUR ACCOUNT NUMBER: 1-B0081-3-0

YOUR TAX PAYER IDENTIFICATION NUMBER: ******6934

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| 11/19 | 3,525,000 | | 54708 | U S TREASURY BILL DUE 03/26/2009 3/26/2009 | 99.926 | 3,522,391.50 | |
| 11/19 | 9,120 | | 59098 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | 9,120.00 | |
| 11/20 | | | | CHECK | CW | 675,000.00 | |
| 11/20 | | 3,525,000 | 63699 | U S TREASURY BILL DUE 03/26/2009 3/26/2009 | 99.962 | | 3,523,660.50 |
| 11/20 | 2,850,000 | | 63937 | U S TREASURY BILL DUE 4/16/2009 4/16/2009 | 99.947 | 2,848,489.50 | |
| 11/20 | 171 | | 64175 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | 171.00 | |
| 11/25 | 882 | | 64417 | APPLE INC | 85.070 | 75,066.74 | |
| 11/25 | 1,568 | | 64655 | ABBOTT LABORATORIES | 54.140 | 84,953.52 | |
| 11/25 | 1,078 | | 64893 | AMGEN INC | 53.630 | 57,856.14 | |
| 11/25 | 4,998 | | 65131 | BANK OF AMERICA | 12.980 | 65,073.04 | |
| 11/25 | 588 | | 65369 | BAXTER INTERNATIONAL INC | 52.570 | 30,934.16 | |
| 11/25 | 1,176 | | 65607 | BANK OF NEW YORK MELLON CORP | 24.690 | 29,082.44 | |
| 11/25 | 1,960 | | 65845 | BRISTOL MYERS SQUIBB COMPANY | 20.140 | 39,552.40 | |
| 11/25 | 5,684 | | 66083 | CITI GROUP INC | 6.100 | 34,899.40 | |
| 11/25 | 490 | | 66321 | COLGATE PALMOLIVE CO | 62.660 | 30,722.40 | |
| 11/25 | 2,842 | | 66559 | COMCAST CORP CL A | 13.970 | 39,815.74 | |

CONTINUED ON PAGE 13

Main Document

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

BULL MARKET FUND
F/K/A BLUMENFELD EMPLOYEES
C/O BLUMENFELD DEV GROUP LTD
300 ROBBINS LANE
SYOSSET NY 11791

PERIOD ENDING: 11/30/08
PAGE: 13
YOUR ACCOUNT NUMBER: 1-B0081-3-0
YOUR TAX PAYER IDENTIFICATION NUMBER: ******6934

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| 11/25 | 1,568 | | 66797 | CONOCOPHILIPS | 45.100 | 70,778.80 | |
| 11/25 | 5,880 | | 67035 | CISCO SYSTEMS INC | 14.970 | 88,258.60 | |
| 11/25 | 1,470 | | 67273 | CVS CAREMARK CORP | 27.040 | 39,806.80 | |
| 11/25 | 2,058 | | 67511 | CHEVRON CORP | 68.710 | 141,487.18 | |
| 11/25 | 1,862 | | 67749 | THE WALT DISNEY CO | 19.760 | 36,867.12 | |
| 11/25 | 686 | | 67987 | EXELON CORP | 48.740 | 33,462.64 | |
| 11/25 | 10,780 | | 68225 | GENERAL ELECTRIC CO | 14.010 | 151,458.80 | |
| 11/25 | 196 | | 68463 | GOOGLE | 275 | 53,907.00 | |
| 11/25 | 1,666 | | 68701 | HOME DEPOT INC | 19.530 | 32,602.98 | |
| 11/25 | 2,450 | | 68939 | HEWLETT PACKARD CO | 32.990 | 80,923.50 | |
| 11/25 | 1,372 | | 69177 | INTERNATIONAL BUSINESS MACHS | 75.080 | 103,063.76 | |
| 11/25 | 5,684 | | 69415 | INTEL CORP | 12.270 | 69,969.68 | |
| 11/25 | 2,842 | | 69653 | JOHNSON & JOHNSON | 57.650 | 163,954.30 | |
| 11/25 | 3,724 | | 69891 | J.P. MORGAN CHASE & CO | 27.760 | 103,526.24 | |
| 11/25 | 1,470 | | 70129 | KRAFT FOOD INC | 25.900 | 38,131.00 | |
| 11/25 | 1,960 | | 70367 | COCA COLA CO | 42.040 | 82,476.40 | |
| 11/25 | 1,078 | | 70605 | MCDONALDS CORP | 55 | 59,333.00 | |
| 11/25 | 1,176 | | 70843 | MEDTRONIC INC | 30.800 | 36,267.80 | |
| 11/25 | 686 | | 71081 | 3M COMPANY | 58.280 | 40,007.08 | |
| 11/25 | 2,058 | | 71319 | ALTRIA GROUP INC | 16.250 | 33,524.50 | |
| 11/25 | 2,156 | | 71557 | MERCK & CO | 25 | 53,986.00 | |
| 11/25 | 7,840 | | 71795 | MICROSOFT CORP | 18.100 | 142,217.00 | |
| 11/25 | 3,920 | | 72509 | ORACLE CORPORATION | 16.050 | 63,072.00 | |
| 11/25 | 882 | | 72747 | OCCIDENTAL PETROLEUM CORP | 44.570 | 39,345.74 | |
| 11/25 | 1,568 | | 72985 | PEPSICO INC | 51.800 | 81,284.40 | |

CONTINUED ON PAGE 14

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

Main Document

BERNARD L. MADOFF
INVESTMENT SECURITIES LLC
New York □ London

New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

BULL MARKET FUND
F/K/A BLUMENFELD EMPLOYEES
C/O BLUMENFELD DEV GROUP LTD
300 ROBBINS LANE
SYOSSET NY 11791

PERIOD ENDING: 11/30/08

YOUR ACCOUNT NUMBER: 1-B0081-3-0
YOUR TAX PAYER IDENTIFICATION NUMBER: ******6934

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| 11/25 | 6,762 | | 73223 | PFIZER INC | 15.320 | 103,863.84 | |
| 11/25 | 2,940 | | 73461 | PROCTER & GAMBLE CO | 61.940 | 182,220.60 | |
| 11/25 | 2,058 | | 73699 | PHILLIP MORRIS INTERNATIONAL | 36.380 | 74,952.04 | |
| 11/25 | 1,666 | | 73937 | QUALCOMM INC | 29.850 | 49,796.10 | |
| 11/25 | 1,176 | | 74175 | SCHLUMBERGER LTD | 46.270 | 54,460.52 | |
| 11/25 | 5,880 | | 74413 | AT&T INC | 25 | 147,235.00 | |
| 11/25 | 3,626 | | 74651 | TIME WARNER INC | 8.010 | 29,189.26 | |
| 11/25 | 980 | | 74889 | UNITED PARCEL SVC INC CLASS B | 50.760 | 49,783.80 | |
| 11/25 | 1,764 | | 75127 | U S BANCORP | 23.400 | 41,347.60 | |
| 11/25 | 980 | | 75365 | UNITED TECHNOLOGIES CORP | 44.890 | 44,031.20 | |
| 11/25 | 2,842 | | 75603 | VERIZON COMMUNICATIONS | 26.570 | 75,624.94 | |
| 11/25 | 3,822 | | 75841 | WELLS FARGO & CO NEW | 23.820 | 91,192.04 | |
| 11/25 | 2,254 | | 76079 | WAL-MART STORES INC | 51.450 | 116,058.30 | |
| 11/25 | 1,372 | | 76317 | WYETH | 33 | 45,330.00 | |
| 11/25 | 5,292 | | 76555 | EXXON MOBIL CORP | 72 | 381,235.00 | |
| 11/25 | | | | FIDELITY SPARTAN U S TREASURY MONEY MARKET DIV 11/25/08 | DIV | | .93 |
| 11/25 | | 9,291 | 77122 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | | 9,291.00 |
| 11/25 | | 3,725,000 | 77386 | U S TREASURY BILL DUE 4/16/2009 4/16/2009 | 99.878 | | 3,720,455.50 |
| 11/25 | 42,963 | | 77681 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | 42,963.00 | |
| | | | | CONTINUED ON PAGE 15 | | | |

