MILBERG LLP
Jonathan M. Landers
Matthew Gluck
Brad N. Friedman
Sanford P. Dumain
Jennifer L. Young
One Pennsylvania Plaza
48th Floor
New York, NY 10119
Telephone: (212) 594-5300
Facsimile: (212) 868-1229

SEEGER WEISS LLP
Stephen A. Weiss
Christopher M. Van DeKieft
Parvin Aminolroaya
One William Street
New York, NY 10004
Telephone: (212) 584-0700
Facsimile:  (212) 584-0799

*Attorneys for Gail Plautz*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br>             Plaintiff, <br><br>     v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br>             Defendant. | Adv. Pro. No. 08-01789 (BRL) <br><br> SIPA Liquidation |

**OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM**

Gail Plautz ("Ms. Plautz"), by and through her attorneys, hereby objects to the Notice of Trustee's Determination of Claim dated December 8, 2009 ("Determination Letter"), attached as Exhibit A, as described herein.

1

## BACKGROUND

1.      On December 11, 2008, the above-captioned liquidation proceeding was commenced against BMIS, pursuant to SIPA. *See* Order, *Securities and Exchange Commission v. Madoff*, No. 08-10791 (S.D.N.Y. Dec. 15, 2008) (ordering relief under SIPA and transferring proceeding to the United States Bankruptcy Court for the Southern District of New York) [Dkt. No. 4]. Irving Picard was appointed Trustee ("BMIS Trustee"), charged with overseeing the liquidation of BMIS and processing customer claims for money pursuant to SIPA. *Id*.; *see also* 15 U.S.C. 78fff-1(a).

2.      Ms. Plautz is an investor in Greenwich Sentry Partners, L.P. ("Greenwich Sentry Partners") and, on information and belief (including information provided by Fairfield Greenwich (Bermuda) Ltd., the General Partner of Greenwich Sentry Partners), Greenwich Sentry Partners is a "customer," as defined by the Securities Investor Protection Act of 1970 ("SIPA"), of BMIS. Thus, Ms. Plautz has an interest in certain claims belonging to Greenwich Sentry Partners in the BMIS liquidation proceeding.

3.      On December 23, 2008, the Court issued an Order directing the Trustee to disseminate notice and claim forms to BMIS customers and setting forth claim-filing deadlines. *See* Order [Dkt. No. 12]. Upon information and belief, the BMIS Trustee disseminated notice and claim forms to BMIS's customers in accordance with the Court's Order.

4.      The December 23, 2008 Order further provided that, to the extent the BMIS Trustee disagrees with the amount set forth on a customer claim form, the BMIS Trustee "shall notify such claimant by mail of his determination that the claim is disallowed, in whole or in part, *and the reason therefor* . . . ." *See* Order at 6 (emphasis added) [Dkt. No. 12].

2

5.  On or about July 1, 2009, Ms. Plautz submitted a customer claim form to SIPC, which was designated as Claim No. 015149 by the BMIS Trustee ("Pierce Customer Claim") (Exhibit B).[1]

6.  On December 8, 2009, the BMIS Trustee sent Ms. Plautz the Determination Letter disallowing Ms. Plautz's claim in its entirety on the basis that she "is not a customer of BLMIS under SIPA as that term is defined at 15 U.S.C. § 78lll(2)." *See* Determination Letter (Exhibit A).

### OBJECTION

7.  Ms. Plautz hereby objects to the Determination Letter on the basis of the reasons set forth herein.

8.  First Objection.  Normally, bankruptcy law prevents parties whose claims are derived from the claim of a creditor from seeking to recover on such derived claims from the debtor. Such rules are designed to prevent duplicate recoveries arising from what amounts to a single legal claim. *See* Bankruptcy Code §§ 502(e), 509. However, bankruptcy law also recognizes that the derivative claimant should be permitted to file such a claim when the direct creditor fails or refuses to file or prosecute a claim since, in such cases, there is no risk of a double recovery. For example, bankruptcy law provides that "[i]f a creditor does not timely file a proof of such creditor's claim, an entity that is liable to such creditor with the debtor, or that has secured such creditor, may file a proof of such claim." *See* Bankruptcy Code § 501(b); *see also* Fed. R. Bankr. P. 3005(a). To the extent that this is the case here with respect to Greenwich Sentry Partners, or any other entity, these principles apply here and it is only appropriate and equitable that Ms. Plautz's claim be considered and honored, as there is no danger of double

---

[1] In accordance with the Court's Order dated October 20, 2009 [Dkt. No. 533], Claimant's personal identification data has been redacted from Exhibit B.

