MILBERG LLP
Jonathan M. Landers
Matthew Gluck
Brad N. Friedman
Sanford P. Dumain
Jennifer L. Young
One Pennsylvania Plaza
48th Floor
New York, NY 10119
Telephone: (212) 594-5300
Facsimile: (212) 868-1229

SEEGER WEISS LLP
Stephen A. Weiss
Christopher M. Van De Kieft
Parvin K. Aminolroaya
One William Street
New York, NY 10004
Telephone: (212) 584-0700
Facsimile:  (212) 584-0799

*Attorneys for Jonathan Sobin and Sylvia Michelle Sobin*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-01789 (BRL) <br><br> SIPA Liquidation |

**OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM**

Jonathan Sobin and Sylvia Michelle Sobin, by and through their attorneys, hereby object to the Notice of Trustee's Determination of Claim dated December 8, 2009 ("Determination Letter"), attached as Exhibit A, as described herein.

**BACKGROUND**

1.     Mr. and Mrs. Sobin invested with the Rye Select Broad Market XL Fund, LP, ("Rye XL Fund") which is believed to have invested in the Rye Select Broad Market Fund LP, which is believed to have invested directly with Bernard L. Madoff Investment Securities, LLC ("BMIS"), and which is, upon information and belief, a "customer" as defined by the Securities Investor Protection Act of 1970 ("SIPA"), of BMIS.

2.     On December 11, 2008, the above-captioned liquidation proceeding was commenced against BMIS, pursuant to SIPA. *See* Order, *Securities and Exchange Commission v. Madoff*, No. 08-10791 (S.D.N.Y. Dec. 15, 2008) (ordering relief under SIPA and transferring proceeding to the United States Bankruptcy Court for the Southern District of New York) [Dkt. No. 4]. Irving Picard was appointed Trustee ("BMIS Trustee"), charged with overseeing the liquidation of BMIS and processing customer claims for money pursuant to SIPA. *Id*.; *see also* 15 U.S.C. 78fff-1(a). Mr. and Mrs. Sobin are investors in the Rye XL Fund. The Rye XL Fund invested in the Rye Select Broad Market Fund LP. The Rye Select Broad Market Fund LP was an investor in BMIS placing all or substantially all of its millions of dollars in reported assets with Bernard Madoff and BMIS. Thus, Mr. and Mrs. Sobin have an interest in certain claims belonging to the Rye Select Broad Market Fund LP in the BMIS liquidation proceeding.

3.     On December 23, 2008, the Court issued an Order directing the BMIS Trustee to disseminate notice and claim forms to BMIS customers and setting forth claim-filing deadlines. *See* Order [Dkt. No. 12]. Upon information and belief, the BMIS Trustee disseminated notice and claim forms to BMIS's customers in accordance with the Court's Order.

4.     The December 23, 2008 Order further provided that, to the extent the BMIS Trustee disagrees with the amount set forth on a customer claim form, the BMIS Trustee "shall

2

notify such claimant by mail of his determination that the claim is disallowed, in whole or in part, *and the reason therefor . . . ."* *See* Order at 6 (emphasis added) [Dkt. No. 12].

5. On or about March 4, 2009, Mr. and Mrs. Sobin submitted a customer claim form to SIPC, which was designated as Claim No. 8500 by the BMIS Trustee ("Sobin Customer Claim") (Exhibit B).[1]

6. On December 8, 2009, the BMIS Trustee sent Mr. and Mrs. Sobin the Determination Letter disallowing Mr. and Mrs. Sobin's claim in its entirety on the basis that "you are not a customer of BLMIS under SIPA as that term is defined at 15 U.S.C. § 78lll(2)." *See* Determination Letter (Exhibit A).

