MILBERG LLP
Jonathan M. Landers
Matthew Gluck
Brad N. Friedman
Sanford P. Dumain
Jennifer L. Young
One Pennsylvania Plaza
48th Floor
New York, NY 10119
Telephone: (212) 594-5300
Facsimile: (212) 868-1229

SEEGER WEISS LLP
Stephen A. Weiss
Christopher M. Van DeKieft
Parvin Aminolroaya
One William Street
New York, NY 10004
Telephone: (212) 584-0700
Facsimile:  (212) 584-0799

*Attorneys for Nadio Finance S.A.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>      Plaintiff,<br><br>  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>      Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation |

**OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM**

   Nadio Finance, S.A. ("Nadio"), by and through its attorneys, hereby objects to the Notice of Trustee's Determination of Claim dated December 8, 2009 ("Determination Letter"), attached as Exhibit A, as described herein.

1

**BACKGROUND**

1. On December 11, 2008, the above-captioned liquidation proceeding was commenced against BMIS, pursuant to SIPA. *See* Order, *Securities and Exchange Commission v. Madoff*, No. 08-10791 (S.D.N.Y. Dec. 15, 2008) (ordering relief under SIPA and transferring proceeding to the United States Bankruptcy Court for the Southern District of New York) [Dkt. No. 4]. Irving Picard was appointed Trustee ("BMIS Trustee"), charged with overseeing the liquidation of BMIS and processing customer claims for money pursuant to SIPA. *Id.*; *see also* 15 U.S.C. 78fff-1(a).

2. Nadio is an investor in Fairfield Sentry Limited, which is, upon information and belief, a "customer," as defined by the Securities Investor Protection Act of 1970 ("SIPA"), of BMIS. Thus, Nadio has an interest in certain claims belonging to Fairfield Sentry Limited in the BMIS liquidation proceeding.

3. On December 23, 2008, the Court issued an Order directing the Trustee to disseminate notice and claim forms to BMIS customers and setting forth claim-filing deadlines. *See* Order [Dkt. No. 12]. Upon information and belief, the BMIS Trustee disseminated notice and claim forms to BMIS's customers in accordance with the Court's Order.

4. The December 23, 2008 Order further provided that, to the extent the BMIS Trustee disagrees with the amount set forth on a customer claim form, the BMIS Trustee "shall notify such claimant by mail of his determination that the claim is disallowed, in whole or in part, *and the reason therefor* . . . ." *See* Order at 6 (emphasis added) [Dkt. No. 12].

5. Nadio does not know whether Fairfield Sentry Limited has timely filed a customer claim form or has prosecuted any such claim in the BMIS liquidation proceeding.

6.   On or about February 3, 2009, Nadio submitted a customer claim form to SIPC, which was designated as Claim No. 00758 by the BMIS Trustee ("Nadio Customer Claim") (Exhibit B) (without exhibits).

7.   On December 8, 2009, the BMIS Trustee sent Nadio the Determination Letter disallowing Nadio's claim in its entirety on the basis that it "is not a customer of BLMIS under SIPA as that term is defined at 15 U.S.C. § 78lll(2)." *See* Determination Letter (Exhibit A).

## **OBJECTION**

8.   Nadio hereby objects to the Determination Letter on the basis that it should not be deprived of the opportunity to have its claim addressed simply because Fairfield Sentry Limited has not filed a customer claim or has otherwise failed to prosecute or defend any claim against the debtor, and the Trustee has provided no support for his assertion that Nadio is not a "customer" under SIPA.

9.   <u>First Objection</u>.  Normally, bankruptcy law prevents parties whose claims are derived from the claim of a creditor from seeking to recover on such derived claims from the debtor.  Such rules are designed to prevent duplicate recoveries arising from what amounts to a single legal claim.  *See* Bankruptcy Code §§ 502(e), 509.  However, bankruptcy law also recognizes that the derivative claimant should be permitted to file such a claim when the direct creditor fails or refuses to file a claim since, in such cases, there is no risk of a double recovery. For example, bankruptcy law provides that "[i]f a creditor does not timely file a proof of such creditor's claim, an entity that is liable to such creditor with the debtor, or that has secured such creditor, may file a proof of such claim." *See* Bankruptcy Code § 501(b); *see also* Fed. R. Bankr. P. 3005(a).  These principles apply here and it is only appropriate and equitable that Nadio's customer claim be considered in the place of BMIS customer Fairfield Sentry Limited when Fairfield Sentry Limited has sat on its own rights, which has, by extension, deprived Nadio

3

of its rights. Moreover, there is no danger of double recoveries because, upon information and belief, Fairfield Sentry Limited has failed to file a customer claim.

10. <u>Second Objection</u>. The BMIS Trustee has encouraged all those who lost money due to the Madoff Ponzi scheme to file customer claim forms. This includes investors such as Nadio, which invested "indirectly" with BMIS. The BMIS Trustee has clearly contemplated a scenario whereby "indirect" investors, such as Nadio, would be entitled to have their claims allowed and/or paid in this proceeding. To the extent that any such "indirect" claims are allowed and/or "indirect" claimants are deemed "customers" under SIPA by virtue of the present statute, any amended statute, any decision or ruling of any court or administrative agency, or any decision by SIPC or the Madoff Trustee, it reserves the right to challenge any determination of its claim by the BMIS Trustee.

## RELIEF REQUESTED

11. For the reasons stated herein, Nadio's claim should be allowed insofar as it is part Fairfield Sentry Limited's claim.

12. To the extent Nadio's claim is deemed to be filed on behalf of Fairfield Sentry Limited, Nadio reserves the right to supplement its claim and submit further objections to any Determination of Claim directed to Nadio or Fairfield Sentry Limited, including but not limited to the right to object to the BMIS Trustee's method of calculating "net equity" or other objections to the method by which the BMIS Trustee has calculated the amount of the claim.

13. Nadio requests such other relief as may be just and equitable.

## CONCLUSION

14. Nadio reserves the right to revise, supplement, or amend this Objection, and any failure to object on a particular ground or grounds shall not be construed as a waiver of Nadio's right to object on any additional grounds.

15. Nadio reserves all rights set forth in Rule 9014, including, without limitation, rights of discovery. *See* Fed. R. Bankr. P. 9014.

16. Nadio reserves all objections as to the competence, relevance, materiality, privilege, or admissibility of evidence in any subsequent proceeding or trial of this or any other action for any purpose whatsoever.

17. Nadio incorporates by reference all reservations of rights set forth in the Nadio Customer Claim.

Dated: January 7, 2010

        <u>Jonathan M. Landers</u>
        MILBERG LLP
        Jonathan M. Landers
        Matthew Gluck
        Brad N. Friedman
        Sanford P. Dumain
        Jennifer L. Young
        One Pennsylvania Plaza, 48th Fl.
        New York, NY 10119
        Telephone: (212) 594-5300
        Facsimile: (212) 868-1229

        SEEGER WEISS LLP
        Stephen A. Weiss
        Christopher M. Van DeKieft
        Parvin Aminolroaya
        One William Street
        New York, NY 10004
        Telephone: (212) 584-0700
        Facsimile: (212) 584-0799

        *Attorneys for Nadio Finance S.A.*