MILBERG LLP
Jonathan M. Landers
Matthew Gluck
Brad N. Friedman
Sanford P. Dumain
Jennifer L. Young
One Pennsylvania Plaza
48th Floor
New York, NY 10119
Telephone: (212) 594-5300
Facsimile: (212) 868-1229

SEEGER WEISS LLP
Stephen A. Weiss
Christopher M. Van De Kieft
Parvin K. Aminolroaya
One William Street
New York, NY 10004
Telephone: (212) 584-0700
Facsimile:  (212) 584-0799

*Attorneys for Michiel Van't Laar and Judith Lennaerts*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>      Plaintiff,<br><br>  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>      Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation |

**OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM**

    Michiel Van't Laar and Judith Lennaerts, by and through their attorneys, hereby object to the Notice of Trustee's Determination of Claim dated December 8, 2009 ("Determination Letter"), attached as Exhibit A, as described herein.

## BACKGROUND

1.  Mr. Van't Laar and Ms. Lennaerts invested with Auriga International (Euro) Ltd., which is believed to have invested in Auriga International Ltd., which is believed to have invested with Fairfield Sentry Ltd., which is believed to have directly invested with Bernard L. Madoff Investment Securities, LLC ("BMIS") and which is, upon information and belief, a "customer" as defined by the Securities Investor Protection Act of 1970 ("SIPA"), of BMIS.

(a)  On December 11, 2008, the above-captioned liquidation proceeding was commenced against BMIS, pursuant to SIPA. *See* Order, *Securities and Exchange Commission v. Madoff*, No. 08-10791 (S.D.N.Y. Dec. 15, 2008) (ordering relief under SIPA and transferring proceeding to the United States Bankruptcy Court for the Southern District of New York) [Dkt. No. 4]. Irving Picard was appointed Trustee ("BMIS Trustee"), charged with overseeing the liquidation of BMIS and processing customer claims for money pursuant to SIPA. *Id.*; *see also* 15 U.S.C. 78fff-1(a). Mr. Van't Laar and Ms. Lennaerts are investors in Auriga International (Euro) Ltd. ("Auriga Euro") and, on information and belief (including information provided by Auriga International (Euro) Ltd.), Auriga Euro was an investor in Auriga International Ltd., which in turn invested in Fairfield Sentry Ltd., which is, upon information and belief, a "customer," as defined by the Securities Investor Protection Act of 1970 ("SIPA"), of BMIS. Fairfield Sentry Ltd. in turn was an investor in BMIS placing all or substantially all of its billions of dollars in reported assets with Bernard Madoff and BMIS. Thus, Mr. Van't Laar and Ms. Lennaerts have an interest in certain claims belonging to Fairfield Sentry, Ltd. in the BMIS liquidation proceeding.

2.  On December 23, 2008, the Court issued an Order directing the Trustee to disseminate notice and claim forms to BMIS customers and setting forth claim-filing deadlines.

2

*See* Order [Dkt. No. 12].  Upon information and belief, the BMIS Trustee disseminated notice and claim forms to BMIS's customers in accordance with the Court's Order.

3.  The December 23, 2008 Order further provided that, to the extent the BMIS Trustee disagrees with the amount set forth on a customer claim form, the BMIS Trustee "shall notify such claimant by mail of his determination that the claim is disallowed, in whole or in part, *and the reason therefor* . . . ."  *See* Order at 6 (emphasis added) [Dkt. No. 12].

4.  On or about April 25, 2009, Mr. Van't Laar and Ms. Lennaerts submitted a customer claim form to SIPC, which was designated as Claim No. 008826 by the BMIS Trustee ("Van't Laar/Lennaerts Customer Claim") (Exhibit B).[1]

5.  On December 8, 2009, the BMIS Trustee sent Mr. Van't Laar and Ms. Lennaerts the Determination Letter disallowing Mr. Van't Laar and Ms. Lennaerts' claim in its entirety on the basis that " you are not a customer of BLMIS under SIPA as that term is defined at 15 U.S.C. § 78lll(2)."  *See* Determination Letter (Exhibit A).

## OBJECTION

6.  For the reasons set forth herein, Mr. Van't Laar and Ms. Lennaerts hereby object to the Determination Letter.

(a)  <u>First Objection</u>.  Normally, bankruptcy law prevents parties whose claims are derived from the claim of a creditor from seeking to recover on such derived claims from the debtor.  Such rules are designed to prevent duplicate recoveries arising from what amounts to a single legal claim.  *See* Bankruptcy Code §§ 502(e), 509.  However, bankruptcy law also recognizes that the derivative claimant should be permitted to file such a claim when the direct creditor fails or refuses to file a claim since, in such cases, there is no risk of a double recovery.

