**MILBERG LLP**
Jonathan M. Landers
Matthew Gluck
Brad N. Friedman
Sanford P. Dumain
Kent A. Bronson
Jennifer L. Young
One Pennsylvania Plaza
48th Floor
New York, NY 10119
Telephone: (212) 594-5300
Facsimile: (212) 868-1229

**SEEGER WEISS LLP**
Stephen A. Weiss
Christopher M. Van De Kieft
Parvin K. Aminolroaya
One William Street
New York, NY 10004
Telephone: (212) 584-0700
Facsimile:  (212) 584-0799

*Attorneys for Morning Mist Holdings Limited*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                  Plaintiff,<br><br>   v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                  Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation |

## OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM

Morning Mist Holdings Limited ("Morning Mist"), by and through its attorneys, hereby objects to the Notice of Trustee's Determination of Claim dated December 8, 2009 ("Determination Letter"), attached as Exhibit A, as described herein.

## BACKGROUND

1. Morning Mist invested with Fairfield Sentry, Ltd., which is believed to have invested directly with Bernard L. Madoff Investment Securities, LLC ("BMIS"), and which is, upon information and belief, a "customer" as defined by the Securities Investor Protection Act of 1970 ("SIPA"), of BMIS.

2. On December 11, 2008, the above-captioned liquidation proceeding was commenced against BMIS, pursuant to SIPA. *See* Order, *Securities and Exchange Commission v. Madoff*, No. 08-10791 (S.D.N.Y. Dec. 15, 2008) (ordering relief under SIPA and transferring proceeding to the United States Bankruptcy Court for the Southern District of New York) [Dkt. No. 4]. Irving Picard was appointed Trustee ("BMIS Trustee"), charged with overseeing the liquidation of BMIS and processing customer claims for money pursuant to SIPA. *Id.*; *see also* 15 U.S.C. 78fff-1(a). Morning Mist is an investor in Fairfield Sentry Ltd. Fairfield Sentry Ltd. in turn was an investor in BMIS placing all or substantially all of its billions of dollars in reported assets with Bernard Madoff and BMIS. Thus, Morning Mist has an interest in certain claims belonging to Fairfield Sentry, Ltd. in the BMIS liquidation proceeding.

3. On December 23, 2008, the Court issued an Order directing the BMIS Trustee to disseminate notice and claim forms to BMIS customers and setting forth claim-filing deadlines. *See* Order [Dkt. No. 12]. Upon information and belief, the BMIS Trustee disseminated notice and claim forms to BMIS's customers in accordance with the Court's Order.

4. The December 23, 2008 Order further provided that, to the extent the BMIS Trustee disagrees with the amount set forth on a customer claim form, the BMIS Trustee "shall notify such claimant by mail of his determination that the claim is disallowed, in whole or in part, *and the reason therefor* . . . ." *See* Order at 6 (emphasis added) [Dkt. No. 12].

2

5. On or about May 4, 2009, Morning Mist submitted a customer claim form to SIPC, which was designated as Claim No. 008873 by the BMIS Trustee (Exhibit B) ("Morning Mist Customer Claim").[1]

6. On or about December 8, 2009, the BMIS Trustee sent Morning Mist a Determination Letter disallowing Morning Mist's claim in its entirety on the basis that "[it] is not a customer of BMIS under SIPA as that term is defined at 15 U.S.C. § 78lll (2)." *See* Determination Letter (Exhibit A).

