MILBERG LLP
Jonathan M. Landers
Matthew Gluck
Brad N. Friedman
Sanford P. Dumain
Jennifer L. Young
One Pennsylvania Plaza
48th Floor
New York, NY 10119
Telephone: (212) 594-5300
Facsimile: (212) 868-1229

SEEGER WEISS LLP
Stephen A. Weiss
Christopher M. Van De Kieft
Parvin K. Aminolroaya
One William Street
New York, NY 10004
Telephone: (212) 584-0700
Facsimile:  (212) 584-0799

*Attorneys for Jerrold Johnston*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                Plaintiff,<br><br>   v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation |

## OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM

Jerrold Johnston, by and through his attorneys, hereby objects to the Notice of Trustee's Determination of Claim dated December 8, 2009 ("Determination Letter"), attached as Exhibit A, as described herein.

**BACKGROUND**

1. Jerrold Johnston invested with the Maxam Absolute Return Fund, L.P. ("Maxam Fund") which is believed to have invested directly with Bernard L. Madoff Investment Securities, LLC ("BMIS"), and which is, upon information and belief, a "customer" as defined by the Securities Investor Protection Act of 1970 ("SIPA"), of BMIS.

2. On December 11, 2008, the above-captioned liquidation proceeding was commenced against BMIS, pursuant to SIPA. *See* Order, *Securities and Exchange Commission v. Madoff*, No. 08-10791 (S.D.N.Y. Dec. 15, 2008) (ordering relief under SIPA and transferring proceeding to the United States Bankruptcy Court for the Southern District of New York) [Dkt. No. 4]. Irving Picard was appointed Trustee ("BMIS Trustee"), charged with overseeing the liquidation of BMIS and processing customer claims for money pursuant to SIPA. *Id.*; *see also* 15 U.S.C. 78fff-1(a). Mr. Johnston is an investor in the Maxam Fund. The Maxam Fund was an investor in BMIS placing all or substantially all of its millions of dollars in reported assets with Bernard Madoff and BMIS. Thus, Mr. Johnston has an interest in certain claims belonging to the Maxam Fund in the BMIS liquidation proceeding.

3. On December 23, 2008, the Court issued an Order directing the BMIS Trustee to disseminate notice and claim forms to BMIS customers and setting forth claim-filing deadlines. *See* Order [Dkt. No. 12]. Upon information and belief, the BMIS Trustee disseminated notice and claim forms to BMIS's customers in accordance with the Court's Order.

4. The December 23, 2008 Order further provided that, to the extent the BMIS Trustee disagrees with the amount set forth on a customer claim form, the BMIS Trustee "shall notify such claimant by mail of his determination that the claim is disallowed, in whole or in part, *and the reason therefor* . . . ." *See* Order at 6 (emphasis added) [Dkt. No. 12].

5. On or about May 26, 2009, Mr. Johnston submitted a customer claim form to SIPC, which was designated as Claim No. 9061 by the BMIS Trustee ("Johnston Customer Claim") (Exhibit B).[1]

6. On December 8, 2009, the BMIS Trustee sent Mr. Johnston the Determination Letter disallowing Mr. Johnston's claim in its entirety on the basis that "you are not a customer of BLMIS under SIPA as that term is defined at 15 U.S.C. § 78lll(2)." *See* Determination Letter (Exhibit A).

## OBJECTION

7. For the reasons set forth herein, Mr. Johnston hereby objects to the Determination Letter.

(a) <u>First Objection</u>. Normally, bankruptcy law prevents parties whose claims are derived from the claim of a creditor from seeking to recover on such derived claims from the debtor. Such rules are designed to prevent duplicate recoveries arising from what amounts to a single legal claim. *See* Bankruptcy Code §§ 502(e), 509. However, bankruptcy law also recognizes that the derivative claimant should be permitted to file such a claim when the direct creditor fails or refuses to file or prosecute a claim since, in such cases, there is no risk of a double recovery. For example, bankruptcy law provides that "[i]f a creditor does not timely file a proof of such creditor's claim, an entity that is liable to such creditor with the debtor, or that has secured such creditor, may file a proof of such claim." *See* Bankruptcy Code § 501(b); *see also* Fed. R. Bankr. P. 3005(a). To the extent that this is the case here with respect to the Maxam Fund, or any other entity, these principles apply here and it is only appropriate and equitable that Mr. Johnston's claim be considered and honored, as there is no danger of double recovery to the

---

[1] In accordance with the Court's Order dated October 20, 2009 [Dkt. No. 533], Claimant's

3

extent that these entities have failed to file and/or prosecute or defend claims on their own behalves or on behalf of Mr. Johnston.

8.      <u>Second Objection</u>.  The BMIS Trustee has encouraged all those who lost money due to the Madoff Ponzi scheme to file customer claim forms.  This includes investors such as Mr. Johnston who invested "indirectly" with BMIS.  The BMIS Trustee has clearly contemplated a scenario whereby "indirect" investors, such as Mr. Johnston, would be entitled to have their claims allowed and/or paid in this proceeding.  To the extent that any such "indirect" claims are allowed and/or "indirect" claimants are deemed "customers" under SIPA by virtue of the present statute, any amended statute, any decision or ruling of any administrative agency, any decision or ruling by SIPC or the BMIS Trustee, or any decision or order of any court, they reserve the right to challenge any determination of their claim by the BMIS Trustee.

## RELIEF REQUESTED

9.      For the reasons stated herein, Mr. Johnston's claim should be allowed insofar as it is part of the Maxam Fund's claim.

10.     To the extent Mr. Johnston's claim is deemed to be filed on behalf of the Maxam Fund, Mr. Johnston reserves the right to supplement his claim and submit further objections to any Determination of Claim directed to Mr. Johnston, including but not limited to the right to object to the BMIS Trustee's method of calculating "net equity" or other objections to the method by which the BMIS Trustee has calculated the amount of the claim.

11.     Mr. Johnston requests such other relief as may be just and equitable.

---

personal identification data has been redacted from Exhibit B.

**CONCLUSION**

12. Mr. Johnston reserves the right to revise, supplement, or amend this Objection, and any failure to object on a particular ground or grounds shall not be construed as a waiver of Mr. Johnston's right to object on any additional grounds.

13. Mr. Johnston reserves all rights set forth Rule 9014, including, without limitation, rights of discovery. *See* Fed. R. Bankr. P. 9014.

14. Mr. Johnston reserves all objections as to the competence, relevance, materiality, privilege, or admissibility of evidence in any subsequent proceeding or trial of this or any other action for any purpose whatsoever.

15. Mr. Johnston incorporates by reference all reservations of rights set forth in the Johnston Customer Claim.

Dated: January 7, 2010

<div style="margin-left:50%">

Stephen A. Weiss
SEEGER WEISS LLP
Stephen A. Weiss
Christopher M. Van De Kieft
Parvin K. Aminolroaya
One William Street
New York, NY 10004
Telephone: (212) 584-0700
Facsimile: (212) 584-0799

MILBERG LLP
Jonathan M. Landers
Matthew Gluck
Brad N. Friedman
Sanford P. Dumain
Jennifer L. Young
One Pennsylvania Plaza, 48th Fl.
New York, NY 10119
Telephone: (212) 594-5300
Facsimile: (212) 868-1229

*Attorneys for Jerrold Johnston*

</div>

5