MILBERG LLP
Jonathan M. Landers
Matthew Gluck
Brad N. Friedman
Sanford P. Dumain
Jennifer L. Young
One Pennsylvania Plaza
48th Floor
New York, NY 10119
Telephone: (212) 594-5300
Facsimile: (212) 868-1229

SEEGER WEISS LLP
Stephen A. Weiss
Christopher M. Van De Kieft
Parvin K. Aminolroaya
One William Street
New York, NY 10004
Telephone: (212) 584-0700
Facsimile:  (212) 584-0799

*Attorneys for Vestimonde Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>      Plaintiff,<br><br>  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>      Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation |

### OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM

Vestimonde Inc. ("Vestimonde"), by and through its attorneys, hereby objects to the Notice of Trustee's Determination of Claim dated December 8, 2009 ("Determination Letter"), attached as Exhibit A, as described herein.

**BACKGROUND**

1.      Vestimonde invested with the Chester Global Strategy Fund Ltd Class Euro A1 ("Chester Global Fund") which is believed to have invested with Fairfield Sentry Ltd, which is believed to have directly invested with Bernard L. Madoff Investment Securities, LLC ("BMIS"), and which is, upon information and belief, a "customer" as defined by the Securities Investor Protection Act of 1970 ("SIPA"), of BMIS.

2.      On December 11, 2008, the above-captioned liquidation proceeding was commenced against BMIS, pursuant to SIPA. *See* Order, *Securities and Exchange Commission v. Madoff*, No. 08-10791 (S.D.N.Y. Dec. 15, 2008) (ordering relief under SIPA and transferring proceeding to the United States Bankruptcy Court for the Southern District of New York) [Dkt. No. 4]. Irving Picard was appointed Trustee ("BMIS Trustee"), charged with overseeing the liquidation of BMIS and processing customer claims for money pursuant to SIPA. *Id.*; *see also* 15 U.S.C. 78fff-1(a). Vestimonde is an investor in the Chester Global Fund which in turn invested in Fairfield Sentry Ltd. Fairfield Sentry Ltd. was an investor in BMIS placing all or substantially all of its billions of dollars in reported assets with Bernard Madoff and BMIS. Thus, Vestimonde has an interest in certain claims belonging to Fairfield Sentry Ltd. in the BMIS liquidation proceeding.

3.      On December 23, 2008, the Court issued an Order directing the BMIS Trustee to disseminate notice and claim forms to BMIS customers and setting forth claim-filing deadlines. *See* Order [Dkt. No. 12]. Upon information and belief, the BMIS Trustee disseminated notice and claim forms to BMIS's customers in accordance with the Court's Order.

4.      The December 23, 2008 Order further provided that, to the extent the BMIS Trustee disagrees with the amount set forth on a customer claim form, the BMIS Trustee "shall

2

notify such claimant by mail of his determination that the claim is disallowed, in whole or in part, *and the reason therefor* . . . ." *See* Order at 6 (emphasis added) [Dkt. No. 12].

      5.      On or about June 22, 2009, Vestimonde submitted a customer claim form to SIPC, which was designated as Claim No. 010821 by the BMIS Trustee ("Vestimonde Customer Claim") (Exhibit B).[1]

      6.      On December 8, 2009, the BMIS Trustee sent Vestimonde the Determination Letter disallowing Vestimonde's claim in its entirety on the basis that "you are not a customer of BLMIS under SIPA as that term is defined at 15 U.S.C. § 78lll(2)." *See* Determination Letter (Exhibit A).

**OBJECTION**

      7.      For the reasons set forth herein, Vestimonde hereby objects to the Determination Letter.

      (a)      <u>First Objection</u>.  Normally, bankruptcy law prevents parties whose claims are derived from the claim of a creditor from seeking to recover on such derived claims from the debtor.  Such rules are designed to prevent duplicate recoveries arising from what amounts to a single legal claim.  *See* Bankruptcy Code §§ 502(e), 509.  However, bankruptcy law also recognizes that the derivative claimant should be permitted to file such a claim when the direct creditor fails or refuses to file or prosecute a claim since, in such cases, there is no risk of a double recovery.  For example, bankruptcy law provides that "[i]f a creditor does not timely file a proof of such creditor's claim, an entity that is liable to such creditor with the debtor, or that has secured such creditor, may file a proof of such claim." *See* Bankruptcy Code § 501(b); *see also* Fed. R. Bankr. P. 3005(a).  To the extent that this is the case here with respect to the Chester

3

Global Fund, Fairfield Senty Ltd. or any other entity, these principles apply here and it is only appropriate and equitable that Vestimonde's claim be considered and honored, as there is no danger of double recovery to the extent that these entities have failed to file and/or prosecute or defend claims on their own behalves or on behalf of Vestimonde.

8.  <u>Second Objection</u>.  The BMIS Trustee has encouraged all those who lost money due to the Madoff Ponzi scheme to file customer claim forms.  This includes investors such as Vestimonde who invested "indirectly" with BMIS.  The BMIS Trustee has clearly contemplated a scenario whereby "indirect" investors, such as Vestimonde, would be entitled to have their claims allowed and/or paid in this proceeding.  To the extent that any such "indirect" claims are allowed and/or "indirect" claimants are deemed "customers" under SIPA by virtue of the present statute, any amended statute, any decision or ruling of any administrative agency, any decision or ruling by SIPC or the BMIS Trustee, or any decision or order of any court, Vestimonde reserves the right to challenge any determination of its claim by the BMIS Trustee.

**RELIEF REQUESTED**

9.  For the reasons stated herein, Vestimonde's claim should be allowed insofar as it is part of Fairfield Sentry Ltd.'s claim.

10.  To the extent Vestimonde's claim is deemed to be filed on behalf of Fairfield Sentry Ltd., Vestimonde reserves the right to supplement its claim and submit further objections to any Determination of Claim directed to Vestimonde, including but not limited to the right to object to the BMIS Trustee's method of calculating "net equity" or other objections to the method by which the BMIS Trustee has calculated the amount of the claim.

11.  Vestimonde requests such other relief as may be just and equitable.

---

[1] In accordance with the Court's Order dated October 20, 2009 [Dkt. No. 533], Claimant's

4

## CONCLUSION

12. Vestimonde reserves the right to revise, supplement, or amend this Objection, and any failure to object on a particular ground or grounds shall not be construed as a waiver of Vestimonde's right to object on any additional grounds.

13. Vestimonde reserves all rights set forth Rule 9014, including, without limitation, rights of discovery. *See* Fed. R. Bankr. P. 9014.

14. Vestimonde reserves all objections as to the competence, relevance, materiality, privilege, or admissibility of evidence in any subsequent proceeding or trial of this or any other action for any purpose whatsoever.

15. Vestimonde incorporates by reference all reservations of rights set forth in the Vestimonde Customer Claim.

Dated: January 7, 2010

<u>Stephen A. Weiss</u>
SEEGER WEISS LLP
Stephen A. Weiss
Christopher M. Van De Kieft
Parvin K. Aminolroaya
One William Street
New York, NY 10004
Telephone: (212) 584-0700
Facsimile: (212) 584-0799

---

personal identification data has been redacted from Exhibit B.

        MILBERG LLP
Jonathan M. Landers
Matthew Gluck
Brad N. Friedman
Sanford P. Dumain
Jennifer L. Young
One Pennsylvania Plaza, 48th Fl.
New York, NY 10119
Telephone: (212) 594-5300
Facsimile: (212) 868-1229

*Attorneys for Vestimonde, Inc.*