CROWELL & MORING LLP
William M. O'Connor, Esquire
Mark S. Lichtenstein, Esquire
590 Madison Avenue, 20th Floor
New York, NY 10022-2524
(212) 223-4000 Telephone
(212) 223-4134 Facsimile
Attorneys for Jitendra Gopaldas, Gopal Gangaram Bhatia, Kishanchand Gangaram Bhatia, Nirmala Kishanchand, Jayashree Bhatia, Nirmala K. Bhatia, Pushpa Gangaram Bhatia, Mandakini Manish Gajaria, Ashokkumar Damodardas Raipancholia, Dilip Damodardas Raipancholia, Rajeshkumar Damodardas Raipancholia, Kishu Nathurmal Uttamchandani, Prerna Vinod Uttamchandani, Arjan Mohandas Bhatia, Kishin Mohandas Bhatia, Suresh M. Bhatia, Bharat Mohandas, Rajendrakumar Patel, Vandna Patel, Tradewaves Ltd., Parasram Daryani, Neelam P. Daryani, Vikas P. Daryani, Nikesh P. Daryani, and Aarvee Ltd.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adversary Proceeding |
| Plaintiff, | No. 08-01789-BRL |
| v. | SIPA Liquidation |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | **OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIMS** |
| Defendant. | |

Jitendra Gopaldas, Gopal Gangaram Bhatia, Kishanchand Gangaram Bhatia, Nirmala Kishanchand, Jayashree Bhatia, Nirmala K. Bhatia, Pushpa Gangaram Bhatia, Mandakini Manish Gajaria, Ashokkumar Damodardas Raipancholia, Dilip Damodardas Raipancholia, Rajeshkumar Damodardas Raipancholia, Kishu Nathurmal Uttamchandani, Prerna Vinod Uttamchandani, Arjan Mohandas Bhatia, Kishin Mohandas Bhatia, Suresh M. Bhatia, Bharat Mohandas, Rajendrakumar Patel, Vandna Patel, Tradewaves Ltd., Parasram Daryani, Neelam P. Daryani, Vikas P. Daryani, Nikesh P. Daryani, and Aarvee Ltd. (collectively, the "Investors")

hereby object to the several Notices of Trustee's Determination of Claim, each dated December 8, 2009, and state as follows:

**Background Facts**

1. As more particularly described below, the Investors are holders of certain accounts with Standard Chartered Bank ("Standard"). Through their accounts with Standard, the Investors' funds were invested in shares of Fairfield Sentry Limited ("Fairfield Sentry"), a "feeder fund" that improperly invested all or a large portion of its assets, including the Investors' funds, with Bernard L. Madoff Investment Securities LLC ("BLMIS").

2. To preserve their rights, particularly in light of the lack of information and uncertainty relating to whether or not Fairfield Sentry or Standard was going to file claims, the Investors timely filed Customer Claims with Irving H. Picard, Trustee (the "Trustee").

3. Specifically, the Investors filed the following claims (some of which apparently were given more than one claim number):

| Claimants | SIPC Claim No. | Amount | Account No. |
|---|---|---|---|
| Jitendra Gopaldas, Gopal Gangaram Bhatia, Kishanchand Gangaram Bhatia, Nirmala Kishanchand | 5804 | $2,986,916.22 | *71** |
| Jayashree Bhatia, Nirmala K. Bhatia, Kishanchand Gangaram Bhatia, Nirmala Kishanchand | 5785 | $2,160,919.31 | *52** |
| Kishanchand Gangaram Bhatia, Gopal Gangaram Bhatia, Pushpa Gangaram Bhatia, Mandakini Manish Gajaria | 5789 | $196,406.23 | *74** |
| Ashokkumar Damodardas Raipancholia, Dilip Damodardas Raipancholia, Rajeshkumar Damodardas Raipancholia | 14680 14681 15113 15232 15353 | $837,813.40 | **519 |
| Kishu Nathurmal Uttamchandani, Prerna Vinod Uttamchandani | 15110 70163 | $236,224.28 | ***017 |
| Arjan Mohandas Bhatia, Kishin Mohandas Bhatia, Suresh M. Bhatia, Bharat Mohandas | 15112 | $410,518.00 | **846 |

2

| Claimants | SIPC Claim No. | Amount | Account No. |
|---|---|---|---|
| Rajendrakumar Patel, Vandna Patel | 15111<br>15145<br>15146<br>15352<br>70032 | $256,817.13 | ***363 |
| Tradewaves Ltd. | 4459[1] | $752,015.43 | ***572 |
| Nikesh P. Daryani, Neelam P. Daryani | 10850[2] | $347,163.00 | **701 |
| Vikas P. Daryani, Neelam P. Daryani | 10851[3] | $482,937.00 | **481 |
| Parasram Daryani, Neelam P. Daryani, Vikas P. Daryani, Nikesh P. Daryani | ****[4] | $974,885.67 | ***834 |
| Aarvee Ltd. | ****[5] | $455,023.32 | ***065 |

Copies of the claims for all but the last two Account Numbers are attached hereto as **Exhibit A**.

