# **EXHIBIT U**

# CUSTOMER CLAIM

Claim Number_____

Date Received_____

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

### DECEMBER 11, 2008

**(Please print or type)**

**Name of Customer:**  Parentes N.V.
**Mailing Address:**  c/o Ropes & Gray LLP, Attention: Andrew G. Devore, One International Place
**City:** Boston                           **State:** MA                **Zip:** 02110
**Account No.:**  see Attachment and Appendices
**Taxpayer I.D. Number (Social Security No.):** _____

**NOTE:** BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY THE ACCOMPANYING INSTRUCTION SHEET. A SEPARATE CLAIM FORM SHOULD BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL PROTECTION AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE RECEIVED BY THE TRUSTEE ON OR BEFORE March 4, 2009. CLAIMS RECEIVED AFTER THAT DATE, BUT ON OR BEFORE July 2, 2009, WILL BE SUBJECT TO DELAYED PROCESSING AND TO BEING SATISFIED ON TERMS LESS FAVORABLE TO THE CLAIMANT. PLEASE SEND YOUR CLAIM FORM BY CERTIFIED MAIL - RETURN RECEIPT REQUESTED.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

1.  Claim for money balances as of December 11, 2008:

     a.   The Broker owes me a Credit (Cr.) Balance of     $ € 209,574

     b.   I owe the Broker a Debit (Dr.) Balance of     $ 0

     c.   If you wish to repay the Debit Balance,

         please insert the amount you wish to repay and

         attach a check payable to "Irving H. Picard, Esq.,

         Trustee for Bernard L. Madoff Investment Securities LLC."

         If you wish to make a payment, **it must be enclosed**

         with this claim form.     $ 0

     d.   If balance is zero, insert "None."     _____

502180406

2.        Claim for securities as of **December 11, 2008**:

**PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.**

|   |   | YES | NO |
|---|---|---|---|
| a. | The Broker owes me securities | ✓ | |
| b. | I owe the Broker securities | | ✓ |

c.        If yes to either, please list below:

| Date of Transaction (trade date) | Name of Security | Number of Shares or Face Amount of Bonds | |
|---|---|---|---|
| | | The Broker Owes Me (Long) | I Owe the Broker (Short) |
| _____ | see Attachment and Appendices | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

**Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclose, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation. You should also provide all documentation or information regarding any withdrawals you have ever made or payments received from the Debtor.**

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement. If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.

**PLEASE CHECK THE APPROPRIATE ANSWER FOR ITEMS 3 THROUGH 9.**

**NOTE:  IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION ON A SIGNED ATTACHMENT.  IF SUFFICIENT DETAILS ARE NOT PROVIDED, THIS CLAIM FORM WILL BE RETURNED FOR YOUR COMPLETION.**

<u>YES</u>      <u>NO</u>

3.  Has there been any change in your account since December 11, 2008?  If so, please explain.  _____  ✓

4.  Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of the broker?  _____  ✓

5.  Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or policies of the broker?  _____  ✓

6.  Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in any way with the broker?  If so, give name(s)  _____  ✓

7.  Is this claim being filed by or on behalf of a broker or dealer or a bank?  If so, provide documentation with respect to each public customer on whose behalf you are claiming.  _____  ✓

8.  Have you ever given any discretionary authority to any person to execute securities transactions with or through the broker on your behalf?  Give names, addresses and phone numbers.  _____  ✓

9.  Have you or any member of your family ever filed a claim under the Securities Investor Protection Act of 1970?  if so, give name of that broker.  _____  ✓

Please list the full name and address of anyone assisting you in the preparation of this claim form: Andrew G. Devore, Ropes & Gray LLP, One International Place, Boston, Massachusetts 02110-2624.

3

502180406

If you cannot compute the amount of your claim, you may file an estimated claim. In that case, please indicate your claim is an estimated claim.

**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM. CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.**

**THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY INFORMATION AND BELIEF.**

Date __12/6/09__    Signature _____

Date __12/6/09__    Signature _____

(If ownership of the account is shared, all must sign above. Give each owner's name, address, phone number, and extent of ownership on a signed separate sheet. If other than a personal account, *e.g.*, corporate, trustee, custodian, etc., also state your capacity and authority. Please supply the trust agreement or other proof of authority.)

**This customer claim form must be completed and mailed promptly, together with supporting documentation, etc. to:**

Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

4

502180406

**Name of Customer:**      **Parentes N.V.**
**Mailing Address:**        **c/o Ropes & Gray LLP, Attention: Andrew G. Devore,**
                              **One International Place, Boston MA 02110**

Parentes N.V., formerly named Holding Doets B.V., (the "Customer") deposited cash in the amount of € 188,403 with Thybo International Fund Ltd. ("TIF") to be invested in Thybo Stable Fund Ltd. ("TSF"). The Customer's € 188,403 cash was then deposited by TSF with Bernard L. Madoff Investment Securities LLC ("BLMIS"). The Customer did not redeem or otherwise withdraw any amount of its cash deposited with BLMIS. The foregoing structure of Customer's investment in BLMIS is diagramed as follows:



The prospectuses of TIF and TSF are attached hereto as Appendices 1 and 2. A copy of the notarial deed concerning the change in corporate name from Holding Doest B.V. to Parentes N.V. is attached hereto as Appendix 3.

Attached hereto as Appendix 4 is the Customer's subscription confirmation setting forth the amount of € 188,403 deposited with TIF for investment in BLMIS. As set forth in Appendix 4, the subscription was executed through a bank account of the Customer with ABN AMRO Bank in The Netherlands (the "Custodian Bank").

Attached hereto as Appendix 5 is the portfolio statement from the Custodian Bank setting forth the value of the Customer's investment in BLMIS (through TIF) as € 207,329 as of October 31, 2008. The stated valuation of € 207,329 is, however, based on an out dated Net Asset Value ("NAV") of € 1,126.51 per class G share in TIF. As set forth in Appendix 5, the correct NAV as of October 31, 2008 was € 1,138.71, resulting in a total value of the investment in BLMIS (through TIF) of € 209,574.

The Customer acknowledges that the Trustee has reported to have found no securities purchased on behalf of customers for at least the past thirteen years and does not expect to discover any such securities. Accordingly, the Trustee has reported that he does not foresee any valid claims

for securities. To the extent that any valid securities claims exist due to any future recovery of securities by the Trustee, or otherwise, the Customer expressly claims any and all such securities purchased for its benefit.


**Appendices to Attachment Customer Claim**

1. Prospectus of Thybo Stable Fund Ltd.
2. Prospectus of Thybo International Fund Ltd.
3. Copy notarial deed concerning change of corporate name
4. Subscription confirmation
5. Portfolio statement as of October 31, 2008
6. TIF Fact Sheet, October 2008
7. Abstract Chamber of Commerce
8. Appendix to the Attachment Customer Claim Form – J.E.D. Odekerken Holding B.V. Short description of the corporation and signing authority
9. Copy of passport

**Appendix 1**

**Appendix 2**

**Appendix 3**



N O T A R I S S E N

A F S C H R I F T
van de akte houdende gedeeltelijke
S T A T U T E N W I J Z I G I N G
van de besloten vennootschap met beperkte
aansprakelijkheid
**Holding Doets B.V.,**
gevestigd te Krommenie

