DAY PITNEY LLP
Thomas D. Goldberg
One Canterbury Green
Stamford, CT 06901
Telephone: (203) 977-7300
Facsimile: (203) 977-7301
tgoldberg@daypitney.com

Attorneys for Ronald M. Gross, as Trustee

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff, | SIPA Liquidation |
| v. | |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |

### OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM

Ronald M. Gross, as trustee for certain qualified annuity trusts, hereby objects to the Notice of Trustee's Determination of Claim with respect to the Ronald M. Gross Irrevocable Qualified Annuity Trust No. 2, account no. 1CM081, claim nos. 002433 and 011999. In support of this objection, Mr. Gross represents as follows:

### BACKGROUND

1.  Mr. Gross established four grantor retained annuity trusts, or "GRAT's," the assets of which were invested with Bernard L. Madoff Investment Securities LLC. As of December 11, 2008, the second such trust (GRAT 2) had a balance of $262,486.48.

2.  Mr. Gross filed timely claims for cash and securities on behalf of each GRAT:

71527289.1

  (a) Claim nos. 002434 and 012000, on behalf of The Ronald M. Gross Irrevocable Qualified Annuity Trust No. 1 ("GRAT 1"), account no. 1CM888, for cash in the amount of $18,525.00;

  (b) Claim nos. 002433 and 011999, on behalf of The Ronald M. Gross Irrevocable Qualified Annuity Trust No. 2 ("GRAT 2"), account no. 1CM081, for securities in the amount of $262,486.48;

  (c) Claim nos. 002432 and 011998, on behalf of The Ronald M. Gross Irrevocable Qualified Annuity Trust No. 3 ("GRAT 3"), account no. 1CM981, for securities in the amount of $2,963,689.02; and

  (d) Claim nos. 002432 and 012040, on behalf of The Ronald M. Gross Irrevocable Qualified Annuity Trust No. 4 ("GRAT 4"), account no. 1G0391, for securities in the amount of $4,578,195.17.[1]

3. The Trustee issued his Notice of Trustee's Determination of Claim dated December 17, 2009 ("Determination Letter"), which denies the claim of GRAT 2. A copy of the Determination Letter is attached hereto as Exhibit A. The Trustee previously had denied the claim of GRAT 1, to which denial Mr. Gross (as trustee) filed an objection. The Trustee granted a portion of the claim of GRAT 3, and Mr. Gross (as trustee) agreed to that determination. The Trustee has not yet made a determination on the claim of GRAT 4.

### GROUNDS FOR OBJECTION

4. Mr. Gross, as trustee for GRAT 2, objects to the Determination Letter on the following grounds:

---

[1] After the original claims were filed, Mr. Gross filed corrected exhibits to each of the claims. The SIPC Trustee assigned a new number to the corrected submissions, which explains why each claim has two numbers.

(a) The Determination Letter fails to comply with the Court's Order dated December 23, 2008, which directs the Trustee to satisfy customer claims in accordance "with the Debtor's books and records." Dec. 23, 2008 Order (Dkt. No. 12), at 5.

(b) The Determination Letter violates the Securities Investor Protection Act ("SIPA") because it deprives Mr. Gross, a "customer" entitled to protection under SIPA, of his legitimate expectation that the account included cash or securities in the amount of approximately $262,486.48.

(c) The Determination Letter relies on a definition of "net equity" that is inconsistent with SIPA and with applicable case law, for the reasons set forth in other objections and supporting memoranda, all of which are incorporated by reference herein.[2]

(d) Table No. 1 attached to the Determination Letter makes improper "adjustments" to the amount of contributions to GRAT 2.

## RESERVATION OF RIGHTS

5. Mr. Gross reserves the right to revise, supplement and amend this Objection, and reserves his rights as set forth in his claim on behalf of GRAT 2. Mr. Gross further reserves all rights with respect to any determination with respect to claims made on behalf of GRAT 1 and GRAT 4.

---

[2] This Objection incorporates, without limitation, the arguments set forth in the Customers' Memorandum of Law in Opposition to Trustee's Motion for an Order Approving the Trustee's Re-Definition of "Net Equity" under the Securities Investor Protection Act (Dkt. No. 757), filed on November 13, 2009, and the Memorandum of Law in Opposition to Trustee's Motion for an Order Upholding Trustee's Determination Denying Customer Claims, etc. (Dkt. No. 785), filed on November 13, 2009.

71527289.1                                        -3-

## CONCLUSION

For the reasons set forth above, the Court should sustain this objection to the Determination Letter, should direct that the Trustee allow and pay the claim in the amount of $262,486.48, and should grant such other and further relief as is just and equitable.

