# Schulte Roth & Zabel LLP

919 Third Avenue
New York, NY 10022
212.756.2000
212.593.5955 fax

www.srz.com

Marcy Ressler Harris
212.756.2271

Writer's E-mail Address
marcy.harris@srz.com

January 7, 2010

**VIA HAND DELIVERY**

Hon. Burton R. Lifland
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

      Re:  Securities Investor Protection Corporation v. Bernard L. Madoff
            Investment Securities LLC, Adv. Pro. No. 08-01789-BRL

Dear Judge Lifland:

      We represent the customers of Bernard L. Madoff Investment Securities LLC ("BLMIS") identified on Schedule A hereto (the "SRZ Claimants") in connection with the above-captioned liquidation proceeding. On behalf of the SRZ Claimants, we write in response to the Trustee's Motion for Entry of Protective Order, filed on December 18, 2009, and scheduled to be heard on January 14, 2010.

      The SRZ Claimants agree that a uniform protective order should be entered governing the production of documents in this action, and support entry of a protective order in the form proposed by the Trustee (the "Proposed Order"), subject to the few modifications identified below.[1]

      First, while the Proposed Order is intended "to create a uniform framework for the treatment of confidential information that is disclosed in this proceeding and related adversary proceedings" (Trustee's Mot. ¶ 16), some claimants may already have entered into

---

[1] In addition, there also appear to be typographical errors in two provisions that should be corrected in a final Order. First, the word "either" in line 2 of Paragraph 3 of the Proposed Order should be deleted. Second, the clause "any kind of protective treatment the provisions of this Order" in line 3 of Paragraph 20 of the Proposed Order appears to be missing the word "under" after the word "treatment."

Hon. Burton R. Lifland
January 7, 2010
Page 2

confidentiality agreements that may deviate from the terms of the Proposed Order. We believe each claimant should be permitted to elect to have the final Order supersede any previously executed confidentiality agreement. Accordingly, we suggest that Paragraph 1 of the Proposed Order be revised to add the following provision prior to the last sentence: "To the extent a customer of Bernard L. Madoff Investment Securities LLC ("BLMIS") has previously entered into an agreement with the BLMIS Trustee governing production of that customer's documents, information or things in this Action, at the election of the customer, this Order shall supersede any such prior agreement."

Second, Paragraph 24 of the Proposed Order contains certain exclusions from the restrictions on the use, disclosure or handling of "Confidential" documents, information or things that could eliminate the broad financial privacy protections provided to BLMIS investors in Paragraph 4 of the Proposed Order and under applicable law. For instance, subparagraph (b) of Paragraph 24 provides an exclusion for any document, information, or thing that "was lawfully known to or independently developed by the receiving party." Although carve-outs of this nature are not uncommon in protective orders, we believe the provision is inappropriate here because of the heightened financial privacy protections that must be applied to the records of BLMIS, a former financial institution, under the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801, *et seq.*, Regulation S-P promulgated thereunder, and other applicable law.

As drafted, subparagraph (b) of Paragraph 24 would not restrict the Trustee from disclosing a customer's nonpublic financial information that is "lawfully known to" the Trustee by virtue of his having "stepped into the shoes" of BLMIS, regardless of the restrictions on such disclosure arising under applicable law, and regardless of the confidentiality protections to be afforded such documents and information under Paragraph 4 of the Proposed Order.

Consequently, we request that subparagraph (b) of Paragraph 24 be revised to provide: "The restrictions in this Order . . . shall not apply if . . . (b) the document, information, or thing was lawfully known to or independently developed by the receiving party, except that no document, information or thing in the possession of BLMIS as of December 11, 2008 shall be disclosed on a non-confidential basis without the prior written consent of the customer or if prohibited by applicable law." Consistent with this revision, parties still would be permitted to use information that they develop independently, yet BLMIS customers would have meaningful protection of their personal financial information.

Finally, subparagraph (d) of Paragraph 24 provides another exclusion that would vitiate the confidentiality protections afforded customers elsewhere in the Proposed Order. Subparagraph (d) provides that the confidentiality protections in the Proposed Order would not apply to a document, information, or thing that is obtained from a third party by court order, such as bank account records obtained from a financial institution pursuant to a subpoena. As drafted, subparagraph (d) could permit a party to circumvent the confidentiality protections in the Proposed Order by obtaining confidential documents from third parties via subpoena.

To avoid this result, we suggest deleting subparagraph (d) of Paragraph 24 in its entirety. In addition, a new paragraph should be added to the Proposed Order that provides: "Notwithstanding any other provision in this Order, any document, information, or thing

Hon. Burton R. Lifland
January 7, 2010
Page 3

received from a third party pursuant to a subpoena shall be designated as 'Confidential' under this Order, unless the producing party would be permitted under applicable law to publicly disclose such document, information, or thing."

      We appreciate the effort to create a uniform framework for the treatment of confidential information disclosed in this proceeding and related adversary proceedings. We believe the modifications identified above are consistent with the intended purpose of the Proposed Order and would strengthen the protections afforded to confidential information under the Order.

Respectfully submitted,

*[signature]*

Marcy Ressler Harris

Attachment

cc:    **VIA E-MAIL**

    David J. Sheehan, Esq.
    Marc E. Hirschfield, Esq.
    Baker & Hostetler LLP
    45 Rockefeller Plaza
    New York, New York 10111

    *Attorneys for Irving H. Picard, Esq.,*
    *Trustee for the SIPA Liquidation of*
    *Bernard L. Madoff Investment Securities LLC*

# SCHEDULE A

The Picower Foundation
Capital Growth Company
JF Partnership
JEMW Partnership
JLN Partnership
JAB Partnership
Jeffry M. Picower Special Company
JA Special Limited Partnership
Barbara Picower
The Estate of Jeffry M. Picower
ACF Services Corporation Money Purchase Pension Plan
Decisions Incorporated n/k/a Decisions LLC
Favorite Fund
JA Primary Limited Partnership
JFM Investment Company
Jeffry M. Picower P.C.
The Picower Institute for Medical Research

Noel Levine and related persons and entities

Denise Saul

Dale Ellen Leff