Hearing Date:      TBD
Objection Deadline:    January 7, 2010

ROPES & GRAY LLP
Shuba Satyaprasad (SS-5875)
Christopher G. Green (*pro hac vice pending*)
Andrew G. Devore (*pro hac vice pending*)
One International Place
Boston, Massachusetts 02110-2624
Telephone:  (617) 951-7000
Facsimile:  (617) 951-7050

*Attorneys for the Darren R. Scandone Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | : |
| *Plaintiff*, | : |
| v. | : |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | : |
| *Defendant*. | : |

Adv. Pro. No. 08-01789-BRL

SIPA Liquidation

------------------------------------------------------------ x

**OBJECTION OF THE DARREN R. SCANDONE
TRUST TO TRUSTEE'S DETERMINATION OF CLAIM**

The Darren R. Scandone Trust (the "Claimant"), by and through its undersigned counsel, hereby submits this written opposition and objection (this "Objection") to the determination by Irving Picard, as trustee (the "Trustee"), denying its claim in the above-referenced proceeding (the "Customer Claim")[1] by notice dated December 8, 2008 (the "Determination Notice"), and respectfully represents and sets forth as follows:

---

[1] As set forth in the Determination Notice, the Trustee designated the Customer Claim as Claim No. 003413.

- 1 -

**BACKGROUND**

1.  The Claimant deposited cash with Rye Select Broad Market Prime Fund, L.P. ("Rye"). The Claimant's deposit was then deposited by Rye with Bernard L. Madoff Investment Securities LLC ("BLMIS") to purchase various securities.

2.  On December 11, 2008, the above-captioned liquidation proceeding was commenced against BLMIS pursuant to the Securities Investor Protection Act of 1970 ("SIPA"). On December 15, 2008, jurisdiction of this matter was transferred to the United States Bankruptcy Court for the Southern District of New York and Irving Picard was appointed as Trustee under SIPA. Pursuant to SIPA, the Trustee was directed to oversee the liquidation of the assets of BLMIS and to process all claims against BLMIS in accordance with SIPA.

3.  On December 23, 2008, the Court entered an order (the "Procedures Order") establishing various procedures for the filing and determination of customer claims. Docket No. 12. If the Trustee denied a claim, the Procedures Order directed the Trustee to "notify such claimant by mail of his determination that the claim is disallowed, in whole or in part, and the reason therefore . . . ." *Id.* at 6.

4.  Prior to the claims bar date, the Claimant timely filed the Customer Claim pursuant to the Procedures Order. The Customer Claim was denied by letter dated December 8, 2009. In the Determination Notice, the Trustee formally notified the Claimant that its claim had been disallowed, summarily stating:

> Based on a review of available books and records of BLMIS by the Trustee's staff, you did not have an account with BLMIS. Because you did not have an account, you are not a customer of BLMIS under SIPA, as that term is defined at 15 U.S.C. § 78*lll* (2). Accordingly, your Claim for securities and/or a credit balance is DENIED."

# ARGUMENT

I.   THE CLAIMANT IS A "CUSTOMER" UNDER THE PLAIN LANGUAGE OF SIPA.

5.   Contrary to the position of the Trustee, the Claimant is a "customer" of BLMIS under the plain meaning of SIPA. The Trustee's assertion that the Claimant must have had a specifically identifiable account recorded among BLMIS's "available books and records" has no statutory basis in SIPA and creates an illogical distinction between investors who had accounts directly with Madoff and investors who invested by means of intermediaries. Each investor who invested in Madoff, whether directly or indirectly, constitutes a "customer" under the plain reading of SIPA. Accordingly, the Claimant is entitled to receive up to $500,000 in SIPC insurance. 15 U.S.C. § 78fff-3(a).

6.   The statutory definition of customer is set forth in SIPA as:

> The term "customer" of a debtor means ***any person*** (including any person with whom the debtor deals as a principal or agent) ***who has a claim on account of securities*** received, acquired, or held by the debtor in the ordinary course of its business as a broker or dealer from or for the securities accounts of such persons for safekeeping, with a view to sale, to cover consummated sales, pursuant to purchases, as collateral security, or for purposes of effecting transfer. The term "customer" includes ***any person who has a claim against the debtor arising out of sales or conversions of such securities***, and any person who has deposited cash with the debtor for purposes of purchasing such securities, but does not include
>
> > (a) any person to the extent that the claim of such person arises out of transactions with a foreign subsidiary of a member of SIPC; or
> >
> > (b) any person to the extent that such a person has a claim for cash or securities which by contract, agreement, or understanding, or operation of law, is part of the capital of the debtor, or is subordinated to the claims of any or all creditors of the debtor, notwithstanding that some ground exists for declaring such contract, agreement, or understanding void or voidable in a suit between the claimant and the debtor.

