MILBERG LLP
Jonathan M. Landers
Matthew Gluck
Brad N. Friedman
Sanford P. Dumain
Jennifer L. Young
One Pennsylvania Plaza
48th Floor
New York, NY 10119
Telephone: (212) 594-5300
Facsimile: (212) 868-1229

SEEGER WEISS LLP
Stephen A. Weiss
Christopher M. Van DeKieft
Parvin Aminolroaya
One William Street
New York, NY 10004
Telephone: (212) 584-0700
Facsimile:  (212) 584-0799

*Attorneys for Douglas B. Hall*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                  Plaintiff,<br><br>     v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br><br>SIPA Liquidation |

**OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM**

Douglas B. Hall o/b/o Vivian Halpern Hall (deceased) ("Mr. Hall"), by and through his

attorneys, hereby objects to the Notice of Trustee's Determination of Claim dated December 8,

2009 ("Determination Letter"), attached as Exhibit A, as described herein.

## BACKGROUND

1.  On December 11, 2008, the above-captioned liquidation proceeding was commenced against BMIS, pursuant to SIPA. *See* Order, *Securities and Exchange Commission v. Madoff*, No. 08-10791 (S.D.N.Y. Dec. 15, 2008) (ordering relief under SIPA and transferring proceeding to the United States Bankruptcy Court for the Southern District of New York) [Dkt. No. 4]. Irving Picard was appointed Trustee ("BMIS Trustee"), charged with overseeing the liquidation of BMIS and processing customer claims for money pursuant to SIPA. *Id.*; *see also* 15 U.S.C. 78fff-1(a).

2.  Vivian Halpern Hall was an investor in Crescent Securities and, on information and belief (including information provided by Stanley Chais, principal of The Lambeth Company), Crescent Securities was an investor in The Lambeth Company, which is, upon information and belief, a "customer," as defined by the Securities Investor Protection Act of 1970 ("SIPA"), of BMIS. Mr. Hall is a beneficiary of Vivian Halpern Hall's estate. Thus, Mr. Hall has an interest in certain claims belonging to The Lambeth Company in the BMIS liquidation proceeding.

3.  On December 23, 2008, the Court issued an Order directing the Trustee to disseminate notice and claim forms to BMIS customers and setting forth claim-filing deadlines. *See* Order [Dkt. No. 12]. Upon information and belief, the BMIS Trustee disseminated notice and claim forms to BMIS's customers in accordance with the Court's Order.

4.  The December 23, 2008 Order further provided that, to the extent the BMIS Trustee disagrees with the amount set forth on a customer claim form, the BMIS Trustee "shall notify such claimant by mail of his determination that the claim is disallowed, in whole or in part, *and the reason therefor* . . . ." *See* Order at 6 (emphasis added) [Dkt. No. 12].

2

5.      Upon information and belief, The Lambeth Company did not timely file a customer claim form and has not prosecuted its claim in the BMIS liquidation proceeding.

6.      On or about June 24, 2009, Mr. Hall submitted a customer claim form to SIPC, which was designated as Claim No. 012066 and 012687 by the BMIS Trustee ("Hall Customer Claim") (Exhibit B).[1]

7.      On December 8, 2009, the BMIS Trustee sent Mr. Hall the Determination Letter disallowing his claim in its entirety on the basis that "[he is] not a customer of BLMIS under SIPA as that term is defined at 15 U.S.C. § 78*lll*(2)."  *See* Determination Letter (Exhibit A).

## OBJECTION

8.      Mr. Hall hereby objects to the Determination Letter on the basis that he should not be deprived of the opportunity to have his claim addressed simply because The Lambeth Company has not filed a customer claim or has otherwise failed to prosecute or defend any claim against the debtor.

9.      <u>First Objection</u>.  Normally, bankruptcy law prevents parties whose claims are derived from the claim of a creditor from seeking to recover on such derived claims from the debtor.  Such rules are designed to prevent duplicate recoveries arising from what amounts to a single legal claim.  *See* Bankruptcy Code §§ 502(e), 509.  However, bankruptcy law also recognizes that the derivative claimant should be permitted to file such a claim when the direct creditor fails or refuses to file a claim since, in such cases, there is no risk of a double recovery. For example, bankruptcy law provides that "[i]f a creditor does not timely file a proof of such creditor's claim, an entity that is liable to such creditor with the debtor, or that has secured such creditor, may file a proof of such claim."  *See* Bankruptcy Code § 501(b); *see also* Fed. R.

Bankr. P. 3005(a).  These principles apply here, and it is only appropriate and equitable that Mr. Hall's customer claim be considered in the place of BMIS customer The Lambeth Company when The Lambeth Company has sat on its own rights, which has, by extension, deprived Mr. Hall of his rights.  Moreover, there is no danger of a double recovery because The Lambeth Company failed to file its claim by the July 2, 2009 bar date and its claim is thus barred.

10.    <u>Second Objection</u>.  The BMIS Trustee has encouraged all those who lost money due to the Madoff Ponzi scheme to file customer claim forms.  This includes investors such as Mr. Hall who invested "indirectly" with BMIS.  The BMIS Trustee has clearly contemplated a scenario whereby "indirect" investors, such as Mr. Hall, would be entitled to have their claims allowed and/or paid in this proceeding.  To the extent that any such "indirect" claims are allowed and/or "indirect" claimants are deemed "customers" under SIPA by virtue of the present statute, any amended statute, any decision or ruling of any administrative agency, any decision or ruling by SIPC or the Madoff Trustee, or any decision or order of any court, he reserves the right to challenge any determination of his claim by the BMIS Trustee.

**<u>RELIEF REQUESTED</u>**

11.    For the reasons stated herein, Mr. Hall's claim should be allowed insofar as it is part of The Lambeth Company's claim.

12.    To the extent Mr. Hall's claim is deemed to be filed on behalf of The Lambeth Company, Mr. Hall reserves the right to supplement his claim and submit further objections to any Determination of Claim directed to him, including, but not limited to, the right to object to the BMIS Trustee's method of calculating "net equity" or other objections to the method by which the BMIS Trustee has calculated the amount of the claim.

---

[1] In accordance with the Court's Order dated October 20, 2009 [Dkt. No. 533], Claimant's

13.     Mr. Hall requests such other relief as may be just and equitable.

## CONCLUSION

14.     Mr. Hall reserves the right to revise, supplement, or amend this Objection, and any failure to object on a particular ground or grounds shall not be construed as a waiver of Mr. Hall's right to object on any additional grounds.

15.     Mr. Hall reserves all rights set forth Rule 9014, including, without limitation, rights of discovery.  *See* Fed. R. Bankr. P. 9014.

16.     Mr. Hall reserves all objections as to the competence, relevance, materiality, privilege, or admissibility of evidence in any subsequent proceeding or trial of this or any other action for any purpose whatsoever.

17.     Mr. Hall incorporates by reference all reservations of rights set forth in Mr. Hall's Customer Claim.

Dated:  January 7, 2010

Jonathan M. Landers___
MILBERG LLP
Jonathan M. Landers
Matthew Gluck
Brad N. Friedman
Sanford P. Dumain
Jennifer L. Young
One Pennsylvania Plaza, 48th Fl.
New York, NY 10119
Telephone: (212) 594-5300
Facsimile: (212) 868-1229

SEEGER WEISS LLP
Stephen A. Weiss
Christopher M. Van DeKieft
Parvin Aminolroaya
One William Street
New York, NY 10004

personal identification data has been redacted from Exhibit B.

Telephone: (212) 584-0700
Facsimile:  (212) 584-0799

*Attorneys for Douglas B. Hall*