# EXHIBIT B

# CUSTOMER CLAIM

Claim Number_____

Date Received_____

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

### DECEMBER 11, 2008

(Please print or type)

Name of Customer: Douglas B. Hall o/b/o Vivian Halpern Hall (deceased)

Mailing Address: 5321 Via Condesa

City: Tucson                                State:  AZ                Zip: 85718

Account No.: _____                _____

Taxpayer I.D. Number (Social Security No.): _____                _____

NOTE:    BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY
THE ACCOMPANYING INSTRUCTION SHEET.  A SEPARATE CLAIM FORM
SHOULD BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL
PROTECTION AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE
RECEIVED BY THE TRUSTEE ON OR BEFORE March 4, 2009.  CLAIMS
RECEIVED AFTER THAT DATE, BUT ON OR BEFORE July 2, 2009, WILL BE
SUBJECT TO DELAYED PROCESSING AND TO BEING SATISFIED ON TERMS
LESS FAVORABLE TO THE CLAIMANT. PLEASE SEND YOUR CLAIM FORM BY
CERTIFIED MAIL - RETURN RECEIPT REQUESTED.

*********************************************************************************

1.    Claim for money balances as of **December 11, 2008**:

     a.    The Broker owes me a Credit (Cr.) Balance of          $ 0.00 _____

     b.    I owe the Broker a Debit (Dr.) Balance of             $ 0.00 _____

     c.    If you wish to repay the Debit Balance,

        please insert the amount you wish to repay and

        attach a check payable to "Irving H. Picard, Esq.,

        Trustee for Bernard L. Madoff Investment Securities LLC."

        If you wish to make a payment, **it must be enclosed**

        with this claim form.                                   $ 0.00 _____

     d.    If balance is zero, insert "None."                    None _____

2.        Claim for securities as of **December 11, 2008**:

**PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.**

|  |  | YES | NO |
|---|---|---|---|
| a. | The Broker owes me securities | ✓ | |
| b. | I owe the Broker securities | | ✓ |
| c. | If yes to either, please list below: | | |

|  |  | Number of Shares or Face Amount of Bonds | |
|---|---|---|---|
| Date of Transaction (trade date) | Name of Security | The Broker Owes Me (Long) | I Owe the Broker (Short) |
| Please see Exhibits A and B. The entity described in Exhibit A | | | |
| is believed to be a customer of BMIS and the party filing this claim | | | |
| thus has an interest in the assets of such an entity and/or a claim | | | |
| in this liquidation process. | | | |

**Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclose, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation. You should also provide all documentation or information regarding any withdrawals you have ever made or payments received from the Debtor.**

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement. If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received. **PLEASE CHECK THE APPROPRIATE ANSWER FOR ITEMS 3 THROUGH 9.**

502180406                                          2

**NOTE:** IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION ON A SIGNED ATTACHMENT. IF SUFFICIENT DETAILS ARE NOT PROVIDED, THIS CLAIM FORM WILL BE RETURNED FOR YOUR COMPLETION.

|   |   | <u>YES</u> | <u>NO</u> |
|---|---|---|---|
| 3. | Has there been any change in your account since December 11, 2008? If so, please explain. | | ✓ |
| 4. | Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of the broker? | | ✓ |
| 5. | Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or policies of the broker? | | ✓ |
| 6. | Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in any way with the broker? If so, give name(s) | | ✓ |
| 7. | Is this claim being filed by or on behalf of a broker or dealer or a bank? If so, provide documentation with respect to each public customer on whose behalf you are claiming. | | ✓ |
| 8. | Have you ever given any discretionary authority to any person to execute securities transactions with or through the broker on your behalf? Give names, addresses and phone numbers. | | ✓ |
| 9. | Have you or any member of your family ever filed a claim under the Securities Investor Protection Act of 1970? if so, give name of that broker. | | ✓ |

Please list the full name and address of anyone assisting you in the preparation of this claim form: Leigh Smith, Esq., Milberg LLP, One Pennsylvania Plaza, New York, NY 10119 .

If you cannot compute the amount of your claim, you may file an estimated claim. In that case, please indicate your claim is an estimated claim.

**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM. CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.**

**THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY INFORMATION AND BELIEF.**

Date  6/24/09          Signature _____

Date _____          Signature _____

(If ownership of the account is shared, all must sign above. Give each owner's name, address, phone number, and extent of ownership on a signed separate sheet. If other than a personal account, *e.g.*, corporate, trustee, custodian, etc., also state your capacity and authority. Please supply the trust agreement or other proof of authority.)

**This customer claim form must be completed and mailed promptly, together with supporting documentation, etc. to:**

Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

4

502180406

# EXHIBIT A

# MIRAMAR/MARLOMA SECURITIES

Statement date:11/01/08

REPORT FOR THE 9 MONTHS ENDING:                09/30/08

### Vivian H. Hall IRA, Morgan Stanley as Custodian Acct # 237-032877

| | | |
|---|---|---|
| Opening capital @ | 01/01/08 | $1,308,728.66 |

Prior Activity

    -None-

Current activity

| | | |
|---|---|---|
| Withdrawal | 8/18/2008 | (50,000.00) |
| Chais % | 8/18/2008 | (18,518.52) |
| Mantovani % | 8/18/2008 | (5,555.56) |
| | | |
| Profit to date | | 203,808.91 |
| Closing capital @ | 09/30/08 | $1,438,463.49 * |

*Before General Partner share of profit

Prepared by
Frank Mantovani, CPA                Received:
16255 Ventura Blvd., Suite 840
Encino, CA 91436                Investment Date:

