# EXHIBIT B

# CUSTOMER CLAIM

Claim Number_____

Date Received_____

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

### DECEMBER 11, 2008

(Please print or type)

Name of Customer: Douglas B. Hall & Dael M. Kaufman Trust

Mailing Address: 5321 Via Condesa

City: Tucson                          State: AZ                    Zip: 85718

Account No.: _____

Taxpayer I.D. Number (Social Security No.): _____

**NOTE:** BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY THE ACCOMPANYING INSTRUCTION SHEET. A SEPARATE CLAIM FORM SHOULD BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL PROTECTION AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE RECEIVED BY THE TRUSTEE ON OR BEFORE March 4, 2009. CLAIMS RECEIVED AFTER THAT DATE, BUT ON OR BEFORE July 2, 2009, WILL BE SUBJECT TO DELAYED PROCESSING AND TO BEING SATISFIED ON TERMS LESS FAVORABLE TO THE CLAIMANT. PLEASE SEND YOUR CLAIM FORM BY CERTIFIED MAIL - RETURN RECEIPT REQUESTED.

*************************************************************************

1. Claim for money balances as of **December 11, 2008**:

   a. The Broker owes me a Credit (Cr.) Balance of      $ 0.00

   b. I owe the Broker a Debit (Dr.) Balance of      $ 0.00

   c. If you wish to repay the Debit Balance, please insert the amount you wish to repay and attach a check payable to "Irving H. Picard, Esq., Trustee for Bernard L. Madoff Investment Securities LLC." If you wish to make a payment, **it must be enclosed** with this claim form.      $ 0.00

   d. If balance is zero, insert "None."      None

2.   Claim for securities as of **December 11, 2008**:

**PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.**

|  |  | YES | NO |
|---|---|---|---|
| a. | The Broker owes me securities | ✓ | |
| b. | I owe the Broker securities | | ✓ |

c.   If yes to either, please list below:

| Date of Transaction (trade date) | Name of Security | Number of Shares or Face Amount of Bonds | |
|---|---|---|---|
| | | The Broker Owes Me (Long) | I Owe the Broker (Short) |
| Please see Exhibits A and B. The entity described in Exhibit A | | | |
| is believed to be a customer of BMIS and the party filing this claim | | | |
| thus has an interest in the assets of such an entity and/or a claim | | | |
| in this liquidation process. | | | |

**Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclose, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation. You should also provide all documentation or information regarding any withdrawals you have ever made or payments received from the Debtor.**

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement. If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.

**PLEASE CHECK THE APPROPRIATE ANSWER FOR ITEMS 3 THROUGH 9.**

**NOTE:   IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION ON A SIGNED ATTACHMENT.   IF SUFFICIENT DETAILS ARE NOT PROVIDED, THIS CLAIM FORM WILL BE RETURNED FOR YOUR COMPLETION.**

|  |  | YES | NO |
|---|---|---|---|
| 3. | Has there been any change in your account since December 11, 2008?  If so, please explain. | | ✓ |
| 4. | Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of the broker? | | ✓ |
| 5. | Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or policies of the broker? | | ✓ |
| 6. | Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in any way with the broker?  If so, give name(s) | | ✓ |
| 7. | Is this claim being filed by or on behalf of a broker or dealer or a bank?  If so, provide documentation with respect to each public customer on whose behalf you are claiming. | | ✓ |
| 8. | Have you ever given any discretionary authority to any person to execute securities transactions with or through the broker on your behalf?  Give names, addresses and phone numbers. | | ✓ |
| 9. | Have you or any member of your family ever filed a claim under the Securities Investor Protection Act of 1970?  if so, give name of that broker. | | ✓ |

Please list the full name and address of anyone assisting you in the preparation of this claim form: Leigh Smith, Esq., Milberg LLP, One Pennsylvania Plaza, New York, NY 10119 .

502180406                                    3

If you cannot compute the amount of your claim, you may file an estimated claim. In that case, please indicate your claim is an estimated claim.

IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM. CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.

THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY INFORMATION AND BELIEF.

Date __6/24/09__     Signature _____

Date __6/24/09__     Signature _____

(If ownership of the account is shared, all must sign above. Give each owner's name, address, phone number, and extent of ownership on a signed separate sheet. If other than a personal account, e.g., corporate, trustee, custodian, etc., also state your capacity and authority. Please supply the trust agreement or other proof of authority.)

**This customer claim form must be completed and mailed promptly, together with supporting documentation, etc. to:**

Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

4

# EXHIBIT A

# JAMESON SECURITIES

Statement date:11/01/08

REPORT FOR THE 9 MONTHS ENDING:                09/30/08

## *The Douglas Benjamin Hall & Dael Michelle Kaufman Trust*

Opening capital @                          01/01/08                          $2,545,613.17

Prior Activity

    Withdrawal                                                              (83,242.96)

Current activity

          -None-

Profit to date                                                               388,855.72

Closing capital @                          09/30/08                          $2,851,225.92 *

*Before General Partner share of profit

Prepared by
Frank Mantovani, CPA                          Received:
16255 Ventura Blvd., Suite 840
Encino, CA 91436                              Investment Date:

# JAMESON SECURITIES

Statement date:08/01/08

REPORT FOR THE 6 MONTHS ENDING:                06/30/08

## The Douglas Benjamin Hall & Dael Michelle Kaufman Trust

| | | |
|---|---|---|
| Opening capital @ | 01/01/08 | $2,545,613.17 |
| Prior Activity | | |
| Withdrawal | | (38,798.52) |
| Current activity | | |
| Withdrawal | 5/19/2008 | (30,000.00) |
| Chais % | 5/19/2008 | (11,111.11) |
| Mantovani % | 5/19/2008 | (3,333.33) |
| Profit to date | | 252,571.80 |
| Closing capital @ | 06/30/08 | $2,714,942.00 * |

*Before General Partner share of profit

Prepared by                                    Received:
Frank Mantovani, CPA
16255 Ventura Blvd., Suite 840
Encino, CA 91436                          Investment Date:

# JAMESON SECURITIES

Statement date:05/01/08

REPORT FOR THE 3 MONTHS ENDING:            03/31/08

## The Douglas Benjamin Hall & Dael Michelle Kaufman Trust

| | | |
|---|---|---|
| Opening capital @ | 01/01/08 | $2,545,613.17 |

Current activity

| | | |
|---|---|---|
| Withdrawal | 3/17/2008 | (30,000.00) |
| Chais % | 3/17/2008 | (6,768.09) |
| Mantovani % | 3/17/2008 | (2,030.43) |
| Profit to date | | 118,939.13 |
| Closing capital @ | 03/31/08 | $2,625,753.78 * |

*Before General Partner share of profit

Prepared by
Frank Mantovani, CPA
16530 Ventura Blvd. Suite 611
Encino, CA 91436

Received:

Investment Date:

# EXHIBIT B

## EXHIBIT B

1.      The Claimant is not a direct customer of Bernard L. Madoff Investment Securities

LLC ("BMIS"), but instead is an investor in Jameson Securities, which is believed to be a limited

partner of The Lambeth Company, which is believed to be a customer of BMIS with claims to

securities and other assets of BMIS.  The Claimant believes it has or may have a claim in this

liquidation proceeding and/or rights to all or a portion of the claims of Jameson Securities and/or

The Lambeth Company.

2.      This Claim Form, exhibits, and supporting documentation (collectively "Claim

Form") is submitted pursuant to the December 23, 2008 Order of the Honorable Burton R.

Lifland and the instructions disseminated by Irving H. Picard, Trustee for Bernard L. Madoff

Investment Securities LLC ("Trustee"), on December 11, 2008.

