WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP
Eric B. Levine
Demet Basar
270 Madison Avenue
New York, New York 10016
(212) 545-4600

*Attorneys for Nephrology Associates P.C. Pension Plan*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | |
| Plaintiff, | Adv. Pro. No. 08-01789 (BRL) |
| v. | SIPA Liquidation |
| BERNARD L. MADOFF INVESTMENT SECURITIES, | |
| Defendants. | |

## OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM

Nephrology Associates P.C. Pension Plan (the "Pension Plan"), by and through its attorneys, hereby objects to the denial by Irving H. Picard (the "Trustee") of the Pension Plan's Claim No. 5987 and requests that the Trustee's determination be reversed for the reasons set forth below.

## BACKGROUND

1. Pursuant to this Court's December 23, 2008 Order (the "Order"), the Pension Plan timely filed a Notice of Claim with the Trustee on or about March 2, 2008. *See* Ex. A. (The March 2, 2008 Notice of Claim corrected a clerical error in the Pension Plan's earlier-filed claim.)

2.     The Pension Plan received a notice dated December 8, 2009 (the "Notice") from the Trustee stating that its Claim No. 5987[1] for payment under SIPA was denied.  *See* Ex. B. The reason given for the denial is that the Pension Plan's account purportedly did not appear on the books and records of Bernard L. Madoff Investment Securities LLC ("BLMIS") and therefore the Pension Plan was not a "customer" of BLMIS under the Securities Investor Protection Act, 15 U.S.C.§78aaa et seq. ("SIPA").

3.     Even if the Pension Plan's account did not appear on BLMIS' books and records, however, the material submitted by the Pension Plan in support of its claim (*see* Ex. A) – namely, a November 30, 2008 BLMIS statement for account number 1CM135 in the name of the Pension Plan – clearly establishes that the Pension Plan did have an account with and was a customer of BLMIS.  Consequently, the Trustee's determination denying the Pension Plan's claim was incorrect.

---

[1] The Trustee apparently assigned three separate claim numbers to the SIPA claim submitted by the Pension Plan.  The Pension Plan received the Notice, which pertains only to Claim No. 5987.  The other two claim numbers, Claim Nos. 4037 and 5988, are referenced in an August 28, 2009 letter from Alix Partners LLC (the "Alix Partners Letter"), the claims agent retained by the Trustee, to the Pension Plan requesting additional information regarding "your BLMIS account," which is specifically identified as the Pension Plan's BLMIS  account number 1CM135.  *See* Ex. C.  While the Pension Plan has not received a notice of the Trustee's determination regarding Claim Nos. 4037 and 5988, to the extent those claims may also be denied, the arguments herein apply equally to such claims, and the Pension Plan reserves and does not waive any rights with respect to those claims.  Further, Dr. Chaim Charytan and Margaret Charytan (the "Charytans"), the trustees of the Pension Plan, have submitted SIPA claims in connection with several other accounts at BLMIS, including the Charytan Family C&M Partnership.  No notices have been received on those claims.  (The Charytans do not know the claim numbers assigned by the Trustee to those claims.)  The claims were submitted on behalf of one or more of the following BLMIS account numbers: 1CM134, 1CM295, 1CM033, 1CM030, 1CM031, and 1CM032.  The Charytans, on behalf of such other accountholders, reserve and do not waive any rights with respect to the claims submitted in connection with those accounts.

<u>**ARGUMENT**</u>

4.      According to both SIPA and the Order, a SIPA claim should be granted if the account appears on the Debtor's books and records *or* if the claimant can otherwise establish his claim to the satisfaction of the Trustee.  15 U.S.C. §78fff-2(b); Dkt. #12.  The Order provides:

> ORDERED, that the Trustee be, and he hereby is, authorized to satisfy, within the limits provided by SIPA, those portions of any and all customer claims and accounts which agree with the Debtor's books and records, *or are otherwise established* to the satisfaction of the Trustee pursuant to 15 U.S.C. §78fff-2(b), provided that the Trustee believes that no reason exists for not satisfying such claims and accounts;

Dkt. #12 (emphasis added).

5.      Contrary to the express terms of SIPA and the Order, the Trustee denied the Pension Plan's claim solely on the ground that, based on "a review of available books and records of BLMIS by the Trustee's staff, you did not have an account with BLMIS," and, consequently, "you are not a customer of BLMIS under SIPA …."  Ex. B.  In other words, the Trustee, in contravention of SIPA and the Order, admittedly considered only the first prong of the test for SIPA eligibility, whether a claim or account agrees with the Debtor's books and records, but not the second prong of the test, whether the claim or account is "otherwise established" under SIPA.

6.      By failing to consider the information submitted by the Pension Plan in support of its claim, and relying solely on what is purportedly in the books and records of BLMIS – a company which operated the largest Ponzi scheme in history and whose books and records clearly cannot be trusted – the Trustee has not complied with either SIPA or the Order.

