**MORRISON COHEN LLP**
909 Third Avenue
New York, New York 10022
(212) 735-8600
Joseph T. Moldovan
Michael R. Dal Lago

*Attorneys for Objecting Claimants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x

SECURITIES INVESTOR PROTECTION
CORPORATION,

           *Plaintiff,*

v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

           *Defendant.*

---------------------------------------------------------- x

Hearing Date:    TBD
Objection Deadline:  January 7, 2010

Adv. Pro. No. 08-01789-BRL

SIPA Liquidation

## OBJECTION AND A JOINDER TO OTHER OBJECTIONS BY VARIOUS CLAIMANTS TO TRUSTEE'S DETERMINATION OF CLAIMS

The various entities identified on Exhibit A hereto ("Claimants"),[1] by and through their undersigned counsel, hereby submit this written opposition and objection ("Objection") to the determinations by Irving Picard, as trustee ("Trustee"), denying their claims by notices dated December 8, 2009 ("Determination Notices"), and respectfully represent and set forth as follows:

## BACKGROUND

1.     As set forth more fully in the customer claims and proofs of claims attached hereto as Exhibit B through Exhibit G (collectively, the "Customer Claims"), each of the Claimants deposited cash with Fairfield Sentry Ltd. ("Fairfield"). The Claimants' deposits with

---

[1] The objections of the Claimants are filed in this consolidated objection for purposes of efficiency and the convenience of the Court and all parties in interest.

#2067944 v1 \016475 \0001

Fairfield were then deposited with Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Madoff") to purchase various securities.

2.    On December 11, 2008, the above-captioned liquidation proceeding was commenced against BLMIS pursuant to the Securities Investor Protection Act of 1970 ("SIPA"). On December 15, 2008, jurisdiction of this matter was transferred to the United States Bankruptcy Court for the Southern District of New York and Irving Picard was appointed as Trustee under SIPA. Pursuant to SIPA, the Trustee was directed to oversee the liquidation of the assets of BLMIS and to process all claims against BLMIS in accordance with SIPA.

3.    On December 23, 2008, the Court entered an order ("Procedures Order") establishing various procedures for the filing and determination of customer claims. Docket No. 12. If the Trustee denied a claim, the Procedures Order directed the Trustee to "notify such claimant by mail of his determination that the claim is disallowed, in whole or in part, and the reason therefore . . . ." *Id.* at 6.

4.    Prior to the claims bar date, each of the Claimants timely filed the Customer Claims pursuant to the Procedures Order. The Customer Claims filed by the Claimants are summarized in the table attached hereto as Exhibit A, which identifies each claimant's name, the claim number assigned by the Trustee, and total amount of investment with BLMIS through Fairfield.

5.    Each of the Customer Claims were denied by letters dated December 8, 2009. In the Determination Notices, the Trustee formally notified the Claimants that their claims had been disallowed, summarily stating:

> Based on a review of available books and records of BLMIS by the Trustee's staff, you did not have an account with BLMIS. Because you did not have an account, you are not a customer of BLMIS under SIPA, as that term is defined at 15 U.S.C. § *78lll* (2).

Accordingly, your Claim for securities and/or a credit balance is DENIED."

## ARGUMENT

I.    EACH OF THE CLAIMANTS IS A "CUSTOMER" UNDER THE PLAIN LANGUAGE OF SIPA.

6.    Contrary to the position of the Trustee, each of the Claimants is a "customer" of BLMIS under the plain meaning of SIPA. The Trustee's assertion that each of the Claimants must have had a specifically identifiable account recorded among BLMIS's "available books and records" has no statutory basis in SIPA and creates an illogical distinction between investors who had accounts directly with Madoff and investors who invested by means of intermediaries. Each investor who invested in Madoff, whether directly or indirectly, constitutes a "customer" under the plain reading of SIPA. Accordingly, each of the Claimants is entitled to receive up to $500,000 in SIPC insurance. 15 U.S.C. § 78fff-3(a).

7.    The statutory definition of customer is set forth in SIPA as:

> The term "customer" of a debtor means *any person* (including any person with whom the debtor deals as a principal or agent) *who has a claim on account of securities* received, acquired, or held by the debtor in the ordinary course of its business as a broker or dealer from or for the securities accounts of such persons for safekeeping, with a view to sale, to cover consummated sales, pursuant to purchases, as collateral security, or for purposes of effecting transfer. The term "customer" includes *any person who has a claim against the debtor arising out of sales or conversions of such securities*, and any person who has deposited cash with the debtor for purposes of purchasing such securities, but does not include
>
> (a) any person to the extent that the claim of such person arises out of transactions with a foreign subsidiary of a member of SIPC; or
>
> (b) any person to the extent that such a person has a claim for cash or securities which by contract, agreement, or understanding, or operation of law, is part of the capital of the debtor, or is subordinated to the claims of any or all

creditors of the debtor, notwithstanding that some ground exists for declaring such contract, agreement, or understanding void or voidable in a suit between the claimant and the debtor.

15 U.S.C. § 78111(2) (emphasis added).

8.     The broad statutory definition of customer does not require the claimant to have an account directly with the broker or dealer. Instead, SIPA only requires that the claimant's claim be "on account of securities," "arise out of" sales or conversions of securities, or result from depositing cash with the debtor for the purpose of purchasing securities. The statute in no way mandates that the claimant directly deal with, or deposit cash directly with, the debtor, nor does the statute require (as the Trustee asserts) that the broker or dealer establish an "account" for the claimant. *See In re Primeline Sec. Corp.*, 295 F.3d 1100, 1107 (10th Cir. 2002) ("Whether a claimant deposited funds 'with the debtor' does not depend simply on to whom claimants made their checks payable. The relevant inquiry is whether the brokerage firm actually received, acquired or possessed Claimants' property.") (citing *In re Old Naples*, 223 F.3d 1296 (11th Cir. 2000)); *S.E.C. v. Ambassador Church Fin. Dev. Group, Inc.*, 679 F.2d 608, 614 (6th Cir. 1982) ("[T]he mere act of entrusting . . . cash to the debtor for the purpose of effecting securities transactions . . . triggers customer status . . . .").

