Linda H. Martin, Esq.
Joshua A. Levine, Esq.
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY  10017
Telephone:  (212) 455-2000
Facsimile:  (212) 455-2502
Email: lmartin@stblaw.com
jlevine@stblaw.com
Attorneys for Spring Mountain Capital, LP,
on behalf of Spring Mountain Partners Overseas I, Ltd.

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
SECURITIES INVESTOR PROTECTION          :
CORPORATION,                            :   Adv. Pro. No. 08-01789 (BRL)
                                        :
                Plaintiff,              :   SIPA Liquidation
                                        :
        v.                              :
                                        :
BERNARD L. MADOFF INVESTMENT            :
SECURITIES LLC,                         :
                                        :
                Defendant.              :
------------------------------------------------------------------x

**OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIMS OF
SPRING MOUNTAIN PARTNERS OVERSEAS I, LTD.[1]**

Spring Mountain Partners Overseas I, Ltd. ("Claimant"), by and through its General Partner, Spring Mountain Capital, LP ("Spring Mountain") and Spring Mountain's attorneys, hereby files this Objection to the Trustee's Determination of Claims, and respectfully represents as follows:

1.      Claimant invested in Ascot Fund Limited, a feeder fund to Ascot Partners, L.P. ("Ascot") and Ariel Fund Limited ("Ariel"), both of which, in turn, invested in Bernard L.

---

[1] A filing under Federal Rule of Bankruptcy Procedure 2019 will be made promptly, to the extent required.

Madoff Investment Securities LLC ("BLMIS"). It is Claimant's understanding that Ascot invested materially all of its capital in BLMIS, and that Ariel invested approximately 30 percent of its capital with BLMIS. Claimant also invested in Centigrade Fund Limited ("Centigrade"), another Spring Mountain fund invested in Ascot. Centigrade invested approximately 7.3 percent of its capital with BLMIS through Ascot. Through these investments in underlying funds with BLMIS exposure, Claimant lost $2,871,556.

2. Claimant duly filed Customer Claims (Claim Nos. 011541 and 014800) with the Trustee in the amount of $2,871,556.

3. On December 8, 2009, by Notice of Trustee's Determination of Claim (see Exhibit A attached hereto), the Trustee notified Claimant that its claims had been denied on the following basis:

> Based on a review of available books and records of BLMIS by the Trustee's staff, you did not have an account with BLMIS. Because you did not have an account, you are not a customer of BLMIS under SIPA as that term is defined at 15. U.S.C. § 78*lll* (2). Accordingly, your Claim for securities and/or a credit balance is **DENIED**.

4. Claimant objects to the Trustee's determination that it was not a "customer" of BLMIS for the reasons, to the extent relevant, set forth in the opposition motions submitted by the following similarly-situated claimants: (1) Susan Saltz Charitable Lead Annuity Trust and Susan Saltz Descendants Trust, Objections to Trustee Picard's Determination of Claims, filed December 22, 2009 (Docket No. 1111); (2) John A. Jamison, *et al* by Anchor Holdings, LLC, Objection To Determination of Claims of John A. Jamison, Et Al by Anchor Holdings, LLC, filed December 28, 2009 (Docket No. 1120); and (3) Esteban Arce Herrera and Nieves Santisteban, Objection to Trustee's Determination of Claim, filed December 30, 2009 (Docket No. 1141). Claimant does not waive any additional grounds on which it might object to

2

the Trustee's determination and expressly reserves the right to object to the Trustee's determination on additional grounds in the future.

     5.    Claimant additionally files this objection for the purpose of preserving any rights which may be recognized by this Court for persons who made indirect investments in BLMIS through feeder funds.

     6.    Claimant respectfully requests that any hearing relating to this Opposition be scheduled at the same time as the hearings for objections by other similarly-situated claimants including, at a minimum, those claimants referenced above.

Dated: New York, New York
       January 7, 2010

                                      SIMPSON THACHER & BARTLETT LLP

                                      By  */s/ Linda H. Martin*

                                      Linda H. Martin, Esq.
                                      Joshua A. Levine, Esq.
                                      425 Lexington Avenue
                                      New York, New York  10017
                                      Telephone: (212) 455-2000
                                      Facsimile:  (212) 455-2502

                                      Attorneys for Spring Mountain Capital, LP, on behalf of Spring Mountain Partners Overseas I, Ltd.