**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| Securities Investor Protection Corporation, | **Bankruptcy Case No. 08-01789 (BRL)** |
| Plaintiff, | SIPA Liquidation |
| vs. | **OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM** |
| Bernard L. Madoff Investment Securities LLC, | |
| Defendant. | |

---

Panasia, LLC ("Claimant") hereby objects to the denial of claim in the Trustee's Determination of Claim dated December 11, 2009,[1] and states as follows:

1. On August 1, 2008 Claimant made an initial investment of $250,000 into Rye Select Broad Market Prime Fund, L.P. (the "Rye Fund"), plus a subsequent deposit. As of October 31, 2008, the statement from the Rye Fund valued the investment at $658,815.56.

2. All of the funds which Claimant invested in the Rye Fund were invested in Bernard L. Madoff Investment Securities LLC ("BLMIS").

3. On or about December 11, 2008, the above-captioned liquidation proceeding was commenced against BLMIS, pursuant to the Securities Investor Protection Act ("SIPA"), 15 U.S.C. § 78aaa *et seq.*

JAN - 7 2010

4. On or about December 15, 2008, jurisdiction of this matter was transferred to the United States Bankruptcy Court for the Southern District of New York, and Irving Picard was appointed as Trustee.

5. Pursuant to the SIPA, Trustee Picard was directed to oversee the liquidation of the assets of BLMIS and to process all claims against Defendant BLMIS, and the Debtor Bernard L. Madoff. *See* 15 U.S.C. § 78fff-1(a).

6. By order of this Court dated December 23, 2008, the Trustee was directed to disseminate notice and claim forms to all former BLMIS customers setting forth claim-filing deadlines. *See* Order entered at Dkt. No. 12. The Order directed the Trustee to "notify such claimant by mail of his determination that the claim is disallowed, in whole or in part, and the reason therefore . . ."

7. In February 2009, prior to the claims filing deadline, Claimant duly filed a customer claim with the Trustee in the amount of $500,000. This claim has apparently been designated as Claim No.003020 (on denial letter)

8. By Notice of Trustee's Determination of Claim dated December 8, 2009, the Trustee notified Claimant that its claim had been denied on the following basis:

> Based on a review of available books and records of BLMIS by the Trustee's staff, you did not have an account with BLMIS. Because you did not have an account, you are not a customer of BLMIS under SIPA as that term is defined at 15 U.S.C. § 78*lll*(2). Accordingly, your Claim for securities and/or a credit balance is **DENIED**.

9. By this Notice of Objection, Claimant does hereby formally object to the determination by the Trustee.

10. <u>First Objection</u>: The Trustee's determination fails to comply with the December 23, 2008 Order of the Court which directed the Trustee to satisfy customer's

claims in accordance with the Debtor's books and records or which "are otherwise established to the satisfaction of the Trustee." *See* Dkt. No. 12 at 5. The Claimant's claim included proper documentation of the amount owed to Claimant. Accordingly, the claim should be allowed in full.

11.   Second Objection: Contrary to the determination of the Trustee, Claimant is a "customer" as provided for by the Securities Investor Protection Act. As such, it is entitled to receive SIPC insurance. Section 78*lll*(2) of the SIPA defines "customer" as "any person who has deposited cash with the debtor for the purpose of purchasing securities."[2] *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC*, 401 B.R. 629, 635 (Bankr. S.D.N.Y. 2009) ("the mere act of entrusting . . . cash to the debtor for the purpose of effecting securities transactions . . . triggers customer status . . ..") (alterations in original) (citations omitted). Apparently, the Trustee has taken the position that the fact that Claimant deposited funds with BLMIS indirectly is fatal to its claim as a "customer" under SIPA. This position is incorrect.

---

[2] The statute provides that:
> The term "customer" of a debtor means any person (including any person with whom the debtor deals as principal or agent) who has a claim on account of securities received, acquired, or held by the debtor in the ordinary course of its business as a broker or dealer from or for the securities accounts of such person for safekeeping, with a view to sale, to cover consummated sales, pursuant to purchases, as collateral security, or for purposes of effecting transfer. The term "customer" includes any person who has a claim against the debtor arising out of sales or conversions of such securities, and any person who has deposited cash with the debtor for the purpose of purchasing securities, . . .

