**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

Securities Investor Protection Corporation,

                        Plaintiff,

vs.

Bernard L. Madoff Investment Securities
LLC,

                        Defendant.

**Bankruptcy Case No. 08-01789 (BRL)**

SIPA Liquidation

**OBJECTION TO TRUSTEE'S**
**DETERMINATION OF CLAIM**

JAN – 8 2010

U.S. BANKRUPTCY COURT, SDNY

---

     17665 Newhope Mfg., LLC ("Claimant") hereby objects to the denial of claim in the

Trustee's Determination of Claim dated December 8, 2009,[1] and states as follows:

     1.     On February 1, 2008 Claimant made an initial investment of $535,800.00 into

Rye Select Broad Market Fund, L.P. (the "Rye Fund"). As of October 31, 2008, the

statement from the Rye Fund valued the investment at $569,685.80.

     2.     All of the funds which Claimant invested in the Rye Fund were invested in

Bernard L. Madoff Investment Securities LLC ("BLMIS").

     3.     On or about December 11, 2008, the above-captioned liquidation proceeding

was commenced against BLMIS, pursuant to the Securities Investor Protection Act

("SIPA"), 15 U.S.C. § 78aaa *et seq.*

---

[1] A copy of Claimant's claim and its attachments is attached as **Exhibit A**. A copy of the
Trustee's Determination of Claim is attached as **Exhibit B**.

4.      On or about December 15, 2008, jurisdiction of this matter was transferred to the United States Bankruptcy Court for the Southern District of New York, and Irving Picard was appointed as Trustee.

5.      Pursuant to the SIPA, Trustee Picard was directed to oversee the liquidation of the assets of BLMIS and to process all claims against Defendant BLMIS, and the Debtor Bernard L. Madoff. *See* 15 U.S.C. § 78fff-1(a).

6.      By order of this Court dated December 23, 2008, the Trustee was directed to disseminate notice and claim forms to all former BLMIS customers setting forth claim-filing deadlines. *See* Order entered at Dkt. No. 12.  The Order directed the Trustee to "notify such claimant by mail of his determination that the claim is disallowed, in whole or in part, and the reason therefore . . ."

7.      In February 2009, prior to the claims filing deadline, Claimant duly filed a customer claim with the Trustee in the amount of $535,800.00.  We did not know our claim number and therefore please reference our tax identification number: 33-0835315.

8.      By Notice of Trustee's Determination of Claim dated December 8, 2009, the Trustee notified Claimant that its claim had been denied on the following basis:

> Based on a review of available books and records of BLMIS by the Trustee's staff, you did not have an account with BLMIS.  Because you did not have an account, you are not a customer of BLMIS under SIPA as that term is defined at 15 U.S.C. § 78*lll*(2).  Accordingly, your Claim for securities and/or a credit balance is **DENIED**.

9.      By this Notice of Objection, Claimant does hereby formally object to the determination by the Trustee.

10.     First Objection: The Trustee's determination fails to comply with the December 23, 2008 Order of the Court which directed the Trustee to satisfy customer's

claims in accordance with the Debtor's books and records or which "are otherwise

established to the satisfaction of the Trustee." *See* Dkt. No. 12 at 5. The Claimant's claim

included proper documentation of the amount owed to Claimant. Accordingly, the claim

should be allowed in full.

11.    Second Objection: Contrary to the determination of the Trustee, Claimant is a

"customer" as provided for by the Securities Investor Protection Act. As such, it is entitled

to receive SIPC insurance. Section 78*lll*(2) of the SIPA defines "customer" as "any person

who has deposited cash with the debtor for the purpose of purchasing securities."[2] *Sec.*

*Investor Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC*, 401 B.R. 629, 635 (Bankr.

S.D.N.Y. 2009) ("the mere act of entrusting . . . cash to the debtor for the purpose of

effecting securities transactions . . . triggers customer status . . ..") (alterations in original)

(citations omitted). Apparently, the Trustee has taken the position that the fact that Claimant

deposited funds with BLMIS indirectly is fatal to its claim as a "customer" under SIPA. This

position is incorrect.

---

[2] The statute provides that:

> The term "customer" of a debtor means any person (including any person with whom
> the debtor deals as principal or agent) who has a claim on account of securities
> received, acquired, or held by the debtor in the ordinary course of its business as a
> broker or dealer from or for the securities accounts of such person for safekeeping,
> with a view to sale, to cover consummated sales, pursuant to purchases, as collateral
> security, or for purposes of effecting transfer. The term "customer" includes any
> person who has a claim against the debtor arising out of sales or conversions of such
> securities, and any person who has deposited cash with the debtor for the purpose of
> purchasing securities, . . .

15 U.S.C. § 78*lll*(2).

12.     Under SIPA, the term "customer" is a term of art, and does not have its ordinary and customary meaning. *Arford v. Miller*, 239 B.R. 698, 701 (S.D.N.Y. 1999), *aff'd sub nom. In re Stratton Oakmont*, 210 F.3d 420 (2d Cir. 2000) (citations omitted). It is to be construed within the context of the definitional section of SIPA, and as interpreted by the courts.

