UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SECURITIES INVESTOR PROTECTION
CORPORATION,

                      Plaintiff

-against-

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

                      Defendant.
-----------------------------------------------------------x

Bankruptcy Case No.
08-1789 (BRL)

SIPA Liquidation

**OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM**

Maude Davis and the Maude Davis IRA, through their undersigned counsel, hereby object to the denial of their claims in the Notice's Trustee's Determination of Claims, both dated December 8, 2009, and state as follows:

1.     Maude Davis ("Davis") is an individual residing at 40 Fifth Avenue, #11B, New York, New York 10011.

2.     Maude Davis IRA ("Davis IRA") is an IRA account owned by Davis.

3.     On July 1, 2007, on the advice, recommendation and direction of her financial advisor, Davis invested $700,000 in Third Party Manager Beacon Associates LLC I. ("Beacon")

4. On or around May 1, 2008, on the advice, recommendation and direction of her financial advisor, the Davis IRA purchased a limited partner interest in the FM Low Volatility Fund (the "Fund") by making a $260,000 buy-in. The Fund made investments with four underlying hedge fund-of-funds (including Beacon, Andover Associates LLC I, Maxam Absolute Return Fund LP and one other), three of which had exposure to Madoff.

5. In mid-December 2008, Ms. Davis was informed by her financial advisor that she had exposure to and losses from the Bernard L. Madoff Investment Securities LLC ("Madoff") fraud through her investment in Beacon and the Davis IRA's investment in the Fund.

6. On December 29, 2008, according to an account statement provided by FMC, Davis's investment with Beacon was purportedly worth $195,364.73. The vast majority of Davis's $504,635.27 loss in Beacon was due to the Madoff fraud. Davis submitted a redemption notice to Beacon in February 2009 and has attempted to recover whatever balance that remains in her investment in Beacon, but Beacon has refused to return any amount of money to Davis.

7. On May 1, 2008, the Davis IRA's investment in the Fund was worth $260,000. On December 29, 2008, according to an account statement provided by FMC, the Davis IRA's investment in the Fund was worth $88,422.22. The vast majority of the Davis IRA's $171,577.58 loss in the Fund was due to the Madoff fraud.

8. Ms. Davis timely submitted two SIPC customer claims forms[1] with Trustee Picard for her Madoff losses related to investments in Third Party Managers Beacon Associates LLC and FM Low Volatility Fund, LP.

9. On or around December 8, 2009[2], the Trustee notified Davis and Davis IRA that their claims had been denied on the following basis:

> Based on a review of available books and records of BLMIS by the Trustee's staff, you did not have an account with BLMIS. Because you did not have an account, you are not a customer of BLMIS under SIPA as the term is defined at 15 U.S.C. § 78*lll*(2). Accordingly, your Claim for securities and/or a credit balance is **DENIED.**

10. By this Notice of Objection, Claimant does hereby formally object to the determination by the Trustee.

11. The statute defines a customer as:

> [A]ny person . . . who has a claim on account of securities received, acquired, or held by the debtor in the ordinary course of its business as a broker or dealer from or for the accounts of such person for safekeeping, with a view to sale, to cover consummated sales, pursuant to purchases, as collateral security or for purposes of effecting transfer. The term 'customer' includes any person who has a claim against the debtor arising out of sales or conversions of such securities, and any person who has deposited cash with the debtor for the purposes of purchasing securities,... 15 U.S.C. § 78*lll*(2)

12. 15 U.S.C. § 78*lll*(2) does not require that one have a direct relationship with the subject broker to be considered a "customer" under SIPA. The statute simply requires that (a) the claim against the debtor arise out of sales or conversion of securities, and (b) that the customer made deposits with the fiduciary of cash or securities.

---

[1] The claim forms and supporting documentation are attached as Exhibit A.
[2] Davis's Notice of Trustee's Determination of Claim is attached as Exhibit B. The Davis IRA's Notice of Trustee's Determination of Claim is attached as Exhibit C.

3

13. Under the statute, the term "customer" is a term of art, and does not have its ordinary and customary meaning. Arford v. Miller, 239 B.R. 698, 701 (S.D.N.Y. 1999), aff'd sub nom, In re Stratton Oakmont, 210 F.3d 420 (2d Cir. 2000).

14. A "customer" does not depend upon to whom he or she or it handed her cash or made her check payable, or even where the funds initially deposited. In re Old Naples Sec. Inc., 223 F.3d 1296, 1302 (11th Cir. 2000). "Instead, the question is whether there was "actual receipt, acquisition or possession of the property of a claimant by the brokerage firm under liquidation." Id. (citing In re Stalvey & Assoc. Inc., 750 F.2d 464, 469 (5th Cir. 1985) (quoting SEC v. Kenneth Bove & Co., 378 F. Supp. 697, 700 (S.D.N.Y. 1974.)) Davis and the Davis IRA can establish that their property was received, acquired or possessed by the Debtor.

15. Accordingly, Davis and the Davis IRA are customers as defined by 15 U.S.C. § 78lll(2).

16. The principle purpose of the statute is to protect investors against financial losses arising from the insolvency of their brokers. SEC v. S.J. Salmon, 375 F. Supp. 867, 871 (S.D.N.Y. 1974).

17. Ms. Davis has lost a significant portion of her personal wealth and been financially decimated. She is entitled to the protection provided by the statute.

18. Davis and the Davis IRA reserve the right to amend, alter, revise, or supplement this Objection.

### RELIEF REQUESTED

19. For the reasons set forth herein, the Court should find that Davis and the Davis IRA are "customers" within the definition of 15 U.S.C. § 78*lll*(2).

20. For the reasons set forth herein, the Court should overrule the Trustee's determination and find that Davis and the Davis IRA should have their claims allowed in full to the extent covered by SIPC.

21. To the extent applicable, Davis and Davis IRA join the objections of those other claimants similarly situated, and request such further relief as this Court shall deem fair and equitable.

Dated: New York, New York

    January 7, 2010

LIDDLE & ROBINSON, L.L.P.

By: *[signature]*
Jeffrey L. Liddle
Ethan A. Brecher
David H. Feldstein
Attorneys for Plaintiffs
800 Third Avenue
New York, New York 10022
(212) 687-8500

5