THOMAS G. VAN DYKE
MARGARET S. VAN DYKE
420 N. Bayshore Drive
Columbiana, OH 44408
Phone: (858) 337-1822 & 9833

January 5, 2010

**Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York 10004**

**Irving H. Picard, Trustee
C/o Baker & Hostetler LLP
Attention: Claims Department
45 Rockefeller Plaza
New York, New York 10111**



| | |
|---|---|
| REFERENCE: | **LIQUIDATION OF THE BUSINESS OF BERNARD L. MADOFF INVESTMENT SECURITIES, LLC ("BLMIS") BY IRVING H. PICARD, TRUSTEE BANKRUPTCY CASE NUMBER 08-1789 (BRL)** |
| SUBJECT: | **OPPOSITION TO "NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM" – REGARDING THOMAS G. VAN DYKE AND MARGARET S. VAN DYKE CLAIM NUMBER 001887 (JOINT); 015625 (THOMAS-IRA); 015626 (MARGARET – IRA)** |
| DIRECTED TO: | **THE HONORABLE JUDGE BURTON R. LIFLAND:** |

Dear Honorable Sir,

My husband and I strongly disagree with Mr. Irving H. Picard's denial of our SIPC claims, based on very simply grounds!

SIPC was formed to provide relief for people who find themselves in the very position we are in; Bernard Madoff stole our retirement assets!

It is completely and totally unconscionable, and unfair, that we should be denied benefit

Page 1 of 3

from SIPC funds, and the liquidation of Madoff assets by Mr. Picard, on the grounds that we were not "direct" clients of "BLMIS".

**DIRECT, OR INDIRECT, WE ARE STILL CLIENTS; IT WAS OUR ASSETS PLACED WITH MADOFF; IT WAS OUR ASSETS THAT WERE STOLEN BY THIS EVIL, UNSCROUPULOUS, IN-HUMANE MAN.**

WE HAVE SUSTAINED THE SAME DEVASTATING LOSSES OF OUR RETIREMENT FUNDS AS ANY "DIRECT" CLIENT OF BLMIS. OUR FINANCIAL LIVES HAVE BEEN DESTROYED. OUR RETIREMENT HOPES AND DREAMS, THAT WE SPENT YEARS BUILDING, ARE GONE; OUR RETIREMENT SECURITY IS GONE.

STILL, MR. PICARD AND SIPC, SAY OUR INVESTMENT LOSSES ARE NOT THE SAME AS SOMEONE WHO PLACED THE FUNDS DIRECTLY WITH MADOFF. "THEY" HAVE MADE A DETERMINATION THAT OUR INVESTMENT FUNDS ARE WORTH LESS THAN THOSE PLACED WITH MADOFF DIRECTLY.

WE ARE VICTIMS OF MADOFF AS MUCH AS SOMEONE WHO PLACED THEIR FUNDS DIRECTLY WITH "BLMIS", INSTEAD OF AN ASSET MANAGER, OR FUND, DOING SO.

OUR ASSETS WERE STOLEN IN THE SAME MANNER AS THE "DIRECT" CLIENTS INVESTMENTS/ASSETS.

It should make no difference to SIPC, Mr. Picard, or our federal courts, what vessel was used to invest funds with Madoff. A client is a client! Any assets placed with Madoff would create a "client" relationship with the owner of the investment funds. As long as a "client" can provide proof their funds were invested, they should be considered clients, directly or indirectly.

Both direct and indirect clients should be treated equally fair in the determinations made by Mr. Picard on behalf of SIPC, and in the eyes of our federal courts, and laws.

We understand it would require extensive work by Mr. Picard's staff to confirm the indirect client investments, but in today's computer age, the process should not be that onerous. Mr. Picard should treat each claim made by a "victim" with the up-most respect, because of the devastating effects Madoff has created in the lives of his victims. Mr. Picard's staff should be directed to do everything possible to confirm the legitimacy of a claim, including obtaining client lists from the "feeder" funds, and other investment vehicles used by indirect clients.

**WE SHOULD NOT JUST BE DISREGARDED AND DISMISSED BY MR. PICARD, AND SIPC!**

It is shameful that Mr. Picard and SIPC would even consider that our funds, our losses, are less because they were invested from a different source than directly. As far as we're concerned Mr. Picard/SIPC are victimizing us a second time in this matter.

I'm sorry your honor, but we are not yet represented by counsel, because of the devastation to our financial lives caused by this theft. We filed our claims without counsel, with hopes and prayers that the system would be fair to us, and we would not have to retain counsel to receive the help we expected SIPC to provide us as victims in this crime.

**PLEASE YOUR HONOR, YOU ARE THE LAST RESORT, AND HOPE, WE HAVE TO BRING FAIRNESS TO US IN THIS MATTER, TO STOP OUR BEING VICTIMIZED AGAIN.**

**WE RESPECTFULLY REQUEST THAT YOU PLEASE MAKE A DETERMINATION IN OUR FAVOR, THAT WILL FORCE SIPC (MR. PICARD), AND CONGRESS IF NEED BE, TO DO THE RIGHT THING; PROVIDE MUCH NEED HELP AND FUNDS THROUGH SIPC TO VICTIMS LIKE US.**

**AGAIN, WE ARE AS MUCH A CLIENT OF MADOFF, AS SOMEONE WHO INVESTED DIRECTLY WITH BLMIS.**

**PLEASE, SIR.... HELP THOSE OF US THAT ARE ALSO VICTIMS.**

Sincerely and respectfully yours,

_Thomas G. Van Dyke_ (signature)

Thomas G. Van Dyke                                      Margaret S. Van Dyke

Enclosure:  NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

# BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

## DECEMBER 11, 2008[1]

## NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

December 8, 2009

THOMAS G. VAN DYKE
420 N. BAYSHORE DRIVE
COLUMBIANA, OH  44408


Dear THOMAS G. VAN DYKE:

### PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim designated as Claim No. 015625:

Based on a review of available books and records of BLMIS by the Trustee's staff, you did not have an account with BLMIS. Because you did not have an account, you are not a customer of BLMIS under SIPA as that term is defined at 15 U.S.C. § 78lll (2). Accordingly, your Claim for securities and/or a credit balance is **DENIED**.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after December 8, 2009, the date on which the Trustee mailed this notice.

--------------------------------

[1] Section 78lll(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78lll(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York 10004

and

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
Attn: Claims Department
45 Rockefeller Plaza
New York, New York 10111

*/s/ Irving H. Picard*

**Irving H. Picard**

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC