CADWALADER, WICKERSHAM & TAFT LLP
One World Financial Center
New York, NY 10281
Telephone: (212) 504-6000
Fax: (212) 504-6666

*Counsel for Milton Fine Revocable Trust and*
*Milton Fine 1997 Charitable Remainder Unitrust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------X

SECURITIES INVESTOR PROTECTION
CORPORATION,

                      Plaintiff-Applicant,        Adv. Pro. No. 08-01789-BRL

      v.

                                  SIPA Liquidation

BERNARD L. MADOFF INVESTMENT      (Substantively Consolidated)
SECURITIES LLC,

                      Defendant.

------------------------------------------------------------------X

In re:

BERNARD L. MADOFF,

                      Debtor.

------------------------------------------------------------------X

**OBJECTION TO DETERMINATION OF CLAIM**

       MILTON FINE REVOCABLE TRUST AND MILTON FINE 1997 CHARITABLE REMAINDER UNITRUST, by and through their counsel, hereby objects to the Trustee's Determination of Claims, and respectfully shows as follows:

**Background**

1. Milton Fine Revocable Trust timely filed a claim for $1,016,665.00 in this Securities Investor Protection Corporation ("SIPC") proceeding, which the Trustee duly acknowledged as timely filed and designated as Claim No. 004725. A copy of the claim is attached hereto as Exhibit A. Milton Fine Revocable Trust held net investment interests in Greenwich Sentry, L.P ("Greenwich") with the total net investment value of $1,016,665.00 at or around December 2008 as listed in the claim. Greenwich invested Milton Fine Revocable Trust's funds in Bernard L. Madoff Investment Securities LLC ("BLMIS"), causing Milton Fine Revocable Trust to bear the ultimate loss in this SIPC Liquidation resulting from the fraudulent scheme perpetrated by Bernard L. Madoff and BLMIS.

2. The Trustee issued a "Notice of Trustee's Determination of Claim," denying the "customer claim" under 15 U.S.C. § 78111(2) because "[based on a review of available books and records of BLMIS by the Trustee's staff, [Milton Fine Revocable Trust] did not have an account with BLMIS," and was therefore not a "customer." A copy of the Notice is attached hereto as Exhibit B.

3. Milton Fine 1997 Charitable Remainder Unitrust timely filed a claim for $3,214,962.73 in this SIPC proceeding, which the Trustee duly acknowledged as timely filed and designated as Claim No. 004726. A copy of the claim is attached hereto as Exhibit C. Milton Fine 1997 Charitable Remainder Unitrust held net investment interests in Fairfield Sentry Limited ("Fairfield") with the total net investment value of $3,214,962.73 at or around December 2008 as listed in the claim. Fairfield invested Milton Fine 1997 Charitable Remainder Unitrust's funds in BLMIS, causing Milton Fine 1997 Charitable Remainder Unitrust to bear the ultimate loss in this SIPC Liquidation resulting from the fraudulent scheme perpetrated by Bernard L. Madoff and BLMIS.

4.  The Trustee issued a "Notice of Trustee's Determination of Claim," denying the "customer claim" under 15 U.S.C. § 78111(2) because "[b]ased on a review of available books and records of BLMIS by the Trustee's staff, [Milton Fine 1997 Charitable Remainder Unitrust] did not have an account with BLMIS," and was therefore not a "customer." A copy of the Notice is attached hereto as Exhibit D.

5.  Milton Fine Revocable Trust and Milton Fine 1997 Charitable Remainder Unitrust (collectively, the "Investors") hereby object to these determinations and submit that they are each a "customer" for purposes of, and are entitled to recover in, this SIPC proceeding in the same manner and to the same extent as "direct" investors who had accounts with BLMIS.

