any loss which may result therefrom.

3.   To hold two or more trusts or other funds in one or more consolidated funds in which separate trust or funds shall have an undivided interest.

## ARTICLE VIII

### COMPENSATION, REIMBURSEMENT and INDEMNIFICATION OF TRUSTEE

8.01   As compensation for services hereunder the Trustees may, at their option, receive reasonable fees for their services, limited by reasonable trustees fees then currently charged by trust institutions.  Such compensation may be charged currently or deferred in the discretion of the Trustee.

8.02   The Trustee shall have the right to make reasonable charges each year for his or her service in preparing or having prepared income and other tax returns for the Trust Estate. The Trustee shall not, however, be obligated to file any income profit or other tax returns or schedules.  The beneficiaries shall individually make such report and pay any and all taxes growing out of their respective interest hereunder.

8.03   If the Trustee makes any advances of money on account of this Trust, is made a party to any litigation on account of holding title to the real estate or in connection with this Trust, or if Trustee is compelled to pay any sum of money on account of this Trust, whether on account of breach of contract, injury to personal property, fines or penalties under law or

THE EDWARD MEYER REVOCABLE TRUST

Initials: _____
Edward Meyer

Page 12 of 20 Pages

otherwise, the beneficiaries will on demand pay to Trustee, with interest thereon at the rate of twelve percent (12%) per year, all such disbursements or advances or payments made by Trustee together with Trustee's expenses, including reasonable attorneys' fees. Trustee shall not be called on to convey or otherwise deal with the trust property at any time held hereunder until all such disbursements, payments, advances, and expenses made or incurred by Trustee have been fully paid, together with interest thereon. Trustee shall not be required to advance or to pay out any money on account of this Trust or to prosecute or defend any legal proceeding involving this Trust or any property or interest hereunder unless Trustee is furnished with funds sufficient therefor or is satisfactorily indemnified in respect thereto.

8.04    In the event that an institution is nominated and appointed as Trustee of this Trust, by the settlor or by Judicial action, compensation of the Institutional Trustee shall be the then currently published trustee fees by that institution.

### ARTICLE IX

9.01    EDWARD MEYER is nominated and appointed Trustee of this, THE EDWARD MEYER REVOCABLE TRUST. If EDWARD MEYER shall be unable or unwilling to commence his duties, or to continue to act as a Trustee hereunder, or resign, then the Settlor hereby nominates and appoints his intended wife, MARCIA QUINN, and his son, FRANK MEYER, as Successor Trustees, with all of the authority, THE EDWARD MEYER REVOCABLE TRUST

Initials:  _____
Edward Meyer

Page 13 of 30 Pages

power, duty and responsibility of the original Trustee. In the event that MARCIA QUINN shall be unable or unwilling to commence her duties, or to continue to act as Trustee hereunder, or resigns, then the Settlor hereby directs that FRANK MEYER may act alone. In the event that FRANK MEYER shall be unable or unwilling to commence his duties, or to continue to act as Trustee hereunder, or resigns, then the Settlor hereby nominates his son, PETER MEYER, to act as Trustee in the place and instead of his son, FRANK MEYER. None of the Trustees here named shall be bonded.

9.02   If the Settlor or any individual named Trustee, or individual named Successor Trustee is either (1) under a legal disability determined by a Court of competent jurisdiction, or (2) has a mental or physical disability while serving as Trustee which in the opinion of two doctors renders that person unable to properly manage his or her affairs, he or she shall be deemed incapacitated for the purpose of this Trust Agreement. Persons deemed incapacitated under this paragraph shall be deemed rehabilitated when he or she is no longer under a legal disability determined by a Court, or when in the written opinion of two doctors he or she is able to properly manage his or her affairs, if there is no written Court opinion to the contrary. When rehabilitated under this definition, that individual shall resume the duties and powers he or she had prior to the incapacity and his or her successors shall relinquish all powers and be relieved of

THE EDWARD MEYER REVOCABLE TRUST

Initials: _____
Edward Meyer

Page 14 of 20 Pages

all duties forthwith.

9.03 Whenever the word "Trustees" or any modifying or substituted pronoun therefore is used in this Trust, such words and respective pronouns shall be held and taken to include both the singular and the plural, the masculine, feminine and neuter gender thereof, and shall apply equally to the Trustee named herein and to any successor or substitute Trustee acting hereunder, and such successor or substitute Trustee shall possess all the rights, powers and duties, authority and responsibility conferred upon the Trustees originally named herein.

## ARTICLE X

By way of illustration and not of limitation and in addition to any inherent, implied or statutory powers granted to trustees generally, the Trustee is specifically authorized and empowered with respect to any property, real and personal, at any time held under any provision of this Trust: to allot, allocate between principal and income, assign, borrow, buy, care for, collect, compromise claims, contract with respect to, continue any business of the Settlor, convey, convert, deal with, dispose of, enter into, exchange, hold, improve, incorporate any business of the Settlor, invest, lease, manage, mortgage, grant and exercise options with respect to, take possession of, pledge, receive, release, repair, sell, sue for, to make distributions in cash or in kind or partly in each without regard to the income tax basis of

THE EDWARD MEYER REVOCABLE TRUST

Initials: _____
Edward Meyer

Page 15 of 20 Pages

such asset and in general, to exercise all of the powers in the management of the Trust Estate which any individual could exercise in the management of similar property owned in its own right, upon such terms and conditions as to the Trustee may seem best, and to execute and deliver any and all instruments and to do all acts which the Trustee may deem proper or necessary to carry out the purposes of this Trust, without being limited in any way by the specific grants of power made, and without the necessity of a court order. . .

