**IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR THE COUNTY OF PALM BEACH, FLORIDA**

# FINAL PRESENTMENT
# OF THE
# PALM BEACH COUNTY GRAND JURY

## INVESTIGATION OF PALM BEACH COUNTY GOVERNANCE AND PUBLIC CORRUPTION ISSUES

**SPRING TERM A.D. 2009**

**************************************

**MICHAEL F. McAULIFFE**
**State Attorney**

**PAUL ZACKS**
**Chief Assistant State Attorney**

**ALAN JOHNSON**
**Assistant State Attorney**

**May 21, 2009**

Palm Beach County. In fact, during the pendency of this Grand Jury, the Office of the Clerk and Comptroller ("Office of the Clerk") issued a *Debt Issuance Process Review* (executive summary attached as Exhibit 4). The Grand Jury finds merit in numerous aspects of the Office of the Clerk's report. The Grand Jury is astonished that the current bond financing system was allowed to continue for sixteen years. The practice of all bond sales being handled as negotiated sales seems inappropriate given Florida Statute Section 218.385(1) and GFOA recommended practices for AAA rated counties. The view advanced by some that Palm Beach County has an AAA bond rating largely because of the use of negotiated sales is inconsistent with every authoritative source reviewed by this Grand Jury.

The long standing practice within Palm Beach County of bond underwriting rotation also seems antiquated and insular. Each commissioner chooses one bond underwriter who is then placed in a rotation of seven. The underwriters are employed in the order of rotation. The Grand Jury recognizes that initially these bond underwriting companies were selected through a request for proposal (RFP) process. However, the Grand Jury believes no subsequent RFP process has occurred for bond sales since the advent of the seven company rotation in 2003. When a new commissioner joins the BCC, that commissioner can retain the designated underwriter or can select another to replace an existing bond underwriter.

The Office of the Clerk's *The Debt Issuance Process Review* analyzed 24 negotiated bonds issued between 2003 and 2008. Of the bonds analyzed, the Office of the Clerk's Report determined that 19 were appropriate for competitive sale. A review of debt issuance practices of 45 other AAA rated counties nationwide (between the years of 2000 and 2008) revealed that Palm Beach County is one of only four counties that did not issue bonds using a competitive sales method. The Office of the Clerk's Report further concludes that the county's exclusive use

As noted earlier, ethical violations under section 112 part III, including nepotism, conflict of interest, improper acceptance of gifts, failure to report gifts, misuse of public position, possessing a conflicting employment or contractual relationship, failure to disclose conflicts and any other ethical violation are not subject to prosecution or punishable by incarceration unless they also violate a separate criminal statute. For almost self-evident reasons, this must change.

### 3. Findings and Recommendations

The Grand Jury finds that a serious disconnect exists throughout the State of Florida regarding ethics and governance. Not only do State ethics statutes not have a criminal punishment component, the Florida Commission on Ethics is viewed as largely ineffective. Palm Beach County has a vested interest in taking charge of this issue and shedding the reputation of "Corruption County." The Grand Jury believes Palm Beach County should adopt an ethics ordinance similar to the *Miami-Dade Conflict of Interest and Code of Ethics Ordinance* (attached as Exhibit 14). Specifically, the Grand Jury recommends the following:

- The Grand Jury recommends that the Board of County Commissioners expand the lobbyist registration and "cone of silence" ordinance to include other ethics issues including a conflict of interest, nepotism, gifts, and areas not covered under section 112 part III, Florida Statutes. The ordinance should include a revolving door prohibition on lobbying within two years after leaving public service and a prohibition on acceptance of travel expenses from county vendors.

- The Grand Jury recommends that violation of the Palm Beach County Ethics Ordinance be punishable as a 2nd degree misdemeanor.

- The Grand Jury recommends the establishment of a Palm Beach County Ethics Commission to hear ethics complaints and issue findings including referral to the Office of the State Attorney to review the appropriateness of pursuing criminal charges.

- The Grand Jury recommends that a confidential ethics hotline be established. This hotline must be administered by an independent entity once established.

