CFN # 108048752, OR BK , 5 Page 568, Page 1 of 2, Recorded 9/2008 at
08:45 AM, Broward County _mmission, Deputy Clerk 2080

IN THE CIRCUIT COURT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO:

THE BANK OF NEW YORK AS SUCCESSOR TO
JP MORGAN CHASE BANK, N.A., AS TRUSTEE
FOR THE HOLDERS OF SAMI II 2006-AR1,
MORTGAGE PASS-THROUGH CERTIFICATES,
SERIES 2006-AR1

    Plaintiff,

vs.

MARK D. MCWILLIAMS A/K/A MARK
MCWILLIAMS; UNKNOWN SPOUSE OF MARK
D. MCWILLIAMS A/K/A MARK MCWILLIAMS;
UNKNOWN TENANT I; UNKNOWN TENANT II;
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., AS NOMINEE FOR AMERICA'S
WHOLESALE LENDER, and any unknown heirs,
devisees, grantees, creditors, and other unknown
persons or unknown spouses claiming by, through and
under any of the above-named Defendants,

    Defendants.

_____/



## LIS PENDENS

NOTICE IS GIVEN that suit was instituted in the Circuit Court, In and For Broward County,
Florida, on or about July **18**, 2008 by the above-named Plaintiff against the above-named Defendants.

The property involved is that certain lot, parcel or piece of land lying, situate and being in the
County of Broward, State of Florida, more particularly described as follows:

> **Lots 11, 12 and 13, Block 306 of PROGRESSO, according
> to the plat thereof, as recorded in plat Book 2, at page 18,
> of the Public Records of Miami-Dade County, Florida;
> said lands situate lying and being in Broward County,
> Florida.**

B&H # 260093

The relief sought in and for this suit is a foreclosure of Mortgage encumbering the subject property described above and decreeing over the sale of the property under the direction of the Court in default of payment of the amounts found to be due and owing to the Plaintiff under the Mortgage, and for other and general relief set forth in the Complaint.

DATED: July _18_ , 2008

For:  Anthony Edward Lipinski, Esquire
BUTLER & HOSCH, P.A.
3185 South Conway Road, Ste. E
Orlando, Florida 32812
(407) 381-5200
Attorney for Plaintiff
Florida Bar No. 0037628

B&H # 260093

| | | | |
|---|---|---|---|
| 279 | PET - PETITION | | |
| Filing Date: | 11-Mar-05 | | |
| Filing Party: | MCWILLI AMS, MARK D | | |
| Dispositi on Amount: | | | |
| Docket Text: | CROSS PETITION OF ADMINISTRATOR AD LITEM FOR SURCHARGE OR IN THEALTERNATIVE, TO VOID TRANSACTION INVOLVING CONFLICT OF INTEREST AGAINST MARCIA MEYER AND FOR CIVIL THEFT AND BREACH OF FIDUCIARY DUTY AND UNJUST ENRICHMENT AND CONVERSION | | |

| | | | |
|---|---|---|---|
| 291 | ORSH - ORDER SETTING HEARING | | |
| Filing Date: | 19-Jul-05 | | |
| Filing Party: | | | |
| Dispositi on Amount: | | | |
| Docket Text: | ON 08/30/05 @ 2:00 P.M. RE: MOT. FOR SUMMARY JUDGMENT ON CROSS-PET. OF ADMIN. AD LITEM FOR SURCHARGE OR, IN THE ALTERNATIVE TO VOID TRANSACTION INVOLVING CONFLICT OF INTEREST AGAINST MARCIA MEYER AND FOR CIVIL THEFT AND BREACH OF FIDUCIARY DUTY AND UNJUST ENRICHMENT CONVERSION | | |

| | | | |
|---|---|---|---|
| 321 | ORST - ORDER RESETTI NG | | |
| Filing Date: | ######## | | |
| Filing Party: | | | |
| Dispositi on Amount: | | | |
| Docket Text: | HRG. TO 12/13/05 @ 2:45 P.M. RE: MOT. FOR SUMMARY JUDGMENT ON CROSS-PET. OF ADMIN. AD LITEM FOR SURCHARGE OR IN THE ALTERNATIVE TO VOID TRANSACTION INVOLVING CONFLICT OF INTEREST AGAINST MARCIA MEYER AND FOR CIVIL THEFT & BREACH OF FIDUCIARY DUTY & UNJUST ENRICHMENT & CONVERSION | | |





10/02/2003  10:30:28  20030592922
OR BK 15944 PG 1709
Palm Beach County, Florida

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA
CASE NO. CA 02-14395 AE

EXPRESS CONSOLIDATION, INC.
a Florida not-for-profit corporation and
RANDALL L. LESHIN, individually,

        Plaintiff,

vs.

