CADWALADER, WICKERSHAM & TAFT LLP
One World Financial Center
New York, NY 10281
Telephone: (212) 504-6000
Fax: (212) 504-6666

*Counsel for US Trust Co UD Peter M. Lehrer, Peter M. Lehrer and Eileen Lehrer, JSBR Associates LP and The Apmont Group Inc. Pension Plan*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------X

SECURITIES INVESTOR PROTECTION
CORPORATION,

               Plaintiff-Applicant,

    v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

               Defendant.

Adv. Pro. No. 08-01789-BRL

SIPA Liquidation

(Substantively Consolidated)

---------------------------------------------------------------------X

In re:

BERNARD L. MADOFF,

               Debtor.

---------------------------------------------------------------------X

**OBJECTION TO DETERMINATION OF CLAIM**

      US TRUST CO UD PETER M. LEHRER, PETER M. LEHRER and EILEEN

LEHRER, JSBR ASSOCIATES LP and THE APMONT GROUP INC PENSION PLAN, by and

through their counsel, hereby objects to the Trustee's Determination of Claims, and respectfully shows as follows:

## Background

1.  US Trust Co UD Peter M. Lehrer timely filed a claim for $3,195,164.02 in this Securities Investor Protection Corporation ("SIPC") proceeding, which the Trustee duly acknowledged as timely filed and designated as Claim No. 004731. A copy of the claim is attached hereto as Exhibit A. US Trust Co UD Peter M. Lehrer held net investment interests in Ascot Partners L.P. ("Ascot") with the total net investment value of $3,195,164.02 at or around December 2008 as listed in the claim. Ascot invested US Trust Co UD Peter M. Lehrer's funds in Bernard L. Madoff Investment Securities LLC ("BLMIS"), causing US Trust Co UD Peter M. Lehrer to bear the ultimate loss in this SIPC Liquidation resulting from the fraudulent scheme perpetrated by Bernard L. Madoff and BLMIS.

2.  The Trustee issued a "Notice of Trustee's Determination of Claim," denying the "customer claim" under 15 U.S.C. § 78lll(2) because "[b]ased on a review of available books and records of BLMIS by the Trustee's staff, [US Trust Co UD Peter M. Lehrer] did not have an account with BLMIS," and was therefore not a "customer." A copy of the Notice is attached hereto as Exhibit B.

3.  Peter M. Lehrer and Eileen Lehrer timely filed a claim for $1,182,894.06 in this SIPC proceeding, which the Trustee duly acknowledged as timely filed and designated as Claim No. 004730. A copy of the claim is attached hereto as Exhibit C. Peter M. Lehrer and Eileen Lehrer held net investment interests in Gabriel Capital L.P. ("Gabriel") with the total net investment value of $1,182,894.06 at or around December 2008 as listed in the claim. Gabriel invested Peter M. Lehrer and Eileen Lehrer's funds in BLMIS, causing Peter M. Lehrer and

Eileen Lehrer to bear the ultimate loss in this SIPC Liquidation resulting from the fraudulent scheme perpetrated by Bernard L. Madoff and BLMIS.

    4.  The Trustee issued a "Notice of Trustee's Determination of Claim," denying the "customer claim" under 15 U.S.C. § 78111(2) because "[b]ased on a review of available books and records of BLMIS by the Trustee's staff, [Peter M. Lehrer and Eileen Lehrer] did not have an account with BLMIS," and was therefore not a "customer." A copy of the Notice is attached hereto as Exhibit D.

    5.  JSBR Associates LP timely filed a claim for $705,971.17 in this SIPC proceeding, which the Trustee duly acknowledged as timely filed and designated as Claim No. 004729. A copy of the claim is attached hereto as Exhibit E. JSBR Associates LP held net investment interests in Ascot with the total net investment value of $705,971.17 at or around December 2008 as listed in the claim. Ascot invested JSBR Associates LP's funds in BLMIS, causing JSBR Associates LP to bear the ultimate loss in this SIPC Liquidation resulting from the fraudulent scheme perpetrated by Bernard L. Madoff and BLMIS.

    6.  The Trustee issued a "Notice of Trustee's Determination of Claim," denying the "customer claim" under 15 U.S.C. § 78111(2) because "[b]ased on a review of available books and records of BLMIS by the Trustee's staff, [JSBR Associates LP] did not have an account with BLMIS," and was therefore not a "customer." A copy of the Notice is attached hereto as Exhibit F.

    7.  The Apmont Group Inc. Pension Plan timely filed a claim for $955,971.17 in this SIPC proceeding, which the Trustee duly acknowledged as timely filed and designated as Claim No. 004728. A copy of the claim is attached hereto as Exhibit G. The Apmont Group Inc. Pension Plan held net investment interests in Ascot with the total net investment value of $955,971.17 at or around December 2008 as listed in the claim. Ascot invested The Apmont

-3-

Group Inc. Pension Plan's funds in BLMIS, causing The Apmont Group Inc. Pension Plan to bear the ultimate loss in this SIPC Liquidation resulting from the fraudulent scheme perpetrated by Bernard L. Madoff and BLMIS.

