**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
:
SECURITIES INVESTOR PROTECTION :
CORPORATION,                                          :  **Case No. 08-01789 (BRL)**
:
            Plaintiff,                                     :
:  SIPA Liquidation
       v.                                                  :
:  **OBJECTION TO TRUSTEE'S**
:  **DETERMINATION OF CLAIM**
BERNARD L. MADOFF INVESTMENT    :
SECURITIES LLC,                                   :
:
:
            Defendant.                                 :
------------------------------------------------------------X

Richard Witten ("Claimant") hereby objects to the denial of claim in the Trustee's Determination of Claim, dated December 8, 2009, and states as follows:

1.  On or about January 6, 2009 Claimant filed a claim with the SIPC Trustee relating to investments in Ascot Partners and Gabriel Capital, L.P.

2.  Upon information and belief substantially all of the funds which Claimant invested in the two funds were invested in Bernard L. Madoff Investment Securities LLC ("BLMIS").

3.  By Notice of Trustee's Determination of Claim dated December 8, 2009, the Trustee notified Claimant that its claim had been denied on the following basis:

> Based on a review of available books and records of BLMIS by the Trustee's staff, you did not have an account with BLMIS. Because you did not have an account, you are not a customer of BLMIS under SIPA as that term is defined at 15 U.S.C.§ 78*lll*(2). Accordingly, your Claim for securities and/or a credit balance is **DENIED**.

4. By this Notice of Objection, Claimant objects to the determination by the Trustee.

5. Claimant incorporates by reference in this objection the arguments submitted by all other similarly situated Claimants in this case.

6. Claimant reserves the right to amend, alter, revise or supplement this Objection; any failure to object on a particular procedural or substantive ground shall not be deemed a waiver of any such rights, all of which are hereby reserved.

7. In the event that the Court does not allow Claimant's claim as a "customer" claim, it should nevertheless allow Claimant's claim as a general unsecured creditor claim.

WHEREFORE, the Court should overrule the Trustee's Determination and should allow Claimant's SIPC customer claims in full, or, alternatively, as a general unsecured creditor, and grant Claimant such other and further relief as is just.

Dated:   Mamaroneck, NY
         January 8, 2010

/s/ Richard Witten
Richard Witten

*134787v1*