**SILLS CUMMIS & GROSS P.C.**
One Rockefeller Plaza
New York, NY 10020
Tel: 212-643-7000
Philip R. White
Email: pwhite@sillscummis.com
Andrew H. Sherman
Email: asherman@sillscummis.com

*Attorneys for Defendants*
*Emily Chasalow, Mark Chais, Wrenn Chais,*
*William Chais, Miri Chais and the Entities*
*Identified on Exhibit 1 hereto*

Hearing Date: January 14, 2010
Hearing Time: 10:00 a.m.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Debtor. | SIPA LIQUIDATION<br><br>No. 08-01789(BRL) |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>STANLEY CHAIS, *et al.*,<br><br>Defendants. | Adv. Pro. No. 09-1172 (BRL)<br><br>**DEFENDANTS' LIMITED OBJECTIONS TO THE TRUSTEE'S PROPOSED PROTECTIVE ORDER** |

TO:   THE HONORABLE BURTON R. LIFLAND
      UNITED STATES BANKRUPTCY JUDGE

Defendants Emily Chasalow, Mark Chais, Wrenn Chais, William Chais, and the Entities

Identified on Exhibit 1 hereto (collectively, "Defendants")[1] submit the following, limited

---

[1]   Defendant Miri Chais filed a motion to dismiss the Trustee's claims against her for lack of personal jurisdiction pursuant to *Fed. R. Civ. P*. 12(b)(2) and *Fed. R. Bankr. P*. 7012(b). Miri Chais lacks the required minimum contacts with the United States that would allow this Court to exercise personal jurisdiction over her without violating the Due Process Claus of the Amendment of the United States Constitution. She resides in Israel and has only sporadic,

2

objections to the Trustee's Motion for Entry of a Protective Order dated December 18, 2009, and state as follows:

### I. Background

1. On December 11, 2008, Bernard L. Madoff ("Madoff") was arrested by federal agents for violations of the criminal securities law, including, among other things, securities fraud, investment advisor fraud, and mail and wire fraud. The Securities and Exchange Commission ("SEC") filed a complaint in the United States District Court of the Southern District of New York (the "District Court") against Bernard L. Madoff Securities, Inc. ("BLMIS") and Madoff (collectively, the "Debtors") charging the Debtors with engaging in fraud through investment advisor activities of BLMIS.

2. On December 15, 2008, pursuant to section 78eee(a)(4)(A) of the Securities Investor Protection Act ("SIPA"), the SEC consented to a combination of its own action with an application of the Securities Investor Protection Corporation ("SIPC"). Thereafter, the District Court appointed Irving H. Picard, Esq., as the trustee ("Trustee") for the liquidation of the business of BLMIS pursuant to section 78eee(b)(3) of SIPA.

3. At a plea hearing on March 12, 2009, Madoff pled guilty to an 11-count criminal information filed against him by the United States Attorneys Office for the Southern District of New York. At the plea hearing, Madoff admitted that he began running a Ponzi scheme sometime in the early 1990's in order to satisfy customer expectation.

4. Stanley Chais is a Los Angeles philanthropist and investment advisor who, over the last thirty years, invested millions of dollars with Bernard L. Madoff Securities, Inc.

---

isolated contacts with the United States. Should this Court conclude that Miri Chais is subject to jurisdiction in the United States, she would join in Defendants' objections to the Trustee's

3

("BLMIS"). Defendants Emily Chasalow, Mark Chais and William Chais are the children of Stanley and Pamela Chais. Defendant Miri Chais is Mark's spouse, Defendant Michael Chasalow is Emily's spouse and Defendant Wrenn Chais is William's spouse.

5. In May 2009, The Trustee sued these Defendants despite the fact that none of the Defendants ever worked for Stanley Chais' investment business or had any connection to Madoff other than the fact that they were customers of BLMIS. The Trustee premised his entire Complaint on Stanley Chais' relationship with Bernard Madoff. Rather than plead facts that demonstrate that each Defendant knew or should have known of Madoff's fraud or acted in bad faith, the Trustee merely lumped the Defendants together with Stanley Chais's purported knowledge and conduct.

6. On November 12, 2009, Defendants filed a partial motion to dismiss the Trustee's claims on the grounds that: (i) The Trustee's Complaint impermissibly lumps the Defendants together with purported allegations of the knowledge and conduct of Stanley Chais and fails to comply with the strict particularity requirements of Rule 9(b); (ii) the Trustee has failed to plead facts sufficient to sustain his claims for transfers made with actual intent to defraud; (iii) the Trustee's constructive fraud claims must be dismissed because the Trustee has failed to plead a lack of value or fair consideration; (iv) transfers made more than six years before the filing of the adversary complaint are not voidable under New York law or Section 544(b) of the Bankruptcy Code; (v) The Trustee's claim for Turnover and Accounting must be dismissed because the transfers are not property of the estate and (vi) the Trustee's claim to avoid subsequent transfers must be dismissed because the Trustee has not identified any subsequent transfers. That motion is currently pending before this Court and returnable on March 4, 2010.

