Clerk of the United States Bankruptcy Court
for the Southern District of New York
One Bowling Green
New York, New York   10004

January 5, 2010

*RECEIVED JAN - 8 2010 U.S. BANKRUPTCY COURT SDNY*

My name is Peter Richard Roberts. I was an investor in Rye Select Broad Market Prime Fund, L.P. which was managed by Tremont Partners, Inc. (the G.P.) as a feeder fund of Bernard L. Madoff Investment Securities LLC ("BLMIS"), the defendant in the case. All of my assets invested with Rye Select Broad Market Prime Fund, L.P. were invested by it with BLMIS.

I filed a Notice of Claim with the SIPC Trustee relating to the above investment and received a Notice from the Trustee dated December 8, 2009 notifying me that "Based on a review of available books and records of BLMIS by the Trustee's staff, you did not have an account with BLMIS. Because you did not have an account, you are not a customer of BLMIS under SIPA, as that term is defined." The Trustee thus denied my claim.

I disagree with the determination of the SIPC Trustee that I was not a customer of BLMIS. I believe a reasonable person would recognize that "Customers" who invested through a feeder fund established for the sole purpose of redirecting those funds to BLMIS should not be discriminated against relative to the treatment of "Customers" who invested directly in BLMIS. I simply cannot understand the logic of discriminating against me by denying access to the protections of the SIPC Fund while those with more exclusive access to Bernie Madoff are afforded those protections. This could not have been the intent of SIPA.

The reality in this case is that Madoff perpetrated the largest ponzi scheme in American history. He used feeder funds to attract new investors to continue his fraud and there is no substantive difference between those who gave the debtor, BLMIS, their funds directly through their exclusive access or those of us who gained such access through feeder funds. It was in the ordinary course of business of the Debtor to solicit investors through these funds. We all suffered devastating losses.

Respectfully,

*[signature]*

Peter R. Roberts

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

### DECEMBER 11, 2008[1]

### NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

December 8, 2009

PETER R. ROBERTS 2000 TRUST
15 PROSPECT STREET
SCITUATE, MA  02066

Dear PETER R. ROBERTS 2000 TRUST:

### PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim designated as Claim No. 008266:

Based on a review of available books and records of BLMIS by the Trustee's staff, you did not have an account with BLMIS. Because you did not have an account, you are not a customer of BLMIS under SIPA as that term is defined at 15 U.S.C. § 78lll (2). Accordingly, your Claim for securities and/or a credit balance is **DENIED**.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after December 8, 2009, the date on which the Trustee mailed this notice.

---

[1] Section 78lll(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78lll(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

> Clerk of the United States Bankruptcy Court for
> the Southern District of New York
> One Bowling Green
> New York, New York 10004

and

> Irving H. Picard, Trustee
> c/o Baker & Hostetler LLP
> Attn: Claims Department
> 45 Rockefeller Plaza
> New York, New York 10111

*/s/ Irving H. Picard*

**Irving H. Picard**

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC