UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR ) <br> PROTECTION CORPORATION, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> BERNARD L. MADOFF ) <br> INVESTMENT SECURITIES, LLC ) <br> ) <br> Defendant. ) <br> ) | SIPA LIQUIDATION <br><br> Adv. Pro. No. 08-01789 <br> (BRL) |

OPPOSITION OF WRIGHT FAMILY LIVING TRUST
TO TRUSTEE'S DENIAL DETERMINATION OF CLAIM
FOR CLAIM NO 006656

The Wright Family Trust (the "Wrights") hereby submits, by and through its undersigned counsel, this Opposition (the "Opposition") to the determination of the trustee (the "Trustee") in the above captioned liquidation proceeding (the "SIPA Proceeding") under the Securities Investor Protection Act ("SIPA") concerning the Customer Claim (the "Claim") filed by the Wrights in the SIPA Proceeding, dated and respectfully represents as follows:

In their Claim, the Wrights asserted a claim for relief in the SIPA Proceeding for the $750,000.00 they invested with Bernard L. Madoff Securities, LLC ("BLMIS") through investments in the Rye Select Broad Market Funds (A copy of the Wrights Claim is attached hereto in support and identified as Exhibit "1"). The Rye Select Broad Market Funds were, upon information and belief, 100% invested with BLMIS.

The Wrights are in receipt of The Notice of Trustee's Determination of their Claim, dated December 8, 2009, (A copy of this Notice is attached hereto in support and identified as Exhibit "2"), wherein the Trustee summarily denied the Wrights' claim for any recovery. In support of this denial, the Trustee stated "you are not a customer of BLMIS under SIPA as that term is defined at 15 U.S.C. § 78lll (2)". The Wrights disagree with the Trustee's determination.

As an initial matter, the Trustee did not cite the definition of "customer" within the statute nor any relevant case law in support of his summary denial of the Wrights' claim. The Trustee's determination ignores the fundamental fact that the Wrights' do come within the definition of customers under SIPA because they did deposit cash with BLMIS for the purpose of purchasing securities.

In further support, the Wrights hereby incorporate the legal arguments set forth by other similar customers whose claims were denied by the Trustee including the arguments cited in *Karen and Richard Peshkin's Opposition to Trustee's Determination of Claim,* Adv. Pro. No. 08-01789 (BRL), A copy of which is attached in support as Exhibit "3".

For all of the foregoing reasons, the Wrights respectfully request that the Court reverse the determination of the Trustee, allowing their claim as a "customer" of BLMIS as that term is defined by 15 U.S.C. § 78lll (2) and grant such other relief as the Court deems just and appropriate under the circumstances.

Respectfully submitted,

ROSEN & ASSOCIATES, P.C.

By: _____
ROBERT C. ROSEN
Attorneys for The Wright
Family Trust

Dated: January 7, 2010