G. Michael Bellinger (GB-3814)
DORSEY & WHITNEY LLP
250 Park Avenue
New York, NY 10177-1500
Telephone: (212) 415-9200
Facsimile:   (212) 953-7201
bellinger.michael@dorsey.com

*Attorneys for Gustavo Egea*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　　　　Defendant. | Adv. Pro. No. 08-01789 (BRL)<br>SIPA Liquidation<br><br><br>**AMENDED OPPOSITION TO TRUSTEE'S DETERMINATION OF CLAIM** |

Gustavo Egea ("Egea"), by his attorneys, Dorsey & Whitney LLP, hereby submits his written opposition and objections to the Trustee's Determination of Claim dated December 8, 2009 and states as follows:

### BACKGROUND

1. In 2003, Egea invested money in Bernard L. Madoff Investment Securities LLC ("Madoff") through the investment fund, FAIRFIELD SENTRY LIMITED ("Investment Fund"), and through the swiss bank, SAL. OPPENHEIM BANK ("Bank").

2. On February 26, 2009, Egea filed a claim ("Claim") with the Securities Investor Protection Corporation ("SIPC") for securities with a value of $463,559.87. A copy of the Claim is attached as Exhibit A.

3.   By letter dated December 8, 2009, Trustee Irving H. Picard ("Picard") sent a determination letter to Egea rejecting his claim on the ground that he was not a "customer" under the Securities Investor Protection Act ("SIPA"). The Determination Letter is attached as Exhibit B.

## GROUNDS FOR OBJECTION

### A.   Egea Is A "Customer" Under SIPA and Entitled to $500,000 In SIPC Insurance

4.   Egea is a "customer" under the plain definition of "customer" in SIPA. Thus, he is entitled to receive $500,000 in SIPC insurance. 15 U.S.C. § 78lll(2)("The term "customer" includes…any person who has deposited cash with the debtor for the purpose of purchasing securities."). *Roseman Family, LLC v. Picard*, 401 B.R. 629, 635 (Bankr. S.D.N.Y. 2009) ("the mere act of entrusting…cash to the debtor for the purpose of effecting securities transactions…triggers customer status…"); *SEC v. Ambassador Church Financial Devel. Group, Inc.*, 679 F.2d 608, 614 (6th Cir. 1982); *In re Primeline Sec. Corp.*, 295 F.3d 1100, 1107 (10th Cir. 2002) ("SIPA does…protect claimants who try to attempt to invest through their brokerage firm but are defrauded by dishonest brokers…If a claimant intended to have the brokerage purchase securities on the claimant's behalf and reasonably followed the broker's instructions regarding payment, the claimant is a 'customer' under SIPA even if the brokerage or its agents misappropriate the funds"); *Miller v. DeQuine (In re Stratton Oakmont, Inc.)*, 2003 WL 22698876, at *3 (S.D.N.Y. Nov. 14, 2003) ("Stratton Oakmont's conversion of Claimants' property makes the customers within the meaning of SIPA.").

5.   Moreover, as explained by the Supreme Court, Congress enacted SIPA to protect and restore investor confidence in the capital markets. *Securities Investor Protection Corp. v. Bourbor*, 421 U.S. 412, 415 (1975); *Securities Investor Protection Corp. v. Bernard L. Madoff*

*Investment Securities, LLC,* 401 B.R. 629, 633-34 (Bankr. S.D.N.Y. 2009). Egea is precisely the type of investor that SIPA was designed to protect. *See Securities & Exchange Comm. v. Ambassador Church Finance/Development Group, Inc.,* 679 F.2d 608, 612 (6th Cir. 1982) (Congress' purpose in passing SIPA was to protect "small investors as a means of restoring confidence" in the markets). Failing to treat Egea as a customer would frustrate the very purpose the law was intended to protect.

6.  Further, because "SIPA is remedial legislation," it should be construed liberally to affect its purpose," *Tcherepin v. Knight,* 389 U.S. 332 (1967), of "provid[ing] protection for investors if the broker-dealer with whom they are doing business encounters financial troubles." H.R. Rep. No. 91-1613 at 1 (1970) as reprinted in 1970 U.S.C.C.A.N. 5254, 5255. Thus, the definition of "customer" should be construed liberally in favor of Egea.

7.  Accordingly, for the foregoing reasons, Egea is a "customer" under SIPA, entitled to up to $500,000 in SIPC funds.

**B.    Picard Violated SIPA By Delaying Payment Of SIPC Insurance**

8.  Picard has breached his statutory obligation to "promptly" replace a customer's securities. 15 U.S.C. § 78fff-2(b). Picard is obligated to replace Egea's securities up to a value of $500,000.

## CONCLUSION

9.  For the reasons stated herein, Egea's claim should be allowed in its entirety.

10. Egea hereby reserves all rights with respect to the Claim and further reserves all right to amend or supplement this Opposition or file a reply to any response to this Opposition that is filed.

Dated:   New York, New York          Respectfully submitted,
         January 12, 2010

                                     By:  _/s/ G. Michael Bellinger_
                                          G. Michael Bellinger (GB-3814)

                                     DORSEY & WHITNEY LLP
                                     250 Park Avenue
                                     New York, New York  10177
                                     (212) 415-9200

                                     *Attorneys for Gustavo Egea*