January 7, 2010.

Clerk of the United States Bankruptcy Court for
The Southern District of New York
One Bowling Green
New York, New York 10004



Ref. Liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") – Bankruptcy Case No. 08-1789 (BRL) Claim No. 003517

Dear Sirs,

We make reference to the Notice of Trustee's Determination of Claim, dated December 8, 2009, in which the Trustee informed us that our claim for securities and/or a credit balance was denied, based on a review of available books and records of BLMIS by the Trustee's staff, which determined that we did not have an account with BLMIS, and therefore purportedly we were not customers of BLMIS under SIPA.

As a consequence of such determination, we hereby express our disagreement with the Trustee's opinion, and formally present our written opposition, setting forth the grounds of our disagreement.

As we have timely expressed to the Trustee, we are Argentine citizens who have invested USD 100,000.00 in BLMIS through Fairfield Sentry Fund ("Fairfield"), through accounts number 1-FN012-3-0, 1-FN045-3-0, 1FN069-4-0 and 1-FN070-4-0.

We have seen in the Complaint filed by the Trustee that it has expressly acknowledged that Fairfield was an active investor in BLMIS (see Paragraphs 32, 35, 36 and 38 of the Trustee's Complaint). However, the Trustee makes a big effort in trying to criticize Fairfield's and other funds investment policies, by stating that they should have known that the BLMIS's business was predicated on fraud, that they were sophisticated investors, and that the returns provided by Madoff's investments were too high and unusually consistent.

Please bear in mind that BLMIS was under control and audit of the Securities

1

and Exchange Commission ("SEC"). Moreover, in addition to its routine control, the SEC performed some specific investigations regarding BLMIS' operations and eventually never suspended or prohibited such operations, being that a fact that gave more confidence in the investors with respect to BLMIS sustainability. Therefore, if the control authority did not conclude that there was something unusual in BLMIS' operations, it is hard to blame the funds or the individuals for investing in a very profitable operation which additionally was under government surveillance.

On the other hand, it is not reasonable to deny our claim based on the fact that we did not have a direct account with BLMIS. The Trustee has not questioned or denied that we have made our investment with BLMIS through Fairfield, and as it was said before, in its Complaint the Trustee acknowledges that Fairfield invested heavily in BLMIS' operations.

Therefore, if the right of individuals to recover their investments from BLMIS is rejected because they made such investments through funds and not directly, this determination will cause massive damage to all the individuals from the U.S. and abroad, who trusted in funds that are also controlled by the U.S. governmental authorities.

Such determination would be detrimental to all the financial system, since it will imply the end of the funds, which are one of the main tools used by the financial system to raise money and generate investments. On the other hand, it will evidence that all individuals, who are not qualified or sophisticated investors, are not protected by the financial market.

As a consequence of the above, we hereby file our written opposition to the Trustee's determination, and request that a hearing be called to analyze our claim.

Best regards,

Federico Agardy

Federico Agardy
On behalf of
Marta Torossian de Agardy

2