UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------ x
Securities Investor Protection Corporation,

                     Plaintiff,

    -against-

Bernard L. Madoff Investment Securities LLC,

                     Defendant,

In re: Bernard Madoff,
                     Debtor.
------------------------------------------------ x

MEMORANDUM DECISION
AND ORDER
M 47 (GBD)

GEORGE B. DANIELS, District Judge:

Diane and Roger Peskin and Maureen Ebel ("Objectants"), with the support of more than 100 other customers of Bernard L. Madoff Investment Securities LLC ("Madoff") bring this motion, pursuant to 28 U.S.C. ¶ 158(a) and Federal Rule of Bankruptcy Procedure 9003, for leave to appeal the August 6, 2009 order of the United States Bankruptcy Court Approving Applications for Allowance of Interim Compensation for Services Rendered and Reimbursements of Expenses (the "Order") of Irving H. Picard ("Trusetee"), and his counsel Baker & Hostetler LLP ("B&H"). Objectants' motion for leave to appeal is denied.

In determining whether to grant leave to appeal from an interlocutory order, the party seeking leave must establish that such order: 1) involves a controlling question of law 2) as to which there is substantial ground for difference of opinion, and 3) that an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. ¶ 1292(b). As the Second Circuit has held, "the district court's power to grant an interlocutory appeal should

MICROFILMED JAN 13 2010 ~12■PM

not be liberally construed." Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave, 921 F.2d 21, 24-25 (2d Cir. 1990). Only in exceptional circumstances should the district court grant an interlocutory appeal and depart from the basic policy of postponing appellate review until after the entry of a final judgment. See In re Flor, 79 F.3d 281, 284 (2d Cir. 1996).

Objectants' raise three potential issues for review on interlocutory appeal. Objectants Memo of Law at 15-16. First, Objectants move to appeal the bankruptcy court's order finding that the Trustee and B&H had no conflict of interest and seek to have the first interim fee application denied because the Trustee and B&H defied their statutory obligations. Id. at 15. Second, Objectants argue that the bankruptcy court erred in approving the first interim fee application because the Trustee and B&H have violated the Securities Investor Protection Act ("SIPA"). Id. at 15-16. Third, Objectants seek to disqualify the Trustee and B&H as well an order of disgorgement of all fees paid alleging that the Objectants were denied due process since the bankruptcy court did not find the Trustee and B&H were not disinterested. Id. at 16.

None of these issues meet the exacting threshold for interlocutory appeals since they fail to meet the first prong of 28 U.S.C. ¶ 1292(b), namely they do not involve controlling questions of law. Although Objectants attempt to classify their objections as three distinct and separate issues, they all revolve around the methodology the Trustee utilized to compute net equity.[1] Objectants' essentially argue that the Trustee is applying an incorrect methodology for net equity

---

[1] Indeed, Objectants concede in their brief that any alleged conflict "did not arise until the Trustee began to advance his alleged incorrect interpretation of net equity." Objectants Memo of Law at 19.

2

and is therefore underpaying some of the SIPC customers. Objectants Memo of Law at 17. As such, they raise factual, not legal issues. Such an appeal would require a review of the over 100 underlying customer claims and an evaluation of facts concerning Objectants' allegations that the Trustee is treating customers dishonestly. Indeed, these issues are not capable of being decided by this Court without having to conduct extensive analysis and review of the underlying record. See In re Lehman Bros. Holdings, Inc., Case No. M47 (VM), 2009 U.S. Dist. LEXIS 96946, at *5 (S.D.N.Y. October 8, 2009) ("A controlling question of law is a pure question of law that the reviewing court could decide quickly and cleanly without having to study the record.") (quoting In re WorldCom, No. M-47, 2003 U.S. Dist. LEXIS 11160, 2003 WL 21498904, at *10 (S.D.N.Y. June 30, 2003)).

Moreover, these issues are not ripe for consideration since the bankruptcy court has not specifically addressed the issue over the net equity methodology. In the August 6, 2009 hearing, for example, the bankruptcy court, heard the same arguments from the Objectors and stated that the issue of the methodology utilized to determine net equity was not presently before the bankruptcy court, and that the issue would be determined in the adversary proceeding brought by Movants against the Trustee. In the adversary proceeding, Objectants similarly argue that the Trustee is using a definition of net equity that violates SIPA. Compl. ¶¶ 7-9.

For the foregoing reasons, Objectants' motion for leave to appeal is denied.

Dated: New York, New York
January 11, 2010

SO ORDERED:

GEORGE B. DANIELS
United States District Judge

3