# EXHIBIT A

NET EQUITY FILINGS
IN RESPONSE TO TRUSTEE'S NET EQUITY MOTION
*SIPC v. BLMIS*, Adv. Pro. No. 08-01789 (BRL)

**Exhibit A**

| Docket No. | Name of Objector | Counsel | Summary of Filing | Response |
|---|---|---|---|---|
| 531 | Hugh de Blacam | Pro se | • "Net equity" should be valued in the amounts shown on the last BLMIS statement. | • *See* Trustee's Moving Brief and Reply Brief. |
| 535 | Anchor Holding, LLC | Johnson, Pope, Bokor, Ruppel & Burns, LLP | • Seeks to preserve rights to litigate net equity issue once determination letters are issued to it and its customers.<br><br>• States that the adjudication of the net equity issue should not be binding upon them. | • The net equity determination is a legal issue presented by the Trustee's Motion that is intended to apply to all customer claims determinations in this liquidation proceeding, whether or not such claims have been determined. *See* Trustee's Reply Brief at p. 1.<br><br>• See above response. |
| 536 | Phyllis Glick | Pro se | • Objects to Trustee's cash in/cash out approach. | • *See* Trustee's Moving Brief and Reply Brief. |
| 546 | Cynthia Pattison Germane | Pro se | • "Net equity" should be valued in the amounts shown on the last BLMIS statement.<br><br>• Requests that she be paid interest from November 8, 2008 until the date upon which her claim is paid. | • *See* Trustee's Moving Brief and Reply Brief.<br><br>• Whether a customer is entitled to interest is beyond the scope of the Order Scheduling the Net Equity Dispute.  *See id*; *see also* |

**NET EQUITY FILINGS**
**IN RESPONSE TO TRUSTEE'S NET EQUITY MOTION**
*SIPC v. BLMIS*, Adv. Pro. No. 08-01789 (BRL)

| | | | | |
|---|---|---|---|---|
| | | | | Trustee's Reply Brief, at p. 22. |
| 624 | Lawrence R. Velvel | Pro se | • "Net equity" should be valued in the amounts shown on the last BLMIS statement.<br><br>• Customers have legitimate expectations in the securities listed on their last BLMIS statements.<br><br>• A proceeding under SIPA is different from a normal bankruptcy proceeding under the United States Bankruptcy Code.<br><br>• Because the securities listed on the last customer statements could be obtained in a fair and orderly market, the Trustee is required to deliver to those securities to BLMIS customers. | • *See* Trustee's Moving Brief and Reply Brief.<br><br>• *See* Trustee's Moving Brief at pp. 37-40; *see also* Trustee's Reply Brief at pp. 6-11.<br><br>• *See* Trustee's Moving Brief at pp. 20-21.<br><br>• *See* Trustee's Moving Brief at pp. 43-44. |
| 685 | Lawrence R. Velvel | Pro se | • Duplicate filing of Docket No. 624 above. | • *See* above response (to Docket No. 624). |
| 686 | Ethel Chambers<br>James Chambers | Pro se | • Requests that an appreciation rate tied to a conservative United States Government | • Whether a customer is entitled to interest is beyond the scope of the Order Scheduling the Net |

**NET EQUITY FILINGS
IN RESPONSE TO TRUSTEE'S NET EQUITY MOTION**
*SIPC v. BLMIS*, Adv. Pro. No. 08-01789 (BRL)

| | | | | |
|---|---|---|---|---|
| | | | security be applied to deposits, adjusted for withdrawals. | Equity Dispute.  *See id*; *see also* Trustee's Reply Brief, at p. 22. |
| 716 | Sterling Equities Associates | Davis Polk & Wardwell LLP | • "Net equity" should be valued in the amounts shown on the last BLMIS statement.<br><br>• Trustee's position with respect to "net equity" is inconsistent with SIPA and case law, including *New Times*.<br><br>• Non-SIPA Ponzi-scheme cases have no relevance to proceedings governed by SIPA and the Bankruptcy Code.<br><br>• Payment to a customer of the $500,000 SIPC advance does not reduce another customer's distribution because the funds are provided by SIPC.<br><br>• Trustee has no power to avoid payments to innocent customers.<br><br>• Bankruptcy Code Section 546(e) limits the Trustee's | • *See* Trustee's Moving Brief and Reply Brief.<br><br>• *See* Trustee's Moving Brief at pp. 33-50; *see also* Trustee's Reply Brief at pp. 4-11.<br><br>• *See* Trustee's Reply Brief at pp. 2-11.<br><br>• *See* Trustee's Reply Brief at pp. 19-21.<br><br>• *See* Trustee's Moving Brief at pp. 33-35, 46-49; *see also* Trustee's Reply Brief at pp. 11-17.<br><br>• *See* Trustee's Reply Brief at pp. 14-17. |

