**DONALD SCHUPAK**

November 16, 2009

Clerk of the United States Bankruptcy Court
For the Southern District of New York
One Bowling Green
New York, New York 10004



**ATTN:    Honorable Burton R. Lifland**
**RE:   Bankruptcy Case No. 08-1789 (BRL)**

Dear Judge Lifland:

On behalf of my mother, Helen Schupak, who is living in an assisted living facility in Massachusetts, this letter is to appeal a denial of her claim for SIPC coverage of her loss in the matter of Bernard Madoff Investment Securities. A denial of her SIPC claim was dated as of October 19, 2009. The denial was addressed NTC & Co. FBO Helen Schupak (093010) (IRA); a copy of the denial notice is enclosed herewith.

We were advised by Alix Partners that it was permissive to file the appeal without traditional legal formality, which in the circumstances, is appreciated.

Mrs. Schupak's IRA was established following her husband's death by transfer of funds from the Blue Bell Lumber Profit Sharing account which was established in or about 1992.

Although the account reflected an opening balance of $1,147,073.56, the schedule attached to the denial notice (also enclosed) alleges an "adjusted amount" for the opening balance of $0.00 -- with no explanation or accounting.

On behalf of Mrs. Schupak, I on several occasions, requested of counsel for the Trustee a copy of the accounting analysis supporting the adjusted amount set forth in the Schedule but none was ever provided.

I am aware that there is a proceeding before your honor challenging the Trustee's interpretation of the SIPC regulations regarding the proper interpretation of the "account" for which SIPC insurance is provided (Chaitman Case). Mrs. Schupak joins the petitioner in that proceeding.

Notwithstanding Mrs. Schupak's position that all accounts must be treated in accordance with the analysis below, it is submitted that in any event fiduciary accounts must be treated in such manner. When a fiduciary account is opened: in particular an account subject to ERISA rules, the fact that it is for the benefit of multiple recipients is openly and obviously known, as is the law that each participant has entitlement to his or her interest within the account. Therefore each "subaccount" in an ERISA regulated

**Honorable Burton R. Lifland**
Page 2
RE: B. Case No. 08-1789 (BRL)

brokerage account must be given recognition as if an independent account. Indeed it is the obligation of fund trustees to file reports with the Department of Labor; it is also the statutory duty of fund trustees to perform actuarial and accounting analysis of each participant's balance and entitlement. While Mrs. Schupak does not seek to argue that other type accounts with multiple investors are not entitled to similar treatment, retirement accounts may be distinguished from other accounts with multiple investors. Fiduciary retirement accounts may differ from so called feeder fund accounts since with respect to those accounts no presumption of ERISA related or other fiduciary sub accounts may be assumed and absent special knowledge and acknowledgment the broker recognizes no duty to the investors in feeder accounts while on the face of an ERISA regulated account the broker has assumed a duty to all participants. Therefore the term "account" in the SIPC regulations must be applied to all accounts within a retirement fund brokerage account.

Since the profit sharing account was a fiduciary account, Mrs. Schupak's beneficial interest in that account was established at its inception. Accordingly, any balance attributable to Mrs. Schupak's husband's interest which existed more than six years from the date of BMIS' insolvency cannot be challenged as net equity, no different than had it been withdrawn and then redeposited. We have requested but have not received statements from the Trustee as to the balance of the profit sharing account as at the first month preceding the six year look back period provided by New York law but have not received any response. Upon information and belief as of that look back date there was a substantial balance in that account.

The Trustee presumably makes a distinction between funds that have been withdrawn from an account, funds that have been rolled over from one account to another and funds that could have been withdrawn but were in effect redeposited at the end of each monthly account statement. It is respectfully submitted that there is no basis in case law, statute or applicable regulations that supports the distinction the Trustee apparently has applied. In fact counsel for the Trustee confirmed to me in two telephone conversations that the Trustee applied such a distinction. Accordingly at the very least Mrs. Schupak would be entitled to recover from SIPC the lesser of the account balance as at August 2002 [her opening account balance] plus deposits less withdrawals in respect of her "subaccount" through August 2006 less withdrawals plus deposits from September 2006 to November 2008, or $500,000.

Honorable Burton R. Lifland
Page 2
RE: B. Case No. 08-1789 (BRL)

Accordingly, the following relief in the alternative and in the conjunctive is requested:

1. The denial should be reversed on the ground that it failed in all respects to establish any basis whatsoever for adjusting an opening balance from $1,147,073.56 to $0.00 and an order entered directing the trustee to pay to Mrs. Schupak or her IRA as the case may be the sum of $500,000.

2. In the alternative, an order directing the Trustee to promptly provide Mrs. Schupak and the Court with the balance of the Blue Bell Lumber profit sharing account as of November 2002. Mrs. Schupak's equitable share of such account as of that date (the month preceding the six year New York State fraudulent conveyance recovery period) less withdrawals plus deposits from that date in respect to Mrs. Schupak's "sub-account" together with an order to pay to Mrs. Schupak the lesser of her subaccount balance as of such date or $500,000.:

Respectfully submitted on behalf of and as authorized by Helen Schupak.

Sincerely,

Donald Schupak

Encl.

cc:  Irving Picard, Trustee
     c/o Baker & Hostetler LLP
     45 Rockefeller Plaza
     New York, New York 10011