**Ken Macher**

354 Forrest Ave.   Fairfax, CA  94930

Irving Picard, Trustee
c/o Baker and Hostetler
45 Rockefeller Plaza
New York, NY  10111



December 3, 2009

Dear Sirs,

I am writing to appeal the Trustees' denial of my claim regarding our BMIS account #1ZA460-3 (Bankruptcy Case # 08-1789 BRL) held by Bernard Madoff Securities.  I am unable to afford an attorney at this time, so I ask your understanding of my layman's attempt at this appeal.

### Background

First, I wish to lay before you my financial and life situation as a context to understand my circumstances.  My wife and I lost our entire savings with Madoff.  We are both now in our 60's and a lifetime of savings is gone.  I had been retired for one year when BMIS went under.  When our money was lost I began trying to find work but remained unemployed for 9 months.  I recently found a part time, temporary consulting project that has enabled us, for the moment, to just meet our ongoing obligations

Our home is our only remaining asset.  We are trying desperately to stay in our house for now, but are not sure if we will be able to.  We recently had to take in a tenant in order to make the mortgage payments.  However, we have property taxes which we may not be able to pay over time.

In addition, our medical expenses are a constant strain.  We are self insured and the cost of our medical insurance is very high.  Since Madoff failed, we have had to reduce our medical coverage in order to afford the premiums so that it now only covers catastrophic conditions and all other medical expenses are out-of-pocket. I have a painful back condition and arthritis but have had to stop ameliorative treatment.

My wife and I have no pension and no resources for sickness or old age. The only money we had was with Madoff.

### The Basis for Appeal

We reject the Trustee's formula used to determine the "net equity" of BMIS accounts. I will not attempt to articulate all the logical points that challenge the Trustee's reasoning because I am aware that many others are likewise appealing this point. We merely wish to be on record as disputing this determination. At the very least it seems completely unrealistic and unjust to assume zero increase in invested assets over a 16 year period. Some rate of equitable interest and rate of return must be factored in.

There is another fallacy in the Trustee's determination of the "net equity" of this account. The history of transactions in this account is not in dispute. However I do dispute the treatment of one transaction. The relevant history of this specific transaction is as follows:

On August 10, 2007, I withdrew $400,000 from BMIS. On August 24th, 2007 I transferred this entire sum into Lakeview Investments LLC which is invested entirely in BMIS. Records from both BMIS and Lakeview verify these transfers. For all intents and purposes these funds simply went from one Madoff account to another Madoff account. My family and I did not hold or spend a single dollar. Needless to say, all of the money involved in this transfer has been lost.

This transaction has been classified as a "withdrawal". The Trustee concluded that because the funds were "withdrawn" from the Madoff account, we are deemed to have actually received, and by implication, benefited from those funds. As a consequence of that decision, the Trustee has counted an additional $400,000 against us in his final calculation of our accounts net equity. Such a conclusion is not only factually incorrect but also creates and enforces a rule set up by the Trustee to the detriment of all investors who are in a similar situation as I am. Factually, we never held any of this money. The money merely passed through from one Madoff account to another Madoff account in what was effectively nothing more than a transfer. This is documented. Equating this transaction with a withdrawal in which the investor actually received and held the funds ignores the reality of the circumstances and is grossly unfair.

Furthermore, the Trustee has established a rule that treats two distinct classes of investors the same, when in fact, the circumstances demand that they be treated differently. One class of investors withdrew funds, took possession and, by implication, benefited. In our situation, as with other investors similarly situated, this did not occur. The money in question remained with BMIS and we never received any benefit from the transfer. Treating these two classes of investors as one and the same is a significant betrayal of the principles of justice and fairness and does not take into account the most basic facts. It penalizes an entire group of people without taking into account whether they deserve such penalty based on the facts. Such a conclusion, we believe, also betrays the principles and mission of SIPC, to be on the side of innocent victims of fraud.

Lastly, I reserve the right to revise or amend my appeal based on further information and/or relevant legal appeals of others.

Thank you for your thoughtful consideration of the unique elements of our case, which are so critical to our family and our future.

Sincerely,

Ken Macher

U.S. POSTAGE PAID
FAIRFAX, CA
94930
DEC 03 '09
$5.54
0002926O-02

CERTIFIED MAIL

7009 0080 0001 9428 7047

Irving Picard
c/o Baker & Hostetler
45 Rockefeller Plaza
NY, NY 10111

RETURN RECEIPT
REQUESTED