**Steven Schupak**
4 Horizon Road, Apt. 420
Fort Lee, NJ   07024

---

December 11, 2009

Clerk of the United States Bankruptcy Court
for the Southern District of New York
One Bowling Green
New York, NY   10004

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY   10111



RE:   **BANKRUPTCY CASE No.   08-01789 (BRL)**
**OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM**
**Account # 1ZA669**
**Claim # 009833**

Dear Clerk of the United States Bankruptcy Court for the
Southern District of New York, and Mr. Picard, Trustee:

I respectfully **object** to the Notice of Trustee's Determination of Claim ("Determination Letter"), dated October 19, 2009 for the above captioned account and claim.

Background Information
I believe I am entitled to receive my SIPC reimbursement for the amount on my November 30, 2008 statement for my account, opened directly with Bernard L. Madoff Investment Securities LLP (BLMIS).  My claim is under the maximum allowable $500,000 limit for SIPC payments.  I will briefly explain my reason for objecting to the denial letter I received on October 19, 2009 (30 day extension to reply was granted by Trustee).

Grounds for Objection
Trustee's method of determination of my claim does not follow the guidelines set forth by Congress when SIPA was created which was to protect me, "the investor".  I have had brokerage accounts with other firms besides BLMIS.  I have always taken note of the SIPC logo on my transaction sheets from these firms.  Like any investor, I know there is a level of risk with each investment.  I have always invested conservatively.   I have also chosen investment firms based, in part, on their reputation.  BLMIS was a well respected firm by industry leaders.  In fact, Mr. Madoff even served as head of NASDAQ.  I have always expected the appropriate government agencies to be monitoring the brokerage industry.  By now, we all know there was a lapse in this protection system.

Trustee has denied my claim and calculated my claim to be zero based on Trustee's cash in/cash out "net equity" methodology.  I object to Trustee's method of accounting which disregards all appreciation on the account and subtracts any withdrawals from my claim.

Trustee has provided no basis for the position taken in the Determination Letter.  Nor has Trustee stated why I should not have believed the accuracy of my final BLMIS statement.

I received individual written trade confirmations of every transaction,  as well as monthly statements (which itemized names and prices of securities indicating buy or sale of Fortune 100 company stocks and of US Treasury securities), and quarterly statements.  I relied on these

statements, and the annual Form 1099's generated by BLMIS over the course of my investment, to make my tax payments, just as the IRS and other state taxing authorities relied on those same documents to accept my tax payments. I have paid ordinary income taxes on the profits generated by the full amount of the account. I would not have paid those taxes unless I believed BLMIS' statements to be true and accurate. Accordingly, I had every expectation that my account was true and accurate as reported on my final November 30, 2008 statement; and now have every legitimate expectation that my allowed claim should be $446,593.11, as indicated on my November 30, 2008 statement. I should not be penalized for making innocent routine withdrawals to pay income taxes and living expenses.

In part, the net equity calculation relies on data that was derived from a time period that is beyond the statute of limitations, and this in itself indicates the mis-guidance in the net equity formula. Others have objected to the Trustee's and SIPC's net equity formula of cash in/cash out to determine the allowed claim. Rather than repeat those arguments here, I wish to incorporate them by reference.

Regardless of the method the Trustee has used to deny my claim, I reserve all rights to challenge the accounting method used as part of this determination letter in this and subsequent liquidation or bankruptcy proceeding.

Conclusion
As I wrote earlier, I have had accounts with other brokers besides BLMIS. At one time, I dealt with Bank of America's brokerage company. I had check writing privileges, which allowed me to make withdrawals. I would look at my statement to see what funds were available, just as I did with my Madoff statement. Using Trustee's method of handling my claim, if Bank of America was to go bankrupt, Trustee is implying that I should never have made a withdrawal, unless I wanted to expose myself to Trustee's cash in/cash out method of calculating my equity. Every single investor in this country would be exposed to this grossly unrealistic methodology, which would have a devastating impact on the investment community. Surely, innocent victims should be treated fairly and in accordance with the Congressional intent of SIPA law. I hope that Trustee will reconsider his decision to deny my claim. These times are stressful enough. I am only asking to be compensated to the limits Congress felt was fair to an investor. Therefore, I ask that the Court compel the Trustee to make the SIPC payment of $446,593.11 to meet its obligation to me.

Thank you for your consideration.

Sincerely,

Steven Schupak

Enclosures:
Notice of Trustee's Determination of Claim
Extension Letter from Trustee
Customer Claim Form (including November 30, 2008 Statement)