185 Maple Street,
Stow, MA 01752
November 6, 2009

Honorable Judge Burton R. Lifland
Clerk of the United States Bankruptcy Court for the
Southern District of New York,
One Bowling Green,
New York, NY 10004

**Re: Bernard L. Madoff: Bankruptcy case 08-1789 (BRL) determination by Irving H. Picard on BLMIS Account No. 1ZB342 - Denial**

Dear Sir:

We reject the determination by Trustee Irving H Picard of the Law Firm Baker & Hosteller, LLP to deny our claim in case 08-1789 (BRL) – Bernard L. Madoff Investment Securities, LLC, account # BLMIS 1ZB342 in the name of Dr. Fernando C. Colon Osorio and Laurie A. Margolies, and request a formal hearing on this matter.

Our fundamental disagreement with the determination is based on the following:

1. Trustee Picard incorrectly, and in violation of the statutory responsibilities granted to the trustee by the Securities Investor Protection Act ("SIPA"), codified in Title 15, United States Code, Sections 78aaa et seq, redefined the meaning of "Net Equity" as "Cash In" less "Cash Out". Under SIPA, a customer's claim is the customer's "net equity" which is the amount the broker owes the customer less any sums the customer owes the broker, see 15 U.S.C. Section 78lll(11). Therefore, a customer's net equity under SIPA is easily determined by looking at the customer's last brokerage statement. In the case of our particular account, account BLMIS 1ZB342, our last statement reflects a balance of $ 154,012.58;

2. Trustee Picard <u>does not have the authority</u> to redefine "Net Equity", as specified in Title 15, United States Code, U.S.C. Sections 78ccc(b)(4)(A) – Powers, and section 78lll(11) – Definitions, which read:

    **<u>Section 78ccc(b) item (4) section (A):</u>** *"to adopt, amend, and repeal, by its Board of Directors, such rules as may be necessary or appropriate to carry out the purposes of this chapter, including rules relating to*

    *(A) the definition of terms used in this chapter, other than those terms for which a definition is provided in section 78lll of this title";*

    **<u>Section 78 lll – Definitions:</u>** *"The term "net equity" means the dollar amount of the account or accounts of a customer, to be determined by -*

*(A) calculating the sum which would have been owed by the debtor to such customer if the debtor had liquidated, by sale or purchase on the filing date, all securities positions of such customer (other than customer name securities reclaimed by such customer); minus*

*(B) any indebtedness of such customer to the debtor on the filing date; plus*

*(C) any payment by such customer of such indebtedness to the debtor which is made with the approval of the trustee and within such period as the trustee may determine (but in no event more than sixty days after the publication of notice under section 78fff-2(a) of this title).*

*In determining net equity under this paragraph, accounts held by a customer in separate capacities shall be deemed to be accounts of separate customers."*

As it can be easily determined from sections *78ccc(b) item (4) section (A) and section 78 lll*, the power to change the definitions under 78 lll is explicitly and exclusively reserved to Congress. Trustee Picard with his actions has in effect ignored Title 15, United States Code.

Judge Lifland my wife and I are Madoff victims here, not perpetrators of this fraud. I am sixty years old and my wife is 63. We are hard working Americans who have spent all their lives working, paying taxes, raising children and saving for our retirement. We have contributed to many charitable organizations through the years, have worked to help our fellow human being by volunteering at soup kitchens, helping at risk kids read in the Framingham Public Schools, and serving as translators at our Temple's free medical clinic. We paid for our daughter's college education out of our life savings, and were counting on paying for our son's the same way. Unfortunately, like many other Madoff's victims, we put all of our eggs in his basket and find ourselves today without any real savings and worse yet without any hope of ever seeing a penny from SIPC.

We have been Madoff customers since 1998, and had two direct accounts with BMIS. These virtually represent our total life savings. We have been betrayed by the system (FINRA, the SEC, the Trustee, and SIPC), and desperately urge the Court to rectify the injustices we have experienced, and continue to experience.

We filed claims with SIPC on March 3rd, 2009 and we have confirmations of receipt. After eight months, on October 19th, 2009, as I have indicated earlier, we received notification from SIPC that our claims had been denied. We are innocent investors who trusted Mr. Madoff, the SEC, SIPC, and other Federal agencies. Each failed in their responsibility, and to recognize and properly investigate the largest Ponzi scheme in the history of our country. Further, if you were to review our account, you will find out that on November 26, 2008, barely two-(2) weeks before Madoff was indicted and all his assets and those of BMLIS seized, we deposited $ 40,000.00 in our account trusting Mr. Madoff and the government agencies that regulated his firm, see Attachment A.

Judge Lifland, in thinking about what Mr. Picard is doing, I beg you to consider the following hypothetical situation. Mrs. Jones, a widow puts her life savings of $100,000 into a bank, The National Savings Bank of America, a hypothetical institution. Over the next eleven years, she receives statements saying that (because of interest) her account now stands at $154,000 having earned her 4% annually. In 2008, The National Savings Bank of America declares bankruptcy, and the FDIC says it will only pay her $100,000 because the bank was insolvent the whole time and so the interest credited to her account was phantom interest, phantom profit.

Honorable Judge Burton R. Lifland, in effect this is what Mr. Picard is asking you to approve. It just makes no sense. We believe that we are entitled by statute up to $500,000 for each of our accounts based upon our last account statements, and as compensation for fraudulent practices. We look to the Court for just treatment.

Respectfully,

*[signature]*

Dr. Fernando C. Colon Osorio, and

Ms. Laurie A, Margolies