WITHERS BERGMAN, LLP
Jeremy A. Mellitz
430 Park Avenue, 10th Floor
New York, NY 10022
Telephone: 212 848 9800
Facsimile: 212 848 9888
E-mail: Jeremy.Mellitz@withers.us.com

*Attorney for: Von Rautenkranz Nachfolger
Special Investments LLC*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------X

SECURITIES INVESTOR PROTECTION
CORPORATION,

                      Plaintiff,

V.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

                      Defendant.

-----------------------------------------------------X

Adv. Pro. No. 08-01789 (BRL)

SIPA Liquidation

**OBJECTION TO TRUSTEE'S
DETERMINATION OF CLAIM**

Von Rautenkranz Nachfolger Special Investments LLC ("Claimant"), by and through its attorneys, hereby objects to the Notice of Trustee's Determination of Claim dated December 8, 2009[1] and states as follows:

**Background Facts**

1. In or about January, 2001, Claimant made a one-time investment in the Rye Select Broad Market Fund, LP ("Rye Select"), formerly known as the American Masters Broad Market

---

[1] A copy of Claimant's Claims is annexed hereto as Exhibit A and a copy of the Trustee's Determination of Claim is annexed hereto as Exhibit B.

Fund ("American Masters"), for $5,000,000.00. As of December 11, 2008, the value of Claimant's account was $10,380,675.02 (see Exhibit A).

2. Substantially all of the monies which Claimants invested in Rye Select and American Masters were invested in Bernard L. Madoff Investment Securities LLC ("BLMIS"). At no time did Claimant make any withdrawals or sales with respect to its investment with Rye Select and American Masters.

3. Upon information and belief, substantially all of the portfolio holdings of Rye Select were effectively managed by Bernard L. Madoff/BLMIS, which was/were solely responsible for investment decisions regarding the same.

4. On or about December 11, 2008 the above-captioned liquidation proceeding was commenced against BLMIS, pursuant to the Securities Investor Protection Act ("SIPA"), 15 U.S.C. § 78aaa et seq.

5. On or about December 15, 2008 jurisdiction of this matter was transferred to the United States Bankruptcy Court for the Southern District of New York, and Irving Picard was appointed as Trustee (see Docket Entry No.1).

6. Pursuant to SIPA, Trustee Picard was directed to oversee the liquidation of the assets of BLMIS and to process all claims against BLMIS. 15 U.S.C. § 78fff-1(a).

7. By order of this Court dated December 23, 2008, the Trustee was directed to disseminate notice and claim forms to all former BLMIS customers setting forth claim-filing deadlines (see Order entered as Docket Entry No. 12). The order, among other things, directed the Trustee to "notify such claimant by mail of his determination that the claim is disallowed, in whole or in part, and the reason therefore. . ."

8. On or about June 26, 2009, prior to the claims filing deadline, Claimant duly filed a

customer claim with the Trustee in the amount of $10,380,675.02, which was designated as Claim No. 011428 (see Exhibits A and B hereto).

9. By notice of Trustee's determination of claim dated December 8, 2009 (Exhibit B hereto), the Trustee notified the Claimants that their claim had been denied on the following basis:

> Based on a review of available books and records of BLMIS by the Trustee's staff, you did not have an account with BLMIS. Because you did not have an account, you are not a customer of BLMIS under SIPA, as that term is defined at 15 U.S.C. § 78lll(2). Accordingly, your Claim for securities and/or a credit balance is **DENIED**.

10. Claimant objects to the Trustee's determination for the reasons set forth herein and for such additional reasons as may be set forth by other objectants in similar circumstances to Claimant and for the purpose of preserving any rights which may be recognized for persons who made indirect investments in BLMIS through feeder funds.

**Grounds for Objection**

11. First Objection: The notice of Trustee's determination of claim fails to comply with the December 23, 2008 Order of the Court which had directed the Trustee "to satisfy customer's claims in accordance with the Debtors [i.e., BLMIS] books and records or are otherwise established to the satisfaction of the Trustee" (Dec. 23, 2008 Order at p. 5). The Claimant's Claim included a statement dated September 30, 2008, which showed a balance of $10,380,675.02. This statement is the best evidence of the amount owed to the Claimant (as stated above, no withdrawals and the like were ever made by Claimant). Accordingly, the claim should be allowed in full.

