UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES INVESTOR PROTECTION
CORPORATION,
        Plaintiff,

v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,
        Defendant.

Adv. Pro. No. 08-01789 (BRL)

SIPA Liquidation

RECEIVED FEB - 1 2010

## OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM

Herbert Kasper hereby objects to the Notice of Trustee's Determination of Claim dated December 8, 2009 ("Determination Letter"), attached as Exhibit A, as described herein.

### BACKGROUND

1. On December 11, 2008, the above-captioned liquidation proceeding was commenced against BMIS, pursuant to SIPA. *See* Order, *Securities and Exchange Commission v. Madoff*, No. 08-10791 (S.D.N.Y. Dec. 15, 2008) (ordering relief under SIPA and transferring proceeding to the United States Bankruptcy Court for the Southern District of New York) [Dkt. No. 4]. Irving Picard was appointed Trustee ("BMIS Trustee"), charged with overseeing the liquidation of BMIS and processing customer claims for money pursuant to SIPA. *Id.*; *see also* 15 U.S.C. 78fff-1(a).

2. Herbert Kasper is an investor in Ascot Partners L.P. ("Ascot"), which is, upon information and belief, a "customer," as defined by the Securities Investor Protection Act of 1970 ("SIPA"), of BMIS. Thus, Herbert Kasper has an interest in certain claims belonging to Ascot in the BMIS liquidation proceeding.

1

3. On December 23, 2008, the Court issued an Order directing the Trustee to disseminate notice and claim forms to BMIS customers and setting forth claim-filing deadlines. *See* Order [Dkt. No. 12]. Upon information and belief, the BMIS Trustee disseminated notice and claim forms to BMIS's customers in accordance with the Court's Order.

4. The December 23, 2008 Order further provided that, to the extent the BMIS Trustee disagrees with the amount set forth on a customer claim form, the BMIS Trustee "shall notify such claimant by mail of his determination that the claim is disallowed, in whole or in part, *and the reason therefor* . . . ." *See* Order at 6 (emphasis added) [Dkt. No. 12].

5. To the best of Claimant's knowledge, Ascot did not timely file a customer claim form and has not prosecuted its claim in the BMIS liquidation proceeding.

6. On or about ▓▓▓▓▓▓▓▓, 2009, Herbert Kasper submitted a customer claim form to SIPC ("Kasper Customer Claim") (Exhibit B).[1]

7. On December 8, 2009, the BMIS Trustee sent Herbert Kasper the Determination Letter disallowing Herbert Kasper's claim in its entirety on the basis that "[he] is not a customer of BLMIS under SIPA as that term is defined at 15 U.S.C. § 78lll(2)." *See* Determination Letter (Exhibit A).

## OBJECTION

8. Herbert Kasper hereby objects to the Determination Letter on the basis that Herbert Kasper should not be deprived of the opportunity to have his claim addressed simply because Ascot has not filed a customer claim or has otherwise failed to prosecute or defend any claim against the debtor.

---

[1] In accordance with the Court's Order dated October 20, 2009 [Dkt. No. 533], Claimant's personal identification data has been redacted from Exhibit B.

9.  **First Objection.** Normally, bankruptcy law prevents parties whose claims are derived from the claim of a creditor from seeking to recover on such derived claims from the debtor. Such rules are designed to prevent duplicate recoveries arising from what amounts to a single legal claim. *See* Bankruptcy Code §§ 502(e), 509. However, bankruptcy law also recognizes that the derivative claimant should be permitted to file such a claim when the direct creditor fails or refuses to file a claim since, in such cases, there is no risk of a double recovery. For example, bankruptcy law provides that "[i]f a creditor does not timely file a proof of such creditor's claim, an entity that is liable to such creditor with the debtor, or that has secured such creditor, may file a proof of such claim." *See* Bankruptcy Code § 501(b); *see also* Fed. R. Bankr. P. 3005(a). These principles apply here and it is only appropriate and equitable that Herbert Kasper's customer claim be considered in the place of BMIS customer Ascot when Ascot has sat on its own rights, which has, by extension, deprived Herbert Kasper of his rights. Moreover, there is no danger of double recoveries because Ascot failed to file its claim by the July 2, 2009 bar date and its claim is thus barred.

