**RICHARD L. COHEN**
772 Oakleigh Road
North Woodmere, N.Y. 11581
Tel: (516) 791-4757
Email: richiec772@hotmail.com

February 1, 2010

Irving H. Picard, Esq., Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10011

Clerk of the United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004

Re: Bankruptcy Case No: 08-1789 (BRL)
Bernard L. Madoff Investment Securities LLC
Richard L. Cohen (IRA)/BLMIS Account No. 1C1346 – Claim No. 001813

Dear Mr. Picard:

I am a customer of BLMIS. On September 15, 2009, I submitted the attached letter in opposition to your "Notice of Trustee's Determination of Claim," dated August 19, 2009 (the "NTDC"), in which you advised that my claim is ALLOWED for only $320,902.55. Since I believe that your determination that I am only entitled to $320,902.55 is in error, I requested a hearing before the Honorable Burton R. Lifland.

Nearly five months have passed since I made this request, and I have not heard back from you regarding a hearing date. This is a hardship situation which must be resolved expeditiously. At the very least, while I await a hearing date, I should be paid the $320,902.55 as you have already determined that I am entitled to receive at least that amount.

Under the circumstances, your immediate response would be very much appreciated. Thank You.

Very truly yours,

Richard L. Cohen

Attachments

cc:   **COHEN LAW GROUP, P.C.**
      Brian S. Cohen, Esq.
      Jonathan A. Cohen, Esq.
      301 East 78th St., Suite 16A
      New York, NY 10075
      Tel:  917-640-0078
      Fax: 646-349-2567

      **S.H. BERNSTEIN & ASSOC. C.P.A., P.C.**
      85 W. Hawthorne Avenue
      Valley Stream, N.Y. 11580
      Tel: (516) 825-5577
      Fax: (516) 561-8248

**RICHARD L. COHEN**
772 Oakleigh Road
North Woodmere, N.Y. 11581
Tel: (516) 791-4757
Email: richiec772@hotmail.com

September 15, 2009

Irving H. Picard, Esq., Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10011

Clerk of the United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004

Re: Bankruptcy Case No: 08-1789 (BRL)
Bernard L. Madoff Investment Securities LLC
Richard L. Cohen (IRA)/BLMIS Account No. 1C1346 – Claim No. 001813

Dear Mr. Picard:

I am a customer of BLMIS. I submit this letter in opposition to your "Notice of Trustee's Determination of Claim," dated August 19, 2009 (the "NTDC"), in which you advised that my claim is ALLOWED for only $320,902.55.

According to the NTDC, you determined that I am only entitled to this amount as such "was the balance in [my] BLMIS Account on the Filing Date based on the amount of money [I] deposited with BLMIS for the purchase of securities, as outlined in Table 1" (copy of NTDC annexed hereto as Exhibit A). For the following reasons, I disagree with your analysis:

- From 1983–2007, each year, I personally contributed to my business' defined contribution profit sharing plan the maximum allowed under Section 415 of the Internal Revenue Code, such amounts being:

    - 1983–2000:   $30,000 per year ($540,000 total)
    - 2001:        $35,000
    - 2002–2003:   $40,000 per year ($80,000 total)
    - 2004:        $41,000
    - 2005:        $42,000
    - 2006:        $44,000
    - 2007:        $45,000

    - **TOTAL:**   **$827,000**

Pg 4 of 11

- The total of $827,000 represents the principal – *i.e.*, hard dollars – deposited by me in BLMIS and does not include any fictitious gains.

- As Table 1 in the NTDC accurately reflects, I never made any withdrawals.

These facts are further attested to by Robert Berkowicz, C.P.A. of S.H. Bernstein & Assoc. C.P.A., P.C., who has served as my accountant from 1972 through the present (Berkowicz Letter annexed hereto as Exhibit B).

Accordingly, I believe that your determination that I am only entitled to $320,902.55 is in error, and respectfully request a hearing before the Honorable Burton R. Lifland

Very truly yours,

Richard L. Cohen

Attachments

cc:   **COHEN LAW GROUP, P.C.**
Brian S. Cohen, Esq.
Jonathan A. Cohen, Esq.
301 East 78th St., Suite 16A
New York, NY 10075
Tel: 917-640-0078
Fax: 646-349-2567

**S.H. BERNSTEIN & ASSOC. C.P.A., P.C.**
85 W. Hawthorne Avenue
Valley Stream, N.Y. 11580
Tel: (516) 825-5577
Fax: (516) 561-8248

# EXHIBIT A

**BERNARD L. MADOFF INVESTMENT SECURITIES LLC**

In Liquidation

**DECEMBER 11, 2008**[1]

**NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM**

August 19, 2009

Richard L. Cohen (IRA)
772 Oakleigh Rd.
Valley Stream, New York  11581

Dear Mr. Cohen (IRA):

**PLEASE READ THIS NOTICE CAREFULLY.**

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim on BLMIS Account No. 1C1346 designated as Claim Number 001813:

Your claim for a credit balance of $3,853,035.74 and for securities is **DENIED**. No securities were ever purchased for your account.

