# PHILLIPS NIZER LLP

**Helen Davis Chaitman***
212.841.1320
201.646.1664
hchaitman@phillipsnizer.com
*Admitted in New York and New Jersey

666 Fifth Avenue
New York, NY 10103-0084
212.977.9700
Fax 212.262.5152

600 Old Country Road
Garden City, NY 11530-2011
516.229.9400
Fax 516.228.9612

Court Plaza North
25 Main Street
Hackensack, NJ 07601-7015
201.487.3700
Fax 201.646.1764

www.phillipsnizer.com

February 3, 2010

**By Hand Delivery/Filed on CM/ECF**

Hon. Burton R. Lifland
United States Bankruptcy Judge
One Bowling Green
New York, NY 10004-1408

### Bernard L. Madoff Investment Securities LLC (08-1789-BRL)

Dear Judge Lifland:

  I write on behalf of a very large group of investors in Bernard L. Madoff Investment Securities, LLC ("Madoff") to suggest a partial resolution of the "net equity" issue. Mr. Sheehan's rebuttal ended yesterday with the passionate argument that it is unfair to investors with a positive net investment that investors with a negative net investment should share in the fund of customer property. There is a large group of investors who have a negative net investment, and many who have a positive net investment, who would forego any distribution from the fund of customer property if they were promptly paid their $500,000 in SIPC insurance. Hence, we ask the Court to consider incorporating this proposal into Your Honor's decision on the "net equity" issue.

  That is, if you are persuaded that SIPC is correct and that Ponzi scheme cases arising in non-SIPA liquidations are applicable here, before relieving SIPC of its entirely independent insurance obligation, you give investors the choice of foregoing any distribution from the fund of customer property so long as they immediately receive their full SIPC insurance, up to $500,000, based upon each customer's November 30, 2008 statement. This would provide incalculable relief to approximately 3,000 elderly Madoff investors whose lives have been decimated more by SIPC's denial of their insurance coverage than by Madoff's crimes. Neither SIPC nor the Trustee has provided the Court with a single authority for the proposition that a third party insurance entity like SIPC should be relieved of its insurance obligations to innocent third parties solely because the broker operated a Ponzi scheme.

1104570.1

**PHILLIPS NIZER** LLP

Hon. Burton R. Lifland
February 2, 2010
Page 2

      For the Court's convenience, I enclose a list of the cases (including three Second Circuit cases), in which courts have described the SIPC fund as an "insurance" fund.

      On behalf of my clients, I thank the Court for its courtesy and patience yesterday in considering the issues.

                                      Yours respectfully,

                                      s/s Helen Davis Chaitman


                                      Sonnenschein Nath & Rosenthal LLP

                                      s/s Carole Neville


Enclosure

cc:    David J. Sheehan, Esq. (by email)
        Josephine Wang, Esq. (by email)
        Katharine B. Gresham, Esq. (by email)
        All counsel by CM/ECF notice

1104570.1

## Cases referring to SIPC insurance

**Second Circuit:**

*In re New Times Sec. Servs.*, 371 F.3d 68, 84-85 (2d Cir. 2004)( "In April 1970, the Acting General Counsel of the Department of the Treasury sent letters to the chairmen of the relevant committees of both the Senate and the House stating that Treasury opposed the bills, in part because the proposed limit on cash advances of $ 50,000 per account far exceeded the $ 20,000 limit per account on coverage provided by FDIC and FSLIC, and, thus, "could be construed as an indication that the Federal Government attaches greater importance to the preservation of public confidence in broker-dealers than to the preservation of confidence in the banking system." n20 Federal Broker-Dealer Insurance Corporation: Hearings on S. 2348, 3988 and 3989 Before the Subcomm. on Sec. of the Senate Comm. on Banking and Currency, 91st Cong. 79-80 (1970) (letter from Englert to Sparkman); Securities Investor Protection: Hearings on H.R. 13308, 17585, 18081, 18109 and 18458 Before the Subcomm. on Commerce and Fin. of the House Comm. on Interstate and Foreign Commerce, 91st Cong. 148-49 (1970) [hereinafter House Subcommittee Hearings] (letter from Englert to Staggers). The Vice Chairman of the Board of Governors of the Federal Reserve System made a similar observation -- that **the proposed SIPC "insurance"** would be "more generous than coverage afforded depositors" under the FDIC and FSLIC -- in a July 1970 letter to the House Committee. House Subcommittee Hearings, supra, at 145-47 (letter from Robertson to Staggers)."

