

JEFFREY A. MITCHELL
Director

Gibbons P.C.
One Pennsylvania Plaza, 37th Floor
New York, New York 10119-3701
Direct: (212) 613-2009 Fax: (212) 554-9696
jmitchell@gibbonslaw.com

February 3, 2010

**BY FIRST CLASS MAIL/FILED ON CM/ECF**

Hon. Burton R. Lifland
United States Bankruptcy Court
One Bowling Green
New York, New York 10004-1408

Re:  **Bernard L. Madoff Investment Securities LLC (08-1789-BRL)**

Dear Judge Lifland:

We represent Donald G. Rynne, an 86 year old retired World War II veteran who filed papers in opposition to the motion argued before Your Honor yesterday. Because we did not have the opportunity to speak during the hearing, we write to address a point to which we would have responded at oral argument had we had the opportunity to do so in order to assure that our position is part of the record.

David Sheehan yesterday referred to Madoff investors opposing the Trustee's motion as "unwitting participants in a Ponzi scheme," having "benefited from the fraud unwittingly." Yet, he argued those investors should nevertheless bear the full brunt of Madoff's fraud by not being allowed to rely on their last account statements to determine net equity. SIPC argued that the last statement approach should be rejected because it would effectively "sanction a Ponzi scheme" and "bless fake profits."

However, lost in the superficial appeal of that simple argument is that for decades the SEC and SIPC themselves not only "blessed" the operations of BLMIS, but also, by implication, the very account statements the Trustee now looks to avoid. Despite repeated audits, investigations, and oversight, not once did any regulator raise a public suspicion of wrongdoing. At oral argument, the Trustee cavalierly ignored that regulatory blessing, and instead asked the Court to shift blame to customers whom even he agrees are innocent. Those customers were not only investing with a regulated entity, but they also had every right to honestly believe they had up to $500,000 of coverage from SIPC based on values *reported on their account statements.* Unless the Court adopts the "last statement" approach as the proper one to determine net equity, the regulators' longstanding blessing of BLMIS will be forgotten, and the next odious step will certainly be claims by the Trustee against customers to return payments made to them that exceeded cash deposits.

Since both sides agree that customers, whether net positive or net negative, are innocent victims, the Court should not approve the cash-in/cash out approach simply because doing otherwise would be tantamount to blessing a fraud. The SEC, and by implication SIPC, blessed the activities of BLMIS throughout the firm's long existence, and SIPC should be made to stand behind that blessing with the full benefit of coverage up to $500,000 based on values

GIBBONS P.C.

Hon. Burton R. Lifland
February 3, 2010
Page 2

reflected in the last statements issued to BLMIS customers, which until this case, everyone always believed was supposed to happen.

Respectfully yours,

Jeffrey A. Mitchell
Director

JAM/

cc:   David J. Sheehan, Esq.
      Josephine Wang, Esq.
      Katharine B. Gresham, Esq.
      All counsel by CM/ECF notice

#1471206 v1
109422-67219