# EXHIBIT B

**CUSTOMER CLAIM**



Bernard L. Madoff Investment Securities LLC
Case No 08-01789-BRL
U.S. Bankruptcy Court for the Southern District of New York
Claim Number:

**004201**

RECEIVED
FEB 2 5 2009
By_____

# BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

## DECEMBER 11, 2008

Irving H. Picard, Esq.
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

Provide your office and home telephone no.

OFFICE:  _800·784·0107_

HOME:_____

Taxpayer I.D. Number (Social Security No.)
_050·36·4568_

Account Number:    1P0083
HARRY PECH
& JEFFREY PECH J/T WROS
1 MAPLE WAY
WOODBURY, NY  11797

(If incorrect, please change)

NOTE:    BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY THE ACCOMPANYING INSTRUCTION SHEET. A SEPARATE CLAIM FORM SHOULD BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL PROTECTION AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE RECEIVED BY THE TRUSTEE ON OR BEFORE March 4, 2009. CLAIMS RECEIVED AFTER THAT DATE, BUT ON OR BEFORE July 2, 2009, WILL BE SUBJECT TO DELAYED PROCESSING AND TO BEING SATISFIED ON TERMS LESS FAVORABLE TO THE CLAIMANT. PLEASE SEND YOUR CLAIM FORM BY CERTIFIED MAIL - RETURN RECEIPT REQUESTED.

*********************************************************************

1.    Claim for money balances as of **December 11, 2008**:
    a.    The Broker owes me a Credit (Cr.) Balance of         $_____
    b.    I owe the Broker a Debit (Dr.) Balance of            $_____

c.  If you wish to repay the Debit Balance,
    please insert the amount you wish to repay and
    attach a check payable to "Irving H. Picard, Esq.,
    Trustee for Bernard L. Madoff Investment Securities LLC."
    If you wish to make a payment, **it must be enclosed**
    with this claim form.                              $_____

d.  If balance is zero, insert "None."

2.  Claim for securities as of **December 11, 2008**:    $874,490.47

**PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.**

|   | | YES | NO |
|---|---|---|---|
| a. | The Broker owes me securities | X | |
| b. | I owe the Broker securities | | X |

c.  If yes to either, please list below:

| Date of Transaction (trade date) | Name of Security | Number of Shares or Face Amount of Bonds | |
|---|---|---|---|
| | | The Broker Owes Me (Long) | I Owe the Broker (Short) |
| _See attached Statement_ | | | |
| | | | |
| | | | |
| | | | |

**Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclose, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation. You should also provide all documentation or**

information regarding any withdrawals you have ever made or payments received from the Debtor.

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement. If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.

**PLEASE CHECK THE APPROPRIATE ANSWER FOR ITEMS 3 THROUGH 9.**

NOTE:   IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION ON A SIGNED ATTACHMENT. IF SUFFICIENT DETAILS ARE NOT PROVIDED, THIS CLAIM FORM WILL BE RETURNED FOR YOUR COMPLETION.

|   |   | YES | NO |
|---|---|---|---|
| 3. | Has there been any change in your account since December 11, 2008? If so, please explain. | | X |
| 4. | Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of the broker? | | X |
| 5. | Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or policies of the broker? | | X |
| 6. | Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in any way with the broker? If so, give name(s) | | X |
| 7. | Is this claim being filed by or on behalf of a broker or dealer or a bank? If so, provide documentation with respect to each public customer on whose behalf you are claiming. | | X |
| 8. | Have you ever given any discretionary authority to any person to execute securities transactions with or through the broker on your behalf? Give names, addresses and phone numbers. | X | |

502180406    # Bernard L. MADOFF
HAD Trading AuThorization
to Trade Securities in our account.

9.  Have you or any member of your family
    ever filed a claim under the Securities
    Investor Protection Act of 1970? if
    so, give name of that broker.

    Please list the full name and address of anyone assisting you in the
    preparation of this claim form: _Attorney Jeffrey Sonn, Esq._
    _500 East Broward Blvd #1600, Ft Lauderdale, FL 33394_
    _954 - 763 - 4700_

If you cannot compute the amount of your claim, you may file an estimated claim. In that
case, please indicate your claim is an estimated claim.

