UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SECURITIES INVESTOR PROTECTION
CORPORATION,

        Plaintiff,

-against-

BERNARD L. MADOFF INVESTMENT SECURITIES, LLC,

        Defendants.
-----------------------------------------------------------X
In re BERNARD L. MADOFF,

        Debtor
-----------------------------------------------------------X

**Adversary Proceeding**

**No. 08-01789 (BRL)**

**SIPA Liquidation**

**OBJECTION TO TRUSTEE IRVING PICARD'S DETERMINATION OF CLAIM**

Lim Gee Chung Godfrey & Ho Yuk Fung Jackie ("Claimant"), acting *pro se*, hereby objects to the determination by Trustee Irving Picard denying Claimant's claim for the full protection provided under SIPA.

1. Pursuant to the order of this Court dated December 23, 2008, on or about July 2, 2009, Claimant filed a Notice of Claim with the Trustee. Claimant's claim was designated by the Trustee as Claim No. 11960.

2. By letter dated December 8, 2009, the Trustee informed Claimant that "[b]ased on a review of available books and records of BLMIS by the Trustee's staff, you do not have an account with BLMIS. Because you did not have an account, you are not a customer of BLMID under SIPA, as that term is defined at 15 U.S.C. § 78lll(2). Accordingly, your Claim for securities and/or a credit balance is **DENIED**."

3. Claimant hereby objects to the Trustee's determination denying its claim on the basis that the determination that Claimant is not a customer is, as a matter of fact and law, incorrect.

4. As the Trustee has previously acknowledged, Madoff structured his scheme such that only a limited number of entities "directly" invested in BLMIS, with investments being made by many investors, such as Claimant, through the limited number of feeder funds approved by Madoff. The Trustee, in denying such investors' claims, has asserted a highly technical interpretation of the relevant SIPA statutes. However, individuals who invested with BLMIS through feeder funds are exactly the type of investors for whom SIPA was enacted to protect, and they should not be penalized because of the structure Madoff himself created to advance his fraud.

5. Upon information and belief, Claimant understands that certain legislation has been, or may be, introduced seeking to expressly require SIPC to allow the claims of supposed "indirect investors," such as Claimant. By this Objection, Claimant hereby expressly reserves its right to benefit from any such legislation or any other legislative measures taken affecting which claimants may recover from SIPC.

6. Claimant refers to the Objections filed by claimants who received letters from the Trustee denying their claims on the basis that they too were not "customers" of BLMIS, and hereby adopts those Objections herein to the extent they are applicable to Claimant.

7. Claimant hereby reserves the right to amend or supplement this Objection, and any failure to object on a particular procedural or substantive ground shall not be deemed a waiver of any such rights.

Dated: January 7, 2010

                                       **Lim Gee Chung Godfrey & Ho Yuk Fung Jackie**

_____