THOMAS, ALEXANDER & FORRESTER LLP
Emily Alexander, Esq.
14 27th Avenue
Venice, California 90291
Telephone:   (310) 961-2536
Facsimile:   (310) 526-6852
Email: emilyalexander@tafattorneys.com
*Counsel for FutureSelect Prime Advisor II, LLC,*
*Merriwell Fund, L.P., Telesis II, LLC, RCW Group, Inc.,*
*Ronald Ward and Dianne Ward*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Adv. Pro. No. 08-01789 (BRL) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | ) ) ) | SIPA Liquidation |
| Defendant. | ) ) ) | |

## OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM NOS. 015114-015130 OF FUTURESELECT PRIME ADVISOR II, LLC, MERRIWELL FUND, L.P., TELESIS II, LLC, RCW GROUP, INC., RONALD WARD AND DIANNE WARD

FutureSelect Prime Advisor II, LLC, Merriwell Fund, L.P., Telesis II, LLC,

RCW Group, Inc., Ronald Ward and Dianne Ward (collectively, "Claimants"), by their

undersigned counsel, hereby submit this Objection to the Determination of their Claims

and respectfully represent as follows:

## BACKGROUND

1.    The claims at issue in this Objection are:  Claim Nos. 015114, 015115,

015116, 015117, 015118, 015119, 015120, 015121, 015122, 015123, 015124, 015125,

015126, 015127, 015128, 015129, and 015130 (collectively, the "Claims").  By

agreement with counsel for the Trustee, Claimants' time to object to the Claims was

extended to February 8, 2010.

2.    In December 2008, Claimants were invested in certain so-called "feeder

funds" of Bernard L. Madoff Investment Securities LLC ("BLMIS"), specifically,

Tremont Rye Select Broad Market Fund, L.P., Tremont Rye Select Broad Market Prime

Fund, L.P., Tremont Rye Select Broad Market XL Fund, L.P., and Greenwich Sentry

Fund L.P., and the MAXAM Absolute Return Fund (collectively, the "Feeder Funds").

Substantially all the assets of the Feeder Funds were invested in BLMIS, and the

investment strategy of the Feeder Funds were determined and implemented by BLMIS.

3.    On December 11, 2008, the above-captioned liquidation proceeding was

commenced against BLMIS pursuant to the Securities Investor Protection Act of 1970

("SIPA"), 15 U.S.C. §78aaa *et seq.*

4.    On December 15, 2008, jurisdiction of this matter was transferred to the

United States Bankruptcy Court for the Southern District of New York, and Irving

Picard ("Trustee") was designated as the Trustee in charge of the liquidation of the

BLMIS assets and the processing of claims against BLMIS.

5.    On December 23, 2008, this Court issued an Order ("December 2008

Order") directing the Trustee to distribute notice and claim forms to all BLMIS

2

customers. The Order provided filing deadlines for such claimants and directed that the

Trustee "shall notify such claimant by mail of his determination that the claim is

disallowed, in whole or in part, and the reason therefore…"

6.      Pursuant to the Order, Claimants timely filed claims with the Trustee, in

and those claims were designated as Claim Nos. 015114-015130. By "Notice of

Trustee's Determination of Claim," dated December 8, 2009, ("Notice of

Determination" or "Notice"), attached hereto as Exhibit A, the Trustee denied

Claimants' claims. Specifically, in each Notice of Determination, the Trustee states:

> Based on a review of available books and records of BLMIS by the
> Trustee's staff, you did not have an account with BLMIS. Because
> you did not have an account, you are not a customer of BLMIS and
> SIPA as that term is defined at 15 U.S.C. § 78lll(2). Accordingly,
> your Claim for securities and/or a credit balance is **DENIED.**

*See* Exhibit A at 1.

## GROUNDS FOR OBJECTION

7.      The Trustee's Notice of Determination fails to provide a sufficient reason

for denying Claimants' claims, as required by this Court's December 2008 Order. As

noted above, the Trustee's Notice simply states that based on a review of BLMIS'

"available books and records," Claimants do not have an account with BLMIS and are

therefore not a "customer" of BLMIS as defined by SIPA. This abrupt conclusion does

not satisfy this Court's directive in the December 2008 Order that the Trustee notify a

claimant of his "determination that the claim is disallowed, in whole or in part, and the

reason therefore."

3

8.     The Trustee's apparent conclusion that Claimants cannot be "customers" under SIPA because they entrusted their funds with BLMIS through a feeder fund is incorrect.  The plain language of SIPA and the Congressional intent underlying it make clear that indirect investors like Claimants are within the definition of "customers" under SIPA.

