# Baker Hostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T  212.589.4200
F  212.589.4201
www.bakerlaw.com

February 09, 2010

David J. Sheehan
direct dial:  212.589.4616
dsheehan@bakerlaw.com

**BY FIRST CLASS MAIL/ELECTRONIC MAIL/FILED ON ECF**

Honorable Burton R. Lifland
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

Re:    *Securities Investor Protection Corporation v. Bernard L. Madoff Investment
Securities LLC,* 08-1789 (BRL) (Substantively Consolidated)

Dear Judge Lifland:

Baker & Hostetler LLP, as counsel to Irving H. Picard ("Trustee"), the Trustee
for the substantively consolidated liquidation proceedings of Bernard L. Madoff
Investment Securities LLC ("BLMIS") and Bernard L. Madoff, and the Securities
Investor Protection Corporation ("SIPC"), jointly write in response to the letter submitted
to your Honor by the law firms of Phillips Nizer LLP and Sonnenschein, Nath &
Rosenthal LLP ("the Phillips Nizer letter"), and the letter submitted in support of the
same by Lax & Neville, LLP, each dated February 3, 2010.

The Phillips Nizer letter sets forth a proposed "resolution" of the net equity
dispute, which was the subject of the hearing before the Court on February 2, 2010.
The Phillips Nizer letter proposes that customer claimants, whether "net winners" *or*
"net losers," be permitted to choose payment of the $500,000 SIPC advance in lieu of
receiving a distribution from the fund of customer property.

By its proposal, Phillips Nizer has essentially conceded the propriety of the
Trustee's and SIPC's position with respect to net equity, recognizing the fundamental
unfairness to permit "net winners" to share in the fund of customer property with those
customers who have not yet been made whole.  Having made this concession, Phillips
Nizer clings to the incorrect notion of the "entirely independent insurance obligation" of
SIPC, failing to recognize that SIPC's obligations to customers are only those
specifically delineated in the SIPA statute.  The SIPA statute permits SIPC to advance
funds to the Trustee in partial satisfaction of allowed net equity claims, but only if
customer property is insufficient to satisfy the customers' claims.  *See* 15 U.S.C. §78fff-
3(a) (within prescribed limits, SIPC advance is the amount by which customer's net

Honorable Burton R. Lifland
February 09, 2010
Page 2

equity exceeds customer's ratable share of customer property).  Only customers who are entitled to share in customer property are eligible for a SIPC advance.  Should the Court rule in favor of the Trustee's position with respect to net equity, it follows that no SIPC advances can be made to claimants who do not have positive net equity, *i.e.*, "net winners" under the parlance of this case.  Thus, the proposed "partial resolution" in the Phillips Nizer letter is nothing more than an attempt to obtain a SIPC advance for claimants who are not otherwise entitled to it under SIPA.

On its face, the relief sought in the Phillips Nizer proposal is directly contradicted by the SIPA statute.  As discussed extensively in the briefs submitted by the Trustee and SIPC, and as alluded to by the undersigned during oral argument on February 2, the payment of the SIPC advance cannot be divorced from the distribution from the fund of customer property.  Under the clear terms of the statute, they are inextricably linked.  Without belaboring the issue, each customer's claim for "net equity," as defined in 15 U.S.C. § 78*lll*(11), is satisfied *pro rata* from customer property.  15 U.S.C. § 78fff-2(c)(1)(B).  If that *pro rata* share does not satisfy a customer's claim, SIPA authorizes SIPC to advance funds to the Trustee of up to $500,000 for each customer.  15 U.S.C. § 78fff-3(a).  Only where a customer has a valid net equity claim, entitling it to share *pro rata* in the fund of customer property, may the Trustee advance the funds from SIPC to the particular customer.  There is no provision for claimants to "choose" the type of payment they are to receive under the statute.  As the proposal runs directly contrary to the statute, it cannot be countenanced as a matter of law.

Having no legal authority to rely upon for its proposal, Phillips Nizer falls back to repeating its mantra that SIPA is insurance, similar to that offered to bank depositors under the Federal Deposit Insurance Act ("FDIA").  Repetition, however, does not turn fiction into fact.  Although courts and Congress have loosely used the word "insurance" when referring to SIPA as a short-hand way to analogize the protection offered thereunder, the statute and the legislative history make clear that SIPA is not "insurance" in the manner Phillips Nizer advocates.  Congress rejected a bill that would have created a federal broker-dealer insurance corporation.  Instead, it enacted SIPA, which "was not intended to create an insurance fund for securities investors."  *In re Stratton Oakmont, Inc.,* 2003 U.S. Dist. LEXIS 20459, at *13 (S.D.N.Y. Nov. 13, 2003).  Accordingly, courts have recognized that "SIPC is not an insurer, nor does it guarantee that customers will recover their investments which may have diminished as a result of, among other things, market fluctuation or fraud."  *SIPC v. Associated Underwriters, Inc.*, 423 F. Supp. 168, 170-71 (D. Utah 1975).  Indeed, the argument that SIPA and the FDIA are *in pari materia* and therefore should be construed in the same way has been expressly rejected by the courts.  *See In re Bell & Beckwith,* 104 B. R. 842, 851 (Bankr. N. D. Ohio 1989), *aff'd.*, 937 F.2d 1104 (6th Cir. 1991).  SIPA itself does not refer to the FDIA.  *Id.* at 851.  As recognized by the Second Circuit, SIPA and the FDIA are "independent statutory schemes, enacted to serve the unique needs of the banking and securities industries, respectively.  The Congress recognized this when it rejected several early versions of the SIPA bill which were patterned on FDIA . . ."  *SIPC v. Morgan Kennedy & Co.*, 533 F.2d 1314, 1318 (2d Cir.), *cert. den.*, 426 U.S. 936 (1976).

Honorable Burton R. Lifland
February 09, 2010
Page 3

        While we have great sympathy for the innocent victims of Madoff's fraud, the statute must be applied as written.  Under the plain terms of the statute, entitlement to a SIPC advance arises only upon the allowance of a valid net equity claim.  There is no way in which the net equity dispute may be partially resolved, as Phillips Nizer advocates, as the two payment mechanisms are entirely dependent upon one another.  Thus, we respectfully submit that Phillips Nizer's proposal must be rejected.

Respectfully submitted,

*/s/ David J. Sheehan*

David J. Sheehan

**Securities Investor Protection Corporation**

*/s/ Josephine Wang*

Josephine Wang

DJS/srb

cc:    Helen Davis Chaitman, Esq. (by email)
       Carole Neville, Esq. (by email)
       Brian Neville, Esq. (by email)
       Barry Lax, Esq. (by email)
       Katharine Gresham, Esq. (by email)