# ALFARO
# ABOGADOS

New York

150 E 58 Street
New York, NY 10155
USA
*Contact: Soledad Matteozzi*
Tel:  (1-212) 698-1147
Fax: (1-212) 698-1144
Email: smatteozzi@alfarolaw.com

February 5, 2010

Clerk of the United States Bankruptcy Court for
The Southern District of New York
One Bowling Green
New York, NY 10004

Irving H. Picard, Trustee
c/o Baker & Hostetler LP
Attn: Claims Department
45 Rockefeller Plaza
New York, NY 10111



**Case No. 08-1789 (BRL)**

## MEMORANDUM IN OPPOSITION OF
## TRUSTEE'S DETERMINATION OF CLAIM NUMBER 011365

1.     I, Soledad Matteozzi, by and on behalf of, Tomas Reinaldo Kuhlcke ("Client"), hereby file this opposition (the "Opposition") to the Trustee's Determination of Claim dated December 8th 2009 (the "Trustee's Determination"), attached as Exhibit A hereto, which time to file a written opposition was extended to February 8, 2010 by the attorney's Trustee by email, attached hereto as Exhibit B, and in which Irving H. Picard (the "Trustee") stated that the claim that the Client submitted on a Customer Claim Form and its Addendum, and additional documentation (the "Claim") for customer treatment of cash and/or securities under Securities Investment Protection Act ("SIPA"), with assigned claim Number **011365**, was DENIED.

2.     The Trustee sent the Client the Trustee's Determination, in which he stated that the Claim is "DENIED because The Client is not a customer of BLMIS under SIPA, since it did not have an account with BLMIS". The Trustee's Determination did not offer any other basis for denying the Claim, nor did it supply any explanation for its assertion that the amounts held on behalf of, and owed to the Client are not customer property under SIPA.

3.     Pursuant to the Trustee's Determination any claimant who is aggrieved by a Trustee's Determination must file a written opposition, setting forth the grounds for its disagreement to have its opposition heard by this Court. In support of the written opposition, the Client respectfully states as follows:

## BASIS FOR OPPOSITION

4.     The Trustee wrongfully denied the Claim. Despite the Trustee's assertion to the contrary, the amounts that the Client claims shall be customer property under SIPA.

5.     The sole basis cited by the Trustee for denying the Claim is that the "cash and/or securities that [The Client] claimed are not customer property pursuant to SIPA, since the Client does not hold an account with BLMIS. The Trustee's Determination, however, does not supply any basis for that assertion.

6.     The Trustee's conclusion that the Client is not a customer of BLMIS and that the assets underlying the claim are not customer property under SIPA are inconsistent with the purpose of the SIPA, and the SIPC, and its goal to protect investors.

7.     As the Client understands the goal of SIPC to be, SIPC is a non government entity that protects customers of failing brokerage houses in an effort to redress their losses and maintain a balance in the financial markets, avoiding a domino collapse of the system. Under the present scenario many Investors such as the client invested in feeder funds created solely for the purpose of funding BLMIS. In fact, the sole activity of these funds in terms of the investment strategy pursued, consisted only and exclusively in transferring the funds to BLMIS. It is then clear that the SIPC

protection should include these Customers, as if they have invested in BLMIS. Otherwise, if all brokers operating under SIPC carry on their funding through feeder funds or other instrumentalities, the whole purpose of SIPC and SIPA will be defeated.

8. The Client invested in Fairfield Senty Limited ("Fairfield") fund created for the sole purpose of feeding funds to BLMIS. The Private Placement Memorandum ("PPM") of the Fairfield fund establishes that Fairfield seeks to obtain capital through the utilization of a "split strike conversion" trading strategy, to which Fairfield allocate its assets. The PPM establishes that the split strike conversion strategy will be implemented by BLMIS, through accounts maintained by Fairfield in BLMIS. The shareholders of Fairfield entrusted their funds to a feeder fund which only purpose was to exclusively invest in BLMIS. Therefore, they were victimized by BLMIS directly, not indirectly, and shall be entitled to the same immediate and equitable relief as other customers that had accounts with BLMIS. Any distinction between investors like the Client and other investors who held accounts at BLMIS is arbitrary and discriminatory.

9. It is evident that Fairfield is not a "direct investor" in BLMIS, but an instrument used to channel very much needed funds in BLMIS. Funds like Fairfield played an important role in the whole scheme, since in agreement with BLMIS captured funds from foreign investors, that otherwise BLMIS were not be able to obtain. This scheme of operations affect the same market that SIPA and the SIPC wants to protect. If funds created for the sole purpose of investing in funds like BLMIS are allowed to act as mere instrumentalities to avoid SIPC protection of the "real customers" in BLMIS, then the same purpose of the SIPC and SIPA regulations will be violated and the same market for which this institutions were created will be left unprotected. Investors in those funds should therefore be protected as they invested directly in BLMIS through one "extended arm".

10. The Client, has suffered the same economic loss as other customers that held accounts with BLMIS having been equally deceived by Bernard Madoff and/or its feeder funds, which only purpose was to invest 100% of its assets in BLMIS. Discriminating against these customers leave them unprotected and will affect their confidence in the US market.

11. Additionally, the Second Circuit has observed, in the legislative history of SIPA the term "investor" is used synonymously with "customer", indicating that, in the eyes of the Congress, the Act would protect capital markets by instilling confidence in security traders. SIPC vs Morgan Kennedy & Co., 533 F.2d 1314, 1317 (2d Cir. 1976). The purpose of SIPA is "protection for investors if the broker-dealer with whom they are doing business encounters financial troubles.

12. In short, the lone reason advanced by the Trustee for denying the Client Claim is without merit. Accordingly, the Trustee's Determination should be overruled, the Claim allowed, and, in connection with the SIPA liquidation of BLMIS, The Client customer property, should be returned.

13. In the event that the Trustee, in response to this written opposition, modifies his reason for denying the Claim, introduces new arguments, or recognizes another customer in similar situation, the Client reserves the right to object to such determination in accordance with the procedures established by the Trustee for claim determinations, or such other procedures as this Court deems appropriate. The Client also reserves the right to further amend or supplement this written opposition and the Claim.

14. Claimant hereby re-asserts an ESTIMATED claim for SIPC protection; and in the liquidation of the business of BLMIS, in the amount of one hundred twelve thousand and twenty three United States Dollars with eighty five ($112,023.85) and additional interests, fees and expenses incurred for the recovery of its claim.

15. Accordingly, the Client objects to the Trustee Determination and requests that this Court (i) afford the Claim customer treatment under SIPA and (ii) grant the Client such other and further relief as this Court may deem just or proper.

## NO PRIOR RELIEF

16. The relief requested by the Client in this written opposition has not been sought previously in this or any other court.

## NOTICES

17.   All communications, notices, inquires related to this filing and to the Client, shall be sent to the attention of:

Tomas Reinaldo Kuhlcke
c/o Soledad Matteozzi
Alfaro-Abogados
150 E 58 Street, Suite 2002
New York, NY 10155
Tel: (212) 698 1147
Fax: (212) 698 1144
Attn: Soledad Matteozzi, Esq.

## RESERVATION OF RIGHTS

18.   The Client reserves all rights with respect to the claims asserted herein. The Client further reserves all rights to file an amended written opposition and/or reply.

Dated: February 5, 2010
    New York, New York

_____
Respectfully submitted
By: Soledad Matteozzi