Marc G. Rosenberg
McLAUGHLIN & STERN, LLP
260 Madison Avenue, 18th Fl.
New York, NY 10016
(212) 448-1100
mrosenberg@mclaughlinstern.com
Attorneys for G. Rendolok LLC

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------

SECURITIES INVESTOR PROTECTION
CORPORATION,

                Plaintiffs

vs.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

              Defendant.
-------------------------------------------------------

Adv. Pro. No. 08-01789 (BRL)

SIPA Liquidation

**OBJECTION TO TRUSTEE'S
DETERMINATION OF
CLAIM**

      G. Rendolok LLC ("G. Rendolok") hereby objects to the Notice of Trustee's Determination of Claim ("Claim No. 011938") dated December 8, 2009 and sent by Irving H. Picard (the "Trustee"), and states as follows:

## BACKGROUND FACTS

      1.    G. Rendolok is an investor in Beacon Associates LLC I/II ("Beacon"). Beacon is an investment fund that operates as a "feeder fund", and was a direct customer of Bernard L. Madoff Investment Securities LLC ("BLMIS"). Beacon's account number at BLMIS is 1B00118.

      2.    On December 11, 2008, the above-captioned liquidation proceeding was commenced against BLMIS, pursuant to the Securities Investor Protection Act ("SIPA")

and later transferred to the United States Bankruptcy Court for the Southern District of New York. Irving Picard was appointed Trustee and charged with overseeing the liquidation of BLMIS and processing customer claims for money pursuant to SIPA.

3.    On December 23, 2008, the Court issued an Order directing the Trustee to disseminate notice and claim forms to BLMIS customers and setting forth claim-filing deadlines. The Order further provided that, to the extent the BLMIS Trustee disagrees with the amount set forth on a customer claim form, that the BLMIS Trustee "shall notify such claimant by mail of his determination that the claim is disallowed, in whole or in part, and the reason therefore . . . ."

4.    G. Rendolok sent a SIPC Customer Claim (the "Customer Claim", annexed hereto as Exhibit "1") to the Trustee, asserting a "protective derivative claim" for securities in the amount of $377,116.00. The loss in Claimant's account equals the amount set forth in the "Estimated Tax Results for the Tax Year Ended December 31, 2008" -- which is annexed to Exhibit 1 -- under Theft Loss Under Section 165(c)(2) divided by .75, which is equal to $377,116.00. G. Rendolok has been advised that Beacon has filed or is filing a Claim Form, and reference is hereby made to Beacon's Claim Form for any additional information that pertains to G. Rendolok's claim.

5.    On December 8, 2009, the Trustee sent G. Rendolok a Notice of Trustee's Determination of Claim (the "Determination Letter", annexed hereto as Exhibit "2") with respect to the Customer Claim. The Trustee stated in the letter that he was making a determination regarding G. Rendolok's claim designated as "Claim No. 011938." The Trustee notified G. Rendolok that its claim had been denied on the following basis:

2

> Based on a review of available books and records of BLMIS by the Trustee's staff, you did not have an account with BLMIS. Because you did not have an account, you are not a customer of BLMIS under SIPA as that term is defined at 15. U.S.C. § 78lll (2). Accordingly, your Claim for securities and/or a credit balance is **DENIED**.

6.     Hence, the Trustee entirely denied G. Rendolok's claim for securities, disregarding the fact that G. Rendolok is a "customer" under SIPA. The Trustee also ignored the fact that G. Rendolok was invested in a "feeder fund" that had an account with BLMIS. Therefore, the Trustee concluded that G. Rendolok was not entitled to an allowed claim in the BLMIS liquidation proceeding.

7.     Requests for extensions to file an objection through March 3, 2010 were granted by the Trustee.

8.     G. Rendolok objects to the Trustee's determination for the reasons set forth herein and for such additional reasons as may be set forth by other objecting investors in similar circumstances as G. Rendolok and for the purpose of preserving any rights which may be recognized for persons who made indirect investments in BLMIS through "feeder funds."

## GROUNDS FOR OBJECTION

9.     The Determination Letter is improper for - amongst others - the following reasons: The Trustee has failed to comply with the Court's December 23, 2008 Order in that he has not set forth the legal and factual basis for the position he has taken. The Trustee has also violated SIPA's mandate to honor the legitimate expectations of a customer. In addition, the Trustee's Determination Letter is improper for the following reasons stated below in detail because it denies that G. Rendolok is a "customer" under SIPA.

