Marc G. Rosenberg
McLAUGHLIN & STERN, LLP
260 Madison Avenue, 18th Fl.
New York, NY 10016
(212) 448-1100
mrosenberg@mclaughlinstern.com
Attorneys for Howard Kaye

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------
SECURITIES INVESTOR PROTECTION
CORPORATION,

                Plaintiffs

vs.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

                Defendant.
------------------------------------------------------------

Adv. Pro. No. 08-01789 (BRL)

SIPA Liquidation

**OBJECTION TO TRUSTEE'S
DETERMINATION OF
CLAIM**

Howard Kaye ("Kaye") hereby objects to the Notice of Trustee's Determination of

Claim ("Claim Number 012036") dated October 19, 2009 and sent by Irving H. Picard

(the "Trustee"), and states as follows:

## BACKGROUND FACTS

1.    In or about 1995 Kaye opened two accounts with Bernard L. Madoff

Investment Securities LLC ("BLMIS"), Account No. 1-K-0087-3-0 and Account No. 1-

K-0087-4-0 (together the "Account").

2.    According to the Trustee, Kaye deposited a total of $3,700,000.00 into the

Account during the period from January 27, 1995 through December 7, 2004, and

withdrew a total of $4,385,256.74 from the Account during the period from October 19,

1997 through October 6, 2008.

3.    Pursuant to the November 30, 2008 account statements sent by BLMIS to Kaye (the "BLMIS Statements"), the market value of securities is long $3,114,453.14 for account No. 1-K-0087-3-0: and the market value of securities is long $108,900.00 and short $153,700.00 for account No. 1-K-0087-4-0, respectively.

4.    Throughout the period of the Account's existence, Kaye paid taxes annually on the appreciation in the Account based upon the BLMIS Statements he received from BLMIS.

5.    On December 11, 2008, the above-captioned liquidation proceeding was commenced against BLMIS, pursuant to the Securities Investor Protection Act ("SIPA") and later transferred to the United States Bankruptcy Court for the Southern District of New York.    Irving Picard was appointed Trustee and charged with overseeing the liquidation of BLMIS and processing customer claims for money pursuant to SIPA.

6.    On December 23, 2008, the Court issued an Order directing the Trustee to disseminate notice and claim forms to BLMIS customers and setting forth claim-filing deadlines.    The Order further provided that, to the extent the BLMIS Trustee disagrees with the amount set forth on a customer claim form, that the BLMIS Trustee "shall notify such claimant by mail of his determination that the claim is disallowed, in whole or in part, and the reason therefore . . . ."

7.    Kaye sent a SIPC Customer Claim (the "Customer Claim", annexed hereto as Exhibit "1") to the Trustee for the Account, asserting a claim for securities in the amount of long $3,114,453.14 plus long $108,900.00 and short $153,700.00, as stated in the November 30, 2008 BLMIS Statements sent by BLMIS.

8.    On October 19, 2009, the Trustee sent Kaye a Notice of Trustee's Determination of Claim (the "Determination Letter", annexed hereto as Exhibit "2") with respect to the Account.  The Trustee stated in the letter that he was determining the claim on "BLMIS Account No 1K0087", designated as "Claim Number 012036," without differentiating between the two underlying accounts.  The Trustee entirely denied the claim for securities that was based upon the November 30, 2008 BLMIS Statements and claimed that Kaye withdrew $685,256.74 more from the Account than was deposited. Therefore, the Trustee concluded that Kaye did not have a "positive 'net equity'" in his Account and was thus not entitled to an allowed claim in the BLMIS liquidation proceeding.  Moreover, the Trustee ignored all appreciation in the Account from its inception over a period of 14 years.

9.    Requests for extensions to file an objection through February 17, 2010 were granted by the Trustee.

## GROUNDS FOR OBJECTION

10.    The Determination Letter is improper for - amongst others - the following reasons: The Trustee has failed to comply with the Court's December 23, 2008 Order in that he has not set forth the legal and factual basis for the position he has taken.  The Trustee has also violated SIPA's mandate to honor the legitimate expectations of a customer.  Moreover, the Trustee has invented his own definition of "net equity" solely in order to save SIPC money, at the expense of the customers.  The Trustee has also ignored the customers' entitlement to (prejudgment) interest and a reasonable return on their investment. In addition, the Trustee's Determination Letter is improper for the following reasons stated below in detail:

**A.**            **The Trustee Failed To Give The Reasons For The Denial of Claim**

11.   The Trustee has set forth no legal basis for disallowing Kaye's Customer Claim in full as filed.  The only explanations set forth in the Determination Letter are that (1) "[n]o securities were ever purchased for your account," and (2) that "because you have withdrawn more than was deposited into your account, you do not have a positive 'net equity' in your account and you are not entitled to an allowed claim in the BLMIS liquidation proceeding."  Neither of these purported grounds for denial have any statutory or other legal basis.

12.   Moreover, the Determination Letter (a) does not clearly provide "the reason" for the denial of Kaye's claim, as required by the Court's December 23, 2008 Order, (b) is inadequate to rebut the prima facie validity of Kaye's claim; and (c) violates general principles of applicable law requiring that an objection to a proof of claim set forth, at a minimum, all of the relevant and pertinent facts and legal theories upon which the denial of the claim is based.

