UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------
SECURITIES INVESTOR PROTECTION
CORPORATION,

CASE No. 08-1789 (BRL)

Plaintiff

SIPA Liquidation

vs

**OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM**

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC.

Claim # 002128
Madoff Account# 1ZR330

Defendant
---------------------------------------------------

Howard M. Schupak hereby objects to the Notice of Trustee's Determination of Claim, dated January 29, 2010 sent and signed by Irving H. Picard, Trustee, declares and states, as follows:

**Background Facts**

1. This Objection to Trustee's Determination, dated January 29, 2010 [copy is attached as Exhibit "A"] is filed to contest the rejection of a claim for securities in the amount of $315,179.24.
2. On or about September 29, 2006 an account was opened with Bernard L. Madoff Investment Securities LLC [hereinafter "BLMIS] by Howard Schupak [hereinafter referred to as "claimant"]. See Exhibit "B" Portfolio Mgt. Report as of 9/30/06.
3. This account was a roll-over Individual Retirement Account from the Blue Bell Profit Sharing Plan [hereinafter referred to as "Profit Sharing Plan"]. This IRA account was designated Account # 1ZR330 by BLMIS.
4. The trustee for this account was FISERV and account number 060000098439 was assigned to it.
5. Fiserv acknowledged in an IRC filing [form 5498] that there was a rollover contribution in the amount of $250,988.30. See Exhibit "C" attached.

6. At all times this account was treated and thought to be a lawful retirement account and at all times the official statements from BLMIS and FISERV were relied upon as accurate.
7. The account was opened initially with $250,492.76. Subsequent deposits were made as set forth in the Determination Letter in October, 2006 and November, 2006 making a total opening balance of $251,377.29.
8. The November, 2008 BLMIS statement sets forth the various securities in the account with a market value of $315,179.24. Attached is the BLMIS statement as Exhibit D.
9. On or about December 15, 2008 the instant liquidation proceeding was commenced.
10. A SPIC claim was timely filed on behalf of Claimant asserting a claim for securities in the amount of $315,179.24 based upon the November 30, 2008 BLMIS statement. [A full copy of said Claim will be filed with this Court at the appropriate time.]
11. On or about January 29, 2010, the Trustee issued his Determination Letter [See Exhibit A] rejecting the claim for securities and awarding only $550. Implicitly the Trustee denied any roll-over monies from the Profit Sharing Plan.
12. At all times during the Profit Sharing Plan and subsequently during the IRA rollover account your Claimant **did not make any withdrawals whatsoever.**

A. **The Trustee has failed to comply with the Court's December 23, 2008 Order**

13. The Determination Letter fails to comply with the Court Order, dated December 23, 2008 which directs the Trustee to satisfy claims and deliver securities in accordance with "the Debtor's books and records." December 23, 2008 Order at 5 (Docket #12). The November 30, 2008 statement is reflective of "the Debtor's books and records" upon which the Trustee is bound. There is no proof proffered by the Trustee to indicate that the claimant did not have a "legitimate expectation" that the account statements were true and accurate as stated.
14. To the contrary, the Claimant relied upon official filings by the Profit Sharing Plan with the Internal Revenue Service and corresponding statements showing his respective account balances each year.
15. Upon information and belief, the assets contained in the Profit Sharing Plan included assets other than those invested in BLMIS in years prior to the roll-over of monies from the Profit Sharing Plan.
16. The Trustee has failed to state a basis for the position set forth in his Determination Letter.

B. **Trustee has violated the requirement that he honor a customer's "legitimate expectations"**

17. SPIC's Series 500 Rules, 17 C.F.R. 300.55, enacted pursuant to Securities Investor Protection Act ("SIPA"), provide for the classification of claims in accordance with the "legitimate expectations" of a customer based upon the written transaction confirmations sent by a broker-dealer to a customer.
18. Such individual transactions were set forth in the monthly BLMIS statements.
19. Claimant relied upon and received individual confirmations which were duly set forth in each monthly statement received from BLMIS and correspondingly reflected in the quarterly statements received from Fiserv.
20. The Court is respectfully bound by the holding in the *In re New Times Securities Services, Inc.*, 371 F.3rd 68 (2006) case decided by the Second Circuit, 2006 which affirmed SPIC's obligation to make payment upon the last brokerage statement at the time of liquidation.

### C. Trustee has failed to acknowledge roll-over amounts

21. Although not specifically stated, the Determination Letter implicitly denies any roll-over amounts presumably based upon the Trustee's erroneous method of computing account balances. Since no credit is given for the $250,988.30 excepting a mere $550.54 the Trustee has arbitrarily determined that under a "cash in/cash out" basis claimant is **not** entitled to those monies. The Court is respectfully referred to the Trustee's Determination letter, last page containing "Deposits" and "Withdrawals" in Exhibit A.
22. This is in contradiction to the "legitimate expectations" of Claimant.
23. Trustee has offered no evidence or indication that claimant did not have a legitimate expectation that his Account was genuine. Regardless of the method the Trustee has used to deny these roll-over amounts, your Claimant reserves all rights to challenge the accounting method used as part of the Determination Letter in this and any subsequent liquidation or Bankruptcy proceeding.
24. Again, Claimant must emphasize that at **no time were any withdrawals made from the Profit Sharing Plan or roll-over IRA.**
25. Upon information and belief, under ERISA, a profit sharing plan must set forth each individual's account balance each year and such monies were/are separate and a part from any other participant in the plan. Accordingly, the Trustee is estopped from considering any activity not directly involving Claimant in determining Claimant's roll-over amount.

### D. Claimant is entitled to prejudgment interest on investment and profits

26. Under New York law funds deposited with BLMIS is entitled to interest. See,e.g. N.Y.C.P.L.R. Section 5004; N.Y. Gen. Oblig., Section 5-501 et seq.
27. In a Ponzi scheme, out of pocket damages are an improper and inadequate remedy. Where, as here, a Ponzi scheme is operated by an SEC regulated broker/dealer, investors are not limited to "out-of-pocket damages." See *Visconte*

*v Lehman Bros, Inc.* No. 06-3304, 2007 WL 2258827 (6th Circuit, August 8, 2007).

### E. Trustee has no power to claw-back or consider sums beyond the statute of limitations

28. It is unfair and the Trustee is without power to compute or consider sums of money beyond the applicable statute of limitations.
29. There is no indication that the Claimant at any time had knowledge, or any inkling, that his investment was other than legitimate.
30. Nor do such actions on the part of the Trustee to evaluate prior "deposits" or "withdrawals" apply here as the current account was opened in 2006.
31. The Trustee has apparently utilized a unilateral position to deprive Claimant of monies first deposited into the instant Account totaling more than $250,000 and for which he would be obligated to make full payment.

Wherefore, Claimant is seeking the following relief:
   a. Trustee to pay or replace the full amount of securities held in Claimant's Account on November 30, 2008.
   b. Trustee to recognize said claim in the amount of $315,179.24 under SPIC.
   c. Claimant objects to the method by which the Trustee denies any roll-over amounts.
   d. Trustee to pay interest as determined by the Court
   e. For such other and further relief as the Court deems justified.

Respectfully submitted,

Howard M. Schupak
Howard M. Schupak
13 Bonnie Briar Road
Yonkers, New York 10710
(W) 212-923-0200

Attachments