8308 Waterline Drive Apt. 102
Boynton Beach, FL 33472
Home: (561) 752-3061

February 8, 2010

To: Clerk of the United States Bankruptcy Court
    For the Southern District of New York
One Bowling Green
New York, New York 10004

To: Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111

Reference: Bankruptcy Case No. 08-1789 (BRL)

The Beryl H. Stevens (IRA), Beryl H. Stevens, owner, herein makes formal objection to, and is in disagreement with the Trustee's "Notice of Determination of Claim" in the Bernard L. Madoff Investment Securities LLC liquidation proceeding.

I am a victim of the Bernard L. Madoff Investment Securities (BLMIS) fraud. My Individual Retirement Account (IRA) had a BLMIS account number of 1-ZR-118. I am in possession of the "Notice of Trustee's Determination of Claim" dated January 29, 2010, which responds to the claim I filed with the Trustee (SIPC) in February 2009. The Trustee designated my claim as Claim Number 002874.

Per the instructions contained in the Determination Letter from the Trustee, the purpose of this communication is to provide you with my "written opposition" and grounds for disagreement with the Trustee's determination of my SIPC claim.

<u>Legitimate expectations as investors.</u> My last statement from BLMIS, dated November 30, 2008 (copy attached), indicated to me that I owned shares of securities for approximately 35 well-known companies, valued at $339,830.78. My legitimate expectations as an investor for 16 years with a broker-dealer whose letterhead and statements boasted SIPC membership was that BLMIS purchased these securities for me in the amounts and values stated, and that my investment

was protected by SIPC.

Determining of account "Net Equity". Like several hundred other Madoff victims, I deem it objectionable that the trustee has devised his own unique formula for determining the "net equity" in my BLMIS account (cash-in minus cash-out) rather than my legitimate expectation that my BLMIS account had achieved a value of more than a quarter of a million dollars over 16 years. I understand that the court is already examining the Trustee's methodology for computing net equity, and that any subsequent rulings by the court will be applied to all related claims, including mine.

Replacement of missing securities. I deem it objectionable that the Trustee has denied my claim for "securities" on the grounds that "no securities were ever purchased" for my IRA account. According to Federal law (echoed publicly by SIPC president Steven Harbeck) SIPC exists to protect investors who are victimized because of failed brokerages, i.e., bankruptcies, fraud, or other catastrophes. BLMIS provided me with written documentation indicating legitimate securities were purchased for me on specific dates, in specific quantities, and at specific prices. Furthermore, all transaction slips and monthly statements I received from BLMIS matched market prices for those stocks on those dates exactly. True, BLMIS admitted committing fraud. But to deny a BLMIS investor's claim for missing securities because the broker-dealer never actually purchased the securities is tantamount to nullifying Congressional intent in enacting the Securities Investor Protection Act. Under SIPA I believe SIPC is obligated to replace my missing securities, share for share, as shown on my November 30, 2008 BLMIS statement, up to the SIPC maximum protection amount. Only then can SIPC live up to its chartered purpose of instilling investor confidence in the market as the Congress intended.

Account "look-back" should be limited to six years. I deem it objectionable that the Trustee is applying his "cash-in minus cash-out net equity formula looking back 16 years and more. Bankruptcy law provides for a look-back period of only six years.

Documentation. I have already provided to the Trustee as much supporting documentation as could be found at the time I filed the claim. To this letter of objection I am attaching a copy of the IRA's last BLMIS account statement (November 30, 2008)

Very truly yours,

Beryl H. Stevens