January 3, 2010

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

Securities Investor Protection Corporation,

                Plaintiff,

vs.

Bernard L. Madoff Investment Securities LLC,

                Defendant.

Bankruptcy Case No. 08-01789 (BRL)

SIPA Liquidation

**OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM**

John A. Jones Revocable Living Trust ("Claimant") hereby objects to the denial of claim in the Trustee's Determination of Claim dated December 8, 2009,[1] and states as follows:

1.      On September 1, 2008 Claimant made an initial investment of $250,000.00 into Rye Select Broad Market Prime Fund, L.P. (the "Rye Fund"). As of October 31, 2008, the statement from the Rye Fund valued the investment at $252,150.79.

2.      All of the funds which Claimant invested in the Rye Fund were invested in Bernard L. Madoff Investment Securities LLC ("BLMIS").

---

[1] A copy of Claimant's claim and its attachments is attached as **Exhibit A**. A copy of the Trustee's Determination of Claim is attached as **Exhibit B**.

3.    On or about December 11, 2008, the above-captioned liquidation proceeding was commenced against BLMIS, pursuant to the Securities Investor Protection Act ("SIPA"), 15 U.S.C. § 78aaa *et seq*.

4.    On or about December 15, 2008, jurisdiction of this matter was transferred to the United States Bankruptcy Court for the Southern District of New York, and Irving Picard was appointed as Trustee.

5.    Pursuant to the SIPA, Trustee Picard was directed to oversee the liquidation of the assets of BLMIS and to process all claims against Defendant BLMIS, and the Debtor Bernard L. Madoff. *See* 15 U.S.C. § 78fff-1(a).

6.    By order of this Court dated December 23, 2008, the Trustee was directed to disseminate notice and claim forms to all former BLMIS customers setting forth claim-filing deadlines. *See* Order entered at Dkt. No. 12. The Order directed the Trustee to "notify such claimant by mail of his determination that the claim is disallowed, in whole or in part, and the reason therefore . . ."

7.    In February 2009, prior to the claims filing deadline, Claimant duly filed a customer claim with the Trustee in the amount of $250,000.00. This claim has apparently been designated as Claim No. 006397.

8.    By Notice of Trustee's Determination of Claim dated December 8, 2009, the Trustee notified Claimant that its claim had been denied on the following basis:

> Based on a review of available books and records of BLMIS by the Trustee's staff, you did not have an account with BLMIS. Because you did not have an account, you are not a customer of BLMIS under SIPA as that term is defined at 15 U.S.C. § 78*lll*(2). Accordingly, your Claim for securities and/or a credit balance is **DENIED**.

-2-

9.      By this Notice of Objection, Claimant does hereby formally object to the determination by the Trustee.

10.      <u>First Objection</u>: The Trustee's determination fails to comply with the December 23, 2008 Order of the Court which directed the Trustee to satisfy customer's claims in accordance with the Debtor's books and records or which "are otherwise established to the satisfaction of the Trustee." *See* Dkt. No. 12 at 5. The Claimant's claim included proper documentation of the amount owed to Claimant. Accordingly, the claim should be allowed in full.

11.      <u>Second Objection</u>: Contrary to the determination of the Trustee, Claimant is a "customer" as provided for by the Securities Investor Protection Act. As such, it is entitled to receive SIPC insurance. Section 78*lll*(2) of the SIPA defines "customer" as "any person who has deposited cash with the debtor for the purpose of purchasing securities."[2] *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC*, 401 B.R. 629, 635 (Bankr. S.D.N.Y. 2009) ("the mere act of entrusting . . . cash to the debtor for the purpose of effecting securities transactions . . . triggers customer status . . . .") (alterations in original)

---

[2] The statute provides that:
> The term "customer" of a debtor means any person (including any person with whom the debtor deals as principal or agent) who has a claim on account of securities received, acquired, or held by the debtor in the ordinary course of its business as a broker or dealer from or for the securities accounts of such person for safekeeping, with a view to sale, to cover consummated sales, pursuant to purchases, as collateral security, or for purposes of effecting transfer. The term "customer" includes any person who has a claim against the debtor arising out of sales or conversions of such securities, and any person who has deposited cash with the debtor for the purpose of purchasing securities, . . .

