Cape Verde Group Ltd.
c/o M. Seligman & Co.
23 Menahem Begin Rd.
p.o.b. 36090,
Tel-Aviv, 66184
Israel

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**THE HONORABLE BANKRUPTCY JUDGE**
**BURTON R. LIFLAND**

SECURITIES INVESTOR PROTECTION CORPORATION,

Plaintiff,

v.

BERNARD L. MADOFF INVESTMENT SECURITIES LLC,

Defendant.

In re:

BERNARD L. MADOFF,

Debtor.

Adv. Pro. No. 08-01789 (BRL)

SIPA Liquidation

(Substantively Consolidated)

**WRITTEN OPPOSITION TO THE TRUSTEE'S DETERMINATION IN OUR CLAIM**

We had indirectly invested in BERNARD L. MADOFF INVESTMENT SECURITIES LLC (hereinafter: "**BLMIS**") a sum of $174,414.15, all of which was lost, with no offsetting gains, due to the BLMIS Ponzi scheme (the "**Lost Funds**").

1. The Lost Funds were invested in units of Platinum All Weather Fund ("**Platinum**"). The 1,367.74 said units were purchased on September 1st, 2004 and though we issued a 'sell' order on October 27th, 2008 we have never received any of our money back..

2. The Platinum units are held directly in our name.

See documents enclosed as **Exhibit 'A'** to this Opposition.

3. As it turned out, Platinum was a Madoff "feeder funds" and 100% of its holdings were "invested" with BLMIS (20% through units of Santa Clara II Fund, and 80% through units of a Sub Fund of Directors Fund SPC Ltd).

See documents enclosed as **Exhibit 'B'** to this Opposition.

4. Despite numerous requests, we have not been able to obtain further information regarding the nature of Platinum's indirect holdings with BLMIS such as the BLMIS account number used.

5. **Our Claim:**

Due to the reasons detailed above, we had filed a claim with regard to our Investment with the Trustee (hereinafter: "**the Claim**").

See documents enclosed as **Exhibit 'C'** to this Opposition.

6. **The Trustee Had Erred In Deciding That We Are Not A "Customer" of BLMIS Under SIPA:**

In his decision dated December 8, 2009, received by us on December 16, 2009, or thereabouts, the Trustee had denied the Claim finding that we did not have an account with BLMIS and thus are not considered a "customer" of BLMIS as this term is defined at 15 U.S.C. § 78/// (2).

With all due respect, the Trustee's said decision is erroneous in all of its aspects, as we shall demonstrate below.

**A. BLMIS is directly liable towards us under the law of Torts:**

The first major flaw in the Trustee's decision is that the denial of our Claim cannot be based solely on the finding whether we are a "Customer" of BLMIS as this term is defined at 15 U.S.C. § 78/// (2) or not.

Regardless of the finding of whether we are a "Customer" of BLMIS or not, BLMIS is still liable towards us due to the fact that it had fraudulently extracted monies from us through criminal offense.

At the outset we had invested in BLMIS based on false representations that the monies were to be invested in what we believed to be a lawful and legitimate investment fund.

As it had *ex-post* been discovered, the monies were extracted within the framework of an elaborate Ponzi scheme.

Accordingly, we, as all other investors in BLMIS, fell victim to fraud, and thus had sustained damages due to tort in the full amount of our Investment.

The fact that we had executed our Investment through a "feeder fund" is irrelevant. The "feeder fund" had served as a mere pipeline for our investment in BLMIS, and it was clear at the outset to all parties involved, including BLMIS, that our Investment, as all investments in

BLMIS through the various existing investment vehicles, was indeed an investment in BLMIS.

Moreover, it was explicitly known to BLMIS that its criminal behavior will lead to damages, which we will directly and personally sustain, regardless of the investment vehicle.

Accordingly, BLMIS had a duty of care, as well as fiduciary duties towards us, irrespective of our investment vehicle.

Its fraudulent and criminal conduct left no doubt whatsoever that BLMIS had been in blatant breach of its said duties, *inter alia*, towards us.

Accordingly, and solely in light of the reasons detailed above, the Honorable Court is requested to find that the Trustee had erred in his decision to deny our Claim.

