# RICHARD H. STEINBERG
10304 Crosby Place
Port St. Lucie, Florida 34986
Tel. 772-460-6356
Fax 772-460-6357

February 8, 2010

Irving H. Picard, Esq., Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111

    Re:   **Roslyn Steinberg, Deceased**
           **Claim No.: 001025**
           **BLMIS Account No.: 1ZA485**

Dear Mr. Picard:

    Thanks for your January 20, 2010 letter responding to my correspondence of November 17, 2009 and January 12, 2010, in which you acknowledged receipt of documentation regarding my wife's death and my appointment as Personal Representative of her Estate. I also received your Notice of Trustee's Determination of Claim, dated January 25, 2010, delivered to my home address on January 30, 2010, about which I have the following concerns on which I am requesting your consideration and timely response:

1) The Notice of Determination was addressed to my late wife, Roslyn Steinberg, as was the accompanying form of Assignment and Release, rather than in my name and capacity as Personal Representative. Whatever will be the final agreed-on amount of the "ALLOWED CLAIM", referenced in paragraph 2 below, you are requested to furnish to me, as Personal Representative of the Estate, a properly titled form of Assignment and Release for my completion and return to you.

2) I respectfully disagree with your proposal distribution to be made in the sum of $183,157.75 and I hereby request that you amend your determination and agree to pay to my late wife's Estate the full sum of $240,000.00, being the amount deposited by my wife with BLMIS on July 16, 2008, against which no withdrawals were ever made. My wife, as evidenced by your Table 1, became the owner of BLMIS Account No. 1ZA485 by inheritance from the Estate of her mother, Zelda Israel, who died in June, 2008, at which time my wife directed that the entire balance of the Account shall be invested and that no periodic distributions shall be made to her from the balance then in the Account nor from the new investment of $240,000.00. Assuming for purposes of this discussion that your proposed "cash in/cash out approach" is finally adopted by the Bankruptcy Court and any appellate courts thereafter, you should apply that approach and increase the award to the Estate to be in the sum of $240,000.00, and nothing less than

339438

February 8, 2010
Page 2

that amount, as being her actual "net equity" balance. My wife paid-in that amount in July, 2008 and her Estate is entitled to be paid that amount. Please forward your decision to me in timely fashion together with a corrected form of Assignment and Release reflecting and confirming payment to be made by the Trustee to the Estate for the full $240,000.00 sum. My consent to accept $240,000.00 from BIPC by execution and delivery of the corrected Assignment and Release in that amount shall be subject to redetermination should a final and unappealable Court order determine that the Trustee's interpretation of "net equity" and its corresponding application to the Estate's claim is incorrect. All rights or claims for redetermination in such event are reserved to the Estate and to me personally and my children pursuant to provisions of my wife's Will, as probated.

Pursuant to your Notice, a copy of this letter is being directed to the Clerk of the United States Bankruptcy Court for the Southern District of New York. I shall await your reconsideration and written response as promptly as circumstances permit. If you refuse to increase the amount of the Allowed Claim to $240,000.00, please notify me of when a hearing date will be scheduled.

Respectfully submitted by:

RICHARD H. STEINBERG

RHS/ac
cc: Clerk of the United States Bankruptcy Court for the Southern District of New York

339438

