

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

SECURITIES INVESTOR PROTECTION
CORPORATION,

        Plaintiff-Applicant,

        v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

        Defendant.

Adv. Pro. No. 08-01789-BRL

SIPA Liquidation

## ASSIGNMENT AND RELEASE

**KNOW ALL MEN BY THESE PRESENTS,** that SCOTT MOSCOE AND

SAMANTHA MOSCOE JT/WROS, located at 2221 Pine Island Road, Minnetonka, Minnesota

55305 (hereinafter jointly referred to as the "Assignors") in consideration of the payment of

$290,000.00 to satisfy their claim for customer protection (the "Customer Claim", having been

designated Claim #1500) filed in the liquidation proceeding of Bernard L. Madoff Investment

Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §78aaa et

seq. ("SIPA") (see §§78fff-2(b), 78fff-2(d), and §78fff-3(a)(1) of SIPA), do for each of

themselves hereby assign, transfer and set over to Irving H. Picard as SIPA Trustee (the "SIPA

Trustee") for the liquidation of BLMIS (see §78fff-2(b) of SIPA), and the Securities Investor

Protection Corporation ("SIPC"), as subrogee to the extent of its cash advances to the SIPA

Trustee for the satisfaction of the aforementioned Customer Claim (see §78fff-3(a)(1) of SIPA),

any and all rights, including causes of action or claims, that Assignors now may have against

BLMIS and/or any third party arising out of or relating to any fraudulent or illegal activity with

respect to Assignors' BLMIS account (Account No. 1EM479, the "BLMIS Account"), which

gave rise to the allowed Customer Claim for securities filed by Assignors against BLMIS. Such assignment is only to the extent that Assignors have received satisfaction of the Customer Claim as set forth above.

Further, Assignors have not previously compromised or assigned any claim, cause of action or other right against BLMIS, its principals or agents or any third party arising out of or related to any fraudulent or illegal activity giving rise to the Customer Claim.

Upon reasonable request of the SIPA Trustee or SIPC, Assignors agree to cooperate with the SIPA Trustee or SIPC in connection with any efforts of either to recover from the principals or agents of BLMIS or anyone else for amounts advanced by SIPC or paid by the SIPA Trustee to satisfy Assignors' Customer Claim in this SIPA liquidation proceeding. Such efforts to recover by the SIPA Trustee or SIPC, either to demand or pursue or to prosecute or settle any collection effort, action or proceeding therefore, shall be at the sole cost of the SIPA Trustee or SIPC.

Effective immediately and without further action, contingent only upon Assignors' receipt from the SIPA Trustee or his agent of a check in the amount of $290,000.00 as set forth in the SIPA Trustee's Notice of Determination of the Customer Claim dated January 29, 2010, (the "Trustee's Determination"), and upon receipt by the SIPA Trustee of this executed and notarized Assignment and Release, the Assignors do for each of themselves, and for their respective executors, administrators, heirs and assigns hereby remise, release and forever discharge the SIPA Trustee and SIPC, as subrogee to the extent of its cash advances for the satisfaction of the Customer Claim, and, as the case may be, their officers, directors, professionals, employees, agents, successors and assigns, of and from any and all claims arising out of or relating to the Assignors' BLMIS Account, the Customer Claim filed with the SIPA Trustee as protected by the

provisions of SIPA, and any and all circumstances giving rise to said Customer Claim that the Assignors now has, or hereafter may have, for or by any reason, cause, matter or thing whatsoever from the beginning of the world to the date of the execution of this Assignment and Release, only to the extent that the SIPA Trustee and/or SIPC has paid monies to the Assignors to satisfy Assignors' Customer Claim.

Should a final and unappealable Court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Assignment and Release shall be construed as a waiver of any rights or claims held by Assignors in having their customer claim re-determined in accordance with any such Court order. The payment of the undisputed amount of the Assignors' Customer Claim (up to the limits of SIPA protection) will be without prejudice to the Trustee's and the Assignors' rights, claims, and defenses with respect to the disputed portion(s) of the Assignors' Customer Claim.

Assignors acknowledge the sufficiency of the consideration to be received in accordance with the SIPA Trustee's Determination and under this Assignment and Release.

**IN WITNESS WHEREOF,** the undersigned has on this day set forth below duly
executed this Assignment of Assignor's Customer Claim and Release, intending to be legally
bound hereby.

SCOTT MOSCOE & SAMANTHA MOSCOE JT/WROS

By: _____
Scott Moscoe

Sworn and subscribed before me this
28 day of Feb , 2010.

_____
Notary Public

And
By: _____
Samantha Moscoe

Sworn and subscribed before me this
8 day of February , 2010.

_____
Notary Public

Daphne M. Rhodes
NOTARY PUBLIC
State of Minnesota
My Commission Expires 1-31-2014