Gerard S. Catalanello, Esq.
DUANE MORRIS LLP
1540 Broadway
New York, NY 10036-4086
Telephone: 212.692.1000
Fax: 212.692.1020
gcatalanello@duanemorris.com
Attorneys for Raven C. Wile


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------

SECURITIES INVESTOR PROTECTION.
CORPORATION,

            Plaintiffs

vs.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

            Defendant.

-------------------------------------------------------------------

Adv. Pro. No. 08-01789 (BRL)

SIPA Liquidation

**OBJECTION TO TRUSTEE'S
DETERMINATION OF CLAIM**


       Raven C. Wile ("Wile") hereby objects to the Trustee's Determination of Claim dated

January 27, 2010 (the "Determination Letter") and states as follows:


**BACKGROUND FACTS**


    1.      In and around 1993, Wile opened an account (the "Account") with Bernard L.

Madoff Investment Securities LLC ("Madoff").


    2.      According to the Madoff statement for the period ending November 30, 2008, the

Account had a balance of $757,102.

DM3\1304817.1

3.        On or about January 27, 2010, the Trustee delivered the Determination Letter to

Wile, a copy of which is annexed hereto as Exhibit "A".   The Determination Letter denies the

claim filed by Wile on the basis that Wile does not have "net equity" in her Account.

## GROUNDS FOR OBJECTION

### A.    The Trustee's "Net Equity" Position Has No Merit

4.        As set forth in numerous other objections filed by investors similarly situated to

Wile, the Determination Letter fails to comply with the Court order dated December 23, 2008

which directs the Trustee to satisfy customer claims and deliver securities in accordance with "the

Debtor's books and records." December 23, 2008 Order at 5 (Docket No. 12). The November 30,

2008 Account statement generated by Madoff is reflective of "the Debtor's books and records" by

which the Trustee is bound, absent proof that Wile did not have a "legitimate expectation" that

the balance on the Account statement represented her property interest.

5.        The Trustee's position that Wile' claim should be denied because Wile does not

have "net equity" in her Account is baseless.   Wile adopts and incorporates all of the objections

previously filed by investors similarly situated regarding the Trustee's "net equity" position as if

fully stated herein.

### B.    Wile Is Entitled To Prejudgment Interest

6.        Wile also adopts and incorporates herein all of the objections previously filed by

others similarly situated regarding the Trustee's objection to pay interest on funds deposited in

the Account.

7.        Under New York law, funds deposited with Madoff are entitled to interest. *See,*

*e.g.*, N.Y.C.P.L.R. § 5004; N.Y. Gen. Oblig. § 5-501, et seq. Moreover, since Madoff converted

2

Wile's funds, he is also entitled to prejudgment interest. *See, e.g., Steinberg v. Sherman*, No.

07-1001, 2008 U.S. Dist. LEXIS 35786, at *14-15 (S.D.N.Y. May 2, 2008) ("Causes of action

such as .. . conversion and unjust enrichment qualify for the recovery of prejudgment interest.");

*Eighteen Holding Corp. v. Drizin*, 701 N.Y.S. 2d 427,428 (1st Dept. 2000) (awarding

prejudgment interest on claims for unjust enrichment and conversion).

**C.    The Trustee Has No Power To Claw Back Withdrawals Beyond The Statute Of Limitations**

8.        Finally, Wile also adopts and incorporates herein all of the objections filed by

those investors similarly situated regarding the Trustee's inappropriate use of his avoiding powers

to attempt avoid transactions beyond the applicable statute of limitations.   In this regard, Wile

submits that the Trustee has no power or authority to selectively eliminate all transactions in the

Account as set forth in the Determination Letter beyond the applicable statute of limitations. [1]

---

[1] Wile reserves all of his rights and defenses with respect to any fraudulent conveyance claim or any other avoidance claim brought by the Trustee.

