1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------
In the Matter of:                    )      *800-8178-288*
                                     )
NEW TIMES SECURITIES                 )
SERVICES, INC.                       )
                                     )
              Debtor                 )
                                     )
-----------------------------------

1) Application filed by proposed class claimants to
authorize and approve the filing of a class proof of claim
and for a certification of the putative class and to
shorten time for the hearing

Memorandum by proposed class claimants

Memorandum by Plaintiff Securities Investor Protection
Corporation

Memorandum of law by Trustee James W. Giddens

Affidavit of Derek J. T. Adler in opposition

                              United States Bankruptcy
                              Court
                              Westbury, New York

                              July 28, 2000
                              10:00 a.m.

    B E F O R E :

              HONORABLE STAN BERNSTEIN
              United States Bankruptcy Judge

    A P P E A R A N C E S :

          HUGHES HUBBARD & REED LLP
               Attorney for James W. Giddens, Trustee
          One Battery Park Plaza
          New York, New York  10004
               BY:  JAMES W. KOBAK, JR, ESQ.
                    DANIEL S. LUBELL, ESQ.


    (516) 741-5342    Tankoos Reporting Co.    (212) 349-9692

APPEARANCES (Contd.)

STEPHEN P. HARBECK, ESQ.
    General Counsel and Secretary
Securities Investor Protection Corporation
805 15th Street, N.W., Suite 800
Washington, D.C.  20005


FARRELL FRITZ
    Co-Counsel for Class Claimants and
    Putative Class Plaintiffs
EAB Plaza
Uniondale, New York  11556
    BY:  TED A. BERKOWITZ, ESQ.


HELLER HOROWITZ & FEIT, P.C.
    Co-Counsel for Class Claimants and
    Putative Class Plaintiffs
292 Madison Avenue
New York, New York  10017
    BY:  SIGMUND S. WISSNER-GROSS. ESQ.
         ALAN EISENBERG, ESQ.


RICHARD L. STONE, ESQ.
    Receiver for New Age Financial Services
830 Third Avenue
New York, New York  10022


SECURITIES AND EXCHANGE COMMISSION
Northeast Regional Office
7 World Trade Center
New York, New York  10048  .
    BY:  ALISTAIRE BAMBACH, ESQ.

1          THE COURT:  But, there were -- there were

2   persons in that class.

3          MR. HARBECK:  Yes, sir, there were persons who

4   deposited money with at least one of them, and I assume

5   with the Debtor --

6          THE COURT:  Okay, well, we're --

7          MR. HARBECK:  -- to buy those.

8          THE COURT:  -- assuming that, for the purpose

9   of argument, --

10         MR. HARBECK:  Correct.

11         THE COURT:  -- with the Debtor.

12         All right.  So, what's the second kind of

13  claim?

14         MR. HARBECK:  The second kind of claims are for

15  people who bought real honest-to-goodness mutual funds.

16         THE COURT:  Okay, and that's different from

17  securities.

18         MR. HARBECK:  No, they are securities, but

19  they're real securities, unlike these fictitious shares of

20  the New Age Money Market.

21         THE COURT:  But, SIPC draws a distinction for

22  purposes of administration of this case, between my having

23  shares of IBM, versus my having shares of --

24         MR. HARBECK:  New Age Money Market Fund.

25         THE COURT:  No, no, no.  Third category.

1          MR. HARBECK: No. The mutual fund shares are

2  just the kind of securities these people bought. You

3  could think of them in terms of being IBM, if you want.

4  It's the same -- same analysis.

5          THE COURT: Okay. But, it -- at the macro

6  level, the mutual fund has securities. Those may be IBM,

7  or anything else.

8          MR. HARBECK: But it, itself, is a security.

9          THE COURT: But, I -- but, I have some kind of

10  percentage interest in that mutual fund.

11          MR. HARBECK: You have shares in it, and those

12  shares are securities.

13          THE COURT: Okay, all right.

14          So, from the -- whether I have direct shares

15  or, in effect, indirect shares, you don't care.

16          MR. HARBECK: No, we do. You have direct

17  shares of the mutual fund, and here is where Congress

18  comes into play.

19          THE COURT: Okay.

20          MR. HARBECK: To the extent members -- people

21  who dealt with this Debtor bought any kind of securities

22  and want those securities, --

23          THE COURT: Okay.

24          MR. HARBECK: -- Congress put them on a short

25  leash, and this is a very specific leash. It says if you

36

1    file within sixty days, you'll get the securities,

2    absolutely.  If you file between sixty days and six

3    months, the Trustee will have an option --

4              THE COURT:  Well, wait a minute.  I get the --

5    I get the shares absolutely.  Okay.

6              MR. HARBECK:  The Trustee will have an option

7    to pay you in either the shares or the value of the shares

8    on the filing date of the bankruptcy.

9              THE COURT:  Okay, so, now tell me the economic

10   consequences of filing before sixty days and after sixty

11   days, if you --

12             MR. HARBECK:  Some people could win; some

13   people could lose.

14             THE COURT:  -- deposited monies for a mutual

15   fund that has a fluctuating value.

