# Baker Hostetler

March 2, 2010

Irving H. Picard
direct dial: 212.589.4688
ipicard@bakerlaw.com

Joel and Ellen Ross
24 Plymouth Drive
Scarsdale, NY
10583

Re:   Bernard L. Madoff Investment Securities LLC ("BLMIS")
      Bankr. S.D.N.Y., No. 08-1789 (BRL)
      Account No. 1ZA715

Dear Mr. and Mrs. Ross:

   Thank you for your letter of September 9, 2009, in which you ask that we consider increasing your allowed claim (Claim # 1122) for account 1ZA715, from $227,800.00 to $500,000.00. In direct response to your request, we cannot move monies between BLMIS accounts in order to benefit claimants, absent a proven accounting error.

   Upon receipt of the executed and notarized assignment and release respecting Claim # 1122, the Trustee will satisfy your allowed claim by sending you a check for the undisputed portion in the amount of $227,800.00 with the funds being advanced by Securities Investor Protection Corporation ("SIPC").

   Your other account, 1ZB560, was previously determined by the Trustee on June 29, 2009, and has an allowed claim of $1,645,761.48 (Claim # 1121). You have already received $500,000 from the Trustee by check as of July 9, 2009.

   Under the circumstances, we deem your letter of September 9, 2009, as an objection to the Trustee's determination of your claim for account 1ZA715. It has been placed on the Court's docket (Doc. # 431). To date, no hearings have been held on specific objections to the Trustee's claims determination other than a hearing to determine the meaning of "net equity" under the Securities Investor Protection Act ("SIPA") that was held on February 2, 2010.

March 2, 2010
Page 2

After the Court's decision of March 1, 2010, in which it upheld the Trustee's methodology for determining net equity, and taking into account any appeals of that decision, we will consider how to proceed with respect to objections such as yours.

Sincerely,

Irving H. Picard
Trustee

IHP/yp