Objection Deadline: March 10, 2010
Hearing Date:        TBD

Susan Power Johnston
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, New York  10018
Phone:   (212) 841-1000
Fax:     (212) 841-1010

*Counsel to Pasifin Co. Inc.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
SECURITIES INVESTOR PROTECTION
CORPORATION,

    Plaintiff-Applicant,

v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

    Defendant.
------------------------------------------------------------x
In re:

BERNARD L. MADOFF,

    Debtor.
------------------------------------------------------------x

Adversary Proceeding
No. 08-01789-BRL

SIPA Liquidation
(Substantively Consolidated)

**OBJECTION TO TRUSTEE'S DETERMINATION OF CUSTOMER
<u>CLAIM OF PASIFIN CO. INC. (CLAIM NO. 003585)</u>**

       Pasifin Co. Inc. ("Pasifin") hereby objects to the Trustee's determination of the

customer claim that Pasifin filed in this case (claim number 003585).  In support of its objection,

Pasifin states as follows:

- 2 -

1. Pasifin, a British Virgin Islands corporation, filed its customer claim on February 24, 2009. The claim reflects that, on a cash-in/cash-out basis, Pasifin contributed $5,313,581.00 more than it withdrew during the life of its account.

2. The Trustee has provided Pasifin with a Notice of Trustee's Determination of Claim ("Notice of Determination"), stating that Pasifin's customer claim is allowed in the amount of only $4,761,963.10.

3. The Notice of Determination is dated June 5, 2009, but it has never been received by Pasifin at the mailing address indicated on the claim form, nor has the Trustee produced any evidence that the document was duly mailed to that address. Pasifin only received a copy of the Notice of Determination from the Trustee's counsel, Julie Kolm, on February 8, 2010, after a Pasifin representative was contacted by Ms. Kolm regarding the Pasifin claim on that date. *See* Affidavit of Claude Blum, ¶¶ 5-6 (Exhibit A). Accordingly, the 30-day period for objecting to the Notice of Determination properly began to run on February 8, 2010 — not on June 5, 2009.

4. The Trustee's determination of Pasifin's claim is incorrect. Specifically, the Trustee has overstated Pasifin's withdrawals by $551,617.90. *See* Blum Aff. ¶ 7.

5. We understand that the reason for this discrepancy is that the Trustee has treated the $551,617.90 purportedly withheld by BLMIS for federal taxes as "withdrawals" on Pasifin's part. This is not appropriate. If the Trustee is going to apply a cash in/cash out methodology to determine a customer's net equity, then he must do so on a consistent basis. The fictitious dividends on which $551,617.90 of withholding tax was deducted were never paid, and accordingly no withholding tax was due. Yet withholding tax was fraudulently withdrawn by

- 3 -

BLMIS from Pasifin's account. Hence there is no basis for the Trustee to treat the withholding tax deductions as "withdrawals".[1]

6.   Indeed, treating purported tax withholdings as "withdrawals" by Pasifin would improperly perpetuate Madoff's fraud — something that the Trustee and the SIPC have consistently asserted should not be done in determining customer claims. To the extent Madoff paid purported tax amounts to the IRS, he did so only to create the false impression that he was running a legitimate business operation. Any money paid by Madoff to the IRS was necessarily stolen from customer accounts since there were no true profits. It is preposterous for the Trustee to treat funds stolen from Pasifin's account to perpetuate Madoff's fraud as withdrawals on Pasifin's part.

**Conclusion**

For the foregoing reasons, Pasifin's objection should be sustained.

Dated: New York, New York
       March 5, 2010

                                        Respectfully submitted,

                                        Dennis B. Auerbach
                                        COVINGTON & BURLING LLP
                                        1201 Pennsylvania Avenue, N.W.
                                        Washington, D.C. 20004-2401
                                        phone: (202) 662-6000
                                        fax: (202) 662-6291
                                        email: dauerbach@cov.com

---

[1]   Withholding amounts can only viably be deducted from Pasifin's claim to the extent, if any, that Pasifin is able to recover such monies from the IRS.

- 4 -

- and -

*/s/ Susan Power Johnston*
Susan Power Johnston
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, New York  10018
phone:  (212) 841-1000
fax:  (212) 841-1010
email:  sjohnston@cov.com

Counsel to Pasifin Co. Inc.