Susan Power Johnston
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, New York  10018
Phone:   (212) 841-1000
Fax:      (212) 841-1010

*Counsel to Pasifin Co. Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

SECURITIES INVESTOR PROTECTION
CORPORATION,                                                                      Adversary Proceeding
                                                                                                   No. 08-01789-BRL

        Plaintiff-Applicant,
                                                                                                   SIPA Liquidation
v.                                                                                                  (Substantively Consolidated)

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

        Defendant.
-------------------------------------------------------------------x
In re:

BERNARD L. MADOFF,

        Debtor.
-------------------------------------------------------------------x

**OBJECTION TO TRUSTEE'S DETERMINATION OF CUSTOMER**
**CLAIM OF PASIFIN CO. INC. (CLAIM NO. 003585)**

        Pasifin Co. Inc. ("Pasifin") hereby objects to the Trustee's determination of the

customer claim that Pasifin filed in this case (claim number 003585).  In support of its objection,

Pasifin states as follows:

- 2 -

1.      Pasifin, a British Virgin Islands corporation, filed its customer claim on February 24, 2009.  The claim reflects that, on a cash-in/cash-out basis, Pasifin contributed $5,313,581.00 more than it withdrew during the life of its account.

2.      The Trustee has provided Pasifin with a Notice of Trustee's Determination of Claim ("Notice of Determination"), stating that Pasifin's customer claim is allowed in the amount of only $4,761,963.10.

3.      The Notice of Determination is dated June 5, 2009, but it has never been received by Pasifin at the mailing address indicated on the claim form, nor has the Trustee produced any evidence that the document was duly mailed to that address.  Pasifin only received a copy of the Notice of Determination from the Trustee's counsel, Julie Kolm, on February 8, 2010, after a Pasifin representative was contacted by Ms. Kolm regarding the Pasifin claim on that date.  *See* Affidavit of Claude Blum, ¶¶ 5-6 (Exhibit A).  Accordingly, the 30-day period for objecting to the Notice of Determination properly began to run on February 8, 2010 — not on June 5, 2009.

4.      The Trustee's determination of Pasifin's claim is incorrect.  Specifically, the Trustee has overstated Pasifin's withdrawals by $551,617.90.  *See* Blum Aff. ¶ 7.

5.      We understand that the reason for this discrepancy is that the Trustee has treated the $551,617.90  purportedly withheld by BLMIS for federal taxes as "withdrawals" on Pasifin's part.  This is not appropriate.  If the Trustee is going to apply a cash in/cash out methodology to determine a customer's net equity, then he must do so on a consistent basis.  The fictitious dividends on which $551,617.90 of withholding tax was deducted were never paid, and accordingly no withholding tax was due. Yet withholding tax was fraudulently withdrawn by

- 3 -

BLMIS from Pasifin's account.  Hence there is no basis for the Trustee to treat the withholding

tax deductions as "withdrawals".[1]

      6.    Indeed, treating purported tax withholdings as "withdrawals" by Pasifin

would improperly perpetuate Madoff's fraud — something that the Trustee and the SIPC have

consistently asserted should not be done in determining customer claims.  To the extent Madoff

paid purported tax amounts to the IRS, he did so only to create the false impression that he was

running a legitimate business operation.  Any money paid by Madoff to the IRS was necessarily

stolen from customer accounts since there were no true profits.  It is preposterous for the Trustee

to treat funds stolen from Pasifin's account to perpetuate Madoff's fraud as withdrawals on

Pasifin's part.

### Conclusion

For the foregoing reasons, Pasifin's objection should be sustained.


Dated: New York, New York
      March 5, 2010


                  Respectfully submitted,

                  Dennis B. Auerbach
                  COVINGTON & BURLING LLP
                  1201 Pennsylvania Avenue, N.W.
                  Washington, D.C.  20004-2401
                  phone:  (202) 662-6000
                  fax:  (202) 662-6291
                  email:  dauerbach@cov.com

---

[1]    Withholding amounts can only viably be deducted from Pasifin's claim to the extent, if any, that Pasifin is able to recover such monies from the IRS.

- 4 -

- and -

*/s/ Susan Power Johnston*
Susan Power Johnston
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, New York  10018
phone:  (212) 841-1000
fax:  (212) 841-1010
email:  sjohnston@cov.com

Counsel to Pasifin Co. Inc.