# ADORNO & YOSS

A LIMITED LIABILITY PARTNERSHIP
350 EAST LAS OLAS BOULEVARD, SUITE 1700
FORT LAUDERDALE, FLORIDA 33301-4217
PHONE: (954) 763-1200, FAX: (954) 766-7800
WWW.ADORNO.COM

JAN DOUGLAS ATLAS

EMAIL: JDA@ADORNO.COM

March 2, 2010



**VIA CERTIFIED MAIL AND FACSIMILE**

Mr. Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
Attn: Claims Department
45 Rockefeller Plaza
New York, NY  10111

Re:   Bankruptcy Case No. 08-1789 (BLR) / Opposition to Trustee's Denial
      of Claim Filed by Doreen Gargano / Claim No. 008607

Dear Mr. Picard:

This letter is in opposition to the Notice of Trustee's Determination of Claim dated February 2, 2010, denying the claim of Doreen Gargano ("Claimant") pursuant to the Securities Investor Protection Act, 15 U.S.C. 78aaa, *et seq.* ("SIPA").

SIPA "is remedial legislation. As such it should be construed liberally to effect its purpose." *In re First State Securities Corp.*, 34 B.R. 492, 496 (Fla. 1983) (quoting *Tcherepnin v. Knight*, 389 U.S. 332 (1967)). "The purpose is the protection of the insolvent brokers' customers." *Id.* at 496. In *Securities and Exchange Commission v. F. O. Baroff Co., Inc.*, 497 F.2d 280 (2d Cir. 1974) [hereinafter, "*F. O. Barroff Co.*"], the Second Circuit gave a detailed analysis of SIPA's legislative history and intent. *Id.* at 281. Specifically, the court stated that:

> [t]he object of that statute, and the function of the Securities Investor Protection Corporation (SIPC) it created, is to protect the public customers of securities dealers from suffering the consequences of financial instability in the brokerage industry…Once a broker or dealer is found to be on the brink of collapse or in danger of failing to meet its obligations to its customers, a trustee is appointed for liquidation of the business. The firmS [sic] clients are cushioned (within limits) from personal loss through a special fund collected by SIPC from all securities dealers registered under the 1934 Securities Exchange Act…But the Securities Investor Protection Act allows only those who meet its definition of a 'customer' to share in this assurance.

Mr. Irving H. Picard
March 2, 2010
Page 2

*F. O. Baroff Co.*, 497 F.2d at 281. Citing the House of Representatives, the court went on to state that "[t]he primary purpose of [SIPA] is to provide protection for investors if the broker-dealer with whom they are doing business encounters financial troubles." *Id.* at 283. In furtherance of SIPA, SIPC, "an independent corporation established by Congress," was created, "to reinstill[] confidence in the securities markets" by "protect[ing] investors from the effects of chronic instability in the securities industry." *Massachusetts Financial Services, Inc. v. Securities Investor Protection Corp.*, 411 F. Supp. 411, 412-13 (D.C. Mass. 1976). SIPC's "prime responsibility [is] to establish…a substantial reserve fund which…provide[s] protection to investors in the event a brokerage firm collapse[s]." *Id.* at 413.

SIPA defines the term "customer" of a debtor as:

> any person (including any person with whom the debtor deals as principal or agent) who has a claim on account of securities received, acquired, or held by the debtor in the ordinary course of its business as a broker or dealer from or for the securities accounts of such person for safekeeping, with a view to sale, to cover consummated sales, pursuant to purchases, as collateral security, or for purposes of effecting transfer. The term "customer" includes any person who has a claim against the debtor arising out of sales or conversions of such securities, **and any person who has deposited cash with the debtor for the purpose of purchasing securities…**

15 U.S.C.A. § 78lll(2) (emphasis added).

In this case, Claimant's funds can be identified as being in the direct control of Bernard L. Madoff Investment Securities LLC ("BLMIS"). Claimant transferred and placed the amount of $476,858.80 (the "Investment") with BLMIS. Attached hereto are documents evidencing the Investment. Claimant received purported distributions in the amount of $64,213.54.

The final account statement, attached hereto, reflects Securities owed to Claimant in the amount of $487,796.40. Based on the net investment contribution, Claimant is owed the total amount of $423,582.86.

Claimant is clearly a "customer" under SIPA and should be afforded its protection. Claimant deposited cash with BLMIS for the purpose of purchasing securities. Based on the statements she received from BLMIS, true and correct copies of which are enclosed herein, Claimant believed that securities were, in fact, purchased by BLMIS for her account. Whether or not BLMIS fraudulently accepted Claimant's funds and failed to purchase securities with those funds is of no consequence and should not deny Claimant the protection of SIPA. To deny Claimant's claim would directly contravene the legislative intent of SIPA. Accordingly, Claimant respectfully requests that the denial of her claim be reversed; that her claim be granted;

Mr. Irving H. Picard
March 2, 2010
Page 3

and that she be afforded the protection to which she is entitled pursuant to SIPA.

Sincerely,

Jan Douglas Atlas

JDA/cab
Enclosure

cc:   United States Bankruptcy Court
      for the Southern District of New York (by mail only)

      Ms. Doreen Gargano

{KCARDOSO/216656.0001/N0815398_1}

CALIFORNIA   FLORIDA   GEORGIA   MASSACHUSETTS   MISSOURI   NEW JERSEY   NEW YORK   TEXAS   WASHINGTON, D.C.
ATTORNEYS ADMITTED SOLELY IN THE JURISDICTION WHERE LISTED OFFICE IS LOCATED, UNLESS OTHERWISE NOTED