# Baker Hostetler

Baker & Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T  212.589.4200
F  212.589.4201
www.bakerlaw.com

March 8, 2010

David J. Sheehan
direct dial:  212.589.4616
dsheehan@bakerlaw.com

**VIA EMAIL, FIRST CLASS MAIL, AND ECF**

Honorable Burton R. Lifland
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

Re:   *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC,* 08-1789 (BRL) (Substantively Consolidated)

Dear Judge Lifland:

      Baker & Hostetler LLP, as counsel to Irving H. Picard ("Trustee"), the Trustee for the substantively consolidated liquidation proceedings of Bernard L. Madoff Investment Securities LLC ("BLMIS") and Bernard L. Madoff, and the law firms of Becker & Poliakoff, LLP, Davis Polk & Wardwell LLP, Lax & Neville, LLP, Milberg LLP, and Shearman & Sterling LLP, on behalf of the BLMIS claimants represented by the same, jointly write to request that this Court certify its order of March 8, 2010 (the "Net Equity Order"), granting the Trustee's motion ("Motion") for an order: (1) upholding the Trustee's determinations denying the claims in question for the securities and credit balances listed on the claimants' last BLMIS customer statement; (2) affirming the Trustee's "cash in/cash out" determinations of net equity with respect to each customer claim; and (3) expunging the objections to the Trustee's determinations to the customer claims in question insofar as they relate to net equity, for immediate appeal to the United States Court of Appeals for the Second Circuit, pursuant to 28 U.S.C. § 158(d)(2).

Honorable Burton R. Lifland
March 8, 2010
Page 2

The Trustee's Motion sought a final order to be issued by this Court relating to the proper interpretation and application of net equity ("Net Equity"), as that term is defined in section 16(11) of SIPA, 15 U.S.C. § 78*lll*(11).  As delineated in the Motion, it is the Trustee's position that for purposes of determining customer claims, each BLMIS customer's Net Equity should be determined by crediting the amount of cash deposited by the customer into his BLMIS account, less any amounts already withdrawn by him from his BLMIS customer account (the "Net Investment Method").  Certain customer claimants asserted that Net Equity should be determined on the basis of each claimant's balance as shown on their November 30, 2008 account statement provided by BLMIS ("Final Customer Statements").

After notice and a hearing, and after due consideration of all responses and oppositions filed in this Court to the Motion, as listed in Appendix 1 to the Memorandum Decision Granting Trustee's Motion For An Order (1) Upholding Trustee's Determination Denying Customer Claims For Amounts Listed On Last Customer Statement; (2) Affirming Trustee's Determination Of Net Equity; and (3) Expunging Objections to Determinations Relating To Net Equity ("Net Equity Decision"), dated March 1, 2010, this Court entered the Net Equity Order on March 8, 2010, fully incorporating therein the Net Equity Decision.

Under the terms of 28 U.S.C. § 158(d)(2), a bankruptcy court may certify an order for immediate appeal to a circuit court of appeal where the order "involves a matter of public importance," or where an appeal from the order "may materially advance the progress of the case."  28 U.S.C. § 158(d)(2)(A)(i) and (iii).  Certification is mandatory where the Court determines that these circumstances exist.  *Id.* § 158(d)(2)(B) ("If the bankruptcy court . . . determines that a circumstance specified in clause (i), (ii), or (iii) of subparagraph (A) exists . . . then the bankruptcy court shall make the certification described in subparagraph (A)").

As the Court is well-aware, this SIPA liquidation proceeding arises out of the infamous and massive Ponzi scheme perpetrated by Bernard L. Madoff.  Under any calculation, billions of dollars are at stake, and over 15,000 customer claims have been filed in this liquidation.  *See* Net Equity Decision, at 5.  The calculation of Net Equity vis-à-vis each customer claim dictates the distribution, if any, that each customer will receive from the fund of customer property under section 8(c)(1)(B) of SIPA, 15 U.S.C. § 78fff-2(c)(1)(B), as well as each customer's entitlement to receive an advance from SIPC against that payment from the fund of customer property.  Thus, the result of the Net Equity Dispute impacts the determination and calculation of every customer claim filed in this proceeding.

As this liquidation proceeding affects a large number of customer claimants, and has generated Congressional hearings, proposed amendments to the United States Code, and sustained press coverage, we submit that this proceeding, and particularly the Net Equity Dispute, is a matter of public importance appropriate for certification to the Court of Appeals.

Moreover, as described above, whether the Trustee has properly determined all customer claims in this proceeding is a question that hinges on the Net Equity Dispute. All parties – both customer claimants and the Trustee – would benefit from the speediest resolution of this issue consistent with the law. The entry of a final, non-appealable order regarding the Net Equity Dispute will provide finality and closure to those who were victimized as a result of Madoff's fraudulent scheme. Under these circumstances, an immediate appeal from the order will materially advance the progress of the case, making certification appropriate. *See* 28 U.S.C. § 158(d)(2)(A)(iii).

The United States Securities & Exchange Commission and the Securities Investor Protection Corporation have indicated that they have no objection to this request.

Accordingly, we respectfully request that this appeal be certified to the Court of Appeals pursuant to 28 U.S.C. § 158(d)(2)(A).

Respectfully submitted,

*/s/ David J. Sheehan*

David J. Sheehan

*/s/ Helen Chaitman*
Becker & Poliakoff, LLP

*/s/ Karen Wagner*
Davis Polk & Wardwell LLP

*/s/ Brian Neville*
Lax & Neville, LLP

*/s/ Matthew Gluck*
Milberg LLP

*/s/ Stephen Fishbein*
Shearman & Sterling LLP

cc:  Irving H. Picard, Esq.
     Josephine Wang, Esq.
     Katharine B. Gresham, Esq.