Christopher M. Mason  
NIXON PEABODY LLP  
437 Madison Avenue  
New York, New York 10022  
(212) 940-3000  
(212) 940-3111 (fax)  
cmason@nixonpeabody.com  

Hearing date and time  
To be set by the Court  

Attorneys for Claimant Elaine Rosenberg  

UNITED STATES BANKRUPTCY COURT  
THE SOUTHERN DISTRICT OF NEW YORK  
------------------------------------------------------------X  
:  
SECURITIES INVESTOR PROTECTION : 
CORPORATION, :
:
Plaintiff, :
:
- against - : Adv. Pro. 08-1789 (BRL)
:
BERNARD L. MADOFF INVESTMENT :
SECURITIES, LLC, :
:
Defendant. :
------------------------------------------------------------X

MEMORANDUM OF CLAIMANT ELAINE ROSENBERG IN
OPPOSITION TO DETERMINATION OF CLAIM

Claimant Elaine Rosenberg ("Mrs. Rosenberg") respectfully submits this memorandum in support of her opposition to the Determination of Claim dated January 15, 2010 by Irving Picard, as trustee (the "Trustee"), with respect to her Claim Number 12175 in this matter.

Preliminary Statement

Because the Trustee has not provided a proper factual or legal basis yet for his determination with respect to Mrs. Rosenberg's claim, it must be vacated.

12922721.8

Statement of Facts

Mrs. Rosenberg is 81 years old and not in good health. Declaration of Gerald Rosenberg ("Rosenberg Dec.") ¶ 2. At some time before 1996, Gerald Rosenberg ("Mr. Rosenberg"), Mrs. Rosenberg's husband, opened an account at Bernard L. Madoff Investment Securities, LLC ("BLMIS"). Rosenberg Dec. ¶ 4.

Mr. Rosenberg eventually closed his account for business and financial planning reasons having nothing to do with BLMIS. Rosenberg Dec. ¶ 5. The closing of Ms. Rosenberg's account did not free the Rosenbergs from BLMIS, however, because Mrs. Rosenberg opened an account of her own, Account No. 1R0115 (the "Account"). Rosenberg Dec. ¶ 5. (It may be that she used money given to her from Mr. Rosenberg's account to do so. *See* Rosenberg Dec. ¶ 5.) As a result, on December 11, 2008, when this liquidation proceeding began, Mrs. Rosenberg was a "customer" of BLMIS as defined by the Securities Investor Protection Act of 1970 ("SIPA"), 15 U.S.C.S. § 78lll(2), and one of the persons for whom the Trustee was bound to try to maximize recoveries. *See* Order, *Securities and Exchange Commission v. Madoff*, No. 08-10791 (S.D.N.Y. Dec. 15, 2008) (ordering relief under SIPA and transferring proceeding to the United States Bankruptcy Court for the Southern District of New York) [Dkt. No. 4]; *see also* 15 U.S.C.A. § 78fff-1(a) (West 2010).

On June 26, 2009, Mrs. Rosenberg filed claim number 12175 (the "Claim") with respect to her Account as directed by the Trustee. *See* Declaration of Melissa A. Reinckens ("Reinckens Dec.") ¶ 2 & Rosenberg Dec. Ex. A (a copy of the Claim). In response to her Claim, on January 15, 2010 the Trustee issued a letter purporting to determine it (the "Determination Letter"). As he has done with respect to all claimants so far, the Trustee rejected

the portion of Mrs. Rosenberg's Claim seeking a return of the balance of securities showing on her last BLMIS account statement. *See* Rosenberg Dec. ¶ 7 & Ex. B.

The Trustee went on, however, to say in the Determination letter that:

> based on the Trustee's analysis, the amount of money you withdrew from your account at BLMIS (total of $6,000,000.00), as more fully set forth in Table 1 annexed hereto and made a part hereof, is greater than the amount that was deposited with BLMIS for the purchase of securities (total of $1,000,000.00). As noted, no securities were ever purchased by BLMIS for your account. Any and all profits reported to you by BLMIS on account statements were fictitious.
>
> As reflected in Table 1, certain of the transfers into or out of your account have been adjusted . . . . Whenever a customer requested a transfer from one account to another, the Trustee analyzed whether the transferor account had principal in the account at the time of the transfer. The available principal in the account was transferred to and credited in the transferee account. Thus, the reason that the adjusted amount of transferred deposits or withdrawals in Table 1 is less than the purported transfer amount is that the transferor account did not have sufficient principal available to effectuate the full transfer. . . . Under the money in/money out analysis, the Trustee does not give credit for fictitious gains in selling your allowed claim . . . .

