UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

SECURITIES INVESTOR PROTECTION
CORPORATION

                Plaintiff-Applicant,

- against -

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

                Defendant.

-----------------------------------------------------------X

Adv. Pro. No. 08-01789-BRL

SIPA Liquidation

## PARTIAL ASSIGNMENT AND RELEASE

KNOW ALL MEN BY THESE PRESENTS, that Karen Davis located at 22 Hickory Kingdom Road, Bedford, New York 10506 (hereinafter referred to as the "Assignor") in consideration of the payment of $500,000 to satisfy in part its claim for customer protection (the "Customer Claim", having been designated Claim #002614) filed in the liquidation proceeding of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §78aaa et seq. ("SIPA") (see §§78fff-2(b), §78fff-2(d), and §78fff-3(a)(1) of SIPA), does for itself hereby assign, transfer, and set over to Irvin H. Picard as SIPA Trustee (the "SIPA Trustee") for the liquidation of BLMIS (see § 78fff-2(b) of SIPA), and the Securities Investor Protection Corporation ("SIPC"), as subrogee to the extent of its cash advances to the SIPA Trustee for the satisfaction of the aforementioned Customer Claims (see §78fff-3(a)(1) of SIPA), any and all rights, including causes of action or claims, that Assignor now may have against BLMIS and/or any third party arising out of or relating to any fraudulent or illegal activity with respect to Assignor's BLMIS account (Account No. 0083), which gave rise to the allowed Customer Claims for securities filed by Assignor against BLMIS. Such assignment is only the extent that Assignor has received satisfaction of the Customer Claim as set forth above.

Further, Assignor has not previously compromised or assigned any claim, cause of action or other right against BLMIS, its principals or agents or any third party arising out of or related to any fraudulent or illegal activity giving rise to the Customer Claim.

Upon reasonable request of the SIPA Trustee or SIPC, Assignor agrees to cooperate with the SIPA Trustee or SIPC in connection with any efforts of either to recover from the principals or agents of BLMIS or anyone else for amounts advanced by SIPC or paid by the SIPA Trustee to satisfy in part Assignor's Customer Claim in this SIPA liquidation proceeding. Such efforts to recover by the SIPA Trustee or SIPC, either to demand or pursue or to prosecute or settle any collection effort, action or proceeding therefore, shall be at the sole cost of the SIPA Trustee or SIPC.

Effective immediately and without further action, contingent only upon Assignor's receipt from the SIPA Trustee or his agent of a check in the amount of $500,000, and upon receipt by the SIPA Trustee of this executed and notarized Partial Assignment and Release, the Assignor does for itself, and for its executors, administrators, heirs and assigns hereby remise, release and forever discharge the SIPA Trustee and SIPC, as subrogee to the extent of its cash advances for the satisfaction of the Customer Claim, and as the case may be, their officers, directors, professionals, employees, agents, successors and assigns, of and from any and all claims arising out of or relating to the Assignor's BLMIS Account (Account No.      )083), the Customer Claim filed with the SIPA Trustee as protected by the provisions of the SIPA, and any and all circumstances giving rise to said Customer Claim which the Assignor now has, or hereafter may have, for or by any reason, cause, matter or thing whatsoever from the beginning of the world to the date of the execution of this Partial Assignment and Release, only to the extent that the SIPA Trustee and/or SIPC has paid monies to the Assignor to satisfy Assignor's Customer Claim.

Should a final and unappealable Court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Partial Assignment and Release shall be construed as a waiver of any rights or claims held by Assignor having its customer claim re-determined

in accordance with any such Court order. The payment of the undisputed amount of the Assignor's Customer Claim (up to the limits of SIPA protection) will be without prejudice to the Trustee's and the Assignor's rights, claims and defenses with respect to the disputed portion(s) of the Assignor's Customer Claim.

Notwithstanding anything to the contrary above, if, following a final, unappealable order after consideration of the Objection filed by Karen Davis to the SIPA Trustee's Notice of Determination of the Customer Claim dated February 12, 2010, upholding the Trustee's decision to combine Account Nos.    0075 and    0083 for the purpose of making said Determination, or following a decision by Ms. Davis to abandon any objection or appeal in this matter as indicated in a writing to the Trustee, then, contingent only upon Assignor's receipt from the SIPA Trustee or his agent of a check in the amount of $500,000, and upon receipt by the SIPA Trustee of this executed and notarized Partial Assignment and Release, this Partial Assignment and Release shall encompass Claims made by the Assignor on behalf of both Account Nos.    0075 and 0083, and by executing this Partial Assignment and Release Assignor shall be deemed to have, for itself, and for its executors, administrators, heirs and assigns hereby remised, released and forever discharged the SIPA Trustee and SIPC, as subrogee to the extent of its cash advances for the satisfaction of the Customer Claim, and as the case may be, their officers, directors, professionals, employees, agents, successors and assigns, of and from any and all claims arising out of or relating to the Assignor's BLMIS Account Nos. 0083 and    0075, the Customer Claims filed with the SIPA Trustee (specifically the Claim filed on February 14, 2009 in the name of Ms. Davis with regard to Account No. 0083 <u>and</u> the Claim filed on February 14, 2009 on behalf of the 2004 Elissa Weiner Trust) as protected by the provisions of the SIPA, and any and all circumstances giving rise to said Customer Claims which the Assignor now has, or hereafter may have, for or by any reason, cause, matter or thing whatsoever from the beginning of the world to the date of the execution of this Partial Assignment and Release, only to the extent that the SIPA Trustee and/or SIPC has paid monies to the Assignor to satisfy Assignor's Customer Claim. Nothing in the above shall be construed to provide that Assignor has

released any claims or rights as delineated above whatsoever except in the event that a final unappealable order has issued upholding the Trustee's determination to combine Accounts Nos. 0075 and 0083, or in the event that Assignor has relinquished in writing any further existing right to an appeal.

Assignor acknowledges the sufficiency of the consideration to be received in accordance with the SIPA Trustee's Determination and under this Partial Assignment and Release.

**IN WITNESS WHEREOF**, the undersigned has on this day set forth below duly executed this Partial Assignment of Assignor's Customer Claim and Release, intending to be legally bound hereby.

By _*Karen Davis*_

KAREN DAVIS

Sworn and subscribed before me this

11 day of Mar, 2010

_Debra Brazee_
Notary Public

DEBRA BRAZEE
Notary Public, State of New York
No. 01BR6059749
Qualified in Westchester County
Commission Expires June 4, 2011