Lawrence R. Velvel, Esq.
Massachusetts School of Law
500 Federal Street
Andover, MA 01810
Tel: (978) 681-0800
Fax: (978) 681-6330
Email: velvel@mslaw.edu

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **SECURITIES INVESTOR PROTECTION CORPORATION,** | ) ) ) |
| Plaintiff, | ) Adv. Pro. No. 08-01789 (BRL) ) |
| v. | )  SIPA Liquidation ) |
| **BERNARD L. MADOFF INVESTMENT SECURITIES LLC,** | )  **(Substantively Consolidated)** ) ) |
| Defendant. | ) ) |
| In re: | ) ) |
| **BERNARD L. MADOFF,** | ) ) |
| Debtor. | ) ) |

**PROTECTIVE NOTICE OF APPEAL**

Appellant, Lawrence R. Velvel, hereby files this Protective Notice of Appeal to the United States District Court for the Southern District of New York, from the March 1, 2010 decision of the Bankruptcy Court (the "Net Equity Decision," per Judge Burton Lifland) and the attached March 8, 2010 order implementing the decision (the "Net Equity Order"). Judge Lifland has certified the Net Equity Order for an immediate

1

appeal to the United States Court of Appeals for the Second Circuit. (See attached Certification.) The Second Circuit may not accept an immediate appeal, which would almost surely mean there will be an immediate appeal to the District Court. Appellant, who received no opportunity to address the question before the Bankruptcy Court, does not believe there should be an immediate appeal to the Court of Appeals, but recognizes that there may be a strong likelihood that such an appeal to the Second Circuit will be granted by that Court despite the arguably interlocutory nature of the Bankruptcy Court's decision. But in case an immediate appeal to the Second Circuit is not granted, Appellant is filing this protective Notice of Appeal to the District Court.

Because of the huge numbers of people injured by the Madoff fraud, and the many law firms involved in the case, it is likely that there will be many versions of the questions on appeal. Appellant believes the relevant questions on appeal include:

1.  Was the Bankruptcy Court's decision in error because it mainly ignored, and undermined the intent of, the legislative history of the Securities Investor Protection Act (SIPA), and instead was decided on the basis of what the Bankruptcy Court believed would be fair?

2.  Is the Bankruptcy Court's decision in error because that Court accepted, without question and without any evidence, and largely based its decision on, purported facts alleged to be the true by the Trustee and the Securities Investor Protection Corporation (SIPC), when certain of those facts are provably wrong beyond dispute, and others might very well have proven wrong if the Trustee and SIPC had been required by the Court to provide evidence for the facts?

3. Is the Bankruptcy Court's decision in error because, under the Securities Investor Protection Act, SIPC is required to provide Madoff victims with the securities they legitimately believed they owned?

4. Is the Bankruptcy Court's decision in error because, under the Second Circuit's decision *In re: New Times Securities Services, Inc.*, 371 F.3d 68 (2d Cir. 2004), Madoff investors must be credited with the amounts of cash and securities shown on their final statements?

                Respectfully submitted,

                /s/ Lawrence R. Velvel
                Lawrence R. Velvel, Esq.
                Massachusetts School of Law
                500 Federal Street
                Andover, MA 01810
                Tel: (978) 681-0800
                Fax: (978) 681-6330
                Email: Velvel@mslaw.edu

Dated: March 18, 2010

R:\My Files\Madoff\ProtectiveNoticeofAppeal.bkrptcyct.doc

# CERTIFICATE OF SERVICE

I, Lawrence R. Velvel, hereby certify that I have caused the foregoing Notice of Appeal to be serviced on counsel listed below by first class mail, on the 18th day of March, 2010.

/s/ Lawrence R. Velvel
Lawrence R. Velvel

Josephine Wang, Esq.
Securities Investor Protection Corp.
805 15th Street, N.W., Suite 800
Washington, DC 20005-2207

Stephen P. Harbeck
President
Securities Investor Protection Corp.
805 15th Street, N.W., Suite 800
Washington, DC 20005-2207

Christopher LaRosa, Esq.
Securities Investor Protection Corp.
805 15th Street, N.W., Suite 800
Washington, DC 20005-2207

David J. Sheehan, Esq.
Baker & Hostetler, LLP
45 Rockefeller Plaza
New York, NY 10111

Irving Picard, Esq.
Baker & Hostetler, LLP
45 Rockefeller Plaza
New York, NY 10111

Marc E. Hirschfield, Esq.
Baker & Hostetler, LLP
45 Rockefeller Plaza
New York, NY 10111

Jonathan M. Landers, Esq.
Milberg LLP
One Pennsylvania Plaza
New York, NY 10119

Brian Neville, Esq.
Lax & Neville LLP
1412 Broadway, Suite 1407
New York, NY 10018

Helen Chaitman, Esq.
Becker & Poliakoff
45 Broadway, 11th Floor
New York, NY 10006