**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com
Seanna R. Brown
Email: sbrown@bakerlaw.com
Bik Cheema
Email: bcheema@bakerlaw.com

Hearing Date: April 13, 2010
Time: 10:00 a.m.

Objections Due: April 6, 2010
Time: 4:00 p.m.

*Attorneys for Irving H. Picard, Esq., Trustee for the
Substantively Consolidated SIPA Liquidation of
Bernard L. Madoff Investment Securities LLC
and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**MOTION OF TRUSTEE FOR AN ORDER TO SCHEDULE HEARING
ON "CUSTOMER" ISSUE**

Irving H. Picard, Trustee ("Trustee") for the substantively consolidated liquidation of the

business of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the estate of Bernard L.

Madoff ("Madoff") (collectively, "Debtor"), by and through his undersigned counsel, hereby moves this Court to enter the scheduling order proposed herein regarding the "Customer" issue, as more fully described below, and in support thereof, states as follows:

## BACKGROUND

1.      On December 11, 2008, the Securities and Exchange Commission ("SEC") filed a Complaint in the United States District Court for the Southern District of New York against defendants Bernard L. Madoff and Bernard L. Madoff Investment Securities LLC  (No. 08 CV 10791).

2.      On December 15, 2008, Judge Stanton entered an order pursuant to the Securities Investor Protection Act of 1970, 15 U.S.C. § 78aaa *et seq*., as amended ("SIPA"),[1] which, in pertinent part:

   (a)      Appointed Irving H. Picard as trustee for the liquidation of the business of BLMIS, pursuant to section 78eee(b)(3) of SIPA;

   (b)      Appointed Baker & Hostetler, LLP as counsel to the Trustee ("Counsel") pursuant  to section 78eee(b)(3) of SIPA;

   (c)      Removed the case to this Bankruptcy Court pursuant to section 78eee(b)(4) of SIPA; and

   (d)      Authorized the Trustee to take immediate possession of the property of the debtor, wherever located.

3.      On December 23, 2008, this Court entered an order (the "Claims Procedures Order") that, *inter alia*, specified the procedures for the filing, determination, and adjudication of customer claims ("Customer Claims") in this proceeding.

---

[1] For convenience, future reference to SIPA will not include "15 U.S.C."

4.    The Claims Procedures Order provides for the written determination by the Trustee of investor claims, and allows any claimant who opposes the Trustee's determination to file an opposition in this Court.

5.    The Claims Procedures Order also provides that upon the filing of an objection, the Trustee shall obtain a hearing date and time and shall so notify the objecting party.

6.    Under SIPA, the Trustee is responsible for recovering and distributing customer property to BLMIS's customers, assessing claims, and liquidating any other assets of the firm for the benefit of the estate and its creditors.

7.    The Trustee has taken the position for purposes of determining claims that only those claimants who had an account at BLMIS constitute customers of BLMIS (as defined in section 78*lll*(2) of SIPA). Where it appears that a claimant did not have an account in his/her/its name at BLMIS ("Claimant Without An Account"), he/she/it is not a customer of BLMIS under SIPA and the Trustee has denied his/her/its claims for securities and/or a credit balance.

8.    On or about December 8, 2009, the Trustee issued approximately 8,500 claims determinations in which the Trustee denied the claims of Claimants Without An Account who invested with intermediary entities, which in turn may have directly or indirectly invested with BLMIS.

9.    Approximately 2,000 objections have been filed in response to the Trustee's claims determinations and the construction of the term "Customer," and how that term should be applied to determine the validity of their claim.

10.    Claimants Without An Account have asserted that they are customers of BLMIS, and as such, they are each entitled to receive up to $500,000.00 of SIPC protection.

3

11. For purposes of deciding who constitutes a customer under SIPA, given the number of Claimants Without An Account, the Trustee wishes to schedule a hearing regarding the Claimants Without An Account at this time.

## RELIEF REQUESTED

12. In furtherance of the requirement under the Claims Procedures Order that the Trustee obtain and notify an objecting party of a hearing on an objection, the purpose of this proposed scheduling order is to establish an orderly procedure[2] for this Court to resolve objections regarding the definition of "Customer" under SIPA as it relates to the Claimants Without An Account. The Trustee proposes the following schedule:

A. On or before June 11, 2010, the Trustee shall file a motion (the "Motion") to affirm certain claims determinations as to which objections have been filed, specifically with regard to the Trustee's determinations that the claimants did not have accounts at BLMIS and therefore were not customers of BLMIS.

