# EXHIBIT B

At an IAS Part 51 of the Supreme Court of the State of New York, held in and for the County of Queens, at the Queens County Courthouse, located at 88-11 Sutphin Blvd., Jamaica, New York 11435, on the 24 day of August 2000.

PRESENT: HON. JOSEPH P. DORSA, J.S.C.

---------------------------------------------------------------X
PATRICIA F. SLATTERY,                        Index No.: 22650/99
                 Plaintiff,

        - against -                          DOMESTIC RELATIONS ORDER

M. MICHAEL UNFLAT,
                 Defendant,
---------------------------------------------------------------X

This Order is directed to M. Michael Unflat the Participant/Account Holder in the First Trust & Co., FBO M. Michael Unflat, FTC Account Number V 970868 IRA.

Wherein this court retains jurisdiction over the case and the parties above-named for the purpose of entering a further order; and the parties having now stipulated to the entry of such an order upon the terms hereinafter provided; and due deliberation having been given thereto;

*NOW*, on motion of Gail Kenowitz, Esq., Attorney at Law, it is hereby

***ORDERED***, that the following facts are hereby found to be established for the purpose of this order:

1. The parties were married on April 16, 1990.

2. This action for divorce was commenced on November 1, 1999.

3. The name of the Plan to which this order applies is the Ist Trust & Co. FBO M. Michael Unflat FTC Account #V-970868 IRA, [hereinafter referred to as "the Plan"].

4. The name of the spouse who is a Participant in the Plan/Account is M. Michael Unflat [hereinafter referred to as the "Participant"].

5. The name of the non-employee spouse who is afforded a share of Participant's interest in the Plan by this order is Patricia F. Slattery [hereinafter referred to as the "Alternate Payee"].

6. The current and last known mailing address of the Participant is 70-48 66th Place, Glendale, New York 11385, his Social Security number is 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 and his date of birth is August 4, 1953.

7. The current and last known mailing address of Alternate Payee is 1695 Avenida Guillermo, Oceanside, CA 92056, her Social Security number is 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 and her date of birth is June 7, 1953.

8. This Order pertains to that portion of the Participant's retirement benefits which shall be subject to equitable distribution under Section 236(B)(5) of the Domestic Relations Law of the State of New York.

9. The benefits allocable to Participant by reason of his participation in the Plan are, to the extent that they have accrued during the parties' marriage, marital property within the meaning of Domestic Relations Law Section 236(B)(1)(c); and it is further

**ORDERED**, that as to the Participant's First Trust & Co., FBO M. Michael Unflat, FTC Account Number V 970868 IRA, the Alternate Payee is hereby assigned TWO HUNDRED THOUSAND ($200,000.00) of the total vested balance of the Participant's Account, determined as of May 11, 2000. The amount awarded to the Alternate Payee by this order shall be separately accounted for, and shall be credited

with earnings and losses as earned in the account, from May 11, 2000, until the benefits are actually distributed to Alternate Payee. The benefit shall be distributed to the Alternate Payee as a lump-sum payment as soon as administratively practicable after this Order has been qualified by the Plan. At such time as the Alternate payee's portion of the balance is actually distributed to the Alternate Payee, said amount may be made as a "Direct Rollover" transfer into an IRA or similar account as designated by the Alternate Payee. Such rollover shall be made in accordance with the terms of the financial institution administering the account and applicable law. The Alternate Payee shall provide all necessary information and fill out all necessary documents as required by the financial institution to effectuate such transfer; and it is further

**ORDERED**, that in the event the Alternate Payee dies prior to the time that the allocated portion of the Account has been transferred to an account in her name or prior to the actual distribution, this benefit shall be payable to the Alternate Payee's designated beneficiaries or if she has not designated any beneficiaries, to her estate; and it is further

**ORDERED**, that pursuant to the settlement made in this Court, this order:

(a) does not require the Plan/Account Holder to provide any form, type or amount of benefit, or any option, not otherwise provided for under the Plan;

(b) does not require the Plan/Account Holder to provide increased benefits determined on the basis of actuarial value; and

(c) does not require the payment of benefits to the Alternate Payee which are required to be paid to another Alternate Payee under another court order; and it is further

*ORDERED*, that the Plan/Account Holder shall have no obligation or responsibility as a consequence of this action apart from the specific directions contained in this Order; and it is further

*ORDERED*, that this Order is to be deemed appropriate to effectuate the division between plaintiff and defendant of the retirement benefits earned by the Participant, pursuant to his participation in the First Trust & Co., FBO M. Michael Unflat, FTC Account Number V 970868 IRA; and it is further

*ORDERED*, that this Court hereby retains jurisdiction over this case and the parties above-named to implement and supervise the payment of retirement benefits as provided herein should either party make such application, and the Court determines such to be appropriate and necessary; and it is further

*ORDERED*, that this Court hereby retains jurisdiction over this case and the parties above-named to amend this Order, but only for the purpose of carrying out the terms of this Order; provided that no such amendment shall require the Plan to provide any type or form of benefit, or any option, not otherwise provided under said Order; and it is further

*ORDERED*, that a certified copy of this Order shall be served upon the Participant forthwith by counsel for the Alternate Payee, and that said order shall take effect immediately and remain in effect until the further order of this Court.

