# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>       Plaintiff,<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>       Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>       Debtor. | |

**ORDER (1) UPHOLDING TRUSTEE'S DETERMINATION DENYING CUSTOMER CLAIMS FOR AMOUNTS LISTED ON LAST CUSTOMER STATEMENT; (2) AFFIRMING TRUSTEE'S DETERMINATION OF NET EQUITY; AND (3) EXPUNGING THOSE OBJECTIONS WITH RESPECT TO THE DETERMINATIONS <u>RELATING TO NET EQUITY</u>**

   This matter came before the Court on February 2, 2010 on the motion (the "Motion") of Irving H. Picard, Esq. (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq*. ("SIPA"), and as trustee for the estate of Bernard L. Madoff ("Madoff"), for entry of an order (1) upholding the Trustee's determinations denying the claims in question for the securities and credit balances listed on the claimants' last BLMIS customer statement; (2) affirming the Trustee's "cash in/cash out" determinations of net equity with respect to each customer claim; and (3) expunging the objections to the Trustee's determinations to the customer claims in question insofar as they relate to net equity; and the Court having considered:

1

1. That the Trustee's Motion concerns the proper interpretation and application of net equity ("Net Equity"), as that term is defined in section 16(11) of SIPA, 15 U.S.C. § 78*lll*(11); and

2. That as delineated in the Motion papers, it is the Trustee's position that for purposes of determining customer claims, each BLMIS customer's Net Equity should be determined by crediting the amount of cash deposited by the customer into his BLMIS account, less any amounts already withdrawn by him from his BLMIS customer account (the "Net Investment Method"); and

3. That certain customer claimants ("Objecting Claimants") asserted that Net Equity should be determined on the basis of each claimant's balance as shown on their November 30, 2008 account statement provided by BLMIS ("Final Customer Statements"); and

4. The responses and oppositions filed in this Court to the Motion, as listed in Appendix 1 to the Memorandum Decision Granting Trustee's Motion For An Order (1) Upholding Trustee's Determination Denying Customer Claims For Amounts Listed On Last Customer Statement; (2) Affirming Trustee's Determination Of Net Equity; and (3) Expunging Objections to Determinations Relating To Net Equity ("Net Equity Decision"), dated March 1, 2010.

Due notice of the Motion has been given, and it does not appear that other or further notice need be given, and after a hearing and the proceedings before the Court, and after due

2

deliberation, having determined the Motion is in the best interests of BLMIS, its creditors and the estate, it is hereby:

**ORDERED**, that the relief requested in the Motion is granted as set forth in the Net Equity Decision, fully incorporated herein; and it is further

**ORDERED**, that the Trustee's determination of Net Equity using the Net Investment Method is upheld; and it is further

**ORDERED**, that each customer's Net Equity with respect to their customer claims in this SIPA liquidation proceeding shall be calculated using the Net Investment Method rather than the balances listed on the Final Customer Statements; and it is further

**ORDERED**, that the oppositions submitted by the Objecting Claimants, as listed in Appendix 1 of the Net Equity Decision, are overruled; and it is further

**ORDERED**, that the objections to the determinations of customer claims, as listed on Exhibit A to the Trustee's Motion [Dkt. No. 530], are expunged insofar as those objections are based upon using the Final Customer Statements rather than the Net Investment Method to determine Net Equity; and it is further

**ORDERED**, that this Court shall retain jurisdiction with respect to the remainder of the claimants' objections in accordance with the order entered by this Court on December 23, 2008 (the "Claims Procedures Order"); and it is further

**ORDERED**, that the Trustee shall in due course schedule a hearing or hearings regarding the remainder of the claimants' objections in accordance with the Claims Procedures Order; and it is further

3

**ORDERED**, that with regard to the Net Equity Dispute, this Order is a final order as that term is defined in 28 U.S.C. § 158(a)(1), and there is no just reason for delay; and it is further

**ORDERED**, that in view of the factors contained in 28 U.S.C § 158(d)(2)(A)(i) - (iii), this Court will upon appropriate request or motion consider favorably a request to certify a direct appeal to the United States Court of Appeals for the Second Circuit; and it is further

**ORDERED**, that this Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: New York, New York
      March 8, 2010                      /s/Burton R. Lifland
                                         HONORABLE BURTON R. LIFLAND
                                         UNITED STATES BANKRUPTCY JUDGE