# EXHIBIT A

BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

DECEMBER 11, 2008[1]

NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

March 3, 2010

Rabb Partners
320 West 71st Street
New York, NY 10023
Attn: Susan L. Rabb

Dear Rabb Partners:

**PLEASE READ THIS NOTICE CAREFULLY.**

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claims on BLMIS Account No. 1CM554 designated as Claim Number 008703 and Claim Number 008805 (the latter of which is duplicative of Claim Number 008703) and combined ("Combined Claim") for purposes of this determination. This letter shall serve as the Trustee's determination with respect to the Combined Claim:

Your Combined Claim for a credit balance of $5,696,924.00 and for securities is **DENIED**. No securities were ever purchased for your account.

Your Combined Claim is **ALLOWED** for $1,354,652.57 (the "Allowed Claim"), which was the balance in your BLMIS Account on the Filing Date based on the amount of money you deposited with BLMIS for the purchase of securities, less subsequent withdrawals, as outlined in Table 1, attached hereto.

---

[1] Section 78lll(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78lll(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

300076243

Your **ALLOWED CLAIM** of $1,354,652.57 will be satisfied in the following manner:

The enclosed **PARTIAL ASSIGNMENT AND RELEASE** must be executed, notarized and returned in the envelope provided herewith. Upon receipt of the executed and notarized **PARTIAL ASSIGNMENT AND RELEASE**, the Trustee will make a partial satisfaction of your **ALLOWED CLAIM** by sending you a check in the amount of $500,000.00, with the funds being advanced by Securities Investor Protection Corporation pursuant to section 78fff-3(a)(1) of SIPA. In addition, you will be entitled to receive an additional distribution based upon your **ALLOWED CLAIM** from the fund of customer property, if any.

It is the Trustee's intent, pursuant to SIPA, to submit a Motion for an order of the Bankruptcy Court to allocate assets he has collected and will collect between the fund of customer property and the general estate and to distribute customer property *pro rata* among allowed claimants, such as you. In a decision in this case, Rosenman Family, LLC v. Picard, 401 B.R. 629, 634 (Bankr. S.D.N.Y. 2009), the Bankruptcy Court stated:

> The customer estate is a fund consisting of customer property and is limited exclusively to satisfying customer claims. In re Adler Coleman Clearing Corp. (Adler Coleman II), 216 B.R. 719, 722 (Bankr. S.D.N.Y. 1998) ("A SIPA trustee, distributes 'customer property' exclusively among the debtor's customers...."); see also 15 U.S.C. § 78*lll*(4). Accordingly, Customers, as defined by SIPA § 78*lll*(2), enjoy a preferred status and are afforded special protections under SIPA. See New Times Securities, 463 F.3d at 127; Adler Coleman, 195 B.R. at 269."

Id. at 634.

It is not known at this time when the Trustee will be filing such allocation and distribution motion.

On March 1, 2010, the United States Bankruptcy Court for the Southern District of New York (Lifland, J.) issued a decision which affirmed the Trustee's Net Investment Method for determining customer claims. The final resolution of this issue is expected to be determined on appeal.

Should a final and unappealable court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by you in having your customer claim re-determined in accordance with any such Court order.

300076243

2

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after March 3, 2010, the date on which the Trustee mailed this notice.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

> Clerk of the United States Bankruptcy Court for
> the Southern District of New York
> One Bowling Green
> New York, New York 10004

> and

> Irving H. Picard, Trustee
> c/o Baker & Hostetler LLP
> 45 Rockefeller Plaza
> New York, New York 10111

> _____
> Irving H. Picard

> Trustee for the Liquidation of the Business of
> Bernard L. Madoff Investment Securities LLC

300076243                                      3

## DEPOSITS

| DATE | TRANSACTION DESCRIPTION | AMOUNT |
|---|---|---|
| 12/31/1998 | TRANS FROM 1W004730 | $1,080,349.57 |
| 1/4/1999 | CHECK | $457,000.00 |
| 1/7/1999 | CHECK WIRE | $125,000.00 |
| 1/11/1999 | CHECK RETURNED | ($457,000.00) |
| 1/13/1999 | CHECK WIRE | $457,000.00 |
| 12/20/1999 | CHECK WIRE | $262,000.00 |
| 12/31/1999 | CHECK WIRE | $62,000.00 |
| 1/2/2001 | CHECK WIRE | $133,000.00 |
| 1/3/2001 | CHECK | $37,000.00 |
| 7/3/2001 | CHECK WIRE | $95,842.00 |
| 12/10/2001 | CHECK WIRE | $300,000.00 |
| 6/25/2002 | CHECK WIRE | $30,000.00 |
| 12/4/2002 | CHECK WIRE | $246,000.00 |
| 12/16/2003 | CHECK WIRE | $37,000.00 |
| 1/5/2004 | CHECK WIRE | $681,000.00 |
| 12/17/2004 | CHECK WIRE | $237,461.00 |
| 12/26/2006 | CHECK WIRE | $20,000.00 |
| **Total Deposits:** | | **$3,803,652.57** |

## WITHDRAWALS

| DATE | TRANSACTION DESCRIPTION | AMOUNT |
|---|---|---|
| 12/6/1999 | CHECK | ($200,000.00) |
| 12/4/2000 | CHECK | ($300,000.00) |
| 11/20/2001 | CHECK | ($325,000.00) |
| 6/14/2002 | CHECK | ($45,000.00) |
| 11/20/2002 | CHECK | ($300,000.00) |
| 6/5/2003 | CHECK | ($65,000.00) |
| 11/18/2003 | CHECK | ($150,000.00) |
| 6/17/2004 | CHECK | ($48,000.00) |
| 12/10/2004 | CHECK | ($54,000.00) |
| 5/26/2005 | CHECK | ($76,000.00) |
| 12/16/2005 | CHECK | ($111,000.00) |
| 5/31/2006 | CHECK | ($145,000.00) |
| 12/13/2006 | CHECK | ($105,000.00) |
| 6/11/2007 | CHECK | ($138,000.00) |
| 12/14/2007 | CHECK | ($154,000.00) |
| 6/11/2008 | CHECK | ($233,000.00) |
| **Total Withdrawals:** | | **($2,449,000.00)** |
| **Total deposits less withdrawals:** | | **$1,354,652.57** |