

1300 Washington Square
100 Washington Avenue South
Minneapolis, Minnesota 55401
T (612) 337-6100  F (612) 339-6591
siegelbrill.com

**SIEGEL BRILL
GREUPNER DUFFY
& FOSTER P.A.**

BRIAN E. WEISBERG
612-337-6101
brianweisberg@sbgdf.com

March 22, 2010

Clerk of the United States Bankruptcy Court
   for the Southern District of New York
One Bowling Green
New York, NY 10004

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111

> Re:   Securities Investor Protection Corporation
>       The Bernard L. Madoff Investment Securities, LLC
>       Adv. Pro. No. 08-01789-BRL
>       Felsen Moscoe Company Profit Sharing TST DTD 5/58/76
>       BLMIS Account No. –1EM057/Claim No. 5548

Dear Sir or Madam and Mr. Picard:

The undersigned represents the trustee of the Felsen Moscoe Company Profit Sharing Plan in connection with the SIPC claim filed by it in the above-referenced matter. This letter constitutes notice of written opposition to the Trustee's determination of the claim. Specifically, the adjustment of the transfer dated February 21, 2002 in the amount of $3,029,282.12 which was adjusted to $406,053.18 and the transfer dated April 23, 2002 in the amount of $3,074.52 which was also adjusted to zero. These transfers were made from another Madoff account holder's account. While the transferor account holder is related to this account holder, such account holder is a separate person for purposes of SIPA. Accordingly, the account holder believes that these transferred funds should be reflected at the transferred amount.

Also enclosed with this letter is a fully-executed Assignment and Release, the original of which is being returned to the Trustee. This Assignment and Release is being returned to effectuate the payment of that portion of the account holder's claim which has been allowed. Pursuant to a written communication from Trustee's counsel, the execution and delivery of the Assignment and Release shall not limit the account holder's rights to object to that portion of the determination of his account set forth above.

March 22, 2010
Page 2

If you have any questions or require anything further, please contact the undersigned. Otherwise we will wait to hear from the Court with respect to the schedule of the hearing on our written objection.

Very truly yours,

Brian E. Weisberg
BEW/sm
Enclosures

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**



| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789-BRL |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |

## PARTIAL ASSIGNMENT AND RELEASE

**KNOW ALL MEN BY THESE PRESENTS,** that FELSEN MOSCOE COMPANY PROFIT SHARING TST DTD 5/28/76, located at 445 Grand Bay Dr., Unit 607, Key Biscayne, FL 33149 (hereinafter referred to as the "Assignor") in consideration of the payment of $500,000.00 to satisfy in part its claim for customer protection (the "Customer Claim", having been designated Claim #5548) filed in the liquidation proceeding of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §78aaa et seq. ("SIPA") (see §§78fff-2(b), 78fff-2(d), and §78fff-3(a)(1) of SIPA), does for itself hereby assign, transfer and set over to Irving H. Picard as SIPA Trustee (the "SIPA Trustee") for the liquidation of BLMIS (see §78fff-2(b) of SIPA), and the Securities Investor Protection Corporation ("SIPC"), as subrogee to the extent of its cash advances to the SIPA Trustee for the satisfaction of the aforementioned Customer Claim (see §78fff-3(a)(1) of SIPA), any and all rights, including causes of action or claims, that Assignor now may have against BLMIS and/or any third party arising out of or relating to any fraudulent or illegal activity with respect to Assignor's BLMIS account (Account No. 1EM057, the "BLMIS Account"), which

300077349.1

gave rise to the allowed Customer Claim for securities filed by Assignor against BLMIS. Such assignment is only to the extent that Assignor has received satisfaction of the Customer Claim as set forth above.

Further, Assignor has not previously compromised or assigned any claim, cause of action or other right against BLMIS, its principals or agents or any third party arising out of or related to any fraudulent or illegal activity giving rise to the Customer Claim.

Upon reasonable request of the SIPA Trustee or SIPC, Assignor agrees to cooperate with the SIPA Trustee or SIPC in connection with any efforts of either to recover from the principals or agents of BLMIS or anyone else for amounts advanced by SIPC or paid by the SIPA Trustee to satisfy in part Assignor's Customer Claim in this SIPA liquidation proceeding. Such efforts to recover by the SIPA Trustee or SIPC, either to demand or pursue or to prosecute or settle any collection effort, action or proceeding therefore, shall be at the sole cost of the SIPA Trustee or SIPC.

Effective immediately and without further action, contingent only upon Assignor's receipt from the SIPA Trustee or his agent of a check in the amount of $500,000.00 as set forth in the SIPA Trustee's Notice of Determination of the Customer Claim dated March 15, 2010, (the "Trustee's Determination"), and upon receipt by the SIPA Trustee of this executed and notarized Partial Assignment and Release, the Assignor does for itself, and for its executors, administrators, heirs and assigns hereby remise, release and forever discharge the SIPA Trustee and SIPC, as subrogee to the extent of its cash advances for the satisfaction of the Customer Claim, and, as the case may be, their officers, directors, professionals, employees, agents, successors and assigns, of and from any and all claims arising out of or relating to the Assignor's BLMIS Account, the Customer Claim filed with the SIPA Trustee as protected by the provisions

of SIPA, and any and all circumstances giving rise to said Customer Claim which the Assignor now has, or hereafter may have, for or by any reason, cause, matter or thing whatsoever from the beginning of the world to the date of the execution of this Partial Assignment and Release, only to the extent that the SIPA Trustee and/or SIPC has paid monies to the Assignor to satisfy Assignor's Customer Claim.

Notwithstanding the above, this Revised Partial Assignment and Release shall not be construed or act as an assignment, transfer, set over, compromise, extinguishment, waiver or release of any Customer Claim filed with the SIPC Trustee in this liquidation proceeding by any individual participant in the Pension Plan. Notwithstanding the foregoing sentence, the SIPC Trustee reserves all rights regarding the determination of any Customer Claim filed by any individual participant in the Pension Plan.

Should a final and unappealable Court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Partial Assignment and Release shall be construed as a waiver of any rights or claims held by Assignor in having its customer claim re-determined in accordance with any such Court order. The payment of the undisputed amount of the Assignor's Customer Claim (up to the limits of SIPA protection) will be without prejudice to the Trustee's and the Assignor's rights, claims, and defenses with respect to the disputed portion(s) of the Assignor's Customer Claim.

Assignor acknowledges the sufficiency of the consideration to be received in accordance with the SIPA Trustee's Determination and under this Partial Assignment and Release.

The undersigned acknowledges that he is authorized to execute this Partial Assignment and Release on behalf of FELSEN MOSCOE COMPANY PROFIT SHARING TST DTD 5/28/76.

**IN WITNESS WHEREOF,** the undersigned has on this day set forth below duly executed this Partial Assignment of Assignor's Customer Claim and Release, intending to be legally bound hereby.

By: _____
THOMAS MOSCOE, TRUSTEE

Sworn and subscribed before me this
19 day of March, 2010.

_____
Notary Public

Notary Public State of Florida
Brenda Exposito
My Commission DD524984
Expires 04/22/2010

300077349.1                                                                 4