UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------- x
:
SECURITIES INVESTOR :
PROTECTION CORPORATION, :
:
         Plaintiff-Appellant, : SIPA LIQUIDATION
: (Substantively Consolidated)
   v. : Adv. Pro. No. 08-01789 (BRL)
:
BERNARD L. MADOFF INVESTMENT :
SECURITIES LLC, :
:
         Defendant. :
:
---------------------------------- x
:
In re: : Bankr. Case No. 08-01789 (BRL)
:
BERNARD L. MADOFF, :
:
         Debtor. :
:
---------------------------------- x

**OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM**

Mets Limited Partnership (the "Customer") hereby objects to the Notice of Trustee's Determination of Claim (the "Determination") dated August 28, 2009.

**<u>BACKGROUND</u>**

1. On June 18, 2009, the Customer filed a customer claim, with supporting documents (together, the "Claim"), which the Trustee has designated as Claim No. 009906. The Claim is incorporated herein by reference.

2. On August 28, 2009, the Trustee in this matter (the "Trustee") sent the Customer the Determination, which denied the Claim in its entirety. The Determination

explains the Trustee's position regarding "net equity" and the transfer of funds among accounts, but does not otherwise offer a basis for the denial of the Claim in full.

3. On September 16, 2009, this Court issued an "Order Scheduling Adjudication of 'Net Equity' Issue" (the "Net Equity Litigation Order"). In the Net Equity Litigation Order, the Court has set forth a process by which interested parties may submit briefs regarding:

> "1. Whether a customer's 'net equity' under SIPA is equal to 'cash in/cash out'; or
>
> 2. Whether a customer's 'net equity' under SIPA is equal to the value of the securities positions and credit balance reflected in the customer's last statement."

The Net Equity Litigation Order further provides that "The Trustee and Interested Parties shall reserve all rights, claims and defenses as to any issues and/or arguments not resolved by the Court in connection with the briefing described herein on the Net Equity Issue." The Order directs the Trustee to confer with counsel regarding other issues that should be the subject of separate scheduling orders.

4. The Determination states:

> "Should a final and unappealable court order determine that the Trustee is incorrect in his interpretation of 'net equity' and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by you in having your customer claim re-determined in accordance with such court order."

### GROUNDS FOR OBJECTION AND RELIEF REQUESTED

5. As required by this Court's December 23, 2008 "Order Approving Form and Manner of Publication and Mailing of Notices, Specifying Procedures for Filing,

2

Determination and Adjudication of Claims and Providing Other Relief" (the "Claims Procedures Order"), the Customer files this Objection to preserve all claims and defenses set forth in the Claim.

6. The Customer contends that the Customer's "net equity" under the Securities Investor Protection Act ("SIPA") is equal to the value of the securities positions and credit balance reflected in the customer's last statement, one of the two positions to be addressed pursuant to the Net Equity Litigation Order, for all of the reasons set forth in various submissions to the Court, including, but not limited to, the plain language of SIPA and prior caselaw.

7. The Customer understands, based upon the representation set forth in the Determination, that the Customer will receive the benefit of any final and unappealable order entered in the Net Equity Litigation that is in accord with the Customer's position regarding "net equity."

8. The Customer also objects to the denial of the contingent and other claims set forth in the Claim. As noted, the Trustee has offered no basis for the denial. The Customer anticipates that this objection will be addressed pursuant to the further scheduling orders anticipated by the Net Equity Litigation Order, or in separate proceedings.

9. For the reasons stated herein and in the Claim, the Claim should be allowed in its entirety.

10. The Customer reserves the right to revise, supplement, or amend this Objection and any failure to object on a particular ground or grounds shall not be construed as a waiver of Customer's right to object on any additional grounds.

3

Dated: New York, New York
       September 24, 2009

                              METS LIMITED PARTNERSHIP

By: C.D.S. Corp., General Partner

By: _____
David Cohen,
Executive Vice President

c/o Sterling Equities
111 Great Neck Road, Suite 408
New York, New York 11021

4