# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

March 30, 2010

David J. Sheehan
direct dial: 212.589.4616
dsheehan@bakerlaw.com

**VIA ECF AND FIRST CLASS MAIL**

Honorable Burton R. Lifland
United States Bankruptcy Judge
United States Bankruptcy Court
One Bowling Green
New York, NY 10004-1408

Re:    *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC,* 08-1789 (BRL) (Substantively Consolidated)

Dear Judge Lifland:

Baker & Hostetler LLP, as counsel to Irving H. Picard ("Trustee"), the Trustee for the substantively consolidated liquidation proceedings of Bernard L. Madoff Investment Securities LLC ("BLMIS") and Bernard L. Madoff, submits this letter in response to the filing by Dr. Laurence Wiener, as Trustee for the Pacific West Health Medical Center Inc. Employee Retirement Trust ("Pacific Health") (Dkt. No. 2012), on March 26, 2009.

Dr. Wiener's filing requests a hearing regarding the denial of Pacific Health's claim by the Trustee. As stated by Dr. Wiener, Pacific Health invested in Fairfield Greenwich, which in turn placed its funds with BLMIS. Dr. Wiener asserts that it is inequitable for the Trustee to sue Fairfield Greenwich while having denied Pacific Health's claim as an "indirect investor," or an investor without a BLMIS account in its own name. Dr. Wiener also requests that he be granted leave of court to sue the Trustee for his intentional bad acts, if the denial of Pacific Health's claim is upheld by this Court.

The Trustee recently filed a scheduling motion wherein he requests that this Court enter an order setting forth a briefing schedule and hearing date regarding the issue of whether an indirect investor may be considered a "customer" under SIPA. After all briefing is concluded, the scheduling motion requests October 19, 2010 as a hearing date regarding this matter.

The gravamen of Dr. Wiener's dispute with the denial of Pacific Health's claim is its status as an indirect investor, which is the subject of the above scheduling motion. Through that motion, the Trustee is endeavoring to resolve the indirect investor dispute

*Chicago   Cincinnati   Cleveland   Columbus   Costa Mesa   Denver   Houston   Los Angeles   New York   Orlando   Washington, DC*

Honorable Burton R. Lifland
March 30, 2010
Page 2

in a comprehensive and systematic fashion. The Trustee intends to include all indirect investor objections in the motion regarding that issue, which would include that objection filed by Dr. Wiener on behalf of Pacific Health.

As Dr. Wiener's objection will be encompassed within the litigation on this issue, the Trustee submits that it is premature to have an individual hearing regarding Dr. Wiener's objection until such time as this Court rules on the indirect investor issue. After that ruling is issued, the Trustee will move to schedule a hearing on any remaining issues relating to the denial of Pacific Health's claim.

Finally, the Trustee notes that the pleading filed by Dr. Wiener is styled as a motion for a hearing under Bankruptcy Rule 2018, which relates to intervention. As Dr. Wiener, on behalf of Pacific Health, has filed claims and objections to the determinations of those claims in this liquidation proceeding, Dr. Wiener is already participating in the same. There is no need to intervene, as provided for under Bankruptcy Rule 2018.

Respectfully submitted,

*/s/ David J. Sheehan*

David J. Sheehan

DJS/srb

cc:    Dr. Laurence Wiener