# EXHIBIT C

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**DECLARATION OF IRVING PICARD IN SUPPORT OF TRUSTEE'S MOTION**
**FOR AN ORDER AUTHORIZING TRUSTEE'S ENTRY INTO THIRD AMENDED &**
**RESTATED ASSET PURCHASE AGREEMENT WITH SURGE TRADING INC. F/K/A**
**CASTOR POLLUX SECURITIES, INC.**

I, Irving H. Picard, declare as follows:

1.      I am an attorney at law admitted to practice in the State of New York and before the Bar of this Court.

2.      I am a member of the law firm Baker & Hostetler LLP.

3.      All matters stated herein are known by me to be true except as otherwise stated.  I submit this Declaration in support of the Third Amended and Restated Asset Purchase Agreement (the "Motion").   Capitalized terms not otherwise defined herein shall have the meanings given such terms in the Motion.

4.      By the Order dated December 15, 2008, entered by the Honorable Louis L. Stanton of the United States District Court for the Southern District of New York, I was

appointed trustee ("Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("Debtor").

5.      I believe, in the exercise of my business judgment, that it is in the best interests of the Debtor to consent to proposed reorganization of Surge Trading Inc., formerly known as Castor Pollux Securities, Inc. (the "Purchaser") whereby Surge Trading BD Inc., a new wholly-owned subsidiary of Purchaser (the "Subsidiary") will become the successor broker dealer to the Purchaser and the Purchaser intends to thereafter conduct the Business through the Subsidiary (the "Reorganization") on the terms set forth in the Motion.

6.      I further believe, in the exercise of my business judgment, that it is in the best interests of the Debtor to  enter into the Third Amended and Restated Asset Purchase Agreement (the "Amended Agreement") with the Purchaser.

7.      Prior to agreeing to the Reorganization and to entering into the Amended Agreement, I attributed lengthy consideration to the pertinent facts and options before me.

8.      Without consenting to the Reorganization, I faced the prospect of the Purchaser immediately ceasing operations and thereby jeopardizing the payment of any future Earn Out.

9.      While I could have reclaimed the Purchaser's assets had the Purchaser ceased operations, the prospect of potential litigation surrounding such efforts as well as general uncertainty concerning the ability to resell such assets all favored a decision to enter into the Amended Agreement with the Purchaser.

10.      I deliberated fully and reached an arms-length decision which I believe mitigates risk by ensuring that the Earn Out is protected, thereby enhancing the value of the estate and recovery by all of the Debtor's creditors.

11.    I believe that the measures I have taken to mitigate risk as well as the economic enhancements are appropriate and are in the best interests of the Debtor and its estate.

I declare under penalty of perjury that the foregoing is true and correct, and if called on as a witness I could testify competently thereto.

Executed on the 30th day of March, 2010, at New York, New York.

*/s/ Irving H. Picard*
Irving H. Picard