# RICHARD H. STEINBERG
10304 Crosby Place
Port St. Lucie, Florida 34986
Tel. 772-460-6356
Fax 772-460-6357

March 29, 2010

Irving H. Picard, Esq., Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111

    Re:  **Roslyn Steinberg, Deceased**
           **Claim No.: 001025**
           **BLMIS Account No.: 1ZA485**

Dear Mr. Picard:

    I received your Revised Notice of Trustee's Determination of Claim dated March 23, 2010, for which I thank you and which I am accepting on behalf of my late wife's Estate. In accordance with your instructions, I am enclosing herewith the originally-executed Assignment and Release in the amount of $240,000.00, delivered in escrow, conditioned on your forwarding payment promptly of the full agreed sum to the undersigned.

    I am forwarding a copy of this transmittal letter and of the signed Assignment and Release to the Clerk of the Bankruptcy Court to evidence our having resolved the claim. I shall look forward to prompt processing by your staff and delivery of the full payment sum to me, as Personal Representative of the Estate by not later than April 30, 2010. If payment is to be delayed beyond that date, please let me know the reason and when I may expect to receive the check.

    My best wishes to you and all for enjoyment of the Passover and Easter Holidays.

                                                Respectfully yours,

                                                RICHARD H. STEINBERG

RHS/ac
Encl.
cc:  Attn: Juanita Epps, Clerk of the United States Bankruptcy Court for the Southern District of New York

339438

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789-BRL<br><br>SIPA Liquidation |

## ASSIGNMENT AND RELEASE

**KNOW ALL MEN BY THESE PRESENTS,** that Richard H. Steinberg, Personal Representative of the Estate of Roslyn Steinberg, located at 10304 Crosby Place, Port St Lucie, FL, 34986 (hereinafter referred to as the "Assignor") in consideration of the payment of $240,000.00 to satisfy its claim for customer protection (the "Customer Claim", having been designated Claim #001025) filed in the liquidation proceeding of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §78aaa et seq. ("SIPA") (see §§78fff-2(b), 78fff-2(d), and §78fff-3(a)(1) of SIPA), does for itself hereby assign, transfer and set over to Irving H. Picard as SIPA Trustee (the "SIPA Trustee") for the liquidation of BLMIS (see §78fff-2(b) of SIPA), and the Securities Investor Protection Corporation ("SIPC"), as subrogee to the extent of its cash advances to the SIPA Trustee for the satisfaction of the aforementioned Customer Claim (see §78fff-3(a)(1) of SIPA), any and all rights, including causes of action or claims, that Assignor now may have against BLMIS and/or any third party arising out of or relating to any fraudulent or illegal activity with respect to Assignor's BLMIS account (Account No. 1ZA485, the "BLMIS Account"), which gave rise to

the allowed Customer Claim for securities filed by Assignor against BLMIS. Such assignment is only to the extent that Assignor has received satisfaction of the Customer Claim as set forth above.

Further, Assignor has not previously compromised or assigned any claim, cause of action or other right against BLMIS, its principals or agents or any third party arising out of or related to any fraudulent or illegal activity giving rise to the Customer Claim.

Upon reasonable request of the SIPA Trustee or SIPC, Assignor agrees to cooperate with the SIPA Trustee or SIPC in connection with any efforts of either to recover from the principals or agents of BLMIS or anyone else for amounts advanced by SIPC or paid by the SIPA Trustee to satisfy Assignor's Customer Claim in this SIPA liquidation proceeding. Such efforts to recover by the SIPA Trustee or SIPC, either to demand or pursue or to prosecute or settle any collection effort, action or proceeding therefore, shall be at the sole cost of the SIPA Trustee or SIPC.

Effective immediately and without further action, contingent only upon Assignor's receipt from the SIPA Trustee or his agent of a check in the amount of $240,000.00 as set forth in the SIPA Trustee's Notice of Determination of the Customer Claim dated March 23, 2010, (the "Trustee's Determination"), and upon receipt by the SIPA Trustee of this executed and notarized Assignment and Release, the Assignor does for himself, and for his executors, administrators, heirs and assigns hereby remise, release and forever discharge the SIPA Trustee and SIPC, as subrogee to the extent of its cash advances for the satisfaction of the Customer Claim, and, as the case may be, their officers, directors, professionals, employees, agents, successors and assigns, of and from any and all claims arising out of or relating to the Assignor's BLMIS Account, the Customer Claim filed with the SIPA Trustee as protected by the provisions of SIPA, and any and

all circumstances giving rise to said Customer Claim which the Assignor now has, or hereafter may have, for or by any reason, cause, matter or thing whatsoever from the beginning of the world to the date of the execution of this Assignment and Release, only to the extent that the SIPA Trustee and/or SIPC has paid monies to the Assignor to satisfy Assignor's Customer Claim.

Should a final and unappealable Court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Assignment and Release shall be construed as a waiver of any rights or claims held by Assignor in having her customer claim re-determined in accordance with any such Court order. The payment of the undisputed amount of the Assignor's Customer Claim (up to the limits of SIPA protection) will be without prejudice to the Trustee's and the Assignor's rights, claims, and defenses with respect to the disputed portion(s) of the Assignor's Customer Claim.

Assignor acknowledges the sufficiency of the consideration to be received in accordance with the SIPA Trustee's Determination and under this Assignment and Release.

IN WITNESS WHEREOF, the undersigned has on this day set forth below duly executed this Assignment of Assignor's Customer Claim and Release, intending to be legally bound hereby.

By: _____
RICHARD H. STEINBERG, PERSONAL
REPRESENTATIVE OF THE ESTATE OF
ROSLYN STEINBERG

Sworn and subscribed before me this
29th day of March, 2010.

_____
Notary Public



CAROL A. BRINKER
MY COMMISSION # DD 801432
EXPIRES: October 27, 2012
Bonded Thru Notary Public Underwriters

300069019.2                                4