# EXHIBIT A

# BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

## DECEMBER 11, 2008[1]

### REVISED NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

March 15, 2010

WINCO REAL ESTATE SVCS DBPP
9/25/02 RICHARD SHAPIRO
5000 N. PARKWAY, SUITE 105
CALABASAS, CALIFORNIA 91302

Dear Winco Real Estate SVCS DBPP 9/25/02 RICHARD SHAPIRO:

**PLEASE READ THIS NOTICE CAREFULLY.**

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee previously issued a Notice of Trustee's Determination of Claim dated June 30, 2009 on BLMIS Account No. 1W0129 designated as Claim No. 4806 (the "Initial Notice"). On July 13, 2009, the Trustee sent you a check in the amount of $500,000.00, with the funds being advanced by Securities Investor Protection Corporation pursuant to section 78fff-3(a)(1) of SIPA, upon receipt of the executed and notarized **PARTIAL ASSIGNMENT AND RELEASE** of July 6, 2009 (the "Release") enclosed with the Initial Notice. The Release is still in full force and effect. In addition to Claim No. 4806 which was determined in the Initial Notice, the Trustee received additional duplicate claims from you (Claim No. 100145 and Claim No. 100169) (to the extent Claim Nos. 100145 and 100169 are deemed customer claims) in connection with the same BLMIS account. This letter supersedes the Initial Notice and shall serve as the Trustee's revised determination with respect to BLMIS Account No. 1W0129:

---

[1] Section 78lll(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78lll(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

300077701.1

rights or claims held by you in having your customer claim re-determined in accordance with any such Court order.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after March 15, 2010, the date on which the Trustee mailed this notice.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

> Clerk of the United States Bankruptcy Court for
> the Southern District of New York
> One Bowling Green
> New York, New York 10004
>
> and
>
> Irving H. Picard, Trustee
> c/o Baker & Hostetler LLP
> 45 Rockefeller Plaza
> New York, New York 10111

_____
Irving H. Picard

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

The Trustee has made the following revised determination regarding your claims on BLMIS Account No. 1W0129 designated as Claim No. 4806, Claim No. 100145 and Claim No. 100169 (the latter two of which are duplicative of Claim No. 4806) and are combined ("Combined Claim") for purposes of this determination:

Your Combined Claim for securities is **DENIED**. No securities were ever purchased for your account.

Your Combined Claim is **ALLOWED** for $1,690,775.01 (the "Allowed Claim"), which was the balance in your BLMIS Account on the Filing Date based on the amount of money you deposited with BLMIS for the purchase of securities, less subsequent withdrawals, as outlined in Table 1.

### Table 1

#### DEPOSITS

| DATE | TRANSACTION DESCRIPTION | AMOUNT |
|---|---|---|
| 4/27/2006 | CHECK WIRE | $952,757.68 |
| 4/27/2006 | CHECK WIRE | $225,000.00 |
| 12/29/2006 | TRANS FROM 1S049230 | $250,000.00 |
| 3/13/2007 | TRANS FROM 1S049230 | $28,145.33 |
| 8/1/2007 | CHECK WIRE | $300,000.00 |
| 12/18/2007 | CHECK WIRE | $240,000.00 |
| **Total Deposits:** | | **$1,995,903.01** |

#### WITHDRAWALS

| DATE | TRANSACTION DESCRIPTION | AMOUNT |
|---|---|---|
| 9/26/2007 | TRANS TO 1S049230 | ($300,000.00) |
| 8/28/2008 | CHECK | ($5,128.00) |
| **Total Withdrawals:** | | **($305,128.00)** |
| | | |
| **Total deposits less withdrawals:** | | **$1,690,775.01** |

On March 1, 2010, the United States Bankruptcy Court for the Southern District of New York (Lifland, J.) issued a decision which affirmed the Trustee's Net Investment Method for determining customer claims. The final resolution of this issue is expected to be determined on appeal.

Should a final and unappealable court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Revised Notice of Trustee's Determination of Claim shall be construed as a waiver of any