**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | SIPA LIQUIDATION (Substantively Consolidated) Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff, | |
| v. | **SUPPLEMENTAL DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD AND STATEMENT OF ISSUE TO BE PRESENTED ON APPEAL** |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

Pursuant to Federal Rule of Bankruptcy Procedure 8006, and in connection with the Notice of Appeal filed by Donald G. Rynne ("Appellant") (Docket #2079), Appellant hereby supplements the *Joint Designation of Items to be Included in the Record and Statement of the Issues to be Presented on Appeal* dated April 1, 2010, filed by Sterling Equities Associates *et al.* (Docket #2125) and re-states the issues to be presented on appeal to the United States Court of Appeals for the Second Circuit from the Order entered by the Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") in the above-referenced proceeding on March 8, 2010.

## STATEMENT OF THE ISSUES TO BE PRESENTED ON APPEAL

Whether the Bankruptcy Court erred when it ruled that a customer's "net equity" under Section 16(11) of the Securities Investor Protection Act ("SIPA") may be determined by calculating the amount of cash deposited by the customer minus the amount withdrawn, rather

than by calculating the dollar value of the securities positions in real securities shown on the

customer's last account statement prior to the filing date, where SIPA defines "net equity" as:

> the dollar amount of the account or accounts of a customer, to be determined by -
>
> (A)     calculating the sum which would have been owed by the debtor to such customer if the debtor had liquidated, by sale or purchase on the filing date, all securities positions of such customer …; minus
>
> (B)     any indebtedness of such customer to the debtor on the filing date… (15 U.S.C. §78*lll(11)*.)

## DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL

### Net Equity Motions, Declarations, Orders, and Notices

| Filing Date | # | Docket Text |
|---|---|---|
| 11/13/2009 | 747 | Memorandum of Law *in Opposition to Trustee's Motion for an Order Upholding Trustee's Determination Denying "Customer Claims", Affirming Net Equity Determinations, and Expunging Objections to Determinations Relating to Net Equity* (related document(s) 524 ) filed by Don Abraham on behalf of Donald G. Rynne. (Abraham, Don) (Entered: 11/13/2009) |
| 02/02/2010 | 1854 | Letter *to Judge Lifland Supplementing Record on Motion* (related document(s) 524 ) filed by Don Abraham on behalf of Donald G. Rynne. (Abraham, Don) (Entered: 02/03/2010) |
| 03/24/2010 | 2079 | Notice of Appeal *and*, Motion for Leave to Appeal *(Protective)* (related document(s) 2020 ) filed by Don Abraham on behalf of Donald G. Rynne. (Attachments: # 1 Order entered March 8, 2010# 2 March 1, 2010 Memorandum Decision# 3 Certification)(Abraham, Don) (Entered: 03/24/2010) |

#1505510 v1

Dated: New York, New York
     April 5, 2010

GIBBONS P.C.

By:   /s/ Don Abraham     
     Jeffrey A. Mitchell
     Don Abraham

     One Pennsylvania Plaza, 37th Floor
     New York, New York 10119
     (212) 613-2000

     *Attorneys for Donald G. Rynne*

#1505510 v1