# Caldwell Leslie

Caldwell Leslie & Proctor, PC
1000 Wilshire Boulevard, Suite 600  Los Angeles, CA  90017-2463  Tel 213.629.9040  Fax 213.629.9022  www.caldwell-leslie.com

**BY FEDERAL EXPRESS**

**CHRISTOPHER G. CALDWELL**
caldwell@caldwell-leslie.com

April 6, 2010

Clerk of the United States Bankruptcy Court
for the Southern District of New York
One Bowling Green
New York, New York 10004

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111



Re:  Bankruptcy Case No. 08-1789 (BRL): Objections to Trustee's Determination
     Regarding Claim Numbers 10277 and 10278

To the Clerk of the United States Bankruptcy Court and Mr. Picard:

This firm has been retained by Cindy Giammarrusco, trustee of The Olesky Granddaughters Trust FBO Lindsay Tsumpes (the "Lindsay Tsumpes Trust") and The Olesky Granddaughters Trust FBO Heather Tsumpes (the "Heather Tsumpes Trust"), in connection with her filed claims, Claim Numbers 10277 and 10278, with the Bernard L. Madoff Investment Securities LLC ("BLMIS") Liquidation Proceeding. This letter serves as Ms. Giammarrusco's written objections to Irving H. Picard's (the "Trustee") denial of her claims.

Ms. Giammarrusco filed two claims on or about June 18, 2009, one to recover funds in BLMIS Account Number 1-EM-462-3-0 properly belonging to the Lindsay Tsumpes Trust, and another to recover funds in BLMIS Account Number 1-EM-463-3-0 properly belonging to the Heather Tsumpes Trust. (Declaration of Cindy Giammarrusco ("Giammarrusco Decl."), ¶ 9.) On or about March 8, 2010, Irving H. Picard, Trustee for the Liquidation of BLMIS, sent two Notices of Trustee's Determination of Claim, stating that both of Ms. Giammarrusco's claims were denied. (*Id.*, ¶ 10, Exh. H) Mr. Picard's denials, however, were based on erroneous calculations and improper downward adjustments of invested principal, which led to the conclusion that neither account had a "positive 'net equity'." (*Id.*, Exh. H at pp. 2, 7.)

Ms. Giammarrusco objects to the denial of her claims on the ground that they are based on inaccurate accountings by Mr. Picard. The enclosed supporting documents establish that Ms. Giammarrusco made two significantly large deposits of *bona fide* funds in 2004 and 2005 into BLMIS Account Numbers 1-EM-462-3-0 and 1-EM-463-3-0 that were not fully accounted for in the claim analysis:

- *First*, on or about May 20, 2004, Ms. Giammarrusco wired from a Bank of America checking account $1,320,000.00— representing funds she received from her mother's life insurance policy— to BLMIS Account Number 1-EM-141-3-0. (*Id.*, ¶ 3, Exh. B.) Less than a week later, on May 26, 2004, the contents of BLMIS Account Number 1-EM-141-3-0 were divided evenly into two new BLMIS accounts: 1-EM-462-3-0 held by the Lindsay Tsumpes Trust and 1-EM-463-3-0 held by the Heather Tsumpes Trust. (*Id.*, ¶ 4.) These newly created BLMIS Accounts therefore each contained at least $660,000.00 of legitimate principal at the time they were created. These amounts, however, are not accounted for in Mr. Picard's calculations.[1] (*See id.*, Exh. H at pp. 4, 9.)

- *Second*, on or about February 28, 2005, Ms. Giammarrusco withdrew $283,488.50 from a Smith Barney account (*Id.*, ¶ 5, Exh. D.). Half of that amount, $141,744.25, was wired into the Lindsay Tsumpes Trust's BLMIS Account Number 1-EM-462-3-0, and the other half was wired into the Heather Tsumpes Trust's BLMIS Account Number 1-EM-463-3-0.[2] (*Id.*, ¶¶ 6-8, Exhs. E, F, G.)

Thus, *at a minimum*, BLMIS Account Numbers 1-EM-462-3-0 and 1-EM-463-3-0 each contained $801,744.25 of deposited funds that were not derived from any fictitious gains fabricated by BLMIS. Furthermore, because these deposits represent legitimate principal, they are not subject to any downward adjustment when determining the net equity of the accounts.

---

[1] Instead, Mr. Picard simply recorded in his calculations that each account at issue received an initial deposit of $1,645,234.36, which was transferred from BLMIS Account Number 1-EM-141-3-0. (*See* Giammarrusco Decl., Exh. H at pp. 4, 9.) Mr. Picard seems to have used the fact that these deposits came from another BLMIS account as an opportunity to severely discount the deposits to a mere fraction of their worth, disregarding the fact that legitimate principal was actually transferred.

[2] This deposit is correctly accounted for in the Trustee's calculations in the Notices of Trustee's Determination of Claim. (*Id.*, Exh. H at pp. 4, 9.)

For the reasons set forth herein, a recalculation of net equity in BLMIS Account Numbers 1-EM-462-3-0 and 1-EM-463-3-0 is warranted. Furthermore, we hereby request a hearing date to resolve this matter. To the extent applicable, Ms. Giammarrusco joins in the objections of other similarly situated claimants, and requests such further relief as the Court deems fair and equitable. Nothing in this letter is intended to waive any of Ms. Giammarrusco's available rights or remedies, all of which are expressly reserved.

