UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
SECURITIES INVESTOR                       :
PROTECTION CORPORATION,                   :
                                          :
                  Plaintiff-Appellant,    :     SIPA LIQUIDATION
                                          :     (Substantively Consolidated)
                                          :     Adv. Pro. No. 08-01789 (BRL)
         v.                               :
                                          :
BERNARD L. MADOFF INVESTMENT              :
SECURITIES LLC,                           :
                                          :
                  Defendant.              :
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
In re:                                    :     Bankr. Case No. 08-01789 (BRL)
                                          :
BERNARD L. MADOFF,                        :
                                          :
                  Debtor.                 :
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - x

### OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM

LMO/MKO Family Trust (the "Customer") hereby objects to the Notice of

Trustee's Determination of Claim (the "Determination") dated March 8, 2010.

### BACKGROUND

1.     On June 18, 2009, the Customer filed a customer claim, with supporting

documents (together, the "Claim"), which the Trustee has designated as Claim No.

009954. The Claim is incorporated herein by reference.

2.     On or about March 8, 2010, the Trustee in this matter (the "Trustee") sent

the Customer the Determination, which denied the Claim in its entirety. The

Determination explains the Trustee's position regarding "net equity" and the transfer of

funds among accounts, but does not otherwise offer a basis for the denial of the Claim in full.

3.      On September 16, 2009, this Court issued an "Order Scheduling Adjudication of 'Net Equity' Issue" (the "Net Equity Litigation Order"). The Order further states that "The Trustee and Interested Parties shall reserve all rights, claims and defenses as to any issues and/ or arguments not resolved by the Court in connection with the briefing described herein on the Net Equity Issue." The Order directs the Trustee to confer with counsel regarding other issues that should be the subject of separate scheduling orders.

4.      Subsequent to the "Net Equity Litigation Order, the Net Equity Issue was briefed and argued before the Bankruptcy Court. On March 1, 2010, the Court issued a decision affirming the Trustee's method for determining customer claims. With respect to this decision, the Determination states:

> On March 1, 2010, the United States Bankruptcy Court for the Southern District of New York (Lifland J.) issued a decision which affirmed the Trustee's Net Investment Method for determining customer claims. The final resolution of this issue is expected to be determined on appeal.
>
> Should a final and unappealable court order determine that the Trustee is incorrect in his interpretation of 'net equity' and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by you in having your customer claim re-determined in accordance with such court order.

## GROUNDS FOR OBJECTION

5.      As required by this Court's December 23, 2008 "Order Approving Form and Manner of Publication and Mailing of Notices, Specifying Procedures for Filing,

Determination and Adjudication of Claims and Providing Other Relief" (the "Claims Procedures Order"), the Customer files this Objection to preserve all claims and defenses set forth in the Claim.

6.   The Customer contends that the Customer's "net equity" under the Securities Investor Protection Act ("SIPA") is equal to the value of securities positions and credit balance reflected in the customer's last statement, for all of the reasons set forth in the various submissions to the Court, including, but not limited to, the plain language of SIPA and prior case law.

7.   The Customer understands, based upon the representation set forth in the Determination, that the Customer will receive the benefit of any final and unappealable order entered in the Net Equity Litigation that is in accord with the Customer's position regarding "net equity."

8.   The Customer also objects to the denial of the contingent and other claims set forth in the Claim. As noted, the Trustee has offered no basis for the denial.

9.   In addition to these aforementioned objections, the Customer objects to the Trustee's denial and/or reduction of the Claim on a variety of grounds, including without limitation the following, which the Customer anticipates may be addressed pursuant to the further scheduling orders anticipated by the Net Equity Litigation Order or in separate proceedings:

(a)   Reducing the Claim by the amount of any withdrawal constitutes the effective avoidance of such transfers from BLMIS to Customer. There is no legal basis for avoidance of any transfer, and avoidance is barred by various

3

provisions of the Bankruptcy Code and SIPA that protect the validity of each

transfers and preclude their avoidance.  Avoidance may not be effected except

pursuant to the Bankruptcy Code and Rules, as made applicable through SIPA.

Therefore, reducing the Claim by the amount of any withdrawal is improper and

invalid.

(b)    Reducing the Claim by the amount of any withdrawal constitutes a

setoff that is invalid under applicable provisions of SIPA and the Bankruptcy

Code.

(c)    The Customer has paid income taxes in reliance upon the validity

of the withdrawals.

(d)    The Customer is entitled to recover interest, or some comparable

rate of return, for deposited amounts, pursuant to state law and federal securities

law.

(e)    The Customer is entitled to an adjustment of the Claim to account

for the Claim's current value.

## RELIEF REQUESTED

10.    For the reasons stated herein and in the Claim, the Claim should be allowed

in its entirety (including, without limitation, costs, fees, expenses, and a comparable rate

of return), and the Court should direct SIPC to issue immediate payment to the Customer

4

and such other amounts and equitable relief as the Court deems appropriate to compensate Customer's losses arising from its investment in BLMIS.

11.    The Customer reserves the right to revise, supplement, or amend this Objection and its Claim and any failure to object on a particular ground or grounds shall not be construed as a waiver of Customer's right to object on any additional grounds.

* * * *

5

Dated:   New York, New York
        April 2, 2010

LMO/MKO Family Trust

By: _____
      L. Thomas Osterman, Trustee

181

6