Marc G. Rosenberg
McLAUGHLIN & STERN, LLP
260 Madison Avenue, 18th Fl.
New York, NY 10016
(212) 448-1100
mrosenberg@mclaughlinstern.com
Attorneys for Matthew Liebman

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------        Adv. Pro. No. 08-01789 (BRL)
SECURITIES INVESTOR PROTECTION
CORPORATION,

              Plaintiffs          SIPA Liquidation

vs.                                                            **OBJECTION TO TRUSTEE'S**
                                                               **DETERMINATION OF**
BERNARD L. MADOFF INVESTMENT                                   **CLAIM**
SECURITIES LLC,

           Defendant.
-------------------------------------------------------

      Matthew Liebman ("Liebman") hereby objects to the Notice of Trustee's Determination of

Claim ("Claim Number 8319") dated February 2, 2010 and sent by Irving H. Picard (the

"Trustee"), and states as follows:

## BACKGROUND FACTS

      1.    In or about 2004 Liebman opened two accounts with Bernard L. Madoff Investment

Securities LLC ("BLMIS"), account no. 1-L0218-3-0 (the "Account") and account no. 1-L0218-

4-0 (the "other Account").

      2.    According to the Trustee, Liebman deposited a total of $ 253,819.57 into the Account

during the period from February 27, 2004 through September 5, 2008, and withdrew a total of

$46,438.00 from the Account during the period from March 3, 2004 through June 10, 2010.

3.    Pursuant to the October 31, 2008 account statements sent by BLMIS to Liebman (the "BLMIS Statements"), the market value of securities in the Account was long $381,733.50 for account no. 1-L0218-3-0. The market value of securities in the other Account was $21,519.00 for account no 1-L0218-4-0, pursuant to the BLMIS statements.

4.    Throughout the period of the existence of the Accounts, Liebman paid taxes annually on the appreciation in the Accounts based upon the BLMIS Statements he received from BLMIS.

5.    On December 11, 2008, the above-captioned liquidation proceeding was commenced against BLMIS, pursuant to the Securities Investor Protection Act ("SIPA") and later transferred to the United States Bankruptcy Court for the Southern District of New York.  Irving Picard was appointed Trustee and charged with overseeing the liquidation of BLMIS and processing customer claims for money pursuant to SIPA.

6.    On December 23, 2008, the Court issued an Order directing the Trustee to disseminate notice and claim forms to BLMIS customers and setting forth claim-filing deadlines. The Order further provided that, to the extent the BLMIS Trustee disagrees with the amount set forth on a customer claim form, that the BLMIS Trustee "shall notify such claimant by mail of his determination that the claim is disallowed, in whole or in part, and the reason therefore . . . ."

7.    On April 1, 2009, Liebman sent a SIPC Customer Claim (the "Customer Claim", annexed hereto as Exhibit "1") to the Trustee for the Accounts, asserting a claim for securities in the amount of long $381,733.50 for the account no. 1-L0218-3-0, and in the amount of $21,519.00 for account no. 1-L0218-4-0, as stated in the October 31, 2008 BLMIS Statements sent by BLMIS.

8.    On February 2, 2010, the Trustee sent Liebman a Notice of Trustee's Determination of Claim (the "Determination Letter", annexed hereto as Exhibit "2") with respect to the

2

Account.  The Trustee stated in the letter that he was determining the claim on "BLMIS Account No 1L0218", designated as "Claim Number 8319," without differentiating between the two underlying Accounts.  The Trustee entirely denied the claim for securities that was based upon the October 31, 2008 BLMIS Statements.  However, the Trustee allowed the claim for $207,381.57. In doing so, the Trustee disallowed two transfers into the Account from two other BLMIS accounts ($46,438.14 transferred from the account 1P010630, and $5,000.00 transferred from the account 1P003830). Had the Trustee allowed these transfers, then, under the Trustee's "net-equity" approach, the amount of the claim would have been $258,819.71.  Moreover, the Trustee ignored all appreciation in the Account from its inception over a period of four years.

9.    Requests for extensions to file an objection through April 9, 2010 were granted by the Trustee.

## GROUNDS FOR OBJECTION

10.    The Determination Letter is improper for - amongst others - the following reasons: The Trustee has failed to comply with the Court's December 23, 2008 Order in that he has not set forth the legal and factual basis for the position he has taken.  The Trustee has also violated SIPA's mandate to honor the legitimate expectations of a customer.  Moreover, the Trustee has invented his own definition of "net equity" solely in order to save SIPC money, at the expense of the customers.  The Trustee has also ignored the customers' entitlement to (prejudgment) interest and a reasonable return on their investment. In addition, the Trustee's Determination Letter is improper for the following reasons stated below in detail:

A.         **The Trustee Failed To Give The Reasons For The Denial of Claim**

11.    The Trustee has set forth no legal basis for disallowing Liebman's Customer Claim in full as filed.  The only explanations set forth in the Determination Letter is that "[n]o securities

were ever purchased for your account." This purported ground for denial does not have any statutory or other legal basis. Moreover, the Determination Letter (a) does not clearly provide "the reason" for the denial of Liebman's claim, as required by the Court's December 23, 2008 Order, (b) is inadequate to rebut the prima facie validity of Liebman's claim; and (c) violates general principles of applicable law requiring that an objection to a proof of claim set forth, at a minimum, all of the relevant and pertinent facts and legal theories upon which the denial of the claim is based.

**B.**          **The Trustee Is Ignoring the Debtor's books and records**

12.    The Determination Letter fails to comply with this Court's December 23, 2008 Order, which directs the Trustee to satisfy customer claims and deliver securities in accordance "with the Debtor's books and records." Included with Liebman's Customer Claim were his final BLMIS Statements, showing a balance of securities in the amount of long $381,733.50 for account no 1-L0218-3-0, and showing a balance of securities in the amount of $21,519.00 for the account no. 1-L0218-4-0. The final BLMIS Statements are the best evidence of the amount owed based on the Debtor's books and records, and it is reflective of "the Debtor's books and records" by which the Trustee is bound, absent proof that Liebman did not have a "legitimate expectation" that the balance on the Account statements represented his property. Accordingly, the claim should be allowed in the full amount.

