**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. <br><br> In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | Adv. Pro. No. 08-1789 (BRL) <br><br> SIPA Liquidation <br><br> (Substantively Consolidated) |

**APPLICATION OF SCHILTZ & SCHILTZ AS SPECIAL COUNSEL TO THE TRUSTEE FOR ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM OCTOBER 1, 2009 THROUGH JANUARY 31, 2009**

Franz Schiltz, together with the other members and associates at the law firm of Schiltz & Schiltz which has offices in Luxembourg (collectively, "Schiltz"), special counsel for Irving H. Picard (the "Trustee"), Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor") under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa et seq. ("SIPA") Bernard L. Madoff, submits this Application for Interim Allowance of Fees and Reimbursement of Expenses (the "Application") for compensation of legal fees in the amount of $85,756.50 (of which 20% is to be deferred through the conclusion of the liquidation period) and reimbursement of expenses in the amount of $5,574.17 for the period from October 1, 2009 through January 31, 2010 (the "Compensation Period"). In support of the

1

Application, Schiltz respectfully submits as follows:

## I. BACKGROUND

1.      On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order (the "Decree Order") calling for the liquidation of the business of the Debtor in accordance with SIPA and by Paragraph II of the Decree Order, the Trustee was appointed as the trustee for the liquidation of the Debtor's business.

2.      The Debtor's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, to the extent consistent with the provisions of SIPA, is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") pursuant to SIPA § 78fff(b).

3.      On March 3, 2009, Schiltz was retained as special counsel to the Trustee.

4.      On April 14, 2009, this Court entered an order approving the Trustee's motion for authority to retain Schiltz as special counsel to the Trustee in matters pertaining to Luxembourg.

5.      The Trustee's motion to retain Schiltz established a fee arrangement pursuant to which Schiltz agreed to a fee reduction in the amount of 10%. Schiltz also agreed to an additional holdback of fees in the amount of 20%.

## II. SERVICES RENDERED BY SCHILTZ

6.      The legal services performed on behalf of the Trustee during the time period covered by this Application are as follows:

*Proceedings issued in Luxembourg with respect to Herald Fund SCP against HSBC*

7.      Schiltz has continued to assist and advise the Trustee with respect to a possible intervention/action with respect to the liability/restitution of assets claim issued before the Luxembourg Court by the BVI based Herald Fund SCP against HSBC. Also in this context

2

Schiltz has been active in separate proceedings issued by Herald Fund SCP in order to obtain the execution of money transfer instructions.

*Communication of Documents*

8. Schiltz has on behalf of the Trustee closely monitored various cases pending before the Luxembourg Summary Courts with respect to requests filed by investors for delivery of specific documents of relevance related to the various Luxembourg UCIs put into liquidation.

9. Schiltz has also assisted and advised the Trustee with respect to steps and actions in the view of obtaining documents and information (including in the context of Rule 2004 Subpoenas issued in the US but having Luxembourg-related implications). Schiltz has especially focused in this context on matters of Luxembourg bank secrecy.

*Monitoring cases introduced and pending before Luxembourg Courts:*

10. In addition to requests filed before the Luxembourg Summary Court by investors for documents, Schiltz has on a general basis continued to monitor the evolution and outcome of Madoff-related cases brought before the Luxembourg Courts.

11. Schiltz has especially focused in this context on the important and increasing number of Madoff-related liability claims brought by *individual* investors before the Luxembourg Commercial (and Civil) Court. In this context, Schiltz has also assisted as an observer at the hearings scheduled by the Luxembourg Commercial Court with respect to the ten first so called "test-cases" concerning the question of admissibility of liability claims introduced by *individual* investors.

12. Schiltz has also started to monitor and focus on the global liability claim filed by the liquidators of Luxalpha against various actors involved with Luxalpha (custodian bank, auditors, directors, etc.).

*Advising on Luxembourg law issues*

13.     Schiltz has continued to advise the Trustee on various aspects of Luxembourg law, including banking secrecy and exequatur proceedings.

*Collecting information*

14.     In accordance the Trustee's Counsel, Schiltz has also continued to act in order to collect specific information with respect to different parties in order to assess potential future steps by the Trustee.

*Ongoing liquidation process of the Luxembourg UCIs put into liquidation:*

15.     Schiltz has continued to stay in contact with the Luxembourg liquidators with respect to the ongoing process of the Luxembourg Madoff related liquidations and has assisted in contacts between Counsel and the Luxembourg liquidators.

### III. COMPENSATION REQUESTED

16.     The Application demonstrates how Schiltz has both added value to the Debtor's estate and has advanced the Debtor's SIPC liquidation proceeding.

