**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-1789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**APPLICATION OF EUGENE F. COLLINS AS SPECIAL COUNSEL FOR THE
TRUSTEE FOR ALLOWANCE OF INTERIM COMPENSATION FOR
SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND
NECESSARY EXPENSES INCURRED FROM
OCTOBER 1, 2009 THROUGH JANUARY 31, 2010**

Barry O'Neill, together with other members and associates at the law firm of Eugene F.

Collins ("EFC"), special counsel for Irving H. Picard (the "Trustee"), Trustee for the liquidation of

the business of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor") under the

Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa et seq. ("SIPA") and Bernard L.

Madoff, submits this Application for Interim Allowance of Fees and Reimbursement of Expenses

(the "Application") for compensation of legal fees in the amount of $10,208.16 (of which 20% is to

be deferred through the conclusion of the liquidation period) for the period from October 1, 2009

through January 31, 2010 (the "Compensation Period").  In support of the Application, EFC

respectfully submits as follows:

## I. BACKGROUND

1.      On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order (the "Decree Order") calling for the liquidation of the business of the Debtor in accordance with SIPA and by Paragraph II of the Decree Order, the Trustee was appointed as the trustee for the liquidation of the Debtor's business.

2.      The Debtor's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, to the extent consistent with the provisions of SIPA, is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") pursuant to SIPA § 78fff(b).

3.      Beginning on February 9, 2009, EFC has served as special counsel for the Trustee.

4.      On February 23, 2009, this Court entered an order approving the Trustee's motion for authority to retain EFC as special counsel to the Trustee in matters pertaining to Ireland.

5.      The Trustee's motion to retain EFC established a fee arrangement pursuant to which EFC agreed to a fee reduction in the amount of 10% as well as an additional holdback of fees in the amount of 20%.

## II. SERVICES RENDERED BY EFC

6.      The legal services performed on behalf of the Trustee during the time period covered by this Application are as follows:

7.      EFC provided an explanation of case management orders made by the Commercial Division of the High Court in *Thema International Fund Plc v. HSBC Institutional Trust Services (Ireland) Limited* to Baker Hostetler.

8.      EFC contacted William Fry Solicitors of Thema International Fund Plc and Mathewson Ormsby Prentice Solicitors for HSBC Institutional Trust Services (Ireland) Limited

2

order to obtain full copies of pleadings in the above case.

9.      EFC attended a meeting in the offices of William Fry Solicitors to review the

position in relation to obtaining copies of pleadings without the breach of confidentiality

provisions in various agreements and the provisions of the Data Protection Act.

### III. COMPENSATION REQUESTED

10.      The  Application demonstrates how EFC has both added value to the Debtor's estate

and has advanced the Debtor's SIPC liquidation proceeding.

11.      EFC has been mindful of the need to avoid undue legal fees in this case and has taken

all reasonable steps to provide cost-effective representation while rendering services with the

highest degree of skill and professionalism.

12.      From October 1, 2009 through January 31, 2010, EFC provided a total of 22.8 hours of

legal services to the Trustee in this case. Prior to the 10% discount, the total amount of fees

incurred in this time period was $11,342.40 and the total blended rate for professional services was

$497.47/hour. After the 10% discount, the total amount of fees incurred is $10,208.16 and the total

blended rate is $447.73/hour.  EFC has agreed to a further holdback of 20% of its fees in the amount

of $2,041.63 resulting in the present request for compensation in the amount of $8,166.53.

13.      A breakdown of the total number of hours performed by each EFC timekeeper is

provided on **Exhibit A** annexed hereto.

### IV. GENERAL MATTERS

14.      All of the professional services for which compensation is requested herein were

performed by EFC for and on behalf of the Trustee and not on behalf of any other person or

entity.

15.      No agreement or understanding exists between EFC and any other person for

sharing compensation received in connection with this case nor has any other person or entity

agreed to provide EFC with compensation for the legal services described herein.

16.     This Court is authorized by SIPA to award to the attorneys for a SIPA Trustee

"reasonable compensation for services rendered and reimbursement for proper costs and expenses

incurred." SIPA § 78eee(b)(5)(A). SIPA also permits interim allowances to the attorneys for a

SIPA Trustee. Id.

17.     Pursuant to § 78eee(b)(5)(E) of SIPA, allowances granted by this Court are to be

charged against the general estate as a cost of administration. If the general estate is insufficient to

pay such allowances in whole, or in part, SIPC shall advance any necessary funds for such

payment. SIPA § 78eee(b)(5)(E). Section 78eee(b)(5)(C) of SIPA provides that SIPC shall file a

recommendation with regard to the allowance of fees and reimbursement of expenses requested

by this Application, and that this Court shall place considerable reliance on the recommendation

of SIPC. SIPA § 78eee(b)(5)(C). EFC expects that SIPC's recommendation shall be filed with this

Court separately.

**WHEREFORE**, EFC respectfully requests that this Court enter an Order:

a.     Granting this Application;

b.     Allowing payment to EFC for interim compensation of legal fees, after

(a) a reduction of 10% (in the amount of $1,134.24) and (b) a holdback of 20% (in the

amount of $2,041.63) pending final approval of EFC's fees in this case, in the

aggregate amount of $8,166.53 for professional services rendered to the Trustee from

October 1, 2009 through January 31, 2010;

c.     Granting EFC such other and further relief as this Court deems just and

proper.

Respectfully submitted,

Dated: April 9, 2010                        Eugene F. Collins, Solicitors


By: ___*s/Barry O'Neill*_____

Mr. Barry O'Neill
EUGENE F. COLLINS
Temple Chambers
3 Burlington Road
Dublin 4
Ireland
+353 (1) 202 6400

5

## EXHIBIT A

### SUMMARY OF THIRD INTERIM FEE APPLICATION
### OF EFC FOR SERVICES RENDERED
### FOR THE PERIOD OCTOBER 1, 2009 THROUGH JANUARY 31, 2010

| | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Barry O'Neill | 1972 | 680.00 | 2.4 | $1,632.00 |
| Donal Dunne | 1994 | 476.00 | 12.5 | $5,950.00 |
| Joanne Finn | 2005 | 476.00 | 7.9 | $3,760.40 |
| Total: | | 497.47 | 22.8 | $11,342.40 |
| Total minus 10% Discount | | $447.73 | | $10,208.16 |
| **Total Net of 20% Holdback:** | | | | **$8,166.53** |