UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-1789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | (Substantively Consolidated) |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**APPLICATION OF WILLIAMS, BARRISTERS & ATTORNEYS AS SPECIAL COUNSEL TO THE TRUSTEE FOR ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM OCTOBER 1, 2009 THROUGH JANUARY 31, 2010**

Williams, Barristers & Attorneys ("Williams"), Bermuda special counsel to Irving H. Picard (the "Trustee"), Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor") under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa et seq. ("SIPA") and Bernard L. Madoff, submits this Application for Interim Allowance of Fees and Reimbursement of Expenses (the "Application") for compensation of legal fees in the amount of $80,500.00 (of which 20% is to be deferred through the conclusion of the liquidation period) and reimbursement of expenses in the amount of $12,495.00 for the period October 1, 2009 through January 31, 2010 (the "Compensation Period"). In support of this Application, Williams respectfully represents as follows:

1

# I. BACKGROUND

1. On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order (the "Decree Order") calling for the liquidation of the business of the Debtor in accordance with SIPA and by Paragraph II of the Decree Order, the Trustee was appointed as the trustee for the liquidation of the Debtor's business.

2. The Debtor's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, to the extent consistent with the provisions of SIPA, is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") pursuant to SIPA § 78fff(b).

3. On April 1, 2009, Williams was retained as special counsel for the Trustee.

4. On April 21, 2009, this Court entered an order approving the Trustee's motion for authority to retain Williams as special counsel to the Trustee in matters pertaining to Bermuda.

5. The Trustee's motion to retain Williams established a fee arrangement pursuant to which Williams agreed to a fee reduction in the amount of 10%. Williams also agreed to an additional holdback of fees in the amount of 20%.

# II. SERVICES RENDERED BY WILLIAMS

6. Throughout the Compensation Period, Williams has represented the Trustee in Bermuda. The legal services performed on behalf of the Trustee during the time period covered by this Application are as follows:

7. During the Compensation Period Williams has advised the Trustee and his counsel worldwide, in particular New York, Washington and London, in relation to the various Madoff-related proceedings, and specifically, actions concerning alleged Madoff Feeder Funds

operating through or holding monies in Bermuda or in Bermuda banks, including Kingate Global Fund Ltd., Kingate Euro Fund Ltd., Kingate Management (Bermuda) Limited, FIM Management Ltd., SIAM Management Co. Ltd., Alpha Capital Management, Fairfield Greenwich Ltd., and associated entities.

8.  Williams has monitored and advised upon the actions taken by the Swiss and Bermuda governments against and in relation to the alleged Madoff fund managers, Aurelia Capital Management Ltd, and associated entities, including complaints brought against its directors. Williams has acted in effecting service upon and advising upon issues of service of proceedings against a number of Bermuda based companies, banks and individuals including the Bank of Bermuda Limited, SIAM Ltd., Aurelia Capital Management Limited, Kingate Management (Bermuda) Limited, Jean Marc Wenger of Aurelia Management, Christopher Wetherill of Kingate Management and officers and in-house counsel for the Bank of Bermuda Limited.

9.  Williams has negotiated and cooperated with the British Virgin Islands-based liquidators of the Kingate Funds in dealing with and recovering assets from Bermuda based debtors of Madoff and Kingate related entities pursuant to a Heads of Agreement between the Liquidators and the Trustee.

10. Results accomplished include preservation of approximately $111,000,000.00 of funds held at the Bank of Bermuda Limited in Bermuda over which the Trustee maintains a claim and which funds have been claimed by other entities and authorities; successful pursuit and service of Bermuda-based entities with proceedings, orders and injunctions in Madoff-related proceedings in the United States; and assistance with the process of discovery from companies and deposing of individuals based in Bermuda for UK and US actions.

### III. COMPENSATION REQUESTED

11. The Application demonstrates how Williams has both added value to the Debtor's estate and has advanced the Debtor's SIPC liquidation proceeding.

12. Williams has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism. To that end, Williams has staffed this matter leanly and has endeavored to eliminate duplication of effort by giving primary responsibility of the case to Damien Justin Williams and involving other attorneys only when necessary.

