**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-1789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**APPLICATION OF LOVELLS LLP AS SPECIAL COUNSEL TO THE TRUSTEE FOR ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM OCTOBER 1, 2009 THROUGH JANUARY 31, 2010**

Christopher Grierson, together with other members and associates at the international law firm of Lovells LLP (collectively, "Lovells"), special counsel for Irving H. Picard (the "Trustee"), Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor") under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa et seq. ("SIPA") and Bernard L. Madoff, submits this Application for Interim Allowance of Fees and Reimbursement of Expenses (the "Application") for compensation of legal fees in the amount of $383,128.20 (of which 20% is to be deferred through the conclusion of the liquidation period) and reimbursement of expenses in the amount of $43,672.39 for the period from October 1, 2009 through January 31, 2010 (the "Compensation Period").

1

In support of the Application, Lovells respectfully submits as follows:

## I. BACKGROUND

1. On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order (the "Decree Order") calling for the liquidation of the business of the Debtor in accordance with SIPA and by Paragraph II of the Decree Order, the Trustee was appointed as the trustee for the liquidation of the Debtor's business.

2. The Debtor's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, to the extent consistent with the provisions of SIPA, is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") pursuant to SIPA § 78fff(b).

3. Beginning on January 15, 2009, Lovells has served as special counsel for the Trustee.

4. On February 18, 2009, this Court entered an order approving the Trustee's motion for authority to retain Lovells as special counsel to the Trustee in relation to foreign proceedings, including in England and Wales and other European jurisdictions.

5. The Trustee's motion to retain Lovells established a fee arrangement pursuant to which Lovells agreed to a fee reduction in the amount of 10% as well as an additional holdback of fees in the amount of 20%.

## II. SERVICES RENDERED BY LOVELLS

6. The legal services performed on behalf of the Trustee during the time period covered by this Application are as follows:

*Litigation Strategy*

7. Lovells provided extensive advice on the appropriate strategy for the

2

Trustee in relation to a wide range of claims and potential claims against various respondents in a number of different jurisdictions.

8.      Lovells also provided detailed advice regarding the enforcement of U.S. judgments in England and other common law jurisdictions including, amongst other things, the effect of the relevant judgment debtors having filed a claim in the SIPA liquidation and relevant local legislation.

### *Coordination with the JPLs*

9.      During the Compensation Period, Lovells continued to work closely with the Joint Provisional Liquidators ("JPLs") of Madoff Securities International Limited ("MSIL") (Grant Thornton LLP and Dundas & Wilson LLP). The JPLs have since been appointed the Joint Liquidators ("JLs") of MSIL.

10.     Amongst other things, Lovells has provided advice regarding BLMIS' rights as a stakeholder in the liquidation of MSIL, the exchange of information between the two estates, the conduct of interviews by the JLs pursuant to their statutory powers under the Insolvency Act 1986, and regarding litigation brought by the JLs.

### *English Proceedings*

11.     Lovells continued to provide advice and assistance regarding the options available to the Trustee in relation to various threatened and pending proceedings before the High Court in England. Amongst other things, this entailed advice regarding cross-border recognition and assistance provisions.

### *Evidence Gathering*

12.     Lovells continued to provide advice regarding the Trustee's powers to gather evidence and conduct interviews in England pursuant, *inter alia*, to the Cross-Border Insolvency Regulations 2006 as well as in other common law jurisdictions. This included detailed advice regarding the approach of the English Court to disclosure applications and the

3

scope of the disclosure likely to be ordered in any given case.

13.     Lovells also undertook significant work in connection with a disclosure application against FIM Advisers LLP and two related individuals, who were associated with Kingate Euro, Ltd and Kingate Global, Ltd (the "Kingate Funds"). That application, which has now been issued, is expected to be heard in June 2010.

*Investigations*

14.     Lovells provided advice and assistance in connection with investigations being conducted by the Trustee and his representatives outside the United States, including in connection with the dealings between the Debtor and MSIL. This entailed liaison with FTI Consulting, Inc. (and its associates and affiliates) and the JPLs' representatives (Grant Thornton UK LLP and Dundas & Wilson LLP).

