WINDELS MARX LANE & MITTENDORF, LLP
156 West 56th Street
New York, New York 10019
Tel: (212) 237-1000
Howard L. Simon
Email: hsimon@windelsmarx.com
Regina Griffin
Email: rgriffin@windelsmarx.com

Hearing Date: May 5, 2010
Hearing Time: 10:00 a.m.
Objection Deadline: April 28, 2010

*Special Counsel to Irving H. Picard, Esq., Trustee for the
Substantively Consolidated SIPA Liquidation of
Bernard L. Madoff Investment Securities LLC and
Alan Nisselson, the Chapter 7 Trustee of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                       Plaintiff-Applicant,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                       Defendant. | Adv. Pro. No. 08-01789 (BRL)<br>SIPA Liquidation<br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                       Debtor. | |

**SECOND APPLICATION OF WINDELS MARX LANE & MITTENDORF, LLP FOR
ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED
FROM NOVEMBER 1, 2009 THROUGH JANUARY 31, 2010**

Windels Marx Lane & Mittendorf, LLP ("Windels Marx" or the "Firm") as special counsel to Irving H. Picard as trustee (the "Trustee") for the substantively consolidated liquidation proceeding of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor"), and to Alan Nisselson as trustee (the "Chapter 7 Trustee"), for the chapter 7 estate of

{10555199:2}

Bernard L. Madoff ("Madoff"), pursuant to the Order of this Court dated July 16, 2009 [Docket No. 327], respectfully submits this second application (the "Second Application") for an order pursuant to section 78eee(b)(5) of the Securities Investor Protection Act ("SIPA"), 15 U.S.C.§ 78eee(b)(5), Sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101 et. seq. (the "Bankruptcy Code"), and Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), allowing and awarding interim compensation for services performed by Windels Marx for the period commencing November 1, 2009 through and including January 31, 2010 (the "Second Compensation Period") in the amount of $991,539.40 (of which $793,231.52 is to be paid currently, and 20%, or $198,307.88, is to be deferred through the conclusion of the liquidation proceeding or further order of the Court), and reimbursement of Windels Marx's actual and necessary expenses incurred during the Compensation Period in the amount of $16,914.96 and in support thereof, respectfully represents as follows:

## I. PRELIMINARY STATEMENT

1.  The Trustee, with the assistance of his counsel, Baker & Hostetler, LLP ("Baker & Hostetler"), has undertaken one of the most complex liquidation proceedings of our time. Their efforts to penetrate the layers of the complicated financial transactions perpetrated by Madoff in furtherance of the world's largest ponzi scheme have been, and continue to be, extraordinary. Among other things, the Trustee and Baker & Hostetler are engaged in a far-reaching, multi-faceted investigation into the affairs of BLMIS, Madoff, and dozens of related entities and individuals in order to recover customer property for BLMIS' claimants.

2.  Towards this end, Windels Marx has assisted the Trustee's efforts by working in

close conjunction with Baker & Hostetler on specific areas of its investigations.[1] In particular, during this Second Compensation Period, Windels Marx has expanded its investigation into potential insiders of BLMIS and Madoff, to ascertain whether they were the unlawful recipients of customer property or corporate assets. While the on-going nature of the inquiry prohibits the disclosure of the specific targets, details or preliminary findings of the investigation, the Firm has made significant progress on the investigation as discussed below and in the Trustee's Third Interim Report.

3.    Also during this period, Windels Marx has continued to assist the Trustee and the Chapter 7 Trustee in their efforts to marshal certain assets of the estate which, if recovered, could potentially be worth millions of dollars to the consolidated estate. Among other things, Windels Marx, at the behest of the Trustee and the Chapter 7 Trustee, commenced a chapter 11 bankruptcy proceeding for BLM Air Charter LLC ("BLM Air"), a subsidiary of BLMIS, in order to preserve and ultimately to recover for the benefit of the BLMIS estate a significant asset in the form of an ownership interest in a private aircraft worth millions of dollars.

4.    The following discussion and the materials attached to this Application cover the major categories of services for which allowance of compensation is sought.

