SONNENSCHEIN NATH & ROSENTHAL LLP
Carole Neville
1221 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
cneville@sonnenschein.com

*Attorneys for Lapin Children LLC c/o Eric Ginsburg*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br>                          Plaintiff, <br><br>              v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br>                          Defendant. | Adv. Pro. No. 08-01789 (BRL) <br><br> SIPA Liquidation |

**OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM**

Lapin Children LLC c/o Eric Ginsburg ("Lapin Children LLC"), hereby objects to the

Notice of Trustee's Determination of Claim dated March 23, 2010 ("Determination Letter"),

attached hereto as Exhibit A, as described herein.

**BACKGROUND**

1.      In or about July 2000, an account (Account No. 1-CM-624-3 and 1-CM-624-4)

was opened with Bernard L. Madoff Investment Securities LLC ("Madoff") in the name of

Lapin Children LLC (the "Lapin Children Customer Account").[1]  Lapin Children LLC and each

member of the LLC is a "customer" of Madoff, as defined by the Securities Investor Protection

Act ("SIPA").

---

[1]   All personal information relating to the Lapin Children Customer Account has been redacted for security reasons.

2.      From the creation of the Lapin Children Customer Account, Lapin Children LLC received regular communications from Madoff, including monthly statements, trade confirmations, and quarterly portfolio management reports.

3.      The final Madoff statement dated November 30, 2008 (the "Final Madoff Statement") for the Lapin Children Customer Account shows that Lapin Children LLC owned securities with a market value of $1,959,600.93 in the Lapin Children Customer Account.  A copy of the Final Madoff Statement is annexed to the Lapin Children Customer Claim (defined below).

4.      On December 11, 2008, an action was commenced against Madoff by the Securities & Exchange Commission in the United States District Court for the Southern District of New York.  On December 15, 2008, this liquidation proceeding was commenced pursuant to the SIPA.  *See* Order, Securities and Exchange Commission v. Madoff, No. 08-10791 (S.D.N.Y. Dec. 15, 2008) (ordering relief under SIPA and transferring proceeding to the United States Bankruptcy Court for the Southern District of New York) [Dkt. No. 4].  Irving Picard was appointed Trustee ("Trustee"), charged, *inter alia*, with overseeing the liquidation of Madoff and processing customer claims for money pursuant to SIPA.  *Id.*; 15 U.S.C. § 78fff-1(a).

5.      On December 23, 2008, the Court issued an Order directing the Trustee to disseminate notice and claim forms to Madoff customers and setting forth claim-filing deadlines.  *See* Order [Dkt. No. 12].

6.      The December 23, 2008 Order further provided that, to the extent the Madoff Trustee disagrees with the amount set forth on a customer claim form, the Madoff Trustee "shall notify such claimant by mail of their determination that the claim is disallowed, in whole or in part, **and the reason therefor** . . . "  *See* Order at 6 (emphasis added) [Dkt. No. 12].

7.      On or about March 10, 2009, Lapin Children LLC timely filed a claim for the Lapin Children Customer Account for securities (the "Lapin Children Customer Claim") based on the November 30, 2008 Final Madoff Statement in the amount of $1,959,600.93.  A copy of the Lapin Children Customer Claim with the Final Madoff Statement is attached hereto as Exhibit B.

8.      On March 1, 2010, the Court issued a decision affirming the Trustee's net investment method for determining customer claims.  That decision has been appealed, and a final resolution on the issue is pending.

9.      On March 23, 2010, the Trustee sent Lapin Children LLC the Determination Letter rejecting the Lapin Children Customer Claim and stating that Lapin Children LLC is not entitled to a payment because (a) no securities were purchased for the Lapin Children Customer Account and (b) the Lapin Children Customer Account does not have a positive net equity because more funds had been withdrawn than deposited into the account.

## GROUNDS FOR OBJECTION

### I.      The Determination Letter Fails To Comply With The Court's Order.

10.     The Determination Letter fails to comply with this Court's December 23, 2008 Order, which directs the Trustee to satisfy customer claims in accordance "with the Debtor's books and records."  Dec. 23, 2008 Order at 5 [Dkt. No. 12].  The Lapin Children Customer Claim was evidenced by the Final Madoff Statement showing a value of $1,959,600.93 and listing the securities purportedly purchased for the account, which reflects the "Debtor's books and records" and by which the Trustee is bound absent proof that the owner of the Lapin Children Customer Account did not have a "legitimate expectation" that the balance on the Final Madoff Statement, confirmations, credit advices and portfolio management report represented its property.

**II.    The Trustee Does Not Set Forth the Legal Basis for Disallowing the Claim in Full.**

11.    The Trustee failed to set forth a legal basis for the position he has taken for the calculation of the claim.  *See* Determination Letter.  The Determination Letter:

(a)    does not clearly provide "the reason" for the disallowance, as required by the Court's December 23, 2008 Order, *see* Order [Dkt. No. 12];

(b)    is insufficient to rebut the prima facie validity of the Lapin Children Customer Claim as provided in Section 502(a) of the Bankruptcy Code and Fed. R. Bankr. P. 3001(f);

(c)    violates general principles of applicable law requiring that an objection to a proof of claim set forth, at a minimum, the relevant facts and legal theories upon which the objection is based, *see, e.g.*, Collier on Bankruptcy ¶ 3007.01(3) (15th ed.) ("an objection to a claim should . . . meet the [pleading] standards of an answer"); *In re Enron Corp.*, No. 01-16034, 2003 Bankr. LEXIS 2261, at *25 (Bankr. S.D.N.Y. Jan. 13, 2003) (same); and

(d)    includes an exhibit, which purportedly calculates the money deposited less subsequent withdrawals without any supporting documentation, that is completely unsubstantiated and incorrect; and to the extent that the Trustee's "reconciliation" differs from the Lapin Children Customer Claim, the Trustee should produce evidence supporting his "reconciliation."

(e)    Fails to take into account that each member of the Lapin Children LLC is a "customer" within the meaning of SIPA.

**III.    The Trustee Has Failed to Honor Customer Expectation.**

12.    The Trustee has failed to fulfill the requirement that he honor the legitimate expectations of a customer.

4

13.     The legislative history of SIPA makes clear that Congress' intent in enacting the

legislation was to protect the legitimate expectations of customers.  Congressman Robert

Eckhardt, (D) Texas, sponsor of amendments to SIPA to increase the amount of advance

available to customers and expedite the process, commented on the purpose of the legislation as

follows:

> Under present law, because securities belonging to customers
> may have been lost, improperly hypothecated, misappropriated,
> *never purchased* or even stolen, it is not always possible to
> provide to customers that which they expect to receive, that is,
> securities which they maintained in their brokerage account . . .
> By seeking to make customer accounts whole and returning them
> to customers in the form they existed on the filing date, the
> amendments  .  .  .  would  satisfy  the  customers'  legitimate
> expectations . . .

S. Rep. No. 95-763, at 2 (1978) (*emphasis added*).

> A customer generally expects to receive *what he believes* is in his
> account at the time the stockbroker ceases business. But because
> securities  may  have  been  lost,  improperly  hypothecated,
> misappropriated, *never purchased*, or even stolen, it is not always
> possible  to  provide  to  customers  that  which  they  expect  to
> receive,  that  is,  securities  which  they  maintained  in  their
> brokerage account . . . By seeking to make customer accounts
> whole and returning them to customers in the form they existed
> on the filing date, the amendments . . . would satisfy customers'
> legitimate expectations . . .

S. Rep. No. 95-763, at 2 (1978) (emphasis added).

14.     The Securities Investor Protection Corporation ("SIPC"), charged with

administering SIPA, acknowledged that it was bound by the statute and the rules to satisfy the

reasonable expectations of customers even when the securities had never been purchased, in the

brief it submitted to the Court of Appeals for the Second Circuit as follows:

> Reasonable  and  legitimate  expectations  on  the  filing  date  are
> controlling even where inconsistent with transaction reality.  Thus,
> for example, where a claimant orders a securities purchase and
> receives a written confirmation statement reflecting that purchase,

> the claimant generally has a reasonable expectation that he or she holds the securities identified in the confirmation and therefore generally is entitled to recover those securities (within the limits of SIPA) even where the purchase never actually occurred and the debtor instead converted the cash deposited by the claimant to fund that purchase . . . [T]his emphasis on the reasonable and legitimate customer expectations frequently yields much greater customer protection than would be the case if the transaction reality, not the claimants expectations, were controlling, as this court's earlier opinion in this liquidation well illustrates.

Brief of the Appellant SIPC at 23-24.

15.    Based on regular statements, confirmation reports and other communications received from Madoff, Lapin Children, at all times reasonably believed and expected that Madoff executed such transactions and that the Lapin Children Customer Account actually held such securities.

16.    The Trustee's position in the Madoff case is completely inconsistent with the purpose and goals of SIPA and the position that SIPC has taken unequivocally with respect to the treatment of customers in accordance with their reasonable expectations reflected in the communications from the broker-dealer.

**IV.    The Trustee's Definition of "Net Equity" is Inconsistent With SIPA and SIPA Rules, Practice and Pronouncement and Case Law Interpreting the Statute and Rules.**

17.    The Trustee failed to set forth a legal basis for the position he has taken that he can reduce the amount of the claim by appreciation in the Lapin Children Customer Account or calculate the claim by counting only investment principal less withdrawals without regard to the securities reflected in the Final Madoff Statement.  The Court's decision affirming the Trustee's net investment method has been appealed and a final resolution on the issue is pending, and thus, no legal basis for the method exists.  The Trustee's calculation violates SIPA.

18.    15 U.S.C. § 78fff-2(b) provides that a customer's claim shall be allowed in the amount of the customer's "net equity." 15 U.S.C. § 78fff-2(b). The Trustee calculates "net equity" by reducing the principal contributed to the account less any withdrawals or appreciation, without regard to any gains reflected in the Final Madoff Statement and any prior statement delivered by Madoff to the customer.   This is incorrect for the following reasons:

(a)    Notwithstanding the Court's determination, the Trustee's method of calculating the customer claim is inconsistent with the language of the statute. SIPA defines a customer's net equity claim as the value of the customer's "securities positions" in the customer's account, less any amount the customer owes the debtor, as of the date of the filing of the SIPA liquidation:

> The term 'net equity' means the dollar amount of the account or accounts of a customer, to be determined by –
>
> (A) calculating the sum which would have been owed by the debtor to such customer if the debtor had liquidated, by sale or purchase on the filing date, all securities positions of such customer . . . ; minus
>
> (B) any indebtedness of such customer to the debtor on the filing date . . .[2]

15 U.S.C. § 78lll(11). The Trustee's proposed formulation has no support in the language of the statute or interpreting case law and in fact, adds words and concepts to the statute which do not exist.

(b)    Notwithstanding the Court's determination, the Trustee's method is inconsistent with the Rules promulgated under SIPA. The Series 500 Rules promulgated under

---

[2]  The "indebtedness" of the customer to the debtor refers to cash or securities owed to the debtor, which is most often in the context of a customer having borrowed from the debtor on margin.  *See, e.g.*, H.R. Rep. No. 95-746 at 21 (1977) (describing customers owing cash or securities to the stockbroker as "margin customers"); *Rich v. NYSE*, 522 F.2d 153, 156 (2d Cir. 1975) (noting that, under the 1970 statutory regime, when there were shortages in available securities to satisfy "net equity" claims, customers received cash for their securities "less, in the case of holders of margin accounts, amounts owed" to the broker); *In re First St. Sec. Corp.*, 34 B.R. 492, 497 (Bankr. S.D. Fla. 1983) (offsetting against claim amount of indebtedness customer owed to the debtor where unauthorized stock purchase was funded in part by borrowing on margin).

SIPA by SIPC provide for the classification of claims for cash or securities in accordance with the written transaction confirmations sent by the broker-dealer to the customer. 17 C.F.R. § 300.500. Pursuant to the Rule, a customer has a claim for securities if the customer has received written confirmation that the securities have been purchased or sold for the account.

(c)      Notwithstanding the Court's determination, the Trustee's method is inconsistent with the legislative history of the statute. SIPA's legislative history emphasizes Congress' intention that the statute protect customer expectations by ensuring that customers of retail brokerage firms can rely on their account statements. The Madoff statements and confirmations sent to Lapin Children indicated that it owned a list of blue chip securities. It makes no difference whether the securities were ever actually purchased.

