**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

## ORDER

This matter came before the Court on April 13, 2010 on the motion (the "Motion")[1] of Irving H. Picard, Esq. (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"), and as trustee for the substantively consolidated estate of Bernard L. Madoff ("Madoff"), for entry of an order to schedule a hearing regarding the "Customer" issue, as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with the Securities Investor Protection Act, 15 U.S.C. § 78eee(b)(4), and the Protective Decree entered on December 15, 2008 by the United States District Court for the Southern District of New York in Case No. 08 CV 10791, and 28 U.S.C. §§ 157 and 1334; and it appearing that the relief requested by the Motion is necessary and in the best interests of the estate, its customers, its creditors, and all parties in interest; and due notice of the Motion having been given, and it appearing that no

other or further notice need be given; and upon the proceedings before the Court and after due deliberation, it is hereby:

**ORDERED**, that the relief requested in the Motion is granted; and it is further

**ORDERED**, that on or before June 11, 2010, the Trustee shall file a motion (the "Customer Motion") to affirm certain claims determinations, specifically with regard to the Trustee's determination that where it appears that a claimant did not have an account in his/her/its name at BLMIS ("Claimant Without An Account"), he/she/it is not a customer of the Debtor; and it is further

**ORDERED,** that the Customer Motion shall identify those claimants who have filed objections to his determination of their claims for which the Trustee intends to schedule a hearing on the Customer issue (the "Objecting Claimants"); and it is further

**ORDERED**, that in support of the Customer Motion, the Trustee shall file a memorandum of law and supporting papers setting forth the factual and legal bases for the Trustee's denial of the Objecting Claimants' claims; and it is further

**ORDERED,** that SIPC shall file any brief with reference to the Customer Motion on or before June 11, 2010; and it is further

**ORDERED,** that the Objecting Claimants shall file their responses to the Customer Motion on or before July 12, 2010; and it is further

**ORDERED,** that any Interested Parties who wish to file a brief in opposition to the Trustee's Customer Motion shall file their briefs on or before July 12, 2010; and it is further

**ORDERED,** that any Interested Parties who wish to file a brief in support of the Trustee's Customer Motion shall file their briefs on or before August 10, 2010; and it is further

**ORDERED,** that to the extent that Interested Parties who filed briefs in accordance with

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

2

the preceding paragraph raise new issues, whether factual or legal, that have not been previously raised, Interested Parties who filed a brief in opposition to the Trustee's Motion may file a reply brief addressing such issues on or before August 20, 2010.

**ORDERED,** the Trustee and SIPC shall file their reply papers on or before September 20, 2010; and it is further

**ORDERED,** the Court shall hold a hearing on the Customer Motion on October 19, 2010, at 10:00 a.m., or such other time as the Court determines. The Court will only consider the Trustee's construction of the term "Customer" as it relates to the Claimants Without An Account. All other issues raised by the Objecting Claimants will be resolved in subsequently scheduled hearings; and it is further

**ORDERED**, that any claimant who files a brief regarding the Customer Motion in accordance with this proposed scheduling order shall submit a copy of or otherwise identify their timely filed claim at the time of filing their brief. Counsel filing a brief on behalf of any Interested Party shall identify all such Interested Parties they represent; and it is further

**ORDERED**, that any party, other than the Objecting Claimants, who wishes to file a brief regarding the Customer Motion in accordance with this proposed scheduling order must seek leave of court prior to filing such a brief and must identify its interest in this matter, including, but not limited to, whether it had an account at BLMIS. If any such party had a claim at BLMIS, or if counsel is representing one or more persons who had a claim(s) or an interest in a claim(s) at BLMIS, they must identify all holders of the BLMIS claims in their motion for leave to file briefs in accordance with this paragraph; and it is further

**ORDERED**, that any party, other than governmental units, who did not file a customer claim but wishes to file a brief regarding the Customer Motion in accordance with this proposed scheduling order must seek leave of court prior to filing such a brief. If any such party had a

3

claim at BLMIS, or if counsel is representing one or more persons who had a claim(s) or an interest in a claim(s) at BLMIS, they must identify all holders of the BLMIS claims in their motion for leave to file briefs in accordance with this paragraph; and it is further

**ORDERED,** that the Trustee shall prepare a form of notice, which shall set forth the date, time and location of the hearing, apprise all claimants who filed timely claims for BLMIS accounts that were active as of the Filing Date of their right to attend the hearing, describe the legal issues to be heard, and inform recipients of their ability to file briefs and the deadline for any such filing. The Trustee shall also post comparable information on his web site. The Court shall consider the form of notice at the hearing to approve this scheduling order. If the Court approves the form of notice, or any amended form of notice, the Trustee shall serve the notice by the same method used to serve notices of the bar date, upon all persons who have filed timely claims in the above-captioned action, and shall place the notice on his web site; and it is further

**ORDERED**, that this Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: New York, New York
     April 13, 2010                      /s/Burton R. Lifland
                                            HONORABLE BURTON R. LIFLAND
                                            UNITED STATES BANKRUPTCY JUDGE