## MEMORANDUM ENDORSEMENT

UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

CASE NO. 08-01789

RECEIVED MAR 2 6 2010 U.S. BANKRUPTCY COURT SO. DIST. OF NEW YORK

MOTION FOR BANKRUPTCY RULE 2018 HEARING

DEAR HONORABLE JUDGE BURTON LIFLAND,

As an interested party in these proceedings I request that the court hears from me.

I am a denied claimant in this case(clm# 000398) and have 2 matters to bring before this court.

### 1-Claim matter

I have asked this court and trustee several times now for a hearing on my claim denial without any time frame given to me for my hearing. As such my procedural rights are being ignored-

For without a hearing on my claim denial I can not launch an appeal if needed.

I have stated several times it is unequitable to clawback proceeds from the Fairfield sentry fund owners/investors without also allowing them liquidation proceeds inclusion.The clawback suit

treats us as direct investors and the claim denial treats us as indirect investors. It is unequitable to

treat us both ways. It should be no clawback/no liquidation inclusion or clawback/liquidation

inclusion

Please allow me a hearing on this matter, or if you prefer, please consider the above common

sense information when you make your class ruling on whether indirect investors should be

included in the madoff liquidation proceeds.

If you rule against including indirect investors in the madoff liquidation proceeds please send me

a letter from the court referencing your decision with my claim # -so I can appeal.

## 2-TRUSTEE's COUNCIL BAD FAITH MATTER

The trustee and his council is not immune from being sued for bad acts of administration

For trustee's council to publically state that the trustee would allow indirect investors to

participate in liquidation and then deny my claim a year later is an intentional act of bad faith or

negligence

The trustee's council went way past his allowable duties/powers to make a promise he was not

entitled to make nor keep. It is not within a trustee's administrative duties to give legal

advice/opinions

FROM BAP # CC-99-1353-PCME & CC-99-1439-PCME
B. <u>Qualified quasi-judicial immunity</u>
Having determined that Curry and Feder are not absolutely immune from liability for their failure to send notice of the hearing, we turn to the question of whether they enjoy qualified immunity for that action. The law is clear that the trustee is not immune from liability for her allegedly negligent administration. As the panel said in <u>Kashani</u>: It has long been established that a bankruptcy trustee is an officer of the appointing court. As an officer of the court, the trustee is entitled to a form of derivative judicial immunity from liability for actions carried out within the scope of the trustee's official duties. A trustee is entitled to such immunity only if the trustee is acting within the scope of authority conferred upon the trustee by the appropriate statute(s) or the court. While a trustee is allowed to make reasonable mistakes where discretion is allowed, <u>a trustee may be sued for intentional or negligent actions which amount to violations of the duties imposed upon the trustee by law.</u> 190 B.R. at 883 (citations omitted; emphasis supplied).

The trustee's duty to give notice of hearings is a duty imposed on the court clerk by law. Fed. R. Bankr. P. 2002(b). The court has delegated that duty to the trustee. Under <u>Kashani</u> and <u>In re Cochise College Park</u>, 703 F.2d 1339 (9th Cir. 1983), on which the panel in <u>Kashani</u> relied, the trustee and her staff are not immune from suit for alleged negligent actions that amount to violations of those duties. The Ninth Circuit has specifically rejected the reasoning of the cases on which the trustee relies for the proposition that a trustee is liable only for intentional acts. See <u>Cochise College Park</u>, 703 F.2d at 1357 n.26. Thus, the bankruptcy court correctly concluded that the Curry and Feder are not immune from liability for failing to send notice of the hearing

Th trustee never denied nor clarified his council's statement

After my claim denial hearing ,if the denial is upheld,I ask your honor to allow me leave of this

court so I can prosecute my complaint against the trustee's council for his intentional bad act

in state court with a jury trial.

Respectfully yours

Lauren Wiley

-3--3-

Laurence Wiener-trustee for pacific west health medical center inc employees retirement trust

In pro se

11540 SANTA MONICA BL. #203

L.A. CA 90025

CELL 310 428-8065   EMAIL—Lwdc123@yahoo.com fax 310 914-7633

cc-baker hostetler

## Memorandum Endorsement, April 14, 2010

     In light of the Court's Order of April 13, 2010 scheduling a hearing for October 19, 2010 to address the customer status of indirect investors (Docket No. 2205), Movant's request for an individual hearing with respect to this issue is denied, without prejudice to the Movant's right to raise his objections at the appropriate hearing. As the Court has not yet determined the status of indirect investors, Movant's request for leave to file a state court action is premature, and therefore denied. Finally, as a creditor with claims filed in this liquidation proceeding, Movant fails to demonstrate a separate need for intervention under Rule 2018 of the Federal Rules of Bankruptcy Procedure, and his request is therefore denied.

Dated: New York, New York
       April 14, 2010

                                /s/Burton R. Lifland
                                Hon Burton R. Lifland
                                United States Bankruptcy Judge