Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com
Keith R. Murphy
Email: kmurphy@bakerlaw.com
Alissa M. Nann
Email: anann@bakerlaw.com

*Attorneys for Irving H. Picard, Esq. Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC And Bernard L. Madoff*

Hearing Date: May 5, 2010
Hearing Time: 10:00 am

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-1789 (BRL) <br><br> SIPA Liquidation <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |

**TRUSTEE'S RESPONSE TO OBJECTION TO THIRD
APPLICATIONS OF TRUSTEE AND BAKER & HOSTETLER LLP
<u>FOR ALLOWANCE OF INTERIM COMPENSATION</u>**

300083530

Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation proceeding of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. 78aaa *et seq*. ("SIPA"),[1] and Bernard L. Madoff ("Madoff"), by and through his counsel, Baker & Hostetler LLP ("B&H"), respectfully submits this response ("Response") to the single objection filed in opposition to the third applications (the "Applications") for an order allowing and awarding interim compensation for services performed by the Trustee and B&H for the period commencing October 1, 2009 through and including January 31, 2010 (the "Compensation Period") and reimbursement of actual and necessary expenses incurred during the Compensation Period, and in support thereof, respectfully represents as follows:

## PRELIMINARY STATEMENT

1.  The sole objection to the Applications ("Objection") [BLMIS Dkt. No. 2233] was filed on behalf of Diane and Roger Peskin, Maureen Ebel and a so-called "large group of other customers" (the "Peskin Objectors"), and represents little more than a regurgitation and incorporation of previous specious arguments concerning the alleged conflict of interest of the Trustee and B&H. Such arguments were presented to and rejected by this Court in connection with objections filed by the Peskin Objectors to the first and second interim fee applications of the Trustee and B&H (the "Prior Objections"). Not satisfied with this Court's rulings, the Peskin Objectors sought leave to appeal the orders approving the prior fee applications. However, the United States District Court for the Southern District of New York ("District Court") disagreed with their position and denied their motion for leave to appeal the first fee order (District Court

---

[1] For convenience, future reference to SIPA will not include "15 U.S.C."

300083530

Memorandum and Decision dated January 11, 2010 (GBD), Misc. Matter M-47, *see* BLMIS Dkt. No. 1764).[2]

2. In addition to rehashing arguments previously rejected by this Court regarding the disinterestedness of the Trustee and issues relating to the "net equity" dispute,[3] the Peskin Objectors baldly assert that the Trustee's application for a preliminary injunction sought by the Trustee in other litigation commenced by the Peskin Objectors' counsel somehow is "evidence" of a conflict of interest. Their argument makes no sense. The Trustee's application was necessitated by counsel for the Peskin Objectors, who has filed at least three putative class actions in different states (the "New Jersey Action" as further defined below, and the "Florida Actions") which challenge the jurisdiction and rulings of this Court, as well as violate the automatic stay. As a result, the Trustee was compelled to seek injunctive relief. The fact that the Trustee needed to take action to defend against such actions, and that the Peskin Objectors might disagree with the legal positions taken by the Trustee, does not support their claims of a conflict of interest.

3. For the reasons outlined below, the Objection should face the same fate as the Prior Objections and should be denied by this Court. Accordingly, the Court should grant the relief requested in the Applications.

## ALLEGED CONFLICT OF INTEREST

4. Like the Prior Objections, the Objection asserts that the Trustee and B&H are in a position that is adverse to the customers of BLMIS, and therefore have an untenable

---

[2] The Peskin Objectors' motion for leave to appeal the second fee order remains pending before the District Court.

[3] The Peskin Objectors incorporate the Prior Objections in the Objection. *See* Objection, at p.1, and ¶13. In response to those arguments, the Trustee incorporates herein his responses to the Prior Objections [BLMIS Dkt. Nos. 357 and 1075].

3

conflict of interest and should not be allowed to serve in this case. The Objection attempts to support this allegation using arguments already rejected twice by this Court in the objections to the first and second fee applications, including that B&H is "deliberately acting to delay and frustrate the payment of [C]ustomer claims…." *Compare* Objection, ¶¶ 14-20, *with* Peskin Objectors' First Objection at ¶¶ 24-30 [BLMIS Dkt. No. 351]; Peskin Objectors' Second Objection at ¶¶ 30-37 [BLMIS Dkt. No. 1055]. Their arguments are without merit.

