**ORIGINAL**

Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com

*Attorneys for Irving H. Picard, Esq., Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*



MAY - 7 2010

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant.<br>In re:<br>BERNARD L. MADOFF,<br><br>Debtor. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |

## STIPULATION OF PARTIAL WITHDRAWAL OF OBJECTION

Irving H. Picard, Esq. (the "Trustee"), as trustee for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") and for Bernard L. Madoff ("Madoff") (collectively, the "Debtors"), under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa *et seq.*, by and through his counsel, Baker &

300081138.1



Hostetler LLP, and the Calesa Family Trust (the "Trust"), by and through its counsel, Latham & Watkins LLP, hereby stipulate and agree as follows:

1. The Trustee has issued a revised Notice of Determination, dated April 9, 2010, regarding the Trust's customer claim against BLMIS (the "Revised Notice of Determination"). The Revised Notice of Determination is annexed hereto as Exhibit A, and replaces and supersedes the Trustee's Notice of Determination dated April 9, 2009 (the "Original Notice of Determination") in its entirety.

2. While the Original Notice of Determination disregarded a certain deposit in the amount of $2,300,000.00 that was made to the Trust's account with BLMIS in 2006 (the "New Money Deposit") for the purpose of determining the Trust's customer claim against BLMIS, the Revised Notice of Determination does not disregard the New Money Deposit for the purpose of determining the Trust's customer claim against BLMIS.

3. As a result of the Trustee's issuance of the Revised Notice of Determination annexed hereto as Exhibit A, the portion of the Trust's January 6, 2010 objection to the Original Notice of Determination relating to the treatment of the New Money Deposit (the "Deposit Objection") has been resolved in the Trust's favor, and the Trust hereby withdraws the Deposit Objection.

4. The Trust's objection to the Trustee's interpretation of "net equity" (the "Net Equity Objection") is not withdrawn hereby, and remains in existence. The Net Equity Objection shall be adjudicated through the pending litigation of the contested "net equity" issue.

COPY

Dated: ~~January~~ May 4th, 2010
New York, New York

By: /s/
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com

*Attorneys for Irving H. Picard, Esq., Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

Dated: ~~January~~ April 22, 2010
New York, New York

By: /s/
Robert J. Rosenberg
Michael J. Riela
Latham & Watkins LLP
53rd at Third
885 Third Avenue
New York, New York 10022
Tel: 212 906 1200
Fax: 212 751 4864
Robert J. Rosenberg
Email: robert.rosenberg@lw.com
Michael J. Riela
Email: michael.riela@lw.com

*Attorneys for the Calesa Family Trust*



# EXHIBIT A

## Revised Notice of Determination

COPY

# BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

## DECEMBER 11, 2008[1]

## NOTICE OF TRUSTEE'S REVISED DETERMINATION OF CLAIM

April 9, 2010

Calesa Family Trust 7/6/00
Edward F. Calesa, Trustee
7800 Frying Pan Road
Basalt CO 81621

Dear Calesa Family Trust 7/6/00:

### PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim on BLMIS Account No. 1CM942 designated as Claim Number 006665:

Your claim for securities is **DENIED**. No securities were ever purchased for your account.

Your claim is **ALLOWED** for $1,629,665.00, which was the balance in your BLMIS Account on the Filing Date based on the amount of money you deposited with BLMIS for the purchase of securities, less subsequent withdrawals, as outlined in Table 1, attached hereto, plus the preferential $150,000.00 as discussed below.

---

[1] Section 78lll(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78lll(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

300081118.1



As discussed between my legal counsel, Mary Bittence, and your legal counsel, Michael Riela, on April 1, 2010, the last withdrawal from your BLMIS Account was made within 90 days of the Filing Date and is therefore a preferential transfer which is recoverable by the Trustee under 11 U.S.C. §§547(b) and 550(a). You agreed with Mary Bittence that to facilitate the prompt partial satisfaction of your allowed claim, the Trustee was authorized to deduct the preferential payment of $150,000.00 from his initial payment to you.

