1300 Washington Square
100 Washington Avenue South
Minneapolis, Minnesota 55401
T (612) 337-6100  F (612) 339-6591
siegelbrill.com

**SIEGEL BRILL
GREUPNER DUFFY
& FOSTER P.A.**

BRIAN E. WEISBERG
612-337-6101
brianweisberg@sbgdf.com

May 4, 2010

Clerk of the United States Bankruptcy Court
  for the Southern District of New York
One Bowling Green
New York, NY 10004

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111

Re: *Securities Investor Protection Corporation*
    *The Bernard L. Madoff Investment Securities, LLC*
    *Adv. Pro. No. 08-01789-BRL*
    *Moscoe Family Foundation*
    *BLMIS Account No. –1EM0138/Claim No. 001502*

MAY 10 2010

Dear Sir or Madam and Mr. Picard:

The undersigned represents the Moscoe Family Foundation in connection with the SIPC claim filed by it in the above-referenced matter. This letter constitutes notice of written opposition to the Trustee's determination of the claim. Specifically, the adjustment of the transfer dated March 10, 1998, in the amount of $200,000.00 which was adjusted to zero and the transfer dated September 23, 2002, in the amount of $200,000.00 which was also adjusted to zero. These transfers were made from another Madoff account holder's account. While the transferor account holder is related to this account holder, such account holder is a separate person for purposes of SIPA. Accordingly, the account holder believes that these transferred funds should be reflected at the transferred amount. Further, the transfers were made more than 6 years before the date of the Madoff filing making recovery of these funds outside of the applicable statute of limitations.

Also enclosed with this letter is a fully-executed Assignment and Release, the original of which is being returned to the Trustee. This Assignment and Release is being returned to effectuate the payment of that portion of the account holder's claim which has been allowed. Pursuant to a written communication from Trustee's counsel, the execution and delivery of the Assignment

May 4, 2010
Page 2

and Release shall not limit the account holder's rights to object to that portion of the determination of his account set forth above.

If you have any questions or require anything further, please contact the undersigned. Otherwise we will wait to hear from the Court with respect to the schedule of the hearing on our written objection.

Very truly yours,

Brian E. Weisberg
BEW/sm
Enclosure

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789-BRL<br><br>SIPA Liquidation      MAY 1 0 2010 |

## ASSIGNMENT AND RELEASE

KNOW ALL MEN BY THESE PRESENTS, that Moscoe Family Foundation, located c/o Thomas D. Moscoe, 445 Grand Bay Drive, Apt. #607, Key Biscayne, FL 33149 (hereinafter referred to as the "Assignor") in consideration of the payment of $40,000.00 to satisfy its claim for customer protection (the "Customer Claim", having been designated Claim #001502) filed in the liquidation proceeding of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §78aaa et seq. ("SIPA") (see §§78fff-2(b), 78fff-2(d), and §78fff-3(a)(1) of SIPA), does for itself hereby assign, transfer and set over to Irving H. Picard as SIPA Trustee (the "SIPA Trustee") for the liquidation of BLMIS (see §78fff-2(b) of SIPA), and the Securities Investor Protection Corporation ("SIPC"), as subrogee to the extent of its cash advances to the SIPA Trustee for the satisfaction of the aforementioned Customer Claim (see §78fff-3(a)(1) of SIPA), any and all rights, including causes of action or claims, that Assignor now may have against BLMIS and/or any third party arising out of or relating to any fraudulent or illegal activity with respect to Assignor's BLMIS account (Account No. 1M0138, the "BLMIS Account"), which gave rise to the allowed Customer Claim for

300007150

securities filed by Assignor against BLMIS. Such assignment is only to the extent that Assignor has received satisfaction of the Customer Claim as set forth above.

Further, Assignor has not previously compromised or assigned any claim, cause of action or other right against BLMIS, its principals or agents or any third party arising out of or related to any fraudulent or illegal activity giving rise to the Customer Claim.

Upon reasonable request of the SIPA Trustee or SIPC, Assignor agrees to cooperate with the SIPA Trustee or SIPC in connection with any efforts of either to recover from the principals or agents of BLMIS or anyone else for amounts advanced by SIPC or paid by the SIPA Trustee to satisfy Assignor's Customer Claim in this SIPA liquidation proceeding. Such efforts to recover by the SIPA Trustee or SIPC, either to demand or pursue or to prosecute or settle any collection effort, action or proceeding therefore, shall be at the sole cost of the SIPA Trustee or SIPC.

Effective immediately and without further action, contingent only upon Assignor's receipt from the SIPA Trustee or his agent of a check in the amount of $40,000.00 as set forth in the SIPA Trustee's Notice of Determination of the Customer Claim dated April 26, 2010, (the "Trustee's Determination"), and upon receipt by the SIPA Trustee of this executed and notarized Assignment and Release, the Assignor does for itself, and for its executors, administrators, heirs and assigns hereby remise, release and forever discharge the SIPA Trustee and SIPC, as subrogee to the extent of its cash advances for the satisfaction of the Customer Claim, and, as the case may be, their officers, directors, professionals, employees, agents, successors and assigns, of and from any and all claims arising out of or relating to the Assignor's BLMIS Account, the Customer Claim filed with the SIPA Trustee as protected by the provisions of SIPA, and any and all circumstances giving rise to said Customer Claim which the Assignor now has, or hereafter

300007150                                2

may have, for or by any reason, cause, matter or thing whatsoever from the beginning of the world to the date of the execution of this Assignment and Release, only to the extent that the SIPA Trustee and/or SIPC has paid monies to the Assignor to satisfy Assignor's Customer Claim.

Should a final and unappealable Court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Assignment and Release shall be construed as a waiver of any rights or claims held by Assignor in having its customer claim re-determined in accordance with any such Court order. The payment of the undisputed amount of the Assignor's Customer Claim (up to the limits of SIPA protection) will be without prejudice to the Trustee's and the Assignor's rights, claims, and defenses with respect to the disputed portion(s) of the Assignor's Customer Claim.

Assignor acknowledges the sufficiency of the consideration to be received in accordance with the SIPA Trustee's Determination and under this Assignment and Release.

The undersigned acknowledges that he is authorized to execute this Assignment and Release on behalf of Moscoe Family Foundation and that no other signature is necessary for the effectiveness hereof.

**IN WITNESS WHEREOF,** the undersigned has on this day set forth below duly executed this Assignment of Assignor's Customer Claim and Release, intending to be legally bound hereby.

MOSCOE FAMILY FOUNDATION

By: *[signature]*

Thomas Moscoe, Chairman of the Board and President

Sworn and subscribed before me this 4th day of May, 2010.

*[signature]*
Notary Public

SARAH F. MACDONALD
Notary Public-Minnesota
My Commission Expires Jan 31, 2015