5/6/2010

Dolinsky Investment Fund- 1D0020
Claim # - 000095
Case # - 08-1789(BRL)
Frances Dolinsky
Glenn Dolinsky
Craig Dolinsky

MAY 11 2010

Clerk of the U.S. Bankruptcy Court
For the Southern District of New York
1 Bowling Green
New York, N.Y 10004
Case # - 08-1789(BRL)

To Whom It May Concern:

    The participants in the Dolinsky Investment Fund do hereby <u>Vehemently Object</u> to the Trustee's decision denying our claim.

    The Trustee denies our claim based on the fact that BLMIS never actually purchased securities for our account. This is stated in his letter (page 2). SIPC is designed specifically to protect customers from this, a dishonest broker. The "SIPA Act" specifically states, "customers are covered up to $500,000 per account for lost or stolen securities, <u>including securities never purchased in the first place</u>." That is exactly what has transpired here. Customers were to paid in a prompt manner (within 90 days) based on their last account statement. That is what Congress intended, based on SIPA law. On every account statement and confirmations the SIPC logo appears. We trusted this logo, but we guess the Trustee disregards this. The SEC, FINRA, NASD, as well as the regulators were simply asleep at the switch. Now, the victims are being victimized for a second time by the Trustee. The SEC's failure to detect Madoff is a crime in itself. We cannot fathom or comprehend their gross incompetence and inaction. We are the victims of the most atrocious and horrific crime in the history of the financial world.

    The Trustee's interpretation of "cash in, cash out" net equity is grossly wrong and unfair. It is their attempt so as not to pay the majority of the claimants. We the victims have not been treated as victims, but instead, as criminals. We also object to the chart showing our deposits and withdrawals. The transferred funds in 1984 were indeed approximately $87,000. This represented pooled monies of J. Lipkin, Frances Dolinsky, Glenn Dolinsky, and Craig Dolinsky. Prior to that, very little money was withdrawn from that account. Your records and interpretation are inaccurate and incomplete. We would also like to mention that roughly $95,000 was deposited in the last 5 months before the

collapse. This money represented one individuals life savings (Glenn Dolinsky) deposited into the fund. No individuals should be held responsible for 30 years of "cash in, cash out" history of these accounts, based on the Trustee's false interpretation of net equity.

We had been accepted into the Hardship Program, set up by the Trustee. It has proved to be a farce. Our family has been wiped out financially and devastated on every emotional level one can imagine. The very same people (SIPC, Trustee) we have turned to, whom were supposed to help, have done everything in their power to hurt us yet again. Our family has been totally devastated. Our Mother, Frances, is now on food stamps at the rate of only $34 a month based on the fact she lives with her son, Glenn Dolinsky. Both Glenn Dolinsky and Craig Dolinsky are unemployed, seeking work in the worst economy seen in generations.

The Trustee has not followed the SIPC law, nor the SIPA ACT. His reasoning was that Madoff was such a "monster", that he does not have to follow the law in this case. That explanation by the Trustee is nonsense. These laws were set in place specifically for victims of a dishonest securities broker. We have now become victims of not only Madoff but the Trustee as well.

We believe that the appeal at the Second Circuit Court Level will reverse the Trustee's "cash in, cash out" net equity formula, and that common sense will prevail in this tragic case. Victims should be paid based on the actual laws in place and not the Trustee's new interpretation of these laws already on the books.

                                            Sincerely,
                                            <u>Dolinsky Investment Fund</u>
                                            Frances Dolinsky

*[signature: Frances Dolinsky]*

Glenn Dolinsky

*[signature: Glenn Dolinsky]*

Craig Dolinsky

*[signature: Craig Dolinsky]*






DOLINSKY
3 JEFFERSON DRIVE
SPOTSWOOD, N.J. 08884

RETURN RECEIPT
REQUESTED

7009 2250 0001 6240 8369

U.S. POSTAGE PAID
SPOTSWOOD, N.J. 08884
MAY 08, '10
AMOUNT $5.54
00077302-07

10004

CLERK OF THE UNITED STATES BANKRUPTCY
COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
ONE BOWLING GREEN
NEW YORK, NEW YORK 10004

CASE-NO 08-1789 (BRL)