S. James & Ethel L. Chambers
4244 S E Centerboard Ln.
Stuart, Florida 34997
772 418 8621
nuseashanty@comcast.net

May 5, 2010



Judge Burton R. Lifland
United States Bankruptcy Court
 For the So. District of New York
One Bowling Green
New York, N Y 10004

Gentlemen,

Reference: Bankruptcy Case No. 08-1789 (BRL) and Claims 168, 169 & 170 (Madoff acct # ZR274, ZR275 and ZR 337)

Gentlemen,

The above references include claims for Ethel L Chambers as well as S. James Chambers although a notice was not received for both of us. I believe the issues with respect to the three claims are the same.

The notice dated April 8, 2010 includes a schedule indicating withdrawals of $1,000,000. Other than the SIPC advance payments mentioned below, we have made no withdrawals and hopefully this is being handled as a transfer for SIPC purposes. I have understood that both my Traditional and Roth IRA Accounts would be treated as one for purposes of any recovery through SIPC. If in fact that is the case, there may be no need for my opposition to the claim denial. We have enclosed a copy of our original claim letter of January 9, 2009 describing the history of our three IRA accounts.

As a brief review, we established our pension plan investment at Madoff with a transfer of $500,000 from Neuberger and Berman in 1992. Under the terms of the plan, we were to make subsequent annual payments of approximately $50,000 which we believe were made during each of the following two to three years. Fortunately, we were able to provide documentation for the initial deposit which was eventually accepted by your consulting accountant Richard Holmes. Mr. Holms explained that the Madoff records were extremely difficult to reconstruct but arranged for the processing by Edward Papp of Baker & Hoffstetler for two SIPC advance payments totaling $500,000 on October 15, 2009. I should mention that both gentlemen were quite helpful during a devastating period.

Unfortunately, we have been unable to locate cancelled checks or bank statements to support subsequent payments to Madoff and find ourselves at a disadvantage without access to Madoff records for help. We discussed our problem with Mr. Holmes who had several good suggestions. With a great deal of persistence, we were finally able to get help from Rumph Abrams, the CPA firm that prepared our tax returns. They had relocated and although Irving Givner, the partner who prepared our returns had died, they eventually located copies of two tax returns for years 1973 and 1974.

We may be successful in obtaining a copy of the pension plan itself for its deposit requirements but that may be of little value. My recollection is we were required to submit a copy of the plan to Madoff in 1992. Although we have diligently pursued every possible avenue for additional evidence, we have been unable to locate additional documentation other than two tax returns.

Needless to say, we would be happy to come to New York at any time should you find it helpful.

Very truly yours,

S. James Chambers

Ethel L. Chambers

Cc. Irving H. Picard with attachments

Attachments;
Tax return copies for 1993 & 1994 as prepared by Rumph Abrams
Schedule C work sheet for 1973 return
Notice dated 4/8/10 from Irving Picard denying claim
Letters dated 10/12/09 faxed to Picard and Bankruptcy Court objecting to claim
   Determination
Letters dated 11/9/09 from Irving Picard re disputed portion of claims
Letter dated 2/9/09 to Irving Picard requesting help for Roth IRA Recharacterization
Letter dated 1/9/2009 to Irving Picard – Initial claim and account details
Letter dated 7/7/09 to Irving Pickard pleading for a response to tax crises
Letter dated 11/4/2009 to Irving Picard – Request for application of 'time value of
   money' in conjunction with 'Net Equity' ruling