# SALTSMAN, CHARLTON & ASSOCIATES, P.A.

CERTIFIED PUBLIC ACCOUNTANTS

TELEPHONE: 407-647-2899
TELEFAX: 407-628-2307
WRITER'S E-MAIL ADDRESS:
bob@saltsmanpa.com

May 19, 2010

**Federal Express Overnight**
Irving H. Picard, Esq.
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, NY 10004



MAY 20 2010

Re:  *Notice of Trustee's Determination of Claim*
     *Claim Number 014080 / Account # 1-H0083*
     *Steven P. Heller Trust*

Dear Mr. Picard:

On behalf of our client, Steven P. Heller, we received the attached Notice of Trustee's Determination of Claim. The Notice denies our client's claim on the basis that positive "net equity" does not exist. Specifically, your determination letter asserts that our client has withdrawn all the funds deposited into his account. We agree with Table 1, which was attached to the Determination Notice, with the exception of the last entry. Please note, the final "withdrawal" on 1/2/2008 referenced by the Trustee was not a cash withdrawal; rather, it was merely a transfer into another account within Bernard L. Madoff Securities. Please see attached claim form filed for Lopez Island, LLC, the account where all the funds were transferred.

Our client had two accounts with Madoff: Account #1-L0316-3/1-L0316-4 in the name of Lopez Island, LLC ("LLC") and Account # 1-H0083 in the name of Steven P. Heller Trust ("Trust"). The Trust account was closed down in January 2008 and all of its assets were transferred into the newly established LLC account. The LLC account had no deposits or withdrawals to its account except for this initial transfer deposit from the Trust account. Steven Heller is the sole beneficiary of both accounts.

Accordingly, it is imperative the two accounts are analyzed in conjunction with one another. In doing so, it is evident our client has "positive net equity" and therefore entitled to a claim under the Securities Investor Protection Act. Please review your records in light of our letter. If you do not agree, please accept this letter as a request for a hearing or meeting to determine the matter.

Thank you for your attention to this matter. Please do not hesitate to contact me should you have any questions.

Sincerely,

Robert P. Saltsman

RPS/alb
Enclosures

# BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

## DECEMBER 11, 2008[1]

## NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

May 10, 2010

Steven P. Heller Trust Robert Saltsman Trustee
PO Box 2146
Winter Park, FL 32790



RECEIVED
MAY 2 0 2010

Dear Steven P. Heller Trust Robert Saltsman Trustee:

### PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim on BLMIS Account No. 1H0083 designated as Claim Number 014080:

Your claim for securities is **DENIED**. No securities were ever purchased for your account.

Further, based on the Trustee's analysis, the amount of money you withdrew from your account at BLMIS (total of $3,060,000.00), as more fully set forth in Table 1 annexed hereto and made a part hereof, is the same as the amount that was deposited with BLMIS for the purchase of securities (total

---

[1] Section 78lll(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78lll(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

of $3,060,000.00). As noted, no securities were ever purchased by BLMIS for your account. Any and all profits reported to you by BLMIS on account statements were fictitious.

Since you have withdrawn all of the funds deposited into your account, you do not have a positive "net equity" in your account and you are not entitled to an allowed claim in the BLMIS liquidation proceeding. Therefore, your claim is **DENIED** in its entirety.

**On March 1, 2010, the United States Bankruptcy Court for the Southern District of New York (Lifland, J.) issued a decision which affirmed the Trustee's Net Investment Method for determining customer claims. The final resolution of this issue is expected to be determined on appeal.**

**Should a final and unappealable court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by you in having your customer claim re-determined in accordance with any such Court order.**

Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by the Trustee against you.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after May 10, 2010, the date on which the Trustee mailed this notice.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

> Clerk of the United States Bankruptcy Court for
> the Southern District of New York
> One Bowling Green
> New York, New York 10004

> and

> Irving H. Picard, Trustee
> c/o Baker & Hostetler LLP
> 45 Rockefeller Plaza
> New York, New York 10111

_____
Irving H. Picard

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

cc:    Robert Saltsman, Esq.
       PO Box 2146
       Winter Park, FL 32790

## Table 1

### DEPOSITS

| DATE | TRANSACTION DESCRIPTION | AMOUNT | ADJUSTED AMOUNT |
|---|---|---|---|
| 1/2/1997 | TRANS FROM 1H002430 | $1,000,000.00 | $1,000,000.00 |
| 1/7/1998 | CHECK WIRE | $1,000,000.00 | $1,000,000.00 |
| 1/3/2000 | TRANS FROM 1H002430 | $110,000.00 | $110,000.00 |
| 2/1/2001 | CHECK | $150,000.00 | $150,000.00 |
| 6/1/2001 | CHECK | $400,000.00 | $400,000.00 |
| 7/15/2003 | CHECK | $100,000.00 | $100,000.00 |
| 7/31/2006 | CHECK | $200,000.00 | $200,000.00 |
| 11/1/2006 | CHECK | $100,000.00 | $100,000.00 |
| **Total Deposits:** | | $3,060,000.00 | $3,060,000.00 |

