Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, New York  10017
Telephone:    (212) 450-4000
Facsimile:    (212) 701-5800

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - x

SECURITIES INVESTOR
PROTECTION CORPORATION,                         :

                    Plaintiff-Appellant,         :

            v.                                    :

BERNARD L. MADOFF INVESTMENT                     :
SECURITIES LLC,                                  :

                    Defendant.                    :

- - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:                                           :

BERNARD L. MADOFF,                              :

                    Debtor.                       :

- - - - - - - - - - - - - - - - - - - - - - - - - - x

SIPA LIQUIDATION
(Substantively Consolidated)
Adv. Pro. No. 08-10789 (BRL)

Bankr. Case No. 08-1789 (BRL)

### OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM

L. Thomas Osterman (the "Customer") hereby objects to the Notice of Trustee's

Determination of Claim (the "Determination") dated April 27, 2010.

### BACKGROUND

1.    On June 18, 2009, the Customer filed a customer claim, with supporting

documents (together, the "Claim"), which the Trustee has designated as Claim No.

009935.  The Claim is incorporated herein by reference.

2.     On or about April 27, 2010, the Trustee in this matter (the "Trustee") sent the Customer the Determination, which denied the Claim in its entirety. The Determination explains the Trustee's position regarding "net equity" and the transfer of funds among accounts, but does not otherwise offer a basis for the denial of the Claim in full.

3.     On September 16, 2009, this Court issued an "Order Scheduling Adjudication of 'Net Equity' Issue" (the "Net Equity Litigation Order"). The Order further states that "The Trustee and Interested Parties shall reserve all rights, claims and defenses as to any issues and/ or arguments not resolved by the Court in connection with the briefing described herein on the Net Equity Issue." The Order directs the Trustee to confer with counsel regarding other issues that should be the subject of separate scheduling orders.

4.     Subsequent to the "Net Equity Litigation Order, the Net Equity Issue was briefed and argued before the Bankruptcy Court. On March 1, 2010, the Court issued a decision affirming the Trustee's method for determining customer claims. With respect to this decision, the Determination states:

> On March 1, 2010, the United States Bankruptcy Court for the Southern District of New York (Lifland J.) issued a decision which affirmed the Trustee's Net Investment Method for determining customer claims. The final resolution of this issue is expected to be determined on appeal.

> Should a final and unappealable court order determine that the Trustee is incorrect in his interpretation of 'net equity' and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by you in having your customer claim re-determined in accordance with such court order.

2

## GROUNDS FOR OBJECTION

5.    As required by this Court's December 23, 2008 "Order Approving Form

and Manner of Publication and Mailing of Notices, Specifying Procedures for Filing,

Determination and Adjudication of Claims and Providing Other Relief" (the "Claims

Procedures Order"), the Customer files this Objection to preserve all claims and defenses

set forth in the Claim.

6.    The Customer contends that the Customer's "net equity" under the

Securities Investor Protection Act ("SIPA") is equal to the value of securities positions

and credit balance reflected in the customer's last statement, for all of the reasons set

forth in the various submissions to the Court, including, but not limited to, the plain

language of SIPA and prior case law.

7.    The Customer understands, based upon the representation set forth in the

Determination, that the Customer will receive the benefit of any final and unappealable

order entered in the Net Equity Litigation that is in accord with the Customer's position

regarding "net equity."

8.    The Customer also objects to the denial of the contingent and other claims

set forth in the Claim. As noted, the Trustee has offered no basis for the denial.

9.    In addition to these aforementioned objections, the Customer objects to the

Trustee's denial and/or reduction of the Claim on a variety of grounds, including without

limitation the following, which the Customer anticipates may be addressed pursuant to

the further scheduling orders anticipated by the Net Equity Litigation Order or in separate

proceedings:

3

(a)    Reducing the Claim by the amount of any withdrawal constitutes the effective avoidance of such transfers from BLMIS to Customer. There is no legal basis for avoidance of any transfer, and avoidance is barred by various provisions of the Bankruptcy Code and SIPA that protect the validity of each transfers and preclude their avoidance. Avoidance may not be effected except pursuant to the Bankruptcy Code and Rules, as made applicable through SIPA. Therefore, reducing the Claim by the amount of any withdrawal is improper and invalid.

(b)    Reducing the Claim by the amount of any withdrawal constitutes a setoff that is invalid under applicable provisions of SIPA and the Bankruptcy Code.

(c)    The Trustee improperly classifies inter-account transfers as withdrawals.

(d)    The Customer has paid income taxes in reliance upon the validity of the withdrawals.

(e)    The Customer is entitled to recover interest, or some comparable rate of return, for deposited amounts, pursuant to state law and federal securities law.

(f)    The Customer is entitled to an adjustment of the Claim to account for the Claim's current value.

4

## RELIEF REQUESTED

10.    For the reasons stated herein and in the Claim, the Claim should be allowed

in its entirety (including, without limitation, costs, fees, expenses, and a comparable rate

of return), and the Court should direct SIPC to issue immediate payment to the Customer

and such other amounts and equitable relief as the Court deems appropriate to

compensate Customer's losses arising from its investment in BLMIS.

11.    The Customer reserves the right to revise, supplement, or amend this

Objection and its Claim and any failure to object on a particular ground or grounds shall

not be construed as a waiver of Customer's right to object on any additional grounds.

* * * *

Dated:  New York , New York
        May 20, 2010

L. Thomas Osterman