**EHHIBIT B**

EIN 13-3891671

# THE MARTIN J. JOEL PARTNERSHIP

## GENERAL PARTNERSHIP AGREEMENT

### Preliminary Statement

MARTIN J. JOEL ("MARTIN") and SYLVIA ANN JOEL ("SYLVIA"), each presently residing at 21 Cayuga Road, Scarsdale, New York 10583 (herein sometimes referred to as the "PARTNERS"), hereby agree to form a general partnership (the "Partnership") under the laws of the State of New York.

### ARTICLE I

### NAME, BUSINESS AND PARTNERS

Section 1.01   Name

The Partnership will be conducted under the name of "The Martin J. Joel Partnership."

Section 1.02   Business and Purposes

The Partnership shall engage in the business of the purchase for investment and sale of stocks, bonds, notes, securities, commodities, futures contracts with respect to any commodity, selling such investments both long and short, and any purchase for investment purposes as the Manager of the Partnership (as defined in Article V below) shall determine. The Manager shall have the authority to take all actions necessary to carry out such purposes, including, but not limited to, the borrowing of funds and making acquisitions for investment on margin. The Partnership shall bear the interest costs involved in all such margin borrowings as a general expense of conducting its business operations.

Section 1.03   Offices

The principal offices and place of business of the Partnership shall be at 21 Cayuga Road, Scarsdale, New York 10583 or at such other location as Martin J. Joel may determine.

### ARTICLE II

### CAPITAL CONTRIBUTIONS

The initial capital of the Partnership shall be as set forth in Schedule A. Each General Partner shall own a one hundred percent (100%) interest in the amount set forth beside his name

on such Schedule. The PARTNERS hereby acknowledge and agree that unless mutually agreed in the future by them to the contrary, the capital contributions to be made by each PARTNER shall be in the following percentages:

(a) Martin J. Joel -    99%
(b) Sylvia Ann Joel -    1%

<u>100%</u>

## ARTICLE III

### CAPITAL ACCOUNTS

An individual capital account shall be maintained for each General Partner. The capital account of each General Partner shall consist of his original contribution as set forth in Schedule A increased by (a) his additional contributions to capital and (b) his share of Partnership profits transferred to capital and decreased by (c) distributions to him in reduction of his Partnership capital and (d) his share of the Partnership losses.

## ARTICLE IV

### PROFITS AND LOSSES

Section 4.01   <u>Interest in Profits or Losses</u>

The net profits or net losses of the Partnership shall be credited or charged to the General Partners in the ratio that each General Partner's capital account bears to the total capital account of the Partnership.

Section 4.02   <u>Distributions</u>

The earnings of the Partnership shall be distributed annually except that earnings may be retained by the Partnership and transferred to the Partnership capital if required for the reasonable needs of the business.

## ARTICLE V

### ADMINISTRATIVE PROVISIONS

Section 5.01   <u>Management</u>

The business of the Partnership shall be under the exclusive management of Martin J. Joel, as the Manager of the Partnership.

Section 5.02    Time Devoted by the General Partners

   The parties understand that the General Partners each have other business activities which take a substantial proportion of their time and attention. Accordingly, the General Partners are required to devote to the business of the Partnership only the time and attention that they, in their sole discretion, shall feel is required.

Section 5.03    Personnel

   The General Partners may have attorneys, accountants and consultants for the Partnership from time to time as the General Partners, in their sole discretion, deem is beneficial for the conduct of the Partnership's business.

ARTICLE VI

SALARY TO THE MANAGER AND THE GENERAL PARTNERS

Section 6.01    Salary

   Neither the Manager nor any of the General Partners shall receive any salary for their services.

Section 6.02    Reimbursement to General Partners

   The General Partners shall be reimbursed for all expenses incurred by them on behalf of the Partnership.

ARTICLE VII

ACCOUNTING

Section 7.01    Method of Accounting

   The Partnership shall keep its accounting records and reports for income tax purposes on the cash basis. The records shall be maintained in accordance with generally accepted accounting principles.

Section 7.02    Annual Statements

   Financial statements shall be prepared not less than annually by a public accountant and copies of such statements shall be delivered to each General Partner. If required by law, copies of all income tax returns filed by the Partnership shall also be filed by the General Partners. The public accountant shall be chosen by the Manager.

ARTICLE VIII

WITHDRAWAL OF A GENERAL PARTNER

If a General Partner dies, becomes incapacitated, withdraws or becomes bankrupt, the Partnership shall dissolve and thereafter conduct only the activities necessary to wind up its affairs and liquidate.

ARTICLE IX

TERM OF THE PARTNERSHIP

The Partnership shall commence on May 20, 1996 and shall continue until May 20, 2026 unless terminated at an earlier date as herein provided.

ARTICLE X

VOLUNTARY DISSOLUTION

Section 10.01  Winding up the Partnership

The General Partners may each dissolve the Partnership at any time. Such decision to dissolve the Partnership by any of the General Partners shall be considered a voluntary dissolution and the Partnership shall immediately commence to wind up its affairs. The General Partners shall continue to share profits and losses during the period of dissolution in the same proportion as before dissolution. The proceeds from liquidation of the Partnership assets shall be applied as follows:

(i)   Payments to creditors of the Partnership, other than General Partners, in the order provided by law;

(ii)  Payment of creditors of the Partnership who are General Partners on a pro rata basis;

(iii) Payment to the General Partners of the credit balances in their capital accounts.

Section 10.02  Gains or Losses in the Process of Liquidation

Any gain or loss ion disposition of the Partnership properties in liquidation shall be credited or charged to the General Partners in the proportion of their interest in the profits and losses as specified in Section 4.01. Any property distributed in kind, in liquidation, shall be valued and treated as though the property were sold and cash proceeds were distributed. The difference between the value of the property

-4-

distributed in kind and its book value shall be treated as a gain or loss from the sale of property and shall be credited or charged to the General Partners in the proportion of their interest in Profits or Losses as specified in Article 4.01.

## ARTICLE XI

### MISCELLANEOUS

Section 11.01  Arbitration

If any controversy or claim arising out of this Partnership Agreement cannot be settled by the General Partners, it shall be settled by arbitration in accordance with the rules of the American Arbitration Association then in effect and judgment on the award may be entered in any court having jurisdiction.

Section 11.02  Law

This Agreement will be deemed to have been executed in the State of New York and will be construed and interpreted in accordance with the laws of that state.

Section 11.03  Binding Effect

This Agreement and all of the terms and provisions will be binding upon and enure to the benefit of the General Partners and their respective heirs, administrators, trustees, successors and assigns.

IN WITNESS WHEREOF, the parties have signed this General Partnership Agreement as of the 20th day of May, 1996.

_____
MARTIN J. JOEL

_____
SYLVIA ANN JOEL

## SCHEDULE A-1

## THE MARTIN J. JOEL PARTNERSHIP

| General Partner | Initial Capital Contribution | Percentage of Capital |
|---|---|---|
| Martin J. Joel | $5,139,610.47* | 99% |
| Sylvia Ann Joel | 51,915.26* | 1% |
| | $5,191,525.73* | 100% |

*Valued as at 5/31/96

F:\WORK\HK\JOEL.AGM

-6-