BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com
Marc D. Powers
Email: mpowers@bakerlaw.com
Timothy S. Pfeifer
Email: tpfeifer@bakerlaw.com

Presentment Date: June 3, 2010
Time: 12:00 p.m.

Objections Due: June 3, 2010
Time: 11:00 a.m.

*Attorneys for Irving H. Picard, Esq., Trustee
for the Substantively Consolidated SIPA Liquidation
of Bernard L. Madoff Investment Securities LLC
and Bernard L. Madoff*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>       Plaintiff-Applicant,<br><br>       v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>       Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>       Debtor. | |

**TRUSTEE'S MOTION PURSUANT TO 28 U.S.C. § 1781(b)(2) AND RULE 2004
OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR
AN ORDER ISSUING REQUESTS FOR JUDICIAL ASSISTANCE (LETTERS
ROGATORY) FOR SERVICE OF SUBPOENAS UPON LANDMARK
INVESTMENT FUND, M&B CAPITAL ADVISERS AND BANK OF IRELAND GROUP**

Pursuant to 28 U.S.C. § 1781(b)(2) and Rule 2004 of the Federal Rules of Bankruptcy Procedure, Irving H. Picard, Esq., as trustee ("Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, individually, hereby moves this Court (the "Motion") for the entry of an Order issuing requests for judicial assistance ("Letters Rogatory") from the following judicial authorities: (1) the appropriate judicial authority of Ireland for the service of a Rule 2004 subpoena upon Landmark Investment Fund Ireland; (2) the appropriate judicial authority of Spain for the service of a Rule 2004 subpoena upon M&B Capital Advisers, Sociedad De Valores, S.A.; and (3) the appropriate judicial authority of Ireland for the service of a Rule 2004 subpoena upon Bank of Ireland Group; and, in support thereof, respectfully requests as follows:

## JURISDICTION AND VENUE

1. The Trustee asserts that this Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and sections 78eee(b)(2)(A) and (b)(4) of SIPA. The Trustee also asserts that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O), and that venue is proper in this district pursuant to 28 U.S.C. § 1409.

2. The statutory predicates for the relief requested are Rule 2004 of the Federal Rules of Bankruptcy Procedure, U.S.C. § 1781(b)(2), and the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, concluded March 18, 1970.

## BACKGROUND

1. BLMIS is a New York limited liability company that is wholly owned by Mr. Madoff, who was also its founder, chairman and chief executive officer. BLMIS was registered as a securities broker-dealer under the U.S. Securities Exchange Act of 1934 and was also a member of the Securities Investor Protection Corporation ("SIPC").

2

2. As is now well-known, BLMIS' investment advisory business purportedly generated consistent annual returns regardless of the underlying performance of the stock market. Mr. Madoff and BLMIS represented that this was attributable to a trading strategy which involved investing in equity securities whilst at the same time selling call options and purchasing put options on those equities, a so-called "split-strike conversion strategy."

3. Customers of the investment advisory business received monthly or quarterly statements purportedly showing the securities held, or traded through, their accounts. The reported trades, however, were a complete fabrication. In pleading guilty to the crimes he committed, Madoff admitted that, since at least the early 1990s, the investment advisory business of BLMIS was used to operate a Ponzi scheme.[1]

4. At all relevant times, the investment advisory business was operated as a Ponzi scheme. New investments received from investors were primarily used to fund distributions to, or payments on behalf of, other investors. Money invested with BLMIS was simply used to sustain the Ponzi scheme and to enrich Mr. Madoff and others who received the benefit of payments out of BLMIS. In an attempt to conceal the fraud, and thereby hinder, delay and defraud other current and prospective investors, BLMIS routinely paid redeeming investors the artificial amounts shown in their customer statements, including both non-existent capital and fictitious profits. The Ponzi scheme collapsed in December 2008.

5. The investment advisory business had approximately 8,000 customers. Many of these customers were so-called "feeder funds" or other intermediaries investing money on behalf of their own clients. This Motion concerns the request for documents from such feeder funds

---

[1] The Trustee is investigating whether the fraud at BLMIS extends back further than the early 1990s.

and related entities which are located in various foreign countries, namely, Landmark Investment Fund in Ireland ("Landmark"), M&B Capital Advisers, Sociedad de Valores, S.A. ("M&B") in Spain and Bank of Ireland Group ("Bank of Ireland") in Ireland.

### RELIEF REQUESTED AND SUMMARY OF REASONS THEREFOR

1. By this Motion, the Trustee seeks the entry of an Order, pursuant to 28 U.S.C. § 1781(b)(2) and Fed. R. Bankr. 2004 directing that three Letters Rogatory be issued in this proceeding to seek the production of documents therein requested from Landmark, M&B and Bank of Ireland.

