Bellows and Bellows, P.C.
209 South LaSalle Street, Ste. 800
Chicago, IL 60604
312-332-3340
Attorneys for Brian Gerber

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------  Adv. Pro. No. 08-01789 (BRL)

SECURITIES INVESTOR PROTECTION
CORPORATION,

        Plaintiffs,
v.                                                     SIPA Liquidation

BERNARD L. MADOFF INVESTMENT
SECURITIES, LLC.

        Defendant.
------------------------------------------------------------

## OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM

NOW COMES Claimant Brian H. Gerber, by and through his attorneys Bellows and Bellows, P.C., and for his objection to the Notice of Trustee's Determination of Claim dated April 27, 2010, states as follows:

### BACKGROUND

1.     Like other BLMIS investors, Gerber invested money based on an elaborate scheme of fraud and deception by Bernie Madoff. Gerber invested in excess of $2 million dollars and, at the time that Madoff's activities were discovered, had two accounts with BLMIS, of which Account # 1G0247 (the Account) was one.

2. Gerber filed a SIPC Claim for the Account on February 11, 2009, attached is Gerber's most recent account statement as evidence of the securities owed to him for this account for recovery of his "customer property." (Attached as "Exhibit A")

3. On April 29, 2010, Gerber received a Notice of Trustee's Determination of Claim ("Trustee's Determination"), dated April 27, 2010 which denied his claim for securities pursuant to the Securities Investor Protection Act ("SIPA") for Account No. 1G0247. (Attached as "Exhibit B")

4. For the reasons set forth below, Gerber Objects to the Trustee's determination with respect to **Account No. 1G0247** and requests a hearing.

**ARGUMENT**

5. Gerber reserves his right to challenge the Trustee's determination of "net equity" as inconsistent with the language and intent of the SIPA and relevant precedent. Further, Gerber expressly adopts and incorporates the arguments in opposition to the Trustee's determination of "net equity" filed before this Court by similarly situated investors. Gerber, like the other investors, is being punished for his good-faith reliance on the statements he received from the Debtor. Gerber should be entitled to the value of his securities position as reflected on his November 30, 2010 statement from BLMIS, (Exhibit A), because the Trustee has authority to purchase securities as necessary to satisfy customers' claims for return of customer property. 15 U.S.C. §78 fff-2(d).

6. Gerber is a "customer" as defined by SIPA, 15 U.S.C. §78lll (2). As such, it is Gerber's legitimate expectations on the filing date that should determine the availability, nature, and extent of his relief under SIPA. *In re New York Times Securities Services, Inc.*, 463 F. 3d 125, 128 (internal citation omitted). In *In re New York Times*, the Second Circuit interpreted the

2

SIPA legislative scheme as follows: "The SIPA scheme assumes that a customer-as an investor-wishes to retain his investments despite the liquidation of the broker; the statute thus works to expose the customer to the same risks and rewards that would be enjoyed had there been no liquidation." *Id.* at 128-29. In interpreting SIPA, the Court should protect a "customer's 'legitimate expectations' based on written confirmations of transactions. *Id.* at 129.

7. On December 23, 2008 this Court ordered the Trustee to satisfy customers' claims in accordance with Debtor's "books and records." Therefore, the Trustee should be bound to honor Gerber's legitimate expectations based on the November 30, 2008 statement generated by BLMIS.

8. SIPA was enacted in 1970 to restore investor confidence in the capital markets and upgrade the financial responsibility requirements for registered brokers and dealers. *SIPC v. Barbour*, 421 U.S. 412, 415. The Trustee's determination of the Account directly conflicts with the purpose and goals of the Statute.

I. Gerber should be entitled to recognition for amounts transferred from other accounts because they are indistinguishable from other investments.

9. First, some of the transfers that occurred from within BLMIS accounts appear to have been performed internally without customer control or consent. Gerber was entitled to these funds when they were transferred and the transfers were made in the ordinary course of business. Gerber had no knowledge either actual or constructive to the contrary. Given the breadth and sophistication of the scheme of fraud and deception perpetrated by BLMIS, it is clear that there was no way for Gerber to know otherwise.

10. Second, money is fungible. The SIPC Trustee has made its claim by adjusting the values of transfers made form other BLMIS accounts in the aggregate amount of over $2,000,000 to $0.00 zero. (Exhibit B) Because money is fungible, these transfers are no different

in substance than other deposits made by Gerber. It is clear that at the time that these transfers were made, Gerber could have just as easily withdrawn the funds in their entirety and deposited a separate check into the Account. The Trustee has not provided a sufficient basis to deny Gerber credit for the full amount of his transfers. Moreover, the Trustee ignores that Gerber had invested "real" money with Maddoff in the "transferor accounts". Under the Trusee's approach, the Court must believe that the amounts represented in the "transferor accounts" simply appeared one day out of thin air. The Trustee's failure to credit all of Gerber's investments (and appreciation thereon) has deprived him of his right to recover under SIPA.

11. The Trustee is attempting to avoid transfers from Gerber's other BLMIS accounts as though Gerber was the perpetrator of the fraud and not its victim. Gerber was the victim and made the transfers in good faith without notice. The Trustee has not and cannot meet his burden of proof required to treat Gerber's legitimate transfers as fraudulent conveyances. However, even if the Trustee could avoid the legitimate transfers of BLMIS customers, he would be limited to the two-year statute of limitations under Section 548 of the Bankruptcy Code. 11 U.S.C. § 548 see also 15 U.S.C. §78fff (b) providing for application of title 11 to SIPC liquidations. The Trustee has far exceeded that limitations period in this case and should be barred from doing so.

II.     Trustee must provide the debtors books and records for examination to support its determination.

12. The Trustee's Determination relies on alleged withdrawals beginning more than thirteen years ago. This period of time far exceeds mandatory record retention periods and guidelines under tax laws and professional rules and regulations for attorneys and accountants. It is unreasonable to assume that customers would have required records to dispute such allegations. Therefore, the Customers should be relieved of the obligation to dispute these allegations and at the very least; the Trustee should bear the burden of proving that these

4

withdrawals in fact occurred. If the Trustee is not able to satisfy its burden, these amounts should be credited to Gerber's account.

## Conclusion

Gerber is entitled to recognition of the full value of his claim as evidenced by the November 30, 2008 statement. (Exhibit A) Gerber requests that this Court reverse the Trustee's determination and enter an order compelling the Trustee and SIPC to replace the securities in the Account to no less than $500,000; and for such other and further relief as this Court deems just and proper.

Respectfully Submitted by,

BELLOWS AND BELLOWS, P.C.

By ___/s/___

Christopher L. Gallinari, Esq.
209 South LaSalle Street, Suite 800
Chicago, Illinois 60604
312-332-3340

Attorneys for Brian H. Gerber