MILBERG LLP
Jonathan M. Landers
Lori G. Feldman
Kristi Stahnke McGregor
Jennifer L. Young
One Pennsylvania Plaza
48th Floor
New York, NY 10119
Telephone: (212) 594-5300
Facsimile: (212) 868-1229

SEEGER WEISS LLP
Stephen A. Weiss
Christopher M. Van de Kieft
Parvin Aminolroaya
One William Street
New York, NY 10004
Telephone: (212) 584-0700
Facsimile:  (212) 584-0799

*Attorneys for Dr. Lynn Lazarus Serper*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff,<br><br>  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | |

**OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM**

Dr. Lynn Lazarus Serper, by and through her attorneys, hereby objects to the Notice of Trustee's Determination of Claim dated October 19, 2009[1] ("Determination Letter") (Exhibit A) disallowing Dr. Serper's Customer Claim (Exhibit B), as follows.

1. The Trustee's calculation of Dr. Serper's "net equity" does not comport with Dr. Serper's final Bernard L. Madoff Investment Securities, LLC ("BMIS") statement, as required by the Securities Investor Protection Act ("SIPA"). *See* 15 U.S.C. §§ 78lll(11), 78fff-2(b).[2]

2. The Trustee's claims calculation methodology fails to account for income taxes Dr. Serper paid on the gains reported on her BMIS statements. Accordingly, the Trustee should adjust Dr. Serper's claim calculation to account for all amounts she paid as income taxes on allegedly fictitious gains.

3. In the event that it should be finally determined that claimed gains on deposited funds should not be allowed, then in the alternative, Dr. Serper is entitled to recover interest on such deposited amounts in accordance with state law or as an adjustment for the time value of money.

4. For the foregoing reasons, Dr. Serper's Customer Claim should be allowed in its entirety.

5. Dr. Serper requests discovery of any and all documents and information relating to her BMIS account.

6. Dr. Serper requests such other relief as may be just and equitable.

---

[1] Although the Determination Letter is addressed to Dr. Serper, she did not receive it within 30 days of the date of the letter.

[2] The Trustee's website states that customers need not file objections with regard to the Trustee's calculation of "net equity," because if the Trustee's calculation methodology is deemed incorrect, he will redetermine all customer claims. *See* Trustee's FAQ at www.madofftrustee.com. Nonetheless, Dr. Serper files this objection in an abundance of caution and to preserve her rights, claims, and defenses.

2

7.      Dr. Serper incorporates by reference all reservations of rights set forth in her Customer Claim and any supplements thereto, as well as all rights claims and defenses relating to the Trustee's representation that if his claims calculation methodology should be deemed incorrect, he will redetermine customer claims.  *See* Trustee's FAQ at www.madofftrustee.com.

Dated: May 28, 2010

>  s/ Jonathan M. Landers
> MILBERG LLP
> Jonathan M. Landers
> Lori G. Feldman
> Kristi Stahnke McGregor
> Jennifer L. Young
> One Pennsylvania Plaza
> 48th Floor
> New York, NY 10119
> Telephone: (212) 594-5300
> Facsimile: (212) 868-1229
>
> SEEGER WEISS LLP
> Stephen A. Weiss
> Christopher M. Van de Kieft
> Parvin Aminolroaya
> One William Street
> New York, NY 10004
> Telephone: (212) 584-0700
> Facsimile:  (212) 584-0799
>
> *Attorneys for Dr. Lynn Lazarus Serper*

3