**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------
In re:

BERNARD L. MADOFF,

                Debtor
-------------------------------------------------------------

SECURITIES INVESTOR PROTECTION        Adv. Pro. No. 08-01789 (BRL)
CORPORATION,

                                                   SIPA Liquidation
                Plaintiff,                (Substantively Consolidated)

      v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

                Defendant.
-------------------------------------------------------------

# OBJECTIONS
# TO
# NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

      For his Objections to the Notice of Trustee's Determination of Claim ("the Determination"),[1] David Schwartzman states as follows:

      1.    Mr. Schwartzman objects that the Trustee's definition of "net equity" is inconsistent with the definition of that term as set forth in the Securities Investor Protection Act of 1970, 15 U.S.C. § 78 lll(11). In support of this objection, Mr. Schwartzman relies upon and incorporates by reference the objections filed by other BLMIS investors, including but not limited to Lawrence R. Velvel (ECF Document No 456); Sienna Partnership, L.P. (ECF

---

[1] By email message dated April 27, 2010, the Trustee, by and through one of his attorneys, Courtni E. Thorpe of Baker Hostetler LLP, extended until June 7, 2010 the time available for David Schwartzman to file these Objections.

1

Document No. 1073); Premero Investment LTD (ECF Document No. 986), and S. James Coppersmith (ECF Document No. 981).  When properly viewed, Mr. Schwartzman's net equity for purposes of calculating his claim under the Securities Investor Protection Act of 1970 is well in excess of $500,000.

2.	Even if the Court were to accept the Trustee's improper definition of "net equity," the Trustee would still be incorrect that "the amount of money [Mr. Schwartzman] withdrew from [his] account at BLMIS ($358,000.00) … is greater than the amount that was deposited with BLMIS for the purchase of securities…."  In fact, *even under the Trustee's definition*, Mr. Schwartzman's total "net equity" in the IRA account at issue is at least $500,000, because the funds deposited in that account ($4,897,026.89) was substantially more than the total of all funds withdrawn from that account ($358,000).

3.	Based on conversations with the Trustee's attorneys and forensic accountant, Mr. Schwartzman understands that the Trustee is wrongfully disregarding the funds deposited into the IRA account at issue based on a belief that Mr. Schwartzman withdrew funds in excess of those deposit amounts from other BLMIS pension accounts.  That belief is incorrect for several reasons, including the following: (a) many of the withdrawals from those other BLMIS pension accounts were by and for the benefit of persons other than Mr. Schwartzman; and (b) the Trustee's records do not reflect significant funds that Mr. Schwartzman caused to be deposited into those other accounts.

Based upon these Objections, and for the foregoing reasons, Mr. Schwartzman's SIPC Claim should be approved, and the Trustee should be ordered to pay Mr. Schwartzman the required SIPC amount of $500,000.

Dated:  June 1, 2010

/s/ Lawrence M. Shapiro
Lawrence M. Shapiro, P.A.
Mark L. Johnson
Greene Espel P.L.L.P.
200 South Sixth Street, Suite 1200
Minneapolis, MN 55402
LShapiro@GreeneEspel.com
MJohnson@GreeneEspel.com
(612) 373-0830