# EXHIBIT C

Transcript - Hearing Held 12-17-2009 - Second Interim Fee Applications.TXT
                                                                    1

    1   UNITED STATES BANKRUPTCY COURT

    2   SOUTHERN DISTRICT OF NEW YORK

    3   --------------------------------x

    4     In the Matter

    5        of                              Index No.
                                             01-08-01789
    6   BERNARD L. MADOFF,  IRVING PICARD
        and THE BANKRUPTCY LINK, et al.
    7
                          Debtors.
    8
        --------------------------------x
    9
                                    December 17, 2009
   10
                                    United States Custom House
   11                               One Bowling Green
                                    New York, New York 10004
   12

   13   In Re Fee Application for all Professionals, et al.

   14
                      B E F O R E:
   15
                          HON. BURTON R. LIFLAND,
   16
                                    U.S. Bankruptcy Judge
   17

   18

   19

   20

   21

   22

   23

   24

   25


     ᘃ

                                                          2


      1
           A P P E A R A N C E S:
                          Page 1

Transcript - Hearing Held 12-17-2009 - Second Interim Fee Applications.TXT
```
 2

 3              BAKER HOSTETLER, LLP
                Attorneys for Irving H. Picard, Esq., SIPA Trustee
 4                   45 Rockefeller Plaza
                     New York, New York 10017
 5
                BY:    DAVID SHEEHAN, ESQ.
 6
                         -and-
 7
                     MARC E. HIRSCHFIELD, ESQ.
 8

 9

10

11              SECURITIES INVESTOR PROTECTION CORPORATION
                     805 15th Street, Suite 800
12                   Washington,  D.C.  20005

13              BY:    KEVIN H. BELL, ESQ.

14

15              BAKER HOSTETLER, LLP
                     3200 National City Center
16                   1900 East Ninth Street
                     Cleveland, Ohio 44114
17
                BY:    LOUIS A. COLOMBO, ESQ.
18                       -and-
                     DAVID E. KITCHEN, SQ.
19

20

21

22

23

24

25
```

 

3

```
 1   A P P E A R A N C E S:  (Continued)

 2

 3

 4              PHILLIPS NIZER, LLP
                     Attorneys for Objectants,
                          Page 2
```

Transcript - Hearing Held 12-17-2009 - Second Interim Fee Applications.TXT

```
 5                The Peskins, Maureen Ebel and others
                  666 Fifth Avenue
 6                New York, New York 10103

 7        BY:     CHRYSSA V. VALLETTA, ESQ.

 8

 9


10
          REEDSMITH, LLP
11                Attorneys for Bart Schwartz, the New York
                  State appointed Receiver for the Ariel fund
12                and THE Gabriel Fund
                  599 Lexington Avenue, 29th Floor
13                New York, New York  10022

14        BY:     JAMES C. McCARROLL, ESQ.
                        -and-
15                LANCE GOTTHOFFER, ESQ.
                        -and-
16                JOHN SCOTT, ESQ..

17

18

19
          DECHERT, LLP
20                Attorneys for J. Ezra Merkin and Gabriel
                  Capital Corporation
21                1095 Avenue of the Americas
                  New York, New York 10036-6797
22
          BY:     ANDREW J. LEVANDER, ESQ.
23                    -and-
                  GARY J. MENNITT, ESQ.
24

25
```

                                                                    4

```
 1     A P P E A R A N C E S:  (Continued)

 2

 3          WINDELS MARX LANE & MITTENDORF, LLP
                  Attorneys for Chapter 7 Trustee
 4                156 West 56th Street
                  New York, New York  10019
 5
          BY:     ALAN NISSELSON, ESQ.
 6                    -and-
                  REGINA GRIFFIN, ESQ.
 7
```

Transcript - Hearing Held 12-17-2009 - Second Interim Fee Applications.TXT

```
 8
 9              RICHARDS KIBBE ORBE, LLP
                     Attorneys for Reciever, Lee Richards
10                   1 World Financial Center
                     New York, New York  10281
11
           BY:    DANIEL ZINMAN, ESQ.
12

13

14   ALSO PRESENT:

15                   Lee Richards

16                   Stefanie Grossman

17

18

19

20

21

22

23

24

25
```

☐

                                                                    5

```
 1        ,                Proceedings
 2                    THE COURT:  Bernard Madoff, Irving Picard
 3   and the Bankruptcy Link.
 4                    MR. SHEEHAN:  Good morning, Your Honor.
 5                    THE COURT:   Good morning.
 6                    MR. SHEEHAN:  David Sheehan with the law
 7   firm of Baker Hostetler on behalf of the trustee for the
 8   liquidation Bernard Madoff, Securities Investor Protection
 9   Corp., LLC.
10                    As you are fully aware, we have a number of
```

Transcript - Hearing Held 12-17-2009 - Second Interim Fee Applications.TXT

11    matters on for a hearing this morning.

12              What we propose, Your Honor, and I think we

13    informed your chambers of this, we would like to see what I

14    am calling the Merkin matters, the motions to dismiss and

15    the cases of Ariel and the Gabriel Funds that are on for

16    hearing this morning, that they be heard first.

17              And with regard to those motions I will not

18    be arguing them, Your Honor.   My partner, Louis Colombo

19    will be.

