| | |
|---|---|
| BAKER & HOSTETLER LLP<br>45 Rockefeller Plaza<br>New York, New York 10111<br>Telephone: (212) 589-4200<br>Facsimile: (212) 589-4201<br>David J. Sheehan<br>Email: dsheehan@bakerlaw.com<br>Marc E. Hirschfield<br>Email: mhirschfield@bakerlaw.com | Presentment Date: June 11, 2010<br>Time: 12:00 p.m.<br><br>Objections Due: June 11, 2010<br>Time: 11:00 a.m. |

*Attorneys for Irving H. Picard, Esq., Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |

**TRUSTEE'S MOTION PURSUANT TO 28 U.S.C. § 1781(b)(2) AND RULE 2004
OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AN ORDER
ISSUING A REQUEST FOR JUDICIAL ASSISTANCE (LETTER ROGATORY) FOR
<u>SERVICE OF A SUBPOENA UPON KINGATE MANAGEMENT LIMITED</u>**

Pursuant to 28 U.S.C. § 1781(b)(2) and Rule 2004 of the Federal Rules of Bankruptcy

Procedure, Irving H. Picard, Esq., as trustee ("Trustee") for the substantively consolidated

liquidation of the business of Bernard L. Madoff Investment Securities LLC and Bernard L.

Madoff, individually, hereby moves this Court (the "Motion") for the entry of an Order issuing a request for judicial assistance ("Letter Rogatory") from the appropriate judicial authority of Bermuda for the service of a Bankruptcy Rule 2004 subpoena upon Kingate Management Limited,[1] and, in support thereof, respectfully states as follows:

## JURISDICTION AND VENUE

1. The Trustee asserts that this Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and sections 78eee(b)(2)(A) and (b)(4) of SIPA. The Trustee also asserts that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O), and that venue is proper in this district pursuant to 28 U.S.C. § 1409.

2. The statutory predicates for the relief requested are Rule 2004 of the Federal Rules of Bankruptcy Procedure, 28 U.S.C. § 1781(b)(2), and the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, concluded March 18, 1970.

## BACKGROUND

3. BLMIS is a New York limited liability company that is wholly owned by Mr. Madoff, who was also its founder, chairman and chief executive officer. BLMIS was registered as a securities broker-dealer under the U.S. Securities Exchange Act of 1934 and was also a member of the Securities Investor Protection Corporation ("SIPC").

4. As is now well-known, BLMIS' investment advisory business purportedly generated consistent annual returns regardless of the underlying performance of the stock market. Mr. Madoff and BLMIS represented that this performance was attributable to a trading strategy that involved investing in equity securities and, at the same time, focused on selling call

---

[1] The Trustee has previously brought claims against both Kingate Global Fund Ltd and Kingate Euro Fund Ltd, Adv. Pro. No. 09-1161, in the United State Bankruptcy Court, Southern District of New York. This Letter Rogatory is seeking information primarily in furtherance of the Trustee's investigation of the role that Kingate Management Limited and other third parties may have played in connection with the affairs of BLMIS and whether the Trustee has claims against such entities. Accordingly, the Trustee's need for such information is not in furtherance of the Trustee's existing litigation against the two Kingate funds.

2

options and purchasing put options on those equities: a so-called "split-strike conversion strategy."

5. Customers of the investment advisory business received monthly or quarterly statements purportedly showing the securities held, or traded through, their accounts. The reported trades, however, were a complete fabrication. In pleading guilty to the crimes he committed, Madoff admitted that, since at least the early 1990s, the investment advisory business of BLMIS was used to operate a Ponzi scheme.[2]

6. At all relevant times, the investment advisory business was operated as a Ponzi scheme. New investments received from investors were primarily used to fund distributions to, or payments on behalf of, other investors. Money invested with BLMIS was used to sustain the Ponzi scheme and to enrich Mr. Madoff and others who received the benefit of payments out of BLMIS. In an attempt to conceal the fraud, and thereby hinder, delay and defraud other current and prospective investors, BLMIS routinely paid redeeming investors the artificial amounts shown on their customer statements, including both non-existent capital and fictitious profits. The Ponzi scheme collapsed in December 2008.

