**NIXON PEABODY LLP**
Lee Harrington
437 Madison Avenue
New York, New York 10022
Telephone: (212) 940-3000
Facsimile: (212) 940-3111
lharrington@nixonpeabody.com

*Counsel for Nordea Liv & Pension, Livsforsikringsselskab A/S,
Nordea Livsförsäkring Finland Ab,
Livsforsikringsselskapet Nordea Liv Norge AS,
and Nordea Livsförsäkring Sverige AB*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | |
| Plaintiffs-Applicants, | Adv. Pro. No. 08-01789 (BRL) |
| v. | SIPA Liquidation |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | (Substantively Consolidated) |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**MOTION FOR LEAVE TO FILE RESPONSE TO TRUSTEE'S
"CUSTOMER MOTION"**

Nordea Liv & Pension, Livsforsikringsselskab A/S, Nordea Livsförsäkring Finland Ab,

Livsforsikringsselskapet Nordea Liv Norge AS, and Nordea Livsförsäkring Sverige AB

(collectively "Nordea") hereby request leave to file a response to Irving H. Picard's (the

"Trustee") anticipated motion concerning the Trustee's determination that, where a claimant did

not have an account in its name at Bernard L. Madoff Securities Investment Securities LLC

13028320.2

("BLMIS" or the "Debtor"), it is purportedly not a "customer" of the Debtor. In support of its Motion, Nordea states as follows:

## NORDEA'S CLAIMS

1. Nordea is a European based bank with its main operations generally in the countries of Denmark, Norway, Sweden and Finland.

2. During or before 2007, Nordea invested $68,000,000 in Fairfield Sentry Limited ("Fairfield"). Fairfield invested nearly all of its assets under management with the Debtor.

3. During or before 2007, Nordea also invested in two other funds, RMF Investment Strategies SPC Class TM31 and RMF Global Emerging Managers (the "RMF Funds"), which each invested a portion of their assets under management with other funds that, in turn, invested with the Debtor. Based on the value of Nordea's investment in the RMF Funds as of October, 2008, Nordea estimates its losses attributable to the RMF Funds' indirect investments with the Debtor to be $7,342,173.

4. On or about February 23, 2009, Nordea submitted customer claim forms and supporting documentation to the Trustee for Nordea Liv & Pension, Livsforsikringsselskab A/S, Nordea Livsförsäkring Finland Ab, Livsforsikringsselskapet Nordea Liv Norge AS, and Nordea Livsförsäkring Sverige AB. True and accurate copies of Nordea's customer claim forms and supporting documentation are attached hereto as <u>Exhibit A</u>.

5. Nordea did not engage U.S. counsel to assist in the filing of the claim forms submitted to the Trustee.

6. On or about December 8, 2009, the Trustee denied each of Nordea's claims on grounds that Nordea "did not have an account with BLMIS" and, therefore, was "not a customer of BLMIS under [the Securities Investor Protection Act ("SIPA")] as that term is defined at 15

U.S.C. § 78lll(2)." True and accurate copies of the Trustee's Notices of Determination of Claim are attached hereto as Exhibit B.

### NORDEA'S RIGHTS WITH RESPECT TO THE "CUSTOMER" ISSUE

7. By filing its claim forms with the Trustee, Nordea believed it had preserved its rights with respect to its claims under SIPA.

8. Thus, upon receiving the Trustee's rejection, Nordea believed that its prior act of filing the claims was sufficient to preserve its rights with respect to a future challenge to the Trustee's rejection of investor claims under SIPA.

9. Moreover, Nordea did not file an objection to the Trustee's denial of its claims due to the Trustee's repeated statements, widely published in the financial press, that he would only grant claims of investors who had an account in its name at BLMIS, and would deny all claims made by "indirect investors" who invested in BLMIS through one or more feeder funds or intermediary entities. Nordea reasonably believed that a further attempt to challenge the Trustee was not only unnecessary, but also futile.

10. As referenced above, Nordea did not engage U.S. counsel to file its claim forms with the Trustee, or to advise the bank with respect to the Trustee's denial.

11. At the time it received the Trustee's denial, Nordea was not aware that this Court would allow investors to raise a challenge in this forum to the Trustee's strict interpretation of what constitutes a "Customer" of the Debtor.

