Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Seanna R. Brown
Email: sbrown@bakerlaw.com
Bik Cheema
Email: bcheema@bakerlaw.com

*Attorneys for Irving H. Picard, Esq., Trustee for the
Substantively Consolidated SIPA Liquidation of
Bernard L. Madoff Investment Securities LLC
and Bernard L. Madoff*

Hearing Date: October 19, 2010
Hearing Time: 10:00 AM (EST)
Objection Deadline: July 12, 2010

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　　Plaintiff-Applicant,<br><br>　　v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　　　Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>　　　　　　Debtor. | |

**TRUSTEE'S MOTION FOR AN ORDER TO AFFIRM TRUSTEE'S
DETERMINATIONS DENYING CLAIMS OF CLAIMANTS WITHOUT
BLMIS ACCOUNTS IN THEIR NAMES, NAMELY, INVESTORS IN FEEDER FUNDS**

Pursuant to this Court's order of April 13, 2010 (Docket Number 2205), scheduling adjudication of the "customer" issue (the "Scheduling Order"), Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Corporation Act, 15 U.S.C. § 78aaa et seq. ("SIPA"),[1] and for Bernard L. Madoff ("Madoff") ("collectively, "Debtor"), respectfully submits this motion (the "Customer Motion") for an order upholding the Trustee's denial of the Claims listed on Exhibits 2 and 3 to the declaration of David Sheehan ("Sheehan Declaration") on the basis of the Trustee's interpretation of "customer" as that term is used in section 78*lll*(2) of SIPA, and expunging the objections to the Trustee's determinations listed on Exhibits 2 and 3 of the Sheehan Declaration insofar as they object to the Trustee's interpretation of the term "customer." Under the terms of the Scheduling Order, any other bases for disallowing the claims of the Objecting Claimants, and any other grounds for objecting to their disallowance, will not be determined in this hearing and will be preserved, if necessary, to be resolved at a later date.

In support of his Motion, the Trustee states and represents as follows:

**Factual Background**

1. On December 11, 2008, Madoff was arrested by the FBI in his Manhattan home and was criminally charged with a multi-billion dollar securities fraud scheme in violation of 15 U.S.C. §§ 78j(b) & 78ff and 17 C.F.R. 240.10b-5 in the United States District Court for the Southern District of New York, captioned *United States v. Madoff*, No. 08-CV-2735 (the "Criminal Action").[2]

---

[1] For convenience, future reference to SIPA will not include "15 U.S.C."

[2] On March 10, 2009, the Criminal Action was transferred to Judge Denny Chin in the United States District Court for the Southern District of New York and was assigned a new docket number, No. 09 CR 213 (DC).

2. Also on December 11, 2008 (the "Filing Date"),[3] the Securities and Exchange Commission ("SEC") filed a complaint in the United States District Court for the Southern District of New York (the "District Court") against Madoff and BLMIS (Case No. 08-CV-10791) (the "SEC Action").

3. On December 15, 2008, under section 78eee(a)(4)(A) of SIPA, the SEC consented to a combination of the SEC Action with an application of the Securities Investor Protection Corporation ("SIPC"). Thereafter, under section 78eee(a)(3) of SIPA, SIPC filed an application in the district court alleging that BLMIS was not able to meet its obligations to securities customers as they came due and that its customers needed the protection afforded by SIPA as a result.

4. That same day, the District Court entered a protective decree, to which BLMIS consented, which, in pertinent part:

(a) Appointed Irving H. Picard as trustee for the liquidation of the business of BLMIS, pursuant to section 78eee(b)(3) of SIPA;

(b) Appointed Baker & Hostetler, LLP as counsel to the Trustee ("Counsel") pursuant to section 78eee(b)(3) of SIPA;

(c) Removed the case to this Bankruptcy Court pursuant to section 78eee(b)(4) of SIPA; and

(d) Authorized the Trustee to take immediate possession of the property of the debtor, wherever located.

5. On December 23, 2008, this Court entered a claims procedure order that specifies the procedures for the filing, determination, and adjudication of customer claims in this proceeding. The order provides that under section 78fff-2(a)(2) of SIPA, all claims against BLMIS must be filed with the Trustee. The order further provides that the Trustee will

---

[3] In this case, the Filing Date is the date on which the SEC commenced its suit against BLMIS, December 11, 2008, which resulted in the appointment of a receiver for the firm. *See* Section 78*lll*(7)(B) of SIPA, 15 U.S.C. § 78

determine customer and creditor claims in writing and allows any claimant who opposes the Trustee's determination to file an objection with this Court, after which the Court will hear the matter.

6. As the Trustee appointed under SIPA, the Trustee has the job of recovering and distributing customer property to BLMIS's customers, assessing claims, and liquidating any other assets of the firm for the benefit of the estate and its creditors. Pursuant to section § 78fff-1(a) of SIPA, the Trustee has the general powers of a bankruptcy trustee in addition to the powers granted by SIPA. Pursuant to section 78fff(b) of SIPA, Chapters 1, 3, 5 and Subchapters I and II of Chapter 7 of the Bankruptcy Code are applicable to this case.

