**MARJORY CAJOUX**
***Attorney At Law***
*406 Atlantic Avenue*
*Brooklyn, NY 11217*
*(718) 237-0411*

---

**Via Certified Mail**

June 9, 2010

Clerk of the United States Bankruptcy Court for
The Southern District of New York
One Bowling Green
New York, New York 10004




Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111

Re: *Bankruptcy Case No.: 08-1789 (BRL)*
Bernard L. Madoff Investment Securities LLP
**Opposition to Trustee's Determination of Claim**

Honorable Judge:

I represent Ronald Joseph and Marie Elsie Joseph in the above referenced matter, and as such I am fully familiar with the facts and circumstances of this matter as set forth herein. I am submitting this letter in opposition to the Trustee's Determination of Claim.

Please be advised that effective immediately, all accounts of Maggie Faustin, residing at 12 Crown Street, Apt. 5E, Brooklyn, NY 11225 with social Security Number: 0[redacted]-[redacted]-3227 shall be transferred to Ronald Joseph and Marie Elsie Joseph.

Enclosed please find a properly executed Settlement and Release and Authorization to Transfer all of Maggie Faustin's accounts held at Bernard Bernard L. Madoff Investment Securities LLP to Ronald Joseph and Marie Elsie Joseph.

On February 25, 2004, Ronald Joseph and Marie Elsie Joseph commenced a lawsuit for Fraud, Conversion, Duress, Undue Influence, Breach of Contract, Breach of Fiduciary Duties. Breach of Trust against Maggie Faustin in the Supreme Court of the State of New York, County of Kings.

The matter has been settled. Pursuant to the Settlement Agreement, Maggie Faustin must transfer all of her accounts held at Bernard L. Madoff Investment Securities LLP and/or with the Trustee to Ronald Joseph and Marie Elsie Joseph.

In anticipation of the settlement agreement, Ronald Joseph and Marie Elsie Joseph timely submitted a claim form.

The trustee Maggie Faustin's claim # 009675 claim on the ground that all of the funds deposited into the account No. 1J0020 designated as Claim Number 009675 have been withdrawn and therefore there is no positive "net equity".

We disagree with the determination because funds in the approximate amount of $156,000 from account No. 1J0020 designated as Claim Number 009675 were transferred to account number 1-J0034-3. Table 1 annexed to the trustee's determination clearly indicates that on April 24, 1997 an amount equals to $84,623.73 was transferred to account number 1J0034.

On February 2, 1999, Madeleine Faustin Joseph created the Madeleine Faustin Joseph fund in the amount of $156,000 which was maintained at Bernard Madoff Investment Securities. Upon information and belief, no money has been withdrawn and/or transferred from said account. In fact, there has been a restraining Order freezing the account since 2005. The Stay was ordered by Judge Held and later by the Honorable Judge Yvonne Lewis.

Therefore, Ronald and Marie Elsie Joseph have a credit balance in the amount of $156,000.00.

Based upon the foregoing, Ronald Joseph and Marie Elsie Joseph disagree with the trustee's determination and request a payment in the amount of $156,000.00.

Enclosed please find the following:

1. Copy of Authorization to Transfer
2. Copy of Settlement Agreement and Release
3. Copy of Trust Agreement
4. Copy of Stay signed by the Honorable Judge Yvonne Lewis
5. Statement from Bernard L. Madoff Investment Securities LLC dated 10/31/2005 indicating balance of $153,862.00
6. Copy of Claim Form timely filed by Ronald Joseph and Marie Elsie Joseph

Thank you for your cooperation.

Sincerely,

Marjory Cajoux

Encls.

**BERNARD L. MADOFF INVESTMENT SECURITIES LLC**

In Liquidation

**DECEMBER 11, 2008**[1]

**NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM**

May 10, 2010

Madeleine Faustin Joseph
c/o Maggie Faustin
12 Crown Street, Apt. 5E
Brooklyn, New York 11225

Dear Madeleine Faustin Joseph:

**PLEASE READ THIS NOTICE CAREFULLY.**

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim on BLMIS Account No. 1J0020 designated as Claim Number 009675:

Your claim for a credit balance of $153,862.00 and for securities is **DENIED**. No securities were ever purchased for your account.

