UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

BERNARD L. MADOFF SECURITIES LLC
LIQUIDATION

Bankruptcy Case No. 08-1789 (BRL)

**OBJECTION TO DETERMINATION
REGARDING CLAIM NO. 11570**

Pursuant to the Notice of Trustee's Determination of Claim dated May 11, 2010, from Trustee Irving H. Picard (the "Trustee") to Evelyn Berezin Wilenitz ("Claimant"), Claimant hereby objects to the Trustee's Determination of Claim No. 11570 ("Determination").

Claimant opened Account No. 1CM806 at Bernard L. Madoff Investment Securities LLC ("BMIS") in June 2003. Claimant remained a customer of BMIS thereafter and has acted in good faith at all relevant times. As of November 30, 2008, Claimant had a balance of $801,250.43 in the account.

If net equity is determined to be the amount by which a customer's deposits into an account exceeded her withdrawals from the account, Claimant believes her deposits exceeded her withdrawals by $210,163.94 and makes a claim for insurance of that amount pursuant to the Securities Investor Protection Act ("SIPA"). Claimant notes that, even according to the Trustee's calculation, Claimant's deposits exceeded Claimant's withdrawals by $201,294.17.

1

If net equity is ultimately determined to be the value of the account as of November 30, 2008, then Claimant had net equity of $801,250.43 in the account, seeks insurance of $500,000 pursuant to SIPA, and seeks to recover as much of the balance of $301,250.43 as to which she is entitled.

The Determination does not explain adequately the basis for denying Claimant's claim. Moreover, Table 1 annexed to the Determination does not appear to set forth an accurate representation of the relevant transactions. Accordingly, Claimant seeks copies of all documents in the possession of the Trustee relating to the Determination.

Based upon the limited information available, Claimant objects on the following grounds:

1. Claimant objects to the Trustee's failure to satisfy Claimant's claim for net equity in a prompt manner as required by SIPA.

2. Claimant objects to the Trustee's use of the "cash in, cash out" method for calculation of net equity and asserts that the value of Claimant's claims should be based on the BMIS statement dated November 30, 2008. Claimant incorporates by reference the arguments against the Trustee's methodology that were previously made to the Court and are currently under consideration on appeal.

3. Claimant objects to the Trustee's "adjustment" of amounts deposited into the account, which resulted in the Trustee's failing to credit Claimant's deposits of $1,292,649.80 and $357,514.14 into Account No. 1CM806.

Claimant reserves the right to amend the foregoing objections after she has had the opportunity to review the documents upon which the Trustee purports to have based

the Determination. Claimant also reserves the right to a jury trial in the event the Trustee asserts a claim against her.

Claimant respectfully seeks a hearing on this Objection.

Dated: June 9, 2010

*Evelyn Berezin Wilenitz*
Evelyn Berezin Wilenitz
10 Tinker Lane
E. Setauket, NY 11733

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                     :ss.
COUNTY OF NEW YORK   )

BRYAN J. BLOCK, being duly sworn deposes and says:

I am not a party to this action, am over 18 years of age and reside in Queens County.

That on 10th day of June 2010 I served true and exact copies of the annexed Objection by hand on the following:

Irving Picard, Trustee
c/o Baker & Hostelier LLP
45 Rockefeller Plaza
New York, New York 10111

_____
BRYAN J. BLOCK

Sworn to before me this
10th day of June 2010

_____
NOTARY PUBLIC

LUIS A. LOPEZ
Notary Public, State of New York
No. 01LO6038747
Qualified in Rockland County
Commission Expires March 20, 2010