**OKIN, HOLLANDER & DeLUCA, L.L.P.**
Paul S. Hollander
Gregory S. Kinoian (GK-7386)
One Parker Plaza, 12th Floor
Fort Lee, NJ 07024
Tel. No.:   (201) 947-7500
Fax. No.:   (201) 947-2663

*Counsel to Laurel Kohl and Jodi Kohl J/T WROS*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **Securities Investor Protection Corporation,**<br><br>                       **Plaintiff,**<br><br>**v.**<br><br>**Bernard L. Madoff Investment Securities, LLC,**<br><br>                       **Defendant.** | **Adv. Proc. No. 08-01789 (BRL)**<br><br>**SIPA Liquidation** |
| **In re:**<br><br>**Bernard L. Madoff,**<br><br>                       **Debtor.** | |

**OBJECTION OF LAUREL KOHL AND JODI KOHL J/T WROS
TO NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM**

Laurel Kohl and Jodi Kohl (collectively, the "Objectors"), by and through their undersigned counsel, hereby submit this objection (the "Objection") to the Notice of Trustee's Determination of Claim (the "Claim Determination") submitted by Irving H. Picard, the Trustee for the Liquidation of the Business of Bernard L. Madoff Investment Securities, LLC (the "Trustee") with respect to the Customer Claim submitted by the Objectors (collectively, the "Objectors' Customer Claim").  By and through their counsel, the Objectors make the following representations in support of this Objection:

**BACKGROUND**

1. The Objectors constitute a "customer" as defined by the Securities Investor Protection Act ("SIPA") of Bernard L. Madoff Investment Securities, LLC ("BLMIS").

2. On or about February 27, 2009, the Objectors submitted a Customer Claim to the Trustee for Account No. 1-EM100-3-0. A true and correct copy of the Objectors' Customer Claim, as submitted,[1] is annexed hereto. Upon information and belief, the Customer Claim was designated Claim No. 003784.

3. The final BLMIS statement received by the Objectors, dated as of November 30, 2008 (the "Objectors' Final BLMIS Statement"), states that the Objector owned securities with a stated value of $4,792,965.62. A true and correct copy of the Objectors' Final BLMIS Statement was attached to the Objectors' Customer Claim (*see* Exhibit A).

4. A Notice of Trustee's Determination of Claim, dated May 13, 2010, was received with respect to the Objectors' Customer Claim. A true and correct copy of the Claim Determination is annexed hereto as **Exhibit B**.

5. The Trustee's Claim Determination states that the Objectors' Customer Claim has been denied. In the Claim Determination, the Trustee asserts that his analysis reveals that the total withdrawals from the Objectors' account, which the Trustee asserts to be $3,108,000.000, was greater than the total amounts deposited in the account, which the Trustee asserts to have been $2,002,473.91.

6. The Objectors hereby request copies of the information relied on by the Trustee in his preparation of the Claim Determination. As noted in the attachment to their Customer Claim, the Objectors have been unable to locate all of the account statements relevant to Account No. 1-

---

[1] The tax identification number on the copy of the Customer Claim has been redacted, in part.

EM100-3-0.  What information the Objectors do have is not consistent with the information asserted by the Trustee in his Claim Determination.  Accordingly, the Objectors request copies of all information on which the Trustee based his Claim Determination.

## GROUNDS FOR OBJECTION

**Trustee's "Money In/Money Out Analysis" Is Inconsistent with SIPA**

7. The Objectors object to the "money in/money out analysis" employed by the Trustee as violating 15 U.S.C. Section 78fff-2(b), which provides that a customer's claim shall be allowed in the amount of the customer's "net equity."  As used in SIPA, "net equity" is defined as:

> the dollar amount of the account or accounts of a customer, to be determined by –
>
> (A) calculating the sum which would have been owed by the debtor to such customer if the debtor had liquidated, by sale or purchase on the filing date, all securities positions of such customer (other than customer name securities reclaimed by the customer); minus
>
> (B) any indebtedness of such customer to the debtor on the filing date;
>
> ****

*See* 15 U.S.C. § 78lll(11).  The Trustee's purported "money in/money out analysis" is inconsistent with the statutory approach for determining the amount of a customer's claim.

8. Indeed, SIPA's legislative history emphasizes Congressional intention that the statute protect customer expectations.  The Trustee asserts in the Claim Determination that "No securities were ever purchased for your account."  *See* Claim Determination at 1 (Exhibit B hereto).  However, as the legislative history makes clear, it makes no difference whether securities were purchased:

> A customer generally expects to receive what he believes is in his account at the time the stockbroker ceases business.  But because securities may

>have been lost, improperly hypothecated, misappropriated, ***never purchased***, or even stolen, it is not always possible to provide to customers that which they expect to receive, that is, securities which they maintained in their brokerage account… By seeking to make customer accounts whole and returning them to customers in the form they existed on the filing date, the amendments … would satisfy customers' legitimate expectations.

*See* S. Rep. No. 95-763, at 2 (1978) (emphasis added). Here, the Objectors' expectations were that they owned the securities identified on the Objectors' Final BLMIS Statement (each of which were actual securities available on the markets). That the securities were not actually purchased is not a basis under SIPA for reducing the Objectors' Customer Claim.

9. The Objectors understand that, on March 1, 2010, the United States Bankruptcy Court for the Southern District of New York issued a decision supporting the Trustee's net investment method for determining customer claims. The Objectors further understand that Court's March 1, 2010 decision has been appealed and that final resolution of this issue is expected to be determined on appeal.

10. The Objectors hereby join with the customers opposing the Trustee's net investment method for determining customer claims. The Objectors hereby expressly reserve all claims with respect thereto, pending a final adjudication of the issue on appeal.

## RELIEF REQUESTED

11. For the reasons set forth above, the Objectors object to the Trustee's Claim Determination with respect to their Customer Claim, including, but not limited to, the Trustee's application of the net investment method in denying the Objectors' Customer Claim and the Trustee's calculations with respect to the total deposits and total withdrawals into the Objectors' account.

12. First, the Objectors request copies of all information regarding Account No. 1-EM100-3-0 in the Trustee's possession, including, but not limited to, all information relied on by the Trustee in his preparation of the Claim Determination.

13. Second, the Objectors request that the Trustee's Claim Determination be held in abeyance until a final resolution regarding the Trustee's net investment method for determining customer claims has been rendered on appeal.

14. The Objectors request such other and further relief as may be just and equitable.

15. The Objectors hereby reserve the right to supplement or amend this Objection as may be necessary. The Objectors' failure to object on a particular ground or grounds shall not be construed as waiver of the Objectors' right to object on any additional grounds.

**WHEREFORE**, the Objectors respectfully request an order be entered as follows:
(i) directing the Trustee to deliver to the Objectors' counsel copies of all information regarding Account No. 1-EM100-3-0 in the Trustee's possession, including, but not limited to, all information relied on by the Trustee in his preparation of the Claim Determination;
(ii) preserving the Objectors' objection to the Trustee's application of the net investment method in denying the Objectors' Customer Claim pending final resolution of such issue on appeal; and
(iii) granting other and further relief as may be just and equitable.

Dated: June 14, 2010

        **OKIN, HOLLANDER & DeLUCA, L.L.P.**
        *Counsel to Laurel Kohl and Jodi Kohl J/T WROS*

        By: /s/ Gregory S. Kinoian
           Gregory S. Kinoian (GK-7386)
           Paul S. Hollander
        One Parker Plaza, 12th Floor
        Fort Lee, NJ 07024
        Tel. No.: (201) 947-7500
        Fax. No.: (201) 947-2663
        E-Mail: gkinoian@ohdlaw.com