# EXHIBIT B

AMENDED **CUSTOMER CLAIM**

Claim Number_____

Date Received_____

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

### DECEMBER 11, 2008

**(Please print or type)**

**Name of Customer:** The Douglas G Brown Revocable Trust
**Mailing Address:** 11 Meadowcroft Lane
**City:** Greenwich          **State:** CT          **Zip:** 06830
**Account No.:** 1B0139
**Taxpayer I.D. Number (Social Security No.):** _____

**NOTE:**     BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY THE ACCOMPANYING INSTRUCTION SHEET.  A SEPARATE CLAIM FORM SHOULD BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL PROTECTION AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE RECEIVED BY THE TRUSTEE ON OR BEFORE March 4, 2009.   CLAIMS RECEIVED AFTER THAT DATE, BUT ON OR BEFORE July 2, 2009, WILL BE SUBJECT TO DELAYED PROCESSING AND TO BEING SATISFIED ON TERMS LESS FAVORABLE TO THE CLAIMANT. PLEASE SEND YOUR CLAIM FORM BY CERTIFIED MAIL - RETURN RECEIPT REQUESTED.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

1.     Claim for money balances as of **December 11, 2008**:

   a.     The Broker owes me a Credit (Cr.) Balance of     $_____0_____

   b.     I owe the Broker a Debit (Dr.) Balance of     $_____0_____

   c.     If you wish to repay the Debit Balance,
          please insert the amount you wish to repay and
          attach a check payable to "Irving H. Picard, Esq.,
          Trustee for Bernard L. Madoff Investment Securities LLC."
          If you wish to make a payment, **it must be enclosed**
          with this claim form.     $_____

   d.     If balance is zero, insert "None."     NONE

2.    Claim for securities as of **December 11, 2008**:

**PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.**

|  |  | YES | NO |
|---|---|---|---|
| a. | The Broker owes me securities | X | |
| b. | I owe the Broker securities | | X |

c.    If yes to either, please list below:

| Date of Transaction (trade date) | Name of Security | Number of Shares or Face Amount of Bonds | |
|---|---|---|---|
| | | The Broker Owes Me (Long) | I Owe the Broker (Short) |
| See Nov. 30, 2008 B0139 Statements, attached hereto as Exhibit A. | | | |
| $1,880,746.81 (market value of securities long, per B0139-3 statement) | | | |
| 64,350.00 (market value of securities long, per B0139-3 statement) | | | |
| (90,870.00) (market value of securities short, per B0139-4 statement) | | | |
| TOTAL: $1,854,226.81 | | | |

**Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclose, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation. You should also provide all documentation or information regarding any withdrawals you have ever made or payments received from the Debtor.** See Exhibits A and B, and documents submitted herewith.

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement. If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.
**PLEASE CHECK THE APPROPRIATE ANSWER FOR ITEMS 3 THROUGH 9.**

**NOTE:    IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION ON A SIGNED ATTACHMENT. IF SUFFICIENT DETAILS ARE NOT PROVIDED, THIS CLAIM FORM WILL BE RETURNED FOR YOUR COMPLETION.**

|  |  | YES | NO |
|---|---|---|---|
| 3. | Has there been any change in your account since December 11, 2008? If so, please explain. |  | X |
| 4. | Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of the broker? |  | X |
| 5. | Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or policies of the broker? |  | X |
| 6. | Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in any way with the broker? If so, give name(s) |  | X |
| 7. | Is this claim being filed by or on behalf of a broker or dealer or a bank? If so, provide documentation with respect to each public customer on whose behalf you are claiming. |  | X |
| 8. | Have you ever given any discretionary authority to any person to execute securities transactions with or through the broker on your behalf? Give names, addresses and phone numbers. |  | X |
| 9. | Have you or any member of your family ever filed a claim under the Securities Investor Protection Act of 1970? if so, give name of that broker. |  | X |

Please list the full name and address of anyone assisting you in the preparation of this claim form: Christopher Van De Kieft, Esq., Seeger Weiss LLP, One William Street, New York, NY 10004.

