# FRIER LEVITT
ATTORNEYS AT LAW

Michelle Greenberg, Esq.
84 Bloomfield Avenue
Pine Brook, NJ 07058
Telephone: (973) 618-1660
Facsimile:  (973) 618-0650
jlevitt@frierlevitt.com

Attorneys for Heirs of RJ

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES, LLC,<br><br>　　　　　Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>　　　　　Debtor. | |

**MOTION TO INTERVENE AS AN OBJECTING
CLAIMANT AND TO JOIN IN THE OPPOSITION PAPERS OF OTHER
OBJECTING CLAIMANTS TO TRUSTEE'S "CUSTOMER MOTION"**

Heirs of RJ ("Claimant"), by and through its undersigned counsel, hereby request leave to intervene as an "Objecting Claimant" and to join in the opposition papers of other Objecting Claimants to the Trustee's Motion for an Order to Affirm Trustee's Determinations Denying Claims of Claimants Without BLMIS Accounts in the Names, Namely Investors in Feeder Funds (hereafter, "Customer Motion"), filed on June 11, 2010. In support of this Motion, Claimant states:

1

## FACTUAL BACKGROUND

1. As set forth more fully in the customer claim, designated as claim no. 014697 (the "Customer Claim"), attached hereto as Exhibit A, without exhibits, Claimants invested with Kingate Global Fund ("Kingate"), which in turn, invested in the securities markets through BLMIS.

2. Kingate is one of the sixteen "feeder funds" that is the subject of the Customer Motion.

3. On or about July 1, 2009, Claimants timely filed their Customer Claim with the Trustee pursuant to the Procedures Order.

4. By notice dated December 8, 2009 (the "Determination Notice"), a copy of which is attached hereto as Exhibit B, the Trustee notified Claimant of his determination denying the Customer Claim. In the Determination Notice, the Trustee summarily stated that the Customer Claim had been denied because:

> Based on a review of available books and records of BLMIS by the Trustee's staff, you did not have an account with BLMIS. Because you did not have an account, you are not a customer of BLMIS under SIPA as that term is defined at 15 U.S.C. § 78lll(2). Accordingly, you Claim for securities and/or a credit balance is **DENIED**.

5. By Order dated April 13, 2010 (the "Scheduling Order") [Dkt. No. 2205], the Bankruptcy Court established orderly procedures to determine whether the indirect investors, like Claimants, qualify as "customers" under SIPA and are entitled to protection thereunder. Those claims who object to the Trustee's determination of their customer claim may participate in the proceedings that will ultimately determine whether the indirect investors of BLMIS qualify as "customers" under SIPA. Scheduling Order at 2-3.

6. Claimant's initial deadline to respond to the Determination Notice was January 7, 2010, which by agreement with counsel to the Trustee was extended up through and including July 7, 2010.

7. On June 11, 2010, Claimant timely filed its "Objection to Trustee's Determination of the Customer Claim of Heirs of RJ" (hereafter, "Objection"). <u>See</u>, Claimant's Objection attached hereto as <u>Exhibit C</u>. Accordingly, Claimant is an "Objecting Claimant" and should be treated as such.

8. Despite filing its Objection, Claimant did not receive notice of the Trustee's Customer Motion. Accordingly, Claimant is filing the instant motion to ensure that: (1) it is an "Objecting Claimant" within the meaning of the April 13, 2010 Order and the Trustee's Customer Motion, (2) that it is deemed to be participating in the instant Customer Motion as an Objecting Claimant, (3) that it has joined in all of the arguments and authority cited in the opposition papers filed by other Objecting Claimants to the Trustee's Customer motion, and (4) that it receives the benefit of any ruling by this Court on the Customer Motion.

9. Claimant respectfully requests that it be treated the same as the other Objecting Claimants, given that Claimant is substantially in the same position as those investors. Like the other Objecting Claimants, Claimant invested funds in Kingate which, in turn, invested directly in BLMIS.

10. It would be inequitable to Claimant for the Trustee to exclude Claimant from the group of Objecting Claimants who may benefit from this Court's ruling on the Trustee's Customer Motion.

### JOINDER IN OPPOSITION PAPERS OF OTHER OBJECTING CLAIMANTS AND INTERESTED PARTIES TO TRUSTEE'S CUSTOMER MOTION

11. Claimant hereby joins, and fully incorporates by reference as if fully restated herein, the arguments and authority cited in the opposition papers and briefs filed on behalf of other Objecting Claimants or Interested Parties to the Trustee's Customer Motion. Any failure to object or oppose the Trustee's Customer Motion on any particular ground shall not be construed as a

3

waiver of and is without prejudice to Claimant's right to object or oppose the Customer Motion on such ground at a later date. Claimant reserves its right to revise, supplement or amend this Motion.

12. In addition, Claimant incorporates by reference as if fully restated herein, the arguments and authority cited in its Objection filed on June 11, 2010, and attached hereto as <u>Exhibit C</u>.

**WHEREFORE,** Claimant, Heirs of RJ, respectfully requests that the Court enter an Order:

a. Designating Claimant, Heirs of RJ, to be an "Objecting Claimant", as that term is defined in the Court's Order dated April 13, 2010, and in accordance with the Objection previously filed by Claimant on June 11, 2010;

b. Directing that Claimant, Heirs of RJ's, is deemed to have joined in the arguments and authority cited in the opposition papers and briefs filed on behalf of other Objecting Claimants and Interested Parties to the Trustee's Customer Motion;

c. Overruling the Trustee's Determination Notice and finding that Claimant, Heirs of RJ, is a "customer" within the meaning of 15 U.S.C. § 78lll(2);

d. Directing that Claimant be treated by the Trustee in the same manner as other Objecting Claimants and Granting Claimant relief in BLMIS liquidation proceedings to the same extent as other direct investors in the BLMIS; and

e. Granting such other and further relief as may be just, proper, and equitable.

Dated: June 23, 2010
Pine Brook, New Jersey

FRIER & LEVITT, LLC

By: /s/ Michelle Greenberg
Michelle Greenberg, Esq.
84 Bloomfield Avenue
Pine Brook, NJ 07058
Telephone: (973) 618-1660
Facsimile: (973) 618-0650
jlevitt@frierlevitt.com

Attorneys for Heirs of RJ

4

## CERTIFICATION OF SERVICE

I, Michelle Greenberg, Esq., certify that on the date set forth below, I caused a copy of the above Motion to Intervene As An Objecting Claimant and to Join in the Opposition Papers of Other Objecting Claimants to Trustee's "Customer Motion" to be served upon all counsel of record through the Court's ECF system.


Dated: June 23, 2010

/s/ Michelle Greenberg
Michelle Greenberg, Esq.