BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com
Oren J. Warshavsky
Email: owarshavsky@bakerlaw.com

Presentment Date: July 1, 2010
Time: 12:00 p.m.

Objections Due: July 1, 2010
Time: 11:00 a.m.

*Attorneys for Irving H. Picard, Esq., Trustee
for the Substantively Consolidated SIPA Liquidation
of Bernard L. Madoff Investment Securities LLC
and Bernard L. Madoff*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |

**TRUSTEE'S MOTION PURSUANT TO 28 U.S.C. § 1781(b)(2) AND RULE 2004
OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR
AN ORDER ISSUING REQUESTS FOR JUDICIAL ASSISTANCE
(LETTER OF REQUEST) FOR SERVICE OF SUBPOENAS UPON
<u>HSBC HOLDINGS PLC AND HSBC BANK PLC</u>**

Pursuant to 28 U.S.C. § 1781(b)(2) and Rule 2004 of the Federal Rules of Bankruptcy

Procedure, Irving H. Picard, Esq., as trustee ("Trustee") for the substantively consolidated

liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") and Bernard L. Madoff, individually, hereby moves this Court (the "Motion") for the entry of an Order issuing requests for judicial assistance ("Letter of Request") from the Queen's Bench Division of the High Court for the delivery of specific documents by HSBC Holdings plc and HSBC Bank plc; and, in support thereof, respectfully requests as follows:

## JURISDICTION AND VENUE

1.      The Trustee asserts that this Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and sections 78eee(b)(2)(A) and (b)(4) of SIPA.  The Trustee also asserts that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O), and that venue is proper in this district pursuant to 28 U.S.C. § 1409.

2.      The statutory predicates for the relief requested are Rule 2004 of the Federal Rules of Bankruptcy Procedure, 28 U.S.C. § 1781(b)(2), and the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, concluded March 18, 1970.

## BACKGROUND

3.      BLMIS is a New York limited liability company that is wholly owned by Mr. Madoff, who was also its founder, chairman and chief executive officer.  BLMIS was registered as a securities broker-dealer under the U.S. Securities Exchange Act of 1934 and was also a member of the Securities Investor Protection Corporation ("SIPC").

4.      As is now well-known, BLMIS' investment advisory business purportedly generated consistent annual returns regardless of the underlying performance of the stock market.  Mr. Madoff and BLMIS represented that this was attributable to a trading strategy which involved investing in equity securities while at the same time selling call options and

purchasing put options on those equities, a so-called "split-strike conversion strategy."

5. Customers of the investment advisory business received monthly or quarterly statements purportedly showing the securities held, or traded through, their accounts. The reported trades, however, were a complete fabrication. In pleading guilty to the crimes he committed, Madoff admitted that, since at least the early 1990s, the investment advisory business of BLMIS was used to operate a Ponzi scheme.[1]

6. At all relevant times, the investment advisory business was operated as a Ponzi scheme. New investments received from investors were primarily used to fund distributions to, or payments on behalf of, other investors. Money invested with BLMIS was simply used to sustain the Ponzi scheme and to enrich Mr. Madoff and others who received the benefit of payments out of BLMIS. In an attempt to conceal the fraud, and thereby hinder, delay and defraud other current and prospective investors, BLMIS routinely paid redeeming investors the artificial amounts shown in their customer statements, including both non-existent capital and fictitious profits. The Ponzi scheme collapsed in December 2008.

7. The investment advisory business had approximately 8,000 customers. Many of these customers were so-called "feeder funds" or other intermediaries investing money on behalf of their own clients. This Motion concerns the request for documents from the bank that provided administration, custodial and other bank services for at least eleven (11) of those feeder funds and received funds in connection with those services as well as with regard to its own investments in feeder funds.

---

[1] The Trustee is investigating whether the fraud at BLMIS extends back further than the early 1990s.

