UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
SECURITIES INVESTOR PROTECTION
CORPORATION,

                Plaintiff-Applicant,

     - against -                              Adv. Pro. No. 08-01789-BRL

BERNARD L. MADOFF INVESTMENT          SIPA Liquidation
SECURITIES LLC,

                Defendant.
-----------------------------------------------------------------x

## OBJECTION TO SIPA TRUSTEE'S DETERMINATION
## OF CLAIM NUMBER 147

       The Claimant, SYLVIA ANN JOEL (IRA) (hereinafter referred to as the "Claimant"), by her attorneys, Snow Becker Krauss P.C., hereby objects to and opposes the Notice of Trustee's Determination of Claim dated May 26, 2010 (hereinafter referred to as the "Determination") issued by Irving H. Picard, Trustee under the Securities Investor Protection Act (hereinafter referred to as the "SIPA Trustee"), upon the following grounds:

1.      Upon information and belief the Claimant, the Claimant's allowable claim on Bernard L. Madoff Investment Securities LLC ("BLMIS") Account No. J0036-IRA A/C (which has been designated as Claim Number 147) computed on the "money in, money out" analysis being utilized by the SIPA Trustee (i.e., the SIPA Trustee's Net Investment Method) should be a positive sum in an indeterminate amount that is unknown to the Claimant, rather than the negative "Adjusted Amount" balance of ($85,074.74) reflected under the SIPA Trustee's Determination.[1]

---

[1]    The allowable claim asserted by Claimant herein is based upon the SIPA Trustee's Net Investment Method (i.e., "money in, money out") for determining the net equity in the

2. The account in question, BLMIS Account No. J0036-IRA A/C (the "Account") is an IRA account held by the Claimant. The Account consists of an IRA account that was opened by and maintained by the Claimant and an IRA account that was opened by the Claimant's deceased husband, Martin J. Joel, Jr. (the "Decedent") and maintained by the Decedent up until the time of his death on May 6, 2003. Subsequent to the death of the Decedent, his IRA account was rolled over into the Claimant's IRA account.

3. At the present time, the Claimant is not in possession of documentary evidence establishing the dates and amounts of the Claimant's cash contributions to her IRA account and the Decedent's cash contributions to his IRA account. However, upon information and belief, those cash contributions to those two IRA accounts which are now merged into the Account were in excess of the "Adjusted Amount" of $16,434.90 as of 6/10/97 reflected on the SIPA Trustee's Determination.

4. As is reflected on a Form 5498-IRA Contribution Information issued to the Decedent by First Trust Corporation for calendar year 2000, a copy of which is annexed hereto as Exhibit A, the fair market value of the Decedent's IRA account at the end of 2000 was in the sum of $134,843.85.

5. As is reflected on a Form 5498-IRA Contribution Information issued to the Claimant by First Trust Corporation for calendar year 2000, a copy of which is

---

accounts of customers of Bernard L. Madoff Investment Securities LLC, and is subject to the Claimant's right to have its claim re-determined in accordance with any final and unappealable court order that reverses or modifies the Bankruptcy Court's Decision dated March 1, 2010.

annexed hereto as Exhibit B, the fair market value of the Claimant's IRA account at the end of 2000 was in the sum of $117,600.89.

6. As is reflected on a Portfolio Management Report as of 6/30/02 issued by BLMIS to 1st Trust Co. f/b/o Martin J. Joel, Jr. with respect to the IRA account of the Decedent maintained under BLMIS Account No. 1-J0035-3, a copy of which is annexed hereto as Exhibit C, the net market value of open securities positions in that account was purportedly in the sum of $147,537.00 as of that date, which was approximately ten months prior to the Decedent's death on May 6, 2003.

7. As is reflected on a Portfolio Management Report as of 6/30/02 issued by BLMIS to 1st Trust Co. f/b/o Sylvia Ann Joel with respect to the IRA account of the Claimant maintained under BMLIS Account No. 1-J0036-3, a copy of which is annexed hereto as Exhibit D, the net market value of open securities positions in that account was purportedly in the sum of $127,772.00 as of that date.

8. Annexed hereto as Exhibits E and F respectively are copies of (a) a Portfolio Management Report as of 9/30/02 issued by BLMIS to 1st First Co. f/b/o Martin J. Joel, Jr. with respect to the Decedent's IRA account maintained under BLMIS Account No. 1-J0035-3 showing a net market value of open securities positions in that account in the purported sum of $154,336.11 as of that date, and (b) a Portfolio Management Report as of 9/30/02 issued by BLMIS to 1st Trust Co. f/b/o Sylvia Ann Joel with respect to the Claimant's IRA account maintained under BLMIS Account No. 1-J0036-3 showing a net market value of open securities positions in that account in the purported sum of $134,429.54 as of that date.

