# EXHIBIT C

## Joshua Roth

**From:** "Sarlson, Katherine G." <ksarlson@bakerlaw.com>
**To:** <jrothmd@optonline.net>
**Sent:** Tuesday, May 25, 2010 11:06 AM
**Subject:** Madoff Account 1J0060

Good morning. Mr. Picard forwarded your email of May 24 to me. I will do my best to answer your questions. In the meantime, this email will serve as confirmation that your deadline to object to the determination has been extended by 30 days.

Based on a review of the transaction chart attached appended to your determination letter, the adjustment to your balance stems from two transfers, one from account 1R015830 and account 1R015630. In most cases, the transferring accounts did not contain sufficient funds to cover the requested transferred amount. The adjusted balance on those transfers covers what funds were in the account at the time of transfer.

For instance (and solely for purposes of example), I may have opened an account with Madoff, depositing a grand total of $50,000.00. Statements generated by Madoff may have reflected that I had a balance of $100,000.00. Assuming I had $100,000.00 based on those statements, I may have requested to transfer my account balance of $100,000 to another Madoff account. All of Madoff's records would have reflected that this $100,000.00 transfer was made. However, my request was made on my belief that my account had those funds, based on the fictitious statements that Madoff was generating each month. Assuming I never withdrew any of my $50,000.00 deposited, my account actually only contained $50,000.00, not $100,000.00. In such case, the transferee account would have gotten an adjusted deposit of $50,000.00 not $100,000.00, because that's all I had available to transfer.

I apologize for the somewhat simplistic example. I hope that clarifies how the adjusted balance in your account ties to the net equity of your account. Please don't hesitate to email or call if you have further questions.

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email or any attachment that have arisen as a result
of e-mail transmission.

6/11/2010

## Joshua Roth

**From:** "Joshua Roth" <jrothmd@optonline.net>
**To:** <ipicard@bakerlaw.com>
**Sent:** Monday, May 24, 2010 4:08 PM
**Subject:** Madoff- Claim No.11572

Dear Mr. Picard,

I received the "Notice of Trustee's Determination" dated April 28, 2010 regarding the claim filed for BLMIS Account No. 1J0060 which has been designated as Claim No. 11572. I have been trying, with very limited success, to reconstruct and thereby understand the details as to how the net equity adjustment figures were calculated according to the money in/money out analysis. I would be most appreciative if the exact details of those calculations would be provided to me. This will help me to better reconcile them with my records.

As the deadline to file an objection is rapidly approaching, I am respectfully requesting that the deadline be extended by 60 days so that I will be able to hopefully use any information you provide in making my decision. Please let me know if you agree with this request.

Thank you for your consideration and cooperation. I look forward to hearing from you soon.

Yours truly,
Joshua S. Roth
JIR Enterprises LLC

6/11/2010