Honorable Burton R. Lifland
United States Bankruptcy Judge
And Clerk of the United States Bankruptcy Court
For the Southern District of New York
One Bowling Green
New York, New York 10004
Re: Case N. 08-1789 (BRL)
June 25, 2010




I am a 67 year-old-retiree living on Social Security and a modest pension. I cannot afford to hire an attorney, so I am filing these objections to the Trustee's denial of my claim and ask both the court and the Trustee to give them fair consideration.

1. I don't believe that the net-in, net-out basis on which the Trustee has computed net equity is fair as it has been applied in my case. I inherited Madoff money, along with my brother, when my father passed away in 2001. At that time my brother and I split the funds in my father's account and opened new accounts in our own names. Prior to that that, we were unable either to add or withdraw money from the account, which was held by my father. The Trustee claims that at some point prior to 2001, my father's account "went negative" and that my bother and I, therefore, inherited nothing. Obviously, there was no way for us to know the Madoff investment was a Ponzi scheme. We received monthly reports showing that Bernard L. Madoff Investment Securities LLC had purchased stocks and options on our behalf. The companies shown on these reports were real and even the SEC, an organization charged with uncovering misconduct, detected nothing fraudulent in Madoff's operations. I believe that my account should begin when I took control of it and became responsible for it. I should be credited with the monies with which I opened that account. Had I closed the account on the day I inherited it, I would have been able to walk away unscathed, as many did.

2. The Trustee has yet to provide records of my father's account prior to our inheritance. I have no way of knowing whether the claims of the Trustee about the account are valid. I have asked for the records, but have not received them yet.

3. The table provided by the Trustee in his Notice of Trustee's Determination of Claim is confusing. It shows withdrawals of $23,250 (at $750 per quarter) and a deposit of $20,000, resulting in a debit of $3,250.00. At the same time, the table lists total deposits

(less withdrawals) as $151,407.76, thus suggesting that the Trustee is crediting my account with my opening deposit. If so the Trustee owes me money under clearly articulated SIPC guidelines.

I am not unique in having made many important decisions based on the assumption, which I had no reason to doubt, that I had a Madoff investment totaling more than $350,000. I retired on that assumption. Clearly, the Madoff fraud has created much hardship for many people, most of whom cannot be characterized as either greedy or irresponsible, including me.

In closing, I wish to state that I fully understand that the real culprits here are Bernard L. Madoff and those who may have assisted him in his criminal endeavors. But in the aftermath of such a heinous crime, I would hope that victims can be heard and that their individual situations can be taken into account. I am filing these objections with a hope that you will review my case carefully. I never expected to be "made whole." I did, however, expect to recover a part of my account under the SIPC guidelines. To be clear, this loss has caused me a great deal of stress and economic harm.

Sincerely,

Robert Denerstein
2939 South Lafayette Drive
Englewood, Colorado 80113

Cc: Irving H. Picard, Trustee
C/0 Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111