**NIXON PEABODY LLP**
Lee Harrington
437 Madison Avenue
New York, New York 10022
Telephone: (212) 940-3000
Facsimile: (212) 940-3111
lharrington@nixonpeabody.com

*Counsel for PFA Pension, A/ S*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>      Plaintiffs-Applicants,<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>      Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>      Debtor. | |

### PFA PENSION A/S'S MOTION FOR LEAVE TO FILE
### RESPONSE TO TRUSTEE'S "CUSTOMER MOTION"

PFA Pension A/S ("PFA") hereby requests leave to file a response to Irving H. Picard's (the "Trustee") motion concerning the meaning of the term "customer" under the Securities Investor Protection Act ("SIPA"). On June 11, 2010, the Trustee filed a motion seeking this Court's affirmation of the Trustee's prior determination that claimants without a named account at Bernard L. Madoff Securities Investment Securities LLC ("BLMIS" or the "Debtor") are purportedly not "customers" as that term is used under SIPA. In support of its Motion for Leave, PFA states as follows:

12839558.1

## PFA'S CLAIM

1. PFA is a Danish company that provides pensions and other corporate benefit plans.

2. In May 2007, PFA invested $15,000,000 in Fairfield Sentry Limited ("Fairfield"), and in June 2007, PFA invested another $15,000,000 in Fairfield, for a total investment of $30,000,000. Fairfield invested nearly all of its assets under management with the Debtor.

3. On or about February 25, 2009, PFA submitted a customer claim form and supporting documentation to the Trustee (the "Claim"). The Trustee designated the Claim as Claim No. 007125. A true and accurate copy of PFA'a customer claim form and supporting documentation is attached hereto as Exhibit A.

4. On or about December 8, 2009, the Trustee denied PFA's Claim on grounds that PFA "did not have an account with BLMIS" and, therefore, was "not a customer of BLMIS under SIPA as that term is defined at 15 U.S.C. § 78lll(2)." A true and accurate copy of the Trustee's Notice of Determination of Claim is attached hereto as Exhibit B.

## PFA'S RIGHTS WITH RESPECT TO THE "CUSTOMER" ISSUE

5. PFA did not engage U.S. counsel concerning submission of its Claim or the Trustee's denial of the Claim.

6. Following its receipt of the Trustee's denial of the Claim, PFA did not file an objection with the Trustee and this Court.

7. By filing its Claim with the Trustee, PFA intended to preserve its rights with respect to its claim under SIPA.

13031009.1

- 2 -

8. PFA believed that its filing of the Claim had, therefore, preserved its right to challenge the Trustee's interpretation that it should not be afforded relief under SIPA as an investor harmed by BLMIS' unlawful conversion of its funds.

9. Additionally, PFA chose not to file an objection to the Trustee's denial of its Claim because PFA was aware of the Trustee's repeated statements in the press and through other sources that he would only grant claims of investors who had an account in its name on the books and records of BLMIS, and would deny all claims made by "indirect investors" who invested in BLMIS through one or more feeder funds or intermediary entities. Given the Trustee's oft-repeated statement of his position, PFA believed that filing yet another objection to the Trustee's determination would not prove to be fruitful.

10. PFA recently received a copy of this Court's April 13, 2010 Order (the "Order") that sets forth a briefing schedule to address the Trustee's determination that parties that invested in BLMIS through feeder funds were not "customers" under SIPA. The Order required the Trustee to file, on or before June 11, 2010, a motion to affirm certain claims determinations made with respect to the "customer" issue (the "Trustee Motion"). On or before the same date, the Trustee was further required to identify claimants that filed objections to his determination of their claims with regard to this "customer" issue (the "Objecting Claimants"). The Order further allows Objecting Claimants to file responses to the Trustee Motion on or before July 12, 2010.[1]

11. Until receiving a copy of the Order, PFA was unaware the Court would afford claimants an opportunity to contest the Trustee's construction of the term "customer" as it relates to claims asserted by persons/entities without a named BLMIS account. After receiving a copy

---

[1] The Order also allows any other party, other than Objecting Claimants, to file briefs regarding the Trustee's Customer Motion after obtaining leave from the Court.

13031009.1                                - 3 -

of the Order, PFA engaged Nixon Peabody LLP as U.S. counsel to advise it with respect to its SIPA claim.

### PFA'S BASIS TO RESPOND TO THE TRUSTEE'S POSITION

12. PFA respectfully asks that it be granted leave to file a response to the Trustee's Motion, such that it may be treated the same as the Objecting Claimants. Due to PFA's circumstances that are nearly identical to the other Objecting Claimants, it would be inequitable to exclude PFA from the group of Objecting Claimants who may benefit from this Court's ruling on the Trustee's Motion.

13. Like many of the Objecting Claimants, PFA invested in a fund that directed all of PFA's assets to BLMIS for BLMIS's management and control. Should this Court grant the leave requested herein to file a response, PFA intends to argue that the fact that it gained access to BLMIS' investment strategy through an intermediary should not preclude PFA from benefiting from the protections afforded by SIPA. In PFA's view, such preclusion by the Trustee undermines SIPA's intended purpose of sustaining confidence in the markets.

[remainder of page left intentionally blank]

WHEREFORE, PFA respectfully request that the Court:

a. issue an Order that designates PFA Pension A/S as an "Objecting Claimant," as that term is defined in the Court's Order dated April 13, 2010;

b. grant PFA leave to file a response to the Trustee's Motion by such date as this Court deems reasonable; and

c. grant such other relief as the Court deems just and appropriate.

        Respectfully submitted,

        PFA PENSION A/S

        By its attorneys,

        /s/ *Lee Harrington*
        Lee Harrington
        NIXON PEABODY LLP
        437 Madison Avenue
        New York, New York 10022
        Telephone: (212) 940-3000
        Facsimile: (212) 940-3111
        lharrington@nixonpeabody.com

        and

        Timothy W. Mungovan (Mass. BBO# 600702)
        Stephen M. LaRose (Mass. BBO # 654507)
        Joshua S. Barlow (Mass. BBO # 667472)
        NIXON PEABODY LLP
        100 Summer Street
        Boston, MA 02110
        Telephone: (617) 345-1000
        Facsimile:  (617) 345-1300
        tmungovan@nixonpeabody.com
        slarose@nixonpeabody.com
        jbarlow@nixonpeabody.com

Dated: June 29, 2010

## **CERTIFICATE OF SERVICE**

      I, Lee Harrington, certify that on June 25, 2010 I caused a copy of the above Motion for Leave to File a Response to the Trustee Motion to be served upon all counsel of record through the Court's ECF system.

      /s/ Lee Harrington
      Lee Harrington