Therese M. Doherty, Esq.
John Oleske, Esq.
Herrick, Feinstein LLP
2 Park Avenue
New York, New York 10016
Tel: (212) 592-1400
Email: joleske@herrick.com
Attorneys for Strand International Investments Ltd.

RECEIVED
JUN 28 2010
U.S. BANKRUPTCY COURT, SDNY

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X
SECURITIES INVESTOR PROTECTION
CORPORATION,
      Plaintiff-Applicant,

  v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

      Defendant.
------------------------------------------------------X
In re:

BERNARD L. MADOFF

      Debtor,

------------------------------------------------------X

: Adv. Pro. No. 08-01789 (BRL)
:
: SIPA Liquidation
:
: (Substantively Consolidated)

## CLAIMANT'S OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM

Claimant Strand International Investments Ltd., by its attorneys Herrick, Feinstein LLP, hereby submits its objection to the Trustee's denial of its customer Claim Number 4799, relating to the losses its BLMIS Account No. 1FR051, which losses have rendered Claimant totally isnolvent. The bases for Claimant's objection is the Trustee's failure to account for certain principal deposits in Claimant's account, along with the Trustee's erroneous determination that a

HF 5895001 v.1 #14509/0001 06/25/2010 03:10 PM

different BLMIS account from which Claimant's various principal deposits were transferred did not have sufficient principal to effectuate those transfers. Claimant also objects on the grounds that the Trustee's application of the net-equity rule was erroneous, and that Claimant's claim should be resolved based on the amount listed as the ending balance on its final statement from BLMIS, and not on any cash in/cash out calculation.

First, the Trustee's accounting of Claimant's BLMIS account is erroneous in that it omits principal deposits into the account made prior to January 6, 2000. As shown on the portfolio evaluation provided to Claimant by BLMIS and dated December 31, 1999, which is annexed hereto as Exhibit A, Claimant's account had a balance of $5,070,551.44 in its BLMIS account on that date, *before* an additional $10,609,981.23 was deposited into Claimant's account via transfer from Account No. 1FN02430 beginning in January 2000. The $5,070,551.44 balance as of December 31, 1999 represents earnings on a $5,000,000.00 principal deposit made via transfer from Account No. 1FN02430 on or about December 17, 1998. This previous deposit is evidenced in the determination itself, which lists two withdrawals in April 1999 and June 1999 totaling $370,000, which obviously could not have been made if the account had not been funded prior to January 2000. Thus, even if the Trustee's net equity argument were to be ultimately applied, Claimant's principal deposits of $15,609,981.23, less $11,840,000.00 in withdrawals, would leave Claimant with a "net equity" claim of $3,769,981.23 in total principal losses, which is more than enough to require payment of the maximum $500,000.00 in SIPC coverage to which Claimant is entitled.[1]

---

[1] Separately, Claimant disputes the Trustee's accounting of the withdrawals from its account. Although it is difficult for Claimant to reconstruct records for the past 12 years relating to its account at BLMIS, and although it is not Claimant's burden to do so, Claimant believes that at least some of the withdrawals listed in the Trustee's determination have been double-counted, and that other entries may be otherwise erroneous. Claimant submits that

2

Second, the Trustee cannot avoid this result by arguing that the transferor account that funded Claimant's $15,109,981.23 in principal deposits, Account No. 1FN02430, belonging to Magnify, Inc. ("Magnify"), did not have sufficient assets to fund those transfers. Although the Trustee has failed to set forth any rationale, presumably the Trustee is contending that the funds transferred from Magnify's account represented fictitious profits that cannot be counted as principal deposits. But, as Magnify already has submitted in its Objection to the Trustee's Net Equity Determination (see Document No. 772), Magnify's account was funded with principal deposits, and earned tens, if not hundreds, of millions of dollars in legitimate gains, during the period of time between when Magnify opened its account and the unknown time when Bernard Madoff converted his legitimate brokerage operation into a Ponzi Scheme—purported, although not proven, to have been in the early 1990's.

Claimant submits that the actual date of that conversion, and therefore the exact amount of Magnify's legitimate earnings, cannot be determined at this stage of the proceedings. That determination will require a full, separate evidentiary hearing and accompanying briefing, during which the Trustee will bear the burden of proving the date of the onset of the Ponzi scheme, and therefore any right on his part to discount the pre-scheme earnings of long-standing BLMIS customers as fictitious profits instead of legitimate principal. But for purposes of Claimant's objection here, it is enough to note that, at the time of Magnify's transfers to Strand's accounts, Magnify had combined BLMIS account balances of in excess of $500,000,000.00, leading to a

---

the Trustee should be compelled to produce the records on which he has based the table of withdrawals in his determination to clarify the basis for his computations. In any event, while these errors may ultimately be relevant to calculating Claimant's entitlement to an ultimate distribution from funds recovered by the Trustee, they should not affect Claimant's SIPC recovery, which should be the maximum $500,000.00 regardless of the accuracy of the Trustee's withdrawal figures. Claimant raises the issue here to note and preserve its objection in that regard for all future purposes.

