UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

Securities Investor Protection Corporation,  :

                Plaintiff,  :

                v.  :

Bernard L. Madoff Investment Securities LLC,  :

                Defendant.  :

                :

Adv. Pro. No. 08-01789
(BRL)

------------------------------------------------------------------ X

## HSBC HOLDINGS PLC AND HSBC BANK PLC'S OBJECTIONS TO SCHEDULE 1 OF THE TRUSTEE'S PROPOSED ORDER REQUESTING ASSISTANCE

HSBC Holdings plc and HSBC Bank plc (together "HSBC") make the following objections and responses to the Definitions and Instructions ("Definitions") and Documents to be Produced ("Document Requests") listed in Schedule 1 of the proposed Order Requesting Assistance of the Queen's Bench Division of the High Court to Order Disclosure by Non-Party Witnesses (the "Proposed Order"), as attached to the Trustee's Motion Pursuant to 28 U.S.C. § 1781(b)(2) and Rule 2004 of the Federal Rules of Bankruptcy Procedure For an Order Issuing Requests for Judicial Assistance (Letter of Request) For Service of Subpoenas Upon HSBC Holdings plc and HSBC Bank plc, dated June 23, 2010:

### GENERAL OBJECTIONS

1.    HSBC objects to the Document Requests and Definitions, to the extent that they are unduly burdensome, overly broad, impose extreme hardship or would result in the expenditure of unnecessary time and resources.

2.     HSBC objects to the Document Requests and Definitions, to the extent that they purport to impose requirements beyond those set forth in the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy, the Local Rules of the United States Bankruptcy Court for the Southern District of New York, the Securities Investor Protection Act of 1970, and any other applicable, rule, statute or order.

3.     HSBC objects to the Document Requests and Definitions, to the extent that they purport to require HSBC to perform anything more than a reasonable and diligent search for documents where responsive documents reasonably would be expected to be found.

4.     HSBC objects to the Document Requests and Definitions, to the extent they call for HSBC to search back-up tapes, disaster recovery systems, and other archived electronic media for electronically-stored information because the burden and expense of doing so is excessive and unjustified under the circumstances, and is not reasonably calculated to lead to the discovery of admissible evidence.

5.     HSBC objects to the Document Requests and Definitions to the extent they call for documents beyond the scope of Bankruptcy Rule 2004, which permits discovery only of "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bankr. P. 2004(b).

6.     HSBC objects to the Document Requests and Definitions to the extent they call for documents beyond the scope of the Securities Investor Protection Act of 1970, which permits the Trustee to investigate the "acts, conduct, property, liabilities, and financial condition of the debtor, the operation of its business, and any other matter, to the extent relevant to the liquidation proceeding . . . ." 15 U.S.C. § 78fff-1(d)(1).

7. HSBC objects to the Document Requests and Definitions as irrelevant and beyond the scope of both permissible of Bankruptcy Rule 2004 discovery, and the Trustee's investigatory powers pursuant to the Securities Investor Protection Act of 1970, to the extent they demand document production from HSBC Holdings plc, an entity that had no relationship with or connection to BLMIS, or any feeder fund invested with BLMIS.

8. HSBC objects to the Document Requests and Definitions, to the extent that they seek documents or information not in the possession, custody or control of either HSBC Holdings plc or HSBC Bank plc, including, but not limited to, documents or information in the possession, custody or control of subsidiaries and/or affiliates of HSBC Holdings plc and/or HSBC Bank plc.

9. HSBC objects to the Document Requests and Definitions, to the extent that they seek documents that are already in the Trustee's possession or, by reason of public filing or otherwise, are readily accessible to the Trustee.

10. HSBC objects to Document Requests and Definitions, to the extent that they seek production of "all" documents under circumstances in which production of a subset of all documents would be sufficient to show the pertinent information.

11. HSBC objects to the Document Requests and Definitions, to the extent that they seek documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine or any other applicable rule, doctrine, privilege or immunity or protection from discovery (whether based upon statute, common law or civil law).

12. HSBC objects to the Document Requests and Definitions, to the extent that they seek documents that contain personal, private, confidential, proprietary, financial or commercial information and/or trade secrets relating to HSBC, its employees, or its clients.

