416 Woodmere Drive
Indianapolis, IN 46260-4128
Tuesday, 29 June 2010

Clerk of the United States Bankruptcy Court for the Southern District of New York
One Bowling Green
New York, New York 10004

RECEIVED
JUL - 2 2010
U.S. BANKRUPTCY COURT
SO. DIST. OF NEW YORK

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111

Re: Bankruptcy Case No. 08-1789 (BRL) – Claim of Howard J. Glass

Dear Sirs:

I disagree with your determination in the matter of my claim on my money that was invested with Bernard L. Madoff Investment Securities LLC (BLMIS).

You used a figure of $131,220.46, having been transferred from account number 1G003210 on 5/29/1997, as being adjusted to $0.00. You offer no sufficient explanation for this eradication of my investment. As shown in your listing of withdrawals, I made no withdrawals from my account until 2006.

I am an 80-year-old retired New York City middle school teacher. I know that the sum I had invested with BLMIS was a pittance by some standards but it was a significant part of my life savings. For you to so casually dismiss even $131,200.46 is an enormous outrage to me and my family. It is unjustified, unreasonable and just plain wrong.

According to your Table 1 of Deposits and Withdrawals (see enclosed), I believe that I should receive $86,220.46 ($131,220.46 - $45,000), funds due me based on your letter of June 3, 2010.

I am enclosing the proof of my investments with Bernard L. Madoff: cheques written on my Dreyfus and Fidelity money market accounts, $75,000 in 1988, $30,000 in 1994, and $20,000 in 1996. I reserve the right to supplement this submission in case I find additional documentation of my BLMIS investments.

I am enclosing the signed trading authorization and customer agreement I signed in December 1988.

I am enclosing a copy of the letter I send to Irving H. Picard, Esq. on January 15, 2009 – my initial claim.

Sincerely,

Howard J. Glass

Howard J. Glass
(317) 259-9244

Enclosures (10 pages)

[redacted]

| DATE | TRANSACTION DESCRIPTION | AMOUNT | ADJUSTED AMOUNT |
|---|---|---|---|
| 5/29/1997 | TRANS FROM 1G003210 | $131,220.46 | $0.00 |
| **Total Deposits:** | | $131,220.46 | $0.00 |
| | | | |

[redacted]

| DATE | TRANSACTION DESCRIPTION | AMOUNT | ADJUSTED AMOUNT |
|---|---|---|---|
| 10/12/2006 | CHECK | ($10,000.00) | ($10,000.00) |
| 5/4/2007 | CHECK | ($15,000.00) | ($15,000.00) |
| 4/17/2008 | CHECK | ($20,000.00) | ($20,000.00) |
| **Total Withdrawals:** | | ($45,000.00) | ($45,000.00) |
| | | | |
| **Total deposits less withdrawals:** | | $86,220.46 | ($45,000.00) |

**Cheque to Bernard L. Madoff - $45,000**
**Drawn on my Dreyfus money mkt acct**
**Dated 12 December 1988**



DREYFUS LIQUID ASSETS INC
HOWARD J GLASS
No. 9
50-0235/0219
DATE DEC 12 19 88
PAY TO THE ORDER OF BERNARD L. MADOFF $ 45,000 00/100
FORTY FIVE THOUSAND and 00/100 DOLLARS
NOT VALID IF DRAWN FOR LESS THAN $500
THE BANK OF NEW YORK
WHITE PLAINS NEW YORK
Howard J. Glass
⑈011534625⑈ ⑆021902352⑆ 99⑉000008⑈ ⑈0004500000⑈



DE '88 16
0214-0950-9
'88 15
021000306
▶021000306◀
441
800-523-9498
MANUFACTURER
HANOVER TRUST
4 NY PLZ 10FL
NY, NY 10015
▶021000306◀
DE '88 16
PAID
BANK OF NEW YORK
HARRISON, NY
714 008 1703
PAY TO THE ORDER OF
Manufacturers Hanover Trust
FOR DEPOSIT ONLY
BERNARD L. MADOFF
021000306

**Cheque to Bernard L Madoff - $30,000**
**Drawn on my Fidelity money mkt acct**
**Dated 12 December 1988**

HOWARD J. GLASS

1008

DEC 12 1988

5-20/110

PAY TO THE ORDER OF BERNARD L. MADOFF $30,000 00/100

THIRTY THOUSAND and 00/100 DOLLARS

NOT VALID FOR LESS THAN $500.00

Shawmut Bank of Boston, N.A.
Boston, Massachusetts
Present at Mutual Funds Department – FCR

FOR

[signature: Howard J. Glass]

