THOMAS E. BRETT, ESQ. (6018)
125-10 Queens Blvd. #311
Kew Gardens, NY 11415
718-263-0123; (fax- 718-263-0134)
e-mail: westburybretts@aol.com
*Attorney for Jennie Brett*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X
SECURITIES INVESTOR PROTECTION
CORPORATION,

        No. 08-AP-1789 (BRL)

     Plaintiff,

        SIPA Liquidation

  vs.

        **OBJECTION TO TRUSTEE'S**
BERNARD L. MADOFF INVESTMENT   **DETERMINATION OF CLAIM**
SECURITIES LLC,

     Defendant.
---------------------------------
In re:

BERNARD L. MADOFF,

     Debtor.
---------------------------------X

     I, Jennie Brett, hereby object to the Notice of Trustee's Determination of Claim dated June 4, 2010, annexed hereto as *EXHIBIT A*, and state as follows:

BACKGROUND

     1.  As early as 1975 and possibly as early as 1968, I invested in Bernard L. Madoff Investment Securities, LLC for the purpose of purchasing securities.

     2.  I am a "customer," as defined by the Securities Investor Protection Act of 1970 ("SIPA"), of Bernard L. Madoff Investment Securities, LLC ("BMIS").

3. On or about January 6, 2009, I submitted a customer claim form to Irving H. Picard, the BMIS Trustee, as Account No. 1B0060, which I knew to be Madoff Account No. 1-B0192-4-0, in the amount of $29,952.00, the balance in the investment fund account as of the monthly statement of October 31,2008.

4. On or about June 4,2010, Mr. Picard disallowed my claim in its entirety (see <u>EXHIBIT A</u>).

5. The basis of the denial was that I had withdrawn $521,822.66 from the account and I had deposited only $270,808.98. He "found" that the funds deposited were never invested by BMIS and instead of profits, BMIS returned to me my own money and the monies of other investors and labeled such returns as profits. The "finding" is without a basis in any evidence put forth by Mr. Picard.

6. I believe the so-called "withdrawals" were based upon profits and losses from the trading of securities which were substantiated by confirmations and monthly statements provided to me by BMIS. Such documentation is entitled to a presumption of regularity. Since BMIS was a registered and respected broker and a member of SIPA, I should be entitled to receive the amount of my claim since it is less than the $500,000 SPIA limit for the protection of customers of unscrupulous brokers.

GROUNDS FOR OBJECTION

A. <u>The amounts of deposits are incomplete</u>. It starts with an equity of $60,000.72 as of 3/31/81. The first deposit thereafter is 2-1/2 years later at 10/21/83.

I began investing with Mr. Madoff in the late 1960s.

It is difficult to search for records from 45 years ago. I believe he was than engaged in Arbitrage. I know of a $10,000 investment on June 3, 1975 and a $30,000 investment on 2/24/78. Annexed hereto as *EXHIBIT B* is a check book entry for $10,000 on 6/3/75 and a copy of a check for $30,000 dated 2/24/78. I believe there were several more investments for the 5-1/2 years from 1978 up to October 21, 1983 that have not been credited to me. I am continuing my search for that evidence.

The figures show a 2-year lapse in deposits from 9/19/95 up to the last posted withdrawal on 7/30/97. There were additional deposits in that period for which I have not received credit. I am continuing my search for that evidence.

B.  *BMIS was a legitimate business*. It is said that Mr. Madoff began his brokerage business in the early to mid-1960s. At the outset I believe it was a legitimate business. As an early participant I believe I was fully protected by SIPA in my dealings with BMIS and that such protection should continue throughout my dealings with BMIS. Mr. Picard has failed to present evidence as to when the so-called Ponzi scheme commenced. Absent such evidence, it is not fair to say that "all" gains were fictitious.

C.  *The Debtors's books and records*. My claim is based upon the Debtor's books and records. BMIS's final monthly statement to me of 10/31/09 is the best evidence of the amount due me, ie., $29,952.00. The court's order of December 23, 2008 directed Mr. Picard to satisfy customers' claims according to the Debtor's books and records.

CONCLUSION

My claim should be allowed in its entirety.

The "net equity" finding should be voided and this court's ruling of March 1, 2010 should be vacated and my claim should be re-determined in my favor.

## RESERVATION OF RIGHTS

I reserve the right to revise, amend or supplement this Objection and my failure to object on any specific ground shall not be construed as a waiver of my right to object on any additional grounds.

Nothing contained herein shall be construed as a waiver of any rights that I now possess.

Dated: July 2, 2010

*Jennie Brett*

_____
 JENNIE BRETT

THOMAS E. BRETT, ESQ. (6018)
125-10 Queens Blvd. #311
Kew Gardens, NY 11415
718-263-0123; (fax- 718-263-0134)
e-mail: westburybretts@aol.com
*Attorney for Jennie Brett*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------X
SECURITIES INVESTOR PROTECTION
CORPORATION,

        Plaintiff,

  vs.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

        Defendant.
--------------------------------

No. 08-AP-1789 (BRL)

SIPA Liquidation

**AFFIRMATION OF SERVICE**

State of New York)
County of Queens )ss.:

    Thomas E. Brett, Esq., an attorney licensed to practice law in New York, affirms the following to be true under penalty of perjury:

    On July 2, 2010 I served a true copy of the annexed Objection to Trustee's Determination of Claim on behalf of Jennie Brett - <u>without Exhibit A and Exhibit B</u> - by filing the same electronically with the Court and upon the parties who receive electronic service thru CM/ECF and

    On July 2, 2010 I served a true copy of the annexed Objection to Trustee's Determination of Claim on behalf of Jennie Brett <u>with Exhibit A and Exhibit B</u> by mailing the same in a prepaid sealed envelope in an official USPS depository to:

1. Clerk, U.S. Bankruptcy Court, Southern District of New York, One Bowling Green, New York, NY 10004.

2. Irving H. Picard, Trustee, c/o Baker & Hostetler, LLP, Att: Claims Dept., 45 Rockefeller Plaza, New York, NY 10111.

                              *Thomas E. Brett*
                              _____
                              THOMAS E. BRETT