**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York  10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Seanna R. Brown
Email: sbrown@bakerlaw.com
Bik Cheema
Email: bcheema@bakerlaw.com

*Attorneys for Irving H. Picard, Esq., Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |

**TRUSTEE'S OPPOSITION TO NORDEA'S MOTION FOR LEAVE TO FILE**
**RESPONSE TO TRUSTEE'S "CUSTOMER MOTION"**

Irving H. Picard, Trustee ("Trustee") for the substantively consolidated liquidation of the

business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities

Investor Protection Act ("SIPA"), 15 U.S.C. § 78aaa *et seq.*,[1] and the estate of Bernard L. Madoff ("Madoff") (collectively, "Debtor"), by and through his undersigned counsel, hereby submits this opposition ("Opposition") to the motion ("Nordea Motion") of Nordea Liv & Pension, Livsforsikringsselskab A/S, Nordea Livsförsäkring Finland Ab, Livsforsikringsselskapet Nordea Liv Norge AS, and Nordea Livsförsäkring Sverige AB (collectively, "Nordea") for leave to file a response to the Trustee's "Customer Motion," as more fully described below.

## BACKGROUND

1.  On December 11, 2008, the Securities and Exchange Commission ("SEC") filed a Complaint in the United States District Court for the Southern District of New York ("District Court") against defendants Bernard L. Madoff and Bernard L. Madoff Investment Securities LLC (No. 08 CV 10791).

2.  On December 15, 2008, Judge Stanton of the District Court entered an order pursuant to SIPA which, in pertinent part:

    (a) Appointed Irving H. Picard as trustee for the liquidation of the business of BLMIS, pursuant to section 78eee(b)(3) of SIPA;

    (b) Appointed Baker & Hostetler, LLP as counsel to the Trustee pursuant to section 78eee(b)(3) of SIPA;

    (c) Removed the case to this Bankruptcy Court pursuant to section 78eee(b)(4) of SIPA; and

    (d) Authorized the Trustee to take immediate possession of the property of the debtor, wherever located.

---

[1] Future references to SIPA shall omit "15 U.S.C."

3. On December 23, 2008, this Court entered an order (the "Claims Procedures Order") (Dkt. No. 12), that, *inter alia*, specified the procedures for the filing, determination, and adjudication of customer claims in this proceeding.

4. The Claims Procedures Order directs the Trustee to determine customer and creditor claims in writing and allows any claimant who opposes the Trustee's determination to file an objection with this Court and the Trustee, after which the Court will hear the matter. *See* Claims Procedures Order, at 6-7.

5. Pursuant to the Claims Procedures Order, if claimants fail to file an opposition as required within thirty days, the Trustee's determination of their claim shall be deemed approved by the Court and binding on the Claimant. *See* Claims Procedures Order, at 7.

6. The Trustee has taken the position for purposes of determining claims that only those claimants who had an account at BLMIS constitute "customers" of BLMIS (as defined in section 78*lll*(2) of SIPA). Where it appears that a claimant did not have an account in his/her/its name at BLMIS ("Claimant Without An Account"), he/she/it is not a customer of BLMIS under SIPA and the Trustee has denied his/her/its claims for securities and/or a credit balance.

7. On or about December 8, 2009, the Trustee issued approximately 8,500 claims determinations in which the Trustee denied the claims of Claimants Without An Account, including Nordea, who invested with intermediary entities, which in turn may have directly or indirectly invested with BLMIS.

8. As set forth in the respective Notices of Trustee's Determination of Claim, each Claimant Without An Account whose claim was denied on December 8, 2009 was notified

3

that he/she/it was required to file an objection by January 8, 2010 in accordance with the Claims Procedures Order.

9. In accordance with the Claims Procedures Order, approximately 2,000 objections were filed in response to the Trustee's claims determinations and the construction of the term "Customer."

10. On March 19, 2010, the Trustee filed a motion requesting that the Court set a briefing schedule and hearing date regarding the "Customer" issue (the "Scheduling Order"). (Dkt. No. 2052).

11. On April 13, 2010, the Court granted the motion and ordered that the Trustee file a motion to affirm the denial of the claims of certain claimants, and an accompanying memorandum of law and supporting papers setting forth the factual and legal bases for the Trustee's denial of the those claims on or before June 11, 2010. (Dkt. No. 2205).

