UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------
SECURITIES INVESTOR PROTECTION
CORPORATION,

CASE No. 08-1789 (BRL)

Plaintiff

SIPA Liquidation

vs

**OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM**

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC.

Claim # 008204
Madoff Account# 1S0260

Defendant
-------------------------------------------------

Howard M. Schupak hereby objects to the Notice of Trustee's Determination of Claim, dated, June 10, 2010 sent and signed by Irving H. Picard, Trustee, declares and states, as follows:

**Background Facts**

1. This Objection to Trustee's Determination, dated, June 10,2010 [copy is attached as Exhibit "A"] is filed to contest the rejection of a claim for securities in the amount of $552,109.69.
2. I am/was managing and general partner of Schupak Investments, a partnership formed with its primary purpose to invest in Bernard L. Madoff Investment Securities LLC. [hereinafter referred to as "BLMIS"].
3. This account was opened sometime in 1992 with a $100,000.00 deposit
4. Periodic deposits were made over the years with a direction to invest these monies in securities and reinvest any income, as was possible.
5. At all times this account was treated and thought to be a lawful brokerage account and at all times the official statements from BLMIS were relied upon as accurate.
6. Withdrawals were made on a quarterly basis for the most part. Most of those withdrawals were used for usual living expenses including but not limited to the payment of taxes and educational expenses. Some withdrawals were made

for special needs, to wit: home purchase or to pay expenses on a home renovation.
7. On or about December 15, 2008 the instant liquidation proceeding was commenced.
8. A SPIC claim was timely filed on behalf of Claimant asserting a claim for securities in the amount of $552,109.69 based upon the November 30, 2008 BLMIS statement. [A full copy of said Claim will be filed with this Court at the appropriate time or as needed; a copy of the November, 2008 Statement is attached as Exhibit "B"]
9. On or about June 10, 2010, the Trustee issued his Determination Letter [See Exhibit A] rejecting the claim for securities. Implicitly the Trustee denied any transfer monies from other accounts held at BLMIS.
10. At all times Claimant had no knowledge, nor any inkling, that the account held at BLMIS was other than a brokerage account as set forth in the respective monthly statements.

## A. The Trustee has failed to comply with the Court's December 23, 2008 Order

11. The Determination Letter fails to comply with the Court Order, dated December 23, 2008 which directs the Trustee to satisfy claims and deliver securities in accordance with "the Debtor's books and records." December 23, 2008 Order at 5 (Docket #12). The November 30, 2008 statement is reflective of "the Debtor's books and records" upon which the Trustee is bound. There is no proof proffered by the Trustee to indicate that the claimant did not have a "legitimate expectation" that the account statements were true and accurate as stated.
12. To the contrary, the Claimant relied upon those statements paying taxes upon the indicated gains/losses.
13. The Trustee has failed to state a basis for the position set forth in his Determination Letter.

## B. Trustee has violated the requirement that he honor a customer's "legitimate expectations"

14. SPIC's Series 500 Rules, 17 C.F.R. 300.55, enacted pursuant to Securities Investor Protection Act ("SIPA"), provide for the classification of claims in accordance with the "legitimate expectations" of a customer based upon the written transaction confirmations sent by a broker-dealer to a customer.
15. Such individual transactions were set forth in the monthly BLMIS statements.
16. Claimant relied upon and received individual confirmations which were duly set forth in each monthly statement received from BLMIS.
17. The Court is respectfully bound by the holding in the *In re New Times Securities Services, Inc.*, 371 F.3rd 68 (2006) case decided by the Second

Circuit, 2006 which affirmed SPIC's obligation to make payment based upon the last brokerage statement at the time of liquidation.

### C. Trustee has failed to acknowledge roll-over amounts/Claimant challenges amounts paid in and paid out

18. Although not specifically stated, the Determination Letter implicitly denies any roll-over amounts presumably based upon the Trustee's erroneous method of computing account balances. The Court is respectfully referred to the Trustee's Determination letter, last page containing "Deposits" and "Withdrawals" in Exhibit A.
19. This is in contradiction to the "legitimate expectations" of Claimant.
20. Trustee has offered no evidence or indication that claimant did not have a legitimate expectation that his Account was genuine. Regardless of the method the Trustee has used to deny these roll-over amounts, your Claimant reserves all rights to challenge the accounting method used as part of the Determination Letter in this and any subsequent liquidation or Bankruptcy proceeding.
21. Again, Claimant must emphasize that regular periodic withdrawals were made each quarter and that Claimant specifically rejects and questions the Trustee's Determination of monies paid in and monies paid out to Claimant.

### D. Claimant is entitled to prejudgment interest on investment and profits

22. Under New York law funds deposited with BLMIS is entitled to interest. See,e.g. N.Y.C.P.L.R. Section 5004; N.Y. Gen. Oblig., Section 5-501 et seq.
23. In a Ponzi scheme, out of pocket damages are an improper and inadequate remedy. Where, as here, a Ponzi scheme is operated by an SEC regulated broker/dealer, investors are not limited to "out-of-pocket damages." See *Visconte v Lehman Bros, Inc.* No. 06-3304, 2007 WL 2258827 (6th Circuit, August 8, 2007).

### E. Trustee has no power to claw-back or consider sums beyond the statute of limitations

24. It is unfair and the Trustee is without power to compute or consider sums of money beyond the applicable statute of limitations.
25. There is no indication that the Claimant at any time had knowledge, or any inkling, that his investment was other than legitimate.
26. Nor do such actions on the part of the Trustee to evaluate prior "deposits" or "withdrawals" apply here as that would allow the Trustee to do indirectly which he is unable to do directly.

27. The Trustee has apparently utilized a unilateral position to deprive Claimant of monies transferred or deposited into the instant Account for which he would be obligated to make full payment

**F. Trustee Has No Power To Avoid Payments To Innocent Customers**

28. As has previously been stated, Schupak Investments specifically deposited money with BLMIS with the expressed purpose of purchasing securities (of whatever nature) to effectuate a positive return on any security position.
29. Moreover, Schupak Investment had no knowledge, nor any indication, that BLMIS was not undertaking its specific role and obligation.
30. Schupak Investments made additional deposits of money over the years for those same purposes.
31. Any monies received from BLMIS was in connection with the purchase of securities and the corresponding income derived therefrom.
32. BLMIS was under a legal obligation {regardless of the underlying theory) to pay or credit Schupak Investments with any profits made in connection with such security purchases.
33. Schupak Investments received trade confirmations and monthly statements showing the purchase/sale of securities and received payments based thereon.
34. It is of no moment that BLMIS, in fact, made no such purchases as under the law Schupak Investments is entitled to lost profits and payments. See Rule 10b-5;Visconti v. Lehman Bros., 244 Fed. App'x 708, (6th Cir., 2007).

Wherefore, Claimant is seeking the following relief:
    a. Trustee to pay or replace the full amount of securities held in Claimant's Account on November 30, 2008.
    b. Trustee to recognize said claim in the amount of $552,109.69 under SPIC.
    c. Claimant objects to the method by which the Trustee denies any roll-over amounts and/or his computation of monies paid in and paid out.
    d. Trustee to pay interest as determined by the Court
    e. Trustee is to be precluded from collecting any monies paid to Claimant.
    f. For such other and further relief as the Court deems justified.

Respectfully submitted,

*Howard M. Schupak* (signature)

Howard M. Schupak
13 Bonnie Briar Road
Yonkers, New York 10710
(W) 212-923-0200
(F) 212-923-3695