FAEGRE & BENSON LLP
2200 Wells Fargo Center
90 South 7th Street
Minneapolis, MN 55402
(612) 766-7000
Fax: (612) 766-1600
Leif T. Simonson (LS-6568)
lsimonson@faegre.com

*Attorneys for Aegis Holdings (Onshore) Inc. FBO The Beaumont Master Fund, LLC*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

_____

| | |
|---|---|
| Securities Investor Protection Corporation, | **Bankruptcy Case No. 08-01789 (BRL)** |
| Plaintiff, | SIPA Liquidation |
| vs. | **OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIMS** |
| Bernard L. Madoff Investment Securities LLC, | |
| Defendant. | |

_____

Aegis Holdings (Onshore) Inc. FBO The Beaumont Master Fund, LLC ("Claimant"),

by its attorneys, Faegre & Benson LLP, hereby objects to the denial of its claims in the

Notices of Trustee's Determination of Claim dated December 8, 2009,[1] and states as follows:

1.      On or about May 1, 2008, Claimant made an initial investment of

$1,200,000.00 into the Rye Select Broad Market Fund, LP (the "Rye Broad Market Fund").

On or about July 31, 2008, Claimant sold its interest in the Rye Broad Market Fund.  The

_____

[1] Copies of Claimant's claims and certain of their attachments are attached as **Exhibits A
and B**.  Copies of the Trustee's Notices of Determination are attached as **Exhibits C and D**.

gross proceeds of the sale were $1,223,309.06.  Upon information and belief, it is customary for funds to "hold back" a portion of redeeming limited partner capital until all expenses are fully booked and until an audit is complete.  Therefore, on or about August 15, 2008, the Fund returned only $1,162,143.61 to Claimant and held back the $61,165.45 difference.  This $61,165.45 was never returned to Claimant and therefore represents an unreturned portion of its investment in the Rye Broad Market Fund.

2.      On or about July 1, 2008, Claimant invested $850,000.00 in the Rye Select Broad Market Prime Fund, LP (the "Rye Broad Market Prime Fund").  As of October 31, 2008, the Rye Broad Market Prime Fund valued this investment at $880,052.49.

3.      All of the funds that Claimant invested in both the Rye Broad Market Fund and the Rye Broad Market Prime Fund (collectively, the "Rye Funds") were invested in Bernard L. Madoff Investment Securities LLC ("BLMIS").

4.      Upon information and belief, the investments in the Rye Funds are now valued at zero.

5.      On or about December 11, 2008, the above-captioned liquidation proceeding was commenced against BLMIS, pursuant to the Securities Investor Protection Act ("SIPA"), 15 U.S.C. § 78aaa *et seq.*

6.      On or about December 15, 2008, jurisdiction of this matter was transferred to the United States Bankruptcy Court for the Southern District of New York, and Irving Picard was appointed as Trustee.

7.      Pursuant to the SIPA, Trustee Picard was directed to oversee the liquidation of the assets of BLMIS and to process all claims against Defendant BLMIS, and the Debtor Bernard L. Madoff.  *See* 15 U.S.C. § 78fff-1(a).

8.      By order of this Court dated December 23, 2008, the Trustee was directed to disseminate notice and claim forms to all former BLMIS customers setting forth claim-filing deadlines.  *See* Order entered at Dkt. No. 12.  The Order directed the Trustee to "notify such claimant by mail of his determination that the claim is disallowed, in whole or in part, and the reason therefore . . ."

9.      In February 2009, prior to the claims filing deadline, Claimant duly filed customer claims with the Trustee for its unreturned investments in the Rye Funds.  These claims have apparently been designated as Claim Nos. 005888 and 006563.

10.     By separate Notices of Trustee's Determination of Claim, each dated December 8, 2009, the Trustee notified Claimant that these claims had been denied on the following basis:

> Based on a review of available books and records of BLMIS by the Trustee's staff, you did not have an account with BLMIS.  Because you did not have an account, you are not a customer of BLMIS under SIPA as that term is defined at 15 U.S.C. § 78*lll*(2).  Accordingly, your Claim for securities and/or a credit balance is **DENIED**.

11.     By this Notice of Objection, Claimant does hereby formally object to the determination by the Trustee as to each of these claims.

12.     <u>First Objection</u>:  The Trustee's determination fails to comply with the December 23, 2008 Order of the Court which directed the Trustee to satisfy customer's claims in accordance with the Debtor's books and records or which "are otherwise established to the satisfaction of the Trustee."  *See* Dkt. No. 12 at 5.  The Claimant's claims included proper documentation of the amount owed to Claimant.  Accordingly, the claims should be allowed in full.

13.    <u>Second Objection</u>:  Contrary to the determination of the Trustee, Claimant is a "customer" as provided for by the Securities Investor Protection Act.  As such, it is entitled to receive SIPC insurance.  Section 78*lll*(2) of the SIPA defines "customer" as "any person who has deposited cash with the debtor for the purpose of purchasing securities."[2]  *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC*, 401 B.R. 629, 635 (Bankr. S.D.N.Y. 2009) ("the mere act of entrusting . . . cash to the debtor for the purpose of effecting securities transactions . . . triggers customer status . . ..") (alterations in original) (citations omitted).  Apparently, the Trustee has taken the position that the fact that Claimant deposited funds with BLMIS indirectly is fatal to its claim as a "customer" under SIPA.  This position is incorrect.

