FAEGRE & BENSON LLP
2200 Wells Fargo Center
90 South 7th Street
Minneapolis, MN 55402
(612) 766-7000
Fax: (612) 766-1600
Leif T. Simonson (LS-6568)
lsimonson@faegre.com

*Attorneys for Mount Yale Highland Fund:*
*A Series of Mount Yale Master Portfolios, LP*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Securities Investor Protection Corporation, | **Bankruptcy Case No. 08-01789 (BRL)** |
| Plaintiff, | SIPA Liquidation |
| vs. | **OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM** |
| Bernard L. Madoff Investment Securities LLC, | |
| Defendant. | |

Mount Yale Highland Fund: A Series of Mount Yale Master Portfolios, LP

("Claimant"), by its attorneys, Faegre & Benson LLP, hereby objects to the denial of its

claim in the Notice of Trustee's Determination of Claim dated December 8, 2009,[1] and states

as follows:

1.  On or about November 1, 2008 Claimant made an initial investment of

---

[1] A copy of Claimant's claim and certain of its attachments is attached as **Exhibit A**. A copy of the Trustee's Determination of Claim is attached as **Exhibit B**.

$250,000.00 into Rye Select Broad Market Fund, L.P. (the "Rye Fund"). As of November 30, 2008, the statement from the Rye Fund valued the investment at $254,464.98.

2.     All of the funds that Claimant invested in the Rye Fund were invested in Bernard L. Madoff Investment Securities LLC ("BLMIS").

3.     Upon information and belief, the investment in the Rye Fund is now valued at zero.

4.     On or about December 11, 2008, the above-captioned liquidation proceeding was commenced against BLMIS, pursuant to the Securities Investor Protection Act ("SIPA"), 15 U.S.C. § 78aaa *et seq*.

5.     On or about December 15, 2008, jurisdiction of this matter was transferred to the United States Bankruptcy Court for the Southern District of New York, and Irving Picard was appointed as Trustee.

6.     Pursuant to the SIPA, Trustee Picard was directed to oversee the liquidation of the assets of BLMIS and to process all claims against Defendant BLMIS, and the Debtor Bernard L. Madoff. *See* 15 U.S.C. § 78fff-1(a).

7.     By order of this Court dated December 23, 2008, the Trustee was directed to disseminate notice and claim forms to all former BLMIS customers setting forth claim-filing deadlines. *See* Order entered at Dkt. No. 12. The Order directed the Trustee to "notify such claimant by mail of his determination that the claim is disallowed, in whole or in part, and the reason therefore . . ."

8.     In February 2009, prior to the claims filing deadline, Claimant duly filed a customer claim with the Trustee for its unreturned investment in the Rye Fund. This claim has apparently been designated as Claim No. 005886.

-2-

9. By Notice of Trustee's Determination of Claim dated December 8, 2009, the Trustee notified Claimant that its claim had been denied on the following basis:

> Based on a review of available books and records of BLMIS by the Trustee's staff, you did not have an account with BLMIS. Because you did not have an account, you are not a customer of BLMIS under SIPA as that term is defined at 15 U.S.C. § 78*lll*(2). Accordingly, your Claim for securities and/or a credit balance is **DENIED**.

10. By this Notice of Objection, Claimant does hereby formally object to the determination by the Trustee.

11. <u>First Objection</u>: The Trustee's determination fails to comply with the December 23, 2008 Order of the Court which directed the Trustee to satisfy customer's claims in accordance with the Debtor's books and records or which "are otherwise established to the satisfaction of the Trustee." *See* Dkt. No. 12 at 5. The Claimant's claim included proper documentation of the amount owed to Claimant. Accordingly, the claim should be allowed in full.

12. <u>Second Objection</u>: Contrary to the determination of the Trustee, Claimant is a "customer" as provided for by the Securities Investor Protection Act. As such, it is entitled to receive SIPC insurance. Section 78*lll*(2) of the SIPA defines "customer" as "any person who has deposited cash with the debtor for the purpose of purchasing securities."[2] *Sec.*

---

[2] The statute provides that:
> The term "customer" of a debtor means any person (including any person with whom the debtor deals as principal or agent) who has a claim on account of securities received, acquired, or held by the debtor in the ordinary course of its business as a broker or dealer from or for the securities accounts of such person for safekeeping, with a view to sale, to cover consummated sales, pursuant to purchases, as collateral security, or for purposes of effecting transfer. The term "customer" includes any person who has a claim against the debtor arising out of sales or conversions of such

(continued on next page)

*Investor Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC*, 401 B.R. 629, 635 (Bankr. S.D.N.Y. 2009) ("the mere act of entrusting . . . cash to the debtor for the purpose of effecting securities transactions . . . triggers customer status . . ..") (alterations in original) (citations omitted). Apparently, the Trustee has taken the position that the fact that Claimant deposited funds with BLMIS indirectly is fatal to its claim as a "customer" under SIPA. This position is incorrect.

13. Under SIPA, the term "customer" is a term of art, and does not have its ordinary and customary meaning. *Arford v. Miller*, 239 B.R. 698, 701 (S.D.N.Y. 1999), *aff'd sub nom. In re Stratton Oakmont*, 210 F.3d 420 (2d Cir. 2000) (citations omitted). It is to be construed within the context of the definitional section of SIPA, and as interpreted by the courts.

14. The statute does not require that one have a direct relationship with the subject broker to be considered a "customer" under SIPA. All the plain language of the statute requires is that (a) the claim against the debtor arose out of sales or conversion of securities, and (b) that the customer made deposits with the fiduciary of cash or securities. *See* 15 U.S.C. § 78*lll*(2). The legislative history of SIPA supports this interpretation.

15. SIPA was enacted by Congress as remedial legislation to be liberally construed to effect the purpose of protecting the investments of customers of broker-dealers and investment advisers. *See In re First State Securities Corp.*, 34 B.R. 492, 496 (Bankr.

---

(continued from previous page)

    securities, and any person who has deposited cash with the debtor for the purpose of purchasing securities, . . .

15 U.S.C. § 78*lll*(2).

-4-

S.D. Fla. 1983) (citing *Tcherepnin v. Knight*, 389 U.S. 332 (1967)).  The fundamental purpose of SIPA was to protect the public in the event that the entities with whom they dealt with went bankrupt, or were otherwise unable to satisfy their customer agreements.  *See SEC v. S.J. Salmon & Co., Inc.*, 375 F. Supp. 867, 871 (S.D.N.Y. 1974) ("The principal purpose of the [Securities Investor Protection] Act was to protect investors against financial losses arising from the insolvency of their brokers.") (citing H. Rep. No. 91-1613, at 1970 U.S. Code Cong. and Adm. News p. 5254 et seq.).

16.    The statute does not mandate that the funds or securities received by the debtor were received "directly" by the customer.  Had this been a requirement, Congress would have so required it.  Indeed, Section 9 of SIPA covering advances by SIPC to the bankruptcy trustee states that:

> no advance shall be made by SIPC to the trustee to pay or otherwise satisfy any net equity claim of any customer who is a broker or dealer or bank, <u>other than to the extent that it shall be established to the satisfaction of the trustee</u>, from the books and records of the debtor or from the books and records of a broker or dealer or bank, or otherwise, <u>that the net equity claim</u> of such broker or dealer or bank against the debtor <u>arose out of transactions for customers of such broker or dealer or bank . . ., in which event each such customer of such broker or dealer or bank shall be deemed a separate customer of the debtor</u>.

15 U.S.C. § 78fff-3(a)(5) (emphasis added).

17.    Whether a claimant is a "customer" does not depend upon to whom he or she or it "handed her cash or made her check payable, or even where the funds were initially deposited." *In re Old Naples Sec., Inc.*, 223 F.3d 1296, 1302 (11th Cir. 2000).  "Instead, the question is whether there was 'actual receipt, acquisition or possession of the property of a claimant by the brokerage firm under liquidation.'" *Id.* (citing *In re Stalvey & Assoc., Inc.*, 750 F.2d 464, 469 (5th Cir. 1985) (quoting *SEC v. Kenneth Bove & Co.*, 378 F. Supp. 697,

700 (S.D.N.Y. 1974)). Here, Claimant can show that there was "actual receipt, acquisition or possession" of its property by the Debtor.

18. As this cause of action arose in New York, and New York law is applicable, Claimant is entitled to interest on all of the funds deposited with BLMIS at the statutory rate. New York CPLR § 5004, New York General Oblig. L. § 5-501 *et seq*. Furthermore, as the actions by BLMIS arose out of conversion and fraud, Claimant is entitled to pre-judgment interest. New York CPLR § 5001(a). *See also Singapore Recycle Centre Pte Ltd. v. Kad Int'l*, 2009 WL 2424333 at *20 (E.D.N.Y. 2009).

19. Claimant reserves all rights under Rule 9014 of the Federal Rules of Bankruptcy Procedure, including, but not limited to, all rights of discovery.

20. Claimant reserves the right to amend, alter, revise, or supplement this Objection; any failure to object on a particular procedural or substantive ground shall not be deemed a waiver of any such rights, all of which are hereby reserved.

21. In the event that the Court does not allow Claimant's claim as a "customer" claim, it should nevertheless allow Claimant's claim as a general unsecured creditor claim.

## RELIEF REQUESTED

22. For the reasons set forth herein, the Court should find Claimant is a "customer" within the definition of 15 U.S.C. § 78*lll*(2).

23. For the reasons set forth herein, the Court should overrule the Trustee's determination and find that Claimant should have its claims allowed in full to the extent covered by SIPC.

24. In the event that the Court does not allow Claimant's claim as a customer claim, it should nevertheless allow the claim as a general unsecured creditor claim.

-6-

25. For the reasons set forth herein, the Court should direct the SIPC to issue immediate payment to Claimant of all of its unreturned investment in the Rye Fund (*i.e.*, $250,000.00), plus interest from the date of claim.

26. To the extent applicable, Claimant joins the in the objections of those other claimants similarly situated, and request such further relief as this Court shall deem fair and equitable.

Dated: January 6, 2010

          /s/ Leif T. Simonson
Leif T. Simonson (LS-6568)
FAEGRE & BENSON LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402-3901
(612) 766-7000
Facsimile: (612) 766-1600
LSimonson@faegre.com

*Attorneys for Mount Yale Highland Fund: A Series of Mount Yale Master Portfolios, LP*

fb.us.4702682.03

# CUSTOMER CLAIM

Claim Number_____

Date Received_____

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

### In Liquidation

### DECEMBER 11, 2008

(Please print or type)

Name of Customer: **Mount Yale Highland Fund: a series of Mount Yale Master Portfolios, L.P.**
Mailing Address: 1125 Seventeenth Street, Suite 1400
City: Denver,      State: CO    Zip: 80202
Account No.: 01-2008-00012447
Taxpayer I.D. Number (Social Security No.): 77-0675562

NOTE: BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY THE ACCOMPANYING INSTRUCTION SHEET. A SEPARATE CLAIM FORM SHOULD BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL PROTECTION AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE RECEIVED BY THE TRUSTEE ON OR BEFORE March 4, 2009. CLAIMS RECEIVED AFTER THAT DATE, BUT ON OR BEFORE July 2, 2009, WILL BE SUBJECT TO DELAYED PROCESSING AND TO BEING SATISFIED ON TERMS LESS FAVORABLE TO THE CLAIMANT. PLEASE SEND YOUR CLAIM FORM BY CERTIFIED MAIL - RETURN RECEIPT REQUESTED.

*************************************************************************

1. Claim for money balances as of December 11, 2008:

   a. The Broker owes me a Credit (Cr.) Balance of    $_____
   b. I owe the Broker a Debit (Dr.) Balance of       $_____
   c. If you wish to repay the Debit Balance,
      please insert the amount you wish to repay and
      attach a check payable to "Irving H. Picard, Esq.,
      Trustee for Bernard L. Madoff Investment Securities LLC."
      If you wish to make a payment, it must be enclosed
      with this claim form.                           $_____
   d. If balance is zero, insert "None."              _____

1

502180406

2.   Claim for securities as of December 11, 2008:

**PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.**

|     |                                                                  | YES | NO  |
|-----|------------------------------------------------------------------|-----|-----|
| a.  | The Broker owes me securities                                    | X   |     |
| b.  | I owe the Broker securities                                      |     |     |
| c.  | If yes to either, please list below: **PLEASE SEE ATTACHED ADDENDUM A** | | |

| Date of Transaction (trade date) | Name of Security | Number of Shares or Face Amount of Bonds | |
|---|---|---|---|
| | | The Broker Owes Me (Long) | I Owe the Broker (Short) |
| **PLEASE SEE ATTACHED ADDENDUM A** | | | |
| | | | |
| | | | |
| | | | |
| | | | |

Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclose, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation. You should also provide all documentation or information regarding any withdrawals you have ever made or payments received from the Debtor.

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement. If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.

502180406                                    2

NOTE: IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION ON A SIGNED ATTACHMENT. IF SUFFICIENT DETAILS ARE NOT PROVIDED, THIS CLAIM FORM WILL BE RETURNED FOR YOUR COMPLETION.

|   |   | YES | NO |
|---|---|---|---|
| 3. | Has there been any change in your account since December 11, 2008? If so, please explain. |  | X |
| 4. | Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of the broker? |  |  |
| 5. | Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or policies of the broker? |  |  |
| 6. | Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in any way with the broker? If so, give name(s) |  |  |
| 7. | Is this claim being filed by or on behalf of a broker or dealer or a bank? If so, provide documentation with respect to each public customer on whose behalf you are claiming. |  | X |
| 8. | Have you ever given any discretionary authority to any person to execute securities transactions with or through the broker on your behalf? Give names, addresses and phone numbers. | **PLEASE SEE ATTACHED ADDENDUM A** |  |
| 9. | Have you or any member of your family ever filed a claim under the Securities Investor Protection Act of 1970? if so, give name of that broker. |  |  |

Please list the full name and address of anyone assisting you in the preparation of this claim form: **Mount Yale Portfolio Advisors, LLC**

3

502180406

If you cannot compute the amount of your claim, you may file an estimated claim. In that case, please indicate your claim is an estimated claim.

IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM. CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.

THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY INFORMATION AND BELIEF.

Date _____    Signature _____

Date _____    Signature _____

(If ownership of the account is shared, all must sign above. Give each owner's name, address, phone number, and extent of ownership on a signed separate sheet. If other than a personal account, e.g., corporate, trustee, custodian, etc., also state your capacity and authority. Please supply the trust agreement or other proof of authority.)

This customer claim form must be completed and mailed promptly, together with supporting documentation, etc. to:

Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

4

# ADDENDUM A

TO:     TRUSTEE FOR BERNARD L. MADOFF INVESTMENT SECURITIES LLC

RE:     The Attached Customer Claim Form for **Mount Yale Highland Fund: a series of Mount Yale Master Portfolios, L.P.**

Customer is a limited partner investor in Rye Select Broad Market Fund LP, a Delaware Limited Partnership (the "Rye Fund") for which Tremont Partners, Inc. (operating through its Rye Investment Management division) serves as sole general partner. Customer has been advised that the sole portfolio manager of the Rye Fund was Broker, and all brokerage and trading activity of the Rye Fund was conducted through a brokerage account with Broker.

**Customer is filing this customer claim in an unknown amount and for unknown securities because Customer cannot identify the exact nature of such securities or the value of such securities at this time based on the information available to it.** Customer's claim for securities as of December 11, 2008 consists of Customer's undivided proportionate share of the Rye Fund's cash and securities held by Broker as of such date, the details of which are not available to Customer at this time.

Attached hereto are the following documents evidencing Customer's investment and limited partnership interest in the Rye Fund as of December 11, 2008:

1) Confirmation of Customer's original investment ($250000) was received by the Rye Fund on 10/30/2008 and the original investment (trade date) was made on 11/1/2008.

2) A statement of Customer's limited partnership interest in the Rye Fund as of 11/30/2008 (the latest statement provided by the Rye Fund to its limited partner investors) which was **$254464.98** ;

3) A copy of the December 19, 2008 letter from Rye that suspended i) the determination of NAV calculations, ii) redemptions from the Fund and iii) payment of withdrawal proceeds;

4) A copy of the letter from Rye dated January 14, 2009 that assigns a value of $0 to your investment;

5) Three trade confirmations from Rye: 1) Confirmation of Cash Receipt, 2) Confirmation of Intent and 3) Trade Confirmation.



Investment Management
A Division of Tremont Group Holdings, Inc.

BNY ALTERNATIVE INVESTMENT
SERVICES, INC.
101 Barclay Street, 20th Floor West
New York, New York 10286
USA

Fax: —
E-mail: jason.vanthiel@mtyale.com

07-Nov-2008

**Jason Vanthiel**
-
- -
USA

| **CONFIRMATION OF CASH RECEIPT** |
|---|
| Dear Investor, |
| We are pleased to confirm the receipt of your proceeds on behalf of Rye Select Broad Market Fund, LP. The details below confirm the specifics of the transaction. Your proceeds will not be invested until all requisite documentation has been received in good order and your eligibility as an investor in Rye Select Broad Market Fund, LP has been confirmed. |
| Please take a moment to review this confirmation to ensure that all details pertaining to this transaction and your account are correct. If any discrepancies are identified please contact our Investor Services Group as described below. |

| **ACTIVITY CONFIRMED** | | |
|---|---|---|
| **Details** | | |
| Action | Cash Received | |
| Date Received | 30-Oct-2008 | |
| Amount Local | 250,000.00 | USD |
| Amount Base | 250,000.00 | USD |
| **To Be Applied** | | |
| Dealing Date | 01-Nov-2008 | |
| Security | Rye Select Broad Market Fund, LP | |

| **ACCOUNT INFORMATION** | | **INVESTOR INQUIRIES** | |
|---|---|---|---|
| Acct. Name | Mount Yale Highland Fund: a series of Mount Yale Master Portfolios, L.P. | Telephone | 212.815.4090 |
| Acct. Number | 01-2008-00012447 | Facsimile | 212.644.6669 |
| Telephone | 303-382-2855 | Email | AISOnline_NY@bankofny.com |
| Facsimile | 952-897-5390 | | |
| Email | greg.anderson@mtyale.com | Web | www.fundadmin.com |



Investment Management
A Division of Tremont Group Holdings, Inc.

BNY ALTERNATIVE INVESTMENT SERVICES, INC.
101 Barclay Street, 20th Floor West
New York, New York 10286
USA

Fax: —
E-mail: jason.vanthiel@mtyale.com

18-Nov-2008

**Jason Vanthiel**
-
- -
USA

| CONFIRMATION OF INTENT |
|---|
| Dear Investor,<br><br>Please be advised that we are in receipt of your notice of intent to buy interests in Rye Select Broad Market Fund, LP. The details below are reflective of the transaction related direction that we have received as of the date of this notice. Please note that the execution of your transaction as detailed below is contingent upon actual receipt of all necessary documentation and acceptance and approval by the Fund or its authorized agent. If you have already provided such documentation, no further action on your part is required.<br><br>Please review this Notice carefully to ensure all details pertaining to this transaction and your account are accurate. If any discrepancies are identified please immediately contact our Investor Services Group as described below. |

| ACTIVITY CONFIRMED | |
|---|---|
| **Details** | |
| Action Confirmed: | Notice Received |
| Action Pending: | Buy |
| Amount: | 250,000.00     USD |
| Dealing Date: | 1-Nov-2008 |
| Security: | Rye Select Broad Market Fund, LP |

| ACCOUNT INFORMATION | | INVESTOR INQUIRIES | |
|---|---|---|---|
| **Acct. Name** | Mount Yale Highland Fund: a series of Mount Yale Master Portfolios, L.P. | Telephone | 212.815.4090 |
| **Acct. Number** | 01-2008-00012447 | Facsimile | 212.644.6669 |
| **Telephone** | 303-382-2855 | Email | AISOnline_NY@bankofny.com |
| **Facsimile** | 952-897-5390 | | |
| **Email** | greg.anderson@mtyale.com | Web | www.fundadmin.com |



BNY ALTERNATIVE INVESTMENT
SERVICES, INC.
101 Barclay Street, 20th Floor West
New York, New York 10286
USA

Fax: --

E-mail: jason.vanthiel@mtyale.com

24-Nov-2008

**Jason Vanthiel**
-
- -
USA

| TRADE CONFIRMATION |
|---|
| Dear Investor, |
| We are pleased to confirm your investment into Rye Select Broad Market Fund, LP. The details below confirm the specifics of the transaction executed on your behalf. |
| Please take a moment to review this confirmation to ensure that all details pertaining to this transaction and your account are correct. If any discrepancies are identified please contact our Investor Services Group as described below. |

## ACTIVITY CONFIRMED

**Security**     Rye Select Broad Market Fund, LP

**Details**

| | | | |
|---|---|---|---|
| Action | Buy | Gross Contribution | 250,000.00 |
| Dealing Date | 1-Nov-2008 | Sales Charge/Interest Payment | 0.00 |
| Base Currency | USD | Net Contribution | 250,000.00 |
| Lot Ref. Number | | | |

| ACCOUNT INFORMATION | | INVESTOR INQUIRIES | |
|---|---|---|---|
| Acct. Name | Mount Yale Highland Fund: a series of Mount Yale Master Portfolios, L.P. | Telephone | 212.815.4090 |
| Acct. Number | 01-2008-00012447 | Facsimile | 212.644.6669 |
| Telephone | 303-382-2855 | Email | AISOnline_NY@bankofny.com |
| Facsimile | 952-897-5390 | Web | www.fundadmin.com |
| Email | greg.anderson@mtyale.com | | |

 

BNY ALTERNATIVE INVESTMENT SERVICES, INC.
101 Barclay Street
20th Floor West
New York, New York 10286
USA

# CLIENT STATEMENT

Jason Vanthiel
-
- -
USA

A/C Number: 00-1200-800012447
Period Beginning: 01-Nov-2008
Period Ending: 30-Nov-2008
Fax Number:
E-Mail: jason.vanthiel@mtyale.com

This statement is being provided to you at the request of Greg Anderson at Mount Yale Highland Fund: a series of Mount Yale Master Portfolios, L.P.

| PERFORMANCE SUMMARY | | |
|---|---|---|
| Security | % Change | |
| | Period to Date | Year to Date |
| Rye Select Broad Market Fund, LP | 1.79% | 1.79% |

| PERIOD ACTIVITY | | | | | |
|---|---|---|---|---|---|
| Security | Net Opening Capital | Contribution | Net Income / (Loss) | Withdrawals / Trans / ReReg | Net Closing Capital |
| Rye Select Broad Market Fund, LP | 0.00 | 250,000.00 | 4,464.98 | 0.00 | 254,464.98 |
| Totals | 0.00 | 250,000.00 | 4,464.98 | 0.00 | 254,464.98 |

### DISCLOSURE NOTES

• % Change results are Net of all fees.
• Year To Date change is based on Calendar Year which ends on December 31st.
• All values are in USD.
• This information is not intended to be used for tax reporting or planning.
• This information is unaudited. Audited statements are issued upon conclusion of the fiscal year end audit.
• The Fund's net asset value has been calculated on the basis of market value information with respect to the Fund's portfolio obtained from third parties, including independent pricing vendors, the Fund's manager and administrators of funds in which the Fund may have invested. BNY-AIS does not give any assurances with respect to the accuracy of such market value information.
• Past performance as described herein is not necessarily indicative of future results.
• The Bank of New York acts as custodian with respect to cash. With respect to the portfolio's investments, such investments have been and will continue to be custodied for the benefit of the portfolio at Bernard L. Madoff Investment Securities LLC, 885 Third Avenue, New York, NY, 10022.
• Additional information is available at www.ryeselectfunds.com.

### INVESTOR INQUIRIES

**Telephone:** 212.815.4090    **Facsimile:** 212.644.6669    **Email:** AISOnline_NY@bankofny.com    **Web:** www.fundadmin.com

**BERNARD L. MADOFF INVESTMENT SECURITIES LLC**

In Liquidation
**DECEMBER 11, 2008[1]**

## NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

December 8, 2009

MOUNT YALE HIGHLAND FUND: A SERIES OF MOUNT YALE MASTER PORTFOLIOS, LP
1125 SEVENTEENTH STREET, SUITE 1400
DENVER, CO  80202

Dear MOUNT YALE HIGHLAND FUND: A SERIES OF MOUNT YALE MASTER PORTFOLIOS, LP:

**PLEASE READ THIS NOTICE CAREFULLY.**

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim designated as Claim No. 005886:

Based on a review of available books and records of BLMIS by the Trustee's staff, you did not have an account with BLMIS. Because you did not have an account, you are not a customer of BLMIS under SIPA as that term is defined at 15 U.S.C. § 78lll (2). Accordingly, your Claim for securities and/or a credit balance is **DENIED**.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after December 8, 2009, the date on which the Trustee mailed this notice.

---

[1] Section 78lll(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78lll(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

>Clerk of the United States Bankruptcy Court for
>the Southern District of New York
>One Bowling Green
>New York, New York 10004

>and

>Irving H. Picard, Trustee
>c/o Baker & Hostetler LLP
>Attn: Claims Department
>45 Rockefeller Plaza
>New York, New York 10111

*/s/ Irving Picard*

---

**Irving H. Picard**

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC