Adorno & Yoss LLP
350 E. Las Olas Boulevard, Suite 1700
Fort Lauderdale, Florida 33301
Telephone: (954) 763-1200
Facsimile: (954) 766-7800
Jan Douglas Atlas
Email: jda@adorno.com

*Attorneys for Claimants Dr. Steven Fagien
and Debra Fagien*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**
_____/

SECURITIES INVESTOR PROTECTION
CORPORATION,

   Plaintiff,

  v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

   Defendant.
_____/

In re:

BERNARD L. MADOFF,

   Debtor.
_____/

Adv. Pro. No. 08-01789 (BRL)

SIPA Liquidation

(Substantively Consolidated)

**CLAIMANTS' OBJECTION TO TRUSTEE'S MOTION TO AFFIRM TRUSTEE'S
DETERMINATIONS DENYING CLAIMS OF CLAIMANTS WITHOUT BLMIS
ACCOUNTS IN THEIR NAMES, NAMELY, INVESTORS IN FEEDER FUNDS
AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to this Court's April 13, 2010 order (the "Scheduling Order") (Dkt. No. 2205),

Claimants DR. STEVEN FAGIEN and DEBRA FAGIEN ("Claimants"), through their

undersigned counsel, respectfully submit this Objection to the Trustee's Motion to Affirm

Trustee's Determinations Denying Claims of Claimants Without BLMIS Accounts in their

Names, Namely, Investors in Feeder Funds, and Incorporated Memorandum of Law, and in support thereof, state as follows:

## I. INTRODUCTION

Claimants filed a claim with the Trustee pursuant to the Securities Investor Protection Act, 15 U.S.C. 78aaa, *et seq.* ("SIPA") on or about February 24, 2009. On December 8, 2009, the Trustee issued a Notice of Trustee's Determination of Claim (the "Notice"), denying the claim pursuant to SIPA. Claimants filed an Objection to that Notice on or about January 5, 2010. On June 11, 2010, the Trustee filed a Motion to Affirm Trustee's Determinations Denying Claims of Claimants Without BLMIS Accounts in their Names, Namely, Investors in Feeder Funds (the "Motion"). The Trustee maintains that Claimants, as investors in a "Feeder Fund," are not "customers" as defined under SIPA, and therefore, are not entitled to protection under SIPA. The Motion is limited to claimants "whose claims emanate from their direct or indirect investments in so-called 'feeder funds' that, in turn, had accounts with and invested directly with BLMIS." (Trustee Memo. at p. 2.)

The Trustee claims that Claimants 1) are not "customers" as defined by SIPA; and 2) have no cognizable net equity claims. However, based on the acknowledged massive fraud perpetuated by Bernard L. Madoff ("Madoff") and the magnitude of the losses suffered by the investing public as a result, we submit that the instant situation is clearly and equitably distinguishable from stereotypical SIPC cases, which generally concern bankrupt broker-dealers without the overt existence of fraud. Accordingly, we submit that Claimants should be considered "customers" based on the legislative intent of SIPA, which is clearly to protect customers such as Claimants, who have suffered from the shortcomings and malfeasance of the securities industry; and, the general inherent equity powers of this Court.

## II. BACKGROUND

Claimants placed the amount of $500,000.00 (the "Investment") with Emerald Asset Advisors, LLC ("Emerald") which purchased with the Investment a limited partnership interest in the Rye Select Broad Market Fund, LP ("Rye Fund") under the authority of the Rye Fund's General Partner, Tremont Partners, Inc. ("Tremont Partners"), a subsidiary of Tremont Group Holdings, Inc., copies of said documents evidencing the Investment are attached hereto. Emerald represented to Claimants that Tremont Partners placed all of the assets of the Rye Fund with Madoff and Bernard L. Madoff Investment Securities LLC ("BLMIS"). Claimants made the foregoing investments because they knew the funds would be invested with Madoff in a directed account at BLMIS. Moreover, Claimants were provided with certain documents, such as the Client Statement (a copy of which is attached hereto), which emphasized Madoff's connection with the Rye Fund. Accordingly, there is no question but that Claimants believed that their Investment would be received, acquired, and held by Madoff and BLMIS in the ordinary course of its business as a broker-dealer in an account for their benefit and safekeeping, with a view to sale, to cover consummated sales, pursuant to purchases, as collateral security, or for purposes of effecting transfer. In other words, Claimants deposited cash with Emerald for the purpose of having Madoff and BLMIS purchase securities for their benefit.

Claimants' final Client Statement from the Rye Fund, attached hereto, reflects securities owed to Claimants in the amount of $530,597.06. Because it has been determined by the Trustee that the trades reported on said statement (as well as Claimants' preceding statements) were fabricated, Claimants only seek to recover their initial investment of $500,000.00.

### III.   ANALYSIS

It is beyond dispute that the SIPA "is remedial legislation. As such it should be construed liberally to effect its purpose." *In re First State Securities Corp.*, 34 B.R. 492, 496 (Fla. 1983) (quoting *Tcherepnin v. Knight*, 389 U.S. 332 (1967)). "The purpose is the protection of the insolvent brokers' customers." *Id.* at 496. In *Securities and Exchange Commission v. F. O. Baroff Co., Inc.*, 497 F.2d 280 (2d Cir. 1974) [hereinafter, "*F. O. Barroff Co.*"], the Second Circuit gave a detailed analysis of SIPA's legislative history and intent. *Id.* at 281. Specifically, the court stated that:

> [t]he object of that statute, and the function of the Securities Investor Protection Corporation (SIPC) it created, *is to protect the public customers of securities dealers from suffering the consequences of financial instability in the brokerage industry*...Once a broker or dealer is found to be on the brink of collapse or in danger of failing to meet its obligations to its customers, a trustee is appointed for liquidation of the business. The firmS [sic] clients are cushioned (within limits) from personal loss through a special fund collected by SIPC from all securities dealers registered under the 1934 Securities Exchange Act...But the Securities Investor Protection Act allows only those who meet its definition of a 'customer' to share in this assurance.

*F. O. Baroff Co.*, 497 F.2d at 281 (emphasis added). Citing the House of Representatives, the court went on to state that "[t]he primary purpose of [SIPA] is to provide protection for investors if the broker-dealer with whom they are doing business encounters financial troubles." *Id.* at 283. In furtherance of SIPA, SIPC, "an independent corporation established by Congress," was created, "to reinstill[] confidence in the securities markets" by "protect[ing] investors from the effects of chronic instability in the securities industry." *Massachusetts Financial Services, Inc. v. Securities Investor Protection Corp.*, 411 F. Supp. 411, 412-13 (D.C. Mass. 1976). SIPC's "prime responsibility [is] to establish...a substantial reserve fund which...provide[s] protection to investors in the event a brokerage firm collapse[s]." *Id.* at 413.

SIPA defines the term "customer" of a debtor as:

> any person (including any person with whom the debtor deals as principal or agent) who has a claim on account of securities received, acquired, or held by the debtor in the ordinary course of its business as a broker or dealer from or for the securities accounts of such person for safekeeping, with a view to sale, to cover consummated sales, pursuant to purchases, as collateral security, or for purposes of effecting transfer. The term "customer" includes any person who has a claim against the debtor arising out of sales or conversions of such securities, and any person who has deposited cash with the debtor for the purpose of purchasing securities...

15 U.S.C.A. § 78lll(2).

When SIPA was enacted in 1970, it was "Congress's...intent to provide a 'safety net' for all investors who placed their money with US brokerage firms that later turned out to be engaged in fraudulent activities or otherwise failed." Peter J. Leveton, Co-Chairman, Agile Funds Investor Committee Before the House Financial Services Subcommittee on Capital Markets, Insurance and Government Sponsored Enterprises: Additional Reforms to the Securities Investor Protection Act (Dec. 9, 2009) [hereinafter "*Leveton Testimony*"]. SIPA aims to "protect all investors from losing 100% of their investment in fraudulent investment schemes run by brokerages supervised by the Securities and Exchange Commission ("SEC")." *Id.* "In 1970, Senator Edmund S. Muskie proclaimed, in urging the prompt enactment of SIPA: '...after this bill is enacted, no American will lose his savings through a brokerage firm bankruptcy.'" *Leveton Testimony* (citing Federal Broker Dealer Ins. Corporation: Hearing on S2388, 3988 and 3989 before the Subcommittee on Securities of the Senate Com. on Banking and Currency, 95th Congress Cog. 10 (1970) at 147)). "He did not say that only those investors who invested directly" with a bankrupt broker-dealer would be protected under SIPA, "but, instead, that **all Americans** would received such relief." *Id.*

The United States District Court for the Southern District of New York has further discussed the definition of the term "customer" in *Securities and Exchange Commission v. Kenneth Bove & Co., Inc.*, 378 F. Supp. 697 (S.D.N.Y. 1974) [hereinafter *"Kenneth Bove & Co."*]. The Court found that in order to be considered a "customer" under SIPA, "the claimant must have entrusted his securities to the debtor in liquidation," and have been "on account of securities received, acquired, or held by the debtor." *Id.* at 699. Claims pursuant to SIPA are "grounded on possession of identifiable securities by the broker." *Id.* Under SIPA, **"the preferential protection is accorded to a person who can trace and identify the…funds in the hands of the stockbroker."** *Id.* (emphasis added).

Claimants' funds are clearly traceable and can be identified as being in the direct control of Madoff and BLMIS. As previously stated, Claimants, believing this to be a Madoff and BLMIS directed investment, permitted Emerald to purchase with the Investment a limited partnership interest in the Rye Fund, with the funds thereafter placed with Madoff and BLMIS.

Nevertheless, the Trustee, in an obvious effort to limit the allowable claims, takes the position that Claimants are not "customers" under SIPA because they did not have a securities account with BLMIS, presumably because they did not "hand the money" to Madoff, even though Madoff had created the scenario where the subject money would be handed to his self-created agents; and furthermore, because they have no cognizable claim for net equity. According to the Trustee's narrow and inequitable interpretation of the term "customer," investors who invested directly with BLMIS will be entitled to recover up to $500,000.00 per BLMIS account from SIPC, while investors such as Claimants, who invested in BLMIS through a Madoff-created feeder fund, will receive **nothing** despite having suffered in the same manner. *Leveton Testimony.* Trustee's position is not only inequitable, but is in direct contravention of

Congress' intent to protect all investors who invested with an inherently fraudulent registered broker-dealer such as BLMIS.

When SIPA was enacted in 1970, there were no such entities like "feeder funds." Now, forty years later, the creation of hedge funds and feeder funds, implemented to magnify the amount of invested money, has extended investment opportunities and, of course, consequent exposure to a larger number of investors. Accordingly, whether Claimants are entitled to relief under SIPA should be based on SIPA's original benevolent legislative intent, rather than the non-persuasive authorities set forth by the Trustee in his supporting memorandum. Clearly, it was not, and could not have been, Congress' intent to discriminate between direct and indirect investors. All actual investors in BLMIS, regardless of whether they invested directly or indirectly, have "lost their money to the same fraud and suffered the same devastating effects," at the hands of Madoff. *Leveton Testimony*. Claimants, like the direct investors, invested their funds with the express intent and expectation that securities would be purchased by Madoff and BLMIS for their benefit. Accordingly, it is fundamentally unfair to deny Claimants' claim merely because they invested funds traveled to Madoff and BLMIS indirectly through a "feeder fund," a self-serving implementation by Madoff and BLMIS to access greater numbers of the unsuspecting public.

## IV.    CONCLUSION

Claimants are clearly "customers" under SIPA and should be afforded its protection. The fact that Claimants' funds were not given directly from Claimants to BLMIS is of no consequence. As investors, Claimants should be protected from the effects of the instable securities industry and, more specifically, the collapse of BLMIS, in which Claimants' assets were invested through presumably unsuspecting agents of Madoff and BLMIS, Emerald, the Rye

Fund, and Tremont Partners. To deny Claimants' claim would directly contravene the legislative intent of SIPA. Accordingly, Claimants respectfully request that the Trustee's Motion be denied; that their claim be granted; and that they be afforded the protection to which they are entitled pursuant to SIPA.

Dated: July 12, 2010

        Respectfully submitted,

        /s/ Jan Douglas Atlas
        Jan Douglas Atlas
        E-mail: jda@adorno.com
        **Adorno & Yoss LLP**
        350 East Las Olas Boulevard, Suite 1700
        Fort Lauderdale, Florida 33301-4217
        Telephone: (954) 763-1200
        Facsimile: (954) 766-7800

        *Attorneys for Claimants Dr. Steven Fagien and Debra Fagien*

**RYE**
Investment Management
A Division of Tremont Group Holdings, Inc.

BNY ALTERNATIVE INVESTMENT
SERVICES, INC.
101 Barclay Street
20th Floor West
New York, New York 10286
USA

Dr. Steven and Debra Fagien
3863 W. 53rd Street
Boca Raton, FL 33496
USA

## CLIENT STATEMENT

A/C Number: 00-1200-800002851
Period Beginning: 01-Nov-2008
Period Ending: 30-Nov-2008
Fax Number:
E-Mail:

*[Handwritten: Initial Investment $500,000 in April 2008]*

### PERFORMANCE SUMMARY

| Security | % Change | |
| --- | --- | --- |
| | Period to Date | Year to Date |
| Rye Select Broad Market Fund, LP | 1.70% | 6.12% |

### PERIOD ACTIVITY

| Security | Net Opening Capital | Contribution | Net Income / (Loss) | Withdrawals / Trans / ReReg | Net Closing Capital |
| --- | --- | --- | --- | --- | --- |
| Rye Select Broad Market Fund, LP | 521,721.69 | 0.00 | 8,875.37 | 0.00 | 530,597.06 |
| Totals | 521,721.69 | 0.00 | 8,875.37 | 0.00 | 530,597.06 |

### DISCLOSURE NOTES

- % Change results are Net of all fees.
- Year To Date change is based on Calendar Year which ends on December 31st.
- All values are in USD.
- This information is not intended to be used for tax reporting or planning.
- This information is unaudited. Audited statements are issued upon conclusion of the fiscal year end audit.
- The Fund's net asset value has been calculated on the basis of market value information with respect to the Fund's portfolio obtained from third parties, including independent pricing vendors, the Fund's manager and administrators of funds in which the Fund may have invested. BNY-AIS does not give any assurances with respect to the accuracy of such market value information.
- Past performance as described herein is not necessarily indicative of future results.
- The Bank of New York acts as custodian with respect to cash. With respect to the portfolio's investments, such investments have been and will continue to be custodied for the benefit of the portfolio at Bernard L. Madoff Investment Securities LLC, 885 Third Avenue, New York, NY, 10022.
- Additional information is available at www.ryeselectfunds.com.

### INVESTOR INQUIRIES

Telephone: 212.815.4090   Facsimile: 212.644.6669   Email: AISOnline_NY@bankofny.com   Web: www.fundadmin.com

As you requested copies of this statement have been sent to:

Allan Budelman
Denise Karp
Ms. Pamela Palmer



**RYE Investment Management**
A Division of Tremont Group Holdings, Inc.

BNY ALTERNATIVE INVESTMENT SERVICES, INC.
101 Barclay Street
20th Floor West
New York, New York 10286
USA

Dr. Steven and Debra Fagien
3863 W. 53rd Street
Boca Raton, FL 33496
USA

### CLIENT STATEMENT

A/C Number: 00-1200-800002851
Period Beginning: 01-Apr-2008
Period Ending: 30-Apr-2008
Fax Number:
E-Mail:

### PERFORMANCE SUMMARY

| Security | % Change Period to Date | % Change Year to Date |
|---|---|---|
| Rye Select Broad Market Fund, LP | 1.06% | 1.06% |

### PERIOD ACTIVITY

| Security | Net Opening Capital | Contribution | Net Income / (Loss) | Withdrawals / Trans / ReReg | Net Closing Capital |
|---|---|---|---|---|---|
| Rye Select Broad Market Fund, LP | 0.00 | 500,000.00 | 5,306.40 | 0.00 | 505,306.40 |
| Totals | 0.00 | 500,000.00 | 5,306.40 | 0.00 | 505,306.40 |

### DISCLOSURE NOTES

- % Change results are Net of all fees.
- Year To Date change is based on Calendar Year which ends on December 31st.
- All values are in USD.
- This information is not intended to be used for tax reporting or planning.
- This information is unaudited. Audited statements are issued upon conclusion of the fiscal year end audit.
- The Fund's net asset value has been calculated on the basis of market value information with respect to the Fund's portfolio obtained from third parties, including independent pricing vendors, the Fund's manager and administrators of funds in which the Fund may have invested. BNY-AIS does not give any assurances with respect to the accuracy of such market value information.
- Past performance as described herein is not necessarily indicative of future results.
- The Bank of New York acts as custodian with respect to cash. With respect to the portfolio's investments, such investments have been and will continue to be custodied for the benefit of the portfolio at Bernard L. Madoff Investment Securities LLC, 885 Third Avenue, New York, NY, 10022.
- Additional information is available at www.ryeselectfunds.com.

### INVESTOR INQUIRIES

Telephone: 212.815.4090    Facsimile: 212.644.6669    Email: AISOnline_NY@bankofny.com    Web: www.fundadmin.com

As you requested copies of this statement have been sent to:
Allan Budelman
Ms. Pamela Palmer

# *charles* SCHWAB  Waive wire fee   Wire Transfer Letter of Authorization
INSTITUTIONAL

Page 1 of 2

| Investment Advisor ("IA") Information (This portion to be completed by IA.) |
|---|
| IA Firm Name (please print): **EMERALD ASSET ADVISORS LLC** |
| IA Master Account Number: **8962470**    Service Team: **IST 2** |

- The wire transfer fee is $25. For foreign wires, contact your Investment Advisor for specific information required.
- Note: Distribution forms are required for retirement accounts. Call your Investment Advisor for the correct form.

## 1. One-Time or Standing Instructions (Select A or B.)

A. ● One-time
B. ○ Standing Instructions Authorization (optional)

Please initial below only if you want your IA to initiate wire transfers to accounts of unlike registration.
You may revoke this authorization by notifying Schwab. (An X is not sufficient.)

_____        _____        Standing Instructions. I authorize Schwab to transfer funds from this account to the receiving
Account Holder/Trustee/        Additional Account Holder/        bank name on this form at the direction of my IA. I have previously granted my IA disbursement
Custodian/Executor        Co-Trustee/Co-Custodian/        authority (LPFA or WPFA) on this Schwab account. I hereby acknowledge that this authority is
                         Co-Executor        effective regardless of any differences in registration between these two accounts.

## 2. Schwab Account Information

**Steven & Debra Fagien**                                              **8065-8328**
Account Holder Name(s) (as they appear on your statement)              Schwab Account Number

## 3. Receiving Bank Information (For examples, see Section 5.)

**500,000.00**
Amount to Be Wired (In U.S. Dollars)        Amount to Be Wired (In Foreign Currency)        Foreign Currency Type

**Bank of New York**
Receiving Bank Name

**021000018**                                                          Receiving Bank Phone Number
Receiving Bank Routing Number (ABA, IBAN or SWIFT code)    Receiving Bank Address (required for foreign bank)

**8900631473**
Account Number at Receiving Bank

**Rye Select Broad Market Fund, LP (Intended Investor: Steven & Debra Fagien)**
Name(s) on Receiving Bank Account (registration)

**555 Theodore Fremd Ave Suite C-300 Rye, NY 10580**
Address of Account Holder at Receiving Bank if Different from Schwab Account Registration (example: Brokerage Firm/Escrow Company)

_____                                          _____
Further Credit/Escrow Account Number (if applicable)            Escrow Company Phone Number

_____        _____
Name of Final Beneficiary (if applicable)        Address of Final Beneficiary (required if final beneficiary is different from Schwab account registration)

## 4. Please Read and Sign (Signatures required.)

Please note: I understand that wiring funds outside of the U.S. may take three to five business days.

I authorize Charles Schwab & Co., Inc. ("Schwab") to wire funds from my Schwab account pursuant to the above instructions. I agree to indemnify and hold harmless Schwab, its affiliates and their directors, officers, employees and agents from and against all claims, actions, costs and liabilities, including attorneys' fees, arising out of or relating to: (1) their reliance on this Letter of Authorization, and (2) Schwab's execution of IA's instructions.

Please note: If this is a Custodial account, I acknowledge and agree that any funds or securities transferred out of the account, and into the account of the custodian or other account, shall be used or applied solely for the benefit of the minor.

For standing instructions only: I understand that Schwab may accept future requests to wire funds from my account according to the above instructions. Such requests may be made by any person having signing authority with respect to my Schwab account and may be delivered orally, in person or by telephone, or may be transmitted by facsimile or delivered in a signed writing.

▶ _[signature]_____        **Steven Fagien**        Date **3/8/08**
Signature: Account Holder/Trustee/Custodian/Executor        Print Name                        (mm/dd/yyyy)

▶ _[signature]_____        **Debra Fagien**        Date **3/8/08**
Signature: Additional Account Holder/Co-Trustee/Co-Custodian/Co-Executor        Print Name        (mm/dd/yyyy)

▶ _____        _____        Date _____
Signature: Investment Advisor (if applicable)        Print Name                        (mm/dd/yyyy)

Note: Investment Advisor may sign only if the account holder has granted disbursement authority AND there is a final beneficiary account number whose registration is IDENTICAL to the Schwab account registration. Investment Advisor may also sign for real estate escrow wires if the account holder is the beneficial owner of the wired funds and has granted disbursement authority.

WB
©2008 Charles Schwab & Co., Inc. All rights reserved. Member SIPC.
Schwab Institutional is a division of Charles Schwab & Co., Inc.    FTA 04485 (0807-1157)    APP20201-05 (01/08)



0  0  0  0  0  0

# *charles* SCHWAB
### INSTITUTIONAL

March 25, 2008
Account Number: 8065-8328
Questions:
800-515-2157

Page 1 of 1

03/25-CL250002-001400-SML-33496270300-002831
Steven Fagien &
Debra Fagien Ten By Ent
3863 Nw 53 Street
Boca Raton, FL 33496



001400



## Notice of Wire and Third Party Disbursement(s)

### What Has Occurred

As of the date of this letter, Schwab has processed the following transaction(s) from your account listed above:

**Wire Transfers**            **Reference Number**

Amount: $500,000.00           0325I1B7035R002737

Dollar value(s) cited are not intended for tax use. Schwab does not provide tax advice. Please consult your tax advisor.

If a disbursement was from a retirement account, and you requested tax withholding, the funds recipient was paid the net amount.

### Next Steps

If you do not recognize this transaction or if you have any other questions regarding the transaction, please contact us immediately at the telephone number above.

0305-00548

Schwab Institutional is a division of Charles Schwab & Co. Inc. ("Schwab") Member SIPC

# charles SCHWAB INSTITUTIONAL

Schwab One® Account of
STEVEN FAGIEN &
DEBRA FAGIEN TEN BY ENT

Account Number
8065-8328

Statement Period
March 1-31, 2008

## Transaction Detail - Deposits & Withdrawals

| Transaction Date | Process Date | Activity | Description | Location | Credit/(Debit) |
|---|---|---|---|---|---|
| 03/05/08 | 03/05/08 | Funds Received | FUNDS RECEIVED | | 500,000.00 |
| 03/12/08 | 03/12/08 | Journaled Funds | JOURNAL TO 12342159 | | (700,000.00) |
| 03/12/08 | 03/12/08 | Journaled Funds | JOURNAL TO 53140339 | | (300,000.00) |
| 03/19/08 | 03/19/08 | Journaled Funds | JOURNAL TO 12342159 | | (8,637.02) |
| 03/25/08 | 03/25/08 | Journaled Funds | JOURNAL FRM 53140339 | | 115,232.00 |
| 03/25/08 | 03/25/08 | Journaled Funds | JOURNAL FRM 12342159 | | 420,769.00 |
| *03/25/08 | 03/25/08 | Funds Paid | WIRED FUNDS DISBURSED | | (500,000.00) * |
| 03/27/08 | 03/27/08 | Journaled Funds | JOURNAL TO 12342159 | | (16,001.00) |
| 03/27/08 | 03/27/08 | Journaled Funds | JOURNAL TO 53140339 | | (20,000.00) |

**Total Deposits & Withdrawals** (508,637.02)

## Transaction Detail - Dividends & Interest (including Money Market Fund dividends reinvested)

| Transaction Date | Process Date | Activity | Description | Credit/(Debit) |
|---|---|---|---|---|
| 03/17/08 | 03/17/08 | Dividend | SCHWAB US TREAS MONEY FD | 509.05 |

**Total Dividends & Interest** 509.05

## Transaction Detail - Fees & Charges

| Transaction Date | Process Date | Activity | Description | Credit/(Debit) |
|---|---|---|---|---|
| 03/25/08 | 03/25/08 | Service Fee | WIRED FUNDS FEE | (25.00) |
| 03/25/08 | 03/25/08 | Misc Cash Entry | WAIVE WIRE FEE | 25.00 |

**Total Fees & Charges** 0.00

Schwab has provided accurate gain and loss information wherever possible for most investments. Cost basis data may be incomplete or unavailable for some of your holdings. Please see "Endnotes for Your Account" section for an explanation of the endnote codes and symbols on this statement.

© 2007 Charles Schwab & Co., Inc. All rights reserved. Member SIPC. Schwab Institutional is a division of Charles Schwab & Co., Inc ("Schwab"). This statement is furnished solely for your account at Schwab. Except as noted in this statement's Terms and Conditions, Investment Advisors whose names appear in this statement are not affiliated with Schwab. Please see Terms and Conditions. (2002-2115; 2002-240) STP2525R1-01
CT3A2210-001390 685669

Page 7 of 11



Investment Management
A Division of Tremont Group Holdings, Inc.

BNY ALTERNATIVE INVESTMENT SERVICES, INC.
101 Barclay Street, 20th Floor West
New York, New York 10286
USA

Fax: 954-385-9624
E-mail: abudelman@emeraldasset.com

02-Apr-2008

Allan Budelman
2843 Executive Park Drive
Weston, FL 33331
USA

## CONFIRMATION OF CASH RECEIPT

Dear Investor,

We are pleased to confirm the receipt of your proceeds on behalf of Rye Select Broad Market Fund, LP. The details below confirm the specifics of the transaction. Your proceeds will not be invested until all requisite documentation has been received in good order and your eligibility as an investor in Rye Select Broad Market Fund, LP has been confirmed.

Please take a moment to review this confirmation to ensure that all details pertaining to this transaction and your account are correct. If any discrepancies are identified please contact our Investor Services Group as described below.

## ACTIVITY CONFIRMED

**Details**

| | |
|---|---|
| Action | Cash Received |
| Date Received | 25-Mar-2008 |
| Amount Local | 500,000.00 USD |
| Amount Base | 500,000.00 USD |

**To Be Applied**

| | |
|---|---|
| Dealing Date | 01-Apr-2008 |
| Security | Rye Select Broad Market Fund, LP |

| ACCOUNT INFORMATION | | INVESTOR INQUIRIES | |
|---|---|---|---|
| Acct. Name | Dr. Steven and Debra Fagien | Telephone | 212.815.4090 |
| Acct. Number | 01-2008-00002851 | Facsimile | 212.644.6669 |
| Telephone | 561-241-8450 | | |
| Facsimile | -- | Email | AISOnline_NY@bankofny.com |
| Email | | Web | www.fundadmin.com |



Investment Management

A Division of Tremont Group Holdings, Inc.

BNY ALTERNATIVE INVESTMENT
SERVICES, INC.
101 Barclay Street, 20th Floor West
New York, New York 10286
USA

Fax:    954-385-9624

E-mail:  abudelman@emeraldasset.com

21-Apr-2008

Allan Budelman
2843 Executive Park Drive
Weston, FL 33331
USA

## TRADE CONFIRMATION

Dear Investor,

We are pleased to confirm your investment into Rye Select Broad Market Fund, LP. The details below confirm the specifics of the transaction executed on your behalf.

Please take a moment to review this confirmation to ensure that all details pertaining to this transaction and your account are correct. If any discrepancies are identified please contact our Investor Services Group as described below.

## ACTIVITY CONFIRMED

**Security**    Rye Select Broad Market Fund, LP

**Details**

| | | | |
|---|---|---|---|
| Action | Buy | **Contributions** | |
| Dealing Date | 1-Apr-2008 | Gross Contribution | 500,000.00 |
| Base Currency | USD | Sales Charge/Interest Payment | 0.00 |
| Lot Ref. Number | | Net Contribution | 500,000.00 |

| ACCOUNT INFORMATION | | INVESTOR INQUIRIES | |
|---|---|---|---|
| Acct. Name | Dr. Steven and Debra Fagien | Telephone | 212.815.4090 |
| Acct. Number | 01-2008-00002851 | Facsimile | 212.644.6669 |
| Telephone | 561-241-8450 | Email | AISOnline_NY@bankofny.com |
| Facsimile | -- | Web | www.fundadmin.com |
| Email | | | |