Bisceglie & DeMarco, LLC
365 Rifle Camp Road
Woodland Park, NJ 07424
Telephone: (973) 742-8900
Facsimile: (973) 742-7999
Angelo R. Bisceglie, Jr., Esq.
Email: abisceglie@bd-lawfirm.com
Mark I. Silberblatt, Esq.
Email: msilberblatt@bd-lawfirm.com
Cara B. Allen, Esq.
Email: callen@bd-lawfirm.com

Hearing Date: October 19, 2010
Hearing Time: 10:00 AM (EST)
Objection Deadline: July 12, 2010

*Attorneys for Upstate New York Bakery
Drivers and Industry Pension Fund*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------X

SECURITIES INVESTOR PROTECTION
CORPORATION,

                Plaintiff-Applicant,

                v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

                Defendant.

Adv. Pro. No. 08-01789 (BRL)

SIPA Liquidation

(Substantively Consolidated)

-----------------------------------------------------------

In re:

BERNARD L. MADOFF,

                Debtor.

-----------------------------------------------------------X

**MEMORANDUM OF LAW SUBMITTED BY
UPSTATE NEW YORK BAKERY DRIVERS
AND INDUSTRY PENSION FUND
IN SUPPORT OF ITS CLAIM**

### Preliminary Statement

This memorandum of law is submitted on behalf of Upstate New York Bakery Drivers and Industry Pension Fund ("Fund") in support of its objection to the denial by Irving H. Picard, Trustee for the Liquidation of the Business of Bernard L. Madoff Investment Securities, LLC ("Trustee") of the Fund's claim herein, and in response to the memorandum of law submitted by the Trustee in support of such denial.

### THE TRUSTEE'S DENIAL OF THE FUND'S CLAIM WAS INCORRECT AS A MATTER OF LAW, AND SUCH CLAIM SHOULD BE REMITTED FOR FURTHER PROCEEDINGS HEREIN

On or about February 27, 2009 the Fund submitted its claim (Claim No. 005482 herein) in excess of $4,000,000.00. The Fund's Claim was based on the Fund's investment in Beacon Associates, LLC ("Beacon"), a "feeder fund" for defendant Bernard L. Madoff Investment Securities LLC ("BLMIS").

On or about December 8, 2009 the Trustee issued his determination ("Determination") denying the Fund's Claim. In his Determination the Trustee stated that based on a review of BLMIS' books and records by the Trustee's staff, the Fund did not have an account with BLMIS, and for that reason was not a customer of BLMIS under the Securities Investor Protection Act, 15 U.S.C. § 78 aaa et seq. ("SIPA").

On or about February 5, 2010 the Fund's then counsel filed on behalf of the Fund and numerous other funds and entities which such counsel represented, an objection to the Trustee's Determination ("Objection"). A copy of the Objection is attached hereto as Exhibit A.

1

In the Objection the Fund noted that it (like the other claimants referred to therein) was a "customer" of BLMIS within the meaning of the SIPA; that the feeder fund with which the Fund dealt was effectively its agent for dealing with BLMIS; and that the Fund did not have to have a direct relationship with BLMIS, or to have transmitted money or securities directly to BLMIS, in order to qualify as a customer of BLMIS under the SIPA. The Fund further noted that the statutory purpose of the SIPA would be best served by interpreting the SIPA to cover entities such as the Fund.

On or about June 11, 2010 the Trustee submitted a memorandum of law in support of the Trustee's Determination and his denial of the claims of claimants, including the Fund, which had been investors in Madoff "feeder funds" but had not maintained accounts at BLMIS in their own name. For all of the reasons set out in its Objection to the Trustee's Determination, the Fund respectfully submits that the Trustee's denial of the Fund's claim was wrong as a matter of law. Additionally, the Fund hereby refers to, and incorporates, in support of its position herein, all of the legal arguments made on behalf of every other investor in a Madoff "feeder fund" in opposition to the Trustee's denial of the claims of such investor.

## CONCLUSION

The Trustee's denial of the Fund's claim should be reversed, and such claim should be remitted to the Trustee for further proceedings herein.

Respectfully submitted,
BISCEGLIE & DEMARCO, LLC

By: _____
Mark I. Silberblatt (MS7471)
Attorneys for Defendants
*Upstate New York Bakery Drivers*

2

*and Industry Pension Fund*
365 Rifle Camp Road
Woodland Park, NJ 07424
(973) 742-8900

and

711 Third Avenue, Suite 1505
New York, NY 10017
(212) 682-8089