# EXHIBIT A

BLITMAN & KING LLP
Jennifer A. Clark, Esq.
Charles E. Blitman, Esq.
Bernard T. King, Esq.
James R. LaVaute, Esq.
Franklin Center, Suite 300
443 North Franklin Street
Syracuse, New York 13204-5412
Telephone:   (315) 422-7111
Facsimile:   (315) 471-2623
Email:       jaclark@bklawyers.com
             ceblitman@bklawyers.com
             btking@bklawyers.com
             jrlavaute@bklawyers.com



*Attorneys for Bricklayers and Allied Craftsmen Local 2 Annuity Fund, Bricklayers and Allied Craftworkers Local 2, Albany, New York, Health Benefit Fund, Bricklayers & Allied Craftworkers, Local No. 2, AFL-CIO, Building Trade Employers Insurance Fund, Central New York Laborers' Annuity Fund, Central New York Laborers' Health and Welfare Fund, Central New York Laborers' Pension Fund, Central New York Laborers' Training Fund, Construction Employers Association of CNY, Inc., Construction and General Laborers' Local No. 633, AFL-CIO, Engineers Joint Welfare Fund, Engineers Joint Training Fund, International Brotherhood of Electrical Workers Local Union No. 43 and Electrical Contractors Pension Fund, International Brotherhood of Electrical Workers Local No. 43 and Electrical Contractors Welfare Fund, I.B.E.W. Local 241 Welfare Benefits Fund, I.B.E.W. Local 910 Welfare Fund, Laborers' Local 103 Annuity Fund, Laborers' Local 103 Welfare Fund, New York State Lineman's Safety Training Fund, Oswego Laborers' Local No. 214 Pension Fund, Plumbers, Pipefitters and Apprentices Local No. 112 Health Fund, Roofers' Local 195 Annuity Fund, Roofers' Local 195 Health & Accident Fund, Syracuse Builders Exchange, Inc./CEA Pension Plan, Service Employees Benefit Fund, Service Employees Pension Fund of Upstate New York, S.E.I.U. Local 200United,AFL-CIO, Syrabex, Inc., Syracuse Builders Exchange, Inc., U.A. Local 73, Plumbers & Fitters, AFL-CIO, Local 73 Retirement Fund, Upstate New York Bakery Drivers and Industry Pension Fund and Upstate Union Health and Welfare Fund.*

**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | |
| Plaintiff, | Adversary Proceeding |
| — versus — | No. 08-01789 (BRL) |
| BERNARD L. MADOFF INVESTMENT SECURITIES, LLC, | SIPA Liquidation (Substantively Consolidated) |
| Defendant | |

------------------------------------------------------------x

In re BERNARD L. MADOFF,       :
                Debtor           :
------------------------------------------------------------------x

## OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM

Bricklayers and Allied Craftsmen Local 2 Annuity Fund, Bricklayers and Allied Craftworkers Local 2, Albany, New York, Health Benefit Fund, Bricklayers & Allied Craftworkers, Local No. 2, AFL-CIO, Building Trade Employers Insurance Fund, Central New York Laborers' Annuity Fund, Central New York Laborers' Health and Welfare Fund, Central New York Laborers' Pension Fund, Central New York Laborers' Training Fund, Construction Employers Association of CNY, Inc., Construction and General Laborers' Local No. 633, AFL-CIO, Engineers Joint Welfare Fund, Engineers Joint Training Fund, International Brotherhood of Electrical Workers Local Union No. 43 and Electrical Contractors Pension Fund, International Brotherhood of Electrical Workers Local No. 43 and Electrical Contractors Welfare Fund, I.B.E.W. Local 241 Welfare Benefits Fund, I.B.E.W. Local 910 Welfare Fund, Laborers' Local 103 Annuity Fund, Laborers' Local 103 Welfare Fund, New York State Lineman's Safety Training Fund, Oswego Laborers' Local No. 214 Pension Fund, Plumbers, Pipefitters and Apprentices Local No. 112 Health Fund, Roofers' Local 195 Annuity Fund, Roofers' Local 195 Health & Accident Fund, Syracuse Builders Exchange, Inc./CEA Pension Plan, Service Employees Benefit Fund, Service Employees Pension Fund of Upstate New York, S.E.I.U. Local 200United, AFL-CIO, Syrabex, Inc., Syracuse Builders Exchange, Inc., U.A. Local 73, Plumbers & Fitters, AFL-CIO, Local 73 Retirement Fund, Upstate New York Bakery Drivers and Industry Pension Fund and Upstate Union Health and Welfare Fund (hereinafter jointly referred to as "Objectors" or "Objector"), by and through their undersigned counsel, as and for their Objection

to the Trustee's Determination of Claim regarding the SIPC Benefit Claims filed by Objectors, respectfully represent as follows:

1. Objectors timely filed the following claims (the "Claims") against this estate:

| Investor | Claim No. |
|---|---|
| Bricklayers and Allied Craftsmen Local 2 Annuity Fund | 006062 |
| Bricklayers and Allied Craftworkers Local 2, Albany, New York Health Benefit Fund | 006061<br>006003 |
| Bricklayers & Allied Craftworkers, Local No. 2, AFL-CIO | 003822 |
| Building Trade Employers Insurance Fund | 005165 |
| Central New York Laborers' Annuity Fund | 005075 |
| Central New York Laborers' Health and Welfare Fund | 005163<br>005160 |
| Central New York Laborers' Pension Fund | 005070 |
| Central New York Laborers' Training Fund | 005076 |
| Construction Employers Association of CNY, Inc. | 003824 |
| Construction and General Laborers' Local No. 633, AFL-CIO | 003943 |
| Engineers Joint Welfare Fund (2 denials received) | 005572<br>005559 |
| Engineers Joint Training Fund | 005573 |
| International Brotherhood of Electrical Workers Local Union No. 43 and Electrical Contractors Pension Fund | 005837 |
| International Brotherhood of Electrical Workers Local Union No. 43 and Electrical Contractors Welfare Fund | 005836 |
| I.B.E.W. Local 241 Welfare Benefits Fund | 005468 |
| I.B.E.W. Local 910 Welfare Fund | 005415 |
| Laborers' Local 103 Annuity Fund | 005966 |

| | |
|---|---|
| Laborers' Local 103 Welfare Fund | 005975 |
| New York State Lineman's Safety Training Fund | 005003 |
| Oswego Laborers' Local 214 Pension Fund | 006284 |
| Plumbers, Pipefitters and Apprentices Local No. 112 Health Fund | 005503 |
| Roofers' Local 195 Annuity Fund | 004333 |
| Roofers' Local 195 Health & Accident Fund | 004332 |
| Syracuse Builders Exchange, Inc./CEA Pension Plan | 005164 |
| Service Employees Benefit Fund | 005574 |
| Service Employees Pension Fund of Upstate New York | 006161 |
| S.E.I.U. Local 200United, AFL-CIO | 003832 |
| Syrabex, Inc. | 003833 |
| Syracuse Builders Exchange, Inc. | 003834 |
| U.A. Local 73, Plumbers & Fitters, AFL-CIO | 003835 |
| Local 73 Retirement Fund | 005463 |
| Upstate New York Bakery Drivers and Industry Pension Fund | 005482 |
| Upstate Union Health and Welfare Fund | 005949 |

2. The Trustee issued a "Notice of Trustee's Determination of Claim," denying the SIPC claim of each Objector. Each Notice of Trustee's Determination states: "Based on a review of available books and records of BLMIS by the Trustee's staff, you did not have an account with BLMIS. Because you did not have an account, you are not a customer of BLMIS

under SIPA as that term is defined at 15 U.S.C. § 78lll." As set forth below, the Trustee's determination is incorrect as a matter of law and fact.

3. In relevant part, and with emphasis added, 15 U.S.C. § 78lll defines "customer" as:

> Any person (*including any person with whom the debtor deals as principal or agent*) who has a claim on account of securities received, acquired, or held by the debtor in the course of its business as a broker or dealer from or for the securities *accounts of such person* for safekeeping, with a view to sale, to cover consummated sales, pursuant to purchases, as collateral security, or for purposes of effecting transfer. The term "customer" includes any person who has a claim against the debtor arising out of sales or conversions of such securities, and any person who has deposited cash with the debtor for the purpose of purchasing securities...

(Emphasis added.)

4. As such, the statute includes "any person with whom the debtor deals as principal or agent" as a "customer." The Objectors invested in Bernard L. Madoff Investment Securities LLC ("BLMIS") through feeder funds that were agents of BLMIS. It is through that agency that Objectors invested their money with BLMIS.

5. Alternatively, these feeder funds functioned as agents for the securities account of underying investors such as the Objectors. The Objectors are therefore the "such person" on whose behalf the feeder fund dealt with BLMIS and BLMIS held the securities accounts of the Objectors for safekeeping.

6. It is clear, based on the face of the statute, that Objectors do not need to have a direct relationship with Madoff to be considered a "customer." In this regard, SIPA states that a "customer" "*includes* any person who has a claim against the debtor arising out of sales or conversions of such securities, and any person who has deposited cash with the debtor for the purpose of purchasing securities." (Emphasis added.) Use of the word "includes" indicates that

the definition that follows is not exclusive. Rather, the statute provides an indication of the types of persons meant to be included. The only requirements for "customer" status are that (i) the claim against the debtor arose out of sales or conversion of securities and (ii) the customer made deposits with the fiduciary of cash or securities. Here, both prongs are satisfied.

7. Additionally, SIPA does not mandate that the monies or securities received by Madoff were received "directly" from the customer. This is evidenced by 15 U.S.C. § 78fff-3(a)(5) which states:

> no advance shall be made by SIPC to the trustee to pay or otherwise satisfy any net equity claim of any customer who is a broker or dealer or bank, *other than to the extent that it shall be established to the satisfaction of the trustee*, from the books and records of the debtor *or from the books and records of a broker or dealer or bank, or otherwise, that the net equity claims of such broker or dealer or bank against the debtor arose out of transactions for customers of such broker or dealer or bank...*, in which event each such customer of such broker or dealer or bank shall be deemed a separate customer of the debtor.

(Emphasis added.)

8. The Objectors "entrusted" cash or securities to the broker-dealer debtor, albeit indirectly, and therefore, under the holding of a number of court cases, the Objectors are "customers." See, e.g., *SIPC v. Executive Secs. Corp.*, 556 F.2d 98, 99 (2d. Cir. 1977). Here, Objectors, through an agent, entrusted cash and/or securities to Madoff and therefore are "customer[s]."

9. Furthermore, whether a claimant is a "customer" does not depend upon whom the Objectors handed their capital or checks payable, or even where the Objectors initially deposited their funds. *Focht v. Heebner (In re Old Naples Secs., Inc.)*, 223 F.3d 1296, 1302-1303 (11th Cir. 2000). Instead, the issue depends upon whether there was "actual receipt, acquisition or possession of the property of a claimant by the brokerage firm under liquidation." *Id.* Here, the

Objectors can show that there was "actual receipt, acquisition or possession" of their property by BLMIS. Thus, Objectors are "customers" within the plain reading of 15 U.S.C. § 78lll.

10. Denying the Objectors "customer" status is inconsistent with the legislative intent embodied by SIPA, and therefore, equitable considerations support granting the Objectors "customer" status. For example, upon the signing of SIPA on December 30, 1970, President Richard Nixon stated that "just as the Federal Deposit Insurance Corporation protects the *user* of banking services from the danger of bank failure, so will the Securities Investor Protection Corporation ["SIPC"] protect the *user* of investment services from the danger of brokerage firm failure."[1] SIPC provides protection to prevent the *user* from suffering loss because "of an operating failure in the mechanisms of the marketplace."[2]

To provide industry oversight, SIPA contains a "specific statutory mandate to the U.S. Securities and Exchange Commission to promulgate rules and regulations with respect to the financial responsibility and related practices of brokers."[3] President Richard Nixon emphasized, while those problems are being defined and resolved, "[p]rotection of the *customer* is essential" in that "the *user* of investment services, the small investor, [must] be protected."[4]

Although the structure of investment services has substantially changed since 1970, the *user* of investment services remains the same. That is, the *user* is the Objector that suffered loss as a result of the "operating failure in the mechanisms of the marketplace" known as the Madoff fraud. This remains true regardless of whether the Objector chose to access the marketplace through direct or indirect means.

---

[1] Emphasis Added, John T. Woolley and Gerhard Peters, The American Presidency Project [online]. Santa Barbara, CA: University of California (hosted), Gerhard Peters (database). Available from World Wide Web: (http://www.presidency.ucsb.edu/ws/index.php?pid=2870).

[2] *Id.*

[3] *Id.*

[4] *Id.*

11. These Objectors join in the objections of all other claimants who have an indirect investment in Madoff through feeder funds and reserve all rights with respect to the Claims including the right to amend, revise or supplement this Objection and to the extent they deem necessary, file a supplemental memorandum of law. Any failure to object on a procedural or substantive ground shall not be deemed a waiver of any such rights.

*[The remainder of this page has intentionally been left blank]*

Dated: February 5, 2010

                                    Respectfully submitted,

                                    BLITMAN & KING LLP

                                    Jennifer A. Clark, Esq.
                                    Bar Roll No. JC5102
                                    Charles E. Blitman, Esq.
                                    Bernard T. King, Esq.
                                    James R. LaVaute, Esq.
                                    Franklin Center, Suite 300
                                    443 North Franklin Street
                                    Syracuse, New York 13204-5412
                                    Telephone:    (315) 422-7111
                                    Facsimile:    (315) 471-2623
                                    Email:    jaclark@bklawyers.com
                                                      ceblitman@bklawyers.com
                                                      btking@bklawyers.com
                                                      jrlavaute@bklawyers.com

*Attorneys for Bricklayers and Allied Craftsmen Local 2 Annuity Fund, Bricklayers and Allied Craftworkers Local 2, Albany, New York, Health Benefit Fund, Bricklayers & Allied Craftworkers, Local No. 2, AFL-CIO, Building Trade Employers Insurance Fund, Central New York Laborers' Annuity Fund, Central New York Laborers' Health and Welfare Fund, Central New York Laborers' Pension Fund, Central New York Laborers' Training Fund, Construction Employers Association of CNY, Inc., Construction and General Laborers' Local 633, AFL-CIO, Engineers Joint Welfare Fund, Engineers Joint Training Fund, International Brotherhood of Electrical Workers Local Union No. 43 and Electrical Contractors Pension Fund, International Brotherhood of Electrical Workers Local No. 43 and Electrical Contractors Welfare Fund, I.B.E.W. Local 241 Welfare Benefits Fund, I.B.E.W. Local 910 Welfare Fund, Laborers' Local 103 Annuity Fund, Laborers' Local 103 Welfare Fund, New York State Lineman's Safety Training Fund, Oswego Laborers' Local No. 214 Pension Fund, Plumbers, Pipefitters and Apprentices Local No. 112 Health Fund, Roofers' Local 195 Annuity Fund, Roofers' Local 195 Health & Accident Fund, Syracuse Builders Exchange, Inc./CEA Pension Plan, Service Employees Benefit Fund, Service Employees Pension Fund of Upstate New York, S.E.I.U. Local 200United, AFL-CIO, Syrabex, Inc., Syracuse Builders Exchange, Inc., U.A. Local 73, Plumbers & Fitters, AFL-CIO, Local 73 Retirement Fund, Upstate New York Bakery Drivers and Industry Pension Fund and Upstate Union Health and Welfare Fund.*

BLITMAN & KING LLP
Jennifer A. Clark, Esq.
Charles E. Blitman, Esq.
Bernard T. King, Esq.
James R. LaVaute, Esq.
Franklin Center, Suite 300
443 North Franklin Street
Syracuse, New York 13204-5412
Telephone: (315) 422-7111
Facsimile: (315) 471-2623
Email: jaclark@bklawyers.com
ceblitman@bklawyers.com
btking@bklawyers.com
jrlavaute@bklawyers.com

*Attorneys for Bricklayers and Allied Craftsmen Local 2 Annuity Fund, Bricklayers and Allied Craftworkers Local 2, Albany, New York, Health Benefit Fund, Bricklayers & Allied Craftworkers, Local 2, AFL-CIO, Building Trade Employers Insurance Fund, Central New York Laborers' Annuity Fund, Central New York Laborers' Health and Welfare Fund, Central New York Laborers' Pension Fund, Central New York Laborers' Training Fund, Construction Employers Association of CNY, Inc., Construction and General Laborers' Local No. 633 AFL-CIO, Engineers Joint Welfare Fund, Engineers Joint Training Fund, International Brotherhood of Electrical Workers Local Union No. 43 and Electrical Contractors Pension Fund, International Brotherhood of Electrical Workers Local No. 43 and Electrical Contractors Welfare Fund, I.B.E.W. Local 241 Welfare Benefits Fund, I.B.E.W. Local 910 Welfare Fund, Laborers' Local 103 Annuity Fund, Laborers' Local 103 Welfare Fund, New York State Lineman's Safety Training Fund, Oswego Laborers' Local No. 214 Pension Fund, Plumbers, Pipefitters and Apprentices Local No. 112 Health Fund, Roofers' Local 195 Annuity Fund, Roofers' Local 195 Health & Accident Fund, Syracuse Builders Exchange, Inc./CEA Pension Plan, Service Employees Benefit Fund, Service Employees Pension Fund of Upstate New York, S.E.I.U. Local 200United, AFL-CIO, Syrabex, Inc., Syracuse Builders Exchange, Inc., U.A. Local 73, Plumbers & Fitters, AFL-CIO, Local 73 Retirement Fund, Upstate New York Bakery Drivers and Industry Pension Fund and Upstate Union Health and Welfare Fund.*

## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

SECURITIES INVESTOR PROTECTION
CORPORATION,

    Plaintiff,

— versus —

BERNARD L. MADOFF INVESTMENT
SECURITIES, LLC,

    Defendant

------------------------------------------------------------x

Adversary Proceeding

No. 08-01789 (BRL)

SIPA Liquidation
(Substantively Consolidated)

In re BERNARD L. MADOFF,
    Debtor

-----------------------------------------------------------------x

## CERTIFICATE OF SERVICE

I, Jennifer A. Clark, Esq., hereby certify that on this 5th day of February 2010, I caused a true and correct copy of the Objection to Trustee's Determination of Claim to be served upon the parties listed below in the manner indicated:

<u>Via United Parcel Service</u>:

Clerk of the United States Bankruptcy Court of
the Southern District of New York
One Bowling Green
New York, New York 10004

<u>Via United Parcel Service</u>:

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
Attn: Claims Department
45 Rockefeller Plaza
New York, New York 10111

            Respectfully submitted,

            BLITMAN & KING LLP

            Jennifer A. Clark, Esq.
            Bar Roll No. JC5102

jmc/Madoff/SIPC/AppealforIndirectInvestors