Adorno & Yoss LLP
350 E. Las Olas Boulevard, Suite 1700
Fort Lauderdale, Florida 33301
Telephone: (954) 763-1200
Facsimile: (954) 766-7800
Jan Douglas Atlas
Email: jda@adorno.com

*Attorneys for Claimant Gerald Greenspoon*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

———————————————————/

SECURITIES INVESTOR PROTECTION
CORPORATION,

        Plaintiff,

        v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

        Defendant.

———————————————————/

Adv. Pro. No. 08-01789 (BRL)

SIPA Liquidation

(Substantively Consolidated)

In re:

BERNARD L. MADOFF,

        Debtor.

———————————————————/

**CLAIMANT'S OBJECTION TO TRUSTEE'S MOTION TO AFFIRM TRUSTEE'S
DETERMINATIONS DENYING CLAIMS OF CLAIMANTS WITHOUT BLMIS
ACCOUNTS IN THEIR NAMES, NAMELY, INVESTORS IN FEEDER FUNDS
AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to this Court's April 13, 2010 order (the "Scheduling Order") (Dkt. No. 2205),

Claimant Mr. Gerald Greenspoon ("Claimant"), through his undersigned counsel, respectfully

submits this Objection to the Trustee's Motion to Affirm Trustee's Determinations Denying

Claims of Claimants Without BLMIS Accounts in their Names, Namely, Investors in Feeder Funds, and Incorporated Memorandum of Law, and in support thereof, states as follows:

## I.    INTRODUCTION

Claimant filed a claim with the Trustee pursuant to the Securities Investor Protection Act, 15 U.S.C. 78aaa, *et seq.* ("SIPA") on or about February 26, 2009. On December 8, 2009, the Trustee issued a Notice of Trustee's Determination of Claim (the "Notice"), denying his claim pursuant to SIPA. Claimant filed an Objection to that Notice on or about January 5, 2010. On June 11, 2010, the Trustee filed a Motion to Affirm Trustee's Determinations Denying Claims of Claimants Without BLMIS Accounts in their Names, Namely, Investors in Feeder Funds (the "Motion"). The Trustee maintains that Claimant, as an investor in a "Feeder Fund," is not a "customer" as defined under SIPA, and therefore, is not entitled to protection under SIPA. The Motion is limited to claimants "whose claims emanate from their direct or indirect investments in so-called 'feeder funds' that, in turn, had accounts with and invested directly with BLMIS." (Trustee Memo. at p. 2.)

The Trustee claims that Claimant 1) is not a "customer" as defined by SIPA; and 2) has no cognizable net equity claims. However, based on the acknowledged massive fraud perpetuated by Bernard L. Madoff ("Madoff") and the magnitude of the losses suffered by the investing public as a result, we submit that the instant situation is clearly and equitably distinguishable from stereotypical SIPC cases, which generally concern bankrupt broker-dealers without the overt existence of fraud. Accordingly, we submit that Claimant should be considered a "customer" based on the legislative intent of SIPA, which is clearly to protect customers such as Claimant, who have suffered from the shortcomings and malfeasance of the securities industry; and, the general inherent equity powers of this Court.

## II.    BACKGROUND

Claimant placed the amount of $600,000.00 for the account "Charles Schwab Custodian FBO Gerald Greenspoon IRA" (the "Investment") with Emerald Asset Advisors, LLC ("Emerald") which purchased with the Investment a limited partnership interest in the Rye Select Broad Market Fund, LP ("Rye Fund") under the authority of the Rye Fund's General Partner, Tremont Partners, Inc. ("Tremont Partners"), a subsidiary of Tremont Group Holdings, Inc., copies of said documents evidencing the Investment are attached hereto. Emerald represented to Claimant that Tremont Partners placed all of the assets of the Rye Fund with Madoff and Bernard L. Madoff Investment Securities LLC ("BLMIS"). Claimant made the foregoing investments because he knew the funds would be invested with Madoff in a directed account at BLMIS. Moreover, Claimant was provided with certain documents, such as Client Statements from the Rye Fund, which emphasized Madoff's connection with the Rye Fund. Accordingly, there is no question but that Claimant believed that his Investment would be received, acquired, and held by Madoff and BLMIS in the ordinary course of its business as a broker-dealer in an account for his benefit and safekeeping, with a view to sale, to cover consummated sales, pursuant to purchases, as collateral security, or for purposes of effecting transfer. In other words, Claimant deposited cash with Emerald for the purpose of having Madoff and BLMIS purchase securities for his benefit.

Claimant's final Account Statement from Tremont, attached hereto, reflects securities owed to Claimant in the amount of $614,655.00. Because it has been determined by the Trustee that the trades reported on said statement (as well as Claimant's preceding statements) were fabricated, Claimant only seeks to recover his initial investment of $600,000.00.

## III.    ANALYSIS

It is beyond dispute that the SIPA "is remedial legislation. As such it should be construed

liberally to effect its purpose." *In re First State Securities Corp.*, 34 B.R. 492, 496 (Fla. 1983)

(quoting *Tcherepnin v. Knight,* 389 U.S. 332 (1967)). "The purpose is the protection of the

insolvent brokers' customers." *Id.* at 496.  In *Securities and Exchange Commission v. F. O.*

*Baroff Co., Inc.*, 497 F.2d 280 (2d Cir. 1974) [hereinafter, *"F. O. Barroff Co."*], the Second

Circuit gave a detailed analysis of SIPA's legislative history and intent.  *Id.* at 281.  Specifically,

the court stated that:

> [t]he object of that statute, and the function of the Securities
> Investor Protection Corporation (SIPC) it created, ***is to protect the***
> ***public customers of securities dealers from suffering the***
> ***consequences of financial instability in the brokerage***
> ***industry***...Once a broker or dealer is found to be on the brink of
> collapse or in danger of failing to meet its obligations to its
> customers, a trustee is appointed for liquidation of the business.
> The firmS [sic] clients are cushioned (within limits) from personal
> loss through a special fund collected by SIPC from all securities
> dealers registered under the 1934 Securities Exchange Act...But
> the Securities Investor Protection Act allows only those who meet
> its definition of a 'customer' to share in this assurance.

*F. O. Baroff Co.*, 497 F.2d at 281 (emphasis added).  Citing the House of Representatives, the

court went on to state that "[t]he primary purpose of [SIPA] is to provide protection for investors

if the broker-dealer with whom they are doing business encounters financial troubles."  *Id.* at

283.  In furtherance of SIPA, SIPC, "an independent corporation established by Congress," was

created, "to reinstill[] confidence in the securities markets" by "protect[ing] investors from the

effects of chronic instability in the securities industry."  *Massachusetts Financial Services, Inc.*

*v. Securities Investor Protection Corp.*, 411 F. Supp. 411, 412-13 (D.C. Mass. 1976).  SIPC's

"prime responsibility [is] to establish...a substantial reserve fund which...provide[s] protection

to investors in the event a brokerage firm collapse[s]."  *Id.* at 413.

SIPA defines the term "customer" of a debtor as:

> any person (including any person with whom the debtor deals as principal or agent) who has a claim on account of securities received, acquired, or held by the debtor in the ordinary course of its business as a broker or dealer from or for the securities accounts of such person for safekeeping, with a view to sale, to cover consummated sales, pursuant to purchases, as collateral security, or for purposes of effecting transfer. The term "customer" includes any person who has a claim against the debtor arising out of sales or conversions of such securities, and any person who has deposited cash with the debtor for the purpose of purchasing securities…

15 U.S.C.A. § 78lll(2).

When SIPA was enacted in 1970, it was "Congress's…intent to provide a 'safety net' for all investors who placed their money with US brokerage firms that later turned out to be engaged in fraudulent activities or otherwise failed."  Peter J. Leveton, Co-Chairman, Agile Funds Investor Committee Before the House Financial Services Subcommittee on Capital Markets, Insurance and Government Sponsored Enterprises:   Additional Reforms to the Securities Investor Protection Act (Dec. 9, 2009) [hereinafter *Leveton Testimony*].  SIPA aims to "protect all investors from losing 100% of their investment in fraudulent investment schemes run by brokerages supervised by the Securities and Exchange Commission ("SEC")." *Id.*  "In 1970, Senator Edmund S. Muskie proclaimed, in urging the prompt enactment of SIPA: '…after this bill is enacted, no American will lose his savings through a brokerage firm bankruptcy.'" *Leveton Testimony* (citing Federal Broker Dealer Ins. Corporation:  Hearing on S2388, 3988 and 3989 before the Subcommittee on Securities of the Senate Com. on Banking and Currency, 95th Congress Cog. 10 (1970) at 147)).  "He did not say that only those investors who invested directly" with a bankrupt broker-dealer would be protected under SIPA, "but, instead, that **all Americans** would received such relief." *Id.*

The United States District Court for the Southern District of New York has further discussed the definition of the term "customer" in *Securities and Exchange Commission v. Kenneth Bove & Co., Inc.*, 378 F. Supp. 697 (S.D.N.Y. 1974) [hereinafter *"Kenneth Bove & Co."*]. The Court found that in order to be considered a "customer" under SIPA, "the claimant must have entrusted his securities to the debtor in liquidation," and have been "on account of securities received, acquired, or held by the debtor." *Id.* at 699. Claims pursuant to SIPA are "grounded on possession of identifiable securities by the broker." *Id.* Under SIPA, **the preferential protection is accorded to a person who can trace and identify the...funds in the hands of the stockbroker.** *Id.* (emphasis added).

Claimant's funds are clearly traceable and can be identified as being in the direct control of Madoff and BLMIS. As previously stated, Claimant, believing this to be a Madoff and BLMIS directed investment, permitted Emerald to purchase with the Investment a limited partnership interest in the Rye Fund, with the funds thereafter placed with Madoff and BLMIS.

Nevertheless, the Trustee, in an obvious effort to limit the allowable claims, takes the position that Claimant is not a "customer" under SIPA because he did not have a securities account with BLMIS, presumably because he did not "hand the money" to Madoff, even though Madoff had created the scenario where the subject money would be handed to his self-created agents; and furthermore, because he has no cognizable claim for net equity. According to the Trustee's narrow and inequitable interpretation of the term "customer," investors who invested directly with BLMIS will be entitled to recover up to $500,000.00 per BLMIS account from SIPC, while investors such as Claimant, who invested in BLMIS through a Madoff-created feeder fund, will receive **nothing** despite having suffered in the same manner. *Leveton Testimony*. Trustee's position is not only inequitable, but is in direct contravention of Congress'

intent to protect all investors who invested with an inherently fraudulent registered broker-dealer such as BLMIS.

When SIPA was enacted in 1970, there were no such entities like "feeder funds." Now, forty years later, the creation of hedge funds and feeder funds, implemented to magnify the amount of invested money, has extended investment opportunities and, of course, consequent exposure to a larger number of investors. Accordingly, whether Claimant is entitled to relief under SIPA should be based on SIPA's original benevolent legislative intent, rather than the non-persuasive authorities set forth by the Trustee in his supporting memorandum. Clearly, it was not, and could not have been, Congress' intent to discriminate between direct and indirect investors. All actual investors in BLMIS, regardless of whether they invested directly or indirectly, have "lost their money to the same fraud and suffered the same devastating effects," at the hands of Madoff. *Leveton Testimony*. Claimant, like the direct investors, invested his funds with the express intent and expectation that securities would be purchased by Madoff and BLMIS for his benefit. Accordingly, it is fundamentally unfair to deny Claimant's claim merely because his invested funds traveled to Madoff and BLMIS indirectly through a "feeder fund," a self-serving implementation by Madoff and BLMIS to access greater numbers of the unsuspecting public.

## IV.    CONCLUSION

Claimant is clearly a "customer" under SIPA and should be afforded its protection. The fact that Claimant's funds were not given directly from Claimant to BLMIS is of no consequence. As an investor, Claimant should be protected from the effects of the instable securities industry and, more specifically, the collapse of BLMIS, in which Claimant's assets were invested through presumably unsuspecting agents of Madoff and BLMIS, Emerald, the Rye

Fund, and Tremont Partners. To deny Claimant's claim would directly contravene the legislative

intent of SIPA. Accordingly, Claimant respectfully requests that the Trustee's Motion be denied;

that his claim be granted; and that he be afforded the protection to which he is entitled pursuant

to SIPA.

Dated: July 12, 2010

Respectfully submitted,

/s/ Jan Douglas Atlas
Jan Douglas Atlas
E-mail: jda@adorno.com
**Adorno & Yoss LLP**
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, Florida 33301-4217
Phone: (954) 763-1200
Fax: (954) 766-7800

*Attorneys for Claimant Gerald Greenspoon*

*charles* SCHWAB
INSTITUTIONAL

**Alternative Investment
Letter of Instruction**

Page 1 of 1

---

*Investment Advisor ("IA") Information (This portion to be completed by IA.)*

IA Firm Name (please print): EMERALD ASSET ADVISORS LLC

IA Master Account Number: 8962470                     Service Team: IST 2

---

## 1. Delivery Instructions

Please issue $ 600,000.00 ____ from my account number ____  ` - 2226`

to purchase  Rye Select Broad Market Fund, LP

Please note that this security may be subject to a $50 set-up fee and a $100 annual maintenance fee.

Delivery method (select one):          Or  (•) Wire instructions* ($25 wire fee applies)

( ) Check payable to:                      Bank of New York

                                           *Rye Select Broad Market*          890-0631-473
_____                  Bank Name                          Bank Telephone Number
Name                                       *Fund, LP (intended investor*
_____                  021000018    *Gerald Greenspan*    *IRA )*
Street Address (no P.O. boxes, please)     Bank Account Registration          Bank Account Number
                                           ABA Routing Number (nine-digit number)
_____                  555 Theodore Fremd Ave Suite C-300
City          State      Zip Code          Address
                                           Rye                    NY          10580
                                           City                   State       Zip Code

(If there are further instructions, please attach a separate page.)

*To avoid delay, please contact the receiving financial institution for accurate routing information.

## 2. Fees

Please pay the $250 transaction fee or the $100 subsequent transaction fee (for capital calls or purchases of the same asset in the same account†) and the $25 wire fee (if applicable) for this purchase.

Amount of Investment          $_____

Transaction Fee               $_____

Wire Fee (if applicable)      $~~25.00~~ *Waive*_____

Total Cleared Funds Required  $_____

†Promissory notes excluded; $250 fee applies.

## 3. Please Read and Sign

I acknowledge that I have been advised by Charles Schwab & Co., Inc. ("Schwab") to consult my own financial and tax advisor(s) before completing this investment. I have not received any investment or tax advice from Schwab regarding this investment or its suitability for my account.

I understand Schwab will use the information provided to service my account.

I understand that Schwab is required to report the value of this asset annually to the Internal Revenue Service and that Schwab may request that I provide such a valuation. This value should be quoted in U.S. dollars and in accordance with the requirements of the Internal Revenue Service, Department of Labor and any other governing agencies.

▶ _____          Date 5/14/08
Authorized Signature                      (mm/dd/yyyy)

---

*For Charles Schwab Use Only*

_____          _____
Account Number                     Date Approved (mm/dd/yyyy)

_____          _____
Print Name of Approver             Signature

©2005 Charles Schwab & Co., Inc. All rights reserved. Member SIPC.
Schwab Institutional is a division of Charles Schwab & Co., Inc.    FTA 00678 (0504-00636)   APP26692PDF-03 (07/05)



1 5 9 3 0 1



Investment Management

A Division of Tremont Group Holdings, Inc.

BNY ALTERNATIVE INVESTMENT
SERVICES, INC.
101 Barclay Street, 20th Floor West
New York, New York 10286
USA

Fax:    954-385-9624
E-mail:  abudelman@emeraldasset.com

03-Jun-2008

Allan  Budelman
2843 Executive Park Drive
Weston, FL 33331
USA

## CONFIRMATION OF INTENT

Dear Investor,

We are pleased to confirm the receipt of your notice of intent to invest into Rye Select Broad Market Fund, LP.  The details below confirm the specifics of the transaction.  Your transaction will not be executed until all requisite documentation has been received in good order, adequate funds have been received and your eligibility as an investor in Rye Select Broad Market Fund, LP has been confirmed.  If you have not already done so, please send original documentation via courier.

Please take a moment to review this confirmation to ensure that all details pertaining to this transaction and your account are correct.  If any discrepancies are identified please contact our Investor Services Group as described below.

## ACTIVITY CONFIRMED

Details
Action Confirmed:  Notice Received
Action Pending:    Buy
Amount:            600,000.00          USD
Dealing Date:      1-Jun-2008
Security:          Rye Select Broad Market Fund, LP

| ACCOUNT INFORMATION | | INVESTOR INQUIRIES | |
|---|---|---|---|
| Acct. Name | Charles Schwab Custodian FBO Gerald Greenspoon, IRA | Telephone | 212.815.4090 |
| Acct. Number | 01-2008-00007143 | Facsimile | 212.644.6669 |
| Telephone | -- | Email | AISOnline_NY@bankofny.com |
| Facsimile | -- | Web | www.fundadmin.com |
| Email | gerryg@gmlaw.com | | |



Investment Management

A Division of Tremont Group Holdings, Inc.

BNY ALTERNATIVE INVESTMENT
SERVICES, INC.
101 Barclay Street, 20th Floor West
New York, New York 10286
USA

12-Jun-2008

**Charles Schwab Custodian FBO Gerald Greenspoon, IRA**
**3230 N. 38th Street**
**Hollywood, FL 33021**
**USA**

## TRADE CONFIRMATION

Dear Investor,

We are pleased to confirm your investment into Rye Select Broad Market Fund, LP. The details below confirm the specifics of the transaction executed on your behalf.

Please take a moment to review this confirmation to ensure that all details pertaining to this transaction and your account are correct. If any discrepancies are identified please contact our Investor Services Group as described below.

Per your instructions a copy of this confirmation has been sent to Ms. Pamela Palmer and Allan Budelman.

## ACTIVITY CONFIRMED

| Security | Rye Select Broad Market Fund, LP | |
|---|---|---|
| **Details** | | **Contributions** |
| Action | Buy | Gross Contribution | 600,000.00 |
| Dealing Date | 1-Jun-2008 | Sales Charge/Interest Payment | 0.00 |
| Base Currency | USD | Net Contribution | 600,000.00 |
| Lot Ref. Number | 000374 | | |

| ACCOUNT INFORMATION | | INVESTOR INQUIRIES | |
|---|---|---|---|
| **Acct. Name** | Charles Schwab Custodian FBO Gerald Greenspoon, IRA | **Telephone** | 212.815.4090 |
| **Acct. Number** | 7143 | **Facsimile** | 212.644.6669 |
| **Telephone** | -- | **Email** | AISOnline_NY@bankofny.com |
| **Facsimile** | -- | **Web** | www.fundadmin.com |
| **Email** | gerryg@gmlaw.com | | |

# Online Account Statements



| Investor : | Gerald Greenspoon, IRA | Address : | Charles Schwab Custodian FBO Gerald |
|---|---|---|---|
| Company Name : | | | 3230 N. 38th Street |
| Account Type : | Trust | | Hollywood, FL 33021 |

## Account Summary (Year-To-Date)

*Statement Date: October, 31 2008*

| Portfolio Name | Value at Jun 30, 2008 | Net Cont./With. | Net Return | Value at Oct 31, 2008 | ROR(%) |
|---|---|---|---|---|---|
| Rye Select Broad Market Fund, L.P. | $0 | $600,000 | $14,655 | $614,655 | 2.44 |
| Relationship Total | $0 | $600,000 | $14,655 | $614,655 | |

## Current Activity

| Portfolio Name | Value at Oct 01, 2008 | Contributions | Withdrawals | Value at Oct 31, 2008 |
|---|---|---|---|---|
| Rye Select Broad Market Fund, L.P. | $614846 | $0 | $0 | $614,655 |
| Relationship Total | $614,846 | $0 | $0 | $614,655 |

ActiveReports Evaluation. Copyright 2002-2006 (c) Data Dynamics, Ltd. All Rights Reserved.

DEC.19.2008    1:19PM                                                                        NO.941    P.2/2



**Redemption Notice**

A Division of Tremont Group Holdings, Inc.

To: The Bank of New York Mellon
    Alternative Investment Services
    101 Barclay Street, 20th Floor, West
    New York, NY 10286
    Tel: (212) 815-4090
    Fax: (212) 644-6669
    Attention: Investor Services – Rye Select Funds

From (Name of the Registered Investor): __Gerald Greenspoon IRA__
                                        (Please fill in exactly as listed on your statement)

1. **Rye Select Funds** (check one fund per notice):
   ____ Rye Select Activist Fund
   ____ Rye Select Activist Segregated Portfolio
   _X_ Rye Select Broad Market Fund, L.P.
   ____ Rye Select Broad Market Prime Fund, L.P.
   ____ Rye Select Broad Market XL Fund, LP
   ____ Rye Select Broad Market Portfolio Limited
   ____ Rye Select Broad Market XL Portfolio Limited
   ____ Rye Select Broad Market Insurance Portfolio, LDC
   ____ Rye Select Equities Fund
   ____ Rye Select Equities Segregated Portfolio
   ____ Rye Select Futures Fund
   ____ Rye Select Futures Segregated Portfolio

2. **Type of Redemption** (check one):
   ____ Partial ($ Amount): _____
   _X_ Full

3. **Redemption Date:** __1/1/09__

4. **Wiring Instructions:**
   Name of Financial Institution: __Citibank NA__
   Address: _____
   ABA#: __021000089__
   Account Number: __3953__
   Account Name: __Charles Schwab__
   (The account name and the name of the registered investor must be the same)
   __Further Credit to Gerald Greenspoon IRA c# 2226__

5. **Signature** (client or entity representative) X _____
   Name: __Gerald Greenspoon__
   Position/Title: _____
   Date: __17/19/08__