| | |
|---|---|
| Helen Davis Chaitman (4266)<br>Becker & Poliakoff LLP<br>45 Broadway<br>New York, New York 10006<br>HCHAITMAN@BECKER-POLIAKOFF.COM<br>*Attorneys for Diane and Roger Peskin,*<br>*Maureen Ebel, and a large group of other*<br>*customers* | Hearing Date: October 19, 2010 at 10 a.m.<br>Objection Due Date:  July 12, 2010 |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                            Plaintiff-Applicant,<br><br>                  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>                                    Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA LIQUIDATION<br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br>                                    Debtor. | |

**DECLARATION OF HELEN DAVIS CHAITMAN IN OPPOSITION TO THE TRUSTEE'S MOTION TO AFFIRM HIS DETERMINATIONS DENYING CLAIMS OF CLAIMANTS WITHOUT BLMIS ACCOUNTS IN THEIR NAMES, NAMELY, INVESTORS IN FEEDER FUNDS**

      HELEN DAVIS CHAITMAN, ESQ. hereby declares as follows:

      1.     I am a partner of Becker & Poliakoff LLP, counsel to over 500 individual investors in Bernard L. Madoff Investment Securities LLC ("BLMIS").[1]  I submit this declaration in opposition to the Trustee's motion for an order determining that only claimants with BLMIS accounts in their names are entitled to be considered "customers" under the Securities Investor Protection Act ("SIPA").

---
[1] A portion of Becker & Poliakoff LLP's clients are listed on Exh. A hereto.

2.       The wording of the Trustee's motion might give the Court the impression that the Trustee is seeking relief far beyond the scope of relief that he had represented he was seeking on this motion and, indeed, is contrary to the law as his own counsel and the Court have acknowledged.  In reliance upon the representations of the Trustee and his counsel, as well as the comments of the Court, I have not prepared and submitted the scores of individual affidavits that would be necessary for a fair and full consideration of the issue of whether my clients who invested through family partnerships, general partnerships, limited liability companies, investment clubs and other similar kinds of entities (the "Non-Feeder Fund Investors") are "customers" under SIPA entitled to SIPC insurance.

3.       Thus, I ask the Court to carefully limit its ruling on the Trustee's motion to the specific facts pertinent to the feeder fund investors named in the Trustee's motion papers so that there will be no impact upon the promised later litigation of the customer status of Non-Feeder Fund Investors who, by law, I believe, are "customers" under SIPA even though the accounts through which they invested were not titled in their own names.

4.       The Court may recall that, in argument on September 9, 2009, David Sheehan, Esq., counsel for the Trustee, conceded that some investors through accounts that were not in their own names were "customers" under SIPA.  Mr. Sheehan stated as follows:

> MR. SHEEHAN:  However, in the context of the joint account, Your Honor, there is something to be said. The joint account is fact sensitive, Your Honor. Even the *Morgan Kennedy* case, the case on this topic talks about the fact that if customers had a relationship with BLMIS they could call up Bernie Madoff or they could do things with others who are within that organization. That may take them out of the role of just being an indirect investor and not being known to us but someone who does become known.

September 9, 2009 Transcript at 17-18, annexed hereto as Exh. B.

    5.      On the return date of the Trustee's motion for a scheduling order on the feeder fund claims, I specifically addressed with the Court on April 13, 2010 the issue of whether this motion would deal with the Non-Feeder Fund Investors and I was assured by the Trustee's counsel that it would not.

> MS. CHAITMAN: I didn't file an objection. I asked Mr. Sheehan if he would be good enough to provide me with a list of feeder funds that are the subject of this motion and he has not done that. I would ask that the Court direct him to do that because I think there is some . . . concern amongst investors as to whether the vehicle in which they invested is included within the contemplation of this motion. It is easy to say feeder fund but, in fact, there are all kinds of investment vehicles that Mr. Madoff encouraged people to utilize and I am not really sure where the cut off point is on the feeder fund. Since many of these investors are foreign it will take time for the organization of facts relevant to their particular issues, and I would simply ask that a list of the feeder funds be provided to us as quickly as possible.
>
> MR. SHEEHAN: Your Honor, I have no objection to that. If I failed to communicate this to Ms. Chaitman, I apologize. We are submitting that list as part of the application, the complete list of the feeder funds and the customers associated with those feeder funds that were contemplated as part of the motion will be filed as part of the scheduling order I think within two weeks. Everyone will have this.
>
> THE COURT: I have no problem with that. It isolates a group that has a similar issue. The definition of feeder fund is something that is a little bit not clear to me. As Ms. Chaitman points out there are many types of vehicles that were used to put money into Madoff's hands. For example, there are institutions that take money in and then directly put that money into Madoff. Some of them are banks and some are financial institutions. **Is there or is there not a difference when there is a specific understanding that an institution is investing with Madoff, so that the investors with the institutions are considered under either the statute or case law to be a direct claimant**?
>
> MR. SHEEHAN: **Your Honor, you are absolutely right.**
>
> THE COURT: I am not always right, but I am just curious.

>MR. SHEEHAN: On this you are absolutely right. We have been using that term quite honestly in a very generic way. And the feeder fund is used in a very broad sense, and I understand Ms. Chaitman's concern as well, Your Honor. **One of the things we want to clarify by this motion, by identifying the body of feeder funds that we are talking about here are the ones we are talking about, and we will define this very specifically for the purpose of this application as we move forward so everyone will know to whom this is being addressed. We are addressing those feeder funds such as the Ascot asset. Your Honor, no banks will be included. No pension funds will be included. No investment groups will be included.**
>
>THE COURT: That was the thrust of my inquiry.
>
>MR. SHEEHAN: Pardon?
>
>THE COURT: That was the thrust of my inquiry.
>
>MR. SHEEHAN: It will be very discrete. Even though this will large, it will be a discrete body legally as to what people commonly refer to as feeder fund, 11 and we have a very solid description of who they are.

April 13, 2010 Transcript at 17-20 (emphasis added), annexed hereto as Exh. C.

      6.     Relying upon the above exchanges, I have not submitted papers in opposition to the Trustee's motion. Clearly, Mr. Sheehan and the Court recognized that SIPA contemplates that "customers" may have invested through accounts which are not titled in their own names. As the Court indicated, there is clearly no requirement under SIPA that the broker/dealer know, or have direct contact with, a "customer." Indeed, in the first draft of SIPA, SIPC would not have been required to recognize any investor as a "customer" whose name or interest in any portion of an account was not disclosed on the records of the broker/dealer "if such recognition would increase the aggregate amount of the insured customer accounts or insured liability in such closed broker or dealer." S. 2348, 91st Cong. Section 7(d) (June 9, 1969); H.R. 13308, 91st Cong. Section 7(d) (Aug. 4, 1969). This requirement was removed from the statute when it was enacted into law.

7. For the foregoing reasons, I respectfully request that the Court expressly limit its holding on the present motion to the specific feeder funds named by the Trustee in his motion papers.

8. Pursuant to 28 U.S.C. § 1746, I hereby declare that the foregoing statements made by me are true and correct. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

July 12, 2010

/s/ Helen Davis Chaitman