1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
         In the Matter
              of
                                  Case No. 08-01789

SECURITIES INVESTOR PROTECTION CORPORATION

              V.

BERNARD L. MADOFF INVESTMENT SECURITIES, et al.,

                        Debtors.

--------------------------------------------x

                              April 13, 2010

                              United States Custom House
                              One Bowling Green
                              New York, New York 10004


         In Re:  Hearing in Trustee's entry into third
amended and restated asset purchase agreement with Surge
Trading Inc. f/k/a Castor Pollux Securities, Inc.
         Trustee's application for preliminary injunction,
enforcement of stop declaration that Canavan, Goldsmith and
Kalman action is void ab initio and a Temporary Restraining
Order.

B E F O R E:

              HON. BURTON R. LIFLAND,

                        U.S. Bankruptcy Judge

```
                                                              2
 1   A P P E A R A N C E S (Continued):

 2

 3        BAKER HOSTETLER, LLP

 4        Attorneys for Irving H. Picard, Trustee

 5             45 Rockefeller Plaza

 6             New York, New York 10017

 7   BY:    BIK CHEEMA, ESQ.

 8              -and-

 9        DAVID J. SHEEHAN, ESQ.

10              -and-

11        MARC E. HIRSCHFIELD, ESQ.

12              -and-

13        KEITH R. MURPHY, ESQ.

14   SECURITIES INVESTOR PROTECTION CORPORATION

15             805 15th Street, Suite 800

16             Washington,  D.C.  20005

17   BY:    KEVIN H. BELL, ESQ.

18

19

20

21   PROSKAUER ROSE, LLP

22             Attorneys for Surge Trading

23             One International Place

24             Boston, Massachusetts  02110

25   BY:    PETER J. ANTOSZYK, ESQ.
```

17

1   as some of the other multiple claimants will.
2               Based upon that analysis of those
3   objections, Your Honor, I would respectfully submit these
4   objections should be overruled, and the order submitted to
5   your Honor should be entered with regard to this particular
6   objection.
7               I will answer any objections Your Honor may
8   have.
9               THE COURT:  Does anyone to be heard?
10              MS. CHAITMAN:  Yes, Your Honor, Helen
11  Chaitman from the law firm of Becker & Poliakoff for
12  Maureen Ebbel.  And with me here today is my colleague
13  Peter Smith.
14              I didn't file an objection.  I asked Mr.
15  Sheehan if he would be good enough to provide me with a
16  list of feeder funds that are the subject of this motion
17  and he has not done that.
18              I would ask that the Court direct him to do
19  that because I think there is some accountability and
20  concern amongst investors as to whether the vehicle in
21  which they invested is included within the contemplation of
22  this motion.  It is easy to say feeder fund but, in fact,
23  there are all kind of investment vehicles that Mr. Madoff
24  encouraged people to utilize and I am not really sure where
25  the cut off point is on the feeder fund.

                                                            18

1           Since many of these investors are foreign
2    it will take time for the organization of facts relevant to
3    their particular issues, and I would simply ask that a list
4    of the feeder fund be provided to us as quickly as
5    possible.
6           MR. SHEEHAN:  Your Honor, I have no
7    objection to that.  If I failed to communicate this to Ms.
8    Chaitman, I apologize.  We are submitting that list as
9    part of the application, the complete list of the feeder
10   fund and the customers associated with those feeder funds
11   that were contemplated as part of the motion will be filed
12   as part of the scheduling order I think within two weeks.
13          Everyone will have this.
14          MS. CHAITMAN:   Yes.
15          THE COURT:  Does anyone else want to be
16   heard?
17          MR. BELL:  Kevin Bell, on behalf of SIPC.
18   SIPC supports the application as proposed.
19          THE COURT:  I have no problem with that.
20   It isolates a group that has a similar issue.  The
21   definition of feeder fund is something that is a little bit
22   not clear to me.
23          As Ms. Chaitman points out there are many
24   types of vehicles that we use to put money into Madoff's
25   hands.

1              For example, there are institutions that
2  take money in and then directly put that money into Madoff.
3  Some of them are banks and some are financial institutions.
4              Is there or is there not a difference when
5  there is a specific understanding that an institution is
6  investing with Madoff, so that the investors with the
7  institutions are considered under either the statute or
8  case law to be a direct claimant?
9              MR. SHEEHAN:   Your Honor, you are
10 absolutely right.
11             THE COURT:   I am not always right, but I am
12 just curious.
13             MR. SHEEHAN:   On this you are absolutely
14 right.   We have been using that term quite honestly in a
15 very generic way.
16             And the feeder fund is used in a very broad
17 sense, and I understand Ms. Chaitman's concern as well,
18 Your Honor.   One of the things we want to clarify by this
19 motion, by identifying the body of feeder funds that we are
20 talking about here are the ones we are talking about, and
21 we will define this very specifically for the purpose of
22 this application as we move forward so everyone will know
23 to whom this is being addressed.
24             We are addressing those feeder funds such
25 as the Ascot asset.  Your Honor, no banks will be included.

                                                                    20

1    No pension funds will be included.   No investment groups
2    will be included.
3                   THE COURT:  That was the thrust of my
4    inquiry.
5                   MR. SHEEHAN:   Pardon?
6                   THE COURT:  That was the thrust of my
7    inquiry.
8                   MR. SHEEHAN:   It will be very discrete.
9    Even though this will large, it will be a discrete body
10   legally as to what people commonly refer to as feeder fund,
11   and we have a very solid description of who they are.
12                  THE COURT:  Does anyone else want to be
13   heard?
14                  There is no response.
15                  MR. SHEEHAN:   Thank you, Your Honor.
16                  THE COURT:  The request for relief is so
17   ordered.
18                  MR. SHEEHAN:   Apparently, my order was
19   also handed up with the earlier order on Surge.
20                  THE COURT:  It got in the way of my
21   signature.
22                  MR. SHEEHAN:   Thank you, Your Honor.  I
23   appreciate it.
24                  THE COURT: Next on the calendar of SIPC
25   versus Bernard L. Madoff Investment Securities.