UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　　　　　Plaintiff-Applicant,<br><br>　　v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　　　　　　Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>　　　　　　　　　Debtor. | |



## OBJECTION TO TRUSTEE'S MOTION FOR AN ORDER TO AFFIRM TRUSTEE'S DETERMINATIONS DENYING CLAIMS OF CLAIMANTS WITHOUT BLMIS ACCOUNTS IN THEIR NAMES, NAMELY, INVESTORS IN FEEDER FUNDS

The Suzanne & Charles Haar Family Foundation Inc. (the "Haar Family Foundation") hereby objects to the Trustee's motion dated June 11, 2010. As grounds for its objection, the Haar Family Foundation states as follows:

　　1.　　In or about January 2000, the Haar Family Foundation, a 501(c)(3) charitable organization that supports higher educational institutions, invested approximately $300,000 in Ascot Partners, LP ("Ascot Partners").

　　2.　　Ascot Partners (BLMIS Account No. 1-A0058) invested all, or almost all, of its assets with Bernard L. Madoff Investment Securities LLC ("BLMIS"). *See* complaint filed in *People v. Merkin,* Supreme Court of New York, County of New York, Index No. 450879/2009, a copy of which is attached hereto as Exhibit A.

3. On June 25, 2009, the Haar Family Foundation timely filed a customer claim with the Trustee.

4. On or about December 8, 2009, the Haar Family Foundation received notice that the Trustee denied its claim on the following basis:

> Based on a review of available books and records of BLMIS by the Trustee's staff, you did not have an account with BLMIS. Because you did not have an account, you are not a customer of BLMIS under SIPA as that term is defined at 15 U.S.C. § 78*lll*(2). Accordingly, your Claim for securities and/or a credit balance is **DENIED**.[1]

5. On January 5, 2010, the Haar Family Foundation timely filed an opposition to the Trustee's denial of its claim.

6. The Trustee's determination that the Haar Family Foundation is not a "customer" of BLMIS is contrary to the plain meaning and purpose of the Securities Investor Protection Act ("SIPA").

7. SIPA section 78*lll*(2) defines "customer" as:

> any person (including any person with whom the debtor deals as principal or agent) who has a claim on account of securities received, acquired, or held by the debtor in the ordinary course of its business as a broker or dealer from or for the securities accounts of such person for safekeeping, with a view to sale, to cover consummated sales, pursuant to purchases, as collateral security, or for purposes of effecting transfer. The term "customer" includes any person who has a claim against the debtor arising out of sales or conversions of such securities, and <u>any person who has deposited cash with the debtor for the purpose of purchasing securities</u>...

(emphasis added). The Haar Family Foundation's cash was deposited with the debtor for the purpose of purchasing securities. The Haar Family Foundation, therefore, is a "customer" of BLMIS. *See* 15 U.S.C. § 78*lll*(2); *see also Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 401 B.R. 629, 635 (Bankr. S.D.N.Y. 2009) ("the mere 'act of *entrusting*...cash to the

---

[1] The notices state that the Haar Family Foundation's claim was designated as Claim No. 012998 and Claim No. 014594.

13059838.1

-2-

debtor for the purpose of effecting securities transactions…triggers customer status…'")
(emphasis in original).

8. The fact that the Haar Family Foundation invested in BLMIS through a feeder fund makes no substantive difference. *See, e.g., In re Old Naples Sec., Inc.*, 223 F.3d 1296, 1302 (11th Cir. 2000). In the *Old Naples* case, the Court observed that "[w]hether a claimant 'deposited cash with the debtor,' however, does not…depend simply on to whom the claimant handed her cash or made her check payable, or even where the funds were initially deposited. Instead, the question is whether there was 'actual receipt, acquisition or possession of the property of a claimant by the brokerage firm under liquidation.'" *Id.* Here, there is no dispute that the Haar Family Foundation's cash was actually invested with BLMIS, and that BLMIS took "actual possession" of the Haar Family Foundation's cash because Ascot Partners invested all of its assets with BLMIS.

9. Moreover, the underlying remedial purpose of SIPA supports treating the Haar Family Foundation as a "customer" of BLMIS. *See, e.g., In re: New Times Sec. Servs.*, 371 F.3d 68, 84 (2d Cir. 2004) (holding that SIPA should be read broadly to effectuate its purpose). As this Court (Lifland, J.) recently held, "Congress's primary purpose in enacting SIPA was 'to protect investors against financial losses arising from the insolvency of their brokers' and reestablish investor confidence in capital markets." *Bernard L. Madoff Inv. Sec. LLC*, 401 B.R. at 633-34 (quoting *SEC v. S.J. Salmon & Co.*, 375 F. Supp. 867, 871 (S.D.N.Y. 1974)). Such protection is especially warranted here, where BLMIS managed to perpetrate the largest Ponzi scheme in American history at the expense of thousands of innocent investors.

10. Finally, public policy and fundamental fairness dictate that the Haar Family Foundation be treated as a "customer" of BLMIS. The Trustee is using SIPA as both a sword

and a shield against indirect investors. While the Trustee has denied SIPA claims of investors in feeder funds, the Trustee has been investigating potential claw back actions against other investors who made redemptions from those feeder funds. Thus, the Trustee is treating similarly situated investors differently, based on whether they are net winners or net losers. According to the Trustee, indirect net winners have cash that "belongs" to BLMIS, while indirect net losers are "strangers" to BLMIS. To the extent that the Trustee has pursued, or intends to pursue, indirect investors who redeemed from feeder funds, his actions are logically inconsistent with denying the claims of other indirect investors. Both indirect net winners and indirect net losers stand in the same relational position vis-à-vis the Trustee. By pursuing such claw back actions, the Trustee is seeking to pull money into the BLMIS estate – for the benefit of direct investors only – while reducing the assets available to satisfy the claims of innocent indirect investors. As a result, under the Trustee's approach, the innocent indirect investors lose twice: they lose the benefit of assets available at the feeder fund level and they run the risk of receiving no benefit under SIPA.

11. Accordingly, the Haar Family Foundation should be treated as a "customer" of BLMIS and the Trustee's determination denying the Haar Family Foundation's claim should be overruled.

12. The Haar Family Foundation reserves any and all rights that it may have as a result of the losses that it suffered due to the actions of BLMIS.

13. To the extent applicable, the Haar Family Foundation joins the objections of other claimants in the same or similar position.

WHEREFORE, the Haar Family Foundation objects to the Trustee's motion dated June 11, 2010 and requests that the Court overrule the Trustee's determination.

Respectfully submitted,

THE SUZANNE & CHARLES HAAR
FAMILY FOUNDATION INC.
By its attorneys,

_____
J. William Codinha (BBO No. 087740)
Timothy W. Mungovan (BBO No. 600702)
Deborah C. Burton (BBO No. 650737)
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110
(617) 345-1000
jcodinha@nixonpeabody.com
tmungovan@nixonpeabody.com
dburton@nixonpeabody.com

Dated: July 8, 2010

## CERTIFICATE OF SERVICE

I, Deborah C. Burton, certify that a copy of the above objection was sent via overnight mail on July 8, 2010 to:

>Clerk of the United States Bankruptcy Court for
>the Southern District of New York
>One Bowling Green
>New York, NY 10004

>and

>Irving H. Picard, Trustee
>c/o Baker & Hostetler LLP
>Attn: Claims Department
>45 Rockefeller Plaza
>New York, NY 10111

_____
Deborah C. Burton