# EXHIBIT C

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES, LLC,<br><br>Defendant.<br><br>In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | Adv. Pro. No. 08-01789<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |

## OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM

Ermitage Finance Corporation ("Ermitage") hereby files its objection to Trustee Irving H. Picard's Notice of Trustee's Determination of Claim dated December 8, 2009 ("Determination Letter"), for Claim No. 013806, and states as follows:

### BACKGROUND

1. On December 11, 2008, the above-captioned liquidation proceeding was commenced against Bernard L. Madoff Investment Securities, LLC ("BLMIS"), pursuant to the Securities Investor Protection Act of 1970 ("SIPA"). *See* Order, *Sec. & Exch. Comm'n v. Madoff*, No. 08-10791 (S.D.N.Y. Dec. 15, 2008) (ordering relief under SIPA and transferring proceeding to the United States Bankruptcy Court for the Southern District of New York). [DE 1].

2. Irving Picard was appointed Trustee, charged with overseeing the liquidation of BLMIS and processing investor claims for money pursuant to SIPA. *Id.*

3. On December 23, 2008, the Court issued an order directing the Trustee to disseminate notice and claim forms to BLMIS customers and setting forth claim-filing deadlines. [DE 12].

4. The December 23 order further provided that, to the extent the Trustee disagrees with the amount set forth on a customer claim form, the Trustee "shall notify such claimant by mail of his determination that the claim is disallowed, in whole or in part, . . . ." *Id.* at 6.

5. On June 30, 2009, Ermitage submitted its BLMIS customer claim form with supporting documentation. Ermitage's claim reflected its investments in two separate BLMIS feeder funds, Fairfield Sentry Limited Fund ("Sentry") and Fairfield Tensyr Fund ("Tensyr") (collectively, "the Funds"). A true and correct copy of Ermitage's claim form is attached as Exhibit A.

6. On December 8, 2009, the Trustee issued a Determination Letter denying Ermitage's claim, designated as Claim No. 013806, on the grounds that Ermitage was "not a Customer of BLMIS under SIPA," as Ermitage did not have an account with BLMIS. A true and correct copy of the Determination Letter is attached as Exhibit B.[1]

7. Ermitage objects to the Determination Letter for the reasons set forth below.

## GROUNDS FOR OBJECTION

8. The Trustee's literal interpretation of "customer" under SIPA, and his decision to limit relief only to direct customers of BLMIS, is contrary to the statute's intended purpose.

---

[1] The Trustee issued two determination letters - - for Claim Nos. 013806 and 014748 - - denying Ermitage's investments in the Sentry and Tensyr funds. The Determination Letter for Claim No. 013806 does not identify a particular fund and, therefore, Ermitage is unable to determine to which of the two funds this claim denial applies. As a result, Ermitage maintains that all objections contained herein apply irrespective of the fund at issue.

2

**Lewis Tein** PL
ATTORNEYS AT LAW
3059 GRAND AVENUE, SUITE 340, COCONUT GROVE, FLORIDA 33133

The aim of SIPA has always been, and continues to be, the restoration of investor confidence. *In re Primeline Sec. Corp.*, 295 F.3d 1100, 1105-06 (10th Cir. 2002) (citing *Sec. Investor Prot. Corp. v. Barbour*, 421 U.S. 412, 415 (1975)). As the Supreme Court explained:

> Customers of failed firms found their cash and securities . . . either dissipated or tied up in lengthy bankruptcy proceedings. In addition to its disastrous effects on customer assets and investor confidence, this situation also threatened a "domino effect" involving otherwise solvent brokers that had substantial open transactions with the firm that had failed. Congress enacted SIPA to arrest this process, restore investor confidence in the capital markets, and upgrade the financial responsibility requirements for registered brokers and dealers.

*Barbour*, 421 U.S. at 415. Thus, the very goals of SIPA compel equitable treatment of BLMIS indirect investors.

9.  To deny relief to investors who invested in BLMIS through feeder funds, like Sentry and Tensyr, while at the same time providing relief to those investors who directly invested in BLMIS, flies in the face of SIPA's intended purpose and defies principles of fundamental fairness. Accordingly, the term "customer" must be liberally construed to include persons or entities who invested in BLMIS through feeder funds. Indeed, these indirect investors have incurred financial loss equal to or greater than many of the direct BLMIS customers and should be included within the customer definition.

10. Ermitage invested in Sentry and Tensyr which, in turn, invested Ermitage's assets with BLMIS. As an investor in the Funds, Ermitage's relationship with BLMIS is far from attenuated. Rather, Ermitage's investments are easily traceable to BLMIS, and accordingly, Ermitage's investments with BLMIS should afford Ermitage customer status under SIPA.

Lewis Tein PL
ATTORNEYS AT LAW
3059 GRAND AVENUE, SUITE 340, COCONUT GROVE, FLORIDA 33133

## RELIEF REQUESTED

11. In accordance with the intent of SIPA, Ermitage requests the Trustee broaden his interpretation of "customer" to include those investors who invested with BLMIS through another fund, and grant Ermitage customer status for purposes of SIPA recovery.

12. Ermitage requests a hearing before Bankruptcy Judge Burton R. Lifland in order to establish that the Trustee has improperly denied Claim No. 013806.

## CONCLUSION

13. For the reasons set forth above, Ermitage objects to the Trustee's denial of Claim No. 013806 and maintains that its claim should be allowed in its entirety.

14. Ermitage reserves the right to revise, supplement or amend this objection, and any failure to object on a particular ground or grounds shall not be construed as a waiver of Ermitage's right to object on any additional grounds.

Respectfully submitted,

LEWIS TEIN, P.L.
3059 Grand Avenue, Suite 340
Coconut Grove, Florida 33133
Telephone: (305) 442-1101
Facsimile: (305) 442-6744

By: /s/ Susan Capote
SUSAN CAPOTE
Florida Bar No.: 027563
scapote@lewistein.com
(*pro hac vice* application pending)

*Counsel for Ermitage Finance Corporation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 6, 2010, the foregoing document was submitted for conventional filing with the Clerk of Court via Federal Express overnight delivery. I also certify that the foregoing document was submitted this day for service on Irving H. Picard, Trustee, c/o Baker & Hostetler, LLP, 45 Rockefeller Plaza, New York, New York 10111, via Federal Express overnight delivery.

*Susan Capote*
Susan Capote

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES, LLC,<br><br>Defendant.<br><br>In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | Adv. Pro. No. 08-01789<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |

## OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM

Ermitage Finance Corporation ("Ermitage") hereby files its objection to Trustee Irving H. Picard's Notice of Trustee's Determination of Claim dated December 8, 2009 ("Determination Letter"), for Claim No. 014748, and states as follows:

### BACKGROUND

1. On December 11, 2008, the above-captioned liquidation proceeding was commenced against Bernard L. Madoff Investment Securities, LLC ("BLMIS"), pursuant to the Securities Investor Protection Act of 1970 ("SIPA"). *See* Order, *Sec. & Exch. Comm'n v. Madoff*, No. 08-10791 (S.D.N.Y. Dec. 15, 2008) (ordering relief under SIPA and transferring proceeding to the United States Bankruptcy Court for the Southern District of New York). [DE 1].

2. Irving Picard was appointed Trustee, charged with overseeing the liquidation of BLMIS and processing investor claims for money pursuant to SIPA. *Id.*

3. On December 23, 2008, the Court issued an order directing the Trustee to disseminate notice and claim forms to BLMIS customers and setting forth claim-filing deadlines. [DE 12].

4. The December 23 order further provided that, to the extent the Trustee disagrees with the amount set forth on a customer claim form, the Trustee "shall notify such claimant by mail of his determination that the claim is disallowed, in whole or in part, . . . ." *Id.* at 6.

5. On June 30, 2009, Ermitage submitted its BLMIS customer claim form with supporting documentation. Ermitage's claim reflected its investments in two separate BLMIS feeder funds, Fairfield Sentry Limited Fund ("Sentry") and Fairfield Tensyr Fund ("Tensyr") (collectively, "the Funds"). A true and correct copy of Ermitage's claim form is attached as Exhibit A.

6. On December 8, 2009, the Trustee issued a Determination Letter denying Ermitage's claim, designated as Claim No. 014748, on the grounds that Ermitage was "not a Customer of BLMIS under SIPA," as Ermitage did not have an account with BLMIS. A true and correct copy of the Determination Letter is attached as Exhibit B.[1]

7. Ermitage objects to the Determination Letter for the reasons set forth below.

**GROUNDS FOR OBJECTION**

8. The Trustee's literal interpretation of "customer" under SIPA, and his decision to limit relief only to direct customers of BLMIS, is contrary to the statute's intended purpose.

---

[1] The Trustee issued two determination letters - - for Claim Nos. 013806 and 014748 - - denying Ermitage's investments in the Sentry and Tensyr funds. The Determination Letter for Claim No. 014748 does not identify a particular fund and, therefore, Ermitage is unable to determine to which of the two funds this claim denial applies. As a result, Ermitage maintains that all objections contained herein apply irrespective of the fund at issue.

2

The aim of SIPA has always been, and continues to be, the restoration of investor confidence. *In re Primeline Sec. Corp.*, 295 F.3d 1100, 1105-06 (10th Cir. 2002) (citing *Sec. Investor Prot. Corp. v. Barbour*, 421 U.S. 412, 415 (1975)). As the Supreme Court explained:

> Customers of failed firms found their cash and securities ... either dissipated or tied up in lengthy bankruptcy proceedings. In addition to its disastrous effects on customer assets and investor confidence, this situation also threatened a "domino effect" involving otherwise solvent brokers that had substantial open transactions with the firm that had failed. Congress enacted SIPA to arrest this process, restore investor confidence in the capital markets, and upgrade the financial responsibility requirements for registered brokers and dealers.

*Barbour*, 421 U.S. at 415. Thus, the very goals of SIPA compel equitable treatment of BLMIS indirect investors.

9. To deny relief to investors who invested in BLMIS through feeder funds, like Sentry and Tensyr, while at the same time providing relief to those investors who directly invested in BLMIS, flies in the face of SIPA's intended purpose and defies principles of fundamental fairness. Accordingly, the term "customer" must be liberally construed to include persons or entities who invested in BLMIS through feeder funds. Indeed, these indirect investors have incurred financial loss equal to or greater than many of the direct BLMIS customers and should be included within the customer definition.

10. Ermitage invested in Sentry and Tensyr which, in turn, invested Ermitage's assets with BLMIS. As an investor in the Funds, Ermitage's relationship with BLMIS is far from attenuated. Rather, Ermitage's investments are easily traceable to BLMIS, and accordingly, Ermitage's investments with BLMIS should afford Ermitage customer status under SIPA.

## RELIEF REQUESTED

11.    In accordance with the intent of SIPA, Ermitage requests the Trustee broaden his interpretation of "customer" to include those investors who invested with BLMIS through another fund, and grant Ermitage customer status for purposes of SIPA recovery.

12.    Ermitage requests a hearing before Bankruptcy Judge Burton R. Lifland in order to establish that the Trustee has improperly denied Claim No. 014748.

## CONCLUSION

13.    For the reasons set forth above, Ermitage objects to the Trustee's denial of Claim No. 014748 and maintains that its claim should be allowed in its entirety.

14.    Ermitage reserves the right to revise, supplement or amend this objection, and any failure to object on a particular ground or grounds shall not be construed as a waiver of Ermitage's right to object on any additional grounds.

Respectfully submitted,

LEWIS TEIN, P.L.
3059 Grand Avenue, Suite 340
Coconut Grove, Florida 33133
Telephone: (305) 442-1101
Facsimile: (305) 442-6744

By: /s/ Susan Capote
SUSAN CAPOTE
Florida Bar No.: 027563
scapote@lewistein.com
(*pro hac vice* application pending)

*Counsel for Ermitage Finance Corporation*

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 6, 2010, the foregoing document was submitted for conventional filing with the Clerk of Court via Federal Express overnight delivery. I also certify that the foregoing document was submitted this day for service on Irving H. Picard, Trustee, c/o Baker & Hostetler, LLP, 45 Rockefeller Plaza, New York, New York 10111, via Federal Express overnight delivery.

_____
Susan Capote