UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
SECURITIES INVESTOR PROTECTION      :
CORPORATION,                        :     Adv. Pro. No. 08-01789 (BRL)
                                    :
            Plaintiff,              :     SIPA Liquidation
                                    :
      v.                            :
                                    :
BERNARD L. MADOFF INVESTMENT        :
SECURITIES LLC,                     :
                                    :
            Defendant.              :
                                    :
------------------------------------X


MEMORANDUM OF LAW OF CLAIMANTS ESTEBAN ARCE HERRERA
AND NIEVES SANTISEBAN IN OPPOSITION TO TRUSTEE'S MOTION
TO AFFIRM TRUSTEE'S DETERMINATIONS DENYING CLAIMS
OF CLAIMANTS WHO ARE INVESTORS IN FEEDER FUNDS


Arthur M. Handler
Robert S. Goodman
MOUND COTTON WOLLAN
 & GREENGRASS
One Battery Park Plaza
New York, New York 10004
Tel. 212-804-4200
Fax: 212-344-8066
Email: ahandler@moundcotton.com
Email: rgoodman@moundcotton.com

Attorneys for Claimants
Esteban Arce Herrera and
Nieves Santisteban

TABLE OF CONTENTS

PAGES

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

BACKGROUND FACTS ..................................................................................................... 1

ARGUMENT ........................................................................................................................ 1

      CLAIMANTS ARE "CUSTOMERS" AS PROVIDED FOR
      BY THE SECURITIES INVESTOR PROTECTION ACT ...................................... 1

CONCLUSION ..................................................................................................................... 4

## TABLE OF AUTHORITIES

**CASES**                                                                                                          **PAGES**

Arford v. Miller,
239 B.R. 698, 701 (S.D.N.Y. 1999) aff'd sub nom. In re Stratton Oakmont,
210 F.3d 420 (2d Cir. 2000) ............................................................................................2

In re First State Securities Corp.,
34 B.R. 492, 496 (S.D. Fla. 1980) ...................................................................................2

Tcherepnin v. Knight,
389 U.S. 332, 88 S.Ct. 548, 19 L.Ed.2d 564 (1967) .......................................................2

Rosenman Family, LLC v. Picard,
401 B.R. 629, 635 (S.D.N.Y. 2009) .................................................................................1

SEC v. S.J. Salmon & Co., Inc.,
375 F. Supp. 867, 871 (S.D.N.Y. 1974) ..........................................................................2

SEC v. Schreiber Bosse & Co., Inc.,
368 F. Supp. 24 (N.D. Ohio 1973) ..................................................................................2

**STATUTES**

Section 78*lll*(2) of the SIPA............................................................................................1

S. 2348, 91st Cong. Section 7(d) (June 9, 1969) .............................................................2

H.R. 13308, 91st Cong. Section 7(d) (Aug. 4, 1969) .......................................................2

Section 9 of the SIPA (15 U.S.C. § 78fff-3(a)(5)) ............................................................3

Preliminary Statement

Esteban Arce Herrera and Nieves Santisteban ("Claimants"), submit this memorandum of law in opposition to the motion of the Trustee to confirm his determination denying the claims of claimants who are investors in feeder funds. Claimants oppose the Trustee's motion for the reasons set forth herein and for such additional reasons as may be set forth by other objectants in similar circumstances to Claimants.

Background Facts

The background facts are set forth in the Claimants' objection to Trustee's determination of claim annexed hereto as Exhibit 1 (see ¶¶ 1-9).

ARGUMENT

CLAIMANTS ARE "CUSTOMERS" AS PROVIDED FOR
BY THE SECURITIES INVESTOR PROTECTION ACT

Contrary to the position of the Trustee, the Claimants are "customers[s]" as provided for by the Securities Investor Protection Act. As such, they are each entitled to receive SIPC insurance. Section 78*lll*(2) of the SIPA defines "customer" as "any person who has deposited cash with the debtor for the purpose of purchasing securities." Rosenman Family, LLC v. Picard, 401 B.R. 629, 635 (S.D.N.Y. 2009) ("the mere act of entrusting . . . cash to the debtor for the purpose of effecting securities transactions . . . triggers customer status . . ."). The Trustee's position that the fact that the Claimants deposited funds with Bernard L. Madoff Investment Securities, Inc. ("BLMIS") indirectly is fatal to their respective claims as "customers" under SIPA is both legally and factually incorrect.

The literature of Fairfield Sentry with respect to the Claimants' investment made clear, in unequivocal terms, that funds invested by the Claimants with Fairfield Sentry would be directly deposited by Fairfield Sentry with BLMIS, and that BLMIS would be making all of the

investments. BLMIS was the named "Investment Manager" and was a broker/dealer under the 1934 Act, subject to SIPA (see Exhibit C to Exhibit 1 hereto).

"SIPA is remedial legislation. As such it should be liberally construed to effect its purposes" of protecting the investments of customers of broker-dealers and investment advisors. In re First State Securities Corp., 34 B.R. 492, 496 (S.D. Fla. 1980), citing Tcherepnin v. Knight, 389 U.S. 332, 88 S.Ct. 548, 19 L.Ed.2d 564 (1967). The fundamental purpose of the SIPA was to protect the public in the event that the entities with whom they dealt went bankrupt, or were otherwise unable to satisfy their customer agreements. SEC v. S.J. Salmon & Co., Inc., 375 F. Supp. 867, 871 (S.D.N.Y. 1974) ("The principal purpose of the [Securities Investor Protection] Act was to protect investors against financial losses arising from the insolvency of their brokers."); SEC v. Schreiber Bosse & Co., Inc., 368 F. Supp. 24 (N.D. Ohio 1973).

Under SIPA, the term "customer" is a term of art, and does not have its ordinary and customary meaning. Arford v. Miller, 239 B.R. 698, 701 (S.D.N.Y. 1999), aff'd sub nom. In re Stratton Oakmont, 210 F.3d 420 (2d Cir. 2000). It is to be construed within the context of the definitional section of the SIPA and as interpreted by the courts.

Congress intended for "customer" to be broadly interpreted. In the first draft of the bill, there was no entitlement to insurance under SIPA for any customer whose name or interest was not disclosed on the records of the broker/dealer "if such recognition would increase the aggregate amount of the insured customer accounts or insured liability in such closed broker or dealer." S. 2348, 91st Cong. Section 7(d) (June 9, 1969); H.R. 13308, 91st Cong. Section 7(d) (Aug. 4, 1969). Significantly, such exclusion was eliminated and the final bill did not include such exclusion.

There is no statutory mandate that the funds or securities received by the "debtor" be received "directly" from the customer. Had this been a requirement, Congress would have clearly seen fit to so require it. Indeed, Section 9 of the SIPA (15 U.S.C. § 78fff-3(a)(5)), covering advances by the SIPC to the bankruptcy trustee, states that:

> no advance shall be made by SIPC to the trustee to pay or otherwise satisfy any net equity claim of any customer who is a broker or dealer or bank, <u>other than to the extent that it shall be established to the satisfaction of the trustee</u>, from the books and records of the debtor or from the books and records of a broker of dealer or bank, or otherwise, <u>that the net equity claim of such broker or dealer or bank against the debtor arose out of transactions for customers of such broker of dealer or bank . . ., in which event each such customer of such broker or dealer or bank shall be deemed a separate customer of the debtor</u>.

Emphasis supplied.

The Fairfield Sentry literature evidences that BLMIS, a registered broker/dealer under the 1934 Act, received Claimants' funds from Fairfield Sentry. Hence, Claimants should be deemed to be "customers" and are entitled to have their claim under SIPA allowed by this Court.

3

## CONCLUSION

For the reasons set forth herein and in any other objections or oppositions to the Trustee's motion, the motion of the Trustee should be denied and Claimants Esteban Arce Herrera and Nieves Santisteban should be deemed to be "customers" for the purpose of receiving SIPC insurance.

Dated: New York, New York
      July 12, 2010

                              MOUND COTTON WOLLAN & GREENGRASS

By: /s/ Arthur M. Handler
      Arthur M. Handler
      Robert S. Goodman
      One Battery Park Plaza
      New York, New York 10004
      (212) 804-4200

Email: ahandler@moundcotton.com
Email: rgoodman@moundcotton.com

Attorneys for Claimants
Esteban Arce Herrera and Nieves Santisteban

4

## CERTIFICATE OF SERVICE

I, Robert S. Goodman, certify that a copy of the annexed opposition memorandum was served and filed by electronic mail through the Court's electronic filing system on July 12, 2010.

Dated: New York, New York
      July 12, 2010

                                                        _/s/ Robert S. Goodman_
                                                         Robert S. Goodman