CROWELL & MORING LLP
William M. O'Connor, Esquire
Mark S. Lichtenstein, Esquire
590 Madison Avenue, 20th Floor
New York, NY 10022-2524
(212) 223-4000 Telephone
(212) 223-4134 Facsimile
Attorneys for Jitendra Gopaldas, Gopal Gangaram Bhatia, Kishanchand Gangaram Bhatia,
Nirmala Kishanchand, Jayashree Bhatia, Nirmala K. Bhatia, Pushpa Gangaram Bhatia,
Mandakini Manish Gajaria, Ashokkumar Damodardas Raipancholia, Dilip Damodardas
Raipancholia, Rajeshkumar Damodardas Raipancholia, Kishu Nathurmal Uttamchandani, Prerna
Vinod Uttamchandani, Arjan Mohandas Bhatia, Kishin Mohandas Bhatia, Suresh M. Bhatia,
Bharat Mohandas, Rajendrakumar Patel, Vandna Patel, Tradewaves Ltd., Parasram Daryani,
Neelam P. Daryani, Vikas P. Daryani, Nikesh P. Daryani, and Aarvee Ltd.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | ) | |
| SECURITIES INVESTOR PROTECTION | ) | |
| CORPORATION, | ) | Adversary Proceeding |
| | ) | |
| Plaintiff, | ) | No. 08-01789-BRL |
| | ) | |
| v. | ) | SIPA Liquidation |
| | ) | |
| BERNARD L. MADOFF INVESTMENT | ) | |
| SECURITIES LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**OBJECTION TO TRUSTEE'S MOTION FOR AN ORDER TO AFFIRM TRUSTEE'S
DETERMINATIONS DENYING CLAIMS OF CLAIMANTS WITHOUT BLMIS
ACCOUNTS IN THEIR NAMES, NAMELY, INVESTORS IN FEEDER FUNDS**

Jitendra Gopaldas, Gopal Gangaram Bhatia, Kishanchand Gangaram Bhatia, Nirmala

Kishanchand, Jayashree Bhatia, Nirmala K. Bhatia, Pushpa Gangaram Bhatia, Mandakini

Manish Gajaria, Ashokkumar Damodardas Raipancholia, Dilip Damodardas Raipancholia,

Rajeshkumar Damodardas Raipancholia, Kishu Nathurmal Uttamchandani, Prerna Vinod

Uttamchandani, Arjan Mohandas Bhatia, Kishin Mohandas Bhatia, Suresh M. Bhatia, Bharat

Mohandas, Rajendrakumar Patel, Vandna Patel, Tradewaves Ltd., Parasram Daryani, Neelam P.

Daryani, Vikas P. Daryani, Nikesh P. Daryani, and Aarvee Ltd. (collectively, the "Investors") hereby object to Trustee's Motion for an Order to Affirm Trustee's Determinations Denying Claims of Claimants Without BLMIS Accounts in Their Names, Namely, Investors in Feeder Funds (the "Motion"), and state as follows:

## Background Facts

The Investors are holders of certain accounts with Standard Chartered International (USA) Ltd. ("SCB"). Through their accounts with SCB, the Investors' funds were invested in Fairfield Sentry Limited ("Fairfield Sentry"), a "feeder fund" that invested all or a large portion of its assets, including the Investors' funds, with Bernard L. Madoff Investment Securities LLC ("BLMIS").

On December 11, 2008, Bernard L. Madoff ("Madoff") was arrested and charged with perpetrating a multi-billion dollar securities fraud, to which he has pled guilty. Simultaneously with the criminal case, the Securities and Exchange Commission (the "SEC") filed a complaint against, among others, Madoff and BLMIS (Case No. 08-CV-10791). Shortly thereafter, under section 78eee(a)(4)(A) of the Securities Investor Protection Corporation Act, 15 U.S.C. § 78aaa, *et seq.* ("SIPA"), the SEC consented to the combination of its case against Madoff and BLMIS with an application of the Securities Investor Protection Corporation ("SIPC"). Thereafter, pursuant to section 78eee(a)(3) of SIPA, SIPC filed an application in the United States District Court for the Southern District of New York, which led to the entry of a protective decree that, among other things, removed the case to this Court pursuant to section 78eee(b)(4) of SIPA.

On December 23, 2008, this Court entered an order specifying the procedures for filing, determining, and adjudicating customer claims (the "Claims Procedures Order") (Dkt. No. 12). Pursuant to the Claims Procedures Order, as customers of BLMIS, the Investors timely filed Customer Claims with Irving H. Picard, Trustee (the "Trustee"). Specifically, the Investors filed the following claims (some of which apparently were given more than one claim number):

| Claimants | SIPC Claim No. | Amount | Account No. |
|---|---|---|---|
| Jitendra Gopaldas, Gopal Gangaram Bhatia, Kishanchand Gangaram Bhatia, Nirmala Kishanchand | 5804 | $2,986,916.22 | *71** |
| Jayashree Bhatia, Nirmala K. Bhatia, Kishanchand Gangaram Bhatia, Nirmala Kishanchand | 5785 | $2,160,919.31 | *52** |
| Kishanchand Gangaram Bhatia, Gopal Gangaram Bhatia, Pushpa Gangaram Bhatia, Mandakini Manish Gajaria | 5789 | $196,406.23 | *74** |
| Ashokkumar Damodardas Raipancholia, Dilip Damodardas Raipancholia, Rajeshkumar Damodardas Raipancholia | 14680 14681 15113 15232 15353 | $837,813.40 | **519 |
| Kishu Nathurmal Uttamchandani, Prerna Vinod Uttamchandani | 15110 70163 | $236,224.28 | ***017 |
| Arjan Mohandas Bhatia, Kishin Mohandas Bhatia, Suresh M. Bhatia, Bharat Mohandas | 15112 | $410,518.00 | **846 |
| Rajendrakumar Patel, Vandna Patel | 15111 15145 15146 15352 70032 | $256,817.13 | ***363 |
| Tradewaves Ltd. | 4459 | $752,015.43 | ***572 |
| Nikesh P. Daryani, Neelam P. Daryani | 10850 | $347,163.00 | **701 |
| Vikas P. Daryani, Neelam P. Daryani | 10851 | $482,937.00 | **481 |
| Parasram Daryani, Neelam P. Daryani, Vikas P. Daryani, Nikesh P. Daryani | ****[1] | $974,885.67 | ***834 |
| Aarvee Ltd. | ****[2] | $455,023.32 | ***065 |

---

[1]     The undersigned counsel has reason to believe that a claim was timely filed directly by these similarly situated Investors, but counsel has not received a Notice of Trustee's Determination of Claim for this claim.  Out of abundance of caution and to preserve the rights of these similarly situated Investors, Parasram Daryani, Neelam P. Daryani, Vikas P. Daryani and Nikesh P. Daryani join in this objection.

[2]     The undersigned counsel has reason to believe that a claim was timely filed directly by this similarly situated Investor, but counsel has not received a Notice of Trustee's Determination of Claim for this claim.  In addition, on information and belief, this Investor also may have filed timely claims relating to Account Numbers **100 and ***656.  Out of abundance of caution and to preserve the rights of this similarly situated Investor, Aarvee Ltd. joins in this objection.

Copies of these claims are attached hereto as **Exhibit A**.

On December 8, 2009, for each of the above-referenced claims, the Trustee issued a Notice of Trustee's Determination of Claim that denied the claims on the ground that, because the Investors did not have individual accounts with BLMIS, they were not "customers" of BLMIS under SIPA.   As an example, a copy of one of the several Notices of Trustee's Determination of Claim is attached hereto as **Exhibit B**.

On January 7, 2010, the Investors filed their Objection to Trustee's Determination of Claims (Dkt. No. 1486).   On June 11, 2010, the Trustee filed the Motion, asking the Court to affirm his determination of the status of the Investors.

<u>Argument</u>

A.     **The Investors are "customers" under SIPA entitled to SIPC insurance**

The Trustee contends that, because the Investors did not have individual accounts with BLMIS, they do not satisfy the definition of "customer" under SIPA.   But the Trustee's position ignores the case law that holds otherwise and, of equal importance, defies the remedial purpose of SIPA.

Contrary to the Trustee's position, if Congress had intended to limit the definition of "customer" to account holders, the definition could have been six words:   "A 'customer' is an account holder."   Instead, Congress defined "customer" broadly to include any person "who has deposited cash with the debtor for the purpose of purchasing securities . . . ."   15 U.S.C. §78lll(2); *see also Rosenman Family LLC v. Picard*, 401 B.R. 629, 635 (Bankr. S.D.N.Y. 2009) (quoting *In re ESN Gov. Secs., Inc.*, 812 F.2d 1374, 1376 (11th Cir. 1986) ("the mere act of entrusting . . . cash to the debtor for the purpose of effective securities transactions . . . triggers customer status . . .")).   Clearly, by defining "customer" more broadly than just those with

individual accounts, Congress intended for those without individual accounts, such as Investors, to fall within the definition.

In determining whether a person is a "customer," it does not matter to whom he or she delivered her cash or made her check payable, or even where the funds were initially deposited. *See In re Old Naples Securities, Inc.*, 223 F.3d 1296, 1302-03 (11th Cir. 2000).   Rather, the determination depends upon whether there was "actual receipt, acquisition or possession of the property of a claimant by the brokerage firm under liquidation."  *Id.* at 1302.   Here, the Investors' property was pooled with other investors in Fairfield Sentry and then invested with BLMIS.   Stated differently, BLMIS actually received, acquired or possessed their property. Although they are indirect investors in BLMIS, there is no question that the Investors' property ended up in the hands of BLMIS.

In addition, SIPA is remedial legislation.   As such, SIPA's definition of "customer," along with SIPA's other provisions, should be construed liberally to effect its purpose.  *See, e.g.*, *Tcherepin v. Knight*, 389 U.S. 332, 336 (1967) (in the context of construing the Securities Act of 1933, the Supreme Court was guided by "the familiar canon of statutory construction that remedial legislation should be construed broadly to effectuate its purposes").[3]  SIPA's purpose, of course, is to "provide protection for investors if the broker-dealer with whom they are doing business encounters financial troubles."  H.R. Rep. No. 91-1613 at 1 (1970), as reprinted in 1970 U.S.C.C.A.N. 5254, 5255.  Nothing could describe the Investors' situation more accurately.

---

[3]     Indeed, Congress intended for the term "customer" to be broadly interpreted.  In a draft of the SIPA bill, there was no entitlement to SIPC insurance for any customer whose name or interest was not disclosed on the records of the broker/dealer "if such recognition would increase the aggregate amount of the insured customer accounts or insured liability in such closed broker or dealer."  S. 2348, 91st Cong. Section 7(d) (June 9, 1969); H.R. 13308, 91st Cong. Section 7(d) (August 4, 1969).  The final bill dropped this restriction.

Moreover, feeder funds like Fairfield Sentry acted like introducing brokers by passing on the Investors' property to BLMIS as the clearing broker. Under SIPA, customers of introducing brokers are "deemed" customers of the clearing broker. *See* 15 U.S.C. § 78fff-3(a)(5) ("no advance shall be made by SIPC to the trustee to pay or otherwise satisfy any net equity claim of any customer who is a broker or dealer or bank, other than to the extent that it shall be established . . . that the net equity claim of such broker or dealer or bank against the debtor arose out of transactions for customers of such broker or dealer or bank . . . *in which event each such customer of such broker or dealer or bank shall be deemed a separate customer* of the debtor") (emphasis added).

As a result, the Investors are "customers" under SIPA, entitled to have their losses covered by SIPC insurance.

**B.      Even if the Investors are not "customers" under current SIPA, their right to assert customer claims should be preserved in the event that SIPA is ever clarified**

Even if the Court concludes that the Investors are not "customers" under SIPA, Congress held hearings concerning pending legislation proposed in part as a result of the harm suffered indirect investors, such as the Investors. *See, e.g.*, **Exhibit C** (Testimony by Peter J. Leveton, Co-Chairman of the Agile Funds Investor Committee, Before the House Financial Services Subcommittee on Capital Markets, Insurance and Government Sponsored Enterprises, December 9, 2009, at p. 6) (urging Congress to retroactively amend the definition of "customer" to clarify that indirect investors are covered). Additional hearings on this legislation are likely to occur this fall. In the event that the definition of "customer" is clarified or SIPA is otherwise amended or interpreted to deal with Ponzi schemes, whether by act of Congress, court decision, or otherwise, the Investors' rights to assert customer claims should be preserved. The Investors respectfully request, in the alternative, that any ruling by the Court preserve such rights.

**C.      Even if the Investors are not "customers" under SIPA, they possess general unsecured claims relating to their losses**

Finally, the Investors were harmed by BLMIS.  As a result, they have claims relating to their lost property.  Even if the Court determines they are not "customer" claims, there is no prejudice in permitting those timely claims to remain as unsecured claims.  As a result, to the extent the Court denies the Investors' claims as "customers," they respectfully request that their timely filed claims be preserved and treated as general unsecured claims, subject, of course, to any other defenses that may be raised on behalf of the estate of BLMIS.

### Conclusion and Reservation of Rights

The Investors respectfully request that the Court deny the Trustee's Motion.  In the alternative, the Investors ask that the Court (a) preserve their right to assert "customer" claims in the future in the event that SIPA's definition of "customer" is ever clarified to include indirect investors and (b) preserve and treat their filed claims as general unsecured claims, subject to any defenses that may be raised on behalf of the estate of BLMIS.

The Investors incorporate by reference the responses and objections to the Trustee's Motion filed by other similarly situated parties.

[signature page follows]

Dated:  July 12, 2010
       New York, New York        Respectfully submitted,

                                   CROWELL & MORING LLP

                                   By:  /S/ Mark S. Lichtenstein_____
                                 William M. O'Connor, Esquire
                                 Mark S. Lichtenstein, Esquire
                                 590 Madison Avenue, 20th Floor
                                 New York, NY 10022-2524
                                 (212) 223-4000 Telephone
                                 (212) 223-4134 Facsimile
                                 Attorneys for:  Jitendra Gopaldas, Gopal Gangaram Bhatia, Kishanchand Gangaram Bhatia, Nirmala Kishanchand, Jayashree Bhatia, Nirmala K. Bhatia, Pushpa Gangaram Bhatia, Mandakini Manish Gajaria, Ashokkumar Damodardas Raipancholia, Dilip Damodardas Raipancholia, Rajeshkumar Damodardas Raipancholia, Kishu Nathurmal Uttamchandani, Uttamchandani Prerna Vinod, Arjan Mohandas Bhatia, Kishin Mohandas Bhatia, Suresh M. Bhatia, Bharat Mohandas, Rajendrakumar Patel, Vandna Patel, Tradewaves Ltd., Parasram Daryani, Neelam P. Daryani, Vikas P. Daryani, Nikesh P. Daryani, and Aarvee Ltd.