# BARGER & WOLEN LLP

DENNIS C. QUINN
(212) 655-3878
dquinn@bargerwolen.com

10 East 40th Street
40th Floor
New York, NY 10016
Telephone: (212) 557-2800
Facsimile: (212) 557-2884

PLEASE REFER TO FILE NUMBER:
10594.002

July 12, 2010

**VIA ELECTRONIC FILING AND MESSENGER**

Honorable Burton R. Lifland
United States Bankruptcy Judge
Southern District of New York
Courtroom: 623
One Bowling Green
New York, NY 10004-1408

    Re:    *Securities Investor Protection Corporation, Plaintiff, v. Bernard L. Madoff Investment Securities LLC*, Case No. Adv. Pro. No. 08-01789 (BRL)

To the Honorable Burton R. Lifland:

    We represent the Jewish Community Foundation of the Jewish Federation Council of Greater Los Angeles (the "Foundation"), a charity exempt from Federal Income Tax under Section 501(c)(3) of the Internal Revenue Code, and 26 charitable organizations (the "Principals") which invested through a pool managed by the Foundation. The Foundation is the named account-holder of certain Bernard L. Madoff Investment Securities LLC ("BLMIS") accounts in which it and each of the Principals have a direct and undivided ownership interest. Pursuant to the Court's April 13, 2010 order (the "Scheduling Order") (Dkt. No. 2205), by this letter, we are respectfully seeking leave of Court to file a brief as an interested party in connection with Trustee Irving Picard's ("Trustee") motion filed June 11, 2010 ("Customer Motion") and set for hearing on October 19, 2010 at 10:00 a.m. addressing the Trustee's determination of "customers" who are not named in BLMIS' records as account-holders. Our interest in this matter is described below.

    The Principals contributed funds to an investment pool ("pool") managed by the Foundation, a portion of which ($18,000,000) was deposited into BLMIS accounts nos. 1-J0059-3-0 and 1-J0059-4-0 (together the "Account") for the purpose of purchasing the now-known-to-be phantom securities. On March 2, 2009 timely customer claims were filed with the Trustee by the Foundation on behalf of itself and each of the 26 Principals identified on **Attachment 1** to this letter. Other than the Foundation's claim which has been accepted in the amount of $17,761,517.72, the Trustee has not yet determined the Principals' claims.

BARGER & WOLEN LLP

Honorable Burton R. Lifland
July 12, 2010
Page 2

   The pool is not an entity, but a service under which the Foundation invests its own and the Principals' funds as their agent. Each Principal has a direct several and not joint undivided interest in the pool investments. The Foundation believes that each Principal meets the definition of "customer" in SIPA, because each Principal is a person with a direct interest in the Account.

   The Foundation does not seek a ruling from this Court on the Principals' claims at this time. Rather, the Foundation files this brief to address certain arguments made in the Customer Motion that are unnecessary to the ruling the Trustee seeks, but which may affect the Principals' claims.

   The Foundation concurs with the Trustee that the Objecting Claimants who are parties to the Customer Motion cannot meet the definition of "customer" because they have no direct interest in a BLMIS account.

   However, in the Customer Motion the Trustee adds unnecessary and erroneous glosses to the statutory definition of "customer" which might, if applied to the Principals, result in the denial of "customer" status to the Principals. Specifically, the Trustee effectively asserts that a claimant must be listed in the debtor's records as the holder of an account in order to be a "customer." That assertion is not correct and should be rejected. The Foundation requests that this Court instead rely upon the Trustee's other arguments that (1) because the Objecting Claimants invested in one of 16 "feeder funds" and not with the debtor, the Objecting Claimants were not persons who held an account with the debtor and, hence, were not "customers" of the debtor; and/or (2) because investors in the feeder funds are merely shareholders of those funds and do not own a direct interest in the funds invested in BLMIS, they lack standing to sue the debtor.

   For the foregoing reasons, the Foundation respectfully requests leave from the Court to file the accompanying brief in connection with the hearing referenced herein.

              Very truly yours,

              DENNIS C. QUINN
              For the Firm

DCQ:
attachments