Objection Deadline: July 12, 2010
Hearing Date: October 19, 2010

MOSES & SINGER LLP
Alan E. Gamza, Esq.
The Chrysler Building
405 Lexington Avenue
New York, New York 10174-1299
Telephone: (212) 554-7800
Facsimile: (212) 554-7700
agamza@mosessinger.com

*Attorneys for Morris Fuchs Holdings, LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | |
| Plaintiff, | |
| v. | Adv. Pro. No. 08-01789 (BRL) |
| BERNARD L. MADOFF INVESTMENT SECURITES LLC, | SIPA Liquidation |
| Defendant. | (Substantively Consolidated) |

------------------------------------------------------------X

In re:

BERNARD L. MADOFF,

　　　　　　　　Debtor.

------------------------------------------------------------X

**OPPOSITION TO THE TRUSTEE'S MOTION TO AFFIRM TRUSTEE'S
DETERMINATION DENYING CLAIMS OF INDIRECT INVESTORS**

Pursuant to this Court's April 13, 2010 order (the "Scheduling Order") [Dkt. No. 2205],

Morris Fuchs Holdings, LLC ("Claimant"), by and through its undersigned counsel, respectfully

submits this opposition to the motion of Irving H. Picard, Trustee ("Trustee") for the liquidation

of Bernard L. Madoff Investment Securities LLC ("BLMIS"), for an order approving the

Trustee's denial of the claims of indirect investors of BLMIS (the "Customer Motion") [Dkt. No.

825782

2416]. Claimant is an "Objecting Claimant" as defined in the Scheduling Order and entitled to submit this opposition.

Claimant is a "customer" of BLMIS under the plain meaning of the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa, *et seq*. ("SIPA"), and entitled to protection under SIPA. As set forth in Claimant's objection to the Trustee's denial of Claimant's customer claim[1] (the "Objection") [Dkt. No. 2255], the Trustee's determination that Claimant must have had a specifically titled account recorded among BLMIS's "available books and records" is incorrect as a matter of law. The Trustee's interpretation of "customer" has no statutory basis and is inconsistent with the purpose of SIPA. The arguments set forth in the Objection are fully incorporated by reference as if fully restated herein.

In addition, Claimant joins in, and fully incorporates by reference as if fully restated herein, to the extent applicable, the arguments and authority cited in the objections and oppositions filed by similarly situated claimants, including, without limitation, the memorandum of law filed by AXA Private Management [Dkt. No. 2538] in opposition to the Customer Motion. Any failure to oppose the Customer Motion on any particular ground shall not be construed as a waiver of and is without prejudice to Claimant's right to oppose the Customer Motion on such ground at a later date. Claimant reserves its right to revise, supplement or amend this opposition.

---

[1] A copy of the customer claim (without exhibits) filed by Claimant is attached to the Objection as Exhibit A.

825782                                          2

## Conclusion

This Court should deny the Customer Motion and find that Claimant is a "customer" pursuant to 15 U.S.C. § 78lll(2), entitled to the allowance of its customer claim and payment of the amounts Congress intended it to receive.

Dated: July 12, 2010
      New York, New York

                                      MOSES & SINGER LLP

                                      By: /s/ Alan E. Gamza
                                          Alan E. Gamza, Esq.
                                      The Chrysler Building
                                      405 Lexington Avenue
                                      New York, New York 10174-1299
                                      Telephone: (212) 554-7800
                                      Facsimile: (212) 554-7700
                                      agamza@mosessinger.com

                                      *Attorneys for Morris Fuchs*
                                      *Holdings, LLC*