Objection Deadline: July 12, 2010
Hearing Date: October 19, 2010

**WITHERS BERGMAN LLP**
Hollis Gonerka Bart (HB-8955)
Chaya F. Weinberg-Brodt (CW-4676)
430 Park Avenue, 10th Floor
New York, New York 10022
212.848.9800 (p)
212.848.9888 (f)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SECURITIES INVESTOR PROTECTION
CORPORATION,

                 Plaintiff,

-against-

BERNARD L. MADOFF INVESTMENT SECURITIES, LLC,

                 Defendants.
------------------------------------------------------------X
In re BERNARD L. MADOFF,

                 Debtor

------------------------------------------------------------X

**Adversary Proceeding**

**No. 08-01789 (BRL)**

**SIPA Liquidation**

**OBJECTION TO TRUSTEE'S MOTION TO AFFIRM DETERMINATION OF CLAIM**

Collace Services Limited ("Collace"), by and through its attorney of record, Withers Bergman LLP, hereby submits this Opposition to the Trustee's Motion for an Order to Affirm the Trustee's Determinations Denying certain claims.

1.    Collace timely filed a claim against the estate, on or about June 26, 2009. The Trustee assigned Collace two separate claim numbers; *i.e.*, Claim Number 013829, and Claim Number 013456. (*See also,* Exs. 2 and 3 to the June 11, 2010 Declaration of David Sheehan identifying Collace's claims).

2.    By two separate letters dated December 8, 2009, the Trustee informed Collace that "[b]ased on a review of available books and records of BLMIS by the Trustee's staff, you do

document number: NY24203/0001-US-878697/1

not have an account with BLMIS. Because you did not have an account, you are not a customer of BLMID under SIPA, as that term is defined at 15 U.S.C. § 78lll(2). Accordingly, your Claim for securities and/or a credit balance is **DENIED**."

3. Collace timely served and filed its objection to the denial on February 4, 2010. A copy of its objection (which attached the Trustee's denial letters), is annexed hereto as Exhibit One.

4. For all of the reasons set forth in its Amended Objection, which is incorporated herein by reference as if fully set forth herein, the Trustee's motion should be denied.

5. As the Trustee has previously acknowledged, Madoff structured his scheme such that only a limited number of entities "directly" invested in BLMIS, with investments being made by many investors, such as Collace, through the limited number of feeder funds approved by Madoff. The Trustee, in denying such investors' claims, has asserted a highly technical interpretation of the relevant SIPA statutes. However, individuals and entities who invested with BLMIS through feeder funds are exactly the type of investors for whom SIPA was enacted to protect, and they should not be penalized because of the structure Madoff himself created to advance his fraud.

6. Collace hereby joins in the objections and any memoranda of law submitted by all other similarly situated claimants who object to the Trustee's motion, and hereby adopts their arguments to the extent they are applicable to Collace.

7. For all of these reasons stated, Collace's claim should be allowed in full, the Trustee's motion should be denied, and Collace shall obtain such other and further relief as to the Court appears just and proper.

Dated: July 12, 2010

           **WITHERS BERGMAN LLP**

By: _/s/ Chaya F. Weinberg-Brodt_
Hollis Gonerka Bart (HB-8955)
Chaya F. Weinberg-Brodt (CW-4676)
430 Park Avenue, 10th Floor
New York, NY 10022-3505
Phone: (212) 848-9800
Fax: (212) 848-9888
*Attorneys for Collace*