Jaspan Schlesinger LLP
300 Garden City Plaza
Garden City, New York 11530
(516) 746-8000
Steven R. Schlesinger, Esq.

*Attorneys for Peter Zutty*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SECURITIES INVESTOR PROTECTION
CORPORATION,

              Plaintiff-Applicant,         Adv. Pro. No. 08-01789 (BRL)

    v.                                        SIPA Liquidation

BERNARD L. MADOFF INVESTMENT        (Substantively Consolidated)
SECURITIES LLC,

              Defendant.
-----------------------------------------------------------------X

IN RE:

BERNARD L. MADOFF,

              Debtor.
-----------------------------------------------------------------X

**PETER ZUTTY'S OPPOSITION TO TRUSTEE'S MOTION
FOR AN ORDER TO AFFIRM TRUSTEE'S DETERMINATIONS
DENYING CLAIMS OF CLAIMANTS WITHOUT BLMIS ACCOUNTS
<u>IN THEIR NAMES, NAMELY, INVESTORS IN FEEDER FUNDS</u>**

Pursuant to this Court's scheduling order [Docket # 2205] (the "Order"), Peter Zutty ("Zutty"), by and through his counsel, Jaspan Schlesinger LLP, hereby submits and files this *Opposition to the Trustee's Motion for an Order to Affirm Trustee's Determinations Denying Claims of Claimants Without BLMIS Accounts in Their Names, Namely, Investors In Feeder Funds* [Docket # 2416] as well as the memoranda of law filed by the Trustee and SIPC in

support of the same [Docket # 2411 and 2414] (collectively, the "Motion"), and respectfully shows and alleges as follows:

1. On or about February 13, 2009, Zutty mailed certified mail – return receipt a Customer Claim form (the "Customer Claim Form") with respect to accounts opened in his name with the Rye Select Broad Market Prime Fund, L.P. (the "Rye Prime Fund") and the Rye Select Broad Market XL Fund, L.P. (the "Rye XL Fund", and together with the Rye Prime Fund, collectively the "Rye Funds) (collectively, the "Funds") that were subsequently invested with Bernard L. Madoff Investment Securities LLC ("BLMIS"). The Customer Claim Form reflected an aggregate stated balance of $884,799.76 as of October 31, 2008 in Zutty's accounts with the Funds. Zutty's claim was subsequently assigned Claim Number 002447.

2. On or about December 8, 2009, the Trustee issued the Notice of Trustee's Determination of Claim, dated December 8, 2009 (the "Determination of Claim"), denying Zutty's claim.

3. On or about January 6, 2010, Zutty filed the *Objection to Notice of Trustee's Determination of Claim* [Docket # 1230] (the "Objection") requesting, *inter alia*, that the Determination of Claim be overturned and Zutty should be granted a claim for the maximum amount allowed with a balance as a claim against the estate and any remaining proceeds. A copy of the Objection is annexed hereto as Exhibit "A". Zutty hereby incorporates by reference, as if fully restated herein, the arguments set forth in the Objection as to why Zutty was and is a "customer" of BLMIS under the meaning of the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq*. ("SIPA").

4. On or about June 11, 2010, the Trustee filed the Motion with this Court maintaining that Zutty, as an investor in a "feeder fund" is not a "customer" as defined in SIPA and is therefore not entitled to protection under SIPA. See Motion.

5. Zutty maintains that the Trustee's Motion should be denied and that the Trustee's narrow definition of the term "customer" be reversed, and Zutty be entitled to a claim under SIPA for the full amount of his claim with the balance as a claim against the estate and any remaining proceeds totaling $884,799.76 as stated on his Customer Claim Form.

## ZUTTY'S INVESTMENTS

6. As indicated on the Customer Claim Form, Zutty made investments with BLMIS through the Rye Prime Fund and the Rye XL Fund. The exhibits annexed to the Motion purportedly indicate that Zutty only invested with the Rye Prime Fund. As established in the Customer Claim Form (annexed to the Objection), Zutty also invested with the Rye XL Fund. See Exhibit A.

7. In or about 2001, Zutty transferred $250,000.00 to the Rye Prime Fund. This initial investment was thereafter invested with BLMIS. Since 2001, Zutty made several other investments with BLMIS through the Rye Prime Fund. As of October 31, 2008, the stated value of Zutty's investment with BLMIS through the Rye Prime Fund was no less than $735,663.62.

8. In or about October 2008, Zutty transferred $150,000.00 to the Rye XL Fund. This investment was thereafter invested with BLMIS. No other investments were made by Zutty with BLMIS through the Rye XL Fund. As of October 31, 2008, the stated value of Zutty's investment with BLMIS through the Rye XL Fund was no less than $149,136.14.

9. As indicated on the Customer Claim Form, Zutty is entitled to a claim under SIPA for the maximum amount, with the balance as a claim against the estate and remaining proceeds totaling $884,799.76.

## THE TRUSTEE'S MOTION SHOULD BE DENIED

10. The Trustee's chosen interpretation of the definition of the term "customer" under SIPA is too narrow and is also contrary to the purposes behind the enactment of this legislation. The Trustee's Motion posits that Zutty, and other similarly situated claimants, are not "customers" of BLMIS, though innocent victims of Bernard Madoff's fraud, and therefore are not entitled to protections under SIPA because they do not have direct accounts with BLMIS. The Trustee ignores the fact that Zutty had monies invested with BLMIS through the Rye Funds and therefore should be treated the same as the other customers of BLMIS and also be afforded the same protections under SIPA.

11. The Trustee's chosen interpretation of "customer" and the denial of over 1,771 claims based upon his narrow and restrictive reading and interpretation of SIPA is contrary to the purposes of SIPA. The legislative intent behind enacting SIPA was to "restore investor confidence in the capital markets, and upgrade the financial responsibility requirements for registered brokers and dealers." Sec. Investor Prot. Corp. v. Barbour, 421 U.S. 412, 415 (1975). "Congress' primary purpose in enacting the SIPA and creating the SIPC was . . . the protection of investors." Id. at 421; see In re First State Sec. Corp., 34 B.R. 492, 496 (Bankr. S.D. Fla. 1983) ("SIPA is remedial legislation. As such it should be construed liberally to effect its purpose. The purpose is the protection of the insolvent brokers' customers."); see also Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC, 401 B.R. 629, 633-34 (Bankr. S.D.N.Y. 2009) (noting that Congress' primary purpose behind enacting SIPA was to protect

investors from financial losses arising from insolvency of brokers and to reestablish investor confidence). Zutty lost money directly invested with BLMIS and should therefore be afforded the same protections as all other claimants and "customers" of BLMIS.

12. The Trustee attempts to construe "customer" under SIPA to mean only "direct customer" thereby excluding from recovery those victims of Madoff and BLMIS who invested in BLMIS indirectly through a fund or feeder fund. Section 78*lll* of SIPA specifically states,

> The term "customer" of a debtor means <u>any person</u> (including any person with whom the debtor deals as principal or agent) <u>who has a claim on account of securities</u> received, acquired, or held by the debtor in the ordinary course of its business as a broker or dealer from or for the securities accounts of such person for safekeeping, with a view to sale, to cover consummated sales, pursuant to purchases, as collateral security, or for purposes of effecting transfer. The term "customer" includes any person <u>who has a claim against the debtor arising out of sales or conversions of such securities, and any person who has deposited cash with the debtor for the purpose of purchasing securities</u> . . .

15 U.S.C. § 78*lll*(2) (emphasis added). No distinction is made in the statutory definition of "customer" between those who had direct accounts with the debtor and those who had invested money through indirect means. Moreover, the cases relied upon by the Trustee in the Motion are distinguishable from other cases involving insolvent broker-dealers where there was no overall fraudulent scheme. <u>See</u> e.g., <u>SIPC v. Morgan, Kennedy & Co.</u>, 533 F.2d 1314 (2d Cir. 1976); <u>SIPC v. Executive Sec. Corp.</u>, 423 F. Supp. 2d 94 (S.D.N.Y. 1976), <u>aff'd</u>, 556 F.2d 98 (2d Cir. 1977). Here, because of the massive fraud perpetrated by Bernard Madoff, claimants, like Zutty, who invested in BLMIS through the Rye Funds should be entitled to the protections set forth in SIPA.

13. The Trustee has chosen to prevent innocent investors who lost money with BLMIS from recovering under SIPA simply because their monies were invested in BLMIS through an intermediary. This result is inequitable and unjust.

14. Contrary to the position taken by the Trustee, Zutty is entitled to protection under SIPA as a "customer" even though his funds were initially deposited with the Rye Funds.

> Whether a claimant "deposited cash with the debtor," however, does not . . . depend simply on to whom the claimant handed her cash or made her check payable, or even where the funds were initially deposited. Instead, the question is whether there was "actual receipt, acquisition or possession of the property of a claimant by the brokerage firm under liquidation."

In re Old Naples Sec., Inc., 223 F.3d 1296, 1302 (11th Cir. 2000) (emphasis added). Therefore, the Trustee's Motion should be denied in its entirety.

## CONCLUSION

15. The Trustee's Motion should be denied in its entirety. Further, the Determination of Claim should be reversed and Zutty should be entitled to receive the full amount of his claim ($884,799.76) and be afforded the protection to which it is entitled pursuant to SIPA. Any failure to object on a particular ground or grounds shall not be construed as a waiver of Zutty's right to object.

16. Zutty also hereby incorporates by reference as if fully restated herein the arguments and authority cited in the objections and oppositions filed on behalf of all similarly situated Objecting Claimants as to why the Trustee's Motion should be denied.

HY/D713485v1/M053672/C0143890                                6

**WHEREFORE**, Zutty requests that the Trustee's Motion be denied in its entirety, his Customer Claim (Claim Number 002447) be allowed in its entirety in the amount of $884,799.76 and he be afforded protection to which he is entitled under SIPA, together with such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
July 12, 2010

JASPAN SCHLESINGER LLP
*Attorneys for Peter Zutty*

By: s/ Steven R. Schlesinger
STEVEN R. SCHLESINGER
300 Garden City Plaza
Garden City, New York 11530
(516) 746-8000

TO: Clerk of the United States Bankruptcy Court (via ECF)
for the Southern District of New York
One Bowling Green
New York, New York 10004

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111