Jaspan Schlesinger LLP
300 Garden City Plaza
Garden City, New York 11530
(516) 746-8000
Steven R. Schlesinger, Esq. (SS 4225)

*Attorneys for Peter Zutty*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
SECURITIES INVESTOR PROTECTION
CORPORATION,

                Plaintiff-Applicant,         Adv. Pro. No. 08-01789 (BRL)

    v.                                              SIPA Liquidation

BERNARD L. MADOFF INVESTMENT        (Substantively Consolidated)
SECURITIES LLC,

                Defendant.
---------------------------------------------------------------X

IN RE:

BERNARD L. MADOFF,

                Debtor.
---------------------------------------------------------------X

### PETER ZUTTY'S OBJECTION TO
### NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

      Peter Zutty ("Zutty"), by and through his counsel, Jaspan Schlesinger LLP, hereby raises and files this Objection to the Notice of Trustee's Determination of Claim, dated December 8, 2009 (the "Objection"), and respectfully shows and alleges as follows:

      1.    On or about February 13, 2009, Zutty mailed certified mail – return receipt a Customer Claim form (the "Customer Claim Form") with respect to accounts opened in his name with the Rye Select Broad Market Prime Fund, L.P. and the Rye Select Broad Market

HY/D684189v1/M053672/C0143890          1

XL Fund, L.P. (collectively, the "Funds") that were subsequently invested with Bernard L. Madoff Investment Securities LLC ("BLMIS"). A copy of the Customer Claim Form is annexed hereto as Exhibit "A". The Customer Claim Form reflected an aggregate stated balance of $884,799.76 as of October 31, 2008 in Zutty's accounts with the Funds. Zutty's claim was assigned Claim Number 002447.

2.   On or about December 8, 2009, the Trustee issued the Notice of Trustee's Determination of Claim, dated December 8, 2009 (the "Determination of Claim"). A copy of the Determination of Claim is annexed hereto as Exhibit "B". As reflected in the Determination of Claim, the Trustee denied Zutty's claim for a credit balance of $884,799.76 on the ground that "[he] did not have an account with BLMIS. Because [he] did not have an account, [he is] not a customer of BLMIS under SIPA as that term is defined at 15 U.S.C. § 78*lll*(2)." See Exhibit B.

3.   The Determination of Claim should be overturned and Zutty should be allowed a claim for the maximum amount with the balance as a claim against the estate and any remaining proceeds, totaling $884,799.76 as stated on his Customer Claim Form as Zutty was and is a "customer" of BLMIS under the meaning of the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.* ("SIPA").

**THE DETERMINATION OF CLAIM SHOULD BE OVERTURNED
AS ZUTTY IS ENTITLED TO A CLAIM FOR THE
FULL AMOUNT AS STATED ON HIS CUSTOMER CLAIM FORM**

4.   The Determination of Claim should be overturned as Zutty is entitled to receive the full amount of his claim under SIPA in the amount of $884,799.76 as stated on his Customer Claim Form.

5. The Trustee has failed to render a determination and to satisfy Zutty's Customer Claim in accordance with the books and records of BLMIS, including the documents acknowledging customers of BLMIS that invested funds with BLMIS through means other than a direct account. Additionally, the Trustee's chosen interpretation of the definition of the term "customer" under SIPA is too narrow and is also contrary to the purposes behind the enactment of this legislation.

6. The Trustee has failed to meet his burden in objecting to the Customer Claim Form. A proof of claim filed by a creditor is prima facie evidence of the amount and validity of the claim. See Fed. R. Bankr. P. 3001. The Trustee bears the burden of proof in challenging the amount and validity of Zutty's Customer Claim. See In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); In re 37-02 Plaza LLC, 387 B.R. 413, 417 (Bankr. E.D.N.Y. 2008) ("The party objecting to a properly filed claim has the burden of introducing sufficient evidence to overcome that claim's prima facie validity."). Zutty filed the Customer Claim Form for the monies he invested with BLMIS through the Funds. See Exhibit A. In order to meet his burden in overcoming the prima facie validity of the Customer Claim Form, the Trustee had to present evidence that Zutty is not a customer of BLMIS. Stating that Zutty is not a customer because he did not have a direct account with BLMIS and ignoring the fact that Zutty had monies invested with BLMIS through the Funds is insufficient to meet his burden.

7. Moreover, the legislative intent behind enacting SIPA was to "restore investor confidence in the capital markets, and upgrade the financial responsibility requirements for registered brokers and dealers." Sec. Investor Prot. Corp. v. Barbour, 421 U.S. 412, 415 (1975). "Congress' primary purpose in enacting the SIPA and creating the SIPC was . . . the protection of investors." Id. at 421; see In re First State Sec. Corp., 34 B.R. 492, 496 (Bankr. S.D. Fla.

1983) ("SIPA is remedial legislation. As such it should be construed liberally to effect its purpose. The purpose is the protection of the insolvent brokers' customers."); see also Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC, 401 B.R. 629, 633-34 (Bankr. S.D.N.Y. 2009) (noting that Congress' primary purpose behind enacting SIPA was to protect investors from financial losses arising from insolvency of brokers and to reestablish investor confidence). The Trustee's narrow definition of the term "customer" is not only incorrect, but also only serves to punish victims of Madoff and BLMIS and does not comport with the purposes behind SIPA.

8. The Trustee attempts to construe "customer" under SIPA to mean only "direct customer" thereby excluding from recovery those victims of Madoff and BLMIS who invested in BLMIS indirectly through a fund or feeder fund. Section 78*lll* of SIPA specifically states,

> The term "customer" of a debtor means <u>any person</u> (including any person with whom the debtor deals as principal or agent) <u>who has a claim on account of securities</u> received, acquired, or held by the debtor in the ordinary course of its business as a broker or dealer from or for the securities accounts of such person for safekeeping, with a view to sale, to cover consummated sales, pursuant to purchases, as collateral security, or for purposes of effecting transfer. The term "customer" includes any person <u>who has a claim against the debtor arising out of sales or conversions of such securities, and any person who has deposited cash with the debtor for the purpose of purchasing securities</u> . . .

15 U.S.C. § 78*lll*(2) (emphasis added). No distinction is made in the statutory definition of "customer" between those who had direct accounts with the debtor and those who had invested money through indirect means.

9. The application of the meaning of "customer" under SIPA is not as restrictive as the Trustee has chosen to make it with respect to certain investors of BLMIS. See Arford v. Miller, 239 B.R. 698, 701 (S.D.N.Y. 1999), aff'd In re Stratton Oakmont, 210 F.3d 420 (2d Cir.

2000) (finding that in order to be entitled to protections under SIPA, a claimant "must show not only that they entrusted securities to the brokerage house, but also that the losses they suffered were a result of that brokerage house's insolvency"); see also In re Klein, Maus & Shire, Inc., 301 B.R. 408, 419 (Bankr. S.D.N.Y. 2003) (determining that so long as property is owed to the investor by the debtor on the SIPA filing date, the investor has a "customer" claim).

10. The Customer Claim Form establishes that Zutty is entitled to protection under SIPA as a "customer" and nothing that the Trustee has offered in opposition refutes that fact.

> Whether a claimant "deposited cash with the debtor," however, does not . . . depend simply on to whom the claimant handed her cash or made her check payable, or even where the funds were initially deposited. Instead, the question is whether there was "actual receipt, acquisition or possession of the property of a claimant by the brokerage firm under liquidation."

In re Old Naples Sec., Inc., 223 F.3d 1296, 1302 (11th Cir. 2000). The books and records of BLMIS and the Customer Claim Form establish that Zutty transferred his monies to the Funds who then turned over these monies to BLMIS. In his Determination of Claim, the Trustee fails to acknowledge that Zutty had an account with the Funds and that the Funds are listed on the customer lists of BLMIS, thereby making Zutty a "customer" of BLMIS.

11. The Determination of Claim must therefore be reversed and Zutty should be entitled to receive the full amount of his claim ($884,799.76) as stated on his Customer Claim Form.

12. Zutty further reserves the right to revise, supplement, or amend this Objection, and any failure to object on a particular ground or grounds shall not be construed as a waiver of his right to object.

**WHEREFORE**, Zutty requests that his Customer Claim (Claim Number 002447) be allowed in its entirety in the amount of $884,799.76, together with such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
      January 6, 2010

                        JASPAN SCHLESINGER LLP
                        *Attorneys for Peter Zutty*

                By:    s/Steven R. Schlesinger
                       STEVEN R. SCHLESINGER (SS 4225)
                       300 Garden City Plaza
                       Garden City, New York 11530
                       (516) 746-8000

TO:    Clerk of the United States Bankruptcy Court  (via ECF)
         for the Southern District of New York
         One Bowling Green
         New York, New York 10004

         Irving H. Picard, Trustee
         c/o Baker & Hostetler LLP
         45 Rockefeller Plaza
         New York, New York 10111

# **EXHIBIT A**

## CUSTOMER CLAIM

Claim Number_____

Date Received_____

### BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

### DECEMBER 11, 2008

(Please print or type)

Name of Customer: Peter A. Zutty
Mailing Address: 3405 Windsor Place
City: Boca Raton   State: FL   Zip: 33496
Account No.: 00-1200-70000 8093 and 00-1200-800010192
Taxpayer I.D. Number (Social Security No.): \_\_

NOTE: BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY THE ACCOMPANYING INSTRUCTION SHEET. A SEPARATE CLAIM FORM SHOULD BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL PROTECTION AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE RECEIVED BY THE TRUSTEE ON OR BEFORE March 4, 2009. CLAIMS RECEIVED AFTER THAT DATE, BUT ON OR BEFORE July 2, 2009, WILL BE SUBJECT TO DELAYED PROCESSING AND TO BEING SATISFIED ON TERMS LESS FAVORABLE TO THE CLAIMANT. PLEASE SEND YOUR CLAIM FORM BY CERTIFIED MAIL - RETURN RECEIPT REQUESTED.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

1. Claim for money balances as of **December 11, 2008**:

    a. The Broker owes me a Credit (Cr.) Balance of   $_____

    b. I owe the Broker a Debit (Dr.) Balance of   $_____

    c. If you wish to repay the Debit Balance,
    please insert the amount you wish to repay and
    attach a check payable to "Irving H. Picard, Esq.,
    Trustee for Bernard L. Madoff Investment Securities LLC."
    If you wish to make a payment, **it must be enclosed**
    with this claim form.   $_____

    d. If balance is zero, insert "None."   $884,799.76 Combined with Item #2

502180406

1

2.   Claim for securities as of ~~December~~ 11, 2008: Oct 31, 2008 $884,799.76 – Combined with Item #1

**PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.**

|   | YES | NO |
|---|---|---|
| a. The Broker owes me securities | ✓ * |   |
| b. I owe the Broker securities |   | ✓ |

c.   If yes to either, please list below:

| Date of Transaction (trade date) | Name of Security | Number of Shares or Face Amount of Bonds |   |
|---|---|---|---|
|   |   | The Broker Owes Me (Long) | I Owe the Broker (Short) |
|   | *See attached account statements |   |   |
|   |   |   |   |
|   |   |   |   |
|   |   |   |   |

**Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclose, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation. You should also provide all documentation or information regarding any withdrawals you have ever made or payments received from the Debtor.**

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement. If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.
**PLEASE CHECK THE APPROPRIATE ANSWER FOR ITEMS 3 THROUGH 9.**

**NOTE:** **IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION ON A SIGNED ATTACHMENT. IF SUFFICIENT DETAILS ARE NOT PROVIDED, THIS CLAIM FORM WILL BE RETURNED FOR YOUR COMPLETION.**

|   |   | YES | NO |
|---|---|---|---|
| 3. | Has there been any change in your account since December 11, 2008? If so, please explain. |  | ✓ |
| 4. | Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of the broker? |  | ✓ |
| 5. | Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or policies of the broker? |  | ✓ |
| 6. | Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in any way with the broker? If so, give name(s) |  | ✓ |
| 7. | Is this claim being filed by or on behalf of a broker or dealer or a bank? If so, provide documentation with respect to each public customer on whose behalf you are claiming. |  | ✓ |
| 8. | Have you ever given any discretionary authority to any person to execute securities transactions with or through the broker on your behalf? Give names, addresses and phone numbers. |  | ✓ |
| 9. | Have you or any member of your family ever filed a claim under the Securities Investor Protection Act of 1970? if so, give name of that broker. |  | ✓ |

Please list the full name and address of anyone assisting you in the preparation of this claim form: N/A

If you cannot compute the amount of your claim, you may file an estimated claim. In that case, please indicate your claim is an estimated claim.  $884,799.76 - As of Oct 31, 2008

**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM. CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.**

**THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY INFORMATION AND BELIEF.**

Date  9/4/09              Signature _____

Date _____        Signature _____

(If ownership of the account is shared, all must sign above. Give each owner's name, address, phone number, and extent of ownership on a signed separate sheet. If other than a personal account, *e.g.*, corporate, trustee, custodian, etc., also state your capacity and authority. Please supply the trust agreement or other proof of authority.)

**This customer claim form must be completed and mailed promptly, together with supporting documentation, etc. to:**

Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

502180406                                4

**RYE**
Investment Management
A Division of Tremont Group Holdings, Inc.

BNY ALTERNATIVE INVESTMENT
SERVICES, INC.
101 Barclay Street
20th Floor West
New York, New York 10286
USA

## CLIENT STATEMENT

Mr. Peter A Zutty
3405 Windsor Place
Boca Raton, FL 33496
USA

A/C Number: 00-1200-700008093
Period Beginning: 01-Oct-2008
Period Ending: 31-Oct-2008
Fax Number:
E-Mail: peter.zutty@magellangroup.net

### PERFORMANCE SUMMARY

| Security | % Change | |
|---|---|---|
| | Period to Date | Year to Date |
| Rye Select Broad Market Prime Fund, L.P. | -0.10% | 7.77% |

### PERIOD ACTIVITY

| Security | Net Opening Capital | Contribution | Net Income / (Loss) | Withdrawals / Trans / ReReg | Net Closing Capital |
|---|---|---|---|---|---|
| Rye Select Broad Market Prime Fund, L.P. | 736,404.65 | 0.00 | (741.03) | 0.00 | 735,663.62 |
| Totals | 736,404.65 | 0.00 | (741.03) | 0.00 | 735,663.62 |

### DISCLOSURE NOTES

- % Change results are Net of all fees.
- Year To Date change is based on Calendar Year which ends on December 31st.
- All values are in USD.
- This information is not intended to be used for tax reporting or planning.
- This information is unaudited. Audited statements are issued upon conclusion of the fiscal year end audit.
- The Fund's net asset value has been calculated on the basis of market value information with respect to the Fund's portfolio obtained from third parties, including independent pricing vendors, the Fund's manager and administrators of funds in which the Fund may have invested. BNY-AIS does not give any assurances with respect to the accuracy of such market value information.
- Past performance as described herein is not necessarily indicative of future results.
- The Bank of New York acts as custodian with respect to cash. With respect to the portfolio's investments, such investments have been and will continue to be custodied for the benefit of the portfolio at Bernard L. Madoff Investment Securities LLC, 885 Third Avenue, New York, NY, 10022.
- Additional information is available at www.ryeselectfunds.com.

### INVESTOR INQUIRIES

Telephone: 212.815.4090     Facsimile: 212.644.6669     Email: AISOnline_NY@bankofny.com     Web: www.fundadmin.com

As you requested copies of this statement have been sent to:
Mr. Kenneth Shavelson

**RYE**
Investment Management
A Division of Tremont Group Holdings, Inc.

BNY ALTERNATIVE INVESTMENT SERVICES, INC.
101 Barclay Street
20th Floor West
New York, New York 10286
USA

# CLIENT STATEMENT

NTC & Co FBO: Peter Zutty IRA
3405 Windsor Place
Boca Raton, FL 33496
USA

A/C Number: 00-1200-800010192
Period Beginning: 01-Oct-2008
Period Ending: 31-Oct-2008
Fax Number:
E-Mail: peter.zutty@magellangroup.net

## PERFORMANCE SUMMARY

| Security | % Change | |
|---|---|---|
| | Period to Date | Year to Date |
| Rye Select Broad Market XL Fund, L.P. - Class A | -0.58% | -0.58% |

## PERIOD ACTIVITY

| Security | Net Opening Capital | Contribution | Net Income / (Loss) | Withdrawals / Trans / ReReg | Net Closing Capital |
|---|---|---|---|---|---|
| Rye Select Broad Market XL Fund, L.P. - Class A | 0.00 | 150,000.00 | (863.86) | 0.00 | 149,136.14 |
| Totals | 0.00 | 150,000.00 | (863.86) | 0.00 | 149,136.14 |

## DISCLOSURE NOTES

- % Change results are Net of all fees.
- Year To Date change is based on Calendar Year which ends on December 31st.
- All values are in USD.
- This information is not intended to be used for tax reporting or planning.
- This information is unaudited. Audited statements are issued upon conclusion of the fiscal year end audit.
- The Fund's net asset value has been calculated on the basis of market value information with respect to the Fund's portfolio obtained from third parties, including independent pricing vendors, the Fund's manager and administrators of funds in which the Fund may have invested. BNY-AIS does not give any assurances with respect to the accuracy of such market value information.
- Past performance as described herein is not necessarily indicative of future results.
- Additional information is available at www.ryeselectfunds.com.

## INVESTOR INQUIRIES

Telephone: 212.815.4090     Facsimile: 212.644.6669     Email: AISOnline_NY@bankofny.com     Web: www.fundadmin.com

As you requested copies of this statement have been sent to:
NTC & Co  FBO

# **EXHIBIT B**

# BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

## DECEMBER 11, 2008[1]

## NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

December 8, 2009

PETER A. ZUTTY
3405 WINDSOR PLACE
BOCA RATON, FL 33496

Dear PETER A. ZUTTY:

### PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim designated as Claim No. 002447:

Based on a review of available books and records of BLMIS by the Trustee's staff, you did not have an account with BLMIS. Because you did not have an account, you are not a customer of BLMIS under SIPA as that term is defined at 15 U.S.C. § 78lll (2). Accordingly, your Claim for securities and/or a credit balance is **DENIED**.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after December 8, 2009, the date on which the Trustee mailed this notice.

---

[1] Section 78lll(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78lll(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York 10004

and

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
Attn: Claims Department
45 Rockefeller Plaza
New York, New York 10111

*[Signature: Irving Picard]*

**Irving H. Picard**

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC