Jaspan Schlesinger LLP
300 Garden City Plaza
Garden City, New York 11530
(516) 746-8000
Steven R. Schlesinger, Esq. (SS 4225)

*Attorneys for Robert Zutty*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SECURITIES INVESTOR PROTECTION
CORPORATION,

    Plaintiff-Applicant,     Adv. Pro. No. 08-01789 (BRL)

  v.            SIPA Liquidation

BERNARD L. MADOFF INVESTMENT    (Substantively Consolidated)
SECURITIES LLC,

    Defendant.
------------------------------------------------------------X

IN RE:

BERNARD L. MADOFF,

    Debtor.
------------------------------------------------------------X

**ROBERT ZUTTY'S OBJECTION TO
NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM**

   Robert Zutty ("Zutty"), by and through his counsel, Jaspan Schlesinger LLP, hereby

raises and files this Objection to the Notice of Trustee's Determination of Claim, dated

December 8, 2009 (the "Objection"), and respectfully shows and alleges as follows:

   1.   Prior to the bar date of July 2, 2009, Zutty mailed certified mail – return receipt a

Customer Claim form (the "Customer Claim Form") with respect to accounts opened in his

name with the Rye Select Broad Market Prime Fund, L.P. and the Rye Select Broad Market

XL Fund, L.P. (collectively, the "Funds") that were subsequently invested with Bernard L. Madoff Investment Securities LLC ("BLMIS"). A copy of the Customer Claim Form is annexed hereto as Exhibit "A". The Customer Claim Form reflected an aggregate stated balance of $1,282,248.00 as of October 31, 2008 in Zutty's accounts with the Funds. Zutty's claim was assigned Claim Number 001614.

2.      On or about December 8, 2009, the Trustee issued the Notice of Trustee's Determination of Claim, dated December 8, 2009 (the "Determination of Claim"). A copy of the Determination of Claim is annexed hereto as Exhibit "B". As reflected in the Determination of Claim, the Trustee denied Zutty's claim for a credit balance of $1,282,248.00 on the ground that "[he] did not have an account with BLMIS. Because [he] did not have an account, [he is] not a customer of BLMIS under SIPA as that term is defined at 15 U.S.C. § 78*lll*(2)." See Exhibit B.

3.      The Determination of Claim should be overturned and Zutty should be allowed a claim for the maximum amount with the balance as a claim against the estate and any remaining proceeds, totaling $1,282,248.00 as stated on his Customer Claim Form as Zutty was and is a "customer" of BLMIS under the meaning of the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq*. ("SIPA").

**THE DETERMINATION OF CLAIM SHOULD BE OVERTURNED
AS ZUTTY IS ENTITLED TO A CLAIM FOR THE
FULL AMOUNT AS STATED ON HIS CUSTOMER CLAIM FORM**

4.      The Determination of Claim should be overturned as Zutty is entitled to receive the full amount of his claim under SIPA in the amount of $1,282,248.00 as stated on his Customer Claim Form.

5.      The Trustee has failed to render a determination and to satisfy Zutty's Customer Claim in accordance with the books and records of BLMIS, including the documents acknowledging customers of BLMIS that invested funds with BLMIS through means other than a direct account.  Additionally, the Trustee's chosen interpretation of the definition of the term "customer" under SIPA is too narrow and is also contrary to the purposes behind the enactment of this legislation.

6.      The Trustee has failed to meet his burden in objecting to the Customer Claim Form.  A proof of claim filed by a creditor is prima facie evidence of the amount and validity of the claim.  See Fed. R. Bankr. P. 3001.  The Trustee bears the burden of proof in challenging the amount and validity of Zutty's Customer Claim.  See In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); In re 37-02 Plaza LLC, 387 B.R. 413, 417 (Bankr. E.D.N.Y. 2008) ("The party objecting to a properly filed claim has the burden of introducing sufficient evidence to overcome that claim's prima facie validity.").  Zutty filed the Customer Claim Form for the monies he invested with BLMIS through the Funds.  See Exhibit A.  In order to meet his burden in overcoming the prima facie validity of the Customer Claim Form, the Trustee had to present evidence that Zutty is not a customer of BLMIS.  Stating that Zutty is not a customer because he did not have a direct account with BLMIS and ignoring the fact that Zutty had monies invested with BLMIS through the Funds is insufficient to meet his burden.

7.      Moreover, the legislative intent behind enacting SIPA was to "restore investor confidence in the capital markets, and upgrade the financial responsibility requirements for registered brokers and dealers."  Sec. Investor Prot. Corp. v. Barbour, 421 U.S. 412, 415 (1975).  "Congress' primary purpose in enacting the SIPA and creating the SIPC was . . . the protection of investors."  Id. at 421; see In re First State Sec. Corp., 34 B.R. 492, 496 (Bankr. S.D. Fla.

1983) ("SIPA is remedial legislation. As such it should be construed liberally to effect its purpose. The purpose is the protection of the insolvent brokers' customers."); <u>see</u> <u>also</u> <u>Sec.</u> <u>Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC</u>, 401 B.R. 629, 633-34 (Bankr. S.D.N.Y. 2009) (noting that Congress' primary purpose behind enacting SIPA was to protect investors from financial losses arising from insolvency of brokers and to reestablish investor confidence). The Trustee's narrow definition of the term "customer" is not only incorrect, but also only serves to punish victims of Madoff and BLMIS and does not comport with the purposes behind SIPA.

8.      The Trustee attempts to construe "customer" under SIPA to mean only "direct customer" thereby excluding from recovery those victims of Madoff and BLMIS who invested in BLMIS indirectly through a fund or feeder fund. Section 78*lll* of SIPA specifically states,

> The term "customer" of a debtor means <u>any person</u> (including any person with whom the debtor deals as principal or agent) <u>who has a</u> <u>claim on account of securities</u> received, acquired, or held by the debtor in the ordinary course of its business as a broker or dealer from or for the securities accounts of such person for safekeeping, with a view to sale, to cover consummated sales, pursuant to purchases, as collateral security, or for purposes of effecting transfer. The term "customer" includes any person <u>who has a claim</u> <u>against the debtor arising out of sales or conversions of such</u> <u>securities, and any person who has deposited cash with the debtor</u> <u>for the purpose of purchasing securities</u> . . .

15 U.S.C. § 78*lll*(2) (emphasis added). No distinction is made in the statutory definition of "customer" between those who had direct accounts with the debtor and those who had invested money through indirect means.

9.      The application of the meaning of "customer" under SIPA is not as restrictive as the Trustee has chosen to make it with respect to certain investors of BLMIS. <u>See</u> <u>Arford v.</u> <u>Miller</u>, 239 B.R. 698, 701 (S.D.N.Y. 1999), <u>aff'd</u> <u>In</u> <u>re</u> <u>Stratton Oakmont</u>, 210 F.3d 420 (2d Cir.

2000) (finding that in order to be entitled to protections under SIPA, a claimant "must show not only that they entrusted securities to the brokerage house, but also that the losses they suffered were a result of that brokerage house's insolvency"); see also In re Klein, Maus & Shire, Inc., 301 B.R. 408, 419 (Bankr. S.D.N.Y. 2003) (determining that so long as property is owed to the investor by the debtor on the SIPA filing date, the investor has a "customer" claim).

10.     The Customer Claim Form establishes that Zutty is entitled to protection under SIPA as a "customer" and nothing that the Trustee has offered in opposition refutes that fact.

> Whether a claimant "deposited cash with the debtor," however, does not . . . depend simply on to whom the claimant handed her cash or made her check payable, or even where the funds were initially deposited. Instead, the question is whether there was "actual receipt, acquisition or possession of the property of a claimant by the brokerage firm under liquidation."

In re Old Naples Sec., Inc., 223 F.3d 1296, 1302 (11th Cir. 2000).  The books and records of BLMIS and the Customer Claim Form establish that Zutty transferred his monies to the Funds who then turned over these monies to BLMIS.  In his Determination of Claim, the Trustee fails to acknowledge that Zutty had an account with the Funds and that the Funds are listed on the customer lists of BLMIS, thereby making Zutty a "customer" of BLMIS.

11.     The Determination of Claim must therefore be reversed and Zutty should be entitled to receive the full amount of his claim ($1,282,248.00) as stated on his Customer Claim Form.

12.     Zutty further reserves the right to revise, supplement, or amend this Objection, and any failure to object on a particular ground or grounds shall not be construed as a waiver of his right to object.

**WHEREFORE**, Zutty requests that its Customer Claim (Claim Number 001614) be allowed in its entirety in the amount of $1,282,248.00, together with such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
      January 6, 2010

JASPAN SCHLESINGER LLP
*Attorneys for Robert Zutty*

By:    s/Steven R. Schlesinger
       STEVEN R. SCHLESINGER (SS 4225)
       300 Garden City Plaza
       Garden City, New York 11530
       (516) 746-8000

TO:     Clerk of the United States Bankruptcy Court  (via ECF)
        for the Southern District of New York
        One Bowling Green
        New York, New York 10004

        Irving H. Picard, Trustee
        c/o Baker & Hostetler LLP
        45 Rockefeller Plaza
        New York, New York 10111

# **EXHIBIT A**

**CUSTOMER CLAIM**

Claim Number_____

Date Received_____

**BERNARD L. MADOFF INVESTMENT SECURITIES LLC**

In Liquidation

**DECEMBER 11, 2008**

(Please print or type)

Name of Customer: *Robert Zutty*
Mailing Address: *939 Captiva Dr*
City: *Hollywood*　　　State: *FL*　　Zip: *33019*
Account No.: *See Statement from Rye*
Taxpayer I.D. Number (Social Security No.): __　　_____　_____

NOTE:　BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY
THE ACCOMPANYING INSTRUCTION SHEET. A SEPARATE CLAIM FORM
SHOULD BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL
PROTECTION AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE
RECEIVED BY THE TRUSTEE ON OR BEFORE March 4, 2009. CLAIMS
RECEIVED AFTER THAT DATE, BUT ON OR BEFORE July 2, 2009, WILL BE
SUBJECT TO DELAYED PROCESSING AND TO BEING SATISFIED ON TERMS
LESS FAVORABLE TO THE CLAIMANT. PLEASE SEND YOUR CLAIM FORM BY
CERTIFIED MAIL - RETURN RECEIPT REQUESTED.

*******************************************************************

1.　Claim for money balances as of **December 11, 2008**:

　　a.　The Broker owes me a Credit (Cr.) Balance of　　　$_____

　　b.　I owe the Broker a Debit (Dr.) Balance of　　　　$_____

　　c.　If you wish to repay the Debit Balance,

　　　　please insert the amount you wish to repay and

　　　　attach a check payable to "Irving H. Picard, Esq.,

　　　　Trustee for Bernard L. Madoff Investment Securities LLC."

　　　　If you wish to make a payment, **it must be enclosed**

　　　　with this claim form.　　　　　　　　　　　$_____

　　d.　If balance is zero, insert "None."　　　　　_____

*This claim is combined with item #2
and estimated at $1,282,248 as of 10/31/08.*

502180406　　　　　　　　　1

2.        Claim for securities as of **December 11, 2008**:

**PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.**

|  | YES | NO |
|---|---|---|
| a.  The Broker owes me securities | ✓ ✗ | |
| b.  I owe the Broker securities | | ✓ |

c.  If yes to either, please list below:

*This claim is combined with item # 1 and estimated at 1,282,248 as of 10/31/08*

| Date of Transaction (trade date) | Name of Security | Number of Shares or Face Amount of Bonds | | |
|---|---|---|---|---|
| | | | The Broker Owes Me (Long) | I Owe the Broker (Short) |
| _____ | ✗ see attached | _____ | _____ | |
| _____ | account statement | _____ | _____ | |
| _____ | | _____ | _____ | |
| _____ | | _____ | _____ | |
| _____ | | _____ | _____ | |

**Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclose, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation. You should also provide all documentation or information regarding any withdrawals you have ever made or payments received from the Debtor.**

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement. If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.
**PLEASE CHECK THE APPROPRIATE ANSWER FOR ITEMS 3 THROUGH 9.**

**NOTE:   IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION ON A SIGNED ATTACHMENT.   IF SUFFICIENT DETAILS ARE NOT PROVIDED, THIS CLAIM FORM WILL BE RETURNED FOR YOUR COMPLETION.**

|  |  | YES | NO |
|---|---|---|---|
| 3. | Has there been any change in your account since December 11, 2008?  If so, please explain. |  | ✓ |
| 4. | Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of the broker? |  | ✓ |
| 5. | Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or policies of the broker? |  | ✓ |
| 6. | Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in any way with the broker?  If so, give name(s) |  | ✓ |
| 7. | Is this claim being filed by or on behalf of a broker or dealer or a bank?  If so, provide documentation with respect to each public customer on whose behalf you are claiming. |  | ✓ |
| 8. | Have you ever given any discretionary authority to any person to execute securities transactions with or through the broker on your behalf?  Give names, addresses and phone numbers. |  | ✓ |
| 9. | Have you or any member of your family ever filed a claim under the Securities Investor Protection Act of 1970?  if so, give name of that broker. |  | ✓ |

Please list the full name and address of anyone assisting you in the preparation of this claim form: _____ *N/A* _____

502180406                                    3

If you cannot compute the amount of your claim, you may file an estimated claim. In that case, please indicate your claim is an estimated claim. *October 2008 Balence*
*$ 1,282,248*

**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM. CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.**

**THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY INFORMATION AND BELIEF.**

Date ___11/30/09___        Signature _____

Date _____        Signature _____

(If ownership of the account is shared, all must sign above.  Give each owner's name, address, phone number, and extent of ownership on a signed separate sheet.  If other than a personal account, *e.g.*, corporate, trustee, custodian, etc., also state your capacity and authority.  Please supply the trust agreement or other proof of authority.)

**This customer claim form must be completed and mailed promptly, together with supporting documentation, etc. to:**

Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

Online Account Statement

**Robert Zitty**
959 Captiva Drive
Hollywood, FL 33019

### Account Summary (year-to-date)
*Statement Date: October 31, 2008*

| Rye Select Funds | Jan 01, 2008 | | | Oct 31, 2008 | |
|---|---|---|---|---|---|
| | Value | Net Contr./With. | Net Return | Value | ROR (%) |
| Rye Select Broad Market Prime Fund LP | $626,612 | ($200,000) | $35,564 | $462,176 | 7.77% |
| Rye Select Broad Market XL Fund LP | $535,623 | $200,000 | $84,449 | $820,072 | 11.89% |
| *Relationship Total* $1,162,235 | | $0 | $120,013 | $1,282,248 | |

### Current Activity

| Rye Select Funds | Oct 01, 2008 | | | Oct 31, 2008 | |
|---|---|---|---|---|---|
| | Value | Contr. | With. | Value | ROR (%) |
| Rye Select Broad Market Prime Fund LP | $462,641 | $0 | $0 | $462,176 | -0.10% |
| Rye Select Broad Market XL Fund LP | $824,822 | $0 | $0 | $820,072 | -0.58% |
| *Relationship Total* $1,287,463 | $0 | | $0 | $1,282,248 | |

*Footnote: Due to the extraordinary events which impact the Rye Select Broad Market series of funds, the account valuations for the periods shown here are subject to change.*

Legal Notice  /  Disclaimer  /  Privacy Policy  /  Terms of Use

Copyright © 2008 Tremont Group Holdings, Inc. All Rights Reserved.

Online Account Statement

**Robert Zutty**
939 Captiva Drive
Hollywood, FL 33019

### Account Summary (year-to-date)
*Statement Date: March 31, 2008*

| Rye Select Funds | Jan 01, 2008 | | | Mar 31, 2008 | |
|---|---|---|---|---|---|
| | Value | Net Contr./With. | Net Return | Value | ROR (%) |
| Rye Select Broad Market Prime Fund, LP | $626,612 | ($200,000) | $8,419 | $435,031 | 1.44% |
| Rye Select Broad Market XL Fund LP | $535,623 | $200,000 | $8,333 | $743,956 | 1.50% |
| *Relationship Total* | $1,162,235 | $0 | $16,752 | $1,178,987 | |

### Current Activity

| Rye Select Funds | Mar 01, 2008 | | | Mar 31, 2008 | |
|---|---|---|---|---|---|
| | Value | Contr. | With. | Value | ROR (%) |
| Rye Select Broad Market Prime Fund LP | $433,709 | $0 | $0 | $435,031 | 0.30% |
| Rye Select Broad Market XL Fund LP | $542,885 | $200,000 | $0 | $743,956 | 0.14% |
| *Relationship Total* | $976,594 | $200,000 | $0 | $1,178,987 | |

*Footnote: Due to the extraordinary events which impact the Rye Select Broad Market Series of funds, the account valuations for the periods shown here are subject to change.

Legal Notice  /  Disclaimer  /  Privacy Policy  /  Terms of Use

Copyright © 2008 Tremont Group Holdings, Inc. All Rights Reserved.

https://www.ryeinvestmentmanagement.com/Investor...

Online Account Statement

**Robert Zutty**
959 Captiva Drive
Hollywood, FL 33019

## Account Summary (year-to-date)
Statement Date: August 31, 2007

| Rye Select Funds | Jan 01, 2007 | | | Aug 31, 2007 | |
|---|---|---|---|---|---|
| | Value | Net Contr./With. | Net Return | Value | ROR (%) |
| Rye Select Broad Market Prime Fund LP | $947,074 | ($100,000) | $57,655 | $604,728 | 6.56% |
| Rye Select Broad Market XL Fund LP | $0 | $500,000 | $11,468 | $511,468 | 4.32% |
| Relationship Total | $947,074 | $100,000 | $69,123 | $1,116,196 | |

## Current Activity

| Rye Select Funds | Aug 01, 2007 | | | Aug 31, 2007 | |
|---|---|---|---|---|---|
| | Value | Contr. | With. | Value | ROR (%) |
| Rye Select Broad Market Prime Fund LP | $601,963 | $0 | $0 | $604,728 | 0.46% |
| Rye Select Broad Market XL Fund LP | $260,086 | $250,000 | $0 | $511,468 | 0.27% |
| Relationship Total | $862,049 | $250,000 | $0 | $1,116,196 | |

*Footnote: Due to the extraordinary events which impact the Rye Select Broad
Market Series of funds, the account valuations for the periods shown here are
subject to change.

Legal Notice  /  Disclaimer  /  Privacy Policy  /  Terms of Use

Copyright © 2008 Tremont Group Holdings, Inc. All Rights Reserved.

https://www.ryeinvestmentmanagement.com/InvestorAccountStatementSu...

Online Account Statement

**Robert Zutty**
939 Captiva Drive
Hollywood, FL 33019

## Account Summary (year-to-date)
### Statement Date: April 30, 2007

| Rye Select Funds | Jan 01, 2007 | | | Apr 30, 2007 | |
|---|---|---|---|---|---|
| | Value | Net Contr./With. | Net Return | Value | ROR (%) |
| Rye Select Broad Market Prime Fund LP | $947,074 | ($150,000) | $37,733 | $834,806 | 5.94% |
| Rye Select Broad Market XL Fund LP | $0 | $250,000 | $5,038 | $255,038 | 2.02% |
| Relationship Total | $947,074 | $100,000 | $42,771 | $1,089,844 | |

## Current Activity

| Rye Select Funds | Apr 01, 2007 | | | Apr 30, 2007 | |
|---|---|---|---|---|---|
| | Value | Contr. | With. | Value | ROR (%) |
| Rye Select Broad Market Prime Fund LP | $823,302 | $0 | $0 | $834,806 | 1.40% |
| Rye Select Broad Market XL Fund LP | $0 | $250,000 | | $255,038 | 2.02% |
| Relationship Total | $823,302 | $250,000 | $0 | $1,089,844 | |

*Footnote: Due to the extraordinary events which impact the Rye Select Broad Market Series of funds, the account valuations for the periods shown here are subject to change.

Legal Notice  /  Disclaimer  /  Privacy Policy  /  Terms of Use

Copyright © 2008 Tremont Group Holdings, Inc. All Rights Reserved.

https://www.ryeinvestmentmanagement.com/InvestorAccountStatementSummary.aspx

12/31/2008

Online Account Statement

**Robert Zutty**
939 Captiva Drive
Hollywood, FL 35019

## Account Summary (year-to-date)
Statement Date: January 31, 2007

| Rye Select Funds | Jan 01, 2007 | | | Jan 31, 2007 | |
|---|---|---|---|---|---|
| | Value | Net Contr./With. | Net Return | Value | ROR (%) |
| Rye Select Broad Market Prime Fund LP | $947,074 | $100,000 | $2,252 | $1,049,326 | 0.22% |
| Relationship Total | $947,074 | $100,000 | $2,252 | $1,049,326 | |

## Current Activity

| Rye Select Funds | Jan 01, 2007 | | | Jan 31, 2007 | |
|---|---|---|---|---|---|
| | Value | Contr. | With. | Value | ROR (%) |
| Rye Select Broad Market Prime Fund LP | $947,074 | $100,000 | $0 | $1,049,326 | 0.22% |
| Relationship Total | $947,074 | $100,000 | $0 | $1,049,326 | |

Footnote: Due to the extraordinary events which impact the Rye Select Broad Market Series of funds, the account valuations for the periods shown here are subject to change.

Legal Notice  /  Disclaimer  /  Privacy Policy  /  Terms of Use

Copyright © 2008 Tremont Group Holdings, Inc. All Rights Reserved.

Online Account Statement

**Robert Zutty**
639 Captiva Drive
Hollywood, FL 33019

### Account Summary (year-to-date)
Statement Date: May 20, 2005

| Rye Select Funds | Jan 01, 2005 | | | Apr 30, 2005 | |
|---|---|---|---|---|---|
| | Value | Net Contr./With. | Net Return | Value | ROR (%) |
| Rye Select Broad Market Prime Fund, L.P. | $719,421 | $35,000 | $18,719 | $773,140 | 2.60% |
| *Relationship Total* | $719,421 | $35,000 | $18,719 | $773,140 | |

### Current Activity

| Rye Select Funds | Apr 01, 2005 | | | Apr 30, 2005 | |
|---|---|---|---|---|---|
| | Value | Contr. | With. | Value | ROR (%) |
| Rye Select Broad Market Prime Fund, L.P. | $737,486 | $35,000 | $0 | $773,140 | 0.08% |
| *Relationship Total* | $737,486 | $35,000 | $0 | $773,140 | |

Footnote: Due to the extraordinary events which impact the Rye Select Broad Market Series of funds, the account valuations for the periods shown here are subject to change.

Legal Notice  /  Disclaimer  /  Privacy Policy  /  Terms of Use

Copyright © 2008 Tremont Group Holdings, Inc. All Rights Reserved.

# A M E R I C A N    M A S T E R S

ACCOUNT STATEMENT – December, 2001

Mr. Robert Zutty
939 Captiva Drive
Hollywood, FL 33019

## AMERICAN MASTERS BROAD MARKET PRIME FUND, L.P.

| 2001 | Beginning Balance | Contributions | Withdrawals | Estimated Monthly Rate of Return Net* | Estimated Y-T-D Rate of Return Net* | Estimated Net Market Value at Month End |
|------|------|------|------|------|------|------|
| January | | | | | | |
| February | | | | | | |
| March | | | | | | |
| April | | | | | | |
| May | | | | | | |
| June | | | | | | |
| July | | $250,000 | $0 | 0.49% | 0.49% | $251,220 |
| August | $251,220 | $0 | $0 | 1.63% | 2.13% | $255,305 |
| September | $255,305 | $0 | $0 | 0.77% | 2.91% | $257,265 |
| October | $257,265 | $0 | $0 | 1.96% | 4.93% | $262,311 |
| November | $262,311 | $0 | $0 | 1.67% | 6.68% | $266,688 |
| December | $266,688 | $0 | $0 | 0.12% | 6.81% | $266,998 |

*Estimated Net rate of return represents the rate of return after operating accruals, which include audit fees, legal fees, consulting fees, amortization
of organizational costs and applicable management fees.

Note: Monthly results are subject to revision pending the outcome of the annual audit.

CORPORATE CENTER AT RYE
555 THEODORE FREMD AVENUE
RYE, NY 10580
T: 914 925 1140
F: 914 925 9337
http://www.tremontadvisers.com

# A M E R I C A N   M A S T E R S

## ACCOUNT STATEMENT – December, 2002

Mr. Robert Zutty                                    cc:      Mr. Kenneth Shavelson
939 Captiva Drive
Hollywood, FL 33019

### AMERICAN MASTERS BROAD MARKET PRIME FUND, L.P.

| 2002 | Beginning Balance | Contributions | Withdrawals | Estimated Monthly Rate of Return Net* | Estimated Y-T-D Rate of Return Net* | Estimated Net Market Value at Month End |
|------|------------------|---------------|-------------|----------------------------------------|--------------------------------------|------------------------------------------|
| January | $266,998 | $75,000 | $0 | -0.15% | -0.15% | $341,497 |
| February | $341,497 | $0 | $0 | 0.81% | 0.66% | $344,260 |
| March | $344,260 | $0 | $0 | 0.82% | 1.48% | $347,092 |
| April | $347,092 | $50,000 | $0 | 1.49% | 3.00% | $403,021 |
| May | $403,021 | $0 | $0 | 3.29% | 6.38% | $416,269 |
| June | $416,269 | $100,000 | $0 | 0.08% | 6.47% | $516,682 |
| July | $516,682 | $0 | $0 | 4.29% | 11.04% | $538,825 |
| August | $538,825 | $0 | $0 | 0.57% | 11.67% | $541,913 |
| September | $541,913 | $0 | $0 | 0.02% | 11.69% | $542,038 |
| October | $542,038 | $0 | $0 | 0.94% | 12.74% | $547,110 |
| November | $547,110 | $0 | $0 | 0.06% | 12.81% | $547,451 |
| December | $547,451 | $0 | $0 | -0.04% | 12.77% | $547,236 |

*Estimated Net rate of return represents the rate of return after operating accruals, which include audit fees, legal fees, consulting fees, amortization
of organizational costs and applicable management fees.
Note: Monthly results are subject to revision pending the outcome of the annual audit.

CORPORATE CENTER AT RYE
555 THEODORE FREMD AVENUE
RYE, NY 10580
T: 914 925 1140
F: 914 925 9337
http://www.tremontadvisers.com

# **EXHIBIT B**

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

### DECEMBER 11, 2008[1]

### NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

December 8, 2009

Robert Zutty
939 Captiva Dr.
Hollywood, FL 33019

Dear Robert Zutty:

### PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim designated as Claim No. 001614:

Based on a review of available books and records of BLMIS by the Trustee's staff, you did not have an account with BLMIS. Because you did not have an account, you are not a customer of BLMIS under SIPA as that term is defined at 15 U.S.C. § 78lll (2). Accordingly, your Claim for securities and/or a credit balance is **DENIED**.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after December 8, 2009, the date on which the Trustee mailed this notice.

-------------------------------------

[1] Section 78lll(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78lll(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York 10004


and

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
Attn: Claims Department
45 Rockefeller Plaza
New York, New York 10111

**Irving H. Picard**

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC