Objection Deadline: July 12, 2010
Hearing Date: October 19, 2010

**WITHERS BERGMAN LLP**
Brian Dunefsky (BD-3554)
430 Park Avenue, 10th Floor
New York, New York 10022
212.848.9800 (p)
212.848.9888 (f)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
SECURITIES INVESTOR PROTECTION
CORPORATION,

                   Plaintiff,

     -against-

BERNARD L. MADOFF INVESTMENT SECURITIES, LLC,

                  Defendants.
----------------------------------------------------------------X
In re BERNARD L. MADOFF,

                  Debtor
----------------------------------------------------------------X

**Adversary Proceeding**

**No. 08-01789 (BRL)**

**SIPA Liquidation**

**OBJECTION TO TRUSTEE'S MOTION TO AFFIRM DETERMINATION OF CLAIM**

       Saucelle Investment SA Panama ("Saucelle"), by and through its attorney of record, Withers Bergman LLP, hereby submits this Opposition to the Trustee's Motion for an Order to Affirm the Trustee's Determinations Denying certain claims.

       1.    Saucelle timely filed a claim against the estate, on or about July 2, 2009. The Trustee assigned Saucelle a claim number; *i.e.*, Claim Number 015356. (*See also,* Exs. 2 and 3 to the June 11, 2010 Declaration of David Sheehan identifying Saucelle's claims).

       2.    By letter dated December 8, 2009, the Trustee informed Saucelle that "[b]ased on a review of available books and records of BLMIS by the Trustee's staff, you do not have an account with BLMIS. Because you did not have an account, you are not a customer of BLMID

document number: NY24203/0001-US-878706/1

under SIPA, as that term is defined at 15 U.S.C. § 78lll(2). Accordingly, your Claim for securities and/or a credit balance is **DENIED**."

3. Saucelle timely served and filed its objection to the denial on January 5, 2010. A copy of its objection is annexed hereto as Exhibit A. A copy of the Trustee's denial letter dated December 8, 2009 is annexed hereto as Exhibit B.

4. For all of the reasons set forth in its Amended Objection, which is incorporated herein by reference as if fully set forth herein, the Trustee's motion should be denied.

5. As the Trustee has previously acknowledged, Madoff structured his scheme such that only a limited number of entities "directly" invested in BLMIS, with investments being made by many investors, such as Saucelle, through the limited number of feeder funds approved by Madoff. The Trustee, in denying such investors' claims, has asserted a highly technical interpretation of the relevant SIPA statutes. However, individuals and entities who invested with BLMIS through feeder funds are exactly the type of investors for whom SIPA was enacted to protect, and they should not be penalized because of the structure Madoff himself created to advance his fraud.

6. Saucelle hereby joins in the objections and any memoranda of law submitted by all other similarly situated claimants who object to the Trustee's motion, and hereby adopts their arguments to the extent they are applicable to Saucelle.

7. For all of these reasons stated, Saucelle's claim should be allowed in full, the Trustee's motion should be denied, and Saucelle shall obtain such other and further relief as to the Court appears just and proper.

Dated: July 12, 2010

                          **WITHERS BERGMAN LLP**

By: _____
Brian Dunefsky (BD-3554)
430 Park Avenue, 10th Floor
New York, NY 10022-3505
Phone: (212) 848-9800
Fax: (212) 848-9888
*Attorney for Saucelle*