# EXHIBIT A

Hearing Date to be obtained from the Trustee
Objection Deadline extended to January 21, 2010 by Counsel for the Trustee

ALSTON & BIRD LLP
Martin G. Bunin
Karl Geercken
90 Park Avenue
New York, New York 10016
Telephone: (212) 210-9400
Facsimile: (212) 210-9444

*Attorneys for Aozora Bank Ltd.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

SECURITIES INVESTOR PROTECTION
CORPORATION,

        Plaintiff,

        v.

Bernard L. Madoff Investment Securities, LLC,

        Defendant.

-------------------------------------------------------------X

In re:

BERNARD L. MADOFF,

        Debtor.

-------------------------------------------------------------X

Adv. Pro. No. 08-01789 (BRL)

SIPA Liquidation

(Substantively Consolidated)

## OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM

Aozora Bank Ltd., ("Aozora," or the "Claimant"), by and through its undersigned attorneys, hereby submits its objection (the "Objection") to the Notices of Trustee's Determination of Claim Numbers 012847, 012848, 012849, 012850, and 012851 dated December 8, 2009 (collectively, the "Claim Denials"). In support of the Objection, Aozora respectfully submits as follows:

1.      On December 11, 2008 (the "<u>Administration Date</u>") a proceeding was commenced under the Securities Investor Protection Act of 1970, as amended ("<u>SIPA</u>"), with respect to Bernard L. Madoff Investment Securities ("<u>BLMIS</u>" or the "<u>Debtor</u>"). Irving H. Picard was appointed as trustee (the "<u>Trustee</u>") under SIPA to liquidate the Debtor's assets.

2.      Prior to the claims bar date Aozora timely filed customer claims, copies of which are attached hereto as Exhibits 1-5, which the Trustee later designated as claim numbers 012847, 012848, 012849, 012850, and 012851 (each a "<u>Claim</u>" and collectively, the "<u>Claims</u>").

3.      As detailed therein, each of the Claims pertain to cash deposited by Aozora with so-called "feeder funds," which in turn was invested with BLMIS. Each of the claims was submitted for losses suffered solely by Aozora, and Aozora made no claims on behalf of any customer.

4.      As set forth in Exhibit 1, Aozora had an investment in the amount of $107,745,804.89 with Ascot Fund Limited ("<u>Ascot</u>"). It is Aozora's understanding that Ascot invested materially all of its capital with BLMIS, and Aozora therefore claimed $107,745,804.89 in losses.

5.      As set forth in Exhibit 2, Aozora had an investment in the amount of $67,341,885.77 with Ariel Fund Limited ("<u>Ariel</u>"). It is Aozora's understanding that Ariel was approximately 29.83% invested in BLMIS, and Aozora therefore claimed $20,088,084.53 in losses.

6.      As set forth in Exhibit 3, Aozora had an investment in the amount of $80,279,087 with Silver Creek Low Volume Strategies, Ltd. ("<u>SC Low</u>") and Silver Creek

Low Volume Strategies, Ltd. II ("SC Low II," together with SC Low, the "SC Low Funds"). It is Aozora's understanding that the SC Low Funds were approximately 1.2% invested in BLMIS, and Aozora therefore claimed $963,349 in losses.

7.      As set forth in Exhibit 4, Aozora had an investment in the amount of $22,093,936.69 with Centigrade Fund Unit Trust ("Centigrade"). It is Aozora's understanding that Centigrade was approximately 7.87% invested in the Ascot Fund, which in turn invested materially all of its capital with BLMIS, and Aozora therefore claimed $1,738,792.82 in losses.

8.      As set forth in Exhibit 5, Aozora had an investment in the amount of $21,063,385.90 with SS Security Yen Unit Trust (the "SS Security Fund"). It is Aozora's understanding that the SS Security Fund was approximately 2.41% invested in Ariel, which in turn was approximately 29.83% invested in BLMIS, and Aozora therefore claimed $151,425.31 in losses.

9.      On December 8, 2009, the Trustee sent substantially identical form Notices of the Trustee's Determination of Claim with respect to Aozora's Claims. The Claim Denials, none of which described the particular Aozora claim being denied, each stated:

> Based on a review of available books and records of BLMIS by the Trustee's staff, you did not have an account with BLMIS. Because you did not have an account, you are not a customer of BLMIS under SIPA as that term is defined at 15 U.S.C. § 78lll (2). Accordingly, your Claim for securities and/or a credit balance is DENIED.

A copy of one of the form Claim Denials is attached hereto as Exhibit 6.

10.     Aozora objects to the Trustee's determinations and submits that it is a "customer" of BLMIS for purposes of, and is entitled to recover in, this SIPC proceeding on account of each of its claims.

-3-

## OBJECTION

11.    The Trustee's contention that Aozora is not a "customer" is contrary to the

plain language of SIPA.  There is no statutory basis for the artificial distinction drawn by

the Trustee between investors who had named accounts with BLMIS and investors, such as

Aozora, who invested by means of intermediaries.  Section 78lll(2) of SIPA defines the

term "customer."  This section states that:

> The term "customer" of a debtor means any person
> (including any person with whom the debtor deals as
> principal or agent) who has a claim on account of securities
> received, acquired, or held by the debtor in the ordinary
> course of its business as a broker or dealer from or for the
> securities accounts of such person for safekeeping, with a
> view to sale, to cover consummated sales, pursuant to
> purchases, as collateral security, or for purposes of effecting
> transfer.  The term "customer" includes any person who has
> a claim against the debtor arising out of sales or conversions
> of such securities, and any person who has deposited cash
> with the debtor for the purpose of purchasing securities ....

15 U.S.C. § 78lll(2).

12.    Clearly, there is no statutory requirement that a "customer" must have an

account directly with the debtor.  In fact, a claimant's status as a "customer" under SIPA

does not depend on the person or entity to whom he handed his cash or made his check

payable, or even where the funds were initially deposited. *In re Old Naples Secs., Inc.*, 223

F.3d 1296, 1302-03 (11th Cir. 2000).  Rather, customer status under the statute depends on

whether there was "actual receipt, acquisition or possession of the property of a claimant

by the brokerage firm under liquidation," such that the brokerage firm "acquired control

over all of the claimants' funds." *Id.* at 1302-04.  Indeed, "the mere act of entrusting . . .

cash to the debtor for the purpose of effecting securities transactions . . . triggers customer

-4-

status." *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC*, 401 B.R. 629, 635 (Bankr. S.D.N.Y. 2009) (internal quotations omitted).

13.    The Trustee's Claim Denials do not dispute the fact that BLMIS actually received and acquired control over Aozora's property. Thus, irrespective of the fact that Aozora did not have a direct account with BLMIS, Aozora is a "customer" under the plain definition of the term under SIPA. *See In re Primeline Sec. Corp.*, 295 F. 3d 1100, 1107 (10th Cir. 2002) ("SIPA does . . . protect claimants who try to attempt to invest through their brokerage firm but are defrauded by dishonest brokers . . . If a claimant intended to have the brokerage purchase securities on the claimant's behalf and reasonably followed the broker's instructions regarding payment, the claimant is a 'customer' under SIPA even if the brokerage or its agents misappropriate the funds"); *Miller v. DeQuine (In re Stratton Oakmont, Inc.)*, 2003 WL 22698876 at *3 (Bankr. S.D.N.Y. Nov. 14, 2003) ("Stratton Oakmont's conversion of Claimants' property makes them customers within the meaning of SIPA.").

14.    Furthermore, as explained by the Supreme Court, Congress enacted SIPA to protect and restore investor confidence in the capital markets. *See Securities Investor Protection Corp. v. Bourbor*, 421 U.S. 412, 415 (1975). Because SIPA is remedial legislation, any ambiguity in the definition of "customer" "should be construed broadly to effectuate its purposes." *Tcherepin v. Knight*, 389 U.S. 332, 336 (1967). The broad language of 15 U.S.C. § 78lll(2) does not limit the protected claimants to those who directly dealt with the debtor, but affords protection to the broadest extent possible by using the phrase "arising out of sales or conversions." *See, e.g., In re Stratton Oakmont, Inc.*, 2003 WL 22698876, at *3 (holding that the debtor's conversion of the claimant's

-5-

property brings the claimant within the SIPA definition of "customer"). It cannot be disputed that BLMIS acquired control of Aozora's property through the "feeder funds" and subsequently converted Aozora's property. Accordingly, Aozora is entitled to protection as a customer under SIPA and the Claim Denials should be overruled.

## **RESERVATION OF RIGHTS AND JOINDER**

15.    Aozora reserves its rights to supplement or amend this Objection for any reason, including in the event that the Trustee modifies his reasons for denying the Claims.

16.    Numerous objections have been filed on the issues described above, and to the extent applicable, Aozora joins in and incorporates by reference the arguments of other similarly situated claimants.

17.    The execution and filing of this Opposition is not and shall not be deemed: (a) a waiver or release of the Claimant's rights against any entity or person liable for all or any part of the Claims asserted herein; (b) a consent by the Claimant to the jurisdiction of this Court with respect to any proceeding commenced in this case against or otherwise involving the Claimant; (c) a waiver of the right to withdraw the reference with respect to the subject matter of the Claims, any objection or other proceedings commenced with respect thereto or any other proceedings commenced in this case against or otherwise involving the Claimant; (d) a waiver or release by the Claimant of any right to trial by jury, or a consent by the Claimant to a trial by jury, in this Court or any other court; (e) a waiver of any right to the subordination or recharacterization, in favor of the Claimant, of indebtedness or liens held by any creditors of the Debtor or any of its affiliates; (f) an election of remedies which waives or otherwise affects any other remedy; or (g) a waiver of the Claimant's rights to amend or supplement their Claims or this Objection.

-6-

WHEREFORE, Aozora respectfully requests that this Court (a) find that Aozora is a Customer as set forth in 15 U.S.C. § 78lll(2), and (b) direct that Aozora be granted relief in the liquidation proceeding to the same extent as direct investors in BLMIS.

Dated: January 21, 2010

ALSTON & BIRD LLP

Martin G. Bunin
Karl Geercken
90 Park Avenue
New York, New York 10016
212-210-9400
212-210-9444 (fax)
marty.bunin@alston.com
karl.geercken@alston.com

*Attorneys for Aozora Bank Ltd.*

-7-

# Exhibit 1

**CUSTOMER CLAIM**

Claim Number _____

Date Received _____

**BERNARD L. MADOFF INVESTMENT SECURITIES LLC**

In Liquidation

**DECEMBER 11, 2008**

(Please print or type)

Name of Customer:   Aozora Bank Ltd., Attn: Jonathan Fiorello

Mailing Address:   3-1, Kudan-minami, 1-chome, Chiyoda-ku

City:   Tokyo 102-8660        State:  Japan             Zip: _____

Account No.:    Ascot Fund Limited -- See Attachment.

Taxpayer I.D. Number (Social Security No.):

NOTE:    BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY
THE ACCOMPANYING INSTRUCTION SHEET. A SEPARATE CLAIM FORM
SHOULD BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL
PROTECTION AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE
RECEIVED BY THE TRUSTEE ON OR BEFORE March 4, 2009. CLAIMS
RECEIVED AFTER THAT DATE, BUT ON OR BEFORE July 2, 2009, WILL BE
SUBJECT TO DELAYED PROCESSING AND TO BEING SATISFIED ON TERMS
LESS FAVORABLE TO THE CLAIMANT. PLEASE SEND YOUR CLAIM FORM BY
CERTIFIED MAIL - RETURN RECEIPT REQUESTED.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

1.    Claim for money balances as of **December 11, 2008**:

    a.    The Broker owes me a Credit (Cr.) Balance of          $   107,745,804.89

    b.    I owe the Broker a Debit (Dr.) Balance of               $ _____

    c.    If you wish to repay the Debit Balance,
       please insert the amount you wish to repay and
       attach a check payable to "Irving H. Picard, Esq.,
       Trustee for Bernard L. Madoff Investment Securities LLC."
       If you wish to make a payment, **it must be enclosed**
       with this claim form.                                    $ _____

    d.    If balance is zero, insert "None."                      $ _____

2.      Claim for securities as of **December 11, 2008**:

**PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.**

|  |  | YES | NO |
|---|---|---|---|
| a. | The Broker owes me securities | | x |
| b. | I owe the Broker securities | | x |
| c. | If yes to either, please list below: | | x |

| Date of Transaction (trade date) | Name of Security | Number of Shares or Face amount of Bonds | |
|---|---|---|---|
| | | The Broker Owes Me (Long) | I Owe the Broker (Short) |
| | | | |
| | | | |
| | | | |
| | | | |

**Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclose, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation. You should also provide all documentation or information regarding any withdrawals you have ever made or payments received from the Debtor.**

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement. If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.
**PLEASE CHECK THE APPROPRIATE ANSWER FOR ITEMS 3 THROUGH 9.**

**NOTE:**    **IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION ON A SIGNED ATTACHMENT. IF SUFFICIENT DETAILS ARE NOT PROVIDED, THIS CLAIM FORM WILL BE RETURNED FOR YOUR COMPLETION.**

|  |  | YES | NO |
|---|---|---|---|
| 3. | Has there been any change in your account since December 11, 2008? If so, please explain. | | x |
| 4. | Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of the broker? | | x |
| 5. | Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or policies of the broker? | | x |
| 6. | Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in any way with the broker? If so, give name(s) | | x |
| 7. | Is this claim being filed by or on behalf of a broker or dealer or a bank? If so, provide documentation with respect to each public customer on whose behalf you are claiming. | x | |
| 8. | Have you ever given any discretionary authority to any person to execute securities transactions with or through the broker on your behalf? Give names, addresses and phone numbers. | | x |
| 9. | Have you or any member of your family ever filed a claim under the Securities Investor Protection Act of 1970? if so, give name of that broker. | | x |

Please list the full name and address of anyone assisting you in the preparation of this claim form:

Karl Geercken
Alston & Bird LLP
90 Park Avenue
New York, NY 10016

If you cannot compute the amount of your claim, you may file an estimated claim. In that case, please indicate your claim is an estimated claim.

**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM. CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.**

**THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY INFORMATION AND BELIEF.**

Date _____6 | 17 | 09_____     Signature _____

Jonathan Fiorello
Aurora Bank Ltd.
Senior Managing Executive Officer
Head of Investment Banking Group

(If ownership of the account is shared, all must sign above. Give each owner's name, address, phone number, and extent of ownership on a signed separate sheet. If other than a personal account, *e.g.,* corporate, trustee, custodian, etc., also state your capacity and authority. Please supply the trust agreement or other proof of authority.)

**This customer claim form must be completed and mailed promptly, together with supporting documentation, etc. to:**

Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

## Customer Claim Attachment

Aozora Bank, Ltd. ("Aozora") files this customer claim for $107,745,804.89 in cash that was invested with Bernard L. Madoff Investment Securities, LLC ("BLMIS") through Ascot Fund Limited (the "Ascot Fund").

As of November 30, 2008, the value of Aozora's investment in the Ascot Fund was $107,745,804.89. See February 27, 2009 Letter, Appendix 2, attached hereto as Exhibit A. Substantially all of the Ascot Fund was invested with BLMIS. See February 27, 2009 Letter, pg. 1. As a result, Aozora invested $107,745,804.89 in BLMIS through the Ascot Fund.

This claim is being filed by a bank for losses suffered solely by the bank, and Aozora is making no claims on behalf of any customer.

Please send a copy of all notices or correspondence with regards to this claim to counsel for Aozora at the following address:

Alston & Bird LLP
90 Park Avenue
New York, NY 10016
Attn: Karl Geercken

# EXHIBIT A

# GABRIEL CAPITAL GROUP

450 Park Avenue
New York, NY 10022
TELEPHONE 212 858-7200
FACSIMILE 212 858-9603

February 27, 2009

Mr. Kiyoshi Tokuda
Aozora Bank Ltd.
3-1, Kudan-Minami
1 - Chome, Chiyoda-Ku
Tokyo 102-8660
JAPAN

Dear Mr. Tokuda:

We continue to be shaken over the financial losses we have incurred as a result of the massive fraud committed by Bernard Madoff. At this point, we must assume, with regret, that all investments in Ascot Fund Limited are effectively worthless. The 2008 audited financial statements will be sent to you upon their completion. While ongoing litigation makes it impossible for me to say as much as I would like to regarding this matter, I do hope this letter will convey some useful information, some of which is time-sensitive.

As I shall explain below in greater detail, *recent developments point to a Thursday, July 2, 2009 deadline for you to make a direct claim against the Madoff estate, if you so elect.* Therefore, I urge you to read carefully the next section, entitled Recovery Efforts and Advice of the SIPC Trustee.

## Recovery Efforts and Advice of the SIPC Trustee

Many of you have inquired about the steps we are taking to recover funds from Madoff and his organization. We are following developments in this area, but have no greater insight into the details of his fraud or the location of assets than one may glean from press reports.

On December 15, 2008, the Securities Investor Protection Corporation ("SIPC") announced that it was liquidating Bernard L. Madoff Investment Securities LLC ("MIS") and commenced proceedings under the Securities Investor Protection Act ("SIPA"). SIPC also appointed a trustee to oversee the liquidation of MIS. The trustee's charge is to work to recover and distribute customers' cash and securities held in their brokerage accounts. To the extent the SIPC trustee is unable to return to customers all cash or securities held in their brokerage accounts as of December 11, 2008, customers may file claims against the brokerage firm. We have been in contact with the trustee in the hopes of recovering assets that can then be distributed to our shareholders.

February 27, 2009
Page 2

We intend to file with the trustee a proof of claim on behalf of Ascot for all amounts it invested with Madoff. We are not filing claims on behalf of individual limited partners, but limited partners may file such claims if they like, and have been encouraged to do so by the SIPC trustee. *The deadline for filing such claims is July 2, 2009 and the claims must reach the trustee (not merely be placed in the mailbox) by that date.*

At a meeting on February 20, the trustee indicated his view that funds that invested with Madoff, rather than the funds' ultimate investors, were the proper parties to file SIPC claims and receive distributions, i.e., a pro rata share of assets recovered plus $500,000 of SIPC insurance. Notwithstanding the trustee's position that fund investors do not meet the definition of Madoff "customers" under SIPA, *he nevertheless recommended that fund investors file their own individual proofs of claim,* so that they not be barred from recovery in the event that his view of SIPA is challenged successfully in court. Against this background, we plan to indicate, in filing a proof of claim on behalf of Ascot, that this filing is not intended to, and does not, prejudice the right of any limited partner to file a separate proof of claim. We strongly recommend that you consult with your own attorney before filing a proof of claim.

Should you decide to follow the recommendation of the trustee and file your own proof of claim, you may download a claims package at the trustee's website, www.madofftrustee.com/ClaimsPackages.html. Please note that, notwithstanding the instructions on the trustee's website requesting that you provide "documentation or information regarding any withdrawals you have ever made or payments received from the Debtor," our counsel do not believe that it is necessary for you to include such information with your claim. Instead, they suggest that you attach a copy of Appendix 2 to this letter as proof of the Net Asset Value of your investment in Ascot Fund Limited as of November 30, 2008. Please note again that the July 2, 2009 cut-off date for filing is an "in-hand" rather than mailing deadline, meaning that the trustee must have received the filing by that date. Finally, as you are a shareholder of a company that acted as a feeder fund to a domestic fund that invested with Madoff, there may be further difficulty in sustaining your claim as a customer under SIPA.

**A Difficult Time for All of Us**

My communications with you ever since news broke last December 11, including this letter, are among the most difficult in which I have ever participated. I want to express once more how distraught I am at the damage we have all suffered at Madoff's hands. I feel great personal sadness that my investors, many of whom have stood with me for years and years, have sustained considerable financial reversals due to Madoff's deception.

All of us are living through a painful period. We have been betrayed by a leading member of the Wall Street community, who successfully pulled the wool over the eyes of his investors, members of the financial community (including me), and regulators for what was apparently a period of many years, perhaps decades. With the exposure on December 11, 2008 of his diabolical behavior, an era ended and a time of remorse set in. I share in that remorse. I thank the investors and friends who have sent me thoughtful and supportive messages. While I am distressed by the anger that some of you have directed toward me, I understand that the financial losses that you have suffered as my investors have engendered a sense of deep disappointment. I hope that the passage of time will assuage those feelings. In this time of anguish, I hope that we

February 27, 2009
Page 3

will all be able to retain the blessings of good health, loving family, and close friends. I offer the further hope that, with time, the financial devastation wreaked by Madoff's shameless crime (as well as by the broad declines in the market) will subside, enabling all of us to recover at least to some extent from this considerable setback.

Although I know that this letter may leave many of your specific questions only partially answered, please be assured that we are aware of your concerns and are working assiduously to resolve these issues as quickly as practicable. As always, we will be available to take your inquiries, and we will answer them as best we can. We understand that you wish to learn as much as possible, as soon as possible, and we expect to provide you with further information in our future communications.

**Expediting Future Communications**

If you wish to receive future communications in an expedited manner, via e-mail and/or fax, please let us know by filling out and returning the attached Appendix 1. If we do not hear from you, we shall assume that you wish to continue to receive communications by mail only. I recommend that you fill out Appendix 1 even if you wish to receive future communications by mail only, because it will help us to have a telephone number in case we must send you urgent communications via courier. Of course, it would help even more to have e-mail addresses and fax numbers, because then we could be assured of nearly instantaneous communication.

Unfortunately, neither you nor I can turn back the clock or undo what has been done. I do want to be as helpful as possible as you recover from this terrible setback.

Very truly yours,
Gabriel Capital Corp.

J. Ezra Merkin
President

**APPENDIX 1**

*Please fill in the information requested below, provide your fax number or e-mail address (if applicable), and return to (212) 838-9603 (fax) or auteram@gabrielcapital.com (e-mail).*

Investor Name: _____

Contact Name: _____

Phone Number: _____

Fax Number: _____

E-mail Address: _____

Mailing Address (if different from the one used for this letter):

_____

_____

☐ I would like to continue to receive communications from Ascot Fund Limited by mail only.

☐ In addition to receiving communications from Ascot Fund Limited by mail, I would also like to receive copies of such communications by fax.

☐ In addition to receiving communications from Ascot Fund Limited by mail, I would also like to receive copies of such communications by e-mail.

☐ I would like to receive future communications from Ascot Fund Limited by fax only.

☐ I would like to receive future communications from Ascot Fund Limited by e-mail only.

_____
Authorized Signer

APPENDIX 2

CERTIFICATE OF ASCOT FUND LIMITED NAV
AS AT NOVEMBER 30, 2008

Mr. Kiyoshi Takuda
Aozora Bank Ltd.
3-1, Kudan-Minami
1 – Chome, Chiyoda-Ku
Tokyo 102-8660
JAPAN

As of November 30, 2008, the Net Asset Value of your investment in Ascot
Fund Limited was $107,745,804.89.

Very truly yours,
Gabriel Capital Corp.

J. Ezra Merkin
President

# Exhibit 2

**CUSTOMER CLAIM**

Claim Number _____

Date Received _____

**BERNARD L. MADOFF INVESTMENT SECURITIES LLC**

In Liquidation

**DECEMBER 11, 2008**

(Please print or type)

Name of Customer:   Aozora Bank Ltd., Attn: Jonathan Fiorello

Mailing Address:   3-1, Kudan-minami, 1-chome, Chiyoda-ku

City:   Tokyo 102-8660          State:   Japan          Zip: _____

Account No.:   Ariel Fund Limited -- See Attachment.

Taxpayer I.D. Number (Social Security No.):

NOTE:   BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY
THE ACCOMPANYING INSTRUCTION SHEET. A SEPARATE CLAIM FORM
SHOULD BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL
PROTECTION AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE
RECEIVED BY THE TRUSTEE ON OR BEFORE March 4, 2009. CLAIMS
RECEIVED AFTER THAT DATE, BUT ON OR BEFORE July 2, 2009, WILL BE
SUBJECT TO DELAYED PROCESSING AND TO BEING SATISFIED ON TERMS
LESS FAVORABLE TO THE CLAIMANT. PLEASE SEND YOUR CLAIM FORM BY
CERTIFIED MAIL - RETURN RECEIPT REQUESTED.

********************************************************************************

1.      Claim for money balances as of **December 11, 2008**:

   a.   The Broker owes me a Credit (Cr.) Balance of          $   20,088,084.53
   b.   I owe the Broker a Debit (Dr.) Balance of             $   _____
   c.   If you wish to repay the Debit Balance,
        please insert the amount you wish to repay and
        attach a check payable to "Irving H. Picard, Esq.,
        Trustee for Bernard L. Madoff Investment Securities LLC."
        If you wish to make a payment, **it must be enclosed**
        with this claim form.
                                                               $   _____
   d.   If balance is zero, insert "None."                     $   _____

2.      Claim for securities as of **December 11, 2008**:

**PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.**

|   |   | YES | NO |
|---|---|-----|-----|
| a. | The Broker owes me securities | _____ | x |
| b. | I owe the Broker securities | _____ | x |
| c. | If yes to either, please list below: | _____ | x |

| Date of Transaction (trade date) | Name of Security | Number of Shares or Face amount of Bonds | |
|---|---|---|---|
| | | The Broker Owes Me (Long) | I Owe the Broker (Short) |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

**Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclose, if possible, copies of your last account statement and purchase and sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation. You should also provide all documentation or information regarding any withdrawals you have ever made or payments received from the Debtor.**

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement. If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.
**PLEASE CHECK THE APPROPRIATE ANSWER FOR ITEMS 3 THROUGH 9.**

**NOTE:**  **IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION ON A SIGNED ATTACHMENT. IF SUFFICIENT DETAILS ARE NOT PROVIDED, THIS CLAIM FORM WILL BE RETURNED FOR YOUR COMPLETION.**

|  |  | YES | NO |
|---|---|---|---|
| 3. | Has there been any change in your account since December 11, 2008? If so, please explain. |  | x |
| 4. | Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of the broker? |  | x |
| 5. | Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or policies of the broker? |  | x |
| 6. | Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in any way with the broker? If so, give name(s) |  | x |
| 7. | Is this claim being filed by or on behalf of a broker or dealer or a bank? If so, provide documentation with respect to each public customer on whose behalf you are claiming. | x |  |
| 8. | Have you ever given any discretionary authority to any person to execute securities transactions with or through the broker on your behalf? Give names, addresses and phone numbers. |  | x |
| 9. | Have you or any member of your family ever filed a claim under the Securities Investor Protection Act of 1970? If so, give name of that broker. |  | x |

Please list the full name and address of anyone assisting you in the preparation of this claim form:

Karl Geercken
Alston & Bird LLP
90 Park Avenue
New York, NY 10016

If you cannot compute the amount of your claim, you may file an estimated claim. In that case, please indicate your claim is an estimated claim.

**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM. CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.**

**THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY INFORMATION AND BELIEF.**

Date _____ 6/17/09 _____    Signature _____

Jonathan Fiorello
Aozora Bank Ltd.
Senior Managing Executive Officer
Head of Investment Banking Group

(If ownership of the account is shared, all must sign above. Give each owner's name, address, phone number, and extent of ownership on a signed separate sheet. If other than a personal account, *e.g.*, corporate, trustee, custodian, etc., also state your capacity and authority. Please supply the trust agreement or other proof of authority.)

**This customer claim form must be completed and mailed promptly, together with supporting documentation, etc. to:**

Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

## Customer Claim Attachment

Aozora Bank, Ltd. ("Aozora") files this customer claim for $20,088,084.53 in cash that was invested with Bernard L. Madoff Investment Securities, LLC ("BLMIS") through Ariel Fund Limited (the "Ariel Fund").

As of November 30, 2008, the value of Aozora's investment in the Ariel Fund was $67,341,885.77. See Certificate of Ariel Fund Limited NAV, attached hereto as Exhibit A. The Ariel Fund was 29.83% invested in BLMIS. See id. Thus, 29.83% of Aozora's $67,341,885.77 investment was invested with BLMIS. As a result, Aozora invested $20,088,084.53 in BLMIS through the Ariel Fund.

This claim is being filed by a bank for losses suffered solely by the bank, and Aozora is making no claims on behalf of any customer.

Please send a copy of all notices or correspondence with regards to this claim to counsel for Aozora at the following address:

> Alston & Bird LLP
> 90 Park Avenue
> New York, NY 10016
> Attn: Karl Geercken

LEGAL02/31174916v3

# EXHIBIT A

# Schulte Roth&Zabel LLP

919 Third Avenue
New York, NY 10022
212.756.2000
212.593.5955 fax

www.srz.com

Writer's Direct Number
212.756.2431

Writer's E-mail Address
andre.weiss@srz.com

February 27, 2009

Mr. Kiyoshi Tokuda
Aozora Bank Ltd.
3-1, Kudan-Minami
1 - Chome, Chiyoda-Ku
Tokyo 102-8660
JAPAN

Dear Mr. Tokuda:

We are writing to you at the request of Ariel Fund Limited ("Ariel") to discuss the advisability of filing proofs of claim in the pending liquidation proceedings of Bernard L. Madoff Investment Securities LLC ("Madoff") under the Securities Investor Protection Act ("SIPA"). As explained below, *recent developments point to a Thursday, July 2, 2009 deadline for you to make a direct claim against the Madoff estate, if you so elect.*

We will file with the trustee appointed by the Securities Investor Protection Corporation ("SIPC") a proof of claim on behalf of Ariel for all amounts it invested with Madoff. We will not be filing claims on behalf of individual investors, but as described below, investors may file claims if they like, and have been encouraged to do so by the SIPC trustee. *The deadline for filing such claims is July 2, 2009 and the claims must reach the trustee (not merely be placed in the mailbox) by that date.*

At a meeting on February 20, the SIPC trustee indicated his view that funds that invested with Madoff, rather than the funds' ultimate investors, were the proper parties to file SIPC claims and receive distributions, i.e., a pro rata share of assets recovered plus $500,000 of SIPC insurance. Notwithstanding the trustee's position that fund investors do not meet the definition of Madoff "customers" under SIPA, *he recommended that fund investors file their own individual proofs of claim,* so that they not be barred from recovery in the event that his view of SIPA is challenged successfully in court. Against this background, we plan to indicate, in filing a proof of claim on behalf of Ariel, that our filing is not intended to, and does not, prejudice the right of any investor to file a separate proof of claim. We strongly recommend that you consult with your own attorney before filing a proof of claim.

February 27, 2009
Page 2

Should you decide to follow the recommendation of the trustee and file your own proof of claim, you may download a claims package at the trustee's website, www.madofftrustee.com/ClaimsPackages.html. Please note that, notwithstanding the instructions on the trustee's website requesting that you provide "documentation or information regarding any withdrawals you have ever made or payments received from the Debtor," we do not believe that it is necessary for you to include such information with your claim. Instead, we suggest that you attach a copy of Appendix 1 to this letter as proof of the Net Asset Value of your investment in Ariel Fund Limited as of November 30, 2008. Please note again that the July 2, 2009 cut-off date for filing is an "in-hand" rather than mailing deadline, meaning that the trustee must have received the filing by that date.

As you are a shareholder of a company, there may be further difficulty in sustaining your claim as a customer under SIPA.

Sincerely,

/s/ André Weiss
André Weiss

February 27, 2009
Page 3

APPENDIX 1

CERTIFICATE OF ARIEL FUND LIMITED NAV

AS AT NOVEMBER 30, 2008

FOR

Mr. Kiyoshi Tokuda
Aozora Bank Ltd.
3-1, Kudan-Minami
1 - Chome, Chiyoda-Ku
Tokyo 102-8660
JAPAN

As of November 30, 2008, the Net Asset Value of your investment in Ariel

Fund Limited was $67,341,885.77, of which 29.83% was invested in Bernard L. Madoff

Investment Securities LLC.

Very truly yours,
Gabriel Capital Corp.

J. Ezra Merkin
President

# Exhibit 3

## CUSTOMER CLAIM

Claim Number _____

Date Received _____

### BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

### DECEMBER 11, 2008

**(Please print or type)**

**Name of Customer:**  Aozora Bank Ltd., Attn: Jonathan Fiorello

**Mailing Address:**  3-1, Kudan-minami, 1-chome, Chiyoda-ku

**City:**  Tokyo 102-8660          **State:**  Japan          **Zip:**

**Account No.:**  Silver Creek Low Volume Strategies, Ltd. and Silver Creek Low Volume Strategies, Ltd. II – See Attachment.

**Taxpayer I.D. Number (Social Security No.):**

**NOTE:**  BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY THE ACCOMPANYING INSTRUCTION SHEET. A SEPARATE CLAIM FORM SHOULD BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL PROTECTION AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE RECEIVED BY THE TRUSTEE ON OR BEFORE March 4, 2009. CLAIMS RECEIVED AFTER THAT DATE, BUT ON OR BEFORE July 2, 2009, WILL BE SUBJECT TO DELAYED PROCESSING AND TO BEING SATISFIED ON TERMS LESS FAVORABLE TO THE CLAIMANT. PLEASE SEND YOUR CLAIM FORM BY CERTIFIED MAIL - RETURN RECEIPT REQUESTED.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

1.      Claim for money balances as of **December 11, 2008:**

      a.    The Broker owes me a Credit (Cr.) Balance of          $  963,349

      b.    I owe the Broker a Debit (Dr.) Balance of          $ _____

      c.    If you wish to repay the Debit Balance,
please insert the amount you wish to repay and
attach a check payable to "Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC."
If you wish to make a payment, **it must be enclosed**
with this claim form.          $ _____

      d.    If balance is zero, insert "None."          $ _____

2.      Claim for securities as of **December 11, 2008:**

**PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.**

|  |  | YES | NO |
|---|---|---|---|
| a. | The Broker owes me securities | | x |
| b. | I owe the Broker securities | | x |
| c. | If yes to either, please list below: | | x |

| Date of Transaction (trade date) | Name of Security | Number of Shares or Face amount of Bonds | |
|---|---|---|---|
| | | The Broker Owes Me (Long) | I Owe the Broker (Short) |
| | | | |
| | | | |
| | | | |
| | | | |

**Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclose, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation. You should also provide all documentation or information regarding any withdrawals you have ever made or payments received from the Debtor.**

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement. If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.
**PLEASE CHECK THE APPROPRIATE ANSWER FOR ITEMS 3 THROUGH 9.**

**NOTE:**    **IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION ON A SIGNED ATTACHMENT. IF SUFFICIENT DETAILS ARE NOT PROVIDED, THIS CLAIM FORM WILL BE RETURNED FOR YOUR COMPLETION.**

|  |  | YES | NO |
|---|---|---|---|
| 3. | Has there been any change in your account since December 11, 2008? If so, please explain. |  | x |
| 4. | Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of the broker? |  | x |
| 5. | Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or policies of the broker? |  | x |
| 6. | Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in any way with the broker? If so, give name(s) |  | x |
| 7. | Is this claim being filed by or on behalf of a broker or dealer or a bank? If so, provide documentation with respect to each public customer on whose behalf you are claiming. | x |  |
| 8. | Have you ever given any discretionary authority to any person to execute securities transactions with or through the broker on your behalf? Give names, addresses and phone numbers. |  | x |
| 9. | Have you or any member of your family ever filed a claim under the Securities Investor Protection Act of 1970? If so, give name of that broker. |  | x |

Please list the full name and address of anyone assisting you in the preparation of this claim form:

Karl Geercken
Alston & Bird LLP
90 Park Avenue
New York, NY 10016

If you cannot compute the amount of your claim, you may file an estimated claim. In that case, please indicate your claim is an estimated claim.

**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM. CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.**

**THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY INFORMATION AND BELIEF.**

Date _____6/17/09_____    Signature _____

Jonathan Fiorello
Aozora Bank Ltd.
Senior Managing Executive Officer
Head of Investment Banking Group

(If ownership of the account is shared, all must sign above. Give each owner's name, address, phone number, and extent of ownership on a signed separate sheet. If other than a personal account, *e.g.*, corporate, trustee, custodian, etc., also state your capacity and authority. Please supply the trust agreement or other proof of authority.)

**This customer claim form must be completed and mailed promptly, together with supporting documentation, etc. to:**

Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

### Customer Claim Attachment

Aozora Bank, Ltd. ("Aozora") files this customer claim for $963,349 in cash that was invested with Bernard L. Madoff Investment Securities, LLC ("BLMIS") through Silver Creek Low Volume Strategies, Ltd. ("SC Low") and Silver Creek Low Volume Strategies, Ltd. II ("SC Low II," together with SC Low, the "SC Low Funds").

As of November 30, 2008, the value of Aozora's investment in the SC Low Funds was $80,279,087 (i.e., $30,038,328 in SC Low and $50,240,759 in SC Low II). See Account Statement for the Month & Year-To-Date November 30, 2008, attached hereto as Exhibit A. Approximately 1.2% of the SC Low Funds were exposed to BLMIS. See January 15, 2009 Letter from SC Low, attached hereto as Exhibit B and January 15, 2009 Letter from SC Low II, attached hereto as Exhibit C. Thus, 1.2% of Aozora's $80,279,087 investment was invested with BLMIS. As a result, Aozora invested approximately $963,349 in BLMIS through the SC Low Funds.

This claim is being filed by a bank for losses suffered solely by the bank, and Aozora is making no claims on behalf of any customer.

Please send a copy of all notices or correspondence with regards to this claim to counsel for Aozora at the following address:

Alston & Bird LLP
90 Park Avenue
New York, NY 10016
Attn: Karl Geercken

# EXHIBIT A



## Silver Creek Low Vol Strategies, Ltd.
### Account Statement for the Month & Year-To-Date
### November 30, 2008

(No Client Copy Mailed)

### *Account Name: Aozora Bank, Ltd.*

**CURRENT MONTH ACTIVITY FOR OPERATIONS**

| Shares Owned | | Beginning NAV | | Subscriptions | | Redemptions | | Net Income (Loss) | | Ending NAV | Ending Shares | | Ending NAV per Share | Net Return for Period |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| LVI Class B Series 1204 | $ | 28,242,753 | $ | - | $ | (240,787) | $ | (1,802,406) | $ | 26,199,560 | 184,848.70 | $ | 141.74 | (6.44)% |
| LVI Class S Series B_0306 | | 895,802 | | - | | - | | (126,759) | | 769,043 | 13,841.16 | | 55.56 | (14.15)% |
| LVI Class S Series B_0707A | | 423,347 | | - | | - | | (81,890) | | 341,457 | 4,653.72 | | 73.37 | (19.34)% |
| LVI Class S Series B_0707B | | 144,329 | | - | | - | | (14,769) | | 129,560 | 2,936.80 | | 43.38 | (10.23)% |
| LVI Class S Series B_0807A | | 341,376 | | - | | - | | - | | 341,376 | 11,441.16 | | 29.84 | 0.00% |
| LVI Class S Series B_0807B | | 716,503 | | 2,660 | | - | | (94,815) | | 623,348 | 10,984.55 | | 56.75 | (13.20)% |
| LVI Class S Series B_0908A | | 793,891 | | - | | - | | (70,250) | | 723,641 | 9,235.62 | | 78.35 | (8.85)% |
| LVI Class S Series B_0908B | | 63,947 | | - | | - | | (7,915) | | 56,032 | 714.89 | | 78.38 | (12.38)% |
| LVI Class S Series B_0908C | | 705,532 | | 234,727 | | - | | (85,950) | | 854,309 | 10,023.63 | | 85.23 | (9.14)% |
| **Totals** | **$** | **32,326,482** | **$** | **237,387** | **$** | **(240,787)** | **$** | **(2,284,764)** | **$** | **30,038,328** | | | | |

**YEAR-TO-DATE ACTIVITY FOR OPERATIONS**

| Shares Owned | | Beginning NAV | | Subscriptions | | Redemptions | | Net Income (Loss) | | Ending NAV | Ending Shares | | Ending NAV per Share | Net Return for Period |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| LVI Class B Series 1204 | $ | 36,665,714 | $ | - | $ | (3,504,377) | $ | (6,961,777) | $ | 26,199,560 | 184,848.70 | $ | 141.74 | (20.54)% |
| LVI Class S Series B_0306 | | - | | 1,384,116 | | - | | (615,073) | | 769,043 | 13,841.16 | | 55.56 | (44.44)% |
| LVI Class S Series B_0707A | | 470,467 | | - | | - | | (129,010) | | 341,457 | 4,653.72 | | 73.37 | (27.42)% |
| LVI Class S Series B_0707B | | 275,826 | | 24,843 | | - | | (170,609) | | 129,560 | 2,936.80 | | 43.38 | (56.80)% |
| LVI Class S Series B_0807B | | 993,381 | | 81,225 | | - | | (451,258) | | 623,348 | 10,984.55 | | 56.75 | (43.08)% |
| LVI Class S Series B_0908A | | - | | 923,562 | | - | | (199,921) | | 723,641 | 9,235.62 | | 78.35 | (21.55)% |
| LVI Class S Series B_0908B | | - | | 71,489 | | - | | (15,457) | | 56,032 | 714.89 | | 78.38 | (21.62)% |
| LVI Class S Series B_0908C | | - | | 986,659 | | - | | (132,650) | | 854,309 | 10,023.63 | | 85.23 | (14.77)% |
| **Totals** | **$** | **39,320,149** | **$** | **3,471,894** | **$** | **(3,504,377)** | **$** | **(9,249,338)** | **$** | **30,038,328** | | | | |

Net Income (Loss) and period end Net Asset Value figures are net of applicable operating expenses, management fees and estimated performance fees. The information presented is estimated and unaudited and is based on information from third-party sources that may be inaccurate, incomplete or subject to change due to restatements, audit adjustments or other factors. This document is for informational purposes only and does not constitute an offer or a solicitation of an offer to buy an interest in the fund. Past results of funds managed by Silver Creek are not necessarily indicative of future performance of the Silver Creek funds, and the funds' performance may be volatile.

The beginning of quarter Net Asset Value for Silver Creek Low Vol Strategies, Ltd. was $1,383,798,184. The current Net Asset Value for the Fund is $1,196,699,614.

This document and the information herein is confidential and may not be reproduced or distributed in any manner.

Account Statement Prepared By:

SEI    New ways.
       New answers.®
Administrator to Silver Creek Low Vol Strategies, Ltd.

Silver Creek Capital Management LLC



## Silver Creek Low Vol Strategies II, Ltd.
Account Statement for the Month & Year-To-Date
November 30, 2008

(No Client Copy Mailed)

### Account Name: Aozora Bank, Ltd.

| Shares Owned | Beginning NAV | Subscriptions | Redemptions | Net Income (Loss) | Ending NAV | Ending Shares | Ending NAV per Share | Net Return for Period |
|---|---|---|---|---|---|---|---|---|
| LVI2 Class A1 Series 0704 | $ 47,211,998 | $ - | $ (421,854) | $ (3,007,594) | $ 43,782,648 | 390,608.99 | $ 112.09 | (6.43)% |
| LVI2 Class S Series A1_0306 | 1,492,710 | - | - | (211,224) | 1,281,486 | 23,064.95 | 55.56 | (14.15)% |
| LVI2 Class S Series A1_0707A | 680,761 | - | - | (127,872) | 552,889 | 7,263.95 | 73.36 | (19.36)% |
| LVI2 Class S Series A1_0707B | 117,001 | - | - | (11,997) | 105,004 | 2,423.84 | 43.32 | (10.25)% |
| LVI2 Class S Series A1_0807A | 516,721 | - | - | - | 516,721 | 17,331.86 | 29.81 | 0.00% |
| LVI2 Class S Series A1_0807B | 1,396,165 | 5,185 | - | (185,126) | 1,216,230 | 21,443.81 | 56.72 | (13.21)% |
| LVI2 Class S Series A1_0908A | 1,330,305 | - | - | (117,716) | 1,212,589 | 15,476.91 | 78.35 | (8.85)% |
| LVI2 Class S Series A1_0908B | 111,463 | - | - | (13,785) | 97,658 | 1,245.98 | 78.36 | (12.36)% |
| LVI2 Class S Series A1_0908C | 1,235,171 | 410,936 | - | (150,473) | 1,495,634 | 17,546.30 | 85.23 | (9.14)% |
| **Totals** | **$ 54,072,281** | **$ 416,131** | **$ (421,854)** | **$ (3,825,789)** | **$ 50,240,769** | | | |

| Shares Owned | Beginning NAV | Subscriptions | Redemptions | Net Income (Loss) | Ending NAV | Ending Shares | Ending NAV per Share | Net Return for Period |
|---|---|---|---|---|---|---|---|---|
| LVI2 Class A1 Series 0704 | $ 61,317,775 | $ - | $ (5,938,305) | $ (11,596,922) | $ 43,782,648 | 390,608.99 | $ 112.09 | (20.46)% |
| LVI2 Class S Series A1_0306 | - | 2,309,495 | - | (1,028,008) | 1,281,486 | 23,064.95 | 55.56 | (44.44)% |
| LVI2 Class S Series A1_0707A | 734,347 | - | - | (201,458) | 532,889 | 7,263.95 | 73.36 | (27.43)% |
| LVI2 Class S Series A1_0707B | 225,616 | 20,020 | - | (138,632) | 105,004 | 2,423.84 | 43.32 | (56.94)% |
| LVI2 Class S Series A1_0807A | 1,385,727 | - | - | (569,006) | 516,721 | 17,331.86 | 29.81 | (52.71)% |
| LVI2 Class S Series A1_0807B | 1,938,709 | 158,626 | - | (881,105) | 1,216,230 | 21,443.81 | 56.72 | (43.10)% |
| LVI2 Class S Series A1_0908A | - | 1,547,591 | - | (335,002) | 1,212,589 | 15,476.91 | 78.35 | (21.65)% |
| LVI2 Class S Series A1_0908B | - | 124,598 | - | (26,940) | 97,658 | 1,245.98 | 78.36 | (21.62)% |
| LVI2 Class S Series A1_0908C | - | 1,727,688 | - | (232,055) | 1,495,634 | 17,546.30 | 85.23 | (14.77)% |
| **Totals** | **$ 66,600,874** | **$ 6,886,018** | **$ (5,938,305)** | **$ (15,306,328)** | **$ 50,240,769** | | | |

Net Income (Loss) and period end Net Asset Value figures are net of applicable operating expenses, management fees and estimated performance fees. The information presented is estimated and unaudited and is based on information from third-party sources that may be inaccurate, incomplete or subject to change due to restatements, audit adjustments or other factors. This document is for informational purposes only and does not constitute an offer or a solicitation of an offer to buy an interest in the fund. Past results of funds managed by Silver Creek are not necessarily indicative of future performance of the Silver Creek funds, and the funds' performance may be volatile.

The beginning of quarter Net Asset Value for Silver Creek Low Vol Strategies II, Ltd. was $2,316,369,851. The current Net Asset Value for the Fund is $1,966,789,555.

This document and the information herein is confidential and may not be reproduced or distributed in any manner.

Account Statement Prepared By:

SEI    Now ways.
New answers.®
Administrator to Silver Creek Low Vol Strategies II, Ltd.

Silver Creek Capital Management LLC

# EXHIBIT B

SILVER CREEK

January 15, 2009

Dear Investor,

We are writing to inform you of a recent development concerning Silver Creek Low Vol Strategies, Ltd. ("the Fund"). As you are likely aware, Bernard Madoff was arrested last month for running a giant ponzi scheme. While many details remain unclear and new revelations continue to emerge, this was a remarkably sophisticated fraud of historic proportions that will impact many firms, including numerous financial institutions and hedge funds.

No Silver Creek funds have any direct investment exposure to Madoff accounts or entities. However, shortly after Madoff's arrest, it was disclosed that certain funds managed by Ezra Merkin of Gabriel Capital, including the Gabriel Capital, L.P. and Ariel Fund Limited funds, do have exposure to Madoff. The Fund is invested in Ariel Fund Limited, and we have determined that an estimated 25% of Ariel's assets were invested with Madoff.

We have taken a full write down of the indirect Madoff exposure through Gabriel. This write down resulted in an estimated 1.2% loss to the Fund in December. We believe the Fund has no Madoff exposure other than through Gabriel.

Merkin and his organization concealed the Madoff exposure from us and other investors. It is now apparent that in the Gabriel fund the exposure represented as cash equivalents in annual audits, exposure reports and via direct questioning was in fact invested through Madoff. Over the last few weeks we have been actively investigating this situation and we expect to aggressively pursue legal remedies against Merkin and Gabriel Capital on the Fund's behalf.

We sincerely apologize if this is your first notification regarding the Fund's exposure to Madoff through Gabriel. When we first learned of this situation, our first steps were to collect as much information concerning the exposure as possible and to confirm whether any immediate steps were necessary to protect the Fund and your investment. Our next critical action was to attempt to call all investors and their representatives directly to discuss the situation. Unfortunately we have been unable to reach all investors timely and for this reason we determined that an immediate written notice to all investors was necessary. We will update you with any further developments in the Fund's fourth quarter newsletter, which we plan to deliver by month end. In the meantime please feel free to call us with any questions.

Sincerely,

Eric Dillon
Chief Investment Officer

Silver Creek Capital Management LLC

SILVER CREEK

### Disclosures

Hedge fund investments may be speculative, highly leveraged, illiquid and subject to a substantial risk of loss, and as a result are not suitable for many investors. Silver Creek's funds are intended only for sophisticated investors who are able to assume the risks inherent in investment vehicles of this type and who meet the funds' eligibility requirements. No assurance can be given that the funds' investment objectives will be achieved. Past results of funds managed by Silver Creek are not necessarily indicative of future performance, and the funds' performance may be volatile.

Any statements herein that are not based on historical fact are forward-looking statements. The words "target", "project", "forecast", "anticipate", "estimate", "intend", "expect", "should", "believe" and similar expressions also identify forward-looking statements. Forward looking statements present Silver Creek's expectations, beliefs, plans and objectives regarding future financial performance, and assumptions or judgments concerning such performance. Although such statements are based on Silver Creek's current estimates and expectations, and known and/or currently available financial and economic data, forward looking statements are inherently uncertain. There are a variety of factors that could cause business conditions and performance to differ materially and adversely from what is contained in our forward-looking statements. Silver Creek disclaims any obligation to update forward-looking statements. For a description of some of the factors that could cause actual results to differ from our forward-looking statements please refer to the "Risk Factors" in the Fund's Confidential Information Memorandum.

Silver Creek does not necessarily have access to information from third-party managers to ensure the accuracy of the information presented, and any information received from third-party managers may be inaccurate or incomplete. Certain information presented is of a high-level, summary, condensed and aggregated nature, and is inherently limited, incomplete, and required the application of simplifications, generalizations and assumptions to produce. Silver Creek expressly disclaims any representation or warranty as to the accuracy, completeness, availability or timeliness of the information presented. The information provided does not necessarily reflect the most up to date or current information available. Silver Creek may change at any time the methodologies used to show portfolio allocation by strategy, geography, sector, concentration or other metrics based on its perception of which methodologies are currently the most appropriate or feasible to calculate. In the event that Silver Creek changes its methodologies, Silver Creek may not restate the information in prior reports.

This document and the information herein are confidential and may not be reproduced or distributed in any manner.

Silver Creek Capital Management LLC

# EXHIBIT C

SILVER CREEK

January 15, 2009

Dear Investor,

We are writing to inform you of a recent development concerning Silver Creek Low Vol Strategies II, Ltd. ("the Fund"). As you are likely aware, Bernard Madoff was arrested last month for running a giant ponzi scheme. While many details remain unclear and new revelations continue to emerge, this was a remarkably sophisticated fraud of historic proportions that will impact many firms, including numerous financial institutions and hedge funds.

No Silver Creek funds have any direct investment exposure to Madoff accounts or entities. However, shortly after Madoff's arrest, it was disclosed that certain funds managed by Ezra Merkin of Gabriel Capital, including the Gabriel Capital, L.P. and Ariel Fund Limited funds, do have exposure to Madoff. The Fund is invested in Ariel Fund Limited, and we have determined that an estimated 25% of Ariel's assets were invested with Madoff.

We have taken a full write down of the indirect Madoff exposure through Gabriel. This write down resulted in an estimated 1.2% loss to the Fund in December. We believe the Fund has no Madoff exposure other than through Gabriel.

Merkin and his organization concealed the Madoff exposure from us and other investors. It is now apparent that in the Gabriel fund the exposure represented as cash equivalents in annual audits, exposure reports and via direct questioning was in fact invested through Madoff. Over the last few weeks we have been actively investigating this situation and we expect to aggressively pursue legal remedies against Merkin and Gabriel Capital on the Fund's behalf.

We sincerely apologize if this is your first notification regarding the Fund's exposure to Madoff through Gabriel. When we first learned of this situation, our first steps were to collect as much information concerning the exposure as possible and to confirm whether any immediate steps were necessary to protect the Fund and your investment. Our next critical action was to attempt to call all investors and their representatives directly to discuss the situation. Unfortunately we have been unable to reach all investors timely and for this reason we determined that an immediate written notice to all investors was necessary. We will update you with any further developments in the Fund's fourth quarter newsletter, which we plan to deliver by month end. In the meantime please feel free to call us with any questions.

Sincerely,

Eric Dillon
Chief Investment Officer

Silver Creek Capital Management LLC



## Disclosures

Hedge fund investments may be speculative, highly leveraged, illiquid and subject to a substantial risk of loss, and as a result are not suitable for many investors. Silver Creek's funds are intended only for sophisticated investors who are able to assume the risks inherent in investment vehicles of this type and who meet the funds' eligibility requirements. No assurance can be given that the funds' investment objectives will be achieved. Past results of funds managed by Silver Creek are not necessarily indicative of future performance, and the funds' performance may be volatile.

Any statements herein that are not based on historical fact are forward-looking statements. The words "target", "project", "forecast", "anticipate", "estimate", "intend", "expect", "should", "believe" and similar expressions also identify forward-looking statements. Forward looking statements present Silver Creek's expectations, beliefs, plans and objectives regarding future financial performance, and assumptions or judgments concerning such performance. Although such statements are based on Silver Creek's current estimates and expectations, and known and/or currently available financial and economic data, forward looking statements are inherently uncertain. There are a variety of factors that could cause business conditions and performance to differ materially and adversely from what is contained in our forward-looking statements. Silver Creek disclaims any obligation to update forward-looking statements. For a description of some of the factors that could cause actual results to differ from our forward-looking statements please refer to the "Risk Factors" in the Fund's Confidential Information Memorandum.

Silver Creek does not necessarily have access to information from third-party managers to ensure the accuracy of the information presented, and any information received from third-party managers may be inaccurate or incomplete. Certain information presented is of a high-level, summary, condensed and aggregated nature, and is inherently limited, incomplete, and required the application of simplifications, generalizations and assumptions to produce. Silver Creek expressly disclaims any representation or warranty as to the accuracy, completeness, availability or timeliness of the information presented. The information provided does not necessarily reflect the most up to date or current information available. Silver Creek may change at any time the methodologies used to show portfolio allocation by strategy, geography, sector, concentration or other metrics based on its perception of which methodologies are currently the most appropriate or feasible to calculate. In the event that Silver Creek changes its methodologies, Silver Creek may not restate the information in prior reports.

This document and the information herein are confidential and may not be reproduced or distributed in any manner.

Silver Creek Capital Management LLC

# Exhibit 4

## CUSTOMER CLAIM

Claim Number _____

Date Received _____

### BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

### DECEMBER 11, 2008

(Please print or type)

Name of Customer:   Aozora Bank Ltd., Attn: Jonathan Fiorello
Mailing Address:   3-1, Kudan-minami, 1-chome, Chiyoda-ku
City:   Tokyo 102-8660        State:   Japan        Zip: _____
Account No.:   Centigrade Fund Unit Trust – See Attachment.
Taxpayer I.D. Number (Social Security No.):

NOTE:    BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY
THE ACCOMPANYING INSTRUCTION SHEET. A SEPARATE CLAIM FORM
SHOULD BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL
PROTECTION AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE
RECEIVED BY THE TRUSTEE ON OR BEFORE March 4, 2009. CLAIMS
RECEIVED AFTER THAT DATE, BUT ON OR BEFORE July 2, 2009, WILL BE
SUBJECT TO DELAYED PROCESSING AND TO BEING SATISFIED ON TERMS
LESS FAVORABLE TO THE CLAIMANT. PLEASE SEND YOUR CLAIM FORM BY
CERTIFIED MAIL - RETURN RECEIPT REQUESTED.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

1.    Claim for money balances as of **December 11, 2008**:

    a.    The Broker owes me a Credit (Cr.) Balance of          $    1,738,792.82
    b.    I owe the Broker a Debit (Dr.) Balance of            $ _____
    c.    If you wish to repay the Debit Balance,
        please insert the amount you wish to repay and
        attach a check payable to "Irving H. Picard, Esq.,
        Trustee for Bernard L. Madoff Investment Securities LLC."
        If you wish to make a payment, **it must be enclosed**
        with this claim form.
                                                  $ _____
    d.    If balance is zero, insert "None."               $ _____

2.      Claim for securities as of **December 11, 2008:**

**PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.**

|     |                                        | YES | NO |
|-----|----------------------------------------|-----|----|
| a.  | The Broker owes me securities          |     | x  |
| b.  | I owe the Broker securities            |     | x  |
| c.  | If yes to either, please list below:   |     | x  |

| Date of Transaction (trade date) | Name of Security | Number of Shares or Face amount of Bonds | |
|---|---|---|---|
| | | The Broker Owes Me (Long) | I Owe the Broker (Short) |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

**Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclose, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation. You should also provide all documentation or information regarding any withdrawals you have ever made or payments received from the Debtor.**

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement. If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.
**PLEASE CHECK THE APPROPRIATE ANSWER FOR ITEMS 3 THROUGH 9.**

**NOTE:**   **IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION ON A SIGNED ATTACHMENT. IF SUFFICIENT DETAILS ARE NOT PROVIDED, THIS CLAIM FORM WILL BE RETURNED FOR YOUR COMPLETION.**

|   |   | YES | NO |
|---|---|---|---|
| 3. | Has there been any change in your account since December 11, 2008? If so, please explain. | | x |
| 4. | Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of the broker? | | x |
| 5. | Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or policies of the broker? | | x |
| 6. | Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in any way with the broker? If so, give name(s) | | x |
| 7. | Is this claim being filed by or on behalf of a broker or dealer or a bank? If so, provide documentation with respect to each public customer on whose behalf you are claiming. | x | |
| 8. | Have you ever given any discretionary authority to any person to execute securities transactions with or through the broker on your behalf? Give names, addresses and phone numbers. | | x |
| 9. | Have you or any member of your family ever filed a claim under the Securities Investor Protection Act of 1970? if so, give name of that broker. | | x |

Please list the full name and address of anyone assisting you in the preparation of this claim form:

Karl Geercken
Alston & Bird LLP
90 Park Avenue
New York, NY 10016

If you cannot compute the amount of your claim, you may file an estimated claim. In that case, please indicate your claim is an estimated claim.

**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM. CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.**

**THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY INFORMATION AND BELIEF.**

Date ____6/17/09____     Signature _____

Jonathan Fiorello
Aozora Bank Ltd.
Senior Managing Executive Officer
Head of Investment Banking Group

(If ownership of the account is shared, all must sign above. Give each owner's name, address, phone number, and extent of ownership on a signed separate sheet. If other than a personal account, *e.g.*, corporate, trustee, custodian, etc., also state your capacity and authority. Please supply the trust agreement or other proof of authority.)

**This customer claim form must be completed and mailed promptly, together with supporting documentation, etc. to:**

Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

### Customer Claim Attachment

Aozora Bank, Ltd. ("Aozora") files this customer claim for $1,738,792.82 in cash that was invested with Bernard L. Madoff Investment Securities, LLC ("BLMIS") through Centigrade Fund Unit Trust (the "Centigrade Fund").

Aozora's investments in the Centigrade Fund were denominated in Japanese Yen ("JPY"). For the sole purpose of submitting this claim, the exchange rate as of December 11, 2008 of 1 JPY = 0.0108743 USD is used for estimating Aozora's exposure to BLMIS through the Centigrade Fund in U.S. dollars. As of November 30, 2008, the value of Aozora's investment in the Centigrade Fund was approximately $22,093,936.69.[1] See Consolidated Statement as of November 30, 2008, attached hereto as Exhibit A. Approximately 7.87% of the Centigrade Fund was invested in Ascot Fund Limited (the "Ascot Fund"). See December 15, 2008 Letter, attached hereto as Exhibit B. Substantially all of the Ascot Fund was invested with BLMIS. Thus, 7.87% of Aozora's $22,093,936.69 investment was invested with BLMIS. As a result, Aozora invested $1,738,792.82 in BLMIS through the Centigrade Fund.

This claim is being filed by a bank for losses suffered solely by the bank, and Aozora is making no claims on behalf of any customer.

Please send a copy of all notices or correspondence with regards to this claim to counsel for Aozora at the following address:

Alston & Bird LLP
90 Park Avenue
New York, NY 10016
Attn: Karl Geercken

---

[1] The holding value as of November 30, 2008 is JPY 1,871,857,855 (see Exhibit A), which is equal to $20,355,143.87. This figure, however, is calculated after a 100% write-off of the Ascot Fund. Therefore, Aozora's holding value before writing-off the Ascot Fund is $22,093,936.69 (this amount multiplied by (100-7.87)% = $20,355,143.87).

# EXHIBIT A

## CONSOLIDATED STATEMENT
### as of 30-Nov-2008

Aozora Bank Ltd
3-1 Kudan-Minami
1 Chome
Chiyoda-Ku Tokyo
102-8660

REGISTERED HOLDER(S)
Aozora Bank Ltd.


REGISTERED ADDRESS
3-1 Kudan-Minami
1 Chome
Chiyoda-Ku
Tokyo
102-8660 Japan

Attention: Chieko Mitsui or Masato Nagatomi
Fax: 011 813 3263 7284

Holder Number:        1000576204
Country of Residence:  Japan

---

### Spring Mountain Capital

| Holding | Latest NAV | NAV Date | Currency | Value |
|---|---|---|---|---|
| Centigrade Fund Unit Trust Class A Units Series 01-08 class: A a/c 10005762 ( Aozora Bank Ltd, ) | | | | |
| 25,120.659683 | 74,514.677506 | 30/11/2008 | JPY | 1,871,857,855.02 |

Please note that the November capital balance reflects the estimated effect of the Fund's indirect exposure to "Madoff" based on the best information recolved to date. This number may be subject to change as more information becomes available

Issued by Fortis Prime Fund Solutions (Cayman) Limited as Administrator
Grand Pavilion Commercial Centre            Contact : Shareholder Services 345 949 7942
802 West Bay Road
PO Box 2003                                 Fund Domicile:   Cayman Islands
Grand Cayman, Cayman Islands B.W.I
KY1-1104
FAX:    (345) 914 9903
E-MAIL:   shares@ky.fortisbank.com

FORTIS

# EXHIBIT B



SPRING MOUNTAIN CAPITAL

December 15, 2008

Dear Investor:

Over the past few days, we have contacted each of the sub-managers in Centigrade Fund Limited (the "Fund") in order to quantify the Fund's exposure to Bernard L. Madoff Investment Securities, LLC ("Madoff Securities"). Based on our research, only one fund had direct exposure to Madoff Securities – Ascot Fund Limited.

As of November 30, 2008, Ascot constituted 7.87% of the Fund. We believe that substantially all of the Ascot investment was exposed to Madoff Securities, based on currently available information. If these preliminary estimates are correct, the Fund had approximately 7.87% of its assets exposed to Madoff Securities as of November 30, 2008.

Since the announcement of the Madoff Securities fraud, we have taken affirmative steps to protect our interests. We have retained Simpson Thacher & Bartlett LLP to provide us with legal advice concerning all transactional, structural, regulatory and litigation issues that may arise in connection with this matter. Simpson Thacher is one of the nation's most highly regarded and sophisticated law firms. Our team at Simpson Thacher consists of attorneys with expertise in advising victims of financial fraud, working with regulatory and criminal authorities in connection with ongoing investigations, and analyzing all aspects of investment structures, such as ours, in order to maximize their stability and prospect for future success.

We are evaluating other steps to be taken in order to protect the Fund's assets and expect to have further announcements within the next few days.

The partners and employees of Spring Mountain Capital have over $130 million invested across our funds and alongside investor assets and have not at any point this year removed our capital.

We remain open to direct calls from any of you about this matter. If we are unavailable at the time of your call, we will endeavor to return it in a very timely manner.

Sincerely,

John L. Steffens
Managing Director

Gregory P. Ho
President and Chief Operating Officer

Spring Mountain Capital, LP  55 East 55th Street, 33rd Floor  New York, New York 10022  T 212 292 8300

# Exhibit 5

**CUSTOMER CLAIM**

Claim Number _____

Date Received _____

**BERNARD L. MADOFF INVESTMENT SECURITIES LLC**

In Liquidation

**DECEMBER 11, 2008**

(Please print or type)

**Name of Customer:**   Aozora Bank Ltd., Attn: Jonathan Fiorello
**Mailing Address:**   3-1, Kudan-minami, 1-chome, Chiyoda-ku
**City:**   Tokyo 102-8660      **State:**   Japan      **Zip:** _____
**Account No.:**   SS Security Yen Unit Trust – See Attachment.
**Taxpayer I.D. Number (Social Security No.):**

NOTE:    BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY
THE ACCOMPANYING INSTRUCTION SHEET. A SEPARATE CLAIM FORM
SHOULD BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL
PROTECTION AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE
RECEIVED BY THE TRUSTEE ON OR BEFORE March 4, 2009. CLAIMS
RECEIVED AFTER THAT DATE, BUT ON OR BEFORE July 2, 2009, WILL BE
SUBJECT TO DELAYED PROCESSING AND TO BEING SATISFIED ON TERMS
LESS FAVORABLE TO THE CLAIMANT. PLEASE SEND YOUR CLAIM FORM BY
CERTIFIED MAIL - RETURN RECEIPT REQUESTED.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

1.      Claim for money balances as of **December 11, 2008:**

a.    The Broker owes me a Credit (Cr.) Balance of              $    151,425.31
b.    I owe the Broker a Debit (Dr.) Balance of                    $   _____
c.    If you wish to repay the Debit Balance,
please insert the amount you wish to repay and
attach a check payable to "Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC."
If you wish to make a payment, **it must be enclosed**
with this claim form.
                                                                                    $   _____
d.    If balance is zero, insert "None."                            $   _____

2.      Claim for securities as of **December 11, 2008:**

**PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.**

|   |   | YES | NO |
|---|---|---|---|
| a. | The Broker owes me securities | | x |
| b. | I owe the Broker securities | | x |
| c. | If yes to either, please list below: | | x |

| Date of Transaction (trade date) | Name of Security | Number of Shares or Face amount of Bonds | |
|---|---|---|---|
| | | The Broker Owes Me (Long) | I Owe the Broker (Short) |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

**Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclose, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation. You should also provide all documentation or information regarding any withdrawals you have ever made or payments received from the Debtor.**

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement. If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.
**PLEASE CHECK THE APPROPRIATE ANSWER FOR ITEMS 3 THROUGH 9.**

**NOTE:** **IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION ON A SIGNED ATTACHMENT. IF SUFFICIENT DETAILS ARE NOT PROVIDED, THIS CLAIM FORM WILL BE RETURNED FOR YOUR COMPLETION.**

|   |   | YES | NO |
|---|---|---|---|
| 3. | Has there been any change in your account since December 11, 2008? If so, please explain. | | X |
| 4. | Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of the broker? | | X |
| 5. | Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or policies of the broker? | | X |
| 6. | Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in any way with the broker? If so, give name(s) | | x |
| 7. | Is this claim being filed by or on behalf of a broker or dealer or a bank? If so, provide documentation with respect to each public customer on whose behalf you are claiming. | x | |
| 8. | Have you ever given any discretionary authority to any person to execute securities transactions with or through the broker on your behalf? Give names, addresses and phone numbers. | | x |
| 9. | Have you or any member of your family ever filed a claim under the Securities Investor Protection Act of 1970? If so, give name of that broker. | | x |

Please list the full name and address of anyone assisting you in the preparation of this claim form:

Karl Geercken
Alston & Bird LLP
90 Park Avenue
New York, NY 10016

If you cannot compute the amount of your claim, you may file an estimated claim. In that case, please indicate your claim is an estimated claim.

**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM. CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.**

**THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY INFORMATION AND BELIEF.**

Date ____6/17/09____   Signature _____

Jonathan Fiorello
**Aozora Bank Ltd.**
Senior Managing Executive Officer
Head of Investment Banking Group

(If ownership of the account is shared, all must sign above. Give each owner's name, address, phone number, and extent of ownership on a signed separate sheet. If other than a personal account, *e.g.*, corporate, trustee, custodian, etc., also state your capacity and authority. Please supply the trust agreement or other proof of authority.)

**This customer claim form must be completed and mailed promptly, together with supporting documentation, etc. to:**

Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

**Customer Claim Attachment**

Aozora Bank, Ltd. ("Aozora") files this customer claim for $151,425.31 in cash

that was invested with Bernard L. Madoff Investment Securities, LLC ("BLMIS")

through SS Security Yen Unit Trust (the "SS Security Fund").

Aozora's investments in the SS Security Fund were denominated in Japanese Yen

("JPY"). For the sole purpose of submitting this claim, the exchange rate as of December

11, 2008 of 1 JPY = 0.0108743 USD is used for estimating Aozora's exposure to BLMIS

through the SS Security Fund in U.S. dollars. As of November 30, 2008, the value of

Aozora's total investment in the SS Security Fund was $21,063,385.90. See SS Security

Yen Trust November 30, 2008 Statement, attached hereto as Exhibit A. Approximately

2.41% of the SS Security Fund was invested in Ariel Fund Limited (the "Ariel Fund").

See November 2008 Final Attribution, attached hereto as Exhibit B. Approximately

29.83% of the Ariel Fund was invested with BLMIS. At this time, it is estimated that

Aozora invested approximately $151,425.31 in BLMIS as a result of its investment in the

SS Security Fund.

This claim is being filed by a bank for losses suffered solely by the bank, and

Aozora is making no claims on behalf of any customer.

Please send a copy of all notices or correspondence with regards to this claim to

counsel for Aozora at the following address:

> Alston & Bird LLP
> 90 Park Avenue
> New York, NY 10016
> Attn: Karl Geercken

# EXHIBIT A

### SS SECURITY YEN UNIT TRUST
### STATEMENT OF CHANGES IN NET ASSET VALUE AND UNITS - CLASS 2005/6
#### November 30, 2008

Aozora Bank, Ltd
3-1, Kudan-minami
1-chome, Chiyoda-ku
Tokyo 102-8660, Japan
Account Name: Aozora Bank, Ltd.
Attention: Atsushi Hanaoka                          Attention: Atsushi Hanaoka
E-mail: a.hanaoka@aozorabankbank.co.jp             Fax +81-3-3261-6568

*Your Portfolio Value*

|  | Total Units | Month Ended Yen |
|---|---|---|
| *Net asset value at October 31, 2008* | 248,607.7963 | 2,012,443,424 |
| *Unitholders' subscriptions* | | |
| *Unitholders' withdrawals* | | |
| *Net income (loss)* | | (75,455,672) |
| *Net asset value at November 30, 2008* | 248,607.7963 | 1,936,987,751 |
| *Net asset value per unit at November 30, 2008* | | 7,792 |
| *Monthly Return* | | -3.749% |
| *Year To Date Return* | | -22.472% |

UNAUDITED

Prepared by Dundee Leeds Management Services (Cayman) Ltd.
P.O. Box 2506 GT
2nd Floor, Waterfront Centre, 28 North Church Street, George Town
Grand Cayman, Cayman Islands, B.W.I.
Tel: 1 345 945 1510.  Fax:  1 346 945 4675



# EXHIBIT B

STERLING STAMOS SECURITY (OFFSHORE) FUND, LTD.
November Final Attribution

| Investment | Strategy | Sub-Strategy | November-08 MTD Return % | November-08 Allocation | November-08 Attribution |
|---|---|---|---|---|---|
| Allen Arbitrage Offshore | Event Driven | Risk Arbitrage | -0.63% | 2.35% | -0.01% |
| Alydar Fund Limited | Arbitrage | Equity Market Neutral | -1.08% | 2.52% | -0.03% |
| Anchorage Capital Partners Offshore, LTD | Credit | L/S Credit | -1.40% | 2.30% | -0.05% |
| Ariel Fund Limited | Event Driven | Distressed | -51.92% | 2.41% | -0.27% |
| Aristeia International Limited | Arbitrage | Convertible Arbitrage | 0.46% | 1.94% | 0.01% |
| Avenue Asia International, Ltd. | Event Driven | Distressed | -17.06% | 0.02% | 0.00% |
| Bennelong Asia Pacific Multi Strategy Equity Fund, Ltd. | Arbitrage | Options Arbitrage | -4.40% | 2.57% | -0.11% |
| Black River Commodity Multi-Strategy Fund, Ltd. | Multi Strategy | Multi Strategy | -0.61% | 0.13% | 0.00% |
| Canyon Value Realization Fund (Cayman) Ltd | Multi Strategy | Multi Strategy | -5.83% | 2.00% | -0.12% |
| Cerberus SIM Investors, LLC | Event Driven | Distressed | 0.00% | 1.20% | 0.00% |
| Cerberus International, Ltd. | Event Driven | Distressed | -3.50% | 4.63% | -0.16% |
| D.B. Zwirn Special Opportunities Fund, Ltd. | Credit | Loan Origination | -4.88% | 7.00% | -0.34% |
| D.E. Shaw Composite International Fund | Arbitrage | Statistical Arbitrage | -7.38% | 0.59% | -0.04% |
| Davidson Kempner International, Ltd | Multi Strategy | Multi Strategy | -1.91% | 2.40% | -0.05% |
| Diamondback Offshore Fund, Ltd. | Multi Strategy | Multi Strategy | 1.13% | 2.49% | 0.03% |
| Dolphin Capital Properties Limited | Special Situations | Direct/Co-Investments | 0.00% | 0.03% | 0.00% |
| Drawbridge Special Opportunities Fund, Ltd | Credit | Loan Origination | -5.65% | 0.38% | -0.03% |
| Elliott International Limited | Multi Strategy | Multi Strategy | -4.80% | 7.48% | -0.36% |
| Eton Park Overseas Fund, Ltd. | Multi Strategy | Multi Strategy | 0.22% | 2.68% | 0.01% |
| FCOI II Holdings, L.P. | Multi Strategy | Multi Strategy | -3.28% | 13.06% | -0.43% |
| Fir Tree Capital Opportunity Fund II, Ltd. | Event Driven | Special Situations | -1.49% | 2.39% | -0.04% |
| Harbinger Capital Partners Offshore Fund, II Ltd. | Credit | L/S Credit | -6.22% | 1.90% | -0.12% |
| Highfields Capital Ltd. | L/S Equity | L/S Equity | -4.45% | 1.08% | -0.05% |
| Kensico Offshore Fund, Ltd. | L/S Equity | L/S Equity | -1.90% | 3.29% | -0.06% |
| King Street Capital, Ltd. | Credit | L/S Credit | 1.01% | 2.53% | 0.03% |
| KKR Strategic Capital Overseas Fund, Ltd. | Event Driven | Distressed | -58.62% | 1.56% | -0.60% |
| Marathon Overseas Fund, Ltd. | Arbitrage | Relative Value | -2.58% | 1.12% | -0.03% |
| Marathon Special Opportunity Fund Ltd. | Event Driven | Distressed | -6.27% | 3.64% | -0.23% |
| Marathon Structured Finance Fund, Ltd. | Credit | Loan Origination | -5.60% | 3.14% | -0.18% |
| Meditor European Hedge Fund | L/S Equity | L/S Equity | 5.82% | 1.25% | 0.07% |
| Paulson Enhanced Ltd. | Event Driven | Risk Arbitrage | 0.78% | 0.73% | 0.01% |
| Paulson International Ltd. | Event Driven | Risk Arbitrage | 0.50% | 2.07% | 0.01% |
| Perry Partners International, Inc. | Multi Strategy | Multi Strategy | -9.26% | 1.99% | -0.18% |
| Pershing Square International, Ltd. | L/S Equity | L/S Equity | -5.26% | 1.12% | -0.06% |
| Pond View Credit Fund, Ltd. | Credit | L/S Credit | -6.45% | 0.94% | -0.06% |
| R3, Ltd. | Credit | L/S Credit | -11.37% | 4.27% | -0.51% |
| Satellite Overseas Fund, Ltd | Event Driven | Distressed | -13.52% | 1.78% | -0.24% |
| Silver Point Capital Offshore Fund, Ltd. | Event Driven | Distressed | -9.74% | 2.08% | -0.20% |
| Spinnaker Global Opportunity Fund Ltd. | Event Driven | Special Situations | -2.17% | 1.00% | -0.02% |
| Strategic Value Restructuring Fund Ltd. | Event Driven | Distressed | -2.39% | 2.24% | -0.05% |
| Taconic Opportunity Offshore Fund Ltd. | Multi Strategy | Multi Strategy | -1.40% | 2.26% | -0.03% |
| Tiger Asia Overseas Fund, Ltd | L/S Equity | L/S Equity | -15.46% | 0.92% | -0.14% |
| TPG-Axon Partners (Offshore), Ltd. | Event Driven | Special Situations | -1.89% | 1.96% | -0.04% |
| VR Global Offshore Fund Ltd. | Event Driven | Distressed | 0.42% | 0.76% | 0.00% |
| Wharton Asian Arbitrage Fund I | Arbitrage | Options Arbitrage | 0.31% | 1.23% | 0.00% |
| Whitebox Combined Fund, Ltd. | Arbitrage | Capital Structure Arbitrage | -10.99% | 1.57% | -0.17% |
| Cash, Cash Equivalent & Receivables | Cash, Cash Equivalen | Cash, Cash Equivalent & R | 0.19% | -7.18% | -0.03% |

| | | | | | |
|---|---|---|---|---|---|
| Total Investments | | | | 100.00% | -5.37% |

| | | |
|---|---|---|
| Investments | | -5.37% |
| Fund Hedging | | NA |
| Fund Expenses | | -0.11% |
| Actual Net | | -5.47% |

* The above numbers are based on unaudited figures provided by our underlying fund managers and are subject to change. Individual investor performance percentages will vary depending on the date of investment. The allocations with respect to strategy and underlying managers are subject to change at the sole discretion of the general partner.

IMPORTANT DISCLOSURE INFORMATION
This presentation shall not constitute an offer to sell or the solicitation of any offer to buy which may only be made at the time a qualified investor receives (i) a final confidential memorandum (the "Memorandum") and a Limited Partnership Agreement (the "Partnership Agreement") describing our domestic funds or (ii) a Memorandum describing our offshore funds (together with our domestic funds, our "Funds"). The Partnership Agreement and each of the Memoranda are referred to collectively as the "Fund Documents." In the event of any inconsistency between this presentation and the Fund Documents, the Fund Documents will govern. This presentation and its contents are strictly confidential and are not to be provided to any person without the prior written approval of (i) SSP Associates GP, LLC (the "General Partner") with respect to investors in our domestic funds or (ii) Sterling Stamos Capital Management, L.P. (the "Investment Manager") with respect to investors in our offshore funds. As investment in our Funds may involve significant risks, including the risk of loss of the amount invested. While the utilization of a multi-management of funds structure may reduce the level of risk through diversification, such a structure will result in our Funds and industry investors in our Funds bearing multiple management fees and incentive allocations. Although this presentation has been prepared from public sources and data that the General Partner and/or the Investment Manager believes to be reliable, neither the General Partner nor the Investment Manager makes any representation as to its accuracy or completeness. The performance results shown in this presentation are net of the Funds' performance allocation and management fees and include the reinvestment of all income. Calculations of the strategies of the underlying funds are based on information provided by the underlying managers and are therefore subject to change without notice. In considering the prior performance information contained herein, investors should bear in mind that past performance is no guarantee of future results and there can be no assurance that the Funds will achieve comparable results. There can be no assurance that any estimated returns contained in this presentation will be realized or that actual results will not be materially lower than those estimated.

# Exhibit 6

**BERNARD L. MADOFF INVESTMENT SECURITIES LLC**

In Liquidation

**DECEMBER 11, 2008[1]**


**NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM**

December 8, 2009

Aozora Bank Ltd.
Attn: Jonathan Fiorello
3-1, Kudan-minami, 1-chome, Chiyoda-ku
Tokyo, Japan  102-8660
Japan


Dear Aozora Bank Ltd.:

**PLEASE READ THIS NOTICE CAREFULLY.**

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim designated as Claim No. 012847:

Based on a review of available books and records of BLMIS by the Trustee's staff, you did not have an account with BLMIS. Because you did not have an account, you are not a customer of BLMIS under SIPA as that term is defined at 15 U.S.C. § 78lll (2). Accordingly, your Claim for securities and/or a credit balance is **DENIED.**

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after December 8, 2009, the date on which the Trustee mailed this notice.

--------------------------------

[1] Section 78lll(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78lll(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York 10004

and

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
Attn: Claims Department
45 Rockefeller Plaza
New York, New York 10111

_Irving Picard_

---

**Irving H. Picard**

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

cc:  Alston and Bird LLP, Attn: Karl Geercken
     90 Park Avenue
     NEW YORK, NY  10016