Hearing Date: October 19, 2010
Hearing Time: 10:00 AM (EST)

Marcus Erling IRA

3090 E Viking Road

Las Vegas, NV 89121

7/8/10

Clerk of the United States Bankruptcy Court

For the Southern District of New York

One Bowling Green

New York, New York 10004


RECEIVED JUL 1 2 2010 U.S. BANKRUPTCY COURT, SDNY

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | **Bankruptcy Case No. 08-01789 (BRL)**<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |

**MEMORANDUM IN OPPOSITION TO TRUSTEE'S MOTION TO AFFIRM TRUSTEE'S DETERMINATION DENYING CLAIMS OF CLAIMANTS WITHOUT BLMIS ACCOUNTS IN THEIR NAMES, NAMELY, INVESTORS IN FEEDER FUNDS**

Pursuant to the Court's Order dated April 13, 2010 (the "Order" [docket no. 2205]), Marcus Erling on behalf of the Marcus Erling IRA hereby submits this Opposition to the Trustee's Motion For An Order to Affirm Trustee's Determinations Denying Claims of Claimants Without BLMIS Accounts In Their Names, Namely, Investors In Feeder Funds [docket no. 2416], and the memoranda filed by the Trustee and by SIPC in support of the same [docket nos. 2411 and 2414, respectively].

Marcus Erling IRA is an "Objecting Claimant" as defined in the Order. Marcus Erling filed an objection to the Trustee's denial of its claim on the basis that Marcus Erling IRA did not have an account at BLMIS (the "Objection" [docket no. 1302]). The Objection, along with its exhibits (including Marcus Erling IRA customer claim), is attached hereto as **Exhibit 1**.

The Trustee's determination that Marcus Erling IRA is not a "customer" under SIPC because it did not have an account in its name at BLMIS is wrong for the reasons set forth in Marcus Erling IRA's Objection. In the interest of preserving judicial resources, Marcus Erling hereby incorporates by reference as if fully restated herein the arguments set forth in the Objection as to why the Marcus Erling IRA should be treated as a customer under SIPA. Marcus Erling on behalf of the Marcus Erling IRA also hereby joins and incorporates by reference as if fully restated herein the arguments and authority cited in the objections and oppositions filed on behalf of all similarly situated Objecting Claimants as to why the Trustee's determination on the customer issue is wrong.

Dated: July 8, 2010

Marcus Erling IRA

-3-

**BERNARD L. MADOFF INVESTMENT SECURITIES LLC**

In Liquidation

**DECEMBER 11, 2008[1]**

**NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM**

December 8, 2009

Marcus Erling IRA RO
3090 E. Viking Rd.
Las Vegas, NV  89121-4322

Dear Marcus Erling IRA RO:

**PLEASE READ THIS NOTICE CAREFULLY.**

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim designated as Claim No. 003512:

Based on a review of available books and records of BLMIS by the Trustee's staff, you did not have an account with BLMIS. Because you did not have an account, you are not a customer of BLMIS under SIPA as that term is defined at 15 U.S.C. § 78lll (2). Accordingly, your Claim for securities and/or a credit balance is **DENIED**.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after December 8, 2009, the date on which the Trustee mailed this notice.

---

[1] Section 78lll(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78lll(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York 10004

and

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
Attn: Claims Department
45 Rockefeller Plaza
New York, New York 10111

_/s/ Irving Picard_
_____
**Irving H. Picard**

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC