# CIVIL COVER SHEET

JS 44 (Rev. 12/07)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Pro se
Jamar Ellis et al..(In Forma Pauperis)

**DEFENDANTS**
Bernard L. Madoff et al..

**(b)** County of Residence of First Listed Plaintiff    Orange
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    New York
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

'10 CV 1 2 9 5  H    JMA

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

### PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence
  **Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

### FORFEITURE/PENALTY
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1331 and 1332
Brief description of cause:
Conversion and Embezzlement

## VII. REQUESTED IN COMPLAINT:
☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 3,000,000,000    CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE    Burton R. Lifland
DOCKET NUMBER    08-1789 (BRL)

DATE
04/19/2008

SIGNATURE OF ATTORNEY OF RECORD
Inclosed attachments demonstrates Plaintiffs' relationship to docket # 08-1789 (BRL)

FOR OFFICE USE ONLY

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

1    Lamar Ellis et al. (In *PROSE* ~~Forma Pauperis~~)
     1372 Fernlake Avenue
2    Brea, CA 92821
     (909) 623-2247
3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11   LAMAR ELLIS (In *PROSE* ~~Forma Pauperis~~)
     DR LAMAR ELLIS CHARITABLE REMAINDER  TRUST
12   LAMAR ELLIS' TRUST
     LAMAR ELLIS REVOCABLE TRUST
13   LAMELLI LTD PARTNERSHIP AND
     ENERGETIC PSYCHOANALYTIC
14   INSTITUTE AND TRAINING SCHOOL INC.

15              PLAINTIFFS

16                               '10 CV 1 29 5  H       JMA
                  -V-            Case No._____
17   .

18   BERNARD L. MADOFF
     INVESTMENT SECURITIES LLC,
19   PIONEER INVESTMENT FIRM
     AMSOUTH BANK
20   REGIONS BANK
     DEPOSIT GUARANTY NATIONAL BANK
21   UNITED STATES SECURITIES AND EXCHANGE
     COMMISSION
22   THADARINE MCINTOSH
     MOODY RATING AGENCY
23   FITCH RATING LTD
     STANDARD AND POOR'S RATING AGENCY
24              DEFENDANTS
25

26        **COMPLAINT FOR CONVERSION AND EMBEZZELMENT**

27

Plaintiffs allege:

1.  Lamar Ellis is a resident of the State of California and the trustor of Dr. Lamar Ellis Charitable
Remainder Trust who holds tax credits, tax shelters, R&D LTD. Partnership units, AKA (negative K-1) units and
144 A securities, all of which are associated directly or indirectly with the Plaintiff Dr. Lamar Ellis Charitable Remainder
Trust and to each is owed an obligation and for each the rights are hereby assigned to him for prosecution of this
action.

2.  Energetic Psychoanalytic Institute was a tax exempt non- profit organization until 1978 then duly
organized under the laws of the State of California, with Lamar Ellis as the President of the same. The Institute was
reorganized in 1979 under the laws of the State of Mississippi for medical research purposes and the production of
durable medical equipment/pharmaceutical manufacturing through Ellis Pharmaceutical Manufacturing Company Inc.
of Jackson Mississippi.

3.  Lamelli Ltd. Partnership is a partnership organized under the laws of the State of Mississippi, of which
Lamar Ellis was a general partner, first in 1992 through 1999. Then reorganized under the laws of the State of
Mississippi in 2010.

4.  At all times, herein the remaining named Plaintiffs were created under the laws of the United States and
had a vested interest in the financial instruments which have given rise to this cause of action.

5.  THADARINE MCINTOSH, a US citizen who resides in the state of California and who has claimed a
vested interest in the Plaintiffs' financial instruments. In 2004 it was discovered by the Plaintiffs that Ms. McIntosh was
actively trying to sell some of the Plaintiffs' R&D tax credits without the Plaintiffs' permission. It is believed that the
Defendant used some of these credits to reduce Defendant's state and federal tax liabilities on earned income.

6.  PIONEER INVESTMENT FIRM was a company authorized to do and doing business in the United States
with the purpose of advising and or investing in various companies throughout the United States in 2005.

7.  DEPOSIT GUARANTY NATIONAL BANK is a financial institution organized under the laws of the United
States and the State of Mississippi and was doing business in the United States with the responsibility of receiving and
safekeeping funds and other securities for the benefit of its customers in 1995.

8.  AMSOUTH BANK is a financial institution organized under the laws of the United States and was doing
business in the United States with the responsibility of receiving and safekeeping funds and other securities for the
benefit of its customers, is a financial institution organized under the laws of the United States and is situated in

Birmingham, Alabama. AMSOUTH based upon information and belief purchased Deposit Guaranty National Bank in 2000.

9.      REGIONS BANK is a financial institution organized under the laws of the United States and was doing business in the United States with the responsibility of receiving and safekeeping funds and other securities for the benefit of its customers and purchased AMSOUTH and its assets.

10.      UNITED STATES SECURITES AND EXCHANGE COMMISSION is an agency of the United States with the primary purpose of overseeing and regulating securities and other financial instruments and based upon information apparently approved the trading of assets owned or in which the Plaintiffs maintained an interest without the Plaintiffs' permission.

11.      BERNARD L. MADOFF Investment Securities, LLC was an investment firm operating out of New York and other portions of the United State and apparently had possession of assets at the time of the seizure associated with the investigation of Bernard Madoff.

12.      MOODY RATING AGENCY-   Plaintiffs believes it rated their securities without their permission.

13.      FITCH RATING AGENCY-   Plaintiffs believes it rated their securities without their permission.

14.      STANDARD AND POORS RATING AGENCY-   Plaintiffs believes it rated their securities without their permission.

## JURISDICTION

15.      This court has both personal and subject matter jurisdiction over the parties based upon federal question jurisdiction and diversity pursuant to 28 USC1331 and 1332. The parties satisfy both the diversity requirement and exceed the jurisdictional amount necessary to invoke the jurisdiction of this court.

## FACTS

16.      Lamar Ellis is the trustor of the Dr. Lamar Ellis Charitable Remainder Trust. This trust was created under the laws of the State of Mississippi and was created for the purpose of implementing health care alternative for the State of Mississippi and had an interest in the security interests giving rise to this cause of action

17.      Dr. Lamar Ellis Charitable Remainder Trust created certain types of 144 A securities and $13,000,000,000 worth of Bearer Certificates of Deposit Debt Obligations underwritten by 18,500 t/c units and deposited the same with Deposit Guaranty National Bank with the written understanding that their only duty was to hold these instruments and safe keep them until and as further directed.

18.     In an attempt to liquidate the assets on deposit with Deposit Guaranty National Bank, those that
the Mississippi Secretary of State  through the Mississippi Security Division had granted permission to issue a 144A
type Tax exempt Coupon/Bearer Bond in the amount of $400,000,000.00, with another $370,000,000 in tax credits
which had been placed with/Deposit Guaranty National Bank in 1995, for safe keeping only until further notification was
given.

19.     Plaintiff Lamar Ellis on behalf of Energetic Inc. signed an agreement with Deposit Guaranty
National Bank in 1995, that he would have no voice in the management of the bonds issued, and that the bank's
Trustee's duties were to protect the bond owner (s) from financial harm while in  (DGNB) safe keeping.

20.     It is believed that sometime in the year 2000, defendant AmSouth acquired Deposit Guaranty and
thereafter an account was set up at AmSouth Investment Services . The financial instruments were assigned a Cusip
number  and a Symbol unknown at this time at the direction of AmSouth. On or about May 26 2001 AmSouth
announced a merger with Regions Bank. As a result, efforts were made to negotiate liquidation of newly acquired tax
credits.

21.     Identity theft reports were made on October 24, 2003, reports were made to the Internal Revenue
Service, the U. S. Treasury, the Securities and Exchange Commission and the FBI along with other federal, State and
Local Agencies. Efforts to obtain assistance have been futile even though the Plaintiff and the entities named herein
are clearly entitled to the same. At all times herein, the Securities and Exchange Commission knew or should have
known that the instruments which are the subject of the cause of action was either the property of or under the
ownership of named plaintiffs.

22.     Thereafter, efforts continued in the negotiation with companies in an effort to partner with them to
liquidate the assets. As a result of the negotiations, the entities requested copies of the documents deposited with
Deposit Guaranty National Bank and AmSouth Bank.

23.     Defendant AmSouth, Pioneer Investment Firm and Deposit Guaranty  refused  and fail to deliver the
documents and cause the assets to be converted into financial securities instruments which were traded on the trading
medium NASDAQ, all with the knowledge or consent of the Defendants..

24.     As a result of being unable to produce the documents entrusted to defendants, negotiations ended
resulting in a loss of billions of dollars

25.     It was later discovered that AmSouth, Bernard Madoff and Pioneer Investments were trading assets

owned by Plaintiffs' without permission

26.    Defendant SEC was contacted by the Plaintiffs on August 6, 2008 who advised the SEC of an
alleged scheme and illegal activities by several of the Defendants. The SEC responded with a letter on August 28,
2008 stating that the SEC would investigate the complaint made by the Plaintiffs. The Plaintiffs has not received any
relief as of this filing of complaint from the SEC.

27.    In 2009, the office of Bernard Madoff was apparently raided by the FBI who contacted the Plaintiffs
confirming that AmSouth and or Pioneer Investment was trading Plaintiff's Assets on NASDAQ along with a
Guaranteed Tax Shelter Bearer Certificate dated September 9, 2003 and made out to Lamar Ellis Trust, TTEE in the
amount of approximately $1.3 billion dollars. These assets were in the possession of Bernard L. Madoff Investment
Securities LLC.

. 28.    At all times herein, the Plaintiffs were unaware of these transactions, did not authorize the same
and received no benefits therefrom.

29.    It is believed by the Plaintiffs that tax credits, tax shelters and bearer bonds in the amount of
approximately 1.3 billion dollars had been compromised  by the Defendants and this suspected loss was reported to
the IRS via form 4684 from 2002 forward.

30.    As a result of the negligence, unlawful and reckless conduct of the defendants the Plaintiff has lost
or will lose all of the aforementioned tax credits or the equivalent in assets.

31.    Let it be known that the Plaintiffs have filed an amended IRS form 8283 which shows a
$13,000,000,000 loss to the Plaintiffs.

## PRAYER FOR RELIEF

Wherefore Plaintiffs pray for actual and compensatory damages in the amount of $13,000,000,000.00 and
punitive damages in the amount of $26,000,000,000.from the named defendants, jointly and severally for attorney fees
and all other proper and just relief.

Respectfully submitted,

*Lamar Ellis*

Dr. Lamar Ellis

LAMAR ELLIS et al..
PLAINTIFF/PETITIONER/MOVANT'S NAME

2010 JUN 17 PM 2: 59

BY_____DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

Civil No. '10 CV 1 29 5  H    JMA

LAMAR ELLIS et al..

vs

BERNARD L. MADOFF
INVESTMENT SECURITIES LLC

)
)
)
)
)
)
)
)
)
)

REQUEST FOR APPOINTMENT OF COUNSEL

1.    I, the plaintiff in the above-entitled **CONVERSION/EMBEZZELMENT**., request that the court appoint an attorney to represent me in this matter. In support of this request, I state as follows:

    A.    my claim is meritorious (that is, I have a good case), and

    B.    I have made a reasonably diligent effort to obtain counsel, and

    C.    I am unable to find an attorney willing to represent me on terms that I can afford.

2.    **Attached to this package is:**

3.    **Additional Information**

## The First Cause of Action
## Against Some Defendants

**Fraudulent Concealment re: Regarding the fact that the Plaintiffs' total securities were under a permanent SEC injunction due to the actions of Defendants.**

1.  The allegations of this complaint are based on information and beliefs are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery during the pendency of the action herein that some of the Defendants fraudulent concealment of their actions, and persuaded the SEC to issue an SEC file number and SEC accession number, that allowed the Defendants to register and publicly trade the Plaintiffs' natural securities on NASDAQ.

2.  If after discovery during review of SEC records and the allegations are found to be true that information will be handed over to Judge Burton R. Lifland of the U.S. Bankruptcy Court Docket no. 08-178 (BRL) and the U.S. Department Of Justice.

3.  The exception to cause number 2 is Defendant McIntosh. This Defendant discovered information as is described in the Plaintiffs' complaint against McIntosh will be given to the (IRS).

4.  The Plaintiffs will not seek documents or records from Defendants; Deposit Guaranty Bank, AmSouth Bank, Regions Bank, Bernard L. Madoff, et al.

By _Lamar Ellis_

Lamar Ellis, et al
June 30, 2010

**COMPLAINT**

## Under The First Cause of Action and First Sub Cause of Action Against The Defendants

**Under The First Cause of Action and First Sub Cause of Action:**

1.  General damages in an amount to be proven at time of trial.

2.  Special damages in an amount to be proven at time of trial.

3.  Punitive and/or exemplary damages in an amount to be proven at time of trial.

4.  An order requiring the Defendants to identify and turn over all real properties, cash, securities, loans, contributions, and donation records to institutions, payouts of any kind to anyone, and identify all domestic and foreign bank accounts, where the Plaintiffs' assets were hypothecated or used in any manner to create a financial position for the Defendants.

**Under All Causes of Action:**

5.  For costs of suit incurred herein.

6.  For such other and future relief as the Court deems just and proper.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 30, 2010 at Brea, California.

By _Lamar Ellis_____

Lamar Ellis et al
Attorney For Plaintiffs
Lamar Ellis, Individual
Lamar Ellis, Trust
Energetic Institute

**COMPLAINT**

*SEC Info*   Home    Search    My Interests    Help    Sign In    *Please Sign in*

# Amsouth Mutual Funds · 497 · On 8/26/05

## Filed On 8/26/05 4:21pm ET  ·  SEC File 33-21660  ·  Accession Number 898432-5-737

[ Find ]   in an "object" Search.   Show Docs searched   and every "hit".

Help...   *Wildcards:* **?** (any letter). **\*** (many). *Logic:* for Docs: **&** (and). **|** (or): for Text: **|** (anywhere). **"(&)"** (near).

| As Of | Filer | Filing | As/For/On | Docs:Pgs | Issuer |
|-------|-------|--------|-----------|----------|--------|
| 8/26/05 | Amsouth Mutual Funds | 497 | 8/26/05 | 1:4 | |

---

### Definitive Material · Rule 497
### Filing Table of Contents

| Document/Exhibit | Description | Pages | Size |
|------------------|-------------|-------|------|
| 1: 497 | Definitive Material | 4 | 22K |



**FedEx Kinko's**
Office and Print Center

## Fax Cover Sheet

| FedEx Kinko's of Milpitas | Telephone: 408.946.2500   Fax: 408.946.2599 |
|---|---|

Date *3/10/04*

**To:** *Attention:*

Name *Dr. Jamar Ellis*

Company *Trust*

Telephone *(704) 623-2247*

Fax *(704) 865-3434*

**From:**

Name *Khadarine Mc Intosh*

Company

Telephone *(408) 262-4157*

Comments / *I do believe we have finally reached an agreement. We have talked to Attorneys (St. Frey) and their and we have talked to My Tax Man (Romero) and talks were engaged to a CPA as well as the IRS in Selling these Credits*

More than 1,200 locations worldwide. For the location nearest you, call 1.800.254.6567. Visit our website at fedexkinkos.com.

**COMPLAINT**

1

2

3

4    Defendant LAMAR ELLIS

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10                        SOUTHERN DIVISION

11

12    SECURITIES AND EXCHANGE COMMISSION,    )    Civil Action No. SA98-135 AHS (EEx)
                                            )
13          Plaintiff,                       )
                                            )
14          vs.                              )
                                            )
15    DAVID A. COLVIN; INTELLINET            )
      PUBLISHING, INC.; INTELLINET HOLDING   )
16    GROUP, INC.; MEDICAL ADVANTAGE, INC.;  )
      LAMELLI, INC. a/k/a LAMELLI MEDICAL    )
17    TECHNOLOGY, INC.; WALL STREET          )
      RESEARCH COMPANY, INC.; JOB KJELL      )
18    HOVIK; LAMAR ELLIS; etc., et al.,      )
19                                           )
20          Defendants.                      )
                                            )    Submitted: January 15, 1999
21                                           )    Place: Courtroom of the
                                            )    Honorable Alicemarie H. Stotler
22    _____   )

23

24

25

26

27

28

                            **COMPLAINT**

# CIVIL COVER SHEET

JS 44 (Rev. 12/07)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Jamar Ellis et al..(In ~~Forma Pauperis~~)  PRO SE

**DEFENDANTS**

Bernard L. Madoff et al..

**(b)** County of Residence of First Listed Plaintiff   Orange
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   New York
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

**'10 CV 1295 H    JMA**

RECEIVED   JUL 12 2010   U.S. BANKR. DIST OF NEW

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1331 and 1332

Brief description of cause:   Conversion and Embezzlement

## VII. REQUESTED IN COMPLAINT:

☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 3,000,000,000

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☑ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE   Burton R. Lifland

DOCKET NUMBER   08-1789 (BRL)

DATE   04/19/2008

SIGNATURE OF ATTORNEY OF RECORD

Inclosed attachments demonstrates Plaintiffs' relationship to docket # 08-1789 (BRL)

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

1   Lamar Ellis et al. (In ~~Forma Pauperis~~) *PRO SE*
    1372 Fernlake Avenue
2   Brea, CA 92821
    (909) 623-2247
3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11  LAMAR ELLIS (In ~~Forma Pauperis~~) *PRO SE*
    DR LAMAR ELLIS CHARITABLE REMAINDER  TRUST
12  LAMAR ELLIS' TRUST
    LAMAR ELLIS REVOCABLE TRUST
13  LAMELLI LTD PARTNERSHIP AND
    ENERGETIC PSYCHOANALYTIC
14  INSTITUTE AND TRAINING SCHOOL INC.

15          PLAINTIFFS

16                                        '10 CV 1 2 9 5   H         JMA
                    -V-                   Case No.
17  .

18  BERNARD L. MADOFF
    INVESTMENT SECURITIES LLC,
19  PIONEER INVESTMENT FIRM
    AMSOUTH BANK
20  REGIONS BANK
    DEPOSIT GUARANTY NATIONAL BANK
21  UNITED STATES SECURITIES AND EXCHANGE
    COMMISSION
22  THADARINE MCINTOSH
    MOODY RATING AGENCY
23  FITCH RATING LTD
    STANDARD AND POOR'S RATING AGENCY
24
            DEFENDANTS
25

26      COMPLAINT FOR CONVERSION AND EMBEZZELMENT

27

Plaintiffs allege:

1.    Lamar Ellis is a resident of the State of California and the trustor of Dr. Lamar Ellis Charitable Remainder Trust who holds tax credits, tax shelters, R&D LTD. Partnership units, AKA (negative K-1) units and 144 A securities, all of which are associated directly or indirectly with the Plaintiff Dr. Lamar Ellis Charitable Remainder Trust and to each is owed an obligation and for each the rights are hereby assigned to him for prosecution of this action.

2.    Energetic Psychoanalytic Institute was a tax exempt non- profit organization until 1978 then duly organized under the laws of the State of California, with Lamar Ellis as the President of the same. The Institute was reorganized in 1979 under the laws of the State of Mississippi for medical research purposes and the production of durable medical equipment/pharmaceutical manufacturing through Ellis Pharmaceutical Manufacturing Company Inc. of Jackson Mississippi.

3.    Lamelli Ltd. Partnership is a partnership organized under the laws of the State of Mississippi, of which Lamar Ellis was a general partner, first in 1992 through 1999. Then reorganized under the laws of the State of Mississippi in 2010.

4.    At all times, herein the remaining named Plaintiffs were created under the laws of the United States and had a vested interest in the financial instruments which have given rise to this cause of action.

5.    THADARINE MCINTOSH, a US citizen who resides in the state of California and who has claimed a vested interest in the Plaintiffs' financial instruments. In 2004 it was discovered by the Plaintiffs that Ms. McIntosh was actively trying to sell some of the Plaintiffs' R&D tax credits without the Plaintiffs' permission. It is believed that the Defendant used some of these credits to reduce Defendant's state and federal tax liabilities on earned income.

6.    PIONEER INVESTMENT FIRM was a company authorized to do and doing business in the United States with the purpose of advising and or investing in various companies throughout the United States in 2005.

7.    DEPOSIT GUARANTY NATIONAL BANK is a financial institution organized under the laws of the United States and the State of Mississippi and was doing business in the United States with the responsibility of receiving and safekeeping funds and other securities for the benefit of its customers in 1995.

8.    AMSOUTH BANK is a financial institution organized under the laws of the United States and was doing business in the United States with the responsibility of receiving and safekeeping funds and other securities for the benefit of its customers, is a financial institution organized under the laws of the United States and is situated in

Birmingham, Alabama. AMSOUTH based upon information and belief purchased Deposit Guaranty National Bank in
2000.

9.    REGIONS BANK is a financial institution organized under the laws of the United States and was doing
business in the United States with the responsibility of receiving and safekeeping funds and other securities for the
benefit of its customers and purchased AMSOUTH and its assets.

10.    UNITED STATES SECURITES AND EXCHANGE COMMISSION is an agency of the United States
with the primary purpose of overseeing and regulating securities and other financial instruments and based upon
information apparently approved the trading of assets owned or in which the Plaintiffs maintained an interest without
the Plaintiffs' permission.

11.    BERNARD L. MADOFF Investment Securities, LLC was an investment firm operating out of New
York and other portions of the United State and apparently had possession of assets at the time of the seizure
associated with the investigation of Bernard Madoff.

12.    MOODY RATING AGENCY-  Plaintiffs believes it rated their securities without their permission.

13.    FITCH RATING AGENCY-  Plaintiffs believes it rated their securities without their permission.

14.    STANDARD AND POORS RATING AGENCY-  Plaintiffs believes it rated their securities without their
permission.

JURISDICTION

15.    This court has both personal and subject matter jurisdiction over the parties based upon federal
question jurisdiction and diversity pursuant to 28 USC1331 and 1332. The parties satisfy both the diversity requirement
and exceed the jurisdictional amount necessary to invoke the jurisdiction of this court.

FACTS

16.    Lamar Ellis is the trustor of the Dr. Lamar Ellis Charitable Remainder Trust. This trust was created
under the laws of the State of Mississippi and was created for the purpose of implementing health care alternative for
the State of Mississippi and had an interest in the security interests giving rise to this cause of action

17.    Dr. Lamar Ellis Charitable Remainder Trust created certain types of 144 A securities and
$13,000,000,000 worth of Bearer Certificates of Deposit Debt Obligations underwritten by 18,500 t/c units and
deposited the same with Deposit Guaranty National Bank with the written understanding that their only duty was to hold
these instruments and safe keep them until and as further directed.

18.    In an attempt to liquidate the assets on deposit with Deposit Guaranty National Bank, those that the Mississippi Secretary of State through the Mississippi Security Division had granted permission to issue a 144A type Tax exempt Coupon/Bearer Bond in the amount of $400,000,000.00, with another $370,000,000 in tax credits which had been placed with/Deposit Guaranty National Bank in 1995, for safe keeping only until further notification was given.

19.    Plaintiff Lamar Ellis on behalf of Energetic Inc. signed an agreement with Deposit Guaranty National Bank in 1995, that he would have no voice in the management of the bonds issued, and that the bank's Trustee's duties were to protect the bond owner (s) from financial harm while in (DGNB) safe keeping.

20.    It is believed that sometime in the year 2000, defendant AmSouth acquired Deposit Guaranty and thereafter an account was set up at AmSouth Investment Services . The financial instruments were assigned a Cusip number  and a Symbol unknown at this time at the direction of AmSouth. On or about May 26 2001 AmSouth announced a merger with Regions Bank. As a result, efforts were made to negotiate liquidation of newly acquired tax credits.

21.    Identity theft reports were made on October 24, 2003, reports were made to the Internal Revenue Service, the U. S. Treasury, the Securities and Exchange Commission and the FBI along with other federal, State and Local Agencies. Efforts to obtain assistance have been futile even though the Plaintiff and the entities named herein are clearly entitled to the same. At all times herein, the Securities and Exchange Commission knew or should have known that the instruments which are the subject of the cause of action was either the property of or under the ownership of named plaintiffs.

22.    Thereafter, efforts continued in the negotiation with companies in an effort to partner with them to liquidate the assets. As a result of the negotiations, the entities requested copies of the documents deposited with Deposit Guaranty National Bank and AmSouth Bank.

23.    Defendant AmSouth, Pioneer Investment Firm and Deposit Guaranty  refused  and fail to deliver the documents and cause the assets to be converted into financial securities instruments which were traded on the trading medium NASDAQ, all with the knowledge or consent of the Defendants..

24.    As a result of being unable to produce the documents entrusted to defendants, negotiations ended resulting in a loss of billions of dollars

25.    It was later discovered that AmSouth, Bernard Madoff and Pioneer Investments were trading assets

owned by Plaintiffs' without permission

26.    Defendant SEC was contacted by the Plaintiffs on August 6, 2008 who advised the SEC of an alleged scheme and illegal activities by several of the Defendants. The SEC responded with a letter on August 28, 2008 stating that the SEC would investigate the complaint made by the Plaintiffs. The Plaintiffs has not received any relief as of this filing of complaint from the SEC.

27.    In 2009, the office of Bernard Madoff was apparently raided by the FBI who contacted the Plaintiffs confirming that AmSouth and or Pioneer Investment was trading Plaintiff's Assets on NASDAQ along with a Guaranteed Tax Shelter Bearer Certificate dated September 9, 2003 and made out to Lamar Ellis Trust, TTEE in the amount of approximately $1.3 billion dollars. These assets were in the possession of Bernard L. Madoff Investment Securities LLC.

28.    At all times herein, the Plaintiffs were unaware of these transactions, did not authorize the same and received no benefits therefrom.

29.    It is believed by the Plaintiffs that tax credits, tax shelters and bearer bonds in the amount of approximately 1.3 billion dollars had been compromised by the Defendants and this suspected loss was reported to the IRS via form 4684 from 2002 forward.

30.    As a result of the negligence, unlawful and reckless conduct of the defendants the Plaintiff has lost or will lose all of the aforementioned tax credits or the equivalent in assets.

31.    Let it be known that the Plaintiffs have filed an amended IRS form 8283 which shows a $13,000,000,000 loss to the Plaintiffs.

## PRAYER FOR RELIEF

Wherefore Plaintiffs pray for actual and compensatory damages in the amount of $13,000,000,000.00 and punitive damages in the amount of $26,000,000,000.from the named defendants, jointly and severally for attorney fees and all other proper and just relief.

Respectfully submitted,

Dr. Lamar Ellis

LAMAR ELLIS et al..
PLAINTIFF/PETITIONER/MOVANT'S NAME

2010 JUN 17 PM 2:59

BY_____DEPUTY

1
2
3
4
5
6
7
8        UNITED STATES DISTRICT COURT
9        SOUTHERN DISTRICT OF CALIFORNIA
10
'10 CV 1295 H          JMA
11                                    )    Civil No.
                                      )
12    LAMAR ELLIS et al..             )    REQUEST FOR APPOINTMENT OF
                                      )    COUNSEL
13              vs                    )
                                      )
14    BERNARD L. MADOFF               )
      INVESTMENT SECURITIES LLC       )
15                                    )
16 _____
17    1.    I, the plaintiff in the above-entitled **CONVERSION/EMBEZZELMENT**., request that the

18 court appoint an attorney to represent me in this matter.  In support of this request, I state as follows:

19            A.    my claim is meritorious (that is, I have a good case), and

20            B.    I have made a reasonably diligent effort to obtain counsel, and

21            C.    I am unable to find an attorney willing to represent me on terms that I can

22 afford.

23    2.    **Attached to this package is:**

24

25    3.    **Additional Information**

26
27
28

## The First Cause of Action
## Against Some Defendants

**Fraudulent Concealment re: Regarding the fact that the Plaintiffs' total securities were under a permanent SEC injunction due to the actions of Defendants.**

1.   The allegations of this complaint are based on information and beliefs are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery during the pendency of the action herein that some of the Defendants fraudulent concealment of their actions, and persuaded the SEC to issue an SEC file number and SEC accession number, that allowed the Defendants to register and publicly trade the Plaintiffs' natural securities on NASDAQ.

2.   If after discovery during review of SEC records and the allegations are found to be true that information will be handed over to Judge Burton R. Lifland of the U.S. Bankruptcy Court Docket no. 08-178 (BRL) and the U.S. Department Of Justice.

3.   The exception to cause number 2 is Defendant McIntosh. This Defendant discovered information as is described in the Plaintiffs' complaint against McIntosh will be given to the (IRS).

4.   The Plaintiffs will not seek documents or records from Defendants; Deposit Guaranty Bank, AmSouth Bank, Regions Bank, Bernard L. Madoff, et al.

By ___*Lamar Ellis*___

Lamar Ellis, et al
June 30, 2010

**COMPLAINT**

## <u>Under The First Cause of Action and First Sub Cause of Action<br>Against The Defendants</u>

**Under The First Cause of Action and First Sub Cause of Action:**

1.   General damages in an amount to be proven at time of trial.

2.   Special damages in an amount to be proven at time of trial.

3.   Punitive and/or exemplary damages in an amount to be proven at time of trial.

4.   An order requiring the Defendants to identify and turn over all real properties, cash, securities, loans, contributions, and donation records to institutions, payouts of any kind to anyone, and identify all domestic and foreign bank accounts, where the Plaintiffs' assets were hypothecated or used in any manner to create a financial position for the Defendants.

**Under All Causes of Action:**

5.   For costs of suit incurred herein.

6.   For such other and future relief as the Court deems just and proper.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 30, 2010 at Brea, California.

By _Lamar Ellis_____

      Lamar Ellis et al
      Attorney For Plaintiffs
      Lamar Ellis, Individual
      Lamar Ellis, Trust
      Energetic Institute

**COMPLAINT**

SEC Info - Amsouth Mutual Funds - 497 - On 8/26/05

*SEC Info*   Home   Search   My Interests   Help   Sign In   *Please Sign in*

# Amsouth Mutual Funds · 497 · On 8/26/05

### Filed On 8/26/05 4:21pm ET  ·  SEC File 33-21660  ·  Accession Number 898432-5-737

[ Find ]        in an "object" Search.    Show Docs searched   and every "hit".
Help...    *Wildcards:* ? (any letter). * (many). *Logic:* for Docs: & (and). | (or): for Text: | (anywhere). "(&)" (near).

| As Of | Filer | Filing | As/For/On | Docs:Pgs | Issuer |
|-------|-------|--------|-----------|----------|--------|
| 8/26/05 | Amsouth Mutual Funds | 497 | 8/26/05 | 1:4 | |

---

## Definitive Material · Rule 497
## Filing Table of Contents

| Document/Exhibit | Description | Pages | Size |
|------------------|-------------|-------|------|
| 1: 497 | Definitive Material | 4 | 22K |



**FedEx Kinko's.**
Office and Print Center

## Fax Cover Sheet

FedEx Kinko's of Milpitas          Telephone: 408.946.2500  Fax: 408.946.2599

Date  8/10/09                                    Number of pages _____ (including cover page)

**To:** attention

Name  Dr. Jamie Ellis            **From:**

Company  Trust                   Name  thadarine Mc Intosh

Telephone  (909) 623-2247        Company _____

Fax  (909) 865-3434              Telephone  (408) 262-4157

Comments  I do believe we have finally reached an agreement. We have talked to Attorneys (St. Tru) and their and we have talked to my Tax Man (Romero) and talks were engaged to a CPA as well as the IRS in Setting these Credits

More than 1,200 locations worldwide. For the location nearest you, call 1.800.254.6567. Visit our website at fedexkinkos.com.

**COMPLAINT**

1

2

3

4    Defendant LAMAR ELLIS                                    JAN 15 1999

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                        SOUTHERN DIVISION

11

12    SECURITIES AND EXCHANGE COMMISSION, )    Civil Action No. SA98-135 AHS (EEx)
                                          )
13          Plaintiff,                    )
                                          )
14          vs.                           )
                                          )
15    DAVID A. COLVIN; INTELLINET         )
      PUBLISHING, INC.; INTELLINET HOLDING )
16    GROUP, INC.; MEDICAL ADVANTAGE, INC.; )
      LAMELLI, INC. a/k/a LAMELLI MEDICAL  )
17    TECHNOLOGY, INC.; WALL STREET       )
      RESEARCH COMPANY, INC.; JOB KJELL   )
18    HOVIK; LAMAR ELLIS; etc., et al.,    )
                                          )
19                                        )
            Defendants.                   )
20                                        )    Submitted: January 15, 1999
                                          )    Place: Courtroom of the
21                                        )    Honorable Alicemarie H. Stotler
                                          )
22    _____)

23

24

25

26

27

28

                            **COMPLAINT**

*Confidential Report*

# GUARANTEED TAX SHELTER BEARER CERTIFICATE

## Lamar Ellis Trust

Page 2 shows a certificate, dated 09/27/2003, with a face value of $1,278,000,000, drawn *to the order of* the Lamar Ellis Trust.

The Cusip indicator AOPXX is provided on the certificate; the indicator is in fact the symbol for AmSouth Prime Money Market Class A shares, for which the Cusip is 032168700

, AmSouth Prime Money Market Class A shares became Pioneer Cash Reserves Fund shares in September 2005. Trading medium: NASDAQ.

COMPLAINT

**COMPLAINT**

**ENERGETIC**
1516 Shierley Avenue (Formerly Everett)
Jackson, Mississippi 39204
(601) 969 - 9319
(909) 623 - 2247

PAY:

1,278,000,000
ONE BILLION TWO HUNDRED SEVENTY EIGHT MILLION

TO THE ORDER OF    LAMAR ELLIS, TTEE

GUARANTEED TAX SHELTER BEARER CERTIFICATE
CUSIP    AOPXX

LISMORTH, INC.
ADVISOR TO ENERGETIC

I.D. NUMBER
G C 1 5 8 1 3 8 0

AMSOUTH*

DATE
09/27/03

EACH UNIT AMOUNT $1,000,000
1278 UNITS TOTAL

PURCHASER'S SIGNATURE
ADDRESS
218 LINCOLN AVE. • POMONA, CA 91767

DO NOT EXCEED $1,278,000,000



**U.S. SECURITIES AND EXCHANGE COMMISSION**
**ATLANTA REGIONAL OFFICE**
*3475 Lenox Road, N.E. Suite 500*
*Atlanta, GA 30326-1232*
*404-842-7600 Direct Line*
*404-842-5752 Fax*

*August 20, 2008*

Lamar Ellis
1372 Fernlake Avenue
Brea, CA 92821

Re:   Deposit Guaranty National Bank, AmSouth Bank, Regions Bank, Pioneer Investment
      Funds
      Our File No. ARO-1290755

Dear Mr. Ellis:

Thank you for your information received in this office on August 6, 2008. We apologize for the delay in responding. The information you provided will be carefully considered from the standpoint of our enforcement and regulatory responsibilities under the federal securities laws.

Although the cooperation of the public in furnishing information is very important in our work, the investigations we conduct are usually confidential. This is done to protect the integrity of an investigation from premature disclosure and to protect the personal privacy of persons with respect to whom unfounded charges may be made. Thus, subject to applicable provisions of the Freedom of Information Act, as amended, the existence or non-existence of an investigation is generally not disclosed unless and until made a matter of public record in proceedings instituted before the Commission or in the courts.

May we also point out that we are not authorized to render legal or financial advice, nor may we represent any individual in connection with the assertion of their personal claims or rights or overrule a decision made by the courts. However, you may wish, independent of this office's interest in the matter, to consult with an attorney to explore any remedies, which may be available to you in this matter.

Sincerely,

Timothy J. Barker
Senior Accountant

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

### DECEMBER 11, 2008[1]

## NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

December 8, 2009

Lamar Ellis Trust
1372 Fern Lake Avenue
Brea, California 92821

Dear Lamar Ellis Trust:

### PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim designated as Claim No. 008118:

Based on a review of available books and records of BLMIS by the Trustee's staff, you did not have an account with BLMIS. Because you did not have an account, you are not a customer of BLMIS under SIPA as that term is defined at 15 U.S.C. § 78lll (2). Accordingly, your Claim for securities and/or a credit balance is **DENIED**.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching

---

[1] Section 78lll(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78lll(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

**COMPLAINT**

copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after December 8, 2009, the date on which the Trustee mailed this notice.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York  10004

and

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
Attn: Claims Department
45 Rockefeller Plaza
New York, New York  10111

_Irving H. Picard_

Irving H. Picard
Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

**COMPLAINT**

2

December 21, 2009

Irving H. Picard, Trustee
C/O Baker & Hostetler LLP
Attn:  Claims Department
45 Rockefeller Plaza
New York, New York 10111

Re:  Lamar Ellis written opposition Ref: Bankruptcy Case No: 08-1789

I, Lamar Ellis, of Lamar Ellis Trust disagree with the "Trustee"
December 11, 2009 determination Re: Case No. 008118 which
indicates that Lamar Ellis Trust was being denied a claim to Bernard L.
Madoff investment securities because the "Trustee" could not locate an
account in Lamar Ellis Trust.
My disagreement is that the Trustee appeared not to take into account
that there were other ways that Madoff could have ended up with
stolen assets that he could have traded.  This is exactly what was
found to be the case as described by several law enforcement groups,
including the FBI (see enclosed list of agencies) whom have been
investigating Lamar Ellis' stolen assets since September, 2003 when
first reported to the Pomona, CA police department.  That law
enforcement group, evidently working confidentially and incognito for
much of the past seven years.  The Lamar Ellis Trust was notified in
late 2008 the group had located some of the Lamar Ellis Trust assets
in the hands of Bernard L. Madoff and that his office had traded Lamar
Ellis Trust assets through NASDAQ since 2005, while Madoff was the
director of NASDAQ.
The enclosed page entitled "Confidential Report Guaranteed Tax
Shelter Bearer Certificate" is the damaging piece of evidence against
Madoff, showing he and others were unlawfully trading Lamar Ellis
Trust assets.
Lastly, the Trustee did not take into account that the assets that
Madoff and others stole from Lamar Ellis Trust and through NASDAQ
were U.S. Government Guaranteed Instruments under Section 1045
Tentative IRC Refund, see enclosed 1045 instructions Re: that states
that the U.S. Government is responsible to Lamar Ellis Trust for a
refund of those stolen assets that ended up in the hands of Madoff and
are now being contested in the U.S. Tax Court with Lamar Ellis as the
petitioner, Docket No:  26342-09.

Lamar Ellis
1372 Fern Lake Avenue
Brea, CA 92821

COMPLAINT

# 1112

December 21, 2009

Clerk of the United States Bankruptcy Court
For the Southern District of New York
One Bowling Green
New York, New York 10004

Re:  Lamar Ellis written opposition Ref: Bankruptcy Case No: 08-1789

I, Lamar Ellis, of Lamar Ellis Trust disagree with the "Trustee"
December 11, 2009 determination Re: Case No. 008118 which
indicates that Lamar Ellis Trust was being denied a claim to Bernard L.
Madoff investment securities because the "Trustee" could not locate an
account in Lamar Ellis Trust.

My disagreement is that the Trustee appeared not to take into account
that there were other ways that Madoff could have ended up with
stolen assets that he could have traded.  This is exactly what was
found to be the case as described by several law enforcement groups,
including the FBI (see enclosed list of agencies) whom have been
investigating Lamar Ellis' stolen assets since September, 2003 when
first reported to the Pomona, CA police department.  That law
enforcement group, evidently working confidentially and incognito for
much of the past seven years.  The Lamar Ellis Trust was notified in
late 2008 the group had located some of the Lamar Ellis Trust assets
in the hands of Bernard L. Madoff and that his office had traded Lamar
Ellis Trust assets through NASDAQ since 2005, while Madoff was the
director of NASDAQ.

The enclosed page entitled "Confidential Report Guaranteed Tax
Shelter Bearer Certificate" is the damaging piece of evidence against
Madoff, showing he and others were unlawfully trading Lamar Ellis
Trust assets.

Lastly, the Trustee did not take into account that the assets that
Madoff and others stole from Lamar Ellis Trust and through NASDAQ
were U.S. Government Guaranteed Instruments under Section 1045
Tentative IRC Refund, see enclosed 1045 instructions Re: that states
that the U.S. Government is responsible to Lamar Ellis Trust for a
refund of those stolen assets that ended up in the hands of Madoff and
are now being contested in the U.S. Tax Court with Lamar Ellis as the
petitioner, Docket No:  26342-09.

Lamar Ellis
1372 Fern Lake Avenue
Brea, CA 92821

**COMPLAINT**

NASD Investor Complaint Form

# NASD Investor Complaint Form

Investor protection. Market integrity



We strongly encourage investors to file their complaint via the online NASD Investor Complaint Center at http://complaint.nasd.com. Filing online is the quickest way for us to receive your complaint.

If you prefer to file your complaint offline, you may complete this printable complaint form and fax or mail it to us at the address noted at the end of the form. Please enter your complaint information directly into this form using your computer. Completing the form by hand may delay the processing of your complaint. When completed, please print this form and fax or mail it to us at the address noted on the form.

Please do not send duplicate copies of your complaint by mail or fax if you have submitted your complaint online. Sending multiple copies will only delay the time it takes us to respond to your complaint.

---

**Step 1: Tell Us About the Firm or Individual You Have a Complaint Against**

* = Required Fields

**Brokerage Firm Name:** *

Deposit Guaranity National Bank, AMSouth Bank, Regions Bank, Pioneer investments Founds

**Salesperson or Firm Representative:**

First Name: | Middle Name: | Last Name:
Mark | - | Gobbons

**Address of the Office with which you do Business:** *

60 State Street

City: | State/Province: | Zip Code:
Boston | Massachusetts | 2109

☐ Check this box if you do not use a salesperson or your salesperson was not involved in the conduct that is the subject of your complaint.

**Business Phone:**

800-225-6292

**COMPLAINT**

NASD Investor Complaint Form

**Step 2: Tell Us About Yourself**
\* = Required Fields

Anonymous Complaint: \*
All complaint information will be treated in confidence to the fullest extent possible. NASD, however, cannot guarantee that during the course of a related investigation or possible prosecution of the matter that the source of the complaint will not become known. Unless you provide an e-mail address or telephone number, checking 'Yes' will prevent us from following up with you to gather additional details.

\*  ○ No  ○ Yes - I wish to make an anonymous complaint.

**Your Name: \***

| Prefix: | First Name: | Middle Name: | Last Name: |
|---|---|---|---|
|  | Lamar | - | Ellis |

**Mailing Address: \***
Street Address:
1372 Fernlake Ave

| City: | State/Province: | Zip Code: |
|---|---|---|
| Brea | California | 92821 |

Country:
United States

Work Phone: \* 909-623-    Home Phone: \* 562-697
                                           Enter only one email address.
Fax Number: 225-248-    Email Address: \* Lamelli@

Are you active, or have recently been active, in the United States Military? \* ⊙ No ○ Yes

**Please select one of the following age ranges: \***

Under 18            ○
18 - 29             ○
30 - 39             ○
40 - 59             ○
60 - 85             ⊙
Over 85             ○
I do not wish to provide.  ○

**COMPLAINT**

NASD Investor Complaint Form

**Step 3: Tell Us About Your Investment**
**\* = Required Fields**

| Security Type: \* | Security Symbol: | Security Name: |
|---|---|---|
| Bond - Corporate | aopxx | AMSouth PRmomkt |

**Dates of Transaction or Activity:** \*
(e.g. 1/15/2003)

| From Date: | To Date: |
|---|---|
| 09/27/03 | 08/02/08 |

**Tell us about your complaint:**

What type of problem(s) are you reporting:

| Primary Problem: \* | Secondary Problem: |
|---|---|
| Unauthorized transactions | Lost or stolen funds/securities |

**Amount in dispute:** \* $ 1,278,000,000,000

**Complaint Summary** \*

Please provide a brief summary of your complaint. Please limit your description to a few clear sentences within the space available below. *If required, complete details will be gathered later in the complaint process.*

Assets in question were plaged into safe keeping with deposit Guaranity National Bank in 1995, it appears that (DGNB) sold itself to other Banks along with Lamar Ellis Trust "Assets". Some of which are trading via NASDAQ- without the trust knowledge or approval since 9/27/05.

**What documentation are you able to provide regarding your complaint?**

- ☑ Trade Confirmation
- ☐ Monthly Account Statement
- ☐ Canceled Checks
- ☑ Correspondence to and from Firm

- ☐ Advertising or Marketing Materials
- ☑ Notes of Conversations with Firm
- ☐ Subscription Agreement
- ☑ Other  Anonymously info provided in April 2008

**COMPLAINT**

NASD Investor Complaint Form

**Step 4: What actions have you taken?**

Firm Contact

Have you complained to the firm?  ⊙ Yes  ○ No

If yes, please enter reference number (if available), date of contact, name of contact, and status or resolution within the space available below. *If required, complete details will be gathered later in the complaint process.*

Naomi Willams (601)968-4627 Regions Bank (no resoultion)
Nancy ARP (800)225-6292 on 06/018/08 (no resoultion)
Casey Plan Pioneer investments.com on 06/17/08 (no resolution)
Kelly Powers (617)422-4333 on 06/17/08 (no resoultion)
Matt Curran (617)422-4333 on 06/10/08 (no resoultion)

**Other Regulatory Contact**

Have you contacted any other regulators?  ⊙ Yes  ○ No
If yes, who?

☐  Securities and Exchange Commission (SEC)

☐  State Regulator. Please list states:

☐  Commodity Futures Trading Commission (CFTC)

☐  New York Stock Exchange (NYSE)

☐  Securities Investor Protection Corporation (SIPC)

☑  Others  U.S. Treasury dept. in 2003

**Arbitration**

Have you filed an arbitration claim?  ⊙ Yes  ○ No
If yes, with what Organization(s)?

☐  NASD

☐  New York Stock Exchange

☐  American Arbitration Association

☐  American Stock Exchange

☑  Others  U.S. Treasury dept. in 2003

If yes, please enter reference number (if available), date of contact, name of contact, and status or resolution within the space available below. *If required, complete details will be gathered later in the complaint process.*

Date of contact:
w/san bemardino CA
(IRS) office on 09/27/03 as a walk-in

**COMPLAINT**

NASD Investor Complaint Form

**Legal Action Taken**

Have you taken legal action?  ⊙ Yes  ○ No

If yes, please enter reference number (if available), date of contact, name of contact, and status or resolution within the space available below. *If required, complete details will be gathered later in the complaint process.*

A Law suit against (60) or more (DOES) pertaining to these missing assets, were filed with Superior Court of the state of California for the County of Los Angeles, East district, East Pomona Court house in December 2003

**Step 5: Send This Completed Form to NASD**

Please print the completed form and mail or fax it to:

**NASD Investor Complaint Center**
1735 K Street, NW
Washington, DC 20006-1506
Fax: (866) 397-3290

Please do not send duplicate copies of your complaint by mail or fax if you have submitted your complaint online. Sending multiple copies will only delay the time it takes us to respond to your complaint.

In the meantime, we encourage you to read our Complaint Program brochure on our Web site at http://www.nasd.com/complaint/InvestorBrochure to learn about how we will handle your complaint and what other steps you may want to take, including arbitration and mediation, to recover any money or securities.

Please be aware that filing a complaint through the Investor Complaint Center is not the same as submitting an arbitration claim online. To start an arbitration or mediation, please visit the Arbitration & Mediation section of NASD's Web site at http://www.nasd.com/ArbitrationMediation/StartanArbitrationorMediation/index.htm. For more information about arbitration and mediation, please visit http://www.nasd.com/ArbitrationMediation/index.htm.

**COMPLAINT**

Summons in a Civil Action (Rev 11/97)

# United States District Court

## SOUTHERN DISTRICT OF CALIFORNIA

Lamar Ellis et al.. (In ~~Forma~~ *PRo SE*
~~Pauperis)~~

vs

Bernard L. Madoff Investment
Securities LLC

**SUMMONS IN A CIVIL ACTION**

Case No. `10 CV 1295 H   JMA`

*(RECEIVED stamp: JUL 1 2 2010 / U.S. BANKRUPTCY COURT / SO. DIST OF NEW YORK)*

TO: (Name and Address of Defendant)

Irving H. Picard, Trustee
C/O Baker & Hostetler
Attn: Claims Department
45 Rockefeller Plaza
New York, New York 10111

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and
serve upon PLAINTIFF'S ATTORNEY

Lamar Ells
1372 Fernlake Avenue
Brea, CA 92821

An answer to the complaint which is herewith served upon you, within ___30___ days after
service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment
by default will be taken against you for the relief demanded in the complaint.

W. Samuel Hamrick, Jr.
_____          _____

CLERK                                                    DATE

_____
By                    , Deputy Clerk

Summons in a Civil Action                                           Page 1 of 2

::ODMA\PCDOCS\WORDPERFECT\14443\1 May 5, 1999 (11:34am)

## NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

TO:    (A) Bernard L. Madoff, et al..

as    (B)                              of (C)

     A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the (D)                    Southern District of California
and has been assigned docket number (E)  *10 CV1295 H JMA*

     This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F)        30        days after the date designated below a the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

     If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from the date is you address is not in any judicial district of the United States).

     If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

     I affirm that this request is being sent to you on behalf of the plaintiff this 30 day of June 2010

_Lamar Ellis_ 7/7/10
_____
Signature of Plaintiff's Attorney or Unrepresented Plaintiff

A - Name of individual defendant (or name of officer or agent of corporate defendant)
B - Title or other relationship of individual to corporate defendant
C - Name of corporate defendant, if any
D - District
E - Docket number of action
F - Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver

::ODMA\PCDOCS\WORDPERFECT\14565\1 May 5, 1999 (10:00am)

# WAIVER OF SERVICE OF SUMMONS

TO: Lamar Ellis et al.. (In ~~Forma Pauperis~~) *PRO SE*

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

    I, acknowledge receipt of your request that I waive service of a summons in the action of

Lamar Ellis et al.. (In ~~Forma Pauperis~~) *Pro. SE* , which is case number *'10 CV 12 95 H JMA*

in the United States District Court for the      Southern      District of

California      . I have also received a copy of the complaint in the
action, two copies of this instrument, and a means by which I can return the signed waiver to you
without cost to me.

    I agree to save the cost of service of a summons and an additional copy of the complaint in
this lawsuit by not requiring that I (or the entity on whose behalf I an acting) be served with judicial
process in the manner provided by Rule 4.

    I (or the entity on whose behalf I an acting) will retain all defenses or objections to the lawsuit
or to the jurisdiction or venue of the court except for objections based on a defect in the summons
or in the service of the summons.

    I understand that a judgment may be entered against me (or the party on whose behalf I am
acting) if an answer or motion under Rule 12 is not served upon you within 60 days after

6/30/10      , or within 90 days after that date if the request was sent outside the
(DATE REQUEST WAS SENT)
United States.

(DATE)

_____
(SIGNATURE)

Printed/Typed Name: Bernard L. Madoff et al..

As _____ of _____
    (TITLE)      (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

    Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and
complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive
service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

    It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in
an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of
the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the
jurisdiction of the court or to the place where the action had been brought.

    A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff)
a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default
judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually
served when the request for waiver of service was received.

::ODMA\PCDOCS\WORDPERFECT\14598\1 May 5, 1999 (11:32am)