SILLS CUMMIS & GROSS P.C.
George R. Hirsch
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000
E-Mail: ghirsch@sillscummis.com

*Attorneys for Jay Gaines and Sherry Gaines*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff,<br><br>vs<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES, LLC,<br><br>Defendant.. | Adv. Pro. No: 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM 010704 AND REQUEST FOR HEARING |

Jay Gaines and Sherry Gaines ("Claimant"), through the undersigned counsel, for his objection and request for hearing states:

### Background

1. Claimant timely submitted Claim 010704 seeking $2,801,219 (the "Claim").

2. By letter dated June 21, 2010 (the "Determination Letter"), the Trustee denied the Claim in its entirety (the "Determination").

3. Claimant hereby objects to the Determination and requests a hearing.

### Grounds For Objection

4. The Determination Letter is conclusory. It provides no evidence whatsoever to support the Determination. The Trustee has thus failed to satisfy his burden of objecting to the Claim, which stands as *prima facie* evidence of the matters set forth therein. See, In re St.

Johnsbury Trucking Co., Inc., 206 B.R. 318 at 323-324 (Bankr. S.D.N.Y. 1997); Fed. R. Bankr. P. 3001(f).

5. The Determination Letter assumes, but offers no evidence to support the assertion, that claimant's account was part of a fraudulent scheme.

6. The Determination Letter arbitrarily, and without any supporting documentation whatsoever, "adjusts" the deposit amounts, so as to deprive Claimant of credit for amounts deposited. Through the substantial "adjustments," the Trustee purports to reduce the allowed claim by $459,457.20. The Determination Letter fails to establish that there was insufficient principal in the accounts from which funds were transferred. The "adjustments" also improperly rely on transactions outside of the applicable limitations period and otherwise fail to meet the requirements of the Bankruptcy Code's provisions regarding avoidance of transfers.

7. The Determination Letter fails to respect the Claimant's account statements showing a value of $2,801,219 and listing the securities in the account. The Determination Letter thus fails to give effect to the Debtor's books and records and to Claimant's legitimate expectations.

8. Claimant believes that the Determination Letter fails to credit the account with deposits made from time to time which are reflected in records which the Trustee has in his possession but which Claimant no longer holds.

9. The Determination Letter fails to credit Claimant with interest on account of funds held as required under New York law, including, N.Y. C.P.L.R. §5001, principles of conversion, and principles of unjust enrichment. Pursuant to N.Y. C.P.L.R. §5004, the rate of interest is nine (9%) percent per annum.

10. The Determination improperly deprives Claimant of any income or profit actually earned on the account through legitimate business activities and not the result of the subject Ponzi scheme.

11. Claimant contributed to the account or predecessor accounts as early as 1985. There is a time value to money, and it is not equitable to treat monies contributed long ago as equal to monies contributed more recently.

12. The Determination Letter asserts, but does not provide any evidence to establish, that no securities were purchased for the account. Claimant believes that, at least in early years, securities were purchased for the account. However, the records which would establish this are in the custody of the Trustee.

13. This Court's March 1, 2010 Memorandum Decision approving the Trustee's methodology for determining "net equity" is on appeal to the Second Circuit Court of Appeals. Claimant respectfully disagrees with this Court and maintains that the Trustee's definition of "net equity" is incorrect.

### Joinder In And Incorporation Of Objections Of Others

14. Claimant hereby joins in and incorporates herein the arguments presented in the objections of others to Determination of Claims by the Trustee, to the extent applicable.

### Reservation Of Rights

15. Claimant hereby reserves all rights of discovery, to offer evidence at any hearing, and/or to supplement this Objection.

## Conclusion

**WHEREFORE,** the Determination should be overruled and the Claim should be allowed in full, after a hearing if necessary.

                                    SILLS CUMMIS & GROSS P.C.
                                    Attorneys for Jay Gaines and Sherry Gaines

Dated: July 19, 2010                By: _____
                                    George R. Hirsch
                                    One Riverfront Plaza
                                    Newark, New Jersey 07102
                                    (973) 643-7000
                                    E-Mail: ghirsch@sillscummis.com

1787439v1