UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- Adv. Pro. No. 08-01789 (BRL)
SECURITIES INVESTOR PROTECTION
CORPORATION,
        Plaintiffs SIPA Liquidation
vs.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,
        Defendant.

**OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM**

-------

## OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM

Jane Delaire Hackett, currently known as Jane M. Delaire (the "Customer") hereby objects to the Notice of Trustee's Determination of Claim (the "Determination Letter") dated June 21, 2010.

### BACKGROUND

1. On or about June 16, 2009, the Customer filed a customer claim, with supporting documentation, which has been designated as Claim Number 10446 (the "Claim").

2. In this claim, the Customer provided a copy of the Bernard L. Madoff Investment Securities ("BLMIS") monthly statement for the period ending November 30, 2008 (the "Final Customer Account Statement").

3. On or about June 21, 2010, the Trustee in this matter (the "Trustee") sent the Customer the Determination Letter, which denied the Claim in its entirety.

4. On September 16, 2009, this Court issued an "Order Scheduling Adjudication of 'Net Equity' Issue" (the "Net Equity Order"). The Net Equity Order provides that "The Trustee and Interested Parties shall reserve all rights, claims and defenses as to any issues and/or arguments not resolved by the Court in connection with the briefing described herein on the Net Equity Issue".

5. On March 1, 2010, this Court issued a decision affirming the Trustee's method for determining the net equity of customer claims, namely "the amount of cash deposited by the customer into his BLMIS customer account less any amounts already withdrawn by him (the 'Net Investment Method')." As such, the Court rejected the "Final Customer Statements" method of calculating "net equity" based upon "the amounts reflected on customers' November 30th Statements[.]"

6. By Order dated March 8, 2010, this Court adopted the Trustee's "Net Investment Method" as "the proper interpretation and application of net equity". March 8, 2010 Order (Docket No. 2020) (the "Net Equity Order").

7. A final determination of the definition of "net equity" pursuant to 15 U.S.C. sec. 78*lll*(11) is pending.

## GROUNDS FOR OBJECTION

**The Trustee has failed to Comply with the Court's December 23, 2008 Order and has created his own definition of the term "net equity"**

8. As required by this Court's "Order Approving Form and Manner of Publication and Mailing of Notices, Specifying Procedures for Filing, Determination and Adjudication of Claims and Providing Other Relief" (the "Claims Procedures Order"), dated December 23, 2008, the Customer files this Objection to preserve all claims and defenses set forth in the Claim.

9. The Claim was timely filed and executed, and is therefore prima facie valid under Federal Rule of Bankruptcy Procedure 3001(f). *See also* 11 U.S.C. sec 502(a).

10. The Customer contends that the Customer's "net equity" under the Securities Investor Protection Act ("SIPA") is equal to the value of securities and credit balance reflected in the customer's last statement, for all the reasons set forth in the various submissions to the Court, including, but not limited to, the plain language of SIPA and prior case law.

11. The Customer contends that the Trustee has invented his own definition of the term "net equity" without any supporting basis for such definition.

12. The Trustee's Determination Letter provides an Exhibit which purports to calculate monies deposited into the account less monies withdrawn from the account, but the Exhibit fails to provide any supporting documentation substantiating the Exhibit. Furthermore, there is no explanation as to what documentation, if any, was used in order to prepare the Exhibit. As such, no explanation for the denial of the Claim has been provided.

13. The Trustee's Determination Letter fails to meet the basic standard for an objection to a claim. An "objection to a claim should… meet the [pleading] standards of an answer. It should make clear which facts are disputed; it should allege facts necessary to affirmative defenses; and it should describe the theoretical bases of those defenses." Collier on Bankruptcy paragraph 3007.01(3)(15th ed.); *In re Enron Corp.*, No. 01-16034, 2003 Bankr. LEXIS 2261, at * (B.S.D.N.Y. Jan 13, 2003).

**The Trustee Has Violated the Requirement To Honor A Customer's "Legitimate Expectations"**

14. In 1978 Amendments were passed to SIPA in order to protect a customer's "legitimate expectations".
> A customer generally expects to receive what he believes is in his account at the time the stockbroker ceases business. But because securities may have been lost, improperly hypothecated, misappropriated, never purchased, or even stolen, it is not always possible. Accordingly, [when this is not possible, customers] will receive cash based on the market value as of the filing date.

H.R. Rep. 95-746 at 21.

15. Securities Investor Protection Corporation's ("SIPC") Series 500 Rules, 17 C.F.R. 300.400, enacted pursuant to SIPA, provide for claims to be classified in accordance with the "legitimate expectations" of a customer based upon the written transaction confirmations provided to the customer by the broker-dealer.

16. The Trustee's position in matters involving Bernard L. Madoff Investment Securities is contrary to the 1978 Amendments to SIPA.
> Of vital importance here, reasonable and legitimate claimant expectations on the filing date are controlling even where inconsistent with the transactional reality.... [T]his emphasis on reasonable and legitimate claimant expectations frequently yields much greater "customer" protection than would be the case if transactional reality, not claimant expectations, were controlling, as this court's earlier opinion in this liquidation well illustrates.

Br. Of Appellant SIPC, December 27, 2005, *Stafford v. Giddens (In re New Times Secs. Servs., Inc.)*, at 23-24 (2d Cir.).

17. The monthly statements, trade confirmations and all other written account statements, summaries and reports which were regularly sent by BLMIS throughout the entire time period that the Customer held an account at BLMIS created the reasonable and legitimate expectation that all transactions in the writings had been executed as claimed.

18. Based upon the writings such as the monthly statements, trade confirmations, etc., income taxes were paid by the Customer, providing proof that the Customer reasonably believed and legitimately expected that the assets in the account existed.

19. The Trustee's Determination Letter has ignored the reasonable beliefs and legitimate expectations of the Customer, thereby violating the intent behind and the meaning of the SIPA as amended in 1978.

**The Determination Letter of the Trustee Functions As An Illegal Clawback Action**

20.     Pursuant to the Final Customer Statement for the period ending November 30, 2008 the Customer is owed $857,379.47 by BLMIS.

21.     Any and all withdrawals from the account by the Customer were done without notice of any impropriety or fraud by BLMIS and the amount of the withdrawal was deducted from the value of the account.

22.     The Determination Letter of the Trustee is in essence a clawback action without an allegation of grounds for the action and without following the Federal Rules of Bankruptcy Procedure.

23.     The Trustee's Determination Letter is an attempt to reduce the customer's net equity based upon withdrawals as far back as 1990, well beyond the statute of limitations for such an avoidance action.

24.     As such, the Determination Letter is in violation of applicable law and should therefore its arguments should be rejected.

**The Customer is Entitled to Prejudgment Interest on the Claim**

25.     Based upon applicable New York law the Customer is entitled to interest on the Claim. N.Y. C.P.I.R. sec. 5004. The New York statutory rate of prejudgment interest is nine percent.

26.     The Customer is similarly entitled to prejudgment interest since BLMIS converted the Customer's funds. *Steinberg v. Sherman*, No. 07-1001, 2008 U.S. Dist. LEXIS 35786, at *14-15 (S.D.N.Y. May 2, 2008).

27.     In addition, Ponzi scheme victims are entitled to "an expectancy measure of damages, which seeks to put Plaintiffs in the position they would have held had [the broker-dealer] not breached [its] 'bargain' to invest Plaintiffs' money." *Visconsi v. Lehman Bros., Inc.*, 244 Fed. App'x 708, 713 (6th Cir. 2007) (providing that the funds were placed with broker-dealer for the purpose of investment, expecting the investment to increase in value).

**The Trustee has violated SIPA by delaying payment of the $500,000 SIPC insurance to which the Customer is entitled**

28. The Trustee has a statutory obligation to "promptly" replace a customer's securities up to a value of $500,000 each, as per the value of the November 30, 2009 statements. 15 U.S.C. sec 78fff-2(b). The Trustee has failed to make such prompt payment.

## RELIEF REQUESTED

29. For the reasons stated above, the Customer's claim of $857,379.47 should be allowed in its entirety.

30. For the reasons stated herein, the Court should direct SIPC to issue immediate payment to the Customer in the amount of $500,000.00, plus interest from the date of the Determination Letter.

31. The Customer reserves the right to revise, supplement, or amend this Objection and any failure to object on a particular ground or grounds shall not be construed as a waiver of right to object on any additional grounds.

_____
Jane M. Delaire

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------- Adv. Pro. No. 08-01789 (BRL)
SECURITIES INVESTOR PROTECTION
CORPORATION,
        Plaintiffs SIPA Liquidation
vs.                                                                              **OBJECTION TO TRUSTEE'S**
                                                    **DETERMINATION OF**
BERNARD L. MADOFF INVESTMENT    **CLAIM**
SECURITIES LLC,
                          Defendant.
----------------------------------------------------------

## OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM

Jane M. Delaire (the "Customer") hereby objects to the Notice of Trustee's Determination of Claim (the "Determination Letter") dated June 21, 2010.

### BACKGROUND

1.    On or about June 16, 2009, the Customer filed a customer claim, with supporting documentation, which has been designated as Claim Number 3198 and Claim Number 10447 (the "Combined Claim").

2.    In this claim, the Customer provided a copy of the Bernard L. Madoff Investment Securities ("BLMIS") monthly statement for the period ending November 30, 2008 (the "Final Customer Account Statement").

3.    On or about June 21, 2010, the Trustee in this matter (the "Trustee") sent the Customer the Determination Letter, which denied the Combined Claim in its entirety.

4.    On September 16, 2009, this Court issued an "Order Scheduling Adjudication of 'Net Equity' Issue" (the "Net Equity Order"). The Net Equity Order provides that "The Trustee and Interested Parties shall reserve all rights, claims and defenses as to any issues and/or arguments not resolved by the Court in connection with the briefing described herein on the Net Equity Issue".

5.    On March 1, 2010, this Court issued a decision affirming the Trustee's method for determining the net equity of customer claims, namely "the amount of cash deposited by the customer into his BLMIS customer account less any amounts already withdrawn by him (the 'Net Investment Method')." As such, the Court rejected the "Final Customer Statements" method of calculating "net equity" based upon "the amounts reflected on customers' November 30th Statements[.]"

6. By Order dated March 8, 2010, this Court adopted the Trustee's "Net Investment Method" as "the proper interpretation and application of net equity". March 8, 2010 Order (Docket No. 2020) (the "Net Equity Order").

7. A final determination of the definition of "net equity" pursuant to 15 U.S.C. sec. 78*lll*(11) is pending.

## GROUNDS FOR OBJECTION

**The Trustee has failed to Comply with the Court's December 23, 2008 Order and has created his own definition of the term "net equity"**

8. As required by this Court's "Order Approving Form and Manner of Publication and Mailing of Notices, Specifying Procedures for Filing, Determination and Adjudication of Claims and Providing Other Relief" (the "Claims Procedures Order"), dated December 23, 2008, the Customer files this Objection to preserve all claims and defenses set forth in the Combined Claim.

9. The Combined Claim was timely filed and executed, and is therefore prima facie valid under Federal Rule of Bankruptcy Procedure 3001(f). *See also* 11 U.S.C. sec 502(a).

10. The Customer contends that the Customer's "net equity" under the Securities Investor Protection Act ("SIPA") is equal to the value of securities and credit balance reflected in the customer's last statement, for all the reasons set forth in the various submissions to the Court, including, but not limited to, the plain language of SIPA and prior case law.

11. The Customer contends that the Trustee has invented his own definition of the term "net equity" without any supporting basis for such definition.

12. The Trustee's Determination Letter provides an Exhibit which purports to calculate monies deposited into the account less monies withdrawn from the account, but the Exhibit fails to provide any supporting documentation substantiating the Exhibit. Furthermore, there is no explanation as to what documentation, if any, was used in order to prepare the Exhibit. As such, no explanation for the denial of the Combined Claim has been provided.

13. The Trustee's Determination Letter fails to meet the basic standard for an objection to a claim. An "objection to a claim should… meet the [pleading] standards of an answer. It should make clear which facts are disputed; it should allege facts necessary to affirmative defenses; and it should describe the theoretical bases of those defenses." Collier on Bankruptcy paragraph 3007.01(3)(15th ed.); *In re Enron Corp.*, No. 01-16034, 2003 Bankr. LEXIS 2261, at * (B.S.D.N.Y. Jan 13, 2003).

**The Trustee Has Violated the Requirement To Honor A Customer's "Legitimate Expectations"**

14.    In 1978 Amendments were passed to SIPA in order to protect a customer's "legitimate expectations".
> A customer generally expects to receive what he believes is in his account at the time the stockbroker ceases business. But because securities may have been lost, improperly hypothecated, misappropriated, never purchased, or even stolen, it is not always possible. Accordingly, [when this is not possible, customers] will receive cash based on the market value as of the filing date.

H.R. Rep. 95-746 at 21.

15.    Securities Investor Protection Corporation's ("SIPC") Series 500 Rules, 17 C.F.R. 300.400, enacted pursuant to SIPA, provide for claims to be classified in accordance with the "legitimate expectations" of a customer based upon the written transaction confirmations provided to the customer by the broker-dealer.

16.    The Trustee's position in matters involving Bernard L. Madoff Investment Securities is contrary to the 1978 Amendments to SIPA.
> Of vital importance here, reasonable and legitimate claimant expectations on the filing date are controlling even where inconsistent with the transactional reality.... [T]his emphasis on reasonable and legitimate claimant expectations frequently yields much greater "customer" protection than would be the case if transactional reality, not claimant expectations, were controlling, as this court's earlier opinion in this liquidation well illustrates.

Br. Of Appellant SIPC, December 27, 2005, *Stafford v. Giddens (In re New Times Secs. Servs., Inc.)*, at 23-24 (2d Cir.).

17.    The monthly statements, trade confirmations and all other written account statements, summaries and reports which were regularly sent by BLMIS throughout the entire time period that the Customer held an account at BLMIS created the reasonable and legitimate expectation that all transactions in the writings had been executed as claimed.

18.    Based upon the writings such as the monthly statements, trade confirmations, etc., income taxes were paid by the Customer, providing proof that the Customer reasonably believed and legitimately expected that the assets in the account existed.

19.    The Trustee's Determination Letter has ignored the reasonable beliefs and legitimate expectations of the Customer, thereby violating the intent behind and the meaning of the SIPA as amended in 1978.

**The Determination Letter of the Trustee Functions As An Illegal Clawback Action**

20.  Pursuant to the Final Customer Statement for the period ending November 30, 2008 the Customer is owed $857,379.47 by BLMIS.

21.  Any and all withdrawals from the account by the Customer were done without notice of any impropriety or fraud by BLMIS and the amount of the withdrawal was deducted from the value of the account.

22.  The Determination Letter of the Trustee is in essence a clawback action without an allegation of grounds for the action and without following the Federal Rules of Bankruptcy Procedure.

23.  The Trustee's Determination Letter is an attempt to reduce the customer's net equity based upon withdrawals as far back as 1990, well beyond the statute of limitations for such an avoidance action.

24.  As such, the Determination Letter is in violation of applicable law and should therefore its arguments should be rejected.

**The Customer is Entitled to Prejudgment Interest on the Combined Claim**

25.  Based upon applicable New York law the Customer is entitled to interest on the Combined Claim. N.Y. C.P.I.R. sec. 5004. The New York statutory rate of prejudgment interest is nine percent.

26.  The Customer is similarly entitled to prejudgment interest since BLMIS converted the Customer's funds. *Steinberg v. Sherman*, No. 07-1001, 2008 U.S. Dist. LEXIS 35786, at *14-15 (S.D.N.Y. May 2, 2008).

27.  In addition, Ponzi scheme victims are entitled to "an expectancy measure of damages, which seeks to put Plaintiffs in the position they would have held had [the broker-dealer] not breached [its] 'bargain' to invest Plaintiffs' money." *Visconsi v. Lehman Bros., Inc.*, 244 Fed. App'x 708, 713 (6th Cir. 2007) (providing that the funds were placed with broker-dealer for the purpose of investment, expecting the investment to increase in value).

**The Trustee has violated SIPA by delaying payment of the $500,000 SIPC insurance to which the Customer is entitled**

28. The Trustee has a statutory obligation to "promptly" replace a customer's securities up to a value of $500,000 each, as per the value of the November 30, 2009 statements. 15 U.S.C. sec 78fff-2(b). The Trustee has failed to make such prompt payment.

**RELIEF REQUESTED**

29. For the reasons stated above, the Customer's claim of $857,379.47 should be allowed in its entirety.

30. For the reasons stated herein, the Court should direct SIPC to issue immediate payment to the Customer in the amount of $500,000.00, plus interest from the date of the Determination Letter.

31. The Customer reserves the right to revise, supplement, or amend this Objection and any failure to object on a particular ground or grounds shall not be construed as a waiver of right to object on any additional grounds.

_____
Jane M. Delaire

# FedEx US Airbill

**FedEx Tracking Number:** 8735 8310 3363

## 1 From
- **Date:** 7/19/10
- **Sender's Name:** Jane M. Delaire
- **Sender's FedEx Account Number:**
- **Phone:** 212-468-6514
- **Company:**
- **Address:** 445 W. 23 St. 10E
- **City:** New York **State:** NY **ZIP:** 10011

## 2 Your Internal Billing Reference

## 3 To
- **Recipient's Name:** Clerk of the United States Bankruptcy
- **Company:** Court for the Southern District of NY
- **Address:** One Bowling Green
- **City:** New York **State:** NY **ZIP:** 10004

## 4a Express Package Service
- 01 ✓ FedEx Priority Overnight

## 4b Express Freight Service

## 5 Packaging
- 02 ✓ FedEx Pak

## 6 Special Handling and Delivery Signature Options
- SATURDAY DELIVERY — No
- No Signature Required

## 7 Payment: Bill to:
- 1 ✓ Sender

**Total Packages:** 1  **Total Weight:** 5 lbs

---

EA SXYA
TUE - 20 JUL A1
PRIORITY OVERNIGHT
10004 NY-US EWR