**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------
In re:

BERNARD L. MADOFF,

                Debtor
---------------------------------------------------------------

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| | SIPA Liquidation |
| Plaintiff, | (Substantively Consolidated) |
| v. | |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |

---------------------------------------------------------------

**OBJECTIONS**
**TO**
**NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM**

For her Objections to the Notice of Trustee's Determination of Claim ("the Determination"),[1] Rosalyn Schwartzman states as follows:

1.    Ms. Schwartzman objects that the Trustee's definition of "net equity" is inconsistent with the definition of that term as set forth in the Securities Investor Protection Act of 1970, 15 U.S.C. § 78 lll(11). In support of this objection, Ms. Schwartzman relies upon and incorporates by reference the objections filed by other BLMIS investors, including but not limited to Lawrence R. Velvel (ECF Document No 456); Sienna Partnership, L.P. (ECF

---

[1] By email message dated June 21, 2010, the Trustee, by and through one of his attorneys, Bik Cheema of Baker Hostetler LLP, confirmed that Rosalyn Schwartzman has until July 31, 2010 to file these Objections.

1

Document No. 1073); Premero Investment LTD (ECF Document No. 986), and S. James Coppersmith (ECF Document No. 981). When properly viewed, Ms. Schwartzman's net equity for purposes of calculating her claim under the Securities Investor Protection Act of 1970 is well in excess of $500,000.

2. Even if the Court were to accept the Trustee's improper definition of "net equity," the Trustee would still be incorrect that "the amount of money [Ms. Schwartzman] withdrew from [her] account at BLMIS (total of $300,000.00) … is greater than the amount that was deposited with BLMIS for the purchase of securities…." In fact, *even under the Trustee's definition*, and *using the Trustee's numbers,* Ms. Schwartzman's total "net equity" in the IRA account at issue is at least $147,347.21, because the funds that the Trustee shows as having been deposited in that account ($447,347.21) were $147,347.21 more than the total of all funds that the Trustee shows as having been withdrawn from that account ($300,000).

3. The Trustee's numbers, however, are wrong. Based on conversations with the Trustee's attorneys, Ms. Schwartzman understands that the Trustee is wrongfully disregarding the funds deposited into the account at issue based on a belief that Ms. Schwartzman withdrew funds in excess of those deposit amounts from other BLMIS accounts. That belief is incorrect for several reasons, including the following: (a) many of the withdrawals from those other BLMIS accounts were by and for the benefit of persons other than Ms. Schwartzman; and (b) the Trustee's records do not reflect significant funds that Ms. Schwartzman caused to be deposited into those other accounts.

Based upon these Objections, and for the foregoing reasons, Ms. Schwartzman's SIPC Claim should be approved, and the Trustee should be ordered to pay Ms. Schwartzman the required SIPC amount of $500,000.

Dated:  July 20, 2010

/s/ Lawrence M. Shapiro
Lawrence M. Shapiro, P.A.
Mark L. Johnson
Greene Espel P.L.L.P.
200 South Sixth Street, Suite 1200
Minneapolis, MN 55402
LShapiro@GreeneEspel.com
MJohnson@GreeneEspel.com
(612) 373-0830
