THOMAS E. BRETT, ESQ. (6018)
125-10 Queens Blvd. #311
Kew Gardens, NY 11415
718-263-0123; (fax- 718-263-0134)
e-mail: westburybretts@aol.com
*Attorney for Jennie Brett*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X
SECURITIES INVESTOR PROTECTION
CORPORATION,

        Plaintiff,

  vs.

BERNARD L. MADOFF INVESTMENT

SECURITIES LLC,

        Defendant.
---------------------------------
In re:

BERNARD L. MADOFF,

        Debtor.
---------------------------------X

No. 08-AP-1789 (BRL)

SIPA Liquidation

**OBJECTION TO TRUSTEE'S
   June 22, 2010
DETERMINATION OF CLAIM**

     I, Jennie Brett, hereby object to the Notice of Trustee's Determination of Claim dated June 22, 2010, annexed hereto as *EXHIBIT A*, and state as follows:

HISTORY

     1.   As early as 1975 and possibly as early as 1968, I invested in Bernard L. Madoff Investment Securities, LLC for the purpose of purchasing securities.

     2.   I am a "customer," as defined by the Securities Investor Protection Act of 1970 ("SIPA"), of Bernard L. Madoff Investment Securities, LLC ("BMIS").

3. On or about January 6, 2009, I submitted a customer claim form to Irving H. Picard, the BMIS Trustee, as Account No. 1B0060, which I knew to be Madoff Account No. 1-B0192, in the amount of $507,230.53, the balance in the investment fund account as of the monthly statement of October 31,2008.

4. On or about June 22,2010, Mr. Picard disallowed my claim in its entirety (see _EXHIBIT A_).

5. The basis of the denial was that I had withdrawn $1,612,733.89 from the account and I had deposited only $1,465,000. He "found" that the funds deposited were never invested by BMIS and instead of profits, BMIS returned to me my own money and the monies of other investors and labeled such returns as profits. The "finding" is without a basis in any evidence put forth by Mr. Picard.

6. I believe the so-called "withdrawals" were based upon profits and losses from the trading of securities which were substantiated by confirmations and monthly statements provided to me by BMIS. Such documentation is entitled to a presumption of regularity. Since BMIS was a registered and respected broker and a member of SIPA, I should be entitled to receive $500,000 of my claim since the SPIA protects customers of unscrupulous brokers up to that amount.

### BACKGROUND

My arrangement with Madoff was to secure a 10%-12% return upon my investment. Over the years the amount invested varied between $100,000 and $700,000. Every 3 months Madoff sent me amounts which equaled 10-12% of my investment. As I understood the arrangement, Madoff would buy and sell securities, earn a short-

Pg 3 of 8

term profit on those transactions and pay me my 10-12%. Although my name appeared on confirmations, I never looked upon the stocks as mine. They were too briefly in my name. Madoff bought and sold and received the gains, but I only received my interest on my investment! I was never charged for Madoff's services and I assumed that he paid himself out of the total gains.

The monthly balance in my account was always either the actual amount that I then had invested or an amount close to that amount.
The balance in my account as of 10/31/08 was $507,230.50 The actual amount was $515,000.

Some investors, as reported in the media or as set forth in their claims and/or the denials of the Trustee, considered the stated "market value of the securities" as being the amount that their initial investment(s) had grown. Those persons had invested $50,000-$100,000, had received many multiples of that in "withdrawals" (also referred to as "interest") and claimed that their investment had grown to extraordinary amounts in the values of securities.

My claim of $507,230.50 is not for some fantastic amount that has allegedly grown from a small investment. It is the amount that I actually had placed with Madoff.

I therefore submit that the account's stated amount reflects an amount close to the actual amount on deposit.

To illustrate, consider the numbers at the time of large additions or withdrawals.

In 2007, $300,000 was deposited in April and $200,000 was withdrawn in July.

On 4/2/07 $300,000 was deposited. On 4/30/07 the account showed **$707,917**. On 3/31/07 the account showed $403,917. The difference between the 2 months was $303,917. The actual amount on deposit in April was **$700,000**. See ***Exhibit B*** for copies of the March and April statements.

On 7/10/07 $200,000 was withdrawn. On 7/31/07 the account showed **$483,856.25**. On 6/31/07 the account showed $700,732.00. The difference between the two months was $216,875.75. The actual amount on deposit in July was **$490,000**. See ***Exhibit C*** for copies of the June and July statements.

On 8/3/05 $260,000 was withdrawn. On 8/31/05 the account showed **$308,627**. On 7/31/05 the account showed $552,516.50. The difference between the two months was $243,889.50. The actual amount on deposit in August was **$315,000**. See ***Exhibit D*** for copies of the July and August statements.

On 9/30/02 $120,000 was deposited. On 9/30/02 the account showed **$658,209**. On 8/31/02 the account showed $536,674. The difference between the two months was $121,535. The actual amount on deposit in September was **$645,000**. See ***Exhibit E*** for copies of the August and September statements.

GROUNDS FOR OBJECTION

A. <u>BMIS was a legitimate business</u>. It is said that Mr. Madoff began his brokerage business in the early to mid-1960s. At the outset I believe it was a legitimate business. As an early participant I believe I was fully protected by SIPA in my dealings with BMIS and that such protection should continue throughout my dealings with BMIS. Mr. Picard has failed to present evidence as to when the so-called Ponzi scheme commenced. Absent such evidence, it is not fair to say that "all" gains were fictitious.

B. <u>The Debtors's books and records</u>. My claim is based upon the Debtor's books and records. BMIS's final monthly statement to me of 10/31/09 is the best evidence of the amount due me, ie., $507,230.50. The court's order of December 23, 2008 directed Mr. Picard to satisfy customers' claims according to the Debtor's books and records.

C. Trustee has failed to comply with the Court Order of December 23, 2008.

D. Trustee has not honored my legitimate expectations.

E. Trustee has created his own definition of "net equity."

F. The Securities Investor Protection Act in its very brochure states with respect to theft by brokers, as opposed to just serious financial difficulties - "However, a small handful of brokerage firms do encounter more severe financial difficulties, <u>*including customer assets that may be missing due to theft*</u>. These are instances where the SIPA steps in to recover or replace customer *cash* and securities, within certain limits set by law." (emphasis supplied).

CONCLUSION

My claim should be allowed in its entirety.

The "net equity" finding should be voided and this court's ruling of March 1, 2010 should be vacated and my claim should be re-determined in my favor.

RESERVATION OF RIGHTS

I reserve the right to revise, amend or supplement this Objection and my failure to object on any specific ground shall not be construed as a waiver of my right to object on any additional grounds.

Nothing contained herein shall be construed as a waiver of any rights that I now possess.

Dated: July 21, 2010

_____
Jennie Brett

THOMAS E. BRETT, ESQ. (6018)
125-10 Queens Blvd. #311
Kew Gardens, NY 11415
718-263-0123; (fax- 718-263-0134)
e-mail: westburybretts@aol.com
*Attorney for Jennie Brett*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------X
SECURITIES INVESTOR PROTECTION
CORPORATION,

         Plaintiff,

   vs.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

         Defendant.
--------------------------------

No. 08-AP-1789 (BRL)

SIPA Liquidation

**AFFIRMATION OF SERVICE**

State of New York)
County of Queens )ss.:

    Thomas E. Brett, Esq., an attorney licensed to practice law in New York, affirms the following to be true under penalty of perjury:

    On July 21, 2010 I served a true copy of the annexed Objection to Trustee's June 22, 2010 Determination of Claim on behalf of Jennie Brett <u>with Exhibits A thru E</u> by mailing the same in a prepaid sealed envelope in an official USPS depository to:

1. Clerk, U.S. Bankruptcy Court, Southern District of New York, One Bowling Green, New York, NY 10004.

2. Irving H. Picard, Trustee, c/o Baker & Hostetler, LLP, Att: Claims Dept., 45 Rockefeller Plaza, New York, NY 10111.

                                                                _____

THOMAS E. BRETT