## EXHIBIT A

**(Customer Claim)**

# STROOCK

**Via Certified Mail**
**Return Receipt Requested**

June 25, 2009

Danielle Alfonzo Walsman
Direct Dial 212-806-5607
Direct Fax 212-806-2607
dwalsman@stroock.com

Irving H. Picard, Esq.
Trustee for Bernard L. Madoff Investment
  Securities LLC
Claims Processing Center
2100 McKinney Avenue, Suite 800
Dallas, TX 75201

Re:   Lemtag Associates Acct No. 1–CM214

Dear Mr. Picard:

We are counsel to Lemtag Associates.  Please see the attached Customer Claim form with attachments for Account No. 1–CM214.

If you have any questions, please feel free to call me.

Very truly yours,

Danielle Alfonzo Walsman

Enclosures

## CUSTOMER CLAIM

Claim Number_____

Date Received_____

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

### DECEMBER 11, 2008

(Please print or type)

Name of Customer: ____Lemtag Associates____
Mailing Address: _____16858 River Birch Circle_____
City: ____Delray Beach____ State: ____FL____ Zip: __33445__
Account No.: __1-CM214__
Taxpayer I.D. Number (Social Security No.): __65-0439942__

NOTE:    BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY
THE ACCOMPANYING INSTRUCTION SHEET. A SEPARATE CLAIM FORM
SHOULD BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL
PROTECTION AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE
RECEIVED BY THE TRUSTEE ON OR BEFORE March 4, 2009. CLAIMS
RECEIVED AFTER THAT DATE, BUT ON OR BEFORE July 2, 2009, WILL BE
SUBJECT TO DELAYED PROCESSING AND TO BEING SATISFIED ON TERMS
LESS FAVORABLE TO THE CLAIMANT. PLEASE SEND YOUR CLAIM FORM BY
CERTIFIED MAIL - RETURN RECEIPT REQUESTED.

*************************************************************************

1.    Claim for money balances as of **December 11, 2008**:

    a.    The Broker owes me a Credit (Cr.) Balance of    $_____0_____

    b.    I owe the Broker a Debit (Dr.) Balance of    $_____0_____

    c.    If you wish to repay the Debit Balance,

        please insert the amount you wish to repay and

        attach a check payable to "Irving H. Picard, Esq.,

        Trustee for Bernard L. Madoff Investment Securities LLC."

        If you wish to make a payment, it **must be enclosed**

        with this claim form.    $_____

    d.    If balance is zero, insert "None."    _____None_____

2.        Claim for securities as of **December 11, 2008**:

**PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.**

|  |  | YES | NO |
|---|---|---|---|
| a. | The Broker owes me securities | X | |
| b. | I owe the Broker securities | | X |
| c. | If yes to either, please list below: | | |

| Date of Transaction (trade date) | Name of Security | Number of Shares or Face Amount of Bonds | |
|---|---|---|---|
|  |  | The Broker Owes Me (Long) | I Owe the Broker (Short) |
| Please see attached statement dated 11/30/08 | | $31,803,579.75 | |
| | | | |
| | | | |
| | | | |
| | | | |

Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclose, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation. You should also provide all documentation or information regarding any withdrawals you have ever made or payments received from the Debtor.

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement. If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.
**PLEASE CHECK THE APPROPRIATE ANSWER FOR ITEMS 3 THROUGH 9.**

NOTE:   IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION
ON A SIGNED ATTACHMENT.  IF SUFFICIENT DETAILS ARE NOT
PROVIDED, THIS CLAIM FORM WILL BE RETURNED FOR YOUR
COMPLETION.

|  |  | YES | NO |
|---|---|---|---|
| 3. | Has there been any change in your account since December 11, 2008? If so, please explain. | | X |
| 4. | Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of the broker? | | X |
| 5. | Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or policies of the broker? | | X |
| 6. | Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in any way with the broker?  If so, give name(s) | | X |
| 7. | Is this claim being filed by or on behalf of a broker or dealer or a bank?  If so, provide documentation with respect to each public customer on whose behalf you are claiming. | | X |
| 8. | Have you ever given any discretionary authority to any person to execute securities transactions with or through the broker on your behalf?  Give names, addresses and phone numbers. | | X |
| 9. | Have you or any member of your family ever filed a claim under the Securities Investor Protection Act of 1970? if so, give name of that broker. | | X |

Please list the full name and address of anyone assisting you in the preparation of this claim form: Stroock & Stroock & Lavan LLP
180 Maiden Lane, New York, NY  10038
Attn:  Danielle Alfonzo Walsman

9.   Have you or any member of your family
     ever filed a claim under the Securities
     Investor Protection Act of 1970?  if
     so, give name of that broker.                              _____   _____

     Please list the full name and address of anyone assisting you in the
     preparation of this claim form:_____
     _____

If you cannot compute the amount of your claim, you may file an estimated claim.  In that
case, please indicate your claim is an estimated claim.

**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM.
CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR
IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.**

**THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY
INFORMATION AND BELIEF.**

Date ___6|18|09_____   Signature_____
                                        General Partner Lemtag Assoc. LLLP
Date _____   Signature_____

(If ownership of the account is shared, all must sign above.  Give each owner's name,
address, phone number, and extent of ownership on a signed separate sheet.  If other
than a personal account, *e.g.,* corporate, trustee, custodian, etc., also state your capacity
and authority.  Please supply the trust agreement or other proof of authority.)

This customer claim form must be completed and mailed promptly,
together with supporting documentation, etc. to:

Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

502180406                          4

## RESTATED AND AMENDED PARTNERSHIP AGREEMENT
## OF LEMTAG ASSOCIATES LLLP

February 28, 2004

THIS RESTATED AND AMENDED PARTNERSHIP AGREEMENT (this "Agreement") of LEMTAG ASSOCIATES LLLP (the "Partnership"), is entered into by and among the undersigned Partners, constituting all of the current Partners of the Partnership (each party hereinafter sometimes referred to individually as a "Partner" and collectively as the "Partners") intending to be effective as of February 28, 2004.

### WITNESSETH

WHEREAS, on or about April 1, 1993, Abner Levine and Mildred Levine as Trustees under agreement dated 5/30/91 (the "Levine Trust"), Abner Levine as Trustee FBO Michael Levine, Elsee Industries, Inc., GrandTrust Partners and the Abner Levine and Mildred Levine Insurance Trust (collectively, the "Original Partners") entered into a partnership agreement (the "Original Partnership Agreement") beginning on May 1, 1993 and setting forth matters relating to the management, business and administration of the Partnership;

WHEREAS, from time to time additional partners have been admitted to the Partnership in accordance with the terms and conditions of the Original Partnership Agreement and the parties hereto constitute all of the current Partners of the Partnership;

WHEREAS, the Partners wish to convert the Partnership into a limited liability limited partnership under the laws of the State of Florida and to restate and amend the original Partnership Agreement as provided herein.

NOW, THEREFORE, in consideration of the mutual covenants contained in this Agreement, and for other good and valuable consideration, the receipt and adequacy of which is hereby acknowledged, the Partners hereby amend and restate the Partnership Agreement in its entirety as follows:

### SECTION 1.  CONVERSION TO LIMITED LIABILITY
### LIMITED PARTNERSHIP

The Partners hereby consent and approve the conversion of the Partnership into a limited liability limited partnership under the laws of Florida. The Partnership shall file a Certificate of Limited Partnership and a Statement of Qualification, both in the form approved by the General Partner, as defined herein. As a result of the conversion, all of the property of the Partnership shall continue to be owned by the Partnership pursuant to Florida Statutes Section 620.8904 as a limited liability limited partnership.

### SECTION 2.  NAME

The Partnership's name shall be Lemtag Associates LLLP.

## SECTION 3. PLACE OF BUSINESS AND REGISTERED AGENT

The Partnership's registered office shall be its principal place of business, which is c/o Abner Levine, 16858 River Birch Circle, Delray Beach, Florida 33445. The General Partner may from time to time change the Partnership's principal place of business and registered office. Abner Levine shall be the Partnership's registered agent. The registered agent's business address is and shall be within the State of Florida.

## SECTION 4. BUSINESS

The purpose of the Partnership is to purchase, sell, invest or otherwise deal in stocks, bonds and other securities and similar interests of any kind, including options, futures, hedge funds and derivatives; and to transact or engage in any other business that may be conducted in partnership form and to do any and all things necessary or incident to such business.

## SECTION 5. TERM

The Partnership began on May 1, 1993 and shall continue until April 30, 2043 or unless sooner terminated as provided for in this Agreement. The Partnership may be continued beyond its scheduled termination date by an affirmative vote of the Partners holding a majority of the Partnership Interests.

## SECTION 6. CAPITAL AND PARTNERSHIP INTERESTS

6.1    Partner Names and Addresses, Partnership Interests. Each Partner owns that share of the total Partnership Capital in proportion to his, her, or its Partnership Interest, as such interest shall be determined and redetermined from time to time as provided herein. At the time of this Restatement, the names of the Partners and their respective Partnership Interests at the time of this Restatement are set forth on Schedule A hereto. Each Partner's Partnership Interest shall be equal to such Partner's allocable percentage interest in the total capital of the Partnership as such capital shall be adjusted from time to time to reflect contributions and withdrawals from the Partnership, allocations of profits and losses and such other matters as the General Partner determines necessary and proper for the determination of Partnership Interests. The General Partner shall periodically redetermine each Partner's Partnership Interests to reflect such items; provided, however, that the General Partner shall not be required to redetermine Partnership Interests more frequently than quarterly. Except as expressly provided in this Agreement, no Partner has any right to withdraw his or her capital account or contribution, except upon termination and liquidation of the Partnership and no interest shall be paid on any capital contributed to the Partnership, except as otherwise provided of this Agreement.

6.2    Partnership Withdrawals and Determination of Partnership Interests. From time to time the General Partner may permit Partners to withdraw all or any portion

of such Partner's capital account. Unless otherwise determined by the General Partner, each withdrawal shall be charged to and credited against each withdrawing Partner's capital account as of the end of the quarter in which such withdrawal is permitted.

6.3    Maintenance of Capital Accounts.    A separate capital account ("Capital Account") shall be maintained for each Partner which shall be maintained in accordance with applicable Treasury Regulations, including but not limited to the requirements of Treas. Reg. Section 1.704, and each such capital account shall be credited for each such Partner with such Partner's (i) capital contributions and (ii) share of all Partnership profits, income and revenues as allocated under this Agreement, and shall be debited with such Partner's (iii) share of all costs, expenses, and losses of the Partnership as allocated under this Agreement and (iv) the amount of any distributions made to such Partner. Except as otherwise provided in this Agreement, whenever it is necessary to determine the Capital Account of any Partner for any purpose under this Agreement, the Capital Account of such Partner shall be determined after giving effect to all adjustments provided for in this Agreement for the current fiscal year of the Partnership in respect of transactions effected prior to the date such determination is to be made. Unless otherwise required by applicable Treasury Regulations or the Code, the General Partner shall not be required to redetermine Capital Accounts more often than quarterly.

6.4    Additions.    No Partner will be required to make any additional capital contributions without his, her, or its consent.

6.5    Revaluation of Partnership Property.    Upon (a) the acquisition of an additional Partnership Interest in the Partnership by any new or existing Partner in exchange for more than a de minimis capital contribution; (b) the making of any additional capital contributions or partial withdrawals by a Partner which changes the Partner's Partnership Interest in the Partnership (other than a de minimis amount) or (c) immediately before liquidation of the Partnership, all the property of the Partnership shall be revalued at its fair market value as determined by the General Partner, in its sole but reasonable judgment, and the Partners' respective capital accounts shall be adjusted to reflect the manner in which the unrealized income, gain, loss or deduction inherent in such property (that has not been reflected in adjustments to the Partners' capital accounts previously) would be allocated among the Partners if the property were sold at its fair market value on the valuation date; provided, however, that adjustments pursuant to clauses (a) and (b) above shall be made only if the General Partner reasonably determines that such adjustments are necessary or appropriate to reflect the relative economic interests of the Partners in the Partnership and further provided that unless otherwise required by applicable Treasury Regulations or the Code, the General Partner shall not be required to undertake a revaluation or adjust partner capital accounts more often than quarterly.

## SECTION 7. PROFITS, LOSSES AND DISTRIBUTIONS

7.1    <u>Profits and Losses</u>.    The Partnership's net profits and losses shall be computed in accordance with the cash-method of accounting consistently applied.    The Partnership's net profits and losses shall be allocated proportionately among the Partners according to their Partnership Interests.    In the case of any changes in Partnership Interests during a year, the General Partner may allocate profits and losses on a quarterly, or more frequently, basis as it shall reasonably determine.    The General Partner may make such other reasonable adjustments to accurately reflect the allocation of profits and losses during a year as the General Partner deems fair or reasonable to take into account varying Partnership Interests during the year; provided, always however, that such adjustments shall be subject to the requirements of Treas. Reg. Section 1.704.

7.2    . <u>Distributions</u>.    The General Partner may make distributions to the Partners at such time and on such events and in such amounts as the General Partner deems in the best interest of the Partnership.    Distributions may be proportionate or disproportionate amongst the Partners as the General Partner shall determine; provided, however, that any disproportionate distributions shall be reflected in the next quarterly revaluation and redetermination of Partnership Interests.

## SECTION 8. MANAGEMENT AND OPERATIONS

8.1    <u>Management and Designation of General Partner</u>.    The overall management and control of the business and affairs of the Partnership shall be vested exclusively in the General Partner.    The General Partner is vested with all rights and powers generally conferred by law and the provisions of this Agreement and which are necessary, advisable or consistent in connection with the management of the Partnership's business. Michael Levine is hereby designated as the General Partner.    The General Partner is expressly authorized to designate, appoint or admit a successor general partner to serve as its successor upon the resignation, termination or inability of the General Partner to continue to serve as the general partner of the Partnership.    Such designation and appointment of a successor general partner shall be in writing and signed by the General Partner and any successor general partner shall have all of the rights and powers of the General Partner as provided herein.

8.2    <u>Limited Partners</u>.    The Limited Partners (other than a Limited Partner which is also a General Partner) shall take no part in and have no vote respecting the Partnership's management and operation, and shall not participate in the control of the Partnership's business.

8.3    <u>General Partner Powers</u>.    The General Partner has the full and exclusive power on the Partnership's behalf, in its name, to manage, control, administer and operate its business and affairs and to do or cause to be done anything it deems necessary or appropriate for the Partnership's business, including (but not limited to) the power and authority to: (1) sell real or personal property (both tangible and intangible); (2) buy, lease, or otherwise acquire real or personal property; (3) borrow money; (4) issue

promissory notes and other debt instruments (negotiable or nonnegotiable), in any amounts and secured by any encumbrance on all or any part of the Partnership's assets; (5) assign any debts owing to the Partnership; (6) engage in any other means of financing; (7) enter into any agreement for sharing of profits and joint venture with any person or entity; (8) manage, administer, conserve, improve, develop, operate, lease, utilize, and defend the Partnerships assets, directly or through third parties; (9) execute any type of agreement or instrument in connection with any other Partnership power; (10) employ all types of agents and employees (including lawyers and accountants), and delegate to such agents such powers and authorities as the General Partner deems appropriate; (11) buy or otherwise obtain the use of any type of equipment or other property that may be convenient or advisable in connection with any Partnership business; (12) incur any reasonable expense for travel, telephone, telegraph, insurance, taxes, and such other things, in carrying on the Partnership's business; (13) sue and be sued, complain and defend in the Partnership's name and on its behalf; and (14) quitclaim, release or abandon any Partnership assets with or without consideration.

8.4    Expenses.    Upon request of the General Partner and in the General Partner's sole discretion, all reasonable expenses incurred by the General Partner in managing   and conducting the Partnership's business, including (but not limited to) overhead, administrative and travel expenses, and professional, technical, administrative, and other services, will be reimbursed by the Partnership.

8.5    Meetings.    The General Partner or any Partners owning more than ten percent (10%) of the Partnership Interests may request the holding of annual meeting of the Partners. In such case, the annual meeting shall be held at such time as determined by the General Partner at the office of the Partnership or at such other location as may be determined by the General Partner with the consent of holders of fifty-one percent (51%) of the Partnership Interests.   The annual meeting shall be for the transaction of such business as may come before the meeting.  Special meetings of the Partners, unless otherwise prescribed by statute, may be called only by the General Partner.  Written, electronic mail, facsimile or telephonic notice stating the place, day and hour of any meeting shall be delivered to all Partners not less than two (2) days nor more than thirty (30) days before the date of the meeting, either personally or by mail to each Member of record.   Partners entitled to participate at a meeting may participate by means of conference telephone or similar communication if all persons participating in such meeting can hear one another for the entire discussion of the matter(s) to be voted upon. Participating in a meeting pursuant to the foregoing sentence shall constitute presence in person at such meeting.  Partners may waive notice of a meeting before or after the date and time specified in the written notice of the meeting.  Attendance of a person at a meeting shall constitute a waiver of notice of the meeting, unless the Member at the beginning of the meeting objects to holding the meeting or transacting the business at the meeting.  Actions required or permitted to be taken at a Partnership meeting may be taken without a meeting if the action is reduced to writing and is approved and signed by the General Partner and holders of fifty-one percent (51%) of the Partnership Interests entitled to vote on the action.

8.6    Tax Matters Partner.  The General Partner shall be the tax matters partner and, as such, shall be solely responsible for representing the Partnership in all dealings with the Internal Revenue Service and any state, local, and foreign tax authorities; it shall keep the other Partners reasonable informed of any Partnership dealings with any tax agency.

## SECTION 9.  BOOKS AND RECORDS, BANK ACCOUNTS

The Partnership's books and records will be kept on the cash method of accounting and shall reflect all Partnership transaction and be appropriate and adequate for all Partnership business. The Partnership books shall also be kept on a fiscal year ending December 31. The Partnership's records shall be maintained at its principal place of business.  Within a reasonable period after the close of each fiscal year, the General Partner, at the Partnership's expense, will give a written report to each other Partner indicating such Partner's share of the Partnership income, which requirement maybe satisfied by giving each Partner a copy of any tax form which includes such information. All Partnership funds will be deposited in its name in such accounts as the General Partner designates.

## SECTION 10.  TAX ELECTIONS

If a Partnership Interest is transferred, a Partner dies, or Partnership assets are distributed to a Partner, the General Partner may, in its discretion, cause the Partnership to elect to cause the Partnerships to make the Internal Revenue Code §754 election to cause the Partnership's assets to be adjusted for federal income tax purposes under appropriate provisions of the federal income tax laws.  In addition, if a Partnership Interest, or any part thereof, is sold or otherwise transferred, the Capital Account of the transferee with respect to such interest shall be the same as the Capital Account of the transferor at the time of transfer, adjusted to reflect any Profit or Loss allocated to the transferee in accordance with Section 7.

## SECTION 11.  TRANSFER OF PARTNERSHIP INTERESTS

The Partners do not want any Partnership Interests to be made generally available to persons other than the present Partners and their families.  Therefore, the Partners agree that no Partner will Transfer any portion of his Partnership Interests except in accordance with the terms of this Agreement or with the written consent of the General Partner.  No attempted Transfer not in accordance with the terms of this Agreement shall be reflected on the Partnership's books.  For purposes of this Agreement, the term "Transfer" shall include any sale, exchange, transfer, gift, encumbrance, assignment, pledge, mortgage or other hypothecation or other disposition, whether voluntary or involuntary.

11.1    Permitted Transfers.    Any Transfer of any Partnership Interests not otherwise prohibited by this Agreement may be made to the following persons: (i) to any Partner; (ii) to any family member, family trust, family partnership or other similar entity

created by a Partner; (iii) by gift or by intestate succession or testamentary disposition upon the death of a Partner; (iv) to any person or entity controlled by, controlling, or under common control with, the transferring Partner; or (v) to any person approved, in writing, by the General Partner or by a majority of the Partners (determined by Partnership Interests and not number of Partners). The disposition or transfer of any Partnership Interest held by any entity shall itself be deemed to be a Transfer of the underlying Partnership Interests subject to this Section.

11.2    <u>Transfers by Gift or Death</u>.    If a Partner makes a Transfer all or any portion of his or her Partnership Interest by gift, or if a Partnership Interest is transferred by reason of the death of a Partner, the name of the person receiving such Partnership Interest shall be added to Schedule A as a Partner. In the case of a gift, the Partner making such a gift must notify the General Partner of the Transfer. In the case of the death of a Partner, the personal representative or executor of the estate of a deceased Partner shall notify the General Partner of the proposed Transferee which notice shall include the date of the proposed Transfer and the interest in the Partnership being transferred.

11.3    <u>Effect of Non-Permitted Transfer</u>.    (i) Any attempt to Transfer an interest in the Partnership other than as permitted under this Section, shall be invalid and will not be reflected on the Partnership's books. In the event a Transfer of an interest in the Partnership to persons other than a Permitted Transferee takes place by court order or otherwise by operation of law notwithstanding the prohibitions contained in this Agreement, the Partnership and the non-transferring Partners shall have the right to repurchase the Transferred Partnership Interest from the non-permitted transferee (the "Seller") at a purchase price equal to the fair market value of such interest. Fair market value for this purpose shall mean the price at which the Transferred Partnership interest would change hands between a willing buyer and a willing seller, neither being under any compulsion to buy or to sell, and both having reasonable knowledge of relevant facts, including, but not limited to, all facts relevant for determining under Section 2031 and Section 2512 of the Internal Revenue Code the fair market value of closely held limited partnership interests that may not be withdrawn before the end of the term of the partnership. The determination of fair market value shall be made by the Partnership's regularly employed certified public accountants, if such firm regularly prepares valuation reports for partnership or other similar business interests, or a third party appraiser selected by the General Partner. Absent manifest error, the determination by the Partnership's CPA and/or appraiser shall be final and binding.

(ii) The right to purchase hereunder shall commence upon the date notice of the non-permitted Transfer is given to the Partnership and the Partners and shall end, with respect to the Partnership, one hundred twenty (120) days thereafter, and with respect to the non-transferring Partners, one hundred eighty (180) days thereafter (the "Option Period"). In the event that the Partnership has not exercised its option to purchase the Transferred Partnership Interest, the remaining Partners may purchase the Transferred Partnership Interest in proportion to their respective interests in the Partnership or as they otherwise agree amongst themselves. The Partnership or the remaining Partners, as the

case may be, shall notify the Seller of their intention to purchase such interest within the Option Period. Closing of such purchase shall occur within sixty (60) days of the notice to the Seller of the exercise of the Option.

(iii)  The purchase price for the Transferred Interest shall, at the option of the Partnership or each purchasing Partner, as the case may be, be payable in either cash or by promissory note payable in one hundred twenty (120) equal monthly installments with interest at the applicable federal rate. In the event any purchaser elects to pay the purchase price in installments, such obligation shall be evidenced by a promissory note in form and content as the parties shall agree or, if they shall be unable to agree, as the General Partner shall approve.

11.4  Death of Limited Partner. A Limited Partner's death, adjudication of insanity or incompetence will not dissolve the Partnership. Rather, the executors or administrators of the estate of the deceased Limited Partner, or the committee or other legal representatives of the estate of the insane or incompetent Limited Partner, will have the same rights (subject to the same limitations) as the deceased, insane or incompetent Limited Partner, and shall be subject to the provisions of Section 11 subject to assigning the interest of the deceased, insane or incompetent Limited Partner.

## SECTION 12. AMENDMENTS

This Agreement may be amended only with the consent of the General Partner and the holders of two-thirds (2/3rds) of the Limited Partnership Interests, if the amendment would change the Limited Partners' required contributions, rights and interests in Partnership profits or losses, rights on liquidation of the Partnership, payments of cash flow, income tax allocations or the requisite vote needed to expel a Partner. Except for the items specifically excluded above in this Section 12, any other provision of this Agreement may be amended by the General Partner provided that such amendment is in writing and signed by the General Partner.

## SECTION 13. ADMISSION AND EXPULSION OF LIMITED PARTNERS

13. 1  Admission. From time to time the General Partner may admit additional Limited Partners, provided that such person agree in writing in a form satisfactory to the General Partner, to be bound by this Agreement.

13.2  Expulsion. A Limited Partner may be expelled from the Partnership on the decision of the General Partner and a majority of the Limited Partners. Upon such expulsion, the Partnership shall be required to pay to such Partner an amount equal to such Partner's capital account balance.

## SECTION 14. DISSOLUTION

14.1  Causes. The Partnership shall be dissolved upon any of the following events:

(i) The withdrawal or adjudication of bankruptcy of the General Partner unless the General Partner shall have designated a successor general partner as provided in Section 8.1, or the occurrence of any other event causing dissolution of a Limited Partnership under applicable state law. However, if, within ninety (90) days from the withdrawal or adjudication of bankruptcy of the General Partner without a successor general partner having been designated, if the other Partners (excluding any Limited Partners who are also General Partners) elect to continue the Partnership, then: (a) the Partnership will not be dissolved and it will continue under this Agreement; and (b) the remaining Limited Partners will, elect one (1) or more new General Partners (and the Agreement and certificate will be amended); and (c) the Partnership Interests of the former General Partner will be converted into Limited Partnership Interests, and such former General Partner (or its trustees in bankruptcy, successors or assigns, or other personal or legal representatives) will be Limited Partner.

(ii) Whenever the General Partner and those of the Limited Partners holding a majority of the Partnership Interests of all Limited Partners agree in writing that it be dissolved.

14.2    Dissolution. Upon its dissolution, the Partnership will terminate and immediately commence to wind up its affairs. The Partners shall continue to share in profits and losses during liquidation in the same manner and proportions as they did before dissolution. The proceeds from liquidation of Partnership assets shall be applied as follows: (i) First, all of the Partnership's debts and liabilities to persons other than Partners shall be paid and discharged in the order of priority as provided by law; (ii) Second, all debts and liabilities to Partners shall be paid and discharged in the order of priority as provided by law; (iii)    Third, all remaining assets shall be distributed to the Partners in accordance with the respective capital account balances.

14.3    Gain or Loss. Any gain or loss on the disposition of Partnership properties in the process of liquidation shall be credited or charged to the Partners in proportion to their Partnership Interests; provided, however, that gain or loss with respect to property contributed to the Partnership by a partner shall be shared among the Partners so as to take account of any variation between the basis of the property so contributed and its fair market value at the time of contribution, in accordance with any applicable federal income tax laws. Any property distributed in kind in the liquidation shall be valued and treated as though it were sold and the cash proceeds distributed. The difference between the value of property distributed in kind and its book value shall be treated as a gain or loss on the sale of property, and shall be credited or charged to the Partners accordingly.

14.4    Winding-Up. The winding-up of Partnership affairs and the liquidation and distribution of its assets shall be conducted by the General Partner, who is hereby authorized to do any and all acts and things authorized by law in order to effect such liquidation and distribution of the Partnership's assets.

## SECTION 15. MISCELLANEOUS

15.1   _Notices._   Notices required or permitted under this Agreement shall be given and served either by personal delivery to the party to whom it is directed, or by registered or certified mail, postage and charges prepaid, or by electronic mail and if it is sent to a Partner, addressed with his, her, or its address (including e-mail address) as it appears on the records of the Partnership. Any notice is deemed given on the date on which it is personally or electronically delivered, or, if mailed, on the date it is deposited in a regularly maintained receptacle for the deposit of United States mail, addressed and sent as required in this section. Any Partner may change his, her, or its address for all purposes of this Agreement by giving notice in writing, stating his, her, or its new address to the General Partner. Such a change of address will be effective fifteen (15) days after the notice is received by the General Partner.

15.2   _Non-Waiver._   Any Partner's failure to seek redress for violation of or to insist upon the strict performance of any provision of this Agreement will not prevent a subsequent act, which would have originally constituted a violation, from having the effect of an original violation.

15.3   _Severability._   Every provision of this Agreement is intended to be severable. If any term or provision hereof is invalid for any reason whatsoever, its invalidity will not affect the validity of the remainder of the Agreement.

15.4   _Good Faith._   The doing of any act or the failure to do any act by a Partner or the Partnership, the effect of which causes any loss or damage to the Partnership, will not subject such Partner or the Partnership to any liability, if done pursuant to advice of the Partnership's legal counsel or in good faith to promote the Partnership's best interests.

15.5   _Arbitration._   Prior to the commencement of any civil action concerning any dispute arising under this Agreement, the General Partner may require that such dispute first be submitted to final and binding arbitration under the rules of the American Arbitration Association ("AAA") where such issue shall be heard and determined by a panel of three (3) arbitrators, and the decision of such arbitrators shall be final and binding upon the parties.  In the event that the General Partner shall require such arbitration and either party fails to participate in the selection of the arbitrators within thirty (30) days from the date of the initiation of the arbitration proceedings, then the arbitration proceedings shall proceed before the single arbitrator selected by the other party.  The arbitrators' award resulting from arbitration under this provision may be confirmed and entered as a final judgment in any court of competent jurisdiction and enforced accordingly.  Further, the parties expressly agree that the General Partner's requirement to proceed to arbitration and obtain an award thereunder shall be a condition precedent to the bringing or maintaining of any action in any court with respect to any other dispute arising under this Agreement, except for the institution of a civil action to maintain the status quo during the pendency of any arbitration proceeding. The venue of any actions under this Agreement, including arbitration, direct judicial proceedings or

judicial proceedings to enforce an arbitration award, shall be in Palm Beach County, Florida, unless otherwise mutually agreed by the parties.

15.6    Governing Law. This Agreement is to be construed according to the laws of the State of Florida.

15.7    Cumulative Rights. The rights and remedies provided in this Agreement are cumulative and the use of any right or remedy does not limit a Partner's right to use any or all other remedies. All rights and remedies in this Agreement are in addition to any other legal rights the Partners may have.

15.8    Other Activities. Every Partner may also engage in whatever activities he, she, or it chooses without having or incurring any obligation to offer any interest in such activities to any other partner.

15.9    Confidentiality. No Partner may, without the General Partner's express written consent divulge to others any information not already known to the public pertinent to the properties, activities, relationships, or operations of the Partnership, whether before of after the Partnerships, dissolution.

15.10   Counterparts.   This Agreement may be executed in any number of counterparts with the same effect as if all parties hereto had all signed the same document. All counterparts shall be construed together and shall constitute one (1) agreement.

15.11   Waiver of Partition, Partnership Interests Personal Property. Each Partner waives during the term of the Partnership any right that he, she, or it may have to maintain any action for partition with respect to the Partnership's property or assets. The Partnership Interests of each Partner are personal property.

15.12   Binding Terms. The terms of this Agreement are binding upon and inure to the benefit of the Partners and, to the extent permitted by this Agreement, their heirs, executors, administrators, legal representatives, successors and assigns.

15.13   Gender and Number. Unless the context requires otherwise, the use of a masculine pronoun includes the feminine and the neuter, and vice versa, and the use of the singular includes the plural, and vice versa.

## SECTION 16. INDEMNIFICATION AND LIMITATIONS ON GENERAL PARTNER'S LIABILITY

16.1    To the extent Florida law will permit, a General Partner who succeeds another:

    (i)       will be responsible only for the property and records delivered by or otherwise acquired from the preceding General Partner; and

      (ii)    may accept as correct the preceding General Partner's records without duty to audit the records or to inquire further into the predecessor's administration and without liability for a predecessor's errors and omissions.

16.2   No General Partner will be liable for any act or omission except those resulting from gross negligence, fraud, bad faith, or willful misconduct.

16.3   A General Partner will not have liability for loss of income from or depreciation in the value of the property that was retained in the form that the General Partner received it.

16.4   The General Partner is entitled to all indemnification authorized by Florida law.

16.5   The General Partner owes no fiduciary duty to the Partnership or to any Partner. The General Partner does owe a duty of loyalty and a duty of care to the Partnership.

16.6   The Partnership will indemnify the General Partner and his partners, employees, and agents. This indemnification includes direct and indirect costs and reasonable attorneys' fees and expenses, which will be satisfied from Partnership assets only. The indemnity will be from any loss, damage, claim or liability incurred by any one or more of them because of any act (other than an act of gross negligence, fraud, misconduct, or bad faith) performed by the General Partner: (i) on the Partnership's behalf; or (ii) in furthering the Partnership purposes.

16.7   The Partnership may purchase insurance to minimize all or part of any indemnification risk.

16.8   For purposes of this section, the term "General Partner" also refers to the General Partner's heirs, administrators, executors, successors, and assigns.

THIS RESTATED AND AMENDED PARTNERSHIP AGREEMENT dated the

28th day of February, 2004;

## WITNESSETH:

WHEREAS, Michael Levine is currently the General Partner of LEMTAG Associates, LLLP, a Florida limited liability limited partnership (the "Partnership"); and

WHEREAS, pursuant to the Partnership Agreement of LEMTAG Associates, LLLP (the "Partnership Agreement"), the General Partner is authorized, pursuant to Section 12, to amend the Partnership Agreement except with respect to certain specific items set forth in Section 12; and

WHEREAS, the General Partner wishes to amend the Partnership Agreement;

NOW, THEREFORE, the General Partner hereby restates and amends the Partnership Agreement as printed above.

IN WITNESS WHEREOF, the undersigned has executed these amendments to the LEMTAG Partnership Agreement on the 28th day of February, 2004.

GENERAL PARTNER,

Michael Levine

February 2004

Lemtag Associates LLLP
16858 River Birch Circle
Delray Beach, FL 33445

Madams and Messrs:

We are hereby providing you with notice of our resignation as the General Partner of Lemtag Associates LLLP (the "Partnership"), effective immediately. Simultaneously with our resignation, in accordance with Section 8.1 of the Restated and Amended Partnership Agreement of Lemtag Associates LLLP (the "Partnership Agreement"), we hereby designate Michael Levine as our successor General Partner of the Partnership, which such designation shall also be effective immediately.

In connection with the foregoing resignation and General Partner successor designation, the following changes in Partnership Interests shall be immediately effectuated:

1. The 16.170% of General Partnership Interest in the Company of Abner Levine and Mildred Levine, Trustees under agreement dated 5/30/91 shall be converted into a 16.170% Limited Partnership Interest in the Company; and

2. 1% of Michael Levine's 7.023% Limited Partnership Interest in the Company shall be converted into a General Partner Interest in the Company.

Accordingly, Schedule A of the Partnership Agreement shall be replaced with the revised Schedule A attached to this letter.

This notice is being provided pursuant to Section 8.1 of the Partnership Agreement.

Very truly yours,

ABNER LEVINE and
MILDRED LEVINE, Trustees
Under agreement dated 5/30/91

By: _____
Abner Levine, Trustee

_____
Mildred Levine, Trustee

AGREED TO AND ACKNOWLEDGED:

_____
Michael Levine

cc:    Each of the Partners set forth on
       the attached Service List

FYI

113624_1

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

LEMTAG ASSOCIATES

16858 RIVER BIRCH CIRCLE
DELRAY BEACH        FL    33445

| DATE | BOUGHT / Long | SOLD / Short | DRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|------|---------------|--------------|-----|-------------|-----------------|--------------------------------|--------------------------------|
| | | | | BALANCE FORWARD | | 1,055,557.17 | |
| 11/05 | 2,680 | | 10896 | APPLE INC | 102.230 | 273,706.80 | |
| 11/05 | 3,840 | | 11151 | ABBOTT LABORATORIES | 55.090 | 211,698.60 | |
| 11/05 | 2,640 | | 11366 | AMGEN INC | 60.350 | 159,429.00 | |
| 11/06 | 1,920 | | 11601 | BOEING CO | 51.120 | 98,226.40 | |
| 11/05 | 5,800 | | 11933 | BANK OF AMERICA | 33.360 | 193,502.20 | |
| 11/05 | 1,440 | | 12071 | BAXTER INTERNATIONAL INC | 60.300 | 87,321.00 | |
| 11/05 | 2,880 | | 12306 | BANK OF NEW YORK MELLON CORP | 32.290 | 93,110.20 | |
| 11/06 | 4,800 | | 12541 | BRISTOL MYERS SQUIBB COMPANY | 20.610 | 99,120.00 | |
| 11/05 | 2,600 | | 12771 | ANHEUSER BUSCH COS INC | 52.240 | 102,049.40 | |
| 11/06 | 13,440 | | 13011 | CITI GROUP INC | 13.550 | 182,580.20 | |
| 11/06 | 7,200 | | 13246 | COMCAST CORP | 15.790 | 113,976.00 | |
| | | | | CL A | | | |
| 11/06 | 5,600 | | 13481 | CONOCOPHILLIPS | 46.120 | 257,600.00 | |
| 11/06 | 14,640 | | 13716 | CISCO SYSTEMS INC | 17.520 | 257,077.60 | |
| 11/06 | 3,600 | | 13951 | CVS CAREMARK CORP | 30.510 | 109,980.00 | |
| 11/06 | 5,040 | | 14186 | CHEVRON CORP | 73.740 | 371,850.60 | |
| 11/05 | 2,800 | | 14421 | THE WALT DISNEY CO | 28.930 | 119,840.00 | |
| 11/05 | 25,680 | | 14656 | GENERAL ELECTRIC CO | 19.800 | 509,355.80 | |
| 11/06 | 480 | | 14891 | GOOGLE | 356.520 | 171,148.60 | |
| 11/05 | 960 | | 15126 | GOLDMAN SACHS GROUP INC | 91.870 | 88,235.20 | |
| 11/05 | 43,200 | | 15361 | HOME DEPOT INC | 23.300 | 1,007,828.00 | |
| 11/05 | 8,000 | | 15596 | HEWLETT PACKARD CO | 38.310 | 306,700.00 | |
| 11/06 | 3,360 | | 15831 | INTERNATIONAL BUSINESS MACHS | 92.800 | 311,942.00 | |
| | | | | CONTINUED ON PAGE 2 | | | |

Statement Date: 11/30/08

Tax Account Number: 1-CM214-3-0

Account Number: ******9942

Page 1

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

| | MADF | BERNARD L. MADOFF |
|---|---|---|
| | | INVESTMENT SECURITIES LLC |
| | | New York □ London |

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel (020) 7493 6222

LEMTAG ASSOCIATES

16858 RIVER BIRCH CIRCLE
DELRAY BEACH          FL     33445

| DATE | 11/30/08 | 1-CM214-3-0 | ******9942 | 2 |
|---|---|---|---|---|

| DATE | NUMBER OF SHARES BOUGHT OR RECEIVED | NUMBER OF SHARES SOLD OR DELIVERED | TSN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| 11/06 | 13,680 | | 16066 | INTEL CORP | 16.070 | 220,384.60 | |
| 11/06 | 6,960 | | 16301 | JOHNSON & JOHNSON | 61.310 | 426,395.60 | |
| 11/06 | 9,120 | | 16596 | J P MORGAN CHASE & CO | 40.710 | 373,363.20 | |
| 11/06 | 3,840 | | 16771 | KRAFT FOOD INC | 29.110 | 111,935.40 | |
| 11/06 | 4,800 | | 17006 | COCA COLA CO | 44.490 | 213,744.00 | |
| 11/06 | 2,880 | | 17241 | MCDONALDS CORP | 57.900 | 166,867.00 | |
| 11/06 | 2,880 | | 17476 | MEDTRONIC INC | 48.330 | 139,227.60 | |
| 11/06 | 1,920 | | 17711 | 3M COMPANY | 55.590 | 106,898.20 | |
| 11/06 | 5,040 | | 17946 | ALTRIA GROUP INC | 19.160 | 96,767.40 | |
| 11/06 | 5,280 | | 18181 | MERCK & CO | 30.780 | 162,729.40 | |
| 11/06 | 1,920 | | 18416 | MICROSOFT CORP | 22.310 | 42,466.20 | |
| 11/06 | 9,840 | | 18651 | ORACLE CORPORATION | 20.110 | 118,759.60 | |
| 11/06 | 2,160 | | 18886 | OCCIDENTAL PETROLEUM CORP | 54.290 | 117,352.40 | |
| 11/06 | 3,360 | | 19121 | PEPSICO INC | 57. | 219,033.00 | |
| 11/06 | 16,560 | | 19356 | PFIZER INC | 11.690 | 200,788.50 | |
| 11/06 | 5,280 | | 19591 | PROCTER & GAMBLE CO | 64.570 | 480,697.80 | |
| 11/06 | 4,080 | | 19826 | PHILLIP MORRIS INTERNATIONAL | 42.730 | 225,825.40 | |
| 11/06 | 2,880 | | 20061 | QUALCOMM INC | 31.810 | 154,427.80 | |
| 11/06 | 2,880 | | 20296 | SCHLUMBERGER LTD | 51.750 | 149,383.20 | |
| 11/06 | 2,400 | | 20531 | AT&T INC | 25.980 | 389,068.00 | |
| 11/06 | 8,380 | | 20766 | TIME WARNER INC | 10.060 | 899,687.80 | |
| 11/06 | 2,400 | | 21001 | UNITED PARCEL SVC INC CLASS B | 52.790 | 126,792.60 | |
| 11/06 | 4,320 | | 21236 | U S BANCORP | 29.550 | | |
| 11/06 | 2,400 | | 21471 | UNITED TECHNOLOGIES CORP | 54.920 | 131,904.00 | |

CONTINUED ON PAGE 3

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

LEMTAG ASSOCIATES

16858 RIVER BIRCH CIRCLE
DELRAY BEACH          FL   33445

| Date | Bought/Received | Sold/Delivered | Description | Price | Amount Debited | Amount Credited |
|------|-----------------|----------------|-------------|-------|----------------|-----------------|
| 11/06 | 6,960 | | VERIZON COMMUNICATIONS | 29.980 | 208,938.80 | |
| 11/06 | 8,460 | | WELLS FARGO & CO NEW | 33.660 | 284,991.60 | |
| 11/06 | 5,720 | | WAL MART STORES INC | 52.560 | 301,431.20 | |
| 11/06 | 12,960 | | EXXON MOBIL CORP | 73.689 | 955,410.80 | |
| 11/06 | | | FIDELITY SPARTAN | DIV | | |
| 11/06 | | | U S TREASURY MONEY MARKET | | | |
| 11/06 | | 26,915 | DIV 11/06/08 | 1 | 26,915.00 | |
| 11/06 | | | FIDELITY SPARTAN | | | |
| 11/06 | | | U S TREASURY MONEY MARKET | | | |
| 11/06 | | 8,328 | FIDELITY SPARTAN | 1 | | 8,328 |
| 11/06 | | 75,000 | U S TREASURY MONEY MARKET | 99.989 | | 74,998 |
| 11/06 | | | U S TREASURY BILL | | | |
| 11/06 | | | DUE 12/11/2008 | | | |
| 11/06 | | 27,000,000 | U S TREASURY BILL | 99.932 | | 26,998,20 |
| 11/06 | | | 12/11/2008 | | | |
| 11/06 | | | DUE 12/18/2008 | | | |
| 11/06 | | 3,000,000 | U S TREASURY BILL | 99.960 | | 2,998,80 |
| 11/06 | | | 12/18/2008 | | | |
| 11/06 | | | DUE 01/08/2009 | | | |
| 11/06 | | 3,000,000 | U S TREASURY BILL | 99.946 | | 2,998,36 |
| 11/06 | | | 01/15/2009 | | | |
| 11/06 | | | DUE 1/15/2009 | | | |
| 11/06 | | 3,000,000 | U S TREASURY BILL | 99.934 | | 2,998,0 |
| 11/06 | | | 1/22/2009 | | | |
| 11/06 | | | DUE 01/22/2009 | | | |
| | | | CONTINUED ON PAGE 4 | | | |

1-CM214-3-0                   11/30/08   ******9942   PAGE 3

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel (020) 7493 6222

LEMTAG ASSOCIATES

16858 RIVER BIRCH CIRCLE
DELRAY BEACH    FL    33445

| DATE | BOUGHT OR RECEIVED | SOLD OR DELIVERED | TRAN CODE | DESCRIPTION | PRICE OR SYMBOL | 1-CM214-3-0 | 11/30/08 | ****-****9942 | 4 | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 13/06 | 3,000,000 | | 49473 | U S TREASURY BILL DUE 01/29/2009 | 99.928 | | | | | | 2,997.84 |
| 11/06 | | 1,925,000 | 49650 | U S TREASURY BILL DUE 1X/29/2009 | 99.902 | | 1,725,564.50 | | | | 11,725.11 |
| 11/06 | 1,725,000 | | 49911 | U S TREASURY BILL DUE 2/12/2009 DUE 03/26/2009 | 99.862 | | 1,725,564.50 | | | | |
| 11/06 | 3,725,000 | | 50140 | U.S TREASURY BILL 2/02/2009 4/02/2009 | 99.751 | | 1,720,704.75 | | | | |
| 11/06 | 1,1725,000 | | 50369 | U S TREASURY BILL DUE 04/09/2009 4/09/2009 | 99.726 | | 1,720,273.50 | | | | |
| 11/07 | 1,994 | | 23417 | APPLE INC | 100.800 | | 162,806.26 | | | | |
| 11/07 | 2,656 | | 23652 | ABBOTT LABORATORIES | 56.590 | | 150,409.04 | | | | |
| 11/07 | 1,826 | | 23882 | AMGEN INC | 62.020 | | 113,412.87 | | | | |
| 11/07 | 3,328 | | 24122 | BOEING CO | 25.660 | | 11,236.92 | | | | |
| 11/07 | 89,495 | | 24357 | BANK OF AMERICA | 25.320 | | 201,151.52 | | | | |
| 11/07 | 996 | | 24592 | BAXTER INTERNATIONAL INC | 61.740 | | 61,532.04 | | | | |
| 11/07 | 1,826 | | 24827 | BANK OF NEW YORK MELLON CORP | 34.210 | | 62,540.46 | | | | |
| 11/07 | 3,662 | | 25062 | BRISTOL MYERS SQUIBB COMPANY | 24.020 | | 65,991.40 | | | | |
| 11/07 | 11,162 | | 25297 | ANHEUSER BUSCH COS INC | 64.190 | | 741,631.78 | | | | |
| 11/07 | 8,964 | | 25532 | CITI GROUP INC | 14.410 | | 129,529.24 | | | | |
| | | | | CONTINUED ON PAGE | | | | | | | |

# BERNARD L. MADOFF
### INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel (20) 7493 6222

LERTAG ASSOCIATES
16858 RIVER BIRCH CIRCLE
DELRAY BEACH    FL    33445

**YOUR ACCOUNT NUMBER:** 1-CM214-3-0
**DATE:** 11/30/08
**ACCOUNT NUMBER:** ****9942
**PAGE:** 5

| DATE | BOUGHT | SOLD | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED | AMOUNT CREDITED |
|------|--------|------|-------------|-----------------|----------------|-----------------|
| 11/07 | 4,814 | | COMCAST CORP | 17.390 | | 83,907.46 |
| 11/07 | 25,90? | | CA INC | 23.6880 | | 137,238.10 |
| 11/07 | | 28,237 | CONOCOPHILLIPS | 17.580 | | 172,589.72 |
| 11/07 | 2,324 | | CISCO SYSTEMS INC | 31.720 | | 73,809.23 |
| 11/07 | | 26,472 | CVS CAREMARK CORP | 75.450 | | 263,157.10 |
| 11/07 | | 26,907 | CHEVRON CORP | | | |
| 11/07 | 5,554 | | EMC MASS | 19.210 | | |
| 11/07 | 179,430 | | WALT DISNEY CO | | | 345,985.30 |
| 11/07 | 332 | | GENERAL ELECTRIC CO | 349.160 | | 115,934.12 |
| 11/07 | 664 | | GOOGLE | 89.070 | | 59,168.48 |
| 11/07 | | 2,892 | GOLDMAN SACHS GROUP INC | | | |
| 11/07 | | 28,117 | HOME DEPOT INC | 92.430 | | |
| 11/07 | 2,324 | | HEWLETT PACKARD CO | | | 214,899.32 |
| 11/07 | | 28,352 | INTERNATIONAL BUSINESS MACHS | 149.147.80 | | 149,147.80 |
| 11/07 | 4,296 | | INTEL CORP | 15.820 | | |
| 11/07 | | 29,051 | JOHNSON & JOHNSON | 61.820 | | 258,627.68 |
| 11/07 | 67,508 | | J.P. MORGAN CHASE & CO | 29.710 | | 74,076.90 |
| 11/07 | 2,490 | | KRAFT FOOD INC | 46.580 | | 154,777.60 |
| 11/07 | | 29,527 | COCA-COLA CO | | | 105,086.24 |
| 11/07 | 1,628 | | MCDONALDS CORP | 43.140 | | 75,154.64 |
| 11/07 | 1,162 | | MEDTRONIC INC | 64.880 | | 75,436.56 |
| 11/07 | | 30,232 | 3M COMPANY | 19.370 | | 61,662.82 |
| 11/07 | | 30,467 | ALTRIA GROUP INC | | | |
| 11/07 | 5,852 | | MERCK & CO | 50.480 | | 181,458.96 |
| 11/07 | 13,280 | | MICROSOFT CORP | 22.940 | | 505,177.20 |
| 11/07 | 6,640 | | ORACLE CORPORATION | 18.470 | | 122,905.80 |

CONTINUED ON PAGE 6

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

# BERNARD L. MADOFF
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

LEMTAG ASSOCIATES
16858 RIVER BIRCH CIRCLE
DELRAY BEACH,    FL    33445

**Account No.:** 1-CM214-3-0    **Date:** 11/30/08    *****9942

(6)

| Date | Purchased / Received | Sold / Delivered | Description | TRN | Price | Amount Debited | Amount Credited |
|---|---|---|---|---|---|---|---|
| 11/07 | 1,328 | | OCCIDENTAL PETROLEUM CORP | 31877 | 54.380 | 72,269.64 | |
| 11/07 | 2,655 | | PEPSICO INC | 32112 | 58.630 | 155,821.23 | |
| 11/07 | | | PFIZER INC | 32517 | | 207,655.40 | |
| 11/07 | 3,740 | | PROCTER & GAMBLE CO | 32582 | 65.180 | 335,621.28 | |
| 11/07 | 3,466 | | PHILLIP MORRIS INTERNATIONAL | 32817 | 43.640 | 152,268.04 | |
| 11/07 | 1,972 | | QUALCOMM INC | 33050 | 31.690 | 106,473.18 | |
| 11/07 | 2,822 | | SCHLUMBERGER LTD | 33287 | | 205,204.38 | |
| 11/07 | 9,228 | | AT&T INC | 33522 | 28.960 | 249,730.48 | |
| 11/07 | 5,976 | | TIME WARNER INC | 33757 | 10.110 | 60,656.36 | |
| 11/07 | 1,660 | | UNITED PARCEL SVC INC CLASS B | 33992 | 53.680 | 89,174.80 | |
| 11/07 | 2,988 | | U S BANCORP | 34221 | 30.790 | 92,919.52 | |
| 11/07 | 1,660 | | UNITED TECHNOLOGIES CORP | 34462 | 56 | 93,026.00 | |
| 11/07 | 4,648 | | VERIZON COMMUNICATIONS | 34697 | 31.810 | 148,037.88 | |
| 11/07 | 2,564 | | WELLS FARGO & CO NEW | 35932 | | 392,224.54 | |
| 11/07 | 3,813 | | WAL MART STORES INC | 35167 | 58.730 | 226,744.14 | |
| 11/07 | 8,798 | | EXXON MOBIL CORP | 35402 | 75.280 | 662,664.44 | |
| | | | DIV 11/07/07 | | DIV | | |
| 11/07 | 26,915 | | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 10899 | 1 | | 26,915 |
| 11/07 | 24,125,900 | | FIDELITY SPARTAN U S TREASURY MONEY MARKET U S TREASURY BILL DUE 02/05/2009 | 11186 | 90,923 | | 2,123,53 |
| | | | 2/05/2009 | | | | |

CONTINUED ON PAGE    7

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

LEMTAG ASSOCIATES

16858 RIVER BIRCH CIRCLE
DELRAY BEACH          FL    33445

| DATE | BOUGHT Received | SOLD Delivered | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|------|-----------------|----------------|-----|-------------|-----------------|-------------------------------|--------------------------------|
| 11/07 | | 1,850,000 | 11394 | U S TREASURY BILL DUE 02/19/2009 | 99.887 | | 1,847.90 |
| 11/07 | | 1,850,000 | 11809 | U S TREASURY BILL DUE 02/26/2009 | 99.889 | | 1,847.94 |
| 11/07 | | 2,125,000 | 11825 | U S TREASURY BILL DUE 03/05/05 | 99.886 | | 2,122.79 |
| 11/07 | 225,000 | | 12152 | U S TREASURY BILL DUE 04/09/2009 | 99.720 | 224,370.00 | |
| 11/07 | 225,000 | | 12372 | U S TREASURY BILL DUE 04/16/2009 | 99.671 | 224,259.75 | |
| 11/07 | 409,962 | | 12594 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | 409,962.00 | |
| 11/10 | 1,836 | | 35973 | APPLE INC | 108.720 | 199,682.92 | |
| 11/10 | 5,264 | | 36182 | ABBOTT LABORATORIES | 25.330 | 133,620.24 | |
| 11/10 | 2,244 | | 36347 | AMGEN INC | 59.620 | 133,787.08 | |
| 11/10 | 1,632 | | 36582 | BOEING CO | 52.190 | 85,239.08 | |
| 11/10 | 10,608 | | 36877 | BANK OF AMERICA | 24.090 | 255,546.40 | |
| 11/10 | 11,628 | | 37025 | BAXTER INTERNATIONAL INC | 56.770 | 660,036.56 | |
| 11/10 | 24,460 | | 37287 | BANK OF NEW YORK MELLON CORP | 33.480 | 827,056.04 | |
| 11/10 | 4,284 | | 37522 | BRISTOL MYERS SQUIBB COMPANY | 21.310 | 91,463.04 | |
|  |  |  |  | CONTINUED ON PAGE 2 |  |  |  |

11/30/08          ✳✳✳✳✳✳9942          1-CM214-3-0          7

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

LEMTAG ASSOCIATES
16858 RIVER BIRCH CIRCLE
DELRAY BEACH    FL    33445

Account No: 1-CM214-3-0    Date: 11/30/08    *****9942    Page 8

| DATE | BOUGHT/RECEIVED | SOLD/DELIVERED | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED | AMOUNT CREDITED |
|---|---|---|---|---|---|---|---|
| 11/10 | 1,428 | | 37757 | ANHEUSER BUSCH COS INC | 64.090 | | 91,577.52 |
| 11/10 | 11,628 | | 37992 | CITI GROUP INC | 14.220 | | 166,395.56 |
| 11/10 | 6,120 | | 58227 | COMCAST CORP A | 17.140 | | 106,793.20 |
| 11/10 | 3,264 | | 38462 | CONOCOPHILLIPS | 54.130 | | 176,810.32 |
| 11/10 | 12,444 | | 38697 | CISCO SYSTEMS INC | 18.080 | | 225,443.52 |
| 11/10 | 3,060 | | 38992 | CVS CAREMARK CORP | 31.500 | | 95,900.00 |
| 11/10 | 4,488 | | 39167 | CHEVRON CORP | 76.490 | | 343,107.08 |
| 11/10 | 3,876 | | 39402 | THE WALT DISNEY CO | 25.660 | | 99,613.16 |
| 11/10 | 22,236 | | 39637 | GENERAL ELECTRIC CO | 20.530 | | 457,394.08 |
| 11/10 | 205 | | 39872 | GOOGLE | 363.580 | | 74,530.64 |
| 11/10 | 2,020 | | 40167 | GOLDMAN SACHS GROUP INC | 392.680 | | 794,315.60 |
| 11/10 | 3,672 | | 40342 | HOME DEPOT INC | 23.030 | | 84,712.16 |
| 11/10 | 5,304 | | 40577 | HEWLETT PACKARD CO | 37.290 | | 197,993.15 |
| 11/10 | 2,856 | | 40832 | INTERNATIONAL BUSINESS MACHS | 92.660 | | 264,750.96 |
| 11/10 | 12,038 | | 41047 | INTEL CORP | 15.880 | | 191,012.68 |
| 11/10 | 5,916 | | 41282 | JOHNSON & JOHNSON | 61.320 | | 363,005.12 |
| 11/10 | 7,752 | | 41517 | J.P. MORGAN CHASE & CO | 41.170 | | 323,900.96 |
| 11/10 | 7,260 | | 41752 | KRAFT FOODS INC | 28.950 | | 210,200.40 |
| 11/10 | 4,284 | | 41987 | COCA COLA CO | 45.580 | | 195,095.00 |
| 11/10 | 2,448 | | 42222 | MCDONALDS CORP | 57.230 | | 140,196.04 |
| 11/10 | 2,448 | | 42457 | MEDTRONIC INC | 40.300 | | 98,751.40 |
| 11/10 | 1,052 | | 42692 | 3M COMPANY | 64.690 | | 72,434.32 |
| 11/10 | 4,284 | | 42927 | ALTRIA GROUP INC | 18.890 | | 131,095.76 |
| 11/10 | 4,488 | | 43162 | MERCK & CO | 30.510 | | 137,107.88 |

CONTINUED ON PAGE    9

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

# BERNARD L. MADOFF
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

LEMTAG ASSOCIATES

16858 RIVER BIRCH CIRCLE
DELRAY BEACH          FL   33445

| 11/30/08 | ******9942 | 1-CM214-3-0 | 9 |

| DATE | BOUGHT OR RECEIVED | SOLD OR DELIVERED | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| 11/10 | 16,524 | | 43397 | MICROSOFT CORP | 23.200 | 384,016.80 | |
| 11/10 | 8,364 | | 43632 | ORACLE CORPORATION | 18.600 | 155,904.40 | |
| 11/10 | 1,836 | | 44357 | OCCIDENTAL PETROLEUM CORP | 56.010 | 102,997.36 | |
| 11/10 | 3,264 | | 44512 | PEPSICO INC | 57.550 | 187,973.20 | |
| 11/10 | 14,484 | | 44807 | PFIZER INC | 17.960 | 260,711.54 | |
| 11/10 | 6,324 | | 45042 | PROCTER & GAMBLE CO | 65.230 | 412,766.52 | |
| 11/10 | 4,284 | | 45277 | PHILLIP MORRIS INTERNATIONAL | 43.100 | 185,195.20 | |
| 11/10 | 3,788 | | 45512 | QUALCOMM INC | 37.510 | 1299,529.08 | |
| 11/10 | 2,652 | | 45747 | SCHLUMBERGER LTD | 50.500 | 134,032.00 | |
| 11/10 | 12,648 | | 45982 | AT&T INC | 28.580 | 361,984.84 | |
| 11/10 | 528 | | 46217 | TIME WARNER INC | 21.830 | 11,530.44 | |
| 11/10 | 2,040 | | 46452 | UNITED PARCEL SVC INC | 54.420 | 111,097.80 | |
| | | | | CLASS B | | | |
| 11/30 | 3,672 | | 46687 | U S BANCORP | 31.510 | 115,850.72 | |
| 11/10 | 2,040 | | 46922 | UNITED TECHNOLOGIES CORP | 55.430 | 113,201.20 | |
| 11/10 | 6,120 | | 47157 | VERIZON COMMUNICATIONS | 32.060 | 196,808.00 | |
| 11/10 | 6,936 | | 47392 | WELLS FARGO & CO NEW | 34.600 | 240,262.60 | |
| 11/10 | 4,692 | | 47627 | WAL-MART STORES INC | 55.710 | 261,578.32 | |
| 11/10 | 11,832 | | 47862 | EXXON MOBIL CORP | 70.608 | 835,455.85 | |
| 11/10 | | | | FIDELITY SPARTAN | DIV | | |
| | | | | U S TREASURY MONEY MARKET | | | |
| | | | | DIV 11/30/08 | | | |
| 11/10 | | 40,362 | 47829 | FIDELITY SPARTAN | | | 40,361 |
| | | | | U S TREASURY MONEY MARKET | | | |
| 11/10 | | 2,200,000 | 13059 | U S TREASURY BILL | 99.875 | | 2,197,428. |
| | | | | DUE 3/12/2009 | | | |
| | | | | DUE 3/12/2009 | | | |
| | | | | CONTINUED ON PAGE   10 | | | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel (020) 7493 6222

LEMTAG ASSOCIATES
16858 RIVER BIRCH CIRCLE
DELRAY BEACH    FL    33445

| 1-CM214-3-0 | 11/30/08 | *****9942 | 10 |
|---|---|---|---|

| BOUGHT/ RECEIVED | SOLD/ DELIVERED | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|
| | 1,950,000 | 13216 | U S TREASURY BILL DUE 03/19/2009   3/19/2009 | 99.867 | | 1,947.40 |
| | 1,725,000 | 13455 | U S TREASURY BILL DUE 03/26/2009   3/26/2009 | 99.834 | | 1,722.13 |
| 1,725,000 | | 13637 | U S TREASURY BILL DUE 4/02/2009   4/02/2009 | 99.740 | | 1,722.13 |
| 1,950,000 | | 13841 | U S TREASURY BILL DUE 4/09/2009   4/09/2009 | 99.742 | | 1,944.79 |
| 225,000 | | 14072 | U S TREASURY BILL DUE 4/16/2009   4/16/2009 | 99.686 | | 224,529.50 |
| 250,000 | | 14294 | U S TREASURY BILL DUE 4/16/2009   4/16/2009 | 99.886 | | 24,921.50 |
| 15,005 | | 14521 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | 13,405.00 | |
| 275,000 | 4,270 | 49264 | ANHEUSER BUSCH COS INC | 70 | 298,90... | |
| | 275,000 | 49501 | U S TREASURY BILL DUE 4/16/2009   4/16/2009 | 99.830 | 274,532.50 | |
| 24,367 | | 49737 | FIDELITY SPARTAN U.S. TREASURY MONEY MARKET | 1 | 24,367.00 | |
| | | | CONTINUED ON PAGE | | | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

LEMTAG ASSOCIATES
16858 RIVER BIRCH CIRCLE
DELRAY BEACH    FL  33445

| YOUR ACCOUNT NUMBER | DATE | TAX ID NUMBER | PAGE |
|---|---|---|---|
| 1-CM214-3-0 | 11/30/08 | *****9942 | 11 |

| DATE | BOUGHT (Received) | SOLD (Delivered) | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|
| 11/19 | | | FIDELITY SPARTAN | DIV | | 2,000.00 |
| 11/19 | | | U S TREASURY MONEY MARKET DIV 11/07/08 | | | 39.77 |
| 11/19 | | 39,772 | CHECK WIRE | 50311 | | |
| 11/19 | | | FIDELITY SPARTAN | CA | | |
| 11/19 | 25,725,000 | | U S TREASURY BILL DUE 03/26/2009 | 1 99-956 54,950 | | 53,925,985.50 |
| 11/19 | 21,692 | | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 99-928 59,952 | 21,692.00 | |
| 11/19 | 2,000,000 | | U S TREASURY BILL DUE 03/26/2009 | 95,928 63,658 | | 1,498,520.00 |
| 11/19 | 1,480 | | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 99-962 63,659 | | 1,480.00 |
| 11/20 | 4,725,000 | | U S TREASURY BILL DUE 03/26/2009 | 99-962 63713 | | 4,723,720 |
| 11/20 | 4,725,000 | | U S TREASURY BILL DUE 4/16/2009 | 95,947 63951 | | 4,722,495.75 |
| 11/20 | 708 | | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 64390 | | 108.00 |
| 11/25 | 1,197 | | APPLE INC | 85-070 64431 | | 101,875.79 |
| | | | CONTINUED ON PAGE 12 | | | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel (020) 7493 6222

LEMJAG ASSOCIATES
16858 RIVER BIRCH CIRCLE
DELRAY BEACH          FL    33445

| Date | Account Number | | Page |
|---|---|---|---|
| 11/30/08 | ******9942 | 1-CM214-3-0 | 13 |

| DATE | BOUGHT/RECEIVED | SOLD/DELIVERED | TRAN | DESCRIPTION | PRICE | AMOUNT DEBITED | AMOUNT CREDITED |
|---|---|---|---|---|---|---|---|
| 11/25 | 2,660 | | 70381 | COCA COLA CO | 42.040 | 111,932.40 | |
| 11/25 | 1,463 | | 70619 | MCDONALDS CORP | 55. | 80,753.00 | |
| 11/25 | 1,596 | | 70857 | MEDTRONIC INC | 30.390 | 49,219.10 | |
| 11/25 | 731 | | 71095 | 3M COMPANY | 58.280 | 74,295.68 | |
| 11/25 | 2,793 | | 71333 | ALTRIA GROUP INC | 16.250 | 45,497.25 | |
| 11/25 | 2,926 | | 71571 | MERCK & CO | 25. | 73,367.00 | |
| 11/25 | 10,470 | | 71809 | MICROSOFT CORP | 24.100 | 153,069.00 | |
| 11/25 | 5,520 | | 72523 | ORACLE CORPORATION | 16.050 | 857,558.00 | |
| 11/25 | 1,197 | | 72761 | OCCIDENTAL PETROLEUM CORP | 44.570 | 53,397.29 | |
| 11/25 | 20,128 | | 72999 | PEPSICO INC | 51.800 | 110,315.40 | |
| 11/25 | | | 73237 | PFIZER INC | 15.520 | 149,925.64 | |
| 11/25 | 33,990 | | 73415 | PROCTER & GAMBLE CO | 61.740 | 2,471,299.60 | |
| 11/25 | 2,793 | | 73713 | PHILLIP MORRIS INTERNATIONAL | 36.380 | 101,720.34 | |
| 11/25 | 2,251 | | 73951 | QUALCOMM INC | 39.180 | 87,580.85 | |
| 11/25 | 1,595 | | 74189 | SCHLUMBERGER LTD | 46.270 | 73,900.52 | |
| 11/25 | 7,980 | | 74427 | AT&T INC | 25. | 199,819.80 | |
| 11/25 | 4,921 | | 74665 | TIME WARNER INC | 8.010 | 39,613.21 | |
| 11/25 | 1,330 | | 74903 | UNITED PARCEL SVC INC CLASS B | 50.760 | 67,563.80 | |
| 11/25 | | | 75141 | U S BANCORP | 23.490 | 56,11.66 | |
| 11/25 | 2,394 | | 75379 | UNITED TECHNOLOGIES CORP | 44.890 | 59,756.70 | |
| 11/25 | 1,330 | | 75617 | VERIZON COMMUNICATIONS | 25.570 | 102,634.45 | |
| 11/25 | 3,857 | | 75855 | WELLS FARGO & CO NEW | 25.820 | 125,761.34 | |
| 11/25 | 5,181 | | 76093 | WAL-MART STORES INC | 53.450 | 157,507.55 | |
| 11/25 | 1,862 | | 76331 | WYETH | 33 | 61,520.00 | |
| | | | | CONTINUED ON PAGE 14 | | | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York ☐ London

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

385 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

LEMTAG ASSOCIATES

16858 RIVER BIRCH CIRCLE
DELRAY BEACH        FL   33445

| | 11/30/08 | ******9942 | 14 |
|---|---|---|---|

| 1-CM214-3-0 | | | |
|---|---|---|---|

| DATE | BOUGHT | SOLD | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED | AMOUNT CREDITED |
|---|---|---|---|---|---|---|---|
| 12/25 | 7,182 | | 76569 | EXXON MOBIL CORP | 72 DIV | | 517,392.00 |
| 12/25 | | | | FIDELITY SPARTAN | | | |
| | | | | U S TREASURY MONEY MARKET | | | |
| | | | | DIV 11/25/08 | | | 23.88 |
| 11/25 | 23,880 | | 77140 | FIDELITY SPARTAN | 1 | | |
| | | | | U S TREASURY MONEY MARKET | | | |
| 11/25 | 3,625,000 | | 77500 | U.S. TREASURY BILL | 99.879 | | 5,039... |
| | | | | DUE 4/16/2009 | | | |
| 11/25 | 39,250 | | 77698 | FIDELITY SPARTAN | 1 | | 39,250.00 |
| | | | | U S TREASURY MONEY MARKET | | | |
| | | | | NEW BALANCE | | | 3,973,431.22 |
| | | | | SECURITY POSITIONS | MKT PRICE | | |
| | 44,556 | | | AT&T INC | 28.500 | | |
| | 11,888 | | | ABBOTT LABORATORIES | 52.390 | | |
| | 15,603 | | | ALTRIA GROUP INC | 16.030 | | |
| | 13,713 | | | AMGEN INC | 55.540 | | |
| | 09,667 | | | APPLE INC | 92.070 | | |
| | 38,337 | | | BANK OF AMERICA | 16.250 | | |
| | 8,750 | | | BANK OF NEW YORK MELLON CORP | 30.210 | | |
| | 4,602 | | | BAXTER INTERNATIONAL INC | 22.900 | | |
| | 44,380 | | | BOEING CO | 42.650 | | |
| | 15,064 | | | BRISTOL MYERS SQUIBB COMPANY | 20.700 | | |
| | | | | CONTINUED ON PAGE 15 | | | |

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York ☐ London

385 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

LEMTAG ASSOCIATES

16858 RIVER BIRCH CIRCLE
DELRAY BEACH      FL    33445

| 1-CM214-3-0 | 11/30/08 | *******9942 | 15 |
| --- | --- | --- | --- |

| DATE | BOUGHT OR RECEIVED | SOLD OR DELIVERED | PRICE | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | 10,979 | | | CVS CAREMARK CORP | 28-930 | | |
| | 15,887 | | | CHEVRON CORP | 79-010 | | |
| | 49,550 | | | CISCO SYSTEMS INC | 16-540 | | |
| | 417,745 | | | CITIGROUP INC | 8-290 | | |
| | 15,064 | | | COCA COLA CO | 46-870 | | |
| | 665 | | | COLGATE-PALMOLIVE CO | 65-070 | | |
| | 21,593 | | | COMCAST CORP | 15-340 | | |
| | | | | CL A | | | |
| | 14,722 | | | CONOCOPHILLIPS | 52-520 | | |
| | 14,357 | | | THE WALT DISNEY CO | 22-520 | | |
| | 931 | | | EXXON CORP | 50-180 | | |
| | 399,958 | | | EXXON MOBILE CORP | 80-150 | | |
| | 79,976 | | | GENERAL ELECTRIC CO | 17-170 | | |
| | 2,644 | | | GOLDMAN SACHS GROUP INC | 78-990 | | |
| | 12,262 | | | GOOGLE | 292-960 | | |
| | 169,779 | | | HEWLETT PACKARD CO | 35-280 | | |
| | 13,075 | | | HOME DEPOT INC | 23-110 | | |
| | 42,726 | | | INTEL CORP | 13-800 | | |
| | 107,402 | | | INTERNATIONAL BUSINESS MACHS | 80-860 | | |
| | 289,234 | | | J.P. MORGAN CHASE & CO | 31-560 | | |
| | 21,981 | | | JOHNSON & JOHNSON | 58-580 | | |
| | 11,589 | | | KRAFT FOOD INC | 27-210 | | |
| | 89,217 | | | MCDONALDS CORP | 58-720 | | |
| | 86,750 | | | MEDTRONIC INC | 30-520 | | |
| | 163,346 | | | MERCK & CO | 26-720 | | |

CONTINUED ON PAGE 16

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

| | 16 | 11/30/08 | *******9942 |

LENTAG ASSOCIATES
16858 RIVER BIRCH CIRCLE
DELRAY BEACH    FL    33445

Account No. 1-CM214-3-0

| Date | Bought/Received | Sold/Delivered | Description | Price | Amount Debited | Amount Credited |
|---|---|---|---|---|---|---|
| | 59,884 | | MICROSOFT CORP | 20.220 | | |
| | 6,521 | | OCCIDENTAL PETROLEUM CORP | 54.140 | | |
| | 90,164 | | ORACLE CORPORATION | 16.070 | | |
| | 11,988 | | PEPSICO INC | 56.700 | | |
| | 51,509 | | PFIZER INC | 16.430 | | |
| | 35,843 | | PHILIP MORRIS INTERNATIONAL | 42.160 | | |
| | 22,900 | | PROCTER & GAMBLE CO | 56.250 | | |
| | 12,657 | | QUALCOMM INC | 33.250 | | |
| | 9,120 | | SCHLUMBERGER LTD | 50.570 | | |
| | 39,250 | | FIDELITY SPARTAN | 50.740 | | |
| | | | U.S. TREASURY MONEY MARKET | 1 | | |
| | 5,701 | | 3M COMPANY | 66.930 | | |
| | 27,121 | | TIME WARNER INC | 9.050 | | |
| | 13,334 | | U.S. BANCORP | 25.980 | | |
| | 7,230 | | UNITED PARCEL SVC INC | 27.600 | | |
| | | | CLASS B | | | |
| | 7,430 | | UNITED TECHNOLOGIES CORP | 48.530 | | |
| | 21,585 | | VERIZON COMMUNICATIONS | 32.650 | | |
| | 20,699 | | WAL-MART STORES INC | 55.860 | | |
| | | | WELLS FARGO & CO NEW | 28.850 | | |
| | 1,862 | | WYETH | 36.010 | | |
| | | | MARKET VALUE OF SECURITIES | | | |
| | | | LONG | | | |
| | | | SHORT | | | |
| | | | 31,803,579.75 | | | |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

LEMTAG ASSOCIATES

16858 RIVER BIRCH CIRCLE
DELRAY BEACH    FL    33445

| | 1-CM214-3-0 | | ******9942 | | 11/30/08 | | 17 |
|---|---|---|---|---|---|---|---|

YEAR-TO-DATE SUMMARY

DIVIDENDS
GROSS PROCEEDS FROM SALES

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel (020) 7493 6222

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

LEMTAG ASSOCIATES

16858 RIVER BIRCH CIRCLE
DELRAY BEACH        FL   33445

| | 1-CM214-4-0 | 11/30/08 | ******9942 | 1 |

| Date | Bought/Received | Sold/Delivered | Description | Price | Amount Debited | Amount Credited |
|---|---|---|---|---|---|---|
| | | | BALANCE FORWARD | | | 1,055,5 |
| 11/06 | | 240 | S & P 100 INDEX | 20.300 | | 488.9 |
| 11/06 | 240 | | NOVEMBER 470 CALL | 20.500 | 492,240.00 | |
| | | | S & P 100 INDEX | | | |
| 11/07 | | | NOVEMBER 450 PUT | | | |
| 11/07 | 156 | | S & P 100 INDEX | 13.800 | 229,246.00 | |
| | | | NOVEMBER 450 PUT | | | 252.5 |
| | | | S & P 100 INDEX | | | |
| | | | NOVEMBER 485 CALL | | | |
| 11/10 | 204 | | S & P 100 INDEX | 16.800 | 342,924.00 | 1,585 |
| | | | NOVEMBER 475 PUT | | | |
| | | | S & P 100 INDEX | | | |
| | | | DECEMBER 450 CALL | | | |
| 11/19 | 610 | | S & P 100 INDEX | 30 | 1,830,610.00 | |
| | | | DECEMBER 420 PUT | | | |
| | | | S & P 100 INDEX | | | |
| | | | NOVEMBER 475 CALL | | 61,206.00 | |
| 11/19 | 204 | | S & P 100 INDEX | .900 | 18,564.00 | |
| | | | NOVEMBER 485 CALL | | | |
| | | | S & P 100 INDEX | | | 1,82 |
| | | | NOVEMBER 480 PUT | | | |
| 11/19 | 204 | | S & P 100 INDEX | 59 | | 1,203,9 |
| | | | NOVEMBER 475 PUT | | | |
| | | | CONTINUED ON PAGE 2 | | | |

CONTINUED ON PAGE 2

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES

# BERNARD L. MADOFF
### INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Affiliated with
Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

LEMTAG ASSOCIATES

16858 RIVER BIRCH CIRCLE
DELRAY BEACH      FL    33445

| | | | 11/30/08 | 1-CM214-4-0 | ********9942 | 2 |
|---|---|---|---|---|---|---|

| DATE | BOUGHT - RECEIVED | SOLD - DELIVERED | TRN | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| 11/25 | | 133 | 72047 | S & P 100 INDEX | 34 | | 452,06 |
| 11/25 | 133 | | | DECEMBER 380 CALL | | | |
| | | 610 | | S & P 100 INDEX | 21 | 259,433.00 | 3,973 |
| | 610 | | | DECEMBER 370 PUT | | | |
| | | | | NEW BALANCE | | | |
| | | | | SECURITY POSITIONS | | | |
| | | 610 | | S & P 100 INDEX | MKT PRICE 23.300 | | |
| | | 153 | | DECEMBER 430 CALL | 51 | | |
| | 153 | | | S & P 100 INDEX | 16.500 | | |
| | | | | DECEMBER 380 CALL | | | |
| | | 153 | | S & P 100 INDEX | 5.100 | | |
| | 153 | | | DECEMBER 420 PUT | | | |
| | | 610 | | S & P 100 INDEX | | | |
| | | | | DECEMBER 370 PUT | | | |
| | | | | MARKET VALUE OF SECURITIES | | | |
| | | | | LONG | | 1,674,336.00 | |
| | | | | SHORT | | | 272,936.00 |

PLEASE RETAIN THIS STATEMENT FOR INCOME TAX PURPOSES