Allan R. Hurwitz
10609 Alloway Drive
Potomac, MD 20854-1664
Telephone: (301) 983-8933
Facsimile: (240) 465-0548
Email: allan@erols.com

*Allan R. Hurwitz*



**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br>                   Plaintiff,<br><br>V.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>                   Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation |

## OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM

Allan R. Hurwitz ("ARH") hereby objects to the Notice of Trustee's Determination of Claim dated June 23, 2010 ("Determination Letter"), attached hereto as Exhibit A, as described herein.

### BACKGROUND

1. ARH is a "Customer," as defined by the Securities Investor Protection Act of 1970 (SIPA), of Bernard L. Madoff Investment Securities, LLC ("BLMIS").

2. The final BLMIS statement ARH received for Account Number 1-H0093, dated November 30, 2008, attached as Exhibit B herein, shows that ARH owns securities valued at

$955,417.05 ("Final BLMIS Statement).

3. The above captioned liquidation proceeding was commenced against BLMIS on December 11, 2008. Irving Picard was appointed Trustee ("BLMIS Trustee"). He was charged with overseeing the liquidation of BLMIS and processing customer claims pursuant to SIPA. Thereafter, on December 23, 2008, an Order was issued by the Court directing the BLMIS Trustee to distribute notice and claim forms to customers of BLMIS and also to set claim filing deadlines. The BLMIS Trustee, pursuant to the Court Order, so distributed such notice and forms to BLMIS's customers.

4. The order of December 23, 2008 also provided that to the extent that the BLMIS Trustee disagrees with the amount stated on the claim form, the BLMIS Trustee "shall notify such claimant by mail of his determination the claim is disallowed, in whole or in part, and the reason therefor . . .".

5. ARH submitted his claim form for Account Number 1-H0093 to SIPC on or about January 21, 2009, attached hereto as Exhibit C ("ARH Customer Claim"). Exhibit B was attached to the submission of the ARH Customer Claim.

6. The BLMIS Trustee informed ARH by the Determination Letter dated June 23, 2010 (Exhibit A) that he "DENIED" the claim for $955,417.05 made in the ARH Customer Claim (Exhibit C) in its entirety.

7. ARH hereby objects to the Determination Letter for the reasons below stated.

**GROUNDS FOR OBJECTION**

8. <u>First Objection</u> through <u>Sixth Objection</u>. ARH hereby makes the same objections made in the "Objection to Trustee's Determination of Claim" filed by Michael Silverstein and

-2-

Sandra Silverstein J/T WROS through their attorneys dated October 28, 2009, signed by Jonathan M. Landers and attached hereto as Exhibit D.

9. <u>Seventh Objection</u> through <u>Ninth Objection</u>. ARH hereby makes the same objections made in Sixth, Seventh and Eighth Objections (paragraphs 15, 16 & 17) of the "Objection to Trustee's Determination of Claim" filed by Onesco International Ltd. through their attorneys dated November 10, 2009, signed by Jonathan M. Landers and attached hereto as Exhibit E.

10. <u>Tenth Objection</u> and <u>Eleventh Objection</u>. ARH hereby makes the same objections made in Objections "E" and "G" (paragraphs 26 through 30) of the "Objection to Trustee's Determination of Claim" filed by Donald A. Benjamin through his attorneys dated September 1, 2009, signed by Helen Davis Chaitman and attached hereto as Exhibit F.

### Relief Requested

11. For the reasons stated herein, the ARH Customer Claim should be allowed in its entirety.

12. For the reasons stated herein, the Court should direct SIPC to immediately issue payment of $500,000.00 plus interest from the date of the Determination Letter to ARH without imposing any conditions to payment that are not authorized or warranted.

13. The BLMIS Trustee's determination amounts to improper disallowance of a claim that has prima facie validity. *See* Bankruptcy Code § 502(a). The BLMIS Trustee has offered no factual or legal basis for his determination. The BLMIS Trustee's Determination Letter, and the objections contained therein, should be stricken or, alternatively, the BLMIS Trustee should describe his position in detail including all relevant facts, legal theories, and authorities. Upon

the filing of such a statement, this matter will be a contested proceeding under Rule 9014, and ARH will file a further response.

14. Any hearing and ruling on the ARH Customer Claim, the Determination Letter and this Objection should be postponed until after all appeals of the "Net Equity" issue have been made and ruled upon.

15. ARH requests such other relief as may be just and equitable.

## RESERVATION OF RIGHTS

16. ARH reserves the right to revise, supplement or amend this Objection, and any failure to object on a particular ground or grounds shall not be construed as a waiver of ARH's right to object on any additional grounds.

17. ARH reserves all rights set forth in Rule 9014, including, without limitation, rights of discovery. See Fed. R. Bankr. P. 9014.

18. ARH reserves all objections as to the competence, relevance, materiality, privilege or admissibility of evidence in any subsequent proceeding or trial of this or any other action for any purpose whatsoever.

Dated: July 21, 2010

<u>S/ Allan R. Hurwitz</u>
Allan R. Hurwitz