BAKER & HOSTETLER LLP  
45 Rockefeller Plaza  
New York, New York 10111  
Telephone: (212) 589-4200  
Facsimile: (212) 589-4201  
David J. Sheehan  
Email: dsheehan@bakerlaw.com  
Marc E. Hirschfield  
Email: mhirschfield@bakerlaw.com  
Marc D. Powers  
Email: mpowers@bakerlaw.com  
Gonzalo S. Zeballos  
Email: gzeballos@bakerlaw.com  

Presentment Date: August 4, 2010  
Time: 12:00 p.m.  

Objections Due: August 4, 2010  
Time: 11:00 a.m.  

*Attorneys for Irving H. Picard, Esq., Trustee*  
*for the Substantively Consolidated SIPA Liquidation*  
*of Bernard L. Madoff Investment Securities LLC*  
*and Bernard L. Madoff*  

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |

**TRUSTEE'S MOTION PURSUANT TO 28 U.S.C. § 1781(b)(2) AND RULE 2004
OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR
AN ORDER ISSUING A REQUEST FOR JUDICIAL ASSISTANCE
(LETTER OF REQUEST) TO ORDER DISCLOSURE BY
<u>DEUTSCHE BANK AG LONDON</u>**

Pursuant to 28 U.S.C. § 1781(b)(2) and Rule 2004 of the Federal Rules of Bankruptcy Procedure, Irving H. Picard, Esq., as trustee ("Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") and Bernard L. Madoff, individually, hereby moves this Court (the "Motion") for the entry of an Order issuing a request for judicial assistance ("Letter of Request") from the Queen's Bench Division of the High Court for the delivery of specific documents by Deutsche Bank AG London ("Deutsche Bank"); and, in support thereof, respectfully requests as follows:

**JURISDICTION AND VENUE**

1.  The Trustee asserts that this Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and sections 78eee(b)(2)(A) and (b)(4) of SIPA. The Trustee also asserts that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O), and that venue is proper in this district pursuant to 28 U.S.C. § 1409.

2.  The statutory predicates for the relief requested are Rule 2004 of the Federal Rules of Bankruptcy Procedure, 28 U.S.C. § 1781(b)(2), and the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, concluded March 18, 1970.

**BACKGROUND**

3.  BLMIS is a New York limited liability company that is wholly owned by Mr. Madoff, who was also its founder, chairman and chief executive officer. BLMIS' predecessor was first registered as a securities broker-dealer under the U.S. Securities Exchange Act of 1934 since 1960 and was also a member of the Securities Investor Protection Corporation ("SIPC"). In 2006, BLMIS registered its investment advisory business under the U.S. Investment Advisers Act of 1940.

2

4. As is now well-known, BLMIS' investment advisory business purportedly generated consistent annual returns regardless of the underlying performance of the stock market. Mr. Madoff and BLMIS represented that this was attributable to a trading strategy which involved investing in equity securities while at the same time selling call options and purchasing put options on those equities, a so-called "split-strike conversion strategy."

5. Customers of the investment advisory business received monthly or quarterly statements purportedly showing the securities held, or traded through, their accounts. The reported trades, however, were a complete fabrication. In pleading guilty to the crimes he committed, Madoff admitted that, since at least the early 1990s, the investment advisory business of BLMIS was used to operate a Ponzi scheme.[1]

6. At all relevant times, the investment advisory business was operated as a Ponzi scheme. New investments received from investors were primarily used to fund distributions to, or payments on behalf of, other investors. Money invested through BLMIS was simply used to sustain the Ponzi scheme and to enrich Mr. Madoff and others who received the benefit of payments out of BLMIS. In an attempt to conceal the fraud, and thereby hinder, delay and defraud other current and prospective investors, BLMIS routinely paid redeeming investors the artificial amounts shown in their customer statements, including both non-existent capital and fictitious profits. The Ponzi scheme collapsed in December 2008.

7. The investment advisory business had approximately 8,000 customers. Many of these customers were so-called "feeder funds" or other intermediaries investing money on behalf of their own clients. This Motion concerns the request for documents from a bank that received

---

[1] The Trustee is investigating whether the fraud at BLMIS extends back further than the early 1990s.

funds from at least two accounts that were invested in the Maxam Absolute Return Fund Limited ("Maxam Limited"), the off-shore arm of the Maxam Absolute Return Fund, L.P. ("Maxam Fund"), a domestic Madoff feeder fund.

**RELIEF REQUESTED AND SUMMARY OF REASONS THEREFOR**

8. By this Motion, the Trustee seeks the entry of an Order, pursuant to 28 U.S.C. § 1781(b)(2) and Fed. R. Bankr. P. 2004, directing that a Letter of Request be issued in this proceeding to seek the production of documents therein requested from Deutsche Bank AG London, located in the United Kingdom at Winchester House, 1 Great Winchester Street, London EC2N 2DB.

9. Based on information provided to the Trustee by the Maxam Fund, a U.S. fund directly invested through BLMIS, at least US$16 million that was initially transferred out of the BLMIS bank account ultimately was transferred to Deutsche Bank within 90 days of the Filing Date,[2] first through the Maxam Fund and then through Maxam Limited. From Maxam Limited, the funds were transferred into two Citco Global Custody accounts -- US$10 million went into account REF190184 Dublin (Class B) and US$6 million went into account MO1 0032074529. Upon information and belief, these were each custodian accounts for Deutsche Bank products.

10. Maxam Limited is a fund registered in the Cayman Islands. Upon information and belief, Deutsche Bank received these funds on behalf of itself or Deutsche Bank clients that were invested in Maxam Limited. Deutsche Bank possesses documents relating to, *inter alia*,

---

[2] Section 78*lll*(7)(B) of the Securities Investor Protection Act ("SIPA"), states that the filing date is "the date on which an application for a protective decree is filed under section 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78*lll*(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008 (the "**Filing Date**").

4

the transfer of funds to the investors in Maxam Limited as well as information regarding the ultimate investors.

11. A proposed Letter of Request provides that this Court respectfully request that the Queen's Bench Division of the High Court, in furtherance of justice by the proper and usual process, cause Deutsche Bank to produce such documentary evidence in its possession as shall fulfill the request made by such order of this Court. Such a request for international cooperation is provided for in Article 3 of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, concluded March 18, 1970.

12. Should the Court so order the proposed Letter of Request, the Trustee intends to forward the so ordered Letter of Request to counsel assisting the Trustee in the United Kingdom, Mishcon de Reya, who will in turn make an application to the Queen's Bench Division of the High Court and present the same.

13. All of the documents referenced herein are relevant and necessary in order to allow the Trustee to carry out his duties of marshaling the assets and properly administering the BLMIS estate. No previous application for the relief sought herein has been made.

## WAIVER OF MEMORANDUM OF LAW

14. Because this Motion presents no novel issues of law and the authorities relied upon are cited herein, the Trustee requests that the Court dispense with the requirement of Local Bankruptcy Rule 9013-1(b) that a memorandum of law be submitted herewith.

**WHEREFORE**, the Trustee respectfully requests that this Court enter an order, substantially in the form of the proposed order attached hereto, issuing a Letter of Request

5

seeking the production of documents from Deutsche Bank. The proposed Letter of Request is attached to the proposed order attached hereto.

Dated: New York, New York
July 26, 2010

Respectfully submitted,

*s/Marc D. Powers*
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com
Marc D. Powers
Email: mpowers@bakerlaw.com
Gonzalo S. Zeballos
Email: gzeballos@bakerlaw.com

*Attorneys for Irving H. Picard, Esq. Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*