Jaspan Schlesinger LLP
300 Garden City Plaza
Garden City, New York 11530
(516) 746-8000
Steven R. Schlesinger, Esq.

*Attorneys for Janet Jaffin Revocable Trust*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SECURITIES INVESTOR PROTECTION
CORPORATION,

        Plaintiff-Applicant,        Adv. Pro. No. 08-01789 (BRL)

   v.        SIPA Liquidation

BERNARD L. MADOFF INVESTMENT        (Substantively Consolidated)
SECURITIES LLC,

        Defendant.
------------------------------------------------------------X

IN RE:

BERNARD L. MADOFF,

        Debtor.
------------------------------------------------------------X

### JANET JAFFIN REVOCABLE TRUST'S OBJECTION TO
### NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

      Janet Jaffin Revocable Trust (the "Trust"), by and through its counsel, Jaspan Schlesinger LLP, hereby raises and files this Objection to the Notice of Trustee's Determination of Claim, dated June 28, 2010, and respectfully shows and alleges as follows:

      1.    Prior to the bar date, the Trust mailed certified mail – return receipt a Custom Claim form (the "Customer Claim Form") with respect to Account Number 1CM093 of Bernard L. Madoff Investment Securities LLC ("BLMIS"). A copy of the Customer Claim

Form is annexed hereto as Exhibit "A".  The Customer Claim Form reflected a December 11, 2008 balance of $6,078,079.27 with respect to Account Number 1CM093.

2.  On or about June 28, 2010, the Trustee issued the Notice of Trustee's Determination of Claim, dated June 28, 2010 (the "Determination of Claim").  A copy of the Determination of Claim is annexed hereto as Exhibit "B".  As reflected in the Determination of Claim, the Trustee denied the Trust's claim under Account Number 1CM093 in its entirety.  Specifically, the Trustee denied the Trust's claim for a credit balance of $6,078,079.27 on the ground that "[n]o securities were ever purchased for [its] account."  See Exhibit B.  The Trustee also stated that based upon his analysis, the amount of money withdrawn from the account was greater than the amount deposited with BLMIS.  See Exhibit B.

3.  The Determination of Claim Trustee's determination should be overturned and the Trust should be allowed a claim for the maximum amount under SIPC ($500,000.00) with the balance as a claim against the estate and any remaining proceeds, totaling $6,078,079.27 as reflected on its last statement from BLMIS, dated November 30, 2008.

### THE DETERMINATION OF CLAIM SHOULD BE OVERTURNED AS THE TRUST IS ENTITLED TO A CLAIM FOR THE FULL AMOUNT ON ITS NOVEMBER 30, 2008 ACCOUNT STATEMENT

4.  The Determination of Claim should be overturned as the Trust is entitled to receive the full amount of its claim from SIPC for Account Number 1CM093 in the amount of $6,078,079.27, as reflected on its Customer Claim Form.

5.  The Trustee has failed to render a determination and to satisfy the Trust's Customer Claim for Account Number 1CM093 in accordance with the books and records of BLMIS.  The Trustee has failed to give any weight to the documents in his possession regarding this account.  A proof of claim filed by a creditor is *prima facie* evidence of the amount and

HY/D715715v1/M055246/C0148600                                     2

validity of the claim. See Fed. R. Bankr. P. 3001. The Trustee bears the burden of proof in challenging the amount and validity of the Trust's Customer Claim. See In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); In re 37-02 Plaza LLC, 387 B.R. 413, 417 (Bankr. E.D.N.Y. 2008) ("The party objecting to a properly filed claim has the burden of introducing sufficient evidence to overcome that claim's prima facie validity."). The Trustee has failed to meet this burden.

6. The Trustee, in his Determination of Claim, stated that the amount withdrawn from the Trust's account was $ 18,529,184.98, whereas only $6,025,000.00 was deposited. These figures were provided without any support aside from a table that does not explain how or why any of the listed totals were reached. See Exhibit B. Furthermore, the accounting list provides for "amounts" and "adjusted amounts" of each deposit or withdrawal from the years 1993-2003. Nowhere does it say how the trustee reached these "adjusted amounts," and thus, we cannot ascertain how these totals were formed. The records of the Trust conflict with the records of the Trustee and therefore, the failure of the Trustee to substantiate his "adjustments" falls short of meeting the burden of proof with respect to the Customer Claim.

7. Based upon the foregoing, the denial of the Trust's Customer Claim on the grounds that it has "withdrawn more than was deposited into [its] account, [and it does] not have a positive 'net equity' in [its] account and [it is] not entitled to an allowed claim in the BLMIS liquidated proceeding," see Exhibit B, should be reversed.

8. SIPA provides that a customer's claim shall be allowed in the amount of the customer's "net equity." See 15 U.S.C. § 78*fff*-2(b). The term "net equity" is defined in SIPA as,

> [T]he dollar amount of the account or accounts of a customer, to be determined by –

> (A) calculating the sum which would have been owed by the debtor to such customer if the debtor had liquidated, by sale or purchase on the filing date, all securities positions of such customer (other than customer name securities reclaimed by such customer); minus
>
> (B) any indebtedness of such customer to the debtor on the filing date; . . . .

15 U.S.C. § 78*lll*(11). The Trustee's money in/money out analysis with respect to the Trust's BLMIS Account is erroneous and should be overturned in light of the payment of estate taxes by Madoff.

9.    The Trust maintains that the Trustee's overall money in/money out analysis should be overturned as it is inconsistent with the case law. See e.g., Visconsi v. Lehman Brothers, Inc., 244 Fed. App'x 708 (6th Cir. 2007); Stafford v. Giddens (In re New Times Securities Services, Inc.), 463 F.3d 125 (2d Cir. 2006); In re New Times Securities Services, Inc., 371 F.3d 68 (2d Cir. 2004).

10.   The Trustee's definition of "net equity" only serves to punish victims of Madoff and BLMIS and does not protect them or their reasonable expectations. The legislative intent behind enacting SIPA was to "restore investor confidence in the capital markets, and upgrade the financial responsibility requirements for registered brokers and dealers." Sec. Investor Prot. Corp. v. Barbour, 421 U.S. 412, 415 (1975). "Congress' primary purpose in enacting the SIPA and creating the SIPC was . . . the protection of investors." Id. at 421; see In re First State Sec. Corp., 34 B.R. 492, 496 (Bankr. S.D. Fla. 1983) ("SIPA is remedial legislation. As such it should be construed liberally to effect its purpose. The purpose is the protection of the insolvent brokers' customers."); see also Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC, 401 B.R. 629, 633-34 (Bankr. S.D.N.Y. 2009) (noting that Congress' primary purpose behind

enacting SIPA was to protect investors from financial losses arising from insolvency of brokers and to reestablish investor confidence).  The Trustee's interpretation of "net equity" and its application to the Customer Claim of the Trust should be overturned.

## CONCLUSION

11. For the foregoing reasons, the Trust requests that its Customer Claim be allowed in its entirety in the amount of $6,078,079.27, together with such other and further relief as this Court deems just and proper.

12. The Trust is also a defendant in the adversary proceeding captioned, *Picard v. Cohmad Securities Corporation, et al.*, Adv. Pro. No. 09-1305.  Nothing contained herein shall be construed as waiver of rights or defenses the Trust has or may have in that adversary proceeding against the Trustee or any other third party.

13. The Trust reserves the right to revise, supplement, or amend this Objection, and any failure to object on a particular ground or grounds shall not be construed as a waiver of its right to object.

**WHEREFORE**, Janet Jaffin Revocable Trust requests that its Customer Claim be allowed in its entirety in the amount of $6,078,079.27, together with such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
July 27, 2010

JASPAN SCHLESINGER LLP

*Attorneys for Janet Jaffin Revocable Trust*

By:  s/Steven R. Schlesinger
STEVEN R. SCHLESINGER
300 Garden City Plaza
Garden City, New York  11530
(516) 746-8000

HY/D715715v1/M055246/C0148600                                     5

TO:    Clerk of the United States Bankruptcy Court (via ECF)
for the Southern District of New York
One Bowling Green
New York, New York 10004

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111

Oren Warshavsky, Esq.
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
(212) 589-4200