UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK



SECURITIES INVESTORS PROTECTION CORPORATION,

PLAINTIFF'S SIPA LIQUIDATION

VS.

OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM

BERNARD L. MADOFF INVESTMENT SECURITIES LLC
DEFENDANT

## 2ND OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM

Edward H. Kohlschreiber and Mary A. Kohlschreiber (the Customer) hereby object to the Notice of the Trustee's Determination of Claim (the "Determination Letter") dated December 16, 2009.

BACKGROUND

1. On or about February 22, 2009, the Customer filed a customer claim with supporting documentation which has been designated as Claim No. 5454. A copy of BLMIS monthly statements ending November 30, 2008 was included.
2. By order dated March 8, 2010, this Court adopted the Trustee's "Net Investment Method" as "proper interpretation and application of net equity". March 8, 2008 Order (Docket No. 2020) (the Net Equity Order).

**GROUNDS FOR OBJECTION**

**The trustee has failed to comply with the Court's December 23, 2008 Order and has created his own definition of the term "net equity". A final definition of "net equity" pursuant to 15 U.S.C. sec. 78lll (11) is pending.**

3. The Customer contends that the customer's "net equity" under the Securities Investors protection Act (SIPA) is equal to the value of securities and credit balance reflected in the Customer's last statement, for all reasons stated set forth in the various submissions to the Court, including, but not limited to, the plain language if SIPA and prior case law.
4. The Customer conrends that the Trustee has created his own definition for the term "net equity" without any supporting basis for such definition. The Trustee has violated the requirement to honor the Customer's "legitimate expectations"
5. The Trustee's Determination Letter provides an Exhibit which purports to calculate monies deposited in to the account less monies withdrawn from the account, but the Exhibit fails to provide any supporting documentation substantiating the Exhibit. Furthermore, there is no explanation as to what documentation if any was used in order to prepare the Exhibit. As such, no explanation for the denial of the claim has been provided.

**The Trustee has violated SIPA by delaying the payment of the $500,000.00 SIPC insurance which the Customer is entitled.**

6. The Trustee has statutory obligation to "promptly" replace a customer's securities up to a value of $500,000.00 each, as per the value of the November 30, 2008 statements. **15 U.S.C. sec. 78fff-2 (b). The Trustee has failed to make such payment.**

**Relief Requested**

7. For the reasons stated above, the Court should direct SIPC to issue an immediate payment to the Customer in the amount of $129,857.33 plus interest from the date of the Determination Letter. The Customer's statement as of November 30, 2008 showed securities in the amount of $129,857.33.

_[signature]_                            Date: July 21, 2010

Edward H. Kohlschreiber


_[signature: Mary A. Kohlschreiber]_      Date: July 21st-2010

Mary A. Kohlschreiber

