UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------

| | |
|---|---|
| SECURITIES INVESTORS PROTECTION CORPORATION, Plaintiff's SIPA Liquidation<br>Vs.<br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>Defendant | **OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM** |

## 2ND OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM

Edward H. Kohlschreiber (the Customer) hereby objects to the Notice of Trustee's Determination of Claim (the"Determination Letter") dated October 19, 2009.

### BACKGROUND

1. On or about February 22, 2009, the Customer filed a customer claim with supporting documentation which has been designated as Claim Number 3263. A copy of BLMIS monthly statements ending November 30, 2008 was included.
2. By order dated March 8, 2010 this Court adopted the Trustee's **"Net Investment Method" as "the proper interpretation and application of net equity"**. March 8, 2008 Order (Docket No.2020) **(the Net Equity Order)**.

### GROUNDS FOR OBJECTION

**The Trustee has failed to comply with the Court's December 23, 2008 Order and has created his own definition of the term "net equity". A final definition of "net equity" pursuant to 15 U.S.C. sec. 78lll (11) is pending.**

3. The Customer contends that the Customer's "net equity" under the Securities Investor Protection Act (SIPA) is equal to the value of securities and credit balance reflected in the customer's last statement, for all the reasons set forth in the various submissions to the Court, including, but not limited to, the plain language of SIPA and prior case law.
4. The Customer contends that the Trustee has created his own definition for the term "net equity" without any supporting basis for such definition. The Trustee has violated the requirement to honor the Customer's "legitimate expectations".
5. The Trustee's Determination Letter provides an Exhibit which purports to calculate monies deposited in to the account less monies withdrawn from the account, but the Exhibit fails to provide any supporting documentation substantiating the Exhibit. Furthermore, there is no explanation as to what documentation if any was used in order to prepare the Exhibit. As such, no explanation for the denial of the claim has been provided.

**The Trustee has violated SIPA by delaying the payment of the $500,000.00 SIPC insurance which the Customer is entitled.**

6. The Trustee has statutory obligation to "promptly" replace a customer's securities up to a value of $500,000.00 each, as per the value of the November 30, 2008 statements. **15 U.S.C. sec. 78fff-2 (b). The Trustee has failed to make such prompt payment.**

### RELIEF REQUESTED

7. For the reasons stated above, the Court should direct SIPC to issue an immediate payment to the Customer in the amount of $500,000.00 plus intetest from the date of the Determination Letter. The Customer's statement as of November 30, 2008 showed securities held in the amount of $712,474.85.

**I was required by United States Law to take distributions from my IRA Account. The Trustee should also be required by United States Laws (according to SIPA) to pay my claim. I am a World War 11 Decorated Veteran who risked my life to protect the laws of which I speak for my Country.**

_____                    Date: July 21, 2010

**Edward H. Kohlschreiber, (IRA)**

Kohlschreiber
3545 So. Ocean Blvd.
Apt 715
Palm Beach, FL 33480

Clerk of the U.S. Bankruptcy Court
of the Southern District of N.Y.
One Bowling Green
New York, New York 10004

U.S. POSTAGE PAID
WEST PALM BEACH, FL 33401
JUL 21, 10
AMOUNT
$5.54
00035454-05

7008 2810 0000 4055 5243

JUL 26 2010
U.S. BANKRUPTCY COURT
SO. DIST OF NEW YORK