# EXHIBIT A

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

### DECEMBER 11, 2008₁

## NOTICE OF TRUSTEE'S FINAL DETERMINATION OF CLAIM

July 8, 2010

Laurence E. Leif (IRA)
22606 Viajes
San Antonio, Texas  78261

Dear Laurence E. Leif (IRA):

### PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following final determination regarding your claim on BLMIS Account No. 1L0139 designated as Claim No. 458:

Your claim for a credit balance of $3,415,779.63 and for securities is **DENIED**. No securities were ever purchased for your account.

This Notice of Trustee's Final Determination of Claim serves as the Trustee's final determination with respect to the BLMIS Account referenced above.

Pursuant to a Notice of Trustee's Partial Determination of Claim dated October 13, 2009 (the "Initial Notice"), and your return of the executed Partial Assignment and Release dated October 19, 2009, the Trustee made a payment on your BLMIS Account of $91,162.31 , based on the amount of money in/money out in your BLMIS Account on the Filing Date and the then-currently available

---

¹ Section 78lll(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78lll(7)(B).  Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

records of such account. The Initial Notice stated that the Trustee reserved all rights regarding his partial determination of your claim until all BLMIS records of your account-related transactions could be verified. Moreover, the Initial Notice also stated the Trustee's staff had not been able to verify the purported transfer (the "Transfer") into your account on July 24, 1997.

After the Trustee issued the Initial Notice, the Trustee's staff gained visibility into your account and verified that the Transfer resulted in no net increase in the balance of money in/money out in your BLMIS Account. Accordingly, pursuant to the Notice of Second Partial Determination of Claim sent to you on January 29, 2010, the Trustee determined that your Claim was **ALLOWED** for an additional $181,098.29, resulting in a total **ALLOWED CLAIM** of $272,260.60. The Trustee had previously made a second partial satisfaction of your **ALLOWED CLAIM** by sending you a check in the amount of $181,098.29 on February 18, 2010.

This Final Partial Determination of Claim confirms that the sum of $272,260.60 represents the full balance in your BLMIS Account on the Filing Date based on the amount of money you deposited with BLMIS for the purchase of securities, <u>less</u> subsequent withdrawals, as outlined in Table 1 attached hereto.

| DATE | TRANSACTION DESCRIPTION | AMOUNT | ADJUSTED AMOUNT |
|---|---|---|---|
| 7/24/1997 | TRANS FROM 1L001510 | $703,026.85 | $181,098.29 |
| 10/28/1998 | CHECK | $90,847.84 | $90,847.84 |
| 12/15/1998 | CHECK | $314.09 | $314.09 |
| 1/11/1999 | CHECK | $0.38 | $0.38 |
| **Total Deposits:** | | $794,189.16 | $272,260.60 |
| | | | |
| **Total Withdrawals:** | | $0.00 | $0.00 |
| **Total deposits less withdrawals:** | | $794,189.16 | $272,260.60 |

As reflected in Table 1, certain of the transfers into or out of your account have been adjusted. As part of the Trustee's analysis of accounts, the Trustee has assessed accounts based on a money in/money out analysis (i.e., has the investor deposited more or less than he or she withdrew from BLMIS). This analysis allows the Trustee to determine which part of an account's balance is originally invested principal and which part is fictitious gains that were fabricated by BLMIS. A customer's allowed claim is based on the amount of principal in the customer's account.

300094836.1

Whenever a customer requested a transfer from one account to another, the Trustee analyzed whether the transferor account had principal in the account at the time of the transfer. The available principal in the account was transferred to and credited in the transferee account. Thus, the reason that the adjusted amount of transferred deposits or withdrawals in Table 1 is less than the purported transfer amount is that the transferor account did not have sufficient principal available to effectuate the full transfer. The difference between the purported transfer amount and the adjusted transfer amount is the amount of fictitious gain that was transferred to or from your account. Under the money in/money out analysis, the Trustee does not give credit for fictitious gains in setting your allowed claim.

It is the Trustee's intent, pursuant to SIPA, to submit a Motion for an order of the Bankruptcy Court to allocate assets he has collected and will collect between the fund of customer property and the general estate and to distribute customer property *pro rata* among allowed claimants, such as you. In a decision in this case, <u>Rosenman Family, LLC v. Picard</u>, 401 B.R. 629, 634 (Bankr. S.D.N.Y. 2009), the Bankruptcy Court stated:

> The customer estate is a fund consisting of customer property and is limited exclusively to satisfying customer claims. <u>In re Adler Coleman Clearing Corp.</u> <u>(Adler Coleman II)</u>, 216 B.R. 719, 722 (Bankr. S.D.N.Y. 1998) ("A SIPA trustee, distributes 'customer property' exclusively among the debtor's customers...."); <u>see</u> <u>also</u> 15 U.S.C. § 78*lll*(4). Accordingly, Customers, as defined by SIPA § 78*lll*(2), enjoy a preferred status and are afforded special protections under SIPA. <u>See New</u> <u>Times Securities</u>, 463 F.3d at 127; <u>Adler Coleman</u>, 195 B.R. at 269." .

> <u>Id</u>. at 634.

It is not known at this time when the Trustee will be filing such allocation and distribution motion.

**On March 1, 2010, the United States Bankruptcy Court for the Southern District of New York (Lifland, J.) issued a decision which affirmed the Trustee's Net Investment Method for determining customer claims. The final resolution of this issue is expected to be determined on appeal.**

**Should a final and unappealable court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Notice of Trustee's Final Determination of Claim shall be construed as a waiver of any rights or claims held by you in having your customer claim re-determined in accordance with any such Court order.**

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching

copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after July 8, 2010, the date on which the Trustee mailed this notice.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York 10004

and

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10011

Irving H. Picard
Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

cc: Fidelity Management & Trust Co.
FBO Laurence E. Leif (Account #169267686)
P.O. Box 77001
Cincinnati, OH 45277-0037

300094836.1