BERNARD L. MADOFF INVESTMENT SECURITIES LLC
In Liquidation
DECEMBER 11, 2008

NOTICE OF CLAIMANT'S OPPOSITION TO TRUSTEE'S DETERMINATION OF CLAIM.

Bankruptcy Case No. 08-1789(BRL)    BLMIS Account No. 1R0090/ Claim # 011415

Irving H. Picard, Esq., Trustee, c/o Baker & Hostetler, LLP
45 Rockefeller Plaza,   New York, New York 10111

Dear Mr. Picard,

**We hereby respectfully file this OPPOSITION to your DETERMINATION.**

Our position is that your "net worth" approach is incorrect. We oppose the denial of our cash claim and our claim for securities, we oppose your denial of our claim in its entirety.

From what we have read since December, 2008, we understand that you are correct that BLMIS never did purchase the securities for our account that it reported to us as purchased (we have on file every transaction slip, and every monthly report, thousands of documents). But we did not know that it was all a fraud at the time, not at all. (there are literally hundreds of internal Radosh Partners documents on file, none of which ever even contemplated this possibility of massive financial crime, spanning decades, untouched by the SEC or SIPC. If this lack of knowledge on the part of the partners of Radosh Partners becomes a contested issue, we shall gladly file all these documents with you and with the Court). We all thought that BLMIS was a legitimate operation. We do not think that the fraud of not making the purported purchases defeats the SIPC coverage of our account. Moreover, SIPC should have known it was a fraud and thus SIPC should not now be allowed to cry "fraud" in defense of our claim.

As you state, the "net equity" matter is currently under litigation, Judge Lifland's decision of 1 March 2010 on appeal. ***We also ask that no hearing be set on our dispute at this time, because we should await the results of that litigation.***

We also think you are incorrect in refusing full credit for the two transferred accounts. These should be treated as "cash-outs" of the transferor account and a reinvestment of cash in the Radosh Partner's account. (The first transfer was due to the death of my parents, Louis + Esther Radosh). It is premature to get into details now, or hold a hearing on this matter now, because if you prevail on "net equity" our claim fails regardless of how the transfers are treated, and if you lose on "net equity" you might wish to change your position on the transfers without intervention of the Bankruptcy Court. Moreover, as the SIPC limit is but $500,000. It would seem that our claim, if it passes the "net equity" hurdle, will max out at $500,000 whether or not we get investment credit for the transferred accounts. **In any event, we are in opposition to your "adjustment" of the deposits that were transferred from closed accounts that did not belong to "RADOSH PARTNERS".**

RECEIVED
JUL 28 2010
U.S. BANKRUPTCY COURT, SDNY

It is possible that you tried to tell us in your **DETERMINATION** that you would preserve all our rights to have our claim reconsidered if you were found incorrect on "net equity" without our having to file this **OPPOSITION**. But I think I find ambiguity. The following is a verbatim quote from your **DETERMINATION**, but the use of italics is mine:

"Should a final and unappealable court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims *in accordance with the Court's order*. Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by you in having your customer claim re-determined *in accordance with any such Court order*."

If you had not used the italicized words, I would have confidence that even without filing an opposition we would be protected in the event other investors ultimately prevailed on the "net equity" issue. But the italicized words make me worry. Why did you put in this apparent condition? What if the Court's order of which you speak says the Trustee was wrong regarding "net equity", but then says nothing at all about applying the correct rule to the claims of other investors? That is, the Court's order does not explicitly direct you to re-determine our claim. Would you do so voluntarily? Probably. I really think that you so intend. But perhaps not. Rather than worry about this, we must preserve our rights to have the "net equity" matter corrected and have our claim re-determined accordingly by filing this **OPPOSITION**.

Confusion exists, too, as to your last sentence in the above quote. I don't understand how you, the Trustee, could "waive" any of our rights even if you wanted to. I thought that only we could waive our rights. So your disclaimer that your DETERMINATION does not waive certain of our rights is not clear in meaning. At least, not to me. Perhaps you would be kind enough to explain this all to us. Please set me straight if I misunderstood what I read, or I don't appreciate the legal context.

**Accordingly, we hereby respectfully file this OPPOSITION but request that action upon it be held in abeyance (i.e., no hearing be set) until the final decision upon the appeal of Judge Lifland's decision of 1 March 2010.**

**Please advise me whether or not you concur with holding this matter in abeyance. If you concur, and show that you have notified the Court of that, I will not separately notify the Court.**

Thank you,

*[signature]*                                    Dated 26 July 2010

RADOSH PARTNERS by Burnett H. Radosh

Copy to: Clerk of the US Bankruptcy Court for the SDNY






U.S. POSTAGE PAID ROCKLAND, ME 04841 JUL 26 '10 AMOUNT $5.54 00033028-08

7009 3410 0001 5527 7474

BURNETT & KATHERINE RADOSH
2533 NE 26 Avenue
Lighthouse Point, FL 33064

RETURN RECEIPT REQUESTED

Clerk of US Bankruptcy Ct for SDNY
One Bowling Green
NY, NY 10004