BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com

*Attorneys for Irving H. Picard, Esq., Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

**Presentment Date:  August 17, 2010**
**Time:  12:00 p.m.**

**Objections Due:  August 17, 2010**
**Time:  11:00 a.m.**

SECURITIES INVESTOR PROTECTION
CORPORATION,

     Plaintiff-Applicant,

     v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

     Defendant.

In re:

BERNARD L. MADOFF,

     Debtor.

Adv. Pro. No. 08-01789 (BRL)

SIPA Liquidation

(Substantively Consolidated)

**TRUSTEE'S MOTION PURSUANT TO 28 U.S.C. § 1781(b)(2) AND RULE 2004**
**OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AN ORDER**
**ISSUING A REQUEST FOR JUDICIAL ASSISTANCE (LETTER ROGATORY) FOR**
**THE DEPOSITION OF VINCENT VANDENBROUCKE**

Pursuant to 28 U.S.C. § 1781(b)(2) and Rule 2004 of the Federal Rules of Bankruptcy

Procedure, Irving H. Picard, Esq., as trustee ("Trustee") for the substantively consolidated

liquidation of the business of Bernard L. Madoff Investment Securities LLC and Bernard L.

Madoff, individually, hereby moves this Court (the "Motion") for the entry of an Order issuing a request for judicial assistance ("Letter Rogatory") from the appropriate judicial authority of the United Kingdom for the taking of evidence from Vincent Vandenbroucke, and, in support thereof, respectfully states as follows:

## JURISDICTION AND VENUE

1.    The Trustee asserts that this Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and sections 78eee(b)(2)(A) and (b)(4) of SIPA.  The Trustee also asserts that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O), and that venue is proper in this district pursuant to 28 U.S.C. § 1409.

2.    The statutory predicates for the relief requested are Rule 2004 of the Federal Rules of Bankruptcy Procedure, 28 U.S.C. § 1781(b)(2), and the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, concluded March 18, 1970.

## BACKGROUND

3.    BLMIS is a New York limited liability company that is wholly owned by Mr. Madoff, who was also its founder, chairman and chief executive officer.  BLMIS was registered as a securities broker-dealer under the U.S. Securities Exchange Act of 1934 and was also a member of the Securities Investor Protection Corporation ("SIPC").

4.    As is now well-known, BLMIS' investment advisory business purportedly generated consistent annual returns regardless of the underlying performance of the stock market.  Mr. Madoff and BLMIS represented that this performance was attributable to a trading strategy that involved investing in equity securities and, at the same time, focused on selling call options and purchasing put options on those equities: a so-called "split-strike conversion strategy."

5.    Customers of the investment advisory business received monthly or quarterly

2

statements purportedly showing the securities held, or traded through, their accounts.  The reported trades, however, were a complete fabrication.  In pleading guilty to the crimes he committed, Madoff admitted that, since at least the early 1990s, the investment advisory business of BLMIS was used to operate a Ponzi scheme.[1]

6.      At all relevant times, the investment advisory business was operated as a Ponzi scheme.  New investments received from investors were primarily used to fund distributions to, or payments on behalf of, other investors.  Money invested with BLMIS was used to sustain the Ponzi scheme and to enrich Mr. Madoff and others who received the benefit of payments out of BLMIS.  In an attempt to conceal the fraud, and thereby hinder, delay and defraud other current and prospective investors, BLMIS routinely paid redeeming investors the artificial amounts shown on their customer statements, including both non-existent capital and fictitious profits.  The Ponzi scheme collapsed in December 2008.

7.      The investment advisory business had approximately 8,000 customers.  Many of these customers were so-called "feeder funds" or other intermediaries investing money on behalf of their own clients.  This Motion concerns the request to obtain testimony, equivalent to a deposition pursuant to Bankruptcy Rule 2004, from Vincent Vandenbroucke who resides in the United Kingdom.

### RELIEF REQUESTED AND SUMMARY OF REASONS THEREFORE

8.      By this Motion, the Trustee seeks the entry of an Order, pursuant to 28 U.S.C. § 1781(b)(2) and Rule 2004 of the Federal Rules of Bankruptcy Procedure, directing that a Letter Rogatory be issued in this proceeding to seek the testimony of Mr. Vandenbroucke.

9.      Mr. Vandenbroucke formerly worked for an entity called Pioneer Alternative Investment Management, Inc. ("Pioneer").  Pioneer invested in a number of feeder funds that in

---

[1] The Trustee is investigating whether the fraud at BLMIS began earlier than the 1990s.

3

turn invested with BLMIS, including Kingate Euro Fund, Ltd. and Kingate Global Fund, Ltd.

(the "Kingate Funds"), as well as Primeo Fund ("Primeo"), Herald Fund SPC ("Herald") and

Thema Fund Limited ("Thema").

10.      Mr. Vandenbroucke worked in the due diligence department of Pioneer.  As part

of his duties, he investigated, for example, the operations of the Kingate Funds.  He authored an

extensive due diligence report on those funds.  The Trustee seeks to depose him regarding what

he learned in his investigation into funds that invested with Madoff as well as whatever other

information he may have concerning Kingate, Primeo, Herald and Thema.[2]

11.      A proposed Letter Rogatory, attached hereto to the proposed order as Schedule A,

provides that this Court respectfully request that the applicable court in the United Kingdom, in

furtherance of justice by the proper and usual process, cause Mr. Vandenbroucke to testify at a

deposition as shall fulfill the request made by such order of this Court.  Such a request for

international cooperation is provided for in Article 3 of the Hague Convention on the Taking of

Evidence Abroad in Civil or Commercial Matters, concluded March 18, 1970.

12.      No previous application for the relief sought herein has been made.

### WAIVER OF MEMORANDUM OF LAW

13.      Because this Motion presents no novel issue of law and the authorities relied upon

are cited herein, the Trustee requests that the Court dispense with the requirement of Local

Bankruptcy Rule 9013-1(b) that a memorandum of law be submitted herewith.

**WHEREFORE**, the Trustee respectfully requests that this Court enter an order,

---

[2] The Trustee has previously brought claims against the Kingate Funds, Primeo and Herald (Adv. Pro. Nos. 09-1161, 09-1366 and 09-1359 respectively) in the United States Bankruptcy Court, Southern District of New York.  This Letter Rogatory is seeking information primarily in furtherance of the Trustee's investigation of the role that Pioneer and other third parties may have played in connection with the affairs of BLMIS and whether the Trustee has claims against such entities.  Accordingly, the Trustee's need for such information is not in furtherance of the Trustee's existing litigation against the Kingate Funds, Primeo or Herald.

substantially in the form of the proposed order attached hereto, issuing the Letter Rogatory

seeking the testimony of Vincent Vandenbroucke.  The proposed Letter Rogatory is attached.


Dated:  New York, New York                    Respectfully submitted,
        August 11, 2010
                                              /s/Marc E. Hirschfield
                                              Baker & Hostetler LLP
                                              45 Rockefeller Plaza
                                              New York, New York 10111
                                              Telephone: (212) 589-4200
                                              Facsimile: (212) 589-4201
                                              David J. Sheehan
                                              Email: dsheehan@bakerlaw.com
                                              Marc E. Hirschfield
                                              Email: mhirschfield@bakerlaw.com

                                              *Attorneys for Irving H. Picard, Esq. Trustee for the
                                              Substantively Consolidated SIPA Liquidation of
                                              Bernard L. Madoff Investment Securities LLC and
                                              Bernard L. Madoff*

Of Counsel:

Frederick W. Chockley, III
John J. Burke
Adam J. Smith
Baker & Hostetler, LLP
1050 Connecticut Avenue, NW
Suite 1100
Washington, D.C. 20036
Telephone: (202) 861-1680
Facsimile: (202) 861-1783