**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**STIPULATION BETWEEN TRUSTEE AND JEWISH COMMUNITY FOUNDATION OF THE JEWISH COUNCIL OF GREATER LOS ANGELES DESIGNATING JEWISH COMMUNITY FOUNDATION OF THE JEWISH COUNCIL OF GREATER LOS ANGELES AS AN "INTERESTED PARTY"**

**WHEREAS**, on or about June 11, 2010, the Trustee filed the Customer Motion pursuant to the order entered by this Court on April 13, 2010 (the "Scheduling Order", Docket Number 2205);

**WHEREAS**, on July 12, 2010, Jewish Community Foundation of the Jewish Federation Council of Greater Los Angeles (the "Claimant", or "Jewish Community Foundation"), by and through its undersigned counsel, filed a timely request (the "Request") for leave to file a brief ("Brief") as an "Interested Party," in connection with the Trustee's Motion for an Order to Affirm Trustee's Determinations Denying Claims of Claimants Without BLMIS Accounts in the Names, Namely Investors in Feeder Funds (the "Customer Motion"); and

**WHEREAS**, the Claimant's investment pool, as described in the Claimant's letter

to the Court dated as of July 12, 2010 (the "Letter"), in which each of the Claimant's Principals allegedly have a direct and undivided ownership interest, falls outside the definition of "Feeder Fund" as specified in the Customer Motion;

**WHEREAS**, the Claimant is not an Objecting Claimant pursuant to the Scheduling Order because it did not invest in one of the Feeder Funds identified in the Customer Motion;

**WHEREAS**, the Trustee does not agree with certain arguments included by the Claimant in its Brief[1];

**WHEREAS**, the Claimant is itself a Customer pursuant to the Customer Motion because it had an account with BLMIS and therefore has an interest in the Customer Motion;

**IT IS THEREFORE MUTUALLY AGREED AND STIPULATED** by and between the Trustee and Claimant as follows:

1.      The Trustee has no objection to designating Claimant, Jewish Community Foundation, as an "Interested Party," as that term is defined in the Scheduling Order and the Customer Motion.

2.      The Trustee has no objection to allowing Claimant leave to submit its Brief in compliance with the Scheduling Order.

3.      The parties agree that no affirmative relief is sought by Claimants by the filing of its brief.

4.      The parties hereto consent to the entry of the Stipulation as an Order in this case.

---

[1] Both the Claimant and the Trustee reserve their rights to object to positions taken by the other respecting the Notice of Trustee's Determination of Claim dated as of June 14, 2010.

Dated: New York, New York
      August 3, 2010

*/s/ David J. Sheehan*
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Seanna R. Brown
Email: sbrown@bakerlaw.com
Bik Cheema
Email: bcheema@bakerlaw.com

*Attorneys for Irving H. Picard, Esq. Trustee
for the Substantively Consolidated SIPA
Liquidation of Bernard L. Madoff
Investment Securities LLC and Bernard L.
Madoff*

Dated: New York, New York
      August 3, 2010

                Barger & Wolen, LLP

*/s/ Dennis C. Quinn*
Dennis C. Quinn, Esq.
10 E. 40th Street
40th Floor
New York, N.Y. 10016-0301
Telephone:  (212) 557-2800
Facsimile:  (212) 557-2884
Email:  dquinn@bargerwolen.com

*Attorneys for Jewish Community Foundation*

SO ORDERED:

Dated: New York, New York
      August 17, 2010

By:/s/Burton R. Lifland
    HONORABLE BURTON R. LIFLAND
    UNITED STATES BANKRUPTCY JUDGE