# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK



In re:

BERNARD L. MADOFF SECURITIES LLC
LIQUIDATION

Bankruptcy Case No. 08-1789 (BRL)

## OBJECTION TO DETERMINATION
## REGARDING CLAIM NO. 011587

Pursuant to the Notice of Trustee's Determination of Claim dated July 20, 2010,
from Trustee Irving H. Picard (the "Trustee") to Trust U/ART Fourth O/W/O Israel
Wilenitz Evelyn Berezin Sara Seims Trustee, Trust U/ART Fourth O/W/O Israel Wilenitz
("Claimant") hereby objects to the Trustee's Determination of Claim No. 011587
("Determination").

Claimant opened Account No. 1CM837 at Bernard L. Madoff Investment
Securities LLC ("BMIS") in June 2003.  Claimant remained a customer of BMIS
thereafter and has acted in good faith at all relevant times.  As of November 30, 2008,
Claimant had a balance of $1,268,641.08 in the account.

If net equity is determined to be the amount by which a customer's deposits into
an account exceeded its withdrawals from the account, Claimant believes its deposits
exceeded its withdrawals by $668,664.  Accordingly, Claimant makes a claim for
insurance of $500,000 pursuant to the Securities Investor Protection Act ("SIPA"), and
seeks to recover as much of the balance of $168,664 as to which it is entitled.  Claimant

notes that, even according to the Trustee's calculation, Claimant's deposits exceeded

Claimant's withdrawals by that amount.

If net equity is ultimately determined to be the value of the account as of

November 30, 2008, then Claimant had net equity of $1,268,641.08 in the account, seeks

insurance of $500,000 pursuant to SIPA, and seeks to recover as much of the balance of

$768,641.08 as to which it is entitled.

The Determination does not explain adequately the basis for denying Claimant's

claim. Moreover, Table 1 annexed to the Determination does not appear to set forth an

accurate representation of the relevant transactions. Accordingly, Claimant seeks copies

of all documents in the possession of the Trustee relating to the Determination.

Based upon the limited information available, Claimant objects on the following

grounds:

1.    Claimant objects to the Trustee's failure to satisfy Claimant's claim for net

equity in a prompt manner as required by SIPA.

2.    Claimant objects to the Trustee's use of the "cash in, cash out" method for

calculation of net equity and asserts that the value of Claimant's claims should be based

on the BMIS statement dated November 30, 2008. Claimant incorporates by reference

the arguments against the Trustee's methodology that were previously made to the Court

and are currently under consideration on appeal.

3.    Claimant objects to the Trustee's "adjustment" of amounts deposited into

the account, which resulted in the Trustee's failing to credit Claimant's deposit of

$998,664 into Account No. 1CM837.

2

Claimant reserves the right to amend the foregoing objections after it has had the opportunity to review the documents upon which the Trustee purports to have based the Determination. Claimant also reserves the right to a jury trial in the event the Trustee asserts a claim against it.

Claimant respectfully seeks a hearing on this Objection.

Dated: August 17 2010

_Evelyn Berezin Wilenitz_

Evelyn Berezin Wilenitz, as Trustee for
Trust U/ART Fourth O/W/O Israel Wilenitz
10 Tinker Lane
E. Setauket, NY  11733

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
                       :ss
COUNTY OF NEW YORK  )

LUIS A. LOPEZ, being duly sworn and deposed says:

I am not a party to this action, am over 18 years of age and reside in Rockland County, New York.

That on the 18th day of August 2010 I caused to be served by hand a true and exact copy of the annexed Objection on the following:

Irving Picard, Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111

LUIS A. LOPEZ

Sworn to before me this
18th day of August 2010

NOTARY PUBLIC

JEFFERSON V. HOLDER
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01H05029800
QUALIFIED IN NEW YORK COUNTY
COMMISSION EXPIRES AUGUST 05, 20__