WINDELS MARX LANE & MITTENDORF, LLP
156 West 56th Street
New York, New York 10019
Tel: (212) 237-1000
Howard L. Simon
Email: hsimon@windelsmarx.com
Regina Griffin
Email: rgriffin@windelsmarx.com

Hearing Date:  September 14, 2010
Hearing Time: 10:00 a.m.
Objection Deadline: September 7, 2010

*Special Counsel to Irving H. Picard, Esq., Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC and*
*Alan Nisselson, the Chapter 7 Trustee of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-01789 (BRL) <br><br> SIPA Liquidation <br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |

**THIRD APPLICATION OF WINDELS MARX LANE & MITTENDORF, LLP FOR**
**ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES RENDERED AND**
**REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED**
**FROM FEBRUARY 1, 2010 THROUGH MAY 31, 2010 AND**
**REQUEST FOR PARTIAL RELEASE OF HOLDBACK**

Windels Marx Lane & Mittendorf, LLP ("Windels Marx" or the "Firm") as special

counsel to Irving H. Picard as trustee (the "Trustee") for the substantively consolidated

liquidation proceeding of Bernard L. Madoff Investment Securities LLC ("BLMIS" or

"Debtor"), and to Alan Nisselson as trustee (the "Chapter 7 Trustee"), for the Chapter 7 estate of

Bernard L. Madoff ("Madoff"), pursuant to the Order of this Court dated July 16, 2009 [Docket No. 327], respectfully submits this third application (the "Third Application") for an order pursuant to Section 78eee(b)(5) of the Securities Investor Protection Act ("SIPA"), 15 U.S.C.§ 78eee(b)(5), Sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101 et. seq. (the "Bankruptcy Code"), and Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), allowing and awarding interim compensation for services performed by Windels Marx for the period commencing February 1, 2010 through and including May 31, 2010 (the "Third Compensation Period") in the amount of $2,175,870.00 (of which $1,740,696.00 is to be paid currently, and 20%, or $435,174.00, is to be deferred through the conclusion of the liquidation proceeding or further order of the Court), plus a release of $190,000.00 from the "holdback" from the Firm's two previous applications, and reimbursement of Windels Marx's actual and necessary expenses incurred during the Compensation Period in the amount of $24,141.50 and in support thereof, respectfully represents as follows:

## I. PRELIMINARY STATEMENT

1.      During this Third Compensation Period, Windels Marx continued to assist the Trustee and his counsel, Baker & Hostetler LLP ("Baker"), in their efforts to recover customer property for the victims of Madoff's fraud.

2.      Among other things, during this period Windels Marx commenced several litigations on behalf of the Trustee against entities owned by members of the Madoff family, seeking to recover tens of millions of dollars of BLMIS funds and/or to preserve and to liquidate assets acquired with BLMIS funds.

3.      Also during this Third Compensation Period, the Firm continued to assist the Trustee and Baker in investigating potential claims against various parties, including a number of

insiders of Madoff/BLMIS, feeder funds and investment advisors. The Firm has made significant progress on its investigations as discussed in more detail below.

4.      The following discussion and the materials attached to this Third Application cover the major categories of services for which allowance of compensation is sought.

## II.  PROCEDURAL BACKGROUND

The SIPA Liquidation

5.      On December 11, 2008, the United States Securities and Exchange Commission (the "SEC") filed a complaint in the United States District Court for the Southern District of New York (the "District Court") against defendants Madoff and BLMIS (Case No. 08 CV 10791) (the "SEC Action"). The SEC complaint alleged that Madoff and BLMIS engaged in fraud through the investment advisor activities of BLMIS.

6.      In the SEC Action, the SEC consented to a combination of its own action with an application of the Securities Investor Protection Corporation ("SIPC"). Thereafter, pursuant to Section 78eee(a)(3) of the SIPA, SIPC filed an application in the District Court alleging, inter alia, that BLMIS was not able to meet its obligations to securities customers as they came due and, accordingly, its customers needed the protection afforded by SIPA.

7.      On December 15, 2008, District Judge Stanton granted the SIPC application, which among other things:

- Appointed Irving H. Picard as the SIPA Trustee for the liquidation of the business of BLMIS pursuant to 15 U.S.C. § 78eee(b)(3);

- Appointed Baker as counsel to the SIPA Trustee pursuant to 15 U.S.C. § 78eee(b)(3); and

- Removed the liquidation proceeding (the "BLMIS Liquidation") to this Court pursuant to 15 U.S.C. § 78eee(b)(4).

The Bernard L. Madoff Chapter 7 Case

8. On April 13, 2009, Blumenthal & Associates Florida General Partnership, Martin Rappaport Charitable Remainder Unitrust, Martin Rappaport, Marc Cherno and Steven Morganstern (collectively, the "Petitioning Creditors"), through their attorneys, Milberg LLP, filed an involuntary petition for relief under Chapter 7 of the Bankruptcy Code against Madoff.

9. On April 16, 2009, the Petitioning Creditors filed a motion to appoint a trustee in Madoff's case, and on that same date, the Court entered an *Order to Show Cause Why the Court Should Not Enter an Order Directing the United States Trustee to Appoint an Interim Trustee.*

10. On April 20, 2009, the Court entered an Order directing the Office of the United States Trustee for the Southern District of New York (the "UST") to appoint an interim trustee to perform the duties of trustee as set forth in Bankruptcy Code §§ 701 and 704, pursuant to which the UST appointed Alan Nisselson as the Chapter 7 Trustee on April 21, 2009.

11. On April 24, 2009, the Court entered an Order authorizing and empowering the Chapter 7 Trustee to retain Windels Marx to represent him in the Madoff case, effective as of April 21, 2009.

12. On May 5, 2009, the SIPA Trustee and SIPC, by their counsel, filed a joint motion for entry of an order pursuant to Section 105(a) of the Bankruptcy Code substantively consolidating the Madoff estate into the BLMIS Liquidation (the "Substantive Consolidation Motion").

13.    On June 4, 2009, after the Chapter 7 Trustee filed a Response to the Substantive Consolidation Motion, the Court entered a Consent Order ("Consent Order") [Docket No. 252] which, among other things:

- Approved the Substantive Consolidation Motion, *nunc pro tunc* to December 11, 2008;

- Ordered that the Chapter 7 Trustee would remain trustee to the Madoff estate and would continue to have all powers, rights, claims, and interests of a Chapter 7 trustee pursuant to, among others, Chapters 5 and 7 of the Bankruptcy Code;

- Directed that the Trustee would have all the duties and powers of a SIPA trustee and of a Chapter 7 trustee, other than those specifically granted to the Chapter 7 Trustee as indicated above; and

- Ordered that the Chapter 7 Trustee would be authorized to use as his counsel any counsel or special counsel retained by the Trustee, after consultation with, and the approval of, the Trustee and SIPC.

14.    On July 16, 2009, this Court entered an Order granting the Trustee's motion to retain Windels Marx as special counsel on behalf of the consolidated estate, *nunc pro tunc* as of June 9, 2009 [Docket No. 327], finding that Windels Marx is disinterested pursuant to provisions Section 78eee(b)(6) of SIPA, Section 327(a) of the Bankruptcy Code, and Bankruptcy Rule 2014(a) and is therefore in compliance with the disinterestedness requirement in Section 78eee(b)(3) of SIPA, Section 327(a) of the Bankruptcy Code, and Bankruptcy Rule 2014(a).

### III.  SPECIAL COUNSEL'S EXPERIENCE

15.    Windels Marx engages in the general practice of law, and has substantial expertise in such areas as bankruptcy, commercial litigation, securities, tax and corporate law.

16.     In particular, the senior Windels Marx attorneys in charge of this matter, including Alan Nisselson, the Chapter 7 Trustee, specialize in advising Chapter 7 and Chapter 11 bankruptcy trustees in connection with complex bankruptcy litigation related to, among other things, asset analysis and recovery.

## IV.  SUMMARY OF SERVICES

17.     The services rendered by Windels Marx during the four-month Third Compensation Period are described below.  In rendering professional services to the Trustee and the Chapter 7 Trustee, Windels Marx's legal team has been composed of professionals with extensive experience in bankruptcy and complex commercial litigation, securities, tax and corporate law.

18.     Windels Marx professionals have worked closely with the Trustee, his counsel Baker, and the Trustee's other retained professionals to coordinate their efforts in order to maximize efficiency and to avoid any duplication of effort.

19.     This Third Application is intended to serve as a summary description of the more significant services rendered by Windels Marx during the Third Compensation Period.  The following section provides an overview of those services, sorted by the task codes used by Windels Marx for specific categories of work.  Windels Marx implemented the task codes to permit a more detailed analysis of the fees incurred.  As the case has evolved, Windels Marx has added additional task codes to ensure that work on a specific issue or matter is billed to the same matter or task code.

A.  **Asset Analysis and Recovery** – Task Code 001 (.5 hours)

20.     This category relates to time spent identifying, investigating and analyzing specific assets that may potentially be recoverable for the benefit of the consolidated estate. Windels Marx expended minimal time in this category during the Third Compensation Period.

B.  **Litigation** – Task Code 010 (3082.70 hours)

21.     Windels Marx rendered substantial services in connection with this category, which relates to time spent by the Firm at the Trustee's direction, performing factual and legal research, preparing analyses, drafting memoranda, motions and/or pleadings, and appearing before the Bankruptcy Court in connection with litigation and/or anticipated litigation to recover assets for the estate.

22.     Included within this task category were substantial services rendered by Windels Marx in connection with the Chapter 11 case of BLM Air Charter LLC ("BLM Air"), In re BLM Air Charter LLC, Case No. 09-16757 (BRL) in the United States Bankruptcy Court for the Southern District of New York.  The Trustee determined that the commencement of the BLM Air bankruptcy case and a related adversary proceeding were necessary to preserve and ultimately to liquidate for the benefit of the BLMIS estate BLM Air's 50% interest in a private jet purchased in 2007 for $24.9 million (the "Aircraft").

23.     Among other things, the services rendered by Windels Marx during the Third Compensation Period in connection with the BLM Air bankruptcy case included:

- Opposing the motion of Talon Air Inc. ("Talon") seeking to lift the stay and terminate its charter agreement with BLM Air and negotiating a new interim charter arrangement with Talon Air Inc.;

- Successfully opposing two separate motions filed by Rolls-Royce Corporation and Embraer Aircraft Customer Services, Inc., both seeking to compel BLM Air to assume or reject their maintenance agreements and/or to lift the stay to permit them to terminate their agreements;

- Continued litigation of an adversary proceeding seeking authority pursuant to Bankruptcy Code § 363(h) to sell the Aircraft free and clear of the interests of the other 50% co-owner of the Aircraft, BDG Aircharter, Inc.; and

- Discussions with the Trustee and Baker regarding strategy and status of the BLM Air bankruptcy case and the related adversary proceeding.

24.    Also included within this category were the Firm's extensive services in investigating, researching, and analyzing potential claims against several entities that are owned by various members of the Madoff family and received tens of millions of dollars of BLMIS funds.

25.    In connection with these Madoff family-related entities, Windels Marx reviewed the Debtor's books and records and all relevant materials produced to the Trustee pursuant to subpoenas; consulted extensively with Baker and the Trustee's forensic consultants, FTI Consulting ("FTI"); conducted a Bankruptcy Rule 2004 examination; conducted substantial legal research and drafted internal memoranda.

26.    The Firm's efforts recently culminated in the commencement of three adversary proceedings on behalf of the Trustee against the following Madoff family-related entities seeking, among other things, the recovery of collectively more than $30 million of BLMIS funds:

i)    <u>Irving H. Picard v. Madoff Technologies, LLC et al.</u>, Adv. Proc. No. 10-03483 (BRL);

    ii)      <u>Irving H. Picard v. Madoff Energy Holdings, LLC et al.</u>, Adv. Proc. No. 10-03484 (BRL); and

    iii)    <u>Irving H. Picard v. Madoff Family LLC</u>, Adv. Proc. No. 10-03485 (BRL).

C.  **Claims Administration –** Task Code 005 (59.3 hours)

27.     This category relates to the time spent by Windels Marx personnel researching and assisting the Trustee and Baker in investigating certain customer claims.

D.  **Trustee Investigation** – Task Code 039 (3,897.20 hours)

28.     This category relates to time spent with respect to the identification, investigation and recovery of various potential assets on behalf of the consolidated estate.

29.     During the Third Compensation Period, Windels Marx expended a substantial amount of time assisting the Trustee in investigating potential insiders of BLMIS and Madoff to ascertain whether the potential insiders were the unlawful recipients of BLMIS customer property or corporate assets.  In addition, the Firm also assisted the Trustee in investigating potential claims against former customers, feeder funds, and investment advisors and managers to BLMIS customers.

30.     Included in this category of services by the Firm were the following:

- Reviewing account information and statements of BLMIS customers;

- Communicating with the Trustee, Baker, FTI and AlixPartners regarding the relevant customer and/or feeder fund accounts, transactions with potential issues, and optimal strategy regarding the investigation and/or conceivable litigations;

- Participating in interviews of third-party witnesses;

- Drafting and issuing dozens of subpoenas and inquiry letters to various parties concerning BLMIS; organizing and reviewing documents produced in response to the subpoenas and letters; and

- Drafting internal memoranda regarding the various investigations.

E.   **Internal Office Meetings** – Task Code 020 (32.40 hours)

31.        This category relates to internal Windels Marx strategy and training sessions related to the various investigations on behalf of the Trustee and the Chapter 7 Trustee.  Windels Marx expended minimal time in this category during the Third Compensation Period.

F.   **Billing/Fee Applications** – Task Code 007 (57.5 hours)

32.        In addition to preparation of this Third Application, this category relates to the time spent by attorneys and paraprofessionals in reviewing the Windels Marx billing statements prior to submission to SIPC to ensure that time was properly billed by Windels Marx, to correct any errors in time entries, to write off certain time and expenses as agreed to by Windels Marx for the benefit of SIPC, and to respond to certain adjustments requested by SIPC after its review of the fee statement.

## V.   COMPENSATION REQUESTED

33.        During the Third Compensation Period, Windels Marx expended 7,129.6 hours in the rendition of professional and paraprofessional services on behalf of the Trustee and the Chapter 7 Trustee, resulting in a blended attorney hourly rate of $350.17 for fees incurred.

34.        Prior to filing this Third Application, Windels Marx provided to SIPC (i) its monthly statements setting forth the Firm's total fees for services rendered and expenses incurred on behalf of the consolidated estate for each month during the period February 1, 2010 through May 31, 2010 seeking approval of $2,175,870.00 and (ii) a draft of this Third Application.

35.        Windels Marx's total fees for this Third Compensation Period were $2,455,654.44 and necessary expenses incurred were $25,180.55.  In connection with preparing each of the four monthly statements and this Third Application, however, Windels Marx

voluntarily reduced its total fees of $2,455,654.44 to $2,175,870.00 by: (i) discounting the Firm's rates by 10% at SIPC's request (resulting in a voluntary reduction of $245,565.44), and (ii) voluntarily writing off additional fees of $34,219.00. Windels Marx reduced its total expenses of $25,180.55 to $24,141.50 by voluntarily writing off $1,039.05 of expenses customarily charged to other clients of the Firm. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in the Chapter 7 and 11 Cases and comparable bankruptcy and non-bankruptcy cases in a competitive national legal market.

36.     In addition to the fees sought in this application, with the approval and support of SIPC, Windels Marx requests a release of $190,000.00 from the "holdback" of previous applications.[1]

37.     There is no agreement or understanding among the Trustee, Windels Marx or any other person, other than members of Windels Marx, for sharing of compensation to be received for services rendered in this case.

38.     This Application has been prepared in accordance with the Amended Guidelines for Fees and Disbursements of Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on April 19, 1995 (the "Local Guidelines"). Pursuant to the Local Guidelines, the certification of Regina Griffin, Esq. regarding compliance with the same is attached hereto as Exhibit A.

39.     Exhibit B annexed hereto provides a schedule of Windels Marx professionals and paraprofessionals who have provided services for the Debtors during the Compensation Period, the capacity in which each individual is employed by the Firm, the year in which each attorney

---

[1] By orders entered on December 17, 2009 and May 5, 2010 [Docket Nos. 1079 and 2251], in respect to their First and Second Interim Fee Applications, Windels Marx was awarded compensation of $712,614.00 and $991,539.40 and received 80% of the approved fees. Windels Marx now requests a $190,000.00 partial release from the 20% "holdback" amount of $776,004.68 (the total holdback amount through and including this application).

was licensed to practice law, the hourly billing rate charged by Windels Marx for services provided by each individual and the aggregate number of hours billed by each individual. The 10% discount (as described above) is already reflected in the total amount billed.

40.     Exhibit C annexed hereto provides a schedule of the expenses for which reimbursement is requested. The requested expenses are customarily charged to and paid by Windels Marx's bankruptcy and non-bankruptcy clients.

41.     Exhibit D annexed hereto is a summary by task code of services performed by Windels Marx from February 1, 2010 through May 31, 2010.

42.     To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Third Compensation Period, but were not classified or processed prior to the preparation of this Third Application, Windels Marx reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.

## VI.  WINDELS MARX'S REQUEST FOR INTERIM
## COMPENSATION SHOULD BE GRANTED

43.     Section 78eee(b)(5)(A) of SIPA provides in pertinent part that, upon appropriate application and after a hearing, "[t]he court shall grant reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred ... by a trustee ..." Section 78eee(b)(5)(C) of SIPA specifically establishes SIPC's role in connection with applications for compensation and the consideration the Court should give to SIPC's recommendation concerning fees. That Section provides as follows:

> In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this Chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC. In determining the

amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendations of SIPC.

44.     To the extent the general estate is insufficient to pay such allowances as an expense of administration, Section 78eee(b)(5)(E) of SIPA requires SIPC to advance the funds necessary to pay the compensation of Windels Marx (see Section 78fff-3(b)(2) of SIPA).

45.     Based on the allocation process set forth in SIPA, the Trustee has determined at this time that he has no reasonable expectation that the general estate will be sufficient to make any distribution to general creditors or pay any administrative expenses.  That is, the Trustee believes that any assets allocated to the BLMIS general estate will be exhausted prior to his being able to reimburse SIPC fully.  The Trustee has been advised by SIPC that it concurs with this belief of the Trustee.  Accordingly, any fees and expenses allowed by this Court will be paid from advances by SIPC without any reasonable expectation by SIPC of recoupment thereof.

46.     Therefore, with respect to this Third Application, Windels Marx requests that consistent with Section 78eee(b)(5)(C) of SIPA, the Court "shall award the amounts recommended by SIPC."  See In re Bell & Beckwith, 112 B.R. 876 (Bankr. N.D. Ohio 1990). Windels Marx expects that SIPC will file its recommendation to the Court with respect to this Application prior to the hearing, currently scheduled for September 14, 2010.

47.     Windels Marx submits that the request for interim allowance of compensation made through this Third Application is reasonable and complies with the provisions of the Bankruptcy Code governing applications for compensation and reimbursement of expenses, pursuant to Section 78eee(b)(5) of SIPA.

{10577068:6}                    -13-

## VII.  **CONCLUSION**

48.     Windels Marx respectfully submits that the services rendered during the Third Compensation Period merit the approval of the fees and disbursements requested herein, and respectfully requests that the Court enter an Order: (i) allowing and awarding $2,175,870.00 (of which 20%, or $435,174.00 is to be deferred through the conclusion of the liquidation period) as an interim payment for professional services rendered by Windels Marx during the Third Compensation Period, plus a release of $190,000.00 from the "holdback" of previous applications, and $24,141.50 as reimbursement of the actual and necessary costs and expenses incurred by the Firm in connection with the rendition of such services; and (ii) granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
          August 20, 2010

                                        Respectfully submitted,

                                        WINDELS MARX LANE & MITTENDORF,  LLP
                                        *Special Counsel for Irving H. Picard, Trustee for*
                                        *the SIPA Liquidation of Bernard L. Madoff*
                                        *Investment Securities LLC and Alan Nisselson, the*
                                        *Chapter 7 Trustee of Bernard L. Madoff*


                                          */s/Regina Griffin*
                                        Regina Griffin (rgriffin@windelsmarx.com)
                                        Howard L. Simon (hsimon@windelsmarx.com)
                                        156 West 56th Street
                                        New York, New York 10019
                                        Telephone: (212) 237-1000
                                        Facsimile: (212) 262-1215