UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-1789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**APPLICATION OF EUGENE F. COLLINS AS SPECIAL COUNSEL FOR THE TRUSTEE FOR ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM FEBRUARY 1, 2010 THROUGH MAY 31, 2010**

Barry O'Neill, together with other members and associates at the law firm of Eugene F. Collins ("EFC"), special counsel for Irving H. Picard (the "Trustee"), Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor") under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa et seq. ("SIPA") and Bernard L. Madoff, submits this Application for Interim Allowance of Fees and Reimbursement of Expenses (the "Application") for compensation of legal fees in the amount of $48,211.00 (of which 20% is to be deferred through the conclusion of the liquidation period) and reimbursement of expenses in the amount of $16,233.37 for the period from February 1, 2010 through May 31, 2010 (the "Compensation Period"). In support of the Application, EFC respectfully submits as follows:

1

## I. BACKGROUND

1.      On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order (the "Decree Order") calling for the liquidation of the business of the Debtor in accordance with SIPA and by Paragraph II of the Decree Order, the Trustee was appointed as the trustee for the liquidation of the Debtor's business.

2.      The Debtor's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, to the extent consistent with the provisions of SIPA, is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") pursuant to SIPA § 78fff(b).

3.      Beginning on February 9, 2009, EFC has served as special counsel for the Trustee.

4.      On February 23, 2009, this Court entered an order approving the Trustee's motion for authority to retain EFC as special counsel to the Trustee in matters pertaining to Ireland.

5.      The Trustee's motion to retain EFC established a fee arrangement pursuant to which EFC agreed to a fee reduction in the amount of 10% as well as an additional holdback of fees in the amount of 20%.

## II. SERVICES RENDERED BY EFC

6.      The legal services performed on behalf of the Trustee during the time period covered by this Application are as follows:

7.      EFC provided general advice in relation to case management orders made by the Commercial Court division on the High Court in Madoff related litigation in the Republic of Ireland.

8.      EFC further provided advice regarding an order to compel production of information, and issues relating to data protection and confidentiality.

2

9. EFC also advised the Trustee in relation to a potential application under the Foreign Tribunals Evidence Act relating to discovery.

10. EFC advised Hogan Lovells solicitors in relation to potential causes of action for the Trustee.

11. In addition, EFC advised the Trustee in in relation to the service of a court process under the Hague Convention.

12. EFC provided general advice in relation to procedures involving letters rogatory in the Republic of Ireland.

### III. COMPENSATION REQUESTED

13. The Application demonstrates how EFC has both added value to the Debtor's estate and has advanced the Debtor's SIPC liquidation proceeding.

14. EFC has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism.

15. From February 1, 2010 through May 31, 2010, EFC provided a total of 116.8 hours of legal services to the Trustee in this case. Prior to the 10% discount, the total amount of fees incurred in this time period was $53,567.78 and the total blended rate for professional services was $458.63/hour. After the 10% discount, the total amount of fees incurred is $48,211.00 and the total blended rate is $412.77/hour. EFC has agreed to a further holdback of 20% of its fees in the amount of $9,642.20 resulting in the present request for compensation in the amount of $38,568.80.

16. A breakdown of the total number of hours performed by each EFC timekeeper is provided on **Exhibit A** annexed hereto.

17. EFC seeks reimbursement for out-of-pocket expenses incurred in connection with its representation of the Trustee during the Compensation Period of $16,233.37. An itemized list of these expenses is detailed on **Exhibit B** attached hereto.

3

18. Charges for postage, telephone, photocopying, fax, taxi, courier and other out-of-pocket disbursements are based on the actual amounts paid by EFC for those services.

## IV. GENERAL MATTERS

19. All of the professional services for which compensation is requested herein were performed by EFC for and on behalf of the Trustee and not on behalf of any other person or entity.

20. No agreement or understanding exists between EFC and any other person for sharing compensation received in connection with this case nor has any other person or entity agreed to provide EFC with compensation for the legal services described herein.

21. This Court is authorized by SIPA to award to the attorneys for a SIPA Trustee "reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred." SIPA § 78eee(b)(5)(A). SIPA also permits interim allowances to the attorneys for a SIPA Trustee. Id.

22. Pursuant to § 78eee(b)(5)(E) of SIPA, allowances granted by this Court are to be charged against the general estate as a cost of administration. If the general estate is insufficient to pay such allowances in whole, or in part, SIPC shall advance any necessary funds for such payment. SIPA § 78eee(b)(5)(E). Section 78eee(b)(5)(C) of SIPA provides that SIPC shall file a recommendation with regard to the allowance of fees and reimbursement of expenses requested by this Application, and that this Court shall place considerable reliance on the recommendation of SIPC. SIPA § 78eee(b)(5)(C). EFC expects that SIPC's recommendation shall be filed with this Court separately.

**WHEREFORE**, EFC respectfully requests that this Court enter an Order:

    a. Granting this Application;

    b. Allowing payment to EFC for interim compensation of legal fees, after

4

(a) a reduction of 10% (in the amount of $5,356.78) and (b) a holdback of 20% (in the amount of $9,642.20) pending final approval of EFC's fees in this case, in the aggregate amount of $38,568.80 for professional services rendered to the Trustee from February 1, 2010 through May 31, 2010;

  c. Allowing payment EFC in the amount of $16,233.37 for reimbursement of expenses incurred by EFC from February 1, 2010 through May 31, 2010; and

  d. Granting EFC such other and further relief as this Court deems just and proper.

            Respectfully submitted,

Dated: August 20, 2010      Eugene F. Collins, Solicitors

          By: ___s/Barry O'Neill_____

           Mr. Barry O'Neill
           EUGENE F. COLLINS
           Temple Chambers
           3 Burlington Road
           Dublin 4 Ireland
           +353 (1) 202 6400

## EXHIBIT A

## SUMMARY OF FOURTH INTERIM FEE APPLICATION
## OF EFC FOR SERVICES RENDERED
## FOR THE PERIOD FEBRUARY 1, 2010 THROUGH MAY 31, 2010

|  | **YEAR ADMITTED** | **HOURLY RATE** | **TOTAL HOURS BILLED** | **TOTAL COMPENSATION** |
|---|---|---|---|---|
| Barry O'Neill | 1972 | 677.17 | 16 | $10,834.66 |
| Donal Dunne | 1994 | 468.85 | 80.1 | $37,554.73 |
| Robin McDonnell | 2003 | 476.00 | 0.2 | $95.20 |
| Joanne Finn | 2005 | 476.00 | 6.2 | $2,951.20 |
| Kiara Daly | Trainee | 149.09 | 14.3 | $2,131.99 |
| Total: |  | 458.63 | 116.8 | $53,567.78 |
| Total minus 10% Discount |  | $412.77 |  | $48,211.00 |
| **Total Net of 20% Holdback:** |  |  |  | **$38,568.80** |

6

## EXHIBIT B

### EXPENSE SUMMARY OF EFC
### FOR THE FOURTH INTERIM PERIOD
### OF FEBRUARY 1, 2010 THROUGH MAY 31, 2010

| **EXPENSES** | **AMOUNTS** |
|---|---:|
| Photocopying | $449.04 |
| Stationary | $9.59 |
| Transportation | $64.58 |
| Client Development | $81.60 |
| Courier | $111.26 |
| Research | $4.30 |
| Notary Public | $73.80 |
| Barrister | $15,439.20 |
| **Total Expenses Requested:** | **$16,233.37** |

7