**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-1789 (BRL) |
| Plaintiff-Applicant, | |
| v. | SIPA Liquidation |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | (Substantively Consolidated) |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**APPLICATION OF SCHILTZ & SCHILTZ AS SPECIAL COUNSEL TO THE
TRUSTEE FOR ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES
INCURRED FROM FEBRUARY 1, 2010 THROUGH MAY 31, 2010**

Franz Schiltz, together with the other members and associates at the law firm of Schiltz &
Schiltz which has offices in Luxembourg (collectively, "Schiltz"), special counsel for Irving H.
Picard (the "Trustee"), Trustee for the liquidation of the business of Bernard L. Madoff Investment
Securities LLC ("BLMIS" or "Debtor") under the Securities Investor Protection Act of 1970, 15
U.S.C. §§ 78aaa et seq. ("SIPA") and Bernard L. Madoff, submits this Application for Interim
Allowance of Fees and Reimbursement of Expenses (the "Application") for compensation of legal
fees in the amount of $68,952.75 (of which 20% is to be deferred through the conclusion of the
liquidation period) and reimbursement of expenses in the amount of $4,481.93 for the period from
February 1, 2010 through May 31, 2010 (the "Compensation Period"). In support of the
Application, Schiltz respectfully submits as follows:

# I. BACKGROUND

1.      On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order (the "Decree Order") calling for the liquidation of the business of the Debtor in accordance with SIPA and by Paragraph II of the Decree Order, the Trustee was appointed as the trustee for the liquidation of the Debtor's business.

2.      The Debtor's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, to the extent consistent with the provisions of SIPA, is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") pursuant to SIPA § 78fff(b).

3.      On March 3, 2009, Schiltz was retained as special counsel to the Trustee.

4.      On April 14, 2009, this Court entered an order approving the Trustee's motion for authority to retain Schiltz as special counsel to the Trustee in matters pertaining to Luxembourg.

5.      The Trustee's motion to retain Schiltz established a fee arrangement pursuant to which Schiltz agreed to a fee reduction in the amount of 10%.  Schiltz also agreed to an additional holdback of fees in the amount of 20%.

## II. SERVICES RENDERED BY SCHILTZ

6.      The legal services performed on behalf of the Trustee during the time period covered by this Application are as follows:

*Proceedings issued in Luxembourg with respect to Herald Fund SCP against HSBC*

7.      Schiltz has continued to assist the Trustee and his counsel in connection with proceedings issued in Luxembourg by Herald Fund SCP requesting the execution of money transfer instructions.

*Monitoring Madoff related cases introduced and pending before Luxembourg Courts*

8.      Schiltz has closely monitored various cases introduced before the Luxembourg Summary Courts with respect to requests filed by investors in order to obtain disclosure of documents. Schiltz has in this context also commented on the outcome of these cases.

9.      Schiltz has continued to monitor the evolution of the very numerous liability claims filed in the Luxembourg Courts by individual investors.

10.     Schiltz has in addition monitored the evolution of the global liability claims filed by the liquidators of the three Luxembourg SICAVs against various service providers.

11.     Furthermore, Schiltz has liaised with Baker & Hostetler concerning the third party notice issued/announced to be issued against the Trustee by various defendants sued by the liquidators of Luxalpha in their global liability claim.

*Disclosure of documents*

12.     Schiltz has continued to assist and advise the Trustee and his counsel in the context of steps and actions in order for the Trustee to obtain disclosure of documents.

*Advising on Luxembourg law issues and collecting specific information*

13.     Schiltz has continued to advise the Trustee and his counsel on various Luxembourg law issues including bank secrecy and local bankruptcy law.

## III. COMPENSATION REQUESTED

14.     The Application demonstrates how Schiltz has both added value to the Debtor's estate and has advanced the Debtor's SIPC liquidation proceeding.

15.     Schiltz has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism.  To that end, Schiltz has staffed this matter leanly and has endeavored to eliminate duplication of effort by giving primary responsibility of the case to

one partner, Franz Schiltz and involving other attorneys only when necessary.

16.    From February 1, 2010 through May 31, 2010, Schiltz provided a total of 138.3 hours of legal services to the Trustee in this case.  Prior to the 10% discount, the total amount of fees incurred in this time period was $76,614.17 and the total blended rate for professional services was $553.97/hour.  After the 10% discount, the total amount of fees incurred is $68,952.75 and the total blended rate is $498.57/hour.  Schiltz has agreed to a further 20% holdback of fees in the amount of $13,790.55 resulting in the present request for compensation in the amount of $55,162.20.

17.    A breakdown of the total number of hours performed by each Schiltz timekeeper is provided on **Exhibit A** annexed hereto.

18.    Schiltz seeks reimbursement for out-of-pocket expenses incurred in connection with its representation of the Trustee during the Compensation Period in the amount of $4,481.93.  An itemized list of these expenses is detailed on **Exhibit B** attached hereto.  Schiltz typically charges his clients an additional amount equivalent to 8% of his fees in order to cover normal office expenses. In this case, Schiltz agreed to charge normal office expenses at a reduced rate of 6.5%.

### IV. GENERAL MATTERS

19.    All of the professional services for which compensation is requested herein were performed by Schiltz for and on behalf of the Trustee and not on behalf of any other person or entity.

20.    No agreement or understanding exists between Schiltz and any other person for sharing compensation received in connection with this case nor has any other person or entity agreed to provide Schiltz with compensation for the legal services described herein.

21.    This Court is authorized by SIPA to award to the attorneys for a SIPA Trustee "reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred." SIPA § 78eee(b)(5)(A). SIPA also permits interim allowances to the attorneys for a SIPA Trustee. Id.

22.    Pursuant to § 78eee(b)(5)(E) of SIPA, allowances granted by this Court are to be

charged against the general estate as a cost of administration. If the general estate is insufficient to

pay such allowances in whole, or in part, SIPC shall advance any necessary funds for such

payment. SIPA § 78eee(b)(5)(E). Section 78eee(b)(5)(C) of SIPA provides that SIPC shall file a

recommendation with regard to the allowance of fees and reimbursement of expenses requested by

this Application, and that this Court shall place considerable reliance on the recommendation of

SIPC. SIPA § 78eee(b)(5)(C). Schiltz expects that SIPC's recommendation shall be filed with

this Court separately.

      **WHEREFORE**, Schiltz respectfully requests that this Court enter an Order:

      a.  Granting this Application;

      b.  Allowing payment to Schiltz for interim compensation of legal fees, after (a) a

reduction of 10% (in the amount of $7,661.42) and (b) a holdback of 20% (in the amount of

$13,790.55) pending final approval of Schiltz' fees in this case, in the aggregate amount of

$55,162.20 for professional services rendered to the Trustee from February 1, 2010 through May

31, 2010;

      c.  Allowing payment to Schiltz in the amount of $4,481.93 for reimbursement of

expenses incurred by Schiltz from February 1, 2010 through May 31, 2010; and

      d  Granting Schiltz such other and further relief as this Court deems just and proper.

      Respectfully submitted,

Dated: August 20, 2010      SCHILTZ & SCHILTZ

      By:  *s/Franz Schiltz*

      Franz Schiltz
      2 Rue du Fort Rheinsheim
      L-2419
      Luxembourg
      Telephone: +1(352) 45 64 80
      Fax: +1(352) 45 64 44

## EXHIBIT A

### SUMMARY OF FOURTH INTERIM FEE APPLICATION
### OF SCHILTZ & SCHILTZ FOR SERVICES RENDERED
### FOR THE PERIOD FEBRUARY 1, 2010 THROUGH MAY 31, 2010

| | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Franz Schiltz | 1993 | $633.33 | 79.8 | $50,540.00 |
| Laurence Frising | 1995 | $475.00 | 33.2 | $15,770.00 |
| Claude Veriter | 1997/2003 | $408.33 | 24.9 | $10,167.50 |
| Jennifer Mayot | 2005 | $341.67 | 0.4 | $136.67 |
| Total: | | $553.97 | 138.3 | $76,614.17 |
| Total minus 10% Discount | | $498.57 | | $68,952.75 |
| **Total Net of 20% Holdback:** | | | | **$55,162.20** |

## <u>EXHIBIT B</u>

### <u>EXPENSE SUMMARY OF SCHILTZ & SCHILTZ FOR THE FOURTH INTERIM PERIOD OF FEBRUARY 1, 2010 THROUGH MAY 31, 2010</u>

| **EXPENSES** | **AMOUNTS** |
|---|---|
| Ordinary expenses @6.5% of fees | $4,481.93 |
| **Total Expenses Requested:** | **$4,481.93** |