UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-1789 (BRL) <br><br> SIPA Liquidation <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |

**APPLICATION OF HOGAN LOVELLS INTERNATIONAL LLP (FORMERLY LOVELLS LLP) AS SPECIAL COUNSEL TO THE TRUSTEE FOR ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM FEBRUARY 1, 2010 THROUGH MAY 31, 2010**

Christopher Grierson, together with other members and associates at the international law firm of Hogan Lovells International LLP[1] (collectively, "Hogan Lovells"), special counsel for Irving H. Picard (the "Trustee"), Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor") under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa et seq. ("SIPA") and Bernard L. Madoff, submits this Application for Interim Allowance of Fees and Reimbursement of Expenses (the "Application") for compensation of legal fees in the amount of $335,327.40 (of which 20% is to be deferred through

---

[1] On May 1, 2010, following the combination of Lovells LLP and Hogan & Hartson LLP, Lovells LLP changed its name to Hogan Lovells International LLP. For ease of reference, the firm shall be referred to as Hogan Lovells, even though some of the events covered by this fee application took place before May 1, 2010.

1

the conclusion of the liquidation period) and reimbursement of expenses in the amount of $64,327.30 for the period from February 1, 2010 through May 31, 2010 (the "Compensation Period").

In support of the Application, Hogan Lovells respectfully submits as follows:

## I. BACKGROUND

1. On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order (the "Decree Order") calling for the liquidation of the business of the Debtor in accordance with SIPA and by Paragraph II of the Decree Order, the Trustee was appointed as the trustee for the liquidation of the Debtor's business.

2. The Debtor's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, to the extent consistent with the provisions of SIPA, is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") pursuant to SIPA § 78fff(b).

3. Beginning on January 15, 2009, Hogan Lovells has served as special counsel for the Trustee.

4. On February 18, 2009, this Court entered an order approving the Trustee's motion for authority to retain Hogan Lovells as special counsel to the Trustee in relation to foreign proceedings, including in England and Wales and other European jurisdictions.

5. The Trustee's motion to retain Hogan Lovells established a fee arrangement pursuant to which Hogan Lovells agreed to a fee reduction in the amount of 10% as well as an additional holdback of fees in the amount of 20%.

## II. SERVICES RENDERED BY HOGAN LOVELLS

6. The legal services performed on behalf of the Trustee during the time period

2

covered by this Application are as follows:

### *Litigation Strategy*

7. Hogan Lovells provided extensive advice regarding the appropriate strategy for the Trustee in relation to a wide range of claims and potential claims against various respondents in a number of different jurisdictions. Among other things, Hogan Lovells provided detailed advice regarding the different types of substantive claims, remedies and relief which may be available to the Trustee under English law and, by analogy, the law of other common law jurisdictions, and applicable conflict of laws issues.

### *English Proceedings*

8. Hogan Lovells continued to provide advice and assistance regarding various threatened and pending proceedings before the High Court in England. Among other things, this entailed further advice regarding cross-border recognition and assistance issues. As addressed below, Hogan Lovells represented the Trustee in a successful disclosure application before the English High Court against FIM Advisers LLP.

### *Evidence Gathering*

9. Hogan Lovells continued to provide advice regarding the Trustee's powers to gather evidence in England pursuant to, *inter alia*, the Cross-Border Insolvency Regulations 2006 (as well as in other common law jurisdictions).

### *FIM Advisers LLP*

10. Hogan Lovells undertook significant work in connection with a disclosure application against FIM Advisers LLP which acted as consultant to Kingate Management Limited, which in turn acted as manager of Kingate Euro, Ltd and Kingate Global, Ltd (the "Kingate Funds"). That application, which was heard by the High Court on May 27, 2010, was resolved in the Trustee's favor. It is reported as *Irving H. Picard v. FIM Advisers LLP* [2010]

EWHC 1299 (Ch). Hogan Lovells has since been involved in the ongoing production of electronic and hard copy documents by FIM Advisers LLP pursuant to the Order of the High Court.

### *Enforcement of US Judgments*

11. Hogan Lovells provided detailed advice regarding the enforcement of U.S. judgments in England and other common law jurisdictions. This included, among other things, advice regarding the effect of the relevant judgment debtor having filed a claim in the SIPA liquidation and the impact of relevant local legislation (e.g., in the British Virgin Islands).

### *Coordination With the JLs*

12. Hogan Lovells continued to liaise with the Joint Liquidators ("JLs") of MSIL (Grant Thornton LLP and Dundas & Wilson LLP) and to advise the Trustee regarding BLMIS's rights as a stakeholder in the liquidation of MSIL. During the Compensation Period, this included further advice regarding the exchange of information between the two estates.

### *Investigations*

13. Hogan Lovells continued to provide assistance in connection with investigations being conducted by the Trustee and his representatives outside the United States.

### *Cayman Islands*

14. Hogan Lovells provided advice in connection with a number of different feeder funds incorporated in the Cayman Islands (in conjunction with the Trustee's local counsel, Higgs Johnson Truman Bodden & Co). This included advice regarding Cayman Islands bankruptcy legislation as well as, more generally, the scope for the Trustee to secure and recover "customer property" in the possession of Cayman-incorporated funds.

### *Harley International*

15. Having successfully obtained leave for the Trustee to proceed with a claim

4

against Harley International (granted by the Grand Court of the Cayman Islands on January 21, 2010), Hogan Lovells subsequently provided extensive advice and assistance in connection with the development of different causes of action against Harley International and in the preparation of the Trustee's Statement of Claim. This included detailed advice regarding the substantive and procedural issues raised (in conjunction with Higgs Johnson Truman Bodden & Co and other advisers of the Trustee).

### *English Law Advice*

16. In addition to these specific matters, Hogan Lovells continued to be called on to advise and assist the Trustee in relation to a wide range of issues of English law as well as the law of other common law jurisdictions. By way of example, this included, during the Compensation Period, advice regarding the UK Data Protection Act 1998 and issues relating to the Hague Convention.

### *Bermuda*

17. Hogan Lovells continued to liaise with Williams Barristers & Attorneys in relation to issues pending in Bermuda, including in relation to the Kingate Funds.

### *Ireland*

18. During the Compensation Period, Hogan Lovells continued to work with Eugene F. Collins in relation to issues of Irish law and proceedings in Ireland.

19. Finally, throughout the Compensation Period, Hogan Lovells participated in extensive conference calls and discussions with representatives of the Trustee, including Baker & Hostetler LLP (and its associates and affiliates).

### III. COMPENSATION REQUESTED

20. The Application demonstrates how Hogan Lovells has both added value to the Debtor's estate and has advanced the Debtor's SIPC liquidation proceeding.

5

21. Hogan Lovells has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism. To that end, Hogan Lovells has endeavored to eliminate duplication of effort by giving responsibility for the day-to-day conduct of the case to one attorney, Mr. Roberts (Sr. Associate), involving others only when necessary.

22. From February 1, 2010 through May 31, 2010, Hogan Lovells provided a total of 577.3 hours of legal services to the Trustee in this case. Prior to the 10% discount, the total amount of fees incurred in this time period was $372,586.00 and the total blended rate for professional services was $645.39/hour. After the 10% discount, the total amount of fees incurred is $335,327.40 and the total blended rate is $580.85/hour. Hogan Lovells has agreed to a further holdback of 20% of its fees in the amount of $67,065.48 resulting in the present request for compensation in the amount of $268,261.92.

23. A breakdown of the total number of hours performed by each Hogan Lovells timekeeper is provided on **Exhibit A** annexed hereto.

24. Hogan Lovells seeks reimbursement of out-of-pocket expenses incurred in connection with its representation of the Trustee during the Compensation Period in the amount of $64,327.30. An itemized list of these expenses is detailed on **Exhibit B** attached hereto.

25. The principal out-of-pocket expenses incurred by Hogan Lovells were the professional fees of Mr Robin Dicker QC, a leading insolvency barrister retained to represent the Trustee and who has provided specialist advice and expertise in relation to issues with which Hogan Lovells has been dealing. Amongst other things, Mr Dicker QC represented the Trustee at the hearing of the successful disclosure application against FIM Advisers LLP. It is standard practice in England to engage the services of a specialist barrister in this way.

26. Hogan Lovells charges its clients $0.33 per page for photocopying and printing. Hogan Lovells does not charge for incoming faxes. Hogan Lovells also has not

6

charged for telephone calls, except where external conference call facilities have been used. Charges for such conference calls are based on the actual amounts paid by Hogan Lovells for those services. Similarly, where amounts have been charged in respect of couriers or search fees, those amounts reflect the actual charges incurred by Hogan Lovells.

### IV. <u>GENERAL MATTERS</u>

27.	All of the professional services for which compensation is requested herein were performed by Hogan Lovells for and on behalf of the Trustee and not on behalf of any other person or entity.

28.	No agreement or understanding exists between Hogan Lovells and any other person for sharing compensation received in connection with this case nor has any other person or entity agreed to provide Hogan Lovells with compensation for the legal services described herein.[2]

29.	This Court is authorized by SIPA to award to the attorneys for a SIPA Trustee "reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred." SIPA § 78eee(b)(5)(A). SIPA also permits interim allowances to the attorneys for a SIPA Trustee. <u>Id.</u>

30.	Pursuant to § 78eee(b)(5)(E) of SIPA, allowances granted by this Court are to be charged against the general estate as a cost of administration. If the general estate is insufficient to pay such allowances in whole, or in part, SIPC shall advance any necessary funds for such payment. SIPA § 78eee(b)(5)(E). Section 78eee(b)(5)(C) of SIPA provides that SIPC shall file a recommendation with regard to the allowance of fees and reimbursement of expenses requested by this Application, and that this Court shall place considerable reliance on the recommendation of SIPC. SIPA § 78eee(b)(5)(C). Hogan Lovells expects that SIPC's

---

[2] FIM Advisers LLP was ordered to pay an amount in respect of the Trustee's costs of the successful disclosure application. On receipt, Hogan Lovells immediately transferred that payment, as instructed, to Baker & Hostetler LLP.

7

recommendation shall be filed with this Court separately.

**WHEREFORE**, Hogan Lovells respectfully requests that this Court enter an Order:

a. Granting this Application;

b. Allowing payment to Hogan Lovells for interim compensation of legal fees, after (a) a reduction of 10% (in the amount of $37,258.60) and (b) a holdback of 20% (in the amount of $67,065.48) pending final approval of Hogan Lovells' fees in this case, in the aggregate amount of $268,261.92 for professional services rendered to the Trustee from February 1, 2010 through May 31, 2010;

c. Allowing payment to Hogan Lovells in the amount of $64,327.30 for reimbursement of expenses incurred by Hogan Lovells from February 1, 2010 through May 31, 2010; and

d. Granting Hogan Lovells such other and further relief as this Court deems just and proper.

Respectfully submitted,
Dated: August 20, 2010                HOGAN LOVELLS LLP


By:     s/Christopher Grierson

Christopher Grierson
Atlantic House
Holborn Viaduct
London EC1A 2FG
Telephone: +44 (0) 20 7296 2000
Fax: +44 (0) 20 7296 2001

8

**EXHIBIT A**

**SUMMARY OF FOURTH INTERIM FEE APPLICATION
OF HOGAN LOVELLS FOR SERVICES RENDERED
FOR THE PERIOD FEBRUARY 1, 2010 THROUGH MAY 31, 2010**

|  | **YEAR ADMITTED** | **HOURLY RATE** | **TOTAL HOURS BILLED** | **TOTAL COMPENSATION** |
|---|---|---|---|---|
| Cary Kochberg | 1992 | 885.00 | 7.2 | $6,372.00 |
| Mac Macmillan | 1999 | 810.00 | 1.7 | $1,377.00 |
| Michael Roberts | 2002 | 755.00 | 343.3 | $259,191.50 |
| Valerie Woodford | 2010 | 465.00 | 45.7 | $21,250.50 |
| Libby Hannan | 2010 | 740.00 | 63.4 | $46,916.00 |
| Mark Hunting | Trainee | 290.00 | 27.8 | $8,062.00 |
| Leen Qablawi | Trainee | 335.00 | 85.1 | $28,508.50 |
| Sophie Davis | Trainee | 335.00 | 2.1 | $703.50 |
| Daniel Davis | Paralegal | 205.00 | 1.0 | $205.00 |
| Total: |  | $645.39 | 577.3 | $372,586.00 |
| Total minus 10% Discount |  | $580.85 |  | $335,327.40 |
| **Total Net of 20% Holdback:** |  |  |  | **$268,261.92** |

# EXHIBIT B

## EXPENSE SUMMARY OF HOGAN LOVELLS FOR THE FOURTH INTERIM PERIOD OF FEBRUARY 1, 2010 THROUGH MAY 31, 2010

| EXPENSES | AMOUNTS |
|---|---|
| Communication | $225.04 |
| Stationary | $6,561.08 |
| Courier | $168.91 |
| Court Fees | $135.66 |
| Counsel Fees | $56,591.53 |
| Searches | $311.19 |
| Travel | $80.13 |
| Research | $253.76 |
| **Total Expenses Requested:** | **$64,327.30** |