UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-1789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |

**APPLICATION OF MISHCON DE REYA AS SPECIAL COUNSEL TO THE TRUSTEE FOR ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES RENDERED FROM FEBRUARY 1, 2010 THROUGH MAY 31, 2010**

Mishcon de Reya ("Mishcon"), special counsel for Irving H. Picard (the "Trustee"), Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa et seq. ("SIPA") and Bernard L. Madoff, submits this Application for Interim Allowance of Fees (the "Application") for compensation of legal fees in the amount of $82,407.79 (of which 20% is to be deferred through the conclusion of the liquidation period) for the period from February 1, 2010 through May 31, 2010 (the "Compensation Period").

In support of the Application, Mishcon respectfully submits as follows:

## I. BACKGROUND

1. On December 15, 2008, Judge Stanton of the United States District Court for

1

the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order (the "Decree Order") calling for the liquidation of the business of the Debtor in accordance with SIPA and by Paragraph II of the Decree Order, the Trustee was appointed as the trustee for the liquidation of the Debtor's business.

2. The Debtor's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, to the extent consistent with the provisions of SIPA, is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") pursuant to SIPA § 78fff(b).

3. Beginning on February 1, 2010, Mishcon has served as special counsel for the Trustee.

4. On July 20, 2010, this Court entered an order approving the Trustee's motion for authority to retain Mishcon as special counsel to the Trustee in matters pertaining to England.

5. The Trustee's motion to retain Mishcon established a fee arrangement pursuant to which Mishcon agreed to a fee reduction in the amount of 10%. Mishcon also agreed to an additional holdback of fees in the amount of 20%.

## II. SERVICES RENDERED BY MISHCON

6. The legal services performed on behalf of the Trustee during the time period covered by this Application are as follows:

7. During the Compensation Period, Mishcon spent time collating and reviewing relevant documents in order to fully understand the case and enable them to provide advice going forward.

8. Time was spent liaising with US counsel in order to assist and advise them in the preparation of potential causes of action in the UK and the British Commonwealth.

9. In addition, Mishcon advised on the regulatory position on (i) client assets

2

and (ii) senior management arrangements, systems and controls as regards passported entities.

10. Mishcon also provided advice concerning the liquidation of Madoff Securities International Ltd. in England.

### III. COMPENSATION REQUESTED

11. Mishcon's Application demonstrates how Mishcon has both added value to the Debtor's estate and has advanced the Debtor's SIPC liquidation proceeding.

12. Mishcon has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism.

13. From February 1, 2010 through May 31, 2010, Mishcon provided a total of 138.3 hours of legal services to the Trustee in this case. Prior to the 10% discount, the total amount of fees incurred in this time period was $91,564.21 and the total blended rate for professional services was $662.07/hour. After the 10% discount, the total amount of fees incurred is $82,407.79 and the total blended rate is $595.86/hour. Mishcon has agreed to a further 20% holdback of fees in the amount of $16,481.56 resulting in the present request for compensation in the amount of $65,926.23.

14. A breakdown of the total number of hours performed by each Mishcon timekeeper is provided on **Exhibit A** annexed hereto.

### IV. GENERAL MATTERS

15. All of the professional services for which compensation is requested herein were performed by Mishcon for and on behalf of the Trustee and not on behalf of any other person or entity.

16. No agreement or understanding exists between Mishcon and any other person for sharing compensation received in connection with this case nor has any other person or entity agreed to provide Mishcon with compensation for the legal services described herein.

17. This Court is authorized by SIPA to award to the attorneys for a SIPA

Trustee "reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred." SIPA § 78eee(b)(5)(A). SIPA also permits interim allowances to the attorneys for a SIPA Trustee. Id.

18. Pursuant to § 78eee(b)(5)(E) of SIPA, allowances granted by this Court are to be charged against the general estate as a cost of administration. If the general estate is insufficient to pay such allowances in whole, or in part, SIPC shall advance any necessary funds for such payment. SIPA § 78eee(b)(5)(E). Section 78eee(b)(5)(C) of SIPA provides that SIPC shall file a recommendation with regard to the allowance of fees and reimbursement of expenses requested by this Application, and that this Court shall place considerable reliance on the recommendation of SIPC. SIPA § 78eee(b)(5)(C). Mishcon expects that SIPC's recommendation shall be filed with this Court separately.

**WHEREFORE**, Mishcon respectfully requests that this Court enter an Order:

a. Granting this Application;

b. Allowing payment to Mishcon for interim compensation of legal fees, after (a) a reduction of 10% (in the amount of $9,156.42) and (b) a holdback of 20% (in the amount of $16,481.56) pending final approval of Mishcon's fees in this case, in the aggregate amount of $65,926.23 for professional services rendered to the Trustee from February 1, 2010 through May 31, 2010; and

c. Granting Mishcon such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: August 20, 2010                    Mishcon de Reya

By: ___s/Dan Morrison_____

Dan Morrison
Summit House

4

12 Red Lion Square

London WCIR 4QD

DX 37954 Kingsway

Telephone: +44 20 7440 7000

Fax: +44 20 7404 5982

5

**EXHIBIT A**

**SUMMARY OF FOURTH INTERIM FEE APPLICATION
OF MISHCON DE REYA FOR SERVICES RENDERED
FOR THE PERIOD FEBRUARY 1, 2010 THROUGH MAY 31, 2010**

|  | **YEAR ADMITTED** | **HOURLY RATE** | **TOTAL HOURS BILLED** | **TOTAL COMPENSATION** |
|---|---|---|---|---|
| Dan Morrison |  | 769.90 | 45.9 | $35,338.41 |
| Adam Epstein |  | 769.90 | 19.3 | $14,859.07 |
| Chris Jones |  | 769.90 | 7.0 | $5,389.3 |
| Michael Armstrong |  | 769.90 | 8.1 | $6,236.19 |
| Jonathan Denton |  | 769.90 | 14.6 | $11,240.54 |
| Danny Davis |  | 769.90 | 5.9 | $4,542.41 |
| Max Cole |  | 523.53 | 0.5 | $261.76 |
| Matthew Hancock |  | 461.94 | 4.0 | $1,847.76 |
| Laura Chandler |  | 446.54 | 5.5 | $2,455.97 |
| Hannah Blom-Cooper |  | 508.13 | 0.4 | $203.25 |
| Katherine Higgins |  | 508.13 | 1.2 | $603.76 |
| Craig Timmis |  | 338.76 | 19.6 | $5,149.15 |
| Kevin Ellmore |  | 307.96 | 6.3 | $3,295.17 |
| Total: |  | $662.07 | 138.3 | $91,564.21 |
| Total minus 10% Discount |  | $595.86 |  | $82,407.79 |
| **Total Net of 20% Holdback:** |  |  |  | **$65,926.23** |