UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-1789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |

**APPLICATION OF KUGLER KANDESTIN, L.L.P. AS SPECIAL COUNSEL TO THE TRUSTEE FOR ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM FEBRUARY 1, 2010 THROUGH MAY 31, 2010**

Gordon Levine, together with other members and associates at the law firm of Kugler Kandestin, L.L.P. (collectively, "Kugler"), special counsel for Irving H. Picard (the "Trustee"), Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor") under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa et seq. ("SIPA") and Bernard L. Madoff, submits this Application for Interim Allowance of Fees and Reimbursement of Expenses (the "Application") for compensation of legal fees in the amount of $13,050.81 (of which 20% is to be deferred through the conclusion of the liquidation period) and reimbursement of expenses in the amount of $178.62 for the period from February 1, 2010 through May 31, 2010 (the "Compensation Period").

1

In support of the Application, Kugler respectfully submits as follows:

## I. BACKGROUND

1. On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order (the "Decree Order") calling for the liquidation of the business of the Debtor in accordance with SIPA and by Paragraph II of the Decree Order, the Trustee was appointed as the trustee for the liquidation of the Debtor's business.

2. The Debtor's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, to the extent consistent with the provisions of SIPA, is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") pursuant to SIPA § 78fff(b).

3. Beginning on September 1, 2009, Kugler has served as special counsel for the Trustee.

4. On January 20, 2010, this Court entered an order approving the Trustee's motion for authority to retain Kugler as special counsel to the Trustee with regard to the Trustee's recovery of customer property located in Canada.

5. The Trustee's motion to retain Kugler established a fee arrangement pursuant to which Kugler agreed to a fee reduction in the amount of 10% as well as an additional holdback of fees in the amount of 20%.

## II. SERVICES RENDERED BY KUGLER

6. The legal services performed on behalf of the Trustee during the Competition Period covered by this Application are as follows:

7. During the Compensation Period Kugler revised and finalized the Motion to Order the Examination of Witnesses and the Delivery of Information (the "Motion") in respect of

2

DGAM Alternative Strategy Fund LP and DGAM Alternative Strategy Fund II ("**DGAM**"). Kugler thereafter arranged for execution of the Affidavit by Mr. Picard, filed and served the Motion.

8. Following Kugler's receipt of Appearance from Blake, Casses & Graydon LLP (Mr. Claude Marseille), attorneys representing DGAM, Kugler attended Court to postpone the Motion pending their discussions with DGAM's counsel in respect of DGAM's position regarding the Motion.

9. Kugler conducted research in the areas in which DGAM's counsel has raised objections namely, the local blocking statute (Business Concerns Records Act), Trustee's right to subpoena and investigate, paramountcy of the Bankruptcy and Insolvency Act, Canada and international comity regarding foreign insolvencies.

### III. COMPENSATION REQUESTED

10. The Application demonstrates how Kugler has both added value to the Debtor's estate and has advanced the Debtor's SIPC liquidation proceeding.

11. Kugler has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism. To that end, Kugler has endeavored to eliminate duplication of effort by giving responsibility for the day-to-day conduct of the case to Gordon Levine, involving others only when necessary.

12. From February 1, 2010 through May 31, 2010, Kugler provided a total of 42.1 hours of legal services to the Trustee in this case. Prior to the 10% discount, the total amount of fees incurred in this time period was $14,500.90 and the total blended rate for professional services was $344.44/hour. After the 10% discount, the total amount of fees incurred is $13,050.81 and the total blended rate is $310.00/hour. Kugler has agreed to a further holdback of 20% of its fees in the amount of $2,610.16 resulting in the present request for compensation in the amount of

3

$10,440.65.

13. A breakdown of the total number of hours performed by each Kugler timekeeper is provided on **Exhibit A** annexed hereto.

14. Kugler seeks reimbursement of out-of-pocket expenses incurred in connection with its representation of the Trustee during the Compensation Period in the amount of $178.62. An itemized list of these expenses is detailed on **Exhibit B** attached hereto.

15. Kugler typically charges its clients $0.50 per page printed. Kugler does not charge for incoming faxes. Charges for telephone calls are based on the actual amounts paid by Kugler for those services.

### IV. GENERAL MATTERS

16. All of the professional services for which compensation is requested herein were performed by Kugler for and on behalf of the Trustee and not on behalf of any other person or entity.

17. No agreement or understanding exists between Kugler and any other person for sharing compensation received in connection with this case nor has any other person or entity agreed to provide Kugler with compensation for the legal services described herein.

18. This Court is authorized by SIPA to award to the attorneys for a SIPA Trustee "reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred." SIPA § 78eee(b)(5)(A). SIPA also permits interim allowances to the attorneys for a SIPA Trustee. Id.

19. Pursuant to § 78eee(b)(5)(E) of SIPA, allowances granted by this Court are to be charged against the general estate as a cost of administration. If the general estate is insufficient to pay such allowances in whole, or in part, SIPC shall advance any necessary funds for such payment. SIPA § 78eee(b)(5)(E). Section 78eee(b)(5)(C) of SIPA provides that SIPC shall file a recommendation with regard to the allowance of fees and reimbursement of expenses

4

requested by this Application, and that this Court shall place considerable reliance on the recommendation of SIPC. SIPA § 78eee(b)(5)(C). Kugler expects that SIPC's recommendation shall be filed with this Court separately.

  **WHEREFORE**, Kugler respectfully requests that this Court enter an Order:

 a. Granting this Application;

 b. Allowing payment to Kugler for interim compensation of legal fees, after (a) a reduction of 10% (in the amount of $1,450.09) and (b) a holdback of 20% (in the amount of $2,610.16) pending final approval of Kugler' fees in this case, in the aggregate amount of $10,440.65 for professional services rendered to the Trustee from February 1, 2010 through May 31, 2010;

 c. Allowing payment to Kugler in the amount of $178.62 for reimbursement of expenses incurred by Kugler from February 1, 2010 through May 31, 2010; and

 d. Granting Kugler such other and further relief as this Court deems just and proper.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: August 20, 2010 | KUGLER KANDESTIN, L.L.P. |
|  |  |
|  | By: _____s/Gordon Levine_____ |
|  | Gordon Levine |
|  | Kugler Kandestin, L.L.P. |
|  | 1 Place Ville Marie, Suite 2101 |
|  | Montreal, Quebec H3B 2C6 |
|  | Telephone: (514) 878-2861 |
|  | Fax: (514) 875-8424 |

# EXHIBIT A

## SUMMARY OF FOURTH INTERIM FEE APPLICATION
## OF KUGLER FOR SERVICES RENDERED
## FOR THE PERIOD FEBRUARY 1, 2010 THROUGH MAY 31, 2010

|  | **YEAR ADMITTED** | **HOURLY RATE** | **TOTAL HOURS BILLED** | **TOTAL COMPENSATION** |
|---|---|---|---|---|
| Gerald F. Kandestin | 1975 | 578.31 | 1 | $578.31 |
| Gordon Levine | 1992 | 429.05 | 26.3 | $11,278.85 |
| Jean-Francois Carpentier | 2004 | 283.02 | 3.9 | $1,102.74 |
| Olivera Pajani | 2010 | 141.51 | 10.9 | $1,541.00 |
| Total: |  | $344.44 | 42.1 | $14,500.90 |
| Total minus 10% Discount |  | $310.00 |  | $13,050.81 |
| **Total Net of 20% Holdback:** |  |  |  | **$10,440.65** |

6

## EXHIBIT B

## EXPENSE SUMMARY OF KUGLER
## FOR THE FOURTH INTERIM PERIOD
## OF FEBRUARY 1, 2010 THROUGH MAY 31, 2010

| EXPENSES | AMOUNTS |
|---|---|
| Photocopies | $93.31 |
| Research | $16.45 |
| Court Charges | $36.57 |
| Transportation | $32.29 |
| **Total Expenses Requested:** | **$178.62** |