**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-1789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | (Substantively Consolidated) |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**APPLICATION OF HIGGS JOHNSON TRUMAN BODDEN & CO. AS SPECIAL COUNSEL TO THE TRUSTEE FOR ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM OCTOBER 1, 2009 THROUGH NOVEMBER 30, 2009 AND FEBRUARY 1, 2010 THROUGH MAY 31, 2010**

Shelley White, together with other members and associates at the law firm of Higgs Johnson Truman Bodden & Co. (collectively, "HJTBCo"), special counsel for Irving H. Picard (the "Trustee"), Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS" of "Debtor") under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa et seq. ("SIPA") and Bernard L. Madoff, submits this Application for Interim Allowance of Fees and Reimbursement of Expenses (the "Application") for compensation of legal fees in the

1

amount of $94,482.45 (of which 20% is to be deferred through the conclusion of the liquidation period) and reimbursement of expenses in the amount of $11,487.98 for the period from October 1, 2009 through November 30, 2009 and February 1, 2010 through May 31, 2010[1] (the "Compensation Period").  In support of the Application, HJTBCo respectfully submits as follows:

## I. BACKGROUND

1. On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order (the "Decree Order") calling for the liquidation of the business of the Debtor in accordance with SIPA and by Paragraph II of the Decree Order, the Trustee was appointed as the trustee for the liquidation of the Debtor's business.

2. The Debtor's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, to the extent consistent with the provisions of SIPA, is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") pursuant to SIPA § 78fff(b).

3. Beginning on April 1, 2009, HJTBCo has served as special counsel to the Trustee.

4. On April 21, 2009, this Court entered an order approving the Trustee's motion for authority to retain HJTBCo as special counsel to the Trustee in matters pertaining to the Cayman Islands.

5. The Trustee's motion to retain HJTBCo established a fee arrangement pursuant to which HJTBCo agreed to a fee reduction in the amount of 10%.  HJTBCo also agreed to an additional

---

[1] Due to an inadvertent error in the third interim fee application, HJTBCo was only paid for services rendered from December 1, 2009 through January 31, 2010, even through the compensation period for the third interim fee application was from October 1, 2009 through January 31, 2010.  As a result, HJTBCo's fees for October and November are being added to the current fee application.

2

holdback of fees in the amount of 20%.

## II. SERVICES RENDERED BY HJTBCo

6. The legal services performed on behalf of the Trustee during the time period covered by this Application are as follows:

7. During October 2009, HJTBCo provided advice in relation to service of US process in the Cayman Islands and effected service of legal documents. On a separate matter, HJTBCo provided advice in relation to a claim for turnover of funds held by Harley International (Cayman) Limited (in liquidation) and in relation to recognition of the Trustee's title as foreign representative. A petition for recognition and originating summons in respect of the turnover claim were filed at the Grand Court of the Cayman Islands.

8. During November 2009, HJTBCo assisted in the preparation, revision and finalization of skeleton arguments to be put before the Court in relation to the obtaining of leave to bring proceedings against Harley International (Cayman) Limited (in liquidation).

9. During the Compensation Period, a large majority of the work was related to the preparation for a hearing at the Grand Court of the Cayman Islands in respect of the recognition of the Trustee as the foreign representative of BLMIS in the SIPA liquidation. Preparation included conferences with the Trustee's London solicitors and instructing Trustee's U.S. counsel, Baker & Hostetler LLP. Following the hearing, work involved finalizing the Court's order, dealing with issues of transfer of the proceedings to the Financial Services Division and advertisement of the Court's order in the Cayman Islands' Gazette.

10. Further work concerned the preparation of advice regarding potential claims to be pursued by the Trustee in the Cayman Islands.

11. Additionally, there was consideration of the procedural rules and issuing

3

processes regarding the bringing of the proposed claims in the Cayman Islands. This included consideration of the prescribed timetable and the form and format of the originating document required to be used for the differing elements of the claim, and initial preparation of the same.

12. General advice was also given in respect of matters of interest to the Trustee including online and court searches in respect of other pending proceedings.

### III. COMPENSATION REQUESTED

13. The Application demonstrates how HJTBCo has both added value to the Debtor's estate and has advanced the Debtor's SIPC liquidation proceeding.

14. HJTBCo has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism. To that end, HJTBCo has staffed this matter leanly and has endeavored to eliminate duplication of effort.

15. From October 1, 2009 through November 30, 2009 and from February 1, 2010 through May 31, 2010, HJTBCo provided a total of 193 hours of legal services to the Trustee in this case. Prior to the 10% discount, the total amount of fees incurred in this time period was $104,980.50 and the total blended rate for professional services was $543.94/hour. After the 10% discount, the total amount of fees incurred is $94,482.45 and the total blended rate is $489.55/hour. HJTBCo has agreed to a further holdback of 20% of its fees in the amount of $18,896.49, resulting in the present request for compensation in the amount of $75,585.96.

16. A breakdown of the total number of hours performed by each HJTBCo timekeeper is provided on **Exhibit A** annexed hereto.

17. HJTBCo seeks reimbursement for out-of-pocket expenses incurred in connection with its representation of the Trustee during the Compensation Period in the amount of $11,487.98. An

itemized list of these expenses is detailed on **Exhibit B** attached hereto.

18. HJTBCo typically charges its clients $0.50 page printed. HJTBCo does not charge for incoming faxes. Charges for telephone calls are based on the actual amounts paid by HJTBCo for those services.

## IV. GENERAL MATTERS

15. All of the professional services for which compensation is requested herein were performed by HJTBCo for and on behalf of the Trustee and not on behalf of any other person or entity.

16. No agreement or understanding exists between HJTBCo and any other person for sharing compensation received in connection with this case nor has any other person or entity agreed to provide HJTBCo with compensation for the legal services described herein.

17. This Court is authorized by SIPA to award to the attorneys for a SIPA Trustee "reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred." SIPA § 78eee(b)(5)(A). SIPA also permits interim allowances to the attorneys for a SIPA Trustee. Id.

18. Pursuant to § 78eee(b)(5)(E) of SIPA, allowances granted by this Court are to be charged against the general estate as a cost of administration. If the general estate is insufficient to pay such allowances in whole, or in part, SIPC shall advance any necessary funds for such payment. SIPA § 78eee(b)(5)(E). Section 78eee(b)(5)(C) of SIPA provides that SIPC shall file a recommendation with regard to the allowance of fees and reimbursement of expenses requested by this Application, and that this Court shall place considerable reliance on the recommendation of SIPC. SIPA § 78eee(b)(5)(C). HJTBCo expects that SIPC's recommendation shall be filed with this Court separately.

**WHEREFORE**, HJTBCo respectfully requests that this Court enter an Order:

5

    a.   Granting this Application;

    b.   Allowing payment to HJTBCo for interim compensation of legal fees, after (a) a reduction of 10% (in the amount of $10,498.05) and (b) a holdback of 20% (in the amount of $18,896.49) pending final approval of HJTBCo' fees in this case, in the aggregate amount of $75,585.96 for professional services rendered to the Trustee from October 1, 2009 through November 30, 2009 and from February 1, 2010 through May 31, 2010;

    c.   Allowing payment to HJTBCo in the amount of $11,487.98 for reimbursement of expenses incurred by HJTBCo from October 1, 2009 through November 30, 2009 and from February 1, 2010 through May 31, 2010; and

    d   Granting HJTBCo such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: August 20, 2010        HIGGS JOHNSON TRUMAN BODDEN & CO.

By: ___s/Shelley White_____

Shelley White
P.O. Box 866
Anderson Square Building
Grand Cayman
KY1-1103

Cayman Islands
Telephone: +1(345) 949-7555
Fax: +1(345) 949-8492

6

**EXHIBIT A**

**SUMMARY OF FOURTH INTERIM FEE APPLICATION
OF HIGGS JOHNSON TRUMAN BODDEN & CO. FOR SERVICES RENDERED
FOR THE PERIOD OCTOBER 1, 2009 THROUGH NOVEMBER 30, 2009 AND FROM
FEBRUARY 1, 2010 THROUGH MAY 31, 2010**

|  | **YEAR ADMITTED** | **HOURLY RATE** | **TOTAL HOURS BILLED** | **TOTAL COMPENSATION** |
|---|---|---|---|---|
| Raymond Davern | 1988 (England & Wales); 2009 (Cayman Islands) | $525.00 | 28.6 | $15,015.00 |
| Shelley White | 2003 (England & Wales); 2009 (Cayman Islands) | $550.00 | 93.5 | $51,425.00 |
| Ben Wrench | 1995 (England & Wales); 2009 (Cayman Islands) | $550.00 | 50.8 | $27,788.00[2] |
| Kate Palfrey | 2005 (England & Wales); 2009 (Cayman Islands) | $450.00 | 2.8 | $1,260.00 |
| Alexia Adda | 2004 (England & Wales); 2010 (Cayman Islands) | $525.00 | 6.1 | $3,202.50 |
| Philip Boni | 1979 (England & Wales); 1982 (Cayman Islands) | $575.00 | 8.2 | $4,715.00 |
| Tom Mylott | 2002 (England & Wales); 2010 (Cayman Islands) | $525.00 | 3.0 | $1,575.00 |
| Total |  | $543.94 | 193 | $104,980.50 |
| Total minus 10% Discount |  | $489.55 |  | $94,482.45 |
| **Total Net of 20% Holdback:** |  |  |  | **$75,585.96** |

---

[2] Consists of agreed-upon price, therefore hours multiplied by rate will not result in total figure

7

## EXHIBIT B

## EXPENSE SUMMARY OF HIGGS JOHNSON TRUMAN BODDEN & CO. FOR THE FOURTH INTERIM PERIOD OF OCTOBER 1, 2009 THROUGH NOVEMBER 30, 2009 AND FEBRUARY 1, 2010 THROUGH MAY 31, 2010

| EXPENSES | AMOUNTS |
|---|---|
| Communication | $57.01 |
| Stationary | $2,210.93 |
| Courier | $97.80 |
| Advertisement of Declaratory Order | $201.34 |
| Filing Fees | $548.78 |
| Hearing Fees | $1,829.26 |
| Fee for transfer of proceeding to Financial Services Division | $5,853.66 |
| Court Search | $48.78 |
| New Square Chambers Professional Services | $640.42 |
| **Total Expenses Requested:** | **$11,487.98** |

8