**EXHIBIT A**

**FORM OF AGREEMENT BETWEEN
TRUSTEE AND HSBC**

Baker&Hostetler LLP

Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5304

T 202.861.1500
F 202.861.1783
www.bakerlaw.com

July 23, 2010

Frederick W Chockley III
direct dial  202 861 1680
FChockley@bakerlaw.com

**VIA E-MAIL**

Thomas J Moloney, Esq.
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006

Re:   *Irving Picard v. Primeo Fund et al., Adv. Pro No. 09-1366 (BRL)*, United States Bankruptcy Court for the Southern District of New York

Dear Tom:

This letter confirms the agreement (the "Agreement") between Irving H. Picard (the "Trustee"), in his capacity as Trustee for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act of 1970, as amended, and HSBC Bank plc and its subsidiaries and affiliates (collectively "HSBC") (collectively, with the Trustee, the "Parties") in connection with funds totaling approximately $5 million being held by HSBC for the account of Primeo Fund ("Primeo") in accounts numbered 58775277, 58775159, 58775140, 58775132 and 67171631 (the "HSBC Accounts"). Although HSBC, based on reasonable inquiry, is unaware of any additional Primeo accounts other than the HSBC Accounts, nothing herein shall prejudice anyone's rights with respect to any such accounts should they be discovered in the future. (Capitalized terms not otherwise defined in paragraphs 1 through 8 have the meanings set forth in paragraph 9, below.) Pursuant to the Agreement:

1.      The Agreement will be effective upon the later of (i) the Agreement being executed, (ii) the execution of the release set forth at Attachment A by the joint liquidators of Primeo, (iii) the dismissal with prejudice of all proceedings brought in England by Primeo against HSBC in relation to the funds in the HSBC Accounts, (iv) an order of the Grand Court of the Cayman Islands approving Primeo's execution of the Release at Attachment A under the conditions set forth in this Agreement, or (v) an order by the United States Bankruptcy Court for the Southern District of New York approving this Agreement.

2.      Upon this Agreement being effective, HSBC shall promptly (and no later than 14 days after receiving appropriate instructions from Primeo and the Trustee) transfer (i) €385,000 from the HSBC Accounts to Primeo; (ii) half of any remaining

funds in the HSBC Accounts (excluding the Pending Redemption Cases Monies) to Primeo; and (iii) any remaining funds in the HSBC Accounts (excluding the Pending Redemption Cases Monies and Potential Redemption Cases Monies) to the Trustee. In this and any other relevant instance herein, the Trustee and Primeo shall both provide HSBC with instructions with respect to where HSBC shall deliver the distributions contemplated herein

3.     If HSBC is directed by a court order to make any payment to any party making a claim in any Pending or Potential Redemption Case, HSBC shall be entitled to satisfy such claim by making a payment from the Pending Redemption Cases Monies or the Potential Redemption Cases Monies, provided that (a) prior to making any payment pursuant to a settlement agreement, the Trustee and Primeo have each given consent to any final settlement with respect to the Pending Redemption Cases, or the Trustee has given consent to any final settlement with respect to the Potential Redemption Cases, which consents shall not be unreasonably withheld, (b) HSBC has made a good faith effort to defend or settle the case on reasonable terms; (c) HSBC has cooperated with any reasonable requests the Trustee or Primeo may have to be informed of the proceedings, provided that nothing herein shall require HSBC to waive any privilege it may have or violate any data privacy, bank secrecy, or other law related to the protection or confidentiality of information; and (d) the claim upon which HSBC is directed to make a payment is not based upon the fraud or willful deceit of HSBC

4.     In the event of a Final Determination defeating any Pending Redemption Case, HSBC shall promptly (and no later than 14 days after receiving appropriate instructions from Primeo and the Trustee) distribute half of the portion of the Pending Redemption Cases Monies represented by such case to each of the Trustee and Primeo.

5.     In the event of a Final Determination defeating any Potential Redemption Case, HSBC shall promptly (and no later than 14 days after receiving appropriate instructions from the Trustee) distribute the portion of the Potential Redemption Cases Monies represented by such case to the Trustee. In the event of a Final Determination that Potential Redemption Cases Monies are subject to a successful claim, neither Primeo, the Trustee, nor HSBC will be required by this Agreement to contribute additional monies.

6.     Two years and six months following the Final Determination of the Pending Redemption Cases, HSBC shall, upon appropriate instructions from the Trustee, transfer any remaining Potential Redemption Cases Monies to the Trustee, provided, however, HSBC shall be entitled to continue to hold as Potential Redemption Cases Monies sufficient money to satisfy any Potential Redemption Case that has been commenced at such time until the Final Determination of such case.

7     The Trustee, the BLMIS estate, the Bernard L. Madoff estate, and their respective successors, employees, counsel, agents, and assigns (collectively the "Releasors") release and forever discharge (the "Release") HSBC and its successors, assigns, directors, officers, employees, counsel and agents (collectively, with HSBC, the "Releasees") from any claim or liability arising solely from any payments made by HSBC pursuant to paragraphs 2 through 6 (the "Payments"), under 11 U S.C. §§ 542, 544, 547, 548 or 550, 15 U.S.C. § 78fff-2(c)(3); the New York Uniform Fraudulent Conveyance Act (New York Debtor and Creditor Law §§ 270 - 281), as well as from any

and all other liabilities, obligations, claims and causes of action arising in law, equity or otherwise solely from the Payments that the Releasors now have or may have against the Releasees. The Release shall be without prejudice to any and all claims which do not arise specifically from the Payments.

8.     This Agreement and any dispute or other matter arising out of, in connection with or relating in any way whatsoever to this Agreement (whether in contract, tort or otherwise) shall be governed by and construed in accordance with the law of the State of New York. Solely for the purpose of enforcing this Agreement, the Parties hereby irrevocably submit to the jurisdiction of the United States Bankruptcy Court for the Southern District of New York, and hereby waive, and agree not to assert, as a defense in any such action, that it is not subject thereto or that such action may not be brought or is not maintainable in such court or that such venue may not be appropriate or is an inconvenient forum. Judgment upon any award enforcing this Agreement may be entered by any court having jurisdiction thereof or having jurisdiction over the relevant Party or its assets and any award may be enforced in any court of competent jurisdiction.

9.     The following terms shall have the meaning set forth below:

"Pending Redemption Cases Monies" shall mean funds in the amount of €345,915.16 and $999,173.53 claimed by the plaintiffs in the Luxembourg cases, *VAANN Familienpool KG v. HSBC Securities Services (Luxembourg) S.A.*, Role No 120.868, and *Bankhaus Schelhammer & Schattera AG v. HSBC Securities Services (Luxembourg) S.A.*, Role No. 124.946;

"Pending Redemption Cases" shall mean the Luxembourg cases, *VAANN Familienpool KG v. HSBC Securities Services (Luxembourg) S.A.*, Role No. 120 868, and *Bankhaus Schelhammer & Schattera AG v. HSBC Securities Services (Luxembourg) S.A.*, Role No. 124.946;

"Potential Redemption Cases Monies" shall mean funds in the amount of €797,757.36 and $287,002.50 set aside to satisfy additional potential claims against HSBC by persons or entities similarly situated to the entities seeking the Pending Redemption Cases Monies.

"Potential Redemption Cases" shall mean any future case against HSBC by persons or entities similarly situated to the entities seeking the Pending Redemption Cases Monies.

"Final Determination" shall mean the final resolution of a case or claim by a court order or ruling that may not be appealed or a settlement agreement having the same effect.

10.    There are no third party beneficiaries with respect to this Agreement except for Primeo with respect to paragraphs 2 through 5.

3

Please countersign this agreement below, indicating HSBC's agreement and that HSBC will accept joint transfer instructions.

Sincerely,

*[signature]*

Frederick W. Chockley III

Read and agreed to:

*[signature]*

Thomas J. Moloney, Esq.
Cleary Gottlieb Steen & Hamilton LLP
Counsel for HSBC Bank plc

Dated: July 23, 2010

cc:  James Corsiglia, Esq.
     Marla Decker, Esq.
     Marc Hirschfield, Esq.
     John Moscow, Esq.
     Oren Warshavsky, Esq.

**Attachment A**

### Release

The Primeo Fund (the "**Fund**") and G. James Cleaver and Richard Fogerty, in their capacity as joint official liquidators (collectively, with the Fund, the "**Releasors**") release and forever discharge (the "**Release**") HSBC Bank plc and its subsidiaries and affiliates ("**HSBC**"), including without limitation HSBC Securities Services (Luxembourg) SA, and their successors, assigns, directors, officers, employees, counsel and agents (collectively, with HSBC, the "**Releasees**") from any claim or liability arising solely from any payments made by HSBC pursuant to paragraphs 2 through 6 (the "**Payments**") of the letter agreement between Irving H. Picard, in his capacity as Trustee for the liquidation of Bernard L Madoff Investment Securities LLC under the Securities Investor Protection Act of 1970, as amended, and HSBC, dated July 23, 2010, as well as from any and all other liabilities, obligations, claims and causes of action arising in law, equity or otherwise solely from the Payments that the Releasors now have or may have against the Releasees. The Release shall be without prejudice to any and all claims unrelated to the Payments

This Release and any dispute or other matter arising out of, in connection with or relating in any way whatsoever to this Release (whether in contract, tort or otherwise) shall be governed by and construed in accordance with English law. Solely for the purpose of enforcing this Agreement, the Parties hereby irrevocably submit to the jurisdiction of the English Court and hereby waive, and agree not to assert, as a defense in any such action, that it is not subject thereto or that such action may not be brought or is not maintainable in such court or that such venue may not be appropriate or is an inconvenient forum   Judgment upon any award enforcing this Release may be entered by any court having jurisdiction thereof or having jurisdiction over the relevant Party or its assets and any award may be enforced in any court of competent jurisdiction.

Agreed To·

For and on behalf of Primeo Fund

_____   Date: 29 July 2010 .
Richard Fogerty
Joint Official Liquidator

5