David A. Rosenzweig
Jami Mills Vibbert
Fulbright & Jaworski L.L.P.
666 Fifth Avenue
New York, New York 10103
Tel.: (212) 318-3000
Fax: (212) 318-3400
drosenzweig@fulbright.com
jvibbert@fulbright.com

*Attorneys for Northern Trust, NA, as Successor Trustee of the Melvin N. Lock Trust*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | |
| Plaintiff, | |
| -against- | Adversary Proceeding No. 08-01789-BRL |
| BERNARD L. MADOFF INVESTMENT SECURITIES, LLC, | SIPA Liquidation |
| Defendant. | |

**OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM**

Northern Trust, NA, as Successor Trustee of the Melvin N. Lock Trust ("Lock Trust"),[1] by and through its attorneys, hereby objects to the Notice of Trustee's Determination of Claim ("Notice"), dated July 30, 2010.

---

[1] Melvin N. Lock named his wife, Sylvia W. Lock, and Northern Trust, NA, as co-trustees of the Lock Trust upon his death. Sylvia W. Lock and Northern Trust, NA, served as co-trustees until her death; Northern Trust, NA, is now sole successor trustee of the Lock Trust.

85732836.3

## BACKGROUND

1.	The Lock Trust was a customer of Bernard L. Madoff Investment Securities, LLC ("Madoff Securities"), as defined by the Securities Investor Protection Act of 1970 ("SIPA"), 15 U.S.C. § 78fff-2(e)(4) (2006).

2.	On December 11, 2008, the above-captioned liquidation proceeding was commenced against Madoff Securities, and Irving Picard was appointed Trustee. (*See* Dkt. No. 1, *SEC v. Madoff*, No. 08-10791, Order S.D.N.Y. Dec. 15, 2008).)

3.	On December 23, 2008, the Court issued an Order directing the Trustee to disseminate notice and claim forms to customers, broker-dealers, and other creditors of Madoff Securities. (Dkt. No. 12 at 2, Order dated Dec. 23, 2008.)

4.	Pursuant to the Court's Order, on January 8, 2009, the Lock Trust filed a customer claim, with supporting documents, which the Trustee designated as Claim Number 002499 ("Claim"). (Attached hereto as Exhibit A is Claim Number 002499.)

5.	On July 30, 2010, the Trustee in the above-captioned matter mailed the Notice to the Lock Trust; the Notice denied the Claim in its entirety. (Attached hereto as Exhibit B is the Notice of Trustee's Determination of Claim.) The Notice explains that the Trustee assessed the Lock Trust account "based on a money in/money out analysis" and that the account did not have a "positive 'net equity;"; the Trustee offered no other basis for the denial of the Claim in its entirety.

6. On March 1, 2010, the Court affirmed the Trustee's Net Investment Method for determining customer claims. (Dkt. 1999, Opinion dated March 1, 2010.) With respect to this method for determining claims, the Notice states:

> On March 1, 2010, the United States Bankruptcy Court for the Southern District of New York (Lifland, J.) issued a decision which affirmed the Trustee's Net Investment Method for determining customer claims. The final resolution of this issue is expected to be determined on appeal.
>
> Should a final and unappealable court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by you in having your customer claim re-determined in accordance with any such Court order.

(Ex. B at 2.)

## GROUNDS FOR OBJECTION

1. In accordance with this Court's December 23, 2008, Order, the Lock Trust objects to the Notice to preserve all claims and defenses set forth in its Claim. (Dkt. No. 12 at 6-7.)

2. The Lock Trust contends that the Lock Trust's Claim for $601,246 is the "net equity" due to it under SIPA for the reasons set forth in the Claim. The Lock Trust's net equity reflects the credit balance and value of securities reflected in its last statement from Madoff Securities.

3. The terms of the Notice itself indicate that the Lock Trust will receive the benefit of any final and unappealable orders entered with respect to the Trustee's Net Investment Method, and the Lock Trust desires to preserve the Lock Trust's right to claim such benefit.

4. The Lock Trust further objects to the denial of its Claim on several other grounds, including but not limited to:

   a. The Trustee's reduction of amounts on the Lock Trust's Claim by any prior gains reflected in the final statement. This constitutes an attempt to avoid gains without proving that the gains were avoidable as required by the Bankruptcy Code and SIPA.

   b. The Lock Trust has paid income taxes in reliance on the validity of the account withdrawals.

   c. The Lock Trust is entitled to an adjustment of the Claim to account for the Claim's current value.

   d. The Lock Trust is entitled to recover interest or a comparable rate of return for amounts deposited into its account with Madoff Securities.

## RELIEF REQUESTED

1. For the reasons stated herein and in the Claim, the Claim should be allowed in its entirety, including, without limitation, costs, fees, and expenses.

2. The Lock Trust requests such other relief as may be just and equitable.

3. The Lock Trust reserves the right to revise, supplement, or amend this Objection and any failure to object on a particular ground or grounds shall not be construed as a waiver of the Lock Trust's right to object on additional grounds.

Dated: August 30, 2010
New York, New York

                           FULBRIGHT & JAWORSKI L.L.P.

                           ____/s David A. Rosenzweig_____
David A. Rosenzweig
Jami Mills Vibbert
Fulbright & Jaworski L.L.P.
666 Fifth Avenue
New York, New York 10019
Tel.:  (212) 318-3000
Fax:  (212) 318-3400
drosenzweig@fulbright.com
jvibbert@fulbright.com

*Attorneys for Northern Trust, NA, as Successor Trustee for Melvin N. Lock Trust*

85732836.3                                                    5

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document was served through this Court's ECF system and via email on August 30, 2010, upon:

> David J. Sheehan
> Baker & Hostetler LLP
> 45 Rockefeller Plaza
> New York, NY 10111
> Tel.:  212 589 4200
> Fax:  212 589 4201
> Email: dsheehan@bakerlaw.com
> *Attorney for the Trustee*

       /s/ Jami Mills Vibbert
Jami Mills Vibbert