UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
SECURITIES INVESTOR PROTECTION
CORPORATION,

                      Plaintiff-Applicant,

          - against -                            Adv. Pro. No. 08-01789-BRL

BERNARD L. MADOFF INVESTMENT         SIPA Liquidation
SECURITIES LLC,

                      Defendant.
-----------------------------------------------------------------x

## OBJECTION TO SIPA TRUSTEE'S DETERMINATION
## OF CLAIM NUMBER 000258

      The Claimant, SYLVIA ANN JOEL (hereinafter referred to as the "Claimant"), by her attorneys, Snow Becker Krauss P.C., hereby objects to and opposes the Notice of Trustee's Determination of Claim dated August 5, 2010 (hereinafter referred to as the "Determination") issued by Irving H. Picard, Trustee under the Securities Investor Protection Act (hereinafter referred to as the "SIPA Trustee"), upon the following grounds:

     1.      Upon information and belief, the Claimant's allowable claim on Bernard L. Madoff Investment Securities LLC ("BLMIS") Account No. 1-J0033 (which has been designated as Claim Number 000258) computed on the "money in, money out" analysis being utilized by the SIPA Trustee (i.e., the SIPA Trustee's Net Investment Method) should be a positive sum in an indeterminate amount that is unknown to the Claimant, rather than the negative "Adjusted Amount" balance of ($68,974.00)

reflected under the SIPA Trustee's Determination.[1]

2. The account in question, BLMIS Account No. 1-J0033 (the "Account"), is a personal account held by the Claimant.

3. The Claimant predicates her SIPA claim herein upon the contention that up until on or about the time of his death on May 6, 2003, Martin J. Joel, Jr., Deceased (the "Decedent"), the husband of the Claimant, was a trader employed by Bernard L. Madoff Investment Securities LLC on the 18th floor of the office building in which the business premises of Bernard L. Madoff Investment Securities LLC was located, and throughout the Decedent's lifetime he personally (a) handled the various accounts that he maintained at Bernard L. Madoff Investment Securities LLC for himself and for his relatives (including his wife, the Claimant) and entities that he owned and controlled, and (b) executed the trades of the securities in those accounts. Those accounts were not "managed" by Bernard L. Madoff as a part of the "Ponzi scheme" that he operated out of the 17th floor of the business premises occupied by Bernard L. Madoff Investment Securities LLC until subsequent to the Decedent's death, after which Bernard L. Madoff was entrusted with the management of those accounts and became one of the Executors of the Decedent's estate and one of the Trustees of the two Trusts created under the Decedent's Last Will and Testament.

---

[1] The allowable claim asserted by Claimant herein is based upon the SIPA Trustee's Net Investment Method (i.e., "money in, money out") for determining the net equity in the accounts of customers of Bernard L. Madoff Investment Securities LLC, and is subject to the Claimant's right to have its claim re-determined in accordance with any final and unappealable court order that reverses or modifies the Bankruptcy Court's Decision dated March 1, 2010.

4. Accordingly, it is the Claimant's contention that real cash and securities held in the various BLMIS accounts that were managed by the Decedent personally during his lifetime were thereafter turned over to Bernard L. Madoff for management subsequent to the Decedent's death, and that each one of those accounts is entitled to and should receive full credit for the cash and securities on deposit therein as of the date of death of the Decedent.

5. It is the Claimant's further contention that the new BLMIS accounts that were opened for the Decedent's Estate and for the two testamentary trusts created under the Decedent's Last Will and Testament are entitled to and should receive full credit for the cash and securities transferred into those accounts from any of the BLMIS accounts that were managed personally by the Decedent during his lifetime.

6. It is the Claimant's further contention that the Account is entitled to and should receive full credit for all cash and securities transferred into the Account from any of the BLMIS accounts that are referenced in ¶¶ 4 and 5 above, including but not necessarily limited to the BLMIS accounts referred to in Table 1 annexed to the Notice of Trustee's Determination of Claim, those being:

    A. - BLMIS Account No. 1J001610;

    B. BLMIS Account No. 1J003630;

    C. BLMIS Account No. 1J005730; and

    D. BLMIS Account No. 1A013730.

7. By reason of the foregoing, the Claimant seeks a complete accounting from the SIPA Trustee with respect to (a) BLMIS Account No. 1J001610, (b) BLMIS Account No. 1J003630, (c) BLMIS Account No. 1J005730, (d) (BLMIS Account

No. 1A013730, (e) any other predecessor transferee accounts that were the source of deposits, transfers and/or rollovers into the aforesaid BLMIS accounts, and (f) the Account.

Dated: New York, New York
       August 31, 2010

                                        SNOW BECKER KRAUSS P.C.
                                        *Attorneys for Claimant*
                                        By: /s/ Michael Wexelbaum
                                          Michael Wexelbaum, Esq.
                                        605 Third Avenue - 25th Floor
                                        New York, New York 10158-0125
                                        (212) 687-3860