**Schulte Roth & Zabel LLP**
919 Third Avenue
New York, New York 10022
Telephone:  (212) 756-2000
Facsimile:  (212) 593-5955
Marcy Ressler Harris
Email:  marcy.harris@srz.com

*Attorneys for JF Partnership*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff, | SIPA Liquidation |
| v. | |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM**

JF Partnership ("Claimant"), by and through its attorneys, Schulte Roth & Zabel

LLP, hereby objects to the Notice of Trustee's Determination of Claim Number 012677 dated

August 6, 2010 ("Determination Letter"), incorporated herein by reference.

**BACKGROUND**

1.      On December 15, 2008, the above-captioned liquidation proceeding was

commenced against Bernard L. Madoff Investment Securities, LLC ("BLMIS") pursuant to the

Securities Investor Protection Act ("SIPA").  (*See* Order, *SEC v. Madoff*, No. 08-10791

(S.D.N.Y. Dec. 15, 2008).)  Irving Picard was appointed Trustee ("the BLMIS Trustee") charged

with overseeing the liquidation of BLMIS and processing customer claims pursuant to SIPA.

(*Id.*)

2.      On December 23, 2008, the Court entered an Order directing the BLMIS Trustee

to give notice of the liquidation proceeding and claims procedure to BLMIS customers and

setting forth claim filing deadlines. (*See* Order, *SIPC v. Bernard L. Madoff Securities, LLC*, No.

08-01789 (Bankr. S.D.N.Y. Dec. 23, 2008).)  Upon information and belief, the BLMIS Trustee

provided notice and claims forms to BLMIS customers in accordance with the Court's Order.

3.      The December 23, 2008 Order further provided that, to the extent the BLMIS

Trustee disagrees with the amount set forth on a customer claim form, the BLMIS Trustee "shall

notify such claimant by mail of his determination that the claim is disallowed, in whole or in part,

and the reason therefor."  (*See* Dec. 23, 2008 Order at 6.)

4.      Claimant is a "customer" of BLMIS, as defined by SIPA.

5.      Claimant's final BLMIS statement, dated November 30, 2008 ("Final BLMIS

Statement"), reflects that it owned various securities.

6.      On or about June 27, 2009, Claimant submitted a customer claim form to SIPC,

setting forth its claim for the value indicated in its Final BLMIS Statement,[1] which the Trustee

---

[1]      Claimant's SIPA claim reflects the value of the securities as listed on the Final BLMIS Statement.
Claimant does not dispute that the proper date on which to value those securities may be the filing date, *i.e.*,
December 11, 2008, for which date market values of the securities reflected on the Final BLMIS Statement are
readily available.

has designated as Claim Number 012677 (the "Claim").  The Claim is incorporated herein by

reference.

7.      All of the securities reflected in the Final BLMIS Statement are real, publicly

verifiable securities, such as United States Treasury Bills and the common stock of well-known

companies such as Microsoft Corp., Priceline.com, Inc., Discover Financial Services and

Morgan Stanley (the "Stock Positions").[2]

8.      The BLMIS Trustee sent Claimant the Determination Letter, dated August 6,

2010, denying the Claim in its entirety.

9.      On September 16, 2009, this Court issued an "Order Scheduling Adjudication of

'Net Equity' Issue" (the "Net Equity Scheduling Order").  The Net Equity Scheduling Order

stated that "The Trustee and Interested Parties shall reserve all rights, claims, and defenses as to

any issues and/or arguments not resolved by the Court in connection with the briefing described

herein on the Net Equity Issue."  The Net Equity Scheduling Order further directed the Trustee

to confer with counsel regarding other issues that should be the subject of separate scheduling

orders.

10.      On March 1, 2010, after receiving all briefs and hearing argument on the Net

Equity Issue, this Court issued a memorandum decision affirming the Trustee's method for

determining customer claims (the "Net Equity Decision").  As to the Net Equity Decision, the

Determination Letter acknowledged:

---

[2]      The sole exception was a purported investment in Fidelity Spartan U.S. Treasury Money Market Fund ("Fidelity Spartan"), which existed prior to 2005 and either closed or was renamed thereafter. *See* Beth Healy, *Madoff Might Not Have Made Any Trades*, THE BOSTON GLOBE, Jan. 15, 2009, http://www.boston.com/business/articles/2009/01/15/madoff_might_not_have_made_any_trades/. The purported investment in Fidelity Spartan accounted for an insignificant portion of Claimant's total account value.  Thus, while Claimant believes the BLMIS Trustee can value the Fidelity Spartan investment, its inclusion among the remaining indisputably "real" securities reflected on the Final BLMIS Statement should not impact how Claimant's SIPA claim is valued.  At worst, the Fidelity Spartan investment can be ignored in valuing Claimant's claim.

On March 1, 2010, the United States Bankruptcy Court for the Southern District of New York (Lifland, J.) issued a decision which affirmed the Trustee's Net Investment Method for determining customer claims. The final resolution of this issue is expected to be determined on appeal.

Should a final and unappealable court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by you in having your customer claim re-determined in accordance with any such Court order.

11.     The Net Equity Decision is currently on appeal to the U.S. Court of Appeals for the Second Circuit.

## GROUNDS FOR OBJECTION

12.     As mandated by this Court's December 23, 2008 "Order on Application for Entry of an Order Approving Form and Manner of Publication and Mailing of Notices, Specifying Procedures for Filing, Determination, and Adjudication of Claims; and Providing Other Relief" (the "Claims Procedures Order"), Claimant files this Objection to dispute the Determination and to preserve all claims and defenses set forth in the Claim.

13.     Claimant maintains that "net equity" under SIPA is equal to the value of the securities positions and credit balance reflected in Claimant's last account statement, for all of the reasons set forth in Claimant's briefs[3] and the various submissions to the Court in the net equity litigation.

14.     Claimant seeks to preserve its rights should it be entitled to benefit from any final and unappealable order entered in the net equity litigation.

---

[3]     Claimant set forth its arguments in its Opposition to the Trustee's Interpretation of Net Equity, filed November 13, 2009, Docket No. 771, and its Response to the SEC's "Constant Dollar" Approach to "Net Equity," filed December 21, 2009, Docket No. 1104. Claimant incorporates all of the arguments contained in those filings into this Objection.

15.    Claimant also objects to the Trustee's denial and/or reduction of the Claim for the

following additional reasons:

    a)  Reducing the Claim by the amount of any withdrawal prior to adjudication of

        the issue constitutes an impermissible avoidance.

    b)  There is no legal basis to avoid transfers beyond the applicable limitations

        periods.

    c)  Reducing the Claim by the amount of any withdrawal constitutes an

        impermissible setoff barred under SIPA and the Bankruptcy Code.

    d)  Inter-account transfers are improperly classified as withdrawals and

        disallowed.

    e)  Claimant is entitled to recover interest, or some other fair rate of return on

        deposited amounts, to account for appreciation and the time value of money.

### CONCLUSION

16.    For the reasons stated above,

    a)    the Claim should be allowed in its entirety including, costs, fees, expenses,

and a fair rate of return;

    b)    the Court should direct SIPC to issue immediate payment to Claimant in

the amount stated in Claimant's Final BLMIS Statement, or in the amount of the filing date value,

plus interest; and

    c)    the Court should order such other and further equitable relief as the Court

deems appropriate.

17.    Claimant reserves the right to revise, supplement, or amend this Objection and its

Claim and any failure to object on a particular ground or grounds shall not be construed as a

waiver of Claimant's right to object on any additional grounds.

Dated:  New York, New York
       September 2, 2010

SCHULTE ROTH & ZABEL LLP

By:   /s/ Marcy R. Harris
Marcy Ressler Harris
919 Third Avenue
New York, New York 10022
(212) 756-2000

*Attorneys for JF Partnership*