Exhibit C

TRUST AGREEMENT made this 5ᵗʰ day of May         , 1988, by
and between MARTIN J. JOEL, JR., now residing in the State of New
York (herein called the "Grantor") and BERNARD L. MADOFF, now
residing in the State of New York (herein called the "Trustee").


        1.    Trust Property.    Grantor in consideration of the
premises and covenants herein contained hereby conveys, assigns
and delivers to the Trustee the property listed in the schedule
annexed hereto and identified as "Schedule A", receipt of which
is hereby acknowledged by the Trustee, to have and to hold the
same and any cash, securities or other property which the Trustee
may pursuant to any of the provisions hereof at any time hereaf-
ter hold or acquire, all of such property being hereinafter
sometimes referred to collectively as the "trust estate", for the
uses and purposes and upon the terms and conditions and express
trusts herein set forth.


        2.    Dispositive Provisions.    The Trustee shall hold,
manage, invest and reinvest the trust estate, collect the income
therefrom and dispose of the net income and principal of this
trust, which shall be known as the "PATRICIA SAMUELS FAMILY
TRUST", as follows:

A.   The annual net income shall be paid to or applied for the benefit of such member or members of a class of persons consisting of Grantor's daughter, PATRICIA SAMUELS, and her issue from time to time living in such amounts and proportions as the Trustee, in the Trustee's absolute discretion, shall from time to time determine.   In the event that during the term of the trust Grantor's said daughter and her issue shall all die, the beneficiaries of this trust will become Grantor's daughter, AMY JOEL BURGER, and her issue from time to time living and all of the provisions of this trust will apply to them as if they were the original beneficiaries of this trust.   In paying or applying such income from said trust to the use of the aforesaid class, the Trustee, in the Trustee's absolute discretion, may pay or apply the same to the use of any one member of said class or apportion it for the benefit of the various members to the exclusion of other members in such manner as the Trustee from time to time may deem advisable, without equality of treatment, taking into consideration the best interests and welfare of all of them with one exception.   Grantor requests, but does not direct, that his daughter, PATRICIA SAMUELS, be given preferential treatment in the distribution of the income.   Any net income not so paid or applied shall be added to the principal of this trust, at least annually, and thereafter shall be held,

administered and disposed of as a part thereof.

B.  The Trustee is authorized, in the Trustee's discretion, to pay to or apply for the benefit of one or more of the said members of the said class of persons, such amount or amounts of principal of this trust, including the whole thereof, as the Trustee may, from time to time, deem advisable for their proper support, maintenance, education, health or comfort.  Again Grantor requests, but does not direct, that his daughter, PATRICIA SAMUELS, be given preferential treatment in the distribution of principal.

C.  This trust shall terminate upon the death of Grantor.  Upon said termination, the then remaining principal of this trust and any accrued and undistributed income thereof shall be transferred and paid over to Grantor's daughter, PATRICIA SAMUELS, if she is then living or, if she is not then living, to said daughter's issue who are then living, per stirpes, subject to the trusts herein for their benefit, or, if no such issue are then living, to Grantor's then living issue, per stirpes, subject to the trusts herein for their benefit.

D.  If, upon the death of Grantor, any grandchild of Grantor becomes entitled to a share of the then remaining principal of this trust and any accrued and undistributed

income thereof and is under the age of 35 years, such share set apart for such grandchild (hereinafter sometimes referred to as "beneficiary") shall be retained by the Trustee in a separate trust, which shall be known as the "Grandchild Trust", for such beneficiary pursuant to the following terms:

(1.)  Until such beneficiary attains the age of 21 years, the Trustee shall pay to or apply for him or her so much or all of the net income and of the principal of the trust as the Trustee determines to be required from time to time for the beneficiary's care, support, maintenance, education, health or comfort.  Any income not paid or applied for such purposes shall be added to the principal of such beneficiary's trust whenever convenient after the end of the trust tax year in which such income is received and thereafter shall be held, administered and disposed of as a part thereof.

(2.)  When such beneficiary attains the age of 21 years, the Trustee shall pay to or apply for him or her all of the net income of the trust until the termination of the trust. If, after such beneficiary attains the age of 21 years, the Trustee determines that the net income and principal available to him or her from all sources known to the Trustee are not sufficient for the beneficiary's care, support, maintenance, education, health or comfort, the Trustee shall pay to or apply for him or

her, from time to time, such amount or amounts of the principal of the trust, including the whole thereof, as the Trustee determines to be required for those purposes. The Trustee can also use the principal to help establish the beneficiary in a business or profession, to encourage the beneficiary to remain in any business or profession, to assist the beneficiary in the purchase of a home and for any other purpose that advances the best interests of the beneficiary.

(3.) In addition to the payments provided in (1) and (2) above, the Trustee shall distribute to such beneficiary:

a. One-third of the then principal of the trust when he or she attains the age of 25 years and if he or she makes demand therefor;

b. One-half of the then principal of the trust when he or she attains the age of 30 years and if he or she makes demand therefor;

c. The remainder of the trust when he or she attains the age of 35 years, at which time the trust shall shall terminate.

If, upon creation of a trust for a beneficiary, he or she has attained the age of 25 years, the Trustee shall distribute one-third of the then principal of the trust to such beneficiary if such beneficiary shall make demand therefor and only the remainder thereof shall be held in trust under this

Article. If, upon creation of a trust for a beneficiary, he or she has attained the age of 30 years, the Trustee shall distribute two-thirds of the then principal of the trust to such beneficiary if such beneficiary shall make demand therefor and only the remainder thereof shall be held in trust under this Article.

(4.)  If such beneficiary dies prior to the time above fixed for termination of such beneficiary's trust, the then remaining principal of such trust and any accrued and undistributed income thereof shall be transferred and paid over to the beneficiary's estate.

3.  <u>Simultaneous Death and Survivorship Provisions</u>.  If Grantor or any income beneficiary and any remainderman of the trust created under Article 2 of this Trust Agreement shall die under such circumstances that it is difficult or impossible to determine who predeceased the other, then for the purposes of this Trust Agreement Grantor or such income beneficiary shall be deemed conclusively to have survived such remainderman.

4.  <u>Payment or Application of Income or Principal in General</u>.  In making any payment or application of income or principal to or for the benefit of any beneficiary of the trusts created under Article 2 of this Trust Agreement, the Trustee may make payment directly to such beneficiary or may make application

-6-

directly or by payment to a guardian, committee or conservator of
such beneficiary appointed in any jurisdiction, or to a custodian
under the applicable Uniform Gifts to Minors Act to be selected
by the said Trustee.  The receipt of such beneficiary, guardian,
committee, conservator or custodian shall discharge the said
Trustee with respect to any such payment or application and the
said Trustee shall not be responsible for the application of such
income or principal by such beneficiary, guardian, committee,
conservator or custodian.

5.  <u>Payments to Individuals Under 21</u>.  If any individu-
al for whom no other trust has been provided for herein under the
age of twenty- one (21) years becomes entitled to a share of the
principal and/or accrued and undistributed income of the trust
created under Article 2 upon the termination thereof, the Trustee
is authorized and empowered, in his absolute discretion, to
transfer and pay over such individual's share, or any portion
thereof, without bond, to the guardian of his or her person or
property, to a custodian to be selected by the Trustee under the
applicable Uniform Gifts to Minors Act or to such individual if
over the age of majority.  Any portion or all of such individ-
ual's share which is not transferred and paid over as provided in
the foregoing sentence shall be held in further trust, for the
following uses and purposes: To manage, invest and reinvest the
same, to collect the income thereof and, without regard to the

duty of any person to support such individual and without regard to any other funds which may be applicable or available for such purpose, to apply the net income and principal thereof for such individual's care, support, maintenance, education and general welfare, until he or she becomes twenty-one (21) years of age, to such extent and at such time or times and in such manner as the Trustee, in his absolute discretion, shall deem advisable. Any net income or principal which the Trustee may determine so to apply may be directly applied or may be paid over, without bond, to such individual as an allowance, to the guardian of the person or property of such individual or to a custodian to be selected by the Trustee under the applicable Uniform Gifts to Minors Act. Any net income not so applied shall be added to the principal of the trust, at least annually, and thereafter shall be held, administered and disposed of as a part thereof. When such individual reaches the age of twenty-one (21) years, any property then remaining in the hands of the Trustee shall be transferred and paid over to such individual or, if such individual shall die before reaching the age of twenty-one (21) years, shall be transferred and paid over to the estate of such individual.

If the Trustee, in the exercise of his absolute discretion, shall at any time determine not to hold or to continue to hold any such property in trust, as hereinabove provided, full power and authority is given to transfer and pay over such pro-

perty, without bond, to the guardian of the person or property of such individual, to a custodian to be selected by the Trustee under the applicable Uniform Gifts to Minors Act or to such individual if over the age of majority.

The receipt of the guardian, custodian or individual to whom any principal or income is transferred or paid over pursuant to any of the above provisions shall be a full acquittance and discharge to the Trustee from liability with respect to such transfer or payment and from further accountability therefor.

6. <u>Powers</u>. In addition to any powers conferred by law, the Trustee shall have the following powers, authorities and discretions with respect to any property, real or personal, at any time held under any provisions hereof and may exercise the same without the order or approval of any court:

A. To retain any such property, including, but not limited to, so-called "tax shelters", without regard to the proportion any such property or similar property held may bear to the entire amount held and without any obligation to diversify the same, whether or not the same is of the kind in which fiduciaries are authorized by law or any rule of court to invest funds.

B. To invest and reinvest in and to acquire by purchase, exchange or otherwise, property of any character whatsoever, foreign or domestic, taxable or tax exempt, or interests or participations therein, including by way of illustration and not of limitation: securities on margin, naked or covered options, futures, life estates and remainder interests in property, real property, mortgages, bonds, notes, debentures, certificates of deposit, capital, common and preferred stocks,

and shares or interests in investment trusts, mutual funds or common trust funds, without regard to the proportion any such property or similar property held may bear to the entire amount held and without any obligation to diversify, whether or not the same is of the kind in which fiduciaries are authorized by law or any rule of court to invest funds.

C.  To invest in securities producing tax exempt income without any liability to any person for any decline in value resulting from such investment and to invest any or all of such property in interest bearing property even though such property shall have no appreciation potential.

D.  To sell any such property upon such terms and conditions as may be deemed advisable, at public or private sale, for cash or on credit, for such period of time as may be deemed advisable, or partly for cash and partly on credit, and with or without security, and the purchaser of such property shall have no obligation to inquire as to the use or application of the proceeds of sale; to exchange any property held hereunder upon such terms and conditions as may be deemed advisable; to grant options for any of the foregoing; to sell securities short, to sell naked or covered options and futures and to deal in risk arbitrage.

E.  To lease or to sublease any such property, including any oil, gas or mineral property, for such period of time and to grant such covenants or options for renewal as may be deemed advisable without regard to the duration of any trust; and to mortgage, pledge or otherwise encumber any such property upon such terms as may be deemed advisable.

F.  To partition, repair, manage, improve or otherwise alter any such property for such price and upon such terms as may be deemed proper.

G.  To be a partner or joint venturer in, or officer, director or stockholder of any business enterprise.

H.  To participate in and to consent to any plan of reorganization, recapitalization, consolidation, merger, combination, dissolution, liquidation or similar plan and any action thereunder,

-10-

including by way of illustration and not of limitation: the deposit of any property with any protective, reorganization or similar committee, the delegation of discretionary powers thereto, the sharing in the payment of its expenses and compensation and the payment of any assessments levied with respect to such property; and to receive and retain property under any such plan whether or not the same is of the kind in which fiduciaries are authorized by law or any rule of court to invest funds.

I.  To exercise all conversion, subscription, voting option and other rights of whatsoever nature pertaining to any such property and to make payments in connection therewith and to grant proxies, discretionary or otherwise, with respect thereto; to appoint voting Trustees under voting Trust Agreements and to delegate to such voting Trustees the power to vote and all other powers, authorities and discretions usually conferred upon trustees under voting Trust Agreements.

J.  To borrow such sums of money at any time and from time to time for such periods of time upon such terms and conditions from such persons or corporations (including any fiduciary hereunder) for such purposes as may be deemed advisable, and to secure such loans by the pledge or hypothecation of any property held hereunder, and the decision with respect thereto shall be final and binding upon all persons interested hereunder; and the lender shall have no obligation to inquire as to the application of the sums loaned or as to the necessity, expediency or propriety of the loan.

K.  To register and hold any property of any kind, whether real or personal, at any time held hereunder in the name of a nominee or nominees and to hold any such personal property in any state; and to receive and keep any stocks, bonds or other securities unregistered or in such condition as to pass by delivery.

L.  To extend the time for payment of any claim or obligation; and to abandon, settle, compromise, renew, modify, release, adjust or submit to arbitration in whole or in part and without the order of any court any and all claims or obligations whether the same shall increase or

decrease the value or aggregate of the property held hereunder.

M.   To distribute in the exercise of sole and absolute discretion any property in kind at market value unless otherwise directed herein or in cash, or partly in kind and partly in cash, and to allocate among the recipients the property distributed in kind, without any obligation to make proportionate distributions or to distribute to all recipients property having an equivalent Federal income tax cost and without regard to equality of treatment of the recipients, without any need to make any adjustment and without being subject to question by any person, and when any distribution is to be made to an individual under the age of twenty-one (21) years, the same may be made to a custodian to be selected by the Independent Trustee under any applicable Uniform Gifts to Minors Act.

N.   To retain, employ and compensate at any time, including in advance of any intermediate or final accounting of any trust hereunder, such agents and services (including investment counsel, accountants, attorneys, custodians, stockbrokers and other agents) as may be deemed advisable.

O.   After the termination of any trust hereunder, to exercise all the powers, authorities and discretions herein conferred until the complete distribution of the property held hereunder.

P.   To do all such acts and exercise all such rights and privileges, although not specifically mentioned hereunder, with relation to any such property as if the absolute owner thereof and to make, execute and deliver any and all instruments or agreements.

Whenever the Trustee is directed to pay or apply, in his discretion, income or principal to or for the benefit of any person under any trust established herein, the Trustee may, but shall not be required to, take into consideration any income or

property otherwise available to such person. Whenever the Trustee is directed to pay or apply in his discretion, income or principal to or for the benefit of any person under any trust established herein, the Trustee shall not be required to take into consideration the interests in the principal of any remainderman. Whenever under any of the provisions of this Trust Agreement, the Trustee is authorized in his discretion to take any action or make any determination or decision, any such action, determination or decision shall be final and binding upon any one interested in any trust hereunder and the Trustee shall not be held accountable in any court or to any person with respect thereto.

The Trustee shall not be liable or responsible for the loss or depreciation of any security, investment or other property which may be received, purchased, made or retained by the Trustee in good faith in accordance with the provisions of this Trust Agreement, or with respect to any of the funds held by the Trustee hereunder, or for any loss incurred in any enterprise undertaken or participated in by the Trustee with respect to any of the funds held by the Trustee hereunder, or for any act, deed or loss, no matter how incurred, arising from any matter with respect to any of such funds, undertaken by the Trustee in good faith pursuant to the provisions of this Trust Agreement.

No person or corporation dealing with the Trustee acting hereunder shall have any duty to inquire into the proprie-

ty or validity of any action taken by the Trustee, or be required to see to, or be liable for, the application of any money paid or property transferred or delivered to the Trustee.

All trusts created hereunder shall be terminated by the Trustee not later than the expiration of twenty-one (21) years after the death of the last survivor of Grantor's and his wife's issue in being on the date of this Trust Agreement and, if any such trust shall be in existence hereunder on such expiration date, the then principal and any accrued and undistributed income thereof shall be transferred and paid over to the person or equally to the persons who is or are the then income beneficiary or beneficiaries.

7.    A.    <u>Addition of Property to Trust</u>.  With the consent of the Trustee, the Grantor or any other person may add additional property to the principal of the Trust Estate or to the principal of any of the trusts created hereunder either by lifetime gifts or by Will.

B.    (1)    <u>Fundings</u>.  During Grantor's lifetime, at any time Grantor or any other person transfers property to the Trustee, directly or indirectly, whereby Grantor or such other person is deemed to have made a gift for Federal gift tax purposes (herein called a "funding"), including the original funding of this trust, any such funding or an amount equal thereto shall be subject to the powers of withdrawal created by this Article.

-14-

(2)  Powers of Withdrawal.  As to each funding,
Grantor's daughter, PATRICIA SAMUELS, shall have an immediate
right to withdraw any such funding or an amount equal to such
funding, subject to the limitations in Subparagraph (3).  The
bankruptcy or death of the Grantor's said daughter shall cause
that daughter to lose forever the power of withdrawal.

(3)  Limitation on Powers of Withdrawal.
Notwithstanding the provisions of Subparagraphs (1) and (2) of
this Article, Grantor's said daughter shall not have the right to
withdraw during any one calendar year, with respect to all
fundings during such calendar year by each donor, an amount in
excess of the greater of FIVE THOUSAND DOLLARS ($5,000) or five
(5%) percent of the fair market value of the principal of this
trust determined as of the first business day of said calendar
year except for the original funding which will be valued on the
date of the original funding.  Nothwithstanding the foregoing,
the withdrawal amount shall not exceed Ten Thousand Dollars
($10,000) in any one calendar year.

(4)  Method of Exercise of Powers.  To be
effective, the exercise of any power of withdrawal under this
Article shall be by written notice, signed by Grantor's said
daughter possessing such power of withdrawal and delivered to the
Trustee within the earlier of (a) 30 days after receiving notice
of such funding or (b) the date of death of the donor.  If said
daughter is under any legal disability, the instrument exercising

-15-

her right of withdrawal may be executed by her legal guardian, conservator or committee or, if none, by her natural guardian (other than donor).

(5) <u>Powers are Noncumulative</u>. Each power to withdraw principal under this Article shall be noncumulative, and shall lapse if not exercised in the time and manner prescribed herein.

(6) <u>Duty of Trustee to Inform</u>. Grantor's said daughter or if she is under a legal disability, her legal guardian, conservator or committee shall be given a reasonable notice by the Trustee of the existence of such power of withdrawal and the conditions under which it may be exercised.

(7) <u>Priority</u>. The withdrawal rights under this Article shall have priority over all other principal payments authorized under this Trust Agreement during the life of the Grantor.

8. <u>Resignation of Trustee</u>. Any Trustee at any time acting hereunder shall have the right to resign by an instrument in writing signed and acknowledged, provided, however, that the resignation of any Trustee acting alone hereunder shall be effective only upon the appointment and qualification of a successor Trustee.

9. <u>Commissions</u>. The Trustees specifically named herein, namely, BERNARD L. MADOFF and STANLEY CHAIS, shall serve without commissions, but any other successor Trustees shall be

entitled to commissions at the rates and in the manner allowed to a Trustee of an express trust by the laws of the State of New York in effect from time to time.

10. <u>No Bond or Security</u>.  The named Trustee herein and any successors appointed pursuant to the provisions hereof, shall serve without bond or other security in any jurisdiction.

11. <u>Successor Trustee</u>.  A.  If BERNARD L. MADOFF fails to qualify or ceases to act for any reason, Grantor appoints STANLEY CHAIS as Trustee in his place.

B.  Grantor authorizes the last living original or successor Trustee named herein to designate, by an acknowledged written instrument, his successor or successors to act as Trustee in his place.

C.  If all of the Trustees and Successor Trustees named herein shall fail to qualify or cease to act without the Trustee selecting a successor, then Grantor's children or the survivor of them shall appoint an individual or bank or trust company wherever located, to serve as Trustee and such appointment shall be effected by an instrument in writing filed with the bank or trust company or individual being appointed as successor.  The compensation of a bank or trust company or

individual appointed as successor Trustee shall be at the rates
prescribed by law except as may be otherwise agreed upon between
such successor Trustee and the person making such appointment.

D.   The title to the trust estate shall automati-
cally vest in the successor Trustees.

12.   Irrevocability.  This Agreement and the trusts
created hereunder are hereby declared to be irrevocable and una-
mendable, and the Grantor shall not have any right at any time to
withdraw any of the property held hereunder or to revoke, annul
or cancel the trusts created hereunder in whole or in part or to
alter, amend or modify this Agreement in any respect.

13.   Estate Taxes.  If the Trustee shall be required by
an applicable tax apportionment law to pay out of the Trust
Estate any estate, inheritance, transfer, succession or other
similar taxes imposed by reason of the Grantor's death (exclud-
ing, however, any tax on any "generation-skipping transfer" (Sec-
tion 2601), the tax on property in which Grantor had a "qualify-
ing income interest for life" (Section 2044) and "the additional
tax" under Section 2032A, all of which Sections are in the Inter-
nal Revenue Code of 1986, as amended, and shall be deemed to
refer to corresponding provisions of any subsequent Federal tax
law), or interest or penalties thereon, the Trustee shall pay

-18-

such taxes, interest, and penalties from the Trust Estate. Grantor recognizes that adjusted taxable gifts attributable to this trust and which will be included in his estate for estate tax purposes may cause his estate to pay estate taxes. For this reason he wants such taxes apportioned to this trust to be paid out of this trust. The Trustee may rely solely upon the written certification of the legal representative of the Grantor's estate as to the amount of any such taxes, interest or penalties which the Trustee is required by any applicable tax apportionment law to pay out of the Trust Estate and shall have no duty or responsibility to make any further inquiry or to take part in the determination of such taxes, interest or penalties and upon making any such payment pursuant to such certification the Trustee shall have no further liability to anyone whomsoever in connection therewith.

14. <u>Change of Situs</u>. The Trustee hereunder may at any time or from time to time as he deems advisable in his discretion for the benefit or security of any trust or any portion thereof hereunder, remove (or decline to remove) all or part of the assets or the situs of administration thereof from one jurisdiction to another jurisdiction and elect that the law of such other jurisdiction shall thereafter govern the same to such extent as may be necessary and appropriate, and thereupon the courts of such other jurisdiction shall have the power to

effectuate the purposes of this instrument to such extent. This power of removal shall be a continuing power which may be exercised any number of times including for the purposes of further removal or change of location of assets or situs of administration. The determination of the Trustee as to any such removal or change of situs shall be conclusive and binding on all persons interested or claiming to be interested in any trust hereunder.

15.   <u>Trustee - Beneficiary</u>. If any Trustee would otherwise have the power to benefit herself or himself or to benefit anyone whom such Trustee then has a legal duty to support, then such Trustee shall not participate in any such exercise of discretion in connection with the distribution of principal and income and instead the same may only be exercised by the other then acting Independent Trustee. In the event there is no other Trustee who can exercise these discretionary powers, then an Independent Trustee or co-Trustee shall be appointed by the Court for the sole purpose of exercising same and shall be compensated for such services in the discretion of the Court.

16.   <u>Governing Law</u>. This Trust Agreement and the trusts created hereunder shall be construed, regulated and governed in all respects not only as to administration but also as to validity and effect by the laws of the State of New York.

17.  <u>Restrictions on Powers</u>.  Notwithstanding anything
herein contained to the contrary, no powers enumerated herein or
accorded to trustees generally pursuant to law shall be construed
to enable the Grantor or the Trustee, or either of them, or any
other person to purchase, exchange, or otherwise deal with or
dispose of the principal or income of any trust created by this
Agreement for less than an adequate or full consideration in
money or money's worth, or to enable the Grantor or the Trustee,
or either of them, or any entity in which the Grantor, any trust
herein or both have a substantial interest, to borrow the prin-
cipal or income of any trust created by this Agreement, directly
or indirectly, without adequate interest or security or to enable
the Grantor or the Trustee, or either of them, to apply any
trust's principal or income to the payment of premiums on
policies of insurance on the life of Grantor or the Grantor's
spouse.  No person, other than the Trustee, shall have or
exercise the power to vote or direct the voting of any corporate
shares or other securities of any trust created by this
Agreement, to control the investment of any trust herein either
by directing investments or reinvestments or by vetoing proposed
investments or reinvestments, or to reacquire or exchange any
property of any trust herein by substituting other property of an
equivalent value.  The Trustee is not required to surrender trust
assets upon being tendered substitute assets, regardless of the
relative values of the assets involved.

18.   <u>Termination of Trust</u>.   If, in the sole discretion of the Trustee, any trust created hereunder shall at any time be of a size which shall make it inadvisable or unnecessary to continue such trust or for any other reason the Trustee shall deem it inadvisable or unnecessary to continue such trust, then, anything contained herein to the contrary notwithstanding, the Trustee, in the Trustee's sole discretion, may terminate such trust and distribute and pay over the then entire principal of any such trust and any accrued and undistributed income thereof to Grantor's daughter who is then the beneficiary under this Trust Agreement or, if she is not then living, equally to the then living children of such daughter.

19.   <u>Definition of Terms</u>.   A.   The words "Trustee" and "Trustees" and the pronouns therefor as used in this Agreement shall be construed as masculine, feminine or neuter and singular or plural as the sense requires; and any reference to the Trustee or Trustees shall be deemed to include any successor, whether named herein or otherwise appointed.

B.   Whenever under this Agreement the Trustee is authorized to select a custodian under the applicable Uniform Gifts to Minors Act to hold property for the benefit of an individual under the age of twenty-one (21) years, the Trustee when exercising such power shall elect to have the custodianship last until the individual reaches the age of twenty-one (21) years if

the applicable State law so permits.

20.  <u>Acceptance by Trustee</u>.  The Trustee by joining in
the execution of this Trust Agreement hereby signifies his accep-
tance of the trusts created hereunder.


IN WITNESS WHEREOF, the Grantor and the Trustee have
executed this Agreement as of the date first above written.

                                    _____
                                              Grantor

                                    _____
                                              Trustee

STATE OF *New York* )
COUNTY OF *Westchester* ) : SS.


On the 5 day of *May*         , 1988, before me
personally appeared MARTIN J. JOEL, JR., to me known and known to
me to be the individual described in and who executed the fore-
going instrument as Grantor and he duly acknowledged to me that
he executed the same in that capacity.

                                    _____
                                              Notary Public

MARGARET W. GAVLIK
Notary Public, State of New York
No. 4747110
Qualified in Westchester County
Commission Expires Oct. 31, 1989

STATE OF *New York* )
                    : SS.
COUNTY OF *Westchester* )


     On the *5* day of *May*     , 1988, before me personally appeared BERNARD L. MADOFF, to me known and known to me to be the individual described in and who executed the foregoing instrument as Trustee and he duly acknowledged to me that he executed the same in that capacity.

                                  _____
                                      Notary Public

                            MARGARET W. GAVLIK
                     Notary Public, State of New York
                             No. 4747110
                     Qualified in Westchester County
                     Commission Expires Oct. 31, 1989

**SCHEDULE A**

$200,000.00 cash