Exhibit F

AGREEMENT entered into as of the 1st day of October, 2003 by and between PATRICIA SAMUELS, presently residing at 14 Pine Hill Drive, Dix Hills, NY 11746 ("**PATRICIA**"); AMY JOEL BURGER, presently residing at 50 Sutton Place South, New York, NY 10022 ("**AMY**"); BERNARD L. MADOFF with offices located at 885 Third Avenue, New York, NY 10022 ("**MADOFF**") and MRS. SYLVIA JOEL, presently residing at 21 Cayuga Drive, Scarsdale, NY 10583 ("**SYLVIA**").

## WITNESSETH

WHEREAS, both SYLVIA and MADOFF are the Executors and Trustees under the Will of Martin J. Joel, Jr. ("**MARTIN**"); and

WHEREAS, MARTIN died on May 6, 2003 a resident of Westchester County, New York; and

WHEREAS, SYLVIA is the life income beneficiary of a Trust created under Article FOURTH of MARTIN's Will (the **ARTICLE 4TH TRUST**); and

WHEREAS, substantially all of the funds presently on hand in MARTIN's Estate A/C will be utilized to fund the ARTICLE 4TH TRUST; and

WHEREAS, PATRICIA is presently indebted to the Bernard L Madoff Investment Securities firm ("**MADOFF & CO.**") as a result of a margin debt balance as at October 1, 2003, in PATRICIA's investment A/C at MADOFF & CO. in the amount of $472,444.16; and

WHEREAS, PATRICIA and AMY are the ultimate beneficiaries under the ARTICLE 4TH TRUST upon the death of SYLVIA; and

WHEREAS, the parties hereto mutually consent to a loan transaction whereby MARTIN's estate A/C will lend the sum of $1,500,000 to PATRICIA pursuant to the terms and conditions set forth hereinbelow.

NOW THEREFOR, in consideration of the premises and for other good and valuable consideration, the sufficiency of which is hereby acknowledged and agreed to by all of the parties hereto, it is agreed as follows:

1. Upon the execution of this Agreement by all of the parties hereto, MADOFF and SYLVIA, in their capacities of Executors of, and Trustees under, MARTIN's Will agree to lend the aggregate sum of $1,500,000 from MARTIN's Estate A/C to PATRICIA's investment A/C at MADOFF & CO. (the "PATRICIA LOAN"), thereby extinguishing the $472,444.16 margin debt balance in PATRICIA's investment A/C.

2. The PATRICIA LOAN shall bear annual interest calculated upon the average annual rate of return of the ARTICLE 4TH TRUST commencing with the full calendar year 2004 (i.e., on an initial 15 month period) and continuing thereafter on an annual calendar year basis until the date of death of SYLVIA. Such interest shall be accrued and satisfied pursuant to the provisions of Paragraph 3 below.

3. Upon the death of SYLVIA, the amount then due and owning by PATRICIA on the PATRICIA LOAN, (inclusive of all accrued interest thereon through the date of SYLVIA's death) shall be deemed to be a priority distribution to AMY from the then value of the ARTICLE 4TH TRUST. Such priority distribution shall in all events, inure to the benefit of AMY if she shall survive SYLVIA. In the event that AMY shall predecease PATRICIA, without issue surviving, the entire balance on hand in the ARTICLE 4TH TRUST, inclusive of the then amount of the PATRICIA LOAN and the accrued interest thereon shall inure to the sole benefit of PATRICIA or if she shall not survive SYLVIA, then to PATRICIA's then living issue, in equal shares per stirpes.

4. SYLVIA acknowledges and agrees that as a result of the PATRICIA LOAN the annual distributions, during her lifetime, from the ARTICLE 4TH TRUST may be diminished as a result of the PATRICIA LOAN transaction.

IN WITNESS WHEREOF the parties hereto have executed this Agreement as of the 1st day of October, 2003.

_____
PATRICIA SAMUELS

_____
AMY JOEL BURGER

_____
SYLVIA JOEL, individually and as
Trustee of the ARTICLE 4th TRUST

_____
BERNARD L. MADOFF, as Trustee of
the ARTICLE 4TH TRUST