BEASLEY HAUSER KRAMER LEONARD &
GALARDI, P.A.
505 South Flagler Drive, Suite 1500
West Palm Beach, Florida 33401
Telephone:  (561) 835-0900
Facsimile:  (561) 835-0939

BLACKNER, STONE & ASSOCIATES
123 Australian Avenue
Palm Beach, Florida 33480
Telephone: (561) 659-5754
Facsimile: (561) 659-3184

*Attorneys for Susanne Stone Marshall*

Hearing Date: 9/14/10 at 10:00 a.m.
Objection Deadline: 9/7/10

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br>Plaintiff,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>Defendant. | Adv. Pro. No. 08-1789 (BRL)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br>Debtor. | |

**OBJECTION TO THE FOURTH APPLICATION OF THE TRUSTEE AND BAKER &
HOSTETLER LLP FOR ALLOWANCE OF INTERIM COMPENSATION FOR
SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY
EXPENSES INCURRED FROM FEBRUARY 1, 2010 THROUGH MAY 31, 2010**

Susanne Stone Marshall ("Marshall"), by and through her counsel, hereby submits this

objection to the Fourth Application of the Trustee and of Baker & Hostetler LLP for the

Allowance of Interim Compensation for Services Rendered and Reimbursement of Actual and

Necessary Expenses Incurred from February 1, 2010 through May 31, 2010 (the "Fourth Interim

Application") and states as follows:

1.      Irving H. Picard (the "Trustee") was appointed by the Court at the request of the

Securities Investor Protection Corporation ("SIPC") in the proceeding instituted in the United

States District Court for the Southern District of New York on December 15, 2008 for the

liquidation of Madoff under the Securities Investor Protection Act, 15 U.S.C. § 78aaa, et seq.

("SIPA").

2.      In the Fourth Interim Application, the Trustee seeks fees in the amount of

$601,202.25 for the four month period from February 1, 2010 through May 31, 2010, and his

counsel, Baker & Hostetler LLP ("B&H"), seeks fees of in the amount of $33,981,534.45.  This

equates to $5,010 in daily compensation, including all weekends and holidays, for the Trustee,

and $283,179.45 in daily compensation for B&H, again including all weekends and holidays.

Thus, together, the Trustee and B&H are seeking $288,189.45 in daily compensation, including

weekends and holidays, or $2,017,326.10 per week.  On an annualized basis, this would be

$104,900,950.  These figures are excessive by any measure and should not be approved by this

Court.

3.      This Court has ruled that the Trustee and B&H are not required to file their

detailed billing reports as part of their interim fee applications.  As a result, the only way

objectors, such as the Marshall, can even attempt to evaluate the propriety these applications is

by reference to summary exhibits attached thereto.  While these summaries lack sufficient detail

to fully assess the Fourth Interim Application, there is information relevant to this Court's

consideration which justifies an Order denying the Fourth Interim Application.

4.      For example, the summary at Exhibit D to the B&H Fourth Interim Application,

lists approximately 250 different attorneys from B&H's offices throughout the United States who

have billed time to these matters in just the four month period at issue. See Fourth Interim

Application, Exhibit D.  Among those attorneys, during the applicable four month period,

approximately three have billed 1,000 hours or more (being over 250 hours per month), an

additional eleven (approximately) have billed over 800 hundred hours, while another twenty-nine

attorneys (approximately) have billed 600 hours or more during this period.  Id.  The amount of

time purportedly spent by these attorneys on these matters, especially when considered in concert

with the numerous other attorneys who are also actively working on the matters, is excessive,

indeed incredible, and should not be approved by this Court.

5.        Furthermore, the billing rates of certain of the attorneys involved in these matters

are excessive and should not be approved.  For example, before consideration of any discounts

B&H may apply, four attorneys listed on Exhibit D have billing rates in excess of $820 per hour,

including one attorney who billed 1,015 hours during the period, the second highest individual

hour total.  Id.  Another twelve attorneys have billing rates in excess of $700 per hour, including

two attorneys who billed in excess of 900 hours during the period. Id.  The Fourth Interim

Application should be denied based on these exorbitant rates, which have no legitimate

application in this type of case.

6.        In addition, it is difficult, based on the dearth of information provided, to

determine whether the hourly rates charged by the coterie of approximately 250 B&H attorneys

involved in these matters are in line with rates charged in the jurisdictions where those attorneys

are located.  Because B&H has offices all over the United States, B&H should be required to

disclose the location of each attorney involved in this matter to ensure that, for instance, an

attorney located in Ohio is not billing at New York City rates just because the case is pending in

New York.  B&H should not be permitted to receive such a windfall, if that is in fact what is

happening.

7.      Moreover, it cannot be determined due to the lack of disclosure in its application whether B&H is employing temporary attorneys and paralegals in this matter.  If this is so, it should be disclosed.  Also, B&H should disclose the actual cost of any such "temps" and any markups it may be charging.  See In re Worldwide Direct, Inc., 316 B.R. 637 (Bankr. D. Del. 2004) (disallowing any amounts billed to the estate for more than firm paid for the services of temporary lawyers and paralegals).

8.      According to its website, B&H has approximately 600 lawyers world-wide.[1] Therefore, it appears that almost half of B&H's United States attorney base have been working on this matter.  The current proceedings involve primarily routine and repetitive litigation and claim processing.  Baker should be required to explain why it requires almost half of its entire attorney staff to be working on this matter, and why the rates being charged are so high given the routine nature of much of its work.

9.      Given the significant issues raised by the summary information presented in the Fourth Interim Application, the Court should at a minimum deny the Fourth Interim Application until the Trustee and B&H supplement the Application with detailed reports, explanations and other documentation reflecting the reasonableness of the fees sought.

10.      Finally, Marshall reserves the right to amend or supplement this objection, and to join in objections that may be filed by others. Marshall also recognizes that the Fourth Interim Application seeks only an award of interim compensation, with such amounts as may be allowed being subject to the filing of a final application. Marshall also reserves the right to file an objection on any and all applicable grounds to any final applications as may be filed in this case,

---

[1] See http://www.bakerlaw.com/aboutus/overview

4

including with respect to any amounts as may be awarded on an interim basis with regard to the

to the Fourth Interim Application.

      WHEREFORE, Marshall respectfully request that this Court enter an Order denying the

Fourth Interim Application in its entirety and granting such other and further relief as is just,

necessary and proper.

DATED:      September 7, 2010

                    BEASLEY HAUSER KRAMER
                    LEONARD & GALARDI, P.A.
                    505 South Flagler Drive, Suite 1500
                    West Palm Beach, Florida 33401
                    Telephone:  (561) 835-0900
                    Facsimile:  (561) 835-0939
                    beasley@beasleylaw.net

                    By:      ___/s/ James W. Beasley, Jr.
                                James W. Beasley, Jr.


                    BLACKNER, STONE & ASSOCIATES
                    123 Australian Avenue
                    Palm Beach, Florida 33480
                    Telephone: (561) 659-5754
                    Facsimile: (561) 659-3184

                    *Attorneys for Susanne Stone Marshall*