Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY  10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
Irving H. Picard
Email: ipicard@bakerlaw.com
David J. Sheehan
Email: dsheehan@bakerlaw.com
Seanna R. Brown
Email: sbrown@bakerlaw.com

*Attorneys for Irving H. Picard, Esq. Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC And Bernard L. Madoff*

Hearing Date: September 14, 2010
Hearing Time: 10:00 am

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>     Plaintiff,<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>     Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>     Debtor. | |

**TRUSTEE'S RESPONSE TO OBJECTION TO FOURTH APPLICATION OF TRUSTEE
AND BAKER & HOSTETLER LLP FOR ALLOWANCE OF INTERIM
COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF
ACTUAL AND NECESSARY EXPENSES INCURRED FROM
<u>FEBRUARY 1, 2010 THROUGH MAY 31, 2010</u>**

300101212

Baker & Hostetler LLP ("B&H"), as counsel to Irving H. Picard as trustee (the "Trustee") for the substantively consolidated liquidation proceeding of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. § 78aaa *et seq.*,[1] and Bernard L. Madoff ("Madoff"), individually (collectively, "Debtor"), respectfully submits this reply on behalf of the Trustee and itself to the Objections filed in opposition to the fourth application (the "Fourth Application") (BLMIS Dkt. No. 2883) for an order allowing and awarding interim compensation for services performed by the Trustee and B&H for the period commencing February 1, 2010 through and including May 31, 2010 (the "Compensation Period"), and reimbursement of actual and necessary expenses incurred during the Compensation Period, and in support thereof, respectfully represents as follows:

## PRELIMINARY STATEMENT

1. Two objections (the "Objections") were filed to the Fourth Application. One objection was filed on behalf of Susanne Stone Marshall (the "Marshall Objector") (BLMIS Dkt. No. 2967). The other objection was filed on behalf of Diane and Roger Peskin, Maureen Ebel and a so-called "large group of other customers" (the "Peskin Objectors") (BLMIS Dkt. No. 2943), which is essentially nothing more than a reiteration of arguments previously presented to and rejected by this Court in connection with objections filed by the Peskin Objectors to the First, Second, and Third Interim Fee Applications of the Trustee and B&H (the "Prior

---

[1] References hereinafter to provisions of SIPA shall omit "15 U.S.C.."

Objections").[2]  Additionally, it misstates important facts with regard to the payment of claims by SIPC and the operation of the SIPA statute.  Not satisfied with this Court's rulings, the Peskin Objectors sought leave to appeal the orders approving the prior fee applications.  However, the United States District Court for the Southern District of New York ("District Court") disagrees with their position and denied their motions for leave to appeal the first and third fee orders.  *See* District Court Memorandum and Decision dated January 11, 2010 (GBD), Misc. Matter M-47, (BLMIS Dkt. No. 1764); District Court Opinion and Order dated August 6, 2010 (SAS), Misc. Matter M-47.[3]

        2.      For the reasons outlined below, the Objections should face the same fate as the Prior Objections and should be denied by this Court.  Accordingly, the Court should grant the relief requested in the Applications.

## ALLEGED CONFLICT OF INTEREST

        3.      As in the Prior Objections, the Peskin Objectors assert that the Trustee and B&H are in a position that is adverse to the customers of BLMIS, and therefore have an untenable conflict of interest and should not be allowed to serve in this case.  The Objection repeats the arguments that have previously been rejected on three prior occasions by this Court, including that B&H is "deliberately acting to delay and frustrate the payment of [C]ustomer claims . . ."  *Compare* Peskin Objection, ¶¶ 19-24, *with* Peskin Objectors' First Objection, at ¶¶

---

[2] Though counsel for the Peskin Objectors is not listed as counsel for the Marshall Objector in the Objection, counsel for the Peskin Objectors does in fact represent Marshall in other proceedings related to the BLMIS liquidation. *See, e.g.*, *Marshall v. Picower Estate, et al.*, No. 10 CV 80254 (S.D. Fla.) (complaint signed by, *inter alia*, Helen Davis Chaitman of Becker & Poliakoff); *Picard v. Fox, et al.*, No. 10-03114 (Bankr. S.D.N.Y.) (BRL) (notice of appearance filed by Helen Davis Chaitman of Becker & Poliakoff on behalf of, *inter alia*, Susanne Stone Marshall).  Thus, while it appears to be an independent objection, in many respects, the Marshall Objection should be viewed as nothing more than duplicative of that filed by the Peskin Objectors.

[3] The Peskin Objectors' motion for leave to appeal the second fee order remains pending before the District Court and is assigned to District Judge Deborah A. Batts.  Case No. Misc. Matter M-47 (DAB).

3

24-30 (BLMIS Dkt. No. 351); Peskin Objectors' Second Objection, at ¶¶ 30-37 (BLMIS Dkt. No. 1055); Peskin Objectors' Third Objection, at ¶¶ 14-20 (BLMIS Dkt. No. 2233). Their arguments are without merit.

4. In accordance with the statutory provisions of SIPA, on February 4, 2009, after notice and a hearing, and upon consideration of the declarations of disinterestedness filed by the Trustee and B&H, the Court entered an Order Regarding Disinterestedness of the Trustee and Counsel to the Trustee (BLMIS Dkt No. 69), finding that the Trustee and B&H were disinterested pursuant to §78eee(b)(6) of SIPA, section 327(a) of the Bankruptcy Code, and Federal Rule of Bankruptcy Procedure 2014(a), and were therefore in compliance with the disinterestedness requirement in §78eee(b)(3) of SIPA, section 327(a) of the Bankruptcy Code, and Bankruptcy Rule 2014(a).[4]

5. The Court expressly determined at the First, Second and Third Interim Fee Hearings that no new facts were presented which would alter the Court's prior findings regarding the conflict of interest alleged by the Peskin Objectors. *See* First Interim Fee Hearing Transcript, at 34-35 (BLMIS Dkt. No. 381); Second Interim Fee Hearing Transcript, at 34 (BLMIS Dkt. No. 1438); Third Interim Fee Hearing Transcript, at 97 (BLMIS Dkt. No. 2267). The Court heard argument by counsel for the Peskin Objectors, and effectively determined that even if the "facts" as asserted by the Peskin Objectors were correct, they did not as a legal matter rise to the level of a conflict: "I do not find that any basis exists for changing this Court's view of disinterestedness

---

[4] In addition to being disinterested, the Trustee is acting on behalf of the estate. A SIPA trustee's primary duty, like that of a chapter 7 trustee, "is not to any individual creditor or even any particular class of creditors, but to the estate as a whole," and accordingly, "the trustee's duty to the SIPA estate as a whole clearly prevails over the interests of any single customer." *See Kusch v. Mishkin (In re Adler, Coleman Clearing Corp.)*, 1998 Bankr. LEXIS 1076, at *49-50 (S.D.N.Y. Aug. 25, 1998), *aff'd*, 2000 U.S. App. LEXIS 14008 (2d Cir. Mar. 13, 2000).

4

exists, and I am very familiar with a lot of the activities that have taking (sic) place in connection with this matter." First Interim Fee Hearing Transcript, at 37.

6. During the Second Interim Fee hearing, the Court found no basis to alter its prior findings. *See* Second Interim Fee Hearing Transcript, at 33-34. The Court also stated that the Trustee's response and presentation "makes it clear that there is nothing in the objection to the Trustee's fees or the fees of Baker Hostetler that creates issues even that I haven't addressed previously, nor do they raise any sufficient concerns that this Court should order some kind of an evidentiary hearing." Second Interim Fee Hearing Transcript, at 33.

7. During the Third Interim Fee Hearing, the Court again found no basis for a finding of a conflict of interest. The Court addressed the only new argument by finding that their objections to fees could be attributed in part to the Peskin Objectors' own efforts in other forums to object to the net equity method employed by the Trustee in determining claims: "What is clear to me, and one of the reasons I am rejecting the argument here, is that these objectors and their counsel have been very active in creating new litigation in multiple jurisdictions, which in some form indicates a disagreement with the Court's net equity decision." *See* Third Interim Fee Hearing Transcript, at 96-98. In the current Objections, no new facts or circumstances are illuminated that have not been raised and dealt with in the prior Objections and Decisions by this Court. Therefore, no grounds for removal of the Trustee or B&H exist.

8. As this conflict of interest argument has already been argued and rejected by this Court three times in the context of other fee applications, the instant Objection based on such claims likewise should be denied.

300101212

## DETERMINATION OF CLAIMS

9. The Peskin Objectors argue that the Trustee and B&H have not been prompt in the determination of claims based on the number of claims that have been processed. As of September 10, 2010, 16,374 claims have been filed and the Trustee has determined a total of 13,339 or 81% of these claims. SIPC has committed $722.97 million dollars toward the payment of claims. *See* Trustee's Website at www.madofftrustee.com/Status.aspx.

10. The claims that have yet to be determined either involve complex issues, such as individual issues of ownership, or are the subject of litigation or potential litigation by the Trustee. These claims require additional time and analysis to resolve and the Trustee has been diligent in his efforts to resolve these claims. Any delays in determinations are justified by the Trustee's duty to the customers as a whole to fairly and appropriately value and determine the claims against the estate.

## TIME AND EFFORT BY THE TRUSTEE AND BAKER & HOSTETLER

11. The Marshall Objector alleges that the fees paid to the Trustee and B&H are excessive and the amount of time and number of attorneys working on the Madoff liquidation is not justified. However, as the Court has previously noted, the scale of this liquidation involves "staggering numbers, with more than 15,000 claims filed and billions of dollars at stake." *In re Bernard L. Madoff Inv. Securities LLC*, 424 B.R. 122 (S.D.N.Y. 2010). Additionally, the Court recognized that "the Trustee is charged with the mission of going out to hunt for assets and under (sic) in a case like this that hunt is not easily achieved." Second Interim Fee Hearing Transcript, at 33. In order to determine claims and collect assets for the estate, an extensive amount of work must be done by the Trustee and B&H which requires the time, effort and expertise of many

attorneys and other employees. This liquidation is a result of the largest Ponzi scheme to date and unwinding this massive fraud is a complex task.

13. Furthermore, it should be noted that the statute of limitations to file certain bankruptcy claims in this matter runs on December 11, 2010. Throughout the next couple of months, many avoidance claims will be filed by the Trustee in order to recover money for the estate and ultimately for the customers of BLMIS. The work that has been done by the Trustee and B&H since their appointment will come more directly to the fore over the next several months.

## DISCLOSURE OF INFORMATION BY THE TRUSTEE

13. The Peskin Objectors assert that the Trustee has failed to disclose material information to customers. The Trustee, however, has provided updated claims information on the Trustee's Website. *See* Trustee's Website at http://www.madofftrustee.com/Status.aspx. The Trustee has also communicated with customers, creditors, and all interested parties through the filing of his Trustee Reports, all of which are located on Trustee Website and can be accessed through the PACER system. *See* Trustee's Website at http://www.madofftrustee.com/TrusteeReports.aspx. The Trustee will file his Fourth Interim Report in October 2010, which will include additional details on the administration of the estate, claims administration, avoidance litigation, bankruptcy and appellate court proceedings, and the Trustee's ongoing investigation.

14. The fee applications filed by the Trustee and B&H contain detailed summaries of the work undertaken by the Trustee and B&H which highlight the many facets of the liquidation proceeding. These fee applications combined with the Trustee's Website and his

7

Interim Reports illustrate the many matters that are being pursued in connection with this liquidation and the necessity of the work being accomplished by the Trustee and B&H.

## CONCLUSION

For the reasons stated above, the Trustee respectfully requests that the Peskin Objection and Marshall Objection be denied. Further, the Trustee respectfully submits that this Court enter an Order as follows: (i) denying the Objections; (ii) granting the Applications; and (iii) granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       September 13, 2010

Respectfully submitted,

**BAKER & HOSTETLER LLP**

By:/s/ *David J. Sheehan*
    Baker & Hostetler LLP
    45 Rockefeller Plaza
    New York, NY 10111
    Telephone: (212) 589-4200
    Facsimile: (212) 589-4201
    Irving H. Picard
    Email: ipicard@bakerlaw.com
    David J. Sheehan
    Email: dsheehan@bakerlaw.com
    Seanna R. Brown
    Email: sbrown@bakerlaw.com

    *Attorneys for Irving H. Picard, Esq. Trustee*
    *for the Substantively Consolidated SIPA*
    *Liquidation of Bernard L. Madoff*
    *Investment Securities LLC And Bernard L.*
    *Madoff*