EXHIBIT C

1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------
In the Matter of:                  )    800-8178-288
                                   )
NEW TIMES SECURITIES               )
SERVICES, INC.                     )
                                   )
         Debtor                    )
                                   )
------------------------------------

1) Application filed by proposed class claimants to
authorize and approve the filing of a class proof of claim
and for a certification of the putative class and to
shorten time for the hearing

Memorandum by proposed class claimants

Memorandum by Plaintiff Securities Investor Protection
Corporation

Memorandum of law by Trustee James W. Giddens

Affidavit of Derek J. T. Adler in opposition

                            United States Bankruptcy
                            Court
                            Westbury, New York

                            July 28, 2000
                            10:00 a.m.

B E F O R E:

        HONORABLE STAN BERNSTEIN
        United States Bankruptcy Judge

A P P E A R A N C E S:

        HUGHES HUBBARD & REED LLP
              Attorney for James W. Giddens, Trustee
        One Battery Park Plaza
        New York, New York  10004
              BY:  JAMES W. KOBAK, JR, ESQ.
                   DANIEL S. LUBELL, ESQ.


        (516) 741-5342    Tankoos Reporting Co.    (212) 349-9692

APPEARANCES (Contd.)

    STEPHEN P. HARBECK, ESQ.
        General Counsel and Secretary
    Securities Investor Protection Corporation
    805 15th Street, N.W., Suite 800
    Washington, D.C.  20005


    FARRELL FRITZ
        Co-Counsel for Class Claimants and
        Putative Class Plaintiffs
    EAB Plaza
    Uniondale, New York  11556
        BY:  TED A. BERKOWITZ, ESQ.


    HELLER HOROWITZ & FEIT, P.C.
        Co-Counsel for Class Claimants and
        Putative Class Plaintiffs
    292 Madison Avenue
    New York, New York  10017
        BY:  SIGMUND S. WISSNER-GROSS. ESQ.
            ALAN EISENBERG, ESQ.


    RICHARD L. STONE, ESQ.
        Receiver for New Age Financial Services
    830 Third Avenue
    New York, New York  10022


    SECURITIES AND EXCHANGE COMMISSION
    Northeast Regional Office
    7 World Trade Center
    New York, New York  10048
        BY:  ALISTAIRE BAMBACH, ESQ.

```
 1                THE COURT:  Okay, so, you're telling me that
 2    this is very different from the open transaction.
 3                MR. HARBECK:  Correct.
 4                THE COURT:  Okay, so, now we're dealing with a
 5    closed transaction, where the money is there, you have
 6    interest in a --
 7                MR. HARBECK:  The securities are there.
 8                THE COURT:  -- real --
 9                MR. HARBECK:  Not the money is there.  The
10    securities are supposed to be there.
11                THE COURT:  No, no -- yeah, you have -- you
12    have an ownership interest in the securities; namely,
13    shares of the mutual fund, of a mutual fund that is real,
14    existing as of the petition date.
15                MR. HARBECK:  Dreyfus, Janus, you name it.
16                THE COURT:  Okay.
17                MR. HARBECK:  Now, what Congress did is it said
18    it wants to give the Trustee and SIPC a very good idea of
19    what securities have to -- that the Trustee is going to
20    have to go out into the marketplace and buy.  So, if you
21    file within sixty days, you'll get the securities, without
22    question.  Whether -- if they triple in value, you'll get
23    the securities.
24                But, if --
25                THE COURT:  Even -- even if --
```

```
 1                    MR. HARBECK:  Even if they're not there.
 2                    THE COURT:  Even if they're not there.
 3                    MR. HARBECK:  Correct.
 4                    THE COURT:  In other words, if the money was
 5     diverted, converted --
 6                    MR. HARBECK:  And the securities were never
 7     purchased.
 8                    THE COURT:  Okay.
 9                    MR. HARBECK:  And, if those positions triple,
10     we will gladly give the people their securities positions.
11                    THE COURT:  But, you've got to jump.
12                    MR. HARBECK:  But, you've got to act fast,
13     yeah.  And, Congress did that --
14                    THE COURT:  Because -- because --
15                    MR. HARBECK:  -- because of the fluctuations.
16                    THE COURT:  -- because there's a concern --
17     because there's a concern that the value of this mutual
18     fund might skyrocket and it's going to cost SIPC a lot
19     more money.
20                    MR. HARBECK:  Six months down the line, that's
21     right.
22                    THE COURT:  Okay, all right.  And, you don't
23     want people playing games with you.
24                    MR. HARBECK:  That's correct.
25                    THE COURT:  Deciding when they're going to --
```

```
 1        it's like the -- do you know about price-laters?
 2                MR. HARBECK:  Sorry?
 3                THE COURT:  Price-laters?
 4                MR. HARBECK:  I can't say that I do.
 5                THE COURT:  Oh, gee, it's a great analogy.
 6                MR. HARBECK:  In any event --
 7                THE COURT:  Do you know what a price-later
 8        agreement is, Mr. Berkowitz?
 9                MR. BERKOWITZ:  No, I'm going to play even with
10        Mr. Harbeck --
11                MR. HARBECK:  Thank you, very much.
12                MR. BERKOWITZ:  -- for insurance.
13                THE COURT:  I deposit grain in the elevator.
14        This goes back to my days in the rural counties of
15        Michigan.  And, of course, the grain is all co-mingled.
16        And, I look to the board price and say, "Bingo.  That's
17        the price.  Pay me."
18                So, I deposit the grain under a price-later
19        agreement, under an agreement in which the price is later
20        to be fixed.  And, of course, I'm going to speculate on
21        the market.  I'm going to wait until the price is high
22        enough to say "Pay me that."
23                So, basically, I'm a commodities broker, but
24        it's not in futures.  It's grain in the elevator.  And,
25        God help you if the elevator goes into bankruptcy.  Then,
```