# EXHIBIT C

1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------
In the Matter of:                   )    800-8178288
                                    )
NEW TIMES SECURITIES                )
SERVICES, INC.                      )
                                    )
        Debtor                      )
                                    )
------------------------------------

1) Application filed by proposed class claimants to
authorize and approve the filing of a class proof of claim
and for a certification of the putative class and to
shorten time for the hearing

Memorandum by proposed class claimants

Memorandum by Plaintiff Securities Investor Protection
Corporation

Memorandum of law by Trustee James W. Giddens

Affidavit of Derek J. T. Adler in opposition

                              United States Bankruptcy
                              Court
                              Westbury, New York

                              July 28, 2000
                              10:00 a.m.

B E F O R E:

        HONORABLE STAN BERNSTEIN
        United States Bankruptcy Judge

A P P E A R A N C E S:

        HUGHES HUBBARD & REED LLP
              Attorney for James W. Giddens, Trustee
        One Battery Park Plaza
        New York, New York  10004
              BY:   JAMES W. KOBAK, JR, ESQ.
                    DANIEL S. LUBELL, ESQ.

        (516) 741-5342    Tankoos Reporting Co.    (212) 349-9692

APPEARANCES (Contd.)

    STEPHEN P. HARBECK, ESQ.
        General Counsel and Secretary
Securities Investor Protection Corporation
805 15th Street, N.W., Suite 800
Washington, D.C.  20005

    FARRELL FRITZ
        Co-Counsel for Class Claimants and
        Putative Class Plaintiffs
EAB Plaza
Uniondale, New York  11556
        BY:  TED A. BERKOWITZ, ESQ.

    HELLER HOROWITZ & FEIT, P.C.
        Co-Counsel for Class Claimants and
        Putative Class Plaintiffs
292 Madison Avenue
New York, New York  10017
        BY:  SIGMUND S. WISSNER-GROSS. ESQ.
            ALAN EISENBERG, ESQ.

    RICHARD L. STONE, ESQ.
        Receiver for New Age Financial Services
830 Third Avenue
New York, New York  10022

    SECURITIES AND EXCHANGE COMMISSION
Northeast Regional Office
7 World Trade Center
New York, New York  10048
        BY:  ALISTAIRE BAMBACH, ESQ.

1           THE COURT:  Okay, so, you're telling me that
2   this is very different from the open transaction.
3           MR. HARBECK:  Correct.
4           THE COURT:  Okay, so, now we're dealing with a
5   closed transaction, where the money is there, you have
6   interest in a --
7           MR. HARBECK:  The securities are there.
8           THE COURT:  -- real --
9           MR. HARBECK:  Not the money is there.  The
10  securities are supposed to be there.
11          THE COURT:  No, no -- yeah, you have -- you
12  have an ownership interest in the securities; namely,
13  shares of the mutual fund, of a mutual fund that is real,
14  existing as of the petition date.
15          MR. HARBECK:  Dreyfus, Janus, you name it.
16          THE COURT:  Okay.
17          MR. HARBECK:  Now, what Congress did is it said
18  it wants to give the Trustee and SIPC a very good idea of
19  what securities have to -- that the Trustee is going to
20  have to go out into the marketplace and buy.  So, if you
21  file within sixty days, you'll get the securities, without
22  question.  Whether -- if they triple in value, you'll get
23  the securities.
24          But, if --
25          THE COURT:  Even -- even if --

1           MR. HARBECK:  Even if they're not there.

2           THE COURT:  Even if they're not there.

3           MR. HARBECK:  Correct.

4           THE COURT:  In other words, if the money was

5   diverted, converted --

6           MR. HARBECK:  And the securities were never

7   purchased.

8           THE COURT:  Okay.

9           MR. HARBECK:  And, if those positions triple,

10  we will gladly give the people their securities positions.

11          THE COURT:  But, you've got to jump.

12          MR. HARBECK:  But, you've got to act fast,

13  yeah.  And, Congress did that --

14          THE COURT:  Because -- because --

15          MR. HARBECK:  -- because of the fluctuations.

16          THE COURT:  -- because there's a concern --

17  because there's a concern that the value of this mutual

18  fund might skyrocket and it's going to cost SIPC a lot

19  more money.

20          MR. HARBECK:  Six months down the line, that's

21  right.

22          THE COURT:  Okay, all right.  And, you don't

23  want people playing games with you.

24          MR. HARBECK:  That's correct.

25          THE COURT:  Deciding when they're going to --

```
1       it's like the -- do you know about price-laters?
2              MR. HARBECK:  Sorry?
3              THE COURT:  Price-laters?
4              MR. HARBECK:  I can't say that I do.
5              THE COURT:  Oh, gee, it's a great analogy.
6              MR. HARBECK:  In any event --
7              THE COURT:  Do you know what a price-later
8       agreement is, Mr. Berkowitz?
9              MR. BERKOWITZ:  No, I'm going to play even with
10      Mr. Harbeck --
11             MR. HARBECK:  Thank you, very much.
12             MR. BERKOWITZ:  -- for insurance.
13             THE COURT:  I deposit grain in the elevator.
14      This goes back to my days in the rural counties of
15      Michigan.  And, of course, the grain is all co-mingled.
16      And, I look to the board price and say, "Bingo.  That's
17      the price.  Pay me."
18             So, I deposit the grain under a price-later
19      agreement, under an agreement in which the price is later
20      to be fixed.  And, of course, I'm going to speculate on
21      the market.  I'm going to wait until the price is high
22      enough to say "Pay me that."
23             So, basically, I'm a commodities broker, but
24      it's not in futures.  It's grain in the elevator.  And,
25      God help you if the elevator goes into bankruptcy.  Then,
```