Hearing Date: October 21, 2010
Hearing Time: 10:00 a.m.
Objection Deadline: October 14, 2010

**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com
Amy E. Vanderwal
Email: avanderwal@bakerlaw.com

*Attorneys for Irving H. Picard, Esq., Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-1789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |

**TRUSTEE'S MOTION FOR AN ORDER PURSUANT TO SECTION 78fff(a) OF THE SECURITIES INVESTOR PROTECTION ACT AND SECTIONS**

**363 AND 105(a) OF THE BANKRUPTCY CODE AUTHORIZING THE SALE OF CERTAIN FINANCIAL ASSETS**

Irving H. Picard (the "Trustee"), as trustee for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"),[1] and Bernard L. Madoff ("Madoff" and together with BLMIS, the "Debtors"), by and through his undersigned counsel, for his motion (the "Motion") for entry of an order, pursuant to section 78fff(a) of SIPA and sections 363 and 105(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), authorizing the Trustee to enter into agreements to sell certain financial assets held by BLMIS, as further described below, respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the Motion pursuant to section 78eee(b)(4) of SIPA and the order (the "Protective Decree") entered on December 15, 2008 [Docket No. 4] by the Honorable Louis L. Stanton, United States District Judge, United States District Court for the Southern District of New York in Case No. 08 CV 10791, and 28 U.S.C. §§ 157 and 1334. Venue of this case is proper in this district pursuant to section 78eee(b)(4) of SIPA and 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 78fff(a) of SIPA, sections 363 and 105(a) of the Bankruptcy Code and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

2. On December 11, 2008 (the "Filing Date"),[2] the Securities and Exchange Commission ("SEC") filed a complaint in the United States District Court for the Southern

---

[1] For convenience, future reference to SIPA will not include "15 U.S.C."
[2] Section 78*lll*(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced

2

District of New York (the "District Court") against the Debtors (Case No. 08 CV 10791). The complaint alleged that the Debtors engaged in fraud through investment advisor activities of BLMIS.

3. On December 15, 2008, pursuant to section 78eee(a)(4)(A) of SIPA, the SEC consented to a combination of its own action with an application of the Securities Investor Protection Corporation ("SIPC"). Thereafter, pursuant to section 78eee(a)(3) of SIPA, SIPC filed an application in the District Court alleging, *inter alia*, that BLMIS was not able to meet its obligations to securities customers as they came due and, accordingly, its customers needed the protection afforded by SIPA.

4. On that date, the District Court entered the Protective Decree, to which BLMIS consented, which, in pertinent part:

    (i) appointed the Trustee for the liquidation of the business of BLMIS pursuant to section 78eee(b)(3) of SIPA;

    (ii) appointed Baker & Hostetler LLP as counsel to the Trustee pursuant to section 78eee(b)(3) of SIPA; and

    (iii) removed the case to this Court pursuant to section 78eee(b)(4) of SIPA.

5. At a plea hearing (the "Plea Hearing") on March 12, 2009 in the criminal action filed against him by the United States Attorney's Office for the Southern District of New York, Madoff pled guilty to an 11-count criminal information, which counts included securities fraud, money laundering, theft and embezzlement. At the Plea Hearing, Madoff admitted that he "operated a Ponzi scheme through the investment advisory side of [BLMIS]." (Plea Hr'g Tr. at 23:14-17.) On June 29, 2009, Madoff was sentenced to a term of imprisonment of 150 years.

---

before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78*lll*(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is December 11, 2008.

6.  On April 13, 2009, an involuntary bankruptcy petition was filed against Madoff. On June 9, 2009, this Court entered an order substantively consolidating the Chapter 7 estate of Madoff into the BLMIS SIPA proceeding.

## RELIEF REQUESTED

7.  The Trustee, in the ordinary course of his wind-down of BLMIS's business, has identified certain financial assets held by BLMIS that the Trustee believes, in the exercise of his business judgment, should be liquidated to supplement the funds that will be available for distribution to customers of BLMIS.[3]

8.  As noted in the Trustee's First Interim Report, dated July 9, 2009 (the "First Interim Report"), immediately following the commencement of the BLMIS liquidation, the Depository Trust & Clearing Corporation ("DTC") and the National Securities Clearing Corporation ("NSCC") began working to close out securities positions held by BLMIS to the extent it was possible to do so without negatively impacting the market price for less liquid positions. *See*, First Interim Report ¶¶ 30-34. On or about January 30, 2009, DTCC and NSCC transferred approximately 1,600 remaining securities positions with an estimated value of $291,203,372 to an account at JPMorgan Clearing Corp. ("JPMCC"), clearing for Morgan Joseph LLC ("Morgan Joseph"), for the benefit of the Trustee. *Id.*

9.  Since that time, the Trustee has, in consultation with finance and operations representatives of SIPC and with advice from Morgan Joseph, sold most of the securities positions in the ordinary course of winding down the BLMIS estate. Proceeds of the sales have either been invested in U.S. Treasury Bills or are held in the Trustee's money market account with Morgan Joseph. The remaining assets include, among other things, loan participations,

---

[3] These financial assets were held by the market making and/or proprietary trading arms of BLMIS and not the investment advisory business.

4

preferred stock and promissory notes that are held in the entities described on Exhibit A attached hereto (the "Financial Assets").

10. The Trustee has recently received an offer to purchase one of the remaining loan participations, the second lien debt of Coach America Holdings, Inc. (the "Loan Participation"). Because of the limited market for this Loan Participation and the decrease in value in the position as a result of the global economic downturn, the offer is for a fraction of the book value of the position. For the same reasons, the Trustee does not anticipate receiving any other offers for this position.

11. The potential purchaser has requested assurances that the Trustee is duly authorized to transfer relevant Loan Participation.[4] To accommodate the purchaser's request, and because the Trustee anticipates that he will continue to receive such offers in the future, the Trustee is seeking authority to liquidate the remaining Financial Assets as the opportunity to do so arises and to enter into any necessary agreements to complete such transactions.

12. Specifically, the Trustee requests entry of an Order, substantially in the form of Exhibit B attached hereto, authorizing the Trustee to (i) complete future sales of the Financial Assets, including the Loan Participation; (ii) participate in tender offers, exchanges offers or other restructurings; and (iii) to execute any necessary documents to implement the foregoing.

---

[4] As noted above and in the First Interim Report, the Trustee has previously divested other financial assets including two similar loan positions. On April 13, 2009, the Trustee sold BLMIS' second lien position in Panavision Inc. for $1,040,000. On May 11, 2009, NES Rentals Holdings, Inc. exchanged cash for BLMIS' first lien senior secured position in NES Rentals Holdings, Inc. for $543,599. See the First Interim Report, ¶ 49 [Dkt. No. 314.] The Trustee was and is of the view that such transactions are in the ordinary course of business and therefore not subject to Court approval. However, to assuage the concerns raised by the potential purchaser of the Loan Participation and to preempt any future concerns, the Trustee has, out of an abundance of caution, filed this Motion.

5

## BASIS FOR RELIEF REQUESTED

A. <u>SIPA requires the liquidation of the Debtor's business.</u>

13. Section 78fff(a) of SIPA outlines the purposes of a SIPA liquidation and provides in relevant part that: "[t]he purposes of a liquidation proceeding under this chapter shall be . . . (4) to liquidate the business of the debtor." Thus, the Trustee has an affirmative duty to liquidate and wind-down the business operations of the Debtors, including the Financial Assets.

B. <u>The sales of Financial Assets are in accordance with sections 363 and 105 of the Bankruptcy Code and should be authorized.</u>

14. Sections 363 and 105 of the Bankruptcy Code apply to liquidations under SIPA. *See* 15 U.S.C. § 78fff(b) ("a liquidation proceeding shall be conducted in accordance with, and as though it were being conducted under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11."). Section 363 permits a trustee to "use, sell or lease, other than in the ordinary course of business, property of the estate..." 11 U.S.C. § 363(b). Section 105(a) of the Bankruptcy Code authorizes the court to enter any order necessary or appropriate to carry out the provisions of the Code. 11 U.S.C. § 105(a).

15. The Trustee submits that sales of the Financial Assets are within the ordinary course of business and do not require Court approval. However, out of an abundance of caution, and because a potential purchaser has requested assurances of the Trustee's authority to sell, the Trustee, by this Motion, is seeking Court approval to enter into transactions for the sale of the Financial Assets. The proposed sales will be conducted in accordance with the Trustee's sound business judgment (after consultation with the SIPC staff and with advice from Morgan Joseph) and will increase the assets of the estate available for distribution to creditors.

6

16. Further a blanket authorization to sell is particularly appropriate in this case. Because, as noted above, the offer made by the potential purchaser is for a fraction of the book value of the Loan Participation, and the Trustee anticipates that any future offers received for the remaining Financial Assets will also be for significantly less than their original value, it would be a considerable waste of resources to have to seek this Court's approval of each individual sale which will undoubtedly involve relatively modest amounts. Further, to the extent the Trustee receives any tender offers or the like, he may need to be able to act quickly in order to take advantage of the offer. In sum, the authority sought will allow the Trustee to dispose of the positions quickly as potential purchasers are identified thus minimizing any additional loss of value.

17. Accordingly, the Trustee submits that authority exists for the Court's approval of the sales of the Financial Assets pursuant to sections 363 and of the Bankruptcy Code and such sales should be authorized by this Court.

## NOTICE

18. Notice of this Motion has been provided by U.S. mail, postage prepaid, or email to (i) SIPC; (ii) the SEC; (iii) the Internal Revenue Service; (iv) and the United States Attorney for the Southern District of New York. The Trustee shall also serve, via the ECF filing that will be made, each person or entity that has filed a notice of appearance in this case. The Trustee submits that no other or further notice need be given.

**WHEREFORE**, the Trustee respectfully requests that the Court (a) enter an order substantially in the form attached hereto as Exhibit B, granting the relief requested herein; and (b) grant such other and further relief to the Trustee as the Court deems proper.

Dated: New York, New York
September 30, 2010

/s/ Marc E. Hirschfield
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com
Amy E. Vanderwal
Email: avanderwal@bakerlaw.com

*Attorneys for Irving H. Picard, Esq., Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

8