# **EXHIBIT C**

LAST WILL AND TESTAMENT

OF

GLADYS C. LURIA

I, GLADYS C. LURIA, a citizen of the United States and a resident of 40 East 88th Street, City, County and State of New York, which I hereby declare to be my domicile, do make, publish and declare this to be my Last Will and Testament, hereby revoking any and all prior Wills and Codicils by me made.

## ARTICLE I

### Construction Provisions

(A) All references in this Will to the following terms and terms of similar import shall have the meanings specified below unless the context otherwise requires:

(1) "My child" or "my children" shall mean my daughter, JOAN L. FISHER, and my late son, RICHARD A. LURIA.

(2) "Code" shall mean the Internal Revenue Code of 1986, as amended, or such other statutory provisions as shall correspond thereto at the time of my death.

(3) "Minor" shall mean a person who shall not have attained the age of twenty-one (21) years.

(4) "Disinterested Trustees" shall mean the Trustee or Trustees acting hereunder other than my issue.

(B) Wherever necessary or appropriate, the use herein of any gender shall be deemed to include the other genders and the use herein of either the singular or the plural shall be deemed to include the other.

(C) All references in this Will to issue and the like shall be deemed to include any person heretofore or hereafter

adopted during his or her minority and his or her issue by blood or adoption.

## ARTICLE II

### Tangible Personal Property

(A)    I give all articles of personal, household or domestic use or adornment, including jewelry, clothing, furniture and furnishings, automobiles and all other similar articles of tangible personal property, which I may own at the time of my death, to my daughter, JOAN, or, if she shall not survive me, to my grandchildren who shall survive me to be divided between or among them in shares substantially equal as to value either as they may agree or as my Executors, in their sole and absolute discretion, may deem appropriate if my grandchildren shall not agree. The decision of my Executors as to the composition and equality of such shares shall be final and binding upon my grandchildren.

(B)    The reasonable costs of appraising, packing, storing, shipping and insuring all articles disposed of in this Article shall be paid as an expense of administering my estate.

## ARTICLE III

### Forgiveness of Indebtedness

(A)    I forgive the indebtedness, including accrued interest, that may be owed to me at the time of my death, with respect to the following promissory notes:

(1)    Promissory Note made by my daughter, JOAN, dated October 6, 2003, in the principal amount of Six Hundred Thousand Dollars ($600,000).

(2)    Promissory Note made by my granddaughter, AMY LURIA, dated April 1, 2004, in the principal amount of One Hundred Thousand Dollars ($100,000).

2

(3)   Promissory Note made by my grandson, ROBERT LURIA, dated April 2, 2004, in the principal amount of One Hundred Thousand Dollars ($100,000).

(4)   Promissory Note made by my grandson, CARL T. FISHER, dated June 1, 2004, in the principal amount of One Hundred Two Thousand Dollars ($102,000).

(5)   Promissory Note made by my grandson, ROBERT LURIA, dated December 20, 2004, in the principal amount of Two Hundred Fifty Thousand Dollars ($250,000).

(B)   With respect to the Promissory Note made by my daughter, JOAN, dated September 24, 2004, in the principal amount of Three Million Sixty Thousand Dollars ($3,060,000), I forgive only the accrued interest thereon that may be owed to me at the time of my death, and I direct that no interest shall thereafter accrue.

## ARTICLE IV
### Bequests

I give the following bequests:

(A)   The sum of One Million Dollars ($1,000,000) to my daughter-in-law, SUSAN GREENWALD LURIA, or, if she shall not survive me, to my late son's issue, who shall survive me, per stirpes, provided, however, that any portion of this bequest that shall become payable to a grandchild of mine shall not be distributed to such grandchild but shall instead be held, administered and disposed of by the Trustees hereinafter named, IN TRUST, for the benefit of such grandchild in accordance with the provisions of Article IX of this Will.

(B)   The sum of One Million Dollars ($1,000,000) to my daughter, JOAN, or, if she shall not survive me, to her issue, who shall survive me, per stirpes, provided, however, that any portion of this bequest that shall become payable to my grandson, CARL shall not be distributed to him but shall instead be held

3

administered and disposed of by the Trustees hereinafter named, IN TRUST, for his benefit in accordance with the provisions of Article VIII of this Will.

(C)    The sum of Two Hundred Fifty Thousand Dollars ($250,000) to my granddaughter, AMY, if she shall survive me.

(D)    The sum of Two Hundred Fifty Thousand Dollars ($250,000) to my grandson, CARL, if he shall survive me, provided, however, that this bequest shall not be distributed to him but shall instead be held, administered and disposed of by the Trustees hereinafter named, IN TRUST, for his benefit in accordance with the provisions of Article VIII of this Will.

(E)    The sum of Fifty Thousand Dollars ($50,000) to my nephew, MONTE GHERTLER, if he shall survive me.

(F)    The sum of Ten Thousand Dollars ($10,000) to my grandniece, HOPE GELLER, if she shall survive me.

(G)    The sum of Ten Thousand Dollars ($10,000) to my grandniece, SUSAN COHEN, if she shall survive me.

(H)    The sum of Fifty Thousand Dollars ($50,000) to my friend, RUTH LOWE, if she shall survive me.

(I)    The sum of Ten Thousand Dollars ($10,000) to my assistant, ALICE JACKSON, if she shall survive me and be in my employ at the time of my death.

(J)    The sum of Ten Thousand Dollars ($10,000) to my assistant, CONSUELO FORNILLOS, if she shall survive me and be in my employ at the time of my death.

(K)    The sum of Ten Thousand Dollars ($10,000) to my assistant, GLORIA B. UY, if she shall survive me and be in my employ at the time of my death.

(L)    The sum of Five Thousand Dollars ($5,000) to each great-grandchild of mine who shall survive me.    If a great-grandchild of mine shall be a minor, I direct my Executors to effect distribution to such minor by means of distribution to a custodian under the applicable Uniform Transfers to Minors Act or Uniform

4

Gifts to Minors Act, as the case may be, and I further direct that my Executors shall select such custodian. The receipt of the custodian shall fully discharge my Executors from accountability to such great-grandchild.

(M)  The sum of Seventy-Five Thousand Dollars ($75,000) to MOSHOLU MONTEFIORE COMMUNITY CENTER, of New York, New York, for its general purposes.

(N)  The sum of Twenty-Five Thousand Dollars ($25,000) to TEMPLE EMANU-EL, of New York, New York, for its general purposes.

## ARTICLE V

### Cooperative Apartment

I give all my right, title and interest in and to my cooperative apartment located at 40 East 88th Street, New York, New York, together with the lease thereof and all shares of stock or other securities in and claims against the corporation owning the building in which said apartment is located, and all my right, title and interest in and to any policies of insurance relating to such property, to my daughter, JOAN, if she shall survive me.

## ARTICLE VI

### Generation-Skipping Exemption Bequest

(A)  If any issue of mine shall survive me, I give to the Trustees hereinafter named, IN TRUST, an amount equal to the maximum amount exempt from Federal generation-skipping transfer tax on my generation-skipping transfers by reason of the application of the exemption under Section 2631(a) of the Code allowable and available at the time of my death.

(B)  This generation-skipping exemption bequest shall be reduced by the total amount of the generation-skipping transfer tax exemption which shall be allocated by my Executors to other transfers made by me during my life and by reason of my death.

5

(C)  This generation-skipping exemption bequest shall be divided and set apart into so many equal shares that there shall be one such share for each child of mine who shall survive me and one such share for the then living issue (if any), collectively, of each child of mine who shall not survive me, and such shares shall be administered and disposed of as follows:

(1)  A share set apart for the issue of a deceased child of mine shall be distributed to such issue, per stirpes, provided, however, that any portion of a share which shall become payable to a grandchild of mine (other than my grandson, CARL) shall not be distributed to such grandchild but shall instead be held, administered and disposed of by the Trustees hereinafter named as a separate share, IN TRUST, for the benefit of such grandchild as provided in Article IX of this Will, and further provided, that any portion of a share which shall become payable to my grandson, CARL, shall not be distributed to my said grandson but shall instead be held, administered and disposed of by the Trustees hereinafter named as a separate share, IN TRUST, for his benefit as provided in Article VIII of this Will.

(2)  A share set apart for my daughter, JOAN, shall be held, IN TRUST, for her benefit and shall be administered and disposed of as hereinafter provided.

(a)  The Trustees shall pay to my said daughter or apply for her benefit so much or all of the net income of such share, at such time or times and in such amounts, as the Disinterested Trustees, in their sole and absolute discretion, may deem advisable.  The net income which shall not be so paid or applied in any year shall be added to the principal of such share at the end of such year and shall be held, administered and disposed of as a part thereof.  Unless there shall be compelling reasons otherwise, it is my desire that the Trustees pay to or apply for the benefit of my said daughter all of the net income of such share at least as often as annually.

6

(b)    The Trustees shall pay to or apply for the benefit of my said daughter so much or all of the principal of such share, at such time or times and in such amounts, as the Disinterested Trustees, in their sole and absolute discretion, may deem advisable.

(c)    My said daughter may appoint the principal of such share, in whole or in part, to any one or more persons, from time to time living and whenever born, including charitable organizations, in such amounts, shares and proportions, and on such terms and conditions and with such powers, absolutely or in trust, as she shall designate by a Will, executed after my death, which shall specifically refer to and exercise this power, provided, however, that such power shall not be exercisable in favor of my said daughter, her estate, her creditors, the creditors of her estate or a natural person assigned to a generation which is the same generation as or a generation above the generation assignment of my said daughter.  The power granted to my said daughter under the preceding sentence shall not apply to any policies of insurance on her life held as a part of such share or to any proceeds thereof payable to such share, and payment of part of the principal pursuant to this power to appoint shall not be taken into account in the division of the balance of the principal and undistributed income of such share.

(d)    Upon the death of my said daughter, the Trustees shall distribute the remaining principal and undistributed income of such share not effectively appointed by her Will to her then living issue, per stirpes, or, in default of such issue, to my then living issue, per stirpes.  If any portion of such share shall become payable to any issue of mine for whom a share shall then be held in trust under Article VIII or Article IX of this Will, as the case may be, then, anything herein to the contrary notwithstanding, such portion shall not be paid over to such issue but in lieu thereof shall be added to such issue's share to follow the

7

disposition thereof in all respects as to both income and principal as if I had just then died; and, if any portion of such share shall become payable to a grandchild of mine for whom no share shall then be held in trust thereunder, such portion shall be disposed of as a separate share for the benefit of such grandchild upon all the terms and conditions of Article VIII or Article IX of this Will, as the case may be, as if I had just then died.

## ARTICLE VII
### Residuary Estate

(A)   All the rest, residue and remainder of the property, both real and personal and wheresoever located, which I may own or to which I may be entitled at the time of my death (excluding any property over which I may have a power of appointment, it being my intention not to exercise any such power, but including any lapsed legacies hereunder) and which is herein referred to as my "residuary estate", I give to the Trustees hereinafter named, IN TRUST. The Trustees shall divide and set apart my residuary estate into so many equal shares that there shall be one such share for each child of mine who shall survive me and one such share for the then living issue (if any), collectively, of each child of mine who shall not survive me, and such shares shall be administered and disposed of as follows:

(1)   A share set apart for the issue of a deceased child of mine shall be distributed to such issue, per stirpes, provided, however, that any portion of a share which shall become payable to a grandchild of mine (other than my grandson, CARL) shall not be distributed to such grandchild but shall instead be held, administered and disposed of by the Trustees hereinafter named as a separate share, IN TRUST, for the benefit of such grandchild as provided in Article IX of this Will, and further provided, that any portion of a share which shall become payable to my grandson, CARL,

8

shall not be distributed to my said grandson but shall instead be held, administered and disposed of by the Trustees hereinafter named as a separate share, IN TRUST, for his benefit as provided in Article VIII of this Will.

(2)  A share set apart for my daughter, JOAN, shall be held, IN TRUST, for her benefit and shall be administered and disposed of as hereinafter provided.

(a)  The Trustees shall pay to my said daughter or apply for her benefit so much or all of the net income of such share, at such time or times and in such amounts, as the Disinterested Trustees, in their sole and absolute discretion, may deem advisable.  The net income which shall not be so paid or applied in any year shall be added to the principal of such share at the end of such year and shall be held, administered and disposed of as a part thereof.  Unless there shall be compelling reasons otherwise, it is my desire that the Trustees pay to or apply for the benefit of my said daughter all of the net income of such share at least as often as annually.

(b)  The Trustees shall pay to or apply for the benefit of my said daughter so much or all of the principal of such share, at such time or times and in such amounts, as the Disinterested Trustees, in their sole and absolute discretion, may deem advisable.

(c)  My said daughter may appoint the principal of such share, in whole or in part, to any one or more persons, from time to time living and whenever born, including charitable organizations and the creditors of her estate, in such amounts, shares and proportions, and on such terms and conditions and with such powers, absolutely or in trust, as my said daughter shall designate by a Will, executed after my death, which shall specifically refer to and exercise this power, provided, however, that such power shall not be exercisable in favor of my said daughter, her estate or a natural person assigned to a generation

9

which is the same generation as or a generation above the generation assignment of my said daughter. The power granted to my said daughter under the preceding sentence shall not apply to any policies of insurance on her life held as a part of such share or to any proceeds thereof payable to such share, and payment of part of the principal pursuant to this power to appoint shall not be taken into account in the division of the balance of the principal and undistributed income of such share.

(d) Upon the death of my said daughter, the Trustees shall distribute the remaining principal and undistributed income of such share not effectively appointed by her Will to her then living issue, per stirpes, or, in default of such issue, to my then living issue, per stirpes. If any portion of such share shall become payable to any issue of mine for whom a share shall then be held in trust under Article VIII or Article IX of this Will, as the case may be, then, anything herein to the contrary notwithstanding, such portion shall not be paid over to such issue but in lieu thereof shall be added to such issue's share to follow the disposition thereof in all respects as to both income and principal as if I had just then died; and, if any portion of such share shall become payable to a grandchild of mine for whom no share shall then be held in trust thereunder, such portion shall be disposed of as a separate share for the benefit of such grandchild upon all the terms and conditions of Article VIII or Article IX of this Will, as the case may be, as if I had just then died.

## ARTICLE VIII

### Trusts for Carl T. Fisher

If, pursuant to the provisions of this Will, any property shall be directed to be held by the Trustees hereinafter named, IN TRUST, for the benefit of my grandson, CARL, then the Trustees, in their sole and absolute discretion, may consolidate any such trusts,

10

and each such trust, as consolidated or not, shall be administered and disposed of as follows:

(A)   The Trustees shall pay to or apply for the benefit of my said grandson so much or all of the net income of such trust, at such time or times and in such amounts, as the Disinterested Trustees, in their sole and absolute discretion, may deem advisable; and the net income which shall not be paid to or applied for the benefit of my said grandson in any year shall be added to the principal of such trust at the end of such year and shall be held, administered and disposed of as a part thereof.

(B)   The Trustees shall pay to or apply for the benefit of my said grandson so much or all of the principal of such trust, at such time or times and in such amounts, as the Disinterested Trustees, in their sole and absolute discretion, may deem advisable.

(C)   Upon the death of my said grandson, the Trustees shall distribute the remaining principal and undistributed income of such trust to his then living issue, per stirpes, or, in default of such issue, to my then living issue, per stirpes, provided, however, that, for purposes of this Paragraph (C), my children shall be deemed to have predeceased my said grandson.  If any portion of such trust shall become payable to any issue of mine for whom a share shall then be held in trust under Article IX of this Will, then, anything herein to the contrary notwithstanding, such portion shall not be paid over to such issue but in lieu thereof shall be added to such issue's share to follow the disposition thereof in all respects as to both income and principal as if I had just then died; and, if any portion of such share shall become payable to a grandchild of mine for whom no share shall then be held in trust thereunder, such portion shall be disposed of as a separate share for the benefit of such grandchild upon all of the terms and conditions of said Article IX as if I had just then died.

11

## ARTICLE IX

### Trusts for Other Grandchildren

If, pursuant to the provisions of this Will, any property shall be directed to be held by the Trustees hereinafter named, IN TRUST, for the benefit of a grandchild of mine (other than my grandson, CARL), then the Trustees, in their sole and absolute discretion, may consolidate any such trusts (each such trust hereinafter referred to as "such share"), and each such share, as consolidated or not, shall be administered and disposed of as follows:

(A)  The Trustees shall pay to such grandchild or apply for such grandchild's benefit all of the net income of such share at least as often as annually.

(B)  The Trustees shall distribute to such grandchild one-third (1/3) of the then principal of such share when such grandchild shall have attained the age of thirty-five (35) years, one-half (1/2) of the then principal thereof when such grandchild shall have attained the age of forty (40) years, and the remaining principal thereof when such grandchild shall have attained the age of forty-five (45) years.  If such grandchild shall have attained any of such respective ages prior to my death, then, upon my death, the Trustees shall distribute to such grandchild such part, parts or all of the principal of such share, as the case may be, as such grandchild would have received had such grandchild attained any of such respective ages after my death.

(C)  In addition to such payments of principal as shall be required to be made under the preceding provision, the Trustees shall pay to or apply for the benefit of such grandchild so much or all of the principal of such share, at such time or times and in such amounts, as the Disinterested Trustees, in their sole and absolute discretion, may deem advisable.

12

(D) Such grandchild may appoint the principal of such share, in whole or in part, to any one or more of such grandchild's issue, from time to time living and whenever born, in such amounts, shares and proportions, even to the exclusion of any beneficiary, and on such terms and conditions and with such powers, absolutely or in trust, as such grandchild shall designate by a Will, executed after my death, which shall specifically refer to and exercise this power.    The power granted to such grandchild under the preceding sentence shall not apply to any policies of insurance on such grandchild's life held as a part of such share or to any proceeds thereof payable to such share, and payment of part of the principal pursuant to this power to appoint shall not be taken into account in the division of the balance of the principal and undistributed income of such share.

(E) The Disinterested Trustees, at any time, may grant to such grandchild a general power of appointment (as defined in Section 2041 of the Code) with respect to such share, which may be subject to such restrictions as the Disinterested Trustees shall set forth in the instrument in which the power is granted, provided, however, that (i) the Disinterested Trustees may not grant a general power of appointment to such grandchild if such share shall be exempt for generation-skipping transfer tax purposes and (ii) the Disinterested Trustees shall prohibit such grandchild from appointing any part of such share during such grandchild's lifetime to or for the benefit of any person or entity assigned to a generation above such grandchild's generation.    The grant of this power shall be effected by written instrument signed by a majority of the Disinterested Trustees and delivered to such grandchild and may be revoked at any time during such grandchild's lifetime by written instrument of revocation signed by a majority of the Disinterested Trustees and delivered to such grandchild.    If revoked, a new power of appointment may be granted as provided in the preceding provisions of this Paragraph (E).    In considering

13

whether to grant a general power of appointment to such grandchild, I request that the Disinterested Trustees give particular consideration to the likelihood that generation-skipping transfer taxes imposed on such share at such grandchild's death would exceed the estate taxes otherwise payable with respect to such share if such share were included in such grandchild's gross estate for estate tax purposes.  For this purpose, the Disinterested Trustees may rely, absolutely and without further investigation, on a statement provided by or on behalf of such grandchild as to the potential value of such grandchild's gross estate.

(F)  Upon the death of such grandchild prior to attaining the age of forty-five (45) years, the Trustees shall distribute the remaining principal and undistributed income of such share not effectively appointed by such grandchild's Will to such grandchild's then living issue, per stirpes, or, in default of such issue, to the then living issue, per stirpes, of my late son, RICHARD, or, in default of such issue, to my then living issue, per stirpes, provided, however, that, for purposes of this Paragraph (F), my children shall be deemed to have predeceased such grandchild.  If any portion of such share shall become payable to any issue of mine for whom a share shall then be held in trust under this Article IX or Article VIII of this Will, as the case may be, then, anything herein to the contrary notwithstanding, such portion shall not be paid over to such issue but in lieu thereof shall be added to such issue's share to follow the disposition thereof in all respects as to both income and principal as if I had just then died; and, if any portion of such share shall become payable to a grandchild of mine for whom no share shall then be held in trust thereunder, such portion shall be disposed of as a separate share for the benefit of such grandchild upon all of the terms and conditions of this Article IX or said Article VIII, as the case may be, as if I had just then died.

14

## ARTICLE X

### Trust Administration

(A)  In exercising their discretion, if any, to pay or apply income and/or principal with respect to a trust created under this Will, I direct that:

(1)  The Disinterested Trustees be extremely liberal in the exercise of such discretion, preference be given to the care, comfort, support, maintenance, medical attention and education of the person to whom or for whose benefit such payment may be made, and all doubts be resolved in such person's favor.  If there shall be more than one trust for the benefit of a beneficiary, the Trustees shall exhaust all trusts having an inclusion ratio greater than zero, giving priority to the trust with the highest inclusion ratio, before distributing principal of a trust with an inclusion ratio of zero.

(2)  The Disinterested Trustees may, but shall not be required to, inquire as to any other income or property of such person and see to the use of any such payments; and no trust shall be subject to the provisions of Section 7-1.6(b) of the New York Estates, Powers and Trusts Law, as amended, or such other statutory provisions as shall correspond thereto at the time of my death.

(3)  Any decision of the Disinterested Trustees with respect to the exercise of such discretion, made in good faith, shall fully protect the Trustees and shall be binding and conclusive upon all persons interested in such trust.

(B)  Any provision of this Will to the contrary notwithstanding, the Disinterested Trustees may terminate a trust or share created under this Will if in their judgment the principal thereof is so small that it would be inadvisable to continue to hold it in trust and distribute the principal and undistributed income thereof free of trust to the person then entitled to the income therefrom or to the person or persons eligible to receive the income

15

therefrom in such amounts or shares as the Disinterested Trustees may, in their sole and absolute discretion, determine.

(C) Any provision of this Will to the contrary notwithstanding, a trust or share created under this Will shall, in any event, terminate one day prior to the expiration of the permissible period under the relevant application of the Rule Against Perpetuities, if any, determined using as measuring lives in being my issue. Upon such termination, the Trustees shall distribute the principal and undistributed income thereof free of trust to the person then entitled to the income therefrom or to the person or persons eligible to receive the income therefrom in such amounts or shares as the Disinterested Trustees may, in their sole and absolute discretion, determine.

(D) If, at any time, the Trustees are holding a trust fund hereunder for the primary benefit of any person for whose primary benefit the Trustees are holding any other trust fund created by me hereunder, the Trustees may, in their sole and absolute discretion, consolidate and commingle such trust funds and hold and dispose of them as one consolidated trust fund. Notwithstanding any other provision of this Will to the contrary, the Trustees may consolidate only trusts having the same inclusion ratio for generation-skipping transfer tax purposes.

## ARTICLE XI

### Distributions to Minors

(A) If pursuant to this Will any property shall vest in absolute ownership in a minor, I authorize and empower my Executors and Trustees, as the case may be, in their sole and absolute discretion, to hold such property, or any part thereof, in a separate fund for the benefit of such minor during his or her minority, and to invest and reinvest such property, to collect the income therefrom and to pay or apply so much or all of the income

16

and principal to or for the benefit of such minor as my Executors and Trustees, in their sole and absolute discretion, may deem advisable, and to accumulate, invest and reinvest the balance of said income until such minor shall attain his or her majority, and thereupon to pay the then principal, together with any accumulated income, to such minor or, if such minor shall die before attaining his or her majority, to the estate of such minor. The authority conferred upon my Executors and Trustees by this provision shall not be exercised if its exercise will violate the Rule Against Perpetuities; and, in such case, such property shall be distributed pursuant to the provisions of Paragraph (C).

     (B)  With respect to any property held hereunder, my Executors and Trustees shall have all the powers, privileges, discretions and immunities conferred upon them elsewhere in this Will; and they shall not be required to give any bond or other security for the faithful performance of their duties hereunder in any jurisdiction whatsoever or, if any bond is required, they shall not be required to give any surety thereon.

     (C)  Payment of income or principal to or for the benefit of a minor under any of the provisions of this Will may be made by my Executors and Trustees directly to such minor, to the parent, a guardian or any other person having the care and control of such minor, to a custodian for such minor under the applicable Uniform Transfers to Minors Act, Uniform Gifts to Minors Act or any comparable act, or by otherwise applying such income or principal for the benefit of such minor. A receipt for any payment hereinabove authorized shall be a full discharge to my Executors and Trustees with respect thereto.

## ARTICLE XII
### Executors and Trustees

(A)  I appoint BERNARD L. MADOFF and PETER B. MADOFF as Executors of this Will.  If both of BERNARD L. MADOFF and PETER B. MADOFF shall fail to qualify or shall cease to act for any reason, then I appoint the following persons, in the order of priority indicated, to act as successor Executors: (i) MARK D. MADOFF and ANDREW H. MADOFF, or such of whom as shall qualify; (ii) such person, bank or trust company as the last acting Executor shall appoint by an instrument in writing filed with the clerk of the appropriate court during his or her lifetime.

(B)  With respect to any trust created under this Will for the benefit of my daughter, JOAN, I appoint BERNARD L. MADOFF and PETER B. MADOFF as Trustees thereunder.  If both of BERNARD L. MADOFF and PETER B. MADOFF shall fail to qualify or shall cease to act under such a trust for any reason, then I appoint the following persons, in the order of priority indicated, to act thereunder as successor Trustees: (i) such Disinterested person, bank or trust company as my said daughter shall appoint by an instrument or instruments in writing filed with the clerk of the appropriate court within ninety (90) days after such vacancy shall occur; (ii) MARK D. MADOFF and ANDREW H. MADOFF, or such of whom as shall qualify; (iii) such Disinterested person, bank or trust company as the last acting Trustee shall appoint by an instrument in writing filed with the clerk of the appropriate court during his or her lifetime.

(C)  With respect to all other trusts created under this Will, I appoint BERNARD L. MADOFF and PETER B. MADOFF as Trustees thereunder.  If both of BERNARD L. MADOFF and PETER B. MADOFF shall fail to qualify or shall cease to act thereunder for any reason, then I appoint the following persons, in the order of priority indicated, to act thereunder as successor Trustees: (i) MARK D. MADOFF and ANDREW H. MADOFF, or such of whom as shall qualify; (ii)

such Disinterested person, bank or trust company as the last acting Trustee shall appoint by an instrument in writing filed with the clerk of the appropriate court during his or her lifetime.

(D) The phrase "shall fail to qualify or shall cease to act" shall include, but not be limited to, renunciation, resignation, removal, death or incapacity.

(E) I direct that no Executor or Trustee herein designated shall be required to give any bond or other security in any jurisdiction whatsoever for the faithful performance of his duties or in connection with the prepayment of any commissions or legal fees; however, if any bond is required, I direct that no sureties be required thereon.

(F) No Executor or Trustee at any time acting hereunder shall be required to file periodic accountings in any court in which this Will shall be admitted to probate unless such Executor or Trustee shall elect to do so.

(G) Any Executor or Trustee may resign from office without leave of court at any time and for any reason by filing a written instrument of resignation with the clerk of the appropriate court and delivering duplicate originals thereof to the other Executors or Trustees at the time in office hereunder, if any, as the case may be, and to the next succeeding Executor or Trustee, as the case may be, if any. The resignation, refusal, failure or inability of a Trustee to act as Trustee of any trust hereunder shall not prevent said Trustee from acting as Trustee of any other trust created hereunder.

(H) Whenever the term "Executors" or "Trustees" is used in this Will, it shall be deemed to refer to the Executors or Trustees acting hereunder from time to time, unless the context expressly refers to less than all of the said Executors or Trustees; and all powers and discretions vested in the Executors and Trustees shall be vested in, and exercisable by, any such successor Executor and successor Trustee, except that the powers and discretions vested

19

in the Disinterested Trustees shall be vested in, and exercisable by, only a successor Disinterested Trustee.

(I)  If it shall become necessary to have ancillary administration of my estate in any jurisdiction where the Executors shall be unable or shall not desire to qualify as ancillary legal representative, I appoint as such ancillary legal representative such individual or corporation as the Executors shall designate in writing.  I direct that any balance of my property remaining after such ancillary administration be delivered, to the extent permitted by law, to the Executors for disposition in accordance with the terms of this Will.  I further direct that all of the powers and discretions granted to the Executors hereunder shall also apply to any such ancillary legal representative and that such person shall not be required to give any bond or other security for the faithful performance of his duties; however, if any bond is required, I direct that no sureties be required thereon.

(J)  Any bank or trust company which shall be appointed to act as an Executor or Trustee hereunder shall, to the extent permitted by law, be entitled to receive reasonable compensation in accordance with its then prevailing rates of compensation in place of any applicable statutory rates.

ARTICLE XIII

Simultaneous Death

If any person, who would be a beneficiary under any provision of this Will if he or she should survive me, should die under such circumstances as render it impossible or difficult to determine whether or not such person survived me, I direct that for the purposes of this Will such person shall be deemed to have predeceased me; and, furthermore, if any issue of mine shall die within a period of ninety (90) days after the date of my death, then

20

such issue shall be deemed to have predeceased me for the purposes of this Will.

## ARTICLE XIV
### Death Taxes

(A)   I direct that all estate, inheritance or other death taxes payable by reason of my death in respect to all property included in my estate for the purposes of computing such taxes, whether or not such property shall pass under this Will, be paid out of my residuary estate without apportionment; and, to the extent that my residuary estate shall be insufficient therefor, I direct that the balance of such taxes or all of such taxes, as the case may be, be paid out of the generation-skipping exemption bequest under Article VI of this Will without apportionment; and, further, to the extent that such bequest shall be insufficient therefor, I direct that the balance of such taxes or all of such taxes, as the case may be, be paid out of the bequest under Article V of this Will.   Any reference to a tax or taxes hereunder shall include any interest and/or penalties thereon.

(B)   With respect to any disposition of property made by me which may become subject to a generation-skipping transfer tax upon or after my death, the Executors and Trustees shall have the following duties and powers:

(1)   With respect to any disposition of property under this Will which shall be a direct skip (from a trust or otherwise), any generation-skipping transfer tax shall be paid by my Executors or the Trustees, as the case may be, from the property which is the subject of the direct skip.

(2)   With respect to any taxable termination of, or taxable distribution from, a trust under this Will, any generation-skipping transfer tax shall be paid by the Trustees from the

21

property which is the subject of the taxable termination or the taxable distribution, as the case may be.

(3)    The unused portion of my generation-skipping transfer tax exemption shall be allocated by my Executors to and among all transfers made by me during my life and by reason of my death, whether or not made by this Will, as my Executors, in their sole and absolute discretion, may determine; and any allocation made by the Executors shall be binding and conclusive on all persons interested in any such transfer.    It is, however, my wish that, to the extent possible, my Executors first allocate the unused portion of my exemption to the trust created under Article VI for the benefit of my said daughter and then to the trust created under Article VII for the benefit of my said daughter.

(4)    If any trust created under this Will would have an inclusion ratio of more than zero but less than one for generation-skipping transfer tax purposes, the Executors and Trustees may elect to divide such trust into two separate, identical trusts, so that one trust shall have an inclusion ratio of zero and one trust shall have an inclusion ratio of one for generation-skipping transfer tax purposes.    Such severance shall be made prior to the date prescribed for filing my Federal estate tax return (including extensions actually granted) and each new trust shall be funded with a fractional share of each and every substantial interest or right held by the single trust.    Any method of establishing such severance which shall be prescribed by the Code or Regulations thereunder shall be sufficient to establish a severance hereunder.

(C)    If any property held in a trust hereunder shall be includible in the estate of a beneficiary of such trust for the purpose of computing estate, inheritance or other death taxes payable by reason of such beneficiary's death by reason of the exercise, existence or release by such beneficiary of a power of appointment over such property, then I direct the Trustees to

22

distribute to such beneficiary's estate out of the property passing under such trust (i) an amount equal to the difference between the total of such taxes actually payable from such beneficiary's estate and the total of such taxes payable from such beneficiary's estate had such beneficiary not exercised, held or released such power, or (ii) such lesser amount as such beneficiary shall otherwise direct by Will.

## ARTICLE XV

### Executors' and Trustees' Powers

(A)  In the investment, administration and distribution of my estate or a trust created under this Will, I grant to the Executors and Trustees with respect to any and all property, whether real or personal, which I may own at the time of my death or which shall at any time constitute part of my estate or a trust hereunder, the following powers, in addition to those conferred by law:

(1)  To determine what property is covered by general descriptions contained in this Will.

(2)  To pay or deliver any legacy without waiting the time prescribed by law (no legacy under this Will shall bear interest); to pay the expenses of my funeral, burial and last illness which I direct shall be paid from my estate.

(3)  To retain any such property as an investment without regard to the proportion which such property or property of a similar character, so held, may bear to the entire amount of my estate or of the trust in which such property is held, whether or not such property is of the class in which fiduciaries are authorized by law or any rule of court to invest trust funds.

(4)  To sell any such property at either public or private sale for cash or on credit, to exchange any such property and to grant options for the purchase thereof.

(5)  To invest and reinvest in property of any character, real or personal, including, without limitation, partnerships, bonds, notes, debentures, mortgages, certificates of deposit, common and preferred

stocks, shares or interests in investment trusts
including any common trust fund maintained by a corporate
Executor or a corporate Trustee, whether or not such
property is of the class in which fiduciaries are
authorized by law or any rule of court to invest trust
funds and without regard to the proportion which such
property or property of a similar character, so held, may
bear to the entire amount of my estate or of the trust in
which such property is held.

(6)  To consent to and participate in, or to
oppose, any foreclosure, liquidation or plan of
reorganization, consolidation, merger, combination or
other similar plan and to consent to any contract, lease,
mortgage, purchase, sale or other action by any
corporation pursuant to such plan.

(7)  To deposit any such property with any
protective, reorganization or similar committee, to
delegate discretionary power thereto and to pay the
estate's or trust's proportionate part of its expenses
and compensation and any assessments levied with respect
to such property.

(8)  To exercise all conversion, subscription,
voting and other rights of whatever nature pertaining to
any such property and to grant proxies, discretionary or
otherwise, with respect thereto.

(9)  To manage any real property in the same
manner as if the absolute owners thereof, including,
without limitation, the power from time to time to lease,
or grant options to lease, any such real property for any
period of time and although any such period may extend
beyond the duration of a trust created under this Will or
to which property shall be payable under this Will, with
any provisions for renewals thereof, without application
to any court; to enter into any covenants or agreements
relating to the property so leased or to any improvements
then or thereafter erected thereon; to insure against
loss by fire or other casualty; and to bring an action
for partition, to make partition or enter into any
agreements of partition of any real property which, or an
interest in which, shall at any time constitute part of
my estate or a trust hereunder, and to give or receive
money or other property for equality of partition.

(10) To borrow money for the purposes and
benefit of my estate or a trust created under this Will,
including, without limitation, to maintain or establish a
margin account, and to make loans, all in such amounts

24

and upon such terms as they, in their sole and absolute discretion, may determine.

(11) To extend the time of payment of any obligation held by them and to compromise, settle or submit to arbitration upon such terms as they may deem advisable, or to release any claim in favor of or against my estate or a trust created hereunder.

(12) To fund any bequest under this Will, including any general legacy, wholly or partly in kind; and in the division or distribution of my estate, including any distribution to trustees of a trust, or of a trust created under this Will, to make partition, division or distribution of property in kind; and, for any such purpose, to determine to the extent permissible by law the value of any such property.

(13) To allocate to two or more shares or trusts created under this Will an undivided interest in one or more properties or blocks of securities, including stocks.

(14) To cause any securities or other property held by them to be registered and held in the name of a nominee, and the liability of my Executors and Trustees shall be neither increased nor decreased thereby.

(15) To exercise any stock options, which I may own at the time of my death.

(16) To retain, acquire and hold life insurance policies issued on the life of any beneficiary hereunder or on the life of anyone in whom such beneficiary has an insurable interest and to select such type of policy and mode of premium payment as they may deem advisable; to exercise all rights with regard to such insurance as the policy contracts grant to the owners thereof. If an Executor or Trustee is insured under any policy held hereunder, then such Executor or Trustee shall not exercise any rights or powers granted to the Executors and Trustees with respect to such policy, and such rights and powers shall be vested exclusively in the remaining Executors and Trustees; or, if such Executor or Trustee is the sole Executor or sole Trustee acting hereunder, then I direct such Executor or Trustee to distribute such policy or policies to the beneficiaries thereof under this Will or a trust hereunder as soon as practical after the date of my death.

(17) To employ and compensate agents, attorneys, accountants, investment counsel or custodians, (including any firm with which an Executor or Trustee may

25

be affiliated), and, to the extent permitted by law, to delegate to them discretionary power.

(18) To determine whether to claim deductions available to me or to my estate or to any trust on estate tax or income tax returns, and to determine the date upon which to value my estate for estate tax purposes, all in such manner as they may deem advisable and without thereafter making any adjustment between income and principal on account of any such determination or between any trust funds; and any determination made by the Executors in the exercise of any election given them under the provisions of the Code shall be binding and conclusive upon all persons interested in my estate and shall exonerate my Executors and Trustees from any liability with respect to such determination.

(19) To allocate, in the sole and absolute discretion of the Disinterested Trustees, in whole or in part, to principal and income, all receipts and disbursements for which no express provision is made under the law of the State of my domicile at the time of my death.

(20) To do all such acts, take all such proceedings and exercise all such rights and privileges, although not herein specifically mentioned, with respect to any such property, as if the absolute owners thereof and, in connection therewith, to make, execute and deliver any instruments and to enter into any covenants or agreements binding my estate or a trust created under this Will or to which property is payable under this Will.

(B) No persons dealing with the Executors or Trustees shall be required to inquire into the application or disposition of any money or other property paid or delivered to them or into the authority for or propriety of any transaction. All powers granted to the Executors and Trustees shall continue until actual distribution of the property.

(C) To the extent that the same is permitted by law and is not in conflict with the express terms of this Will, an individual Executor or Trustee may delegate any duties or powers, discretionary or otherwise, to any other Executor or Trustee for such period and upon such terms and conditions as may be designated

26

in a written instrument signed, acknowledged and delivered to such other Executor or Trustee.

(D)  No Executor or Trustee shall be responsible for the acts or omissions of any other Executor or Trustee or for allowing any other Executor or Trustee to have custody or control of estate or trust assets.

(E)  Any decision of the Executors or Trustees with respect to the exercise or nonexercise by them of any discretionary power under this Will, or the time or manner of the exercise thereof, made in good faith, shall fully protect them and shall be binding and conclusive upon all persons interested in my estate or a trust created under this Will.

(F)  If, in any proceeding for the probate of this Will or for an accounting by any Executor or Trustee at any time acting hereunder, any party to such proceeding shall be a person under a disability, service of process in such proceeding shall not be required upon such person under a disability if there shall be another person, not under a disability, who shall be a party to the proceeding and who shall have the same interest as the person under a disability.

(G)  Notwithstanding anything else in this Will to the contrary, as long as BERNARD L. MADOFF shall be acting as an Executor or Trustee hereunder, I direct that he alone shall make all decisions affecting the investment of assets constituting a part of my estate and any trust created hereunder.  As long as BERNARD L. MADOFF shall be acting as an Executor or Trustee hereunder, the other Executors and Trustees shall have no responsibility or liability with respect to any investments for which BERNARD L. MADOFF is hereby given sole responsibility.

(H)  As long as BERNARD L. MADOFF shall be acting as an Executor or Trustee hereunder and shall therefore be exercising sole investment authority over all estate or trust assets, he shall be expressly authorized, in addition to all other powers granted by

27

this Will, to invest any portion of the assets in my estate or any trust created hereunder, including the whole thereof, in such manner and in such amounts as he may from time to time determine, although the same may not be of a character authorized by law for investment by fiduciaries or may not be of a kind or in an amount that ordinarily would be considered suitable for an estate or trust investment. I direct that any such investment shall be authorized notwithstanding the fact that it may be considered speculative or not productive of income and irrespective of past or prospective fluctuations in the market value or the income thereof. Specifically, and by way of illustration and not limitation, BERNARD L. MADOFF shall be expressly authorized to open and maintain margin accounts and make short term investments in stocks, convertible securities, index and other options, puts, calls, straddles, and hedging arrangements of any kind, and any combination of these. BERNARD L. MADOFF has been actively involved in the investment of my assets for many years and it is for this reason that I direct that he shall be authorized and requested, to the extent he shall believe it appropriate, to continue to invest my estate and trust assets that shall be under his sole investment authority in similar manner and fashion as he has invested my property during my lifetime.

(I) I direct that, as long as BERNARD L. MADOFF shall be acting as an Executor or Trustee hereunder, he shall be authorized to use, and I anticipate that he will use, the firm of Bernard L. Madoff Investment Securities, LLC, currently located at 885 Third Avenue, New York, New York, to sell and purchase stocks and securities or interests therein for my estate and any trust created hereunder; and I further direct that such firm shall be entitled to receive compensation from my estate or any trust created hereunder for such services. Furthermore, BERNARD L. MADOFF shall be authorized to designate, and I anticipate that he will designate, the firm of Bernard L. Madoff Investment Securities, LLC to be the custodian for, and retain possession of, all certificates evidencing

28

the ownership of all stocks and securities or interests therein, as shall be owned by my estate or any trust created hereunder.

(J) If BERNARD L. MADOFF shall not be acting as an Executor or Trustee hereunder, whether due to failure to qualify, resignation, death or otherwise, I recommend to my then acting Executors and Trustees that they maintain a discretionary account at the firm of Bernard L. Madoff Investment Securities, LLC, unless prohibited by law, and, if they do so, they shall not be liable for any loss incurred in connection therewith by my estate or any trust created hereunder. In the event that my then acting Executors and Trustees shall employ the services of the firm of Bernard L. Madoff Investment Securities, LLC under the circumstances described herein, I direct that such firm be the custodian for, and retain possession of, all certificates evidencing the ownership of all stocks or securities or interests therein, as shall be held in such discretionary account.

(K) If BERNARD L. MADOFF shall fail to qualify or shall cease to act as an Executor or as a Trustee hereunder and PETER B. MADOFF, MARK D. MADOFF and/or ANDREW H. MADOFF shall be acting as an Executor or Trustee, then all references in this Article XV to BERNARD L. MADOFF shall be deemed to refer to PETER B. MADOFF, MARK D. MADOFF and/or ANDREW H. MADOFF, as the case may be.

## ARTICLE XVI

### Disclaimers

(A) A person having a beneficial interest under this Will is authorized to disclaim all or any part of that interest at any time before accepting it or its benefits. A beneficial interest may be disclaimed with respect to amounts, fractions or percentages of that interest or with respect to particular assets, as the person having that interest determines.

29

(B)  In addition to any other method of disclaimer recognized by law, a beneficial interest may be disclaimed by an acknowledged instrument to that effect executed by the person having that interest, such person's guardian, committee or conservator, or any person acting under a general power of attorney, whether or not such power of attorney makes specific reference to a power to disclaim or to make gifts, and delivered to any Executor or any Trustee.   The legal representatives of a deceased person are authorized similarly to disclaim that deceased person's beneficial interest, without authorization or approval by any court.

(C)  Unless the person making the disclaimer specifically provides to the contrary in the instrument making the disclaimer, it shall not constitute a disclaimer of that person's right to receive any other interest under this Will upon a later disclaimer by another person, upon the death of another person or pursuant to the exercise of a power of appointment granted to another person in a nonfiduciary capacity.  A disclaimed interest shall be administered and distributed as if the person who had that interest died immediately before it was created.

## ARTICLE XVII
### Miscellaneous

(A)  If any beneficiary under this Will shall in any way directly or indirectly contest or object to the probate of this Will, or dispute any clause or provision hereof or exercise or attempt to exercise any right to take any part or share of my estate against the provisions of this Will, or institute or prosecute, or be in any way directly or indirectly interested or instrumental in the institution or prosecution of, any action, proceeding, contest or objection, or give any notice, for the purpose of setting aside or invalidating this Will, or any clause or provision thereof, then, and in each such case, all provisions for such beneficiary contained

30

in this Will shall be wholly void and ineffectual, and my estate shall be disposed of in like manner as though such beneficiary shall have predeceased me.

(B)  No beneficial interest in either income or principal under this Will may be voluntarily or involuntarily anticipated, assigned, encumbered, pledged, sold or otherwise transferred, except pursuant to the exercise of the powers granted in this Will to disclaim.  No beneficial interest under this Will shall be capable of being taken or reached by any attachment, levy, writ or other legal or equitable process to satisfy any claim against, or obligation of, the person having that interest.  No such interest shall be subject to control or interference by any other person. Any attempt to dispose of, or to take or reach, any interest in violation of this spendthrift provision shall be invalid and given no effect by any Executor or Trustee.

IN WITNESS WHEREOF, I, GLADYS C. LURIA, have hereunto set my hand and seal to this my Last Will and Testament in the presence of the persons witnessing it at my request this 4th day of April, 2005.

_____
GLADYS C. LURIA

The above instrument was at the date thereof Subscribed, Sealed, Published and Declared by the Testatrix, GLADYS C. LURIA, as and for her Last Will and Testament, in the presence of us and each of us, who, at her request, in her presence and in the presence of each other, have hereunto subscribed our names as witnesses thereto this 4th day of April, 2005.

_____  residing at 7 Cragmere Road _____
                                         Suffern, NY  10901

_____  residing at 330 East 80th Street ___
                                         New York, NY  10021

31

## Affidavit of Subscribing Witnesses

STATE OF NEW YORK      )
                       : ss.:
COUNTY OF NEW YORK     )

The undersigned, who being severally duly sworn on their respective oaths, depose and say that they witnessed the execution of the Will of GLADYS C. LURIA, the within named Testatrix, on the 4th day of April, 2005; that said Testatrix, in their presence, subscribed said Will at the end thereof and at the time of making of such subscription declared the instrument so subscribed by her to be her Last Will and Testament; that they, at the request of said Testatrix and in her sight and presence and in the sight and presence of each other, thereupon witnessed the execution of said Will by said Testatrix by subscribing their names as witnesses thereto; that said Testatrix, at the time of the execution of said Will, appeared to them of full age and of sound mind and memory and was in all respects competent to make a will and was not under any restraint; that said Testatrix, in the respective opinions of the undersigned, could read, write and converse in the English language and was suffering from no defect of sight, hearing or speech, or from any other physical or mental impairment which would affect her capacity to make a valid will. The said Will was executed as a single, original instrument and was not executed in counterparts.

The aforesaid subscribing witnesses further state that this affidavit was executed at the request of the Testatrix and that at the time of the execution of this affidavit the original Will, abovedescribed, was exhibited to them and they identified it as such Will by their signatures appearing thereon as subscribing witnesses.

The said Will was executed at 40 East 88th Street, New York, New York, by the Testatrix and witnessed by each of the undersigned under the supervision of Walter W. Regel, an attorney-at-law in the State of New York.

Severally subscribed and sworn to before me this ⁄ ᵗʰ day of April, 2005.

Notary Public

STEPHEN J. KRASS
Notary Public, State of New York
No. 2194685
Qualified in New York County
Commission Expires May 31, 2007