VENABLE LLP
Rockefeller Center
1270 Avenue of the Americas
25th Floor
New York, New York 10020
Telephone: (212) 307-5500
Facsimile: (212) 307-5598
Edward A. Smith

Counsel for Columbia University

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro No. 08-01789 (BRL) <br><br> SIPA Liquidation |

## OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM

Columbia University ("Claimant"), by and through its counsel, Venable LLP,

hereby objects to the Notice of Trustee's Determination of Claim dated September 21, 2010 (the

"Determination Notice") as follows:

## BACKGROUND

1.     On December 15, 2008, this liquidation proceeding was commenced

against Bernard L. Madoff Investment Securities, LLC ("BLMIS") in the United States District

Court for the Southern District of New York pursuant to the Securities Investor Protection Act of

1970, 15 U.S.C. §§ 78aaa, et seq. ("SIPA"). See Order dated December 15, 2008, SEC v. Madoff, No. 08-10791 (S.D.N.Y.). Irving H. Picard was appointed Trustee (the "Trustee") and is responsible for overseeing the liquidation of BLMIS and customer claims pursuant to SIPA. Id.; 15 U.S.C. § 78fff-1.

2.    On December 23, 2008, this Court entered an Order (the "December 23 Order") directing the Trustee to provide notice of the liquidation proceeding and claims procedures to BLMIS customers and setting forth claim filing deadlines. Order dated December 23, 2008, SIPC v. Bernard L. Madoff Securities, LLC, No. 08-01789 (Bankr. S.D.N.Y.).

3.    The December 23 Order provides that, if the Trustee disagrees with the amount set forth on a customer claim form, the Trustee "shall notify such claimant by mail of his determination that the claim is disallowed, in whole or in part, and the reason therefor. . . ." December 23 Order, at 6.

4.    Claimant is a "customer" of BLMIS, as defined by SIPA.

5.    On or about July 1, 2009, Claimant submitted a customer claim in the amount of $10.717 million (the "Claim"). A copy of the Claim is attached hereto as Exhibit A.

6.    On September 16, 2009, the Bankruptcy Court entered an Order Scheduling Adjudication of 'Net Equity' Issue, (the "September 16 Order") providing that "[t]he Trustee and the Interested Parties shall reserve all rights, claims and defenses as to any issues and/or arguments not resolved by the Court in connection with the briefing described herein on the Net Equity Issue." September 16 Order, at 4. The September 16 Order further provides that "the Trustee shall confer with counsel regarding other issues that should be the subject of separate scheduling orders. . . ." Id. at 6.

2

7.    On March 1, 2010, the Bankruptcy Court issued a Memorandum Decision Granting Trustee's Motion for an Order (1) Upholding Trustee's Determination Denying Customer Claims for Amounts Listed on Last Customer Statement; (2) Affirming Trustee's Determination of Net Equity; and (3) Expunging Objections to Determinations Relating to Net Equity (the "Decision").

8.    The Decision is currently on appeal in the United States Court of Appeals for the Second Circuit (the "Net Equity Appeal").

9.    By Determination Notice dated September 21, 2009, the Trustee denied the Claim in its entirety. A copy of the Determination Notice is attached hereto as Exhibit B.

10.    The Determination Notice states:

On March 1, 2010, the United States Bankruptcy Court for the Southern District of New York (Lifland, J.) issued a decision which affirmed the Trustee's Net Investment Method for determining customer claims. The final resolution of this issue is expected to be determined on appeal.

Should a final and unappealable order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by you in having your customer claim re-determined in accordance with any such Court order.

Determination Notice, at 2.

3

## GROUNDS FOR OBJECTION AND RESERVATION OF RIGHTS

**A.    Reservation of Rights With Respect to Trustee's Position on "Net Equity."**

11.    Under SIPA, the Trustee is obligated to "satisfy net equity claims of customers." 15 U.S.C. § 78fff(a)(1)(B). Claimant contends that "net equity" is the difference between the value of the securities positions in a customer account as of the SIPA filing date and any amounts the customer owes to the SIPA debtor based on the plain language of SIPA and applicable case law, as more fully set forth in the submissions to the Court on the net equity issue. See 15 U.S.C. § 78lll(11). See also In re New Times Secs. Servs., Inc., 371 F.3d 68, 72 (2d Cir. 2004) ("New Times") ("Each customer's 'net equity' is 'the dollar amount of the account or accounts of the customer, to be determined by calculating the sum which would have been owed by the debtor to such customer if the debtor had been liquidated, by sale or purchase on the filing date, all securities positions of such customer' corrected for 'any indebtedness of such customer to the debtor on the filing date.'"). Accordingly, Claimant contends that the Trustee's method of calculating "net equity" by a "money in/money out" methodology is erroneous.

12.    Claimant understands, based on the statement set forth in the Determination Notice, that Claimant will receive the benefit of any final, appealable order entered in the Net Equity Appeal that is consistent with Claimant's position on net equity. Claimant hereby reserves all of its rights in this regard.

**B.    Additional Objections.**

13.    In addition to the objections set forth above, Claimant objects to the Trustee's denial of the Claim on a number of additional grounds, including, but not limited to the following. Claimant understands that these issues may be addressed by the Bankruptcy Court

4

pursuant to separate scheduling orders or proceedings as contemplated by the September 16

Order:

- The Trustee has failed to meet his burden under both the December 23 Order (requiring that the Trustee specify the reason for the claim determination) and Rule 3001(f) of the Federal Rules of Bankruptcy Procedure (which requires the Trustee to rebut the prima facie validity of a duly-filed claim), as the Determination Notice relies on conclusory factual statements, does not provide reasonable specificity concerning the factual basis for the Trustee's determination, and fails to specify any legal basis supporting the Trustee's determination;

- Because the Trustee has failed to set forth with reasonable specificity the basis for his denial of the Claim, it is impossible to determine with certainty the factual and legal underpinnings of the Trustee's denial. Claimant therefore reserves all of its rights to contest any and all bases for the Trustee's denial of the Claim, whether or not specifically set forth in the Determination Notice;

- The Determination Notice states that "[a]s reflected in Table 1, certain of the transfers into or out of your account have been adjusted. As part of the Trustee's analysis of accounts, the Trustee has assessed accounts based on a money in/money out analysis (i.e., has the investor deposited more or less than he or she withdrew from BLMIS)." Determination Notice, at 2. The Claimant objects to the Trustee's adjustments based on the Trustee's erroneous "money in/money out analysis" and reserves all of its rights to present evidence with respect to, and otherwise to challenge, the Trustee's adjustments in Table One of the Determination Notice;

- Upon information and belief, numerous deposits were made into Claimant's account prior to the commencement of the Ponzi scheme. Claimant reserves all its rights to contest, oppose, litigate and raise defenses with respect to the Trustee's determination of the Claim and/or any claims, causes of action and/or litigation asserted by the Trustee on the basis of the timing of deposits;

- The Determination Notice's statement that "[n]o securities were ever purchased for your account" is both conclusory and totally unsupported;

- Reducing the amount of the Claim by the amount of any withdrawal is, in effect, an avoidance of such transfers from BLMIS to Claimant.

5

Claimant reserves all of its rights to contest the Trustee's avoidance of
such transfers; and

- Claimant is entitled to interest (see, e.g., N.Y.C.P.L.R. § 5004; N.Y.
Gen. Oblig. L. § 5-501, et seq.) or a comparable rate of return on
deposited amounts. Claimant objects to the Trustee's determination as
the Trustee failed to allow any interest or rate of return and reserves its
right to seek such amounts.

C.      **General Reservation of Rights**

14.    To the extent that the Determination Notice is based on an avoidance

theory or other grounds, Claimant hereby reserves all of its rights, defenses (including but not

limited to statute of limitations) and remedies under title 11 of the United States Code, 11 U.S.C.

§§ 101, et seq. (the "Bankruptcy Code") and other applicable law. Nothing in this Objection

shall be deemed to be, or otherwise be relied upon, as a waiver of any of Claimant's rights,

defenses or remedies.

15.    Claimant further reserves all rights to revise, amend or supplement this

Objection and its Claim (including to address any change in its understanding of the Trustee's

determination), and its failure to object on a particular ground shall not be construed as a waiver

of Claimant's right to object on any additional grounds.

16.    Claimant reserves its right to submit a reply to any response to this

Objection.

17.    Claimant hereby incorporates by reference, as if fully set forth herein, the

arguments of other, similarly-situated claimants.

**CONCLUSION**

WHEREFORE, Claimant respectfully requests that this Court overturn the

Trustee's denial determination as set forth in the Determination Notice, allow the Claim in its

6

entirety, direct payment to Claimant in the full amount of its Claim plus interest or appropriate

rate of return, and order such other relief as the Court deems just.

Dated: New York, New York
      October 21, 2010

VENABLE LLP

By:    */s/ Edward A. Smith*
         Edward A. Smith
         Rockefeller Center
         1270 Avenue of the Americas
         New York, New York 10020
         Telephone: (212) 307-5500
         Facsimile: (212) 307-5598

         Counsel for Columbia University

## CERTIFICATE OF SERVICE

I, SUMIT SOM, an attorney admitted to practice in the State of New York, hereby certify

that on October 21, 2010, a copy of the Objection to Trustee's Determination of Claim filed by

Columbia University was served via hand delivery at the following address:

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111

Dated: New York, New York
     October 21, 2010

_____
Sumit Som
