BAKER & HOSTETLER LLP  
45 Rockefeller Plaza  
New York, New York 10111  
Telephone: (212) 589-4200  
Facsimile: (212) 589-4201  
Irving H. Picard  
Email:  ipicard@bakerlaw.com  
David J. Sheehan  
Email:  dsheehan@bakerlaw.com  
Marc E. Hirschfield  
Email:  mhirschfield@bakerlaw.com  
Geraldine E. Ponto  
Email:  gponto@bakerlaw.com  

Hearing Date: November 4, 2010  
Hearing Time: 10:00 a.m.  
Objection Deadline: October 28, 2010  

*Attorneys for Irving H. Picard, Esq., Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC And Bernard L. Madoff*

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant.<br><br>In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |

**TRUSTEE'S MOTION FOR AN ORDER ESTABLISHING
PROCEDURES FOR THE ASSIGNMENT OF ALLOWED CLAIMS**

Irving H. Picard, Esq. ("Trustee"), as trustee for the liquidation of the business of Bernard

L. Madoff Investment Securities LLC ("BLMIS"), under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"),[1] and the substantively consolidated estate of Bernard L. Madoff ("Madoff"), by and through his undersigned counsel, moves for entry of an order approving the Trustee's proposed procedures for the assignment of allowed claims (the "Motion"), effective retroactive to the date of filing of this Motion, and respectfully states:

### Jurisdiction

1.      This Court has jurisdiction over this Motion pursuant to SIPA §78eee(b) and 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief sought herein are SIPA §78fff, and 11 U.S.C. §§ 105(a), 501 and 502,[2] and Rule 3001(e) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

### Background

3.      On December 11, 2008 (the "Filing Date"),[3] the Securities and Exchange Commission filed a complaint in the United States District Court for the Southern District of New York against defendants Madoff and BLMIS (No. 08 CV 10791). The complaint alleged that the defendants had engaged in fraud through BLMIS' investment advisory business.

---

[1]     For convenience, future references to SIPA will not include "15 U.S.C."

[2]     Further citations to title 11, United States Code, will not include "11 U.S.C." and will be cited as sections of the Bankruptcy Code.

[3]     *See* SIPA §78*lll*(7)(B).

4. On December 12, 2008, The Honorable Louis L. Stanton of the United States District Court for the Southern District of New York entered an order which appointed Lee S. Richards, Esq., as receiver.

5. On December 15, 2008, Judge Stanton entered an order pursuant to SIPA (the "Protective Decree") that in pertinent part:

    (i) appointed the Trustee for the liquidation of the business of BLMIS pursuant to section 78eee(b)(3) of SIPA;

    (ii) appointed Baker & Hostetler LLP as counsel to the Trustee pursuant to section 78eee(b)(3) of SIPA; and

    (iii) removed the case to this Court pursuant to section 78eee(b)(4) of SIPA.

6. One of the purposes of SIPA is to distribute customer property and otherwise satisfy the net equity claims of customers as promptly as possible after a trustee's appointment. SIPA §78fff(a)(1)(B). The statutory bar date under SIPA §78fff-2(a)(3) for the submission of claims in these proceedings was July 2, 2009.[4]

7. To assist the Trustee with the orderly and efficient processing of claims, the Trustee retained AlixPartners LLP ("AlixPartners"), as his claims agent. AlixPartners has maintained the register of BLMIS customers and other information with respect to customer claims, which is updated as often as needed to accurately reflect information set forth in the claims. The Trustee, his claims agent, attorneys and other professionals, to date have addressed

---

[4] *See* Claims Procedure Order dated December 23, 2008 [Dkt. No. 12]; Notice to Customers and Creditors, attached as Exhibit A to the Affidavit of Publication [Dkt. No. 57], and Affidavit of Mailing [Dkt. No. 76].

3

numerous factual and legal issues respecting customer claims with the result that the Trustee has determined over 81% of the 16,374 customer claims[5] submitted in these proceedings.

8.  The Trustee anticipates seeking Court approval for allocations and interim *pro rata* distributions to customers with allowed claims ("Allowed Claims")[6] from funds that have accumulated in the customer fund in reliance upon the register of customers maintained by his claims agent.

## Relief Requested

9.  Claims of creditors, including customer claims, may be transferred to third parties under SIPA, just as they would be transferable in a bankruptcy case[7] in accordance with Bankruptcy Rule 3001(e). The transferee of a properly transferred claim obtains the right to receive a distribution on account of such claim.

10. The Trustee has been advised by BLMIS customers that there is an active market to purchase their Allowed Claims,[8] and many of them have been contacted with offers to purchase such claims. The potential buyers of these claims, for the most part, are sophisticated investment firms who trade in bankruptcy claims as a for-profit business enterprise. Claimants must exercise their own judgment based upon information in the public record with respect to

---

[5]  *See* Trustee's website, www.madofftrustee.com, which reflects that as of October 15, 2010, the Trustee had determined 13,485 claims, or over 82% of the 16,374 customer claims submitted in these proceedings, including timely and untimely, duplicate and supplemental claims.

[6]  The term "Allowed Claim" means the allowed amount of a claim as determined by the Trustee and set forth in the Trustee's determination letter to the claimant, or, where the claimant filed an objection to the Trustee's determination, means as allowed by final order of the Court.

[7]  The Bankruptcy Rules apply in SIPA proceedings to the extent they are not inconsistent with, and do not "substantially impede" SIPA. *See Securities Investor Protection Corp. v. Charisma Securities Corp.*, 506 F.2d 1191, 1195 (2d Cir. 1974). *See also* SIPA § 78fff(b)(applying chapters 1, 3 and 5 and subchapters I and II of chapter 7 of the Bankruptcy Code to the extent consistent with SIPA).

[8]  *See also* Emily Chasan, Madoff investors may be able to trade their claims, US & International News/ Reuters.com (February 24, 2009, 4:41 p.m.), http://www.reuters.com/article/idUSN2440004820090224.htm.

4

any offer they receive to purchase a claim, and the Trustee takes no position with respect to the claimants' judgment in that regard.

11. In a bankruptcy case, Bankruptcy Rule 3001(e) governs the process for transferring a claim. It requires that, after a proof of claim has been filed, a transferee must file evidence of the transfer with the Clerk of the Bankruptcy Court, who then notifies the transferor by mail of the transfer, affording the transferor twenty-one (21) days to object. If no objection is timely filed, the transferee of the claim is substituted for the transferor. If a transferor timely files an objection, after notice and a hearing, the Bankruptcy Court determines whether the claim has been properly transferred and any other issue raised by the objection.

12. In these proceedings, the literal requirements under Bankruptcy Rule 3001(e) would be impossible to follow, because only the Trustee and his professionals have access to the register identifying the customers. The Clerk of the Bankruptcy Court could not perform his functions under Bankruptcy Rule 3001(e) unless he obtained customer information from the Trustee and his professionals with respect to each and every transaction to transfer a claim. That would impose a significant administrative burden on the Clerk and result in wasteful, duplicative efforts on the part of both the Clerk and the Trustee's professionals addressing claims transfers that would be exacerbated if claims were assigned in large numbers.

13. Implementing uniform procedures and forms with respect to the transfer of claims, similar to the procedures under Bankruptcy Rule 3001(e) and Official Bankruptcy Form B 210A (12/09), but modified to fit the circumstances in these proceedings, is necessary to protect the claimants and intended to avoid confusion on their part with respect to exactly what is

5

being transferred and ensure the accuracy of the register of claimants entitled to receive a distribution.

14.  The confusion that could occur with respect to the transfer of claims in these proceedings is apparent in the following example that has come to the Trustee's attention. Prior to the date of this Motion, the Trustee received *four* notices that were filed with the Court [Dkt. Nos. 2635, 2636, 2806 and 2807] to transfer *two* claims.[9] Two of the notices relate to a single Claim No. 1898, and the other two notices relate to a single Claim No. 2644. It appears that noticing two transfers of a single claim was an error and that, as between the transferor and transferee, they were not attempting to obtain a distribution on two claims when the transferor only had one claim to transfer. In each instance, the transferee filed a notice to transfer the entire amount of the Allowed Claim and a separate notice to transfer the entire claim amount *less the $500,000 previously paid to the transferor from a SIPC advance*.[10] Using hypothetical dollars to illustrate, one notice purported to transfer a claim in the amount of $1,500,000, which is the entire amount of the claim, and the other notice reflects a transfer of the *same* claim, but in the amount of $1,000,000, reducing the claim amount by the $500,000 SIPC advance. The transferee made the same error in the notice with respect to the other claim, filing one notice in the entire amount of the claim and the other notice indicating the amount of the claim less the SIPC advance. When the Trustee makes a distribution on Allowed Claims, he will do so based

---

[9]  As to each of the four notices in question, there is no record thereafter that the transferors of those claims were given an opportunity to object to the transfers. The transfer of those claims, therefore, would not be valid and enforceable under these procedures. Accordingly, if approved by the Court, the procedures proposed by this Motion will apply to those purported transfers.

[10]  SIPC refers to the Securities Investor Protection Corporation. SIPA § 78ccc(a). SIPA § 78fff-3(a)(1) provides, in relevant part: "SIPC shall advance to the trustee such moneys, not to exceed $500,000 for each customer, as may be required to pay or otherwise satisfy claims for the amount by which the net equity of each customer exceeds his ratable share of customer property. . . ."

upon a percentage of the total claim amount without reduction for the previous payment from a SIPC advance. Implementing the proposed procedures, which provide that any claim transferred must be for the entire claim amount and not be reduced by the SIPC advance, should eliminate that confusion.

### Claims Trading Procedures

15. By this Motion, therefore, the Trustee respectfully requests that the Court approve the following procedures and forms ("Claims Trading Procedures") with respect to the transfer of Allowed Claims in these proceedings:

a) <u>Claim Transfer</u>. The buyers of claims who engage in claims trading for profit and other purposes generate the paperwork associated with the transfer of a claim. The buyers often do not use the Bankruptcy Official Form, and the actual assignment language may vary depending upon the particular form customarily used by the buyer. To ensure that the same information with respect to each transferred claim is provided, the Trustee is proposing that all buyers of Allowed Claims in these proceedings must use a standardized form. In light of the magnitude of claims, having a uniform transfer process also should facilitate faster noticing of a claim transfer, completion of the process and certainty with respect to who is entitled to receive a distribution on account of an Allowed Claim. Accordingly, to evidence the transfer of an Allowed Claim, the transferee of a transferred claim or the transferee's agent must do the following:

(i) Complete, sign and date a "Transfer of Allowed Claim" and "Assignment," which conform to <u>Exhibit A</u> to this Motion (collectively, "Transfer Form"). In the Transfer Form, the transferee or transferee's agent shall specifically

7

identify the (aa) name and primary address of the transferor and transferee; (bb) address where a distribution on the transferred claim should be sent, if different from the transferee's primary address; (cc) dollar amount of the Allowed Claim to be transferred, certifying that the amount transferred represents the total amount of the transferor's Allowed Claim (*see* "No Partial Transfers of Claims Permitted," ¶15(f) below), which has *not* been reduced by any payment previously received by the Trustee; and (dd) claim number.  To be clear about what is being transferred, the only instance in which multiple Transfer Forms would be completed would be when the transferor has received separate claim numbers from the Trustee as the result of the transferor holding accounts at BLMIS in different capacities, and the transaction involves the transfer of claims having separate claim numbers.  In that event, the transferee must include the claim number on the Transfer Form to effect a valid and enforceable transfer and complete a separate Transfer Form for each distinct claim being transferred.  It is not necessary that the transferee submit additional documents, other than the Transfer Form, in support of the transferred claim at this stage of the process.[11]  The completed, signed and dated Transfer Form constitutes evidence of the "Claim Transfer"; and

    (ii)    Submit the evidence of the Claim Transfer to the Trustee's Claims Processing Center, c/o AlixPartners, at 2101 Cedar Springs Road, Suite 1100, Dallas, Texas 75201, attention: John S. Franks.  AlixPartners maintains the register of customers and can efficiently serve the Notices of Transfer of Claim, as discussed in paragraph 15(b) below, file certificates of service, and compile a register of transferred

---

[11]    As set forth in paragraph 15(d) of this Motion, the Court may require additional support for the transfer if

8

claims without burdening the Clerk or disrupting and unnecessarily increasing the administrative cost of these SIPA proceedings. AlixPartners shall have the right to request and obtain additional information from the transferee to the extent that it determines that the evidence of the transfer of the claim that has been furnished is ambiguous or deficient. If AlixPartners does not receive complete and satisfactory information, as requested, from the purported transferee, the transfer shall be deemed invalid and unenforceable. In such circumstances, without further notice or a hearing, the transferor would be deemed to be the holder of the claim for all purposes, including receiving any distribution on such claim.

      b)    <u>Notice of Claim Transfer</u>. If AlixPartners receives satisfactory evidence of the Claim Transfer, within five (5) business days thereafter, AlixPartners must do the following:

      (i)    Send the transferor identified in the Transfer Form, by United States mail, postage prepaid, a notice of transfer that conforms to <u>Exhibit B</u> to this Motion ("Notice of Transfer"), together with a copy of the evidence of the Claim Transfer. The Notice of Transfer shall notify the transferor that the transferor has twenty-one (21) days from the date of the mailing of the Notice to object to the Claim Transfer ("21-Day Notice Period"). If no objection to the Claim Transfer is timely filed and served, the transfer will be valid and enforceable upon expiration of the 21-Day Notice Period without further notice. Thereafter, the transferee shall be substituted for the transferor for all purposes with respect to the transferred claim; and

---

an objection is filed by the transferor.

9

        (ii)    Promptly file with the Clerk a certificate of service.

    c)    <u>Objection to Claim Transfer</u>.  A transferor that objects to the Claim Transfer must (i) prepare a written objection explaining the reasons for objecting to the transfer of the claim ("Objection"), and (ii) file the Objection with the Clerk of the Court, in person between the hours of 8:30 a.m. and 5:00 p.m., or by mail, at Alexander Hamilton Custom House, One Bowling Green, New York, New York  10004-1408; or, if the transferor is represented by counsel, file the Objection electronically in accordance with General Orders M-182 and M-193 by registered users of the Court's electronic case filing system (the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the official website of the Bankruptcy Court) and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), and (ii) serve a copy of the Objection upon the following:

- Trustee's claims agent:

    Irving H. Picard, Trustee
    Claims Processing Center
    c/o AlixPartners
    2101 Cedar Springs Road
    Suite 1100
    Dallas, Texas  75201
    Attention:  John S. Franks

- Transferee of the transferred claim at the address indicated in the Claim Transfer; and (iii) file with the Clerk of the Bankruptcy Court in accordance with this paragraph 15(c), and serve upon the aforementioned persons a certificate of service of the Objection.

        d)      <u>Hearing on Objections</u>.  All Objections to the Claim Transfer shall be resolved by final order of the Bankruptcy Court as a contested matter ("Contested Transfers") after notice and a hearing.  The Court may require that the parties submit further evidence in support of the transferred claim and/or legal briefs in order to resolve the dispute.  The Court thereafter shall enter such orders respecting the Contested Transfers as it deems appropriate.  The transferee or transferee's agent shall contact the Clerk of the Bankruptcy Court and request that the Court fix a hearing date that is at least thirty (30) days following the date of service of the Objection upon the transferee ("Hearing Date").  The transferee or transferee's agent thereafter shall file in accordance with paragraph 15(c) above a Notice of Hearing, which Notice shall (i) specify the Hearing Date, and (ii) identify the (aa) Contested Transfer by claim number and amount; (bb) date of the purported transfer; (cc) transferor and transferee, and (dd) docket entry number of each Objection that will come before the Court during the hearing; and (ii) serve a copy of the Notice of Hearing upon the following:

- Trustee's claims agent:

    Irving H. Picard, Trustee
    Claims Processing Center
    c/o AlixPartners
    2101 Cedar Springs Road
    Suite 1100
    Dallas, Texas  75201
    Attention:  John S. Franks

- Transferee of the transferred claim at the address indicated in the Claim Transfer; and (iii) file with the Clerk of the Bankruptcy Court in accordance with paragraph 15(c) above, and serve upon the aforementioned persons a certificate of service of the Notice of Hearing.  The Notice of Hearing shall be in lieu of a motion to determine the Contested Transfer.

11

The transfer of a claim will not be valid and enforceable until the Contested Transfer is resolved by a final order of the Court, or the Objection is withdrawn or settled with Court approval.

    e) <u>Interim Distributions to Incomplete or Contested Transfers.</u>  Prior to any distribution, the Trustee will be moving before the Court for approval of an allocation of the customer fund and an interim distribution to Allowed Claims ("Interim Distribution Motion") to be made within thirty (30) days from the date of the order entered upon the Interim Distribution Motion ("Interim Distribution Order").  The Trustee will post on his website at www.madofftrustee.com, which has served as a clearinghouse for information generally in these proceedings, a copy of the Interim Distribution Motion and the Interim Distribution Order.[12]  The Trustee requests that he be authorized to refuse to honor any Contested Transfer or any transfer that is incomplete ("Incomplete Transfer") as of the date of the Interim Distribution Order.  Any transfer occurring after that date, or any Contested or Incomplete Transfer as of that date, will be considered at the time of the Trustee's next interim distribution.  The Trustee, in his discretion, may elect to (i) include Incomplete or Contested Transfers that are pending in the Interim Distribution Motion and proposed Order, provided that no interim distribution shall be made to claimants of Incomplete or Contested Transfers unless, at the time that the Trustee mails the interim distribution payments to Allowed Claims, the Incomplete and Contested Transfers have been resolved; and (ii) file a separate motion with respect to interim distributions to Incomplete or Contested Transfers.

---

[12] Claimants and other interested parties would be able to download, free of charge, the Interim Distribution Motion and proposed form of order from the Trustee's website or obtain a copy for a fee from the Court's website if they have a PACER account.

    f)  <u>No Partial Transfers of Claims Permitted</u>.  For a transfer of an Allowed Claim to be valid and enforceable, the entire allowed amount of the claim must be transferred.  A transfer of part of a claim, whether expressed in the Claim Transfer as a percentage or in partial dollars, would impose a burden on the Trustee of calculating and allocating a *pro rata* distribution to transferor and transferee per allowed claim partially transferred.  That burden would be compounded if there were multiple transferees receiving partial assignments of a single Allowed Claim.  Instead of minimizing the Court's involvement in a routine claim transfer, allowing partial transfers could increase the Court's involvement, thereby draining, rather than conserving, the Court's and the parties' resources.  The Trustee requests, therefore, that any transfer that purports to transfer only part of an Allowed Claim, and not the entire claim, including a purported transfer of an Allowed Claim that, in contravention of these procedures, deducts the amount of a prior payment made by the Trustee to the claimant, shall be invalid and unenforceable.  In such circumstances, without further notice or a hearing, the transferor would be deemed to be the holder of the claim for all purposes, including receiving a distribution on such claim.

    g)  <u>Retroactive Application of Claims Trading Procedures</u>.  The Trustee requests that the Claims Trading Procedures be approved retroactive to the date that the Motion is filed, and that the Court enter an order applying the relief retroactive to that date ("Effective Date").

  16. The Claims Trading Procedures outlined above will be followed with respect to each and every claim that a transferor seeks to transfer from and after the Effective Date and also will apply substantially in the following circumstances:

13

a) <u>If, prior to the Effective Date, the transferor and transferee entered into a written agreement to transfer a claim, but the transferee had not submitted to the Clerk of the Court as of the Effective Date evidence of the transfer of the claim.</u> In those circumstances, the transferee must submit evidence of the transfer of the claim to AlixPartners. The evidence of the transfer need not strictly conform to the Transfer Form, *see* Exhibit A to this Motion, but should include in substance the information called for in the Transfer Form. AlixPartners shall have the right to request and obtain additional information from the transferee to the extent that it determines that the evidence of the transfer of the claim that has been furnished is ambiguous or deficient, as compared with the information required under paragraph 15(a) of this Motion, or to confirm that the amount transferred has not been reduced by the amount of any prior payment by the Trustee to the claimant. *See* ¶14 *supra*. If AlixPartners receives all requisite information, it shall issue the Notice of Transfer to the transferor, and the Claims Trading Procedures shall be followed in all respects from that point forward. If AlixPartners does not receive complete and satisfactory information, as requested, from the purported transferee, the transfer shall be deemed invalid and unenforceable. In such circumstances, without further notice or a hearing, the transferor would be deemed to be the holder of the claim for all purposes, including receiving any distribution on such claim.

b) <u>If, prior to the Effective Date, the transferee of a transferred claim has filed with the Clerk of the Court evidence of the transfer of the claim, but the Clerk has not given notice to the transferor of the opportunity to object.</u> In such circumstances, the transferee must notify AlixPartners of the Bankruptcy Court's docket entry for the evidence of transfer that the transferee filed. The evidence of the transfer need not strictly conform to the Transfer Form, *see*

14

Exhibit A to this Motion, but must include in substance the information called for in the Transfer Form. AlixPartners shall have the right to request and obtain additional information from the transferee to the extent that it determines that the evidence of the transfer of the claim that has been furnished is ambiguous or deficient, as compared with the information required under paragraph 15(a) of this Motion, or to confirm that the amount transferred has not been reduced by the amount of any prior payment made by the Trustee. *See* ¶14 *supra*. If AlixPartners receives all requisite information, it shall issue the Notice of Transfer to the transferor, and the Claims Trading Procedures shall be followed in all respects from that point forward. If AlixPartners does not receive complete and satisfactory information, as requested, from the purported transferee, the transfer shall be deemed invalid and unenforceable. In such circumstances, without further notice or a hearing, the transferor would be deemed to be the holder of the claim for all purposes, including receiving any distribution on such claim.

    17.  The Claims Trading Procedures would not apply to a transfer of a claim in which, prior to the Effective Date, the following notice and hearing procedures have been complied with: (a) the transferee had filed with the Court evidence of the transfer of the claim, (b) the Clerk of the Court or the transferee had given at least 21 days' advance written notice to the transferor of the opportunity to object, (c) if notice to the transferor of the transferred claim in accordance with this paragraph 17 had been given by the transferee, the transferee contemporaneously had filed with the Court and served upon the transferor and the Trustee a certificate of service with respect to such notice, and (d) the amount of the transferred claim had not been reduced by the amount of a prior payment made by the Trustee to the claimant..[13] In

---

[13]  Upon information and belief, to date, there is no instance in which the notice and hearing procedures, as

such circumstances, if the 21-day notice period had elapsed with no objection having been filed, the transferee effectively has been substituted for the transferor with respect to the transferred claim.

18. As stated above, however, the Claims Trading Procedures would apply to any purportedly transferred claim that had been improperly reduced by the amount of any prior payment made by the Trustee on account of such Allowed Claim from a SIPC advance.

19. Any payment made by the Trustee on account of an Allowed Claim, including with funds advanced by SIPC, shall be paid to the owner of such Allowed Claim as of the date that payment is made.

20. As stated above, these Claims Trading Procedures apply to the assignment of Allowed Claims. If a claimant holding a claim that the Trustee has denied or has not yet determined transfers such claim, in order for the transferee of such denied or undetermined claim to have the transfer reflected in the records maintained by the Trustee's claims agent for notice purposes, the transferee must provide written notice of the transfer to AlixPartners at 2101 Cedar Springs Road, Suite 1100, Dallas, Texas 75201, substantially in compliance with Exhibits A and B to this Motion. Notifying AlixPartners of the transfer of a claim that the Trustee has denied or has not yet determined will not (a) reverse the Trustee's prior determination of such claim, (b) have any impact whatsoever on the Trustee's later determination of the claim, (c) give the transferor or transferee any additional rights with respect to such claim; or (d) alter or remove any rights of the Trustee as against the transferor or transferee with respect to such claim.

---

set forth in paragraph 17 above, have been complied with. Accordingly, it appears that every claims transfer would be subject to the Claims Trading Procedures, if approved by the Court.

16

21. The Claims Trading Procedures are permissible under SIPA, substantially comply with Bankruptcy Rule 3001(e), and are in the best interest of the estate.

### Notice

22. Notice of this Motion has been given to SIPC, United States Department of Justice, United States Securities and Exchange Commission, all parties that have filed a notice of appearance, and any transferors or transferees of claims identified from papers docketed with the Bankruptcy Court or otherwise brought to the Trustee's attention. The Trustee submits that such notice is good and sufficient and no other or further notice is necessary or required.

WHEREFORE, the Trustee respectfully requests that the Court enter an order substantially in the form of Exhibit C hereto, (a) granting this Motion; (b) approving the Claims Trading Procedures effective retroactive to the date of the filing of this Motion, and (c) granting the Trustee such other and further relief as is just and proper.

Dated: New York, New York
October 21, 2010

By:    *s/Geraldine Ponto*
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York  10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
E-mail: dsheehan@bakerlaw.com
Marc E. Hirschfield
Email:  mhirschfield@bakerlaw.com
Geraldine E. Ponto
Email: gponto@bakerlaw.com

*Attorneys for Defendant Irving H. Picard,*
*Trustee for the Substantively Consolidated*
*SIPA Liquidation of Bernard L. Madoff*
*Investment Securities LLC and Bernard L. Madoff*

17