**EXHIBIT C**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br><br>  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | |

### ORDER GRANTING TRUSTEE'S MOTION FOR AN ORDER ESTABLISHING PROCEDURES FOR THE ASSIGNMENT OF ALLOWED CLAIMS

Upon the motion dated October 21, 2010 (the "Motion") of Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC, under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"), and the substantively consolidated estate of Bernard L. Madoff, seeking entry of an order establishing procedures for the assignment of allowed claims [Dkt. No. ___], and due and proper notice having been given under the circumstances of this case, and it appearing that no other or further notice need be provided; and the Court having conducted a hearing on the Motion at which all parties in interest had an opportunity to present their respective positions; and the Court having found and determined that the relief sought in the Motion is in the best interests of the estate and other parties in interest, and that the legal and factual bases set forth in

the Motion establish just cause for the relief granted herein; and any objections to the Motion having been overruled or withdrawn; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED:

1. The Motion is granted.

2. The Claims Trading Procedures, as defined in the Motion, are approved.

3. <u>Claim Transfer</u>. The transferor and transferee shall complete, sign and date the Transfer Form, as defined in the Motion, a copy of which is attached as <u>Schedule 1</u> to this Order, to evidence the transfer of a claim. The completed, signed and dated Transfer Form shall constitute evidence of the Claim Transfer.

4. The transferee or the transferee's agent shall deliver evidence of the Claim Transfer, as set forth in the Motion, to the Trustee's Claims Processing Center, c/o AlixPartners LLP, the Trustee's claims agent ("AlixPartners"), 2101 Cedar Springs Road, Suite 1100, Dallas, Texas 75201, attention: John S. Franks.

5. AlixPartners shall have the right to request and obtain additional information from the transferee or transferee's agent to the extent that AlixPartners determines that the evidence of the Claim Transfer that has been furnished is ambiguous or deficient. If AlixPartners does not receive complete and satisfactory information, as requested, from the purported transferee, the transfer shall be deemed invalid and unenforceable. In such circumstances, without further notice or a hearing, the transferor would be deemed to be the holder of the claim for all purposes, including receiving any distribution on such claim.

6. <u>Notice of Transfer of Allowed Claim</u>. If AlixPartners receives satisfactory evidence of the Claim Transfer from the transferee or transferee's agent, within five (5) business

days thereafter, AlixPartners shall send the transferor a notice of transfer substantially conforming to the form attached as Schedule 2 to this Order ("Notice of Transfer"), together with a copy of the Claim Transfer received from the transferee, and promptly file with the Clerk of the Court a certificate of service.

7. The Notice of Transfer shall notify the transferor that the transferor has twenty-one (21) days from the date of the Notice of Transfer to object to the transfer by preparing a written objection to the transfer and explaining the reasons for the objection ("Objection").

8. If no Objection is timely filed and served, after expiration of the 21-day notice period, the transferee shall be substituted for the transferor with respect to the transferred claim and shall receive all distributions made on account of the claim from any source.

9. Objection to Claim Transfer. If the transferor objects to the Claim Transfer ("Contested Transfer"), the transferor shall file the Objection with the Clerk of the Court and serve a copy of the Objection upon (a) AlixPartners to the attention of John S. Franks at the address indicated in paragraph 4 of this Order, and (b) the transferee at the address indicated in the Transfer Form. The transferor also shall file with the Clerk of the Court and serve upon the aforementioned persons in this paragraph 9 a certificate of service of the Objection.

10. Notice of Hearing. If an Objection is timely filed and served, the transferee of the Contested Transfer or the transferee's agent shall contact the Clerk of the Bankruptcy Court and request that the Court fix a hearing date that is at least thirty (30) days following the date of service of the Objection upon the transferee ("Hearing Date"). Upon obtaining the Hearing Date from the Court, the transferee or the transferee's agent shall file a Notice of Hearing, which Notice shall (a) specify the Hearing Date, and (b) identify the Contested Transfer by (i) claim number and amount; (ii) date of the purported transfer; (iii) transferor and transferee, and (iv)

docket entry number of each Objection that will come before the Court during the hearing, and (c) serve a copy of the Notice of Hearing upon the following;

- Trustee's claims agent:

  Irving H. Picard, Trustee
  Claims Processing Center
  c/o AlixPartners
  2101 Cedar Springs Road
  Suite 1100
  Dallas, Texas 75201
  Attention: John S. Franks

- Transferee of the transferred claim at the address indicated in the Claim Transfer; and (d) file with the Clerk of the Bankruptcy Court and serve upon the aforementioned persons a certificate of service of the Notice of Hearing.

11. The Notice of Hearing shall be in lieu of a motion to bring the Contested Transfer before the Court.

12. The transfer of a claim will not be valid and enforceable until the Contested Transfer is resolved by Court order, unless the Objection is withdrawn or settled with Court approval.

13. <u>Interim Distributions to Incomplete and Contested Transfers</u>. The Trustee is authorized to refuse to honor any Contested Transfer or any claim transfer that is incomplete ("Incomplete Transfer") at the time an order has been entered upon a motion by the Trustee for approval of an allocation of customer property and an interim distribution to Allowed Claims, including the Allowed Claims of transferees that have been transferred in accordance with the Claims Trading Procedures ("Interim Distribution Order"). Any transfer occurring after that date, or any Contested or Incomplete Transfer as of that date, will be considered at the time of the

Trustee's next interim distribution. No interim distribution shall be made to claimants of unresolved Incomplete Transfers or Contested Transfers.

14. The Trustee, in his discretion, may elect to (a) include Incomplete or Contested Transfers that are pending in the motion seeking entry of an Interim Distribution Order, provided that no interim distribution shall be made to claimants of Incomplete or Contested Transfers unless, at the time that the Trustee mails the interim distribution payments to Allowed Claims, the Incomplete and Contested Transfers have been resolved, as set forth in the Motion; or (b) file a separate motion with respect to interim distributions to Incomplete or Contested Transfers.

15. <u>No Partial Transfers of Claims Permitted</u>. A transferor must transfer the entire allowed amount of the claim with no reduction for any prior payment made by the Trustee from a SIPC advance. Any transfer that purports to transfer only part of an allowed claim, whether expressed by percentage or dollar amount, including a purported transfer of an Allowed Claim that, in contravention of the procedures, deducts the amount of a prior payment made by the Trustee to the claimant, shall be invalid and unenforceable. In such circumstances, the transferor shall be deemed to be the holder of the claim for all purposes, including with respect to receiving distributions on such claim from any source.

16. Any transfer of an Allowed Claim that was completed before the Effective Date and purports to have transferred less than the full amount of such Claim is invalid. As to any such transferred claim, the transferor and transferee must comply with the Claims Trading Procedures.

17. Any payment made by the Trustee on account of an Allowed Claim, including with funds advanced by SIPC, shall be paid to the owner of such Allowed Claim as of the date that payment is made.

18. The Claims Trading Procedures apply to the transfer of Allowed Claims, as set forth in the Motion. Any transferee of a claim that the Trustee has denied or has not yet determined who wishes to have the transfer reflected in the official records maintained by the Trustee's claims agent for notice purposes must provide written notice of the transfer to AlixPartners at 2101 Cedar Springs Road, Suite 1100, Dallas, Texas 75201, substantially in compliance with Schedules 1 and 2 of this Order. Notifying AlixPartners of the transfer of a claim that the Trustee has denied or has not yet determined will not (a) reverse the Trustee's prior determination of such claim, (b) have any impact whatsoever on the Trustee's later determination of the claim, or (c) give the transferor or transferee any additional rights with respect to such claim.

19. Neither the transferor nor the transferee of a transferred claim may waive compliance with the Claims Trading Procedures approved by this Order.

Dated: New York, N.Y.
            _____, 2010

_____
HONORABLE BURTON R. LIFLAND
UNITED STATES BANKRUPTCY JUDGE

**SCHEDULE 1**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re: | SIPA LIQUIDATION |
|---|---|
| BERNARD L. MADOFF INVESTMENTS SECURITIES, LLC, | Case No. 08-01789 |
| Debtor. | (Substantively Consolidated) |

In re:

BERNARD L. MADOFF,

    Debtor.

### TRANSFER OF ALLOWED CLAIM

A CLAIM HAS BEEN SUBMITTED IN THIS CASE, DESIGNATED AS CLAIM NO. _____. Transferee hereby gives evidence pursuant to certain Claims Trading Procedures approved by Order of the above-captioned Court dated _____, 2010 [Dkt. No. \_\_\_\_], of the transfer of the allowed claim referenced in this evidence.

_____        _____
    Name of Transferee                               Name of Transferor

Name and Address where notices to
transferee should be sent:

Name and Address where notices to
transferor should be sent:

_____
_____

_____
_____

Name and Address where payments to
transferee should be sent (if different
from above):

_____
_____

Phone: _____
Claim No. _____
Allowed Claim Amount:
_____

I declare under penalty of perjury that the information provided herein is true and correct to the best of my knowledge and belief.

By: _____                Date: _____, 20__
    Transferee/Transferee's Agent

*Penalty for making a false statement: fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§152 & 3571.*

## Assignment

_____ ("Assignor"), for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, does hereby transfer and assign unto _____, its successors and assigns ("Assignee"), all rights, title, interests in and to Assignor's Allowed Claim in the amount of US$_____, as stated in the determination letter dated _____ from Irving H. Picard, the trustee ("Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC, under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.*, substantively consolidated with the estate of Bernard L. Madoff in Case No. 08-01789, identified by Claim No. _____ in proceedings pending before the United States Bankruptcy Court for the Southern District of New York, together with any affirmative claims of the Assignor against third parties.

Assignor hereby certifies by this Assignment that:

i) Assignee will be recognized as the valid owner of the Allowed Claim and will receive all distributions on account of such Claim; and

ii) The Allowed Claim Amount constitutes the entire amount of the Claim and has not been reduced by any prior payment from the Trustee on account of the Allowed Claim; and

iii) No part of the Allowed Claim has been assigned previously, except for any assignment to the Trustee in return for a distribution.

IN WITNESS WHEREOF, dated the ___ of _____, 20___.

By: _____        By: _____
(Signature of Authorized Party)                    (Signature of Authorized Party)

_____             _____
(Company Name)                                           (Company Name)

_____             _____
(Print name of Authorized Party)                  (Print name of Authorized Party)

By: _____        By: _____

_____             _____
(Telephone Number)                                       (Telephone Number)

**SCHEDULE 2**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

BERNARD L. MADOFF INVESTMENTS SECURITIES, LLC.

SIPA LIQUIDATION

Case No. 08-01789

### NOTICE OF TRANSFER OF ALLOWED CLAIM

TO:  [Transferor Name ]
     [Street Address]
     [City, State and Zip Code]

[name]_____, as Transferee, has asked the Court to transfer your allowed claim in the amount of $_____ against Bernard L. Madoff Investments Securities, LLC ("Claim") to Transferee. **PLEASE NOTE that your Claim represents the entire amount of your Claim and has not been reduced by the amount of any prior payment by the Trustee on account of your Claim.**

If you do not object to the transfer of your Claim, you do not need to take any action.

If you do not want your Claim to be transferred, **WITHIN 21 DAYS OF THE MAILING OF THIS NOTICE, YOU MUST DO THE FOLLOWING**:

1. Prepare a written objection to the transfer explaining your reasons for objecting to the transfer of your Claim to the Transferee. Your written objection must include the caption of this case and No. 08-01789. Please also refer to Claim No. _____ in your objection.

2. File your written objection with the Clerk of the United States Bankruptcy Court, in person between the hours of 8:30 a.m. and 5:00 p.m., or by mail at the following address:

   Clerk, United States Bankruptcy Court
   Southern District of New York
   Alexander Hamilton Custom House
   One Bowling Green
   New York, New York  10004-1408

3. Send a copy of your objection to the Transferee at _____, _____, __[Address], Attention: _____, and to Irving H. Picard, Esq. Trustee for Bernard L. Madoff Investment Securities LLC, Claims Processing Center, 2101 Cedar Springs Road, Suite 1100, Dallas, Texas 75201, Attention: John S. Franks.

4. Prepare a written certification including the caption of the case and Case No. 08-01789, and certifying that you sent a copy of your objection to the Transferee of your Claim and to the Trustee's Claims Processing Center, as set forth in paragraph 3 above, and file that written certification with the Clerk of the United States Bankruptcy Court at the address above.

If you file an objection, the purported Transferee of the Allowed Claim must request a hearing before the United States Bankruptcy Court at the address above to resolve the objection before any distribution is made on the Claims.

**IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED IN COURT RECORDS AS THE CLAIMANT AND WILL RECEIVE ANY DISTRIBUTION TO WHICH YOUR CLAIM IS ENTITLED.**