**BAKER & HOSTETLER LLP**

45 Rockefeller Plaza

New York, NY 10111

Telephone:  (212) 589-4200

Facsimile:  (212) 589-4201

David J. Sheehan

dsheehan@bakerlaw.com

Marc E. Hirschfield

mhirschfield@bakerlaw.com

Richard J. Bernard

rbernard@bakerlaw.com

Elyssa S. Kates

ekates@bakerlaw.com

*Attorneys for Irving H. Picard, Esq., Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

Hearing Date:  November 4, 2010

Hearing Time:  10:00 a.m.

Objection Deadline:  October 28, 2010

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br>      Plaintiff, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br>      Defendant. | Adv. Pro. No. 08-01789 (BRL) <br><br> SIPA Liquidation <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br>      Debtor. | |

**TRUSTEE'S MOTION FOR ENTRY OF AN ORDER (I) APPROVING LITIGATION CASE MANAGEMENT PROCEDURES FOR AVOIDANCE ACTIONS AND (II) <u>AMENDING GLOBAL PROTECTIVE ORDER</u>**

Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard

L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"),[1] and the substantively consolidated estate of Bernard L. Madoff ("Madoff," and together with BLMIS, the "Debtors"), by and through his undersigned counsel, pursuant to section 105(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), and Rules 7016, 7026 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby moves (the "Motion") for entry of an order: (a) approving the Trustee's proposed litigation case management procedures which will apply to the litigation of certain avoidance actions to be commenced by the Trustee that will seek, among other things, the avoidance and recovery of fictitious profits transferred by BLMIS prior to the filing date; and (b) amending the Global Protective Order (as defined below). In support of the Motion, the Trustee respectfully states as follows:

## **BACKGROUND**

1.    On December 11, 2008 (the "Filing Date"),[2] the Securities and Exchange Commission ("SEC") filed a Complaint in the United States District Court for the Southern District of New York (the "District Court") against the Debtors. The Complaint alleged, among other things, that the Debtors engaged in fraud through investment advisor activities at BLMIS.

2.    On December 15, 2008, the District Court entered the Protective Decree pursuant to SIPA, which, in pertinent part:

---

[1] For convenience, future reference to SIPA will not include "15 U.S.C."

[2] Section 78*lll*(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under section 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." 15 U.S.C. § 78*lll*(7)(B). Thus, even though the application for a protective decree was filed on December 15, 2008, the Filing Date in this action is December 11, 2008.

> (a)    Appointed Irving H. Picard as trustee for the liquidation of the business of BLMIS, pursuant to section 78eee(b)(3) of SIPA;
>
> (b)    Appointed Baker & Hostetler LLP as counsel to the Trustee pursuant to section 78eee(b)(3) of SIPA; and
>
> (c)    Removed the case to the United States Bankruptcy Court for the Southern District of New York (the "Court"), pursuant to section 78eee(b)(4) of SIPA.

3.    On April 13, 2009, an involuntary bankruptcy petition was filed against Madoff. On June 9, 2009, this Court entered an order [Docket No. 252] substantively consolidating the Chapter 7 estate of Madoff into the BLMIS SIPA proceeding.

4.    Pursuant to section 78fff-1(a) of SIPA, the Trustee has the general powers of a bankruptcy trustee in a case under Chapter 7 of the Bankruptcy Code in addition to the powers granted pursuant to SIPA section 78fff(b).  Chapters 1, 3, 5 and subchapters I and II of Chapter 7 of the Bankruptcy Code apply to this SIPA proceeding to the extent consistent with SIPA.

5.    Since his appointment, the Trustee and his professionals have been reviewing BLMIS' records to determine, among other things, whether payments made or obligations incurred by BLMIS to others prior to the Filing Date constitute avoidable and recoverable transfers pursuant to sections 78fff(b), 78fff-1(a) and 78fff-2(c)(3) of SIPA, sections 541, 542, 544, 547, 548, 550 and 551 of the Bankruptcy Code, sections 273 to 276 of New York Debtor and Creditor Law, and other applicable law.   Although the Trustee's investigation remains ongoing, the review and analysis of BLMIS' books and records to date indicates that in the six-year period prior to the Filing Date, certain BLMIS accountholders (the "BLMIS Transferees") received avoidable transfers of fictitious profits totaling billion of dollars.  The fictitious profits received by the BLMIS Transferees are calculated as the difference between what the investors

actually deposited with BLMIS and what they withdrew from their BLMIS accounts. Because there was virtually no trading activity on behalf of customers at BLMIS that could have given rise to the "profits" withdrawn in the six year period prior to the Filing Date, investors who received such "profits" – so called "net winners" – actually received the investments made by other customers. Therefore, to the extent that any customer received more than the return of his or her investment, he or she received other people's money.

6.     Although BLMIS' records establish the amounts received by the BLMIS Transferees during the avoidance period, the records do not generally indicate any of the surrounding circumstances that may inform the Trustee's decision to commence an avoidance proceeding or to settle an otherwise viable claim against a BLMIS Transferee. Accordingly, during the course of the investigation, the Trustee and his attorneys have attempted to contact certain BLMIS Transferees to seek financial and other information that might assist the Trustee in determining whether to seek the return of the fictitious profits received by such person or entity. Where a BLMIS Transferee has provided the requested information or the information was otherwise available to the Trustee,[3] the Trustee has made an appropriate determination, in the exercise of his discretion, about whether and to what extent to pursue a recovery from that person or entity. As the Trustee has consistently maintained throughout these proceedings, he is cognizant of the strain that avoidance claims may have on BLMIS Transferees and has considered and will continue to consider any mitigating circumstances and hardships brought to

---

[3] Certain customers provided financial or other hardship information to the Trustee as part of the Hardship Program that the Trustee established with respect to the determination of claims. The Trustee has considered the information provided to him as part of the Hardship Program in assessing whether to commence an avoidance action. Based in part on that information, there are a significant number of potential avoidance actions that will not be commenced by the Trustee. Had the Trustee not had the benefit of such information, the Trustee would likely have commenced actions against certain of those customers seeking the return of fictitious profits.

his attention in connection with contemplated or filed avoidance actions in an effort to balance fairly the interests of all affected parties.[4]

7.      Unfortunately, very few BLMIS Transferees who received fictitious profits from BLMIS have provided information about their transfers or any mitigating or hardship circumstances that might affect the Trustee's judgment in asserting any claims against the BLMIS Transferees.  With respect to the BLMIS Transferees who have not yet provided such information to the Trustee, the Trustee can only make a determination about whether to commence litigation against such individuals and entities based on the limited information contained in BLMIS' records.  Accordingly, with the lack of any information about potentially mitigating or hardship circumstances, and in furtherance of his statutory duty to maximize assets for distribution to BLMIS customers in accordance with SIPA, the Trustee expects to commence numerous additional adversary proceedings to avoid and recover such fictitious profits (the "Avoidance Actions").[5]

8.      The Trustee is eager and willing to resolve as many of the Avoidance Actions as possible without proceeding to full or extensive litigation.[6]  Although the Trustee expects that

---

[4] The Trustee's Hardship Program permits customers to provide him with hardship information that he can evaluate in connection with the Avoidance Actions.  The Trustee encourages customers who are experiencing hardships to provide the necessary information so that the Trustee can make determinations about whether to commence or continue to pursue Avoidance Actions against such customers.  Further information about the Hardship Program will be available on the Trustee's website (www.madofftrustee.com).

[5] The exhibits attached to the adversary proceeding complaints will identify transfers of both principal and fictitious profits to the defendants.  For the Avoidance Actions (the actions governed by the within proposed procedures), the Trustee, to date, has not discovered evidence of lack of good faith and will proceed under this presumption to limit recoveries sought to fictitious profits and preferences.  The Trustee, however, reserves the right to amend any complaint to seek recovery of transfers of principal if disclosure and/or discovery belies the presumption of good faith.

[6] In that regard, the Trustee is filing contemporaneously herewith a motion seeking authority to resolve such avoidance claims without further Court order in accordance with the procedures set forth in that motion.  Further, to maximize the opportunity to resolve consensually each lawsuit, the Trustee is proposing herein that each of the

many of the Avoidance Actions can be resolved and settled without the need for extensive litigation, it is impossible to predict how many of the lawsuits will ultimately be settled without trial. Accordingly, the Trustee seeks the implementation of the proposed procedures set forth below to ease the burden on the Court, the parties, and counsel and to facilitate and maximize the potential for a fair resolution of the Trustee's claims without the need for trial.

## **RELIEF REQUESTED**

9.      To manage efficiently such a large number of adversary proceedings, the Trustee submits that it is appropriate to establish procedural guidelines to govern the litigation of the Avoidance Actions to facilitate the orderly administration and progress of the cases. Accordingly, by this Motion, the Trustee proposes that the Court implement the procedures set forth herein (as set forth below, the "Avoidance Procedures"). In general, the Avoidance Procedures: (a) extend the defendants' time to answer or otherwise respond to the complaints; (b) establish guidelines for the filing and service of pleadings; (c) establish the permissible scope of discovery and set deadlines for same; (d) establish omnibus status conferences and hearings; and (e) institute the grounds and procedures for the filing of motions and trial of the Avoidance Actions. Additionally, the Avoidance Procedures maximize the potential for settlement before trial either through negotiation or through mandatory mediation under the Bankruptcy Court's mediation program. Accordingly, the Trustee respectfully submits that the implementation of the Avoidance Procedures will greatly streamline litigation, minimize the burden of such litigation on all parties, as well as on the Court, and ensure that all such litigation proceeds in a fair and efficient manner.

---

Avoidance Actions be referred to mandatory mediation in accordance with the Bankruptcy Court's mediation program. The Trustee also intends to establish a call center to answer questions raised by defendants in the Avoidance Actions and permit them to explain their hardships or mitigating circumstances. Further information about the call center will be available on the Trustee's website (www.madofftrustee.com).

## PROPOSED PROCEDURES

10.    The Trustee respectfully requests that the Court adopt and implement the

following Avoidance Procedures:

### The Avoidance Procedures

1.    **Notice of Applicability:**

  A.    The Avoidance Procedures apply only to Avoidance Actions commenced by the Trustee after the approval of these Avoidance Procedures in which the Trustee files in such adversary proceeding a "Notice of Applicability" of these Avoidance Procedures (the form of which is annexed hereto as Exhibit 1). The Trustee may also file a Notice of Applicability in Adv. Pro. Nos. 10-3222 and 10-3223 pending in the Bankruptcy Court, in which case, the Avoidance Procedures will become applicable to such Avoidance Actions prospectively without extending any dates or deadlines that expired prior to the date such Notice of Applicability is filed.

2.    **Response:**

  A.    Except as provided below, the defendant(s) shall file and serve an answer or response to the complaint within 60 days from the date of the issuance of the summons (the "Response Due Date"). Where a defendant is located in a country outside the United States, the time allotted for the Trustee to serve the summons shall be the date that is 120 days after the date of the issuance of the summons and the Response Due Date for such defendant shall be 180 days after the date of the issuance of the summons.

  B.    No initial pre-trial conference pursuant to Bankruptcy Rule 7016 will be held in the Avoidance Actions and, accordingly, the summons filed and served by the Trustee will not include a date for a pre-trial conference.

  C.    Upon request by a defendant, the Trustee may agree to up to three extensions of the Response Due Date of up to 30 days each without further Court order. A "Notice of Extended Response Due Date" shall be filed in the adversary proceeding by the Trustee memorializing such agreement (whereupon, thereafter, the "Response Due Date" shall be the date set forth in the Notice).

  D.    If a defendant files a motion under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim (a "Dismissal Motion"), made applicable by Bankruptcy Rule 7012, in response to the complaint, the issues raised in such motion, together with the issues raised in the complaint, are immediately referred to mediation; provided, however, that

- 7 -

if the parties mutually agree that mediation is unlikely to resolve the issues raised by any such Dismissal Motion, that motion will not be referred to mediation and, instead, the parties will jointly request in a letter to the Court that the Court hear the motion on such schedule as the Court may determine. If a party brings any dismissal motion other than a motion under Federal Rule of Civil Procedure 12(b)(6), the Court will hear the matter on such schedule as the Court may determine.

E.      If the parties jointly agree in writing (which agreement the Trustee will file in the adversary proceeding) to enter mediation prior to the Response Due Date, the Response Due Date shall be deferred while the mediation is pending. If the mediation does not resolve the Avoidance Action, the Response Due Date shall be the date that is 30 days following the completion of the mediation. A "Notice of Extended Response Due Date" shall be filed in the adversary proceeding by the Trustee upon the termination of mediation setting forth the new Response Due Date (whereupon, thereafter, the "Response Due Date" shall be the date set forth in the Notice).

F.      Except as set forth above, further extensions of the Response Due Date shall not be granted except on motion upon a showing of good cause or by stipulation of the parties.

G.      Within 30 days after a defendant or, if more than one, the first defendant, files an answer to the complaint, the parties shall meet, either in person or by teleconference, and confer on a mediation, discovery and litigation plan (the "Initial Case Conference"). The parties may agree to alter the deadlines set forth below upon mutual consent. Following the Initial Case Conference, the Trustee shall file with the Court a Case Management Notice (substantially in the form annexed hereto as <u>Exhibit 2</u>) which sets forth the various deadlines that will apply to the proceeding. The parties, upon mutual consent, may agree to alter the dates set forth in the Case Management Notice. Any such modifications shall be the subject of an Amended Case Management Notice which the Trustee shall file with the Court in the adversary proceeding.

3.      **<u>Filing and Service of Pleadings</u>:**

A.      All pleadings shall be filed with the Court in accordance with Superseding General Order M-399 which is available on the Bankruptcy Court's website: (http://www.nysb.uscourts.gov/). A copy of such order is also available on the Trustee's website: [(www.madofftrustee.com/_____)][7]

---

[7] The actual jump cites to the Trustee's website will be provided at the time the Avoidance Procedures become effective.

B.     The complaint commencing the adversary proceeding and the summons must be served in accordance with the Bankruptcy Rules, unless the parties agree otherwise.  After a defendant has appeared, service of all pleadings in each Avoidance Action shall be made by email (i) to counsel of record or (ii) on the defendant if proceeding *pro se*.  Except as set forth below with respect to *pro se* litigants, there shall be no obligation to serve paper copies of pleadings other than the complaint commencing the adversary proceeding and the summons.

C.     Parties subject to these Avoidance Procedures who file a pleading with the Bankruptcy Court are not required to serve the Trustee with such pleading and the Trustee will be deemed to have received notice of and been served with such filing via the Court's ECF notification.  If a defendant is appearing *pro se* and is not able to electronically file a pleading with the Bankruptcy Court, that defendant shall so notify the Trustee in writing (Baker & Hostetler LLP, Attention:  Marc Hirschfield, 45 Rockefeller Plaza, New York, NY 10111) and may thereafter serve the Trustee via United States Mail.

D.     Parties subject to these Avoidance Procedures who wish to serve the Trustee with a pleading <u>not</u> filed with the Bankruptcy Court (such as, for example, discovery requests) shall email such pleading to Trustee@MadoffLitigation.com and include the Adversary Proceeding number in the subject line of the email.  Compliance with the foregoing shall be deemed effective service on the Trustee.  If a defendant is appearing *pro se* and is not able to serve pleadings by email, that defendant shall so notify the Trustee in writing (Baker & Hostetler LLP, Attention: Marc Hirschfield, 45 Rockefeller Plaza, New York, NY 10111) and may thereafter serve the Trustee via United States Mail.

E.     Each defendant shall file a notice with the Court, on or before the Response Due Date, specifying the email address(es) for service of pleadings on it.  If a defendant is appearing *pro se* and is not able to receive pleadings by email, that defendant shall so notify the Trustee in writing (Baker & Hostetler LLP, Attention:  Marc Hirschfield, 45 Rockefeller Plaza, New York, NY 10111) and the Trustee shall thereafter serve such *pro se* defendant via United States Mail at such address as the defendant shall request.

F.     All parties must send a courtesy copy, in paper form, of each motion, pleading or other filing to Judge Lifland at the following address:  The Hon. Burton R. Lifland, United States Bankruptcy Court, One Bowling Green, New York, NY 10004-1408.  The parties shall not, however, send to Chambers copies of discovery requests other than as a part of, and in connection with, a discovery motion.

4.    **<u>Discovery</u>:**

A.    Unless the parties agree to a different date, the initial disclosures provided by Rule 26(a)(1) of the Federal Rules of Civil Procedure shall be made within the later of (i) 60 days from the date of the Initial Case Conference or (ii) 180 days from the date the complaint was filed.  The parties shall have a continuing obligation to disclose discoverable information as well as to supplement all existing disclosures.

B.    The Trustee may produce discovery, including initial disclosures, on a CD-ROM, in an electronic data room, or other similar media format. Given the volume of documentation that may be subject to disclosure in this matter, the Trustee may produce a summary report, such as an expert report, and provide access to the underlying documentation on which the summary relies in an electronic data room or other medium for review by the defendants.

C.    Notwithstanding the Protective Order dated February 16, 2010 (Docket No. 1951) (the "Global Protective Order"), materials containing non-public personal information and/or sensitive financial information, including, without limitation, CONFIDENTIAL Account Materials (as defined in the Global Protective Order) may be designated by the Trustee as "Professionals' Eyes Only." The Trustee will provide access to such CONFIDENTIAL Account Material only to attorneys of record in one or more Avoidance Actions and other professionals working with that attorney on such Avoidance Action(s) provided that the attorney and/or the other professional executes a Non-Disclosure Agreement (a "NDA") in substantially the form attached hereto as <u>Exhibit 3</u>.  Copies of the Global Protective Order and  NDA  are available on the Trustee's website: [(http://www.madofftrustee.com/_____).]

D.    In the event of a discovery dispute between the parties, the parties shall meet and confer in an attempt to resolve the dispute.  If not resolved, the parties shall comply with Local Bankruptcy Rule 7007-1 with respect to resolution of the dispute.

E.    Unless the parties agree to a different schedule, all fact discovery in an Avoidance Action shall be completed within 210 days after the Initial Case Conference.  No further fact discovery shall be conducted after that date absent order of the Court upon a showing of good cause.

F.    Unless the parties agree to a broader scope, absent further order of the Court upon a showing of good cause, discovery will be limited solely and specifically to:  (a) the calculation of net equity for the defendant's BLMIS account; (b) the insolvency of BLMIS; (c) the fraud attributable to Madoff and BLMIS, including the Ponzi scheme; (d) the defendant's account documents and customer correspondence and interactions with

BLMIS, its employees, agents and other investors or customers; (e) the defendant's good faith or lack thereof, including issues related to the defendant's actual or constructive notice of fraudulent activity by BLMIS or anyone acting on its behalf; and (f) the identity of other persons or entities that may be liable for the transfers at issue, whether as subsequent transferees or for some other reason.

G.     The parties may take depositions of fact witnesses during the period for fact discovery after initial disclosures have been made. The Trustee shall make his financial professionals available for depositions and may coordinate such depositions in multiple Avoidance Actions to maximize efficiency and use of resources. Depositions of the Trustee are prohibited absent an order issued by this Court upon a showing of good cause.[8]

H.     Notwithstanding Local Bankruptcy Rule 7033-1(b), the parties are permitted to serve substantive interrogatories at any time prior to the date which is 90 days prior to the completion of fact discovery. Unless the parties otherwise agree or the Court otherwise orders upon a showing of good cause, each party will limited to propounding no more than 25 interrogatories (inclusive of subparts).

I.     Unless the parties agree otherwise, Bankruptcy Rule 7026(a)(2) disclosures of the experts or any issue on which the party has the initial burden to proof, if any, shall be made within 60 days after the deadline for completion of fact discovery.

J.     Unless the parties agree otherwise, Bankruptcy Rule 7026(a)(2) disclosures of the parties' rebuttal experts, if any, shall be made within 90 days after the deadline for completion of fact discovery or 30 days after receipt of the other party's corresponding expert report, whichever is later.

K.     Unless the parties agree otherwise, all expert discovery shall be concluded within 180 days after the deadline for completion of fact discovery.

L.     To the extent that the Trustee proffers an expert witness on an issue that is common to more than one Avoidance Action, the Trustee may coordinate such deposition in multiple Avoidance Actions to maximize efficiency and use of resources.

M.     All depositions of the Trustee's fact and expert witnesses shall occur at the offices of Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, NY 10111, or such other location as the Trustee may agree. Depositions of

---

[8] Because the Trustee has no personal information regarding the facts and circumstances of the transfers from BLMIS to the defendants, all of which occurred prior to his appointment as Trustee, and any information that the Trustee does have is the result of privileged communications with his attorneys, the Trustee submits that he does not personally possess any discoverable information and accordingly, a deposition of him would serve no purpose.

other parties' expert and fact witnesses shall occur at such place as the parties shall mutually agree.

N.     Any party seeking to make a discovery-related motion shall comply with Local Bankruptcy Rule 7007-1.

O.     Except as specifically set forth in these Avoidance Procedures, the Global Protective Order shall apply to all discovery in the Adversary Proceedings. A copy of the Global Protective Order is available on the Trustee's website: [(www.madofftrustee.com/_____)].

5.     **Mediation Procedures:**

A.     All of the Avoidance Actions are referred to mandatory mediation. Except as set forth above or unless the parties opt for mediation at an earlier stage of the litigation, each Avoidance Action shall be referred to mediation upon the completion of discovery. The Trustee shall file in the adversary proceeding a "Notice of Mediation Referral" at the time the litigation is being referred to mediation.

B.     Except as is set forth herein, the mediation shall be conducted in accordance with the General Order Amending M-390 (the "Mediation Order") which is available on the Bankruptcy Court's website: (http://www.nysb.uscourts.gov/). A copy of such order is also available on the Trustee's website: [(www.madofftrustee.com/_____)].

C.     Within 14 calendar days after the filing of the Notice of Mediation Referral, the defendant shall (i) choose one of the mediators (each a "Mediator", collectively, the "Mediators") from the list of proposed Mediators annexed hereto as Exhibit 4 (the "Mediator List")[9] and (ii) file a "Notice of Mediator Selection" with the Court. If a defendant does not timely choose a Mediator from the Mediator List or fails to timely file the Notice of Mediator Selection in the adversary proceeding, the Trustee shall choose a Mediator from the Mediator List and file the Notice of Mediator Selection with the Court. By mutual agreement, the Trustee and defendant may select a mediator not on the Mediator List or request that the Court appoint a judicial mediator. The Trustee may revise the Mediator List from time to time as may be appropriate. A copy of the Mediator List, as updated from time to time, is available on the Trustee's website: [(www.madofftrustee.com/_____)].

D.     Promptly after the filing of the Notice of Mediator Selection, the Trustee and Defendant's counsel (or the Defendant if appearing *pro se*) shall jointly contact the selected Mediator to discuss the mediation.

---

[9] Each of the Mediators set forth on the Mediator List is a mediator appearing on the Registrar of Mediators maintained by the Clerk of Bankruptcy Court for the Southern District of New York.

E.    The parties shall exchange position statements, which may not exceed twenty pages double-spaced in 12 point type (exclusive of exhibits and schedules), at least 10 days prior to the scheduled mediation. The Mediator may also require the parties to provide to the Mediator any relevant papers and exhibits, and a settlement proposal.

F.    All mediations must be concluded within 120 days of the date of the Notice of Mediator Selection, which deadline may be extended by the mutual consent of the parties to the mediation and the Mediator.

G.    The parties shall participate in the mediation in good faith and with a view toward reaching a consensual resolution. The mediation(s) shall be attended by a representative for each of the defendants with full settlement authority and, if a defendant is represented, their counsel, as well as counsel for the Trustee.

H.    In mediations where the amount sought in the complaint is $20 million or less, the Trustee shall pay, upon written request to the Trustee, the fees and reasonable expenses of the Mediator. Fees and expenses in all other mediations will be apportioned as set forth in the Mediation Order.

I.    No Mediator shall mediate a case in which he/she or his/her law firm currently represents a party with respect to the BLMIS proceeding without the prior written consent of all parties to the mediation. If a Mediator's law firm represents any defendant in the Avoidance Actions or other avoidance actions brought by the Trustee, then (a) the Mediator shall not personally participate in the representation of that defendant and (b) the Mediator's law firm shall impose an ethical wall which ensures that the Mediator will not have access to the defendant's file and/or communicate about the defendant's case or the mediation with anyone working on the defendant's case. The Mediator's participation in mediation pursuant to the Avoidance Procedures shall not create a conflict of interest with respect to the representation of such defendant by the Mediator's law firm.

6.    **Motion Practice:**

A.    Prior to the close of discovery, no motions may be made without the Court's prior approval, which may be sought, on notice to other parties to the action, by letter to the Court; provided, however, that (i) motions for default judgment may be made without the Court's prior approval, and (ii) routine procedural motions (e.g., motions to intervene or to amend a pleading) may be made without the Court's prior approval only if the moving party obtains the consent of all other parties to the action. Notwithstanding anything contained herein to the contrary, a letter request for a pre-motion conference with the Court shall be sufficient to be deemed compliant with the requisite time period for the motion or answer.

B.  Any party seeking to file a summary judgment motion shall comply with Local Bankruptcy Rule 7056-1.

C.  All matters concerning any Avoidance Action shall, barring exigent circumstances, only be heard on an omnibus hearing date before the Honorable Burton R. Lifland (collectively, the "Avoidance Action Omnibus Hearings").  The initial Avoidance Actions Omnibus Hearing shall be held on January 26, 2011, February 16, 2011, March 23, 2011, April 27, 2011, May 25, 2011 and June 29, 2011.  Thereafter, Avoidance Actions Omnibus Hearings shall be scheduled approximately every thirty (30) days at the convenience of the Court.  The Trustee shall file and serve notices of the scheduling of the Omnibus Hearings in the Avoidance Actions.

D.  The Trustee shall file a report in the main SIPA proceeding (Adv. Pro. No. 08-01789) at least one week prior to each Avoidance Action Omnibus Hearing setting forth the status of each of the Avoidance Actions scheduled to be heard at the Avoidance Action Omnibus Hearing.  The Trustee shall also deliver a copy of the report to Judge Lifland's Chambers and serve each of the applicable defendants.

7.  **Pre-trial Conference / Trial:**

A.  After all discovery has been completed and after the completion of mediation without a settlement, the parties to the Avoidance Action shall so inform the Court at the next scheduled Avoidance Actions Omnibus Hearing.  At such time, the Court will address any additional issues, set additional deadlines, if necessary, establish a due date by which the parties must file a joint pre-trial order, and schedule a trial.

8.  **Miscellaneous:**

A.  These Avoidance Procedures shall control with respect to the Avoidance Actions to the extent of any conflict with other applicable rules and orders.

B.  Nothing herein shall prevent the parties to any Avoidance Action from voluntarily exchanging information or engaging in settlement discussions at any time; provided, however, that any such voluntary exchange of information shall in no way be construed as a waiver of any of the requirements or limitations contained in these Avoidance Procedures.

C.  Noncompliance with the Avoidance Procedures may result in such sanctions as the Court deems appropriate on the non-complying party after notice and a hearing.

D.    The Trustee shall serve a copy of the Order approving these Avoidance Procedures on each defendant in the Avoidance Action at the time he serves the summons and complaint.

E.    The Trustee shall post and maintain a copy of these Avoidance Procedures (together with any amendments or modifications thereto) on his website: [(www.madofftrustee.com/_____)].

## BASIS FOR RELIEF REQUESTED

A.    Litigation Procedures:

11.    The Court has the authority to adopt and implement the Avoidance Procedures governing the litigation of the Avoidance Actions pursuant to Bankruptcy Rules 7016 and 7026, section 105(a) of the Bankruptcy Code, and the established precedent of this Court.

12.    Bankruptcy Rule 7016 provides the Court with considerable discretion to adopt and implement procedures that will aid in the administration of the Adversary Proceedings.  For instance, Bankruptcy Rule 7016(a), in relevant part, authorizes courts to enter orders for the purposes of:

(1) expediting disposition of the action; (2) establishing early and continuing control so that the case will not be protracted because of lack of management; (3) discouraging wasteful pretrial activities; … and (5) facilitating settlement.

13.    Bankruptcy Rule 7016(b) gives courts considerable flexibility in case management and scheduling.  Specifically, Bankruptcy Rule 7016(b) authorizes courts to enter scheduling and other orders that limit the time to file motions and to complete discovery.  Bankruptcy Rule 7016(b) also provides that such orders may include modifications of the disclosures required under Bankruptcy Rule 7026, dates for conferences and trials, and any other matters appropriate under the circumstances.

14.     In addition to the broad authority granted to the Court under the Bankruptcy

Rules, section 105(a) of the Bankruptcy Code provides in relevant part that the "court may issue

any order, process, or judgment that is necessary or appropriate to carry out the provisions of this

title." 11 U.S.C. § 105(a).

> Section 105 specifically codifies what are traditionally called 'inherent powers' to
> give the Bankruptcy Courts the necessary ability to manage the cases on their
> docket.  It is imperative that courts have the necessary authority to manage the
> arguments and conduct of parties to ensure judicial efficiency and to do justice.
> These powers are "necessary to the exercise of all others."

Johnson v. McDow (In re Johnson), 236 B.R. 510, 521 (D.D.C. 1999); see also In re Walker, 195

B.R. 187, 208 (Bankr. D.N.H. 1996) (noting inherent power of courts to "manage litigation

pending before" them).

15.     Moreover, courts in this Circuit, including the Bankruptcy Court for the Southern

District of New York, have frequently entered orders establishing procedures similar to the ones

sought herein to manage large volumes of avoidance cases.   See e.g. Eugene I. Davis, as

Litigation Trustee for the Quebecor World Litigation Trust v. Defendants Listed on Exhibit "A"

(In re Quebecor World (USA), Inc., et al.), Case No. 08-10152 (JMP) (Docket No. 3935); In re

Enron Corp. et al, Case No. 01-16034 (AJG) (Docket No. 22012); Bayou Accredited Fund, LLC

v. Redwood Growth Partners, L.P. (In re Bayou Group, LLC, et al.), Adv. Pro. No. 06-8318

(ASH) (Docket No. 37); and In re Lehman Brothers Inc., Case No. 08-1420 (JMP) SIPA,

(Docket No. 2894).

16.     The Trustee respectfully submits that the adoption by the Court of the Avoidance

Procedures will streamline the litigation of the Avoidance Actions, aid in efficiency, and

maximize the likelihood that the cases can be consensually resolved.  Absent the approval of the

Avoidance Procedures, the litigation of numerous Avoidance Actions would be unwieldy, time consuming, expensive and, ultimately, impose significant and unnecessary burdens on the Court and the litigants.  Accordingly, the Trustee respectfully requests that the Court implement the Avoidance Procedures.

B.    <u>Mediation Procedures:</u>

17.    As set forth above, the Avoidance Procedures contemplate mandatory mediation for all Avoidance Actions.  In addition to the authorities cited above, which provide this Court with ample authority to order mediation of the Avoidance Actions, the Court's General Order M-390 expressly authorizes the Court to order such mediations:   "The court may order assignment of a matter to mediation upon its own motion, or upon a motion of a party in interest…" General Order M-390 at ¶ 1.1.

18.    Referring unresolved adversary proceedings to mediation has proven highly successful in other bankruptcy cases in this district.   Mandatory non-binding facilitative mediation orders similar to the provisions contained in the Avoidance Procedures have been entered in other cases pending in the Southern District of New York such as <u>Eugene I. Davis, as Litigation Trustee for the Quebecor World Litigation Trust v. Defendants Listed on Exhibit "A" (In re Quebecor World (USA), Inc., et al.)</u>, Case No. 08-10152 (JMP) (Docket No. 3935); and <u>In re TALT (f.k.a. Tower Automotive, Inc.)</u>, Case Nos. 05-10578 through 05-10601 (ALG) (Docket No. 3309).

19.    Accordingly, there is ample basis for the Court to order the mediation of the Avoidance Actions as contemplated by the Avoidance Procedures.

C.    Amendment of Global Protective Order:

20.    On February 16, 2010, on the Trustee's motion, the Court entered the Global Protective Order, which sets forth how confidential information is to be treated in the main BLMIS proceeding and all related adversary proceedings.  Accordingly, by its terms, the Global Protective Order will apply to each of the Avoidance Actions as well as other avoidance actions the Trustee may commence that are not subject to the Avoidance Procedures.  In addition to the restrictions on use and dissemination of confidential information, the Global Protective Order established a separate class of information denominated as "CONFIDENTIAL Account Information"[10] and set forth heightened requirements with respect to such information. Specifically, paragraph 19 of the Global Protective Order provides that the Trustee cannot disclose CONFIDENTIAL Account Information to any party without the written consent of the party to whom such information relates or further order of the Court.

21.    The Trustee respectfully requests that the Court authorize the use of CONFIDENTIAL Account Information as set forth herein.  The Trustee contemplates that each complaint and the exhibits thereto will identify transfers of both principal and fictitious profits to the defendant and specify other information relating to that customer's investments with and accounts at BLMIS.  To the extent that such information may be considered CONFIDENTIAL Account Information, the Trustee respectfully seeks leave from the requirements of the Global Protective Order so he can publicly file such complaints and related exhibits with the Court.[11]

---

[10]    Pursuant to paragraph 18 of the Global Protective Order, "CONFIDENTIAL Account Material" means CONFIDENTIAL Material that relates to a customer's particular investments with and accounts at BLMIS including account statements to the extent that it contains identifying information about the customer (other than a customer's BLMIS account number).

[11]    The relief requested in this Paragraph relates to complaints that are subject to the Avoidance Procedures as well

- 18 -

22.     Additionally, the Trustee anticipates that he will need to produce in discovery expert reports which he intends to use in connection with the prosecution of the Avoidance Actions.   In preparing the expert reports, the Trustee's experts have reviewed, among other things, BLMIS account statements for all BLMIS customers.   In accordance with Rule 26(a)(2) of the Federal Rules of Civil Procedure, the Trustee is required to make available to the defendants the information that his experts relied upon in forming their expert opinions and in preparing their expert reports.   Despite the requirement that he provide access to such BLMIS account statements, the Trustee understands the desire of many BLMIS customers that their investment transactions with BLMIS remain private and confidential.

23.     Because it would be impractical for the Trustee to obtain the consent of all BLMIS customers to the production of such account information, the Trustee seeks leave from the requirements of the Global Protective Order to permit him to make available in discovery such CONFIDENTIAL Account Information on a limited and restricted basis.   Specifically, the Trustee seeks Court authorization to have such information be designated as "Professionals' Eyes Only" and that he be authorized to provide access to such information to attorneys of record in one or more Avoidance Actions and other professionals working with that attorney on such Avoidance Action(s) provided that the attorney and/or other professional executes a NDA.   The NDA provides, among other things, that (a) the receiving attorney or other professional cannot further disseminate the information to any party, including his or her client, (b) absent further Court order, the information can only be used in the Avoidance Action(s) for which he or she is retained, and (c) that if he or she wishes to use such information in a pleading in the Avoidance Action, the information must be filed under seal.   The Trustee respectfully submits that providing

---

as other complaints which fall outside of the Avoidance Procedures.

access to the CONFIDENTIAL Account Information on the restricted basis set forth above is an appropriate compromise of the competing interests of BLMIS customers to keep their information relating to BLMIS private while at the same time permitting defendants in the Avoidance Actions to have access to the information to be able to defend themselves in the Avoidance Action. Accordingly, the Trustee respectfully requests that the Court grant the Trustee's request to amend the Global Protective Order with respect to the Avoidance Actions as set forth herein.

## NOTICE

24.     Notice of this Motion has been provided by U.S. Mail, postage prepaid, or email to (i) all parties that have filed a notice of appearance in this case; (ii) SIPC; (iii) the SEC; (iv) the Internal Revenue Service; and (v) the United States Attorney for the Southern District of New York. The Trustee submits that no other or further notice need be given.

## NO PRIOR RELIEF

25.     No prior request for the relief sought herein has been made to this Court or any other court.

**WHEREFORE**, the Trustee respectfully requests that the Court (a) enter the Order substantially in the form attached hereto as Exhibit A, granting the relief requested herein; and

(b) grant such other and further relief to the Trustee as the Court deems proper.


Dated: New York, New York
October 21, 2010

By:      *s/Marc E. Hirschfield*
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York  10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
E-mail: dsheehan@bakerlaw.com
Marc E. Hirschfield
Email:  mhirschfield@bakerlaw.com
Richard J. Bernard
Email:  rbernard@bakerlaw.com
Elyssa S. Kates
Email:  ekates@bakerlaw.com

*Attorneys for Defendant Irving H. Picard,*
*Trustee for the Substantively Consolidated*
*SIPA Liquidation of Bernard L. Madoff*
*Investment Securities LLC and Bernard L. Madoff*

300095873