# EXHIBIT A
**(Proposed Order)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | |

### ORDER (1) ESTABLISHING LITIGATION CASE MANAGEMENT PROCEDURES FOR AVOIDANCE ACTIONS AND (2) AMENDING THE <u>FEBRUARY 16, 2010 PROTECTIVE ORDER</u>

Upon the motion (the "Motion")[1] of Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"),[2] and the substantively consolidated estate of Bernard L. Madoff ("Madoff"), seeking entry of an order, (1) pursuant to section 105(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*(the "Bankruptcy Code"), and Rules 7016, 7026 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), establishing Avoidance Procedures (as defined below) governing the litigation of certain avoidance actions to be commenced by the Trustee, and (2) amending the Protective Order (the "Global Protective Order") [Docket No. 1951] entered by

---

[1] All terms not defined herein shall have such meanings as subscribed to them in the Motion.

[2] For convenience, future reference to SIPA will not include "15 U.S.C."

300099858.1

this Court on February 16, 2010 in order to facilitate the implementation of the Avoidance Procedures; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with section 78eee(b)(4) of SIPA, the Protective Decree, entered on December 15, 2008 by the United States District Court for the Southern District of New York in Case No. 08 CV 10791, and 28 U.S.C. §§ 157 and 1334; and it appearing that the relief requested in the Motion is in the best interests of the estate and its customers; and due notice of the Motion having been given, and it appearing that no other or further notice need be given; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon the proceedings before the Court and after due deliberation, it is hereby

**ORDERED**, that the relief requested in the Motion is granted; and it is further

**ORDERED,** that the procedures set forth on Exhibit A hereto[3] (the "Avoidance Procedures") are adopted and shall govern the Avoidance Actions; and it is further

**ORDERED,** that the Global Protective Order is amended as follows:

- A. The Trustee shall be permitted to file publicly complaints and related exhibits in the Avoidance Actions as well as other avoidance actions not subject to the Avoidance Procedures.

- B. CONFIDENTIAL Account Information relied upon by the Trustee's experts in forming their expert opinions and preparing their expert reports shall be designated "Professionals' Eyes Only". The Trustee may provide access to such CONFIDENTIAL Account Information to attorneys of record in one or more Avoidance Actions and other professionals working with that attorney on such Avoidance Action(s) provided that the attorney and/or professional executes a Non-Disclosure Agreement substantially in the form annexed hereto as Exhibit B (a "Non-Disclosure Agreement"); and it is further

---

[3] Since the exhibits to the proposed order are included in the Motion, they are not attached hereto for filing and service purposes. They will be provided to the Court at the hearing with the actual proposed order.

300099858.1    - 2 -

**ORDERED,** that a violation of a party's obligations under a Non-Disclosure Agreement shall be treated as a violation of this Order and shall subject such party to such sanctions as the Court shall determine after notice and a hearing; and it is further

**ORDERED,** that this Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: New York, New York
       November __, 2010

_____
HONORABLE BURTON R. LIFLAND
UNITED STATES BANKRUPTCY JUDGE
