BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
dsheehan@bakerlaw.com
Marc E. Hirschfield
mhirschfield@bakerlaw.com
Richard J. Bernard
rbernard@bakerlaw.com
Alissa M. Nann
anann@bakerlaw.com

*Attorneys for Irving H. Picard, Esq., Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

Hearing Date: November 4, 2010
Hearing Time: 10:00 a.m.
Objection Deadline: October 28, 2010

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |

**TRUSTEE'S MOTION FOR ENTRY OF AN ORDER PURSUANT TO SECTION 105(a) OF THE UNITED STATES BANKRUPTCY CODE AND RULES 2002 AND 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE ESTABLISHING <u>PROCEDURES FOR APPROVAL OF SETTLEMENTS</u>**

Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq*. ("SIPA"),[1] and the substantively consolidated estate of Bernard L. Madoff ("Madoff" and with BLMIS, the "Debtors"), by and through his undersigned counsel, hereby moves (the "Motion") for entry of an order pursuant to section 105(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), granting authority and establishing procedures for the Trustee to settle, without further Court order, certain disputes with initial or subsequent BLMIS transferees against whom the Trustee has claims under his avoidance powers (each a "BLMIS Transferee" and collectively, the "BLMIS Transferees"). In support of the Motion, the Trustee respectfully states as follows:

## BACKGROUND, THE TRUSTEE AND STANDING

1. On December 11, 2008 (the "Filing Date"),[2] the Securities and Exchange Commission ("SEC") filed a Complaint in the United States District Court for the Southern District of New York (the "District Court") against the Debtors. The Complaint alleged, among other things, that the Debtors engaged in fraud through investment advisor activities at BLMIS.

2. On December 15, 2008, the District Court entered the Protective Decree pursuant to SIPA, which, in pertinent part:

    (a) Appointed Irving H. Picard as trustee for the liquidation of the business of BLMIS, pursuant to section 78eee(b)(3) of SIPA;

---

[1] For convenience, future reference to SIPA will not include "15 U.S.C."

[2] Section 78*lll*(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under section 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." 15 U.S.C. § 78*lll*(7)(B). Thus, even though the application for a protective decree was filed on December 15, 2008, the Filing Date in this action is December 11, 2008.

(b) Appointed Baker & Hostetler LLP as counsel to the Trustee pursuant to section 78eee(b)(3) of SIPA; and

(c) Removed the case to the United States Bankruptcy Court for the Southern District of New York (the "Court"), pursuant to section 78eee(b)(4) of SIPA.

3. On April 13, 2009, an involuntary bankruptcy petition was filed against Madoff. On June 9, 2009, this Court entered an order [Docket No. 252] substantively consolidating the Chapter 7 estate of Madoff into the BLMIS SIPA proceeding.

4. Pursuant to SIPA section 78fff-1(a) of SIPA, the Trustee has the general powers of a bankruptcy trustee in a case under Chapter 7 of the Bankruptcy Code in addition to the powers granted pursuant to SIPA section 78fff(b). Chapters 1, 3, 5 and subchapters I and II of Chapter 7 of the Bankruptcy Code apply to this SIPA proceeding to the extent consistent with SIPA.

5. Under SIPA, the Trustee is charged with the responsibility to marshal and liquidate the assets of BLMIS, and to recover customer property for distribution to BLMIS' customers in satisfaction of allowed customer claims. As has been widely reported, the Trustee has successfully recovered approximately $1.5 billion in assets to date which will be distributed to holders of such allowed claims in accordance with SIPA. However, such assets will be insufficient to reimburse all of the customers of BLMIS for the billions of dollars that they invested over the years. Consequently, the Trustee must use his authority under SIPA and the Bankruptcy Code to pursue recovery from BLMIS Transferees who received preferences and/or fraudulent transfers (the "Avoidable Transfers," as further described below). The Trustee is filing contemporaneously herewith a motion seeking to establish case management procedures for the litigation of numerous additional avoidance actions that he expects to commence seeking the return of Avoidable Transfers (the "Litigation Procedures Motion"). As is set forth in the

Litigation Procedures Motion, the Trustee is proposing that each of the adversary proceedings subject to the procedures set forth therein be referred to mandatory mediation with the hope that many of the litigations can be consensually resolved.

6. By this Motion, the Trustee is seeking authority to enter into settlement agreements, without further Court approval, with BLMIS Transferees in settlement of their Avoidable Transfers, subject to the limitations and procedures proposed below. Having the ability to settle these types of claims under the proposed Settlement Standards (as defined below) will allow the Trustee to bring recoveries into the fund of customer property more quickly and efficiently than could otherwise be accomplished through protracted litigation, and thus allow for prompt distributions to BLMIS customers. Moreover, certain BLMIS Transferees may be more apt to resolve the Trustee's claims if their personal information and discussions with the Trustee could be kept out of the public light. Allowing the Trustee to settle the Avoidable Transfers without further Court approval will ensure that such settlement agreements remain confidential, which may encourage certain BLMIS Transferees to settle their Avoidable Transfers with the Trustee.[1]

## CLAIMS AGAINST THE BLMIS TRANSFEREES

7. As described above and in the Litigation Procedures Motion, the Trustee has a duty under SIPA and the Bankruptcy Code to pursue recovery from BLMIS Transferees who received Avoidable Transfers. The Trustee's claims against the BLMIS Transferees who

---

[1] As set forth below, the Trustee will consider the BLMIS Transferee's financial circumstances when determining whether and how to resolve the Trustee's claims against such BLMIS Transferee. Accordingly, the Trustee expects that many BLMIS Transferees will share with the Trustee personal and/or confidential information that the BLMIS Transferees would not want or permit the Trustee to include in a motion to the Court seeking approval of a settlement agreement. Absent the granting of the relief requested herein, the Trustee would need to seek the entry of protective orders under Bankruptcy Code sections 105(a) and 107 to permit the Trustee to file under seal the settlement agreements and financial information about the BLMIS Transferees. Having to bring hundreds of such motions (or more) would only add to the burden on the Court and the Trustee of resolving the many claims the Trustee has against BLMIS Transferees.

received Avoidable Transfers from the Debtors arise under sections 78fff(b), 78fff-1(a) and 78fff-2(c)(3) of SIPA, sections 105(a), 541, 542, 544, 547, 548, 550(a) and 551 of the Bankruptcy Code, the New York Fraudulent Conveyance Act (New York Debtor and Creditor Law § 270 *et seq*. (McKinney 2001)) and other applicable law.

### RELIEF REQUESTED

8. By this Motion, the Trustee respectfully requests that the Court enter an order substantially in the form of the proposed order annexed hereto as Exhibit "A" granting the Trustee authority to enter into agreements with BLMIS Transferees, without further Court approval, for the settlement of any and all Avoidable Transfers received by BLMIS Transferees, with a face value of $20 million or less,[1] subject to the conditions set forth below. Any settlement of a dispute with a face value higher than $20 million will not be governed by the procedures proposed herein and instead will be the subject of a motion to compromise under Bankruptcy Rule 9019.

9. In situations where Transferees have filed customer claims (the "Customer Claims") against the BLMIS estate for amounts they assert are owed to them with respect to their BLMIS customer accounts, by this Motion, the Trustee also seeks authority to include the resolution of such Customer Claims (including Customer Claims filed in connection with other accounts related to the BLMIS Transferee) with the resolution of the Avoidable Transfers where appropriate.[2]

---

[1] By "face value" of the Avoidable Transfers, the Trustee means (a) with respect to preference claims, the amount the Trustee may seek to recover from a BLMIS Transferee under sections 547, 550 and 551 of the Bankruptcy Code, (b) with respect to two-year fraudulent transfers, the amount the Trustee may seek to recover from a BLMIS Transferee under sections 548, 550 and 551 of the Bankruptcy Code, and (c) with respect to six-year fraudulent transfers, the amount the Trustee may seek to recover from a BLMIS Transferee under sections 544, 548, 550 and 551 of the Bankruptcy Code.

[2] The Trustee previously was granted authority to settle Customer Claims without further order of the Court under the Claims Procedure Order, entered by the Court on December 23, 2008 [Docket No. 12]. In resolving the Avoidable Transfers, the Trustee may seek to resolve direct and related filed Customer Claims where possible and

# THE SETTLEMENT AUTHORITY

10. The Trustee will enter into written settlement agreements (the "Settlement Agreements") with BLMIS Transferees who choose to settle their Avoidable Transfers with the Trustee. By this Motion, the Trustee requests authority to enter into Settlement Agreements that meet the standards set forth below (the "Settlement Standards") without further Court approval. The Settlement Standards will govern settlements whether or not the Trustee has commenced an adversary proceeding against a BLMIS Transferee. Accordingly, the Trustee requests approval of the following Settlement Standards:

1. General Standards for All Settlements:

    a. The Trustee and the BLMIS Transferee will provide general, mutual releases to each other relating to any claims or causes of action, known or unknown, arising out of or in any way related to the Avoidable Transfers.

    b. The BLMIS Transferee will submit to the Bankruptcy Court's jurisdiction with respect to the enforcement of the Settlement Agreement.

    c. All settlements will be subject to SIPC approval.

    d. Where a settlement resolves an adversary proceeding commenced by the Trustee, the Trustee will file a notice of dismissal of the adversary proceeding after the settlement has been consummated.

    e. The Trustee will include an update on the status of successfully negotiated Settlement Agreements in the Trustee's Interim Reports, which are filed with the Court not less than every six months.

    f. The Trustee will have the discretion and authority to settle without further Court approval any Avoidable Transfer with a face amount of up to $20 million. In making a determination on whether to settle a particular claim, the Trustee may consider, among other things, the hardship or inability to pay of the BLMIS Transferee, which hardship or inability to pay shall be determined to the Trustee's satisfaction.

2. Settlement Procedures:

    a. For Settlement Agreements entered into by and between the Trustee and a BLMIS Transferee in connection with an Avoidable Transfer where the face value is

---

appropriate. While additional authority to settle these Customer Claims may not be necessary based on the previously entered order, by this Motion, the Trustee is seeking such authority out of an abundance of caution.

  $10,000,000 or less, the Trustee may enter into the Settlement Agreement without further Court Order, which agreement will be immediately effective and binding on the parties.

 b. For Settlement Agreements entered into by and between the Trustee and a BLMIS Transferee in connection with an Avoidable Transfer of which the face value is between $10,000,001 and $20,000,000, the Trustee will periodically file with the Court a notice of settlement (the "Notice of Settlement") that will disclose the financial details of such Settlement Agreement, including the dollar amount of the settlement, the total amount of the Avoidable Transfers and, if applicable, any relevant information considered by the Trustee in reaching the settlement. The Notice of Settlement will not include the name of or any identifying information relating to the BLMIS Transferee. If no objection to the Notice of Settlement is filed and served upon the Trustee within fourteen days after filing, the Settlement Agreement will automatically become effective and binding on the parties.

## BASIS FOR RELIEF REQUESTED

11. Bankruptcy Rule 9019(a) provides, in pertinent part, that: "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Courts have held that in order to approve a settlement or compromise under Bankruptcy Rule 9019(a), a bankruptcy court should find that the compromise proposed is fair and equitable, reasonable and in the best interests of a debtor's estate. See In re Ionosphere Clubs, Inc., 156 B.R. 414, 426 (S.D.N.Y. 1993), accord, 17 F.3d 600 (2d Cir. 1994) (citing Protective Comm. for Index. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968)).

12. The Second Circuit has stated that a bankruptcy court, in determining whether to approve a compromise, should not decide the numerous questions of law and fact raised by the compromise, but rather should "'canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness.'" Liu v. Silverman (In re Liu), 1998 U.S. App. LEXIS 31698, at *3 (2d Cir. Dec. 18, 1998) (quoting In re W.T. Grant Co., 699 F.2d 599, 608 (2d Cir. 1983)); see also Masonic Hall & Asylum Fund v. Official Comm. of Unsecured Creditors (In re Refco, Inc.), 2006 U.S. Dist. LEXIS 85691, at *21-22 (S.D.N.Y. Nov. 16, 2006) Nellis v. Shugrue, 165 B.R. 115, 121-22 (S.D.N.Y. 1994); In re Ionosphere Clubs, 156 B.R. at

426; In re Purofied Down Prods. Corp., 150 B.R. 519, 522 (S.D.N.Y. 1993) ("[T]he court need not conduct a 'mini-trial' to determine the merits of the underlying litigation"); In re Drexel Burnham Lambert Group, Inc., 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991).

13. In deciding whether a particular compromise falls within the "range of reasonableness," courts consider the following factors:

> (i) the probability of success in the litigation;
>
> (ii) the difficulties associated with collection;
>
> (iii) the complexity of the litigation, and the attendant expense, inconvenience, and delay; and
>
> (iv) the paramount interests of the creditors.

In re Refco, Inc., 2006 U.S. Dist. LEXIS 85691, at *22; Nellis v. Shugrue, 165 B.R. at 122 (citing In re Drexel Burnham Lambert Group, Inc., 960 F.2d 285, 292 (2d Cir. 1992), cert. denied, 506 U.S. 1088 (1993)).

14. The bankruptcy court may credit and consider the opinions of the trustee or debtor and their counsel in determining whether a settlement is fair and equitable. See In re Purofied Down Prods., 150 B.R. at 522; In re Drexel Burnham Lambert Group, Inc., 134 B.R. at 505. The competency and experience of counsel supporting the settlement may also be considered. See Nellis v. Shugrue, 165 B.R. at 122. Finally, the court should be mindful of the principle that "the law favors compromise." In re Drexel Burnham Lambert Group, Inc., 134 B.R. at 505 (quoting In re Blair, 538 F.2d 849, 851 (9th Cir. 1976)).

15. In addition to the broad authority granted to the Court under the Bankruptcy Rules, section 105(a) of the Bankruptcy Code provides in relevant part that the "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

> Section 105 specifically codifies what are traditionally called 'inherent powers' to give the Bankruptcy Courts the necessary ability to manage the cases on their docket. It is imperative that courts have the necessary authority to manage the arguments and conduct of parties to ensure judicial efficiency and to do justice. These powers are "necessary to the exercise of all others."

Johnson v. McDow (In re Johnson), 236 B.R. 510, 521 (D.D.C. 1999); see also In re Walker, 195 B.R. 187, 208 (Bankr. D.N.H. 1996) (noting inherent power of courts to "manage litigation pending before" them).

16. Courts in this circuit, including the Bankruptcy Court for the Southern District of New York, have frequently entered orders establishing settlement procedures similar to the ones sought herein. See, e.g., Eugene I. Davis, as Litigation Trustee for the Quebecor World Litigation Trust v. Defendants Listed on Exhibit "A" (In re Quebecor World (USA), Inc., et al.), Case No. 08-10152 (JMP) (Docket No. 748); In re Enron Corp. et al, Case No. 01-16034 (AJG) (Docket No. 4129).

17. The Trustee believes that Settlement Agreements negotiated by the Trustee which will fall within the parameters set forth in the Settlement Standards, come within the range of reasonableness and are in the best interests of the estate and its customers and creditors. In considering whether to settle his claims, the Trustee will consider the particular circumstances of his claims against the BLMIS Transferee and any hardship or other pertinent information about the BLMIS Transferee. In exercising his discretion to resolve his claims based on a hardship circumstance, the BLMIS Transferee will be required to demonstrate to the Trustee, to his satisfaction, that the BLMIS Transferee cannot repay the amount sought by the Trustee or that there are other mitigating circumstances which warrant a settlement below the amount sought by the Trustee.

18. The authority to enter into Settlement Agreements would confer a considerable benefit on the estate and its customers by providing a means to efficiently and fairly settle all

matters relating to Avoidable Transfers. Furthermore, it would be burdensome to require the Trustee to obtain further Court approval for each Settlement Agreement. Many BLMIS Transferees also have an interest in keeping their settlements with the Trustee private. The Motion provides the Trustee with the ability to enter into Settlement Agreements without having to file motions (i) to approve what may be numerous settlements and (ii) to file the Settlement Agreements under seal in an effort to respect the privacy of BLMIS Transferees. Accordingly, the Trustee submits that the interests of the estate would be best served by granting the Motion and entering an order authorizing the Trustee to enter into Settlement Agreements without further approval of the Court, subject to the Settlement Standards outlined above.

## NOTICE

19. Notice of this Motion has been provided by U.S. mail, postage prepaid, or email to (i) all parties that have filed a notice of appearance in this case; (ii) SIPC; (iii) the SEC; (iv) the Internal Revenue Service; and (v) the United States Attorneys' Office (the "Notice Parties"). The Trustee submits that no other or further notice need be given.

**WHEREFORE**, the Trustee respectfully requests that the Court (a) enter an order substantially in the form attached hereto as Exhibit A, granting the relief requested herein; and

(b) grant such other and further relief as the Court deems proper.

Dated: New York, New York  
       October 21, 2010

Respectfully submitted,

 */s/ Marc Hirschfield*  
Baker & Hostetler LLP  
45 Rockefeller Plaza  
New York, New York 10111  
Telephone: (212) 589-4200  
Facsimile: (212) 589-4201  
David J. Sheehan  
Email: dsheehan@bakerlaw.com  
Marc Hirschfield  
Email: mhirschfield@bakerlaw.com  
Alissa M. Nann  
Email: anann@bakerlaw.com

*Attorneys for Irving H. Picard, Esq. Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*