# EXHIBIT A
## (Proposed Order)

300096961

1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant.<br><br>In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | Adv. Pro. No. 08-1789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |

## ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND RULES 2002 AND 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE GRANTING AUTHORITY AND ESTABLISHING PROCEDURES FOR SETTLEMENT AGREEMENTS IN CONNECTION WITH AVOIDANCE ACTIONS FILED BY THE TRUSTEE

Upon the motion (the "Motion")[1] of Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"), and the substantially consolidated estate of Bernard L. Madoff, seeking entry of an order, pursuant to sections 105(a) of the United States Bankruptcy Code and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure, granting authority to the Trustee to enter into Settlement Agreements by and between the Trustee and BLMIS Transferees, without further order of the Court, in final settlement of Avoidable Transfers with a face value of $20 million or less

---

[1] All terms not defined herein shall have such meanings as subscribed to them in the Motion.

300096961

received by the BLMIS Transferees, as limited by the Settlement Standards as described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with section 78eee(b)(4) of SIPA, the Protective Decree, entered on December 15, 2008 by the United States District Court for the Southern District of New York in Case No. 08 CV 10791, and 28 U.S.C. §§ 157 and 1334; and it appearing that the relief requested by the Motion is in the best interests of the estate and its customers; and due notice of the Motion having been given to the Notice Parties, and it appearing that no other or further notice need be given; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted therein; and upon the proceedings before the Court and after due deliberation, it is hereby

**ORDERED**, that the relief requested in the Motion is granted; and it is further

**ORDERED**, that the Trustee is hereby granted authority to enter into Settlement Agreements with BLMIS Transferees in final settlement of Avoidable Transfers with a face value of $20 million or less and to grant releases to such BLMIS Transferees in connection therewith without further Court approval, subject to the Settlement Standards set forth in the Motion; and it is further

**ORDERED**, that BLMIS Transferees who entered into Settlement Agreements shall remain subject to the Bankruptcy Court's jurisdiction with respect to enforcement of the Settlement Agreement; and it is further

**ORDERED**, that this Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: New York, New York
       November __, 2010

                                              _____
                                              HONORABLE BURTON R. LIFLAND
                                              UNITED STATES BANKRUPTCY JUDGE