# BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

## DECEMBER 11, 2008[1]

## NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

October 7, 2010

Gloria Konigsberg
400 East 55th Street, Apartment #7C
New York, New York 10022

Dear Gloria Konigsberg:

**PLEASE READ THIS NOTICE CAREFULLY.**

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim on BLMIS Account No. 1K0051 designated as Claim Number 7932:

Your claim for securities is **DENIED**. No securities were ever purchased for your account.

Your claim is **ALLOWED** for $67,331.18, which was the balance in your BLMIS Account on the Filing Date based on the amount of money you deposited with BLMIS for the purchase of securities, less subsequent withdrawals, as outlined in Table 1 attached hereto.

As reflected in Table 1, certain of the transfers into or out of your account have been adjusted. As part of the Trustee's analysis of accounts, the Trustee has assessed accounts based on a money in/money out analysis (i.e., has the investor deposited more or less than he or she withdrew from BLMIS). This analysis allows the Trustee to determine which part of an account's balance is originally invested principal and which part is fictitious gains that were fabricated by BLMIS. A customer's allowed claim is based on the amount of principal in the customer's account.

---

[1] Section 78lll(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78lll(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

300105670.1

Whenever a customer requested a transfer from one account to another, the Trustee analyzed whether the transferor account had principal in the account at the time of the transfer. The available principal in the account was transferred to and credited in the transferee account. Thus, the reason that the adjusted amount of transferred deposits or withdrawals in Table 1 is less than the purported transfer amount is that the transferor account did not have sufficient principal available to effectuate the full transfer. The difference between the purported transfer amount and the adjusted transfer amount is the amount of fictitious gain that was transferred to or from your account. Under the money in/money out analysis, the Trustee does not give credit for fictitious gains in setting your allowed claim.

Your **ALLOWED CLAIM** of $67,331.18 will be satisfied in the following manner:

The enclosed **ASSIGNMENT AND RELEASE** must be executed, notarized and returned in the envelope provided herewith. Upon receipt of the executed and notarized **ASSIGNMENT AND RELEASE**, the Trustee will fully satisfy your **ALLOWED CLAIM** by sending you a check in the amount of $67,331.18, with the funds being advanced by Securities Investor Protection Corporation pursuant to section 78fff-3(a)(1) of SIPA.

**On March 1, 2010, the United States Bankruptcy Court for the Southern District of New York (Lifland, J.) issued a decision which affirmed the Trustee's Net Investment Method for determining customer claims. The final resolution of this issue is expected to be determined on appeal.**

**Should a final and unappealable court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by you in having your customer claim re-determined in accordance with any such Court order.**

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after October 7, 2010, the date on which the Trustee mailed this notice.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

300105670.1                                      2

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York 10004

and

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111

_____
Irving H. Picard

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

| | - Table 1 - | | |
|---|---|---|---|
| | **DEPOSITS** | | |
| **DATE** | **TRANSACTION DESCRIPTION** | **AMOUNT** | **ADJUSTED AMOUNT** |
| 3/31/1981 | ALIX: 3/31/1981 Equity | $35,536.63 | $35,536.63 |
| 2/14/1984 | CHECK | $20,000.00 | $20,000.00 |
| 9/14/1984 | CHECK | $5,000.00 | $5,000.00 |
| 10/24/1984 | CHECK | $7,351.58 | $7,351.58 |
| 7/8/1986 | CHECK | $7,000.00 | $7,000.00 |
| 3/12/1987 | CHECK | $49,000.00 | $49,000.00 |
| 6/14/1988 | TRANS FROM 10113310 | $15,000.00 | $15,000.00 |
| 6/14/1988 | TRANS FROM 10113210 | $15,000.00 | $15,000.00 |
| 10/24/1988 | TRANS FROM 10113310 | $10,000.00 | $10,000.00 |
| 10/24/1988 | TRANS FROM 10113210 | $10,000.00 | $10,000.00 |
| 12/7/1988 | TRANS FROM 10113310 | $12,500.00 | $12,500.00 |
| 12/7/1988 | TRANS FROM 10113210 | $12,500.00 | $12,500.00 |
| 2/1/1989 | TRANS FROM 10113210 | $10,000.00 | $10,000.00 |
| 2/1/1989 | TRANS FROM 10113310 | $10,000.00 | $10,000.00 |
| 5/2/1989 | CHECK | $20,000.00 | $20,000.00 |
| 1/8/1992 | CHECK | $7,000.00 | $7,000.00 |
| 9/10/1992 | CHECK | $20,000.00 | $20,000.00 |
| 6/9/1999 | CHECK | $67,000.00 | $67,000.00 |
| 5/24/2000 | CHECK | $100,000.00 | $100,000.00 |
| 7/10/2000 | CHECK | $100,000.00 | $100,000.00 |
| 1/4/2005 | CHECK | $250,000.00 | $250,000.00 |
| **Total Deposits:** | | $782,888.21 | $782,888.21 |
| | **WITHDRAWALS** | | |
| **DATE** | **TRANSACTION DESCRIPTION** | **AMOUNT** | **ADJUSTED AMOUNT** |
| 5/8/1981 | CHECK | ($983.39) | ($983.39) |
| 7/6/1981 | CHECK | ($1,319.62) | ($1,319.62) |
| 8/18/1981 | CHECK | ($1,065.00) | ($1,065.00) |
| 10/22/1981 | CHECK | ($1,328.24) | ($1,328.24) |
| 12/18/1981 | CHECK | ($1,509.55) | ($1,509.55) |
| 2/8/1982 | CHECK | ($1,065.72) | ($1,065.72) |
| 4/7/1982 | CHECK | ($1,298.07) | ($1,298.07) |
| 5/21/1982 | CHECK | ($1,066.25) | ($1,066.25) |
| 7/22/1982 | CHECK | ($1,321.07) | ($1,321.07) |
| 9/17/1982 | CHECK | ($1,331.41) | ($1,331.41) |
| 11/16/1982 | CHECK | ($1,420.67) | ($1,420.67) |
| 1/17/1983 | CHECK | ($1,510.50) | ($1,510.50) |
| 3/21/1983 | CHECK | ($1,331.90) | ($1,331.90) |
| 4/14/1983 | CHECK | ($23,900.00) | ($23,900.00) |
| 5/19/1983 | CHECK | ($1,420.91) | ($1,420.91) |
| 7/20/1983 | CHECK | ($491.75) | ($491.75) |
| 9/6/1983 | CHECK | ($243.63) | ($243.63) |
| 11/9/1983 | CHECK | ($465.00) | ($465.00) |

| Date | Description | Amount | Amount |
|---|---|---|---|
| 12/29/1983 | CHECK | ($368.33) | ($368.33) |
| 2/22/1984 | CHECK | ($324.58) | ($324.58) |
| 4/11/1984 | CHECK | ($641.25) | ($641.25) |
| 4/25/1984 | CHECK INTL HARVESTER | ($464.15) | ($464.15) |
| 6/6/1984 | CHECK HOUSEHOLD | ($751.50) | ($751.50) |
| 6/15/1984 | CHECK WASH NATL | ($409.06) | ($409.06) |
| 7/27/1984 | CHECK GENL GROWTH PPTYS | ($636.26) | ($636.26) |
| 8/23/1984 | CHECK SUN CO | ($439.84) | ($439.84) |
| 10/4/1984 | CHECK BELL & HOWELL | ($803.00) | ($803.00) |
| 10/22/1984 | CHECK HOUSEHOLD | ($369.38) | ($369.38) |
| 12/6/1984 | CHECK BRISTOL MYERS | ($749.89) | ($749.89) |
| 12/18/1984 | CHECK TRW INC | ($661.56) | ($661.56) |
| 1/7/1985 | CHECK JEWEL | ($227.07) | ($227.07) |
| 2/6/1985 | CHECK GENL GROWTH PROP | ($470.01) | ($470.01) |
| 2/7/1985 | CHECK JEWEL | ($635.87) | ($635.87) |
| 3/14/1985 | CHECK IC INDUSTRIES | ($298.00) | ($298.00) |
| 4/4/1985 | CHECK TRW | ($1,367.61) | ($1,367.61) |
| 4/25/1985 | CHECK ATLANTIC RICHFIELD | ($210.15) | ($210.15) |
| 5/21/1985 | CHECK MARTIN MARIETTA | ($1,098.13) | ($1,098.13) |
| 6/25/1985 | CHECK INTL HARVESTER | ($309.50) | ($309.50) |
| 7/12/1985 | CHECK HOUSEHOLD | ($1,194.50) | ($1,194.50) |
| 8/19/1985 | CHECK ETHYL | ($218.75) | ($218.75) |
| 10/7/1985 | CHECK RESEARCH COTTRELL | ($1,823.34) | ($1,823.34) |
| 11/21/1985 | CHECK BELL & HOWELL | ($1,242.50) | ($1,242.50) |
| 1/22/1986 | CHECK ASSOCIATED DRY GOODS | ($1,753.88) | ($1,753.88) |
| 3/21/1986 | CHECK RESEARCH COTTRELL | ($1,811.23) | ($1,811.23) |
| 5/8/1986 | CHECK AMER GENL | ($1,035.50) | ($1,035.50) |
| 7/16/1986 | CHECK CHUBB | ($1,762.69) | ($1,762.69) |
| 8/21/1986 | CHECK INTERCO | ($1,167.47) | ($1,167.47) |
| 10/15/1986 | CHECK SUN | ($1,436.78) | ($1,436.78) |
| 11/24/1986 | CHECK TRW | ($1,533.22) | ($1,533.22) |
| 2/5/1987 | CHECK HOLIDAY CORP | ($2,165.88) | ($2,165.88) |
| 4/7/1987 | CHECK ANHEUSER BUSCH | ($1,904.65) | ($1,904.65) |
| 6/10/1987 | CHECK TRANSCO CO | ($3,997.51) | ($3,997.51) |
| 8/21/1987 | CHECKS AGS COMPUTERS | ($4,226.71) | ($4,226.71) |
| 10/21/1987 | CHECK CARL KARCHER | ($3,715.62) | ($3,715.62) |
| 1/26/1988 | CHECK BRISTOL MYERS | ($3,994.92) | ($3,994.92) |
| 3/3/1988 | CHECK ADVANCED SYSTEMS | ($3,936.38) | ($3,936.38) |
| 4/29/1988 | CHECK FICELCOR | ($4,589.95) | ($4,589.95) |
| 7/13/1988 | CHECK ROCKWELL | ($3,743.61) | ($3,743.61) |
| 9/20/1988 | CHECK CAPITAL CITIES | ($4,145.00) | ($4,145.00) |
| 11/7/1988 | CHECK TYCO LABS | ($3,862.95) | ($3,862.95) |
| 12/28/1988 | CHECK MILLICOM RIGHTS | ($3,737.00) | ($3,737.00) |
| 2/21/1989 | CHECK HEINZ | ($5,545.01) | ($5,545.01) |
| 5/3/1989 | CHECK PFIZER | ($7,244.20) | ($7,244.20) |
| 6/15/1989 | CHECK WARNER COMM | ($5,849.89) | ($5,849.89) |
| 8/18/1989 | CHECK INLAND | ($9,134.68) | ($9,134.68) |
| 10/18/1989 | CHECK AMERICAN MAIZE | ($8,007.83) | ($8,007.83) |
| 4/26/1991 | CHECK POLICY | ($9,988.23) | ($9,988.23) |
| 6/24/1991 | CHECK AVON | ($8,057.33) | ($8,057.33) |

| Date | Description | Amount | Amount |
|---|---|---|---|
| 8/28/1991 | CHECK DIAMOND | ($11,421.49) | ($11,421.49) |
| 10/17/1991 | CHECK TRITON | ($8,767.61) | ($8,767.61) |
| 12/17/1991 | CHECK MARK IV | ($8,019.49) | ($8,019.49) |
| 1/21/1992 | CHECK CAMPBELL | ($5,728.50) | ($5,728.50) |
| 3/26/1992 | CHECK MANUFACTURES | ($10,268.55) | ($10,268.55) |
| 5/7/1992 | CHECK MEXICO | ($6,879.38) | ($6,879.38) |
| 6/11/1992 | CHECK DISNEY | ($2,937.00) | ($2,937.00) |
| 7/15/1992 | CHECK HOME DEPOT | ($8,765.48) | ($8,765.48) |
| 8/24/1992 | CHECK SOUTHWEST | ($6,972.00) | ($6,972.00) |
| 10/7/1992 | CHECK TIME | ($2,562.25) | ($2,562.25) |
| 11/30/1992 | CHECK SUN MICROSYSTEMS | ($9,415.97) | ($9,415.97) |
| 1/5/1993 | CHECK HARLEY | ($7,353.61) | ($7,353.61) |
| 2/18/1993 | CHECK AMERICAN BRANDS | ($6,869.17) | ($6,869.17) |
| 6/28/1994 | CHECK | ($7,963.12) | ($7,963.12) |
| 10/11/1994 | CHECK | ($11,000.00) | ($11,000.00) |
| 11/7/1994 | CHECK CBS INC | ($7,986.38) | ($7,986.38) |
| 12/12/1994 | CHECK AUTO DESK | ($9,677.00) | ($9,677.00) |
| 9/12/1995 | CHECK | ($25,000.00) | ($25,000.00) |
| 4/2/1996 | CHECK | ($15,000.00) | ($15,000.00) |
| 6/19/1996 | CHECK | ($13,000.00) | ($13,000.00) |
| 7/25/1996 | CHECK | ($35,000.00) | ($35,000.00) |
| 10/20/1998 | CHECK | ($20,000.00) | ($20,000.00) |
| 12/23/1998 | CHECK | ($15,000.00) | ($15,000.00) |
| 2/9/1999 | CHECK | ($16,835.00) | ($16,835.00) |
| 10/28/1999 | CHECK | ($16,000.00) | ($16,000.00) |
| 12/7/1999 | CHECK | ($35,000.00) | ($35,000.00) |
| 12/20/1999 | CHECK | ($40,000.00) | ($40,000.00) |
| 12/28/1999 | CHECK | ($100,000.00) | ($100,000.00) |
| 8/22/2000 | CHECK | ($25,000.00) | ($25,000.00) |
| 7/25/2001 | TRANS TO 1K005230 | ($200,000.00) | $0.00 |
| 7/25/2001 | TRANS TO 1K005330 | ($200,000.00) | $0.00 |
| 12/30/2002 | CHECK | ($10,000.00) | ($10,000.00) |
| 1/7/2004 | CHECK | ($20,000.00) | ($20,000.00) |
| 8/30/2004 | CHECK | ($20,000.00) | ($20,000.00) |
| 11/10/2004 | CHECK | ($10,000.00) | ($10,000.00) |
| **Total Withdrawals:** | | ($1,115,557.03) | ($715,557.03) |
| | | | |
| **Total deposits less withdrawals:** | | ($332,668.82) | $67,331.18 |

300105670.1                                6