| | |
|---|---|
| KLEINBERG, KAPLAN, WOLFF & COHEN, P.C.<br>551 Fifth Avenue, 18th Floor<br>New York, New York 10176<br>(212) 968-6000<br>David Parker<br>Matthew J. Gold<br>Jason Otto | Hearing Date: November 10, 2010<br>Hearing Time: 10:00 a.m. |

Counsel for Lawrence Elins and Malibu Trading and Investing, L.P.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
SECURITIES INVESTOR PROTECTION :
CORPORATION, : Adv. Pro. No. 08-01789 (BRL)
 :
                    Plaintiff, : SIPA Liquidation
 :
                v. : (Substantively Consolidated)
 :
BERNARD L. MADOFF INVESTMENT :
SECURITIES LLC, :
 :
                    Defendant. :
-----------------------------------------------------------:
 :
In re: :
 :
BERNARD L. MADOFF, :
 :
                  Debtor. :
-----------------------------------------------------------x

**OBJECTION OF LAWRENCE ELINS AND MALIBU
TRADING AND INVESTING, L.P. TO TRUSTEE'S
MOTION FOR AN ORDER (I) APPROVING LITIGATION
PROCEDURES FOR AVOIDANCE ACTIONS AND
(II) AMENDING GLOBAL PROTECTIVE ORDER**

      Lawrence Elins and Malibu Trading and Investing, L.P. (the "Elins Objectors") submit this objection to the Trustee's Motion For an Order (I) Approving Litigation Procedures For Avoidance Actions and (II) Amending Global Protective Order, dated October 21, 2010 (the "Litigation Procedures Motion"), and respectfully represent:

MGOLD\173361.6 - 11/4/10

## I. The Elins Objectors

1.  The Elins Objectors are victims of Bernard Madoff and parties in interest in this case. Lawrence Elins filed a proof of claim with the Trustee regarding Lawrence Elins IRA, account #1E0172. Malibu Trading also filed a proof of claim with the Trustee regarding account #1M0198.[1] To date the Trustee has neither allowed nor objected to the Elins claims.

## II. Preliminary Statement

2.  The Litigation Procedures Motion has been brought prematurely. Procedures should not be adopted for any adversary proceeding for which no complaint has been filed.[2] Moreover, the decision of the Court of Appeals regarding the pending appeal of this Court's Net Equity decision may have a major effect upon the merits of avoidance actions, so mediation and discovery should be deferred until after the Court of Appeals rules.

3.  The Trustee ignores that there are legal defenses, such as those based on Bankruptcy Code section 546(e), that will apply to many if not most defendants. Discovery and mediation should be stayed until these issues have been determined.

4.  As will be summarized below, many of the procedures proposed by the Trustee are one-sided and would provide an unfair advantage to the Trustee even before a complaint is filed.[3] The Trustee has had years to prepare his cases, marshal his evidence, and line up his

---

[1] Kleinberg Kaplan Wolff & Cohen, P.C. also represents other Madoff victims who may be affected by the relief sought and are interested parties with regard to the Litigation Procedures Motion.

[2] The Elins Objectors requested that the Trustee consent to an adjournment of the hearing on this motion until after the complaints are filed, but the Trustee declined to do so.

[3] The Trustee fills his motion with vague references to his prior efforts without providing meaningful detail. He complains that he does not know about the "surrounding circumstances," Litigation Procedures Motion ¶6 at 4, without explaining what information might be relevant. (Continued)

2

experts. Defendants will not have an opportunity to prepare their cases until a complaint has been served. Forcing them to adhere to an expedited schedule will place them at a significant disadvantage.

### III. The Litigation Procedures Motion Is Prematurely Presented

5.  The schedule proposed by the Trustee is impractical and will waste the time of the Court and all parties at significant expense. The major issues of law underlying the Trustee's avoidance actions should be decided before the parties expend significant time and expense on discovery and mediation.

6.  The appeal of this Court's Net Equity decision is pending before the Court of Appeals. A reversal will completely undercut the Trustee's underlying legal theories. See Litigation Procedures Motion ¶5 at 3-4. The prosecution of the Trustee's adversary proceedings should be deferred until after the Court of Appeals rules.

7.  In addition, there are defenses, such as those based on Bankruptcy Code section 546(e), that are appropriately addressed on a motion to dismiss and that will apply to many or perhaps all defendants. The applicability of section 546(e) is an issue of law, and as such is more suitable for determination by the Court, in a manner similar to that used already in this case for

---

(Unless otherwise noted, subsequent references are to the Litigation Procedures Motion.) He announces that he has "made an appropriate determination, in the exercise of his discretion," ¶6 at 4, without disclosing what determinations he has made, or why the determinations are appropriate. He states he will "consider any mitigating circumstances," ¶6 at 4, without giving any indication of what he considers to be mitigation-worthy. In light of the Trustee's total opacity it should be no surprise that "very few BLMIS Transferees ... have provided information," ¶7 at 5.

3

the Net Equity and Feeder Fund issues, rather than mediation. The prosecution of the Trustee's adversary proceedings should be deferred until these issues have been decided.[4]

8. The Litigation Procedures Motion is also premature because it seeks to have the Court impose procedures and restrictions in adversary proceedings that have not yet been commenced. This request is premature, unfair and impractical and violates the due process rights of defendants.

9. The Trustee has not identified whom he is going to sue. A person reviewing the Litigation Procedures Motion has no way of knowing:

- Whether he or she will be sued by the Trustee;
- When the complaint will be served and filed;
- The amount the Trustee will be seeking to recover;
- The facts the Trustee will allege in support of his complaint; or
- The legal theories the Trustee will rely upon in support of his complaints.

10. In short, there is no meaningful way for anyone who has not been sued already to respond to the Trustee's proposed procedures. For example, it is impossible for counsel to know what is an appropriate time period for fact discovery or expert discovery without knowledge of the particulars of the complaint. Counsel should not have to guess at these matters, especially when the Trustee has all of the relevant information and has refused to make it public, and the information will be made public in December.

---

[4] There may be other global issues in addition to those identified here, but no one will know until the Trustee makes his intentions public and files his complaints.

4

11. The Trustee has reserved the right to determine, at his sole discretion, to which proceedings to apply the new procedures. ¶10(1)(A) at 7. This tilting of the playing field further diminishes the ability of any person other than the Trustee to know who may be affected by the relief sought by the Trustee.

12. The Trustee's request could be more meaningfully addressed if the Court were to follow the standard procedural sequence, as outlined in the Federal Rules of Civil Procedure and the Bankruptcy Rules, where complaints are filed first and rights are adjudicated thereafter.

13. In all of the cases cited by the Trustee as models for the relief sought, ¶15 at 16, the relief was granted as to only complaints that already had been filed. *See Eugene I. Davis, as Litigation Trustee for the Quebecor World Litigation Trust v. Defendants Listed on Exhibit "A" (In re Quebecor World (USA), Inc., et al.),* Case No. 08-10152 (JMP) (Docket No. 3935), n. 4 at 2 ("This Procedures Order pertains only to the Avoidance Actions identified in Exhibit "A" annexed to the Motion."); *In re Enron Corp. et al.,* Case No. 01-16034 (AJG) (Docket No. 22012), at 1 ("These Procedures address all actions set forth on Exhibit 1, attached hereto."); *Bayou Accredited Fund, LLC v. Redwood Growth Partners, L.P. (In re Bayou Group, LLC, et al.),* Adv. Pro. No. 06-8318 (ASH) (Docket No. 37), at 2 ("the following discovery schedule shall govern the 55 above-captioned adversary proceedings."); *In re Lehman Brothers Inc.,* Case No. 08-1420 (JMP) SIPA, (Docket No. 2894), (modified procedures ordered in that case applied to *only* adversary proceedings that already had been commenced, *id.* at 2; the right of parties to proceedings yet to be commenced to seek modifications to the procedures was specifically reserved, *id.* at 3).

14. Thus, the relief sought by the Trustee appears to be truly unprecedented.

5

15. Bankruptcy Rule 7016, which the Trustee cites as granting the Court authority to implement these procedures, is inapplicable, because no adversary proceeding has yet been commenced. *See* Bankruptcy Rule 7001 ("Rule 16 F.R.C.P. applies in adversary proceedings.")

16. Furthermore, the Trustee has not given adequate notice of his motion. Notice was provided to only parties who have filed a notice of appearance in the case (and to certain governmental entities). Litigation Procedures Motion ¶24 at 20. Thus, the Trustee has made no effort to provide actual notice to all of the parties he intends to sue, even though he presumably has already identified all of his targets. This lack of notice fails to satisfy the requirements of due process, which requires actual notice to all parties that the Trustee knows will be interested in the matter. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950) (Notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."). Indeed counsel may not currently know if they have a client because they may not have been retained in advance of service of a complaint.

17. Accordingly, the Litigation Procedures Motion should be adjourned to a date after December 11, 2010, when the universe of avoidance actions will be known, all affected parties will have received proper notice, and these parties will have a means of determining which of their rights may be affected by the relief sought by the Trustee.

### IV. The Proposed Litigation Procedures Should Be Modified

18. To the extent the relief sought by the Trustee is to be granted at all at this time, the proposed procedures should be modified as follows:

- No discovery or mediation shall take place until the Court has determined, pursuant to a briefing schedule to be established, the applicability of defenses (such as section 546(e) of the Bankruptcy Code) that will apply to most, if not all, of the defendants.

6

MGOLD\173361.6 - 11/4/10

- The proposed confidentiality provisions, ¶20-23 at 18-20 should not prevent defendants with common interests from sharing information with each other.

- Because the Trustee and SIPC have unilaterally requested mandatory mediation, SIPC should pay all of the fees and expenses of the mediators in all cases. See ¶10(5)(H) at 13.

- The Trustee's proposed procedures should not operate as the default procedure for proceedings that have not been commenced. If the parties to an adversary proceeding are unable to agree upon procedures, the Court should review the issue on a clean slate.

- No limitations should be imposed *now* on what issues can be raised in discovery regarding cases that have not yet been commenced. ¶10(4)(F) at 10. Likewise, there is no way to know whether the Trustee is an appropriate subject of a deposition until after a complaint has been filed and discovery has begun. N. 8 at 11.

- The proposed schedule regarding expert disclosures and discovery may be onerous for defendants who have not had the opportunity to prepare experts already. The Trustee has had years to retain and prepare his experts. Future defendants should be able to challenge the schedule.

- If the defendant is required to have a person with settlement authority attend the mediation, ¶10(5)(G) at 13, then the Trustee or a designee with settlement authority must similarly attend. A person with authority to approve settlements on behalf of SIPC must also attend if the Trustee is to require SIPC to approve all settlements.

- The Trustee should not have the unilateral ability to select and modify the list of mediators. ¶10(5)(C) at 12.

7

MGOLD\173361.6 - 11/4/10

**WHEREFORE**, the Elins Objectors respectfully request that the Court (i) adjourn the hearing on the Litigation Procedures Motion to a date after the Trustee has served and filed all of the relevant adversary proceedings and identified each proceeding that is to be affected by the proposed procedures; (ii) deny the relief sought in the Litigation Procedures Motion or grant the relief only as modified to the extent set forth herein; and (iii) grant such other and further relief as is just and proper.

Dated: November 4, 2010

                                        **KLEINBERG, KAPLAN, WOLF & COHEN, P.C.**

                                        By: /s/ David Parker
                                                David Parker
                                                Matthew J. Gold
                                                Jason Otto
                                                551 Fifth Avenue
                                                New York, New York 10176
                                                Tel. No.: (212) 986-6000
                                                Fax No.: (212) 986-8866

                                                Counsel for Lawrence Elins and Malibu Trading
                                                and Investing, L.P.