| | |
|---|---|
| KLEINBERG, KAPLAN, WOLFF & COHEN, P.C.<br>551 Fifth Avenue, 18th Floor<br>New York, New York 10176<br>(212) 968-6000<br>David Parker<br>Matthew J. Gold<br>Jason Otto | Hearing Date: November 10, 2010<br>Hearing Time: 10:00 a.m. |

Counsel for Lawrence Elins and Malibu Trading and Investing, L.P.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
SECURITIES INVESTOR PROTECTION         :
CORPORATION,                            :    Adv. Pro. No. 08-01789 (BRL)
                                        :
                   Plaintiff,    :    SIPA Liquidation
                                        :
                   v.            :    (Substantively Consolidated)
                                        :
BERNARD L. MADOFF INVESTMENT            :
SECURITIES LLC,                         :
                                        :
                   Defendant.    :
-----------------------------------------------------------:
                                        :
In re:                                  :
                                        :
BERNARD L. MADOFF,                      :
                                        :
                   Debtor.       :
-----------------------------------------------------------x

**OBJECTION OF LAWRENCE ELINS AND MALIBU TRADING
AND INVESTING, L.P. TO TRUSTEE'S MOTION FOR AN ORDER
<u>ESTABLISHING PROCEDURES FOR APPROVAL OF SETTLEMENTS</u>**

      Lawrence Elins and Malibu Trading and Investing, L.P. (the "Elins Objectors") submit this objection to the Trustee's Motion for an Order pursuant to Section 105(a) of the United States Bankruptcy Code and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure Establishing Procedures for Approval of Settlements, dated October 21, 2010 (the "Settlement Procedures Motion"), and respectfully represent:

MGOLD\173534.5 - 11/4/10

## I. The Elins Objectors

1.      The Elins Objectors are victims of Bernard Madoff and parties in interest in this case.  Lawrence Elins filed a proof of claim with the Trustee regarding Lawrence Elins IRA, account #1E0172.  Malibu Trading also filed a proof of claim with the Trustee regarding account #1M0198.[1]  To date the Trustee has neither allowed nor objected to the Elins claims.

## II. The Settlement Procedures Motion Should Be Denied

2.      The Settlement Procedures Motion demonstrates the Trustee's absolute refusal to accept accountability.  He gives no information concerning the settlement standards he has applied to date, and asks for a blank check going forward.  The Trustee's approach leaves in the dark not only recipients of allegedly avoidable transfers but also all other parties in interest regarding the secret settlements he asks to be able to reach and their effect upon the estate.

3.      The relief requested by the Trustee would completely eviscerate the protections of Bankruptcy Rule 9019.  Ironically, the Trustee cites to Rule 9019, and notes, correctly, that it requires him to establish "(i) the probability of success in the litigation; (ii) the difficulties associated with collection; (iii) the complexity of the litigation, and the attendant expense, inconvenience, and delay; and (iv) the paramount interests of the creditors," Settlement Procedures Motion ¶13 at 7[2]-- yet he seeks to have the Court approve his settlements prospectively *without the Trustee's having provided any information on any of those standards*.

4.      The cases cited by the Trustee, Settlement Procedures Motion ¶16 at 8, provide no support for the relief he requests.  The *Enron* settlement procedures involved trading contracts,

---

[1]  Kleinberg Kaplan Wolff & Cohen, P.C. also represents other Madoff victims who may be affected by the relief sought and are interested parties with regard to the Settlement Procedures Motion.

[2]  Unless otherwise noted, subsequent references are to the Settlement Procedures Motion.

2

not avoidance action adversary proceedings.  The *Quebecor World* settlement procedures gave settlement authority for only "small debts" suits for less than $500,000, while the Trustee here considers trivial any action for less than $20 million.

5.     The Trustee's refusal to divulge any of his standards for settlement amounts to a "divide and conquer" approach that completely undermines his protestations that he is eager to reach settlements and is surprised that few recipients of allegedly avoidable transfers have dealt with him.

6.     The $10 million and $20 million cutoffs proposed by the Trustee are large numbers that are much higher than the *de minimus* settlement authority that is commonly granted.  At a minimum the Trustee should be required to disclose what percentage of the avoidance actions he intends to bring fall above and below his thresholds, and what percentage of the estimated recoveries for the estate fall into each category.

7.     The few justifications advanced by the Trustee, Settlement Procedures Motion ¶6 at 3, do not support the overbroad relief he seeks.  While it is indisputable that settlements "bring recoveries into the fund of customer property more quickly and efficiently than could otherwise be accomplished through protracted litigation," the Trustee does not require *carte blanche* in order to reach settlements.  Indeed, trustees in cases large and small reach settlements while still fulfilling their obligations to obtain approval pursuant to Bankruptcy Rule 9019.

8.     Furthermore, the Trustee's concern that "certain BLMIS Transferees may be more apt to resolve the Trustee's claims if their personal information and discussions with the Trustee could be kept out of the public light," *id.*, can be resolved through filing under seal just the sensitive personal information.

3

9.  The Trustee asks that creditors and the Court trust him to reach settlements virtually without oversight. The only limit the Trustee proposes is that SIPC – hardly a disinterested party – approve his settlements.[3]

10. The Trustee's pro forma recitations that he will consider the "particular circumstances" of claims and "any hardship or other pertinent information," and that defendants "will be required to demonstrate to the Trustee, to his satisfaction," that they "cannot repay" or that there are "other mitigating circumstances," ¶17 at 8, provide meaningless generalities that provide no clue about what his standards will be. The same would be expected of any trustee in any case, and is no reason to abandon the standards and requirements of Rule 9019.

11. The Settlement Procedures Motion is filled with ambiguities that make it impossible for parties in interest to understand the relief sought or for the requested Court order to provide clarity. For example, it is not clear:

- what is meant by the "face value" of an Avoidable Transfer, ¶8 at 4 and ¶10(1)(f) at 5;

- what is meant by "direct and related filed Customer Claims," n. 2 at 4;

- whether "Customer Claims filed in connection with other accounts related to the BLMIS Transferee," ¶9 at 4, would be aggregated for purposes of the $20 million cap;

- who will determine whether such aggregation is "appropriate," *id.*;

- whether the releases that the Trustee intends to obtain, ¶10(1)(a) at 5, would require a settling party to forgo the benefits it may obtain should the Court of Appeals reverse the Court's Net Equity decision;

- what standards the Trustee will employ to determine whether hardship or inability to pay exists, and what constitutes the "Trustee's satisfaction," ¶10(1)(f) at 5;

---

[3] SIPC's oversight of the Trustee is no substitute for the Court's review of settlements under Rule 9019. Ironically, while SIPC is not willing to give the Trustee free rein to settle without its review avoidance actions seeking less than $20 million, the Trustee is asking that the Court not review such settlements.

4

- what "relevant information" the Trustee will disclose in his "Notices of Settlement," ¶10(2)(b) at 6, to what extent the information disclosed will conform to the disclosures required under Rule 9019, how any party in interest can be expected to determine whether an objection is appropriate in light of such inadequate disclosure, and what will be the effect of any objection.

**WHEREFORE**, the Elins Objectors respectfully request that the Court (i) deny the relief sought in the Settlement Procedures Motion, and (ii) grant such other and further relief as is just and proper.

Dated: November 4, 2010

**KLEINBERG, KAPLAN, WOLF & COHEN, P.C.**

By: /s/ David Parker
David Parker
Matthew J. Gold
Jason Otto
551 Fifth Avenue
New York, New York 10176
Tel. No.: (212) 986-6000
Fax No.: (212) 986-8866

Counsel for Lawrence Elins and Malibu Trading and Investing, L.P.

5