**Simone Erika Krame Trust**
**58 James Brite Circle**
**Mahwah, New Jersey 07430**
**Phone: 201-264-6543**
**E-Mail: GoGoKrame@aol. com**

October 27, 2010

Clerk of the United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004

And

Irving H. Picard, Trustee
C/o Baker & Hostetler LLP
Attention: Claims Department
45 Rockefeller Plaza
New York, New York 10111



RE:   **Bankruptcy Case No. 08-1789 (BRL)**

To Whom It May Concern:

I am the sole and exclusive legal representative for the Simone Erika Krame Trust **(Claim # 013813)** and have the right, power and authority to handle any and all matters pertaining to Bernard L. Madoff Investment Securities LLC ("BLMIS") involving the aforementioned entity.

Pursuant to a letter dated October 22, 2010 from Irving Picard, Trustee, we have been advised that this entity is **NOT** deemed to be a customer of BLMIS and is not recognized as having had an account with BLMIS; therefore, our claim for securities and/or credit balance has been denied. Please accept this correspondence as formal written opposition to this determination by the Trustee, pending final determination by the court(s) regarding the legal definition of "customer" as it pertains to BLMIS. Should the court(s) agree with the Trustee's interpretation of "customer" as it pertains to BLMIS, SIPA and/or SPIC regarding the payment of claims to individual entities that "did not invest directly with/through BLMIS", then we will no longer challenge the denial of this claim. However, should the court(s) rule in favor of Plaintiffs currently challenging the Trustee's interpretation of who/what is a "customer", then we wish to preserve our rights to seek appropriate restitution for monies invested and lost.

As a point of background, the Simone Erika Krame Trust invested a significant amount of money in a New Jersey Limited Liability Company **(Larsco Investments, LLC)** which then made a direct investment with BLMIS (or some affiliated entity). These funds were invested for the first time with Larsco (and BLMIS) in November 2008; whereby, the fraud was subsequently revealed shortly thereafter (December 2008). Although no direct relationship existed between the Simone Erika Krame Trust and BLMIS (nor did we have any advance knowledge as to where the funds invested with Larsco would ultimately be invested), we nonetheless suffered significant financial losses as a result of the fraud perpetrated on "customers" of BLMIS.

The legitimacy of Larsco's losses and claims **(Claim # 000474)** resulting from its investment with BLMIS has been acknowledged by the Trustee and a Five Hundred Thousand Dollar **($500,000.00)** payment from SIPC has been made to Larsco; however, this payment represents a small percentage of the funds invested and lost through BLMIS by Larsco. Furthermore, the aforementioned payment by SIPC to Larsco has been distributed proportionately among the investors in Larsco; therefore, the Simone Erika Krame Trust has received back a small portion of its initial investment and has suffered significant losses.

In closing, let me reiterate that the purpose of this correspondence is NOT to challenge the Trustee's current definition of "customer"; however, should the court(s) rule against the Trustee regarding said definition, we wish to preserve our right to be considered a "customer" thereby having legal standing to claim the full value of losses incurred as a result of our indirect involvement with BLMIS.

Thank you for your consideration and please feel free to contact the undersigned with any questions, comments or concerns about any matter referenced herein.

Sincerely,

William G. Krame

Cc:   Scott Sosnik, Scolar Investments