**BECKER & POLIAKOFF LLP**
Helen Davis Chaitman
45 Broadway
New York, New York 10006
Telephone  (212) 599-3322
Facsimile  (212) 557-0295
HCHAITMAN@BECKERNY.COM

*Attorneys for Becker & Poliakoff LLP Clients*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br>                            Plaintiff,<br>          v.<br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>                            Defendant. | Adv. Pro. No. 08-1789 (BRL)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br>BERNARD L. MADOFF,<br>                            Debtor. | |

**OBJECTION TO TRUSTEE'S MOTION FOR AN ORDER**
**ESTABLISHING SETTLEMENT APPROVAL PROCEDURES**

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*In re Dana Corp.,* 412 B.R. 53 (S.D.N.Y. 2008) ............................................................................1

*In re Drexel Burham Lambert Group, Inc.*, 134 B.R. 493 (S.D.N.Y. 1991) ...................................3

*In re Energy Cooperative Inc.*, 886 F.2d 921 (7th Cir. 1989) ........................................................3

*In re Enron Corp.* (Case No. 01-16034) (S.D.N.Y) (AJG) ....................................................4, 5, 6

*In re Fortran Printing, Inc.*, 297 B.R. 89 (Bkrtcy. N.D.Ohio 2003) ..............................................2

*In re Ionosphere Clubs, Inc.*, 156 B.R. 414 (S.D.N.Y. 1993) ........................................................3

*In re Iridium Operating LLC*, 478 F.3d 452 (2d Cir. 2007) .......................................................1, 2

*Liu v. Silverman (In re Liu)*, 1998 U.S. App. LEXIS 31698 (2d. Cir. Dec. 18, 1998) ....................4

*In re Lloyd, Carr and Co.*, 617 F.2d 882 (1st Cir. 1980) ...............................................................2

*In re Masters, Inc.,* 141 B.R. 13 (Bankr. E.D.N.Y. 1992) .............................................................1

*In re Masters, Inc.*, 149 B.R. 289 (E.D.N.Y. 1992) ...................................................................2, 6

*National Surety Co. v. Coriell*, 289 U.S. 426 (1933) .....................................................................3

*New England Dairies, Inc. v. Dairy Mart Convenience Stores, Inc. (In re Dairy Mart Convenience Stores, Inc.)*, 351 F.3d 86 (2d Cir. 2003) .................................................................7

*Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968) ..................................................................................................2, 3

*In re Prudential Lines, Inc.*, 170 B.R. 222 (S.D.N.Y. 1994) .........................................................3

*In re Pugh*, 167 B.R. 251 (Bankr. M.D.Fla. 1994) ........................................................................2

*In re Quebecor World (USA)*, (Case No. 08-10152) (S.D.N.Y.) (JMP) ....................................4, 5

*In re Refco Inc.*, 2006 WL 3409088 (S.D.N.Y. Nov. 16, 2006) .....................................................3

*In re Remsen Partners, Ltd.*, 294 B.R. 557 (S.D.N.Y. 2003) ........................................................4

*Reynolds v. C.I.R.,* 861 F.2d 469 (6th Cir. 1988) ...........................................................................2

*In re Rothwell*, 159 B.R. 374 (Bankr. D.Mass. 1993) ...................................................................2

*In re Seminole Walls & Ceilings Corp.*, 388 B.R. 386 (M.D. Fla. 2008) ........................................ 2

*In re Smart World Technologies, LLC*, 423 F.3d 166 (2d Cir. 2005) ............................................ 7

*In re Sparks*, 190 B.R. 842 (Bankr. N.D.Ill. 1996) ........................................................................ 2

*In re Taylor*, 59 B.R. 176 (Bankr. S.D.Tex. 1986) ........................................................................ 6

*In re Telcar Group, Inc.*, 363 B.R. 345 (E.D.N.Y. 2007) .............................................................. 4

*In re The Leslie Fay Cos., Inc.*, 168 B.R. 294 (Bankr. S.D.N.Y. 1994) ......................................... 2

*In re United Shipping Co.,* 1989 WL 12723 (Bankr. D.Minn. Feb. 17, 1989) ............................... 2

*United States v. Sutton*, 786 F.2d 1305 (5th Cir. 1986) ................................................................. 7

*In re W.T. Grant Co.*, 699 F.2d 599 (2d Cir. 1983) ....................................................................... 7

**STATUTES & RULES**

11 U.S.C. § 105(a) ..................................................................................................................... 1, 7

Bankruptcy Rule 2002 ..................................................................................................................... 1

Bankruptcy Rule 9019 ............................................................................................................ passim

Bankruptcy Rule 9019(a) ......................................................................................................... 1, 2, 6

Becker & Poliakoff LLP submits this objection to the Trustee's motion for an order, pursuant to 11 U.S.C. § 105(a) and Bankruptcy Rules 2002 and 9019, establishing certain procedures for approval of settlements (Docket No. 3059) (the "Motion"). Becker & Poliakoff LLP represents a large number of people who invested their life savings in Bernard L. Madoff Investment Securities LLC ("Madoff") (the "BP Clients").

1.  The Trustee asks this Court to grant him unfettered discretion, with SIPC's approval, to settle avoidance actions without notice to any creditors where the amount in controversy is up to $10 million, and to settle claims up to $20 million without court approval. (Motion at 4, ¶8.) The Trustee proposes to "periodically" file limited disclosures after entering into settlement agreements with a face value between $10 million and $20 million. Absent an objection within fourteen days, the Trustee proposes that such settlements "will automatically become effective and binding on the parties" without any court approval. (Motion at 6.)

2.  We have to assume that the $20 million threshold covers approximately 95% of the 1,000 – 2,000 avoidance actions that the Trustee is about to file. The Court should reject the Trustee's request because, as a matter of law, the Trustee has an obligation of absolute candor and transparency to the investors, which obligation would be circumvented by the relief requested.

3.  The "clear purpose" of Bankruptcy Rule 9019 is "to prevent the making of concealed agreements which are unknown to the creditors and unevaluated by the court.'" *In re Iridium Operating LLC*, 478 F.3d 452, 461-62 (2d Cir. 2007) (quoting *In re Masters, Inc.,* 141 B.R. 13, 16 (Bankr. E.D.N.Y. 1992)); *accord In re Dana Corp.,* 412 B.R. 53, 58 (S.D.N.Y. 2008) (bankruptcy court must provide notice and hearing before approving settlement agreement under Rule 9019(a)); "purpose of the rule is 'to prevent the making of concealed agreements

1

which are unknown to the creditors and unevaluated by the court'") (quoting *Iridium*, 478 F.3d at 461); *In re Seminole Walls & Ceilings Corp.*, 388 B.R. 386, 394 (M.D. Fla. 2008) (submission of settlements for bankruptcy court approval is designed to protect creditors and to permit objective determination that agreement is in best interests of estate); *In re Fortran Printing, Inc.*, 297 B.R. 89, 96 (Bkrtcy. N.D.Ohio 2003) ("The focus of Rule 9019 is to protect other creditors against bad deals made between one creditor and the debtor") (citing *In re Sparks*, 190 B.R. 842, 843 (Bankr. N.D.Ill. 1996)); *In re United Shipping Co.,* 1989 WL 12723 at *5 (Bankr. D.Minn. Feb. 17, 1989)). "The principal reason for requiring court approval is that creditors must be given notice of the agreement and an opportunity to object and the court must independently review the agreement to ensure that it is in the best interests of the estate." *See In re Fortran Printing, Inc.*, 297 B.R. at 96.

4.      Settlement agreements are not enforceable absent court approval pursuant to Bankruptcy Rule 9019. *See In re Masters, Inc.*, 149 B.R. 289, 291-92 (E.D.N.Y. 1992) ("In general, debtors cannot bind their estates to compromises absent bankruptcy court approval . . . and approval can be given only on motion and after 20 days notice to creditors") (citing *Reynolds v. C.I.R.,* 861 F.2d 469, 473 (6th Cir. 1988)); *In re The Leslie Fay Cos., Inc.*, 168 B.R. 294 (Bankr. S.D.N.Y. 1994); *In re Sparks*, 190 B.R. 842 (Bankr. N.D.Ill. 1996); *In re Pugh*, 167 B.R. 251 (Bankr. M.D.Fla. 1994); *In re Rothwell*, 159 B.R. 374 (Bankr. D.Mass. 1993) (relying on *In re Lloyd, Carr and Co.*, 617 F.2d 882, 885 (1st Cir. 1980), a case decided under the Bankruptcy Act and Bankruptcy Rule 9019(a)).

5.      Although settlements are a usual part of the bankruptcy process, "it is essential that every important determination . . . receive the 'informed, independent judgment' of the bankruptcy court." *Protective Committee for Independent Stockholders of TMT Trailer Ferry,*

*Inc. v. Anderson*, 390 U.S. 414, 424 (1968) (quoting *National Surety Co. v. Coriell*, 289 U.S. 426, 436 (1933)). While the Trustee correctly states that this Court <u>may consider</u> opinions of the debtor and the Trustee (Motion at 7, ¶14) (emphasis added), he is requesting that this Court simply replace its own judgment, after full disclosure to all interested parties and an opportunity to be heard, with that of the Trustee and SIPC, who confer behind closed doors. "A bankruptcy judge may not simply accept a trustee's word that the settlement is reasonable, nor may he merely 'rubber stamp' a trustee's proposal." *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 426 (S.D.N.Y. 1993) (citing *In re Energy Cooperative Inc.*, 886 F.2d 921, 924 (7th Cir. 1989)); *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc.*, 390 U.S. at 424 ("There can be no informed and independent judgment as to whether a proposed compromise is fair and equitable until the bankruptcy judge has apprised himself of all facts necessary for an intelligent and objective opinion . . . ."); *see In re Refco Inc.*, 2006 WL 3409088, at *7 (S.D.N.Y. Nov. 16, 2006) (enunciating factors that courts in this Circuit must consider in reaching an educated decision in regards to denying or approving proposed settlement).

6. In determining whether a Rule 9019 motion should be granted, courts in New York generally consider the following factors: "'(1) the probability of success in the litigation; (2) the difficulties associated with the collection; (3) the complexity of litigation, and the attendant expense, inconvenience, and delay; and (4) the paramount interests of the creditors.'" *In re Refco Inc.*, 2006 WL 3409088, at *7 (quoting *In re Prudential Lines, Inc.*, 170 B.R. 222, 246-47 (S.D.N.Y. 1994)). While courts are not required to conduct trials or mini trials prior to approval of a settlement, (*In re Drexel Burham Lambert Group, Inc.*, 134 B.R. 493, 496 (S.D.N.Y. 1991)), courts, nonetheless, still engage in an in-depth analysis of the relevant factors prior to approving a settlement proposal. *See In re Ionosphere Clubs, Inc.*, 156 B.R. at 427

3

(holding that "[t]he record . . . supports the reasoned decision . . . to approve the settlement, for it indicates that <u>the Bankruptcy Court took into account and weighed the factors necessary for the determination of the appropriateness of the settlement</u>") (emphasis added); *Liu v. Silverman (In re Liu)*, 1998 U.S. App. LEXIS 31698, at *3 (2d. Cir. Dec. 18, 1998) (affirming the lower court's decision to approve the settlement because it did so after "two hearings in which it heard and considered all objections thereto and required additional explanation and documentation to be provided by the trustee."); *In re Telcar Group, Inc.*, 363 B.R. 345, 357-58 (E.D.N.Y. 2007) (refusing to approve a settlement in light of raised policy concerns); *In re Remsen Partners, Ltd.*, 294 B.R. 557, 565 (S.D.N.Y. 2003) (refusing to approve settlement because "[a]pplication of the [appropriate] factors shows that the Trustee has not sustained his burden of establishing that the proposed settlement is in the range of reasonableness and in the best interest of the estate and the creditors"). Here, the Trustee is asking this Court to allow him and SIPC to reach secret deals behind closed doors – which deals will never be disclosed to the investors or the Court. Thus, the "paramount interests of the creditors" will be disregarded.

7. Although the Trustee contends that courts in this Circuit, including this Court, "have frequently entered orders establishing settlement procedures similar to the ones sought herein[,]" (Motion at 5, ¶16), he fails to cite a single order granting *carte blanche* settlement authority similar to the type the Trustee seeks here. Neither *In re Quebecor World (USA)*, (Case No. 08-10152) (S.D.N.Y.) (JMP) (Docket No. 748) ("*Quebecor*") nor *In re Enron Corp.* (Case No. 01-16034) (S.D.N.Y) (AJG) (Docket No. 4129) ("*Enron*"), both cited by the Trustee, supports the Trustee's contention that the settlement approval procedures he seeks are the type that courts in this Circuit have ever approved, let alone frequently. The Trustee's request to

4

settle claims up to $10 million without notice to the creditors and up to $20 million without court approval is unprecedented.

8.  In *Quebecor*, the court approved an order permitting the debtor to settle unpaid accounts receivable claims under $500,000 without court approval. However, the debtor did not have unfettered discretion even for claims below half a million dollars. The *Quebecor* Court required consent of the Creditors' Committee, the Ad Hoc Group of Noteholders, and the Administrative Agent for the Debtors' Prepetition Lenders for certain settlements over $200,000. (*Quebecor,* Docket No. 748, at 2, ¶2). The debtor emphasized that the settlement procedures sought were appropriate because they would "only apply where the amount of the debt [was] less than $500,000." (*Quebecor*, Docket No. 706, at 6, ¶20.)

9.  The Trustee also relies on *Enron*. In *Enron,* there was a Creditor's Committee which had to approve the settlements. (*Enron*, Docket No. 4129, Attachment, at 2-3, Protocol 2.1 and at 4, Protocol 3.1.) In addition, notice to the bankruptcy court was required under all circumstances, irrespective of the settlement amount and irrespective of whether Creditor's Committee approval was granted. If the value of the claim to be settled exceeded the defined value threshold and the Creditor's Committee approved the settlement, the debtors were obligated to file "a motion . . . requesting entry of an order approving the settlement agreement." (*Id.* at 4, Protocol 4.1.) If the value was below the specified threshold and the settlement was approved by the Creditor's Committee, the debtor was required to "file . . . a notice of proposed settlement," thereby giving others the ability to file objections to the proposed settlement. (*Id .*at 5, Protocol 4.2.) Lastly, in *Enron*, if the Creditor's Committee did not approve the settlement of a claim, regardless of the amount of the claim, the debtor had to seek approval of the proposed settlement from the bankruptcy court under Rule 9019. (*Id*. at 5, Protocol 4.3.)

5

10. Even approval of a creditors' committee is not sufficient. "[N]otice to the Creditors' Committee does not waive notice to the individual creditors on the service list, nor can a bankruptcy judge eliminate the Rule 9019(a) notice requirements even if he believes that his ultimate approval of the proposed agreement is a virtual certainty." *In re Masters, Inc.*, 149 B.R. 289, 293 (E.D.N.Y. 1992); *In re Taylor*, 59 B.R. 176 ,177 (Bankr. S.D.Tex. 1986) (holding that absent "question of national security," *i.e.*, a bank run, there was no basis to submit settlement for court approval *in camera* without notice to creditors).

11. Here, the Trustee has aligned himself with SIPC, whose interests are adverse to the investors. Yet, he is seeking authority to settle fraudulent transfer actions without disclosure to the investors or to anyone representing their interests. Unlike the procedures approved in *Enron*, which required approval of the Creditors' Committee and either notice or approval of settlements by the bankruptcy court in all circumstances, the Trustee seeks to conceal from the creditor body the terms of virtually all of the avoidance settlements in violation of Rule 9019. Again, there is no creditors' committee in this case and SIPC is the clear adversary of the investors. Hence, SIPC's approval of a settlement is no protection for the investors.

12. The Trustee has already proven that he favors the interests of SIPC over those of the investors when it comes to negotiating avoidance settlements. As indicated in the Motion, the Trustee has been settling avoidance claims together with "direct and related filed Customer Claims." (Motion at 4, ¶9; n. 2.) What we believe the Trustee has done, in order to enrich SIPC at the expense of investors, is settle certain avoidance actions by obtaining a waiver from the investors of their right to SIPC insurance with respect to certain accounts and, in exchange, the Trustee waives his avoidance claims with respect to other accounts. Since SIPC is a third party insurance company, there is no benefit to investors if SIPC is relieved of its obligation to insure a

6

particular customer's account.  On the other hand, if a customer returns funds to the estate, those funds are part of the fund of customer property which is distributed to investors.  Thus, the settlements to which the Trustee has admitted lack the mutuality of obligations that are the hallmark of a setoff in bankruptcy and deprive investors of the distributions which, by law, the Trustee should be working to enhance.[1]

13.  There would be no basis for a court to approve such a settlement, even under the very lenient "lowest point in the range of reasonableness" standard.  *See In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983).  None of the investors are benefited by relieving SIPC of its insurance obligations; to do so at the expense of the fund of customer property is a betrayal of the investors' interests.

14.  Finally, section 105(a) of the Bankruptcy Code does not authorize the Court to ignore Rule 9019.  On the contrary, section 105(a) provides courts with authority to issue orders that are "necessary or appropriate <u>to carry out the provisions</u>" of the Bankruptcy Code, not to violate its provisions.  *See New England Dairies, Inc. v. Dairy Mart Convenience Stores, Inc. (In re Dairy Mart Convenience Stores, Inc.)*, 351 F.3d 86, 92 (2d Cir. 2003) (quoting *United States v. Sutton*, 786 F.2d 1305, 1308 (5th Cir. 1986)) (holding that section 105(a) "'does not authorize the bankruptcy courts to create substantive rights that are otherwise unavailable under applicable law . . . '"); *In re Dairy Mart Convenience Stores, Inc.*, 351 F.3d at 92 (holding that "[b]ecause no other provision of Bankruptcy Code may be successfully invoked . . . , section 105(a) affords . . . no independent relief."); *In re Smart World Technologies, LLC*, 423 F.3d 166, 184 (2d Cir. 2005) (holding that both, bankruptcy court and district court, erred in relying on section 105(a) as basis for granting creditors' proposal of settlement over debtor's objection).

---

[1] If our conclusion is inaccurate, we invite the Trustee to disclose all settlements he has reached, to date, of customer claims against SIPC.

15. None of the factors cited by the Trustee justify granting the Motion. Expedience of the settlement approval process does not justify the risk of abuse. Potential privacy concerns of the settling clawback defendants can be dealt with in other ways.

## CONCLUSION

Based on the foregoing, the BP Clients respectfully request that the Court deny the Motion in its entirety.

November 4, 2010

                              **BECKER & POLIAKOFF LLP**

                              By: /s/ Helen Davis Chaitman

                              45 Broadway
                              New York, New York 10006
                              (212) 599-3322
                              *Attorneys for Becker & Poliakoff LLP*
                              *Clients*