SNR DENTON US LLP  
Carole Neville  
1221 Avenue of the Americas, 25th Floor  
New York, New York 10020  
Tel: (212) 768-6700  
Fax: (212) 768-6800  
carole.neville@snrdenton.com  

Hearing Date: November 10, 2010 @ 10:00 a.m.  
Response Deadline: November 4, 2010  

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------ x
:
SECURITIES INVESTOR :
PROTECTION CORPORATION, :
:
               Plaintiff-Appellant, : SIPA LIQUIDATION
: Adv. Pro. No. 08-01789 (BRL)
    v. :
: (Substantively Consolidated)
BERNARD L. MADOFF INVESTMENT :
SECURITIES LLC, :
:
               Defendant. :
:
------------------------------ x
:
In re: :
:
BERNARD L. MADOFF, :
:
               Debtor. :
:
------------------------------ x

**JOINDER TO OBJECTION TO TRUSTEE'S MOTION
FOR ENTRY OF AN ORDER (I) APPROVING LITIGATION
CASE MANAGEMENT PROCEDURES FOR AVOIDANCE
ACTIONS AND (II) AMENDING GLOBAL PROTECTIVE ORDER**

      Marsha Peshkin, Michael Mann, Barry Weisfeld and the investors represented by

SNR Denton US LLP (the "SNR Denton Customers") join in the objection filed by

Sterling Equities Associates and certain affiliates to the Trustee's Motion for Entry of An

Order (I) Approving Litigation Case Management Procedures for Avoidance Actions and (II) Amending Global Protective Order ( the "Procedures Motion") filed on October 21, 2010 by the Trustee for the liquidation of Bernard L. Madoff Investment Securities LLC.

As the Sterling Customers and others argue, the Procedures Motion is premature for several reasons. First, it proposes to restrict the procedural rights of defendants, who have not been sued and may not yet be parties to or represented in this bankruptcy case, by modifying the applicable litigation rules that affect their rights. Due process requires that these parties have notice and an opportunity to be heard on these procedures. Accordingly, procedure should not be heard and determined until proper notice has been given to the actual defendants.

Second, the Trustee's procedures envision substantial litigation before a ruling from the Second Circuit Court of Appeals on the threshold "net equity" issue. The Second Circuit's ruling may limit the Trustee's right to bring certain avoidance actions. It makes practical sense for the Trustee to wait until the Second Circuit ruling before pursuing thousands of cases on a pre-established timetable. If litigation is stayed until the Second Circuit's ruling (unless the defendant chooses to pursue mediation or some judicial process), the Trustee would still be able to continue discussions with customers to narrow the issues, and/or resolve claims during that period.[1]

---

[1] The Trustee paints a rosier picture of his efforts to resolve claims before bringing litigation than the actual efforts warrant. Some claims reviewers have been helpful. However, often claims have been passed around from lawyer to lawyer within the Trustee's firm, each lawyer seeking the identical information, and none having the authority to resolve a claim beyond very limited parameters. Related claims have been handed off to different lawyers, who can only speak to the claims assigned to them. Other claims are handed off the attorneys who have no expertise whatsoever in claims processing or avoidance matters and cannot address aspects of the claim or the provisions of the Bankruptcy Code or applicable non-bankruptcy law applicable to the claims. The Trustee should focus on more efficient and effective procedures within his firm.

Third, there are a number of issues that were expressly reserved for briefing after the "net equity" issue was briefed that are common to all or a substantial number of customers and that should be determined before cases proceed to trial and/or to mediation on the same issues, where the issue may be resolved differently depending on the mediator. These issues include, but are not limited to, application of section 546(e), state law exemptions from creditors claims (qualified pensions, IRAs, spend thrift trusts and the like), and the entitlement to interest or other adjustment to principal to account for time value of money or present day value and/or credit for taxes paid.

Finally, the proposed procedures themselves require modifications along the lines suggested by the Sterling Customers and others to preserve the right of defendants as envisioned by the applicable Rules.

## CONCLUSION

For the reasons stated herein, the Motion should be denied.

Dated: New York, New York  
November 4, 2010

SNR DENTON US LLP

By: */s/ Carole Neville*  
Carole Neville  
1221 Avenue of the Americas, 25th Floor  
New York, New York 10020  
Tel: (212) 768-6700  
Fax: (212) 768-6800  
carole.neville@snrdenton.com

*Attorneys for the SNR Denton Customers*