## The <u>Revised</u> Avoidance Procedures

**1.    Notice of Applicability:**

    A.    The Avoidance Procedures apply only to Avoidance Actions commenced by the Trustee after the approval of these Avoidance Procedures in which the Trustee <u>or a defendant</u> files in such adversary proceeding a "Notice of Applicability" of these Avoidance Procedures (the form of which is annexed hereto as Exhibit 1).  The Trustee may also file a Notice of Applicability in Adv. Pro. Nos. 10-3222 and 10-3223 pending in the Bankruptcy Court, in which case, the Avoidance Procedures will become applicable to such Avoidance Actions prospectively without extending any dates or deadlines that expired prior to the date such Notice of Applicability is filed.

**2.    Response:**

    <u>A.    Upon the filing of a Complaint and issuance of a Summons and service of both, an Avoidance Action shall be stayed until 30 days after the final resolution by the United States Court of Appeals for the Second Circuit of the proper interpretation of the term, "net equity" ("Stay Lift Date").  *See In re Bernard L. Madoff Inv. Secs. LLC*, No. 10-2378 (2d Cir.).</u>

    <s>A.</s><u>B.</u>    Except as provided below, the defendant(s) shall file and serve an answer or response to the complaint within 60 days from the <s>date of the issuance of the summons</s><u>Stay Lift Date</u> (the "Response Due Date").  Where a defendant is located in a country outside the United States, the time allotted for the Trustee to serve the summons shall be the date that is 120 days after the date of the issuance of the summons and the Response Due Date for such defendant shall be 180 days after the date of the issuance of the summons.

    <s>B.</s><u>C.</u>    No initial pre-trial conference pursuant to Bankruptcy Rule 7016 will be held in the Avoidance Actions and, accordingly, the summons filed and served by the Trustee will not include a date for a pre-trial conference.

    <s>C.</s><u>D.</u>    Upon request by a defendant, the Trustee may agree to <s>up to three</s><u>one or more</u> extensions of the Response Due Date <s>of up to</s> <u>with the extension(s) totaling no more than 3</u><u>9</u>0 days <s>each</s> without further Court order.  A "Notice of Extended Response Due Date" shall be filed in the adversary proceeding by the Trustee memorializing such agreement (whereupon, thereafter, the "Response Due Date" shall be the date set forth in the Notice).

    E.    <u>After the</u> <s>If a</s> defendant files a<u>n Answer or</u> motion under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim (a "Dismissal Motion"), made applicable by Bankruptcy Rule 7012, in response to the complaint, the <s>issues raised in such motion, together with the issues raised</s>

1

         in the complaint, areAvoidance Action shall be immediately referred to mediation; provided, however, that if any party states in writing within 14 days of the filing of the Answer or motion to dismiss that it does not wish to mediate the parties mutually agree that mediation is unlikely to resolve the issues raised by any such Dismissal Motionat the pleading stage, that motionthe Avoidance Action will not be referred to mediation at that time. and, instead, the parties will jointly request in a letter to the Court that the Court hear the motion on such schedule as the Court may determine. If a party brings any dismissal motion other than a motion under Federal Rule of Civil Procedure 12(b)(6), the Court will hear the matter on such schedule as the Court may determine. If the parties choose not to mediate at the pleading stage, the Avoidance Action shall be referred to mandatory mediation at the conclusion of discovery.

F.      If the parties jointly agree in writing (which agreement the Trustee will file in the adversary proceeding) to enter mediation prior to the Response Due Date, the Response Due Date shall be deferred while the mediation is pending. If the mediation does not resolve the Avoidance Action, the Response Due Date shall be the date that is 30 days following the completion of the mediation. A "Notice of Extended Response Due Date" shall be filed in the adversary proceeding by the Trustee upon the termination of mediation setting forth the new Response Due Date (whereupon, thereafter, the "Response Due Date" shall be the date set forth in the Notice).

G.      Except as set forth above, further extensions of the Response Due Date shall not be granted except on motion upon a showing of good cause or by stipulation of the parties.

H.      Within 30 days after a defendant or, if more than one, the first last defendant, files an answer to the complaint, the parties shall meet, either in person or by teleconference, and confer on a mediation, discovery and litigation plan (the "Initial Case Conference"). The parties may agree to alter the deadlines set forth below upon mutual consent. Following the Initial Case Conference, the Trustee shall file with the Court a Case Management Notice (substantially in the form annexed hereto as Exhibit 2) which sets forth the various deadlines that will apply to the proceeding. The parties, upon mutual consent, may agree to alter the dates set forth in the Case Management Notice. Any such modifications shall be the subject of an Amended Case Management Notice which the Trustee shall file with the Court in the adversary proceeding.

I.      At the earliest practicable time after the filing of a significant number of answers and/or motions to dismiss, and in no event later than 120 days from the Stay Lift Date, the Trustee shall meet and confer with counsel for defendants to identify common legal issues raised in the parties' pleadings that may be efficiently resolved through consolidated briefing, as

mandated by the Court's "Order Scheduling Adjudication of 'Net Equity' Issue, dated September 16, 2009.

3. **Filing and Service of Pleadings:**

   A. All pleadings shall be <u>electronically</u> filed with the Court in accordance with Superseding General Order M-399 which is available on the Bankruptcy Court's website: (http://www.nysb.uscourts.gov/).  A copy of such order is also available on the Trustee's website: [(www.madofftrustee.com/_____)][1]

   B. The complaint commencing the adversary proceeding and the summons must be served in accordance with the Bankruptcy Rules, unless the parties agree otherwise.  <u>If a defendant is known by the Trustee to be represented by counsel, the Trustee shall concurrently serve the summons and complaint upon the defendant's counsel.</u>  After a defendant has appeared, service of all pleadings in each Avoidance Action shall be made by email (i) to counsel of record or (ii) on the defendant if proceeding *pro se*.  Except as set forth below with respect to *pro se* litigants, there shall be no obligation to serve paper copies of pleadings other than the complaint commencing the adversary proceeding and the summons.

   C. Parties subject to these Avoidance Procedures who file a pleading with the Bankruptcy Court are not required to serve the Trustee with such pleading and the Trustee will be deemed to have received notice of and been served with such filing via the Court's ECF notification.  If a defendant is appearing *pro se* and is not able to electronically file a pleading with the Bankruptcy Court, that defendant shall so notify the Trustee in writing (Baker & Hostetler LLP, Attention: Marc Hirschfield, 45 Rockefeller Plaza, New York, NY 10111 <u>mhirschfield@bakerlaw.com</u>) and may thereafter serve the Trustee via United States Mail.

   D. Parties subject to these Avoidance Procedures who wish to serve the Trustee with a ~~pleading~~ <u>document</u> not filed with the Bankruptcy Court (such as, for example, discovery requests) shall email such ~~pleading~~ <u>document</u> to Trustee@MadoffLitigation.com and include the Adversary Proceeding number in the subject line of the email.  Compliance with the foregoing shall be deemed effective service on the Trustee.  If a defendant is appearing *pro se* and is not able to serve ~~pleadings~~ <u>documents</u> by email, that defendant shall so notify the Trustee in writing (Baker & Hostetler

---

[1] The actual jump cites to the Trustee's website will be provided at the time the Avoidance Procedures become effective.

3

LLP, Attention: Marc Hirschfield, 45 Rockefeller Plaza, New York, NY 10111) and may thereafter serve the Trustee via United States Mail.

E. Each defendant shall file a notice with the Court, on or before the Response Due Date, specifying the email address(es) for service of pleadings and documents on it. If a defendant is appearing *pro se* and is not able to receive pleadings and documents by email, that defendant shall so notify the Trustee in writing (Baker & Hostetler LLP, Attention: Marc Hirschfield, 45 Rockefeller Plaza, New York, NY 10111) and the Trustee shall thereafter serve such *pro se* defendant via United States Mail at such address as the defendant shall request.

F. In accordance with Local Bankruptcy Rule 9070-1, All parties must send a courtesy copy, in paper form, of all pleadings and documents filed with the Court each motion, pleading or other filing to Judge Lifland at the following address: The Hon. Burton R. Lifland, United States Bankruptcy Court, One Bowling Green, New York, NY 10004-1408. The parties shall not, however, send to Chambers copies of discovery requests other than as a part of, and in connection with, a discovery motion.

4. **Discovery:**

A. The discovery provisions of the Federal Rules of Bankruptcy Procedure and the Court's Local Rules shall govern the discovery to be conducted in the Avoidance Actions, unless otherwise provided herein.

A.B. Unless the parties agree to a different date, the initial disclosures provided by Rule 26(a)(1) of the Federal Rules of Civil Procedure shall be made within the later of (i) 60 days from the date of the Initial Case Conference or (ii) 1890 days from the date the complaint was filed. The parties shall have a continuing obligation to disclose discoverable information as well as to supplement all existing disclosures in accordance with Fed. R. Civ. P. 26(e)(1).

C. The parties Trustee may produce discovery, including initial disclosures, on a CD-ROM, in an electronic data room, or other similar media electronic format. Given the volume of documentation that may be subject to disclosure in this matter, the Trustee may produce a summary report, such as an expert report, and provide access to the underlying documentation on which the summary report relies in an electronic data room or other medium for review by the defendants, provided that such medium is useable and accessible by defendants. Nothing herein shall preclude any defendant from challenging the sufficiency of any summary report on any grounds. Productions and disclosures shall comply with Fed. R. Civ. P. 34(b)(2)(E). With regard to documents produced or made available electronically:

4

        i.      Information and documents disclosed shall be text searchable;

        ii.     Upon request, the Trustee shall provide load files necessary to review documents on search platforms (i.e. Summation, Concordance, Relativity);

        iii.    The Trustee shall produce any system-created or non-privileged captured objective metadata, such as date fields, author fields, custodian fields, path to native file, etc.;

        iv.    To the extent that documents are organized by date, custodian, or subject matter, either because they were so maintained or because the Trustee so organized them, the Trustee shall produce such documents as organized; and

        v.     Nothing herein shall preclude the parties from requesting additional formats of production, metadata, or native documents.

C.D.   Notwithstanding the Protective Order dated February 16, 2010 (Docket No. 1951) (the "Global Protective Order"), materials containing nonpublic personal information and/or sensitive financial information, including, without limitation, CONFIDENTIAL Account Materials (as defined in the Global Protective Order) may be designated by the Trustee as "Professionals' Eyes Only."  The Trustee will provide access to such CONFIDENTIAL Account Material only to attorneys of record in one or more Avoidance Actions and other professionals working with that attorney on such Avoidance Action(s) provided that the attorney and/or the other professional executes a Non-Disclosure Agreement (a "NDA") in substantially the form attached hereto as Exhibit 3. Copies of the Global Protective Order and NDA are available on the Trustee's website: [(http://www.madofftrustee.com/_____).] Nothing herein or in the Global Protective Order shall prevent any defendant from sharing CONFIDENTIAL Account Material pertaining to the defendant with other defendants in other Avoidance Actions, with accounting, financial, or other consultants, or as deemed appropriate by the defendant to whom the CONFIDENTIAL Account Material relates.

D.E.   In the event of a discovery dispute between the parties, the parties shall meet and confer in an attempt to resolve the dispute.  If not resolved, the parties shall comply with Local Bankruptcy Rule 7007-1 with respect to resolution of the dispute.

5

E.F.    Unless the parties agree to a different schedule, all fact discovery in an Avoidance Action shall be completed within 210 days after the Initial Case Conference. No further fact discovery shall be conducted after that date absent order of the Court upon a showing of good cause.

F.G.    ~~Unless the parties agree to a broader scope, absent further order of the Court upon a showing of good cause, discovery will be limited solely and specifically to~~In accordance with Fed. R. Civ. P. 26(b)(1), the parties may obtain discovery regarding any nonprivileged matter relevant to any party's claims or defenses.  Such discovery may include, but is not limited to, information relating to: (a) the calculation of net equity for the defendant's BLMIS account; (b) the ~~insolvency~~ financial condition of BLMIS and its affiliates at all relevant times; (c) the activities of BLMIS and its affiliates, including both fraudulent conduct and legitimate operations~~fraud attributable to Madoff and BLMIS, including the Ponzi scheme~~; (d) the defendant's account documents and customer correspondence and interactions with BLMIS, its employees, agents and other investors or customers; (e) the internal records of BLMIS and its affiliates; (f) transfers of money by and among BLMIS and its affiliates; (~~e~~g) the defendant's good faith or lack thereof, including issues related to the defendant's actual or constructive notice of fraudulent activity by BLMIS or anyone acting on its behalf; ~~and~~ (h) disclosures made by BLMIS and its affiliates under federal and/or state laws, such as disclosures to the SEC or SIPC; and (i~~f~~) the identity of other persons or entities that may be liable for the transfers at issue, whether as subsequent transferees or for some other reason.

G.H.    The parties may take depositions of fact witnesses during the period for fact discovery after initial disclosures have been made.  The Trustee shall voluntarily, and without being served with a Fed. R. Bankr. P. 9016 subpoena, make his financial professionals and experts available for depositions and may coordinate such depositions in multiple Avoidance Actions to maximize efficiency and use of resources.  ~~Depositions of the Trustee are prohibited absent an order issued by this Court upon a showing of good cause.[2]~~The Trustee shall notify all interested parties of the proposed date, time, and location of any depositions to be coordinated in multiple Avoidance Actions.  To the extent a deposition is so coordinated, the limitations set forth in Fed. R. Civ. P. 30(d)(1) shall not apply, and the parties shall agree upon an appropriate duration for the deposition.

---

[2] ~~Because the Trustee has no personal information regarding the facts and circumstances of the transfers from BLMIS to the defendants, all of which occurred prior to his appointment as Trustee, and any information that the Trustee does have is the result of privileged communications with his attorneys, the Trustee submits that he does not personally possess any discoverable information and accordingly, a deposition of him would serve no purpose.~~

6

H.I.  Notwithstanding Local Bankruptcy Rule 7033-1(b), the parties are permitted to serve substantive interrogatories at any time prior to the date which is 90 days prior to the completion of fact discovery. Unless the parties otherwise agree or the Court otherwise orders upon a showing of good cause, each party will be limited to propounding no more than 25 interrogatories (inclusive of subparts).

I.J.  Unless the parties agree otherwise, Bankruptcy Rule 7026(a)(2) disclosures of the experts o~~r~~n any issue ~~on which the~~a party must prove in connection with a claim or defense ~~has the initial burden to proof, if any,~~ shall be made within 60 days after the deadline for completion of fact discovery.

J.K.  Unless the parties agree otherwise, Bankruptcy Rule 7026(a)(2) disclosures of the parties' rebuttal experts, if any, shall be made within 90 days after the deadline for completion of fact discovery or 30 days after receipt of the other party's corresponding expert report, whichever is later.

K.L.  Unless the parties agree otherwise, all expert discovery shall be concluded within 180 days after the deadline for completion of fact discovery.

L.M.  To the extent that the Trustee proffers an expert witness on an issue that is common to more than one Avoidance Action, the Trustee may coordinate such deposition in multiple Avoidance Actions to maximize efficiency and use of resources. The Trustee shall notify all interested parties of the proposed date, time, and location of the deposition. To the extent a deposition is coordinated in multiple Avoidance Actions, the limitations set forth in Fed. R. Civ. P. 30(d)(1) shall not apply, and the parties shall agree upon an appropriate duration for the deposition.

M.N.  All depositions of the Trustee's fact and expert witnesses shall occur at the offices of Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, NY 10111, or such other location as the Trustee may agree. Depositions of other parties' expert and fact witnesses shall occur at such place as the parties shall mutually agree.

N.O.  Any party seeking to make a discovery-related motion shall comply with Local Bankruptcy Rule 7007-1.

O.P.  Except as specifically set forth in these Avoidance Procedures, the Global Protective Order shall apply to all ~~discovery~~ documents or information designated CONFIDENTIAL Material ~~in the Adversary Proceedings~~, as that term is defined in ~~. A copy of~~ the Global Protective Order, ~~is~~ available on the Trustee's website: [(www.madofftrustee.com/_____)]. Notwithstanding the applicability of the Global Protective Order, nothing therein or herein shall prevent any defendant from sharing CONFIDENTIAL Material with codefendants or defendants named in

7

        other Avoidance Actions, or with accounting, financial, or other consultants retained in the litigation, provided that such persons have signed the NDA.

**5.**     **Mediation Procedures:**

    A.     ~~All of the Avoidance Actions are referred to mandatory mediation. Except as set forth above or unless the parties opt for mediation at an earlier stage of the litigation, each Avoidance Action shall be referred to mediation upon the completion of discovery.~~ The Trustee shall file in the adversary proceeding a "Notice of Mediation Referral" at the time the ~~litigation is being referred to mediation~~ <u>Avoidance Action is referred to mediation as provided below and in Section 2(E) above</u>.

    B.     Except as is set forth herein, the mediation shall be conducted in accordance with ~~the General~~ Order ~~Amending~~ M-390 (the "Mediation Order") which is available on the Bankruptcy Court's website: (http://www.nysb.uscourts.gov/). A copy of such order is also available on the Trustee's website: [(www.madofftrustee.com/_____)].

    C.     Within 14 calendar days after the filing of the Notice of Mediation Referral, the defendant shall (i) choose one of the mediators (each a "Mediator", collectively, the "Mediators") from the list of proposed Mediators annexed hereto as Exhibit 4 (the "Mediator List")[3] and (ii) file a "Notice of Mediator Selection" with the Court. If a defendant does not timely choose a Mediator from the Mediator List or fails to timely file the Notice of Mediator Selection in the adversary proceeding, the Trustee shall choose a Mediator from the Mediator List and file the Notice of Mediator Selection with the Court. By mutual agreement, the Trustee and defendant may select a mediator not on the Mediator List ~~or request that the Court appoint a judicial mediator~~. <u>In the event that the parties cannot agree on a Mediator, any party may request that the Court appoint a mediator not on the Mediator List from the Registrar of Mediators maintained by the Clerk of the Bankruptcy Court for the Southern District of New York.</u> The Trustee may revise the Mediator List from time to time as may be appropriate. A copy of the Mediator List, as updated from time to time, is available on the Trustee's website: [(www.madofftrustee.com/_____)].

---

[3] Each of the Mediators set forth on the Mediator List is a mediator appearing on the Registrar of Mediators maintained by the Clerk of Bankruptcy Court for the Southern District of New York. <u>The Trustee represents that, after reasonable inquiry, he is satisfied that none of the Mediators is subject to disqualification under Section 2.3 of the Mediation Order.</u>

D. Promptly after the filing of the Notice of Mediator Selection, the Trustee and Defendant's counsel (or the Defendant if appearing *pro se*) shall jointly contact the selected Mediator to discuss the mediation.

E. The parties shall exchange position statements, which may not exceed twenty pages double-spaced in 12 point type (exclusive of exhibits and schedules), at least 10 days prior to the scheduled mediation. The Mediator may also require the parties to provide to the Mediator any relevant papers and exhibits, and a settlement proposal.

F. All mediations must be concluded within 120 days of the date of the Notice of Mediator Selection, which deadline may be extended by the mutual consent of the parties to the mediation and the Mediator.

G. The parties shall participate in the mediation in good faith and with a view toward reaching a consensual resolution. The mediation(s) shall be attended by a representative for each of the ~~defendants~~ parties with full settlement authority and, if a defendant is represented, their counsel, as well as counsel for the Trustee. To the extent the Trustee needs to obtain settlement authority from SIPC or anyone else, the Trustee shall obtain such settlement authority prior to the mediation, and such authority shall be communicated to the Trustee's representatives attending the mediation. If the defendant resides more than 25 miles outside of New York City, the mediation will be held at a location within 25 miles of the defendant's residence or the defendant will be permitted to attend the mediation by phone. If the defendant is unable to attend the mediation in person or by phone due to advanced age or poor health, the mediation may be attended by defendant's counsel with settlement authority.

H. In mediations where the allegedly avoidable transactions total ~~amount sought in the complaint is~~ $20 million or less, the Trustee shall pay, upon the defendant's written request to the Trustee, the fees and reasonable expenses of the Mediator. Fees and expenses in all other mediations will be apportioned as set forth in the Mediation Order, unless otherwise agreed by the parties.

I. No Mediator shall mediate a case in which he/she or his/her law firm currently represents a party with respect to the BLMIS proceeding without the prior written consent of all parties to the mediation. Prior to accepting an Avoidance Action for mediation, the Mediator shall disclose to the parties any such representations. If a Mediator's law firm represents any defendant in the Avoidance Actions or other avoidance actions brought by the Trustee, then (a) the Mediator shall not personally participate in the representation of that defendant and (b) the Mediator's law firm shall impose an ethical wall which ensures that the Mediator will not have access to the defendant's file and/or communicate about the defendant's case or the mediation with anyone working on the defendant's case. The

9

Mediator's participation in mediation pursuant to the Avoidance Procedures shall not create a conflict of interest with respect to the representation of such defendant by the Mediator's law firm.

**6.    Motion Practice:**

A.    Prior to the close of discovery, no motions may be made without the Court's prior approval, which may be sought, on notice to other parties to the action, by letter to the Court; provided, however, that (i) motions for default judgment may be made without the Court's prior approval;, and (ii) routine procedural motions (e.g., motions to intervene or to amend a pleading) may be made without the Court's prior approval only if the moving party obtains the consent of all other parties to the Avoidance aAction; (iii) motions to dismiss may be made without the Court's prior approval; (iv) motions to transfer or withdraw the reference may be made without the Court's prior approval; (v) motions to compel or for a protective order may be made without the Court's prior approval (but the movant must comply with Local Bankruptcy Rule 7007-1); (vi) motions to stay may be made without the Court's prior approval; and (vii) motions for summary judgment may be made without the Court's prior approval (but the movant must comply with Local Bankruptcy Rule 7056-1). Notwithstanding anything contained herein to the contrary, a letter request for a pre-motion conference with the Court shall be sufficient to be deemed compliant with the requisite time period for the motion or answer.

~~Any party seeking to file a summary judgment motion shall comply with Local Bankruptcy Rule 7056-1.~~

C.B.    All matters concerning any Avoidance Action shall, barring exigent circumstances, only be heard on an omnibus hearing date before the Honorable Burton R. Lifland (collectively, the "Avoidance Action Omnibus Hearings"). The initial Avoidance Actions Omnibus Hearing shall be held on January 26, 2011, February 16, 2011, March 23, 2011, April 27, 2011, May 25, 2011 and June 29, 2011.  Thereafter, Avoidance Actions Omnibus Hearings shall be scheduled approximately every thirty (30) days at the convenience of the Court.  The Trustee shall file and serve notices of the scheduling of the Omnibus Hearings in the Avoidance Actions and post the scheduled dates on the Trustee's website.

D.C.    The Trustee shall file a report in the main SIPA proceeding (Adv. Pro. No. 08-01789) at least one week prior to each Avoidance Action Omnibus Hearing setting forth the status of each of the Avoidance Actions scheduled to be heard at the Avoidance Action Omnibus Hearing.  The Trustee shall also deliver a copy of the report to Judge Lifland's Chambers and serve each of the applicable defendants.

10

7. **Pre-trial Conference / Trial:**

   A. After all discovery has been completed and after the completion of mediation without a settlement, the parties to the Avoidance Action shall so inform the Court at the next scheduled Avoidance Actions Omnibus Hearing. At such time, the Court will address any additional issues, set additional deadlines, if necessary, establish a due date by which the parties must file a joint pre-trial order, and schedule a trial. <u>The parties to an Avoidance Action in which discovery has been completed need not await the completion of discovery in all Avoidance Actions before scheduling trial.</u>

8. **Miscellaneous:**

   A. These Avoidance Procedures shall control with respect to the Avoidance Actions to the extent of any conflict with other applicable rules and orders.

   B. Nothing herein shall prevent the parties to any Avoidance Action from voluntarily exchanging information or engaging in settlement discussions at any time; provided, however, that any such voluntary exchange of information shall in no way be construed as a waiver of any of the requirements or limitations contained in these Avoidance Procedures.

   C. Noncompliance with the Avoidance Procedures may result in such sanctions as the Court deems appropriate on the non-complying party after notice and a hearing.

   D. The Trustee shall serve a copy of the Order approving these Avoidance Procedures on each defendant in the Avoidance Action at the time he serves the summons and complaint.

   E. The Trustee shall post and maintain a copy of these Avoidance Procedures (together with any amendments or modifications thereto) on his website: [(www.madofftrustee.com/_____)].