Allan R. Hurwitz, Trustee
TRUST "A" U/W G HURWITZ
10609 Alloway Drive
Potomac, MD 20854-1664
Telephone: (301) 983-8933
Facsimile: (240) 465-0548
Email: allan@erols.com



RECEIVED NOV - 5 2010 U.S. BANKRUPTCY COURT, SDNY

*Trustee for Trust "A" U/W G Hurwitz*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff,<br><br>V.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation |

### OBJECTION TO TRUSTEE'S REVISED DETERMINATION OF CLAIM

Trust "A" U/W G Hurwitz ("Trust A"), by an through its Trustee, hereby objects to the Notice of Trustee's Revised Determination of Claim dated October 8, 2010 ("Revised Determination of Claim Letter") as described herein.

#### BACKGROUND

1. Trust A is a "Customer," as defined by the Securities Investor Protection Act of 1970 (SIPA), of Bernard L. Madoff Investment Securities, LLC ("BLMIS").

2. The final BLMIS statement Trust A received for its Account Number 1-H0097, dated November 30, 2008, shows that it owns securities valued at $1,272,834.83 ("Final BLMIS Statement").

*TCO 358,675,995v2 11-3-10*

3. The above captioned liquidation proceeding was commenced against BLMIS on December 11, 2008. Irving Picard was appointed Trustee ("BLMIS Trustee"). He was charged with overseeing the liquidation of BLMIS and processing customer claims pursuant to SIPA. Thereafter, on December 23, 2008, an Order was issued by the Court directing the BLMIS Trustee to distribute notice and claim forms to customers of BLMIS and also to set claim filing deadlines. The BLMIS Trustee, pursuant to the Court Order, so distributed such notice and forms to BLMIS's customers.

4. The order of December 23, 2008 also provided that to the extent that the BLMIS Trustee disagrees with the amount stated on the claim form, the BLMIS Trustee "shall notify such claimant by mail of his determination the claim is disallowed, in whole or in part, and the reason therefor ...".

5. Trust A submitted its claim form for Account Number 1-H0097 to SIPC on or about January 11, 2009 ("Trust A Customer Claim"). The Final BLMIS Statement was attached to the submission of the Trust A Customer Claim.

6. The BLMIS Trustee informed Trust A by that certain Notice of Trustee's Determination of Claim dated October 19, 2009 (the "Determination of Claim Letter") that he "DENIED" the claim for $1,272,834.83 made in the Trust A Customer Claim in its entirety.

7. On November 17, 2009, Trust A filed its objection to the Determination of Claim Letter (the "Objection to the Determination of Claim Letter"). See Docket No. 920.

8. Later, the BLMIS Trustee informed Trust A by his Revised Determination of Claim Letter dated October 8, 2010 that he still "DENIED" the claim for $1,272,834.83 made in the Trust A Customer Claim in its entirety, but asserted a revised deposit and adjusted overdrawn balance total.

TCO 358,675,995v2 11-3-10

9. Trust A hereby objects to the Revised Determination of Claim Letter for the reasons below stated.

## GROUNDS FOR OBJECTION

10. Trust A incorporates its Objection to the Determination of Claim Letter and accompanying exhibits by reference.

11. Trust A hereby makes the same objections made in the "Objection to Trustee's Determination of Claim" filed by Michael Silverstein and Sandra Silverstein J/T WROS through their attorneys dated October 28, 2009, signed by Jonathan M. Landers.

12. Trust A hereby makes the same objections made in the Sixth, Seventh and Eighth Objections (paragraphs 15, 16 & 17) of the "Objection to Trustee's Determination of Claim" filed by Onesco International Ltd. through their attorneys dated November 10, 2009, signed by Jonathan M. Landers.

13. Trust A hereby makes the same objections made in Objections "E" and "G" (paragraphs 26 through 30) of the "Objection to Trustee's Determination of Claim" filed by Donald A. Benjamin through his attorneys dated September 1, 2009, signed by Helen Davis Chaitman.

### Relief Requested

14. For the reasons stated herein, the Trust A Customer Claim should be allowed in its entirety.

15. For the reasons stated herein, the Court should direct SIPC to immediately issue payment of $500,000 plus interest from the date of the Determination of Claim Letter to Trust A without imposing any conditions to payment that are not authorized or warranted.

16. The BLMIS Trustee's determination amounts to improper disallowance of a claim that has prima facie validity. See Bankruptcy Code § 502(a). The BLMIS Trustee has offered no

- 3 -

TCO 358,675,995v2 11-3-10

factual or legal basis for his determination. The BLMIS Trustee's Determination of Claim Letter, and Revised Determination of Claim Letter, and the objections contained therein, should be stricken or, alternatively, the BLMIS Trustee should describe his position in detail including all relevant facts, legal theories, and authorities. Upon the filing of such a statement, this matter will be a contested proceeding under Rule 9014, and Trust A will file a further response.

17. Any hearing and ruling on the Trust A Customer Claim, the Determination of Claim Letter, the Objection to the Determination of Claim Letter, the Revised Determination of Claim Letter, and this Objection to the Revised Determination of Claim Letter should be postponed until until after all appeals of the "Net Equity" issue have been made and ruled upon.

18. Trust A requests such other relief as may be just and equitable.

## RESERVATION OF RIGHTS

19. Trust A reserves the right to revise, supplement or amend this Objection to the Revised Determination of Claim Letter, and any failure to object on a particular ground or grounds shall not be construed as a waiver of Trust A's right to object on any additional grounds.

20. Trust A reserves all rights set forth in Rule 9014, including, without limitation, rights of discovery. See Fed. R. Bankr. P. 9014.

21. Trust A reserves all objections as to the competence, relevance, materiality, privilege or admissibility of still evidence in any subsequent proceeding or trial of this or any other action for any purpose whatsoever.

Dated: November 4, 2010

S/ Allan R. Hurwitz
Allan R. Hurwitz, Trustee
Trust "A" U/W G Hurwitz

TCO 358,675,995v2 11-3-10