UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

## ORDER GRANTING TRUSTEE'S MOTION FOR AN ORDER ESTABLISHING PROCEDURES FOR THE ASSIGNMENT OF ALLOWED CLAIMS

Upon the motion dated October 21, 2010 (the "Motion") of Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC, under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"), and the substantively consolidated estate of Bernard L. Madoff, seeking entry of an order establishing procedures for the assignment of allowed claims [Dkt. No. 3057], and due and proper notice having been given under the circumstances of this case, and it appearing that no other or further notice need be provided; and the Court having conducted a hearing on the Motion at which all parties in interest had an opportunity to present their respective positions; and the Court having found and determined that the relief sought in the Motion is in the best

interests of the estate and other parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the Motion having been overruled or withdrawn; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED:

1.      The Motion is granted.

2.      The Claims Trading Procedures, as defined in the Motion, and as modified as set forth below, are approved effective October 21, 2010 ("Effective Date").

3.      <u>Claim Transfer</u>. The transferor and transferee shall complete, sign and date the "Transfer of Allowed Claim" and "Assignment" (collectively referred to hereinafter as the, "Transfer Form"), a copy of which is attached as <u>Schedule 1</u> to this Order.  The completed, signed and dated Transfer Form shall constitute evidence of the Claim Transfer.

4.      The transferee or the transferee's agent shall deliver evidence of the Claim Transfer to the Trustee's Claims Processing Center, c/o AlixPartners LLP ("AlixPartners"), 2101 Cedar Springs Road, Suite 1100, Dallas, Texas 75201, attention:  John S. Franks.

5.      AlixPartners shall have the right to request and obtain additional information from the transferee or transferee's agent to the extent that AlixPartners determines that the evidence of the Claim Transfer that has been furnished is ambiguous or deficient.  If AlixPartners determines that the furnished information is ambiguous or deficient, AlixPartners must notify the transferee or transferee's agent, in writing, with a copy to the transferor, of the specific information requested and give the transferee ten (10) business days to furnish the information, (and AlixPartners shall have discretion to extend such time period).  If AlixPartners does not timely receive complete and satisfactory information, as requested, from the purported transferee, the transfer shall be deemed invalid and unenforceable (without prejudice to a transferee's renewed

delivery of evidence of the claim transfer together with such additional information as previously requested by AlixPartners). In such circumstances, without further notice or a hearing, the transferor would be deemed to be the holder of the claim for all purposes, including receiving any distribution on such claim.

6.     <u>Notice of Transfer of Allowed Claim</u>. If AlixPartners receives satisfactory evidence of the Claim Transfer from the transferee or transferee's agent, within five (5) business days thereafter, AlixPartners shall send the transferor, with a copy to the transferee or transferee's agent, a notice of transfer substantially conforming to the form attached as <u>Schedule 2</u> to this Order ("Notice of Transfer"), together with a copy of the Claim Transfer received from the transferee. AlixPartners also shall promptly file with the Clerk of the Court a certificate of service that redacts any information identifying the transferor and the transferor's claim. AlixPartners shall retain an unredacted copy of the certificate of service with the Trustee's records maintained by AlixPartners.

7.     The Notice of Transfer shall notify the transferor that the transferor has twenty-one (21) days from the date of the Notice of Transfer to object to the transfer by preparing a written objection to the transfer and explaining the reasons for the objection ("Objection").

8.     If no Objection is timely filed and served, after expiration of the 21-day notice period, the transferee shall be substituted for the transferor with respect to the transferred claim and shall receive all distributions made on account of the claim from any source.

9.     If the transferor or transferee contends that an error in the notice procedures has been made by AlixPartners, the party contending that an error has been made must notify AlixPartners, in writing, with a copy to the transferor or transferee, as applicable, and describe the alleged error. If AlixPartners agrees that an error in the notice procedures has been made, AlixPartners must rectify the error by providing the Notice of Transfer in accordance with these

procedures. The claim transfer will not be complete and final until the requisite Notice of Transfer has been given.

10. <u>Objection to Claim Transfer.</u> If the transferor objects to the Claim Transfer ("Contested Transfer"), the transferor shall file the Objection with the Clerk of the Court and serve a copy of the Objection upon (a) AlixPartners to the attention of John S. Franks at the address indicated in paragraph 4 of this Order, and (b) the transferee at the address indicated in the Transfer Form. The transferor also shall file with the Clerk of the Court and serve upon the aforementioned persons in this paragraph 10 a certificate of service of the Objection.

11. <u>Notice of Hearing.</u> If an Objection is timely filed and served, the transferee of the Contested Transfer or the transferee's agent shall contact the Clerk of the Bankruptcy Court and request that the Court fix a hearing date that is at least thirty (30) days following the date of service of the Objection upon the transferee ("Hearing Date"). Upon obtaining the Hearing Date from the Court, the transferee or the transferee's agent shall file a Notice of Hearing, which Notice shall (a) specify the Hearing Date, and (b) identify the Contested Transfer by (i) claim number and amount; (ii) date of the purported transfer; (iii) transferor and transferee, and (iv) docket entry number of each Objection that will come before the Court during the hearing, and (c) serve a copy of the Notice of Hearing upon the following;

- Trustee's claims agent:

  Irving H. Picard, Trustee
  Claims Processing Center
  c/o AlixPartners
  2101 Cedar Springs Road
  Suite 1100
  Dallas, Texas 75201
  Attention: John S. Franks

- Transferor of the transferred claim at the address indicated in the Claim Transfer; and (d) file with the Clerk of the Bankruptcy Court and serve upon the aforementioned persons a certificate of service of the Notice of Hearing.

12.     The Notice of Hearing shall be in lieu of a motion to bring the Contested Transfer before the Court.

13.     The transfer of a claim will not be valid and enforceable until the Contested Transfer is resolved by Court order, unless the Objection is withdrawn or settled with Court approval.

14.     <u>Interim Distributions to Incomplete and Contested Transfers</u>. The Trustee is authorized to refuse to honor any Contested Transfer or any claim transfer that is incomplete ("Incomplete Transfer") at the time an order has been entered upon a motion by the Trustee for approval of an allocation of customer property and an interim distribution to Allowed Claims, including the Allowed Claims of transferees that have been transferred in accordance with the Claims Trading Procedures ("Interim Distribution Order"). Any transfer occurring after that date, or any Contested or Incomplete Transfer as of that date, will be considered at the time of the Trustee's next interim distribution.  No interim distribution shall be made to claimants of unresolved Incomplete Transfers or Contested Transfers.

15.     The Trustee, in his discretion, may elect to (a) include Incomplete or Contested Transfers that are pending in the motion seeking entry of an Interim Distribution Order, provided that no interim distribution shall be made to claimants of Incomplete or Contested Transfers unless, at the time that the Trustee mails the interim distribution payments to Allowed Claims, the Incomplete and Contested Transfers have been resolved, as set forth in the Motion; or (b) file a separate motion with respect to interim distributions to Incomplete or Contested Transfers.

16.     <u>No Partial Transfers of Claims Permitted</u>.  A transferor must transfer the entire allowed amount of the claim with no reduction for any prior payment made by the Trustee from a SIPC advance.  Any transfer that purports to transfer only part of an allowed claim, whether expressed by percentage or dollar amount, including a purported transfer of an Allowed Claim that, in contravention of the procedures, deducts the amount of a prior payment made by the

Trustee to the claimant, shall be invalid and unenforceable. In such circumstances, the transferor shall be deemed to be the holder of the claim for all purposes, including with respect to receiving distributions on such claim from any source.

17.    Any transfer of an Allowed Claim that was completed before the Effective Date and purports to have transferred less than the full amount of such Claim is invalid. As to any such transferred claim, the transferor and transferee must comply with the Claims Trading Procedures.

18.    Any payment made by the Trustee on account of an Allowed Claim, including with funds advanced by SIPC, shall be paid to the owner of such Allowed Claim as of the date that payment is made.

19.    The Claims Trading Procedures apply to any transfer of an Allowed Claim from and after the Effective Date.

20.    The Claims Trading Procedures also apply in the following circumstances:

a)    If, prior to the Effective Date, the transferor and transferee entered into a written agreement to transfer a claim, but the transferee had not submitted to the Clerk of the Court as of the Effective Date evidence of the transfer of the claim, the transferee must submit evidence of the transfer of the claim to AlixPartners. The evidence of the transfer need not strictly conform to the Transfer Form but should include in substance the information called for in the Transfer Form. AlixPartners shall have the right to request and obtain additional information from the transferee to the extent that it determines that the evidence of the transfer of the claim that has been furnished is ambiguous or deficient, as compared with the Transfer Form, or to confirm that the amount transferred has not been reduced by the amount of any prior payment by the Trustee to the claimant. If AlixPartners wants additional information, it must notify the transferee, in writing, with a copy to the transferor, of the specific information requested and give the transferee ten (10) business days to furnish the information. If

AlixPartners timely receives all requisite information, it shall issue the Notice of Transfer to the transferor, and the Claims Trading Procedures shall be followed in all respects from that point forward. If AlixPartners does not timely receive complete and satisfactory information, as requested, from the purported transferee, the transfer shall be deemed invalid and unenforceable. In such circumstances, without further notice or a hearing, the transferor would be deemed to be the holder of the claim for all purposes, including receiving any distribution on such claim.

   b)    If, prior to the Effective Date, the transferee of a transferred claim has filed with the Clerk of the Court evidence of the transfer of the claim, but the Clerk has not given notice to the transferor of the opportunity to object, the transferee must notify AlixPartners of the Bankruptcy Court's docket entry for the evidence of transfer that the transferee filed. The evidence of the transfer need not strictly conform to the Transfer Form but must include in substance the information called for in the Transfer Form. AlixPartners shall have the right to request and obtain additional information from the transferee to the extent that it determines that the evidence of the transfer of the claim that has been furnished is ambiguous or deficient, as compared with the Transfer Form, or to confirm that the amount transferred has not been reduced by the amount of any prior payment made by the Trustee. If AlixPartners wants additional information, it must notify the transferee, in writing, with a copy to the transferor, of the specific information requested and give the transferee ten (10) business days to furnish the information. If AlixPartners timely receives all requisite information, it shall issue the Notice of Transfer to the transferor, and the Claims Trading Procedures shall be followed in all respects from that point forward. If AlixPartners does not timely receive complete and satisfactory information, as requested, from the purported transferee, the transfer shall be deemed invalid and unenforceable. In such circumstances, without further notice or a hearing, the transferor would be deemed to be the holder of the claim for all purposes, including receiving any distribution on such claim.

21.    The Claims Trading Procedures do not apply if prior to the Effective Date, the following notice and hearing procedures have been completed:  (a) the transferee had filed with the Court evidence of the transfer of the claim that substantially conforms to the Transfer Form, (b) the Clerk of the Court or the transferee had given at least 21 days' advance written notice to the transferor of the opportunity to object, (c) the transferee had provided the Trustee with a certificate of service with respect to such notice, (d) the amount of the transferred claim had not been reduced by the amount of a prior payment made by the Trustee to the claimant; and (e) the 21-day notice period had elapsed with no objection having been filed.  In such circumstances, the transferee effectively has been substituted for the transferor with respect to the transferred claim.

22.    The Claims Trading Procedures apply to any purportedly transferred claim that had been improperly reduced by the amount of any prior payment made by the Trustee on account of such Allowed Claim from a SIPC advance.

23.    Any payment made by the Trustee on account of an Allowed Claim, including with funds advanced by SIPC, shall be paid to the owner of such Allowed Claim as of the date that payment is made.


24.    Any transferee of a claim that the Trustee has denied or has not yet determined who wishes to have the transfer reflected in the official records maintained by the Trustee's claims agent for notice purposes must provide written notice of the transfer to AlixPartners at 2101 Cedar Springs Road, Suite 1100, Dallas, Texas 75201, substantially in compliance with Schedules 1 and 2 of this Order.  Notifying AlixPartners of the transfer of a claim that the Trustee has denied or has not yet determined will not (a) reverse the Trustee's prior determination of such claim, (b) have any impact whatsoever on the Trustee's later determination of the claim, or (c) give the transferor or transferee any additional rights with respect to such claim.

25.    Neither the transferor nor the transferee of a transferred claim may waive

compliance with the Claims Trading Procedures approved by this Order.


Dated:    New York, New York                        /s/Burton R. Lifland_____
          November 10, 2010                         HONORABLE BURTON R. LIFLAND
                                                     UNITED STATES BANKRUPTCY JUDGE