SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022-6069
Telephone: (212) 848-4000
Facsimile: (212) 848-7179
sfishbein@shearman.com

*Attorneys for the Ruth Shapiro Trust U/D/T 4/9/03*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------ x
                                     :

SECURITIES INVESTOR             :
PROTECTION CORPORATION,   :
                                      :
              Plaintiff,        : SIPA LIQUIDATION
                                      : (Substantively Consolidated)
    v.                          : Adv. Pro. No. 08-01789 (BRL)
                                     :
BERNARD L. MADOFF INVESTMENT :
SECURITIES LLC,                    :
                                     :
             Defendant.       :
                                     :
------------------------------ x
                                   :
In re:                              : Bankr. Case No. 08-01789 (BRL)
                                   :
BERNARD L. MADOFF,           :
                                   :
             Debtor.          :
                                   :
------------------------------ x

### **OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM**

The Ruth Shapiro Trust U/D/T 4/9/03(the "Customer") hereby objects to the Notice of

Trustee's Determination of Claim (the "Determination") dated October 15, 2010.

**BACKGROUND**

1.      On or about June 25, 2009, the Customer filed a customer claim, with supporting documents (together, the "Claim"), which the Trustee in this matter (the "Trustee") has designated as Claim No. 011465.  The Claim is incorporated herein by reference.

2.      On or about October 15, 2010, the Trustee mailed the Determination to the Customer, which denied the Claim in its entirety.  The Determination explains the Trustee's position regarding the Customer's "net equity" and the transfer of funds among accounts, but does not otherwise offer a basis for the denial of the Claim in full.

3.      On September 16, 2009, this Court issued an "Order Scheduling Adjudication of 'Net Equity' Issue" (the "Net Equity Scheduling Order").  The Net Equity Scheduling Order states that "The Trustee and Interested Parties shall reserve all rights, claims, and defenses as to any issues and/or arguments not resolved by the Court in connection with the briefing described herein on the Net Equity Issue."  The Net Equity Scheduling Order further directs the Trustee to confer with counsel regarding other issues that should be the subject of separate scheduling orders.

4.      In accordance with the Net Equity Scheduling Order, the Net Equity Issue was briefed and argued before the Court. On March 1, 2010, this Court issued a memorandum decision affirming the Trustee's method for determining customers' net equity.  With respect to this decision, the Determination states:

> On March 1, 2010, the United States Bankruptcy Court for the Southern District of New York (Lifland, J.) issued a decision which affirmed the Trustee's Net Investment Method for determining customer claims. The final resolution of this issue is expected to be determined on appeal.
>
> Should a final and unappealable court order determine that the Trustee is incorrect in his interpretation of 'net equity' and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will

2

apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by you in having your customer claim re-determined in accordance with any such Court order.

5. The March 1, 2010 decision is currently on appeal to the U.S. Court of Appeals for the Second Circuit.

## GROUNDS FOR OBJECTION

6. As required by this Court's December 23, 2008 "Order on Application for an Entry of an Order Approving Form and Manner of Publication and Mailing of Notices, Specifying Procedures for Filing, Determination, and Adjudication of Claims; and Providing Other Relief" (the "Claims Procedures Order"), the Customer files this Objection to dispute the Determination and to preserve all claims and defenses set forth in the Claim.

7. The Customer contends that the Customer's "net equity" under the Securities Investor Protection Act ("SIPA") is equal to the value of the securities positions and credit balance reflected in the Customer's last account statement for all of the reasons set forth in the various submissions to the Court in the net equity litigation, including, but not limited to, the plain language of SIPA and prior case law.

8. The Customer understands, based upon the representation set forth in the Determination, that the Customer will receive the benefit of any final and unappealable order entered in the net equity litigation that is in accord with the Customer's position regarding "net equity."

9. The Customer also objects to the denial of the contingent and other claims set forth in the Claim. As noted, the Trustee has offered no basis for the denial.

3

## **RELIEF REQUESTED**

10. For the reasons stated herein and in the Claim, the Claim should be allowed in its entirety (including, without limitation, costs, fees, expenses, and a comparable rate of return), and the Court should direct the Securities Investor Protection Corporation to issue immediate payment to the Customer and such other amounts and equitable relief as the Court deems appropriate to compensate Customer's losses arising from its investment in Bernard L. Madoff Investment Securities LLC.

11. Because the determination of net equity under SIPA does not require the "money in/money out" calculation espoused by the Trustee, the list of deposits and withdrawals accompanying the Determination are not determinative or relevant to the Customer's Claim; however, to the extent such calculations become relevant or determinative on this issue in the future, the Customer expressly reserves all rights to challenge or otherwise object to the figures represented therein.

12. The Customer reserves the right to revise, supplement, or amend this Objection and its Claim, and any failure to object on a particular ground or grounds shall not be construed as a waiver of Customer's right to object on any additional grounds.

Dated: New York, New York
November 12, 2010

          Respectfully submitted,

          SHEARMAN & STERLING LLP

          By: */s/ Stephen Fishbein*
              Stephen Fishbein
              James Garrity
              Richard Schwed
          599 Lexington Avenue
          New York, NY 10022-6069
          Telephone: (212) 848-4000
          Facsimile: (212) 848-7179
          sfishbein@shearman.com

*Attorneys for the Ruth Shapiro Trust U/D/T 4/9/03*

5