UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant.<br><br>In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | Adv. Pro. No. 08-1789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |

**ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND
RULES 2002 AND 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE
GRANTING AUTHORITY AND ESTABLISHING PROCEDURES FOR SETTLEMENT
AGREEMENTS IN CONNECTION WITH AVOIDANCE ACTIONS
<u>FILED BY THE TRUSTEE</u>**

Upon the motion (the "Motion")[1] of Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq*. ("SIPA"), and the substantially consolidated estate of Bernard L. Madoff, seeking entry of an order, pursuant to sections 105(a) of the United States Bankruptcy Code and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure, granting authority to the Trustee to enter into Settlement Agreements by and between the Trustee and BLMIS Transferees, without further order of the Court, in final settlement of Avoidable Transfers with a face value of $20 million or less

---

[1] All terms not defined herein shall have such meanings as subscribed to them in the Motion.

300096961

received by the BLMIS Transferees, as limited by the Settlement Standards as described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with section 78eee(b)(4) of SIPA, the Protective Decree, entered on December 15, 2008 by the United States District Court for the Southern District of New York in Case No. 08 CV 10791, and 28 U.S.C. §§ 157 and 1334; and it appearing that the relief requested by the Motion is in the best interests of the estate and its customers; and due notice of the Motion having been given to the Notice Parties, and it appearing that no other or further notice need be given; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted therein; and upon the proceedings before the Court and after due deliberation, it is hereby

**ORDERED**, that the relief requested in the Motion is granted; and it is further

**ORDERED**, that the Trustee is hereby granted authority, without further Court approval, to enter into Settlement Agreements with BLMIS Transferees in final settlement of Avoidable Transfers and to grant releases to such BLMIS Transferees in connection therewith, subject to the "General Standards for All Settlements" set forth in the Motion and the following settlement procedures:

  a. for Settlement Agreements entered into by and between the Trustee and a BLMIS Transferee in connection with an Avoidable Transfer where the face value is $7,500,000 or less on an account by account basis, the Trustee may enter into the Settlement Agreement without further Court Order, which agreement will be immediately effective and binding on the parties; and

  b. for Settlement Agreements entered into by and between the Trustee and a BLMIS Transferee in connection with an Avoidable Transfer of which the face value is between $7,500,001 and $20,000,000 on an account by account basis, the Trustee will periodically file with the Court a notice of settlement (the "Notice of Settlement") that will disclose the financial details of such Settlement Agreement, including the dollar amount of the settlement, the total amount of the Avoidable Transfers and, if applicable, any relevant information considered by the Trustee in reaching the settlement. The Notice of Settlement will not include the name of or any identifying information relating to the BLMIS Transferee. If no objection to the Notice of Settlement is filed and served upon the Trustee within fourteen days

after filing, the Settlement Agreement will automatically become effective and binding on the parties; and it is further

**ORDERED**, that BLMIS Transferees who entered into Settlement Agreements shall remain subject to the Bankruptcy Court's jurisdiction with respect to enforcement of the Settlement Agreement; and it is further

**ORDERED**, that this Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: New York, New York
       November 12, 2010

/s/ Burton R. Lifland
HONORABLE BURTON R. LIFLAND
UNITED STATES BANKRUPTCY JUDGE