**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**STIPULATION AND ORDER FOR PROVISION OF CUSTOMER ACCOUNT INFORMATION BY WESTPORT NATIONAL BANK**

Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa *et seq.*,[1] and the estate of Bernard L. Madoff, individually ("Madoff"), and Westport National Bank, a Division of Connecticut Community Bank, N.A. ("WNB"), by and through their respective counsel, hereby stipulate and agree to the terms set forth below in this *Stipulation and Order For Provision of Customer Account Information By Westport National Bank* (the "Stipulation and Order").

---

[1] Future references to SIPA shall omit "15 U.S.C."

# RECITALS

WHEREAS, on December 11, 2008, the Securities and Exchange Commission ("SEC") filed a complaint in the United States District Court for the Southern District of New York against defendants BLMIS and Madoff, 08-CV-10791; and

WHEREAS, on December 15, 2008, the Honorable Louis L. Stanton of the United States District Court for the Southern District of New York entered an order pursuant to SIPA which, in pertinent part:

(a) Appointed Irving H. Picard as Trustee for the liquidation of BLMIS pursuant to section 78eee(b)(3) of SIPA;

(b) Appointed Baker & Hostetler, LLP as counsel to the Trustee ("Counsel") pursuant to section 78eee(b)(3) of SIPA;

(c) Removed the case to this Bankruptcy Court pursuant to section 78eee(b)(4) of SIPA; and

(d) Authorized the Trustee to take immediate possession of the property of the debtor, wherever located; and

WHEREAS, pursuant to SIPA § 78fff(1)(d), the Trustee is obligated to (i) investigate the acts, conduct, property, liabilities, and financial condition of the debtor, the operation of its business, and any other matter, to the extent relevant to the liquidation proceeding, and report thereon to the court, and (ii) report to the court any facts ascertained by the trustee with respect to fraud, misconduct, mismanagement, and irregularities, and to any causes of action available to the estate; and

WHEREAS, the Trustee filed a motion in furtherance of his duties, and on June 12, 2009 the Court entered an order, which, in pertinent part, authorized the Trustee to issue and serve

08-01789-cgm    Doc 3182    Filed 11/15/10    Entered 11/15/10 11:44:52    Main Document
              Pg 3 of 6

subpoenas for examinations pursuant to Federal Rule of Bankruptcy Procedure[2] 2004 subpoena without further order of the Court ("Subpoena Order"); and

WHEREAS, Section 105(a) of the Bankruptcy Code, applicable here pursuant to section 78fff(b) of SIPA, bestows on bankruptcy courts broad discretion to "issue any order 'necessary or appropriate to carry out the provisions of [the Bankruptcy Code]' . . . ." 11 § U.S.C. 105(a); *In re Hughes*, 281 B.R. 224, 226-27 (Bankr. S.D.N.Y. 2002) (Lifland, J.) (noting the Bankruptcy Court's authority granted by section 105(a) of the Bankruptcy Code and Bankruptcy Rule 2004 to order broad examinations with respect to the financial matters of a debtor and other matters affecting the administration of the estate, which includes examinations of third parties who had a relationship with the debtor); and

WHEREAS, Westport National Bank, a Division of Connecticut Community Bank, N.A. ("WNB") filed a claim ("WNB Claim") with the Trustee with respect to BLMIS Account No. 1W0106 (the "WNB BLMIS Account");[3] and

WHEREAS, the Trustee's investigation has also revealed transfers between the WNB BLMIS Account and BLMIS Account Nos. 1W0006 and 1W0007; and

WHEREAS, according to WNB, trustees and beneficiaries of tax qualified benefit plans and owners of individual retirement accounts are current or past customers who held accounts with WNB for the purpose of investing with BLMIS ("WNB Customers"); and

WHEREAS, in connection with his investigation and review of the WNB Claim, the Trustee served a Bankruptcy Rule 2004 subpoena on WNB seeking all documents, *inter alia*, relating to BLMIS and which support or relate to the WNB Claim ("Westport Subpoena"); and

---

[2]  Hereinafter, the "Bankruptcy Rule(s)."
[3]  In addition, many WNB Customers also filed claims with the Trustee with respect to this account.

3

WHEREAS, WNB has advised the Trustee that it will turn over to the Trustee records that, among other things, track the (i) ownership of assets held in WNB customer accounts (referred to by WNB as "subaccounting"), and (ii) transmittal of funds between WNB customer accounts and BLMIS. For purposes of this Stipulation, a "customer account" means any account maintained at WNB into which a customer transferred funds to be invested with BLMIS, its parents, affiliates representatives, employees, or related entities, or in which the customer received funds transferred from BLMIS and/or its parents, affiliates, representatives, employees, or related entities ("WNB Customer Account(s)"); and

WHEREAS, "a court of competent jurisdiction for good cause" can waive the requirements of the Connecticut banking laws that preclude disclosure of financial records absent a lawful subpoena, summons, warrant, or court order served upon the customer at least ten days prior to the date the records are disclosed and permit the customer to challenge such a subpoena. CONN. GEN. STAT. §§ 36a-42, 43(a) (2010); and

WHEREAS, good cause exists to waive service of the WNB Subpoena and this Stipulation and Order upon WNB Customers who held WNB Customer Accounts because (i) WNB filed the WNB Claim with the Trustee and joins the Trustee in this Stipulation directing WNB to provide documents responsive to the WNB Subpoena that include WNB Customer information, and waives service of the Westport Subpoena and this Stipulation and Order upon WNB Customers; (ii) pursuant to § 78fff-3(a)(5) of SIPA and Bankruptcy Rule 3001, WNB must provide its books and records to support the WNB Claim; (iii) WNB informed the Trustee that redaction of WNB Customer information from all possible documents responsive to the Westport Subpoena would cause a substantial burden on WNB and a substantial delay in producing documents to the Trustee; (iv) requiring the Trustee to serve at least 180 individuals and entities

4

who constitute Westport Customers and provide them with an opportunity to challenge the WNB Subpoena would prejudice the Trustee's timely investigation of claims; (v) records relating to WNB Customer Accounts are necessary to the Trustee's ongoing investigation; and (vi) records relating to WNB Customer Accounts are relevant to the Trustee's determination of individual customer claims filed in the liquidation generally; and

WHEREAS, pursuant to the Protective Order entered by the Court on February 16, 2009, WNB and the Trustee have agreed to designate the records containing personally identifiable information relating to WNB Customer Accounts as confidential and limit disclosure to the Trustee, Counsel, staff employed by Counsel, the Securities Investor Protection Corporation ("SIPC"), and the Court.

IT IS HEREBY AGREED AND STIPULATED, as follows:

1. On or before November 15, 2010, WNB will provide to the Trustee, without service of the Westport Subpoena and this Stipulation and Order upon the WNB Customers, all documents responsive to the Westport Subpoena, subject to the service of objections and responses, if any, to the Westport Subpoena by WNB, including records relating to current and past WNB Customer Accounts of WNB Customers held for the purpose of investing with BLMIS.

Dated: November 11, 2010
New York, New York

Of Counsel:
Geoffrey North
Email: gnorth@bakerlaw.com
Jacqlyn R. Rovine
Email: jrovine@bakerlaw.com
Baker Hostetler LLP
45 Rockefeller Plaza

*/s/ David J. Sheehan*
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Keith R. Murphy
Email: kmurphy@bakerlaw.com

5

New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

Seanna R. Brown
Email: sbrown@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

*/s/ Joseph T. Baio*
Willkie Farr & Gallagher LLP
787 7th Avenue
New York, New York 10019
Telephone: (212 728-8000
Joseph T. Baio, Esq.
Email: jbaio@willkie.com
Todd G. Cosenza, Esq.
Email: tcosenza@willkie.com

*Attorneys for Westport National Bank*

SO ORDERED:

DATED:  New York, New York
        November 15, 2010

By: /s/Burton R. Lifland
    HONORABLE BURTON R. LIFLAND
    UNITED STATES BANKRUPTCY JUDGE