Marc J. Kurzman (MK 2962)
SANDAK HENNESSEY & GRECO, LLP
707 Summer Street, 3rd Floor
Stamford, CT 06901
Tel: (203) 425-4200
Fax: (203) 325-8608

*Attorney for Orthopaedic Specialty Group, P.C. Defined Contribution Pension Plan Participants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
                                                                                :
                                                                                :
SECURITIES INVESTOR PROTECTION           :        SIPA LIQUIDATION
CORPORATION,                                                 :
                                                                                :
                      Plaintiff,                                      :
                                                                                :
            v.                                                              :        Adv. Pro. No. 08-01789 (BRL)
                                                                                :
                                                                                :
BERNARD L. MADOFF INVESTMENT      :
SECURITIES LLC,                                             :
                                                                                :
                      Defendant.                                  :
-----------------------------------------------------------x

**OBJECTION OF THE ORTHOPAEDIC SPECIALTY GROUP, P.C.
PLAN PARTICIPANTS TO TRUSTEE'S DETERMINATION OF CLAIMS**

The individual participants in the Orthopaedic Specialty Group, P.C. Defined

Contribution Pension Plan a/k/a Orthopaedic Specialty Group, P.C. 401(k) Plan listed on Exhibit

A (the "OSG Plan Participants"), by and through their undersigned counsel, hereby object to the

Notices of Trustee's Determination of Claim dated October 22, 2010.

## BACKGROUND

1. The OSG Plan Participants include present and former physicians, nurses, medical assistants, x-ray technicians and administrative employees of Orthopaedic Specialty Group, P.C. ("OSG"), a Fairfield, Connecticut orthopaedic practice.

2. The OSG Plan Participants participate in the Orthopaedic Specialty Group, P.C. Defined Contribution Pension Plan, a defined contribution profit sharing plan established pursuant to Section 401(a) and 401(k) of the Internal Revenue Code (the "OSG Plan"). Each OSG Plan Participant has an individual account with the OSG Plan consisting of profit sharing and "safe harbor" contributions made on his/her behalf by OSG ("Employer Contributions"), salary (401(k)) contributions made by the OSG Plan Participant ("Employee Contributions") and roll-over contributions of funds and securities held by the OSG Plan Participant in other qualified employee benefit plans and individual retirement accounts ("Roll-Over Contributions"), together with the earnings, gains and losses chargeable to each such account.

3. Commencing in 1993, all of the assets of the OSG Plan were directly invested with Bernard L. Madoff Investment Securities LLC ("BLMIS") through BLMIS Account 1O0004.

4. As a consequence of the Ponzi scheme implemented by Bernard Madoff and others, the OSG Plan assets invested with BLMIS -- which, according to the statements issued by BLMIS, totaled in excess of $32 million as of November 30, 2008 -- were converted and the individual account balances of the OSG Plan Participants were wiped out.

5. On March 4, 2009 Customer Claims were submitted to Trustee Irving H. Picard on behalf of the OSG Plan Participants ("OSG Plan Participants' Claims") pursuant to the Court's December 23, 2008 Order Specifying Procedures for Filing, Determination and Adjudication of Claims.[1] The OSG Plan Participants' Claims included back-up documentation showing (i) the Employer Contributions, Employee Contributions and Roll-Over Contributions credited to the account of each OSG Plan Participant and any withdrawals from such account, and (ii) each OSG Plan Participant's allocable share of BMLIS Account 10004 as of November 30, 2008.[2] The OSG Plan Participants' Claims were also accompanied by a Transmittal Letter and Letter Brief, each dated March 3, 2009, setting forth the factual and legal basis for allowing the OSG Plan Participants' Claims. Copies of the Transmittal Letter and Letter Brief, the contents of which are incorporated as part of this Objection, are attached as Exhibits B and C.

6. By notices dated October 22, 2010, the Trustee denied the OSG Plan Participants' Claims.[3] The notices do not address the factual submission or legal argument set forth in the Letter Brief. Rather, it simply states that:

---

[1] Also on March 4, 2009, a Customer Claim was separately submitted to Trustee Picard on behalf of the OSG Plan ("Plan's Claim"). The Plan's Claim, including the back-up documentation ("Claim Package"), is voluminous and therefore is not being filed with the Court at this time. The OSG Plan Participants reserve the right to file the Plan's Claim and Claim Package with the Court in connection with the hearing on their Objection.

[2] The OSG Plan Participants' Claims and back-up documentation comprised three (3) bound volumes and therefore are not being filed with the Court at this time. The OSG Plan Participants reserve the right to file the OSG Plan Participants' Claims with the Court in connection with the hearing on their Objection.

[3] The Trustee allowed the OSG Plan's Claim. However, as discussed in the Letter Brief (*See*, p. 2), payment of a $500,000 SIPC advance to the OSG Plan, to be allocated pro-rata to the over 100 OSG Plan Participants who deposited millions of dollars with BLMIS through the Plan, relegates the OSG Plan Participants to a *de minimis* recovery.

3

>Based on a review of available books and records of BLMIS by the Trustee's staff, you did not have an account with BLMIS. Because you did not have an account, you are not a customer of BLMIS under SIPA as that term is defined at 15 U.S.C. §78*lll*(2). Accordingly, your claim for securities and/or a credit balance is **DENIED**.

7. The OSG Plan Participants object to the Trustee's determination of their Customer Claims.

### GROUNDS FOR OBJECTION

8. The Trustee improperly relied *exclusively* on the books and records of BMLIS to determine whether the OSG Plan Participants were "customers" of BLMIS. That approach was inappropriate and deprived the OSG Plan Participants of the statutory protections to which they are entitled, including an advance from SIPC to cover the loss of what, in many cases, was their life savings.

9. 15 U.S.C. § 78*lll*(2) does not limit "customer" status to only those who are identified as customers in the books and records of a dishonest or defalcating broker-dealer. Rather, the statute accords "customer" status to any person who has entrusted cash or securities to a broker/dealer for purposes of trading securities. In re. New Times Securities Services, Inc. 463 F.3d 125, 128 (2d Cir. 2006) (citing Appelton v. First Nat'l Bank of Ohio, 62 F.3d 791, 801 (6th Cir. 1995)). Specifically, the statute provides as follows:

>The term "customer" of a debtor means any person…who has a claim on account of securities received, acquired to held by the debtor in the course of its business as a broker or dealer from or for the securities accounts of such person for safekeeping, with a view to sale, to cover consummated sales, pursuant to purchases, as collateral security, or for purposes of effecting transfer. *The term*

4

> *"customer" includes any person who has a claim against the debtor arising out of sale or conversions of such securities, and any person who has deposited cash with the debtor for the purpose of purchasing securities…*

15 U.S.C. § 78*lll*(2) (emphasis added.)

10. This Court has recognized that "the mere act of entrusting cash to a debtor for the purpose of effecting securities transactions triggers customer status." <u>Securities Investor Protection Corp. v. Bernard L. Madoff Investment Securities, LLC</u>, 401 B.R. 629, 635 (Bankr. S.D.N.Y. 2009) (citing <u>In re ESM Gov. Secs, Inc.</u>, 812 F 2d. 1374, 1376 (11th Cir. 1987), *aff'd, sub. nom.* <u>Rosenman Family, LLC v. Picard,</u> 420 B.R. 108 (S.D.N.Y. 2009), *aff'd on other grounds*, Fed. Sec. L. Rep., p 95, 930 (2010 WL 3911370) (2d Cir. 2010). That is exactly what the OSG Plan Participants did. As described in the Letter Brief, Employee Contributions, Employer Contributions and Roll-Over Contributions were deposited with BLMIS through the OSG Plan for investment in securities. Many, if not all, of the OSG Plan Participants knew that their retirement savings were being deposited with BLMIS and BLMIS personnel knew that the OSG Plan Participants were depositing their savings with BLMIS through their individual accounts within the OSG Plan. *See*, Letter Brief at pp. 12, 23-24.

11. Furthermore, the OSG Plan Participants are prepared to submit to the Court, and reserve the right to submit to the Court, further competent evidence that the OSG Plan Participants, and OSG on behalf of the OSG Plan Participants, delivered cash and securities to BMLIS through the OSG Plan for purpose of effecting securities transactions. The OSG Plan Participants are also prepared to offer evidence that senior representatives of BLMIS were in fact

5

aware that the OSG Plan Participants were investing with BLMIS through the OSG Plan notwithstanding any failure to identify the OSG Plan Participants in BLMIS' books and records.

12.     The OSG Plan Participants are on a decidedly different factual and legal footing than investors in so-called "feeder funds" and hedge funds. Those investors purchased interests in profit driven investment funds which, in turn, maintained accounts at BLMIS. What those investors owned was an interest in the feeder funds/hedge funds, not in those funds' assets. Conversely, each of the OSG Plan Participants *own a portion of the assets of the OSG Plan*. Their ownership interests in those assets are based on the amount of Employer Contributions, Employee Contributions and Roll-Over Contributions credited to each OSG Plan Participant's account (and any income, expenses, gains, losses or forfeitures chargeable to the account). *See*, 29 U.S.C. § 1002 (34). Schedule 1 to the OSG Plan Participants' Customer Claims, annexed hereto as Exhibit D, reflects the OSG Plan Participants' respective percentage interests of the OSG Plan assets invested at BLMIS.[4]  Under SIPA, "customer" status attaches to those interests. *See*, In re Waddell Jenmar Securities, Inc., 126 B.R. 935, 940 (Bankr. E.D.N.C. 1991), *aff'd*, 991 F. 2d. 792 (4th Cir. 1993).

13.     Depriving the OSG Plan Participants of the protections afford by the Securities Investor Protection Act ("SIPA"), including the advance of SIPC funds, would defeat the remedial purpose of SIPA as recognized by this Court in Securities Investor Protection Corp. v. Bernard L. Madoff Investment Securities, LLC, 401 B.R. at 633-634. *See also*, In re First State

---

[4] Using the parlance of one of SIPC's legal memoranda filed in this case, the OSG Plan Participants were investing *through*, not *in* the OSG Plan. *See*, Reply of the Securities Investor Protection Corporation In Support of Trustee's Motion to Affirm Trustee's Determination Denying Claims of Claimants Without BLMIS Accounts in Their Names, Namely, Investors in Feeder Funds (Document #2993).

Sec. Corp., 34 B.R. 492, 496 (Bankr. S. D. Fla. 1983) ("SIPA is remedial legislation. As such it should be construed liberally to effect its purpose.") (citing <u>Tcherepnin v. Knight</u>, 389 U.S. 332, 336 (1967)).[5]

## CONCLUSION AND RELIEF REQUESTED

14. The documentation submitted to the Trustee in connection with the OSG Plan Participants' Claims and Plan's Claim establishes the prima facie validity of the OSG Plan Participants' Claims. *See*, Bankruptcy Code §502(a). There has been no adequate objection to the OSG Plan Participants' Claims. Accordingly, the Court should rule that the OSG Plan Participants are customers of BLMIS entitled to an advance from SIPC to cover their losses, which would provide a much needed safety net for the innocent OSG Plan Participants of modest means who have lost their life savings as a result of the Madoff Ponzi scheme.

15. Alternatively, the OSG Plan Participants request that the Court enter a scheduling order providing for a briefing schedule and evidentiary hearing on their Customer Claims.

## RESERVATION OF RIGHTS

16. The OSG Plan Participants reserve the right to revise, supplement and amend this Objection and reserve all rights set forth in Bankruptcy Rule 9014 with respect to the testimony and attendance of witnesses.

---

[5] The OSG Plan Participants are of course aware of the Court of Appeal's decision in <u>Securities Investor Protection Corporation v. Morgan Kennedy</u>, 333 F. 2d 1314 (2d Cir. 1976). For the reasons set forth in the Letter Brief, the situation presented in <u>Morgan Kennedy</u> is factually and legally distinguishable from the OSG Plan Participants' Claims.

Dated:  November 18, 2010            */s/ Marc J. Kurzman*
SANDAK HENNESSEY & GRECO, LLP
Marc J. Kurzman (MK 2962)
707 Summer Street, 3rd Floor
Stamford, CT  06901
Tel: (203) 425-4200
Fax: (203) 325-8608

*Attorney for Orthopaedic Specialty Group, P.C. Defined Contribution Pension Plan Participants*

8

**CERTIFICATION**

I, Marc J. Kurzman, hereby certify that on the 18th day of November 2010, I electronically transmitted a true and correct copy of the foregoing document, OBJECTION OF THE ORTHOPAEDIC SPECIALTY GROUP, P.C. PLAN PARTICIPANTS TO TRUSTEE'S DETERMINATION OF CLAIM, to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing (NEF) to all attorneys of record who are ECF registrants. I also certify that on said date, I caused to be served a true and correct copy of the aforementioned document on Irving H. Picard, Trustee c/o Baker & Hostetler, LLP, Attn. Claims Department, 45 Rockefeller Plaza, New York, NY 10111, and the Clerk of the United States Bankruptcy Court, for the Southern District of New York, One Bowling Green, New York, NY 10004, via first class mail, postage prepaid.

                                                       */s/ Marc J. Kurzman*
                                                       Marc J. Kurzman