

Bankruptcy Case No. 08-1789 (BRL)

BERNARD L. MADOFF INVESTMENT SECURITIES LLC
In Liquidation   December 11, 2008

OPPOSITION TO TRUSTEE'S DETERMINATION OF CLAIM,  KATHERINE M. RADOSH, Claimant
Claim # 014896

I RESPECTFULLY REQUEST THAT NO ACTION BE TAKEN ON THIS OPPOSITION UNTIL THE
FINAL DECISION ON APPEAL OF THE  CICO vs. LSM ISSUE NOW BEFORE THE US SECOND
CIRCUIT COURT OF APPEALS. _If CICO wins whether or not Katherine  Radosh is a customer of
BLMIS under SIPA is a moot point._  Also for that reason,  Claimant does not wish to burden either the
Bankruptcy Court or the Trustee with copies of all possibly pertinent documents at this time, as they
number well into the thousands and nearly fill a standard 4-drawer filing cabinet.

RADOSH PARTNERS (RP) was formed in 1993 for six named persons : the children and grandchildren
of Louis + Esther Radosh, both then deceased, as the six descendants were to receive the proceeds of a
BLMIS trust account started by Louis + Esther. All six were named "RADOSH": my husband Burnett +
his brother Edward (sons and only children of Louis + Esther), Alaric and Jeremy (sons of Burnett and
me), Lee and Laura (son and daughter of Edward and his wife Fran). The sole purpose of RP was to allow
each of the six the option of keeping the inherited proceeds invested with BLMIS.  Moreover, when RP
was formed, it was done in actual coordination with BLMIS.  (Copy of letter to letter to BLMIS, 3 JUN
93, attached hereto as Incl. 1).

RP is a registered Fictitious Name, not a registered Partnership,  in the State of Florida.  The original
registration named the six partners all as 'owners'.  Subsequently children of Lee + his wife Jodi, and
Laura and her husband, Tausig, were added as owners, as was my mother, Catherine Koenig.  Edward
dropped out as a partner, but later returned for a while as Edward A Radosh Profit Sharing Plan.
Catherine Koenig passed away, her share going equally to her grandsons, Alaric and Jeremy.   Several
amendments to the Fictitious Name registration reflected the changes in the composition of RP.

Fictitious Name registrations in Florida are public records, easily accessed on-line.  On request we can
provide hardcopy of all of our filings with the Florida Secretary of State, and if this matter comes to
hearing we may present them in evidence.

Each member of RP, each owner, made his/ her own  RP/Madoff account investment decisions.    The
main function of the so-called "General Partner", entirely clerical,  was to consolidate the individual
members withdrawals and new investments, and send the net sum to BLMIS or ask for a BLMIS
withdrawal check.  Copiesof two letters of the "GP" to BLMIS requesting withdrawal are attached here as
exemplars (Incl 2 + 3), but all are now available on request and all may be offered into evidence when this
comes to a hearing.  BLMIS proceeds were distributed by the "GP" to the member/owners who had
requested them.   The GP also kept a record of all transactions, internal and external, and filed yearly
1065 Forms with the IRS as a pass-though entity " investment club" code 523900, and sent 1065 K-1s to
all of the members.  All of these records are now available to the Court or the Trustee upon request and
may be entered into evidence at the hearing.

The "GP" made no investment decisions except for his own personal share as one of the owners.

RP owners never met to make organizational investment decisions regarding it's sole investment, the
BLMIS account , and no such decisions were ever made.  RP was merely a pass-through for the decisions
of the individual owners.

RP has never had formal  documentation between the owners., notwithstanding the "GP" originally
planned to come up with such.  There is a series of letters from the "GP" to all the owners that reflect the

informal framework, 138 in all, but sent to each owner with different investment data computed for each owner, so the total of filed letters is well over 1,000. This includes a copy of the blank format for that letter as well as the copy of the letter sent to each owner. A complete set for one letter, and two formats for other letters are attached hereto as exemplars (Incls 4, 5 + 6)), but, of course, all are now available to the Court and to the Trustee on request, and when and if this comes to a hearing, all may be offered into evidence.

Claimant, of course, filed annual 1040s (jointly with husband Burnett), and paid tax on all their BLMIS profits reported per their K-1. After the December 2008 revelation, they used the Safe Harbor method for some IRS relief. All the Claimant's IRS documentation is on file, and may be presented at the hearing. It is available now on reasonable request of the Trustee.

It is understood, of course, that if the customer status of the individual owners is recognized for payment of their LSM claims vs. SIPC, no SIPC payment will be made to RP. We do not seek dual coverage, just full coverage.

Claimant's account in RP originally was in Burnett's name only (per the books of RP, and only Burnett was identified as an owner in the Fictitious Name filing with the Florida Department of State), but later I joined him (per the RP books) and the account belonged to both of us, JTWROS. Thus I was identified to the Florida Department of State as one of the owners. A major addition to our RP/ Madoff account came from our personal BLMIS account which was JTWROS. Accordingly, there were also separate SIPC claims filed in the names of Burnett + Katherine JTWROS (014897) and Burnett (014898). Once again, we do not seek dual coverage, just full coverage. We think that Burnett and I should each separately have full SIPC coverage.

Accordingly, it is respectfully requested that in the event LSM prevails on final appeal, a hearing be set on this OPPOSITION to Trustee's DETERMINATION OF CLAIM, and that after hearing this matter the Court sustain the Opposition and declare Claimant to be a customer of BLMIS per SIPA entitled to full coverage. On the other hand, if CICO prevails on final appeal, it is requested that this OPPOSITION be withdrawn.

Respectfully submitted this ___15___ day of November, 2010.

KATHERINE M. RADOSH
Claimant