**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>     Plaintiff,<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>     Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>     Debtor. | |

**AFFIDAVIT OF DAVID J. SHEEHAN**

STATE OF NEW YORK  )
            ss:
COUNTY OF NEW YORK )

    David J. Sheehan, being duly sworn, deposes and says:

    1.  I am an attorney admitted to the bar of this Court and a partner of the firm of Baker & Hostetler LLP ("B&H"). I submit this affidavit in support of the fifth application of Irving H. Picard, Esq., as trustee (the "Trustee") for the substantively consolidated liquidation proceeding of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor") and Bernard L. Madoff ("Madoff"), and B&H, as counsel to the Trustee, for allowance of interim compensation for services performed and reimbursement of actual and necessary expenses incurred during the period commencing June 1, 2010 through and including September 30, 2010

2

(the "Compensation Period"), pursuant to 15 U.S.C.§ 78eee(b)(5),[1] sections 330 and 331 of the Bankruptcy Code, Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Order Pursuant to Section 78eee(b)(5) of SIPA, Sections 105, 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a) and Local Bankruptcy Rule 2016-1 Establishing Procedures Governing Interim Monthly Compensation of Trustee and Baker & Hostetler LLP, dated February 25, 2009 [ECF No. 126], as amended on December 17, 2009 [ECF No. 1078] (collectively, the "Compensation Order").

2.  On December 11, 2008 (the "Filing Date"),[2] the Securities and Exchange Commission ("SEC") filed a complaint in the United States District Court for the Southern District of New York ("District Court") against defendants Madoff and captioned *Securities & Exchange Commission v. Madoff, et al.*, No. 08-CV-10791 (the "Civil Case"). The complaint alleged that the defendants engaged in fraud through investment advisor (or "IA") activities of BLMIS.

3.  On December 15, 2008, pursuant to section 78eee(a)(4)(A) of SIPA, the SEC consented to a combination of the Civil Case with an application filed by the Securities Investor Protection Corporation ("SIPC"). Thereafter, pursuant to section 78eee(a)(3) of SIPA, SIPC filed an application in the District Court alleging, *inter alia*, that the Debtor was not able to meet its obligations to securities customers as they came due and, accordingly, its customers needed the protection afforded by SIPA.

---

[1] The Securities Investor Protection Act ("SIPA") is found at 15 U.S.C. 78aaa et seq. For convenience, subsequent references to SIPA will omit "15 U.S.C. ____."

[2] In this case, the Filing Date is the date on which the SEC commenced its suit against BLMIS, December 11, 2008, which resulted in the appointment of a receiver for the firm. *See* Section 78*lll*(7)(B) of SIPA.

3

    4.    Accordingly, on December 15, 2008, the District Court entered the order (the "Protective Decree") [District Court Docket No. 4], to which BLMIS consented, which, in pertinent part:

    a.    appointed the Trustee for the liquidation of the business of the Debtor pursuant to section 78eee(b)(3) of SIPA;

    b.    appointed B&H as counsel to the Trustee pursuant to section 78eee(b)(3) of SIPA; and

    c.    removed the case to the Bankruptcy Court pursuant to section 78eee(b)(4) of SIPA.

    5.    I submit this affidavit pursuant to Bankruptcy Rule 2016(a) in support of the fifth application (the "Application") for allowance of compensation in the amounts of (i) $684,659.25 (of which $581,960.34 is to be paid currently and 15%, or $102,698.9, is to be deferred through the conclusion of the liquidation period or until further order of the Court) as an interim payment for professional services rendered by the Trustee during the Compensation Period, and $954.41 as reimbursement of the actual and necessary costs and expenses incurred by the Trustee in connection with the rendition of such services; (ii) $38,522,476.35 (of which $32,744,104.91 is to be paid currently and 15%, or $5,778,371.44, is to be deferred through the conclusion of the liquidation period or until further order of the Court) as an interim payment for professional services rendered by B&H during the Compensation Period, and $851,332.34 as reimbursement of the actual and necessary costs and expenses incurred by B&H in connection with the rendition of such services; and (iii) $100,000.00 to the Trustee and $3,400,000.00 to B&H as a release from the Holdback.

    6.    As the lead partner at B&H staffed on this matter, I am familiar with such services and with these proceedings. These statements are correct to the best of my knowledge

4

and belief, based upon conversations I have conducted with the Trustee, the partners and associates of B&H and upon records kept by B&H in the normal course of business.

7. I hereby certify that (i) I have read the Application; and (ii) to the best of my knowledge, information, and belief formed after reasonable inquiry, the Application complies with the guidelines for fee applications under Bankruptcy Rule 2016(a) and the Compensation Order.

8. The Trustee's and B&H's fees in this case reflect a 10% public interest discount from standard rates. This discount has resulted in an additional voluntary reduction during the Compensation Period of $76,073.25 for the Trustee and $4,280,275.15 for B&H. In addition, the Trustee voluntarily adjusted his fees by writing off $132,742.50. B&H voluntarily adjusted its fees by writing off $422,223.75. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy and non-bankruptcy cases in a competitive national legal market.

9. I hereby certify that members of SIPC have been provided with a copy of this Application.

10. I hereby certify that members of SIPC have been provided with monthly statements of fees and disbursements accrued during the Compensation Period in accordance with the Compensation Order.

11. I hereby certify that (i) in providing reimbursable non-legal services to the estate, B&H does not make a profit on such services; and (ii) in seeking reimbursement for a service which B&H justifiably purchased or contracted from a third party, B&H requests reimbursement only for the amount billed to B&H by the third-party vendors and paid by B&H to such vendors.

12. In connection with this Application, B&H has not charged for a number of categories of expenses regularly charged to and paid by B&H's clients including certain inter-office travel and related expenses (lodging, meals, airfare and other transportation). These amounts combine to a voluntary reduction of $257,471.00.

13. Pursuant to the Compensation Order, payment of a percentage of the approved compensation—initially twenty percent (20%) and subsequently reduced to fifteen percent (15%)—is deferred through the conclusion of the liquidation period or until further order of the Court (the "Holdback").

14. To date, the amount of the Holdback for the Trustee's and B&H's fees are $532,843.00 and $19,849,437.95, respectively. As the Trustee will have determined by December 14, 2010 virtually every customer claim submitted to him, SIPC has consented to the release of $100,000 to the Trustee and $3,400,000 to B&H from the Holdback, reducing the Holdback to $432,843.00 and $16,449,437.95, respectively, after this Application.

15. SIPC's recommendation that will be filed in support of the Application will indicate its consent to the release of these amounts from the Holdback.

16. The Trustee nor B&H has not made any previous application for allowance of fees for professional services rendered during the Compensation Period.

17. There is no agreement or understanding between the Trustee, B&H and any other person, other than members of B&H, for sharing of compensation to be received for services rendered in this case.

18. No agreement or understanding prohibited by 18 U.S.C. § 155 has been made or shall be made by the Trustee or B&H.

                                              By: /s/ *David J. Sheehan*_____  
                                              David J. Sheehan

Sworn to and subscribed before me
this 19th day of November, 2010

/s/ *Damian Smith*_____
Notary Public State of New York
No. 01SM6169097
Qualified in New York County
Commission Expires June 18, 2011

7