**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-1789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**APPLICATION OF ATTIAS & LEVY AS SPECIAL COUNSEL TO THE TRUSTEE FOR ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM JUNE 1, 2010 THROUGH SEPTEMBER 30, 2010**

Keith Azopardi, together with other members and associates at the law firm of Attias & Levy, special counsel for Irving H. Picard (the "Trustee"), Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor") under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA") and Bernard L. Madoff, submits this Application for Interim Allowance of Fees and Reimbursement of Expenses (the "Application") for compensation of legal fees in the amount of $264,850.04 (of which 20% is to be deferred through the conclusion of the liquidation period) and reimbursement of expenses in the amount of $10,827.27 for the period from June 1, 2010 through September 30, 2010 (the "Compensation Period"). In support of the Application, Attias & Levy respectfully submits as follows:

## I. BACKGROUND

1. On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order (the "Decree Order") calling for the liquidation of the business of the Debtor in accordance with SIPA and by Paragraph II of the Decree Order, the Trustee was appointed as the trustee for the liquidation of the Debtor's business.

2. The Debtor's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, to the extent consistent with the provisions of SIPA, is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") pursuant to SIPA § 78fff(b).

3. Beginning on March 13, 2009, Attias & Levy has served as special counsel for the Trustee.

4. On April 7, 2009, this Court entered an order approving the Trustee's motion for authority to retain Attias & Levy as special counsel to the Trustee in matters pertaining to Gibraltar.

5. The Trustee's motion to retain Attias & Levy established a fee arrangement pursuant to which Attias & Levy agreed to a fee reduction in the amount of 10% as well as an additional holdback of fees in the amount of 20%.

## II. SERVICES RENDERED BY ATTIAS & LEVY

6. The legal services performed on behalf of the Trustee during the time period covered by this Application are as follows:

## *Overview*

### *A. The Vizcaya Actions*

7.  There are five related Gibraltar actions in which Gibraltar Special Counsel for the Trustee has been involved, namely:

(a) A judicial review brought by Vizcaya Partners Limited ("Vizcaya") against the decision by the Gibraltar Financial Intelligence Unit to issue "no consent" orders, freezing monies held at Bank J Safra (Gibraltar) Limited ("Safra") in the names of Vizcaya, Zeus Partners Limited ("Zeus"), Asphalia Fund Limited ("Asphalia"), and Siam Investment Management Limited ("Siam");

(b) An action brought by Siam against the Attorney General and the Bank seeking the release of the sums held in its account;

(c) An action brought by Bank Safra to pay into Court approximately US$63 million held by it in the accounts of Zeus and Asphalia pending determination of the claims;

(d) An action brought by the Trustee against Vizcaya, Zeus, Asphalia, Siam, and Bank Safra for assistance from the Gibraltar Court relating to the transfer of US$150 million and seeking orders for disclosure of information, freezing orders, payment into Court and turnover of the monies to the Trustee and/or the U.S. Bankruptcy Court;

(e) A claim brought by Vizcaya, Zeus, Asphalia, and Siam on October 26, 2009 (the "VZAS Claim").

8.  The work done in relation to these related matters over the specific invoice period is as set out below.

9.  The principal work conducted during the Compensation Period relates firstly to applications made by Vizcaya and Zeus in respect of the payment out of Court of monies to fund their legal costs and the action the Trustee took to resist those applications. Additionally, there

3

was work conducted to progress the Gibraltar action following developments in the U.S. proceedings.

### *Other Work*

10. While the work on the Vizcaya actions was the principal work conducted, other work on new matters was also conducted. There was preparation of possible new proceedings which has, as yet, not been issued. For reasons of confidentiality these are referred to below as the "Intended New Proceedings."

### *SUMMARY*

11. During this invoice period:

(a) A stay was obtained in respect of the Judgment of Mr. Justice Dudley that released $1 million to Vizcaya and Zeus for the payment of their legal costs;

(b) An appeal was filed to the Court of Appeal against that ruling;

(c) In September 2010, the Court of Appeal reversed the order of Mr. Justice Dudley and awarded the Trustee his costs of the appeal;

(d) Substantial work was done to progress the Gibraltar action following the grant of Judgment in the U.S. Courts;

(e) An application to amend the claim form following the grant of U.S. Judgment and for directions to enable the Trustee's Gibraltar action to go to a final hearing was filed and this would be considered by the Court on October 18-19, 2010;

(f) Work was conducted in preparation of the application to contest jurisdiction of the VZAS Action (2009 V 245).

(g) As outlined above, apart from the substantive work done on claims in relation to the varying Vizcaya actions outlined in paragraph 7, there was work conducted in relation to Intended New Proceedings. These claims have not yet been filed and it is necessary therefore to

4

maintain confidentiality because the Trustee is considering the possibility of pre-emptive interlocutory applications that require no notice being given to those parties. All that can be said is that work has been conducted on possible applications for disclosure and/or injunctive relief in relation to Gibraltar elements of possible new claims to be filed by the Trustee in the U.S. and/or U.K.

### III. COMPENSATION REQUESTED

12. The Application demonstrates how Attias & Levy has both added value to the Debtor's estate and has advanced the Debtor's SIPC liquidation proceeding.

13. Attias & Levy has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism. To that end, Attias & Levy has staffed this matter leanly and endeavored to eliminate duplication of effort by giving primary responsibility of the case to one partner, Mr. Keith Azopardi.

14. From June 1, 2010 through September 30, 2010, Attias & Levy provided a total of 871.7 hours of legal services to the Trustee in this case. Prior to the 10% discount, the total amount of fees incurred in this time period was $294,277.82 and the total blended rate for professional services was $337.59/hour. After the 10% discount, the total amount of fees incurred is $264,850.04 and the total blended rate is $303.83/hour. Attias & Levy has agreed to a further holdback of 20% of its fees in the amount of $52,970.01, resulting in the present request for compensation in the amount of $211,880.03.

15. A breakdown of the total number of hours performed by each Attias & Levy timekeeper is provided on **Exhibit A** annexed hereto.

16. Attias & Levy seeks reimbursement for out-of-pocket expenses incurred in connection with its representation of the Trustee during the Compensation Period of $10,827.27.

5

An itemized list of these expenses is detailed on **Exhibit B** attached hereto. Attias & Levy typically charges its clients $0.17 per page for photocopying and printing. Attias & Levy does not charge for incoming faxes. Charges for electronic research, overnight delivery, postage, long distance telephone calls, and other out-of-pocket disbursements are based on the actual amounts paid by Attias & Levy for those services.

### IV. GENERAL MATTERS

17.     All of the professional services for which compensation is requested herein were performed by Attias & Levy for and on behalf of the Trustee and not on behalf of any other person or entity.

18.     No agreement or understanding exists between Attias & Levy and any other person for sharing compensation received in connection with this case nor has any other person or entity agreed to provide Attias & Levy with compensation for the legal services described herein.

19.     This Court is authorized by SIPA to award to the attorneys for a SIPA Trustee "reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred." SIPA § 78eee(b)(5)(A). SIPA also permits interim allowances to the attorneys for a SIPA Trustee. *Id.*

20.     Pursuant to § 78eee(b)(5)(E) of SIPA, allowances granted by this Court are to be charged against the general estate as a cost of administration. If the general estate is insufficient to pay such allowances in whole, or in part, SIPC shall advance any necessary funds for such payment. SIPA § 78eee(b)(5)(E). Section 78eee(b)(5)(C) of SIPA provides that SIPC shall file a recommendation with regard to the allowance of fees and reimbursement of expenses requested by this Application, and that this Court shall place considerable reliance on the recommendation

6

of SIPC. SIPA § 78eee(b)(5)(C). Attias & Levy expects that SIPC's recommendation shall be filed with this Court separately.

**WHEREFORE**, Attias & Levy respectfully requests that this Court enter an Order:

a. Granting this Application;

b. Allowing payment to Attias & Levy for interim compensation of legal fees, after (a) a reduction of 10% (in the amount of $29,427.78); (b) a holdback of 20% (in the amount of $52,970.01) pending final approval of Attias & Levy's fees in this case, in the aggregate amount of $211,880.03 for professional services rendered to the Trustee from June 1, 2010 through September 30, 2010;

c. Allowing payment to Attias & Levy in the amount of $10,827.27 for reimbursement of expenses incurred by Attias & Levy from June 1, 2010 through September 30, 2010; and

d. Granting Attias & Levy such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: November 19, 2010                ATTIAS & LEVY

By:  ___*s/Keith Azopardi*___
Keith Azopardi
First Floor Suites
39 Irish Town
P.O. Box 466
Gibraltar
London EC1A 2FG
Telephone: +350 200 72150
Fax: +350 200 74986

7

**EXHIBIT A**

**SUMMARY OF FIFTH INTERIM FEE APPLICATION
OF ATTIAS & LEVY FOR SERVICES RENDERED
FOR THE PERIOD JUNE 1, 2010 THROUGH SEPTEMBER 30, 2010**

|  | **YEAR ADMITTED** | **HOURLY RATE** | **TOTAL HOURS BILLED** | **TOTAL COMPENSATION** |
|---|---|---|---|---|
| Keith Azopardi | 1990 (UK & Gib) | 375.55 | 472.6 | $177,487.56 |
| Samantha Sacramento | 2000(UK) 2004(Gib) | 300.44 | 233.1 | $70,033.60 |
| Graceanne Parody | 2004 (UK) 2005 (Gib) | 281.67 | 129.9 | $36,588.50 |
| Carol Haw |  | 281.67 | 36.1 | $10,168.17 |
| Total: |  | $337.59 | 871.7 | $294,277.82 |
| Total minus 10% Discount |  | $303.83 |  | $264,850.04 |
| **Total Net of 20% Holdback:** |  |  |  | **$211,880.03** |

# EXHIBIT B

## EXPENSE SUMMARY OF ATTIAS & LEVY FOR THE FIFTH INTERIM PERIOD OF JUNE 1, 2010 THROUGH SEPTEMBER 30, 2010

| EXPENSES | AMOUNTS |
|---|---|
| Communication | $1,945.38 |
| Court Fees | $619.67 |
| Stationery/Copies | $3,530.22 |
| Travel | $4,732.00 |
| **Total Expenses Requested:** | **$10,827.27** |