**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-1789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**APPLICATION OF EUGENE F. COLLINS AS SPECIAL
COUNSEL TO THE TRUSTEE FOR ALLOWANCE OF
INTERIM COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES
INCURRED FROM JUNE 1, 2010 THROUGH SEPTEMBER 30, 2010**

Barry O'Neill, together with other members and associates at the law firm of Eugene F. Collins ("EFC"), special counsel for Irving H. Picard (the "Trustee"), Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor") under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA") and Bernard L. Madoff, submits this Application for Interim Allowance of Fees and Reimbursement of Expenses (the "Application") for compensation of legal fees in the amount of $23,767.09 (of which 20% is to be deferred through the conclusion of the liquidation period) and reimbursement of expenses in the amount of $745.54 for the period from June 1, 2010 through September 30,

2010 (the "Compensation Period"). In support of the Application, EFC respectfully submits as follows:

## I. BACKGROUND

1. On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order (the "Decree Order") calling for the liquidation of the business of the Debtor in accordance with SIPA and by Paragraph II of the Decree Order, the Trustee was appointed as the trustee for the liquidation of the Debtor's business.

2. The Debtor's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, to the extent consistent with the provisions of SIPA, is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") pursuant to SIPA § 78fff(b).

3. Beginning on February 9, 2009, EFC has served as special counsel for the Trustee.

4. On February 23, 2009, this Court entered an order approving the Trustee's motion for authority to retain EFC as special counsel to the Trustee in matters pertaining to Ireland.

5. The Trustee's motion to retain EFC established a fee arrangement pursuant to which EFC agreed to a fee reduction in the amount of 10% as well as an additional holdback of fees in the amount of 20%.

## II. SERVICES RENDERED BY EFC

6. The legal services performed on behalf of the Trustee during the time period covered by this Application are as follows:

7. EFC reviewed draft proceedings in the U.K. relating to Harley International Fund.

8. EFC attended consultation in London at the offices of Mishcon de Reya on June 16, 2010, with attorneys from Mishcon de Reya and attorneys from the Trustee's U.S. counsel, Baker & Hostetler LLP.

9. EFC also consulted regarding potential causes of action in Ireland against certain defendants and conducted research to determine the number and extent of High Court Cases relating to such potential defendants.

10. EFC also attended a consultation regarding Madoff-related litigation in Ireland and the U.K.

11. EFC drafted correspondence and consulted regarding discovery in proceedings pending in Ireland.

12. EFC responded to written and telephone inquiries by Mishcon de Reya regarding the current status of Madoff-related litigation in Ireland.

13. In addition, EFC reviewed attendances and judgment in Madoff-related proceedings based in Ireland.

14. EFC also reviewed potential causes of action against among and between certain potential defendants and provided advice to the Trustee on this matter.

15. EFC also reviewed the legal position following service of a subpoena on certain Ireland-based defendants.

### III. COMPENSATION REQUESTED

16. The Application demonstrates how EFC has both added value to the Debtor's estate and has advanced the Debtor's SIPC liquidation proceeding.

17. EFC has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism.

18. From June 1, 2010 through September 30, 2010, EFC provided a total of 78.6 hours of legal services to the Trustee in this case. Prior to the 10% discount, the total amount of fees incurred in this time period was $26,407.88 and the total blended rate for professional services was $335.98/hour. After the 10% discount, the total amount of fees incurred is $23,767.09 and the total blended rate is $302.38/hour. EFC has agreed to a further holdback of 20% of its fees in the amount of $4,753.41 resulting in the present request for compensation in the amount of $19,013.68.

19. A breakdown of the total number of hours performed by each EFC timekeeper is provided on **Exhibit A** annexed hereto.

20. EFC seeks reimbursement for out-of-pocket expenses incurred in connection with its representation of the Trustee during the Compensation Period of $745.54. An itemized list of these expenses is detailed on **Exhibit B** attached hereto.

21. Charges for postage, telephone, photocopying, fax, taxi, courier and other out-of-pocket disbursements are based on the actual amounts paid by EFC for those services.

### IV. GENERAL MATTERS

22. All of the professional services for which compensation is requested herein were performed by EFC for and on behalf of the Trustee and not on behalf of any other person or entity.

23. No agreement or understanding exists between EFC and any other person for sharing compensation received in connection with this case nor has any other person or entity agreed to provide EFC with compensation for the legal services described herein.

24. This Court is authorized by SIPA to award to the attorneys for a SIPA Trustee "reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred." SIPA § 78eee(b)(5)(A). SIPA also permits interim allowances to the attorneys for a SIPA Trustee. *Id.*

25. Pursuant to § 78eee(b)(5)(E) of SIPA, allowances granted by this Court are to be charged against the general estate as a cost of administration. If the general estate is insufficient to pay such allowances in whole, or in part, SIPC shall advance any necessary funds for such payment. SIPA § 78eee(b)(5)(E). Section 78eee(b)(5)(C) of SIPA provides that SIPC shall file a recommendation with regard to the allowance of fees and reimbursement of expenses requested by this Application, and that this Court shall place considerable reliance on the recommendation of SIPC. SIPA § 78eee(b)(5)(C). EFC expects that SIPC's recommendation shall be filed with this Court separately.

**WHEREFORE**, EFC respectfully requests that this Court enter an Order:

a. Granting this Application;

b. Allowing payment to EFC for interim compensation of legal fees, after (a) a reduction of 10% (in the amount of $2,640.79 and (b) a holdback of 20% (in the amount of $4,753.41) pending final approval of EFC's fees in this case, in the aggregate amount of $19,013.68 for professional services rendered to the Trustee from June 1, 2010 through September 30, 2010;

5

    c.        Allowing payment EFC in the amount of $745.54 for reimbursement of expenses incurred by EFC from June 1, 2010 through September 30, 2010; and

    d.        Granting EFC such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: November 19, 2010

Eugene F. Collins, Solicitors

By: ___*s/Barry O'Neill*___
Mr. Barry O'Neill
EUGENE F. COLLINS
Temple Chambers
3 Burlington Road
Dublin 4 Ireland
+353 (1) 202 6400

6

**EXHIBIT A**

**SUMMARY OF FIFTH INTERIM FEE APPLICATION
OF EFC FOR SERVICES RENDERED
FOR THE PERIOD JUNE 1, 2010 THROUGH SEPTEMBER 30, 2010**

|  | **YEAR ADMITTED** | **HOURLY RATE** | **TOTAL HOURS BILLED** | **TOTAL COMPENSATION** |
|---|---|---|---|---|
| Barry O'Neill | 1972 | $601.99 | 13.4 | $7,849.83 |
| Donal Dunne | 1994 | $415.38 | 32.9 | $13,457.77 |
| Robin McDonnell | 2003 | $402.31 | 1.3 | $519.50 |
| Ronan O'Neill |  | $524.80 | .8 | $419.84 |
| Sarah Conway |  | $428.44 | .9 | $384.08 |
| Nicola Hannigan |  | $127.72 | 2 | $258.30 |
| Rachel O'Connor |  | $128.02 | 25.1 | $3,237.53 |
| Suzanna Dundon |  | $128.67 | 2.2 | $281.04 |
| Total: |  | $335.98 | 78.6 | $26,407.88 |
| Total minus 10% Discount |  | $302.38 |  | $23,767.09 |
| **Total Net of 20% Holdback:** |  |  |  | **$19,013.68** |

## EXHIBIT B

### EXPENSE SUMMARY OF EFC
### FOR THE FIFTH INTERIM PERIOD
### OF JUNE 1, 2010 THROUGH SEPTEMBER 30, 2010

| EXPENSES | AMOUNTS |
|---|---|
| Communication | $4.55 |
| Photocopying | $7.70 |
| Travel | $664.04 |
| Meals | $21.09 |
| Courier | $48.16 |
| **Total Expenses Requested:** | **$745.54** |