UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-1789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |

**APPLICATION OF HOGAN LOVELLS INTERNATIONAL LLP (FORMERLY LOVELLS LLP) AS SPECIAL COUNSEL TO THE TRUSTEE FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM JUNE 1, 2010 THROUGH JULY 20, 2010 AS WELL AS REIMBURSEMENT OF FEES PREVIOUSLY HELD BACK BY SIPC**

Christopher Grierson, together with other members and associates at the international law firm of Hogan Lovells International LLP[1] (collectively, "Hogan Lovells"), special counsel for Irving H. Picard (the "Trustee"), Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor") under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA") and Bernard L. Madoff, submits this Application for Allowance of Fees and Reimbursement of Expenses (the "Application") for compensation of legal fees in the amount of $88,455.60 and reimbursement of expenses in the amount of

---

[1] On May 1, 2010, following the combination of Lovells LLP and Hogan & Hartson LLP, Lovells LLP changed its name to Hogan Lovells International LLP. For ease of reference, the firm shall be referred to as Hogan Lovells, even though some of the events covered by this fee application took place before May 1, 2010.

$29,312.01 for the period from June 1, 2010 through July 20, 2010 (the "Compensation Period"). Moreover, because Hogan Lovells has ceased to act as special counsel to the Trustee, it seeks payment of the 20% holdback applied to its fees from the commencement of its retainer beginning on January 15, 2009 to its termination on July 20, 2010. The total amount withheld during that period is $447,264.80.

In support of the Application, Hogan Lovells respectfully submits as follows:

## I. BACKGROUND

1. On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order (the "Decree Order") calling for the liquidation of the business of the Debtor in accordance with SIPA and by Paragraph II of the Decree Order, the Trustee was appointed as the trustee for the liquidation of the Debtor's business.

2. The Debtor's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, to the extent consistent with the provisions of SIPA, is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") pursuant to SIPA § 78fff(b).

3. Beginning on January 15, 2009, Hogan Lovells served as special counsel for the Trustee.

4. On February 18, 2009, this Court entered an order approving the Trustee's motion for authority to retain Hogan Lovells as special counsel to the Trustee in relation to foreign proceedings, including in England and Wales and other European jurisdictions.

2

5. The Trustee's motion to retain Hogan Lovells established a fee arrangement pursuant to which Hogan Lovells agreed to a fee reduction in the amount of 10% as well as an additional holdback of fees in the amount of 20%.

6. As a result of issues raising potential conflict of interest problems arising out of the combination of Lovells LLP and Hogan & Hartson LLP, which was effective as of May 1, 2010, Hogan Lovells ceased to act for the Trustee. Following discussions involving the Trustee's U.S. counsel, Baker & Hostetler LLP, and SIPC, Hogan Lovells withdrew from pending Court proceedings and handed over relevant papers to Mishcon de Reya (who, pursuant to an order entered by this Court on July 20, 2010, was retained as the Trustee's special counsel in place of Hogan Lovells).

7. As a result, Hogan Lovells only seeks compensation of legal fees through July 20, 2010. Moreover, because Hogan Lovells has ceased to act as special counsel to the Trustee, it seeks payment of the 20% holdback applied to its fees from the commencement of its retainer beginning on January 15, 2009 to its termination on July 20, 2010. The total amount withheld during that period is $447,264.80.

## II. SERVICES RENDERED BY HOGAN LOVELLS

8. The legal services performed on behalf of the Trustee during the time period covered by this Application are as follows:

*Litigation Strategy*

9. Hogan Lovells provided ongoing advice regarding the appropriate strategy for the Trustee in relation to a wide range of claims and potential claims against various parties located outside the United States. This included advice regarding the potential claims which may be

available to the Trustee under English law and, by analogy, the law of other common law jurisdictions in the British Commonwealth and applicable conflict-of-laws issues.

### *Evidence Gathering*

10.     Hogan Lovells continued to provide advice regarding the Trustee's powers to gather evidence and conduct interviews in England pursuant to, inter alia, the Cross-Border Insolvency Regulations 2006. Specifically, Hogan Lovells provided advice and assistance in connection with arrangements for the interview of former directors of Madoff Securities International Limited ("MSIL").

### *FIM Advisers LLP*

11.     Hogan Lovells advised in connection with extensive follow-on issues from the disclosure application against FIM Advisers LLP which was heard by the English Court on May 27, 2010, and which was resolved in the Trustee's favor. Hogan Lovells was subsequently involved in the ongoing production of electronic and hard copy documents by FIM Advisers LLP pursuant to the Order of the High Court.

### *Coordination with the JLs*

12.     Hogan Lovells continued to liaise with the Joint Liquidators ("JLs") of MSIL (Grant Thornton LLP and Dundas & Wilson LLP) and to advise the Trustee regarding BLMIS's rights as a stakeholder in the liquidation of MSIL. During the Compensation Period, this included advice on a fee application being made to the English Court by the JLs. Hogan Lovells also provided further advice regarding information sharing between the two estates and the impact of the Data Protection Act 1988.

*Harley International*

13. Having successfully obtained leave for the Trustee to proceed with a claim against Harley International in conjunction with Cayman Islands special counsel, Higgs & Johnson (granted by the Grand Court of the Cayman Islands on January 21, 2010), Hogan Lovells continued to provide advice and assistance in connection with the preparation of the Trustee's Statement of Claim. This included advice regarding the substantive and procedural issues raised (in conjunction with Higgs & Johnson and other advisers of the Trustee).

*Handover*

14. In addition to the above matters, Hogan Lovells worked hard to ensure an orderly handover to Mishcon de Reya who, as addressed above, succeeded Hogan Lovells as the Trustee's special counsel. Among other things, Hogan Lovells participated in a number of meetings with representatives of Mishcon de Reya to ensure that there was as smooth a transition as possible and that Mishcon de Reya was fully briefed on the outstanding issues and proceedings which Hogan Lovells had been handling.

15. Finally, throughout the Compensation Period, Hogan Lovells participated in extensive conference calls and discussions with representatives of the Trustee, including the Trustee's U.S. counsel, Baker & Hostetler LLP (and its associates and affiliates).

## III. COMPENSATION REQUESTED

16. The Application demonstrates how Hogan Lovells has both added value to the Debtor's estate and has advanced the Debtor's SIPC liquidation proceeding.

17. Hogan Lovells has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism. To that end, Hogan Lovells has

5

endeavored to eliminate duplication of effort by giving responsibility for the day-to-day conduct of the case to one attorney, Mr. Roberts (Senior Associate), involving others only when necessary.

18. From June 1, 2010 through July 20, 2010, Hogan Lovells provided a total of 147.2 hours of legal services to the Trustee in this case. Prior to the 10% discount, the total amount of fees incurred in this time period was $98,284 and the total blended rate for professional services was $600.92 per hour. After the 10% discount, the total amount of fees incurred is $88,455.60 and the total blended rate is $540.82 per hour. Hogan Lovells agreed to a further holdback of 20% of its fees until such time as its retainer to act as special counsel to the Trustee was terminated. Because that retainer ended on July 20, 2010 and Hogan Lovells also seeks reimbursement, in this Application, of the amounts previously held back, Hogan Lovells respectfully submits that its fees for work performed during this period should not be reduced. Accordingly, present request for compensation is in the amount of $88,455.60.

19. A breakdown of the total number of hours performed by each Hogan Lovells timekeeper is provided on **Exhibit A** annexed hereto.

20. Hogan Lovells seeks reimbursement of out-of-pocket expenses incurred in connection with its representation of the Trustee during the Compensation Period in the amount of $29,312.01. An itemized list of these expenses is detailed on **Exhibit B** attached hereto.

21. The principal out-of-pocket expenses incurred by Hogan Lovells were the professional fees of Mr. Robin Dicker QC, a leading insolvency barrister retained to represent the Trustee and who provided specialist advice and expertise in relation to issues with which Hogan Lovells was dealing. Among other things, Mr. Dicker QC represented the Trustee at the

6

hearing of the successful disclosure application against FIM Advisers LLP. It is standard practice in England to engage the services of a specialist barrister in this way.

22. Hogan Lovells charges its clients $0.33 per page for photocopying and printing. Hogan Lovells does not charge for incoming faxes. Hogan Lovells also has not charged for telephone calls, except where external conference call facilities have been used. Charges for such conference calls are based on the actual amounts paid by Hogan Lovells for those services. Similarly, where amounts have been charged in respect of couriers or search fees, those amounts reflect the actual charges incurred by Hogan Lovells.

## GENERAL MATTERS

23. All of the professional services for which compensation is requested herein were performed by Hogan Lovells for and on behalf of the Trustee and not on behalf of any other person or entity.

24. No agreement or understanding exists between Hogan Lovells and any other person for sharing compensation received in connection with this case nor has any other person or entity agreed to provide Hogan Lovells with compensation for the legal services described herein.[2]

25. This Court is authorized by SIPA to award to the attorneys for a SIPA Trustee "reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred." SIPA § 78eee(b)(5)(A). SIPA also permits interim allowances to the attorneys for a SIPA Trustee. *Id.*

---

[2] FIM Advisers LLP was ordered to pay an amount in respect of the Trustee's costs of the successful disclosure application. On receipt, Hogan Lovells immediately transferred that payment, as instructed, to Baker Hostetler LLP.

7

26. Pursuant to § 78eee(b)(5)(E) of SIPA, allowances granted by this Court are to be charged against the general estate as a cost of administration. If the general estate is insufficient to pay such allowances in whole, or in part, SIPC shall advance any necessary funds for such payment. SIPA § 78eee(b)(5)(E). Section 78eee(b)(5)(C) of SIPA provides that SIPC shall file a recommendation with regard to the allowance of fees and reimbursement of expenses requested by this Application, and that this Court shall place considerable reliance on the recommendation of SIPC. SIPA § 78eee(b)(5)(C). Hogan Lovells expects that SIPC's recommendation shall be filed with this Court separately.

**WHEREFORE**, Hogan Lovells respectfully requests that this Court enter an Order:

a. Granting this Application;

b. Allowing payment to Hogan Lovells for interim compensation of legal fees, after (a) a reduction of 10% (in the amount of $9,828.40), and (b) a waiver of the 20% holdback ordinarily imposed, in light of Hogan Lovells' withdrawal from the case, resulting in an aggregate amount of $88,455.60 for professional services rendered to the Trustee from June 1, 2010 through July 20, 2010;

c. Allowing payment to Hogan Lovells in the amount of $29,312.01 for reimbursement of expenses incurred by Hogan Lovells from June 1, 2010 through July 20, 2010; and

d. Allowing payment of the 20% previously held back from its fees, per agreement with the Trustee, in the amount of $447,264.80.

e. Granting Hogan Lovells such other and further relief as this Court deems just and proper.

8

                        Respectfully submitted,

Dated: November 19, 2010          HOGAN LOVELLS LLP

                        By: *s/Christopher Grierson*
                             Christopher Grierson
                             Atlantic House
                             Holborn Viaduct
                             London EC1A 2FG
                             Telephone: +44 (0) 20 7296 2000
                             Fax: +44 (0) 20 7296 2001

**EXHIBIT A**

**SUMMARY OF FIFTH INTERIM FEE APPLICATION
OF HOGAN LOVELLS FOR SERVICES RENDERED
FOR THE PERIOD OF
JUNE 1, 2010 THROUGH JULY 20, 2010**

|  | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Michael Roberts | 2002 | $755.00 | 116.60 | $88,033.00 |
| Leen Qablawi | N/A | $335.00 | 30.60 | $10,251.00 |
| Total: |  | $600.92 | 147.2 | $98,284.00 |
| Total minus 10% Discount |  | $540.82 |  | $88,455.60 |

10

**EXHIBIT B**

**EXPENSE SUMMARY OF HOGAN LOVELLS
FOR THE FIFTH INTERIM PERIOD OF
JUNE 1, 2010 THROUGH JULY 20, 2010**

| **EXPENSES** | **AMOUNTS** |
|---|---|
| Bank charges | $28.70 |
| Communication | $84.49 |
| Courier | $193.27 |
| Counsel Fees | $21,507.54 |
| Photocopying, Scanning, Printing, and Binding | $5,545.09 |
| Research | $160.99 |
| Searches | $14.96 |
| Transcription Fees | $1,776.97 |
| **Total Expenses Requested:** | **$29,312.01** |