| | |
|---|---|
| WINDELS MARX LANE & MITTENDORF, LLP<br>156 West 56th Street<br>New York, New York 10019<br>Tel: (212) 237-1000<br>Howard L. Simon<br>Email: hsimon@windelsmarx.com<br>Regina Griffin<br>Email: rgriffin@windelsmarx.com | Hearing Date: December 14, 2010<br>Hearing Time: 10:00 a.m.<br>Objection Deadline: December 7, 2010 |

*Special Counsel to Irving H. Picard, Esq., Trustee for the
Substantively Consolidated SIPA Liquidation of
Bernard L. Madoff Investment Securities LLC and
Alan Nisselson, the Chapter 7 Trustee of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>      Plaintiff-Applicant,<br><br>   v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>      Defendant. | Adv. Pro. No. 08-01789 (BRL)<br>SIPA Liquidation<br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>      Debtor. | |

**FOURTH APPLICATION OF WINDELS MARX LANE & MITTENDORF, LLP FOR
ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED
FROM JUNE 1, 2010 THROUGH SEPTEMBER 30, 2010**

Windels Marx Lane & Mittendorf, LLP ("Windels Marx" or the "Firm") as special counsel to Irving H. Picard as trustee (the "Trustee") for the substantively consolidated liquidation proceeding of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor"), and to Alan Nisselson as trustee (the "Chapter 7 Trustee"), for the Chapter 7 estate of Bernard L. Madoff ("Madoff"), pursuant to the Order of this Court dated July 16, 2009 [Docket

{10603053:1}

No. 327], respectfully submits this Fourth application (the "Fourth Application") for an order pursuant to section 78eee(b)(5) of the Securities Investor Protection Act ("SIPA"), 15 U.S.C.§ 78eee(b)(5), sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101 et. seq. (the "Bankruptcy Code"), and Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), allowing and awarding interim compensation for services performed by Windels Marx for the period commencing June 1, 2010 through and including September 30, 2010 (the "Fourth Compensation Period") in the amount of $3,023,642.50 (of which $2,418,914 is to be paid currently, and 20%, or $604,728.50, is to be deferred through the conclusion of the liquidation proceeding or further order of the Court), and reimbursement of Windels Marx's actual and necessary expenses incurred during the Compensation Period in the amount of $33,127.92 and in support thereof, respectfully represents as follows:

## I. PRELIMINARY STATEMENT

1. During this Fourth Compensation Period, Windels Marx continued to assist the Trustee and his counsel, Baker & Hostetler LLP ("Baker"), in their efforts to recover customer property for the victims of Madoff's fraud.

2. Among other things, during this period Windels Marx commenced several litigations on behalf of the Trustee against entities owned by members of the Madoff family, seeking to recover tens of millions of dollars of BLMIS funds and/or to preserve and to liquidate assets acquired with BLMIS funds.

3. Also during this Fourth Compensation Period, the Firm continued to assist the Trustee and Baker in investigating potential claims against various parties, including a number of insiders of Madoff/BLMIS, feeder funds and investment advisors. The Firm has made significant progress on its investigations as discussed in more detail below.

4. The following discussion and the materials attached to this Fourth Application cover the major categories of services for which allowance of compensation is sought.

## II. PROCEDURAL BACKGROUND

<u>The SIPA Liquidation</u>

5. On December 11, 2008, the United States Securities and Exchange Commission (the "SEC") filed a complaint in the United States District Court for the Southern District of New York (the "District Court") against defendants Madoff and BLMIS (Case No. 08 CV 10791) (the "SEC Action"). The SEC complaint alleged that Madoff and BLMIS engaged in fraud through the investment advisor activities of BLMIS.

6. In the SEC Action, the SEC consented to a combination of its own action with an application of the Securities Investor Protection Corporation ("SIPC"). Thereafter, pursuant to section 78eee(a)(3) of the SIPA, SIPC filed an application in the District Court alleging, <u>inter alia</u>, that BLMIS was not able to meet its obligations to securities customers as they came due and, accordingly, its customers needed the protection afforded by SIPA.

7. On December 15, 2008, District Judge Stanton granted the SIPC application, which among other things:

- appointed Irving H. Picard as the SIPA Trustee for the liquidation of the business of BLMIS pursuant to 15 U.S.C. § 78eee(b)(3);

- appointed Baker as counsel to the SIPA Trustee pursuant to 15 U.S.C. § 78eee(b)(3); and

- removed the liquidation proceeding (the "BLMIS Liquidation") to this Court pursuant to 15 U.S.C. § 78eee(b)(4).

The Bernard L. Madoff Chapter 7 Case

8. On April 13, 2009, Blumenthal & Associates Florida General Partnership, Martin Rappaport Charitable Remainder Unitrust, Martin Rappaport, Marc Cherno and Steven Morganstern (collectively, the "Petitioning Creditors"), through their attorneys, Milberg LLP, filed an involuntary petition for relief under Chapter 7 of the Bankruptcy Code against Madoff.

9. On April 16, 2009, the Petitioning Creditors filed a motion to appoint a trustee in Madoff's case, and on that same date, the Court entered an *Order to Show Cause Why the Court Should Not Enter an Order Directing the United States Trustee to Appoint an Interim Trustee.*

10. On April 20, 2009, the Court entered an Order directing the Office of the United States Trustee for the Southern District of New York (the "UST") to appoint an interim trustee to perform the duties of trustee as set forth in Bankruptcy Code §§ 701 and 704, pursuant to which the UST appointed Alan Nisselson as the Chapter 7 Trustee on April 21, 2009.

11. On April 24, 2009, the Court entered an Order authorizing and empowering the Chapter 7 Trustee to retain Windels Marx to represent him in the Madoff case, effective as of April 21, 2009.

12. On May 5, 2009, the SIPA Trustee and SIPC, by their counsel, filed a joint motion for entry of an order pursuant to section 105(a) of the Bankruptcy Code substantively consolidating the Madoff estate into the BLMIS Liquidation (the "Substantive Consolidation Motion").

{10603053:1}    -4-

13. On June 4, 2009, after the Chapter 7 Trustee filed a Response to the Substantive Consolidation Motion, the Court entered a Consent Order ("Consent Order") [Docket No. 252] which, among other things:

- approved the Substantive Consolidation Motion, *nunc pro tunc* to December 11, 2008;

- ordered that the Chapter 7 Trustee would remain trustee to the Madoff estate and would continue to have all powers, rights, claims, and interests of a Chapter 7 trustee pursuant to, among others, Chapters 5 and 7 of the Bankruptcy Code;

- directed that the Trustee would have all the duties and powers of a SIPA trustee and of a Chapter 7 trustee, other than those specifically granted to the Chapter 7 Trustee as indicated above; and

- ordered that the Chapter 7 Trustee would be authorized to use as his counsel any counsel or special counsel retained by the Trustee, after consultation with, and the approval of, the Trustee and SIPC.

14. On July 16, 2009, this Court entered an Order granting the Trustee's motion to retain Windels Marx as special counsel on behalf of the consolidated estate, *nunc pro tunc* as of June 9, 2009 [Docket No. 327], finding that Windels Marx is disinterested pursuant to provisions section 78eee(b)(6) of SIPA, section 327(a) of the Bankruptcy Code, and Bankruptcy Rule 2014(a) and is therefore in compliance with the disinterestedness requirement in section 78eee(b)(3) of SIPA, section 327(a) of the Bankruptcy Code, and Bankruptcy Rule 2014(a).

### III. SPECIAL COUNSEL'S EXPERIENCE

15. Windels Marx engages in the general practice of law, and has substantial expertise in such areas as bankruptcy, commercial litigation, securities, tax and corporate law.

16. In particular, the senior Windels Marx attorneys in charge of this matter, including Alan Nisselson, the Chapter 7 Trustee, specialize in advising Chapter 7 and Chapter 11 bankruptcy trustees in connection with complex bankruptcy litigation related to, among other things, asset analysis and recovery.

### IV. SUMMARY OF SERVICES

17. The services rendered by Windels Marx during the four-month Fourth Compensation Period are described below. In rendering professional services to the Trustee and the Chapter 7 Trustee, Windels Marx's legal team has been composed of professionals with extensive experience in bankruptcy and complex commercial litigation, securities, tax and corporate law.

18. Windels Marx professionals have worked closely with the Trustee, his counsel Baker, and the Trustee's other retained professionals to coordinate their efforts in order to maximize efficiency and to avoid any duplication of effort.

19. This Fourth Application is intended to serve as a summary description of the more significant services rendered by Windels Marx during the Fourth Compensation Period. The following section provides an overview of those services, sorted by the task codes used by Windels Marx for specific categories of work. Windels Marx implemented the task codes to permit a more detailed analysis of the fees incurred. As the case has evolved, Windels Marx has added additional task codes to ensure that work on a specific issue or matter is billed to the same matter or task code.

A.  **Litigation** – Task Code 010 (2604.10 hours)

20.     Windels Marx rendered substantial services in connection with this category, which relates to time spent by the Firm at the Trustee's direction, performing factual and legal research, preparing analyses, drafting memoranda, motions and/or pleadings, and appearing before the Bankruptcy Court in connection with litigation and/or anticipated litigation to recover assets for the estate.

21.     Windels Marx has continued to render services in connection with the chapter 11 petition the Trustee caused to be filed against BLM Air Charter LLC ("BLM Air") in the United States Bankruptcy Court for the Southern District of New York (*In re BLM Air Charter LLC*, Case No. 09-16757 (BRL)).  The Trustee determined that the commencement of the BLM Air bankruptcy case and a related adversary proceeding were necessary to preserve and ultimately to liquidate for the benefit of the BLMIS estate BLM Air's 50% interest in a private jet.  Among the services rendered by Windels Marx during the Fourth Compensation Period in the BLM Air bankruptcy were:

- opposing the motion of Talon Air Inc. ("Talon") seeking to lift the stay and terminate its charter agreement with BLM Air and negotiating a new interim charter arrangement with Talon;

- continued litigation of an adversary proceeding seeking authority pursuant to Bankruptcy Code § 363(h) to sell the Aircraft free and clear of the interests of the other 50% co-owner of the Aircraft, BDG Aircharter, Inc. (The parties to that adversary proceeding have agreed to temporarily suspend the discovery process for a brief period of time to pursue settlement negotiations.); and

- continued discussions with the Trustee and Baker regarding strategy and status of the BLM Air bankruptcy case and the related adversary proceeding.

22. In addition, included within this task category were substantial services rendered by Windels Marx in connection with the investigation and commencement of several litigation involving personal business ventures owned, controlled and/or managed by various Madoff family members but which were unlawfully acquired/capitalized with BLMIS customer funds. In connection with these Madoff family-related entities, Windels Marx reviewed the Debtor's books and records and all relevant materials produced to the Trustee pursuant to subpoenas; consulted extensively with Baker and the Trustee's forensic consultants, FTI Consulting ("FTI"); conducted a Bankruptcy Rule 2004 examination; conducted substantial legal research and drafted internal memoranda. The Firm's efforts recently culminated in the commencement of three adversary proceedings on behalf of the Trustee against the following Madoff family-related entities seeking, among other things, the recovery of collectively more than $30 million of BLMIS funds:

i) <u>Irving H. Picard v. Madoff Technologies, LLC et al.</u>, Adv. Proc. No. 10-03483 (BRL);

ii) <u>Irving H. Picard v. Madoff Energy Holdings, LLC et al.</u>, Adv. Proc. No. 10-03484 (BRL); and

iii) <u>Irving H. Picard v. Madoff Family LLC</u>, Adv. Proc. No. 10-03485 (BRL)

23. Also included within this category are a significant number of complaints prepared on behalf of the Trustee for actions that will be commenced by the Trustee on or before the expiration of the statutory period against various persons and entities which received avoidable transfers from BLMIS.

B.  **Trustee Investigation** – Task Code 039 (6752.80 hours)

24.  This category relates to time spent with respect to the identification, investigation and recovery of various potential assets on behalf of the consolidated estate.

25.  During the Fourth Compensation Period, Windels Marx expended a substantial amount of time assisting the Trustee in investigating potential insiders of BLMIS and Madoff to ascertain whether the potential insiders were the unlawful recipients of BLMIS customer property or corporate assets.

26.  Included in this category of services by the Firm were the following:

- reviewing account information and statements of BLMIS customers;

- discussions and conferences with the Trustee, Baker, FTI and AlixPartners regarding the relevant customer and/or feeder fund accounts, transactions with potential issues, and optimal strategy regarding the investigation and/or conceivable litigations;

- conducting and participating in interviews of third-party witnesses;

- drafting and issuing dozens of subpoenas and inquiry letters to various parties concerning BLMIS;

- organizing and reviewing documents received from responses to issued subpoenas and letters; and

- drafting internal memoranda regarding the various investigations.

C. **Banks and Feeder Funds** – Task Code 040 (598.60 hours)

27. This category relates to time spent by the Firm, at the Trustee's direction, investigating potential claims against feeder funds, and related investment advisors and managers. Windels Marx expended time investigating feeder funds that had direct accounts with BLMIS as well as those feeder funds that invested indirectly with BLMIS. Among other services rendered by the Firm in connection with this task code category are the issuance of Bankruptcy Rule 2004 Subpoenas and preparation for, and participation in, interviews of feeder funds advisors and managers. During this compensation period, the Firm assisted the Trustee in preparing complaints against certain feeder funds who may have received preferences or fraudulent transfers from BLMIS.

D. **Internal Office Meetings** – Task Code 020 (30.80 hours)

28. This category relates to internal Windels Marx strategy and training sessions related to the various investigations on behalf of the Trustee and the Chapter 7 Trustee. Windels Marx expended minimal time in this category during the Fourth Compensation Period.

E. **Billing/Fee Applications –** Task Code 007 (93.90 hours)

29. In addition to preparation of this Fourth Application, this category relates to the time spent by attorneys and paraprofessionals in reviewing the Windels Marx billing statements prior to submission to SIPC to ensure that time was properly billed by Windels Marx, to correct any errors in time entries, to write off certain time and expenses as agreed to by Windels Marx for the benefit of SIPC, and to respond to certain adjustments requested by SIPC after its review of the fee statement.

## V. COMPENSATION REQUESTED

30. During the Fourth Compensation Period, Windels Marx expended 10,083.20 hours in the rendition of professional and paraprofessional services on behalf of the Trustee and the Chapter 7 Trustee, resulting in a blended attorney hourly rate of $347.50 for fees incurred.

31. Prior to filing this Fourth Application, Windels Marx provided to SIPC (i) its monthly statements setting forth the Firm's total fees for services rendered and expenses incurred on behalf of the consolidated estate for each month during the period June 1, 2010 through September 30, 2010 seeking approval of $3,023,642.50 and (ii) a draft of this Fourth Application.

32. Windels Marx's total fees for this Fourth Compensation Period were $3,381,182.77 and necessary expenses incurred were $35,904.54. In connection with preparing each of the four monthly statements and this Fourth Application, however, Windels Marx voluntarily reduced its total fees of $3,381,182.77 to $3,023,642.50 by: (i) discounting the Firm's rates by 10% at SIPC's request (resulting in a voluntary reduction of $335,960.28), and (ii) voluntarily writing off additional fees of $12,960.00, and unbilled time of $8,620.00. Windels Marx reduced its total expenses of $35,904.54 to $33,127.92 by voluntarily writing off $2,776.62 of expenses customarily charged to other clients of the Firm. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in the Chapter 7 and 11 Cases and comparable bankruptcy and non-bankruptcy cases in a competitive national legal market.

33. There is no agreement or understanding among the Trustee, Windels Marx or any other person, other than members of Windels Marx, for sharing of compensation to be received for services rendered in this case.

34. This Application has been prepared in accordance with the Amended Guidelines for Fees and Disbursements of Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on April 19, 1995 (the "Local Guidelines"). Pursuant to the Local Guidelines, the certification of Regina Griffin, Esq. regarding compliance with the same is attached hereto as Exhibit A.

35. Exhibit B annexed hereto provides a schedule of Windels Marx professionals and paraprofessionals who have provided services for the Debtors during the Compensation Period, the capacity in which each individual is employed by the Firm, the year in which each attorney was licensed to practice law, the hourly billing rate charged by Windels Marx for services provided by each individual and the aggregate number of hours billed by each individual. The 10% discount (as described above) is already reflected in the total amount billed.

36. Exhibit C annexed hereto provides a schedule of the expenses for which reimbursement is requested. The requested expenses are customarily charged to and paid by Windels Marx's bankruptcy and non-bankruptcy clients.

37. Exhibit D annexed hereto is a summary by task code of services performed by Windels Marx from June 1, 2010 through September 30, 2010.

38. To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Fourth Compensation Period, but were not classified or processed prior to the preparation of this Fourth Application, Windels Marx reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.

## VI. WINDELS MARX'S REQUEST FOR INTERIM COMPENSATION SHOULD BE GRANTED

39. Section 78eee(b)(5)(A) of SIPA provides in pertinent part that, upon appropriate application and after a hearing, "[t]he court shall grant reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred ... by a trustee ..." Section 78eee(b)(5)(C) of SIPA specifically establishes SIPC's role in connection with applications for compensation and the consideration the Court should give to SIPC's recommendation concerning fees. That section provides as follows:

> In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this Chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC. In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendations of SIPC.

40. To the extent the general estate is insufficient to pay such allowances as an expense of administration, section 78eee(b)(5)(E) of SIPA requires SIPC to advance the funds necessary to pay the compensation of Windels Marx (see section 78fff-3(b)(2) of SIPA).

41. Based on the allocation process set forth in SIPA, the Trustee has determined at this time that he has no reasonable expectation that the general estate will be sufficient to make any distribution to general creditors or pay any administrative expenses. That is, the Trustee believes that any assets allocated to the BLMIS general estate will be exhausted prior to his being able to reimburse SIPC fully. The Trustee has been advised by SIPC that it concurs with this belief of the Trustee. Accordingly, any fees and expenses allowed by this Court will be paid from advances by SIPC without any reasonable expectation by SIPC of recoupment thereof.

42.     Therefore, with respect to this Fourth Application, Windels Marx requests that consistent with section 78eee(b)(5)(C) of SIPA, the Court "shall award the amounts recommended by SIPC." See In re Bell & Beckwith, 112 B.R. 876 (Bankr. N.D. Ohio 1990). Windels Marx expects that SIPC will file its recommendation to the Court with respect to this Application prior to the hearing, currently scheduled for December 14, 2010.

43.     Windels Marx submits that the request for interim allowance of compensation made through this Fourth Application is reasonable and complies with the provisions of the Bankruptcy Code governing applications for compensation and reimbursement of expenses, pursuant to section 78eee(b)(5) of SIPA.

## VII. CONCLUSION

44.     Windels Marx respectfully submits that the services rendered during the Fourth Compensation Period merit the approval of the fees and disbursements requested herein, and respectfully requests that the Court enter an Order: (i) allowing and awarding 3,023,642.50 (of which $2,418,914 is to be paid currently, and 20%, or $604,728.50 is to be deferred through the conclusion of the liquidation period) as an interim payment for professional services rendered by Windels Marx during the Fourth Compensation Period, and $33,127.92 as reimbursement of the actual and necessary costs and expenses incurred by the Firm in connection with the rendition of such services; and (ii) granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
November 19, 2010

Respectfully submitted,

WINDELS MARX LANE & MITTENDORF, LLP
*Special Counsel for Irving H. Picard, Trustee for the SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Alan Nisselson, the Chapter 7 Trustee of Bernard L. Madoff*

 */s/ Regina Griffin*
Regina Griffin (rgriffin@windelsmarx.com)
Howard L. Simon (hsimon@windelsmarx.com)
156 West 56th Street
New York, New York 10019
Telephone: (212) 237-1000
Facsimile: (212) 262-1215