**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-1789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**APPLICATION OF WILLIAMS, BARRISTERS & ATTORNEYS
AS SPECIAL COUNSEL TO THE TRUSTEE FOR ALLOWANCE
OF INTERIM COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES
INCURRED FROM JUNE 1, 2010 THROUGH SEPTEMBER 30, 2010**

Williams, Barristers & Attorneys ("Williams"), Bermuda special counsel to Irving H. Picard (the "Trustee"), Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor") under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA") and Bernard L. Madoff, submits this Application for Interim Allowance of Fees and Reimbursement of Expenses (the "Application") for compensation of legal fees in the amount of $85,805.00 (of which 20% is to be deferred through the conclusion of the liquidation period) and reimbursement of expenses in the amount of $16,365.00 for the period June 1, 2010 through September 30, 2010 (the "Compensation Period"). In support of this Application, Williams respectfully represents as follows:

## I. BACKGROUND

1.      On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order (the "Decree Order") calling for the liquidation of the business of the Debtor in accordance with SIPA and by Paragraph II of the Decree Order, the Trustee was appointed as the trustee for the liquidation of the Debtor's business.

2.      The Debtor's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, to the extent consistent with the provisions of SIPA, is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") pursuant to SIPA § 78fff(b).

3.      On April 1, 2009, Williams was retained as special counsel for the Trustee.

4.      On April 21, 2009, this Court entered an order approving the Trustee's motion for authority to retain Williams as special counsel to the Trustee in matters pertaining to Bermuda.

5.      The Trustee's motion to retain Williams established a fee arrangement pursuant to which Williams agreed to a fee reduction in the amount of 10%. Williams also agreed to an additional holdback of fees in the amount of 20%.

## II. SERVICES RENDERED BY WILLIAMS

6.      Throughout the Compensation Period, Williams has represented the Trustee in Bermuda. The legal services performed on behalf of the Trustee during the time period covered by this Application are as follows:

7.      During the Compensation Period, Williams has assisted and facilitated the Trustee's U.S. Counsel, Baker & Hostetler LLP, with inquiries and investigations into BLMIS-related transfers of approximately $80,000,000.00 to and through the Islands of Bermuda.

8. Williams has assisted the Trustee in connection with his investigation in Bermuda of Madoff-related Feeder Funds and BLMIS-associated entities.

9. Williams has facilitated liaison with the Bermuda Attorney General's Chambers, the Bermuda Monetary Authority, and the Bermuda Government in the Trustee's investigations of BLMIS-related entities and persons, in relation to cooperation under Bermuda's Criminal Justice (International Cooperation) legislation; Williams has also advised upon certain possible courses of action for the Trustee under certain Bermuda-based statutory provisions.

10. Williams has assisted the Trustee to liaise with the Bermuda Police Service, the Bermuda Financial Investigation Authority, and the United Kingdom Serious Fraud Office in relation to their inquiries into certain BLMIS-related transfers through and activities in the Islands of Bermuda.

11. Williams has assisted the Trustee in its proceedings against a Bermuda-based BLMIS-related Feeder Fund.

12. Williams has met and attended upon attorneys for certain funds, holding monies in Bermuda, to which the Trustee maintains a claim.

13. Williams has monitored and reported on Madoff-related litigation as has been recorded in the Cause Book and records of the Supreme Court of Bermuda throughout the Compensation Period.

14. Williams has monitored and advised upon the actions taken by certain entities in Bermuda's Appellate courts.

15. Williams has advised the Trustee in relation to its investigations into various Bermuda-based entities, investigations by the Swiss and Bermuda governments against, and in

3

relation, to certain alleged Madoff fund managers and associated entities, including complaints brought against directors.

16. Williams has acted in effecting service upon and advising upon issues of service of proceedings against a number of Bermuda-based companies, banks, and individuals.

17. During the Compensation Period, Williams conducted investigations and inquiries in Bermuda and elsewhere on the instructions of the Trustee in relation to various Madoff-related entities, their officers and directors, and multi-million dollar transfers to and through Bermuda.

18. Results accomplished include monitoring and advising the Trustee as to the preservation of approximately $111,000,000.00 to $200,000,000.00 of funds held at the Bank of Bermuda Limited in Bermuda over which the Trustee maintains a claim and which funds have been claimed by other entities and authorities; successful pursuit and service of Bermuda-based entities with proceedings, orders and injunctions in Madoff-related proceedings in the United States; and assistance with the process of discovery from companies and deposing of individuals based in Bermuda for U.K. and U.S. actions.

19. Williams also conducted the service of proceedings issued out of the U.S. Bankruptcy Court for the Southern District of New York on institutions and individuals in Bermuda. In this regard, Williams has conducted company searches, and researched and advised on the rules as to service both locally in Bermuda and internationally under the Hague Convention and other relevant legislation and treaties.

20. Williams has also effected the service of Rule 2004 Subpoenas and Requests for International Judicial Assistance on corporate entities and individuals in Bermuda throughout the Compensation Period.

21. Williams has advised the Trustee's U.S. Counsel in relation to issues of Bermuda law effecting service of U.S. proceedings in the Islands of Bermuda, and provided advice on the Hague and associated conventions as they effect the coincidence of U.S. and Bermuda laws.

22. Williams has advised and represents the Trustee in Bermuda proceedings *Thema Fund Ltd. v. HSBC Institutional Trust Services*, Civil Jurisdiction 2009 No. 411.

23. Williams has advised the Trustee's new counsel in the U.K., Messrs. Mishcon de Reya, to include a comprehensive evaluation and update of UK counsel as to all proceedings to date in Bermuda.

24. Williams has advised and assisted the Trustee' U.K. counsel, Mr. Pushpinder Saini, as to Bermuda law and strategy generally.

25. Williams has advised the Trustee's U.S. and U.K. counsel generally in relation to issues of cross-border insolvency.

26. Williams has assisted, advised, and enabled the Trustee's U.S. Counsel to obtain and collect documentary discovery from entities and individuals in Bermuda in relation to BLMIS.

27. Williams has arranged and assisted the Trustee's U.S. Counsel in relation to the visit to the Island of a team of U.S. lawyers for documentary discovery and collection purposes.

28. Williams has participated in numerous multi-jurisdictional conference calls to assist and advise the Trustee's U.S. Counsel in different jurisdictions on matters of Bermuda law generally.

29. Williams has generally represented the Trustee's interests in actions in and the laws of the Islands of Bermuda.

### III. COMPENSATION REQUESTED

30. The Application demonstrates how Williams has both added value to the Debtor's estate and has advanced the Debtor's SIPC liquidation proceeding.

31. Williams has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism. To that end, Williams has staffed this matter leanly and has endeavored to eliminate duplication of effort by giving primary responsibility of the case to Damien Justin Williams and involving other attorneys only when necessary.

32. From June 1, 2010 through September 30, 2010, Williams provided a total of 253.8 hours of legal services to the Trustee in this case. Prior to the 10% discount, the total amount of fees incurred in this time period was $148,049.15 and the total blended rate for professional services was $583.33/hour. After the 10% discount, the total amount of fees incurred is $133,244.23 and the total blended rate is $525/hour. Williams has agreed to a further 20% holdback of fees in the amount of $26,648.85 resulting in the present request for compensation in the amount of $106,595.38.

33. A breakdown of the total number of hours performed by each Williams timekeeper is provided on **Exhibit A** annexed hereto.

34. Williams seeks reimbursement for incurred out-of-pocket expenses in connection with its representation of the Trustee during the Compensation Period in the amount of $16,365.00. An itemized list of these expenses is detailed on **Exhibit B** attached hereto. Williams typically charges its clients $0.50 per page printed. Williams does not charge for incoming faxes. Charges for telephone calls are based on the actual amounts paid by Williams for those services.

6

## IV. GENERAL MATTERS

35. All of the professional services for which compensation is requested herein were performed by Williams for and on behalf of the Trustee and not on behalf of any other person or entity.

36. No agreement or understanding exists between Williams and any other person for sharing compensation received in connection with this case nor has any other person or entity agreed to provide Williams with compensation for the legal services described herein.

37. This Court is authorized by SIPA to award to the attorneys for a SIPA Trustee "reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred." SIPA § 78eee(b)(5)(A). SIPA also permits interim allowances to the attorneys for a SIPA Trustee. *Id.*

38. Pursuant to § 78eee(b)(5)(E) of SIPA, allowances granted by this Court are to be charged against the general estate as a cost of administration. If the general estate is insufficient to pay such allowances in whole, or in part, SIPC shall advance any necessary funds for such payment. SIPA § 78eee(b)(5)(E). Section 78eee(b)(5)(C) of SIPA provides that SIPC shall file a recommendation with regard to the allowance of fees and reimbursement of expenses requested by this Application, and that this Court shall place considerable reliance on the recommendation of SIPC. SIPA § 78eee(b)(5)(C). Williams expects that SIPC's recommendation shall be filed with this Court separately.

**WHEREFORE**, Williams respectfully requests that this Court enter an Order:

a. Granting this Application;

b. Allowing payment to Williams for interim compensation of legal fees, after (a) a reduction of 10% (in the amount of $14,804.92) and (b) a holdback of 20% (in the amount of $26,648.85) pending final approval of Williams' fees in this case, in

7

  the aggregate amount of $106,525.38 for professional services rendered to the Trustee from June 1, 2010 through September 30, 2010;

c.  Allowing payment to Williams in the amount of $16,365.00 for reimbursement of expenses incurred by Williams from June 1, 2010 through September 30, 2010; and

d.  Granting Williams such other and further relief as this Court deems just and proper.

                Respectfully submitted,

Dated: November 19, 2010        WILLIAMS, Barristers & Attorneys

            By: ___*s/Justin Williams*_____
              Justin Williams
              LOM Building
              27 Reid Street
              Hamilton, Bermuda
              Telephone: +1(441) 536-0000
              Fax: +1(441) 295-4720
              Email: law@williams.bm

# EXHIBIT A

## SUMMARY OF FIFTH INTERIM FEE APPLICATION
## OF WILLIAMS, BARRISTERS & ATTORNEYS FOR SERVICES RENDERED
## FOR THE PERIOD JUNE 1, 2010 THROUGH SEPTEMBER 30, 2010

|  | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Damien Justin Williams | 1988 | $583.33 | 222.2 | $130,024.25 |
| Paul Harshaw | 1998 | $583.33 | 30.9 | $18,024.90 |
| Total: |  | $583.33 | 253.8 | $148,049.15 |
| Total minus 10% Discount |  | $525.00 |  | $133,244.23 |
| **Total Net of 20% Holdback:** |  |  |  | **$106,595.38** |

## EXHIBIT B

## SEPTEMBER 30, 2010

| EXPENSES | AMOUNTS |
|---|---|
| Communication Expenses | $4,685.00 |
| Copy and Electronic Storage | $1,600.00 |
| Search/Investigation Fees | $900.00 |
| Administration Fee | $4,800.00 |
| IT Charges | $1,800.00 |
| Research | $500.00 |
| Conference Facilities | $1,000.00 |
| Process Service Fees | $900.00 |
| Local Travel | $180.00 |
| **Total Expenses Requested:** | **$16,365.00** |