**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-1789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**APPLICATION OF SCHILTZ & SCHILTZ AS SPECIAL COUNSEL**
**TO THE TRUSTEE FOR ALLOWANCE OF INTERIM COMPENSATION FOR**
**SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY**
**EXPENSES INCURRED FROM JUNE 1, 2010 THROUGH SEPTEMBER 30, 2010**

Franz Schiltz, together with the other members and associates at the law firm of Schiltz &

Schiltz which has offices in Luxembourg (collectively, "Schiltz"), special counsel for Irving H.

Picard (the "Trustee"), Trustee for the liquidation of the business of Bernard L. Madoff

Investment Securities LLC ("BLMIS" or "Debtor") under the Securities Investor Protection Act

of 1970, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA") and Bernard L. Madoff, submits this Application

for Interim Allowance of Fees and Reimbursement of Expenses (the "Application") for

compensation of legal fees in the amount of $92,046.75 (of which 20% is to be deferred through

the conclusion of the liquidation period) and reimbursement of expenses in the amount of

$5,983.05 for the period from June 1, 2010 through September 30, 2010 (the "Compensation

Period").  In support of the Application, Schiltz respectfully submits as follows:

## I. BACKGROUND

1.      On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order (the "Decree Order") calling for the liquidation of the business of the Debtor in accordance with SIPA and by Paragraph II of the Decree Order, the Trustee was appointed as the trustee for the liquidation of the Debtor's business.

2.      The Debtor's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, to the extent consistent with the provisions of SIPA, is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") pursuant to SIPA § 78fff(b).

3.      On March 3, 2009, Schiltz was retained as special counsel to the Trustee.

4.      On April 14, 2009, this Court entered an order approving the Trustee's motion for authority to retain Schiltz as special counsel to the Trustee in matters pertaining to Luxembourg.

5.      The Trustee's motion to retain Schiltz established a fee arrangement pursuant to which Schiltz agreed to a fee reduction in the amount of 10%.  Schiltz also agreed to an additional holdback of fees in the amount of 20%.

## II. SERVICES RENDERED BY SCHILTZ

6.      The legal services performed on behalf of the Trustee during the time period covered by this Application are as follows:

### *Disclosure of Documents*

7.      Schiltz continued to assist and advise the Trustee's U.S. counsel, Baker & Hostetler LLP, with respect to delivery and communication of documents by various entities involved.

2

8.      Input from Schiltz was especially needed with respect to Luxembourg statutes impacting the Trustee's investigatory efforts.

9.      Schiltz also acted as a liaison between the Trustee's U.S. counsel, Baker & Hostetler LLP, and the Trustee's expert-consultant for Luxembourg law.

### *Madoff-Related Cases Introduced and Pending before Luxembourg Courts*

10.     Schiltz continued to monitor, on a general basis, Madoff-related cases introduced before the Luxembourg Summary Courts, as well as before the Luxembourg Civil and Commercial Courts.

11.     Schiltz especially continued to focus on the very numerous liability claims introduced with the Luxembourg Courts by individual investors and also on the global liability claims filed by the liquidators of each of the several Luxembourg-based feeder funds.

12.     In addition, Schiltz reported on various other Luxembourg-based matters on a regular basis.

13.     Schiltz also assisted and advised the Trustee in connection with a third-party notice issued against the Trustee by various defendants sued by the liquidators of a Luxembourg-based feeder fund.

### *Ongoing Luxembourg Liquidation Process*

14.     Schiltz continued to assist in contacts with the various Luxembourg liquidators.

### *Collecting Specific Information*

15.     Schiltz also continued to be active in collecting specific information relating to various entities.

### III.  COMPENSATION REQUESTED

16.     The Application demonstrates how Schiltz has both added value to the Debtor's estate and has advanced the Debtor's SIPC liquidation proceeding.

17. Schiltz has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism. To that end, Schiltz has staffed this matter leanly and has endeavored to eliminate duplication of effort by giving primary responsibility of the case to one partner, Franz Schiltz and involving other attorneys only when necessary.

18. From June 1, 2010 through September 30, 2010, Schiltz provided a total of 185.6 hours of legal services to the Trustee in this case. Prior to the 10% discount, the total amount of fees incurred in this time period was $102,274.17 and the total blended rate for professional services was $551.05/hour. After the 10% discount, the total amount of fees incurred is $92,046.75 and the total blended rate is $495.95/hour. Schiltz has agreed to a further 20% holdback of fees in the amount of $18,409.35 resulting in the present request for compensation in the amount of $73,637.40.

19. A breakdown of the total number of hours performed by each Schiltz timekeeper is provided on **Exhibit A** annexed hereto.

20. Schiltz seeks reimbursement for out-of-pocket expenses incurred in connection with its representation of the Trustee during the Compensation Period in the amount of $5,983.05. An itemized list of these expenses is detailed on **Exhibit B** attached hereto. Schiltz typically charges his clients an additional amount equivalent to 8% of his fees in order to cover normal office expenses. In this case, Schiltz agreed to charge normal office expenses at a reduced rate of 6.5%.

## IV. <u>GENERAL MATTERS</u>

21. All of the professional services for which compensation is requested herein were performed by Schiltz for and on behalf of the Trustee and not on behalf of any other person or entity.

4

22.     No agreement or understanding exists between Schiltz and any other person for sharing compensation received in connection with this case nor has any other person or entity agreed to provide Schiltz with compensation for the legal services described herein.

23.     This Court is authorized by SIPA to award to the attorneys for a SIPA Trustee "reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred." SIPA § 78eee(b)(5)(A). SIPA also permits interim allowances to the attorneys for a SIPA Trustee. *Id.*

24.     Pursuant to § 78eee(b)(5)(E) of SIPA, allowances granted by this Court are to be charged against the general estate as a cost of administration. If the general estate is insufficient to pay such allowances in whole, or in part, SIPC shall advance any necessary funds for such payment. SIPA § 78eee(b)(5)(E). Section 78eee(b)(5)(C) of SIPA provides that SIPC shall file a recommendation with regard to the allowance of fees and reimbursement of expenses requested by this Application, and that this Court shall place considerable reliance on the recommendation of SIPC. SIPA § 78eee(b)(5)(C). Schiltz expects that SIPC's recommendation shall be filed with this Court separately.

**WHEREFORE**, Schiltz respectfully requests that this Court enter an Order:

a.     Granting this Application;

b.     Allowing payment to Schiltz for interim compensation of legal fees, after (a) a reduction of 10% (in the amount of $10,227.42) and (b) a holdback of 20% (in the amount of $18,409.35) pending final approval of Schiltz' fees in this case, in the aggregate amount of $73,637.40 for professional services rendered to the Trustee from June 1, 2010 through September 30, 2010;

c.     Allowing payment to Schiltz in the amount of $5,983.05 for reimbursement of

expenses incurred by Schiltz from June 1, 2010 through September 30, 2010; and

d.        Granting Schiltz such other and further relief as this Court deems just and proper.


                                                    Respectfully submitted,

Dated: November 19, 2010                            SCHILTZ & SCHILTZ

                                        By:  __*s/Franz Schiltz*_____
                                             Franz Schiltz
                                             2 Rue du Fort
                                             Rheinsheim
                                             L-2419
                                             Luxembourg
                                             Telephone: +1(352) 45 64 80
                                             Fax: +1(352) 45 64 44

**<u>EXHIBIT A</u>**

**<u>SUMMARY OF FIFTH INTERIM FEE APPLICATION</u>**
**<u>OF SCHILTZ & SCHILTZ FOR SERVICES RENDERED</u>**
**<u>FOR THE PERIOD JUNE 1, 2010 THROUGH SEPTEMBER 30, 2010</u>**

|  | **YEAR ADMITTED** | **HOURLY RATE** | **TOTAL HOURS BILLED** | **TOTAL COMPENSATION** |
|---|---|---|---|---|
| Franz Schiltz | 1993 | $633.33 | 95.5 | $60,483.33 |
| Laurence Frising | 1995 | $475.00 | 75 | $35,625.00 |
| Claude Veriter | 1997/2003 | $408.33 | 15.1 | $6,165.83 |
| Total: | | $551.05 | 185.6 | $102,274.17 |
| Total minus 10% Discount | | $495.95 | | $92,046.75 |
| **Total Net of 20% Holdback:** | | | | **$73,637.40** |

## EXHIBIT B

### EXPENSE SUMMARY OF SCHILTZ & SCHILTZ FOR THE FIFTH INTERIM PERIOD OF JUNE 1, 2010 THROUGH SEPTEMBER 30, 2010

| EXPENSES | AMOUNTS |
|---|---|
| Ordinary expenses @6.5% of fees | $5,983.05 |
| **Total Expenses Requested:** | **$5,983.05** |