**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-1789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**APPLICATION OF HIGGS & JOHNSON (FORMERLY HIGGS JOHNSON TRUMAN
BODDEN & CO.) AS SPECIAL COUNSEL TO THE TRUSTEE FOR ALLOWANCE OF
INTERIM COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES
INCURRED FROM JUNE 1, 2010 THROUGH SEPTEMBER 30, 2010**

Ms. Alexia Adda, together with the members and associates at the law firm of Higgs &
Johnson, special counsel for Irving H. Picard (the "Trustee"), Trustee for the liquidation of the
business of Bernard L. Madoff Investment Securities LLC ("BLMIS" of "Debtor") under the
Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa et seq. ("SIPA") and Bernard L.
Madoff, submits this Application for Interim Allowance of Fees and Reimbursement of
Expenses (the "Application") for compensation of legal fees in the amount of $67,709.25 (of
which 20% is to be deferred through the conclusion of the liquidation period) and reimbursement
of expenses in the amount of $4,735.06 for the period from June 1, 2010 through September 30,

2010 (the "Compensation Period").  In support of the Application, Higgs & Johnson respectfully submits as follows:

## I.  BACKGROUND

1.      On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order (the "Decree Order") calling for the liquidation of the business of the Debtor in accordance with SIPA and by Paragraph II of the Decree Order, the Trustee was appointed as the trustee for the liquidation of the Debtor's business.

2.      The Debtor's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, to the extent consistent with the provisions of SIPA, is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") pursuant to SIPA § 78fff(b).

3.      Beginning on April 1, 2009, Higgs & Johnson has served as special counsel to the Trustee.

4.      On April 21, 2009, this Court entered an order approving the Trustee's motion for authority to retain Higgs & Johnson as special counsel to the Trustee in matters pertaining to the Cayman Islands.

5.      The Trustee's motion to retain Higgs & Johnson established a fee arrangement pursuant to which Higgs & Johnson agreed to a fee reduction in the amount of 10%.  Higgs & Johnson also agreed to an additional holdback of fees in the amount of 20%.

## II.  SERVICES RENDERED BY HIGGS & JOHNSON

6.      The legal services performed on behalf of the Trustee during the time period covered by this Application are as follows:

7.      The majority of June was taken up with corresponding with Harley International (Cayman) Limited's ("Harley") representatives, Mourants, as well as corresponding and advising instructing attorneys from the Trustee's U.S. counsel, Baker & Hostetler LLP, and instructing London solicitors, Mishcon de Reya, particularly with regards to the Cayman Island's procedural rules surrounding the preparation and issuing of a claim against Harley.

8.      Towards the end of August, the Trustee's U.S. counsel, Baker & Hostetler LLP, and the Trustee's special counsel for the United Kingdom and the British Commonwealth, Mishcon de Reya, attended a meeting in the Cayman Islands office of Higgs & Johnson.

9.      In September, further advice was given in connection with the preparation of disclosure orders and finalization of the claim against Harley.

10.     During the month of August, there was a consistent monitoring and updating of the status of events ongoing between other Cayman-based feeder funds in connection with Madoff-related proceedings, including attendance at a court hearing.

11.     Work throughout August and September mainly related to the initial preparatory steps necessary to issue the application for leave to commence proceedings against other Cayman Islands-based funds, as well as legal advice relating to various Cayman Island-related legal issues.

### III.  COMPENSATION REQUESTED

12.     The Application demonstrates how Higgs & Johnson has both added value to the Debtor's estate and has advanced the Debtor's SIPC liquidation proceeding.

13.     Higgs & Johnson has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism.  To that end, Higgs & Johnson has staffed this matter leanly and has endeavored to eliminate duplication of effort.

14.     From June 1, 2010 through September 30, 2010, Higgs & Johnson provided a total of 139.8 hours of legal services to the Trustee in this case.  Prior to the 10% discount, the total amount of fees incurred in this time period was $75,232.50 and the total blended rate for professional services was $538.14/hour.   After the 10% discount, the total amount of fees incurred is $67,709.25 and the total blended rate is $484.33/hour.  Higgs & Johnson has agreed to a further holdback of 20% of its fees in the amount of $13,541.85, resulting in the present request for compensation in the amount of $54,167.40.

15.     A breakdown of the total number of hours performed by each Higgs & Johnson timekeeper is provided on **Exhibit A** annexed hereto.

16.     Higgs & Johnson seeks reimbursement for out-of-pocket expenses incurred in connection with its representation of the Trustee during the Compensation Period in the amount of $4,735.06.  An itemized list of these expenses is detailed on **Exhibit B** attached hereto.

17.     Higgs & Johnson typically charges its clients $0.50 page printed. Higgs & Johnson does not charge for incoming faxes.  Charges for telephone calls are based on the actual amounts paid by Higgs & Johnson for those services.

#### IV.  <u>GENERAL MATTERS</u>

18.     All of the professional services for which compensation is requested herein were performed by Higgs & Johnson for and on behalf of the Trustee and not on behalf of any other person or entity.

19.     No agreement or understanding exists between Higgs & Johnson and any other person for sharing compensation received in connection with this case nor has any other person or entity agreed to provide Higgs & Johnson with compensation for the legal services described herein.

20.     This Court is authorized by SIPA to award to the attorneys for a SIPA Trustee "reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred." SIPA § 78eee(b)(5)(A). SIPA also permits interim allowances to the attorneys for a SIPA Trustee. *Id.*

21.     Pursuant to § 78eee(b)(5)(E) of SIPA, allowances granted by this Court are to be charged against the general estate as a cost of administration. If the general estate is insufficient to pay such allowances in whole, or in part, SIPC shall advance any necessary funds for such payment. SIPA § 78eee(b)(5)(E). Section 78eee(b)(5)(C) of SIPA provides that SIPC shall file a recommendation with regard to the allowance of fees and reimbursement of expenses requested by this Application, and that this Court shall place considerable reliance on the recommendation of SIPC. SIPA § 78eee(b)(5)(C). Higgs & Johnson expects that SIPC's recommendation shall be filed with this Court separately.

**WHEREFORE**, Higgs & Johnson respectfully requests that this Court enter an Order:

a.     Granting this Application;

b.     Allowing payment to Higgs & Johnson for interim compensation of legal fees, after (a) a reduction of 10% (in the amount of $7,523.25) and (b) a holdback of 20% (in the amount of $13,541.85) pending final approval of Higgs & Johnson's fees in this case, in the aggregate amount of $54,167.40 for professional services rendered to the Trustee from June 1, 2010 through September 30, 2010;

c.     Allowing payment to Higgs & Johnson in the amount of $4,735.06 for reimbursement of expenses incurred by Higgs & Johnson from June 1, 2010 through September 30, 2010; and

d.      Granting Higgs & Johnson such other and further relief as this Court deems just

and proper.

Respectfully submitted,

Dated: November 19, 2010                    HIGGS & JOHNSON

By: ___*s/Alexia Adda*_____
Alexia Adda
P.O. Box 866
Anderson Square
Building
Grand Cayman
KY1-1103
Cayman Islands
Telephone: +1(345) 949-7555
Fax: +1(345) 949-8492

**EXHIBIT A**

**SUMMARY OF FIFTH INTERIM FEE APPLICATION
OF HIGGS & JOHNSON FOR SERVICES RENDERED
FOR THE INTERIM PERIOD
OF JUNE 1, 2010 THROUGH SEPTEMBER 30, 2010**

|  | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Alexia Adda | 2004 (England & Wales); 2010 (Cayman Islands) | $525.00 | 101.30 | $53,182.50 |
| Philip Boni | 1979 (England & Wales); 1982 (Cayman Islands) | $575.00 | 1.5 | $862.50 |
| John Harris | 1996 (England & Wales); 2010 (Cayman Islands) | $575.00 | 36.30 | $20,872.50 |
| Kate Palfrey | 2005 (England & Wales); 2009 (Cayman Islands) | $450.00 | 0.70 | $315.00 |
| Total | | $538.14 | 139.8 | $75,232.50 |
| Total minus 10% Discount | | $484.33 | | $67,709.25 |
| **Total Net of 20% Holdback:** | | | | **$54,167.40** |

7

**EXHIBIT B**

**EXPENSE SUMMARY OF HIGGS & JOHNSON
FOR THE FIFTH INTERIM PERIOD
OF JUNE 1, 2010 THROUGH SEPTEMBER 30, 2010**

| EXPENSES | AMOUNTS |
|---|---|
| Communication | $65.32 |
| Stationery | $2,342.50 |
| New Square Chambers Professional Services | $2,208.33 |
| Conference Catering | $118.91 |
| **Total Expenses Requested:** | **$4,735.06** |