**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant.<br><br>In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | Adv. Pro. No. 08-1789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |

**APPLICATION OF WERDER VIGANO AS SPECIAL COUNSEL
TO THE TRUSTEE FOR ALLOWANCE OF INTERIM
COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES
<u>INCURRED FROM MARCH 11, 2010 THROUGH SEPTEMBER 30, 2010</u>**

Werder Vigano, special counsel for Irving H. Picard (the "Trustee"), Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor") under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA") and Bernard L. Madoff, submits this Application for Interim Allowance of Fees and Reimbursement of Expenses (the "Application") for compensation of legal fees in the amount of $33,878.90 (of which 20% is to be deferred through the conclusion of the liquidation period) and reimbursement of expenses in the amount of $1,041.09 for the period from March 11, 2010 through September 30, 2010 (the "Compensation Period"). In support of the Application, Werder Vigano respectfully submits as follows:

## I. BACKGROUND

1. On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order (the "Decree Order") calling for the liquidation of the business of the Debtor in accordance with SIPA and by Paragraph II of the Decree Order, the Trustee was appointed as the trustee for the liquidation of the Debtor's business.

2. The Debtor's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, to the extent consistent with the provisions of SIPA, is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") pursuant to SIPA § 78fff(b).

3. Beginning on March 11, 2010, Werder Vigano has served as special counsel for the Trustee.

4. On September 13, 2010, this Court entered an order approving the Trustee's motion for authority to retain Werder Vigano as special counsel to the Trustee in matters pertaining to Gibraltar.

5. The Trustee's motion to retain Werder Vigano established a fee arrangement pursuant to which Werder Vigano agreed to a fee reduction in the amount of 10% as well as an additional holdback of fees in the amount of 20%.

## II. SERVICES RENDERED BY WERDER VIGANO

6. The legal services performed on behalf of the Trustee during the time period covered by this Application are as follows:

7. Werder Vigano provided legal advice to the Trustee in connection with various aspects of Swiss law, and provided legal memoranda in connection therewith.

2

8.      Werder Vigano met with the Trustee's U.S. counsel, Baker & Hostetler LLP, in order to discuss the legal strategy.

9.      Finally, Werder Vigano liaised with the Trustee's Swiss law expert-consultant, Mr. Christian Weber, in connection with formulating the Trustee's legal strategy vis-à-vis potential Swiss defendants.

### III. COMPENSATION REQUESTED

10.     The Application demonstrates how Werder Vigano has both added value to the Debtor's estate and has advanced the Debtor's SIPC liquidation proceeding.

11.     Werder Vigano has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism. To that end, Werder Vigano has staffed this matter leanly and endeavored to eliminate duplication of effort by giving primary responsibility of the case to one partner, Dr. Michael Werder.

12.     From March 11, 2010 through September 30, 2010, Werder Vigano provided a total of 95.5 hours of legal services to the Trustee in this case. Prior to the 10% discount, the total amount of fees incurred in this time period was $37,643.22 and the total blended rate for professional services was $394.17/hour.  After the 10% discount, the total amount of fees incurred is $33,878.90 and the total blended rate is $354.75/hour.  Werder Vigano has agreed to a further holdback of 20% of its fees in the amount of $6,775.78, resulting in the present request for compensation in the amount of $27,103.12.

13.     A breakdown of the total number of hours performed by each Werder Vigano timekeeper is provided on **Exhibit A** annexed hereto.

3

14. Werder Vigano seeks reimbursement for out-of-pocket expenses incurred in connection with its representation of the Trustee during the Compensation Period of $1,041.09. An itemized list of these expenses is detailed on **Exhibit B** attached hereto.

### IV. <u>GENERAL MATTERS</u>

15. All of the professional services for which compensation is requested herein were performed by Werder Vigano for and on behalf of the Trustee and not on behalf of any other person or entity.

16. No agreement or understanding exists between Werder Vigano and any other person for sharing compensation received in connection with this case nor has any other person or entity agreed to provide Werder Vigano with compensation for the legal services described herein.

17. This Court is authorized by SIPA to award to the attorneys for a SIPA Trustee "reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred." SIPA § 78eee(b)(5)(A). SIPA also permits interim allowances to the attorneys for a SIPA Trustee. *Id.*

18. Pursuant to § 78eee(b)(5)(E) of SIPA, allowances granted by this Court are to be charged against the general estate as a cost of administration. If the general estate is insufficient to pay such allowances in whole, or in part, SIPC shall advance any necessary funds for such payment. SIPA § 78eee(b)(5)(E). Section 78eee(b)(5)(C) of SIPA provides that SIPC shall file a recommendation with regard to the allowance of fees and reimbursement of expenses requested by this Application, and that this Court shall place considerable reliance on the recommendation of SIPC. SIPA § 78eee(b)(5)(C). Werder Vigano expects that SIPC's recommendation shall be filed with this Court separately.

4

**WHEREFORE**, Werder Vigano respectfully requests that this Court enter an Order:

a. Granting this Application;

b. Allowing payment to Werder Vigano for interim compensation of legal fees, after (a) a reduction of 10% (in the amount of $3,764.32); (b) a holdback of 20% (in the amount of $6,775.78) pending final approval of Werder Vigano's fees in this case, in the aggregate amount of $27,103.12 for professional services rendered to the Trustee from March 11, 2010 through September 30, 2010;

c. Allowing payment to Werder Vigano in the amount of $1,041.09 for reimbursement of expenses incurred by Werder Vigano from March 11, 2010 through September 30, 2010; and

d. Granting Werder Vigano such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: November 19, 2010              Werder Vigano

By: __/s Claudio Kerber_____
Claudio Kerber
Genfersrtrasse 2
8002 Zurich
Switzerland
Telephone: +41 44 208 2000
Fax: +41 44 208 2008

5

# EXHIBIT A

## SUMMARY OF FIFTH INTERIM FEE APPLICATION OF WERDER VIGANO FOR SERVICES RENDERED FOR THE PERIOD MARCH 11, 2010 THROUGH SEPTEMBER 30, 2010

|  | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Michael Werder | 1978 | $614.83 | 30.9 | $18,615.83 |
| Claudio Kerber | 2004 | $456.16 | 27.1 | $12,497.46 |
| Sven Luscher | 2002 | $456.16 | 1 | $456.16 |
| Claudia Paly | N/A | $164.95 | 36 | $5,938.14 |
| Patricia Tognoni | N/A | $285.71 | 0.5 | $142.86 |
| Total: |  | $394.17 | 95.5 | $37,643.22 |
| Total minus 10% Discount |  | $354.75 |  | $33,878.90 |
| **Total Net of 20% Holdback:** |  |  |  | **$27,103.12** |

## EXHIBIT B

### EXPENSE SUMMARY OF WERDER VIGANO
### FOR THE FIFTH INTERIM PERIOD
### OF MARCH 11, 2010 THROUGH SEPTEMBER 30, 2010

| EXPENSES | AMOUNTS |
|---|---|
| Communication | $4.84 |
| Stationery/Copies | $39.05 |
| Courier | $20.10 |
| Searches | $112.62 |
| Travel | $808.10 |
| **Total Expenses Requested:** | **$1,041.09** |