**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-1789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**APPLICATION OF SCA CREQUE AS SPECIAL COUNSEL
TO THE TRUSTEE FOR ALLOWANCE OF INTERIM
COMPENSATION FOR SERVICES RENDERED FROM
<u>JUNE 1, 2010 THROUGH SEPTEMBER 30, 2010</u>**

SCA Creque ("SCAC"), special counsel for Irving H. Picard (the "Trustee"), Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA") and Bernard L. Madoff, submits this Application for Interim Allowance of Fees (the "Application") for compensation of legal fees in the amount of $74,582.02 (of which 20% is to be deferred through the conclusion of the liquidation period) for the period from June 1, 2010 through September 30, 2010 (the "Compensation Period").

In support of the Application, SCAC respectfully submits as follows:

## I. BACKGROUND

1. On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order (the "Decree Order") calling for the liquidation of the business of the Debtor in accordance with SIPA and by Paragraph II of the Decree Order, the Trustee was appointed as the trustee for the liquidation of the Debtor's business.

2. The Debtor's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, to the extent consistent with the provisions of SIPA, is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") pursuant to SIPA § 78fff(b).

3. Beginning on June 5, 2009, SCAC has served as special counsel for the Trustee.

4. On July 14, 2009, this Court entered an order approving the Trustee's motion for authority to retain SCAC as special counsel to the Trustee in matters pertaining to the British Virgin Islands.

5. The Trustee's motion to retain SCAC established a fee arrangement pursuant to which SCAC agreed to a fee reduction in the amount of 10%. SCAC also agreed to an additional holdback of fees in the amount of 20%.

## II. SERVICES RENDERED BY SCAC

6. The legal services performed on behalf of the Trustee during the time period covered by this Application are as follows:

7. Throughout the Compensation Period, SCAC has continued to advise the Trustee on various British Virgin Islands ("BVI") related legal issues. The BVI is a relevant jurisdiction because several of the customers/brokerage clients of BLMIS were investment funds domiciled

2

in BVI. A number of these funds are the subject of proceedings before the U.S. Bankruptcy Court for the Southern District of New York.

8.  The majority of SCAC's work during this period was to advise in connection with contemplated litigation by the Trustee in the BVI and, in particular, in relation to the Trustee's proposed recognition in the BVI as a foreign representative seeking the assistance of the BVI courts, pursuant to the BVI Insolvency Act 2003.

9.  SCAC also advised in relation to the actions of the BVI Liquidators of the BVI-domiciled funds.

10. In addition, SCAC provided general legal advice, including drafting the formal application to be made for the BVI Commercial Court. To that end, SCAC considered relevant statutes, relevant case law, and, where applicable, materials with precedential value.

### III. COMPENSATION REQUESTED

11. SCAC's Application demonstrates how SCAC has both added value to the Debtor's estate and has advanced the Debtor's SIPC liquidation proceeding.

12. SCAC has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism.

13. From June 1, 2010 through September 30, 2010, SCAC provided a total of 120.1 hours of legal services to the Trustee in this case. Prior to the 10% discount, the total amount of fees incurred in this time period was $82,868.92 and the total blended rate for professional services was $690.00/hour. After the 10% discount, the total amount of fees incurred is $74,582.02 and the total blended rate is $621.00/hour. SCAC has agreed to a further 20% holdback of fees in the amount of $14,916.40 resulting in the present request for compensation in the amount of $59,665.62.

14.     A breakdown of the total number of hours performed by each SCAC timekeeper is provided on **Exhibit A** annexed hereto.

### IV. GENERAL MATTERS

15.     All of the professional services for which compensation is requested herein were performed by SCAC for and on behalf of the Trustee and not on behalf of any other person or entity.

16.     No agreement or understanding exists between SCAC and any other person for sharing compensation received in connection with this case nor has any other person or entity agreed to provide SCAC with compensation for the legal services described herein.

17.     This Court is authorized by SIPA to award to the attorneys for a SIPA Trustee "reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred." SIPA § 78eee(b)(5)(A). SIPA also permits interim allowances to the attorneys for a SIPA Trustee. *Id.*

18.     Pursuant to § 78eee(b)(5)(E) of SIPA, allowances granted by this Court are to be charged against the general estate as a cost of administration. If the general estate is insufficient to pay such allowances in whole, or in part, SIPC shall advance any necessary funds for such payment. SIPA § 78eee(b)(5)(E). Section 78eee(b)(5)(C) of SIPA provides that SIPC shall file a recommendation with regard to the allowance of fees and reimbursement of expenses requested by this Application, and that this Court shall place considerable reliance on the recommendation of SIPC. SIPA § 78eee(b)(5)(C). SCAC expects that SIPC's recommendation shall be filed with this Court separately.

**WHEREFORE**, SCAC respectfully requests that this Court enter an Order:

a.      Granting this Application;

b.      Allowing payment to SCAC for interim compensation of legal fees, after (a) a

4

reduction of 10% (in the amount of $8,286.90) and (b) a holdback of 20% (in the amount of $14,916.40) pending final approval of SCAC's fees in this case, in the aggregate amount of $59,665.62 for professional services rendered to the Trustee from June 1, 2010 through September 30, 2010; and

c.  Granting SCAC such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: November 19, 2010

SCA Creque

By: ___*s/Seamus Andrew*___
Seamus Andrew
P.O. Box 2344
Mandar House, Johnson's Ghut
Road Town
Tortola VG1110
British Virgin Islands
Telephone: +1(284) 494-0075
Fax: +1(284) 494-0854

**EXHIBIT A**

**SUMMARY OF FIFTH INTERIM FEE APPLICATION
OF SCA CREQUE FOR SERVICES RENDERED
FOR THE PERIOD JUNE 1, 2010 THROUGH SEPTEMBER 30, 2010**

|  | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Niki Olympitis | 1980 | $694.44 | 66.4 | $46,110.82 |
| Seamus Andrew |  | $694.44 | 50.4 | $34,999.78 |
| Ashley Booker |  | $583.33 | 1.5 | $875.00 |
| Chris Alderton |  | $583.33 | 1.3 | $758.33 |
| Bledi Albri |  | $250.00 | .5 | $125.00 |
| Total: |  | $690.00 | 120.1 | $82,868.92 |
| Total minus 10% Discount |  | $621.00 |  | $74,582.02 |
| **Total Net of 20% Holdback:** |  |  |  | **$59,665.62** |

6