Michelle Merson, Trustee
P.O. Box 810577
Boca Raton, FL 33481
Tel: 561-994-9380

November 19, 2010

Sent by:
Express Mail w/ delivery confirmation

Clerk of the United States Bankruptcy Court for
    the Southern District of New York
One Bowling Green
New York, NY 10004

Irving H. Picard, Trustee
c/o Baker and Hostetler LLP
Attn: Claims Department
45 Rockefeller Plaza
New York, NY 10111

In re: <u>SECURITIES INVESTORS PROTECTION CORPORATION v. BERNARD L. MADOFF INVESTMENTS SECURITIES, LLC ("BLMIS")</u>, SIPA Liquidation, **Case No. 08-01789(BRL)**

Dear Ladies and Gentlemen:

### Objection to Trustee's Determination of Claim of Irrevocable Trust for the Benefit of Samantha Fronstin("Claimant") Claim No. 012984

The Claimant herby objects to the denial of the above referenced claim by the Trustee that is recited in the Trustee's Determination of Claim Letter dated October 22, 2010. The denial of such claim by the Trustee is made on the grounds that the Claimant is not a "customer" of BLMIS as defined by the Securities Investor Protection Act of 1970, as amended, ("SIPA) "because Claimant did not have, based on the review of the available books and records of BLMIS by the Trustee's staff, an account with BLMIS" and that the Claimant is therefore not a "customer" of BLMIS as defined in SIPA. The Claimant believes the Trustee is in error in denying this claim and the Claimant should be accorded the status of a "customer" of BLMIS pursuant to SIPA.

1

## I. Background

As stated in the claim materials furnished to the Trustee, the Claimant had invested in BLMIS as a member of Merson Family Investments, LLC, ("MFI"). The following facts are important for the court to consider in connection with the organization and operation of MFI and whether the Claimant is a "customer" of BLMIS as contemplated under SIPA: (i) MFI is a private personal investment entity (it has 22 members that are family or friends of Robert M. Merson) whose only asset and only permitted investment (other than a bank account containing a few hundred dollars to facilitate transfers in and out of BLMIS) is the BLMIS account it held in its name. (ii) MFI charged no fees or commissions to its members who were its principals nor did it receive anything from BLMIS with respect to its account and was formed as an agency accommodation simply to provide a mechanism to pool funds of family and friends for investment with BLMIS. (iii) MFI is a "member managed" LLC and a "managing member" was elected annually to handle the ministerial duties of accounting for the pooled funds in the BLMIS account, including the "earnings" of the account and any additions or withdrawals by a member from the account. Monthly statements of the interest in the BLMIS account were furnished to each member or principal by MFI acting through its elected managing member. The interest of the member in the account is in direct proportion to the member's contribution to the account. (iv) MFI acted as the Claimants agent (and as the agent of the other members or principals) by directing all funds it received to BLMIS. (iv) MFI was required by its governing documents (copies of which were furnished to the Trustee with the claim of Claimant) to invest all funds received from its members or principals with BLMIS and BLMIS was furnished with copies of such governing documents when the MFI account was opened. (v)The Claimant (or any other member or principal) could add or withdraw funds at the end of any month from the BLMIS account held in the name of MFI by notifying its agent, MFI, and thus each member had complete control of the investment made by

2

his agent, MFI. (vi) MFI was established with the consent of BLMIS as a method for pooling the funds of family and friends to meet the so called "minimum investment" requirements of BLMIS. (vii) MFI is a "pass through" entity for federal and state income tax purposes and each of its members paid the income taxes due on his interest in the BLMIS account each year as is appropriate for an agency entity. (viii) The Claimant and each member of MFI held a direct and carefully documented interest in the BLMIS account held in the putative name of MFI. These facts are reflected in the claim materials furnished the Trustee in supporting this claim and such records can facilitate the establishment of the "net equity" of Claimant and each member or principal of MFI. The Claimant does not believe that MFI is a "feeder fund" as identified by the Trustee in his motion on the matter of determining who is a "customer" pursuant to SIPA and believes that under the unique facts of its organization and operation that the Claimant and the other members of MFI meet the definition of a "customer" of BLMIS pursuant to SIPA. The Claimant also disputes the Trustee's assertion in its denial of claim letter that the Claimant or any member of MFI must be listed in the records of BLMIS as the holder of an account in order to be a "customer" under SIPA. This is an error and not supported by the statute upon which the Trustee relies.

The Claimant points out that MFI has filed a claim which has been accepted and the Claimant does not intend to seek double coverage for the same funds. The records are available to adjust any claimed amount that may be found to be due to Claimant to reflect Claimant's interest in the amount of the MFI claim.

## II. SIPA Does Not Require That a "Person" Have His Name Listed on the Account in Order to be a "Customer"

A "customer" under SIPA sec. 78lll(2) is "any person who has a claim on account of securities received, acquired or held by the debtor in the ordinary course of its business as a broker or dealer

3

from of for the securities accounts of such person..." There is no requirement that such person have his name on an account in the debtor's records in order to be a "customer."

Further SIPA sec. 78fff-2(b) addresses situations where a customer's name does not appear in the debtor's records and provides that the obligation to customers may be determined by the trustee as "ascertainable from the books and records of the debtor" or "otherwise established to the satisfaction of the trustee." This is easily done given the records available since MFI had only the BLMIS investment during its entire existence.

This is further reinforced by 17 CFR sec. 300.101 that provides "An account held with a member for another person as a principal or beneficial owner shall, except as otherwise provided in these rules, be deemed to be an individual account of such principal or beneficial owner." The rule by using the word "a principal or beneficial owner" contemplates that there may be more than one principal or beneficial owner for each account.

The Claimant would also show the operation, organization and structure of MFI is quite different from the facts of SIPC v. Morgan Kennedy & Co., 533 F.2d 1314(2nd Cir. 1976). Since the court and the Trustee are quite familiar with the facts of that case the Claimant will not repeat them here but only point out several significant differences. (1) In this case the members of MFI contributed their funds into the account, not their employer as in Morgan Kennedy. (2) There was no discretion on the part of MFI as to whether these funds would be entrusted with BLMIS. It was required by the organizational documents of MFI. (3) Each member of MFI had the complete authority to withdraw or add his funds from the BLMIS account at any time and the managing member of MFI only acted in a ministerial capacity with no discretion over the investment of the funds. Investment discretion was held by the trustee in Morgan Kennedy. (4) The members had no pre conditions, other than notice, to be able to access and withdraw their funds from MFI. In Morgan Kennedy they had to reach retirement age. (5) Unlike the situation in Morgan Kennedy,

4

the funds in the account were allocated to each member on the books of MFI each month and a statement of each member's interest in the account was rendered each month based on the monthly statement received from BLMIS.

It is the Claimant's position that MFI (i) was the agent or proxy for each of its members (with attendant fiduciary duties) and held the BLMIS account as such, (ii) under its organizational structure and restrictions each of its members had full control and access of their portion of the BLMIS account, (iii) exercised no discretion in making the investment of all the pooled member funds with BLMIS since it was required to do so by its governing documents, (iv) records are clear and unambiguous and would easily permit the Trustee to establish the "net equity" of each member. Under these circumstances, Claimant believes that Claimant and the other members of MFI are entitled to "customer" status under SIPA and the Trustee has erred in denying this claim.

### III. Claimant's Additional Arguments.

The Claimant also adopts, joins in and incorporates by reference as if fully stated herein the responses and memoranda of law filed in this action in opposition to the Motion of the Trustee for an Order to Affirm Trustee's Determinations Denying Claims of Claimants without BLMIS Accounts in Their Names, Namely, Investors in Feeder Funds filed by the Trustee of June 11, 2010 (the "Customer Motion").

### IV. Denial of Claim is Premature

The undersigned further notes that this court has not yet ruled on the "Customer Motion" on which a hearing was held on October 19, 2010. The Trustee mailed the denial of claim on October 22, 2010 while the ruling on the Customer Motion was reserved. While the issues presented by this claim are somewhat different than those strictly applicable to the Customer Motion, the ruling may provide guidance which could make the filing of this objection unnecessary. The Claimant believes that the Trustee's denial of this claim is premature and that the Trustee should have

reserved any action on this claim until such time as a ruling by this court on the Customer Motion has been entered.

## V. Conclusion

Based on the unique organization and operation of MFI as it relates to the provisions of SIPA, the Claimant should be recognized as a "customer" in its own right of BLMIS and entitled to SIPA protection. In addition, the Claimant submits that the Trustee has acted prematurely in issuing its denial of this claim while the Customer Motion is still unresolved. Accordingly, a hearing is on this matter is requested and this court is asked to stay the Trustee's denial of this claim until such time as the issues raised in the Customer Motion have been ruled on by this court.

Respectfully submitted,

*Michelle Merson, Trustee*

Michelle Merson, Trustee, Irrevocable Trust for the Benefit of Samantha Fronstin, Claimant
Claim No. 012984