Mr. Steven H. Fisch
79 Princeton Road
Chestnut Hill, MA 02467
617-803 -2208 (Day)
617-739-8699



November 15, 2010

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York 10004

**Ref: Bankruptcy Case No. 08-1789 (BRL)**
**Objection and Opposition to Trustee's Determination of Claim No. 008347 (Steven Fisch)**

Honorable Judge Lifland:

I am writing to respectfully disagree with the denial of my claim for SIPC coverage by trustee Irving Picard. Many cases before the court raise some powerful questions about the trustee's determination of who is considered a BMIS client.

There are legitimate grounds to take issue with Mr. Picard's definition of "customer" per 15 U.S.C. 78III (2), the reason stated for denial of my claim. With regard to my retirement savings, I was told by Madoff personnel to invest with other BMIS investors, as I did not meet the dollar value requirement for minimum investment in BMIS. The PJFN Family Limited Partnership (FLP), of which I am a shareholder, was formed and accepted as a BMIS account/client.

I made payments/contributions of $338,400.00 to BMIS through Fiserve, our FLP retirement fund fiduciary. The contributions were carefully recorded by a CPA for the FLP and I have all of the cancelled checks, paper-trail and statements proving the same. The U.S. government also considered me an account holder, as I was mandated by U.S. Tax Law to report my BMIS investments, which I did.

I contend that the language in the 15 U.S.C. 78III (2) definition below is broad enough to include limited partners of an FLP account, such as myself, who are able to substantiate their BMIS

investment through copies of accepted cancelled checks. The legal tender was written to the main account holder; the copied checks correspond with CPA documentation proving that my money ended up in the BMIS bank account. The paper trail and the bank stamp prove it.

> The term "customer" includes any person who
> has a claim against the debtor arising out of sales or
> conversions of such securities, and any person who has deposited
> cash with the debtor for the purpose of purchasing securities
> --15 U.S.C. 78III (2)

With regard to CICO, I never took *any* funds out of this account. My paper trail shows only money going in to BMIS through the PJFN FLP account, as I was saving for my retirement. I understand the logic of cash-in/cash-out but believe it misses the reason why SIPC was established. The financial industry wanted to get rid of paper stock certificates, but recognized the possibility of fraudulent statements. SIPC was established to protect investors against fraud, *like BMIS.*

I hope that the courts will decide that this means protection against fraudulent statements and will change the definition of claims to last statement. I never withdrew any funds from the account, as I am not of retirement age. I had no knowledge that any of the transactions were bogus transactions. I had bona-fide checks from my initial retirement account with Fidelity Investments and rolled them over to what I thought was a legitimate retirement fund.

I have included, herewith, documentation of my transactions, including the source of my retirement funds, as well as all supporting documents with my claim filed on March 26, 2009. The money I invested with BLMIS through PJFN Investors Limited Partnership was soley for my retirement. I spent 20 years of my life working hard to build these savings, only to lose it at the hands of a man who posed as the wall street guru and former head of the stock exchange.

Thank you for your consideration of my objection.

Respectfully,

Steven H. Fisch

Encl.