Bankruptcy Case No. 08-1789 (BRL)

BERNARD L. MADOFF INVESTMENT SECURITIES LLC
In Liquidation   December 11, 2008

RECEIVED

NOV 1 9 2010

SDNY

OPPOSITION TO TRUSTEE'S DETERMINATION OF CLAIM, LAURA RADOSH BUTT, Claimant
Claim #

I RESPECTFULLY REQUEST THAT NO ACTION BE TAKEN ON THIS OPPOSITION UNTIL THE FINAL DECISION ON APPEAL OF THE CICO vs. LSM ISSUE NOW BEFORE THE US SECOND CIRCUIT COURT OF APPEALS. _If CICO wins whether or not laura Radosh Butt is a customer of BLMIS under SIPA is a moot point._ Also for that reason, Claimant does not wish to burden either the Bankruptcy Court or the Trustee with copies of all possibly pertinent documents at this time, as they number well into the thousands and nearly fill a standard 4-drawer filing cabinet.

RADOSH PARTNERS (RP) was formed in 1993 for six named persons : the children and grandchildren of Louis + Esther Radosh, both then deceased, as the six descendants were to receive the proceeds of a BLMIS trust account started by Louis + Esther. All six were named "RADOSH": Burnett + Edward (sons and only children of Louis + Esther), Alaric and Jeremy (sons of Burnett and his wife Katherine), Lee and Laura (son and daughter of Edward and his wife Fran). The sole purpose of RP was to allow each of the six the option of keeping the inherited proceeds invested with BLMIS. Moreover, when RP was formed, it was done in actual coordination with BLMIS. (Copy of letter to letter to BLMIS, 3 JUN 93, attached as Incl. 1 to my uncle's Opposition, Claim # 014898).

RP is a registered Fictitious Name, not a registered Partnership, in the State of Florida. The original registration named the six partners all as 'owners'. Subsequently the children of my husband Tausif and me, and Lee and his wife, Jodi, were added as owners, as was Aunt Katherine's mother, Catherine Koenig. My fatheer dropped out as a partner, but later returned for a while as Edward A Radosh Profit Sharing Plan. Catherine Koenig passed away, her share going equally to her grandsons, Alaric and Jeremy.  Several amendments to the Fictitious Name registration reflected the changes in the composition of RP.

Fictitious Name registrations in Florida are public records, easily accessed on-line. On request we can provide hardcopy of all of our filings with the Florida Secretary of State, and if this matter comes to hearing we may present them in evidence.

Each member of RP, each owner, made his/ her own  RP/Madoff account investment decisions.   The main function of the so-called "General Partner", entirely clerical,  was to consolidate the individual members withdrawals and new investments, and send the net sum to BLMIS or ask for a BLMIS withdrawal check.  Copies of two letters of the "GP" to BLMIS requesting withdrawal are attached  as exemplars  in my uncle's Opposition (Incl 2 + 3), but all are now available on request and all may be offered into evidence when this comes to a hearing.  BLMIS proceeds were distributed by the "GP" to the member/owners who had requested them.   The GP also kept a record of all transactions, internal and external, and filed yearly 1065 Forms with the IRS as a pass-though entity " investment club" code 523900, and sent 1065 K-1s to all of the members.   All of these records are now available to the Court or the Trustee upon request and may be entered into evidence at the hearing.

The "GP" made no investment decisions except for his own personal share as one of the owners.

RP owners never met to make organizational investment decisions regarding it's sole investment, the BLMIS account , and no such decisions were ever made.  RP was merely a pass-through for the decisions of the individual owners.

RP has never had formal  documentation between the owners., notwithstanding the "GP" originally planned to come up with such.  There is a series of letters from the "GP" to all the owners that reflect the informal framework, 138 in all, but sent to each owner with different investment data computed for each owner, so the total of filed letters is well over 1,000. This includes a copy of the blank format for that letter as well as

the copy of the letter sent to each owner. A complete set for one letter, and two formats for other letters are attached as exemplars in my uncle's Opposition (Incls 4, 5 + 6)), but, of course, all are now available to the Court and to the Trustee on request, and when and if this comes to a hearing, all may be offered into evidence.

I, of course, filed annual 1040s and paid tax on all my BLMIS profits reported per my K-1. All the Claimant's IRS documentation is on file, and may be presented at the hearing. It is available now on reasonable request of the Trustee.

It is understood, of course, that if the customer status of the individual owners is recognized for payment of their LSM claims vs. SIPC, no SIPC payment will be made to RP. We do not seek dual coverage, just full coverage.

Accordingly, it is respectfully requested that in the event LSM prevails on final appeal, a hearing be set on this OPPOSITION to Trustee's DETERMINATION OF CLAIM, and that after hearing this matter the Court sustain the Opposition and declare Claimant to be a customer of BLMIS per SIPA entitled to the full $500,000.00 coverage. On the other hand, if CICO prevails on final appeal, it is requested that this OPPOSITION be withdrawn.

Respectfully submitted this ___18th___ day of November, 2010.

LAURA RADOSH BUTT
Claimant