November 15, 2010



Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York 10004

Ref: Bankruptcy Case No. 08-1789 (BRL)
Objection and Opposition to Trustee's Determination of Claim No. 008333 (Paul J. Fisch and Deborah L. Fisch)

Dear Judge Lifland;

We are writing to respectfully disagree with the denial of our SIPC claim by Trustee Irving H. Picard. There are legitimate grounds to take issue with Mr. Picard's definition of "customer" per the 15 U.S.C. 78III (2), the reason for denial of our claim. While it's true that we were not direct account holders of Mr. Madoff, that does not negate the fact that we rolled over 401k, Roth IRA and Traditional IRA funds of $218,200 and cash of $69,211 to BLMIS through a formally structured/written family trust.

We contend that the language in the 15 U.S.C. 78III (2) definition below is broad enough to include sub-account holders such as ourselves who are able to substantiate their BLMIS investment (through copies of appropriately recorded documents made out to the main account holder; the documents correspond with CPA documentation proving that money ended up in BLMIS coffers).

> The term "customer" includes any person who
> has a claim against the debtor arising out of sales or
> conversions of such securities, and any person who has deposited
> cash with the debtor for the purpose of purchasing securities
> --15 U.S.C. 78III (2)

All documentation of our transactions including the source of our retirement funds and supporting documents were filed with our Claim No. 008333 on March 30, 2009. All our transactions were made through RAI/ Fiserv who transferred funds to my father as the general partner of PJFN Investors Limited Partnership with an account on record with BLMIS. Our investments were also on record with RAI/Fiserv and the IRS.

My wife and I invested our entire **retirement rollover funds** as well as cash funds in PJFN Investors Limited Partnership, a fund set up my father Dr. Gilbert R. Fisch in late 2003. Our records indicate our funds were first invested with RAI/Fiserv and according to their investment procedures; transfers were made from our RAI/Fiserv accounts to my father, a general partner of our family trust to invest in the PJFN family trust account with BLMIS. The account number with BLMIS is #1ZA0 81-3. We received annual summaries from his accountant for income tax reporting of our cash funds and a statement that provided a summary of our invested retirement funds.

We understand the logic of cash-in/cash-out but believe it misses the reason why SIPC was established. The financial industry wanted to go away from stock certificates but recognized the possibility of fraudulent statements. SIPC was established to protect investors against fraud. We hope that the courts will decide that this means protection against fraudulent statements and will change the definition of claims to last statement. **We never withdrew** any funds from the account as we are not

1

of retirement age and the majority of our funds were **401k and IRA accounts**. We had no idea that any of our transactions were phantom transactions. We had real checks from our retirement funds and rolled them over to what we understood was a legitimate retirement fund.

We agree with the logic in the reply brief of appellant Lawrence R. Velvel No. 10-2378-BK(L) and feel claims should be settled by the FSM rather than CICO. He raises very powerful questions about the trustee's choice of CICO. The Congressional Subcommittee on Capital Markets of the House Financial Services Committee hearing on September 23, 2010 also supports the fact we are innocent victims and were not acting in partnership with Bernard Madoff.

We agree with all the points appellant Velvel cites in his brief. We are innocent victims of a mastermind who was highly regarded by the SEC as chairman of NASDAQ. He obviously knew how to talk his way out of any flags that may have been raised in any review of his records prior to our investment in 2004. If only the SEC had diligently looked into Mr. Madoff's records we would never have been able to invest our funds into his PONZI scheme.

The money we invested with BLMIS through PJFN Investors Limited Partnership was earned honestly and through hard work. We are a middle class couple living in a small upstate New York community earning $80,000 per year. Taxes were paid on all phantom income. Our SIPC claim was for $287,410.23 under the $500,000 SIPC limit of coverage per account. My wife who had the majority of our funds worked over 30 years to earn the funds invested in 2004 which were paid to her when her company filed bankruptcy. We have no hope of recovering our loss in the limited number of years we have remaining to work.

It would be a hardship to attend any hearing in person as we are both employed full time. My wife is an Accountant for a small family owned business and I am a Medicare Claims Specialist. There is also the additional expense of driving and staying in New York City which is a six hour drive from our home. We respectfully request if at all possible that we be allowed to appear by phone for any hearing regarding our claim.

Thank you for your consideration of our objection.

Respectfully,

*Paul J. Fisch*
*Deborah L. Fisch*

Paul Jonathan Fisch
Deborah Lee Fisch

Attachments

2