Lawrence R. Velvel
Massachusetts School of Law
500 Federal Street
Andover, MA 01810
Tel:  (978) 681-0800
Fax: (978) 681-6330
Email: velvel@mslaw.edu

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **SECURITIES INVESTOR PROTECTION CORPORATION,** )<br>)<br>)<br>)<br>**Plaintiff-Applicant,** )<br>)<br>**v.** )<br>)<br>**BERNARD L. MADOFF INVESTMENT SECURITIES LLC,** )<br>)<br>)<br>**Defendant.** )<br>) | **Adv. Pro. No. 08-01789 (BRL)**<br><br>**SIPA LIQUIDATION**<br>**(Substantively Consolidated)** |
| **In re:** )<br>)<br>**BERNARD L. MADOFF,** )<br>)<br>**Debtor.** )<br>) | |

**MOTION FOR A PARTIAL STAY OF THE COURT'S ORDERS OF NOVEMBER 10, 2010 INVOLVING AVOIDANCE ACTIONS AGAINST INNOCENT INVESTORS.**

Lawrence R. Velvel hereby moves for a partial stay of the Court's orders of November 10, 2010 in cases involving innocent investors, investors against whom, the Trustee conceded in open court, "There are no allegations of lack of good faith. There's no allegation that these people knew or should have known, there's none of that."

Transcript of Hearing of November 10, 2010, p. 21. Under the requested stay, the Trustee would be permitted to file avoidance actions against the innocent investors in order to prevent the statute of limitations from running against such actions, but proceedings in the actions would thereafter be stayed. (The Trustee could, of course, negotiate with any investors who wish to negotiate with him despite the stay of proceedings.) The stay of all proceedings other than the filing of the avoidance cases would remain in effect pending the Second Circuit's decision on the appeal of the net equity question.

The appeal, due to events in this Court itself, now involves not only the question of net equity per se, but also the question whether avoidance actions are permissible. The appeal will thus determine at least one question (the determination of net equity itself), and very possibly a second question (the propriety of avoidance actions), that will be of great importance in and are likely to be dispositive of the avoidance actions the Trustee intends to bring against Madoff investors who in complete innocence took out more money from Madoff than they put in -- took it out while believing that their accounts contained more than enough to cover their withdrawals.

In these circumstances, a stay to await the Second Circuit's influential and perhaps wholly dispositive decision is appropriate and called for, except that, as said, the Trustee should be allowed to file his avoidance actions against innocent persons in order to prevent the running of the statute of limitations against such actions.

There is no question that the questions currently on appeal in the Second Circuit are very important, unsettled ones on which the Madoff victims have a good chance of success, and that their resolution will materially advance the progress of this case. It is

for such reasons that this Court, in its order of March 8, 2010 (Ex. B),[1] invited the parties to seek a direct appeal, saying that "in view of the factors contained in 28 U.S.C. § 158(d)(2)(A)(i) – (iii), this Court will upon appropriate request or motion consider favorably a request to certify a direct appeal to the United States Court of Appeals for the Second Circuit."

It is for such reasons that the Trustee and various other parties said in a letter to this Court on the same day, "The calculation of Net Equity vis-à-vis each customer claim *dictates the distribution, if any, that each customer will receive from the fund of customer property under section 8(c)(1)(B) of SIPA, 15 U.S.C. § 78fff-2(c)(1)(B), as well as each customer's entitlement to receive an advance from SIPC against that payment from the fund of customer property. Thus, the result of the Net Equity Dispute impacts the determination and calculation of every customer claim filed in this proceeding* . . . . *Moreover, as described above, whether the Trustee has properly determined all customer claims in this proceeding is a question that hinges on the Net Equity Dispute. All parties -- both customer claimants and the Trustee -- would benefit from the speediest resolution of this issue consistent with the law. The entry of a final, non-appealable order regarding the Net Equity Dispute will provide finality and closure to those who were victimized as a result of Madoff's fraudulent scheme. Under these circumstances, an immediate appeal from the order will materially advance the progress of the case,* making certification appropriate." (Ex. C (emphasis added).)

It is for such reasons that this Court's certification said "The Court certifies that an immediate appeal of the Net Equity Order is appropriate *because this proceeding*

---

[1] Exhibit A is a Proposed Order.

*involves a matter of public importance, and an immediate appeal may materially advance the progress of this proceeding.*" (Ex. D (emphasis added).)

It is for such reasons that the "Joint Petition For Permission To Appeal Under 28 U.S.C. § 158(d)(2) filed by several law firms representing victims told the Second Circuit that the meaning of net equity "is a critical, threshold issue in this bankruptcy proceeding, *because it will determine – for each of the thousands of BLMIS customers – how the customer's claim is calculated* for purposes of (a) recovery from the fund of customer property in the bankruptcy estate, and (b) the advance of up to $500,000 payable by the Securities Investor Protection Corporation ("SIPC") as required by SIPA. *The Appeal thus 'raise[s] controlling questions of law, concern[s] matters of public importance, and arises[s] under circumstances where a prompt, determinative ruling might avoid needless litigation*'" . . . . Subsequently, the Joint Petition told the Second Circuit, *very* pertinently, that "A direct appeal would afford this Court "'an opportunity to intervene early to correct lower-court errors,' which if not corrected 'would result in wasteful proceedings.'" (Ex. E, pp. 1-2, 8 (emphases added).)

And it is for such reasons that the Second Circuit, in its order granting a direct appeal, said the appeal was granted "*because Petitioners have satisfied the criteria set forth* in 28 U.S.C. § 158(d)(2)(A); *see also Weber v. United States Trustee*, 484 F.3d 154, 157 (2d Cir. 207)." (Ex. F (emphasis added).)

There is equally no question that a failure to grant a stay of proceedings will visit irreparable injury on hundreds or a thousand or more innocent victims of Madoff. Many are now in their 70s or 80s (or older), have been enormously reduced financially because of Madoff's fraud, are living in terror of having to litigate clawback proceedings, will be

forced to hired lawyers who are expensive and whom they cannot afford in order to defend against clawback proceedings and will never be compensated for their anguish and expenditures even if the Second Circuit were to decide wholly in favor of the victims and wholly against the Trustee and SIPC.

On the other side, there will be no harm to the Trustee from a stay. As SIPC has told Congress in a letter previously provided to this Court,[2] the amounts of money sought to be recovered from *innocent* investors via avoidance actions is about $4.8 billion. But, as SIPC also said, the Trustee has already brought 19 actions against *culpable* parties seeking a return of about *$15* billion and is considering about another 100 actions against *culpable* parties for approximately another $2 billion. Thus, while proceedings seeking *$4.8* billion from *innocent* investors are stayed pending the Second Circuit's potentially dispositive decision, the Trustee can continue to pursue, at his choice, between 19 and 119 cases against *culpable* investors for the *far greater* sums of *$15* to *$17* billion.

In all these circumstances, the public interest clearly favors a stay while the Second Circuit decides the net equity appeal,[3] which has already been fully briefed and is now awaiting argument and decision. The Trustee was aware when he requested the direct appeal, and this Court was aware when it invited the request and then certified the appeal, that an appeal would consume a certain amount of time. Yet an appeal was sought and certified because of the importance of the issues it presented and because of its very possibly dispositive nature. The reasons for the appeal should continue to be

---

[2] Exhibit 1 to "Objection of Lawrence R. Velvel to Trustee's Premature Motion to Establish, *At This Time*, Procedural Rules Governing Avoidance Actions."

[3] All the stay requirements of the Second Circuit's cases are plainly met. See *Mohammed v. Reno*, 309 F.3d 95, 100-102 (CA2 (2002)); *Rodriguez v. DeBuono*, 175 F.3d 227, 233-234 (CA2 (1994)); *Cooper v. Town of East Hampton*, 83 F.3d 31, 36 (CA2 (1996)); *In re the Seizure of ALL FUNDS In Accounts*, 58 F.3d 855, 856 (CA2 (1995)).

honored instead of being cast aside now that the appeal was granted by the Second

Circuit and is pending there, and the requested stay should therefore be granted pending

the Second Circuit's decision on the appeal.

                                    Respectfully submitted,


                                    _____
                                    Lawrence R. Velvel, Esq.
                                    Massachusetts School of Law
                                    500 Federal Street
                                    Andover, MA 01810
                                    Tel:  (978) 681-0800
                                    Fax:  (978) 681-6330
                                    Email: Velvel@mslaw.edu

Dated:  November 22, 2010



R:\My Files\Madoff\Mt4StayCtsOrders.doc

# EXHIBIT A

**(Proposed Order)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————
)
SECURITIES INVESTOR PROTECTION          )
CORPORATION,                            )
                                        )        Adv. Pro. No. 08-01789 (BRL)
                Plaintiff-Applicant,    )
                                        )
        v.                              )
                                        )        SIPA LIQUIDATION
BERNARD L. MADOFF INVESTMENT            )        (Substantively Consolidated)
SECURITIES LLC,                         )
                                        )
                Defendant.              )
———————————————————————)
In re:                                  )
                                        )
BERNARD L. MADOFF,                      )
                                        )
                Debtor.                 )
———————————————————————)

## ORDER OF STAY

Upon the motion of Lawrence R. Velvel, it is hereby:

**ORDERED**, that the relief requested in the Motion is granted, and it is further

**ORDERED**, that the Trustee shall be allowed to file avoidance suits against innocent investors in order to stop the statute of limitations from running on such suits, shall be allowed to negotiate with those innocent investors who desire to negotiate, and shall be allowed to proceed in lawsuits against investors whom he asserts have culpable knowledge, but that no proceedings other than the filing of the suits shall take place in the cases against innocent investors until after the decision of the Second Circuit in the direct appeal on net equity.

1

Dated: New York, New York
        November __, 2010

_____
Honorable Burton F. Lifland
United States Bankruptcy Judge

# **EXHIBIT B**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | |

**ORDER (1) UPHOLDING TRUSTEE'S DETERMINATION DENYING CUSTOMER CLAIMS FOR AMOUNTS LISTED ON LAST CUSTOMER STATEMENT; (2) AFFIRMING TRUSTEE'S DETERMINATION OF NET EQUITY; AND (3) EXPUNGING THOSE OBJECTIONS WITH RESPECT TO THE DETERMINATIONS <u>RELATING TO NET EQUITY</u>**

This matter came before the Court on February 2, 2010 on the motion (the "Motion") of

Irving H. Picard, Esq. (the "Trustee"), as trustee for the liquidation of the business of Bernard L.

Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15

U.S.C. §§ 78aaa, *et seq.* ("SIPA"), and as trustee for the estate of Bernard L. Madoff ("Madoff"),

for entry of an order (1) upholding the Trustee's determinations denying the claims in question

for the securities and credit balances listed on the claimants' last BLMIS customer statement; (2)

affirming the Trustee's "cash in/cash out" determinations of net equity with respect to each

customer claim; and (3) expunging the objections to the Trustee's determinations to the customer

claims in question insofar as they relate to net equity; and the Court having considered:

1

1.    That the Trustee's Motion concerns the proper interpretation and application of net equity ("Net Equity"), as that term is defined in section 16(11) of SIPA, 15 U.S.C. § 78*lll*(11); and

2.    That as delineated in the Motion papers, it is the Trustee's position that for purposes of determining customer claims, each BLMIS customer's Net Equity should be determined by crediting the amount of cash deposited by the customer into his BLMIS account, less any amounts already withdrawn by him from his BLMIS customer account (the "Net Investment Method"); and

3.    That certain customer claimants ("Objecting Claimants") asserted that Net Equity should be determined on the basis of each claimant's balance as shown on their November 30, 2008 account statement provided by BLMIS ("Final Customer Statements"); and

4.    The responses and oppositions filed in this Court to the Motion, as listed in Appendix 1 to the Memorandum Decision Granting Trustee's Motion For An Order (1) Upholding Trustee's Determination Denying Customer Claims For Amounts Listed On Last Customer Statement; (2) Affirming Trustee's Determination Of Net Equity; and (3) Expunging Objections to Determinations Relating To Net Equity ("Net Equity Decision"), dated March 1, 2010.

Due notice of the Motion has been given, and it does not appear that other or further notice need be given, and after a hearing and the proceedings before the Court, and after due

deliberation, having determined the Motion is in the best interests of BLMIS, its creditors and the estate, it is hereby:

ORDERED, that the relief requested in the Motion is granted as set forth in the Net Equity Decision, fully incorporated herein; and it is further

ORDERED, that the Trustee's determination of Net Equity using the Net Investment Method is upheld; and it is further

ORDERED, that each customer's Net Equity with respect to their customer claims in this SIPA liquidation proceeding shall be calculated using the Net Investment Method rather than the balances listed on the Final Customer Statements; and it is further

ORDERED, that the oppositions submitted by the Objecting Claimants, as listed in Appendix 1 of the Net Equity Decision, are overruled; and it is further

ORDERED, that the objections to the determinations of customer claims, as listed on Exhibit A to the Trustee's Motion [Dkt. No. 530], are expunged insofar as those objections are based upon using the Final Customer Statements rather than the Net Investment Method to determine Net Equity; and it is further

ORDERED, that this Court shall retain jurisdiction with respect to the remainder of the claimants' objections in accordance with the order entered by this Court on December 23, 2008 (the "Claims Procedures Order"); and it is further

ORDERED, that the Trustee shall in due course schedule a hearing or hearings regarding the remainder of the claimants' objections in accordance with the Claims Procedures Order; and it is further

3

**ORDERED**, that with regard to the Net Equity Dispute, this Order is a final order as that term is defined in 28 U.S.C. § 158(a)(1), and there is no just reason for delay; and it is further

**ORDERED**, that in view of the factors contained in 28 U.S.C § 158(d)(2)(A)(i) - (iii), this Court will upon appropriate request or motion consider favorably a request to certify a direct appeal to the United States Court of Appeals for the Second Circuit; and it is further

**ORDERED**, that this Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: New York, New York
      March 8, 2010                  /s/Burton R. Lifland
                                     HONORABLE BURTON R. LIFLAND
                                     UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT C**

# Baker Hostetler

Baker & Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

David J. Sheehan
direct dial: 212.589.4616
dsheehan@bakerlaw.com

March 8, 2010

**VIA EMAIL AND FIRST CLASS MAIL**

Honorable Burton R. Lifland
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

Re:    *Securities Investor Protection Corporation v. Bernard L. Madoff Investment
Securities LLC,* 08-1789 (BRL) (Substantively Consolidated)

Dear Judge Lifland:

Baker & Hostetler LLP, as counsel to Irving H. Picard ("Trustee"), the Trustee for the substantively consolidated liquidation proceedings of Bernard L. Madoff Investment Securities LLC ("BLMIS") and Bernard L. Madoff, and the law firms of Becker & Poliakoff, LLP, Davis Polk & Wardwell LLP, Lax & Neville, LLP, Milberg LLP, and Shearman & Sterling LLP, on behalf of the BLMIS claimants represented by the same, jointly write to request that this Court certify its order of March 8, 2010 (the "Net Equity Order"), granting the Trustee's motion ("Motion") for an order: (1) upholding the Trustee's determinations denying the claims in question for the securities and credit balances listed on the claimants' last BLMIS customer statement; (2) affirming the Trustee's "cash in/cash out" determinations of net equity with respect to each customer claim; and (3) expunging the objections to the Trustee's determinations to the customer claims in question insofar as they relate to net equity, for immediate appeal to the United States Court of Appeals for the Second Circuit, pursuant to 28 U.S.C. § 158(d)(2).

Honorable Burton R. Lifland
March 8, 2010
Page 2

The Trustee's Motion sought a final order to be issued by this Court relating to the proper interpretation and application of net equity ("Net Equity"), as that term is defined in section 16(11) of SIPA, 15 U.S.C. § 78*lll*(11). As delineated in the Motion, it is the Trustee's position that for purposes of determining customer claims, each BLMIS customer's Net Equity should be determined by crediting the amount of cash deposited by the customer into his BLMIS account, less any amounts already withdrawn by him from his BLMIS customer account (the "Net Investment Method"). Certain customer claimants asserted that Net Equity should be determined on the basis of each claimant's balance as shown on their November 30, 2008 account statement provided by BLMIS ("Final Customer Statements").

After notice and a hearing, and after due consideration of all responses and oppositions filed in this Court to the Motion, as listed in Appendix 1 to the Memorandum Decision Granting Trustee's Motion For An Order (1) Upholding Trustee's Determination Denying Customer Claims For Amounts Listed On Last Customer Statement; (2) Affirming Trustee's Determination Of Net Equity; and (3) Expunging Objections to Determinations Relating To Net Equity ("Net Equity Decision"), dated March 1, 2010, this Court entered the Net Equity Order on March 8, 2010, fully incorporating therein the Net Equity Decision.

Under the terms of 28 U.S.C. § 158(d)(2), a bankruptcy court may certify an order for immediate appeal to a circuit court of appeal where the order "involves a matter of public importance," or where an appeal from the order "may materially advance the progress of the case." 28 U.S.C. § 158(d)(2)(A)(i) and (iii). Certification is mandatory where the Court determines that these circumstances exist. *Id.* § 158(d)(2)(B) ("If the bankruptcy court . . . determines that a circumstance specified in clause (i), (ii), or (iii) of subparagraph (A) exists . . . then the bankruptcy court shall make the certification described in subparagraph (A)").

As the Court is well-aware, this SIPA liquidation proceeding arises out of the infamous and massive Ponzi scheme perpetrated by Bernard L. Madoff. Under any calculation, billions of dollars are at stake, and over 15,000 customer claims have been filed in this liquidation. *See* Net Equity Decision, at 5. The calculation of Net Equity vis-à-vis each customer claim dictates the distribution, if any, that each customer will receive from the fund of customer property under section 8(c)(1)(B) of SIPA, 15 U.S.C. § 78fff-2(c)(1)(B), as well as each customer's entitlement to receive an advance from SIPC against that payment from the fund of customer property. Thus, the result of the Net Equity Dispute impacts the determination and calculation of every customer claim filed in this proceeding.

As this liquidation proceeding affects a large number of customer claimants, and has generated Congressional hearings, proposed amendments to the United States Code, and sustained press coverage, we submit that this proceeding, and particularly the Net Equity Dispute, is a matter of public importance appropriate for certification to the Court of Appeals.

Honorable Burton R. Lifland
March 8, 2010
Page 3

Moreover, as described above, whether the Trustee has properly determined all customer claims in this proceeding is a question that hinges on the Net Equity Dispute. All parties – both customer claimants and the Trustee – would benefit from the speediest resolution of this issue consistent with the law.  The entry of a final, non-appealable order regarding the Net Equity Dispute will provide finality and closure to those who were victimized as a result of Madoff's fraudulent scheme.  Under these circumstances, an immediate appeal from the order will materially advance the progress of the case, making certification appropriate.  *See* 28 U.S.C. § 158(d)(2)(A)(iii).

The United States Securities & Exchange Commission and the Securities Investor Protection Corporation have indicated that they have no objection to this request.

Accordingly, we respectfully request that this appeal be certified to the Court of Appeals pursuant to 28 U.S.C. § 158(d)(2)(A).


Respectfully submitted,


*/s/ David J. Sheehan*

David J. Sheehan

*/s/ Helen Chaitman*
Becker & Poliakoff, LLP


*/s/ Karen Wagner*
Davis Polk & Wardwell LLP


*/s/ Brian Neville*
Lax & Neville, LLP


*/s/ Matthew Gluck*
Milberg LLP


*/s/ Stephen Fishbein*
Shearman & Sterling LLP

cc:    Irving H. Picard, Esq.
       Josephine Wang, Esq.
       Katharine B. Gresham, Esq.

# **EXHIBIT D**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                    Plaintiff,<br><br>          v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                    Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                    Debtor. | |

**COURT'S CERTIFICATION OF NET EQUITY ORDER OF MARCH 8, 2010
FOR IMMEDIATE APPEAL TO THE UNITED STATES COURT OF APPEALS
PURSUANT TO 28 U.S.C. § 158(d)(2)**

The Court having issued its Memorandum Decision Granting Trustee's Motion for an Order (1) Upholding Trustee's Determination Denying Customer Claims for Amounts Listed on Last Customer Statement; (2) Affirming Trustee's Determination of Net Equity; and (3) Expunging Objections to Determinations Relating to Net Equity (the "Net Equity Decision") on March 1, 2010; and having entered an order on March 8, 2010 implementing the Decision (the "Net Equity Order"); and because the Net Equity Decision and Order impact with finality on the interests of the parties to the above-captioned proceeding, the Court, on its own motion, joined by the annexed request of the law firms of Becker & Poliakoff, LLP, Davis Polk & Wardwell LLP, Lax & Neville, LLP, Milberg LLP, and Shearman & Sterling LLP, on behalf of the BLMIS claimants represented by the same, setting forth the bases for certification pursuant to 28 U.S.C. § 158(d)(2), which request the Court treats as a motion for certification; and the United

1

States Securities & Exchange Commission and the Securities Investor Protection Corporation having indicated that they have no objection to this request; and the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); and (iii) the legal and factual issues presented establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1.  The relief sought in the request is GRANTED.

2.  The Court certifies that an immediate appeal of the Net Equity Order is appropriate because this proceeding involves a matter of public importance, and an immediate appeal may materially advance the progress of this proceeding.

3.  The Court therefore certifies the Net Equity Order for immediate appeal to the United States Court of Appeals pursuant to 28 U.S.C. § 158(d)(2).

Dated: New York, New York
       March 8, 2010

                                        /s/ Burton R. Lifland_____
                                        United States Bankruptcy Judge

# **<u>EXHIBIT E</u>**

# No. 10-974

**IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**IN RE: BERNARD L. MADOFF**

**JOINT PETITION FOR PERMISSION TO APPEAL
UNDER 28 U.S.C. § 158(d)(2)**

From an Order of the
United States Bankruptcy Court for the Southern District of New York

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
(212) 450-4000

*Attorneys for
Sterling Equities Associates,
Arthur Friedman, David Katz,
Gregory Katz, Michael Katz,
Saul Katz, L. Thomas Osterman,
Marvin Tepper, Fred Wilpon,
Jeff Wilpon, Richard Wilpon, and
Mets Limited Partnership*

BECKER & POLIAKOFF LLP
45 Broadway
New York, NY 10006
(212) 599-3322

*Attorneys for
Diane and Roger Peskin, Maureen
Ebel, and a large group of other
customers*

BERNFELD, DEMATTEO &
BERNFELD LLP
600 Third Avenue
New York, NY 10016
(212) 661-1661

*Attorneys for
Michael Schur and Edith A. Schur*

KLEINBERG, KAPLAN, WOLFF,
& COHEN P.C.
551 Fifth Avenue, 18th Floor
New York, New York 10176
(212) 986-6000

*Attorneys for
Lawrence Elins and Malibu
Trading and Investing, L.P.*

LAX & NEVILLE, LLP
1412 Broadway, Suite 1407
New York, NY 10018
(212) 696-1999

*Attorneys for Mary Albanese, Myron*
  *Feuer, Allan Goldstein, Allen*
  *Robert Greene, Laurence Kaye,*
  *Robert Korn, Rose Less, Roger L.*
  *Schwarz, Miriam Williams, and*
  *Roger Williams*

MILBERG LLP
One Pennsylvania Plaza
48th Floor
New York, NY 10119
(212) 594-5300

SEEGER WEISS LLP
One William Street
New York, NY 10004
(212) 584-0700

*Attorneys for The Aspen Company,*
  *Ann Denver, Norton Eisenberg,*
  *Export Technicians Inc., Stephen R.*
  *Goldenberg, Judith Rock Goldman,*
  *Albert J. Goldstein U/W FBO Ruth*
  *E. Goldstein, Jerry Guberman,*
  *Anita Karimian, Michael and*
  *Stacey Mathias, Martin Rappaport,*
  *Paul J. Robinson, Bernard Seldon,*
  *Harold A. Thau, and numerous*
  *other claimants*

PHILLIPS NIZER LLP
666 Fifth Avenue
New York, NY 10103
(212) 977-9700

*Attorneys for Herbert Barbanel,*
  *Alice Barbanel, and Lauri Ann*
  *Schwartz-Barbanel*

SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022-6069
(212) 848-4000

*Attorneys for Carl J. Shapiro and*
  *Associated Entities*

SONNENSCHEIN NATH &
ROSENTHAL LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 768-6700

*Attorney for Marsha Peshkin and a
 Group of the Sonnenschein
 Investors*

Pursuant to Federal Rule of Bankruptcy Procedure 8001(f)(5) and

Federal Rule of Appellate Procedure 5, Petitioners listed in the attached

Appendix B ("Petitioners") respectfully request that this Court authorize a

direct appeal under 28 U.S.C. § 158(d)(2) from an Order entered by the

United States Bankruptcy Court for the Southern District of New York on

March 8, 2010 (the "Order") (attached hereto as Exhibit 2).

The Bankruptcy Court's decision addresses the definition of "net

equity" for purposes of determining the amount of each customer's claim in

the liquidation proceeding of Bernard L. Madoff Investment Securities LLC

("BLMIS") under Section 78*lll*(11) of the Securities Investor Protection Act,

15 U.S.C. § 78aaa, *et seq.* ("SIPA").  The decision disregards the plain

meaning of the statute, and adopts a punitive and unprecedented approach

that has no statutory foundation, in direct conflict with this Court's opinion

in *In re New Times Securities Services*, 371 F.3d 68 (2d Cir. 2004).

The issue on appeal is a pure question of law:  the meaning of the

statutory term "net equity," as defined in SIPA.  This is a critical, threshold

issue in this bankruptcy proceeding, because it will determine – for each of

the thousands of BLMIS customers – how the customer's claim is calculated

for purposes of (a) recovery from the fund of customer property in the

bankruptcy estate, and (b) the advance of up to $500,000 payable by the

Securities Investor Protection Corporation ("SIPC") as required by SIPA.

The appeal thus "raise[s] controlling questions of law, concern[s]

matters of public importance, and arise[s] under circumstances where a

prompt, determinative ruling might avoid needless litigation." *Weber v. U.S.

Tr.*, 484 F.3d 154, 158 (2d Cir. 2007) (describing circumstances when this

Court should authorize direct appeals pursuant to 28 U.S.C. § 158(d)(2)).

For just these reasons, the Bankruptcy Court – on its own motion, and

pursuant to a joint request by the Trustee and certain BLMIS claimants –

certified the Order for immediate appeal to this Court pursuant to 28 U.S.C.

§ 158(d)(2). *See* Certification Order (attached hereto as Exhibit 3).

We respectfully request that this Court authorize a direct appeal.

## FACTUAL BACKGROUND

On December 15, 2008, SIPC filed an application under Section

78eee(a)(3) of SIPA in the United States District Court for the Southern

District of New York alleging that BLMIS customers needed the protection

afforded by SIPA. *See* Order, *Securities and Exchange Commission v.

Madoff*, No. 08-10791 (S.D.N.Y. Dec. 15, 2008) (ordering relief under SIPA

and transferring proceeding to the Bankruptcy Court). The District Court

2

Over 15,000 customer claims have been filed in the BLMIS liquidation. *See*

Net Equity Decision at 5 (attached hereto as Exhibit 1). Every one of them

will likely be affected by the determination of this issue. BLMIS victims

rendered indigent by Mr. Madoff's scheme who disagree with the Trustee's

position will not receive appropriate recoveries until this issue is resolved.

More broadly, any brokerage customer who now relies upon SIPC's

protection has an interest in how claims decisions are made under SIPA.

The Court should also authorize this direct appeal because the

Bankruptcy Court's Net Equity Decision conflicts with this Court's decision

in *In re New Times Sec. Servs.*, 371 F.3d 68 (2d Cir. 2004), which compels

the conclusion that BLMIS customers' "net equity" claims must be

determined according to the liquidation value of the securities positions

reflected on the customers' final account statements. A direct appeal would

afford this Court "an opportunity to intervene early to correct lower-court

errors," which if not corrected "would result in wasteful proceedings."

*Weber*, 484 F.3d at 160.

Counsel for the Petitioners have conferred with the Trustee, who

agrees that all parties will benefit from the speediest possible resolution of

the "net equity" issue and that an immediate appeal from the Order will

# **EXHIBIT F**

# MANDATE

Bankr. S.D.N.Y.
08-1789-brl
Lifland, Bankr. J.

## United States Court of Appeals

FOR THE
SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of June, two thousand ten,

Present:
     Amalya L. Kearse,
     Pierre N. Leval,
      *Circuit Judges.*\*

*In re* Bernard L. Madoff,

     *Debtor.*              10-974-mb

Petitioners, claimants of Bernard L. Madoff Investment Securities, LLC, through counsel, petition this Court for permission to take a direct appeal of the March 8, 2010 order of the bankruptcy court upholding the Trustee's net equity determinations. Upon due consideration, it is hereby ORDERED that the petition is GRANTED because Petitioners have satisfied the criteria set forth in 28 U.S.C. § 158(d)(2)(A); *see also Weber v. United States Trustee*, 484 F.3d 154, 157 (2d Cir. 2007).

Additionally, Lawrence R. Velvel moves to file an opposition to the petition as amicus curiae, and to amend the caption to include him as a party. Upon due consideration, it is hereby ORDERED that Velvel's motions are DENIED.

The Clerk's Office is directed to issue the following briefing schedule agreed upon by the parties. The Petitioners' briefs will be due six weeks after the ready date, as defined in Second Circuit Local Rule 31.2(a)(1)(A); the Trustee's brief will be due six weeks thereafter; and the reply briefs will be due three weeks after that.

           FOR THE COURT:
           Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

\* Judge Debra Ann Livingston has recused herself from consideration of these applications. Pursuant to Second Circuit Internal Operating Procedures E(b), the matter is being decided by the two remaining members of the panel.

MANDATE ISSUED ON 06/16/2010