**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com
Amy E. Vanderwal
Email: avanderwal@bakerlaw.com

Presentment Date:  December 7, 2010
Time:  12:00 p.m.

Objections Due:  December 7, 2010
Time:  11:00 a.m.

*Attorneys for Irving H. Picard, Esq., Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>  Plaintiff-Applicant,<br><br>  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>  Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>  Debtor. | |

## MOTION OF THE TRUSTEE
## FOR AUTHORIZATION TO ENTER INTO JOINT LITIGATION AGREEMENT

Irving H. Picard, Esq. (the "Trustee"), as trustee ("Trustee") for the substantively

consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC

("BLMIS") and the estate of Bernard L. Madoff, by and through his undersigned counsel, hereby

moves (the "Motion") for entry of an order authorizing the Trustee to enter into a joint litigation

agreement (the "Litigation Agreement") with Mark Byers, Andrew Hosking and Stephen Akers,

the Joint Liquidators (the "Liquidators")[1] of Madoff Securities International Limited ("MSIL"),

pursuant to sections 1526, 1527 and 105(a) the United States Bankruptcy Code, 11 U.S.C. §§

101 *et seq*. (the "Bankruptcy Code"), and in accordance with the Cross-Border Insolvency

Protocol for the Bernard Madoff Group of Companies (the "Protocol") dated May 21, 2009 and

approved by this Court by order dated June 9, 2009, as further described below, and respectfully

represents as follows:

## JURISDICTION AND VENUE

1.    This Court has jurisdiction over the Motion pursuant to section 78eee(b)(4) of the

Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq*. ("SIPA") and the order (the

"Protective Decree") entered on December 15, 2008 [Docket No. 4] by the Honorable Louis L.

Stanton, United States District Judge, United States District Court for the Southern District of

New York in Case No. 08 CV 10791, and 28 U.S.C. §§ 157 and 1334.  Venue is proper in this

district pursuant to section 78eee(b)(4) of SIPA and 28 U.S.C. §§ 1408 and 1409.  The statutory

predicates for the relief sought herein are sections 1526, 1527 and 105(a) of the Bankruptcy

Code.

## RELIEF REQUESTED

2.    As this Court is aware, in May of 2009, the Trustee entered into the Protocol with

the Liquidators for the purpose of establishing a framework for cooperation between and

coordination of, the liquidation proceedings of BLMIS and MSIL.  At that time, the Trustee and

the Liquidators also entered into an Information Protocol and a Common Interest Privilege

---

[1] Messrs. Byers, Hosking, and Akers were appointed joint *provisional* liquidators of MSIL by the High Court of Justice, Chancery Division Companies Court on December 19, 2008, and following the entry of a winding up order on December 9, 2009 were appointed as Liquidators of MSIL.  For ease of reference, the reference to "Liquidators" is inclusive of their term as provisional liquidators.

Agreement to facilitate the coordination of the two liquidations. The Protocol, the Information

Protocol and the Common Interest Privilege Agreement are collectively referred to as the

"Madoff Protocols."

3.      The Trustee and the Liquidators have jointly identified certain entities and

individuals against whom the Trustee and Liquidators hold claims (the "Claims") that they believe

should be pursued for the benefit of the MSIL and BLMIS estates.

4.      Because of the potential for standing and other jurisdictional issues, the Trustee and

the Liquidators have determined that the most efficient and expedient way to pursue the Claims is

to enter into the Litigation Agreement, pursuant to which the Trustee and the Joint Liquidators will

jointly instruct a firm of English solicitors in respect of the Claims (the "British Firm").[2] A copy of

the Litigation Agreement is attached hereto as Exhibit A.[3]

5.      The Litigation Agreement provides that the British Firm shall be instructed to

pursue the Claims in a manner consistent with the fiduciary obligations of the Trustee and the

Liquidators and will become a party to the Madoff Protocols. All parties to the Madoff Protocols

agree to cooperate in terms of sharing necessary information and otherwise to allow the Claims

to be satisfied.

6.      In consideration of the obligations and covenants of MSIL under the Litigation

Agreement, the Trustee has agreed to subordinate its claims in the liquidation of MSIL to those

of the proven MSIL UK Creditors identified on Schedule 1 to the Litigation Agreement.

Following the payment of these creditors, all other assets will remain with MSIL until the

---

[2] The Trustee has filed a simultaneous motion seeking authority to retain Taylor Wessing LLP as Special Counsel to, among other things, pursue the Claims on behalf of the Trustee.

[3] Names of creditors and potential defendants have been redacted from the schedules to the Litigation Agreement in accordance with British laws governing the commencement of core proceedings. These names can be provided to the Court *in camera*, if requested. Capitalized terms not otherwise defined herein shall have the meaning ascribed in

liquidation of MSIL has been completed, at which time all assets will be paid to the Trustee, as the sole remaining creditor of MSIL.

7.      The Trustee has agreed to be responsible for the Costs incurred by the British Firm and any potential adverse cost awards and liabilities attendant thereto entered against MSIL in connection with the Claims to the extent that MSIL is not able to discharge that liability from its own assets following payment of the MSIL UK Creditors.  To the extent funds are recovered in connection with the Claims, they will be distributed first to pay any Costs, then to reimburse any adverse costs and, finally, to pay the respective Claims of MSIL and BLMIS against that defendant.

8.      The Litigation Agreement also provides for the resolution of disputes between the parties and allocates responsibility for the recovery of certain remaining assets of the MSIL estate, including a vehicle owned by Peter Madoff currently located in Florida and the vessel "Yacht Bull."

9.      The Securities Investor Protection Corporation has no objection to this Motion and supports the Trustee's request for authorization to enter the Litigation Agreement.

10.     The Trustee submits that this Court should authorize entry into the Litigation Agreement because it will allow for the most efficient pursuit and recovery of the Claims. Further, the Litigation Agreement is consistent with section 1526 and 1527 of the Bankruptcy Code.  Section 1526 requires a Trustee to, subject to the supervision of the Court, cooperate to the maximum extent possible with a foreign court or foreign representative.  11 U.S.C. § 1526. Section 1527 provides that the cooperation described in section 1526 may be implemented by any appropriate means, including "the approval or implementation of agreements concerning the

---

the Litigation Agreement.  To the extent there is any inconsistency between the description of the Litigation Agreement in this Motion and the terms of the Litigation Agreement itself, the Litigation Agreement shall prevail.

300130502

coordination of proceedings." 11 U.S.C. § 1527. The Litigation Agreement embodies the cooperation mandated by these sections of the Bankruptcy Code.

11.     Finally, the Litigation Agreement is consistent with and an extension of the Protocol. Section 6.1 of the Protocol provides that, to the extent appropriate, the Trustee and the Liquidators shall "coordinate and cooperate expeditiously with each other regarding the identification, preservation and realization of assets." Section 6.3 also states that the Trustee and the Liquidators shall provide assistance to each other in the recovery of such assets.

12.     Accordingly, given that the Litigation Agreement is consistent with both the relevant provisions of the Bankruptcy Code and the Protocol approved by this Court, the Trustee submits that the Litigation Agreement is appropriate and the Court should authorize the Trustee to enter into the Agreement substantially in the form attached hereto as Exhibit A.

## NOTICE

13.     Notice of this Motion has been given to (i) the Securities Investor Protection Corporation; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; and (iv) the United States Attorney for the Southern District of New York. The Trustee shall also serve, by way of the ECF filing that will be made, each person or entity that has filed a notice of appearance in this case. In light of the nature of the relief requested, the Trustee submits that such notice is good and sufficient, and no other or further notice is necessary or required.

300130502

**WHEREFORE**, the Trustee respectfully requests that the Court (a) enter an order substantially in the form attached hereto as Exhibit B, granting the relief requested herein; and (b) grant such other and further relief to the Trustee as the Court deems proper.

Respectfully submitted,

Dated: New York, New York
      November 29, 2010

        /s/ Marc Hirschfield
      Baker & Hostetler LLP
      45 Rockefeller Plaza
      New York, New York 10111
      Telephone: (212) 589-4200
      Facsimile: (212) 589-4201
      David J. Sheehan
      Email: dsheehan@bakerlaw.com
      Marc E. Hirschfield
      Email: mhirschfield@bakerlaw.com
      Amy E. Vanderwal
      Email: avanderwal@bakerlaw.com

      *Attorneys for Irving H. Picard, Esq., Trustee*
      *for the Substantively Consolidated SIPA*
      *Liquidation of Bernard L. Madoff Investment*
      *Securities LLC and Bernard L. Madoff*

300130502