**MARK S. CHARWAT**
19 Estate Drive, Jericho, N.Y. 11753
- - - - -
Tel. 516 938-1142

RECEIVED NOV 3 0 2010 U.S. BANKRUPTCY COURT, SDNY

Notice of Opposition To Denial of Claim
Bankruptcy Case No. 08-1789 (BLM)

Please be advised that the undersigned, Mark S. Charwat, an investor in Peerstate Equity Fund, L.P. ("Peerstate"), which in turn was an investor in Bernard L. Madoff Investment Securities LLC ("BLMIS'), hereby contests the determination of the Trustee, Irving H. Picard, of the denial of the undersigned's claim in this matter, namely Claim No. 003131 and Claim No 002759.

Please be further advised that both Claims were intended to cover the same circumstances and investments and were not intended as additional claims, but for some reason unknown to the undersigned the Trustee assigned two separate claim numbers to the same claim and investment, perhaps arising from the submission by the undersigned of a further letter or letters to the Trustee intending to provide clarification or additional information with respect to the undersigned's claim and investment in this matter.

The undersigned is informed that Peerstate, through its attorney(s), submitted to the Trustee an OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM on behalf of all of the Limited Partners in Peerstate who filed claims with SIPC, of which the undersigned is one. Accordingly, the undersigned hereby adopts all of the objections to the denial of the undersigned's claim as stated by Peerstate on behalf of the undersigned in its said OBJECTION. Moreover, the undersigned wishes to point out the gross and inexcusable negligence of the SEC (the U.S. Securities and Exchange Commission) in its supervision of Bernard L. Madoff ("Madoff") and BLMIS, all of which the undersigned believes is well known to the Trustee as well as the Court.

In addition thereto and not by way of limitation, the undersigned affirms that at all times he was informed, knew and understood that the funds he invested with Peerstate were being solely and exclusively invested in turn with BLMIS and that Peerstate was merely a conduit or channel with respect thereto. Further, the undersigned was informed, knew and understood that the financial reports he received from Peerstate were based on financial reports submitted by BLMIS to Peerstate, which BLMIS financial reports to Peerstate were in turn audited by an outside accounting firm retained by Peerstate for such purpose. Accordingly, at all times the undersigned felt confident and assured that his funds and investments were being managed and invested by BLMIS to the same extent and with the same care and consideration as if the undersigned had made a direct investment with BLMIS, Peerstate being a mere conduit or agent authorized and encouraged by Madoff and BLMIS to accomplish the same.

The undersigned understands that the Trustee allowed or may have allowed as good and valid claims, and did not deny the same, claims filed on behalf of entities such

as trusts, IRAs (individual retirement accounts), pension and profit sharing plans and other similar type entities in addition to the claims of specific individuals, but is denying as good and valid claims investments made through corporations such as Peerstate set up for the specific purpose of investing the funds directly with Madoff and BLMIS. The undersigned questions the distinction between investments made in BLMIS through the foregoing types of entities and investments in BLMIS made through conduit corporations or agents of Madoff and BLMIS such as Peerstate.

In the case of the undersigned, there was a real and specific intention to invest his funds with Madoff and BLMIS inasmuch as Peerstate was set up specifically for such purpose and the investment of Peerstate's funds with Madoff and BLMIS was exclusive and was reiterated by Peerstate to the undersigned on numerous occasions. Moreover, the undersigned would not have invested his funds with Peerstate had there not been such a specific understanding of the exclusive nature of such investments, while in the case of the other type entities referred to hereinabove there may or may not have been an intention by the beneficiary of the trust or the person for whom the IRA was set up or the person for whom the pension or profit sharing plan was established to invest with Madoff and BLMIS. Such other entities may have invested a portion of their funds with others.

The undersigned hereby references the letters, details and information submitted by the undersigned to the Trustee when he submitted his claim, copies of which are annexed hereto and incorporated herein. Further, the undersigned reserves all of his rights in this matter.

The undersigned respectfully requests that the hearing date in this matter be coordinated with (i) the hearing date for Peerstate's Objections and also (ii) the hearing date for the undersigned's wife, Anabella B. Charwat's, Notice of Opposition. That is, please schedule them all at the same date, time and place. In requesting such consideration it is noted that all such claims involve the same or similar facts and circumstances. Also, the undersigned is 77 years old (78 in a few weeks) and has a bad back and travel would be considerably easier if it were all coordinated in a manner satisfactory to the undersigned's age and circumstances and also that of his wife.

Please be advised that the undersigned is submitting this Notice of Opposition to Denial of Claim together with all papers annexed hereto and incorporated herein to the Clerk of the United States Bankruptcy Court at One Bowling Green, New York, NY 10004 and also to Irving H. Pickard, Trustee, at 45 Rockefeller Plaza, New York, NY 10111 at the exact addresses set forth and specified by the Trustee in his Notice of Trustee's Determination of Claim letter dated November 05, 2010.

Dated: November 25, 2010

Very truly yours,

Mark S. Charwat

cc: Anabella B. Charwat, wife