BAKER & HOSTETLER LLP  
45 Rockefeller Plaza  
New York, New York 10111  
Telephone: (212) 589-4200  
Facsimile: (212) 589-4201  
David J. Sheehan  
Email: dsheehan@bakerlaw.com  
Marc E. Hirschfield  
Email: mhirschfield@bakerlaw.com  
Timothy S. Pfeifer  
Email: tpfeifer@bakerlaw.com  

Presentment Date: December 8, 2010  
Time: 12:00 p.m.  

Objections Due: December 8, 2010  
Time: 11:00 a.m.  

*Attorneys for Irving H. Picard, Trustee*  
*for the Substantively Consolidated SIPA Liquidation*  
*of Bernard L. Madoff Investment Securities LLC*  
*and Bernard L. Madoff*  

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  

SECURITIES INVESTOR PROTECTION CORPORATION,

    Plaintiff-Applicant,

    v.

BERNARD L. MADOFF INVESTMENT SECURITIES LLC,

    Defendant.

In re:

BERNARD L. MADOFF,

    Debtor.

Adv. Pro. No. 08-01789 (BRL)

SIPA Liquidation

(Substantively Consolidated)

**TRUSTEE'S MOTION UNDER 28 U.S.C. § 1781(b)(2) AND RULE 2004  
OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR  
AN ORDER ISSUING REQUESTS FOR INTERNATIONAL JUDICIAL ASSISTANCE  
FOR SERVICE OF SUBPOENAS UPON INDIVIDUALS IN AUSTRIA AFFILIATED  
<u>WITH BANK MEDICI</u>**

Under 28 U.S.C. § 1781(b)(2) and Rule 2004 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), Irving H. Picard, Esq., as trustee ("Trustee") for the

substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff individually ("Madoff"), hereby moves this Court (the "Motion") for the entry of an Order issuing Requests for International Judicial Assistance (the "Requests") to the appropriate judicial authorities in Austria requesting the service of subpoenas (the "Subpoenas") to individuals in Austria (the "Subpoena Recipients"). In support thereof, the Trustee respectfully requests as follows:

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334(b) and sections 78eee(b)(2)(A) and (b)(4) of the Securities Investors Protection Act ("SIPA"). This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (O), and venue is proper in this district under 28 U.S.C. § 1409.

2.  The statutory predicates for the relief requested are Bankruptcy Rule 2004 and 28 U.S.C. § 1781(b)(2).

## BACKGROUND

3.  On December 11, 2008 (the "Filing Date"), Madoff was arrested by federal agents for violations of the criminal securities laws, including, *inter alia*, securities fraud, investment adviser fraud, and mail and wire fraud. Contemporaneously, the U.S. Securities and Exchange Commission (the "SEC") brought a proceeding in the United States District Court for the Southern District of New York as *Securities Exchange Commission v. Bernard L. Madoff Investment Securities LLC et al.*, No. 08 CV 10791 (the "District Court Proceeding"), which remains pending. The SEC complaint alleges that Madoff and BLMIS engaged in fraud through the BLMIS Investment Advisory business (the "BLMIS IA Business").

4.  On December 12, 2008, the Honorable Louis L. Stanton entered an order

2

appointing Lee S. Richards, Esq. as receiver for the assets of BLMIS (the "Receiver").

5. On December 15, 2008, under SIPA § 78eee(a)(4)(B), the Securities Investor Protection Corporation ("SIPC") filed an application in the District Court alleging, *inter alia*, that BLMIS was not able to meet its obligations to securities customers as they came due and, accordingly, its customers needed the protections afforded by SIPA. On that same date, under SIPA § 78eee(a)(4)(A), the SEC consented to a combination of its own action with SIPC's application.

6. Also on December 15, 2008, Judge Stanton granted SIPC's application and entered an order under SIPA (the "Protective Decree"), which, in pertinent part:

    a. Appointed the Trustee for the liquidation of the business of BLMIS under SIPA § 78eee(b)(3);

    b. Appointed Baker & Hostetler LLP as counsel to the Trustee under SIPA § 78eee(b)(3);

    c. Removed the case to this Bankruptcy Court under SIPA § 78eee(b)(4); and

    d. Removed the Receiver for BLMIS.

7. By orders dated December 23, 2008 and February 4, 2009, respectively, the Bankruptcy Court approved the Trustee's bond and found that the Trustee was a disinterested person. Accordingly, the Trustee is duly qualified to serve and act on behalf of the estate of BLMIS.

8. By virtue of his appointment under SIPA, the Trustee has the responsibility to recover and pay out Customer Property[1] to BLMIS customers, assess claims, and liquidate any

---

[1] SIPA § 78*lll*(4) defines "Customer Property" as "cash and securities . . . at any time received, acquired, or held by or for the account of a debtor from or for the securities accounts of a customer, and the proceeds of any such property transferred by the debtor, including property unlawfully converted."

3

other assets of BLMIS for the benefit of the estate and its creditors. The Trustee is in the process of marshalling BLMIS's assets, but such assets will not be sufficient to fully reimburse BLMIS's customers for the billions of dollars they invested through BLMIS. Consequently, the Trustee must use his broad authority as expressed and intended by both SIPA and the Bankruptcy Code to pursue recovery for BLMIS accountholders.

9. This Motion concerns the request for testimony from individuals residing in Austria who may have information about, or be otherwise affiliated with, entities that did business with, or provided access to, BLMIS. The information obtained from these individuals will contribute to the Trustee's ongoing investigation of Madoff and the BLMIS IA Business. The Trustee may have potential claims, on behalf of the defrauded customers of BLMIS, against some or all of the Subpoena Recipients and/or the various entities with which the Subpoena Recipients maintain or have maintained affiliations. The Trustee seeks testimony from the Subpoena Recipients in order to adequately investigate such claims and determine whether to assert them.

### RELIEF REQUESTED AND SUMMARY OF REASONS THEREFOR

10. On January 12, 2009, this Court entered an "Order Granting Authority to Issue Subpoenas for the Production of Documents and the Examination of Witnesses" (the "January 2009 Order"). Under the January 2009 Order, the Trustee "is authorized to issue and serve Rule 2004 Subpoenas for examination under Bankruptcy Rule 2004."

11. By this Motion, the Trustee seeks the entry of an order under 28 U.S.C. § 1781(b)(2) and Bankruptcy Rule 2004 directing that the Requests be issued in this proceeding for the purpose of obtaining testimony under the Subpoenas from the below-named Subpoena Recipients. Specifically, the Trustee seeks to serve the Subpoenas within Austria while abiding

4

by all applicable procedures and rules under Austrian law and maximizing the likelihood that the requests would be executed so as to allow the Trustee to obtain the testimony sought.

12. Under 28 U.S.C. § 1781(b)(2), this Court has the authority to issue a request to tribunals, officers, or agencies in Austria. Austria is not party to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Evidence Convention"). Therefore, the Court's authority to issue the Requests rests solely on 28 U.S.C. § 1781(b)(2), and the courts in Austria are under no legal obligation, under a treaty or internal Austrian law, to grant or execute any requests sent from this Court.

13. Accordingly, counsel for the Trustee has contacted the Federal Ministry of Justice in Vienna, Austria to determine how best to serve the Subpoenas on the Subpoena Recipients. The Austrian official in charge of forwarding the Requests to the appropriate courts within Austria provided the following information:

    a. It would be appropriate for this Court to send Requests for International Judicial Assistance, using the forms and procedures provided for by the Hague Evidence Convention;

    b. Although Austria is not party to the Hague Evidence Convention, it is party to the Convention on Civil Procedure, concluded on March 1, 1954, which utilizes substantially similar procedures as those provided for by the Hague Evidence Convention;

    c. The Austrian courts may grant the Requests under the doctrine of reciprocity; and

    d. Although Austrian courts generally disfavor pre-trial discovery, the courts may be inclined to grant the Requests if the requests are sent from a United States court that has been seized of the matter from which the requests arise.

5

14. Hence, the Trustee respectfully requests that this Court issue an order directing that the enclosed Requests be sent to the Austrian Federal Ministry of Justice for forwarding to the appropriate courts within Austria. A proposed order is attached to this motion. Ten proposed Requests for International Judicial Assistance, ten Subpoenas with attachments, ten copies of the January 2009 Order, and German translations of all documents are attached to the proposed order as "Exhibits 1 - 10." The proposed order and Requests for International Judicial Assistance provide that this Court respectfully requests that the applicable courts in Austria, in furtherance of justice by the proper and usual process, cause the Subpoena Recipients to provide testimony related to the questions and subjects within the Subpoenas.

15. The Trustee seeks to obtain testimony from the following Subpoena Recipients, as named below, who, upon information and belief, were or are currently affiliated with Bank Medici, Medici S.r.l., Medici Cayman Islands Ltd., Sofipo Austria GmbH, or other entities partially owned by Bank Medici:

a. Upon information and belief, Johann Farnleitner served as Austria's Minister of Economics and Finance. He was later recruited to Bank Medici's advisory board and has served on this board since 03/03/04;

b. Upon information and belief, Dr. Helmuth Frey served as Scheithauer's predecessor as CEO of Bank Medici and member of the board of Herald (Lux). He also served on the Board of Bank Austria Prokura from 10/01/93 – 02/24/96 and from 6/24/03 – 03/03/04. He also served on the Management Board of Bank Medici from 06/24/03 – 03/03/04;

c. Upon information and belief, Mag. Helmut Horvath served on the Management Board of Bank Medici from 06/24/03 – 12/15/06;

d. Upon information and belief, DDr. Werner Kretschmer served on the

6

Supervisory Board of Bank Medici from 03/03/04 – 12/15/06;

  e. Upon information and belief, Ferdinand Lacina served on the Management Board of Medici Heritage Privatstifung for unknown period of time;

  f. Upon information and belief, Josef Leckl served on the Management Board of Bank Medici from 10/01/06 – 02/15/08;

  g. Upon information and belief, Robert Reuss was the Vice President of Eurovaleur;

  h. Upon information and belief, Dr. Johann Stohr presently serves as the Chairman of the Advisory Board of Bank Medici.  Dr. Stohr served on the Supervisory Board of Bank Medici from 06/24/03 – 08/07/03;

  i. Upon information and belief, DI Andreas Pirkner is a former member of the managing board of M Tech Service.  In addition, Mr. Pirker provided full commercial representation to BM Prokura from 04/01/04 - 09/05/08.  Mr. Pirkner began his career with the predecessor company to Bank Medici AG, supporting the board on projects in coordination with Bank Medici AG.  Mr. Pirkner now works for Convert Invest;

  j. Upon information and belief, Mag. Werner Tripolt is a former Board Member of Bank Medici, where he was responsible for the bank's financial policy for an unknown period of time.  In addition, Mag. Tripolt served on the Management Board of Bank Medici from 01/01/08 – 08/28/09, and he provided full commercial representation for Bank Medici from 09/19/07 – 01/25/08.

## NOTICE

16. In accordance with Bankruptcy Rules 2002 and 9019, notice of this Motion has been given to (i) SIPC; (ii) the SEC; (iii) the Internal Revenue Service; and (iv) the United States

7

Attorney for the Southern District of New York. The Trustee shall also serve, by way of the ECF filing that will be made, each person or entity that has filed a notice of appearance in this case.

**WHEREFORE**, the Trustee respectfully requests that this Court enter an order, substantially in the form of the proposed order attached hereto, issuing 14 Requests seeking testimony from the Subpoena Recipients. The proposed Requests are attached to the proposed order attached hereto.

Dated: New York, New York
       November 30, 2010

Respectfully submitted,

*s/Marc E. Hirschfield*
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com
Timothy S. Pfeifer
Email: tpfeifer@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*