MILBERG LLP
Jonathan M. Landers
Matthew Gluck
Brad N. Friedman
Sanford P. Dumain
Jennifer L. Young
One Pennsylvania Plaza
48th Floor
New York, NY 10119
Telephone: (212) 594-5300
Facsimile: (212) 868-1229

SEEGER WEISS LLP
Stephen A. Weiss
Christopher M. Van De Kieft
Parvin K. Aminolroaya
One William Street
New York, NY 10004
Telephone: (212) 584-0700
Facsimile: (212) 584-0799

*Attorneys for Richard Coppolino*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br>        Plaintiff, <br>   v. <br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br>        Defendant. | Adv. Pro. No. 08-01789 (BRL) <br><br> SIPA Liquidation |

**OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM**

Richard Coppolino, by and through his attorneys, hereby objects to the Notice of Trustee's Determination of Claim dated November 5, 2010 ("Determination Letter"), attached as Exhibit A, as described herein.

## BACKGROUND

1.  Richard Coppolino invested with Peerstate Equity Fund, L.P. which is believed to have invested directly with Bernard L. Madoff Investment Securities, LLC ("BMIS"), and which is, upon information and belief, a "customer" as defined by the Securities Investor Protection Act of 1970 ("SIPA"), of BMIS.

2.  On December 11, 2008, the above-captioned liquidation proceeding was commenced against BMIS, pursuant to SIPA. *See* Order, *Securities and Exchange Commission v. Madoff*, No. 08-10791 (S.D.N.Y. Dec. 15, 2008) (ordering relief under SIPA and transferring proceeding to the United States Bankruptcy Court for the Southern District of New York) [Dkt. No. 4]. Irving Picard was appointed Trustee ("BMIS Trustee"), charged with overseeing the liquidation of BMIS and processing customer claims for money pursuant to SIPA. *Id.*; *see also* 15 U.S.C. 78fff-1(a). Richard Coppolino is an investor in Peerstate Equity Fund, L.P. Peerstate Equity Fund, L.P. is believed to have invested in BMIS and is believed to have placed all or substantially all of its reported assets with Bernard Madoff and BMIS. Thus, Richard Coppolino has an interest in certain claims belonging to Peerstate Equity Fund, L.P. in the BMIS liquidation proceeding.

3.  On December 23, 2008, the Court issued an Order directing the BMIS Trustee to disseminate notice and claim forms to BMIS customers and setting forth claim-filing deadlines. *See* Order [Dkt. No. 12]. Upon information and belief, the BMIS Trustee disseminated notice and claim forms to BMIS's customers in accordance with the Court's Order.

4.  The December 23, 2008 Order further provided that, to the extent the BMIS Trustee disagrees with the amount set forth on a customer claim form, the BMIS Trustee "shall notify such claimant by mail of his determination that the claim is disallowed, in whole or in part, *and the reason therefor* . . . ." *See* Order at 6 (emphasis added) [Dkt. No. 12].

5.      On or about April 9, 2009, Richard Coppolino submitted a customer claim form to SIPC, which was designated as Claim No. 8448 by the BMIS Trustee ("Richard Coppolino Customer Claim") (Exhibit B).[1]

6.      On November 5, 2010, the BMIS Trustee sent Richard Coppolino the Determination Letter disallowing his claim in its entirety on the basis that "you are not a customer of BLMIS under SIPA as that term is defined at 15 U.S.C. § 78lll(2)." *See* Determination Letter (Exhibit A).

## OBJECTION

7.      For the reasons set forth herein, Richard Coppolino hereby objects to the Determination Letter.

(a)     First Objection.  Normally, bankruptcy law prevents parties whose claims are derived from the claim of a creditor from seeking to recover on such derived claims from the debtor.  Such rules are designed to prevent duplicate recoveries arising from what amounts to a single legal claim.  *See* Bankruptcy Code §§ 502(e), 509.  However, bankruptcy law also recognizes that the derivative claimant should be permitted to file such a claim when the direct creditor fails or refuses to file or prosecute a claim since, in such cases, there is no risk of a double recovery.  For example, bankruptcy law provides that "[i]f a creditor does not timely file a proof of such creditor's claim, an entity that is liable to such creditor with the debtor, or that has secured such creditor, may file a proof of such claim."  *See* Bankruptcy Code § 501(b); *see also* Fed. R. Bankr. P. 3005(a).  To the extent that this is the case here with respect to Peerstate Equity Fund, L.P., or any other entity, these principles apply here and it is only appropriate and equitable that Richard Coppolino's claim be considered and honored, as there is no danger of double recovery to the extent that these entities have failed to file and/or prosecute or defend claims on their own behalves or on behalf of Richard Coppolino.

---

[1] In accordance with the Court's Order dated October 20, 2009 [Dkt. No. 533], Claimant's personal identification data has been redacted from Exhibit B.

8. <u>Second Objection</u>. The BMIS Trustee has encouraged all those who lost money due to the Madoff Ponzi scheme to file customer claim forms. This includes investors such as Richard Coppolino who invested "indirectly" with BMIS. The BMIS Trustee has clearly contemplated a scenario whereby "indirect" investors, such as Richard Coppolino, would be entitled to have their claims allowed and/or paid in this proceeding. To the extent that any such "indirect" claims are allowed and/or "indirect" claimants are deemed "customers" under SIPA by virtue of the present statute, any amended statute, any decision or ruling of any administrative agency, any decision or ruling by SIPC or the BMIS Trustee, or any decision or order of any court, they reserve the right to challenge any determination of their claim by the BMIS Trustee.

**RELIEF REQUESTED**

9. For the reasons stated herein, Richard Coppolino's claim should be allowed insofar as it is part of Peerstate Equity Fund, L.P.'s claim.

10. To the extent Richard Coppolino's claim is deemed to be filed on behalf of Peerstate Equity Fund, L.P., Richard Coppolino reserves the right to supplement his claim and submit further objections to any Determination of Claim directed to Richard Coppolino, including but not limited to the right to object to the BMIS Trustee's method of calculating "net equity" or other objections to the method by which the BMIS Trustee has calculated the amount of the claim.

11. Richard Coppolino requests such other relief as may be just and equitable.

**CONCLUSION**

12. Richard Coppolino reserves the right to revise, supplement, or amend this Objection, and any failure to object on a particular ground or grounds shall not be construed as a waiver of Richard Coppolino's right to object on any additional grounds.

13. Richard Coppolino reserves all rights set forth in Rule 9014, including, without limitation, rights of discovery. *See* Fed. R. Bankr. P. 9014.

14. Richard Coppolino reserves all objections as to the competence, relevance, materiality, privilege, or admissibility of evidence in any subsequent proceeding or trial of this or any other action for any purpose whatsoever.

15. Richard Coppolino incorporates by reference all reservations of rights set forth in the Richard Coppolino Customer Claim.

Dated: December 1, 2010

        Stephen A. Weiss
SEEGER WEISS LLP
Stephen A. Weiss
Christopher M. Van De Kieft
Parvin K. Aminolroaya
One William Street
New York, NY 10004
Telephone: (212) 584-0700
Facsimile:  (212) 584-0799


MILBERG LLP
Jonathan M. Landers
Matthew Gluck
Brad N. Friedman
Sanford P. Dumain
Jennifer L. Young
One Pennsylvania Plaza, 48th Fl.
New York, NY 10119
Telephone: (212) 594-5300
Facsimile: (212) 868-1229

*Attorneys for Richard Coppolino*

# **CERTIFICATE OF SERVICE**

I, Stephen A. Weiss, hereby certify that on the 1st day of December 2010, I electronically transmitted a true and correct copy of the foregoing document, OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM, to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing (NEF) to all attorneys of record who are ECF registrants. I also certify that on said date, I caused to be served a true and correct copy of the aforementioned document via federal express on, Irving H. Picard, Trustee, c/o Baker & Hostetler, LLP, 45 Rockefeller Plaza, New York, NY 10111, and the Clerk of the United States Bankruptcy Court, For the Southern District of New York One Bowling Green New York, NY 10004 via regular Mail.

/s/ *Stephen A. Weiss*
Stephen A. Weiss