# EXHIBIT B

## CUSTOMER CLAIM

Claim Number_____

Date Received_____

### BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

### DECEMBER 11, 2008

(Please print or type)

Name of Customer: __NTC & Co. FBO Michale Dancer__
Mailing Address: __P.O. Box 173859__
City: __Denver__          State: __CO__          Zip: __80217-3859__
Account No.: _____
Taxpayer I.D. Number (Social Security No.): _____

NOTE:    BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY
THE ACCOMPANYING INSTRUCTION SHEET.  A SEPARATE CLAIM FORM
SHOULD BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL
PROTECTION AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE
RECEIVED BY THE TRUSTEE ON OR BEFORE March 4, 2009.  CLAIMS
RECEIVED AFTER THAT DATE, BUT ON OR BEFORE July 2, 2009, WILL BE
SUBJECT TO DELAYED PROCESSING AND TO BEING SATISFIED ON TERMS
LESS FAVORABLE TO THE CLAIMANT. PLEASE SEND YOUR CLAIM FORM BY
CERTIFIED MAIL - RETURN RECEIPT REQUESTED.

*****************************************************************************

1.    Claim for money balances as of **December 11, 2008**:

    a.    The Broker owes me a Credit (Cr.) Balance of        $_____0_____

    b.    I owe the Broker a Debit (Dr.) Balance of          $_____0_____

    c.    If you wish to repay the Debit Balance,

        please insert the amount you wish to repay and

        attach a check payable to "Irving H. Picard, Esq.,

        Trustee for Bernard L. Madoff Investment Securities LLC."

        If you wish to make a payment, **it must be enclosed**

        with this claim form.                              $_____

    d.    If balance is zero, insert "None."              _____None_____

2.    Claim for securities as of **December 11, 2008**:

**PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.**

|  |  | YES | NO |
|---|---|---|---|
| a. | The Broker owes me securities | X | |
| b. | I owe the Broker securities | | X |

c.    If yes to either, please list below:

| Date of Transaction (trade date) | Name of Security | The Broker Owes Me (Long) | I Owe the Broker (Short) |
|---|---|---|---|
| | | Number of Shares or Face Amount of Bonds | |
| Please see Exhibit A and B. The entity described in Exibit A is believed to | | | |
| be a customer of BMIS and the party filing this claim thus has an interest | | | |
| in the assets of such entity. | | | |
| Claim Amount:$119,466.03* | | | |
| | | | |

**Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclose, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation. You should also provide all documentation or information regarding any withdrawals you have ever made or payments received from the Debtor.**

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement. If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.
**PLEASE CHECK THE APPROPRIATE ANSWER FOR ITEMS 3 THROUGH 9.**

*Starlight LP invested virtually all of its asets with BMIS. The above claim amount reflects
the claimant's proportionate share of this investment, as demonstrated in Exhibit A.

**NOTE:    IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION ON A SIGNED ATTACHMENT.   IF SUFFICIENT DETAILS ARE NOT PROVIDED, THIS CLAIM FORM WILL BE RETURNED FOR YOUR COMPLETION.**

|  |  | YES | NO |
|---|---|---|---|
| 3. | Has there been any change in your account since December 11, 2008?  If so, please explain. |  | X |
| 4. | Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of the broker? |  | X |
| 5. | Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or policies of the broker? |  | X |
| 6. | Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in any way with the broker?  If so, give name(s) |  | X |
| 7. | Is this claim being filed by or on behalf of a broker or dealer or a bank?  If so, provide documentation with respect to each public customer on whose behalf you are claiming. |  | X |
| 8. | Have you ever given any discretionary authority to any person to execute securities transactions with or through the broker on your behalf?  Give names, addresses and phone numbers. |  | X |
| 9. | Have you or any member of your family ever filed a claim under the Securities Investor Protection Act of 1970?  if so, give name of that broker. |  | X |

Please list the full name and address of anyone assisting you in the preparation of this claim form:_ Christopher Van De Kieft, Esq., Seeger Weiss LLP, One William Street, New York, New York 10004 _.

502180406                                            3

If you cannot compute the amount of your claim, you may file an estimated claim. In that case, please indicate your claim is an estimated claim.

**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM. CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.**

**THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY INFORMATION AND BELIEF.**

Date ___5/4/09___    Signature_____

Date _____    Signature_____

(If ownership of the account is shared, all must sign above. Give each owner's name, address, phone number, and extent of ownership on a signed separate sheet. If other than a personal account, *e.g.*, corporate, trustee, custodian, etc., also state your capacity and authority. Please supply the trust agreement or other proof of authority.)

**This customer claim form must be completed and mailed promptly, together with supporting documentation, etc. to:**

Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

502180406                                        4

# Exhibit  A

**Starlight L.P.**
100 Tamal Plaza, Suite 106
Corte Madera, CA 94925
415-927-2100 fax 415-927-4832

December 23, 2008

Dear Starlight Limited Partners:

This letter is to update you on the status of Starlight L.P. (Starlight) and our plan of action going forward.

As we have previously communicated, virtually 100% of Starlight's funds were invested with Bernard Madoff Securities (Madoff). I am shocked and deeply saddened by these events. This appears to be a fraud of massive proportions that has affected not only us, but some of the largest, most sophisticated investment institutions in the world. I know that you are all concerned about the impact of these losses.

We are exploring legal strategies that will give us the best chance of recovery. At the moment, we are monitoring the various claims and class action lawsuits that are being filed and will work with counsel to determine which is the most appropriate to join. To the extent that it will benefit Starlight, we anticipate joining one of the lawsuits at the appropriate time as Madoff is now in bankruptcy and therefore all lawsuits have been stayed for an indefinite period.

Starlight will also be applying to SIPC for recovery of up to $500,000 of the losses. Starlight invested directly through a brokerage account at Madoff and therefore might be eligible for recovery of up to $500,000 from SIPC. Please note that investors in Starlight do not have account numbers with Madoff because Starlight, and not the investors, was Madoff's client. Please note also that Starlight will not give out the account number of its Madoff brokerage account to any investor as doing so could hinder our efforts to recover money.

In light of the current situation, I am winding down Starlight (as of December 31, 2008), pursuant to section 12 of Starlight's Limited Partnership Agreement Partnership Agreement). This process is expected to take a number of years due to a number of factors, including the amount of time that it will take regulators to sort out what happened, what money is available to recover, and the resolution of the many anticipated lawsuits against Madoff. If and when Starlight has funds available, distributions will be made in accordance with the terms of the Partnership Agreement, with the advice and guidance our Starlight's auditors.

I have also retained Joel Yanowitz of Access Capital Management to assist Starlight in analyzing Starlight's options, communicating with investors, and interacting with third

parties such as Starlight's administrator and auditor as well as retaining Kreger and Garden to explore the various tax strategies available for Starlight. Finally, we have set up a special email account for communications regarding this matter, which is: StarlightLP@gmail.com. Future email updates will be sent from that email address.

Please feel free to contact me if you have any questions.

Sincerely,

Ken Kreger

*Starlight, LP*
*c/o Zeisler, Zeisler and Rawson*
*1100 Third Street*
*San Rafael, CA 94901*
*(415) 451-1703*

November 11, 2008

NTC & Co. FBO: Michale Dancer
A/C #        4164
PO Box 173859
Denver, CO  80217-3859

Dear Investor:

Here are the October 2008 results for Starlight, LP and a summary of our past performance for comparison.

| Month | Return* |
|---|---|
| January | 0.82% |
| February | -0.03% |
| March | 0.35% |
| April | 0.95% |
| May | 0.74% |
| June | 0.19% |
| July | 0.82% |
| August | 0.75% |
| September | 0.84% |
| October | 0.09% |
| Year to date | 5.64% |

The following is summary of your individual account during the month of October.

| Statement Month: | October 2008 | |
|---|---|---|
| Beginning Balance | $ | 119,361.29 |
| Contribution | $ | - |
| Draw | $ | - |
| Net change to account value | $ | 104.74 |
| Ending Balance | $ | 119,466.03 |

Note: All figures are subject to annual review and audit.

Please feel free to call us with any questions that you might have.  Once again thank you for investing with Starlight LP.

Sincerely,
Ken Kreger

*Net return after all fees and expenses

# Exhibit  B

## EXHIBIT B

1. The Claimant is not a direct customer of Bernard L. Madoff Investment Securities LLC ("BMIS"), but instead is an investor in Starlight, L.P., which is believed to be a BMIS customer with claims to securities and other assets of BMIS. The Claimant believes it has or may have in the future a claim in this liquidation proceeding and/or rights to all or a portion of the claims of Starlight, L.P.

2. This Claim Form, exhibits, and supporting documentation (collectively "Claim Form") is submitted pursuant to the December 23, 2008 Order of the Honorable Burton R. Lifland and the instructions disseminated by Irving H. Picard, Trustee for Bernard L. Madoff Investment Securities LLC ("Trustee"), on December 11, 2008.

3. The information provided in the Claim Form is based on information known by the Claimant as of the date of the submission of the Claim Form. The Claimant reserves the right to amend and/or supplement this Claim Form upon the receipt of further information, or upon request by the Trustee for additional information.

4. The Claimant reserves the right to amend the Claim Form in the event of any recoveries by the Trustee or any other party under the avoidance powers of the Bankruptcy Code or otherwise, or in the event of rejections of executory contracts pursuant to Bankruptcy Code Section 365, whether such amendments are made pursuant to Bankruptcy Code Sections 105, 502(g), or 502(h), Bankruptcy Rule 3002(c)(3), (4), other provisions of applicable bankruptcy law, or general principles of law or equity.

5. The Claimant hereby requests that the Claim Form be considered as a proof of claim in *In re Bernard L. Madoff Investment Securities LLC*, No. 08-01789 (Bankr. S.D.N.Y.).

6. This Claim Form is required to be submitted pursuant to the Court's January 2, 2009 Order and the Trustee's instructions to the Claimant. To the extent permitted by applicable law, the Claimant does not, by submitting the Claim Form, consent to the jurisdiction of the Bankruptcy Court nor does Claimant waive any right to trial by jury.

7. The Claimant reserves all rights, claims, and/or defenses as to and/or against any and all parties potentially liable for the losses sustained by the Claimant, including, without limitation, BMIS and its owners, partners, employees, and affiliates, as well as any potentially liable third parties including, without limitation, investment advisors, "feeder funds," accountants, and auditors.

8. The Claimant further reserves all rights, claims, and/or defenses as to and/or against any persons and/or creditors asserting claims against BMIS, its employees, owners, and/or affiliates, in bankruptcy or otherwise.

1

9. The Claimant reserves all objections as to the competence, relevance, materiality, privilege, or admissibility of evidence in any subsequent proceeding or trial of this or any other action for any purpose whatsoever, notwithstanding the submission of any such information to the Trustee.

10. To the extent the Claimant has disclosed to the Trustee documents containing accounting and/or legal advice, the Claimant does not waive any potential privileges applicable thereto.

11. The Claimant reserves all rights with respect to submitting information to the Internal Revenue Service regarding gains, losses, and/or theft of assets.

12. The Claim Form and supporting documents contain confidential information. The Claimant submits this information to the Trustee subject to the condition that this information will not to be disclosed to any third parties, other than under seal to the Court, absent the Claimant's express consent or Court order.

13. The Claimant submits herewith documents in support of the Claimant's claim. The Claimant reserves any arguments that such documents are not relevant to the Trustee's inquiry. The Claimant further reserves the right to supplement this submission, including the submission of additional documents, if deemed necessary. Attached is a list of the documents submitted herewith.

2

NTC Co. FBO Michale Dancer

| Document Number | Date of Document | Issuing Party | Prepared for | Description of Document |
|---|---|---|---|---|
| 1 | 5/27/2008 | | NTC & Co. FBO: Michale Dancer | Incoming Wire in the amount of $3,398.59. |
| 2 | 4/28/2003 | Starlight, L.P. | NTC & Co. FBO: Michale Dancer | Starlight, L.P. Subscription Agreement. |
| 2008 Starlight, L.P. monthly account statements | | | | |
| | 10/9/2008 | Starlight, L.P. | NTC & Co. FBO: Michale Dancer | Starlight, L.P. September 2008 account statement. |
| | 9/11/2008 | Starlight, L.P. | NTC & Co. FBO: Michale Dancer | Starlight, L.P. August 2008 account statement. |
| | 8/13/2008 | Starlight, L.P. | NTC & Co. FBO: Michale Dancer | Starlight, L.P. July 2008 account statement. |

1

**NTC Co. FBO Michale Dancer**

| Document Number | Date of Document | Issuing Party | Prepared for | Description of Document |
|---|---|---|---|---|
| | 7/10/2008 | Starlight, L.P. | NTC & Co. FBO: Michale Dancer | Starlight, L.P. June 2008 account statement. |
| | 6/13/2008 | Starlight, L.P. | NTC & Co. FBO: Michale Dancer | Starlight, L.P. May 2008 account statement. |
| | 5/14/2008 | Starlight, L.P. | NTC & Co. FBO: Michale Dancer | Starlight, L.P. April 2008 account statement. |
| | 3/14/2008 | Starlight, L.P. | NTC & Co. FBO: Michale Dancer | Starlight, L.P. March 2008 account statement. |
| | 2/14/2008 | Starlight, L.P. | NTC & Co. FBO: Michale Dancer | Starlight, L.P. January 2008 account statement. |
| | 1/15/2008 | Starlight, L.P. | NTC & Co. FBO: Michale Dancer | Starlight, L.P. December 2007 account statement. |

2

NTC Co. FBO Michale Dancer

| Document Number | Date of Document | Issuing Party | Prepared for | Description of Document |
|---|---|---|---|---|
| 2007 Starlight, L.P. monthly account statements | | | | |
| | 12/14/2007 | Starlight, L.P. | NTC & Co. FBO: Michale Dancer | Starlight November 2007 account statement. |
| | 11/14/2007 | Starlight, L.P. | NTC & Co. FBO: Michale Dancer | Starlight, L.P. October 2007 account statement. |
| | 10/15/2007 | Starlight, L.P. | NTC & Co. FBO: Michale Dancer | Starlight, L.P. September 2007 account statement. |
| | 9/12/2007 | Starlight, L.P. | NTC & Co. FBO: Michale Dancer | Starlight, L.P. August 2007 account statement. |
| | 8/14/2007 | Starlight, L.P. | NTC & Co. FBO: Michale Dancer | Starlight, L.P. July 2007 account statement. |

3

NTC Co. FBO Michale Dancer

| Document Number | Date of Document | Issuing Party | Prepared for | Description of Document |
|---|---|---|---|---|
| | 7/17/2007 | Starlight, L.P. | NTC & Co. FBO: Michale Dancer | Starlight, L.P. June 2007 account statement |
| | 6/15/2007 | Starlight, L.P. | NTC & Co. FBO: Michale Dancer | Starlight, L.P. May 2007 account statement. |
| | 5/15/2007 | Starlight, L.P. | NTC & Co. FBO: Michale Dancer | Starlight, L.P. April 2007 account statement. |
| | 4/17/2007 | Starlight, L.P. | NTC & Co. FBO: Michale Dancer | Starlight, L.P. March 2007 account statement. |
| | 3/21/2007 | Starlight, L.P. | NTC & Co. FBO: Michale Dancer | Starlight, L.P. February 2007 account statement. |
| | 2/26/2007 | Starlight, L.P. | NTC & Co. FBO: Michale Dancer | Starlight, L.P. January 2007 account statement. |

4

NTC Co. FBO Michale Dancer

| Document Number | Date of Document | Issuing Party | Prepared for | Description of Document |
|---|---|---|---|---|
| | 1/12/2007 | Starlight, L.P. | NTC & Co. FBO: Michale Dancer | Starlight, L.P. December 2006 account statement. |

5

# Exhibit 1

Sep 04 2008 9:33        HP LASERJET 3330

Welcome to Business Banking



## Incoming Wire Details

Credit Account Number:
Transfer Amount:                    USD 3,396.59
Date/Time Received:                 05/27/2008 09:28 PST
Reference Number:                   080527001970

DBT=A/021000018
BANK OF NEW YORK
NEW YORK, NY
ORG=/8900555571
TRUST INDUSTRIAL BANK
717 17TH STREET, SUITE 2600
DENVER, CO 80202-3323
OBI=MICHALE DANCER
SRF=            8844
BNF=D/432653331/
STARLIGHT LP
1100 3RD ST
SAN RAFAEL CA 94901
ORIGINAL CURRENCY = USD
ORIGINAL AMOUNT = 3396.59
CONVERSION RATE = 0

# Exhibit 2

## STARLIGHT, L.P.,
## SUBSCRIPTION AGREEMENT

This Subscription Agreement (the "**Agreement**") is entered into as of *APRIL 28*, 200 *3* by and among Starlight, L.P., a California limited partnership (the "**Company**"), and the investor whose signature is set forth below (the "**Investor**").

WHEREAS, the Company wishes to issue and sell to the Investors up to 100,000 Units of Limited Partnership interests in the Company (the "**Units**") at a price of $1,000 per Unit;

WHEREAS, the Investor wishes to purchase the Units on the terms and subject to the conditions set forth in this Agreement;

WHEREAS, the Company, the Investor, other persons acquiring Units, and the Company's General Partner are entering into that certain Limited Partnership Agreement dated December 1, 2002 (the "**Partnership Agreement**"), pursuant to which such parties agree, among other things, to restrict the transfer of Units of the Company;

NOW, THEREFORE, in consideration of the premises and of the mutual covenants set forth below, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

## ARTICLE 1
## THE UNITS

**Section 1.01.  Issuance, Sale and Delivery of the Units.**  Subject to the terms and conditions hereinafter set forth, the Company hereby agrees to issue and sell to the Investor, and the Investor hereby agrees to purchase from the Company, the number of Units and for the aggregate purchase price (the "Purchase Price") set forth above the Investor's signature hereto on the terms and conditions set forth herein. Upon execution of this Subscription Agreement, the Investor shall deliver the Purchase Price to the Company c/o Zeisler, Zeisler and Rawson, Attn. David Rawson, 1100 Third Avenue, San Rafael, CA 94901-3019 by check or such other means of payment as shall be acceptable to the Company together with an executed copy of the Partnership Agreement.

**Section 1.02.  Replacement of Certificates.**  Upon receipt of evidence reasonably satisfactory to the Company of the loss, theft, destruction or mutilation of any certificate representing Units and certification and indemnification by the holder of the same reasonably acceptable to the Company, the Company will issue and deliver, in lieu of such lost, stolen, destroyed or mutilated certificate, a new certificate of like tenor and amount.

## ARTICLE 2
## REPRESENTATIONS AND WARRANTIES OF THE COMPANY

The Company represents and warrants to the Investor as of the date hereof as follows:

**Section 2.01.  Organization, Qualification, Power and Authority.**  The Company is a limited partnership duly organized, validly existing and in good standing under the laws of the State of California.

**Section 2.02.  Authorization.**
The Units have been duly authorized and, when issued in accordance with this Agreement will be validly issued, with no personal liability attaching to the ownership thereof and will be free and clear of all liens, charges, restrictions, claims and encumbrances..  The issuance, sale or delivery of the Units is not subject to any preemptive right of members of the Company or to any right of first refusal or other right in favor of any person.

**Section 2.03.  Validity.**  This Agreement has been duly executed and delivered by the Company and constitutes the Company's legal, valid and binding obligation, enforceable against the Company in accordance with its terms.

**Section 2.03. Validity.** This Agreement has been duly executed and delivered by the Company and constitutes the Company's legal, valid and binding obligation, enforceable against the Company in accordance with its terms.

**Section 2.04. Capitalization.** Immediately prior to the acceptance of any subscriptions of the initial offering the only units purchased is the one (1) unit of the General Partner. Upon the consummation of the transactions contemplated hereby, all of the issued and outstanding Units of the Company will have been duly authorized and validly issued. The designations, powers, preferences, rights, qualifications, limitations and restrictions in respect of each class and series of the Company's authorized membership interests will be as set forth in the Company's Partnership Agreement, a copy of which each Investor acknowledges by its, his or her existence they have received and reviewed, and if deemed necessary by such Investors, has been discussed with each such Investor's counsel.

## ARTICLE 3
## REPRESENTATIONS AND WARRANTIES OF THE INVESTOR

Each Investor severally, and not jointly, represents and warrants to the Company as follows:

**Section 3.01. Accredited Investor.** He is an "accredited investor" within the meaning of Rule 501(a) of Regulation D promulgated under the Securities Act and, if such investor is an entity, it was not organized for the specific purpose of acquiring the Units (the definition of "accredited investor" is attached hereto as **Exhibit A**).

**Section 3.02. Investment Experience.** He has sufficient knowledge and experience in investing in companies similar to the Company in terms of the Company's stage of development so as to be able to evaluate the risks and merits of its investment in the Company and he is able financially to bear the risks thereof, including a complete loss of his investment therein. The Investor has read the Company's Private Placement Memorandum and acknowledges that no warranties, representations, or any other statement regarding the Company or the investment in the Units has been made by the Company or any affiliate or agent of the Company.

**Section 3.03. Investment Intent.** The Units Interests being purchased by him are being acquired for his own account with his own funds for the purpose of investment and not with a present view to the resale or distribution thereof or any interest therein.

**Section 3.04. Units not Registered.** He understands that (a) the Units have not been registered under the Securities Act by reason of their issuance in a transaction exempt from the registration requirements of the Securities Act pursuant to Section 4(2) thereof or Rule 505 or 506 or Regulation S promulgated under the Securities Act, (b) the Units must be held indefinitely unless a subsequent disposition thereof is registered under the Securities Act or is exempt from such registration and agrees not to transfer or dispose of any of the Units, or any interest therein, except in accordance with all applicable federal and state laws, (c) the Units will bear a legend to such effect and any other legends required to comply with applicable federal and state securities laws, (d) the Company will make a notation on its transfer books to such effect, and (e) the Company has no present intention of registering the Units.

**Section 3.05. No Brokers.** He has no contract, arrangement or understanding with any broker, finder or similar agent with respect to the transactions contemplated by this Agreement.

**Section 3.06. Authority to Enter Agreement.** He has full power and authority to enter into and to perform this Agreement and this Agreement has been validly executed by him and is his legal, valid and binding obligation, enforceable against him in accordance with its terms.

**Section 3.07. No Conflict.** The execution of, and performance of the transactions contemplated by, this Agreement is not in conflict with or will not result in any material breach of any terms, conditions or provisions of, or constitute a material default under (a) the articles of incorporation, limited partnership

agreement, or other organizational document of an Investor that is an entity or (b) any indenture, lease, agreement, order, judgment or other instrument to which an Investor is a party.

**Section 3.08. Competent to Perform Agreement.** If the Investor is a natural person, the Investor is at least 21 years of age; if the Investor is not a natural person, the natural person(s) making the investment decision on behalf of the Investor is at least 21 years of age.

**Section 3.09. Primary Residence.** If the Investor is a natural person, the Investor's primary residence where the investment decision to acquire the Units was made is as set forth on the signature page. If the Investor is not a natural person, the address of the principal office where the investment decision to acquire the Units was made is set forth on the signature page.

**Section 3.10. Investor Not a "U.S. Person".** If the Investor's address listed herein is not an address located in the United States of America, then: (a) the Investor is not a "U.S. person" within the meaning of Rule 902(k) of Regulation S promulgated under the Securities Act and is not purchasing the Units for the account or benefit of such a "U.S. person" (the definition of "U.S. person" is attached hereto as **Exhibit B**) and (b) the Investor agrees to resell the Units only in accordance with the provisions of Regulation S, pursuant to a registration under the Securities Act or pursuant to an available exemption from registration, and that hedging transactions in such securities may not be conducted unless in compliance with the Securities Act.

## ARTICLE 4
## CONDITIONS TO THE OBLIGATIONS OF THE COMPANY

The Company's obligation to sell the Class A Interests being sold by it on the Closing Date is, at its option, subject to the satisfaction or waiver by the Company, on or before the Closing Date of the following conditions:

**Section 4.01. Representations and Warranties to be True and Correct.** The representations and warranties contained in Article 3 of this Agreement shall be true, complete and correct on and as of the Closing Date with the same force and effect as though such representations and warranties had been made on and as of such date.

**Section 4.02. Payment of Purchase Price.** The Investors shall have delivered to the Company the full purchase price for all of the Units in accordance with the provisions of Section 1.02 of this Agreement.

**Section 4.03. Litigation.** No action or proceeding before any court or any other governmental agency shall have been instituted or threatened to restrain or prohibit the sale of the Units to the Investors.

**Section 4.04. Agreements; Performance of Obligations.** Each Investor shall have duly executed and delivered to the Company this Agreement and the Partnership Agreement, and shall have performed and complied with all agreements and conditions herein required to be performed or complied with by each Investor on or before the Closing.

## ARTICLE 5
## MISCELLANEOUS

**Section 5.01. Expenses.** Each party hereto will pay its own expenses in connection with the transactions contemplated hereby, whether or not such transactions shall be consummated.

**Section 5.02. Survival.** All agreements, representations and warranties made herein or in any agreement, certificate or instrument delivered to the Investors pursuant to or in connection with each of this Agreement and the Partnership Agreement shall survive the execution and delivery of this Agreement and the Partnership Agreement.

**Section 5.03. Brokerage.** Each party hereto will indemnify and hold harmless the others against and in respect of any claim for brokerage or other commissions relative to this Agreement or to the transactions

contemplated hereby, based in any way on agreements, arrangements or understandings made or claimed to have been made by such party with any third party.

Section 5.04.   **Parties in Interest.** All representations, covenants and agreements contained in this Agreement by or on behalf of any of the parties hereto shall bind and inure to the benefit of the respective successors and assigns of the parties hereto whether so expressed or not.

Section 5.05.   **Notices.** Any notice, request, consent or other communication hereunder shall be in writing and shall be deemed given when delivered in person, two days after being sent by reputable overnight courier service with tracking capability, upon transmission by electronic facsimile providing confirmation of such transmission, or addressed to the Company at its principal business address as set forth in Section 1.01 or to any of Investor at the address set forth in the applicable Subscription Agreement, or, in any such case, at such other address or addresses as shall have been designated by such party to the others by notice hereunder.

Section 5.06.   **Governing Law.** This Agreement shall be governed by and construed in accordance with the laws of the State of California for all purposes and in all respects, without regard to the conflicts-of-laws provisions thereof.

Section 5.07.   **Entire Agreement.** This Agreement is the entire agreement, and supersedes all prior written or oral understandings, among any of the parties with respect to its subject matter.

Section 5.08.   **Counterparts.** This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

Section 5.09.   **Amendments; Waivers.** This Agreement may be amended only with the written consent of the Company and the holders of at least 50.1% of the Units A waiver of the performance or breach of any provision hereof must be in writing and shall not constitute a waiver of the subsequent performance or breach of the same or any other provision.

Section 5.10.   **Severability.** If any provision of this Agreement shall be declared void or unenforceable by any judicial or administrative authority, the validity of any other provision and of the entire Agreement shall not be affected thereby.

Section 5.11.   **Headings.** Headings used in this Agreement are for convenience only and are not to be considered in construing or interpreting any provision of this Agreement.

Section 5.12.   **Further Assurances.** From time to time on and after the Closing Date, each party hereto shall promptly execute and deliver all such further instruments and assurances, and shall promptly take all such further actions, as any other party hereto may reasonably request in order more effectively to effect or confirm the transactions contemplated by this Agreement and the Partnership Agreement and to carry out the purposes hereof and thereof.

Section 5.13   **Power of Attorney.** The undersigned hereby acknowledges that by executing this Subscription Agreement, the undersigned has constituted and appointed the General Partner by the terms of the Partnership Agreement, and hereby constitutes and appoints the General Partner, as the attorney-in-fact for the undersigned with full power of subscription and authority to act on the undersigned's behalf in the execution, acknowledgment and filing of documents to carry out the provisions of the Partnership Agreement.

## EXHIBIT A
## REG. § 230.501(a). DEFINITION OF "ACCREDITED INVESTOR"

(a)        Accredited Investor.  "Accredited investor" shall mean any person who comes within any of the following categories, or who the issuer reasonably believes comes within any of the following categories, at the time of the sale of the securities to that person:

(1)        Any bank as defined in Section 3(a)(2) of the Securities Act, or any savings and loan association or other institution as defined in Section 3(a)(5)(A) of the Securities Act whether acting in its individual or fiduciary capacity; any broker dealer registered pursuant to Section 15 of the Securities Exchange Act of 1934, as amended (the "Exchange Act"); any insurance company as defined in Section 2(13) of the Securities Act; any investment company registered under the Investment Company Act of 1940 or a business development company as defined in Section 2(a)(48) of that Act; Small Business Investment Company licensed by the U.S. Small Business Administration under Section 301(c) or (d) of the Small Business Investment Act of 1958; any plan established and maintained by a state, its political subdivisions, or any agency or instrumentality of a state or its political subdivisions for the benefit of its employees, if such plan has total assets in excess of $5,000,000; employee benefit plan within the meaning of the Employee Retirement Income Security Act of 1974, if the investment decision is made by a plan fiduciary, as defined in Section 3(21) of such Act, which is either a bank, savings and loan association, insurance company, or registered investment adviser, or if the employee benefit plan has total assets in excess of $5,000,000 or, if a self-directed plan, with investment decision made solely by persons that are accredited investors;

(2)        Any private business development company as defined in Section 202(a)(22) of the Investment Advisers Act of 1940;

(3)        Any organization described in Section 501©(3) of the Internal Revenue Code, corporation, Massachusetts or similar business trust, or partnership, not formed for the specific purpose of acquiring the securities offered, with total assets in excess of $5,000,000;

(4)        Any director or executive officer, or general partner of the issuer of the securities being offered or sold, or any director, executive officer, or general partner of a general partner of that issuer;

(5)        Any natural person whose individual net worth, or joint net worth with that person's spouse, at the time of his purchase exceeds $1,000,000;

(6)        Any natural person who had an individual income in excess of $200,000 in each of the two most recent years or joint income with that person's spouse in excess of $300,000 in each of those years and has a reasonable expectation of reaching the same income level in the current year;

(7)        Any trust, with total assets in excess of $5,000,000, not formed for the specific purpose of acquiring the securities offered, whose purchase is directed by a sophisticated person as described in Rule 506(b)(ii); and

(8)        Any entity in which all of the equity owners are accredited investors.

C:\Starlig1.doc

***Starlight, LP***
***c/o Zeisler, Zeisler and Rawson***
***1100 Third Street***
***San Rafael, CA 94901***
***(415) 451-1703***

October 9, 2008

NTC & Co. FBO: Michale Dancer
A/C #        4164
PO Box 173859
Denver, CO  80217-3859

Dear Investor:

Here are the September 2008 results for Starlight, LP and a summary of our past performance for comparison.

| Month | Return* |
|---|---|
| January | 0.82% |
| February | -0.03% |
| March | 0.35% |
| April | 0.95% |
| May | 0.74% |
| June | 0.19% |
| July | 0.82% |
| August | 0.75% |
| September | 0.84% |
| Year to date | 5.54% |

The following is summary of your individual account during the month of September.

| Statement Month: | September 2008 | |
|---|---|---|
| Beginning Balance | $ | 118,368.84 |
| Contribution | $ | - |
| Draw | $ | - |
| Net change to account value | $ | 992.45 |
| Ending Balance | $ | 119,361.29 |

Note: All figures are subject to annual review and audit.

Please feel free to call us with any questions that you might have.  Once again thank you for investing with Starlight LP.

Sincerely,
Ken Kreger

*Net return after all fees and expenses

***Starlight, LP***
***c/o Zeisler, Zeisler  and Rawson***
***1100 Third Street***
***San Rafael, CA 94901***
***(415) 451-1703***

September 11, 2008

NTC & Co. FBO: Michale Dancer
A/C #          4164
PO Box 173859
Denver, CO  80217-3859

Dear Investor:

Here are the August 2008 results for Starlight, LP and a summary of our past performance for comparison.

| Month | Return * |
|---|---:|
| January | 0.82% |
| February | -0.03% |
| March | 0.35% |
| April | 0.95% |
| May | 0.74% |
| June | 0.19% |
| July | 0.82% |
| August | 0.75% |
| Year to date | 4.66% |

The following is summary of your individual account during the month of  August.

| Statement Month: | August 2008 | |
|---|---|---:|
| Beginning Balance | $ | 117,485.36 |
| Contribution | $ | - |
| Draw | $ | - |
| Net change to account value | $ | 883.48 |
| Ending Balance | $ | 118,368.84 |

Note: All figures are subject to annual review and audit.

Please feel free to call us with any questions that you might have.  Once again thank you for investing with Starlight LP.

Sincerely,
Ken Kreger

*Net return after all fees and expenses

**Starlight, LP**
**c/o Zeisler, Zeisler and Rawson**
**1100 Third Street**
**San Rafael, CA 94901**
**(415) 451-1703**

August 13, 2008

NTC & Co. FBO: Michale Dancer
A/C #        4164
PO Box 173859
Denver, CO  80217-3859

Dear Investor:

Here are the July 2008 results for Starlight, LP and a summary of our past performance for comparison.

| Month | Return * |
|---|---|
| January | 0.82% |
| February | -0.03% |
| March | 0.35% |
| April | 0.95% |
| May | 0.74% |
| June | 0.19% |
| July | 0.82% |
| Year to date | 3.88% |

The following is summary of your individual account during the month of  July.

| Statement Month: | July 2008 | |
|---|---|---|
| Beginning Balance | $ | 116,535.21 |
| Contribution | $ | - |
| Draw | $ | - |
| Net change to account value | $ | 950.15 |
| Ending Balance | $ | 117,485.36 |

Note: All figures are subject to annual review and audit.

Please feel free to call us with any questions that you might have.  Once again thank you for investing with Starlight LP.

Sincerely,
Ken Kreger

*Net return after all fees and expenses

Sep 04 2008 8:33AM NTC & Co. Customer Claim pg 29 of 46

New Account minimum $350 COD or VISA/MC charge Minimum order $250 Minimum order quantity: 3 piece per item number

Returns or Exchanges: Must be approved by our Customer Service Department

**Starlight, LP**
**c/o Zeisler, Zeisler and Rawson**
**1100 Third Street**
**San Rafael, CA 94901**
**(415) 451-1703**

July 10, 2008

NTC & Co. FBO: Michale Dancer
A/C #      4164
PO Box 173859
Denver, CO 80217-3859

Dear Investor:

Here are the June 2008 results for Starlight, LP and a summary of our past performance for comparison.

| Month | Return |
|---|---|
| January | 0.82% |
| February | -0.03% |
| March | 0.35% |
| April | 0.95% |
| May | 0.74% |
| June | 0.19% |
| Year to date | 3.04% |

The following is summary of your individual account during the month of June.

| Statement Month: | June 2008 |
|---|---|
| Beginning Balance | $    112,920.55 |
| Contribution | $      3,398.59 |
| Draw | $          - |
| Net change to account value | $        216.07 |
| Ending Balance | $    116,535.21 |

Note: All figures are subject to annual review and audit.

Please feel free to call us with any questions that you might have. Once again thank you for investing with Starlight LP.

Sincerely,
Ken Kreger

*Net return after all fees and expenses

*Starlight, LP*
*c/o Zeisler, Zeisler and Rawson*
*1100 Third Street*
*San Rafael, CA 94901*
*(415) 451-1703*

June 13, 2008

NTC & Co. FBO: Michale Dancer
A/C #        4164
PO Box 173859
Denver, CO  80217-3859

Dear Investor:

Here are the May 2008 results for Starlight, LP and a summary of our past performance for comparison.

| Month | Return* |
|-------|---------|
| January | 0.82% |
| February | -0.03% |
| March | 0.35% |
| April | 0.95% |
| May | 0.74% |
| Year to date | 2.85% |

The following is summary of your individual account during the month of May.

| Statement Month: | May 2008 |
|------------------|----------|
| Beginning Balance | $        112,096.01 |
| Contribution | $                      - |
| Draw | $                      - |
| Net change to account value | $            824.54 |
| Ending Balance | $        112,920.55 |

3398

<u>Note:</u> All figures are subject to annual review and audit.

Please feel free to call us with any questions that you might have.  Once again thank you for investing with Starlight LP.

Sincerely,
Ken Kreger

*Net return after all fees and expenses

*Starlight, LP*
*c/o Zeisler, Zeisler and Rawson*
*1100 Third Street*
*San Rafael, CA 94901*
*(415) 451-1703*

May 14, 2008

NTC & Co. FBO: Michale Dancer
A/C #        4164
PO Box 173859
Denver, CO  80217-3859

Dear Investor:

Here are the April 2008 results for Starlight, LP and a summary of our past performance for comparison.

| Month | Return * |
|---|---|
| January | 0.82% |
| February | -0.03% |
| March | 0.35% |
| April | 0.95% |
| Year to date | 2.10% |

The following is summary of your individual account during the month of  April

| Statement Month: | April 2008 | |
|---|---|---|
| Beginning Balance | $ | 111,038.83 |
| Contribution | $ | - |
| Draw | $ | - |
| Net change to account value | $ | 1,057.17 |
| Ending Balance | $ | 112,096.01 |

Note: All figures are subject to annual review and audit.

Please feel free to call us with any questions that you might have.  Once again thank you for investing with Starlight LP.

Sincerely,
Ken Kreger

*Net return after all fees and expenses

*Starlight, LP*
*c/o Zeisler, Zeisler and Rawson*
*1100 Third Street*
*San Rafael, CA 94901*
*(415) 451-1703*


March 14, 2008


NTC & Co. FBO: Michale Dancer
A/C #       4164
PO Box 173859
Denver, CO  80217-3859


Dear Investor:

Here are the February 2008 results for Starlight, LP and a summary of our past performance for comparison.

| Month | Return * |
|-------|----------|
| January | 0.82% |
| February | -0.03% |
| Year to date | 0.79% |

The following is summary of your individual account during the month of February

| Statement Month: | February 2008 |
|------------------|---------------|
| Beginning Balance | $       110,691.28 |
| Contribution | $            - |
| Draw | $            - |
| Net change to account value | $          (38.41) |
| Ending Balance | $       110,652.87 |

Note: All figures are subject to annual review and audit.


Please feel free to call us with any questions that you might have.  Once again thank you for investing with Starlight LP.


Sincerely,
Ken Kreger


*Net return after all fees and expenses

*Starlight, LP*
*c/o Zeisler, Zeisler  and Rawson*
*1100 Third Street*
*San Rafael, CA 94901*
*(415) 451-1703*

February 14, 2008

NTC & Co. FBO: Michale Dancer
A/C #        4164
PO Box 173859
Denver, CO  80217-3859

Dear Investor:

Here are the January 2008 results for Starlight, LP and a summary of our past performance for comparison.

| Month | Return * |
|-------|----------|
| January | 0.82% |
| Year to date | 0.82% |

The following is summary of your individual account during the month of January

| Statement Month: | January 2008 |
|------------------|--------------|
| Beginning Balance | $    109,788.89 |
| Contribution | $         - |
| Draw | $         - |
| Net change to account value | $        902.39 |
| Ending Balance | $    110,691.28 |

Note: All figures are subject to annual review and audit.

Please feel free to call us with any questions that you might have.  Once again thank you for investing with Starlight LP.

Sincerely,
Ken Kreger

*Net return after all fees and expenses

**Starlight, LP**
**c/o Zeisler, Zeisler  and Rawson**
**1100 Third Street**
**San Rafael, CA 94901**
**(415) 451-1703**


January 15, 2008


NTC & Co. FBO: Michale Dancer
A/C #          4164
PO Box 173859
Denver, CO  80217-3859


Dear Investor:

Here are the December 2007 results for Starlight, LP and a summary of our past performance for comparison.

| Month | Return * |
|---|---|
| January | 0.31% |
| February | -0.24% |
| March | 1.67% |
| April | 0.95% |
| May | 0.69% |
| June | 0.70% |
| July | 0.34% |
| August | 0.32% |
| September | 0.93% |
| October | 0.42% |
| November | 1.07% |
| December | 0.30% |
| Year to date | 7.71% |

The following is summary of your individual account during the month of December

| Statement Month: | December 2007 |
|---|---|
| Beginning Balance | $        109,463.70 |
| Contribution | $                    - |
| Draw | $                    - |
| Net change to account value | $              325.18 |
| Ending Balance | $        109,788.89 |

Note: All figures are subject to annual review and audit.


Please feel free to call us with any questions that you might have.  Once again thank you for investing
with Starlight LP.


Sincerely,
Ken Kreger


*Net return after all fees and expenses

*Starlight, LP*
*c/o Zeisler, Zeisler and Rawson*
*1100 Third Street*
*San Rafael, CA 94901*
*(415) 451-1703*


December 14, 2007


Ms. Michale Dancer
c/o Retirement Accounts
FBO a/c # _____ 4164
PO Box 173785
Denver, CO  80217-3785


Dear Investor:

Here are the November 2007 results for Starlight, LP and a summary of our past performance for comparison.

| Month | Return * |
|-------|---------:|
| January | 0.31% |
| February | -0.24% |
| March | 1.67% |
| April | 0.95% |
| May | 0.69% |
| June | 0.70% |
| July | 0.34% |
| August | 0.32% |
| September | 0.93% |
| October | 0.42% |
| November | 1.07% |
| Year to date | 7.39% |

The following is summary of your individual account during the month of November

| Statement Month: | November 2007 | |
|------------------|---|---:|
| Beginning Balance | $ | 108,300.42 |
| Contribution | $ | - |
| Draw | $ | - |
| Net change to account value | $ | 1,163.28 |
| Ending Balance | $ | 109,463.70 |

Note: All figures are subject to annual review and audit.


Please feel free to call us with any questions that you might have.  Once again thank you for investing with Starlight LP.


Sincerely,
Ken Kreger


*Net return after all fees and expenses

**_Starlight, LP_**
_c/o Zeisler, Zeisler  and Rawson_
_1100 Third Street_
_San Rafael, CA 94901_
_(415) 451-1703_

November 14, 2007

Ms. Michale Dancer
c/o Retirement Accounts
FBO a/c #          4164
PO Box 173785
Denver, CO  80217-3785

Dear Investor:

Here are the October 2007 results for Starlight, LP and a summary of our past performance for comparison.

| Month | Return* |
|-------|--------:|
| January | 0.31% |
| February | -0.24% |
| March | 1.67% |
| April | 0.95% |
| May | 0.69% |
| June | 0.70% |
| July | 0.34% |
| August | 0.32% |
| September | 0.93% |
| October | 0.42% |
| Year to date | 6.25% |

The following is summary of your individual account during the month of October

| Statement Month: | October 2007 | |
|------------------|---|--------:|
| Beginning Balance | $ | 107,847.98 |
| Contribution | $ | - |
| Draw | $ | - |
| Net change to account value | $ | 452.44 |
| Ending Balance | $ | 108,300.42 |

Note: All figures are subject to annual review and audit.

Please feel free to call us with any questions that you might have.  Once again thank you for investing
with Starlight LP.

Sincerely,
Ken Kreger

*Net return after all fees and expenses

*Starlight, LP*
*c/o Zeisler, Zeisler  and Rawson*
*1100 Third Street*
*San Rafael, CA 94901*
*(415) 451-1703*


October 15, 2007


Ms. Michale Dancer
c/o Retirement Accounts
FBO a/c #        4164
PO Box 173785
Denver, CO  80217-3785


Dear Investor:

Here are the September 2007 results for Starlight, LP and a summary of our past performance for comparison.

| Month | Return * |
|---|---|
| January | 0.31% |
| February | -0.24% |
| March | 1.67% |
| April | 0.95% |
| May | 0.69% |
| June | 0.70% |
| July | 0.34% |
| August | 0.32% |
| September | 0.93% |
| Year to date | 4.83% |

The following is summary of your individual account during the month of September

| Statement Month: | September 2007 | |
|---|---|---|
| Beginning Balance | $ | 106,855.60 |
| Contribution | $ | - |
| Draw | $ | - |
| Net change to account value | $ | 992.38 |
| Ending Balance | $ | 107,847.98 |

Note: All figures are subject to annual review and audit.


Please feel free to call us with any questions that you might have.  Once again thank you for investing with Starlight LP.


Sincerely,
Ken Kreger


*Net return after all fees and expenses

**Starlight, LP**
**c/o Zeisler, Zeisler and Rawson**
**1100 Third Street**
**San Rafael, CA 94901**
**(415) 451-1703**

September 12, 2007

Ms. Michale Dancer
FBO a/c #        4164
PO Box 173785
Denver, CO  80217-3785

Dear Investor:

Here are the August 2007 results for Starlight, LP and a summary of our past performance for comparison.

| Month | Return* |
|---|---|
| January | 0.31% |
| February | -0.24% |
| March | 1.67% |
| April | 0.95% |
| May | 0.69% |
| June | 0.70% |
| July | 0.34% |
| August | 0.32% |
| Year to date | 4.83% |

The following is summary of your individual account during the month of August

| Statement Month: | August 2007 |
|---|---|
| Beginning Balance | $        106,512.41 |
| Contribution | $        - |
| Draw | $        - |
| Net change to account va | $        343.19 |
| Ending Balance | $        106,855.60 |

Note: All figures are subject to annual review and audit.

Please feel free to call us with any questions that you might have.  Once again thank you for investing with Starlight LP.

Sincerely,
Ken Kreger

*Net return after all fees and expenses

**Starlight, LP**
**c/o Zeisler, Zeisler and Rawson**
**1100 Third Street**
**San Rafael, CA 94901**
**(415) 451-1703**

August 14, 2007

Ms. Michale Dancer
c/o Retirement Accounts
FBO a/c #          4164
PO Box 173785
Denver, CO  80217-3785

Dear Investor:

Here are the July 2007 results for Starlight, LP and a summary of our past performance for comparison.

| Month | Return* |
|-------|---------|
| January | 0.31% |
| February | -0.24% |
| March | 1.67% |
| April | 0.95% |
| May | 0.69% |
| June | 0.70% |
| July | 0.34% |
| Year to date | 4.14% |

The following is summary of your individual account during the month of July

| Statement Month: | July 2007 |
|------------------|-----------|
| Beginning Balance | $      106,154.68 |
| Contribution | $            - |
| Draw | $            - |
| Net change to account value | $         357.73 |
| Ending Balance | $      106,512.41 |

Note: All figures are subject to annual review and audit.

Please feel free to call us with any questions that you might have.  Once again thank you for investing with Starlight LP.

Sincerely,
Ken Kreger

*Net return after all fees and expenses

**Starlight, LP**
**c/o Zeisler, Zeisler and Rawson**
**1100 Third Street**
**San Rafael, CA 94901**
**(415) 451-1703**


July 17, 2007


Ms. Michale Dancer
c/o Retirement Accounts
FBO a/c #          4164
PO Box 173785
Denver, CO  80217-3785


Dear Investor:

Here are the June 2007 results for Starlight, LP and a summary of our past performance for comparison.

| Month | Return * |
|---|---|
| January | 0.31% |
| February | -0.24% |
| March | 1.67% |
| April | 0.95% |
| May | 0.69% |
| June | 0.70% |
| Year to date | 4.14% |

The following is summary of your individual account during the month of June

| Statement Month: | June 2007 |
|---|---|
| Beginning Balance | $      105,418.96 |
| Contribution | $              - |
| Draw | $              - |
| Net change to account value | $          735.73 |
| Ending Balance | $      106,154.68 |

Note: All figures are subject to annual review and audit.


Please feel free to call us with any questions that you might have.  Once again thank you for investing with Starlight LP.


Sincerely,
Ken Kreger


*Net return after all fees and expenses

**Starlight, LP**
*c/o Zeisler, Zeisler  and Rawson*
**1100 Third Street**
**San Rafael, CA 94901**
**(415) 451-1703**


June 15, 2007


Ms. Michale Dancer
c/o Retirement Accounts
FBO a/c #      4164
PO Box 173785
Denver, CO  80217-3785


Dear Investor:

Here are the May 2007 results for Starlight, LP and a summary of our past performance for comparison.

| Month | Return * |
|---|---|
| January | 0.31% |
| February | -0.24% |
| March | 1.67% |
| April | 0.95% |
| May | 0.69% |
| Year to date | 3.42% |

The following is summary of your individual account during the month of May

| Statement Month: | May 2007 |
|---|---|
| Beginning Balance | $        104,698.49 |
| Contribution | $                  - |
| Draw | $                  - |
| Net change to account value | $             720.46 |
| Ending Balance | $        105,418.96 |

Note: All figures are subject to annual review and audit.


Please feel free to call us with any questions that you might have.  Once again thank you for investing with Starlight LP.


Sincerely,
Ken Kreger


*Net return after all fees and expenses

**Starlight, LP**
**c/o Zeisler, Zeisler and Rawson**
**1100 Third Street**
**San Rafael, CA 94901**
**(415) 451-1703**

May 15, 2007

Ms. Michale Dancer
c/o Retirement Accounts
FBO a/c #          4164
PO Box 173785
Denver, CO  80217-3785

Dear Investor:

Here are the April 2007 results for Starlight, LP and a summary of our past performance for comparison.

| Month | Return * |
|---|---|
| January | 0.31% |
| February | -0.24% |
| March | 1.67% |
| April | 0.95% |
| Year to date | 2.71% |

The following is summary of your individual account during the month of April

| Statement Month: | April 2007 |
|---|---|
| Beginning Balance | $        103,709.44 |
| Contribution | $                    - |
| Draw | $                    - |
| Net change to account value | $               989.06 |
| Ending Balance | $        104,698.49 |

Note: All figures are subject to annual review and audit.

Please feel free to call us with any questions that you might have.  Once again thank you for investing with Starlight LP.

Sincerely,
Ken Kreger

*Net return after all fees and expenses

**Starlight, LP**
**c/o Zeisler, Zeisler and Rawson**
**1100 Third Street**
**San Rafael, CA 94901**
**(415) 451-1703**

April 17, 2007

Ms. Michale Dancer
c/o Retirement Accounts
FBO a/c #          4164
PO Box 173785
Denver, CO ·80217-3785

Dear Investor:

Here are the March 2007 results for Starlight, LP and a summary of our past performance for comparison.

| Month | Return * |
|---|---|
| January | 0.31% |
| February | -0.24% |
| March | 1.67% |
| Year to date | 1.74% |

The following is summary of your individual account during the month of March

| Statement Month: | March 2007 | |
|---|---|---|
| Beginning Balance | $ | 102,003.28 |
| Contribution | $ | - |
| Draw | $ | - |
| Net change to account value | $ | 1,706.16 |
| Ending Balance | $ | 103,709.44 |

Note: All figures are subject to annual review and audit.

Please feel free to call us with any questions that you might have.  Once again thank you for investing with Starlight LP.

Sincerely,
Ken Kreger

*Net return after all fees and expenses

**Starlight, LP**
**c/o Zeisler, Zeisler and Rawson**
**1100 Third Street**
**San Rafael, CA 94901**
**(415) 451-1703**

March 21, 2007

Ms. Michale Dancer
c/o Retirement Accounts
FBO a/c #        4164
PO Box 173785
Denver, CO  80217-3785

Dear Investor:

Here are the February 2007 results for Starlight, LP and a summary of our past performance for comparison.

| Month | Return * |
|-------|---------|
| January | 0.31% |
| February | -0.24% |
| Year to date | 0.07% |

The following is summary of your individual account during the month of February

| Statement Month: | February 2007 |
|------------------|---------------|
| Beginning Balance | $        102,246.83 |
| Contribution | $            - |
| Draw | $            - |
| Net change to account value | $        (243.55) |
| Ending Balance | $        102,003.28 |

Note: All figures are subject to annual review and audit.

Please feel free to call us with any questions that you might have.  Once again thank you for investing
with Starlight LP.

Sincerely,
Ken Kreger

*Net return after all fees and expenses

**Starlight, LP**
**c/o Zeisler, Zeisler and Rawson**
**1100 Third Street**
**San Rafael, CA 94901**
**(415) 451-1703**

February 26, 2007

Ms. Michale Dancer
c/o Retirement Accounts
FBO a/c #          I4164
PO Box 173785
Denver, CO  80217-3785

Dear Investor:

Here are the January 2007 results for Starlight, LP and a summary of our past performance for comparison.

| Month | Return * |
|-------|----------|
| January | 0.31% |
| Year to date | 0.31% |

The following is summary of your individual account during the month of January

| Statement Month: | January 2007 |
|------------------|--------------|
| Beginning Balance | $       101,932.62 |
| Contribution | $          - |
| Draw | $          - |
| Net change to account value | $          314.21 |
| Ending Balance | $       102,246.83 |

Note: All figures are subject to annual review and audit.

Please feel free to call us with any questions that you might have.  Once again thank you for investing with Starlight LP.

Sincerely,
Ken Kreger

*Net return after all fees and expenses

*Starlight, LP*

*c/o Zeisler, Zeisler  and Rawson*
*1100 Third Street*
*San Rafael, CA  94901*
*(415) 451-1703*

January 12, 2007

Ms. Michale Dancer
c/o Retirement Accounts
FBO a/c #          4164
PO Box 173785
Denver, CO  80217-3785

Dear Investor:

Here are the December 2006 results for Starlight, LP and a summary of our past performance for
comparison.

| Month | Return* |
|---|---|
| January | 0.73% |
| February | 0.08% |
| March | 1.49% |
| April | 0.93% |
| May | 0.69% |
| June | 0.69% |
| July | 1.15% |
| August | 0.72% |
| September | 0.77% |
| October | 0.43% |
| November | 0.68% |
| December | 0.93% |
| Year to date | 9.69% |

The following is summary of your individual account during the month of December

| Statement Month: | December 2006 |
|---|---|
| Beginning Balance | $          100,996.65 |
| Contribution | $                      - |
| Draw | $                      - |
| Net change to account value | $              935.97 |
| Ending Balance | $          101,932.62 |

Note: All figures are subject to annual review and audit.

Please feel free to call us with any questions that you might have.  Once again thank you for investing
with Starlight LP.

Sincerely,
Ken Kreger

*Net return after all fees and expenses