Clerk of the United States Bankruptcy Court for

   the Southern District of New York

      One Bowling Green

   New York, New York 10004


UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK SECURITIES INVESTOR PROTECTION CORPORATION, PLAINTIFF VS

BERNARD MADOFF INVESTMENT SECURITIES LLC, DEFENDANT

BANKRUPTCY CASE NO. 08-1789

## LINDA RUSSEK'S OPPOSITION TO TRUSTEE'S DETERMINATION OF CLAIM

## FOR CLAIM NO. 001009- one of 4 accounts

     Linda Russek ( referred to as 'Claimant') invested $955,065 in 2003 through Satellite Captiva LtD. with Bernard L. Madoff ("Madoff") and his investment firm, Bernard L. Madoff Investment Securities LLC ("BLMIS"). Claimant specifically selected Satellite Captiva LtD because she wanted her funds invested with BLMIS for the purpose of purchasing securities. Based on the investments she was promised in certain securities, as reflected in her October 30th, 2008 4 account statements, Linda Russek was still owed $1, 491,287.96. In accordance with the procedures established by the Securities Investor Protection Act, 15 USC&78aaa et seq.(' SIPA"), she properly filed 4 claims for her 4 accounts with credit balances. Claimant Linda Russek, was an unsuspecting victim of what has been publicly disclosed as a massive fraudulent Ponzi scheme conducted by Madoff and BLMIS. Claimant had no knowledge of or any part in the scheme. Rather, claimant was an innocent investor who placed trust in my designated broker-dealer( in this case, clearly BLMIS). As an innocent investor, Claimant is entitled to recovery of part of my remaining net equity under SIPA. As a qualified customer, Claimant would have expected at least a return of $500,000 on one of 4 accounts with Satellite Captiva LtD. invested solely in BLMIS.

     On November 5, 2010, however, Irving H. Picard, Trustee for the Liquidation of the Business of Bernard L. Madoff Investment Securities LLC ("Trustee") issued a Notice of Trustee's Determination of Claim to Linda Russek. As the basis for his denial, the Trustee stated that "you did not have an account with BLMIS and as a consequence, " you are not a customer of BLMIS under SIPA as that term is defined at 15U.S.C.&78lll(2)."(Id) The Trustee did not cite the definition of "customer" within the statute, any case that had applied the statute in the manner he determined, or any other basis of his novel "account" theory.

     More important, the Trustee disregarded the facts as stated in my claim that I, Linda Russek, had cash deposited with BLMIS for the purpose of purchasing securities , the very definition of "customer" under the SIPA which the Trustee failed to follow.

ARGUMENT

The Securities Investor Protection Act, 15U.S.U. &78aaa et seq. ("SIPA") is remedial legislation and thus should be construed liberally. See *In re First State Secs. Corp*, 34 Bankr.492, 496 (Bankr. S. D. Fla. 1983). Congress' primary purpose in enacting the SIPA was "to protect investors against financial losses arising from the insolvency of their brokers." *SEC v S. J. Salmon & Co*, 375 F. Supp. 867, 871 ( S. D. N. Y. 1974).

Under 15U.S.C. &78111(2), a "customer" is defined, inter alia, as "any person who has deposited cash with the debtor for the purpose of purchasing securities." See generally *Appleton v. First Nat'l Bank of Ohio*, 62 F.3d 791, 801 (6th Cir, 1995) (stating that "[t]he critical aspect of the 'customer'definition is the entrustment of cash or securities to the broker-dealer for the purposes of trading securities.") In *In re Primeline Secs. Corp.*, 295 F/3d1100 (10th Cir.2002), the court made clear that "[w]hether a claimant deposited funds 'with the debtor' does not depend simply on to whom claimants made their checks payable. " *id* at 1107 Instead, the court possessed Claimants' property." *Id*. Likewise, in *In re Old Naples Sec.,Inc.,*223 F.3d 1296 (11th Cir.200), the court concluded that:

> Whether a claimant "deposited cash with the debtor," however, does not (as Focht and the SIPC suggest) depend simply on to whom the claimant handed her cash or made her check payable, or even where the funds were initially deposited. Instead, the question is whether there was actual receipt, acquisition or possession of the property of a claimant by the brokerage firm under liquidation." *In re Stalvey,*750 F.2d at 469 (*quoting SEC v Kenneth* Bove & *Co.* 378 F. Supp. 697, 700 (S.D.N.Y. 1974)). Thus courts have held...that the statute covered claimants when one brokerage (which later became insolvent) misused their funds held in accounts with another firm, see *In re First State Sec. Corp.*, 34 B.R. 492, 495-96 ( Bankr. S. D. Fla. 1983).

*Id* at 1302-03

No court has adopted the trustee's position that a "customer" must "have an account with [the debtor]." To the contrary, in *In re First State Sec. Corp.*, 34 B.R. 492, 495-96 ( Bankr. S. D. Fla. 1983), the court held exactly the opposite, that for purposes of the scope of SIPA protection, the term "customer" as enacted by Congress, reached not merely the recorded "accounts" of the debtor, as the Trustee suggests, but also to individuals whose funds were placed with the debtor for the purpose of purchasing securities, even though the accounts were held by another firm. In *In re First State Sec. Corp.*, 34 B.R. at 96; see also *In re Old Naples Sec Inc.*, 223 F.3d at 1303.

That principle equally applies in this case. There is little dispute that Linda Russek's funds ( claimant's ),were "deposited '" with debtor BLMIS for the purpose of purchasing securities, through another firm, Satellite Captiva LtD., and therefore, necessarily there can be little dispute that the Trustee's determination is incorrect. As a consequence, Claimant easily

fits with the definition of "customer" as that term is defined under 15 U.S.C.& 78111(2) and that the Trustee's determination must be reversed.

A substantial purpose behind the SIPA is to protect the legitimate expectations of investors, undisturbed by the insolvency of their broker-dealer. *In re New Times secs. Servs,, Inc,* 371 F.3d 68, 87 (2dCr,2004) stating that a "customers 'legitimate expectations,' based on written confirmations of transactions, ought to be protected: and should inform interpretation of SIPA): see also S. Rep. No. 95-763, at 2 (1978), reprinted in 1978 U. S. C. C. A. N. 764,765 ("By seeking to make customer accounts whole and returning them to customers in the form they existed on the filing date, the [1978] Amendments not only would satisfy the customers' legitimate expectations, but also would restore the customer to his position prior to the broker-dealers's financial difficulties."). There is no question that BLMIS was Claimant's specifically designated br4oker-dealer, and therefore that she is precisely the individual the SIPA was designed to protect.

### CONCLUSION

For all of the foregoing reasons, Claimant respectfully requests that the Court reverse the determination of the Trustee, allowing her claim as a "customer" of BLMIS as that term is definite by 15 U.S.C.& 78111(2), and grant such other relief as the Court deems just and appropriate under the circumstances.

Respectfully submitted,

*Linda H. Russek*

Linda G. Russek, Ph.D.

5440 North Airway Drive

Tucson, Arizona 85750

Tel 520-749-4042; Fax 520-395-1700

Dated : November 28, 2010