UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------- x
                                    :
SECURITIES INVESTOR                 :
PROTECTION CORPORATION,             :
                                    :
            Plaintiff-Appellant,    :  SIPA LIQUIDATION
                                    :  (Substantively Consolidated)
      v.                            :  Adv. Pro. No. 08-10789 (BRL)
                                    :
BERNARD L. MADOFF INVESTMENT        :
SECURITIES LLC,                     :
                                    :
            Defendant.              :
                                    :
--------------------------------- x
                                    :
In re:                              :  Bankr. Case No. 08-1789 (BRL)
                                    :
BERNARD L. MADOFF,                  :
                                    :
            Debtor.                 :
                                    :
--------------------------------- x

RECEIVED DEC - 2 2010 U.S. BANKRUPTCY COURT, SDNY

## OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM

PAUL POWELL (the "Customer") hereby objects to the Notice of Trustee's Determination of Claim (the "Determination") dated November 12, 2010.

### BACKGROUND

1. On June 18, 2009, the Customer filed a customer claim, with supporting documents (together, the "Claim"), which the Trustee has designated as Claim No. __010006 9__. The Claim is incorporated herein by reference.

2. On or about November 12, 2010, the Trustee in this matter (the "Trustee") sent the Customer the Determination, which denied the Claim in its entirety. The

Determination states only that the Customer did not have an account with Bernard L. Madoff Investment Securities ("BLMIS") and, thus, is not a customer under the Securities Investor Protection Act ("SIPA"). The Determination offers no other basis for the denial of the Claim in full.

3. The Customer was an investor with BLMIS through his or her partipation in the Sterling Equities Employees Retirement Plan, a 401(k) plan that held an account at BLMIS denominated 1KW182.

4. In connection with the determination of claims for claimants who did not have an account in his/her/its name at BLMIS ("the Customer Issue"), a scheduling order was entered regarding motion practice and a hearing concerning the Customer Issue. That motion practice and hearing, however, did not address ERISA claimants, such as Customer.

## GROUNDS FOR OBJECTION

5. As required by this Court's December 23, 2008 "Order Approving Form and Manner of Publication and Mailing of Notices, Specifying Procedures for Filing, Determination and Adjudication of Claims and Providing Other Relief" (the "Claims Procedures Order"), the Customer files this Objection to preserve all claims and defenses set forth in the Claim.

6. The Customer is a "customer" of the debtor as defined by the plain language of SIPA and relevant case law because the Customer entrusted money to BLMIS for the purpose of investing, trading, or participating in the securities market. 15 U.S.C. § 78lll(2)(A).

7. The Customer is a "customer" of the debtor irrespective of whether the Customer's name was on the account, as the name of a BLMIS account is not determinative of customer status.

8. The Customer also objects to the denial of the contingent and other claims set forth in the Claim. As noted, the Trustee has offered no basis for the denial.

### RELIEF REQUESTED

9. For the reasons stated herein and in the Claim, the Claim should be allowed in its entirety (including, without limitation, costs, fees, expenses, and a comparable rate of return), and the Court should direct SIPC to issue immediate payment to the Customer and such other amounts and equitable relief as the Court deems appropriate to compensate Customer's losses arising from his or her investment in BLMIS.

10. The Customer reserves the right to revise, supplement, or amend this Objection and its Claim and any failure to object on a particular ground or grounds shall not be construed as a waiver of Customer's right to object on any additional grounds.

* * * *

*4*

Dated: NOV, 27
_____, 2010

7415 Zephyr Pl
St. Louis MO
63143

PAUL POWELL

By: *Paul Powell*

5

# Paul Powell

7415 Zephyr Place
St. Louis, MO   63143
Email: mrpbp@swbell.net

Cell (314) 409 - 8346
Home (314) 645 - 3445



Clerk, United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York   10004

In Re:  Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC, Bernard L. Madoff, Debtor, Bankruptcy Case No. 08-1789 (BRL)

November 29, 2010

Dear Sir or Madam:

Enclosed please find a copy of my Objection to the Determination issued November 12, 2010 in the above stated matter.  It is possible you will receive yet another copy of this Objection as part of a bundle of Objections from Sterling Equities, my ex-employer, on behalf of the Sterling Equities Employees Retirement Plan, and if so, and this is a duplicate, please accept my apologies and understand that I needed to ensure that my interests were protected.

Sincerely,

*Paul B Powell*

Paul B. Powell

Copy of this with the enclosed Objection is contemporaneously being sent to Irving H. Picard, Trustee for the Liquidation of the Business of Bernard L. Madoff Investment Securities LLC