**Robert M. and Arlene Merson Family Trust dtd 8/12/03 FBO Howard Merson**
c/o Jon O. Fullerton Co-Trustee
P.O. Box 810577
Boca Raton, FL 33481
Tel: 561-994-9379

December 2, 2010

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, NY 10004

Irving H. Picard, Trustee
c/o Baker and Hostetler LLP
Attn: Claims Department
45 Rockefeller Plaza
New York, NY 10111

Sent by:
Express Mail w/ delivery confirmation


RECEIVED DEC - 3 2010 U.S. BANKRUPTCY COURT, SDNY

In re: SECURITIES INVESTORS PROTECTION CORPORATION v. BERNARD L. MADOFF INVESTMENTS SECURITIES, LLC ("BLMIS"), SIPA Liquidation, **Case No. 08-01789(BRL)**

Dear Ladies and Gentlemen:

**Objection to Trustee's Determination of Claim of Robert and Arlene Merson Family Trust dtd 8/12/03 FBO Howard Merson ("Claimant")**
**Claim No. 014066**

The Claimant herby objects to the denial of the above referenced claim by the Trustee that is recited in the Trustee's Determination of Claim Letter dated November 19, 2010. The denial of such claim by the Trustee is made on the grounds that the Claimant is not a "customer" of BLMIS as defined by the Securities Investor Protection Act of 1970, as amended, ("SIPA) "because Claimant did not have, based on the review of the available books and records of BLMIS by the Trustee's staff, an account with BLMIS" and that the Claimant is therefore not a "customer" of BLMIS as defined in SIPA. The Claimant believes the Trustee is in error in denying this claim and the Claimant should be accorded the status of a "customer" of BLMIS pursuant to SIPA.

1

## I. Background

As stated in the claim materials furnished to the Trustee, the Claimant had invested in BLMIS as a limited partner of M&H Investment Group, L.P. ("M&H"). The following facts are important for the court to consider in connection with the organization and operation of M&H and whether the Claimant is a "customer" of BLMIS as contemplated under SIPA: (i) M&H is a family limited partnership investment entity (it has 2 limited partners which are trusts for the children of Robert M. Merson and their families and a general partner M&H, Inc which owns 1% of M&H and is a corporation formed for this specific purpose). M&H was formed for the specific purpose of investing in BLMIS. (ii) M&H charged no fees or commissions to its limited partners nor did it receive anything from BLMIS with respect to its account and was formed to provide a mechanism to pool funds from the trusts as limited partners for investment with BLMIS. (iii) M&H acted as the Claimants agent by investing its funds with BLMIS. (iv) M&H was established with the consent of BLMIS as a method for pooling the funds of the trusts for investment with BLMIS. (v) M&H is a "pass through" entity for federal and state income tax purposes and each of its partners paid the income taxes due on its interest in the BLMIS account each year as is appropriate for an agency entity. These facts are reflected in the claim materials furnished the Trustee in supporting this claim and such records can facilitate the establishment of the "net equity" of Claimant and each partner of M&H. **A copy of the claim form and addendum of the Claimant as filed with the trustee is attached to this objection as <u>Exhibit A</u> and incorporated by reference into this objection. Should other or additional information regarding the claim be needed by the court or the Trustee the Claimant will supply such information to the extent it is available to the Claimant.** The Claimant does not believe that M&H is a "feeder fund" as identified by the Trustee in his motion on the matter of determining who is a "customer" pursuant to SIPA and believes that under the unique facts of its organization and operation that the Claimant and the

2

other partners of M&H meet the definition of a "customer" of BLMIS pursuant to SIPA. The Claimant also disputes the Trustee's assertion in its denial of claim letter that the Claimant or any member of M&H must be listed in the records of BLMIS as the holder of an account in order to be a "customer" under SIPA. This is an error and not supported by the statute upon which the Trustee relies.

The Claimant points out that M&H has filed a claim which has been accepted and the Claimant does not intend to seek double coverage for the same funds. The records are available to adjust any claimed amount that may be found to be due to Claimant to reflect Claimant's interest in the amount of the M&H claim.

## II. SIPA Does Not Require That a "Person" Have His Name Listed on the Account in Order to be a "Customer"

A "customer" under SIPA sec. 78lll(2) is "any person who has a claim on account of securities received, acquired or held by the debtor in the ordinary course of its business as a broker or dealer from of for the securities accounts of such person..." There is no requirement that such person have his name on an account in the debtor's records in order to be a "customer."

Further SIPA sec. 78fff-2(b) addresses situations where a customer's name does not appear in the debtor's records and provides that the obligation to customers may be determined by the trustee as "ascertainable from the books and records of the debtor" or "otherwise established to the satisfaction of the trustee." This is easily done given the records of M&H which are available.

This is further reinforced by 17 CFR sec. 300.101 that provides "An account held with a member for another person as a principal or beneficial owner shall, except as otherwise provided in these rules, be deemed to be an individual account of such principal or beneficial owner." The rule by using the word "a principal or beneficial owner" contemplates that there may be more than one principal or beneficial owner for each account.

3

The Claimant would also show the operation, organization and structure of M&H is quite different from the facts of SIPC v. Morgan Kennedy & Co., 533 F.2d 1314(2nd Cir. 1976). Since the court and the Trustee are quite familiar with the facts of that case the Claimant will not repeat them here but only point out several significant differences. (1) In this case the partners of M&H contributed their funds into the account, not their employer as in Morgan Kennedy. (2) M&H was formed to invest with BLMIS and it was expected that each partner's funds would be entrusted to BLMIS. (3) Unlike the situation in Morgan Kennedy, the funds in the account were allocated to each partner on the books of M&H.

It is the Claimant's position that M&H (i) was the agent or proxy for each of its partners (with attendant fiduciary duties) and held the BLMIS account as such, since it was formed for the purpose of making investment on behalf of its partners with BLMIS. (ii) M&H has records that are clear and unambiguous and would easily permit the Trustee to establish the "net equity" of each partner. Under these circumstances, Claimant believes that Claimant and the other partners of M&H are entitled to "customer" status under SIPA and the Trustee has erred in denying this claim.

### III. Claimant's Additional Arguments.

The Claimant also adopts, joins in and incorporates by reference as if fully stated herein the responses and memoranda of law filed in this action in opposition to the Motion of the Trustee for an Order to Affirm Trustee's Determinations Denying Claims of Claimants without BLMIS Accounts in Their Names, Namely, Investors in Feeder Funds filed by the Trustee of June 11, 2010 (the "Customer Motion").

### IV. Denial of Claim is Premature

The undersigned further notes that this court has not yet ruled on the "Customer Motion" on which a hearing was held on October 19, 2010. The Trustee mailed the denial of claim on

4

November 19, 2010 while the ruling on the Customer Motion was reserved. While the issues presented by this claim are somewhat different than those strictly applicable to the Customer Motion, the ruling may provide guidance which could make the filing of this objection unnecessary. The Claimant believes that the Trustee's denial of this claim is premature and that the Trustee should have reserved any action on this claim until such time as a ruling by this court on the Customer Motion has been entered.

### V. Conclusion

Based on the purpose and operation of M&H as it relates to the provisions of SIPA, the Claimant should be recognized as a "customer" of BLMIS in its own right and be entitled to SIPA protection. In addition, the Claimant submits that the Trustee has acted prematurely in issuing its denial of this claim while the Customer Motion is still unresolved. Accordingly, a hearing is on this matter is requested and this court is asked to stay the Trustee's denial of this claim until such time as the issues raised in the Customer Motion have been ruled on by the court.

Respectfully submitted,

*/s/ Jon O. Fullerton*

Jon O. Fullerton, Co-Trustee of the Robert M. and Arlene Merson Family Trust dtd 8/12/03 FBO of Howard Merson.
Claim # 014066