**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York  10111
Telephone:    (212) 589-4200
Facsimile:    (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com
Tracy L. Cole
Email: tcole@bakerlaw.com
Oren J. Warshavsky
Email: owarshavsky@bakerlaw.com
Amy E. Vanderwal
Email: avanderwal@bakerlaw.com
Seanna R. Brown
Email: sbrown@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant.<br><br>In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | Adv. Pro. No. 08-1789 (BRL)<br><br>SIPA Liquidation<br>(Substantively Consolidated) |

095879, 300133656

**TRUSTEE'S MOTION FOR AN EX PARTE ORDER PURSUANT TO FEDERAL
RULE OF BANKRUPTCY PROCEDURE 9006(c)(1) AND LOCAL RULE 9077-1
REDUCING THE TIME FOR NOTICE TO ALL PARTIES IN INTEREST**

Irving H. Picard, as trustee (the "Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"), and substantively consolidated estate of Bernard L. Madoff, by and through his counsel, hereby moves this Court for an ex parte order pursuant to Federal Bankruptcy Rule Rule 9006(c)(1) and Local Rule 9077-1 reducing the time for notice to all parties in interest ("Motion") of a hearing (the "9019 hearing") to be held on the forthcoming motion of the Trustee for entry of order pursuant to section 105(a) of the Bankruptcy Code and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure approving an agreement by and between the Trustee and the Shapiro Family[1] (the "9019 Motion"). In support thereof, the Trustee respectfully represents as follows:

---

[1] For purposes of this Motion, the Shapiro Family refers to the following individuals and entities: Carl J. Shapiro, Ruth E. Shapiro, Rhonda Shapiro Zinner, Michael J. Zinner, Linda Shapiro Waintrup, Daniel I. Waintrup, Ellen Shapiro Jaffe, Robert M. Jaffe, Jennifer Segal Herman, Jonathan M. Segal, Kimberly L. Strauss, Samantha L. Strauss, Michael S. Jaffe, Steven C. Jaffe, Andrew N. Jaffe, Ashley Herman, Zachary Herman, Alexandra Herman, Rebekah Jaffe, Oliver Jaffe, Carl J Shapiro 2007 Trust dated 11/14/07, Ruth Shapiro 2007 Trust dated 11/14/2007, Carl J. Shapiro 2003 Trust U/D/T 4/9/03 As Amended, Ruth Shapiro 2003 Trust U/D/T/ 4/9/03 As Amended, Rhonda Shapiro Zinner 1993 Trust U/D/T/ DTD 7/7/93 As Amended, RSZ 2006 Irrevocable Trust, Ellen S. Jaffe 2003 Trust U/D/T DTD 5/8/03 As Amended, Jaffe Family 2004 Irrevocable Trust, Linda Shapiro Family Trust DTD 12/08/76, Linda Shapiro Waintrup 1992 Trust U/D/T DTD 3/11/92 As Amended, LSW 2006 Irrevocable Trust, Jennifer M. Segal Herman Trust U/D/T DTD 5/1/67 As Amended, Jennifer S. Herman 2007 Trust, Jennifer Segal Herman 1985 Trust Dated 4/16/85, Jonathan M. Segal 1989 Trust U/D/T DTD 3/8/89 As Amended, Jonathan M. Segal 2007 Trust, Jonathan M. Segal Trust U/D/T/ DTD 12/1/70, JSH 2006 Irrevocable Trust, Michael S. Jaffe 1989 Trust U/D/T DTD 8/24/89 As Amended, Michael S. Jaffe 2007 Trust, Michael S. Jaffe Trust U/D/T/ 9/25/71 As Amended, Steven C. Jaffe Trust U/D/T DTD 9/25/71 As Amended, Steven C. Jaffe 1989 Trust U/D/T DTD 8/24/89 As Amended, Steven C. Jaffe 2007 Trust, Andrew Jaffe Trust U/D/T DTD 5/12/75 As Amended, Andrew N. Jaffe 1993 Irrevocable Trust U/D/T DTD 6/11/93 As Amended, Andrew N. Jaffe 2007 Trust, Samantha Strauss 1985 Trust, Samantha L. Strauss 2003 Irrevocable Trust, Kimberly Lauren Strauss 1988 Trust As Amended, Kimberly L. Strauss 2006 Irrevocable Trust, Shapiro Family Limited Partnership, Carl and Ruth Shapiro Family Foundation, RSZ-JSH Partnership, Shapiro Family CLAT Joint Venture, Shapiro GGC-1 LLC, Jaffe GC-1 LLC, M/A/S Capital Corp., J Development Group and Wellesley Capital Management, Inc.

## **BACKGROUND**

1. On December 11, 2008 (the "Filing Date"),[2] the Securities and Exchange Commission ("SEC") filed a complaint in the United States District Court for the Southern District of New York (the "District Court") against the Debtors (Case No. 08 CV 10791). The complaint alleged that the Debtors engaged in fraud through investment advisor activities of BLMIS.

2. On December 15, 2008, pursuant to section 78eee(a)(4)(A) of SIPA, the SEC consented to a combination of its own action with an application of the Securities Investor Protection Corporation ("SIPC"). Thereafter, pursuant to section 78eee(a)(3) of SIPA, SIPC filed an application in the District Court alleging, inter alia, that BLMIS was not able to meet its obligations to securities customers as they came due and, accordingly, its customers needed the protection afforded by SIPA.

3. On that date, the District Court entered the Protective Decree, to which BLMIS consented, which, in pertinent part:

> (a) appointed the Trustee for the liquidation of the business of BLMIS pursuant to section 78eee(b)(3) of SIPA;
>
> (b) appointed Baker & Hostetler LLP as counsel to the Trustee pursuant to section 78eee(b)(3) of SIPA; and
>
> (c) removed the case to this Court pursuant to section 78eee(b)(4) of SIPA.

4. At a plea hearing (the "Plea Hearing") on March 12, 2009 in the criminal action filed against him by the United States Attorney's Office for the Southern District of New York,

---

[2] In this case, the Filing Date is the date on which the United States Securities & Exchange Commission ("SEC") commenced its suit against BLMIS, December 11, 2008, which resulted in the appointment of a receiver for the firm. *See* SIPA § 78*lll*(7)(B).

Madoff pled guilty to an 11-count criminal information, which counts included securities fraud, money laundering, theft and embezzlement. At the Plea Hearing, Madoff admitted that he "operated a Ponzi scheme through the investment advisory side of [BLMIS]." (Plea Hr'g Tr. at 23:14-17.) On June 29, 2009, Madoff was sentenced to a term of imprisonment of 150 years.

5.  On April 13, 2009, an involuntary bankruptcy petition was filed against Madoff. On June 9, 2009, this Court entered an order substantively consolidating the Chapter 7 estate of Madoff into the BLMIS SIPA proceeding.

## THE SETTLEMENT AGREEMENT BETWEEN THE TRUSTEE AND THE SHAPIRO FAMILY

6.  The Trustee's claims against the Shapiro Family and the Shapiro BLMIS Account Holders include, but are not necessarily limited to, claims under 11 U.S.C. §§ 544(b), 547, 548, and 550 and under the New York Uniform Fraudulent Conveyance Act (New York Debtor and Creditor Law §§ 270-281) (collectively, the "Avoiding Powers Claims").

7.  The Shapiro Family has informed the Trustee that they dispute the legal and factual basis of the Trustee's claims against them, including the Avoiding Powers Claims, and would assert certain defenses to the Trustee's claims.

8.  After a review of the relevant records, including records not previously available to the Trustee, and a consideration of the uncertainty inherent in any litigation, the Trustee, in the exercise of his business judgment, has determined that it is appropriate to reach a business resolution in this matter rather than proceed to litigation.

9. The Trustee and the Shapiro Family have entered into a settlement agreement in principle ("Settlement Agreement"). To effectuate the Settlement Agreement, the Trustee intends to file the 9019 Motion as soon as practicable.

10. Rule 2002(a)(3) of the Federal Rules of Bankruptcy Procedure requires that 21 days notice by mail be given to parties in interest of the 9019 hearing.

11. The Settlement Agreement between the Trustee and the Shapiro Family is contingent upon the entry of an order approving the Settlement Agreement (the "9019 Order") prior to December 27, 2010. Without an order before that date, the Settlement Agreement will become null and void to the detriment of the BLMIS estate.

12. If the Trustee were required to give 21 days notice of the hearing on the 9019 Motion, it is possible that the 9019 Order would not be entered in time to preserve the validity of the Settlement Agreement. Therefore, the Trustee seeks Court permission to notice a hearing date on the 9019 Motion prior to or on December 21, 2010.

**RELIEF REQUESTED**

13. Pursuant to Bankruptcy Rule 9006(c)(1) and Local Rule 9077-1(b), the Trustee requests that the Court issue an order reducing the 21-day notice period required by Bankruptcy Rule 2002(a)(3) to permit the Trustee's 9019 Motion be heard on a date prior to or on December 21, 2010.

14. The Trustee has not made a previous application for similar relief.

**WHEREFORE**, the Trustee respectfully requests that the Court (a) enter an order substantially in the form attached hereto as Exhibit A, granting the relief requested herein; and (b) grant such other and further relief to the Trustee as the Court deems proper.

Dated: New York, New York  
       December 7, 2010

Respectfully submitted,  
*/s/ David J. Sheehan*  
**Baker & Hostetler LLP**  
45 Rockefeller Plaza  
New York, New York  10111  
Telephone:     (212) 589-4200  
Facsimile:      (212) 589-4201  
David J. Sheehan  
Email: dsheehan@bakerlaw.com  
Marc E. Hirschfield  
Email: mhirschfield@bakerlaw.com  
Tracy L. Cole  
Email: tcole@bakerlaw.com  
Oren J. Warshavsky  
Email: owarshavsky@bakerlaw.com  
Amy E. Vanderwal  
Email: avanderwal@bakerlaw.com  
Seanna R. Brown  
Email: sbrown@bakerlaw.com

*Attorneys for Irving H. Picard,*  
*Trustee for the Substantively Consolidated*  
*SIPA Liquidation of Bernard L. Madoff*  
*Investment Securities LLC and Bernard L.*  
*Madoff*

# **EXHIBIT A**

095879, 300133656

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant.<br><br>In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | Adv. Pro. No. 08-1789 (BRL)<br><br>SIPA Liquidation<br>(Substantively Consolidated) |

**ORDER PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9006(c)(1) AND LOCAL RULE 9077-1 REDUCING THE TIME FOR NOTICE TO ALL PARTIES IN INTEREST**

THIS MATTER having been brought to the Court's attention through the Trustee's motion for an ex parte order pursuant to Federal Bankruptcy Rule Rule 9006(c)(1) and Local Rule 9077-1 reducing the time for notice to all parties in interest ("Motion"), filed by Irving H. Picard, as trustee (the "Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the substantively consolidated estate of Bernard L. Madoff; and

UPON REVIEW AND CONSIDERATION of the Motion, and all of the prior proceedings, pleadings and other submissions in this and related actions;

IT IS HEREBY:

095879, 300133656

ORDERED that the Trustee is permitted to file a motion for entry of order pursuant to section 105(a) of the Bankruptcy Code and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure approving an agreement by and between the Trustee and the Shapiro Family[3] (the "9019 Motion"), with less than 21 days notice being given to interested parties of the hearing on the Trustee's 9019 Motion; and it is further

ORDERED, that the following briefing schedule shall govern the Trustee's 9019 Motion: the Trustee shall file the 9019 Motion on December ____, 2010; any objections shall be filed on or before December ___, 2010; any replies shall be filed on or before December ____, 2010; and the hearing shall be held on December ___, 2010; and it is further

ORDERED, that this Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

---

[1] The Shapiro Family, for purposes of this Motion, refers to the following individuals and entities: Carl J. Shapiro, Ruth E. Shapiro, Rhonda Shapiro Zinner, Michael J. Zinner, Linda Shapiro Waintrup, Daniel I. Waintrup, Ellen Shapiro Jaffe, Robert M. Jaffe, Jennifer Segal Herman, Jonathan M. Segal, Kimberly L. Strauss, Samantha L. Strauss, Michael S. Jaffe, Steven C. Jaffe, Andrew N. Jaffe, Ashley Herman, Zachary Herman, Alexandra Herman, Rebekah Jaffe, Oliver Jaffe, Carl J Shapiro 2007 Trust dated 11/14/07, Ruth Shapiro 2007 Trust dated 11/14/2007, Carl J. Shapiro 2003 Trust U/D/T 4/9/03 As Amended, Ruth Shapiro 2003 Trust U/D/T/ 4/9/03 As Amended, Rhonda Shapiro Zinner 1993 Trust U/D/T/ DTD 7/7/93 As Amended, RSZ 2006 Irrevocable Trust, Ellen S. Jaffe 2003 Trust U/D/T DTD 5/8/03 As Amended, Jaffe Family 2004 Irrevocable Trust, Linda Shapiro Family Trust DTD 12/08/76, Linda Shapiro Waintrup 1992 Trust U/D/T DTD 3/11/92 As Amended, LSW 2006 Irrevocable Trust, Jennifer M. Segal Herman Trust U/D/T DTD 5/1/67 As Amended, Jennifer S. Herman 2007 Trust, Jennifer Segal Herman 1985 Trust Dated 4/16/85, Jonathan M. Segal 1989 Trust U/D/T DTD 3/8/89 As Amended, Jonathan M. Segal 2007 Trust, Jonathan M. Segal Trust U/D/T/ DTD 12/1/70, JSH 2006 Irrevocable Trust, Michael S. Jaffe 1989 Trust U/D/T DTD 8/24/89 As Amended, Michael S. Jaffe 2007 Trust, Michael S. Jaffe Trust U/D/T/ 9/25/71 As Amended, Steven C. Jaffe Trust U/D/T DTD 9/25/71 As Amended, Steven C. Jaffe 1989 Trust U/D/T DTD 8/24/89 As Amended, Steven C. Jaffe 2007 Trust, Andrew Jaffe Trust U/D/T DTD 5/12/75 As Amended, Andrew N. Jaffe 1993 Irrevocable Trust U/D/T DTD 6/11/93 As Amended, Andrew N. Jaffe 2007 Trust, Samantha Strauss 1985 Trust, Samantha L. Strauss 2003 Irrevocable Trust, Kimberly Lauren Strauss 1988 Trust As Amended, Kimberly L. Strauss 2006 Irrevocable Trust, Shapiro Family Limited Partnership, Carl and Ruth Shapiro Family Foundation, RSZ-JSH Partnership, Shapiro Family CLAT Joint Venture, Shapiro GGC-1 LLC, Jaffe GC-1 LLC, M/A/S Capital Corp., J Development Group and Wellesley Capital Management, Inc.

-3-

Dated:  New York, New York
_____ \_\_, 2010

at _____ \_\_.m.

_____
UNITED STATES BANKRUPTCY JUDGE