# EXHIBIT D

| | |
|---|---|
| **Baker & Hostetler LLP** <br> 45 Rockefeller Plaza <br> New York, NY 10111 <br> Telephone: (212) 589-4219 <br> Facsimile: (212) 589-4201 | Hearing Date and Time:  July 15, 2010 at 10:00 a.m. <br> Objection Deadline: June 24, 2010 |

*Attorneys for Irving H. Picard, Esq., Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant, | Adv. Pro No. 08-1789 (BRL) <br><br> SIPA LIQUIDATION <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, <br><br> Plaintiff, <br> v. <br><br> ADELE FOX, individually and to the extent she purports to represent a class of those similarly situated, and SUSANNE STONE MARSHALL, individually and to the extent she purports to represent a class of those similarly situated, <br><br> Defendants. | Adv. Pro. No. 10-3114 (BRL) |

### NOTICE OF TRUSTEE'S MOTION TO STRIKE ISSUE NUMBER FIVE AND RELATED DOCUMENTS

**PLEASE TAKE NOTICE** that, pursuant to Federal Rule of Bankruptcy Procedure 8006, and upon the accompanying motion (the "Motion"), Appellee Irving H. Picard, Trustee, through his undersigned counsel, will move this Court at the United States Bankruptcy Courthouse at One Bowling Green, New York, New York, on **July 15, 2010 at 10:00 a.m.**, for an Order: striking issue number five and three documents from the Designations of Items to be Included in the Record and Statement of the Issues to be Presented on Appeal filed by Appellants Adele Fox, individually and to the extent she purports to represent a class of those similarly situated, and Susanne Stone Marshall, individually and to the extent she purports to represent a class of those similarly situated.

**PLEASE TAKE FURTHER NOTICE** that written objections to the Motion must be filed with the Clerk of the United States Bankruptcy Court, One Bowling Green, New York, New York 10004 by no later than **4:00 p.m. on June 24, 2010** (with a courtesy copy delivered to the Chambers of the Honorable Burton R. Lifland) and must be served upon (a) Baker & Hostetler LLP, counsel for the Trustee, 45 Rockefeller Plaza, New York, New York 10111, Attn: Deborah Renner, Esq. and Keith Murphy, Esq. and (b) the Securities Investor Protection Corporation, 805 Fifteenth Street, NW, Suite 800, Washington, DC 20005, Attn: Kevin H. Bell, Esq. Any objections must specifically state the interest that the objecting party has in these proceedings and the specific basis of any objection to the Motion.

Dated: New York, New York  
      June 9, 2010

By: _____*s/Keith R. Murphy*_____  
David J. Sheehan  
Email: dsheehan@bakerlaw.com  
Deborah H. Renner  
Email: drenner@bakerlaw.com  
Keith R. Murphy  
Email: kmurphy@bakerlaw.com  
Baker & Hostetler LLP

        45 Rockefeller Plaza
        New York, New York 10111
        Telephone: (212) 589-4200
        Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA*
*Liquidation of Bernard L. Madoff*
*Investment Securities LLC and*
*Bernard L. Madoff*

300092265

| | |
|---|---|
| **Baker & Hostetler LLP** | Hearing Date and Time: July 15, 2010 at 10:00 a.m. |
| 45 Rockefeller Plaza | Objection Deadline: June 24, 2010 |
| New York, NY 10111 | |
| Telephone: (212) 589-4219 | |
| Facsimile: (212) 589-4201 | |

*Attorneys for Irving H. Picard, Esq., Trustee
for the Substantively Consolidated SIPA Liquidation
of Bernard L. Madoff Investment Securities LLC
and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro No. 08-1789 (BRL) |
| Plaintiff, | |
| v. | SIPA LIQUIDATION |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | (Substantively Consolidated) |
| Defendant, | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-3114 (BRL) |
| Plaintiff, | |
| v. | |
| ADELE FOX, individually and to the extent she purports to represent a class of those similarly situated, and SUSANNE STONE MARSHALL, individually and to the extent she purports to represent a class of those similarly situated, | |
| Defendants. | |

**TRUSTEE'S MOTION TO STRIKE ISSUE NUMBER FIVE
AND RELATED DOCUMENTS AND MEMORANDUM OF LAW IN SUPPORT[1]**

Appellee Irving H. Picard, trustee (the "Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. § 78aaa *et seq.*, and the estate of Bernard L. Madoff individually, by and through his undersigned counsel, respectfully submits this motion (the "Motion"), pursuant to Federal Rule of Bankruptcy Procedure 8006, seeking entry of an order, substantially in the form annexed hereto as Exhibit A, striking issue number five ("Issue Five") and three documents from the Designations of Items to be Included in the Record and Statement of the Issues to be Presented on Appeal (the "Designations") filed by Appellants Adele Fox, individually and to the extent she purports to represent a class of those similarly situated (the "Fox Appellants"), and Susanne Stone Marshall, individually and to the extent she purports to represent a class of those similarly situated (the "Marshall Appellants" and, collectively with the Fox Appellants, the "Appellants").[2]

**PRELIMINARY STATEMENT**

On May 3, 2010, this Court held, among other things, that the Fox and Marshall Complaints violated the automatic stay in these proceedings, because no matter the nomenclature for their causes of action, they were, in essence, seeking fraudulently transferred assets which are property of the estate. 2010 WL 1740885 (Bankr. S.D.N.Y. May 3, 2010) at *7. Accordingly,

---

[1] As there are no novel issues of law presented by this Motion, it is respectfully requested that the Court waive the requirement under Local Bankruptcy Rule 9013-1 that a separate memorandum of law be submitted in connection with the relief requested.

[2] The Fox Appellants and Marshall Appellants filed separate Designations in connection with the instant adversary proceeding (10-3114 (BRL)). (Dkt Nos. 28, 30.) Other than the exhibits identifying different clients, the Designations are identical in substance. The Trustee's motion seeks to strike Issue Five and related documents to be included in the record from both of the Designations. The Trustee is simultaneously filing a Counter-Designation of Items to be Included in the Record on Appeal.

this Court held that: "[w]hether sounding in bankruptcy, state law or common law, the claims asserted in the Florida Actions seek to redress a harm common to all BLMIS customer claimants and, consistent with the purposes of the automatic stay, belong exclusively to the Trustee." *Id.* at *6. Neither Fox and Marshall, the Trustee, nor the Court, raised or discussed whether the doctrine of *in pari delicto* bars the Trustee from pursuing Fox's and Marshall's causes of action, as Appellants now ask the District Court to consider. Not only was that issue never raised, it is a red herring precisely because whatever those causes of action were labeled, Fox and Marshall were barred from proceeding because they were seeking property of the estate. Fox and Marshall should not now be permitted to cloud the record and raise this argument on appeal.

Accordingly, the Trustee respectfully requests that Issue Five and related documents be stricken from appellate consideration.

## OPERATIVE FACTS

On April 28, 2010 and May 3, 2010, respectively, this Court entered an Order (the "Order") and a Memorandum Order and Decision Granting Trustee's Motion Pursuant to Bankruptcy Code Sections 362(a) and 105(a) and Bankruptcy Code Section 7065 for Enforcement of the Automatic Stay and for a Preliminary Injunction (the "Decision") in the above-captioned adversary proceeding. (Dkt Nos. 20, 22.) On May 12, 2010, Appellants filed a Notice of Appeal[3] of the Order and Decision. On May 26, 2010, Appellants filed the Designations in connection with the Notice of Appeal.

Issue Five, as proposed by the Appellants in their Designations, seeks appellate review of: "[w]hether the Bankruptcy Court erred by not determining that the trustee, Irving H. Picard, appointed in the Securities Investor Protection Act liquidation of Bernard L. Madoff Investment

---

[3] The Notice of Appeal was filed on behalf of both the Fox Appellants and the Marshall Appellants who were, at the time, represented by the same counsel. Subsequently, the Fox Appellants retained separate counsel. (Dkt No. 27.)

- 3 -

Securities LLC, was barred by the doctrine of *in pari delecto* [*sic*] from pursuing the claims asserted by the Appellants in their complaints in Florida federal court against non-debtor third parties." This issue was never raised below, and is thus improper on appeal.

## ARGUMENT

### ISSUE FIVE AND RELATED DOCUMENTS MUST BE STRICKEN FROM THE DESIGNATIONS

**A.   Jurisdiction and Forum**

This Court has jurisdiction to over this adversary proceeding pursuant to 28 U.S.C. § 1334 and 15 U.S.C. § 78eee(b)(2)(A) and (b)(4). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

This Court is the proper forum in which to determine the propriety of questions on appeal and the contents of the record on appeal. *See*, *e.g.*, *In re Ames Dep't Stores, Inc.*, 320 B.R. 518, 520 (Bankr. S.D.N.Y. 2005) ("[t]his Court is the appropriate forum to resolve the objection. [Bankruptcy Rule] 8006 governs the designation of the record in a bankruptcy appeal. Like Fed. R. App. P. 10 (from which Bankruptcy Rule 8006 was adopted), Bankruptcy Rule 8006 provides for the designation of the record to be filed in the lower court, for objections likewise to be filed in the lower court, and for the record thus to be assembled before transmission to the appellate court"); *see also In re National Century Financial Enterprises, Inc., et al.*, 334 B.R. 907, 913-914 (Bankr. S.D. Ohio 2005) (citing *Ames* and agreeing with the majority position that authority to strike rests with the bankruptcy court which "assists the appellate process").

**B.   Cause Exists to Strike Issue Number Five and Related Documents**

Just prior to the hearing before this Court on the Trustee's motion to enforce the automatic stay, and in an effort to show the Court that they were not barred by that stay, Fox and Marshall submitted a sur-reply letter to the Court in which they relied on *Highland Capital*

- 4 -

*Mgmt, LP v. Chesapeake Energy Corp.* (*In re Seven Seas Petroleum, Inc.*), 522 F.3d 575 (5th Cir. 2008), to contend that they had a separate claim against the Picowers arising from the general conduct alleged by the Trustee. Significantly, the Court held that "the injuries alleged, as well as the purported source of those injuries, are common to BLMIS and all BLMIS customers. Moreover, even if the Florida Plaintiffs' claims assert direct injuries, they would nonetheless be deemed property of the estate under Seven Seas because they seek to recover fraudulently transferred funds." *Fox*, 2010 WL 1740885, at *7. Accordingly, this Court held that: "[w]hether sounding in bankruptcy, state law or common law, the claims asserted in the Florida Actions seek to redress a harm common to all BLMIS customer claimants and, consistent with the purposes of the automatic stay, belong exclusively to the Trustee." *Id.* at *6.

The clear and resounding holding of the *Fox* decision is that Fox and Marshall violated the automatic stay because they sought estate assets through their actions. *Id.* at *7. Whether the Trustee would be barred by *in pari delicto* from pursuing Fox's and Marshall's disguised fraudulent transfer claims was never addressed. Indeed, that issue is not relevant because the Trustee does not have to show that he could pursue the exact same causes of action as Fox and Marshall for the automatic stay or an injunction to apply.

By including Issue Five, Appellants improperly seek to interject an issue on appeal which is not relevant. The issue of whether the doctrine of *in pari delicto* bars the Trustee from pursuing Fox's and Marshall's specific causes of action against the defendants named in *Fox v. Picower, et al.* (Adv. Pro. No. 10-80252) and *Marshall v. Picower, et al.* (Adv. Pro. No. 10-80254) was not presented to, or decided by, this Court, and therefore it is not preserved for appeal and should be stricken from the Designations. *See*, *e.g.*, *In re West Mountain Sales, Inc.*, 1990 WL 120961, at *2 (N.D.N.Y. Aug. 16, 1990) (affirming bankruptcy court decision to strike

- 5 -

certain pleadings, as the "designated documents represented an attempt…to inject new issues and advance additional evidence that was not properly introduced and developed…at the time the matter was initially presented for decision to the court").

Further, any documents designated by the Appellants to be included in the record on appeal that relate to or support any arguments with respect to Issue Five should be stricken from the Designations, including Docket entries 195-197 of Adversary Proceeding 08-1789 (BRL). *Id*.

## **CONCLUSION**

The Trustee respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit A, striking Issue Five and related documents from consideration on appeal and granting such other and further relief as the Court deems appropriate.

Dated:  New York, New York  
      June 9, 2010

Respectfully submitted,

  *s/Keith R. Murphy*  
David J. Sheehan  
Email:  dsheehan@bakerlaw.com  
Deborah H. Renner  
Email:  drenner@bakerlaw.com  
Keith R. Murphy  
Email:  kmurphy@bakerlaw.com  
Baker & Hostetler LLP  
45 Rockefeller Plaza  
New York, New York 10111  
Telephone: (212) 589-4200  
Facsimile:  (212) 589-4201

*Attorneys for Irving H. Picard, Trustee*  
*for the Substantively Consolidated SIPA*  
*Liquidation of Bernard L. Madoff*  
*Investment Securities LLC and*  
*Bernard L. Madoff*

300091990

**Exhibit A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>      Plaintiff,<br><br> v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>      Defendant, | Adv. Pro No. 08-1789 (BRL)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>      Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>      Plaintiff,<br><br> v.<br><br>ADELE FOX, individually and to the extent she purports to represent a class of those similarly situated, and SUSANNE STONE MARSHALL, individually and to the extent she purports to represent a class of those similarly situated,<br><br>      Defendants. | Adv. Pro. No. 10-3114 (BRL) |

### [PROPOSED] ORDER GRANTING TRUSTEE'S MOTION TO STRIKE ISSUE NUMBER FIVE AND RELATED DOCUMENTS

This matter comes before the court on the motion (the "Motion") of Irving H. Picard, Trustee, to strike issue number five ("Issue Five") and related documents from the Designations of Items to be Included in the Record and Statement of the Issues to be Presented on Appeal (the

"Designations") filed by Appellants Adele Fox, individually and to the extent she purports to represent a class of those similarly situated, and Susanne Stone Marshall, individually and to the extent she purports to represent a class of those similarly situated.

Upon the matters presented to the Court, it is hereby ORDERED that:

1. The Trustee's Motion is GRANTED;

2. Issue Five is stricken from the Designations; and

3. The following three documents are stricken from the Designations to the extent that they are used to support any argument with respect to Issue Five:

   A. Notice of Hearing /Notice of Joint Motion For Entry of Order Substantively Consolidating the Estate of Bernard L. Madoff Into the SIPA Proceeding of Bernard L. Madoff Investment Securities LLC (Adv. Pro. No. 08-1789 (BRL); Dkt No. 195).

   B. Memorandum of Law in Support of Joint Motion For Entry of Order Substantively Consolidating the Estate of Bernard L. Madoff Into the SIPA Proceeding of Bernard L. Madoff Investment Securities LLC (Adv. Pro. No. 08-1789 (BRL); Dkt No. 196).

   C. Affidavit of Michael Slattery, Jr. In Support of Joint Motion of Trustee and Securities Investor Protection Corporation For an Order Substantively Consolidating the Estate of Bernard L. Madoff With the SIPA Proceeding of Bernard L. Madoff Investment Securities LLC (Adv. Pro. No. 08-1789 (BRL); Dkt No. 197).

Entered this _____ day of June, 2010.

_____
HONORABLE BURTON R. LIFLAND
UNITED STATES BANKRUPTCY JUDGE