# EXHIBIT E

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Esq., Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and the estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro No. 08-1789 (BRL) <br><br> SIPA LIQUIDATION <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, <br><br> Plaintiff, <br><br> v. <br><br> ADELE FOX, individually and to the extent she purports to represent a class of those similarly situated, and SUSANNE STONE MARSHALL, individually and to the extent she purports to represent a class of those similarly situated, <br><br> Defendants. | Adv. Pro. No. 10-3114 (BRL) |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF TRUSTEE'S**
**MOTION TO STRIKE ISSUE NUMBER FIVE AND RELATED DOCUMENTS**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT .............................................................................................................................. 2

        Issue Five and Related Documents Must be Stricken From Consideration on
            Appeal ................................................................................................................. 2

I.      Cause Exists to Strike Issue Number Five and Related Documents................................. 2

        A.      Issue Number Five Is Irrelevant and Was Never Raised Below, and Should
             Therefore Be Stricken ......................................................................................... 2

        B.      This Court Should Strike Items Designated in the Record That Relate to
             Issue Number Five .............................................................................................. 4

II.     This Court Has Authority to Strike Issues Designated on Appeal..................................... 5

CONCLUSION ........................................................................................................................... 8

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Castleman v. Liquidating Tr.*, 2007 WL 2492792 (N.D.N.Y. Aug. 28, 2007) .............................. 2

Consol. Edison Co. of N.Y., Inc. v. UGI Utilities, Inc., 423 F.3d 90 (2d Cir. 2005) ..................... 3

*DeLorean Mfg. Co. v. The First Nat'l Bank of Glens Falls* (*In re West Mountain Sales, Inc.*), 1990 WL 120961 (N.D.N.Y. Aug. 16, 1990) ............................................................. 6, 7

*Food Distribution Ctr. v. Food Fair, Inc.* (*In re Food Fair, Inc.*), 15 B.R. 569 (Bankr. S.D.N.Y. 1981) ............................................................................................................... 6, 7

Fun-damental Too, Ltd. v. Gemmy Indus. Corp., 111 F.3d 993 (2d Cir. 1997) ............................ 3

*Klein v. Civale & Trovato, Inc.* (*In re Lionel Corp.*), 29 F.3d 88 (2d Cir. 1994) .......................... 2

*NWL Holdings, Inc. v. Eden Ctr., Inc.* (*In re Ames Dep't Stores, Inc.*), 320 B.R. 518 (Bankr. S.D.N.Y. 2005) ............................................................................................... 5, 6, 7

*Picard v. Fox* (*Sec. Investor Protection Corp. v. Bernard L. Madoff Inv. Sec. LLC*), 429 B.R. 423 (Bankr. S.D.N.Y. 2010) ................................................................................... 3, 4

*Shearson Lehman Hutton, Inc. v. Wagoner*, 944 F.2d 114 (2d Cir. 1991) .................................... 3

**Statutes**

11 U.S.C. § 105(a) ......................................................................................................................... 3

15 U.S.C. § 78eee(b)(2)(A)(i) ........................................................................................................ 3

15 U.S.C. § 78eee(b)(4) ................................................................................................................. 3

15 U.S.C. §§ 78aaa *et seq.* ............................................................................................................ 1

28 U.S.C. § 1334 ............................................................................................................................ 3

**Rules**

Fed. R. App. P. 10 .......................................................................................................................... 6

Fed. R. App. P. 10(e) ..................................................................................................................... 6

Fed. R. Bankr. P. 8006 ............................................................................................................... 1, 6

Appellee Irving H. Picard, Esq., trustee (the "Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa *et seq.*, and the estate of Bernard L. Madoff individually, respectfully submits this reply memorandum of law in support of the Trustee's Motion to Strike Issue Number Five and Related Documents (the "Motion") pursuant to Federal Rule of Bankruptcy Procedure 8006, seeking the entry of an order, substantially in the form annexed to the Motion as Exhibit A, striking issue number five ("Issue Number Five") and related documents from the Designations of Items to be Included in the Record and Statement of the Issues to be Presented on Appeal (the "Designations") filed by Appellant Adele Fox, individually and to the extent she purports to represent a class of those similarly situated (the "Fox Appellants"), and filed by Appellant Susanne Stone Marshall, individually and to the extent she purports to represent a class of those similarly situated (the "Marshall Appellants" and, collectively with the Fox Appellants, the "Appellants").

## PRELIMINARY STATEMENT

The Trustee moved to strike Issue Number Five—pertaining to *in pari delicto*—and related documents from consideration on appeal because Appellants never raised the issue of *in pari delicto* before this Court. In response, Appellants concede that they never raised the issue below. However, they contend that they may nevertheless raise the issue on appeal because *in pari delicto* is a matter of subject matter jurisdiction which may never be waived. Further, Appellants argue that in any event, the Bankruptcy Court is not the appropriate court to decide the issue of what is properly before the District Court. Appellants' arguments have no merit.

As to subject matter jurisdiction, no matter how Appellants characterize it, the doctrine of *in pari delicto* has no bearing on whether the Trustee has standing to bring his claims for declaratory and equitable relief against Appellants, and whether this Court has subject matter

1

jurisdiction to preside over the Trustee's claims. Moreover, as to whether this Court can decide what issues are properly before the District Court on appeal, this Court clearly has the authority to preclude Appellants from injecting new issues on appeal.

Accordingly, because Appellants failed to raise Issue Number Five before appeal, the Trustee respectfully requests that this Court strike it from Appellants' Designations, along with any related documents submitted by Appellants in support.

## ARGUMENT

### ISSUE FIVE AND RELATED DOCUMENTS MUST BE STRICKEN FROM CONSIDERATION ON APPEAL

**I.    Cause Exists to Strike Issue Number Five and Related Documents**

    **A.    Issue Number Five Is Irrelevant and Was Never Raised Below, and Should Therefore Be Stricken**

It is well-established in this and other jurisdictions that a party's failure to raise an issue before a lower court results in a waiver of that party's ability to raise the issue on appeal. *See, e.g.*, *Klein v. Civale & Trovato, Inc.* (*In re Lionel Corp.*), 29 F.3d 88, 92 (2d Cir. 1994) (refusing to consider one of appellant's arguments that had not been raised in the bankruptcy court); *Castleman v. Liquidating Tr.*, 2007 WL 2492792, *10 (N.D.N.Y. Aug. 28, 2007) (holding the same).

In an effort to avoid this clear legal principle and portray Issue Number Five as somehow relevant to this adversary proceeding, Appellants mischaracterize the issue as a challenge to the Court's subject matter jurisdiction. However, Appellants' argument is plainly incorrect. There is little question that the Court's subject matter jurisdiction over this adversary proceeding exists

2

pursuant to 28 U.S.C. § 1334; 15 U.S.C. § 78eee(b)(2)(A)(i) and (b)(4), and 11 U.S.C. § 105(a), and Appellants' arguments do nothing to challenge this authority.[1]

Issue Number Five requests that the District Court review "[w]hether the Bankruptcy Court erred by not determining that the trustee . . . was barred by the doctrine of *in pari delecto* [*sic*] from pursuing the claims asserted by the Appellants in their complaints in Florida federal court against non-debtor third parties." (Dkt No. 28.)  However, whether the Trustee would hypothetically have standing to bring the exact same causes of action against the Picower Defendants that Appellants asserted in their Florida Actions was never an issue before this Court. Moreover, whether the Trustee has such hypothetical standing to bring the Appellants' claims is entirely irrelevant to whether the Trustee has standing to pursue his claims for declaratory and injunctive relief against Appellants in this adversary proceeding.

In granting the Trustee's request for a preliminary injunction, this Court recognized that "[e]ven if the Florida Plaintiffs' claims assert direct injuries, they would nonetheless be deemed property of the estate . . . because they seek to recover fraudulently transferred funds." *Picard v. Fox* (*Sec. Investor Protection Corp. v. Bernard L. Madoff Inv. Sec. LLC*), 429 B.R. 423, 433 (Bankr. S.D.N.Y. 2010).  Moreover, any injury that the Florida Plaintiffs could assert, would necessarily be an injury generalized to all of BLMIS's customers:

> . . . [T]he Florida Actions seek to redress the depletion of the BLMIS customer property fund, a harm that derivatively injures all customer claimants in the BLMIS liquidation.  In no way were the Florida Plaintiffs in privity with the Picower Defendants; rather,

---

[1] Appellants cite *Consolidated Edison Co. of New York, Inc. v. UGI Utilities, Inc.*, 423 F.3d 90 (2d Cir. 2005) and *Fun-damental Too, Ltd. v. Gemmy Industries Corp.*, 111 F.3d 993 (2d Cir. 1997) in support of the proposition that "standing is jurisdictional and challenges to jurisdiction are never waived." (Fox Appellants' Br. 8.) Although Appellants may be correct in their reiteration of this general legal principle, the Trustee's standing to bring his claims against Appellants in this adversary proceeding is not in question. The application of *in pari delicto* in this case does not challenge the Court's subject matter jurisdiction over the Trustee's application for a preliminary injunction, and was therefore waived. Accordingly, *Shearson Lehman Hutton, Inc. v. Wagoner*, 944 F.2d 114 (2d Cir. 1991), is also inapposite, among other reasons, as it has nothing to do with the Trustee's standing in this action.

3

> they were directly invested with BLMIS. Nowhere do the Florida Plaintiffs contend that the Picower Defendants owed a separate duty, or caused a separate harm, particularly to them.

*Id.* at 431–32. Thus, the issue facing the Court was whether the Appellants' purported class actions improperly sought to recover fraudulently transferred property—not whether the Trustee could have asserted the exact same causes of action as Appellants. Indeed, no matter how the causes of action were articulated—no matter what nomenclature was applied—the Court held that, at bottom, the causes of action sought fraudulently transferred property, and that the Trustee had exclusive standing to seek the recovery of those funds. *Id.* at 430–31. Indeed, this Court held:

> While their causes of action may differ in name, the Florida Plaintiffs seek to recover the very funds sought by the Trustee through his avoidance actions. The Florida Actions thus have the potential to substantially undermine this Court's jurisdiction, as further prosecution could ultimately result in another court's determining how potential estate funds are distributed among certain BLMIS customers. This is particularly alarming given that any judgment awarded to the Florida Plaintiffs would exceed their entitlement to BLMIS distribution under SIPA and this Court's Net Equity Decision.

*Id.* at 436.

Not only have Appellants waived their ability to designate Issue Number Five for appeal by failing to previously raise it before this Court, but it is apparent that this issue is entirely irrelevant to this adversary proceeding and the Court's subject matter jurisdiction over it. Thus, this Court should reject the Appellants' convoluted attempt to insert new issues on appeal, and accordingly, should strike Issue Number Five from their Designations.

**B.    This Court Should Strike Items Designated in the Record That Relate to Issue Number Five**

In addition to striking Issue Number Five, this Court also should strike any items that Appellants designated for the record on appeal that relate to or support any arguments with

4

respect to Issue Number Five.  Appellants explicitly concede that the Court has the authority to do so, stating that "[t]he determination of motions related to the contents of the record on an appeal may be considered to be 'in aid of the appeal' and within the province of the trial court." (Fox Appellants' Br. 4.)

Appellants challenge the grounds on which the Trustee requests that certain documents be stricken.  (*Id.* at 9.)  This challenge is disingenuous and belied by their appellate brief. Indeed, the Trustee specifically identified the Consolidation Motion papers (Docket entries 195–197 of Adversary Proceeding 08-1789 (BRL)) as being inappropriately included in the Designations, and additionally requested that the Court strike any other items improperly included for purposes of supporting Issue Number Five.  (Trustee's Br. 6.)  While Appellants urge that the inclusion of the Consolidation Motion papers is appropriate because they address the "substantive consolidation of the Madoff and BLMIS cases" (Fox Appellants' Br. 10), the true purpose of inclusion of these documents is made clear in Appellants' own brief—the Appellants *actually use* the Consolidation Motion papers in their appellate brief filed in the District Court directly to support their arguments relating to Issue Number Five and for that issue alone. (Fox Appellants' Br. 17 n.7.)  Thus, Appellants cannot, in good faith, preserve this document for designation in the record by asserting that it is generally relevant to the main underlying SIPA proceeding.

## II.     This Court Has Authority to Strike Issues Designated on Appeal

Contrary to Appellants' arguments, this Court is the appropriate forum in which to resolve the present dispute and to determine whether to strike Issue Number Five and corresponding documents from Appellants' Designations.  *See, e.g.*, *NWL Holdings, Inc. v. Eden Ctr., Inc.* (*In re Ames Dep't Stores, Inc.*), 320 B.R. 518, 520 (Bankr. S.D.N.Y. 2005); *DeLorean*

5

*Mfg. Co. v. The First Nat'l Bank of Glens Falls* (*In re West Mountain Sales, Inc.*), 1990 WL 120961 (N.D.N.Y. Aug. 16, 1990).

Appellants expressly concede that this Court has authority to strike items designated in the record. However, they attempt to distinguish that authority from that of striking issues stated for appeal. (*See* Fox Appellants' Br. 4–5.) Such a distinction is unfounded, and Appellants cite no authority in support of their position. Cases recognizing a bankruptcy court's authority to strike items designated in the record glean this authority from Federal Rule of Appellate Procedure 10—the rule from which Federal Rule of Bankruptcy Procedure 8006 is derived. *See, e.g.*, *In re Ames*, 320 B.R. at 520; *Food Distribution Ctr. v. Food Fair, Inc.* (*In re Food Fair, Inc.*), 15 B.R. 569, 571 (Bankr. S.D.N.Y. 1981). Appellate Rule 10(e) explicitly provides that the trial court is the proper forum in which to resolve any disputes "about whether the record truly discloses what occurred in the district court." FED. R. APP. P. 10(e). Appellants assert, without supporting authority, that the rule enables a lower court to strike only items designated for the record—not *issues* designated as well. However, the plain language of the rule does not make this distinction, nor do Appellants point to any precedent indicating that the language of the rule should be interpreted as such.

Indeed, the reasoning behind investing a lower court with the authority to strike items designated in the record extends to a court's authority to strike issues designated as well. For example, in *In re West Mountain Sales, Inc.*, the district court upheld the bankruptcy court's decision to grant a motion to strike so as to prevent the appellant from, among other things, "inject[ing] new issues" on appeal. 1990 WL 120961 at *2. Although the appellee in that case had moved to strike certain pleadings from the designation of record on appeal and not a particular issue, the appellee's reason for moving to strike these pleadings is the same reason the

6

Trustee now requests this Court to strike Appellants' Issue Number Five—to prevent new issues from being injected on appeal. *Id.* If attempts to interject a *new issue* on appeal through the designation of the record has been held to be improper, it follows that the interjection of a new issue itself is also improper.

The "fundamental reason" for the bankruptcy court's authority to resolve disputes over the record "is that the bankruptcy court knows best what was before it and what it considered in making its ruling." *In re Ames*, 320 B.R. at 521. Just as this Court knows best what pleadings and other documents were before it, this Court knows best what *issues* were before it and what it considered in granting the Trustee's application for a preliminary injunction. Thus, this Court is the appropriate forum in which to determine the Trustee's Motion.

Appellants further challenge the Court's authority to rule on the Trustee's Motion by arguing that the docketing of the appeal with the District Court divested this Court of any jurisdiction over matters relating to the appeal. (Fox Appellants' Br. 4.) However, this argument makes no sense as Appellants concede that the Court nevertheless has the authority to strike items designated for the record. (*Id.*); *see also In re Ames*, 320 B.R. at 520 n.2 ("[T]he docketing of the appeal in the district court did not divest the bankruptcy court of jurisdiction to determine the contents of the record on appeal."); *In re Food Fair*, 15 B.R. at 571 ("The trial court may consider the dispute even after the record has been transmitted to the appellate court.").

Moreover, the Trustee believes that the Deputy Clerk of the United States Bankruptcy Court for the Southern District of New York opened the appeal and transmitted the record inadvertently, without realizing that the Trustee's Motion was pending before this Court. Certainly the Trustee cannot be penalized for this docketing error. Indeed, the District Court, in

7

8

recognizing the pending Motion, has agreed to suspend the appellate briefing schedule until after this Court's ruling.

## CONCLUSION

For the foregoing reasons and the reasons set forth in the Trustee's opening papers, the Trustee respectfully requests that the Court enter an order, substantially in the form attached to the Motion as <u>Exhibit A</u>, striking Issue Number Five and related documents from consideration on appeal and granting such other and further relief as the Court deems appropriate.

Dated:  New York, New York  
       July 23, 2010

Respectfully submitted,

/s/ Keith R. Murphy  
David J. Sheehan  
Email:  dsheehan@bakerlaw.com  
Deborah H. Renner  
Email:  drenner@bakerlaw.com  
Keith R. Murphy  
Email:  kmurphy@bakerlaw.com  
Michelle K. Marck  
Email:  mmarck@bakerlaw.com  
Sarah C. Harris Weiss  
Email:  sharrisweiss@bakerlaw.com  
Baker & Hostetler LLP  
45 Rockefeller Plaza  
New York, New York 10111  
Telephone:  (212) 589-4200  
Facsimile:  (212) 589-4201

*Attorneys for Irving H. Picard, Trustee*  
*for the Substantively Consolidated SIPA*  
*Liquidation of Bernard L. Madoff*  
*Investment Securities LLC and*  
*Bernard L. Madoff*

Of Counsel:

Jennifer A. Vessells  
Baker & Hostetler LLP  
Email:  jvessells@bakerlaw.com  
Capital Square, Suite 2100  
65 East State Street  
Columbus, Ohio  43215  
Telephone:  (614) 228-1541  
Facsimile:  (614) 462-2616