# EXHIBIT A

## FORM OF AGREEMENT BETWEEN
## TRUSTEE AND THE SHAPIRO FAMILY

## AGREEMENT

This AGREEMENT, dated as of December 7, 2010, is made by and among IRVING H. PICARD, in his capacity as trustee (the "Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act of 1970, as amended, 15 U.S.C. § 78aaa et seq. ("SIPA"), and the substantively consolidated estate of Bernard L. Madoff, on the one hand, and the SHAPIRO FAMILY, as defined in paragraph 1, below, on the other hand (each of the Trustee and the Shapiro Family, a "Party" or "Parties", herein).

## BACKGROUND

A.    BLMIS and its predecessor was a registered broker-dealer and a member of the Securities Investor Protection Corporation ("SIPC").

B.    On December 11, 2008 (the "Filing Date"), the Securities and Exchange Commission (the "Commission") filed a complaint in the United States District Court for the Southern District of New York (the "District Court") against among others, BLMIS and Bernard L. Madoff ("Madoff") (No. 08-CV-10791(LLS)).

C.    On December 11, 2008, Madoff was arrested by federal agents for criminal securities laws violations including securities fraud, investment adviser fraud, and mail and wire fraud. At a plea hearing on March 12, 2009, in the case captioned United States v. Madoff, Case No. 09-CR-213 (DC), Madoff pled guilty to an 11-count criminal information filed against him by the United States Attorney's Office for the Southern District of New York and admitted that he "operated a Ponzi scheme through the investment advisory side of [BLMIS]" and engaged in fraud in the operation of BLMIS. On June 29, 2009, Madoff was sentenced to a total of 150 years in prison.

D.    On December 15, 2008, pursuant to section 5(a)(4)(A) of SIPA, the Commission consented to a combination of its own action with the application of SIPC. Thereafter, SIPC filed an application in the District Court under section 5(a)(3) of SIPA alleging, inter alia, that BLMIS was not able to meet its obligations to securities customers as they came due and, accordingly, its customers needed the protections afforded by SIPA. On December 15, 2008, the District Court granted the SIPC application and entered an order under SIPA, which, in pertinent part, appointed the Trustee for the liquidation of the business of BLMIS under section 5(b)(3) of SIPA and removed the case to the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") under section 5(b)(4) of SIPA, where it is currently pending as Case No. 08-01789 (BRL) (the "SIPA Proceeding"). The Trustee is duly qualified to serve and act on behalf of the estate of BLMIS.

E.    Carl Shapiro was one of BLMIS's earliest investors. Mr. Shapiro, since about 1961, on behalf of himself and members of the Shapiro Family, maintained BLMIS accounts in the names of various trusts, limited liability companies, partnerships, corporate entities and the like (collectively, the "Shapiro BLMIS Account Holders"), many of which were, at all relevant times, directed and controlled by Carl Shapiro. The Shapiro BLMIS Account Holders are listed on Exhibit A to this Agreement. The parties intend Exhibit A to include any and all BLMIS Accounts held at any time by, or for the benefit of, the Shapiro Family and entities owned by the Shapiro Family. If any accounts were inadvertently omitted from Exhibit A, the Shapiro Family and the Trustee agree to act in good faith to revise Exhibit A to include such accounts.

F.    The Trustee's potential claims against the Shapiro Family and the Shapiro BLMIS Account Holders include, but are not necessarily limited to, claims under 11 U.S.C. §§ 544(b), 547, 548, and 550 and under the New York Uniform Fraudulent Conveyance Act (New York Debtor and Creditor Law §§ 270-281) (collectively, the "Avoiding Powers Claims").

G.    The Shapiro Family, on behalf of themselves and on behalf of the Shapiro BLMIS Account Holders, disputes the legal and factual bases of the Trustee's potential claims against them, including the Avoiding Powers Claims. The Shapiro Family also disagrees with the manner in which the Trustee has calculated his potential claims against them.

H.    Prior to July 2, 2009, certain Shapiro Family and Shapiro BLMIS Account Holders filed customer claims with the Trustee (the "Shapiro Customer Claims"). The Shapiro Customer Claims are listed on Exhibit B to this Agreement. Certain Shapiro BLMIS Account Holders that filed Shapiro Customer Claims subsequently filed briefs in the Bankruptcy Court and the United States Court of Appeals for the Second Circuit opposing the Trustee's determination of net equity under SIPA.

I.    The Trustee has conducted a comprehensive investigation of the Shapiro BLMIS accounts and the dealings between the Shapiro Family and Mr. Madoff. This investigation included, but is not limited to, review and analysis of the Shapiro BLMIS Account Holders' transactional histories, as reflected in the BLMIS account statements, correspondence and other records and documents available to the Trustee; Bankruptcy Rule 2004 examinations of Carl Shapiro, Lilyan Berkowitz, and Liane Willis; meetings with counsel for the Shapiro Family; and review of third-party records and documents.

J.    On or about June 22, 2009, the Trustee commenced an adversary proceeding against various persons and entities, including Robert Jaffe ("Jaffe"), who is Carl and Ruth Shapiro's son-in-law as well as an entity known as M/A/S Capital Corporation ("M/A/S"), which was controlled by Jaffe. The litigation, captioned *Irving Picard, Trustee v. Cohmad Securities Corp.*, Adv. Pro. No. 09-1305 (BRL) (the "Cohmad Adversary Proceeding") is currently pending.

K.    Simultaneously with this Agreement, the Shapiro Family agreed with the United States Department of Justice (the "Government") to resolve potential forfeiture liability of the Shapiro Family pursuant to 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C), 1956, and 1957. To effectuate this Agreement and that with the Government, the Shapiro Family will forfeit to the Government the amount of $625 million (the "Forfeited Funds"), $550 million of which will be credited and paid to the Trustee on behalf of the Shapiro Family in accordance with the terms herein. A proposed Stipulation and Order of Settlement between the Government and the Shapiro Family will be submitted to the District Court for approval (the "Forfeiture Stipulation," annexed hereto as Exhibit C).

L.    Based on the foregoing, the Trustee, on the one hand, and the Shapiro Family, on behalf of themselves and the Shapiro BLMIS Account Holders, on the other hand, wish to settle their disputes about the matters described above without the expense, delay and uncertainty of litigation.

2

NOW, THEREFORE, in consideration of the foregoing, of the mutual promises, undertakings, and covenants set forth herein, and for good and valuable consideration, the mutual receipt and sufficiency of which are hereby acknowledged the Trustee and the Shapiro Family agree as follows:

## AGREEMENT

1.    <u>The Shapiro Family</u>.    The Shapiro Family, for purposes of this Agreement, refers to the following individuals and entities:   Carl J. Shapiro, Ruth E. Shapiro, Rhonda Shapiro Zinner, Michael J. Zinner, Linda Shapiro Waintrup, Daniel I. Waintrup, Ellen Shapiro Jaffe, Robert M. Jaffe, Jennifer Segal Herman, Jonathan M. Segal, Kimberly L. Strauss, Samantha L. Strauss, Michael S. Jaffe, Steven C. Jaffe, Andrew N. Jaffe, Ashley Herman, Zachary Herman, Alexandra Herman, Rebekah Jaffe, Oliver Jaffe, Carl J Shapiro 2007 Trust dated 11/14/07, Ruth Shapiro 2007 Trust dated 11/14/2007, Carl J. Shapiro 2003 Trust U/D/T 4/9/03 As Amended, Ruth Shapiro 2003 Trust U/D/T/ 4/9/03 As Amended, Rhonda Shapiro Zinner 1993 Trust U/D/T/ DTD 7/7/93 As Amended, RSZ 2006 Irrevocable Trust, Ellen S. Jaffe 2003 Trust U/D/T DTD 5/8/03 As Amended, Jaffe Family 2004 Irrevocable Trust, Linda Shapiro Family Trust DTD 12/08/76, Linda Shapiro Waintrup 1992 Trust U/D/T DTD 3/11/92 As Amended, LSW 2006 Irrevocable Trust, Jennifer M. Segal Herman Trust U/D/T DTD 5/1/67 As Amended, Jennifer S. Herman 2007 Trust, Jennifer Segal Herman 1985 Trust Dated 4/16/85, Jonathan M. Segal 1989 Trust U/D/T DTD 3/8/89 As Amended, Jonathan M. Segal 2007 Trust, Jonathan M. Segal Trust U/D/T/ DTD 12/1/70, JSH 2006 Irrevocable Trust, Michael S. Jaffe 1989 Trust U/D/T DTD 8/24/89 As Amended, Michael S. Jaffe 2007 Trust, Michael S. Jaffe Trust U/D/T/ 9/25/71 As Amended, Steven C. Jaffe Trust U/D/T 9/25/71 As Amended, Steven C. Jaffe 1989 Trust U/D/T DTD 8/24/89 As Amended, Steven C. Jaffe 2007 Trust, Andrew Jaffe Trust U/D/T DTD 5/12/75 As Amended, Andrew N. Jaffe 1993 Irrevocable Trust U/D/T DTD 6/11/93 As Amended, Andrew N. Jaffe 2007 Trust, Samantha Strauss 1985 Trust, Samantha L. Strauss 2003 Irrevocable Trust, Kimberly Lauren Strauss 1988 Trust As Amended, Kimberly L. Strauss 2006 Irrevocable Trust, Shapiro Family Limited Partnership, Carl and Ruth Shapiro Family Foundation, RSZ-JSH Partnership, Shapiro Family CLAT Joint Venture, Shapiro GGC-1 LLC, Jaffe GC-1 LLC, M/A/S Capital Corp., J Development Group and Wellesley Capital Management, Inc.

2.    <u>Bankruptcy Court Jurisdiction</u>.    The Shapiro Family, on behalf of themselves and the Shapiro BLMIS Account Holders, submit to the jurisdiction of the Bankruptcy Court for purposes of the SIPA Proceedings and the settlement of the Trustee's claims against them, including the Trustee's Avoiding Powers Claims; provided, however, that prior to Bankruptcy Court approval of this Agreement, the Shapiro Family, on behalf of themselves and the Shapiro BLMIS Account Holders, by virtue of their having executed this Agreement, shall not be deemed to have (a) consented to the jurisdiction of the Bankruptcy Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving the Shapiro Family, or (b) waived their right to trial by jury.

3.    <u>Payment To Trustee</u>.    Within 3 business days from the date of entry of the Approval Order (as defined in paragraph 14 hereof) the Shapiro Family shall pay to the Trustee by wire transfer the sum of Five Hundred Fifty Million Dollars ($550,000,000) in full and final settlement of all Avoiding Powers Claims and all other claims that could have been asserted by the Trustee against the Shapiro Family or the Shapiro BLMIS Account Holders (the "<u>Settlement Payment</u>").   Of that amount, $38 million shall be paid by or on behalf of Jaffe and M/A/S, representing the total amount the Trustee seeks from Jaffe and satisfying in full the Trustee's claims against Jaffe and M/A/S in the Cohmad Adversary Proceeding, including the Trustee's

claims for (i) all monies allegedly withdrawn by Jaffe and M/A/S from BLMIS; (ii) all monies allegedly paid by BLMIS to Jaffe and/or M/A/S for the referral of customers by Jaffe to BLMIS, whether directly or through Cohmad; and (iii) Jaffe's proportional share of commissions allegedly paid by BLMIS and received by Cohmad which were not paid to Cohmad's registered representatives. Although the Trustee's claims against Jaffe and M/A/S are being satisfied in full in connection with the Cohmad Adversary Proceeding, neither Jaffe nor M/A/S admit any of the facts alleged against them in the Cohmad Adversary Proceeding.

4.    Withdrawal of Claims.   Each of the Shapiro Customer Claims shall be deemed withdrawn with prejudice upon the payment of the Settlement Payment. Within 10 days from the date of the entry of the Approval Order, the Shapiro Family shall withdraw with prejudice all pleadings filed with the Bankruptcy Court objecting to the Trustee's determination of any of the Shapiro Customer Claims.

5.    Release by Trustee.   In consideration for the covenants and agreements in this Agreement and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, except with respect to any rights arising under this Agreement, the Trustee hereby releases, acquits and forever discharges the Shapiro Released Parties and the Shapiro-Affiliated Entities (each as defined below) of and from any and all past, present and future claims or causes of action (including any suit, petition, demand, or other claim in law, equity or arbitration) and from any and all allegations of liability or damages (including any allegation of duties, debts, reckonings, contracts, controversies, agreements, promises, damages, responsibilities, covenants, or accounts), of whatever kind, nature or description, direct or indirect, in law, equity or arbitration, absolute or contingent, in tort, contract, statutory liability or otherwise, based on strict liability, negligence, gross negligence, fraud, breach of fiduciary duty or otherwise (including attorneys' fees, costs or disbursements), known or unknown, that are, have been, could have been or might in the future be asserted by the Trustee against any of the Shapiro Released Parties and the Shapiro-Affiliated Entities, as the case may be, and that are based on, arise out of or relate in any way to (x) with respect to the Shapiro Released Parties, BLMIS or the Shapiro BLMIS Accounts and (y) with respect to the Shapiro-Affiliated Entities, the Shapiro BLMIS Accounts. The "Shapiro Released Parties" means (a) the Shapiro Family and (b) the Shapiro BLMIS Account Holders. The "Shapiro-Affiliated Entities" means  current or former employees of Wellesley Capital Management, Inc., trustees for any Shapiro BLMIS Account Holder, and attorneys for any Shapiro BLMIS Account Holder, in each case solely in such capacity as employee, trustee and/or attorney and solely with respect to the Shapiro BLMIS Accounts, and not with respect to any distribution from any other account or any other relationship such person or entity had or has with BLMIS. As used herein, Shapiro Affiliated Entities shall not include any person or entity that also falls within the definition of Shapiro Released Party. The release contained herein shall become effective upon the payment of the Settlement Payment as set forth in paragraph 3 hereof without any further action by any of the Parties; provided, however, that if any Shapiro-Affiliated Entity challenges the release provided to the Trustee pursuant to paragraph 6 hereof or otherwise asserts claims against the Trustee that were released by paragraph 6 hereof, the release given by the Trustee to such person or entity pursuant to this paragraph 5 shall be deemed void for all purposes without any further action by the Trustee or any other Party.

6.    Release by the Shapiro Released Parties and Shapiro-Affiliated Entities.   In consideration for the covenants and agreements in this Agreement and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, except with respect to any rights arising under this Agreement, the Shapiro Family, on behalf of themselves and on behalf of the Shapiro BLMIS Account Holders and the Shapiro-Affiliated

Entities, hereby release, acquit and forever discharge the Trustee and all his agents, BLMIS and its estate, from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, damages, judgments, and claims whatsoever, asserted or unasserted, known or unknown, now existing or arising in the future, arising out of or in any way related to BLMIS or the Shapiro BLMIS Accounts. The release contained herein shall become effective upon the payment of the Settlement Payment as set forth in paragraph 3 hereof without any further action by any of the Parties.

7.    <u>Withdrawal by Shapiro Family of Net Equity Briefing</u>.  Within 10 days from the date of the entry of the Approval Order, the Shapiro Family shall withdraw with prejudice the briefing it has filed with the United States Court of Appeals for the Second Circuit in the matter captioned <u>In re Bernard L. Madoff Investment Securities LLC</u>, No. 10-2378, opposing the Trustee's determination of net equity and shall cease its direct or indirect prosecution of any opposition to the Trustee's position on net equity in the SIPA Proceeding.

8.    <u>Dismissal of the Cohmad Adversary Proceeding as to Jaffe and M/A/S</u>.  Within 10 days from the date of the entry of the Approval Order, counsel for the Trustee and counsel for Jaffe and M/A/S shall execute and file a written stipulation withdrawing all of the Trustee's claims against Jaffe and M/A/S in the Cohmad Adversary Proceeding, dismissing with prejudice all claims that have been or could have been raised against Jaffe and/or M/A/S in connection with the Cohmad Adversary Proceeding, and withdrawing challenges by Jaffe and M/A/S to the sufficiency of the Trustee's amended complaint in the Cohmad Adversary Proceeding.  Further, Jaffe and M/A/S shall cease their direct or indirect assistance of any challenge to the Trustee's amended complaint in the Cohmad Adversary Proceeding.

9.    <u>Cooperation</u>.  Upon reasonable request of the Trustee, Carl and Ruth Shapiro, their children, their grandchildren, Daniel Waintrup, and Michael Zinner agree to reasonably cooperate with the Trustee in connection with any efforts to recover funds invested with BLMIS by non-Shapiro BLMIS Account Holders.  The Trustee acknowledges that pursuant to the Forfeiture Stipulation, certain payments to be made by the Shapiro Family to the Government are contingent on the Shapiro Family's receipt of certain tax refunds.  The Trustee agrees to use reasonable best efforts to cooperate with the Shapiro Family in connection with any efforts to recover tax refunds arising from or relating to the Forfeiture Stipulation and/or the Agreement.

10.    <u>Representations and Warranties</u>.  Each member of the Shapiro Family represents and warrants to the Trustee that (a) the financial statements provided to the Trustee by such member in anticipation of entry into this Agreement are true and accurate as of the date thereof and, except as set forth on such financial statements, such member has no other material assets as of the date thereof, (b) the statements regarding The Carl and Ruth Family Foundation (the "<u>Foundation</u>") provided to the Trustee by the Shapiro Family in anticipation of entry into this Agreement are true and accurate as of the date thereof and, except as set forth on the statements, the Foundation has no other assets as of the date thereof and (c) the remaining assets of the Foundation shall be used only for payments of amounts due under the Forfeiture Stipulation or for charitable purposes, including gift commitments, operating expenses and the repayment of any loans made to facilitate charitable giving by the Foundation in 2010 during the period when the Shapiro Family has been in discussion with the Trustee concerning the resolution of the Trustee's claims.  The financial statements referenced in the immediately preceding sentence are collectively defined as the "<u>Financial Statements</u>".  The Shapiro Family acknowledges that the Trustee has relied upon their representations and financial disclosures in entering into this Agreement.  The Trustee agrees to accept the representations and disclosures

and to refrain from conducting additional discovery into the Shapiro Family's assets, except upon good cause therefor.

11.    Material or Intentional Breach.  In the event that the Bankruptcy Court (or other court of competent jurisdiction) determines that (a) there has been a material or intentional breach of any of the representations made herein or (b) any of the Financial Statements contain a material misrepresentation or any intentional misrepresentation, the Shapiro Family shall be liable to the Trustee for the full amount of such breach or misrepresentation, as the case may be.  In addition, the Shapiro Family shall be liable to the Trustee for an additional 50% of such amount, representing a reasonable estimate of the additional costs incurred by the Trustee as a result of such breach or misrepresentation, as the case may be, including but not limited to the cost of investigation, the cost of litigation, the time value of money, and appropriate compensation for discovering such breach or misrepresentation.  It is agreed for the purposes of this paragraph only that the issue of materiality shall be determined by reference to the breaching party's Financial Statements.

12.    Material and Intentional Breach.  In the event that the Bankruptcy Court (or other court of competent jurisdiction) determines that (a) a breach of any of the representations and warranties is both intentional and material or (b) any of the Financial Statements contain a misrepresentation that is both material and intentional, then within one year of such determination, the Trustee may, in his sole discretion, assert against the Shapiro Family or any of them the Avoidance Actions or any other causes of action he may have against them as if this Agreement had never been entered into.  It is agreed for the purposes of this paragraph only that the issue of materiality shall be determined by reference to the Financial Statements made by the entire Shapiro Family.  The Shapiro Family agrees that in the event the Trustee brings any such action (a) any potential statute of limitations shall be tolled from the date of this Agreement to the date of commencement of such action; (b) the Shapiro Family shall not assert, and hereby irrevocably waives, any defense based on statute of limitations or laches, or any other defense based on the assertion that the Trustee's claim is untimely, based on the passage of time from the date of this Agreement to the date of commencement of such action; and (c) the Shapiro Family shall not assert as a defense to such action the release of the Shapiro Family in paragraph 5 of the Agreement.  The parties agree that any judgment against the Shapiro Family obtained by the Trustee shall be offset by the amount of payments made to the Trustee by the Shapiro Family pursuant to this Agreement (including payment pursuant to paragraph 3, 11 and this paragraph 12.)

13.    Time Period for Claims.  The entry of a final decree discharging the Trustee and closing the SIPA Proceeding shall be an absolute bar to the assertion of any claim or the commencement of any action against any member of the Shapiro Family for claims that may be asserted pursuant to paragraphs 10, 11 or 12 of this Agreement.

14.    Bankruptcy Court Approval; Effective Date; Termination.  This Agreement is subject to, and shall become effective and binding on the Parties upon and only upon, the Bankruptcy Court's entry of an order approving this Agreement (the "Approval Order").  The form of the approval order shall be subject to the Shapiro Family's reasonable approval.  The Trustee shall use his reasonable best efforts to obtain such approval as promptly as practicable after the date of this Agreement.  The Trustee shall provide the Shapiro Family with a draft of any motion to the Bankruptcy Court for approval of this Agreement, which shall be subject to the Shapiro Family's reasonable approval.  If this Agreement does not become effective or the Approval Order, or any part thereof, is overturned on appeal, (a) this Agreement (other than this paragraph and paragraphs 22, 23 and 24) shall terminate and be null and void for all purposes,

(b) all of the statements, admissions, consents and agreements contained in the Agreement (other than this paragraph and paragraphs 22, 23 and 24) shall be null and void, (c) neither the Trustee nor the Shapiro BLMIS Account Holders may use or rely on any such statement, admission, consent or agreement in any public statement or litigation involving the SIPA Proceedings, any case or proceeding relating to the SIPA Proceeding, or any case or proceeding relating to BLMIS or Madoff, and (d) any portion of the Settlement Payment already paid to the Trustee shall be returned to the Shapiro Family, except to the extent the estate lacks sufficient funds to pay such amount. If the Bankruptcy Court has not entered the Approval Order by December 27, 2010, then, at the option of either the Trustee or the Shapiro Family and upon written notice to the other party to this Agreement, (a) this Agreement (other than this paragraph and paragraphs 22, 23 and 24) shall terminate and be null and void for all purposes, (b) all of the statements, admissions, consents and agreements contained in the Agreement (other than this paragraph and paragraphs 22, 23 and 24) shall be null and void, (c) neither the Trustee nor the Shapiro BLMIS Account Holders may use or rely on any such statement, admission, consent or agreement in any public statement or litigation involving the SIPA Proceedings, any case or proceeding relating to the SIPA Proceeding, or any case or proceeding relating to BLMIS or Madoff, and (d) any portion of the Settlement Payment already paid to the Trustee shall be returned to the Shapiro Family, except to the extent the estate lacks sufficient funds to pay such amount.

15. Authority. The Shapiro Family, represents and warrants to the Trustee as of the date hereof that each of them has the full power, authority and legal right to execute and deliver, and to perform its respective obligations under, this Agreement and has taken all necessary action to authorize the execution and delivery of, and the performance of its respective obligations under, this Agreement. The Parties understand that some of the Shapiro Family members are under the age of majority that would permit them to lawfully enter into this Agreement on their own behalf and that, in such cases, their parent and/or legal guardian is entering into the Agreement on their behalf. In such instances where a member of the Shapiro Family is signing on behalf of a minor individual, the Shapiro Family represents that such person has the authority to act to bind the minor individual to this Agreement and, further, the Shapiro Family agrees to indemnify and hold harmless the Trustee from any claims that may be asserted by the minor individual which claims relate in any way to this Agreement or the subject matter hereof.

16. Further Assurances. The Parties shall execute and deliver any document or instrument reasonably requested by any of them after the date of this Agreement to effectuate the intent of this Agreement.

17. Entire Agreement. This Agreement constitutes the entire agreement and understanding between and among the Parties and supersedes all prior agreements, representations and understandings concerning the subject matter hereof.

18. Amendments, Waiver. This Agreement may not be terminated, amended or modified in any way except in a writing signed by all the Parties. No waiver of any provision of this Agreement shall be deemed to constitute a waiver of any other provision hereof, whether or not similar, nor shall such waiver constitute a continuing waiver.

19. Assignability. No Party hereto may assign its rights under this Agreement without the prior written consent of each of the other Parties hereto.

20.    Successors Bound.  This Agreement shall be binding upon and inure to the benefit of each of the Parties and their successors and permitted assigns.  For the purpose of this paragraph, it is expressly agreed that "successors" includes the estate or legal guardian or representative of any Shapiro Family member that dies or, due to age, illness, infirmity or the like, becomes incapable of contracting prior to the effective date of the Approval Order.

21.    No Third Party Beneficiary.  Except as expressly provided in paragraphs 5 and 6, the Parties do not intend to confer any benefit by or under this Agreement upon any person or entity other than the Parties hereto and their respective successors and permitted assigns.

22.    No Admission of Liability or Wrongdoing.  By entering into this Agreement, the Shapiro Family does not admit and expressly denies that any family member or any of the Shapiro BLMIS Account Holders have any liability to the Trustee, owe any sums to the Trustee or have any liability or owe any sums to any other persons or entities arising from or related to BLMIS or the Madoff Ponzi scheme.  Furthermore, the Shapiro Family does not admit and expressly denies that any family member or any of the Shapiro BLMIS Account Holders engaged in any wrongdoing arising from or related to BLMIS or the Madoff Ponzi scheme.

23.    Applicable Law.  This Agreement shall be construed and enforced in accordance with the laws of the State of New York.

24.    Exclusive Jurisdiction.  The Parties agree that any action for breach or enforcement of this Agreement may be brought only in the Bankruptcy Court.  No Party shall bring, institute, prosecute or maintain any action pertaining to the enforcement of any provision of this Agreement in any court other than the Bankruptcy Court.

25.    Captions and Rules of Construction.  The captions in this Agreement are inserted only as a matter of convenience and for reference and do not define, limit or describe the scope of this Agreement or the scope or content of any of its provisions.  Any reference in this Agreement to a paragraph is to a paragraph of this Agreement.  "Includes" and "including" are not limiting.

26.    Counterparts; Electronic Copy of Signatures.  This Agreement and exhibits may be executed and delivered in any number of counterparts, each of which so executed and delivered shall be deemed to be an original and all of which shall constitute one and the same document.  The Parties may evidence their execution of this Agreement by delivery to the other Parties of scanned or faxed copies of their signatures, with the same effect as the delivery of an original signature.

27.    Termination of BLMIS Account Agreements with BLMIS.  All agreements between holders of the Shapiro BLMIS Account Holders and BLMIS are terminated as of the date of the Settlement Payment.

28.    Notices.  Any notices under this Agreement shall be in writing, shall be effective when received and may be delivered only by hand, by overnight delivery service, by fax or by electronic transmission to:

If to the Trustee:
Irving H. Picard
E: ipicard@bakerlaw.com

If to the Shapiros, c/o:
David R. Andelman
E: DAndelman@louriecutler.com

8

Baker & Hostetler LLP
45 Rockefeller Center, Suite 1100
New York, NY 10111
F: (212) 589-4201

Lourie & Cutler, P.C.
60 State Street
Boston MA  02109
F: (617) 848-5812

with copies to:

David J. Sheehan
E: dsheehan@bakerlaw.com
Marc Hirschfield
E: mhirschfield@bakerlaw.com
Baker & Hostetler LLP
45 Rockefeller Center, Suite 1100
New York, NY 10111
F: (212) 589-4201

Stephen Fishbein
E: sfishbein@shearman.com
Richard Schwed
E: rschwed@shearman.com
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022
F:  (212) 848-7179

[*Signature page follows*]

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed as of the date first above written.

_____
IRVING H. PICARD, Trustee


_____
CARL J. SHAPIRO


_____
RUTH E. SHAPIRO


_____
RHONDA SHAPIRO ZINNER


_____
MICHAEL J. ZINNER


_____
JONATHAN M. SEGAL


_____
JENNIFER SEGAL HERMAN, on behalf of herself and her minor children


_____
LINDA SHAPIRO WAINTRUP


_____
DANIEL I. WAINTRUP


_____
KIMBERLY L. STRAUSS


_____
SAMANTHA L. STRAUSS


10

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed as of the date first above written.

IRVING H. PICARD, Trustee

_____

CARL J. SHAPIRO

_____

RUTH E. SHAPIRO

_____

RHONDA SHAPIRO ZINNER

_____

MICHAEL J. ZINNER

_____

JONATHAN M. SEGAL

_____

JENNIFER SEGAL HERMAN, on behalf of herself and her minor children

_____

LINDA SHAPIRO WAINTRUP

_____

DANIEL I. WAINTRUP

_____

KIMBERLY L. STRAUSS

_____

SAMANTHA L. STRAUSS

10

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed as of the date first above written.

_____
**IRVING H. PICARD, Trustee**

_____
**CARL J. SHAPIRO**

_____
**RUTH E. SHAPIRO**

_____
**RHONDA SHAPIRO ZINNER**

_____
**MICHAEL J. ZINNER**

_____
**JONATHAN M. SEGAL**

_____
**JENNIFER SEGAL HERMAN,** on behalf of herself and her minor children

_____
**LINDA SHAPIRO WAINTRUP**

_____
**DANIEL I. WAINTRUP**

_____
**KIMBERLY L. STRAUSS**

_____
**SAMANTHA L. STRAUSS**

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed as of the date first above written.

_____
IRVING H. PICARD, Trustee

_____
CARL J. SHAPIRO

_____
RUTH E. SHAPIRO

_____
RHONDA SHAPIRO ZINNER

_____
MICHAEL J. ZINNER

_____
JONATHAN M. SEGAL

_____
JENNIFER SEGAL HERMAN, on behalf of herself and/her minor children

_____
LINDA SHAPIRO WAINTRUP

_____
DANIEL I. WAINTRUP

_____
KIMBERLY L. STRAUSS

_____
SAMANTHA L. STRAUSS

10

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed as of the date first above written.

_____

IRVING H. PICARD, Trustee


_____

CARL J. SHAPIRO


_____

RUTH E. SHAPIRO


_____

RHONDA SHAPIRO ZINNER


_____

MICHAEL J. ZINNER


_____

JONATHAN M. SEGAL


_____

JENNIFER SEGAL HERMAN, on behalf of herself and her minor children

_____

LINDA SHAPIRO WAINTRUP

_____

DANIEL I. WAINTRUP


_____

KIMBERLY L. STRAUSS


_____

SAMANTHA L. STRAUSS


10

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed as of the date first above written.

_____
IRVING H. PICARD, Trustee

_____
CARL J. SHAPIRO

_____
RUTH E. SHAPIRO

_____
RHONDA SHAPIRO ZINNER

_____
MICHAEL J. ZINNER

_____
JONATHAN M. SEGAL

_____
JENNIFER SEGAL HERMAN, on behalf of herself and her minor children

_____
LINDA SHAPIRO WAINTRUP

_____
DANIEL I. WAINTRUP

_____
KIMBERLY L. STRAUSS

_____
SAMANTHA L. STRAUSS

10

_____
ELLEN SHAPIRO JAFFE

_____
ROBERT M. JAFFE

_____
MICHAEL S. JAFFE

_____
STEVEN C. JAFFE

_____
ANDREW N. JAFFE, on behalf of himself and his
minor children

CARL J. SHAPIRO 2003 TRUST U/D/T 4/9/03 AS
AMENDED

BY: _____
     Carl J. Shapiro, Trustee

RUTH SHAPIRO 2003 TRUST U/D/T/ 4/9/03 AS
AMENDED

BY: _____
     Ruth E. Shapiro, Trustee

CARL J. SHAPIRO 2007 TRUST DATED 11/14/07

BY: _____
     Carl J. Shapiro, Trustee

RUTH SHAPIRO 2007 TRUST DATED 11/14/07

BY: _____
     Ruth E. Shapiro, Trustee

11

_____

ELLEN SHAPIRO JAFFE

_____

ROBERT M. JAFFE

_____

MICHAEL S. JAFFE

_____

STEVEN C. JAFFE

_____

ANDREW N. JAFFE, on behalf of himself and his
minor children


CARL J. SHAPIRO 2003 TRUST U/D/T 4/9/03 AS
AMENDED

BY:_____
        Carl J. Shapiro, Trustee


RUTH SHAPIRO 2003 TRUST U/D/T/ 4/9/03 AS
AMENDED

BY:_____
        Ruth E. Shapiro, Trustee


CARL J. SHAPIRO 2007 TRUST DATED 11/14/07

BY:_____
        Carl J. Shapiro, Trustee


RUTH SHAPIRO 2007 TRUST DATED 11/14/07

BY:_____
        Ruth E. Shapiro, Trustee


11

**RHONDA SHAPIRO ZINNER 1993 TRUST U/D/T/
DTD 7/7/93 AS AMENDED**

BY: _Rhonda S. Zinner_
Rhonda S. Zinner, Trustee


**RSZ 2006 IRREVOCABLE TRUST**

BY: _Carl S Shapiro_
Carl J. Shapiro, Trustee

BY: _Ruth E. Shapiro_
Ruth E. Shapiro, Trustee


**ELLEN S. JAFFE 2003 TRUST U/D/T DTD 5/8/03
AS AMENDED**

BY: _Ellen S Jaffe Trustee_
Ellen S. Jaffe, Trustee


**JAFFE FAMILY 2004 IRREVOCABLE TRUST**

BY: _____
Michael S. Jaffe, Trustee

BY: _____
Steven C. Jaffe, Trustee

BY: _____
Andrew N. Jaffe, Trustee

BY: _____
David R. Andelman, Trustee


**LINDA SHAPIRO FAMILY TRUST DTD 12/08/76**

BY: _____
Linda S. Waintrup, Trustee


12

RHONDA SHAPIRO ZINNER 1993 TRUST U/D/T/
DTD 7/7/93 AS AMENDED

BY:_____
       Rhonda S. Zinner, Trustee


RSZ 2006 IRREVOCABLE TRUST

BY:_____
       Carl J. Shapiro, Trustee

BY:_____
       Ruth E. Shapiro, Trustee


ELLEN S. JAFFE 2003 TRUST U/D/T DTD 5/8/03
AS AMENDED

BY:_____
       Ellen S. Jaffe, Trustee


JAFFE FAMILY 2004 IRREVOCABLE TRUST

BY:_____
       Michael S. Jaffe, Trustee

BY:_____
       Steven C. Jaffe, Trustee

BY:_____
       Andrew N. Jaffe, Trustee

BY:_____
       David R. Andelman, Trustee


LINDA SHAPIRO FAMILY TRUST DTD 12/08/76

BY:_____
       Linda S. Waintrup, Trustee


12

**RHONDA SHAPIRO ZINNER 1993 TRUST U/D/T/
DTD 7/7/93 AS AMENDED**

BY:_____
      Rhonda S. Zinner, Trustee


**RSZ 2006 IRREVOCABLE TRUST**

BY:_____
      Carl J. Shapiro, Trustee

BY:_____
      Ruth E. Shapiro, Trustee


**ELLEN S. JAFFE 2003 TRUST U/D/T DTD 5/8/03
AS AMENDED**

BY:_____
      Ellen S. Jaffe, Trustee


**JAFFE FAMILY 2004 IRREVOCABLE TRUST**

BY:_____
      Michael S. Jaffe, Trustee

BY:_____
      Steven C. Jaffe, Trustee

BY:_____
      Andrew N. Jaffe, Trustee

BY:_____
      David R. Andelman, Trustee


**LINDA SHAPIRO FAMILY TRUST DTD 12/08/76**

BY:_____
      Linda S. Waintrup, Trustee


12

**RHONDA SHAPIRO ZINNER 1993 TRUST U/D/T/ DTD 7/7/93 AS AMENDED**

BY:_____
Rhonda S. Zinner, Trustee


**RSZ 2006 IRREVOCABLE TRUST**

BY:_____
Carl J. Shapiro, Trustee

BY:_____
Ruth E. Shapiro, Trustee


**ELLEN S. JAFFE 2003 TRUST U/D/T DTD 5/8/03 AS AMENDED**

BY:_____
Ellen S. Jaffe, Trustee


**JAFFE FAMILY 2004 IRREVOCABLE TRUST**

BY:_____
Michael S. Jaffe, Trustee

BY:_____
Steven C. Jaffe, Trustee

BY:_____
Andrew N. Jaffe, Trustee

BY:_____
David R. Andelman, Trustee


**LINDA SHAPIRO FAMILY TRUST DTD 12/08/76**

BY: *Linda S. Waintrup*
Linda S. Waintrup, Trustee


12

**LINDA SHAPIRO WAINTRUP 1992 TRUST U/D/T
DTD 3/11/92 AS AMENDED**

BY: _Linda S Waintrup_
     Linda S. Waintrup, Trustee


**LSW 2006 IRREVOCABLE TRUST**

BY:_____
     Carl J. Shapiro, Trustee

BY:_____
     Ruth E. Shapiro, Trustee


**JENNIFER M. SEGAL HERMAN TRUST U/D/T
DTD 5/1/67 AS AMENDED**

BY:_____
     Ruth E. Shapiro, Trustee


**JENNIFER S. HERMAN 2007 TRUST**

BY:_____
     Jennifer S. Herman, Trustee


**JENNIFER SEGAL HERMAN 1985 TRUST
DATED 4/16/85**

BY:_____
     Rhonda S. Zinner, Trustee


**JONATHAN M. SEGAL 1989 TRUST U/D/T DTD
3/8/89 AS AMENDED**

BY:_____
     Rhonda S. Zinner, Trustee

BY:_____
     Jonathan M. Segal, Trustee


13

**LINDA SHAPIRO WAINTRUP 1992 TRUST U/D/T
DTD 3/11/92 AS AMENDED**

BY: _____
        Linda S. Waintrup, Trustee


**LSW 2006 IRREVOCABLE TRUST**

BY: _____
        Carl J. Shapiro, Trustee

BY: _____
        Ruth E. Shapiro, Trustee


**JENNIFER M. SEGAL HERMAN TRUST U/D/T
DTD 5/1/67 AS AMENDED**

BY: _____
        Ruth E. Shapiro, Trustee


**JENNIFER S. HERMAN 2007 TRUST**

BY: _____
        Jennifer S. Herman, Trustee


**JENNIFER SEGAL HERMAN 1985 TRUST
DATED 4/16/85**

BY: _____
        Rhonda S. Zinner, Trustee


**JONATHAN M. SEGAL 1989 TRUST U/D/T DTD
3/8/89 AS AMENDED**

BY: _____
        Rhonda S. Zinner, Trustee

BY: _____
        Jonathan M. Segal, Trustee


13

**LINDA SHAPIRO WAINTRUP 1992 TRUST U/D/T DTD 3/11/92 AS AMENDED**

BY:_____
      Linda S. Waintrup, Trustee

**LSW 2006 IRREVOCABLE TRUST**

BY:_____
      Carl J. Shapiro, Trustee

BY:_____
      Ruth E. Shapiro, Trustee

**JENNIFER M. SEGAL HERMAN TRUST U/D/T DTD 5/1/67 AS AMENDED**

BY:_____
      Ruth E. Shapiro, Trustee

**JENNIFER S. HERMAN 2007 TRUST**

BY:_____
      Jennifer S. Herman, Trustee

**JENNIFER SEGAL HERMAN 1985 TRUST DATED 4/16/85**

BY:_____
      Rhonda S. Zinner, Trustee

**JONATHAN M. SEGAL 1989 TRUST U/D/T DTD 3/8/89 AS AMENDED**

BY:_____
      Rhonda S. Zinner, Trustee

BY:_____
      Jonathan M. Segal, Trustee

13

**LINDA SHAPIRO WAINTRUP 1992 TRUST U/D/T DTD 3/11/92 AS AMENDED**

BY:_____
    Linda S. Waintrup, Trustee


**LSW 2006 IRREVOCABLE TRUST**

BY:_____
    Carl J. Shapiro, Trustee

BY:_____
    Ruth E. Shapiro, Trustee


**JENNIFER M. SEGAL HERMAN TRUST U/D/T DTD 5/1/67 AS AMENDED**

BY:_____
    Ruth E. Shapiro, Trustee


**JENNIFER S. HERMAN 2007 TRUST**

BY:_____
    Jennifer S. Herman, Trustee


**JENNIFER SEGAL HERMAN 1985 TRUST DATED 4/16/85**

BY:_____
    Rhonda S. Zinner, Trustee


**JONATHAN M. SEGAL 1989 TRUST U/D/T DTD 3/8/89 AS AMENDED**

BY:_____
    Rhonda S. Zinner, Trustee

BY:_____
    Jonathan M. Segal, Trustee

13

**JONATHAN M. SEGAL 2007 TRUST**

BY: _____
Jonathan M. Segal, Trustee

**JONATHAN M. SEGAL TRUST U/D/T DTD
12/1/70**

BY: _____
Ruth E. Shapiro, Trustee

**JSH 2006 IRREVOCABLE TRUST**

BY: _____
Carl J. Shapiro, Trustee

BY: _____
Ruth E. Shapiro, Trustee

**MICHAEL S. JAFFE 1989 TRUST U/D/T DTD
8/24/89 AS AMENDED**

BY: _____
Ellen S. Shapiro, Trustee

BY: _____
Michael S. Jaffe, Trustee

**MICHAEL S. JAFFE 2007 TRUST**

BY: _____
Michael S. Jaffe, Trustee

**MICHAEL S. JAFFE TRUST U/D/T 9/25/71 AS
AMENDED**

BY: _____
Ruth E. Shapiro, Trustee

14

JONATHAN M. SEGAL 2007 TRUST

BY:_____
        Jonathan M. Segal, Trustee


JONATHAN M. SEGAL TRUST U/D/T DTD
12/1/70

BY:_____
        Ruth E. Shapiro, Trustee


JSH 2006 IRREVOCABLE TRUST

BY:_____
        Carl J. Shapiro, Trustee

BY:_____
        Ruth E. Shapiro, Trustee


MICHAEL S. JAFFE 1989 TRUST U/D/T DTD
8/24/89 AS AMENDED

BY:_____
        Ellen S. Jaffe, Trustee

BY:_____
        Michael S. Jaffe, Trustee


MICHAEL S. JAFFE 2007 TRUST

BY:_____
        Michael S. Jaffe, Trustee


MICHAEL S. JAFFE TRUST U/D/T 9/25/71 AS
AMENDED

BY:_____
        Ruth E. Shapiro, Trustee


14

**JONATHAN M. SEGAL 2007 TRUST**

BY:_____
       Jonathan M. Segal, Trustee


**JONATHAN M. SEGAL TRUST U/D/T DTD
12/1/70**

BY:_____
       Ruth E. Shapiro, Trustee


**JSH 2006 IRREVOCABLE TRUST**

BY:_____
       Carl J. Shapiro, Trustee

BY:_____
       Ruth E. Shapiro, Trustee


**MICHAEL S. JAFFE 1989 TRUST U/D/T DTD
8/24/89 AS AMENDED**

BY:_____
       Ellen S. Jaffe, Trustee

BY:_____
       Michael S. Jaffe, Trustee


**MICHAEL S. JAFFE 2007 TRUST**

BY:_____
       Michael S. Jaffe, Trustee


**MICHAEL S. JAFFE TRUST U/D/T 9/25/71 AS
AMENDED**

BY:_____
       Ruth E. Shapiro, Trustee


14

STEVEN C. JAFFE TRUST U/D/T DTD 9/25/71 AS
AMENDED

BY: _Ruth E. Shapiro_
        Ruth E. Shapiro, Trustee


STEVEN C. JAFFE 1989 TRUST U/D/T DTD
8/24/89 AS AMENDED

BY: _Ellen S. Jaffe Trustee_
        Ellen S. Jaffe, Trustee

BY: _____
        Steven C. Jaffe, Trustee


STEVEN C. JAFFE 2007 TRUST

BY: _____
        Steven C. Jaffe, Trustee


ANDREW JAFFE TRUST U/D/T DTD 5/12/75 AS
AMENDED

BY: _Ruth E. Shapiro_
        Ruth E. Shapiro, Trustee


ANDREW N. JAFFE 1993 IRREVOCABLE TRUST
U/D/T DTD 6/11/93 AS AMENDED

BY: _Ellen S. Jaffe - Trustee_
        Ellen S. Jaffe, Trustee

BY: _____
        Andrew N. Jaffe, Trustee


ANDREW N. JAFFE 2007 TRUST

BY: _____
        Andrew N. Jaffe, Trustee


15

STEVEN C. JAFFE TRUST U/D/T DTD 9/25/71 AS
AMENDED

BY:_____
      Ruth E. Shapiro, Trustee


STEVEN C. JAFFE 1989 TRUST U/D/T DTD
8/24/89 AS AMENDED

BY:_____
      Ellen S. Jaffe, Trustee

BY:_____
      Steven C. Jaffe, Trustee


STEVEN C. JAFFE 2007 TRUST

BY:_____
      Steven C. Jaffe, Trustee


ANDREW JAFFE TRUST U/D/T DTD 5/12/75 AS
AMENDED

BY:_____
      Ruth E. Shapiro, Trustee


ANDREW N. JAFFE 1993 IRREVOCABLE TRUST
U/D/T DTD 6/11/93 AS AMENDED

BY:_____
      Ellen S. Jaffe, Trustee

BY:_____
      Andrew N. Jaffe, Trustee


ANDREW N. JAFFE 2007 TRUST

BY:_____
      Andrew N. Jaffe, Trustee


15

**SAMANTHA STRAUSS 1985 TRUST**

BY: _Linda S Waintrup_
Linda S. Waintrup, Trustee

**SAMANTHA L. STRAUSS 2003 IRREVOCABLE TRUST**

BY:_____
Carl J. Shapiro, Trustee

BY: _Linda S. Waintrup_
Linda S. Waintrup, Trustee

**KIMBERLY LAUREN STRAUSS 1988 TRUST**

BY: _Linda S. Waintrup_
Linda S. Waintrup, Trustee

**KIMBERLY L. STRAUSS 2006 IRREVOCABLE TRUST**

BY:_____
Carl J. Shapiro, Trustee

BY: _Linda S Waintrup_
Linda S. Waintrup, Trustee

**SHAPIRO FAMILY LIMITED PARTNERSHIP**

BY:_____
Ruth Shapiro, Managing Agent

**CARL AND RUTH SHAPIRO FAMILY FOUNDATION**

BY:_____
Rhonda S. Zinner, President

16

SAMANTHA STRAUSS 1985 TRUST

BY:_____
        Linda S. Waintrup, Trustee


SAMANTHA L. STRAUSS 2003 IRREVOCABLE
TRUST
BY:_____
        Carl J. Shapiro, Trustee

BY:_____
        Linda S. Waintrup, Trustee


KIMBERLY LAUREN STRAUSS 1988 TRUST

BY:_____
        Linda S. Waintrup, Trustee


KIMBERLY L. STRAUSS 2006 IRREVOCABLE
TRUST
BY:_____
        Carl J. Shapiro, Trustee

BY:_____
        Linda S. Waintrup, Trustee


SHAPIRO FAMILY LIMITED PARTNERSHIP

BY:_____
        Ruth Shapiro, Managing Agent


CARL AND RUTH SHAPIRO FAMILY
FOUNDATION
BY:_____
        Rhonda S. Zinner, President


16

RSZ-JSH PARTNERSHIP

BY: _____
Carl J. Shapiro, Agent


SHAPIRO FAMILY CLAT JOINT VENTURE

BY: _____
Rhonda S. Zinner, Agent

BY: _____
Ellen S. Jaffe, Agent

BY: _____
Linda S. Waintrup, Agent

BY: _____
David R. Andelman, Agent


SHAPIRO GGC-1 LLC

BY: _____
Carl J. Shapiro, Manager


JAFFE GC-1 LLC

BY: _____
Ellen S. Jaffe, Manager


M/A/S CAPITAL CORP.

BY: _____
Robert M. Jaffe, Director


J DEVELOPMENT GROUP

BY: _____
Andrew N. Jaffe, Director


17

**RSZ-JSH PARTNERSHIP**

BY:_____
      Carl J. Shapiro, Agent


**SHAPIRO FAMILY CLAT JOINT VENTURE**

BY:_____
      Rhonda S. Zinner, Agent

BY:_____
      Ellen S. Jaffe, Agent

BY:_____
      Linda S. Waintrup, Agent

BY:_____
      David R. Andelman, Agent


**SHAPIRO GGC-1 LLC**

BY:_____
      Carl J. Shapiro, Manager


**JAFFE GC-1 LLC**

BY:_____
      Ellen S. Jaffe, Manager


**M/A/S CAPITAL CORP.**

BY:_____
      Robert M. Jaffe, Director


**J DEVELOPMENT GROUP**

BY:_____
      Andrew N. Jaffe, Director


17

**RSZ-JSH PARTNERSHIP**

BY:_____
      Carl J. Shapiro, Agent


**SHAPIRO FAMILY CLAT JOINT VENTURE**

BY:_____
      Rhonda S. Zinner, Agent

BY:_____
      Ellen S. Jaffe, Agent

BY:_____
      Linda S. Waintrup, Agent

BY:_____
      David R. Andelman, Agent


**SHAPIRO GGC-1 LLC**

BY:_____
      Carl J. Shapiro, Manager


**JAFFE GC-1 LLC**

BY:_____
      Ellen S. Jaffe, Manager


**M/A/S CAPITAL CORP.**

BY:_____
      Robert M. Jaffe, Director


**J DEVELOPMENT GROUP**

BY:_____
      Andrew N. Jaffe, Manager


17

**RSZ-JSH PARTNERSHIP**

BY:_____
      Carl J. Shapiro, Agent


**SHAPIRO FAMILY CLAT JOINT VENTURE**

BY:_____
      Rhonda S. Zinner, Agent

BY:_____
      Ellen S. Jaffe, Agent

BY:_____
      Linda S. Waintrup, Agent

BY:_____
      David R. Andelman, Agent


**SHAPIRO GGC-1 LLC**

BY:_____
      Carl J. Shapiro, Manager


**JAFFE GC-1 LLC**

BY:_____
      Ellen S. Jaffe, Manager


**M/A/S CAPITAL CORP.**

BY:_____
      Robert M. Jaffe, Director


**J DEVELOPMENT GROUP**

BY:_____
      Andrew N. Jaffe, Manager


17

WELLESLEY CAPITAL MANAGEMENT, INC.

BY: _____
Rhonda S. Zinner, President

EXHIBIT A

| Account Number | Account Name |
|---|---|
| 1SH003 | ANDREW N JAFFE TRUST U/D/T DTD 5/12/75 AS AMENDED |
| 1SH005 | ELLEN S JAFFE 2003 TRUST U/D/T DTD 5/8/2003 AS AMENDED |
| 1SH006 | MICHAEL S JAFFE 1989 TRUST U/D/T DTD 8/24/89 AS AMENDED |
| 1SH007 | MICHAEL S JAFFE TRUST U/D/T DTD 9/25/71 AS AMENDED |
| 1SH009 | STEVEN C JAFFE 1989 TRUST U/D/T DTD 8/24/89 AS AMENDED |
| 1SH010 | STEVEN C JAFFE TRUST U/D/T DTD 9/25/71 AS AMENDED |
| 1SH016 | JENNIFER SEGAL HERMAN 1985 TRUST DATED 4/16/85 |
| 1SH017 | JENNIFER SEGAL HERMAN TRUST U/D/T DTD 5/1/67 AS AMENDED |
| 1SH018 | JONATHAN M SEGAL 1989 TRUST U/D/T DTD 3/9/89 AS AMENDED T SEGAL TSTEE |
| 1SH019 | JONATHAN M SEGAL TRUST U/D/T DTD 12/1/70 AS AMENDED |
| 1SH020 | RHONDA SHAPIRO ZINNER 1993 TST U/D/T DATED 7/7/93 AS AMENDED |
| 1SH022 | SHAPIRO FAMILY LTD PARTNERSHIP C/O RUTH SHAPIRO |
| 1SH025 | CARL SHAPIRO & RUTH SHAPIRO FAMILY FOUNDATION |
| 1SH026 | CARL SHAPIRO TRUST U/D/T 4/9/03 |
| 1SH031 | LINDA SHAPIRO FAMILY TRUST DATED 12/08/76 LINDA WAINTRUP TRUSTEE |
| 1SH032 | RUTH SHAPIRO TRUST U/D/T 4/9/03 |
| 1SH034 | KIMBERLY L STRAUSS 1988 TRUST LINDA WAINTRUP TRUSTEE |
| 1SH035 | KIMBERLY STRAUSS 2006 IRREVOCABLE TRUST |
| 1SH036 | LINDA SHAPIRO WAINTRUP 1992 TRUST U/D/T DTD 3/11/92 AS AMENDED |
| 1SH039 | SAMANTHA L STRAUSS 1985 TRUST LINDA WAINTRUP TRUSTEE |
| 1SH040 | SAMANTHA L STRAUSS 2003 IRREVOCABLE TRUST |
| 1SH041 | WELLESLEY CAPITAL MANAGEMENT |
| 1SH059 | ANDREW N JAFFE 1993 IRREV TST U/D/T DTD 6/11/93 AS AMENDED |
| 1SH139 | L SHAPIRO FAMILY TRUST LINDA WAINTRUP TRUSTEE |
| 1SH140 | JONATHAN M SEGAL 1989 TRUST T SEGAL TREE U/D/T DTD 3/9/89 AS AMENDED |
| 1SH141 | MICHEAL JAFFE 1989 TRUST U/D/T DTD 8/24/89 AS AMENDED |
| 1SH142 | STEVEN C JAFFE 1989 TRUST |
| 1SH143 | CARL SHAPIRO TRUST U/D/T 4/9/03 |
| 1SH144 | RUTH SHAPIRO TRUST U/D/T 4/9/03 |
| 1SH145 | ELLEN S JAFFE 2003 TRUST U/D/T DTD 5/8/2003 AS AMENDED |
| 1SH146 | RHONDA SHAPIRO ZINNER TST 1993 TRUST U/D/T DATED 7/7/93 AS AMENDED |
| 1SH147 | LINDA SHAPIRO WAINTRUP 1992 TRUST U/D/T DTD 3/11/92 AS AMENDED |
| 1SH160 | ANDREW JAFFE TRUST U/D/T DTD 5/12/75 AS AMENDED |
| 1SH161 | MICHEAL S JAFFE TRUST U/D/T DTD 9/25/71 AS AMENDED |
| 1SH162 | STEVEN C JAFFE TRUST U/D/T DTD 9/25/71 AS AMENDED |
| 1SH163 | JENNIFER SEGAL HERMAN 1985 TRUST DATED 4/16/85 |
| 1SH164 | JENNIFER SEGAL HERMAN TRUST U/D/T DATED 5/1/67 AMENDED |
| 1SH165 | JONATHAN M SEGAL TRUST U/D/T DTD 12/1/70 AS AMENDED |
| 1SH168 | DANIEL J WAINTRUP |
| 1SH170 | SHAPIRO GGC-1 LLC* C/O WELLESLEY CAPITAL MGNT INC |
| 1SH173 | ANDREW N JAFFE TRUST U/D/T DTD 5/12/75 AS AMENDED |
| 1SH174 | CARL SHAPIRO TRUST U/D/T 4/9/03 |
| 1SH175 | ELLEN S JAFFE 2003 TRUST U/D/T DTD 5/8/2003 |
| 1SH176 | JENNIFER SEGAL HERMAN TRUST U/D/T DTD 5/1/67 AS AMENDED |
| 1SH177 | JONATHAN M SEGAL TRUST U/D/T/ DTD 12/1/70 |
| 1SH178 | LINDA SHAPIRO FAMILY TRUST DATED 12/08/76 LINDA WAINTRUP TRUSTEE |
| 1SH179 | LINDA SHAPIRO WAINTRUP 1992 TRUST U/D/T DTD 3/11/92 AS AMENDED |

| | |
|---|---|
| 1SH180 | MICHAEL S JAFFE TRUST |
| | U/D/T/ 9/25/71 AS AMENDED |
| 1SH181 | SHAPIRO FAMILY LTD PARTNERSHIP |
| | C/O RUTH SHAPIRO |
| 1SH182 | RHONDA SHAPIRO ZINNER 1993 TST |
| | U/D/T DTD 7/7/93 AS AMENDED |
| 1SH183 | RUTH SHAPIRO TRUST |
| | U/D/T/ 4/9/03 |
| 1SH184 | STEVEN C JAFFE TRUST |
| | U/D/T DTD 9/25/71 AS AMENDED |
| 1SH185 | JENNIFER SEGAL HERMAN |
| | 1985 TRUST DATED 4/16/85 |
| 1SH186 | JAFFE GC-1 LLC** |
| | C/O ROBERT JAFFE |
| 1SH187 | SHAPIRO FAMILY CLAT JOINT VENTURE |
| 1SH188 | CARL SHAPIRO |
| | & RUTH SHAPIRO FAMILY FDN #2 |
| 1SH189 | LSW 2006 IRREVOCABLE TRUST |
| 1SH190 | JAFFE FAMILY 2004 IRREVOCABLE TRUST |
| 1SH191 | CARL SHAPIRO & RUTH SHAPIRO |
| | FAMILY FOUNDATION #3 |
| 1SH192 | RSZ-JSH PARTNERSHIP |
| 1SH193 | CARL SHAPIRO |
| | AND RUTH SHAPIRO |
| | FAMILY FOUNDATION #4 |
| 1SH194 | MICHAEL S JAFFE 2007 TRUST |
| 1SH195 | STEVEN C JAFFE 2007 TRUST |
| 1SH196 | JONATHAN M SEGAL 2007 TRUST |
| 1SH197 | SAMANTHA L STRAUSS 1985 TRUST |
| | LINDA WAINTRUP TRUSTEE |
| 1SH198 | KIMBERLY L STRAUSS 1988 TRUST |
| | LINDA WAINTRUP TRUSTEE |
| 1SH199 | WELLESLEY CAPITAL MANAGEMENT |
| 1Z0022 | DR MICHAEL I ZINNER |
| 1SHO04 | ANDREW JAFFE UGMA |
| | ROBERT M JAFFE A/C |
| 1SHO08 | ROBERT M JAFFE TRUST |
| 1SHO11 | M/A/S CAPITAL CORP |
| | C/O ROBERT M JAFFE |
| 1SHO45 | ELLEN SHAPIRO JAFFE 1991 TRUST |
| | U/D/T DTD 12/17/91 AS AMENDED |
| 1SHO50 | ANDREW JAFFE TRUST |
| 1SHO51 | ELLEN JAFFE TRUST |
| 1SHO52 | MICHAEL JAFFE TRUST |
| 1SHO53 | STEVEN JAFFE TRUST |
| 1SHO60 | ANDREW N JAFFE TRUST |
| | U/D/T DTD 5/12/75 AS AMENDED |
| 1SHO61 | MICHAEL S JAFFE TRUST |
| | U/D/T DTD 9/25/71 AS AMENDED |
| 1SHO62 | STEVEN C JAFFE TRUST |
| | U/D/T DTD 9/25/71 AS AMENDED |
| 1SHO67 | ELLEN JAFFE |
| 1SHO74 | MICHAEL S JAFFE |
| | TR DATED 9/25/71 |
| 1SHO75 | STEVEN C JAFFE |
| | TR DATED 9/25/71 |
| 1SHO76 | ANDREW N JAFFE |
| | TR DATED 5/12/75 |
| 1SHO80 | ANDREW JAFFE TRUST |
| | U/D/T DTD 5/12/75 AS AMENDED |
| 1SHO81 | ELLEN S JAFFE 1991 TRUST UDT |
| | DATED 12/17/91 AS AMENDED |
| 1SHO82 | MICHAEL JAFFE TRUST |
| | UDT DTD 9/25/71 AS AMENDED |
| 1SHO83 | STEVEN C JAFFE TRUST |
| | UDT DTD 9/25/71 AS AMENDED |
| 1SHO93 | ELLEN SHAPIRO JAFFE 1991 TRUST |
| | U/D/T DTD 12/17/91 AS AMENDED |
| 1SHO97 | MICHAEL S JAFFE TRUST |
| | U/D/T DTD 9/25/71 AS AMENDED |
| 1SHO98 | STEVEN C. JAFFE TRUST |
| | U/D/T DTD 9/25/71 AS AMENDED |
| 1SHO99 | ANDREW N JAFFE TRUST |
| | U/D/T DTD 5/12/75 AS AMENDED |
| 103017 | JONATHAN SEGAL |
| 103019 | RHONDA SEGAL AGENT |
| 103036 | ELLEN JAFFE TST A |
| 103037 | RHONDA SEGAL TST A |
| 103038 | Carl Shapiro Tst A |
| 103039 | LINDA S STRAUSS TST A |
| 103040 | RUTH SHAPIRO TST A DATED 12/07/81 |
| 10300218 | ANDREW JAFFE TRUST |
| 10300317 | MICHAEL S JAFFE TRUST |
| 10300416 | ROBERT M JAFFE TRUST |
| 10300614 | ROBERT M JAFFE |
| | A/C/F MICHAEL S JAFFE |
| 10300713 | ROBERT M JAFFE |
| | A/C/F STEVEN C JAFFE |
| 10300812 | STEVEN C JAFFE TRUST |
| 10301216 | JENNIFER SEGAL TRUST |
| 10301315 | JONATHAN SEGAL |
| 10301414 | JONATHAN SEGAL TRUST |
| 10301919 | CARL SHAPIRO TRUST |
| | U/D/T 10/31/90 |
| 10302016 | ELLEN S JAFFE TRUST |
| 10302115 | LINDA SHAPIRO FAMILY TRUST |
| 10302214 | LINDA SHAPIRO FAMILY TRUST |
| 10302313 | RUTH SHAPIRO TRUST |
| 10305019 | RHONDA SEGAL AGENT CLASS A |
| 1SH015 | J M SEGAL TRUST |
| 1SH043 | CARL SHAPIRO TRUST |
| | U/D/T 10/31/90 |
| 1SH044 | RUTH SHAPIRO TRUST |
| | U/D/T 10/31/90 |
| 1SH046 | RHONDA SHAPIRO SEGAL 1993 TST |
| | U/D/T DATED 7/7/93 AS AMENDED |

| | |
|---|---|
| 1SH047 | LINDA SHAPIRO STRAUSS 1992 TST |
| | U/D/T DTD 3/11/92 AS AMENDED |
| 1SH054 | JENNIFER SEGAL TRUST |
| 1SH055 | JONATHAN SEGAL TRUST |
| 1SH056 | RHONDA SEGAL TRUST |
| 1SH057 | LINDA STRAUSS TRUST |
| 1SH058 | JENNIFER M SEGAL 1985 TRUST |
| | DATED 4/16/85 |
| 1SH063 | JENNIFER M SEGAL 1985 TRUST |
| | DATED 4/16/85 |
| 1SH064 | JENNIFER M SEGAL TRUST |
| | U/D/T DTD 5/1/67 AS AMENDED |
| 1SH065 | JONATHAN M SEGAL TRUST |
| | U/D/T DTD 12/1/70 AS AMENDED |
| 1SH068 | RHONDA SEGAL |
| 1SH069 | LINDA STRAUSS* |
| 1SH070 | CARL SHAPIRO TRUST |
| | U/D/T 10/31/90 |
| 1SH071 | RUTH SHAPIRO |
| 1SH072 | JENNIFER M SEGAL |
| | TR DATED 5/1/67 |
| 1SH073 | JONATHAN M SEGAL |
| | TR DATED 12/1/70 |
| 1SH077 | L SHAPIRO FAMILY TRUST |
| 1SH078 | JENNIFER SEGAL |
| | 85 TR DTD 4/16/85 |
| 1SH084 | JENNIFER M SEGAL TRUST |
| | UDT DATED 5/1/67 AS AMENDED |
| 1SH085 | JONATHAN M SEGAL TRUST |
| | UDT DATED 12/1/70 AS AMENDED |
| 1SH086 | RHONDA SHAPIRO SEGAL 1993 |
| | TST UDT DTD 7/7/93 AS AMENDED |
| 1SH087 | CARL SHAPIRO TRUST |
| | U/D/T 10/31/90 |
| 1SH088 | RUTH SHAPIRO TRUST |
| | U/D/T 10/31/90 |
| 1SH089 | LINDA S STRAUSS TST 1992 TST |
| | U/D/T 3/11/92 AS AMENDED |
| 1SH090 | CARL SHAPIRO TRUST |
| | U/D/T 10/31/90 |
| 1SH091 | RUTH SHAPIRO TRUST |
| | U/D/T 10/31/90 |
| 1SH092 | RHONDA SHAPIRO SEGAL 1993 TST. |
| | U/D/T DTD 7/7/93 AS AMENDED |
| 1SH094 | LINDA SHAPIRO STRAUSS 1992 TST |
| | U/D/T DTD 3/11/92 AS AMENDED |
| 1SH095 | JENNIFER M SEGAL TRUST |
| | U/D/T DTD 5/1/67 AS AMENDED |
| 1SH096 | JONATHAN M. SEGAL TRUST |
| | U/D/T DTD 12/1/70 AS AMENDED |
| 1SH100 | DANIEL I WAINTRUP |

* For purposes of this settlement agreement, the HSZ Family Trust and SH-Family Trust, each of which is a member of Shapiro GGC-1 LLC, shall be considered Shapiro BLMIS Account Holders as defined in the settlement agreement.

** For purposes of this settlement agreement, the Jaffe Family Trust and Jaffe-Shapiro Family Trust, each of which is a member of Jaffe GC-1 LLC, shall be considered Shapiro BLMIS Account Holders as defined in the settlement agreement.

EXHIBIT B

| Account Number | Account Name | Claim Number | Claim Status |
|---|---|---|---|
| 1SH003 | ANDREW N JAFFE TRUST U/D/T DTD 5/12/75 AS AMENDED | 011487 | Denied |
| 1SH005 | ELLEN S JAFFE 2003 TRUST U/D/T DTD 5/8/2003 AS AMENDED | 011484 | Denied |
| 1SH006 | MICHAEL S JAFFE 1989 TRUST U/D/T DTD 8/24/89 AS AMENDED | 011471 | Denied |
| 1SH007 | MICHAEL S JAFFE TRUST U/D/T DTD 9/25/71 AS AMENDED | 011473 | Denied |
| 1SH009 | STEVEN C JAFFE 1989 TRUST U/D/T DTD 8/24/89 AS AMENDED | 011455 | Denied |
| 1SH010 | STEVEN C JAFFE TRUST U/D/T DTD 9/25/71 AS AMENDED | 011457 | Denied |
| 1SH016 | JENNIFER SEGAL HERMAN 1985 TRUST DATED 4/16/85 | 011492 | Denied |
| 1SH017 | JENNIFER SEGAL HERMAN TRUST U/D/T DTD 5/1/67 AS AMENDED | 011494 | Denied |
| 1SH018 | JONATHAN M SEGAL 1989 TRUST U/D/T DTD 3/9/89 AS AMENDED T SEGAL TSTEE | 011483 | Denied |
| 1SH019 | JONATHAN M SEGAL TRUST U/D/T DTD 12/1/70 AS AMENDED | 011490 | Denied |
| 1SH020 | RHONDA SHAPIRO ZINNER 1993 TST U/D/T DATED 7/7/93 AS AMENDED | 011469 | Denied |
| 1SH022 | SHAPIRO FAMILY LTD PARTNERSHIP C/O RUTH SHAPIRO | 011460 | Denied |
| 1SH025 | CARL SHAPIRO & RUTH SHAPIRO FAMILY FOUNDATION | 011498 | Denied |
| 1SH026 | CARL SHAPIRO TRUST U/D/T 4/9/03 | 011500 | Denied |
| 1SH031 | LINDA SHAPIRO FAMILY TRUST DATED 12/08/76 LINDA WAINTRUP TRUSTEE | 011477 | Denied |
| 1SH032 | RUTH SHAPIRO TRUST U/D/T 4/9/03 | 011466 | Denied |
| 1SH034 | KIMBERLY L STRAUSS 1988 TRUST LINDA WAINTRUP TRUSTEE | 011481 | Denied |
| 1SH035 | KIMBERLY STRAUSS 2006 IRREVOCABLE TRUST | 011479 | Denied |
| 1SH036 | LINDA SHAPIRO WAINTRUP 1992 TRUST U/D/T DTD 3/11/92 AS AMENDED | 011476 | Denied |
| 1SH039 | SAMANTHA L STRAUSS 1985 TRUST LINDA WAINTRUP TRUSTEE | 011464 | Denied |
| 1SH040 | SAMANTHA L STRAUSS 2003 IRREVOCABLE TRUST | 011462 | Denied |
| 1SH041 | WELLESLEY CAPITAL MANAGEMENT | 011453 | Denied |
| 1SH059 | ANDREW N JAFFE 1993 IRREV TST U/D/T DTD 6/11/93 AS AMENDED | 011501 | Denied |
| 1SH139 | L SHAPIRO FAMILY TRUST LINDA WAINTRUP TRUSTEE | 011478 | Not Determined |
| 1SH143 | CARL SHAPIRO TRUST U/D/T 4/9/03 | 011499 | Denied |
| 1SH144 | RUTH SHAPIRO TRUST U/D/T 4/9/03 | 011465 | Denied |
| 1SH145 | ELLEN S JAFFE 2003 TRUST U/D/T DTD 5/8/2003 AS AMENDED | 011497 | Denied |
| 1SH146 | RHONDA SHAPIRO ZINNER TST 1993 TRUST U/D/T DATED 7/7/93 AS AMENDED | 011468 | Denied |
| 1SH147 | LINDA SHAPIRO WAINTRUP 1992 TRUST U/D/T DTD 3/11/92 AS AMENDED | 011475 | Denied |
| 1SH160 | ANDREW JAFFE TRUST U/D/T DTD 5/12/75 AS AMENDED | 011502 | Not Determined |
| 1SH161 | MICHEAL S JAFFE TRUST U/D/T DTD 9/25/71 AS AMENDED | 011472 | Not Determined |
| 1SH162 | STEVEN C JAFFE TRUST U/D/T DTD 9/25/71 AS AMENDED | 011456 | Not Determined |
| 1SH163 | JENNIFER SEGAL HERMAN 1985 TRUST DATED 4/16/85 | 011491 | Denied |
| 1SH164 | JENNIFER SEGAL HERMAN TRUST U/D/T DATED 5/1/67 AMENDED | 011493 | Not Determined |
| 1SH165 | JONATHAN M SEGAL TRUST U/D/T DTD 12/1/70 AS AMENDED | 011489 | Not Determined |
| 1SH168 | DANIEL I WAINTRUP | 011485 | Denied |
| 1SH170 | SHAPIRO GGC-1 LLC* C/O WELLESLEY CAPITAL MGNT INC | 011458 | Not Determined |
| 1SH181 | SHAPIRO FAMILY LTD PARTNERSHIP C/O RUTH SHAPIRO | 011459 | Not Determined |
| 1SH186 | JAFFE GC-1 LLC** C/O ROBERT JAFFE | 011495 | Not Determined |
| 1SH187 | SHAPIRO FAMILY CLAT JOINT VENTURE | 011461 | Not Determined |
| 1SH188 | CARL SHAPIRO & RUTH SHAPIRO FAMILY FDN #2 | 011486 | Not Determined |
| 1SH189 | LSW 2006 IRREVOCABLE TRUST | 011474 | Denied |
| 1SH190 | JAFFE FAMILY 2004 IRREVOCABLE TRUST | 011496 | Denied |
| 1SH192 | RSZ-JSH PARTNERSHIP | 011467 | Denied |
| 1SH194 | MICHAEL S JAFFE 2007 TRUST | 011470 | Not Determined |
| 1SH195 | STEVEN C JAFFE 2007 TRUST | 011454 | Not Determined |
| 1SH196 | JONATHAN M SEGAL 2007 TRUST | 011482 | Not Determined |
| 1SH197 | SAMANTHA L STRAUSS 1985 TRUST LINDA WAINTRUP TRUSTEE | 011463 | Not Determined |
| 1SH198 | KIMBERLY L STRAUSS 1988 TRUST LINDA WAINTRUP TRUSTEE | 011480 | Not Determined |
| 1SH199 | WELLESLEY CAPITAL MANAGEMENT | 011452 | Not Determined |
| 1Z0022 | DR MICHAEL J ZINNER | 011488 | Allowed |

* For purposes of this settlement agreement, the HSZ Family Trust and SH-Family Trust, each of which is a member of Shapiro GGC-1 LLC, shall be considered Shapiro BLMIS Account Holders as defined in the settlement agreement.
** For purposes of this settlement agreement, the Jaffe Family Trust and Jaffe-Shapiro Family Trust, each of which is a member of Jaffe GC-1 LLC, shall be considered Shapiro BLMIS Account Holders as defined in the settlement agreement.

**EXHIBIT C**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/7/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,                    )
                                             )
                    Plaintiff,               )
                                             )     **STIPULATION AND ORDER OF**
        - against -                          )     **SETTLEMENT**
                                             )
$625,000,000 ON DEPOSIT AT JP MORGAN         )     No. 10 Civ. 9116 (TPG) (RLE)
CHASE BANK, N.A., IN THE ACCOUNTS            )
SET FORTH ON SCHEDULE A,                     )     ECF CASE
                                             )
                    Defendant in rem.        )
                                             )
_____      )

    The United States Attorney's Office for the Southern District of New York, by Preet

Bharara, United States Attorney (the "Office" or the "Government"), and Carl J. Shapiro, Ruth

E. Shapiro, Rhonda Shapiro Zinner, Michael J. Zinner, Linda Shapiro Waintrup, Daniel I.

Waintrup, Ellen Shapiro Jaffe, Robert M. Jaffe, Jennifer Segal Herman, Jonathan M. Segal,

Kimberly L. Strauss, Samantha L. Strauss, Michael S. Jaffe, Steven C. Jaffe, Andrew N. Jaffe,

Ashley Herman, Zachary Herman, Alexandra Herman, Rebekah Jaffe, and Oliver Jaffe

(collectively, the "Shapiro Family," and each, a member thereof), on behalf of themselves and

the other Shapiro Parties, as that term is defined in paragraph 12 below, hereby enter into this

stipulation and order (the "Stipulation") and stipulate and agree as follows:

    WHEREAS, on December 7, 2010, the Government filed a verified complaint seeking

forfeiture of all right, title, and interest in $625,000,000 on deposit at JP Morgan Chase Bank,

N.A., in the accounts set forth on Schedule A to the complaint, and all property traceable thereto

(the "Defendant in rem"), alleging that the Defendant in rem is subject to forfeiture to the United

States (a) under 18 U.S.C. § 981(a)(1)(C) as property that constitutes and is derived from

proceeds traceable to specified unlawful activity, as that term is defined in 18 U.S.C.

§ 1956(c)(7), and (b) under 18 U.S.C. § 981(a)(1)(A) as property involved in a transaction or

attempted transaction in violation of 18 U.S.C. §§ 1956 and 1957, and as property traceable to

such property (the "Complaint");

   WHEREAS, the Complaint alleges that the Defendant in rem is derived from proceeds

traceable to offenses orchestrated by Bernard L. Madoff ("Madoff") that were part of a scheme

to defraud investors of Bernard L. Madoff Investment Securities LLC and its predecessor,

Bernard L. Madoff Investment Securities (collectively and separately, "BLMIS");

   WHEREAS, the Complaint further alleges that the Defendant in rem is property traceable

to payments made by BLMIS to accounts maintained or controlled, directly or indirectly, by Carl

J. Shapiro and certain of the other Shapiro Parties, as that term is defined in paragraph 12, below

(collectively, the "Shapiro Accounts," which, for the avoidance of doubt, are the accounts set

forth in Schedule B to the Complaint);

   WHEREAS, the Defendant in rem represents an amount in excess of the net total amount

received by Carl J. Shapiro and Ruth Shapiro from BLMIS during the course of their relationship

plus the net total amount received by Robert M. Jaffe from BLMIS during the course of their

relationship;

   WHEREAS, the Shapiro Family understands that the Government seeks to forfeit the

Defendant in rem, and that, except as set forth below, the Office will request that such property,

if forfeited to the United States, be distributed to victims of the fraud through the process of

remission, consistent with applicable Department of Justice regulations;

   WHEREAS, in light of information made public after the BLMIS fraud was uncovered in

December 2008, the Shapiro Family does not dispute (a) that the Shapiro Accounts received

2

funds from BLMIS that were proceeds of, or involved in, and traceable to, conduct constituting

specified unlawful activity perpetrated by Bernard L. Madoff and others; (b) that the Defendant

in rem constitutes, in whole or in part, property that is the proceeds of, involved in, or traceable

to conduct constituting specified unlawful activity perpetrated by Bernard L. Madoff, and (c) the

Defendant in rem may be considered as a substitute *res* for such funds;

WHEREAS, Carl and Ruth Shapiro have cooperated with the Office in its investigation

and review of BLMIS and the relationship between BLMIS and the Shapiro Family;

WHEREAS, the Shapiro Parties and the Office (together, the "Parties") wish to resolve

this action without litigation and to further the goal of compensating the victims of the fraud

perpetrated through BLMIS;

WHEREAS, simultaneously with entering into this Stipulation, the Shapiro Parties are

entering into an agreement (the "Bankruptcy Settlement," attached hereto as Exhibit A) with the

Trustee appointed under the Securities Investor Protection Act of 1970, as amended, 15 U.S.C.

§§ 78aaa-*lll* ("SIPA"), to liquidate the business of BLMIS (the "SIPA Trustee") to resolve claims

that were or could have been asserted by the SIPA Trustee against the Shapiro Parties in the

United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy

Court"), which is subject to the approval of the Bankruptcy Court; and

WHEREAS, the Office intends to credit against the amount being forfeited to the

Government the amount transferred to the SIPA Trustee pursuant to the Bankruptcy Settlement,

up to $550,000,000, and understands that the SIPA Trustee intends to distribute those funds to

the victims of the fraud perpetrated through BLMIS, in accordance with SIPA;

The Parties hereby stipulate and agree, and the Court orders, as follows:

3

1.      The recitals above form an integral part of this Stipulation and are fully
incorporated herein.

2.      The Shapiro Parties agree to forfeit the Defendant in rem to the Government, on
the terms set forth herein, in full satisfaction of the Government's claims for forfeiture as alleged
in the Complaint.  Except as set forth herein, in the event that the Defendant in rem, in its
entirety, is unavailable to be forfeited for whatever reason, the Shapiro Parties agree that they
shall forfeit $625,000,000 (the "Forfeiture Amount") as a substitute *res*, with each of the Shapiro
Parties jointly and severally responsible for the Forfeiture Amount.

3.      On or before December 31, 2010, the Shapiro Parties shall wire $37,462,901 to
the following account maintained by the United States Marshals Service:

> ABA #021030004
> ALC #00008154
> U.S. Marshals Service
> c/o Federal Reserve Bank of New York
> 33 Liberty Street
> New York, New York
> Reference:  To Be Supplied by the Government

4.      The remainder of the Forfeiture Amount shall be paid as set forth in, and subject
to the conditions of, paragraphs 5, 6, and 7 below.

5.      In addition to the payments set forth in paragraph 3, above, the Shapiro Parties
shall pay an amount up to $550,000,000 as follows.  The Government agrees to credit against the
Forfeiture Amount the amount actually transferred to the SIPA Trustee pursuant to the terms of
the Bankruptcy Settlement, up to but not to exceed $550,000,000 (the "Bankruptcy Settlement
Amount").  The Shapiro Parties shall transfer funds in the Bankruptcy Settlement Amount, not to
exceed $550,000,000, to or at the direction of the SIPA Trustee, pursuant to the terms of the
Bankruptcy Settlement.

4

6.     Carl and Ruth Shapiro shall pay an additional amount up to $14,737,099 as

follows. Within ten days of their receipt of any tax refunds relating to BLMIS, their entry into

this Stipulation or the Bankruptcy Settlement, or their payment of the Forfeiture Amount or the

Bankruptcy Settlement Amount (or any part thereof), Carl and Ruth Shapiro shall pay the full

amount of such refunds to the account described in paragraph 3, provided, however, that in no

event shall the total payments pursuant to this paragraph exceed the lesser of (a) $14,737,099 and

(b) the full amount of such refunds.

7.     The Shapiro Parties, other than Carl and Ruth Shapiro, shall pay an additional

amount up to $22,800,000 as follows. On the tenth business day of each month, commencing the

first calendar month following approval of this Stipulation, the Shapiro Parties, other than Carl

and Ruth Shapiro, shall pay to the account described in paragraph 3 the full amount of any and

all tax refunds relating to their payment of the Forfeiture Amount or the Bankruptcy Settlement

Amount (or any part thereof) received on or before the last day of the preceding month and not

previously paid pursuant to this paragraph, provided, however, that in no event shall the total

payments pursuant to this paragraph exceed the lesser of (i) $22,800,000 and (ii) the full amount

of such refunds, provided, further, however, that notwithstanding anything else in this paragraph,

if the total amount of such refunds is less than $5,000,000, the Shapiro Parties shall jointly and

severally be obligated to make a supplemental payment in the amount necessary such that the

Shapiro Parties pay a total of $5,000,000 under this paragraph. Any such supplemental payment

shall be due the earlier of (a) two years from the date of this Stipulation and (b) ten business days

following the Shapiro Parties' receipt of a determination denying their right to the refunds that

are the subject of this paragraph. For the avoidance of doubt, the payment of a supplemental

payment under this paragraph does not relieve the Shapiro Parties from making any other

payment under this paragraph (with credit for any such supplemental payment), should they subsequently receive any tax refunds relating to their payment of the Forfeiture Amount or the Bankruptcy Settlement Amount (or any part thereof).

8.      On the tenth business day of each month, commencing the first calendar month following approval of this Stipulation, each of the Shapiro Parties shall provide the Government with information concerning all tax refunds received, and all requested tax refunds denied, between the date of this Stipulation and the last day of the preceding month. Such information shall include but not be limited to (a) the individuals or entities that requested the refund; (b) the grounds therefore; (c) the amount requested; and (d) the amount received. The Shapiro Parties agree to provide any other tax refund information reasonably requested by the Government, and expressly agree to provide copies of all tax returns, refund requests, and correspondence with tax authorities upon request by the Government. Information required to be furnished under this paragraph shall be sent to the undersigned attorneys for the Government. The obligation of the Shapiro Parties to furnish any information under this paragraph shall terminate upon the earlier of (i) their payment of the full amount due to the Government under paragraphs 6 and 7, above, and (ii) a final determination (including any administrative appeals or litigation) denying the refunds that are the subject of paragraphs 6 and 7, above.

9.      If the Shapiro Parties fail to make any payment under paragraph 6 or 7 by the required due date, interest (at the rate specified in 28 U.S.C. § 1961) shall accrue on the unpaid balance through the date of payment.

10.     If any amounts due under paragraph 6 and 7 are not paid within 5 business days after the required date, the Shapiro Parties shall pay to the Government, as a stipulated penalty,

6

in addition to the interest required by Paragraph 9, the following amounts per day that such payment is late:

| Penalty per day | Period of Noncompliance |
|---|---|
| $15,000 | 1st – 14th day after the required date |
| $30,000 | 15th – 30th day |
| $60,000 | 31st day and beyond |

Stipulated penalties under this paragraph are due and payable within 30 days of the date of the demand for payment of the penalties by the Government (to the Shapiro Parties' undersigned counsel), and are the joint and several responsibilities of each of the Shapiro Parties. All payments to the Government under this paragraph shall be identified as "stipulated penalties" and shall be made by certified or cashier's check made payable to "The United States of America." The check, or a letter accompanying the check, shall reference this Stipulation and the civil action number, and shall be sent to the United States Attorney's Office for the Southern District of New York, 1 St. Andrew's Plaza, New York, New York 10007, Attn: Matthew L. Schwartz, AUSA. Penalties shall accrue as provided in this paragraph regardless of whether the Government has notified the Shapiro Parties of the violation or made a demand for payment, but need only be paid upon demand. All penalties shall begin to accrue on the day after payment is due, and shall continue to accrue through the date payment is received by the Office. Nothing herein shall prevent the simultaneous accrual of separate penalties for separate violations of this Stipulation. Notwithstanding any other provision of this paragraph, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this paragraph.

11.     The Shapiro Parties shall not file, nor cause any other person or entity to file, nor assist any other person or entity in filing, any claim to the Defendant in rem, or in any other way interfere with or delay the forfeiture of the Defendant in rem.

12.     The Parties hereby fully and finally compromise, settle, and dispose of (a) any and all civil claims under the asset forfeiture and/or money laundering statutes that the United States has asserted or could assert against (i) Carl J. Shapiro, Ruth E. Shapiro, Rhonda Shapiro Zinner, Michael J. Zinner, Linda Shapiro Waintrup, Daniel I. Waintrup, Ellen Shapiro Jaffe, Robert M. Jaffe, Jennifer Segal Herman, Jonathan M. Segal, Kimberly L. Strauss, Samantha L. Strauss, Michael S. Jaffe, Steven C. Jaffe, Andrew N. Jaffe, Ashley Herman, Zachary Herman, Alexandra Herman, Rebekah Jaffe, Oliver Jaffe, Carl J Shapiro 2007 Trust dated 11/14/07, Ruth Shapiro 2007 Trust dated 11/14/2007, Carl J. Shapiro 2003 Trust U/D/T 4/9/03 As Amended, Ruth Shapiro 2003 Trust U/D/T/ 4/9/03 As Amended, Carl Shapiro Trust U/D/T 10/31/90, Ruth Shapiro Trust U/D/T 10/31/90, Ruth Shapiro Trust Dated 12/07/81, Carl Shapiro Trust A, Rhonda Shapiro Zinner 1993 Trust U/D/T/ DTD 7/7/93 As Amended, RSZ 2006 Irrevocable Trust, Rhonda Segal Trust, Rhonda Segal Trust A, Ellen S. Jaffe 2003 Trust U/D/T DTD 5/8/03 As Amended, Jaffe Family 2004 Irrevocable Trust, Ellen Shapiro Jaffe 1991 Trust U/D/T DTD 12/17/91 As Amended, Robert M. Jaffe Trust, Ellen Jaffe Trust A, Linda Shapiro Family Trust DTD 12/08/76, Linda Shapiro Waintrup 1992 Trust U/D/T DTD 3/11/92 As Amended, LSW 2006 Irrevocable Trust, Linda Strauss Trust, Linda S. Strauss Trust A, Jennifer M. Segal Herman Trust U/D/T DTD 5/1/67 As Amended, Jennifer S. Herman 2007 Trust, Jennifer Segal Herman 1985 Trust Dated 4/16/85, HSZ Family Trust FBO Alexandra Herman, HSZ Family Trust FBO Ashley J. Herman, HSZ Family Trust FBO Zachary A. Herman, SH-Family Trust FBO Ashley J. Herman, SH-Family Trust FBO Zachary Herman, Jonathan M. Segal 1989 Trust U/D/T DTD

8

3/8/89 As Amended, Jonathan M. Segal 2007 Trust, Jonathan M. Segal Trust U/D/T/ DTD
12/1/70, JSH 2006 Irrevocable Trust, J M Segal Trust, Michael S. Jaffe 1989 Trust U/D/T DTD
8/24/89 As Amended, Michael S. Jaffe 2007 Trust, Michael S. Jaffe Trust U/D/T/ 9/25/71 As
Amended, Robert M. Jaffe A/C/F Michael S. Jaffe, Steven C. Jaffe Trust U/D/T DTD 9/25/71 As
Amended, Steven C. Jaffe 1989 Trust U/D/T DTD 8/24/89 As Amended, Steven C. Jaffe 2007
Trust, Robert M. Jaffe A/C/F Steven C. Jaffe, Andrew Jaffe Trust U/D/T DTD 5/12/75 As
Amended, Andrew N. Jaffe 1993 Irrevocable Trust U/D/T DTD 6/11/93 As Amended, Andrew
N. Jaffe 2007 Trust, Andrew Jaffe UGMA, Jaffe Family Trust FBO Oliver M. Jaffe, Jaffe-
Shapiro Family Trust FBO Oliver M. Jaffe, Jaffe Family Trust FBO Rebekah L. Jaffe, Jaffe-
Shapiro Family Trust FBO Rebekah L. Jaffe, Samantha L. Strauss 1985 Trust, Samantha L.
Strauss 2003 Irrevocable Trust, Kimberly Lauren Strauss 1988 Trust As Amended, Kimberly L.
Strauss 2006 Irrevocable Trust, Shapiro Family Limited Partnership, Carl and Ruth Shapiro
Family Foundation, RSZ-JSH Partnership, Shapiro Family CLAT Joint Venture, Shapiro GGC-1
LLC, Jaffe GC-1 LLC, M/A/S Capital Corp., J Development Group, and Wellesley Capital
Management, Inc., and (ii) each of their respective officers, employees, partners, agents,
predecessors, successors, assigns, heirs, trustees, and representatives, but, for the avoidance of
doubt, specifically excluding from this subsection (ii) any BLMIS employee or insider, and any
property currently in their custody, control, or possession (subsections (i) and (ii), collectively,
the "Shapiro Parties"), and any property currently in the custody, control, or possession of any of
the Shapiro Parties, in connection with BLMIS, Madoff, and the specified unlawful activity
described in the Complaint, including any receipt of money and any transfers of money received
from BLMIS (collectively, the "Covered Conduct"); and (b) any and all claims or defenses that
the Shapiro Parties may or could assert against the Government related to the Covered Conduct.

9

The claims and defenses encompassed in subparagraphs (a) and (b) shall be referred to as the "Settled Claims." For the avoidance of doubt, this Stipulation is not intended to release, and the Settled Claims do not include, any criminal liability for any individual or entity whatsoever.

13.     Each member of the Shapiro Family, on behalf of him- or herself and each of the Shapiro Parties, represents and warrants that (a) the Shapiro Parties are the sole owner(s) of the Defendant in rem; (b) the Shapiro Family is authorized to enter into this Stipulation and each of its terms and conditions, and to bind legally each of the Shapiro Parties thereto; (c) other than legitimate ordinary course payments for services rendered in the employ of BLMIS, the Shapiro Parties received funds from BLMIS only through, and as reflected in account statements for, the Shapiro Accounts; (d) the Shapiro Parties shall use their best efforts to obtain payment of, and in the sole discretion of the Shapiro Parties an early determination of, all tax refunds due to them, including as a result of their entry into this Stipulation or the Bankruptcy Settlement, or their payment of the Forfeiture Amount or the Bankruptcy Settlement Amount, and shall expend whatever resources are reasonably necessary to do so; and (e) the Defendant in rem represents an amount in excess of the current net worth of Carl J. Shapiro, Ruth E. Shapiro, and Robert M. Jaffe, combined.  In the event that any of these representations and warranties is false, notwithstanding paragraph 12 above, any and all claims of the United States described therein shall not be released and shall not be part of the term "Settled Claims," but this Stipulation shall in all other respects remain in full force and effect.

14.     Upon reasonable request of the Government, each member of the Shapiro Family agrees, on behalf of him- or herself and each of the Shapiro Parties, to reasonably cooperate with the Government in connection with any efforts by the Government to recover funds invested with BLMIS by BLMIS account holders (unless released herein), including the Government's

responses to or defenses against any claims, including third party claims, that may be raised in
opposition to such efforts by the Government. Nothing in this paragraph shall require any of the
Shapiro Parties to waive the attorney-client privilege, the work product doctrine, or any other
privilege, immunity, or statutory or constitutional right or protection.

15.   The Shapiro Parties are hereby barred from asserting any claim against the United
States of America or any agency, instrumentality, agent, or employee thereof, and from assisting
others in asserting any such claim, in connection with the Settled Claims, including but not
limited to any claims for costs or attorney's fees.

16.   This Stipulation does not constitute an admission of liability or fault on the part of
the Shapiro Parties. Notwithstanding any other provision of this Stipulation, the forfeiture
provided for herein does not constitute a fine, penalty, or punitive damages.

17.   The Parties hereby agree that this Stipulation is the entire understanding of the
Parties with respect to the subject matter of this Stipulation and it is intended to be the complete
and exclusive statement thereof. The Parties agree that each participated equally in the
preparation of this Stipulation, and that no provision shall be construed against any other Party as
draftsman.

18.   Except as expressly set forth herein, the Parties do not intend to confer any benefit
by or under this Stipulation upon any person or entity other than the Parties hereto. No person or
entity shall be entitled to assert any rights under this Stipulation other than the Parties hereto, nor
shall any person or entity other than the Parties hereto be permitted to use this Stipulation as
evidence of an admission regarding any claim, right, or defense that such person or entity may
assert.

11

19.    Notwithstanding anything to the contrary herein, this Stipulation is expressly
subject to and contingent upon approval of the Court. If this Stipulation, or any portion hereof, is
not approved by the Court or if it is overturned or modified on appeal, all funds transferred by
the Shapiro Parties to the Government shall be returned to the Shapiro Parties, this Stipulation
shall be null and void and have no further force and effect and, in such event, neither this
Stipulation nor any negotiations and writings in connection herewith shall in any way be
construed as or deemed to be evidence of an admission on behalf of any Party hereto regarding
any claim or right that such Party may have against any other Party hereto.

20.    In the event that the Bankruptcy Settlement has not been approved by the
Bankruptcy Court by December 27, 2010, any Party may terminate this Stipulation by providing
written notice (which may be provided by electronic mail) to the undersigned counsel no later
than December 31, 2010, provided, however, that in the event that the Bankruptcy Court does
not approve the Bankruptcy Settlement by December 27, 2010, the Parties hereto agree to
negotiate in good faith to revise the terms of this Stipulation accordingly, such that in full
satisfaction of the Shapiro Parties' civil liability the full Forfeiture Amount will be available for
distribution to victims of the fraud perpetrated through BLMIS, prior to terminating this
Stipulation. In the event that an order is entered rejecting the Bankruptcy Settlement (as a result
of an appeal or otherwise) and such order becomes final and non-appealable, any Party may
terminate this Stipulation by providing written notice (which may be provided by electronic
mail) to the undersigned counsel no later than ten business days after such order becomes final
and non-appealable, provided, however, that in the event of such a final and non-appealable
order rejecting the Bankruptcy Settlement, the Parties hereto agree to negotiate in good faith to
revise the terms of this Stipulation accordingly, such that in full satisfaction of the Shapiro

12

Parties' civil liability the full Forfeiture Amount will be available for distribution to victims of the fraud perpetrated through BLMIS, prior to terminating this Stipulation. Upon termination, this Stipulation shall be null and void and have no further force and effect and neither this Stipulation nor any negotiations and writings in connection herewith shall in any way be construed as or deemed to be evidence of an admission on behalf of any Party hereto regarding any claim or right that such Party may have against any other Party hereto, provided, however, that in the event any of the Shapiro Parties terminates this Stipulation under this paragraph, the Government shall not be required to return any funds paid pursuant to paragraphs 3, 6, 7, 9, or 10, above, prior to receiving notice of termination.

21.     This Stipulation may not be changed, modified, or amended except in a writing signed by the Parties or their counsel and approved by the Court.

22.     This Stipulation may be executed in any number of counterparts and shall constitute one agreement, binding upon all Parties hereto as if all Parties signed the same document. Further, all facsimile and digital images of signatures shall be treated as originals for all purposes.

23.     The Court shall retain exclusive jurisdiction with respect to any and all issues or disputes that may arise in connection with this Stipulation and its enforcement. If the United States brings an action or application to enforce this Stipulation against any of the Shapiro Parties, unless the Shapiro Parties prevail in such action or application, the Shapiro Parties shall reimburse the United States for all costs of such action or application, including but not limited to costs of attorney time, with each of the Shapiro Parties being jointly and severally liable for such costs.

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

13

**SO ORDERED:**

Dated: December 7, 2010
      New York, New York

HON. THOMAS P GRIESA
UNITED STATES DISTRICT JUDGE

**AGREED TO BY:**

Dated: December 7, 2010
      New York, New York

PREET BHARARA
United States Attorney
Attorney for the United States of America

MATTHEW L. SCHWARTZ
BARBARA A. WARD
Assistant United States Attorneys
One Saint Andrew's Plaza
New York, New York 10007
Tel.: (212) 637-1945/1048
Facsimile: (212) 637-2937
E-mail: matthew.schwartz@usdoj.gov

Dated: December 7, 2010
      New York, New York

SHEARMAN & STERLING LLP
Attorneys for the Shapiro Family, other than
Robert M. Jaffe

STEPHEN FISHBEIN, ESQ
RICHARD SCHWED, ESQ.
599 Lexington Avenue
New York, New York 10022
Tel.: (212) 848-4424
Facsimile: (646) 848-4424
E-mail: sfishbein@shearman.com

14

**SO ORDERED:**

Dated: December __, 2010
　　　　New York, New York

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　HON. _____
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

**AGREED TO BY:**

Dated: December 7, 2010
　　　　New York, New York

　　　　　　　　　　　　　　　　PREET BHARARA
　　　　　　　　　　　　　　　　United States Attorney
　　　　　　　　　　　　　　　　Attorney for the United States of America

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　MATTHEW L. SCHWARTZ
　　　　　　　　　　　　　　　　BARBARA A. WARD
　　　　　　　　　　　　　　　　Assistant United States Attorneys
　　　　　　　　　　　　　　　　One Saint Andrew's Plaza
　　　　　　　　　　　　　　　　New York, New York 10007
　　　　　　　　　　　　　　　　Tel.: (212) 637-1945/1048
　　　　　　　　　　　　　　　　Facsimile: (212) 637-2937
　　　　　　　　　　　　　　　　E-mail: matthew.schwartz@usdoj.gov

Dated: December 7, 2010
　　　　New York, New York

　　　　　　　　　　　　　　　　SHEARMAN & STERLING LLP
　　　　　　　　　　　　　　　　Attorneys for the Shapiro Family, other than
　　　　　　　　　　　　　　　　Robert M. Jaffe

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　STEPHEN FISHBEIN, ESQ
　　　　　　　　　　　　　　　　RICHARD SCHWED, ESQ.
　　　　　　　　　　　　　　　　599 Lexington Avenue
　　　　　　　　　　　　　　　　New York, New York 10022
　　　　　　　　　　　　　　　　Tel.: (212) 848-4424
　　　　　　　　　　　　　　　　Facsimile: (646) 848-4424
　　　　　　　　　　　　　　　　E-mail: sfishbein@shearman.com

14

Dated: December 7, 2010
New York, New York

ARKIN KAPLAN RICE LLP
Attorneys for Robert M. Jaffe

_____
STANLEY S. ARKIN, ESQ.
590 Madison Avenue, 35th Floor
New York, New York 10022
Tel.: (212) 333-0208
Facsimile: (212) 333-2350
E-mail: sarkin@arkin-law.com


_____
Carl J. Shapiro


_____
Ruth E. Shapiro


_____
Rhonda Shapiro Zinner


_____
Michael J. Zinner


_____
Linda Shapiro Waintrup


_____
Daniel I. Waintrup


_____
Ellen Shapiro Jaffe


_____
Robert M. Jaffe


_____
Jennifer Segal Herman


_____
Jonathan M. Segal


_____
Kimberly L. Strauss

15

Dated: December __, 2010
New York, New York

ARKIN KAPLAN RICE LLP
Attorneys for Robert M. Jaffe


STANLEY S. ARKIN, ESQ.
590 Madison Avenue, 35th Floor
New York, New York 10022
Tel.: (212) 333-0208
Facsimile: (212) 333-2350
E-mail: sarkin@arkin-law.com


Carl J. Shapiro


Ruth E. Shapiro


Rhonda Shapiro Zinner


Michael J. Zinner


Linda Shapiro Waintrup


Daniel I. Waintrup


Ellen Shapiro Jaffe


Robert M. Jaffe


Jennifer Segal Herman


Jonathan M. Segal


Kimberly L. Strauss


15

Dated: December __, 2010
      New York, New York

ARKIN KAPLAN RICE LLP
Attorneys for Robert M. Jaffe

_____

STANLEY S. ARKIN, ESQ.
590 Madison Avenue, 35th Floor
New York, New York 10022
Tel.: (212) 333-0208
Facsimile: (212) 333-2350
E-mail: sarkin@arkin-law.com

_____

Carl J. Shapiro

_____

Ruth E. Shapiro

_____

Rhonda Shapiro Zinner

_____

Michael J. Zinner

_____

Linda Shapiro Waintrup

_____

Daniel I. Waintrup

_____

Ellen Shapiro Jaffe

_____

Robert M. Jaffe

_____

Jennifer Segal Herman

_____

Jonathan M. Segal

_____

Kimberly L. Strauss

15

Dated: December ___, 2010
      New York, New York

ARKIN KAPLAN RICE LLP
Attorneys for Robert M. Jaffe

_____
STANLEY S. ARKIN, ESQ.
590 Madison Avenue, 35th Floor
New York, New York 10022
Tel.: (212) 333-0208
Facsimile: (212) 333-2350
E-mail: sarkin@arkin-law.com

_____
Carl J. Shapiro

_____
Ruth E. Shapiro

_____
Rhonda Shapiro Zinner

_____
Michael J. Zinner

_____
Linda Shapiro Waintrup

_____
Daniel I. Waintrup

_____
Ellen Shapiro Jaffe

_____
Robert M. Jaffe

_____
Jennifer Segal Herman

_____
Jonathan M. Segal

_____
Kimberly L. Strauss

15

Dated: December ___, 2010
New York, New York

ARKIN KAPLAN RICE LLP
Attorneys for Robert M. Jaffe

_____
STANLEY S. ARKIN, ESQ.
590 Madison Avenue, 35th Floor
New York, New York 10022
Tel.: (212) 333-0208
Facsimile: (212) 333-2350
E-mail: sarkin@arkin-law.com

_____
Carl J. Shapiro

_____
Ruth E. Shapiro

_____
Rhonda Shapiro Zinner

_____
Michael J. Zinner

_____
Linda Shapiro Waintrup

_____
Daniel I. Waintrup

_____
Ellen Shapiro Jaffe

_____
Robert M. Jaffe

_____
Jennifer Segal Herman

Jonathan M. Segal

_____
Kimberly L. Strauss

15

Dated: December ___, 2010
    New York, New York

ARKIN KAPLAN RICE LLP
Attorneys for Robert M. Jaffe

_____
STANLEY S. ARKIN, ESQ.
590 Madison Avenue, 35th Floor
New York, New York 10022
Tel.: (212) 333-0208
Facsimile: (212) 333-2350
E-mail: sarkin@arkin-law.com

_____
Carl J. Shapiro

_____
Ruth E. Shapiro

_____
Rhonda Shapiro Zinner

_____
Michael J. Zinner

_____
Linda Shapiro Waintrup

_____
Daniel I. Waintrup

_____
Ellen Shapiro Jaffe

_____
Robert M. Jaffe

_____
Jennifer Segal Herman

_____
Jonathan M. Segal

_____
Kimberly L. Strauss

15

_____
Samantha L. Strauss

_____
Michael S. Jaffe

_____
Steven C. Jaffe

_____
Andrew N. Jaffe

_____
Ashley Herman, by her natural parent as
guardian

_____
Zachary Herman, by his natural parent as
guardian

_____
Alexandra Herman, by her natural parent as
guardian

_____
Rebekah Jaffe, by her natural parent as
guardian

_____
Oliver Jaffe, by his natural parent as
guardian

16

Samantha L. Strauss

Michael S. Jaffe

Steven C. Jaffe

Andrew N. Jaffe

Ashley Herman, by her natural parent as guardian

Zachary Herman, by his natural parent as guardian

Alexandra Herman, by her natural parent as guardian

Rebekah Jaffe, by her natural parent as guardian

Oliver Jaffe, by his natural parent as guardian

**EXHIBIT A**

**BANKRUPTCY SETTLEMENT**

## AGREEMENT

This AGREEMENT, dated as of December 7, 2010, is made by and among IRVING H. PICARD, in his capacity as trustee (the "Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act of 1970, as amended, 15 U.S.C. § 78aaa et seq. ("SIPA"), and the substantively consolidated estate of Bernard L. Madoff, on the one hand, and the SHAPIRO FAMILY, as defined in paragraph 1, below, on the other hand (each of the Trustee and the Shapiro Family, a "Party" or "Parties", herein).

## BACKGROUND

A.    BLMIS and its predecessor was a registered broker-dealer and a member of the Securities Investor Protection Corporation ("SIPC").

B.    On December 11, 2008 (the "Filing Date"), the Securities and Exchange Commission (the "Commission") filed a complaint in the United States District Court for the Southern District of New York (the "District Court") against among others, BLMIS and Bernard L. Madoff ("Madoff") (No. 08-CV-10791(LLS)).

C.    On December 11, 2008, Madoff was arrested by federal agents for criminal securities laws violations including securities fraud, investment adviser fraud, and mail and wire fraud. At a plea hearing on March 12, 2009, in the case captioned United States v. Madoff, Case No. 09-CR-213 (DC), Madoff pled guilty to an 11-count criminal information filed against him by the United States Attorney's Office for the Southern District of New York and admitted that he "operated a Ponzi scheme through the investment advisory side of [BLMIS]" and engaged in fraud in the operation of BLMIS. On June 29, 2009, Madoff was sentenced to a total of 150 years in prison.

D.    On December 15, 2008, pursuant to section 5(a)(4)(A) of SIPA, the Commission consented to a combination of its own action with the application of SIPC. Thereafter, SIPC filed an application in the District Court under section 5(a)(3) of SIPA alleging, inter alia, that BLMIS was not able to meet its obligations to securities customers as they came due and, accordingly, its customers needed the protections afforded by SIPA. On December 15, 2008, the District Court granted the SIPC application and entered an order under SIPA, which, in pertinent part, appointed the Trustee for the liquidation of the business of BLMIS under section 5(b)(3) of SIPA and removed the case to the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") under section 5(b)(4) of SIPA, where it is currently pending as Case No. 08-01789 (BRL) (the "SIPA Proceeding"). The Trustee is duly qualified to serve and act on behalf of the estate of BLMIS.

E.    Carl Shapiro was one of BLMIS's earliest investors. Mr. Shapiro, since about 1961, on behalf of himself and members of the Shapiro Family, maintained BLMIS accounts in the names of various trusts, limited liability companies, partnerships, corporate entities and the like (collectively, the "Shapiro BLMIS Account Holders"), many of which were, at all relevant times, directed and controlled by Carl Shapiro. The Shapiro BLMIS Account Holders are listed on Exhibit A to this Agreement. The parties intend Exhibit A to include any and all BLMIS Accounts held at any time by, or for the benefit of, the Shapiro Family and entities owned by the Shapiro Family. If any accounts were inadvertently omitted from Exhibit A, the Shapiro Family and the Trustee agree to act in good faith to revise Exhibit A to include such accounts.

F. The Trustee's potential claims against the Shapiro Family and the Shapiro BLMIS Account Holders include, but are not necessarily limited to, claims under 11 U.S.C. §§ 544(b), 547, 548, and 550 and under the New York Uniform Fraudulent Conveyance Act (New York Debtor and Creditor Law §§ 270-281) (collectively, the "Avoiding Powers Claims").

G. The Shapiro Family, on behalf of themselves and on behalf of the Shapiro BLMIS Account Holders, disputes the legal and factual bases of the Trustee's potential claims against them, including the Avoiding Powers Claims. The Shapiro Family also disagrees with the manner in which the Trustee has calculated his potential claims against them.

H. Prior to July 2, 2009, certain Shapiro Family and Shapiro BLMIS Account Holders filed customer claims with the Trustee (the "Shapiro Customer Claims"). The Shapiro Customer Claims are listed on Exhibit B to this Agreement. Certain Shapiro BLMIS Account Holders that filed Shapiro Customer Claims subsequently filed briefs in the Bankruptcy Court and the United States Court of Appeals for the Second Circuit opposing the Trustee's determination of net equity under SIPA.

I. The Trustee has conducted a comprehensive investigation of the Shapiro BLMIS accounts and the dealings between the Shapiro Family and Mr. Madoff. This investigation included, but is not limited to, review and analysis of the Shapiro BLMIS Account Holders' transactional histories, as reflected in the BLMIS account statements, correspondence and other records and documents available to the Trustee; Bankruptcy Rule 2004 examinations of Carl Shapiro, Lilyan Berkowitz, and Liane Willis; meetings with counsel for the Shapiro Family; and review of third-party records and documents.

J. On or about June 22, 2009, the Trustee commenced an adversary proceeding against various persons and entities, including Robert Jaffe ("Jaffe"), who is Carl and Ruth Shapiro's son-in-law as well as an entity known as M/A/S Capital Corporation ("M/A/S"), which was controlled by Jaffe. The litigation, captioned *Irving Picard, Trustee v. Cohmad Securities Corp.*, Adv. Pro. No. 09-1305 (BRL) (the "Cohmad Adversary Proceeding") is currently pending.

K. Simultaneously with this Agreement, the Shapiro Family agreed with the United States Department of Justice (the "Government") to resolve potential forfeiture liability of the Shapiro Family pursuant to 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C), 1956, and 1957. To effectuate this Agreement and that with the Government, the Shapiro Family will forfeit to the Government the amount of $625 million (the "Forfeited Funds"), $550 million of which will be credited and paid to the Trustee on behalf of the Shapiro Family in accordance with the terms herein. A proposed Stipulation and Order of Settlement between the Government and the Shapiro Family will be submitted to the District Court for approval (the "Forfeiture Stipulation," annexed hereto as Exhibit C).

L. Based on the foregoing, the Trustee, on the one hand, and the Shapiro Family, on behalf of themselves and the Shapiro BLMIS Account Holders, on the other hand, wish to settle their disputes about the matters described above without the expense, delay and uncertainty of litigation.

2

NOW, THEREFORE, in consideration of the foregoing, of the mutual promises, undertakings, and covenants set forth herein, and for good and valuable consideration, the mutual receipt and sufficiency of which are hereby acknowledged the Trustee and the Shapiro Family agree as follows:

## AGREEMENT

1.      The Shapiro Family. The Shapiro Family, for purposes of this Agreement, refers to the following individuals and entities:   Carl J. Shapiro, Ruth E. Shapiro, Rhonda Shapiro Zinner, Michael J. Zinner, Linda Shapiro Waintrup, Daniel I. Waintrup, Ellen Shapiro Jaffe, Robert M. Jaffe, Jennifer Segal Herman, Jonathan M. Segal, Kimberly L. Strauss, Samantha L. Strauss, Michael S. Jaffe, Steven C. Jaffe, Andrew N. Jaffe, Ashley Herman, Zachary Herman, Alexandra Herman, Rebekah Jaffe, Oliver Jaffe, Carl J Shapiro 2007 Trust dated 11/14/07, Ruth Shapiro 2007 Trust dated 11/14/2007, Carl J. Shapiro 2003 Trust U/D/T 4/9/03 As Amended, Ruth Shapiro 2003 Trust U/D/T/ 4/9/03 As Amended, Rhonda Shapiro Zinner 1993 Trust U/D/T/ DTD 7/7/93 As Amended, RSZ 2006 Irrevocable Trust, Ellen S. Jaffe 2003 Trust U/D/T DTD 5/8/03 As Amended, Jaffe Family 2004 Irrevocable Trust, Linda Shapiro Family Trust DTD 12/08/76, Linda Shapiro Waintrup 1992 Trust U/D/T DTD 3/11/92 As Amended, LSW 2006 Irrevocable Trust, Jennifer M. Segal Herman Trust U/D/T DTD 5/1/67 As Amended, Jennifer S. Herman 2007 Trust, Jennifer Segal Herman 1985 Trust Dated 4/16/85, Jonathan M. Segal 1989 Trust U/D/T DTD 3/8/89 As Amended, Jonathan M. Segal 2007 Trust, Jonathan M. Segal Trust U/D/T/ DTD 12/1/70, JSH 2006 Irrevocable Trust, Michael S. Jaffe 1989 Trust U/D/T DTD 8/24/89 As Amended, Michael S. Jaffe 2007 Trust, Michael S. Jaffe Trust U/D/T/ 9/25/71 As Amended, Steven C. Jaffe Trust U/D/T DTD 9/25/71 As Amended, Steven C. Jaffe 1989 Trust U/D/T DTD 8/24/89 As Amended, Steven C. Jaffe 2007 Trust, Andrew Jaffe Trust U/D/T DTD 5/12/75 As Amended, Andrew N. Jaffe 1993 Irrevocable Trust U/D/T DTD 6/11/93 As Amended, Andrew N. Jaffe 2007 Trust, Samantha Strauss 1985 Trust, Samantha L. Strauss 2003 Irrevocable Trust, Kimberly Lauren Strauss 1988 Trust As Amended, Kimberly L. Strauss 2006 Irrevocable Trust, Shapiro Family Limited Partnership, Carl and Ruth Shapiro Family Foundation, RSZ-JSH Partnership, Shapiro Family CLAT Joint Venture, Shapiro GGC-1 LLC, Jaffe GC-1 LLC, M/A/S Capital Corp., J Development Group and Wellesley Capital Management, Inc.

2.      Bankruptcy Court Jurisdiction.   The Shapiro Family, on behalf of themselves and the Shapiro BLMIS Account Holders, submit to the jurisdiction of the Bankruptcy Court for purposes of the SIPA Proceedings and the settlement of the Trustee's claims against them, including the Trustee's Avoiding Powers Claims; provided, however, that prior to Bankruptcy Court approval of this Agreement, the Shapiro Family, on behalf of themselves and the Shapiro BLMIS Account Holders, by virtue of their having executed this Agreement, shall not be deemed to have (a) consented to the jurisdiction of the Bankruptcy Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving the Shapiro Family, or (b) waived their right to trial by jury.

3.      Payment To Trustee. Within 3 business days from the date of entry of the Approval Order (as defined in paragraph 14 hereof) the Shapiro Family shall pay to the Trustee by wire transfer the sum of Five Hundred Fifty Million Dollars ($550,000,000) in full and final settlement of all Avoiding Powers Claims and all other claims that could have been asserted by the Trustee against the Shapiro Family or the Shapiro BLMIS Account Holders (the "Settlement Payment"). Of that amount, $38 million shall be paid by or on behalf of Jaffe and M/A/S, representing the total amount the Trustee seeks from Jaffe and satisfying in full the Trustee's claims against Jaffe and M/A/S in the Cohmad Adversary Proceeding, including the Trustee's

3

claims for (i) all monies allegedly withdrawn by Jaffe and M/A/S from BLMIS; (ii) all monies allegedly paid by BLMIS to Jaffe and/or M/A/S for the referral of customers by Jaffe to BLMIS, whether directly or through Cohmad; and (iii) Jaffe's proportional share of commissions allegedly paid by BLMIS and received by Cohmad which were not paid to Cohmad's registered representatives. Although the Trustee's claims against Jaffe and M/A/S are being satisfied in full in connection with the Cohmad Adversary Proceeding, neither Jaffe nor M/A/S admit any of the facts alleged against them in the Cohmad Adversary Proceeding.

4.    Withdrawal of Claims.   Each of the Shapiro Customer Claims shall be deemed withdrawn with prejudice upon the payment of the Settlement Payment. Within 10 days from the date of the entry of the Approval Order, the Shapiro Family shall withdraw with prejudice all pleadings filed with the Bankruptcy Court objecting to the Trustee's determination of any of the Shapiro Customer Claims.

5.    Release by Trustee.   In consideration for the covenants and agreements in this Agreement and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, except with respect to any rights arising under this Agreement, the Trustee hereby releases, acquits and forever discharges the Shapiro Released Parties and the Shapiro-Affiliated Entities (each as defined below) of and from any and all past, present and future claims or causes of action (including any suit, petition, demand, or other claim in law, equity or arbitration) and from any and all allegations of liability or damages (including any allegation of duties, debts, reckonings, contracts, controversies, agreements, promises, damages, responsibilities, covenants, or accounts), of whatever kind, nature or description, direct or indirect, in law, equity or arbitration, absolute or contingent, in tort, contract, statutory liability or otherwise, based on strict liability, negligence, gross negligence, fraud, breach of fiduciary duty or otherwise (including attorneys' fees, costs or disbursements), known or unknown, that are, have been, could have been or might in the future be asserted by the Trustee against any of the Shapiro Released Parties and the Shapiro-Affiliated Entities, as the case may be, and that are based on, arise out of or relate in any way to (x) with respect to the Shapiro Released Parties, BLMIS or the Shapiro BLMIS Accounts and (y) with respect to the Shapiro-Affiliated Entities, the Shapiro BLMIS Accounts.   The "Shapiro Released Parties" means (a) the Shapiro Family and (b) the Shapiro BLMIS Account Holders. The "Shapiro-Affiliated Entities" means  current or former employees of Wellesley Capital Management, Inc., trustees for any Shapiro BLMIS Account Holder, and attorneys for any Shapiro BLMIS Account Holder, in each case solely in such capacity as employee, trustee and/or attorney and solely with respect to the Shapiro BLMIS Accounts, and not with respect to any distribution from any other account or any other relationship such person or entity had or has with BLMIS. As used herein, Shapiro Affiliated Entities shall not include any person or entity that also falls within the definition of Shapiro Released Party. The release contained herein shall become effective upon the payment of the Settlement Payment as set forth in paragraph 3 hereof without any further action by any of the Parties; provided, however, that if any Shapiro-Affiliated Entity challenges the release provided to the Trustee pursuant to paragraph 6 hereof or otherwise asserts claims against the Trustee that were released by paragraph 6 hereof, the release given by the Trustee to such person or entity pursuant to this paragraph 5 shall be deemed void for all purposes without any further action by the Trustee or any other Party.

6.    Release by the Shapiro Released Parties and Shapiro-Affiliated Entities.  In consideration for the covenants and agreements in this Agreement and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, except with respect to any rights arising under this Agreement, the Shapiro Family, on behalf of themselves and on behalf of the Shapiro BLMIS Account Holders and the Shapiro-Affiliated

4

Entities, hereby release, acquit and forever discharge the Trustee and all his agents, BLMIS and its estate, from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, damages, judgments, and claims whatsoever, asserted or unasserted, known or unknown, now existing or arising in the future, arising out of or in any way related to BLMIS or the Shapiro BLMIS Accounts. The release contained herein shall become effective upon the payment of the Settlement Payment as set forth in paragraph 3 hereof without any further action by any of the Parties.

7.      Withdrawal by Shapiro Family of Net Equity Briefing. Within 10 days from the date of the entry of the Approval Order, the Shapiro Family shall withdraw with prejudice the briefing it has filed with the United States Court of Appeals for the Second Circuit in the matter captioned In re Bernard L. Madoff Investment Securities LLC, No. 10-2378, opposing the Trustee's determination of net equity and shall cease its direct or indirect prosecution of any opposition to the Trustee's position on net equity in the SIPA Proceeding.

8.      Dismissal of the Cohmad Adversary Proceeding as to Jaffe and M/A/S. Within 10 days from the date of the entry of the Approval Order, counsel for the Trustee and counsel for Jaffe and M/A/S shall execute and file a written stipulation withdrawing all of the Trustee's claims against Jaffe and M/A/S in the Cohmad Adversary Proceeding, dismissing with prejudice all claims that have been or could have been raised against Jaffe and/or M/A/S in connection with the Cohmad Adversary Proceeding, and withdrawing challenges by Jaffe and M/A/S to the sufficiency of the Trustee's amended complaint in the Cohmad Adversary Proceeding. Further, Jaffe and M/A/S shall cease their direct or indirect assistance of any challenge to the Trustee's amended complaint in the Cohmad Adversary Proceeding.

9.      Cooperation. Upon reasonable request of the Trustee, Carl and Ruth Shapiro, their children, their grandchildren, Daniel Waintrup, and Michael Zinner agree to reasonably cooperate with the Trustee in connection with any efforts to recover funds invested with BLMIS by non-Shapiro BLMIS Account Holders. The Trustee acknowledges that pursuant to the Forfeiture Stipulation, certain payments to be made by the Shapiro Family to the Government are contingent on the Shapiro Family's receipt of certain tax refunds. The Trustee agrees to use reasonable best efforts to cooperate with the Shapiro Family in connection with any efforts to recover tax refunds arising from or relating to the Forfeiture Stipulation and/or the Agreement.

10.     Representations and Warranties. Each member of the Shapiro Family represents and warrants to the Trustee that (a) the financial statements provided to the Trustee by such member in anticipation of entry into this Agreement are true and accurate as of the date thereof and, except as set forth on such financial statements, such member has no other material assets as of the date thereof, (b) the statements regarding The Carl and Ruth Family Foundation (the "Foundation") provided to the Trustee by the Shapiro Family in anticipation of entry into this Agreement are true and accurate as of the date thereof and, except as set forth on the statements, the Foundation has no other assets as of the date thereof and (c) the remaining assets of the Foundation shall be used only for payments of amounts due under the Forfeiture Stipulation or for charitable purposes, including gift commitments, operating expenses and the repayment of any loans made to facilitate charitable giving by the Foundation in 2010 during the period when the Shapiro Family has been in discussion with the Trustee concerning the resolution of the Trustee's claims. The financial statements referenced in the immediately preceding sentence are collectively defined as the "Financial Statements". The Shapiro Family acknowledges that the Trustee has relied upon their representations and financial disclosures in entering into this Agreement. The Trustee agrees to accept the representations and disclosures

5

and to refrain from conducting additional discovery into the Shapiro Family's assets, except upon good cause therefor.

11.    Material or Intentional Breach.  In the event that the Bankruptcy Court (or other court of competent jurisdiction) determines that (a) there has been a material or intentional breach of any of the representations made herein or (b) any of the Financial Statements contain a material misrepresentation or any intentional misrepresentation, the Shapiro Family shall be liable to the Trustee for the full amount of such breach or misrepresentation, as the case may be.  In addition, the Shapiro Family shall be liable to the Trustee for an additional 50% of such amount, representing a reasonable estimate of the additional costs incurred by the Trustee as a result of such breach or misrepresentation, as the case may be, including but not limited to the cost of investigation, the cost of litigation, the time value of money, and appropriate compensation for discovering such breach or misrepresentation.  It is agreed for the purposes of this paragraph only that the issue of materiality shall be determined by reference to the breaching party's Financial Statements.

12.    Material and Intentional Breach.  In the event that the Bankruptcy Court (or other court of competent jurisdiction) determines that (a) a breach of any of the representations and warranties is both intentional and material or (b) any of the Financial Statements contain a misrepresentation that is both material and intentional, then within one year of such determination, the Trustee may, in his sole discretion, assert against the Shapiro Family or any of them the Avoidance Actions or any other causes of action he may have against them as if this Agreement had never been entered into.  It is agreed for the purposes of this paragraph only that the issue of materiality shall be determined by reference to the Financial Statements made by the entire Shapiro Family.  The Shapiro Family agrees that in the event the Trustee brings any such action (a) any potential statute of limitations shall be tolled from the date of this Agreement to the date of commencement of such action; (b) the Shapiro Family shall not assert, and hereby irrevocably waives, any defense based on statute of limitations or laches, or any other defense based on the assertion that the Trustee's claim is untimely, based on the passage of time from the date of this Agreement to the date of commencement of such action; and (c) the Shapiro Family shall not assert as a defense to such action the release of the Shapiro Family in paragraph 5 of the Agreement.  The parties agree that any judgment against the Shapiro Family obtained by the Trustee shall be offset by the amount of payments made to the Trustee by the Shapiro Family pursuant to this Agreement (including payment pursuant to paragraph 3, 11 and this paragraph 12.)

13.    Time Period for Claims.  The entry of a final decree discharging the Trustee and closing the SIPA Proceeding shall be an absolute bar to the assertion of any claim or the commencement of any action against any member of the Shapiro Family for claims that may be asserted pursuant to paragraphs 10, 11 or 12 of this Agreement.

14.    Bankruptcy Court Approval; Effective Date; Termination.  This Agreement is subject to, and shall become effective and binding on the Parties upon and only upon, the Bankruptcy Court's entry of an order approving this Agreement (the "Approval Order").  The form of the approval order shall be subject to the Shapiro Family's reasonable approval.  The Trustee shall use his reasonable best efforts to obtain such approval as promptly as practicable after the date of this Agreement.  The Trustee shall provide the Shapiro Family with a draft of any motion to the Bankruptcy Court for approval of this Agreement, which shall be subject to the Shapiro Family's reasonable approval.  If this Agreement does not become effective or the Approval Order, or any part thereof, is overturned on appeal, (a) this Agreement (other than this paragraph and paragraphs 22, 23 and 24) shall terminate and be null and void for all purposes,

6

(b) all of the statements, admissions, consents and agreements contained in the Agreement (other than this paragraph and paragraphs 22, 23 and 24) shall be null and void, (c) neither the Trustee nor the Shapiro BLMIS Account Holders may use or rely on any such statement, admission, consent or agreement in any public statement or litigation involving the SIPA Proceedings, any case or proceeding relating to the SIPA Proceeding, or any case or proceeding relating to BLMIS or Madoff, and (d) any portion of the Settlement Payment already paid to the Trustee shall be returned to the Shapiro Family, except to the extent the estate lacks sufficient funds to pay such amount. If the Bankruptcy Court has not entered the Approval Order by December 27, 2010, then, at the option of either the Trustee or the Shapiro Family and upon written notice to the other party to this Agreement, (a) this Agreement (other than this paragraph and paragraphs 22, 23 and 24) shall terminate and be null and void for all purposes, (b) all of the statements, admissions, consents and agreements contained in the Agreement (other than this paragraph and paragraphs 22, 23 and 24) shall be null and void, (c) neither the Trustee nor the Shapiro BLMIS Account Holders may use or rely on any such statement, admission, consent or agreement in any public statement or litigation involving the SIPA Proceedings, any case or proceeding relating to the SIPA Proceeding, or any case or proceeding relating to BLMIS or Madoff, and (d) any portion of the Settlement Payment already paid to the Trustee shall be returned to the Shapiro Family, except to the extent the estate lacks sufficient funds to pay such amount.

15.     Authority. The Shapiro Family, represents and warrants to the Trustee as of the date hereof that each of them has the full power, authority and legal right to execute and deliver, and to perform its respective obligations under, this Agreement and has taken all necessary action to authorize the execution and delivery of, and the performance of its respective obligations under, this Agreement. The Parties understand that some of the Shapiro Family members are under the age of majority that would permit them to lawfully enter into this Agreement on their own behalf and that, in such cases, their parent and/or legal guardian is entering into the Agreement on their behalf. In such instances where a member of the Shapiro Family is signing on behalf of a minor individual, the Shapiro Family represents that such person has the authority to act to bind the minor individual to this Agreement and, further, the Shapiro Family agrees to indemnify and hold harmless the Trustee from any claims that may be asserted by the minor individual which claims relate in any way to this Agreement or the subject matter hereof.

16.     Further Assurances. The Parties shall execute and deliver any document or instrument reasonably requested by any of them after the date of this Agreement to effectuate the intent of this Agreement.

17.     Entire Agreement. This Agreement constitutes the entire agreement and understanding between and among the Parties and supersedes all prior agreements, representations and understandings concerning the subject matter hereof.

18.     Amendments, Waiver. This Agreement may not be terminated, amended or modified in any way except in a writing signed by all the Parties. No waiver of any provision of this Agreement shall be deemed to constitute a waiver of any other provision hereof, whether or not similar, nor shall such waiver constitute a continuing waiver.

19.     Assignability. No Party hereto may assign its rights under this Agreement without the prior written consent of each of the other Parties hereto.

20.     Successors Bound. This Agreement shall be binding upon and inure to the benefit of each of the Parties and their successors and permitted assigns. For the purpose of this paragraph, it is expressly agreed that "successors" includes the estate or legal guardian or representative of any Shapiro Family member that dies or, due to age, illness, infirmity or the like, becomes incapable of contracting prior to the effective date of the Approval Order.

21.     No Third Party Beneficiary. Except as expressly provided in paragraphs 5 and 6, the Parties do not intend to confer any benefit by or under this Agreement upon any person or entity other than the Parties hereto and their respective successors and permitted assigns.

22.     No Admission of Liability or Wrongdoing. By entering into this Agreement, the Shapiro Family does not admit and expressly denies that any family member or any of the Shapiro BLMIS Account Holders have any liability to the Trustee, owe any sums to the Trustee or have any liability or owe any sums to any other persons or entities arising from or related to BLMIS or the Madoff Ponzi scheme. Furthermore, the Shapiro Family does not admit and expressly denies that any family member or any of the Shapiro BLMIS Account Holders engaged in any wrongdoing arising from or related to BLMIS or the Madoff Ponzi scheme.

23.     Applicable Law. This Agreement shall be construed and enforced in accordance with the laws of the State of New York.

24.     Exclusive Jurisdiction. The Parties agree that any action for breach or enforcement of this Agreement may be brought only in the Bankruptcy Court. No Party shall bring, institute, prosecute or maintain any action pertaining to the enforcement of any provision of this Agreement in any court other than the Bankruptcy Court.

25.     Captions and Rules of Construction. The captions in this Agreement are inserted only as a matter of convenience and for reference and do not define, limit or describe the scope of this Agreement or the scope or content of any of its provisions. Any reference in this Agreement to a paragraph is to a paragraph of this Agreement. "Includes" and "including" are not limiting.

26.     Counterparts; Electronic Copy of Signatures. This Agreement and exhibits may be executed and delivered in any number of counterparts, each of which so executed and delivered shall be deemed to be an original and all of which shall constitute one and the same document. The Parties may evidence their execution of this Agreement by delivery to the other Parties of scanned or faxed copies of their signatures, with the same effect as the delivery of an original signature.

27.     Termination of BLMIS Account Agreements with BLMIS. All agreements between holders of the Shapiro BLMIS Account Holders and BLMIS are terminated as of the date of the Settlement Payment.

28.     Notices. Any notices under this Agreement shall be in writing, shall be effective when received and may be delivered only by hand, by overnight delivery service, by fax or by electronic transmission to:

| | |
|---|---|
| If to the Trustee:<br>Irving H. Picard<br>E: ipicard@bakerlaw.com | If to the Shapiros, c/o:<br>David R. Andelman<br>E: DAndelman@louriecutler.com |

8

Baker & Hostetler LLP                    Lourie & Cutler, P.C.
45 Rockefeller Center, Suite 1100        60 State Street
New York, NY 10111                       Boston MA 02109
F: (212) 589-4201                        F: (617) 848-5812

with copies to:

David J. Sheehan                         Stephen Fishbein
E: dsheehan@bakerlaw.com                 E: sfishbein@shearman.com
Marc Hirschfield                         Richard Schwed
E: mhirschfield@bakerlaw.com             E: rschwed@shearman.com
Baker & Hostetler LLP                    Shearman & Sterling LLP
45 Rockefeller Center, Suite 1100        599 Lexington Avenue
New York, NY 10111                       New York, NY 10022
F: (212) 589-4201                        F: (212) 848-7179

[*Signature page follows*]

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed as of the date first above written.

_____
IRVING H. PICARD, Trustee

_____
CARL J. SHAPIRO

_____
RUTH E. SHAPIRO

_____
RHONDA SHAPIRO ZINNER

_____
MICHAEL J. ZINNER

_____
JONATHAN M. SEGAL

_____
JENNIFER SEGAL HERMAN, on behalf of herself
and her minor children

_____
LINDA SHAPIRO WAINTRUP

_____
DANIEL I. WAINTRUP

_____
KIMBERLY L. STRAUSS

_____
SAMANTHA L. STRAUSS

10

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed as of the date first above written.

_____
IRVING H. PICARD, Trustee

_____
CARL J. SHAPIRO

_____
RUTH E. SHAPIRO

_____
RHONDA SHAPIRO ZINNER

_____
MICHAEL J. ZINNER

_____
JONATHAN M. SEGAL

_____
JENNIFER SEGAL HERMAN, on behalf of herself
and her minor children

_____
LINDA SHAPIRO WAINTRUP

_____
DANIEL I. WAINTRUP

_____
KIMBERLY L. STRAUSS

_____
SAMANTHA L. STRAUSS

10

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed as of the date first above written.

_____
IRVING H. PICARD, Trustee

_____
CARL J. SHAPIRO

_____
RUTH E. SHAPIRO

_____
RHONDA SHAPIRO ZINNER

_____
MICHAEL J. ZINNER

_____
JONATHAN M. SEGAL

_____
JENNIFER SEGAL HERMAN, on behalf of herself
and her minor children

_____
LINDA SHAPIRO WAINTRUP

_____
DANIEL I. WAINTRUP

_____
KIMBERLY L. STRAUSS

_____
SAMANTHA L. STRAUSS

10

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed as of the date first above written.

_____
IRVING H. PICARD, Trustee

_____
CARL J. SHAPIRO

_____
RUTH E. SHAPIRO

_____
RHONDA SHAPIRO ZINNER

_____
MICHAEL J. ZINNER

_____
JONATHAN M. SEGAL

_____
JENNIFER SEGAL HERMAN, on behalf of herself and/her minor children

_____
LINDA SHAPIRO WAINTRUP

_____
DANIEL I. WAINTRUP

_____
KIMBERLY L. STRAUSS

_____
SAMANTHA L. STRAUSS

10

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed as of the date first above written.

_____
IRVING H. PICARD, Trustee


_____
CARL J. SHAPIRO


_____
RUTH E. SHAPIRO


_____
RHONDA SHAPIRO ZINNER


_____
MICHAEL J. ZINNER


_____
JONATHAN M. SEGAL


_____
JENNIFER SEGAL HERMAN, on behalf of herself
and her minor children


_____
LINDA SHAPIRO WAINTRUP


_____
DANIEL I. WAINTRUP


_____
KIMBERLY L. STRAUSS


_____
SAMANTHA L. STRAUSS


10

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed as of the date first above written.

_____
IRVING H. PICARD, Trustee

_____
CARL J. SHAPIRO

_____
RUTH E. SHAPIRO

_____
RHONDA SHAPIRO ZINNER

_____
MICHAEL J. ZINNER

_____
JONATHAN M. SEGAL

_____
JENNIFER SEGAL HERMAN, on behalf of herself
and her minor children

_____
LINDA SHAPIRO WAINTRUP

_____
DANIEL I. WAINTRUP

_____
KIMBERLY L. STRAUSS

_____
SAMANTHA L. STRAUSS

10

ELLEN SHAPIRO JAFFE

ROBERT M. JAFFE

_____
MICHAEL S. JAFFE

_____
STEVEN C. JAFFE

_____
ANDREW N. JAFFE, on behalf of himself and his
minor children

CARL J. SHAPIRO 2003 TRUST U/D/T 4/9/03 AS
AMENDED

BY: _____
Carl J. Shapiro, Trustee

RUTH SHAPIRO 2003 TRUST U/D/T/ 4/9/03 AS
AMENDED

BY: _____
Ruth E. Shapiro, Trustee

CARL J. SHAPIRO 2007 TRUST DATED 11/14/07

BY: _____
Carl J. Shapiro, Trustee

RUTH SHAPIRO 2007 TRUST DATED 11/14/07

BY: _____
Ruth E. Shapiro, Trustee

11

ELLEN SHAPIRO JAFFE

ROBERT M. JAFFE

MICHAEL S. JAFFE

STEVEN C. JAFFE

ANDREW N. JAFFE, on behalf of himself and his
minor children

CARL J. SHAPIRO 2003 TRUST U/D/T 4/9/03 AS
AMENDED

BY:_____
    Carl J. Shapiro, Trustee

RUTH SHAPIRO 2003 TRUST U/D/T/ 4/9/03 AS
AMENDED

BY:_____
    Ruth E. Shapiro, Trustee

CARL J. SHAPIRO 2007 TRUST DATED 11/14/07

BY:_____
    Carl J. Shapiro, Trustee

RUTH SHAPIRO 2007 TRUST DATED 11/14/07

BY:_____
    Ruth E. Shapiro, Trustee

11

RHONDA SHAPIRO ZINNER 1993 TRUST U/D/T/
DTD 7/7/93 AS AMENDED

BY: _Rhonda S. Zinner_
     Rhonda S. Zinner, Trustee


RSZ 2006 IRREVOCABLE TRUST

BY: _Carl J. Shapiro_
     Carl J. Shapiro, Trustee

BY: _Ruth E. Shapiro_
     Ruth E. Shapiro, Trustee


ELLEN S. JAFFE 2003 TRUST U/D/T DTD 5/8/03
AS AMENDED

BY: _Ellen S. Jaffe Klein_
     Ellen S. Jaffe Trustee


JAFFE FAMILY 2004 IRREVOCABLE TRUST

BY:_____
     Michael S. Jaffe, Trustee

BY:_____
     Steven C. Jaffe, Trustee

BY:_____
     Andrew N. Jaffe, Trustee

BY:_____
     David R. Andelman, Trustee


LINDA SHAPIRO FAMILY TRUST DTD 12/08/76

BY:_____
     Linda S. Waintrup, Trustee

RHONDA SHAPIRO ZINNER 1993 TRUST U/D/T/
DTD 7/7/93 AS AMENDED

BY:_____
　　　　Rhonda S. Zinner, Trustee


RSZ 2006 IRREVOCABLE TRUST

BY:_____
　　　　Carl J. Shapiro, Trustee

BY:_____
　　　　Ruth E. Shapiro, Trustee


ELLEN S. JAFFE 2003 TRUST U/D/T DTD 5/8/03
AS AMENDED

BY:_____
　　　　Ellen S. Jaffe, Trustee


JAFFE FAMILY 2004 IRREVOCABLE TRUST

BY:_____
　　　　Michael S. Jaffe, Trustee

BY:_____
　　　　Steven C. Jaffe, Trustee

BY:_____
　　　　Andrew N. Jaffe, Trustee

BY:_____
　　　　David R. Andelman, Trustee


LINDA SHAPIRO FAMILY TRUST DTD 12/08/76

BY:_____
　　　　Linda S. Waintrup, Trustee


12

**RHONDA SHAPIRO ZINNER 1993 TRUST U/D/T/
DTD 7/7/93 AS AMENDED**

BY:_____
       Rhonda S. Zinner, Trustee


**RSZ 2006 IRREVOCABLE TRUST**

BY:_____
       Carl J. Shapiro, Trustee

BY:_____
       Ruth E. Shapiro, Trustee


**ELLEN S. JAFFE 2003 TRUST U/D/T DTD 5/8/03
AS AMENDED**

BY:_____
       Ellen S. Jaffe, Trustee


**JAFFE FAMILY 2004 IRREVOCABLE TRUST**

BY:_____
       Michael S. Jaffe, Trustee

BY:_____
       Steven C. Jaffe, Trustee

BY:_____
       Andrew N. Jaffe, Trustee

BY:_____
       David R. Andelman, Trustee


**LINDA SHAPIRO FAMILY TRUST DTD 12/08/76**

BY:_____
       Linda S. Waintrup, Trustee


12

RHONDA SHAPIRO ZINNER 1993 TRUST U/D/T/
DTD 7/7/93 AS AMENDED

BY:_____
       Rhonda S. Zinner, Trustee


RSZ 2006 IRREVOCABLE TRUST

BY:_____
       Carl J. Shapiro, Trustee

BY:_____
       Ruth E. Shapiro, Trustee


ELLEN S. JAFFE 2003 TRUST U/D/T DTD 5/8/03
AS AMENDED

BY:_____
       Ellen S. Jaffe, Trustee


JAFFE FAMILY 2004 IRREVOCABLE TRUST

BY:_____
       Michael S. Jaffe, Trustee

BY:_____
       Steven C. Jaffe, Trustee

BY:_____
       Andrew N. Jaffe, Trustee

BY:_____
       David R. Andelman, Trustee


LINDA SHAPIRO FAMILY TRUST DTD 12/08/76

BY:_____
       Linda S. Waintrup, Trustee

12

LINDA SHAPIRO WAINTRUP 1992 TRUST U/D/T
DTD 3/11/92 AS AMENDED

BY: _____
Linda S. Waintrup, Trustee


LSW 2006 IRREVOCABLE TRUST

BY:_____
Carl J. Shapiro, Trustee

BY:_____
Ruth E. Shapiro, Trustee


JENNIFER M. SEGAL HERMAN TRUST U/D/T
DTD 5/1/67 AS AMENDED

BY:_____
Ruth E. Shapiro, Trustee


JENNIFER S. HERMAN 2007 TRUST

BY:_____
Jennifer S. Herman, Trustee


JENNIFER SEGAL HERMAN 1985 TRUST
DATED 4/16/85

BY:_____
Rhonda S. Zinner, Trustee


JONATHAN M. SEGAL 1989 TRUST U/D/T DTD
3/8/89 AS AMENDED

BY:_____
Rhonda S. Zinner, Trustee

BY:_____
Jonathan M. Segal, Trustee


13

**LINDA SHAPIRO WAINTRUP 1992 TRUST U/D/T
DTD 3/11/92 AS AMENDED**

BY:_____
      Linda S. Waintrup, Trustee


**LSW 2006 IRREVOCABLE TRUST**

BY:_____
      Carl J. Shapiro, Trustee

BY:_____
      Ruth E. Shapiro, Trustee


**JENNIFER M. SEGAL HERMAN TRUST U/D/T
DTD 5/1/67 AS AMENDED**

BY:_____
      Ruth E. Shapiro, Trustee


**JENNIFER S. HERMAN 2007 TRUST**

BY:_____
      Jennifer S. Herman, Trustee


**JENNIFER SEGAL HERMAN 1985 TRUST
DATED 4/16/85**

BY:_____
      Rhonda S. Zinner, Trustee


**JONATHAN M. SEGAL 1989 TRUST U/D/T DTD
3/8/89 AS AMENDED**

BY:_____
      Rhonda S. Zinner, Trustee

BY:_____
      Jonathan M. Segal, Trustee


13

**LINDA SHAPIRO WAINTRUP 1992 TRUST U/D/T
DTD 3/11/92 AS AMENDED**

BY:_____
     Linda S. Waintrup, Trustee


**LSW 2006 IRREVOCABLE TRUST**

BY:_____
     Carl J. Shapiro, Trustee

BY:_____
     Ruth E. Shapiro, Trustee


**JENNIFER M. SEGAL HERMAN TRUST U/D/T
DTD 5/1/67 AS AMENDED**

BY:_____
     Ruth E. Shapiro, Trustee


**JENNIFER S. HERMAN 2007 TRUST**

BY:_____
     Jennifer S. Herman, Trustee


**JENNIFER SEGAL HERMAN 1985 TRUST
DATED 4/16/85**

BY:_____
     Rhonda S. Zinner, Trustee


**JONATHAN M. SEGAL 1989 TRUST U/D/T DTD
3/8/89 AS AMENDED**

BY:_____
     Rhonda S. Zinner, Trustee

BY:_____
     Jonathan M. Segal, Trustee


13

**LINDA SHAPIRO WAINTRUP 1992 TRUST U/D/T
DTD 3/11/92 AS AMENDED**

BY:_____
          Linda S. Waintrup, Trustee


**LSW 2006 IRREVOCABLE TRUST**

BY:_____
          Carl J. Shapiro, Trustee

BY:_____
          Ruth E. Shapiro, Trustee


**JENNIFER M. SEGAL HERMAN TRUST U/D/T
DTD 5/1/67 AS AMENDED**

BY:_____
          Ruth E. Shapiro, Trustee


**JENNIFER S. HERMAN 2007 TRUST**

BY:_____
          Jennifer S. Herman, Trustee


**JENNIFER SEGAL HERMAN 1985 TRUST
DATED 4/16/85**

BY:_____
          Rhonda S. Zinner, Trustee


**JONATHAN M. SEGAL 1989 TRUST U/D/T DTD
3/8/89 AS AMENDED**

BY:_____
          Rhonda S. Zinner, Trustee

BY:_____
          Jonathan M. Segal, Trustee

13

**JONATHAN M. SEGAL 2007 TRUST**

BY:_____
Jonathan M. Segal, Trustee


**JONATHAN M. SEGAL TRUST U/D/T DTD 12/1/70**

BY:_____
Ruth E. Shapiro, Trustee


**JSH 2006 IRREVOCABLE TRUST**

BY:_____
Carl J. Shapiro, Trustee

BY:_____
Ruth E. Shapiro, Trustee


**MICHAEL S. JAFFE 1989 TRUST U/D/T DTD 8/24/89 AS AMENDED**

BY:_____
Ellen S. Shapiro, Trustee

BY:_____
Michael S. Jaffe, Trustee


**MICHAEL S. JAFFE 2007 TRUST**

BY:_____
Michael S. Jaffe, Trustee


**MICHAEL S. JAFFE TRUST U/D/T 9/25/71 AS AMENDED**

BY:_____
Ruth E. Shapiro, Trustee


14

JONATHAN M. SEGAL 2007 TRUST

BY:_____
     Jonathan M. Segal, Trustee


JONATHAN M. SEGAL TRUST U/D/T DTD
12/1/70

BY:_____
     Ruth E. Shapiro, Trustee


JSH 2006 IRREVOCABLE TRUST

BY:_____
     Carl J. Shapiro, Trustee

BY:_____
     Ruth E. Shapiro, Trustee


MICHAEL S. JAFFE 1989 TRUST U/D/T DTD
8/24/89 AS AMENDED

BY:_____
     Ellen S. Jaffe, Trustee

BY:_____
     Michael S. Jaffe, Trustee


MICHAEL S. JAFFE 2007 TRUST

BY:_____
     Michael S. Jaffe, Trustee


MICHAEL S. JAFFE TRUST U/D/T 9/25/71 AS
AMENDED

BY:_____
     Ruth E. Shapiro, Trustee


14

JONATHAN M. SEGAL 2007 TRUST

BY:_____
         Jonathan M. Segal, Trustee


JONATHAN M. SEGAL TRUST U/D/T DTD
12/1/70

BY:_____
         Ruth E. Shapiro, Trustee


JSH 2006 IRREVOCABLE TRUST

BY:_____
         Carl J. Shapiro, Trustee

BY:_____
         Ruth E. Shapiro, Trustee


MICHAEL S. JAFFE 1989 TRUST U/D/T DTD
8/24/89 AS AMENDED

BY:_____
         Ellen S. Jaffe, Trustee

BY:_____
         Michael S. Jaffe, Trustee


MICHAEL S. JAFFE 2007 TRUST

BY:_____
         Michael S. Jaffe, Trustee


MICHAEL S. JAFFE TRUST U/D/T 9/25/71 AS
AMENDED

BY:_____
         Ruth E. Shapiro, Trustee


14

STEVEN C. JAFFE TRUST U/D/T DTD 9/25/71 AS
AMENDED

BY: _Ruth E. Shapiro_
        Ruth E. Shapiro, Trustee


STEVEN C. JAFFE 1989 TRUST U/D/T DTD
8/24/89 AS AMENDED

BY: _Ellen S. Jaffe_
        Ellen S. Jaffe, Trustee

BY:_____
        Steven C. Jaffe, Trustee


STEVEN C. JAFFE 2007 TRUST

BY:_____
        Steven C. Jaffe, Trustee


ANDREW JAFFE TRUST U/D/T DTD 5/12/75 AS
AMENDED

BY: _Ruth E. Shapiro_
        Ruth E. Shapiro, Trustee


ANDREW N. JAFFE 1993 IRREVOCABLE TRUST
U/D/T DTD 6/11/93 AS AMENDED

BY: _Ellen S. Jaffe_
        Ellen S. Jaffe, Trustee

BY:_____
        Andrew N. Jaffe, Trustee


ANDREW N. JAFFE 2007 TRUST

BY:_____
        Andrew N. Jaffe, Trustee


15

STEVEN C. JAFFE TRUST U/D/T DTD 9/25/71 AS
AMENDED

BY:_____
　　　Ruth E. Shapiro, Trustee


STEVEN C. JAFFE 1989 TRUST U/D/T DTD
8/24/89 AS AMENDED

BY:_____
　　　Ellen S. Jaffe, Trustee

BY:_____
　　　Steven C. Jaffe, Trustee


STEVEN C. JAFFE 2007 TRUST

BY:_____
　　　Steven C. Jaffe, Trustee


ANDREW JAFFE TRUST U/D/T DTD 5/12/75 AS
AMENDED

BY:_____
　　　Ruth E. Shapiro, Trustee


ANDREW N. JAFFE 1993 IRREVOCABLE TRUST
U/D/T DTD 6/11/93 AS AMENDED

BY:_____
　　　Ellen S. Jaffe, Trustee

BY:_____
　　　Andrew N. Jaffe, Trustee


ANDREW N. JAFFE 2007 TRUST

BY:_____
　　　Andrew N. Jaffe, Trustee


15

**SAMANTHA STRAUSS 1985 TRUST**

BY: _Linda S. Waintrup_
Linda S. Waintrup, Trustee


**SAMANTHA L. STRAUSS 2003 IRREVOCABLE TRUST**

BY: _____
Carl J. Shapiro, Trustee

BY: _Linda S. Waintrup_
Linda S. Waintrup, Trustee


**KIMBERLY LAUREN STRAUSS 1988 TRUST**

BY: _Linda S. Waintrup_
Linda S. Waintrup, Trustee


**KIMBERLY L. STRAUSS 2006 IRREVOCABLE TRUST**

BY: _____
Carl J. Shapiro, Trustee

BY: _Linda S. Waintrup_
Linda S. Waintrup, Trustee


**SHAPIRO FAMILY LIMITED PARTNERSHIP**

BY: _____
Ruth Shapiro, Managing Agent


**CARL AND RUTH SHAPIRO FAMILY FOUNDATION**

BY: _____
Rhonda S. Zinner, President


16

SAMANTHA STRAUSS 1985 TRUST

BY:_____
     Linda S. Waintrup, Trustee


SAMANTHA L. STRAUSS 2003 IRREVOCABLE
TRUST

BY:_____
     Carl J. Shapiro, Trustee

BY:_____
     Linda S. Waintrup, Trustee


KIMBERLY LAUREN STRAUSS 1988 TRUST

BY:_____
     Linda S. Waintrup, Trustee


KIMBERLY L. STRAUSS 2006 IRREVOCABLE
TRUST

BY:_____
     Carl J. Shapiro, Trustee

BY:_____
     Linda S. Waintrup, Trustee


SHAPIRO FAMILY LIMITED PARTNERSHIP

BY:_____
     Ruth Shapiro, Managing Agent


CARL AND RUTH SHAPIRO FAMILY
FOUNDATION

BY:_____
     Rhonda S. Zinner, President


16

**RSZ-JSH PARTNERSHIP**

BY:_____
      Carl J. Shapiro, Agent


**SHAPIRO FAMILY CLAT JOINT VENTURE**

BY:_____
      Rhonda S. Zinner, Agent

BY:_____
      Ellen S. Jaffe, Agent

BY:_____
      Linda S. Waintrup, Agent

BY:_____
      David R. Andelman, Agent


**SHAPIRO GGC-1 LLC**

BY:_____
      Carl J. Shapiro, Manager


**JAFFE GC-1 LLC**

BY:_____
      Ellen S. Jaffe, Manager


**M/A/S CAPITAL CORP.**

BY:_____
      Robert M. Jaffe, Director


**J DEVELOPMENT GROUP**

BY:_____
      Andrew N. Jaffe, Director


17

RSZ-JSH PARTNERSHIP

BY:_____
      Carl J. Shapiro, Agent


SHAPIRO FAMILY CLAT JOINT VENTURE

BY:_____
      Rhonda S. Zinner, Agent

BY:_____
      Ellen S. Jaffe, Agent

BY:_____
      Linda S. Waintrup, Agent

BY:_____
      David R. Andelman, Agent


SHAPIRO GGC-1 LLC

BY:_____
      Carl J. Shapiro, Manager


JAFFE GC-1 LLC

BY:_____
      Ellen S. Jaffe, Manager


M/A/S CAPITAL CORP.

BY:_____
      Robert M. Jaffe, Director


J DEVELOPMENT GROUP

BY:_____
      Andrew N. Jaffe, Director


17

**RSZ-JSH PARTNERSHIP**

BY:_____
      Carl J. Shapiro, Agent


**SHAPIRO FAMILY CLAT JOINT VENTURE**

BY:_____
      Rhonda S. Zinner, Agent

BY:_____
      Ellen S. Jaffe, Agent

BY:_____
      Linda S. Waintrup, Agent

BY:_____
      David R. Andelman, Agent


**SHAPIRO GGC-1 LLC**

BY:_____
      Carl J. Shapiro, Manager


**JAFFE GC-1 LLC**

BY:_____
      Ellen S. Jaffe, Manager


**M/A/S CAPITAL CORP.**

BY:_____
      Robert M. Jaffe, Director


**J DEVELOPMENT GROUP**

BY:_____
      Andrew N. Jaffe, Manager


17

**RSZ-JSH PARTNERSHIP**

BY:_____
      Carl J. Shapiro, Agent


**SHAPIRO FAMILY CLAT JOINT VENTURE**

BY:_____
      Rhonda S. Zinner, Agent

BY:_____
      Ellen S. Jaffe, Agent

BY:_____
      Linda S. Waintrup, Agent

BY:_____
      David R. Andelman, Agent


**SHAPIRO GGC-1 LLC**

BY:_____
      Carl J. Shapiro, Manager


**JAFFE GC-1 LLC**

BY:_____
      Ellen S. Jaffe, Manager


**M/A/S CAPITAL CORP.**

BY:_____
      Robert M. Jaffe, Director


**J DEVELOPMENT GROUP**

BY:_____
      Andrew N. Jaffe, Manager

17

WELLESLEY CAPITAL MANAGEMENT, INC.

BY: _Rhonda S. Zinner_

Rhonda S. Zinner, President

EXHIBIT A

| Account Number | Account Name |
|---|---|
| 1SH003 | ANDREW N JAFFE TRUST U/D/T DTD 5/12/75 AS AMENDED |
| 1SH005 | ELLEN S JAFFE 2003 TRUST U/D/T DTD 5/8/2003 AS AMENDED |
| 1SH006 | MICHAEL S JAFFE 1989 TRUST U/D/T DTD 8/24/89 AS AMENDED |
| 1SH007 | MICHAEL S JAFFE TRUST U/D/T DTD 9/25/71 AS AMENDED |
| 1SH009 | STEVEN C JAFFE 1989 TRUST U/D/T DTD 8/24/89 AS AMENDED |
| 1SH010 | STEVEN C JAFFE TRUST U/D/T DTD 9/25/71 AS AMENDED |
| 1SH016 | JENNIFER SEGAL HERMAN 1985 TRUST DATED 4/16/85 |
| 1SH017 | JENNIFER SEGAL HERMAN TRUST U/D/T DTD 5/1/67 AS AMENDED |
| 1SH018 | JONATHAN M SEGAL 1989 TRUST U/D/T DTD 3/9/89 AS AMENDED T SEGAL TSTEE |
| 1SH019 | JONATHAN M SEGAL TRUST U/D/T DTD 12/1/70 AS AMENDED |
| 1SH020 | RHONDA SHAPIRO ZINNER 1993 TST U/D/T DATED 7/7/93 AS AMENDED |
| 1SH022 | SHAPIRO FAMILY LTD PARTNERSHIP C/O RUTH SHAPIRO |
| 1SH025 | CARL SHAPIRO & RUTH SHAPIRO FAMILY FOUNDATION |
| 1SH026 | CARL SHAPIRO TRUST U/D/T 4/9/03 |
| 1SH031 | LINDA SHAPIRO FAMILY TRUST DATED 12/08/76 LINDA WAINTRUP TRUSTEE |
| 1SH032 | RUTH SHAPIRO TRUST U/D/T 4/9/03 |
| 1SH034 | KIMBERLY L STRAUSS 1988 TRUST LINDA WAINTRUP TRUSTEE |
| 1SH035 | KIMBERLY STRAUSS 2006 IRREVOCABLE TRUST |
| 1SH036 | LINDA SHAPIRO WAINTRUP 1992 TRUST U/D/T DTD 3/11/92 AS AMENDED |
| 1SH039 | SAMANTHA L STRAUSS 1985 TRUST LINDA WAINTRUP TRUSTEE |
| 1SH040 | SAMANTHA L STRAUSS 2003 IRREVOCABLE TRUST |
| 1SH041 | WELLESLEY CAPITAL MANAGEMENT |
| 1SH059 | ANDREW N JAFFE 1993 IRREV TST U/D/T DTD 6/11/93 AS AMENDED |
| 1SH139 | L SHAPIRO FAMILY TRUST LINDA WAINTRUP TRUSTEE |
| 1SH140 | JONATHAN M SEGAL 1989 TRUST T SEGAL TTEE U/D/T DTD 3/9/89 AS AMENDED |
| 1SH141 | MICHEAL JAFFE 1989 TRUST U/D/T DTD 8/24/89 AS AMENDED |
| 1SH142 | STEVEN C JAFFE 1989 TRUST |
| 1SH143 | CARL SHAPIRO TRUST U/D/T 4/9/03 |
| 1SH144 | RUTH SHAPIRO TRUST U/D/T 4/9/03 |
| 1SH145 | ELLEN S JAFFE 2003 TRUST U/D/T DTD 5/8/2003 AS AMENDED |
| 1SH146 | RHONDA SHAPIRO ZINNER TST 1993 TRUST U/D/T DATED 7/7/93 AS AMENDED |
| 1SH147 | LINDA SHAPIRO WAINTRUP 1992 TRUST U/D/T DTD 3/11/92 AS AMENDED |
| 1SH160 | ANDREW JAFFE TRUST U/D/T DTD 5/12/75 AS AMENDED |
| 1SH161 | MICHEAL S JAFFE TRUST U/D/T DTD 9/25/71 AS AMENDED |
| 1SH162 | STEVEN C JAFFE TRUST U/D/T DTD 9/25/71 AS AMENDED |
| 1SH163 | JENNIFER SEGAL HERMAN 1985 TRUST DATED 4/16/85 |
| 1SH164 | JENNIFER SEGAL HERMAN TRUST U/D/T DATED 5/1/67 AMENDED |
| 1SH165 | JONATHAN M SEGAL TRUST U/D/T DTD 12/1/70 AS AMENDED |
| 1SH168 | DANIEL I WAINTRUP |
| 1SH170 | SHAPIRO GGC-1 LLC* C/O WELLESLEY CAPITAL MGNT INC |
| 1SH173 | ANDREW N JAFFE TRUST U/D/T DTD 5/12/75 AS AMENDED |
| 1SH174 | CARL SHAPIRO TRUST U/D/T 4/9/03 |
| 1SH175 | ELLEN S JAFFE 2003 TRUST U/D/T DTD 5/8/2003 |
| 1SH176 | JENNIFER SEGAL HERMAN TRUST U/D/T DTD 5/1/67 AS AMENDED |
| 1SH177 | JONATHAN M SEGAL TRUST U/D/T/ DTD 12/1/70 |
| 1SH178 | LINDA SHAPIRO FAMILY TRUST DATED 12/08/76 LINDA WAINTRUP TRUSTEE |
| 1SH179 | LINDA SHAPIRO WAINTRUP 1992 TRUST U/D/T DTD 3/11/92 AS AMENDED |

| | |
|---|---|
| 1SH180 | MICHAEL S JAFFE TRUST<br>U/D/T/ 9/25/71 AS AMENDED |
| 1SH181 | SHAPIRO FAMILY LTD PARTNERSHIP<br>C/O RUTH SHAPIRO |
| 1SH182 | RHONDA SHAPIRO ZINNER 1993 TST<br>U/D/T DTD 7/7/93 AS AMENDED |
| 1SH183 | RUTH SHAPIRO TRUST<br>U/D/T/ 4/9/03 |
| 1SH184 | STEVEN C JAFFE TRUST<br>U/D/T DTD 9/25/71 AS AMENDED |
| 1SH185 | JENNIFER SEGAL HERMAN<br>1985 TRUST DATED 4/16/85 |
| 1SH186 | JAFFE GC-1 LLC**<br>C/O ROBERT JAFFE |
| 1SH187 | SHAPIRO FAMILY CLAT JOINT VENTURE |
| 1SH188 | CARL SHAPIRO<br>& RUTH SHAPIRO FAMILY FDN #2 |
| 1SH189 | LSW 2006 IRREVOCABLE TRUST |
| 1SH190 | JAFFE FAMILY 2004 IRREVOCABLE TRUST |
| 1SH191 | CARL SHAPIRO & RUTH SHAPIRO<br>FAMILY FOUNDATION #3 |
| 1SH192 | RSZ-JSH PARTNERSHIP |
| 1SH193 | CARL SHAPIRO<br>AND RUTH SHAPIRO<br>FAMILY FOUNDATION #4 |
| 1SH194 | MICHAEL S JAFFE 2007 TRUST |
| 1SH195 | STEVEN C JAFFE 2007 TRUST |
| 1SH196 | JONATHAN M SEGAL 2007 TRUST |
| 1SH197 | SAMANTHA L STRAUSS 1985 TRUST<br>LINDA WAINTRUP TRUSTEE |
| 1SH198 | KIMBERLY L STRAUSS 1988 TRUST<br>LINDA WAINTRUP TRUSTEE |
| 1SH199 | WELLESLEY CAPITAL MANAGEMENT |
| 1Z0022 | DR MICHAEL J ZINNER |
| 1SH004 | ANDREW JAFFE UGMA<br>ROBERT M JAFFE A/C |
| 1SH008 | ROBERT M JAFFE TRUST |
| 1SH011 | M/A/S CAPITAL CORP<br>C/O ROBERT M JAFFE |
| 1SH045 | ELLEN SHAPIRO JAFFE 1991 TRUST<br>U/D/T DTD 12/17/91 AS AMENDED |
| 1SH050 | ANDREW JAFFE TRUST |
| 1SH051 | ELLEN JAFFE TRUST |
| 1SH052 | MICHAEL JAFFE TRUST |
| 1SH053 | STEVEN JAFFE TRUST |
| 1SH060 | ANDREW N JAFFE TRUST<br>U/D/T DTD 5/12/75 AS AMENDED |
| 1SH061 | MICHAEL S JAFFE TRUST<br>U/D/T DTD 9/25/71 AS AMENDED |
| 1SH062 | STEVEN C JAFFE TRUST<br>U/D/T DTD 9/25/71 AS AMENDED |
| 1SH067 | ELLEN JAFFE |
| 1SH074 | MICHAEL S JAFFE<br>TR DATED 9/25/71 |
| 1SH075 | STEVEN C JAFFE<br>TR DATED 9/25/71 |
| 1SH076 | ANDREW N JAFFE<br>TR DATED 5/12/75 |
| 1SH080 | ANDREW JAFFE TRUST<br>U/D/T DTD 5/12/75 AS AMENDED |
| 1SH081 | ELLEN S JAFFE 1991 TRUST UDT<br>DATED 12/17/91 AS AMENDED |
| 1SH082 | MICHAEL JAFFE TRUST<br>UDT DTD 9/25/71 AS AMENDED |
| 1SH083 | STEVEN C JAFFE TRUST<br>UDT DTD 9/25/71 AS AMENDED |
| 1SH093 | ELLEN SHAPIRO JAFFE 1991 TRUST<br>U/D/T DTD 12/17/91 AS AMENDED |
| 1SH097 | MICHAEL S JAFFE TRUST<br>U/D/T DTD 9/25/71 AS AMENDED |
| 1SH098 | STEVEN C, JAFFE TRUST<br>U/D/T DTD 9/25/71 AS AMENDED |
| 1SH099 | ANDREW N JAFFE TRUST<br>U/D/T DTD 5/12/75 AS AMENDED |
| 1O3017 | JONATHAN SEGAL |
| 1O3019 | RHONDA SEGAL AGENT |
| 1O3036 | ELLEN JAFFE TST A |
| 1O3037 | RHONDA SEGAL TST A |
| 1O3038 | Carl Shapiro Tst A |
| 1O3039 | LINDA S STRAUSS TST A |
| 1O5040 | RUTH SHAPIRO TST A DATED 12/07/81 |
| 1O300218 | ANDREW JAFFE TRUST |
| 1O300317 | MICHAEL S JAFFE TRUST |
| 1O300416 | ROBERT M JAFFE TRUST |
| 1O300614 | ROBERT M JAFFE<br>A/C/F MICHAEL S JAFFE |
| 1O300713 | ROBERT M JAFFE<br>A/C/F STEVEN C JAFFE |
| 1O300812 | STEVEN C JAFFE TRUST |
| 1O301216 | JENNIFER SEGAL TRUST |
| 1O301315 | JONATHAN SEGAL |
| 1O301414 | JONATHAN SEGAL TRUST |
| 1O301919 | CARL SHAPIRO TRUST<br>U/D/T 10/31/90 |
| 1O302016 | ELLEN S JAFFE TRUST |
| 1O302115 | LINDA SHAPIRO FAMILY TRUST |
| 1O302214 | LINDA SHAPIRO FAMILY TRUST |
| 1O302313 | RUTH SHAPIRO TRUST |
| 1O305018 | RHONDA SEGAL AGENT CLASS A |
| 1SH015 | J M SEGAL TRUST |
| 1SH043 | CARL SHAPIRO TRUST<br>U/D/T 10/31/90 |
| 1SH044 | RUTH SHAPIRO TRUST<br>U/D/T 10/31/90 |
| 1SH046 | RHONDA SHAPIRO SEGAL 1993 TST<br>U/D/T DATED 7/7/93 AS AMENDED |

| | |
|---|---|
| 1SH047 | LINDA SHAPIRO STRAUSS 1992 TST |
| | U/D/T DTD 3/11/92 AS AMENDED |
| 1SH054 | JENNIFER SEGAL TRUST |
| 1SH055 | JONATHAN SEGAL TRUST |
| 1SH056 | RHONDA SEGAL TRUST |
| 1SH057 | LINDA STRAUSS TRUST |
| 1SH058 | JENNIFER M SEGAL 1985 TRUST |
| | DATED 4/16/85 |
| 1SH063 | JENNIFER M SEGAL 1985 TRUST |
| | DATED 4/16/85 |
| 1SH064 | JENNIFER M SEGAL TRUST |
| | U/D/T DTD 5/1/67 AS AMENDED |
| 1SH065 | JONATHAN M SEGAL TRUST |
| | U/D/T DTD 12/1/70 AS AMENDED |
| 1SH068 | RHONDA SEGAL |
| 1SH069 | LINDA STRAUSS |
| 1SH070 | CARL SHAPIRO TRUST |
| | U/D/T 10/31/90 |
| 1SH071 | RUTH SHAPIRO |
| 1SH072 | JENNIFER M SEGAL |
| | TR DATED 5/1/67 |
| 1SH073 | JONATHAN M SEGAL |
| | TR DATED 12/1/70 |
| 1SH077 | L SHAPIRO FAMILY TRUST |
| 1SH078 | JENNIFER SEGAL |
| | 85 TR DTD 4/16/85 |
| 1SH084 | JENNIFER M SEGAL TRUST |
| | UDT DATED 5/1/67 AS AMENDED |
| 1SH085 | JONATHAN M SEGAL TRUST |
| | UDT DATED 12/1/70 AS AMENDED |
| 1SH086 | RHONDA SHAPIRO SEGAL TST 1993 |
| | TST UDT DTD 7/7/93 AS AMENDED |
| 1SH087 | CARL SHAPIRO TRUST |
| | U/D/T 10/31/90 |
| 1SH088 | RUTH SHAPIRO TRUST |
| | U/D/T 10/31/90 |
| 1SH089 | LINDA S STRAUSS TST 1992 TST |
| | U/D/T 3/11/92 AS AMENDED |
| 1SH090 | CARL SHAPIRO TRUST |
| | U/D/T 10/31/90 |
| 1SH091 | RUTH SHAPIRO TRUST |
| | U/D/T 10/31/90 |
| 1SH092 | RHONDA SHAPIRO SEGAL 1993 TST, |
| | U/D/T DTD 7/7/93 AS AMENDED |
| 1SH094 | LINDA SHAPIRO STRAUSS 1992 TST |
| | U/D/T DTD 3/11/92 AS AMENDED |
| 1SH095 | JENNIFER M SEGAL TRUST |
| | U/D/T DTD 5/1/67 AS AMENDED |
| 1SH096 | JONATHAN M. SEGAL TRUST |
| | U/D/T DTD 12/1/70 AS AMENDED |
| 1SH100 | DANIEL J WAINTRUP |

* For purposes of this settlement agreement, the HSZ Family Trust and SH-Family Trust, each of which is a member of Shapiro GGC-1 LLC, shall be considered Shapiro BLMIS Account Holders as defined in the settlement agreement.
** For purposes of this settlement agreement, the Jaffe Family Trust and Jaffe-Shapiro Family Trust, each of which is a member of Jaffe GC-1 LLC, shall be considered Shapiro BLMIS Account Holders as defined in the settlement agreement.

**EXHIBIT B**

| Account Number | Account Name | Claim Number | Claim Status |
|---|---|---|---|
| 1SH003 | ANDREW N JAFFE TRUST U/D/T DTD 5/12/75 AS AMENDED | 011487 | Denied |
| 1SH005 | ELLEN S JAFFE 2003 TRUST U/D/T DTD 5/8/2003 AS AMENDED | 011484 | Denied |
| 1SH006 | MICHAEL S JAFFE 1989 TRUST U/D/T DTD 8/24/89 AS AMENDED | 011471 | Denied |
| 1SH007 | MICHAEL S JAFFE TRUST U/D/T DTD 9/25/71 AS AMENDED | 011473 | Denied |
| 1SH009 | STEVEN C JAFFE 1989 TRUST U/D/T DTD 8/24/89 AS AMENDED | 011455 | Denied |
| 1SH010 | STEVEN C JAFFE TRUST U/D/T DTD 9/25/71 AS AMENDED | 011457 | Denied |
| 1SH016 | JENNIFER SEGAL HERMAN 1985 TRUST DATED 4/16/85 | 011492 | Denied |
| 1SH017 | JENNIFER SEGAL HERMAN TRUST U/D/T DTD 5/1/67 AS AMENDED | 011494 | Denied |
| 1SH018 | JONATHAN M SEGAL 1989 TRUST U/D/T DTD 3/9/89 AS AMENDED T SEGAL TSTEE | 011483 | Denied |
| 1SH019 | JONATHAN M SEGAL TRUST U/D/T DTD 12/1/70 AS AMENDED | 011490 | Denied |
| 1SH020 | RHONDA SHAPIRO ZINNER 1993 TST U/D/T DATED 7/7/93 AS AMENDED | 011469 | Denied |
| 1SH022 | SHAPIRO FAMILY LTD PARTNERSHIP C/O RUTH SHAPIRO | 011460 | Denied |
| 1SH025 | CARL SHAPIRO & RUTH SHAPIRO FAMILY FOUNDATION | 011498 | Denied |
| 1SH026 | CARL SHAPIRO TRUST U/D/T 4/9/03 | 011500 | Denied |
| 1SH031 | LINDA SHAPIRO FAMILY TRUST DATED 12/08/76 LINDA WAINTRUP TRUSTEE | 011477 | Denied |
| 1SH032 | RUTH SHAPIRO TRUST U/D/T 4/9/03 | 011466 | Denied |
| 1SH034 | KIMBERLY L STRAUSS 1988 TRUST LINDA WAINTRUP TRUSTEE | 011481 | Denied |
| 1SH035 | KIMBERLY STRAUSS 2006 IRREVOCABLE TRUST | 011479 | Denied |
| 1SH036 | LINDA SHAPIRO WAINTRUP 1992 TRUST U/D/T DTD 3/11/92 AS AMENDED | 011476 | Denied |
| 1SH039 | SAMANTHA L STRAUSS 1985 TRUST LINDA WAINTRUP TRUSTEE | 011464 | Denied |
| 1SH040 | SAMANTHA L STRAUSS 2003 IRREVOCABLE TRUST | 011462 | Denied |
| 1SH041 | WELLESLEY CAPITAL MANAGEMENT | 011453 | Denied |
| 1SH059 | ANDREW N JAFFE 1993 IRREV TST U/D/T DTD 6/11/93 AS AMENDED | 011501 | Denied |
| 1SH139 | L SHAPIRO FAMILY TRUST LINDA WAINTRUP TRUSTEE | 011478 | Not Determined |
| 1SH143 | CARL SHAPIRO TRUST U/D/T 4/9/03 | 011499 | Denied |
| 1SH144 | RUTH SHAPIRO TRUST U/D/T 4/9/03 | 011465 | Denied |
| 1SH145 | ELLEN S JAFFE 2003 TRUST U/D/T DTD 5/8/2003 AS AMENDED | 011497 | Denied |
| 1SH146 | RHONDA SHAPIRO ZINNER TST 1993 TRUST U/D/T DATED 7/7/93 AS AMENDED | 011468 | Denied |
| 1SH147 | LINDA SHAPIRO WAINTRUP 1992 TRUST U/D/T DTD 3/11/92 AS AMENDED | 011475 | Denied |
| 1SH160 | ANDREW JAFFE TRUST U/D/T DTD 5/12/75 AS AMENDED | 011502 | Not Determined |
| 1SH161 | MICHAEL S JAFFE TRUST U/D/T DTD 9/25/71 AS AMENDED | 011472 | Not Determined |
| 1SH162 | STEVEN C JAFFE TRUST U/D/T DTD 9/25/71 AS AMENDED | 011456 | Not Determined |
| 1SH163 | JENNIFER SEGAL HERMAN 1985 TRUST DATED 4/16/85 | 011491 | Denied |
| 1SH164 | JENNIFER SEGAL HERMAN TRUST U/D/T DATED 5/1/67 AMENDED | 011493 | Not Determined |
| 1SH165 | JONATHAN M SEGAL TRUST U/D/T DTD 12/1/70 AS AMENDED | 011489 | Not Determined |
| 1SH168 | DANIEL J WAINTRUP | 011485 | Denied |
| 1SH170 | SHAPIRO GGC-1 LLC* C/O WELLESLEY CAPITAL MGNT INC | 011458 | Not Determined |
| 1SH181 | SHAPIRO FAMILY LTD PARTNERSHIP C/O RUTH SHAPIRO | 011459 | Not Determined |
| 1SH186 | JAFFE GC-1 LLC** C/O ROBERT JAFFE | 011495 | Not Determined |
| 1SH187 | SHAPIRO FAMILY CLAT JOINT VENTURE | 011461 | Not Determined |
| 1SH188 | CARL SHAPIRO & RUTH SHAPIRO FAMILY FDN #2 | 011486 | Not Determined |
| 1SH189 | LSW 2006 IRREVOCABLE TRUST | 011474 | Denied |
| 1SH190 | JAFFE FAMILY 2004 IRREVOCABLE TRUST | 011496 | Denied |
| 1SH192 | RSZ-JSH PARTNERSHIP | 011467 | Denied |
| 1SH194 | MICHAEL S JAFFE 2007 TRUST | 011470 | Not Determined |
| 1SH195 | STEVEN C JAFFE 2007 TRUST | 011454 | Not Determined |
| 1SH196 | JONATHAN M SEGAL 2007 TRUST | 011482 | Not Determined |
| 1SH197 | SAMANTHA L STRAUSS 1985 TRUST LINDA WAINTRUP TRUSTEE | 011463 | Not Determined |
| 1SH198 | KIMBERLY L STRAUSS 1988 TRUST LINDA WAINTRUP TRUSTEE | 011480 | Not Determined |
| 1SH199 | WELLESLEY CAPITAL MANAGEMENT | 011452 | Not Determined |
| 1Z0022 | DR MICHAEL J ZINNER | 011488 | Allowed |

\* *For purposes of this settlement agreement, the HSZ Family Trust and SH-Family Trust, each of which is a member of Shapiro GGC-1 LLC, shall be considered Shapiro BLMIS Account Holders as defined in the settlement agreement.*
\*\* *For purposes of this settlement agreement, the Jaffe Family Trust and Jaffe-Shapiro Family Trust, each of which is a member of Jaffe GC-1 LLC, shall be considered Shapiro BLMIS Account Holders as defined in the settlement agreement.*