**EXHIBIT C**

**AFFIDAVIT OF IRVING PICARD**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

SECURITIES INVESTOR PROTECTION
CORPORATION,

            Plaintiff-Applicant,

   v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

            Defendant.

---

In re:

BERNARD L. MADOFF,

            Debtor.

Adv. Pro. No. 08-1789 (BRL)

SIPA Liquidation
(Substantively Consolidated)

**AFFIDAVIT IN SUPPORT OF MOTION FOR ENTRY OF ORDER PURSUANT
TO SECTION 105(a) OF THE BANKRUPTCY CODE AND RULES 2002 AND 9019
OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE APPROVING AN
AGREEMENT BY AND BETWEEN THE TRUSTEE AND THE SHAPIRO
<u>FAMILY</u>**

STATE OF NEW YORK    )
                                ) ss:
COUNTY OF NEW YORK)

Irving H. Picard, being duly sworn, hereby attests as follows:

       1.     I am the trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq*. ("SIPA"), and the substantively consolidated estate of Bernard L. Madoff ("Madoff," and together with BLMIS, collectively, the "Debtors"). I am familiar with the affairs of the Debtors. I respectfully submit this Affidavit in support of the motion (the "Motion") seeking entry of orders, pursuant to section 105(a) of the United States Bankruptcy Code, 11

- 2 -

U.S.C. §§ 101 *et seq.*, and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure approving an agreement (the "Agreement") by and between the Trustee on the one hand and the Shapiro Family (together with the Shapiro Family, the "Shapiro BLMIS Account Holders," identified on Exhibit A to the Agreement) on the other hand.

2.      I make this Affidavit based upon my own personal knowledge or upon information that I believe to be true.

3.      All capitalized terms not defined herein have the meaning ascribed to them in the Motion.

4.      In May 2009, Mr. Shapiro, through his counsel, initiated discussions aimed at resolving the claims I have on behalf of the estate. Mr. Shapiro has cooperated and facilitated the investigation by providing information and making himself available for examination by my counsel. This cooperation has sped the resolution of the matter.

5.      I believe that the terms of the Settlement Agreement fall above the lowest point in the range of reasonableness and, accordingly, should be approved by this Court. The Settlement Agreement resolves all issues regarding the asserted and unasserted claims against the Shapiro Family, without the need for protracted and uncertain litigation. I recognize that litigating the Claims would undoubtedly require a significant commitment of time by the various professionals involved and would involve some litigation risk. Moreover, when combined with the amounts paid by the Shapiro Family to the Government, the Shapiro Family has repaid a significant amount for distribution to the victims of Madoff and BLMIS.

6.      As a result of such litigation, I believe that I would be indefinitely delayed in distributing to victims the significant dollars this Agreement recovers, favoring settlement and immediate payment.

7. The Agreement also resolves the portion of the Trustee's Cohmad Adversary Proceeding as relates to Robert Jaffe in full. The prompt resolution of Jaffe's potential liability—and full recovery of the amounts owed by him—makes the Agreement beneficial to the BLMIS estate.

8. The ability to avoid the time and uncertainty associated with litigating this matter, combined with the fact that the Agreement will result in a substantial recovery, as discussed above, makes the settlement embodied by the Agreement extremely beneficial to BLMIS stakeholders.

9. The Agreement also furthers the interests of the customers of BLMIS by adding a substantial amount of money to the fund of customer property. Specifically, as a result of the Agreement, when combined with prior recoveries that I have made on behalf of the BLMIS estate, over two billion dollars will be available for distribution to BLMIS customers with allowed claims.

10. In addition, the Shapiro Account Holders have agreed to withdraw the Shapiro Customer Claims that they filed in the liquidation proceeding. Certain of the claims were filed by entities that were "net losers" and the withdrawal of those claims reduces the value of claims against the estate. Further, withdrawal of the Shapiro Customer Claims will reduce the amounts of the reserves that will have to be maintained pending final determination of the net equity issue. This will allow me to distribute more funds to customers in the initial distribution.

11. In connection with the Agreement, the Shapiro Family has also agreed to withdraw with prejudice the briefing that it has filed with the United States Court of Appeals for the Second Circuit in the matter captioned <u>In re Bernard L. Madoff Investment Securities LLC</u>, No. 10-2378, opposing the my determination of net equity and will cease its direct or

indirect prosecution of any opposition to the my position on net equity in the SIPA proceeding.

12. Moreover, the Agreement represents a joint effort on behalf of the myself and the Government to recover as much as possible on behalf of Madoff victims. The Government and I have worked collaboratively to resolve our respective potential claims against the Shapiro Family and have reached a collective agreement with the Shapiro Family that I deem to be in the best interests of the victims.

13. Given the potential impact of these issues, and the cost and complexities involved in proceeding with litigation, I have determined, in my business judgment that the Settlement Agreement represents a fair compromise of the Debtors' Avoiding Powers Claims against the Shapiro BLMIS Account Holders.

14. In sum, I respectfully submit that the Settlement Agreement should be approved (a) to avoid lengthy and burdensome litigation and (b) because the Settlement Agreement represents a reasonable compromise of the Avoiding Powers Claims.

_____
IRVING H. PICARD

Subscribed and Sworn to before me
this 7th day of December 2010

_____
Notary Public

ADAM B OPPENHEIM
NOTARY PUBLIC, STATE OF NEW YORK
NO. 02OP6130460
QUALIFIED IN NEW YORK COUNTY
COMMISSION EXPIRES JULY 18, 2013