VENABLE LLP
Rockefeller Center
1270 Avenue of the Americas
25th Floor
New York, New York 10020
Telephone: (212) 307-5500
Facsimile: (212) 307-5598
Edward A. Smith

*Counsel for Albert H. Small*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　　Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation |

**OBJECTION TO TRUSTEE'S REVISED DETERMINATION OF CLAIM**

　　　　　Claimant Albert H. Small ("Claimant"), by and through his attorneys, Venable LLP, hereby objects to the Notice of Trustee's Revised Determination of Claim dated October 8, 2010 and states as follows:

**PROCEDURAL BACKGROUND**

　　　　　1.　　This liquidation proceeding was commenced on December 15, 2008 against Bernard L. Madoff Investment Securities, LLC ("BLMIS") in the United States District Court for the Southern District of New York pursuant to the Securities Investor Protection Act of 1970, as amended, 15 U.S.C. §§ 78aaa, *et seq*. ("SIPA"). *See* Order, *SEC v. Madoff*, Civ. 08-

10791 (S.D.N.Y. December 15, 2008) [Docket No. 4]. Irving H. Picard, appointed as Trustee (the "Trustee"), is responsible for overseeing the liquidation of BLMIS and customer claims pursuant to SIPA. *Id.*; 15 U.S.C. § 78fff-1.

2. On December 23, 2008, this Court entered an order directing the Trustee to provide notice of the liquidation proceeding and claims procedures to BLMIS customers and setting forth claim filing deadlines. *See* Order on Application for an Entry of an Order Approving Form and Manner of Publication and Mailing of Notices, Specifying Procedures for Filing, Determination, and Adjudication of Claims; and Providing Other Relief (the "December 23 Order"), *SIPC v. Bernard L. Madoff Inv. Secs., LLC (In re Madoff)*, No. 08-01789 (BRL) (Bankr. S.D.N.Y. December 23, 2008) [Docket No. 12].

3. The December 23 Order provides that, if the Trustee disagrees with the amount set forth on a customer claim form, the Trustee "shall notify such claimant by mail of his determination that the claim is disallowed, in whole or in part, and the reason therefore . . . ." *Id.* at 6.

4. On September 16, 2009, this Court entered an Order Scheduling Adjudication of "Net Equity" Issue (the "September 16 Order"), providing that "[t]he Trustee and the Interested Parties shall reserve all rights, claims, and defenses as to any issues and/or arguments not resolved by the Court in connection with the briefing described herein on the Net Equity Issue." September 16 Order at 4, *SIPC v. Bernard L. Madoff Secs., LLC (In re Madoff)*, No. 08-01789 (BRL) (Bankr. S.D.N.Y. September 16, 2009) [Docket No. 437]. The September 16 Order further provides that "the Trustee shall confer with counsel regarding other issues that should be the subject of separate scheduling orders . . . ." *Id.* at 6.

5. On March 1, 2010, this Court issued a Memorandum Decision Granting

Trustee's Motion for an Order: (1) Upholding Trustee's Determination Denying Customer Claims for Amounts Listed on Last Customer Statement; (2) Affirming Trustee's Determination of Net Equity; and (3) Expunging Objections to Determinations Relating to Net Equity (the "Decision"). *SIPC v. Bernard L. Madoff Secs., LLC (In re Madoff)*, No. 08-01789 (BRL) (Bankr. S.D.N.Y. March 1, 2010) [Docket No. 1999].

6. The Decision is currently on appeal to the United States Court of Appeals for the Second Circuit (the "Net Equity Appeal"). *See* Court's Certification of Net Equity Order of March 8, 2010 for Immediate Appeal to the United States Court of Appeals Pursuant to 28 U.S.C. § 158(d)(2), *SIPC v. Bernard L. Madoff Secs., LLC (In re Madoff)*, No. 08-01789 (BRL) (Bankr. S.D.N.Y. March 8, 2010) [Docket No. 2022].

## CLAIM BACKGROUND

7. Claimant is a "customer" of BLMIS as SIPA defines that term. *See generally* 15 U.S.C. § 78lll(2)(B) ("The term 'customer' includes (i) any person who has deposited cash with the debtor for the purpose of purchasing securities . . . .").

8. On or about February 24, 2009, Claimant submitted a customer claim asserting amounts owing to Claimant by BLMIS comprising a $14,287.00 credit balance and net securities worth $6,411,080.77 (the "Claim"), which the Trustee has designated as Claim No. 006095 (BLMIS Account No. 1S0195). A copy of the Claim is incorporated by reference herein and is attached hereto as Exhibit A.

9. On October 8, 2010, the Trustee issued a Notice of Trustee's Revised Determination of Claim (the "Revised Determination"), in which the Trustee denied the Claim in its entirety. A copy of the Revised Determination is attached hereto as Exhibit B. Pursuant to its language, the Revised Determination supersedes the original Notice of Trustee's Determination

of Claim dated August 31, 2009 (the "Original Determination"). A copy of the Original Determination is attached hereto as Exhibit C.

10. The Trustee denied Claimant's Claim for a credit balance of $14,287.00 and for securities. *See* Revised Determination, attached as Exhibit B, at 2. The Trustee also claimed that "[n]o securities were ever purchased for your account." *Id.* It appears that the Trustee's determination was based in part on the Trustee's analysis that the amount of money withdrawn by Claimant from his BLMIS account was greater than the amount that was deposited with BLMIS for the purchase of securities. As stated in the Revised Determination, "because you have withdrawn more than was deposited into your account, you do not have a positive 'net equity' in your account and are not entitled to an allowed claim in the BLMIS liquidation proceeding." *Id.*

11. The Revised Determination also states:

> On March 1, 2010, the United States Bankruptcy Court for the Southern District of New York (Lifland, J.) issued a decision which affirmed the Trustee's Net Investment Method for determining customer claims. The final resolution of this issue is expected to be determined on appeal.
>
> Should a final and unappealable order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by you in having your customer claim re-determined in accordance with any such Court order.

*Id*.

## GROUNDS FOR OBJECTION AND RESERVATION OF RIGHTS

12. The Claimant files this Objection to preserve all his claims and defenses related to the Claim.

### A. Claimant Objects to Trustee's Position on "Net Equity."

13. Claimant contends that the Trustee's method of calculating "net equity," specifically by a "money in/money out" methodology, is erroneous and in violation of SIPA. Under SIPA, the Trustee is obligated to "satisfy net equity claims of customers." 15 U.S.C. § 78fff(a)(1)(B). Claimant contends that, based on the plain language of SIPA and applicable case law, "net equity" is the difference between the value of the securities positions in a customer account as of the SIPA filing date and any amounts the customer owes to the SIPA debtor, as more fully set forth in the submissions to the Court on the net equity issue. *See* 15 U.S.C. § 78lll(11); *see also In re New Times Secs. Servs., Inc.*, 371 F.3d 68, 72 (2d Cir. 2004) ("Each customer's 'net equity' is 'the dollar amount of the account or accounts of the customer, to be determined by calculating the sum which would have been owed by the debtor to such customer if the debtor had been liquidated, by sale or purchase on the filing date, all securities positions of such customer' corrected for 'any indebtedness of such customer to the debtor on the filing date.'") (quoting 15 U.S.C. § 78lll(11)).

14. Based on the statement set forth in the Revised Determination, Claimant understands that he will receive the benefit of any final, appealable order entered in the Net Equity Appeal that is consistent with Claimant's position on net equity. Claimant hereby reserves all of his rights in this regard, and reserves the right to amend or supplement this Objection based on a decision in the Net Equity Appeal.

### B. Claimant's Additional Objections.

15. In addition to the objections set forth above, Claimant objects to the Trustee's denial of the Claim on a number of additional grounds, including, but not limited to, those enumerated in the following paragraphs. Claimant understands that these issues may be addressed pursuant to further scheduling orders or in separate proceedings.

16. The Revised Determination rests on conclusory factual statements, fails to provide reasonable specificity concerning the factual basis for the Determination, and fails to specify a sufficient legal basis for the Determination. As such, the Trustee has failed to meet his burden under the December 23 Order (requiring that the Trustee specify the reason for the claim determination) and Rule 3001(f) of the Federal Rules of Bankruptcy Procedure, which requires the Trustee to rebut the *prima facie* validity of a duly-filed claim.

17. Because the Trustee has failed to set forth with reasonable specificity the basis for his denial of the Claim, it is impossible to determine with certainty the factual and legal bases for the Trustee's denial. Claimant therefore reserves all of his rights to contest any and all bases for the Trustee's denial of the Claim, whether or not specifically set forth in the Revised Determination.

18. As part of the Trustee's analysis of Claimant's account, the Revised Determination relies on Table 1 to establish that the amount of money Claimant withdrew from his account exceeded the amount deposited into that account by $2,672.024.67. Revised Determination at 2, 4. The Claimant objects to the Trustee's conclusion based on the Trustee's erroneous "money in/money out analysis" and reserves all of his rights to present evidence with respect to, and otherwise challenge, the Trustee's analysis in Table 1 of the Revised Determination.

19. The Trustee's statement in the Revised Determination that "[n]o securities were ever purchased for your account," *id.* at 2, is conclusory, speculative, and unsupported, and, pursuant to statements by this Court, does not provide sufficient legal support for the Trustee's determination. *See S.I.P.C. v. Bernard L. Madoff Inv. Secs., LLC*, 401 B.R. 629, 635-36 (Bankr. S.D.N.Y. 2009) ("the mere '*act of entrusting* . . . cash to the debtor for the purpose of effecting securities transactions . . . triggers customer status . . . .' . . . 'customer property includes all property that was or should have been set aside for customers.'") (emphasis in original) (quoting In re ESM Gov. Secs., Inc., 812 F.2d 1374, 1376 (11th Cir. 1987) and citing 6 Collier on Bankruptcy ¶ 741.05[1] (15th ed. rev. 1997)).

20. Reducing the amount of the Claim by the amount of any withdrawal is, in effect, an avoidance of such transfers from BLMIS to Claimant. The Trustee's avoidance is invalid. Claimant reserves all of his rights to contest the Trustee's avoidance of such transfers.

21. Further, in denying the Claim, the Trustee failed to consider the fact that, as a result of the BLMIS fraud, Claimant suffered extraordinary losses in other accounts wholly or partially funded by Claimant. Specifically, as set forth in Claimant's letter to Trustee's counsel dated September 24, 2010, and attached hereto as Exhibit D, two charitable organizations funded by Claimant (The Albert and Lillian Small Foundation, Inc., and The Alper Family Foundation, Inc. f/k/a The Small-Alper Family Foundation, Inc.) lost an aggregate of approximately $4,300,000 as customers of BLMIS. This loss is approximately $3,250,000 more than the Trustee's claim that $1,042,997 in excess funds was distributed to a third charitable organization wholly or partially funded by Claimant, The Albert H. Small Charitable Remainder Unitrust ("AHS CRUT"). As a result of the BLMIS fraud, AHS CRUT now has absolutely no assets left. Moreover, the Trustee also failed to consider the fact that the Claimant and/or his

family suffered additional losses as a result of the BLMIS fraud. Claimant reserves all rights to contest the Trustee's determination given the massive losses suffered by other, related accounts as a result of the fraud.

22. Claimant is entitled to interest (*see, e.g.*, N.Y. Civ. Prac. L. & Rules § 5004; N.Y. Gen. Oblig. L. § 5-501, *et seq.*) or a comparable rate of return on deposited amounts. Claimant objects to the Trustee's determination inasmuch as the Trustee failed to allow any interest or rate of return, and Claimant expressly reserves his right to seek such amounts.

**C.     General Reservation of Rights.**

23. To the extent that the Revised Determination is based on an avoidance theory or other grounds, Claimant hereby reserves all of his rights, defenses (including, but not limited to, statutes of limitations) and remedies under title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), and other applicable law. Nothing in this Objection shall be deemed to be, or otherwise be relied upon, as a waiver of any of Claimant's rights, defenses or remedies.

24. Without limiting the generality of the foregoing, Claimant further reserves all rights to revise, amend or supplement this Objection and his Claim (including addressing any change in Claimant's understanding of the Trustee's determination). Claimant's failure to object on a particular ground shall not be construed as a waiver of Claimant's right to object on any additional grounds.

25. Claimant reserves his right to submit a reply to any response to this Objection.

26. Claimant hereby incorporates by reference, as if fully set forth herein, the arguments of other, similarly-situated claimants.

27. Customer and Trustee, acting through their respective counsel, have agreed that that the filing of this Objection on or before December 7, 2010 constitutes the timely filing of this Objection.

**RELIEF REQUESTED**

WHEREFORE, for all the foregoing reasons, and for additional reasons that may be raised in supplemental pleadings or at a hearing concerning this matter, Claimant respectfully requests that this Court order the following relief:

(a) overturn and strike the Trustee's denial as set forth in the Revised Determination;

(b) allow the Claim in its entirety;

(c) direct payment to Claimant in the full amount of his Claim plus interest or a comparable rate of return; and

(d) such other relief as the Court deems just and equitable.

Dated: New York, New York
December 7, 2010

VENABLE LLP

By:    */s/ Edward A. Smith*
Edward A. Smith
Rockefeller Center
1270 Avenue of the Americas
New York, New York 10020
Telephone: (212) 307-5500
Facsimile: (212) 307-5598
Email: easmith@venable.com

*Counsel for Albert H. Small*