# BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

## DECEMBER 11, 2008[1]

### NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

August 31, 2009

Albert H. Small
7501 Wisconsin Avenue
Suite 1103
Bethesda, MD 20814

Dear Mr. Small:

**PLEASE READ THIS NOTICE CAREFULLY.**

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim on BLMIS Account No. 1S0195, designated as Claim Number 6095:

Your claim for securities is **DENIED**. No securities were ever purchased for your account.

Further, based on the Trustee's analysis, the amount of money you withdrew from your account at BLMIS (total of $31,794,000.00), as more fully set forth in Table 1 annexed hereto and made a part hereof, is greater than the amount that was deposited with BLMIS for the purchase of securities (total of $29,122,075.33). As noted, no securities were ever purchased by

---

[1] Section 78lll(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78lll(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

BLMIS for your account. Any and all profits reported to you by BLMIS on account statements were fictitious.

Since there were no profits to use either to purchase securities or to pay you any money beyond the amount that was deposited into your BLMIS account, the amount of money you received in excess of the deposits in your account ($2,672,024.67) was taken from other customers and given to you. Accordingly, because you have withdrawn more than was deposited into your account, you do not have a positive "net equity" in your account and you are not entitled to an allowed claim in the BLMIS liquidation proceeding. Therefore, your claim is **DENIED** in its entirety.

Should a final and unappealable court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by you in having your customer claim re-determined in accordance with any such Court order.

Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by the Trustee against you.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after August 31, 2009, the date on which the Trustee mailed this notice.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York 10004

and

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10011

_____
Irving H. Picard

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

cc:   John Schofield, CPA
      11140 Rockville Pike, # 340
      N. Bethesda, MD 20852

| DATE | TRANSACTION DESCRIPTION | AMOUNT |
|---|---|---|
| 10/25/1994 | CHECK WIRE | $5,000,000.00 |
| 6/25/1996 | CHECK WIRE | $477,896.00 |
| 5/1/1997 | CHECK WIRE | $325,000.00 |
| 12/4/1998 | CHECK WIRE | $3,239,179.33 |
| 1/11/1999 | TRANS FROM 1EM33630 | $2,580,000.00 |
| 9/17/1999 | CHECK WIRE | $1,200,000.00 |
| 9/27/1999 | CHECK WIRE | $1,200,000.00 |
| 12/1/1999 | CHECK WIRE | $1,600,000.00 |
| 12/1/1999 | CHECK WIRE | $1,000,000.00 |
| 2/1/2000 | CHECK WIRE | $1,000,000.00 |
| 5/1/2000 | CHECK WIRE | $500,000.00 |
| 5/1/2001 | CHECK WIRE | $500,000.00 |
| 8/31/2001 | CHECK WIRE | $1,000,000.00 |
| 12/4/2001 | CHECK WIRE | $1,500,000.00 |
| 10/28/2002 | CHECK WIRE | $1,000,000.00 |
| 11/8/2002 | CHECK WIRE | $1,000,000.00 |
| 8/26/2005 | CHECK WIRE | $2,000,000.00 |
| 4/12/2007 | CHECK WIRE | $3,000,000.00 |
| 6/8/2007 | CHECK WIRE | $1,000,000.00 |
| **Total Deposits:** | | $29,122,075.33 |

| DATE | TRANSACTION DESCRIPTION | AMOUNT |
|---|---|---|
| 5/26/1995 | CHECK WIRE | ($3,500,000.00) |
| 4/17/1996 | CHECK WIRE | ($957,100.00) |
| 4/16/1997 | CHECK WIRE | ($325,000.00) |
| 4/17/1997 | CHECK WIRE | ($900,000.00) |
| 6/5/1997 | CHECK | ($220,000.00) |
| 7/7/1997 | CHECK | ($120,000.00) |
| 7/14/1997 | CHECK | ($110,000.00) |
| 9/16/1997 | CHECK | ($285,000.00) |
| 9/22/1997 | CHECK | ($100,000.00) |
| 4/20/1998 | CHECK | ($327,000.00) |
| 6/10/1998 | CHECK | ($200,000.00) |
| 1/29/1999 | CHECK WIRE | ($500,000.00) |
| 2/16/1999 | CHECK WIRE | ($2,750,000.00) |
| 4/5/1999 | CHECK WIRE | ($1,250,000.00) |
| 6/25/1999 | CHECK | ($100,000.00) |
| 4/12/2000 | CHECK WIRE | ($500,000.00) |
| 10/6/2000 | TRANS TO 1S043330 | ($2,000,000.00) |
| 2/28/2001 | CHECK | ($100,000.00) |

EXHIBIT C

| Date | Type | Amount |
|---|---|---|
| 1/24/2002 | CHECK WIRE | ($500,000.00) |
| 4/15/2002 | CHECK WIRE | ($1,000,000.00) |
| 5/20/2002 | CHECK WIRE | ($2,000,000.00) |
| 6/14/2002 | CHECK WIRE | ($500,000.00) |
| 2/26/2003 | CHECK | ($200,000.00) |
| 6/18/2003 | CHECK WIRE | ($500,000.00) |
| 5/12/2004 | CHECK WIRE | ($500,000.00) |
| 6/17/2004 | CHECK WIRE | ($500,000.00) |
| 7/2/2004 | CHECK WIRE | ($1,000,000.00) |
| 9/9/2004 | CHECK WIRE | ($3,000,000.00) |
| 9/17/2004 | CHECK WIRE | ($1,000,000.00) |
| 1/6/2005 | CHECK WIRE | ($1,500,000.00) |
| 12/23/2005 | CHECK WIRE | ($750,000.00) |
| 12/27/2005 | CHECK | ($150,000.00) |
| 1/13/2006 | CHECK | ($350,000.00) |
| 1/26/2006 | CHECK | ($100,000.00) |
| 2/1/2006 | CHECK | ($100,000.00) |
| 4/18/2006 | CHECK WIRE | ($700,000.00) |
| 12/4/2006 | CHECK | ($100,000.00) |
| 12/29/2006 | CHECK WIRE | ($500,000.00) |
| 1/11/2008 | CHECK WIRE | ($500,000.00) |
| 4/17/2008 | CHECK WIRE | ($500,000.00) |
| 7/2/2008 | CHECK WIRE | ($500,000.00) |
| 9/9/2008 | CHECK | ($300,000.00) |
| 9/17/2008 | CHECK | ($300,000.00) |
| 11/4/2008 | CHECK WIRE | ($500,000.00) |
| **Total Withdrawals:** | | ($31,794,100.00) |
| **Total deposits less withdrawals:** | | ($2,672,024.67) |

300027918.1

13

APPENDIX A

**Statement by Taxpayer Using the Procedures in Rev. Proc. 2009-20 to Determine a Theft Loss Deduction Related to a Fraudulent Investment Arrangement**

Part 1. Identification

1. Name of Taxpayer     Albert H. Small

2. Taxpayer Identification Number ▮▮▮▮▮▮▮

Part II. Computation of deduction

(See Rev. Proc. 2009-20 for the definitions of the terms used in this worksheet.)

| Line | Computation of Deductible Theft Loss Pursuant to Rev. Proc. 2009-20 | |
|---|---|---|
| 1 | Initial investment | 5,000,000 |
| 2 | Plus: Subsequent investments | 21,122,075 |
| 3 | Plus: Income reported in prior years | 8,554,061 |
| 4 | Less: Withdrawals | (31,794,100) |
| 5 | Total qualified investment (combine lines 1 through 4) | 5,682,036 |
| 6 | Percentage of qualified investment (95% of line 5 for investors with no potential third-party recovery; 75% of line 5 for investors with potential third-party recovery) | 5,397,934 |
| 7 | Actual recovery | |
| 8 | Potential insurance/SIPC recovery | 0 |
| 9 | Total recoveries (add lines 7 and 8) | ( 0 ) |
| 10 | Deductible theft loss (line 6 minus line 9) | 5,397,934 |

Part III. Required statements and declarations

1. I am claiming a theft loss deduction pursuant to Rev. Proc. 2009-20 from a specified fraudulent arrangement conducted by the following individual or entity (provide the name, address, and taxpayer identification number (if known)).
Bernard L. Madoff Securities, LLC  885 Third Ave. NY, NY 10022
EIN 13-1997126

2 I have written documentation to support the amounts reported in Part II of this document.

3. I am a qualified investor as defined in § 4.03 of Rev. Proc. 2009-20.

4. If I have determined the amount of my theft loss deduction under § 5.02(1)(a) of Rev. Proc. 2009-20, I declare that I have not pursued and do not intend to

14

pursue any potential third-party recovery, as that term is defined in § 4.10 of Rev. Proc. 2009-20.

5. If I have already filed a return or amended return that does not satisfy the conditions in § 6.02 of Rev. Proc 2009-20, I agree to all adjustments or actions that are necessary to comply with those conditions. The tax year or years for which I filed the return(s) or amended return(s) and the date(s) on which they were filed are as follows:

_____
_____
_____
_____

Part IV. <u>Signature</u>

I make the following agreements and declarations:

1. I agree to comply with the conditions and agreements set forth in Rev. Proc. 2009-20 and this document.

2. Under penalties of perjury, I declare that the information provided in Parts I-III of this document is, to the best of my knowledge and belief, true, correct and complete.

Your signature here _____ Date signed: _____
Your spouse's signature here _____ Date signed: _____

Corporate Name _____
Corporate Officer's signature _____
Title _____
Date signed _____

Entity Name _____
        S-corporation, Partnership, Limited Liability Company, Trust
Entity Officer's signature _____
Date signed _____

Signature of executor _____
Date signed _____