UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　　　　Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>　　　　　　　Debtor. | |

**STIPULATION AND ORDER TOLLING THE STATUTE OF LIMITATIONS**

IT IS HEREBY STIPULATED AND AGREED, subject to the approval of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), by and between Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"), and the substantively consolidated estate of Bernard L. Madoff ("Madoff" and, together with BLMIS, the "Debtors") on the one hand, and Citco Global Custody NV and Citco Bank Netherland NV Dublin (the "Citco Companies"), on the other hand, in each case by and through their respective attorneys, as follows:

1. On December 11, 2008 (the "Filing Date"),[1] the Securities and Exchange Commission ("SEC") filed a Complaint in the United States District Court for the Southern District of New York (the "District Court") against the Debtors. The Complaint alleged, among other things, that the Debtors engaged in fraud through investment advisor activities at BLMIS.

2. On December 15, 2008, the District Court entered the Protective Decree pursuant to SIPA, which, in pertinent part:

   (a) Appointed Irving H. Picard as trustee for the liquidation of the business of BLMIS, pursuant to section 78eee(b)(3) of SIPA;

   (b) Appointed Baker & Hostetler LLP as counsel to the Trustee pursuant to section 78eee(b)(3) of SIPA; and

   (c) Removed the case to the United States Bankruptcy Court for the Southern District of New York (the "Court"), pursuant to section 78eee(b)(4) of SIPA.

---

[1] Section 78*lll*(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under section 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." 15 U.S.C. § 78*lll*(7)(B). Thus, even though the application for a protective decree was filed on December 15, 2008, the Filing Date in this action is December 11, 2008.

2

3.     On April 13, 2009, an involuntary bankruptcy petition was filed against Madoff. On June 9, 2009, this Court entered an order [Docket No. 252] substantively consolidating the Chapter 7 estate of Madoff into the BLMIS SIPA proceeding.

4.     Pursuant to SIPA section 78fff-1(a) of SIPA, the Trustee has the general powers of a bankruptcy trustee in a case under Chapter 7 of the Bankruptcy Code in addition to the powers granted pursuant to SIPA section 78fff(b). Chapters 1, 3, 5 and subchapters I and II of Chapter 7 of the Bankruptcy Code apply to this SIPA proceeding to the extent consistent with SIPA.

5.     Under SIPA, the Trustee is charged with the responsibility to marshal and liquidate the assets of BLMIS, and to recover customer property for distribution to BLMIS' customers in satisfaction of allowed customer claims. The assets that the Trustee has collected to date will be insufficient to reimburse all of the customers of BLMIS for the billions of dollars that they invested over the years. Consequently, the Trustee must use his authority under SIPA and the Bankruptcy Code to pursue recovery from BLMIS Transferees who received preferences and/or fraudulent transfers.

6.     The Trustee asserts that he has or may have avoidance claims against the Citco Companies related to preferential or fraudulent transfers made by BLMIS to the Citco Companies (the "Avoidance Claims") and may wish to commence an action in connection therewith (the "Avoidance Action"). The Citco Companies do not admit or concede the validity of any such potential claims.

7.     The Trustee is required, pursuant to section 546(a) of the United States Bankruptcy Code, to file any actions to avoid the transfers of property by BLMIS, including the

3

Avoidance Action, within two years of the entry of the order for relief (the "Filing Deadline") or such actions may be time-barred.

8. The Trustee and the Citco Companies believe that it is in their mutual best interests to modify the Filing Deadline to permit the parties to exchange information and otherwise seek to amicably resolve issues related to the potential Avoidance Action.

9. Accordingly, the running of any applicable limitations period (including without limitation, the time period set forth in section 546(a) of the Bankruptcy Code, and any applicable statute of limitations), with respect to the Avoidance Action is and shall be tolled for a period of 180 days, through and including June 9, 2011 (the "Tolling Period").

10. The Tolling Period shall be excluded from any computation of time for purposes of any time-based argument or time-based defense based on statutes of limitations, laches, estoppel, waiver, and any other time-based defense or right in an avoidance action. Any such time-based defense is hereby specifically waived in connection with the filing of the Avoidance Action by the Trustee during the Tolling Period. An Avoidance Action commenced by the Trustee during the Tolling Period shall be deemed to have been commenced prior to the Filing Deadline.

11. This document may be introduced as evidence of tolling in an Avoidance Action against the Citco Companies for any Avoidance Claims tolled in paragraph 9 above.

12. Nothing herein shall be deemed as any admission of wrongdoing, liability or culpability of any kind by the Citco Companies. In addition, except with respect to time-based elements addressed herein, nothing in this Stipulation and Order shall be deemed, asserted or construed to constitute waiver of any defense (other than untimeliness) that the Citco Companies may raise in response to any Avoidance Action.

4

13. It is the intent of the parties that this Stipulation and Order and the tolling contemplated hereby shall not impair, diminish, or eliminate any jurisdiction of the Bankruptcy Court, to the extent that it has such jurisdiction as of the Filing Deadline, to adjudicate any claim, action or proceeding relating to or arising out of the Avoidance Claims. In particular, the parties understand, and the Bankruptcy Court by approving this Stipulation and Order finds and determines, that section 546(a) of the Bankruptcy Code constitutes a true statute of limitations which may be tolled by agreement of the parties.

14. In the event that it is determined by final and non-appealable order of a court of competent jurisdiction that (i) the time limitations described in section 546(a) cannot be effectively tolled by agreement and (ii) the Bankruptcy Court can therefore not adjudicate any such Avoidance Claim and/or Avoidance Action, then the Trustee and the Citco Companies hereby irrevocably agree to submit to binding arbitration for a determination on the ultimate net liability of the Citco Companies to the BLMIS estate on any such Avoidance Claim and/or Avoidance Action, if an adversary proceeding had been commenced in the Bankruptcy Court on or before the Filing Deadline, but giving full effect to any and all other defenses or counterclaims of any kind or nature that the Citco Companies could assert in such adversary proceeding. In the event that the Bankruptcy Court is not competent to adjudicate such Avoidance Claim and/or Avoidance Action, such adjudication will be made by binding arbitration in accordance with the commercial arbitration rules of the American Arbitration Association, and the Citco Companies hereby agree (but only in the event that the Bankruptcy Court is not competent to make such determination as described above) to entry of judgment upon the arbitration award in any court of competent jurisdiction. The Citco Companies agree not to argue in any such arbitration that the statute of limitation expired during the period of the Tolling Agreement.

15. This Stipulation and Order is without prejudice to (a) the right of the parties to further extend the tolling period by consensual stipulation without further or additional approval of the Court, or (b) if such stipulation is not forthcoming, then on Order of the Court after the filing of a motion by the Trustee on appropriate notice to the other party and any other parties entitled to receive notice under the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

16. This Stipulation and Order constitutes the complete expression of the agreement of the parties hereto concerning the subjects covered herein, and no modification of, or amendment to, this Stipulation and Order shall be valid unless in writing and signed by the parties.

17. All notices under this Stipulation and Order shall be provided as follows:

> As to the Trustee:
>
> Baker & Hostetler LLP
> 45 Rockefeller Plaza
> New York, NY 10111
> Attn: David Sheehan and Marc Hirschfield
>
> As to the Citco Companies:
>
> Brown and Heller, P.A.
> One Biscayne Tower, 15th Floor
> 2 South Biscayne Boulevard
> Miami, FL 33131
> Attn: Lewis N. Brown

18. This Stipulation and Order shall be governed by and construed in accordance with the laws of the State of New York.

19. This Stipulation and Order may be executed in any number of counterparts and by the parties hereto in separate counterparts, each of which when so executed shall be deemed to be an original and all of which taken together shall constitute one and the same document.

20. The parties irrevocably consent to the exclusive jurisdiction of the Bankruptcy Court with respect to any dispute concerning this Stipulation and Order.

Dated: New York, New York
December 3, 2010

|  |  |
|---|---|
| *s/Lewis N. Brown* | *s/Marc Hirschfield* |
| Brown & Heller, P.A. | Baker & Hostetler LLP |
| One Biscayne Tower, 15th Floor | 45 Rockefeller Plaza |
| 2 South Biscayne Boulevard | New York, New York 10111 |
| Miami, Florida 33131 | Telephone: (212) 589-4200 |
| Telephone: (305) 358-3580 | Facsimile: (212) 589-4201 |
| Facsimile: (305) 374-1756 | David J. Sheehan |
| Lewis N. Brown | Email: dsheehan@bakerlaw.com |
| Email: lbrown@bhlawpa.com | Marc Hirschfield |
| *Attorneys for Citco Global Custody NV and Citco Bank Netherland NV Dublin* | Email: mhirschfield@bakerlaw.com |
|  | *Attorneys for Irving H. Picard, Esq. Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff* |

IT IS SO ORDERED in New York, New York, this 8th day of December, 2010

/s/Burton R. Lifland
UNITED STATES BANKRUPTCY JUDGE