UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
                                                           :
SECURITIES INVESTOR                                        :
PROTECTION CORPORATION                                     :
                                                           :  SIPA LIQUIDATION
                          Plaintiff-Appellant,             :  (Substantively Consolidated)
                                                           :  Adv. Pro. No. 08-10789 (BRL)
        v.                                                 :
                                                           :
BERNARD L. MADOFF INVESTMENT                               :
SECURITIES LLC,                                            :
                                                           :
                          Defendant.                       :
                                                           :
-------------------------------------------------          :
                                                           :
In re:                                                     :  Bankr. Case No. 08-1789 (BRL)
                                                           :
BERNARD L. MADOFF,                                         :
                                                           :
                          Debtor.                          :
                                                           :
-----------------------------------------------------------x

## OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM

SANDY B. DROZDICK (the "Customer") hereby objects to the Notice of Trustee's Determination of Claim (the "Determination") dated November 12, 2010.

### BACKGROUND

1. On June 18, 2009, the Customer filed a customer claim, with supporting documents (together, the "Claim"), which the Trustee has designated as Claim No. 010000. The Claim is incorporated herein by reference.

2. On or about November 12, 2010, the Trustee in this matter (the "Trustee") sent the Customer the Determination, which denied the Claim in its entirety. The Determination states only that the Customer did not have an account with Bernard L. Madoff Investment Securities ("BLMIS") and,

thus, is not a customer under the Securities Investor Protection ACT ("SIPA"). The Determination offers no other basis for the denial of the Claim in Full.

3. The Customer was an investor with BLMIS through his or her participation in the Sterling Equities Employees Retirement Plan, a participant-directed 401(k) plan that held an account at BLMS denominated 1KW182.

4. In connection with the determination of claims for claimants who did not have an account in his/her/its name at BLMIS ("the Customer Issue"), a scheduling order was entered regarding motion practice and a hearing concerning the Customer Issue. That motion practice and hearing, however, indisputably did not address ERISA claimants, such as Customer.

## GROUNDS FOR OBJECTION

5. As required by this Court's December 23, 2008 "Order Approving Form and Manner of Publication and Mailing of Notices, Specifying Procedures for Filing, Determination and Adjudication of Claims and Providing Other Relief" (the "Claims Procedures Order"), the Customer files this Objection to preserve all claims and defenses set forth in the Claim.

6. The Customer is a "customer" of the debtor as defined by the plain language of SIPA and relevant case law because the Customer entrusted money to BLMIS for the purpose of investing, trading, or participating in the securities market. 15 U.S.C. § 78$lll$(2)(A).

7. The Sterling Equities Employees Retirement Plan is an ERISA plan.

8. The Customer is a "customer" of the debtor irrespective of whether the Customer's name was on the account, as the name of a BLMIS account is not determinative of customer status.

9. The Customer also objects to the denial of the contingent and other claims set forth in the Claim. As noted, the Trustee has offered no basis for the denial.

2

## RELIEF REQUESTED

10. For the reasons stated herein and in the Claim, the Claim should be allowed in its entirety (including, without limitation, costs, fees, expenses, and a comparable rate of return), and the Court should direct SIPC to issue immediate payment to the Customer and such other amounts and equitable relief as the Court deems appropriate to compensate Customer's losses arising from his or her investment in BLMIS.

11. The Customer reserves the right to revise, supplement, or amend this Objection and its Claim and any failure to object on a particular ground or grounds shall not be construed as a waiver of Customer's right to object on any additional grounds.

\* \* \* \*

Dated: December 2, 2010

SANDY B. DROZDICK

By: _Sandy B. Drozdick_







Clerk of the United States Bankruptcy
Court for the Southern District of New York
One Bowling Green
New York, N.Y. 10004