Josephine Wang
General Counsel
SECURITIES INVESTOR PROTECTION
 CORPORATION
805 15TH Street, N.W., Suite 800
Washington, DC 20005
Telephone: 202-371-8300
E-mail: jwang@sipc.org

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                    Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                    Defendant | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| IN RE:<br><br>BERNARD L. MADOFF,<br><br>                    Debtor | |

RECOMMENDATION OF THE
SECURITIES INVESTOR PROTECTION CORPORATION
IN SUPPORT OF FIFTH APPLICATIONS OF SPECIAL COUNSEL
TO IRVING H. PICARD, TRUSTEE, FOR
<u>INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES</u>

Nine special counsel to Irving H. Picard, Esquire, as trustee ("Trustee") for the substantively consolidated liquidation proceedings of Bernard L. Madoff Investment Securities

LLC ("BLMIS" or "Debtor") and Bernard L. Madoff ("Madoff"), have filed their applications for allowance of interim compensation under the Securities Investor Protection Act, 15 U.S.C. section 78aaa et seq. ("SIPA"). Pursuant to section 5(b)(5)(C) of SIPA, 15 U.S.C. §78eee(b)(5)(C), SIPC submits this recommendation in support of the applications. The grounds for this recommendation are as follows:

1.  The applications involve the period from March 11, 2010 (for one application) or June 1, 2010 (for the other eight applications) through July 20, 2010, (for one application) and September, 30, 2010 (for the other eight applications) ("Compensation Period"). As detailed in the applications, special counsel have rendered a range of services to the administration of the estate during this time. The liquidation proceeding has progressed to a point where the Trustee has reviewed and issued determinations for almost 95% of the filed customer claims. The completion of administration will require special counsel to assist the Trustee in (1) continuing with the marshaling of the assets of the estate; and (2) dealing with such other matters as they may be called upon to resolve.

2.  The special counsel and the geographic locations where they represent the Trustee are: Hogan Lovells International LLP ("Hogan Lovells") (England, Wales, and other European jurisdictions); Eugene F. Collins ("Collins") (Ireland); Higgs Johnson Truman Bodden & Co. ("Higgs") (Cayman Islands); Schiltz & Schiltz ("Schiltz") (Luxembourg); Attias & Levy ("Attias") (Gibraltar); Williams Barristers & Attorneys ("Williams") (Bermuda); Kugler Kandestin LLP ("Kugler") (Canada); SCA Creque ("SCA") (British Virgin Islands ("BVI")); and Werder Vigano ("Werder") (Switzerland).

3.  SIPC, by its staff, has carefully evaluated the applications for compensation. This has included analyzing the detailed reports of time spent and services rendered as set forth in the

applications and the exhibits thereto. SIPC also has consulted closely with the Trustee and his counsel (Baker & Hostetler LLP) regarding the need for the services of special counsel, the nature and scope of services rendered by them, and the fees and reimbursement of costs sought by them. The detailed reports of services reflect the following totals of hours expended by special counsel in the performance of their duties: Hogan Lovells – 147.2 hours; Collins – 78.6 hours; Higgs – 139.8 hours; Schiltz – 185.6 hours; Attias – 871.7 hours; Williams – 253.8 hours; Kugler – 13.3 hours; SCA – 120.1 hours; and Werder – 95.5 hours. In reviewing the applications, SIPC considered the requirements and standards for an application set forth in 15 U.S.C. §78eee(b)(5), the relevant sections of the Bankruptcy Code, and the Administrative Order re Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases. SIPC believes that the applications substantially comply with the applicable law and this District's Administrative Order.

4. Based upon an average discounted hourly rate of $600.92, Hogan Lovells asserts the reasonable value of its discounted services is $88,455.60 and requests allowance of that amount and reimbursement of expenses in the amount of $29,312.01 incurred from June 1, 2010 through July 20, 2010. Because Hogan Lovells has terminated its service to the Trustee, Hogan Lovells also requests the payment of $447,264.80 held back on its prior four applications.

5. Based upon an average discounted hourly rate of $302.38, Collins asserts the reasonable value of its discounted services is $23,767.09, and requests allowance of 80% in the amount of $19,013.68, and reimbursement of expenses in the amount of $745.54 incurred from June 1, 2010 through September 30, 2010.

6. Based upon an average discounted hourly rate of $484.33, Higgs asserts the reasonable value of its discounted services is $67,709.25, and requests allowance of 80% in the

3

amount of $54,167.40, and reimbursement of expenses in the amount of $4,735.06 incurred from June 1, 2010 through September 30, 2010.

7. Based upon an average discounted hourly rate of $495.95, Schiltz asserts the reasonable value of its discounted services is $92,046.75 and requests allowance of 80% in the amount of $73,637.40, and reimbursement of expenses in the amount of $5,983.05 incurred from June 1, 2010 through September 30, 2010.

8. Based upon an average discounted hourly rate of $303.83, Attias asserts the reasonable value of its discounted services is $264,850.04 and requests allowance of 80% in the amount of $211,880.03, and reimbursement of expenses in the amount of $10,827.27 incurred from June 1, 2010 through September 30, 2010.

9. Based upon an average discounted hourly rate of $524.92, Williams asserts the reasonable value of its discounted services is $133,244.23 and requests allowance of 80% in the amount of $106,595.38, and reimbursement of expenses in the amount of $16,365.00 incurred from June 1, 2010 through September 30, 2010.

10. Based upon an average discounted hourly rate of $374.84, Kugler asserts the reasonable value of its discounted services is $4,985.32, and requests allowance of 80% in the amount of $3,988.25, and reimbursement of expenses in the amount of $117.63 incurred from June 1, 2010 through September 30, 2010.

11. Based upon an average discounted hourly rate of $621.00, SCA asserts the reasonable value of its discounted services is $74,582.02, and requests allowance of 80% in the amount of $59,665.62, and no reimbursement of expenses.

12. Based upon an average discounted hourly rate of $354.75, Werder asserts the reasonable value of its discounted services is $33,878.90, and requests allowance of 80% in the

4

amount of $27,103.12 and reimbursement of expenses in the amount of $1,041.09 incurred from March 11, 2010 through September 30, 2010.

13. Generally, SIPC has no objection to the allowance of such interim compensation as the Court may deem appropriate once the liquidation proceeding has progressed to a point where a customer claims process is established and operational and significant work has been performed, and upon consideration of the potential hardship to the applicant. In this liquidation proceeding, a customer claims process has been established and is operational and significant work has been performed.

14. Section 5(b)(5)(A) of SIPA, 15 U.S.C. § 78eee(b)(5)(A), provides that the Court shall "grant reasonable compensation for services rendered… by a trustee, and by the attorney for such a trustee, in connection with a liquidation proceeding." SIPA § 5(b)(5)(C), 15 U.S.C. § 78eee(b)(5)(C), sets forth the standard for the Court's determination of applications for allowances of compensation and reimbursement in SIPA cases. The section provides:

> Whenever an application for allowances is filed pursuant to subparagraph (B), SIPC shall file its recommendation with respect to such allowances with the court prior to the hearing on such application and shall, if it so requests, be allowed reasonable time after such hearing within which to file a further recommendation. _In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC._ In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendation of SIPC. [emphasis added]

15. In a SIPA proceeding, administrative costs and expenses, which include trustee and counsel fees and expenses, are to be borne by the general estate. SIPA § 5(b)(5)(E), 15 U.S.C. § 78eee(b)(5)(E). To the extent the estate is not sufficient; SIPC advances funds for their

5

payment. SIPA §§ 5(B)(5)(E), 6(e), and 9(b)(2), 15 U.S.C. §§ 78eee(b)(5)(E), 78fff(e), and 78fff-3(b)(2).

16.  In this case, the Court has been advised that the Trustee has "no reasonable expectation that the general estate will be sufficient to make any distribution to general creditors or pay any administrative expenses." (Fifth Application of Trustee and Baker and Hostetler LLP at 49, ¶150.) Thus, any allowances for fees and expenses of special counsel will be paid by SIPC without any expectation of recoupment by SIPC. Furthermore, there is no difference between the amounts requested by special counsel and the amounts recommended by SIPC. Consequently, SIPA provides that this Court shall award special counsel the amounts recommended by SIPC.

17.  Resolution of the matters set forth in paragraph 1 above will delay the completion of this proceeding. SIPC respectfully submits that an allowance of interim compensation is appropriate at this time. An interim allowance does not involve a determination as to the actual reasonable value of the services in question. It is merely a payment on account of the final allowance and does not imply that the Court or SIPC has approved the value which special counsel have placed on their services. The amounts sought do not exceed the sums the Court might reasonably award as final compensation for the services rendered. Accordingly, SIPC supports the applications.

WHEREFORE, SIPC respectfully recommends that: (1) (a) final compensation in the amount of $88,455.60 sought by Hogan Lovells and reimbursement of $29,312.01 of expenses; and (b) payment of $447,264.80 sought by Hogan Lovells from fees held back on its prior four applications; (2) interim compensation in the amount of $19,013.68 sought by Collins and reimbursement of $745.54 of expenses; (3) interim compensation in the amount of $54,167.40

6

sought by Higgs and reimbursement of $4,735.06 of expenses; (4) interim compensation in the amount of $73,637.40 sought by Schiltz and reimbursement of $5,983.05 of expenses; (5) interim compensation in the amount of $211,880.03 sought by Attias and reimbursement of $10,827.27 of expenses; (6) interim compensation in the amount of $106,595.38 sought by Williams and reimbursement of $16,365.00 of expenses; (7) interim compensation in the amount of $3,988.25 sought by Kugler and reimbursement of $117.63 of expenses; (8) interim compensation in the amount of $59,665.02 sought by SCA; and (9) interim compensation in the amount of $27,103.12 sought by Werder and reimbursement of $1,041.09 of expenses, be allowed.

Respectfully submitted,

Of Counsel:
KEVIN H. BELL
Senior Associate General Counsel
 For Dispute Resolution
E-mail: kbell@sipc.org

/s/ Josephine Wang
JOSEPHINE WANG
General Counsel
SECURITIES INVESTOR
 PROTECTION CORPORATION
805 15TH Street, N.W.
Suite 800
Washington, D.C. 20005-2215
Telephone: (202) 371-8300
Facsimile: (202) 371-6728
E-mail: jwang@sipc.org

Date: December 9, 2010
      Washington, D.C.