**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |

**STIPULATION AND ORDER TOLLING THE STATUTE OF LIMITATIONS**

IT IS HEREBY STIPULATED AND AGREED, subject to the approval of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), by and between Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq*. ("SIPA"), and the substantively consolidated estate of Bernard L. Madoff ("Madoff" and, together with BLMIS, the "Debtors") on the one hand, and the Shapiro Family,[1] on the other hand, in each case by and through their respective attorneys, as follows:

[1] The Shapiro Family, for purposes of this Stipulation, refers to the following individuals and entities: Carl J. Shapiro, Ruth E. Shapiro, Rhonda Shapiro Zinner, Michael J. Zinner, Linda Shapiro Waintrup, Daniel I. Waintrup, Ellen Shapiro Jaffe, Jennifer Segal Herman, Jonathan M. Segal, Kimberly L. Strauss, Samantha L. Strauss, Michael S. Jaffe, Steven C. Jaffe, Andrew N. Jaffe, Ashley Herman, Zachary Herman, Alexandra Herman, Rebekah Jaffe, Oliver Jaffe, Carl J. Shapiro 2007 Trust dated 11/14/07, Ruth Shapiro 2007 Trust dated 11/14/2007, Carl J. Shapiro 2003 Trust U/D/T 4/9/03 As Amended, Ruth Shapiro Trust 2003 U/D/T/ 4/9/03 As Amended, Rhonda Shapiro Zinner 1993 Trust U/D/T/ DTD 7/7/93

1. On December 11, 2008 (the "Filing Date"),[2] the Securities and Exchange Commission ("SEC") filed a complaint in the United States District Court for the Southern District of New York (the "District Court") against the Debtors (Case No. 08 CV 10791). The complaint alleged that the Debtors engaged in fraud through investment advisor activities of BLMIS.

2. On December 15, 2008, pursuant to section 78eee(a)(4)(A) of SIPA, the SEC consented to a combination of its own action with an application of the Securities Investor Protection Corporation ("SIPC"). Thereafter, pursuant to section 78eee(a)(3) of SIPA, SIPC filed an application in the District Court alleging, inter alia, that BLMIS was not able to meet its obligations to securities customers as they came due and, accordingly, its customers needed the protection afforded by SIPA.

3. On that date, the District Court entered the Protective Decree, to which BLMIS consented, which, in pertinent part:

a. appointed the Trustee for the liquidation of the business of BLMIS pursuant to section 78eee(b)(3) of SIPA;

---

As Amended, RSZ 2006 Irrevocable Trust, Ellen S. Jaffe 2003 Trust U/D/T DTD 5/8/03 As Amended, Jaffe Family 2004 Irrevocable Trust, Linda Shapiro Family Trust DTD 12/08/76, Linda Shapiro Waintrup 1992 Trust U/D/T DTD 3/11/92 As Amended, LSW 2006 Irrevocable Trust, Jennifer M. Segal Herman Trust U/D/T DTD 5/1/67 As Amended, Jennifer S. Herman 2007 Trust, Jennifer Segal Herman 1985 Trust Dated 4/16/85, Jonathan M. Segal 1989 Trust U/D/T DTD 3/8/89 As Amended, Jonathan M. Segal 2007 Trust, Jonathan M. Segal Trust U/D/T/ DTD 12/1/70, JSH 2006 Irrevocable Trust, Michael S. Jaffe 1989 Trust U/D/T DTD 8/24/89 As Amended, Michael S. Jaffe 2007 Trust, Michael S. Jaffe Trust U/D/T/ 9/25/71 As Amended, Steven C. Jaffe Trust U/D/T DTD 9/25/71 As Amended, Steven C. Jaffe 1989 Trust U/D/T DTD 8/24/89 As Amended, Steven C. Jaffe 2007 Trust, Andrew Jaffe Trust U/D/T DTD 5/12/75 As Amended, Andrew N. Jaffe 1993 Irrevocable Trust U/D/T DTD 6/11/93 As Amended, Andrew N. Jaffe 2007 Trust, Samantha Strauss 1985 Trust, Samantha L. Strauss 2003 Irrevocable Trust, Kimberly Lauren Strauss 1988 Trust As Amended, Kimberly L. Strauss 2006 Irrevocable Trust, Shapiro Family Limited Partnership, Carl and Ruth Shapiro Family Foundation, RSZ-JSH Partnership, Shapiro Family CLAT Joint Venture, Shapiro GGC-1 LLC, Jaffe GC-1 LLC, J Development Group, and Wellesley Capital Management, Inc.

[2] In this case, the Filing Date is the date on which the United States Securities & Exchange Commission ("SEC") commenced its suit against BLMIS, December 11, 2008, which resulted in the appointment of a receiver for the firm. *See* SIPA § 78*lll*(7)(B).

b. appointed Baker & Hostetler LLP as counsel to the Trustee pursuant to section 78eee(b)(3) of SIPA; and

c. removed the case to this Court pursuant to section 78eee(b)(4) of SIPA.

4. At a plea hearing (the "Plea Hearing") on March 12, 2009 in the criminal action filed against him by the United States Attorney's Office for the Southern District of New York, Madoff pled guilty to an 11-count criminal information, which counts included securities fraud, money laundering, theft and embezzlement. At the Plea Hearing, Madoff admitted that he "operated a Ponzi scheme through the investment advisory side of [BLMIS]." (Plea Hr'g Tr. at 23:14-17.) On June 29, 2009, Madoff was sentenced to a term of imprisonment of 150 years.

5. On April 13, 2009, an involuntary bankruptcy petition was filed against Madoff. On June 9, 2009, this Court entered an order substantively consolidating the Chapter 7 estate of Madoff into the BLMIS SIPA proceeding.

6. Pursuant to SIPA § 78fff-1(a) of SIPA, the Trustee has the general powers of a bankruptcy trustee in a case under Chapter 7 of the Bankruptcy Code in addition to the powers granted pursuant to SIPA § 78fff(b). Chapters 1, 3, 5 and subchapters I and II of Chapter 7 of the Bankruptcy Code apply to this SIPA proceeding to the extent consistent with SIPA.

7. Under SIPA, the Trustee is charged with the responsibility to marshal and liquidate the assets of BLMIS, and to recover customer property for distribution to BLMIS's customers in satisfaction of allowed customer claims. The assets that the Trustee has collected to date will be insufficient to reimburse all of the customers of BLMIS for the billions of dollars that they invested over the years. Consequently, the Trustee must use his authority under SIPA and the United States Bankruptcy Code ("Bankruptcy Code") to pursue recovery from BLMIS Transferees who received preferences and/or fraudulent transfers.

8. The Trustee asserts that he has or may have avoidance claims against the Shapiro Family related to preferential or fraudulent transfers made by BLMIS to the Shapiro Family (the "Avoidance Claims") and may wish to commence an action in connection therewith (the "Avoidance Action"). The Shapiro Family does not admit or concede the validity of any such potential claims.

9. The Trustee is required, pursuant to section 546(a) of the Bankruptcy Code, to file any actions to avoid the transfers of property by BLMIS, including the Avoidance Action, within two years of the entry of the order for relief (the "Filing Deadline") or such actions may be time-barred.

10. The Trustee and the Shapiro Family believe that it is in their mutual best interests to modify the Filing Deadline as they have engaged in fruitful settlement discussions and the Trustee has filed a motion (the "9019 Motion") seeking entry of an order (the "Approval Order") pursuant to section 105(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving an agreement by and between the Trustee and the Shapiro Family pursuant to which the Shapiro Family will pay to the Trustee $550 million.

11. Prior to the Filing Deadline, the Trustee provided the Shapiro Family with detailed information concerning the factual and legal basis of his Avoidance Claims against them. Because the Trustee and the Shapiro Family have reached an agreement to settle the Trustee's claims, the Trustee and the Shapiro Family agreed that a complaint would not be filed but that the parties would enter into the tolling agreement herein.

12. Accordingly, the running of any applicable limitations period (including without limitation, the time period set forth in § 546(a) of the Bankruptcy Code, and any applicable

statute of limitations), with respect to the Avoidance Action is and shall be tolled for a period of 30 days after such time as (a) an order is entered denying the Trustee's 9019 Motion, or (b) the Approval Order is reversed on appeal by a decision or order that is no longer subject to appeal, review, or rehearing (the "Tolling Period").

13. The Tolling Period shall be excluded from any computation of time for purposes of any time-based argument or time-based defense based on statutes of limitations, laches, estoppel, waiver, and any other time-based defense or right in an avoidance action. Any such time-based defense is hereby specifically waived in connection with the filing of the Avoidance Action by the Trustee during the Tolling Period, except for those time-based defenses that could have been asserted as of the date of this Stipulation. An Avoidance Action commenced by the Trustee during the Tolling Period shall be deemed to have been commenced prior to the Filing Deadline.

14. This document may be introduced as evidence of tolling in an Avoidance Action against the Transferees for any Avoidance Claims tolled in paragraph 12 above.

15. Nothing herein shall be deemed as any admission of wrongdoing, liability or culpability of any kind by the Shapiro Family. In addition, except with respect to time-based elements addressed herein, nothing in this Stipulation and Order shall be deemed, asserted or construed to constitute waiver of any defense (other than untimeliness) that the Shapiro Family may raise in response to any Avoidance Action.

16. It is the intent of the parties that this Stipulation and Order and the tolling contemplated hereby shall not impair, diminish, or eliminate any jurisdiction of the Bankruptcy Court, to the extent that it has such jurisdiction as of the Filing Deadline, to adjudicate any claim, action or proceeding relating to or arising out of the Avoidance Claims. In particular, the parties

understand, and the Bankruptcy Court by approving this Stipulation and Order finds and determines, that section 546(a) of the Bankruptcy Code constitutes a true statute of limitations which may be tolled by agreement of the parties.

17. In the event that it is determined by final and non-appealable order of a court of competent jurisdiction that (i) time limitations described in section 546(a) of the Bankruptcy Code cannot be effectively tolled by agreement and (ii) the Bankruptcy Court can therefore not adjudicate any such Avoidance Claim and/or Avoidance Action, then the Shapiro Family agrees to pay to the Trustee that amount, if any, which the Bankruptcy Court by final order determines would have been the ultimate net liability of the Shapiro Family to the BLMIS estate on any such Avoidance Claim and/or Avoidance Action, if an adversary proceeding had been commenced in the Bankruptcy Court on or before the Filing Deadline, but giving full effect to any and all other defenses or counterclaims of any kind or nature that the Shapiro Family could assert in such adversary proceeding. In the event that the Bankruptcy Court is not competent to make such determination, such determination will be made by binding arbitration in accordance with the commercial arbitration rules of the American Arbitration Association, and the Trustee and the Shapiro Family hereby irrevocably submit to such binding arbitration (but only in the event that the Bankruptcy Court is not competent to make such determination as described above) and to entry of judgment upon the arbitration award in any court of competent jurisdiction.

18. This Stipulation and Order is without prejudice to (a) the right of the parties to further extend the tolling period by consensual stipulation without further or additional approval of the Court or (b) if such stipulation is not forthcoming, then on Order of the Court after the filing of a motion by the Trustee on appropriate notice to the other party and any other parties entitled to receive notice under the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

19. This Stipulation and Order constitutes the complete expression of the agreement of the parties hereto concerning the subjects covered herein, and no modification of, or amendment to, this Stipulation and Order shall be valid unless in writing and signed by the parties.

20. All notices under this Stipulation and Order shall be provided as follows:

As to the Trustee:

Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
Attn: David Sheehan and Marc Hirschfield

As to the Shapiro Family:

Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022
Attn: Stephen Fishbein and Richard Schwed

21. This Stipulation and Order shall be governed by and construed in accordance with the laws of the State of New York.

22. This Stipulation and Order may be executed in any number of counterparts and by the parties hereto in separate counterparts, each of which when so executed shall be deemed to be an original and all of which taken together shall constitute one and the same document.

23. The parties irrevocably consent to the exclusive jurisdiction of the Bankruptcy Court with respect to any dispute concerning this Stipulation and Order.

Dated: New York, New York
December 9, 2010

*/s/ Richard Schwed*
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 848-4000
Facsimile: (212) 848-7179
Stephen Fishbein
Email: sfishbein@shearman.com
Richard Schwed
Email: rschwed@shearman.com

*Attorneys for the Shapiro Family*

*/s/ David J. Sheehan*
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com
Oren J. Warshavsky
Email: owarshavsky@bakerlaw.com
Amy E. Vanderwal
Email: avanderwal@bakerlaw.com
Seanna R. Brown
Email: sbrown@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

IT IS SO ORDERED in New York, New York, this 10th day of December, 2010

/s/Burton R. Lifland
HONORABLE BURTON R. LIFLAND
UNITED STATES BANKRUPTCY JUDGE