**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
dsheehan@bakerlaw.com
Marc E. Hirschfield
mhirschfield@bakerlaw.com
Amy Vanderwal
avanderwal@bakerlaw.com

*Attorneys for Irving H. Picard, Esq., Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　　Plaintiff,<br><br>　　　　v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　　　Defendant.<br><br>In re:<br><br>BERNARD L. MADOFF,<br><br>　　　　　　Debtor. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |

**TRUSTEE'S OBJECTION TO MOTION BY LAWRENCE R. VELVEL SEEKING PARTIAL STAY OF THE COURT'S ORDERS OF NOVEMBER 10, 2010 <u>INVOLVING AVOIDANCE ACTIONS AGAINST INNOCENT INVESTORS</u>**

300134027.1

Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq*. ("SIPA"), and the substantively consolidated estate of Bernard L. Madoff ("Madoff" and with BLMIS, the "Debtors"), by and through his undersigned counsel, objects (the "Objection") to the "Motion For a Partial Stay of the Court's Orders of November 10, 2010 Involving Avoidance Actions Against Innocent Investors" filed by Lawrence R. Velvel ("Dean Velvel") [ECF No. 3236] (the "Motion"). In support of the Objection, the Trustee respectfully states as follows:

1. On October 21, 2010, the Trustee filed his motion [ECF No. 3057] (the "Case Management Motion")[1] seeking entry of an order approving case management procedures for certain Avoidance Action that he would be filing and has since filed. Nine objections were filed to the Motion including an objection by Dean Velvel [ECF No. 3087]. The Court conducted a hearing on the Motion on November 10, 2010. Dean Velvel failed to appear at the hearing but counsel for many of the other objecting parties did appear and they presented their objections to the Court. Several of the objecting parties in their pleadings, and one objecting party at the hearing, requested that the Court stay the Trustee's Avoidance Actions pending a final order on the issue of "Net Equity."

2. Following the conclusion of the hearing, the Court granted the relief requested by the Trustee's motion as revised as a result of the Trustee's negotiation with a number of the objecting parties. With one exception relating to the selection of mediators, the Court overruled the remaining objections filed to the Case Management Motion, including the request that the

---

[1] All terms not defined herein shall have such meanings as subscribed to them in the Case Management Motion.

Avoidance Actions be stayed pending the entry of a final order on the issue of "Net Equity". The Court entered its Order granting the motion on November 10, 2010 [ECF No. 3141] (the "Case Management Order"). On December 1, 2010, Dean Velvel filed a motion seeking an interlocutory appeal from the Case Management Order. [ECF No. 3264]

3. On December 10, 2010, the Trustee commenced an adversary proceeding against Dean Velvel seeking the return of fictitious profits withdrawn by him in the six year period preceding the collapse of BLMIS (the "Velvel Proceeding"). The Velvel Proceeding has been assigned Adv. Proc. No. 10-05412. The Trustee, in the exercise of his discretion, did not file a Notice of Applicability in the Velvel Proceeding and therefore, by their express terms, the Avoidance Procedures he seeks to stay by his Motion do not apply to the Velvel Proceeding.[2]

I. Dean Velvel Lacks Standing to Seek to Stay the Avoidance Procedures.

4. It is black-letter law that an individual must be personally aggrieved by a ruling or order and that injury to the rights of a third party are not sufficient to grant standing. *Assoc. Against Discrimination in Employment, Inc. v. Bridgeport*, 710 F.2d 69, 73 (2d Cir. 1983) ("It is elementary that a litigant is not entitled to have the court decide the merits of an issue he raises unless he can show some basis for arguing that the challenged action has caused him a cognizable injury."); *Bickerton v. Bozel, S.A. (In re Bozel S.A.),* 434 B.R. 86, 96 (Bankr. S.D.N.Y. 2010) (noting that a plaintiff must establish prudential standing, which means plaintiffs can neither allege a generalized grievance nor assert the legal rights of a third party); *In re The 1031 Tax Group, LLC*, No. 07-CV-11448 2010 Bankr. LEXIS 2612, at *27-28 (S.D.N.Y. Aug.

---

[2] Pursuant to the Avoidance Procedures, Dean Velvel is able to file a Notice of Applicability with the Court which would then make the Avoidance Procedures applicable to the Velvel Proceeding. If he does so, he would be voluntarily electing to opt into the Avoidance Procedures and as such, he could hardly be heard to complain about them.

27, 2010) (citing *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004), which identified at least three different prudential standing rules: (i) a general prohibition on a litigant raising the legal rights of third parties; (ii) a bar against parties adjudicating generalized grievances related to abstract questions of wide public significance; and (iii) the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked).

5.    The Avoidance Procedures do not apply to the Velvel Proceeding and, as such, he lacks standing to seek a stay of such procedures. Not surprisingly, nowhere in the Motion does Dean Velvel contend that the Litigation Procedures Order directly and adversely affects his pecuniary interests. Nor could he. As the Avoidance Procedures do not apply to the Velvel Proceeding, in no way is Velvel "aggrieved" by the Litigation Procedures Order – it has no pecuniary affect on him at all. Accordingly, lacking standing to seek a stay, the Motion must be denied.

II.  The Court Already Considered and Denied Requests to Stay the Avoidance Actions.

6.    As part of the objections to the Case Management Motion, Dean Velvel and the other the objecting parties requested that pending the entry of a final order on the issue of "Net Equity", the Court either not entertain the Case Management Motion or that the Avoidance Actions be stayed once commenced. Thus, Dean Velvel and the other objecting parties sought the very same relief that Dean Velvel now seeks in his Motion. The Court denied the requests for a stay as well as the other objections. Even assuming he has standing, and he does not, as Dean Velvel has not come forward with any new facts or arguments which support the relief he seeks, there is no basis for the Court to reconsider its findings on the record of the November 10, 2010 hearing that the relief requested by the Trustee should be granted and the objections,

including the request for a stay, should be overruled.  Accordingly, the Court should deny Dean Velvel's Motion.

7. Accordingly, the Trustee respectfully requests that the Court (a) deny the relief requested by Dean Velvel in the Motion, and (b) grant the Trustee such other and further relief as the Court deems proper.

Dated: New York, New York
December 13, 2010

Respectfully submitted,

 */s/ Marc Hirschfield*
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Marc Hirschfield
Email: mhirschfield@bakerlaw.com
Amy Vanderwal
Email: avanderwal@bakerlaw.com

*Attorneys for Irving H. Picard, Esq. Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*