**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------- x

SECURITIES INVESTOR
PROTECTION CORPORATION,

    Plaintiff-Appellant,

  v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

    Defendant.

---------------------------- x

In re:

BERNARD L. MADOFF,

    Debtor.

---------------------------- x

SIPA LIQUIDATION
(Substantively Consolidated)
Adv. Pro. No. 08-10789 (BRL)

Bankr. Case No. 08-1789 (BRL)

## OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM

GREGORY P. NERO (the "Customer") hereby objects to the Notice of Trustee's Determination of Claim (the "Determination") dated November 12, 2010.

### BACKGROUND

1. On June 18, 2009, the Customer filed a customer claim, with supporting documents (together, the "Claim"), which the Trustee has designated as Claim No. __010051__. The Claim is incorporated herein by reference.

2. On or about November 12, 2010, the Trustee in this matter (the "Trustee") sent the Customer the Determination, which denied the Claim in its entirety. The

Determination states only that the Customer did not have an account with Bernard L. Madoff Investment Securities ("BLMIS") and, thus, is not a customer under the Securities Investor Protection Act ("SIPA"). The Determination offers no other basis for the denial of the Claim in full.

3. The Customer was an investor with BLMIS through his or her participation in the Sterling Equities Employees Retirement Plan, a participant-directed 401(k) plan that held an account at BLMIS denominated 1KW182.

4. In connection with the determination of claims for claimants who did not have an account in his/her/its name at BLMIS ("the Customer Issue"), a scheduling order was entered regarding motion practice and a hearing concerning the Customer Issue. That motion practice and hearing, however, indisputably did not address ERISA claimants, such as Customer.

## GROUNDS FOR OBJECTION

5. As required by this Court's December 23, 2008 "Order Approving Form and Manner of Publication and Mailing of Notices, Specifying Procedures for Filing, Determination and Adjudication of Claims and Providing Other Relief" (the "Claims Procedures Order"), the Customer files this Objection to preserve all claims and defenses set forth in the Claim.

6. The Customer is a "customer" of the debtor as defined by the plain language of SIPA and relevant case law because the Customer entrusted money to BLMIS for the purpose of investing, trading, or participating in the securities market. 15 U.S.C. § 78*lll*(2)(A).

7. As the Sterling Equities Employees Retirement Plan is a participant-directed plan, the Customer affirmatively elected to invest retirement savings with BLMIS, which evidences the usual traits of a customer relationship with the debtor. Participant-directed retirement plans are unique in nature because, unlike defined benefit plans, participants exercise direct control over their investments.

8. The Customer is a "customer" of the debtor irrespective of whether the Customer's name was on the account, as the name of a BLMIS account is not determinative of customer status.

9. The Customer also objects to the denial of the contingent and other claims set forth in the Claim. As noted, the Trustee has offered no basis for the denial.

10. In addition to these aforementioned objections, the Customer objects to the Trustee's denial and/or reduction of the Claim on a variety of grounds, including without limitation the following:

    (a) Reducing the Claim by the amount of any withdrawal constitutes the effective avoidance of such transfers from BLMIS to Customer. There is no legal basis for avoidance of any transfer, and avoidance is barred by various provisions of the Bankruptcy Code and SIPA that protect the validity of each transfers and preclude their avoidance. Avoidance may not be effected except pursuant to the Bankruptcy Code and Rules, as made applicable through SIPA. Therefore, reducing the Claim by the amount of any withdrawal is improper and invalid.

(b) Reducing the Claim by the amount of any withdrawal constitutes a setoff that is invalid under applicable provisions of SIPA and the Bankruptcy Code.

(c) The Customer is entitled to recover interest, or some comparable rate of return, for deposited amounts, pursuant to state law and federal securities law.

(e) The Customer is entitled to an adjustment of the Claim to account for the Claim's current value.

## RELIEF REQUESTED

11. For the reasons stated herein and in the Claim, the Claim should be allowed in its entirety (including, without limitation, costs, fees, expenses, and a comparable rate of return), and the Court should direct SIPC to issue immediate payment to the Customer and such other amounts and equitable relief as the Court deems appropriate to compensate Customer's losses arising from his or her investment in BLMIS.

12. The Customer reserves the right to revise, supplement, or amend this Objection and its Claim and any failure to object on a particular ground or grounds shall not be construed as a waiver of Customer's right to object on any additional grounds.

\* \* \* \*

Dated: Great Neck, NY
       Nov 23, 2010

GREGORY P. NERO

By: _____