**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com
Amy E. Vanderwal
Email: avanderwal@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation
of Bernard L. Madoff Investment Securities LLC
and Bernard L. Madoff*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |


**MEMORANDUM OF LAW OF IRVING H. PICARD, TRUSTEE, IN OPPOSITION TO
THE MOTION OF LAWRENCE R. VELVEL FOR LEAVE TO APPEAL**

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ............................................................................................... 1

STATEMENT OF FACTS ........................................................................................................ 2

ARGUMENT .............................................................................................................................. 3

    I.    The District Court Does Not Have Jurisdiction to Consider the Late-Filed Appeal ............................................................................................................... 3

    II.    Dean Velvel Has No Standing to Appeal the Case Management Order ................ 5

    III.    Relief Should Not Be Granted on the Merits of the Appeal .................................. 7

        1.    The Standard for Leave to Appeal an Interlocutory Order ........................ 7

        2.    No "Exceptional Circumstances" Exist to Warrant Granting Dean Velvel's Motion for Leave ...................................................................... 9

CONCLUSION ......................................................................................................................... 12

## TABLE OF AUTHORITIES

**Cases**

**Page**

*Adams v. Zarnel (In re Zarnel),* 619 F.3d 156 (2d Cir. 2010) ...................................................... 6

*Assoc. Against Discrimination in Employment, Inc. v. Bridgeport*, 710 F.2d 69 (2d Cir. 1983) ... 6

*Exco Res. Inc. v. Milbank*, No. 02-CV-5638 U.S. Dist. LEXIS 1442 (S.D.N.Y. 2003) ................. 6

*Freeman v. Journal Register Co.,* No. 09-CV-7296, 2010 U.S. Dist. LEXIS 21054 (S.D.N.Y. Mar. 8, 2010) .............................................................................................................................. 6

*German v. Fed. Home Loan Mortgage Corp.*, 896 F. Supp 1385 (S.D.N.Y. 1995) ....................... 8

*Houston v. Aames Funding Corp.,* 240 Fed. Appx. 910 (2d Cir. 2007) ........................................ 4

*In re Adelphia Communications Corp.*, 333 B.R. 649 (S.D.N.Y. 2005) ................................... 8, 9

*In re Flor*, 79 F.3d 281 (2d Cir. 1996) ........................................................................................ 8, 9

*In re IBI Sec. Serv., Inc.*, 174 B.R. 664 (E.D.N.Y. 1994) ............................................................... 9

*In re Ionosphere Clubs,* Inc., 179 B.R. 24 (S.D.N.Y. 1995) .................................................. 7, 8, 9

*In re Old Carco LLC*, 423 B.R. 40 (S.D.N.Y. 2010) ..................................................................... 4

*In re Pan Am* Corp., 159 B.R. 396 (S.D.N.Y. 1993) ..................................................................... 8

*In re Satellite Systems Corp., 73 B.R. 610, n.2 (S.D.N.Y. 1987)* ................................................. 5

*In re Victory Markets, Inc.*, 195 B.R. 9 (N.D.N.Y. 1996) ............................................................. 6

*Licensing by Pablo v. Sinatra (In re Gucci)*, 126 F.3d 380 (2d Cir. 1997) ................................... 6

*Merchants Bank v. C.R. Davidson Co. (In re C.R. Davidson Co.)*, 232 B.R. 549 (B.A.P. 2d Cir. 1999) ........................................................................................................................................ 5

*Minhlong Enters. v. New York Int'l Hostel (In re New York Int'l Hostel)*, 194 B.R. 313 (S.D.N.Y. 1996) ........................................................................................................................................ 4

*North Fork Bank v. Abelson*, 207 B.R. 382 (E.D.N.Y. 1997) ....................................................... 9

*P. Schoenfeld Asset Mgt. LLC v. Cendant Corp.*, 161 F. Supp.2d 355 (D. N.J. 2001) .................. 9

# TABLE OF AUTHORITIES
(continued)

**Page**

*Robbins v. Thomson McKinnon Sec. Inc. (In re Thomson McKinnon Sec. Inc.),* No. 97-CV-350,
   1997 U.S. LEXIS 23971 (S.D.N.Y. June 9, 1997) ................................................................. 5

*Royal Ins. Co. v. McCrory Corp.,* 176 B.R. 318 (S.D.N.Y. 1995) .................................................. 6

*Sellitti v. R.H. Macy & Co. (In re R.H. Macy & Co.)*, 173 B.R. 301 (S.D.N.Y. 1994) ................... 4

*Siemon v. Emigrant Savs. Bank (In re Siemon)*, 421 F.3d 167 (2d Cir. 2005) ............................... 4

### Statutes

15 U.S.C. §§ 78aaa *et seq*. ............................................................................................................ 1

28 U.S.C. § 158(a) ................................................................................................................... 3, 7

28 U.S.C. § 2075 ......................................................................................................................... 10

28 U.S.C. §1292(b) ....................................................................................................................... 8

Fed. Bankr. P. 8002(a) .................................................................................................................. 4

Irving H. Picard, Esq., as trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa et seq. ("SIPA"),[1] and Bernard L. Madoff ("Madoff"), by and through his undersigned counsel, submits this memorandum of law in opposition to the motion of Lawrence R. Velvel ("Dean Velvel") for leave (the "Motion for Leave") to appeal the *Order (1) Establishing Litigation Case Management Procedures for Avoidance Actions and (2) Amending the February 16, 2010 Protective Order*, dated November 10, 2010 (the "Case Management Order") of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and in support thereof, respectfully represents as follows:

## PRELIMINARY STATEMENT

Interlocutory appeals are the exception not the rule. The statutory discretion vested in the district court to permit such appeals can be exercised only in compelling circumstances to avoid cluttering the district court docket with interim review of every bankruptcy court order. No such compelling circumstances exist here. Before even considering the merits of Dean Velvel's Motion for Leave, it is clear that leave must be denied because (i) the notice of appeal was filed after the jurisdictional deadline mandated by the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and (ii) Dean Velvel has no standing to appeal the Case Management Order. An examination of the Motion to Leave, while unnecessary, further demonstrates that Dean Velvel cannot come close to satisfying the standard for leave to appeal an interlocutory order. Accordingly, the Trustee respectfully requests the Court deny the Motion for Leave.

---

[1] For convenience, subsequent references to SIPA shall omit "15 U.S.C."

## STATEMENT OF FACTS

On October 21, 2010, the Trustee filed a motion [ECF No. 3058] seeking entry of an order approving case management procedures for certain avoidance actions that he would be filing. A hearing was held on November 10, 2010, after which the Bankruptcy Court granted the relief requested, revised as a result of the Trustee's negotiations with certain objecting parties. The Case Management Order was entered on November 10, 2010 [ECF No. 3141]. The Order is a procedural order which adopted and approved procedures (the "Avoidance Procedures") to facilitate the orderly administration of the large number of avoidance actions that the Trustee anticipated filing and has since filed. Among other things, the Case Management Order extends defendants' time to answer complaints, sets forth procedures to streamline discovery, and establishes mediation procedures. The Avoidance Procedures are abundantly clear that access to the court is preserved and litigants have the ability to seek relief from the court where appropriate. As Judge Lifland noted at the November 10, 2010 hearing: "The suggested procedures have substantial flexibility already built into them to avoid any overt and [sic] prejudice. There is always the access to the court in that regard . . . ." (Transcript of Oral Argument at 52). The Avoidance Procedures apply only to avoidance actions commenced by the Trustee in which (a) the amount demanded in the complaint accompanying the avoidance action is $20 million or less, and (b) the Trustee or the defendant files in the adversary proceeding a "Notice of Applicability" of the Avoidance Procedures.

On December 1, 2010, twenty-one days after the entry of the Case Management Order, Dean Velvel filed the Motion for Leave and the corresponding Notice of Appeal [ECF No. 3264], seeking authority to appeal the interlocutory order entered by the Bankruptcy Court. Without relying on a single case or other authority, Dean Velvel seeks review of those portions

2

of the Order that place certain limits on the scope of discovery absent further order of the Court and prohibit the deposition of the Trustee absent further order of the Court. (Motion for Leave, 2). Dean Velvel also requests appellate review of the mandatory mediation requirement, attempting to argue that statements made by the Trustee's counsel during the hearing on the Avoidance Procedures make mediation inappropriate. *Id.*

Dean Velvel is a net winner of the Ponzi scheme, meaning that he received more from BLMIS than he deposited. On December 10, 2010, the Trustee commenced an adversary proceeding against Dean Velvel seeking the return of fictitious profits withdrawn by him in the six years preceding the collapse of BLMIS (Adv. Pro. No. 10-05412) (the "Velvel Proceeding"). The Trustee, in the exercise of his discretion, did not file a Notice of Applicability in the Velvel Proceeding and, therefore, by their express terms, the Avoidance Procedures that Dean Velvel seeks to appeal do not apply to him.[2]

## ARGUMENT

### I. The District Court Does Not Have Jurisdiction to Consider the Late-Filed Appeal

Dean Velvel filed his Notice of Appeal and Motion for Leave together on December 1, 2010, some twenty-one days after the Bankruptcy Court entered the Case Management Order. Because the Notice of Appeal was filed well outside of the relevant statutorily mandated time period, the appeal may not be considered by this Court.

Under 28 U.S.C. § 158(a), parties may appeal final orders and decrees of the bankruptcy court as a right, and may appeal interlocutory orders at the district court's discretion. 28 U.S.C.

---

[2] Pursuant to the Avoidance Procedures, Dean Velvel is able to file a Notice of Applicability with the Bankruptcy Court that would then make the Avoidance Procedures applicable to the Velvel Proceeding. If he does so, he would be voluntarily electing to opt into the Avoidance Procedures and, as such, he can hardly be heard to complain about them.

3

§ 158(a). As Dean Velvel has acknowledged, the Case Management Order is interlocutory in nature. Bankruptcy Rule 8001 provides, in relevant part, that an appeal from an interlocutory order as permitted by 28 U.S.C. § 158(a)(3) shall be taken by filing a notice of appeal "within the time allowed by Rule 8002." Fed. R. Bankr. P. 8001. Bankruptcy Rule 8002(a) provides, "The notice of appeal shall be filed with the clerk within 14 days of the date of entry of the judgment, order or decree appealed from." Fed. Bankr. P. 8002(a); *In re Old Carco LLC*, 423 B.R. 40, 54 n.11 (S.D.N.Y. 2010) (noting that the 2009 amendments to the Bankruptcy Rules increased the former ten-day period to a fourteen-day period).

This fourteen-day time limit is a jurisdictional limit that must be and is strictly enforced. As the Second Circuit has held, "The time limit contained in Rule 8002(a) is jurisdictional, and . . . in the absence of a timely notice of appeal in the district court, the district court is without jurisdiction to consider the appeal." *Siemon v. Emigrant Savs. Bank (In re Siemon)*, 421 F.3d 167, 169 (2d Cir. 2005) (following other circuits and courts in the Southern District of New York in ruling that the failure to file a timely notice of appeal deprives the court of jurisdiction to entertain an appeal); *see also Minhlong Enters. v. New York Int'l Hostel (In re New York Int'l Hostel)*, 194 B.R. 313, 316 (S.D.N.Y. 1996); *Sellitti v. R.H. Macy & Co. (In re R.H. Macy & Co.)*, 173 B.R. 301, 301-02 (S.D.N.Y. 1994).

This jurisdictional time limit applies equally to appeals of final and interlocutory orders entered by bankruptcy judges and is "strictly construed" in both cases. *Houston v. Aames Funding Corp.*, 240 Fed. Appx. 910, 911 (2d Cir. 2007) (affirming the dismissal of an interlocutory bankruptcy appeal filed outside the ten-day window "regardless of whether the 10-day period is a jurisdictional limitation or merely an inflexible claim-processing rule") (internal quotation omitted); *Robbins v. Thomson McKinnon Sec. Inc. (In re Thomson McKinnon Sec.*

4

*Inc.)*, No. 97-CV-350, 1997 U.S. LEXIS 23971, at *4-6 (S.D.N.Y. June 9, 1997) ("It is clear, despite appellants' contention to the contrary, that notices of appeal from both final judgments and interlocutory orders of bankruptcy judges must be filed within the ten day limit prescribed by Bankruptcy Rule 8002."); *In re Satellite Systems Corp.,* 73 B.R. 610, 611, n.2 (S.D.N.Y. 1987) (noting that Bankruptcy Rule 8001(b), which governs interlocutory appeals, incorporates Bankruptcy Rule 8001(a), which requires adherence to the ten-day period allowed by Bankruptcy Rule 8002).

When the appellate court has been deprived of jurisdiction through untimely filing, the court is mandated to dismiss the appeal. "A notice of appeal that is untimely fails to give [the court] appellate jurisdiction. When such jurisdiction is lacking … [the court] has the duty to dismiss." *Merchants Bank v. C.R. Davidson Co. (In re C.R. Davidson Co.)*, 232 B.R. 549, 552 (B.A.P. 2d Cir. 1999) (internal citations omitted).

Based on the foregoing, there can be no doubt that a notice of appeal must be filed within fourteen days of entry of the order in question to grant a district court the jurisdiction to consider the appeal. Because Dean Velvel failed to file his notice of appeal within the fourteen-day time limit, his Motion for Leave must be denied and his appeal dismissed for lack of jurisdiction.

## II.    Dean Velvel Has No Standing to Appeal the Case Management Order

Setting aside the fact that Dean Velvel's appeal must be dismissed for jurisdictional reasons relating to the timing of his filing, there is another fundamental problem with his Motion for Leave: Dean Velvel has no standing to appeal the Case Management Order. As noted above, the Trustee commenced the Velvel Proceeding on December 10, 2010. The Trustee did not, however, file a Notice of Applicability of the Avoidance Procedures. Thus, the Case

5

Management Order, from which Velvel attempts to appeal, has no application to his adversary proceeding.

It is black-letter law that an individual must be personally aggrieved by a ruling or order to have standing to challenge it. *See, e.g. Assoc. Against Discrimination in Employment, Inc. v. Bridgeport*, 710 F.2d 69, 73 (2d Cir. 1983) ("It is elementary that a litigant is not entitled to have the court decide the merits of an issue he raises unless he can show some basis for arguing that the challenged action has caused him a cognizable injury."); *Royal Ins. Co. v. McCrory Corp.*, 176 B.R. 318, 320 (S.D.N.Y. 1995) (Sotomayor, J.) (finding that an appellant lacked standing to appeal an order entered by the bankruptcy court because the order only affected the parties to whom the order applied).

This is particularly true in the bankruptcy context: "[T]he bankruptcy standing test of the United States Court of Appeals for the Second Circuit requires an appellant to be a 'person aggrieved,' meaning a person directly and adversely affected pecuniarily by the challenged order of the bankruptcy court." *Adams v. Zarnel (In re Zarnel)*, 619 F.3d 156, 161 (2d Cir. 2010); *In re Victory Markets, Inc.*, 195 B.R. 9, 15 (N.D.N.Y. 1996). An "unsubstantiated, speculative, and indirect effect on the party's pecuniary interests is not enough to establish appellate standing." *Exco Res. Inc. v. Milbank*, No. 02-CV-5638, 2003 U.S. Dist. LEXIS 1442, at *4 (S.D.N.Y. 2003) (internal quotation omitted). This 'financial injury' requirement makes it more difficult to secure appellate standing in bankruptcy cases than in other types of civil actions. *Licensing by Pablo v. Sinatra (In re Gucci)*, 126 F.3d 380, 387-88 (2d Cir. 1997).

Further, injury to the rights of a third party is not sufficient to grant standing. *Freeman v. Journal Register Co.*, No. 09-CV-7296, 2010 U.S. Dist. LEXIS 21054, at *7 (S.D.N.Y. Mar. 8, 2010) ("In addition to satisfying the aggrieved person standard, to appeal a bankruptcy court

6

order an appellant must also have prudential standing. This requires that the appellant assert his own legal rights and interests and not those of third parties."). The purpose of this standard is to "streamline bankruptcy proceedings by denying appellate standing to the typically large number of parties whose interests are only indirectly affected by bankruptcy court orders." *In re Victory Markets, Inc.*, 195 B.R. at 15.

Dean Velvel cannot demonstrate that he has the standing to appeal from an order that has no applicability to his adversary proceeding. Not surprisingly, nowhere in the Motion for Leave does Dean Velvel contend that the Case Management Order directly and adversely affected his pecuniary interests. Nor could he; at best, Dean Velvel could argue that he is asserting the rights of those third parties directly affected by the Case Management Order. That is wholly insufficient to obtain the necessary standing. In no way is Dean Velvel "aggrieved" by the Case Management Order – it has no effect on him at all, pecuniary or otherwise. Given that Dean Velvel has no standing to appeal, his Motion for Leave must be denied.

### III. Relief Should Not Be Granted on the Merits of the Appeal

A consideration of the merits hardly seems necessary given that the appeal is time-barred and Dean Velvel lacks the standing to proceed. However, an examination of the substance of Dean Velvel's Motion of Leave reveals that he also does not come close to satisfying the standard for leave to appeal an interlocutory order.

#### 1. The Standard for Leave to Appeal an Interlocutory Order

As noted above, pursuant to 28 U.S.C. §158(a), the district court has jurisdiction to hear appeals of interlocutory orders of the bankruptcy court, provided that the district court grants leave to appeal. It is well-established, however, that leave to appeal is granted only in exceptional circumstances. *See In re Ionosphere Clubs,* Inc., 179 B.R. 24, 28 (S.D.N.Y. 1995);

7

*In re Pan Am* Corp., 159 B.R. 396, 401 (S.D.N.Y. 1993). This serves the established judicial policy of discouraging interlocutory appeals and avoiding the resulting disruption and delay that is caused by such piecemeal litigation. *See Ionosphere*, 179 B.R. at 28.

Although not mentioned anywhere in Dean Velvel's Motion for Leave, district courts generally apply the standards set forth in 28 U.S.C. §1292(b) when determining whether to grant leave to appeal from an interlocutory order. *See, e.g.*, *Pan Am Corp.*, 159 B.R. at 401 (stating that "28 U.S.C. § 1292(b), which governs interlocutory appeals from the district courts to the courts of appeal, provides the standard for determining whether leave to appeal from an interlocutory bankruptcy order should be granted"); *Ionosphere*, 179 B.R. at 28.

Under 28 U.S.C. §1292(b), the party seeking leave to appeal must establish that (1) the disputed ruling involves a controlling question of law, (2) as to which there are substantial grounds for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); *see Pan Am Corp.*, 159 B.R. at 401. As noted above, exceptional circumstances are also generally required to support leave to file an interlocutory appeal. *See In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996); *In re Adelphia Communications Corp.*, 333 B.R. 649, 658 (S.D.N.Y. 2005). The granting of a permissive interlocutory appeal is limited to "extraordinary cases where appellate review might avoid protracted and expensive litigation," and its purpose is not to provide early review of difficult rulings in hard cases. *See German v. Fed. Home Loan Mortgage Corp.*, 896 F. Supp 1385, 1398 (S.D.N.Y. 1995). Whether to grant an interlocutory appeal from a bankruptcy court's order lies within the district court's sound discretion. *See Adelphia*, 333 B.R. at 658.

A "controlling question of law" is one in which reversal of the decision of the bankruptcy court would terminate the action or, at a minimum, materially affect the outcome of the

8

litigation. *See North Fork Bank v. Abelson*, 207 B.R. 382, 389-90 (E.D.N.Y. 1997). The "'question of law' must refer to a 'pure' question of law that the reviewing court could decide quickly and cleanly without having to study the record." *Adelphia*, 333 B.R. at 658 (citations omitted). Mere disagreement with the lower court's ruling is insufficient to meet this standard. *See P. Schoenfeld Asset Mgt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 355, 359 (D. N.J. 2001). Where a controlling question of law was not decided by the bankruptcy court, leave to appeal should be denied by the district court. *See Ionosphere*, 179 B.R. at 29.

There are substantial grounds for difference of opinion on a controlling issue of law where the issue is difficult and of first impression. *See In re IBI Sec. Serv., Inc.*, 174 B.R. 664, 670 (E.D.N.Y. 1994). Substantial grounds for difference of opinion must arise out of a genuine doubt with respect to the correct legal standard relied on in the order below. *See Adelphia*, 333 B.R. at 658. It is not sufficient that there is merely a strong disagreement on an issue between the adversary parties. *See IBI Sec. Serv*, 174 B.R. at 670. Furthermore, the mere presence of a disputed issue that may be a question of first impression, standing alone, is not sufficient to show a substantial ground for difference of opinion. *See Flor*, 79 F.3d at 284.

2.  <u>No "Exceptional Circumstances" Exist to Warrant Granting Dean Velvel's Motion for Leave</u>

Dean Velvel cannot satisfy the standard described above. Preliminarily, nowhere in the Motion for Leave is the standard for interlocutory appeal even addressed. Further, there is no controlling question of law about which there are substantial grounds for difference of opinion, nor would the appeal in any way advance the litigation. To the contrary, an appeal would cause unnecessary delay that could interfere with the Trustee's administration of hundreds of lawsuits.

It is impossible to identify in the Motion for Leave anything that could be considered a "controlling question of law." Simply stated, there is none. But even giving Dean Velvel the benefit of the doubt, the only issue that could even potentially be identified as a "controlling question of law" involves whether the streamlining of the discovery process is contrary to 28 U.S.C. § 2075, which provides that procedures in cases under title 11 "shall not abridge, enlarge, or modify any substantive rights" 28 U.S.C. § 2075. However, as Dean Velvel himself acknowledges, while the Avoidance Procedures place certain limitations on discovery in order to avoid the delay and expense associated with prolonged discovery, if there is cause shown, the Bankruptcy Court will issue an order removing those limitations. The Avoidance Procedures are merely procedures that will govern what is a voluminous amount of litigation and are similar to and based on procedures that bankruptcy courts routinely institute to administer large volumes of avoidance actions. As the Bankruptcy Court noted, the guidelines are flexible and in no way preclude access to the court. The Avoidance Procedures have no substantive impact on the litigants' legal rights and their imposition cannot raise a question of law.

In any event, this issue cannot be said to have a material or determinative impact on the Velvel Proceeding because the Avoidance Procedures simply have no application to the Velvel Proceeding. Further, even if it were appropriate to consider the effect of the Avoidance Procedures on litigants who are directly affected by them, resolution of this issue will not be outcome determinative for any of those actions either.

Dean Velvel also seeks review of the mandatory mediation provisions of the Avoidance Procedures through which the Trustee hopes to maximize the potential for settlement. He provides no legal basis for this objection. To the contrary, his argument seems to be that the fact

10

that the Trustee has commenced lawsuits that he believes are well-founded precludes mediation. Given these facts, it can not possibly be argued that a controlling question of law has been raised.

Finally, the appeal could not conceivably advance the litigation. First, as described above, the Avoidance Procedures have no application to the Velvel Proceeding and as such can have no impact whatsoever on that proceeding. With respect to the hundreds of other cases commenced by the Trustee, Dean Velvel's meritless appeal may lead to delays that could impede the Trustee's efforts to reach settlements, conclude cases, and bring funds into the estate for the benefit of the defrauded customers of BLMIS who hold valid claims. Here, too, Dean Velvel fails to satisfy the standard for leave to appeal and, as such, his Motion for Leave must be denied.

## **CONCLUSION**

For the foregoing reasons, Dean Velvel's motion for leave to appeal should be denied.

Date:  New York, New York
       December 15, 2010

           __/s/ Marc Hirschfield_____
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com
Amy Vanderwal
Email: avanderwal@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

300133806