MILBERG LLP
Jonathan M. Landers
Matthew Gluck
Brad N. Friedman
Sanford P. Dumain
Jennifer L. Young
One Pennsylvania Plaza
48th Floor
New York, NY 10119
Telephone: (212) 594-5300
Facsimile: (212) 868-1229

SEEGER WEISS LLP
Stephen A. Weiss
Christopher M. Van DeKieft
Parvin Aminolroaya
One William Street
New York, NY 10004
Telephone: (212) 584-0700
Facsimile:  (212) 584-0799

*Attorneys for Richard Laratro*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>      Plaintiff,<br><br>  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>      Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation |

### OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM

Richard Laratro ("Mr. Laratro"), by and through his attorneys, hereby objects to the Notice of Trustee's Determination of Claim dated November 19, 2010 ("Determination Letter"), attached as Exhibit A, as described herein.

1

                                        Pg 2 of 4

## BACKGROUND

1.  On December 11, 2008, the above-captioned liquidation proceeding was commenced against BMIS, pursuant to SIPA. *See* Order, *Securities and Exchange Commission v. Madoff*, No. 08-10791 (S.D.N.Y. Dec. 15, 2008) (ordering relief under SIPA and transferring proceeding to the United States Bankruptcy Court for the Southern District of New York) [Dkt. No. 4]. Irving Picard was appointed Trustee ("BMIS Trustee"), charged with overseeing the liquidation of BMIS and processing customer claims for money pursuant to SIPA. *Id.*; *see also* 15 U.S.C. 78fff-1(a).

2.  Mr. Laratro is an investor in Gettinger Management LLC, which is, upon information and belief, a "customer," as defined by the Securities Investor Protection Act of 1970 ("SIPA"), of BMIS. Thus, Mr. Laratro has an interest in certain claims belonging to Gettinger Management LLC in the BMIS liquidation proceeding.

3.  On December 23, 2008, the Court issued an Order directing the Trustee to disseminate notice and claim forms to BMIS customers and setting forth claim-filing deadlines. *See* Order [Dkt. No. 12]. Upon information and belief, the BMIS Trustee disseminated notice and claim forms to BMIS's customers in accordance with the Court's Order.

4.  The December 23, 2008 Order further provided that, to the extent the BMIS Trustee disagrees with the amount set forth on a customer claim form, the BMIS Trustee "shall notify such claimant by mail of his determination that the claim is disallowed, in whole or in part, *and the reason therefor* . . . ." *See* Order at 6 (emphasis added) [Dkt. No. 12].

5.  On or about June 9, 2009 Mr. Laratro submitted a customer claim form to SIPC, which was designated as Claim No. 00943 by the BMIS Trustee ("Laratro Customer Claim") (Exhibit B).

6. On November 18, 2010, the BMIS Trustee sent Mr. Laratro the Determination Letter disallowing Mr. Laratro's claim in its entirety on the basis that he "is not a customer of BLMIS under SIPA as that term is defined at 15 U.S.C. § 78lll(2)." *See* Determination Letter (Exhibit A).

**OBJECTION**

7. <u>Objection</u>. The BMIS Trustee has encouraged all those who lost money due to the Madoff Ponzi scheme to file customer claim forms. This includes investors such as Mr. Laratro, who invested "indirectly" with BMIS. The BMIS Trustee has clearly contemplated a scenario whereby "indirect" investors, such as Mr. Laratro, would be entitled to have their claims allowed and/or paid in this proceeding. To the extent that any such "indirect" claims are allowed and/or "indirect" claimants are deemed "customers" under SIPA by virtue of the present statute, any amended statute, any decision or ruling of any court or administrative agency, or any decision by SIPC or the Madoff Trustee, it reserves the right to challenge any determination of his claim by the BMIS Trustee.

**RELIEF REQUESTED**

8. For the reasons stated herein, Mr. Laratro's claim should be allowed insofar as he is part of Gettinger Management LLC's claim.

9. To the extent Mr. Laratro's claim is deemed to be filed on behalf of Gettinger Management LLC, Mr. Laratro reserves the right to supplement its claim and submit further objections to any Determination of Claim directed to Mr. Laratro or Gettinger Management LLC, including but not limited to the right to object to the BMIS Trustee's method of calculating "net equity" or other objections to the method by which the BMIS Trustee has calculated the amount of the claim.

10. Mr. Laratro requests such other relief as may be just and equitable.

## CONCLUSION

11. Mr. Laratro reserves the right to revise, supplement, or amend this Objection, and any failure to object on a particular ground or grounds shall not be construed as a waiver of Mr. Laratro's right to object on any additional grounds.

12. Mr. Laratro reserves all rights set forth in Rule 9014, including, without limitation, rights of discovery. *See* Fed. R. Bankr. P. 9014.

13. Mr. Laratro reserves all objections as to the competence, relevance, materiality, privilege, or admissibility of evidence in any subsequent proceeding or trial of this or any other action for any purpose whatsoever.

14. Mr. Laratro incorporates by reference all reservations of rights set forth in the Laratro Customer Claim.

Dated: December 17, 2010

s/Jonathan M. Landers
MILBERG LLP
Jonathan M. Landers
Matthew Gluck
Brad N. Friedman
Sanford P. Dumain
Jennifer L. Young
One Pennsylvania Plaza, 48th Fl.
New York, NY 10119
Telephone: (212) 594-5300
Facsimile: (212) 868-1229

SEEGER WEISS LLP
Stephen A. Weiss
Christopher M. Van DeKieft
Parvin Aminolroaya
One William Street
New York, NY 10004
Telephone: (212) 584-0700
Facsimile: (212) 584-0799

*Attorneys for Richard Laratro.*
