Lawrence R. Velvel
Massachusetts School of Law
500 Federal Street
Andover, MA 01810
Tel: (978) 681-0800
Fax: (978) 681-6330
Email: velvel@mslaw.edu

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                 Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                 Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA LIQUIDATION<br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                 Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities, LLC<br><br>                 Plaintiff,<br>v.<br><br>LAWRENCE R. VELVEL,<br><br>                 Defendant. | Adv. Pro. No. 10-05412 (BRL) |

**MOTION OF LAWRENCE R. VELVEL FOR (1) JUDICIAL APPROVAL OF A NOTICE OF APPEAL -- FROM CERTAIN AVOIDANCE PROCEDURES -- THAT WAS FILED ON DECEMBER 20, 2010, THREE DAYS AFTER THE**

1

**AVOIDANCE PROCEDURES BECAME APPLICABLE TO HIM, OR (2) IN THE ALTERNATIVE, FOR A BRIEF EXTENSION OF TIME, UNTIL DECEMBER 1, 2010, FOR THE FILING OF A PRIOR NOTICE OF APPEAL THAT WAS SUBMITTED ON THAT DATE.**

Lawrence R. Velvel hereby moves for judicial approval of a new Notice of Appeal from certain portions of the Court's procedural orders of November 10, 2010. The new Notice of Appeal, which has been filed with the Clerk of Court on December 20, 2010, has been submitted only three days after the November 10th procedures became applicable to Velvel because he, and *unexpectedly not* the Trustee, filed a Notice of Applicability, with his notice being filed on December 17th. The prior lack of applicability of the procedures to Velvel before he himself filed the required Notice of Applicability on December 17th [1] means that the Notice of Appeal submitted on December 20, 2010 has been filed within the usual fourteen day period for filing a Notice of Appeal from a bankruptcy ruling applicable to a party. The fourteen day period for filing a Notice of Appeal from the entry of the Procedural Orders of November 10th cannot run against a party to whom the Orders do *not* apply, and, as said, they did not apply to Velvel before December 17th -- *a point the Trustee has vociferously insisted upon in two briefs thus far.*

As well, and alternatively, if the Trustee continues to claim that a Notice of Appeal from the orders of November 10th had to be filed by Velvel by November 24th even though the Trustee has vigorously argued in two briefs that the Orders did not apply to Velvel because the Trustee unexpectedly had not filed a Notice of Applicability in Velvel's case, then the Court should grant an extension of the time, until December 1,

---

[1] Velvel did not learn of the Trustee's unexpected failure to file a Notice of Applicability in his case until he received a December 13th memorandum from the Trustee saying so.

2010, for filing the initial Notice of Appeal, which was filed on that date, shortly after the ordinary due date of November 24th. This Court has long-established discretion to grant an extension for filing under the doctrine of called "excusable neglect." Such extension of the time to file has been upheld by the Supreme Court and has likewise been upheld many times by the Second Circuit (*Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993); *Bolarinwa v. Williams*, 593 F.3d 226 (2nd Cir. 2010); *Williams v. KFC National Management Co.*, 391 F.3d 411 (2nd Cir. 2004); *U.S. v. Hooper*, 9 F.3d 257 (2nd Cir. 1993); *U.S. v. Desdune*, 104 F.3d 354 (2nd Cir. 1996), including in cases involving notices of appeal that were filed *very* late, sometimes months or years late.

Here the extension, which need be only one week in length, is warranted under the tests for "excusable neglect" applied in such cases. There is no conceivable prejudice to the other side nor delay in the administration of justice -- *and the Trustee does not even try to claim otherwise.* For the vast preponderance if not every one of the suits the Trustee filed against innocent parties -- the suits to which the Procedures are intended to apply -- were not even filed until the first eleven days of December, when about 1,000 were filed. Moreover, for practical purposes, proceedings in the approximately 1,000 complaints filed in December will not even begin for about two months.

For the same reason of timing, the December 1st *date* of the prior Notice of Appeal -- before the vast preponderance of relevant cases were filed from December 1 – December 11, and months before proceedings will actually go forward -- can have no impact on or delay the proceeding: it makes no difference to the proceedings whether the Notice was filed on November 24th or December 1st. Also, Velvel acted in good faith,

3

under the mistaken impression that, as is customary in federal courts, he had thirty days, not fourteen days, to file a notice of appeal to an appellate court from a decision of a lower tribunal -- and here the District Court is acting *as an appellate* court.[2] All of this is further explained in Velvel's Reply to Trustee's Memorandum Opposing Leave To Appeal, which will be filed shortly.

## CONCLUSION

For the foregoing reasons, the Court should rule that Velvel's Notice of Appeal of December 20 is timely filed or, in the alternative, should grant an extension up to and including December 1, 2010 for the filing of the previous Notice of Appeal.

Respectfully submitted,

*/s/ Lawrence R. Velvel*

Lawrence R. Velvel, Esq.
Massachusetts School of Law
500 Federal Street
Andover, MA 01810
Tel: (978) 681-0800
Fax: (978) 681-6330
Email: Velvel@mslaw.edu

Dated: December 20, 2010

---

[2] "In general, a litigant must file a notice of appeal within thirty days of entry of judgment. Fed. R.App. P. 4(a)(1)(A). The district court may grant an extension of the filing deadline if one is requested within thirty days of the expiration of the filing period and so long as the movant "shows excusable neglect or good cause. *Id.* at 4(a)(5)(A)." *Bolarinwa, supra*, 593 F.3d at 230. "Judgment was entered on January 31, 2008, but Williams failed to appeal within the 30 days allowed by the Federal Rules of Appellate Procedure. *See* Fed. R.App. P. 4(a)(1)(A), *Williams v. KFC, supra*, 391 F.3d at 414.

4