KRAMER LEVIN NAFTALIS & FRANKEL LLP
Philip Bentley
Elise Scherr Frejka
Juliana Oliveira
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Attorneys for Members of the J. Fisher Family, LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X

| | | |
|---|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | : | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff, | : | SIPA Liquidation |
| v. | : | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC | : | |
| Defendant. | : | |

------------------------------------------------------------------ X

## OBJECTION TO TRUSTEE'S DETERMINATIONS OF CLAIMS

The members of the J. Fisher Family LLC identified below (the "Members" or

"Claimants"), by their undersigned attorneys, hereby object to the fifteen separate Notices of

Trustee's Determination of Claim dated November 19, 2010 sent by Irving H. Picard (the

"Determination Letters") regarding the following claims (the "Claims"):

> Adam Fisher Trust – Claim No. 011509
> Alexandra Fisher Trust – Claim No. 011511
> Amanda Fisher Trust – Claim No. 011512
> Elizabeth Horowitz – Claim No. 011513
> Elizabeth Horowitz Trust – Claim No. 011514
> Harrison B. Fisher Trust – Claim No. 011516
> Jared Horowitz – Claim No. 011515
> Jared Horowitz Trust – Claim No. 011517
> Jodi Horowitz – Claim No. 011518

        Jodi B. Fisher Family Trust – Claim No. 011519
        Lauren Fisher Trust – Claim No. 011520
        Paul Horowitz – Claim No. 011521
        Samantha Fisher Trust – Claim No. 011522
        Tate Horowitz – Claim No. 011523
        Tate Horowitz Trust – Claim No. 011524

Claimants respectfully represent as follows:

## BACKGROUND

1. In or about June 2003, the J. Fisher Family, LLC (the "LLC") opened an account with Bernard L. Madoff Investment Securities, LLC ("BLMIS"), Account No. 1-F0182 (the "Account").

2. The LLC invested funds into the Account and withdrew funds from the Account at the direction of the Members and for their sole benefit.

3. The LLC deposited the funds into the Account for the purpose of purchasing securities and each Member had the power to direct his or her investment in the Account.

4. Throughout the period of the Account's existence, each Member paid taxes annually on the appreciation in the Account attributable to his or her investment.

5. On December 11, 2008, the above-captioned liquidation proceeding was commenced against BLMIS, pursuant to Securities Investor Protection Act of 1970 ("SIPA"). See Order, Securities and Exchange Commission v. Madoff, No. 08-10791 (S.D.N.Y. Dec. 15, 2008) (ordering relief under SIPA and transferring proceeding to the United States Bankruptcy Court for the Southern District of New York) [Docket No. 4]. Irving Picard was appointed Trustee (the "SIPC Trustee"), charged with overseeing the liquidation of BLMIS and processing customer claims pursuant to SIPA. Id.; 15 U.S.C. § 78fff-1(a).

6.  On December 23, 2008, this Court entered an Order directing the SIPC Trustee to disseminate notice and claim forms to BLMIS customers and setting forth claims filing deadlines (the "Claims Procedures Order") [Docket No. 12].

7.  The Members timely submitted the Claims in accordance with the Claims Procedures Order by the SIPC Trustee.

8.  On November 19, 2010, the SIPC Trustee sent the Members the Determination Letters denying the Claims on the ground that each Member "did not have an account with BLMIS" and is "not a customer of BLMIS under SIPA".

**JOINDER TO PLEADINGS OF OTHER SIMILARLY SITUATED CUSTOMERS AND RESERVATION OF RIGHTS**

9.  Claimants hereby join, and fully incorporate by reference as if fully restated herein, the arguments and authority cited in the objections and briefs filed on behalf of similarly situated claimants. Any failure to object on any particular ground shall not be construed as a waiver of and is without prejudice to Claimants' rights to object on such ground at a later date. Claimants reserve their rights to revise, supplement or amend this Objection.

**ARGUMENT**

**A.  The Members are each a "customer" under SIPA and are entitled to $500,000 in SIPC insurance each.**

10. Each of the Members is a "customer" under the plain definition of "customer" in SIPA. Thus, each Member is entitled to receive up to $500,000 in SIPC insurance. 15 U.S.C. § 78*lll*(2) ("The term 'customer' includes . . . any person who has deposited cash with the debtor for purpose of purchasing securities . . .").

11. Congress' definition of customer is further clarified in 15 U.S.C. § 78*fff*-3(a)(5) to make clear that customers of a bank or broker or dealer that invests in BLMIS are all customers

under SIPA ("[N]o advance shall be made by SIPC to the Trustee to pay or otherwise satisfy any net equity claim of any customer who is a broker or dealer or bank, other than to the extent that it shall be established . . . that the net equity claim of such broker or dealer or bank against the debtor arose out of transactions for customers of such broker or dealer or bank . . . , **in which event each such customer of such broker or dealer or bank shall be deemed a separate customer of the debtor.**" 15 U.S.C. § 78*fff*-3(a)(5) (emphasis added)).

12.     Further, under SIPA, only two categories of persons are excluded from customer status: (i) any person with a claim arising our of transactions with a foreign subsidiary if a member of SIPC; and (ii) any person with a claim for cash or securities which can be considered part of the capital of the debtor, or which is subordinated to the claims of any or all creditors of the debtor. 15 U.S.C. § 78*lll*(2).  Investors, like the Members, are not included in either of those two exceptions.  Had Congress intended to exclude such investors from the definition of "customer", it would have done so explicitly.

13.     Any ambiguity in the definition of "customer," and there is none here, should be construed in favor of the Members because "SIPA is remedial legislation. As such, it should be construed liberally to effect its purpose." *In re First State Sec. Corp.*, 34 B.R. 492, 496 (Bankr. S.D. Fla. 1980) (citing *Tcherepin v. Knight,* 389 U.S. 332, 336 (1967)).

## RELIEF REQUESTED

14.     For the reasons set forth above, Claimants respectfully request that the Bankruptcy Court overrule the Determination Letters, find that Claimants are each a "customer" within the meaning of 15 U.S.C. § 78*lll*(2), direct that Claimants be treated by the Trustee in the same manner and grant them relief in BLMIS liquidation proceeding to the same extent as direct investors in the BLMIS, and grant such other relief as may be just and equitable.

Dated:   New York, New York
         December 20, 2010

                                              KRAMER LEVIN NAFTALIS & FRANKEL LLP


                                  By:   /s/ Elise Scherr Frejka
                                       Philip Bentley
                                       Elise Scherr Frejka
                                       Juliana Oliveira
                                       1177 Avenue of the Americas
                                       New York, New York 10036
                                       (212) 715-9100
                                       (212) 715-8000

                                       *Attorneys for Members of the J. Fisher Family, LLC*