Howard Kleinhendler (HK-5712)
WACHTEL & MASYR, LLP
1 Dag Hammarskjold Plaza
885 Second Avenue
New York, NY 10017
(212) 909-9500

*Attorneys for Shelley Michelmore*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x   Adv. Pro. No. 08-01789 (BRL)
SECURITIES INVESTOR PROTECTION            )
CORPORATION,                                                 )
                                                                          )
                    Plaintiff,            )       SIPA LIQUIDATION
                                                                          )
  vs.                                                                 )
                                                                          )       AMENDED OBJECTION TO
                                                                          )       TRUSTEE'S DETERMINATION
                                                                          )       <u>OF CLAIM</u>
BERNARD L. MADOFF INVESTMENT    )
SECURITIES LLC,                                             )
                                                                          )
                    Defendant.         )
-------------------------------------------------------------------x

       Shelley Michelmore ("SM") hereby objects to the Notice of Trustee's Determination of Claim, dated November 30, 2010 (the "Determination Letter") sent by Irving H. Picard, as Trustee (the "Trustee") for Bernard L. Madoff Investment Securities LLC ("BMIS") and states as follows:

    1. On December 11, 2008, SM owned account 1ZB355 (the "SM Account") with BMIS. As of the last BMIS statement, dated November 30, 2008, SM's balance in the SM Account was $2,441,507.44.

2. On or about January 23, 2009, SM filed a customer claim (the "Claim") with the Trustee. (A copy of the Claim is attached as Exhibit A). The amount of the Claim was $2,441,507.44.

3. By letter dated November 30, 2010 (annexed as Exhibit B), the Trustee allowed SM's Claim, but only in the amount of $93,119.20 (the "Allowed Claim").

4. The Trustee has used the Net Investment Method, approved by this Court, to determine the extent of SM's Claim.[1] The Trustee has reached the amount of the Allowed Claim by netting transfers into the SM Account and transfers out of the account. However, even under this method, the Trustee's determination was erroneous because he refused to properly calculate the amount of money transferred into the SM Account.

5. Specifically, as set forth on page 4 of the Determination Letter, on June 11, 1998, $1,170,542.37 was transferred to the SM Account from another account at BMIS. At the time of this transfer, SM could have taken the entire amount as a cash payment for an antecedent debt. SM was unaware of the alleged fraud perpetrated by Madoff at that time and was a good faith transferee. Income taxes were paid on this entire amount. *See Sharp Int'l Corp. v. State Street Bank and Trust Co. (In re Sharp Int'l Corp.)*, 403 F.3d 43, 53-56 (2d Cir. 2005). Further, this transfer is not subject to any clawback (i.e., preference or fraudulent conveyance action) under the applicable statute of limitations. Yet, the Trustee has only recognized $777,825 of this transfer in determining SM's customer Claim. Accordingly, SM's Allowed Claim should be increased by $392,717.37.

---

[1] The Determination Letter states that should the Trustee's Net Investment Method be deemed incorrect, he will retroactively adjust his prior calculation of SM's Claim. Accordingly, SM reserves the right to demand payment of the entire SM Account balance of $2,441,507.44.

6. Additionally, on November 6, 2008, $316,272.49 was transferred to the SM Account from another BMIS account. At the time of this transfer, SM could have taken the entire amount as a cash payment for an antecedent debt. SM was unaware of the alleged fraud perpetrated by Madoff at that time and was a good faith transferee. Income taxes were previously paid on this amount. *See Sharp Int'l, supra.* Further, the transfer is insulated from clawback under 11 U.S.C. § 546(e). However, the Trustee has refused to recognize any portion of this transfer. Accordingly, SM's Allowed Claim should be further increased by $316,272.49.

7. The total amount of SM's Allowed Claim should be $802,109.06. Of this amount, $500,000 is eligible for immediate reimbursement by the Securities Investor Protection Corporation, pursuant to the SIPA statute, 15 U.S.C. §§ 78aaa *et. seq.*

8. Alternatively, even if, *arguendo*, the Trustee correctly refuses to recognize the entirety of the aforesaid transfers because they are partially comprised of fictitious profits generated by a ponzi scheme, the Trustee must still credit the SM Account with interest from the date of each transfer by SM to the SM Account. Under New York law, which is applicable here, funds deposited with BMIS are entitled to 9% interest from the date of deposit. *See, e.g.*, N.Y.C.P.L.R. §§ 5001, 5004; N.Y. GEN. OBLIG. § 5-501, *et seq. See, also, Eighteen Holding Corp. v. Drizin*, 701 N.Y.S. 2d 427, 428 (1st Dept. 2000) (awarding prejudgment interest on claims for unjust enrichment and conversion).

9. Accordingly, SM's Allowed Claim should be increased by an additional $708,989.86. Alternatively, the Allowed Claim should be increased by the amount of interest calculated at 9% per year beginning from the prior dates of all transfers into the SM Account until December 15, 2008.

Dated: New York, New York
December 22, 2010

/s/ Howard Kleinhendler
Howard Kleinhendler (HK-5712)
WACHTEL & MASYR, LLP
1 Dag Hammarskjold Plaza
885 Second Avenue
New York, NY 10017
(212) 909-9500

*Attorneys for Shelley Michelmore*