UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

BERNARD L. MADOFF,

Debtor.

Adv. Pro. No. 08-01789(BRL)

SIPA Liquidation

(Substantially Consolidated)

Claim Nos. 002147, and 002148

## OPPOSITION TO NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

Frank C Leonard hereby files his objection and opposition to the Notice of Trustee's Determination of Claim dated November 19, 2010, true and correct copies of which are attached hereto as exhibits A and B. In support of his opposition and disagreement with the letters of determination Mr. Leonard would set forth the following;

1. Mr. Leonard properly filed customer claims on February 11, 2009, true and correct copies of the customer claims are attached hereto as exhibits C and D.

2. Mr. Leonard made investments in Bernard L. Madoff Investment Securities LLC by him through a partnership interest that he owned in an entity named Harmony Partners Ltd. As set forth in the Harmony Partners Ltd Confidential Memorandum attached hereto as exhibit E and the Harmony Partners Limited Amendment and Supplement number two dated January 22, 2004 to the confidential memorandum dated January 13, 1993 which is attached as exhibit F the partnership opened a discretionary account with Bernard L. Madoff investment securities see page 4. In addition the corporate general partner Harmony Services was owned by Harold Altman recently deceased.

3. As set forth in the Declaration of Mr. Leonard attached hereto based upon a telephone conversation with a Mr. Mark Friedman, Harmony Partners Limited has received approximately $500,000, none of which has been distributed to Mr. Leonard. Indeed based upon the conversation with Mr. Friedman, Harmony Partners Limited has been involved in litigation and has been using the proceeds of the $500,000 to pay for litigation. A true and correct copy of the order granting Motion for Summary Judgment in number 09 – 61902 – CIV-CCHN/Seltzer, *Max Goldweber v. Harmony Partners, LTD, et al.* (SD FL) Sept 16, 2010 is attached as Exhibit G. As set forth in the order, parties other than those with whom Mr. Leonard has invested are defendants therein such that there is a potential conflict of interest in using the $500,000 proceeds of the SIPC distribution to defend claims, rather than distribute such proceeds to Mr. Leonard.

4. Moreover nothing in the investment memorandums set forth as exhibits E and F permits Harmony Partners to withhold distributions.

5. On information and belief Harmony Partners has made an application and claim in this court and has received distributions from SIPC. Mr. Leonard requests that the court takes judicial notice of such. See Exhibit H.

Wherefore premises considered Mr. Leonard hereby requests the court to overrule the determination by the Trustee and that as a matter of equity Mr. Leonard be permitted to proceed to recover his claims directly with the Bankruptcy Court rather than indirectly through Harmony Partners Limited

Dated: December 16, 2010

Respectfully Submitted,

KILGORE & KILGORE, PLLC

By: *[signature]*
THEODORE C. ANDERSON
State Bar No. 01215700

3109 Carlisle
Dallas, TX 75204
(214) 969-9099 - Telephone
(214) 953-0133 - Fax

**ATTORNEY for FRANK C. LEONARD**

FRANK C. LEONARD
4007 Bowser Avenue
Unit H
Dallas, Texas 75219

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document was mailed via CMRRR to the address below on December 16, 2010.

Theodore C. Anderson

Clerk of the United States Bankruptcy Court
For Southern District of New York
One Bowling Green
New York, New York 10004

Irving H. Picard, Trustee
C/o Baker & Hostetler LLP
Attn: Claims Department
45 Rockefeller Plaza
New York, New York 10111

## DECLARATON OF FRANK C. LEONARD



| STATE OF TEXAS | § |
| --- | --- |
| | § |
| COUNTY OF DALLAS | § |

BEFORE ME, the undersigned authority, on this day appeared FRANK C. LEONARD, who under oath stated.

1. My name is Frank C. Leonard. I am over the age of twenty-one (21) years, have never been convicted of a felony, have personal knowledge of the facts stated herein, and am competent to testify to same. The facts stated herein are true and correct.

2. I am furnishing this declaration in support of Opposition to Notice of Trustee Determination of Claim in Adv. Pro No.08-01789 (BRL), SIPA Liquidation, *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC*, pending before the United States Bankruptcy Court, Southern District of New York.

3. I am a limited partner in Harmony Services, LLC, which invested the entirety of Harmony Partners, Ltd's investable assets with the Madoff firm.

4. Harold Altman, was the Managing Partner for Harmony Services, LLC, he is no longer alive and hence no longer the Managing Partner.

5. On or about Tuesday, December 15, 2010 I had a telephone conversation with Mr. Mark Friedman who purported to be managing the claim of Harmony Partners Limited in the matter of Bernard L. Madoff Investment Securities LLC. Mr. Friedman represented to me that Harmony Partners Limited had received approximately $500,000 from the SIPC. He further represented approximately $70,000 of that money had been spent on defending a lawsuit, *Max Goldweber v. Harmony Partners Limited et al.*

6. Attached hereto as exhibits A and B are true and correct copies of letters of determination that I received. Attached as exhibits C and D are true and correct copies of the claims that I filed in this matter along with true and correct copies of the offering memorandum and amendment to offering memorandum Harmony Partners Limited.

Further, Affiant sayeth naught.

_/s/ Frank C. Leonard_
Frank C. Leonard

**Declaration of Frank C. Leonard**                                                                —Page 1

SUBSCRIBED and SWORN TO BEFORE ME on this  17th day of December, 2010, to certify which witness my hand and official seal.

[Notary Seal: PATRICIA MILFELD, Notary Public, State of Texas, My Commission Expires July 27, 2012]

_Patricia Milfeld_
Notary Public, State of Texas

**Declaration of Frank C. Leonard**                                                                                    —Page 2