**Eric F. Saltzman**
350 Fifth Avenue, Room 7404
New York, New York 10118

December 13, 2010

Clerk of the United States Bankruptcy Court
for the Southern District of New York
One Bowling Green
New York, New York 10004

and

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
Attn: Claims Department
45 Rockefeller Plaza
New York, New York 10111



Re: Bankruptcy Case No. 08-1789 (BRL) and Claim No. *013723*

Dear Trustee Picard and Judge Lifland:

Please take notice that I object to the Notice of Trustee's Determination of Claim dated November 19, 2010, determining that The Saltzman Group is not a customer of BLMIS under SIPA and denying our claim for protection under SIPA. I request a hearing on this matter before Judge Burton R. Lifland.

The Trustee <u>has</u> recognized that our family's limited partnership, Black River Associates, is a customer of BLMIS under SIPA. Black River Associates is a limited partnership all of whose members are immediate family (or trusts or entities investing for their benefit). As we have previously notified the Trustee and the Court, at all times Black River's only purpose and function was to deliver to BLMIS each of the Saltzman family member's individual investment <u>as was required by the Madoff organization</u>.

The Madoff organization would not accept the (relatively) small amounts each of the partners sought to invest and, therefore, required us to consolidate them into one account. Black River was formed exclusively for that purpose. We are prepared to offer testimony to this effect at our hearing. Neither I nor anyone else associated with Black River Associates received any sort of remuneration for placing the investments with BLMIS. BLMIS took the investment funds with knowledge that they were, in fact, owned by separate family individuals or entities, in this case by the **Chloe Saltzman 80 Trust**. I respectfully submit that these documented beneficial owners of the assets stolen by the Madoff organization should, therefore, be accorded protection under SIPC.

Numerous press accounts of the Madoff Ponzi scheme have noted Madoff's modus operandi was to make his victims believe that not just anyone could invest with him -- that they would be fortunate to be among

the chosen. The Trustee knows this to be the case and should so inform the Court. As well, the Court should take judicial notice of these reports that describe Madoff telling his victims that they needed to "know" someone to get into the deal, or that their deposits were too small. It was with this latter technique that we were snared into consolidating family member's individual funds into one named account in the Madoff operation.

SIPA's intent is to protect innocent investors from devastating loss, including from outright criminal swindles. Inherent in this Court's authority to enforce SIPA is the authority to determine and apply the intent of the statue. It would be a cruel irony if the nefarious means employed by Madoff to make the monumental scam work so well also operated to preclude victims from applying for the limited relief from such crimes that the legislation provides.

I attach with this letter our correspondence to Trustee Picard of November 4, 2009; October 28th, 2009 (sent before receipt of his October 26 letter); June 29, 2009; and July 27, 2009. This correspondence includes a list of the beneficial owners of the funds deposited with the Madoff organization. Please note: these family individuals and entities invested their own money and filed their own tax returns.

Yours truly,

Eric Saltzman, Trustee
Chloe Saltzman 80 Trust