**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL)[1] |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**TRUSTEE'S OPPOSITION TO MOTION OF LAWRENCE R. VELVEL
FOR (1) JUDICIAL APPROVAL OF A NOTICE OF APPEAL—FROM CERTAIN
AVOIDANCE PROCEDURES—THAT WAS FILED ON DECEMBER 20, 2010,
THREE DAYS AFTER THE AVOIDANCE PROCEDURES BECAME
APPLICABLE TO HIM, OR (2) IN THE ALTERNATIVE, FOR A BRIEF
EXTENSION OF TIME, UNTIL DECEMBER 1, 2010, FOR THE FILING OF
A PRIOR NOTICE OF APPEAL THAT WAS SUBMITTED ON THAT DATE**

Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq*. ("SIPA"),[2] and Bernard L. Madoff ("Madoff"), by and through his undersigned counsel, submits this Opposition to the Motion of Lawrence R. Velvel ("Dean Velvel"), dated December 20, 2010, ECF No. 3544, (the "Approval Motion") for approval to file a tardy Notice of Appeal (the "Notice of Appeal") to this Court's

---

[1] The Trustee is filing the present Opposition to Velvel's Motion in the main case (08-01789) as opposed to Dean Velvel's adversary proceeding (Adv. Pro. No. 10-05412) because Dean Velvel filed his motion under the docket of the main case, despite listing the adversary proceeding caption on his motion. Motion to Approve, ECF No. 3544 (Dec. 20, 2010). The Trustee has omitted any reference to the Dean Velvel's adversary proceeding in the caption, as the Trustee's present Opposition is filed in the main case.

[2] For convenience, subsequent references to SIPA shall omit "15 U.S.C."

Order *(1) Establishing Litigation Case Management Procedures for Avoidance Actions and (2) Amending the February 16, 2010 Protective Order*, dated November 10, 2010 (the "Case Management Order"), and in support thereof, respectfully represents as follows:

**PRELIMINARY STATEMENT**

1. By his Motion, Dean Velvel seeks to cure his failure to timely appeal the Case Management Order. The instant Motion, however, is substantively and procedurally infirm and, as set forth more fully below, should be denied in its entirety. *First*, Dean Velvel provides no support for his argument as to why he should be granted leave to file an appeal from an order more than 14 days after the jurisdictional deadline to perfect such an appeal has passed. *Second*, Dean Velvel argues that even if he missed the statutory deadline to file his Notice of Appeal (as defined below), excusable neglect warrants an extension of time to perfect his appeal. Dean Velvel is wrong, and the reasons he offers fall far short meeting the "excusable neglect" standard enunciated by the Supreme Court. *Third*, by voluntarily filing a Notice of Applicability[3] in the Velvel Proceeding (as defined below), Dean Velvel has, by his own actions, affirmatively opted-into the provisions of the Case Management Order, and thus waived any grounds to appeal such order.

**BACKGROUND**

2. On October 21, 2010, the Trustee filed a motion seeking entry of an order approving case management procedures for certain avoidance actions that he would be filing. Trustee's Mot. to Approve, ECF No. 3058 (Oct. 21, 2010). A hearing was held on November 10, 2010, after which the Court granted the relief requested, revised as a result of the Trustee's negotiations with certain objecting parties. The Case Management Order was entered on

---

[3] Capitalized terms not otherwise defined herein shall have the meaning assigned to them in the Case Management Order.

2

November 10, 2010.  Case Management Order, ECF No. 3141 (Nov. 10, 2010).  The Case Management Order is a procedural order which adopted and approved procedures (the "Avoidance Procedures") to facilitate the orderly administration of the large number of avoidance actions that the Trustee anticipated filing and has since filed.  Among other things, the Case Management Order extends defendants' time to answer complaints, sets forth procedures to streamline discovery, and establishes mediation procedures.

    3.      The Avoidance Procedures are abundantly clear that access to the Court is preserved and litigants have the ability to seek relief from the Court where appropriate.  As the Court noted at the November 10, 2010 hearing: "The suggested procedures have substantial flexibility already built into them to avoid any overt and [sic] prejudice.  There is always the access to the court in that regard . . . ."  (Transcript of Oral Argument at 52).  The Avoidance Procedures apply only to avoidance actions commenced by the Trustee in which (a) the amount demanded in the complaint accompanying the avoidance action is $20 million or less, and (b) the Trustee or the defendant files in the adversary proceeding a "Notice of Applicability" of the Avoidance Procedures.

    4.      On December 1, 2010, twenty-one days after the entry of the Case Management Order, Dean Velvel filed a motion for leave (the "Motion for Leave") and the corresponding Notice of Appeal, seeking authority to appeal the interlocutory order entered by this Court.  Motion to Allow For Leave to File an Interlocutory Appeal, ECF No. 3264 (Dec. 1, 2010).  The Trustee filed a memorandum of law in opposition to the Motion for Leave on December 15, 2010.

    5.      Dean Velvel is a net winner of the Ponzi scheme, meaning that he received more from BLMIS than he deposited.  On December 10, 2010, the Trustee commenced an adversary

3

proceeding against Dean Velvel seeking the return of fictitious profits withdrawn by him in the six years preceding the collapse of BLMIS (Adv. Pro. No. 10-05412) (the "Velvel Proceeding"). The Trustee, in the exercise of his discretion, did not file a Notice of Applicability in the Velvel Proceeding. Dean Velvel did, however, file a Notice of Applicability, making the Avoidance Procedures applicable to the Velvel proceeding, and thus has waived any right to challenge the Case Management Order and the Avoidance Procedures.

## ARGUMENT

### I. Neither the Bankruptcy Court Nor the District Court Has Jurisdiction to Consider the Late-Filed Appeal; The Doctrine of Excusable Neglect Does Not Cure This Defect

6. Dean Velvel filed his Notice of Appeal and Motion for Leave together on December 1, 2010, some twenty-one days after entry of the Case Management Order. Despite Dean Velvel's bald assertion that his Notice of Appeal was timely filed, the filing occurred one week after the relevant statutorily mandated time period expired. The extension of time to file a Notice of Appeal sought in the Motion by Dean Velvel may not be considered by this Court because of the jurisdictional nature of the fourteen-day period. Further, any motion seeking relief from this Court for an extension of time to file a timely appeal must comply with Bankruptcy Rule 8002(c)(2), which provides that "a request to extend the time for filing a notice of appeal must be made by written motion *filed before the time for filing a notice of appeal has expired*. . ." Fed. R. Bankr. P. 8004(c)(2) (emphasis added). Thus, to the extent the Motion seeks an enlargement of time to take an interlocutory appeal, it is time-barred.

7. Under 28 U.S.C. § 158(a), parties may appeal final orders and decrees of the bankruptcy court as a right, and may appeal interlocutory orders at the district court's discretion. 28 U.S.C. § 158(a). As Dean Velvel has acknowledged, the Case Management Order is

4

interlocutory in nature. Bankruptcy Rule 8001 provides, in relevant part, that an appeal from an interlocutory order as permitted by 28 U.S.C. § 158(a)(3) shall be taken by filing a notice of appeal "within the time allowed by Rule 8002." Fed. R. Bankr. P. 8001. Bankruptcy Rule 8002(a) provides, "the notice of appeal shall be filed with the clerk within 14 days of the date of entry of the judgment, order or decree appealed from." Fed. R. Bankr. P. 8002(a); *In re Old Carco LLC*, 423 B.R. 40, 54 n.11 (S.D.N.Y. 2010) (noting that the 2009 amendments to the Bankruptcy Rules increased the former ten-day period to a fourteen-day period).

8.   This fourteen-day time limit is a jurisdictional limit that must be, and is, strictly enforced. As the Second Circuit has held, "the time limit contained in Rule 8002(a) is jurisdictional, and . . . in the absence of a timely notice of appeal in the district court, the district court is without jurisdiction to consider the appeal." *Siemon v. Emigrant Savs. Bank (In re Siemon)*, 421 F.3d 167, 169 (2d Cir. 2005) (following other circuits and courts in the Southern District of New York in ruling that the failure to file a timely notice of appeal deprives the court of jurisdiction to entertain an appeal); *see also Minhlong Enters. v. New York Int'l Hostel (In re New York Int'l Hostel)*, 194 B.R. 313, 316 (S.D.N.Y. 1996); *Sellitti v. R.H. Macy & Co. (In re R.H. Macy & Co.)*, 173 B.R. 301, 301-02 (S.D.N.Y. 1994).

9.   In the Approval Motion, Dean Velvel attempts to evade application of these principles of black letter law by creatively, but impermissibly, arguing that the 14 day deadline set forth in Bankruptcy Rule 8002(a) runs not from entry of the order to be appealed, but from the date such order applies to the party seeking leave to appeal. Dean Velvel could not be more wrong. First, such an interpretation flies in the face of the plain language of Bankruptcy Rule 8002(a), which provides that the "notice of appeal shall be filed with the clerk within 14 days of the date *of entry of the judgment, order or decree appealed from*," not when such judgment,

5

order or decree applies to a potential appellant. Fed. R. Bankr. P. 8002(a) (emphasis added). Second, application of the "Velvel Rule" would throw the carefully constructed appellate regime into chaos, with litigants filing notices of appeal of the same order at various times predicated on their subjective belief as to when such order applies to them.

10. It is unequivocal that the Bankruptcy Rules were never intended to, nor do they, countenance such an absurd result, which would eviscerate all notions of finality and lead to evidentiary hearings on when a particular order first applied to a particular litigant and whether or not such aggrieved litigant filed his or her notice of appeal within the 14 day window of the asserted "application." *See In re Taylor*, 2008 WL4107184, at *1 (E.D.N.Y. Aug. 29, 2008) (holding that "[l]ack of notice of the entry [of judgment] does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed" and "the prospective appellant [has] the duty of following the progress of the action and advising himself when the court makes an order he wishes to protest") (quoting *In re O.P.M. Leasing Services, Inc.*, 769 F.2d 911, 917 (2d Cir.1985)).

11. As an alternative ground for seeking to revive his Notice of Appeal, Dean Velvel invokes the doctrine of "excusable neglect," as set forth in Bankruptcy Rule 8002(c)(2) for his failure to timely file his Notice of Appeal. As grounds for this "excusable neglect," Dean Velvel claims he was operating "under the mistaken impression that, as is customary in federal courts, he had thirty days, not fourteen days, to file a notice of appeal. . ." Motion at 4. Put another way, the Dean of a law school and a seasoned litigator,[4] who has submitted numerous filings in

---

[4] Although the failure to take notice of a jurisdictional time limit qualifies as "neglect," Dean Velvel cannot classify his "mistaken impression" as an "excusable" rookie mistake because, as his own law school biography makes clear, Dean Velvel "has been a partner in major law firms in Washington, D.C., and was the first chief counsel of an organization established to write United States Supreme Court briefs in support of state and local governments [and] has been active in Supreme Court litigation, constitutional law, antitrust law and complex litigation." *See* http://mslaw.edu/Faculty_velvel.htm.

6

this SIPA proceeding,[5] claims he was not aware of the 14 day time period set forth in Bankruptcy Rule 8002(a) and that his dereliction qualifies as excusable neglect.

12.     Although Dean Velvel's failure to timely file his Notice of Appeal undoubtedly constitutes neglect, relevant case law makes clear he fails to meet the "excusable" prong for relief from Bankruptcy Rule 8002(a). *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 392 (1993) (holding that "inadvertence, ignorance of the rules, or *mistakes construing the rules* do not usually constitute 'excusable' neglect'") (emphasis added); *see, e.g., In re Singer Company, N.V.*, 2002 WL10452, at *3 (S.D.N.Y. Jan. 3, 2002) (holding that bankruptcy court's decision that the appellant's mistake as to the applicable law (*i.e.*, Fed. R. Civ. P 6(a) versus Fed. R. Bankr. P. 9006(a)) was not excusable neglect is a reasonable one); *see, e.g., In re Steve A. Clapper & Assocs. of Florida*, 346 B.R. 882, 885 (Bankr. M.D. Fla. 2006) (holding that there was no excusable neglect where the trustee failed to file a timely notice of appeal, despite the mistaken belief that the time for appealing the bankruptcy court's judgment was the same 30-day deadline applicable to appeals from district court to the Court of Appeals).

---

[5] For the Court's convenience, please find a list of filings submitted by Dean Velvel in response to the Court's November 10, 2010 Order, and the Trustee's responses:

- Velvel's Mot. to Stay Ct. Order of Nov. 10, 2010, ECF No. 3236 (Nov. 22, 2010).
- Trustee's Objection to Velvel's Mot. Seeking Partial Stay of Ct. Order of Nov. 10, 2010, ECF No. 3417 (Dec. 13, 2010).
- Velvel's Reply to Mot. of Trustee's Objection to a Partial Stay of the Order of Nov. 10, 2010, ECF No. 3527 (Dec. 17, 2010).

- Velvel's Mot. to Allow for Leave to File an Interlocutory Appeal from Ct. Order of Nov. 10, 2010 Establishing Procedures for Avoidance Actions, ECF No. 3264 (Dec. 1, 2010).
- Trustee's Mem. of Law in Opp'n to Velvel's Mot. for Leave to Appeal, ECF No. 3506 (Dec. 15, 2010).
- Velvel's Mot. to Approve Notice of Applicability of the Order Approving Litigation Case Management Procedures For Avoidance Actions, ECF No. 3529 (Dec. 17, 2010).
- Velvel's Reply to Trustee's Mem. Opposing Leave To Appeal, ECF No. 3552 (Dec. 21, 2010).

- Velvel's Mot. to Approve Notice of Appeal from Avoidance Procedures or, for Extension of Time to File Notice of Appeal, ECF No. 3544 (Dec. 20, 2010). The Trustee's present Opposition is in response to this Motion.
- Velvel's Notice of Appeal, ECF No. 3545 (Dec. 20, 2010).

7

13. Although an attorney, Dean Velvel has appeared *pro se* in this avoidance action and, arguably, such litigants' pleadings must be construed liberally; *pro se* litigants are still, nonetheless, required to comply with, and inform themselves of, procedural rules. *Edwards v. Immigration and Naturalization Serv.*, 59 F.3d 5, 8 (2d Cir. 1995); *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975) ("The right of self-representation is not a license . . . not to comply with relevant rules of procedural and substantive law.")  Courts have historically precluded *pro se* appellants from filing a late notice of appeal on the basis that the "jurisdictional defect" should be "overlooked" because of the litigant's *pro se* status. *One Stop Realtour Place, Inc. v. Allegiance Telecom Liquidating Trust (In re Allegiance Telecom, Inc.)*, 2005 U.S. Dist. LEXIS 31577, at *2-3 (S.D.N.Y. Dec. 1, 2005).  In addition, "ignorance by a *pro se* litigant of the applicability of an expressly stated time limitation does not constitute excusable neglect." *In re Bucurescu*, 2003 U.S. Dist. LEXIS 9341, *11 (June 3, 2003); *see also Truong v. Kartzman (In re Truong)*, 388 B.R. 43, 45 (S.D.N.Y. 2008) (taking into consideration *pro se* litigant's status as a former attorney in holding that untimely notice of appeal was jurisdictional).  Dean Velvel, however, is a *pro se* litigant with years of experience as a practicing attorney and his neglect of the jurisdictional time-frame to file a notice of appeal should not be excused. *Burton v. Schachter (In re Burton)*, 316 B.R. 138, 140-41 (S.D.N.Y. 2004) (finding that the appellant's "experience as an attorney and litigant weigh against finding that his failure to perfect his appeal was the product of excusable neglect").

14. There can be no doubt that absent excusable neglect, a notice of appeal must be filed within fourteen days of entry of the order in question for a district court to have jurisdiction to consider the appeal.  Because Dean Velvel failed to file his Notice of Appeal within the

8

fourteen-day time limit, and because this failure does not constitute "excusable neglect," the Motion must be denied and his Notice of Appeal barred for lack of jurisdiction.

### II. Dean Velvel Has Waived His Right to Move for a Permissive Appeal of the Case Management Order

15.  Even if Dean Velvel's Notice of Appeal could somehow be resuscitated by his novel interpretation of Bankruptcy Rule 8002(a), he waived his right to seek a permissive appeal of the Case Management Order when he filed his Notice of Applicability. By its very terms, the Case Management Order provides that it only applies to those Avoidance Actions where either of the Trustee or a defendant files a Notice of Applicability opting into the Avoidance Procedures.

16.  Here, the Trustee declined to file a Notice of Applicability, as was his right under the Case Management Order.[6] On his own, Dean Velvel affirmatively and voluntarily filed a Notice of Applicability, choosing to opt-in to the very Avoidance Procedures he now seeks leave to appeal. Such an action constitutes an unequivocal waiver of whatever rights Dean Velvel had or has to seek an appeal of the Case Management Order. *McMahon v. Providence Capitol Enters., Inc. (In re McMahon)*, 236 B.R. 295, 314-15 (S.D.N.Y. 1999) (explaining that waiver includes, among other elements, "a clear statement by one party, whether by words or conduct, that he will not insist on exercising his legal rights.")

17.  Dean Velvel's filing of his Notice of Applicability is just that—a clear statement that he has voluntary chosen to not exercise his rights to defend the Velvel Proceeding outside the constraints of the Case Management Order. By filing his Notice of Applicability, Dean Velvel can no longer be heard to challenge the Case Management Order because his consent to the provisions of the Case Management Order relieves him of any injury he could have possibly

---

[6] The Trustee did not file Notices of Applicability in a variety of the Avoidance Actions he commenced.

suffered from such order. Thus, Dean Velvel has no standing to seek a permissive appeal of the Case Management Order. *See, e.g. Assoc. Against Discrimination in Employment, Inc. v. Bridgeport*, 710 F.2d 69, 73 (2d Cir. 1983) ("It is elementary that a litigant is not entitled to have the court decide the merits of an issue he raises unless he can show some basis for arguing that the challenged action has caused him a cognizable injury."); *Royal Ins. Co. v. McCrory Corp.*, 176 B.R. 318, 320 (S.D.N.Y. 1995) (Sotomayor, J.) (finding that an appellant lacked standing to appeal an order entered by the bankruptcy court because the order only affected the parties to whom the order applied).

## CONCLUSION

For the foregoing reasons, Dean Velvel's Motion should be denied.

Date:   New York, New York
        December 29, 2010                    __/s/ Marc Hirschfield_____
                                             Baker & Hostetler LLP
                                             45 Rockefeller Plaza
                                             New York, New York 10111
                                             Telephone: (212) 589-4200
                                             Facsimile: (212) 589-4201
                                             David J. Sheehan
                                             Email: dsheehan@bakerlaw.com
                                             Marc E. Hirschfield
                                             Email: mhirschfield@bakerlaw.com
                                             Amy Vanderwal
                                             Email: avanderwal@bakerlaw.com

                                             *Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*