# EXHIBIT B

99999/0096-3110237v1

EXHIBIT "B"

| | |
|---|---|
| **COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.** <br> A Professional Corporation <br> 900 Third Avenue, 16th Floor <br> New York, New York 10022-4728 <br> John H. Drucker, Esq. (JD-2524) <br> Laurence May, Esq. (LM-9714) <br> Nolan Shanahan, Esq. (NS-4598) <br> (212) 752-8000 <br> (212) 752-8393 Facsimile <br><br> Attorneys for Adele Fox, individually and on behalf of a similarly situated class | **BEASLEY HAUSER KRAMER LEONARD & GALARDI, P.A.** <br> 505 South Flagler Drive, Suite 1500 <br> West Palm Beach, Florida 33401 <br> Telephone: (561) 835-0900 <br> Facsimile: (561) 835-0939 <br><br> **BLACKNER, STONE & ASSOCIATES** <br> 123 Australian Avenue <br> Palm Beach, Florida 33480 <br> Telephone: (561) 659-5754 <br> Facsimile: (561) 659-3184 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: <br><br> SECURITIES INVESTOR PROTECTION CORPORATION, <br><br>                   Plaintiff-Applicant, <br><br>                   v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br>                   Defendant. | Adv. Pro. No. 08-1789 (BRL) <br><br> SIPA Liquidation <br><br> (Substantively Consolidated) |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, <br><br>                   Plaintiff, <br><br>                   v. <br><br> JEFFRY M. PICOWER, Individually and as trustee for the Picower Foundation, *et al.* <br><br>                   Defendants, | Adv. Pro. No. 09-1197 (BRL) |

## REQUEST FOR DOCUMENTS TO THE TRUSTEE BY ADELE FOX, INDIVIDUALLY AND AS REPRESENTATIVE OF A SIMILARLY SITUATED CLASS OF PLAINTIFFS, WITH RESPECT 9019 APPROVAL OF SETTLEMENT

Adele Fox, as representative of a putative class of similarly situated plaintiffs (the "Fox Plaintiffs"), through counsel and pursuant to Fed. R. Civ. P. 34, requests that the Trustee (as defined below) respond to this Request and produce the requested documents and information for inspection and copying at the offices of Cole, Schotz, Meisel, Forman & Leonard, P.A., 900 Third Avenue, 16th Floor, New York, New York 10022-4728, within thirty (30) days after service of the Request or at an earlier time ordered by the Bankruptcy Court.

### Definitions and Instructions

1. "Trustee" shall mean Irving H. Picard, trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq.* ("*SIPA*"), as well as any of the Trustee's agents, accountants, attorneys, employees, servants, assigns, or any individual or entity acting or purporting to act on the Trustee's behalf.

2. "9019 Motion" shall mean collectively the Trustee's Motion for Entry of an Order Pursuant to Section 105(a) of the Bankruptcy Code and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure Approving an Agreement By and Between the Trustee and the Picower BLMIS Account Holders and Enjoining Certain Claims filed in the above-captioned proceedings.

3. "9019 Memorandum" shall mean the Memorandum of Law filed by the Trustee in support of the 9019 Motion.

4. "Picowers" shall have the meanings ascribed to the terms "Picowers" and "Picower Account Holders" in the Trustee's 9091 Motion and 9019 Memorandum.

5.      "Picower Settlement" shall have the meaning ascribed to that term in the Trustee's 9091 Motion and 9019 Memorandum.

6.      "Margin Loans" shall have the meaning ascribed to that term in the Trustee's 9091 Motion and 9019 Memorandum.

7.      "Government" shall mean the United States Attorney's Office for the Southern District of New York.

8.      "Communications" shall be given its broadest possible meaning, and includes, without limitation, Documents containing or constituting the transmission or receipt of information by or between or among one or more persons or entities, and without limiting the generality of the foregoing, includes all Documents constituting inquiries, discussions, conversations, letters, correspondence, e-mails, notes, faxes, written memoranda, and phone messages.

9.      "Document" is used in its broadest sense and means any attempts to record or transmit information or knowledge and includes the original and all drafts of a writing, which includes, without limitation, all written, recorded, digital, graphic or photographic matter, including electronically stored information ("ESI"), however produced, reproduced or stored, of every kind and description including any agenda, supplements, amendments, revisions, exhibits or appendices thereto, and includes, without limiting the generality of the foregoing, originals (or copies where originals are not available) and drafts of the following: all papers, emails, letters, notes, memoranda, pamphlets, correspondence, telegrams, cables, photographs, microfilm, prints, recordings, transcriptions, blueprints, drawings, books, accounts, objects, notes, electronic or magnetic recordings or sound recordings of any type of personal or telephone conversations or meetings or conferences, minutes of directors or committee meetings, other minutes, reports,

studies, written forecasts, projects, analyses, contracts, licenses, agreements, ledgers, journals, books of account, vouchers, bank checks, invoices, charge slips, expense account reports, hotel charges, receipts, freight bills, working papers, drafts, statistical records, cost sheets, abstracts of bids, stenographers' notebooks, calendars, appointment books, telephone slips, wire transfer slips and logs, diaries, time sheets or logs, job or transaction files, computer printouts or papers similar to any of the foregoing, however denominated by you.

10. "Related to" and "relating to" or any variation thereof shall be construed to include refer to, summarize, reflect, constitute, contain, embody, mention, show, comprise, evidence, discuss, describe, comment upon, concerning, regarding, alluding to, pertaining to, probative of, in connection with, dealing with, in respect of, about, involving, identifying, or proving.

11. "And" and "or" shall be construed conjunctively or disjunctively, whichever makes this request more inclusive.

12. The singular number and masculine gender used within this document embraces and shall be read and applied as the plural or the feminine or neuter as circumstances make it appropriate.

13. In producing documents, indicate the paragraph and subparagraph (where applicable) of the Document Request(s) to which a produced document is responsive.

14. To the extent not clarified above, these Document Requests specifically include documents in electronic form, including emails and other Electronically Stored Information ("ESI") which may or may not be reduced to hard copy in the normal course of business and which may be stored or archived on file servers, hard drives, hard or floppy disks or diskettes, backup tapes, or other storage media. ESI should be produced in an intelligible format or

together with a sufficient description of the system or program from which each was derived to permit rendering the material intelligible.

15. In the event you object to the production of any document responsive to this request, as privileged or confidential, please state:

    a. the name of each author, writer, sender or initiator of the document, if any;

    b. the name of each recipient, addressee, or party for whom the document was intended or received, if any;

    c. the date of the document, if any, or an estimate thereof and so indicated as an estimate if no date appears on the document;

    d. a description of the general nature of the document and a description of the general subject matter as described in the document, or if no description appears, then sufficient other description to identify the document for a subpoena duces tecum, including the number of pages and attachments;

    e. the specific privilege or objection that you contend applies to the document (e.g., attorney-client privilege).

## DOCUMENT REQUESTS

1. All Documents, including Communications, reflecting or relating to the Margin Loans, or any one or more of them, including, but not limited to, margin loan agreements, BLMIS account statements, confirmations margin calls, and security agreements. This Requests includes responsive Documents and Communications received or obtained from the Picowers.

2. All Documents, including Communications, reflecting or relating to the securities or other assets pledged or otherwise provided as collateral for the Margin Loans (the "Collateral"), including, but not limited to, copies of the securities or the books and records evidencing the existence of the securities.

3. All Documents, including Communications, reflecting or relating to the value of the Collateral for Margin Loans.

4. All Documents, including Communications, reflecting or relating to the transfer of funds to the Picowers from BLMIS, or to BLMIS from the Picowers, in connection with the Margin Loans.

5. All Documents, including Communications, reflecting or evidencing the amount of the Margin Loans, or any one or more of them, from the inception of any Margin Loans

through December 31, 2008, including those reflecting or evidencing "the fact that there was a very significant debt balance in one of Mr. Picower's accounts relating to the Margin Loans," as set forth at page 10 of the Trustee's 9019 Memorandum.

6. All Documents, including Communications, between the Trustee and the Picowers reflecting or relating to the Trustee's agreement with Ms. Picower "as to the value of the Margin Loans" which is referred at page 10 of the Trustee's 9019 Memorandum, including Documents and Communications reflecting what the term "value" means or is intended to quantify.

7. All documents reflecting or relating to the purchase and sale of securities in the Picowers' BLMIS accounts (as referred to at page 9 of the Trustee's Memorandum), the gains and losses in those accounts, the tax reporting of such gains, and all Communications concerning such trading activity.

8. All Documents, including Communications, relating to or supporting the statement at page 9 of the Trustee's 9019 Memorandum that "the Trustee became aware of evidence showing that several decades ago Mr. Picower transferred real securities into certain BLMIS accounts," including Documents and Communications reflecting when and how the Trustee became aware of these facts.

9. All Documents, including Communications, relating to or supporting the statement at page 8 of the Trustee's 9019 Memorandum that "the Trustee, through his investigation, has uncovered facts which the Picowers claim show that Mr. Picower did not know of or participate in the Ponzi scheme," including Documents and Communications reflecting when and how the Trustee became aware of such facts.

10. To the extent no provided above, all Communications among the Trustee, the Government and the Picowers regarding the Picower Settlement.

11. All Documents, including Communications, relating to or supporting the allegations at paragraphs 3, 4, 28, 62, 63 (and all subparts thereto) in the Trustee's Complaint against the Picowers.

12. All Documents, including Communications, reflecting the amount of time expended and costs incurred by the Trustee (including his attorneys, accountants and all agents) in connection with his investigation of the Picowers.

Dated: New York, New York
      January 6, 2011

Respectively submitted,

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.
A Professional Corporation

By:    */s/ Laurence May*
      Laurence May, Esq. (LM-9714)
      John H. Drucker, Esq. (JD-2524)
      Nolan Shanahan, Esq. (NS-4598)
      900 Third Avenue, 16th Floor
      New York, New York 10022-4728
      (212) 752-8000
      (212) 752-8393 Facsimile

-and-

James W. Beasley, Jr., Esq.
BEASLEY HAUSER KRAMER
LEONARD & GALARDI, P.A.
505 South Flagler Drive, Suite 1500
West Palm Beach, FL 33401
Telephone: (561)835-0900
Facsimile: (561)835-0939

Leslye Blackner, Esq.
BLACKNER, STONE & ASSOCIATES
123 Australian Avenue
Palm Beach, FL 33480
Telephone: (561) 659-5754
Facsimile: (561) 659-3184