Michael B. Hurwtiz
105 East 15th Street, Apt. 94
New York, New York 10003
Telephone: (212) 505-1939
Facsimile: (203) 810-3248
mhurwitz@factset.com



*Michael B. Hurwitz*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　　Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation |

### OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM

Michael B. Hurwitz ("Mr. Hurwitz") hereby objects to the Notice of Trustee's Determination of Claim dated December 9, 2010 ("Determination Letter"), attached hereto as Exhibit A, as described herein.

### BACKGROUND

1. Mr. Hurwitz is a "Customer," as defined by the Securities Investor Protection Act of 1970 (SIPA), of Bernard L. Madoff Investment Securities, LLC ("BLMIS").

2. The final BLMIS statement Mr. Hurwitz received for Account Number 1-H0138, dated November 30, 2008, attached as Exhibit B herein, shows that Mr. Hurwitz owns securities valued at $760,277.14 ("Final BLMIS Statement").

1

3. The above captioned liquidation proceeding was commenced against BLMIS on December 11, 2008. Irving Picard was appointed Trustee ("BLMIS Trustee"). He was charged with overseeing the liquidation of BLMIS and processing customer claims pursuant to SIPA. Thereafter, on December 23, 2008, an Order was issued by the Court directing the BLMIS Trustee to distribute notice and claim forms to customers of BLMIS and also to set claim filing deadlines. The BLMIS Trustee, pursuant to the Court Order, so distributed such notice and forms to BLMIS's customers.

4. The order of December 23, 2008 also provided that to the extent that the BLMIS Trustee disagrees with the amount stated on the claim form, the BLMIS Trustee "shall notify such claimant by mail of his determination the claim is disallowed, in whole or in part, and the reason therefor . . . ."

5. Mr. Hurwitz submitted his claim form for Account Number 1-H0138 to SIPC on or about January 18, 2009, attached hereto as Exhibit C ("Mr. Hurwitz Customer Claim"). Exhibit B was attached to the submission of the Mr. Hurwitz Customer Claim.

6. The BLMIS Trustee informed Mr. Hurwitz by the Determination Letter dated December 9, 2010 (Exhibit A) that he "DENIED" the claim for $760,277.14 made in the Mr. Hurwitz Customer Claim (Exhibit C) in its entirety.

7. Mr. Hurwitz hereby objects to the Determination Letter for the reasons stated below.

### GROUNDS FOR OBJECTION

8. <u>First Objection</u> through <u>Sixth Objection.</u> Mr. Hurwitz hereby makes the same objections made in the "Objection to Trustee's Determination of Claim" filed by Michael Silverstein and Sandra Silverstein J/T WROS through their attorneys dated October 28, 2009, signed by Jonathan M. Landers and attached hereto as Exhibit D.

9. <u>Seventh Objection</u> through <u>Ninth Objection.</u> Mr. Hurwitz hereby makes the same objections made in Sixth, Seventh and Eighth Objections (paragraphs 15, 16 & 17) of the "Objection to Trustee's Determination of Claim" filed by Onesco International Ltd. through their attorneys dated November 10, 2009, signed by Jonathan M. Landers and attached hereto as Exhibit E.

10. <u>Tenth Objection</u> and <u>Eleventh Objection.</u> Mr. Hurwitz hereby makes the same objections made in Objections "E" and "G" (paragraphs 26 through 30) of the "Objection to Trustee's Determination of Claim" filed by Donald A. Benjamin through his attorneys dated September 1, 2009, signed by Helen Davis Chaitman and attached hereto as Exhibit F.

**RELIEF REQUESTED**

11. For the reasons stated herein, the Mr. Hurwitz Customer Claim should be allowed in its entirety.

12. For the reasons stated herein, the Court should direct SIPC to immediately issue payment of $500,000.00 plus interest from the date of the Determination Letter to Mr. Hurwitz without imposing any conditions to payment that are not authorized or warranted.

13. The BLMIS Trustee's determination amounts to improper disallowance of a claim that has prima facie validity. <u>See</u> Bankruptcy Code § 502(a). The BLMIS Trustee has offered an insufficient factual or legal basis for his determination. The BLMIS Trustee's Determination Letter, and the objections contained therein, should be stricken or, alternatively, the BLMIS Trustee should describe his position in detail including all relevant facts, legal theories, and authorities. Upon the filing of such a statement, this matter will be a contested proceeding under Rule 9014, and Mr. Hurwitz will file a further response.

14. Any hearing and ruling on the Mr. Hurwitz Customer Claim, the Determination

Letter and this Objection should be postponed until after all appeals of the "Net Equity" issue have been made and ruled upon.

15. Mr. Hurwitz requests such other relief as may be just and equitable.

## RESERVATION OF RIGHTS

16. Mr. Hurwitz reserves the right to revise, supplement or amend this Objection, and any failure to object on a particular ground or grounds shall not be construed as a waiver of Mr. Hurwitz's right to object on any additional grounds.

17. Mr. Hurwitz reserves all rights set forth in Rule 9014, including, without limitation, rights of discovery. See Fed. R. Bankr. P. 9014.

18. Mr. Hurwitz reserves all objections as to the competence, relevance, materiality, privilege or admissibility of evidence in any subsequent proceeding or trial of this or any other action for any purpose whatsoever.

Dated: January 6, 2011

Michael B. Hurwitz