FILED
U.S. BANKRUPTCY COURT
2011 JAN 11  A 10: 43
S.D. OF N.Y.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES INVESTOR PROTECTION
CORPORATION

                Plaintiffs

vs.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC.

                Defendant.

---

Adv. Pro. No. 08-01789(BRL)

SIPA Liquidation

**OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM**

Stuart M. Tarshis, hereby objects to the Notice of Trustee's Determination of Claim dated December 17, 2010 sent by Irving H. Picard (the "Determination Letter") and states as follows:

## BACKGROUND

1. Lucky Company (the "Company") maintained an account (the "Account) with Bernard L. Madoff Investment Securities LLC ("Madoff"). The Account contained the funds of several different individuals (the "Investors"), each of whom deposited funds with Madoff for the purpose of purchasing securities. Stuart M. Tarshis was one of the Investors.

2. Stuart M. Tarshis filed a timely SIPC claim with Picard and annexed to said claim was submitted all the supporting documentation reflecting the monies invested along with a statement from Lucky Company verifying same.

3. In the Determination Letter, Picard disallowed Tarshis' claim on the theory that there was no Madoff account in his individual name. See **Exhibit "A."**

## GROUNDS FOR OBJECTION

4. I am adopting and referencing herein the Objection previously filed on behalf of a another Investor (William Pressman) whose papers appear to be directly on point with the basis of the Objection applicable to my particular situation. Without repeating the entire scope of the argument raised by Mr. Pressman, I do believe that the denial of my claim which is predicated upon the fact that I was not a "customer" of BLMIS, is misplaced and in error.

5. Stuart M. Tarshis is a "customer" under the plain definition of "customer" in the Securities Investor Protection Act ("SIPA"). Thus, he is entitled to receive up to $500,000.00 in SIPC insurance. 15 U.S.C. § 78lll(2) ("The Term "customer" includes... any person who has deposited cash with the debtor for the purpose of purchasing securities.").

6. Clearly, if Congress had intended to limit customers to account holders, the definition of customer could have been six words: "A "customer" is an account holder." Instead, Congress' definition of customer is 20 lines long and is further clarified in 15 U.S.C. §78fff-3(a) to make clear that customers of a bank or broker or dealer that invests in Madoff are all customers under SIPA ("No advance shall be made by SIPC to the Trustee to pay or otherwise satisfy any net equity claim of any customer who is a broker or dealer or bank, other than to the extent that it shall be established... that the net equity claim of such broker or dealer or bank against the

debtor arose out of transactions for customers of such broker or dealer or bank.., **in which event each such customer of such broker or dealer or bank shall be deemed a separate customer** of the debtor").

7.     Moreover, it is clear that Congress intended for "customer" to be broadly interpreted. In the first draft of the bill, there was no entitlement to SIPC insurance for any customer whose name or interest was not disclosed on the records of the broker/dealer "if such recognition would increase the aggregate amount of the insured customer accounts or insured liability in such closed broker or dealer." S. 2348, 91[th] Cong. Section 7(d)(June 9, 1969); H.R. 13308, 91[th] Cong. Section 7(d)(Aug. 4, 1969). The final bill dropped this restriction.

8.     Any ambiguity in the definition of "customer," and there is none here, should be construed in favor of the Investors because "SIPA is remedial legislation. As such, it should be construed liberally to effect its purpose." *Tcherepin v. Knight*, 389 U.S. 332 (1967).

9.     The Trustee erroneously relies upon SPIC's Rules to limit SIPC's liability to the Investors. However, SIPA does not permit SIPC, by the promulgation of Rules, to change the definition of "customer" under the statute. 15 U.S.C. § 78ccc(b)(4)(A).

10.    The Determination Letter fails to comply with the Court order dated December 23, 2008 which directs Picard to satisfy customer claims and deliver securities in accordance with "the Debtor's books and records." December 23, 2008 Order is 5 (Docket No. 12).

11.     The legislative history of the SIPA ("SIPA") makes clear that Congress' intent was to protect a customer's "legitimate expectations," and it is clear that the Trustee's actions in denying the instant claim do not serve to protect a customer's "legitimate expectations."

## **CONCLUSION**

Stuart M. Tarshis is entitled to an Order compelling Picard and SIPC to immediately replace the securities in the Account to the extent of evaluation of up to $500,000.00 for each Investor.

Dated:  January 6, 2011

> Stuart M. Tarshis, Esq.
> 51 Hazelwood Drive
> Jericho, New York 11753