**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone:  (212) 589-4200
Facsimile:  (212) 589-4201
David J. Sheehan
dsheehan@bakerlaw.com
Marc Hirschfield
mhirschfield@bakerlaw.com
Judith A. Selby
jselby@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

Presentment Date: January 20, 2011 at 12:00 p.m.

Objection Deadline: January 20, 2011 at 11:00 a.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>         Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>         Defendant.<br><br>In re:<br><br>BERNARD L. MADOFF,<br><br>         Debtor. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |

### TRUSTEE'S MOTION FOR ENTRY OF AN ORDER ESTABLISHING PROCEDURES FOR SERVING COMPLAINTS AND EXHIBITS FILED UNDER SEAL

Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard

L. Madoff Investment Securities LLC ("BLMIS"), under the Securities Investor Protection Act,

300139779

15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"), and the substantively consolidated estate of Bernard L. Madoff ("Madoff" and together with BLMIS, the "Debtors"), by and through his undersigned counsel, pursuant to, *inter alia*, section 105(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), and the Protective Order entered February 16, 2010 (as amended or otherwise modified, the "Global Protective Order"),[1] hereby moves (the "Motion") for entry of an Order confirming procedures (the "Service Procedures") to allow the Trustee to serve an unredacted complaint and/or exhibits filed under seal (collectively, the "Sealed Complaint"),[2] on each defendant (a "Defendant") named as a party to a particular adversary proceeding (the "Adversary Proceeding") commenced by the Trustee. In support of the Motion, the Trustee respectfully states as follows:

## PRELIMINARY STATEMENT

1. The Trustee seeks authority to serve all Defendants to an Adversary Proceeding with the Sealed Complaint in that particular Adversary Proceeding and believes he can do so under the Global Protective Order. In order to clarify the procedure for service of complaints containing material which has been designated confidential, the Trustee hereby moves for an order that service of the Sealed Complaints accompanied by a copy of the Global Protective Order will bind the recipient of the complaint to the Global Protective Order. This Motion is not intended to resolve disputes as to whether material is or is not confidential. It is only intended to facilitate service in accordance with due process.

---

[1] Certain specific provisions of the Global Protective Order were supplemented and/or amended by the Order (1) Establishing Litigation Case Management Procedures for Avoidance Actions and (2) Amending the February 16, 2010 Protective Order, entered on November 20, 2010 (the "Case Management Order") [Dkt. #3141].

[2] In several proceedings, contemporaneously with filing redacted complaints, the Trustee also filed under seal with the Bankruptcy Court unredacted copies of such complaints.

## BACKGROUND

2.      On December 11, 2008 (the "Filing Date"), Madoff was arrested by federal agents for violation of the criminal securities laws, including securities fraud, investment adviser fraud, and mail and wire fraud. Contemporaneously, the Securities and Exchange Commission ("SEC") filed a complaint in the United States District Court for the Southern District of New York (the "District Court"), commencing the District Court Proceeding against Madoff and BLMIS. The District Court Proceeding remains pending in the District Court. The SEC complaint alleged that Madoff and BLMIS engaged in fraud through the investment advisor activities of BLMIS.

3.      On December 12, 2008, the Honorable Louis L. Stanton of the District Court entered an order appointing Lee S. Richards, Esq., as receiver for the assets of BLMIS (the "Receiver").

4.      On December 15, 2008, pursuant to SIPA section 78eee(a)(4)(A), the SEC consented to combining its own action with an application of the Securities Investor Protection Corporation ("SIPC"). Thereafter, pursuant to SIPA section 78eee(a)(4)(B), SIPC filed an application in the District Court alleging, *inter alia*, that BLMIS was not able to meet its obligations to securities customers as they came due and, accordingly, its customers needed the protections afforded by SIPA.

5.      Also on December 15, 2008, Judge Stanton granted the SIPC application and entered an order pursuant to SIPA (the "Protective Decree"), which, in pertinent part:

   a. appointed the Trustee for the liquidation of the business of BLMIS pursuant to SIPA section 78eee(b)(3);

   b. appointed Baker & Hostetler LLP as counsel to the Trustee pursuant to SIPA section 78eee(b)(3) ("Counsel"); and

    c. removed the case to the Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") pursuant to SIPA section 78eee(b)(4).

By this Protective Decree, the Receiver was removed as receiver for BLMIS.

6.     By orders dated December 23, 2008, and February 4, 2009, respectively, the Bankruptcy Court approved the Trustee's bond and found that the Trustee was a disinterested person. Accordingly, the Trustee is duly qualified to serve and act on behalf of the BLMIS estate.

7.     Pursuant to SIPA section 78fff-1(a), the Trustee has the general powers of a bankruptcy trustee in a case under the Bankruptcy Code, in addition to those granted by SIPA. Pursuant to SIPA section 78fff(b), chapters 1, 3, 5 and subchapters I and II of chapter 7 of the Bankruptcy Code apply to this proceeding to the extent consistent with SIPA.

## THE TRUSTEE'S ROLE AND DUTIES

8.     Upon his appointment, the Trustee became subject to the same duties as a trustee in a case under chapter 7 of the Bankruptcy Code, including the duty to investigate the financial affairs of the Debtors. See 15 U.S.C. § 78fff(b); 11 U.S.C. § 704(a). In this investigative capacity, the Trustee sought information and documentation sufficient to determine whether to commence litigation against certain transferees and/or parties that received the benefits of certain transfers or otherwise contributed to the perpetuation of the Ponzi scheme (collectively, the "BLMIS Transferees").

9.     The Trustee was tasked with unraveling the largest financial fraud in history, within the two year period following the Filing Date. This included, without limitation, winding down the business of BLMIS, investigating and processing more than 16,000 customer claims, and investigating whether payments made or obligations incurred by BLMIS constituted avoidable and recoverable transfers.

10. To fulfill his duties, the Trustee not only collected and reviewed extensive data from BLMIS, but also has already reviewed more than seven million documents (consisting of more than 20 million pages) produced by hundreds of people and entities scattered across the globe (the "Producing Parties"). The evidence adduced by the Trustee has revealed a complex global web of interrelationships among various BLMIS Transferees and others, which impacts numerous Adversary Proceedings.

**CONFIDENTIALITY AGREEMENTS AND THE GLOBAL PROTECTIVE ORDER**

11. To facilitate and advance the production of evidence, the Trustee entered into at least seventy (70) different confidentiality agreements (collectively, the "Confidentiality Agreements") with certain Producing Parties, including with a number of foreign entities who produced documents while challenging the jurisdiction of the Bankruptcy Court. Some of these Confidentiality Agreements contain broad provisions, including the designation of entire productions as confidential.

12. In December 2009, to standardize confidentiality obligations and procedures by which documents would be produced while both facilitating discovery and respecting certain privacy concerns of the BLMIS Transferees, the Trustee sought the issuance of a protective order. After negotiations with numerous interested parties and a hearing before this Court, the Global Protective Order was entered on February 16, 2010.

13. In the face of these challenges and to expedite the filing of these adversary proceedings, the Trustee sought the entry of the Case Management Order. On November 10, 2010, this Court entered the Case Management Order, thereby amending certain specific provisions of the Global Protective Order.

14. Many, if not most, parties who produced documents to the Trustee over-designated their documents as "confidential." In many instances, every single document produced was designated confidential. The Trustee plans to dispute these designations and in many instances is in the process of negotiating over confidentiality with a producing party. This Motion is not intended to resolve these issues. It is intended solely to facilitate service while the confidentiality issues are pending.

## THE TRUSTEE'S LITIGATIONS TO DATE

15. As of December 11, 2010, the Trustee has commenced numerous litigations against Defendants located in over thirty (30) countries.

16. In addition to the staggering volume of litigation, the complexity of these lawsuits is exceptional. As noted, evidence uncovered to date reveals extensive interrelationships among many of the BLMIS Transferees and Producing Parties, and evidence proffered by certain Producing Parties often has direct bearing on third parties, whether or not those third parties are subject to the same adversary proceeding.

17. Because of confidentiality designations and concerns, more than forty (40) complaints have been filed under seal or in redacted form. In many of these cases, service needs to be made on defendants of complaints which contain the purportedly confidential information of other Defendants or third parties.

## RELIEF SOUGHT

18. The Trustee seeks the Court's approval of an efficient and effective resolution allowing service of unredacted versions of the sealed complaints and accompanying exhibits on all named parties, while protecting the confidentiality concerns of the Producing Parties.

19.     As set forth in greater detail below, the Trustee hereby seeks entry of an order (the "Sealed Complaint Service Order"), in substantially the form annexed hereto as Exhibit A, establishing procedures for serving complaints and exhibits filed under seal, whereby the Trustee may serve a copy of the Sealed Complaint in unredacted form on all Defendants in the Adversary Proceedings, along with a copy of the Global Protective Order and the Sealed Complaint Service Order.  The Sealed Complaint Service Order will also serve to inform recipient-Defendants that they are bound by the Global Protective Order, until and unless the Court orders otherwise, in an effort to protect the interests of all parties involved.

20.     The Trustee submits that the pragmatic relief requested herein will facilitate the efficient and timely continuation of the Adversary Proceedings, allowing Defendants to receive the Sealed Complaints in compliance with their due process rights while respecting privacy concerns of the Producing Parties.

## BASIS FOR RELIEF REQUESTED

21.     The Trustee respectfully requests that the Bankruptcy Court grant him authority to serve Sealed Complaints in compliance with the terms of the Sealed Complaint Service Order pursuant to, *inter alia*, Bankruptcy Code section 105(a).

22.     Bankruptcy Code section 105(a) provides in relevant part that the "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

> Section 105 specifically codifies what are traditionally called 'inherent powers' to give the Bankruptcy Courts the necessary ability to manage the cases on their docket.  It is imperative that courts have the necessary authority to manage the arguments and conduct of parties to ensure judicial efficiency and to do justice.  These powers are "necessary to the exercise of all others."

Johnson v. McDow (In re Johnson), 236 B.R. 510, 521 (D.D.C. 1999); see also In re Walker, 195 B.R. 187, 208 (Bankr. D.N.H. 1996) (noting inherent power of courts to "manage litigation pending before" them).

23.     A defendant has the right to see the entirety of the complaint against him. See, e.g., Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950) (citations omitted). Such notice must leave "little doubt that the party has actual notice of the claims in order to appear and defend." S.E.C. v. Tome, 833 F.2d 1086, 1092 (2d. Cir. 1987). These principles must likewise be upheld in bankruptcy and adversary proceedings. See, e.g., City of New York v. New York, N.H. & H.R. Co., 344 U.S. 293, 296 (1953) (citing to Mullane in case under Bankruptcy Act); Pacificorp and Vancott Bagley Cornwall & McCarthy v. W.R. Grace, 2006 WL 2375371 at *3 (D. Del. Aug. 16, 2006) (citing to Mullane in adversary proceeding brought pursuant to Bankruptcy Code).

24.     The Trustee respectfully submits that approval by the Bankruptcy Court of the proposed service procedures will adequately address the interests and concerns of both the Producing Parties and the defendants. The Trustee respectfully submits that the proposed service procedures will respect the due process rights of defendants by providing them with full disclosure of the Sealed Complaint in such Adversary Proceeding in which they are named so that they can properly respond to the Sealed Complaint, while affording the Producing Parties the protection of the Global Protective Order.

## NOTICE

25.     Notice of this Motion has been provided by U.S. Mail, postage prepaid, or email to (i) all parties that have filed a notice of appearance in this case; (ii) SIPC; (iii) the SEC; (iv) the Internal Revenue Service; and (v) the United States Attorney for the Southern District of

New York.  Notice of this Motion has also been provided to all parties with which the Trustee has entered into a confidentiality agreement.  The Trustee submits that no other or further notice need be given.

**WHEREFORE**, the Trustee respectfully requests that the Court (a) enter the Order substantially in the form attached hereto as Exhibit A, granting the relief requested herein; and (b) grant such other and further relief to the Trustee as the Court deems proper.

Dated: New York, New York
       January 11, 2011

BAKER & HOSTETLER LLP

By:   /s/Marc Hirschfield
     David J. Sheehan
     Marc E. Hirschfield
     Judith A. Selby

45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Esq., Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*