**<u>EXHIBIT B</u>**



**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------- X

Securities Investor Protection Corporation,           :

                              Plaintiff,               :

                -against-                              :         MEMORANDUM DECISION
                                                                    AND ORDER
Bernard L. Madoff Investment Securities LLC,          :          M 47 (GBD)

                              Defendant,               :

In re: Bernard Madoff,                                 :
                              Debtor.
----------------------------------- X

GEORGE B. DANIELS, District Judge:

        Diane and Roger Peskin and Maureen Ebel ("Objectants"), with the support of more than

100 other customers of Bernard L. Madoff Investment Securities LLC ("Madoff") bring this

motion, pursuant to 28 U.S.C. ¶ 158(a) and Federal Rule of Bankruptcy Procedure 9003, for

leave to appeal the August 6, 2009 order of the United States Bankruptcy Court Approving

Applications for Allowance of Interim Compensation for Services Rendered and

Reimbursements of Expenses (the "Order") of Irving H. Picard ("Trusetee"), and his counsel

Baker & Hostetler LLP ("B&H"). Objectants' motion for leave to appeal is denied.

        In determining whether to grant leave to appeal from an interlocutory order, the party

seeking leave must establish that such order: 1) involves a controlling question of law 2) as to

which there is substantial ground for difference of opinion, and 3) that an immediate appeal from

the order may materially advance the ultimate termination of the litigation. 28 U.S.C. ¶ 1292(b).

As the Second Circuit has held, "the district court's power to grant an interlocutory appeal should

not be liberally construed." Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave,
921 F.2d 21, 24-25 (2d Cir. 1990). Only in exceptional circumstances should the district court
grant an interlocutory appeal and depart from the basic policy of postponing appellate review
until after the entry of a final judgment. See In re Flor, 79 F.3d 281, 284 (2d Cir. 1996).

Objectants' raise three potential issues for review on interlocutory appeal. Objectants
Memo of Law at 15-16. First, Objectants move to appeal the bankruptcy court's order finding
that the Trustee and B&H had no conflict of interest and seek to have the first interim fee
application denied because the Trustee and B&H defied their statutory obligations. Id. at 15.
Second, Objectants argue that the bankruptcy court erred in approving the first interim fee
application because the Trustee and B&H have violated the Securities Investor Protection Act
("SIPA"). Id. at 15-16. Third, Objectants seek to disqualify the Trustee and B&H as well an
order of disgorgement of all fees paid alleging that the Objectants were denied due process since
the bankruptcy court did not find the Trustee and B&H were not disinterested. Id. at 16.

None of these issues meet the exacting threshold for interlocutory appeals since they fail
to meet the first prong of 28 U.S.C. ¶ 1292(b), namely they do not involve controlling questions
of law. Although Objectants attempt to classify their objections as three distinct and separate
issues, they all revolve around the methodology the Trustee utilized to compute net equity.[1]
Objectants' essentially argue that the Trustee is applying an incorrect methodology for net equity

---

[1]Indeed, Objectants concede in their brief that any alleged conflict "did not arise until the
Trustee began to advance his alleged incorrect interpretation of net equity." Objectants Memo of
Law at 19.

2

and is therefore underpaying some of the SIPC customers. Objectants Memo of Law at 17. As

such, they raise factual, not legal issues. Such an appeal would require a review of the over 100

underlying customer claims and an evaluation of facts concerning Objectants' allegations that the

Trustee is treating customers dishonestly. Indeed, these issues are not capable of being decided

by this Court without having to conduct extensive analysis and review of the underlying record.

See In re Lehman Bros. Holdings, Inc., Case No. M47 (VM), 2009 U.S. Dist. LEXIS 96946, at

*5 (S.D.N.Y. October 8, 2009) ("A controlling question of law is a pure question of law that the

reviewing court could decide quickly and cleanly without having to study the record.") (quoting

In re WorldCom, No. M-47, 2003 U.S. Dist. LEXIS 11160, 2003 WL 21498904, at *10

(S.D.N.Y. June 30, 2003)).

Moreover, these issues are not ripe for consideration since the bankruptcy court has not

specifically addressed the issue over the net equity methodology. In the August 6, 2009 hearing, for

example, the bankruptcy court, heard the same arguments from the Objectors and stated that the

issue of the methodology utilized to determine net equity was not presently before the bankruptcy

court, and that the issue would be determined in the adversary proceeding brought by Movants

against the Trustee. In the adversary proceeding, Objectants similarly argue that the Trustee is using

a definition of net equity that violates SIPA. Compl. ¶¶ 7-9.

For the foregoing reasons, Objectants' motion for leave to appeal is denied.

Dated: New York, New York
       January 11, 2010

                                        SO ORDERED:

                                        _George B. Daniels_
                                        GEORGE B. DANIELS
                                        United States District Judge

3