Brian J. Neville (BN 8251)
Barry R. Lax (BL 1302)
Lax & Neville, LLP
1412 Broadway, Suite 1407
New York, New York 10018
Tel: (212) 696-1999
Fax: (212) 455-5361

*Attorneys for Peter and Carol Gold*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SECURITIES INVESTOR PROTECTION          :
CORPORATION,                            :
                                        :   Adv. Pro. No. 08-01789(BRL)
           Plaintiff,                   :
                                        :   SIPA Liquidation
     vs.                                :
                                        :
BERNARD L. MADOFF INVESTMENT            :   **OBJECTION TO TRUSTEE'S**
SECURITIES LLC,                         :   **DETERMINATION OF CLAIM**
                                        :
           Defendant.                   :
------------------------------------------------------------X

Peter and Carol Gold ("Mr. and Mrs. Gold"), by and through their attorneys, Lax & Neville, LLP, hereby object to the Notice of Trustee's Determination of Claim dated November 19, 2010 ("Determination Letter").

## BACKGROUND

1. An account containing investments by Mr. and Mrs. Gold and managed in part on Mr. and Mrs. Gold's behalf at Bernard L. Madoff Investment Securities LLC ("BLMIS") bore the Account No. 1-SO136 (the "Account").

2. Mr. and Mrs. Gold were investors in BLMIS and, like so many other victims, lost substantial portions of their savings and assets in the fraud. According to the November 30, 2008 BLMIS Account statement Mr. and Mrs. Gold's investments with BLMIS were valued at $643,477.33. On or about March 3, 2009, Mr. and Mrs. Gold filed a Securities Investor Protection Corporation Claim based upon securities held in their Account, describing the

1

profound impact of their losses and seeking the protection and support that SIPC provides defrauded victims.

3. On November 19, 2010 the Trustee denied the claim stating that, "Based on a review of available books and records of BLMIS by the Trustee's staff, Mr. and Mrs. Gold did not have an account with BLMIS. Because Mr. and Mrs. Gold did not have an account, [they are] not customers of BLMIS under SIPA as that term is defined at 15 U.S.C. §78lll(2)."

**Grounds for Objection**

4. As victims of the crime perpetrated by BLMIS, which was a member of SIPC, Mr. and Mrs. Gold are entitled to SIPC relief. As such, Mr. and Mrs. Gold respectfully object to the Trustee's denial of their claim, on the following grounds:

   a. Mr. and Mrs. Gold Are Customers Under SIPA.

   b. The Trustee Has Formulated A New And Unlawful Definition for "Net Equity".

   c. The Trustee Did Not Adhere To The Customer's "Legitimate Expectation" Requirement.

   d. The Trustee Has Violated SIPA By Failing to Promptly Remit SIPC Insurance.

   e. Mr. and Mrs. Gold Are Entitled To Prejudgment Interest On Their SIPC Claim.

5. Mr. and Mrs. Gold reserve the right to revise, supplement, or amend this Objection, and any failure to object on a particular ground or grounds shall not be construed as a waiver of their right to object on any additional grounds.

6. Mr. and Mrs. Gold reserve all rights set forth under Rule 9014, including, without limitation, rights of discovery. See Fed. R. Bankr. P. 9014 (2009).

7. Mr. and Mrs. Gold reserve all objections as to the competence, relevance, materiality, privilege, or admissibility of evidence in any subsequent proceeding or trial of this or any other action for any purpose whatsoever.

8. Mr. and Mrs. Gold incorporate by reference all reservations of rights set forth in

their Customer Claim and the Objection to the Trustee's Determination Letter.

### Relief Requested

9. Mr. and Mrs. Gold's lives have been deeply affected by their losses in the BLMIS fraud. For the reasons stated herein, Mr. and Mrs. Gold's Customer Claim should be allowed in its entirety.

10. For the reasons stated herein, Mr. and Mrs. Gold are entitled to an Order compelling the Trustee and SIPC to advance $500,000.00.

11. For the reasons stated herein, the Trustee's determination amounts to an improper disallowance of a claim that has prima facie validity. See Bankruptcy Code § 502(a) (2009). The Trustee has offered no factual or legal basis for his Determination. The Trustees Determination Letter, and the objections contained therein, should be stricken, or alternatively, the Trustee should describe his position in detail including all relevant facts, legal theories, and authorities. Upon the filing of such a statement, this matter will be a contested proceeding under Rule 9014, Mr. and Mrs. Gold will file a response.

Dated:  New York, New York
January 14, 2011

*/s/ Brian J. Neville*
LAX & NEVILLE, LLP
Brian J. Neville (BN 8251)
Barry R. Lax (BL 1302)
1412 Broadway, Suite 1407
New York, NY 10018
Tel: (212) 696-1999
Fax: (212) 566-4531
*Attorneys for Peter and Carol Gold*

3