Brian J. Neville (BN 8251)
Barry R. Lax (BL 1302)
Lax & Neville, LLP
1412 Broadway, Suite 1407
New York, New York 10018
Tel: (212) 696-1999
Fax: (212) 455-5361

*Attorneys for William Squadron and Debra Lagapa*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SECURITIES INVESTOR PROTECTION            :
CORPORATION,                              :
                                          :   Adv. Pro. No. 08-01789(BRL)
            Plaintiff,                    :
                                          :   SIPA Liquidation
     vs.                                  :
                                          :
BERNARD L. MADOFF INVESTMENT              :   **OBJECTION TO TRUSTEE'S**
SECURITIES LLC,                           :   **DETERMINATION OF CLAIM**
                                          :
            Defendant.                    :
-------------------------------------------------------------X

William Squadron and Debra Lagapa ("Mr. Squadron and Ms. Lagapa"), by and through their attorneys, Lax & Neville, LLP, hereby object to the Notice of Trustee's Determination of Claim dated November 19, 2010 ("Determination Letter").

## BACKGROUND

1. An account containing investments by Mr. Squadron and Ms. Lagapa and managed in part on Mr. Squadron and Ms. Lagapa's behalf at Bernard L. Madoff Investment Securities LLC ("BLMIS") bore the Account No. 1-SO136 (the "Account").

2. Mr. Squadron and Ms. Lagapa were investors in BLMIS and, like so many other victims, lost substantial portions of their savings and assets in the fraud. According to the November 30, 2008 BLMIS Account statement Mr. Squadron and Ms. Lagapa's investments with BLMIS were valued at $592,052.08. On or about March 3, 2009, Mr. Squadron and Ms. Lagapa filed a Securities Investor Protection Corporation Claim based upon securities held in

1

their Account, describing the profound impact of their losses and seeking the protection and support that SIPC provides defrauded victims.

3. On November 19, 2010 the Trustee denied the claim stating that, "Based on a review of available books and records of BLMIS by the Trustee's staff, Mr. Squadron and Ms. Lagapa did not have an account with BLMIS. Because Mr. Squadron and Ms. Lagapa did not have an account, [they are] not customers of BLMIS under SIPA as that term is defined at 15 U.S.C. §78lll(2)."

**Grounds for Objection**

4. As victims of the crime perpetrated by BLMIS, which was a member of SIPC, Mr. Squadron and Ms. Lagapa are entitled to SIPC relief. As such, Mr. Squadron and Ms. Lagapa respectfully object to the Trustee's denial of their claim, on the following grounds:

   a. Mr. Squadron and Ms. Lagapa Are Customers Under SIPA.

   b. The Trustee Has Formulated A New And Unlawful Definition for "Net Equity".

   c. The Trustee Did Not Adhere To The Customer's "Legitimate Expectation" Requirement.

   d. The Trustee Has Violated SIPA By Failing to Promptly Remit SIPC Insurance.

   e. Mr. Squadron and Ms. Lagapa Are Entitled To Prejudgment Interest On Their SIPC Claim.

5. Mr. Squadron and Ms. Lagapa reserve the right to revise, supplement, or amend this Objection, and any failure to object on a particular ground or grounds shall not be construed as a waiver of their right to object on any additional grounds.

6. Mr. Squadron and Ms. Lagapa reserve all rights set forth under Rule 9014, including, without limitation, rights of discovery. See Fed. R. Bankr. P. 9014 (2009).

7. Mr. Squadron and Ms. Lagapa reserve all objections as to the competence, relevance, materiality, privilege, or admissibility of evidence in any subsequent proceeding or

trial of this or any other action for any purpose whatsoever.

8. Mr. Squadron and Ms. Lagapa incorporate by reference all reservations of rights set forth in their Customer Claim and the Objection to the Trustee's Determination Letter.

### Relief Requested

9. Mr. Squadron and Ms. Lagapa's lives have been deeply affected by their losses in the BLMIS fraud. For the reasons stated herein, Mr. Squadron and Ms. Lagapa's Customer Claim should be allowed in its entirety.

10. For the reasons stated herein, Mr. Squadron and Ms. Lagapa are entitled to an Order compelling the Trustee and SIPC to advance $500,000.00.

11. For the reasons stated herein, the Trustee's determination amounts to an improper disallowance of a claim that has prima facie validity. See Bankruptcy Code § 502(a) (2009). The Trustee has offered no factual or legal basis for his Determination. The Trustees Determination Letter, and the objections contained therein, should be stricken, or alternatively, the Trustee should describe his position in detail including all relevant facts, legal theories, and authorities. Upon the filing of such a statement, this matter will be a contested proceeding under Rule 9014 and Mr. Squadron and Ms. Lagapa will file a response.

Dated:  New York, New York
        January 14, 2011

> */s/ Brian J. Neville*
> LAX & NEVILLE, LLP
> Brian J. Neville (BN 8251)
> Barry R. Lax (BL 1302)
> 1412 Broadway, Suite 1407
> New York, NY 10018
> Tel: (212) 696-1999
> Fax: (212) 566-4531
> *Attorneys for William Squadron and Debra Lagapa*