Brian J. Neville (BN 8251)
Barry R. Lax (BL 1302)
Lax & Neville, LLP
1412 Broadway, Suite 1407
New York, New York 10018
Tel: (212) 696-1999
Fax: (212) 455-5361

*Attorneys for Robert Vas Dias and Margaret Butcher*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SECURITIES INVESTOR PROTECTION
CORPORATION,

        Plaintiff,

        vs.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

        Defendant.
------------------------------------------------------------X

Adv. Pro. No. 08-01789(BRL)

SIPA Liquidation

**OBJECTION TO TRUSTEE'S
DETERMINATION OF CLAIM**

Robert Vas Dias and Margaret Butcher ("Mr. Vas Dias and Ms. Butcher"), by and through their attorneys, Lax & Neville, LLP, hereby object to the Notice of Trustee's Determination of Claim dated November 19, 2010 ("Determination Letter").

## BACKGROUND

1. An account containing investments by Mr. Vas Dias and Ms. Butcher and managed in part on Mr. Vas Dias and Ms. Butcher's behalf at Bernard L. Madoff Investment Securities LLC ("BLMIS") bore the Account No. 1-SO136 (the "Account").

2. Mr. Vas Dias and Ms. Butcher were investors in BLMIS and, like so many other victims, lost substantial portions of their savings and assets in the fraud. According to the November 30, 2008 BLMIS Account statement Mr. Vas Dias and Ms. Butcher's investments with BLMIS were valued at $87,626.29. On or about March 3, 2009, Mr. Vas Dias and Ms. Butcher filed a Securities Investor Protection Corporation Claim based upon securities held in

1

their Account, describing the profound impact of their losses and seeking the protection and support that SIPC provides defrauded victims.

3. On November 19, 2010 the Trustee denied the claim stating that, "Based on a review of available books and records of BLMIS by the Trustee's staff, Mr. Vas Dias and Ms. Butcher did not have an account with BLMIS. Because Mr. Vas Dias and Ms. Butcher did not have an account, [they are] not customers of BLMIS under SIPA as that term is defined at 15 U.S.C. §78lll(2)."

**Grounds for Objection**

4. As victims of the crime perpetrated by BLMIS, which was a member of SIPC, Mr. Vas Dias and Ms. Butcher are entitled to SIPC relief. As such, Mr. Vas Dias and Ms. Butcher respectfully object to the Trustee's denial of their claim, on the following grounds:

  a. Mr. Vas Dias and Ms. Butcher Are Customers Under SIPA.

  b. The Trustee Has Formulated A New And Unlawful Definition for "Net Equity".

  c. The Trustee Did Not Adhere To The Customer's "Legitimate Expectation" Requirement.

  d. The Trustee Has Violated SIPA By Failing to Promptly Remit SIPC Insurance.

  e. Mr. Vas Dias and Ms. Butcher Are Entitled To Prejudgment Interest On Their SIPC Claim.

5. Mr. Vas Dias and Ms. Butcher reserve the right to revise, supplement, or amend this Objection, and any failure to object on a particular ground or grounds shall not be construed as a waiver of her right to object on any additional grounds.

6. Mr. Vas Dias and Ms. Butcher reserve all rights set forth under Rule 9014, including, without limitation, rights of discovery. See Fed. R. Bankr. P. 9014 (2009).

7. Mr. Vas Dias and Ms. Butcher reserve all objections as to the competence, relevance, materiality, privilege, or admissibility of evidence in any subsequent proceeding or

trial of this or any other action for any purpose whatsoever.

8.     Mr. Vas Dias and Ms. Butcher incorporate by reference all reservations of rights set forth in their Customer Claim and the Objection to the Trustee's Determination Letter.

### Relief Requested

9.     Mr. Vas Dias and Ms. Butcher's lives have been deeply affected by their losses in the BLMIS fraud. For the reasons stated herein, Mr. Vas Dias and Ms. Butcher's Customer Claim should be allowed in its entirety.

10.    For the reasons stated herein, Mr. Vas Dias and Ms. Butcher are entitled to an Order compelling the Trustee and SIPC to advance $87,626.29.

11.    For the reasons stated herein, the Trustee's determination amounts to an improper disallowance of a claim that has prima facie validity. See Bankruptcy Code § 502(a) (2009). The Trustee has offered no factual or legal basis for his Determination. The Trustees Determination Letter, and the objections contained therein, should be stricken, or alternatively, the Trustee should describe his position in detail including all relevant facts, legal theories, and authorities. Upon the filing of such a statement, this matter will be a contested proceeding under Rule 9014 and Mr. Vas Dias and Ms. Butcher will file a response.

Dated:  New York, New York
        January 14, 2011

*/s/ Brian J. Neville*
LAX & NEVILLE, LLP
Brian J. Neville (BN 8251)
Barry R. Lax (BL 1302)
1412 Broadway, Suite 1407
New York, NY 10018
Tel: (212) 696-1999
Fax: (212) 566-4531
*Attorneys for Robert Vas Dias and Margaret Butcher*

3