Brian J. Neville (BN 8251)
Barry R. Lax (BL 1302)
Lax & Neville, LLP
1412 Broadway, Suite 1407
New York, New York 10018
Tel: (212) 696-1999
Fax: (212) 455-5361

*Attorneys for Laurel A. Squadron*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SECURITIES INVESTOR PROTECTION        :
CORPORATION,                          :
                                      :    Adv. Pro. No. 08-01789(BRL)
            Plaintiff,                :
                                      :    SIPA Liquidation
        vs.                           :
                                      :
BERNARD L. MADOFF INVESTMENT          :    **OBJECTION TO TRUSTEE'S**
SECURITIES LLC,                       :    **DETERMINATION OF CLAIM**
                                      :
            Defendant.                :
-------------------------------------------------------------X

Laurel A. Squadron ("Ms. Squadron"), by and through her attorneys, Lax & Neville, LLP, hereby objects to the Notice of Trustee's Determination of Claim dated November 19, 2010 ("Determination Letter").

## BACKGROUND

1.  An account containing investments by Ms. Squadron and managed in part on Ms. Squadron's behalf at Bernard L. Madoff Investment Securities LLC ("BLMIS") bore the Account No. 1-SO136 (the "Account").

2.  Ms. Squadron was an investor in BLMIS and, like so many other victims, lost substantially all of her savings and assets in the fraud. According to the November 30, 2008 BLMIS Account statement and Ms. Squadron's Customer Claim (as defined in the next sentence), Ms. Squadron's investments with BLMIS were valued at $197,791.49. On or about

1

March 3, 2009, Ms. Squadron filed a Securities Investor Protection Corporation Claim ("Customer Claim") based upon securities held in her Account, describing the profound impact of her losses and seeking the protection and support that SIPC provides defrauded victims.

3. On November 19, 2010 the Trustee denied the claim stating that, "Based on a review of available books and records of BLMIS by the Trustee's staff, [Ms. Squadron] did not have an account with BLMIS. Because [Ms. Squadron] did not have an account, [she is] not a customer of BLMIS under SIPA as that term is defined at 15 U.S.C. §78lll(2)."

**Grounds for Objection**

4. As a victim of the crime perpetrated by BLMIS, which was a member of SIPC, Ms. Squadron is entitled to SIPC relief. As such, Ms. Squadron respectfully objects to the Trustee's denial of her claim, on the following grounds:

   a. Ms. Squadron Is A Customer Under SIPA.

   b. The Trustee Has Formulated A New And Unlawful Definition for "Net Equity".

   c. The Trustee Did Not Adhere to the Customer's "Legitimate Expectation" Requirement.

   d. The Trustee Has Violated SIPA By Failing to Promptly Remit SIPC Insurance.

   e. Ms. Squadron Is Entitled To Prejudgment Interest On Her SIPC Claim.

5. Ms. Squadron reserves the right to revise, supplement, or amend this Objection, and any failure to object on a particular ground or grounds shall not be construed as a waiver of her right to object on any additional grounds.

6. Ms. Squadron reserves all rights set forth under Rule 9014, including, without limitation, rights of discovery. See Fed. R. Bankr. P. 9014 (2009).

7. Ms. Squadron reserves all objections as to the competence, relevance, materiality, privilege, or admissibility of evidence in any subsequent proceeding or trial of this or any other

action for any purpose whatsoever.

8. Ms. Squadron incorporates by reference all reservations of rights set forth in her Customer Claim.

### Relief Requested

9. Ms. Squadron's life has been deeply affected by her losses in the BLMIS fraud. For the reasons stated herein, Ms. Squadron's Customer Claim should be allowed in its entirety.

10. For the reasons stated herein, Ms. Squadron is entitled to an Order compelling the Trustee and SIPC to advance $197,791.49.

11. For the reasons stated herein, the Trustee's determination amounts to an improper disallowance of a claim that has prima facie validity. See Bankruptcy Code § 502(a) (2009). The Trustee has offered no factual or legal basis for his Determination. The Trustee's Determination Letter, and the objections contained therein, should be stricken, or alternatively, the Trustee should describe his position in detail including all relevant facts, legal theories, and authorities. Upon the filing of such a statement, this matter will be a contested proceeding under Rule 9014 and Ms. Squadron will file a response.

Dated: New York, New York
       January 14, 2011

>                          */s/ Brian J. Neville*
>                          LAX & NEVILLE, LLP
>                          Brian J. Neville (BN 8251)
>                          Barry R. Lax (BL 1302)
>                          1412 Broadway, Suite 1407
>                          New York, NY 10018
>                          Tel: (212) 696-1999
>                          Fax: (212) 566-4531
>                          *Attorneys for Laurel A. Squadron*

3