Brian J. Neville (BN 8251)
Barry R. Lax (BL 1302)
Lax & Neville, LLP
1412 Broadway, Suite 1407
New York, New York 10018
Tel: (212) 696-1999
Fax: (212) 455-5361

*Attorneys for Shelly Roth, Ira Roth, Alexander Roth, Evan Roth, Jordan Roth*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
SECURITIES INVESTOR PROTECTION
CORPORATION,

        Plaintiff,

vs.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

        Defendant.
---------------------------------------------------------------X

Adv. Pro. No. 08-01789(BRL)

SIPA Liquidation

**OBJECTION TO TRUSTEE'S
DETERMINATION OF CLAIM**

Shelly Roth, Ira Roth, Alexander Roth, Evan Roth and Jordan Roth ("The Roth Family"), by and through their attorneys, Lax & Neville, LLP, hereby object to the Notice of Trustee's Determination of Claim dated November 19, 2010 ("Determination Letter").

**BACKGROUND**

1. An account containing investments by the Roth Family and managed in part on the Roth Family's behalf at Bernard L. Madoff Investment Securities LLC ("BLMIS") bore the Account No. 1-ZA482 (the "Account").

2. The members of the Roth Family were investors in BLMIS and, like so many other victims, lost substantial portions of their savings and assets in the fraud. According to the November 30, 2008 BLMIS Account statement the Roth Family's investments with BLMIS were valued at $830,753.18. On or about May 7, 2009, the Roth Family filed a Securities

1

Investor Protection Corporation Claim[1] based upon securities held in their Account, describing the profound impact of their losses and seeking the protection and support that SIPC provides defrauded victims.

3. On November 19, 2010 the Trustee denied their claims stating that, "Based on a review of available books and records of BLMIS by the Trustee's staff, [the Roth Family] did not have an account with BLMIS. Because [the Roth Family] did not have an account, [they are] not customers of BLMIS under SIPA as that term is defined at 15 U.S.C. §78lll(2)."

**Grounds for Objection**

4. As victims of the crime perpetrated by BLMIS, which was a member of SIPC, the Roth Family is entitled to SIPC relief. As such, the Roth Family respectfully object to the Trustee's denial of their claim, on the following grounds:

   a. The Roth Family Is A Customer Under SIPA.

   b. The Trustee Has Formulated A New And Unlawful Definition for "Net Equity".

   c. The Trustee Did Not Adhere to the Customer's "Legitimate Expectation" Requirement.

   d. The Trustee Has Violated SIPA By Failing to Promptly Remit SIPC Insurance.

   e. The Roth Family Is Entitled To Prejudgment Interest On Their SIPC Claim.

5. The Roth Family reserves the right to revise, supplement, or amend this Objection, and any failure to object on a particular ground or grounds shall not be construed as a waiver of their right to object on any additional grounds.

6. The Roth Family reserves all rights set forth under Rule 9014, including, without limitation, rights of discovery. See Fed. R. Bankr. P. 9014 (2009).

7. The Roth Family reserves all objections as to the competence, relevance, materiality, privilege, or admissibility of evidence in any subsequent proceeding or trial of this or

---

[1] The Trustee has designed the Roth Family Customer Claims as Claim Nos. 013772, 013500, and 012183.

any other action for any purpose whatsoever.

8.  The Roth Family incorporates by reference all reservations of rights set forth in their Customer Claim and the Objection to the Trustee's Determination Letter.

## Relief Requested

9.  The Roth Family's lives have been deeply affected by their losses in the BLMIS fraud. For the reasons stated herein, the Roth Family's Customer Claim should be allowed in its entirety.

10. For the reasons stated herein, the Roth Family is entitled to an Order compelling the Trustee and SIPC to advance $500,000.00.

11. For the reasons stated herein, the Trustee's determination amounts to an improper disallowance of a claim that has prima facie validity. See Bankruptcy Code § 502(a) (2009). The Trustee has offered no factual or legal basis for his Determination. The Trustees Determination Letter, and the objections contained therein, should be stricken, or alternatively, the Trustee should describe his position in detail including all relevant facts, legal theories, and authorities. Upon the filing of such a statement, this matter will be a contested proceeding under Rule 9014 and the Roth Family will file a response.

Dated:  New York, New York
       January 14, 2011

                                          */s/ Brian J. Neville*
                                          LAX & NEVILLE, LLP
                                          Brian J. Neville (BN 8251)
                                          Barry R. Lax (BL 1302)
                                          1412 Broadway, Suite 1407
                                          New York, NY 10018
                                          Tel: (212) 696-1999
                                          Fax: (212) 566-4531
                                          *Attorneys for Shelly Roth, Ira Roth,*
                                          *Alexander Roth, Evan Roth, Jordan Roth*