Jaspan Schlesinger LLP
300 Garden City Plaza
Garden City, New York 11530
(516) 746-8000
Steven R. Schlesinger, Esq.

*Attorneys for Patricia Samuels and Amy Joel*
*as remaindermen under the Article 3rd Trust*
*of the L/W/T of Martin J. Joel, Jr.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SECURITIES INVESTOR PROTECTION
CORPORATION,

                        Plaintiff-Applicant,                    Adv. Pro. No. 08-01789 (BRL)

            v.                                                  SIPA Liquidation

BERNARD L. MADOFF INVESTMENT                                    (Substantively Consolidated)
SECURITIES LLC,

                        Defendant.
-----------------------------------------------------------X

IN RE:

BERNARD L. MADOFF,

                        Debtor.
-----------------------------------------------------------X

### OBJECTION OF PATRICIA SAMUELS AND AMY JOEL AS REMAINDERMEN UNDER THE ARTICLE 3RD TRUST OF THE L/W/T OF MARTIN J. JOEL, JR. TO NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

Patricia Samuels and Amy Joel as remaindermen under the Article 3rd Trust of the

L/W/T of Martin J. Joel, Jr. (the "Claimants") by and through their counsel, Jaspan Schlesinger

LLP, hereby raise and file this Objection to the Notice of Trustee's Determination of Claim,

dated December 17, 2010, and respectfully show and allege as follows:

1

1.      Claimants are the remaindermen of the Article 3rd Trust created under the L/W/T of Martin J. Joel, Jr. (the "Article 3rd Trust"), which held an account at Bernard L. Madoff Investment Securities LLC ("BLMIS") under Account Number A0137.

2.      On or about December 11, 2008, Bernard L. Madoff ("Madoff") was arrested by the FBI and charged with securities fraud.  Madoff allegedly confessed that BLMIS was a "Ponzi scheme" as he had been paying returns to certain investors out of the principal he received from other investors.

3.      On or about December 11, 2008, the SEC filed a civil complaint with the United States District Court for the Southern District of New York charging Madoff with securities fraud on the basis that Madoff had been conducting a Ponzi scheme for years through the investment adviser services of BLMIS.  Thereafter, on or about December 15, 2008, the United States District Court for the Southern District of New York (Stanton, J.) entered an order granting the application of the Securities Investor Protection Corporation ("SIPC") seeking a declaration that the customers of BLMIS are in need of protection under SIPA, and appointed Irving H. Picard, Esq. as Trustee (the "Trustee").

4.      On December 23, 2008, this Court entered an order which governs, in part, the determination of "customer claims" of victims of Madoff and BLMIS (the "Claims Procedure Order") [Docket # 12].

5.      Prior to the bar date of July 2, 2009, Claimants mailed certified mail – return receipt a Customer Claim form (the "Customer Claim Form") with respect to the account opened in the name of the Article 3rd Trust.  A copy of the Customer Claim Form is annexed hereto as Exhibit "A".  The Customer Claim Form reflected an aggregate stated balance of $1,088,222.34. This claim was subsequently assigned Claim No. 008921.

HY/D738625v1/M053602/C0143600

6.      On or about December 17, 2010, the Trustee issued the Notice of Trustee's Determination of Claim, dated December 17, 2010 (the "Determination of Claim"), with respect to Claimants' Customer Claim Form.  A copy of the Determination of Claim is annexed hereto as Exhibit "B".  As reflected in the Determination of Claim, the Trustee denied Claimants' claim for a credit balance of $1,088,222.34 on the ground that "[they] did not have an account with BLMIS.  Because [they] did not have an account, [they are] not a customer of BLMIS under SIPA as that term is defined at 15 U.S.C. § 78*lll*(2)."  See Exhibit B.

7.      The Determination of Claim should be overturned and Claimants should be allowed a claim for the maximum amount under SIPA with the balance as a claim against the estate and any remaining proceedings, totaling $1,088,222.34 as stated on the Customer Claim Form as Claimants were and are "customers" of BLMIS under the meaning of the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq*. ("SIPA").

## A.      THE ARTICLE 3RD TRUST

8.      The Article 3rd Trust was created pursuant to the Last Will and Testament of Martin J. Joel, Jr., dated July 9, 2002 (the "Joel Will").  A copy of the Joel Will is annexed hereto as Exhibit "C".  Mr. Joel passed away in May, 2003.

9.      Pursuant to the terms of the Joel Will, Claimants are the remaindermen of the Article 3rd Trust and therefore have an interest in Account Number A0137, which was opened for the Article 3rd Trust, upon information and belief, by Madoff, the then-trustee of the trust. As remaindermen of the Article 3rd Trust, they are customers of BLMIS.

10.      Following Madoff's arrest in 2008 and his subsequent resignation as trustee of the Article 3rd Trust, Mrs. Sylvia Ann Joel (widow of Mr. Joel and *only* the income beneficiary of the trust) filed a Customer Claim Form with respect to the Article 3rd Trust.  A copy of Mrs.

HY/D738625v1/M053602/C0143600

Joel's Customer Claim Form is annexed hereto as Exhibit "D" (without the exhibits referred to therein).    Nowhere in Mrs. Joel's Customer Claim are the interests of the remaindermen mentioned or even referred to,  see Exhibit D, although the Joel Will specifically provides that Claimants are the remaindermen and therefore are entitled to the principal of the Article 3rd Trust on Mrs. Joel's death.

11.    To date, it does not appear that the Trustee has rendered a Notice of Determination of Claim with respect to Mrs. Joel's Customer Claim Form, nor has Mrs. Joel filed any objections with respect to any determinations made by the Trustee on the Article 3rd Trust.[1]

12.    Claimants are the remaindermen of the Article 3rd Trust and hold title to the principal of the assets remaining in the Article 3rd Trust, including Account No. A0137. Accordingly, and to protect their rights in this liquidation proceeding, Claimants filed their Customer Claim Form.

13.    Moreover, following the filing of both Mrs. Joel's Customer Claim Form and the Claimants' Customer Claim Form, the parties have supplied numerous documents to counsel for the Trustee to substantiate their claims.    All of these documents would indicate that Claimants are the remaindermen of the Article 3rd Trust, that Claimants have beneficial interests in the principal of the Article 3rd Trust, and further contradict the Trustee's determination that Claimants are not "customers" of BLMIS.

## B.    CLAIMANTS' OBJECTION TO THE DETERMINATION OF CLAIM

14.    Claimants hereby object to the Determination of Claim for the reasons set forth below.  Claimants are entitled to recover from the estate of BLMIS as they were, contrary to the

---

[1]    There was a second trust created in the Joel Will, the Article 4th Trust, for which the Trustee rendered a determination of claim and an objection was subsequently filed by Mrs. Joel.  See Docket # 2335.

4

Trustee's determination, one of the thousands of customers defrauded by Madoff. Claimants should be allowed a claim for the maximum amount under SIPC ($500,000.00) with the balance as a claim against the estate and any remaining proceeds for a total of $1,088,222.34.

15.    The Trustee has failed to render a determination and to satisfy Claimants' Customer Claim for Account Number A0137 in accordance with the books and records of BLMIS and has further failed to give any weight to the documents in his possession regarding this account as mandated by the Claims Procedure Order. Additionally, the Trustee's chosen interpretation of the definition of the term "customer" under SIPA is too narrow and is also contrary to the purposes behind the enactment of this legislation.

16.    The Trustee has failed to meet his burden in objecting to the Customer Claim Form. A proof of claim filed by a creditor is <u>prima facie</u> evidence of the amount and validity of the claim. <u>See</u> Fed. R. Bankr. P. 3001. The Trustee bears the burden of proof in challenging the amount and validity of Claimants' Customer Claim. <u>See In re Oneida Ltd.</u>, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); <u>In re 37-02 Plaza LLC</u>, 387 B.R. 413, 417 (Bankr. E.D.N.Y. 2008) ("The party objecting to a properly filed claim has the burden of introducing sufficient evidence to overcome that claim's prima facie validity."). Claimants filed the Customer Claim Form as remaindermen of the Article 3rd Trust, which was invested with BLMIS. <u>See</u> Exhibit A. In order to meet his burden in overcoming the <u>prima facie</u> validity of the Customer Claim Form, the Trustee had to present evidence that Claimants are not customers of BLMIS. Stating that Claimants are not customers because they did not have a direct account with BLMIS is insufficient. The Trustee has completely ignored the numerous documents submitted to the Trustee concerning the Article 3rd Trust, the remainder interests of Claimants and the legitimacy of Mr. Joel's accounts that were exclusively traded by him prior to his death in 2003.

5

17.    Moreover, the legislative intent behind enacting SIPA was to "restore investor confidence in the capital markets, and upgrade the financial responsibility requirements for registered brokers and dealers." Sec. Investor Prot. Corp. v. Barbour, 421 U.S. 412, 415 (1975). "Congress' primary purpose in enacting the SIPA and creating the SIPC was . . . the protection of investors." Id. at 421; see In re First State Sec. Corp., 34 B.R. 492, 496 (Bankr. S.D. Fla. 1983) ("SIPA is remedial legislation. As such it should be construed liberally to effect its purpose.  The purpose is the protection of the insolvent brokers' customers."); see also Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC, 401 B.R. 629, 633-34 (Bankr. S.D.N.Y. 2009) (noting that Congress' primary purpose behind enacting SIPA was to protect investors from financial losses arising from insolvency of brokers and to reestablish investor confidence).

18.    The Trustee's narrow definition of the term "customer" (i.e. that a customer is only someone with a *direct* account) is not only incorrect, but also only serves to punish victims of Madoff and BLMIS and does not comport with the purposes behind SIPA.  The Trustee's definition is further preposterous when applied to Claimants and Account No. A0137 as all of the documents make it clear that Claimants are the remaindermen of the Article 3rd Trust and therefore they have an interest its assets, including Account No. A0137.

19.    The Customer Claim Form establishes that Claimants are entitled to protection under SIPA as a "customer" and nothing that the Trustee has offered in opposition refutes that fact.

> Whether a claimant "deposited cash with the debtor," however, does not . . . depend simply on to whom the claimant handed her cash or made her check payable, or even where the funds were initially deposited. Instead, the question is whether there was "actual receipt, acquisition or possession of the property of a claimant by the brokerage firm under liquidation."

6

In re Old Naples Sec., Inc., 223 F.3d 1296, 1302 (11th Cir. 2000).  The books and records of BLMIS, the numerous other documents submitted to the Trustee in connection with the Article 3rd Trust and the Customer Claim Form establish that Claimants are the remaindermen of the Article 3rd Trust and are, therefore, customers of BLMIS.

20.     The Determination of Claim must therefore be reversed and Claimants should be entitled to receive the full amount of their claim ($1,088,222.34) as stated on their Customer Claim Form, plus interest.

## **CONCLUSION**

21.     For the foregoing reasons, Claimants request that their Customer Claim be allowed in its entirety in the amount of $1,088,222.34, together with such other and further relief as this Court deems just and proper.

22.     Claimants reserve the right to revise, supplement, or amend this Objection, and any failure to object on a particular ground or grounds shall not be construed as a waiver of their right to object.

7

**WHEREFORE**, Patricia Samuels and Amy Joel as remaindermen under the Article 3rd Trust of the L/W/T of Martin J. Joel, Jr., request that their Customer Claim be allowed in its entirety in the amount of $1,088,222.34, together with such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
      January 17, 2011

JASPAN SCHLESINGER LLP
*Attorneys for Patricia Samuels and Amy Joel as remaindermen under the Article 3rd Trust of the L/W/T of Martin J. Joel, Jr.*

By:   /s/ Steven R. Schlesinger
     STEVEN R. SCHLESINGER
     300 Garden City Plaza
     Garden City, New York 11530
     (516) 746-8000

TO:   Clerk of the United States Bankruptcy Court (via ECF)
     for the Southern District of New York
     One Bowling Green
     New York, New York 10004

     Irving H. Picard, Trustee
     c/o Baker & Hostetler LLP
     45 Rockefeller Plaza
     New York, New York 10111

     Ona T. Wang, Esq.
     Naima Garvin, Esq.
     Baker & Hostetler LLP
     45 Rockefeller Plaza
     New York, New York 10111

HY/D738625v1/M053602/C0143600