# SNOW BECKER KRAUSS P.C.

JACK BECKER
MARK S. BORTEN
KENNETH E. CITRON
EDWARD M. CUDDY, III
MICHAEL H. DU BOFF
DAVID B. FELDMAN
DAVID R. FISHKIN
PAUL GOTTLIEB
RONALD S. HERZOG
ERIC HONICK
MARK A. KANIAN
HARVEY KRAUSS
PAUL C. KURLAND

ATTORNEYS AT LAW

605 THIRD AVENUE

NEW YORK, N.Y. 10158-0125

(212) 687-3860

TELECOPIER
(212) 949-7052

MARC J. LUXEMBURG
BRAD S. MAISTROW
RALPH K. SMITH
MICHAEL WEXELBAUM

FRANCIS V. IMBORNONE
(1987-2002)
HAROLD L. LUXEMBURG
(1987-1990)

JAMES N. BLAIR
HOWARD KARABIK
RICHARD REICHLER
CHARLES SNOW
LEONARD W. WAGMAN
COUNSEL

January 8, 2009

**Certified Mail - Return Receipt Requested**
Irving H. Picard, Esq.
Trustee for Bernard L. Madoff Investment Securities, LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

Re:  a) Trust u/art 3rd L/W/T Martin J. Joel, Jr.
     b) Trust u/art 4th L/W/T Martin J. Joel, Jr.
     SIPC Claims
     Our File No.: 10048-002

Dear Sir:

We are the attorneys for Mrs. Sylvia Ann Joel, the current Trustee and lifetime beneficiary of both of the above captioned Testamentary Trusts which were created under Mrs. Joel's husband Martin J. Joel, Jr.'s Last Will & Testament. Bernard L. Madoff resigned his Co-Trusteeship in both such Trusts on December 18, 2008. A photocopy of such resignation document is enclosed herewith. As a result Mrs. Joel is currently acting as the sole Trustee of both Trusts, pending a designation by her of a qualified Co-Trustee.

Accompanying this covering letter are two (2) SIPC Claim Forms, one for each of the above captioned Testamentary Trusts.

Martin J. Joel, Jr. ("Martin") died on 5/6/03 a resident of Westchester County, NY. His Will, a photocopy of which is submitted herewith, was admitted to Probate in the Westchester County, NY Surrogate Court in 2003 (Probate file # 1750/2003).

Pursuant to the terms of Martin's will a "Credit Shelter" Trust was established under Article 3rd and a "Marital Deduction" ("QTIP") Trust was established under Article 4th thereof.

Enclosed is a photocopy of the United States Estate Tax Return (Form 706) filed on behalf of Martin's Estate. At the time of his death, Martin was approximately 76 years old and for several years prior to his demise he was employed as a trader at Bernard L. Madoff Investments Securities LLC ("BMIS") and was engaged in investment

**SNOW BECKER KRAUSS P.C.**

Irving H. Picard, Esq.
January 8, 2009
Page 2

activities at BMIS and other brokerage firms and investment entities for his own personal accounts. As set forth in Schedule B of the 706 Return, at the time of his death, Martin owned 36 listed securities in his individual name in an individual investment A/C at Cohmed Securities in NYC. As set forth in Schedule F of the 706 Return and the Rider thereto, Martin owned a 99% equity interest in an investment Partnership d/b/a "Martin J. Joel Partnership." His wife, Sylvia, owned the remaining 1% equity interest in such Partnership. The net value of Martin's 99% equity interest in such Partnership, as set forth in the Rider to Schedule F of the 706 Return amounted to $18,593,772. Said total value was comprised of 3 separate accounts in the name of the Partnership which were maintained at BMIS, as follows:

1. Account #J0029-30 (a margin account) having a net value after margin debt of approximately $22,614,685;
2. Account #J0029-70 (a "short" account) having a negative "buy-in" value of ($5,898,682); and
3. Account #J0029-80 (a "short" account) having a net cash credit balance of $18,781,579

Substantially all of Martin's securities (as reflected in Schedule B) and the securities positions held in the aforesaid BMIS accounts (as reflected in Schedule F) were liquidated by the Estate during the calendar year 2003. Prior to 12/31/04 the Estate paid a portion of the legal and other administrative expenses of the Estate together with the funeral expenses and a portion of Martin's debts as reflected in Schedules F and K of the 706 Return.

Effective 1/2/04 the Trust created under Article 3rd ("Credit Shelter" Trust) was funded with cash and securities from the Estate account at BMIS having a value of $820,000, which was the net amount allowable under the then existing tax laws for the amount of the funding of such Trust. Through the date of this letter, the Article 3rd Trust has, per the terms of Martin's Will, paid to Mrs. Joel the net amount of the annual interest and dividends received in average amounts of approx $40,000 per year. The annual amounts thereof are reported on Mrs. Joel's individual U.S. and New York State income tax returns. The Article 3rd Trust paid approximately $120,000 in capital gains taxes during the calendar year 2005 through 2007.

Effective 1/2/04, the Trust under Article 4th (the Martial Deduction "QTIP" Trust) was funded in cash and securities from the Estate account at BMIS with a total value of $14,956,370.

Pursuant to the terms of Martin's Will, Mrs. Joel was entitled to annual distributions calculated in the greater amount of (a) 5% of the January 1st annual value of the Article 4th Trust in each calendar year, or (b) the annual amount derived from interest and dividends during each calendar year. Since the value of such Trust's principal in

**SNOW BECKER KRAUSS P.C.**

Irving H. Picard, Esq.
January 8, 2009
Page 3

each calendar year since 2004 was far in excess of the amount of dividends and interests received, Mrs. Joel received annual distributions predicated upon 5% of the January 1st value of the Trust's principal in each calendar year. In addition, with the consent of Bernard L. Madoff, the then acting Co-Trustee, during the calendar years 2004 through 2008, the Trust paid or reimbursed to Mrs. Joel for her annual gifts to the family members of Martin's daughters, annual college tuition amounts disbursed for payments for Martin's grandchildren, and capital improvements to her Florida condominium apartment. In addition, in 2004 the Article 4th Trust loaned Martin's daughters, Patricia Samuels and Amy Joel Berger, the remaindermen of both Trusts, the aggregate sum of $1,744,00 to pay their 2003 income taxes, which emanated from realized capital gain income in their respective individual investment accounts at BMIS.

Substantially all of the distributions made to Mrs. Joel since 2004 were effected by the transfer of funds from the Article 4th Trust Account #J0057-3 at BMIS to Mrs. Joel's personal investment account #T0033-3 at BMIS.

Mrs. Joel reported on her annual U.S. and New York State individual income tax returns all of the annual net income derived from the interest and dividends received from both the Article 3rd and Article 4th Trusts. The Article 4th Trust paid annual income taxes attributable to the substantial capital gains realized in each calendar year since 2004 in the following amounts:

<u>For the Year 2004 (paid in 2005)</u>
    Federal    $373,816
    NY State    $92,052

<u>For the Year 2005 (paid in 2006)</u>
    Federal    $403,480
    NY State    $96,120

<u>Year 2006 estimated taxes (paid in 2005)</u>
    Federal    $217,271
    NY State    $42,672

<u>For the Year 2006 (paid in 2007)</u>
    Federal    $108,422
    NY State    $11,800

<u>For the Year 2007 estimated taxes (paid in 2007)</u>
    Federal    $400,000
    NY State    $75,000

SNOW BECKER KRAUSS P.C.

Irving H. Picard, Esq.
January 8, 2009
Page 4

<u>For the Year 2007 balance (paid in 2008)</u>
  Federal    $161,684
  NY State    $35,321

  The payment of all such fiduciary income taxes for the calendar years 2004 through 2008 were made by checks drawn to the order of this law firm's escrow account, followed by checks drawn on this law firm's escrow account payable to the order of the United States Treasury (IRS) and the NY State Department of Finance for the taxes payable since 2004 as set forth above. Photocopies of samples of previously paid 2007 checks drawn on this law firm's escrow account are enclosed.

  At the request of the remaindermen of the Article 4th Trust, Mrs. Patricia Samuels and Mrs. Amy Joel Burger, Martin's daughters, an informal Accounting was prepared by the undersigned and my associate, Ashley Kirkham, Esq., which sets forth all of the income received and distributions, etc. made for the period 1/2/04 through 9/30/08 in the Article 4th Trust's Account # J0057-3 at BMIS. A photocopy of such Accounting is enclosed herein.

  It was determined as a result of such informal Accounting, that Mrs. Sylvia Joel had inadvertently overdrawn approximately $2 Million for her annual distribution entitlements from the Article 4th Trust's account. On September 9, 2008, Mrs. Joel repaid the full amount thereof to the Article 4th Trust Account #J0057-3 from her individual investment account #J0033-3 at BMIS. A separate SIPC claim form will be sent to your office with respect to Mrs. Joel's individual A/C#J0033 at BMIS within the next 10 days.

  Enclosed please find two separate SIPC claim forms, one for the Article 3rd Trust U/L/W/T of Martin J. Joel and the other for the Article 4th Trust U/L/W/T of Martin J. Joel, as follows:

(A) <u>As to the Article 3rd ("Credit Shelter") Trust</u>

  The cash and securities in this Trust at BMIS were held in two (2) separate A/C's as follows:

1. A/C#A0137-3 (the "long" A/C). Per 11/30/08 the BMIS statement for this A/C (photocopy enclosed), this Trust owned various listed securities, Fidelity, Spartan, U.S. Treasury Money Market Funds and U.S. Treasury bills having a aggregate value of $1,012,031.34.

2. A/C #A0137-4 (the "short" AC). As at the 11/30/08 BMIS statement for this A/C (photocopy enclosed), the Trust had a credit cash balance of

SNOW BECKER KRAUSS P.C.

Irving H. Picard, Esq.
January 8, 2009
Page 5

$125,121.00 a debit total "buy-in" value of $48,930 for, a net cash credit balance of $76,191.

A SIPC claim form reflecting such 11/30/08 value is enclosed herewith.

(B)     As to the Article 4th (Marital Deduction ("QTIP") Trust
The cash and securities in this Trust at BMIS were held in two (2) separate A/C's as follows:

1. A/C#J0057-3 (the "long" A/C). Per the 11/30/08 BMIS statement for this A/C (photocopy enclosed) this Trust owns various listed securities, Fidelity, Spartan, U.S. Treasury Money Market Funds and U.S. Treasury bills having an aggregate value of $12,840,861.38 subject to a margin debit balance of $1,414,186.30 for a net value of $11,426,675.08 as at 11/30/08.
2. A/C #J0057-4 (the "short" A/C). Per the 11/30/08 BMIS statement for this A/C (photocopy enclosed) this Trust had a cash credit balance of $1,414,187, less a total debit "buy-in" value of $633,760, for a net credit cash balance of $780,407 as at 11/30/08.

A SIPC claim form that reflects such 11/30/08 values is enclosed herewith.

Enclosed is a photocopy of a debit notice dtd 12/11/08 which was mailed to the undersigned indicating that a check was issued from the Article 4th Trust A/C J0057-3 in the amount of $12,643,640.48. There is no information in the notice as to the "payee" of such "check" nor does the Trustee or undersigned have any information as to whether the BMIS check cleared or in all probability was cancelled.

In the event that you require other information or documentation to process the enclosed SIPC claim forms filed on behalf of both Trusts, please contact either the undersigned at 212-455-0369, or my partner, Eric Honick, Esq. at 212-455-0440 or by mail.

Very truly yours,

Harvey Krauss

HK:tw
cc:     Mrs. Sylvia Joel
        Howard Samuels, Esq.
        Eric Honick, Esq.

CUSTOMER CLAIM

Claim Number_____

Date Received_____

BERNARD L. MADOFF INVESTMENT SECURITIES LLC    COPY

In Liquidation

DECEMBER 11, 2008

(Please print or type)

Name of Customer: Sylvia Ann Joel, as Trustee under Article 3rd L/W/T
Martin J. Joel, Jr., Dec'd
Mailing Address: c/o Snow Becker Krauss P.C. - 605 Third Avenue
City: New York              State: NY          Zip: 10158
Account No.: A/C#A0137-3 and A0137-4
Taxpayer I.D. Number (Social Security No.): _____

NOTE: BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY THE ACCOMPANYING INSTRUCTION SHEET. A SEPARATE CLAIM FORM SHOULD BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL PROTECTION AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE RECEIVED BY THE TRUSTEE ON OR BEFORE March 4, 2009. CLAIMS RECEIVED AFTER THAT DATE, BUT ON OR BEFORE July 2, 2009, WILL BE SUBJECT TO DELAYED PROCESSING AND TO BEING SATISFIED ON TERMS LESS FAVORABLE TO THE CLAIMANT. PLEASE SEND YOUR CLAIM FORM BY CERTIFIED MAIL- RETURN RECEIPT REQUESTED.

*************************************************************************************

1. Claim for money balances as of December 11, 2008:

    a.  The Broker owes me a Credit (Cr.) Balance of            $76,191*

    b.  I owe the Broker a Debit (Dr.) Balance of               $_____

    c.  If you wish to repay the Debit Balance,
        please insert the amount you wish to repay and
        attach a check payable to "Irving H. Picard, Esq.,
        Trustee for Bernard L. Madoff Investment Securities LLC."
        If you wish to make a payment, **it must be enclosed**
        with this claim form.                                   $ -0-

    d.  If balance is zero, insert "None."                      76,191*

*See attached covering letter from the law firm of Snow Becker Krauss P.C. with respect to this item in the Trusts A/C#A0137-4.

1

2.  Claim for securities as of **December 11, 2008**:

**PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.**

|     |     | YES | NO |
|-----|-----|-----|-----|
| a. | The Broker owes me securities | X | |
| b. | I owe the Broker securities | X | |
| c. | If yes to either, please list below: | X | |

| Date of Transaction (trade date) | Name of Security | Number of Shares or Face Amount of Bonds | |
|---|---|---|---|
| | | The Broker Owes Me (Long) | I Owe the Broker (Short) |
| _____ | See attached covering letter from the | _____ | _____ |
| _____ | law firm of Snow Becker Krauss P.C. | _____ | _____ |
| _____ | which by way of exhibits reflects the long | _____ | _____ |
| _____ | and short positions in the Trust's A/C's # | _____ | _____ |
| _____ | A0137-3 & A0137-4 at BMIS | _____ | _____ |

**Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclose, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation. You should also provide all documentation or information regarding any withdrawals you have ever made or payments received from the Debtor.**

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement. If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.

**PLEASE CHECK THE APPROPRIATE ANSWER FOR ITEMS 3 THROUGH 9.**

2

NOTE: IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION ON A SIGNED ATTACHMENT. IF SUFFICIENT DETAILS ARE NOT PROVIDED, THIS CLAIM FORM WILL BE RETURNED FOR YOUR COMPLETION.

|  |  | YES | NO |
|---|---|---|---|
| 3. | Has there been any change in your account since December 11, 2008? If so, please explain. |  | X |
| 4. | Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of the broker? |  | X |
| 5. | Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or policies of the broker? |  | X |
| 6. | Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in any way with the broker? If so, give name(s). |  | X |
| 7. | Is this claim being filed by or on behalf of a broker or dealer or a bank? If so, provide documentation with respect to each public customer on whose behalf you are claiming. |  | X |
| 8. | Have you ever given any discretionary authority to any person to execute securities transactions with or through the broker on your behalf? Give names, addresses and phone numbers.* | X |  |
| 9. | Have you or any member of your family ever filed a claim under the Securities Investor Protection Act of 1970? if so, give name of that broker. |  | X |

Please list the full name and address of anyone assisting you in the preparation of this claim form: Harvey Krauss & Eric Honick of the law firm of Snow Becker Krauss P.C. – 605 Third Avenue, New York, NY 10158

*Bernard L. Madoff was a Co-Trustee of this Trust until the date of his resignation on December 18, 2008.

3

If you cannot compute the amount of your claim, you may file an estimated claim. In that case, please indicate your claim is an estimated claim.

**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM. CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.**

**THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY INFORMATION AND BELIEF.**

Date: _January 8, 2009_  Signature _Sylvia Ann Joel_, Trustee

Date: _____  Signature_____

(If ownership of the account is shared, all must sign above. Give each owner's name, address, phone number, and extent of ownership on a signed separate sheet. If other than a personal account, e.g., corporate, trustee, custodian, etc., also state your capacity and authority. Please supply the trust agreement or other proof of authority.)

**This customer claim form must be completed and mailed promptly, together with supporting documentation, etc. to:**

Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

S:\HK\JOEL\2009\ARTICLE 3RD SIPC CLAIM.doc

4