## LAST WILL AND TESTAMENT

-of-

## MARTIN J. JOEL, JR.

I, MARTIN J. JOEL, JR., currently residing in the County of Westchester, State of New York, in pursuance of a written agreement dated as of the date of execution of this, Will, made by and between my wife, SYLVIA, and me, each to make a Will disposing of his or her entire estate, in the manner set forth herein, and upon the death of the survivor, to dispose of property then owned by each of us in the manner agreed upon by us in the aforesaid agreement, do make, publish and declare this to be my Last Will and Testament, hereby revoking all wills and Codicils heretofore made by me.

FIRST:  (A)  I direct that all my just debts, funeral and testamentary expenses be paid as soon after my death as be practicable

(B)  I declare that I am married and that my wife's name is SYLVIA ANN JOEL and our respective children's names from our prior marriages are my daughters, PATRICIA SAMUELS and AMY JOEL BURGER, and my wife's son, FRANK M. ZUCH, each of whom have attained their majority.

(C)  I hereby acknowledge that I have on this day entered into a legally binding agreement with my wife, SYLVIA, the terms and conditions of which shall govern the dispositions of our respective testamentary estates.

SECOND:  In the absence of a letter of instructions to my Executors to the contrary, I give and bequeath all of my tangible personal property (including, without limitation, all of my jewelry, clothing, books, pictures, personal effects, household furnishings and equipment, automobiles and boats and all certificates of stocks or bonds issued by, or other evidences of membership in any clubs), wheresoever situated, together with all insurance policies upon said tangible personal property, to my wife, SYLVIA, if she shall survive me, or if she shall not

1

survive me, then I give and bequeath the same to my daughters, PATRICIA and AMY, to be divided among them in as nearly equal shares as possible, as they shall agree upon or, if they shall be unable to agree upon such division, in such nearly equal shares as my Executor, other than my said daughters, in the event that one of them shall then be acting as a Co-Executrix of this, my Will, in his sole discretion shall determine, having due regard to the extent feasible for the personal preferences of my said daughters.

THIRD: If my wife, SYLVIA, shall survive me, I give and bequeath to my Trustees hereinafter named, such amount as shall equal the Federal estate tax exemption in effect and available to my estate at the time of my death. My Trustees shall hold the principal of this Trust for the following uses and purposes:

(A) My Trustees shall invest and reinvest the same, collect the income therefrom and pay or apply solely to or for the benefit of my wife, SYLVIA, during her lifetime, the entire net income of this Trust in quarter-annual or more frequent installments

(B) I authorize my Trustee, other than my wife, SYLVIA, to pay to or for the use of my said wife, such portion of the principal of the Trust held for her benefit hereunder, for her health, support and maintenance, in such amounts as such Trustee shall, in his sole and absolute discretion, determine. I direct that such Trustee be liberal in the exercise of the discretionary powers conferred upon him hereunder with respect to the distribution of principal and preference shall be given to the welfare and needs of my wife, SYLVIA, rather than to the conservation of principal for the benefit of the remaindermen hereof.

(C) Upon the death of my said wife, my Trustees shall distribute the then principal of this Trust, as then constituted, to my daughters, PATRICIA and AMY, in equal shares, per stirpes.

FOURTH: All the rest, residue and remainder of my property, both real and personal, of whatsoever kind and nature and wherever situated, of which I shall die seized or possessed, or of which I shall be entitled to dispose at the time of my death, hereinafter sometimes referred to as my "residuary estate", shall be disposed of as follows:

2



(A) If my wife, SYLVIA, shall survive me, I give, devise and bequeath my entire residuary estate to my Trustees hereinafter named for the following uses and purposes:

(1) My Trustees shall pay or apply to or for the benefit of my wife, SYLVIA, the greater of (X) the entire annual net income of this Trust in quarter-annual or more frequent installments, or (Y) on an annualized basis, five (5%) percent of the value of the principal of this Trust, the same to be calculated on the 1st day of each calendar year of the term of this Trust commencing on the 1st day of the calendar year next succeeding the date of my death and continuing consecutively thereafter for the remaining lifetime of my wife, SYLVIA. In the event that, in any such calendar year, the net income of this Trust distributed to or on behalf of my said wife shall be less than five (5%) percent of the value thereof, as aforesaid, my Trustees shall distribute to my said wife from the principal of this Trust, an amount as shall be equal to such differential during the month of January next succeeding such calendar year. Anything to the contrary herein notwithstanding, in the event that my Trustees shall determine that in any calendar year, the income generated in this Trust shall be substantially less than five (5%) percent of the value thereof, my Trustees shall be authorized to make partial distributions of principal to my said wife during such calendar year on account, with the balance thereof paid to my said wife during the month of January in the succeeding calendar year.

(2) My Trustee, other than my wife, SYLVIA, is hereby authorized to pay or apply to or for the benefit of my said wife so much of the principal of this Trust from time to time, as such Trustee shall, in his sole and absolute discretion, determine to be advisable in the event of a medical or financial emergency affecting my said wife.

(3) In the event that a principal residence owned by me at the time of my death shall comprise one of the assets of this Trust, I direct my Trustee, other than my said wife, SYLVIA, to permit my said wife to occupy said residence for as long as she shall desire. My said wife shall, under such circumstances, be responsible for the payment of all taxes, insurance and maintenance expenses associated with such residence. Upon the death of my said wife or her voluntary permanent removal from or sale of such residence, whichever shall first

3



occur, such residence shall be treated like any other asset in this Trust and, if my said wife is alive, then in the sole and absolute discretion of my Trustee, other than my said wife, SYLVIA, I direct such residence be rented, in the event of SYLVIA's permanent removal therefrom and, in the event of a sale thereof, the net proceeds of such sale may either (x), at the request of my said wife, be used to purchase another residence for my said wife, which new residence shall be subject to the provisions, and shall be deemed to be an asset of, this Trust, or (y) be added to the then principal of this Trust, the same to follow the disposition thereof in all respects, as to both income and principal.

(4) In the event that there is any property included in the principal of this Trust which is considered unproductive or non-income-producing for the purposes of determining whether such property qualifies as Qualified Terminable Interest Property under the provisions of Section 2056 of the Internal Revenue Code of 1986 as amended (the "Code"), my Trustee, other than my wife, SYLVIA, may, solely to the extent necessary to preserve the marital deduction with respect to such property, either require that my said wife be permitted to use such property and pay or reasonable rent therefor to this Trust or such Trustee shall make such property income-producing within a reasonable period of time after the funding of this Trust.

(5) I hereby authorize my Executors, in their sole discretion, to elect to treat all or any part of my residuary estate passing under this Trust as Qualified Terminable Interest Property under the provisions of the Code for the purposes of qualifying for the martial deduction allowable in determining the Federal estate tax upon my estate. It is my intention that this Trust shall qualify for the marital deduction to the extent my Executors so elect. Accordingly, (i) I hereby direct that no authorization or direction or other provisions contained in this, my Will, which would prevent this Trust from so qualifying shall apply to this Trust, and (ii) I hereby state that it is my intention that any court having jurisdiction over this, my Will, construe these provisions in accordance with my aforesaid desires and authorizations.

4

(B)    Upon the death of my wife, SYLVIA, or upon my death in the event my said wife shall have predeceased me, I direct my Trustees, or Executors, as the case may be, to distribute the then principal of this Trust as then constituted, or my entire residuary estate, as the case may be, to my daughters, PATRICIA and AMY, in equal shares, per stirpes.

FIFTH:    If upon the occurrence of any contingency, any share of my estate or of any trust established under this, my Will, shall not be completely disposed of by the foregoing provisions of this, my Will, then upon the occurrence of such contingency, I give, devise and bequeath or I direct my Executors or my Trustees, as the case may be, to assign, transfer and pay over such undisposed of share to my then living heirs at law in the amounts and proportions set forth under the laws of the state of New York, then in effect.

SIXTH:    If any person should be under the age of twenty-one (21) years (herein sometimes referred to as a "minor") when he or she shall become entitled to a share of my estate, or of any Trust created hereunder, such share shall vest absolutely in such minor. My Executors or my Trustees, as the case may be, may, in their discretion, retain custody of such share until such individual attains the age of twenty-one (21) years. My Executors or Trustees, as the case may be, shall apply so much of the income or principal for the benefit of such individual as they deem necessary or desirable, regardless of any other source or sources of income not so paid or applied to principal annually. When such individual shall attain the age of twenty-one (21) years, the then principal of such share, together with any accumulated income thereon, shall be paid over to such individual. If such individual shall die before attaining the age of twenty-one (21) years, then, upon his or her death, the then principal of such share, together with any accumulated income thereon, shall be paid over to the legal representatives of his or her estate. In making payments to or on behalf of a minor under any provisions of this, my Will, my Executors and Trustees are empowered to apply the principal and income directly to the use of the minor or to make any payment of principal or income to his or her parent, to his or her guardian appointed in any jurisdiction or to any adult person with whom he or she resides or who has the care or custody of such individual temporarily or permanently. Evidence of any such payment or application or the receipt therefor executed by such parent, guardian, or adult person

5

shall discharge my Executors and Trustees with respect to such payment or application and my Executors and Trustees shall not be responsible for the application of such income or principal by such parent, guardian or adult person. In acting under the provisions of this Article SIXTH, my Executors and Trustees shall have all the powers conferred upon my Executors by the provisions of this, my Will, or by law, and shall not be required to give to any bond or security of any kind.

SEVENTH: I hereby grant to my Executors, with respect to any and all property, whether real or personal, of which I am the owner at the time of my death or which shall at any time constitute a part of my estate, and to my Trustees, with respect to any and all property, whether real or personal, which shall at any time constitute part of any trust created hereunder, the following powers, in addition to those conferred by law.

(A) To retain any such property as an investment without regard to the proportion which such property or property of a similar character, so held, may bear to the entire amount of my estate or of the trust in which such property is held, and whether or not such property is of the class in which fiduciaries are authorized by law or any rule of court to invest estate funds.

(B) To sell any such property at either public or private sale for cash or on credit, to exchange any such property and to grant options for the purchase thereof without any limitation on the period of any such option.

(C) To invest and reinvest in property of any character, real or personal, foreign or domestic, including, without limitation, stock options, index options, short sales of any type of security, margin trading, bonds, notes, debentures, mortgages, common and preferred stocks, shares of interests in investment trusts, without regard to the proportion which such property or property of a similar character, so held, may bear to the entire amount of my

6



estate or of the trust in which such property is held, whether or not such property is of the class in which fiduciaries are authorized by law or any rule of court to invest estate funds.

(D) To satisfy any general legacy or any part thereof, including any distribution to themselves as Trustees of any trust under this Will, by delivering property in kind and in the division or distribution of property in kind, and for any such purpose to determine, to the extent permissible by law the value of any such property.

(E) T continue any business in which I may be interested at the time of my death as a stockholder, partner or otherwise, or to discontinue, liquidate or sell the same or my interest therein, in accordance with any applicable agreement or agreements to which I may be a party, or upon such terms and shall deem advisable.

(F) . To do all such acts, take all such proceedings and exercise all such rights and privileges, although not hereinbefore specifically mentioned, with respect to any such property, as if the absolute owner thereof and in connection therewith to make, execute and deliver any instruments and to enter into any covenants or agreements binding my estate or any trust under this, my Will.

(G) To borrow in the name of my estate or of any trust hereby created such sums for such periods and upon such terms as they shall deem necessary or convenient in the administration of my estate or of such trust and to secure any such loan by mortgage or pledge. No lender shall be bound to see to or be liable for the application of the proceeds, and no Executor or Trustee shall be personally liable, but each such loan shall be payable only out of assets of my estate or of such trust. Any such loan may be made by my Executors or my Trustees at the prevailing rate of interest

7



I further grant to my Executors and Trustees with to any restricted stock, or so-called "tax-sheltered" investments which may form a part of my estate or any trust created hereunder, all rights, powers and discretions which I might personally exercise, if living.

All rights, powers and discretions granted to my Executors and Trustees shall vest in and be exercisable by any successor or successors. Except as otherwise expressly provided, such powers and discretions may be exercised by any Executor or beneficiary or Trustee, even though he may hold an interest in the same property in his own right or in some other capacity, and even though he may be acting as an officer or director of any company, the stock of which forms part of my estate or any trust fund hereunder.

EIGHTH: If any beneficiary or beneficiaries under this Will and I, or any other person upon whose death such beneficiaries would become entitled to receive property hereunder, should die in a common accident or disaster, or under such circumstances that it is doubtful who died first, then all the provisions of this Will shall take effect as if each beneficiary or beneficiaries had in fact predeceased me or such other person, as the case may be.

NINTH: All estate, inheritance, legacy, succession and transfer taxes or duties, including interest and penalties thereon, if any, imposed by any jurisdiction whatsoever by reason of my death, upon or in relation to any property includible in my estate for the purposes of any such taxes or duties, whether or such property passes under this, my Will, and whether or not such taxes would otherwise be payable by, or chargeable to, any recipient of any such property, shall be paid by my Executors out of the amount allocated to the Trust created for the benefit of my wife, SYLVIA, under Article THIRD of this, my Will, or if my wife shall have predeceased me, then from my residuary estate. Anything to the contrary herein notwithstanding, in the event that my wife, SYLVIA, shall survive me, the estate taxes imposed upon the then value of the Trust created for the benefit of my wife, SYLVIA, under Article FOURTH of this, my Will, upon her death, shall be bourne by and paid from the then principal of such Trust.

8

TENTH:   (A)   I appoint my wife, SYLVIA, and my friend, and investment advisor, BERNARD L. MADOFF, as Executors of this, my Will. In the event that BERNARD L. MADOFF shall for any reason fail to qualify, I appoint my his brother, PETER MADOFF, as Successor Executor in his place and stead. I appoint my wife, SYLVIA, and, BERNARD L. MADOFF, as Trustees under this, my Will In the event that either of them shall for any reason fail to qualify, or cease to act a Trustee hereunder, PETER MADOFF as Successor Trustee, or if he shall, for any reason, fail to qualify then I hereby authorize the then acting Trustee to designate a Successor Trustee to serve in his place and stead.

(B)   Except as otherwise expressly provided, the words "Executors" and "Trustees" and "Executor" and "Trustee" and the pronouns referring thereto, shall be deemed to refer to to the Executor or Executors and Trustee or Trustees in office from time to time.

(C)   I hereby direct that no bond or other security shall be required in any jurisdiction of any Executor of this, my Will, or of any Administrator c.t.a. or of any Trustee, or their Successors, to secure the faithful performance of his or her duties as such, nor shall they file annual or periodic accounts unless they shall elect to do so.

(D)   In the absence of fraud or gross negligence, I hereby exonerate all of the fiduciaries appointed by me under this, my Will, with respect to all actions, including investment activities, undertaken by them in the course of the administration of my estate and all Trusts created hereunder.

ELEVENTH:  (A)   Whenever the principal, or any part thereof, of my estate or trust hereby created shall be invested in bonds, notes or other interest bearing securities bought or received at a premium, the beneficiary for life thereof shall receive the full net income, and no part of the income shall be taken from either beneficiary for life for the amortization of such premium.

9

(B) It shall be the duty of the several persons to whom the Trustees are directed to make payments hereunder to notify the Trustees of the happening of any event, by reason of which such persons or any of them may become entitled to receive any such payment, and to furnish proof to the satisfaction of the Trustees of the happening of such event; and any payment made in good faith by the Trustees contrary to the provisions hereof, if made prior to receiving such notice and such satisfactory proof, shall be deemed to have been proper payment by the Trustees, and the Trustees shall be credited accordingly.

(C) The term "issue" as used herein shall be deemed to mean lawful, lineal descendants, and shall include persons who are adopted.

(D) Except as provided in Paragraph (B) above, no person dealing with my Executors and Trustees shall be bound to see to the application or disposition of cash or other property transferred to the Trustees or to inquire into the authority for or propriety of any action by my Executors and the Trustees.

TWELFTH: If it becomes necessary to have ancillary administration of my estate in any jurisdiction where my representative such individual or corporation as my Executors shall designate, in writing. I direct that any balance of my property remaining after such ancillary administration be delivered, to the extent permitted by law, to my Executors for disposition in accordance with the terms of this Will. I direct that all of the powers, privileges and immunities granted to my Executors hereunder shall also apply to any such ancillary legal representative. I further direct that such ancillary legal representative shall not be required to give any bond or other security for the faithful performance of his or its duties, or if any bond is required, neither he nor it shall be required to give any surety thereon. I direct that the fee of any ancillary legal representative shall be subject to the written approval of my Executors and that such ancillary legal representative, as a condition of serving, shall agree in writing before serving to subject his or its fee to the approval of my Executors regardless of any statutory or fee permitted in jurisdiction in which such ancillary legal representative functions.

10

THIRTEENTH:   (A)   The neuter gender hereunder shall be deemed to include the masculine and feminine wherever necessary or appropriate, the masculine to include the feminine, and the singular to include the plural and vice versa.

(B)   Except where the context otherwise requires, each reference in this instrument to my Will shall extend to and include any Codicil hereto.

(C)   All the provisions of this Will shall remain effective notwithstanding the fact that one or more of my issue may hereafter be born

IN WITNESS WHEREOF, I have hereunto set my hand and seal this _____ day of _____, 2002.

_____
MARTIN J. JOEL, JR.

Signed, sealed, published and declared by the above-named Testator, MARTIN J. JOEL, JR., as and for his Last Will and Testament, in the presence of us who, at his request, in his presence and in the presence of each other, have hereunto subscribed our names as attesting witnesses the day and year above written.

_____   Address   35 Sutton Place
HARVEY KRAUSS                          NY NY 10022

_____   Address   1 East Mill Drive
TERESA WALTERS                         Great Neck, NY 11021

_____   Address   154 Van Buren Street
Vanessa Parker                         Brooklyn, NY 11221

11

STATE OF NEW YORK   )
                    ss.:
COUNTY OF NEW YORK  )

Each of the undersigned, individually and severally being duly sworn, deposes and says:

The within Will (hereinafter sometimes referred to as "Testamentary Instrument" or "Instrument") was subscribed in our presence and sight at the end thereof by MARTIN J. JOEL, JR. (hereinafter called the "Signer"), on the 9th day of July, 2002 at 605 Third Ave, N.Y., NY.

Said Signer at the time of making such subscription declared the Instrument so subscribed to be the Signer's Will.

Each of the undersigned thereupon signed his or her name as a witness at the end of said Testamentary Instrument, at the request of said Signer, and in the Signer's presence and sight, and in the presence and sight of each other.

Said Signer was, at the time of so executing said Testamentary Instrument, over the age of 18 years and, in the respective opinions of the undersigned, of sound mind, memory and understanding and not under any restraint or in any respect incompetent to make a Will.

The Signer, in the respective opinions of the undersigned, could read, write and converse in the English language and was suffering from no defect of sight, hearing or speech, or from any other physical or mental impairment which would affect the Signer's capacity to make a valid Will. The Testamentary Instrument was executed as a single, original instrument and was not executed in counterparts.

Each of the undersigned was acquainted with said Signer at such time and makes this affidavit at the Signer's request.

The within Testamentary Instrument was shown to the undersigned at the time this affidavit was made, and was examined by each of them as to the signature of said Signer and of the undersigned.

The foregoing Testamentary Instrument was executed by MARTIN J. JOEL, JR., the Signer, and witnessed by each of the undersigned affiants under the supervision of __HARVEY KRAUSS__, ESQ., an attorney-at-law.

_____
_____
_____

Severally sworn to before me
this 9th day of July, 2002

_____
Notary Public

MARK BORTEN
Notary Public, State Of New York
No. 304846885
Qualified In Nassau County
Commission Expires August 31, 20 05

S:\HK\WILLS\MARTIN J. JOEL-02.WPD

12