Therese M. Doherty, Esq.
Laura S. Perlov, Esq.
Herrick, Feinstein LLP
2 Park Avenue
New York, New York 10016
Tel: (212) 592-1400
Email: tdoherty@herrick.com
     lperlov@herrick.com
*Attorneys for Magnify Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------- X

SECURITIES INVESTOR PROTECTION
CORPORATION,

                 Plaintiff-Applicant,

              v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

                 Defendant.

Adv. Pro. No. 08-01789 (BRL)

SIPA Liquidation

(Substantively Consolidated)

--------------------------------------------------------- X

In re:

BERNARD L. MADOFF

                 Debtor,

--------------------------------------------------------- X

## CLAIMANT'S OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM

Claimant Magnify Inc. ("Magnify"), by its attorneys Herrick, Feinstein LLP, hereby submits its objection to the Trustee's denial of its customer Claim Number 7382, relating to the losses in its BLMIS Account No. 1FN025, which losses have rendered Claimant totally insolvent. The bases for Claimant's objection is the Trustee's failure to account for all principal deposits in Claimant's account. Claimant objects also on the grounds that the Trustee's

application of the net-equity rule was erroneous, and Claimant's claim should be resolved based on the amount listed as the ending balance on its final pre-Ponzi scheme statement from BLMIS, and not on any cash in/cash out calculation. Finally, Claimant objects because the Trustee has failed to prove when the Ponzi scheme began and failed to establish that all of the earnings in Claimant's account was in fact fictitious.

First, the Trustee's accounting of Claimant's BLMIS account is erroneous because it fails to account for all principal deposits into the account. The Trustee has failed to support his determination (a) to not credit Magnify's 1FN025 account with any transfers from other accounts, and (b) that Magnify's 1FN025 account was never funded. Further, Claimant disputes the Trustee's accounting of the withdrawals from its account. Upon information and belief, at least some of the withdrawals listed in the Trustee's determination may be erroneous.[1]

Second, the burden is on the Trustee to establish when the Ponzi scheme began. However, the Trustee has failed to establish -- and submitted no evidence showing -- when the Ponzi scheme began. In his plea allocution, Madoff stated, "To the best of my recollection, my fraud began in the early 1990s." Plea Allocution of Bernard L. Madoff, 2:11-12. Any transfers into, and profits earned in, Claimant's account at all times before Madoff began running a Ponzi scheme belong to Claimant, should be so recognized, and shall not be discredited or discounted by the Trustee.

---

[1] Claimant requested the Trustee to produce all documents to support the calculations made by the Trustee in Table 1 of the determination. The Trustee should be compelled to produce the records on which he has based the table of deposits and withdrawals in his determination. The Trustee's attorneys represented that all relevant documents would be produced to Claimant. The Trustee's attorney, however, then failed and refused to produce any supporting documentation. The Trustee's failure precludes Claimant from being able properly to assess the Trustee's determination. Claimant, therefore, reserves its right to amend, supplement or otherwise modify this objection. In any event, while these errors may ultimately be relevant to calculating Claimant's entitlement to an ultimate distribution from funds recovered by the Trustee, they should not affect Claimant's SIPC recovery, which should be the maximum $500,000. Claimant raises the issue to preserve its regard for all future purposes.

Third, the determination of the actual date of conversion from a legitimate operation to a Ponzi scheme will require a full, separate evidentiary hearing and accompanying briefing, during which the Trustee will bear the burden of proving the date of the onset of the Ponzi scheme, and therefore any right on his part to discount the pre-scheme earnings of long-standing BLMIS customers as fictitious profits instead of legitimate principal. The Trustee, who has sole access to BLMIS's documents, must provide Claimant with access to examine all relevant documents. Claimant has not received any relevant documents. Claimant reserves the right to amend this objection after receipt and review of all relevant documents.

Fourth, the Trustee's Table 1 of the determination lists withdrawals for withholding tax dividends during the years of 1990 through 1995 in the amount of $85,321.50. These taxes must have been in connection with various securities held in Claimant's account. The withholding of these taxes belies the Trustee's assertion that "no securities were ever purchased by BLMIS for [Claimant's] account."

Finally, Claimant joins with the other claimants who have objected to the Trustee's application of the net equity method of determining claims. Claimant is entitled to have its claim determined solely on the basis of the balance listed on its last statement from BLMIS prior to the conversion to a Ponzi scheme. In support of its objection, Claimant submits herewith as Exhibit A its December 31, 1992 BLMIS portfolio evaluation, which shows a closing balance of $222,089,196.13. That closing balance, less the Trustee's adjusted withdrawals of $4,745,821.50 (or even the unadjusted withdrawals of $80,279,295.05) results in a net balance that is more than enough to require payment of the maximum $500,000 in SIPC coverage to which Claimant is entitled. Claimant is entitled to an allowed claim of $500,000 in the BLMIS liquidation proceeding.

Dated: New York, New York
January 19, 2011

                                            HERRICK, FEINSTEIN LLP

By: /s/ Therese M. Doherty
Therese M. Doherty
Laura S. Perlov
2 Park Avenue
New York, New York 10016
Telephone: 212-592-1400
tdoherty@herrick.com
lperlov@herrick.com
*Attorneys for Magnify Inc.*