BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, New York  10111
Telephone:    (212) 589-4200
Facsimile:    (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com

*Attorneys for Irving H. Picard, Esq., Trustee
for the Substantively Consolidated SIPA Liquidation
of Bernard L. Madoff Investment Securities LLC
and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (BRL) [1] |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**TRUSTEE'S OBJECTION AND RESPONSE TO LAWRENCE R. VELVEL'S
STATEMENT OF ISSUES AND DESIGNATION OF RECORD ON APPEAL**

Irving H. Picard, as trustee (hereinafter the "Trustee") for the substantively consolidated

---

[1] The Trustee is filing the present Objection to Dean Velvel's Letter in the main case (08-01789) as opposed to Dean Velvel's adversary proceeding (Adv. Pro. No. 10-05412) because Dean Velvel filed his motion under the docket of the main case, despite listing the adversary proceeding caption on his Letter. Letter, ECF No. 3684 (Jan. 14, 2011). The Trustee has omitted any reference to the Dean Velvel's adversary proceeding in the caption, as the Trustee's present Objection is filed in the main case.

300140339.1

liquidation of the business of Bernard L. Madoff Investment Securities LLC (hereinafter "BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq*. (hereinafter "SIPA"),[2] and Bernard L. Madoff (hereinafter "Madoff"), by and through his undersigned counsel, submits this Objection to the Statement of Issues and Designation of Record on Appeal of Lawrence R. Velvel (hereinafter "Dean Velvel" or "Velvel") pursuant to Federal Rule of Bankruptcy Procedure 8006 (hereinafter "Bankruptcy Rule"), dated January 14, 2011, ECF No. 3684, (hereinafter the "Letter"), and in support thereof, respectfully represents as follows:

1. By his Letter, Dean Velvel now seeks to propose a statement of issues and designation of record on appeal. The instant request, however, is either untimely or premature. Dean Velvel is wasting valuable time and resources of the Court in requesting to make a designation because there is no actual appeal pending. On January 7, 2011, by way of letter to the Court, Dean Velvel indicated that he is "withdrawing his Motion for Leave to File an Interlocutory Appeal (Document No. 3264), without prejudice to refiling it or a petition for mandamus in the future." Velvel Letter, ECF No. 3647 (Jan. 7, 2011). Velvel, however, has also filed a Notice of Appeal, ECF No. 3545 (Dec. 20, 2010) *and* a Motion for Approval to file a late Notice of Appeal, ECF No. 3544 (Dec. 20, 2010). Dean Velvel's designation is either untimely because he filed it past the fourteen days required under Bankruptcy Rule 8006 or, in the alternative, premature because the Court has yet to decide the issue of whether Velvel has a valid notice of appeal pending.

### A. Velvel's Designation is Untimely

2. Bankruptcy Rule 8006 requires an appellant to file and serve upon the appellee a designation of items that are to be included in the record on appeal along with a statement of

---

[2] For convenience, subsequent references to SIPA shall omit "15 U.S.C."

300140339.1                                                    - 2 -

issues to be presented on the appeal. The filing and service of said designation must occur within fourteen days "*after filing the notice of appeal*." Fed. R. Bankr. P. 8006. Even though the Avoidance Procedures Order is interlocutory, Dean Velvel has withdrawn his Motion for Leave to File an Interlocutory Appeal.[3] It appears that Velvel would rather treat the Avoidance Procedures Order as a final appealable order. In that case, not only is the Notice of Appeal untimely, *see* Trustee's Objection, ECF No. 3602 (Dec. 29, 2010), but Velvel's designation is *also* past the required fourteen days. *See* Fed. R. Bankr. P. 8006. Dean Velvel filed a Notice of Appeal on December 20, 2010. ECF. No. 3545 (Dec. 20, 2010). Bankruptcy Rule 8006, however, requires that an appellant file the statement of issues and designation of record within fourteen days of the filing of the notice of appeal. Dean Velvel is again approximately two weeks late in complying with the Bankruptcy Rules. An appellant's failure to timely file a record and designation on appeal is governed by the "excusable neglect" standard of Bankruptcy Rule 9006(b)(1). *In re Harris*, 464 F.3d 263, 270 (2d Cir. 2006). Dean Velvel will undoubtedly use a mistake of law excuse, as he has previously argued:

> Also, Velvel acted in good faith, *under the mistaken impression* that, as is customary in federal courts, he had thirty days, not fourteen days, to file a notice of appeal to an appellate court from a decision of a lower tribunal – and here the District Court is acting as an appellate court.

Motion to Approve, ECF No. 3544, pgs. 3-4 (Dec. 20, 2010) (emphasis added). Where a party is consistently tardy throughout a proceeding, however, the court has a reasonable basis for dismissing an appeal. *First Nat'l Bank v. Markoff*, 70 B.R. 264, 265 (S.D.N.Y. 1987) (holding that "consistent pattern of dilatoriness throughout a proceeding" and inadequate excuse justifies dismissal). Moreover, ignorance of the law will not amount to excusable neglect. *Pioneer Inv.*

---

[3] Despite the fact that Velvel withdrew his motion, he has indicated to the Court in a recently filed Revised Notice of Agenda that the Motion for Leave to file an Interlocutory Appeal is still an issue for the January 25, 2011 hearing. ECF No. 3774, ¶ 3 (Jan. 19, 2011).

*Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 392 (1993) (holding that "inadvertence, ignorance of the rules, or *mistakes construing the rules* do not usually constitute 'excusable' neglect'").

### B.     Velvel's Designation is Premature and Improper

3.     To the extent Dean Velvel has a validly pending motion for leave to file an interlocutory appeal (even though Velvel voluntarily withdrew this motion), the Trustee submits that Dean Velvel's request is premature. Bankruptcy Rule 8006 requires an appellant to file the designation of items within fourteen days "after filing the notice of appeal" or after the "entry of an order granting leave to appeal . . . *whichever is later*." Dean Velvel sought leave to file an interlocutory notice of appeal pursuant to Bankruptcy Rule 8001(b) with relation to the Avoidance Procedures Order. His attempt to designate a record on appeal is premature because the motion has yet to be decided and order has not been entered. Cases have indicated that the operative date for the purposes of Bankruptcy Rule 8006 designations is delayed until the date of the court's order granting leave. *Wolff v. Rock*, 2010 WL 3805919, at *2 (N.D. Ill. Sep. 24, 2010) (citing *Fritzsch v. Abdullah*, 2008 WL 2783421, at * 1 (N.D.N.Y. July 16, 2008)). The Court, however, will arguably never enter an order authorizing Velvel to file an interlocutory appeal because the motion was voluntarily withdrawn.

4.     Velvel may also argue that he currently has a motion to file a late notice of appeal. By way of background, Dean Velvel has moved this Court to request permission to file a late notice of appeal on the basis that he was under the "mistaken belief" that the time to file a notice of appeal was thirty days, and not fourteen days from the day the order is entered. Motion to Approve, ECF No. 3544, pgs. 3-4 (Dec. 20, 2010). For the reasons set forth above, Velvel's designation is still premature.

## CONCLUSION

For the foregoing reasons, Dean Velvel's request for designation should be denied. Velvel's Statement of Issues and Designation of Record on Appeal is either untimely or premature.

Date:   New York, New York
        January 21, 2011                    /s/ Marc Hirschfield
                                            Baker & Hostetler LLP
                                            45 Rockefeller Plaza
                                            New York, New York 10111
                                            Telephone: (212) 589-4200
                                            Facsimile: (212) 589-4201
                                            David J. Sheehan
                                            Email: dsheehan@bakerlaw.com
                                            Marc E. Hirschfield
                                            Email: mhirschfield@bakerlaw.com
                                            Marc Skapof
                                            Email: mskapof@bakerlaw.com
                                            Amy Vanderwal
                                            Email: avanderwal@bakerlaw.com
                                            *Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*