**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                      Plaintiff,<br><br>              v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                      Defendant.<br>In re:<br><br>BERNARD L. MADOFF,<br><br>                      Debtor. | No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |

## ORDER DENYING MOTIONS OF LAWRENCE R. VELVEL

This matter came before the Court on January 25, 2011 on the motions of Lawrence R. Velvel ("Velvel") seeking: (1) Partial Stay of the Court's November 10, 2010 Avoidance Procedures Order, ECF No. 3236 (Nov. 22, 2010); (2) Leave to File an Interlocutory Appeal from the November 10, 2010 Avoidance Procedures Order, ECF No. 3264 (Dec. 1, 2010); and (3) Judicial Approval to File a Notice of Appeal and Leave to File a Late Notice of Appeal, ECF No. 3544 (Dec. 20, 2010). (collectively, the "Motions"), and the subsequent objections (the "Objections") to the Motions by Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.*, and as trustee for the estate of Bernard L. Madoff ("Madoff"), and the Court having jurisdiction to consider the Motions in accordance with § 78eee(b)(4) of the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"), and the Protective Decree, entered on December 15, 2008 by the United States

District Court for the Southern District of New York in Case No. 08 CV 10791, and 28 U.S.C. §§ 157 and 1334; and upon a hearing and the proceedings before the Court and after due deliberation; and for the reasons set forth on the record by the Court at the January 25, 2011 hearing, it is hereby:

**ORDERED**, that the relief requested in the Motions is denied in its entirety; and it is further

**ORDERED**, that the Trustee's Objections are sustained in their entirety; and it is further

**ORDERED**, that this Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: New York, New York
       January 31, 2011

                                            /s/Burton R. Lifland
                                            HONORABLE BURTON R. LIFLAND
                                            UNITED STATES BANKRUPTCY JUDGE