KLEINBERG, KAPLAN, WOLFF & COHEN, P.C.      **Hearing Date:  Not Set**
551 Fifth Avenue, 18th Floor
New York, New York 10176
(212) 968-6000
David Parker
Matthew J. Gold
Jason Otto

Counsel for Lawrence Elins

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

| | | |
|---|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | : | Adv. Pro. No. 08-01789 (BRL) |
| | : | |
| Plaintiff, | : | SIPA Liquidation |
| | : | |
| v. | : | (Substantively Consolidated) |
| | : | |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | : | |
| | : | |
| Defendant. | : | |
| | : | |
| In re: | : | |
| | : | |
| BERNARD L. MADOFF, | : | |
| | : | |
| Debtor. | : | |

------------------------------------------------------------x

**OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM 70206**

Lawrence Elins, a creditor and party in interest in this case, hereby submits this objection

to the Notice of Trustee's Determination of Claim dated December 1, 2010 (the

"Determination") regarding Claim Number 70206 (the "Elins IRA Claim"), and respectfully

represents:

## I.  The Elins Claim

1.      Elins is a victim of Bernard Madoff and an interested party in this case.  Elins filed a proof of claim with the Trustee regarding Lawrence Elins IRA, account #1E0172, a copy of which is attached as Exhibit A (with personal information redacted and exhibits omitted). Elins is a "customer," as defined by the Securities Investor Protection Act of 1970 ("SIPA"), of Bernard L. Madoff Investment Securities, LLC ("BLMIS").

2.      The final BMLIS statement for Account Number 1E0172, dated November 30, 2008, states that the Elins IRA owns securities valued at $5,246,996.52. ("Final Statement").

## II.  Objection to the Elins Claim

3.      By Notice of Trustee's Determination of Claim, dated December 1, 2010, Irving Picard, the SIPA trustee ("Picard"), notified Elins that the Elins IRA Claim, denominated as Claim Number 70206, was denied.  A copy of the Determination is attached as Exhibit B (with tables omitted).

## III.  The Elins Claim Should Be Allowed

4.      The primary justification stated in the Determination for the denial of the Elins IRA Claim -- that "No securities were ever purchased for your account," Denial at 1 -- is fundamentally inconsistent with the positions taken by Picard in this case.  Over two thousand claims have been allowed by Picard, yet his public position is that no securities were ever purchased for *anyone's* account.  The alleged non-purchase of securities cannot support the denial of only the Elins IRA claim.

5.      The secondary justification stated in the Determination for the denial of the Elins IRA Claim -- that "the amount of money you withdrew from the Accounts at BLMIS ... is greater than the amount that was deposited with BLMIS," Denial at 2, is based on an incorrect interpretation of SIPA.  This issue is currently before the Court of Appeals for the Second

2

Circuit, and Elins is one of the appellants in that case, having preserved his objection to Picard's position before this Court. Elins incorporates by reference the following: (i) Objection of Lawrence Elins and Malibu Trading and Investing, L.P., to Trustee's Motion for an Order Regarding Definition of "Net Equity" Under the Securities Investor Protection Act, dated November 13, 2009; (ii) Brief for Appellants Lawrence Elins and Malibu Trading and Investing, L.P., dated August 9, 2010, In re Bernard L. Madoff Securities LLC, case no. 10-2378 (2d. Cir.); (iii) Reply Brief for Appellants Lawrence Elins and Malibu Trading and Investing, L.P., dated October 12, 2010, In re Bernard L. Madoff Securities LLC, case no. 10-2378 (2d. Cir.). In any event no determination should be made until the Court of Appeals rules.

6.      Furthermore, the Court's order scheduling briefing on the interpretation of net equity under SIPA expressly left open all issues regarding claim amounts other than a limited set of issues. Among the issues left open was the contention of the Securities and Exchange Commission that net equity should include components not included in Picard's "cash in/cash out" methodology, including interest. It is premature to disallow the Elins IRA Claim until such issues have been determined.

7.      Elins reserves the right to supplement and/or amend this Objection or to seek discovery should the Court decide that the claim is ripe for determination.

MGOLD\175907.4 - 1/31/11

**WHEREFORE**, Elins respectfully requests that the Court defer determination of the

Elins IRA Claim until the Court of Appeals renders a decision or allow the Elins IRA Claim in

the amount of the Final Statement, and grant such other and further relief as is just and proper.

Dated: January 31, 2011

**KLEINBERG, KAPLAN, WOLF & COHEN, P.C.**


By:   /s/ Matthew J. Gold
      David Parker
      Matthew J. Gold
      Jason Otto
      551 Fifth Avenue
      New York, New York 10176
      Tel. No.: (212) 986-6000
      Fax No.: (212) 986-8866

      Counsel for Lawrence Elins