**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
dsheehan@bakerlaw.com
Marc E. Hirschfield
mhirschfield@bakerlaw.com
Judith A. Selby
jselby@bakerlaw.com

*Attorneys for Irving H. Picard, Esq.,*
*Trustee for the Substantively*
*Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities*
*LLC and Bernard L. Madoff*

Hearing Date: March 16, 2011 at 10:00 a.m.

Objection Deadline: March 2, 2011 at 10:00 a.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | |

## NOTICE OF TRUSTEE'S MOTION FOR
## ENTRY OF LITIGATION PROTECTIVE ORDER

**PLEASE TAKE NOTICE** that upon the annexed motion (the "Motion"), Irving H.

Picard, Esq. (the "Trustee"), trustee for the substantively consolidated liquidation proceeding of

Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa et seq., and the estate of Bernard L. Madoff ("Madoff," and together with BLMIS, each a "Debtor" and collectively, the "Debtors"), will move for entry of a Litigation Protective Order (as defined in the Motion) on **March 16, 2011 at 10:00 a.m.**, or as soon thereafter as counsel may be heard, before the Honorable Burton R. Lifland at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004.

PLEASE TAKE FURTHER NOTICE that, any response or objection to the Motion must be filed with the Bankruptcy Court (with a courtesy copy delivered to the Chambers of the Honorable Burton R. Lifland, One Bowling Green, New York, New York 10004) and served upon David Sheehan, Esq., and Judith A. Selby, Esq 45 Rockefeller Plaza, New York, New York 10111, on or before **March 2, 2011 at 5:00 p.m.**

Dated: New York, New York
       February 1, 2011

BAKER & HOSTETLER LLP

By: /s/ *David J. Sheehan*
    David J. Sheehan
    Marc E. Hirschfield
    Judith A. Selby

45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Esq., Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
dsheehan@bakerlaw.com
Marc E. Hirschfield
mhirschfield@bakerlaw.com
Judith A. Selby
jselby@bakerlaw.com

*Attorneys for Irving H. Picard, Esq.,
Trustee for the Substantively
Consolidated SIPA Liquidation of
Bernard L. Madoff Investment Securities
LLC and Bernard L. Madoff*

Hearing Date: March 16, 2011 at 10:00 a.m.

Objection Deadline: March 2, 2011 at 10:00 a.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant.<br><br>In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |

### TRUSTEE'S MOTION FOR ENTRY OF LITIGATION PROTECTIVE ORDER

Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard

L. Madoff Investment Securities LLC ("BLMIS"), under the Securities Investor Protection Act,

15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"), and the substantively consolidated estate of Bernard L. Madoff ("Madoff" and together with BLMIS, the "Debtors"), by and through his undersigned counsel, pursuant to, *inter alia*, section 105(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), Rule 26 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable to these proceedings by Rule 7026 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby moves (the "Motion") for entry of an Order (the "Litigation Protective Order") governing the use of materials, produced by any party in the lawsuits initiated by the Trustee, which have been or are deemed to comprise or contain Confidential Material, as defined in the proposed Litigation Protective Order. In support of the Motion, the Trustee respectfully states as follows:

## BACKGROUND

1.      On December 11, 2008, Madoff was arrested by federal agents for violation of the criminal securities laws, including securities fraud, investment adviser fraud, and mail and wire fraud. Contemporaneously, the Securities and Exchange Commission ("SEC") filed a complaint in the United States District Court for the Southern District of New York (the "District Court"), commencing the District Court Proceeding against Madoff and BLMIS. The District Court Proceeding remains pending in the District Court. The SEC complaint alleged that Madoff and BLMIS engaged in fraud through the investment advisor activities of BLMIS.

2.      On December 12, 2008, the Honorable Louis L. Stanton of the District Court entered an order appointing Lee S. Richards, Esq., as receiver for the assets of BLMIS (the "Receiver").

3.      On December 15, 2008, pursuant to SIPA section 78eee(a)(4)(A), the SEC consented to combining its own action with an application of the Securities Investor Protection

Corporation ("SIPC"). Thereafter, pursuant to SIPA section 78eee(a)(4)(B), SIPC filed an application in the District Court alleging, *inter alia*, that BLMIS was not able to meet its obligations to securities customers as they came due and, accordingly, its customers needed the protections afforded by SIPA.

4. Also on December 15, 2008, Judge Stanton granted the SIPC application and entered an order pursuant to SIPA (the "Protective Decree"), which, in pertinent part:

   a. appointed the Trustee for the liquidation of the business of BLMIS pursuant to SIPA section 78eee(b)(3);

   b. appointed Baker & Hostetler LLP as counsel to the Trustee pursuant to SIPA section 78eee(b)(3); and

   c. removed the case to the Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") pursuant to SIPA section 78eee(b)(4).

By this Protective Decree, the Receiver was removed as receiver for BLMIS.

5. By orders dated December 23, 2008, and February 4, 2009, respectively, the Bankruptcy Court approved the Trustee's bond and found that the Trustee was a disinterested person. Accordingly, the Trustee is duly qualified to serve and act on behalf of the BLMIS estate.

## RELIEF SOUGHT

6. On or before December 11, 2010, the Trustee commenced over one thousand litigations against over four thousand (4,000) defendants located in over thirty (30) countries. As the complaints commencing these adversary proceedings demonstrate, the Trustee's investigation has revealed a complex global web of inter-relationships among, *inter alia*, BLMIS account holders, various payees and/or parties that received the benefits of certain transfers or otherwise contributed to the perpetuation of the Ponzi scheme, and certain parties that produced information (collectively the "Producing Parties").

7. Having now commenced this large scale litigation, the Trustee is seeking an order governing the treatment of and procedures related to the production and use of confidential material in the litigations (hereinafter the "Litigation Protective Order" and attached hereto as Exhibit B), in order to facilitate the exchange of discovery and the use of produced materials without overly burdening the Court and the parties with disputes over confidentiality.

8. The current protective order, entered by this Court on February 16, 2010 (hereinafter, the "Protective Order" and attached hereto as Exhibit C), predates the vast majority of the adversary proceedings initiated by the Trustee and is not well-suited for this litigation phase. The Protect Order would impede the flow of discovery between and among the parties and restrict the parties' ability to utilize produced documents in the litigations. For example, every document in the Trustee's productions, from any source, must be marked "Confidential." If implemented during the litigation process, this requirement would create unnecessarily cumbersome burdens on the Court, the Trustee and the all other parties when producing and utilizing such documents, including requiring that all pleadings citing such documents be filed under seal. Further, all deposition testimony automatically is deemed Confidential, likewise restricting the parties' ability to make use of such testimony in the litigations. Some of the requirements of the Protective Order limit the ability of the Trustee to investigate and pursue claims against potential subsequent transferees because certain account holders from whom the Trustee would need consent to share information are now deceased or cannot be located.

9. In broad terms, the Litigation Protective Order seeks to facilitate discovery and litigation, and ease the burden of the litigation on the Court and the parties, while also protecting information that may be deemed confidential. In substance, the proposed Litigation Protective Order will provide as follows:

    a.    The definition of the term "CONFIDENTIAL" will have the meanings ascribed to it pursuant to the Federal Rules of Civil Procedure, Federal Rule of Bankruptcy Procedure 9037 and any other applicable federal and state statutes and regulations that protect data privacy (collectively, the "Confidentiality Guidelines"), provided however, that information may be deemed "CONFIDENTIAL" by further order of the Court.

    b.    Any attorney seeking to designate any testimony given during a deposition may so designate such testimony as CONFIDENTIAL either on the record or within ten (10) days after receiving the transcript of the deposition.

    c.    Producing Parties may make a late designation of a document as CONFIDENTIAL; provided, however, that the Court may, in its discretion, find that a party has waived its right to make such late designation if such party failed to diligently assert the designation.

    d.    Subject to CONFIDENTIAL designations, the Trustee may use productions made by one defendant or Producing Party in any litigation.

## BASIS FOR RELIEF REQUESTED

10.    The Bankruptcy Court has authority to approve the Litigation Protective Order. 11 U.S.C. §105(a). Bankruptcy Code section 105(a) provides in relevant part that the "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

> Section 105 specifically codifies what are traditionally called 'inherent powers' to give the Bankruptcy Courts the necessary ability to manage the cases on their docket. It is imperative that courts have the necessary authority to manage the arguments and conduct of parties to ensure judicial efficiency and to do justice. These powers are "necessary to the exercise of all others."

Johnson v. McDow (In re Johnson), 236 B.R. 510, 521 (D.D.C. 1999); see also In re Walker, 195 B.R. 187, 208 (Bankr. D.N.H. 1996) (noting inherent power of courts to "manage litigation pending before" them).

11.    Per Federal Rule 26(c)(1)(d) and (g), made applicable by Bankruptcy Rule 7026, the Court may "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters…and (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."

12.     The Trustee submits that the Litigation Protective Order will facilitate litigation and discovery, while protecting legitimate privacy concerns of parties whose information is contained within the estate's documents or otherwise produced materials.

## **NOTICE**

13.     Notice of this Motion has been provided by U.S. Mail, postage prepaid, or email to (i) all parties that have filed a notice of appearance in this case; (ii) SIPC; (iii) the SEC; (iv) the Internal Revenue Service; and (v) the United States Attorney for the Southern District of New York.  Notice of this Motion has also been provided to all parties with which the Trustee has entered into a confidentiality agreement.  The Trustee submits that no other or further notice need be given.

**WHEREFORE**, the Trustee respectfully requests that the Court (a) enter the Order substantially in the form attached hereto as Exhibit A, granting the relief requested herein; and (b) grant such other and further relief to the Trustee as the Court deems proper.

Dated: New York, New York
February 1, 2011

BAKER & HOSTETLER LLP

By: /s/ *David J. Sheehan*
　　　David J. Sheehan
　　　Marc E. Hirschfield
　　　Judith A. Selby

45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Esq., Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*