**EXHIBIT B**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>   Plaintiff-Applicant,<br><br>   v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>   Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated)<br><br>**LITIGATION<br>PROTECTIVE ORDER** |
| In re:<br><br>BERNARD L. MADOFF,<br><br>   Debtor. | |

   **IT HEREBY IS ORDERED THAT,** this Litigation Protective Order shall govern the disclosure of confidential information in this action and related adversary proceedings (the "Action"):

**DEFINITIONS:**

   1. This Litigation Protective Order (hereinafter, the "Order") shall govern only those materials produced in this Action which have been or are deemed to comprise or contain **CONFIDENTIAL MATERIAL**, as defined below, whether furnished by a party or third party regardless of whether produced voluntarily or pursuant to a formal discovery request.

   2. Such material produced in this Action may only be designated as **CONFIDENTIAL** if: (a) in the good faith judgment of the party designating the material as **CONFIDENTIAL** such material contains trade secret or other confidential research, development, or commercial information; personal identifying information; or other information

the disclosure of which would breach a legal or contractual obligation or (b) otherwise is subject

to protection under section 107(b) or (c) of the United States Bankruptcy Code, Bankruptcy

Rules 9018 and 9037, and/or other applicable law.

3.       **CONFIDENTIAL MATERIAL** may include any type or classification of

information which is so designated by the producing party in accordance with the provisions of

this Order, or is otherwise deemed **CONFIDENTIAL MATERIAL** hereby, whether it be a

document, information contained in a document, information revealed during a deposition or

Bankruptcy Rule 2004 examination, information revealed in an interrogatory answer or any

Documents (as defined by Local Bankruptcy Rule 7026-1) or portions of any of them, to the

extent that they reveal information designated by the party producing such information as

**CONFIDENTIAL** under the terms of this Order.

4.       The following will not be considered **CONFIDENTIAL MATERIAL:**    (a)

documents or other material available to the public through means other than production by the

producing party; (b) documents or other material known to, or independently developed by, the

receiving party; (c) documents or other material received by the receiving party without

restriction from a third party; (d) documents or other material required to be produced to the

receiving party by a court of competent jurisdiction (to the extent such court permits); and (e)

names of BLMIS customers and subsequent transferees, BLMIS account numbers, amounts of

withdrawals, redemptions, or transfers from and between BLMIS accounts, and transfers from

BLMIS customers to subsequent transferees.

## DESIGNATIONS OF CONFIDENTIAL MATERIAL:

5.       All designations of **CONFIDENTIAL MATERIAL** shall be made in good faith

and not for the purpose of delaying or obstructing the ability of any other party to investigate the

facts of this controversy or prepare for litigation.  Excessive, overly broad and unreasonable

designations of **CONFIDENTIAL MATERIAL** may be considered by the Court as equivalent

to a motion for a protective order and subject to sanctions, including attorneys' fees.

6.    Counsel for the parties may designate portions of the transcript of a deposition or

examination conducted pursuant to Bankruptcy Rule 2004 as **CONFIDENTIAL MATERIAL**

on the record during the deposition or examination, or may make additional designations within

ten (10) days after the mailing or delivery of a copy of the transcript of the testimony by the

court reporter to counsel who requested a copy of the transcript.  Within the ten-day period

following such mailing or delivery of the transcript, any party present at the deposition may, by

written notice served on the Trustee and other interested parties, designate all or any portion of

the testimony as **CONFIDENTIAL MATERIAL**.  The right to make such designation shall be

waived unless made before the end of the ten-day period.  Upon being informed that certain

portions of a transcript are designated as **CONFIDENTIAL MATERIAL**, each party must

cause each copy in their custody, possession, or control to be so marked immediately.  All

designations of testimony as **CONFIDENTIAL MATERIAL** must conform to the standards of

paragraph 2 above, defining **CONFIDENTIAL MATERIAL,** and are also subject to the

limitations of paragraph 5, requiring, among other things, that designations be made in good

faith.

7.    In the event that a producing party inadvertently fails to designate

**CONFIDENTIAL MATERIAL** as **CONFIDENTIAL** or incorrectly so designates

**CONFIDENTIAL MATERIAL**, that party may make a late designation or change the

designation by so notifying in writing all parties to whom the **CONFIDENTIAL MATERIAL**

has been disclosed.  A party must serve such written notification at least thirty (30) days before

the close of discovery in a particular adversary proceeding.  In such event, the receiving parties

shall take reasonable steps to ensure that the **CONFIDENTIAL MATERIAL** is thereafter

treated in accordance with the designation.  Late designation in and of itself shall not be deemed

a per se waiver of the confidential status of the late-designated **CONFIDENTIAL**

**MATERIAL.**  However, if a producing party has not adequately preserved the confidentiality of

its documents or testimony, the Court may find that a waiver has occurred.  No person or party

shall incur any liability hereunder with respect to disclosure that occurred prior to the receipt of

written notice of belated designation, _provided_, _however_, that such person or party, upon receipt

of such written notice of belated designation, makes all reasonable efforts to obtain the return of

and/or limit the dissemination of any belatedly-designated **CONFIDENTIAL MATERIAL**.

8.      The party that made the **CONFIDENTIAL MATERIAL** designation may

determine at any time that some or all of the restrictions applicable to said **CONFIDENTIAL**

**MATERIAL** may be reduced or eliminated and will notify the receiving party(ies) of any such

determination as soon as practicable.

9.      If a receiving party claims that **CONFIDENTIAL MATERIAL** should be

disclosed notwithstanding the terms of the Order, or that any of the restrictions on disclosure or

use should be reduced, modified or eliminated or that the designation was improperly applied, it

shall serve a notice requesting re-designation on the producing party.  Failure by the producing

party to object to the notice within five (5) business days will be deemed to be acquiescence to

the request.  If the producing party objects to the re-designation, the receiving party may,

consistent with the Local Bankruptcy Rules of this Court, request an informal conference with

the Court for relief after receiving said written notice of its disagreement.  In the event that the

dispute has not been resolved in the informal conference and a motion is made, the receiving

party may file the **CONFIDENTIAL MATERIAL** in question under seal for the Court's *in camera* inspection.  In connection with any such motion, however, the party that produced the **CONFIDENTIAL MATERIAL** shall have the burden of demonstrating that it is confidential under the terms of this Order and should continue to be protected as designated.

### DISCLOSURES AND USE OF CONFIDENTIAL MATERIAL:

10.    **CONFIDENTIAL MATERIAL** shall not be given, shown, made available or communicated in any way to any person or entity other than the following:

a.    The Court, Court personnel assisting the Court, and stenographers or other persons involved in taking or transcribing testimony in this Action;

b.    The parties, officers and employees of a party with responsibility for the party's participation in an Action, counsel representing the parties, and their litigation assistants, paralegals, secretarial or other clerical personnel and Agents, as defined below;

c.    As used herein, "Agents" include consultants, experts, litigation support services and other people or entities retained by a party or a party's counsel for the purpose of assisting that party or counsel in this Action, and the principals, employees and contractors with which such Agents are associated;

d.    Authors or recipients of the designated **CONFIDENTIAL MATERIAL**;

e.    The Securities Investor Protection Corporation;

f.    A witness at any deposition or Bankruptcy Rule 2004 examination in the Action (including preparation for such deposition or Bankruptcy Rule 2004 examination), and such witness's counsel, provided that before

providing any **CONFIDENTIAL MATERIAL** to any witness pursuant to this sub-paragraph, such witness shall be provided with a copy of this Order, and shall thereafter be bound by this Order; to the extent the witness is covered by any other subsection to this paragraph, the provisions of this subsection shall not apply;

g.   Such other persons or entities as the Court may order, as may be agreed to by the parties, or as necessary to comply with the applicable laws of foreign jurisdictions when the Trustee is litigating claims outside of the United States; and

h.   As provided in Paragraph 12.

11.   Nothing in this Order shall preclude any party from using **CONFIDENTIAL MATERIAL** in court proceedings or chambers conferences in this Action.  If any party believes that any such **CONFIDENTIAL MATERIAL** to be used in court proceedings or chambers conferences requires any kind of protective treatment under the provisions of this Order, it shall apply to the Court for such treatment, and the Court will consider and determine each such request except **CONFIDENTIAL MATERIAL** which has already been sealed, shall continue to be treated as **CONFIDENTIAL** pending motion practice as described in ¶ 9 of this Order.

12.   Nothing in this Order shall prevent the Trustee from disclosing **CONFIDENTIAL MATERIAL** related to any customer's account in connection with:

a.   the determination of claims;

b.   the investigation of account or fund transfers, either directly or through subsequent transfers, between customer accounts to enable the Trustee to make claims determinations or for investigation or litigation;

     c.     litigation related to a BLMIS account where the disclosure of such **CONFIDENTIAL MATERIAL** is made to a beneficiary of a trust or an IRA, a joint account holder, an officer or director of a corporation, a member or manager of a limited liability company, a general or limited partner, an heir, a personal representative, a spouse, a relative within three (3) degrees of sanguinity, or other related direct or subsequent transferees; or

     d.     the provisions of paragraph 16(a), below.

13.     In the event that:

     a.     The Trustee or any other party receives a notice of deposition, interrogatory, request for documents, subpoena (including, without limitation, a Bankruptcy Rule 2004 subpoena), civil investigative demand, or similar request to disclose any of the **CONFIDENTIAL MATERIAL**, and the Trustee or party reasonably believes that it is legally required to disclose any of the **CONFIDENTIAL MATERIAL** to a third party, including a governmental, or other regulatory body or agency or self-regulatory organization; or

     b.     The Trustee receives a request with which he wishes to comply from a regulatory or enforcement authority investigating matters relating directly or indirectly to Bernard L. Madoff Investment Securities LLC and/or Bernard L. Madoff;

notice shall be provided to the producing party, the Trustee (where the Trustee is not making the production), and the customer to whom the **CONFIDENTIAL MATERIAL** relates,

ten (10) business days' notice before providing or producing **CONFIDENTIAL MATERIAL**

pursuant to any such request or requirement, so that any of those parties may seek a protective

order or other appropriate remedy.  In such a case, the parties shall reasonably cooperate in any

action to obtain a protective order or other appropriate remedy or to obtain reliable assurance that

confidential treatment consistent with this Order shall be accorded to any disclosed

**CONFIDENTIAL MATERIAL**.  In the event that any party does not file a motion for a

protective order or other appropriate remedy within ten (10) business days of receiving notice of

a request or requirement as set forth above, or it fails to obtain a protective order or other

appropriate remedy after being given notice of a request or requirement as set forth above, the

party receiving the request or subject to the requirement may comply with the request or

requirement to disclose and produce **CONFIDENTIAL MATERIAL**.  Any party receiving

**CONFIDENTIAL MATERIAL** under this paragraph shall be provided with a copy of this

Order and shall be bound by it.

### INADVERTENT DISCLOSURES:

14.    In the event anyone shall inadvertently disclose **CONFIDENTIAL MATERIAL**

to another party or third party not otherwise permitted to receive such **CONFIDENTIAL**

**MATERIAL**, the party making the inadvertent disclosure shall, upon learning of the disclosure:

   a.    Promptly notify the person or entity to whom the disclosure was made that

         the disclosure contains **CONFIDENTIAL MATERIAL** protected by this

         Order;

   b.    Promptly make all reasonable and necessary efforts to obtain the return of

         and preclude dissemination or use of the **CONFIDENTIAL MATERIAL**

         by the person or entity to whom disclosure was inadvertently made; and

c.   Promptly notify the producing party of the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps that have been taken and will be taken to ensure against further dissemination or use of the **CONFIDENTIAL MATERIAL**.

15.   The inadvertent production or disclosure of any document or other material (the "Inadvertent Production") otherwise protected by the attorney-client privilege, work product protection or a joint defense/common interest privilege shall not constitute or be deemed as a waiver or forfeiture of any such privilege or immunity.  If, after learning of the Inadvertent Production, the producing party wishes to assert its privilege or protection, it shall promptly send to the receiving party a written request for return of the Inadvertent Production.  Notwithstanding the procedures outlined in (a) – (d) below, within five (5) business days of receiving such a request, the receiving party shall return the Inadvertent Production to the producing party, shall destroy all copies that it may have made of the Inadvertent Production, and shall not utilize the information contained in the Inadvertent Production for any purpose.  If the receiving party produced the Inadvertent Production to any other party, person or entity, it shall give notice to such party, person or entity of the Inadvertent Production and such party or person shall be subject to the provisions of this Order.

a.   If the receiving party wishes to contest that the Inadvertent Production is protected by the attorney-client privilege, work product protection or a joint defense/common interest privilege, the receiving party shall so notify the producing party in writing;

b.      Within five (5) business days after receiving such notification, the producing party shall provide to the receiving party, a description of the basis for the claim of privilege or immunity for the Inadvertent Production;

c.      Within ten (10) business days after receiving such description, the receiving party may file under seal a motion to compel production of the Inadvertent Production, the protection of which is still disputed.  If such a motion is filed, the producing party shall have the burden of proving that the Inadvertent Production in dispute is protected by attorney-client privilege, work product immunity or a joint defense/common interest privilege.  Pending the ruling on such motion, the receiving party may not utilize the Inadvertent Production for any purpose;

d.      With respect to documents and other work product subsequently generated by the receiving party, which derivative documents contain information derived from such Inadvertent Production (the "Derivative Documents"), if the receiving party does not notify the producing party that the receiving party disputes the claims of attorney-client privilege or work-product immunity with respect to the Inadvertent Production, the receiving party shall either destroy such Derivative Documents or redact from them all such derivative privilege or work-product information in a manner such that the derivative information cannot in any way be retrieved or reproduced.

**FILING UNDER SEAL:**

16.     If any **CONFIDENTIAL MATERIAL** is filed with the Office of the Clerk of

the Court:

a.     It shall not be disclosed except as provided by this Order and the Order

Establishing Litigation Case Management Procedures for Avoidance

Actions entered on November 10, 2010 ("Litigation Procedures Order").

b.     Except as provided in the Litigation Procedures Order, no

**CONFIDENTIAL MATERIAL** will be filed with the Court unless it is

filed under seal.  In such circumstance, the party desiring to file materials

under seal may move for an order to file under seal or obtain a stipulation

from the producing party to file the material under seal.  Unless otherwise

agreed to by counsel for the parties, to comply with this requirement,

**CONFIDENTIAL MATERIAL** must be filed in sealed containers

labeled with:  (1) the title to this action; (2) the general nature of the

contents; (3) the words **CONFIDENTIAL**; and (4) a statement

substantially in the following form (or such other form or manner as the

Clerk of the Court shall require):

> The contents hereof include confidential information filed in
> this case by [name of party] in accordance with a Litigation
> Protective Order entered in this case on [date]. This envelope
> or container is not to be opened nor are the contents hereof to
> be displayed or revealed except by or at the direction of the
> Court, and shall be returned to [name of filing party] upon
> termination of all proceedings in this case. Counsel for the
> parties may open service copies of this envelope or container
> subject to the provisions of the Protective Order.

c.     The materials so filed shall be impounded until thirty (30) days after the

entry of final decree in Adv. Proc. No. 08-01789, including any applicable

appeal period, at which time the parties shall jointly communicate with the

Clerk's Office about retrieving such materials from the Court.

**MISCELLANEOUS PROVISIONS:**

17.    Regardless of whether a document or other material is designated

**CONFIDENTIAL MATERIAL**, and in addition to the restrictions on use of

**CONFIDENTIAL MATERIAL** contained in this Order, all parties shall comply with all

applicable laws and regulations related to the protection of Social Security numbers, financial

institution account numbers and records, and any other "personally identifiable information," as

defined by applicable laws or regulations.

18.    Any court reporter who transcribes testimony in this Action at a deposition or a

Bankruptcy Rule 2004 examination shall be provided a copy of this Order and shall thereafter

ensure that all **CONFIDENTIAL MATERIAL** is and shall remain confidential and shall not be

disclosed except as provided under this Order and that copies of any transcript, reporter's notes

or any other transcription records of any such testimony shall be retained in absolute

confidentiality and safekeeping by such court reporter or shall be delivered to an attorney of

record or filed with the Court.

19.    Each law firm representing a party shall maintain an undertaking (in substantially

the form attached as Exhibit "1") signed by a representative of said law firm on behalf of the

attorneys at such firm who have received access to **CONFIDENTIAL MATERIAL**.

Additionally, the attorneys for a party shall maintain a file of undertakings signed by an

authorized representative of Agents retained by any party.  Said file shall be made available upon

request for inspection and copying by any attorney of record, except as to non-testifying experts

and consultants, absent good cause shown.  The failure of any person or entity to execute an

undertaking shall not relieve any recipient of **CONFIDENTIAL MATERIAL** from compliance with the provisions of this Order.

20.    This Order shall supersede any and all other agreements previously entered into between the Trustee and any other party regarding the confidentiality or non-disclosure of documents or discovery materials.  Any designations made under those agreements are subject to the requirements and provisions of this Order regarding appropriateness of the designation, restrictions on over-designation and process for removing designations.

21.    This Order supersedes the Protective Order entered by this Court on February 16, 2010, and incorporates the modifications to that Order made by the Litigation Procedures Order. This Order shall remain in full force and effect until further order of this Court at the close of Adv. Proc. No. 08-01789.  In conjunction with the Trustee filing a motion under section 350 of the Bankruptcy Code to close Adv. Proc. No. 08-01789, the Trustee shall file a motion which will set forth the treatment of **CONFIDENTIAL MATERIAL** in the Trustee's possession which treatment shall include the Trustee's good faith effort to (a) destroy it, (b) return it to the person or entity who provided it, and/or (c) appropriately secure it in accordance with industry standards at the time.

22.    In the event anyone shall violate, or threaten to violate, any terms of this Order, any party having standing may apply to this Court, consistent with the Local Bankruptcy Rules of this Court, to obtain injunctive relief against any such person or entity.

**SO ORDERED:**

_____
HON. BURTON R. LIFLAND
UNITED STATES BANKRUPTCY JUDGE

February ___, 2011