PRYOR CASHMAN LLP
Richard Levy, Jr.
7 Times Square
New York, New York 10036-6569
Telephone: (212) 421-4100
Facsimile:  (212) 326-0806
rlevy@pryorcashman.com

Attorneys for Claimant


**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
SECURITIES INVESTOR                         :
PROTECTION CORPORATION,                      :
                                            :
                       Plaintiff,           :       SIPA LIQUIDATION
                                            :       (Substantively Consolidated)
                 v.                         :       Adv. Pro. No. 08-01789 (BRL)
                                            :
BERNARD L. MADOFF INVESTMENT                 :
SECURITIES LLC,                             :
                                            :
                       Defendant.           :
-----------------------------------------------------------x
                                            :
In re:                                      :
                                            :
BERNARD L. MADOFF,                          :
                                            :
                       Debtor.              :
-----------------------------------------------------------x

<u>**OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM NO. 014308**</u>

Norma  Fishbein  (IRA)  ("Claimant")  hereby  objects  to  the  Notice  of  Trustee's

Determination of Claim, dated October 19, 2009 ("Determination").

<u>**BACKGROUND**</u>

1.      On December 15, 2008, the Securities and Exchange Commission commenced a

proceeding  against  Bernard  L.  Madoff  Investment  Securities,  LLC  ("BLMIS")  seeking

liquidation of BLMIS pursuant to the Securities Investor Protection Act of 1970, as amended, 15 U.S.C. §§ 78aaa, *et seq.*("SIPA"). *See* Order, *SEC v. Madoff*, No. 08-10791 (S.D.N.Y. Dec. 15, 2008) (Dkt. No. 4). Irving H. Picard was appointed Trustee ("Trustee") to oversee the liquidation of BLMIS and to process customer claims pursuant to SIPA. *Id. See also* 15 U.S.C. § 78fff-1. The liquidation proceeding was then transferred to the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court") for further proceedings.

2.      On December 23, 2008, the Bankruptcy Court issued an order, *ex parte*, that directed the Trustee to disseminate notice and claim forms to BLMIS customers, fixed deadlines for the filing of claims, and set forth certain procedures for the submission and handling of claims. *See* Order on Application for an Entry of an Order Approving Form and Manner of Publication and Mailing of Notices, Specifying Procedures for Filing, Determination, and Adjudication of Claims, and Providing Other Relief (Dkt. No. 12) (the "Claims Procedures Order").

3.      As of December 11, 2008, Claimant was a "customer" of BLMIS, as the term is defined by SIPA.

4.      Claimant timely filed a customer net equity claim, with supporting documents (together, the "Claim"), which the Trustee designated as Claim No. 014308. Claimant incorporates the Claim by reference.

5.      On or about October 19, 2009, the Trustee (the "Trustee") sent the Claimant the Determination which, among other things, denied Claimant's claim to recover the full stated value of the Claimant's account as shown on the November 30, 2008 account statement issued to Claimant by BLMIS, which was the last such statement issued by BLMIS before the commencement of this case. Claimant incorporates the Determination by reference.

6.       Claimant's time to file an objection to the Determination was extended with the consent of the Trustee until 30 days after the receipt from the Trustee of various documentation relating to the Determination requested by the Claimant.  As of the date of this Objection, the Trustee has not provided such documentation.

## GROUNDS OF OBJECTION

7.       As required by this Court's December 23, 2008 Order Approving Form and Manner of Publication and Mailing of Notices, Specifying Procedures for Filing, Determination and Adjudication of Claims and Providing Other Relief (the "Claims Procedures Order"), the Claimant files this Objection to preserve all claims, rights and defenses set forth in the Claim.

8.       The Claimant contends that the Claimant's "net equity" under the Securities Investor Protection Act ("SIPA") is equal to the value of securities positions and credit balance reflected in the Claimant's last customer account statement, for all of the reasons set forth in the various submissions to the Court, including, but not limited to, the plain language of SIPA and prior case law.[1]

9.       The Trustee's Determination fails to set forth a proper and sufficient legal basis for the positions he has taken regarding the calculation and determination of the Claim, for the following reasons:

(a)       The Determination does not clearly provide "the reason" for the disallowance, and thereby fails to satisfy the requirements of the Claims Procedures Order;

---

[1]       The Claimant understands, based upon the Trustee's representations set forth in the Determination and in other public statements by the Trustee, that the Claimant will receive the benefit of any final and unappealable order entered in the pending "net equity litigation" in the United States Court of Appeals for the Second Circuit that reverses or modifies the Trustee's methodology for computation of customer net equity claims.

3

(b)    The Determination is insufficient to rebut the *prima facie* validity of the Claim provided by Section 502(a) of the Bankruptcy Code and Fed. R. Bankr. P. 300l(f);

(c)    The Determination violates general principles of applicable law requiring that an objection to a proof of claim set forth at, a minimum, the relevant facts and legal theories upon which the objection is based, *see*, *e.g.*, 9 <u>Collier on Bankruptcy</u> ¶ 3007.01[3] (15th ed.) (the objection "should, at a minimum, allege those facts necessary to support the objection (ordinarily this must include allegations sufficient to overcome the prima facie validity of the filed proof of claim) and provide a description of the theories on which it is based…. [A]n objection to a claim should ... meet the standards of an answer."); <u>In re Enron Corp.</u>, No. 01-16034, 2003 Bankr. LEXIS 2261, at *25 (Bankr. S.D.N.Y. Jan. 13, 2003) (same); and

(d)    The Determination refers to an exhibit listing transactions involving Claimant's account but fails to provide any supporting documentation to substantiate and justify the Trustee's treatment and attribution of value, or lack of value, to certain transfers into and/or certain transfers from the Account.  The Trustee has not provided the supporting information to Claimant, despite Claimant's request for such information.

(e)    The Determination violates Claimant's rights under SIPA by failing to set forth valid legal or factual grounds for the reduction of the amount of the Claim by the amount of appreciation in Claimant's Account over the life of the account, or for the calculation of the Claim based on counting only the cash amount of a customer's cash investment and deposits less cash withdrawals and cash transfers from the account.

10.    The Claimant objects to the Trustee's denial and/or reduction of the Claim on other grounds, including without limitation, the following:

(a)    Reduction of the amount of the filed Claim to exclude any prior gains reflected on the Final Madoff Statement or prior account statements, and/or to exclude in whole or in part the value of amounts deposited or invested in the account through inter-account transfers within BLMIS, and/or to determine the claim based on deduction of any amounts withdrawn prior to periods of limitation applicable to avoidance actions, constitute improper avoidance of such gains, inter-account transfers, or deductions without alleging any legal grounds for avoidance and without proving that such gains are avoidable under any statute.  Such avoidance may only be accomplished in this proceeding by means of an adjudication in an adversary proceeding.  *See* Fed. R. Bankr. P. 7001(1), 7008; <u>SLW Capital, LLC v. Mansaray-Ruffin (In re Mansaray-Ruffin)</u>, 530 F.3d 230 (3d Cir. 2008).

(b)    Reduction of the Claim by the amount of any withdrawal constitutes a setoff that is invalid under applicable provisions of SIPA and the Bankruptcy Code.

(c)    To the extent that the Determination rests on the reduction or elimination of amounts withdrawn or deposited through inter-account transfers within BLMIS, the Trustee fails to allege any factual or legal basis for the reduction in this fashion, or to prevent Claimant from enjoying the status of a bona fide transferee and purchaser acting in good faith of the amounts received by Claimant through inter-account transfers.

(d)    The Determination purports to calculate the "net equity" for the Claimant's account on the basis of certain withdrawal and deposit transactions for which Claimant lacks records.  Many of the transactions in question allegedly occurred many years ago, and it is unreasonable to anticipate that customers would maintain records of accounts for such long periods in light of: (a) general limitations on record retention

5

requirements under tax law and other applicable rules governing record retention; (b) the apparent safety and solvency of BLMIS as acknowledged by actions of the United States Securities and Exchange Commission and other agencies which investigated the affairs of BLMIS at various times; and (c) the fact that historical records such as those in question are usually available upon request from financial institutions, including broker-dealers.   Under these circumstances, the Trustee should be required to prove that the alleged withdrawals occurred by furnishing the appropriate records to Claimant and, absent such records, such transactions should be excluded from the calculation of Claimant's "net equity."   Similarly, the Trustee should be required to prove that all deposit transactions are completely listed and proved by furnishing the appropriate records to Claimant.

(e)    The Claimant paid income taxes in reliance upon the validity of the withdrawals.  Even if the Trustee's methodology is correct, Claimant's claim should be adjusted by adding back all amounts Claimant actually paid as income taxes on allegedly fictitious gains to equalize Claimant's treatment with other customers.  *See* SEC v. Byers, *supra*.

(f)    The Trustee's determination rests on an improper and inadequate measure of loss by failing to credit the Claimant with interest or the time value of money for funds invested or deposited by Claimant.  *See* Visconsi v. Lehman Bros., Inc., No. 06-3304, 244 Fed. Appx. 708, 713-14 (6th Cir. 2007); *see also* SEC v. Byers, 637 F. Supp. 2d 166 (S.D.N.Y. 2009) (in equitable distribution proceeding arising from Ponzi scheme, court authorized calculation of claims based on inclusion of reinvested earnings reported in customers' accounts so as to treat reinvesting customers equitably

as compared with customers who made net withdrawals from their accounts). Claimant is entitled to recover interest, or some comparable rate of return, for deposited amounts, pursuant to state law and federal securities law. *See, e.g.*, N.Y. C.P.L.R. § 5004; N.Y. Gen. Oblig. L. § 5-501, Steinberg v. Sherman, No. 07-1001, 2008 U.S. Dist. LEXIS 35786, at * 14-15 (S.D.N.Y. May 2, 2008) ("Causes of action such as ... conversion and unjust enrichment qualify for the recovery of prejudgment interest."); Eighteen Holding Corp. v. Drizin, 701 N.Y.S.2d 427, 428 (N.Y. Sup. Ct. App. Div. 1st Dep't 2000) (awarding prejudgment interest on claims for unjust enrichment and conversion); Randall v. Loftsgaarden, 478 U.S. 647, 664 (1986) (after analyzing different measures of recovery of "actual damages" for fraud, including rescission and restitution, the Supreme Court concluded that Congress intended to deter wrongdoers, and hence, wide latitude in choosing the measure of damages was warranted; "This deterrent purpose is ill-served by a too rigid insistence on limiting plaintiffs to recovery of their "net economic loss.").

(g)    Claimant is entitled to an adjustment of the Claim to account for the Claim's current value.

(h)    To the extent that any or all of the Claimant's account is exempt from execution as a qualified retirement account within the meaning of the laws of the State of New York or any other applicable jurisdiction, the account and all of its proceeds, including withdrawals and distributions, are exempt as a matter of law and, therefore, are protected against any attempt by the Trustee to reduce, offset, recoup or disallow, in

whole or in part, directly or indirectly, the amounts in and payments or distributions from the account.[2]

## CONCLUSION

11.    For the reasons stated herein and in the Claim, the Claim should be allowed in its entirety (including, without limitation, costs, fees, expenses, and a comparable rate of return), and the Court should direct SIPC to issue immediate payment to the Claimant and such other amounts and equitable relief as the Court deems appropriate to compensate Claimant's losses arising from its investment in BLMIS.

12.    The Claimant reserves the right to revise, supplement, or amend this Objection and its Claim, and any failure to object on a particular ground or grounds shall not be construed as a waiver of Claimant's right to object on any additional grounds.

13.    Claimant reserves all rights set forth in Rule 9014 of the Federal Rules of Bankruptcy Procedure and under applicable provisions of law including, without limitation, rights of discovery.  *See* Fed. R. Bankr. P. 9014.

---

[2]    *See also* 11 U.S.C. § 522(d)(12) (bankruptcy exemption for qualified retirement funds and distributions); *id.* § 541(b)(7)(A)(i)(I) (exempting from property of the estate "any amount withheld by an employer from the wages of employees for payment as contributions to an employee benefit plan that is subject to title I of the Employee Retirement Income Security Act of 1974 ...."); Patterson v. Shumate, 504 U.S. 753 (1992) (debtor's interest in ERISA-qualified pension plan may be excluded from the property of the bankruptcy estate pursuant to 11 U.S.C. § 541(c)(2)).

14.     Claimant reserves all objections as to the competence, relevance, materiality, privilege, or admissibility of evidence in any subsequent proceeding or trial of this or any other action or adversary proceeding for any purpose whatsoever.

Dated:     New York, New York
           February 2, 2011

                              PRYOR CASHMAN LLP


                              By:    */s/ Richard Levy, Jr.*
                                     Richard Levy, Jr.
                              7 Times Square
                              New York, New York 10036-6569
                              Telephone: (212) 421-4100
                              Facsimile:  (212) 326-0806
                              rlevy@pryorcashman.com

                              Attorneys for Claimant

## CERTIFICATE OF SERVICE

I, Richard Levy, Jr., hereby certify that on February 2, 2011, I caused a true and correct

copy of the Objection to Trustee's Determination of Claim on behalf of Norma Fishbein (IRA)

to be filed electronically with the Court and served upon the parties in this action who receive

electronic service through CM/ECF, and served by first-class mail upon:

> David J. Sheehan, Esq.
> Baker & Hostetler LLP
> 45 Rockefeller Plaza
> New York, NY 10111

Dated: February 2, 2011
      New York, New York

                                              */s/ Richard Levy, Jr.*
                                              RICHARD LEVY, JR.