Barger & Wolen, LLP
10 East 40th Street, 40th Floor
New York, NY 10016-0301
Tel:    (212) 557-2800
Fax:    (212) 557-2884
Dennis C. Quinn (DQ1401) dquinn@bargerwolen.com

Barger & Wolen, LLP
633 West Fifth Street, 47th Floor
Los Angeles, California 90071
Tel: (213) 680-2800
Fax: (213) 614-7399
John C. Holmes (*Pro Hac Vice*) jholmes@bargerwolen.com

Attorneys for the Jewish Community Foundation of the Jewish Federation Council of Greater
Los Angeles Objecting as Manager and Administrator of a Common Investment Pool on behalf
of Claimants Listed in Exhibit "A" Hereto

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                              :
SECURITIES INVESTOR PROTECTION                                :    District Court Case No. 08-10791
CORPORATION,                                                  :
                                                              :    Adv. Pro. No. 08-01789 (BRL)
                              Plaintiff,                      :
              v.                                              :
                                                              :
BERNARD L. MADOFF INVESTMENT                                  :
SECURITIES, LLC,                                              :
                                                              :
                              Defendant.                      :
                                                              :
-------------------------------------------------------------:

**OBJECTIONS TO THE TRUSTEE'S DETERMINATIONS OF THE CLAIMS OF
CLAIMANTS WHOSE FUNDS WERE INVESTED WITH BLMIS THROUGH AN
INVESTMENT POOL MAINTAINED AND ADMINISTERED BY THE JEWISH
COMMUNITY FOUNDATION OF THE JEWISH FEDERATION COUNCIL OF
<u>GREATER LOS ANGELES</u>**

The Jewish Community Foundation of the Jewish Federation Council of Greater Los

Angeles (the "Foundation") hereby submits objections to the Trustee's Determinations of the

claims of the following participants in a common investment pool (the "Pool") managed and administered by the Foundation:

    1. The Jewish Federation Council of Greater Los Angeles objects to the Trustee's December 22, 2010 Determination of its Claim No. 015797 on the grounds set forth below;

    2. Valley Beth Shalom – Harold M. Shulweis Institute objects to the Trustee's December 10, 2010 Determination of its Claim No. 015798 on the grounds set forth below;

    3. Valley Beth Shalom Foundation objects to the Trustee's December 10, 2010 Determination of its Claim No. 015799 on the grounds set forth below;

    4. Los Angeles Hillel Council, Inc. objects to the Trustee's December 10, 2010 Determination of its Claim No. 015800 on the grounds set forth below;

    5. Hillel The Foundation for Jewish Campus Life objects to the Trustee's December 10, 2010 Determination of its Claim No. 015801 on the grounds set forth below;

    6. Beit T'Shuvah objects to the Trustee's December 10, 2010 Determination of its Claim No. 015802 on the grounds set forth below;

    7. Santa Barbara Hillel Support Foundation objects to the Trustee's December 10, 2010 Determination of its Claim No. 015803 on the grounds set forth below;

    8. Temple Judea of the West San Fernando Valley objects to the Trustee's December 10, 2010 Determination of its Claim No. 015804 on the grounds set forth below;

    9. The Jewish Federation of Greater Santa Barbara objects to the Trustee's December 10, 2010 Determination of its Claim No. 015805 on the grounds set forth below;

    10. Jewish Family Service of Los Angeles objects to the Trustee's December 10, 2010 Determination of its Claim No. 015806 on the grounds set forth below;

    11. Bureau of Jewish Education of Greater Los Angeles objects to the Trustee's December 10, 2010 Determination of its Claim No. 015807 on the grounds set forth below;

    12. Jack E. & Rachel Gindi Foundation objects to the Trustee's December 10, 2010 Determination of its Claim No. 015808 on the grounds set forth below;

    13. Shirley & Burt Harris Family Foundation objects to the Trustee's December 10, 2010 Determination of its Claim No. 015809 on the grounds set forth below;

    14. Sinder Family Foundation objects to the Trustee's December 10, 2010 Determination of its Claim No. 015810 on the grounds set forth below;

    15. Leonard & Annette Shapiro Family Foundation objects to the Trustee's December 10, 2010 Determination of its Claim No. 015811 on the grounds set forth below;

16. Louise & Herb Horvitz Charitable Foundation objects to the Trustee's December 10, 2010 Determination of its Claim No. 015812 on the grounds set forth below;

17. Kurtzman Family Foundation objects to the Trustee's December 10, 2010 Determination of its Claim No. 015813 on the grounds set forth below;

18. Trena & Stanley Greitzer Family Foundation objects to the Trustee's December 10, 2010 Determination of its Claim No. 015814 on the grounds set forth below;

19. Palermo-Ravich Family Foundation objects to the Trustee's December 10, 2010 Determination of its Claim No. 015815 on the grounds set forth below;

20. Louis & Judith Miller Family Foundation objects to the Trustee's December 10, 2010 Determination of its Claim No. 015816 on the grounds set forth below;

21. Joyce & Lawrence Powell Family Foundation objects to the Trustee's December 10, 2010 Determination of its Claim No. 015817 on the grounds set forth below;

22. Lee & Herman Ostrow Family Foundation objects to the Trustee's December 10, 2010 Determination of its Claim No. 015818 on the grounds set forth below;

23. Abrasba Foundation objects to the Trustee's December 10, 2010 Determination of its Claim No. 015819 on the grounds set forth below;

24. Levey Cherry Foundation objects to the Trustee's December 10, 2010 Determination of its Claim No. 015820 on the grounds set forth below;

25. The Melissa Marantz Nealy Foundation objects to the Trustee's December 10, 2010 Determination of its Claim No. 015821 on the grounds set forth below; and

26. The Emquies Family Support Foundation objects to the Trustee's December 10, 2010 Determination of its Claim No. 015822 on the grounds set forth below.

The claims and objections of each of the foregoing claimants ("Claimants") relate to BLMIS Account No 1J0059.

## I.    BACKGROUND

The Foundation and each of the Claimants contributed endowment assets to a common investment pool (the "Pool"), pursuant to the agreements described below.  Eight of the Claimants executed written fund agreements stating the terms and conditions under which they contributed endowment funds to the Pool.  Eighteen of the Claimants contributed endowment funds to the pool under the same terms and conditions, but without reducing them to writing.

3

The eight agreements pursuant to which each Claimant identified therein contributed endowment funds to the Pool are collectively attached hereto as Exhibit "B". The Pool was maintained and administered by the Foundation, as the agent and nominee of each of the Claimants (each a "Principal" of the Foundation as agent or nominee), for the collective investment and reinvestment of such assets pursuant to the Philanthropy Protection Act of 1995 (15 USC §§ 80a-51, *et seq.*), which expressly excludes collective investment funds maintained by a charitable organization exclusively for the collective investment and reinvestment of assets of the general endowment funds of one or more charitable organizations (*i.e.*, the Pool) from the definition of an investment company. Pursuant to the terms the relevant agreements, the Pool "is the collective investment fund maintained by the Foundation exclusively for the collective investment and reinvestment of its general endowment fund assets and the general endowment fund assets of other charitable organizations."

Moreover, the Pool is not an entity in which the Claimants could own interests. Rather, the Pool is a service or program provided by the Foundation. Pursuant to the terms of the agreement, "the Foundation operates development and planned giving programs including the pooled investment and administration of designated endowment funds, support foundations and its own unrestricted endowment funds for the benefit of the Jewish Community."

The funds deposited in BLMIS Account No. 1J0059 were Pool assets, and the Claimants are tenants in common with respect to the Pool assets. Each Claimant contributed assets to the Pool and has a separate and distinct undivided interest in the Pool assets; as such, each Claimant has a separate and distinct undivided interest in the underlying assets of the Pool such as the BLMIS account. Each Claimant transferred "Fund Assets" to the Foundation, which were defined under the agreements as unique to each Claimant. The agreements provided that the "Foundation shall pool the Fund Assets with the other assets in its 'Common Investment Pool'

4

                                    Pg 5 of 12

for purposes of investment, management and administration. The agreement did not provide for the Claimants to have ownership interests in the Pool, nor did Claimants receive shares, certificates or any other instrument evidencing any ownership interest in the Pool. Under the agreement, each Claimant transferred assets to the Foundation "for investment, administration and management purposes *only*". Claimants gave discretionary authority to the Foundation to execute securities transactions according to the agreements under which the "Foundation shall have the sole right and power to invest and manage" the Pool assets. As such, the Claimants maintained a direct beneficial ownership interest in the underlying Pool assets.

Each of the Claimants submitted a timely claim. True and correct copies of the claims submitted by each of the Claimants are attached hereto collectively as Exhibit "C".

The Trustee denied each Claimant's claim, stating: "Based on a review of available books and records of BLMIS by the Trustee's staff, you did not have an account with BLMIS. Because you did not have an account, you are not a customer of BLMIS under SIPA as that term is defined at 15 U.S.C. § 78*lll*(2). Accordingly, your claim for securities and/or a credit balance is **DENIED**." True and correct copies of the Trustee's Determinations of the Claimants' claims are attached hereto collectively as Exhibit "D".

## II.    OBJECTIONS

1. There is no requirement that a claimant have his, her or its name on an account in order to be a "customer." The statutory definition of "customer" imposes no such requirement. *See* 15 U.S.V. § 78*lll*(2). The requirement by the Trustee that a claimant have his, her or its name on an account with BLMIS in order to be a "customer" of BLMIS is contrary to the plain language of 15 U.S.C. § 78fff-2(b) which provides that BLMIS's obligations to the Claimants may be "otherwise determined to the satisfaction of the Trustee." Further, that requirement is contrary to the explicit recognition that one may be a "customer" through an account held in the

5

name of an agent or a nominee. *See* 17 C.F.R. § 300.101. Additionally, that requirement is contrary to 15 U.S.C. § 78fff-3(a)(5) which provides that where a broker, dealer or bank dealt with the BLMIS for customers of the broker, dealer or bank, each such customer is a separate customer of BLMIS.

2. Each of the Principals satisfies all of the elements of the definition of "customer" under SIPA Section 78*lll*(2). Each Principal is a "person" (*See* 15 U.S.C. § 80a-3(a)(9) and 15 U.S.C. § 80-2(a)(8)) and "has a claim on account of securities … acquired, or held by [BLMIS] in the ordinary course of its business as a broker or dealer from or for the securities accounts of such [Principal]…." None of the Principals falls within an exception to the definition of "customer." *See* 78lll(2) (A) and (B).

3. The funds deposited in BLMIS Account No. 1J0059 were Pool assets and each of the Claimants has a separate and distinct several (not joint) undivided interest in those assets and in BLMIS Account 1J0059. The Claimants and the Foundation are subject to California law. Under California law, "[e]very interest created in favor of several persons in their own right is an interest in common…." California *Civil Code* § 686. "An interest in common is one owned by several persons, not in joint ownership or partnership." California *Civil Code* § 686. Each tenant in common has an undivided fractional interest in the property. *Estate of Propst*, 50 Cal. 3d 448, 456 (1990). Accordingly, each Claimant was the owner of the assets it contributed to the Pool and was the owner of the corresponding portion of BLMIS Account No. 1J0059.

4. The Pool is not a "customer" of BLMIS and therefore each of the Claimants are the "customers" with respect to the assets they own within the Pool. The Foundation is also a separate "customer" of BLMIS with respect to the assets it owns within the Pool. SIPA defines a "customer" in terms of a "person." For purposes of SIPA, "person" is defined in the Securities Exchange Act of 1934 (15 U.S.C. §§ 78a *et seq.*) (the "1934 Act") as "a natural person,

6

company, government, or political subdivision, agency, or instrumentality of a government." 15 U.S.C. § 80a-3(9)(a); *See* 15 U.S.C. § 78bbb. The 1934 Act defines "company" as a corporation, a partnership, an association, a joint-stock company, a trust, a fund or any organized group of persons **which** incorporated or not; . . ." 15 U.S.C. § 80a-2(a)(8). However, the Investment Company Act of 1940 (15 U.S.C. §§ 80a, *et seq.*) ("Investment Company Act") recognizes that the Pool is not a company but merely a "fund maintained by a charitable organization exclusively for the collective investment of" the "assets of the general endowment fund or other funds of one or more charitable organizations." *See* 15 U.S.C. § 80a-3(c)(10). As such, the Pool itself is not a company, not a "person" and, hence, not a "customer." As such, Claimants' claims are not derivative claims through the Pool. Rather, the Claimants have direct several and not joint undivided interests in the assets of the Pool and the account through which their assets were invested with BLMIS by the Foundation as the agent and nominee for each of the Claimants.

     5. The Pool is not an entity in which Claimants could own interests. Instead, it is a service provided by the Foundation. *See* 15 U.S.C. § 80a-3(c)(10). By investing through the Pool, the Claimants did not become owners of the Pool or of the Foundation. Instead, the Foundation became the agent and nominee for each of the Claimants for purposes of investing the assets of the Claimants in BLMIS. The Pool did not own the assets invested in BLMIS Account 1J0059. The Claimants' investments in BLMIS Account 1J0059 were direct investments, not indirect investments, with the Foundation serving as each Claimant's agent and nominee.

     6. Each Claimant is a separate "customer" of BLMIS. SIPA nowhere provides that there can be only one "customer" per account. Indeed, under SIPA Section 78fff-3(a)(5), it is clear that there is no such limitation. *See* 15 U.S.C. § 78fff-3(a)(5). Under that provision, where a broker, dealer or bank carried out transactions with the debtor for customers of the broker, dealer

7

or bank, each such customer is deemed a separate customer of the debtor. In this regard, the Pool is analogous to a bank omnibus account in which the omnibus account is held by a custodian or sub-custodian "nominee" for the beneficial owner(s) of the assets in the account, each of which has a direct interest in the account and qualifies as a "customer." Here, each Claimant literally, functionally, and separately meets the definition of "customer" with respect to the Account. Under the circumstances, the BMLIS Account held by the Foundation for the beneficial interest of each Claimant in the Pool constitutes an individual account of each such Claimant. Accordingly, each Claimant is an individual "customer" under SIPA.

7. Congress intended for "customer" to be interpreted broadly in this context. In the first draft of SIPA, there was no entitlement to SIPC protection for any customer whose name or interest was not disclosed on the records of the debtor "if such recognition would increase the aggregate amount of the insured customer accounts or insured liability in such closed broker or dealer. S.2348, 91st Cong. Section 7(d) (June 9, 1969); H.R. 13308, 91st Cong. Section 7(d) (Aug. 4, 1969). By eliminating that language from the version of SIPA later adopted, it is clear that Congress did not intend for SIPC protection to be limited to customers whose name or interest was disclosed on the records of the debtor, in this case BLMIS. The fact that the Claimants' assets were invested by the Foundation as the agent and nominee of the Claimants would also not increase the aggregate amount of the insured customer accounts or the insured liability in BLMIS. The Trustee has already accepted the claim of the Foundation in an amount equal to the Net Equity, as defined elsewhere in the litigation, held in the Pool. Recognizing that the Foundation invested significant portions of the assets in the Pool as the agent and nominee of the Claimants would simply recognize the reality of the relationships among the investors in the Pool and the nature of the Foundation's and Claimants' investments with BLMIS.

### III.    RELIEF REQUESTED

8

For the Reasons stated herein, each Claimant should be found to be a "customer" of BLMIS, the claim of each Claimant should be allowed in its entirety, and each Claimant should be found eligible for a SIPC payment up to the amount of its interest in the Pool or $500,000 whichever is greater. Claimants request such other relief as may be just and equitable. The Trustee's Determination amounts to an improper disallowance of prima facie valid claims. *See* Bankruptcy Code § 502(a). The Trustee has offered no factual or legal justification for his determination and should, therefore, be directed to file a statement describing in detail the relevant facts, legal theories and authorities supporting the determination. Upon the filing of the statement, this matter will be a contested proceeding under Rule 9014, to which Claimants will respond.

## IV.    CONCLUSION

Claimants reserve the right to revise, supplement or amend these Objections, and any failure to object on a particular ground or grounds shall not be construed as a waiver of Claimants' rights to object on any additional grounds.

Claimants reserve all rights set forth in Rule 9014 of the federal Rules of Bankruptcy Procedure, including without limitation, rights of discovery.

Dated: New York, N.Y.

February 10, 2011

                                            **BARGER & WOLEN, LLP**

                                        By: s/Dennis C. Quinn
                                              Dennis C. Quinn (DQ-1401)
                                              10 E. 40th Street
                                              40th Floor
                                              New York, N.Y. 10016-0301
                                              Tel:    (212) 557-2800
                                              Fax:   (212) 557-2884
                                              E-mail:dquinn@bargerwolen.com

        Attorneys for Jewish Community Foundation of the
        Jewish Federation Council of Greater Los Angeles

10

# EXHIBIT A

Abrasba Foundation

Beit T'Shuvah

Bureau of Jewish Education of Greater Los Angeles

The Emquies Family Support Foundation

Hillel The Foundation for Jewish Campus Life

Jack E. & Rachel Gindi Foundation

Jewish Family Service of Los Angeles

The Jewish Federation Council of Greater Los Angeles

The Jewish Federation of Greater Santa Barbara

Joyce & Lawrence Powell Family Foundation

Kurtzman Family Foundation

Lee & Herman Ostrow Family Foundation

Leonard & Annette Shapiro Family Foundation

Levey Cherry Foundation

Los Angeles Hillel Council, Inc.

Louis & Judith Miller Family Foundation

Louise &Herb Horvitz Charitable Foundation

The Melissa Marantz Nealy Foundation

Palermo-Ravich Family Foundation

Santa Barbara Hillel Support Foundation

Shirley & Burt Harris Family Foundation

Sinder Family Foundation

Temple Judea of the West San Fernando Valley

Trena & Stanley Greitzer Family Foundation

Valley Beth Shalom – Harold M. Shulweis Institute

Valley Beth Shalom Foundation

To:   Parties on the Annexed Service List

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
SECURITIES INVESTOR PROTECTION           :   District Court Case No. 08-10791
CORPORATION,                                               :
                                                           :   Adv. Pro. No. 08-01789 (BRL)
                        Plaintiff,                         :
        v.                                                 :
                                                           :
BERNARD L. MADOFF INVESTMENT       :
SECURITIES, LLC,                                           :
                                                           :
                        Defendant.                         :
                                                           :
-----------------------------------------------------------X

## CERTIFICATE OF SERVICE BY ELECTRONIC MEANS

I, DENNIS C. QUINN, one of the attorneys for the Jewish Community Foundation of the Jewish Federation Council of Greater Los Angeles, hereby certifies that a copy of the foregoing Objections to the Trustee's Determinations of the Claims of Claimants Whose Funds Were Invested with BLMIS through an Investment Pool Maintained and Administered by the Jewish Community Foundation of the Jewish Federation Council of Greater Los Angeles was accomplished pursuant to ECF as to Filing Users and I shall comply with LR 5.5 as to the parties listed below and serve via First Class Mail.

    Irving H. Picard, Trustee
    45 Rockefeller Plaza
    New York, New York 10111

February 10, 2011

                                                                   s/ Dennis C. Quinn_____
                                                                   Dennis C. Quinn