Leah Larsen
98 Riverside Drive, Apt. 1G
New York, New York 10024
(212)787-1518
Leahlarsen@gmail.com
Appearing Pro Se

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------
SECURITIES INVESTORS PROTECTION
CORPORATION,

        Plaintiff,

vs.

BERNARD L. MADOFF INVESTMENT
SECURITIES, LLC,

        Defendant.
------------------------------------------------

Adv. Pro. No. 08-01789 (BRL)

SIPA Liquidation

**OBJECTION TO TRUSTEE'S
DETERMINATION OF
CLAIM**

Leah Larsen hereby objects to the Trustee's Notice of Determination of Claim dated December 17,

2010, and states as follows:

**Background facts:**

1. On January 2, 2007, Leah Larsen purchased Bank of America cashier's check No. 07608969 in the amount of sixty thousand ($60,000.00) dollars to be paid to the order of Bernard L. Madoff Investment Securities LLC (BLMIS) for the purpose of having said monies invested in securities on her behalf. The check was sent to BLMIS and deposited in its Chase Manhattan Bank account on January 12, 2007. See Exhibit A hereto.

2. On March 24, 2008, Leah Larsen purchased Bank of America cashier's check No. 1341466 in the amount of forty thousand ($40,000.00) dollars to be paid to the order of BLMIS for the purpose of having said monies invested in securities on her behalf. The check was sent to BLMIS and, upon information and belief, deposited by

BLMIS in its Chase Manhattan Bank account. See Exhibit B hereto.

3. These monies were to be deposited in and accredited to the BLMIS account No. 1-ZA176-3. an account maintained with BLMIS by David Moskowitz, a brother of Leah Larsen, pursuant to written agreement between them acknowledging those monies as well as any profits that might accrue from investing same to be her property.

4. Upon information and belief, agreements of this kind were encouraged and assented to by BLMIS to permit investment by persons unable to open their own accounts with BLMIS due to BLMIS's minimum investment requirements.

5. Upon information and belief, no money was ever actually deposited by BLMIS in the above referenced account on behalf of Leah Larsen or David Moskowitz, and the monies designated for deposit therein for the purchase of securities were instead converted.

6. On December 17, 2010, Irving Picard, the BLMIS Trustee, sent Leah Larsen a determination letter denying her claim in its entirety on the grounds that, based upon a review of available books and records of BLMIS, she did not have an account with BLMIS and she was therefore not a customer of BLMIS as that term is defined at 15 U.S.C.SEC. 78III. See Exhibit C hereto.

### A. Picard has failed to comply with the Court's December 23, 2008 order.

8. Picard has failed to comply with the Court's December 23, 2008 order which directs him to settle customer claims and deliver securities " in accordance with "the Debtor's books and records". December 23, 2008 Order at 5 (Docket No. 12). The BLMIS books and records reflect the monies deposited with BLMIS as evidenced by Picard's crediting that amount to the David Moskowitz account in question in his determination of claim as to that account. Further, upon information and belief, the BLMIS books and records verify that those monies were deposited by Leah Larsen and received by BLMIS for the purpose

of investment as securities supposedly purchased by those monies are reflected in the monthly statements generated by BLMIS with regard to that account.. Yet Picard has denied Leah Larsen customer status.

**B. Picard has ignored the relevant statutory provision in wrongfully denying Leah Larsen customer status.**

9. In denying Leah Larsen customer status because she did not have an account with BLMIS in her own name, Picard ignored the section of SIPA relevant to her situation, i.e. Sec. 78lll(2)(B)(i), which provides that the term 'customer" includes "any person who has deposited cash with the debtor for the purpose of purchasing securities." As this section of SIPA, defining customer status in this way, is specific to this statute, and not included in ordinary bankruptcy law, Picard is ignoring Congressional intent in denying this relief specifically provided for investors entrusting their money to SIPC brokers.

10. Leah Larsen hereby includes by reference all arguments and citations of statutory and case law put forth in all filed objections relevant to issues of customer status and net equity as if set forth herein in their entirety as they may apply to her specific situation.

**CONCLUSION**

11. Leah Larsen is entitled to have her claim approved in the amount of $100,000.00 plus profits credited to her investment by BLMIS in his November 30, 2008 account statement with regard to the relevant David Moskowitz account.

12. Leah Larsen is entitled to judgment against Picard and Baker and Hostedler LLP for the damages she has suffered as a result of the breach of fiduciary duty of Picard and his counsel.

February 14, 2011                                           Leah Larsen
                                                            Pro Se
                                                            98 Riverside Drive, Apt. 1G

New York, New York 10024
Tel: (212)787-1518

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------

SECURITIES INVESTORS PROTECTION
CORPORATION,

           Plaintiff,

vs.

BERNARD L. MADOFF INVESTMENT
SECURITIES INC.,

           Defendant.

-----------------------------------------------------

Adv. Pro. No. 09-01789 (BRL)

SIPA Liquidation

CERTIFICATE OF SERVICE

    I, Maria Castanada hereby certify that on February 14, 2011, I caused a true and accurate copy of

the Objection to the Trustee's Determination of Claim on behalf of Leah Larsen to be served by

hand upon David E. Sheehan, Esq., Baker and Hostetler, LLP,

45 Rockefeller Plaza, New York, New York 10111.

February 15, 2011

                                       /s/ Maria Castanada

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
SECURITIES INVESTORS PROTECTION
CORPORATION,

      Plaintiff,

vs.

BERNARD L. MADOFF INVESTMENT
SECURITIES, LLC.

      Defendant.

Adv. Pro. 08-0178 (BRL)

SIPA Liquidation

## OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM

    Leah Larsen
    Pro Se
    98 Riverside Drive, Apt. 1G
    New York, New York 10024
    (212) 787-1518