# EXHIBIT C

# AFFIDAVIT OF IRVING PICARD

300145959

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant.<br><br>In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | Adv. Pro. No. 08-1789 (BRL)<br><br>SIPA Liquidation<br>(Substantively Consolidated) |

**AFFIDAVIT IN SUPPORT OF MOTION FOR ENTRY OF ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND RULES 2002 AND 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE APPROVING AN AGREEMENT BY AND BETWEEN THE TRUSTEE AND HADASSAH, THE WOMEN'S ZIONIST ORGANIZATION OF AMERICA, INC. AND HADASSAH <u>MEDICAL RELIEF ASSOCIATION, INC.</u>**

STATE OF NEW YORK   )
                                     ) ss:
COUNTY OF NEW YORK)

Irving H. Picard, being duly sworn, hereby attests as follows:

   1.   I am the trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), and the substantively consolidated estate of Bernard L. Madoff ("Madoff," and together with BLMIS, collectively, the "Debtors"). I am familiar with the affairs of the Debtors. I respectfully submit this Affidavit in support of the motion (the "Motion")

300145959

seeking entry of orders, pursuant to section 105(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure approving an agreement (the "Agreement") by and between the Trustee on the one hand and Hadassah, The Women's Zionist Organization Of America, Inc. and Hadassah Medical Relief Association, Inc. on the other hand.

2. I make this Affidavit based upon my own personal knowledge or upon information that I believe to be true.

3. All capitalized terms not defined herein have the meaning ascribed to them in the Motion.

4. In February 2010, Hadassah, with the aid of its counsel, initiated discussions aimed at resolving the claims I have on behalf of the estate. Hadassah cooperated with the Trustee and facilitated the Trustee's investigation by providing detailed information regarding its current and historical financial statements (the "Financial Statements"), BLMIS investment history, internal corporate matters, detailed records regarding the Hospital Project and making its investment committee members, accountants and officers available for examination by the Trustee's counsel. This cooperation has sped the resolution of the matter.

5. I believe that the terms of the Settlement Agreement fall well above the lowest point in the range of reasonableness and, accordingly, should be approved by this Court. The Settlement Agreement resolves all issues regarding the asserted and unasserted claims against Hadassah, a historic charity nominated in 2005 for a Nobel Peace Prize based on its international relief work, without the need for protracted and uncertain litigation. I recognize that litigating the Claims would undoubtedly require a significant commitment of time by the various professionals involved and would involve some litigation risk.

6. As a result of such litigation, I believe that I would be indefinitely delayed in distributing to victims the significant dollars this Agreement recovers, favoring settlement and immediate payment.

7. The ability to avoid the time and uncertainty associated with litigating this matter, combined with the fact that the Agreement will result in a substantial recovery, as discussed above, makes the settlement embodied by the Agreement extremely beneficial to BLMIS stakeholders.

8. The Agreement also furthers the interests of the customers of BLMIS by adding $45 million, a substantial amount of money, to the fund of customer property. Specifically, as a result of the Agreement, when combined with prior recoveries that I have made on behalf of the BLMIS estate, over $2.6 billion will be available for distribution to BLMIS customers with allowed claims.

9. Given the potential impact of these issues, and the cost and complexities involved in proceeding with litigation and collection of any judgments, I have determined, in my business judgment that the Settlement Agreement represents a fair compromise of the Debtors' Avoiding Powers Claims against Hadassah.

*[INTENTIONALLY LEFT BLANK]*

10. In sum, I respectfully submit that the Settlement Agreement should be approved (a) to avoid lengthy and burdensome litigation and (b) because the Settlement Agreement represents a reasonable compromise of the Avoiding Powers Claims.

/s/ Irving H. Picard
IRVING H. PICARD

Subscribed and Sworn to before me
This 17th Day of February, 2011

/s/ Marc E. Hirschfield
Notary Public, State of New York
No. 02HI5020648
Qualified in Westchester County
Certificate Filed in New York County
Commission Expires November 22, 2013

300145959