UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                Plaintiff,<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                Debtor. | |

**ORDER GRANTING TRUSTEE'S MOTION TO ESTABLISH
PROCEDURES FOR SERVING COMPLAINTS AND EXHIBITS FILED UNDER SEAL**

Upon the motion, dated January 11, 2011 (the "Motion"),[1] of Irving H. Picard (the "Trustee"), trustee for the substantively consolidated liquidation proceeding of Bernard L. Madoff Investment Securities LLC ("BLMIS"), under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa, *et seq.*, and the estate of Bernard L. Madoff ("Madoff" and together with BLMIS, the "Debtors"), in the SIPA Liquidation filed in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), pursuant to, *inter alia*, §105(a) of the Bankruptcy Code, and the Global Protective Order issued by this Court on February 16, 2010, as modified by the Case Management Order issued by this Court on November 10, 2010, seeking authority to serve unredacted versions of complaints on defendants named in adversary

---

[1] Capitalized terms utilized but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

proceedings commenced by the Trustee, and to have such recipients bound by the Global Protective Order, and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b), (e), (f) and (g); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Trustee continuing to endeavor to work with parties to unseal complaints filed under seal as may be appropriate; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED that the relief requested in the Motion is hereby granted in its entirety; and it is further

ORDERED that the procedures for serving complaints filed under seal as set forth in the Motion are approved in their entirety; and it is further

ORDERED that the Trustee or his counsel may serve a copy of the Sealed Complaint in unredacted form on all Defendants named in such adversary proceedings commenced by the Trustee, along with a copy of the Global Protective Order and this Order; and it is further

ORDERED that, absent further order of the Court, or agreement of the parties and of all other persons or entities whose Confidential Material is contained or referenced in the Sealed Complaint at issue, and consistent with the Global Protective Order, including specifically, but without limitation, paragraphs 24 and 25, any Defendant served with a Sealed Complaint (including any Exhibit thereto) that contains or references Confidential Material produced by any other person or entity prior to the filing of the Sealed Complaint may use such Sealed Complaint or Confidential Material solely for the purpose of litigating the adversary proceeding in which

such Sealed Complaint was filed or in related adversary proceedings before this Court, and shall not disclose such Sealed Complaint or Confidential Material to any other person or entity not a party to the adversary proceeding in which such Sealed Complaint was filed or to any other person or entity not a party to any related adversary proceedings before this Court, except as otherwise provided for in the Global Protective Order, including specifically, but without limitation, paragraphs 24 and 25; and it is further

ORDERED that all Defendants served with a Sealed Complaint are bound, unless and until the Court orders otherwise, by this Order and the Global Protective Order; and it is further

ORDERED, that this Order is not intended to resolve disputes as to confidentiality but solely to facilitate service in accordance with due process; and it is further

ORDERED that the Court retains jurisdiction to enforce and implement the terms and provisions of this Order.

DATED:   New York, New York
         February 17, 2011

/s/Burton R. Lifland
HON. BURTON R. LIFLAND
UNITED STATES BANKRUPTCY JUDGE

3