**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
dsheehan@bakerlaw.com
Marc E. Hirschfield
mhirschfield@bakerlaw.com
Judith A. Selby
jselby@bakerlaw.com

*Attorneys for Irving H. Picard, Esq.,
Trustee for the Substantively
Consolidated SIPA Liquidation of
Bernard L. Madoff Investment Securities
LLC and Bernard L. Madoff*

**Presentment Date: March 10, 2011 at 10:00 a.m.**

**Objection Deadline: March 7, 2011 at 10:00 a.m.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |

**TRUSTEE'S MOTION FOR AN ORDER ESTABLISHING
PROCEDURES FOR AN ELECTRONIC DATA ROOM**

Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard

L. Madoff Investment Securities LLC ("BLMIS"), under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"), and the substantively consolidated estate of Bernard L. Madoff ("Madoff" and together with BLMIS, the "Debtors"), by and through his undersigned counsel, pursuant to, *inter alia*, section 105(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), Rule 26 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable to these proceedings by Rule 7026 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby moves (the "Motion") for entry of an Order (the "Order Establishing Procedures for an Electronic Data Room") establishing procedures for the Trustee's use of an electronic data room and, in part, extending the Case Management Procedures as previously approved by the Court and further detailed below. In support of the Motion, the Trustee respectfully states as follows:

## BACKGROUND

1. On December 11, 2008, Madoff was arrested by federal agents for violation of the criminal securities laws, including securities fraud, investment adviser fraud, and mail and wire fraud. Contemporaneously, the Securities and Exchange Commission ("SEC") filed a complaint in the United States District Court for the Southern District of New York (the "District Court"), commencing the District Court Proceeding against Madoff and BLMIS. The District Court Proceeding remains pending in the District Court. The SEC complaint alleged that Madoff and BLMIS engaged in fraud through the investment advisor activities of BLMIS.

2. On December 12, 2008, the Honorable Louis L. Stanton of the District Court entered an order appointing Lee S. Richards, Esq., as receiver for the assets of BLMIS (the "Receiver").

3.      On December 15, 2008, pursuant to SIPA section 78eee(a)(4)(A), the SEC consented to combining its own action with an application of the Securities Investor Protection Corporation ("SIPC").  Thereafter, pursuant to SIPA section 78eee(a)(4)(B), SIPC filed an application in the District Court alleging, *inter alia*, that BLMIS was not able to meet its obligations to securities customers as they came due and, accordingly, its customers needed the protections afforded by SIPA.

4.      Also on December 15, 2008, Judge Stanton granted the SIPC application and entered an order pursuant to SIPA (the "Protective Decree"), which, in pertinent part:

   a. appointed the Trustee for the liquidation of the business of BLMIS pursuant to SIPA section 78eee(b)(3);

   b. appointed Baker & Hostetler LLP as counsel to the Trustee pursuant to SIPA section 78eee(b)(3); and

   c. removed the case to the Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") pursuant to SIPA section 78eee(b)(4).

By this Protective Decree, the Receiver was removed as receiver for BLMIS.

5.      By orders dated December 23, 2008, and February 4, 2009, respectively, the Bankruptcy Court approved the Trustee's bond and found that the Trustee was a disinterested person.  Accordingly, the Trustee is duly qualified to serve and act on behalf of the BLMIS estate.

## RELIEF SOUGHT

6.      On or before November 10, 2010, this Court granted the relief sought by the Trustee in signing the Order Establishing Litigation Case Management Procedures for Avoidance Actions and Amending the February 16, 2010 Protective Order (the "Case Management Procedures Order").  [Dkt. 3141]

7. The Case Management Procedures Order established, in part, procedures governing the litigation of certain avoidance actions to be commenced by the Trustee, including the creation of a data room. The Case Management Procedures Order, however, only applies to actions seeking solely fictitious profits in which a Notice of Applicability was filed. Specifically, the Case Management Procedures Order provided:

> A. The Trustee may produce discovery, including initial disclosures, on a CD-ROM, in an electronic data room, or other similar media format. Given the volume of documentation that may be subject to disclosure in this matter, the Trustee may produce a summary report, such as an expert report, and provide access to the underlying documentation on which the summary relies in an electronic data room or other medium for review by the defendants.
> B. Notwithstanding the Protective Order dated February 16, 2010 (Docket No. 1951) (the "Global Protective Order"), materials containing non-public personal information and/or sensitive financial information, including, without limitation, CONFIDENTIAL Account Materials (as defined in the Global Protective Order) may be designated by the Trustee as "Professionals' Eyes Only." The Trustee will provide access to such CONFIDENTIAL Account Material only to attorneys of record in one or more Avoidance Actions and other professionals working with that attorney on such Avoidance Action(s) provided that the attorney and/or the other professional executes a Non-Disclosure Agreement (a "NDA") in substantially the form attached hereto as Exhibit 3. Copies of the Global Protective Order and NDA are available on the Trustee's website: [(http://www.madofftrustee.com/_____).]

8. The Trustee now seeks to extend the general framework for the electronic data room established by portions of the Case Management Procedures Order to all adversary proceedings brought by the Trustee pursuant to this SIPC Liquidation with the entry of the proposed Order Establishing Procedures for an Electronic Data Room (attached hereto as Exhibit A).

9. The expansion of the use of the electronic data room with the protection described above would be the only feasible way to allow discovery of certain documents supporting some of the key elements of the Trustee's claims while balancing the privacy interests of BLMIS customers and others. Redaction of the millions of pages included therein would be

4

prohibitively time-consuming and expensive, estimated to cost millions of dollars. Aside from the sheer volume of documents at issue, the process would be complicated by the fact that some documents that would require standardized redactions are not susceptible to an automated redaction process. In addition, the confidential information contained in some other documents, particularly the BLMIS bank records, would require unique individualized redactions depending on the receiving party, creating an extensive and recurring burden on the Trustee in each and every litigation.

10. The expansion of the data room to include discovery for all adversary proceedings brought within this SIPC Proceeding would allow for efficient discovery balanced with the privacy concerns of BLMIS customers and other parties.

**BASIS FOR RELIEF REQUESTED**

11. The Bankruptcy Court has authority to approve the Amended Case Management Procedures Order. 11 U.S.C. §105(a). Bankruptcy Code section 105(a) provides in relevant part that the "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

> Section 105 specifically codifies what are traditionally called 'inherent powers' to give the Bankruptcy Courts the necessary ability to manage the cases on their docket. It is imperative that courts have the necessary authority to manage the arguments and conduct of parties to ensure judicial efficiency and to do justice. These powers are "necessary to the exercise of all others."

Johnson v. McDow (In re Johnson), 236 B.R. 510, 521 (D.D.C. 1999); see also In re Walker, 195 B.R. 187, 208 (Bankr. D.N.H. 1996) (noting inherent power of courts to "manage litigation pending before" them).

12. Per Federal Rule 26(c)(1)(d) and (g), made applicable by Bankruptcy Rule 7026, the Court may "for good cause, issue an order to protect a party or person from annoyance,

embarrassment, oppression, or undue burden or expense, including one or more of the following: (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters…and (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."

13.     The Trustee submits that the Amended Case Management Procedures Order will facilitate discovery and information exchange, while protecting legitimate privacy concerns of parties whose information is contained within the estate's documents or otherwise produced materials.

## **NOTICE**

14.     Notice of this Motion has been provided by U.S. Mail, postage prepaid, or email to (i) all parties that have filed a notice of appearance in this case; (ii) SIPC; (iii) the SEC; (iv) the Internal Revenue Service; and (v) the United States Attorney for the Southern District of New York.  The Trustee submits that no other or further notice need be given.

[*Remainder of Page Intentionally Left Blank*]

**WHEREFORE**, the Trustee respectfully requests that the Court (a) enter the Order substantially in the form attached hereto as Exhibit A, granting the relief requested herein; and (b) grant such other and further relief to the Trustee as the Court deems proper.

Dated: New York, New York
       February 24, 2011

BAKER & HOSTETLER LLP

By: /s/ David J. Sheehan
    David J. Sheehan
    Marc E. Hirschfield
    Judith A. Selby

45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Esq., Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*