UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                    Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                    Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                    Debtor. | |

## <u>ORDER ESTABLISHING PROCEDURES FOR AN ELECTRONIC DATA ROOM</u>

Upon the motion (the "Motion")[1] of Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"),[2] and the substantively consolidated estate of Bernard L. Madoff ("Madoff"), seeking entry of an order, (1) pursuant to section 105(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), and Rules 7016, 7026 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), establishing Procedures for an Electronic Data Room; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with section 78eee(b)(4) of SIPA, the Protective Decree, entered on December 15,

---

[1] All terms not defined herein shall have such meanings as subscribed to them in the Motion.

[2] For convenience, future reference to SIPA will not include "15 U.S.C."

2008 by the United States District Court for the Southern District of New York in Case No. 08 CV 10791, and 28 U.S.C. §§ 157 and 1334; and it appearing that the relief requested in the Motion is in the best interests of the estate and its customers; and due notice of the Motion having been given, and it appearing that no other or further notice need be given; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon the proceedings before the Court and after due deliberation, it is hereby

**ORDERED**, that the relief requested in the Motion is granted; and it is further

**ORDERED,** that the Trustee may produce discovery in an electronic data room, or other similar media format for review by the defendants.  Defendants may review the documents produced in the data room, make selections and those selections will be provided to defendants by the Trustee in a mutually agreeable format; and it is further

**ORDERED**, that notwithstanding the Protective Order dated February 16, 2010 (Docket No. 1951) (the "Global Protective Order"), and any subsequent amendments or modifications thereto, and notwithstanding any confidentiality agreements that the Trustee entered into with any individual or entity producing documents or information to the Trustee prior or subsequent to the entry of the Global Protective Order, materials placed in the data room may be designated by the Trustee as "Professionals' Eyes Only" and produced as such, where applicable.  The Trustee will provide access to such material only to attorneys of record in one or more adversary proceedings and other professionals working with that attorney on such adversary proceedings provided that the attorney and/or the other professional executes a Non-Disclosure Agreement ("NDA") in substantially the form attached hereto as Exhibit 1.  Copies of the Global Protective

2

Order       and       NDA       are       available       on       the       Trustee's       website:

[(http://www.madofftrustee.com/_____); and it is further

**ORDERED,** that the Trustee may disclose summaries, data compilations, data extractions, document coding, and foldering structures, which are provided for defendants' convenience.   The summaries, data compilations, data extractions, document coding, and foldering structures may constitute work product as that term is defined by Fed. R. Civ. P. 26(b)(3) and case law.  While the Trustee may waive work product protection with respect to the specific summaries, data compilations, data extractions, document coding, and foldering structures, disclosure of those materials does not waive work product protection with respect to any other materials not placed in the data room and produced to defendants; and it is further

**ORDERED**, that any work product protection is not waived as to any work product inadvertently placed in the data room, subject to the provisions of paragraph 17 of the Global Protective Order, and any subsequent amendments or modifications thereto; and it is further

**ORDERED,** that a violation of a party's obligations under a Non-Disclosure Agreement shall be treated as a violation of this Order and shall subject such party to such sanctions as the Court shall determine after notice and a hearing; and it is further

**ORDERED,** that this Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated:  New York, New York
     February __, 2011

_____
HONORABLE BURTON R. LIFLAND
UNITED STATES BANKRUPTCY JUDGE

**<u>EXHIBIT 1</u>**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-_____ (BRL) |
| Plaintiff, | |
| v. | |
| _____, | |
| Defendant(s). | |

## <u>NON-DISCLOSURE AGREEMENT</u>

WHEREAS this non-disclosure agreement (the "Agreement") supplements the Protective Order entered on February 16, 2010 [Docket No. ___] (the "Global Protective Order") entered in *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities, LLC, et al.,* Adv. Pro. No. 08-01789 (BRL) and any subsequent amendments or modifications thereto; and

WHEREAS, on February __, 2011, the Bankruptcy Court entered an Order Establishing Procedures for an Electronic Data Room [Docket No. _____] (the "Data Room Order").  All capitalized terms not otherwise defined herein shall have the meanings given such terms in the

Litigation Procedures Order; and

WHEREAS, in addition to the requirements set forth in the Global Protective Order, and any subsequent amendments or modifications thereto, this Agreement shall govern all materials provided in the data room and produced in connection with the above-captioned Adversary Proceeding (the "Adversary Proceeding"); and

WHEREAS, the parties may designate certain discovery material or testimony of a highly confidential and/or proprietary nature as being "CONFIDENTIAL – PROFESSIONALS' EYES ONLY."

_____ (the "Recipient") hereby represents to each of the following:

A. My firm has been retained by the following defendant(s) in the Adversary Proceeding:

_____

B. I have received a copy of the Protective Order.

C. I have carefully read and understand the provisions of the Protective Order.

Based on the foregoing representations, Recipient hereby agrees to each of the following:

1. Recipient will abide by the terms of the Global Protective Order and any subsequent amendments or modifications thereto as well as the additional requirements set forth herein.

2. Recipient will not and shall ensure that its employees, agents, or staff will not disclose any material placed in the data room nor the information contained therein to any person, including, without limitation, its clients, other than (a) Recipient's employees, agent and staff who need to know such information in connection with its representation of defendant in the Adversary Proceeding and (b) other professionals retained by defendant in the Adversary Proceeding who need to know such information in connection with such engagement provided that such other professional(s) have executed a NDA and returned it to the Trustee.

3. Recipient will not use any material placed in the data room, directly or indirectly, for any purpose other than in connection with the Adversary Proceeding.

2

4.      If Recipient seeks to file any pleading or other document with the Bankruptcy
Court that contains CONFIDENTIAL – PROFESSIONALS' EYES ONLY Material, it will file
such pleading or other document under seal.

5.      Recipient will take all appropriate measures to ensure that any CONFIDENTIAL
– PROFESSIONALS' EYES ONLY Material that it may obtain is safeguarded consistent with
the confidentiality protections set forth herein including, without limitation, that its employees,
agents and staff will keep all such material and any copies thereof in a locked container, cabinet,
drawer, room or other safe place.

6.      Recipient understands that Recipient is obligated under § 107(b) of the
Bankruptcy Code and state and federal statutes and regulations governing privacy to review
documents produced from the data room and redact financial and personally-identifying
information before sharing such documents with Recipient's clients, witnesses in depositions or
any other purpose related to this adversary proceeding.

7.      Recipient understands that Paragraph 24 of the Global Protective Order, and any
subsequent amendments or modifications thereto, requires that notice be given to the producing
party before any confidential material produced to the Trustee is provided to a third party.

8.      Recipient understands that the disclosure of any summaries, data compilations,
data extractions, document coding, and foldering structures are provided for Recipients'
convenience.  The summaries, data compilations, data extractions, document coding, and
foldering structures may constitute work product as that term is defined by Fed. R. Civ. P.
26(b)(3) and case law.  The Trustee may waive work product protection with respect to the
specific summaries, data compilations, data extractions, document coding, and foldering

3

structures, however disclosure of those materials does not waive work product protection with respect to any other materials not placed in the data room and produced to Recipients.

9.      Recipient understands that any work product protection is not waived as to any work product inadvertently placed in the data room, subject to the provisions of paragraph 17 of the Global Protective Order, and any subsequent amendments or modifications thereto.

10.     Recipient understands and agrees that violation of this Agreement is the equivalent of violation of a Bankruptcy Court order.

11.     Recipient consents to the exercise of personal jurisdiction by the Bankruptcy Court in connection with this Agreement and its obligations hereunder and the Protective Order.

12.     Recipient declares under penalty of perjury under the laws of the State of New York that the foregoing is true and correct.

[Name of Recipient]

_____
By:  Name
Address:

_____
Date