## **EXHIBIT 1**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-01789 (BRL) <br><br> SIPA Liquidation <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, <br><br> Plaintiff, <br><br> v. <br><br> _____, <br><br> Defendant(s). | Adv. Pro. No. 10-_____ (BRL) |

## **NON-DISCLOSURE AGREEMENT**

WHEREAS this non-disclosure agreement (the "Agreement") supplements the Protective Order entered on February 16, 2010 [Docket No. \_\_\_] (the "Global Protective Order") entered in *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities, LLC, et al.,* Adv. Pro. No. 08-01789 (BRL) and any subsequent amendments or modifications thereto; and

WHEREAS, on February \_\_, 2011, the Bankruptcy Court entered an Order Establishing Procedures for an Electronic Data Room [Docket No. \_\_\_\_\_] (the "Data Room Order"). All capitalized terms not otherwise defined herein shall have the meanings given such terms in the

Litigation Procedures Order; and

WHEREAS, in addition to the requirements set forth in the Global Protective Order, and any subsequent amendments or modifications thereto, this Agreement shall govern all materials provided in the data room and produced in connection with the above-captioned Adversary Proceeding (the "Adversary Proceeding"); and

WHEREAS, the parties may designate certain discovery material or testimony of a highly confidential and/or proprietary nature as being "CONFIDENTIAL – PROFESSIONALS' EYES ONLY."

_____ (the "Recipient") hereby represents to each of the following:

A. My firm has been retained by the following defendant(s) in the Adversary Proceeding:

_____

B. I have received a copy of the Protective Order.

C. I have carefully read and understand the provisions of the Protective Order.

Based on the foregoing representations, Recipient hereby agrees to each of the following:

1. Recipient will abide by the terms of the Global Protective Order and any subsequent amendments or modifications thereto as well as the additional requirements set forth herein.

2. Recipient will not and shall ensure that its employees, agents, or staff will not disclose any material placed in the data room nor the information contained therein to any person, including, without limitation, its clients, other than (a) Recipient's employees, agent and staff who need to know such information in connection with its representation of defendant in the Adversary Proceeding and (b) other professionals retained by defendant in the Adversary Proceeding who need to know such information in connection with such engagement provided that such other professional(s) have executed a NDA and returned it to the Trustee.

3. Recipient will not use any material placed in the data room, directly or indirectly, for any purpose other than in connection with the Adversary Proceeding.

2

4.  If Recipient seeks to file any pleading or other document with the Bankruptcy Court that contains CONFIDENTIAL – PROFESSIONALS' EYES ONLY Material, it will file such pleading or other document under seal.

5.  Recipient will take all appropriate measures to ensure that any CONFIDENTIAL – PROFESSIONALS' EYES ONLY Material that it may obtain is safeguarded consistent with the confidentiality protections set forth herein including, without limitation, that its employees, agents and staff will keep all such material and any copies thereof in a locked container, cabinet, drawer, room or other safe place.

6.  Recipient understands that Recipient is obligated under § 107(b) of the Bankruptcy Code and state and federal statutes and regulations governing privacy to review documents produced from the data room and redact financial and personally-identifying information before sharing such documents with Recipient's clients, witnesses in depositions or any other purpose related to this adversary proceeding.

7.  Recipient understands that Paragraph 24 of the Global Protective Order, and any subsequent amendments or modifications thereto, requires that notice be given to the producing party before any confidential material produced to the Trustee is provided to a third party.

8.  Recipient understands that the disclosure of any summaries, data compilations, data extractions, document coding, and foldering structures are provided for Recipients' convenience.  The summaries, data compilations, data extractions, document coding, and foldering structures may constitute work product as that term is defined by Fed. R. Civ. P. 26(b)(3) and case law.  The Trustee may waive work product protection with respect to the specific summaries, data compilations, data extractions, document coding, and foldering

3

structures, however disclosure of those materials does not waive work product protection with respect to any other materials not placed in the data room and produced to Recipients.

9. Recipient understands that any work product protection is not waived as to any work product inadvertently placed in the data room, subject to the provisions of paragraph 17 of the Global Protective Order, and any subsequent amendments or modifications thereto.

10. Recipient understands and agrees that violation of this Agreement is the equivalent of violation of a Bankruptcy Court order.

11. Recipient consents to the exercise of personal jurisdiction by the Bankruptcy Court in connection with this Agreement and its obligations hereunder and the Protective Order.

12. Recipient declares under penalty of perjury under the laws of the State of New York that the foregoing is true and correct.

[Name of Recipient]

_____
By: Name
Address:

_____
Date

4