David J. Sheehan  
Email: dsheehan@bakerlaw.com  
Marc Hirschfield  
Email: mhirschfield@bakerlaw.com  
John Moscow  
Email: jmoscow@bakerlaw.com  
Amy Vanderwal  
Email: avanderwal@bakerlaw.com  
BAKER & HOSTETLER LLP  
45 Rockefeller Plaza  
New York, New York 10111  
Telephone:    (212) 589-4200  
Facsimile:    (212) 589-4201  

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC And Bernard L. Madoff*

Hearing Date and Time:  March 29, 2011 at 10:00 a.m.  
Objection Deadline: March 22, 2011

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>            Plaintiff-Applicant,<br><br>            v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>            Defendant.<br>In re:<br><br>BERNARD L. MADOFF,<br><br>            Debtor. | No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |

**NOTICE OF MOTION FOR AN ORDER PURSUANT TO
SECTION 105(a) OF THE BANKRUPTCY CODE AND RULES 2002 AND 9019 OF
THE FEDERAL RULES OF BANKRUPTCY PROCEDURE APPROVING AN
AGREEMENT BY AND AMONG THE TRUSTEE, FINANCIERE MEESCHAERT SA
<u>AND CERTAIN OTHER ENTITIES</u>**

**PLEASE TAKE NOTICE** that Irving H. Picard ("Trustee"), as trustee for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC, under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.*, and Bernard L. Madoff, by and through his undersigned counsel, will move before the Honorable Burton R. Lifland, United States Bankruptcy Judge, at the United States Bankruptcy Court, the Alexander Hamilton Customs House, One Bowling Green, New York, New York 10004-1408, on **March 29, 2011 at 10:00 a.m.**, or as soon thereafter as counsel may be heard, seeking entry of an order, (the "Order") pursuant to section 105(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), seeking approval of an agreement by and among the Trustee, Financiere Meeschaert SA, Madoff Securities International Limited, acting by its joint liquidators ("MSIL"), the joint liquidators of MSIL, Messers Hosking, Akers and Byers and the United States Department of Justice, Southern District of New York.

**PLEASE TAKE FURTHER NOTICE** that written objections, if any, to the proposed Order ("Objections"), shall (i) be in writing; (ii) conform to the Bankruptcy Rules, Local Bankruptcy Rules and General Orders; (iii) specify the name of the objecting party and state with specificity the basis of the Objection(s) and the specific grounds therefor; (iv) be filed in accordance with the electronic filing procedures for the United States Bankruptcy Court for the Southern District of New York, with a proof of service, and a courtesy copy delivered to the Chambers of the Honorable Burton R. Lifland, One Bowling Green, New York, New York 10004; and (v) be served upon Baker & Hostetler LLP, Counsel for the Trustee, 45

Rockefeller Plaza, New York, New York 10111, Attn: John Moscow, so as to be received no

later than **5:00 p.m. on March 22, 2011**.

Dated: New York, New York                    Respectfully submitted,
       February 28, 2011

                                          */s/ Marc Hirschfield*
                                          Baker & Hostetler LLP
                                          45 Rockefeller Plaza
                                          New York, New York 10111
                                          Telephone: (212) 589-4200
                                          Facsimile: (212) 589-4201
                                          David J. Sheehan
                                          Email: dsheehan@bakerlaw.com
                                          Marc Hirschfield
                                          Email: mhirschfield@bakerlaw.com
                                          John Moscow
                                          Email: jmoscow@bakerlaw.com
                                          Amy Vanderwal
                                          Email: avanderwal@bakerlaw.com

                                          *Attorneys for Irving H. Picard, Trustee for the*
                                          *Substantively Consolidated SIPA Liquidation*
                                          *of Bernard L. Madoff Investment Securities*
                                          *LLC And Bernard L. Madoff*

David J. Sheehan
Email: dsheehan@bakerlaw.com
Marc Hirschfield
Email: mhirschfield@bakerlaw.com
John Moscow
Email: jmoscow@bakerlaw.com
Amy Vanderwal
Email: avanderwal@bakerlaw.com
BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone:    (212) 589-4200
Facsimile:    (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC And Bernard L. Madoff*

**Hearing Date and Time:** March 29, 2011 at 10:00 a.m.
**Objection Deadline:** March 22, 2011

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>       Plaintiff-Applicant,<br><br>       v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>       Defendant. | No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>       Debtor. | |

**TRUSTEE'S MOTION FOR ENTRY OF AN ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND RULES 2002 AND 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE APPROVING AN AGREEMENT BY AND AMONG THE TRUSTEE, FINANCIERE <u>MEESCHAERT SA AND CERTAIN OTHER ENTITIES</u>**

TO:  THE HONORABLE BURTON R. LIFLAND
     UNITED STATES BANKRUPTCY JUDGE:

Irving H. Picard, Esq. (the "Trustee"), as trustee for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), and Bernard L. Madoff ("Madoff" and together with BLMIS, the "Debtors"), by and through his undersigned counsel, submits this motion (the "Motion") seeking entry of an order, pursuant to section 105(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), seeking approval of an agreement (the "Agreement")[1] by and among the Trustee, Financiere Meeschaert SA ("Meeschaert"), Madoff Securities International Limited, acting by its joint liquidators ("MSIL"), the joint liquidators of MSIL, Messers Hosking, Akers and Byers (the "Joint Liquidators") and the United States Department of Justice, Southern District of New York (the "USAO"), in support thereof, the Trustee respectfully represents as follows:

## BACKGROUND

1. On December 11, 2008 (the "Filing Date"), the Securities and Exchange Commission ("SEC") filed a complaint in the United States District Court for the Southern District of New York (the "District Court") against the Debtors (Case No. 08 CV 10791). The complaint alleged that the Debtors engaged in fraud through investment advisory activities of BLMIS.

2. On December 15, 2008, pursuant to section 78eee(a)(4)(A) of SIPA, the SEC consented to a combination of its own action with an application of the Securities Investor

---

[1] The form of Agreement is annexed hereto as Exhibit "A."

2

Protection Corporation ("SIPC"). Thereafter, pursuant to section 78eee(a)(3) of SIPA, SIPC filed an application in the District Court alleging, *inter alia*, that BLMIS was not able to meet its obligations to securities customers as they came due and, accordingly, its customers needed the protection afforded by SIPA.

3. On that date, the District Court entered the Protective Decree, to which BLMIS consented, which, in pertinent part:

(a) appointed the Trustee for the liquidation of the business of BLMIS pursuant to section 78eee(b)(3) of SIPA;

(b) appointed Baker & Hostetler, LLP as counsel to the Trustee pursuant to section 78eee(b)(3) of SIPA; and

(c) removed the case to this Court pursuant to section 78eee(b)(4) of SIPA.

4. At a plea hearing (the "Plea Hearing") on March 12, 2009 in the criminal action filed against him by the United States Attorney's Office for the Southern District of New York, Madoff pled guilty to an 11-count criminal information, which counts included securities fraud, money laundering, theft and embezzlement. At the Plea Hearing, Madoff admitted that he "operated a Ponzi scheme through the investment advisory side of [BLMIS]." (Plea Hr'g Tr. at 23:14-17.) On June 29, 2009, Madoff was sentenced to a term of imprisonment of 150 years.

5. On April 13, 2009, an involuntary bankruptcy petition was filed against Madoff. On June 9, 2009, this Court entered an order substantively consolidating the Chapter 7 estate of Madoff into the BLMIS SIPA proceeding.

6. MSIL is an English company that was engaged in the business of securities trading. Essentially, MSIL traded for the personal accounts of Madoff and members of his family. In addition, the bank accounts of MSIL were used by Madoff for a variety of purposes, including the purchase of personal assets such as luxury yachts, automobiles and

3

furnishings for himself and members of his family. Madoff is the majority shareholder of MSIL and members of his family and other associates own the remainder of the shares.

7. On December 19, 2008, on an application by the directors of MSIL, the High Court of Justice, Chancery Division, Companies Court in the United Kingdom (the "British Court") entered an Order placing MSIL in provisional liquidation and appointing the Joint Liquidators. Upon the Trustee's application, he was recognized as a foreign representative, and the SIPA proceeding was recognized as a foreign main proceeding by the British Court, pursuant to an order dated March 3, 2009. An order for cooperation between the Trustee and the Joint Liquidators was entered by the British Court on March 6, 2009.

8. Since the date of their respective appointments, the Trustee and the Joint Liquidators have been working to locate assets of the Debtors and MSIL worldwide and once located, liquidate the assets to allow eventual distribution of the proceeds to customers. One of the assets identified is a yacht, "Bull," registered with the Cayman Islands Register of British Ships under reference number 740064 (the "Yacht").

9. The Joint Liquidators have, in the course of their investigation, traced the money utilized to purchase the Yacht and determined that these funds originated from MSIL's treasury.

10. The Yacht is currently registered to Yacht Bull Corporation, however, all right, title and interest in the Yacht has been forfeited to the USAO pursuant to certain forfeiture orders entered against Madoff and Ruth Madoff.

11. Various claims have been asserted with regard to the Yacht in the Cayman Islands, England and France. Specifically: (i) a claim was brought by MSIL against Yacht Bull Corporation in the Grand Court of the Cayman Islands to clarify title to the Yacht, in

which action Meeschaert has intervened (the "Cayman Claim"); (ii) a claim was brought by MSIL in the British Court against Yacht Bull Corporation and Meeschaert (the "English Claim") to clarify title to the Yacht; (iii) injunction proceedings were commenced by Meeschaert against the Joint Liquidators and Yacht Bull Corporation in the British Court (the "Injunction Proceedings") in an attempt to restrain the sale or transfer of the Yacht until determination of the French Claim (as defined below); and (iv) a claim was asserted by Meeschaert against Yacht Bull Corporation and Ruth Madoff in the Commercial Court of Antibes for damages arising out of the Ponzi scheme (the "French Claim"). The French Claim, which involved an unsuccessful attempt to arrest the Yacht, occasioned several parallel actions and appeals, including the Cayman Claim and the English Claim.

12. Meeschaert obtained a "Freezing Order" in the Injunction Proceedings which restrained the sale of the Yacht. On June 29, 2010, the Joint Liquidators provided undertakings to the British Court which resulted in the discharge of the Freezing Order.

13. The parties to the Settlement Agreement have agreed to compromise the English Claim, the French Claim, the Cayman Claim and the Injunction Proceedings on the terms set forth in the Agreement.

## THE AGREEMENT

14. The Agreement resolves the disputes between Meeschaert and the other parties to the Agreement relating to the Yacht. In consideration of the covenants set out in the Agreement, and the payment by Meeschaert to MSIL of $500,000 (the "Settlement Amount"), the parties have agreed:[2]

---

[2] Only a summary of the Agreement is provided herein. The form of Agreement attached as Exhibit "A" should be reviewed for a complete account of its terms.

5

(i)     Meeschaert will discontinue the French Claim and will not bring any further claims or proceedings anywhere in the world relating to the Yacht. MSIL will not make any claim for costs in respect of such discontinuance.

(ii)    Meeschaert will withdraw its intervention in the action in the Cayman Islands and MSIL will not make any claims for costs in respect of such withdrawal. The Joint Liquidators, the USAO and Yacht Bull Corporation agree to compromise the Cayman Islands Claim by consenting to the rectification of the Cayman Register of British Ships to show MSIL as the owner of the Yacht.

(iii)   Meeschaert will consent to the release of the undertakings given by the Joint Liquidators in the Injunction Proceedings.

(iv)    Meeschaert will unconditionally withdraw, and will not otherwise assert, all allegations of criminality against MSIL and the Joint Liquidators relating to the relocation of the Yacht by the Joint Liquidators from Antibes to Gibraltar.

(v)     Meeschaert will not attempt to assert any claim related to the forfeiture of the Yacht by the USAO. The USAO agrees, upon payment of the Settlement Amount, to release and refrain from instituting any civil claims against Meeschaert in connection with Meeschaert's conduct regarding the Cayman Claim, the English Claim, the French Claim and the Injunction Proceedings.

(vi)    Meeschaert agrees not to intervene or oppose any claim made by MSIL against Yacht Bull Corporation and/or Ruth Madoff.

(vii)   Each of the parties to the Agreement, other than the USAO, releases all claims against each other party in relation to acts regarding or related to the Yacht.

15.     The Agreement specifically provides that the Settlement Payment will be held in a separate account by MSIL and will thereafter be paid over to the Trustee for distribution to customers of BLMIS.

## RELIEF REQUESTED

16.     By this Motion, the Trustee respectfully requests that the Court enter an order substantially in the form of the proposed Order annexed hereto as Exhibit "B" approving the Agreement.

6

## LEGAL BASIS

> I.  The Agreement is Fair, Equitable and in the
> Best Interests Of the Debtors, their Estates and Customers of BLMIS

17.  Bankruptcy Rule 9019(a) provides, in pertinent part, that: "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Courts have held that in order to approve a settlement or compromise under Bankruptcy Rule 9019(a), a bankruptcy court should find that the compromise proposed is fair and equitable, reasonable and in the best interests of a debtor's estate. *In re Ionosphere Clubs, Inc.*, 156 BR 414, 426 (S.D.N.Y. 1993), *accord*, 17 F.3d 600 (2d Cir. 1994) (citing *Protective Comm. for Index. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968)).

18.  The Second Circuit has stated that a bankruptcy court, in determining whether to approve a compromise, should not decide the numerous questions of law and fact raised by the compromise, but rather should "canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness.'" *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir.), *cert. denied sub nom. Cosoff v. Roman*, 464 U.S. 822 (1983) (quoting *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir.), *cert. denied sub nom. Benson v. Newman*, 409 U.S. 1039 (1972)); *accord Nellie v. Shugrue*, 165 BR 115, 121-22 (S.D.N.Y. 1994); *In re Ionosphere Clubs*, 156 BR at 426; *In re Purified Down Prods. Corp.*, 150 BR 519, 522 (S.D.N.Y. 1993) ("[T]he court need not conduct a 'mini-trial' to determine the merits of the underlying litigation"); *In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991).

19.  In deciding whether a particular compromise falls within the "range of reasonableness," courts consider the following factors:

        (i)      the probability of success in the litigation;

        (ii)     the difficulties associated with collection;

        (iii)    the complexity of the litigation, and the attendant expense, inconvenience, and delay; and

        (iv)    the paramount interests of the creditors.

*Nellis v. Shugrue*, 165 B.R. at 122 (citing *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 292 (2d Cir. 1992), *cert. dismissed*, 506 U.S. 1088 (1993)).

20.    The bankruptcy court may credit and consider the opinions of the trustee or debtor and their counsel in determining whether a settlement is fair and equitable. *See In re Purofied Down Prods.*, 150 B.R. at 522; *In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. at 505. The competency and experience of counsel supporting the settlement may also be considered. *Nellis v. Shugrue*, 165 B.R. at 122. Finally, the court should be mindful of the principle that "the law favors compromise." *In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. at 505 (quoting *In re Blair*, 538 F.2d 849, 851 (9th Cir. 1976)).

21.    The Trustee believes that the terms of the Agreement fall well above the lowest point in the range of reasonableness and, accordingly, the Agreement should be approved by this Court. The Agreement resolves all claims among the parties relating to the Yacht and allows the Joint Liquidators to move forward with the sale of the Yacht, the proceeds of which will ultimately be distributed by the Trustee to customers of BLMIS with valid claims. (Affidavit of the Trustee in Support of the Motion (the "Picard Affidavit") ¶ 4. A true and accurate copy of the Picard Affidavit is attached hereto as Exhibit "C.")

22.    In addition, the Settlement Payment compensates MSIL's and the Debtors' estates for the delays caused by the various proceedings relating to the Yacht and the terms

8

of the Agreement allow the Trustee and MSIL to avoid having to seek costs against Meeshaert in courts all over the world. Picard Affidavit, ¶ 5.

23. In sum, the Trustee submits that the Agreement should be approved (a) because the Settlement Amount fairly compensates the Debtors' estates for the delay in the sale of the Yacht and these funds will ultimately benefit the customers of BLMIS, and (b) to avoid participating in potentially burdensome and expensive litigation in various courts in Europe and the Caribbean. Accordingly, since the Agreement is well within the "range of reasonableness" and confers a substantial benefit on the estate, the Trustee respectfully requests that the Court enter an Order approving the Agreement.

**Notice**

24. In accordance with Bankruptcy Rules 2002 and 9019, notice of this Motion has been given to (i) SIPC; (ii) the SEC; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; and (v) by way of the ECF filing that will be made, each person or entity that has filed a notice of appearance in this case. The Trustee submits that no other or further notice need be given. and respectfully requests that the Court find that such notice is proper and sufficient.

WHEREFORE, the Trustee respectfully requests entry of an Order substantially in the form of Exhibit "B" granting the relief requested in the Motion.

9

Dated: New York, New York
       February 28, 2011

Respectfully submitted,

*/s/ Marc Hirschfield*
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Marc Hirschfield
Email: mhirschfield@bakerlaw.com
John Moscow
Email: jmoscow@bakerlaw.com
Amy Vanderwal
Email: avanderwal@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC And Bernard L. Madoff*

10