**EXHIBIT C**

**AFFIDAVIT OF IRVING PICARD**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>        Plaintiff-Applicant,<br><br>        v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>        Defendant.<br>In re:<br><br>BERNARD L. MADOFF,<br><br>        Debtor. | No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |

**AFFIDAVIT IN SUPPORT OF MOTION FOR AN ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND RULES 2002 AND 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE APPROVING AN AGREEMENT BY AND AMONG THE TRUSTEE, FINANCIERE MEESCHAERT SA AND CERTAIN OTHER ENTITIES**

STATE OF NEW YORK    )
                            ) ss:
COUNTY OF NEW YORK)

Irving H. Picard, being duly sworn, hereby attests as follows:

       1.      I am the trustee for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq*., and Bernard L. Madoff ("Madoff" and together with BLMIS, the "Debtors"). I am familiar with the affairs of the Debtors. I respectfully submit this Affidavit in support of the Motion for Entry of Order pursuant to sections 105(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure, approving the agreement (the "Agreement") by and among the Trustee, Financiere Meeschaert SA ("Meeschaert"), Madoff Securities

International Limited ("MSIL"), acting by its joint liquidators, the joint liquidators of MSIL, Messers Hosking, Akers and Byers (the "Joint Liquidators"), and the United States Department of Justice, Southern District of New York.

2. I make this Affidavit based upon my own personal knowledge or upon information that I believe to be true.

3. All capitalized terms not defined herein have the meaning ascribed to them in the Motion.

4. I believe that the terms of the Agreement fall well above the lowest point in the range of reasonableness and, accordingly, the Agreement should be approved by this Court. The Agreement resolves all claims relating to the Yacht and allows the Joint Liquidators to move forward with the sale of the Yacht, the proceeds of which will ultimately be distributed by me asTrustee to customers of BLMIS with valid claims.

5. In addition, the Settlement Payment compensates MSIL's and the Debtors' estates for the delays caused by the various proceedings relating to the Yacht and the terms of the Agreement allow me as Trustee and MSIL to avoid having to seek costs against Meeshaert in courts all over the world.

6. Given the potential impact of these issues, and the cost and complexities involved, I have determined that the Agreement represents a fair compromise. The Agreement also furthers the interests of the customers of BLMIS by bringing funds into the estate for distribution to customers.

7. In sum, I submit that the Agreement should be approved (a) because the Settlement Amount fairly compensates the Debtors' estates for the delay in the sale of the Yacht and these funds will ultimately benefit the customers of BLMIS, and (b) to avoid participating in potentially burdensome and expensive litigation in various courts in Europe

and the Caribbean.

/s/ *Iriving H. Picard*
IRVING H. PICARD

Subscribed and Sworn to before me
this 28th day of February, 2011

/s/ *Sonya M. Graham*
Notary Public

Sonya M. Graham
Notary Public, State of New York
    No. 01GR6133214
Qualified in Westchester County
Commission Expires: 9/12/2013