**PORZIO, BROMBERG & NEWMAN, P.C.**  
100 Southgate Parkway  
P.O. Box 1997  
Morristown, New Jersey 07962  
(973) 538-4006  
-and-  
156 West 56th St.  
New York, NY 10019  
Attorney Appearing:   Brett S. Moore (BM-0014)

Attorneys for Alain Rukavina and Paul Laplume, Court-Appointed Liquidators for Luxalpha Sicav and Luxembourg Investment Fund Sicav, and Ferdinand Burg and Carlo Reding, Court-Appointed Liquidators for Herald (Lux) Sicav

Hearing Date:  March 16, 2011 at 10:00 am  
Objection Deadline:  March 2, 2011 at 10:00 am

## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                    Plaintiff,<br><br>                        -v-<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES, LLC.<br><br>                    Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |

**COURT-APPOINTED LIQUIDATORS FOR LUXALPHA SICAV, LUXEMBOURG INVESTMENT FUND SICAV AND HERALD (LUX) SICAV'S LIMITED OBJECTION TO TRUSTEE'S MOTION FOR ENTRY OF LITIGATION PROTECTIVE ORDER**

Messrs. Alain Rukavina and Paul Laplume, court-appointed Liquidators for Luxalpha Sicav ("Luxalpha") and Luxembourg Investment Fund Sicav ("LIF"), and Messrs. Ferdinand Burg and Carlo Reding, court-appointed Liquidators for Herald (Lux) Sixcav ("Herald Lux", along with Luxalpha and LIF shall collectively be referred to herein as the "Funds" and Messrs. Rukavina, Laplume, Burg and Reding shall collectively be referred to herein as the "Liquidators"), respectfully submit the following limited

1499836

objection (the "Objection") to the Motion for Entry of Litigation Protective Order (the "Motion") brought by Irving H. Picard (the "Trustee").[1] The grounds supporting this Objection are set forth herein.

**PRELIMINARY STATEMENT**

1. As explained below, the Liquidators are court-appointed fiduciaries charged with the responsibility of representing not only the interests of the Funds, but also represent the interests of investors in the Funds.

2. While the Liquidators do not generally oppose to the relief sought in the Motion, the Liquidators do object to some of the language set forth paragraph 4 of the proposed Litigation Protective Order to the extent that such language would be deemed in any future discovery dispute to prejudice the Liquidators rights regarding investor related information.

3. More specifically, paragraph four (4) of the proposed Litigation Protective Order states that in addition to other items, the following will not be considered confidential material: (i) names of BLMIS customers and subsequent transferees, and (ii) transfers from BLMIS customers to subsequent transferees.

4. Paragraph four (4) of the proposed Litigation Protective Order is arguably inconsistent with paragraph two (2) of the proposed Litigation Protective Order which expressly provides that information produced in this matter may be designated as confidential to the extent that: (i) such information contains personal identifying information, (ii) disclosure of such information would breach a legal or contractual obligation, or (iii) such information is otherwise subject to protection under section 107(b) or (c) of the Bankruptcy Code, Bankruptcy Rules 9018 and 9037, and/or other applicable law.

5. Because investor related information may be confidential and subject to the Liquidators professional secrecy obligations, and because the Liquidators may not have access to complete investor

---

[1] The Liquidators submit this Objection without prejudice to, and without waiver of, any rights, arguments or defenses they may have at law or in equity, including, without limitation, their rights to contest personal jurisdiction over the Liquidators and/or Funds.

2

1499836

information and/or certain information to which they have access may not be entirely accurate, the Liquidators want to ensure that the language set forth in paragraph four (4) of the proposed Litigation Protective Order does not: (i) prejudice the Liquidators' rights in any way to enter into good faith discussions with the Trustee about disclosure/confidentiality issues associated with any investor related information that may be subject to any future discovery demand made by the Trustee, nor (ii) prejudice the Liquidators' rights to move to seek a protective order from this Court in response to any discovery demand made by the Trustee if necessary.

## LIMITED OBJECTION

**A.** **Luxalpha Sicav and Luxembourg Investment Fund Sicav**

6. On April 2 and 30, 2009, Luxalpha Sicav and Luxembourg Investment Fund Sicav, respectively, were pronounced dissolved and ordered liquidated pursuant to Article 104 of Luxembourg Law of 20 December 2002, as amended.

7. Messrs. Alain Rukavina and Paul Laplume were appointed by the Tribunal d'Arrondissement de et à Luxembourg Sixth Chamber (the "Luxembourg Court") to serve as the court-appointed Liquidators for Luxalpha and LIF.

**B.** **Herald (Lux) Sicav**

8. On April 2, 2009, Herald (Lux) Sicav was pronounced dissolved and ordered liquidated pursuant to Article 104 of Luxembourg Law of 20 December 2002, as amended.

9. Messrs. Ferdinand Burg and Carlo Reding were appointed by the Luxembourg Court to serve as the court-appointed Liquidators for Herald Lux.

**C.** **The Liquidators' Duties**

10. As set forth in the respective commercial judgments entered by the Luxembourg Court, the Liquidators represent both the Funds and their respective investors and creditors and are vested

3

1499836

with the widest powers for the purpose of attaining their objective, whether those powers are exercised in the Grand Duchy of Luxembourg or abroad.

11. The Liquidators are charged with a difficult task in obtaining all relevant information as the files for the Funds were maintained by the respective banks and financial institutions that established the Funds and managed their day to day affairs, and the Liquidators continue in their efforts to obtain all relevant information from various sources.

12. Similar to the files obtained by the Trustee in this case, the Liquidators' files for the respective Funds are not entirely complete, and may contain some inaccurate information. Thus, the Liquidators are, similar to the Trustee, investigating the facts and circumstances surrounding the Funds and the investors.

13. While the Liquidators have been able to obtain certain information and documents from such banks and financial institutions, as well as the Luxembourg Supervisory Authority for the Financial Sector ("CSSF"), the Liquidators have requested/received certain information directly from investors and other sources.

14. To adequately carry out their court-ordered fiduciary duties, the Liquidators were entrusted by certain investors, clients, customers, creditors, associates, financial institutions, etc. with confidential and restricted information, records, and documents. Much of that information was provided to the Liquidators in their official capacities and on a confidential basis. Additionally, some information was provided to Messrs. Rukavina and Laplume subject to express Confidentiality Agreements.

15. Undoubtedly, any confidential, personal, and financially sensitive information would not have been produced or revealed by investors to the Liquidators had they known that this information would later be publicly disclosed in a case pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). Indeed, investors in the Funds have objected to

4

the Liquidators' release of identifying information, and in some instances have even threatened potential suit against Messrs. Rukavina and Laplume to the extent that their personal information is produced in discovery.

16.     Accordingly, while the resolution of the difficult issues regarding disclosure of investor related information need not be resolved in connection with the instant Motion, the Liquidators want to ensure that the language set forth in paragraph four (4) of the proposed Litigation Protective Order does not: (i) prejudice the Liquidators' rights in any way to enter into good faith discussions with the Trustee about disclosure/confidentiality issues associated with any investor related information that may be subject to any future discovery demand made by the Trustee, nor (ii) prejudice the Liquidators' rights to move to seek a protective order from this Court in response to any discovery demand made by the Trustee if necessary.

## **RESERVATION OF RIGHTS**

17.     In addition to the arguments raised above, the Liquidators expressly reserve all rights to object to, challenge, protest, and/or resist the discovery demands of the Trustee insofar as they seek to impose upon the Liquidators obligations beyond those required by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule(s)"), the Local Rules of the Bankruptcy Court, the laws of Luxembourg, a Hague Convention Treaty and/or any other applicable law, treaty, or rule.  Furthermore, as noted above, by filing this Objection the Liquidators do not submit to the jurisdiction of the Court and reserve all rights, arguments or defenses they may have at law or in equity, including, without limitation, their rights to contest personal jurisdiction over the Liquidators and/or Funds.

## **CONCLUSION**

WHEREFORE, the Liquidators respectfully request that the Bankruptcy Court enter the Litigation Protection Order with clarifying language which provides that the language set forth in paragraph four

5

1499836

(4) of the proposed Litigation Protective Order does not: (i) prejudice the Liquidators' rights in any way to enter into good faith discussions with the Trustee about disclosure/confidentiality issues associated with any investor related information that may be subject to any future discovery demand made by the Trustee, nor (ii) prejudice the Liquidators' rights to move to seek a protective order from this Court in response to any discovery demand made by the Trustee if necessary.

Dated:    March 2, 2011

**PORZIO, BROMBERG & NEWMAN, P.C.**
Attorneys for Alain Rukavina and Paul Laplume, Court-Appointed Liquidators for Luxalpha Sicav and Luxembourg Investment Fund Sicav, and Ferdinand Burg and Carlo Reding, Court-Appointed Liquidators for Herald (Lux) Sicav

By:    /s/ Brett S. Moore
       Brett S. Moore

1499836