Joseph P. Moodhe  
Shannon Rose Selden  
DEBEVOISE & PLIMPTON LLP  
919 Third Avenue  
New York, New York  10022  
Tel.:  (212) 909-6000  
Fax:  (212) 909-6836  
jpmoodhe@debevoise.com  
srselden@debevoise.com  

*Counsel to Defendants Plaza Investments International, Limited & Notz, Stucki Management (Bermuda) Limited*

Hearing Date:  **March 16, 2011 at 10:00 a.m.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITY INVESTOR PROTECTION CORPORATION<br><br>            Plaintiff,<br><br>vs.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES, LLC<br><br>            Defendant. | SIPA LIQUIDATION<br><br>No. 08-01789 (BRL)<br><br>Substantively Consolidated |
| In re: Bernard L. Madoff,<br><br>            Debtor. | |

**OBJECTION TO TRUSTEE'S MOTION FOR ENTRY
OF LITIGATION PROTECTIVE ORDER AND PROPOSED ORDER**

Plaza Investments International Limited ("Plaza"), on behalf of itself and its

investors, and Notz, Stucki Management (Bermuda) Limited ("NSMB"), hereby object to

the Motion for Entry of Litigation Protective Order ("the Motion") filed February 1, 2011

23378578

by the Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS").[1]

## PRELIMINARY STATEMENT

The Trustee's Proposed Litigation Protective Order (the "Proposed Order") eliminates crucial safeguards for confidential information provided in the February 16, 2010 Protective Order (the "Protective Order") in favor of a one-sided arrangement that would permit the Trustee broad discretion to disclose highly sensitive information, even when such information has been designated "Confidential" by the producing party. It is overbroad, unnecessary and should be rejected.

The Proposed Order overreaches in two critical ways. *First*, it defines "Confidential" information too narrowly, by limiting the definition to exclude the names and sensitive financial information of BLMIS customers and subsequent transferees, and by stripping such information of confidentiality designations made in reliance on the existing Protective Order. Proposed Order ¶¶ 4, 20. *Second*, the Proposed Order provides inadequate protection to the limited information that it does define as "Confidential," by permitting the Trustee to disclose such information in connection with the determination of claims, the investigation of account or funds transfers and, in certain cases, in litigation. *Id*. ¶ 12.

These changes upend the parties' settled expectations and the careful balance struck by the Protective Order. Unlike the Proposed Order, the Protective Order

---

[1] Plaza and NSMB are defendants in Adv. Pro. No. 10-4932, which is substantively consolidated with SIPA Liquidation, No. 08-01789.

2

23378578

recognizes that the Trustee's desire to obtain and use confidential information must be weighed against the countervailing need "to protect BLMIS investors' rights to financial privacy and shield their personally identifiable information from disclosure." Protective Order at 1 & ¶ 3. That balance is just as essential in the adversary proceedings. Having used the Protective Order to induce investors to provide extensive private information in connection with its pre-complaint investigations, the Trustee should not be permitted to change the rules mid-game.

## ARGUMENT

Modification of the Protective Order is not warranted for three straightforward reasons: (i) the Trustee has failed to establish good cause for the modification; (ii) the issues purportedly requiring modification were reasonably foreseeable when the Protective Order was entered, and (iii) the parties have relied on the existing Protective Order to disclose extensive confidential information over the course of the past year. *See Bayer AG v. Barr Labs., Inc.*, 162 F.R.D. 456, 462-63 (S.D.N.Y. 1995) (discussing factors governing requests to modify a protective order).

### A. The Trustee Has Not Shown Good Cause To Modify The Protective Order.

The Trustee attempts to establish the "good cause" required to modify the Protective Order by equating it with convenience. It argues that, in light of the volume and complexity of the adversary proceedings, the Confidentiality designations required by the existing Order would create unnecessary burdens on the Trustee and Court and

3

would impede discovery, litigation, and the Trustee's on-going investigation. Motion ¶¶ 6-8. This analysis, like the Proposed Order, falls far short of showing the requisite "good cause." *Bayer*, 162 F.R.D. at 464; *H.L. Hayden Co. of New York, Inc. v. Siemens Medical Systems, Inc*., 106 F.R.D. 551, 555 (S.D.N.Y. 1985). "Good cause" cannot be established simply by showing that modification would render litigation easier or less complicated for one party to the proceeding. Rather, the court must consider both sides and "weigh [the] need for the modification against [the] need for protection, factoring in the availability of alternatives to better achieve **both parties' goals**." *Bayer*, 162 F.R.D. at 464 (emphasis added).

The Proposed Order advances only one party's goals – the Trustee's. It eliminates key confidentiality protections accorded to BLMIS customers *and their subsequent transferees*, permitting public disclosure of their names and sensitive, personal financial information, including the amount of withdrawals, redemptions and transfers. *Compare* Proposed Order ¶ 4 *with* Protective Order ¶ 3. In addition, under the Proposed Order, information that has been designated "Confidential" could be disclosed at the Trustee's discretion in matters wholly unrelated to the proceedings against the disclosing party – where under the Protective Order, it must be maintained in confidence. *Compare* Proposed Order ¶ 12(a)-(c) *with* Protective Order ¶ 3, 5. In view of the extensive and wide-ranging nature of the Trustee's proceedings against other persons and entities, the disclosure permitted by the new exception would be so broad as to render the Proposed Order ineffective as a safeguard for the parties' confidential information. The excessiveness of the Proposed Order in this regard alone weighs heavily against

4

08-01789-cgm    Doc 3884    Filed 03/02/11    Entered 03/02/11 14:30:45    Main Document
Pg 5 of 9

modification. *See, e.g., Hayden*, 106 F.R.D. at 556 (weighing that "[t]he defendants proceeded with discovery under the expectation that the materials they disclosed would be used only for purposes of this lawsuit"). Such broad discretion stands in stark contrast to the balance between "both parties' goals" that is reflected in the existing Protective Order and that is required to warrant modification. *Bayer*, 162 F.R.D. at 464.

Moreover, it is not clear that removing these critical protections for Confidential Information would in fact achieve the efficiencies that are the basis for the Trustee's motion. The existing Protective Order already has facilitated extensive discovery, including both the provision of documents and, in certain cases, depositions, as the Trustee's filings to date make clear. *See e.g.*, *Picard v. UBS A.G., Inc.*, No. 10-04285 (BRL) (Bankr. S.D.N.Y. Nov. 23, 2010) (Complaint ¶ 164, discussing testimony); *Picard v. HSBC Bank PLC*, No. 09-01364 (BRL), (Bankr. S.D.N.Y. Dec. 5, 2010) (Complaint ¶¶ 211, 253, citing email). If further discovery is required, that discovery also could and should be conducted under the familiar standard of the existing Protective Order. Nor will the restrictions on Confidential Information eliminate the need for filings under seal; despite its broad bias in favor of disclosure, the Proposed Order does still protect certain Confidential information (such as trade secrets and other commercial information), which is likely to be contained in many documents at issue and would require redaction and filing under seal. Moreover, the Trustee can readily confer with parties as deemed appropriate about re-classifying information, as it did recently in connection with the unsealing of various complaints, rather than forcing an open-ended abandonment of

5

claims to confidential protection by parties whom the Trustee has chosen to sue on yet-to-be-tested theories of liability.

### B. The Issues Purportedly Warranting Modification Were Foreseeable And Addressed By The Prior Order.

The fact that the Trustee could have foreseen – and in fact did foresee – the issues that it now contends warrant modification also weighs heavily against the Proposed Order. *See Bayer*, 162 F.R.D. at 466; *Jochims v. Isuzu Motors, Ltd.*, 145 F.R.D. 499, 502 (S.D. Iowa 1992) ("Not surprisingly, a party's oversight in not negotiating a provision in a protective order concerning a matter which should have been reasonably foreseeable at the time of the agreement has been held to not constitute good cause for relief from the protective order."). Although the Trustee places great emphasis on the argument that the current Protective Order "is not well-suited for this litigation phase," Motion ¶ 8, the litigation of extensive adversary proceedings is well within the scope of issues anticipated and addressed in the existing Protective Order. Indeed, in its December 2009 Motion in support of the Protective Order, the Trustee explicitly argued in favor of a "uniform standard" that would "apply universally to this case *and all adversary proceedings* to avoid [confusion and inadvertent disclosure] and to further the efficient administration of the liquidation." Dec. 2009 Motion ¶ 7 (emphasis added). Having foreseen the possibility of extensive adversary proceedings, the Trustee should not be permitted to renege on the provisions it negotiated to govern them.

### C. The Disclosure Of Extensive Confidential Information In Reliance On The Existing Protective Order Weighs Heavily Against Modification.

The extensive and justifiable reliance on the existing Protective Order by numerous parties, including NSMB and Plaza, weighs heavily against modification. *See Bayer*, 162 F.R.D. at 467 (quoting *Hayden*, 106 F.R.D. at 555 and weighing "extent to which a party resisting modification relied on the protective order in affording access to discovered materials"). The Protective Order is precisely the kind of broad, open-ended order on which parties are entitled to rely. *See* Protective Order ¶ 28 (Order will "remain in full force and effect" until "the close" of the proceeding); Dec. 2009 Motion ¶ 7 (arguing that the Order will apply "universally to this case and all adversary proceedings"). As the Trustee intended, Plaza and NSMB did in fact rely on the Order and elected to cooperate with the Trustee by providing highly confidential information in the expectation that the confidentiality would be preserved. The Trustee should not be permitted to change the rules now, and disclose that confidential information for its own convenience. *See SEC v. TheStreet.com*, 273 F.3d 222, 230 (2d Cir. 2001) ("It is . . . presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied."); *accord Pellegrino v. United States*, 89 Civ. 8406, 1992 U.S. Dist. LEXIS 5129 at *12 (S.D.N.Y. Apr. 15, 1992) ("reliance on the Stipulation and Order gives plaintiffs a heavy burden in urging modification").

## **CONCLUSION**

For the reasons stated above, Plaza and NSMB object to the entry of the Proposed Order and respectfully request that the Trustee's motion be denied.

Dated: March 2, 2011
       New York, NY

                                      Respectfully submitted,

                                      /s/ Joseph P. Moodhe
                                      Joseph P. Moodhe
                                      Shannon Rose Selden
                                      jpmoodhe@debevoise.com
                                      srselden@debevoise.com
                                      DEBEVOISE & PLIMPTON LLP
                                      919 Third Avenue
                                      New York, New York  10022
                                      Tel.:  (212) 909-6000
                                      Fax:  (212) 909-6836

                                      *Counsel to Defendants Plaza*
                                      *Investments International, Limited*
                                      *and Notz, Stucki Management*
                                      *(Bermuda) Limited*

23378578

# CERTIFICATE OF SERVICE

I, Joseph P. Moodhe, a partner with Debevoise & Plimpton LLP, attorneys for defendants Plaza Investments International, Limited and Notz, Stucki Management (Bermuda) Limited, certify:

I am over eighteen 18 years of age.  On the 2nd day of March 2011, I caused the within Objection to Trustee's Motion for Entry of Litigation Protective Order and Proposed Order to be served by personal delivery upon the following counsel at the following addresses:

> David J. Sheehan
> BAKER & HOSTETLER LLP
> 45 Rockefeller Plaza
> New York, NY 10111

> Judith A. Selby
> BAKER & HOSTETLER LLP
> 45 Rockefeller Plaza
> New York, NY 10111

> *Counsel for Irving H. Picard, Trustee*
> *for the Substantively Consolidated SIPA Liquidation*
> *of Bernard L. Madoff Investment Securities LLC*
> *and Bernard L. Madoff*

Pursuant to 28 U.S.C. § 1746, I certify under the penalty of perjury that the foregoing is true and correct.

Executed on March 2, 2011.

/s/ Joseph P. Moodhe___

23378578