Main Document

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

BULL MARKET FUND
F/K/A BLUMENFELD EMPLOYEES
C/O BLUMENFELD DEV GROUP LTD
300 ROBBINS LANE
SYOSSET NY 11791

PERIOD ENDING: 11/30/08
PAGE: 15
YOUR ACCOUNT NUMBER: 1-B0081-3-0
YOUR TAXPAYER IDENTIFICATION NUMBER: ******6934

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| 11/26 | | | | CHECK | CA | | 5,000.00 |
| 11/26 | 5,000 | | 78108 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | 5,000.00 | |
| 11/28 | | 100 | 78420 | BAXTER INTERNATIONAL INC | 52.640 | | 5,260.00 |
| 11/28 | | | | CHECK | CW | 50,000.00 | |
| 11/28 | | | | FIDELITY SPARTAN U S TREASURY MONEY MARKET DIV 11/28/08 | DIV | | 2.26 |
| 11/28 | | 47,963 | 78257 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | | 47,963.00 |
| 11/28 | 3,226 | | 79124 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | 3,226.00 | |
| | | | | NEW BALANCE | | 5,119,352.95 | |
| | | | | SECURITY POSITIONS | MKT PRICE | | |
| | 53,496 | | | AT&T INC | 28.560 | | |
| | 14,240 | | | ABBOTT LABORATORIES | 52.390 | | |
| | 18,690 | | | ALTRIA GROUP INC | 16.080 | | |
| | 9,790 | | | AMGEN INC | 55.540 | | |
| | 8,010 | | | APPLE INC | 92.670 | | |
| | 45,966 | | | BANK OF AMERICA | 16.250 | | |
| | 10,464 | | | BANK OF NEW YORK MELLON CORP | 30.210 | | |
| | 5,504 | | | BAXTER INTERNATIONAL INC | 52.900 | | |
| | 6,336 | | | BOEING CO | 42.630 | | |

CONTINUED ON PAGE 16

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

Main Document

MADF BERNARD L. MADOFF
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

BULL MARKET FUND
F/K/A BLUMENFELD EMPLOYEES
C/O BLUMENFELD DEV GROUP LTD
300 ROBBINS LANE
SYOSSET NY 11791

PERIOD ENDING: 11/30/08

YOUR ACCOUNT NUMBER: 1-B0081-3-0
YOUR TAX PAYER IDENTIFICATION NUMBER: ******6934

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| | 18,064 | | | BRISTOL MYERS SQUIBB COMPANY | 20.700 | | |
| | 13,134 | | | CVS CAREMARK CORP | 28.930 | | |
| | 18,954 | | | CHEVRON CORP | 79.010 | | |
| | 53,760 | | | CISCO SYSTEMS INC | 16.540 | | |
| | 49,868 | | | CITI GROUP INC | 8.290 | | |
| | 18,064 | | | COCA COLA CO | 46.870 | | |
| | 490 | | | COLGATE PALMOLIVE CO | 65.070 | | |
| | 26,386 | | | COMCAST CORP CL A | 17.340 | | |
| | 14,024 | | | CONOCOPHILIPS | 52.520 | | |
| | 17,222 | | | THE WALT DISNEY CO | 22.920 | | |
| | 686 | | | EXELON CORP | 56.210 | | |
| | 47,844 | | | EXXON MOBIL CORP | 80.150 | | |
| | 95,620 | | | GENERAL ELECTRIC CO | 17.170 | | |
| | 3,432 | | | GOLDMAN SACHS GROUP INC | 78.990 | | |
| | 1,780 | | | GOOGLE | 292.960 | | |
| | 22,514 | | | HEWLETT PACKARD CO | 35.280 | | |
| | 15,706 | | | HOME DEPOT INC | 23.110 | | |
| | 51,140 | | | INTEL CORP | 13.800 | | |
| | 12,460 | | | INTERNATIONAL BUSINESS MACHS | 81.600 | | |
| | 33,820 | | | J.P. MORGAN CHASE & CO | 31.660 | | |
| | 25,594 | | | JOHNSON & JOHNSON | 58.580 | | |
| | 13,926 | | | KRAFT FOOD INC | 27.210 | | |
| | 10,366 | | | MCDONALDS CORP | 58.750 | | |
| | 10,464 | | | MEDTRONIC INC | 30.520 | | |

CONTINUED ON PAGE 17

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

BERNARD L. MADOFF
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

BULL MARKET FUND
F/K/A BLUMENFELD EMPLOYEES
C/O BLUMENFELD DEV GROUP LTD
300 ROBBINS LANE
SYOSSET NY 11791

PERIOD ENDING: 11/30/08
PAGE: 17
YOUR ACCOUNT NUMBER: 1-B0081-3-0
YOUR TAXPAYER IDENTIFICATION NUMBER: ******6934

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| | 19,580 | | | MERCK & CO | 26.720 | | |
| | 71,776 | | | MICROSOFT CORP | 20.220 | | |
| | 7,794 | | | OCCIDENTAL PETROLEUM CORP | 54.140 | | |
| | 36,176 | | | ORACLE CORPORATION | 16.090 | | |
| | 14,240 | | | PEPSICO INC | 56.700 | | |
| | 61,722 | | | PFIZER INC | 16.430 | | |
| | 19,002 | | | PHILLIP MORRIS INTERNATIONAL | 42.160 | | |
| | 27,492 | | | PROCTER & GAMBLE CO | 64.350 | | |
| | 15,130 | | | QUALCOMM INC | 33.570 | | |
| | 10,944 | | | SCHLUMBERGER LTD | 50.740 | | |
| | 3,226 | | | FIDELITY SPARTAN | 1 | | |
| | | | | U S TREASURY MONEY MARKET | | | |
| | 6,230 | | | 3M COMPANY | 66.930 | | |
| | 22,050 | | | TIME WARNER INC | 9.050 | | |
| | 16,020 | | | U S BANCORP | 26.980 | | |
| | 8,900 | | | UNITED PARCEL SVC INC | 57.600 | | |
| | | | | CLASS B | | | |
| | 8,900 | | | UNITED TECHNOLOGIES CORP | 48.530 | | |
| | 25,858 | | | VERIZON COMMUNICATIONS | 32.650 | | |
| | 20,470 | | | WAL-MART STORES INC | 55.880 | | |
| | 30,750 | | | WELLS FARGO & CO NEW | 28.890 | | |
| | 1,372 | | | WYETH | 36.010 | | |
| | | | | MARKET VALUE OF SECURITIES | | | |
| | | | | LONG SHORT | | | |
| | | | | 37,919,842.86 | | | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

BERNARD L. MADOFF
INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

BULL MARKET FUND
F/K/A BLUMENFELD EMPLOYEES
C/O BLUMENFELD DEV GROUP LTD
300 ROBBINS LANE
SYOSSET NY 11791

PERIOD ENDING: 11/30/08
PAGE: 1
YOUR ACCOUNT NUMBER: 1-B0081-4-0
YOUR TAX PAYER IDENTIFICATION NUMBER: ******6934

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| | | | | BALANCE FORWARD | | | 1,428,341.00 |
| 11/06 | | 312 | 18873 | S & P 100 INDEX NOVEMBER 470 CALL | 20.300 | | 633,048.00 |
| 11/06 | 312 | | 19108 | S & P 100 INDEX NOVEMBER 460 PUT | 20.500 | 639,912.00 | |
| 11/07 | | 216 | 31394 | S & P 100 INDEX NOVEMBER 470 CALL | 22 | | 474,984.00 |
| 11/07 | 216 | | 31629 | S & P 100 INDEX NOVEMBER 460 PUT | 13.800 | 298,296.00 | |
| 11/10 | | 264 | 43854 | S & P 100 INDEX NOVEMBER 485 CALL | 12.400 | | 327,096.00 |
| 11/10 | 264 | | 44089 | S & P 100 INDEX NOVEMBER 475 PUT | 16.800 | 443,784.00 | |
| 11/19 | | 792 | 30065 | S & P 100 INDEX DECEMBER 430 CALL | 26 | | 2,058,408.00 |
| 11/19 | 792 | | 30303 | S & P 100 INDEX DECEMBER 420 PUT | 30 | 2,376,792.00 | |
| 11/19 | 528 | | 30541 | S & P 100 INDEX NOVEMBER 470 CALL | 1.600 | 79,728.00 | |
| 11/19 | 264 | | 30779 | S & P 100 INDEX NOVEMBER 485 CALL | .900 | 24,024.00 | |
| 11/19 | | 528 | 31017 | S & P 100 INDEX NOVEMBER 460 PUT | 45 | | 2,375,472.00 |
| 11/19 | | 264 | 31255 | S & P 100 INDEX NOVEMBER 475 PUT | 59 | | 1,557,336.00 |

CONTINUED ON PAGE 2

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

Main Document

BERNARD L. MADOFF
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

BULL MARKET FUND
F/K/A BLUMENFELD EMPLOYEES
C/O BLUMENFELD DEV GROUP LTD
300 ROBBINS LANE
SYOSSET NY 11791

PERIOD ENDING: 11/30/08
PAGE: 2
YOUR ACCOUNT NUMBER: 1-B0081-4-0
YOUR TAX PAYER IDENTIFICATION NUMBER: ******6934

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| 11/25 | | 98 | 72033 | S & P 100 INDEX DECEMBER 380 CALL | 34 | | 333,102.00 |
| 11/25 | 98 | | 72271 | S & P 100 INDEX DECEMBER 370 PUT | 21 | 205,898.00 | |
| | | | | NEW BALANCE | | | 5,119,353.00 |
| | | | | SECURITY POSITIONS | MKT PRICE | | |
| | | 792 | | S & P 100 INDEX DECEMBER 430 CALL | 23.300 | | |
| | | 98 | | S & P 100 INDEX DECEMBER 380 CALL | 61 | | |
| | 792 | | | S & P 100 INDEX DECEMBER 420 PUT | 16.500 | | |
| | 98 | | | S & P 100 INDEX DECEMBER 370 PUT | 5.100 | | |
| | | | | MARKET VALUE OF SECURITIES LONG 1,356,780.00 SHORT 2,443,160.00 | | | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

651107

Schedule K-1 (Form 1065)
Department of the Treasury
Internal Revenue Service

# 2007

For calendar year 2007, or tax year beginning ______ ending ______

Final K-1 ☐ Amended K-1 ☐ OMB No. 1545-0099

## Partner's Share of Income, Deductions, Credits, etc.

▶ See separate instructions.

### Part I Information About the Partnership

A Partnership's employer identification number
11-2796934

B Partnership's name, address, city, state, and ZIP code
BULL MARKET FUND
300 ROBBINS LANE
SYOSSET, NY 11791

C IRS Center where partnership filed return
OGDEN, UT

D ☐ Check if this is a publicly traded partnership (PTP)

### Part II Information About the Partner

E Partner's identifying number
11-2725435

F Partner's name, address, city, state, and ZIP code
125 BETHPAGE ASSOCIATES
300 ROBBINS LANE
SYOSSET, NY 11791

G [X] General partner or LLC member-manager ☐ Limited partner or other LLC member

H [X] Domestic partner ☐ Foreign partner

I What type of entity is this partner? PARTNERSHIP

J Partner's share of profit, loss, and capital:

| | Beginning | Ending |
|---|---|---|
| Profit | VARIOUS% | VARIOUS% |
| Loss | VARIOUS% | VARIOUS% |
| Capital | VARIOUS% | VARIOUS% |

K Partner's share of liabilities at year end:

| | |
|---|---|
| Nonrecourse | $ |
| Qualified nonrecourse financing | $ |
| Recourse | $ 0. |

L Partner's capital account analysis:

| | |
|---|---|
| Beginning capital account | $ 78,220. |
| Capital contributed during the year | $ 80,750. |
| Current year increase (decrease) | $ 11,158. |
| Withdrawals & distributions | $( ) |
| Ending capital account | $ 170,128. |

[X] Tax basis ☐ GAAP ☐ Section 704(b) book
☐ Other (explain)

### Part III Partner's Share of Current Year Income, Deductions, Credits, and Other Items

| Item | Amount |
|---|---|
| 1 Ordinary business income (loss) | 0. |
| 2 Net rental real estate income (loss) | |
| 3 Other net rental income (loss) | |
| 4 Guaranteed payments | |
| 5 Interest income | 1,594. |
| 6a Ordinary dividends | 886. |
| 6b Qualified dividends | |
| 7 Royalties | |
| 8 Net short-term capital gain (loss) | 8,355. |
| 9a Net long-term capital gain (loss) | |
| 9b Collectibles (28%) gain (loss) | |
| 9c Unrecaptured sec 1250 gain | |
| 10 Net section 1231 gain (loss) | |
| 11 Other income (loss) C | 323. |
| 12 Section 179 deduction | |
| 13 Other deductions | |
| 14 Self-employment earnings (loss) | |
| 15 Credits | |
| 16 Foreign transactions | |
| 17 Alternative min tax (AMT) items | |
| 18 Tax-exempt income and nondeductible expenses | |
| 19 Distributions | |
| 20 Other information A | 2,480. |
| 20 Other information W* | 1,594. |

*See attached statement for additional information.

For IRS Use Only

JWA For Paperwork Reduction Act Notice, see Instructions for Form 1065. Schedule K-1 (Form 1065) 2007

711261
12-31-07

# MEMORANDUM

**TO:** **125 Bethpage Associates**

**FROM:** Harvey Cohen

**RE:** Bull Market Fund

**DATE:** **December 31, 2008**

---

Please find below your balance in the Bull Market Fund as of December 10, 2008. This includes your November 30, 2008 balance plus any additions, if applicable, made subsequent to November 30, 2008 and sent to Bernard L. Madoff Investment Securities, LLC.

Account Balance as of December 10, 2008: $223,103

Please call me if I can be of further service.

0700A/121584

ORIGINAL

# AMENDED AGREEMENT AND CERTIFICATE OF LIMITED PARTNERSHIP OF 125 BETHPAGE ASSOCIATES

Pursuant to an Agreement and Certificate of Limited Partnership (the "Original Agreement") filed in the office of the Clerk of the County of Nassau on February 8, 1984 by and between Edward Blumenfeld (the "Original General Partner"), and Susan Blumenfeld (the "Original Limited Partner"), the parties formed a limited partnership under the provisions of the Uniform Limited Partnership Act, as adopted in the State of New York, under the name of 125 Bethpage Associates to acquire, own and operate real property. The parties hereto, intending to be legally bound, hereby amend the Original Agreement (i) to permit the admission of additional general partners (who, with the Original General Partner, are hereinafter collectively referred to as the "General Partners"), (ii) to admit additional limited partners (who, with the Original Limited Partner are hereinafter collectively referred to as the "Limited Partners"), (iii) to permit the reallocation of limited partnership and general partnership interests, and (iv) to delete in their entirety the provisions of the Original Agreement and to substitute therefore the terms and provisions contained in this agreement (the "Agreement"); it being understood that the Limited Partners, together with the General Partners are hereinafter collectively referred to as the "Partners".

IT IS AGREED AS FOLLOWS:

## SECTION 1. AGREEMENT TO CONTINUE THE PARTNERSHIP

The limited partnership known as 125 Bethpage Associates (hereinafter the "Partnership") which was organized and became effective under the provisions of the Uniform Limited Partnership Act, as adopted in New York, upon the filing of its Certificate of Limited Partnership in the Office of the Clerk of the County of Nassau on February 8, 1984, is continued thereunder pursuant to this Agreement which is to be filed on behalf of the Partnership in the Office of the Clerk of the County of Nassau.

## SECTION 2. NAME AND LOCATION

The name of the Partnership is 125 Bethpage Associates. The office and principal place of business of the Partnership is located at c/o Edward Blumenfeld, 6800 Jericho Turnpike, Syosset, New York 11791. Upon notice to the other Partners, the General Partners may at any time change this location or establish additional offices.

SECTION 3. PURPOSES

The Partnership is the owner of certain property, real and personal, known by the street address of 125 Old Bethpage Road, Plainview, New York (the "Property"). The character of the Partnership's business is to, own, manage, operate, lease, rehabilitate, alter, improve, sell and transfer all or any part of the Property and otherwise to engage in any activity in connection with or ancillary to any of the foregoing.

SECTION 4. TERM

The existence of the Partnership commenced upon the filing of the Partnership's Certificate of Limited Partnership on February 8, 1984, and shall terminate on December 31,2042, unless earlier terminated in accordance with this Agreement.

SECTION 5. PARTNERS' NAMES AND ADDRESSES:

Edward Blumenfeld, whose residence address is 7 The Dogwoods, Roslyn Estates, New York 11576, continues as a General Partner, and Susan Blumenfeld, whose residence address is 7 The Dogwoods, Roslyn Estates, New York 11576, is admitted as an additional general partner; Edward Blumenfeld and Susan Blumenfeld, as heretofore stated, (as well as any person, firm, corporation or entity admitted to the Partnership as an additional or substitute general partner) are collectively being referred to herein as the "General Partners".

5.2. The name of, place of residence or place of business of the Limited Partners, as well as the capital contribution of each of the limited partners and their limited partnership interests expressed as Units held by each of the Limited Partners is set forth on Schedule I annexed hereto and made a part hereof. All references to the Limited Partners in the Agreement shall refer solely to the individuals and entities listed in Schedule I, as well as to any one admitted to the Partnership as a substitute limited partner as provided in this Agreement.

SECTION 6. CONTRIBUTION TO CAPITAL

6.1. The General Partners have made an aggregate capital contribution of $200.00 to the Partnership; and except as otherwise specifically set forth in Sections 7.2 and 8.1 of this Agreement, will receive a 1% interest in the profits, losses and distributions of the Partnership.

6.2. The Limited Partners have acquired limited partnership interests in the Partnership from the Partnership in the form of Units, which hereinafter, together with the general Partnership interests of the General Partners, are sometimes referred to as the "Interests", as shown in Schedule I, annexed hereto.

As indicated in Schedule I, certain of the Limited Partners identified in Schedule I as the Class A Limited Partners, consisting of the General Partners, their attorney, Stanley N. Queler and their accountants, Harold H. Silverman and Gerald Y. Mordfin, have made a nominal payment for their Interests which is disportionate to the extreme to the capital contributions reflected in Schedule I as being required by the Limited Partners identified in Schedule I as the Class B Limited Partners.

The Class A Limited Partners have made their contributions to the capital of the Partnership as indicated in Schedule I.

For their Interests, each of the Class B Limited Partners, shall make his contribution to the capital of the Partnership as specified in Schedule I, one half by January 31, 1985 and the balance by January 31, 1986. The total payments to be made by a Class B Limited Partners per Unit (or fractional Unit where applicable) is referred to in this Agreement as the "Class B Limited Partners Payments".

6.3 The failure of any Class B Limited Partner to pay all or any portion of his Class B Limited Partner's Payment when such payment is due shall constitute an event of default ("Default"), and the General Partners shall immediately give notice of the Default to such Class B Limited Partner (the "Defaulting Partner"). The foregoing rights of the Partnership shall not be exhausted by the extercise thereof and shall apply equally to any subsequent default of defaults by any Defaulting Partner.

6.3.1. If, for any reason, payment of an amount in default is not received on or before the first day of the second month following the due date of such installment (the "Final Payment Date"), the General Partners may, on behalf of the Partnership, accelerate all indebtedness of the Defaulting Partner to the Partnership for a the payment of capital contributions.

6.3.1.1. The General Partners (on behalf of the Partnership) shall have the right, commencing on the Final Payment Date, to arrange for the sale of the Defaulting Partner's Interest by offering this Interest to the other Limited Partners, and to any others, including themselves, in a manner and for an amount that is fair, reasonable, and bona fide to the Defaulting Limited Partner. The Defaulting Limited Partner shall be entitled to payment of any surplus proceeds out of said sale over and above the amount of his then existing indebtedness. Said Unit may be transferred under the Power of Attorney granted to the General Partners without the signature or approval of the Defaulting Limited Partner.

6.3.1.2. If the interest of a Defaulting Partner is not acquired by another person in accordance with this section 6.3.1 or if the amounts which any

purchaser agrees to pay for such Interest are less than the sum of the payments owing, the Partnership may avail itself of appropriate legal remedies to compel payment by the Defaulting Partner of any unpaid Limited Partner's Payments, together with interest at the greater of 12% per annum or such maximum rate as may be allowable by law from the Final Payment Date and reasonable court costs and legal fees. If any person purchases the Defaulting Partner's Interest in the Partnership pursuant to Section 6.3.1, the Defaulting Partner shall be relieved of his obligations to make further installments of his Class B Limited Partner's Payments only to the extent they are actually paid by the purchaser.

6.3.2. From and after the Final Payment Date, if the amount of any installment payment is still in default, all rights and benefits attributable to the Interest of a Defaulting Partner shall be immediately suspended until he has cured his Default under Section 6.3 or the purchaser of his Interest has been admitted to the Partnership as a Limited Partner. The net profits, net losses, and credits allocable under Section 7 to, and the cash distributable under Section 8 with respect to, the Interest of any Defaulting Partner shall be allocated or distributed to the General Partners and the non-defaulting Limited Partners in such manner as the General Partners shall reasonably determine.

6.3.3. No transfer of the Interest of a Defaulting Partner may be made pursuant to Section 6 without compliance with the Provisions of Sections 11.3, 11.4, and 11.6.

6.4. The Limited Partners, as such, shall not be liable for the debts, liabilities, contracts or any other obligations of the Partnership. Except as expressly provided in this Agreement no Limited Partner shall be obligated to make additional contributions to the capital of the Partnership provided, however, that if the distribution of cash (or other assets) by the Partnership to any Limited Partner causes a reduction in such Limited Partner's capital below his stated contribution specified in the Certificate of Limited Partnership then of record, then under the Uniform Limited Partnership Act, such Limited Partner may thereafter be liable to the Partnership for up to the amount of such distribution (with interest), if necessary to discharge the Partnership's liabilities to creditors who extended credit or whose claims arose before such distribution. The General Partners shall have the authority, but not the obligation (nor any liability to any Limited Partner(s) for failure to do so), to file, on behalf of the Partnership, an amended Certificate of Limited Partnership setting forth the capital contributed to the Partnership by each such Limited Partner as reduced by the amount of any such distribution. By the grant of the Power of Authority in Section 14 hereof, each Limited Partner grants to the General Partners the right to sign such amended Certificate

of Limited Partnership on behalf of each Limited Partner and to file Certificates of Limited Partnership, and amendments thereof, in such jurisdictions as the General Partners deem advisable.

6.5. Except as provided in this Agreement or as required by law, the General Partners shall not have any obligations or liability to any other Partner or to the Partnership to make any advances or contributions to the capital of the Partnership. For purposes of Section 6.3, the term "General Partners" shall include a former General Partner.

6.6 No interest shall accrue on any contribution by a Partner to the capital of the Partnership, and no Partner shall have the right to withdraw or be repaid any capital contribution by him except in each instance, as specifically provided in this Agreement.

6.7 No time has been agreed upon when the contribution of the Limited Partners or any of them is to be returned. No right is given to any Limited Partner to demand and receive property other than cash, in return as contributions to the capital of the Partnership. No Limited Partner has priority over any other Limited Partner as to contributions or as to compensation by way of income.

SECTION 7. PROFITS AND LOSSES

7.1. The Partnership's profits, losses, and credits for each calendar year shall be allocated 1% to the General Partners and 99% to the Limited Partners.

7.2. All gains recognized by the Partnership from a Capital Transaction shall be allocated as follows:

(1) gain shall be allocated to those Partners with negative capital accounts, immediately prior to such transaction, pro rata according to their Interest, until all such capital accounts have been returned to zero;

(2) the portion of any gain to be allocated under this Section 7.02 that represents a recapture of depreciation shall be allocated among the Partners in the proportions in which depreciation deductions were allocated among the Partners.

(3) any remaining gain or loss shall be allocated 5% to the General Partners and 95% to the Limited Partners; and

(4) losses shall be allocated to those Partners with positive capital accounts immediately prior to such transaction in the proportion in which a Partner's positive capital balance in his capital account bears to the sum of all such positive balances of the Partners.

7.3. Each Limited Partner shall be allocated that portion of the profits, losses, and credits allocated to all the Limited Partners under Section 7.1 and that portion of the recognized income allocated to them under Section 7.2, and each shall receive that portion of the cash to be distributed to them under Section 8, as the number of Units owned by each such Limited Partner bears to the total number of Units.

7.4. Each of the General Partners shall be allocated that portion of the profits, losses and credits allocated to all of the General Partners under Section 7.1 and that portion of the recognized allocated to them under Section 7.2 and each shall receive that portion of the cash to be distributed to them under Section 8, as they determine from time to time and if they should fail so to determine the same shall be allocated equally among them.

SECTION 8. CASH DISTRIBUTIONS

8.1. Except for cash receipts from a Capital Transaction as defined in Section 8.5 below (which shall be promptly distributed by the General Partners in accordance with Section 8.3), the General Partner shall, in accordance with Section 8.2, distribute cash to the Partners to the extent of the excess, if any, if (i) the cash receipts of the Partnership from sources other than from a Capital Transaction after all expenses incurred in the Partnership's business have been paid or accrued (including, without limitation, interest on loans and taxes, but before making any allowances for depreciation or amortization of the cost of the Property or assets of the Partnership and before deducting any other non-cash charges taken into account in computing the income of the Partnership for Federal Income Tax purposes over (ii) all amounts paid during the period on account of the principal amount of any debts or capital expenditures (other than amounts paid out of previously established reserves) of the Partnership, together with any additional amount the General Partners reasonably believes are necessary as reserves for known claims of liabilities. Any cash distribution shall be at least on an annual basis within forty-five (45) days following the end of each year.

8.2. Except as provided in Section 8.3, cash distributions to the Partners shall be distributed 99% to the Limited Partners and 1% to the General Partners.

8.3. All cash receipts from a Capital Transaction shall be applied in the following order or priority:

8.3.1 First, to the payment of all expenses for repairs, replacements and renewals, and/or to the payment of any indebtedness of the Partnership required in the opinion of the General Partners in connection with the Capital Transaction and the setting aside of reserves considered

appropriate by the General Partners and the Partnership's accountants (the "Accountants") to provide for taxes, insurance, debt service repairs, replacements, renewals, and any costs and expenses related to the Capital Transaction; and

8.3.2 The balance, if any, shall be distributed in accordance with Section 7.2.

8.4 It is the intent of the Partners that each Partner's distributive share of income, gain, loss, deduction, or credit (or item thereof) shall be determined and allocated in accordance with Sections 7 and 8 hereof to the fullest extent permitted by Section 704(b) of the Internal Revenue Code of 1954, as amended, or any successor statute thereto (the "Code"). In order to preserve and protect the determinations and allocations provided for therein, the General Partners are authorized and directed to allocate income, gain, loss, deduction, or credit (or item thereof) arising in any year differently than otherwise provided for in Sections 7 and 8 hereof to the extent that allocating income, gain, loss, deduction, or credit (or item thereof) in the manner provided for in this Agreement would cause the determinations and allocations of each Partner's distributive share of income, gain, loss, deduction, or credit (or item thereof) not to be permitted by Section 704(b) of the Code and Treasury Regulations as eventually promulgated thereunder. Any allocation made pursuant to this Section 8.4 shall be deemed to be a complete substitute for any allocation otherwise provided for in Sections 7 and 8 hereof and no amendment of this Agreement or approval of any Partner shall be required.

8.4.1 In making any allocation (the "New Allocation") under Section 8.4 hereof, the General Partners are authorized to act after having been advised by the Accountants that under Section 704(b) of the Code and the Treasury Regulations thereunder, (i) the New Allocation is necessary and (ii) the New Allocation is the minimum modification of the allocations otherwise provided for in Sections 7 and 8 hereof necessary in order to assure that, either in the then current year or in any preceding year, each Partner's distributive share or income, gain, loss, deduction, or credit (or item thereof) is determined and allocated in accordance with Sections 7 and 8 hereof to the fullest extent permitted by Section 704(b) of the Code and the Treasury Regulations thereunder.

8.4.2 If the General Partners are required by Section 8.4 to make any New Allocation in a manner less favorable to the Limited Partners than is otherwise provided for in Sections 7 and 8 hereof, then the General Partners are authorized and directed, insofar as they are advised by the

Accountants that it is permitted by Section 704(b) of the Code, to allocate income, gain, loss, deduction, or credit (or item thereof) arising in later years in such manner so as to bring the allocations of income, gain, loss, deduction, or credit (or item thereof) to the Limited Partners as nearly as possible to the allocations otherwise contemplated by Sections 7 and 8 hereof. The General Partners shall give notice to the other Partners of any variations made in accordance with this Section and in compliance with the Code.

8.4.3 New Allocations made by the General Partners under Section 8.4 in reliance upon the advice of the Accountants and allocations made by the General Partners under Section 8.4.2 in reliance upon the advice of the Accountants shall be deemed to be made pursuant to the fiduciary obligation of the General Partners to the Partnership and the Limited Partners.

8.5 For the purposes of this Agreement, a "Capital Transactions" shall include (i) the sale or exchange of all or substantially all of the interest of the Partnership in the Property; (2) a condemnation; (3) the recovery of damage awards or insurance proceeds from the loss of all or substantially all of the Property; (4) a borrowing mortgage refinancing, or any other event arising other than in the ordinary course of the Partnership's business which results in proceeds in excess of $50,000.

SECTION 9. THE GENERAL PARTNERS

9.1 The General Partners shall have the exclusive right to manage the business of the Partnership with all rights and powers generally conferred by law or necessary, advisable or consistent in connection therewith, and shall devote to the Partnership such time as may be necessary for the proper performance of their duties under this Agreement. The General Partners shall be responsible for administering the affairs of the Partnership.

9.2. In addition to any other rights and powers which the General Partners may possess under law and subject to the provisions of Section 9.3 hereof, the General Partners shall have all specific rights and powers required for or appropriate to the management of the Partnership's business which, by way of illustration but not by way of limitation, shall include the following rights and powers, to the extent they are in furtherance of the business of the Partnership:

9.2.1 To borrow money for Partnership purposes and to mortgage and otherwise pledge the Partnership's assets and if security is required therefor, to

mortgage or subject to any other security device any portion of, or interest in, the Property or other Partnership assets, and in connection with any borrowing, mortgaging or encumbering, to grant to any secured party, as remedies upon default, a confession of judgment by the Partnership, acceleration of the indebtedness, appointment of a receiver, and such other remedies as such secured party may require, provided that none of such remedies shall purport to provide for or result in any recourse against any Limited Partner;

9.2.2 To lease or grant occupancy rights to others with respect to all or any part of the Property on such terms, including compensation, as they deem appropriate;

9.2.3 To acquire and enter into contracts of insurance at competitive rates, which the General Partners reasonably deem necessary and proper for the protection of the Partnership, for the conservation of the Property or any other asset of the Partnership, or for any purpose beneficial to the Partnership;

9.2.4 To employ agent, attorneys, brokers, managing agents, architects, contractors, subcontractors and Accountants on behalf of the Partnership, provided that such services are necessary or advisable and the compensation therefor is reasonable (for purposes of this clause, compensation shall be deemed reasonable if the rates being charged for services performed are comparable to the rates general being charged for similar services at the location where such services are performed);

9.2.5 To make such alterations, improvements and repairs to the property as may be determined by the General Partners; and in connection therewith or independently, to demolish, replace, repair, restore or rebuilt (if destroyed or condemned, in whole or in part, by any federal state or local jurisdiction) the Property or any portion thereof;

9.2.6 To bring or defend, pay, collect, compromise, arbitrate, resort to legal action, or otherwise adjust claims or demands of or against the Partnership;

9.2.7 To establish reasonable reserve funds from the gross receipts derived from the Partnership's operations to provide for future requirements of

the Property for maintenance, tenant vacancy, repair or replacement;

9.2.8 To consent to the modification, renewal or extension of any obligation of any person to the Partnership or of any agreement to which the Partnership is a party or of which it is a beneficiary, or by which it is bound; and

9.2.9 To execute, acknowledge and deliver any and all instruments necessary to effectuate the foregoing.

9.2.9.1 To take all action applicable in the opinion of the General Partners to effectuate the purposes of the Partnership.

9.3 Without the consent of Limited Partners holding a majority of the aggregate interests held by all Limited Partners (unless a different percentage is elsewhere in this Agreement expressly set forth) the General Partners, knowingly, shall not:

9.3.1 Amend this Agreement except to the extent authorized by the Power of Attorney set forth in Section 14;

9.3.1 Sell or otherwise dispose of all or substantially all of the Partnership's interest in the Property except as a result of an involuntary transfer of the Property as a result of a dissolution pursuant to Sections 12.1.2 and 12.1.3;

9.3.3 Do any act not contemplated by this Agreement which would make it impossible to carry on the ordinary business of the Partnership or which would contravene this Agreement;

9.3.4 Change the general character of the Partnership's business, as described in Section 3; or

9.3.5 Perform any act that would subject any Limited Partner to liability as a general partner in any jurisdiction in which the Partnership was formed or in which the Partnership transacts business.

**The parties hereto are aware that the General Partners (who are husband and wife) together with trusts for their children, their attorney, Stanley N. Queler, and their accountants, Gerald Y. Mordfin and Harold H. Silverman hold a majority of the aggregate Interests. As a result, the foregoing restrictions on the rights and authority of the General Partners will be of no effect, and wherever in this Agreement provision is made for obtaining the consent of a majority in Interest of the Limited Partners, the obtaining of such consent is certain.**

9.4 The Limited Partners in their status as such shall have no right to participate in the management of the business of the Partnership and no authority to act for or bind the Partnership.

9.5 The Limited Partners shall have no right to remove the General Partners, compel their withdrawal from the Partnership or elect additional General Partners except on the death, legal incapacity, insolvency, bankruptcy, dissolution, retirement, or withdrawal of both General Partners; except that, beginning in 1999, the Limited Partners may, if agreed to by 90% in Interests of the then Limited Partners, remove one or more of the General Partners. Any other General Partners, or General Partners in the future, shall be bound by the terms of this Agreement.

9.6 The General Partners shall not be liable, responsible or accountable in damage to any of the Limited Partners or the Partnership for errors in judgment or other acts or omissions on behalf of the Partnership performed or omitted by them in good faith and in a manner reasonably believed by them to be within the scope of the authority granted to them by this Agreement and in the best interests of the Partnership, unless they have been guilty of gross negligence or willful misconduct with respect to such acts or omissions. Any loss or damage incurred by the General Partners by reason of any act or omission so performed or omitted by them (and not involving gross negligence or willful misconduct) shall be paid by the Partnership and the General Partners indemnified therefore by the Partnership to the extent assets are available. The indemnification provided for herein shall extend to the acts or omissions of employees, agents, or contractors of the General Partners or of any organization or firm employed or retained by the General Partners in connection with the conduct of the affairs of the Partnership. Notwithstanding anything to the contrary contained herein, the Limited Partners shall not have any personal liability to the General Partners or to the Partnership on account of such loss or damage.

9.7 Any Partner may engage independently or with others in other business ventures of every nature and description, including the ownership, operation, management, syndication and development of real estate. Neither the Partnership nor any of the Partners shall have any rights or obligations in and to such ventures or the income or profits derived therefrom.

9.8 The General Partners may employ on behalf of the Partnership such persons, firms or corporations as it deems advisable for the conduct of the business of the Partnership, on such terms and for such compensation as the General Partners may deem reasonable.

9.9 Except as expressly provided in this Agreement, the General Partners shall not be entitled, directly or indirectly, to any salary, fees, commissions, profits or distributions from the Partnership.

9.10 The terms of the Partnership shall not be extended beyond the time provided in Section 12.1 nor shall Section 12 otherwise be amended without the unanimous consent of all Partners.

9.11 In the event the Partnership's funds are insufficient to meet its costs, expenses, obligations, liabilities and charges, or to make any expenditure authorized by this Agreement and additional funds are not available from third parties on terms acceptable to the General Partners in their sole discretion, the General Partners or any of them may (but shall not be required to) advance such funds to the Partnership. All amounts so advanced shall take the form of loans and the term of each such loan, including the interest rate, shall be fair and reasonable. Such loans will be repaid prior to any distributions to the Partners.

9.12 With respect to all of their obligations, powers and responsibilities under this Agreement, the General Partners are authorized to execute and deliver, for and on behalf of the Partnership, such notes and other evidences of indebtedness, contracts, agreements, assignments, leases, loan agreements, mortgages and other security instruments and agreements as it deems proper, all on such terms and conditions as they deem proper.

SECTION 10. REPRESENTATIONS, WARRANTIES, AND COVENANTS OF PARTNERS.

10.1 The General Partners represent and warrant to each Limited Partner that, as of the date of the admission of the Limited Partner to the Partnership, the Partnership is a duly organized limited partnership, validly existing under the laws of the State of New York.

10.2 Each Limited Partner (not a General Partner) hereby represents and warrants to the General Partner and to the Partnership that his acquisition of his Interest is made as principal solely for his own account for investment purposes only and not with a view to the resale or distribution of such Interest. Each Limited Partner agrees that he will not sell, assign, or otherwise transfer his Interest or any fraction thereof to any person who does not similarly represent and warrant and who does not similarly agree not to sell, assign, or transfer such Interest or fraction thereof to any person who does not so represent and warrant and agree. Nothing in this Section 10.2 shall relieve a Limited Partner from complying with the provisions of Section 11 before transferring this Interest to any person.

SECTION 11. TRANSFER OF INTERESTS.

11.1 Without the written consent of a majority in Interest of the Limited Partners, the General Partners shall not voluntarily withdraw or transfer or assign all or any part of his Interest to an assignee who becomes a substitute general partner in connection with such transfer.

11.2 No Limited Partner may voluntarily assign all or any part of his Interest without the express written consent of the General Partners except that no such consent shall be required for the transfer or assignment of all or part of an Interest (i) to another Partner or Partners, (ii) to or for the benefit of himself, his spouse, or any of his parents, brothers, sisters, or natural or adopted descendants or their spouses, (iii) as a gift to an organization described in Section 170 (c) of the Code or (iv) upon his bankruptcy, death or adjudication of incompetence.

11.3 No sale, exchange or assignment of all or any part of the Interest of a Limited Partner may be made if the sale, exchange, or assignment of the Interest would, in the opinion of counsel for the General Partners and the Partnership, result in the Partnership being considered to have been terminated within the meaning of Section 708 of the Code. Such opinion shall be delivered to the Partnership.

11.4 No transfer or assignment of all or any part of the Interest of a Limited Partner may be made unless the General Partners and the Partnership are provided with an opinion of counsel acceptable to them to the effect that such transfer or assignment (i) may be affected without registration of the Interest under the Securities Act of 1933, and (ii) not violate any state securities laws (including any investment suitability standards) applicable to the Partnership.

11.5 The bankruptcy, death or adjudication of incompetence of a Limited Partner shall not dissolve the Partnership but the trustee, executor, administrator, or guardian of his estate shall have all the rights of a Limited Partner for this purpose of settling or managing his estate and such (and only such) power as the bankrupt, deceased, or incompetent Limited Partner possessed to assign all or any part of his Interest. In the event of the death of a Limited Partner, the passage of the Interest to his estate subject to the liability under the Subscription Agreement shall not be deemed a sale or exchange requiring approval of the General Partners.

11.6 No assignee of all or any part of an Interest of a Limited Partner shall be admitted to the Partnership as a substitute Limited Partner unless (i) the assignor has indicated such intention of substitution in the written assignment or the transfer results by death or operation of law, (ii) the General Partners have consented in writing to such admission, which consent the General Partners may withhold at their absolute discretion, (iii) the assignee has executed a counterpart of this Agreement (as modified from time to time) and such other instruments as the General Partners deem necessary to confirm the undertaking of such assignee to be bound by all the terms and provisions of this Agreement, and (iv) the assignee has, if requested by the General Partners, made payment of the sum necessary to reimburse the Partnership and the General Partners for any reasonable expenses incurred in connection with such admission, including legal and accounting fees.

11.7 Upon the effective assignment by a Limited Partner of all or any part of his Interest during a Partnership taxable year, the profits, losses, and credits, as well as cash distributions made pursuant to Section 8 allocable to that Interest for that year, shall, upon timely delivery to the General Partners of a copy of their written assignment, be allocated between the assignor and assignee in the manner provided in the written assignment, but only if the allocation so provided, shall be deemed reasonable to the Accountants. In the absence of a reasonable allocation so made, profits, losses, and credits, as well as cash distributions made pursuant to Section 8 allocable to the Interest, shall be pro-rated between assignor and assignee on the basis of the number of days in the taxable year preceding and succeeding the date as of which the assignment is executed.

11.8 The General Partners (on behalf of the Partnership) are authorized to offer and sell further Limited Partnership Interests in the Partnership provided that the portion of the profits, losses, credits, income,and recognized gain allocable to, and the portion of the cash distributable to each Limited Partner hereunder shall not be reduced or diminished in any way by reason of such further sale of Interests in the Partnership.

11.9 The Partnership and the General Partners shall be entitled to treat the record owner of any Interest as the absolute owner thereof, and shall incur no liability for distributions made in good faith to such owner until such time as a written assignment of such interest has been received and accepted by the General Partners and recorded on the books of the Partnership.

SECTION 12. TERMINATION OF THE PARTNERSHIP.

12.1 The Partnership shall dissolve upon, but not before, the first to occur of the following:

12.1.1 At such time as the Partnership does not own or otherwise have rights to any part of the Property which term for the purposes hereof only includes a purchase money obligation received by the Partnership by reason of a sale of the Property or any part thereof;

12.1.2 Upon the retirement, withdrawal, dissolution, death, insanity, or bankruptcy of both of the General Partners, unless a majority in Interests of the Limited Partners shall agree, within one hundred twenty (120) days after such event, to continue the Partnership and its business and shall appoint a new general partner or general partners (upon which event, the term "General Partners" shall thereafter mean and refer to the new general partner or general partners appointed pursuant to this Section); or

12.1.3 December 31,2042.

12.2 Upon dissolution of the Partnership in accordance with this Agreement and the applicable Partnership Law, the Partnership shall not terminate until the provisions of Section 12.3 have been met and the Partnership's Certificate of Limited Partnership has been cancelled.

12.3 In connection with the termination of the Partnership, the assets of the Partnership shall be liquidated and, after Partnership obligations to third parties have been discharged or provided for, the proceeds distributed in accordance with Section 8.3, said termination to be considered a Major Capital Event for purposes of determining the priority of distribution of the Partners.

12.4 All liquidating distributions shall be made in cash. However, in connection with the sale by the Partnership and reduction to cash of its property, although the Partnership has no obligation to offer to sell any property to the Partners, any Partner may bid on and purchase such property; and provided further that if the General Partners or other duly authorized liquidating agent shall determine that an immediate sale of part or all of the Partnership assets would cause undue loss to the Partners, the liquidating agent may either defer liquidation of and withhold from distribution for a reasonable time any assets of the Partnership (except those necessary to satisfy the Partnership's current obligations) or distribute assets to the Partners in kind.

12.5 In connection with the termination of the Partnership, the Partnership shall furnish to each Partner a statement setting forth the assets and liabilities of the Partnership as of the date of complete liquidation. After distribution of all of the assets of the Partnership, the Limited Partners shall cease to be such, and the General Partners shall cause to be executed, acknowledged and filed all documents necessary to cancel the Partnership's certificate of Limited Partnership and terminate the Partnership.

SECTION 13. BOOKS AND ACCOUNTING

13.1 The General Partners shall accurately record each transaction of the Partnership (including all transactions relating to the operation of the Property) and keep full and accurate books of the Partnership. All books and records of the Partnership shall be kept at the office of the Partnership and shall be available at reasonable times for inspection by the Limited Partners or their duly appointed representatives.

13.2 The books of the Partnership shall be kept on the accrual or cash basis as determined by the General Partners, and the fiscal period of the Partnership shall be the calendar year. The profits and losses of the Partnership shall be calculated in accordance with the methods and practices to be used by the Partnership in filing its federal income tax return. Capital accounts for the General Partners and for each Limited Partner shall

be maintained as part of the books of the Partnership and the amount of profits or losses of the Partnership, as well as capital contributions to the Partnership and distributions from the Partnership shall be credited or charged, as the case may be, to the capital accounts of the respective Partners. Such capital accounts shall be maintained at all times, using the federal income tax basis for property contributed to the Partnership. An annual statement showing the source and application of Partnership funds, the income and expenses of the Partnership, the cash available for distribution, the amount of profits or losses allocated to such Partner and any increases or decreases in such Partner's capital, a balance sheet and such other financial statements as may be required by law, shall be prepared by the Accountants. Such financial statements (i) need not be audited and (ii) shall be furnished to each Limited Partner within one hundred and twenty (120) days after the end of each calendar year (or by such earlier date, as may be required by law). A true of such financial information as may be required for the filing of the Limited Partner's federal income tax return (i.e., a K-1) shall be supplied to each Limited Partner on a timely basis for such purpose.

13.3 As far in advance of any proposed Capital Transaction as is reasonably practicable, the General Partners shall send to each Limited Partner a report describing the anticipated Capital Transaction and estimating the profits (including the amount of any ordinary income to be recognized under Sections 1245 and 1250 of the Internal Revenue Code) or losses and approximate net proceeds which will arise therefrom. Within sixty (60) days after the Capital Transaction, the General Partners shall send a report to each Limited Partner confirming the tax consequences and net proceeds thereof.

13.4 At the request of any Partner, the General Partners will cause the Partnership to elect under Section 754 of the Code (in connection with the transfer of all or part of an Interest of a Partner by sale or exchange or upon the death of a Partner) to adjust the basis of Partnership property with respect to the Interest acquired by the transferee. The General Partners may also, at their discretion, make the election in the case of a transfer by sale, exchange, or death, without a request to do so, as well as in other limited circumstances to which the election applies. However, while the adjustments resulting from the foregoing election shall be reflected on the electing Partners' individual tax returns, they shall not be taken into account in computing profits, gains, losses, or capital account balances for purposes of this Agreement and shall not be reflected in the tax information to be provided pursuant to Section 13 hereof.

13.5 The Accountants shall be a certified public accountant or a certified public accounting firm which need not be independent selected by the General Partners.

13.6 The General Partners may, in their sole discretion, make (and if made, may revoke) such elections under the Code which

the General Partners shall determine to be in the best interests of the Partnership.

13.7 If the Partnership has expenses in connection with an audit of any Partnership income tax return by the Internal Revenue Service, and such expenses exceed, in any year through final settlement, compromise or adjudication of any issue raised by the Internal Revenue Service, the cash available to the Partnership to pay such expense, the General Partners, may assess the Limited Partners for some or all of such expenses.

SECTION 14. POWER OF ATTORNEY AND AMENDMENTS

14.1 Each Limited Partner hereby irrevocably constitutes and appoints the General partners his true and lawful attorney-in-fact with full power and authority in his name, place and stead to execute, acknowledge, deliver, swear to, file and record at the appropriate public office such documents as may be necessary to appropriate to carry out the provisions of this Agreement, including:

14.1.1 All certificates and other instruments (including counterparts of this Agreement), and any amendment thereof, which the General Partners deem appropriate to qualify, or continue the Partnership as a limited partnership under the Uniform Limited Partnership Act as adopted by the State of New York;

14.1.2 All instruments which the General Partners deem appropriate to reflect a change or modification of the Partnership Agreement in accordance with the terms of this Agreement; and

14.1.3 All conveyances and other instruments which the General Partners deem appropriate to reflect the dissolution and termination of this Partnership.

14.2 The appointment by all Limited Partners of the General Partners as their attorneys-in-fact shall be deemed to be a power coupled with an interest, in recognition of the fact that each of the Partners under this Agreement will be relying upon the power of the General Partners to act as contemplated by this Agreement in any filing and other action by them on behalf of the Partnership and shall survive the bankruptcy, death or incompetence of any Partner hereby giving such power and the transfer or assignment of all or any part of the Interest of such Partner; provided, however, that in the event of the transfer by a Limited Partner of all or any part of his Interest, the foregoing power of attorney of a transferor Limited Partner shall survive such transfer only until such time as the transferee shall have been admitted to the Partnership as a Limited Partner and all required documents and instruments shall have been duly executed, filed and recorded to effect such substitution.

14.3 A meeting of the Limited Partners for the purpose of acting or voting upon any matter upon which the Limited Partners are entitled to act or vote may be called by the General Partners at any time and shall be called by the General Partners no more than fifteen (15) days after receipt of a written request for such a meeting signed by one or more Limited Partners holding ten (10%) percent in Interests. The General Partners shall give written notice of any meeting to all Limited Partners, and such meeting shall be held no more than sixty (60) days after the General Partners send such notice to the Limited Partners. The General Partner may, and, no more than fifteen (15) days after receipt of a written request signed by one of more Limited Partners holding ten (10%) or more of the Interests, shall submit any manner upon which the Limited Partners are entitled to vote to the Limited Partners for a vote by written consent without a meeting. Such written consent shall be treated for all purposes as votes at a meeting.

SECTION 15. MANAGEMENT

The Partnership shall have the right to enter into a management agreement (the "Management Agreement") with Blumenfeld Weinstein, Inc. (the "Company"). Under the terms of the Management Agreement the Company will perform all management functions required in connection with the Property (including performance of all obligations imposed upon the landlord under the various leases with tenants for space within the Property). The Management Agreement may provide, among other things, that the Company will receive the management fee of up to 6% of gross rents received from the operation of the Property. Edward Blumenfeld, one of the General Partners, owns all of the issued and outstanding stock of the Company. The General Partners shall have the right to terminate the Management Agreement and to enter into future management agreements with other companies as determined by them at a compensation and for management functions similar to that provided for herein or in the Management Agreement.

SECTION 16. GENERAL PROVISIONS

16.1 No alteration, modification or amendment of this Agreement shall be binding unless in writing and signed by all Partners or by the General Partners on behalf of all of the Partners as provided in Section 14 hereof.

16.2 Any notices to be given under this Agreement shall be made in writing and shall be deemed to be given when delivered to the party at this address or when sent by certified or registered mail, return receipt requested, to the party at his address. The address of the General Partners for this purpose shall be the address set forth in Section 2 hereof and the address of each Limited Partner shall be the address set forth in Schedule I annexed to this Agreement or such other address where the other Partner have received prior written notice in the manner provided for in this Section 16.2.

16.3   This Agreement shall be governed and construed in accordance with the laws of the State of New York applicable to contracts executed and performed within the State of New York, notwithstanding contrary conflicts of law principles.

16.4   Except as otherwise provided, this Agreement shall be binding upon and inure to the benefit of the Partners and their personal representatives, successors and assigns.

16.5   Each substitute, additional or successor Partner shall become a signatory hereof by signing such number of counterparts of this Agreement and such other instrument or instruments, and in such manner, as the General Partners shall determine.   All said counterparts shall for all purposes constitute one agreement, binding on all the parties, notwithstanding that all parties are not signatories to the same counterpart.   By so signing, each substitute, additional or successor Partner, as the case may be, shall be deemed to have adopted and to have agreed to be bound by all the provisions of this Agreement; provided, however, that no such counterpart shall be binding until it shall have been signed by the General Partners and the admission of such substitute, additional or successor Partner shall have been set forth in an amendment to this Agreement and such amendment shall have been filed in accordance with the laws of the State of New York.

16.6   Edward Blumenfeld shall perform all duties and functions within the contemplation of Sections 6223, 6224, 6226, 6227, 6228 and 62230 of the Code, as amended in connection with any administrative proceeding by the Internal Revenue Service or ensuing judicial proceeding regarding a tax return of the Partnership.

16.7   Each Limited Partner hereby irrevocably consents to the exclusive jurisdiction of the Supreme Court of the State of New York, Nassau County, or the United States District Court for the Eastern District of New York, in all suits or other actions brought by or against such Limited Partner (whether in law or in equity( relating directly or indirectly to this Partnership Agreement or any of the contracts or agreements the General Partners have entered into on behalf of the Partnership and waives the right to trial by jury.

16.8   The Partners hereby agree that no Partner nor any successor-in-interest to any Partner shall have the right, while this Agreement remains in effect, to have the Property partitioned, or to file a complaint or institute any proceeding at law or in equity to have the Property partitioned, and each Partner, on behalf of himself, his successors, representatives, heirs and assigns, hereby waives any such right.

16.9   The failure of any Partner to insist upon strict performance of a covenant hereunder or of any obligation hereunder, irrespective of the length of time for which such failure continues,

shall not be a waiver of such Partner's right to demand strict compliance in the future. No consent or waiver, expressed or implied, to or of any breach or default in the performance of any obligation hereunder, shall constitute a consent or waiver to or of any other breach or default in the performance of the same or any other obligation hereunder.

16.10 This Agreement constitutes the full and complete Agreement of the parties hereto with respect to the subject matter hereof.

16.11 Titles or captions of Articles or Sections contained in this Agreement are inserted only as a matter of convenience and for reference, and in no way define, limit, extend or describe the scope of this Agreement or the intent of any provision hereof.

16.12 All terms and words used in this Agreement regardless of the number and gender in which used, shall be deemed to include any other number and any other gender as the context of the use thereof may require.

16.13 This Agreement constitutes the following understanding of the parties hereto with respect to its subject matter.

**IN WITNESS WHEREOF**, the parties have executed this Agreement as of the 21st day of December, 1984

**GENERAL PARTNERS**

Susan Blumenfeld

Edward Blumenfeld

LIMITED PARTNERS

Harold H. Silverman

Gerald Y. Morgfin

Susan Blumenfeld

Edward Blumenfeld

Stanley N. Queler

Martin Weissman

Israel Cohen

Jerome Gilbert

John Tutunjian

THE BRAD BLUMENFELD TRUST

By: Stanley N. Queler, Trustee

THE DAVID BLUMENFELD TRUST

By: Stanley N. Queler, Trustee

STATE OF NEW YORK )
ss.:
COUNTY OF NASSAU )

On this 15 day of ~~December~~ January, 1985, before me personally came STANLEY N. QUELER to me known and known to me to be the individual described in and who executed the foregoing instrument and acknowledged to me that he executed the same as the Trustee of The Brad Blumenfeld Trust and of The David Blumenfeld Trust.

MARY ANN ROSENBERG
Notary Public, State of New York
No. 30-4688083
Qualified in Nassau County
Commission Expires March 30, 1985

Mary Ann Rosenberg
Notary Public

STATE OF NEW YORK )
ss.:
COUNTY OF NASSAU )

On this 15 day of ~~December~~ January, 1985, before me personally came HAROLD H. SILVERMAN, GERALD Y. MORDFIN, SUSAN BLUMENFELD, EDWARD BLUMENFELD and STANLEY N. QUELER to me known and known to me to be the individuals described in and who executed the foregoing instrument and acknowledged to me that they executed the same.

MARY ANN ROSENBERG
Notary Public, State of New York
No. 30-4688083
Qualified in Nassau County
Commission Expires March 30, 1985

Mary Ann Rosenberg
Notary Public

STATE OF NEW YORK )
ss.:
COUNTY OF NASSAU )

On this 21st day of December, 1984, before me personally came MARTIN WEISSMAN, ISRAEL COHEN AND JEROME GILBERT ~~and JOHN TUTUNJIAN~~ to me known and known to me to be the individuals described in and who executed the foregoing instrument and acknowledged to me that they executed the same.

Mary Ann Rosenberg
Notary Public

MARY ANN ROSENBERG
Notary Public, State of New York
No. 30-4688083
Qualified in Nassau County
Commission Expires March 30, 1985

STATE OF NEW YORK )
ss.:
COUNTY OF NASSAU )

On this 24th day of December, 1984, before me personally came John Tutunjian to me known and known to me to be the individual described in and who executed the foregoing instrument and acknowledged to me that he executed the same.

Mary Ann Rosenberg

Notary Public

MARY ANN ROSENBERG
Notary Public, State of New York
No. 30-4688083
Qualified in Nassau County
Commission Expires March 30, 1985

STANLEY N. QUELER
NOTARY PUBLIC, State of New York
No. 31-3181500
Qualified in New York County
Commission Expires March 30, 1985

SCHEDULE 1

| Name and Residence Address | Capital Contribution | Number of Units |
|---|---|---|
| **Class A Limited Partners** | | |
| Edward Blumenfeld<br>7 The Dogwoods<br>Roslyn Estates, NY | $800 | 16 |
| Susan Blumenfeld<br>7 The Dogwoods<br>Roslyn Estates, NY | $200 | 4 |
| The Brad Blumenfeld Trust<br>c/o Stanley N. Queler<br>6800 Jericho Turnpike<br>Syosset, NY | $200 | 4 |
| The David Blumenfeld Trust<br>c/o Stanley N. Queler<br>6800 Jericho Turnpike<br>Syosset, NY | $200 | 4 |
| Stanley N. Queler<br>490 West End Avenue<br>New York, NY | $100 | 2 |
| Harold H. Silverman<br>34 Deerpath Lane<br>Syosset, NY | $ 50 | 1 |
| Gerald Y. Mordfin<br>2 Kristi Drive<br>Jericho, NY | $ 50 | 1 |
| **Class B Limited Partners** | | |
| Martin Weissman<br>62 Cornell Drive<br>Plainview, NY | $60,000 | 2.4 |
| Israel Cohen<br>7 The Loch<br>Roslyn Estates, NY | $60,000 | 2.4 |
| Jerome Gilbert<br>55 Cornell Drive<br>Plainview, NY | $40,000 | 1.6 |
| John Tutunjian<br>Midlane<br>Muttontown, NY | $40,000 | 1.6 |

S.Q.

DECLARATION OF SERVICE

State of New York, County of New York )ss:

Ramsey Hinkle an attorney admitted to practice in the courts of New York, hereby declares:

I am not a party to this action, am over 18 years of age and am an associate at the law office of Clayman & Rosenberg, LLP 305 Madison Avenue, New York, New York 10165.

On January 6, 2010, I served a true copy of the annexed OBJECTIONS TO TRUSTEES DETERMINATIONS by depositing the same with an overnight delivery service in a wrapper properly addressed, the address having been designated by the addressee for that purpose. Said delivery was made prior to the latest time designated by the overnight delivery service for overnight delivery. The address and delivery service are indicated below:

VIA FEDERAL EXPRESS
Irving H. Picard, Trustee
c/o Baker and Hostetler LLP
45 Rockefeller Plaza – 11th Floor
New York, New York 10111

I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct.

Executed on: January 6, 2010
New York, New York

Ramsey Hinkle

DECLARATION OF SERVICE

State of New York, County of New York )ss:

Ramsey Hinkle an attorney admitted to practice in the courts of New York, hereby declares:

I am not a party to this action, am over 18 years of age and am an associate at the law office of Clayman & Rosenberg, LLP 305 Madison Avenue, New York, New York 10165.

On January 6, 2010, I served a true copy of the annexed OBJECTIONS TO TRUSTEES DETERMINATIONS by depositing the same with an overnight delivery service in a wrapper properly addressed, the address having been designated by the addressee for that purpose. Said delivery was made prior to the latest time designated by the overnight delivery service for overnight delivery. The address and delivery service are indicated below:

VIA FEDERAL EXPRESS
Irving H. Picard, Trustee
c/o Baker and Hostetler LLP
45 Rockefeller Plaza – 11th Floor
New York, New York 10111

I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct.

Executed on: January 6, 2010
New York, New York

Ramsey Hinkle