3

recovery to the extent that these entities have failed to file and/or prosecute or defend any claims on their own behalves or on behalf of Ms. Plautz.

9. <u>Second Objection</u>. The BMIS Trustee has encouraged all those who lost money due to the Madoff Ponzi scheme to file customer claim forms. This includes investors such as Ms. Plautz who invested "indirectly" with BMIS. The BMIS Trustee has clearly contemplated a scenario whereby "indirect" investors, such as Ms. Plautz, would be entitled to have their claims allowed and/or paid in this proceeding. To the extent that any such "indirect" claims are allowed and/or "indirect" claimants are deemed "customers" under SIPA by virtue of the present statute, any amended statute, any decision or ruling of any administrative agency, any decision or ruling by SIPC or the Madoff Trustee, or any decision or order of any court, he reserves the right to challenge any determination of his claim by the BMIS Trustee.

## RELIEF REQUESTED

10. For the reasons stated herein, Ms. Plautz's claim should be allowed insofar as it is part of Greenwich Sentry Partner's claim.

11. To the extent Ms. Plautz's claim is deemed to be filed on behalf of Greenwich Sentry Partners, Ms. Plautz reserves the right to supplement her claim and submit further objections to any Determination of Claim directed to Ms. Plautz, including but not limited to the right to object to the BMIS Trustee's method of calculating "net equity" or other objections to the method by which the BMIS Trustee has calculated the amount of the claim.

12. Ms. Plautz requests such other relief as may be just and equitable.

4

**CONCLUSION**

13. Ms. Plautz reserves the right to revise, supplement, or amend this Objection, and any failure to object on a particular ground or grounds shall not be construed as a waiver of Ms. Plautz's right to object on any additional grounds.

14. Ms. Plautz reserves all rights set forth in Rule 9014, including, without limitation, rights of discovery. *See* Fed. R. Bankr. P. 9014.

15. Ms. Plautz reserves all objections as to the competence, relevance, materiality, privilege, or admissibility of evidence in any subsequent proceeding or trial of this or any other action for any purpose whatsoever.

16. Ms. Plautz incorporates by reference all reservations of rights set forth in Ms. Plautz's Customer Claim.

Dated: January 7, 2010

　　　　　　　　　　　　　　　　　　　　/s/ Jonathan M. Landers
　　　　　　　　　　　　　　　　　　　　MILBERG LLP
　　　　　　　　　　　　　　　　　　　　Jonathan M. Landers
　　　　　　　　　　　　　　　　　　　　Matthew Gluck
　　　　　　　　　　　　　　　　　　　　Brad N. Friedman
　　　　　　　　　　　　　　　　　　　　Sanford P. Dumain
　　　　　　　　　　　　　　　　　　　　Jennifer L. Young
　　　　　　　　　　　　　　　　　　　　One Pennsylvania Plaza, 48th Fl.
　　　　　　　　　　　　　　　　　　　　New York, NY 10119
　　　　　　　　　　　　　　　　　　　　Telephone: (212) 594-5300
　　　　　　　　　　　　　　　　　　　　Facsimile: (212) 868-1229

　　　　　　　　　　　　　　　　　　　　SEEGER WEISS LLP
　　　　　　　　　　　　　　　　　　　　Stephen A. Weiss
　　　　　　　　　　　　　　　　　　　　Christopher M. Van DeKieft
　　　　　　　　　　　　　　　　　　　　Parvin Aminolroaya
　　　　　　　　　　　　　　　　　　　　One William Street
　　　　　　　　　　　　　　　　　　　　New York, NY 10004
　　　　　　　　　　　　　　　　　　　　Telephone: (212) 584-0700
　　　　　　　　　　　　　　　　　　　　Facsimile:  (212) 584-0799

　　　　　　　　　　　　　　　　　　　　*Attorneys for Gail Plautz*