## **OBJECTION**

7. For the reasons set forth herein, Mr. and Mrs. Sobin hereby object to the Determination Letter.

(a) <u>First Objection</u>. Normally, bankruptcy law prevents parties whose claims are derived from the claim of a creditor from seeking to recover on such derived claims from the debtor. Such rules are designed to prevent duplicate recoveries arising from what amounts to a single legal claim. *See* Bankruptcy Code §§ 502(e), 509. However, bankruptcy law also recognizes that the derivative claimant should be permitted to file such a claim when the direct creditor fails or refuses to file or prosecute a claim since, in such cases, there is no risk of a double recovery. For example, bankruptcy law provides that "[i]f a creditor does not timely file a proof of such creditor's claim, an entity that is liable to such creditor with the debtor, or that has secured such creditor, may file a proof of such claim." *See* Bankruptcy Code § 501(b); *see also* Fed. R. Bankr. P. 3005(a). To the extent that this is the case here with respect to the Rye

3

Select Broad Market Fund, LP, or any other entity, these principles apply here and it is only appropriate and equitable that Mr. and Mrs. Sobin's claim be considered and honored, as there is no danger of double recovery to the extent that these entities have failed to file and/or prosecute or defend claims on their own behalves or on behalf of Mr. and Mrs. Sobin.

8.    Second Objection.  The BMIS Trustee has encouraged all those who lost money due to the Madoff Ponzi scheme to file customer claim forms.  This includes investors such as Mr. and Mrs. Sobin who invested "indirectly" with BMIS.  The BMIS Trustee has clearly contemplated a scenario whereby "indirect" investors, such as Mr. and Mrs. Sobin, would be entitled to have their claims allowed and/or paid in this proceeding.  To the extent that any such "indirect" claims are allowed and/or "indirect" claimants are deemed "customers" under SIPA by virtue of the present statute, any amended statute, any decision or ruling of any administrative agency, any decision or ruling by SIPC or the BMIS Trustee, or any decision or order of any court, they reserve the right to challenge any determination of their claim by the BMIS Trustee.

**RELIEF REQUESTED**

9.    For the reasons stated herein, Mr. and Mrs. Sobin's claim should be allowed insofar as it is part of the Rye Select Broad Market Fund, LP's claim.

10.    To the extent Mr. and Mrs. Sobin's claim is deemed to be filed on behalf of Rye Select Broad Market Fund, LP, Mr. and Mrs. Sobin reserve the right to supplement their claim and submit further objections to any Determination of Claim directed to Mr. and Mrs. Sobin, including but not limited to the right to object to the BMIS Trustee's method of calculating "net equity" or other objections to the method by which the BMIS Trustee has calculated the amount of the claim.

---

[1] In accordance with the Court's Order dated October 20, 2009 [Dkt. No. 533], Claimant's

4

11. Mr. and Mrs. Sobin request such other relief as may be just and equitable.

## CONCLUSION

12. Mr. and Mrs. Sobin reserve the right to revise, supplement, or amend this Objection, and any failure to object on a particular ground or grounds shall not be construed as a waiver of Mr. and Mrs. Sobin's right to object on any additional grounds.

13. Mr. and Mrs. Sobin reserve all rights set forth Rule 9014, including, without limitation, rights of discovery. See Fed. R. Bankr. P. 9014.

14. Mr. and Mrs. Sobin reserve all objections as to the competence, relevance, materiality, privilege, or admissibility of evidence in any subsequent proceeding or trial of this or any other action for any purpose whatsoever.

15. Mr. and Mrs. Sobin incorporate by reference all reservations of rights set forth in the Sobin Customer Claim.

Dated: January 7, 2010

                                                <u>Stephen A. Weiss</u>
                                                SEEGER WEISS LLP
                                                Stephen A. Weiss
                                                Christopher M. Van De Kieft
                                                Parvin K. Aminolroaya
                                                One William Street
                                                New York, NY 10004
                                                Telephone: (212) 584-0700
                                                Facsimile: (212) 584-0799

---

personal identification data has been redacted from Exhibit B.

          MILBERG LLP
Jonathan M. Landers
Matthew Gluck
Brad N. Friedman
Sanford P. Dumain
Jennifer L. Young
One Pennsylvania Plaza, 48th Fl.
New York, NY 10119
Telephone: (212) 594-5300
Facsimile: (212) 868-1229

*Attorneys for Jonathan Sobin and Sylvia Michelle Sobin*