3

For example, bankruptcy law provides that "[i]f a creditor does not timely file a proof of such creditor's claim, an entity that is liable to such creditor with the debtor, or that has secured such creditor, may file a proof of such claim." *See* Bankruptcy Code § 501(b); *see also* Fed. R. Bankr. P. 3005(a). To the extent that this is the case here with respect to either Auriga Euro, Auriga International Limited, Fairfield Sentry, Ltd., or any other entity, these principles apply here and it is only appropriate and equitable that Mr. Van't Laar and Ms. Lennaerts' claim be considered and honored, as there is no danger of double recovery to the extent that these entities have failed to file and/or prosecute claims on their own behalves or on behalf of Mr. Van't Laar and Ms. Lennaerts.

7. <u>Second Objection</u>. The BMIS Trustee has encouraged all those who lost money due to the Madoff Ponzi scheme to file customer claim forms. This includes investors such as Mr. Van't Laar and Ms. Lennaerts who invested "indirectly" with BMIS. The BMIS Trustee has clearly contemplated a scenario whereby "indirect" investors, such as Mr. Van't Laar and Ms. Lennaerts, would be entitled to have their claims allowed and/or paid in this proceeding. To the extent that any such "indirect" claims are allowed and/or "indirect" claimants are deemed "customers" under SIPA by virtue of the present statute, any amended statute, any decision or ruling of any administrative agency, any decision or ruling by SIPC or the Madoff Trustee, or any decision or order of any court, Mr. Van't Laar and Ms. Lennaerts reserve the right to challenge any determination of their claim by the BMIS Trustee.

**RELIEF REQUESTED**

8. For the reasons stated herein, Mr. Van't Laar and Ms. Lennaerts' claim should be allowed.

---

[1] In accordance with the Court's Order dated October 20, 2009 [Dkt. No. 533], Claimant's

4

9. To the extent Mr. Van't Laar and Ms. Lennaerts' claim is deemed to be filed on behalf of Auriga Euro, Auriga International Ltd. or Fairfield Sentry Ltd. or any other entity, Mr. Van't Laar and Ms. Lennaerts reserve the right to supplement their claim and submit further objections to any Determination of Claim directed to Mr. Van't Laar and Ms. Lennaerts, including but not limited to the right to object to the BMIS Trustee's method of calculating "net equity" or other objections to the method by which the BMIS Trustee has calculated the amount of the claim.

10. Mr. Van't Laar and Ms. Lennaerts request such other relief as may be just and equitable.

## CONCLUSION

11. Mr. Van't Laar and Ms. Lennaerts reserve the right to revise, supplement, or amend this Objection, and any failure to object on a particular ground or grounds shall not be construed as a waiver of Mr. Van't Laar and Ms. Lennaerts' right to object on any additional grounds.

12. Mr. Van't Laar and Ms. Lennaerts reserve all rights set forth Rule 9014, including, without limitation, rights of discovery. *See* Fed. R. Bankr. P. 9014.

13. Mr. Van't Laar and Ms. Lennaerts reserve all objections as to the competence, relevance, materiality, privilege, or admissibility of evidence in any subsequent proceeding or trial of this or any other action for any purpose whatsoever.

14. Mr. Van't Laar and Ms. Lennaerts incorporate by reference all reservations of rights set forth in the Van't Laar/Lennaerts Customer Claim.

---

personal identification data has been redacted from Exhibit B.

5

Dated: January 7, 2010

<u>Stephen A. Weiss</u>
SEEGER WEISS LLP
Stephen A. Weiss
Christopher M. Van De Kieft
Parvin K. Aminolroaya
One William Street
New York, NY 10004
Telephone: (212) 584-0700
Facsimile:  (212) 584-0799


MILBERG LLP
Jonathan M. Landers
Matthew Gluck
Brad N. Friedman
Sanford P. Dumain
Jennifer L. Young
One Pennsylvania Plaza, 48th Fl.
New York, NY 10119
Telephone: (212) 594-5300
Facsimile:  (212) 868-1229


*Attorneys for Michiel Van't Laar and Judith Lennaerts*