## OBJECTION

7. For the reasons set forth herein, Morning Mist hereby objects to the Determination Letter.

8. <u>First Objection</u>. Normally, bankruptcy law prevents parties whose claims are derived from the claim of a creditor from seeking to recover on such derived claims from the debtor. Such rules are designed to prevent duplicate recoveries arising from what amounts to a single legal claim. *See* Bankruptcy Code §§ 502(e), 509. However, bankruptcy law also recognizes that the derivative claimant should be permitted to file such a claim when the direct creditor fails or refuses to file a claim since, in such cases, there is no risk of a double recovery. For example, bankruptcy law provides that "[i]f a creditor does not timely file a proof of such creditor's claim, an entity that is liable to such creditor with the debtor, or that has secured such creditor, may file a proof of such claim." *See* Bankruptcy Code § 501(b); *see also* Fed. R. Bankr. P. 3005(a); *Power Five v. GMC (In re Automotive Armature Co.)*, 219 B.R. 513, 516-17 (S.D. Ind. 1998) (noting that Bankruptcy Code Section 502 "provides standing requirements for

---

[1] In accordance with the Court's Order dated October 20, 2009 [Dkt. No. 533], Claimant's personal identification data has been redacted from Exhibit B.

3

objectors in bankruptcy proceedings, allowing a 'party in interest' to object to a claim filed in the bankruptcy[]" and that "[c]reditors of the debtor are parties in interest, within the meaning of Section 502."). To the extent that this is the case here with respect to Fairfield Sentry, Ltd., or any other entity, these principles apply here and it is only appropriate and equitable that Morning Mist's claim be considered and honored, as there is no danger of double recovery to the extent that these entities have failed to file and/or prosecute claims on their own behalves or on behalf of Morning Mist.

9. <u>Second Objection</u>. The BMIS Trustee has encouraged all those who lost money due to the Madoff Ponzi scheme to file customer claim forms. This includes investors such as Morning Mist which invested "indirectly" with BMIS. The BMIS Trustee has clearly contemplated a scenario whereby "indirect" investors such as Morning Mist would be entitled to have their claims allowed and/or paid in this proceeding. To the extent that any claim by or on behalf of Morning Mist is allowed, Morning Mist reserves the right to challenge any determination of its claim by the BMIS Trustee, and to the extent that any such "indirect" claims are allowed and/or "indirect" claimants are deemed "customers" under SIPA, any amendments thereto, any decision, ruling, or order of any court or administrative agency, or any determination by SIPC or the Madoff Trustee, Morning Mist reserves the right to challenge the Trustee's disallowance of its claim.

**RELIEF REQUESTED**

10. For the reasons stated herein, Morning Mist's claim should be allowed.

11. To the extent Morning Mist's claim is deemed filed on behalf of Fairfield Sentry, Ltd., or any other entity, Morning Mist reserves the right to supplement its claim and submit

4

further objections to any Determination of Claim directed to Morning Mist, including but not limited to the right to object to the BMIS Trustee's method of calculating "net equity."

12. Morning Mist requests such other relief as may be just and equitable.

## CONCLUSION

13. Morning Mist reserves the right to revise, supplement, or amend this Objection, and any failure to object on a particular ground or grounds shall not be construed as a waiver of Morning Mist's right to object on any additional grounds.

14. Morning Mist reserves all rights set forth Rule 9014, including, without limitation, rights of discovery. *See* Fed. R. Bankr. P. 9014.

15. Morning Mist reserves all objections as to the competence, relevance, materiality, privilege, or admissibility of evidence in any subsequent proceeding or trial of this or any other action for any purpose whatsoever.

16. Morning Mist incorporates by reference all reservations of rights set forth in its Customer Claim.

Dated: January 7, 2010

Stephen A. Weiss
SEEGER WEISS LLP
Stephen A. Weiss
Christopher M. Van DeKieft
Parvin Aminolroaya
One William Street
New York, NY 10004
Telephone: (212) 584-0700
Facsimile: (212) 584-0799

MILBERG LLP
Jonathan M. Landers
Matthew Gluck
Brad N. Friedman
Sanford P. Dumain
Kent A. Bronson

Jennifer L. Young
One Pennsylvania Plaza, 48th Fl.
New York, NY 10119
Telephone: (212) 594-5300
Facsimile: (212) 868-1229

*Attorneys for Morning Mist Holdings Limited*