4.  On December 8, 2009, the Trustee issued a Notice of Trustee's Determination of Claim that denied the claims on the ground that because the Investors did not have an account with BLMIS, they are not "customers" of BLMIS under the Securities Investor Protection Act

---

[1] The undersigned counsel has not received a Notice of Trustee's Determination of Claim for this claim. However, out of abundance of caution and to preserve the rights of this similarly situated Investor, Tradewaves Ltd. joins in this objection.

[2] The undersigned counsel has not received a Notice of Trustee's Determination of Claim for this claim. However, out of abundance of caution and to preserve the rights of these similarly situated Investors, Nikesh P. Daryani and Neelam P. Daryani join in this objection.

[3] The undersigned counsel has not received a Notice of Trustee's Determination of Claim for this claim. However, out of abundance of caution and to preserve the rights of these similarly situated Investors, Vikas P. Daryani and Neelam P. Daryani join in this objection.

[4] The undersigned counsel has reason to believe that a claim was timely filed directly by these similarly situated Investors, but counsel has not received a Notice of Trustee's Determination of Claim for this claim. Out of abundance of caution and to preserve the rights of these similarly situated Investors, Parasram Daryani, Neelam P. Daryani, Vikas P. Daryani and Nikesh P. Daryani join in this objection.

[5] The undersigned counsel has reason to believe that a claim was timely filed directly by this similarly situated Investor, but counsel has not received a Notice of Trustee's Determination of Claim for this claim. In addition, on information and belief, this Investor also may have filed timely claims relating to Account Numbers **100 and ***656. Out of abundance of caution and to preserve the rights of this similarly situated Investor, Aarvee Ltd. joins in this objection.

("SIPA").[6] As an example, a copy of one of the several Notices of Trustee's Determination of Claim is attached hereto as **Exhibit B**.

**Grounds for Objection**

**A.    The Investors are "customers" under SIPA entitled to SIPC insurance**

5.    Contrary to the Trustee's position, if Congress had intended to limit the definition of "customer" to account holders, the definition could have been six words: "A 'customer' is an account holder." Instead, Congress' definition of "customer" is broad and includes any person "who has deposited cash with the debtor for the purpose of purchasing securities . . . ." 15 U.S.C. §78lll(2); *see also Rosenman Family LLC v. Picard*, 401 B.R. 629, 635 (Bankr. S.D.N.Y. 2009) (quoting *In re ESN Gov. Secs., Inc.*, 812 F.2d 1374, 1376 (11th Cir. 1986) ("the mere act of entrusting . . . cash to the debtor for the purpose of effective securities transactions . . . triggers customer status . . .")).

6.    In determining whether a person is a "customer," it does not matter to whom he or she "handed her cash or made her check payable, or even where the funds were initially deposited." *In re Old Naples Securities, Inc.*, 223 F.3d 1296, 1302 (11th Cir. 2000). Rather, the determination depends upon whether there was "actual receipt, acquisition or possession of the property of a claimant by the brokerage firm under liquidation." *Id.*

7.    Here, the Investors' property was pooled with other investors in Fairfield Sentry and BLMIS actually received, acquired or possessed their property. Although they are indirect investors in BLMIS, there is no question that the Investors' property ended up in the hands of

---

[6]    No other grounds were stated in the several Notices of Trustee's Determination of Claim. To the extent the Investors are deemed or otherwise determined to be "customers" under SIPA, they reserve all rights, remedies, arguments, issues, positions, claims and defenses relating to their claims, including, but not limited to, their "legitimate expectations" as customers, the calculation/definition of "net equity," and the accrual of interest.

BLMIS. The Trustee's determination improperly fails to acknowledge customers of BLMIS that invested funds with BLMIS through means other than a direct account.

8. In addition, SIPA is remedial legislation. As such, SIPA's definition of "customer," along with SIPA's other provisions, should be construed liberally to effect its purpose. *See, e.g., Tcherepin v. Knight*, 389 U.S. 332, 336 (1967) (in the context of construing the Securities Act of 1933, the Supreme Court was guided by "the familiar canon of statutory construction that remedial legislation should be construed broadly to effectuate its purposes").[7] SIPA's purpose, of course, is to "provide protection for investors if the broker-dealer with whom they are doing business encounters financial troubles." H.R. Rep. No. 91-1613 at 1 (1970), as reprinted in 1970 U.S.C.C.A.N. 5254, 5255.

9. Moreover, SIPA makes clear that customers of a broker, dealer or bank that transacts with the failed debtor shall be deemed customers of the debtor. *See* 15 U.S.C. § 78fff-3(a)(5) ("no advance shall be made by SIPC to the trustee to pay or otherwise satisfy any net equity claim of any customer who is a broker or dealer or bank, other than to the extent that it shall be established . . . that the net equity claim of such broker or dealer or bank against the debtor arose out of transactions for customers of such broker or dealer or bank . . . *in which event each such customer of such broker or dealer or bank shall be deemed a separate customer* of the debtor") (emphasis added). Here, in essence, feeder funds like Fairfield Sentry acted like introducing brokers by passing on the Investors' property to BLMIS as the clearing broker.

10. As a result, the Investors respectfully submit that they are "customers" under SIPA, entitled to have their losses covered by SIPC insurance.

---

[7] Indeed, Congress intended for the term "customer" to be broadly interpreted. In a draft of the SIPA bill, there was no entitlement to SIPC insurance for any customer whose name or interest was not disclosed on the records of the broker/dealer "if such recognition would increase the aggregate amount of the insured customer accounts or insured liability in such closed broker or dealer." S. 2348, 91st Cong. Section 7(d) (June 9, 1969); H.R. 13308, 91st Cong. Section 7(d) (August 4, 1969). The final bill dropped this restriction.

5

**B.     Even if the Investors are not "customers" under current SIPA, their right to assert customer claims should be preserved in the event that SIPA is ever clarified**

11.     Even if the Court concludes that the Investors are not "customers" under SIPA, Congress recently held hearings concerning pending legislation proposed in part as a result of the harm suffered indirect investors, such as the Investors. *See, e.g.*, **Exhibit C** (Testimony by Peter J. Leveton, Co-Chairman of the Agile Funds Investor Committee, Before the House Financial Services Subcommittee on Capital Markets, Insurance and Government Sponsored Enterprises, December 9, 2009, at p. 6) (urging Congress to retroactively amend the definition of "customer" to clarify that indirect investors are covered).

12.     In the event that the definition of "customer" is clarified, whether by act of Congress, court decision, or otherwise, the Investors' rights to assert customer claims should be preserved. The Investors respectfully request, in the alternative, that any ruling by the Court preserve such rights.

**C.     Even if the Investors are not "customers" under SIPA, they possess general unsecured claims relating to their losses**

13.     Finally, the Investors were harmed by BLMIS. As a result, they have claims relating to their lost property. Even if the Court determines they are not "customer" claims, there is no prejudice in permitting those timely claims to remain as unsecured claims.

14.     As a result, to the extent the Court denies the Investors' claims as "customers," they respectfully request that their timely filed claims be preserved and treated as general unsecured claims, subject, of course, to any other defenses that may be raised on behalf of the estate of BLMIS.

**Conclusion and Reservation of Rights**

15. The Investors respectfully request that the Court overrule the Trustee's denial of their "customer" claims. In the alternative, the Investors ask that the Court (a) preserve their right to assert "customer" claims in the future in the event that SIPA's definition of "customer" is ever clarified to include indirect investors and (b) preserve and treat their filed claims as general unsecured claims, subject to any defenses that may be raised on behalf of the estate of BLMIS.

16. The Investors reserve all rights, remedies, arguments, issues, positions, claims and defenses relating to their filed claims and further reserve the right to amend and/or supplement this objection or file a reply to any response to this objection.

Dated: January 7, 2009
New York, New York

Respectfully submitted,

CROWELL & MORING LLP

By: /s/  Mark S. Lichtenstein, Esquire
William M. O'Connor, Esquire
Mark S. Lichtenstein, Esquire
590 Madison Avenue, 20th Floor
New York, NY 10022-2524
(212) 223-4000 Telephone
(212) 223-4134 Facsimile
Attorneys for: Jitendra Gopaldas, Gopal Gangaram Bhatia, Kishanchand Gangaram Bhatia, Nirmala Kishanchand, Jayashree Bhatia, Nirmala K. Bhatia, Pushpa Gangaram Bhatia, Mandakini Manish Gajaria, Ashokkumar Damodardas Raipancholia, Dilip Damodardas Raipancholia, Rajeshkumar Damodardas Raipancholia, Kishu Nathurmal Uttamchandani, Prerna Vinod Uttamchandani, Arjan Mohandas Bhatia, Kishin Mohandas Bhatia, Suresh M. Bhatia, Bharat Mohandas, Rajendrakumar Patel, Vandna Patel, Tradewaves Ltd., Parasram Daryani, Neelam P. Daryani, Vikas P. Daryani, Nikesh P. Daryani, and Aarvee Ltd.