Akte de dato 20 december 2007

Zaaknummer [Reda]7344



N   O   T   A   R   I   S   S   E   N

## AKTE TOT WIJZIGING STATUTEN

[Redacted] 7344/HW/ml

Op twintig december tweeduizend zeven verscheen voor mij, mr. HENDRIK CORNELIS ------
WILLEMSEN, notaris gevestigd te HEERHUGOWAARD: -------------------------------------------
de heer drs. Albert Doets, wonende te 1544 BH Zaandijk, gemeente Zaanstad, Lagedijk 72, ----
geboren te Alkmaar op dertig maart negentienhonderd achtenveertig, (Nederlands paspoort ----
nummer: NK9849007, geldig tot tweeëntwintig mei tweeduizend elf, uitgegeven te Zaanstad op
tweeëntwintig mei tweeduizend zes), gehuwd. --------------------------------------------------------
De comparant verklaarde bij deze ter uitvoering van het buiten vergadering genomen ------------
aandeelhoudersbesluit de dato negenentwintig november tweeduizend zeven te willen overgaan
tot gedeeltelijke wijziging van de besloten vennootschap met beperkte aansprakelijkheid -------
Holding Doets B.V., gevestigd te Krommenie, feitelijk adres Lagedijk 72, 1544 BH Zaandijk, -
ingeschreven in het handelsregister van de Kamer van Koophandel te Amsterdam onder --------
dossiernummer 35016407 (hierna verder te noemen: "de vennootschap"), waartoe hij vooraf het
navolgende te kennen gaf: ---------------------------------------------------------------------------------
-   de vennootschap werd opgericht blijkens akte op achtentwintig april negentienhonderd ----
    tweeëntachtig verleden voor mr. M.J.V. Kloeck, destijds notaris te Heemstede, waarbij de
    Ministeriële verklaring van geen bezwaar werd verleend op vijftien februari tevoren onder
    nummer B.V. 244.726; -------------------------------------------------------------------------------
-   nadien zijn de statuten van de vennootschap niet gewijzigd en/of nader aangevuld; ----------
-   bij gemeld buiten vergadering genomen aandeelhoudersbesluit, hetwelk in kopie aan deze
    akte is gehecht, werd besloten tot gedeeltelijke wijziging van de statuten van de -------------
    vennootschap over te gaan; -------------------------------------------------------------------------
-   ter zake van deze besluitvorming werd voldaan aan het gestelde in de statuten van de ------
    vennootschap;------------------------------------------------------------------------------------------
-   de comparant werd blijkens gemeld aandeelhoudersbesluit gemachtigd de akte van ---------
    statutenwijziging te doen passeren en verder al datgene te doen wat ter uitvoering van -----
    voormeld besluit nodig of wenselijk zal zijn; ----------------------------------------------------
-   de onderhavige gedeeltelijke wijziging van de statuten behelst uitsluitend een omzetting ---
    van de nominale waarde van de aandelen van de vennootschap van een guldenbedrag naar

- 1 -

een eurobedrag, afronding van de nominale waarde van de aandelen conform artikel
2:178a lid 1 van het Burgerlijk Wetboek en de daaruit voortvloeiende wijziging van de
statutaire bepaling ten aanzien van het maatschappelijk kapitaal. Aangezien de gemelde
omzetting plaatsvindt door middel van de daarvoor in de Wet voorgeschreven methodiek
van omrekening en afronding, is voor deze statutenwijziging geen Ministeriële verklaring
van geen bezwaar vereist.

Thans overgaande tot de uitvoering van voormeld besluit, verklaarde de comparant, handelend
als gemeld, de statuten te wijzigen en gedeeltelijk opnieuw vast te stellen, met dien verstande
dat artikel 3 lid 1 met ingang van heden zal luiden als volgt:

---------------------- MAATSCHAPPELIJK KAPITAAL EN AANDELEN ----------------------

ARTIKEL 3.-

1.  Het maatschappelijk kapitaal van de vennootschap bedraagt achtenzeventigduizend
    zevenhonderdvijftig euro (€ 78.750,00), verdeeld in eenhonderdvijfenzeventig (175)
    aandelen, elk nominaal groot vierhonderdvijftig euro (€ 450,00) en doorlopend genummu
    van 1 tot en met 175.

SLOTVERKLARINGEN

De comparant, handelend als gemeld, verklaarde dat de overige artikelen (waaronder ook de
overige leden van artikel 3) van de statuten van de vennootschap als vastgelegd in voormelde
akte van oprichting van de vennootschap van achtentwintig april negentienhonderd
tweeëntachtig, volledig van kracht blijven.

Tenslotte verklaarde de comparant, handelend als gemeld:

a.  de hoogte van het geplaatste kapitaal van de vennootschap bedroeg voorafgaand aan het
    passeren van deze akte vijfendertigduizend gulden (ƒ 35.000,00), verdeeld in vijfenderti
    (35) aandelen van elk eenduizend gulden (ƒ 1.000,00) nominaal, in het register van
    aandeelhouders van de vennootschap genummerd 1 tot en met 35;

b.  in verband met de onderhavige statutenwijziging is het nominale bedrag van elk aandee
    omgerekend en afgerond in euro tot een bedrag van vierhonderddrieënvijftig euro en
    achtenzeventig eurocent (€ 453,78), zodat na deze omrekening en afronding het geplaat
    kapitaal casu quo de som van de omgerekende en afgeronde bedragen van de geplaatste
    aandelen van de vennootschap vijftienduizend achthonderdtweeëntachtig euro en dertig
    eurocent (€ 15.882,30) bedroeg, verdeeld in vijfendertig (35) aandelen van elk
    vierhonderddrieënvijftig euro en achtenzeventig eurocent (€ 453,78) nominaal;

c.  voormelde som van de omgerekende en afgeronde bedragen van de geplaatste aandelei
    (welke som als het vóór heden geplaatste kapitaal in euro dient te gelden) is lager dan l
    bedrag van het in euro omgerekende en afgeronde geplaatste kapitaal (te weten

ACTUS

N O T A R I S S E N

vijftienduizend achthonderdtweeëntachtig euro en eenendertig eurocent (€ 15.882,31)), ----
zodat voormelde omrekening en afronding in euro leidt tot een verlaging van het geplaatste
kapitaal van de vennootschap met een bedrag gelijk aan bedoeld verschil (te weten één ----
eurocent (€ 0,01)); ---------------------------------------------------------------------------

d.    vervolgens is het nominale bedrag van elk aandeel op de voet van artikel 178a lid 1 van ---
Boek 2 van het Burgerlijk Wetboek afgerond van vierhonderddrieënvijftig euro en ---------
achtenzeventig eurocent (€ 453,78) tot vierhonderdvijftig euro (€ 450,00), ten gevolge van
welke afronding -en de hiervoor sub c. vermelde vermindering van het geplaatste kapitaal-
het geplaatste kapitaal in totaal wordt verminderd met eenhonderdtweeëndertig euro en ----
eenendertig eurocent (€ 132,31), welk bedrag niet wordt uitgekeerd doch op de voet van lid
3 van genoemd artikel 178a als niet-uitkeerbare reserve door de vennootschap zal worden -
aangehouden; -------------------------------------------------------------------------------

e.    het geplaatste kapitaal van de vennootschap bedraagt na deze statutenwijziging op grond --
van het voorgaande vijftienduizend zevenhonderdvijftig euro (€ 15.750,00), verdeeld in ---
vijfendertig (35) aandelen van elk vierhonderdvijftig euro (€ 450,00) nominaal. --------------

SLOT -------------------------------------------------------------------------------------

Waarvan akte, in minuut opgemaakt is verleden te Heerhugowaard op de datum in het hoofd ---
van deze akte gemeld.-------------------------------------------------------------------------

De verschenen persoon is mij, notaris, bekend. De zakelijke inhoud van de akte is aan hem -----
opgegeven en toegelicht. De verschenen persoon heeft verklaard van de inhoud van deze akte -
te hebben kennisgenomen en met de beperkte voorlezing van de akte in te stemmen. -------------
De identiteit van de bij deze akte betrokken verschenen persoon is door mij, notaris, aan de ----
hand van het hiervoor gemelde en daartoe bestemde document vastgesteld. ------------------------
Vervolgens is deze akte beperkt voorgelezen en onmiddellijk daarna ondertekend, eerst door de
verschenen persoon en vervolgens door mij, notaris.

(Volgt ondertekening)

UITGEGEVEN VOOR AFSCHRIFT:

- 3 -



# AANDEELHOUDERSBESLUIT

 7344/HW/ml

Buiten vergadering genomen besluit van de houders van aandelen van de besloten vennootschap met beperkte aansprakelijkheid <u>Holding Doets B.V.</u>, gevestigd te Krommenie.

<u>Ondergetekende:</u>
<u>drs. Albert Doets</u>, wonende te 1544 BH Zaandijk, gemeente Zaanstad, Lagedijk 72, geboren te Alkmaar op dertig maart negentienhonderd achtenveertig, (Nederlands rijbewijs nummer: 3195403536, geldig tot veertien mei tweeduizend elf, uitgegeven te Zaanstad op veertien mei tweeduizend een), gehuwd;

vertegenwoordigende het gehele geplaatste aandelenkapitaal van de besloten vennootschap met beperkte aansprakelijkheid <u>Holding Doets B.V.</u>, gevestigd te Krommenie, feitelijk adres Lagedijk 72, 1544 BH Zaandijk, ingeschreven in het handelsregister van de Kamer van Koophandel te Amsterdam onder dossiernummer 35016407, hierna ook te noemen: <u>de vennootschap,</u>

<u>verklaart</u> hierbij schriftelijk stem uit te brengen vóór:

1.  het voorstel om het maatschappelijk kapitaal van de vennootschap en het geplaatste gedeelte daarvan op de voet van artikel 2:178a van het Burgerlijk Wetboek om te zetten van een guldenbedrag in euro, de nominale waarde van de aandelen conform dat artikel af te ronden in euro tot vierhonderdvijftig euro (€ 450,00) en in verband met het vorenstaande artikel 3 lid 1 van de statuten van de vennootschap te wijzigen en gedeeltelijk opnieuw vast te stellen, een en ander conform het door Actus Notarissen te Heerhugowaard opgestelde ontwerp, terwijl de overige artikelen van de statuten van de vennootschap onverminderd van kracht blijven;

2.  het voorstel om goedkeuring en medewerking te verlenen aan de emissie van vijfenzestig (65) aandelen in het kapitaal van de vennootschap, elk aandeel nominaal groot vierhonderdvijftig euro (€ 450,00), genummerd 36 tot en met 100, zulks na de sub 1 bedoelde euro-omzetting, een en ander conform de desbetreffende bepalingen in de statuten van de vennootschap en met inachtneming van de ter zake geldende wettelijke bepalingen, welke uit te geven aandelen zullen worden genomen door ondergetekende, hierna te noemen: <u>de aandeelhouder</u>, zulks onder de volgende bepalingen:
    a.  gemelde emissie vindt plaats conform het door Actus Notarissen, voornoemd, opgestelde ontwerp;
    b.  de volstorting van de uit te geven aandelen door de aandeelhouder zal geschieden deels ten laste van de ten gevolge de onder voorstel 1. bedoelde euro-omzetting en afronding te ontstane reserve als bedoeld in artikel 2:178a lid 3 van het Burgerlijk Wetboek, deels ten laste van de reserve als bedoeld in artikel 2:178 lid 3 van het Burgerlijk

Wetboek en voor het overige ten laste van de algemene (vrij uitkeerbare) rese
de vennootschap;

3. het voorstel om de vennootschap op de voet van artikel 2:18 juncto 2:72 van het F
   Wetboek om te zetten in een naamloze vennootschap;

4. in verband met het onder voorstel 3. gedane voorstel de statuten van de vennootsc
   algeheel te wijzigen en in hun geheel opnieuw vast te stellen, een en ander confor
   door Actus Notarissen, voornoemd, opgestelde ontwerp, waarbij ondermeer:
   a. de doelomschrijving van de vennootschap zodanig zal worden gewijzigd, dat
      vennootschap als 'vrijgestelde beleggingsinstelling' in de zin van artikel 6a v;
      op de vennootschapsbelasting 1969 kan worden aangemerkt;
   b. het aantal geplaatste aandelen wordt geherschikt (door splitsing) en de nomir
      waarde van de aandelen wordt gewijzigd in een euro (€ 1,00) (door verlagin;
      het geplaatste kapitaal ad vijfenveertigduizend euro (€ 45.000,00) door deze
      herschikking bestaat uit vijfenveertigduizend (45.000) aandelen ad elk een e
      (€ 1,00) nominaal;

en de ondergetekende in privé, alsmede de bestuurder van de vennootschap en ieder
medewerkers verbonden aan Actus Notarissen, voornoemd, zowel tezamen als ieder
afzonderlijk, te machtigen om de ministeriële verklaring van geen bezwaar aan te vra
conform gemeld ontwerp van de akte van omzetting en statutenwijziging en om na v
van bedoelde verklaring de voormelde akte(n) te doen passeren, de ter zake vereiste
te doen aan de desbetreffende Kamer van Koophandel, alsmede al datgene meer te d
laten geschieden wat ter uitvoering van het vorenstaande wenselijk of nodig zal zijn.

Tenslotte verklaart de ondergetekende - thans mede handelend in zijn hoedanigheid
bestuurder van de vennootschap - dat er geen certificaten van aandelen met medewe
de vennootschap zijn uitgegeven en dat pandrecht noch vruchtgebruik op aandelen v
vennootschap is gevestigd, zodat ingevolge het bepaalde in de statuten van de venno
besluiten rechtsgeldig buiten vergadering kunnen worden genomen, mits met algem
stemmen van alle aandeelhouders en mits de stemmen schriftelijk worden uitgebrac

Het/de bestuur(der) van de vennootschap (is) in de gelegenheid gesteld terzake van
onderhavige besluit(en) advies uit te brengen.

Getekend te
op    29 november 2007

(A. Doets)

- 2 -

## NAAM EN ZETEL

**ARTIKEL 1.**
De vennootschap draagt de naam: "HOLDING DOETS B.V." en is gevestigd te KROMMENIE.

**ARTIKEL 2.** DOEL

De vennootschap heeft ten doel het deelnemen in, het financieren van en het voeren van directie over andere vennootschappen, in het bijzonder vennootschappen, welke een soortgelijk doel als de onderhavige vennootschap hebben, het beleggen van vermogen in effecten, onroerende zaken en andere vermogenswaarden alsmede het doen uitoefenen en bevorderen van de artsenijbereidkunst door een apotheker onder diens verantwoordelijkheid en voorts het verrichten van alle handelingen, welke in de ruimste zin van het woord daarmee samenhangen of daartoe wenselijk of bevorderlijk kunnen zijn.

## MAATSCHAPPELIJK KAPITAAL EN AANDELEN

**ARTIKEL 3.**

1. Het maatschappelijk kapitaal van de vennootschap bedraagt achtenzeventigduizend zevenhonderdvijftig euro (€ 78.750,00), verdeeld in eenhonderdvijfenzeventig (175) aandelen, elk nominaal groot vierhonderdvijftig euro (€ 450,00) en doorlopend genummerd van 1 tot en met 175.

2. De nog niet geplaatste aandelen kunnen worden uitgegeven krachtens besluit van de algemene vergadering van aandeelhouders; zij mogen niet beneden pari worden uitgegeven.

3. Bij die uitgifte heeft een aandeelhouder het recht van voorkeur, doch alleen indien hij binnen de door de directie vast te stellen en aan de aandeelhouders mede te delen termijn heeft verklaard, hoeveel aandelen hij wenst te verkrijgen; de vast te stellen ter-

mijn mag niet korter zijn dan twee weken na ontvangst van de me-
dedeling van de directie. Alle in de vorige alinea genoemde mede-
delingen en kennisgevingen moeten geschieden bij aangetekend
schrijven of tegen ontvangstbewijs. Het recht van voorkeur kan
door de aandeelhouders worden uitgeoefend in dezelfde verhouding,
als waarin zij ingevolge artikel 7 aangeboden aandelen kunnen
kopen.

ARTIKEL 4.

1. Aandeelhouders kunnen slechts zijn:
   a. zij die het nederlandse diploma van apotheker bezitten;
   b. instellingen, die instellingen van apothekers zijn in de zin
      van het Besluit Uitoefening Artsenij-bereidkunst (B.U.A.);
   c. naamloze vennootschappen of besloten vennootschappen met be-
      perkte aansprakelijkheid, indien en zolang de statuten dier
      vennootschappen de in artikel 4 en met en met 3, artikel
      19 en artikel 20 van de statuten dezer vennootschap omschre-
      ven bepalingen ten aanzien van de kwaliteitseisen en een ge-
      lijke kwaliteitseis ten aanzien van eventuele commissarissen
      bevatten;
   d. de vennootschap zelf.

2. De aandeelhouder, die niet of niet meer aan de gestelde kwali-
   teitseisen voldoet, is verplicht de directie der vennootschap
   hiervan binnen een maand na het gemis of verlies van de gestelde
   kwaliteitseisen bij aangetekend schrijven op de hoogte te stel-
   len. De aandeelhouder, die niet of niet meer aan de gestelde
   kwaliteitseisen voldoet, kan de aan zijn aandelen verbonden
   rechten of niet meer uitoefenen. Indien alle aandelen in het
   bezit zijn van personen, die niet meer aan de gestelde kwali-
   teitseisen voldoen, mogen - in afwijking van het vorenstaande -
   die personen het vergader- en het stemrecht uitoefenen in de al-
   gemene vergadering van aandeelhouders, waarin als enige agenda-
   punt aan de orde komt hetzij het besluit tot ontbinding der
   vennootschap hetzij een statutenwijziging, waarbij tenminste het
   doel der vennootschap zodanig wordt gewijzigd, dat de vennoot-
   schap niet meer bevoegd is tot het doen uitoefenen en bevorderen
   van de artsenijbereidkunst door een apotheker onder diens verant-
   woordelijkheid en voorts de in dit artikel alsmede de in de
   artikelen 19 en 20 lid 3 gestelde kwaliteitseisen komen te ver-
   vallen.

3. De aandeelhouder, die niet of niet meer aan de gestelde kwali-
   teitseisen voldoet, is verplicht zijn aandelen over te dragen op
   de wijze, als in artikel 7 is voorgeschreven; de kennisgeving van
   het gemis of verlies van de gestelde kwaliteitseisen, als bedoeld
   in lid 2 van dit artikel, geldt dan tevens als de mededeling, be-
   doeld in lid 2 van artikel 7.
   De vennootschap is verplicht om binnen twee maanden na een desbe-
   treffend verzoek van de aandeelhouder, die niet of niet meer aan
   de gestelde kwaliteitseisen voldoet, een persoon aan te wijzen,
   die wel aan de gestelde kwaliteitseisen voldoet en bereid en in
   staat is de aandelen van die aandeelhouder over te nemen tegen
   een prijs, welke zal worden vastgesteld op de wijze, als in ar-
   tikel 7 lid 4 omschreven.

4.   Zijn meer personen tot één aandeel gerechtigd, dan is op ieder van hen het hiervoor in de leden 1, 2 en 3 van dit artikel bepaalde van overeenkomstige toepassing en kunnen zij, indien allen aan de gestelde kwaliteitseisen voldoen, zich slechts door een door hen aan te wijzen persoon tegenover de vennootschap doen vertegenwoordigen. Deze aanwijzing moet onder opgave van het adres van de aangewezen persoon schriftelijk aan de vennootschap worden medegedeeld en in het hierna genoemde aandelenregister worden aangetekend.

ARTIKEL 5.

1.   De directie houdt een register waarin de namen en adressen van alle houders van aandelen zijn opgenomen met vermelding van het op ieder aandeel gestorte bedrag.

2.   In het register worden tevens opgenomen de namen en adressen van hen die een recht van vruchtgebruik of een pandrecht op die aandelen hebben, met vermelding welke aan de aandelen verbonden rechten hen overeenkomstig de leden 8, 9 en 10 van dit artikel toekomen.

3.   Voorts worden in het register opgenomen de namen en adressen van de houders van de met medewerking van de vennootschap uitgegeven certificaten op naam van aandelen.

4.   Iedere aandeelhouder, vruchtgebruiker en pandhouder van aandelen en iedere houder van met medewerking van de vennootschap uitgegeven certificaten op naam van aandelen is verplicht ervoor te zorgen dat zijn adres bij de vennootschap bekend is.

5.   In het register, dat regelmatig moet worden bijgehouden, worden tenslotte opgenomen ieder verleend ontslag van aansprakelijkheid voor nog niet gedane stortingen alsmede, ingeval van levering van niet-volgestorte aandelen, de dag van levering.

6.   De directie verstrekt desgevraagd aan een aandeelhouder, een vruchtgebruiker en een pandhouder om niet een uittreksel uit het register met betrekking tot zijn recht op een aandeel. Rust op het aandeel een recht van vruchtgebruik of een pandrecht, dan vermeldt het uittreksel aan wie de in de leden 8, 9 en 10 van dit artikel bedoelde rechten toekomen.

7.   De directie legt het register ten kantore van de vennootschap ter inzage van de aandeelhouders, alsmede van de vruchtgebruikers en pandhouders aan wie de in de leden 9 en 10 van dit artikel bedoelde rechten toekomen. De gegevens van het register omtrent niet volgestorte aandelen zijn ter inzage van een ieder; afschrift of uittreksel van deze gegevens wordt ten hoogste tegen kostprijs verstrekt.

8.   Op aandelen kan vruchtgebruik worden gevestigd.

9.   Het stemrecht kan niet aan de vruchtgebruiker worden toegekend. De aandeelhouder die geen stemrecht heeft, heeft de rechten die door de wet zijn toegekend aan de houders van met medewerking der vennootschap uitgegeven certificaten van aandelen. De vruchtgebruiker die geen stemrecht heeft, heeft deze rechten, indien bij de vestiging of overdracht van het vruchtgebruik niet anders is bepaald.

10. Op aandelen kan een pandrecht worden gevestigd. Het bepaalde in de leden 8 en 9 van dit artikel is alsdan van overeenkomstige toepassing.

11. Onder certificaathouders worden verder in deze statuten verstaan de houders van met medewerking van de vennootschap uitgegeven certificaten van aandelen alsmede de personen die als gevolg van een op een aandeel gevestigd vruchtgebruik of pandrecht de in de leden 9 en 10 bedoelde rechten hebben.

ARTIKEL 6.

De levering of toebedeling van aandelen geschiedt met inachtneming van het in de artikelen 196 en 200 van Boek 2 van het Burgerlijk Wetboek bepaalde en moet direct in het aandelenregister worden aangetekend.

ARTIKEL 7.

1. Een aandeelhouder kan zijn aandelen eerst doen overgaan, nadat is gebleken, dat zijn mede-aandeelhouders noch een door de algemene vergadering van aandeelhouders aan te wijzen persoon bereid en in staat zijn de aandelen over te nemen op de wijze, als hierna in dit artikel omschreven.

2. De aandeelhouder, die aandelen wenst te vervreemden, (hierna te noemen: aanbieder) moet aan de directie mededelen, welke aandelen hij wenst te vervreemden. Deze mededeling geldt als een aanbod tot verkoop van die aandelen aan de personen en tegen de condities, als hierna omschreven.
De directie roept met inachtneming van een oproepingstermijn van tenminste drie weken een algemene vergadering van aandeelhouders bijeen, welke moet worden gehouden binnen twee maanden na ontvangst van de in de vorige zin bedoelde mededeling.
In deze vergadering hebben de overige aandeelhouders het recht te verklaren, dat zij de aangeboden aandelen willen kopen.
Indien en voor zover aandelen niet worden gekocht door mede-aandeelhouders, kunnen zij worden gekocht door een derde, die daartoe door de algemene vergadering van aandeelhouders ter vergadering wordt aangewezen. Worden in deze vergadering zodanige personen niet aangewezen dan is de aanbieder gedurende drie maanden vrij in de overdracht der aangeboden aandelen.
Indien en voor zover de vennootschap bevoegd is aandelen in haar eigen kapitaal te verwerven, kan zij - indien de aanbieder zich daarmee kan verenigen - ook als koopster van de aandelen worden aangewezen.

3. Indien meer aandeelhouders willen kopen, geschiedt de verdeling van die aandelen tussen hen naar verhouding van het aantal aandelen, dat ieder hunner reeds in de vennootschap bezit. Indien en voor zover gehele verdeling niet mogelijk is, zal het restant worden toegewezen bij loting, te houden door de directie.

4. De prijs, waartegen de mede-aandeelhouders van de aanbieder of de aangewezen derde de aandelen kunnen kopen, zal - tenzij onderling anders wordt overeengekomen - worden vastgesteld door drie onafhankelijke deskundigen, die worden benoemd hetzij in onderling overleg hetzij - bij gebreke van overeenstemming binnen twee weken na de in lid 2 bedoelde vergadering - door de ter plaatse, waar de vennootschap statutair gevestigd is, competente kantonrechter op verzoek van de meest gerede partij.

5.  De door partijen of de rechter te dezer zake aangewezen deskun-
dige(n) is/zijn gerechtigd tot inzage van alle boeken en beschei-
den van de vennootschap en tot het verkrijgen van alle inlichtin-
gen, waarvan kennisneming voor de prijsvaststelling dienstig is.
Binnen veertien dagen nadat de overeengekomen of vastgestelde
prijs aan de directie is medegedeeld, geeft zij hiervan bericht
aan de aanbieder en alle overige aandeelhouders en de eventueel
aangewezen derde.

Binnen veertien dagen na ontvangst van dit bericht, moeten de
aandeelhouders en/of de aangewezen derde aan de directie medede-
len of zij de aandelen waarvoor zij zich als gegadigden hadden
opgegeven of ingevolge het in lid 3 van dit artikel bepaalde in
aanmerking kwamen, wensen te kopen tegen de aldus opgegeven
prijs.

Gegadigden die binnen genoemde termijn niet hebben geantwoord,
worden geacht van hun recht tot koop geen gebruik te maken.
Aandelen, welke niet worden gekocht door degene, die zich aanvan-
kelijk daarvoor als gegadigde had gemeld, kunnen tegen de reeds
vastgestelde prijs worden overgenomen door de overige gegadigden
naar verhouding van het aantal aandelen, dat ieder dezer gegadig-
den reeds in de vennootschap heeft tot het totaal aandelen, dat
deze gegadigden tezamen in de vennootschap hebben, of - indien en
voor zover die aandelen niet door mede-aandeelhouders worden
overgenomen - door de aangewezen derde, mits zich verklarende
binnen twee weken na ontvangst van een bericht daaromtrent van de
directie, die dat bericht moet verzenden uiterlijk een week, na-
dat zij van vorenbedoelde omstandigheid kennis heeft kunnen ne-
men.

6.  Binnen een week nadat op grond van het vorenstaande is komen vast
te staan door wie en tegen welke prijs de aandelen zullen worden
gekocht, wijst de directie de aangeboden aandelen dienovereenkom-
stig toe en geeft daarvan kennis aan de aanbieder en aan alle
overige aandeelhouders. Indien en voor zover geen toewijzing is
geschied, geeft de directie daarvan eveneens binnen gemelde ter-
mijn kennis aan alle aandeelhouders.

7.  Binnen een maand nadat de koop en verkoop van de aandelen defini-
tief vast staat, moeten die aandelen onder gelijktijdige betaling
van de koopsom worden geleverd. Indien en zolang echter vast-
staat, dat een koper niet aan zijn koopverplichtingen voldoet,
behoeft geen enkel aangeboden aandeel te worden geleverd. De aan-
bieder heeft alsdan het recht om de koopovereenkomst met de nala-
tige koper als ontbonden te beschouwen, mits hij tegelijkertijd
de overige kopers in de gelegenheid stelt om binnen veertien da-
gen de aldus vrijgekomen aandelen in de hiervoor onder lid 5 van
dit artikel genoemde verhouding over te nemen tegen de reeds
vastgestelde prijs.

8.  Tot een maand nadat aan de aanbieder bekend is geworden aan welke
gegadigden, in welke verhouding en tegen welke prijs hij de aan-
delen, waarop het aanbod betrekking heeft, uiteindelijk kan ver-
kopen, blijft de aanbieder bevoegd zijn gehele aanbod in te trek-
ken.

De desbetreffende verklaring dient te geschieden aan de directie, die daarvan onverwijld mededeling doet aan alle aandeelhouders en de eventueel andere gegadigden. Heeft de aanbieder zijn verklaring niet binnen gemelde termijn uitgebracht, dan wordt hij geacht zijn aanbod niet ingetrokken te hebben en wordt de overeenkomst van koop en verkoop geacht definitief te zijn gesloten met degenen, die van hun kooprecht gebruik hebben gemaakt.

9. Indien en zodra vaststaat, dat niet alle aandelen waarop het aanbod betrekking heeft, tegen contante betaling worden overgenomen, is de aanbieder, indien hij zijn aanbod niet heeft ingetrokken en indien hij - ingeval van nalatigheid van een koper - de overige kopers op de wijze, als omschreven in het zevende lid, in de gelegenheid heeft gesteld de aldus vrijgekomen aandelen te kopen, gerechtigd om alle uit dit artikel voortvloeiende overeenkomsten als ontbonden te beschouwen en om de aandelen binnen drie maanden na die vaststelling vrijelijk over te dragen.

10. Alle in dit artikel genoemde mededelingen, berichten en kennisgevingen moeten geschieden bij aangetekende brief of tegen ontvangstbewijs.

11. De kosten van de benoeming van de in lid 4 bedoelde deskundigen en hun honorarium komen ten laste van:
    a. de aanbieder, indien deze gebruik maakt van zijn in lid 8 van dit artikel omschreven recht;
    b. de aanbieder voor de helft en de kopers, naar evenredigheid, voor de andere helft, indien de aandelen door aandeelhouders of aangewezen derden zijn gekocht;
    c. de vennootschap in alle overige gevallen.

12. Het bepaalde in dit artikel geldt eveneens voor degene, die aandelen op andere wijze dan krachtens overdracht of overgang op grond van de bepalingen van dit artikel heeft verkregen, alsmede voor een aandeelhouder, die het vrije beheer over zijn goederen verliest, failliet wordt verklaard of surseance van betaling verkrijgt. Binnen drie maanden na zodanige verkrijging, alsmede binnen drie maanden, nadat zich ten aanzien van een aandeelhouder een der in de vorige zin genoemde omstandigheden heeft voorgedaan, en voorts binnen drie maanden na overlijden van een aandeelhouder of - indien de aandeelhouder een vennootschap of rechtspersoon is - een besluit tot haar ontbinding is genomen, dienen de hem toebehorende aandelen te worden aangeboden op de wijze, als in dit artikel omschreven, met dien verstande, dat:
    a. de aanbieder geen gebruik kan maken van het in lid 8 van dit artikel omschreven recht;
    b. men alle aandelen kan behouden indien van het aanbod geen of geen volledig gebruik wordt gemaakt.

13. De vennootschap is gerechtigd om - indien een aandeelhouder niet voldoet aan een verplichting, voortvloeiende uit de plicht tot aanbieding van de aandelen - voor en namens deze aandeelhouder de desbetreffende (rechts)handelingen te verrichten. De vennootschap is verplicht om de aan die aandeelhouder toekomende gelden direct na ontvangst uit te keren.

14. De verplichting tot aanbieding van aandelen op grond van het in dit artikel bepaalde heeft niet tot gevolg, dat gedurende het bestaan van die verplichting de aan die aandelen verbonden rechten niet kunnen worden uitgeoefend.

15. Van het in dit artikel bepaalde kan geheel of gedeeltelijk worden afgeweken indien in voorkomend geval alle aandeelhouders schriftelijk daarmee instemmen en de directie van de vennootschap schriftelijk heeft verklaard geen gegadigde te willen aanwijzen, met dien verstande dat een hieruit voortvloeiende overdracht slechts kan geschieden binnen drie maanden na de datum, waarop de aandeelhouders daarmee hebben ingestemd en de directie vorenbedoelde verklaring heeft uitgebracht.

ARTIKEL 8.

Volgestorte aandelen in haar maatschappelijk kapitaal mag de vennootschap voor eigen rekening onder bezwarende titel slechts verkrijgen tot een bedrag, gelijk aan ten hoogste vijftig procent van het geplaatste kapitaal. De vennootschap kan geen stemrecht uitoefenen op aandelen in haar eigen kapitaal. Verkrijging onder bezwarende titel van eigen aandelen is niet toegestaan voor zover het bedrag, gestort op aandelen, die door anderen dan de vennootschap worden gehouden, dientengevolge zou dalen tot beneden het in artikel 178 lid 2 boek 2 van het Burgerlijk Wetboek bedoelde bedrag, noch indien dat gestorte bedrag lager is dan dit bedrag. Aandelen waarop geen stemrecht kan worden uitgeoefend, worden buiten beschouwing gelaten bij de vaststelling of een bepaald gedeelte van het kapitaal ter vergadering is vertegenwoordigd. Op aandelen wordt geen winst ten behoeve van de vennootschap uitgekeerd.

ARTIKEL 9.    HET VERMOGEN VAN DE VENNOOTSCHAP

Het boekjaar valt samen met het kalenderjaar.
Op de jaarrekening en op de bevoegdheid van de algemene vergadering van aandeelhouders tot het doen onderzoeken van de jaarrekening zijn de artikelen 210 tot en met 215 Boek 2 van het Burgerlijk Wetboek toepasselijk.
Vaststelling van de jaarrekening zonder enig voorbehoud strekt tot décharge van de directie voor het gevoerde bestuur gedurende het boekjaar, waarop deze stukken betrekking hebben, onverminderd het in artikel 248 Boek 2 van het Burgerlijk Wetboek bepaalde.

ARTIKEL 10.

Onder winst wordt verstaan het batig saldo der vastgestelde winst- en verliesrekening.
Zij komt ter beschikking van de algemene vergadering van aandeelhouders.
Dividenden, waarover uiterlijk vijf jaren, nadat zij ingevolge besluit van de algemene vergadering van aandeelhouders betaalbaar zijn gesteld, niet is beschikt, worden onder de winst opgenomen.
Voor zover over enig boekjaar geleden verlies niet uit enige reserve of op andere wijze is bestreden, zal in de volgende jaren geen winstuitkering plaats hebben zolang zodanig verlies niet is aangezuiverd.

## DE ALGEMENE VERGADERING VAN AANDEELHOUDERS

**ARTIKEL 11.**

Jaarlijks wordt binnen zes maanden na afloop van het boekjaar der vennootschap de gewone algemene vergadering van aandeelhouders gehouden. Daarin worden de jaarrekening over het afgelopen boekjaar alsmede de winstverdeling vastgesteld, het verslag, als bedoeld in artikel 247 boek 2 van het Burgerlijk Wetboek, uitgebracht, voorzien in eventuele vacatures en worden behandeld die voorstellen, welke door de directie op de agenda zijn geplaatst, of volgens deze statuten moeten worden behandeld, speciaal de aanwijzing van de persoon, bedoeld in artikel 20 lid 3.

**ARTIKEL 12.**

Een algemene vergadering van aandeelhouders wordt voorts gehouden zo dikwijls één van de directeuren dat wenst of de wet of deze statuten dat voorschrijven.

De directie is verplicht een algemene vergadering van aandeelhouders bijeen te roepen binnen zes weken nadat dat door aandeelhouders en certificaathouders, welke te zamen tenminste één/tiende gedeelte van het geplaatste aandelenkapitaal vertegenwoordigen, schriftelijk en met opgave van de te behandelen onderwerpen wordt gevorderd, een en ander onverminderd de te dezer zake geldende wettelijke bepalingen.

**ARTIKEL 13.**

Alle algemene vergaderingen van aandeelhouders worden gehouden in de statutaire plaats van vestiging van de vennootschap.

De oproeping daartoe geschiedt door middel van oproepingsbrieven gericht aan de adressen der aandeelhouders en certificaathouders, zoals deze zijn vermeld in het aandelenregister.

De oproepingsbrieven vermelden de te behandelen onderwerpen.

Onverminderd het bepaalde bij de tweede zin van het eerste lid van artikel 222 van boek 2 van het Burgerlijk Wetboek geschiedt de oproeping niet later dan op de vijftiende dag vóór die der vergadering. Voorstellen van aandeelhouders voor de algemene vergaderingen van aandeelhouders kunnen alleen in behandeling komen, indien zij tenminste drie weken voor de te houden vergadering schriftelijk bij de directie zijn ingediend.

De artikelen 221 tot en met 226 van boek 2 van het Burgerlijk Wetboek zijn op de vennootschap toepasselijk.

**ARTIKEL 14.**

De vergaderingen van aandeelhouders worden gepresideerd door de oudste in leeftijd van de directeuren, tenzij de vergadering zelf in het voorzitterschap voorziet.

Van het ter vergadering verhandelde wordt een notarieel proces-verbaal gemaakt of worden notulen gemaakt door de secretaris, als zodanig door de voorzitter ter vergadering uit de aanwezigen aangewezen. De notulen worden door de voorzitter en secretaris vastgesteld en ondertekend.

**ARTIKEL 15.**

De directeuren, de aandeelhouders, de certificaathouders en hun gevolmachtigden, alsmede de personen aan wie de voorzitter daartoe toestemming geeft, zijn bevoegd de algemene vergadering van aandeelhouders bij te wonen.

De algemene vergadering van aandeelhouders kan regelen stellen omtrent
het bijwonen van de vergaderingen bij gevolmachtigden. Deze regeling
kan echter niet inhouden, dat mede-aandeelhouders, advocaten, notaris-
sen, register-accountants en belastingconsulenten, ter keuze van de
aandeelhouder of certificaathouder, niet als gemachtigden zouden
kunnen optreden. _____
ARTIKEL 16.

Ieder aandeel geeft recht op het uitbrengen van één stem. Alle beslui-
ten worden genomen bij volstrekte meerderheid van stemmen. _____
Staken de stemmen, dan wordt - tenzij staande de vergadering met vol-
strekte meerderheid van stemmen anders wordt besloten - de beslissing
opgedragen aan één persoon of - zo bij volstrekte meerderheid van
stemmen daartoe wordt besloten - aan een commissie van drie personen,
welke persoon of personen wordt/worden benoemd hetzij bij volstrekte
meerderheid van stemmen hetzij - indien staande de vergadering geen
volstrekte meerderheid van stemmen wordt bereikt - door de ter plaat-
se, waar de vennootschap statutair gevestigd is, competente kanton-
rechter op verzoek van de directie der vennootschap. _____
Stemming over zaken geschiedt mondeling, over personen schriftelijk
bij ongetekende briefjes. Blanco stemmen en ongeldige stemmen worden
geacht niet te zijn uitgebracht.
ARTIKEL 17.

Een vergadering van aandeelhouders kan ook buiten vergadering beslui-
ten nemen, indien alle aandeelhouders zich schriftelijk (waaronder be-
grepen telegrafisch of per telex) vóór het voorstel hebben verklaard.
Deze wijze van besluitvorming is echter niet mogelijk indien er certi-
ficaathouders zijn. _____
Een op voormelde wijze tot stand gekomen besluit wordt op dezelfde
wijze bewaard als de notulen van de algemene vergadering van aandeel-
houders.
ARTIKEL 18.

Besluiten tot wijziging van de bepalingen van deze statuten, waaronder
begrepen vermeerdering of vermindering van het maatschappelijk kapi-
taal, alsmede besluiten tot ontbinding van de vennootschap kunnen
slechts worden genomen met tenminste drie/vierde gedeelte van de gel-
dig uitgebrachte stemmen in een algemene vergadering van aandeelhou-
ders, waarin tenminste drie/vierde gedeelte van het geplaatst kapitaal
is vertegenwoordigd. _____
Is de vergadering niet bevoegd geldige besluiten te nemen, dan zal een
tweede vergadering worden bijeengeroepen, te houden binnen drie weken
na de eerste, welke ongeacht het vertegenwoordigde kapitaal bevoegd is
besluiten te nemen mits met de in de vorige zin omschreven meerderheid
van de geldig uitgebrachte stemmen.

ARTIKEL 19.          HET BESTUUR VAN DE VENNOOTSCHAP
De vennootschap wordt bestuurd door een directie, bestaande uit één of
meer personen, die in het bezit van het nederlandse diploma van apo-
theker zijn en die worden benoemd door de algemene vergadering van
aandeelhouders, welke tevens het aantal directeuren en hun bezoldiging
vaststelt, en welke te allen tijde een of meer hunner kan schorsen of
ontslaan.

Het ontslag van directeuren kan echter slechts geschieden krachtens een besluit, dat is genomen met een meerderheid van tenminste twee/derde der geldig uitgebrachte stemmen, vertegenwoordigend meer dan de helft van het geplaatste kapitaal.

**ARTIKEL 20.**

1. Onverminderd het hierna bepaalde, is de directie belast met het besturen van de vennootschap.

2. Indien de directie uit meer personen bestaat, vergadert de directie zo dikwijls een directeur het verlangt en worden besluiten genomen met volstrekte meerderheid van stemmen. Voor het geval de stemmen staken, beslist - tenzij de directie bij volstrekte meerderheid van stemmen zich daartegen verzet - de algemene vergadering van aandeelhouders.

3. Ingeval van ontstentenis of belet van een der directeuren, zijn de overige directeuren met het gehele bestuur belast. Ingeval van ontstentenis of belet van de enig directeur of van alle directeuren is een daartoe jaarlijks door de algemene vergadering van aandeelhouders aan te wijzen persoon, die in het bezit van het nederlandse diploma van apotheker moet zijn, met het gehele bestuur belast. Deze aanwijzing kan ook voor onbepaalde tijd geschieden.

4. De directie behoeft de goedkeuring van de algemene vergadering van aandeelhouders voor het nemen van besluiten, waarvan de aard is vastgesteld door de algemene vergadering van aandeelhouders, welke evenwel verplicht is in haar daartoe strekkend besluit de desbetreffende directiebesluiten duidelijk te omschrijven.

5. Iedere directeur vertegenwoordigt de vennootschap. Ook in de gevallen, waarin de vennootschap een tegenstrijdig belang met een directeur heeft, wordt de vennootschap door die directeur of een andere directeur vertegenwoordigd.

**ARTIKEL 21.**  DE ONTBINDING VAN DE VENNOOTSCHAP

Ingeval tot ontbinding van de vennootschap wordt besloten, geschiedt de liquidatie door de directie, tenzij de algemene vergadering van aandeelhouders in andere zin besluit. Gedurende de liquidatie blijven deze statuten voor zoveel mogelijk van kracht.

De algemene vergadering van aandeelhouders stelt de beloning van de liquidateuren vast en kan - met inachtneming van de desbetreffende wettelijke bepalingen en van deze statuten - regelen van liquidatie vaststellen.

Het bij liquidatie na voldoening van alle schulden der vennootschap vrijkomende bedrag wordt onder de aandeelhouders verdeeld naar verhouding van het nominaal bedrag van de aandelen.

**ARTIKEL 22.**  SLOTBEPALING

Alle geschillen over de uitlegging van deze statuten worden beslist door de algemene vergadering van aandeelhouders, welke tevens voorziet in alle gevallen, waarin deze statuten geen beslissing geven, onverminderd de wettelijke bepalingen.

## Appendix 4

**Effecten**

Private Banking 't Gooi
Postbus 343
1400 AH BUSSUM
TEL 0800 0240733

Holding Doets BV
Postbus 286
1400 AG  BUSSUM

Nota koop
Opdracht gegeven via kantoor dd 19-04-2007

PROVIDENCE CAPITAL N.V.
BV 1

| Soort effectencontract | Depotnummer | Opdrachtnummer | Volgnummer | Datum afschrift | Blad |
|---|---|---|---|---|---|
| INZAKE UW EFFECTENDEPOT | [Redacted] 4.796 | [R] 0400 | 00000026 | 06-06-2007 | 1/1 |

Wij hebben voor u gekocht op 19-04-2007
AAND THYBO INTERNATIONAL FUND G 1/1000     Fondscode  234806          Beurs  EUROCLEAR FND SETTLE

Afrekenbedrag(EUR)

| Uitgevoerd | Prijs | |
|---|---|---|
| ST 184.045 | 1.023,68 | 188 403,19 D |
| Provisie | | 355,93 D |
| Kosten correspondent | | 376,81 D |

Totaal geboekt van [Redacted] 4.796          Valutadatum 19-04-2007          189.135,93 D

**Appendix 5**

Private Banking 't Gooi
Postbus 343
1400 AH BUSSUM
TEL. 0800-0240733

Parentes N.V.
Postbus 286
1400 AG  BUSSUM

| Portefeuillenummer | Doel | Datum | Blad |
|---|---|---|---|
| [Redacted]4.796 | PROVIDENCE CAPITAL N.V. | 31-10-2008 | 1/2 |

| Portefeuillemodel en risico houding | Saldo vorig periodiek overzicht 30-9-2008 | Totaal saldo per 31-10-2008 |
|---|---|---|
| ZIE MODEL VERMOGENSCONTRACT | 1.517.164,66 EUR | 1.315.867,32 EUR |

**Specificatie**

| Aantal/nominaal | | Fondsnaam | Koers 30-9-2008 | Slotkoers 31-10-2008 | Waarde (EUR) |
|---|---|---|---|---|---|
| ST | 1.769.526 | FRM DIV.III   1/1000 | 0,10 | 0,10 EUR [1] | 175.749,32 |
| ST | 1.820 | GAM COMPOSITE EUR | 141,58 | 130,31 EUR | 237.164,20 |
| ST | 216 | GLOBAL PROPERTY FUND [2] | 128,89 | 103,01 EUR | 22.249,51 |
| ST | 3.350 | IKANO FDS/JAP EQ | 6,32 | 5,93 EUR | 19.865,17 |
| ST | 69 | PERMAL MM LONG/SHORT | 1.300,92 | 1.219,89 EUR [1] | 84.172,41 |
| ST | 184.045 | THYBO INT F G 1/1000 | 1,10 | 1,13 EUR [1] | 207.328,53 |
| ST | 661 | VANGUARD EURO GOVERN | 146,15 | 148,47 EUR | 98.140,32 |
| ST | 4.658 | VANGUARD GLOB ST IND | 9,21 | 7,88 EUR | 36.712,03 |
| | | | | Totaal AAND : | 881.381,49 |
| ST | 2.160 | VANGUARD EUR BND FD | 85,58 | 81,28 EUR | 175.573,44 |
| ST | 1.380 | VANGUARD EUR INV BND | 129,06 | 129  EUR | 178.017,93 |
| | | | | Totaal OBL : | 353.591,37 |
| ST | 67 | PERMAL MACRO EUR A | 1.269,11 | 1.207,38 EUR [1] | 80.894,46 |
| | | | | Totaal DIV : | 80.894,46 |
| | | | | Totaal : | 1.315.867,32 |

[1] De koers is ouder dan 7 dagen.   [2] Fonds is verspreid over meerdere fundscategorieen.

Zijn de onderliggende uitgangspunten van uw beleggersprofiel gewijzigd, neem dan contact met ons op.

Onder voorbehoud van fouten en omissies

| Portefeuillenummer | Doel | Datum | Blad |
|---|---|---|---|
| [Redacted] 4.796 | PROVIDENCE CAPITAL N.V. | 31·10·2008 | 2/2 |

**Analyse**

| CATEGORIE-VERDELING | Waarde (EUR) | Waarde (%) | Aanbevolen verdeling (%) bij uw portefeuillemodel |
|---|---|---|---|
| AANDELEN | 881.381,49 | 71 | |
| OBLIGATIES | 353.591,37 | 29 | |
| ONROEREND GOED | | | |
| LIQUIDITEITEN | | | |
| **Totale waarde van de categorieën binnen portefeuillemodellen** | 1.234.972,86 | 100 | |

| CATEGORIE-VERDELING | Waarde (EUR) | Belegd vermogen buiten de portefeuillemodellen als % van de totale waarde |
|---|---|---|
| OPTIES | | |
| FUTURES | | |
| DIVERSEN | 80.894,46 | 6 |



**Appendix 6**

# Thybo International Fund
## October 2008

| | | | |
|---|---|---|---|
| Feeder fund: | Thybo International Fund class G Euro | Advisor: | Thybo Advisory Limited |
| Master fund: | Thybo Stable Fund | Contact: | Anthony Clifford +44 20 3008 5671 |
| Inception date: | 01 January 2007 | Administrator: | UBS Fund Services (Luxembourg) SA |
| Fund AUM: | $226 million (underlying fund) | Auditor: | Ernst & Young, Luxembourg |
| Domicile: | British Virgin Islands | Subscription: | Monthly (min $1 million) |
| Fees: | 1.75% Management | Redemption: | Monthly, 30 days notice, no lock-up |

### COMMENTARY

TIF class G Euro produced 0.05% for the month of October, bringing the year-to-date return to 6.8%. October saw further deterioration in the equity markets with the developed indices off -17% in the US (-34% YTD), -13% in Europe (-39% YTD) with worse declines in Japan -24% (YTD -44%) and Hong Kong -23% (YTD -50%). Coordinated rate cuts by the FED, ECB and BOE combined with equity injections into the banking system appear to be working as the bank CDS spreads halved during the month. Such sentiment was not shared by the consumer with US and EU surveys dropping to levels last seen in the late '70s and early '90s respectively. Commodity markets dropped -22% for October (-25% YTD), with gold also loosing its allure falling -18% on the month.

### Monthly Performance *

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Year |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2008 | 0.82% | -0.07% | 0.34% | 1.17% | 0.89% | 0.31% | 1.03% | 1.03% | 1.04% | 0.05% | | | 6.80% |
| 2007 | 0.17% | -0.50% | 1.82% | 0.87% | 0.61% | 0.48% | 0.13% | 0.20% | 0.97% | 0.32% | 1.22% | 0.17% | 6.62% |
| 2006 | 0.62% | -0.17% | 1.51% | 0.92% | 0.54% | 0.56% | 1.17% | 0.68% | 0.67% | 0.31% | 0.56% | 0.88% | 8.56% |
| 2005 | 0.51% | 0.22% | 1.05% | 0.09% | 0.60% | 0.37% | 0.02% | 0.04% | 0.89% | 1.89% | 0.52% | 0.51% | 6.91% |
| 2004 | 1.10% | 0.56% | 0.11% | 0.48% | 0.80% | 1.67% | 0.07% | 1.65% | 0.57% | 0.04% | 0.85% | 0.35% | 8.55% |
| 2003 | -0.39% | 0.01% | 2.53% | -0.07% | 0.76% | 2.08% | 2.18% | 0.02% | 1.18% | 1.54% | 0.00% | 0.43% | 10.70% |
| 2002 | | | | | | | | | | | | 0.15% | 0.15% |



| | **Monthly return distribution** | | **Fund statistics *** | | **Monthly and 12-month rolling returns** |
|---|---|---|---|---|---|

| | |
|---|---|
| NAV | EUR 1,138.71 |
| October '08 return | 0.05% |
| YTD return | 6.8% |
| Trailing 12-months return | 8.3% |
| Annualised compound return | 8.1% |
| Annualised volatility ** | 2.1% |
| Sharpe ratio (3m Euribor) | 2.29 |
| Percent profitable months | 92% |
| Average monthly return | 0.7% |
| Maximum drawdown | -0.5% |
| Months under water | 1 |
| Correlation DJ Stoxx 600*** | 0.14 |

### INVESTMENT STRATEGY

The Company intends to invest in several investment themes managed by reputable investment managers, specialised in those investment schemes. Investments will be made in separate accounts and/or in offshore investment vehicles. These investment managers / portfolio managers will collectively invest the Company's assets and have been selected on the basis of their proven risk adjusted rate of returns and their demonstrated expertise in the selected investment schemes. Initially the investments will be entirely allocated to an option trading strategy described as "split strike conversion".

### STRUCTURE & INVESTMENT OBJECTIVES

Thybo International Fund class G Euro is a feeder fund that invests exclusively in the Thybo Stable Fund (TSF). Both funds are advised by Thybo Advisory Limited.

*The performance record from 1st Dec '02 to 31st Dec '06 *(in italics)* is based on the weighted average return on in-house managed accounts running the "split stike conversion" strategy adjusted for the all-in TIF G fees of 1.75% p.a. Results from 1st Jan '07 are actuals. **Standard deviation of monthly returns since inception (annualised). ***DJ Stoxx 600 - index of the largest 600 European companies.

**Appendix 7**

Dossiernummer: 35016407        Blad 00001

Uittreksel uit het handelsregister van de Kamers van Koophandel
Deze inschrijving valt onder het beheer van de Kamer van Koophandel voor
Amsterdam

_____

Rechtspersoon:
Rechtsvorm                     :Naamloze vennootschap
Naam                           :Parentes N.V.
Statutaire zetel               :Zaandijk, gemeente Zaanstad
Eerste inschrijving in het
 handelsregister               :21-05-1982
Akte van oprichting            :28-04-1982
Akte laatste statuten-
 wijziging                     :20-12-2007
Maatschappelijk kapitaal       :EUR 225.000,00
Geplaatst kapitaal             :EUR 45.000,00
Gestort kapitaal               :EUR 45.000,00
-----------------------------------------------------------------
Onderneming:
Handelsna(a)m(en)              :Parentes N.V.
Adres                          :Lagedijk 72, 1544BH Zaandijk
Telefoonnummer                 :075-6401350
Faxnummer                      :075-6408960
Datum vestiging                :28-04-1982
Bedrijfsomschrijving           :Uitsluitend beleggen van gelden of andere
                                goederen, met toepassing van het beginsel van
                                risicospreiding, in financiële instrumenten
                                welke ingevolge artikel 6a van de Wet op de
                                Vennootschapsbelasting 1969 zijn toegelaten
                                teneinde de vennootschap aan te merken als
                                vrijgestelde beleggingsinstelling als bedoeld
                                in dat artikel
Werkzame personen              :0
-----------------------------------------------------------------
Bestuurder(s):

Naam                           :Doets, Albert
Geboortedatum en -plaats       :30-03-1948, Alkmaar
Infunctietreding               :28-04-1982
Titel                          :Direkteur
Bevoegdheid                    :Alleen/zelfstandig bevoegd
_____
Alleen geldig indien door de kamer voorzien van een ondertekening.

15-06-2009                     Blad 00002 volgt.
Dossiernummer: 35016407        Blad 00002
_____

                        Woerden, 15-06-2009
                        Uittreksel is vervaardigd om 14.42 uur

                        Voor uittreksel


**Bron: Uittreksel-informatie Internet. Geldt niet als uittreksel in de zin van artikel 22 lid 1 van de Handelsregisterwet 2007.**

**Appendix 8**

**Appendix to the Attachment Customer Claim Form – Parentes B.V.**
**Short description of the corporation and signing authority**

Parentes B.V. is a limited liability company incorporated under Dutch law with its statutory seat in Arnhem, The Netherlands.

Parentes B.V. is represented by its Managing Director, Mr. A. Doets. An abstract of The Netherlands Chamber of Commerce is included in the appendices.

# Appendix 9



PASPORT KONINKRIJK DER NEDERLA

P NLD Nederlandse

**Doets**

Albert

30 MAA/MAR 1948

Alkmaar                M

22 MEI/MAY 2006    22 MEI/MAY 2011

Burgemeester van Zaanstad

9007

1214

1,79

GELDIG VOOR ALLE LANDEN

OPMERKINGEN/VAN OF VOEGEN BEHEREN

P<NLDDOETS<<ALBERT<<<<<<<<<<<<<<<<<<<<<<<