Dated: Stamford, Connecticut  
       January 7, 2010

DAY PITNEY LLP

By   /s/ Thomas D. Goldberg  
    Thomas D. Goldberg  
    One Canterbury Green  
    Stamford, CT 06091  
    Telephone: (203) 977-7300  
    Facsimile: (203) 977-7301

Attorneys for Ronald M. Gross, as Trustee

## **CERTIFICATE OF SERVICE**

      I, Thomas D. Goldberg, hereby certify that on January 7, 2010 I caused a true and correct copy of the foregoing Objection To Trustee's Determination Of Claim on behalf of Ronald M. Gross, as Trustee, to be filed electronically with the Court and served upon the parties in this action who receive electronic service through CM/ECF, and served by overnight mail upon:

                David J. Sheehan, Esq.
                Baker & Hostetler LLP
                45 Rockefeller Plaza
                New York, NY 10111

                                    /s/ Thomas D. Goldberg
                                    Thomas D. Goldberg

# EXHIBIT A

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

## DECEMBER 11, 2008[1]

## NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

December 17, 2009

RONALD M GROSS IRREVOCABLE QUALIFIED ANNUITY TRUST #2
925 WESTOVER ROAD
STAMFORD, CT  06902

Dear Ronald M. Gross Irrevocable Qualified Annuity Trust #2:

## PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claims on BLMIS Account No. 1CM081 designated as Claim Number 002433 and Claim Number 011999 (the latter of which is duplicative of Claim Number 002433) and combined ("Combined Claim") for purposes of this determination. This letter shall serve as the Trustee's determination with respect to the Combined Claim:

Your Combined Claim for securities is **DENIED**. No securities were ever purchased for your account.

Further, based on the Trustee's analysis, the amount of money you withdrew from your account at BLMIS (total of $4,094,979.22), as more fully set forth in Table 1 annexed hereto and made a part

---

[1] Section 78lll(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78lll(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

300062237.1

hereof, is greater than the amount that was deposited with BLMIS for the purchase of securities (total of $2,506,831.75). As noted, no securities were ever purchased by BLMIS for your account. Any and all profits reported to you by BLMIS on account statements were fictitious.

As reflected in Table 1, certain of the transfers into or out of your account have been adjusted. As part of the Trustee's analysis of accounts, the Trustee has assessed accounts based on a money in/money out analysis (i.e., has the investor deposited more or less than he or she withdrew from BLMIS). This analysis allows the Trustee to determine which part of an account's balance is originally invested principal and which part is fictitious gains that were fabricated by BLMIS. A customer's allowed claim is based on the amount of principal in the customer's account.

Whenever a customer requested a transfer from one account to another, the Trustee analyzed whether the transferor account had principal in the account at the time of the transfer. The available principal in the account was transferred to and credited in the transferee account. Thus, the reason that the adjusted amount of transferred deposits or withdrawals in Table 1 is less than the purported transfer amount is that the transferor account did not have sufficient principal available to effectuate the full transfer. The difference between the purported transfer amount and the adjusted transfer amount is the amount of fictitious gain that was transferred to or from your account. Under the money in/money out analysis, the Trustee does not give credit for fictitious gains in settling your allowed claim.

Since there were no profits to use either to purchase securities or to pay you any money beyond the amount that was deposited into your BLMIS account, the amount of money you received in excess of the deposits in your account ($1,588,147.47) was taken from other customers and given to you. Accordingly, because you have withdrawn more than was deposited into your account, you do not have a positive "net equity" in your account and you are not entitled to an allowed claim in the BLMIS liquidation proceeding. Therefore, your Combined Claim is **DENIED** in its entirety.

**Should a final and unappealable court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by you in having your customer claim re-determined in accordance with any such Court order.**

Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by the Trustee against you.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after December 17, 2009, the date on which the Trustee mailed this notice.

300062237.1                                              2

### DEPOSITS

| DATE | TRANSACTION DESCRIPTION | AMOUNT | ADJUSTED AMOUNT |
|---|---|---|---|
| 1/4/1993 | TRANS FROM 1C000530 | $603,181.32 | $400,788.55 |
| 10/1/2001 | CHECK WIRE | $200,000.00 | $200,000.00 |
| 1/5/2004 | CHECK WIRE | $1,000,000.00 | $1,000,000.00 |
| 6/30/2005 | TRANS FROM 1CM88830 | $906,043.20 | $906,043.20 |
| **Total Deposits:** | | $2,709,224.52 | $2,506,831.75 |

### WITHDRAWALS

| DATE | TRANSACTION DESCRIPTION | AMOUNT | ADJUSTED AMOUNT |
|---|---|---|---|
| 6/30/2004 | TRANS TO 1CM88830 | ($3,000,000.00) | ($1,600,788.55) |
| 12/1/2006 | TRANS TO 1CM98130 | ($920,598.00) | ($906,043.20) |
| 11/29/2007 | TRANS TO 1G039130 | ($1,104,717.00) | $0.00 |
| 12/2/2008 | CHECK WIRE | ($1,325,661.00) | ($1,325,661.00) |
| 12/5/2008 | CHECK | ($262,486.47) | ($262,486.47) |
| **Total Withdrawals:** | | ($6,613,462.47) | ($4,094,979.22) |
| **Total deposits less withdrawals:** | | ($3,904,237.95) | ($1,588,147.47) |

300062237.1                                          4

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

> Clerk of the United States Bankruptcy Court for
> the Southern District of New York
> One Bowling Green
> New York, New York 10004

> and

> Irving H. Picard, Trustee
> c/o Baker & Hostetler LLP
> 45 Rockefeller Plaza
> New York, New York 10111

_____
Irving H. Picard

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities

cc:   Thomas D. Goldberg, Esq.
      Day Pitney LLP
      One Canterbury Green
      Stamford, CT 06901

300062237.1                                     3