- 3 -

15 U.S.C. § 78lll(2) (emphasis added).

7.  The broad statutory definition of customer does not require the claimant to have an account directly with the broker or dealer.  Instead, SIPA only requires that the claimant's claim be "on account of securities," "arise out of" sales or conversions of securities, or result from depositing cash with the debtor for the purpose of purchasing securities.  The statute in no way mandates that the claimant directly deal with, or deposit cash directly with, the debtor, nor does the statute require (as the Trustee asserts) that the broker or dealer establish an "account" for the claimant.  *See In re Primeline Sec. Corp.*, 295 F.3d 1100, 1107 (10th Cir. 2002) ("Whether a claimant deposited funds 'with the debtor' does not depend simply on to whom claimants made their checks payable.  The relevant inquiry is whether the brokerage firm actually received, acquired or possessed Claimants' property.") (citing *In re Old Naples*, 223 F.3d 1296 (11th Cir. 2000)); *S.E.C. v. Ambassador Church Fin. Dev. Group, Inc.* 679 F.2d 608, 614 (6th Cir. 1982) ("[T]he mere act of entrusting . . . cash to the debtor for the purpose of effecting securities transactions . . . triggers customer status . . . .").

8.  The statute also provides that "any person who has a claim against the debtor arising out of sales or conversions" of securities is entitled to customer status.  15 U.S.C. § 78lll(2).  This broad language does not limit the protected claimants to those who directly dealt with the debtor, but affords protection to the broadest extent possible by using the phrase "arising out of sales or conversions."  *See, e.g.*, *In re Stratton Oakmont, Inc.*, 2003 WL 22698876, at *3 (S.D.N.Y. Nov. 14, 2003) (holding that the debtor's conversion of the claimant's property brings the claimant within the SIPA definition of "customer").  It cannot be disputed that BLMIS converted the Claimant's property, which was funneled to BLMIS through Rye.  Accordingly, the Claimant is entitled to protection as a customer under SIPA.

II.  SIPA EXPRESSLY AFFORDS PROTECTION TO INDIRECT INVESTORS.

9. SIPA expressly contemplates indirect investors as customers protected by the statute. Specifically, section 78fff-3(a)(5) provides that:

> no advance shall be made by SIPC to the trustee to pay or otherwise satisfy any net equity claim of any customer who is a broker or dealer or bank, ***other than*** to the extent that it shall be established . . . that the net equity claim of such broker or dealer or bank against the debtor arose out of transactions for customers of such broker or dealer or bank (which customers are not themselves a broker or dealer or bank or a person described in paragraph (4)), ***in which event each such customer of such broker or dealer or bank shall be deemed a separate customer of the debtor***.

15 U.S.C. § 78fff-3(a)(5) (emphasis added). Under this provision, Congress provided that brokers, dealers, and banks are not themselves entitled to protection under SIPA. Recognizing the existence of indirect customers, Congress removed the possibility that indirect customers would be left unprotected by SIPA by means of the express exclusion of broker, dealers, and banks. *See In re First State Sec. Corp.*, 34 B.R. 492, 495-96 (Bankr. S.D. Fla. 1980) ("There is nothing in SIPA which suggests that coverage should be denied merely because the debtor used the facilities of another innocent broker in converting its customer's property."). Implicit in this provision is that indirect investors are presumed to be customers under SIPA.

III.  TO THE EXTENT THE STATUTE IS AMBIGUOUS, SIPA SHOULD BE BROADLY CONSTRUED TO PROTECT THE CLAIMANT.

10. Furthermore, to the extent that the definition of "customer" may be considered ambiguous (which it is not), the statute should be broadly construed to protect the Claimant. *Id.* at 496 ("SIPA is remedial legislation. As such it should be construed liberally to effect its purpose.") (citing *Tcherepnin v. Knight*, 389 U.S. 332, 336 (1967)).

- 5 -

## JOINDER

Numerous objections have been filed on the same issue set forth above. To the extent applicable, the Claimant adopts by reference the arguments of other claimants as if set forth in full herein.

## NOTICE

Notice of this objection has been provided to Irving H. Picard, trustee for the liquidation of the business of Bernard L. Madoff Investment Securities, LLC.

## NO PRIOR RELIEF

The relief requested by the Claimant in this Objection has not been sought previously in this or any other court.

WHEREFORE, the Claimant respectfully requests that this Court deem the Customer Claim filed by the Claimant allowed in full and grant such further relief as is just and proper.

Dated: January 7, 2010
       New York, New York

                ROPES & GRAY LLP

                /s/ Shuba Satyaprasad
                Shuba Satyaprasad (SS-5875)
                Christopher G. Green (*pro hac vice pending*)
                Andrew G. Devore (*pro hac vice pending*)
                One International Place
                Boston, Massachusetts 02110-2624
                Telephone: (617) 951-7000
                Facsimile: (617) 951-7050

                *Attorneys for the Darren R. Scandone Trust*