# MIRAMAR/MARLOMA SECURITIES

Statement date:08/01/08

REPORT FOR THE 6 MONTHS ENDING:              06/30/08

### Vivian H. Hall IRA, Morgan Stanley as Custodian Acct # 237-032877

| | | |
|---|---|---|
| Opening capital @ | 01/01/08 | $1,308,728.66 |

Prior Activity

    -None-

Current activity

    -None-

| | | |
|---|---|---|
| Profit to date | | 134,262.37 |
| Closing capital @ | 06/30/08 | $1,442,991.03 * |

*Before General Partner share of profit

Prepared by
Frank Mantovani, CPA
16255 Ventura Blvd., Suite 840
Encino, CA 91436

Received:

Investment Date:

# MIRAMAR/MARLOMA SECURITIES

Statement date:05/01/08

REPORT FOR THE 3 MONTHS ENDING:            03/31/08

### Vivian H. Hall IRA, Morgan Stanley as Custodian Acct # 237-032877

Opening capital @                01/01/08                        $1,308,728.66

Current activity

      -None-

Profit to date                                                      61,765.98
Closing capital @                03/31/08                        $1,370,494.64 *

*Before General Partner share of profit

Prepared by
Frank Mantovani, CPA                        Received:
16530 Ventura Blvd. Suite 611
Encino, CA 91436                        Investment Date:

July 6, 2008
$50,000

# EXHIBIT B

## EXHIBIT B

1.      The Claimant is not a direct customer of Bernard L. Madoff Investment Securities LLC ("BMIS"), but instead is an investor in Miramar Securities, which is believed to be a limited partner of Marloma Securities, which, in turn, is believed to be a limited partner of The Popham Company, which is believed to be a customer of BMIS with claims to securities and other assets of BMIS. The Claimant believes he has or may have a claim in this liquidation proceeding and/or rights to all or a portion of the claims of Miramar Securities, Marloma Securities and/or The Popham Company.

2.      This Claim Form, exhibits, and supporting documentation (collectively "Claim Form") is submitted pursuant to the December 23, 2008 Order of the Honorable Burton R. Lifland and the instructions disseminated by Irving H. Picard, Trustee for Bernard L. Madoff Investment Securities LLC ("Trustee"), on December 11, 2008.

3.      The information provided in the Claim Form is based on information known by the Claimant as of the date of the submission of the Claim Form. The Claimant reserves the right to amend and/or supplement this Claim Form upon the receipt of further information, or upon request by the Trustee for additional information.

4.      The Claimant reserves the right to amend the Claim Form in the event of any recoveries by the Trustee or any other party under the avoidance powers of the Bankruptcy Code or otherwise, or in the event of rejections of executory contracts pursuant to Bankruptcy Code Section 365, whether such amendments are made pursuant to Bankruptcy Code Sections 105, 502(g), or 502(h), Bankruptcy Rule 3002(c)(3), (4), other provisions of applicable bankruptcy law, or general principles of law or equity.

Douglas B. Hall o/b/o Vivian Halpern Hall (deceased)

5.    The Claimant hereby requests that the Claim Form be considered as a proof of claim in In re Bernard L. Madoff Investment Securities LLC, No. 08-01789 (Bankr. S.D.N.Y.).

6.    This Claim Form is required to be submitted pursuant to the Court's January 2, 2009 Order and the Trustee's instructions to the Claimant.  To the extent permitted by applicable law, the Claimant does not, by submitting the Claim Form, consent to the jurisdiction of the Bankruptcy Court nor does Claimant waive any right to trial by jury.

7.    The Claimant reserves all rights, claims, and/or defenses as to and/or against any and all parties potentially liable for the losses sustained by the Claimant, including, without limitation, BMIS and its owners, partners, employees, and affiliates, as well as any potentially liable third parties including, without limitation, investment advisors, "feeder funds," accountants, and auditors.

8.    The Claimant further reserves all rights, claims, and/or defenses as to and/or against any persons and/or creditors asserting claims against BMIS, its employees, owners, and/or affiliates, in bankruptcy or otherwise.

9.    The Claimant reserves all objections as to the competence, relevance, materiality, privilege, or admissibility of evidence in any subsequent proceeding or trial of this or any other action for any purpose whatsoever, notwithstanding the submission of any such information to the Trustee.

10.    To the extent the Claimant has disclosed to the Trustee documents containing accounting and/or legal advice, the Claimant does not waive any potential privileges applicable thereto.

11.    The Claimant reserves all rights with respect to submitting information to the Internal Revenue Service regarding gains, losses, and/or theft of assets.

Douglas B. Hall o/b/o Vivian Halpern Hall (deceased)

12.    The Claim Form and supporting documents contain confidential information. The Claimant submits this information to the Trustee subject to the condition that this information will not to be disclosed to any third parties, other than under seal to the Court, absent the Claimant's express consent or Court order.

13.    The Claimant submits herewith documents in support of the Claimant's claim. The Claimant reserves any arguments that such documents are not relevant to the Trustee's inquiry. The Claimant further reserves the right to supplement this submission, including the submission of additional documents, if deemed necessary. In addition to account statements, the Claimant herewith submits the following documents:

- a copy of a June 4, 2009 memorandum from Frank Mantovani enclosing a copy of a June 3, 2009 memorandum from Eugene R. Licker to Limited Partners of Popham, Lambeth and Brighton relating to the issue of whether Stanley Chais intends to file SIPC claim forms for the Lambeth, Brighton, and Popham partnerships;

- a Declaration of Trust, executed Nov. 18, 1988; and

- a Morgan Stanley IRA Adoption Agreement form, stamped received Feb. 23, 2004.

Douglas B. Hall o/b/o Vivian Halpern Hall (deceased)



## DECLARATION OF TRUST

THIS DECLARATION OF TRUST, executed this 18 day of Jan, 1988 is by
and between THOMAS CHARLES HALL and VIVIAN HALPERN HALL, husband and
wife, hereinafter referred to as "settlor", or separately as "Husband" or "Wife", and
THOMAS CHARLES HALL and VIVIAN HALPERN HALL, hereinafter referred to as
"trustee", without regard to number or gender.

### I.

### INTRODUCTORY PROVISIONS

**A.  Trust Property.**

The trustee hereby declares that it has received by transfer and delivery
from the settlors, without consideration, all their right, title and interest in and to
certain property described by a Letter of Receipt dated as of an even date herewith.
In addition, the settlors have designated, or may designate, the trustee as beneficiary
under certain policies of life insurance and under pension, profit sharing, or other
forms of employee benefit plans in which the settlors may have an interest.   The
settlors may deliver additional property after the date of the execution of this Trust
Agreement; and additional property acceptable to the trustees may be added to the
trusts established herein by the wills or codicils of either settlor, by the proceeds of
any life insurance policy, or by person.  Such property shall constitute the trust estate
and shall be held, administered and distributed in accordance with this instrument.

Any community property transferred to the trust shall remain community
property after its transfer.

**B.   Limitation on Trustee's Powers.**

It is the settlors' intention that the trustee shall have no more extensive
power over any community property transferred to the trust estate than either of the

1

IV

## SUCCESSOR TRUSTEES AND PROVISIONS RELATING TO TRUSTEES

**A. Designation of Successor Trustees.** Any trustee named herein or appointed hereunder acting during the joint lifetimes of the settlors, or the lifetime of the surviving settlor, shall have the right to resign at any time. If neither settlor can qualify or ceases to act as trustee then the individual(s) named below shall serve as substitute or successor cotrustee(s) or trustee.

1. If necessary, the following shall serve as substitute or successor co-trustees or trustee to act during the joint lifetimes of the settlors, or the lifetime of the surviving settlor, in the order of priority as listed:

    a.    Lorna Beth Hall and Douglas Benjamin Hall, to act as co-trustees or the one willing and qualified to act.

    b.    FIRST AMERICAN TRUST COMPANY.

2. The following shall serve as substitute or successor co-trustee(s) or trustee, in the order named, as to the trust share to be set aside for Lorna Beth Hall at the date of death of the surviving settlor:

    a.    Lorna Beth Hall, to act alone.

    b.    Douglas Benjamin Hall, to act alone.

    c.    First American Trust Company.

3. The following shall serve as substitute or successor co-trustee(s) or trustee, in the order named, as to the trust share to be set aside for Douglas Benjamin Hall at the date of death of the surviving settlor:

    a.    Douglas Benjamin Hall, to act alone.

    b.    Lorna Beth Hall, to act alone.

    c.    First American Trust Company.

16

We certify that we have read the foregoing Declaration of Trust and that it correctly states the terms and conditions under which the trust estate is to be held, managed and disposed of by the trustee. We approve the Declaration of Trust in all particulars and request that the trustee execute it.

Executed the day and year first above written.

SETTLORS:

_____
THOMAS CHARLES HALL

_____
VIVIAN HALPERN HALL

Approved by:

_____
JONATHAN E. VAN CLEAVE
Attorney for Settlors

40

STATE OF CALIFORNIA    )
                              ) ss.
COUNTY OF ORANGE    )

      On the __18th__ day of __November_____, 1988, before me, the undersigned, a Notary Public in the for said State, with principal place of business in Orange County, personally appeared THOMAS CHARLES HALL and VIVIAN HALPERN HALL, known to me to be the persons whose names are subscribed to the foregoing Declaration of Trust, as settlors, and acknowledged to me that they executed the same.

      WITNESS my hand and official seal.

_Darla Jean Rockwell_
Notary Public in and for said State

---

STATE OF CALIFORNIA    )
                              ) ss.
COUNTY OF ORANGE    )

      On the __18th__ day of __November_____, 1988, before me, the undersigned, a Notary Public in the for said State, with principal place of business in Orange County, personally appeared THOMAS CHARLES HALL and VIVIAN HALPERN HALL, known to me to be the persons whose names are subscribed to the foregoing Declaration of Trust, as trustees, and acknowledged to me that they executed the same.

      WITNESS my hand and official seal.

OFFICIAL SEAL
DARLA JEAN ROCKWELL
NOTARY PUBLIC - CALIFORNIA
ORANGE COUNTY
My Comm. Expires Dec. 27, 1991

_Darla Jean Rockwell_
Notary Public in and for said State

41

# COUNTY OF ORANGE

## HEALTH CARE AGENCY

1200 N. MAIN STREET, SUITE 100-A

SANTA ANA, CA 92701

CERTIFICATE OF DEATH          3200300013622

| | | |
|---|---|---|
| VIVIAN | H | HALL |

AKA: 12/19/1922  85  F

NY  WIDOWED  10/01/2008  2015

CAUCASIAN

MASTER'S  TEACHER  EDUCATION  40

19196 SIERRA ISABELLE RD.

IRVINE  ORANGE  92603  40  CA

LORNA HALL, DAUGHTER  10 SAN RAFAEL AVE., BELVEDERE, CA 94920

BENJAMIN  HALPERN  RUSSIA

BENEDICTA  KIRSCHSTEIN  LITHUANIA

10/08/2008  RES LORNA HALL 10 SAN RAFAEL AVE. BELVEDERE, CA 94920

CR/RES  NOT EMBALMED

NEPTUNE SOCIETY OF ORANGE CO  FD1305  ERIC G. HANDLER, M.D.  10/08/2008

RESIDENCE

ORANGE  19196 SIERRA ISABELLE RD.  IRVINE

CONGESTIVE HEART FAILURE  1 YR  08-05719-BA

AORTIC VALVE STENOSIS  3 YRS

DIFFUSE LARGE B CELL LYMPHOMA

BIOPSY ABDOMINAL MASS ~/~/2000

03/08/2001  08/07/2008  TARIQ MAHMOOD M.D.  A34660  10/07/2008

TARIQ MAHMOOD M.D.  1040 W LA VETA AVE STE 250, ORANGE, CA 92868

OCT 13 2008

CERTIFIED COPY OF VITAL RECORDS

DATE ISSUED

*002391856*

STATE OF CALIFORNIA    } SS
COUNTY OF ORANGE

This is a true and exact reproduction of the document officially
registered and placed on file in the office of the VITAL RECORDS
SECTION, ORANGE COUNTY HEALTH CARE AGENCY.

ERIC G. HANDLER, M.D.
HEALTH OFFICER
ORANGE COUNTY, CALIFORNIA

This copy not valid unless prepared on engraved border displaying seal and signature of Registrar.

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

CERTIFICATION OF VITAL RECORD

# COUNTY OF ORANGE
## HEALTH CARE AGENCY
1200 N. MAIN STREET, SUITE 100-A
SANTA ANA, CA 92701

**CERTIFICATE OF DEATH**
STATE OF CALIFORNIA
USE BLACK INK ONLY / NO WHITE-OUT / NO CORRECTIONS OR ALTERATIONS
VS-11 (REV 1/03)

STATE FILE NUMBER   3 200330 013604   LOCAL REGISTRATION NUMBER

| 1. NAME OF DECEDENT — FIRST (Given) | 2. MIDDLE | 3. LAST (Family) |
|---|---|---|
| THOMAS | CHARLES | HALL |

AKA, ALSO KNOWN AS — Include full AKA (FIRST, MIDDLE, LAST)

| 4. DATE OF BIRTH mm/dd/ccyy | 5. AGE Yrs. | 6. SEX |
|---|---|---|
| 11/25/1921 | 81 | M |

| 7. BIRTH STATE/FOREIGN COUNTRY | 10. SOCIAL SECURITY NUMBER | 11. EVER IN U.S. ARMED FORCES? | 12. MARITAL STATUS at time of death | 8. DATE OF DEATH mm/dd/ccyy | 9. HOUR (24 Hours) |
|---|---|---|---|---|---|
| PENNSYLVANIA | 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 | X YES   NO | MARRIED | 10/16/2003 | 1532 |

| 13. EDUCATION — Highest Level/Degree | 14/15. WAS DECEDENT SPANISH/HISPANIC/LATINO? (If yes, see worksheet on back) | 16. DECEDENT'S RACE — Up to 3 races may be listed (see worksheet on back) |
|---|---|---|
| DOCTORATE | YES   X NO | WHITE |

| 17. USUAL OCCUPATION — Type of work for most of life. DO NOT USE RETIRED | 18. KIND OF BUSINESS OR INDUSTRY (e.g., grocery store, road construction, employment agency, etc.) | 19. YEARS IN OCCUPATION |
|---|---|---|
| SCIENTIST | AEROSPACE | 55. |

| 20. DECEDENT'S RESIDENCE (Street and number or location) |
|---|
| 19196 SIERRA ISABELLE ROAD |

| 21. CITY | 22. COUNTY/PROVINCE | 23. ZIP CODE | 24. YEARS IN COUNTY | 25. STATE/FOREIGN COUNTRY |
|---|---|---|---|---|
| IRVINE | ORANGE | 92612 | 35 | CA |

| 26. INFORMANT'S NAME, RELATIONSHIP | 27. INFORMANT'S MAILING ADDRESS (Street and number or rural route number, city or town, state, ZIP) |
|---|---|
| VIVIAN H. HALL, WIFE | 19196 SIERRA ISABELLE ROAD IRVINE, CA 92612 |

| 28. NAME OF SURVIVING SPOUSE — FIRST | 29. MIDDLE | 30. LAST (Maiden Name) |
|---|---|---|
| VIVIAN | ANNETTE | HALPERN |

| 31. NAME OF FATHER — FIRST | 32. MIDDLE | 33. LAST | 34. BIRTH STATE |
|---|---|---|---|
| THOMAS | CHARLES | HALL | PA |

| 35. NAME OF MOTHER — FIRST | 36. MIDDLE | 37. LAST (Maiden) | 38. BIRTH STATE |
|---|---|---|---|
| ELIZABETH | | MAGUIRE | SCOTLAND |

| 39. DISPOSITION DATE mm/dd/ccyy | 40. PLACE OF FINAL DISPOSITION | | |
|---|---|---|---|
| 10/24/2003 | AT SEA OFF THE COAST OF ORANGE COUNTY | | |

| 41. TYPE OF DISPOSITION(S) | 42. SIGNATURE OF EMBALMER | 43. LICENSE NUMBER |
|---|---|---|
| CR/SEA | NOT EMBALMED | |

| 44. NAME OF FUNERAL ESTABLISHMENT | 45. LICENSE NUMBER | 46. SIGNATURE OF LOCAL REGISTRAR | 47. DATE mm/dd/ccyy |
|---|---|---|---|
| THE OMEGA SOCIETY | FD1280 | Mark C. Horton | 10/20/2003 |

| 101. PLACE OF DEATH | 102. IF HOSPITAL, SPECIFY ONE | 103. IF OTHER THAN HOSPITAL, SPECIFY ONE |
|---|---|---|
| OWN RESIDENCE | IP   OP/ED   DOA | Hospice   Nursing Home   X Decedent's Home   Other |

| 104. COUNTY | 105. FACILITY ADDRESS OR LOCATION WHERE FOUND (Street and number or location) | 106. CITY |
|---|---|---|
| ORANGE | 19196 SIERRA ISABELLE ROAD | IRVINE |

107. CAUSE OF DEATH
Enter the chain of events — diseases, injuries, or complications — that directly caused the death. DO NOT enter terminal events such as cardiac arrest, respiratory arrest, or ventricular fibrillation without showing the etiology. DO NOT ABBREVIATE.

| | | Time interval between onset and death | 108. DEATH REPORTED TO CORONER? |
|---|---|---|---|
| IMMEDIATE CAUSE (Final disease or condition resulting in death) (a) | METASTATIC SMALL CELL CANCER OF THE PROSTATE | 15 MOS | 03-07256-AO |
| | | | 109. BIOPSY PERFORMED? X YES   NO |
| Due to (b) | | | 110. AUTOPSY PERFORMED? YES   X NO |
| Due to (c) | | | 111. USED IN DETERMINING CAUSE? YES   NO |
| Due to (d) | | | |

112. OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN 107
NONE

| 113. WAS OPERATION PERFORMED FOR ANY CONDITION IN ITEM 107 OR 112? (If yes, list type of operation and date) | 114. IF FEMALE, PREGNANT IN LAST YEAR? YES   UNK |
|---|---|
| PROSTATE NEEDLE BIOPSY 07/02/2002 | |

| 115. I CERTIFY THAT TO THE BEST OF MY KNOWLEDGE DEATH OCCURRED AT THE HOUR, DATE, AND PLACE STATED FROM THE CAUSES STATED. | 116. SIGNATURE AND TITLE OF CERTIFIER | 117. LICENSE NUMBER | 118. DATE mm/dd/ccyy |
|---|---|---|---|
| Decedent Attended Since 07/30/2002   Last Seen Alive 10/02/2003 | Tariq Mahmood MD | A34660 | 10/17/2003 |

| 119. TYPE ATTENDING PHYSICIAN'S NAME, MAILING ADDRESS, ZIP CODE |
|---|
| T. MAHMOOD, M.D.   1140 W. LA VETA #430   ORANGE, CA 92869 |

| 120. I CERTIFY THAT IN MY OPINION DEATH OCCURRED AT THE HOUR, DATE, AND PLACE STATED FROM THE CAUSES STATED. | 121. INJURED AT WORK? YES   NO   UNK | 122. INJURY DATE mm/dd/ccyy | 123. HOUR (24 Hours) |
|---|---|---|---|
| MANNER OF DEATH: Natural   Accident   Homicide   Suicide   Could not be determined   Pending Investigation | | | |

124. DESCRIBE HOW INJURY OCCURRED (Events which resulted in injury)

125. LOCATION OF INJURY (Street and number or location, and city, and ZIP)

| 126. SIGNATURE OF CORONER / DEPUTY CORONER | 127. DATE mm/dd/ccyy | 128. TYPE NAME, TITLE OF CORONER / DEPUTY CORONER |
|---|---|---|

| STATE REGISTRAR | A | B | C | D | E | FAX AUTH # | CENSUS TRACT |
|---|---|---|---|---|---|---|---|

### CERTIFIED COPY OF VITAL RECORDS

STATE OF CALIFORNIA } SS
COUNTY OF ORANGE

DATE ISSUED   JAN 1 9 2005

This is a true and exact reproduction of the document officially
registered and placed on file in the office of the VITAL RECORDS
SECTION, ORANGE COUNTY HEALTH CARE AGENCY.

MARK B. HORTON, M.D.
HEALTH OFFICER
ORANGE COUNTY, CALIFORNIA

This copy not valid unless prepared on engraved border displaying seal and signature of Registrar.

*001635719*

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

"ROLLOVER" IRA
THOMAS TO VIVIAN

Morgan Stanley IRA Adoption Agreement

# Morgan Stanley

237-032877-IRA

**Participant's Name**
VIVIAN H HALL 2004

**Branch no.**
237

**Address**
19196 SIERRA ISABELLE ROAD

**Account No.**
032877

**City**
IRVINE

**Financial Advisor No.**
108

**State** CA
**Zip Code** -3947
**Primary Phone** (949) 854-1155   ☐ Home ☐ Business ☐ Agent
**Secondary Phone** (520) 529-9357   ☐ Home ☐ Business ☐ Agent

**Social Security Number**
**Date of Birth** 1/2/1922
**Country** USA
**Morgan Stanley Employee** ☐ Yes ☑ No

## Type of Account

☐ Traditional IRA [111]
☑ Rollover IRA [121]
☐ Rollover/Traditional Combined Account [141]
☐ Rollover/SEP Combined Account* [161]
☐ Simplified Employee Pension (SEP)/Standard IRA [151]
☐ Salary Reduction Simplified Employee Pension IRA (SAR-SEP) [171]
* Please consult tax advisor as to tax ramifications of commingling rollover assets.

**RECEIVED**
FEB 23 2004

## Fees

Annual maintenance—$50
Termination/transfer—$95 (except as a result of death, disability, or attaining age 70½ or over in the year of termination/transfer)

## Designation of Beneficiary

Please indicate beneficiary status by checking the box below — if no box is checked, primary designation is assumed. Attach additional sheets or use separate Morgan Stanley Designation of Beneficiary Forms if necessary.
I hereby make the following beneficiary designation:

**BENEFICIARY STATUS:** ☑ Primary 50% ☐ Contingent
Name **LORNA B. HALL**
Date of Birth **3/7/51**
Social Security/Tax ID# | Relationship **DAUGHTER**
Address **166 HELENS LANE**
City **MILL VALLEY** | State **CA** | Zip Code **94941**

**BENEFICIARY STATUS:** ☑ Primary 50% ☐ Contingent
Name **DOUGLAS B. HALL**
Date of Birth **9/8/58**
Social Security/Tax ID# | Relationship **SON**
Address **5321 VIA CONDESA**
City **TUCSON** | State **AZ** | Zip Code **85718**

I understand that upon my death my interest in the Account described above under the Morgan Stanley DW Inc. Individual Retirement Plan (the "Plan") shall become the property of the primary beneficiary, if he or she survives me, and, if no primary beneficiary survives me, then of the contingent beneficiary, and if no designated beneficiary survives me, or the Custodian cannot locate the beneficiary, then the Custodian shall distribute the Account balance to my spouse, if he or she survives me, and, if not, to my children in equal shares, and, if no children survive me, to my estate.

I reserve the right to revoke or change this beneficiary designation. All prior designations (if any) of primary or contingent beneficiaries for the IRA described above are hereby revoked and replaced by this Designation of Beneficiary.

I hereby instruct Morgan Stanley to ☑ withhold ☐ disclose my name, address and security positions to any issuer whose stock Morgan Stanley is holding for the account numbered above.

I hereby adopt the Plan which is made a part of this Agreement, establish the Account described above and name Morgan Stanley DW Inc. ("Morgan Stanley") as Custodian of the Account. This Agreement will be effective on acceptance by Morgan Stanley as Custodian.

I have received the booklet containing the Plan, Disclosure Statement and fee schedule before signing this Adoption Agreement. I have read the Plan and understand that Morgan Stanley has no discretionary investment responsibility with respect to the assets held in my Account under the Plan and that Morgan Stanley will invest and reinvest the assets Account only on my direction. I direct Morgan Stanley to invest any uninvested cash (in whole dollar amounts) held in my Account in the Morgan Stanley Liquid Asset Fund Inc. See Sections 3.1 and 6.1 of the Plan.

I understand that adoption of the Plan has significant Federal and State tax consequences and I have been advised by Morgan Stanley to consult my attorney, accountant, or other tax advisor.

**For Conversions and Rollovers Only:** I irrevocably designate contributions made to the above Account as Rollover Contributions under the applicable provisions of the Internal Revenue Code.

I understand that under Federal anti-terrorism and anti-money laundering laws Morgan Stanley must obtain, verify and record information that identifies each person who opens an Account. See instructions on page 13.

I understand that this account is governed by a predispute arbitration clause which is set forth in Section 7.4 of the IRA document. I acknowledge receiving a copy of the predispute arbitration clause.

**Signature of Participant** VIVIAN
Vivian H. Hall   Date 1/28/04

When a nonspouse beneficiary is named, spouse consent is required in Community Property States, including but not limited to: AZ, CA, ID, LA, NV, NM, TX, WA, WI. I hereby agree and consent to the beneficiary set forth above, and along with my agreement and consent, do hereby transmute to my spouse all my community property interest in the IRA described above that I may have. I acknowledge my right to one half of all community property in the Account and voluntarily elect to relinquish my rights to the community property interest in the Account.

**Signature of Participant's Spouse**   Date

**Branch Manager Signature**   7-20-04

Investments and services are offered through Morgan Stanley DW Inc. member SIPC.
© 2004 Morgan Stanley—1/04

ORIGINAL TO DALLAS NEW ACCOUNTS

YELLOW COPY FOR BRANCH OFFICE

► REMOVE TOP COPY AFTER COMPLETING THIS SIDE ◄

Before completing this side, be sure to separate this page from the white copy.

For Morgan Stanley use only.

ACCOUNT NO. 237-032877-108

| COUNTRY CITIZENSHIP | CODE | MARITAL STATUS | EMPLOYEE OF MEMBER OF EXCHANGE |
|---|---|---|---|
| USA | | ☐ Married  ☐ Single  ☑ Widowed | ☐ Yes   Firm Name |

| NO. OF DEPENDENTS | OBJECTIVE |
|---|---|
| O | ②1. Income  ②2. Aggressive Income  ④3. Capital Appreciation  ④4. Speculation |

| OCCUPATION | CODE | BUSINESS | CODE |
|---|---|---|---|
| RETIRED | | | |

MORGAN STANLEY CLIENT | ACCOUNT INITIAL TRANSACTION ($250 initial and subsequent minimum contribution.)

☐ New  ☑ Existing      ☐ 1. NEW New Contribution  ☐ 2. RIR Rollover Deposit  ☐ 3. TRA Transfer From _____

| OTHER MORGAN STANLEY ACCOUNT | ACCOUNT NO. | YEAR OF FIRST MARKET EXPERIENCE |
|---|---|---|
| ☐ Yes  ☐ No | 2 3 7 1 2 2 9 3 5 1 0 8 | Stocks 1980   Options |

TRADE AUTHORIZATION      AGENT NAME, IF APPLICABLE

☐ Investment Advisor Limited   ☐ Other Limited

| PLACE OF EMPLOYMENT | INCOME (M's) | NET WORTH (M's) | LIQUID ASSETS (M's) |
|---|---|---|---|
| | ? | 2 0 0 0 | 1 0 0 0 |

HOW ACCOUNT ACQUIRED
☐ 1. Lecture  ☐ 2. Advertising  ☐ 3. Walk in  ☐ 4. Call in  ☐ 5. Referral  ☐ 6. Cold Call

| PAYMENT OF INITIAL FEES | SPOUSE ACCOUNT NUMBER |
|---|---|
| ☐ $0  ☐ $40 First Year | 2 3 7 0 8 4 3 7 2 2 0 8 |

FA REGISTERED IN STATE OF RESIDENCE OF:   FINANCIAL ADVISOR SIGNATURE       DATE
Client?  ☑ Yes  ☐ No      Agent?  ☐ Yes  ☐ No                                   2/26/04

EXTENDED DATA: ☐ Second Confirm  ☐ Second Statement  ☐ Bank ☐ A ☐ D  ☐ Business ☐ A ☐ D

Name, Address, & Zip Code

CREDIT UNION

EXTENDED DATA: ☐ Third Confirm  ☐ Third Statement  ☐ Bank ☐ A ☐ D  ☐ Business ☐ A ☐ D

Name, Address, & Zip Code

FINANCIAL ADVISOR MEMO 1

FINANCIAL ADVISOR MEMO 2

BRANCH OFFICE

# Morgan Stanley

RETAIL (TAXABLE) ACCOUNT
— ACCOUNT IN NAME OF TRUST NOT VIVIAN

| OFFICE | ACCOUNT NO. | F.A. |
|--------|-------------|------|
| 237 | 0 32878 | 108 |

• IF DESIRED
• CAN CHANGE LATER *2004 FEB 20 PM 3: 21*

## TRUSTEE CERTIFICATION OF INVESTM
(to be completed by trustees)

237-032878~TRD

TO: MORGAN STANLEY
TRUST INFORMATION

In consideration of your opening and/or maintaining one or more accounts for the Trust named below follows:

1.  The full title of the Trust to which this Certificate applies is:
    Thomas and Vivian Hall Family Trust
    Example: John Jones and Sam Smith Co. - Trustees of the Mary Jones Trust.

2.  The date of the governing Trust or will is : 11/18/88

3.  The date of the latest Trust Amendment is: 4/5/99

4.  There are no Trustees of the Trust other than the undersigned.

5.  The names of the successor trustees, if any, are: Lorna Beth Hall / Douglas Benjamin Hall

6.  The Grantors of the Trust are: Vivian H. Hall

## AUTHORIZED INDIVIDUALS

7.  You are authorized by the terms of the Trust document and applicable law to accept investment orders and other instructions from those individuals or entities listed below, unless their authority is expressly limited on this certification. Other instructions which the authorized individuals may issue include, but are not limited to, distributions and transfers by check, MasterCard®, or otherwise to beneficiaries and others including the trustees.

    Name: *(Please Print)*:          Relationship to Trust   *(if other than Trustee, must also submit MSDW trading authorization)*:
    VIVIAN H HALL          TTEE

## INVESTMENTS PERMITTED

8.  We certify that we have the power under the Trust document and applicable law to enter into transactions, both purchase and sales, of the types specified below. Check types of investments which are permitted.

### BASIC TRANSACTIONS:

- [ ] A. U.S. Government Securities
- [ ] B. U.S. Agency Securities
- [ ] C. Municipal Securities
- [ ] D. Corporate Bonds
- [ ] E. Corporate Stocks
- [ ] F. Mutual Funds
- [ ] G. Unit Investment Trusts
- [ ] H. Annuities
- [ ] I. Limited Partnerships
- [x] J. All of the Above

### AGGRESSIVE TRANSACTIONS:

- [ ] K. Margin Buying
- [ ] L. Covered Option Writing
- [ ] M. Buying Options
- [ ] N. Uncovered Option Writing
- [ ] O. Spreads/Straddles on Options
- [ ] P. Short Sales of Securities other than Options
- [ ] Q. Futures/Commodities
- [ ] R. Other_____
                          *(specify)*

9.  We acknowledge receiving and reviewing all pertinent account documentation and agreements.

10. We, the Trustees, jointly and severally indemnify you and hold you harmless from any and all claims, liabilities, and expenses which may arise from your accepting instructions (including instructions related to investments, withdrawals, distributions and transfers) from Authorized Individuals or which may arise from your continued reliance on this Certification. This indemnification shall survive the termination of either the Trust or the account.

11. We agree to inform you in writing of any amendment to the Trust, any change in the composition of the Trustees, or any other event which could materially alter the Certifications made above. You may rely on the continued validity of this Certification indefinitely, absent actual receipt of such notice.

DWR-9873-3 (4-67) Rev. 9-03

*Investments and services are offered through Morgan Stanley DW Inc., member SIPC.*



## TRUSTEES

12. We hereby certify that the undersigned are all of the Trustees:

| TRUSTEE NAMES *(Please Print)* | SIGNATURES | ADDRESSES |
|---|---|---|
| Vivian H. Hall | Vivian H. Hall | 19196 Sierra Isabelle Rd. Irvine, Ca. 97612 |
| Douglas B. Hall | | 5321 Via Condesa Tucson AZ 85718 |
| Lorna Beth Hall | Lorna Beth Hall | 166 Helens Lane, Mill Valley, CA 94941 |

2 of TEES SIGNED MISTAKE

**(ALL TRUSTEES MUST SIGN. ATTACH EXTRA PAGE IF NECESSARY.)**

*SHOULD ONLY ONE PERSON EXECUTE THIS AGREEMENT, IT SHALL CONSTITUTE A REPRESENTATION THE SIGNER IS THE SOLE TRUSTEE.
WHERE APPLICABLE, PLURAL REFERENCES IN THIS CERTIFICATION SHALL BE DEEMED SINGULAR.

## USA PATRIOT Act

To help the government fight the funding of terrorism and money laundering activities, Federal law requires all financial institutions to obtain, verify, and record information that identifies each person who opens an account.

What this means for you: When you open an account, we will ask for your name, address, date of birth and other information that will allow us to identify you. We may also ask to see your driver's license or other identifying documents.

PLEASE ATTACH FIRST & LAST PAGE OF TRUST DOCUMENT

# H A L P E R N  &  M A N T O V A N I
## AN ACCOUNTANCY CORPORATION

16255 VENTURA BOULEVARD, SUITE 840
ENCINO, CALIFORNIA 91436

TELEPHONE (818) 385-0111
FACSIMILE (818) 385-0556

# MEMORANDUM

**DATE:** June 4, 2009
**FROM:** Frank Mantovani

## SIPC CLAIMS

Enclosed is a memorandum from Mr. Eugene Licker providing information regarding the status of SIPC claims at the Lambeth, Brighton and Popham partnership levels.

## K-1's AND TAX INFORMATION

I have been diligently attempting for months to obtain from Loeb & Loeb and the accountant preparing K-1's for Lambeth & Popham all of the information necessary for the preparation of the tax returns and K-1's. Early this morning Lambeth & Popham provided Crescent & Marloma with one of the two remaining missing items. Mr. Licker indicated that I should receive the remaining item, corrected non-draft state K-1's, later in the day. I did receive these K-1's early this evening.

I believe that I now have all of the information necessary to complete the tax returns and anticipate mailing out K-1's to partners by June 18.

Thank you in advance for your patience.

Transmit E Lickers Memos to partners 6 4 2009.wpd



A century of adding value.

EUGENE R. LICKER
Partner

345 Park Avenue
New York, NY 10154

Direct  212.407.4157
Main   212.407.4000
Fax    646.219.7454
elicker@loeb.com

## MEMORANDUM
Via E-mail or Facsimile

**Date:**    June 3, 2009

**To:**      Limited Partners of Popham,        **CC:**    Stanley Chais
            Lambeth and Brighton

**From:**    Eugene R. Licker

**Re:**      Requests from Limited Partners

As you know, we represent Stanley Chais in all capacities, including his capacity as General Partner of the above three entities.  <u>As we have in the past, we remind you that Loeb & Loeb LLP represents Mr. Chais and does not represent you.  You should seek advice from your own professionals and rely exclusively on that advice and not on what is set forth here.</u>

Many of you have inquired about whether or not Popham, Lambeth and Brighton (the "Partnerships") intend to file claims with the SIPC Trustee.  Some of you have received correspondence from the Trustee indicating that no such claim has been filed to date.  The deadline for filing those claims is July 2, 2009, and the Trustee has been clear that there will be no extensions.

Although it may not be apparent to some of you, it is important to understand that there are potentially important reasons <u>not</u> to file a claim.  Primarily, by filing a claim, the claimant (here, the Partnerships) subject themselves to the jurisdiction of the Bankruptcy Court for all Madoff-related matters.  In that Court, there is no right to a jury trial, all cases are heard and decided by the presiding judge, Judge Lifland, and frequently less formal procedures are employed.  Although it is always hard to predict what any judge will do, many bankruptcy lawyers view submission to the jurisdiction of the Bankruptcy Court in this situation as not being in the best interests of, in our case, the Partnerships.  As you know, the Partnerships have been sued by the Trustee for millions of dollars.  <u>If the Partnerships file a claim with the Trustee, they will have agreed to have that multi-million dollar suit heard and decided in the Bankruptcy Court by Judge Lifland rather than the Federal District Court (where it might be heard by a jury).</u>

Moreover, the Partnerships are all net redeemers (in other words, the Partnerships have each taken out more from Madoff than they put in).  In part, that is what the Trustee has alleged in his lawsuit against the Partnerships.  The Trustee has made clear that he does not intend to make any distribution to claimants who are net redeemers.  <u>Thus, it is highly unlikely that the</u>

Los Angeles  New York  Chicago  Nashville  www.loeb.com

A limited liability partnership including professional corporations



Trustee would pay out anything to the Partnerships even if they make a claim. Please understand that the determination of whether a claimant is a net redeemer occurs at the Partnership level. The Trustee has indicated that it is not relevant to his analysis whether an individual investor (or sub-investor) is a net redeemer or not.

We recognize that these matters may not be apparent to many of you, and we also acknowledge that we represent Mr. Chais and that the Partnerships would be well served by advice on this important matter from their own counsel. We are in the process of retaining counsel for that limited purpose and expect that such counsel would be in a position to communicate to you very shortly. As always, you are strongly encouraged to consult your own legal and accounting professionals to determine your own course of conduct.

Circular 230 Disclosure:
To assure compliance with Treasury Department rules governing tax practice, we inform you that any advice contained herein (including in any attachments) (1) was not written and is not intended to be used, and cannot be used, for the purpose of avoiding any federal tax penalty that may be imposed on the taxpayer, and (2) may not be used in connection with promoting, marketing or recommending to another person any transaction or matter addressed herein.

NY771795.1
209169-10001