3.      The information provided in the Claim Form is based on information known by

the Claimant as of the date of the submission of the Claim Form.  The Claimant reserves the

right to amend and/or supplement this Claim Form upon the receipt of further information, or

upon request by the Trustee for additional information.

4.      The Claimant reserves the right to amend the Claim Form in the event of any

recoveries by the Trustee or any other party under the avoidance powers of the Bankruptcy Code

or otherwise, or in the event of rejections of executory contracts pursuant to Bankruptcy Code

Section 365, whether such amendments are made pursuant to Bankruptcy Code Sections 105,

502(g), or 502(h), Bankruptcy Rule 3002(c)(3), (4), other provisions of applicable bankruptcy

law, or general principles of law or equity.

5.      The Claimant hereby requests that the Claim Form be considered as a proof of

claim in In re Bernard L. Madoff Investment Securities LLC, No. 08-01789 (Bankr. S.D.N.Y.).

Douglas B. Hall & Dael M. Kaufman Trust

6.      This Claim Form is required to be submitted pursuant to the Court's January 2, 2009 Order and the Trustee's instructions to the Claimant.  To the extent permitted by applicable law, the Claimant does not, by submitting the Claim Form, consent to the jurisdiction of the Bankruptcy Court nor does Claimant waive any right to trial by jury.

7.      The Claimant reserves all rights, claims, and/or defenses as to and/or against any and all parties potentially liable for the losses sustained by the Claimant, including, without limitation, BMIS and its owners, partners, employees, and affiliates, as well as any potentially liable third parties including, without limitation, investment advisors, "feeder funds," accountants, and auditors.

8.      The Claimant further reserves all rights, claims, and/or defenses as to and/or against any persons and/or creditors asserting claims against BMIS, its employees, owners, and/or affiliates, in bankruptcy or otherwise.

9.      The Claimant reserves all objections as to the competence, relevance, materiality, privilege, or admissibility of evidence in any subsequent proceeding or trial of this or any other action for any purpose whatsoever, notwithstanding the submission of any such information to the Trustee.

10.     To the extent the Claimant has disclosed to the Trustee documents containing accounting and/or legal advice, the Claimant does not waive any potential privileges applicable thereto.

11.     The Claimant reserves all rights with respect to submitting information to the Internal Revenue Service regarding gains, losses, and/or theft of assets.

12.     The Claim Form and supporting documents contain confidential information.  The Claimant submits this information to the Trustee subject to the condition that this information

Douglas B. Hall & Dael M. Kaufman Trust

will not to be disclosed to any third parties, other than under seal to the Court, absent the

Claimant's express consent or Court order.

13.    The Claimant submits herewith documents in support of the Claimant's claim.

The Claimant reserves any arguments that such documents are not relevant to the Trustee's

inquiry.  The Claimant further reserves the right to supplement this submission, including the

submission of additional documents, if deemed necessary.  In addition to account statements, the

Claimant herewith submits a copy of a June 4, 2009 memorandum from Frank Mantovani

enclosing a copy of a June 3, 2009 memorandum from Eugene R. Licker to Limited Partners of

Popham, Lambeth and Brighton relating to the issue of whether Stanley Chais intends to file

SIPC claim forms for the Lambeth, Brighton, and Popham partnerships.

Douglas B. Hall & Dael M. Kaufman Trust

# H A L P E R N  &  M A N T O V A N I
## AN ACCOUNTANCY CORPORATION

16255 VENTURA BOULEVARD, SUITE 840
ENCINO, CALIFORNIA 91436

TELEPHONE (818) 385-0111
FACSIMILE (818) 385-0556

# MEMORANDUM

**DATE: June 4, 2009**
**FROM: Frank Mantovani**

## SIPC CLAIMS

Enclosed is a memorandum from Mr. Eugene Licker providing information regarding the status of SIPC claims at the Lambeth, Brighton and Popham partnership levels.

## K-1's AND TAX INFORMATION

I have been diligently attempting for months to obtain from Loeb & Loeb and the accountant preparing K-1's for Lambeth & Popham all of the information necessary for the preparation of the tax returns and K-1's. Early this morning Lambeth & Popham provided Crescent & Marloma with one of the two remaining missing items. Mr. Licker indicated that I should receive the remaining item, corrected non-draft state K-1's, later in the day. I did receive these K-1's early this evening.

I believe that I now have all of the information necessary to complete the tax returns and anticipate mailing out K-1's to partners by June 18.

Thank you in advance for your patience.

Transmit E Lickers Memos to partners 6 4 2009.wpd



A century of adding value.

EUGENE R. LICKER
Partner

345 Park Avenue
New York, NY  10154

Direct  212.407.4157
Main    212.407.4000
Fax     646.219.7454
elicker@loeb.com

# MEMORANDUM
Via E-mail or Facsimile

**Date:**    June 3, 2009

**To:**      Limited Partners of Popham,        **CC:**    Stanley Chais
             Lambeth and Brighton

**From:**    Eugene R. Licker

**Re:**      Requests from Limited Partners

As you know, we represent Stanley Chais in all capacities, including his capacity as General Partner of the above three entities. **As we have in the past, we remind you that Loeb & Loeb LLP represents Mr. Chais and does not represent you. You should seek advice from your own professionals and rely exclusively on that advice and not on what is set forth here.**

Many of you have inquired about whether or not Popham, Lambeth and Brighton (the "Partnerships") intend to file claims with the SIPC Trustee. Some of you have received correspondence from the Trustee indicating that no such claim has been filed to date. The deadline for filing those claims is July 2, 2009, and the Trustee has been clear that there will be no extensions.

Although it may not be apparent to some of you, it is important to understand that there are potentially important reasons **not** to file a claim. Primarily, by filing a claim, the claimant (here, the Partnerships) subject themselves to the jurisdiction of the Bankruptcy Court for all Madoff-related matters. In that Court, there is no right to a jury trial, all cases are heard and decided by the presiding judge, Judge Lifland, and frequently less formal procedures are employed. Although it is always hard to predict what any judge will do, many bankruptcy lawyers view submission to the jurisdiction of the Bankruptcy Court in this situation as not being in the best interests of, in our case, the Partnerships. As you know, the Partnerships have been sued by the Trustee for millions of dollars. **If the Partnerships file a claim with the Trustee, they will have agreed to have that multi-million dollar suit heard and decided in the Bankruptcy Court by Judge Lifland rather than the Federal District Court (where it might be heard by a jury).**

Moreover, the Partnerships are all net redeemers (in other words, the Partnerships have each taken out more from Madoff than they put in). In part, that is what the Trustee has alleged in his lawsuit against the Partnerships. The Trustee has made clear that he does not intend to make any distribution to claimants who are net redeemers. **Thus, it is highly unlikely that the**

Los Angeles  New York  Chicago  Nashville  www.loeb.com

A limited liability partnership including professional corporations



**Trustee would pay out anything to the Partnerships even if they make a claim.** Please understand that the determination of whether a claimant is a net redeemer occurs at the Partnership level. The Trustee has indicated that it is not relevant to his analysis whether an individual investor (or sub-investor) is a net redeemer or not.

We recognize that these matters may not be apparent to many of you, and we also acknowledge that we represent Mr. Chais and that the Partnerships would be well served by advice on this important matter from their own counsel. We are in the process of retaining counsel for that limited purpose and expect that such counsel would be in a position to communicate to you very shortly. As always, you are strongly encouraged to consult your own legal and accounting professionals to determine your own course of conduct.

Circular 230 Disclosure:
To assure compliance with Treasury Department rules governing tax practice, we inform you that any advice contained herein (including in any attachments) (1) was not written and is not intended to be used, and cannot be used, for the purpose of avoiding any federal tax penalty that may be imposed on the taxpayer, and (2) may not be used in connection with promoting, marketing or recommending to another person any transaction or matter addressed herein.

NY771795.1
209169-10001