7.      Under SIPA, the term "customer" is defined in relevant part as follows:

> The term "customer" of a debtor means any person (including any person with whom the debtor deals as principal or agent) who has a

> claim on account of securities received, acquired, or held by the
> debtor in the ordinary course of its business as a broker or dealer
> from or for the securities accounts of such person for safekeeping,
> with a view to sale, to cover consummated sales, pursuant to
> purchases, as collateral security, or for purposes of effecting
> transfer. The term "customer" includes any person who has a claim
> against the debtor arising out of sales or conversions of such
> securities, and any person who has deposited cash with the debtor
> for the purpose of purchasing securities ….

15 U.S.C. §78111(2).

8.      The Pension Plan is a customer of BLMIS, because, among other things, it has

shown that it "deposited cash with the debtor for the purpose of purchasing securities." *See In re

Old Naples Sec., Inc.*, 218 B.R. 981, 985 (Bankr. M.D. Fla. 1998) (quoting *In re ESM Gov't Sec.,

Inc.*, 812 F.2d 1374, 1376 (11th Cir. 1987).   The Pension Plan's claim form establishes that it

held an account with BLMIS for that very purpose, and that the account purportedly was used to

purchase securities.  Ex. A.  The claim form was accompanied by a copy of an account statement

the Pension Plan received from BLMIS, dated November 30, 2008, which is printed on BLMIS

stationary and clearly denotes the Pension Plan's account number, 1CM135, and the name of the

Pension Plan.  *Id.*  The account statement also lists the Pension Plan's purported securities

holdings, as well as their cash value.  *Id.*

9.      In further support of the Pension Plan's claim, attached hereto is a sampling of

BLMIS year-end account statements for 1997 through 2007, which are all addressed to the

Pension Plan, list the same account number and are printed on the same BLMIS stationary.  *See

Ex. D.*[2]  These account statements[3] alone are sufficient to demonstrate the Pension Plan's

---

[2] In addition, the Alix Partners Letter, which is addressed to the Pension Plan, requests "additional
information regarding *your* BLMIS account … in order to properly process your customer claim," and
(continued…)

entitlement to payment under SIPA because, even assuming there is no evidence of the account in BLMIS' books and records, they "otherwise establish" that the Pension Plan had an account with BLMIS.

10.    Moreover, there are additional Pension Plan and BLMIS documents that indisputably demonstrate that the Pension Plan transferred funds to BLMIS in order to purchase securities for its account.  Attached as Exhibit E are copies of a number of wire transfers from the Pension Plan's bank account that are payable to BLMIS.  Exhibit F, in turn, is comprised of copies of receipts that BLMIS sent to the Pension Plan to confirm its receipt and deposit of these wire transfers into the Pension Plan's account number 1CM135 at BLMIS, including one deposit as recently as November 12, 2008.

11.    These items prove that the Pension Plan sent funds to BLMIS, which BLMIS received, for the express purpose of purchasing securities for its account, and, when viewed together with the account statements, conclusively establish the Pension Plan's status as a customer of BLMIS for the purposes of SIPA.  15 U.S.C §78lll(2); *In re Old Naples Sec., Inc.*, 218 B.R. at 985 (overturning a trustee's denial of SIPA claims because there was sufficient evidence that claimants were customers).[4]

_____

(…continued)

identifies the Pension Plan's account number (Ex. C), which is an express acknowledgement by the Trustee that the Pension Plan in fact did have an account with BLMIS.

[3] The BLMIS statements for the Pension Plan's account and the related documents referenced herein are being submitted to the Court in redacted form to protect the confidential information reflected on the documents.  The Pension Plan stands ready to provide the unredacted documents to the Court with appropriate protections as the Court may direct.

[4] *In re Old Naples* also provides that in order to be considered a customer, the securities transaction must contain the "'indicia of the usual fiduciary relationship between a broker and its public customer' and not merely the characteristics of a debtor-creditor relationship."  *In re Old Naples*, 218 B.R. at 986. Here, (continued…)

12.     The Pension Plan hereby reserves the right to amend or supplement this

Objection, and any failure to object on a particular procedural or substantive ground shall not be

deemed a waiver of any such rights.  Moreover, to the extent applicable, the Pension Plan joins

in the objections of all other claimants in a similar position.

## <u>CONCLUSION</u>

For the foregoing reasons, the Pension Plan has established its entitlement to a

distribution from the fund as an accountholder and customer of BLMIS, and the Trustee's denial

of its SIPA claim should be reversed.

Dated: January 7, 2010                    **WOLF HALDENSTEIN ADLER**
                                          **FREEMAN & HERZ LLP**

                                          /s/  Eric B. Levine
                                          Eric B. Levine
                                          Demet Basar
                                          270 Madison Avenue
                                          New York, New York 10016
                                          Tel:  (212) 545-4600
                                          Fax:  (212) 545-4677
                                          email:  basar@whafh.com

/566701

------------------------

(…continued)

because the Pension Plan deposited funds into its account for the purpose of purchasing securities, a
fiduciary relationship existed between BLMIS, as the broker, and the Pension Plan, as the customer.  *See
id.* (finding that the "usual fiduciary relationship" between a broker and its customer was created by virtue
of purchasing securities for claimants' accounts).