9.     The statute also provides that "any person who has a claim against the debtor arising out of sales or conversions" of securities is entitled to customer status. 15 U.S.C. § 78111(2). This broad language does not limit the protected claimants to those who directly dealt with the debtor, but affords protection to the broadest extent possible by using the phrase "arising out of sales or conversions." *See, e.g., In re Stratton Oakmont, Inc.*, 2003 WL 22698876, at *3 (S.D.N.Y. Nov. 14, 2003) (holding that the debtor's conversion of the claimant's property brings the claimant within the SIPA definition of "customer"). It cannot be disputed that BLMIS

converted the Claimants' property, which was funneled to BLMIS through Fairfield. Accordingly, the Claimants are entitled to protection as customers under SIPA.

## II.    SIPA EXPRESSLY AFFORDS PROTECTION TO INDIRECT INVESTORS.

10.    SIPA expressly contemplates indirect investors as customers protected by the statute. Specifically, section 78fff-3(a)(5) provides that:

> no advance shall be made by SIPC to the trustee to pay or otherwise satisfy any net equity claim of any customer who is a broker or dealer or bank, *other than* to the extent that it shall be established . . . that the net equity claim of such broker or dealer or bank against the debtor arose out of transactions for customers of such broker or dealer or bank (which customers are not themselves a broker or dealer or bank or a person described in paragraph (4)), *in which event each such customer of such broker or dealer or bank shall be deemed a separate customer of the debtor.*

15 U.S.C. § 78fff-3(a)(5) (emphasis added). Under this provision, Congress provided that brokers, dealers, and banks are not themselves entitled to protection under SIPA. Recognizing the existence of indirect customers, Congress removed the possibility that indirect customers would be left unprotected by SIPA by means of the express exclusion of broker, dealers, and banks. *See In re First State Sec. Corp.*, 34 B.R. 492, 495-96 (Bankr. S.D. Fla. 1980) ("There is nothing in SIPA which suggests that coverage should be denied merely because the debtor used the facilities of another innocent broker in converting its customer's property."). Implicit in this provision is that indirect investors are presumed to be customers under SIPA.

## III.    TO THE EXTENT THE STATUTE IS AMBIGUOUS, SIPA SHOULD BE BROADLY CONSTRUED TO PROTECT THE CLAIMANTS.

11.    Furthermore, to the extent that the definition of "customer" may be considered ambiguous (which it is not), the statute should be broadly construed to protect the Claimants. *Id.* at 496 ("SIPA is remedial legislation. As such it should be construed liberally to effect its purpose.") (citing *Tcherepnin v. Knight*, 389 U.S. 332, 336 (1967)).

## JOINDER

Numerous objections have been filed on the same issue set forth above. To the extent applicable, the Claimants adopt by reference the arguments of other claimants as if set forth in full herein.

## NOTICE

Notice of this objection has been provided to Irving H. Picard, trustee for the liquidation of the business of Bernard L. Madoff Investment Securities, LLC.

## NO PRIOR RELIEF

The relief requested by the Claimants in this Objection has not been sought previously in this or any other court.

WHEREFORE, the Claimants respectfully request that this Court deem the Customer Claims filed by the Claimants allowed in full and grant such further relief as is just and proper.

Dated: January 7, 2010
New York, New York

MORRISON COHEN LLP


*/s/ Michael R. Dal Lago*
Joseph T. Moldovan
Michael R. Dal Lago
909 Third Avenue
New York, New York 10022
(212) 735-8600

*Attorneys for Objecting Claimants*

**EXHIBIT A**

| Claimant | Claim Number | Claim Amount |
|---|---|---|
| Maitland Trustees Limited-Task EBT | 100250 | $375,000.00 |
| Maitland Trustees Limited-Task EBT | 013517 | $375,000.00 |
| Maitland Trustees Ltd.-Tigine Trust | 100249 | $250,000.00 |
| Maitland Trustees Ltd.-Tigine Trust | 013518 | $250,000.00 |
| Brenthurst Absolute Return Fund | 100318 | $10,000,000.00 |
| Brenthurst Absolute Return Fund | 015258 | $10,000,000.00 |

# EXHIBIT B

# FILE COPY

## CUSTOMER CLAIM

Claim Number_____

Date Received_____

**BERNARD L. MADOFF INVESTMENT SECURITIES LLC**

RECEIVED

JUN 3 0 2009

In Liquidation

### DECEMBER 11, 2008

(Please print or type)

Name of Customer: _____ MAITLAND TRUSTEES LIMITED-TASK EBT_____

Mailing Address: ___C/O MICHAEL R. DAL LAGO, MORRISON COHEN LLP, 909 THIRD AVENUE___

City: __NEW YORK_____ State: __NY_____ Zip: __10022___

Account No.: _____

Taxpayer I.D. Number (Social Security No.): _____

**NOTE:** BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY THE ACCOMPANYING INSTRUCTION SHEET. A SEPARATE CLAIM FORM SHOULD BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL PROTECTION AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE RECEIVED BY THE TRUSTEE ON OR BEFORE March 4, 2009. CLAIMS RECEIVED AFTER THAT DATE, BUT ON OR BEFORE July 2, 2009, WILL BE SUBJECT TO DELAYED PROCESSING AND TO BEING SATISFIED ON TERMS LESS FAVORABLE TO THE CLAIMANT. PLEASE SEND YOUR CLAIM FORM BY CERTIFIED MAIL - RETURN RECEIPT REQUESTED.

*********************************************************************

1.  Claim for money balances as of **December 11, 2008**:

    a.  The Broker owes me a Credit (Cr.) Balance of       $ 375,000_____

    b.  I owe the Broker a Debit (Dr.) Balance of          $_____

    c.  If you wish to repay the Debit Balance,

        please insert the amount you wish to repay and

        attach a check payable to "Irving H. Picard, Esq.,

        Trustee for Bernard L. Madoff Investment Securities LLC."

        If you wish to make a payment, **it must be enclosed**

        with this claim form.                              $   N/A_____

    d.  If balance is zero, insert "None."                    $375,000_____

2.        Claim for securities as of **December 11, 2008**:

**PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.**

|   |   | YES | NO |
|---|---|-----|-----|
| a. | The Broker owes me securities | | NO |
| b. | I owe the Broker securities | | NO |
| c. | If yes to either, please list below: | | |

|   |   | Number of Shares or Face Amount of Bonds | |
|---|---|---|---|
| Date of Transaction (trade date) | Name of Security | The Broker Owes Me (Long) | I Owe the Broker (Short) |
| ‾‾‾‾‾ | ‾‾‾‾‾‾‾‾‾‾ | ‾‾‾ | ‾‾‾ |
| ‾‾‾‾‾ | ‾‾‾‾‾‾‾‾‾‾ | ‾‾‾ | ‾‾‾ |
| ‾‾‾‾‾ | ‾‾‾‾‾‾‾‾‾‾ | ‾‾‾ | ‾‾‾ |
| ‾‾‾‾‾ | ‾‾‾‾‾‾‾‾‾‾ | ‾‾‾ | ‾‾‾ |
| ‾‾‾‾‾ | ‾‾‾‾‾‾‾‾‾‾ | ‾‾‾ | ‾‾‾ |

**Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclose, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation.  You should also provide all documentation or information regarding any withdrawals you have ever made or payments received from the Debtor.**

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement.  If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.
**PLEASE CHECK THE APPROPRIATE ANSWER FOR ITEMS 3 THROUGH 9.**

NOTE:   IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION
ON A SIGNED ATTACHMENT.   IF SUFFICIENT DETAILS ARE NOT
PROVIDED, THIS CLAIM FORM WILL BE RETURNED FOR YOUR
COMPLETION.

|  |  | <u>YES</u> | <u>NO</u> |
|---|---|---|---|
| 3. | Has there been any change in your account since December 11, 2008? If so, please explain. | | NO |
| 4. | Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of the broker? | | NO |
| 5. | Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or policies of the broker? | | NO |
| 6. | Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in any way with the broker? If so, give name(s) | | NO |
| 7. | Is this claim being filed by or on behalf of a broker or dealer or a bank? If so, provide documentation with respect to each public customer on whose behalf you are claiming. | | NO |
| 8. | Have you ever given any discretionary authority to any person to execute securities transactions with or through the broker on your behalf? Give names, addresses and phone numbers. | | NO |
| 9. | Have you or any member of your family ever filed a claim under the Securities Investor Protection Act of 1970? If so, give name of that broker. | | NO |

Please list the full name and address of anyone assisting you in the preparation of this claim form: MICHAEL R. DAL LAGO OF MORRISON COHEN LLP
909 THIRD AVENUE, NEW YORK, NY 10022

502180406                                    3

If you cannot compute the amount of your claim, you may file an estimated claim. In that case, please indicate your claim is an estimated claim.

**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM. CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.**

**THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY INFORMATION AND BELIEF.**

Date ___26|6|09___    Signature___R. A. Cannell___

Date _____    Signature_____

FOR AND ON BEHALF OF MAITLAND TRUSTEES LIMITED

(If ownership of the account is shared, all must sign above. Give each owner's name, address, phone number, and extent of ownership on a signed separate sheet. If other than a personal account, e.g., corporate, trustee, custodian, etc., also state your capacity and authority. Please supply the trust agreement or other proof of authority.)

**This customer claim form must be completed and mailed promptly, together with supporting documentation, etc. to:**

Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

502180406                                    4

## RIDER TO MAITLAND TRUSTEES LIMITED-TASK EBT'S PROOF OF CLAIM AND CUSTOMER CLAIM AGAINST BERNARD L. MADOFF INVESTMENT SECURITIES LLC

Maitland Trustees Limited-TASK EBT ("TASK EBT") submits this rider in further support of its proof of claim and customer claim against Bernard L. Madoff Investment Securities LLC ("Debtor"). TASK EBT was an indirect investor in the Debtor. Specifically, TASK EBT was an investor in Fairfield Sentry Ltd. ("Fairfield") which, in turn, invested TASK EBT's investment into Bernard L. Madoff Investment Securities LLC. Based on the statements that have been issued by Irving H. Picard, Esq., the Trustee for the Debtor, concerning these types of investments, TASK EBT is submitting its proof of claim and customer claim against the Debtor for the money that was initially invested with Fairfield and ultimately invested with the Debtor. TASK EBT is filing this proof of claim and customer claim for recovery of the same amount. By doing so, TASK EBT does not seek duplicative recovery from the Debtor and Securities Investor Protection Corporation ("SIPC"), but rather, does so out of an abundance of caution to protect its interests in recovering proceeds for its losses as a customer of Debtor.

TASK EBT also asserts the following additional claims, to the extent that such claims exist: (a) contingent claims, and (b) claims which may be presently in amounts not fully ascertainable, but to be later provided if such claims are estimated and/or liquidated.

**NOTE:** TASK EBT reserves the right to amend and supplement its proof of claim, customer claim and/or to file additional proofs of claim for any additional claims. The filing of its proof of claim and customer claim are not intended to be, and shall not be construed as, (a) an election of remedy, (b) a waiver or limitation of any rights of TASK EBT, (c) a consent to the determination of the any issues relating to TASK EBT, the Debtor and SIPC by any particular court, including, but not limited to, the Bankruptcy Court, and (d) a consent to the jurisdiction or venue of any particular court, including, but not limited to, the Bankruptcy Court. TASK EBT reserves its setoff and recoupment rights to the extent permitted by applicable law.

**EXHIBIT C**

# FILE COPY

## PROOF OF CLAIM

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF NEW YORK

IN RE              )    Adv. Proc. No. 08-01789-BRL
                   )

**RECEIVED**

**JUN 3 0 2009**

BERNARD L. MADOFF   )
INVESTMENT SECURITIES LLC,   )    Amount of Claim $375,000
                 )
                 )    Claimed As:  [X]General Unsecured
     Debtor.         )             [ ] Priority (see Paragraph 10)
                 )             [ ] Secured (see Paragraph 9)
                 )

1.    Name of Creditor
     (Print or Type):    Maitland Trustees Limited-TASK EBT

     Mailing Address:    c/o Michael R. Dal Lago, Esq., Morrison Cohen LLP

                   909 Third Avenue

                   City _New York_     State _NY_   Zip Code: _10022_

2.    The debtor was, at the time of the filing of the petition initiating this case, and still is indebted (or liable) to this claimant in the sum of _$375,000_

3.    The consideration for this debt (or ground of liability) is as follows: money invested into Fairfield Sentry Ltd. which, in turn, was invested into Bernard L. Madoff Investment Securities LLC, excluding any alleged fictitious profits.

4.    (If the claim is founded on writing.) The writing on which this claim is founded (or a duplicate thereof) is attached hereto (or cannot be attached for the reason set forth in the following statement).

#1754667 v1 \099998 \0057

5.  (If appropriate,) This claim is founded on an open account, which became (or will become) due on _____, as shown by the itemized statement attached hereto. Unless it is attached hereto or its absence is explained in an attached statement, no note or other negotiable instrument has been received for the account or any part of it.

PROOF OF CLAIM                 )        CLAIM NUMBER
                              )

6.  No judgment has been rendered on the claim except: N/A

7.  The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. YES

8.  This claim is not subject to any set-off or counterclaim except: N/A

9.  No security interest is held for this claim except: N/A

    **(If security interest in property of the debtor is claimed)** The undersigned claims the security interest under the writing referred to in paragraph 4 hereof. Evidence of perfection of such security interest is also attached hereto.

10. This claim is an unsecured claim, except to the extent that the security interest, if any, described in paragraph 9 is sufficient to satisfy the claim. **It is not entitled to priority unless the reason for priority and the amount claimed as priority is set forth below.**

11.   If claimant has obtained this claim by assignment, a copy or explanation of said
assignment is attached hereto.

Name of Creditor (PRINT OR TYPE) _Maitland Trustees Limited-TASK EBT_

Signature: _____

Title (Corporate Officer, Partner, or Agent: _AUTHORISED SIGNATORIES_

**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM.
CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR
IMPRISONMENT FOR NOT MORE THAN 5 YEARS OR BOTH.**

## RIDER TO MAITLAND TRUSTEES LIMITED-TASK EBT'S
## PROOF OF CLAIM AND CUSTOMER CLAIM AGAINST
## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

Maitland Trustees Limited-TASK EBT ("TASK EBT") submits this rider in further support of its proof of claim and customer claim against Bernard L. Madoff Investment Securities LLC ("Debtor"). TASK EBT was an indirect investor in the Debtor. Specifically, TASK EBT was an investor in Fairfield Sentry Ltd. ("Fairfield") which, in turn, invested TASK EBT's investment into Bernard L. Madoff Investment Securities LLC. Based on the statements that have been issued by Irving H. Picard, Esq., the Trustee for the Debtor, concerning these types of investments, TASK EBT is submitting its proof of claim and customer claim against the Debtor for the money that was initially invested with Fairfield and ultimately invested with the Debtor. TASK EBT is filing this proof of claim and customer claim for recovery of the same amount. By doing so, TASK EBT does not seek duplicative recovery from the Debtor and Securities Investor Protection Corporation ("SIPC"), but rather, does so out of an abundance of caution to protect its interests in recovering proceeds for its losses as a customer of Debtor.

TASK EBT also asserts the following additional claims, to the extent that such claims exist: (a) contingent claims, and (b) claims which may be presently in amounts not fully ascertainable, but to be later provided if such claims are estimated and/or liquidated.

NOTE: TASK EBT reserves the right to amend and supplement its proof of claim, customer claim and/or to file additional proofs of claim for any additional claims. The filing of its proof of claim and customer claim are not intended to be, and shall not be construed as, (a) an election of remedy, (b) a waiver or limitation of any rights of TASK EBT, (c) a consent to the determination of the any issues relating to TASK EBT, the Debtor and SIPC by any particular court, including, but not limited to, the Bankruptcy Court, and (d) a consent to the jurisdiction or venue of any particular court, including, but not limited to, the Bankruptcy Court. TASK EBT reserves its setoff and recoupment rights to the extent permitted by applicable law.

#1754736 v1 \099998 \0057

**EXHIBIT D**

FILE COPY

## CUSTOMER CLAIM

Claim Number_____

Date Received_____

### BERNARD L. MADOFF INVESTMENT SECURITIES LLC

**RECEIVED**

In Liquidation

**JUN 3 0 2009**

### DECEMBER 11, 2008

(Please print or type)

Name of Customer: MAITLAND TRUSTEES LTD.-TIGINE TRUST
Mailing Address: C/O MICHAEL R. DAL LAGO, MORRISON COHEN LLP, 909 THIRD AVENUE
City: NEW YORK                     State: NY          Zip: 10022
Account No.: See attached Rider
Taxpayer I.D. Number (Social Security No.): _____

NOTE:    BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY
THE ACCOMPANYING INSTRUCTION SHEET. A SEPARATE CLAIM FORM
SHOULD BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL
PROTECTION AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE
RECEIVED BY THE TRUSTEE ON OR BEFORE March 4, 2009. CLAIMS
RECEIVED AFTER THAT DATE, BUT ON OR BEFORE July 2, 2009, WILL BE
SUBJECT TO DELAYED PROCESSING AND TO BEING SATISFIED ON TERMS
LESS FAVORABLE TO THE CLAIMANT. PLEASE SEND YOUR CLAIM FORM BY
CERTIFIED MAIL - RETURN RECEIPT REQUESTED.

**********************************************************************

1.    Claim for money balances as of **December 11, 2008**:

    a.    The Broker owes me a Credit (Cr.) Balance of        $ 250,000

    b.    I owe the Broker a Debit (Dr.) Balance of           $_____

    c.    If you wish to repay the Debit Balance,

        please insert the amount you wish to repay and

        attach a check payable to "Irving H. Picard, Esq.,

        Trustee for Bernard L. Madoff Investment Securities LLC."

        If you wish to make a payment, **it must be enclosed**

        with this claim form.                              $ N/A

    d.    If balance is zero, insert "None."                  $250,000

502180406                                    1

**NOTE:** **IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION ON A SIGNED ATTACHMENT. IF SUFFICIENT DETAILS ARE NOT PROVIDED, THIS CLAIM FORM WILL BE RETURNED FOR YOUR COMPLETION.**

|  |  | <u>YES</u> | <u>NO</u> |
|---|---|---|---|
| 3. | Has there been any change in your account since December 11, 2008? If so, please explain. | | NO |
| 4. | Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of the broker? | | NO |
| 5. | Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or policies of the broker? | | NO |
| 6. | Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in any way with the broker? If so, give name(s) | | NO |
| 7. | Is this claim being filed by or on behalf of a broker or dealer or a bank? If so, provide documentation with respect to each public customer on whose behalf you are claiming. | | NO |
| 8. | Have you ever given any discretionary authority to any person to execute securities transactions with or through the broker on your behalf? Give names, addresses and phone numbers. | | NO |
| 9. | Have you or any member of your family ever filed a claim under the Securities Investor Protection Act of 1970? If so, give name of that broker. | | NO |

Please list the full name and address of anyone assisting you in the preparation of this claim form: MICHAEL R. DAL LAGO OF MORRISON COHEN LLP
909 THIRD AVENUE, NEW YORK, NY 10022

2.      Claim for securities as of **December 11, 2008:**

**PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.**

|  |  | YES | NO |
|---|---|---|---|
| a. | The Broker owes me securities | | NO |
| b. | I owe the Broker securities | | NO |

c.      If yes to either, please list below:

| Date of Transaction (trade date) | Name of Security | The Broker Owes Me (Long) | I Owe the Broker (Short) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

*Number of Shares or Face Amount of Bonds*

**Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclose, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation. You should also provide all documentation or information regarding any withdrawals you have ever made or payments received from the Debtor.**

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement. If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.
**PLEASE CHECK THE APPROPRIATE ANSWER FOR ITEMS 3 THROUGH 9.**

If you cannot compute the amount of your claim, you may file an estimated claim.  In that case, please indicate your claim is an estimated claim.

**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM. CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.**

**THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY INFORMATION AND BELIEF.**

Date ___26/6/09___          Signature_____

Date _____          Signature_____

FOR AND ON BEHALF OF MAITLAND TRUSTEES LIMITED
(If ownership of the account is shared, all must sign above.  Give each owner's name, address, phone number, and extent of ownership on a signed separate sheet.  If other than a personal account, *e.g.*, corporate, trustee, custodian, etc., also state your capacity and authority.  Please supply the trust agreement or other proof of authority.)

**This customer claim form must be completed and mailed promptly, together with supporting documentation, etc. to:**

Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

502180406                                    4

## RIDER TO MAITLAND TRUSTEES LTD.-TIGINE TRUST'S
## PROOF OF CLAIM AND CUSTOMER CLAIM AGAINST
## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

Maitland Trustees Ltd.-Tigine Trust ("Tigine Trust") submits this rider in further support of its proof of claim and customer claim against Bernard L. Madoff Investment Securities LLC ("Debtor"). Tigine Trust was an indirect investor in the Debtor. Specifically, Tigine Trust was an investor in Fairfield Sentry Ltd. ("Fairfield") which, in turn, invested Tigine Trust's investment into Bernard L. Madoff Investment Securities LLC. Based on the statements that have been issued by Irving H. Picard, Esq., the Trustee for the Debtor, concerning these types of investments, Tigine Trust is submitting its proof of claim and customer claim against the Debtor for the money that was initially invested with Fairfield and ultimately invested with the Debtor. Tigine Trust is filing this proof of claim and customer claim for recovery of the same amount. By doing so, Tigine Trust does not seek duplicative recovery from the Debtor and Securities Investor Protection Corporation ("SIPC"), but rather, does so out of an abundance of caution to protect its interests in recovering proceeds for its losses as a customer of Debtor.

Tigine Trust also asserts the following additional claims, to the extent that such claims exist: (a) contingent claims, and (b) claims which may be presently in amounts not fully ascertainable, but to be later provided if such claims are estimated and/or liquidated.

**NOTE:** Tigine Trust reserves the right to amend and supplement its proof of claim, customer claim and/or to file additional proofs of claim for any additional claims. The filing of its proof of claim and customer claim are not intended to be, and shall not be construed as, (a) an election of remedy, (b) a waiver or limitation of any rights of Tigine Trust, (c) a consent to the determination of the any issues relating to Tigine Trust, the Debtor and SIPC by any particular court, including, but not limited to, the Bankruptcy Court, and (d) a consent to the jurisdiction or venue of any particular court, including, but not limited to, the Bankruptcy Court. Tigine Trust reserves its setoff and recoupment rights to the extent permitted by applicable law

#1754703 v1 \099998 \0057

# EXHIBIT E

# FILE COPY

## PROOF OF CLAIM

---

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE | ) | Adv. Proc. No. 08-01789-BRL |
| | ) | |
| | ) | **RECEIVED** |
| BERNARD L. MADOFF | ) | **JUN 3 0 2009** |
| INVESTMENT SECURITIES LLC, | ) | Amount of Claim $250,000.00 |
| | ) | |
| | ) | Claimed As:   [X]General Unsecured |
| Debtor. | ) | [ ] Priority (see Paragraph 10) |
| | ) | [ ] Secured (see Paragraph 9) |
| | ) | |
| | ) | |

---

1.   Name of Creditor
     (Print or Type):      Maitland Trustees Ltd.-Tigine Trust

     Mailing Address:     c/o Michael R. Dal Lago, Esq., Morrison Cohen LLP

     909 Third Avenue

     City New York     State NY     Zip Code: 10022

---

2.   The debtor was, at the time of the filing of the petition initiating this case, and still is
     indebted (or liable) to this claimant in the sum of $250,000.00

---

3.   The consideration for this debt (or ground of liability) is as follows: money invested into
     Fairfield Sentry Ltd. which, in turn, was invested into Bernard L. Madoff Investment
     Securities LLC, excluding any alleged fictitious profits.

---

4.   (If the claim is founded on writing.) The writing on which this claim is founded (or a
     duplicate thereof) is attached hereto (or cannot be attached for the reason set forth in the
     following statement). See last account statement attached.

---

#1754625 v1 \099998 \0057

5.  (If appropriate,) This claim is founded on an open account, which became (or will become) due on _____, as shown by the itemized statement attached hereto. Unless it is attached hereto or its absence is explained in an attached statement, no note or other negotiable instrument has been received for the account or any part of it.

    PROOF OF CLAIM                    )          CLAIM NUMBER
                                      )

6.  No judgment has been rendered on the claim except: N/A

7.  The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. YES

8.  This claim is not subject to any set-off or counterclaim except: N/A

9.  No security interest is held for this claim except: N/A

    **(If security interest in property of the debtor is claimed)** The undersigned claims the security interest under the writing referred to in paragraph 4 hereof. Evidence of perfection of such security interest is also attached hereto.

10. This claim is an unsecured claim, except to the extent that the security interest, if any, described in paragraph 9 is sufficient to satisfy the claim. **It is not entitled to priority unless the reason for priority and the amount claimed as priority is set forth below.**

11. If claimant has obtained this claim by assignment, a copy or explanation of said assignment is attached hereto.

Name of Creditor (PRINT OR TYPE) _Maitland Trustees Ltd.,-Tigine Trust_

Signature: _____

Title (Corporate Officer, Partner, or Agent: AUTHORISED SIGNATORIES_____

**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM. CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR IMPRISONMENT FOR NOT MORE THAN 5 YEARS OR BOTH.**

### RIDER TO MAITLAND TRUSTEES LTD.-TIGINE TRUST'S
### PROOF OF CLAIM AND CUSTOMER CLAIM AGAINST
### BERNARD L. MADOFF INVESTMENT SECURITIES LLC

Maitland Trustees Ltd.-Tigine Trust ("Tigine Trust") submits this rider in further support of its proof of claim and customer claim against Bernard L. Madoff Investment Securities LLC ("Debtor"). Tigine Trust was an indirect investor in the Debtor. Specifically, Tigine Trust was an investor in Fairfield Sentry Ltd. ("Fairfield") which, in turn, invested Tigine Trust's investment into Bernard L. Madoff Investment Securities LLC. Based on the statements that have been issued by Irving H. Picard, Esq., the Trustee for the Debtor, concerning these types of investments, Tigine Trust is submitting its proof of claim and customer claim against the Debtor for the money that was initially invested with Fairfield and ultimately invested with the Debtor. Tigine Trust is filing this proof of claim and customer claim for recovery of the same amount. By doing so, Tigine Trust does not seek duplicative recovery from the Debtor and Securities Investor Protection Corporation ("SIPC"), but rather, does so out of an abundance of caution to protect its interests in recovering proceeds for its losses as a customer of Debtor.

Tigine Trust also asserts the following additional claims, to the extent that such claims exist: (a) contingent claims, and (b) claims which may be presently in amounts not fully ascertainable, but to be later provided if such claims are estimated and/or liquidated.

**NOTE:** Tigine Trust reserves the right to amend and supplement its proof of claim, customer claim and/or to file additional proofs of claim for any additional claims. The filing of its proof of claim and customer claim are not intended to be, and shall not be construed as, (a) an election of remedy, (b) a waiver or limitation of any rights of Tigine Trust, (c) a consent to the determination of the any issues relating to Tigine Trust, the Debtor and SIPC by any particular court, including, but not limited to, the Bankruptcy Court, and (d) a consent to the jurisdiction or venue of any particular court, including, but not limited to, the Bankruptcy Court. Tigine Trust reserves its setoff and recoupment rights to the extent permitted by applicable law

# EXHIBIT F

# FILE COPY

## CUSTOMER CLAIM

Claim Number_____

Date Received **RECEIVED**

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

JUL 02 2009

In Liquidation

### DECEMBER 11, 2008

(Please print or type)

Name of Customer: ___BRENTHURST ABSOLUTE RETURN FUND___

Mailing Address: ___C/O MICHAEL R. DAL LAGO, MORRISON COHEN LLP, 909 THIRD AVENUE___

City: ___NEW YORK___     State: ___NY___     Zip: ___10022___

Account No.: _____

Taxpayer I.D. Number (Social Security No.): _____

NOTE:    BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY THE ACCOMPANYING INSTRUCTION SHEET. A SEPARATE CLAIM FORM SHOULD BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL PROTECTION AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE RECEIVED BY THE TRUSTEE ON OR BEFORE March 4, 2009. CLAIMS RECEIVED AFTER THAT DATE, BUT ON OR BEFORE July 2, 2009, WILL BE SUBJECT TO DELAYED PROCESSING AND TO BEING SATISFIED ON TERMS LESS FAVORABLE TO THE CLAIMANT. PLEASE SEND YOUR CLAIM FORM BY CERTIFIED MAIL - RETURN RECEIPT REQUESTED.

*************************************************************************

1.    Claim for money balances as of **December 11, 2008**:

    a.    The Broker owes me a Credit (Cr.) Balance of    $__10,000,000__

    b.    I owe the Broker a Debit (Dr.) Balance of    $_____

    c.    If you wish to repay the Debit Balance,

        please insert the amount you wish to repay and

        attach a check payable to "Irving H. Picard, Esq.,

        Trustee for Bernard L. Madoff Investment Securities LLC."

        If you wish to make a payment, **it must be enclosed**

        with this claim form.    $__N/A__

    d.    If balance is zero, insert "None."    __$10,000,000__

2.  Claim for securities as of **December 11, 2008**:

**PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.**

|   |   | YES | NO |
|---|---|-----|-----|
| a. | The Broker owes me securities | | NO |
| b. | I owe the Broker securities | | NO |
| c. | If yes to either, please list below: | | |

| Date of Transaction (trade date) | Name of Security | Number of Shares or Face Amount of Bonds | |
|---|---|---|---|
| | | The Broker Owes Me (Long) | I Owe the Broker (Short) |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

**Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclose, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation. You should also provide all documentation or information regarding any withdrawals you have ever made or payments received from the Debtor.**

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement. If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.
**PLEASE CHECK THE APPROPRIATE ANSWER FOR ITEMS 3 THROUGH 9.**

**NOTE:** IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION ON A SIGNED ATTACHMENT. IF SUFFICIENT DETAILS ARE NOT PROVIDED, THIS CLAIM FORM WILL BE RETURNED FOR YOUR COMPLETION.

|  |  | <u>YES</u> | <u>NO</u> |
|---|---|---|---|
| 3. | Has there been any change in your account since December 11, 2008? If so, please explain. | | NO |
| 4. | Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of the broker? | | NO |
| 5. | Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or policies of the broker? | | NO |
| 6. | Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in any way with the broker? If so, give name(s) | | NO |
| 7. | Is this claim being filed by or on behalf of a broker or dealer or a bank? If so, provide documentation with respect to each public customer on whose behalf you are claiming. | | NO |
| 8. | Have you ever given any discretionary authority to any person to execute securities transactions with or through the broker on your behalf? Give names, addresses and phone numbers. | | NO |
| 9. | Have you or any member of your family ever filed a claim under the Securities Investor Protection Act of 1970? if so, give name of that broker. | | NO |

Please list the full name and address of anyone assisting you in the preparation of this claim form: MICHAEL R. DAL LAGO OF MORRISON COHEN LLP
909 THIRD AVENUE, NEW YORK, NY 10022

If you cannot compute the amount of your claim, you may file an estimated claim. In that case, please indicate your claim is an estimated claim.

**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM. CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.**

**THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY INFORMATION AND BELIEF.**

MICHAEL R. DAL LAGO, ESQ., as attorney for and on behalf of Brenthurst Absolute Return Fund

Date _____7/1/2009_____   Signature _____

as attorney for and on behalf of Brenthurst Absolute Return Fund

Date _____   Signature _____

(If ownership of the account is shared, all must sign above. Give each owner's name, address, phone number, and extent of ownership on a signed separate sheet. If other than a personal account, *e.g.*, corporate, trustee, custodian, etc., also state your capacity and authority. Please supply the trust agreement or other proof of authority.)

**This customer claim form must be completed and mailed promptly, together with supporting documentation, etc. to:**

Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

### RIDER TO BRENTHURST ABSOLUTE RETURN FUND'S
### PROOF OF CLAIM AND CUSTOMER CLAIM AGAINST
### BERNARD L. MADOFF INVESTMENT SECURITIES LLC

Brenthurst Absolute Return Fund ("Brenthurst") submits this rider in further support of its proof of claim and customer claim against Bernard L. Madoff Investment Securities LLC ("Debtor"). Brenthurst was an indirect investor in the Debtor. Specifically, Brenthurst was an investor in Fairfield Sentry Ltd. ("Fairfield") which, in turn, invested Brenthurst's investment into Bernard L. Madoff Investment Securities LLC. Based on the statements that have been issued by Irving H. Picard, Esq., the Trustee for the Debtor, concerning these types of investments, Brenthurst is submitting its proof of claim and customer claim against the Debtor for the money that was initially invested with Fairfield and ultimately invested with the Debtor. Brenthurst is filing this proof of claim and customer claim for recovery of the same amount. By doing so, Brenthurst does not seek duplicative recovery from the Debtor and Securities Investor Protection Corporation ("SIPC"), but rather, does so out of an abundance of caution to protect its interests in recovering proceeds for its losses as a customer of Debtor.

Brenthurst also asserts the following additional claims, to the extent that such claims exist: (a) contingent claims, and (b) claims which may be presently in amounts not fully ascertainable, but to be later provided if such claims are estimated and/or liquidated.

NOTE: Brenthurst reserves the right to amend and supplement its proof of claim, customer claim and/or to file additional proofs of claim for any additional claims. The filing of its proof of claim and customer claim are not intended to be, and shall not be construed as, (a) an election of remedy, (b) a waiver or limitation of any rights of Brenthurst, (c) a consent to the determination of the any issues relating to Brenthurst, the Debtor and SIPC by any particular court, including, but not limited to, the Bankruptcy Court, and (d) a consent to the jurisdiction or venue of any particular court, including, but not limited to, the Bankruptcy Court. Brenthurst reserves its setoff and recoupment rights to the extent permitted by applicable law

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE | ) |
| | ) |
| BERNARD L. MADOFF | ) |
| INVESTMENT SECURITIES LLC, | ) |
| | ) Adv. Proc. No. 08-01789-BRL |
| | ) |
| Debtor. | ) |
| | ) |

### SPECIAL POWER OF ATTORNEY

To:    **MICHAEL R. DAL LAGO, ESQ. of MORRISON COHEN LLP**
       909 Third Avenue
       New York, New York 10022

The undersigned claims and hereby authorizes you, as attorney in fact for **Brenthurst Absolute Return Fund**, to file (a) proofs of claim in the Bernard L. Madoff Investment Securities LLC bankruptcy cases, and (b) customer claims in the Bernard L. Madoff Investment Securities LLC Securities Investor Protection Corporation proceeding, on behalf of **Brenthurst Absolute Return Fund.**

Dated: June 30, 2009

Signed: _A_____

By:    ALEC GEORGE BERBER.

As:    DIRECTOR

Address: 9 THE ABBEY WOODS, BALLANARD ROAD

Douglas, Isle of Man, IM2 5PL.

ALEC GEORGE BERBER

Acknowledged before me on July 1st 2009, by __A____, who says that he/she is a

DIRECTOR    of Brenthurst Absolute Return Fund, and is authorized to execute this power of attorney on its behalf.

_____

[*Official character*]

J. P. CONTI
NOTARY PUBLIC

# EXHIBIT G

# FILE COPY

## PROOF OF CLAIM

**RECEIVED**

JUL 0 2 2009

---

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF NEW YORK

RECEIVED

RECEIVED

JUL 0 2 2009

| IN RE | ) | Adv. Proc. No. 08-01789-BRL |
| | ) | |
| | ) | |
| BERNARD L. MADOFF | ) | |
| INVESTMENT SECURITIES LLC, | ) | Amount of Claim $10,000,000.00 |
| | ) | |
| | ) | Claimed As: [X]General Unsecured |
| Debtor. | ) | [ ] Priority (see Paragraph 10) |
| | ) | [ ] Secured (see Paragraph 9) |
| | ) | |
| | ) | |

---

1.  Name of Creditor
    (Print or Type):      Brenthurst Absolute Return Fund

    Mailing Address:      c/o Michael R. Dal Lago, Esq., Morrison Cohen LLP,

    909 Third Avenue

    City New York          State NY      Zip Code: 10022

---

2.  The debtor was, at the time of the filing of the petition initiating this case, and still is
    indebted (or liable) to this claimant in the sum of $10,000,000.00

---

3.  The consideration for this debt (or ground of liability) is as follows: money invested into
    Fairfield Sentry Ltd. which, in turn, was invested into Bernard L. Madoff Investment
    Securities LLC, excluding any alleged fictitious profits.

---

4.  (If the claim is founded on writing.) The writing on which this claim is founded (or a
    duplicate thereof) is attached hereto (or cannot be attached for the reason set forth in the
    following statement).

---

#1754632 v1 \099998 \0057

5.  (If appropriate,) This claim is founded on an open account, which became (or will become) due on _____, as shown by the itemized statement attached hereto. Unless it is attached hereto or its absence is explained in an attached statement, no note or other negotiable instrument has been received for the account or any part of it.

PROOF OF CLAIM          )     CLAIM NUMBER
                        )

6.  No judgment has been rendered on the claim except: N/A

7.  The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. YES

8.  This claim is not subject to any set-off or counterclaim except: N/A

9.  No security interest is held for this claim except: N/A

    **(If security interest in property of the debtor is claimed)** The undersigned claims the security interest under the writing referred to in paragraph 4 hereof. Evidence of perfection of such security interest is also attached hereto.

10. This claim is an unsecured claim, except to the extent that the security interest, if any, described in paragraph 9 is sufficient to satisfy the claim. **It is not entitled to priority unless the reason for priority and the amount claimed as priority is set forth below.**

11.    If claimant has obtained this claim by assignment, a copy or explanation of said
       assignment is attached hereto.

Name of Creditor (PRINT OR TYPE)  Brenthurst Absolute Return Fund

Signature: _M. Dul_____ 7/1/09

Title (Corporate Officer, Partner, or Agent: **MICHAEL R. DAL LAGO, ESQ., as attorney**
**for and on behalf of Brenthurst Absolute Return Fund**

**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM.
CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR
IMPRISONMENT FOR NOT MORE THAN 5 YEARS OR BOTH.**

#1754632 v1 \099998 \0057

3

## RIDER TO BRENTHURST ABSOLUTE RETURN FUND'S
## PROOF OF CLAIM AND CUSTOMER CLAIM AGAINST
## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

Brenthurst Absolute Return Fund ("Brenthurst") submits this rider in further support of its proof of claim and customer claim against Bernard L. Madoff Investment Securities LLC ("Debtor"). Brenthurst was an indirect investor in the Debtor. Specifically, Brenthurst was an investor in Fairfield Sentry Ltd. ("Fairfield") which, in turn, invested Brenthurst's investment into Bernard L. Madoff Investment Securities LLC. Based on the statements that have been issued by Irving H. Picard, Esq., the Trustee for the Debtor, concerning these types of investments, Brenthurst is submitting its proof of claim and customer claim against the Debtor for the money that was initially invested with Fairfield and ultimately invested with the Debtor. Brenthurst is filing this proof of claim and customer claim for recovery of the same amount. By doing so, Brenthurst does not seek duplicative recovery from the Debtor and Securities Investor Protection Corporation ("SIPC"), but rather, does so out of an abundance of caution to protect its interests in recovering proceeds for its losses as a customer of Debtor.

Brenthurst also asserts the following additional claims, to the extent that such claims exist: (a) contingent claims, and (b) claims which may be presently in amounts not fully ascertainable, but to be later provided if such claims are estimated and/or liquidated.

**NOTE:** Brenthurst reserves the right to amend and supplement its proof of claim, customer claim and/or to file additional proofs of claim for any additional claims. The filing of its proof of claim and customer claim are not intended to be, and shall not be construed as, (a) an election of remedy, (b) a waiver or limitation of any rights of Brenthurst, (c) a consent to the determination of the any issues relating to Brenthurst, the Debtor and SIPC by any particular court, including, but not limited to, the Bankruptcy Court, and (d) a consent to the jurisdiction or venue of any particular court, including, but not limited to, the Bankruptcy Court. Brenthurst reserves its setoff and recoupment rights to the extent permitted by applicable law

#1755058 v1 \099998 \0057

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE )<br>)<br>BERNARD L. MADOFF )<br>INVESTMENT SECURITIES LLC, )<br>)<br>)<br>Debtor. )<br>) | Adv. Proc. No. 08-01789-BRL |

## SPECIAL POWER OF ATTORNEY

To:    **MICHAEL R. DAL LAGO, ESQ. of MORRISON COHEN LLP**
909 Third Avenue
New York, New York 10022

The undersigned claims and hereby authorizes you, as attorney in fact for **Brenthurst Absolute Return Fund**, to file (a) proofs of claim in the Bernard L. Madoff Investment Securities LLC bankruptcy cases, and (b) customer claims in the Bernard L. Madoff Investment Securities LLC Securities Investor Protection Corporation proceeding, on behalf of **Brenthurst Absolute Return Fund.**

Dated: June 30, 2009

Signed: _A_R_____

By:    _ALEC GEORGE BERBER._____

As:    _DIRECTOR_____

Address: _9 THE ABBEY WOODS, BALLANARD ROAD_

_DOUGLAS, Isle of MAN. IM2 5PL._

_ALEC GEORGE BERBER_
Acknowledged before me on July 1st 2009, by __A__, who says that he/she is a

_DIRECTOR_____ of Brenthurst Absolute Return Fund, and is authorized to execute this power of attorney on its behalf.

_____

[*Official character*]

J. P. CONTI
NOTARY PUBLIC

81776454