15 U.S.C. § 78*lll*(2).

-3-

12. Under SIPA, the term "customer" is a term of art, and does not have its ordinary and customary meaning. *Arford v. Miller*, 239 B.R. 698, 701 (S.D.N.Y. 1999), *aff'd sub nom. In re Stratton Oakmont*, 210 F.3d 420 (2d Cir. 2000) (citations omitted). It is to be construed within the context of the definitional section of SIPA, and as interpreted by the courts.

13. The statute does not require that one have a direct relationship with the subject broker to be considered a "customer" under SIPA. All the plain language of the statute requires is that (a) the claim against the debtor arose out of sales or conversion of securities, and (b) that the customer made deposits with the fiduciary of cash or securities. *See* 15 U.S.C. § 78*lll*(2). The legislative history of SIPA supports this interpretation.

14. SIPA was enacted by Congress as remedial legislation to be liberally construed to effect the purpose of protecting the investments of customers of broker-dealers and investment advisers. *See In re First State Securities Corp.*, 34 B.R. 492, 496 (Bankr. S.D. Fla. 1983) (citing *Tcherepnin v. Knight*, 389 U.S. 332 (1967)). The fundamental purpose of SIPA was to protect the public in the event that the entities with whom they dealt with went bankrupt, or were otherwise unable to satisfy their customer agreements. *See SEC v. S.J. Salmon & Co., Inc.*, 375 F. Supp. 867, 871 (S.D.N.Y. 1974) ("The principal purpose of the [Securities Investor Protection] Act was to protect investors against financial losses arising from the insolvency of their brokers.") (citing H. Rep. No. 91-1613, at 1970 U.S. Code Cong. and Adm. News p. 5254 et seq.).

15. The statute does not mandate that the funds or securities received by the debtor were received "directly" by the customer. Had this been a requirement, Congress would

-4-

have so required it. Indeed, Section 9 of SIPA covering advances by SIPC to the bankruptcy trustee states that:

> no advance shall be made by SIPC to the trustee to pay or otherwise satisfy any net equity claim of any customer who is a broker or dealer or bank, <u>other than to the extent that it shall be established to the satisfaction of the trustee</u>, from the books and records of the debtor or from the books and records of a broker or dealer or bank, or otherwise, <u>that the net equity claim</u> of such broker or dealer or bank against the debtor <u>arose out of transactions for customers of such broker or dealer or bank . . ., in which event each such customer of such broker or dealer or bank shall be deemed a separate customer of the debtor</u>.

15 U.S.C. § 78fff-3(a)(5) (emphasis added).

16. Whether a claimant is a "customer" does not depend upon to whom he or she or it "handed her cash or made her check payable, or even where the funds were initially deposited." *In re Old Naples Sec., Inc.*, 223 F.3d 1296, 1302 (11th Cir. 2000). "Instead, the question is whether there was 'actual receipt, acquisition or possession of the property of a claimant by the brokerage firm under liquidation.'" *Id.* (citing *In re Stalvey & Assoc., Inc.*, 750 F.2d 464, 469 (5th Cir. 1985) (quoting *SEC v. Kenneth Bove & Co.*, 378 F. Supp. 697, 700 (S.D.N.Y. 1974)). Here, Claimant can show that there was "actual receipt, acquisition or possession" of its property by the Debtor.

17. As this cause of action arose in New York, and New York law is applicable, Claimant is entitled to interest on all of the funds deposited with BLMIS at the statutory rate. New York CPLR § 5004, New York General Oblig. L. § 5-501 *et seq*. Furthermore, as the actions by BLMIS arose out of conversion and fraud, Claimant is entitled to pre-judgment interest. New York CPLR § 5001(a). *See also Singapore Recycle Centre Pte Ltd. v. Kad Int'l*, 2009 WL 2424333 at *20 (E.D.N.Y. 2009).

18. Claimant reserves all rights under Rule 9014 of the Federal Rules of Bankruptcy Procedure, including, but not limited to, all rights of discovery.

19. Claimant reserves the right to amend, alter, revise, or supplement this Objection; any failure to object on a particular procedural or substantive ground shall not be deemed a waiver of any such rights, all of which are hereby reserved.

20. In the event that the Court does not allow Claimant's claim as a "customer" claim, it should nevertheless allow Claimant's claim as a general unsecured creditor claim.

## RELIEF REQUESTED

21. For the reasons set forth herein, the Court should find Claimant is a "customer" within the definition of 15 U.S.C. § 78*lll*(2).

22. For the reasons set forth herein, the Court should overrule the Trustee's determination and find that Claimant should have its claims allowed in full to the extent covered by SIPC.

23. In the event that the Court does not allow Claimant's claim as a customer claim, it should nevertheless allow the claim as a general unsecured creditor claim.

24. For the reasons set forth herein, the Court should direct the SIPC to issue immediate payment to Claimant in the amount of $500,000, plus interest from the date of claim.

25. To the extent applicable, Claimant joins the in the objections of those other claimants similarly situated, and request such further relief as this Court shall deem fair and equitable.

Dated: December 31, 2009

BNY ALTERNATIVE INVESTMENT
SERVICES, INC
101 Barclay Street
20th Floor West
New York, New York 10286
USA

# CLIENT STATEMENT

Mark Preston
Mount Yale Capital Group
1125 Seventeenth Street
Suite 1400
Denver, CO 80202
USA

A/C Number: 00-1200-800009669
Period Beginning: 01-Oct-2008
Period Ending: 31-Oct-2008
Fax Number: 1-303-382-2888
E-Mail: mark.preston@mtyale.com

This statement is being provided to you at the request of Panasia, LLC

## PERFORMANCE SUMMARY

| Security | % Change | |
|---|---|---|
|  | Period to Date | Year to Date |
| Rye Select Broad Market Prime Fund, L.P. | -0.12% | 2.15% |

## PERIOD ACTIVITY

| Security | Net Opening Capital | Contribution | Net Income / (Loss) | Withdrawals / Trans / ReReg | Net Closing Capital |
|---|---|---|---|---|---|
| Rye Select Broad Market Prime Fund, L.P. | 659,578.14 | 0.00 | (762.58) | 0.00 | 658,815.56 |
| Totals | 659,578.14 | 0.00 | (762.58) | 0.00 | 658,815.56 |

## DISCLOSURE NOTES

- % Change results are Net of all fees.
- Year To Date change is based on Calendar Year which ends on December 31st.
- All values are in USD.
- This information is not intended to be used for tax reporting or planning.
- This information is unaudited. Audited statements are issued upon conclusion of the fiscal year end audit.
- The Fund's net asset value has been calculated on the basis of market value information with respect to the Fund's portfolio obtained from third parties, including independent pricing vendors, the Fund's manager and administrators of funds in which the Fund may have invested. BNY-AIS does not give any assurances with respect to the accuracy of such market value information.
- Past performance as described herein is not necessarily indicative of future results.
- The Bank of New York acts as custodian with respect to cash. With respect to the portfolio's investments, such investments have been and will continue to be custodied for the benefit of the portfolio at Bernard L. Madoff Investment Securities LLC, 885 Third Avenue, New York, NY, 10022.
- Additional information is available at www.ryeselectfunds.com.

## INVESTOR INQUIRIES

Telephone: 212.815.4090    Facsimile: 212.644.6669    Email: AISOnline_NY@bankofny.com    Web: www.fundadmin.com

BNY ALTERNATIVE INVESTMENT
SERVICES, INC.
101 Barclay Street, 20th Floor West
New York, New York 10286
USA

*A Division of Tremont Group Holdings, Inc.*

Fax:    303-382-2888

E-mail: mark.preston@mtyale.com

24-Sep-2008

Mark Preston
1125 Seventeenth Street
Suite 1400
Denver, CO 80202
USA

## TRADE CONFIRMATION

Dear Investor,

We are pleased to confirm your investment into Rye Select Broad Market Prime Fund, L.P. The details below confirm the specifics of the transaction executed on your behalf.

Please take a moment to review this confirmation to ensure that all details pertaining to this transaction and your account are correct. If any discrepancies are identified please contact our Investor Services Group as described below.

## ACTIVITY CONFIRMED

| Security | Rye Select Broad Market Prime Fund, L.P. | | |
|---|---|---|---|
| **Details** | | **Contributions** | |
| Action | Buy | Gross Contribution | 400,000.00 |
| Dealing Date | 1-Sep-2008 | Sales Charge/Interest Payment | 0.00 |
| Base Currency | USD | Net Contribution | 400,000.00 |
| Lot Ref. Number | | | |

| ACCOUNT INFORMATION | | INVESTOR INQUIRIES | |
|---|---|---|---|
| Acct. Name | Panasia, LLC | Telephone | 212.815.4090 |
| Acct. Number | 01-2008-00009669 | Facsimile | 212.644.6669 |
| Telephone | -- | Email | AISOnline_NY@bankofny.com |
| Facsimile | -- | Web | www.fundadmin.com |
| Email | | | |

BNY ALTERNATIVE INVESTMENT
SERVICES INC
101 Barclay Street 20th Floor West
New York, New York 10286
USA

Fax:     303-382-2888
E-mail:  jami.mackenzie@mtyale.com

28-Oct-2008

Jami Mackenzie
1125 Seventeenth Street
Suite 1400
Denver, CO 80202
USA

## CONFIRMATION OF INTENT

Dear Investor,

Please be advised that we are in receipt of your notice of intent to buy interests in Rye Select Broad Market Prime Fund, L.P. The details below are reflective of the transaction related direction that we have received as of the date of this notice. Please note that the execution of your transaction as detailed below is contingent upon actual receipt of all necessary documentation and acceptance and approval by the Fund or its authorized agent. If you have already provided such documentation, no further action on your part is required.

Please review this Notice carefully to ensure all details pertaining to this transaction and your account are accurate. If any discrepancies are identified please immediately contact our Investor Services Group as described below.

## ACTIVITY CONFIRMED

**Details**

| | |
|---|---|
| Action Confirmed: | Notice Received |
| Action Pending: | Buy |
| Amount: | 400,000.00    (USD) |
| Dealing Date: | 1-Sep-2008 |
| Security: | Rye Select Broad Market Prime Fund, L.P. |

| ACCOUNT INFORMATION | | INVESTOR INQUIRIES | |
|---|---|---|---|
| Acct. Name | Panasia, LLC | Telephone | 212.815.4090 |
| Acct. Number | 01-2008-00009669 | Facsimile | 212.644.6669 |
| Telephone | -- | Email | AISOnline_NY@bankofny.com |
| Facsimile | -- | Web | www.fundadmin.com |
| Email | | | |

BNY ALTERNATIVE INVESTMENT
SERVICES, INC.
101 Barclay Street, 20th Floor West
New York, New York 10286
USA

A Division of Bankers Group Holdings, Inc.

Fax:    303-382-2888

E-mail: jami.mackenzie@mtyale.com

28-Oct-2008

Jami Mackenzie
1125 Seventeenth Street
Suite 1400
Denver, CO 80202
USA

## CONFIRMATION OF CASH RECEIPT

Dear Investor,

We are pleased to confirm the receipt of your proceeds on behalf of Rye Select Broad Market Prime Fund, L.P. The details below confirm the specifics of the transaction. Your proceeds will not be invested until all requisite documentation has been received in good order and your eligibility as an investor in Rye Select Broad Market Prime Fund, L.P. has been confirmed.

Please take a moment to review this confirmation to ensure that all details pertaining to this transaction and your account are correct. If any discrepancies are identified please contact our Investor Services Group as described below.

### ACTIVITY CONFIRMED

**Details**

| | |
|---|---|
| Action | Cash Received |
| Date Received | 27-Aug-2008 |
| Amount Local | 400,000.00 USD |
| Amount Base | 400,000.00 USD |

**To Be Applied**

| | |
|---|---|
| Dealing Date | 01-Sep-2008 |
| Security | Rye Select Broad Market Prime Fund, L.P. |

| ACCOUNT INFORMATION | | INVESTOR INQUIRIES | |
|---|---|---|---|
| Acct. Name | Panasia, LLC | Telephone | 212.815.4090 |
| | | Facsimile | 212.644.6669 |
| Acct. Number | 01-2008-00009669 | | |
| Telephone | -- | Email | AISOnline_NY@bankofny.com |
| Facsimile | -- | | |
| Email | | Web | www.fundadmin.com |



A Division of Thomson Group Holdings Inc

BNY ALTERNATIVE INVESTMENT
SERVICES, INC.
101 Barclay Street, 20th Floor West
New York, New York 10286
USA

06-Aug-2008

Panasia, LLC
Theresa Fancy
1034 Chartwell CT
Salt Lake City, UT 84103
USA

## CONFIRMATION OF CASH RECEIPT

Dear Investor,

We are pleased to confirm the receipt of your proceeds on behalf of Rye Select Broad Market Prime Fund, L.P. The details below confirm the specifics of the transaction. Your proceeds will not be invested until all requisite documentation has been received in good order and your eligibility as an investor in Rye Select Broad Market Prime Fund, L.P. has been confirmed.

Please take a moment to review this confirmation to ensure that all details pertaining to this transaction and your account are correct. If any discrepancies are identified please contact our Investor Services Group as described below.

### ACTIVITY CONFIRMED

**Details**

| | |
|---|---|
| Action | Cash Received |
| Date Received | 31-Jul-2008 |
| Amount Local | 250,000.00 USD |
| Amount Base | 250,000.00 USD |

**To Be Applied**

| | |
|---|---|
| Dealing Date | 01-Aug-2008 |
| Security | Rye Select Broad Market Prime Fund, L.P. |

### ACCOUNT INFORMATION

| | |
|---|---|
| Acct. Name | Panasia, LLC |
| Acct. Number | 01-2008-00009669 |
| Telephone | -- |
| Facsimile | -- |
| Email | |

### INVESTOR INQUIRIES

| | |
|---|---|
| Telephone | 212.815.4090 |
| Facsimile | 212.644.6669 |
| Email | AISOnline_NY@bankofny.com |
| Web | www.fundadmin.com |

RYE

A Division of Tremont Group Holdings, Inc.

BNY ALTERNATIVE INVESTMENT
SERVICES, INC.
101 Barclay Street, 20th Floor West
New York, New York 10286
USA

01-Aug-2008

Panasia, LLC
Theresa Fancy
1034 Chartwell CT
Salt Lake City, UT 84103
USA

## CONFIRMATION OF INTENT

Dear Investor,

We are pleased to confirm the receipt of your notice of intent to invest into Rye Select Broad Market Prime Fund, L.P. The details below confirm the specifics of the transaction. Your transaction will not be executed until all requisite documentation has been received in good order, adequate funds have been received and your eligibility as an investor in Rye Select Broad Market Prime Fund, L.P. has been confirmed. If you have not already done so, please send original documentation via courier.

Please take a moment to review this confirmation to ensure that all details pertaining to this transaction and your account are correct. If any discrepancies are identified please contact our Investor Services Group as described below.

## ACTIVITY CONFIRMED

Details

| | |
|---|---|
| Action Confirmed: | Notice Received |
| Action Pending: | Buy |
| Amount: | 250,000.00    USD |
| Dealing Date: | 1-Aug-2008 |
| Security: | Rye Select Broad Market Prime Fund, L.P. |

| ACCOUNT INFORMATION | | INVESTOR INQUIRIES | |
|---|---|---|---|
| Acct. Name | Panasia, LLC | Telephone | 212.815.4090 |
| Acct. Number | 01-2008-00009669 | Facsimile | 212.644.6669 |
| Telephone | -- | Email | AISOnline_NY@bankofny.com |
| Facsimile | -- | Web | www.fundadmin.com |
| Email | | | |



A Division of Invemet Group Holdings, Inc.

BNY ALTERNATIVE INVESTMENT
SERVICES, INC.
101 Barclay Street, 20th Floor West
New York, New York 10286
USA

11-Sep-2008

Panasia, LLC
Theresa Fancy
1034 Chartwell CT
Salt Lake City, UT 84103
USA

## TRADE CONFIRMATION

Dear Investor,

We are pleased to confirm your investment into Rye Select Broad Market Prime Fund, L.P. The details below confirm the specifics of the transaction executed on your behalf.

Please take a moment to review this confirmation to ensure that all details pertaining to this transaction and your account are correct. If any discrepancies are identified please contact our Investor Services Group as described below.

## ACTIVITY CONFIRMED

Security        Rye Select Broad Market Prime Fund, L.P.

**Details**                              **Contributions**
Action              Buy                  Gross Contribution           250,000.00
Dealing Date        1-Aug-2008           Sales Charge/Interest Payment      0.00
Base Currency       USD                  Net Contribution             250,000.00
Lot Ref. Number     001117

## ACCOUNT INFORMATION

Acct. Name     Panasia, LLC

Acct. Number   01-2008-00009669
Telephone      --
Facsimile      --
Email

## INVESTOR INQUIRIES

Telephone      212.815.4090
Facsimile      212.644.6669
Email          AISOnline_NY@bankofny.com
Web            www.fundadmin.com