13.     The statute does not require that one have a direct relationship with the subject broker to be considered a "customer" under SIPA. All the plain language of the statute requires is that (a) the claim against the debtor arose out of sales or conversion of securities, and (b) that the customer made deposits with the fiduciary of cash or securities. *See* 15 U.S.C. § 78*lll*(2). The legislative history of SIPA supports this interpretation.

14.     SIPA was enacted by Congress as remedial legislation to be liberally construed to effect the purpose of protecting the investments of customers of broker-dealers and investment advisers. *See In re First State Securities Corp.*, 34 B.R. 492, 496 (Bankr. S.D. Fla. 1983) (citing *Tcherepnin v. Knight*, 389 U.S. 332 (1967)). The fundamental purpose of SIPA was to protect the public in the event that the entities with whom they dealt with went bankrupt, or were otherwise unable to satisfy their customer agreements. *See SEC v. S.J. Salmon & Co., Inc.*, 375 F. Supp. 867, 871 (S.D.N.Y. 1974) ("The principal purpose of the [Securities Investor Protection] Act was to protect investors against financial losses arising from the insolvency of their brokers.") (citing H. Rep. No. 91-1613, at 1970 U.S. Code Cong. and Adm. News p. 5254 et seq.).

15.     The statute does not mandate that the funds or securities received by the debtor were received "directly" by the customer. Had this been a requirement, Congress would

-4-

have so required it. Indeed, Section 9 of SIPA covering advances by SIPC to the bankruptcy

trustee states that:

> no advance shall be made by SIPC to the trustee to pay or otherwise satisfy any net
> equity claim of any customer who is a broker or dealer or bank, <u>other than to the
> extent that it shall be established to the satisfaction of the trustee,</u> from the books and
> records of the debtor or from the books and records of a broker or dealer or bank, or
> otherwise, <u>that the net equity claim</u> of such broker or dealer or bank against the debtor
> <u>arose out of transactions for customers of such broker or dealer or bank . . ., in which
> event each such customer of such broker or dealer or bank shall be deemed a separate
> customer of the debtor.</u>

15 U.S.C. § 78fff-3(a)(5) (emphasis added).

16.    Whether a claimant is a "customer" does not depend upon to whom he or she

or it "handed her cash or made her check payable, or even where the funds were initially

deposited." *In re Old Naples Sec., Inc.*, 223 F.3d 1296, 1302 (11th Cir. 2000). "Instead, the

question is whether there was 'actual receipt, acquisition or possession of the property of a

claimant by the brokerage firm under liquidation.'" *Id.* (citing *In re Stalvey & Assoc., Inc.*,

750 F.2d 464, 469 (5th Cir. 1985) (quoting *SEC v. Kenneth Bove & Co.*, 378 F. Supp. 697,

700 (S.D.N.Y. 1974)). Here, Claimant can show that there was "actual receipt, acquisition or

possession" of its property by the Debtor.

17.    As this cause of action arose in New York, and New York law is applicable,

Claimant is entitled to interest on all of the funds deposited with BLMIS at the statutory rate.

New York CPLR § 5004, New York General Oblig. L. § 5-501 *et seq*. Furthermore, as the

actions by BLMIS arose out of conversion and fraud, Claimant is entitled to pre-judgment

interest. New York CPLR § 5001(a). *See also Singapore Recycle Centre Pte Ltd. v. Kad

Int'l*, 2009 WL 2424333 at *20 (E.D.N.Y. 2009).

18.     Claimant reserves all rights under Rule 9014 of the Federal Rules of
Bankruptcy Procedure, including, but not limited to, all rights of discovery.

19.     Claimant reserves the right to amend, alter, revise, or supplement this
Objection; any failure to object on a particular procedural or substantive ground shall not be
deemed a waiver of any such rights, all of which are hereby reserved.

20.     In the event that the Court does not allow Claimant's claim as a "customer"
claim, it should nevertheless allow Claimant's claim as a general unsecured creditor claim.

## **RELIEF REQUESTED**

21.     For the reasons set forth herein, the Court should find Claimant is a
"customer" within the definition of 15 U.S.C. § 78*lll*(2).

22.     For the reasons set forth herein, the Court should overrule the Trustee's
determination and find that Claimant should have its claims allowed in full to the extent
covered by SIPC.

23.     In the event that the Court does not allow Claimant's claim as a customer
claim, it should nevertheless allow the claim as a general unsecured creditor claim.

24.     For the reasons set forth herein, the Court should direct the SIPC to issue
immediate payment to Claimant in the amount of $535,800.00, plus interest from the date of
claim.

To the extent applicable, Claimant joins the
in the objections of those other claimants
similarly situated, and request such further
relief as this Court shall deem fair and
equitable.

Dated: December 31, 2009

David Sun     Diana Sun     John Tu
17665 Newhope Mfg., LLC

-6-