## Legal Argument

6.  The Supreme Court has stated that "Congress' primary purpose in enacting the SIPA and creating the SIPC was . . . the protection of investors." *See SIPC v. Barbour*, 421 U.S. 412, 421 (1975). When a brokerage firm, like BLMIS, is a member of SIPC, SIPC may intervene in the firm's bankruptcy proceedings, gather the assets of the brokerage firm's "customers," and distribute those assets directly to them. *See* 15 U.S.C. § 78aaa *et seq.* If the brokerage firm lacks sufficient assets to refund the customer's claim, SIPC may then advance monies to the customer from the SIPC fund. *See* 15 U.S.C. § 78fff-3.

7.  SIPA defines a "customer" as:

> Any person (including any person with whom the debtor deals as principal or agent) who has a claim on account of securities received, acquired, or held by the debtor in the ordinary course of its business as a broker or dealer from or for the securities accounts of such person for safekeeping, with a view to sale, to cover consummated sales, pursuant to purchases, as collateral security, or for purposes of effecting transfer. The term "customer" includes any person who has a claim against the debtor arising out of sales or conversions of such securities, and any person who has

> deposited cash with the debtor for the purpose of purchasing securities . . .

15 U.S.C. §78111(2).

8. The Investors fall within section 78111(2) under a plain reading of the statute. The Investors' funds were intended to be and were invested by Greenwich and Fairfield in BLMIS. There is no substantive difference between the Investors and other investors who invested funds directly in BLMIS. It was the express purpose of the Greenwich and Fairfield investments to direct the funds in the ordinary course of the business to BLMIS. As Greenwich's and Fairfield's literature made clear, Greenwich and Fairfield acted as a conduit by which funds would be invested with BLMIS. BLMIS solicited investors like the Investors through other "feeder funds" such as Greenwich and Fairfield in order to expand its reach and perpetuate its fraudulent scheme. The Investors were in virtual, if not actual, privity with BLMIS and suffered the same harm as direct investors in BLMIS.

9. A claimant's status as a "customer" under the statute does not depend on the person or entity to whom he handed his cash or made his check payable, or even where the funds were initially deposited. *In re Old Naples Secs., Inc.*, 223 F.3d 1296, 1302-03 (11th Cir. 2000). Instead, customer status under the statute depends on whether there was, as there was here, "actual receipt, acquisition or possession of the property of a claimant by the brokerage firm under liquidation" like BLMIS, such that the brokerage firm "acquired control over all of the claimants' funds" as BLMIS did here. *Id.* at 1302-04. In this case, the Investors' funds were deposited with their "actual receipt, acquisition or possession" by BLMIS, and BLMIS "acquired control" over their property.

10. Both the equities of the situation, as well as the realities of today's investment securities marketplace, require that the Investors be afforded the same status in this

-4-

proceeding as "direct" investors in BLMIS.

## Relief Requested

11. For the reasons stated, it is respectfully requested that the Court overrule the Trustee's determination and find the Investors to be "customers" within the meaning of 15 U.S.C. § 78111(2), direct that the Investors be treated by the Trustee in the same manner and grant them relief in the SIPC Liquidation proceeding to the same extent as direct investors in BLMIS, hold a hearing to determine this dispute, and grant such other and further relief as may be just, proper, and equitable.

12. The Investors reserve the right to revise, supplement or amend this Objection. Any failure to object on a particular ground or grounds shall not be construed as a waiver of the right to object on additional grounds. The Investors also join in the Objections of other claimants in the same position and reserve the right to respond to the Trustee as and to the extent necessary or appropriate and to file supplemental memoranda of law.

Dated:    January 8, 2010
         New York, New York

                        CADWALADER, WICKERSHAM & TAFT LLP

                        By:    /s/ Martin L. Seidel
                                Dennis J. Block
                                Martin L. Seidel

                        One World Financial Center
                        New York, NY 102881
                        Telephone: (212) 504-6000
                        Fax: (212) 504-6666

                        Counsel for Milton Fine Revocable Trust and Milton Fine
                        1997 Charitable Remainder Unitrust