## ARTICLE XI

If any share hereunder becomes distributable to a beneficiary who has not attained the age of Twenty One (21) years, then such share shall immediately vest in such beneficiary, but notwithstanding the provisions herein, the Trustee may retain possession of such share in trust for such beneficiary until such beneficiary attains the age of Twenty One (21), using so much of the net income and principal of such share as the Trustee deems necessary to provide for the proper support, medical care, and education of such beneficiary, taking into consideration to the extent the Trustee deems advisable any other income or resources of such beneficiary or his or her parents known to the Trustee. Any income not so paid or applied shall be accumulated and added to principal. Such beneficiary's share shall be paid over and distributed to such beneficiary upon attaining age Twenty One (21),

THE EDWARD MEYER REVOCABLE TRUST

Initials: _Fill_
Edward Meyer

Page 16 of 28 Pages

or if he or she shall sooner die, to his or her executors or administrators. The Trustee shall have with respect to each share so retained all the powers and discretions had with respect to the trusts created herein generally.

## ARTICLE XII

If at any time any trust created hereunder has a fair market value as determined by the Trustee of Fifteen Thousand Dollars ($15,000.00) or less, the Trustee, in its absolute discretion if it determines that it is uneconomical to continue such trust, may terminate such trust and distribute the trust property to the person or persons then entitled to receive or have the benefit of the income therefrom or the legal representative of such person. If there is more than one income beneficiary, the Trustee shall make such distribution to such income beneficiaries in the proportion in which they are beneficiaries or if no proportion is designated in equal shares to such beneficiaries.

## ARTICLE XIII

Except as otherwise provided herein, all payments of principal and income payable, or to become payable, to the beneficiary of any trust created hereunder shall not be subject to anticipation, assignment, pledge, sale or transfer in any manner, nor shall any said beneficiary have the power to anticipate or encumber such interest, nor shall such interest, while in the possession of the Trustee, be liable for, or subject to, the debts,

THE EDWARD MEYER REVOCABLE TRUST

Initials: _____

Edward Meyer

Page 17 of 20 Pages

contracts, obligations, liabilities or torts of any beneficiary.

## ARTICLE XIV

Notwithstanding anything herein to the contrary, the trusts created hereunder shall terminate not later than Twenty-One (21) years after the death of the Settlor, if not sooner terminated.

## ARTICLE XV

This Trust has been created in contemplation of the intended marriage of the Settlor to MARCIA QUINN. If no marriage takes place prior to the death of the Settlor, than all provisions in this Trust with respect to MARCIA QUINN shall be null and void. Furthermore, if the Settlor shall marry MARCIA QUINN and then there is a dissolution of the said marriage, then all provisions in this Trust with respect to MARCIA QUINN shall be null and void.

## ARTICLE XVI

This Agreement shall be binding upon the heirs, Personal Representatives, successors and assigns of the parties hereto.

## ARTICLE XVII

This agreement shall not be placed on record in the office of the recording officer of any county in which the trust property is situated, or elsewhere. Any such recording shall not be considered as notice of rights of any person hereunder derogatory to the title or powers of Trustee.

THE EDWARD MEYER REVOCABLE TRUST

Initials: _____
Edward Meyer

Page 18 of 20 Pages

hereby designates EDWARD MEYER to act in all capacities as Trustee until such time as she revokes such designation.

Signed, sealed and delivered
in the presence of:

_Charles R. Cohen_
(As to Trustee)

_Edward Meyer_
EDWARD MEYER, as Trustee

_Vicki E. Ottman_
(As to Trustee)

STATE OF FLORIDA        )
COUNTY OF BROWARD       )

    I HEREBY CERTIFY that on this date, before me, an officer duly authorized to take acknowledgments, personally appeared EDWARD MEYER, to me well known and known to me to be the person described in and who executed the foregoing Trust Agreement as Settlor and Trustee and he acknowledged before me that he executed the same for the purposes therein expressed.

    WITNESS my hand and seal in the State and County last aforesaid on the 2nd day of July, 1993.

_Donald E. Hajamovitch_
Notary Public, State of Florida

My Commission expires:

DONALD E. HAJAMOVITCH
MY COMMISSION EXPIRES
March 25, 1994
BONDED THRU NOTARY PUBLIC UNDERWRITERS

THE EDWARD MEYER REVOCABLE TRUST

Initials: _EM_
Edward Meyer

Page 20 of 20 Pages

SCHEDULE "A"

Under Trust Agreement Dated: July 2nd, 1993

1.



THE EDWARD MEYER REVOCABLE TRUST

Initials: _____
Edward Meyer

Page 21 of 20 Pages

## SCHEDULE "B"

### Under Trust Agreement Dated: July 2nd, 1993

1.

Statement of Counsel for the Estate: This Interim Accounting is being submitted by Counsel for the Estate, Andrew K. Fein, Esq., in compliance with this Court's instructions in open court on Tuesday, August 15, 2000. It is intended to acquaint all interested persons with the status of the assets included within and related to the Estate.

Copies of this Interim Accounting have been served via U.S. Mail on the following interested persons this ___ day of September, 2000:

Marcia Ann Meyer, 2909 S. Ocean Blvd., Apt. 2D, Highland Beach, FL 33487

Frank Meyer, 21535 Mt. Aetna Road, Hagerstown, MD 21742

Peter Meyer, 27 Arliegh Road, Great Neck, New York 11021

Patricia Meyer Campbell, 2311 Castleford Terrace, Midlothian, Virginia 23113

Rachel Meyer, 7 Maple Lane, Huntington, New York 11743

Frederick C. Heidgerd, Esq., Counsel for Diana Meyer, Trimmier Law Firm, 37 S.E. 5th Street, Suite 100, Boca Raton, Florida 33432

Cynthia Meyer, 322 W. 14th Street, Apt. 3B, New York, New York 10014

George D. Karibjanian, Esq., Counsel for Marcia Ann Meyer, Proskauer Rose, LLP, 2255 Glades Road, Suite 340 West, Boca Raton, Florida 33431-7360

ANDREW K. FEIN, ESQ.
Attorney for the Co-Personal Representatives
Florida Bar No. 956430
BLOCH & MINERLEY, P.L.
980 North Federal Highway
Suite 412
Boca Raton, FL 33432
Telephone: (561) 362-6699

IN THE CIRCUIT COURT FOR PALM BEACH COUNTY, FLORIDA

IN RE: ESTATE OF

EDWARD J. MEYER,

Deceased.

PROBATE DIVISION

File No.: CP 99-4504

Division: IY

## INTERIM ACCOUNTING OF PERSONAL REPRESENTATIVES

### From September 6, 1999, through August 1, 2000

The purpose of this interim accounting is to acquaint all interested persons with the transactions that have occurred during the period covered by the accounting and the assets that remain on hand. This accounting is being given pursuant to the direction of the Honorable John D. Wessel, judge presiding, given in open Court on August 15, 2000.

It is important that this accounting be carefully examined. Requests for additional information and any questions should be addressed to the personal representatives or the attorneys for the personal representatives, the names and addresses of whom are set forth below.

Under penalties of perjury, the undersigned personal representative declares that I have read and examined this accounting and that the facts and figures set forth in the attached Schedules are true, to the best of my knowledge and belief, and that it is a complete report of all cash and property transactions and of all receipts and disbursements by me as personal representative of the Estate of Edward J. Meyer, deceased, from the date of death through August 1, 2000.

NOTE: This Interim Accounting has been prepared in response to a request from the Court. My signature below in no way constitutes an admission that any particular asset should be included, or excluded, in the probate estate. My signature below is without prejudice to my rights as an individual to make any claims as to particular assets, and whether those assets are part of the probate estate, or pass outside the probate estate.

Signed on this ___September    7___, 2000.

**MARCIA ANN MEYER**
Personal Representative

Signed on this _____, 2000.

Signed on next page

**FRANK MEYER**
Personal Representative

IN THE CIRCUIT COURT FOR PALM BEACH COUNTY, FLORIDA

IN RE  ESTATE OF                    PROBATE DIVISION

    EDWARD J. MEYER                File No.: CP 99-4504

    Deceased                       Division: IY

## INTERIM ACCOUNTING OF PERSONAL REPRESENTATIVES

### From September 6, 1999, through August 1, 2000

The purpose of this interim accounting is to acquaint all interested persons with the transactions that have occurred during the period covered by the accounting and the assets that remain on hand. This accounting is being given pursuant to the direction of the Honorable John D Wessel, judge presiding, given in open Court on August 15, 2009.

It is important that this accounting be carefully examined Requests for additional information and any questions should be addressed to the personal representatives or the attorneys for the personal representatives, the names and addresses of whom are set forth below

Under penalties of perjury, the undersigned personal representative declares that I have read and examined this accounting and that the facts and figures set forth in the attached Schedules are true, to the best of my knowledge and belief, and that it is a complete report of all cash and property transactions and of all receipts and disbursements by me as personal representative of the Estate of Edward J. Meyer, deceased, from the date of death through August 1, 2000

NOTE:  This Interim Accounting has been prepared in response to a request from the Court. My signature below in no way constitutes an admission that any particular asset should be included, or excluded, in the probate estate  My signature below is without prejudice to my rights as an individual to make any claims as to particular assets, and whether those assets are part of the probate estate, or pass outside the probate estate.

Signed on this _____, 2000.

                              Signed on prior page

                              MARCIA ANN MEYER
                              Personal Representative

Signed on this *September 6*, 2000.

                              FRANK MEYER
                              Personal Representative

# KUSTAL & FERBER, P.C.

**CERTIFIED PUBLIC ACCOUNTANTS**

347 FIFTH AVENUE-SUITE 709
NEW YORK, NEW YORK 10016
TEL. (212) 576-1557
FAX. (212) 576-1555

August 30, 2000

Andrew K. Fein, Esq.
Bloch & Minerley, P.L.
980 North Federal Highway, Suite 412
Boca Raton, Florida 33432

Re: Estate of Edward Meyer

Dear Drew,

As per our telephone conversation, enclosed please find the following schedules for the Estate of Edward Meyer from the date of death (September 6, 1999) through August 1, 2000.

1) Schedule of Assets Remaining on Hand

2) Schedule of Marketable Securities

3) Schedule of Cash Receipts

4) Schedule of Cash Disbursements

5) Schedule of Reinvested Dividends

6) Schedule of Funds Received and Disbursed
   by Edward Meyer Enterprises, Inc.

If you have any questions or need any further information, please do not hesitate to call.

Very truly yours,

Glenn M. Kustal, CPA

ESTATE OF EDWARD MEYER
SCHEDULE OF ASSETS REMAINING ON HAND
JULY 31, 2000

| | | |
|---|---|---:|
| Cash in Bank - SunTrust Bank - Checking Account | $ | 15,042.00 |
| Fidelity Investments - Cash Balance | | 20.00 |
| Marketable Securities - Schedule Attached | | 582,993.00 |
| Individual Retirement Account<br>Cohmad Securities Corporation<br>103009 Shs Ultimate Software Group, Inc. | | 943,150.00 |
| Investment - 75% Interest in Subchapter<br>"S" corporation - BCB, Inc. | | 37,500.00 |
| Investment - 2.5% Interest in Partnership -<br>Fifth and Fifth Associates, Ltd. | | 100.00 |
| Receivable from Edward Meyer<br>Enterprises, Inc. - Schedule Attached | | 37,469.00 |
| Loan receivable - Andy Peters | $120,000.00 | 0.00 |
| Total | | $1,616,274.00 |

Notes:

(1) Marketable Securities - are currently held in Fidelity
Investments account# X40-151270

(2) BCB, Inc. Investment valued at 75% of estimated balance
in checking account.

(3) Receivable from Edward Meyer Enterprises, Inc. has been
reduced by mortgage payments to SunTrust Mortgage, Inc.
totaling $465,931. The mortgage was on the residence
owned by Edward Meyer Enterprises, Inc. The proceeds
from the original loan was invested in BCB.

(4) Loan receivable - Andy Pita - collection of this loan is
highly questionable.

ESTATE OF EDWARD MEYER
SCHEDULE OF MARKETABLE SECURITIES
JULY 31, 2000

| Shares | Security | Unit Price | Market Value |
|---|---|---|---|
| 959.5350 | A T & T Corp | $30.9375 | 29,686 |
| 39. | Con Edison | 30.3125 | 1,182 |
| 3483.777 | Dreyfus Fund | 12.6300 | 44,000 |
| 36. | NCR | 35.4380 | 1,276 |
| 752. | Lucent Technologies, Inc | 43.6250 | 32,806 |
| 510.034 | SBC Communications, Inc | 42.5630 | 21,709 |
| 49403. | Ultimate Software Group, Inc | 9.1560 | 452,334 |
| | Total | | $582,993 |

Dreyfus Fund

| | | |
|---|---|---|
| 09/30/99 | 49.79 | |
| 12/21/99 | 49.85 | |
| 12/21/99 STCG | 315.74 | |
| 12/21/99 LTCG | 1080.15 | |
| 04/03/00 | 34.36 | |
| 06/30/00 | 51.58 | |
| 06/30/00 STCG | 209.76 | |
| 06/30/00 LTCG | 316.35 | 2107.58 |

Lucent Technologies, Inc.

| | | |
|---|---|---|
| 12/09/99 | 15.04 | |
| 04/07/00 | 15.04 | |
| 06/26/00 | 15.04 | 45.12 |

SBC Communications, Inc.

| | | |
|---|---|---|
| 11/01/99 | 84.00 | |
| 02/01/00 | 103.41 | |
| 02/22/00 | 19.01 | |
| 05/01/00 | 108.27 | |
| 05/01/00 | 19.91 | |
| 08/01/00 | 108.89 | 443.49 |

**Total Dividends**                                              3,530.63

## Proceeds from Sales of Securities

Sales of Ultimate Software Group, Inc

| | | | |
|---|---|---|---|
| 01/21/00 | 500 | Shs | $  4,679.75 |
| 01/21/00 | 2200 | Shs | 20,453.50 |
| 01/21/00 | 4500 | Shs | 42,399.25 |
| 01/21/00 | 6000 | Shs | 55,969.83 |
| 01/21/00 | 17400 | Shs | 160,681.36 |
| 01/27/00 | 800 | Shs | 7,387.64 |
| 01/28/00 | 2000 | Shs | 18,469.12 |
| 01/31/00 | 100 | Shs | 923.45 |
| 02/09/00 | 4200 | Shs | 43,575.65 |

**Total   37700**                                       354,539.55

Cash in Lieu of Fractional Shares

| | | |
|---|---|---|
| 01/12/00 SBC Communications | 48.54 | |
| 04/07/00 | 48.54 | 97.08 |

**Total Proceeds from Sales**                          354,636.63

**Total Receipts**                                     $358,504.53

($17966.13 )
Disoursements exceed Receipts ?

## ESTATE OF EDWARD MEYER
### SCHEDULE OF CASH DISBURSEMENTS
### SEPTEMBER 6, 1999 - AUGUST 1, 2000

SunTrust Bank Money Market Account:

| | | |
|---|---|---:|
| 09/07/99 | Edward Meyer Enterprises, Inc.- Transfer | $15,000.00 |
| 01/24/00 | SunTrust Bank - Bank Charge | 10.00 |
| 01/25/00 | SunTrust Bank - Bank Charge | 10.00 |
| 02/23/00 | SunTrust Bank - Bank Charge | 10.00 |
| | Total | 15,030.00 |

SunTrust Bank - Checking Account:

| | | |
|---|---|---:|
| 10/14/99 | Florida Department of Revenue -1999 Florida Intangible Tax | 2,224.00 |
| 10/08/99 | American Express - Estate Debt | 6,063.89 |
| 10/08/99 | Meddoff & Wishoeff, PA - Estate Debt | 99.50 |
| 10/08/99 | Beth Israel Memorial Chapel - Funeral Estate | 466.00 |
| 10/08/99 | Sun Trust Bankcard, N.A. - Estate Debt | 3,264.33 |
| 10/08/99 | BRMA, PA, DBA Prohealth Medical - Estate Debt | 43.93 |
| 11/27/99 | Kustal & Ferber, PC - Accounting Services | 1,425.00 |
| 11/27/99 | Kustal & Ferber, PC - Accounting Services | 1,575.00 |
| 11/27/99 | Kustal & Ferber, PC - Estate Debt | 1,849.00 |
| 11/27/99 | Kustal & Ferber, PC - Estate Debt | 2,756.38 |
| 12/09/99 | American Express - Interest | 97.18 |
| 12/09/99 | SunTrust Bankcard NA - Interest | 45.39 |
| 02/08/00 | US Treasury - 1998 Personal Federal Income Tax | 244,043.00 |
| 02/08/00 | US Treasury -Interest | 15,757.00 |
| 02/08/00 | Commission of Taxation 1998 Personal NYS Income Tax | .00 |
| 02/08/00 | Commission of Taxation - Inter | .00 |
| 02/08/00 | SunTrust Bank - Loan Payable | .00 |
| 02/08/00 | SunTrust Bank - Interest | .19 |
| 02/08/00 | Kustal & Ferber PC - Accounting | .00 |
| 02/08/00 | Bloch & Minerley, P.L. - Legal | .50 |
| 02/17/00 | SunTrust Bank - Bank Charges | .00 |
| 02/18/00 | SunTrust Bank - Bank Charges | .00 |
| 03/15/00 | SunTrust Bank - Interest Loan | .98 |
| 04/03/00 | Bloch & Minerley, P.L. - Legal | .47 |
| 05/12/00 | Bloch & Minerley - Legal Servi | .00 |
| 06/15/00 | Commission Of Taxation - Inter NYS Income Tax | .76 |
| 06/27/00 | Florida Department of Revenue -2000 Florida Intangible Tax | 1,974.00 |
| 07/24/00 | Bloch & Minerley, P.L. - Legal Services | 2,056.16 |
| 07/24/00 | Kustal & Ferber, PC - Accounting Services | 2,100.00 |
| | Total | 361,440.66 |
| | Total Disbursements | $376,470.66 |

**ESTATE OF EDWARD MEYER**
**SCHEDULE OF FUNDS RECEIVED AND DISBURSED**
**BY EDWARD MEYER ENTERPRISES, INC.**
**SEPTEMBER 6, 1999 - AUGUST 1, 2000**

Funds Received:

| | | |
|---|---|---|
| 09/07/99 | Transfer from Edward Meyer Money Market Account | $ 15,000.00 |
| 09/21/99 | BCB, Inc. - Distribution | 490,000.00 |
| 09/21/99 | BCB, Inc. - Distribution | 4,875.00 |
| | **Total Received** | **$509,875.00** |

Disbursements:

| | | |
|---|---|---|
| 09/07/99 | Beth Israel Funeral Home | 3,393.00 |
| 09/10/99 | SunTrust Mortgage Inc. | 2,539.78 |
| 09/22/99 | Suntrust Bank - Loan Interest | 179.72 |
| 09/22/99 | SunTrust Mortgage, Inc. | 463,391.69 |
| 10/06/99 | Block & Minerley, P.L. - Initial Retainer | 2,000.00 |
| 09/28/99 | Boca West Country Club | 577.88 |
| 09/16/99 | BellSouth | 51.73 |
| 09/16/99 | Florida Power & Light Company | 271.99 |
| | **Total Disbursements** | **472,405.79** |
| | **Excess Funds Received** | **$ 37,469.21** |

| Field | Value | | |
|---|---|---|---|
| 421 | SMIS - SUMMONS ISSUED | | |
| Filing Date: | 1-Mar-06 | | |
| Filing Party: | KATZMAN , ESQ, STEVEN M | | |
| Disposition Amount: | | | |
| Docket Text: | TO: MARK D. MCWILLIAMS SM-06-013027 | | |

| 421 | SRTN - SERVICE RETURN (ATTACHED) | 421 | |
| Filing Date: | 1-Mar-06 | | |
| Filing Party: | | | |
| Disposition Amount: | | | |
| Docket Text: | INVIDIVUAL SERVICE ON 02/28/06 | | |

| 422 | SMIS - SUMMONS ISSUED | | |
| Filing Date: | 14-Mar-06 | | |
| Filing Party: | KATZMAN , ESQ, STEVEN M | | |
| Disposition Amount: | | | |
| Docket Text: | TO: WESTERN SURETY CO. SM-06-016011 | | |

| 422 | SRTN - SERVICE RETURN (ATTACHED) | 422 | |
| Filing Date: | 14-Mar-06 | | |
| Filing Party: | | | |
| Disposition Amount: | | | |
| Docket Text: | SERVED LULA KELLY ON 03/06/06 | | |

| 423 | NOS - NOTICE OF SERVICE | | |
| Filing Date: | 16-Mar-06 | | |
| Filing Party: | | | |
| Disposition Amount: | | | |
| Docket Text: | OF PROCESS TO WESTERN SURETY CO SERVED 3/8/06 | | |

| 424 | PET - PETITION | | |
| Filing Date: | 20-Mar-06 | | |
| Filing Party: | MCWILLIAMS, MARK D | | |
| Disposition Amount: | | | |
| Docket Text: | FOR ADMINISTRATOR AD LIMET'S DISCHARGE, TO DISCHARG | | |

| Field | Value | | |
|---|---|---|---|
| 173 | MOT - MOTION | | |
| Filing Date: | 22-Dec-03 | | |
| Filing Party: | MEYER, MARSHA | | |
| Disposition Amount: | | | |
| Docket Text: | RENEWED MOT. TO CONFIRM AWARD & ENTER FINAL JUDGMENT | | |

| 174 | MOT - MOTION | | |
| Filing Date: | 24-Dec-03 | | |
| Filing Party: | | | |
| Disposition Amount: | | | |
| Docket Text: | REHEARING OR CLARIFICATION OF ORDER DENYING MOTION TO CONFIRM ARBITRATION AWARD WITHOUT PREJUDICE | | |

| 175 | NOUN - NOTICE OF UNAVAILABILITY | | |
| Filing Date: | 20-Jan-04 | | |
| Filing Party: | LAVERY , ESQ, MICHAEL J | | |
| Disposition Amount: | | | |
| Docket Text: | FROM 03/20/04 TO 03/29/04 INCLUSIVE | | |

| 176 | NOH - NOTICE OF HEARING | | |
| Filing Date: | 2-Feb-04 | | |
| Filing Party: | LAVERY , ESQ, MICHAEL J | | |
| Disposition Amount: | | | |
| Docket Text: | ON 02/04/04 @ 8:45 A.M. RE: MOT. FOR REHEARING OR CLARIFICATION OF ORD. DENYING MOT. TO CONFIRM ARBITRATION AWARD W/O PREJUDICE | | |

| 177 | TEXT - SEE DOCUMENT DESCRIPTION | | |
| Filing Date: | 2-Feb-04 | | |
| Filing Party: | MEYER, MARSHA | | |
| Disposition Amount: | | | |
| Docket Text: | WITHDRAWAL OF ARBITRATION CLAIMANT MARICA MEYER'S RENEWED MOT. TO CONFIRM AWARD & ENTER FINAL JUDGMENT | | |

| 178 | NOH - NOTICE OF CANCELLATION | | |
| Filing Date: | 6-Feb-04 | | |
| Filing Party: | LAVERY , ESQ, MICHAEL J | | |
| Disposition Amount: | | | |
| Docket Text: | OF HRG. SET FOR 02/04/04 | | |

| 179 | MOT - MOTION | | |
| Filing Date: | 15-Jun-04 | | |
| Filing Party: | MCWILLIAMS, MARK | | |
| Disposition Amount: | | | |
| Docket Text: | ADMINISTRATOR AD LITEM'S MOT. TO CONFIRM ARBITRATION AWARD | | |



# ELIZABETH M. MOODY
CRD# 1129686

**Currently employed by and registered with the following FINRA Firms:**
**AMERICAN PORTFOLIOS FINANCIAL SERVICES, INC.**
100 N CENTRE AVE
SUITE 500
ROCKVILLE CENTRE, NY  11570
CRD# 18487
Registered with this firm since: 4/25/2006

## Report Summary for this Broker
The report summary provides an overview of the broker's professional background and conduct. The individual broker, a FINRA-registered firm(s), and/or securities regulator(s) have provided the information contained in this report as part of the securities industry's registration and licensing process. The information contained in this report was last updated by the broker, a previous employing brokerage firm, or a securities regulator on 04/26/2006.

### Broker Qualifications
**This broker is registered with:**
- 1 Self-Regulatory Organization
- 1 U.S. state or territory

Is this broker currently suspended or inactive with any regulator? **No**

**This broker has passed:**
- 1 Principal/Supervisory Exam
- 1 General Industry/Product Exam
- 1 State Securities Law Exam

### Registration and Employment History
This broker was previously registered with the following FINRA member firms:

**SANDGRAIN SECURITIES, INC.**
CRD# 26004
GARDEN CITY, NY
07/2004 - 04/2006

**BEAR, STEARNS & CO. INC.**
CRD# 79
NEW YORK, NY
01/2004 - 07/2004

**BEAR, STEARNS SECURITIES CORP.**
CRD# 28432
BROOKLYN, NY
01/2004 - 07/2004

For additional registration and employment history details as reported by the individual broker, refer to the Registration and Employment History section of this report.

### Disclosure of Customer Disputes, Disciplinary, and Regulatory Events
This section includes details regarding disclosure events reported by or about this broker to CRD as part of the securities industry registration and licensing process. Examples of such disclosure events include formal investigations and disciplinary actions initiated by regulators, customer disputes, certain criminal charges and/or convictions, as well as financial disclosures, such as bankruptcies and unpaid judgments or liens.

Are there events disclosed about this broker? **No**

**Computershare**

**Computershare Investor Services**
250 Royall Street
Canton Massachusetts 02021
www.computershare.com

DIANE SCHROEDER
P.O BOX 680781
CHARLOTTE NC 28126

May 1, 2008

Company:                    THE ULTIMATE SOFTWARE GROUP INC
Registration:               EDWARD MEYER
Holder Account Number:      C0000001554
Our Reference:              ULTI/0002811634/8/67538

Dear Sir/Madam:

Thank you for contacting Computershare, the transfer agent for The Ultimate Software Group Inc. We appreciate the opportunity to be of service to you.

Our records indicate we are presently maintaining a zero share balance for the above referenced account. The account has maintained a zero balance since February 15, 2000.

Should you have other account related questions, please call us at (877) 282-1168 during regular business hours.

Sincerely,

Service Representative

Enclosure: Copy of Request, Received Documents

**Computershare**

**Computershare Investor Services**
250 Royall Street
Canton Massachusetts 02021
www.computershare.com

DIANE SCHROEDER
P.O BOX 680781
CHARLOTTE NC 28126

May 1, 2008

| | |
|---|---|
| Company: | THE ULTIMATE SOFTWARE GROUP INC |
| Registration: | EDWARD MEYER |
| Holder Account Number: | C0000001554 |
| Our Reference: | ULTI/0002811634/8/67538 |

Dear Sir/Madam:

Thank you for contacting Computershare, the transfer agent for The Ultimate Software Group Inc. We appreciate the opportunity to be of service to you.

Our records indicate we are presently maintaining a zero share balance for the above referenced account. The account has maintained a zero balance since February 15, 2000.

Should you have other account related questions, please call us at (877) 282-1168 during regular business hours.

Sincerely,

Service Representative

Enclosure: Copy of Request, Received Documents



THE CIRCUIT COURT OF THE

# FIFTEENTH JUDICIAL CIRCUIT

OF FLORIDA

CHAMBERS OF
**GARY L. VONHOF**
CIRCUIT JUDGE

September 28, 2006

SOUTH COUNTY COURTHOUSE
200 WEST ATLANTIC AVENUE
DELRAY BEACH, FLORIDA 33444
561/274-1430

Diane Schroeder
13167 Fox Hunt Lane
Apt. 229
Herndon, VA 20171

Re:    Estate of Edward J. Meyer

Dear Ms. Schroeder:

This Estate came before me for review when it was scheduled for a hearing on September 27, 2006. I had not had an opportunity to review the file prior to the scheduled date of hearing. If I had reviewed the file I would have cancelled the hearing on my own.

An Order of discharge of the Co-Personal Representative was entered by this Court on March 29, 2006. At your specific written request, I entered an Order directing the Clerk to disperse the remaining money from the Court registry directly to yourself. The Court Order was dated June 1, 2006. The last sentence of that Order states "...the Clerk of the Court shall disperse to Diane Schroeder ...the money that was placed in the registry of the Court, in full satisfaction of her inheritance claim."

A check was tendered to you on that basis and you, as far as I know, executed that check and accepted those funds. When you did that, you did that in full satisfaction of your inheritance claim.

The Personal Representatives have been discharged and there is nothing further for this Court to do in this case as all monies have been dispersed and all accountings were waived by everyone except yourself and you did not appeal the Order of discharge that was entered many months ago.

I consider this case to be completely closed and no further hearings will be scheduled on this matter.

Very truly yours,

Gary L. Vonhof
Circuit Court Judge

## SCHROEDER

**From:** pmeyer@tsinyc.com
**Sent:** Monday, December 29, 2008 11:45 AM
**To:** SCHROEDER
**Subject:** Re: Diane Meyer

Diana

I know nothing beyond what was determined by the court appointed executor. Contact marcia on your own. I have no contact with her.

I believe you signed for your money when the court made its distribution

------Original Message------
From: SCHROEDER
To: Peter Meyer
Subject: Diane Meyer
Sent: Dec 29, 2008 11:13 AM


Peter,

Could you please contact me to discuss a compromise about my inheritance?

Have Marcia contact me about my inheritance if that is who it should be please.


Diane Meyer
704-905-3383



Sent from my Verizon Wireless BlackBerry

1

| Field | Value |
|---|---|
| Docket Text: | FOR REQ. TO RELEASE DISTRIBUTION |
| 449 | ORD - ORDER |
| Filing Date: | 1-Jun-06 |
| Filing Party: | |
| Disposition Amount: | |
| Docket Text: | DIRECTING CLERK TO DISBURSE FUNDS |
| ling Date: | 1-Jun-06 |
| Filing Party: | |
| Disposition Amount: | |
| Docket Text: | DIRECTING CLERK TO DISBURSE FUNDS |
| | CHECK - CHECK PRINTED |
| Filing Date: | 15-Jun-06 |
| Filing Party: | |
| Disposition Amount: | |
| Docket Text: | A Disbursement of $22,509.60 on Check Number 12278 to DIANE SCHROEDER |
| 450 | MOT - MOTION |
| Filing Date: | 30-Jun-06 |
| Filing Party: | SCHROEDER, DIANE |
| Disposition Amount: | |
| Docket Text: | FOR AN ACCOUNTING |

| Field | Value |
|---|---|
| | COR - CORRESP |
| Filing Date: | 27-Jan-09 |
| Filing Party: | MEYER, DIANE |
| Disposition Amount: | |
| Docket Text: | TO MISS MERLIN **PER JDG. PHILLIPS, FILE DOCUMENT IN COURT FILE** |
| 466 | ORDD - ORDER |
| Filing Date: | 11-Feb-09 |
| Filing Party: | COLIN, JUDGE |
| Disposition Amount: | |
| Docket Text: | MOT. TO COMPEL ACCOUNTING, CLOSING CASE, FORBIDDING FURTHER PRO SE CORRESPONDENCE OR PLEADINGS--MOT TO COMPEL ACCT. (D.E. #461) IS DISMISSED. THE CLERK SHALL ONCE AGAIN OFFICIALLY CLOSE THIS CASE. MS. MEYER IS FORBIDDEN FROM FILING ANY FURTHER PLEADINGS, PAPERS, CORRESPONDENCE OR OTHER DOCUMENTS IN THIS CASE, UNLESS SHE IS REPRESENTED BY COUNSEL ADMITTED TO THE FLORIDA BAR (SEE ORDER) |
| | AS - REDISPOSED    466 |
| Filing Date: | 11-Feb-09 |
| Filing Party: | |

| Field | Value |
|---|---|
| | CNS - CONSENT |
| Filing Date: | 5-May-06 |
| Filing Party: | |
| Disposition Amount: | |
| Docket Text: | TO DISCH. ADMINISTRATOR AD LITEM & CLOSING THE ESTATE. F/B CYNTHIA MEYER |
| 444 | WVAC - WAIVER - |
| Filing Date: | 5-May-06 |
| Filing Party: | |
| Disposition Amount: | |
| Docket Text: | F/B CYNTHIA MEYER |
| 445 | WVAC - WAIVER - FULL |
| Filing Date: | 5-May-06 |
| Filing Party: | |
| Disposition Amount: | |
| Docket Text: | F/B FRANK MEYER |
| 446 | WVAC - WAIVER - FULL ESTATE |
| Filing Date: | 5-May-06 |
| Filing Party: | |
| Disposition Amount: | |
| Docket Text: | F/B PATRICIA MEYER CAMPBELL |
| 447 | WVAC - WAIVER - FULL ESTATE |
| Filing Date: | 5-May-06 |
| Filing Party: | |
| Disposition Amount: | |
| Docket Text: | F/B RACHEL MEYER |

1

2      6.  Retirement Accounts, Inc. is a trade name of First Trust Corporation, a wholly-

3  owned subsidiary of Fiserv, Inc.  According to its website,

4  www.firsttrust.com/Corp/corporate.htm, First Trust Corporation is the nation's largest

5  independent trust company for self-directed retirement plans, administering more than

6  217,000 IRAs and business retirement plans with more than $17.62 billion in assets.

7

8      7.  National Marketing Solutions, LLC is a limited liability company that was filed in

9  the State of Washington on August 21, 2001.  Its registered office address is 9986 N.

10  Newport Highway #378, Spokane, Washington  99218.  Its registered agent is Jeffrey D.

11  Mitchell.

12

13      8.  Merchant Capital and its principals Wyer and Beasley are presently issuing and

14  offering investments called  "Evergreen High Yield Registered Limited Liability Partnerships"

15  ("Evergreen High Yield RLLPs") in minimum amounts of $25,000.  According to the

16  materials provided to prospective investors, Evergreen High Yield RLLPs are general

17  partnerships which qualify as  "registered limited liability partnerships" or "RLLPs" under

18  Colorado state law.  The materials state that RLLP status under Colorado state law means

19  that the general partners have total control of their business but limited exposure to liability

20  associated with traditional general partnerships. Merchant Capital and its principals

21  represent that each Evergreen High Yield RLLP includes twenty voting "general" partners

22  and a non-voting Managing General Partner.  Merchant Capital purports to serve as the

23  "Organizing General Partner" for each Evergreen High Yield RLLP and "submits its name to

24  the general partners of each RLLP for consideration as Managing General Partner."

25  According to the Partnership Application, "The Organizing General Partner and then the

26  Managing General Partner, once elected, shall have the exclusive authority to bind the

27  RLLP."  The company website states:

28

State of California - Department of Corporations

-3-

DESIST AND REFRAIN ORDER