- The Grand Jury recommends that the Palm Beach County Attorney's Office in partnership with the Ethics Commission and the State Attorney's Office establish a robust



# INDIVIDUAL RETIREMENT CUSTODIAL ACCOUNT

Under Section 408(a) of the Internal Revenue Code Form 5305-A (Rev. October 1992) Department of the Treasury Internal Revenue Service - DO NOT FILE with the Internal Revenue Service. RAI Version 1994.1

☐ AMENDMENT

## Depositor's Information

Name: EDWARD MEYER
Address: 7648 Rexford Rd.
City: Boca Raton
County: Palm Beach   State: FL   Zip: 33434
Date of Birth: 8/14/27   Soc.Sec.#: 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
Home Phone: 561-392-2738   Bus. Phone: _____

## Custodian's Information
Retirement Accounts Incorporated
Post Office Box 3017, 953 Harold Avenue
Winter Park, Florida 32790-3017

## Beneficiary Designation - Primary
Name: MARCIA A. MEYER
Address: 7648 Rexford Rd.
City: Boca Raton   State: FL   Zip: 33434
Date of Birth: 5/6/33   Soc.Sec.#: 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
Relationship: WIFE

## Beneficiary Designation - Secondary
Name: _____
Date of Birth: __/__/__   Soc.Sec.#: _____

## Spousal Consent
Spouse's Signature: Marcia A. Meyer   Date: 12/23/94

## Representative Designation

Representative's Name: _____
Firm Name: _____
Firm Address: _____
City: _____ State: ___ Zip: ___
Broker/Dealer: _____
Broker/Dealer's Address: _____
City: _____ State: ___ Zip: ___
Representative's Phone #: _____

## Initial Investment Instructions
The Depositor hereby instructs the Custodian to make the following investment(s). (Include description, dollar amount, and all special instructions.)

Madoff Investments

## Initial Investment Instructions (continued)

## Standing Investment Instructions
Institution Name: _____
Account Type: _____
Address: _____
City: _____ State: ___ Zip: ___
Special Instructions: _____

## Uninvested Cash

## IRA Program Selection
Limited IRA ___   Limited SEP-IRA ___
Simple IRA ✓   Simple SEP-IRA ___
Flexible IRA ___   Flexible SEP-IRA ___

## Check Enclosure Summary
| | |
|---|---|
| IRA Contribution for 19___ | $ _____ |
| IRA Contribution for 19___ | $ _____ |
| SEP Contribution for 19___ | $ _____ |
| SEP Contribution for 19___ | $ _____ |
| Cash Rollover Contribution | $ _____ |
| Establishment Fee ($15 Limited, $25 Simple, $50 Flexible) | $ _____ |
| Annual Administration Fee ($22.50 Limited, $35 Simple) | $ _____ |
| Total Enclosed Payable to "Retirement Accounts, Inc." | $ 75 |

## Acknowledgement and Signature
Depositor's Signature X: Edward Meyer
Custodian's Signature: _____
Date Established: __/__/__
Witness (if required): _____

**STATE OF CALIFORNIA**

**BUSINESS, TRANSPORTATION AND HOUSING AGENCY**

**DEPARTMENT OF CORPORATIONS**

**TO:** Merchant Capital, LLC
104 Winston Place, Suite 104
Brentwood, Tennessee 37027

Kurt V. Beasley
1311 Glenview Drive
Brentwood, Tennessee 37027

Steven Charles Wyer
116 Maxwell Crossing
Brentwood, Tennessee 37027

James Mead
2947 Fulton Avenue
Sacramento, California 95821

Robert Lane Salamone
3528 Imperial Way
Sacramento, California 95826

Retirement Accounts, Inc.
717 17th Street, Suite 1700
Denver, Colorado 80202-3323

Jeffrey D. Mitchell
National Marketing Solutions, LLC
9986 N. Newport Hwy #378
Spokane, WA 99218

# DESIST AND REFRAIN ORDER

**(For violations of section 25110, 25210 and 25401 of the Corporations Code)**

The California Corporations Commissioner finds that::

1. Merchant Capital, LLC ("Merchant Capital") is a limited liability company that was filed in Tennessee on July 10, 2001. Its registered office addresses are 104 Winston Place and 104 East Park Drive in Brentwood, Tennessee 37027. A company brochure lists its address as 104 East Park Drive, Suite 104, Brentwood, TN 37027. It maintains a website at www.merchantcapitalpartners.com ("the company website").

2. Kurt V. Beasley ("Beasley") is a principal of, and the registered agent for, Merchant Capital. According to the company website, Beasley's title is "Manager of Financial and Compliance Oversight." The company website states that Beasley is a certified public accountant, a member of the Tennessee State Bar, and a founder of the law firm Beasley, Tyson & Altshuler in Brentwood, Tennessee. Beasley resides at 1311 Glenview Drive, Brentwood, Tennessee 37027.

3. Steven C. Wyer ("Wyer") is a principal of Merchant Capital. According to the company website, Wyer's title is "Chief Manager." Wyer's Central Registration Depository (CRD) number is 1289280. Wyer resides at 116 Maxwell Crossing, Brentwood, Tennessee 37027.

4. James Mead ("Mead") is licensed by the California Department of Insurance as a life agent, license number 0795694. His business address of record with the Department of Insurance is 2947 Fulton Avenue, Sacramento, California 95821.

5. Robert Lane Salamone is licensed by the California Department of Insurance as a life agent, license number 0B55552. His business address of record with the Department of Insurance is 3528 Imperial Way, Sacramento, California 95826.

Under Colorado Partnership law, only the Partners acting in fact for an RLLP are liable for actions taken on behalf of the RLLP. If the Managing General Partner is the only entity acting for the RLLP, it will be the only entity liable for any misconduct.

9. Evergreen High Yield RLLPs purportedly engage in the business of purchasing, collecting and reselling delinquent debt, a business which is represented to provide significant returns to each owner. A company brochure states:

> Merchant Capital, LLC offers a unique opportunity in one of the fastest emerging businesses in the United States. By purchasing consumer credit accounts from the nation's largest financial institutions for pennies on the dollar, and successfully collecting a small portion of the value on these accounts, this *distressed debt* can generate both a consistent annual rate of return and an upside potential found in few capital markets today. [italics in original]

10. Each Evergreen High Yield RLLP purportedly operates for thirty six (36) months. During that period of time, the general partners are promised an annual return of 14.4%, remitted quarterly, with a "bonus" from profits after 36 months, at the time of asset liquidation.

11. The cover of the Partnership Application for the Evergreen High Yield Registered Limited Liability Partnerships ("Partnership Application") states:

> This document is presented as a Registered Limited Liability Partnership Application, and therefore is not to be considered a security. The Partnership has not been registered with the Securities and Exchange Commissioner nor any state securities department, and Partners are afforded no protection under the Securities Act of 1933 or any similar state act relating to the offer and sale of securities.

State of California - Department of Corporations

6. Retirement Accounts, Inc. is a trade name of First Trust Corporation, a wholly-owned subsidiary of Fiserv, Inc. According to its website, www.firsttrust.com/Corp/corporate.htm, First Trust Corporation is the nation's largest independent trust company for self-directed retirement plans, administering more than 217,000 IRAs and business retirement plans with more than $17.62 billion in assets.

7. National Marketing Solutions, LLC is a limited liability company that was filed in the State of Washington on August 21, 2001. Its registered office address is 9986 N. Newport Highway #378, Spokane, Washington 99218. Its registered agent is Jeffrey D. Mitchell.

8. Merchant Capital and its principals Wyer and Beasley are presently issuing and offering investments called "Evergreen High Yield Registered Limited Liability Partnerships" ("Evergreen High Yield RLLPs") in minimum amounts of $25,000. According to the materials provided to prospective investors, Evergreen High Yield RLLPs are general partnerships which qualify as "registered limited liability partnerships" or "RLLPs" under Colorado state law. The materials state that RLLP status under Colorado state law means that the general partners have total control of their business but limited exposure to liability associated with traditional general partnerships. Merchant Capital and its principals represent that each Evergreen High Yield RLLP includes twenty voting "general" partners and a non-voting Managing General Partner. Merchant Capital purports to serve as the "Organizing General Partner" for each Evergreen High Yield RLLP and "submits its name to the general partners of each RLLP for consideration as Managing General Partner." According to the Partnership Application, "The Organizing General Partner and then the Managing General Partner, once elected, shall have the exclusive authority to bind the RLLP." The company website states:

18. The website of Retirement Accounts, Inc., www.retirementaccountsinc.com/DR/raiprodr.htm, states that general partnerships are "Investments Not Permitted in RAI Plans." Investments in Evergreen High Yield RLLPs are represented to be general partnership investments. The Partnership Agreement Signature page, which must be signed by each investor, states:

> I am a general partner of this partnership and, therefore, my interest herein is not to be considered a security.

Despite the fact that Retirement Accounts, Inc. purports not to accept general partnership investments in its IRA accounts, and despite the fact that investments in Evergreen High Yield RLLPs are represented to be general partnership investments, Retirement Accounts, Inc. agrees to serve as the IRA custodian for accounts holding Evergreen High Yield RLLPs as IRA investments, and to execute purchases of such interests in IRA accounts under its administration.

19. The materials of Merchant Capital, including the Partnership Application for Evergreen High Yield RLLPs, the company's brochures, and the company website, fail to advise prospective investors that holding a general partnership investment in an IRA account may be deemed a prohibited transaction, thereby threatening the IRA's tax-exempt status.

20. Mead is a recruiter for Merchant Capital. Mead claims to be a "Certified Senior Advisor," "A Member of the Society of Certified Senior Advisors" and a "Certified Medicaid Advisor." His business card lists the business name "Elder American Services" and states that he offers "Elder Advisor Services." In addition to maintaining an office at 2947 Fulton Avenue in Sacramento, he also uses the business address 2020 Hurley Way, Ste 390, Sacramento, California 95825.

State of California - Department of Corporations

12. Company materials state that participation in an Evergreen High Yield RLLP is not a passive investment but rather requires active participation and involvement. The Registered Application states in paragraph 7.2:

> **Management.** The participation in this RLLP is not a passive involvement. The General Partners themselves will manage the RLLP. Each and every General Partner is required to actively participate in important business decisions affecting the RLLP by exercising its voting privileges. Each General Partner may be required to participate in one or more committees, which shall oversee and conduct important business.

13. The company website seeks recruiters to sell Evergreen High Yield RLLPs to members of the general public. The website contains a section titled "Become a Recruiter" which seeks "motivated individuals," including Certified Financial Planners (CFP), Certified Public Accountants (CPA), Registered Representatives and insurance professionals, to serve as "Registered Recruiters." The website states:

> If you have a background in financial services, enjoy a reputation of integrity in your business affairs and have a desire to achieve, Merchant Capital invites you to apply to become a Registered Recruiter for our fast-growing business.

14. The company website includes a two-page "Recruiter Application" which includes a line to be filled in with the name of the "Master Recruiter" who has referred each recruiter.

15. The company website page titled "Become a Recruiter" states:

State of California - Department of Corporations

> As part of our compliance process, we review each state's specific guidelines for Registered Limited Liability Partnerships. Merchant Capital is currently accepting Partner applications from the states highlighted in blue on the map.

All fifty states are highlighted in blue on the map.

16. The Evergreen High Yield RLLP New Business Transmittal Form contains the printed language:

> FAX THIS FORM TO:
> 509-465-5282
> National Marketing Solutions, LLC

17. Company materials represent that general partnership investments in Evergreen High Yield RLLPs may be held in self-directed IRA accounts administered by Retirement Accounts, Inc. A Merchant Capital brochure states:

> Evergreen High Yield RLLPs are approved to be funded by all qualified and non-qualified accounts, such as self-directed IRA transfers and 401K and 403B programs. Individuals, corporations, trusts, and partnerships can utilize the RLLP.

The Evergreen High Yield RLLP New Business Transmittal Form also states:

> Evergreen High Yield RLLPs utilize Retirement Accounts, Inc. (RAI).

The form indicates that IRA investments in Evergreen High Yield RLLP interests are "made payable to Retirement Accounts, Inc."

Dated: September 27, 2002
Sacramento, California

DEMETRIOS A. BOUTRIS
California Corporations Commissioner

By____________________________
VIRGINIA JO DUNLAP
Supervising Counsel
Enforcement and Legal Services

State of California - Department of Corporations

21. Salamone also uses a business card with the business name Elder American Services on it, and the address 2947 Fulton Avenue, Sacramento, California 95821.

22. During mid-June, 2002, Mead and Salamone offered an Evergreen High Yield RLLP to an 82 year old retiree in Livermore, California.

23. During the week of August 19, 2002, Mead offered an Evergreen High Yield RLLP to a 74 year old retiree in Elk Grove, California.

24. The Department of Corporations has not issued a permit or any other form of qualification authorizing any person to offer or sell investments in Evergreen High Yield RLLPs in the state of California.

25. Neither Salamone nor Mead is licensed or authorized to sell securities in California.

Based upon the foregoing findings, the California Corporations Commissioner is of the opinion that investments in Evergreen High Yield RLLPs are securities that are being offered by James Mead, Robert Lane Salamone, Merchant Capital, LLC, Steve Charles Wyer, Kurt V. Beasley in issuer transactions in California without the sales having been qualified, in violation of Corporations Code section 25110.

In addition, the Commissioner is of the opinion that the securities are being offered by persons, James Mead and Robert Lane Salamone, who are neither licensed nor otherwise authorized to induce or attempt to induce the purchase of any sale of securities in California, in violation of Corporations Code section 25210.

The Commissioner is of the further opinion that the securities are being offered by James Mead, Robert Lane Salamone, Merchant Capital, LLC, Steve Charles Wyer, and Kurt V. Beasley by means of written communications which include untrue statements of material fact in violation of Corporations Code section 25401.

The Commissioner is also of the opinion that Retirement Accounts, Inc., Jeffrey D. Mitchell and National Marketing Solutions, LLC, are providing substantial assistance to Merchant Capital, LLC, Steven Charles Wyer, Kurt V. Beasley, James Mead and Robert Lane Salamone in violations of sections 25110, 25210 and 25401 of the Corporations Code, and are therefore in violation of those provisions to the same extent as Merchant Capital, LLC, Steven Charles Wyer, Kurt V. Beasley, James Mead and Robert Lane Salamone, pursuant to Corporations Code section 25403(b).

Therefore, pursuant to Section 25532 of the Corporate Securities Law of 1968, Merchant Capital, LLC, Steven Charles Wyer, Kurt V. Beasley, Steven Charles Wyer, James Mead, Robert Lane Salamone, Retirement Accounts, Inc., Jeffrey D. Mitchell and National Marketing Solutions, LLC and are hereby ordered to desist and refrain from the further offer or sale in the State of California of securities in the form of investments in Evergreen High Yield RLLPs unless and until qualification has been made under the California Securities Law of 1968 or until evidence is offered pursuant to Corporations Code section 25163 to establish that the offer or sale of such securities is exempt from the qualification requirement.

The Commissioner is of the opinion that This Order is necessary, in the public interest, for the protection of investors and consistent with the purposes, policies, and provisions of the Corporate Securities Law of 1968.

State of California - Department of Corporations

DEMETRIOS A. BOUTRIS
California Corporations Commissioner

VIRGINIA JO DUNLAP (142221)
Deputy Commissioner
KAREN L. PATTERSON (92445)
Senior Corporations Counsel
1515 K Street, Suite 200
Sacramento, California 95814
Telephone: (916) 322-6737

Attorneys for Complainant

BEFORE THE DEPARTMENT OF CORPORATIONS

OF THE STATE OF CALIFORNIA

| | |
|---|---|
| In the Matter of the DESIST AND REFRAIN ORDER Issued To:<br><br>Merchant Capital, LLC; Kurt V. Beasley; Steven Charles Wyer,<br><br>Respondents. | OAH No. 2003100469<br>AGENCY CASE No. 38300<br><br>CONSENT ORDER |

On September 27, 2002, the Commissioner of Corporations issued an order to Respondents Merchant Capital, LLC, Kurt V. Beasley, Steven Charles Wyer, James Mead, Robert Lane Salamone, Retirement Accounts, Inc., Jeffrey D. Mitchell finding that they had engaged in violations of the Corporate Securities Act of 1968 and ordering them to desist and refrain from further violations of Corporations Code sections 25110, 25210 and 25401. On September 25, 2003, Respondents Merchant Capital, LLC, Kurt V. Beasley and Steven Charles Wyer filed a timely written request for a hearing pursuant to Corporations Code section 25532(d).

The Commissioner of Corporations and Respondents Merchant Capital, LLC, Kurt V.

State of California - Department of Corporations

Beasley and Steven Charles Wyer do hereby agree to this Consent Order in settlement of this matter. Respondents Merchant Capital, LLC, Kurt V. Beasley and Steven Charles Wyer neither admit nor deny the findings set forth in the desist and refrain order dated September 27, 2002, which are hereby incorporated by reference into this Consent Order.

**CONSENT ORDER**

Based upon the foregoing,

IT IS AGREED AND ORDERED that Merchant Capital, LLC, Kurt V. Beasley and Steven Charles Wyer are hereby ordered to desist and refrain from the further offer or sale in the State of California of securities in the form of investments in Evergreen High Yield RLLPs unless and until qualification has been made under the Corporate Securities Law of 1968 or until evidence is offered pursuant to Corporations Code section 25163 to establish that the offer or sale of such securities is exempt from the qualification requirement.

It is further agreed that the Commissioner has jurisdiction to enter this Consent Order. Respondents' agreement to jurisdiction extends to this proceeding only.

In consideration of this Consent Order, Respondents Merchant Capital, LLC, Kurt V. Beasley and Steve Charles Wyer waive their right to a hearing on this matter and to judicial review of this matter pursuant to Code of Civil Procedure section 1094.5. The Commissioner hereby vacates the desist and refrain order dated September 27, 2002 as to Respondents Merchant Capital, LLC, Kurt V. Beasley and Steve Charles Wyer only, except to the extent that its findings have been incorporated by reference into this Consent Order.

State of California - Department of Corporations

Dated: November 18, 2003

KURT V. BEASLEY

Dated: November 18, 2003

STEVEN CHARLES WYER

Dated: November 26, 2003
Sacramento, California

DEMETRIOS A. BOUTRIS
California Corporations Commissioner

By
for VIRGINIA JO DUNLAP
Deputy Commissioner
Enforcement and Legal Services

State of California - Department of Corporations

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL
CIRCUIT OF FLORIDA, IN AND FOR PALM BEACH COUNTY

PROBATE/GUARDIANSHIP DIV
CASE NO. 501999CP004504XXFOIY

IN RE: ESTATE OF
EDWARD J. MEYER,
Deceased.
____________________/

ORDER ON MARCIA MEYER'S MOTION TO FILE COUNTER-PETITION

THIS CAUSE came before the court for hearing on February 8, 2006. Marcia Meyer has filed a Motion for leave to a Counter-Petition individually against Mark McWilliams alleging various matters of mal-administration of the estate. This court has serious reservations as to some of those matters but believes that the Counter-Petition should be granted to at least authorize the filing of the Counter-Petition and its validity will be determined either through the filing and hearing of appropriate motions or at trial. Based on the foregoing, it is:

ORDERED AND ADJUDGED that the Counter-Petition will be deemed to be filed as of the date of this order and Mark McWilliams shall have twenty (20) days within which to file a response to the motion.

DONE AND ORDERED in Delray Beach, Palm Beach County, Florida, this 21 day of February, 2006.

GARY L. VONHOF, Circuit Judge

Copies furnished:
Charles Bennardini, Esq., 7900 Glades Rd., Ste. 140, Boca Raton, FL 33434
Michael Lavery, Esq., 4600 N. Ocean Blvd., Ste. 201, Boynton Beach, FL 33435-7312
Mark McWilliams, Esq., 4600 North Ocean Blvd., Ste. 206, Boynton Beach, FL 33435
Diane Schroeder, 13167 Fox Hunt Lane, Apt. 229, Herndon, Virginai 20171
John Raymond, Esq., 1200 North Federal Highway, Ste. 420, Boca Raton, FL 33432

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA.

IN RE; THE ESTATE OF
EDWARD J. MEYER

deceased.
_____________________/

PROBATE DIVISION
CASE NO.: 501999CP004504XXFOIY

DIANE SCHROEDER,
Petitioner,

-vs-

Adversary Proceeding

MARCIA MEYER, individually, and as appointed co-personal representative of the Estate of Edward Meyer, deceased, PETER MEYER, as appointed personal representative of the Edward Meyer, deceased, FRANK MEYER, as appointed personal representative of the Estate of Edward Meyer, Deceased and MARK McWILLIAMS, administrator ad litem,

Respondents.
_____________________________________/

## MOTION FOR AN ACCOUNTING

Cross-Respondent Marcia A. Meyer ("Meyer"), by and through her undersigned counsel and pursuant to the *Fla. Prob. R.* 5.150 (b) and 5.345, requests that this court order the Administrator Ad Litem, Mark McWilliams Esq., to prepare an accounting of the assets in the estate and in support hereof states:

1. Edward Meyer died in September of 1999. On November 7, 2000, Mark D. McWilliams ("McWilliams") was appointed as the Administrator as litem of this estate. Now, over five years later, the estate matters have not been closed.

Docket Report Search Results (DRR) - Not an Official Document - Mozilla Firefox

File Edit View History Bookmarks Tools Help

http://courtcon.co.palm-beach.fl.us/pls/jiwp/ck_public_qry_doct.cp_dktrpt_frames?backto=P&case_id=501999CP004504XXF

Getting Started iGoogle FTC - SPAM - Home P...

Docket Report Search Results (D...

Clerk & Comptroller
Palm Beach County

SHARON R. BOCK
Clerk & Comptroller
Palm Beach County

EXECUTIVE OFFICES: 301 North Olive Ave, West Palm Beach, FL 33401. (561) 355-2996

| | | |
|---|---|---|
| **Docket Text:** | | FOR LEAVE OF COURT TO ADD AFFIRMATIVE DEFENSES NUMBERED FIFTEEN THROUGH SE |
| 374 | MOT - MOTION | |
| **Filing Date:** | | 19-DEC-2005 |
| **Filing Party:** | | MEYER, MARCIA ANN |
| **Disposition Amount:** | | |
| **Docket Text:** | | FOR LEAVE OF COURT TO FILE A COUNTER PETITION |
| 375 | ORD - ORDER | |
| **Filing Date:** | | 21-DEC-2005 |
| **Filing Party:** | | |
| **Disposition Amount:** | | |
| **Docket Text:** | | ON CROSS-PETITIONER'S MOT. TO STRIKE AFFIRMATIVE DEFENSES (SEE ORDER) |
| 375 A | MOT - MOTION | |
| **Filing Date:** | | 22-DEC-2005 |
| **Filing Party:** | | MCWILLIAMS, MARK D |
| **Disposition Amount:** | | |
| **Docket Text:** | | FOR AUTH TO MAKE DISBURSEMENTS |
| 376 | NOUN - NOTICE OF UNAVAILABILITY | |

Search Home | New Search | Report Selection | Case Description
Related Cases | Event Schedule | Case Parties | Docket Entries

(c) Copyright 1998 Affiliated Computer Systems, Inc. ACS and the ACS logo are registered trademarks. CourtConnect is a trademark of ACS. This contains trade secrets and is subject to a confidentiality agreement. The unauthorized possession, use, reproduction, distribution, display, or disclosure of this material or the information contained herein is prohibited. All rights reserved. User Accepts/Agrees to Disclaimer. Not for official use.

Done

Start | My Documents | deed.pdf - Adobe Re... | Docket Report Searc... | Microsoft Excel - unju...