SOUTHTRUST BANK, a Alabama
Banking Association, TOM EICHAS,
individually, and TOM KLEEMANN,
individually

        Defendants.

CLOSED

_____/

ROBERT FULMERHOUSER and
RACHEL SANDEL SHERMAN,
individually and as Directors of
Express Consolidation, Inc.,

        Plaintiffs,

vs.

EXPRESS CONSOLIDATION, INC.,
a Florida not-for-profit corporation, and
RANDALL L. LESHIN, individually,

        Defendants.

CASE NO. 03-CA004445AH

_____/

TOM EICHAS, individually,
TOM KLEEMANN, individually and
NATIONWIDE AD PLACEMENT
SERVICES, INC., a Florida corporation,

        Plaintiffs,

vs.

EXPRESS CONSOLIDATION, INC.,
a Florida not-for-profit corporation and
RANDALL L. LESHIN, individually,
EDGAR ELIE, individually, and
CHARLES FERDON, individually

        Defendants.

CASE NO. 03-CA004446AF

_____/



## ORDER ON SETTLEMENT AGREEMENT

This Cause having come before the Court upon the parties' Joint Motion to Adopt Settlement Agreement, and the Court having reviewed the motion, the Settlement Agreement, the status of the file, and otherwise being fully advised of the premises, it is hereby Ordered and Adjudged:

1. The Court adopts the Settlement Agreement as written, dismisses these proceedings with prejudice, and shall retain jurisdiction to enforce the terms of the Settlement Agreement should such an application be made.

2. Mark McWilliams is discharged as trustee of Express Consolidation, Inc., a Florida not-for-profit corporation ("Express"). The Clerk of the Court is hereby directed to release Mr. McWilliams' bond.

3. The Trustee is directed to turn over all records of Express to Randall Leshin. All parties, including Southtrust Bank, are directed to recognize Leshin's corporate authority.

4. The parties are to bear their own fees and costs. Express shall bear all of Mr. McWilliams' fees as applied for. All other motions for fees shall be withdrawn as mooted by the settlement of this cause. All objections to fees shall be mooted by the settlement of this cause.

5. As provided in the Settlement Agreement, the injunction of December 6, 2002, as subsequently modified by court orders and the settlement of this cause is hereby made a permanent final injunction.

DONE and ORDERED in Chambers in Palm Beach County, Florida this 22ND day of September, 2003.

_____
JUDGE WILLIAM J. BERGER

Copies to:
All Counsel of Record

2

## GLOBAL SETTLEMENT AGREEMENT

This Global Settlement Agreement (the "Agreement") is made this ___ day of _____, 2003, by and between RANDALL L. LESHIN, individually ("LESHIN"), RANDALL L. LESHIN, P.A., a Florida Professional Association ("LESHIN, P.A."), EXPRESS CONSOLIDATION, INC., a Florida not-for-profit corporation ("EXPRESS"); TOM EICHAS ("EICHAS"); TOM KLEEMANN ("KLEEMANN"); NATIONWIDE AD PLACEMENT SERVICES, INC., a Florida for profit corporation ("NAPS"); EDGAR ELIE ("ELIE"); RICHARD MEDLOCK ("MEDLOCK"); CHARLES FERDON ("FERDON"); DELRAY FUNDING, INC., a Florida for profit corporation ("DELRAY FUNDING"); JAMES ATWOOD ("ATWOOD"); ROBERT FULMERHOUSER ("FULMERHOUSER"); RACHEL SANDELL SHERMAN ("SANDELL SHERMAN"); ROBERT BOWSMAN ("BOWSMAN"); PETER CLINTON ("CLINTON"); DENE DECANDIO ("DECANDIO"); JACQUELINE FRISKITS ("FRISKITS"); GARY HAMILTON ("HAMILTON"); YOUVELA JOLICOUER a/k/a YOUVELA MOLINEAR ("MOLINEAR"); CHELA LOUIS ("LOUIS");   JOHN SHERMAN ("SHERMAN"); JARED TERRIO ("TERRIO"); CARLOS VALDES ("VALDES"); VINCENT WHEELER ("WHEELER"); DELRAY CREDIT COUNSELING, CORP., a Florida not for profit corporation ("DELRAY CREDIT"); SAM GUAGLIARDO ("GUAGLIARDO"); ALVIO VERA ("VERA"); REBECCA KELLEY ("KELLEY"); CHRISTIAN MARSE ("MARSE"); and MARK MCWILLIAMS, individually and as court appointed trustee ("MCWILLIAMS" or the "Trustee"). Each of the foregoing parties hereto shall be referred to herein individually as a "Party" and collectively as the "Parties".

## RECITALS

WHEREAS, the Parties are either participants in or have an interest in certain litigation between some or all of the Parties, and all of the Parties are desirous of resolving such litigation, the claims, and all related actions or possible actions or claims between or amongst the Parties;

WHEREAS, the initial lawsuit was styled *Express Consolidation, Inc. and Randall R. Leshin v.*

*Southtrust Bank, Tom Kleemann, Tom Eichas,* Case No. CA 02-14395 AE in the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County (the "Injunction Litigation");

WHEREAS, there is a lawsuit styled *Delray Funding Corp. V. Express Consolidation and Randall L. Leshin,* Case No. 03 CA-003562 AE in the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida (the "Vendor Litigation");

WHEREAS, another lawsuit amongst certain Parties is styled *Tom Kleemann, Tom Eichas and Nationwide Ad Placement Services, Inc. v. Express Consolidation, Inc., Randall L. Leshin, Edgar Elie, and Charles Ferdon,* Case No. 03-CA 004446 AE in the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida (the "NAPS Litigation");

WHEREAS, there is another lawsuit seeking control of the Board of Directors styled *Robert Fulmerhouser and Rachel Sandell Sherman v. Express Consolidation, Inc., Randall L. Leshin and Mark McWilliams, individually and as Trustee,* Case No. 03 CA 004445 AE in the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida (the "Directors Litigation");

WHEREAS, Express initiated enforcement of covenants not to compete and related employment litigation styled *Express Consolidation, Inc. v. Robert Bowsman, Peter Clinton, Dene Decandio, Jacquline Friskits, Gary Hamilton, Youvela Jolicouer a/k/a Youvela Molinear, Chela Louis, Michele I. Padilla, John Sherman, Matthew Shingleton, Jared Terrio, Carlos Valdes, Vincent Wheeler, and Delray Credit Counseling Corp.,* a Florida not for profit corporation, Case No. 03-3545 25 CACE in the 17th Judicial Circuit in and for Broward County, Florida (the "Employment Litigation"; and, together with the Injunction Litigation, the Vendor Litigation, the NAPS Litigation and the Directors Litigation, the "Litigation"), which pursuant to Court order, was transferred to the 15th Judicial Circuit in and for Palm Beach County, Florida;

WHEREAS, the Injunction Litigation, the NAPS Litigation and the Directors Litigation have been, and the Employment Litigation shall promptly be, consolidated in the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida, Judge William J. Burger (the "Court") and the Vendor Litigation is before the Court;

WHEREAS, MEDLOCK may have an interest in the outcome of the Litigation arising from his claim as a Director of EXPRESS;

WHEREAS, ATWOOD may have an interest in the outcome of the Litigation arising from his ownership interest in DELRAY;

WHEREAS, GUAGLIARDO, VERA, KELLEY and MARSE (jointly where appropriate the "Unnamed Employees") may have an interest in the outcome of the Litigation as former employees of EXPRESS and current employees of DELRAY CREDIT;

WHEREAS, the Parties are desirous of separating their contractual, legal, and business connections so that each may go about their respective affairs without fear of further interference and litigation in the future;

WHEREAS, certain Parties have or could have asserted legal malpractice claims against LESHIN and LESHIN, P.A., and understand that the general releases executed as part of this Agreement extinguish those claims, and all Parties fully acknowledge they are relinquishing those claims by entering into this Agreement; and

WHEREAS, LESHIN, LESHIN, P.A., EXPRESS, EICHAS, KLEEMANN, NAPS, ELIE, MEDLOCK, FERDON, DELRAY FUNDING, ATWOOD, FULMERHOUSER, SANDELL SHERMAN and DELRAY CREDIT have engaged in competitive businesses pursuing their respective interests since approximately December 6, 2002.

In consideration of the above recitals and the mutual covenants contained herein, and for other good and valuable consideration the receipt and sufficiency of which are hereby acknowledged, the Parties do hereby enter into this Agreement and state as follows:

ARTICLE I

General Covenants

1.A.   Adoption of Recitals: The above recitals are true and correct to the best of all Parties' knowledge and belief and are incorporated into this Agreement;

3

1.B.   <u>Dismissal of All Litigation with Prejudice</u>: All Parties (other than the Unnamed Employees who are not party to any Litigation), regardless of which of the five lawsuits referenced above such Party is a party to, agree to dismiss all Litigation with prejudice forever discharging all claims that were asserted in connection therewith, could have been asserted and might have been asserted had they been known but were in fact unknown, among, against or in any way relating to any other Party or Parties.

1.C.   <u>Each Party to Bear Own Fees and Costs</u>: Each Party shall bear his, her or its, as the case may be, own attorney's fees and court costs in connection with the Litigation, this Agreement and the subject matter hereof.

1.D.   <u>Final Order Adopting Agreement</u>: All Parties who are party to any Litigation shall agree to the entry of a final order adopting this Agreement, dismissing all five lawsuits with prejudice, discharging the Trustee and releasing his bond, and ordering the Trustee to turn over control of EXPRESS to LESHIN. The order shall also overrule all pending motions or objections as to Trustee's or attorney's fees and contain approval of the Trustee's counsel's fees. The Trustee shall deliver to EXPRESS all materials obtained by him or on his behalf during the course of his engagement relating to the Litigation or the Parties. The order shall further instruct Southtrust Bank to recognize LESHIN's authority over EXPRESS. A copy of the proposed order is attached hereto and incorporated herein as Exhibit "A".

1.E.   <u>Future Cooperation</u>: All Parties hereby pledge their cooperation to effectuate the terms and provisions of this Agreement including, without limitation, signing any and all further documentation or instruments necessary to complete or effectuate its terms.

1.F.   <u>Miscellaneous Terms</u>:

a.   <u>Retention of Jurisdiction</u>: The Court shall retain exclusive jurisdiction to enforce the terms of this Agreement.

b.   <u>Notices</u>:  In the event of a dispute between any or all of the Parties, notice must first be provided to the other Parties that are a party to such dispute. Any notices required to be given pursuant to

4

By: _____
Name: _____
Title: _____

_____
SAM GUAGLIARDO

_____
ALVIO VERA

_____
REBECCA KELLEY

_____
CHRISTIAN MARSK

_____
CARLOS VALDES

_____
MARK MCWILLIAMS

24

This is not a certified copy

this Agreement shall be deemed received upon delivery and/or delivery and refusal, if hand delivered, or if sent

by (i) United States Registered Mail, (ii) United States Certified Mail, or (iii) a nationally recognized courier

service (such as Federal Express or Emery), to the relevant Party or Parties at the following addresses (and fax

numbers) or at such other addresses as any of the Parties may hereafter specify in the same manner.

**Counsel for LESHIN, LESHIN, P.A., ELIE, EXPRESS, FERDON, MEDLOCK**
Keith T. Grumer, Esq.
Grumer & Levin, P.A.
One East Broward Boulevard, Suite 1501
Fort Lauderdale, Florida 33301
(954) 713-2700; (954) 713-2713 (Fax)

**Counsel for DELRAY FUNDING and ATWOOD**
George L. Sigalos, Esq.
Simon Sigalos & Spyredes, P.A.
120 East Palmetto Park Road
Boca Raton, FL 33432
(561) 447-0017; (561) 447-0018 (Fax)

**Counsel for KLEEMANN, EICHAS & NAPS**
Scott Topolski, Esq.
Rutherford Mulhall & Wargo
2600 N. Military Trail, 4th Floor
Boca Raton, FL 33431
(561) 241-1600; (561) 241-3815 (Fax)

**Counsel for FULMERHOUSE, SANDELL, SHERMAN, BOWSMAN, CLINTON, DECANDIO, FRISKITS, HAMILTON, MOLINEAR, LOUIS, SHERMAN, TERRIO, WHEELER, DELRAY CREDIT, VALDES, GUAGLIARDO, VERA, KELLEY and MARSE**
Mary Morris, Esq.
Ward, Damon & Posner, P.A.
4420 Beacon Circle
West Palm Beach, Florida 33407
(561) 842-3000; (561) 842-3626 (Fax)

      c.      <u>Attorney's Fees to Enforce</u>: Should any Party be required to enforce this Agreement in

Court or any other court, the prevailing party shall be entitled to reasonable attorney's fees and costs at all

levels.

      d.      <u>Return of Personal Property</u>: All Parties shall promptly return to EXPRESS all office

keys, garage door openers (controls), or other access cards.

5

08-01789-cgm   Doc 1619-5   Filed 01/06/10   Entered 01/08/10 16:03:20   Part 6 of 6
CFN # 103791052, OR BK 37024  Page 1911, Page 1 of 3, Recol  1 03/08/2004 at
02:30 PM, Broward County Commission,  Deputy Clerk 1047



IN THE CIRCUIT COURT OF THE
17TH JUDICIAL COURT IN AND
FOR BROWARD COUNTY, FLORIDA

CASE NO. 02-003966 (04) CACE



JACK TITOLO,

    Plaintiff,

vs.

PETER PASCH,

    Defendant.
_____/

PETER PASCH, individually, and
Derivatively on behalf of MEGASEX, INC.,
And UNIVERISYT VIDEO ENTERPRISES, INC.

    Counter-Plaintiff,

Vs.

JACK TITOLO,

    Counter-Defendant.
_____/

PETER PASCH,

    Third Party Plaintiff,

Vs.

MEGASEX, INC. and UNIVERSITY
VIDEO ENTERPRISES, INC.,

    Third Party Defendants.
_____/

1

## ORDER AWARDING RECEIVER'S FEES

THIS MATTER came before the Court based upon the Petition filed by **MARK D. McWILLIAMS, ESQ.**, as the Court appointed Receiver. This Court having reviewed the pleadings, heard argument of counsel and being otherwise fully advised concludes that the Receiver's fees and costs are reasonable.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. The Receiver is entitled to reasonable fees and costs for his services in the amount TEN THOUSAND SEVEN HUNDRED FIFTY-SIX DOLLARS AND SIXTY-EIGHT CENTS ($10,756.58) (6.0 hours at $225; 6.2 hours at $125). The Court seeks to ensure that the Receiver is paid for his services. Accordingly, the Receiver's fees and costs shall be payable by either **MEGASEX, INC.** or **UNIVERSITY VIDEO ENTERPRISES, INC.**, or both equally, within ten (10) days of the Order approving said fees. The Court shall retain the right to reapportion the Receiver's fees and costs at a ~~latter~~ point in time.

2. The Court reserves jurisdiction to ensure that this Order and prior Court Orders are fully complied with.

DONE AND ORDERED this 27 day of _February_ 2004.

_____
Circuit Judge

2

CFN # 108901789-com, OR BK 3702 PG 1919, Page 3 of 3
08-01789-com Doc 1619-5 Filed 01/06/10 Entered 01/08/10 16:03:20 Part 6 of 6
Pg 15 of 28

Copies to:



Keith T. Grumer, Esq.
Grumer & Levin, P.A.
One East Broward Blvd., Ste. 1501
Ft. Lauderdale, FL 33301

Linda Conahan, Esq.
Gunster Yoakley
500 E. Broward Blvd., Suite 1400
Ft. Lauderdale, FL 33394

Leon Margules, Esq.
Entin, Margules & Della Fera
Auto Nation Tower, Suite 1970
110 SE 6th Street
Ft. Lauderdale, FL 33301

Thomas D. Sclafani, Esq.
AutoNation Tower, Suite 1920
110 SE 6th Street
Ft. Lauderdale, FL 33301

Mark D. McWilliams, Esq.
Receiver
4600 North Ocean Blvd., Suite 206
Boynton Beach, Florida 33435

3

CFN # 103949568, OR BK 37365 Page 1537, Page 1 of 3, Recor 1 05/03/2004 at
10:42 AM, Broward County Commission, Deputy Clerk 2090

08-01789-cgm   Doc 1619-5   Filed 01/06/10   Entered 01/08/10 16:03:20   Part 6 of 6
Pg 16 of 28

*Shernay Dixon*

**IN THE CIRCUIT COURT OF THE
17TH JUDICIAL COURT IN AND
FOR BROWARD COUNTY, FLORIDA**

**CASE NO. 02-003966 (04) CACE**

JACK TITOLO,

       Plaintiff,

vs.

PETER PASCH,

       Defendant.

_____/

PETER PASCH, individually, and
Derivatively on behalf of MEGASEX, INC.,
And UNIVERISYT VIDEO ENTERPRISES, INC.

       Counter-Plaintiff,

Vs.

JACK TITOLO,

       Counter-Defendant.

_____/

PETER PASCH,

       Third Party Plaintiff,

Vs.

MEGASEX, INC. and UNIVERSITY
VIDEO ENTERPRISES, INC.,

       Third Party Defendants.

_____/

1

## ORDER AWARDING RECEIVER'S FEES

THIS MATTER came before the Court based upon the Petition filed by **MARK D. McWILLIAMS, ESQ.**, as the Court appointed Receiver. This Court having reviewed the pleadings, heard argument of counsel and being otherwise fully advised concludes that the Receiver's fees and costs are reasonable.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. The Receiver is entitled to reasonable fees and costs for his services in the amount THIRTEEN THOUSAND THREE HUNDRED SEVENTY-EIGHT AND 10/100 DOLLARS ($13,378.10) (53.0 hours at $225; 7.8 hours at $125.00; and costs of $478.00). The Court seeks to ensure that the Receiver is paid for his services. Accordingly, the Receiver's fees and costs shall be payable by either **MEGASEX, INC.** or **UNIVERSITY VIDEO ENTERPRISES, INC.**, or both equally, within ten (10) days of the Order approving said fees. The Court shall retain the right to reapportion the Receiver's fees and costs at a latter point in time.

2. The Court reserves jurisdiction to ensure that this Order and prior Court Orders are fully complied with.

DONE AND ORDERED this _2 1_ day of _April_ _2004._

_____
Circuit Judge

Copies to:



Keith T. Grumer, Esq.
Grumer & Levin, P.A.
One East Broward Blvd., Ste. 1501
Ft. Lauderdale, FL  33301

Linda Conahan, Esq.
Gunster Yoakley
500 E. Broward Blvd., Suite 1400
Ft. Lauderdale, FL  33394

Leon Margules, Esq.
Entin, Margules & Della Fera
Auto Nation Tower, Suite 1970
110 SE 6th Street
Ft. Lauderdale, FL  33301

Thomas D. Sclafani, Esq.
AutoNation Tower, Suite 1920
110 SE 6th Street
Ft. Lauderdale, FL  33301

Mark D. McWilliams, Esq.
Receiver
4600 North Ocean Blvd., Suite 206
Boynton Beach, Florida 33435

3



IN THE CIRCUIT COURT OF THE
17TH JUDICIAL COURT IN AND
FOR BROWARD COUNTY, FLORIDA

CASE NO. 02-003966 (04) CACE

FLORIDA BAR NO. 504416

JACK TITOLO,

      Plaintiff,

vs.

PETER PASCH,

      Defendant.

_____/

PETER PASCH, individually, and
Derivatively on behalf of MEGASEX, INC.,
And UNIVERISYT VIDEO ENTERPRISES, INC.

      Counter-Plaintiff,

Vs.

JACK TITOLO,

      Counter-Defendant.

_____/

PETER PASCH,

      Third Party Plaintiff,

Vs.

MEGASEX, INC. and UNIVERSITY
VIDEO ENTERPRISES, INC.,

      Third Party Defendants.

_____/

1

## ORDER AWARDING RECEIVER'S FEES

THIS MATTER came before the Court based upon the Petition filed by **MARK D. McWILLIAMS, ESQ.**, as the Court appointed Receiver. This Court having reviewed the pleadings, heard argument of counsel and being otherwise fully advised concludes that the Receiver's fees and costs are reasonable.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. The Receiver is entitled to a reasonable fee for his services in the amount TWELVE THOUSAND EIGHT HUNDRED AND SEVENTY-TWO CENTS ($12,800.72).

2. The Court seeks to ensure that the Receiver is paid for his services. Accordingly, the Receiver's fees and costs shall be payable by either **MEGASEX, INC**. or **UNIVERSITY VIDEO ENTERPRISES, INC.**, or both equally, within ten (10) days of the Order approving said fees. The Court shall retain the right to reapportion the Receiver's fees and costs at a latter point in time.

3. The Court reserves jurisdiction to ensure that this Order and prior Court Orders are fully complied with.

**DONE AND ORDERED** this 13 day of May 2003.

JUDGE ROBERT B. CARNEY
Circuit Judge

Copies to:

2



Keith T. Grumer, Esq.
Grumer & Levin, P.A.
One East Broward Blvd., Ste.1501
Ft. Lauderdale, FL 33301
Fax: 954-713-2713

Richard Perlini, Esq.
AutoNation Tower –Suite 1920
110 SE 6th Street
Ft. Lauderdale, FL 33301
Fax: 954-667-6627

Mark D. McWilliams, Esq.
Receiver
4600 North Ocean Blvd., Suite 206
Boynton Beach, Florida 33435
Fax 561-272-2793

3

Sharnay Dixon

**IN THE CIRCUIT COURT OF THE
17TH JUDICIAL COURT IN AND
FOR BROWARD COUNTY, FLORIDA**

**CASE NO. 02-003966 (04) CACE**

**FLORIDA BAR NO. 504416**

JACK TITOLO,

     Plaintiff,

vs.

PETER PASCH,

     Defendant.

                     /

PETER PASCH, individually, and
Derivatively on behalf of MEGASEX, INC.,
And UNIVERISYT VIDEO ENTERPRISES, INC.

     Counter-Plaintiff,

Vs.

JACK TITOLO,

     Counter-Defendant.

                     /

PETER PASCH,

     Third Party Plaintiff,

Vs.

MEGASEX, INC. and UNIVERSITY
VIDEO ENTERPRISES, INC.,

     Third Party Defendants.

                     /

2003 APR -9 AM 9: 17

1

### ORDER AWARDING RECEIVER'S FEES

THIS MATTER came before the Court based upon the Petition filed by **MARK D. McWILLIAMS, ESQ.**, as the Court appointed Receiver.  This Court having reviewed the pleadings, heard argument of counsel and being otherwise fully advised concludes that the Receiver's fees and costs are reasonable.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. The Receiver is entitled to a reasonable fee for his services in the amount EIGHT THOUSAND NINE HUNDRED AND NINETY-EIGHT DOLLARS AND ONE CENTS ($8,998.01).

2. The Court seeks to ensure that the Receiver is paid for his services.  Accordingly, the Receiver's fees and costs shall be payable by either **MEGASEX, INC.** or **UNIVERSITY VIDEO ENTERPRISES, INC.**, or both equally, within ten (10) days of the Order approving said fees.  The Court shall retain the right to reapportion the Receiver's fees and costs at a latter point in time.

3. The Court reserves jurisdiction to ensure that this Order and prior Court Orders are fully complied with.

**DONE AND ORDERED** this __7__ day of March 2003.

JUDGE ROBERT B. CARNEY
Circuit Judge

2

Copies to:

Keith T. Grumer, Esq.
Grumer & Levin, P.A.
One East Broward Blvd., Ste.1501
Ft. Lauderdale, FL 33301
Fax: 954-713-2713

Richard Perlini, Esq.
AutoNation Tower –Suite 1920
110 SE 6th Street
Ft. Lauderdale, FL 33301
Fax: 954-667-6627

Mark D. McWilliams, Esq.
Receiver
4600 North Ocean Blvd., Suite 206
Boynton Beach, Florida 33435
Fax 561-272-2793

CFN # 103655087, OR Bx. J6764   Page 40 of 28, Recorded ./16/2004 at
06:32 AM, Broward County Commission, Deputy Clerk 1047

Sharmay Dixon

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL COURT IN AND
FOR BROWARD COUNTY, FLORIDA

CASE NO. 02-003966 (04) CACE

FLORIDA BAR NO. 504416

JACK TITOLO,

    Plaintiff,

vs.

PETER PASCH,

    Defendant.

_____/

PETER PASCH, individually, and
Derivatively on behalf of MEGASEX, INC.,
And UNIVERISYT VIDEO ENTERPRISES, INC.

    Counter-Plaintiff,

Vs.

JACK TITOLO,

    Counter-Defendant.

_____/

PETER PASCH,

    Third Party Plaintiff,

Vs.

MEGASEX, INC. and UNIVERSITY
VIDEO ENTERPRISES, INC.,

    Third Party Defendants.

_____/

1

## ORDER AWARDING RECEIVER'S FEES

THIS MATTER came before the Court based upon the Petition filed by **MARK D. McWILLIAMS, ESQ.**, as the Court appointed Receiver. This Court having reviewed the pleadings, heard argument of counsel and being otherwise fully advised concludes that the Receiver's fees and costs are reasonable.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. The Receiver is entitled to a reasonable fee and costs for his services in the amount FIFTEEN THOUSAND THREE HUNDRED FORTY-FIVE AND SEVENTY CENTS ($15,345.70) (67.3 hours at $225.00 per hour). The Court seeks to ensure that the Receiver is paid for his services. Accordingly, the Receiver's fees and costs shall be payable by either **MEGASEX, INC.** or **UNIVERSITY VIDEO ENTERPRISES, INC.**, or both equally, within ten (10) days of the Order approving said fees. The Court shall retain the right to reapportion the Receiver's fees and costs at a latter point in time.

2. The Court reserves jurisdiction to ensure that this Order and prior Court Orders are fully complied with.

**DONE AND ORDERED** this 12 day of _____ 2004.

JUDGE ROBERT B. CARNEY
Circuit Judge

2

Copies to:



Keith T. Grumer, Esq.
Grumer & Levin, P.A.
One East Broward Blvd., Ste. 1501
Ft. Lauderdale, FL 33301

Linda Conahan, Esq.
Gunster Yoakley
500 E. Broward Blvd., Suite 1400
Ft. Lauderdale, FL 33394

Leon Margules, Esq.
Entin, Margules & Della Fera
Auto Nation Tower, Suite 1970
110 SE 6th Street
Ft. Lauderdale, FL 33301

Thomas D. Sclafani, Esq.
AutoNation Tower, Suite 1920
110 SE 6th Street
Ft. Lauderdale, FL 33301

Mark D. McWilliams, Esq.
Receiver
4600 North Ocean Blvd., Suite 206
Boynton Beach, Florida 33435

3

BEAR STEARNS

126-9525-11-
06

**BEAR, STEARNS SECURITIES CORP.**
**INDIVIDUAL RETIREMENT ACCOUNT APPLICATION**

1 (Please Print)   IRA

Name: EDWARD MEYER   Date of Birth: 8-9-17   Social Security No.: 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

Mailing Address: 7648 REXFORD RD.

BOCA RATON   State: FLA   Zip Code: 33434

Telephone No.: 561 488-8-3007   Name of Working Spouse (If IRA for Nonworking Spouse): MARION MEYER

(a) Initial Contribution:
Deposit $ _____
(Year) (Amount)

-OR-

(b) Check one:
☐ Rollover  or  ☐ Transfer
(If a Transfer, also complete a Bear Stearns Transfer Form, which may be obtained from your Account Executive.)

-OR-

(c) Check if applicable:
☐ SEP-IRA

3 Designation of Beneficiary: If I die before my entire interest in the IRA has been distributed under Article IV of the Individual Retirement Account Custodial Agreement, it is my intention that the balance of the account shall be distributed to:

Primary: MARCIA MEYER   Relationship: EDWARD MEYER   Social Security No.: 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   Percentage:

Name: CROSSE   Date of Birth: 5/6/33

Address:

State:   Zip Code:

☐ Contingent Beneficiary: (Check one only)

Name:   Relationship:   Social Security No.:   Percentage:

Mailing Address:   Date of Birth:

State:   Zip Code:

I may change or revoke this designation without notice to any beneficiary by completing a new form. Any such change or revocation shall be effective on the date Bear Stearns receives such notice. I understand that if no beneficiary designation is in effect at the time of my death, or if the designated beneficiary dies before my death, or if Bear Stearns is unable to readily locate the designated beneficiary, the balance of my account will be paid to my spouse if surviving, or if not, my estate.

5. ☐ Date of Change of Beneficiary Designation: _____ / _____ / _____
Month   Day   Year

6. Annual maintenance fee per account: $35. Termination fee per account: $50. (For additional information on Custodial Fees, please refer to Article VIII, item 12 of the Custodial Agreement.) Fees are not prorated.

7 I HAVE RECEIVED AND READ THE IRA BOOKLET, INCLUDING THE IRA CUSTODIAL AGREEMENT AND IRA DISCLOSURE STATEMENT. I HEREBY APPOINT BEAR, STEARNS SECURITIES CORP. AS CUSTODIAN OF MY IRA IN ACCORDANCE WITH THE TERMS AND CONDITIONS OF THE BEAR STEARNS IRA CUSTODIAL AGREEMENT (IRS FORM 5305-A (REV. JANUARY 1998), AS MODIFIED BY BEAR STEARNS WITH RESPECT TO ARTICLE VIII THEREOF), THE TERMS OF THE AGREEMENT AS SO MODIFIED ARE INCORPORATED HEREIN BY REFERENCE AND EXPRESSLY MADE A PART OF THIS IRA APPLICATION. I UNDERSTAND THAT BEAR STEARNS HAS NO DISCRETIONARY INVESTMENT RESPONSIBILITY WITH RESPECT TO THE ASSETS HELD IN MY IRA AND THAT BEAR STEARNS WILL INVEST AND REINVEST THE ASSETS IN THE IRA ONLY ON MY DIRECTION.

I FURTHER ACKNOWLEDGE THAT ARTICLE VIII (SECTION 23) OF THE IRA CUSTODIAL AGREEMENT CONTAINS A PRE-DISPUTE ARBITRATION CLAUSE.

I UNDERSTAND THAT THE ADOPTION OF THE IRA HAS SIGNIFICANT FEDERAL, STATE AND LOCAL TAX CONSEQUENCES AND I HAVE BEEN ADVISED BY BEAR STEARNS TO CONSULT MY ATTORNEY OR OTHER TAX ADVISOR.