8. The Trustee issued a "Notice of Trustee's Determination of Claim," denying the "customer claim" under 15 U.S.C. § 78111(2) because "[b]ased on a review of available books and records of BLMIS by the Trustee's staff, [The Apmont Group Inc. Pension Plan] did not have an account with BLMIS," and was therefore not a "customer." A copy of the Notice is attached hereto as Exhibit H.

9. US Trust Co UD Peter M. Lehrer, Peter M. Lehrer and Eileen Lehrer, JSBR Associates LP and The Apmont Group Inc. Pension Plan (collectively, the "Investors") hereby object to these determinations and submit that they are each a "customer" for purposes of, and are entitled to recover in, this SIPC proceeding in the same manner and to the same extent as "direct" investors who had accounts with BLMIS.

## Legal Argument

10. The Supreme Court has stated that "Congress' primary purpose in enacting the SIPA and creating the SIPC was . . . the protection of investors." *See SIPC v. Barbour*, 421 U.S. 412, 421 (1975). When a brokerage firm, like BLMIS, is a member of SIPC, SIPC may intervene in the firm's bankruptcy proceedings, gather the assets of the brokerage firm's "customers," and distribute those assets directly to them. *See* 15 U.S.C. § 78aaa *et seq.* If the brokerage firm lacks sufficient assets to refund the customer's claim, SIPC may then advance monies to the customer from the SIPC fund. *See* 15 U.S.C. § 78fff-3.

11. SIPA defines a "customer" as:

> Any person (including any person with whom the debtor deals as principal or agent) who has a claim on account of securities received, acquired, or held by the debtor in the ordinary course of

> its business as a broker or dealer from or for the securities accounts of such person for safekeeping, with a view to sale, to cover consummated sales, pursuant to purchases, as collateral security, or for purposes of effecting transfer. The term "customer" includes any person who has a claim against the debtor arising out of sales or conversions of such securities, and any person who has deposited cash with the debtor for the purpose of purchasing securities . . .

15 U.S.C. §78111(2).

12. The Investors fall within section 78111(2) under a plain reading of the statute. The Investors' funds were invested by Ascot and Gabriel in BLMIS. There is no substantive difference between the Investors and other investors who invested funds directly in BLMIS. The Investors were in virtual, if not actual, privity with BLMIS and suffered the same harm as direct investors in BLMIS.

13. A claimant's status as a "customer" under the statute does not depend on the person or entity to whom he handed his cash or made his check payable, or even where the funds were initially deposited. *In re Old Naples Secs., Inc.*, 223 F.3d 1296, 1302-03 (11th Cir. 2000). Instead, customer status under the statute depends on whether there was, as there was here, "actual receipt, acquisition or possession of the property of a claimant by the brokerage firm under liquidation" like BLMIS, such that the brokerage firm "acquired control over all of the claimants' funds" as BLMIS did here. *Id.* at 1302-04. In this case, the Investors' funds were deposited with their "actual receipt, acquisition or possession" by BLMIS, and BLMIS "acquired control" over their property.

14. Both the equities of the situation, as well as the realities of today's investment securities marketplace, require that the Investors be afforded the same status in this proceeding as "direct" investors in BLMIS.

## **Relief Requested**

15. For the reasons stated, it is respectfully requested that the Court overrule the Trustee's determination and find the Investors to be "customers" within the meaning of 15 U.S.C. § 78111(2), direct that the Investors be treated by the Trustee in the same manner and grant them relief in the SIPC Liquidation proceeding to the same extent as direct investors in BLMIS, hold a hearing to determine this dispute, and grant such other and further relief as may be just, proper, and equitable.

16. The Investors reserve the right to revise, supplement or amend this Objection. Any failure to object on a particular ground or grounds shall not be construed as a waiver of the right to object on additional grounds. The Investors also join in the Objections of other claimants in the same position and reserve the right to respond to the Trustee as and to the extent necessary or appropriate and to file supplemental memoranda of law.

Dated:   January 8, 2010
         New York, New York

                            CADWALADER, WICKERSHAM & TAFT LLP

                            By:             /s/ Martin L. Seidel
                                    Dennis J. Block
                                    Martin L. Seidel

                            One World Financial Center
                            New York, NY 102881
                            Telephone: (212) 504-6000
                            Fax: (212) 504-6666

                            Counsel for US Trust Co UD Peter M. Lehrer, Peter M. Lehrer and Eileen Lehrer, JSBR Associates LP and The Apmont Group Inc. Pension Plan