---

Proposed Protective Order, however, Miri Chais expressly does not consent to jurisdiction in the

4

**II.    The Trustee's Motion For Entry Of A Protective Order**

7.    On December 18, 2009, the Trustee filed a motion seeking the entry of a single protective order applicable to each of the 14 adversary proceedings commenced by the Trustee. The Trustee has indicated that he expects to commence additional adversary proceedings in the future, and presumably will seek to have those future proceedings governed by the same protective order.

8.    Defendants agree that a uniform protective order should be entered governing the production of documents in this action and support the entry of a protective order in the form proposed by the Trustee (the "Trustee's Proposed Order"), subject to certain modifications, as described below.

9.    Defendants join in the objections filed by Schulte Roth & Zabel LLP on behalf of the SRZ Claimants on January 7, 2010.

**III.    Defendants' Limited Objections To The Trustee's Proposed Protective Order**

   **A.    Summary of Defendants' Objections**

10.    The Defendants have 4 objections to the Trustee's Proposed Order:

   (i)    Defendants object to paragraphs 6(b) as it is too broad;

   (ii)    Defendants object to paragraph 6(e) as it is too broad;

   (iii)    There should be the inclusion of a mechanism by which the parties must identify confidential information; and

   (iv)    Defendants seek the inclusion of a new paragraph requiring the parties to either return or destroy confidential information at the conclusion of this adversary proceeding.

   **B.    Statement of Support for Defendants' Objections**

---

United States and is not waiving her position that this Court does not have jurisdiction over her.

11.     Paragraphs 6(b) and 6(e) of the Trustee's Proposed Order are extraordinarily broad and would allow the Trustee to share information designated as "Confidential" by the producing party (*e.g.*, personal, non-public financial information or proprietary business information) with:

(b) Counsel representing the parties and their Agents; and

(e) The Securities Investor Protection Corporation and regulatory and enforcement authorities investigating matters relating directly or indirectly to Bernard L. Madoff Securities, LLC.

12.     In other words, the Trustee's Proposed Order permits disclosure of Defendants' confidential information to a host of other parties and non-parties, without any controls, essentially giving unfettered access to that information to any nameless government entity with even an indirect connection to the BLMIS investigation; without providing Defendants with prior notice or an opportunity to object.

13.     While this is objectionable on many levels, the most obvious problem with this framework is that once the Trustee shares Defendants' confidential information with any other regulatory authority, the protections afforded by the Proposed Protective Order are immediately vitiated.  Those entities will not be bound by the Proposed Protective Order (they will not be signing undertakings) and will have no corresponding obligation to maintain the confidentiality of the information produced by the Defendants pursuant to the Proposed Protective Order.  As a result, the protections purportedly extended by the Proposed Protective Order will be immediately extinguished.

14.     For example, if the Trustee shares copies of Defendants' tax returns, bank account statements or other financial records with the SEC, the SEC has no obligation to keep that

6

information confidential or return or destroy it at the conclusion of the current adversary proceeding.[2]

15.     SIPC is neither a government agency nor a regulatory authority (http://www.sipc.org./who/statute.cfm) and the Trustee is not a governmental authority.  *In re Financial Corp.*, 119 B.R. 728, 735 (C.D. Cal. 1990)("Chapter 7 Trustee is not a governmental authority, . . .").  The Trustee may only exercise the powers of a bankruptcy trustee with the addition of those powers set forth in SIPA.  15 U.S.C. § 78fff-1(a); s*ee, e.g., Securities Investor Protection Corporation v. BDO Seidman*, LLP, 49 F. Supp. 2d 644, 650 (S.D.N.Y. 1999).  The Trustee is empowered and directed by SIPA to return customer property, complete open transactions, enforce rights of subrogation, and liquidate the business of the member.  15 U.S.C § 78fff(a).  He is not empowered to act as a quasi regulatory or enforcement agent and there is no statutory or policy justification for allowing him to share confidential, non-public financial information obtained under the guise of protective order with unnamed regulatory or enforcement authorities.  *See In re Financial Corp.*, 119 B.R. at 736 (entering a protective order limiting the disclosure of confidential financial information to the Chapter 7 Trustee).

16.     The Bankruptcy Court in the Eastern District of Tennessee came to this conclusion after considering a similar issue in *In re Lufkin*, 255 B.R. 204, 214 (E.D. Tenn. Bankr. 2000).  In that case, a receiver was appointed to take possession of the Debtor's law practice entities and oversee their administration and operation.  The Trustee subpoenaed the records of those businesses from the Receiver and the Debtor sought a protective Order limiting the Trustee's right to disclose those records to third parties, arguing that government officers

---

[2] There is a risk that any regulatory agency could not only keep these records indefinitely, but it would be free to share them with anyone, including any member of the public who files a Freedom of Information Act ("FOIA") request in the future.

7

should not be allowed warrantless access to the Debtor's business records. *Id.* at 214. The Court granted the Debtor's motion, holding that "[t]he Trustee will not be authorized to allow any third party access to any documents or records obtained from the Receiver without prior approval of the court or in response to a search warrant or subpoena issued by a state or federal court." *Id.*

17. The same result should be reached here. To the extent any government agency or private party seeks to obtain confidential information from the Defendants, it should be required to give Defendants notice and serve a subpoena. Again, there is no statutory or policy justification for extinguishing Defendants' procedural due process rights and permitting warrantless access to Defendants' confidential financial or proprietary business information.

### III. Defendants' Requested Modifications To The Trustee's Proposed Protective Order

18. Accordingly, Defendants request the following modifications to the Trustee's Proposed Protective Order:

19. Replace the first sentence of paragraph 3 with the following:

> A party may designate any documents, testimony, and other information furnished or disclosed to another party or its counsel during discovery or trial as "CONFIDENTIAL" in accord with this Order by marking same with the following or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER."

20. Replace paragraph 6(b) with the following:

> b. Counsel representing the parties and their Agents; however, in no event shall the Trustee give, show, make available or communicate any information designated as "CONFIDENTIAL" by a party in one adversary proceeding to a party in a different adversary proceeding;

21. Paragraph 6(e) should be limited to SIPC.

22. Include the following new paragraph 29:

> 29. Upon final conclusion of this litigation, each party or other individual subject to the terms of this protective Order shall be under an obligation to either assemble and to return to the producing party or to destroy all

8

originals and unmarked copies of physical documents and things designated "CONFIDENTIAL" received from the producing party, and must destroy all other physical objects and documents, in whatever form stored or reproduced that contain or refer to "CONFIDENTIAL" material; provided that all "CONFIDENTIAL" material that is not embodied in physical objects and documents will remain subject to this Order. To the extent a party requests the return of "CONFIDENTIAL" material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

23. The modifications identified above are consistent with the intended purpose of the Proposed Protective Order and will strengthen the protections afforded to confidential information.

Dated:  January 8, 2010
        New York, New York

SILLS CUMMIS & GROSS P.C.

s\ Andrew H. Sherman
Andrew H. Sherman
Philip R. White
One Rockefeller Plaza
New York, NY 10020
Tel: 212-643-7000
pwhite@sillscummis.com
asherman@sillscummis.com

*Attorneys for Defendants*
*Emily Chasalow, Mark Chais, Wrenn Chais,*
*William Chais, Miri Chais and the Entities*
*identified On Exhibit 1 hereto*

To:  BAKER & HOSTETLER LLP
     45 Rockefeller Plaza
     New York, NY 10111
     Telephone: (212) 589-4200
     Facsimile: (212) 589-4201
     David J. Sheehan
     Marc E. Hirschfield

9

Pg 9 of 10

*Attorneys for Irving H. Picard, Esq.,*
*Trustee for the SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC*

10

# EXHIBIT 1

Unicycle Trading Company
Unicycle Corporation
Emily Chais Trust No. 2
Emily Chais Trust No. 3
Emily Chais 1983 Trust
Emily Chais Issue Trust No. 1
Emily Chais Issue Trust No. II
Benjamin Paul Chasalow Transferee Trust No.1
Benjamin Paul Chasalow 1999 Trust
Rachel Allison Chasalow Transferee Trust No. 1
Rachel Allison Chasalow 1999 Trust
Justin Robert Chasalow Transferee Trust No. 1
Justin Robert Chasalow 1999 Trust
Onondaga, Inc. Pension Plan
William Frederick Chais Trust No. 2
William Frederick Chais Trust No. 3
William Frederick Chais 1983 Trust
William Frederick Chais Issue Trust No. I
William Frederick Chais Issue Trust No. II
Madeline Chais Transferee Trust No.I
Madeline Celia Chais 1992 Trust
Chloe Frances Chais Transferee Trust No. I
Chloe Frances Chais 1994 Trust
Jonathan Chais Transferee Trust No. I
Jonathan Wolf Chais 1996 Trust
Mark Hugh Chais Trust No. 2
Mark Hugh Chais Trust No. 3
Mark Hugh Chais 1983 Trust
Mark Hugh Chais Issue Trust No. I
Mark Hugh Chais Issue Trust No. II
Tali Chais Transferee Trust No. I
Tali Chais 1997 Trust
Ari Chais Transferee Trust No. I
Ari Chais 1999 Trust
1994 Trust for the Children of Stanley and Pamela Chais
1996 Trust for the Children of Stanley and Pamela Chais
William & Wrenn Chais 1994 Family Trust
1999 Trust for the Grandchildren of Stanley and Pamela Chais
Chais Investments, Ltd.
Onondaga, Inc.
Chais Management, Ltd.,
Chais Management, Inc.
Chais Venture Holdings