**NET EQUITY FILINGS**
**IN RESPONSE TO TRUSTEE'S NET EQUITY MOTION**
*SIPC v. BLMIS*, **Adv. Pro. No. 08-01789 (BRL)**

| | | | | |
|---|---|---|---|---|
| | | | avoidance powers to Section 548(a)(1)(A). | |
| 720 | Sterling Equities Associates | Davis Polk & Wardwell LLP | • Declaration of Arthur Friedman filed by Karen E. Wagner on behalf of Sterling Equities Associates. | • No response is required at this time.  *See* Trustee's Reply Brief at pp. 1-2. |
| 728 | Josef Mittelman | Pro se | • "Net equity" should be valued in the amounts shown on the last BLMIS statement.<br><br>• Bankruptcy Code Section 546(e) limits the Trustee's avoidance powers.<br><br>• Customers are entitled to prejudgment interest. | • *See* Trustee's Moving Brief and Reply Brief.<br><br>• *See* Trustee's Reply Brief at pp. 14-17.<br><br>• Whether a customer is entitled to interest is beyond the scope of the Order Scheduling the Net Equity Dispute.  *See id*; *see also* Trustee's Reply Brief, at p. 22. |
| 729 | Just Empire LLC | Josef Mittelman | • *See* above summary (Docket No. 728). | • *See* Trustee's Moving Brief and Reply Brief. |
| 731 | Herbert A. Medetsky | Pro se | • Customer does not object at this time but reserves his rights to litigate should the Court issue a ruling that the Trustee's definition of "net | • No response is required. |

**NET EQUITY FILINGS**
**IN RESPONSE TO TRUSTEE'S NET EQUITY MOTION**
*SIPC v. BLMIS*, Adv. Pro. No. 08-01789 (BRL)

| | | | equity" is incorrect. | |
|---|---|---|---|---|
| 742 | David Silver | Morrison Cohen LLP | • Customer seeks to have the Court confirm that personal accounts held directly by a customer and individual retirement accounts for the benefit of the same customer are treated as being held by separate customers for purposes of determining net equity. | • The treatment of multiple accounts is beyond the scope of the Order Scheduling the Net Equity Dispute. *See id.* |
| 747 | Donald G. Rynne | Gibbons P.C. | • "Net equity" should be valued in the amounts shown on the last BLMIS statement.<br><br>• Customers have legitimate expectations in the securities listed on their last BLMIS statements.<br><br>• Customer is entitled to interest on his funds deposited with BLMIS.<br><br>• Trustee cannot seek to avoid transfers made outside of the statute of limitations period for avoidance actions under the Bankruptcy Code and | • *See* Trustee's Moving Brief and Reply Brief.<br><br>• *See* Trustee's Moving Brief at pp. 37-40; *see also* Trustee's Reply Brief at pp. 6-11.<br><br>• Whether a customer is entitled to interest is beyond the scope of the Order Scheduling the Net Equity Dispute. *See id*; *see also* Trustee's Reply Brief, at p. 22.<br><br>• *See* Trustee's Reply Brief at p. 14. |

**NET EQUITY FILINGS**
**IN RESPONSE TO TRUSTEE'S NET EQUITY MOTION**
*SIPC v. BLMIS*, Adv. Pro. No. 08-01789 (BRL)

| | | | | |
|---|---|---|---|---|
| | | | New York law. | |
| 749 | Edith A. Schur<br>Michael Schur | Bernfeld, DeMatteo & Bernfeld LLP | • "Net equity" should be valued in the amounts shown on the last BLMIS statement.<br><br>• Trustee's position with respect to "net equity" is inconsistent with SIPA and case law, including *New Times*.<br><br>• By virtue of positions taken previously by SIPC and former trustees, the Trustee is judicially estopped from taking the position that he has with respect to "net equity." | • *See* Trustee's Moving Brief and Reply Brief.<br><br>• *See* Trustee's Moving Brief at pp. 33-50; *see also* Trustee's Reply Brief at pp. 4-11.<br><br>• *See* Trustee's Reply Brief at p. 9. |
| 752 | Michael Mathias<br>Stacey Mathias | Pro se | • "Net equity" should be valued in the amounts shown on the last BLMIS statement. | • *See* Trustee's Moving Brief and Reply Brief. |
| 753 | Jason Mathias | Pro se | • "Net equity" should be valued in the amounts shown on the last BLMIS statement. | • *See* Trustee's Moving Brief and Reply Brief. |
| 754 | Shawn Matthias | Pro se | • "Net equity" should be valued in the amounts shown on the last BLMIS statement. | • *See* Trustee's Moving Brief and Reply Brief. |
| 755 | Maureen Ebel | Phillips Nizer LLP | • "Net equity" should be | • *See* Trustee's Moving Brief and |

**NET EQUITY FILINGS
IN RESPONSE TO TRUSTEE'S NET EQUITY MOTION**
*SIPC v. BLMIS*, Adv. Pro. No. 08-01789 (BRL)

| | | | | |
|---|---|---|---|---|
| Diane Peskin<br>Roger Peskin, et al. | | | valued in the amounts shown on the last BLMIS statement.<br><br>• Trustee's position with respect to "net equity" is inconsistent with SIPA and case law, including *New Times*.<br><br>• Customers have legitimate expectations in the securities listed on their last BLMIS statements.<br><br>• Customer is entitled to interest on his funds deposited with BLMIS.<br><br>• Trustee cannot seek to avoid transfers made outside of the statute of limitations period for avoidance actions under the Bankruptcy Code and New York law.<br><br>• Non-SIPA Ponzi-scheme cases have no relevance to proceedings governed by SIPA and the Bankruptcy Code. | Reply Brief.<br><br>• *See* Trustee's Moving Brief at pp. 33-50; *see also* Trustee's Reply Brief at pp. 4-11.<br><br>• *See* Trustee's Moving Brief at pp. 37-40; *see also* Trustee's Reply Brief at pp. 6-11.<br><br>• Whether a customer is entitled to interest is beyond the scope of the Order Scheduling the Net Equity Dispute. *See id*; *see also* Trustee's Reply Brief, at p. 22.<br><br>• *See* Trustee's Reply Brief at p. 14.<br><br>• *See* Trustee's Reply Brief at pp. 2-11. |

**NET EQUITY FILINGS
IN RESPONSE TO TRUSTEE'S NET EQUITY MOTION
*SIPC v. BLMIS*, Adv. Pro. No. 08-01789 (BRL)**

| | | | | |
|---|---|---|---|---|
| | | | • By virtue of positions taken previously by SIPC and former trustees, the Trustee is judicially estopped from taking the position that he has with respect to "net equity." | • *See* Trustee's Reply Brief at p. 9. |
| | | | • Trustee's application of "net equity" contravenes various federal and state laws, including the United States Tax Code. | • *See* Trustee's Reply Brief at pp. 21-22. |
| | | | • Trustee has no power to avoid payments to innocent customers. | • *See* Trustee's Moving Brief at pp. 33-35, 46-49; *see also* Trustee's Reply Brief at pp. 11-17. |
| | | | • Bankruptcy Code Section 546(e) limits the Trustee's avoidance powers to Section 548(a)(1)(A). | • *See* Trustee's Reply Brief at pp. 14-17. |
| | | | • There is no evidence that the fraud began before 1993, and as such, the Trustee cannot net out deposits and withdrawals prior to that date. | • *See* Trustee's Reply Brief at pp. 22-23. |
| | | | • The trades set forth on the last BLMIS customer statement are not void as | • *See* Trustee's Moving Brief at p. 48. |

**NET EQUITY FILINGS**
**IN RESPONSE TO TRUSTEE'S NET EQUITY MOTION**
*SIPC v. BLMIS*, Adv. Pro. No. 08-01789 (BRL)

| | | | | |
|---|---|---|---|---|
| | | | illegal contracts. <br><br> • Customers are not liable for Madoff's fraud because the fraud was outside the scope of his agency. | • *See* Trustee's Moving Brief at pp. 48-49. |
| 761 | Maureen Ebel <br> Diane Peskin <br> Roger Peskin, et al. | Phillips Nizer LLP | • Declaration of Helen Davis Chaitman in Opposition to Trustee's Motion for an Order Approving the Trustee's Re-Definition of "Net Equity" Under the Securities Investor Protection Act. | • No response is required. |
| 765 | Carl J. Shapiro and Associated Entities ("Shapiro") | Shearman & Sterling LLP | • "Net equity" should be valued in the amounts shown on the last BLMIS statement. <br><br> • Trustee's position with respect to "net equity" is inconsistent with SIPA and case law, including *New Times*. <br><br> • Because Shapiro's funds were not invested in the split-strike conversion strategy, the value of the securities positions on his statements reflected long-term growth of real securities. | • *See* Trustee's Moving Brief and Reply Brief. <br><br> • *See* Trustee's Moving Brief at pp. 33-50; *see also* Trustee's Reply Brief at pp. 4-11. <br><br> • *See* Trustee's Reply Brief at pp. 1-2. |

NET EQUITY FILINGS
IN RESPONSE TO TRUSTEE'S NET EQUITY MOTION
*SIPC v. BLMIS*, Adv. Pro. No. 08-01789 (BRL)

| | | | | |
|---|---|---|---|---|
| | | | Thus, his net equity should be valued as of his last account statements. | |
| 766 | Kenneth M. Krys Christopher D. Stride Liquidators for Fairfield Sentry Limited | Brown Rudnick LLP | • Joins in all oppositions to Trustee's motion. | • No response is required. |
| 767 | Carl J. Shapiro and Associated Entities | Shearman & Sterling LLP | • Declaration of Liane Willis in Support of Memorandum of Carl J. Shapiro and Associated Entities in Opposition to Trustee's Net Equity Motion. | • No response is required at this time. *See* Trustee's Reply Brief at pp. 1-2. |
| 769 | Ellen G. Victor | Dewey & LeBoeuf LLP | • Joins in opposition of Sterling Equities Associates to Trustee's motion. | • No response is required. |
| 770 | Wachovia Bank, National Association | McCarter & English, LLP | • "Net equity" should be valued in the amounts shown on the last BLMIS statement.<br><br>• Customers have legitimate expectations in the securities listed on their last BLMIS statements. | • *See* Trustee's Moving Brief and Reply Brief.<br><br>• *See* Trustee's Moving Brief at pp. 37-40; *see also* Trustee's Reply Brief at pp. 6-11. |
| 771 | SRZ Claimants | Schulte Roth & Zabel | • "Net equity" should be valued in the amounts shown | • *See* Trustee's Moving Brief and Reply Brief. |

**NET EQUITY FILINGS
IN RESPONSE TO TRUSTEE'S NET EQUITY MOTION**
*SIPC v. BLMIS*, Adv. Pro. No. 08-01789 (BRL)

| | | | | |
|---|---|---|---|---|
| | | | on the last BLMIS statements. | |
| | | | • Customers have legitimate expectations in the securities listed on their last BLMIS statements. | • *See* Trustee's Moving Brief at pp. 37-40; *see also* Trustee's Reply Brief at pp. 6-11. |
| | | | • Trustee's position with respect to "net equity" is inconsistent with SIPA and case law, including *New Times*. | • *See* Trustee's Moving Brief at pp. 33-50; *see also* Trustee's Reply Brief at pp. 4-11. |
| | | | • Non-SIPA Ponzi-scheme cases have no relevance to proceedings governed by SIPA and the Bankruptcy Code. | • *See* Trustee's Reply Brief at pp. 2-11. |
| | | | • Claimants qualify as "customers" under SIPA because they meet the "ordinary course" requirement. | • *See* Trustee's Moving Brief at pp. 45-46. |
| 772 | Magnify, Inc. | Herrick, Feinstein LLP | • "Net equity" should be valued in the amounts shown on the last BLMIS statement. | • *See* Trustee's Moving Brief and Reply Brief. |
| | | | • There is no evidence that the fraud began before 1993, and | • *See* Trustee's Reply Brief at pp. 22-23. |

**NET EQUITY FILINGS**
**IN RESPONSE TO TRUSTEE'S NET EQUITY MOTION**
*SIPC v. BLMIS*, Adv. Pro. No. 08-01789 (BRL)

| | | | | |
|---|---|---|---|---|
| | | | as such, the Trustee cannot net out deposits and withdrawals prior to that date.<br><br>• Submits that this specific issue should not be resolved on this motion, but identifies issue and preserves rights in that respect for future determinations on the same. | • No response is required. |
| 774 | Irving J. Pinto<br>Amy Lome Pinto | Bruce S. Schaeffer | • "Net equity" should be valued in the amounts shown on the last BLMIS statement.<br><br>• "Net equity" calculation should not exclude direct inter-account transfers.<br><br>• Trustee's "net equity" calculation is inconsistent with Revenue Procedure 2009-20. | • *See* Trustee's Moving Brief and Reply Brief.<br><br>• Treatment of inter-account transfers is beyond the scope of the Order Scheduling the Net Equity Dispute.  *See id*.<br><br>• *See* Trustee's Reply Brief at pp. 21-22. |
| 779 | Lawrence Elins<br>Malibu Trading and Investing, L.P. | Kleinberg, Kaplan, Wolff & Cohen, P.C. | • Trustee's motion seeks binding determinations on issues broader than that permitted by the Scheduling Order, i.e. determinations of customer claims listed on Exhibit A to the Motion to | • No response is required. |

**NET EQUITY FILINGS**
**IN RESPONSE TO TRUSTEE'S NET EQUITY MOTION**
*SIPC v. BLMIS*, Adv. Pro. No. 08-01789 (BRL)

| | | | the extent such determinations relate to Trustee's interpretation of "net equity." | |
|---|---|---|---|---|
| | | | • "Net equity" should be valued in the amounts shown on the last BLMIS statement. | • *See* Trustee's Moving Brief and Reply Brief. |
| | | | • The Looby Declaration should be disregarded because the assertions contained therein are not known personally by Mr. Looby, and is composed of inadmissible hearsay. | • The evidence relied upon by Mr. Looby are business records which were made in the regular and customary course of business, and thus well within the hearsay exception of Fed. R. Evid. 803(6).   Moreover, the facts and data relied upon by Mr. Looby in making his declaration are those reasonably relied upon by experts in the field and are thus protected under Fed. R. Evid. 703. |
| 784 | Sonnenschein Investors | Sonnenschein Nath & Rosenthal LLP | • "Net equity" should be valued in the amounts shown on the last BLMIS statement. | • *See* Trustee's Moving Brief and Reply Brief. |
| | | | • Customers have legitimate expectations in the securities listed on their last BLMIS statements. | • *See* Trustee's Moving Brief at pp. 37-40; *see also* Trustee's Reply Brief at pp. 6-11. |

**NET EQUITY FILINGS**
**IN RESPONSE TO TRUSTEE'S NET EQUITY MOTION**
*SIPC v. BLMIS*, Adv. Pro. No. 08-01789 (BRL)

| | | | | |
|---|---|---|---|---|
| | | | • The legislative history of SIPA supports allowance of claims based on the last BLMIS statement.<br><br>• Trustee's position with respect to "net equity" is inconsistent with SIPA and case law, including *New Times*. | • *See* SIPC's Reply Brief at pp. 7-12.<br><br>• *See* Trustee's Moving Brief at pp. 33-50; *see also* Trustee's Reply Brief at pp. 4-11. |
| 785 | Martin Rappaport, et al. | Milberg LLP<br>Seeger Weiss LLP | • "Net equity" should be valued in the amounts shown on the last BLMIS statement.<br><br>• Customers have legitimate expectations in the securities listed on their last BLMIS statements.<br><br>• Innocent investors are entitled to claim their principal plus interest.<br><br>• The legislative history of SIPA supports allowance of claims based on the last BLMIS statement. | • *See* Trustee's Moving Brief and Reply Brief.<br><br>• *See* Trustee's Moving Brief at pp. 37-40; *see also* Trustee's Reply Brief at pp. 6-11.<br><br>• Whether a customer is entitled to interest is beyond the scope of the Order Scheduling the Net Equity Dispute. *See id*; *see also* Trustee's Reply Brief, at p. 22.<br><br>• *See* SIPC's Reply Brief at pp. 7-12. |

**NET EQUITY FILINGS**
**IN RESPONSE TO TRUSTEE'S NET EQUITY MOTION**
*SIPC v. BLMIS*, Adv. Pro. No. 08-01789 (BRL)

|  |  |  |  |  |
|---|---|---|---|---|
|  |  |  | • Customers are not liable for Madoff's fraud because the fraud was outside the scope of his agency. | • *See* Trustee's Moving Brief at pp. 48-49; *see also* SIPC's Reply Brief at pp. 21-27. |
|  |  |  | • Trustee's avoidance powers do not support the cash in/cash out approach. | • *See* Trustee's Moving Brief at pp. 33-35, 46-49; *see also* Trustee's Reply Brief at pp. 11-17. |
|  |  |  | • Trustee must meet the specific substantive and procedural requirements of the avoidance provisions of the Bankruptcy Code with regard to each customer and with regard to each transaction, and customers are entitled to present defenses. | • *See* Trustee's Reply Brief at pp. 1-2, 11-17; *see also* SIPC's Reply Brief at pp. 27-33. |
| 790 | Jeffrey A. Berman Russell DeLucia Ellenjoy Fields Jane L. O'Connor as Trustee of the Jane O'Connor Living Trust Michael C. Lesser Norman E. Lesser 11/97 Rev. Trust Paula E. Lesser 11/97 Rev. Trust | Goodwin Proctor LLP | • Statement (Verified Statement Pursuant to Bankruptcy Rule 2109 of Goodwin Proctor LLP). | • No response is required at this time. *See* Trustee's Reply Brief at pp. 1-2. |

**NET EQUITY FILINGS**
**IN RESPONSE TO TRUSTEE'S NET EQUITY MOTION**
*SIPC v. BLMIS*, Adv. Pro. No. 08-01789 (BRL)

| 796 | Jeffrey A. Berman<br>Russell DeLucia<br>Ellenjoy Fields<br>Jane L. O'Connor as<br>Trustee of the Jane<br>O'Connor Living Trust<br>Michael C. Lesser<br>Norman E. Lesser<br>11/97 Rev. Trust<br>Paula E. Lesser 11/97<br>Rev. Trust | Goodwin Proctor<br>LLP | • "Net equity" should be valued in the amounts shown on the last BLMIS statement.<br><br>• Customers have legitimate expectations in the securities listed on their last BLMIS statements.<br><br>• The legislative history of SIPA supports allowance of claims based on the last BLMIS statement.<br><br>• Trustee's position with respect to "net equity" is inconsistent with SIPA and case law, including *New Times*.<br><br>• Non-SIPA Ponzi-scheme cases did not deal with real securities that could be valued as of the Filing Date and are thus inapposite.<br><br>• *Old Naples* does not support the Trustee's position.<br><br>• The fact that other records, in addition to the account statements, show that there | • *See* Trustee's Moving Brief and Reply Brief.<br><br>• *See* Trustee's Moving Brief at pp. 37-40; *see also* Trustee's Reply Brief at pp. 6-11.<br><br>• *See* SIPC's Reply Brief at pp. 7-12.<br><br>• *See* Trustee's Moving Brief at pp. 33-50; *see also* Trustee's Reply Brief at pp. 4-11.<br><br>• *See* Trustee's Reply Brief at pp. 2-11.<br><br>• *See* Trustee's Reply Brief at p. 6.<br><br>• *See* Trustee's Moving Brief at pp. 44-45; *see also* Trustee's Reply Brief at pp. 5-6. |

**NET EQUITY FILINGS**
**IN RESPONSE TO TRUSTEE'S NET EQUITY MOTION**
*SIPC v. BLMIS*, Adv. Pro. No. 08-01789 (BRL)

| | | | | |
|---|---|---|---|---|
| | | | were no securities transactions does not mean that customers cannot show the obligations owed to them by BLMIS. <br><br> • "Ordinary course" argument is not relevant to the determination of "net equity." <br><br> • "Net Equity" must be determined before any transfers can be deemed fraudulent. Any transfer up to value of net equity is not fraudulent because it is for "value." | <br><br><br><br><br> • *See* Trustee's Moving Brief at pp. 45-46. <br><br> • *See* Trustee's Moving Brief at pp. 46-49; *see also* Trustee's Reply Brief at pp. 12-14. |
| 803 | Mary Albanese <br> Brow Family Partnership <br> Allan Goldstein <br> Laurence Kaye <br> Suzanne Kaye <br> Rose Less <br> Gordon Bennett | Lax & Neville, LLP | • "Net equity" should be valued in the amounts shown on the last BLMIS statement. <br><br> • Customers have legitimate expectations in the securities listed on their last BLMIS statements. <br><br> • The legislative history of SIPA supports allowance of claims based on the last BLMIS statement. | • *See* Trustee's Moving Brief and Reply Brief. <br><br> • *See* Trustee's Moving Brief at pp. 37-40; *see also* Trustee's Reply Brief at pp. 6-11. <br><br> • *See* SIPC's Reply Brief at pp. 7-12. |

**NET EQUITY FILINGS**
**IN RESPONSE TO TRUSTEE'S NET EQUITY MOTION**
*SIPC v. BLMIS*, Adv. Pro. No. 08-01789 (BRL)

| | | | | |
|---|---|---|---|---|
| | | | • Trustee's position with respect to "net equity" is inconsistent with SIPA and case law, including *New Times*. | • *See* Trustee's Moving Brief at pp. 33-50; *see also* Trustee's Reply Brief at pp. 4-11. |
| | | | • Non-SIPA Ponzi-scheme cases did not deal with real securities that could be valued as of the Filing Date and are thus inapposite. | • *See* Trustee's Reply Brief at pp. 2-11. |
| | | | • The SIPC advance is made prior to the *pro rata* distribution from the fund of customer property. | • *See* Trustee's Reply Brief at pp. 19-21. |
| | | | • Trustee's avoidance powers do not support the cash in/cash out approach. | • *See* Trustee's Moving Brief at pp. 33-35, 46-49; *see also* Trustee's Reply Brief at pp. 11-17. |
| | | | • Trustee's request to expunge the objections should be denied because the determination letters are inadequate. | • The form of the determination letter was approved by the Court in the Claims Procedures Order, at p. 2. |
| 804 | Mary Albanese Brow Family Partnership Allan Goldstein Laurence Kaye | Lax & Neville, LLP | • Declaration of Brian Maddox in Support of Rose Less's Memorandum of Law In Opposition to Trustee's Motion for an Order | • No response is required. |

**NET EQUITY FILINGS**
**IN RESPONSE TO TRUSTEE'S NET EQUITY MOTION**
*SIPC v. BLMIS*, Adv. Pro. No. 08-01789 (BRL)

|  |  |  |  |  |
|---|---|---|---|---|
|  | Suzanne Kaye<br>Rose Less<br>Gordon Bennett |  | Upholding Trustee's Determination Denying Customers Claims for Amounts Listed on Last Statement Regarding Net Equity. |  |
| 805 | Norman Plotnick<br>Yetta Goldman | Cole, Schotz, Meisel, Forman & Leonard, P.A. | • Declaration of Norman Plotnick and Yetta Goldman filed by Brian Neville on behalf of Rose Less. | • No response is required at this time.  *See* Trustee's Reply Brief at pp. 1-2. |
| 59 | Lee Mellis<br>Lee Mellis (IRA)<br>Jean Pomerantz T.O.D.<br>Bonita Savitt | Stanley Dale Cohen | • "Net equity" should be valued in the amounts shown on the last BLMIS statement.<br><br>• Trustee's "net equity" position is inequitable, especially where investors made mandatory withdrawals for tax purposes.<br><br>• Trustee's position does not take into account the time value of money. | • *See* Trustee's Moving Brief and Reply Brief.<br><br>• *See* Trustee's Moving Brief at 52-53; *see also* Trustee's Reply Brief at pp. 17-19.<br><br>• Whether a customer is entitled to the time value of money is beyond the scope of the Order Scheduling the Net Equity Dispute.  *See id*; *see also* Trustee's Reply Brief at p. 22. |
| 820 | Gunther Unflat<br>Margaret Unflat | Pro se | • "Net equity" should be valued in the amounts shown on the last BLMIS statement. | • *See* Trustee's Moving Brief and Reply Brief. |

**NET EQUITY FILINGS**
**IN RESPONSE TO TRUSTEE'S NET EQUITY MOTION**
*SIPC v. BLMIS*, Adv. Pro. No. 08-01789 (BRL)

| 822 | Lillian Gilden | Pro se | • Rejects contention that "net equity" should be valued in the amounts shown on the last BLMIS statement, even though she feels that that approach would benefit her personally. | • No response is required. |
|---|---|---|---|---|
| | | | • Proposes a case-by-case determination of the merits and validity of each claim, and argues against a single rule governing all claims. | • SIPA mandates the manner in which the Trustee determines claims. |
| | | | • Because her claimed balance amount is under $500,000, distribution to her would not negatively impact any other customer because it would come from SIPC. | • *See* Trustee's Reply Brief at pp. 19-21. |
| 827 | Marshall W. Krause | Pro se | • "Net equity" should be valued in the amounts shown on the last BLMIS statement. | • *See* Trustee's Moving Brief and Reply Brief. |
| | | | • Trustee's "net equity" calculation is inconsistent with Revenue Ruling 2009-09. | • *See* Trustee's Reply Brief at pp. 21-22. |
| 859 | Joseph M. Hughart | Pro se | • "Net equity" should be valued in the amounts shown | • *See* Trustee's Moving Brief and Reply Brief. |

**NET EQUITY FILINGS**
**IN RESPONSE TO TRUSTEE'S NET EQUITY MOTION**
*SIPC v. BLMIS*, Adv. Pro. No. 08-01789 (BRL)

| | | | on the last BLMIS statement. | |
|---|---|---|---|---|
| 921 | Herbert Gamberg<br>Ruth Gamberg | Pro se | • "Net equity" should be valued in the amounts shown on the last BLMIS statement. | • *See* Trustee's Moving Brief and Reply Brief. |
| 926 | Arlene Perlis | Pro se | • "Net equity" should be valued in the amounts shown on the last BLMIS statement. | • *See* Trustee's Moving Brief and Reply Brief. |
| 959 | Marvin Katkin | Pro se | • "Net equity" should be valued in the amounts shown on the last BLMIS statement. | • *See* Trustee's Moving Brief and Reply Brief. |
| 973 | Yolanda Greer | Pro se | • "Net equity" should be valued in the amounts shown on the last BLMIS statement. | • *See* Trustee's Moving Brief and Reply Brief. |
| 1041 | Simon Jacobs | Pro se | • Supports Trustee's position that "net equity" should be based on cash in/cash out. | • No response is required. |
| 1051 | Optimal Strategic U.S. Equity Limited<br>Optimal Arbitrage Limited | Cravath, Swaine & Moore LLP | • Supports Trustee's position that "net equity" should be based on cash in/cash out. | • No response is required. |
| 1052 | United States Securities & Exchange Commission ("SEC") | | • Supports Trustee's position that "net equity" should be based on cash in/cash out.<br><br>• Although the SEC argues that | • No response is required.<br><br>• No response is required. |

**NET EQUITY FILINGS**
**IN RESPONSE TO TRUSTEE'S NET EQUITY MOTION**
*SIPC v. BLMIS*, Adv. Pro. No. 08-01789 (BRL)

| | | | | |
|---|---|---|---|---|
| | | | claims should be calculated using "constant dollars," it recognizes that briefing at this stage is limited to the net equity determination. | |
| 1095 | Martin Rappaport, et al. | Milberg LLP<br>Seeger Weiss LLP | • The definition of "net equity" includes no reference to the "books and records of the debtor" as a basis for calculating customer claims.<br><br>• It is internally inconsistent to argue that the Series 500 Rules determine the type of claim a customer has, but not the amount of that claim.<br><br>• Optimal's attempt to protect its settlement has no relevance to the "net equity" dispute. | • *See* Trustee's Reply Brief at pp. 5-6.<br><br>• *See* Trustee's Reply Brief at pp. 6-7.<br><br>• No response is required. |
| 1096 | Diane Peskin<br>Roger Peskin<br>Maureen Ebel | Phillips Nizer LLP | • SIPA does not permit a "constant dollar" approach.<br><br>• The payment of the SIPC advance is and the | • Whether SIPA permits use of a "constant dollar" approach is beyond the scope of the Order Scheduling the Net Equity Dispute. *See id*; *see also* Trustee's Reply Brief, at p. 22.<br><br>• *See* Trustee's Reply Brief at pp. 3-4, 19-21. |

**NET EQUITY FILINGS**
**IN RESPONSE TO TRUSTEE'S NET EQUITY MOTION**
*SIPC v. BLMIS*, Adv. Pro. No. 08-01789 (BRL)

| | | | | |
|---|---|---|---|---|
| | | | distribution from the fund of customer property are separate payment mechanisms that are not dependent upon one another. | |
| 1098 | Sterling Equities Associates | Davis Polk & Wardwell LLP | • Payment of the SIPC advance to one customer does not impact any other customer.<br><br>• Trustee has no power to avoid transfers to innocent customers.<br><br>• Because liquidation value of securities can be determined, the securities shown on the last BLMIS customer statement are not analogous to the fictitious securities in *New Times*.<br><br>• "Net equity" must be determined from the customer's perspective, rather than the broker's perspective. | • *See* Trustee's Reply Brief at pp. 19-21.<br><br>• *See* Trustee's Moving Brief at pp. 33-35, 46-49; *see also* Trustee's Reply Brief at pp. 11-17.<br><br>• *See* Trustee's Moving Brief at 9-12, 40-44; *see also* Trustee's Reply Brief at pp. 5-6; Looby Declaration.<br><br>• *See* Trustee's Reply Brief at pp. 14-17. |
| 1100 | Anthony Fusco | Pro se | • Disagrees with Trustee's definition of "net equity." | • *See* Trustee's Moving Brief and Reply Brief. |
| 1104 | SRZ Claimants | Schulte Roth & Zabel LLP | • The definition of "net equity" | • *See* Trustee's Reply Brief at pp. |

**NET EQUITY FILINGS
IN RESPONSE TO TRUSTEE'S NET EQUITY MOTION**
*SIPC v. BLMIS*, Adv. Pro. No. 08-01789 (BRL)

| | | | | |
|---|---|---|---|---|
| | | | includes no reference to the "books and records of the debtor" as a basis for calculating customer claims. | 5-6. |
| | | | • SIPA requires focus on the customer's expectations, rather than the transactional reality. | • *See* Trustee's Reply Brief at pp. 6-11. |
| | | | • Because liquidation value of securities can be determined, the securities shown on the last BLMIS customer statement are not analogous to the fictitious securities in *New Times*. | • *See* Trustee's Moving Brief at pp. 9-12, 40-44; *see also* Trustee's Reply Brief at pp. 5-6; Looby Declaration. |
| | | | • SIPA does not permit a "constant dollar" approach. | • Whether SIPA permits use of a "constant dollar" approach is beyond the scope of the Order Scheduling the Net Equity Dispute. *See id*; *see also* Trustee's Reply Brief, at pp. 22. |
| 1105 | Mary Albanese, et al. | Lax & Neville, LLP | • SIPA requires focus on the customer's expectations, rather than the transactional reality. | • *See* Trustee's Reply Brief at pp. 6-11. |
| | | | • Payment of the SIPC advance to one customer does not | • *See* Trustee's Reply Brief at pp. 19-21. |

**NET EQUITY FILINGS
IN RESPONSE TO TRUSTEE'S NET EQUITY MOTION**
*SIPC v. BLMIS*, Adv. Pro. No. 08-01789 (BRL)

| | | | | |
|---|---|---|---|---|
| | | | impact any other customer. | |
| 1106 | Mary Albanese, et al. | Lax & Neville, LLP | • Declaration of Brian Maddox in Support of Lax & Neville, LLP's Reply Memorandum in Opposition to Trustee's Motion for an Order Upholding Trustee's Determination Denying Customer Claims' Relating To Net Equity. | • No response is required. |
| 1109 | Edith Schur Michael Schur | Bernfeld, DeMatteo & Bernfeld LLP | • The profits derived from the market making and proprietary trading operations of BLMIS were not "fictitious" and should be allocated to the customers. <br><br> • Discusses the SIPC advance and SIPC's subrogation rights. | • *See* Trustee's Reply Brief at p. 2. <br><br><br><br> • *See* Trustee's Reply Brief at pp. 19-21; *see also* SIPC's Reply Brief at pp. 14-21. |
| 50[1] | Alan J. Winters | Pro se | • "Net equity" should be valued in the amounts shown on the last BLMIS statement. <br><br> • Payment of the SIPC advance to one customer does not | • *See* Trustee's Moving Brief and Reply Brief. <br><br><br> • *See* Trustee's Reply Brief at pp. 19-21. |

---

[1] This objection was filed in the adversary proceeding captioned *Peskin, et al. v. Picard*, 09-1272 (Bankr. S.D.N.Y.) (BRL).  The Trustee believes that it should have been filed in the main bankruptcy proceeding as it specifically addresses net equity and is accordingly included here.

**NET EQUITY FILINGS
IN RESPONSE TO TRUSTEE'S NET EQUITY MOTION**
*SIPC v. BLMIS*, Adv. Pro. No. 08-01789 (BRL)

|  |  |  | impact any other customer.<br><br>• Customers have legitimate expectations to the securities listed on their last BLMIS statements. | • *See* Trustee's Moving Brief at pp. 37-40; *see also* Trustee's Reply Brief at pp. 6-11. |
| --- | --- | --- | --- | --- |