12. Second Objection: Contrary to the "determination" of the Trustee, the Claimant is a "customer" as provided for by the Securities Investor Protection Act. As such,

NH07745.0041/826254.1.

3

it is each entitled to receive SIPC insurance. Section 78lll(2) of the SIPA defines "customer" as "any person who has deposited cash with the debtor for the purpose of purchasing securities." Rosenman Family, LLC v. Picard, 401 B.R. 629, 635 (S.D.N.Y. 2009) ("the mere act of entrusting ... cash to the debtor for the purpose of effecting securities transactions ... triggers customer status . . . "). Apparently, the Trustee has taken the position that the fact that the Claimant deposited funds with BLMIS indirectly is fatal to its claim as a "customer" under SIPA. This position is both legally and factually incorrect.

13. The monthly statements of Rye Select state that "[w]ith respect to the portfolio's investments, such investments have been and will continue to be custodied for the benefit of the portfolio at Bernard L. Madoff Investment Securities LLC..." (see statements attached to Exhibit A). BLMIS was a broker/dealer under the 1934 Act, subject to SIPA, and as stated above was effectively managing the assets of Rye Select.

14. "SIPA is remedial legislation. As such it should be liberally construed to effect its purposes" of protecting the investments of customers of broker-dealers and investment advisors. In re First State Securities Corp., 34 B.R. 492, 496 (S.D. Fla. 1980), citing Tcherepnin v. Knight, 389 U.S. 332, 88 S.Ct. 548, 19 L.Ed.2d 564 (1967). The fundamental purpose of the SIPA was to protect the public in the event that the entities with whom they dealt went bankrupt, or were otherwise unable to satisfy their customer agreements. SEC v. S.J. Salmon & Co., Inc., 375 F. Supp. 867, 871 (S.D.N.Y. 1974) ("The principal purpose of the [Securities Investor Protection] Act was to protect investors against financial losses arising from the insolvency of their brokers."); SEC v. Schreiber Bosse & Co., Inc., 368 F. Supp. 24 (N.D. Ohio 1973).

15. Under SIPA, the term "customer" is a term of art, and does not have its ordinary and customary meaning. Arford v. Miler, 239 B.R. 698, 701 (S.D.N.Y. 1999), aff'd

sub nom. In re Stratton Oakmont, 210 F.3d 420 (2d Cir. 2000). It is to be construed within the context of the definitional section of the SIPA and as interpreted by the courts.

16. Congress intended for "customer" to be broadly interpreted. In the first draft of the bill, there was no entitlement to insurance under SIPA for any customer whose name or interest was not disclosed on the records of the broker/dealer "if such recognition would increase the aggregate amount of the insured customer accounts or insured liability in such closed broker or dealer." S. 2348, 91st Cong. Section 7(d) (June 9,1969); H.R. 13308, 91st Cong. Section 7(d) (Aug. 4, 1969). Significantly, such exclusion was eliminated and the final bill did not include such exclusion.

17. There is no statutory mandate that the funds or securities received by the "debtor" be received "directly" from the customer. Had this been a requirement, Congress would have clearly seen fit to so require it. Indeed, Section 9 of the SIPA (15 U.S.C. § 78fff-3(a)(5)), covering advances by the SIPC to the bankruptcy trustee, states that:

> no advance shall be made by SIPC to the trustee to pay or otherwise satisfy any net equity claim of any customer who is a broker or dealer or bank, <u>other than to the extent that it shall be established to the satisfaction of the trustee</u>, from the books and records of the debtor or from the books and records of a broker or dealer or bank, or otherwise, <u>that the net equity claim of such broker or dealer or bank against the debtor arose out of transactions for customers of such broker or dealer or bank. . .</u>, <u>in which event each such customer of such broker or dealer or bank shall be deemed a separate customer of the debtor</u>.

Emphasis supplied.

18. The monthly account statements evidence that BLMIS, a registered broker/dealer under the 1934 Act, received Claimant's funds from Rye Select. Hence, Claimant is entitled to have its claim under SIPA allowed by this Court and the determination notice of the Trustee overruled and rejected.

19. <u>Third Objection</u>: The Trustee's Determination Letter:

(a) is inadequate to rebut the prima facie validity of the Claimant's Claim as provided in Section 502(a) of the Bankruptcy Code and Fed. R. Bankr. P. 3001(f); and

(b) violates general principles of applicable law requiring that an objection to a proof of claim set forth, at a minimum, the relevant facts and legal theories upon which the objection is based. *See, e.g.,* Collier on Bankruptcy para. 3007.01(3) (15th ed.) ("[A]n objection to a claim should...meet the [pleading] standards of an answer. It should make clear which facts are disputed; it should allege facts necessary to affirmative defenses; and it should describe the theoretical bases of those defenses."); *In re Enron Corp.*, No. 01-16034, 2003 Bankr. LEXIS 2261, at *25 (Bankr. S.D.N.Y. Jan. 13, 2003) (same).

20. As this cause of action arose in New York, and New York law is applicable, Claimant is entitled to interest on all of the funds deposited with BLMIS at the statutory rate. New York CPLR § 5004, New York General Oblig. L. § 5-501 et seq. Furthermore, as the actions by BLMIS arose out of conversion and fraud, Claimant is entitled to pre-judgment interest. New York CPLR § 5001(a). See also Singapore Recycle Centre Pte Ltd. v. Kad Int'l, 2009 WL 2424333 at *20 (E.D.N.Y. 2009).

**Reservation of Rights**

21. Claimant reserves the right to amend, alter, revise or supplement this Objection; any failure to object on a particular procedural or substantive ground shall not be deemed or construed as a waiver of any such rights, all of which are hereby reserved.

22. Claimant reserves all rights under Rule 9014 of the Federal Rules of

Bankruptcy Procedure, including, but not limited to, all rights of discovery.

**Relief Requested**

23. For the reasons set forth herein, Claimant's claim should be allowed in full by this Court to the extent covered under SIPA and the Trustee's objection should be overruled.

24. For the reasons stated herein, the Court should direct the Security Investors Protection Corporation to issue immediate payment to the Claimant in the amount of $10,380,675.02, plus interest from the date of the claim.

25. To the extent applicable, Claimant joins in the claims of any other Claimants similarly situated and demands such further relief as this Court shall deem fair and equitable.

DATED: January 25, 2010

                              WITHERS BERGMAN LLP

                              By: _____
                              Jeremy A. Mellitz
                              430 Park Avenue, 10th Floor
                              New York, NY 10022
                              Telephone: 212 848 9800
                              Facsimile: 212 848 9888
                              E-mail: Jeremy.Mellitz@withers.us.com
                              Attorney for *Von Rautenkranz Nachfolger Special Investments LLC*

WITHERS BERGMAN, LLP
Jeremy A. Mellitz
430 Park Avenue, 10th Floor
New York, NY 10022
Telephone: 212 848 9800
Facsimile: 212 848 9888
E-mail: Jeremy.Mellitz@withers.us.com

*Attorney for: Von Rautenkranz Nachfolger
Special Investments LLC*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X
SECURITIES INVESTOR PROTECTION :
CORPORATION, :
: :
                          Plaintiff, :      Adv. Pro. No. 08-01789 (BRL)
:
:      SIPA Liquidation
V. :
:      **CERTIFICATE OF SERVICE BY**
BERNARD L. MADOFF INVESTMENT :   **ELECTRONIC AND OTHER MEANS**
SECURITIES LLC, :
:
                         Defendant. :
------------------------------------------------------X

The undersigned hereby certifies that on January 25, 2010, service of the foregoing Objection to Trustee's Determination of Claim was accomplished pursuant to ECF as to Filing Users and I shall comply with LR 5.5 as to the parties listed below and service via First Class Mail.

                        **Clerk of the United States Bankruptcy Court
                        Southern District of New York
                        One Bowling Green
                        New York, NY  10004**

                        **Irving H. Picard, Trustee
                        c/o Baker & Hostetler LLP
                        Attn:  Claims Department
                        45 Rockefeller Plaza
                        New York, NY  10111**

DATED: January 25, 2010

                              WITHERS BERGMAN LLP

                              By: _____
                              Jeremy A. Mellitz
                              430 Park Avenue, 10th Floor
                              New York, NY 10022
                              Telephone: 212 848 9800
                              Facsimile: 212 848 9888
                              E-mail: Jeremy.Mellitz@withers.us.com
                              Attorneys for *Von Rautenkranz Nachfolger Special Investments LLC*