10. **Second Objection.** The BMIS Trustee has encouraged all those who lost money due to the Madoff Ponzi scheme to file customer claim forms. This includes investors such as Herbert Kasper that invested "indirectly" with BMIS. The BMIS Trustee has clearly contemplated a scenario whereby "indirect" investors, such as Herbert Kasper, would be entitled to have their claims allowed and/or paid in this proceeding. To the extent that any such "indirect" claims are allowed and/or "indirect" claimants are deemed "customers" under SIPA by virtue of the present statute, any amended statute, any decision or ruling of any administrative agency, any decision or ruling by SIPC or the Madoff Trustee, or any decision or order of any court, it reserves the right to challenge any determination of its claim by the BMIS Trustee.

3

## RELIEF REQUESTED

11. For the reasons stated herein, Herbert Kasper's claim should be allowed insofar as it is part of Ascot's claim.

12. To the extent Herbert Kasper's claim is deemed to be filed on behalf of Ascot, Herbert Kasper reserves the right to supplement his claim and submit further objections to any Determination of Claim directed to Herbert Kasper, including but not limited to the right to object to the BMIS Trustee's method of calculating "net equity" or other objections to the method by which the BMIS Trustee has calculated the amount of the claim.

13. Herbert Kasper requests such other relief as may be just and equitable.

## CONCLUSION

14. Herbert Kasper reserves the right to revise, supplement, or amend this Objection, and any failure to object on a particular ground or grounds shall not be construed as a waiver of Herbert Kasper's right to object on any additional grounds.

15. Herbert Kasper reserves all rights set forth Rule 9014, including, without limitation, rights of discovery. *See* Fed. R. Bankr. P. 9014.

16. Herbert Kasper reserves all objections as to the competence, relevance, materiality, privilege, or admissibility of evidence in any subsequent proceeding or trial of this or any other action for any purpose whatsoever.

17. Herbert Kasper incorporates by reference all reservations of rights set forth in Herbert Kasper's Customer Claim.

Dated: January 7, 2010

Herbert Kasper
32 E. 64th Street
New York, NY 10021

*Exhibit A*

# BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

## DECEMBER 11, 2008[1]

## NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

December 8, 2009

Herbert Kasper
c/o Elliott Schuckman
65 Tree Top Drive
Springfield, NJ 07081

Dear Herbert Kasper:

### PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim designated as Claim No. 014621:

Based on a review of available books and records of BLMIS by the Trustee's staff, you did not have an account with BLMIS. Because you did not have an account, you are not a customer of BLMIS under SIPA as that term is defined at 15 U.S.C. § 78lll (2). Accordingly, your Claim for securities and/or a credit balance is **DENIED**.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after December 8, 2009, the date on which the Trustee mailed this notice.

---

[1] Section 78lll(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78lll(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York 10004

and

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
Attn: Claims Department
45 Rockefeller Plaza
New York, New York 10111

*/s/ Irving H. Picard*

**Irving H. Picard**

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

**ELLIOT SCHUCKMAN, C.P.A., P.C.**
65 Tree Top Drive
Springfield, NJ 07081

(908)273-9250
Fax: (908)522-1247

January 8, 2010

RECEIVED FEB 1 2010

Re: Claim #014621

Clerk of United States Bankruptcy Court for the Southern District of New York
One Bowling Green
New York, NY 10004-1408

Gentlemen:

Please file the enclosed "Objection to Trustee's Determination of Claim" in the Madoff case –
Bankruptcy Case # 08-1789(BRL)

Sincerely,

Elliot Schuckman