Your claim is **ALLOWED** for $320,902.55, which was the balance in your BLMIS Account on the Filing Date based on the amount of money you deposited with BLMIS for the purchase of securities, as outlined in **Table 1**.

---

[1] Section 78lll(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78lll(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

300026393

| DATE | TRANSACTION DESCRIPTION | AMOUNT | ADJUSTED AMOUNT |
|---|---|---|---|
| 10/31/2007 | TRANS FROM 1CM46630 | $3,347,367.00 | $320,902.55 |
| 12/10/2007 | TRANS FROM 1CM46630 | $13,778.23 | $0.00 |
| **Total Deposits:** | | $3,361,145.23 | $320,902.55 |
| **Total Withdrawals:** | | $0.00 | $0.00 |
| **Total deposits less withdrawals:** | | $3,361,145.23 | $320,902.55 |

As reflected in **Table 1**, certain of the transfers into your account have been adjusted. As part of the Trustee's analysis of accounts, the Trustee has looked at accounts based on a money in/money out analysis (i.e., has the investor deposited more or less than he or she withdrew from BLMIS). The Trustee uses this analysis to determine which part of an account's balance is made up of deposits of principal and which part is fictitious gains that were fabricated by BLMIS. A customer's allowed claim is based on the amount of deposited principal determined to be remaining in the customer's account.

The Trustee's staff has analyzed whether transfers from one account to another account have involved principal and/or fictitious profits. The available principal in the former account has been transferred to and credited in the transferee account. The reason that the adjusted amount of transferred deposits in **Table 1** is less than the purported transferred amount is that the transferor account did not have sufficient principal available to effectuate the full transfer. The difference between the purported transfer amount reflected on your account statement and the adjusted transferred amount is the amount of fictitious gain that was transferred to your account. Under the money in/money out analysis, the Trustee does not give credit for fictitious gains in setting your allowed claim

Your **ALLOWED CLAIM** of $320,902.55 will be satisfied in the following manner:

The enclosed **ASSIGNMENT AND RELEASE** must be executed, notarized and returned in the envelope provided herewith. You also should provide the name of the custodian for your IRA. Upon receipt of the executed and notarized **ASSIGNMENT AND RELEASE**, and designation of your IRA custodian the Trustee will fully satisfy your **ALLOWED CLAIM** by sending you a check in the amount of $320,902.55, with the funds being advanced by Securities Investor Protection Corporation pursuant to section 78fff-3(a)(1) of SIPA.

Should a final and unappealable court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by you in having your customer claim re-determined in accordance with any such Court order.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you <u>MUST</u> file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after August 19, 2009, the date on which the Trustee mailed this notice.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

300026393                                    3

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

> Clerk of the United States Bankruptcy Court for
> the Southern District of New York
> One Bowling Green
> New York, New York 10004

> and

> Irving H. Picard, Trustee
> c/o Baker & Hostetler LLP
> 45 Rockefeller Plaza
> New York, New York 10011

_____
Irving H. Picard
Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

cc: NTC & CO.
    FBO Richard L. Cohen (IRA)
    P.O. Box 173859
    Denver, Colorado 80217

# EXHIBIT B

08-01789-cgm    Doc 1845    Filed 02/02/10    Entered 02/02/10 14:34:02    Main Document
Pg 10 of 11

**S. H. BERNSTEIN & ASSOC. C.P.A., P.C.**
CERTIFIED PUBLIC ACCOUNTANTS
85 W HAWTHORNE AVENUE
VALLEY STREAM, NEW YORK 11580

TEL.: (516) 825-5577       FAX: (516) 561-8248

MARTIN STEIN, CPA
ROBERT BERKOWICZ, CPA

September 14, 2009

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York NY 10011

Re:   Bankruptcy Case No: 08-1789 (BRL)
      Bernard L. Madoff Investment Securities LLC
      Richard L. Cohen (IRA)/BLMIS Account No. 1C1346 – Claim No. 001813

Dear Mr. Picard,

I write in support of our client, Richard L. Cohen, who disagrees with your determination as to the amount he is entitled to under his claim.

Our firm served as the accountant for both Mr. Cohen personally and his business, Codumel Pharmacy, Inc. ("Codumel"), during the entire time period in question. As a result, I am well-suited to represent the following:

- In early 1983, Codumel formed the Codumel Pharmacy, Inc. Profit Sharing Plan (an IRS defined contribution profit sharing plan) (the "Plan").
- In 1986, the Plan opened an account with BLMIS.
- From the years 1983-2007, Mr. Cohen contributed to the Plan, on his own behalf, the maximum amount allowable under Section 415 of the Internal Revenue Code. By our calculation, Mr. Cohen deposited $827,000.00 into BLMIS.
- When the Plan closed in 2007, Mr. Cohen rolled his entire balance, which included his principal, into his IRA (BLMIS Account No. 1C1346).
- Mr. Cohen did not make any withdrawals.

Please consider these facts in re-examining this determination. If you require any additional information, feel free to contact the undersigned.

Sincerely,

Robert Berkowicz, C.P.A.
RB/cc