*Securities Investor Protection Corp. v. BDO Seidman, LLP*, 222 F.3d 63, 69 (2d Cir. 2000) ("The SIPC's standing as the subrogee to the claims of Baron's customers rests on our holding in *Redington v. Touche Ross & Co.*, 592 F.2d 617 (2d Cir. 1978), *rev'd and remanded on other grounds*, 442 U.S. 560 (1979). In *Redington*, we relied on principles of insurance law to hold that the SIPC, as subrogee of the customers of a failed broker-dealer, enjoyed a "general common-law right of equitable subrogation." 592 F.2d at 624. Specifically, we noted that at common law, an insurer may be subrogated "to any right of action which the insured may have against a third person whose negligence or wrongful act caused the loss," and that nothing in the SIPA exempted the SIPC from this general rule. *Id.* (quoting 31 N.Y. Jur., Insurance § 1620, at 510). Furthermore, we found inconsistent with the Congressional intent underlying the SIPA the notion that wrongdoers should receive the "windfall" that would **result if the SIPC were unable to recover its insurance payments** from the parties ultimately responsible for the customers' losses. Based on these principles of subrogation, we held that the SIPC, as subrogee, had the power to sue a broker-dealer's accountant for filing false or misleading reports pursuant to the audit requirements of Rule 17a. *See id.*")

*Sec. Investor Prot. Corp. v. Morgan, Kennedy & Co.*, 533 F.2d 1314, 1316 (2d Cir. 1976) ("SIPC claimed that the trust, and not each of its beneficiaries, was the debtor's customer under SIPA; accordingly, **SIPC recognized only one valid insurance claim.**")

**Third Circuit:**

*SEC v. Albert & Maguire Sec. Co.*, 560 F.2d 569, 574 (3d Cir. 1977)(**"If the analogy to insurance is followed, upon payment to a customer, SIPC becomes subrogated to the customer's rights against third parties."**

**Eighth Circuit:**

　　*Foster v. National Union Fire Ins. Co.*, 902 F.2d 1316, 1317, 1320 (8th Cir. 1990)( "After the Securities Investor Protection Corporation (the "SIPC") determined that the Fosters and Patterson were not insured customers of B & A **for purposes of SIPC insurance protection,** the Fosters filed suit in April 1987 against National Union, while Patterson separately filed in July of that year, both in state court. . . . .Because the SIPC determined that the Fosters and Patterson were **not covered by SIPC insurance**, they would be afforded no protection if they could not sue on the fidelity bond."

　　*United States v. White*, 553 F.2d 1137, 1138 (8th Cir. 1977)("Upon cross-examination the defense attempted to show that Bade was reimbursed in the sum of $23,323.83 by **a United States government insurance corporation, the Securities Investor Protection Corporation (SIPC)**, after White and Company had been placed in bankruptcy.").

**Ninth Circuit:**

　　*In re Brentwood Secur., Inc.*, 925 F.2d 325, 326 (9th Cir. 1991)( "We consider whether these investors are protected by the Securities Investor Protection Act (SIPA), 15 U.S.C. §§ 78aaa-78lll, and are thus entitled to **payments from the insurance fund maintained by the Securities Investor Protection Corporation (SIPC)."**)

　　*SEC v. Securities Northwest, Inc.*, 573 F.2d 622, 624 (9th Cir. 1978)("Broadly described, the Act establishes a private, non-profit, membership corporation - the **SIPC - charged with administering an insurance fund to provide coverage against customer losses resulting from the failure of broker-dealers** registered under the Securities Exchange Act of 1934.")

**Tenth Circuit:**

　　*Ahammed v. Secs. Investor Prot. Corp. (In re Primeline Secs. Corp.)*, 295 F.3d 1100, 1103, 1106 (10th Cir. 2002)("Appellants, thirteen individual claimants in the liquidation proceeding of a failed broker-dealer (collectively, "Claimants"), seek protection under the Securities Investor Protection Act (SIPA) and payment of their claims from the insurance fund established by the Securities Investor Protection Corporation (SIPC). . . . . Not unlike the Federal Deposit Insurance Corporation (FDIC), **SIPC insures investors who deposit cash or securities with a broker against the risk of broker insolvency.** Pursuant to SIPA, SIPC oversees the liquidation of brokers and dealers. *See id.* § 78eee. In a liquidation proceeding, the SIPC fund is available if the debtor's general estate is insufficient to pay customer claims. *See id.* § 78fff-3(a)."

**District of Illinois**

　　*Securities Investor Protection Corp. v. Oberweis Secur., Inc., (In re Oberweis Secur., Inc.)*, 135 B.R. 842, 846 (B. N.D. Ill. 1991)("SIPA created SIPC, a non-profit corporation the

2

members of which include most registered broker-dealers, and **SIPC maintains an insurance fund for investor protection**. The funds assets come from mandatory contributions required of member broker-dealers. *See*, 15 U.S.C. § 78ddd. . . . . Thus, only a customer's net equity is protected by the SIPC insurance fund.")

### District of Indiana

*Schwartz v. Oberweis*, 826 F. Supp. 280, 286 (N.D. Ind. 1993)("The SDN, rather than enhancing protection to investors, removed the protection provided by the SIPA and **SIPC insurance**. The lack of any special protection indicates that the SDN is a security under the test set out in *Reves*."

### District of Ohio

*City of Cleveland v. Ameriquest Mortg. Sec., Inc.*, 621 F. Supp. 2d 513, 533-34 (N.D. Ohio 2009)("In Holmes, the plaintiff Securities Investor Protection Corporation ("SIPC") was a private non-profit corporation whose members included registered broker-dealers. 503 U.S. at 261. **SIPC provided insurance** to investors against losses that occurred when one of its members was unable to meet its obligations.")

### District of New Jersey

*Flego v. Philips, Appel & Walden, Inc.*, 514 F. Supp. 1178, 1181 (D.N.J. 1981)("For example, in *Handelman v. Weiss*, 368 F. Supp. 258, 262-64 (S.D.N.Y.1973), the court held that a former attorney for the Securities Investor Protection Corporation (SIPC) was a public employee for the purposes of DR9-101(B). The court recognized that **SIPC, a nonprofit organization which administers an insurance program to protect the customers of its members**, registered broker-dealers and members of the national securities exchanges, was not strictly a federal agency and could not regulate its members. Nevertheless, the SIPC had been created by Congress and its Board of Directors was appointed by the federal government; therefore, an SIPC attorney should be considered a representative of government interests."

*Morsemere Sav. & Loan Asso. v. Marston*, 500 F. Supp. 1253, 1261 (D.N.J. 1980)("The decision here was in November, 1977. It is now nearly 3 years later. The action taken was on the basis of forecast with informed judgment and expertise. The Board now has data, no doubt, of actual experience. If it is to ignore that experience and spell out reasoning as of late 1977, what useful purpose will it serve? If it makes use of actual results, the review will not be testing the same question the Board had in 1977. Many pertinent elements have no doubt changed. For one thing, FSLIC and FDIC insurance has this year been increased from $ 40,000 to $ 100,000., just as **SIPC has recently increased its insurance to $ 500,000**."

*Lamb v. Connecticut General Life Ins. Co.*, 509 F. Supp. 560, 574 (D.N.J. 1980)("The history of ERISA is extensive and bulky. . . . .One important feature, not included in the Act as passed, dealt with portability and would have established a centrally administered fund through which accrued and vested shares in one plan could be exchanged for an equivalent or superior

3

share in another plan when changing jobs. **Provision was included for insurance, like FDIC and SIPC, in case of the financial failure of a plan,** but only for pension plans, not for welfare plans.")

**District of New York**

*In re Omni Mut.*, 193 B.R. 678, 680 (S.D.N.Y. 1996)( **"SIPA created SIPC and SIPC maintains an insurance fund not unlike the Federal Deposit Insurance Corporation."**)

*Rich v. Touche Ross & Co.*, 415 F. Supp. 99 (S.D.N.Y. 1976)("In SIPC liquidation, securities of various issuers are returned to the extent they are available; missing securities, as to which there is a shortage, are deemed reduced to their cash equivalent as of the close of business on the SIPA filing date, and **claims are paid from SIPC's insurance fund or the general assets of the defunct stockbroker.**")

*Securities Investor Protection Corp. v. Charisma Sec. Corp.*, 371 F. Supp. 894, 899 (S.D.N.Y. 1974)("In addition, revision of the SIPA should be considered to more fully apprise members of the public that general contract and fraud claims as well as claims for market losses against brokerage houses are not included in **the insurance umbrella afforded by SIPC**, and that only net equities of the customers are recoverable up to the ceiling limits given in the statute."

*Handelman v. Weiss*, 368 F. Supp. 258, 263 (S.D.N.Y. 1973)(**"SIPC administers an insurance program** designed to protect the customers of its members.")

*In re MV Secs., Inc.*, 48 B.R. 156, 161 (B. S.D.N.Y. 1985)( "Thirdly, **SIPC insurance** is already limited in amount to a total of $500,000, of which no more than $100,000 can be a claim for cash."

*Securities Investor Protection Corp. v. Oberweis Secur., Inc., (In re Oberweis Secur., Inc.)*, 135 B.R. 842 (B. N.D. Ill. 1991).

**District of Rhode Island**

*United States v. LaScola*, 2007 U.S. Dist. LEXIS 46054 at *6 (D.R.I. June 25, 2007)("From the papers submitted, it appears that the principal sources of the funds used to reimburse the victims were **insurance proceeds paid by the Securities and Investment Protection Corp. ("SIPC")** and proceeds from the RBG notes, purchased by LaScola on behalf of his victims without their consent.")

4