**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM.
CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR
IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.**

**THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY
INFORMATION AND BELIEF.**

Date ___1-29-09___    Signature _____

Date ___1-29-09___    Signature _____

(If ownership of the account is shared, all must sign above. Give each owner's name,
address, phone number, and extent of ownership on a signed separate sheet. If other
than a personal account, *e.g.*, corporate, trustee, custodian, etc., also state your capacity
and authority. Please supply the trust agreement or other proof of authority.)

**This customer claim form must be completed and mailed promptly,
together with supporting documentation, etc. to:**

Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

502180406

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
885 Third Avenue New York, NY 10022

212 230-2424
800 334-1343
Fax 212 486-8178

## TRADING AUTHORIZATION LIMITED TO PURCHASES
## AND SALES OF SECURITIES AND OPTIONS

To Whom It May Concern:

The undersigned hereby authorizes Bernard L. Madoff (whose signature appears below) as his agent and attorney in fact to buy, sell and trade in stocks, bonds, options and any other securities in accordance with your terms and conditions for the undersigned's account and risk and in the undersigned's name, or number on your books. The undersigned hereby agrees to indemnify and hold you harmless from, and to pay you promptly on demand any and all losses arising therefrom or debit balance due thereon.

In all such purchases, sales or trades you are authorized to follow the instructions of Bernard L. Madoff in every respect concerning the undersigned's account with you; and he is authorized to act for the undersigned and in the undersigned's behalf in the same manner and with the same force and effect as the undersigned might or could do with respect to such purchases, sales or trades as well as with respect to all other things necessary or incidental to the furtherance or conduct of such purchases, sales or trades.   All purchases, sales or trades shall be executed strictly in accordance with the established trading authorization directive.

The undersigned hereby ratifies and confirms any and all transactions with you heretofore or hereafter made by the aforesaid agent or for the undersigned's account.

This authorization and indemnity is in addition to (and in no way limits or restricts) any rights which you may have under any other agreement or agreements between the undersigned and your firm.

This authorization and indemnity is also a continuing one and shall remain in full force and effect until revoked by the undersigned by a written notice addressed to you and delivered to your office at 885 Third Avenue New York, NY.  Such revocation shall not affect any liability in any way resulting from transaction initiated prior to such revocation.  This authorization and indemnity shall enure to the benefit of your present firm and any successor firm or firms irrespective of any change or changes at any time in the  personnel thereof for any cause whatsoever, and of the assigns of your present firm or any successor firm.

Dated, _11- 15- 04_

_____   _____
BKYN (City)          N.Y. (State)

Very truly yours, _____
(Client Signature)

Signature   of   Authorized   Agent: _____

Affiliated with:
Madoff Securities International Limited

**_NARD L. MADOFF_**
_ESTMENT SECURITIES LLC_
_85 Third Avenue New York, NY 10022_

212 230-2424
800 334-1343
Fax 212 486-8178

## OPTION AGREEMENT

In order to induce you to carry accounts ("Option Accounts") for me (however designated) for transactions in option contracts (including, without limitations, purchase, sale, transfer and exercise) ("Option Transaction"), I hereby warrant, represent and agree with you as set forth below on this Option Agreement.

1.  I understand, and am well aware, that option trading may be speculative in nature. I am also aware that on certain days, option trading may cease and this could result in a financial loss to me. I agree to hold the company, its other divisions, and its officers, directors and agents harmless for such loss.

2.  I understand that any option transaction made for any account of mine is subject to the rules, regulations, customs and usages of The Options Clearing Corporation and of the registered national securities exchange, national securities association, clearing organization or market where such transaction was executed. I agree to abide by such rules, regulations, custom and usages and I agree that, acting individually or in concert with others, I will not exceed any applicable position or exercise limits imposed by such exchange, association, clearing organization or other market with respect to option trading.

3.  If I do not satisfy my transaction obligations on a timely basis, you are authorized in your sole discretion and without notification, to take any and all steps you deem necessary to protect yourself (for any reason) in connection with option transactions for my account including the right to buy and/or sell for my account and risk any part or all of the shares represented by options handled, purchased, sold for my account, or to buy for my account and risk any option as you may deem necessary or appropriate. Any and all expenses or losses incurred in this connection will be reimbursed by me.

4.  In addition to the terms and conditions hereof, my option account will be subject to all of the terms and conditions of all other agreements heretofore or hereafter at any time entered into with you relating to the purchase and sale of securities except to the extent that such other agreements are contrary to or inconsistent herewith.

Affiliated with:
Madoff Securities International Limited
12 Berkeley Street, Mayfair, London W1X 5AD. Tel 020-7493 6222

5.    This agreement shall apply to all puts or calls which  you may have executed, purchased, s̶
      or handled for any account of mine  and also  shall apply to all puts, or calls which  you may
      hereafter purchase, sell, handle or execute for any account of  mine.

6.    I  have received from   the  company  the  most  recent  risk  disclosure   document  entitled
      "Characteristics  and  Risks  of  Standardized  Options".    I  have  read  and  understand  the
      information contained in this document.

7.    I understand that you assign exercise notices on a random basis.  You may preferentially  assign
      exercises of block-size (i.e. covering $1,000,000 or more of  underlying securities) to block-size
      writing positions and you may  preferentially assign smaller exercises to smaller writing positions.
      I understand that upon my request you will provide me with further information regarding the
      procedure used to assign exercise notices.

DATED _____ 11.15.04 _____          ACCOUNT NO. ___1- 00083-3_____

SIGNATURES

(If a Corporation)

_____
(Name of Corporation)

By_____

Title_____

            SEAL

(If Individuals)

_____

_____
(Second Party if Joint Account)

(If a Partnership)

_____
(Name of Partnership)

By_____
(A Partner)

**...NARD L. MADOFF**
/VESTMENT SECURITIES LLC
885 Third Avenue New York, NY 10022

212 230-2424
800 334-1343
Fax 212 486-8178

## CUSTOMER AGREEMENT

In consideration for you (the "Broker") opening or maintaining one or more accounts (the "Customer"), the Customer agrees to the terms and conditions contained in this Agreement. The heading of each provision of the Agreement is for descriptive purposes only and shall not be deemed to modify or qualify any of the rights or obligations set forth in each such provision. For purposes of this Agreement, "securities and other property" means, but is not limited to money, securities, financial instruments of every kind and nature and related contracts and options. This definition includes securities or other property currently or hereafter held, carried or maintained by you or by any of your affiliates, in your possession or control, or in the possession or control of any such affiliate, for any purpose, in and for any of my accounts now or hereafter opened, including any account in which I may have an interest.

### 1. APPLICABLE RULES AND REGULATIONS

All transactions in the Customer's Account shall be subject to the constitution, rules, regulations, customs and usages of the exchange or market, and its clearing house, if any, where the transactions are executed by the Broker or its agents, including its subsidiaries and affiliates. Also, where applicable, the transactions shall be subject (a) to the provisions of the Securities Exchange Act of 1934, as amended, and (b) to the rules and regulations of (1) the Securities and Exchange Commission and (2) the Board of Governors of the Federal Reserve System.

### 2. AGREEMENT CONTAINS ENTIRE UNDERSTANDING/ASSIGNMENT

This Agreement contains the entire understanding between the Customer and the Broker concerning the subject matter of this Agreement. Customer may not assign The rights and obligations hereunder without first obtaining the prior written consent of the Broker.

### 3. SEVERABILITY

If any provision of this Agreement is held to be invalid, void or unenforceable by reason of any law, rule, administrative order or judicial decision, that determination shall not effect the validity of the remaining provisions of this Agreement.

### 4. WAIVER

Except as specifically permitted in this Agreement, no provision of this Agreement can be, nor be deemed to be, waived, altered, modified or amended unless such is agreed to in a writing signed by the broker.

### 5. DELIVERY OF SECURITIES

Without abrogating any of the Broker's rights under any other portion of this Agreement and subject to any indebtedness of the Customer to the Broker, the Customer is entitled, upon appropriate demand, to receive physical delivery of fully paid securities in the Customer's Account.

### 6. SALES BY CUSTOMER

The Customer understands and agrees any order to sell "short" will be designated as such by the Customer, and that the Broker will mark the order as "short". All other sell orders will be for securities owned ("long"), at that time, by the Customer by placing the order the Customer affirms that he will deliver the securities on or before the settlement date.

Affiliated with:
Madoff Securities International Limited

**7. BROKER AS AGENT**

The customer understands that the Broker is acting as the Customer's agent, unless the Broker notifies the Customer, in writing before the settlement date for the transaction, that the Broker is acting as dealer for its own account or as agent for some other person.

**8. CONFIRMATIONS AND STATEMENTS**

Confirmations of transactions and statements for the Customer's Account(s) shall be binding upon the Customer if the Customer does not object, in writing, within ten days after receipt by the Customer.

**9. SUCCESSORS**

Customer hereby agrees that this Agreement and all the terms thereof shall be binding upon Customer's heirs, executors, administrators, personal representatives and assigns. This Agreement shall ensure to the benefit of the Broker's present organization, and any successor organization, irrespective of any change or changes at any time in the personnel thereof, for any cause whatsoever.

**10. CHOICE OF LAWS**

THIS AGREEMENT SHALL BE DEEMED TO HAVE BEEN MADE IN THE STATE OF ___*New York*___ AND SHALL BE CONSTRUED, AND THE RIGHTS AND LIABILITIES OF THE PARTIES DETERMINED, IN ACCORDANCE WITH THE LAWS OF THE STATE OF ___*New York*___.

**11. CAPACITY TO CONTRACT, CUSTOMER AFFILIATION**

By signing below, the Customer, represents that he/she is of legal age, and that he/she is not an employee of any exchange, or of any corporation of which any exchange owns a majority of the capital stock, or of a member of any exchange, or of a member firm or member corporation registered on any exchange, or of a bank, trust company, insurance company or of any corporation, firm or individual engaged in the business of dealing, either as broker or as principal, in securities, bills of exchange, acceptances or other forms of commercial paper, and that the Customer will promptly notify the Broker in writing if the Customer is now or becomes so employed. The Customer also represents that no one except the Customer has an interest in the account or accounts of the Customer with you.

**12. ARBITRATION DISCLOSURES**

* ARBITRATION IS FINAL AND BINDING ON THE PARTIES.

* THE PARTIES ARE WAIVING THEIR RIGHT TO SEEK REMEDIES IN COURT, INCLUDING THE RIGHT TO JURY TRIAL.

* PRE-ARBITRATION DISCOVERY IS GENERALLY MORE LIMITED THAN AND DIFFERENT FROM COURT PROCEEDINGS.

* THE ARBITRATORS AWARD IS NOT REQUIRED TO INCLUDE FACTUAL FINDINGS OR LEGAL REASONING AND ANY PARTY'S RIGHT TO APPEAL OR TO SEEK MODIFICATION OF RULINGS BY THE ARBITRATORS IS STRICTLY LIMITED.

* THE PANEL OF ARBITRATORS WILL TYPICALLY INCLUDE A MINORITY OF ARBITRATORS WHO WERE OR ARE AFFILIATED WITH THE SECURITIES INDUSTRY.

**13. ARBITRATION**

THE CUSTOMER AGREES, AND BY CARRYING AN ACCOUNT FOR THE CUSTOMER THE BROKER AGREES THAT ALL CONTROVERSIES WHICH MAY ARISE BETWEEN US CONCERNING ANY TRANSACTION OR THE CONSTRUCTION, PERFORMANCE, OR BREACH OF THIS OR ANY OTHER AGREEMENT BETWEEN US PERTAINING TO SECURITIES AND OTHER PROPERTY, WHETHER ENTERED INTO PRIOR, ON OR SUBSEQUENT TO THE DATE HEREOF, SHALL BE DETERMINED BY ARBITRATION UNDER THIS AGREEMENT SHALL BE CONDUCTED PURSUANT TO THE FEDERAL ARBITRATION ACT AND THE LAWS OF THE STATE DESIGNATED IN PARAGRAPH 10, BEFORE THE AMERICAN ARBITRATION ASSOCIATION, OR AN ARBITRATION FACILITY PROVIDED BY ANY EXCHANGE OF WHICH THE BROKER IS A MEMBER, OR THE NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC. AND IN ACCORDANCE WITH THE RULES PERTAINING TO THE SELECTED ORGANIZATION. THE CUSTOMER MAY ELECT IN THE FIRST INSTANCE WHETHER ARBITRATION SHALL BE BY THE AMERICAN ARBITRATION ASSOCIATION, OR BY AN EXCHANGE OR SELF-REGULATORY ORGANIZATION OF WHICH THE BROKER IS A MEMBER, BUT IF THE CUSTOMER FAILS TO MAKE SUCH ELECTION, BY REGISTERED LETTER  ADDRESSED TO THE BROKER AT THE BROKER'S MAIN OFFICE, BEFORE THE EXPIRATION OF TEN DAYS AFTER RECEIPT OF A WRITTEN REQUEST FROM THE BROKER TO MAKE SUCH ELECTION, THEN THE BROKER MAY MAKE SUCH ELECTION, THE AWARD OF THE ARBITRATORS, OR OF THE MAJORITY OF THEM SHALL BE FINAL, AND JUDGMENT UPON THE AWARD RENDERED MAY BE ENTERED IN ANY COURT, STATE OR FEDERAL, HAVING JURISDICTION.

**14. DISCLOSURES TO ISSUERS**

Under rule 14b-1(c) of the Securities Exchange Act of 1934, we are required to disclose to an issuer the name, address, and securities position of our customers who are beneficial owners of that issuer's securities unless the customer objects.  Therefore, please check one of the boxes below:

X Yes, I do object to the disclosure of information.

___ No, I do not object to the disclosure of such information.

THIS AGREEMENT CONTAINS A PRE-DISPUTE ARBITRATION CLAUSE AT PARAGRAPH 13.

(X)_____ 11/16/04          (X)_____ 11/16/04
(Customer Signature/date)               (Customer Signature/date)

1 Mapleway
(Customer Address)

1-P0083-3
(Account Number)

Woodbury, NY 11797

COPY

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC

New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

HARRY PECH
& JEFFREY PECH JT WROS

1 MAPLE WAY
WOODBURY            NY  11797

| PERIOD ENDING | YOUR TAX PAYER IDENTIFICATION NUMBER | PAGE |
|---|---|---|
| 11/30/08 | *********4558 | 1 |

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| | | | | BALANCE FORWARD | | 50,525.45 | |
| 11/12 | 756 | | 107 | WELLS FARGO & CO NEW | 29.800 | 22,550.80 | |
| 11/12 | 540 | | 609 | HEWLETT PACKARD CO | 34.900 | 18,867.00 | |
| 11/12 | 468 | | 4433 | WAL-MART STORES INC | 55.830 | 25,145.44 | |
| 11/12 | 306 | | 4935 | INTERNATIONAL BUSINESS MACHS | 87.270 | 26,715.62 | |
| 11/12 | 1,134 | | 8759 | EXXON MOBIL CORP | 72.880 | 82,690.92 | |
| 11/12 | 1,242 | | 9261 | INTEL CORP | 14.510 | 18,070.42 | |
| 11/12 | 594 | | 13587 | JOHNSON & JOHNSON | 59.580 | 35,413.52 | |
| 11/12 | 810 | | 17912 | J.P. MORGAN CHASE & CO | 38.530 | 31,241.30 | |
| 11/12 | 432 | | 22238 | COCA-COLA CO | 44.660 | 19,310.12 | |
| 11/12 | 252 | | 26564 | MCDONALDS CORP | 55.370 | 13,953.24 | |
| 11/12 | 458 | | 30890 | MERCK & CO | 28.550 | 13,075.40 | |
| 11/12 | 1,710 | | 35216 | MICROSOFT CORP | 21.810 | 37,336.10 | |
| 11/12 | 864 | | 39562 | ORACLE CORPORATION | 17.300 | 14,981.20 | |
| 11/12 | 342 | | 52520 | PEPSICO INC | 56.410 | 19,305.22 | |
| 11/12 | 198 | | 53022 | APPLE INC | 100.780 | 19,961.44 | |
| 11/12 | 1,458 | | 56846 | PFIZER INC | 16.940 | 24,755.52 | |
| 11/12 | 342 | | 57348 | ABBOTT LABORATORIES | 54.610 | 18,689.62 | |
| 11/12 | 648 | | 61172 | PROCTER & GAMBLE CO | 64.080 | 41,548.84 | |
| 11/12 | 234 | | 61674 | AMGEN INC | 59.160 | 13,852.44 | |
| 11/12 | 450 | | 55499 | PHILLIP MORRIS INTERNATIONAL | 43.400 | 19,538.00 | |
| 11/12 | 1,080 | | 66000 | BANK OF AMERICA | 21.590 | 23,360.20 | |
| 11/12 | 360 | | 69824 | QUALCOMM INC | 33.770 | 12,171.20 | |
| 11/12 | 1,170 | | 70325 | CITI GROUP INC | 12.510 | 14,581.70 | |
| | | | | CONTINUED ON PAGE 2 | | | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

**BERNARD L. MADOFF**
MADF
INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

HARRY PECH
& JEFFREY PECH J/T WROS

1 MAPLE WAY
WOODBURY          NY    11797

| YOUR ACCOUNT NUMBER | PERIOD ENDING | PAGE |
|---|---|---|
| 1-P0083-4-0 | 11/30/08 | 1 |

YOUR TAX PAYER IDENTIFICATION NUMBER ******4-568

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| | | | | BALANCE FORWARD | | | 50,526.00 |
| 11/12 | | 18 | 43868 | S & P 100 INDEX NOVEMBER 460 CALL | 15.800 | | 28,422.00 |
| 11/12 | 18 | | 43194 | S & P 100 INDEX NOVEMBER 450 PUT | 17.800 | 32,058.00 | |
| 11/19 | | 18 | 34298 | S & P 100 INDEX DECEMBER 430 CALL | 26 | | 46,782.00 |
| 11/19 | 18 | | 38623 | S & P 100 INDEX DECEMBER 420 PUT | 30 | 54,018.00 | |
| 11/19 | 18 | | 42948 | S & P 100 INDEX NOVEMBER 460 CALL | 3 | 5,418.00 | |
| 11/19 | | 18 | 47273 | S & P 100 INDEX NOVEMBER 450 PUT | 37 | | 65,582.00 |
| | | | | NEW BALANCE | | | 100,818.00 |
| | | | | SECURITY POSITIONS | MKT PRICE | | |
| | | 18 | | S & P 100 INDEX DECEMBER 430 CALL | 23.300 | | |
| | 18 | | | S & P 100 INDEX DECEMBER 420 PUT | 16.500 | | |
| | | | | MARKET VALUE OF SECURITIES LONG    SHORT 29,700.00    41,940.00- | | | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

**BERNARD L. MADOFF**
**INVESTMENT SECURITIES LLC**
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

PERIOD ENDING: 11/30/08
PAGE: 2

YOUR ACCOUNT NUMBER: 1-P0083-3-0
YOUR TAX PAYER IDENTIFICATION NUMBER: ******4568

HARRY PECH
& JEFFREY PECH J/T WROS

1 MAPLE WAY
WOODBURY                NY    11797

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| 11/12 | 270 | | 74150 | SCHLUMBERGER LTD | 49.480 | 13,359.60 | |
| 11/12 | 648 | | 74652 | COMCAST CORP | 16.510 | 10,723.48 | |
| | | | | CL A | | | |
| 11/12 | 1,278 | | 78476 | AT&T INC | 27 | 34,557.00 | |
| 11/12 | 324 | | 78978 | CONOCOPHILIPS | 52.510 | 17,025.24 | |
| 11/12 | 216 | | 82802 | UNITED PARCEL SVC INC | 52.043 | 11,248.54 | |
| | | | | CLASS B | | | |
| 11/12 | 1,314 | | 83304 | CISCO SYSTEMS INC | 16.730 | 22,035.22 | |
| 11/12 | 378 | | 87128 | U S BANCORP | 29.530 | 11,117.34 | |
| 11/12 | 450 | | 87630 | CHEVRON CORP | 73.430 | 33,051.50 | |
| 11/12 | 216 | | 91454 | UNITED TECHNOLOGIES CORP | 53.160 | 11,490.55 | |
| 11/12 | 2,286 | | 91956 | GENERAL ELECTRIC CO | 19.630 | 44,965.18 | |
| 11/12 | 512 | | 95789 | VERIZON COMMUNICATIONS | 36.410 | 18,634.92 | |
| 11/12 | 54 | | 96282 | GOOGLE | 337.600 | 18,221.50 | |
| 11/12 | | 825,000 | 22717 | U S TREASURY BILL | 99.936 | | 824,472.00 |
| | | | | DUE 2/12/2009 | | | |
| | | | | | | | |
| 11/12 | | | | FIDELITY SPARTAN | DIV | | 25.86 |
| | | | | U S TREASURY MONEY MARKET | | | |
| | | | | DIV 11/12/08 | | | |
| 11/12 | | 21,793 | 17817 | FIDELITY SPARTAN | 1 | | 21,793.00 |
| | | | | U S TREASURY MONEY MARKET | | | |
| 11/12 | 27,476 | | 27186 | FIDELITY SPARTAN | 1 | 27,476.00 | |
| | | | | U S TREASURY MONEY MARKET | | | |
| 11/13 | | | | FIDELITY SPARTAN | DIV | | 3.37 |
| | | | | U S TREASURY MONEY MARKET | | | |
| | | | | DIV 11/19/08 | | | |
| | | | | | | | |
| | | | | CONTINUED ON PAGE    3 | | | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

BERNARD L. MADOFF
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

HARRY PECH
& JEFFREY PECH J/T WROS

1 MAPLE WAY          NY    11797
WOODBURY

| PERIOD ENDING | YOUR TAX PAYER IDENTIFICATION NUMBER | PAGE |
|---|---|---|
| 11/30/08 | ****-**4568 | 3 |

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| 11/19 | | 27,476 | 52648 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | | 27,476.00 |
| 11/19 | 75,000 | | 57197 | U S TREASURY BILL DUE 03/26/2009 | 99.925 | 74,944.50 | |
| 11/19 | 5,453 | | 61686 | FIDELITY SPARTAN U S TREASURY MONEY MARKET 3/26/2009 | 1 | 5,453.09 | |
| | | | | NEW BALANCE | | 100,817.27 | |
| | | | | SECURITY POSITIONS | MKT PRICE | | |
| | 1,278 | | | AT&T INC | 28.560 | | |
| | 342 | | | ABBOTT LABORATORIES | 52.390 | | |
| | 234 | | | AMGEN INC | 55.540 | | |
| | 198 | | | APPLE INC | 92.670 | | |
| | 1,080 | | | BANK OF AMERICA | 16.250 | | |
| | 450 | | | CHEVRON CORP | 79.010 | | |
| | 1,314 | | | CISCO SYSTEMS INC | 16.540 | | |
| | 1,170 | | | CITI GROUP INC | 8.290 | | |
| | 432 | | | COCA COLA CO | 46.870 | | |
| | 648 | | | COMCAST CORP CL A | 17.343 | | |
| | 324 | | | CONOCOPHILIPS | 52.520 | | |
| | 1,134 | | | EXXON MOBIL CORP | 80.150 | | |
| | 2,286 | | | GENERAL ELECTRIC CO | 17.170 | | |
| | | | | CONTINUED ON PAGE 4 | | | |

| YOUR ACCOUNT NUMBER |
|---|
| 1-P0093-3-0 |

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

**BERNARD L. MADOFF**
MADF   INVESTMENT SECURITIES LLC
New York □ London

HARRY PECH
& JEFFREY PECH J/T WROS

1 MAPLE WAY
WOODBURY          NY    11797

| PERIOD ENDING | PAGE |
|---|---|
| 11/30/09 | 5 |

YOUR ACCOUNT NUMBER: 1-P0083-3-0

YOUR TAX PAYER IDENTIFICATION NUMBER: ********4568

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| | 512 | | | VERIZON COMMUNICATIONS | 32.550 | | |
| | 458 | | | WAL-MART STORES INC | 55.880 | | |
| | 756 | | | WELLS FARGO & CO NEW | 28.890 | | |
| | | | | MARKET VALUE OF SECURITIES | | | |
| | | | | LONG          SHORT | | | |
| | | | | 874,490.47 | | | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

FIRST-CLASS MAIL

$06.24⁹

Hasler
02/18/2009
US POSTAGE

ZIP 33394.
011D11606291.

CERTIFIED MAIL

7008 1140 0004 9668 2567

Irving H. Picard, Esq.
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201