9.     Contrary to the Trustee's interpretation, there is nothing in SIPA's definition of "customer" that excludes an investor such as Claimants. SIPA's definition of "customer" is broad, including "any person…who has a claim on account of securities received, acquired or held by the debtor," and "includes any person who has a claim against the debtor arising out of sales or conversions of such securities." 15 U.S.C. § 78lll(2).

10.     At the time of its insolvency, BLMIS had "received, acquired [and] held" Claimants' funds.  Claimants knowingly entrusted their funds in BLMIS through the Feeder Funds, and thus they fall squarely within the definition of "customer" under 15 U.S.C. § 78lll(2). *See In re Brentwood Sec. Inc.*, 925 F.2d 325, 326-27 (9th Cir. 1991) (an investor is a "customer" under SIPA when he has "entrusted cash or securities to a broker-dealer who becomes insolvent"); *see, also, S.E.C. v. Ambassador Church Fin/Dev. Group, Inc.*, 679 F.2d 608, 613-14 (6th Cir. 1982) (entrustment of funds is "key factor" in determining who is a "customer" under SIPA).

11.     There is no substantive difference between investors such as Claimants and an investor who invested funds directly in BLMIS, and nothing in SIPA's statutory language makes such a distinction.  Had Congress intended SIPA to cover only those

4

who invested directly in the SIPA debtor, and exclude investors who knowingly

entrusted their funds with the debtor through an intermediary, surely it would have so

stated. Although Congress did enumerate two specific categories of persons who did

not qualify as "customers" under SIPA, *see* 15 U.S.C. § 78lll(2)(A)-(B), it did not

include indirect investors in either category.

12.     In fact, the Congressional intent underlying SIPA indicates that indirect

investors such as Claimants should be treated as "customers" under 15 U.S.C. 15 U.S.C.

§ 78lll(2). Congress enacted SIPA in order to protect public investors from losses

arising from insolvent brokers and dealers. *See In re Primeline Securities Corp.*, 295

F.3d 1100, 1105 -1106 (10th Cir. 2002). Courts have held that SIPA should be

construed in a manner that affects its remedial purpose. *See, e.g., In re First State

Securities Corp.*, 34 B.R. 492, 496 (Bkrtcy. S.D. Fla. 1983).

13.     Claimants understand that other claimants have also had their claims

denied by the Trustee on the grounds that they were not "customers" of BLMIS as

required by SIPA. To the extent they are relevant, Claimants hereby adopt and

incorporate these similarly situated claimants' grounds for objection.

14.     Claimants do not waive any additional grounds on which they might

object, and expressly reserve the right to object to the Trustee's Notice of Determination

on additional grounds in the future.

15.     Claimants additionally file this objection for the purpose of preserving any

rights that may be recognized by this Court for persons who made indirect investments

in BLMIS through feeder funds.

16.   Claimants respectfully request that any hearing relating to this Opposition

be scheduled at the same time as the hearings for objections by other similarly situated

claimants.


DATED:  February 7, 2010           THOMAS, ALEXANDER &
Los Angeles, California            FORRESTER LLP

                                   _Emily Alexander /RLS_

                                   Emily Alexander
                                   14 27th Avenue
                                   Venice, California 90291
                                   Telephone:  (310) 961-2536
                                   Facsimile:  (310) 526-6852
                                   Email: emilyalexander@tafattorneys.com

                                   Counsel *for FuturePrime Select Advisor II
                                   LLC, Merriwell Fund L.P., Telesis II, LLC,
                                   RCW Group, Inc., Ronald Ward and
                                   Dianne Ward*


6

## CERTIFICATE OF SERVICE

I, Emily Alexander, hereby certify that on the 7th day of February, 2010, I caused

to be served a true and correct copy of the foregoing document entitled OBJECTION

TO TRUSTEE'S DETERMINATION OF CLAIMS NOS. 015114-015130 OF

FUTURESELECT PRIME ADVISOR II, LLC, MERRIWELL FUND, L.P., TELESIS

II, LLC, RCW GROUP, INC., RONALD WARD AND DIANNE WARD, via overnight

courier, on Irving H. Picard, c/o Baker & Hostetler, LLP, 45 Rockefeller Plaza, New

York, New York, 10011.


DATED:  February 7, 2010            THOMAS, ALEXANDER &
Los Angeles, California             FORRESTER LLP

                                    _Emily Alexander / PLG_
                                    Emily Alexander
                                    14 27th Avenue
                                    Venice, California 90291
                                    Telephone:  (310) 961-2536
                                    Facsimile:  (310) 526-6852
                                    Email: emilyalexander@tafattorneys.com

                                    Counsel _for FuturePrime Select Advisor II
                                    LLC, Merriwell Fund L.P., Telesis II, LLC,
                                    RCW Group, Inc., Ronald Ward and
                                    Dianne Ward_

7