**A.**        **The Trustee Failed To Give The Reasons For The Denial of Claim**

10.    The Trustee has set forth no legal basis for disallowing G. Rendolok's Customer Claim in full as filed. Moreover, the Determination Letter (a) does not clearly provide "the reason" for the denial of G. Rendolok's claim, as required by the Court's December 23, 2008 Order, (b) is inadequate to rebut the prima facie validity of G. Rendolok's claim; and (c) violates general principles of applicable law requiring that an objection to a proof of claim set forth, at a minimum, all of the relevant and pertinent facts and legal theories upon which the denial of the claim is based.

**B.**        **G. Rendolok is a "customer" under SIPA**

11.    Apparently the Trustee has taken the position that the fact that G. Rendolok deposited funds with BLMIS indirectly is fatal to G. Rendolok's claim as "customer" under SIPA.   This position is both legally and factually incorrect. Contrary to the "determination" of the Trustee, the Claimant is a "customer" as provided for by the Securities Investor Protection Act.   Clearly, there is no statutory requirement that a "customer" must have an account directly with the debtor.   Whether a claimant is a "customer" does not depend upon whom he or she handed his or her cash or made his or her check payable, or even where the funds were initially deposited. SIPA does not require that G. Rendolok have a direct relationship with BLMIS in order to be considered a "customer".

12.    SIPA protects the assets of investors held by broker-dealers who become insolvent, in order to protect and restore investor confidence in the capital markets. SIPA created the Securities Investor Protection Corporation ("SIPC") to administer SIPA. In a

4

liquidation proceeding, the SIPC fund is available to "customers" if the debtor's general

estate is insufficient to pay "customer claims." According to SIPA, only "customers," a

term of art defined in 15 U.S.C. § 78lll(2), will be protected.

13.    SIPA defines "customers" as follows:

> The term "customer" of a debtor means any person (including any person with whom the debtor deals as principal or agent) who has a claim on account of securities received, acquired, or held by the debtor in the ordinary course of its business as a broker or dealer from or for the securities accounts of such person for safekeeping, with a view to sale, to cover consummated sales, pursuant to purchases, as collateral security, or for purposes of effecting transfer. The term "customer" includes any person who has a claim against the debtor arising out of sales or conversions of such securities, and any person who has deposited cash with the debtor for the purpose of purchasing securities ( . . . ). See 15 U.S.C. §78lll(2).

14.    This definition of "customer" needs to be construed within the context of the

overarching purpose of SIPA.  The primary intent of SIPA has been and continues to be

the restoration of investor confidence.  The fundamental purpose of SIPA was to protect

the public in the event that the entities with whom they dealt went bankrupt or were

otherwise unable to satisfy their customer agreements.  The principal purpose of SIPA is

thus to protect investors against financial losses arising from the insolvency of their

brokers.  Because SIPA is remedial legislation, it should therefore be construed liberally

and broadly in order to effectuate its purpose of providing protection for investors if the

broker-dealer encounters financial troubles.    Any ambiguity in the definition of

"customer," and there is none here, should thus be construed liberally in favor of G.

Rendolok

15.    G. Rendolok contends that it is a "customer" under the definition of

"customer" in SIPA.  Thus, it is entitled to receive the amount of its claim (which is no

greater than) up to the statutory maximum of $500,000 in SIPC insurance, pursuant to 15

U.S.C. § 78lll(2), which explicitly states that "[t]he term "customer" includes . . . any person who has deposited cash with the debtor for the purpose of purchasing securities."

16.    The mere act of entrusting cash to a debtor like BLMIS for the purpose of effecting securities transactions triggers customer status because SIPA does protect claimants who try to attempt to invest through their brokerage firm but are defrauded by dishonest brokers. If a claimant intended to have the brokerage purchase securities on the claimant's behalf and reasonably followed the broker's instructions regarding payment, the claimant is a "customer" under SIPA even if the brokerage or its agents misappropriate the funds.

17.    Although G. Rendolok asserts that it falls within section 78lll(2) under the plain reading of the statute, the Trustee has taken the position that only direct investors with BLMIS are "customers" under SIPA. The reality in this case is, however, that Madoff perpetrated the largest Ponzi scheme in the history of America. "Feeder funds" like Beacon attracted new investors for the disclosed purpose of investing in BLMIS, and there is no substantive difference under SIPA's remedies between those who gave their funds directly BLMIS, and those who, like G. Rendolok, invested in a feeder fund like Beacon, which then invested in BLMIS.

18.    However, there is no statutory mandate pursuant to which the funds or securities received by BLMIS must have been received "directly" from the customer. Had this been a requirement, SIPA would contain a respective provision, which it does not.

19.    Whether a SIPA claimant is a "customer" under SIPA should thus not depend upon whom a customer handed its money to, or even where the funds were initially

deposited. The issue should instead depend upon whether there was actual receipt, acquisition or possession of the property of a claimant by the brokerage firm under liquidation. Here, G. Rendolok can show that there was actual receipt, acquisition or possession of its property by BLMIS.

20. Moreover, the Trustee's Determination Letter does not even deny or dispute the fact that BLMIS actually received and acquired control over G. Rendolok's property. It cannot be disputed that BLMIS acquired control of G. Rendolok's property through Beacon, which was a "feeder fund," and subsequently converted G. Rendolok's property. Thus, irrespective of the fact that G. Rendolok did not have a direct account with BLMIS, G. Rendolok is a "customer" under the definition of the term under SIPA.

21. The securities market has evolved and changed a lot in the last years and many securities transactions are nowadays held via mere book-entries. The fact that there is no direct statement from BLMIS to G. Rendolok is of no significance under SIPA. The purpose of SIPA is violated by denying relief to those investors who indirectly invested with BLMIS. Such indirect investors trusted the market and BLMIS, just as direct investors did. G. Rendolok has suffered financial losses that are no less real merely because G. Rendolok did not directly send its property to BLMIS, but indirectly through Beacon. As such, G. Rendolok should be determined to be a BLMIS customer and entitled to payment from the SIPC fund.

**C.      The Trustee Is Ignoring the Debtor's books and records**

22. The Determination Letter fails to comply with this Court's December 23, 2008 Order, which directs the Trustee to satisfy customer claims and deliver securities in

accordance "with the Debtor's books and records," or which "are otherwise established to the satisfaction of the Trustee." G. Rendolok's claim included proper documentation of the amount owed to G. Rendolok. Included with G. Rendolok's Customer Claim were two documents prepared by Beacon: a "Statement of Capital Account (Unaudited)," dated February 3, 2009, and the "Estimated Tax Results for the Tax Year Ended December 31, 2008", dated April 2, 2009.

23.    According to these documents, the loss in G. Rendolok's account equals the amount set forth in the Estimated Tax Results for the Tax Year Ended December 31, 2008, under Theft Loss Under Section 165(c)(2) divided by .75, which is equal to $377,116.00. These documents are the best evidence of the amount owed and should therefore establish this amount to the satisfaction of the Trustee. Accordingly, the claim should be allowed in the full amount.

**D.**                    **G. Rendolok Is Entitled To Interest**

24.    G. Rendolok is entitled to recover interest on such funds deposited with BLMIS. Such interest is required as a matter of New York State law. Moreover, since BLMIS converted G. Rendolok's funds, G. Rendolok is also entitled to prejudgement interest. The Determination Letter, however, does not mention any entitlement to any interest at all.

**E.**                    **Further Objections**

25.    G. Rendolok adopts and incorporates herein, to the extent applicable, all of the objections filed by those others similarly situated regarding the Trustee's determination letters.

## CONCLUSIONS

26.    The Trustee's determination amounts to an improper denial of a claim that has prima facie validity.  The Trustee has offered no sufficient factual or legal basis for his determination to deny G. Rendolok's status as a "customer" under SIPA and for his determination to deny G. Rendolok's claim.  The Trustee's Determination Letter should be stricken, or alternatively, the Trustee should describe his position in detail including all relevant facts, legal theories, and authorities.

27.    For the foregoing reasons, the Court should overrule the Trustee's determination, and the Court should find that G. Rendolok is a "customer" under SIPA, entitled to up to $500,000.00 in SIPC funds.

28.    For the reasons set forth above and more fully in the objections filed in this proceeding by those similarly situated to G. Rendolok, G. Rendolok is entitled to (i) have its claim recognized in the amount of $377,116.00 and (ii) such other and further relief as is just, equitable and proper.

29.    G. Rendolok is thus entitled to an order compelling the Trustee and SIPC to immediately satisfy G. Rendolok's Customer Claim in the amount of $377,116.00 plus interest from the date of the claim.

30.    In the event that the Court does not allow G. Rendolok's claim as a "customer" claim, it should nevertheless allow G. Rendolok's claim as a general unsecured creditor claim.

## RESERVATION OF RIGHTS

31.    G. Rendolok hereby reserves all rights with respect to its Claim and further reserves all rights to revise, amend or supplement this Objection or file a reply to any

response to this Objection that is filed.  Moreover, any failure to object on a particular ground or grounds shall not be construed as a waiver of G. Rendolok's right to object on any additional grounds.

32.    The execution and filing of this objection is not and shall not be deemed a waiver or release of G. Rendolok's rights against any entity or person liable for all or any part of the claim asserted herein, or an election of remedies which waives or otherwise affects any other remedy.

33.    G. Rendolok also reserves all objections as to the competence, relevance, materiality, privilege, or admissibility of evidence in any subsequent proceeding or trial of this or any other action for any purpose whatsoever.

34.    G. Rendolok incorporates by reference all reservations of rights set forth in G. Rendolok's Customer Claim and any supplements thereto.

February 5, 2010

Respectfully submitted,

McLAUGHLIN & STERN

By _____

Marc G. Rosenberg

260 Madison Avenue, 18th Fl.
New York, NY 10103-0084
(212) 841-1320
Attorneys for G. Rendolok LLC

# EXHIBIT 1

## CUSTOMER CLAIM

Claim Number_____

Date Received_____

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

**DECEMBER 11, 2008**

(Please print or type)

Name of Customer: _____ G. Rendolok LLC _____

Mailing Address: _____ 164 Hook Road _____

City: __Bedford_____ State: _NY_____ Zip: _10506_____

Account No.: ____ see item 2 in Exhibit A _____

Taxpayer I.D. Number (Social Security No.): ___26–3349008_____

NOTE:    BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY
THE ACCOMPANYING INSTRUCTION SHEET.  A SEPARATE CLAIM FORM
SHOULD BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL
PROTECTION AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE
RECEIVED·BY THE TRUSTEE ON OR BEFORE March 4, 2009.   CLAIMS
RECEIVED AFTER THAT DATE, BUT ON OR BEFORE July 2, 2009, WILL BE
SUBJECT TO DELAYED PROCESSING AND TO BEING SATISFIED ON TERMS
LESS FAVORABLE TO THE CLAIMANT.  PLEASE SEND YOUR CLAIM FORM BY
CERTIFIED MAIL - RETURN RECEIPT REQUESTED.

*********************************************************************

1.    Claim for money balances as of **December 11, 2008**:

    a.    The Broker owes me a Credit (Cr.) Balance of     $_0_____

    b.    I owe the Broker a Debit (Dr.) Balance of     $_0_____

    c.    If you wish to repay the Debit Balance,

        please insert the amount you wish to repay and

        attach a check payable to "Irving H. Picard, Esq.,

        Trustee for Bernard L. Madoff Investment Securities LLC."

        If you wish to make a payment, **it must be enclosed**

        with this claim form.     $_n/a_____

    d.    If balance is zero, insert "None."     _____**None**_____

502180406                                1

2.      Claim for securities as of **December 11, 2008**:

**PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.**

|  | YES | NO |
|---|---|---|
| a.    The Broker owes me securities | x | |
| b.    I owe the Broker securities | | x |

c.      If yes to either, please list below:

| Date of Transaction (trade date) | Name of Security | The Broker Owes Me (Long) | I Owe the Broker (Short) |
|---|---|---|---|
| | | Number of Shares or Face Amount of Bonds | |
| See calculation in item 12 on Exhibit A – $377, 116 | | | |

**Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclose, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation. You should also provide all documentation or information regarding any withdrawals you have ever made or payments received from the Debtor.**

See Exhibit A and documents submitted herewith.

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement.  If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.

**PLEASE CHECK THE APPROPRIATE ANSWER FOR ITEMS 3 THROUGH 9.**

502180406                                    2

**NOTE:**   IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION ON A SIGNED ATTACHMENT.  IF SUFFICIENT DETAILS ARE NOT PROVIDED, THIS CLAIM FORM WILL BE RETURNED FOR YOUR COMPLETION.

|   |   | YES | NO |
|---|---|---|---|
| 3. | Has there been any change in your account since December 11, 2008?  If so, please explain. | | x |
| 4. | Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of the broker? | | x |
| 5. | Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or policies of the broker? | | x |
| 6. | Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in any way with the broker?  If so, give name(s) | | x |
| 7. | Is this claim being filed by or on behalf of a broker or dealer or a bank?  If so, provide documentation with respect to each public customer on whose behalf you are claiming. | | x |
| 8. | Have you ever given any discretionary authority to any person to execute securities transactions with or through the broker on your behalf?  Give names, addresses and phone numbers. | | x |

See item 13 on Exhibit A
annexed hereto.

9.   Have you or any member of your family ever filed a claim under the Securities Investor Protection Act of 1970?  if so, give name of that broker.        _____    _____

Please list the full name and address of anyone assisting you in the preparation of this claim form:   McLaughlin & Stern, LLP
260 Madison Avenue, New York, New York 10016

502180406

3

If you cannot compute the amount of your claim, you may file an estimated claim. In that case, please indicate your claim is an estimated claim.

**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM. CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.**

**THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY INFORMATION AND BELIEF.**

G. Rendolok LLC

Date 6/18/09          Signature _____ Manager

Date 6/18/09          Signature _____ Manager

(If ownership of the account is shared, all must sign above. Give each owner's name, address, phone number, and extent of ownership on a signed separate sheet. If other than a personal account, *e.g.*, corporate, trustee, custodian, etc., also state your capacity and authority. Please supply the trust agreement or other proof of authority.)

**This customer claim form must be completed and mailed promptly, together with supporting documentation, etc. to:**

Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

Customer Claim-G. Rendolok LLC

## EXHIBIT A

1. This Claim Form, exhibits, and supporting documentation (collectively "Claim Form") is submitted pursuant to the December 23, 2008 Order of the Honorable Burton R. Lifland and the instructions disseminated by Irving H. Picard, Trustee for Bernard L. Madoff Investment Securities LLC ("Trustee"), on December 11, 2008.

2. This claim is a protective derivative claim. The Claimant is an investor in Beacon Associates LLC I/II ("Beacon"), which is a "feeder fund". Beacon's account number is 1B00118. The Claimant has been advised that Beacon has filed or is filing a Claim Form and reference is hereby made to such claim form for any additional information.

3. The information provided in the Claim Form is based on information provided to the Claimant by Beacon and additional information known by the Claimant as of the date of the submission of the Claim Form. The Claimant reserves the right to amend and/or supplement this Claim Form upon the receipt of further information, or upon request by the Trustee for additional information.

4. The Claimant reserves the right to amend the Claim Form in the event of any recoveries by the Trustee or any other party under the avoidance powers of the Bankruptcy Code or otherwise, or in the event of rejections of executory contracts pursuant to the Bankruptcy Code.

5. This Claim Form is required to be submitted pursuant to the Court's January 2, 2009 Order and the Trustee's instructions to the Claimant. To the extent permitted by applicable Law, the Claimant does not, by submitting the Claim Form, consent to the jurisdiction of the Bankruptcy Court nor does Claimant waive any right to trial by jury.

6. The Claimant reserves all rights, claims, and/or defenses as to and/or against any and all parties potentially liable for the losses sustained by the Claimant, including, without limitation, Bernard L. Madoff Investment Securities LLC and its owners, partners, employees, and affiliates, as well as any potentially liable third parties including, without limitation, investment advisors, "feeder funds," accountants, and auditors.

7. The Claimant further reserves all rights, claims, and/or defenses as to and/or against any persons and/or creditors asserting claims against Bernard L. Madoff Investment Securities LLC, its employees, owners, and/or affiliates, in bankruptcy or otherwise.

8. The Claimant reserves all objections as to the competence, relevance, materiality, privilege, or admissibility of evidence in any subsequent proceeding or trial of this or any other action for any purpose whatsoever, notwithstanding the submission of any such information to the Trustee.

Customer Claim-G. Rendolok LLC

9. To the extent the Claimant has disclosed to the Trustee documents containing accounting and/or legal advice, the Claimant does not waive any potential privileges applicable thereto.

10. The Claimant reserves all rights with respect to submitting information to the Internal Revenue Service regarding gains, losses, and/or theft of assets.

11. The Claim Form and supporting documents contain confidential information. The Claimant submits this information to the Trustee subject to the condition that this information will not to be disclosed to any third parties, other than under seal to the Court, absent the Claimant's express consent or Court order.

12. The loss in Claimant's account equals the amount set forth in the Estimated Tax Results for the Tax Year Ended December 31, 2008, which is annexed hereto under Theft Loss Under Section 165(c)(2) divided by .75, which is equal to $377,116.

13. The following claims are being filed by parties related to the Claimant:

    (1)    Customer claim by Howard Kaye in connection with a direct investment in Bernard L. Madoff Investment Securities, LLC.

    (2)    Customer claim by S. Rendolok, LLC in connection with an investment in Beacon Associates I/II, LLC. Howard Kaye and Ellyn Kaye, his wife, are the managers of such limited liability company and are the co-trustees of the Susan Kaye Irrevocable Trust dated February 3, 1988, which is the sole member of such limited liability company.

    (3)    Customer claim by W. Rendolok, LLC in connection with an investment in Beacon Associates I/II, LLC. Howard Kaye and Ellyn Kaye, his wife, are the managers of such limited liability company and are the co-trustees of the Wendy Kaye Irrevocable Trust dated May 18, 1988, which is the sole member of such limited liability company.

    (4)    Customer claim by Kaye Associates, L.P. in connection with an investment in Beacon Associates I/II, LLC Howard Kaye is the general partner of such limited partnership.

    (5)    Customer claim by Howard Kaye, IRA in connection with an investment in Andover Associates LP I

14. The Claimant submits herewith documents in support of the Claimant's claim. The Claimant reserves any arguments that such documents are not relevant to the Trustee's

Customer Claim-G. Rendolok LLC

inquiry. The Claimant further reserves the right to supplement this submission, including the submission of additional documents, if deemed necessary. Below is a list of the documents submitted herewith:

Statement of Capital Account (Unaudited)
Estimated Tax Results for the Tax Year Ended December 31, 2008



# BEACON ASSOCIATES LLC I
## STATEMENT OF CAPITAL ACCOUNT
### (UNAUDITED)

2/3/2009

**TO:  G. Rendolok, LLC**

The following is a summary of your capital account
in Beacon Associates for the period ended
January 1, 2009

| | |
|---|---|
| Value of Your Capital Account on October 1, 2008 | $541,658.62 |
| Capital Contributions (Withdrawals) During the three month period ended December 31, 2008 | $0.00 |
| Net Income (loss) for the three month period ended December 31, 2008 | ($397,635.10) |
| Value of your Capital Account as of December 31, 2008 | $144,023.52  * |
| Capital Contributions (Withdrawals) as of January 1, 2009 | $0.00 |
| Value of your Capital Account as of January 1, 2009 | $144,023.52  * |

* This capital account statement is an estimate based upon currently available
information.  For the purposes of this statement, the Fund's investment with Bernard L.
Madoff Investment Securities LLC has been valued at zero.  This capital account  may
be adjusted based on a number of variables including, but not limited to, the
establishment of any appropriate reserves.

BEACON ASSOCIATES LLC I

The Fund's net asset value ("NAV") calculation is determined on the basis of market values of the Fund's investments in investment funds/accounts, based solely upon values as reported by (or on behalf of) such funds/accounts without further investigation. The assets of Bernard L. Madoff Investments or any affiliate (collectively, "Madoff") have been valued at zero (for the purpose of determining the Fund's NAV as of December 31, 2008) based solely on determinations made by Beacon Associates LLC I ("Beacon Associates I") in consultation with its auditors. The valuation of Madoff at zero may be materially incorrect and may be subject to change over time. Pursuant to an agreement between Ivy Asset Management LLC ("Ivy") and Beacon Associates I, Ivy is not responsible for, does not inquire into, and does not make any representations with respect to, the accuracy of any valuations received by Ivy, including Beacon Associates I's valuation of Madoff.

00433160.

Beacon Associates LLC I
EIN 06-1588611
123 Main Street
White Plains, NY 10601

Estimated Tax Results for Tax Year Ended December 31, 2008
Prepared on April 2, 2009

Partner Name: G. Rendolok, LLC
Partner Tax ID#:     26-3349008
Estimated 2008 Economic Income (Loss): $ (21,285)

The following tax estimates are being provided to assist you in calculating your tax liability for the tax year
ended December 31, 2008.

**The following amounts are only estimates and may change significantly upon preparation of your actual
Schedule K-1.**

If you have any questions about these tax estimates please contact us.

**The following amounts represent your estimated share of the Fund's results:**

| | |
|---|---|
| Box 1 - Ordinary Business Income (Loss) | 1,311 |
| Box 5 - Interest Income | 1,479 |
| Box 6a - Ordinary Dividends | 320 |
| Box 6b - Qualified Dividends | 173 |
| Box 8 - Net Short Term Capital Gain (Loss) | (6,787) |
| Box 9a - Net Long Term Capital Gain (Loss) | (1,714) |
| Box 11C - Section 1256 Contracts & Straddles | (6,420) |
| Box 11F - Ordinary Dividends | 827 |
| Box 11F - Qualified Dividends | 823 |
| Box 11F - Net Long Term Capital Gain (Loss) | 24,084 |
| Box 11F - Net Short Term Capital Gain (Loss) | (12,911) |
| Box 11F - Section 988 Income (Loss) | 563 |
| Box 11F - Other Ordinary Income (Loss) | (195) |
| Box 11F - Other Portfolio Income (Loss) | 269 |
| Box 13K - Portfolio Deductions (2% Floor) | (1,918) |
| Box 13W - Theft Loss Under Section 165(c)(2) | (282,837) |
| Box 13W - Other Deductions | (30) |
| Box 13 H - Investment Interest Expense | (412) |
| Box 20V - UBTI from Long Term Capital Gain (Loss) | 6,292 |
| Box 20V - UBTI from Short Term Capital Gain (Loss) | (6,087) |
| Box 20V - UBTI from Ordinary Business Income (Loss) | 287 |

1

Beacon Associates LLC I
EIN 06-1588611
123 Main Street
White Plains, NY 10601

**Notes:**

1. These tax estimates reflect both actual and estimated tax results received to date from 6 out of 12 underlying investments of the Fund. No tax information has been provided to the Fund to date from the remaining 6 underlying investments. **As such, the final tax results may vary significantly from the tax estimates included above.**

2. Our conclusions are based on the facts and assumptions as stated and on authorities that are subject to change. To ensure compliance with requirements imposed by the IRS in Circular 230, any tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

3. The **ESTIMATED THEFT LOSS** included above (Box 13W – Theft Loss Under Section 165 (c)(2)) is based on your allocable share of the Fund's investment with Bernard L. Madoff Securities.  Under IRS Revenue Procedure 2009-20 the Fund is considered to be a Qualified Investor with respect to the Bernard L. Madoff fraud, and as such will be making an election to follow the safe harbor provisions contained in the Revenue Procedure. Under these safe harbor provisions, the Fund must agree to not amend prior year tax returns to remove income previously reported by Bernard L. Madoff Securities. Additionally, to preserve its ability to pursue third party recoveries related to this fraud, the Fund will be electing, under the safe harbor provisions, to deduct 75% of the estimated theft loss in 2008. Depending on the amounts of future recoveries, the Fund may report additional theft loss deductions or income to investors in future years.

2

# EXHIBIT 2

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

### DECEMBER 11, 2008[1]


### NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

December 8, 2009

G. RENDOLOK LLC
164 HOOK ROAD
BEDFORD, NY  10506


Dear G. RENDOLOK LLC:

### PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim designated as Claim No. 011938:

Based on a review of available books and records of BLMIS by the Trustee's staff, you did not have an account with BLMIS. Because you did not have an account, you are not a customer of BLMIS under SIPA as that term is defined at 15 U.S.C. § 78*lll* (2). Accordingly, your Claim for securities and/or a credit balance is **DENIED**.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after December 8, 2009, the date on which the Trustee mailed this notice.

------------------------------

[1] Section 78*lll*(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78*lll*(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York 10004


and


Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
Attn: Claims Department
45 Rockefeller Plaza
New York, New York 10111

**Irving H. Picard**

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

cc:  MCLAUGHLIN & STERN, LLP
260 MADISON AVE
NEW YORK, NY  10016