**B.**            **The Trustee Is Ignoring the Debtor's books and records**

13.   The Determination Letter fails to comply with this Court's December 23, 2008 Order, which directs the Trustee to satisfy customer claims and deliver securities in accordance "with the Debtor's books and records."  Included with Kaye's Customer Claim were his final BLMIS Statements, showing a balance of securities in the amount of long $3,114,453.14 plus long $108,900.00 and short $153,700.00.  The final BLMIS Statements are the best evidence of the amount owed based on the Debtor's books and records, and they are reflective of "the Debtor's books and records" by which the Trustee

is bound, absent proof that Kaye did not have a "legitimate expectation" that the balance on the Account statements represented his property. Accordingly, the claim should be allowed in the full amount.

**C.        The Trustee's method of calculating "net equity" is without merit**

14.    The Trustee miscalculated the value of the Claim because he erroneously applied a "cash in/cash out" approach to calculating Kaye's "net equity" under SIPA.

15.    Kaye deposited funds in his Account at BLMIS with the expectation that the amount of these funds would grow, his account statements showed such growth, and the balance on his final BLMIS Statement reflects the benefit of this bargain. Moreover, SIPC is bound to honor a customer's "legitimate expectations."

16.    In contrast, the Trustee's formula for calculating the "net equity" is an improper and wholly inadequate measure of loss. In derogation of his obligations to carry out the provisions of SIPA, the Trustee has created his own definition of "net equity." The Trustee has asserted that he has a right to recognize investors' claims only for the amount of their net investment, disregarding all income and/or appreciation in their accounts. The Trustee's position that Kaye's claim should be denied because Kaye does not have "net equity" in his Account is therefore nothing but baseless.

17.    Kaye adopts and incorporates all of the objections previously filed by Investors similarly situated regarding the Trustee's position as to the method for calculation of "net equity", as if fully stated herein.

18.        The propriety of the Trustee's approach is currently the subject of ongoing briefing before this Court, and Kaye respectfully requests and understands that he will

receive the full benefit of any favorable court decision on the issue without further elaboration of its position at this time.

**D.**                           **Kaye Is Entitled To Interest**

19.   Kaye is entitled to recover interest on such funds deposited with BLMIS. Such interest is required as a matter of State law.  Moreover, since BLMIS converted Kaye's funds, Kaye is also entitled to prejudgement interest.  The Determination Letter, however, does not mention any entitlement to any interest at all.

**E.**          **Trustee Fails To Prove That All Gains Reported Are Fictitious**

20.   The Trustee alleges in the Determination Letter that no securities were ever purchased by BLMIS. Hence, the Trustee maintains that "[a]ny and all profits reported to [Kaye] by BLMIS on account statements were fictitious."   However, the Trustee's Determination Letter simply assumes that BLMIS never earned funds and that therefore all gains reported to customers were "fictitious." But this assumption is contrary to fact.

21.   There is significant evidence that, at some time, BLMIS was at least in part a legitimate business and therefore all or a portion of the gains were not fictitious. Moreover, the Trustee bears the burden to show that BLMIS never earned any amounts to support customer gains and, if at some point it did earn funds, the dates when it ceased to do so.  The Trustee is required to state and prove when the Ponzi scheme began.

22.   Hence, the Trustee cannot prove that BLMIS earned no money on Kaye's investment.  Moreover, to the extent the funds were deposited into a bank, they earned interest while on deposit. BLMIS disbursed customer funds to favored customers, to

family members, and for other purposes. Those funds may have yielded substantial profits to which Kaye and other customers are entitled once the ultimate recipients of BLMIS's thievery are known.

**F.     The Trustee Failed To Adjust Kaye's Claim To The Taxes Kaye Paid**

23.    Kaye's customer claim should be adjusted by adding all amounts he actually paid as income taxes on allegedly fictitious gains to equalize his treatment with that of other customers.

**G.                              Trustee Has No Power To Claw Back**

24.    The Trustee has no power to claw back from investors who, like Kaye, had a legitimate expectation that their statements were accurate and who, like Kaye, paid taxes annually on the earnings reflected on their account statements. The funds he withdrew were in the Account that belonged to him.

**H.     The Trustee Failed To Furnish Records To Support His Calculations**

25.    The Determination Letter purports to calculate the "net equity" based on Kaye's deposit transactions and withdrawal transactions, but does not furnish the actual records for those transactions. Many of the withdrawal transactions listed in the Determination Letter allegedly occurred several years ago.

26.    It is unreasonable to anticipate that customers like Kaye would maintain records of accounts for long periods of time given (a) general limitations on record retention requirements under tax law and other applicable rules governing record

retention; (b) the apparent safety and solvency of BLMIS; and (c) the fact that historical records such as those in question are usually available from financial institutions, including broker-dealers, upon request.

27.    Therefore, due process demands that the Trustee prove that the alleged withdrawal transactions occurred by furnishing the appropriate records to Kaye and, absent such records, such withdrawal transactions should be deleted from the calculation of Kaye's "net equity."    Likewise, the Trustee should be required to prove that the deposit transactions are completely listed by furnishing the appropriate records to Kaye.

## I.                          Further Objections

28.    Finally, Kaye also adopts and incorporates herein, to the extent applicable, all of the objections filed by those others similarly situated regarding the Trustee's determination letters.

## CONCLUSIONS

29.    The Trustee's determination amounts to an improper denial of a claim that has prima facie validity. The Trustee has offered no sufficient factual or legal basis for his determination to deny Kaye's claim.    The Trustee's Determination Letter, and the objections contained therein, should be stricken, or alternatively, the Trustee should describe his position in detail including all relevant facts, legal theories, and authorities.

30.    Kaye received daily trade confirmations and monthly statements from BLMIS in the past several years.    Hence there is no basis to claim that Kaye did not have a "legitimate expectation" that the assets reflected on the Account statements sent to him by BLMIS belonged to him.

8

31.    Thus, Kaye is entitled to a claim for securities in the amount of long $3,114,453.14 plus long $108,900.00 and short $153,700.00, as reflected on the November 30, 2008 BLMIS Statements sent by BLMIS.

32.    Accordingly, for the foregoing reasons, Kaye is a "customer" under SIPA, entitled to up to $500,000.00 in SIPC funds.

33.    Kaye is entitled to an order compelling the Trustee and SIPC to immediately replace the securities in the Account to the extent of a valuation of $500,000.00 as of November 30, 2008.

34.    For the reasons set forth above and more fully in the objections filed in this proceeding by those similarly situated to Kaye, Kaye is entitled to (i) have his claim recognized in the amount of $3,069,653.14 consistent with the November 30, 2008 BLMIS Statements and (ii) such other and further relief as is just, equitable and proper.

## RESERVATION OF RIGHTS

35.    Kaye hereby reserves all rights with respect to his Claims and further reserves all rights to revise, amend or supplement this Objection or file a reply to any response to this Objection that is filed. Moreover, any failure to object on a particular ground or grounds shall not be construed as a waiver of Kaye's right to object on any additional grounds.

36.    The execution and filing of this objection is not and shall not be deemed a waiver or release of Kaye's rights against any entity or person liable for all or any part of the claim asserted herein, or an election of remedies which waives or otherwise affects any other remedy.

37.   Kaye also reserves all objections as to the competence, relevance, materiality, privilege, or admissibility of evidence in any subsequent proceeding or trial of this or any other action for any purpose whatsoever.

38.   Kaye incorporates by reference all reservations of rights set forth in Kaye's Customer Claim and any supplements thereto.

February _l 7_ , 2010

Respectfully submitted,

McLAUGHLIN & STERN

By _____

Marc G. Rosenberg

260 Madison Avenue, 18th Fl.
New York, NY 10103-0084
(212) 841-1320
Attorneys for Howard Kaye

# EXHIBIT 1

**CUSTOMER CLAIM**

Claim Number_____

Date Received_____

**BERNARD L. MADOFF INVESTMENT SECURITIES LLC**

In Liquidation

**DECEMBER 11, 2008**

(Please print or type)

Name of Customer: _____ Howard Kaye _____
Mailing Address: _____ 164 Hook Road _____
City: Bedford _____ State: NY _____ Zip: 10506
Account No.: _____ 1-K-0087-3-0 _____
Taxpayer I.D. Number (Social Security No.): ▮▮▮▮▮▮ _____

NOTE:    BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY
THE ACCOMPANYING INSTRUCTION SHEET.  A SEPARATE CLAIM FORM
SHOULD BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL
PROTECTION AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE
RECEIVED BY THE TRUSTEE ON OR BEFORE March 4, 2009.  CLAIMS
RECEIVED AFTER THAT DATE, BUT ON OR BEFORE July 2, 2009, WILL BE
SUBJECT TO DELAYED PROCESSING AND TO BEING SATISFIED ON TERMS
LESS FAVORABLE TO THE CLAIMANT. PLEASE SEND YOUR CLAIM FORM BY
CERTIFIED MAIL - RETURN RECEIPT REQUESTED.

*********************************************************************

1.    Claim for money balances as of **December 11, 2008**:

    a.    The Broker owes me a Credit (Cr.) Balance of    $  0

    b.    I owe the Broker a Debit (Dr.) Balance of    $  0

    c.    If you wish to repay the Debit Balance,

        please insert the amount you wish to repay and

        attach a check payable to "Irving H. Picard, Esq.,

        Trustee for Bernard L. Madoff Investment Securities LLC."

        If you wish to make a payment, **it must be enclosed**

        with this claim form.    $  n/a

                                          None

    d.    If balance is zero, insert "None."

502180406                                        1

2.      Claim for securities as of **December 11, 2008**:

**PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.**

|  | YES | NO |
|---|---|---|
| a.  The Broker owes me securities | x | |
| b.  I owe the Broker securities | | x |

c.      If yes to either, please list below:

| Date of Transaction (trade date) | Name of Security | The Broker Owes Me (Long) | I Owe the Broker (Short) |
|---|---|---|---|
| | See item 12 on Exhibit A attached hereto | | |
| | | | |
| | | | |
| | | | |

**Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclose, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation. You should also provide all documentation or information regarding any withdrawals you have ever made or payments received from the Debtor.**

See Exhibit A and documents submitted herewith.

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement.  If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.

**PLEASE CHECK THE APPROPRIATE ANSWER FOR ITEMS 3 THROUGH 9.**

502180406                                    2

NOTE:  IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION ON A SIGNED ATTACHMENT.  IF SUFFICIENT DETAILS ARE NOT PROVIDED, THIS CLAIM FORM WILL BE RETURNED FOR YOUR COMPLETION.

|  |  | YES | NO |
|---|---|---|---|
| 3. | Has there been any change in your account since December 11, 2008?  If so, please explain. | _____ | x |
| 4. | Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of the broker? | _____ | x |
| 5. | Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or policies of the broker? | _____ | x |
| 6. | Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in any way with the broker?  If so, give name(s) | _____ | x |
| 7. | Is this claim being filed by or on behalf of a broker or dealer or a bank?  If so, provide documentation with respect to each public customer on whose behalf you are claiming. | _____ | x |
| 8. | Have you ever given any discretionary authority to any person to execute securities transactions with or through the broker on your behalf?  Give names, addresses and phone numbers. | _____ | x |
| 9. | Have you or any member of your family ever filed a claim under the Securities Investor Protection Act of 1970?  if so, give name of that broker. | _____ | _____ |

See item 13 on Exhibit A annexed hereto.

Please list the full name and address of anyone assisting you in the preparation of this claim form:   McLaughlin & Stern, LLP
260 Madison Avenue, New York, New York 10016

502180406

3

If you cannot compute the amount of your claim, you may file an estimated claim. In that case, please indicate your claim is an estimated claim.

**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM. CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.**

**THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY INFORMATION AND BELIEF.**

Date _6/18/09_    Signature _Howard Kge_

Date _____    Signature_____

(If ownership of the account is shared, all must sign above. Give each owner's name, address, phone number, and extent of ownership on a signed separate sheet. If other than a personal account, *e.g.*, corporate, trustee, custodian, etc., also state your capacity and authority. Please supply the trust agreement or other proof of authority.)

**This customer claim form must be completed and mailed promptly, together with supporting documentation, etc. to:**

Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

4

Customer Claim  Howard Kaye

## EXHIBIT A

1. This Claim Form, exhibits, and supporting documentation (collectively "Claim Form") is submitted pursuant to the December 23, 2008 Order of the Honorable Burton R. Lifland and the instructions disseminated by Irving H. Picard, Trustee for Bernard L. Madoff Investment Securities LLC ("Trustee"), on December 11, 2008.

2. This claim is a protective claim.

3. The information provided in the Claim Form is based on information provided to the Claimant by the latest Madoff account statement and additional information known by the Claimant as of the date of the submission of the Claim Form. The Claimant reserves the right to amend and/or supplement this Claim Form upon the receipt of further information, or upon request by the Trustee for additional information.

4. The Claimant reserves the right to amend the Claim Form in the event of any recoveries by the Trustee or any other party under the avoidance powers of the Bankruptcy Code or otherwise, or in the event of rejections of executory contracts pursuant to the Bankruptcy Code.

5. This Claim Form is required to be submitted pursuant to the Court's January 2, 2009 Order and the Trustee's instructions to the Claimant. To the extent permitted by applicable Law, the Claimant does not, by submitting the Claim Form, consent to the jurisdiction of the Bankruptcy Court nor does Claimant waive any right to trial by jury.

6. The Claimant reserves all rights, claims, and/or defenses as to and/or against any and all parties potentially liable for the losses sustained by the Claimant, including, without limitation, Bernard L. Madoff Investment Securities LLC and its owners, partners, employees, and affiliates, as well as any potentially liable third parties including, without limitation, investment advisors, "feeder funds," accountants, and auditors.

7. The Claimant further reserves all rights, claims, and/or defenses as to and/or against any persons and/or creditors asserting claims against Bernard L. Madoff Investment Securities LLC, its employees, owners, and/or affiliates, in bankruptcy or otherwise.

8. The Claimant reserves all objections as to the competence, relevance, materiality, privilege, or admissibility of evidence in any subsequent proceeding or trial of this or any other action for any purpose whatsoever, notwithstanding the submission of any such information to the Trustee.

9. To the extent the Claimant has disclosed to the Trustee documents containing accounting and/or legal advice, the Claimant does not waive any potential privileges applicable thereto.

Customer Claim  Howard Kaye

10. The Claimant reserves all rights with respect to submitting information to the Internal Revenue Service regarding gains, losses, and/or theft of assets.

11. The Claim Form and supporting documents contain confidential information. The Claimant submits this information to the Trustee subject to the condition that this information will not to be disclosed to any third parties, other than under seal to the Court, absent the Claimant's express consent or Court order.

12. See November 30, 2008 statement attached hereto; per 1-K0087-3-0 statement the market value of securities long is $3,114,453.14; per 1-K0087-4-0 statement the market value of securities long is $108,900; and per 1-K0087-4-0 statement the market value of securities short is $153,700.

13. The following claims are being filed by parties related to the Claimant:

   (1)   Customer claim by Howard Kaye, IRA in connection with an investment in Andover Associates LP I

   (2)   Customer claim by G. Rendolok, LLC in connection with an investment in Beacon Associates I/II, LLC Howard Kaye and Ellyn Kaye, his wife, are the managers of such limited liability company and are the co-trustees of the Gail Kelsey Irrevocable Trust dated February 3, 1988, which is the sole member of such limited liability company.

   (3)   Customer claim by W. Rendolok, LLC in connection with an investment in Beacon Associates I/II, LLC. Howard Kaye and Ellyn Kaye, his wife, are the managers of such limited liability company and are the co-trustees of the Wendy Kaye Irrevocable Trust dated May 18, 1988, which is the sole member of such limited liability company.

   (4)   Customer claim by S. Rendolok, LLC in connection with an investment in Beacon Associates I/II, LLC. Howard Kaye and Ellyn Kaye, his wife, are the managers of such limited liability company and are the co-trustees of the Susan Kaye Irrevocable Trust dated February 3, 1988, which is the sole member of such limited liability company.

   (5)   Customer claim by Kaye Associates, L.P. in connection with an investment in Beacon Associates I/II, LLC Howard Kaye is the general partner of such limited partnership.

14. The Claimant submits herewith documents in support of the Claimant's claim. The Claimant reserves any arguments that such documents are not relevant to the Trustee's inquiry. The Claimant further reserves the right to supplement this submission, including

Customer Claim  Howard Kaye

the submission of additional documents, if deemed necessary. Below is a list of the documents submitted herewith:

November 30, 2008 Account Statement

Dec 18 08 11:32a    Ellyn                    970 748 4665                    p.2

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

HOWARD KAYE
164 HOOK ROAD
BEDFORD                    NY    10506

YOUR ACCOUNT NUMBER: 1-K0087-3-0

PERIOD ENDING: 11/30/08

YOUR TAX PAYER IDENTIFICATION NUMBER: ***-**-4724

PAGE: 1

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| | | | | BALANCE FORWARD | | 189,053.48 | |
| 11/12 | 1,980 | | 197 | HEWLETT PACKARD CO | 34.900 | 69,181.00 | |
| 11/12 | 1,716 | | 4021 | WAL-MART STORES INC | 55.830 | 95,872.28 | |
| 11/12 | 1,122 | | 4523 | INTERNATIONAL BUSINESS MACHS | 81.270 | 91,960.94 | |
| 11/12 | 4,158 | | 8347 | EXXON MOBIL CORP | 72.880 | 303,201.04 | |
| 11/12 | 4,554 | | 8649 | INTEL CORP | 14.510 | 66,260.54 | |
| 11/12 | 2,178 | | 13175 | JOHNSON & JOHNSON | 59.580 | 129,852.24 | |
| 11/12 | 2,970 | | 17500 | J.P. MORGAN CHASE & CO | 38.530 | 114,552.10 | |
| 11/12 | 1,584 | | 21826 | COCA COLA CO | 44.660 | 70,804.44 | |
| 11/12 | 924 | | 26152 | MCDONALDS CORP | 55.370 | 51,197.88 | |
| 11/12 | 1,716 | | 30478 | MERCK & CO | 28.550 | 49,059.80 | |
| 11/12 | 6,270 | | 34804 | MICROSOFT CORP | 21.810 | 136,698.70 | |
| 11/12 | 3,168 | | 39130 | ORACLE CORPORATION | 17.300 | 54,932.40 | |
| 11/12 | 1,254 | | 52108 | PEPSICO INC | 56.410 | 70,788.14 | |
| 11/12 | 726 | | 52610 | APPLE INC | 100.780 | 73,195.28 | |
| 11/12 | 5,946 | | 56434 | PFIZER INC | 16.940 | 100,744.24 | |
| 11/12 | 1,254 | | 56936 | ABBOTT LABORATORIES | 54.610 | 68,530.94 | |
| 11/12 | 2,376 | | 60760 | PROCTER & GAMBLE CO | 64.080 | 152,349.08 | |
| 11/12 | 858 | | 61262 | AMGEN INC | 59.160 | 50,793.28 | |
| 11/12 | 1,650 | | 65086 | PHILLIP MORRIS INTERNATIONAL | 43.600 | 72,006.00 | |
| 11/12 | 3,960 | | 65508 | BANK OF AMERICA | 21.590 | 85,654.40 | |
| 11/12 | 1,320 | | 69412 | QUALCOMM INC | 33.770 | 44,628.40 | |
| 11/12 | 4,290 | | 69914 | CITI GROUP INC | 12.510 | 53,838.90 | |
| 11/12 | 990 | | 73738 | SCHLUMBERGER LTD | 49.480 | 49,024.20 | |

CONTINUED ON PAGE    2

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

Dec 18 08 11:33a        Ellyn        970 748 4665        p.3

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
☐ New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

HOWARD KAYE
164 HOOK ROAD
BEDFORD        NY    10506

YOUR ACCOUNT NUMBER: 1-K0087-3-0
PERIOD ENDING: 11/30/08
YOUR TAX PAYER IDENTIFICATION NUMBER: ******4724
PAGE: 2

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| 11/12 | 2,376 | | 74240 | COMCAST CORP CL A | 16.510 | 39,322.76 | |
| 11/12 | 4,686 | | 78064 | AT&T INC | 27 | 126,709.00 | |
| 11/12 | 1,188 | | 78566 | CONOCOPHILLPS | 52.510 | 62,428.88 | |
| 11/12 | 792 | | 82390 | UNITED PARCEL SVC INC CLASS B | 52.040 | 41,246.68 | |
| 11/12 | 4,818 | | 82892 | CISCO SYSTEMS INC | 16.730 | 80,797.14 | |
| 11/12 | 1,386 | | 86716 | U S BANCORP | 29.550 | 40,983.58 | |
| 11/12 | 1,650 | | 87218 | CHEVRON CORP | 73.430 | 121,225.50 | |
| 11/12 | 792 | | 91042 | UNITED TECHNOLOGIES CORP | 53.160 | 42,133.72 | |
| 11/12 | 8,382 | | 91544 | GENERAL ELECTRIC CO | 19.630 | 164,873.66 | |
| 11/12 | 2,244 | | 95368 | VERIZON COMMUNICATIONS | 30.410 | 68,329.04 | |
| 11/12 | 198 | | 95870 | GOOGLE | 337.400 | 66,812.20 | |
| 11/12 | 2,772 | | 99694 | WELLS FARGO & CO NEW | 29.800 | 82,715.60 | |
| | | 3,000,000 | 22305 | U S TREASURY BILL DUE 2/12/2009 2/12/2009 | 99.936 | | 2,998,080.00 |
| 11/12 | | | | FIDELITY SPARTAN U S TREASURY MONEY MARKET DIV 11/12/08 | DIV | | 6.86 |
| 11/12 | | 13,058 | 17405 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | 13,058.00 | |
| 11/12 | 8,779 | | 26774 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | | 13,058.00 |
| 11/12 | | | | FIDELITY SPARTAN U S TREASURY MONEY MARKET DIV 11/12/08 | DIV | 8,779.00 | |
| 11/19 | | | | FIDELITY SPARTAN U S TREASURY MONEY MARKET DIV 11/19/08 | DIV | | 1.08 |

CONTINUED ON PAGE    3

Dec 18 08 11:33a        Ellyn        970 748 4665        p.4

# BERNARD L. MADOFF
### INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

HOWARD KAYE
164 HOOK ROAD
BEDFORD                NY  10506

| YOUR ACCOUNT NUMBER | PERIOD ENDING | PAGE |
|---|---|---|
| 1-K0087-3-0 | 11/30/08 | 3 |

YOUR TAX PAYER IDENTIFICATION NUMBER  **********4724

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| 11/19 | 200,000 | | 52190 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | 199,852.00 | |
| 11/19 | | 8,779 | 56757 | U S TREASURY BILL DUE 03/26/2009 3/26/2009 | 99.926 | | 8,779.00 |
| @11/19 | 6,664 | | 61229 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | 6,664.00 | |
| | | | | NEW BALANCE | | 373,457.52 | |
| | | | | SECURITY POSITIONS | MKT PRICE | | |
| | 4,686 | | | AT&T INC | 28.560 | | |
| | 1,254 | | | ABBOTT LABORATORIES | 52.330 | | |
| | 858 | | | AMGEN INC | 55.540 | | |
| | 726 | | | APPLE INC | 92.670 | | |
| | 3,960 | | | BANK OF AMERICA | 16.250 | | |
| | 1,650 | | | CHEVRON CORP | 79.010 | | |
| | 4,818 | | | CISCO SYSTEMS INC | 16.540 | | |
| | 4,290 | | | CITI GROUP INC | 8.200 | | |
| | 1,584 | | | COCA COLA CO | 46.870 | | |
| | 2,376 | | | COMCAST CORP CL A | 17.340 | | |
| | 1,188 | | | CONOCOPHILLPS | 52.520 | | |
| | 4,158 | | | EXXON MOBIL CORP | 80.150 | | |
| | 8,382 | | | GENERAL ELECTRIC CO | 17.170 | | |
| | | | | CONTINUED ON PAGE  4 | | | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

Dec 18 08 11:33a          Ellyn                    970 748 4665          p.5

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

805 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel (020) 7493 6222

HOWARD KAYE
164 HOOK ROAD
BEDFORD                    NY   10506

YOUR ACCOUNT NUMBER: 1-K0087-3-0
PERIOD ENDING: 11/30/08
PAGE: 4
YOUR TAX PAYER IDENTIFICATION NUMBER: ******4124

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| | 198 | | | GOOGLE | 292.960 | | |
| | 1,980 | | | HEWLETT PACKARD CO | 35.280 | | |
| | 4,554 | | | INTEL CORP | 13.800 | | |
| | 1,122 | | | INTERNATIONAL BUSINESS MACHS | 81.600 | | |
| | 2,970 | | | J.P. MORGAN CHASE & CO | 31.660 | | |
| | 2,178 | | | JOHNSON & JOHNSON | 58.580 | | |
| | 924 | | | MCDONALDS CORP | 58.750 | | |
| | 1,716 | | | MERK & CO | 26.720 | | |
| | 6,270 | | | MICROSOFT CORP | 20.220 | | |
| | 3,168 | | | ORACLE CORPORATION | 16.090 | | |
| | 1,254 | | | PEPSICO INC | 56.700 | | |
| | 5,346 | | | PFIZER INC | 16.430 | | |
| | 1,650 | | | PHILIP MORRIS INTERNATIONAL | 42.160 | | |
| | 2,376 | | | PROCTER & GAMBLE CO | 64.350 | | |
| | 1,320 | | | QUALCOMM INC | 33.570 | | |
| | 990 | | | SCHLUMBERGER LTD | 50.740 | | |
| | 6,664 | | | FIDELITY SPARTAN | 1 | | |
| | | | | U S TREASURY MONEY MARKET | | | |
| | 1,386 | | | U S BANCORP | 26.980 | | |
| | 792 | | | UNITED PARCEL SVC INC | 57.600 | | |
| | | | | CLASS B | | | |
| 200,000 | | | | U S TREASURY BILL | 99.971 | | |
| | | | | DUE 03/26/2009 | | | |
| | | | | 3/26/2009 | | | |
| | 792 | | | UNITED TECHNOLOGIES CORP | 48.530 | | |
| | | | | CONTINUED ON PAGE  5 | | | |

CONTINUED ON PAGE  5

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

Dec 18 08 11:34a        Ellyn                                    970 748 4665                    p.6

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

HOWARD KAYE
164 HOOK ROAD
BEDFORD                    NY    10506

| YOUR ACCOUNT NUMBER | PERIOD ENDING | PAGE |
|---|---|---|
| 1-K0087-3-0 | 11/30/08 | 5 |

YOUR TAX PAYER IDENTIFICATION NUMBER
**********4724

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| | 2,244 | | | VERIZON COMMUNICATIONS | 32.650 | | |
| | 1,716 | | | WAL-MART STORES INC | 55.830 | | |
| | 2,772 | | | WELLS FARGO & CO NEW | 28.890 | | |
| | | | | MARKET VALUE OF SECURITIES | | | |
| | | | | LONG                    SHORT | | | |
| | | | | 3,114,453.14 | | | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

Dec 18 08 11:34a      Ellyn                                              970 748 4665                    p.7

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

[M] MADF

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel (020) 7493 6222

HOWARD KAYE
164 HOOK ROAD
BEDFORD                NY    10506

YOUR ACCOUNT NUMBER: 1-K0087-3-0
PERIOD ENDING: 11/30/08
YOUR TAX PAYER IDENTIFICATION NUMBER: ********4724
PAGE: 6

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TKN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| | | | | YEAR-TO-DATE SUMMARY | | | |
| | | | | DIVIDENDS | | | 21,717.17 |
| | | | | GROSS PROCEEDS FROM SALES | | | 24,287,993.51 |

Dec 18 08 11:35a        Ellyn        970 748 4665        p.8

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

HOWARD KAYE
164 HOOK ROAD
BEDFORD        NY    10506

| | |
|---|---|
| YOUR ACCOUNT NUMBER | 1-K0087-4-0 |
| PERIOD ENDING | 11/30/08 |
| YOUR TAX PAYER IDENTIFICATION NUMBER | ***-**-4724 |
| PAGE | 1 |

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| | | | | BALANCE FORWARD | | | |
| 11/12 | | 66 | 43456 | S & P 100 INDEX NOVEMBER 460 CALL | 15.800 | | 189,054.00 |
| 11/12 | | 66 | 47782 | S & P 100 INDEX NOVEMBER 450 PUT | 17.800 | | 104,214.00 |
| 11/19 | 66 | | 33886 | S & P 100 INDEX DECEMBER 430 CALL | 26 | 171,546.00 | |
| 11/19 | 66 | | 38211 | S & P 100 INDEX DECEMBER 420 PUT | 30 | 198,066.00 | |
| 11/19 | 66 | | 42536 | S & P 100 INDEX NOVEMBER 460 CALL | 3 | | 19,866.00 |
| 11/19 | | 66 | 46861 | S & P 100 INDEX NOVEMBER 450 PUT | 37 | | 244,134.00 |
| | | | | NEW BALANCE | | | |
| | | | | SECURITY POSITIONS | MKT PRICE | | |
| | 66 | | | S & P 100 INDEX DECEMBER 430 CALL | 23.300 | | 373,458.00 |
| | 66 | | | S & P 100 INDEX DECEMBER 420 PUT | 16.500 | | |
| | | | | MARKET VALUE OF SECURITIES LONG | | | 108,900.00 |
| | | | | MARKET VALUE OF SECURITIES SHORT | | | 153,780.00- |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

# EXHIBIT 2

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

### DECEMBER 11, 2008[1]

### NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

October 19, 2009

Howard Kaye
164 Hook Road
Bedford, New York 10506

Dear Mr. Kaye:

### PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim on BLMIS Account No. 1K0087 designated as Claim Number 012036:

Your claim for securities is **DENIED**. No securities were ever purchased for your account.

Further, based on the Trustee's analysis, the amount of money you withdrew from your account at BLMIS (total of $4,385,256.74), as more fully set forth in Table 1 annexed hereto and made a part hereof, is greater than the amount that was deposited with BLMIS for the purchase of securities (total of $3,700,000.00). As noted, no securities were ever purchased by BLMIS for your account. Any and all profits reported to you by BLMIS on account statements were fictitious.

---

[1] Section 78*lll*(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78*lll*(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

Since there were no profits to use either to purchase securities or to pay you any money beyond the amount that was deposited into your BLMIS account, the amount of money you received in excess of the deposits in your account ($685,256.74) was taken from other customers and given to you. Accordingly, because you have withdrawn more than was deposited into your account, you do not have a positive "net equity" in your account and you are not entitled to an allowed claim in the BLMIS liquidation proceeding. Therefore, your claim is **DENIED** in its entirety.

Should a final and unappealable court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by you in having your customer claim re-determined in accordance with any such Court order.

Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by the Trustee against you.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after October 19, 2009, the date on which the Trustee mailed this notice.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York 10004

and

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111

_____
Irving H. Picard

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

## Table 1

### DEPOSITS

| DATE | TRANSACTION DESCRIPTION | AMOUNT |
|---|---|---|
| 1/27/1995 | CHECK | $500,000.00 |
| 1/4/1996 | CHECK | $100,000.00 |
| 9/4/1997 | CHECK | $200,000.00 |
| 11/10/1997 | CHECK | $100,000.00 |
| 12/22/1997 | CHECK | $300,000.00 |
| 5/1/1998 | CHECK | $500,000.00 |
| 7/15/1999 | CHECK | $500,000.00 |
| 11/5/1999 | CHECK | $500,000.00 |
| 11/16/2000 | CHECK | $250,000.00 |
| 10/24/2003 | CHECK | $250,000.00 |
| 12/7/2004 | CHECK | $500,000.00 |
| **Total Deposits:** | | $3,700,000.00 |

### WITHDRAWALS

| DATE | TRANSACTION DESCRIPTION | AMOUNT |
|---|---|---|
| 10/10/1997 | CHECK | ($34,916.80) |
| 1/13/1998 | CHECK | ($44,606.86) |
| 4/8/1998 | CHECK | ($77,948.17) |
| 7/9/1998 | CHECK | ($100,280.00) |
| 10/9/1998 | CHECK | ($55,975.04) |
| 1/13/1999 | CHECK | ($108,222.63) |
| 4/13/1999 | CHECK | ($95,948.62) |
| 6/1/1999 | CHECK WIRE | ($1,000,000.00) |
| 7/8/1999 | CHECK | ($107,733.07) |
| 10/8/1999 | CHECK | ($46,293.16) |
| 1/6/2000 | CHECK | ($72,833.53) |
| 4/7/2000 | CHECK | ($115,224.92) |
| 7/7/2000 | CHECK | ($67,983.88) |
| 10/11/2000 | CHECK | ($46,041.76) |
| 1/10/2001 | CHECK | ($42,688.91) |
| 4/6/2001 | CHECK | ($111,514.83) |
| 7/9/2001 | CHECK | ($74,158.57) |
| 10/9/2001 | CHECK | ($53,573.90) |
| 1/11/2002 | CHECK | ($81,226.26) |
| 4/10/2002 | CHECK | ($28,333.07) |
| 7/8/2002 | CHECK | ($101,453.53) |
| 10/7/2002 | CHECK | ($126,850.67) |
| 1/10/2003 | CHECK | ($45,001.77) |
| 4/9/2003 | CHECK | ($49,832.31) |
| 7/8/2003 | CHECK | ($64,567.39) |
| 10/9/2003 | CHECK | ($79,805.05) |

| | | |
|---|---|---|
| 1/8/2004 | CHECK | ($33,208.96) |
| 4/8/2004 | CHECK | ($54,062.27) |
| 7/7/2004 | CHECK | ($82,631.47) |
| 10/7/2004 | CHECK | ($69,072.68) |
| 1/7/2005 | CHECK | ($52,407.82) |
| 4/7/2005 | CHECK | ($64,438.95) |
| 7/7/2005 | CHECK | ($67,088.24) |
| 10/7/2005 | CHECK | ($61,576.09) |
| 1/9/2006 | CHECK | ($98,151.63) |
| 4/7/2006 | CHECK | ($76,586.88) |
| 7/10/2006 | CHECK | ($83,974.87) |
| 10/6/2006 | CHECK | ($148,103.97) |
| 1/8/2007 | CHECK | ($79,146.92) |
| 4/4/2007 | CHECK | ($69,208.97) |
| 7/6/2007 | CHECK | ($90,217.78) |
| 10/4/2007 | CHECK | ($95,380.96) |
| 1/8/2008 | CHECK | ($75,156.63) |
| 4/7/2008 | CHECK | ($37,093.68) |
| 7/7/2008 | CHECK | ($168,561.80) |
| 10/6/2008 | CHECK | ($46,171.47) |
| **Total Withdrawals:** | | ($4,385,256.74) |
| | | |
| **Total deposits less withdrawals:** | | ($685,256.74) |