15 U.S.C. § 78*lll*(2).

-3-

(citations omitted).  Apparently, the Trustee has taken the position that the fact that Claimant

deposited funds with BLMIS indirectly is fatal to its claim as a "customer" under SIPA.  This

position is incorrect.

12.    Under SIPA, the term "customer" is a term of art, and does not have its

ordinary and customary meaning.  *Arford v. Miller*, 239 B.R. 698, 701 (S.D.N.Y. 1999), *aff'd*

*sub nom. In re Stratton Oakmont*, 210 F.3d 420 (2d Cir. 2000) (citations omitted).  It is to be

construed within the context of the definitional section of SIPA, and as interpreted by the

courts.

13.    The statute does not require that one have a direct relationship with the subject

broker to be considered a "customer" under SIPA.  All the plain language of the statute

requires is that (a) the claim against the debtor arose out of sales or conversion of securities,

and (b) that the customer made deposits with the fiduciary of cash or securities.  *See* 15

U.S.C. § 78*lll*(2).  The legislative history of SIPA supports this interpretation.

14.    SIPA was enacted by Congress as remedial legislation to be liberally

construed to effect the purpose of protecting the investments of customers of broker-dealers

and investment advisers.  *See In re First State Securities Corp.*, 34 B.R. 492, 496 (Bankr.

S.D. Fla. 1983) (citing *Tcherepnin v. Knight*, 389 U.S. 332 (1967)).  The fundamental

purpose of SIPA was to protect the public in the event that the entities with whom they dealt

with went bankrupt, or were otherwise unable to satisfy their customer agreements.  *See SEC*

*v. S.J. Salmon & Co., Inc.*, 375 F. Supp. 867, 871 (S.D.N.Y. 1974) ("The principal purpose

of the [Securities Investor Protection] Act was to protect investors against financial losses

arising from the insolvency of their brokers.") (citing H. Rep. No. 91-1613, at 1970 U.S.

Code Cong. and Adm. News p. 5254 et seq.).

-4-

15.    The statute does not mandate that the funds or securities received by the debtor were received "directly" by the customer. Had this been a requirement, Congress would have so required it. Indeed, Section 9 of SIPA covering advances by SIPC to the bankruptcy trustee states that:

> no advance shall be made by SIPC to the trustee to pay or otherwise satisfy any net equity claim of any customer who is a broker or dealer or bank, <u>other than to the extent that it shall be established to the satisfaction of the trustee</u>, from the books and records of the debtor or from the books and records of a broker or dealer or bank, or otherwise, <u>that the net equity claim</u> of such broker or dealer or bank against the debtor <u>arose out of transactions for customers of such broker or dealer or bank . . ., in which event each such customer of such broker or dealer or bank shall be deemed a separate customer of the debtor.</u>

15 U.S.C. § 78fff-3(a)(5) (emphasis added).

16.    Whether a claimant is a "customer" does not depend upon to whom he or she or it "handed her cash or made her check payable, or even where the funds were initially deposited." *In re Old Naples Sec., Inc.*, 223 F.3d 1296, 1302 (11th Cir. 2000). "Instead, the question is whether there was 'actual receipt, acquisition or possession of the property of a claimant by the brokerage firm under liquidation.'" *Id.* (citing *In re Stalvey & Assoc., Inc.*, 750 F.2d 464, 469 (5th Cir. 1985) (quoting *SEC v. Kenneth Bove & Co.*, 378 F. Supp. 697, 700 (S.D.N.Y. 1974)). Here, Claimant can show that there was "actual receipt, acquisition or possession" of its property by the Debtor.

17.    As this cause of action arose in New York, and New York law is applicable, Claimant is entitled to interest on all of the funds deposited with BLMIS at the statutory rate. New York CPLR § 5004, New York General Oblig. L. § 5-501 *et seq.* Furthermore, as the actions by BLMIS arose out of conversion and fraud, Claimant is entitled to pre-judgment

-5-

interest. New York CPLR § 5001(a). *See also Singapore Recycle Centre Pte Ltd. v. Kad Int'l*, 2009 WL 2424333 at *20 (E.D.N.Y. 2009).

18.    Claimant reserves all rights under Rule 9014 of the Federal Rules of Bankruptcy Procedure, including, but not limited to, all rights of discovery.

19.    Claimant reserves the right to amend, alter, revise, or supplement this Objection; any failure to object on a particular procedural or substantive ground shall not be deemed a waiver of any such rights, all of which are hereby reserved.

20.    In the event that the Court does not allow Claimant's claim as a "customer" claim, it should nevertheless allow Claimant's claim as a general unsecured creditor claim.

## RELIEF REQUESTED

21.    For the reasons set forth herein, the Court should find Claimant is a "customer" within the definition of 15 U.S.C. § 78*lll*(2).

22.    For the reasons set forth herein, the Court should overrule the Trustee's determination and find that Claimant should have its claims allowed in full to the extent covered by SIPC.

23.    In the event that the Court does not allow Claimant's claim as a customer claim, it should nevertheless allow the claim as a general unsecured creditor claim.

24.    For the reasons set forth herein, the Court should direct the SIPC to issue immediate payment to Claimant in the amount of $250,000.00, plus interest from the date of claim.

25.    To the extent applicable, Claimant joins the in the objections of those other claimants similarly situated, and request such further relief as this Court shall deem fair and equitable.

Dated: January 3, 2009

_John A. Jones_

John A. Jones Revocable Living Trust
2308 Rambling Road
Johnson City, TN  37604



MOUNT YALE

February 12, 2009

John A. Jones Revocable Living Trust
2308 Rambling Road
Johnson City, TN   37604

RE: SIPC Claim Package for Rye Select Broad Market Prime Fund,
    LP (the"Fund")

Dear Investor:

As previously communicated, Mount Yale has been following the
Madoff fraud situation closely.  One of the possible strategies
to recover some portion of your assets that were invested in the
Fund is for you to file a Customer Claim Form with SIPC and the
Trustee for Bernard L. Madoff Investment Securities LLC
("Madoff").  While the laws that currently govern SIPC coverage
do not appear to apply to investors that had an investment
interest in a feeder fund invested with Madoff, we are
encouraging you to complete this process in the event that the
laws are determined by the Trustee to apply or are changed to
apply to your situation.

We have provided as much information on the Customer Claim form
as our records allow.  In the event the attached Customer Claim
form is not completed accurately, we are also providing a blank
copy so you may complete it and substitute it in lieu of the
Customer Claim form that is attached.

INSTRUCTIONS

1. Review the information that we are providing very
   carefully.  While we believe it is correct, it is your sole
   responsibility to verify its accuracy.

2. The completed package of information must be delivered to
   the Madoff Trustee by March 4, 2009.  We suggest you
   deliver it sooner.  A pre-paid and pre-addressed FedEx
   envelope is provided for your convenience.  The package
   label will become obsolete on March 12, 2009.  If for some
   reason you mail the package on or after this date you will
   need to provide your own mailing envelope.

MOUNT YALE CAPITAL GROUP, LLC
1125 SEVENTEENTH STREET
SUITE 1400
DENVER, CO  80202
TELEPHONE 303-382-2880
FACSIMILE 303-382-2888



EXHIBIT
A



MOUNT YALE

3. You need to answer questions 4, 5, 6 and 9 on page 3 by
   indicating "Yes" or "No".

4. The last statement of value ($252150.79)that was issued
   from the Fund was dated 10/31/2008. We are enclosing Mount
   Yale's copy of your statement as an example.  Please note
   however that Mount Yale's copy is addressed to Mount Yale
   and references your account name.  Since the address on
   Mount Yale's copy is different than your address, we
   strongly recommend that you include a copy of the statement
   addressed and sent directly to you by the Fund instead of
   Mount Yale's copy to help the Trustee identify you as the
   investor.  If you are unable to locate that specific
   statement, you can contact Tremont/Rye to request copies of
   your statements at 212-815-4090 or the Tremont Rye hotline
   at 914-925-1725.

5. We are also enclosing Mount Yale's copies of 1)
   Confirmation of Cash Receipt, 2) Confirmation of Intent and
   3) Trade Confirmation.  Please note that the attached
   copies are also addressed to Mount Yale and references your
   account number (not name).  Since the address on Mount
   Yale's copy is different than your address, we strongly
   recommend that you include a copy of the statement
   addressed and sent directly to you by the Fund instead of
   Mount Yale's copy to help the Trustee identify you as the
   investor.  If you are unable to locate that specific
   statement, you can contact Tremont/Rye to request copies of
   your statements at 212-815-4090 or the Tremont Rye hotline
   at 914-925-1725.

6. We suggest that you review this material with your
   financial advisor before sending it to the Trustee.

MOUNT YALE CAPITAL GROUP, LLC
1125 SEVENTEENTH STREET
SUITE 1400
DENVER, CO 80202
TELEPHONE 303-382-2880
FACSIMILE 303-382-2888



7. The list of materials that should constitute a full package
   of material to be delivered to the Trustee includes the
   following:

   a. Completed Customer Claim form that you review and
      approve to be correct (see attached)

   b. Addendum A to the Customer Claim form  (see attached)

   c. A copy of the last statement received from the Fund
      that was dated 10/31/2008.  (see attached)

   d. Three trade confirmations from Rye: 1) *Confirmation of
      Cash Receipt*, 2) *Confirmation of Intent* and 3) *Trade
      Confirmation*.

   e. A copy of the December 19, 2008 letter from Rye that
      suspended i) the determination of NAV calculations,
      ii) redemptions from the Fund and iii) payment of
      withdrawal proceeds.

   f. A copy of the letter from Rye dated January 14, 2009
      that assigns a value of $0 to your investment.

If you should have any questions, please contact your financial
advisor or Marissa Wells at (303) 382-2860.


Sincerely,

MOUNT YALE CAPITAL GROUP

MOUNT YALE CAPITAL GROUP, LLC
1125 SEVENTEENTH STREET
SUITE 1400
DENVER, CO  80202
TELEPHONE 303-382-2880
FACSIMILE 303-382-2888

## CUSTOMER CLAIM

Claim Number_____

Date Received_____

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

### In Liquidation

### DECEMBER 11, 2008

(Please print or type)

Name of Customer: **John A. Jones Revocable Living Trust**
Mailing Address:  2308 Rambling Road,
City:  Johnson City,          State:  TN       Zip: 37604
Account No.: 01-2008-00010423
Taxpayer I.D. Number (Social Security No.): 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

NOTE:    BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY
THE ACCOMPANYING INSTRUCTION SHEET.   A SEPARATE CLAIM FORM
SHOULD BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL
PROTECTION AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE
RECEIVED BY THE TRUSTEE ON OR BEFORE March 4, 2009.  CLAIMS
RECEIVED AFTER THAT DATE, BUT ON OR BEFORE July 2, 2009, WILL BE
SUBJECT TO DELAYED PROCESSING AND TO BEING SATISFIED ON TERMS
LESS FAVORABLE TO THE CLAIMANT.   PLEASE SEND YOUR CLAIM FORM BY
CERTIFIED MAIL - RETURN RECEIPT REQUESTED.

*************************************************************************

1.    Claim for money balances as of December 11, 2008:

a.    The Broker owes me a Credit (Cr.) Balance of        $_____

b.    I owe the Broker a Debit (Dr.) Balance of        $_____

c.    If you wish to repay the Debit Balance,
please insert the amount you wish to repay and
attach a check payable to "Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC."
If you wish to make a payment, it must be enclosed
with this claim form.        $_____

d.    If balance is zero, insert "None."        _____

1

502180406

2.      Claim for securities as of December 11, 2008:

**PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.**

|  | YES | NO |
|---|---|---|
| a.   The Broker owes me securities | X | |
| b.   I owe the Broker securities | | |

c.    If yes to either, please list below: **PLEASE SEE ATTACHED ADDENDUM A**

| Date of Transaction (trade date) | Name of Security | Number of Shares or Face Amount of Bonds | |
|---|---|---|---|
| | | The Broker Owes Me (Long) | I Owe theBroker (Short) |
| | **PLEASE SEE ATTACHED ADDENDUM A** | | |
| | | | |
| | | | |
| | | | |
| | | | |

Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclose, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation.   You should also provide all documentation or information regarding any withdrawals you have ever made or payments received from the Debtor.

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement.   If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.

NOTE:    IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION
ON A SIGNED ATTACHMENT.   IF SUFFICIENT DETAILS ARE NOT
PROVIDED, THIS CLAIM FORM WILL BE RETURNED FOR YOUR
COMPLETION.

|  |  | YES | NO |
|---|---|---|---|
| 3. | Has there been any change in your account since December 11, 2008?  If so, please explain. |  | X |
| 4. | Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of the broker? |  |  |
| 5. | Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or policies of the broker? |  |  |
| 6. | Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in any way with the broker?   If so, give name(s) |  |  |
| 7. | Is this claim being filed by or on behalf of a broker or dealer or a bank?   If so, provide documentation with respect to each public customer on whose behalf you are claiming. |  | X |
| 8. | Have you ever given any discretionary authority to any person to execute securities transactions with or through the broker on your behalf?   Give names, addresses and phone numbers. | PLEASE SEE ATTACHED ADDENDUM A | |
| 9. | Have you or any member of your family ever filed a claim under the Securities Investor Protection Act of 1970?   if so, give name of that broker. |  |  |

Please list the full name and address of anyone assisting you in the preparation of this claim form: **Mount Yale Portfolio Advisors, LLC**

3

If you cannot compute the amount of your claim, you may file an estimated claim.   In that case, please indicate your claim is an estimated claim.

IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM. CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.

THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY INFORMATION AND BELIEF.

Date _____    Signature _____

Date _____    Signature _____

(If ownership of the account is shared, all must sign above.   Give each owner's name, address, phone number, and extent of ownership on a signed separate sheet.   If other than a personal account, e.g., corporate, trustee, custodian, etc., also state your capacity and authority.   Please supply the trust agreement or other proof of authority.)

This customer claim form must be completed and mailed promptly,
together with supporting documentation, etc. to:

Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

4

## ADDENDUM A

TO:         TRUSTEE FOR BERNARD L. MADOFF INVESTMENT SECURITIES LLC

RE:         The Attached Customer Claim Form for **John A. Jones Revocable Living Trust**

Customer is a limited partner investor in Rye Select Broad Market Prime Fund, LP, a Delaware Limited Partnership (the "Rye Fund") for which Tremont Partners, Inc. (operating through its Rye Investment Management division) serves as sole general partner. Customer has been advised that the sole portfolio manager of the Rye Fund was Broker, and all brokerage and trading activity of the Rye Fund was conducted through a brokerage account with Broker.

**Customer is filing this customer claim in an unknown amount and for unknown securities because Customer cannot identify the exact nature of such securities or the value of such securities at this time based on the information available to it.** Customer's claim for securities as of December 11, 2008 consists of Customer's undivided proportionate share of the Rye Fund's cash and securities held by Broker as of such date, the details of which are not available to Customer at this time.

Attached hereto are the following documents evidencing Customer's investment and limited partnership interest in the Rye Fund as of December 11, 2008:

1) Confirmation of Customer's original investment ($250000) was received by the Rye Fund on 8/31/2008 and the original investment (trade date) was made on 9/1/2008.

2) A statement of Customer's limited partnership interest in the Rye Fund as of 10/31/2008 (the latest statement provided by the Rye Fund to its limited partner investors) which was $ 252150.79 ;

3) A copy of the December 19, 2008 letter from Rye that suspended i) the determination of NAV calculations, ii) redemptions from the Fund and iii) payment of withdrawal proceeds;

4) A copy of the letter from Rye dated January 14, 2009 that assigns a value of $0 to your investment;

5) Three trade confirmations from Rye: 1) Confirmation of Cash Receipt, 2) Confirmation of Intent and 3) Trade Confirmation.

BNY ALTERNATIVE INVESTMENT
SERVICES, INC
101 Barclay Street
20th Floor West
New York, New York 10286
USA

A Division of Tremont Group Holdings Inc

Mark Preston
Mount Yale Capital Group
1125 Seventeenth Street
Suite 1400
Denver, CO 80202
USA

# CLIENT STATEMENT

**A/C Number:** 00-1200-800010423
**Period Beginning:** 01-Oct-2008
**Period Ending:** 31-Oct-2008
**Fax Number:** 1-303-382-2888
**E-Mail:** mark.preston@mtyale.com

This statement is being provided to you at the request of John A. Jones Rev Liv. Tr.

| PERFORMANCE SUMMARY | | |
|---|---|---|
| | % Change | |
| Security | Period to Date | Year to Date |
| Rye Select Broad Market Prime Fund, L.P. | -0.12% | 0.86% |

| PERIOD ACTIVITY | | | | | |
|---|---|---|---|---|---|
| Security | Net Opening Capital | Contribution | Net Income / (Loss) | Withdrawals / Trans / ReReg | Net Closing Capital |
| Rye Select Broad Market Prime Fund, L.P. | 252,442.64 | 0.00 | (291.85) | 0.00 | 252,150.79 |
| Totals | 252,442.64 | 0.00 | (291.85) | 0.00 | 252,150.79 |

## DISCLOSURE NOTES

• % Change results are Net of all fees.
• Year To Date change is based on Calendar Year which ends on December 31st.
• All values are in USD.
• This information is not intended to be used for tax reporting or planning.
• This information is unaudited. Audited statements are issued upon conclusion of the fiscal year end audit.
• The Fund's net asset value has been calculated on the basis of market value information with respect to the Fund's portfolio obtained from third parties, including independent pricing vendors, the Fund's manager and administrators of funds in which the Fund may have invested. BNY-AIS does not give any assurances with respect to the accuracy of such market value information.
• Past performance as described herein is not necessarily indicative of future results.
• The Bank of New York acts as custodian with respect to cash. With respect to the portfolio's investments, such investments have been and will continue to be custodied for the benefit of the portfolio at Bernard L. Madoff Investment Securities LLC, 885 Third Avenue, New York, NY, 10022.
• Additional information is available at www.ryeselectfunds.com.

## INVESTOR INQUIRIES

| Telephone: 212.815.4090 | Facsimile: 212.644.6669 | Email: AISOnline_NY@bankofny.com | Web: www.fundadmin.com |
|---|---|---|---|

BNY ALTERNATIVE INVESTMENT
SERVICES, INC.
101 Barclay Street, 20th Floor West
New York, New York 10286
USA

_____

A Division of Treasure Group Holdings Inc.

Fax:    303-382-2888
E-mail:  mark.preston@mtyale.com

25-Sep-2008

Mark  Preston
1125 Seventeenth Street
Suite 1400
Denver, CO 80202
USA

## TRADE CONFIRMATION

Dear Investor,

We are pleased to confirm your investment into Rye Select Broad Market Prime Fund, L.P. The details below confirm the specifics of the transaction executed on your behalf.

Please take a moment to review this confirmation to ensure that all details pertaining to this transaction and your account are correct. If any discrepancies are identified please contact our Investor Services Group as described below.

## ACTIVITY CONFIRMED

| Security | Rye Select Broad Market Prime Fund, L.P. | | |
|---|---|---|---|
| **Details** | | **Contributions** | |
| Action | Buy | Gross Contribution | 250,000.00 |
| Dealing Date | 1-Sep-2008 | Sales Charge/Interest Payment | 0.00 |
| Base Currency | USD | Net Contribution | 250,000.00 |
| Lot Ref. Number | | | |

| ACCOUNT INFORMATION | | INVESTOR INQUIRIES | |
|---|---|---|---|
| Acct. Name | John A. Jones Rev Liv. Tr. | Telephone | 212.815.4090 |
| | | Facsimile | 212.644.6669 |
| Acct. Number | 01-2008-00010423 | Email | AISOnline_NY@bankofny.com |
| Telephone | 423-341-7906 | | |
| Facsimile | -- | Web | www.fundadmin.com |
| Email | | | |

BNY ALTERNATIVE INVESTMENT
SERVICES, INC.
101 Barclay Street, 30th Floor West
New York, New York 10286
USA

‾‾‾‾‾‾  ‾‾‾‾‾‾‾‾
A Division of Tremont Group Holdings, Inc.

Fax:    303-382-2888
E-mail: mark.preston@mtyate.com                              10-Sep-2008

Mark  Preston
1125 Seventeenth Street
Suite 1400
Denver, CO 80202
USA

## CONFIRMATION OF CASH RECEIPT

Dear Investor,

We are pleased to confirm the receipt of your proceeds on behalf of Rye Select Broad Market Prime Fund, L.P. The details below confirm the specifics of the transaction. Your proceeds will not be invested until all requisite documentation has been received in good order and your eligibility as an investor in Rye Select Broad Market Prime Fund, L.P. has been confirmed.

Please take a moment to review this confirmation to ensure that all details pertaining to this transaction and your account are correct. If any discrepancies are identified please contact our Investor Services Group as described below.

## ACTIVITY CONFIRMED

**Details**

| | |
|---|---|
| Action | Cash Received |
| Date Received | 27-Aug-2008 |
| Amount Local | 250,000.00    USD |
| Amount Base | 250,000.00    USD |

**To Be Applied**

| | |
|---|---|
| Dealing Date | 01-Sep-2008 |
| Security | Rye Select Broad Market Prime Fund, L.P. |

| ACCOUNT INFORMATION | | INVESTOR INQUIRIES | |
|---|---|---|---|
| Acct. Name | John A. Jones Rev Liv. Tr. | Telephone | 212.815.4090 |
| | | | |
| Acct. Number | 01-2008-00010423 | Facsimile | 212.644.6669 |
| Telephone | 423-341-7906 | Email | AISOnline_NY@bankofny.com |
| Facsimile | -- | | |
| Email | | Web | www.fundadmin.com |

BNY ALTERNATIVE INVESTMENT
SERVICES, INC.
101 Barclay Street, 20th Floor West
New York, New York 10286
USA

A Division of Tremont Group Holdings, Inc.

Fax:    303-382-2888
E-mail: mark.preston@mtyale.com                                    29-Aug-2008

Mark  Preston
1125 Seventeenth Street
Suite 1400
Denver, CO 80202
USA

## CONFIRMATION OF INTENT

Dear Investor,

Please be advised that we are in receipt of your notice of intent to buy interests in Rye Select Broad Market Prime Fund, L.P. The details below are reflective of the transaction related direction that we have received as of the date of this notice. Please note that the execution of your transaction as detailed below is contingent upon actual receipt of all necessary documentation and acceptance and approval by the Fund or its authorized agent. If you have already provided such documentation, no further action on your part is required.

Please review this Notice carefully to ensure all details pertaining to this transaction and your account are accurate. If any discrepancies are identified please immediately contact our Investor Services Group as described below.

## ACTIVITY CONFIRMED

**Details**

Action Confirmed:  Notice Received
Action Pending:    Buy
Amount:            250,000.00          USD
Dealing Date:      1-Sep-2008
Security:          Rye Select Broad Market Prime Fund, L.P.

| ACCOUNT INFORMATION | | INVESTOR INQUIRIES | |
|---|---|---|---|
| Acct. Name | John A. Jones Rev Liv. Tr. | Telephone | 212.815.4090 |
| | | Facsimile | 212.644.6669 |
| Acct. Number | 01-2008-00010423 | | |
| Telephone | 423-341-7906 | Email | AISOnline_NY@bankofny.com |
| Facsimile | -- | Web | www.fundadmin.com |
| Email | | | |



### PRIVATE AND CONFIDENTIAL

Date:   January 14, 2009

RE:   Valuation for November 30, 2008

      Rye Select Broad Market Fund, LP
      Rye Select Broad Market Prime Fund, LP
      Rye Select Broad Market XL Fund, LP
      Rye Select Broad Market Insurance Fund, L.P.
      (the "Funds")

Dear Investor,

Tremont Partners, Inc. ("Tremont"), as the General Partner for the Funds has taken steps to value the Funds' assets to reflect the impact of the fraudulent activities of Mr. Bernard L. Madoff and his brokerage firm, Bernard L. Madoff Investment Securities LLC ("Madoff Securities").

The arrest of Mr. Madoff by U.S. federal law enforcement on charges of securities fraud on December 11, 2008, prompted Tremont to re-value the Funds effective November 30, 2008.

Based on the reported admissions of Mr. Madoff contained in the complaint filed against him by the United States of America and ensuing commentary by governmental officials, Tremont has concluded that the Funds have lost substantially all of their value. Tremont views the alleged 'ponzi scheme' as an outright theft of the Funds' assets. Furthermore, based on currently available information, it appears that there is no prospect for meaningful recovery of those assets.

Given these facts, Tremont will be calculating the November 30, 2008 net asset values for the Funds to reflect a total loss of assets which were held at Madoff Securities. The Funds will maintain reserves to assist in the recovery process, which we believe will take years. Redemptions will remain suspended until further notice.

We appreciate your continued patience during this time. If you have any questions or inquiries, please do not hesitate to contact us.

Sincerely,

Rye Investment Management

Corporate Center at Rye   555 Theodore Fremd Ave   Rye, New York   10580   P: 914.925.1140   F: 914.925.4090   info@ryeinvestmentmanagement.com

Confidential                          Page 1 of 1                          1/14/2009

Rye Select Broad Market Prime Fund, L.P.
c/o Tremont Partners, Inc.
555 Theodore Fremd Avenue
Rye, New York 10580

December 19, 2008

Re: Rye Select Broad Market Prime Fund, L.P. (the "Partnership")

Dear Limited Partner:

We are writing to inform you of the measures that Tremont Partners, Inc. (the "General Partner") is taking as a result of the apparent fraud perpetrated on the Partnership by Bernard L. Madoff and his firm, Bernard L. Madoff Investment Securities, LLC ("BLMIS"). On Tuesday, December 16, 2008, the SEC issued Release 2008-297, by Commissioner Cox, that restated the emergency actions being taken by the SEC and indicated that it had learned in reviewing records of Madoff that "those records are increasingly exposing the complicated steps that Mr. Madoff took to deceive investors, the public and regulators," and that he maintained "several sets of books and records and false documents, and provided false information involving his advisory activities to investors and regulators." The full text of the release appears at www.sec.gov. The apparent fraud is massive.

As you know, all or substantially all of the Partnership's portfolio had exposure to BLMIS and/or one or more of its affiliates or agents. All capitalized terms used herein and not otherwise defined herein shall have their respective meanings set forth in the Partnership's Amended and Restated Limited Partnership Agreement dated as of March 1, 2008 (the "Partnership Agreement").

The General Partner has determined, pursuant to the Partnership Agreement, that it is the best interests of the Partnership as a whole to declare a temporary suspension of (i) the determination of the Net Asset Value of the Partnership, (ii) withdrawals from the Partnership for those requests submitted for December 31, 2008 and thereafter and (iii) payment of withdrawal proceeds, due to the uncertainty associated with prior Net Asset Value calculations, which remain unpaid as of this date.

Each of the above suspensions will be effective as of December 19, 2008 and will remain in effect until such time as the General Partner determines it is in the best interests of the Partnership to lift such suspension.

We will update you of any new developments in connection with the above matters. We appreciate your patience during this time and wish to assure you that we are consulting with the Partnership's counsel and reviewing all options available to the Partnership.

Sincerely,

TREMONT PARTNERS, INC., General Partner

By: _____
Name: Mark D. Santero
Title: Director

[847504-4]

**BERNARD L. MADOFF INVESTMENT SECURITIES LLC**

In Liquidation

**DECEMBER 11, 2008[1]**

## NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

December 8, 2009

JOHN A. JONES REVOCABLE LIVING TRUST
2308 RAMBLING ROAD
JOHNSON CITY, TN  37604

Dear JOHN A. JONES REVOCABLE LIVING TRUST:

### PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim designated as Claim No. 006397:

Based on a review of available books and records of BLMIS by the Trustee's staff, you did not have an account with BLMIS. Because you did not have an account, you are not a customer of BLMIS under SIPA as that term is defined at 15 U.S.C. § 78lll (2). Accordingly, your Claim for securities and/or a credit balance is **DENIED**.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after December 8, 2009, the date on which the Trustee mailed this notice.

------------------------------

[1] Section 78lll(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78lll(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.



**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York 10004

and

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
Attn: Claims Department
45 Rockefeller Plaza
New York, New York 10111

_____

**Irving H. Picard**

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

158297-435 RIT 11/09

STANDARD OVERNIGHT

10111
NY-US
EWR

TRK# 8710 8813 9598
0200

XA QNYA

emp# 1791213   05JAN10 17:10

**FedEx** US Airbill   For FedEx Express® Shipment

8710 8813 9598

1 From

Date  JAN 6 '10

Sender's
Name  John A. Jones

Company  IRVING PICARD / TRUSTEE

Address  2308 RAMBLING Rd.

City  JOHNSON City  State TN  ZIP 39604

2 Your Internal Billing Reference

3 To
Recipient's
Name  IRVING PICARD / TRUSTEE

Company  BAKER HOSTETLER

Address  45 ROCKEFELLER PLAZA

City  NEW YORK  State NY  ZIP 10111

4a Express Package Service
4b Express Freight Service

5 Packaging

6 Special Handling and Delivery Options

7 Payment

554