**B. We are a "Customer" as this term is defined at 15 U.S.C. § 78*lll* (2):**

Without derogating from the above we shall further argue that the Trustee had erroneously found that we are not a "Customer", as this term is defined at 15 U.S.C. § 78*lll* (2).

Indeed we had invested in BLMIS through a "feeder fund". However, the "feeder fund" had served as a mere pipeline for our investment in BLMIS, and it was clear at the outset to all parties involved, including BLMIS, that our Investment, as all investments in BLMIS through the various existing investment vehicles, was indeed an investment in BLMIS.

It is inappropriate and unjustified to treat the Investment any differently than any other investment in BLMIS, merely on the basis of the vehicle through which it had been executed. Ultimately, BLMIS received numerous investments through a wide variety of vehicles, instituted in order to allow various portfolio managers to invest therein.

All of the said investments have two basic and fundamental facts in common, as follows:

a) All had been performed knowingly **in BLMIS**, regardless of the vehicle;
b) All were victimized by Mr. Madoff's Ponzi scheme.

These facts negate the possibility that the investment vehicle be the only reason that two identical investments in BLMIS be treated differently.

Moreover, the language of 15 U.S.C. § 78*lll* (2) clearly supports our understanding that we indeed are a "Customer" of BLMIS under SIPA.

In 15 U.S.C. § 78*lll* (2) it is stated that *"any person (including any person with whom the debtor deals as principal or agent) who has a claim on account of securities received, acquired, or held by the debtor in the ordinary course of its business as a broker or dealer from or for the securities accounts of such person for safekeeping, with a view to sale, to*

*cover consummated sales, pursuant to purchases, as collateral security, or for purposes of effecting transfer. The term "customer" includes any person who has a claim against the debtor arising out of sales or conversions of such securities, and any person who has deposited cash with the debtor for the purpose of purchasing securities...".*

In the matter at hand, we had clearly deposited cash with BLMIS for the purpose of purchasing securities. The fact that BLMIS had misused the money it had received does not derogate from the said definition (it could only reinforce our Claim against it).

It is further clear that in the matter at hand the monies we had deposited with BLMIS were invested therein in its regular course of business, for safekeeping, with a view to sale / purchase / transfer.

Accordingly, and solely in light of the reasons detailed in this chapter above, the Honorable Court is requested to find that the Trustee had erred in his decision to deny our Claim.

**C. Preservation of Rights:**

Without derogating from the above and due to reasons of legal caution alone we shall further argue that in the event that despite the above the Honorable Court finds that the Trustee had not erred in interpreting 15 U.S.C. § 78/// (2) and implementing it to the matter at hand (a position which is in itself denied), this Opposition is filed in order to preserve our rights until the letter of 15 U.S.C. § 78/// (2) is reinterpreted or broadened in a manner that recognizes us as "customers" of BLMIS.

Yours sincerely,

____________________

Cape Verde Group Ltd.

CC:

Mr. Irving H. Picard
BLMIS Trustee

For COSIGN SERVICES LIMIT...
Director

For SPREAD SERVICES LIMIT...
Director

Cape Verde

Exhibit A.

# ..ailed Positions

Duplicate

Cape Verde Group Ltd
Portfolio Number 206-406997-01
Statement of Assets as of 31 December 2008
UBS AG, produced on 2 January 2009

Valued in USD

**By Investment Category**

| Number/Amount | Description | Sector Rating Duration Yield | Cost Price Exchange Rate Cost Value Last Purchase Date | Market Price Exchange Rate Date | Market Gains Exchange Gains Profit/Loss | Market Value Accrued Interest | % of NA |
|---|---|---|---|---|---|---|---|
| **Equities and Similar Investments** | | | | | | | |
| **Japan** | | | | | | | |
| 13 090 | Shs -AC- UBAM Sicav - IFDC Japan Equity capitalisation Security No. 463794 - Custodian Bank EMU | JPY | 1 225 x<br>0.009365 | 659<br>0.011031<br>30.12.2008 | -46.20%<br>17.80%<br>-36.63% | 95 161 | 16.01 |
| **Subtotal Japan** | | | | | | 95 161<br>0 | 16.01<br>0.00 |
| **Total Equities and Similar Investments** | | | | | | 168 757 | 28.39 |
| **Total Accrued Interest Equities and Similar Investments** | | | | | | 0 | 0.00 |
| **Alternative Investments** | | | | | | | |
| **Hedge Funds** | | | | | | | |
| 1 367.74 | Ptg red.pref.shs Platinum All Weather Fund Ltd Security No. 1565852 - Custodian Bank IE | USD | 130.874 x | 129.919128<br>31.10.2008 | -0.73%<br>-0.73% | 177 696 | 29.90 |
| **Subtotal Hedge Funds** | | | | | | 177 696<br>0 | 29.90<br>0.00 |
| **Total Alternative Investments** | | | | | | 177 696 | 29.90 |
| **Total Accrued Interest Alternative Investments** | | | | | | 0 | 0.00 |
| **Total Market Value** | | | | | | 592 792 | 99.74 |
| **Total Accrued Interest** | | | | | | 1 536 | 0.26 |
| **Total Net Assets** | | | | | | 594 328 | 100.00 |

Exhibit B



PLATINUM ALL WEATHER FUND LIMITED (the "Fund")
c/o The Harbour Trust Co. Ltd.
One Capital Place
PO Box 897
George Town
Grand Cayman KY1-1103
Cayman Islands

December 22, 2008

Dear Fellow Shareholder,

Estimations indicate that approximately 20% of the Fund is invested in Santa Clara II Fund ("Santa Clara") and approximately 80% in a Sub-Fund of Directors Fund SPC Ltd ("Directors SPC"), both of which we understand to be invested with Bernard L. Madoff Investment Securities LLC ("Madoff").

The following information has been received from Santa Clara and Directors SPC:

- Santa Clara has reported that it intends to write down the value of its Madoff holdings to zero and to institute compulsory redemption procedures, with a distribution of remaining proceeds. Santa Clara has further stated that, in the event the Madoff-exposed assets ever regain value, appropriate steps will be taken.
- Directors SPC has informed the Fund that it has decided to suspend calculations of the Net Asset Values as well as subscriptions and redemptions, and will keep investors updated as more information becomes available.

Consequently, the Fund regrets that is unable to calculate Net Asset Values and will be unable to service subscription or redemption requests until further notice.

We will keep you informed as further information develops.

Yours truly,

The Directors
Platinum All Weather Fund Limited

CUSTOMER CLAIM

Claim Number______

Date Received______

BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

DECEMBER 11, 2008

(Please print or type)

Name of Customer: Cape Verde Group LTD
Mailing Address: ______
City: ______ State: ______ Zip: ______
Account No.: ______
Taxpayer I.D. Number (Social Security No.): ______

NOTE: BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY THE ACCOMPANYING INSTRUCTION SHEET. A SEPARATE CLAIM FORM SHOULD BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL PROTECTION AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE RECEIVED BY THE TRUSTEE ON OR BEFORE March 4, 2009. CLAIMS RECEIVED AFTER THAT DATE, BUT ON OR BEFORE July 2, 2009, WILL BE SUBJECT TO DELAYED PROCESSING AND TO BEING SATISFIED ON TERMS LESS FAVORABLE TO THE CLAIMANT. PLEASE SEND YOUR CLAIM FORM BY CERTIFIED MAIL - RETURN RECEIPT REQUESTED.

*****************************************************************************

1. Claim for money balances as of December 11, 2008:

See attached Letter.

*a. The Broker owes me a Credit (Cr.) Balance of * $ 177,696.

b. I owe the Broker a Debit (Dr.) Balance of $______

c. If you wish to repay the Debit Balance, please insert the amount you wish to repay and attach a check payable to "Irving H. Picard, Esq., Trustee for Bernard L. Madoff Investment Securities LLC." If you wish to make a payment, it must be enclosed with this claim form. $______

d. If balance is zero, insert "None." ______

* in respect of Platinum All Weather Fund

502180406

2. Claim for securities as of **December 11, 2008**:

**PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.**

| | YES | NO |
|---|---|---|
| a. The Broker owes me securities | | |
| b. I owe the Broker securities | | |

c. If yes to either, please list below:

| Date of Transaction (trade date) | Name of Security | Number of Shares or Face Amount of Bonds: The Broker Owes Me (Long) | Number of Shares or Face Amount of Bonds: I Owe the Broker (Short) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclose, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation. You should also provide all documentation or information regarding any withdrawals you have ever made or payments received from the Debtor.**

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement. If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.

**PLEASE CHECK THE APPROPRIATE ANSWER FOR ITEMS 3 THROUGH 9.**

NOTE: IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION ON A SIGNED ATTACHMENT. IF SUFFICIENT DETAILS ARE NOT PROVIDED, THIS CLAIM FORM WILL BE RETURNED FOR YOUR COMPLETION.

| | | YES | NO |
|---|---|---|---|
| 3. | Has there been any change in your account since December 11, 2008? If so, please explain. A redemption request has been sent and received by the fund. | X | |
| 4. | Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of the broker? | | X |
| 5. | Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or policies of the broker? | | X |
| 6. | Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in any way with the broker? If so, give name(s) | | X |
| 7. | Is this claim being filed by or on behalf of a broker or dealer or a bank? If so, provide documentation with respect to each public customer on whose behalf you are claiming. | | X |
| 8. | Have you ever given any discretionary authority to any person to execute securities transactions with or through the broker on your behalf? Give names, addresses and phone numbers. | | X |
| 9. | Have you or any member of your family ever filed a claim under the Securities Investor Protection Act of 1970? If so, give name of that broker. | | X |

Please list the full name and address of anyone assisting you in the preparation of this claim form:____________

502180406

If you cannot compute the amount of your claim, you may file an estimated claim. In that case, please indicate your claim is an estimated claim.

IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM. CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.

THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY INFORMATION AND BELIEF.

Date 2 March 2009 Signature ______
For COSIGN SERVICES LIMITED
Director

Date 2 March 2009 Signature ______
For SPREAD SERVICES LIMITED
Director

(If ownership of the account is shared, all must sign above. Give each owner's name, address, phone number, and extent of ownership on a signed separate sheet. If other than a personal account, *e.g.*, corporate, trustee, custodian, etc., also state your capacity and authority. Please supply the trust agreement or other proof of authority.)

**This customer claim form must be completed and mailed promptly, together with supporting documentation, etc. to:**

Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

502180406

...LY URGENT

DO NOT SEND CASH, CASH EQUIVALENT OR JEWELLERY.

...SE PLACE AIR WAYBILL IN POUCH WITH THE BAR CODE AT THE TOP

EXPRESS/WORLDWIDE DOX DHL

IntraShip

From INTERTRUST INTERNATIONA MANAGEMENT [GSY] LTD
Zara Marie Torode 01481 211883
PO Box 119
Martello Court
GY1 3HB St Peter Port
GG Guernsey

Origin
GCI

To
BAKER & HOSTETLER LLP
IRVING H. PICARD TRUSTEE
CLAIMS DEPARTMENT
45 ROCKEFELLER PLAZA
**10111 NEW YORK New York**
**US United States of America**

Contact:
212 589 420
0

**US-ZYP-JRA**

Day Time

Ref code C3167 / C5124
Account No 182855670

Piece Weight: 0.1 kg
Pickup date: 2010-01-05

Piece
1/1

Content / Commerce Control Statement / RC
LEGAL DOCUMENTS
Service : DDU Customs Value : 0.00 GBP
Imp/Exp Type : permanent IV : 0.00 GBP

WAYBILL 79 4329 2033

(2L)US10111+42000000

(J)JD01 4541 5788 7000 8205

---

Express Worldwide (d DOX DHL

10111 NEW YORK, United States

Origin:
GCI

A012 US-ZYP-JRA ----

Day Time

Account No. 182855670 Date: Pce / Shpt Weight Piece

Ref code: C3167 / C512 0.10 / 0.10 KG 1/1

Content description

WAYBILL 79 4329 2033

(2L)US10111+42000000

(J)JD01 4541 5788 7000 8205