3

## CONCLUSION

9.      For the reasons set forth above and more fully in the objections filed by those similarly situated, Wile is entitled to (i) have her claim recognized in the amount of $757,102, consistent with the November 30, 2008 Account statement, and (ii) such other and further relief as is just and proper.

February 24, 2010

DUANE MORRIS LLP

By:_____
       Gerard S. Catalanello

1540 Broadway
New York, NY 10036-4086
(212) 692-1022
Attorneys for Raven C. Wile

4

# EXHIBIT A

# BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

## DECEMBER 11, 2008[1]

## NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

January 27, 2010

Raven C. Wile
The Seasons
4 Martine Avenue Apt. #916
White Plains, NY  10606

Dear Ms. Wile:

## PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim on BLMIS Account No. 1W0076 designated as Claim Number 010578:

Your claim for securities and, to the extent your claim is a claim for a credit balance, for a credit balance is **DENIED**.  No securities were ever purchased for your account.

Further, based on the Trustee's analysis, the amount of money you withdrew from your account at BLMIS (total of $920,000.00), as more fully set forth in Table 1 annexed hereto and made a part hereof, is greater than the amount that was deposited with BLMIS for the purchase of securities (total of $320,327.18). As noted, no securities were ever purchased by BLMIS for your account. Any and all profits reported to you by BLMIS on account statements were fictitious.

---

1 Section 78lll(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78lll(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

As reflected in Table 1, certain of the transfers into or out of your account have been adjusted. As part of the Trustee's analysis of accounts, the Trustee has assessed accounts based on a money in/money out analysis (i.e., has the investor deposited more or less than he or she withdrew from BLMIS). This analysis allows the Trustee to determine which part of an account's balance is originally invested principal and which part is fictitious gains that were fabricated by BLMIS. A customer's allowed claim is based on the amount of principal in the customer's account.

Whenever a customer requested a transfer from one account to another, the Trustee analyzed whether the transferor account had principal in the account at the time of the transfer. The available principal in the account was transferred to and credited in the transferee account. Thus, the reason that the adjusted amount of transferred deposits or withdrawals in Table 1 is less than the purported transfer amount is that the transferor account did not have sufficient principal available to effectuate the full transfer. The difference between the purported transfer amount and the adjusted transfer amount is the amount of fictitious gain that was transferred to or from your account. Under the money in/money out analysis, the Trustee does not give credit for fictitious gains in settling your allowed claim.

Since there were no profits to use either to purchase securities or to pay you any money beyond the amount that was deposited into your BLMIS account, the amount of money you received in excess of the deposits in your account ($599,672.82) was taken from other customers and given to you. Accordingly, because you have withdrawn more than was deposited into your account, you do not have a positive "net equity" in your account and you are not entitled to an allowed claim in the BLMIS liquidation proceeding. Therefore, your claim is **DENIED** in its entirety.

Should a final and unappealable court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by you in having your customer claim re-determined in accordance with any such Court order.

Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by the Trustee against you.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after January 27, 2010, the date on which the Trustee mailed this notice.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York  10004

and

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York  10111

Irving H. Picard

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

3

| Table 1 | | | |
| --- | --- | --- | --- |
| **DEPOSITS** | | | |
| DATE | TRANSACTION DESCRIPTION | AMOUNT | ADJUSTED AMOUNT |
| 5/5/1997 | TRANS FROM 1W004610 | $569,899.71 | $268,327.18 |
| 2/11/1998 | CHECK | $37,000.00 | $37,000.00 |
| 5/3/1999 | CHECK | $15,000.00 | $15,000.00 |
| **Total Deposits:** | | $621,899.71 | $320,327.18 |
| **WITHDRAWALS** | | | |
| DATE | TRANSACTION DESCRIPTION | AMOUNT | ADJUSTED AMOUNT |
| 7/1/1997 | CHECK | ($20,000.00) | ($20,000.00) |
| 10/1/1997 | CHECK | ($20,000.00) | ($20,000.00) |
| 1/2/1998 | CHECK | ($20,000.00) | ($20,000.00) |
| 4/1/1998 | CHECK | ($20,000.00) | ($20,000.00) |
| 7/1/1998 | CHECK | ($20,000.00) | ($20,000.00) |
| 10/1/1998 | CHECK | ($20,000.00) | ($20,000.00) |
| 1/4/1999 | CHECK | ($20,000.00) | ($20,000.00) |
| 4/1/1999 | CHECK | ($20,000.00) | ($20,000.00) |
| 7/1/1999 | CHECK | ($20,000.00) | ($20,000.00) |
| 10/1/1999 | CHECK | ($20,000.00) | ($20,000.00) |
| 1/3/2000 | CHECK | ($20,000.00) | ($20,000.00) |
| 4/3/2000 | CHECK | ($20,000.00) | ($20,000.00) |
| 7/3/2000 | CHECK | ($20,000.00) | ($20,000.00) |
| 10/2/2000 | CHECK | ($20,000.00) | ($20,000.00) |
| 1/2/2001 | CHECK | ($20,000.00) | ($20,000.00) |
| 4/2/2001 | CHECK | ($20,000.00) | ($20,000.00) |
| 7/2/2001 | CHECK | ($20,000.00) | ($20,000.00) |
| 10/1/2001 | CHECK | ($20,000.00) | ($20,000.00) |
| 1/2/2002 | CHECK | ($20,000.00) | ($20,000.00) |
| 4/1/2002 | CHECK | ($20,000.00) | ($20,000.00) |
| 7/1/2002 | CHECK | ($20,000.00) | ($20,000.00) |
| 10/1/2002 | CHECK | ($20,000.00) | ($20,000.00) |
| 1/2/2003 | CHECK | ($20,000.00) | ($20,000.00) |
| 4/1/2003 | CHECK | ($20,000.00) | ($20,000.00) |
| 7/1/2003 | CHECK | ($20,000.00) | ($20,000.00) |
| 10/1/2003 | CHECK | ($20,000.00) | ($20,000.00) |
| 1/2/2004 | CHECK | ($20,000.00) | ($20,000.00) |
| 4/1/2004 | CHECK | ($20,000.00) | ($20,000.00) |
| 7/1/2004 | CHECK | ($20,000.00) | ($20,000.00) |
| 10/1/2004 | CHECK | ($20,000.00) | ($20,000.00) |
| 1/3/2005 | CHECK | ($20,000.00) | ($20,000.00) |
| 4/1/2005 | CHECK | ($20,000.00) | ($20,000.00) |

4

| Date | Type | Amount | Balance |
|---|---|---|---|
| 7/1/2005 | CHECK | ($20,000.00) | ($20,000.00) |
| 10/3/2005 | CHECK | ($20,000.00) | ($20,000.00) |
| 1/3/2006 | CHECK | ($20,000.00) | ($20,000.00) |
| 4/3/2006 | CHECK | ($20,000.00) | ($20,000.00) |
| 7/3/2006 | CHECK | ($20,000.00) | ($20,000.00) |
| 10/2/2006 | CHECK | ($20,000.00) | ($20,000.00) |
| 1/2/2007 | CHECK | ($20,000.00) | ($20,000.00) |
| 4/2/2007 | CHECK | ($20,000.00) | ($20,000.00) |
| 7/2/2007 | CHECK | ($20,000.00) | ($20,000.00) |
| 10/1/2007 | CHECK | ($20,000.00) | ($20,000.00) |
| 1/2/2008 | CHECK | ($20,000.00) | ($20,000.00) |
| 4/1/2008 | CHECK | ($20,000.00) | ($20,000.00) |
| 7/1/2008 | CHECK | ($20,000.00) | ($20,000.00) |
| 10/1/2008 | CHECK | ($20,000.00) | ($20,000.00) |
| **Total Withdrawals:** | | ($920,000.00) | ($920,000.00) |
| | | | |
| **Total deposits less withdrawals:** | | ($298,100.29) | ($599,672.82) |

5