16             MR. HARBECK:  No, you -- at this point, the

17   shares -- the mutual fund shares should be in your

18   account.  It's not depositing money for them.  You've

19   bought them.  You've got a confirmation -- you've got a

20   statement from the firm, saying you have in your account

21   shares of one, two, and three different securities.  These

22   securities happen to be mutual funds.

23             THE COURT:  Okay.

24             MR. HARBECK:  And, what Congress did is

25   Congress said, --

1    THE COURT:  Okay, so, you're telling me that

2    this is very different from the open transaction.

3         MR. HARBECK:  Correct.

4         THE COURT:  Okay, so, now we're dealing with a

5    closed transaction, where the money is there, you have

6    interest in a --

7         MR. HARBECK:  The securities are there.

8         THE COURT:  -- real --

9         MR. HARBECK:  Not the money is there.  The

10   securities are supposed to be there.

11        THE COURT:  No, no -- yeah, you have -- you

12   have an ownership interest in the securities; namely,

13   shares of the mutual fund, of a mutual fund that is real,

14   existing as of the petition date.

15        MR. HARBECK:  Dreyfus, Janus, you name it.

16        THE COURT:  Okay.

17        MR. HARBECK:  Now, what Congress did is it said

18   it wants to give the Trustee and SIPC a very good idea of

19   what securities have to -- that the Trustee is going to

20   have to go out into the marketplace and buy.  So, if you

21   file within sixty days, you'll get the securities, without

22   question.  Whether -- if they triple in value, you'll get

23   the securities.

24        But, if --

25        THE COURT:  Even -- even if --

(516) 741-5342    Tankoos Reporting Co.   (212) 349-9692

38

1        MR. HARBECK:  Even if they're not there.

2        THE COURT:  Even if they're not there.

3        MR. HARBECK:  Correct.

4        THE COURT:  In other words, if the money was

5    diverted, converted --

6        MR. HARBECK:  And the securities were never

7    purchased.

8        THE COURT:  Okay.

9        MR. HARBECK:  And, if those positions triple,

10   we will gladly give the people their securities positions.

11       THE COURT:  But, you've got to jump.

12       MR. HARBECK:  But, you've got to act fast,

13   yeah.  And, Congress did that --

14       THE COURT:  Because -- because --

15       MR. HARBECK:  -- because of the fluctuations.

16       THE COURT:  -- because there's a concern --

17   because there's a concern that the value of this mutual

18   fund might skyrocket and it's going to cost SIPC a lot

19   more money.

20       MR. HARBECK:  Six months down the line, that's

21   right.

22       THE COURT:  Okay, all right.  And, you don't

23   want people playing games with you.

24       MR. HARBECK:  That's correct.

25       THE COURT:  Deciding when they're going to --

1       it's like the -- do you know about price-laters?

2                MR. HARBECK:  Sorry?

3                THE COURT:  Price-laters?

4                MR. HARBECK:  I can't say that I do.

5                THE COURT:  Oh, gee, it's a great analogy.

6                MR. HARBECK:  In any event --

7                THE COURT:  Do you know what a price-later

8       agreement is, Mr. Berkowitz?

9                MR. BERKOWITZ:  No, I'm going to play even with

10      Mr. Harbeck --

11               MR. HARBECK:  Thank you, very much.

12               MR. BERKOWITZ:  -- for insurance.

13               THE COURT:  I deposit grain in the elevator.

14      This goes back to my days in the rural counties of

15      Michigan.  And, of course, the grain is all co-mingled.

16      And, I look to the board price and say, "Bingo.  That's

17      the price.  Pay me."

18               So, I deposit the grain under a price-later

19      agreement, under an agreement in which the price is later

20      to be fixed.  And, of course, I'm going to speculate on

21      the market.  I'm going to wait until the price is high

22      enough to say "Pay me that."

23               So, basically, I'm a commodities broker, but

24      it's not in futures.  It's grain in the elevator.  And,

25      God help you if the elevator goes into bankruptcy.  Then,

40

```
1     it all falls apart.
2            So, --
3            MR. HARBECK:  At a later date, perhaps we could
4     talk about the similarities between --
5            THE COURT:  No, no, no --
6            MR. HARBECK:  -- that grain and the concept of
7     customer property, Your Honor.
8            THE COURT:  I suspect so, but I'm glad I had
9     this prior experience, so I can resort to these fruitful
10    analogies.
11           MR. HARBECK:  All right.  So, Congress says do
12    that in sixty days.
13           THE COURT:  Okay.
14           MR. HARBECK:  And, that -- that is a very
15    specific and a very special proceeding that you don't see
16    in bankruptcy.
17           THE COURT:  Okay, and that has -- that's tied
18    into a policy analysis of the operation of the markets and
19    a determination by Congress that parties are entitled to a
20    certain protection, but they have to act expeditiously.
21           MR. HARBECK:  So, let's look at the effect
22    here.
23           THE COURT:  Okay, great.
24           MR. HARBECK:  As to the money market fund
25    investors, there is no effect at all.  The securities are
```