According to the Trustee, this conclusion was based on a view that, during the period from October 4, 1996 through November 17, 2008, Mrs. Rosenberg deposited a total of $1,000,000 into her Account and withdrew a total of $6,000,000 from her Account, even though the *actual* amounts the Trustee acknowledges were deposited into her Account clearly exceeded $3,000,000. The Trustee's calculation in this respect appear in Table 1 to the Determination Letter to Mrs. Rosenberg:

| DEPOSITS | | | |
|---|---|---|---|
| DATE | TRANSACTION DESCRIPTION | AMOUNT | ADJUSTED AMOUNT |
| 10/4/1996 | TRANS FROM 1R003530 | $1,542,249.71 | $0.00 |
| 10/15/1996 | TRANS FROM 1R003530 | $3,412.73 | $0.00 |
| 3/13/1997 | TRANS FROM 1R003530 | $1,544.27 | $0.00 |
| 5/28/1998 | CHECK | $1,000,000.00 | $1,000,000.00 |
| 1/30/2006 | TRANS FROM 1R011230 | $500,000.00 | $0.00 |
| **Total Deposits:** | | $3,047,206.71 | $1,000,000.00 |
| WITHDRAWALS | | | |
| DATE | TRANSACTION DESCRIPTION | AMOUNT | ADJUSTED AMOUNT |
| 3/27/2006 | CHECK WIRE | ($3,000,000.00) | ($3,000,000.00) |
| 6/26/2007 | CHECK WIRE | ($1,000,000.00) | ($1,000,000.00) |
| 1/17/2008 | CHECK WIRE | ($1,000,000.00) | ($1,000,000.00) |
| 11/17/2008 | CHECK WIRE | ($1,000,000.00) | ($1,000,000.00) |
| **Total Withdrawals:** | | ($6,000,000.00) | ($6,000,000.00) |
| | | | |
| **Total Deposits less withdrawals:** | | ($2,952,793.29) | ($5,000,000.00) |

Rosenberg Dec. Ex. B at 4.

Mrs. Rosenberg does not have historical records going back as far as the Trustee apparently does for her Account activity. *See* Rosenberg Dec. ¶¶ 8-9. The limited information available to her is also inconsistent with the Trustee's position. It indicates an investment of $4,748,085.83 in her Account as of year end 2000, which does not appear consistent with a deposit of only $1,000,000. *See* Rosenberg Dec. ¶ 8. In addition, the Trustee's own calculations show deposits into Mrs. Rosenberg's Account of $3,047,206.71, not $1,000,000. *See* Rosenberg Dec. Ex. B at 4. This includes, among other things, $1,547,206.71 in 1996 and 1997,[1] in addition to the $1,000,000 the Trustee reports from 1998. *See* Rosenberg Dec. Ex. B at 4.

After receiving the Determination Letter, Mrs. Rosenberg had her counsel contact the Trustee's counsel. In those contacts, Mrs. Rosenberg's counsel requested access to

---

[1] This $1,547,206.71 consists of three transfers into Mrs. Rosenberg's Account, according to the Trustee: $1,542,249.71, $3,412, and $1,544. *See* Rosenberg Dec. Ex. B at 4.

- 4 -

documentation the Trustee has, but Mrs. Rosenberg does not, that appears to be the basis for the Determination Letter.  *See* Reinckens Dec. ¶¶ 4-5.  While the Trustee's counsel has been appropriately willing to provide records, none have actually been provided yet.  *See* Reinckens Dec. ¶ 5.

Argument

Mrs. Rosenberg opposes the Trustee's determination for the reasons set forth below, and for such additional reasons (which she incorporates by reference) as may be set forth by other objectors in similar circumstances.

POINT I

THE TRUSTEE HAS UNFAIRLY DETERMINED MRS. ROSENBERG'S CLAIM WITHOUT PROVIDING THE FACTUAL BASIS FOR THE DETERMINATION

Pursuant to Section 502(a) of the Bankruptcy Code, 11 U.S.C.A. § 502(a) (West 2010), and Rule 3001(f) of the Federal Rules of Bankruptcy Procedure, a claim by a claimant is entitled to a presumption of *prima facie* validity.  *See, e.g., In re Greene*, 71 B.R. 104, 106 (Bankr. S.D.N.Y. 1987); *accord, e.g., In re Castaldo*, Case No. 05-36349, 2006 Bankr. LEXIS 4522, at *9-*10 (Bankr. S.D.N.Y. Dec. 7, 2006).  To overcome this presumption, a trustee must set forth, at a minimum, the relevant facts and legal theories upon which the trustee's rejection of that claim would be based.  *See*, *e.g.*, Collier on Bankruptcy P 3001.01 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev) (hereinafter "Collier's") ("an objection to a claim should . . . meet the [pleading] standards of an answer.  It should make clear which facts are disputed; it should allege facts necessary to affirmative defenses; and it should describe the theoretical bases of those defenses."); *In re Enron Corp.*, No. 01-16034, 2003 Bankr. LEXIS 2261, at *25 (Bankr. S.D.N.Y. Jan. 13, 2003) (same); *In re VTN, Inc.*, 69 B.R. 1005, 1008 (Bankr. S.D. Fla. 1987)

("[t]he trustee . . . must produce evidence equivalent in probative value to that of the creditor to rebut the prima facie effect of the proof of claim.").

The Court, consistent with this settled law, has directed that, to the extent the Trustee disagrees with any amount set forth in a SIPA customer claim, the Trustee "shall notify such claimant by mail of his determination that the claim is disallowed, in whole or in part, *and the reason therefor* . . . ." *See* Order, *Securities Inv. Protection Corp. v. Madoff*, No. 08-10789, slip op. at 6 (Bankr. S.D.N.Y. Dec. 23, 2008) (emphasis added) [Dkt. No. 12]. In the Determination Letter for Mrs. Rosenberg's Claim, however, the Trustee purports to deny that Claim on the basis of transactions for which Mrs. Rosenberg has no or incomplete records, and for which the Trustee has not offered an adequate factual basis.

Most of the deposits the Trustee lists in his Determination Letter, for example, allegedly occurred more than a decade ago, well beyond any applicable statute of limitations or record keeping requirement. Neither Mr. nor Mrs. Rosenberg knew at any time (until the public disclosure by Bernard L. Madoff of his fraud in late 2008) that any account at BLMIS was anything other than a conservative, legitimate investment. Rosenberg Dec. ¶ 4. When the fraud became public, they were as surprised as anyone. Rosenberg Dec. ¶ 4. As a result, the Trustee cannot reasonably expect that Mrs. Rosenberg would have kept records of the entire history of her Account. Nor can the Trustee reasonably expect a claimant to understand assertions made by the Trustee as to deposits made by alleged account transfers simply by pointing to unidentified account numbers or dates. And the Trustee's mere conclusory statements that such transfers from other accounts must be disallowed cannot satisfy even the minimum notice standard, let alone the evidentiary requirements, of the Bankruptcy Code and Rules.

Given such circumstances, the Trustee should provide Mrs. Rosenberg with more than just the Trustee's assertion as to a dollar amount and date of a deposit or withdrawal, particularly where the Trustee apparently has records not available to her that are the purported basis for the Trustee's determination of her claim. Mrs. Rosenberg has requested access to these records. *See* Reinckens Dec. ¶ 4. The Trustee's counsel indicated that access should be possible, but no records have been provided. Reinckens Dec. ¶ 5. Before any final decision by the Trustee concerning Mrs. Rosenberg's Claim, the Trustee should provide those records to Mrs. Rosenberg. *See* Reinckens Dec. ¶ 6. Unless the Trustee does so, and provides other information about the facts underlying his determination, he will have failed to provide an adequate reason for that determination and the Determination Letter must be vacated.[2]

POINT II

THE TRUSTEE HAS UNFAIRLY DETERMINED MRS. ROSENBERG'S CLAIM WITHOUT PROVIDING THE LEGAL BASIS FOR THE DETERMINATION

The Trustee's Determination Letter is factually deficient as noted above. It is also deficient in its failure to describe the legal grounds, if any, for the Trustee's conclusions. Most importantly, nowhere does it set forth the "theoretical bases," *e.g.*, Collier's, *supra*, at P 3007.01(3); *In re Enron Corp.*, 2003 Bankr. LEXIS 2261, at *25, for the Trustee's assertion that certain deposits into Mrs. Rosenberg's Account must be disallowed. While it appears that the Trustee may be treating those deposits as fraudulent conveyances under New York law, avoidable by the Trustee pursuant to the Bankruptcy Code, *see, e.g.,* 11 U.S.C.A. § 544(b) (West

---

[2] Mrs. Rosenberg reserves all her rights under Rule 9014 of the Federal Rules of Bankruptcy Procedure, including, but not limited to, all rights of discovery, with respect to whatever information the Trustee may subsequently make available to her.

2010), the Trustee cannot avoid such deposits or transfers—at least not those from 1996 and 1997—that way.

The transfers in 1996 and 1997 alleged by the Trustee from account "1R003530", even if they otherwise met the criteria for fraudulent conveyances, are well outside the relevant statute of limitations. Actions under New York law to avoid fraudulent conveyances are generally governed by the six-year limitations period of New York Civil Practice Law and Rules Section 213(1). *See, e.g., Orr v. Kinderhill Corp.*, 991 F.2d 31, 35 (2d Cir. 1993); *and cases cited therein; see also O'Connel v. Shallo (In re Die Fliedermaus LLC)*, 323 B.R. 101, 107 (Bankr. S.D.N.Y. 2005) (trustee can look back only six years under New York law). That statute of limitations expired before the filing of these proceedings. Accordingly, given that

> the trustee must stand in the shoes of [an] . . . actual creditor. It naturally follows, therefore, that if the transferee of the property would have a valid defense in a state fraudulent conveyance case brought by the actual creditor, the trustee would be subject to the same defense. For example, if the triggering creditor is estopped from bringing a fraudulent conveyance claim, the trustee would be subject to the same estoppel defense . . . . Similarly, if the applicable statute of limitations had expired before the bankruptcy petition was filed, the trustee's action under § 544(b) would be subject to the same statute of limitations defense.

*Musicland Holding Corp. v. Best Buy Co. (In re Musicland Holding Corp.)*, No. 06-10064, 2010 Bankr. LEXIS 387, at *16-*17 (Bankr. S.D.N.Y. Feb. 16, 2010) (citing, e.g., *Harris v. Huff,* 160 B.R. 256, 261 (Bankr. M.D. Ga. 1993), and Alan N. Resnick, *Finding the Shoes that Fit: How Derivative is the Trustee's Power to Avoid Fraudulent Conveyances Under Section 544(b) of the Bankruptcy Code?*, 31 Cardozo L. Rev. 205, 213 (2009)); *accord, e.g., Glosser v. S & T Bank (In re Ambulatory Medical & Surgical Health Care)*, 187 B.R. 888, 901 (Bankr. D. Pa. 1995) ("As long as the applicable statute of limitation has not expired prior to the filing of the bankruptcy petition, the trustee may bring an avoidance action under the powers bestowed upon him by § 544(b)"); Collier's, *supra*, at P 544.07[3] ("if the creditor is deemed estopped to recover upon a

claim, or is barred from recovery because the running of the statute of limitations prior to the commencement of the case, the trustee is likewise estopped or barred.").

Because the Trustee has not provided any information about the legal theory behind his "adjustment" of the deposits to Mrs. Rosenberg's Account, it may be that the analysis above is not the one actually relevant to the Determination Letter. But that simply underscores the inadequacy of the Trustee's response to this Court's December 23, 2008 Order under applicable law and his failure to provide a proper basis for the determination made. Accordingly, the Trustee's Determination Letter must be vacated.

## Conclusion

For the reasons set forth above the Trustee's denial of Mrs. Rosenberg's Claim should be vacated.

Dated: March 16, 2010

                NIXON PEABODY LLP

          By:    /s/ Christopher M. Mason
                Christopher M. Mason

                437 Madison Avenue
                New York, New York 10022
                (212) 940-3000
                (212) 940-3111 (fax)
                cmason@nixonpeabody.com

                Attorneys for Claimant Elaine Rosenberg

Of Counsel:

Melissa A. Reinckens