B. In accordance with the Claims Procedures Order, the Motion shall identify those claimants who have filed objections to his determination of their claims for which he intends to schedule a hearing (the "Objecting Claimants").

C. In support of the Motion, the Trustee shall file a memorandum of law and supporting papers setting forth the factual and legal bases for the Trustee's denial of the Objecting Claimants' claims.

---

[2] The schedule and procedures proposed in this Motion are similar to those which the Trustee proposed via his Motion of August 27, 2009 [DN 395], and which this Court approved on September 10, 2009 [DN 417], in connection with the determination of Net Equity.

D.      SIPC shall file any brief with reference to the Motion on or before
        June 11, 2010.

E.      The Objecting Claimants shall file their responses to the Motion on
        or before July 12, 2010.

F.      Any Interested Parties (as further defined below in paragraph 13)
        who wish to file a brief in opposition to the Trustee's Motion shall
        file their briefs on or before July 12, 2010.

G.      Any Interested Parties who wish to file a brief in support of the
        Trustee's Motion shall file their briefs on or before August 10, 2010.

H.      To the extent that Interested Parties who filed briefs in accordance
        with paragraph G above raise issues, factual or legal, that have not
        been previously raised, Interested Parties who filed a brief in
        opposition to the Trustee's Motion in accordance with paragraph F
        above may file a reply brief addressing such issues on or before
        August 20, 2010.

I.      The Trustee and SIPC shall file any reply papers on or before
        September 20, 2010.

J.      The Court shall hold a hearing on the Motion on October 19, 2010,
        at 10:00 a.m., or such other time as the Court determines.  The
        Court will only consider the Trustee's construction of the term
        "Customer" as it relates to the Claimants Without An Account.  All
        other issues raised by the Objecting Claimants will be resolved in
        subsequently scheduled hearings.

13.     Interested Parties that are permitted to file briefs regarding the Motion in accordance with this proposed scheduling order shall be limited to governmental units or divisions. Such briefs may be filed without seeking leave from the Court.

14.     Any claimant, other than the Objecting Claimants, who wishes to file a brief regarding the Motion in accordance with this proposed scheduling order, must seek leave of court prior to filing such a brief and must identify his/her/its interest in this matter, including, but not limited to, whether he/she/it had an account at BLMIS. If any such party had a claim at BLMIS, or if counsel is representing one or more persons who had a claim(s) or an interest in a claim(s) at BLMIS, counsel must identify all holders of the BLMIS claims in the motion for leave to file briefs in accordance with this paragraph.

## NOTICE

15.     Notice of this Motion has been provided by U.S. mail, postage prepaid, email, or by ECF to (i) all parties that have filed a notice of appearance in this case; (ii) the SEC; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York (collectively, the "Notice Parties"); and (v) all of the pleadings filed in accordance with the schedule outlined above will be posted to the Trustee's website www.madofftrustee.com and are accessible, without charge, from that site.

16.     The Trustee submits that no other or further notice need be given.

**WHEREFORE**, the Trustee respectfully requests that the Court (a) enter an order substantially in the form attached hereto as Exhibit A, granting the relief requested herein; and (b) grant such other and further relief to the Trustee as the Court deems proper.

Dated: New York, New York
     March 19, 2010

Respectfully submitted,

**BAKER & HOSTETLER LLP**

By: /s/ *David J. Sheehan*
    Baker & Hostetler LLP
    45 Rockefeller Plaza
    New York, NY 10111
    Telephone: (212) 589-4200
    Facsimile: (212) 589-4201
    David J. Sheehan
    Email: dsheehan@bakerlaw.com
    Marc E. Hirschfield
    Email: mhirschfield@bakerlaw.com
    Seanna R. Brown
    Email: sbrown@bakerlaw.com
    Bik Cheema
    Email: bcheema@bakerlaw.com

    *Attorneys for Irving H. Picard, Esq., Trustee for*
    *the Substantively Consolidated SIPA Liquidation*
    *of Bernard L. Madoff Investment Securities LLC*
    *And Bernard L. Madoff*