STATE OF NEW YORK COUNTY OF QUEENS, SS
I, GLORIA D'AMICO, COUNTY CLERK AND CLERK OF THE SUPREME COURT, QUEENS COUNTY, DO HEREBY CERTIFY, THAT I HAVE COMPARED THIS COPY WITH THE ORIGINAL FILED OR RECORDED IN MY OFFICE ON AUG 30 2000 AND THAT IT IS A CORRECT TRANSCRIPT THEREFROM AND OF THE WHOLE OF THE ORIGINAL.
WITNESS MY HAND AND SEAL OF SAID COUNTY AND COURT ON
SEP. 18 2000

*Gloria D'Amico*
CLERK

ENTER:

/S/ Joseph P. Dorsa
HON. JOSEPH P. DORSA, J.S.C.
Justice, Supreme Court

At an IAS Part ___ of the Supreme Court of the
State of New York, held in and for the County of
Queens, at the Courthouse located at 88-11 Sutphin
Boulevard, Jamaica, New York, on the ___ day of
_____, 2000.

PRESENT:

Joseph P. Dorsa
J.S.C.

-----------------------------------------------------------------X

[Plaintiff]

                                Plaintiff,                JUDGMENT OF DIVORCE

    -against-                                             Index No. 22650/99

M. MICHAEL VINELAT [?],

                                Defendant.
-----------------------------------------------------------------X

The Plaintiff having brought this action for judgment of absolute divorce by reason of the cruel and inhuman treatment of the Plaintiff by the Defendant for a period in excess of one year, and the Plaintiff having appeared in this action by GAIL KENOWITZ, ESQ., and the summons bearing the notation "ACTION FOR DIVORCE", and the Verified Complaint having been duly served upon the Defendant personally within this State and the Defendant having appeared in this action by _____ & _____, ESQS., FREDRICK [?] ZELLER, ESQ., of counsel, and the Defendant having submitted an Answer to the Plaintiff's Verified Complaint denying the allegations therein, ___ the Plaintiff having amended her Verified Complaint to include a cause of action based upon the _____'s abandonment of the Plaintiff ___ the Defendant for a period in

1

excess of one year and the Defendant having withdrawn his Verified Answer on the record on May 11, 2000 and the Defendant having consented to the Plaintiff being granted a divorce on the grounds of the constructive abandonment of the Plaintiff by the Defendant for a period in excess of one year, and the Plaintiff having applied to the Court thereof for judgment for the relief demanded in the Verified Complaint, and the matter having duly come on for inquest before me as one of the Justices of this Court on the 11th day of May, 2000, and it appearing from the testimony of the Plaintiff that the Defendant is not in the military service of the United States, and the Plaintiff having given oral testimony on that date sustaining the allegations of the Verified Complaint, and the Plaintiff and Defendant having entered into a written Stipulation of Settlement dated May 11, 2000 disposing of the issues of custody, visitation, child support, and equitable distribution, and the Court thereupon, having been fully advised of the premises and all considered proof, I DECIDE AND FIND as stated in the separate FINDINGS OF FACT and CONCLUSIONS OF LAW of even date herewith;

NOW, on motion of GAIL LYNOWITZ, ESQ., attorney for the Plaintiff, it is

ADJUDGED, that the marriage between PATRICIA F. SLATTERY, Plaintiff, and M. MICHAEL UNFLAT, Defendant, is dissolved by reason of the constructive abandonment of the Plaintiff by the Defendant for a period in excess of one year; and it is further

ORDERED and ADJUDGED, that the Stipulation of Settlement of the parties dated May 11, 2000, shall be incorporated into this judgment and shall survive and shall not be merged in this judgment, and the parties are hereby directed to comply with every legally enforceable term and provision of such stipulation including any provision to submit an appropriate issue to

2

arbitration before a single arbitrator, as if such term or provision were set forth in its entirety herein, and that the Court shall retain jurisdiction of this matter concurrently with the Family Court to the extent permitted by law for making such further decree as it finds appropriate under the circumstances existing at the time application for the purpose is made to it, or both; and it is further

ORDERED, ADJUDGED AND DECREED that the Plaintiff is authorized to resume her maiden name,