Respectfully,

*Christopher Caldwell* (LWL)

CHRISTOPHER G. CALDWELL

Enclosures

cc:   Ms. Cindy Giammarrusco

## DECLARATION OF CINDY GIAMMARRUSCO

I, Cindy Giammarrusco, hereby declare as follows:

1.  I am, and have been at all times relevant herein, the sole trustee of three separate trusts: The Olesky Granddaughters Trust (the "Granddaughters Trust"), The Olesky Granddaughters Trust FBO Heather Tsumpes (the "Heather Tsumpes Trust") and The Olesky Granddaughters Trust FBO Lindsay Tsumpes (the "Lindsay Tsumpes Trust"). Each of these trusts held investment accounts with Bernard L. Madoff Investment Securities LLC ("BLMIS"). I submit this declaration in support of the written Objections to Trustee's Determination Regarding Claim Numbers 10277 and 10278, which pertain to claims I made to Irving H. Picard, Trustee for the Liquidation of the Business of BLMIS, on behalf of the Lindsay Tsumpes Trust and the Heather Tsumpes Trust to recover invested funds with BLMIS. I have personal knowledge of the facts stated herein and would and could testify competently thereto if called as a witness in this matter.

2.  In or about April 2004, I received proceeds of approximately $1,334,000 from my mother's life insurance policy with Transamerica Occidental Life Insurance Company. Attached hereto as Exhibit "A" is a true and correct copy of the Form 712 for that life insurance policy, prepared in April 2004, which reflects the amount of proceeds available on the life insurance policy. I deposited the proceeds from the life insurance policy into a Bank of America checking account held in the name of the Granddaughters Trust.

3.  On or about May 20, 2004, I authorized a wire in the amount of $1,320,000 to be drawn from the Granddaughters Trust's Bank of America checking account for deposit into the Granddaughters Trust's BLMIS account, Account Number 1-EM-141-3-0. Attached hereto as Exhibit "B" is a true and correct copy of the Bank of America wire request for the amount of $1,320,000. Attached hereto as Exhibit "C" is a true and correct copy of the BLMIS statement for the

-1-

1  Granddaughters Trust account for the period ending May 31, 2004, reflecting that a
2  wire was received on May 21, 2004 in the amount of $1,320,000.
3      4.   On or about May 26, 2004, at my authorization, the funds from BLMIS
4  account for the Granddaughters Trust were divided evenly into two new BLMIS
5  accounts, Account Number 1-EM-462-3-0 for the Lindsay Tsumpes Trust and
6  Account Number 1-EM-463-3-0 for the Heather Tsumpes Trust. Thus, BLMIS
7  Accounts 1-EM-462-3-0 and 1-EM-463-3-0 each began with $660,000 of principal
8  from my mother's life insurance policy.
9      5.   On or about February 28, 2005, I withdrew $283,488.50 from a Smith
10 Barney account held in my name as trustee for the Granddaughters Trust. Attached
11 hereto as Exhibit "D" is a true and correct copy of the Smith Barney statement
12 reflecting the withdrawal of $283,488.50.
13     6.   On or about March 2, 2005, I deposited half of $283,488.50, or
14 $141,744.25, into a Bank of America checking account held by the Lindsay
15 Tsumpes Trust. On the same day, I deposited the remaining $141,744.25 into a
16 Bank of America checking account held by the Heather Tsumpes Trust. Attached
17 hereto as Exhibit "E" are true and correct copies of the checking deposit slips
18 reflecting the two deposits of $141,744.25 each.
19     7.   On or about March 4, 2005, I authorized a wire in the amount of
20 $141,744.25 to be drawn from the Lindsay Tsumpes Trust's Bank of America
21 checking account for deposit into the Lindsay Tsumpes Trust's BLMIS Account.
22 Attached hereto as Exhibit "F" are true and correct copies of the wire request and
23 the financial statement for period ending March 31, 2005 for BLMIS Account
24 Number 1-EM-462-3-0, reflecting a wire deposit of $141,744.25 into the Lindsay
25 Tsumpes Trust's BLMIS Account.
26     8.   Also on or about March 4, 2005, I authorized a wire in the amount of
27 $141,744.25 to be drawn from Heather Tsumpes Trust's Bank of America checking
28 account for deposit into the Heather Tsumpes Trust's BLMIS Account. Attached

hereto as Exhibit "G" are true and correct copies of the wire request and the financial statement for the period ending March 31, 2005 for BLMIS Account Number 1-EM-463-3-0, reflecting a wire deposit of $141,744.25 into the Heather Tsumpes Trust's BLMIS account.

9. On or about June 18, 2009, I submitted two Customer Claim forms with supporting documentation to Irving H. Picard, Trustee for the Liquidation of the Business of BLMIS, to recover funds in the Lindsay Tsumpes Trust's BLMIS account and the Heather Tsumpes Trust's BLMIS account.

10. In mid March 2010, I received two Notices of Trustee's Determination of Claim (the "Notices"), denying both of my claims. True and correct copies of the Notices I received are attached hereto as Exhibit "H".

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed April 6, 2010, at Agoura Hills, California.

_____
CINDY GIAMMARRUSCO

-3-