**C.**          **The Trustee's method of calculating "net equity" is without merit**

13.    Liebman respectfully submits his objection to the Trustee's method of calculating "net-equity" in view of the Court's recent Order signed on March 8, 2010 "Affirming Trustees Determination Of Net Equity And Expunging Those Objections With Respect To The

Determinations Relating To Net Equity" because that order is not yet final and is due for an immediate appeal to the United States Court of Appeals for the Second Circuit.

14. The Trustee miscalculated the value of the Claim because he erroneously applied a "cash in/cash out" approach to calculating Liebman's "net equity" under SIPA.

15. Liebman deposited funds in his Account at BLMIS with the expectation that the amount of these funds would grow, his account statements showed such growth, and the balance on his final BLMIS Statement reflects the benefit of this bargain. Moreover, SIPC is bound to honor a customer's "legitimate expectations."

16. In contrast, the Trustee's formula for calculating the "net equity" is an improper and wholly inadequate measure of loss. In derogation of his obligations to carry out the provisions of SIPA, the Trustee has created his own definition of "net equity." The Trustee has asserted that he has a right to recognize investors' claims only for the amount of their net investment, disregarding all income and/or appreciation in their accounts. Moreover, the Trustee maintains that transfers from other BLMIS accounts can be disregarded where those other BLMIS accounts did not contain enough "net equity" – as calculated pursuant to the Trustee's misguided approach – to substantiate such a transfer. The Trustee's position that Liebman's claim should be partially denied is therefore nothing but baseless.

17. Liebman adopts and incorporates all of the objections previously filed by Investors similarly situated regarding the Trustee's position as to the method for calculation of "net equity", as if fully stated herein.

**D.**                                          **Liebman Is Entitled To Interest**

18. Liebman is entitled to recover interest on such funds deposited with BLMIS. Such interest is required as a matter of State law. Moreover, since BLMIS converted Liebman's funds,

Liebman is also entitled to prejudgement interest. The Determination Letter, however, does not mention any entitlement to any interest at all.

**E.        Trustee Fails To Prove That All Gains Reported Are Fictitious**

19.    The Trustee alleges in the Determination Letter that no securities were ever purchased by BLMIS. However, the Trustee's Determination Letter simply assumes that BLMIS never earned funds and that therefore all gains reported to customers were fictitious. But this assumption is contrary to fact.

20.    There is significant evidence that, at some time, BLMIS was at least in part a legitimate business and therefore all or a portion of the gains were not fictitious. Moreover, the Trustee bears the burden to show that BLMIS never earned any amounts to support customer gains and, if at some point it did earn funds, the dates when it ceased to do so. The Trustee is required to state and prove when the Ponzi scheme began.

21.    Hence, the Trustee cannot prove that BLMIS earned no money on Liebman's investment. Moreover, to the extent the funds were deposited into a bank, they earned interest while on deposit. BLMIS disbursed customer funds to favored customers, to family members, and for other purposes. Those funds may have yielded substantial profits to which Liebman and other customers are entitled once the ultimate recipients of BLMIS's thievery are known.

**F.      The Trustee Failed To Adjust Liebman's Claim To The Taxes Liebman Paid**

22.    Liebman's customer claim should be adjusted by adding all amounts he actually paid as income taxes on allegedly fictitious gains to equalize his treatment with that of other customers.

### G.                    Trustee Has No Power To Claw Back

23.    The Trustee has no power to claw back from investors who, like Liebman, had a legitimate expectation that their statements were accurate and who, like Liebman, paid taxes annually on the earnings reflected on their account statements. The funds he withdrew were in the Account that belonged to him.

### H.    The Trustee Failed To Furnish Records To Support His Calculations

24.    The Determination Letter purports to calculate the "net equity" based on Liebman's deposit transactions and withdrawal transactions, but does not furnish the actual records for those transactions. Many of the withdrawal transactions listed in the Determination Letter allegedly occurred several years ago.

25.    It is unreasonable to anticipate that customers like Liebman would maintain records of accounts for long periods of time given (a) general limitations on record retention requirements under tax law and other applicable rules governing record retention; (b) the apparent safety and solvency of BLMIS; and (c) the fact that historical records such as those in question are usually available from financial institutions, including broker-dealers, upon request.

26.    Therefore, due process demands that the Trustee prove that the alleged withdrawal transactions occurred by furnishing the appropriate records to Liebman and, absent such records, such withdrawal transactions should be deleted from the calculation of Liebman's "net equity." Likewise, the Trustee should be required to prove that the deposit transactions are completely listed by furnishing the appropriate records to Liebman.

I.                        **Further Objections**

27.    Finally, Liebman also adopts and incorporates herein, to the extent applicable, all of
the objections filed by those others similarly situated regarding the Trustee's determination
letters.

## CONCLUSIONS

28.    The Trustee's determination amounts to an improper denial of a claim that has prima
facie validity. The Trustee has offered no sufficient factual or legal basis for his determination to
deny Liebman's claim.    The Trustee's Determination Letter, and the objections contained
therein, should be stricken, or alternatively, the Trustee should describe his position in detail
including all relevant facts, legal theories, and authorities.

29.    Liebman received daily trade confirmations and monthly statements from BLMIS in
the past several years.   Hence there is no basis to claim that Liebman did not have a "legitimate
expectation" that the assets reflected on the Account statements sent to him by BLMIS belonged
to him.

30.    Thus, Liebman is entitled to a claim for securities in the amount of long $381,733.50
for account no. 1-L0218-3-0, and in the amount of $21,519.00 for account no. 1-L0218-4-0, as
reflected on the October 31, 2008 BLMIS Statements sent by BLMIS.

31.    Accordingly, for the foregoing reasons, Liebman is a "customer" under SIPA, entitled
to up to $500,000.00 in SIPC funds.

32.    Liebman is entitled to an order compelling the Trustee and SIPC to immediately
replace the securities in the Account to the extent of a valuation of $500,000.00 as of October 31,
2008.

33.    For the reasons set forth above and more fully in the objections filed in this proceeding by those similarly situated to Liebman, Liebman is entitled to (i) have his claim recognized in the amount of $403,252.50, consistent with the October 31, 2008 BLMIS Statements and (ii) such other and further relief as is just, equitable and proper.

## RESERVATION OF RIGHTS

34.    Liebman hereby reserves all rights with respect to his Claims and further reserves all rights to revise, amend or supplement this Objection or file a reply to any response to this Objection that is filed. Moreover, any failure to object on a particular ground or grounds shall not be construed as a waiver of Liebman's right to object on any additional grounds.

35.    The execution and filing of this objection is not and shall not be deemed a waiver or release of Liebman's rights against any entity or person liable for all or any part of the claim asserted herein, or an election of remedies which waives or otherwise affects any other remedy.

36.    Liebman also reserves all objections as to the competence, relevance, materiality, privilege, or admissibility of evidence in any subsequent proceeding or trial of this or any other action for any purpose whatsoever.

37.    Liebman incorporates by reference all reservations of rights set forth in Liebman's Customer Claim and any supplements thereto.

April 8, 2010
New York, New York

Respectfully submitted,

McLAUGHLIN & STERN

By _____
        Marc G. Rosenberg
260 Madison Avenue, 18th Fl.
New York, NY 10016
(212) 488-1100
Attorneys for Matthew Liebman

# EXHIBIT 1

# McLAUGHLIN & STERN, LLP

**MARC G. ROSENBERG**
Partner
Direct Phone: (212) 448–6249
E-Mail: mrosenbergs@mclaughlinstern.com

260 MADISON AVENUE
NEW YORK, NEW YORK 10016
(212) 448–1100
FAX (212) 448–0066

**MILLBROOK OFFICE**
Franklin Avenue
P.O. Box 1369
Millbrook, New York 12545
(914) 677–5700
Fax (914) 677–0097

April 1, 2009

**VIA FEDEX**

Irving Picard, Esq.
Trustee for Bernard L. Madoff Investment Securities, LLC
Claims Processing Center
2100 McKinney Avenue, Suite 800
Dallas, TX 75201

Re: Matther Liebman A/C No.1-L0128

Dear Mr. Picard:

On behalf of our client, Matthew Liebman, enclosed please find the Customer Claim in connection with Bernard L. Madoff Investment Securities, LLC together with the October 31, 2008 Account Statement (which is the last statement that Mr. Liebman received), a spreadsheet listing Mr. Liebman's contributions and withdrawals, a list of Mr. Liebman's contribution and withdrawals together with the related Exhibits.

Please have the enclosed copy of this letter stamped received or otherwise acknowledged and returned to me in the enclosed stamped self-addressed envelope.

Please do not hesitate to contact me with any questions or comments.

Very truly yours,

Marc G. Rosenberg

**CUSTOMER CLAIM**

Claim Number_____

Date Received_____

**BERNARD L. MADOFF INVESTMENT SECURITIES LLC**

In Liquidation

**DECEMBER 11, 2008**

Irving H. Picard, Esq.
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

Provide your office and home telephone no.

OFFICE:_____

HOME: (646) 831-2770

Taxpayer I.D. Number (Social Security No.)

Account Number:    1L0218
MATTHEW LIEBMAN
C/O PHYLLIS POLAND, CUSTODIAN
1 PINE RIDGE ROAD
LARCHMONT, NY  1053

(If incorrect, please change)

NOTE:    BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY
THE ACCOMPANYING INSTRUCTION SHEET.  A SEPARATE CLAIM FORM
SHOULD BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL
PROTECTION AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE
RECEIVED BY THE TRUSTEE ON OR BEFORE March 4, 2009.  CLAIMS
RECEIVED AFTER THAT DATE, BUT ON OR BEFORE July 2, 2009, WILL BE
SUBJECT TO DELAYED PROCESSING AND TO BEING SATISFIED ON TERMS
LESS FAVORABLE TO THE CLAIMANT. PLEASE SEND YOUR CLAIM FORM BY
CERTIFIED MAIL - RETURN RECEIPT REQUESTED.

*******************************************************************************

1.    Claim for money balances as of **December 11, 2008** :
      a.    The Broker owes me a Credit (Cr.) Balance of        $ See attached
      b.    I owe the Broker a Debit (Dr.) Balance of           $_____

502180406

    c.    If you wish to repay the Debit Balance,

        please insert the amount you wish to repay and

        attach a check payable to "Irving H. Picard, Esq.,

        Trustee for Bernard L. Madoff Investment Securities LLC."

        If you wish to make a payment, **it must be enclosed**

        with this claim form.        $_____

    d.    If balance is zero, insert "None."    _____

2.    Claim for securities as of **December 11, 2008**:

**PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.**

|  | | YES | NO |
|---|---|---|---|
| a. | The Broker owes me securities | _See_ _attached_ | |
| b. | I owe the Broker securities | _Statement_ | |

    c.    If yes to either, please list below:

| Date of Transaction (trade date) | Name of Security | Number of Shares or Face Amount of Bonds | |
|---|---|---|---|
|  |  | The Broker Owes Me (Long) | I Owe the Broker (Short) |
| _____ | _See    attached    Statement_ | | |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

**Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclose, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation. You should also provide all documentation or**

**information regarding any withdrawals you have ever made or payments received from the Debtor.**

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement.  If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.

**PLEASE CHECK THE APPROPRIATE ANSWER FOR ITEMS 3 THROUGH 9.**

NOTE:    IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION ON A SIGNED ATTACHMENT.    IF SUFFICIENT DETAILS ARE NOT PROVIDED, THIS CLAIM FORM WILL BE RETURNED FOR YOUR COMPLETION.

|  |  | YES | NO |
|---|---|---|---|
| 3. | Has there been any change in your account since December 11, 2008?  If so, please explain. | | X |
| 4. | Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of the broker? | | X |
| 5. | Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or policies of the broker? | | X |
| 6. | Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in any way with the broker?  If so, give name(s) | | X |
| 7. | Is this claim being filed by or on behalf of a broker or dealer or a bank?  If so, provide documentation with respect to each public customer on whose behalf you are claiming. | | X |
| 8. | Have you ever given any discretionary authority to any person to execute securities transactions with or through the broker on your behalf?  Give names, addresses and phone numbers. | | X |

9.    Have you or any member of your family
       ever filed a claim under the Securities
       Investor Protection Act of 1970?  if
       so, give name of that broker.                    _____    __X__

Please list the full name and address of anyone assisting you in the
preparation of this claim form: _Mclaughlin + Stern LLP_
_260 Madison Avenue, NY NY 10016_.

If you cannot compute the amount of your claim, you may file an estimated claim.  In that
case, please indicate your claim is an estimated claim.

**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM.
CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR
IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.**

**THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY
INFORMATION AND BELIEF.**

Date _2/25/09_          Signature_____

Date _____          Signature_____

(If ownership of the account is shared, all must sign above.  Give each owner's name,
address, phone number, and extent of ownership on a signed separate sheet.  If other
than a personal account, *e.g.*, corporate, trustee, custodian, etc., also state your capacity
and authority.  Please supply the trust agreement or other proof of authority.)

**This customer claim form must be completed and mailed promptly,
together with supporting documentation, etc. to:**

Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

## MATTHEW LIEBMAN

| Year | | JAN | FEB | MAR | APRIL | MAY | JUNE | JULY | AUG | SEPT | OCT | NOV | DEC | TOTAL | NET |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **2004** | In | | 106438.14 | | | 132000 | | | | | 5000 | 4059.58 | | 247497.72 | 201059.72 |
| | Out | 2500 | | | | | 43938 | | | | | | | 46438 | 201059.72 |
| | TOTAL | | | | | | | | | | | | | Year End | Year End |
| **2005** | In | | 3459.99 | | | | | | | | 5000 | | | 8459.99 | 209519.71 |
| | Out | | | | | | | | | | | | | 0 | |
| | TOTAL | | | | | | | | | | | | | Year End | Year End |
| **2006** | In | | | | 7000 | | | | | | 10000 | | | 17000 | 226519.71 |
| | Out | | | | | | | | | | | | | 0 | |
| | TOTAL | | | | | | | | | | | | | Year End | Year End |
| **2007** | In | | | | | | | 8300 | | | | 10000 | | 18300 | 244819.71 |
| | Out | | | | | | | | | | | | | 0 | |
| | TOTAL | | | | | | | | | | | | | Year End | Year End |
| **2008** | In | | | | | | | | | 14000 | | | | 14000 | 258819.71 |
| | Out | | | | | | | | | | | | | 0 | |
| | TOTAL | | | | | | | | | | | | | Year End | End |

Total Out    46438.00
Total In    305257.71
Total Net    258819.71

| 11/30/2008 | MATTHEW P. LIEBMAN<br>Phyllis Poland Custodian | 1-L0218-3-0 | soc sec ——2785 |
|---|---|---|---|
| Trade Date | Name of Security | The Boker<br>owes me<br>Long | I Owe<br>Broker<br>Short |
| 31-Oct | Fidelity Spartan  U S<br>Treasury Money Market | 237 | |
| 31-Oct | Security positions<br>Fidelity Spartan U S Treasury<br>Money market | 32,157 | |
| 31-Oct | U S Treasury Bill Due 2/12 2009 | 350,000 | |



**BERNARD L. MADOFF**
MADF INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

MATTHEW LIEBMAN
C/O PHYLLIS POLAND, CUSTODIAN
1 PINE RIDGE ROAD
LARCHMONT        NY    10538

YOUR ACCOUNT NUMBER
1-L0218-3-0

PERIOD ENDING
10/31/08

PAGE
1

YOUR TAX PAYER IDENTIFICATION NUMBER
*******2785

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| | | | | BALANCE FORWARD | | 21,518.53 | 57.00 |
| 10/01 | | | | COCA COLA CO | DIV | | 57.00 |
| 10/01 | | | | DIV 9/15/08 10/01/08 | | | 14.88 |
| 10/01 | | | | HEMLETT PACKARD CO | DIV | | |
| 10/01 | | | | DIV 9/10/08 10/01/08 | | | 61.56 |
| 10/01 | | | | MERCK & CO | DIV | | |
| 10/03 | | | | DIV 9/05/08 10/01/08 | | | 18.90 |
| | | | | SCHLUMBERGER LTD | DIV | | |
| 10/03 | | | | DIV 9/03/08 10/03/08 | | | |
| 10/10 | | | | PHILLIP MORRIS INTERNATIONAL | DIV | | 84.24 |
| 10/31 | | | | DIV 9/15/08 10/10/08 | | | |
| | | | | FIDELITY SPARTAN | | | |
| 10/31 | 237 | | 8696 | U S TREASURY MONEY MARKET | 1 | | 237.00 |
| | | | | NEW BALANCE | | 21,518.95 | |
| | | | | SECURITY POSITIONS | MKT PRICE | | |
| | 32,157 | | | FIDELITY SPARTAN | 1 | | |
| | | | | U S TREASURY MONEY MARKET | | | |
| | 350,000 | | | U S TREASURY BILL | 99.879 | | |
| | | | | DUE 2/12/2009 | | | |
| | | | | 2/12/2009 | | | |
| | | | | MARKET VALUE OF SECURITIES | | | |
| | | | | LONG | | | |
| | 381,733.50 | | | SHORT | | | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES



**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
(212) 230-2424
800 334-1343
Fax (212) 838-4061

885 Third Avenue
New York, NY 10022

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

MADF ☐  New York ☐ London

MATTHEW LIEBMAN
C/O PHYLLIS POLAND, CUSTODIAN
1 PINE RIDGE ROAD
LARCHMONT          NY   10538

YOUR ACCOUNT NUMBER: 1-L0218-3-0
PERIOD ENDING: 10/31/03
YOUR TAX PAYER IDENTIFICATION NUMBER: *******2785
PAGE: 2

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|------|------|------|------|------|------|------|------|
| | | | | YEAR-TO-DATE SUMMARY | | | |
| | | | | DIVIDENDS | | | 2,515.90 |
| | | | | GROSS PROCEEDS FROM SALES | | | 1,683,068.00 |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES



| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|------|------|------|------|------|------|------|------|
| | | | | BALANCE FORWARD | | | 21,519.00 |
| | | | | NEW BALANCE | | | 21,519.00 |

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

MATTHEW LIEBMAN

C/O PHYLLIS POLAND, CUSTODIAN
1 PINE RIDGE ROAD
LARCHMONT        NY    10538

YOUR ACCOUNT NUMBER
1-L0218-4-0

PERIOD ENDING
10/31/08

PAGE
1

YOUR TAX PAYER IDENTIFICATION NUMBER
*******2785

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

**MATTHEW LIEBMAN**

| Date of Transaction | Description | Amount | Exhibit # | Documentation |
|---|---|---|---|---|
| January-04 | Contribution | 60,000.00 | 1 | Copy of Check & Confirmation of Receipt |
| February-04 | Contribution | 46,438.14 | 2 | Confirmation of Receipt of Funds |
| March-04 | Withdrawal | (2,500.00) | | Not Available at this Time |
| May-04 | Contribution | 132,000.00 | 3 | Copy of Check Attached |
| June-04 | Withdrawal | (43,938.00) | 4 | Confirmation of Transfer of Funds |
| October-04 | Contribution | 5,000.00 | | Not Available at this Time |
| October-04 | Contribution | 4,059.58 | 5 | Copy of Check |
| February-05 | Contribution | 3,459.99 | 6 | Copy of Check |
| October-05 | Contribution | 5,000.00 | 7 | Bank Statement & Copy of Check |
| January-06 | Contribution | 7,000.00 | 8 | Copy of Check |
| October-06 | Contribution | 10,000.00 | 9 | Copy of Check |
| July-07 | Contribution | 8,300.00 | 10 | Copy of Check |
| November-07 | Contribution | 10,000.00 | 11 | Copy of Check |
| September-08 | Contribution | 14,000.00 | 12 | Copy of Check |

February 21 - March 18, 2004

**Page 4 of 4**

013-00013-B014-00013 Primary Account Number: 013-0845184-65

View, save and print images of your cleared checks – front AND back – FREE at Chase Online SM

Log on or enroll today at www.chase.com/online

105
CHASE

CHECK # 0105 $60,000.00 PAID 02/27

Exhibit 1

BERNARD L. MADOFF
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
212 230-2424
P&S Dept. 212 230-2436
800 334-1343
Fax 212 838-4061

WE HAVE THIS DAY **CREDITED** YOUR
ACCOUNT WITH THE FOLLOWING:

2/27/04

✓CHECK

60,000.00

CLIENT'S ACCOUNT NUMBER

1-L0218-3

MATTHEW LIEBMAN
PHYLLIS POLAND J/T
535 EAST 86TH STREET  APT #6A
NEW YORK        NY 10028

Exhibit 1

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
212 230-2424
P&S Dept. 212 230-2436
800 334-1343
Fax 212 838-4061

WE HAVE THIS DAY
ACCOUNT WITH THE FOLLOWING:

**DEBITED YOUR**
**TRANS TO 1L021830**

2/27/04

46,438-14

CLIENT'S ACCOUNT NUMBER

1-P0106-3

MARITAL TST ESTAB UNDER
TED POLAND REV TST DTD 2/19/99
PHYLLIS POLAND TSTEE
535 E 86TH STREET
NEW YORK                    NY 10028

— Check #2500  issued on 3/1/04

Exhibit 2

May 21 - June 18, 2004

**Page   5 of  5**

Primary    Account    Number:    013-0845184-65

013-00013-B014-00013-          -001-1-01



CHECK  #    0133     $132,000.00     PAID   05/27

Exhibit 3

**BERNARD L. MADOFF**
**INVESTMENT SECURITIES LLC**
**New York □ London**

*ToLD PU*

885 Third Avenue
New York, NY 10022
212 230-2424
P&S Dept. 212 230-2436
800 334-1343
Fax 212 838-4061

WE HAVE THIS DAY    CREDITED YOUR
ACCOUNT WITH THE FOLLOWING:    TRANS FROM 1L021830

6/10/04

43,938.00

CLIENT'S ACCOUNT NUMBER

MILDRED POLAND TRUSTEE
MILDRED S POLAND REVOCABLE
TRUST DTD 9/8/87
301 PURITAN ROAD
SWAMPSCOTT            MA 01907

1-EM151-3



Exhibit 4

06/07/2004  17:10    7815982384                              PAGE 01

MATTHEW P. LIEBMAN
PHYLLIS POLAND
535 E. 86TH STREET, APT. 6A
NEW YORK, NY 10028-7533

TEL.  (212) 535-1713

FAX

MAY 11, 2004

TO:        FRANK DIPASCALI
           BERNARD L. MADOFF

FROM:      PHYLLIS POLAND

RE:        **MATTHEW LIEBMAN'S ACCOUNT #1-L0212-3**

PLEASE TRANSFER $43,938 (FORTY-THREE THOUSAND NINE HUNDRED &
THIRTY-EIGHT DOLLARS) FROM MATTHEW'S ACCOUNT TO:

           **MILDRED POLAND'S ACCOUNT #1-EM151-3-0**

THANK YOU.

SIGNED:

MATTHEW P. LIEBMAN                    PHYLLIS A. POLAND

Exhibit 4

Page 1 of 1

| | |
|---|---|
| Posting Date: | 2004-11-01 |
| Sequence #: | 3100557499 |
| Account #: | 920004088165 |
| Routing Transit: | 02100002 |
| Amount #: | $4059.58 |
| Check/Serial #: | 000000005991 |
| Bank #: | 802 |
| Tran Code: | 0000 |
| IRD: | N/A |
| ItemType: | N/A |
| BOFD: | N/A |
| Cost Center: | N/A |
| Teller Number: | N/A |
| Teller Seq Number: | N/A |
| Processing Date: | N/A |



Exhibit 5

Page 1 of 1

| | |
|---|---|
| Posting Date: | 2005-02-24 |
| Sequence #: | 3600015888 |
| Account #: | 920004088165 |
| Routing Transit: | 02100002 |
| Amount #: | $3459.99 |
| Check/Serial #: | 000000006092 |
| Bank #: | 802 |
| Tran Code: | 0000 |
| IRD: | N/A |
| ItemType: | N/A |
| BOFD: | N/A |
| Cost Center: | N/A |
| Teller Number: | N/A |
| Teller Seq Number: | N/A |
| Processing Date: | N/A |





Exhibit 6

September 22 - October 21, 2005
**Page 2 of 4**

013-00013-B014-00013-           -001-1-01-0011-0101-      -IY          Primary   Account   Number:   013-0845184-65

**Better Banking Checking**                    Account # 013-0845184-65                         **MATTHEW  LIEBMAN**
(continued)

## Activity

| Date | Description | Additions | Deductions | Balance |
|------|-------------|-----------|------------|---------|
| 10/07 | NYCE ATM  Withdrawal   On 10/06;  Card  # **** 8532 | | | |
|  | Serial#  970569;  2481 Broadway,    New  York, NY | | $ 40.99 | $ 7,010.14 |
| 10/11 | Customer   Check  # 161 | $ 5,000.00 | | $ 2,010.14 |
| 10/11 | ATM  Withdrawal   On 10/08; Card  # **** 8532 | | | |
|  | Serial#  008714;  401 Park Ave, New  York, NY | | $ 80.00 | $ 1,930.14 |
| 10/11 | CBC Purchase   On 10/09; Card  # **** 8532 | | | |
|  | Reff# 55421358Vwpamtbb1;     47 McPub,  New  York, NY | | $ 78.00 | $ 1,852.14 |
| 10/11 | NYCE ATM  Withdrawal   On 10/08;  Card  # **** 8532 | | | |
|  | Serial#  009824; 401 Park Ave. Sout, New  York, NY | | $ 20.99 | $ 1,831.15 |
| 10/12 | NYCE ATM  Withdrawal   On 10/11;  Card  # **** 8532 | | | |
|  | Serial#  951268;  517 Third Ave,  New  York, NY | | $ 61.75 | $ 1,769.40 |
| 10/17 | ATM  Withdrawal   On 10/15;  Card  # **** 8532 | | | |
|  | Serial#   005009 | | $ 100.00 | $ 1,669.40 |
| 10/17 | CBC Purchase   On 10/14; Card  # **** 8532 | | | |
|  | Reff# 8547082918B98Hv9M;      Union  Bar, New  York, NY | | $ 26.00 | $ 1,643.40 |
| **10/18** | **Transfer From-Overdraft  Line  Of CR # **** 1911** | $ 555.60 | | $ 2,199.00 |
| 10/18 | Electronic   Check  Presentment   # 164 | | $ 2,162.00 | $ 37.00 |
| 10/18 | CBC Purchase   On 10/16; Card  # **** 8532 | | | |
|  | Reff# 5554752927Av90Gye;      Lotus, New  York, NY | | $ 37.00 | $ 0.00 |
| **10/19** | **Transfer From-Overdraft  Line  Of CR # **** 1911** | $ 2,011.00 | | $ 2,011.00 |
| 10/19 | Electronic   Check  Presentment   # 163 | | $ 1,951.00 | $ 60.00 |
| 10/19 | ATM  Withdrawal;    Card  # **** 8532; Serial#  006204 | | $ 60.00 | $ 0.00 |
| **10/21** | **Transfer From-Overdraft  Line  Of CR # **** 1911** | $ 42.00 | | $ 42.00 |
| 10/21 | CBC Purchase   On 10/20; Card  # **** 8532 | | | |
|  | Reff# 554203695Kg97Jb8P;      El Rio  Grande,  New  York, NY | | $ 30.00 | $ 12.00 |
| 10/21 | CBC Purchase   On 10/20; Card  # **** 8532 | | | |
|  | Reff# 554213595Wpb21S83;      Bogart's,   New  York, NY | | $ 12.00 | $ 0.00 |
| **10/21** | **Ending  Balance** | | | **$ 0.00** |

## Monthly Fee

A  $18.50  fee  for  the  **previous**   statement   period   was  deducted   from  your  account   on 09/22.

| | | |
|---|---|---|
| 1 | Deposit | $ 0.00 |
| 4 | JPMorgan   Chase  ATM  withdrawals | $ 2.00 |
| 2 | Non-JPMorgan    Chase  ATM  withdrawals | $ 2.00 |
| 10 | Debit  card  point-of-sale | $ 5.00 |
| | Monthly   maintenance    fee | $ 9.50 |
| | Total | $ 18.50 |

A  $19.50  fee  for  this  statement   period   will  be  deducted   from  your  account   and  will  appear   on  your  **next**
statement.     Please   update   your  records.    Your  average   checking   balance   was  $2,665.96   and  your  combined
average   balance   was  $2,665.96.   With  an  average   checking   balance   of $3,000  or  a combined   average   balance   of
$4,500,  you  can  avoid  most  monthly   fees.

## THIS ENDS YOUR STATEMENT FINANCIAL DATA

Exhibit 7

September 22 - October 21, 2005
**Page    4 of  4**

Primary    Account   Number:    013-0845184-65

013-00013-B014-00013-          -001-1-01



CHECK  #    0161          $5,000.00    PAID   10/11

View, save  and  print  images  of your  cleared   checks  – front  __AND__  back  – FREE  at  Chase  Online  SM
Access   your   check   images   on  the  same   day  they  clear   and  from  the  past  3 years.
Log  on  or  enroll  today   at  __www.chase.com/online__

Exhibit 7

March 21 - April 20, 2006
**Page   5 of 5**

013-00013-B014-00013-          -001-1-01                    013-0845184-65



CHECK  #   0172       $7,000.00    PAID  04/17

View,  save  and  print  images  of  your  cleared  checks  — front  AND  back  — FREE  at  Chase  Online  SM
Access  your  check  images  on  the  same  day  they  clear  and  from  the  past  3 years.
Log  on  or  enroll  today  at  www.chase.com/online

Exhibit 8

# CHASE ⬡

September 23, 2006 through October 20, 2006
Primary Account: **000013084518465**

## IMAGES

ACCOUNT # 000013084518465

MATTHEW LIEBMAN                              No. 182
                                             Date 10/16/06

PAY TO THE ORDER OF   Bernard Madoff Securities        | $ 10,000 ⁰⁰
Ten Thousand dollars ⁰⁰                        DOLLARS

⬡ CHASE
JPMorgan Chase Bank
1375 Avenue of the Americas
New York, NY 10019

MEMO  L-10N-3

⑆021000021⑆ 13084518465⑆  0182 ⑈0004000000⑈

008770039137 OCT 20 #0000000182 $10,000.00



**Need more information about any of these images of cleared items?  Registered users of Chase Online see
BOTH front and back of images of cleared items.  Chase Online is a free service. Visit www.Chase.com to
enroll or log in.**

Page 5 of 6

Exhibit 9

Page 1 of 1

| | |
|---|---|
| Posting Date: | 2007-07-26 |
| Sequence #: | 9070111766 |
| Account #: | 920004088165 |
| Routing Transit: | 02100002 |
| Amount #: | $8300.00 |
| Check/Serial #: | 000000006749 |
| Bank #: | 802 |
| Tran Code: | 000000 |
| IRD: | 0 |
| ItemType: | P |
| BOFD: | 021000021 |
| Cost Center: | N/A |
| Teller Number: | N/A |
| Teller Seq Number: | N/A |
| Processing Date: | N/A |

*Handwritten notes:*
10/20/06  10k  2/27/04  60k
Check 182   Check 105
10k  11/19/07  5/27/04  132k
Check 119   Check 133
1/29/5/08  10/17/05  5k
Check 233   Check 161
4/17/06  7k
Check 172

PHYLLIS A. POLAND

JPMORGAN CHASE BANK, N.A.
NEW YORK, NEW YORK 10017
WWW.CHASE.COM

6749

1-2/21
7/18/07

PAY TO THE ORDER OF   Bernard Madoff Securities   $ 8300.00

eight thousand three hundred ———————— XX/XX   DOLLARS

MEMO   FOR ACCT 1-L0 218-3

*Phyllis A. Poland (signature)*

⑈006749⑈ ⑈021000021⑈ 920004088165⑈ /00008300000/

PAY TO THE ORDER OF
CHASE MANHATTAN BANK
FOR DEPOSIT ONLY
BERNARD L. MADOFF
140 081 703

*Bernard Madoff Securities (endorsement)*

JP MORGAN CHASE BANK, N.A.
CHK BAL MAY 07/26/2007

9070111766

Exhibit 10

# CHASE ⬡

October 20, 2007 through November 21, 2007
Account Number: **000013084518465**

## IMAGES

ACCOUNT # 000013084518465

MATTHEW LIEBMAN

119

DATE 11/14/07

PAY TO THE ORDER OF  Bernard L Madoff Investment Securities   $ 10,000.00

Ten Thousand dollars      DOLLARS

⬡ CHASE    JPMorgan Chase Bank
J.P. Morgan of the Americas
New York, NY 10019

MEMO  I-L0218-3

⑆021000021⑆013084518465⑆  0119  /0001000000/

008670877891 NOV 19 #0000000119 $10,000.00

**Need more information about any of these images of cleared items?  Registered users of Chase Online see BOTH front and back of images of cleared items. Chase Online is a free service. Visit www.Chase.com to enroll or log in.**

Exhibit  11

# CHASE ✦

August 21, 2008 through September 19, 2008
Account Number: **000013084518465**

**IMGES** _____ ACCOUNT # 000013084518465

**ee both front and back images of cleared checks at Chase.com.  If you're not enrolled in this free service, please
nroll now.**

MATTHEW LIEBMAN                                      233

DATE 9/2/08

PAY TO THE
ORDER OF  Bernard L. Madoff Securities LLC  $ 14,000.00

Fourteen Thousand dollars                          DOLLARS

CHASE  JPMorgan Chase Bank
        1270 Avenue of the Americas
        New York, NY 10020

MEMO  IL 021830

⑆02100002⑆0130845184165⑈  0233

Exhibit

12

005070207894 SEP 05 #0000000233 $14,000.00

**EXHIBIT 2**



## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

### DECEMBER 11, 2008[1]

### NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

February 2, 2010

MATTHEW LIEBMAN
C/O PHYLLIS POLAND, CUSTODIAN
1 PINE RIDGE ROAD
LARCHMONT, NY 10538

Dear MATTHEW LIEBMAN:

### PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim on BLMIS Account No. 1L0218 designated as Claim Number 8319:

Your claim for securities is **DENIED**. No securities were ever purchased for your account.

Your claim is **ALLOWED** for $207,381.57, which was the balance in your BLMIS Account on the Filing Date based on the amount of money you deposited with BLMIS for the purchase of securities, less subsequent withdrawals, as outlined in Table 1.

---

[1] Section 78*lll*(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78*lll*(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

300070106.1



| DATE | TRANSACTION DESCRIPTION | AMOUNT | ADJUSTED AMOUNT |
|---|---|---|---|
| **Table 1** | | | |
| **DEPOSITS** | | | |
| 2/27/2004 | CHECK | $60,000.00 | $60,000.00 |
| 2/27/2004 | TRANS FROM 1P010630 | $46,438.14 | $0.00 |
| 5/27/2004 | CHECK | $132,000.00 | $132,000.00 |
| 9/17/2004 | TRANS FROM 1P003830 | $5,000.00 | $0.00 |
| 11/1/2004 | CHECK | $4,059.58 | $4,059.58 |
| 2/24/2005 | CHECK | $3,459.99 | $3,459.99 |
| 10/11/2005 | CHECK | $5,000.00 | $5,000.00 |
| 4/17/2006 | CHECK | $7,000.00 | $7,000.00 |
| 10/20/2006 | CHECK | $10,000.00 | $10,000.00 |
| 7/26/2007 | CHECK | $8,300.00 | $8,300.00 |
| 11/19/2007 | CHECK | $10,000.00 | $10,000.00 |
| 9/5/2008 | CHECK | $14,000.00 | $14,000.00 |
| **Total Deposits:** | | $305,257.71 | $253,819.57 |
| | | | |
| **WITHDRAWALS** | | | |
| DATE | TRANSACTION DESCRIPTION | AMOUNT | ADJUSTED AMOUNT |
| 3/3/2004 | TRANS TO 1P010630 | ($2,500.00) | ($2,500.00) |
| 6/10/2004 | TRANS TO 1EM15130 | ($43,938.00) | ($43,938.00) |
| **Total Withdrawals:** | | ($46,438.00) | ($46,438.00) |
| | | | |
| **Total deposits less withdrawals:** | | $258,819.71 | $207,381.57 |

Based on BLMIS' books and records, the Trustee believes the amount of deposits and withdrawals are reflected accurately in Table 1. To the extent you have evidence that contradicts or supplements what is reflected in Table 1, please contact Trustee's counsel, Courtni Thorpe, at (216) 861-6106.

Your **ALLOWED CLAIM** of $207,381.57 will be satisfied in the following manner:

The enclosed **ASSIGNMENT AND RELEASE** must be executed, notarized and returned in the envelope provided herewith. Upon receipt of the executed and notarized **ASSIGNMENT AND RELEASE**, the Trustee will fully satisfy your **ALLOWED CLAIM** by sending you a check in the amount of $207,381.57, with the funds being advanced by Securities Investor Protection Corporation pursuant to section 78fff-3(a)(1) of SIPA. In addition, you will be entitled to receive an additional distribution based upon your **ALLOWED CLAIM** from the fund of customer property, if any.



It is the Trustee's intent, pursuant to SIPA, to submit a Motion for an order of the Bankruptcy Court to allocate assets he has collected and will collect between the fund of customer property and the general estate and to distribute customer property *pro rata* among allowed claimants, such as you.  In a decision in this case, <u>Rosenman Family, LLC v. Picard</u>, 401 B.R. 629, 634 (Bankr. S.D.N.Y. 2009), the Bankruptcy Court stated:

> The customer estate is a fund consisting of customer property and is limited exclusively to satisfying customer claims.  <u>In re Adler Coleman Clearing Corp. (Adler Coleman II)</u>, 216 B.R. 719, 722 (Bankr. S.D.N.Y. 1998) ("A SIPA trustee, distributes 'customer property' exclusively among the debtor's customers...."); <u>see also</u> 15 U.S.C. § 78*lll*(4).  Accordingly, Customers, as defined by SIPA § 78*lll*(2), enjoy a preferred status and are afforded special protections under SIPA.  <u>See New Times Securities</u>, 463 F.3d at 127; <u>Adler Coleman</u>, 195 B.R. at 269."

<u>Id</u>. at 634.

It is not known at this time when the Trustee will be filing such allocation and distribution motion.

**Should a final and unappealable court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order.  Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by you in having your customer claim re-determined in accordance with any such Court order.**

**PLEASE TAKE NOTICE:**  If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after February 2, 2010, the date on which the Trustee mailed this notice.

**PLEASE TAKE FURTHER NOTICE:**  If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:**  If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date.  Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.



**PLEASE TAKE FURTHER NOTICE:**  You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York  10004

and

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York  10111

Irving H. Picard

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

cc:   Marc G. Rosenberg, Esq.
McLaughlin & Stern, LLP
260 Madison Avenue
New York, NY 10016



**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SECURITIES INVESTOR PROTECTION
CORPORATION,                                        Adv. Pro. No. 08-01789-BRL

        Plaintiff-Applicant,                 SIPA Liquidation

        v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

        Defendant.

## ASSIGNMENT AND RELEASE

**KNOW ALL MEN BY THESE PRESENTS,** that MATTHEW LIEBMAN, located at

C/O PHYLLIS POLAND, CUSTODIAN, 1 PINE RIDGE ROAD, LARCHMONT, NY 10538

(hereinafter referred to as the "Assignor") in consideration of the payment of $207,381.57 to

satisfy his claim for customer protection (the "Customer Claim", having been designated Claim

#8319) filed in the liquidation proceeding of Bernard L. Madoff Investment Securities LLC

("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §78aaa et seq. ("SIPA") (see

§§78fff-2(b), 78fff-2(d), and §78fff-3(a)(1) of SIPA), does for himself hereby assign, transfer

and set over to Irving H. Picard as SIPA Trustee (the "SIPA Trustee") for the liquidation of

BLMIS (see §78fff-2(b) of SIPA), and the Securities Investor Protection Corporation ("SIPC"),

as subrogee to the extent of its cash advances to the SIPA Trustee for the satisfaction of the

aforementioned Customer Claim (see §78fff-3(a)(1) of SIPA), any and all rights, including

causes of action or claims, that Assignor now may have against BLMIS and/or any third party

arising out of or relating to any fraudulent or illegal activity with respect to Assignor's BLMIS

account (Account No. 1L0218, the "BLMIS Account"), which gave rise to the allowed Customer



Claim for securities filed by Assignor against BLMIS. Such assignment is only to the extent that Assignor has received satisfaction of the Customer Claim as set forth above.

Further, Assignor has not previously compromised or assigned any claim, cause of action or other right against BLMIS, its principals or agents or any third party arising out of or related to any fraudulent or illegal activity giving rise to the Customer Claim.

Upon reasonable request of the SIPA Trustee or SIPC, Assignor agrees to cooperate with the SIPA Trustee or SIPC in connection with any efforts of either to recover from the principals or agents of BLMIS or anyone else for amounts advanced by SIPC or paid by the SIPA Trustee to satisfy Assignor's Customer Claim in this SIPA liquidation proceeding. Such efforts to recover by the SIPA Trustee or SIPC, either to demand or pursue or to prosecute or settle any collection effort, action or proceeding therefore, shall be at the sole cost of the SIPA Trustee or SIPC.

Effective immediately and without further action, contingent only upon Assignor's receipt from the SIPA Trustee or his agent of a check in the amount of $207,381.57 as set forth in the SIPA Trustee's Notice of Determination of the Customer Claim dated February 2, 2010, (the "Trustee's Determination"), and upon receipt by the SIPA Trustee of this executed and notarized Assignment and Release, the Assignor does for himself, and for his executors, administrators, heirs and assigns hereby remise, release and forever discharge the SIPA Trustee and SIPC, as subrogee to the extent of its cash advances for the satisfaction of the Customer Claim, and, as the case may be, their officers, directors, professionals, employees, agents, successors and assigns, of and from any and all claims arising out of or relating to the Assignor's BLMIS Account, the Customer Claim filed with the SIPA Trustee as protected by the provisions of SIPA, and any and all circumstances giving rise to said Customer Claim which the Assignor now has, or hereafter



may have, for or by any reason, cause, matter or thing whatsoever from the beginning of the world to the date of the execution of this Assignment and Release, only to the extent that the SIPA Trustee and/or SIPC has paid monies to the Assignor to satisfy Assignor's Customer Claim.

Should a final and unappealable Court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Assignment and Release shall be construed as a waiver of any rights or claims held by Assignor in having his customer claim re-determined in accordance with any such Court order. The payment of the undisputed amount of the Assignor's Customer Claim (up to the limits of SIPA protection) will be without prejudice to the Trustee's and the Assignor's rights, claims, and defenses with respect to the disputed portion(s) of the Assignor's Customer Claim.

Assignor acknowledges the sufficiency of the consideration to be received in accordance with the SIPA Trustee's Determination and under this Assignment and Release.

**IN WITNESS WHEREOF,** the undersigned has on this day set forth below duly executed this Assignment of Assignor's Customer Claim and Release, intending to be legally bound hereby.

By:_____
     MATTHEW LIEBMAN


Sworn and subscribed before me this
_____ day of _____, 2010.


_____
     Notary Public