17.     Schiltz has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism. To that end, Schiltz has staffed this matter leanly and has endeavored to eliminate duplication of effort by giving primary responsibility of the case to one partner, Franz Schiltz and involving other attorneys only when necessary.

18.     From October 1, 2009 through January 31, 2010, Schiltz provided a total of 176.4 hours of legal services to the Trustee in this case. Prior to the 10% discount, the total amount of fees incurred in this time period was $95,285.00 and the total blended rate for professional services was $540.16/hour. After the 10% discount, the total amount of fees incurred is $85,756.50 and the total blended rate is $486.15/hour. Schiltz has agreed to a further 20% holdback of fees in the amount of $17,151.30 resulting in the present request for compensation in the amount of $68,605.20.

4

19.     A breakdown of the total number of hours performed by each Schiltz timekeeper is provided on **Exhibit A** annexed hereto.

20.     Schiltz seeks reimbursement for out-of-pocket expenses incurred in connection with its representation of the Trustee during the Compensation Period in the amount of $5,574.17. An itemized list of these expenses is detailed on **Exhibit B** attached hereto. Schiltz typically charges his clients an additional amount equivalent to 8% of his fees in order to cover normal office expenses. In this case, Schiltz agreed to charge normal office expenses at a reduced rate of 6.5%.

## IV. GENERAL MATTERS

21.     All of the professional services for which compensation is requested herein were performed by Schiltz for and on behalf of the Trustee and not on behalf of any other person or entity.

22.     No agreement or understanding exists between Schiltz and any other person for sharing compensation received in connection with this case nor has any other person or entity agreed to provide Schiltz with compensation for the legal services described herein.

23.     This Court is authorized by SIPA to award to the attorneys for a SIPA Trustee "reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred." SIPA § 78eee(b)(5)(A). SIPA also permits interim allowances to the attorneys for a SIPA Trustee. Id.

24.     Pursuant to § 78eee(b)(5)(E) of SIPA, allowances granted by this Court are to be charged against the general estate as a cost of administration. If the general estate is insufficient to pay such allowances in whole, or in part, SIPC shall advance any necessary funds for such payment. SIPA § 78eee(b)(5)(E). Section 78eee(b)(5)(C) of SIPA provides that SIPC shall file a recommendation with regard to the allowance of fees and reimbursement of expenses requested by this Application, and that this Court shall place considerable reliance on the recommendation of SIPC. SIPA § 78eee(b)(5)(C). Schiltz expects that SIPC's recommendation shall be filed with

this Court separately.

      **WHEREFORE**, Schiltz respectfully requests that this Court enter an Order:

a. Granting this Application;

b. Allowing payment to Schiltz for interim compensation of legal fees, after (a) a reduction of 10% (in the amount of $9,528.50) and (b) a holdback of 20% (in the amount of $17,151.30) pending final approval of Schiltz' fees in this case, in the aggregate amount of $68,605.20 for professional services rendered to the Trustee from October 1, 2009 through January 31, 2010;

c. Allowing payment to Schiltz in the amount of $5,574.17 for reimbursement of expenses incurred by Schiltz from October 1, 2009 through January 31, 2010; and

d. Granting Schiltz such other and further relief as this Court deems just and proper.

Dated: April 9, 2010

Respectfully submitted,
SCHILTZ & SCHILTZ

By: _s/Franz Schiltz_

Franz Schiltz
2 Rue du Fort Rheinsheim
L-2419
Luxembourg
Telephone: +1(352) 45 64 80
Fax: +1(352) 45 64 44

6

## EXHIBIT A

## SUMMARY OF THIRD INTERIM FEE APPLICATION
## OF SCHILTZ & SCHILTZ FOR SERVICES RENDERED
## FOR THE PERIOD OCTOBER 1, 2009 THROUGH JANUARY 31, 2010

|  | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Franz Schiltz | 1993 | $633.33 | 98.2 | $62,193.33 |
| Laurence Frising | 1995 | $475.00 | 32.4 | $15,390.00 |
| Claude Veriter | 1997/2003 | $408.33 | 30.8 | $12,576.67 |
| Jennifer Mayot | 2005 | $341.67 | 15.0 | $5,125.00 |
| Total: |  | $540.16 | 176.4 | $95,285.00 |
| Total minus 10% Discount |  | $486.15 |  | $85,756.50 |
| **Total Net of 20% Holdback:** |  |  |  | **$68,605.20** |

# EXHIBIT B

## EXPENSE SUMMARY OF SCHILTZ & SCHILTZ FOR THE THIRD INTERIM PERIOD OF OCTOBER 1, 2009 THROUGH JANUARY 31, 2010

| EXPENSES | AMOUNTS |
|---|---:|
| Ordinary expenses @6.5% | $5,574.17 |
| **Total Expenses Requested:** | **$5,574.17** |