13. From October 1, 2009 through January 31, 2010, Williams provided a total of 159 hours of legal services to the Trustee in this case. Prior to the 10% discount, the total amount of fees incurred in this time period was $89,444.44 and the total blended rate for professional services was $562.54/hour. After the 10% discount, the total amount of fees incurred is $80,500.00 and the total blended rate is $506.29/hour. Williams has agreed to a further 20% holdback of fees in the amount of $16,100.00 resulting in the present request for compensation in the amount of $64,400.00.

14. A breakdown of the total number of hours performed by each Williams timekeeper is provided on **Exhibit A** annexed hereto.

15. Williams seeks reimbursement for incurred out-of-pocket expenses in connection with its representation of the Trustee during the Compensation Period in the amount of $12,495.00. An itemized list of these expenses is detailed on **Exhibit B** attached hereto. Williams typically charges its clients $0.50 per page printed. Williams does not charge for incoming faxes. Charges for telephone calls are based on the actual amounts paid by Williams for those services.

### IV. GENERAL MATTERS

16. All of the professional services for which compensation is requested herein were performed by Williams for and on behalf of the Trustee and not on behalf of any other person or entity.

4

17. No agreement or understanding exists between Williams and any other person for sharing compensation received in connection with this case nor has any other person or entity agreed to provide Williams with compensation for the legal services described herein.

18. This Court is authorized by SIPA to award to the attorneys for a SIPA Trustee "reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred." SIPA § 78eee(b)(5)(A). SIPA also permits interim allowances to the attorneys for a SIPA Trustee. Id.

19. Pursuant to § 78eee(b)(5)(E) of SIPA, allowances granted by this Court are to be charged against the general estate as a cost of administration. If the general estate is insufficient to pay such allowances in whole, or in part, SIPC shall advance any necessary funds for such payment. SIPA § 78eee(b)(5)(E). Section 78eee(b)(5)(C) of SIPA provides that SIPC shall file a recommendation with regard to the allowance of fees and reimbursement of expenses requested by this Application, and that this Court shall place considerable reliance on the recommendation of SIPC. SIPA § 78eee(b)(5)(C). Williams expects that SIPC's recommendation shall be filed with this Court separately.

**WHEREFORE**, Williams respectfully requests that this Court enter an Order:

a. Granting this Application;

b. Allowing payment to Williams for interim compensation of legal fees, after (a) a reduction of 10% (in the amount of $8,944.44) and (b) a holdback of 20% (in the amount of $16,100.00) pending final approval of Williams' fees in this case, in the aggregate amount of $64,400.00 for professional services rendered to the Trustee from October 1, 2009 through January 31, 2010;

c. Allowing payment to Williams in the amount of $12,495.00 for reimbursement of expenses incurred by Williams from October 1, 2009 through January 31, 2010; and

5

      d.    Granting Williams such other and further relief as this Court deems just and proper.

                                                Respectfully submitted,

Dated: April 9, 2010                    WILLIAMS, Barristers & Attorneys

                                        By:   *s/Justin Williams*
                                                  Justin Williams
                                                  LOM Building
                                                  27 Reid Street
                                                  Hamilton, Bermuda
                                                  Telephone: +1(441) 536-0000
                                                  Fax: +1(441) 295-4720
                                                  Email: law@williams.bm

## EXHIBIT A

## SUMMARY OF THIRD INTERIM FEE APPLICATION
## OF WILLIAMS, BARRISTERS & ATTORNEYS FOR SERVICES RENDERED
## FOR THE PERIOD OCTOBER 1, 2009 THROUGH JANUARY 31, 2010

|  | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Damien Justin Williams | 1988 | $583.33 | 152 | $88,666.67 |
| Troy Burgess | Legal Assistant | $111.11 | 7 | $777.77 |
| Total: |  | $562.54 | 159 | $89,444.44 |
| Total minus 10% Discount |  | $506.29 |  | $80,500.00 |
| **Total Net of 20% Holdback:** |  |  |  | **$64,400.00** |

7

# EXHIBIT B

## EXPENSE SUMMARY OF WILLIAMS, BARRISTERS & ATTORNEYS FOR THE THIRD INTERIM PERIOD OF OCTOBER 1, 2009 JANUARY 31, 2010

| **EXPENSES** | **AMOUNTS** |
|---|---:|
| Communication Expenses | $1,495.00 |
| Travel | $6,900.00 |
| Administration Fee | $3,500.00 |
| IT Charges | $600.00 |
| **Total Expenses Requested:** | **$12,495.00** |