*Bermuda*

15.     Lovells continued to work with Williams Barristers & Attorneys in relation to issues pending in Bermuda, including in relation to the Kingate Funds.

*Cayman Islands*

16.     Lovells provided extensive advice in connection with a number of different "feeder funds" incorporated in the Cayman Islands (in conjunction with the Trustee's local counsel, Higgs Johnson Truman Bodden & Co). This included advice regarding Cayman Islands legislation providing for cross-border cooperation in insolvency proceedings as well as, more generally, the scope for the Trustee to secure and recover "customer property" in the possession of Cayman-incorporated funds.

17.     In particular, Lovells advised the Trustee in connection with, *inter alia*, its application for leave to bring proceedings against Harley International in the Cayman Islands. The Grand Court of the Cayman Islands granted such leave on January 21, 2010. Lovells has since assisted the Trustee in preparing a claim against Harley International. It is expected that

4

claim will be issued shortly.

### *British Virgin Islands*

18. Lovells has continued to assist the Trustee with a number of issues of BVI law, including as regards BVI legislation providing for cross-border cooperation in insolvency proceedings. Lovells also provided advice regarding various issues in connection with BVI registered entities.

### *Ireland*

19. During the Compensation Period Lovells continued to work with the Trustee's local counsel in Ireland, Eugene F. Collins, in relation to issues arising in that jurisdiction.

20. Finally, throughout the Compensation Period, Lovells participated in extensive conference calls and discussions with representatives of the Trustee, including Baker & Hostetler LLP (and its associates and affiliates).

### III. COMPENSATION REQUESTED

21. The Application demonstrates how Lovells has both added value to the Debtor's estate and has advanced the Debtor's SIPC liquidation proceeding.

22. Lovells has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism. To that end, Lovells has endeavored to eliminate duplication of effort by giving responsibility for the day-to-day conduct of the case to two attorneys, Mr. Kochberg (Partner) and Mr. Roberts (Sr. Associate), and one trainee, involving others only when necessary.

23. From October 1, 2009 through January 31, 2010, Lovells provided a total of 695.3 hours of legal services to the Trustee in this case. Prior to the 10% discount, the total amount of fees incurred in this time period was $425,698.00 and the total blended rate for

professional services was $612.25/hour. After the 10% discount, the total amount of fees incurred is $383,128.20 and the total blended rate is $551.03/hour. Lovells has agreed to a further holdback of 20% of its fees in the amount of $76,625.64 resulting in the present request for compensation in the amount of $306,502.56.

24. A breakdown of the total number of hours performed by each Lovells timekeeper is provided on **Exhibit A** annexed hereto.

25. Lovells seeks reimbursement of out-of-pocket expenses incurred in connection with its representation of the Trustee during the Compensation Period in the amount of $43,672.39. An itemized list of these expenses is detailed on **Exhibit B** attached hereto.

26. The principal out-of-pocket expenses incurred by Lovells were the professional fees of Mr Robin Dicker QC, a leading insolvency barrister retained to represent the Trustee at the recognition application on February 27, 2009, and who has since provided specialist advice and expertise in relation to other issues with which Lovells has been dealing. It is standard practice in England to engage the services of a specialist barrister in this way.

27. Lovells typically charges its clients $0.33 per page for photocopying and printing. In this case, as not all copying and printing has been charged, the effective rate is approximately $0.28 per page. Lovells does not charge for incoming faxes. Lovells also has not charged for telephone calls, except where external conference call facilities have been used. Charges for such conference calls are based on the actual amounts paid by Lovells for those services. Similarly, where amounts have been charged in respect of couriers or search fees, those amounts reflect the actual charges incurred by Lovells.

## IV. GENERAL MATTERS

28. All of the professional services for which compensation is requested herein were performed by Lovells for and on behalf of the Trustee and not on behalf of any other person or entity.

6

29. No agreement or understanding exists between Lovells and any other person for sharing compensation received in connection with this case nor has any other person or entity agreed to provide Lovells with compensation for the legal services described herein.

30. This Court is authorized by SIPA to award to the attorneys for a SIPA Trustee "reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred." SIPA § 78eee(b)(5)(A). SIPA also permits interim allowances to the attorneys for a SIPA Trustee. Id.

31. Pursuant to § 78eee(b)(5)(E) of SIPA, allowances granted by this Court are to be charged against the general estate as a cost of administration. If the general estate is insufficient to pay such allowances in whole, or in part, SIPC shall advance any necessary funds for such payment. SIPA § 78eee(b)(5)(E). Section 78eee(b)(5)(C) of SIPA provides that SIPC shall file a recommendation with regard to the allowance of fees and reimbursement of expenses requested by this Application, and that this Court shall place considerable reliance on the recommendation of SIPC. SIPA § 78eee(b)(5)(C). Lovells expects that SIPC's recommendation shall be filed with this Court separately.

**WHEREFORE**, Lovells respectfully requests that this Court enter an Order:

a. Granting this Application;

b. Allowing payment to Lovells for interim compensation of legal fees, after (a) a reduction of 10% (in the amount of $42,569.80) and (b) a holdback of 20% (in the amount of $76,625.64) pending final approval of Lovells' fees in this case, in the aggregate amount of $306,502.56 for professional services rendered to the Trustee from October 1, 2009 through January 31, 2010;

c. Allowing payment to Lovells in the amount of $43,672.39 for reimbursement of expenses incurred by Lovells from October 1, 2009 through January 31, 2010; and

7

      d.      Granting Lovells such other and further relief as this Court deems just and proper.

                                            Respectfully submitted,

Dated: April 9, 2010                     LOVELLS LLP

                                          By:     *s/Christopher Grierson*

                                                Christopher Grierson
                                                Atlantic House
                                                Holborn Viaduct
                                                London EC1A 2FG
                                                Telephone: +44 (0) 20 7296 2000
                                                Fax: +44 (0) 20 7296 2001

**EXHIBIT A**

**SUMMARY OF THIRD INTERIM FEE APPLICATION
OF LOVELLS FOR SERVICES RENDERED
FOR THE PERIOD OCTOBER 1, 2009 THROUGH JANUARY 31, 2010**

|  | **YEAR ADMITTED** | **HOURLY RATE** | **TOTAL HOURS BILLED** | **TOTAL COMPENSATION** |
|---|---|---|---|---|
| Christopher Grierson | 1976 | 885.00 | 1.0 | $885.00 |
| Phillip Boys | 1980 | 685.00 | 11.0 | $7,535.00 |
| Cary Kochberg | 1992 | 885.00 | 24.4 | $21,594.00 |
| Vincent Fidelle | 2005 | 420.00 | 16.6 | $6,972.00 |
| Michael Roberts | 2002 | 755.00 | 406.6 | $306,983.00 |
| Alex Hohl | 2009 | 435.00 | 60.8 | $26,448.00 |
| Nicholas Holman | 1998 | 885.00 | .4 | $354.00 |
| Geraldine Marteau | 2003 | 500.00 | 19.4 | $9,700.00 |
| Mark Hunting | Trainee | 290.00 | 150.7 | $43,703.00 |
| Veronique Veltz | Trainee | 305.00 | 3.0 | $915.00 |
| Ricci Potts | 2009 | 435.00 | 1.4 | $609.00 |
| Total: |  | $612.25 | 695.3 | $425,698.00 |
| Total minus 10% Discount |  | $551.03 |  | $383,128.20 |
| **Total Net of 20% Holdback:** |  |  |  | **$306,502.56** |

9

# EXHIBIT B

### EXPENSE SUMMARY OF LOVELLS
### FOR THE THIRD INTERIM PERIOD
### OF OCTOBER 1, 2009 THROUGH JANUARY 31, 2010

| EXPENSES | AMOUNTS |
|---|---|
| Communication Expenses | $165.87 |
| Stationary | $5,503.70 |
| Courier | $35.36 |
| Counsel Fees | $27,565.67 |
| Searches | $126.84 |
| Travel | $10,274.95 |
| **Total Expenses Requested:** | **$43,672.39** |