## II. PROCEDURAL BACKGROUND

The SIPA Liquidation

5.    On December 11, 2008, the United States Securities and Exchange Commission (the "SEC") filed a complaint in the United States District Court for the Southern District of New York (the "District Court") against defendants Madoff and BLMIS (Case No. 08 CV 10791) (the

---

[1] Windels Marx has been serving as special counsel to the Trustee and the Chapter 7 Trustee since the Court entered an Order on June 9, 2009, substantively consolidating the chapter 7 estate of Madoff into the BLMIS liquidation proceeding.

{10555199:2}                                            -3-

"SEC Action"). The SEC complaint alleged that Madoff and BLMIS engaged in fraud through the investment advisor activities of BLMIS.

6.  In the SEC Action, the SEC consented to a combination of its own action with an application of the Securities Investor Protection Corporation ("SIPC"). Thereafter, pursuant to section 78eee(a)(3) of the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, et seq. ("SIPA"), SIPC filed an application in the District Court alleging, inter alia, that BLMIS was not able to meet its obligations to securities customers as they came due and, accordingly, its customers needed the protection afforded by SIPA.

7.  On December 15, 2008, District Judge Stanton granted the SIPC application, which among other things:

- appointed Irving H. Picard, as the SIPA Trustee for the liquidation of the business of BLMIS pursuant to 15 U.S.C. § 78eee(b)(3);
- appointed Baker & Hostetler LLP as counsel to the SIPA Trustee pursuant to 15 U.S.C. § 78eee(b)(3); and
- removed the liquidation proceeding (the "BLMIS Liquidation") to this Court pursuant to 15 U.S.C. § 78eee(b)(4).

The Bernard L. Madoff Chapter 7 Case

8.  On April 13, 2009, Blumenthal & Associates Florida General Partnership, Martin Rappaport Charitable Remainder Unitrust, Martin Rappaport, Marc Cherno and Steven Morganstern (collectively, the "Petitioning Creditors"), through their attorneys, Milberg LLP, filed an involuntary petition for relief under chapter 7 of the Bankruptcy Code against Madoff.

9.  On April 16, 2009, the Petitioning Creditors filed a motion to appoint a trustee in Madoff's case, and on that same date, the Court entered an *Order to Show Cause Why the Court Should not Enter an Order Directing the United States Trustee to Appoint an Interim Trustee*.

10.  On April 20, 2009, the Court entered an Order directing the Office of the United States Trustee for the Southern District of New York (the "UST") to appoint an interim trustee to

{10555199:2}                                    -4-

perform the duties of trustee as set forth in Bankruptcy Code §§ 701 and 704, pursuant to which the United States Trustee appointed Alan Nisselson as the Chapter 7 Trustee on April 21, 2009.

11. On April 24, 2009, the Court entered an Order authorizing and empowering the Chapter 7 Trustee to retain Windels Marx to represent him in the Madoff case, effective as of April 21, 2009.

12. On May 5, 2009, the SIPA Trustee and SIPC, by their counsel, filed a joint motion for entry of an order pursuant to Section 105(a) of the Bankruptcy Code substantively consolidating the Madoff estate into the BLMIS Liquidation (the "Substantive Consolidation Motion").

13. On June 4, 2009, after the Chapter 7 Trustee filed a Response to the Substantive Consolidation Motion, the Court entered a Consent Order ("Consent Order") [Docket No 252] which, among other things:

- Approved the Substantive Consolidation Motion, *nunc pro tunc* to December 11, 2008;

- Ordered that the Chapter 7 Trustee would remain trustee to the Madoff estate and would continue to have all powers, rights, claims, and interests of a Chapter 7 trustee pursuant to, among others, Chapters 5 and 7 of the Bankruptcy Code;

- Directed that the Trustee would have all the duties and powers of a SIPA trustee and of a Chapter 7 trustee, other than those specifically granted to the Chapter 7 Trustee as indicated above; and

- Ordered that the Chapter 7 Trustee would be authorized to use as his counsel any counsel or special counsel retained by the SIPA Trustee, after consultation with, and the approval of, the SIPA Trustee and SIPC.

14. On July 16, 2009, this Court entered an Order granting the Trustee's motion to retain Windels Marx as special counsel on behalf of the consolidated estate, *nunc pro tunc* as of June 9, 2009 [Docket No. 327], finding that Windels Marx is disinterested pursuant to provisions section 78eee(b)(6) of SIPA, section 327(a) of the Bankruptcy Code, and Bankruptcy Rule 2014(a) and is therefore in compliance with the disinterestedness requirement in section 78eee(b)(3) of SIPA, section 327(a) of the Bankruptcy Code, and Bankruptcy Rule 2014(a).

### III. SPECIAL COUNSEL'S EXPERIENCE

15. Windels Marx engages in the general practice of law, and has substantial expertise in such areas as bankruptcy, commercial litigation, securities, tax and corporate law.

16. In particular, the senior Windels Marx attorneys in charge of this matter, including Alan Nisselson, the Chapter 7 Trustee, specialize in advising chapter 7 and chapter 11 bankruptcy trustees in connection with complex bankruptcy litigation related to, among other things, asset analysis and recovery.

### IV. SUMMARY OF SERVICES

17. The services rendered by Windels Marx during the three month Second Compensation Period are described below. In rendering professional services to the Trustee and the Chapter 7 Trustee, Windels Marx's legal team has been composed of professionals with extensive experience in bankruptcy and complex commercial litigation, securities, tax and corporate law.

18. Windels Marx professionals have worked closely with the Trustee, his counsel Baker & Hostetler, and the Trustee's other retained professionals to coordinate their efforts in order to maximize efficiency and to avoid any duplication of effort.

19. This Second Application is intended to serve as a summary description of the more significant services rendered by Windels Marx during the Second Compensation Period. The following section provides an overview of those services, sorted by the task codes used by Windels Marx for specific categories of work. Windels Marx implemented the task codes to permit a more detailed analysis of the fees incurred. As the case has evolved, Windels Marx has added additional task codes to ensure that work on a specific issue or matter is billed to the same matter or task code.

20. The Court is also respectfully referred to the Trustee's Third Interim Report being filed concurrently herewith for further detail regarding the administration of the estate, the investigation into BLMIS, Madoff and related parties, and other progress made by the Trustee, Baker & Hostetler, and Windels Marx during and subsequent to the Compensation Period.

A. **Asset Analysis and Recovery** – Task Code 001 (59.0 hours)

21. This category relates to time spent identifying, investigating and analyzing specific assets which may potentially be recoverable for the benefit of the consolidated estate.

22. Included within this task category were the substantial services rendered by Windels Marx in connection with events leading up to the chapter 11 petition filed by the Trustee and the Chapter 7 Trustee on behalf of an entity related to BLMIS, BLM Air Charter LLC ("BLM Air"), In re BLM Air Charter LLC, Case No. 09-16757 (BRL) in the United States Bankruptcy Court for the Southern District of New York. As set forth in more detail in the Trustee's Third Interim Report, the commencement of the BLM Air bankruptcy case was necessary to preserve, and ultimately to recover for the benefit of the BLMIS estate, a significant asset in the form of an ownership interest in a private aircraft worth millions of dollars (the "Aircraft").

{10555199:2}                                                  -7-

23. The services rendered by Windels Marx in connection with the BLM Air bankruptcy case during the Compensation Period, included: negotiating with BLM Air's creditors, drafting and filing BLM Air's petition papers, and preparing its schedules and operating reports for submission to the Bankruptcy Court.

B. **Litigation** – Task Code 010 (1746.40 hours)

24. Windels Marx rendered substantial services in connection with this category, which relates to time spent by the Firm at the direction of the Trustee performing factual and legal research, preparing analyses, drafting memoranda, motions and/or pleadings, and appearing before the Bankruptcy Court in connection with litigation and/or anticipated litigation to recover assets for the estate.

'25. Included within this category of services by the Firm were the following:

- Researching various asset recovery strategies including, but not limited to, potential claims against unlawful recipients of customer property or corporate assets to recover specific assets;

- Drafting memoranda analyzing potential recoverable assets and litigation strategies;

- Drafting pleadings and motions to recover identified assets; and

- Work done in connection with the pending BLM Air bankruptcy case, including:

    - The preparation of applications to retain professionals on behalf of BLM Air; negotiating with creditors in order to continue maintenance services for the Aircraft; preparing requisite filings pursuant to the US Trustee guidelines; and negotiating the turnover of BLM Air bank account proceeds; and

    - Researching and preparing a complaint commencing an adversary proceeding in the BLM Air bankruptcy case against the co-owner of the Aircraft, seeking

authority, pursuant to Bankruptcy Code 363(h), to sell the entire Aircraft free and clear of the co-owner's interest.

C. **Claims Administration** – Task Code 005 (.2 hours)

26. This category relates to the time spent by Windels Marx personnel researching and assisting the Trustee and Baker & Hostetler in investigating certain customer claims. Windels Marx expended minimal time in this category during the Second Compensation Period.

D. **Trustee Investigation** – Task Code 039 (1395.30 hours)

27. This category relates to time spent with respect to the identification, investigation and recovery of various potential assets on behalf of the consolidated estate.

28. During the Second Compensation Period, Windels Marx expended a substantial amount of time in assisting the Trustee in investigating potential insiders of BLMIS and Madoff to ascertain whether the potential insiders were the unlawful recipients of BLMIS customer property or corporate assets.

29. Included in this category of services by the Firm were the following:

- Reviewing tens of thousands of documents collected from the BLMIS premises, including investment account statements, bank account statements, credit card account statements, wire transfers and other related financial account records, corporate formation documents, operating agreements, tax returns, emails and other related correspondence between BLMIS, Madoff and potential insiders;

- Drafting of document requests and subpoenas to third party entities, and reviewing thousands of pages of documents produced in compliance with the subpoenas;

- Conferring with Trustee's other retained professionals, including FTI Consulting, the Trustee's forensic accountant advisors;

- Conducting analyses of the corporate records and bank accounts of BLMIS and Madoff-related entities;

- Conducting analyses of the personal and professional relationships between and among BLMIS, Madoff, and potential insiders;

- Analyzing the corporate structure of affiliates of potential insiders, including entities in which Madoff or Madoff family members invested;

- Conducting legal research relating to potential claims against insiders; and

- Drafting memoranda regarding the status and findings of the Firm's investigations.

E.  **Internal Office Meetings** – Task Code 020 (23.4 hours)

30.     This category relates to internal Windels Marx strategy and training sessions related to the consolidated estate. Windels Marx expended minimal time in this category during the Second Compensation Period.

F.  **Billing/Fee Applications** – Task Code 007 (85.5 hours)

31.     In addition to preparation of this Application, this section relates to the time spent by attorneys and paraprofessionals in reviewing the Windels Marx billing statements prior to submission to SIPC to ensure that time was properly billed by Windels Marx, to correct any errors in time entries, to write off certain time and expenses as agreed to by Windels Marx for the benefit of SIPC, and to respond to certain adjustments requested by SIPC after its review of the fee statement.

## V. COMPENSATION REQUESTED

32.     During the Compensation Period, Windels Marx expended 3,309.8 hours in the rendition of professional and paraprofessional services on behalf of the Trustee and the Chapter 7 Trustee, resulting in a blended hourly rate of $299.58 for fees incurred.

33. Prior to filing this Application, Windels Marx provided to SIPC its monthly statements setting forth the Firm's fees for services rendered and expenses incurred on behalf of the consolidated estate for each month during the period November 1, 2009 through January 31, 2010.

34. At SIPC's request, Windels Marx's fees in this case reflect a 10% public interest discount from the Firm's standard rates. This discount has resulted in a voluntary reduction during the Second Compensation Period of $110,170.60. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in the Chapter 7 and 11 Cases and comparable bankruptcy and non-bankruptcy cases in a competitive national legal market.

35. There is no agreement or understanding among the Trustee, Windels Marx or any other person, other than members of Windels Marx, for sharing of compensation to be received for services rendered in this case.

36. This Application has been prepared in accordance with the Amended Guidelines for Fees and Disbursements of Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on April 19, 1995 (the "Local Guidelines"). Pursuant to the Local Guidelines, the certification of Regina Griffin, Esq. regarding compliance with the same is attached hereto as Exhibit A.

37. Exhibit B annexed hereto provides a schedule of Windels Marx professionals and paraprofessionals who have provided services for the Debtors during the Compensation Period, the capacity in which each individual is employed by the Firm, the year in which each attorney was licensed to practice law, the hourly billing rate charged by Windels Marx for services

{10555199:2}                                                -11-

provided by each individual and the aggregate number of hours billed by each individual. The 10% discount (as described above) is already reflected in the total amount billed.

38. Exhibit C annexed hereto provides a schedule of the expenses for which reimbursement is requested. The requested expenses are customarily charged to and paid by Windels Marx's bankruptcy and non-bankruptcy clients.

39. Exhibit D annexed hereto is a summary by task code of services performed by Windels Marx from November 1, 2009 to January 31, 2010.

40. To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Compensation Period, but were not classified or processed prior to the preparation of this Second Application, Windels Marx reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.

## VI. WINDELS MARX'S REQUEST FOR INTERIM COMPENSATION SHOULD BE GRANTED

41. Section 78eee(b)(5)(A) of SIPA provides in pertinent part that, upon appropriate application and after a hearing, "[t]he court shall grant reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred ... by a trustee ..." Section 78eee(b)(5)(C) of SIPA specifically establishes SIPC's role in connection with applications for compensation and the consideration the Court should give to SIPC's recommendation concerning fees. That section provides as follows:

> In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC. In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services

rendered, and shall place considerable reliance on the recommendations of SIPC.

42. To the extent the general estate is insufficient to pay such allowances as an expense of administration, section 78eee(b)(5)(E) of SIPA requires SIPC to advance the funds necessary to pay the compensation of Windels Marx (see section 78fff-3(b)(2) of SIPA).

43. Based on the allocation process set forth in SIPA, the Trustee has determined at this time that he has no reasonable expectation that the general estate will be sufficient to make any distribution to general creditors or pay any administrative expenses. That is, the Trustee believes that any assets allocated to the BLMIS general estate will be exhausted prior to his being able to reimburse SIPC fully. The Trustee has been advised by SIPC that it concurs with this belief of the Trustee. Accordingly, any fees and expenses allowed by this Court will be paid from advances by SIPC without any reasonable expectation by SIPC of recoupment thereof.

44. Therefore, with respect to this Application, Windels Marx requests that consistent with section 78eee(b)(5)(C) of SIPA, the Court "shall award the amounts recommended by SIPC." See In re Bell & Beckwith, 112 B.R. 876 (Bankr. N.D. Ohio 1990). Windels Marx expects that SIPC will file its recommendation to the Court with respect to this Application prior to the hearing, currently scheduled for May 5, 2010.

45. Windels Marx submits that the request for interim allowance of compensation made through this Application is reasonable and complies with the provisions of the Bankruptcy Code governing applications for compensation and reimbursement of expenses, pursuant to section 78eee(b)(5) of SIPA.

## VII. CONCLUSION

46. Windels Marx respectfully submits that the services rendered during the Second Compensation Period merit the approval of the fees and disbursements requested herein, and respectfully requests that the Court enter an Order: (i) allowing and awarding $991,539.40 (of which 20%, or $198,307.88 is to be deferred through the conclusion of the liquidation period) as an interim payment for professional services rendered by Windels Marx during the Compensation Period and $16,914.96 as reimbursement of the actual and necessary costs and expenses incurred by the Firm in connection with the rendition of such services; and (ii) granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
April 9, 2010

Respectfully submitted,

WINDELS MARX LANE & MITTENDORF, LLP
*Special Counsel for Irving H. Picard, Trustee for the SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Alan Nisselson, the Chapter 7 Trustee of Bernard L. Madoff*

/s/ Regina Griffin
Regina Griffin (rgriffin@windelsmarx.com)
Howard L. Simon (hsimon@windelsmarx.com)
156 West 56th Street
New York, New York 10019
Telephone: (212) 237-1000
Facsimile: (212) 262-1215