(d)      The Trustee's formula is an improper and wholly inadequate measure of loss. Lapin Children LLC deposited funds with Madoff with the expectation the amount would grow—the Lapin Children Customer Account statements showed such growth, and the balance on the Final Madoff Statement reflects the benefit of this bargain. In *Visconsi v. Lehman Brothers, Inc.*, No. 06-3304, 244 Fed. Appx. 708, 713-14 (6th Cir. 2007), the Court declined to set aside an arbitration award that appeared to apply an expectancy measure of damages against a successor in a Ponzi scheme case and rejected the money in / money out formula as not reflecting the expectations of the parties. *Id.* The Court explained:

> Lehman's out-of-pocket theory misapprehends the harm suffered by Plaintiffs and the facts of this case. Plaintiffs gave $21 million to Gruttadauria, not to hide under a rock or lock in a safe, but for the express purpose of investment, with a hope – indeed a reasonable expectation – that it would grow. Thus, the out-of-pocket theory, which seeks to restore to Plaintiffs only the $21 million they originally invested less their subsequent withdrawals, is a wholly inadequate measure of damages. Had Gruttadauria invested Plaintiffs' money as requested, their funds would have likely grown immensely, especially considering that Plaintiffs invested primarily throughout the mid-1990s, which, had they

> hired an honest broker . . . , would have placed their money in the
> stock market during one of the strongest bull markets in recent
> memory. In fact, the fictitious statements issued by Lehman,
> which were designed to track Plaintiffs' funds as if they had been
> properly invested, indicate that Plaintiffs' accounts would have
> grown to more than $37.9 million (even accounting for the
> withdrawal of more than $31.3 million). Plaintiffs thus could have
> reasonably believed that they were entitled to the full $37.9
> million balance shown, regardless of the amounts of their previous
> deposits and withdrawals.

*Id.* This applies precisely to the Lapin Children Customer Claim.

(e)        Notwithstanding the Court's determination, the Trustee's

Determination Letter is contrary to SIPC's own policies and practices, as reflected in the sworn

testimony of Stephen Harbeck, SIPC's president and CEO, and its actions in similar liquidation

proceedings.  For example, in the New Times Securities Services, Inc. ("New Times") SIPA

liquidation, in the context of discussing claims filing deadlines, Harbeck acknowledged that if

broker-dealer customers have been led to believe that "real existing" securities had been

purchased for their accounts, then those customers are entitled to the full value of their securities

positions as of the filing date, even if that value represents a substantial increase from the

purported purchase price of the securities and even if the securities had never been purchased.

Harbeck testified as follows:

> Harbeck: [I]f you file within sixty days, you'll get the securities,
> without question. Whether – if they triple in value, you'll get the
> securities . . . Even if they're not there.

> Court: Even if they're not there.

> Harbeck: Correct.

> Court: In other words, if the money was diverted, converted –

> Harbeck: And the securities were never purchased.

> Court. Okay.

> Harbeck: And if those positions triple, we will gladly give the
> people their securities positions.

Transcript at 37-39, *In re New Times Sec. Servs., Inc.*, No. 00-8178 (Bankr. E.D.N.Y. July 28,

2000).

Moreover, SIPC faced very similar circumstances in the New Times liquidation and took

a very different position than it is taking in the Madoff case in support of the Trustee.  There, the

New Times Trustee's position on "net equity" was in full accord with SIPA, and thus directly

contrary to the Trustee's position in this case.  Specifically, with respect to any claims that were

based on confirmations and account statements reflecting securities positions in "real" securities

that could have been purchased (i.e., securities that actually existed on the public market and

whose valuations were objectively and publicly verifiable by the customers), the New Times

Trustee allowed all such net equity claims to the full extent of the filing date valuations of those

securities, even though none of the securities identified in those records had ever, in fact, been

purchased by the broker-dealer.[3]

(f)        The Trustee's determination and the Court's determination are

inconsistent with the case law.  The Second Circuit's discussion of SIPC's claims processing in

*New Times,* the only case in this jurisdiction dealing with the issue in the Madoff case, further

---

[3] As with Madoff Securities and Bernard Madoff, New Times and its principal, William Goren, defrauded scores of investors by providing them with confirmations and account statements reflecting purported securities investments made on their behalf when, in fact, no such investments had been made and their money had, instead, been misappropriated for other purposes.  Two of the investment opportunities Goren purported to offer were: (1) money-market funds that were entirely fictitious (the "Fictitious New Age Funds"); and (2) mutual funds that were entirely real, such as those offered by The Vanguard Group and Putnam Investments (the "Real Securities").  *See In re New Times Sec. Servs., Inc.*, 371 F.3d 68, 71-72 (2d Cir. 2004) ("*New Times I*").  Goren's was "a classic Ponzi scheme," *id.* at 72 n.2, wherein new investors' money was used to pay earlier investors.

Approximately 900 customers filed claims in the New Times liquidation: 726 for whom the "Real Securities" were purportedly purchased; 174 for whom the "Fictitious New Age Funds" were purportedly purchased.  Consistent with SIPA and its legislative history, the New Times Trustee appropriately applied SIPA's net equity definition to the "Real Securities" customers' claims – meaning he paid them according to the full value of those securities positions as of the date of the liquidation filing.  When challenged by "Fictitious New Age Funds" customers who had objected that they had not received the same treatment, SIPC and the New Times Trustee (with the apparent concurrence of the SEC) vigorously defended their approach in court.

indicates that, with respect to customers who thought they were invested in listed securities,

SIPC properly paid customer claims based on the customers' final account statements, even

where the securities had never been purchased:

> Meanwhile, investors who were misled . . . to believe that they were investing in mutual funds that in reality existed were treated much more favorably. Although they were not actually invested in those real funds – because Goren never executed the transactions – the information that these claimants received on their account statements mirrored what would have happened had the given transaction been executed. As a result, the Trustee deemed those customers' claims to be "securities claims" eligible to receive up to $500,000 in SIPC advances. The Trustee indicates that this disparate treatment was justified because he could purchase real, existing securities to satisfy such securities claims. Furthermore, the Trustee notes that, if they were checking on their mutual funds, the "securities claimants," . . . could have confirmed the existence of those funds and tracked the funds' performance against Goren's account statements.

*In re New Times Sec. Servs.*, 371 F.3d 68, 74 (2d Cir. 2004); *see also* Brief of Appellant SIPC at

23-24, *In re New Times Sec. Servs., Inc.*, No. 05-5527 (Dec. 30, 2005):

> [R]easonable and legitimate claimant expectations on the filing date are controlling even where inconsistent with transactional reality.  Thus, for example, where a claimant orders a securities purchase and receives a written confirmation statement reflecting that purchase, the claimant generally has a reasonable expectation that he or she holds the securities identified in the confirmation and therefore generally is entitled to recover those securities (within the limits imposed by SIPA), even where the purchase never actually occurred and the debtor instead converted the cash deposited by the claimant to fund that purchase . . . [T]his emphasis on reasonable and legitimate claimant expectations frequently yields much greater 'customer' protection than would be the case if transactional reality, not claimant expectations, were controlling, as this Court's earlier opinion in this liquidation well illustrates.

Lapin Children LLC is in the same position as those investors in the *New Times* case who

received confirmations and statements reflecting real securities.  The statements received

reflected positions in various securities just as the statement in *New Times* reflected positions in

securities that were never purchased.

(g)      The Trustee's position in the Madoff case is contradicted, not only by

SIPC's prior treatment of customers in the *New Times* case, but also by a statement that SIPC's

general counsel, Josephine Wang, gave to the press on December 16, 2008 wherein Ms. Wang

acknowledged that a Madoff customer is entitled to the securities in their account:

> Based on a conversation with the SIPC general counsel, Josephine
> Wang, if clients were presented statements and had reason to
> believe that the securities were in fact owned, the SIPC will be
> required to buy these securities in the open market to make the
> customer whole up to $500K each.  So if Madoff client number
> 1234 was given a statement showing they owned 1000 GOOG
> shares, even if a transaction never took place, the SIPC has to buy
> and replace the 1000 GOOG shares.

December 16, 2008 Insiders' Blog, www.occ.treas.gov/ftp/alert/2008-37.html.  This is a

statement that Ms. Wang has not disavowed.

(h)      The Trustee's methodology also conflicts with other federal laws.  For

example, Rev. Proc.2009-20, issued by Commissioner Shulman on March 17, 2009, expressly

recognizes the income earned by customers, on which they paid taxes annually.  Yet the

Trustee's position is that the income earned by customers on their investments is not their

money.  In addition, some customers were required to take distribution from their retirement

accounts.  Yet the Trustee is deducting from their customer claim the mandatory withdrawals

that the customers were required by law to take.

19.      In sum, the Trustee has created his own definition of "net equity" that is not

based on statutes, prior practice or case law.  The procedure is designed not for the benefit of

Madoff victims but rather so that the Trustee can avoid paying SIPC insurance to the thousands

of Madoff investors who, like Lapin Children LLC, have depended upon their Madoff

investments for their current and future living expenses.

20.     Because of his refusal to comply with SIPA's mandate that he "promptly" satisfy

customer claims based on their last statements, 15 U.S.C. § 78fff- 3(a) and 4(c), the Trustee

employs a vast team of forensic accountants to pore through decades of records to determine

each customer's net investment before SIPC pays any amount to a customer.  Clearly, this is

inconsistent with the statutory scheme and the legislative intent.  Lapin Children LLC 's

"securities position" is readily ascertainable from the Final Madoff Statement.

**V.      The Trustee Has No Legal Basis For Reducing The Claim.**

21.     The Trustee's action in reducing the amount shown on the Lapin Children

Customer Claim by any prior gains or withdrawals reflected on the Final Madoff Statement or

prior statements is an attempt to avoid such gains without alleging any grounds for avoidance or

proving that such gains are avoidable under the Bankruptcy Code's avoidance provisions.  Any

such disallowance is improper and unjustified, and the Determination Letter should be stricken

on that ground alone.  *See* Fed. R. Bankr. P. 7001(1) & 7008.  The disallowance or reduction of

transfer investments from another BMIS account has no legal basis,  the Lapin Children LLC

took such transfer for value and without notice of impropriety or fraud.

**VI.     The Trustee's Reductions Are Barred By The Statue Of Limitations.**

22.     The Trustee's action in reducing the amount shown on the Lapin Children

Customer Claim by gains or withdrawals from the account and any prior BMIS account from

which funds were transferred is an attempt to avoid such gains and withdrawals without alleging

any grounds for avoidance or proving that such gains are avoidable under the state law

avoidance provisions or other theories of law.  The avoidance of those gains and withdrawals

13

have been taken well beyond any limitations period for avoidance of a claim under either state or federal law.

## VII.    The Trustee's Denial Is Inconsistent With SIPA.

23.    SIPA provides that (a) SIPC shall pay the first $500,000 of each customer claim, and (b) customers have an unsecured claim against customer property for the balance of their claims which is paid pro rata with other customers.  *See* 15 U.S.C. § 78fff-3(a) ("In order to provide for prompt payment and satisfaction of net equity claims of customers of debtor, SIPC shall advance to the trustee [up to] $500,000 for each customer, as may be required to pay . . . claims."); 15 U.S.C. § 78fff-2(c)(1)(B) (providing that customers of the debtor "shall share ratably in . . . customer property on the basis and to the extent of their net equities").  As evidenced by the Final Madoff Statement, Lapin Children has a valid claim in the amount of $1,959,600.93.  Therefore, Lapin Children LLC is entitled to an advance of $500,000 for each customer member and claims against customer property for the remainder.

## VIII.    The Trustee Has Not Met Its Burden of Proving the Net Equity Calculation.

24.    The Determination Letter purports to calculate Lapin Children LLC's "net equity" on the basis of withdrawal transactions for which Lapin Children LLC has incomplete records.  It is unreasonable to anticipate that customers would have access to and/or maintain all account records given (a) general limitations on record retention requirements under tax law and other applicable rules governing record retention; (b) the apparent safety and solvency of BMIS; and (c) the fact that historical records such as those in question are usually available from financial institutions, including broker-dealers, upon request.  Under these circumstances, the Trustee should be required to prove the alleged withdrawal transactions by furnishing the appropriate records to Lapin Children LLC and, absent such records, such transactions should be deleted from the calculation of Lapin Children's "net equity."  Likewise, the Trustee should be

required to prove that the deposit transactions are completely listed by furnishing the appropriate records to Lapin Children LLC.

**IX.    Lapin Children Is Entitled To Interest On Its Investments.**

25.    In the event that the Court should determine that customer claims should not be allowed in the amount of the Final Madoff Statement, then in the alternative, Lapin Children LLC is entitled to recover interest or appreciation on its investments based upon the following.

(i)    Under New York law, which is applicable here, funds deposited with the Debtors under these circumstances are entitled to interest. *See, e.g.,* N.Y. C.P.L.R. § 5004; N.Y. Gen. Oblig. § 5-501, *et seq.* Accordingly, the Lapin Children Customer Claim should be recalculated by adding interest to all funds deposited.

(ii)    Under New York law, which is applicable here, customers are entitled to any returns Madoff earned on the deposited funds under principles of unjust enrichment. Accordingly, customer claims should be recalculated by adding the amounts earned by Madoff on the customer's deposits. *See, e.g., Steinberg v. Sherman*, No. 07-1001, 2008 U.S. Dist. LEXIS 35786, at *14-15 (S.D.N.Y. May 2, 2008) ("Causes of action such as . . . conversion and unjust enrichment qualify for the recovery of prejudgment interest."); *Eighteen Holding Corp. v. Drizin*, 701 N.Y.S.2d 427, 428 (1st Dep't 2000) (awarding prejudgment interest on claims for unjust enrichment and conversion).

(iii)    Lapin Children LLC is entitled to interest on its investment under federal securities laws. In *Randall v. Loftsgaarden*, 478 U.S. 647 (1986), the Supreme Court analyzed the different measures of recovery of "actual damages" for fraud, primarily including rescission and restitution. The *Randall* Court concluded that Congress intended to deter wrongdoers, and hence, that wide latitude in choosing the measure of damages was warranted. *See id.* at 664

(citing *Affiliated Ute Citizens of Utah v. United State*s, 406 U.S. 128, 151, 92 S.Ct. 1456, 31

L.Ed.2d 741 (1972)).  The *Randall* Court continued by holding that:

> This deterrent purpose is ill-served by a too rigid insistence on
> limiting plaintiffs to recovery of their "net economic loss."

*Id.* at 664 (citing *Salcer v. Envicon Equities Corp*., 744 F.2d 935, 940 (2d Cir. 1984)).

(iv)    Lapin Children LLC is entitled to an adjustment from the initial deposit in

the account to reflect present day values.

## RESERVATION OF RIGHTS

26.    Lapin Children LLC reserves the right to revise, supplement, or amend this

Objection, and any failure to object on a particular ground or grounds shall not be construed as a

waiver of Lapin Children LLC's right to object on any additional grounds.

27.    Lapin Children LLC reserves all rights set forth in Rule 9014, including, without

limitation, rights of discovery.  *See* Fed. R. Bankr. P. 9014.

28.    Lapin Children LLC reserves all objections as to the competence, relevance,

materiality, privilege, or admissibility of evidence in any subsequent proceeding or trial of this

or any other action for any purpose whatsoever.

29.    Lapin Children LLC incorporates by reference all reservations of rights set forth

in the Lapin Children Customer Claim.

## RELIEF REQUESTED

For the reasons stated herein, the Lapin Children Customer Claim should be allowed in

its entirety in the amount of $1,959,600.93, which is the amount stated on the Final Madoff

Statement, plus interest from the date of the Determination Letter.

For the reasons stated herein, this Court should direct SIPC to immediately replace $500,000 of the securities in the Lapin Children Customer Account based upon the values reflected on the Final Madoff Statement, and/or advance Lapin Children LLC $500,000 from the SIPC fund for each member of the LLC.

For the reasons stated herein, the Determination Letter should be stricken.

Lapin Children LLC requests such other relief as may be just and equitable.

Dated:  April 12, 2010                    SONNENSCHEIN NATH & ROSENTHAL LLP


                                          By:    /s/ Carole Neville
                                                Carole Neville
                                                1221 Avenue of the Americas
                                                New York, New York 10020
                                                Telephone:  (212) 768-6700
                                                Facsimile:  (212) 768-6800

                                          *Attorneys for Lapin Children LLC c/o Eric Ginsburg*

## <u>CERTIFICATE OF SERVICE</u>

I, Carole Neville, hereby certify that on April 12, 2010 I caused a true and correct copy

of the foregoing **Objection to Trustee's Determination of Claim** on behalf of Lapin Children

LLC c/o Eric Ginsburg to be filed electronically with the Court and served upon the parties in

this action who receive electronic service through CM/ECF, and served by hand upon:

> David J. Sheehan, Esq.
> Baker & Hostetler LLP
> 45 Rockefeller Plaza
> New York, NY 10111

Dated:  April 12, 2010

>    /s/ Carole Neville     
> Carole Neville

# EXHIBIT A

## (Letter of Determination)



# BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

## DECEMBER 11, 2008[1]

## NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

March 23, 2010

Lapin Children LLC

REDACTED

Dear Lapin Children LLC:

### PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim on BLMIS Account No. 1CM624 designated as Claim Number 006964:

Your claim for securities is **DENIED**. No securities were ever purchased for your account.

Further, based on the Trustee's analysis, the amount of money you withdrew from your account at BLMIS (total of $2,610,000.02), as more fully set forth in Table 1 annexed hereto and

---

[1] Section 78lll(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78lll(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

made a part hereof, is greater than the amount that was deposited with BLMIS for the purchase of securities (total of $1,314,668.45). As noted, no securities were ever purchased by BLMIS for your account. Any and all profits reported to you by BLMIS on account statements were fictitious.

As reflected in Table 1, certain of the transfers into or out of your account have been adjusted. As part of the Trustee's analysis of accounts, the Trustee has assessed accounts based on a money in/money out analysis (i.e., has the investor deposited more or less than he or she withdrew from BLMIS). This analysis allows the Trustee to determine which part of an account's balance is originally invested principal and which part is fictitious gains that were fabricated by BLMIS. A customer's allowed claim is based on the amount of principal in the customer's account.

Whenever a customer requested a transfer from one account to another, the Trustee analyzed whether the transferor account had principal in the account at the time of the transfer. The available principal in the account was transferred to and credited in the transferee account. Thus, the reason that the adjusted amount of transferred deposits or withdrawals in Table 1 is less than the purported transfer amount is that the transferor account did not have sufficient principal available to effectuate the full transfer. The difference between the purported transfer amount and the adjusted transfer amount is the amount of fictitious gain that was transferred to or from your account. Under the money in/money out analysis, the Trustee does not give credit for fictitious gains in settling your allowed claim.

Since there were no profits to use either to purchase securities or to pay you any money beyond the amount that was deposited into your BLMIS account, the amount of money you received in excess of the deposits in your account ($1,295,331.57) was taken from other customers and given to you. Accordingly, because you have withdrawn more than was deposited into your account, you do not have a positive "net equity" in your account and you are not entitled to an allowed claim in the BLMIS liquidation proceeding. Therefore, your claim is **DENIED** in its entirety.

**On March 1, 2010, the United States Bankruptcy Court for the Southern District of New York (Lifland, J.) issued a decision which affirmed the Trustee's Net Investment Method for determining customer claims. The final resolution of this issue is expected to be determined on appeal.**

**Should a final and unappealable court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by you in having your customer claim re-determined in accordance with any such Court order.**

Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by the Trustee against you.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after March 23, 2010, the date on which the Trustee mailed this notice.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York 10004

and

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111

_Irving H. Picard_
Irving H. Picard

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

cc:  Carole Neville, Esq.
Sonnenschein Nath & Rosenthal LLP
1221 Avenue of the Americas, 25th Floor
New York, New York 10020

3

| - Table 1 - | | | |
|---|---|---|---|
| **DEPOSITS** | | | |
| **DATE** | **TRANSACTION DESCRIPTION** | **AMOUNT** | **ADJUSTED AMOUNT** |
| 7/3/2000 | TRANS FROM 1CM10830 | $1,392,439.39 | $68,168.45 |
| 7/16/2001 | CHECK | $260,000.00 | $260,000.00 |
| 3/23/2004 | CHECK | $73,000.00 | $73,000.00 |
| 1/6/2005 | CHECK | $200,000.00 | $200,000.00 |
| 4/30/2007 | CHECK | $20,000.00 | $20,000.00 |
| 5/1/2007 | CHECK | $100,000.00 | $100,000.00 |
| 6/18/2007 | CHECK | $9,000.00 | $9,000.00 |
| 6/27/2007 | CHECK | $220,000.00 | $220,000.00 |
| 6/27/2007 | CHECK | $9,000.00 | $9,000.00 |
| 9/24/2007 | CHECK | $10,500.00 | $10,500.00 |
| 1/31/2008 | CHECK | $45,000.00 | $45,000.00 |
| 5/20/2008 | CHECK | $300,000.00 | $300,000.00 |
| **Total Deposits:** | | $2,638,939.39 | $1,314,668.45 |
| | | | |
| **WITHDRAWALS** | | | |
| **DATE** | **TRANSACTION DESCRIPTION** | **AMOUNT** | **ADJUSTED AMOUNT** |
| 7/31/2000 | TRANS TO 1CM10830 | ($0.02) | ($0.02) |
| 10/2/2000 | CHECK | ($60,000.00) | ($60,000.00) |
| 1/2/2002 | CHECK | ($45,000.00) | ($45,000.00) |
| 4/1/2002 | CHECK | ($45,000.00) | ($45,000.00) |
| 7/1/2002 | CHECK | ($35,000.00) | ($35,000.00) |
| 3/30/2004 | CHECK | ($173,000.00) | ($173,000.00) |
| 11/16/2004 | CHECK | ($48,000.00) | ($48,000.00) |
| 2/14/2005 | CHECK | ($50,000.00) | ($50,000.00) |
| 3/31/2005 | CHECK | ($350,000.00) | ($350,000.00) |
| 6/30/2005 | CHECK | ($16,000.00) | ($16,000.00) |
| 9/20/2005 | CHECK | ($50,000.00) | ($50,000.00) |
| 1/31/2006 | CHECK | ($27,000.00) | ($27,000.00) |
| 4/21/2006 | CHECK | ($26,000.00) | ($26,000.00) |
| 7/13/2006 | CHECK | ($5,000.00) | ($5,000.00) |
| 8/29/2006 | CHECK | ($30,000.00) | ($30,000.00) |
| 9/29/2006 | CHECK | ($55,000.00) | ($55,000.00) |
| 12/15/2006 | CHECK | ($15,000.00) | ($15,000.00) |
| 4/10/2007 | CHECK | ($80,000.00) | ($80,000.00) |
| 3/18/2008 | CHECK | ($1,500,000.00) | ($1,500,000.00) |
| **Total Withdrawals:** | | ($2,610,000.02) | ($2,610,000.02) |
| | | | |

4

| | | | |
|---|---|---|---|
| Total deposits less withdrawals: | | $28,939.37 | ($1,295,331.57 |

# EXHIBIT B

## (Customer Claim)

**CUSTOMER CLAIM**



Claim Number_____

Date Received_____

**BERNARD L. MADOFF INVESTMENT SECURITIES LLC**

In Liquidation

**DECEMBER 11, 2008**

RECEIVED

MAR 1 0 2009

Irving H. Picard, Esq.
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

Provide your office and home telephone no.

OFFICE: ___(212) 768-6889___

HOME: _____

Taxpayer I.D. Number (Social Security No.)

_ _____

Account Number:    1CM624

**Lapin Children LLC
c/o Eric Ginsburg, Manager**

REDACTED

(If incorrect, please change)

NOTE:    BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY THE ACCOMPANYING INSTRUCTION SHEET. A SEPARATE CLAIM FORM SHOULD BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL PROTECTION AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE RECEIVED BY THE TRUSTEE ON OR BEFORE March 4, 2009. CLAIMS RECEIVED AFTER THAT DATE, BUT ON OR BEFORE July 2, 2009, WILL BE SUBJECT TO DELAYED PROCESSING AND TO BEING SATISFIED ON TERMS LESS FAVORABLE TO THE CLAIMANT. PLEASE SEND YOUR CLAIM FORM BY CERTIFIED MAIL - RETURN RECEIPT REQUESTED.

*********************************************************************

1.    Claim for money balances as of **December 11, 2008** :
    a.    The Broker owes me a Credit (Cr.) Balance of        $_____
    b.    I owe the Broker a Debit (Dr.) Balance of        $_____

502180406                    1

c.     If you wish to repay the Debit Balance,

please insert the amount you wish to repay and

attach a check payable to "Irving H. Picard, Esq.,

Trustee for Bernard L. Madoff Investment Securities LLC."

If you wish to make a payment, **it must be enclosed**

with this claim form.                                        $_____

d.     If balance is zero, insert "None."                    ____NONE_____

2.     Claim for securities as of **December 11, 2008**:

**PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.**

|  |  | YES | NO |
|---|---|---|---|
| a. | The Broker owes me securities | ✓ | |
| b. | I owe the Broker securities | | ✓ |

c.     If yes to either, please list below:

| Date of Transaction (trade date) | Name of Security | Number **of** Shares or Face Amount of Bonds | |
|---|---|---|---|
| | | The Broker Owes Me (Long) | I Owe the Broker (Short) |
| **SEE STATEMENT DATED NOVEMBER 30, 2008** | | ✓ | |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

**Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclose, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation. You should also provide all documentation or**

10234503

information regarding any withdrawals you have ever made or payments received from the Debtor.

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement. If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.
**PLEASE CHECK THE APPROPRIATE ANSWER FOR ITEMS 3 THROUGH 9.**

NOTE:   IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION ON A SIGNED ATTACHMENT. IF SUFFICIENT DETAILS ARE NOT PROVIDED, THIS CLAIM FORM WILL BE RETURNED FOR YOUR COMPLETION.

|  |  | YES | NO |
|---|---|---|---|
| 3. | Has there been any change in your account since December 11, 2008? If so, please explain. |  | ✓ |
| 4. | Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of the broker? |  | ✓ |
| 5. | Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or policies of the broker? |  | ✓ |
| 6. | Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in any way with the broker? If so, give name(s) |  | ✓ |
| 7. | Is this claim being filed by or on behalf of a broker or dealer or a bank? If so, provide documentation with respect to each public customer on whose behalf you are claiming. |  | ✓ |
| 8. | Have you ever given any discretionary authority to any person to execute securities transactions with or through the broker on your behalf? Give names, addresses and phone numbers. |  | ✓ |

9.    Have you or any member of your family
      ever filed a claim under the Securities
      Investor Protection Act of 1970? if
      so, give name of that broker.                                    ✓

      Please list the full name and address of anyone assisting you in the
      preparation of this claim form:  Carole Neville, Sonnenschein Nath &
      Rosenthal LLP, 1221 Avenue of the Americas, 25th Floor, New York, NY 10020

If you cannot compute the amount of your claim, you may file an estimated claim. In that
case, please indicate your claim is an estimated claim.

**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM.
CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR
IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.**

**THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY
INFORMATION AND BELIEF.** *

Date ___3/6/2009___     Signature _____

Date _____     Signature _____

(If ownership of the account is shared, all must sign above. Give each owner's name,
address, phone number, and extent of ownership on a signed separate sheet. If other
than a personal account, e.g., corporate, trustee, custodian, etc., also state your capacity
and authority. Please supply the trust agreement or other proof of authority.)

**This customer claim form must be completed and mailed promptly,
together with supporting documentation, etc. to:**

Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

---

* This form includes and incorporates in full the attached Addendum. Customer
reserves the right to amend this form for any purpose, including, without
limitation, to add interest, costs and other losses associated with this account.

**ADDENDUM**

Customer:    **Lapin Children LLC**
Address:     **c/o Eric Ginsburg, Manager**

REDACTED

Account #:   **1-CM-624-3-0; 1-CM-624-4-0**

Document index:

   A.  Statement dated November 30, 2008                                $1,959,600.93

   B.  Investment Documents

      1.      Statement dated as of 7/31/00                            $1,392,439.39

      2.      Statement dated as of 7/31/01                              $260,000.00

           Check transfer confirmation dated 7/16/01

      3.      Statement dated as of 3/31/04                               $73,000.00

           Muriel Siebert & Co. Inc. Acct. Statement as of 3/31/04

      4.      Check transfer confirmation dated 1/06/05                  $200,000.00

           Statement dated as of 1/31/05

      5.      Check transfer confirmation dated 4/30/07                   $20,000.00

           Statement dated as of 4/30/07

      6.      Check transfer confirmation dated 5/01/07                  $100,000.00

           Statement dated as of 5/31/07

      7.      Check transfer confirmation dated 6/18/07                    $9,000.00

           Check dated 6/13/07

           Statement dated as of 6/30/07

      8.      Check transfer confirmation dated 6/27/07                  $220,000.00

           Check dated 6/25/07

           Statement dated as of 6/30/07

9.   Check transfer confirmation dated 6/27/07                    $9,000.00

Check dated 6/25/07

Statement dated as of 6/30/07

10.   Check transfer confirmation dated 9/24/07                   $10,500.00

Statement dated as of 9/30/07

11.   Check transfer confirmation dated 1/31/08                   $45,000.00

Statement dated as of 1/31/08

12.   Check transfer confirmation dated 5/20/08                   $300,000.00

Statement dated as of 5/31/08

C.  Transfer documents

1.   Statement dated as of 10/31/00                               ($60,000.00)

Check transfer confirmation dated 10/02/00

2.   Statement dated as of 1/31/02                                ($45,000.00)

Check transfer confirmation dated 1/02/02

3.   Statement dated as of 4/30/02                                ($45,000.00)

Check transfer confirmation dated 4/01/02

4.   Statement dated as of 7/31/02                                ($35,000.00)

Check transfer confirmation dated 7/01/02

5.   Statement dated as of 3/31/04                                ($173,000.00)

Check transfer confirmation dated 3/30/04

6.   Statement dated as of 11/30/04                               ($48,000.00)

Check transfer confirmation dated 11/16/04

7.   Statement dated as of 2/28/05                                ($50,000.00)

8.   Statement dated as of 3/31/05                                ($350,000.00)

Check transfer confirmation dated 3/31/05

9.   Statement dated as of 6/30/05                                ($16,000.00)

17636716\V-1

10.    Statement dated as of 9/30/05                                            ($50,000.00)

11.    Statement dated as of 1/31/06                                            ($27,000.00)

        Check transfer confirmation dated 1/31/06

12.    Statement dated as of 4/30/06                                            ($26,000.00)

        Check transfer confirmation dated 4/21/06

13.    Statement dated as of 7/31/06                                            ($5,000.00)

        Check transfer confirmation dated 7/13/06

14.    Statement dated as of 8/31/06                                            ($30,000.00)

        Check transfer confirmation dated 8/29/06

15.    Statement dated as of 9/30/06                                            ($55,000.00)

        Check transfer confirmation dated 9/29/06

16.    Statement dated as of 12/31/06                                           ($15,000.00)

        Check transfer confirmation dated 12/15/06

17.    Statement dated as of 4/30/07                                            ($80,000.00)

        Check transfer confirmation dated 4/10/07

18.    Statement dated as of 3/31/08                                            ($1,500,000.00)

        Check transfer confirmation dated 3/18/08


Total Investments:  $2,638,939.39

Total Withdrawals:  $2,610,000.00

# STATEMENT DATED NOVEMBER 30, 2008

BERNARD L MADOFF
New York    London

LAPIN CHILDREN LLC
C/O ...GINSBERG

REDACTED

| SYMBOL | DESCRIPTION |
|---|---|
| | WAL-MART STORES INC |
| | INTERNATIONAL BUSINESS MACHS |
| | EXXON MOBIL CORP |
| | INTEL CORP |
| | JOHNSON & JOHNSON |
| | J.P. MORGAN CHASE & CO |
| | COCA COLA CO |
| | MCDONALDS CORP |
| | MERCK & CO |
| | MICROSOFT CORP |
| | ABBOTT LABORATORIES |
| | APPLE INC |
| | PFIZER INC |
| | ABBOTT LABORAT NTES |
| | PROCTER & GAMBLE CO |
| | AT&T INC |
| | PHILLIP MORRIS INTERNATIONAL |
| | BANK OF AMERICA |
| | QUALCOMM INC |
| | CITI GROUP INC |
| | SCHLUMBERGER LTD |
| | CONOCO? CORP |

REDACTED

REDACTED

BERNARD L MADOFF
INVESTMENT SECURITIES
New York □ London

LAPIN CHILDREN LLC

| | DESCRIPTION | MKT PRICE |
|---|---|---|
| | FIDELITY SPARTAN | |
| | U S TREASURY MONEY MARKET | |
| | CASH TREASURY BILL | |
| | DUE 03/26/20 | |
| | FIDELITY SPARTAN | |
| | U S TREASURY MONEY MARKET | |
| | | |
| | SECURITY POSITIONS | |
| | AT&T INC | 30.500 |
| | ABBOTT LABORATORIES | |
| | AMGEN INC | |
| | APPLE INC | |
| | BANK OF AMERICA | |
| | CHEVRON CORP | |
| | CISCO SYSTEMS INC | |
| | COCA COLA CO | |
| | COMCAST CORP | |
| | CONOCOPHILLIPS | |
| | EXXON MOBIL CORP | |
| | GENERAL ELECTRIC CO | |
| | CONTINUED ON PAGE | |

REDACTED

BERNARD L MADOFF

New York · London

LAPIS CHILDREN LLC

BERNARD L MADOFF
INVESTMENT SECURITIES LLC
New York □ London

LAPIN GOTTLEBEN LLC

REDACTED

| DATE | BOUGHT RECEIVED | SOLD DELIVERED | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED | |
|------|------|------|------|------|------|------|
| | 1,420 | | VERIZON COMMUNICATIONS | 32.450 | | |
| | 1,672 | | WAL-MART STORES INC | 4,000 | | |
| | 1,764 | | WELLS FARGO & CO NEW | 26,076 | | |
| | | | MARKET VALUE OF SECURITIES | | | |
| | | | LONG | | | |
| | | | 1,780,100.15 | | | 11/30/0 |
| | | | SHORT | | | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES



REDACTED

BERNARD L MADOFF
INVESTMENT SECURITIES
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334 1343
Fax (212) 838-4061

LAPIN CHILDREN LLC

| DATE | BOUGHT RECEIVED (LONG) | SOLD DELIVERED (SHORT) | TRN. | | PRICE OR SYMBOL | | AMOUNT DEBITED | AMOUNT CREDITED | DESCRIPTION |
|------|------|------|------|------|------|------|------|------|------|

BALANCE FORWARD

| 11/14 | | 42 | 41998 | | S & P 100 INDEX | | | 11,929.00 |
| 11/14 | | | 40024 | | NOVEMBER 450 CALL | | | 80,338.00 |
| 11/19 | | 42 | 22429 | | S & P 100 INDEX | | | |
| 11/19 | | | 39734 | | NOVEMBER 450 PUT | | | |
| | | | | | S & P 100 INDEX | | | 10,911.00 |
| | | | | | DECEMBER 450 CALL | | | |
| 11/19 | | | 41079 | | S & P 100 INDEX | | | |
| | | | | | DECEMBER 450 PUT | | | |
| | | | | | S & P 100 INDEX | | | |
| | | | | | NOVEMBER 450 CALL | | | 11,450.00 |
| 11/19 | | 42 | 40906 | | S & P 100 INDEX | | | |
| | | | | | NOVEMBER 450 PUT | | | 22,474.00 |

NEW BALANCE

SECURITY POSITIONS
S & P 100 INDEX
DECEMBER 450 CALL
S & P 100 INDEX
DECEMBER 450 PUT

MARKET VALUE OF SECURITIES
LONG            SHORT
4,150,00.00      4,750,00.00-

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

# INVESTMENT DOCUMENTS

BERNARD L. MADOFF
Investment Securities
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2400
800-334-1343
Fax (212) 838-4061

MADF □ CH

| DATE | BOUGHT | SOLD | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| | | | | NET BALANCE FORWARD | | | 1,387,672.39 |
| 7/3 7/3 | 700,000 | | 87733 | TRANS FROM 1CM10339 H S TREASURY BILL DUE 11/2/2000 | 1991 97.820 | | |
| 7/3 | 732,000 | | 87734 | U S TREASURY BILL DUE 11/09/2000 | 97.777 | 545,230.00 | |
| 7/3 | 600,000 | | 17375 | SECURITY SPATIAN U S TREASURY MONEY MARKET DUE 11/3/2000 | 1 | 534,397.35 | 534,700.00 |
| 7/3 | | 700,000 | 27363 | U S TREASURY BILL DUE 11/3/2000 | 97.000 | 2,033.00 | |
| 7/3 | | 732,000 | 85368 | U S TREASURY BILL DUE 11/16/2000 | 1 | | 685,631.91 |
| 7/3 | | | 87995 | SECURITY SPATIAN U S TREASURY MONEY MARKET DUE 07/11/00 | 97.035 | | 22,031.00 |
| 7/3 | 20,410 | | 2788 7087 9062 | FIDELITY SPATIAN U S FACILITY MONEY MARKET AMERICAN INTL GROUP INC ARGON INC | 610 1 28 5/3 45 5/3 70 | 81,47.30 13,776.00 75,46.00 | |
| 7/3 7/3 7/3 | 500 340 700 | | | CONTINUED ON PAGE 2 | | | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

BERNARD L MADOFF
INVESTMENT SECURITIES LLC
New York    London

New York NY 10022
(212) 230-2424
800 334 1343
fax (212) 838-4061

LAPIN CHILDREN LLC

REDACTED

| DATE | BROUGHT OR RECEIVED OR DELIVERED | SOLD OR DELIVERED OR REDEEMED | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|------|------|------|------|------|------|------|------|
| | | | | BALANCE FORWARD | | | 43,319.33 |
| 7/09 | | | | WAL-MART STORES INC | DIV | | 4,436.09 |
| 7/11 | | | | DIV 6/27/01 7/09/01 | DIV | | 32.58 |
| 7/11 | | | | EXXON MOBIL CORP | DIV | | 46.24 |
| 7/11 | | | | DIV 6/29/01 7/11/01 | | | |
| 7/16 | 100,000 | | | HEALTH PACKAGE CO | | 258,000.00 | |
| 7/16 | | | 61232 | DIV 6/29/01 7/11/01 | CA | | |
| | | | | U.S. TREASURY BILL | 99.657 | | |
| | | | | DUE 9/27/01 | | | |
| 7/23 | | | 1391 | MORGAN STANLEY DEAN WITTER CO | DIV | | 40.20 |
| | | | | DIV 7/06/01 7/23/01 | | | |
| 7/24 | 5,032 | | 6266 | EXXON MOBIL CORP | S CO | | |
| | | | | DIV 7/27/01 7/24/01 | | | |
| 7/25 | | 336 | 12745 | MORGAN STANLEY DEAN WITTER CO | 66.490 | | 19,349.64 |
| 7/25 | | 720 | 13564 | AMERICAN INTL GROUP INC | 84.640 | | 60,946.30 |
| 7/25 | | 312 | 15624 | AMGEN INC | 60.520 | | 18,873.12 |
| 7/25 | | 1,890 | 17683 | ORACLE CORPORATION | 18.970 | | 35,866.60 |
| 7/25 | | 1,944 | 22499 | ACL TIME WARNER INC | 44.420 | | 86,777.35 |
| 7/25 | | 432 | 21362 | PEPSICO INC | 45.200 | | 19,507.40 |
| 7/25 | | 1,944 | 24455 | AMERICAN EXPRESS COMPANY | 31.033 | | 60,273.04 |
| 7/25 | | 204 | | PFIZER INC | 42.110 | | 61,451.84 |
| 7/25 | | | | MERCK CO | 66.900 | | 15,663.66 |
| | | | | CONTINUED PAGE 2 | | | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York · London

WE HAVE THIS DAY ___ ___ YOUR
ACCOUNT WITH THE FOLLOWING

CLIENT'S ACCOUNT NUMBER

REDACTED



.DREN LLC                                    1019

Date 7/11/01

BERNARD MADOFF Investment    $ 260,000
and 60 Sixty Thousand ———————— Dollars

IATIONAL BANK

.to to Account
m624-03-0



**SIEBERT**

MURIEL SIEBERT & CO. INC

REDACTED

unt Number:
count Name: GINSBURG

Statement Date:    03/01/2004 to 03/31/2004

**Core Funds Sold**

| Settlement Date | Account Type | Transaction | Description | Quantity | Amount |
|---|---|---|---|---|---|
| 03/24/04 | | | | | (73.00) |

**Net Core Funds Sold**

**NET CORE FUND ACTIVITY**

**ADDITIONS AND WITHDRAWALS**
Checking Activity (Account Number: 090-506328 )

| Date | Check Number | Payee Detail | Expense Code | Amount |
|---|---|---|---|---|
| 03/24/04 | 021 | BERNARD MADOFF INVESTMENT | | 37,300.30 |
| | | | | ($73,000.00) |

**Net Checking Activity**

**NET ADDITIONS AND WITHDRAWALS**    ($73,000.00)

**INCOME AND EXPENSES**
Taxable Income

| Date | Account Type | Transaction | Description | Quantity | Amount |
|---|---|---|---|---|---|
| | | Taxable Dividends | | | |
| 03/01/04 | | | | | |
| 03/31/04 | | | | | |

**Net Taxable Income**

**Total Income**

**NET INCOME AND EXPENSES**

MURIEL SIEBERT & CO INC

Account carried with National Financial Services LLC, Member NYSE, SIPC

BERNARD L. MADOFF
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
212 230-2424
P&S Dept. 212 230-2436
800 334-1343
Fax 212 838-4061

WE HAVE THIS DAY
ACCOUNT WITH THE FOLLOWING

CLIENT'S ACCOUNT NUMBER

LAPIN CHILDREN LLC

REDACTED

LAPIN CHILDREN LLC                                  1173

FIRST UNION    First Union National Bank
                firstunion.com



BERNARD L. MADOFF
INVESTMENT SECURITIES LLC
New York · London

Madoff Securities International Limited
12 Berkeley Street
Mayfair London W1J 8DT
Tel 020 7493 6222

LAPIN CHILDREN LLC
C/O GINSBURG

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

REDACTED

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | ITEM | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| | | | | BALANCE FORWARD | | | .11 |
| 1/03 | | | | MERCK & CO | DIV | | 430.92 |
| 1/03 | | | | DIV 12/03/04  1/03/05 | | | |
| | | | | VIACOM INC | DIV | | 51.74 |
| 1/06 | 200,000 | | | CLASS B NON VOTING SHS | CA | | |
| 1/06 | | | | DIV 11/30/04  1/01/05 | | | 200,000.00 |
| | | | 1099 | CHECK | | | |
| | | | | U S TREASURY BILL | 99.371 | 198,742.00 | |
| | | | | DUE 4/14/2005 | | | |
| 1/06 | 1,759 | | 1116 | U S TREASURY BILL | 1 | | 1,758.00 |
| | | | | DUE 4/14/2005 | | | |
| | | | | FIDELITY SPARTAN | | | |
| | | | | U S TREASURY MONEY MARKET | | | |
| 1/28 | 924 | | 827 | WELLS FARGO & CO NEW | 60.379 | 55,671.00 | |
| 1/28 | 3,344 | | 2297 | INTEL CORP | 22.210 | 74,270.24 | |
| 1/28 | 2,744 | | 7111 | WAL-MART STORES INC | 53.100 | 119,335.97 | |
| 1/28 | 1,594 | | 6581 | JOHNSON & JOHNSON | 61.972 | 98,778.80 | |
| 1/28 | 3,432 | | 9395 | EXXON MOBIL CORP | 51.323 | 176,110.24 | |
| 1/28 | 1,892 | | 10865 | J.P. MORGAN CHASE & CO | 37.060 | 70,117.57 | |
| 1/28 | 1,776 | | 15149 | COCA COLA CO | 41.649 | 57,694.64 | |
| 1/23 | 650 | | 19433 | MEDTRONIC IN- | 51.630 | 34,075.80 | |
| 1/28 | 696 | | 23717 | MERRILL LYNCH & CO INC | 56.572 | 39,543.88 | |
| 1/28 | 396 | | 28001 | 3M COMPANY | 82.510 | 32,615.56 | |
| 1/28 | 1,100 | | 32285 | ALTRIA GROUP INC | 62.330 | 68,563.00 | |
| 1/28 | 1,103 | | 36569 | MERCK & CO | 30.230 | 33,372.64 | |
| | | | | CONTINUED ON PAGE | 2 | | |

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York ◇ London

335 Third Avenue
New York, NY 10022
212 230 2424
P&S Dept. 212 230 2416
800 334 1343
Fax 212 838 4061

WE HAVE THIS DAY CREDITED YOUR
ACCOUNT WITH THE FOLLOWING

1/30/07

CHECK

CLIENTS ACCOUNT NUMBER

LAPIN CHILDREN LLC
UNIT 939-GINSBERG

1-CM426-3



LAPIN CHILDREN LLC                                                1204

Date

Pay to the
Order of                                              $

Bank of America

Bank of America

REDACTED

BERNARD L. MADOFF
INVESTMENT SECURITIES
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334 1343
Fax (212) 838-4061

LAPIN CHILDREN LLC

**Date:** 4/30/07

**YOUR ACCOUNT NUMBER:** 1-CM624-3-0

| DATE | BOUGHT (LONG) | SOLD (SHORT) | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| 4/24 | 426 | | 64433 | WACHOVIA CORP NEW | 55.410 | 65,752.89 | |
| 4/24 | 170 | | 65671 | GOLDMAN SACHS GROUP INC | 215.030 | 36,551.10 | |
| 4/24 | 1,412 | | 68727 | WELLS FARGO & CO NEW | 37.710 | 52,266.02 | |
| 4/24 | 904 | | 69965 | HOME DEPOT INC | 38.600 | 34,157.40 | |
| 4/24 | 1,056 | | 73021 | WAL-MART STORES INC | 47.633 | 50,337.26 | |
| 4/24 | 1,558 | | 74259 | HEWLETT PACKARD CO | 42.930 | 17,413.88 | |
| 4/24 | 2,448 | | 77315 | EXXON MOBIL CORP | 77.670 | 190,233.16 | |
| 4/24 | 640 | | 78553 | INTERNATIONAL BUSINESS MACHS | 94.200 | 50,878.20 | |
| 4/24 | 2,412 | | 32647 | JOHNSON JOHNSON | 21.140 | 52,667.76 | |
| 4/24 | 1,224 | | 37141 | INTEL CORP | 64.359 | 79,674.64 | |
| 4/24 | 1,496 | | 31435 | JP MORGAN CHASE & CO | 51.450 | 77,072.20 | |
| 4/24 | 850 | | 95723 | COCA COLA CO | 51.370 | 43,698.50 | |
| | 2,350,000 | | 35472 | U S TREASURY BILL DUE 06/07/2007 | 99.411 | | 2,335,158.50 |
| 4/24 | | | | 6/07/2007 | | | |
| 4/24 | | 1606 | | FIDELITY SPARTAN U S TREASURY MONEY MARKET | DIV | | 7.69 |
| 4/24 | | | | DIV 04/24/07 | | | |
| 4/24 | 57,074 | | 81612 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | 57,074.00 | |
| | 4,287 | | | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | | 4,337.00 |
| 4/25 | | | | GENERAL ELECTRIC CO DIV 2/26/07 4/25/07 | DIV | | 1,256.40 |
| 4/26 | | | | CHECK | CA | | 20,000.00 |
| | | | | CONTINUED ON PAGE | | | |

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
212 230 2424
PXS Dept 212 230 2436
800 334 1343
Fax 212 838 4061

WE HAVE THIS DAY CREDITED YOUR
ACCOUNT WITH THE FOLLOWING

CHECK

CLIENT'S ACCOUNT NUMBER

LAPIN CHILDREN LLC
UNIT 332 GINSBURG

1-C __ __ —3

REDACTED

LAPIN CHILDREN LLC
ERIC GINSBURG, LISSA CANAVAN
STANLEY ALTSCHER MANAGERS

# Brokerage Portfolio   1040

Date 4/22/07

memo from
**ERIC GINSBURG**

4/22/07

Hi Joel,

Here is another
Deposit for our
Account

REDACTED

BERNARD L MADOFF
INVESTMENT SECURITIES LLC
New York □ London
212 230-2424
800 334 1343
Fax 212 838 4061

LAPIN HOLDINGS LLC

| DATE | | PROCESS DATE | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|------|---|---|---|---|---|---|---|
| 5/01 | | | | BALANCE FORWARD | | 53,431.72 | |
| 5/01 | 100,000 | | 13650 | CK 21 U S TREASURY BILL DUE 7/14/2011 | CA 72.633 | | 109,000.00 |
| 5/01 | 901 | | 13651 | U S TREASURY MONEY MARKET | 1 | 29,439.00 | |
| 5/15 | | | | U S TREASURY MONEY MARKET | 1 | 326.00 | |
| 5/21 | | 1,032 | 37722 | DIV 4/27/1 BLA/LC | | | 476.00 |
| 5/21 | | 442 | 36933 | FEM MARKET INC AT/T | 32.412 | | 34,475.12 |
| 5/21 | | | | UNITED PARCEL S/C INC | 70.766 | | 31,232.60 |
| 5/21 | | | | CK 21 | | | |
| 5/21 | 1,474 | | | U S TREASURY MONEY MARKET | 1 | | 260.11 |
| 5/21 | 106,610 | | 45123 | DIV 05/21/11 | DIV | | |
| 5/21 | | 45123 | | U S TREASURY MONEY MARKET | 1 | 98,695.00 | |
| 5/21 | 161,42 | | | U S TREASURY BILL DUE 7/14/2011 | | | 80,657.00 |
| 5/25 | | 22261 | | U S TREASURY MONEY MARKET | 1 | 2,275,000 | |
| 5/25 | | | | MERRILL LYNCH CO INC DIV 5/27 | DIV | | 132.90 |
| | | | | CONTINUED ON PAGE 2 | | | |

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
212 230 2424
P&S Dept 212 230 2436
800 334-1343
Fax 212 838 4061

WE HAVE THIS DAY CREDITED YOUR
ACCOUNT WITH THE FOLLOWING

6/18/07

CHECK

3,000.00

CLIENT'S ACCOUNT NUMBER

1-C4624-3

REDACTED



Lapin Children LLC
Unit J39- Ginsburg

REDACTED

# Memo

**To:** Ms. Jodi Crupi
**Company:** Bernard Madoff
**Phone:** 800-334-1343
**Fax:** 212-838-4061

**From:** Eric Ginsburg, Manager

**Cell Phone:**
**Fax:**

**Date:** June 13, 2007
**Pages:** 1

**Re:** DEPOSIT $9,000
Lapin Children LLC
Acct 1-CM624-3;  Acct 1-CM624-4

Hi Jodi,

Please deposit the enclosed $9,000 check into our account

Let me know if there is any additional information you require

Yours truly,

REDACTED

**BERNARD L. MADOFF**
MADF  INVESTMENT SECURITIES LLC
New York □ London

385 Third Avenue
New York, NY 10022
212 230-2424
P&S Dept. 212 230-2436
800 334-1343
Fax 212 838-4061

WE HAVE THIS DAY CREDITED TO YOUR
ACCOUNT WITH THE FOLLOWING

5/27/97

CHECK                                          2,000.00

CLIENT'S ACCOUNT NUMBER

LAPIN CHILDREN LLC
UNIT 309-GINSBERG                              1-C1524-3

REDACTED

---

**BERNARD L. MADOFF**
MADF  INVESTMENT SECURITIES LLC
New York □ London

385 Third Avenue
New York, NY 10022
212 230-2424
P&S Dept. 212 230-2436
800 334-1343
Fax 212 838-4061

WE HAVE THIS DAY CREDITED TO YOUR
ACCOUNT WITH THE FOLLOWING

5/27/97

CHECK                                          230,000.00

CLIENT'S ACCOUNT NUMBER

LAPIN CHILDREN LLC
UNIT 309-GINSBERG                              1-C1524-3



BERNARD L MADOFF
885 Third Avenue
New York NY 10022
212-230-2424
800-334-1343
Fax 212-838-4061

LAPIN CHILDREN'S LLC

**BERNARD L. MADOFF**
MADOFF INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
212 230 2424
P&S Dept 212 230 2536
800 334 1343
Fax 212 838 4061

WE HAVE THIS DAY CREDITED YOUR
ACCOUNT WITH THE FOLLOWING

9/24/07

| CHECK | | 10,500.00 |
|---|---|---|

CLIENT'S ACCOUNT NUMBER

LAPIN CHILDREN LLC
INIT 939-GINSBERG

1-CM424-3

REDACTED

---

LAPIN CHILDREN LLC                                1206

Date 9/19/07

Pay to the
Order of   MADOFF Investments        $ 10,500

Ten Thousand Five Hundred Dollars XX    Dollars

**Bank of America**

For Invest   1-CM624-3
             1-CM624-7



REDACTED

**BERNARD L. MADOFF**
MADF INVESTMENT SECURITIES LLC
New York London

885 Third Avenue
New York, NY 10022
212 230-2424
P&S Dept. 212 230 2436
800 334-1343
Fax 212 838 4061

WE HAVE THIS DAY CREDITED YOUR
ACCOUNT WITH THE FOLLOWING

1/31/09

| CHECK | | 45,000.00 |
|---|---|---|
| | | CLIENT'S ACCOUNT NUMBER |
| LAPIN CHILDREN LLC | | 1-CM624-3 |
| UNIT 339-GINSBERG | | |

REDACTED

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York ◊ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

LAPIN CHILDREN LLC

REDACTED

YOUR ACCOUNT NUMBER: 1-CM624-3-0

Statement date: 1/31/09

Page 1

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| | | | | BALANCE FORWARD | | | .94 |
| 1/02 | | | | HEWLETT PACKARD CO  DIV 12/12/07  1/02/08 | DIV | | 110.88 |
| 1/02 | | | | MERCK E CO  DIV 12/07/07  1/02/08 | DIV | | 445.88 |
| 1/02 | | | | PEPSICO INC  DIV 12/07/07  1/02/08 | DIV | | 330.75 |
| 1/02 | | | | WAL-MART STORES INC  DIV 12/14/07  1/02/08 | DIV | | 202.44 |
| 1/03 | | | | UNITED PARCEL SVC INC  CLASS B  DIV 11/19/07  1/03/08 | DIV | | 229.32 |
| 1/04 | | | | SCHLUMBERGER LTD  DIV 12/05/07  1/04/08 | DIV | | 117.00 |
| 1/31 | | | | CHECK | CA | | 45,000.00 |
| 1/31 | 25,000 | | 212 | U S TREASURY BILL  DUE 04/03/2008 | 99.692 | 24,923.00 | |
| 1/31 | 20,077 | | 254 | FIDELITY SPARTAN  U S TREASURY MONEY MARKET | 1 | 20,077.00 | |
| 1/31 | 1,522 | | 1026 | FIDELITY SPARTAN  U S TREASURY MONEY MARKET | 1 | 1,522.00 | |
| | 29,992 | | | NEW BALANCE | | | .81 |
| | | | | SECURITY POSITIONS | MKT PRICE | | |
| | | | | FIDELITY SPARTAN  U S TREASURY MONEY MARKET | 1 | | |
| | | | | CONTINUED ON PAGE  2 | | | |

**BERNARD L. MADOFF**
MADE INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
212 230-2424
I&S Dept 212 230-2436
800 334-1343
Fax 212 838-1661

WE HAVE THIS DAY CREDITED YOUR
ACCOUNT WITH THE FOLLOWING

5/20/08

| CHECK | | 300,000.00 |
| --- | --- | --- |

CLIENT'S ACCOUNT NUMBER

LAPIN CHILDREN LLC
UNIT 339-GINSBERG

1-CM524-3



LAPIN CHILDREN LLC

1938

Bank of America

BERNARD L. MADOFF
INVESTMENT SECURITIES
New York □ London

LAPIN CHILDREN LLC

REDACTED

1-CA424-3-?

| DATE | AMOUNT RECEIVED OR CREDITED | BOUGHT OR RECEIVED | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | BALANCE |
|---|---|---|---|---|---|---|---|
| | | | | BALANCE FORWARD | | 29,947.77 | |
| 6/02 | | | | AT&T INC | DIV | | 72.53 |
| 6/01 | | | | DIV  6/19/06  5/01/08 | DIV | | 37.62 |
| 6/0? | | | | VERIZON COMMUNICATIONS | DIV | | 17.62 |
| | | | | DIV  6/10/08  5/01/08 | | | |
| 6/09 | | | | AGGOTT LABORATORIES | DIV | | 46.? |
| 6/13 | | | | DIV  6/15/01  5/15/08 | DIV | | |
| | | | | PROCTER & GAMBLE CO | | | |
| | | | | DIV  6/10/08  5/25/08 | DIV | | 2.25? |
| 6/13 | 17,404 | | 4906 | FIDELITY SPARTAN | 1 | | 17,404.00 |
| | | | | U S TREASURY MONEY MARKET | | | |
| | | | | DIV  05/19/03 | | | |
| 6/13 | 25,030 | | 12393 | FIDELITY SPARTAN | 1 | | 24,340.75 |
| | | | | U S TREASURY MONEY MARKET | | | |
| | | | | U S TREASURY BILL | 90,363 | | |
| | | | | DUE  7/17/2003  7/23/2003 | | | |
| 6/2? | | 25,000 | 13264 | CHECK  ? | C4 | 136,175.?? | 500,000.0? |
| 6/23 | 1,713 | | | WU 12/5/2003  11/06/2003 | 99,131 | | |
| 6/23 | | 1,713 | 13265 | FIDELITY SPARTAN | 1 | 1,713.09 | |
| | | | | U S TREASURY MONEY MARKET | | | |
| | | | | DIV  3909 IF | DIV | | |
| 6/? | | | | DIV  5/05/06  5/23/08 | | | 6?4.?? |
| | | | | CONTINUED ON PAGE     2 | | | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

# TRANSFER DOCUMENTS



PAY TO THE
ORDER OF    LAPIN CHILDREN LLC
            C/O R. GINSBURG

REDACTED

PAY ••••••••••••$130.00

Robert M. Carney, Jr.
AUTHORIZED SIGNATURE

ACCOUNT KEY —> LLC-----

BERNARD L. MADOFF

62-26
311        281

11180

10/02  2000

PAY
TO THE
ORDER OF    LAPIN CHILDREN LLC

$ ••••600C0•0

EXACTLY ••••••60,000DOLLARS00CENTS

DOLLA

Chase Manhattan Bank Delaware
1201 Market Street
Wilmington, DE 19801
FOR    1-CM624-3

BERNARD L. MADOFF

BY

**BERNARD L. MADOFF**
Investment Securities LLC
New York □ London

New York, NY 10022
(212) 230-2400
800 334-1343
Fax (212) 838-4061

LAPIN CHILDREN LLC

REDACTED

YOUR ACCOUNT NUMBER: 1-CM626-3-0

PERIOD ENDING: 1/31/12

| DATE | BOUGHT Received or Long | SOLD Delivered or Short | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| 1/02 | | | | BALANCE FORWARD | | | .40 |
| 1/10 | | 31,111 | | CHECK | | | 31,111.00 |
| 1/10 | | | 50829 | FIDELITY SPARTAN U S TREASURY MONEY MARKET DIV 01/10/12 | CM | 45,000.00 | |
| 1/10 | | | | FIDELITY SPARTAN U S TREASURY MONEY MARKET | DIV | | 15.57 |
| 1/14 | 530 | | 2094 | VIACOM INC CLASS B NON VOTING SHS | 45.230 | 29,494.90 | |
| 1/14 | 3,510 | | 3021 | GENERAL ELECTRIC CO | 38.400 | 134,784.00 | |
| 1/14 | 260 | | 6057 | VERIZON COMMUNICATIONS | 46.023 | 46,063.20 | |
| 1/14 | 910 | | 6984 | HOME DEPOT INC | 51.100 | 41,321.00 | |
| 1/14 | 600 | | 10020 | WELLS FARGO & CO NEW | 43.470 | 25,092.00 | |
| 1/14 | 600 | | 10947 | INTERNATIONAL BUSINESS MACHS | 124.400 | 74,640.00 | |
| 1/14 | 1,760 | | 13983 | WAL-MART STORES INC | 56.700 | 89,452.00 | |
| 1/14 | 2,430 | | 14910 | INTEL CORP | 15.100 | 95,793.00 | |
| 1/14 | 2,430 | | 17946 | EXXON MOBIL CORP | 39.250 | 95,377.50 | |
| 1/14 | 1,080 | | 18470 | JOHNSON & JOHNSON | 56.320 | 61,355.60 | |
| 1/14 | 590 | | 22833 | JP MORGAN CHASE & CO | 38.720 | 76,716.80 | |
| 1/14 | 670 | | 26796 | COCA COLA CO | 44.550 | 33,753.50 | |
| 1/14 | 420 | | 30759 | MEDTRONIC INC | 43.760 | 20,670.80 | |
| 1/14 | 300 | | 34722 | MERRILL LYNCH & CO INC | 56.580 | 17,904.00 | |
| 1/14 | 150 | | 38585 | MINNESOTA MNG & MFG CO | 115.100 | 17,265.00 | |
| 1/14 | 750 | | 42648 | PHILIP MORRIS COMPANIES INC | 47.420 | 35,765.00 | |

CONTINUED ON PAGE 2

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES



**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

212 230 2424
800 334 1343
Fax 212 838 4061

WE HAVE THIS DAY DEBITED YOUR
ACCOUNT WITH THE FOLLOWING

1/02/02

CW    CHECK

45,000.00

CLIENT'S ACCOUNT NUMBER

LAPIN CHILDREN LLC

C/O GINSBURG

1-CM524-3

REDACTED

MEMO

**BERNARD L. MADOFF**

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334 1343
Fax 212 838 1661

New York    London

LARRY CHILDSON LLC

| DATE | BOUGHT RECEIVED | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| | | | | BALANCE FORWARD | | | |
| 4/31 | | | | CHECK | C4 | | |
| 4/32 | | | | COCA COLA CO | DIV | | 185.50 |
| 4/31 | | | | DIV 3/15/10  4/13/10 | DIV | | 302.40 |
| 4/01 | | | | MERCK & CO | DIV | | |
| | | | | DEPOSIT INC | | | 0.00 |
| 4/15 | | | | DIV 3/17/10  3/23/10 | DIV | | |
| 4/12 | | | 5.093 | PHILIP MORRIS COMPANIES INC | | | 462.00 |
| | | | | DIV 3/15/10  4/17/10 | | | |
| | | | | U S TREASURY BILL | | | |
| | | | | DUE 3/16/10 | 99.750 | 49,375.00 | |
| 4/15 | | 640 | 2526 | PEPSICO INC | 72.262 | | 73,444.40 |
| 4/15 | | 3.335 | 4157 | PFIZER INC | 74.00 | | 81,803.15 |
| 4/15 | | 93 | 2396 | AMERICAN TEL & TEL | 74.00 | | 7,011.25 |
| 4/15 | | 1.244 | 2780 | AMERICAN COMMUNICATIONS INC | 73.515 | | 44,664.44 |
| 4/15 | | 1.506 | 2376 | ABBOTT LABORATORIES | 33.420 | | 32,937.44 |
| 4/15 | | 522 | 2477 | AMERICAN EXPRESS COMPANY | 41.443 | | 21,713.14 |
| 4/15 | | 765 | 2872 | CHEMICAL NATIONAL LTD | 46.730 | | 33,392.73 |
| 4/15 | | 1.124 | 2516 | CITIGROUP INC | 47.530 | | 34,177.65 |
| 4/15 | | 1.124 | 3653 | WESTERN COMMUNICATIONS | 43.730 | | 44,948.05 |
| 4/15 | | 768 | 4279C | THE WALT DISNEY CO | 64.410 | | 49,493.68 |
| 4/15 | | 1.561 | 4327C | WAL-MART STORES INC | 90.10 | | 10,457.00 |
| | | | | CONTINUED ON PAGE  2 | | | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES



**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

Page 1 of 1

212 230-2424
800 334-1343
Fax 212 838-4061

WE HAVE THIS DAY DEBITED YOUR
ACCOUNT WITH THE FOLLOWING

4/01/02

CM    CHECK

45,000.00

LAPIN CHILDREN LLC

C/O GINSBURG

REDACTED

CLIENT'S ACCOUNT NUMBER

1-CM624-3

MEMO

BERNARD L. MADOFF

62-26
311

2815-09

133065



4/01   20 02

PAY
TO THE
ORDER OF   LAPIN CHILDREN LLC

$  ****45000.00

EXACTLY *****45,000DOLLARS00CENTS

DOLLARS

hase Manhattan Bank Delaware
201 Market Street
Wilmington, DE 19801
OR   1-CM624-3

BERNARD L. MADOFF

BY



**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800-334-1343
Fax (212) 838-4061

Madoff Securities International Limited
12 Berkeley Street
Mayfair London W1J 8DT
Tel 020 7493 6222

LAPIN CHILDREN LLC

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| | | | | BALANCE FORWARD | | | |
| 7/01 | | | | CHECK | | 153,363.93 | 273.30 |
| 7/01 | | | | MERCK & CO | CM | 35,000.00 | |
| 7/12 | | | | QTY 4/6/702 7/01/02 | CTV | | 11.32 |
| | | | | U S TREASURY MONEY MARKET | | | |
| 7/12 | | 14,070 | 24311 | DIV 07/12/02 | 1 | | 14,002.00 |
| | | | | FIDELITY SPARTAN | | | |
| 7/12 | | 75,003 | 29125 | U S TREASURY MONEY MARKET | 99.911 | | 74,938.75 |
| | | | | U S TREASURY BILL | | | |
| | | | | DUE 8/15/2002 | 8/15/2002 | | |
| 7/12 | | 1,300,000 | 32547 | U S TREASURY BILL | 99.740 | | 1,796,622.00 |
| | | | | DUE 8/12/2002 | | | |
| 7/12 | 1,950,000 | | 33332 | U S TREASURY BILL | 99.650 | 1,933,741.00 | |
| | | | | DUE 12/5/02 12/05/2002 | | | |
| 7/19 | 11,165 | | 43679 | FIDELITY SPARTAN | 1 | 11,165.00 | |
| | | | | U S TREASURY MONEY MARKET | | | |
| 7/26 | | | | FIDELITY SPARTAN | | | 2.16 |
| | | | | U S TREASURY MONEY MARKET | | | |
| | | | | DIV 07/26/02 | | | |
| 7/26 | 11,165 | | 47723 | FIDELITY SPARTAN | 1 | 11,165.00 | |
| | | | | U S TREASURY MONEY MARKET | | | |
| | | | | CONTINUED ON PAGE 2 | | | |

YOUR ACCOUNT NUMBER
1-CM526-3-0

PERIOD ENDING
7/31/02

PAGE
1

★ YOUR TAX PAYER IDENTIFICATION NUMBER

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

FIRST UNION

212 230-2424
800 334-1343
Fax 212 838-4061

FIRST UNION

01/02

35,000.00

FIRST UNION

COUNT NUMBER

FIRST UNION MEMO

BERNARD L. MADOFF
INVESTMENT SECURITIES LLC
New York ⬦ London

100 334-1343
Fax 212 838-4061

DAY DEBITED YOUR                              7/01/02
THE FOLLOWING:

CW    CHECK                                   35,000.00

CLIENT'S ACCOUNT NUMBER

LAPIN CHILDREN LLC                           1-CM624-3

C/O GINSBURG

REDACTED                     MEMO

BERNARD L. MADOFF

62-26
311        2815-09

136 41

7/01 2002

LAPIN CHILDREN LLC                    $ ****35000.00

EXACTLY *****35,000DOLLARS00CENTS              DOLLARS

BERNARD L. MADOFF

n Bank Delaware
date
19801                                  BY

BERNARD L. MADOFF

REDACTED

| DATE | BOUGHT Received or Long | SOLD Delivered or Short | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

212 230 2424
800 334 1343
Fax 212 838 4061

WE HAVE THIS DAY DEBITED YOUR
ACCOUNT WITH THE FOLLOWING

3/30/04

CW    CHECK

173,000.00

CLIENT'S ACCOUNT NUMBER

LAPIN CHILDREN LLC

C/O GINSBURG

1-CM624-3

REDACTED

MEMO

BERNARD L MADOFF
New York ● London
(212) 230-2424
800 334 1343
Fax (212) 838 4061

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334 1343
Fax (212) 838 4061

LAPIN CHILDREN LLC

REDACTED

1-CM576-3-

| Date | Bought Received | Sold Delivered | TRN | Description | Price or Symbol | Amount Debited to Your Account 11/3?/?6 | Amount Credited to Your Account |
|---|---|---|---|---|---|---|---|
| 7/?8 | 27,436 | | 23606 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | | |
| 7/13 | | | | CHECK | | 57,496.00 | |
| 7/16 | | | | FIDELITY SPARTAN U S TREASURY MONEY MARKET | CM DIV | 60,???.00 | 4?,??? |
| 7/15 | | 27,486 | 50544 | FIDELITY SPARTAN DIV 11/15/?6 | 1 | | ?7,49?? |
| 7/17 | 7,507 | 1,250 | 5146? | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 25.330 | | 28,15?? |
| 7/17 | | | 51544 | THE WALT DISNEY CO FIDELITY SPARTAN | 1 | | |
| 7/22 | | | | FIDELITY MONEY MARKET DIV 11/22/?6 | DIV | 7,697.00 | 1?? |
| 7/22 | | 7,537 | 65351 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | | 7,52?? |
| 7/24 | 7,113 | 1,260 | 72136 | DELL INC FIDELITY SPARTAN | 42.216 | | 7,672?? |
| 7/24 | | | 75535 | U S TREASURY MONEY MARKET | 1 | 7,111.00 | |
| | 1,250 620 | | | NEW BALANCE | | | 23,-0??? |

SECURITY POSITIONS                    MKT PRICE
ALTRIA GROUP INC                      57,620.
AMERICAN EXPRESS COMPANY              57,711.

CONTINUED ON PAGE   4

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
**New York □ London**

212-230-2424
800-334-1343
Fax 212-838-4061

WE HAVE THIS DAY DEBITED YOUR
ACCOUNT WITH THE FOLLOWING:

11/16/04

CW    CHECK                                              48,000.00

CLIENT'S ACCOUNT NUMBER

LAPIN CHILDREN LLC                                       1-CM624-3

C/O GINSBURG

REDACTED                                    MEMO

BERNARD L. MADOFF                                    62-25
                                                     311        2815-99

                                                250052

                                          11/16    2004

PAY
TO THE   LAPIN CHILDREN LLC                                  $ ****48000.00
ORDER OF

EXACTLY ****48,000DOLLARS00CENTS                         DOLLARS

Chase Manhattan Bank Delaware                    BERNARD L. MADOFF
1201 Market Street
Wilmington, DE 19801
FOR   1-CM624-3                          BY

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800-334-1343
Fax (212) 838-4061

LADEN CHILDREN LLC

REDACTED

| DATE | BOUGHT Received or Long | SOLD Delivered or Short | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|
| | | | | BALANCE FORWARD | | 1,457.00 |
| | | $634 | 42373 | CHECK | | 50,000.00 |
| | | 1,717 | 46649 | MERRILL LYNCH & CO INC | 50,570 | |
| | | 1,717 | 51227 | U S BANCORP | 30,000 | |
| | 25,000 | 10,100 | 53359 | THE WALT DISNEY CO | 30,570 | 24,805.00 |
| | | | | U S TREASURY BILL | 30,570 | |
| | | | | DUE 6/23/2005 | | |
| | | | | 6/23/2005 | | |
| | | | 50926 | FIDELITY SPARTAN | DIV | |
| | 43,630 | | | U S TREASURY MONEY MARKET | | |
| | | | | DIV 02/19/05 | | |
| | | | | FIDELITY SPARTAN | 1 | 250.00 |
| | 250 | | 51402 | U S TREASURY MONEY MARKET | | |
| | | | | FIDELITY SPARTAN | 3 | |
| | | | | U S TREASURY MONEY MARKET | DIV | |
| | 4,737 | | | CITI GROUP INC | | 4,737.00 |
| | | | | DIV 2/07/05  2/25/05 | | |
| | | | | MERRILL LYNCH & CO INC | DIV | |
| | | | | DIV 2/03/05  2/28/05 | | |
| | 2,100 | | 67202 | FIDELITY SPARTAN | 1 | |
| | | | | U S TREASURY MONEY MARKET | | |
| | | | | NEW BALANCE | | |
| | | | | SECURITY POSITIONS | | |
| | | | | ALTRA GROUP INC | NET PRICE | |
| | | | | CONTINUED ON PAGE   2 | 55.610 | |

REDACTED

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

212 230 2424
2 4 5 4 1 2 3 5
Fax 212 4 8 46

WE HAVE THIS DAY DEBITED YOUR
ACCOUNT WITH THE FOLLOWING

3/31/99

Ca   CHECK

350,000.00

CLIENT'S ACCOUNT NUMBER

LAPIN CHILDREN LLC

1-CM624-3

C/O GINSBURG

REDACTED

MADOFF

BERNARD L. MADOFF

2815 99

3/31  99 3

******THREE HUNDRED FIFTY THOUSAND 00/100    DOLLARS

BERNARD L MADOFF

BERNARD L. MADOFF
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-1061

LAPTA, CHLOPEN LLC

REDACTED

| DATE | BOUGHT Received or Long | SOLD Delivered or Short | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|
| | | | 86771 | AMERICAN EXPRESS COMPANY | 54.530 | |
| | | 708 | 84354 | PEPSICO INC | 56.020 | |
| | | 1,700 | 71054 | BANK OF AMERICA | 67.211 | |
| | | 1,495 | 23640 | PFIZER INC | 20.070 | |
| | | 2,470 | 95910 | CHEF CARDS INC | 47.760 | |
| | | 1,178 | 97915 | PROCTER & GAMBLE CO | 54.700 | |
| | | 1,025 | 99606 | COMCAST CORP | 31.050 | |
| | 1,075,000 | | 72191 | U S TREASURY BILL | 99.877 | 1,057,152.95 |
| | 1,075,000 | | 78654 | U S TREASURY BILL | 99.936 | 1,056,443.00 |
| 329,325 | | | 81184 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | 329,325.91 |
| | | | | FIDELITY SPARTAN | | 96,000.00 |
| | 41,683 | | 36056 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | |
| 37,936 | | | 87172 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | 37,936.00 |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

**BERNARD L. MADOFF**
INVESTMENT SECURITIES
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

REDACTED

LAPIS CORPORA, LLC

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|
| | | | | FIDELITY SPARTAN | | |
| | | | | U S TREASURY MONEY MARKET | DIV | |
| | | | | FIDELITY SPARTAN | | |
| | | | | U S TREASURY MONEY MARKET | | |
| | | | | FIDELITY SPARTAN | | |
| | | | | U S TREASURY MONEY MARKET | | |
| | | | | FIDELITY SPARTAN | | |
| | | | | U S TREASURY MONEY MARKET | | |
| | | | | CHECK | | |
| | | | | DELL INC | | |
| | | | | VERIZON COMMUNICATIONS | | |
| | | | | GENERAL ELECTRIC CO | | |
| | | | | WAL-MART STORES INC | | |
| | | | | EXXON MOBIL CORP | | |
| | | | | INTERNATIONAL BUSINESS MACHS | | |
| | | | | INT L CORP | | |
| | | | | JOHNSON & JOHNSON | | |
| | | | | CONTINUED ON PAGE | | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES



BERNARD L MADOFF
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 486-2121
800-334-1343
FAX (212) 838-4061

LAPIN CHILDREN LLC

REDACTED

1/31/05

1-CM674-3-0

| DATE | BOUGHT RECEIVED IN LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|------|------|------|------|------|------|------|------|
| 1/13 | | | | FIDELITY SPARTAN U S TREASURY MONEY MARKET DIV 01/12/05 | DIV | | 14.00 |
| 1/13 | 53,480 | | 22575 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | | 53,480.00 | |
| 1/13 | | 10,375 | 47782 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | | | 10,375.00 |
| 1/13 | 19,694 | | 46967 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | | 19,694.00 | |
| 1/31 1/31 | | | | CHECK FIDELITY SPARTAN U S TREASURY MONEY MARKET DIV 01/31/05 | 54 DIV | 27,000.00 | 113.05 |
| 1/31 | | | 51067 | MORGAN STANLEY DIV 1/13/05 1/31/06 | DIV | | 129.87 |
| 1/31 | 50,030 | | 6824E | FIDELITY SPARTAN U S TREASURY MONEY MARKET U S TREASURY BILL DUE 4/17/2006 4/23/2006 | 99.144 | 49,572.00 | 73,154.00 |
| 1/31 | 3,685 | | 70649 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | | 3,685.00 | |
| 1/31 | 1,495 | | | NEW BALANCE | | | 19,905.75 |
| | | | | SECURITY POSITIONS ATLT INC | MKT PRICE 25.950 | | |
| | | | | CONTINUED ON PAGE 4 | | | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York    London

WE HAVE THIS DAY DEBITED YOUR
ACCOUNT WITH THE FOLLOWING

1/31/06

CW    CHECK                                    27,000.00

CLIENT'S ACCOUNT NUMBER

LAPIN CHILDREN LLC                          1-CM624-3
C/O ERIC GINSBURG

REDACTED                      MEMO

**BERNARD L. MADOFF**                    62-26
                                          311      2815-08

1/31  2006

Pay
TO THE   LAPIN CHILDREN LLC              |$ ****27000.00
ORDER OF

******TWENTY SEVEN THOUSAND 00/100        DOLLARS

BERNARD L. MADOFF

Chase Manhattan Bank Delaware
1 Market Street
Wilmington DE 1990
FOR   1-CM624-3              BY



**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York   London

212 230-2424
800 334-1
838 94

WE HAVE THIS DAY DEBITED YOUR
ACCOUNT WITH THE FOLLOWING

4/21/06

CK   CHECK

CLIENT'S ACCOUNT NUMBER

LAPIN CHILDREN LLC                                    1-CM624-3

C/O ERIC GINSBURG

REDACTED                    MEMO

**BERNARD L. MADOFF**                                    2815

4/   20

PAY TO THE
ORDER OF   LAPIN CHILDREN LLC                          $ ****26000*0

******TWENTY SIX THOUSAND 00/100                    DOLLAR

Chase Manhattan Bank Delaware
1201 Market Street
Wilmington DE 19801                                  BERNARD L. MADOFF

1-CM624-3

FOR



**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York ☐ London

WE HAVE THIS DAY DEBITED YOUR
ACCOUNT WITH THE FOLLOWING

7/13/06

CM   CHECK                                                        5,000.00

CLIENT'S ACCOUNT NUMBER

LAPIN CHILDREN LLC                          1-CM624-3
C/O ERIC GINSBURG

REDACTED                    MEMO



**BERNARD L. MADOFF**
MADOFF INVESTMENT SECURITIES LLC

New York □ London

212 230 242
300 334-134
Fax 212 838-406

WE HAVE THIS DAY DEBITED YOUR
ACCOUNT WITH THE FOLLOWING

8/29/06

CW    CHECK

30,000.00

LAPIN CHILDREN LLC

CLIENT'S ACCOUNT NUMBER

1-CM624-3

UNIT 339-GINSBERG

REDACTED    MEMO

**BERNARD L. MADOFF**

62-26
311

2815

8/29    20 06

PAY
TO THE
ORDER OF    LAPIN CHILDREN LLC

$ ****30000.00

******THIRTY THOUSAND 00/100    DOLLAR

Chase Manhattan Bank Delaware
1201 Market Street
Wilmington DE 19801
1-CM624-3

BERNARD L. MADOFF

FOR

By





REDACTED

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York    London

WE HAVE THIS DAY DEBITED YOUR
ACCOUNT WITH THE FOLLOWING

CW    CHECK

CLIENT'S ACCOUNT NUMBER

LAPIN CHILDREN LLC                    1-CM624-3
UNIT 33-GINSBERG

REDACTED                    MEMO

**BERNARD L. MADOFF**                    281

TO THE
ORDER OF    LAPIN CHILDREN LLC                    $ *****5 00 00

*******FIFTY FIVE THOUSAND 00/100           DOLLAR

Chase Manhattan Bank Delaware
201 Market Street
Wilmington DE 19801                    BERNARD L. MADOFF

FOR    1-CM624-3                    BY



BERNARD L MADOFF
INVESTMENT SECURITIES
885 Third Avenue
New York, NY 10022
212 230-2424
800 334-1343
Fax (212) 838-4061
New York □ London

LAPIN CHILDREN LLC

REDACTED

YOUR ACCOUNT NUMBER: 1-C04925-3-0

PERIOD: 12/31/05

| DATE | BOUGHT Received or Delivered | SOLD Delivered or Bought | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| | | | | BALANCE FORWARD | | 71,490.14 | |
| 12/01 | | | | INTEL CORP | | | 255.60 |
| 12/01 | | | | DIV 11/07/05 11/01/06 | DIV | | |
| 12/05 | | | | WELLS FARGO & CO NEW | DIV | | 423.23 |
| 12/05 | | | | DIV 11/23/05 11/01/05 | | | |
| 12/05 | | | | PFIZER INC | DIV | | 777.60 |
| 12/11 | | | | DIV 11/10/05 11/05/06 | | | |
| 12/11 | | | | CHEVRON CORP | DIV | | 535.44 |
| 12/11 | | | | DIV 11/17/05 11/11/05 | | | |
| 12/11 | | | | EXXON MOBIL CORP | DIV | | 640.76 |
| 12/11 | | | | DIV 11/13/05 11/11/05 | | | |
| 12/11 | | | | INTERNATIONAL BUSINESS MACHS | DIV | | 205.92 |
| 12/11 | | | | DIV 11/10/06 12/09/05 | | | |
| 12/12 | | | | UNITED TECHNOLOGIES CORP | DIV | | 114.48 |
| 12/12 | | | | DIV 11/17/05 12/10/05 | | | |
| 12/14 | | | | JOHNSON & JOHNSON | DIV | | 565.30 |
| 12/14 | | | | DIV 11/29/06 12/12/05 | | | |
| 12/14 | | | | HOME DEPOT INC | DIV | | 202.50 |
| 12/14 | | | | DIV 11/30/06 12/14/06 | | | |
| 12/15 | | | | MICROSOFT CORP | DIV | | 93.50 |
| 12/15 | | | | DIV 12/13/05 12/14/05 | | | |
| 12/15 | | | | CHECK | CH | 15,000.00 | |
| 12/15 | | | | AMERICAN INTL GROUP INC | DIV | | 100.08 |
| | | | | DIV 12/21/05 12/15/06 | | | |

CONTINUED ON PAGE 2



**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

212 230-2424
800 334-1343
Fax 212 838-4061

WE HAVE THIS DAY DEBITED YOUR
ACCOUNT WITH THE FOLLOWING:

12/15/06

CW    CHECK                                                    15,000.00

LAPIN CHILDREN LLC

CLIENT'S ACCOUNT NUMBER

1-CM624-3

REDACTED

MEMO



BERNARD L. MADOFF
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 846-1061

Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

LAPIN CHILDREN LLC

REDACTED

| DATE | BOUGHT RECEIVED OR DELIVERED | SOLD DELIVERED OR RECEIVED | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| | | | | BALANCE FORWARD | | 68,509.50 | |
| 4/02 | | | | COCA COLA CO | DIV | | 297.50 |
| 4/02 | | | | DIV 3/15/07  4/01/07 | DIV | | 359.10 |
| 4/02 | | | | MERCK & CO | | | |
| | | | | DIV 3/02/07  4/02/07 | DIV | | 731.00 |
| 4/02 | | | | WAL-MART STORES INC | | | |
| | | | | DIV 3/15/07  4/02/07 | DIV | | 95.20 |
| 4/04 | | | | HEWLETT PACKARD CO | | | |
| | | | | DIV 3/14/07  4/04/07 | DIV | | 78.73 |
| 4/10 | | | | CHECK | CH | 80,000,000 | |
| 4/10 | | | | FIDELITY SPARTAN | DIV | | |
| | | | | U S TREASURY MONEY MARKET | | | |
| | | | | DIV 04/10/07 | | | |
| 4/10 | | 356,334 | 97799 | ALTRIA GROUP INC | DIV | | 782.60 |
| | | | | DIV 3/15/07  4/10/07 | | | |
| 4/10 | 2,350,000 | | | FIDELITY SPARTAN | 1 | | 35,834.00 |
| 4/10 | | 2,400,000 | 97963 | U S TREASURY MONEY MARKET | | | |
| | | | | U S TREASURY BILL | 99.119 | 2,379,855.00 | |
| | | | | DUE 6/14/2007 | | | |
| 4/10 | | | 98108 | U S TREASURY BILL | 99.212 | 2,331,692.00 | |
| | | | | DUE 06/07/2007 | | | |
| 4/10 | 4,787 | | 23243 | FIDELITY SPARTAN | 1 | 4,787.00 | |
| | | | | U S TREASURY MONEY MARKET | | | |
| | | | | CONTINUED ON PAGE  2 | | | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

BERNARD L. MADOFF
MADOFF INVESTMENT SECURITIES LLC
New York □ London

WE HAVE THIS DAY DEBITED YOUR
ACCOUNT WITH THE FOLLOWING:

4/10/07

CM    CHECK                                    80,000.00

LAPIN CHILDREN LLC                    CLIENT'S ACCOUNT NUMBER

UNIT 339-GINSBERG                         1-CM624-3

REDACTED                    MEMO

BERNARD L. MADOFF                         311      2815

4/10    20 07

PAY TO THE
ORDER OF   LAPIN CHILDREN LLC                    $ ****80000.00

******EIGHTY THOUSAND 00/100                    DOLLARS

Chase Manhattan Bank Delaware
1201 Market Street
Wilmington, DE 19801                         BERNARD L. MADOFF

FOR    1-CM624-3

BERNARD L. MADOFF
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkele Street
Mayfair London W1J 8DT
Tel 020 7493 6222

REDACTED

LAPIN CHILDREN LLC

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| | | | | BALANCE FORWARD | | | .31 |
| 3/18 | | | | CHECK | CW | 1,500,000.00 | |
| 3/18 | | | | FIDELITY SPARTAN U S TREASURY MONEY MARKET DIV 03/18/08 | DIV | | 121.04 |
| 3/18 | | 29,392 | 24321 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | | 29,392.00 |
| 3/18 | | 1,475,000 | 24747 | U S TREASURY BILL DUE 04/03/2008 | 99.951 | | 1,474,277.25 |
| 3/18 | | | 24376 | FIDELITY SPARTAN U S TREASURY MONEY MARKET DIV 04/01/2008 | | | |
| 3/19 | | | | FIDELITY SPARTAN U S TREASURY MONEY MARKET DIV 03/19/08 | DIV | 4,391.00 | |
| 3/19 | | | 25016 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | .24 | | .24 |
| 3/19 | | 4,391 | 29339 | FIDELITY SPARTAN U S TREASURY BILL DUE 04/03/2008 | 1 | | 4,391.00 |
| 3/19 | 1,500,000 | 1,500,000 | 33393 | U S TREASURY BILL DUE 7/31/2008 4/22/2008 | 99.954 | 1,499,312.00 | 1,499,312.00 |
| 3/19 | 10,031 | | 33154 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | 10,031.00 | |
| | | | | CONTINUED ON PAGE    2 | | | |

YOUR ACCOUNT NUMBER   1-CH624-3-0
PERIOD ENDING   3/31/08
TAX IDENTIFICATION NUMBER   ●●●●●●●
PAGE   1

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York ◻ London

212 230-2424
800 334-1343
Fax 212 838-4061

WE HAVE THIS DAY DEBITED YOUR
ACCOUNT WITH THE FOLLOWING:

3/18/08

CM   CHECK                                    1,500,000.00

LAPIN CHILDREN LLC

CLIENT'S ACCOUNT NUMBER

1-CM624-3

REDACTED

MEMO

BERNARD L. MADOFF

62-26
311        2815-09

134374

3/18  20 08

PAY
TO THE
ORDER OF   LAPIN CHILDREN LLC                    $ **1500000.00

******ONE MILLION FIVE HUNDRED THOUSAND 00/100                    DOLLARS

Manhattan Bank Dela...
...ington, DE 19801

BERNARD L. MADOFF

1-CM624-3

FOR                                              By