5. In accord with the statutory provisions of SIPA, on February 4, 2009, after notice and a hearing, and upon consideration of the declarations of disinterestedness filed by the Trustee and B&H, the Court entered an Order Regarding Disinterestedness of the Trustee and Counsel to the Trustee [BLMIS Dkt No. 69], finding that the Trustee and B&H were disinterested pursuant to §78eee(b)(6), section 327(a) of the Bankruptcy Code, and Federal Rule of Bankruptcy Procedure 2014(a), and were therefore in compliance with the disinterestedness requirement in §78eee(b)(3), section 327(a) of the Bankruptcy Code, and Bankruptcy Rule 2014(a). [4]

6. The Court expressly determined at both the First Interim Fee Hearing and the Second Interim Fee Hearing that no new facts were presented which would alter the Court's prior findings regarding the conflict of interest alleged by the Peskin Objectors. *See* First Interim Fee Hearing Transcript at 34-35 [BLMIS Dkt. No. 381]; Second Interim Fee Hearing Transcript at 34 [BLMIS Dkt. No. 1438]. The Court heard argument by counsel for the Peskin Objectors, and effectively determined that even if the "facts" as asserted by the Peskin Objectors were

---

[4] In addition to being disinterested, the Trustee is acting on behalf of the estate. A SIPA trustee's primary duty, like that of a chapter 7 trustee, "is not to any individual creditor or even any particular class of creditors, but to the estate as a whole," and accordingly, "the trustee's duty to the SIPA estate as a whole clearly prevails over the interests of any single customer." *See Kusch v. Mishkin (In re Adler, Coleman Clearing Corp.)*, 1998 Bankr. LEXIS 1076, at *49-50 (S.D.N.Y. Aug. 25, 1998), *aff'd*, 2000 U.S. App. LEXIS 14008 (2d Cir. Mar. 13, 2000).

4

correct, it did not as a legal matter rise to the level of a conflict: "I do not find that any basis exists for changing this Court's view of disinterestedness exists, and I am very familiar with a lot of the activities that have taking (sic) place in connection with this matter." First Interim Fee Hearing Transcript, at 37. Furthermore, the Court found no evidence that the Trustee was not acting in good faith, or that he was guilty of any fraud or dereliction of duty. *Id.* at 35. During the Second Interim Fee hearing, the Court also found no basis to alter its prior findings. *See* Second Interim Fee Hearing Transcript, at 33-34. Therefore, no grounds for removal of the Trustee or B&H existed.

7. During the Second Interim Fee Hearing, the Court also stated that the Trustee's response and presentation "makes it clear that there is nothing in the objection to the Trustee's fees or the fees of Baker Hostetler that creates issues even that I haven't addressed previously, nor do they raise any sufficient concerns that this Court should order some kind of an evidentiary hearing." Second Interim Fee Hearing Transcript, at 33.

8. As this conflict of interest argument has already been argued and rejected by this Court twice in the context of other fee applications, the instant Objection based on such claims likewise should be denied.[5]

## APPLICATION FOR PRELIMINARY INJUNCTION

9. As this Court is aware, on April 9, 2010, the Trustee filed an adversary proceeding (the "Canavan Adversary Proceeding") and moved to enjoin Lissa Canavan

---

[5] The Peskin Objectors also imply that the Trustee has been derelict in the claims administration process while collecting substantial fees for himself and B&H. They base this view on the number of claims processed. Significantly, to date the Trustee has determined approximately 12,450 claims, representing 76% of the total claims filed. *See* Trustee's Website at http://www.madofftrustee.com/Status.aspx. Claims which are determined and allowed are then processed, and may be eligible for the SIPC advance. The Trustee notes that more complex claims, or those that are the subject of dispute or potential litigation by the Trustee, require additional time and analysis to resolve. Thus, any delays are not "unjustifiable" as asserted by the Peskin Objectors.

5

("Canavan"), Leslie Goldsmith ("Goldsmith") and Judith Kalman ("Kalman" and collectively, the "New Jersey Plaintiffs"), those acting on their behalf or in concert or participation with them, and all defendants, from proceeding with their putative class action pending in the United States District Court for the District of New Jersey, captioned *Canavan, et al. v. Harbeck, et al.*, No. 2:10-cv-00954-FSH-PS (the "New Jersey Action"). As stated in the Trustee's Complaint and other pleadings filed in the Canavan Adversary Proceeding, the Trustee seeks injunctive relief to prevent the New Jersey Plaintiffs from undermining this Court's continuing jurisdiction over its March 1, 2010 Memorandum Decision (the "Net Equity Decision") and March 8, 2010 Order (the "Net Equity Order"), adopting the Trustee's position on net equity. *See, e.g.*, Trustee's Complaint, p. 2 [Canavan Adv. Pro. Dkt. No. 1].[6]

10. The New Jersey Action is little more than a reargument of the "legitimate expectations" argument concerning the Net Equity dispute previously heard by this Court. In the face of this Court's ruling, the New Jersey Plaintiffs continue to seek relief from a different federal court as a collateral attack on the Net Equity Decision and Net Equity Order. As this Court well knows, the Net Equity Decision and Net Equity Order has been certified for direct appeal to the United States Court of Appeals for the Second Circuit, and several notices of appeal and motions related thereto have been filed, including a notice of appeal filed by the same counsel who represents the Peskin Objectors.

11. The Peskin Objectors incorrectly assert that the Trustee is "arguing" the case for the defendants in the New Jersey Action (the "SIPC Defendants"), *see* Objection, at ¶ 24. As discussed in detail in the Trustee's memorandum of law filed in the Canavan Adversary Proceeding, the New Jersey Action usurps the exclusive jurisdiction of this Court and interferes

---

[6] Counsel for the Peskin Objectors also represents the New Jersey Plaintiffs.

6

with the administration of the BLMIS estate.[7] See Trustee's Memorandum of Law, p. 1 [Canavan Adv. Pro. Dkt. No. 2]. The Trustee seeks to enjoin the prosecution of the New Jersey Action based on those violations and the prejudice that the continued prosecution of that action would have on the Trustee, the BLMIS estate and its customers and creditors. By protecting this Court's jurisdiction over the administration of the BLMIS estate, the Trustee seeks to ensure that this Court's rulings are respected, and that customer property is distributed to the victims of Madoff's massive Ponzi scheme in a fair and efficient manner consistent with SIPA and the Bankruptcy Code. Thus, neither the Trustee nor B&H are acting adversely toward the interests of customers of BLMIS.[8]

12. Finally, the fact that Peskin Objectors and the Trustee have differences of opinion regarding legal issues affecting the New Jersey Action or, for that matter, other issues, does not provide a basis for the disqualification of the Trustee and B&H.

---

[7] The Trustee notes that the SIPC Defendants are represented by their own separate counsel in connection with the New Jersey Action. The SIPC Defendants are also not a party to the Canavan Adversary Proceeding.

[8] In addition to being disinterested, the Trustee is acting on behalf of the estate. A SIPA trustee's primary duty, like that of a chapter 7 trustee, "is not to any individual creditor or even any particular class of creditors, but to the estate as a whole," and accordingly, "the trustee's duty to the SIPA estate as a whole clearly prevails over the interests of any single customer." See Adler, Coleman, 1998 Bankr. LEXIS 1076, at *49-50. The Trustee's position on net equity does not provide a basis for his disqualification as being adverse to customers such as the Peskin Objectors, nor do his efforts to protect the jurisdiction of the Court and the BLMIS estate and its customers.

300083530

## CONCLUSION

For the reasons stated above, the Trustee respectfully requests that the Peskin Objection be denied.  Further, the Trustee respectfully submits that this Court enter an Order as follows: (i) denying the Objection; (ii) granting the Applications; and (iii) granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      May 4, 2010

Respectfully submitted,

**BAKER & HOSTETLER LLP**

By:/s/  *David J. Sheehan*
    Baker & Hostetler LLP
    45 Rockefeller Plaza
    New York, NY  10111
    Telephone: (212) 589-4200
    Facsimile: (212) 589-4201
    David J. Sheehan
    Email: dsheehan@bakerlaw.com
    Marc E. Hirschfield
    Email: mhirschfield@bakerlaw.com
    Keith R. Murphy
    Email: kmurphy@bakerlaw.com
    Alissa M. Nann
    Email: anann@bakerlaw.com

*Attorneys for Irving H. Picard, Esq. Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC And Bernard L. Madoff*

300083530