Accordingly, your **ALLOWED CLAIM** of $1,629,665.00 will be satisfied in the following manner:

The enclosed **PARTIAL RELEASE AND ASSIGNMENT** must be executed, notarized and returned in the envelope provided herewith. Upon receipt of the executed and notarized **PARTIAL RELEASE AND ASSIGNMENT**, the Trustee will make a partial satisfaction of your **ALLOWED CLAIM** by sending you a check in the amount of $350,000.00 - the $500,000.00 advanced by the Securities Investor Protection Corporation pursuant to section 78fff-3(a)(1) of SIPA, less the repayment of the preferential $150,000.00. In addition, you will be entitled to receive an additional distribution based upon your **ALLOWED CLAIM** from the fund of customer property, if any.

Upon receipt of the payment of $350,000.00 you will file the Stipulation of Partial Withdrawal of Objection, attached as Exhibit A.

The manner of this allowance and partial satisfaction of your **ALLOWED CLAIM** shall be in final settlement of any preference action the Trustee may have otherwise brought against you.

It is the Trustee's intent, pursuant to SIPA, to submit a Motion for an order of the Bankruptcy Court to allocate assets he has collected and will collect between the fund of customer property and the general estate and to distribute customer property *pro rata* among allowed claimants, such as you. In a decision in this case, Rosenman Family, LLC v. Picard, 401 B.R. 629, 634 (Bankr. S.D.N.Y. 2009), the Bankruptcy Court stated:

> The customer estate is a fund consisting of customer property and is limited exclusively to satisfying customer claims. In re Adler Coleman Clearing Corp. (Adler Coleman II), 216 B.R. 719, 722 (Bankr. S.D.N.Y. 1998) ("A SIPA trustee, distributes 'customer property' exclusively among the debtor's customers...."); see also 15 U.S.C. § 78*lll*(4). Accordingly, Customers, as defined by SIPA § 78*lll*(2), enjoy a preferred status and are afforded special protections under SIPA. See New Times Securities, 463 F.3d at 127; Adler Coleman, 195 B.R. at 269."

Id. at 634.

It is not known at this time when the Trustee will be filing such allocation and distribution motion.



On March 1, 2010, the United States Bankruptcy Court for the Southern District of New York (Lifland, J.) issued a decision which affirmed the Trustee's Net Investment Method for determining customer claims. The final resolution of this issue is expected to be determined on appeal.

Should a final and unappealable court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by you in having your customer claim re-determined in accordance with any such Court order.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after April 9, 2010, the date on which the Trustee mailed this notice.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

COPY

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York 10004

and

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10011

_____
Irving H. Picard

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

cc: Michael J. Riela
Latham & Watkins LLP
885 Third Ave.
New York NY 10022-4834



### DEPOSITS

| DATE | TRANSACTION DESCRIPTION | AMOUNT | ADJUSTED AMOUNT |
|---|---|---|---|
| 6/10/2005 | TRANS FROM 1CM42530 | $5,533,102.76 | $0.00 |
| 7/29/2005 | TRANS FROM 1CM42530 | $4,017.00 | $0.00 |
| 5/1/2006 | CHECK WIRE | $2,300,000.00 | $2,300,000.00 |
| 5/18/2006 | TRANS FROM 1CM42530 | $2,305,146.75 | $0.00 |
| 10/3/2007 | CHECK WIRE | $674,665.00 | $674,665.00 |
| 7/22/2008 | CHECK WIRE | $6,200,000.00 | $6,200,000.00 |
| **Total Deposits:** | | $17,016,931.51 | $9,174,665.00 |

### WITHDRAWALS

| DATE | TRANSACTION DESCRIPTION | AMOUNT | ADJUSTED AMOUNT |
|---|---|---|---|
| 6/15/2005 | CHECK | ($100,000.00) | ($100,000.00) |
| 8/29/2006 | CHECK | ($100,000.00) | ($100,000.00) |
| 9/25/2006 | CHECK WIRE | ($5,445,000.00) | ($5,445,000.00) |
| 1/16/2007 | CHECK | ($200,000.00) | ($200,000.00) |
| 2/22/2007 | CHECK WIRE | ($850,000.00) | ($850,000.00) |
| 4/12/2007 | CHECK | ($250,000.00) | ($250,000.00) |
| 5/29/2007 | CHECK | ($75,000.00) | ($75,000.00) |
| 6/26/2007 | CHECK | ($425,000.00) | ($425,000.00) |
| 10/2/2008 | CHECK | ($250,000.00) | ($250,000.00) |
| **Total Withdrawals:** | | ($7,695,000.00) | ($7,695,000.00) |
| **Total deposits less withdrawals:** | | $9,321,931.51 | $1,479,665.00 |