### WITHDRAWALS

| DATE | TRANSACTION DESCRIPTION | AMOUNT | ADJUSTED AMOUNT |
|---|---|---|---|
| 6/7/2000 | CHECK | ($150,000.00) | ($150,000.00) |
| 7/7/2000 | CHECK | ($75,000.00) | ($75,000.00) |
| 9/1/2000 | CHECK | ($110,000.00) | ($110,000.00) |
| 4/20/2001 | CHECK | ($100,000.00) | ($100,000.00) |
| 9/10/2001 | CHECK | ($200,000.00) | ($200,000.00) |
| 12/19/2003 | CHECK | ($225,000.00) | ($225,000.00) |
| 1/7/2004 | CHECK WIRE | ($1,000,000.00) | ($1,000,000.00) |
| 2/2/2004 | CHECK | ($175,000.00) | ($175,000.00) |
| 9/3/2004 | CHECK | ($200,000.00) | ($200,000.00) |
| 10/14/2004 | CHECK | ($250,000.00) | ($250,000.00) |
| 11/29/2004 | CHECK | ($250,000.00) | ($250,000.00) |
| 1/2/2008 | TRANS TO 1L031630 | *includes earn'gs* ($5,553,024.06) | ($325,000.00) |
| **Total Withdrawals:** | | ($8,288,024.06) | ($3,060,000.00) |
| **Total deposits less withdrawals:** | | ($5,228,024.06) | $0.00 |

## CUSTOMER CLAIM

Claim Number_____

Date Received_____

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

## DECEMBER 11, 2008

(Please print or type)

Name of Customer: LOPEZ ISLAND, LLC
Mailing Address: 222 S. PENNSYLVANIA AVE., STE 200
City: WINTER PARK        State: FL        Zip: 32789
Account No.: 1-L0316-3-0; 1-LO316-4-0
Taxpayer I.D. Number (Social Security No.): 26-1205391

NOTE: BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY THE ACCOMPANYING INSTRUCTION SHEET. A SEPARATE CLAIM FORM SHOULD BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL PROTECTION AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE RECEIVED BY THE TRUSTEE ON OR BEFORE March 4, 2009. CLAIMS RECEIVED AFTER THAT DATE, BUT ON OR BEFORE July 2, 2009, WILL BE SUBJECT TO DELAYED PROCESSING AND TO BEING SATISFIED ON TERMS LESS FAVORABLE TO THE CLAIMANT. PLEASE SEND YOUR CLAIM FORM BY CERTIFIED MAIL - RETURN RECEIPT REQUESTED.

*************************************************************************

1. Claim for money balances as of **December 11, 2008**:

    a. The Broker owes me a Credit (Cr.) Balance of        $_____NONE_____

    b. I owe the Broker a Debit (Dr.) Balance of           $_____NONE_____

    c. If you wish to repay the Debit Balance,
       please insert the amount you wish to repay and
       attach a check payable to "Irving H. Picard, Esq.,
       Trustee for Bernard L. Madoff Investment Securities LLC."
       If you wish to make a payment, **it must be enclosed**
       with this claim form.                               $_____N/A_____

    d. If balance is zero, insert "None."                  _____NONE_____

2.    Claim for securities as of **December 11, 2008**:

**PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.**

|   |   | YES | NO |
|---|---|---|---|
| a. | The Broker owes me securities | X |   |
| b. | I owe the Broker securities |   | X |

c.    If yes to either, please list below:

| Date of Transaction (trade date) | Name of Security | The Broker Owes Me (Long) — Number of Shares or Face Amount of Bonds | I Owe the Broker (Short) — Number of Shares or Face Amount of Bonds |
|---|---|---|---|
| AS OF 11/30/2008 | SEE ATTACHED | $6,136,242.28 |   |

**Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclose, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation. You should also provide all documentation or information regarding any withdrawals you have ever made or payments received from the Debtor.**

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement. If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.
**PLEASE CHECK THE APPROPRIATE ANSWER FOR ITEMS 3 THROUGH 9.**

502180406                 2

**NOTE:** IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION ON A SIGNED ATTACHMENT. IF SUFFICIENT DETAILS ARE NOT PROVIDED, THIS CLAIM FORM WILL BE RETURNED FOR YOUR COMPLETION.

| | | YES | NO |
|---|---|---|---|
| 3. | Has there been any change in your account since December 11, 2008? If so, please explain. | | X |
| 4. | Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of the broker? | | X |
| 5. | Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or policies of the broker? | | X |
| 6. | Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in any way with the broker? If so, give name(s) | | X |
| 7. | Is this claim being filed by or on behalf of a broker or dealer or a bank? If so, provide documentation with respect to each public customer on whose behalf you are claiming. | | X |
| 8. | Have you ever given any discretionary authority to any person to execute securities transactions with or through the broker on your behalf? Give names, addresses and phone numbers. | | X |
| 9. | Have you or any member of your family ever filed a claim under the Securities Investor Protection Act of 1970? if so, give name of that broker. | | X |

Please list the full name and address of anyone assisting you in the preparation of this claim form: ROBERT SALTSMAN, ATTORNEY
PO BOX 2146 WINTER PARK, FL 32790

502180406                             3

If you cannot compute the amount of your claim, you may file an estimated claim. In that case, please indicate your claim is an estimated claim.

**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM. CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.**

**THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY INFORMATION AND BELIEF.**

Date _6/19/09_    Signature _P. H Callu_    MANAGER: SALTSMAN, CHARLTON & ASSOCIATES, PA ROBERT P. SALTSMAN, PRESIDENT

Date _____    Signature _____

(If ownership of the account is shared, all must sign above. Give each owner's name, address, phone number, and extent of ownership on a signed separate sheet. If other than a personal account, e.g., corporate, trustee, custodian, etc., also state your capacity and authority. Please supply the trust agreement or other proof of authority.)

**This customer claim form must be completed and mailed promptly, together with supporting documentation, etc. to:**

Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

502180406    4