2. Upon information and belief, Landmark is an Irish fund created in 2007 as an investment vehicle into BLMIS. Landmark held BLMIS Account No. 1FR133 and is affiliated with two other funds: Alternative Advantage Public Ltd. and Global Investments PLC. All three funds were managed by M&B, which was owned by the son and son-in-law of Mr. Botin of Banco Santander S.A. The Trustee has a potential preference claim of $27,582,455.08 against Landmark, as well as a potential two-year fraudulent conveyance claim of $52,000,000.00. In order to adequately investigate such claims and determine whether to assert them against Landmark, the Trustee requires documents from Landmark regarding, *inter alia*, the organization or establishment of Landmark, the marketing materials furnished to Landmark's investors, Landmark's policies and procedures with respect to the selection of investment managers, all subscriptions and redemptions for Landmark and their related agreements, as well as Landmark's due diligence efforts with respect to BLMIS.

3. A proposed Letters Rogatory (a form of which is attached to the annexed form of Order as Exhibit 1) provides that this Court respectfully request that the applicable court in

4

Ireland, in furtherance of justice by the proper and usual process, cause Landmark to produce such documentary evidence in its possession as shall fulfill the request made by such order of this Court. Such a request for international cooperation is provided for in Article 3 of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, concluded March 18, 1970.

4. By virtue of its status as the investment manager of Landmark, M&B possesses documents relating to, *inter alia*, the organization or establishment of Landmark, the marketing materials furnished to Landmark's investors, Landmark's policies and procedures with respect to the selection of investment managers, all subscriptions and redemptions for Landmark and related agreements, as well as Landmark's due diligence efforts with respect to BLMIS. The Trustee needs each of these documents in the furtherance of his investigation of Landmark.

5. A proposed Letters Rogatory (a form of which is attached to the annexed form of Order as Exhibit 2) provides that this Court respectfully request that the applicable court in Spain, in furtherance of justice by the proper and usual process, cause M&B to produce such documentary evidence in its possession as shall fulfill the request made by such order of this Court. Such a request for international cooperation is provided for in Article 3 of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, concluded March 18, 1970.

6. Based on information provided to the Trustee by the Maxam Absolute Return Fund LP, a U.S. fund directly invested in BLMIS, at least US$23 million that was initially transferred out of the BLMIS bank account ultimately was transferred to Bank of Ireland

5

Nominees Limited within 90 days of the Filing Date,[2] first through the Maxam Fund and then through the Maxam Absolute Return Fund Limited ("Maxam Limited"). Upon information and belief, Bank of Ireland Nominees Limited is a subsidiary of Bank of Ireland Group. Maxam Limited is a fund registered in the Cayman Islands. Upon information and belief, Bank of Ireland Nominees Limited received these funds on behalf of its client who was invested in Maxam Limited. Bank of Ireland Group possesses documents relating to, *inter alia*, documents reflecting the transfer of funds to the investor in the Maxam Absolute Return Fund Limited as well as documents providing information regarding the ultimate investor.

7. A proposed Letters Rogatory (a form of which is attached to the annexed form of Order as Exhibit 3) provides that this Court respectfully request that the applicable court in Ireland, in furtherance of justice by the proper and usual process, cause Bank of Ireland to produce such documentary evidence in its possession as shall fulfill the request made by such order of this Court. Such a request for international cooperation is provided for in Article 3 of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, concluded March 18, 1970.

8. All of the documents referenced herein are relevant and necessary in order to allow the Trustee to carry out his duties of marshaling the assets and properly administering the BLMIS estate. No previous application for the relief sought herein has been made.

---

[2] Section 78*lll*(7)(B) of the Securities Investor Protection Act ("SIPA"), states that the filing date is "the date on which an application for a protective decree is filed under section 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78*lll*(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008 (the "**Filing Date**").

6

## WAIVER OF MEMORANDUM OF LAW

Because this Motion presents no novel issues of law and the authorities relied upon are cited herein, the Trustee requests that the Court dispense with the requirement of Local Bankruptcy Rule 9013-1(b) that a memorandum of law be submitted herewith.

**WHEREFORE**, the Trustee respectfully requests that this Court enter an order, substantially in the form of the proposed order attached hereto, issuing three Letters Rogatory seeking the production of documents from Landmark, M&B and Bank of Ireland. The proposed Letters Rogatory are attached to the proposed order attached hereto. Upon approval of the Letters Rogatory, the Trustee will arrange to have them translated as necessary.

Dated: New York, New York
May 25, 2010

Respectfully submitted,

*s/Marc E. Hirschfield*
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com
Marc D. Powers
Email: mpowers@bakerlaw.com
Timothy S. Pfeifer
Email: tpfeifer@bakerlaw.com

*Attorneys for Irving H. Picard, Esq. Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*