20              His pro hac viche admission is in process.

21    It has not been fully processed, but I would like the

22    Court's permission and counsel on the other side since Mr.

23    Colombo has been handling matters since the outset that he

24    be permitted to argue the motion here this morning?

25              THE COURT:  There are some head nods at the

0                                                              6

1     table.

2              There is no objection.

3              The application is granted.  We will

4     proceed to the many fee applications that we have.

5              MR. LEVANDER:   Your Honor, Andrew Levander

6     from the Dechert, LLP law firm.  My partner today is Gary

7     Mennitt.  We represent Mr. J. Ezra Merkin and Gabriel

8     Capital Corporation and Gabriel Capital Corporation.  It is

9     our motion to dismiss, and with the Court's leave I will

10    proceed to argument.

11              THE COURT:  Well, no, it seems to me that

12    we have a preemptive motion and that is the motion to amend

13    the complaint.

Transcript - Hearing Held 12-17-2009 - Second Interim Fee Applications.TXT

14          MR. LEVANDER:    That is fine.

15          THE COURT:  Which essentially is what your

16   motion is targeting at.   So let's hear the motion to amend

17   first.

18          MR. LEVANDER:    Fine.  My partner, Gary

19   Mennitt will handle it.

20          THE COURT: It is not his motion.

21          MR. LEVANDER:    No, it is his opposition.

22          MR. COLOMBO:  The motion for leave to file

23   the second amended complaint as filed with the Court, and

24   as the Court is well aware we are in the very early stage

25   in those proceedings.   There has been no discovery, we are

□

7

1    still in the pleading stage.

2           The test for allowing the amendment, of

3    course, is whether there is undue delay, which there hasn't

4    been; whether there is prejudice, there hasn't been.   They

5    don't even challenge those issues in their briefs in

6    opposition to the motion for relief.   They challenge the

7    motion on the grounds that the amendment would be futile,

8    but they never come to grips with what the thrust of the

9    amendment is, the thrust of the amendment is to assert

10   claims against Ezra Merkin, individually, as the general

11   partner of these various funds, such as Ascot and Gabriel;

12   Ascot in particular and as the general partner, the second

13   amended claim asserts he is liable under New York law or

14   Delaware law, whatever controls for the obligations of the

15   fund, to the extent the fund can't satisfy those

16   obligations of what we have alleged in the second amended

Page 6

Transcript - Hearing Held 12-17-2009 - Second Interim Fee Applications.TXT

17   claim.

18              We gather in our reply brief that fully

19   establishes that Merkin is, in fact, obligated either under

20   New York or Delaware law to satisfy the obligations of the

21   partnership, to the extent the partnership cannot, I

22   understand Ascot has essentially millions of dollars in

23   fraudulent transfers, preferential transfers and in seeking

24   to recover the second amended claim asks to proceed against

25   Merkin.   The law supports us, there has been undue delay


8


1   and we ask that it should be allowed.

2              THE COURT:   Thank you.

3              MR. MENNITT:   Gary Mennitt of the law firm

4   Dechert, LLP, and Mr. Levander's partner.

5              Today we are before Your Honor with a

6   motion to amend the complaint.   We represent Ezra Merkin,

7   Gabriel Capital Corporation and it is not an issue on that

8   motion to amend.

9              Mr. Colombo's presentation just completely

10   ignores the structure of the fraudulent conveyance

11   provisions in the Bankruptcy Code, and the limited ability

12   that a debtor-in-possession or trustee has to enforce those

13   rules in Bankruptcy Court.

14              We did not dispute in our obligations to

15   this motion the proposition that a general partner is

16   generally liable for the obligations of a limited

17   partnership, and that is the thrust of what Mr. Colombo

18   just stood up and said, that is the thrust of what is in

19   their motion papers but that is not even close to adequate

Page 7

Transcript - Hearing Held 12-17-2009 - Second Interim Fee Applications.TXT

20    because, and as a result their motion to amend is futile

21    and the complaint as against Ezra Merkin for general

22    partner liability would notwithstanding a motion to

23    dismiss.

24              And the reason is because of the

25    application of Section 550 of the Bankruptcy Code, Your

⬚

9

1     Honor.  Section 550 of the Bankruptcy Code sets up an

2     exclusive remedy, it sets up an exclusive remedy that a

3     Debtor-in-Possession or trustee has to enforce either the

4     Section 548 federal fraudulent conveyance provisions of the

5     Bankruptcy Code, but also the Section 544, the fraudulent

6     conveyance provision, that are incorporated in the

7     Bankruptcy Code state law provision.

8              They are only incorporated in the

9     Bankruptcy Court through Section 544, and as the Court is

10    well aware those rights do not inure to the Debtor outside

11    of bankruptcy.

12              The fact that Section 550 is the exclusive

13    source of power for the Debtor in possession or the trustee

14    to recover under any fraudulent conveyance action under the

15    Bankruptcy Code is black letter law, and cases are cited on

16    page 2 and on page 3 of our brief.  Those are the

17    Telligent case, Stratton Oakmont, Pereira and Hooker.

18              In the reply brief that the trustee filed

19    in this case they don't cite any of those cases because

20    they know it is black letter law.  They cannot challenge

21    the proposition that all fraudulent conveyance claims must

22    channel through Section 550 in this Court.

Transcript - Hearing Held 12-17-2009 - Second Interim Fee Applications.TXT
23              There is no other power.   There is no

24    power under Delaware law to sue a general partner except

25    through Section 550.   They know that.   They don't address

 

10

1    any of those cases.

2              The structure of the bankruptcy, Your

3    Honor, the provisions, and I won't spend too long on this

4    because I know the Court has written many times on these

5    issues, is basically as follows:   Under Section 544(b),

6    the trustee can step in the shoes of the creditor and may

7    avoid any transfer avoidable under the applicable law by a

8    creditor.

9              Of course, that right, Your Honor, does not

10    exist outside the Bankruptcy Code by a Debtor, outside the

11    Bankruptcy Code, outside bankruptcy a Debtor can never sue

12    the recipient of a transfer of its property to recover that

13    property on the ground that it was a fraudulent conveyance.

14              THE COURT:  It sounds to me, counsel, like

15    you are arguing the notion to dismiss targeted for the

16    second amended complaint.

17              And that the thrust of your argument is

18    that if I grant the application it would be futile.

19              MR. MENNITT:   That is correct.   It would

20    not survive the motion to dismiss. That is correct, it is a

21    futile argument.

22              THE COURT:  Do you have anymore witness?

23              MR. MENNITT:  That is a ground for you to

24    deny the motion to amend.

25              THE COURT:  I understand that.

Page 9

Transcript - Hearing Held 12-17-2009 - Second Interim Fee Applications.TXT

◻

11

 1                    MR. MENNITT:  If I could just finish, and I
 2     won't take too much more of your time.
 3                    THE COURT:  Okay.
 4                    MR. MENNITT:  Section 544 says they could
 5     step into the shoes of the Debtor, and Section 548 sets up
 6     the fraudulent conveyance claims and Section 550 provides
 7     the exclusive remedy in Bankruptcy Court.  They don't even
 8     attempt.   In our papers we went through all of the people
 9     that the Bankruptcy Code says you could collect the 550
10     claim against.  They don't even attempt to say Ezra Merkin
11     falls into any of those categories.  He is not an initial
12     transferee.  He didn't have legal authority to take that
13     money for himself.  To the extent he is a subsequent
14     transferee, they have that claim in the initial complaint
15     but it is not a subsequent transferee because he is the
16     general partner liable for all of these transfers and he is
17     not a person for whose benefit the transfer is made as the
18     general partner.
19                    We laid that all out in our brief.   They
20     don't address those issues in their response.
21                    And, Your Honor, the fundamental
22     misapprehension of the trustee with respect to this motion
23     is on Page 7 of their brief.   They said in reality the
24     proposed second amended complaint alleged that Merkin is
25     liable for Ascot transfers under the new Debtor and

◻

12

Transcript - Hearing Held 12-17-2009 - Second Interim Fee Applications.TXT

1    Creditor law as well as the Bankruptcy Code.  See, their

2    whole theory here, Your Honor, is that somehow because they

3    are alleging state law claims under Delaware law for GP

4    liability and under the state law --

5                    THE COURT:  They are arguing the motion to

6    dismiss the second amended complaint.

7                    MR. MENNITT:  But that is exactly what a

8    futility motion is.

9                    THE COURT:  I understand that.  As I said,

10   I have read all of the papers and I understand that the

11   whole argument that you make is a futility argument.

12                   MR. MENNITT:  That is absolutely correct.

13                   THE COURT:  That is absolutely correct.

14                   MR. COLOMBO:  Maybe we are talking at cross

15   purposes, but we are saying as a matter of law Mr. Merkin

16   is liable for paying for those transfers that Ascot cannot

17   pay.  That is as simple as I could say it.  And we don't

18   think it is a futile argument.  We think it is supported

19   by laws in our briefs that we should be allowed to pursue

20   the claim.

21                   THE COURT:  Thank you.  As you well know,

22   we are at the early stages here, and the trustee is dealing

23   with a very complex set of facts, the facts are constantly

24   emerging.  All you have to do is follow the media and find

25   out that more facts are unfolding every day.  So it is not

1    beyond comprehension that you would get several requests

2    for an amended complaint as more factors are discovered.

3                    The argument of futility I cannot buy into
                                        Page 11

Transcript - Hearing Held 12-17-2009 - Second Interim Fee Applications.TXT

4   at this point.

5              It is one that is supplanted by the fact

6   that the second amended complaint as proposed does, subject

7   to joinder pleadings present sufficient to withstand the

8   motion, the objection to a motion to amend.

9              It is clear that a party may amend its

10  pleading on leave of the Court, as justice so requires and

11  in light of the highly complex investigation and continuing

12  discovery of new facts the Trustee apparently in good faith

13  is asserting new liability claims against Mr. Merkin

14  sufficient to open the door for the joinder of issues. That

15  is where I am coming from, the joinder of issues, and then

16  I will entertain the motions to dismiss if the Trustee has

17  not plead sufficiently under those circumstances.

18             Therefore, I am going to grant the

19  Trustee's motion for leave to file the second amended

20  complaint.

21             Now, that carries with it a reaction to the

22  other pending motion, and that is a motion to dismiss.

23  Some parties, some parties including the Trustee seem to

24  feel that this motion to amend only targets one or two of

25  all of the defendants.   I disagree.

□

                                                            14

1              I think the rules and common sense indicate

2   all of the motions to dismiss should provide the

3   opportunity for all of the parties to effect a joinder.

4   Some of the other defendants may very well feel that the

5   second amended complaint is filed and served that they want

6   to react to it and amend their pleadings likewise.

                        Page 12

Transcript - Hearing Held 12-17-2009 - Second Interim Fee Applications.TXT

7              So I am going to adjourn all of the motions

8    to dismiss pending the  service of the second amended

9    complaint.

10              How much time do you want for filing, and

11   how much time do you want for a response?

12              MR. COLOMBO:  Today is Thursday.  I guess

13   by Monday.

14              THE COURT:  Are you sure you want Monday?

15   There should be follow-up facts coming

16              MR. LEVANDER:  It takes 30 days to make a

17   motion after that.

18              THE COURT:  Yes. Are you sure you want a

19   month because there seems to be more factors and facts

20   coming out in connection with that grand fraud almost every

21   day?  If you want a month, I will give you a month.

22              MR. COLOMBO:  I am not going for a month,

23   Your Honor.

24              THE COURT:  I don't want to be faced with

25   any continuous motions to amend based upon the latest new

15

1    fact that comes out.

2              MR. COLOMBO:  I understand that and we are

3    sensitive to that.

4              Let's say a week.

5              THE COURT:  Very well.

6              MR. LEVANDER:   And then 30 days from that.

7              Thank you very much.

8              MR. GOTHOFFER:  My name is Lance

9    Gotthoffer.  And with me today, Your Honor, is John Scott

Page 13

Transcript - Hearing Held 12-17-2009 - Second Interim Fee Applications.TXT

10    and James McCarroll from the law firm of ReedSmith

11    representing Bart Schwartz, the New York State appointed

12    receiver for the Ariel fund and the Gabriel fund.

13              Your Honor, I understand your point.   I do

14    want to say we would be happy to proceed today on argument,

15    if Your Honor will permit that, but if Your Honor has made

16    up his mind that you wouldn't permit that --

17              THE COURT:   When you see where they are

18    coming from, you may be closer to the road.

19              MR. GOTTHOFFER:   I am ready to go now or 30

20    days, as the Court may prefer.

21              THE COURT:   Okay.

22              MR. SHEEHAN:   Your Honor, we now have on

23    the agenda a number of fee applications for this morning.

24    Just to quickly review them.   There are eight separate

25    applications with regard to international counsel that have


                                                          16


1    been essentially retained by the trustee and are in various

2    jurisdictions throughout the world.

3              We had the application by Lee Richard,

4    former receiver for BLMIS and his counsel as well as for

5    Alix Partners, his consultant.

6              We also have an application by Windels

7    Marx, the special counsel retained by the Trustee.

8              We also, of course, have an application by

9    Mr. Picard as trustee and by Baker Hostetler as his

10    counsel.

11              What I would propose to do, Your Honor, is

12    to move as quickly as I can to the ones to which there is

Transcript - Hearing Held 12-17-2009 - Second Interim Fee Applications.TXT

13    no opposition.

14              I will start first with the eight

15    applications that were filed in connection with the

16    international counsel that was retained by the Trustee.

17              Very briefly, Your Honor.  As you well

18    know, as you say, not only from the newspapers report but

19    the reports filed by Court there are many actions that are

20    pending throughout the Caribbean and Europe with regard to

21    assets that we claim are part of the estate.

22              THE COURT:  I said media, I didn't

23    necessarily say newspapers.

24              MR. SHEEHAN:  I am just an old-timer so

25    that is where I get most of my news.   What could I say?


0

17


1              In any event, Your Honor, those

2    applications are all predicated upon the fact that in each

3    of those jurisdictions and Gibraltar is one I know you are

4    familiar with because we came before Your Honor to seek

5    your assistance with regard to the enforcement of our

6    action here in New York, that we have retained local

7    counsel to assist us with regard to 75 million dollars,

8    Your Honor, that is sitting in the accounts of the bank, of

9    which there are two banks.

10             But in any event, Bank Safra, and they are

11   holding their firms pursuant to the direction of the

12   Gibraltar court, and we have a fairly sophisticated fight

13   going on with regard to the Chapter 15 issue with respect

14   to the fact that we think we will come back before Your

15   Honor where there is local, criminal as well as civil and

Transcript - Hearing Held 12-17-2009 - Second Interim Fee Applications.TXT

16    the bankruptcy considerations that are in play.    That Your

17    Honor just highlights the need for that special counsel to

18    assist us in that jurisdiction.

19              You would go through each of the others,

20    Your Honor, and I wouldn't take up the Court's time this

21    morning because we have submitted it in our Trustee's

22    report, that each of those jurisdiction in which we became

23    counsel, similar actions are pending.    They are all in

24    different unique forums, in the liquidating action in

25    Bermuda, and in BVI and in the individual actions in the

18

1    Cayman Islands.

2              All of that has required us to institute

3    proceedings on behalf of Mr. Picard to appear given the

4    fact there are assets there.

5              As Your Honor knows, in a case such as

6    this, one of the things we have difficulty in doing is

7    tracing all those assets, that they go through different

8    transferees, and we have been successful in identifying a

9    number of those assets, and hopefully we will be successful

10    in retrieving them and bringing them back into the customer

11    funds and property.    But without the assistance of these

12    counsel, I don't think we could accomplish that task.

13              So, Your Honor, I would move and they are

14    not opposed, all eight applications and I could read into

15    the record the various firms.

16              There is an application for interim

17    professional compensation for Attias & Levy; for Eugene F.

18    Collins; for Lovells LLP; SCA Creque, for Higgs Johnson

Transcript - Hearing Held 12-17-2009 - Second Interim Fee Applications.TXT

19    Truman Bodden & Company; for Williams Barristers &

20    Attorneys, for Schifferli Vafadar Sivilotti, for Schiltz &

21    Schiltz.  And those are the firms, Your Honor, I would

22    respectfully move for their application for interim

23    compensation.

24                    THE COURT:  Does anyone else want to be

25    heard?


☐

1                     MR. BELL:  Kevin Bell, on behalf of the

2     Securities Investor Protection Corp.

3                     SIPC has reviewed each and every

4     application, and all the time records associated therewith,

5     and has filed its recommendation in support of each of

6     those applications of the international special counsel,

7     and we would ask the Court to approve the applications as

8     filed.

9                     THE COURT:  I note that after doing a

10    little look-see into all of them, most of them have

11    voluntarily given a public interest discount.

12                    MR. SHEEHAN:  That is correct.  In each

13    instance it is that we demand, quite frankly that each

14    counsel be retained, make a 10 percent discount because it

15    is a case in the public interest.

16                    THE COURT:  What is it about it that makes

17    you think they don't take that into account?

18                    MR. SHEEHAN:  Your Honor, my cynicism and

19    yours are of equal stature.  I don't think I could do much

20    more than that, but I agree it is a possibility.

21                    In any event, at the end of the day they
                                    Page 17

Transcript - Hearing Held 12-17-2009 - Second Interim Fee Applications.TXT

22    also have a 20 percent holdback as is normal in the case of
23    people who work as special counsel and counsel to the
24    Trustee.   So I believe, and probably most importantly
25    something I should emphasize this morning, in addition to

☐

20

1     the discount, having been subjected to the scrutiny of
2     SIPC, and Your Honor has before you unredacted all of our
3     time records, we maintain and also we maintain through
4     international counsel very, very detailed reports of all
5     the time that is being spent.
6                   So I know that good scrutiny is being
7     brought to all of those applications and Your Honor.  So I
8     know that we in our office review them and sometimes feel
9     like corporate counsel reviewing records of retained
10    counsel around the country, but we do review all those
11    records as well.
12                  We have modified those and reject the time
13    entries by them, et cetera, et cetera.
14                  So all of these things are subject to I
15    good real scrutiny not only by our firm but by SIPC before
16    they ever reach Your Honor's desk.
17                  THE COURT:  Well, then upon those
18    representations it would appear that the amounts requested
19    are reasonable and based upon the services rendered, and I
20    will approve the application.
21                  MR. SHEEHAN:   Thank you, Your Honor.
22                  The next application, Your Honor is that of
23    Windels Marx.   This is a law firm represented to you by
24    Alan Nisselson and Regina Griffin.

Transcript - Hearing Held 12-17-2009 - Second Interim Fee Applications.TXT
25                        Mr. Nisselson, as Your Honor will recall

☐

                                                                      21


1    from the early history of this case was appointed as the
2    Chapter 7 Trustee for Bernard L. Madoff.
3               We moved for a substantial consolidation on
4    behalf of Mr. Picard.   A consent order was arrived at
5    after much diligence it was engaged by Mr. Nisselson with
6    regard to the preparedness of that application.
7               At the end of the day, Your Honor, Mr.
8    Nisselson's firm was then retained as special counsel to
9    the Trustee. And if I may, Your Honor, just to tell you,
10   since that time we have worked, very, very cooperatively
11   with Mr. Nisselson, Ms. Griffin, and other partners and
12   associates in that firm.
13              As Your Honor well knows, that has yielded
14   the fruit of the BLMIS Air, Chapter 11, what is before Your
15   Honor, which is a very complex attempt to rename the asset
16   known as the aircraft, a 30 million dollar jet that Mr.
17   Blumfeld and Mr. Bernard Madoff purchased through a variety
18   of different LLCs and, hopefully, at the end of the day
19   that asset will be fully realized and returned to the
20   estate, and the Windels Marx firm is handling that as well
21   as a number other difficult situations in which Mr. Madoff
22   embedded himself as the principal owner, utilizing the firm
23   of BLMIS to carry the ball and get his interest, and
24   obviously it should come back to the estate.
25              What isn't so obvious is the fact that he


☐

Transcript - Hearing Held 12-17-2009 - Second Interim Fee Applications.TXT

22

1   has created these corporate structures that must be

2   penetrated, dissected and then revealed as to what those

3   interests are, how the money should be returned.

4           We have asked Windels Marx to, because of

5   Mr. Nisselson's continuing role as for a limited purpose as

6   Your Honor will recall, utilizing his stature as a Chapter

7   7 Trustee for Mr. Madoff, continuing in that role, he in

8   these particular instances has, we believe, added strength

9   and value in terms of appearing together as counsel to Mr.

10  Picard in retrieving those assets for the estate.

11          And there is no objection to this, Your

12  Honor.

13          THE COURT:  Does anyone else want to be

14  heard?

15          MR. BELL:   Your Honor, SIPC is in support,

16  has reviewed the applications and time records, and would

17  note that is in the international counsel, there is a 10

18  percent public interest discount and SIPC has submitted its

19  recommendations in support of the application as filed.

20          THE COURT:  Well, I was originally

21  concerned with respect to the consolidation that there

22  would be a redundancy, and apparently it has worked out

23  well.   There is more efficiency in the way the structure

24  of the two estates, the combined estates have operated, and

25  I am satisfied with the application.

0

23

1           MR. SHEEHAN:   Thank you very much, Your

Transcript - Hearing Held 12-17-2009 - Second Interim Fee Applications.TXT

2    Honor.

3                      The next application, Your Honor, is also

4    unopposed.   It is an application by Mr. Richards and his

5    firm representing Alix Partners.

6                      Mr. Richards, I believe, will present that

7    application.

8                      MR. RICHARDS:  Good morning, Your Honor.

9                      THE COURT:  Good morning, Mr.  Richards.

10                     MR. RICHARDS:  I was appointed a little

11   over a year ago to serve as the SEC's receiver.   I served

12   in that capacity for a month or so until the SIPC trustee

13   was put in place and then in London, the provisional

14   liquidators was put in place.

15                     We made our application for deeply

16   discounted fees.  I believe they have been reviewed by

17   SIPC, and I believe there is a consent by SIPC and we would

18   otherwise rest on our papers, unless Your Honor has any

19   questions.

20                     THE COURT:  Does anyone want to be heard?

21                     MR. BELL:  Your Honor, Kevin Bell for SIPC.

22                     I believe SIPC has reviewed these

23   applications, Your Honor, and the time records and has

24   engaged in intensive discussions with the receiver as

25   counsel, and has submitted its recommendation in support of

                                                                24

1    the applications as filed and we would recommend, Your

2    Honor, that the court approve them as filed.

3                      THE COURT:  I will grant the applications,

4    but I have one question.   Alix Partners is no longer

Transcript - Hearing Held 12-17-2009 - Second Interim Fee Applications.TXT
```
 5   connected with the case or are they still being retained

 6   under the aegis of the SIPC trustee?

 7                   MR. PICARD:    They continued working for

 8   the trustee.  They are a claimant.

 9                   THE COURT:  This application relates to

10   these services to the receiver.

11                   MR. PICARD:    That is correct.   With

12   respect to their work for me, they are pursuant to the SIPC

13   statute.

14                   THE COURT:  I was only curious because I

15   saw this denominator as a final application.

16                   MR. PICARD:  It's only final as the

17   receiver.

18                   THE COURT:  The application is granted.

19                   MR. BELL:   Thank you, Your Honor.

20                   MR. SHEEHAN:    Thank you, Your Honor.

21                   MR. PICARD:  Good morning, Your Honor.   At

22   the outset I would like to suggest that you don't believe

23   everything you read or hear in the media because of --

24                   THE COURT:  I don't necessarily believe

25   everything I read in the papers that are submitted to me
```

☐

                                                            25


```
 1   either.

 2                   MR. PICARD:  I wasn't going there.

 3                   MR. SHEEHAN:  Touche.

 4                   MR. PICARD:  I will speak to my own

 5   application, and Mr. Sheehan will speak to the Baker

 6   Hostetler application.

 7                   My application as well as the firm's covers
```

Transcript - Hearing Held 12-17-2009 - Second Interim Fee Applications.TXT

8    a five-month period through September 30.   After giving

9    effect to the 10 percent discount which he referred to and

10    a write-off of approximately 225 hours, I am seeking

11    $835,605, of which $710,264.25, would be paid currently.

12            And, Your Honor, $125,340.75 will be

13    deferred to a later point in the case.

14            I am also requesting a reduction of the 20

15    percent holdback to 15 percent.   That was originally set

16    in the Court's order of February 25.

17            These requests have been approved by SIPC.

18    They filed a recommendation in the last couple of days.

19            As Your Honor is aware, SIPC has been

20    paying all of the administrative costs, one of which would

21    include these fees and prior fees and the other fees that

22    you have granted today.

23            MR. PICARD:  Under the statute when SIPC

24    has a goal in the statute it pays whenever it seems to be

25    the rule.

26

1            There are a couple of things I would like

2    to state for the record, and this goes to some

3    misinformation, Your Honor, that has been out in the public

4    domain, some of which I had said at prior hearings.

5            Number 1, no costs of administration are

6    paid from the recoveries we make for the benefit of the

7    customers. The costs of administration in this case, Your

8    Honor, are paid by SIPC.

9            Number 2, the percentage fee schedule,

10    which applies in a Chapter 7 or a Chapter 11 bankruptcy

Transcript - Hearing Held 12-17-2009 - Second Interim Fee Applications.TXT

11   case does not apply in a SIPC liquidation.   So, therefore,

12   I am not getting 3 percent as has been reported continually

13   both in the press and other places, Your Honor.

14                  The 3, Your Honor, are whatever amounts you

15   award to me are paid over to the firm.   I do not keep

16   them.   There are --

17                  THE COURT:   I have to assume the firm pays

18   taxes on it.

19                  MR. PICARD:   I would assume that is

20   correct, Your Honor.

21                  THE COURT:   And you, too.

22                  MR. PICARD:   I do when the firm pays me.

23   As far as I know, there has been one docketed objection,

24   and there have been a couple of letters that have been

25   sent.   One of the objections is primarily focused on the

27

1    net equity issues making complaints that I believe are more

2    appropriate to be heard on February 2 and not in connection

3    with this fee application, Your Honor.

4                  We did file a response yesterday to the

5    various objections and I will rest on that response.   But

6    as noted there, Your Honor, some of the issues that are

7    raised you previously have ruled on.   They are raised

8    again.   I submit that the prior rulings in some cases

9    don't even apply to this case, Your Honor.

10                  One of the objections specifically contends

11   that collecting assets in this case was easy.   I beg to

12   differ.   I did not see the banks or the Depository Trust

13   Clearing Corporation come to our door and offer to

Transcript - Hearing Held 12-17-2009 - Second Interim Fee Applications.TXT

14    surrender the money and securities that they were holding

15    in the name of BLMIS.  In fact, it took a lot of time and

16    effort to get those assets back and certainly under the

17    circumstances it's not surprising that they weren't lining

18    up at the door.

19              But, Your Honor, it took time, effort and

20    we came to Court with a number of motions and applications

21    and stipulations that Your Honor may recall back to the

22    early part of the year.

23              Another apparent misconception or one that

24    I have heard and that, quite frankly, I was surprised of

25    was the price was raised in a congressional hearing last

D

28

1     week is that I have sued individuals for at least $700

2     million.

3              That is totally wrong, Your Honor.  The

4     only individuals other than the 14 major cases that we have

5     brought, the only individuals who have been sued by me have

6     been sued in counterclaims in response to a complaint that

7     was filed against me.

8              The issue there, Your Honor, is we could

9     not lose the opportunity by not counterclaiming when we

10    answer to be able to bring a lawsuit or to be able to

11    pursue matters down the road.

12              That meant in the matters now pending, an

13    agreement by the parties, in not moving forward.  So I

14    would just like the record to reflect we have not sued the

15    smaller individuals as has been reported.

16              Moving to claims, Your Honor.  We have

Transcript - Hearing Held 12-17-2009 - Second Interim Fee Applications.TXT

17    received more than 16,200 claims.    Of that number we have

18    determined 11,568 as of Tuesday.    That is approximately 71

19    percent, Your Honor.

20                    We have committed over 563 million dollars

21    of the SIPC funds based on the cash in and cash out

22    methodology.

23                    While I am not going to address that issue

24    today, Your Honor, the record should reflect that I have

25    informed customers publicly and in determination letters

☐

29

1    that if the Court finally determines that the way we are

2    dealing with claims is erroneous, we will go back and we

3    will revisit all the claims' determinations whether or not

4    a party has filed an objection.

5                    Your Honor, during the compensation period

6    we implemented a hardship program in an effort to move

7    forward people who were in tremendous need, whether they

8    had medical problems, were losing their house to

9    foreclosure, and various and sundry other means that were a

10    problem that we could recognize, and we only got 317

11    applications.    Those have been moved through the system as

12    best as we could.

13                    Many of them have been determined.    Many

14    have been allowed.

15                    As I indicated through counsel, I have

16    started 14 pieces of litigation for approximately 15

17    billion dollars.    They are primarily fraudulent

18    transactions.    Without litigation we have already

19    recovered 240 million dollars in preferences.

Transcript - Hearing Held 12-17-2009 - Second Interim Fee Applications.TXT

20          These are people who have come forward.

21   One was a stipulation that Your Honor heard a number of

22   months ago.    That has now been fully paid up and most of

23   the others are being handled through the claims process in

24   accordance with procedures that Your Honor fixed in the

25   claims procedure order signed last December.

1          We are hopeful, Your Honor, in the near

2   future we will have some substantial recoveries of some

3   other matters.    We will bring them to the Court to the

4   extent we have to do that and otherwise we will certainly

5   let the public, the people who are interested in the case,

6   know about them.

7          Getting back specifically to my

8   application, Your Honor.    The four major areas in which I

9   expended time during the period account for about 68

10  percent.    There are claims reviews, and case

11  administrations, the Bankruptcy Court litigation and the

12  Trustee's investigation.

13          Your Honor, another approximately 12

14  percent of the time has been spent in avoidance actions,

15  asset searches and dealing with the United States

16  Attorneys' Office.

17          I would like to let the Court know that

18  with respect to the U.S. Attorney's office we have a

19  cooperative program, if you will, and that is not to say

20  from time to time there aren't some little humps that we

21  each have to get over, but we have had good communications

22  and we are both progressing and doing what we each have to

Transcript - Hearing Held 12-17-2009 - Second Interim Fee Applications.TXT
23   do.

24                  As I have noted earlier, there are

25   insufficient funds in the estate.   So SIPC will be paying

0

                                                                31

1    these fees and paying the costs of administration as it has

2    all along.

3                  I would be happy to answer any questions,

4    if you have any.

5                  THE COURT:  Does anyone want to be heard?

6                  MS. VALLETTA:  Yes, Your Honor.  My name is

7    Chryssa Valletta, from the Phillips Nizer law firm.  We

8    represent the objectants, Diane and Roger Peskin, Maureen

9    Ebel and various other customers.

10                 I would just like to say our papers

11   constitute an offer of proof and we respectfully request an

12   opportunity to have an evidentiary hearing in which we

13   could prove the facts set forth in our objection and proofs

14   that fees should be disallowed and the trustee should be

15   disqualified and that of his counsel.

16                 Other than that I rest on my papers unless

17   Your Honor has any questions.

18                 THE COURT:  Thank you, I have no questions.

19                 MR. BELL:  Your Honor, SIPC is here in

20   support of the Trustee application.  As you have noted

21   before, the Trustee has taken a 10 percent service

22   discount, that is the Trustee and all counsel in this case.

23                 SIPC supports the reduction of the holdback

24   of 20 percent to 15 percent going forward and backward,

25   adjusting the Court's order of monthly compensation

                             Page 28

Transcript - Hearing Held 12-17-2009 - Second Interim Fee Applications.TXT

0

32

1    procedure order of February.

2              Your Honor, I would like to emphasize at

3    this point in time in the liquidation proceeding, SIPC

4    agrees with the Trustee that there is no reasonable

5    expectation that the general estate will be sufficient.

6              SIPC all along has hoped that we will move

7    from the word "shall" to "may" in the preparatory language

8    on the compensation.   But at this point in time, SIPC

9    agrees with the trustee that there is no reasonable

10   expectation that there will be any money put for general

11   creditors or that SIPC will be repaid any of the money in

12   advance to pay all of the administrative expenses, both the

13   fees and costs of this case.

14              I would further state that some of the

15   objectors's points were made to Congress last week that

16   there be suggested changes in the SIPA statute.

17              I think within hours of those suggestions,

18   Congress passed minor amendments and at least the House of

19   Representative left the statute standing including all

20   provisions with regard to fees that the Court would be

21   acting under.

22              THE COURT:   Well, there has been a

23   response to the objections that have been filed and,

24   frankly, I would be a little bit surprised if there was the

25   support for the response given to the respondents long

0

33

Transcript - Hearing Held 12-17-2009 - Second Interim Fee Applications.TXT
1   term.
2               Frankly, the Trustee's response and their
3   presentation today makes it clear that there is nothing in
4   the objection to the Trustee's fees or the fees of Baker
5   Hostetler that creates issues even that I haven't addressed
6   previously, nor do they raise any sufficient concerns that
7   this Court should order some kind of an evidentiary
8   hearing.  There is backup in connection with that.
9               And some of the objections while
10  cosmetically look somewhat appealing are bordering on the
11  frivolous.   The Trustee is charged with the mission of
12  going out to hunt out for assets and under in a case like
13  this that hunt is not easily achieved.
14              For example, objections to the use of 2004
15  subpoenas on a broad base is something that is almost basic
16  that it is a requirement of a case like this and the
17  objection on that ground that the Trustee is too aggressive
18  doesn't resonate with appropriate sincerity.
19              I am aware that the objectants have a
20  position which they articulated in the past and in the
21  media and before me, and the issues that are there are the
22  ones that will be dealt with appropriately when that is a
23  complete joinder and when I have all of the issues before
24  me I can make the appropriate determinations.
25              So, I am going to overrule the objection on

                                                    34

1   basically the same ground that I have done previously, and
2   I find nothing new in the current objection that overlaps
3   the original rulings.
                        Page 30

Transcript - Hearing Held 12-17-2009 - Second Interim Fee Applications.TXT

4                    I do overrule the objections at this point.

5                    MR. SHEEHAN:    Your Honor, what remains is

6    only the application of Baker Hostetler.    Your Honor is

7    fully familiar with the record.    I don't intend to cover

8    that again.

9                    I think the Trustee this morning has

10    addressed most of the objections that were raised by the

11    other side.

12                    THE COURT:    And the other side has rested

13    on those papers and I already responded.

14                    So, does anyone else want to be heard?

15                    There were two letter objections.

16                    MR. SHEEHAN:    There were, Your Honor.

17                    MR. PICARD:    Your Honor, with respect to

18    one of them, the person who wrote the letter was not a

19    customer.  But the customer to whom that person is related

20    has had his claim determined and allowed and that includes

21    the $500,000 SIPC advance.

22                    MR. SHEEHAN:    Unless you want to hear

23    something further from me, and I am more than happy to do

24    that,  we are concluded.

25                    THE COURT:    Does anyone else want to be

☐

                                                              35

1    heard?

2                    The applications are granted.

3                    MR. SHEEHAN:    I have multiple sets of

4    orders and a disk with all of the applications for Your

5    Honor's consideration.

6                    THE COURT:    I will entertain it. I have
                              Page 31

Transcript - Hearing Held 12-17-2009 - Second Interim Fee Applications.TXT

    7   approved the order.
    8                   MR. SHEEHAN:   Thank you very much, Your
    9   Honor.  The SIPC trustee thanks you, Your Honor.
   10                   *     *     *
   11
   12
   13
   14
   15
   16
   17
   18
   19
   20
   21
   22
   23
   24
   25


D                                                                36



    1                   C E R T I F I C A T E
    2
    3   STATE OF NEW YORK      }
                               }    ss.:
    4   COUNTY OF NEW YORK     }
    5                   I, MINDY CORCORAN, a Shorthand Reporter
    6   and Notary Public within and for the State of New York, do
    7   hereby certify:
    8                   That I reported the proceedings in the
    9   within entitled matter, and that the within transcript is a
                                Page 32

Transcript - Hearing Held 12-17-2009 - Second Interim Fee Applications.TXT

10   true record of such proceedings.

11              I further certify that I am not related, by

12   blood or marriage, to any of the parties in this matter and

13   that I am in no way interested in the outcome of this

14   matter.

15              IN WITNESS WHEREOF, I have hereunto set my

16   hand this 19th day of December, 2009.

17

18   _____
                  MINDY CORCORAN
19

20

21

22

23

24

25