7. The investment advisory business had approximately 8,000 customers. Many of these customers were so-called "feeder funds" or other intermediaries investing money on behalf of their own clients. This Motion concerns the request for documents from Kingate Management Limited, which is located in Bermuda. Kingate Management Limited is the manager of Kingate Euro Fund, Ltd. and Kingate Global Fund, Ltd. (the "Kingate Funds"), which are feeder funds that invested approximately $1.7 billion in BLMIS.

**RELIEF REQUESTED AND SUMMARY OF REASONS THEREFORE**

8. By this Motion, the Trustee seeks the entry of an Order, pursuant to 28 U.S.C. §

---

[2] The Trustee is investigating whether the fraud at BLMIS began earlier than the 1990s.

3

1781(b)(2) and Rule 2004 of the Federal Rules of Bankruptcy Procedure, directing that a Letter Rogatory be issued in this proceeding to seek the production of documents therein requested from Kingate Management Limited.

9. Kingate Management Limited is a Bermuda entity that served as the manager of the Kingate Funds. By virtue of its status as the manager of the Kingate Funds, Kingate Management Limited possesses documents relating to, *inter alia*, the marketing materials furnished to investors in the Kingate Funds, the policies and procedures with respect to the selection of Kingate Management Limited as the manager of the Kingate Funds and other service providers to the Kingate Funds, all subscriptions and redemptions for the Kingate Funds and related agreements, as well as due diligence efforts with respect to BLMIS performed by Kingate Management Limited. The Trustee needs each of these documents in the furtherance of his investigation of Kingate Management Limited, activities of third parties in connection with the Kingate Funds, and any subsequent transfers of customer property to or through such third parties.

10. A proposed Letter Rogatory, attached hereto as Exhibit 1, provides that this Court respectfully request that the applicable court in Bermuda, in furtherance of justice by the proper and usual process, cause Kingate Management Limited to produce such documentary evidence in its possession as shall fulfill the request made by such order of this Court. Such a request for international cooperation is provided for in Article 3 of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, concluded March 18, 1970.

11. All of the documents referenced herein are relevant and necessary in order to allow the Trustee to carry out his duties of marshaling the assets and properly administering the BLMIS estate. No previous application for the relief sought herein has been made.

## **WAIVER OF MEMORANDUM OF LAW**

12. Because this Motion presents no novel issue of law and the authorities relied upon are cited herein, the Trustee requests that the Court dispense with the requirement of Local Bankruptcy Rule 9013-1(b) that a memorandum of law be submitted herewith.

**WHEREFORE**, the Trustee respectfully requests that this Court enter an order, substantially in the form of the proposed order attached hereto, issuing the Letter Rogatory seeking the production of documents from Kingate Management Limited. The proposed Letter Rogatory is attached.

| | |
|---|---|
| New York, New York | Respectfully submitted, |
| Dated: June 3, 2010 | */s/Marc E. Hirschfield* |
| | Baker & Hostetler LLP |
| | 45 Rockefeller Plaza |
| | New York, New York 10111 |
| | Telephone: (212) 589-4200 |
| | Facsimile: (212) 589-4201 |
| | David J. Sheehan |
| | Email: dsheehan@bakerlaw.com |
| | Marc E. Hirschfield |
| | Email: mhirschfield@bakerlaw.com |
| | |
| | *Attorneys for Irving H. Picard, Esq. Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff* |

Of Counsel:

Frederick W. Chockley III
John J. Burke
Trevor M. Stanley
Baker & Hostetler, LLP
1050 Connecticut Avenue, NW
Suite 1100
Washington, D.C. 20036
Telephone: (202) 861-1680
Facsimile: (202) 861-1783

5