12. On or about April 13, 2010, the Trustee filed his Motion for an Order to Schedule Hearing on the "Customer" Issue. In his Motion, the Trustee acknowledged the high volume of claims determinations by which he denied claims based on his position that only those claimants who had an account at BLMIS constitute "customers" of BLMIS and requested that the Court

schedule a hearing to consider the Trustee's construction of the term "customer" as it relates to claims asserted by persons/entities without a BLMIS account. On April 13, 2010 this Court issued an Order granting the Trustee's Motion (the "Order").

13. The Order requires the Trustee to file, on or before June 11, 2010, a motion (the "Customer Motion") to affirm certain claims determinations with regard the Trustee's determination that where a claimant did not have an account in its name at BLMIS, the claimant was not a "customer" of BLMIS. On or before the same date, the Trustee must identify the claimants that filed objections to his determination of their claims with regard to this "customer" issue (the "Objecting Claimants"). The Order allows Objecting Claimants to file responses to the Customer Motion on or before July 12, 2010.[1]

14. As described above, until receiving a copy of the Order through its counsel Nixon Peabody LLP (who was advising Nordea on other matters), Nordea was unaware the Court would afford claimants an opportunity to contest the Trustee's construction of the term "customer" as it relates to claims asserted by persons/entities without a BLMIS account.

15. After receiving a copy of the Order, Nordea engaged Nixon Peabody LLP to advise the bank with respect to its SIPA claim.

16. Nordea respectfully requests that it be treated the same as the Objecting Claimants, given that Nordea is substantially in the same position as those investors. Like the Objecting Claimants, Nordea invested in funds that purported to manage Nordea's assets. However, the investment funds invested all or a large portion of Nordea's assets directly into BLMIS.

---

[1] The Order also allows any other party, other than Objecting Claimants, to file briefs regarding the Trustee's Customer Motion after obtaining leave from the Court.

13028320.2

- 4 -

17. It would be inequitable to Nordea for the Trustee to exclude Nordea from the group of Objecting Claimants who may benefit from this Court's ruling on the Trustee's Customer Motion.

**WHEREFORE**, Nordea respectfully request that the Court:

a. issue an Order that designates Nordea Liv & Pension, Livsforsikringsselskab A/S, Nordea Livsförsäkring Finland Ab, Livsforsikringsselskapet Nordea Liv Norge AS, and Nordea Livsförsäkring Sverige AB as "Objecting Claimants," as that term is defined in the Court's Order dated April 13, 2010;

b. grant Nordea Liv & Pension, Livsforsikringsselskab A/S, Nordea Livsförsäkring Finland Ab, Livsforsikringsselskapet Nordea Liv Norge AS, and Nordea Livsförsäkring Sverige AB leave to file, on or before July 12, 2010, a response to the Trustee's anticipated "Customer Motion," as that term is defined in the Court's Order dated April 13, 2010; and

c. grant such other relief as the Court deems just and appropriate.

Respectfully submitted,

NORDEA LIV & PENSION, LIVSFORSIKRINGSSELSKAB A/S, NORDEA LIVSFÖRSÄKRING FINLAND AB, LIVSFORSIKRINGSSELSKAPET NORDEA LIV NORGE AS AND NORDEA LIVSFÖRSÄKRING SVERIGE AB

By their attorneys,

 /s/ *Lee Harrington*
Lee Harrington
NIXON PEABODY LLP
437 Madison Avenue
New York, New York  10022
Telephone:  (212) 940-3000
Facsimile:  (212) 940-3111
lharrington@nixonpeabody.com


and


Timothy W. Mungovan (Mass. BBO# 600702)
Stephen M. LaRose (Mass. BBO # 654507)
Joshua S. Barlow (Mass. BBO # 667472)
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110
Telephone:  (617) 345-1000
Facsimile:    (617) 345-1300
tmungovan@nixonpeabody.com
slarose@nixonpeabody.com
jbarlow@nixonpeabody.com

Dated: June 11, 2010

## **CERTIFICATE OF SERVICE**

      I, Lee Harrington, certify that on June 11, 2010 I caused a copy of the above Motion for Leave to File Response to Trustee's "Customer Motion" to be served upon all counsel of record through the Court's ECF system.

                                                  */s/ Lee Harrington*
                                                  Lee Harrington