7. In accordance with his statutory responsibilities, the Trustee is in the process of marshalling BLMIS's assets, and the liquidation of BLMIS's assets for the benefit of the estate's customers and creditors is well underway. To date, the Trustee has recovered more than $1.5 billion in assets to date, although it is not expected that the total value of assets ultimately recovered will be sufficient to fully reimburse the customers of BLMIS for the many billions of dollars they invested with BLMIS over the years. In addition, the Trustee has determined more than 12,800 customer claims and has committed to pay over $692 million to BLMIS customers in funds advanced from SIPC in full or partial satisfaction of those claims, upon the return of the appropriate assignment and release.

### Trustee's Interpretation of "Customer"

8. Under SIPA, a "customer" is an investor who "has a claim on account of securities received, acquired, or held by the debtor in the ordinary course of its business as a broker or dealer from or for the securities accounts of such person," including "any person who

---

*lll*(7)(B).

has deposited cash with the debtor for the purpose of purchasing securities." SIPA § 78*lll*(2). Thus, to be a "customer" under SIPA, an investor must have a "securities account" with the debtor or have deposited cash or securities with the debtor with the reasonable expectation that such an account will be set up, and must have must have entrusted cash and securities with the debtor for the purposes of trading or investing in securities. Moreover, SIPA provides for payments of obligations to "customers" only "insofar as such obligations are ascertainable from the books and records of the debtor or are otherwise established to the satisfaction of the trustee." SIPA § 78fff-2(b).

9. The Trustee has determined that the Objecting Claimants are not "customers" under SIPA. As opposed to the Feeder Funds in which the Objecting Claimants directly or indirectly purchased ownership interests—which had accounts with BLMIS and entrusted cash or securities with BLMIS for the purpose of trading or investing in securities—the Objecting Claimants did not have accounts with BLMIS, nor did they entrust cash and securities to BLMIS for the purpose of trading or investing in securities. Moreover, because the Objecting Claimants lacked accounts or any direct financial relationship with BLMIS, the books and records of BLMIS do not reveal any information about them, and no obligations to the Objecting Claimants can be ascertained from the books and records of BLMIS.

**Motion for Scheduling Order on Customer**

10. After certain claimants objected to the Trustee's interpretation of "customer" under SIPA, the Trustee moved the Court for a briefing schedule and hearing on the matter.

11. On April 13, 2010, this Court entered the Scheduling Order (Docket Number 2205) setting forth dates for briefing and hearing on the Customer issue. In accordance with the Scheduling Order, the Trustee submits this Motion.

### Determinations as to Objecting Claimants

12. The "Objecting Claimants" or "Claimants Without An Account" that are the subject of this proceeding are claimants that did not have an account with BLMIS but instead invested, directly or indirectly, in one of sixteen Feeder Funds that had accounts and invested with BLMIS. The Trustee has to date received 1,771 objections (also containing objections on other bases) from the Objecting Claimants. Exhibit 1 of the Sheehan Declaration sets out the list of Feeder Funds in which the Objecting Claimants directly or indirectly invested. Exhibits 2 and 3 of the Sheehan Declaration lists the Objecting Claimants that invested in the Feeder Funds identified in Exhibit 1 and objected to the Trustee's determination of their claims, and Exhibit 3 of the Sheehan Declaration contains additional details of the Objecting Claimants' objections to the Trustee's determination of their claims.

### Relief Requested

13. For the reasons set forth in the memorandum of law submitted in support of this Motion, the Trustee respectfully requests an order upholding the Trustee's denial of the Claims listed on Exhibits 2 and 3 to the Sheehan Declaration on the basis of the Trustee's interpretation of "customer" as that term is used in section 78*lll*(2) of SIPA, and expunging the objections to the Trustee's determinations listed on Exhibit 2 of the Sheehan Declaration insofar as they object to the Trustee's interpretation of the term "customer." Under the terms of the Scheduling Order, any other bases for disallowing the claims of the Objecting Claimants, and any other grounds for objecting to their disallowance, will not be determined in this hearing and will be preserved, if necessary, to be resolved at a later date.

### NOTICE

14. Notice of this Motion has been provided by U.S. mail, postage prepaid, email, or by ECF to (i) customers listed in Exhibit 2 (ii) all parties that have filed a notice of appearance in

this case; (iii) the SEC; (iv) the Internal Revenue Service; and (v) the United States Attorney for the Southern District of New York; (collectively, the "Notice Parties"). The Trustee submits that no other or further notice need be given.

WHEREFORE, the Trustee respectfully requests that the Court issue an order granting the relief requested herein, and grant such other and further relief to the Trustee as the Court deems proper.

Dated: New York, New York
       June 11, 2010

**BAKER & HOSTETLER LLP**

By:/s/ *David J. Sheehan*
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Seanna R. Brown
Email: sbrown@bakerlaw.com
Bik Cheema
Email: bcheema@bakerlaw.com

*Attorneys for Irving H. Picard, Esq.,
Trustee for the Substantively Consolidated
SIPA Liquidation of Bernard L. Madoff
Investment Securities LLC and Bernard L. Madoff*