Further, based on the Trustee's analysis, the amount of money you withdrew from your account at BLMIS (total of $449,983.63), as more fully set forth in Table 1 annexed hereto and made a part hereof, is the same as the amount that was deposited with BLMIS for the purchase of securities

[1] Section 78*lll*(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78*lll*(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

(total of $449,983.63). As noted, no securities were ever purchased by BLMIS for your account. Any and all profits reported to you by BLMIS on account statements were fictitious.

Since you have withdrawn all of the funds deposited into your account, you do not have a positive "net equity" in your account and you are not entitled to an allowed claim in the BLMIS liquidation proceeding. Therefore, your claim is **DENIED** in its entirety.

**On March 1, 2010, the United States Bankruptcy Court for the Southern District of New York (Lifland, J.) issued a decision which affirmed the Trustee's Net Investment Method for determining customer claims. The final resolution of this issue is expected to be determined on appeal.**

**Should a final and unappealable court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by you in having your customer claim re-determined in accordance with any such Court order.**

Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by the Trustee against you.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after May 10, 2010, the date on which the Trustee mailed this notice.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York 10004

and

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111

Irving H. Picard

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

**Table 1**

**DEPOSITS**

| DATE | TRANSACTION DESCRIPTION | AMOUNT | ADJUSTED AMOUNT |
|---|---|---|---|
| 9/15/1983 | CHECK | $100,000.00 | $100,000.00 |
| 5/25/1984 | TRANS FROM R GETTINGER | $99,983.63 | $99,983.63 |
| 4/1/1985 | CHECK | $100,000.00 | $100,000.00 |
| 2/20/1986 | TRANS FROM R GETTINGER | $100,000.00 | $0.00 |
| 6/16/1986 | TRANS FROM C EDELSON A/O 6/2 | $100,000.00 | $0.00 |
| 2/9/1987 | TRANS FROM ROBERT GETTINGER | $100,000.00 | $0.00 |
| 2/24/1988 | TR FR R GETTINGER A/O 2/12/88 | $100,000.00 | $0.00 |
| 4/24/1989 | TRANS FROM ROBERT GETTINGER | $200,000.00 | $0.00 |
| 10/31/1989 | TRANS FROM R GETTINGER | $100,000.00 | $0.00 |
| 7/9/1990 | CHECK | $100,000.00 | $100,000.00 |
| 3/4/1992 | CHECK | $50,000.00 | $50,000.00 |
| **Total Deposits:** | | $1,149,983.63 | $449,983.63 |
| | | | |

**WITHDRAWALS**

| DATE | TRANSACTION DESCRIPTION | AMOUNT | ADJUSTED AMOUNT |
|---|---|---|---|
| 11/4/1983 | CHECK | ($100,000.00) | ($100,000.00) |
| 11/4/1983 | CHECK | ($4,808.79) | ($4,808.79) |
| 7/5/1984 | TRANS TO R GETTINGER | ($99,983.63) | ($95,174.84) |
| 7/6/1984 | CHECK ETHYL | ($4,498.67) | ($4,498.67) |
| 5/9/1985 | CHECK | ($100,000.00) | ($100,000.00) |
| 5/9/1985 | CHECK STORER COMM | ($4,974.66) | ($4,974.66) |
| 4/21/1986 | TRANS TO C EDELSON | ($100,000.00) | $0.00 |
| 4/21/1986 | CHECK INTEGRATED RES | ($4,808.65) | ($4,808.65) |
| 7/23/1986 | TRANS TO EDELSON | ($100,000.00) | $0.00 |
| 7/29/1986 | CHECK WESTERN AIRLINES | ($5,499.94) | ($5,499.94) |
| 4/15/1987 | CHECK INTERCO | ($3,491.03) | ($3,491.03) |
| 6/12/1987 | TRANS TO R GETTINGER A/O 6/5 | ($100,000.00) | $0.00 |
| 6/22/1987 | CHECK BELL & HOWELL | ($4,243.12) | ($4,243.12) |
| 4/13/1988 | CHECK PETRIE STORES | ($3,952.08) | ($3,952.08) |
| 6/14/1988 | TRANS TO R GETTINGER | ($100,000.00) | $0.00 |
| 6/15/1988 | CHECK BIRMINGHAM STEEL | ($4,237.83) | ($4,237.83) |
| 6/12/1989 | TRANS TO R GETTINGER | ($200,000.00) | $0.00 |
| 6/22/1989 | CHECK COLUMBIA | ($6,994.38) | ($6,994.38) |
| 12/18/1989 | CHECK AUTOMATIC DATA | ($3,987.83) | ($3,987.83) |
| 2/20/1990 | TRANS TO GETTINGER | ($100,000.00) | $0.00 |
| 2/27/1990 | CHECK FIDELITY | ($2.26) | ($2.26) |

| | | | |
|---|---|---|---|
| 2/28/1990 | CHECK ATLANTIC | ($2,992.50) | ($2,992.50) |
| 9/21/1990 | CHECK NOVELL | ($4,207.85) | ($4,207.85) |
| 11/13/1990 | TRANS TO R GETTINGER | ($100,000.00) | ($46,109.20) |
| 11/19/1990 | CHECK BAXTER | ($3,273.95) | ($3,273.95) |
| 5/20/1992 | CHECK TYCO TOYS | ($1,372.50) | ($1,372.50) |
| 5/22/1992 | CANCEL CHECK 5/20/92 | $1,372.50 | $1,372.50 |
| 7/7/1992 | CHECK DEL WEBB | ($954.51) | ($954.51) |
| 7/13/1992 | CHECK RETURNED 7/7/92 | $954.51 | $954.51 |
| 4/12/1993 | CHECK | ($2,000.00) | ($2,000.00) |
| 6/24/1993 | CHECK | ($2,000.00) | ($2,000.00) |
| 5/5/1994 | CHECK | ($1,000.00) | ($1,000.00) |
| 7/21/1994 | CHECK | ($1,200.00) | ($1,200.00) |
| 12/8/1994 | CHECK | ($2,000.00) | ($2,000.00) |
| 5/19/1995 | CHECK | ($1,200.00) | ($1,200.00) |
| 10/31/1995 | CHECK | ($1,000.00) | ($1,000.00) |
| 7/17/1996 | CHECK | ($1,000.00) | ($1,000.00) |
| 12/30/1996 | CHECK | ($2,000.00) | ($2,000.00) |
| 4/24/1997 | CHECK | ($1,500.00) | ($1,500.00) |
| 4/24/1997 | CHECK | ($2,000.00) | ($2,000.00) |
| 4/24/1997 | TRANS TO 1J003430 | ($84,623.73) | ($29,826.05) |
| **Total Withdrawals:** | | ($1,263,480.90) | ($449,983.63) |
| | | | |
| **Total deposits less withdrawals:** | | ($113,497.27) | $0.00 |

**MARJORY CAJOUX**
*Attorney At Law*
*406 Atlantic Avenue*
*Brooklyn, NY 11217*
*(718) 237-0411*

**Via Certified Mail**

June 9, 2010

Clerk of the United States Bankruptcy Court for
The Southern District of New York
One Bowling Green
New York, New York 10004

RECEIVED
JUN 11 2010

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111

Re: *Bankruptcy Case No.: 08-1789 (BRL)*
Bernard L. Madoff Investment Securities LLP
**Opposition to Trustee's Determination of Claim**

Honorable Judge:

I represent Ronald Joseph and Marie Elsie Joseph in the above referenced matter, and as such I am fully familiar with the facts and circumstances of this matter as set forth herein. I am submitting this letter in opposition to the Trustee's Determination of Claim.

Please be advised that effective immediately, all accounts of Maggie Faustin, residing at 12 Crown Street, Apt. 5E, Brooklyn, NY 11225 with social Security Number: 0[redacted]-[redacted]-3227 shall be transferred to Ronald Joseph and Marie Elsie Joseph.

Enclosed please find a properly executed Settlement and Release and Authorization to Transfer all of Maggie Faustin's accounts held at Bernard Bernard L. Madoff Investment Securities LLP to Ronald Joseph and Marie Elsie Joseph.

On February 25, 2004, Ronald Joseph and Marie Elsie Joseph commenced a lawsuit for Fraud, Conversion, Duress, Undue Influence, Breach of Contract, Breach of Fiduciary Duties. Breach of Trust against Maggie Faustin in the Supreme Court of the State of New York, County of Kings.

The matter has been settled. Pursuant to the Settlement Agreement, Maggie Faustin must transfer all of her accounts held at Bernard L. Madoff Investment Securities LLP and/or with the Trustee to Ronald Joseph and Marie Elsie Joseph.

In anticipation of the settlement agreement, Ronald Joseph and Marie Elsie Joseph timely submitted a claim form.

The trustee Maggie Faustin's claim # 009675 claim on the ground that all of the funds deposited into the account No. 1J0020 designated as Claim Number 009675 have been withdrawn and therefore there is no positive "net equity".

We disagree with the determination because funds in the approximate amount of $156,000 from account No. 1J0020 designated as Claim Number 009675 were transferred to account number 1-J0034-3. Table 1 annexed to the trustee's determination clearly indicates that on April 24, 1997 an amount equals to $84,623.73 was transferred to account number 1J0034.

On February 2, 1999, Madeleine Faustin Joseph created the Madeleine Faustin Joseph fund in the amount of $156,000 which was maintained at Bernard Madoff Investment Securities. Upon information and belief, no money has been withdrawn and/or transferred from said account. In fact, there has been a restraining Order freezing the account since 2005. The Stay was ordered by Judge Held and later by the Honorable Judge Yvonne Lewis.

Therefore, Ronald and Marie Elsie Joseph have a credit balance in the amount of $156,000.00.

Based upon the foregoing, Ronald Joseph and Marie Elsie Joseph disagree with the trustee's determination and request a payment in the amount of $156,000.00.

Enclosed please find the following:

1. Copy of Authorization to Transfer
2. Copy of Settlement Agreement and Release
3. Copy of Trust Agreement
4. Copy of Stay signed by the Honorable Judge Yvonne Lewis
5. Statement from Bernard L. Madoff Investment Securities LLC dated 10/31/2005 indicating balance of $153,862.00
6. Copy of Claim Form timely filed by Ronald Joseph and Marie Elsie Joseph

Thank you for your cooperation.

Sincerely,

Marjory Cajoux

Encls.

**BERNARD L. MADOFF INVESTMENT SECURITIES LLC**

In Liquidation

**DECEMBER 11, 2008**[1]

**NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM**

May 10, 2010

Madeleine Faustin Joseph
c/o Maggie Faustin
12 Crown Street, Apt. 5E
Brooklyn, New York 11225

Dear Madeleine Faustin Joseph:

**PLEASE READ THIS NOTICE CAREFULLY.**

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim on BLMIS Account No. 1J0020 designated as Claim Number 009675:

Your claim for a credit balance of $153,862.00 and for securities is **DENIED**. No securities were ever purchased for your account.

Further, based on the Trustee's analysis, the amount of money you withdrew from your account at BLMIS (total of $449,983.63), as more fully set forth in Table 1 annexed hereto and made a part hereof, is the same as the amount that was deposited with BLMIS for the purchase of securities

[1] Section 78*lll*(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78*lll*(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

(total of $449,983.63). As noted, no securities were ever purchased by BLMIS for your account. Any and all profits reported to you by BLMIS on account statements were fictitious.

Since you have withdrawn all of the funds deposited into your account, you do not have a positive "net equity" in your account and you are not entitled to an allowed claim in the BLMIS liquidation proceeding. Therefore, your claim is **DENIED** in its entirety.

**On March 1, 2010, the United States Bankruptcy Court for the Southern District of New York (Lifland, J.) issued a decision which affirmed the Trustee's Net Investment Method for determining customer claims. The final resolution of this issue is expected to be determined on appeal.**

**Should a final and unappealable court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by you in having your customer claim re-determined in accordance with any such Court order.**

Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by the Trustee against you.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court and the Trustee within **THIRTY DAYS** after May 10, 2010, the date on which the Trustee mailed this notice.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York 10004

and

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111

Irving H. Picard

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

| Table 1 | | | |
|---|---|---|---|
| **DEPOSITS** | | | |
| **DATE** | **TRANSACTION DESCRIPTION** | **AMOUNT** | **ADJUSTED AMOUNT** |
| 9/15/1983 | CHECK | $100,000.00 | $100,000.00 |
| 5/25/1984 | TRANS FROM R GETTINGER | $99,983.63 | $99,983.63 |
| 4/1/1985 | CHECK | $100,000.00 | $100,000.00 |
| 2/20/1986 | TRANS FROM R GETTINGER | $100,000.00 | $0.00 |
| 6/16/1986 | TRANS FROM C EDELSON A/O 6/2 | $100,000.00 | $0.00 |
| 2/9/1987 | TRANS FROM ROBERT GETTINGER | $100,000.00 | $0.00 |
| 2/24/1988 | TR FR R GETTINGER A/O 2/12/88 | $100,000.00 | $0.00 |
| 4/24/1989 | TRANS FROM ROBERT GETTINGER | $200,000.00 | $0.00 |
| 10/31/1989 | TRANS FROM R GETTINGER | $100,000.00 | $0.00 |
| 7/9/1990 | CHECK | $100,000.00 | $100,000.00 |
| 3/4/1992 | CHECK | $50,000.00 | $50,000.00 |
| **Total Deposits:** | | $1,149,983.63 | $449,983.63 |
| | | | |
| **WITHDRAWALS** | | | |
| **DATE** | **TRANSACTION DESCRIPTION** | **AMOUNT** | **ADJUSTED AMOUNT** |
| 11/4/1983 | CHECK | ($100,000.00) | ($100,000.00) |
| 11/4/1983 | CHECK | ($4,808.79) | ($4,808.79) |
| 7/5/1984 | TRANS TO R GETTINGER | ($99,983.63) | ($95,174.84) |
| 7/6/1984 | CHECK ETHYL | ($4,498.67) | ($4,498.67) |
| 5/9/1985 | CHECK | ($100,000.00) | ($100,000.00) |
| 5/9/1985 | CHECK STORER COMM | ($4,974.66) | ($4,974.66) |
| 4/21/1986 | TRANS TO C EDELSON | ($100,000.00) | $0.00 |
| 4/21/1986 | CHECK INTEGRATED RES | ($4,808.65) | ($4,808.65) |
| 7/23/1986 | TRANS TO EDELSON | ($100,000.00) | $0.00 |
| 7/29/1986 | CHECK WESTERN AIRLINES | ($5,499.94) | ($5,499.94) |
| 4/15/1987 | CHECK INTERCO | ($3,491.03) | ($3,491.03) |
| 6/12/1987 | TRANS TO R GETTINGER A/O 6/5 | ($100,000.00) | $0.00 |
| 6/22/1987 | CHECK BELL & HOWELL | ($4,243.12) | ($4,243.12) |
| 4/13/1988 | CHECK PETRIE STORES | ($3,952.08) | ($3,952.08) |
| 6/14/1988 | TRANS TO R GETTINGER | ($100,000.00) | $0.00 |
| 6/15/1988 | CHECK BIRMINGHAM STEEL | ($4,237.83) | ($4,237.83) |
| 6/12/1989 | TRANS TO R GETTINGER | ($200,000.00) | $0.00 |
| 6/22/1989 | CHECK COLUMBIA | ($6,994.38) | ($6,994.38) |
| 12/18/1989 | CHECK AUTOMATIC DATA | ($3,987.83) | ($3,987.83) |
| 2/20/1990 | TRANS TO GETTINGER | ($100,000.00) | $0.00 |
| 2/27/1990 | CHECK FIDELITY | ($2.26) | ($2.26) |

| | | | |
|---|---|---|---|
| 2/28/1990 | CHECK ATLANTIC | ($2,992.50) | ($2,992.50) |
| 9/21/1990 | CHECK NOVELL | ($4,207.85) | ($4,207.85) |
| 11/13/1990 | TRANS TO R GETTINGER | ($100,000.00) | ($46,109.20) |
| 11/19/1990 | CHECK BAXTER | ($3,273.95) | ($3,273.95) |
| 5/20/1992 | CHECK TYCO TOYS | ($1,372.50) | ($1,372.50) |
| 5/22/1992 | CANCEL CHECK 5/20/92 | $1,372.50 | $1,372.50 |
| 7/7/1992 | CHECK DEL WEBB | ($954.51) | ($954.51) |
| 7/13/1992 | CHECK RETURNED 7/7/92 | $954.51 | $954.51 |
| 4/12/1993 | CHECK | ($2,000.00) | ($2,000.00) |
| 6/24/1993 | CHECK | ($2,000.00) | ($2,000.00) |
| 5/5/1994 | CHECK | ($1,000.00) | ($1,000.00) |
| 7/21/1994 | CHECK | ($1,200.00) | ($1,200.00) |
| 12/8/1994 | CHECK | ($2,000.00) | ($2,000.00) |
| 5/19/1995 | CHECK | ($1,200.00) | ($1,200.00) |
| 10/31/1995 | CHECK | ($1,000.00) | ($1,000.00) |
| 7/17/1996 | CHECK | ($1,000.00) | ($1,000.00) |
| 12/30/1996 | CHECK | ($2,000.00) | ($2,000.00) |
| 4/24/1997 | CHECK | ($1,500.00) | ($1,500.00) |
| 4/24/1997 | CHECK | ($2,000.00) | ($2,000.00) |
| 4/24/1997 | TRANS TO 1J003430 | ($84,623.73) | ($29,826.05) |
| **Total Withdrawals:** | | ($1,263,480.90) | ($449,983.63) |
| | | | |
| **Total deposits less withdrawals:** | | ($113,497.27) | $0.00 |

**AUTHORIZATION TO TRANSFER**

I, **MAGGIE FAUSTIN**, residing at 12 Crown Street, Apt. # 5E, Brooklyn, NY 11225 with Social Security Number 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, authorize Bernard L. Madoff Investment Securities LLC and/or the Trustee Irving H. Picard to transfer all funds being held under my name at Bernard L. Madoff Investment Securities LLC to the following individuals:

Ronald Joseph: Social Security Number: 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
Marie Elsie Joseph: Social Security Number: 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

I hereby transfer, convey and assign any and all claims, rights, causes of action, interests which I may have against Bernard L. Madoff Investment Securities LLC to Ronald Joseph and Marie Elsie Joseph to be shared equally.

I, **MAGGIE FAUSTIN**, will execute any and all necessary documents to effectuate the transfer

**MAGGIE FAUSTIN**

STATE OF NEW YORK
COUNTY OF Kings

On the 19th day of April in the year 2010 before me, the undersigned, a Notary Public in and for said State, personally appeared **MAGGIE FAUSTIN**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

Notary Public

BERNARD H. SEGAL
NOTARY PUBLIC, State of New York
No. [illegible]
Qualified in New York County
Commission Expires December 19, 2010