If you cannot compute the amount of your claim, you may file an estimated claim. In that case, please indicate your claim is an estimated claim.

**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM. CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.**

**THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY INFORMATION AND BELIEF.**

Date  6/30/09             Signature

Date                      Signature

(If ownership of the account is shared, all must sign above. Give each owner's name, address, phone number, and extent of ownership on a signed separate sheet. If other than a personal account, *e.g.*, corporate, trustee, custodian, etc., also state your capacity and authority. Please supply the trust agreement or other proof of authority.)

This customer claim form must be completed and mailed promptly, together with supporting documentation, etc. to:

Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

# *EXHIBIT A*



BERNARD L. MADOFF
INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

PAGE 1

PERIOD ENDING 11/30/08

YOUR TAX PAYER IDENTIFICATION NUMBER ******2994

YOUR ACCOUNT NUMBER 1-B0139-3-0

THE DOUGLAS G BROWN
REVOCABLE TRUST

11 MEADOWCROFT LANE
GREENWICH          CT    06830

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| | | | | BALANCE FORWARD | | 112,319.53 | |
| 11/12 | 1,014 | | 2096 | WAL-MART STORES INC | 55.830 | 56,651.62 | |
| 11/12 | 663 | | 2598 | INTERNATIONAL BUSINESS MACHS | 87.270 | 57,886.01 | |
| 11/12 | 2,457 | | 6422 | EXXON MOBIL CORP | 72.880 | 179,164.16 | |
| 11/12 | 2,691 | | 6924 | INTEL CORP | 14.510 | 39,153.41 | |
| 11/12 | 1,287 | | 11250 | JOHNSON & JOHNSON | 59.580 | 76,730.76 | |
| 11/12 | 1,755 | | 15576 | JP MORGAN CHASE & CO | 38.530 | 67,730.25 | |
| 11/12 | 936 | | 19901 | COCA COLA CO | 44.660 | 41,838.76 | |
| 11/12 | 546 | | 24227 | MCDONALDS CORP | 55.370 | 30,253.02 | |
| 11/12 | 1,014 | | 26553 | MERCK & CO | 26.370 | 26,989.90 | |
| 11/12 | 3,705 | | 32879 | MICROSOFT CORP | 21.610 | 80,954.05 | |
| 11/12 | 1,872 | | 37205 | ORACLE CORPORATION | 17.300 | 32,459.60 | |
| 11/12 | 741 | | 50183 | PEPSICO INC | 56.410 | 41,828.81 | |
| 11/12 | 129 | | 50685 | APPLE INC | 100.780 | 13,251.62 | |
| 11/12 | 9,159 | | 54509 | PFIZER INC | 16.940 | 55,309.46 | |
| 11/12 | 741 | | 55011 | ABBOTT LABORATORIES | 54.610 | 40,495.01 | |
| 11/12 | 1,404 | | 58837 | PROPRIETARY SAMPLE CO | 64.060 | 90,026.32 | |
| 11/12 | 975 | | 62335 | AMERICAN INTERNATIONAL | 23.880 | 23,339.00 | |
| 11/12 | 2,340 | | 63563 | BANK OF AMERICA | 21.590 | 50,613.60 | |
| 11/12 | 840 | | 67890 | DUPONT INC | 31.770 | 26,717.60 | |
| 11/12 | 1,086 | | 70050 | SCHLUMBERGER LTD | 45.480 | 49,406.00 | |
| 11/12 | 1,404 | | 72315 | COMCAST CORP | 16.510 | 23,236.04 | |

CONTINUED ON PAGE 2

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES



**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

PAGE **2**

THE DOUGLAS G BROWN
REVOCABLE TRUST

11 MEADOWCROFT LANE
GREENWICH    CT    06830

YOUR ACCOUNT NUMBER: 1-B0139-3-0
PERIOD ENDING: 11/30/08
YOUR TAX PAYER IDENTIFICATION NUMBER: *******2994

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| 11/12 | 2,769 | | 76139 | AT&T INC | 27 | 74,873.00 | |
| 11/12 | 702 | | 76641 | CONOCOPHILIPS | 52,510 | 36,890.02 | |
| 11/12 | 468 | | 80465 | UNITED PARCEL SVC INC CLASS B | 52,040 | 24,372.72 | |
| 11/12 | 2,847 | | 80967 | CISCO SYSTEMS INC | 16,730 | 47,743.31 | |
| 11/12 | 819 | | 84791 | U.S. BANCORP | 29,530 | 24,217.07 | |
| 11/12 | 975 | | 85293 | CHEVRON CORP | 73,490 | 71,633.25 | |
| 11/12 | 468 | | 89117 | UNITED TECHNOLOGIES CORP | 53,160 | 24,896.88 | |
| 11/12 | 4,953 | | 89619 | GENERAL ELECTRIC CO | 19,630 | 97,425.39 | |
| 11/12 | 1,326 | | 93443 | VERIZON COMMUNICATIONS | 30,410 | 40,376.66 | |
| 11/12 | 117 | | 93945 | GOOGLE | 337,400 | 39,479.80 | |
| 11/12 | 1,638 | | 97769 | WELLS FARGO & CO NEW | 29,800 | 48,877.40 | |
| 11/12 | 1,170 | | 98271 | HEWLETT PACKARD CO | 34,900 | 40,879.00 | |
| 11/12 | | 1,800,000.000 | 20382 | U.S. TREASURY BILL DUE 2/12/2009 | 99,936 | | 1,798,848.00 |
| 11/12 | | | | U.S. TREASURY BILL 2/12/2009 | | | |
| 11/12 | | | | FIDELITY SPARTAN U.S. TREASURY MONEY MARKET | DIV | | 11.69 |
| | | | | DIV 11/12/08 | | | |
| 11/12 | | 20,818,600 | 15480 | FIDELITY SPARTAN U.S. TREASURY MONEY MARKET | 1 | | 20,818,600.00 |
| 11/13 | 45,556 | | 24849 | FIDELITY SPARTAN U.S. TREASURY MONEY MARKET | 1 | 45,556.00 | |
| 11/19 | | | | FIDELITY SPARTAN U.S. TREASURY MONEY MARKET | DIV | | 8.58 |
| | | | | DIV 11/19/08 | | | |
| | | | | CONTINUED ON PAGE 3 | | | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES



**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 1493 6222

THE DOUGLAS G BROWN
REVOCABLE TRUST
11 MEADOWCROFT LANE
GREENWICH   CT   06830

PERIOD ENDING: 11/30/08
YOUR TAX PAYER IDENTIFICATION NUMBER: ******2994
YOUR ACCOUNT NUMBER: 1-B0139-3-0
PAGE 3

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| 11/19 | | 45,556 | 50088 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | | 45,556.00 |
| 11/19 | 150,000 | | 54735 | U S TREASURY BILL DUE 03/26/2009 | 99.926 | 149,889.00 | |
| 11/19 | 12,517 | | 59129 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | 12,517.00 | |
| | | | | NEW BALANCE | | 221,285.92 | |
| | | | | SECURITY POSITIONS | MKT PRICE | | |
| | 2,769 | | | AT&T INC | 28.560 | 27.00 | |
| | 741 | | | ABBOTT LABORATORIES | 52.390 | 54.41 | |
| | 502 | | | AMGEN INC | 55.540 | 59.14 | |
| | 439 | | | APPLE INC | 92.670 | 99.17 | |
| | 2,340 | | | BANK OF AMERICA | 16.250 | | |
| | 975 | | | CHEVRON CORP | 79.010 | 73.43 | |
| | 2,843 | | | CISCO SYSTEMS INC | 16.560 | 16.23 | |
| | | | | CITIGROUP INC | 8.200 | | |
| | | | | COCA COLA CO | 46.090 | | |
| | 1,404 | | | COMCAST CORP | 17.340 | 16.51 | |
| | | | | [illegible] | | | |
| | 2,797 | | | CONOCOPHILLIPS | 52.020 | | |
| | | | | EXXON MOBIL CORP | 80.150 | | |
| | 4,953 | | | GENERAL ELECTRIC CO | 17.170 | 19.43 | |
| | | | | CONTINUED ON PAGE 4 | | | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES



**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

THE DOUGLAS G BROWN
REVOCABLE TRUST

11 MEADOWCROFT LANE
GREENWICH          CT    06830

PAGE 4
PERIOD ENDING 11/30/08
YOUR ACCOUNT NUMBER 1-B0139-3-0
YOUR TAX PAYER IDENTIFICATION NUMBER ********2994

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| | 117 | | | GOOGLE | 292.960 | 337.40 | |
| | 1,170 | | | HEWLETT PACKARD CO | 35.280 | 34.19 | |
| | 2,691 | | | INTEL CORP | 13.800 | 14.35 | |
| | 663 | | | INTERNATIONAL BUSINESS MACHS | 81.600 | 71.2 | |
| | 1,755 | | | J.P. MORGAN CHASE & CO | 31.660 | 31.53 | |
| | 1,287 | | | JOHNSON & JOHNSON | 58.580 | 54.57 | |
| | 546 | | | MCDONALDS CORP | 58.750 | 55.17 | |
| | 1,014 | | | MERCK & CO | 26.720 | 28.55 | |
| | 3,705 | | | MICROSOFT CORP | 20.220 | 21.91 | |
| | 1,872 | | | ORACLE CORPORATION | 16.090 | 17.30 | |
| | 741 | | | PEPSICO INC | 56.100 | 54.2 | |
| | 3,159 | | | PFIZER INC | 16.430 | 16.5 | |
| | 975 | | | PHILLIP MORRIS INTERNATIONAL | 42.160 | 43.60 | |
| | 1,406 | | | PROCTER & GAMBLE CO | 64.350 | 64.08 | |
| | 585 | | | QUALCOMM INC | 35.590 | 35. | |
| | 12,517 | | | SCHLUMBERGER LTD | 50.140 | | |
| | | | | FIDELITY SPARTAN | 1 | | |
| | | | | U.S TREASURY MONEY MARKET | | | |
| | 819 | | | US SANDARD | 519,500 | | |
| | 468 | | | UNITED PARCEL SVC INC | 51.500 | | |
| | 150,000 | | | CLASS B | | | |
| | | | | DUE TREASURY BILL | 99.971 | | |
| | | | | DUE 3/26/2009 | | | |
| | 468 | | | UNITED TECHNOLOGIES CORP | 48.530 | 53.14 | |

CONTINUED ON PAGE

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES



**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

THE DOUGLAS G BROWN
REVOCABLE TRUST

11 MEADOWCROFT LANE
GREENWICH        CT   06630

PERIOD ENDING: 11/30/08
YOUR TAX PAYER IDENTIFICATION NUMBER: *******2994
PAGE: 5
YOUR ACCOUNT NUMBER: 1-B0139-3-0

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| | 1,326 | | | VERIZON COMMUNICATIONS | 32.650 | 30.41 | |
| | 1,014 | | | WAL-MART STORES INC | 55.880 | 55.81 | |
| | 1,638 | | | WELLS FARGO & CO NEW | 28.890 | 28.89 | |
| | | | | MARKET VALUE OF SECURITIES | | | |
| | | | | LONG | | | |
| | | | | 1,880,746.81 | | | |
| | | | | SHORT | | | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES



**BLM** **BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

THE DOUGLAS G BROWN
REVOCABLE TRUST

11 MEADOWCROFT LANE
GREENWICH            CT   06830

YOUR ACCOUNT NUMBER  1-B0139-3-0

PERIOD ENDING  11/30/08

PAGE  6

YOUR TAX PAYER IDENTIFICATION NUMBER  *******2994

| DATE | BOUGHT<br>RECEIVED OR LONG | SOLD<br>DELIVERED OR SHORT | TRN. | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED<br>TO YOUR ACCOUNT | AMOUNT CREDITED<br>TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| | | | | YEAR-TO-DATE SUMMARY | | | |
| | | | | DIVIDENDS | | | 13,149.80 |
| | | | | GROSS PROCEEDS FROM SALES | | | 14,630,170.30 |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

THE DOUGLAS G BROWN
REVOCABLE TRUST
11 MEADOWCROFT LANE
GREENWICH                 CT  06830

PERIOD ENDING: **11/30/08**
YOUR ACCOUNT NUMBER: **1-B0139-4-0**
YOUR TAX PAYER IDENTIFICATION NUMBER: **\*\*\*\*\*\*2994**
PAGE: **1**

| DATE | BOUGHT RECEIVED OR LONG | SOLD DELIVERED OR SHORT | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
|  |  |  |  | BALANCE FORWARD |  |  | 112,320.00 |
| 11/12 |  | 39 | 41531 | S & P 100 INDEX NOVEMBER 460 CALL | 15.800 |  | 61,581.00 |
| 11/12 |  | 39 | 45857 | S & P 100 INDEX NOVEMBER 450 PUT | 17.800 | 69,459.00 |  |
| 11/19 |  | 39 | 31962 | S & P 100 INDEX DECEMBER 430 CALL | 26 |  | 101,361.00 |
| 11/19 |  | 39 | 36287 | S & P 100 INDEX DECEMBER 420 PUT | 30 | 117,039.00 |  |
| 11/19 | 39 |  | 40612 | S & P 100 INDEX NOVEMBER 460 CALL | 3 | 11,739.00 |  |
| 11/19 |  | 39 | 44937 | S & P 100 INDEX NOVEMBER 450 PUT | 37 |  | 144,261.00 |
|  |  |  |  | NEW BALANCE |  |  | 221,286.00 |
|  |  |  |  | SECURITY POSITIONS | MKT PRICE |  |  |
|  |  | 39 |  | DECEMBER 430 CALL S & P 100 INDEX | 236,700 |  |  |
|  | 39 |  |  | S & P 100 INDEX DECEMBER 420 PUT | 16.500 |  |  |
|  |  |  |  | MARKET VALUE OF SECURITIES LONG 64,350.00  SHORT 90,870.00 |  |  |  |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES



# *EXHIBIT B*

The Douglas G Brown Revocable Trust
Account No. B0139

## EXHIBIT B

1. This Claim Form, exhibits, and supporting documentation (collectively "Claim Form") is submitted pursuant to the December 23, 2008 Order of the Honorable Burton R. Lifland and the instructions disseminated by Irving H. Picard, Trustee for Bernard L. Madoff Investment Securities LLC ("Trustee"), on December 11, 2008.

2. The information provided in the Claim Form is based on information provided in the Claimant's latest Madoff account statement and any additional information known by the Claimant as of the date of the submission of the Claim Form. The Claimant reserves the right to amend and/or supplement this Claim Form upon the receipt of further information, or upon request by the Trustee for additional information.

3. The Claimant reserves the right to amend the Claim Form in the event of any recoveries by the Trustee or any other party under the avoidance powers of the Bankruptcy Code or otherwise, or in the event of rejections of executory contracts pursuant to Bankruptcy Code Section 365, whether such amendments are made pursuant to Bankruptcy Code Sections 105, 502(g), or 502(h), Bankruptcy Rule 3002(c)(3), (4), other provisions of applicable bankruptcy law, or general principles of law or equity.

4. The Claimant hereby requests that the Claim Form additionally be considered as a proof of claim, as a general creditor or otherwise, in *In re Bernard L. Madoff Investment Securities LLC*, No. 08-01789 (Bankr. S.D.N.Y.).

5. This Claim Form is required to be submitted pursuant to the Court's January 2, 2009 Order and the Trustee's instructions to the Claimant. To the extent permitted by applicable law, the Claimant does not, by submitting the Claim Form, consent to the jurisdiction of the Bankruptcy Court nor does Claimant waive any right to trial by jury.

6. The Claimant reserves all rights, claims, and/or defenses as to and/or against any and all parties potentially liable for the losses sustained by the Claimant, including, without limitation, Bernard L. Madoff Investment Securities LLC and its owners, partners, employees, and affiliates, as well as any potentially liable third parties including, without limitation, investment advisors, "feeder funds," accountants, and auditors.

7. The Claimant further reserves all rights, claims, and/or defenses as to and/or against any persons and/or creditors asserting claims against Bernard L. Madoff Investment Securities LLC, its employees, owners, and/or affiliates, in bankruptcy or otherwise.

The Douglas G Brown Revocable Trust
Account No. B0139

8. The Claimant reserves all objections as to the competence, relevance, materiality, privilege, or admissibility of evidence in any subsequent proceeding or trial of this or any other action for any purpose whatsoever, notwithstanding the submission of any such information to the Trustee.

9. To the extent the Claimant has disclosed to the Trustee documents containing accounting and/or legal advice, the Claimant does not waive any potential privileges applicable thereto.

10. The Claimant reserves all rights with respect to submitting information to the Internal Revenue Service regarding gains, losses, and/or theft of assets.

11. The Claim Form and supporting documents contain confidential information. The Claimant submits this information to the Trustee subject to the condition that this information will not to be disclosed to any third parties, other than under seal to the Court, absent the Claimant's express consent or Court order.

12. To the extent the BMIS account for which this Claim Form is submitted contains or purports to contain funds from a "predecessor" or other BMIS account, the Claimant reserves all rights, claims, and defenses as to any such predecessor or other BMIS account. To the extent necessary or appropriate, this Claim Form is likewise submitted as a claim for and on behalf of any such predecessor or other BMIS account.

13. The Claimant submits herewith documents in support of the Claimant's claim, including documents containing information regarding account transactions, such as contributions and/or withdrawals. The Claimant reserves any arguments that such documents are not relevant to the Trustee's inquiry. The Claimant further reserves the right to supplement this submission, including the submission of additional documents, if deemed necessary.

1

DOUGLAS BROWN

REVOCABLE TRUST

This agreement made on and effective as of the 24th day of July, 1990, between DOUGLAS BROWN, residing at 24 Oakley Lane, Greenwich, Connecticut, (hereinafter called "GRANTOR"), and DOUGLAS BROWN (hereinafter called the "Trustee").

W I T N E S S E T H :

WHEREAS, the GRANTOR desires to create a trust to consist of such assets as the Trustee may hereafter at any time hold or acquire hereunder (said assets, including cash or other property received by the Trustee pursuant to his designation as beneficiary of any insurance policies or of any employee benefit plan or pursuant to a bequest or devise from GRANTOR's Last Will and Testament or any other person's Last Will and Testament, being hereinafter referred to collectively as the "trust estate"), for the purposes herein set forth:

NOW, THEREFORE, in consideration of the premises and of the mutual covenants herein contained, the Trustee agrees to hold the trust estate, IN TRUST, NEVERTHELESS, for the following uses and purposes and subject to the terms and conditions hereinafter set forth:

FIRST:

During the GRANTOR's life and while the trust estate shall include cash, securities or other property productive of income, the Trustee shall manage, invest and reinvest the trust estate, shall collect the income thereof, and shall pay or apply such part of the net income and principal to or for the benefit of such one or more of those members of a class

-1-

consisting of the GRANTOR, the GRANTOR's wife, ELIZABETH, and the GRANTOR's issue, in such amounts and in such proportions as the Trustee, in his discretion shall deem advisable without regard to equality of distributions, and shall accumulate any net income that is not distributed in a given year and add the same to principal. Anything to the contrary notwithstanding, however, the Trustee shall have no administrative or investment duties until the trust estate exceeds Ten Thousand ($10,000) Dollars.

<u>SECOND</u>:

Upon the death of the GRANTOR, this Trust shall become irrevocable. The Trustee shall collect any testamentary bequest, life insurance proceeds or other amounts payable to the Trustees as aforesaid, shall add the same to the trust estate, and shall hold, manage, invest and reinvest the same, collect the income therefrom, and dispose of the principal and any income therefrom as follows:

(a)(i)  If GRANTOR's wife, ELIZABETH, survives GRANTOR, the Trustee shall divide the trust property into three parts, to be designated as Fund A-1 and A-2 (which from time to time are referred to collectively as Fund A) and Fund B respectively. The property allocated to Fund A shall equal in value the maximum and unlimited estate tax marital deduction allowable in determining the United States estate tax on GRANTOR's estate for United States estate tax purposes under the Internal Revenue Code of 1986, as in effect at the time of GRANTOR's death, reduced by the value of any property included in GRANTOR's gross estate and passing to or for the benefit of

-2-

GRANTOR's said wife under or outside of GRANTOR's Will, and qualifying for the marital deduction; and further reduced by the amounts necessary to increase GRANTOR's taxable estate to an amount which, after allowing for the unified credit and the state death tax credit (provided the use of the state death tax credit does not require an increase in any state death tax payable) allowable to GRANTOR's estate for United States estate tax purposes, will result in no United States estate tax being imposed upon GRANTOR's estate. Fund A-1 shall equal in value any unused portion of GRANTOR's GST exemption under the said Internal Revenue Code, provided such exemption is allocated thereto and GRANTOR is treated as the transferor thereof. Fund A-2 shall consist of the balance of the property allocated to Fund A.

(ii)  In making the computations necessary to determine the amount of the marital deduction, the final determination in the United States estate tax proceeding for GRANTOR's estate shall control.  Whenever used in this Article, the terms "gross estate", "taxable estate", "marital deduction", "unified credit" and "state death tax credit" shall have the same meaning as said words have under the provisions of the Internal Revenue Code applicable to GRANTOR's estate.

(iii)  Only assets which qualify for the marital deduction shall be allocated to Fund A.  To the extent, also, that other assets qualifying for the marital deduction are available, Fund A shall not be satisfied by the distribution of:

(A)   assets with respect to which a credit for foreign taxes paid is allowable under the Internal Revenue Code;

(B)   assets which may be subject to both income and estate taxes and which may be eligible for a credit or deduction; or

(C)   United States Treasury Bonds eligible for redemption at par in payment of United States estate tax. The Trustee is authorized to satisfy Fund A in money or in kind, or partly in money and partly in kind; and if wholly or partly in kind, to select and allocate to Fund A the specific asset or assets so elected at values current as of the date or dates of allotment thereof.   Fund A shall carry with it, as income and not as principal, its proportionate share of all net income received from the date of GRANTOR's death.

(iv)   At quarterly or more frequent intervals, the Trustee shall pay or apply the entire net income from Fund A to or for the benefit of GRANTOR's said wife so long as she shall live, and in addition thereto such amounts of the principal of Fund A-2, and if the same shall be exhausted, then Fund A-1, as from time to time the Trustee shall deem desirable to provide for her health, welfare and maintenance in the style to which she was accustomed at GRANTOR's death, taking into considera-tion her income from this and other sources but not her capital resources.   GRANTOR's said wife shall have the unrestricted right to direct the Trustee to convert non-income producing

-4-

IN WITNESS WHEREOF, the parties hereto have executed this Agreement on the date first above written.

_____
DOUGLAS BROWN, Grantor

_____
DOUGLAS BROWN, Trustee

STATE OF NEW YORK     )
                                ss:
COUNTY OF WESTCHESTER)

On the 24th day of July , 1990, before me personally came DOUGLAS BROWN, to me known to be the individual described in and who executed the foregoing instrument, and acknowledged that he executed same.

THOMAS A. FITZGERALD
NOTARY PUBLIC, State of New York
No. 4945213
Qualified in Westchester County
Term Expires December 31, 19 94