\                                           3

## RELIEF REQUESTED AND SUMMARY OF REASONS THEREFOR

8. By this Motion, the Trustee seeks the entry of an Order, pursuant to 28 U.S.C. § 1781(b)(2) and Fed. R. Bankr. P. 2004 directing that two Letters of Request be issued in this proceeding to seek the production of documents therein requested from HSBC Holdings plc and HSBC Bank plc, both located in the United Kingdom at 8 Canada Square, Canary Wharf, London E145 HQ.

9. Upon information and belief, HSBC Holdings plc is the parent corporation of the HSBC Group, one of the largest banking and financial services organizations in the world, with an international network comprising approximately 10,000 properties in 86 countries and territories in Europe, Asia, the Middle East, Africa, North America and Latin America (the "HSBC Group"). Upon information and belief, HSBC Bank plc is the parent corporation of a subset of entities within the HSBC Group and itself a subsidiary of HSBC Holdings plc. In its 2008 Annual Report, HSBC Holdings plc disclosed an overall charge against trading income of US$984 million relating to BLMIS's fraud.

10. The HSBC Group contracted with at least eleven (11) feeder funds to provide administrator, custodial or other bank services to those funds. In addition to acting as service provider, the HSBC Group also sponsored structured products such as swap agreements which provided leveraged investments to a number of feeder funds. In connection with those products, the HSBC Group invested in a number of the feeder funds. The Trustee therefore has reason to believe that documents relevant to its investigation are likely to be in the possession, custody or control of HSBC Holdings plc and/or HSBC Bank plc. In order to adequately investigate the facts and circumstances of the BLMIS fraud, the Trustee requires documents regarding, inter alia, the HSBC Group's roles and responsibilities in relation to feeder funds; the HSBC Group's

\\                                      4

structured products program as it relates to BLMIS investments; and HSBC Group's due diligence efforts with respect to BLMIS.

11. A proposed Letter of Request provides that this Court respectfully request that the Queen's Bench Division of the High Court, in furtherance of justice by the proper and usual process, cause HSBC Holdings plc and HSBC Bank plc to produce such documentary evidence in its possession as shall fulfill the request made by such order of this Court. Such a request for international cooperation is provided for in Article 3 of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, concluded March 18, 1970.

12. Should the Court so order the proposed Letter of Request, the Trustee intends to forward the so ordered Letter of Request to counsel assisting the Trustee in the United Kingdom, Mishcon de Reya, who will in turn make an application to the Queen's Bench Division of the High Court and present the same.

13. All of the documents referenced herein are relevant and necessary in order to allow the Trustee to carry out his duties of marshaling the assets and properly administering the BLMIS estate. No previous application for the relief sought herein has been made.

## WAIVER OF MEMORANDUM OF LAW

14. Because this Motion presents no novel issues of law and the authorities relied upon are cited herein, the Trustee requests that the Court dispense with the requirement of Local Bankruptcy Rule 9013-1(b) that a memorandum of law be submitted herewith.

**WHEREFORE**, the Trustee respectfully requests that this Court enter an order, substantially in the form of the proposed order attached hereto, issuing Letters of Request

\  5

seeking the production of documents from HSBC Holdings plc and HSBC Bank plc.  The proposed Letter of Request is attached to the proposed order attached hereto.

| | |
|---|---|
| Dated:  New York, New York<br>June 23, 2010 | Respectfully submitted,<br><br>*/s/Oren J. Warshavsky*<br>Baker & Hostetler LLP<br>45 Rockefeller Plaza<br>New York, New York 10111<br>Telephone: (212) 589-4200<br>Facsimile: (212) 589-4201<br>David J. Sheehan<br>Email: dsheehan@bakerlaw.com<br>Marc E. Hirschfield<br>Email: mhirschfield@bakerlaw.com<br>Oren J. Warshavsky<br>Email:  owarshavsky@bakerlaw.com<br>Gonzalo S. Zeballos<br>Email: gzeballos@bakerlaw.com<br><br>*Attorneys for Irving H. Picard, Esq. Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff* |