9. Annexed hereto as Exhibit G is a copy of a Portfolio Management Report as of 6/30/03 for the Decedent's IRA Account No. 1-J0035-3 at BLMIS showing a purported balance therein in the sum of $157,663.83 at the end of the month following the month during which the Decedent passed away.

10. Annexed hereto as Exhibit H is a copy of a Debit Memo dated 8/19/03 issued by BLMIS with respect to the Decedent's IRA Account No. 1-J0035-3 at BLMIS reflecting a purported transfer in the sum of $159,338.82 from the Decedent's IRA Account No. 1-J0035-3 at BLMIS to the Claimant's IRA Account No. 1-J0036-3 at BLMIS, that being the Account which is the subject of the SIPA Trustee's Determination.

11. As aforesaid, subsequent to the Decedent's death on May 6, 2003, the Decedent's IRA account at BLMIS under BLMIS Account No. 1-J0035-3 was rolled over into the Claimant's IRA account at BLMIS under BLMIS Account No. 1-J0036-3. Upon information and belief, the purported value of the Claimant's IRA account at BLMIS under Account No. 1-J0036-3 was approximately $300,000 or an amount in excess thereof after that rollover of the Decedent's IRA account into the Claimant's IRA account.

12. Pursuant to the Determination. the SIPA Trustee has only given the Claimant credit for "money in" in the total sum of $16,434.90. That "Adjusted Amount" of $16,434.90 emanates from what the Determination reflects as a "transfer" in the purported amount of $87,583.92 from BLMIS Account No. 1J001710 on 6/10/97. The Claimant has no knowledge or information about that transfer or the source of those monies or any other monies that were in BLMIS Account No. 1J001710.

4

08-01789-cgm    Doc 2470    Filed 06/24/10    Entered 06/24/10 15:21:49    Main Document
                                    Pg 5 of 6


13. In addition, the Determination reflects a "rollover" from BLMIS Account No. 1J003530 (the Decedent's IRA account at BLMIS) in the purported amount of $159,338.82 on 8/19/03 which is valued at an "Adjusted Amount" of $0.00, and a "transfer" from BLMIS Account No. 1J003530 (the Decedent's IRA account at BLMIS) in the purported amount of $232.92 on 10/14/03 which is valued at an "Adjusted Amount" of $0.00. The SIPA Trustee's Determination is thus giving the Claimant absolutely no credit for any "money in" arising out of the rollover of the Decedent's IRA account at BLMIS into the Claimant's IRA account at BLMIS. Upon information and belief, there must have been "money in" deposited into the Decedent's IRA account during his lifetime, and the SIPA Trustee's Determination gives the Claimant absolutely no credit for any such deposits made by the Decedent while he was alive.

14. In addition, the SIPA Trustee's Determination does not appear to give the Claimant any credit whatsoever for deposits that she made into her IRA account, and upon information and belief, in opening and maintaining her IRA account, the Claimant must have deposited cash into that account that she does not appear to be receiving credit for in the SIPA Trustee's "money in, money out" analysis.

15. Upon information and belief, in order for the BLMIS IRA accounts of the Decedent and the Claimant to have had a purported value of approximately $300,000 or more at the time of the Decedent's death on May 6, 2003, amounts in excess of the "Adjusted Amount" of $16,434.90 credited to those combined accounts (i.e., the Account) pursuant to the SIPA Trustee's Determination had to have been deposited therein.

16. By reason of the foregoing, the Claimant seeks a complete accounting from the SIPA Trustee with respect to (a) the Decedent's IRA account maintained under BLMIS Account No. 1-J0035-3 that was rolled over into the Account, (b) the Claimant's IRA account maintained under BLMIS Account No. 1-J0036-3, that being the Account, (c) Account No. 1J001710 referenced in the "Deposits" section of the SIPA Trustee's Determination, and (d) any other predecessor transferee accounts that were the source of deposits, transfers and/or rollovers into the Decedent's IRA account maintained under BLMIS Account No. 1-J0035-3 and the Claimant's IRA account maintained under BLMIS Account No. 1-J0036-3, that being the Account.

Dated: New York, New York
June 24, 2010

SNOW BECKER KRAUSS P.C.
*Attorneys for Claimant*

By: _____
Michael Wexelbaum, Esq.
605 Third Avenue - 25th Floor
New York, New York 10158-0125
(212) 687-3860