HF 5895001 v.1 #14509/0001 06/25/2010 03:10 PM

reasonable presumption that Magnify had at least $15,609,981.23 in original principal deposits, plus legitimate pre-scheme earnings, to fully fund its transfers to Claimant's account. As such, the Trustee's adjustment of Claimant's account to exclude the transfers from Magnify was erroneous, and cannot be used as a basis to deny Claimant's claim.

Finally, Claimant joins with the other claimants who have objected to the Trustee's application of the net equity method of determining claims. Claimant is entitled to have its claim determined solely on the basis of the balance listed on its last statement from BLMIS. In support of its objection, Claimant submits herewith as Exhibit B its June 30, 2008 portfolio evaluation, the last such evaluation received from BLMIS, which shows a closing balance of $10,335,528.26. Based on that closing balance, Claimant is entitled to an allowed claim of $500,0000.000 in the BLMIS liquidation proceeding.

Dated: New York, New York
June 25, 2010

HERRICK FEINSTEIN LLP

By:_____
Therese M. Doherty
John Oleske
2 Park Avenue
New York, New York 10016
Telephone: 212-592-1400
tdoherety@herrick.com
joleske@herrick.com
*Attorneys for Strand International Investments Ltd.*

4

# EXHIBIT A

**BERNARD L. MADOFF**
**Investment Securities**
885 Third Avenue New York, NY 10022-4834

212 230-2424
800 334-1343
Telex 235130
Fax 212 486-8178

Strand International Investments Ltd.
Yair Green, Attorney at Law
24 Ramban Street
Jerusalem 92422
Israel

Dear Attorney Green:

Please be advised that as of 12/31/99 the Strand International Investments Ltd. portfolio evaluation is as follows:

Securities Held for the Account of
"Strand International Investments Ltd."
Account # :1FR051-30 as of 12/31/99

| SECURITY | NUMBER OF SHARES | CLOSING PRICE 12/31/99 | NET MARKET VALUE 12/31/99 |
|---|---|---|---|
| FIDELITY SPARTAN SBI | 5,666 | 1 | 5,666.00 |
| U.S. TREASURY BILL DUE 04/20/00 | 450,000 | 0.9839 | 442,755.00 |
| U.S. TREASURY BILL DUE 04/27/00 | 450,000 | 0.9827 | 442,215.00 |
| U.S. TREASURY BILL DUE 05/04/00 | 500,000 | 0.9815 | 490,750.00 |
| U.S. TREASURY BILL DUE 05/11/00 | 500,000 | 0.9803 | 490,150.00 |
| U.S. TREASURY BILL DUE 05/18/00 | 525,000 | 0.9792 | 514,080.00 |
| U.S. TREASURY BILL DUE 05/25/00 | 600,000 | 0.9781 | 586,860.00 |
| U.S. TREASURY BILL DUE 06/01/00 | 650,000 | 0.9770 | 635,050.00 |
| U.S. TREASURY BILL DUE 06/08/00 | 750,000 | 0.9758 | 731,850.00 |
| U.S. TREASURY BILL DUE 06/15/00 | 750,000 | 0.9749 | 731,175.00 |

**Net Market Value of Open Security Positions**      $ 5,070,551.00

**Cash Balance**      0.44

**Total Equity**      $ 5,070,551.44

Affiliated with:
Madoff Securities International Limited
12 Berkeley Street, Mayfair, London W1X 5AD. Tel 0171-493 6222

# EXHIBIT B



**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC

885 Third Avenue New York, NY 10022

212 230-2424
800 334-1343
Fax 212 486-8178

Strand International Investments Ltd.
Yair Green, Attorney at Law
24 Ramban Street
Jerusalem 92422
Israel

Dear Attorney Green:

Please be advised that as of 06/30/08 the Strand International Investments Ltd. portfolio evaluation is as follows:

Securities Held for the Account of
"Strand International Investments Ltd."
Account # 1-FR051-30 as of 06/30/08

| SECURITY | NUMBER OF SHARES | CLOSING PRICE 6/30/2008 | NET MARKET VALUE 06/30/08 |
|---|---|---|---|
| FIDELITY SPARTAN SBI | 45,067 | 1 | 45,067.00 |
| U.S. TREASURY BILL DUE 10/2/2008 | 1,500,000 | 0.99527 | 1,492,905.00 |
| U.S. TREASURY BILL DUE 10/9/2008 | 1,500,000 | 0.99492 | 1,492,380.00 |
| U.S. TREASURY BILL DUE 10/16/2008 | 2,000,000 | 0.99454 | 1,989,080.00 |
| U.S. TREASURY BILL DUE 10/23/2008 | 2,000,000 | 0.99415 | 1,988,300.00 |
| U.S. TREASURY BILL DUE 10/30/2008 | 1,750,000 | 0.99373 | 1,739,027.50 |
| U.S. TREASURY BILL DUE 11/6/2008 | 1,600,000 | 0.99298 | 1,588,768.00 |

| | | |
|---|---|---|
| **Net Market Value of Open Security Positions** | $ | 10,335,527.50 |
| **Cash Balance** | | 0.76 |
| **Total Equity** | $ | 10,335,528.26 |

Affiliated with:
Madoff Securities International Limited
12 Berkeley Street, Mayfair, London W1X 5AD. Tel 020-7493 6222