3

13.     HSBC objects to the Document Requests and Definitions, to the extent that they call for documents subject to confidentiality agreements with third parties.

14.     HSBC objects to the Document Requests and Definitions, to the extent that they call for documents subject to the bank secrecy and/or data privacy laws of any governing jurisdiction.

15.     HSBC objects to the Document Requests and Definitions, to the extent that the terms or phrases used therein are vague, ambiguous or lack sufficient precision to allow HSBC to formulate an appropriate response.

16.     HSBC objects to the Document Requests and Definitions to the extent they interfere with discovery being conducted under the auspices of other courts and in other jurisdictions.

17.     HSBC objects to the Document Requests and Definitions definition of "HSBC," on the grounds that the definition is vague, overly broad, unduly burdensome, and purports to call for information and/or documents in the possession of third parties, separate legal entities or individuals, or outside the possession, custody, or control of HSBC Holdings plc or HSBC Bank plc.

18.     HSBC objects to the Document Requests and Definitions definition of "Madoff" on the grounds that it is vague, overly broad, and unduly burdensome. HSBC further objects to the definition of "Madoff" to the extent it calls for the production of documents related to "affiliates," "agents" or "representatives," as the Trustee has not defined these terms and would thus require HSBC to conduct burdensome investigations into the nature of an individual's or entity's relationship to Bernard L. Madoff Investment Securities LLC.

19. HSBC objects to the Document Requests and Definitions definition of "document" to the extent that it is overly broad and unduly burdensome, and vastly over-inclusive as compared to the meaning and scope ascribed to this term in Federal Rule of Bankruptcy Procedure 2004. HSBC further objects to the definition of "document" to the extent it calls for the production of all e-mail messages without any limiting search terms, custodians, or date ranges on the grounds that it is overly broad and unduly burdensome. HSBC further objects to the definition of "document" on the grounds that its use of the phrase "web-based email messages such as Gmail messages, text messages, and all other formats including but not limited to word processing, electronic spreadsheets, images, databases, Intranet system data, telephone or cellular telephone calling records" is ambiguous, overly broad, unduly burdensome and unascertainable. HSBC further objects to the definition of "document" on the grounds that it seeks document production that would require HSBC to expend a massive amount of resources and incur huge costs and such expenditures far outweigh any benefit that would accrue to the Trustee.

20. HSBC objects to the Document Requests and Definitions definitions of "communication," "concern," and "concerning" on the grounds that they are vague, overly broad, and unduly burdensome.

21. HSBC objects to the Document Requests and Definitions definition of "Relevant Period," on the grounds that its use of the phrase "from the beginning of HSBC's relationship with any of the funds invested with BLMIS" is vague, ambiguous, and unascertainable. HSBC further objects to the definition of "Relevant Period" on the grounds that its use of the phrase "created in or referencing the time period," is vague, ambiguous, and unascertainable. HSBC further objects on the grounds that, as applied to certain funds covered by this definition, the

"Relevant Period" would be over fifteen years, and therefore this definition is overly broad, unduly burdensome and excessive.

22.    HSBC objects to the Document Requests and Definitions as unduly burdensome and overly broad to the extent they demand that HSBC produce the original copy of each document requested therein.

23.    HSBC objects to the Document Requests and Definitions as unduly burdensome and overly broad to the extent that they require HSBC to provide a detailed written statement itemizing and describing all documents formerly in HSBC's possession, custody, or control that would have been covered by the Document Requests.

24.    HSBC does not hereby admit, adopt or acquiesce in any factual or legal contention, assertion, characterization or implication contained in the Document Requests and Definitions.

25.    Notwithstanding these objections, HSBC is willing to meet and confer in good faith with the Trustee to construct a set of document requests more appropriately tailored to the Trustee's legitimate needs and interests.

## SPECIFIC RESPONSES AND OBJECTIONS

HSBC incorporates each of the foregoing General Objections into each of the specific Responses and Objections set forth below.

**REQUEST NO. 1:**

All documents sufficient to ascertain HSBC's policies and procedures with regard to the preservation of documents.

**RESPONSE TO REQUEST NO. 1:**

HSBC objects to this Document Request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. HSBC further objects to this Document Request on the grounds that the phrase "[a]ll documents sufficient to ascertain" is vague, ambiguous, and unduly burdensome.

**REQUEST NO. 2:**

All HSBC due diligence documents or reports relating to Madoff prepared from February 2000 through December 2008.

**RESPONSE TO REQUEST NO. 2:**

HSBC objects to this Document Request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information, and outside the scope of permissible Rule 2004 discovery. HSBC further objects to this Document Request on the grounds that the phrase "due diligence documents or reports" is ambiguous, overly broad and unduly burdensome.

**REQUEST NO. 3**

All documents concerning the KPMG Reports, including without limitation drafts of the KPMG Reports.

**RESPONSE TO REQUEST NO. 3:**

HSBC objects to this Document Request on the grounds that the phrase "all documents concerning" is vague, ambiguous, overly broad, and unduly burdensome.

**REQUEST NO. 4:**

All documents concerning the engagement of KPMG in connection with the KPMG Reports including without limitation the 8 September 2005 and 19 March 2008 engagement letters between KPMG LLP and HSBC Bank plc.

7

**RESPONSE TO REQUEST NO. 4:**

HSBC objects to this Document Request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. HSBC further objects to this Document Request on the grounds that the phrase "all documents concerning" is vague, ambiguous, overly broad and unduly burdensome.

**REQUEST NO. 5:**

All documents concerning HSBC Bank plc's decision to and reason for requesting the commissioning of the KPMG Reports.

**RESPONSE TO REQUEST NO. 5:**

HSBC objects to this Document Request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome.

**REQUEST NO. 6:**

All documents provided to KPMG by HSBC or developed in association with HSBC for the purposes of informing, or in connection with, the preparation of the KPMG Reports.

**RESPONSE TO REQUEST NO. 6:**

HSBC objects to this Document Request on the grounds that the phrase "developed in association with HSBC" is vague and ambiguous.

**REQUEST NO. 7:**

All notes recording meetings between KPMG personnel and HSBC or BLMIS personnel in connection with the preparation of the KPMG Reports.

**RESPONSE TO REQUEST NO. 7:**

HSBC objects to this Document Request on the grounds that the phrase "in connection with the preparation of" is vague and ambiguous. HSBC further objects to this Document

8

Request on the grounds that it is unduly burdensome.

**REQUEST NO. 8:**

Any other analyses of fraud or operational risks related to BLMIS either performed internally or by an outside party hired by HSBC.

**RESPONSE TO REQUEST NO. 8:**

HSBC objects to this Document Request on the grounds that the phrase "[a]ny other analyses of fraud or operational risks related to BLMIS" is vague and ambiguous.

**REQUEST NO. 9:**

All documents created by, or communications concerning BLMIS sent from or received by, the following individuals: Aubrey Abiven, Fosia Abou-Elhassane, Michelle Amesse, Lucia Andrich, Antonio Arcidiacone, Luis Astorquia, Nathalie Baelen, Alberto Benbassat, Mario Benbassat, Stephane Benbassat, William Benjamin, Eileen Bernstein, Dubravka Bijon, Germain Birgen, Sabrina Blake, Gerald J.P. Brady, Annie Brunschwig, Scott Buitekant, John Cargill, Clark Cheng, Nicolas Claquin, Erner Clark, Jonathan Clark, Christine Coe, Ian Cohen, John Collis, Caroline Conaty, Aidan Conlon, Natalie Courtney, Erika Cook, George Covo, Bernett Cox, Nadia Cravatte, Denis Desbiez, Louis Dogress, Daniel Doscas, Robert Dummett, Julien Durr, Roland Eberhard, Paul Ellis, Henrik Elonen, Sonja Fabjan, Fatina Fahdi, Frederick Feve, Nigel Fielding, Saverio Fiorino, Peter Fischer, Emma Flynn, Helmuth Frey, Robert Furrevig, Alan Ganly, Allan Ganly, Marcia Gilbert, Richard Goddard, Richard Godfrey, Ronnie Griffin, William Scott Grob, Niaz Haider, Roger Hanson, Marlene Harrison, Michael Hartwig, Christian Hausmaninger, Paul Hickey, David Higgins, Claudia Hocke, Timothy Howell, Victor Jara, Isabelle Jeunet, Joel Johnson, Vaibhav Kalia, Roger Kearey, Matthew Kerfoot, James Keyes, Steve Kinne, Sonya Kohn, Fracois Kremer, Celine Labarsougue, Jean- Claude Lang, Rosemary

Leahy, Christiane H. Lidenshmidt, Philip Liu, Filip Majcen, Christopher Mampoy, Kaye-Ann Marsh, Laurent Mathysen-Gerst, Micahel Peter May, Kyle McCarthy, Pauline McGouran, Anne Meehan, Joel Meshel, Oana Modoran, Sonya Mooney, Franco Mugnai, David Mullane, Ian Mullen, Desi Narasimhan, Brian Nash, Roberto Nespolo, Aisling O'Connor, David O'Donnell, Chris O'Neill, Jane O'Reilly, Aileen Organ, Riley Outerbridge, Kurt Overley, Mark Overley, Lydia Passos, Sarah Payne, Christelle Perin, Brian Pettit, Friedrich Pfeffer, Stephen Phan, Andreas Pirkner, Lia Porcella, Christina Qian, Michael Quellmelz, Claude Quintus, Ursula Radel-Fano, Ursula Radel-Leszczynski, Marie Renard, Roberto Ricci, Peter Rigg, Mark Rodgers, John Rockings, Lisa Roitman, Elin Ruzika, Peter Schmid, Russell Schreiber, Lauren Schulman, BL Shailer, George Sittas, Kieran Slevin, Jennifer Skokan, David Smith, Michael Smith, Paul Smith, Vladimir Stepcyzski, Claudia Stetter, Jean-Claude Stoffel, Nancy Sun, Kim Tang, Joanne Taylor, Paisley Taylor, Mor awa Thiam, Tanaya Vaidya, Cedric Vuignier, Victoria Vysotina, Cathy Wang, JC Wilcockson, Lenneke Willems, Bernard Ysebaert, Albert Yu, Adam Zielinski, and Eliahu Zilka.

**RESPONSE TO REQUEST NO. 9:**

HSBC objects to this Document Request on the grounds that its demand for the documents of over 150 individuals is patently overly broad and unduly burdensome. HSBC further objects to this Document Request's use of a list of over 150 individuals with no accompanying identifying information, as vague, overly broad and unduly burdensome. HSBC further objects to this Document Request on the grounds that the phrase "[a]ll documents created by, or communications concerning BLMIS sent from or received" is overly broad and unduly burdensome.

**REQUEST NO. 10:**

All due diligence related to any fund invested in BLMIS.

**RESPONSE TO REQUEST NO. 10:**

HSBC objects to this Document Request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. HSBC further objects to this Document Request on the grounds that the phrase "[a]ll due diligence related to" is overly broad and unduly burdensome. HSBC further objects on the grounds that the phrase "invested in BLMIS" is vague, ambiguous and overbroad to the extent it does not limit the scope of the Document Request to funds invested in BLMIS directly, and would require a burdensome investigation to identify funds invested in BLMIS indirectly.

**REQUEST NO. 11:**

All service level agreements or other agreements explaining contractual duties between HSBC and any fund invested in BLMIS including without limitation pricing policies, administrator agreements and custodian agreements.

**RESPONSE TO REQUEST NO. 11:**

HSBC objects to this Document Request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. HSBC further objects to this Document Request on the grounds that the phrase "service level agreements or other agreements explaining contractual duties" is vague and ambiguous. HSBC further objects on the grounds that the phrase "invested in BLMIS" is vague, ambiguous and overbroad to the extent it does not limit the scope of the Document Request to funds invested in BLMIS directly, and would require a burdensome investigation to identify funds invested in BLMIS indirectly. HSBC further objects to this Document Request on the grounds that it is

11

overly broad and unduly burdensome.

**REQUEST NO. 12:**

Details of all the custodian, administrator or other service fees paid to HSBC by any fund invested in BLMIS.

**RESPONSE TO REQUEST NO. 12:**

HSBC objects to this Document Request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. HSBC further objects on the grounds that the phrase "invested in BLMIS" is vague, ambiguous and overbroad to the extent it does not limit the scope of the Document Request to funds invested in BLMIS directly, and would require a burdensome investigation to identify funds invested in BLMIS indirectly.

**REQUEST NO. 13:**

All sub-custodian agreements between HSBC and BLMIS.

**RESPONSE TO REQUEST NO. 13:**

HSBC does not object to the production of such documents.

**REQUEST NO. 14:**

All documents passing between HSBC and BLMIS regarding the negotiation of sub—custodian agreements.

**RESPONSE TO REQUEST NO. 14:**

HSBC objects to this Document Request on the grounds that the phrases "[a]ll documents passing between" and "the negotiation of" are vague and ambiguous.

**REQUEST NO. 15:**

All documents concerning the selection of BLMIS as an asset manager for any fund

12

invested in BLMIS.

**RESPONSE TO REQUEST NO. 15:**

HSBC objects to this Document Request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. HSBC further objects to this Document Request on the grounds that the phrase "asset manager" is vague and ambiguous. HSBC further objects on the grounds that the phrase "invested in BLMIS" is vague, ambiguous and overbroad to the extent it does not limit the scope of the Document Request to funds invested in BLMIS directly, and would require a burdensome investigation to identify funds invested in BLMIS indirectly.

**REQUEST NO. 16:**

All documents concerning HSBC's decision to form a service provider, leverage provider or other relationship with any fund invested in BLMIS.

**RESPONSE TO REQUEST NO. 16:**

HSBC objects to this Document Request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant information. HSBC further objects to this Document Request on the grounds that the phrase "a service provider, leverage provider or other relationship" is vague, ambiguous, overly broad and unduly burdensome. HSBC further objects on the grounds that the phrase "invested in BLMIS" is vague, ambiguous and overbroad to the extent it does not limit the scope of the Document Request to funds invested in BLMIS directly, and would require a burdensome investigation to identify funds invested in BLMIS indirectly.

**REQUEST NO. 17:**

All documents concerning any efforts made to verify BLMIS' securities holding

positions and pricing information for funds invested in BLMIS.

**RESPONSE TO REQUEST NO. 17:**

HSBC objects to this Document Request on the grounds that the phrase "[a]ll documents concerning any efforts" is vague, ambiguous, overly broad and unduly burdensome. HSBC further objects on the grounds that the phrase "invested in BLMIS" is vague, ambiguous and overbroad to the extent it does not limit the scope of the Document Request to funds invested in BLMIS directly, and would require a burdensome investigation to identify funds invested in BLMIS indirectly.

**REQUEST NO. 18:**

All bank statements, financial statements and general and auxiliary ledgers (or other comparable records) of funds invested in BLMIS.

**RESPONSE TO REQUEST NO. 18:**

HSBC objects to this Document Request on the grounds that the phrase "bank statements, financial statements and general and auxiliary ledgers (or other comparable records)" is vague, ambiguous, overly broad and unduly burdensome. HSBC further objects on the grounds that the phrase "invested in BLMIS" is vague, ambiguous and overbroad to the extent it does not limit the scope of the Document Request to funds invested in BLMIS directly, and would require a burdensome investigation to identify funds invested in BLMIS indirectly.

**REQUEST NO. 19:**

All documents reflecting HSBC's transmittal of money or property to, or redemptions from, BLMIS or funds invested in BLMIS including without limitation redemptions made in connection with HSBC's structured products program.

**RESPONSE TO REQUEST NO. 19:**

HSBC objects on the grounds that the phrase "invested in BLMIS" is vague, ambiguous and overbroad to the extent it does not limit the scope of the Document Request to funds invested in BLMIS directly, and would require a burdensome investigation to identify funds invested in BLMIS indirectly. HSBC further objects to this Document Request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome.

**REQUEST NO. 20:**

All documents concerning the reasons for the redemptions described in the previous request.

**RESPONSE TO REQUEST NO. 20:**

HSBC objects to this Document Request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome.

Dated: New York, New York
July 1, 2010

CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

By: /s/ Thomas J. Moloney /JLO/
Thomas J. Moloney
A Member of the Firm

Evan A. Davis

*Attorneys for HSBC Holdings plc and HSBC Bank plc*