⑆011000206⑆ 5008365454⑈ 701 ⑈0003000000⑈

PAY TO THE ORDER OF
Manufacturers Hanover Trust
FOR DEPOSIT ONLY
BERNARD L. MADOFF
021000306
110 7 2 9 9

714 008 1703

▶ 021000306 ◀
441
800-523-9498
MANUFACTURERS
HANOVER TRUST
4 NY PLZ 10FL
NY, NY 10015
▶ 021000306 ◀

021000306
011000206

Cheque to Bernard L Madoff - $15,000
Drawn on my Dreyfus money mkt acct
Dated 23 March 1994

21549



Family of Funds

# CHECK IMAGE STATEMENT

## MARCH 1994



**Dreyfus Liquid Assets**

Quick Access #: 400794020

Account number: 039-0011534625

DREYFUS LIQUID ASSETS INC

HOWARD J GLASS

ACCT # 1-G0032-1-0

NO. 12

50-0235/0219

DATE MAR. 23 . 1994

PAY TO THE ORDER OF BERNARD L. MADOFF $ 15,000.00

FIFTEEN THOUSAND and 00/100 DOLLARS

NOT VALID IF DRAWN FOR LESS THAN $500

THE BANK OF NEW YORK
WHITE PLAINS NEW YORK

Howard J. Glass

⑈011534625⑈ ⑆021902352⑆ 99⑈000008⑈ ⑈0001500000⑈

MR '94 31

PAID THE BANK OF NEW YORK

PAY TO THE ORDER OF CHEMICAL BANK
FOR DEPOSIT ONLY
BERNARD L. MADOFF
140 081 703

Bernard L Madoff

CHEMICAL BANK
55 WATER ST.
N.Y.C. N.Y.

MR '94
CHEMICAL BANK
55 WATER ST.
N.Y.C. N.Y.





P.O. BOX 1284
BOSTON MA 02104

EXCHANGE/REDEMPTIONS : 800-544-7777
TAX REPORTING ASSIST : 800-544-1877
RETIREMENT ACCT ASSIST: 800-544-4774

ACCOUNT BALANCES : 800-544-7544
ACCOUNT ASSISTANCE: 800-544-6666
MUTUAL FUND QUOTES: 800-544-8544

HOWARD J GLASS
224 W WALNUT ST
GREENFIELD IN 46140-2044

CUSTOMER NUMBER: T070900302

STATEMENT PERIOD
MARCH 10, 1994 THRU JUNE 8, 1994

INVESTMENT PORTFOLIO SUMMARY

| SUMMARY DESCRIPTION | NON-RETIREMENT | RETIREMENT | TOTAL |
|---|---|---|---|
| NET VALUE OF YOUR PORTFOLIO ... | | | $7,499.71 |
| NET ... | | | $17,986.42 |
| NET ... | | | ($10,486.71) |
| PERCE... | | | (58.30)% |

HOWA...

| | | MARKET VALUE |
|---|---|---|
| FIDEL... | | $7,499.71 |
| | | $7,499.71 |

| FUND | | YEAR-TO-DATE |
|---|---|---|
| FIDELI... | | $164.25 |

TRANSACTION REGISTER

| DATE | NUMBER | TRANSACTION | AMOUNT | |
|---|---|---|---|---|
| '92 JUNE 11 1992 | 1001 | 1988 CHEVY SUBURBAN | 9,228 | 00 |
| '94 MAR 23 1994 | 1002 | BERNARD L. MADOFF (1/2 OF CHECK FROM GEICO TRAILER) | 15,000 | 00 |
| | | | | |
| | | | | |
| | | | | |

FIDELITY
CASH
RESERVES

IMPORTANT: Please inspect all documents before using.

Fidelity (T) Master Account No. Checkbook Number
070900302 01

MUTUAL FUND ACTIVITY DETAIL

| TRADE DATE | CONFIRM DATE | TRANSACTION | SHARE PRICE | SHARES THIS TRANSACTION | SHARES OWNED | DOLLAR AMOUNT |
|---|---|---|---|---|---|---|
| FIDELITY CASH RESERVES (055) 0390893592 | | | | | | |
| 03-10 | 03-10 | BEGINNING BALANCE | $1.00 | | 17,986.420 | $17,986.42 |
| 03-25 | 03-25 | PURCHASE | $1.00 | 47.520 | 18,033.940 | $47.52 |
| 03-25 | 03-25 | PURCHASE | $1.00 | 726.880 | 18,760.820 | $726.88 |
| 03-25 | 03-25 | PURCHASE | $1.00 | 974.000 | 19,734.820 | $974.00 |
| 03-31 | 03-31 | CHECK PAID #1002 Madoff | $1.00 | (15,000.000) | 4,734.820 | ($15,000.00) |
| 03-31 | 04-01 | INCOME REINVEST | $1.00 | 46.790 | 4,781.610 | $46.79 |
| 04-30 | 05-01 | INCOME REINVEST | $1.00 | 16.870 | 4,798.480 | $16.87 |
| 05-17 | 05-17 | PURCHASE | $1.00 | 2,683.760 | 7,482.240 | $2,683.76 |
| 05-31 | 06-01 | INCOME REINVEST | $1.00 | 17.470 | 7,499.710 | $17.47 |
| 06-08 | 06-08 | ENDING BALANCE | $1.00 | | 7,499.710 | $7,499.71 |

INFORMATION ABOUT YOUR FIDELITY STATEMENT

PLEASE NOTE THAT YOU WILL RECEIVE A STATEMENT FOR YOUR ACCOUNT DURING MARCH, JUNE, SEPTEMBER AND DECEMBER. IN ADDITION, YOU WILL RECEIVE A STATEMENT FOR EVERY MONTH DURING WHICH YOU HAVE WRITTEN CHECKS.

MUTUAL FUND CHECKING:
YOUR FIDELITY INVESTMENT CHECKBOOK (T070900302, CHECKBOOK 01) IS DRAWN ON FIDELITY CASH RESERVES (055) INVESTMENT NUMBER 0390893592.

**Fidelity Investments®**

# Investment Report

October 1, 1996 - November 19, 1996

**Customer Service**
TouchTone Xpress 800-544-5555
Mutual Fund Account Services 800-544-6666
*Visit us online at www.fid-inv.com*

*Looking for a place to keep your cash between investment decisions? Fidelity Cash Reserves Money Market Fund offers high current yields, stability and liquidity. Current 7-day yield is 4.98% as of 11/15/96. Call today.*

SNV# 036112029

HOWARD J GLASS
BEVERLY S GINGOLD
224 W WALNUT ST
GREENFIELD IN 46140-2044

## Mutual Fund T024800181 HOWARD J GLASS AND BEVERLY S GINGOLD - WITH RIGHTS OF SURVIVORSHIP

**Account Summary**

| | |
|---|---|
| Beginning value as of Oct 1 | $92,439.88 |
| Withdrawals | -20,000.00 |
| Change in investment value | 372.26 |
| **Ending value as of Nov 19** | **$72,812.14** |

**Income Summary**

| | This Period | Year to Date |
|---|---|---|
| Taxable Dividend | $372.26 | $3,789.80 |

**Holdings**

| Holdings | Fund Number/Account Number | Performance November 19, 1996 | Shares November 19, 1996 | Price per Share November 19, 1996 | Total Value October 1, 1996 | Total Value November 19, 1996 |
|---|---|---|---|---|---|---|
| Fidelity Cash Reserves | 055/0008366338 | 7-day yield: 4.99% | 72,812.140 | $1.00 | $92,439.88 | $72,812.14 |

## Transaction Details (for holdings with activity this period)

**Mutual Fund Activity**

| Security | Date | Description | Shares | Price per Share | Transaction Amount | Total Value |
|---|---|---|---|---|---|---|
| Fidelity Cash Reserves | | | | | | |
| 055/0008366338 | 10/01 | Beginning | 92,439.880 | $1.00 | | $92,439.88 |
| | 10/22 | Check Paid #1003 | -20,000.000 | 1.00 | -$20,000.00 | |
| | | Confirm date 10/23/96 | | | | |
| | 10/31 | Income Reinvest | 372.260 | 1.00 | 372.26 | |

WROTE CHECK TO B. MADOFF FOR $20,000.00 10/18/96

BERNARD L. MADOFF
Investment Securities
885 Third Avenue New York, NY 10022
212 230-2424
800 221-2242
Telex 235130
Fax 212 486-8178

TRADING AUTHORIZATION LIMITED TO PURCHASES AND SALES OF SECURITIES

Gentlemen:

The undersigned hereby authorizes Bernard L. Madoff (whose signature appears below) as his agent and attorney in fact to buy, sell and trade in stocks, bonds and any other securities in accordance with your terms and conditions for the undersigned's account and risk and in in the undersigned's name, or number on your books. The undersigned hereby agrees to indemnify and hold you harmless from, and to pay you promptly on demand any and all losses arising therefrom or debit balance due thereon. However, in no event will the losses exceed my investment.

In all such purchases, sales or trades you are authorized to follow the instructions of Bernard L. Madoff in every respect concerning the undersigned's account with you; and he is authorized to act for the undersigned and in the undersigned's behalf in the same manner and with the same force and effect as the undersigned might or could do with respect to such purchases, sales or trades as well as with respect to all other things necessary or incidental to the furtherance or conduct of such purchases, sales or trades.

The undersigned hereby ratifies and confirms any and all transactions with you heretofore or hereafter made by the aforesaid agent or for the undersigned's account.

This authorization and indemnity is in addition to (and in no way limits or restricts) any rights which you may have under any other agreement or agreements between the undersigned and your firm.

This authorization and indemnity is also a continuing one and shall remain in full force and effect until revoked by the undersigned by a written notice addressed to you and delivered to your office at 885 Third Avenue but such revocation shall not affect any liability in any way resulting from transaction initiated prior to such revocation. This authorization and indemnity shall enure to the benefit of your present firm and any successor firm or firms irrespective of any change or changes at any time in the personnel thereof for any cause whatsoever, and of the assigns of your present firm or any successor firm.

Dated, DECEMBER 12, 1988

BROOKLYN (City) NEW YORK (State)

Very truly yours,

[signature]

SIGNATURE OF AUTHORIZED AGENT:

______________________________

rev 9.13.88

MADF
BERNARD L. MADOFF
Investment Securities
885 Third Avenue New York, NY 10022

212 230-2424
800 221-2242
Telex 235130
Fax 212 486-8178

# CUSTOMER AGREEMENT

This agreement sets forth the terms and conditions under which we, Bernard L. Madoff Investment Securities, its successors and assigns ("Bernard L. Madoff") will maintain your account for purchases and sales of securities and other property. You understand that if your account is a cash account the provisions of paragraphs 11 and 12 are not binding upon you unless you enter into a margin transaction.

1. APPLICABLE LAW AND REGULATION. All transactions in your account shall be subject to all applicable law and the rules and regulations of all federal, state and self-regulatory agencies including but not limited to the Board of Governors of the Federal Reserve System and the consitution, rules and customs of the exchange or market (and its clearing house) where executed.

2. SECURITY INTEREST AND LIEN. You agree that Bernard L. Madoff shall have a continuing security interest in all your property including but not limited to securities, commodity futures contracts, commercial paper, monies and any after acquired property held by it or carried in your accounts, as security for the payment of all your obligations and liabilities to Bernard L. Madoff. In the event of a breach or default under this agreement, Bernard L. Madoff shall have all rights and remedies available to a secured creditor under the Uniform Commercial Code of New York as then in effect in addition to the rights and remedies provided herein or otherwise by law.

3. DEPOSITS ON CASH TRANSACTIONS. If at any time Bernard L. Madoff considers it necessary for its protection it may, in its discretion, require you to deposit cash or collateral in your account to assure due performance by you of your open contractual commitments. However, in no event can you have losses that exceed your investment.

4. BREACH, BANKRUPTCY OR DEFAULT. Any breach of this Agreement or the filing of a petition in bankruptcy or for the appointment of a receiver by or against you or the levy of an attachment against your account(s) with Bernard L. Madoff, or your death, mental incompetence or dissolution, shall constitute at Bernard L. Madoff's election, a default by you under all other agreements which Bernard L. Madoff may then have with you (whether heretofore or hereafter entered into) for the purchase from you or sale to you of any property or any other type transaction. Bernard L. Madoff reserves the right to sell any and all property in your account(s) with it (either individually or jointly with others) to buy any or all property which may be short in such accounts and /or cancel all outstanding transactions and to offset any indebtedness in your account against any other account you may have (either individually or jointly with others) and you shall be liable to Bernard L. Madoff for any loss and/or costs sustained. Such purchases and/or sales may be public or private and may be made without notice or advertisement and in such manner as Bernard L. Madoff may in its discretion determine. At any such sale or purchase, Bernard L. Madoff may purchase or sell the property free of any right of redemption.

5. BINDING UPON YOUR ESTATE. You hereby agree that this Agreement and all the terms thereof shall be binding upon your heirs, executors, administrators, personal representatives and assigns.

6. FINALITY OF REPORTS. Reports of the execution of orders and statements of your account shall be conclusive if not objected to in writing within five days and ten days, respectively, after transmittal to you by mail or otherwise.

7. RECEIPT OF TRUTH -IN-LENDING. You hereby acknowledge receipt of Bernard L. Madoff's Truth-In-Lending disclosure statement. You understand that interest will be charged on any debit balances in accordance with the methods described in this statement or in any amendment or revision thereto which may be provided to you.

8. WAIVER, ASSIGNMENT AND NOTICES. No term or provision of this Agreement may be waived or modified unless in writing and signed by the party against whom such waiver or modification is sought to be enforced. Bernard L. Madoff's failure to insist at any time upon strict compliance with this agreement or with any of the terms hereunder or any continued course of such conduct on its part shall in no event constitute or be considered a waiver by Bernard L. Madoff of any of its rights or privileges. This agreement contains the entire understanding between you and Bernard L. Madoff concerning the subject matter of this Agreement. You may not assign your rights and obligations hereunder without first obtaining the prior written consent of Bernard L. Madoff. Notice or other communications including margin calls delivered or mailed to the address given below shall, until Bernard L. Madoff has received notice in writing of a different address, be deemed to have been personnally delivered to you.

9. NEW YORK LAW TO GOVERN. This Agreement shall be deemed to have been made in the State of New York and shall be construed, and the rights and liabilities of the parties determined, in accordance with the laws of the State of New York.

10. PARTIAL UNENFORCEABILITY. If any provisions herein are or should become inconsistent with any present or future law, rule or regulation of any sovereign government or a regulatory body having jurisdiction over the subject matter of this Agreement, such provision shall be deemed to be rescinded or modified in accordance with any such law, rule or regulation. In all other respects, this Agreement shall continue and remain in full force and effect.

MADF

11. MARGIN IN MARGIN ACCOUNTS (NOT APPLICABLE TO CASH ACCOUNTS). You hereby agree to maintain such margins in your margin account as Bernard L. Madoff may in its discretion require and you agree to pay forthwith on demand any debit balance owing with respect to any of your margin accounts, and if not paid this shall be a breach of this Agreement and Bernard L. Madoff may take such action as it considers necessary for its protection in accordance with this Agreement. You will be charged interest on your debit balance which if not paid at the close of an interest period will be added to the opening balance for the next interest period.

12. CUSTOMER'S CONSENT TO LOAN OR PLEDGE OF SECURITIES (NOT APPLICABLE TO CASH ACCOUNTS). You hereby authorize Bernard L. Madoff to lend either to itself or to others any securities held by Bernard L. Madoff in your margin account and to carry all such property in its general loans and such property may be pledged, repledged, hypothecated or rehypothecated either separately or in common with other such property for any amounts due to Bernard L. Madoff thereon or for a greater sum, and Bernard L. Madoff shall have no obligation to retain a like amount of similar property in its possession and control.

Dated ______________________

ACCOUNT NUMBER ______________________

(If a Corporation)

______________________
(Name of Corporation)

By: ______________________

Title: ______________________

SEAL

(If an Individual)

______________________

______________________
(Second Party if Joint Account)

(If a Partnership)

______________________
(Name of Partnership)

By: Howard J. Glass

104 GIRARD ST.
(Mailing Address)

BROOKLYN, N.Y. 11235

rev 10.05.88

Irving H. Picard, Esq.
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Avenue, Suite 800
Dallas, Texas 75201

Dear Mr. Picard:

Please find enclosed statements and documentation for my investments handled by Bernard L. Madoff Investment Securities LLC.

I opened my account with Madoff in December 1988 with a deposit of $75,000. I have included copies, front and back, of cheques drawn on my accounts at Dreyfus and Fidelity. I have enclosed evidence of an additional investment in Madoff in March 1994 of $30,000. I have a copy of the cheque from Dreyfus but only a Transaction Register entry and Fidelity statement showing the withdrawal from that account. Fidelity had ceased to return cheques and cannot provide me with a copy. To the best of my recollections I made an additional investment of $20,000 at another time but could not find evidence of that in my records.

I have also included copies of the *Trading Authorization Limited to Purchases and Sales of Securities*, the *Customer Agreement*, and the IRS Form W-9 that I signed when my account was set up at BLMIS LLC.

I have enclosed a copy of the last statement I received from BLMIS LLC dated November 30, 2008 as well as the confirmations for the trades listed on that statement.

I have attached a separate sheet of paper to the Customer Claim form listing the securities shown on that November 30, 2008 statement because the list of securities exceeds the space allowed on the Claim form.

Finally, I have enclosed copies of the cheques I received from Madoff when I requested funds from my account. I have made three withdrawals, once each in 2006, 2007, and 2008.

I believe that I have provided every form of evidence that has been requested. If something is lacking or stated inaccurately, I will do my best to provide further evidence. I can be reached at home at 317.259.9244.

Sincerely,

Howard J. Glass
416 Woodmere Drive
Indianapolis, Indiana 46260-4128