12. On June 11, 2010, the Trustee filed his Motion for an Order to Affirm Trustee's Determinations Denying Claims of Claimants Without BLMIS Accounts in their Names, Namely Investors in Feeder Funds (the "Customer Motion"), and supporting affidavits and memorandum of law.

13. Pursuant to the Scheduling Order, the Trustee's Customer Motion identified those Claimants Without An Account who have filed objections to his determination of their claims for which he scheduled a hearing (the "Objecting Claimants").

14. Any claimant, other than the Objecting Claimants identified in the Trustee's Customer Motion, who wishes to file a brief in response to the Customer Motion is required to seek leave of court prior to filing such a brief and must identify his/her/its interest in this matter, including, but not limited to, whether he/she/it had an account at BLMIS.

4

15. In accordance with the above, Nordea filed the Nordea Motion seeking leave to file a response to the Trustee's "Customer Motion" on June 11, 2010. (Dkt. No. 2410).

### RELIEF REQUESTED

16. On or about December 8, 2009, the Trustee denied each of Nordea's claims on the grounds that Nordea did not have accounts with BLMIS and therefore were not customers of BLMIS under SIPA.

17. Pursuant to the Claims Procedures Order, in order to have this Court hear its disputes relating to its claim determinations, Nordea was required to file objections with this Court and the Trustee within thirty days of its claims determinations. *See* Claims Procedures Order, at 6-7.

18. The Notices of Determination of Claims sent to Nordea by the Trustee, as annexed to the Nordea Motion as Exhibit B, each state on page 1:

> **PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after December 8, 2009, the date on which the Trustee mailed this notice.
>
> **PLEASE TAKE FURTHER NOTICE**: If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

19. By its own admission, Nordea did not file objections to the Trustee's determinations of its claims with the Trustee nor this Court. *See* Nordea Motion, ¶ 9.

20. By operation of the Claims Procedures Order and its failure to file objections to the Trustee's determinations of its claims within thirty days of the same, the Trustee's determinations of the claims of Nordea were deemed confirmed by this Court and binding upon Nordea on or around January 8, 2010.

5

21. Nordea claims that it was unaware that the Court would permit the Trustee to address the "Customer" issue, as set forth in the Scheduling Order, as the reason for which it failed to file objections to the Trustee's determinations of its claims. *See* Nordea Motion, ¶ 11.

22. Nordea was required to file its objections by January 8, 2010. The Trustee moved for the Scheduling Order on March 19, 2010. Thus, Nordea's obligations under the Claims Procedures Order to protect its rights under SIPA have no relation to the Scheduling Order or the Customer Motion. Nordea was specifically informed in its determination letter that it must file an objection within thirty days or its claim determination would become binding.

23. The Trustee is sympathetic to all claimants, including Nordea. The Trustee, however, respectfully opposes Nordea's motion for leave to file a response to the Trustee's Customer Motion, as well as its request to be deemed Objecting Claimants, because the Trustee's determinations denying its claims were deemed confirmed by this Court and binding upon Nordea as of January 8, 2010.

24. Permitting Nordea to participate in the briefing and to be deemed Objecting Claimants would subvert the orderly process set forth by the Claims Procedures Order governing the filing and resolution of all claims in this proceeding.

**WHEREFORE**, the Trustee respectfully requests that the Court (a) deny Nordea's Motion for leave to file a response to the Trustee's Customer Motion; (b) deny its request to be deemed Objecting Claimants; and (c) grant such other and further relief to the Trustee as the

6

Court deems proper.

Dated: New York, New York  
      July 7, 2010

Respectfully submitted,

**BAKER & HOSTETLER LLP**

By: /s/ *David J. Sheehan*
    Baker & Hostetler LLP
    45 Rockefeller Plaza
    New York, NY  10111
    Telephone: (212) 589-4200
    Facsimile: (212) 589-4201
    David J. Sheehan
    Email: dsheehan@bakerlaw.com
    Seanna R. Brown
    Email: sbrown@bakerlaw.com
    Bik Cheema
    Email: bcheema@bakerlaw.com

*Attorneys for Irving H. Picard, Esq., Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC And Bernard L. Madoff*