14.    Under SIPA, the term "customer" is a term of art, and does not have its ordinary and customary meaning.  *Arford v. Miller*, 239 B.R. 698, 701 (S.D.N.Y. 1999), *aff'd sub nom. In re Stratton Oakmont*, 210 F.3d 420 (2d Cir. 2000) (citations omitted).  It is to be construed within the context of the definitional section of SIPA, and as interpreted by the courts.

---

[2] The statute provides that:

> The term "customer" of a debtor means any person (including any person with whom the debtor deals as principal or agent) who has a claim on account of securities received, acquired, or held by the debtor in the ordinary course of its business as a broker or dealer from or for the securities accounts of such person for safekeeping, with a view to sale, to cover consummated sales, pursuant to purchases, as collateral security, or for purposes of effecting transfer. The term "customer" includes any person who has a claim against the debtor arising out of sales or conversions of such securities, and any person who has deposited cash with the debtor for the purpose of purchasing securities, . . .

15 U.S.C. § 78*lll*(2).

15.     The statute does not require that one have a direct relationship with the subject broker to be considered a "customer" under SIPA.  All the plain language of the statute requires is that (a) the claim against the debtor arose out of sales or conversion of securities, and (b) that the customer made deposits with the fiduciary of cash or securities.  *See* 15 U.S.C. § 78*lll*(2).  The legislative history of SIPA supports this interpretation.

16.     SIPA was enacted by Congress as remedial legislation to be liberally construed to effect the purpose of protecting the investments of customers of broker-dealers and investment advisers.  *See In re First State Securities Corp.*, 34 B.R. 492, 496 (Bankr. S.D. Fla. 1983) (citing *Tcherepnin v. Knight*, 389 U.S. 332 (1967)).  The fundamental purpose of SIPA was to protect the public in the event that the entities with whom they dealt with went bankrupt, or were otherwise unable to satisfy their customer agreements.  *See SEC v. S.J. Salmon & Co., Inc.*, 375 F. Supp. 867, 871 (S.D.N.Y. 1974) ("The principal purpose of the [Securities Investor Protection] Act was to protect investors against financial losses arising from the insolvency of their brokers.") (citing H. Rep. No. 91-1613, at 1970 U.S. Code Cong. and Adm. News p. 5254 et seq.).

17.     The statute does not mandate that the funds or securities received by the debtor were received "directly" by the customer.  Had this been a requirement, Congress would have so required it.  Indeed, Section 9 of SIPA covering advances by SIPC to the bankruptcy trustee states that:

> no advance shall be made by SIPC to the trustee to pay or otherwise satisfy any net equity claim of any customer who is a broker or dealer or bank, <u>other than to the extent that it shall be established to the satisfaction of the trustee,</u> from the books and records of the debtor or from the books and records of a broker or dealer or bank, or otherwise, <u>that the net equity claim </u>of such broker or dealer or bank against the debtor <u>arose out of transactions for customers of such broker or dealer or bank . . .,</u> in which

event each such customer of such broker or dealer or bank shall be deemed a separate
customer of the debtor.

15 U.S.C. § 78fff-3(a)(5) (emphasis added).

18.     Whether a claimant is a "customer" does not depend upon to whom he or she
or it "handed her cash or made her check payable, or even where the funds were initially
deposited." *In re Old Naples Sec., Inc.*, 223 F.3d 1296, 1302 (11th Cir. 2000).  "Instead, the
question is whether there was 'actual receipt, acquisition or possession of the property of a
claimant by the brokerage firm under liquidation.'"  *Id.* (citing *In re Stalvey & Assoc., Inc.*,
750 F.2d 464, 469 (5th Cir. 1985) (quoting *SEC v. Kenneth Bove & Co.*, 378 F. Supp. 697,
700 (S.D.N.Y. 1974)).  Here, Claimant can show that there was "actual receipt, acquisition or
possession" of its property by the Debtor.

19.     As this cause of action arose in New York, and New York law is applicable,
Claimant is entitled to interest on all of the funds deposited with BLMIS at the statutory rate.
New York CPLR § 5004, New York General Oblig. L. § 5-501 *et seq*.  Furthermore, as the
actions by BLMIS arose out of conversion and fraud, Claimant is entitled to pre-judgment
interest.  New York CPLR § 5001(a).  *See also Singapore Recycle Centre Pte Ltd. v. Kad
Int'l*, 2009 WL 2424333 at *20 (E.D.N.Y. 2009).

20.     Claimant reserves all rights under Rule 9014 of the Federal Rules of
Bankruptcy Procedure, including, but not limited to, all rights of discovery.

21.     Claimant reserves the right to amend, alter, revise, or supplement this
Objection; any failure to object on a particular procedural or substantive ground shall not be
deemed a waiver of any such rights, all of which are hereby reserved.

22.    In the event that the Court does not allow Claimant's claims as "customer" claims, it should nevertheless allow Claimant's claims as general unsecured creditor claims.

### **RELIEF REQUESTED**

23.    For the reasons set forth herein, the Court should find Claimant is a "customer" within the definition of 15 U.S.C. § 78*lll*(2).

24.    For the reasons set forth herein, the Court should overrule the Trustee's determination and find that Claimant should have its claims allowed in full to the extent covered by SIPC.

25.    In the event that the Court does not allow Claimant's claims as customer claims, it should nevertheless allow the claims as general unsecured creditor claims.

26.    For the reasons set forth herein, the Court should direct the SIPC to issue immediate payment to Claimant in the amount of all of its unreturned investment in the Rye Funds (*i.e.*, $61,165.45 plus $850,000.00, or $911,165.45), plus interest from the date of claim.

27.    To the extent applicable, Claimant joins the in the objections of those other claimants similarly situated, and request such further relief as this Court shall deem fair and equitable.

Dated: January 6, 2010                         /s/ Leif T. Simonson
_____
                                               Leif T. Simonson (LS-6568)
                                               FAEGRE & BENSON LLP
                                               2200 Wells Fargo Center
                                               90 South Seventh Street
                                               Minneapolis, MN  55402-3901
                                               (612) 766-7000
                                               Facsimile: (612) 766-1600
                                               LSimonson@faegre.com

                                               *Attorneys for Aegis Holdings (Onshore) Inc.
                                               FBO The Beaumont Master Fund, LLC*

fb.us.4710817.01

## CUSTOMER CLAIM

Claim Number_____

Date Received_____

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

### In Liquidation

### DECEMBER 11, 2008

(Please print or type)

Name of Customer: **Aegis Holdings (Onshore) Inc. FBO The Beaumont Master Fund, LLC**
Mailing Address: 1125 Seventeenth Street, Suite 1400
City: Denver,        State: CO    Zip: 80202
Account No.: 01-2008-00006048
Taxpayer I.D. Number (Social Security No.): 26-1677594

NOTE:    BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY
THE ACCOMPANYING INSTRUCTION SHEET. A SEPARATE CLAIM FORM
SHOULD BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL
PROTECTION AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE
RECEIVED BY THE TRUSTEE ON OR BEFORE March 4, 2009. CLAIMS
RECEIVED AFTER THAT DATE, BUT ON OR BEFORE July 2, 2009, WILL BE
SUBJECT TO DELAYED PROCESSING AND TO BEING SATISFIED ON TERMS
LESS FAVORABLE TO THE CLAIMANT. PLEASE SEND YOUR CLAIM FORM BY
CERTIFIED MAIL - RETURN RECEIPT REQUESTED.

*************************************************************************

1.    Claim for money balances as of December 11, 2008:

     a.    The Broker owes me a Credit (Cr.) Balance of        $

     b.    I owe the Broker a Debit (Dr.) Balance of        $

     c.    If you wish to repay the Debit Balance,

          please insert the amount you wish to repay and

          attach a check payable to "Irving H. Picard, Esq.,

          Trustee for Bernard L. Madoff Investment Securities LLC."

          If you wish to make a payment, it must be enclosed

          with this claim form.        $

     d.    If balance is zero, insert "None."

1

2.        Claim for securities as of December 11, 2008:

**PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.**

|  |  | <u>YES</u> | <u>NO</u> |
|---|---|---|---|
| a. | The Broker owes me securities | X ———— | ———— |
| b. | I owe the Broker securities | ———— | ———— |
| c. | If yes to either, please list below: **PLEASE SEE ATTACHED ADDENDUM A** | | |

| Date of Transaction (trade date) | Name of Security | The Broker Owes Me (Long) | I Owe theBroker (Short) |
|---|---|---|---|
| | **PLEASE SEE ATTACHED ADDENDUM A** | ———— | ———— |
| ———— | ———————— | ———— | ———— |
| ———— | ———————— | ———— | ———— |
| ———— | ———————— | ———— | ———— |
| ———— | ———————— | ———— | ———— |

Number of Shares or <u>Face Amount of Bonds</u>

Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclose, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation. You should also provide all documentation or information regarding any withdrawals you have ever made or payments received from the Debtor.

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement. If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.

NOTE:   IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION
ON A SIGNED ATTACHMENT. IF SUFFICIENT DETAILS ARE NOT
PROVIDED, THIS CLAIM FORM WILL BE RETURNED FOR YOUR
COMPLETION.

|  |  | YES | NO |
|---|---|---|---|
| 3. | Has there been any change in your account since December 11, 2008? If so, please explain. |  | **X** |
| 4. | Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of the broker? |  |  |
| 5. | Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or policies of the broker? |  |  |
| 6. | Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in any way with the broker? If so, give name(s) |  |  |
| 7. | Is this claim being filed by or on behalf of a broker or dealer or a bank? If so, provide documentation with respect to each public customer on whose behalf you are claiming. |  | **X** |
| 8. | Have you ever given any discretionary authority to any person to execute securities transactions with or through the broker on your behalf? Give names, addresses and phone numbers. | **PLEASE SEE ATTACHED ADDENDUM A** |  |
| 9. | Have you or any member of your family ever filed a claim under the Securities Investor Protection Act of 1970? if so, give name of that broker. |  |  |

Please list the full name and address of anyone assisting you in the
preparation of this claim form: **Mount Yale Portfolio Advisors, LLC**

If you cannot compute the amount of your claim, you may file an estimated claim. In that case, please indicate your claim is an estimated claim.

IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM. CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.

THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY INFORMATION AND BELIEF.

Date _____    Signature _____

Date _____    Signature _____

(If ownership of the account is shared, all must sign above. Give each owner's name, address, phone number, and extent of ownership on a signed separate sheet. If other than a personal account, e.g., corporate, trustee, custodian, etc., also state your capacity and authority. Please supply the trust agreement or other proof of authority.)

This customer claim form must be completed and mailed promptly, together with supporting documentation, etc. to:

Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

4

## ADDENDUM A

TO:        TRUSTEE FOR BERNARD L. MADOFF INVESTMENT SECURITIES LLC

RE:        The Attached Customer Claim Form for **Aegis Holdings (Onshore) Inc. FBO The Beaumo
Master Fund, LLC**


Customer is a limited partner investor in Rye Select Broad Market Fund LP, a Delaware Limited Partnership (the "Rye Fund") for which Tremont Partners, Inc. (operating through its Rye Investment Management division) serves as sole general partner. Customer has been advised that the sole portfolio manager of the Rye Fund was Broker, and all brokerage and trading activity of the Rye Fund was conducted through a brokerage account with Broker.

**Customer is filing this customer claim in an unknown amount and for unknown securities because Customer cannot identify the exact nature of such securities or the value of such securities at this time based on the information available to it.** Customer's claim for securities as of December 11, 2008 consists of Customer's undivided proportionate share of the Rye Fund's cash and securities held by Broker as of such date, the details of which are not available to Customer at this time.

Attached hereto are the following documents evidencing Customer's investment and limited partnership interest in the Rye Fund as of December 11, 2008:

1) Confirmation of Customer's original investment ($1,200,000) was received by the Rye Fund on 4/30/2008 and the original investment (trade date) was made on 5/1/2008.

2) Confirmation of partial liquidation ("Trade Confirmation") dated July 31, 2008 is attached. It represents that $1,223,309.06 was delivered by Rye Funds to the Customer. However, while this amount represented the total economic value of the limited partnership interest as of that date, only $1,162,143.61 was received from Rye Funds on August 15, 2008. A statement from the Customer's bank, *Societe Generale*, verifying that this amount was redeemed and received by the Customer is attached. It is customary for funds ("Rye") to "hold back" a portion of redeeming limited partner capital until all expenses are fully booked and until an audit is complete. In this case, the "hold back" was **$61,165.45** which is the amount of this claim and the difference between the above mentioned numbers;

3) A copy of the December 19, 2008 letter from Rye that suspended i) the determination of NAV calculations, ii) redemptions from the Fund and iii) payment of withdrawal proceeds;

4) A copy of the letter from Rye dated January 14, 2009 that assigns a value of $0 to your investment;

5) Three trade confirmations from Rye: 1) Confirmation of Cash Receipt, 2) Confirmation of Intent and 3) Trade Confirmation.



BNY ALTERNATIVE INVESTMENT
SERVICES, INC.
101 Barclay Street, 20th Floor West
New York, New York 10286
USA

02-May-2008

Aegis Holdings (Onshore) Inc. FBO The Beaumont Master Fund, LLC
1125 17th Street #1400
Denver, CO 80202
USA

## CONFIRMATION OF INTENT

Dear Investor,

We are pleased to confirm the receipt of your notice of intent to invest into Rye Select Broad Market Fund, LP.  The details below confirm the specifics of the transaction.  Your transaction will not be executed until all requisite documentation has been received in good order, adequate funds have been received and your eligibility as an investor in Rye Select Broad Market Fund, LP has been confirmed.  If you have not already done so, please send original documentation via courier.

Please take a moment to review this confirmation to ensure that all details pertaining to this transaction and your account are correct.  If any discrepancies are identified please contact our Investor Services Group as described below.

Per your instructions a copy of this confirmation has been sent to Rob O'Connell at Societe Generale.

## ACTIVITY CONFIRMED

Details

| | |
|---|---|
| Action Confirmed: | Notice Received |
| Action Pending: | Buy |
| Amount: | 1,200,000.00         USD |
| Dealing Date: | 1-May-2008 |
| Security: | Rye Select Broad Market Fund, LP |

| ACCOUNT INFORMATION | | INVESTOR INQUIRIES | |
|---|---|---|---|
| Acct. Name | Aegis Holdings (Onshore) Inc. FBO The Beaumont Master Fund, LLC | Telephone | 212.815.4090 |
| Acct. Number | 01-2008-00006048 | Facsimile | 212.644.6669 |
| Telephone | 303-382-2880 | Email | AISOnline_NY@bankofny.com |
| Facsimile | 303-382-2888 | Web | www.fundadmin.com |
| Email | kimberly.matzdorff@mtyale.com | | |



BNY ALTERNATIVE INVESTMENT
SERVICES, INC.
101 Barclay Street, 20th Floor West
New York, New York 10286
USA

05-May-2008

**Aegis Holdings (Onshore) Inc. FBO The Beaumont Master Fund, LLC**
**1125 17th Street #1400**
**Denver, CO 80202**
**USA**

## CONFIRMATION OF CASH RECEIPT

Dear Investor,

We are pleased to confirm the receipt of your proceeds on behalf of Rye Select Broad Market Fund, LP. The details below confirm the specifics of the transaction. Your proceeds will not be invested until all requisite documentation has been received in good order and your eligibility as an investor in Rye Select Broad Market Fund, LP has been confirmed.

Please take a moment to review this confirmation to ensure that all details pertaining to this transaction and your account are correct. If any discrepancies are identified please contact our Investor Services Group as described below.

Per your instructions a copy of this confirmation has been sent to Greg David Anderson and Rob O'Connell at Societe Generale.

## ACTIVITY CONFIRMED

**Details**

| | | |
|---|---|---|
| Action | Cash Received | |
| Date Received | 30-Apr-2008 | |
| Amount Local | 1,200,000.00 | USD |
| Amount Base | 1,200,000.00 | USD |

**To Be Applied**

| | |
|---|---|
| Dealing Date | 01-May-2008 |
| Security | Rye Select Broad Market Fund, LP |

| ACCOUNT INFORMATION | | INVESTOR INQUIRIES | |
|---|---|---|---|
| Acct. Name | Aegis Holdings (Onshore) Inc. FBO The Beaumont Master Fund, LLC | Telephone | 212.815.4090 |
| Acct. Number | 01-2008-00006048 | Facsimile | 212.644.6669 |
| Telephone | 303-382-2880 | | |
| Facsimile | 303-382-2888 | Email | AISOnline_NY@bankofny.com |
| Email | kimberly.matzdorff@mtyale.com | Web | www.fundadmin.com |



Investment Management

A Division of Tremont Group Holdings, Inc.

BNY ALTERNATIVE INVESTMENT
SERVICES, INC.
101 Barclay Street, 20th Floor West
New York, New York 10286
USA

Fax:    646-365-4764
E-mail: us-fundinfo@sgcib.com

08-May-2008

Societe Generale
Rob O'Connell
1221 Avenue of the Americas, 6th floor
New York, NY 10020
USA

## TRADE CONFIRMATION

Dear Investor,

We are pleased to confirm your investment into Rye Select Broad Market Fund, LP. The details below confirm the specifics of the transaction executed on your behalf.

Please take a moment to review this confirmation to ensure that all details pertaining to this transaction and your account are correct.  If any discrepancies are identified please contact our Investor Services Group as described below.

## ACTIVITY CONFIRMED

| Security | Rye Select Broad Market Fund, LP | | |
|---|---|---|---|
| **Details** | | **Contributions** | |
| Action | Buy | Gross Contribution | 1,200,000.00 |
| Dealing Date | 1-May-2008 | Sales Charge/Interest Payment | 0.00 |
| Base Currency | USD | Net Contribution | 1,200,000.00 |
| Lot Ref. Number | | | |

| ACCOUNT INFORMATION | | INVESTOR INQUIRIES | |
|---|---|---|---|
| **Acct. Name** | Aegis Holdings (Onshore) Inc. FBO The Beaumont Master Fund, LLC | **Telephone** | 212.815.4090 |
| **Acct. Number** | 01-2008-00006048 | **Facsimile** | 212.644.6669 |
| **Telephone** | 303-382-2880 | **Email** | AISOnline_NY@bankofny.com |
| **Facsimile** | 303-382-2888 | **Web** | www.fundadmin.com |
| **Email** | kimberly.matzdorff@mtyale.com | | |



BNY ALTERNATIVE INVESTMENT
SERVICES, INC.
101 Barclay Street, 20th Floor West
New York, New York 10286
USA

**Fax:**    303-670-9189
**E-mail:** greg.anderson@mtyale.com

12-Aug-2008

**Greg David Anderson**
**3662 Overlook Trail**
**Evergreen, CO 80439**
**USA**

## TRADE CONFIRMATION

Dear Investor,

This notice confirms the sale of your interest in Rye Select Broad Market Fund, LP. The details below confirm the specifics of the transaction executed on your behalf.

Please take a moment to carefully review this confirmation to ensure that all details pertaining to this transaction and your account are correct.  If any discrepancies are identified please contact our Investor Services Group as described below.

## ACTIVITY CONFIRMED

| Security | Rye Select Broad Market Fund, LP | | | |
|---|---|---|---|---|
| **Details** | | | **Proceeds** | |
| Action | Sale | | Gross Proceeds | 1,223,309.06 |
| | | | Sales Charge | 0.00 |
| Dealing Date | | 31-Jul-2008 | | |
| | | | Net Proceeds | 1,223,309.06 |
| Base Currency | | USD | | |

| ACCOUNT INFORMATION | | INVESTOR INQUIRIES | |
|---|---|---|---|
| **Acct. Name** | Aegis Holdings (Onshore) Inc. FBO The Beaumont Master Fund, LLC | **Telephone** | 212.815.4090 |
| **Acct. Number** | 01-2008-00006048 | **Facsimile** | 212.644.6669 |
| **Telephone** | 303-382-2880 | **Email** | AISOnline_NY@bankofny.com |
| **Facsimile** | 303-382-2888 | **Web** | www.fundadmin.com |
| **Email** | joseph.mallen@mtyale.com | | |

**SOCIETE GENERALE**
Corporate & Investment Banking

**CASH SUMMARY REPORT**

| DEAL | | | | CASH DETAILS | |
|------|--|--|--|--------------|--|
| Account Name | | Beaumont Master Fund LLC,The | Opening Balance as of | | 01-Aug-2008 |
| Account Number | | | Statement Period Credits | | |
| Statement Period | 01-Aug-2008 | - | 29-Aug-2008 | Statement Period Debits | |
| | | | | Net Activity | |
| | | | | Closing Balance as of | 29-Aug-2008 |

| VALUE DATE | AMOUNT | TYPE | COMMENTS |
|------------|--------|------|----------|

**REDACTED**

**REDACTED**

**Total Activity**

Free credit balances are available to you on request.    Unless otherwise instructed by you to invest free credit    balances in money market funds specified by you, free credit balances may be used by SG to the extent permitted by Federal regulations and are not segregated.

Free credit balances invested in money market funds are NOT insured by the FDIC or any other government entity and are NOT deposits or other obligations of, or guaranteed by, SG, or any of its affiliates (unless explicitly stated otherwise).    Although all figures shown are intended to be accurate, statement data should not be used for tax purposes.    SG is required by law to report to the Internal Revenue Service certain interest, dividend income and sales proceeds credited to your account.

# CUSTOMER CLAIM

Claim Number_____

Date Received_____

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

### In Liquidation

### DECEMBER 11, 2008

(Please print or type)

Name of Customer: **Aegis Holdings (Onshore) Inc. FBO The Beaumont Master Fund, LLC**
Mailing Address: 1125 Seventeenth Street, Suite 1400
City: Denver,       State: CO     Zip: 80202
Account No.: 01-2008-00006048
Taxpayer I.D. Number (Social Security No.): 26-1677594

NOTE:   BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY
THE ACCOMPANYING INSTRUCTION SHEET.  A SEPARATE CLAIM FORM
SHOULD BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL
PROTECTION AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE
RECEIVED BY THE TRUSTEE ON OR BEFORE March 4, 2009.  CLAIMS
RECEIVED AFTER THAT DATE, BUT ON OR BEFORE July 2, 2009, WILL BE
SUBJECT TO DELAYED PROCESSING AND TO BEING SATISFIED ON TERMS
LESS FAVORABLE TO THE CLAIMANT.  PLEASE SEND YOUR CLAIM FORM BY
CERTIFIED MAIL - RETURN RECEIPT REQUESTED.

*************************************************************************

1.   Claim for money balances as of December 11, 2008:

    a.   The Broker owes me a Credit (Cr.) Balance of        $

    b.   I owe the Broker a Debit (Dr.) Balance of            $

    c.   If you wish to repay the Debit Balance,

        please insert the amount you wish to repay and

        attach a check payable to "Irving H. Picard, Esq.,

        Trustee for Bernard L. Madoff Investment Securities LLC."

        If you wish to make a payment, it must be enclosed

        with this claim form.                                          $

    d.   If balance is zero, insert "None."

1

2.      Claim for securities as of December 11, 2008:

**PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.**

|   |   | <u>YES</u> | <u>NO</u> |
|---|---|---|---|
| a. | The Broker owes me securities | X _____ | _____ |
| b. | I owe the Broker securities | _____ | _____ |

c.      If yes to either, please list below: **<u>PLEASE SEE ATTACHED ADDENDUM A</u>**

| Date of Transaction (trade date) | Name of Security | Number of Shares or <u>Face Amount of Bonds</u> | |
|---|---|---|---|
| | | The Broker Owes Me (Long) | I Owe theBroker (Short) |
| | **<u>PLEASE SEE ATTACHED ADDENDUM A</u>** | | |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclose, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation. You should also provide all documentation or information regarding any withdrawals you have ever made or payments received from the Debtor.

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement. If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.

NOTE:    IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION
ON A SIGNED ATTACHMENT. IF SUFFICIENT DETAILS ARE NOT
PROVIDED, THIS CLAIM FORM WILL BE RETURNED FOR YOUR
COMPLETION.

<u>YES</u>          <u>NO</u>

3.    Has there been any change in your account since          **X**
December 11, 2008?  If so, please explain.          ————          ————

4.    Are you or were you a director, officer,
partner, shareholder, lender to or capital
contributor of the broker?          ————          ————

5.    Are or were you a person who, directly or
indirectly and through agreement or
otherwise, exercised or had the power to
exercise a controlling influence over the
management or policies of the broker?          ————          ————

6.    Are you related to, or do you have any
business venture with, any of the persons
specified in "4" above, or any employee
or other person associated in any way
with the broker?  If so, give name(s)          .————          ————

7.    Is this claim being filed by or on behalf
of a broker or dealer or a bank?  If so,

provide documentation with respect to          **X**
each public customer on whose behalf you
are claiming.          ————          ————

8.    Have you ever given any discretionary
authority to any person to execute    **PLEASE SEE ATTACHED ADDENDUM A**
securities transactions with or through
the broker on your behalf?  Give names,          ————          ————
addresses and phone numbers.

9.    Have you or any member of your family
ever filed a claim under the Securities
Investor Protection Act of 1970?  if          ————          ————
so, give name of that broker.

Please list the full name and address of anyone assisting you in the
preparation of this claim form: **Mount Yale Portfolio Advisors, LLC**

3

If you cannot compute the amount of your claim, you may file an estimated claim. In that case, please indicate your claim is an estimated claim.

IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM. CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.

THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY INFORMATION AND BELIEF.

Date _____    Signature _____

Date _____    Signature _____

(If ownership of the account is shared, all must sign above. Give each owner's name, address, phone number, and extent of ownership on a signed separate sheet. If other than a personal account, e.g., corporate, trustee, custodian, etc., also state your capacity and authority. Please supply the trust agreement or other proof of authority.)

This customer claim form must be completed and mailed promptly, together with supporting documentation, etc. to:

Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

# ADDENDUM A

TO:      TRUSTEE FOR BERNARD L. MADOFF INVESTMENT SECURITIES LLC

RE:      The Attached Customer Claim Form for **Aegis Holdings (Onshore) Inc. FBO The Beaumont Master Fund, LLC**

Customer is a limited partner investor in Rye Select Broad Market Prime Fund, LP, a Delaware Limited Partnership (the "Rye Fund") for which Tremont Partners, Inc. (operating through its Rye Investment Management division) serves as sole general partner. Customer has been advised that the sole portfolio manager of the Rye Fund was Broker, and all brokerage and trading activity of the Rye Fund was conducted through a brokerage account with Broker.

**Customer is filing this customer claim in an unknown amount and for unknown securities because Customer cannot identify the exact nature of such securities or the value of such securities at this time based on the information available to it.** Customer's claim for securities as of December 11, 2008 consists of Customer's undivided proportionate share of the Rye Fund's cash and securities held by Broker as of such date, the details of which are not available to Customer at this time.

Attached hereto are the following documents evidencing Customer's investment and limited partnership interest in the Rye Fund as of December 11, 2008:

6) Confirmation of Customer's original investment ($850,000) was received by the Rye Fund on 6/30/2008 and the original investment (trade date) was made on 7/1/2008.

7) A statement of Customer's limited partnership interest in the Rye Fund as of 10/31/2008 (the latest statement provided by the Rye Fund to its limited partner investors) which was **$880,052.49;**

8) A copy of the December 19, 2008 letter from Rye that suspended i) the determination of NAV calculations, ii) redemptions from the Fund and iii) payment of withdrawal proceeds;

9) A copy of the letter from Rye dated January 14, 2009 that assigns a value of $0 to your investment;

10) Three trade confirmations from Rye: 1) Confirmation of Cash Receipt, 2) Confirmation of Intent and 3) Trade Confirmation.



BNY ALTERNATIVE INVESTMENT
SERVICES, INC.
101 Barclay Street, 20th Floor West
New York, New York 10286
USA

Fax:       --

E-mail:  jason.vanthiel@mtyale.com                                    01-Jul-2008

**Jason  Vanthiel**

-

- -

**USA**

---

## CONFIRMATION OF INTENT

Dear Investor,

We are pleased to confirm the receipt of your notice of intent to invest into Rye Select Broad Market Prime Fund, L.P.  The details below confirm the specifics of the transaction.  Your transaction will not be executed until all requisite documentation has been received in good order, adequate funds have been received and your eligibility as an investor in Rye Select Broad Market Prime Fund, L.P. has been confirmed.  If you have not already done so, please send original documentation via courier.

Please take a moment to review this confirmation to ensure that all details pertaining to this transaction and your account are correct.  If any discrepancies are identified please contact our Investor Services Group as described below.

---

## ACTIVITY CONFIRMED

**Details**

| | |
|---|---|
| Action Confirmed: | Notice Received |
| Action Pending: | Buy |
| Amount: | 850,000.00          USD |
| Dealing Date: | 1-Jul-2008 |
| Security: | Rye Select Broad Market Prime Fund, L.P. |

---

| ACCOUNT INFORMATION | INVESTOR INQUIRIES |
|---|---|

| | | | |
|---|---|---|---|
| **Acct. Name** | Aegis Holdings (Onshore) Inc. FBO The Beaumont Master Fund, LLC | **Telephone** | 212.815.4090 |
| **Acct. Number** | 01-2008-00006048 | **Facsimile** | 212.644.6669 |
| **Telephone** | 303-382-2880 | **Email** | AISOnline_NY@bankofny.com |
| **Facsimile** | 303-382-2888 | **Web** | www.fundadmin.com |
| **Email** | kimberly.matzdorff@mtyale.com | | |



**R Y E**
Investment Management

A Division of Tremont Group Holdings, Inc.

BNY ALTERNATIVE INVESTMENT
SERVICES, INC.
101 Barclay Street, 20th Floor West
New York, New York 10286
USA

Fax:        —
E-mail:  jason.vanthiel@mtyale.com

07-Jul-2008

**Jason  Vanthiel**
-
- -
**USA**

## CONFIRMATION OF CASH RECEIPT

Dear Investor,

We are pleased to confirm the receipt of your proceeds on behalf of Rye Select Broad Market Prime Fund, L.P.  The details below confirm the specifics of the transaction. Your proceeds will not be invested until all requisite documentation has been received in good order and your eligibility as an investor in Rye Select Broad Market Prime Fund, L.P. has been confirmed.

Please take a moment to review this confirmation to ensure that all details pertaining to this transaction and your account are correct.  If any discrepancies are identified please contact our Investor Services Group as described below.

## ACTIVITY CONFIRMED

**Details**

| | | |
|---|---|---|
| Action | Cash Received | |
| Date Received | 30-Jun-2008 | |
| Amount Local | 850,000.00 | USD |
| Amount Base | 850,000.00 | USD |

**To Be Applied**

| | |
|---|---|
| Dealing Date | 01-Jul-2008 |
| Security | Rye Select Broad Market Prime Fund, L.P. |

| ACCOUNT INFORMATION | | INVESTOR INQUIRIES | |
|---|---|---|---|
| **Acct. Name** | Aegis Holdings (Onshore) Inc. FBO The Beaumont Master Fund, LLC | **Telephone** | 212.815.4090 |
| **Acct. Number** | 01-2008-00006048 | **Facsimile** | 212.644.6669 |
| **Telephone** | 303-382-2880 | **Email** | AISOnline_NY@bankofny.com |
| **Facsimile** | 303-382-2888 | **Web** | www.fundadmin.com |
| **Email** | kimberly.matzdorff@mtyale.com | | |



**R Y E**
Investment Management

A Division of Tremont Group Holdings, Inc.

BNY ALTERNATIVE INVESTMENT
SERVICES, INC.
101 Barclay Street, 20th Floor West
New York, New York 10286
USA

Fax:         --
E-mail: jason.vanthiel@mtyale.com

23-Jul-2008

**Jason  Vanthiel**
-
- -
**USA**

## TRADE CONFIRMATION

Dear Investor,

We are pleased to confirm your investment into Rye Select Broad Market Prime Fund, L.P. The details below confirm the specifics of the transaction executed on your behalf.

Please take a moment to review this confirmation to ensure that all details pertaining to this transaction and your account are correct.  If any discrepancies are identified please contact our Investor Services Group as described below.

## ACTIVITY CONFIRMED

**Security**         Rye Select Broad Market Prime Fund, L.P.

| **Details** | | **Contributions** | |
|---|---|---|---|
| Action | Buy | Gross Contribution | 850,000.00 |
| Dealing Date | 1-Jul-2008 | Sales Charge/Interest Payment | 0.00 |
| Base Currency | USD | Net Contribution | 850,000.00 |
| Lot Ref. Number | | | |

| ACCOUNT INFORMATION | | INVESTOR INQUIRIES | |
|---|---|---|---|
| **Acct. Name** | Aegis Holdings (Onshore) Inc. FBO The Beaumont Master Fund, LLC | **Telephone** | 212.815.4090 |
| **Acct. Number** | 01-2008-00006048 | **Facsimile** | 212.644.6669 |
| **Telephone** | 303-382-2880 | **Email** | AISOnline_NY@bankofny.com |
| **Facsimile** | 303-382-2888 | **Web** | www.fundadmin.com |
| **Email** | joseph.mallen@mtyale.com | | |



COPY

BNY ALTERNATIVE INVESTMENT
SERVICES, INC.
101 Barclay Street
20th Floor West
New York, New York 10286
USA

## CLIENT STATEMENT

Jason Vanthiel
-
- -
USA

**A/C Number:** 00-1200-800006048
**Period Beginning:** 01-Oct-2008
**Period Ending:** 31-Oct-2008
**Fax Number:**
**E-Mail:** jason.vanthiel@mtyale.com

This statement is being provided to you at the request of Aegis Holdings (Onshore) Inc. FBO The Beaumont Master Fund, LLC

### PERFORMANCE SUMMARY

| Security | % Change | |
|---|---|---|
| | Period to Date | Year to Date |
| Rye Select Broad Market Prime Fund, L.P. | -0.12% | 3.54% |

### PERIOD ACTIVITY

| Security | Net Opening Capital | Contribution | Net Income / (Loss) | Withdrawals / Trans / ReReg | Net Closing Capital |
|---|---|---|---|---|---|
| Rye Select Broad Market Prime Fund, L.P. | 881,071.16 | 0.00 | (1,018.67) | 0.00 | 880,052.49 |
| **Totals** | 881,071.16 | 0.00 | (1,018.67) | 0.00 | 880,052.49 |

### DISCLOSURE NOTES

· % Change results are Net of all fees.
· Year To Date change is based on Calendar Year which ends on December 31st.
· All values are in USD.
· This information is not intended to be used for tax reporting or planning.
· This information is unaudited. Audited statements are issued upon conclusion of the fiscal year end audit.
· The Fund's net asset value has been calculated on the basis of market value information with respect to the Fund's portfolio obtained from third parties, including independent pricing vendors, the Fund's manager and administrators of funds in which the Fund may have invested. BNY-AIS does not give any assurances with respect to the accuracy of such market value information.
· Past performance as described herein is not necessarily indicative of future results.
· The Bank of New York acts as custodian with respect to cash. With respect to the portfolio's investments, such investments have been and will continue to be custodian for the benefit of the portfolio at Bernard L. Madoff Investment Securities LLC, 885 Third Avenue, New York, NY, 10022.
· Additional information is available at www.ryeselectfunds.com.

### INVESTOR INQUIRIES

**Telephone:** 212.815.4090    **Facsimile:** 212.644.6669    **Email:** AISOnline_NY@bankofny.com    **Web:** www.fundadmin.com

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation
### DECEMBER 11, 2008[1]


### NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

December 8, 2009

AEGIS HOLDINGS (ONSHORE) INC FBO THE BEAUMONT MASTER FUND, LLC
1125 SEVENTEENTH ST SUITE 1400
DENVER, CO 80202


Dear AEGIS HOLDINGS (ONSHORE) INC FBO THE BEAUMONT MASTER FUND, LLC:

### PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC
("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities
Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order
entered on December 15, 2008 by the United States District Court for the Southern
District of New York.

The Trustee has made the following determination regarding your claim designated as
Claim No. 006563:

Based on a review of available books and records of BLMIS by the Trustee's staff, you
did not have an account with BLMIS. Because you did not have an account, you are
not a customer of BLMIS under SIPA as that term is defined at 15 U.S.C. § 78*lll* (2).
Accordingly, your Claim for securities and/or a credit balance is **DENIED**.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing
before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition,
setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-
1789 (BRL) and attaching copies of any documents in support of your position, with
the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after
December 8, 2009, the date on which the Trustee mailed this notice.

------------------------------

[1] Section 78*lll*(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree
is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States
court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was
commenced before the date on which such application was filed, the term 'filing date' means the date on which
such proceeding was commenced." Section 78*lll*(7)(B). Thus, even though the Application for a protective decree
was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York 10004

and

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
Attn: Claims Department
45 Rockefeller Plaza
New York, New York 10111

**Irving H. Picard**

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

# BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

## DECEMBER 11, 2008[1]

## NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

December 8, 2009

AEGIS HOLDINGS (ONSHORE) INC. FBO THE BEAUMONT MASTER FUND, LLC
1125 SEVENTEENTH STREET, SUITE 1400
DENVER, CO  80202

Dear AEGIS HOLDINGS (ONSHORE) INC. FBO THE BEAUMONT MASTER FUND, LLC:

## PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim designated as Claim No. 005888:

Based on a review of available books and records of BLMIS by the Trustee's staff, you did not have an account with BLMIS. Because you did not have an account, you are not a customer of BLMIS under SIPA as that term is defined at 15 U.S.C. § 78lll (2). Accordingly, your Claim for securities and/or a credit balance is **DENIED**.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after December 8, 2009, the date on which the Trustee mailed this notice.

-------------------------------

[1] Section 78lll(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78lll(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York 10004

and

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
Attn: Claims Department
45 Rockefeller Plaza
New York, New York 10111

**Irving H. Picard**

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC