PRYOR CASHMAN LLP
Richard Levy, Jr.
7 Times Square
New York, New York 10036-6569
Telephone: (212) 421-4100
Facsimile:  (212) 326-0806
rlevy@pryorcashman.com

Attorneys for Claimant

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
SECURITIES INVESTOR                              :
PROTECTION CORPORATION,                          :
                                                 :
                          Plaintiff,   :   SIPA LIQUIDATION
                                                 :   (Substantively Consolidated)
              v.                                :   Adv. Pro. No. 08-01789 (BRL)
                                                 :
BERNARD L. MADOFF INVESTMENT                     :
SECURITIES LLC,                                  :
                                                 :
                          Defendant.   :
---------------------------------------------------------------x
                                                 :
In re:                                           :
                                                 :
BERNARD L. MADOFF,                               :
                                                 :
                          Debtor.      :
---------------------------------------------------------------x

## OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM NO. 012991:

Rosalie Wallenstein and Jan Ellen Lupu JT/WROS (together "Claimant") hereby object to the Notice of Trustee's Determination of Claim, dated October 19, 2009 ("Determination").

       1.       On December 15, 2008, the Securities and Exchange Commission commenced a proceeding against Bernard L. Madoff Investment Securities, LLC ("BLMIS") seeking liquidation of BLMIS pursuant to the Securities Investor Protection Act of 1970, as amended,

15 U.S.C. §§ 78aaa, *et seq.*("SIPA"). *See* Order, *SEC v. Madoff*, No. 08-10791 (S.D.N.Y. Dec. 15, 2008) (Dkt. No. 4). Irving H. Picard was appointed Trustee ("Trustee") to oversee the liquidation of BLMIS and to process customer claims pursuant to SIPA. *Id. See also* 15 U.S.C. § 78fff-1. The liquidation proceeding was then transferred to the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court") for further proceedings.

2. On December 23, 2008, the Bankruptcy Court issued an order, *ex parte*, that directed the Trustee to disseminate notice and claim forms to BLMIS customers, fixed deadlines for the filing of claims, and set forth certain procedures for the submission and handling of claims. *See* Order on Application for an Entry of an Order Approving Form and Manner of Publication and Mailing of Notices, Specifying Procedures for Filing, Determination, and Adjudication of Claims, and Providing Other Relief (Dkt. No. 12) (the "Claims Procedures Order").

3. As of December 11, 2008, Claimant was a "customer" of BLMIS, as the term is defined by SIPA.

4. Claimant timely filed a customer net equity claim, with supporting documents (together, the "Claim"), which the Trustee designated as Claim NO. 012991. Claimant incorporates the Claim by reference.

5. On or about October 19, 2009, the Trustee (the "Trustee") sent the Claimant the Determination which, among other things, denied Claimant's claim to recover the full stated value of the Claimant's account as shown on the November 30, 2008 account statement issued to Claimant by BLMIS, which was the last such statement issued by BLMIS before the commencement of this case. Claimant incorporates the Determination by reference.

2

6. The order of the Bankruptcy Court, dated September 16, 2009 (Dkt. No. 146), which scheduled proceedings for adjudication of the "net equity issue" under SIPA, expressly "reserve[d] all rights, claims and defenses [of the Trustee and interested parties] as to any issues and/or arguments not resolved by the Court in connection with the briefing described on the Net Equity Issue." Order, at p. 4. Among the issues left open was the question of whether or not the determination of net equity must take into account components or elements that were not included in the Trustee's cash in/cash out methodology, such as, among others: the treatment of customer claims where the account of the BLMIS customer addressed by a claim determination was acquired by assignment, transfer or otherwise from a former BLMIS customer; the effect of any avoidance power or other claims that the Trustee may have against a customer; the treatment of a division of a BLMIS customer account or a transfer from another BLMIS customer; and the entitlement of a BLMIS customer to a credit for interest on, the time value of, or an appropriate rate of return on deposited amounts, in accounting for the current value of the account.

7. It is premature for the Trustee to press any determination of, or to disallow, the Claim until there is a final adjudication of the "net equity issue" (for which an appeal is currently pending in the United States Court of Appeals for the Second Circuit) and until the reserved issues have been finally determined. Claimant files this objection, therefore, to reserve its rights to object to the Determination on the "net equity" issue and on any of the reserved issues.

8. For the reasons stated herein and in the Claim, the Claim should be allowed in its entirety (including, without limitation, costs, fees and expenses, and an adjustment for an appropriate rate of interest or the time value of money for funds invested or deposited by

3

Claimant), and the Court should direct SIPC to issue immediate payment to the Claimant and such other amounts and equitable relief as the Court deems appropriate to compensate Claimant's losses arising from its investment in BLMIS.

9. The Claimant reserves the right to revise, supplement, or amend this Objection and its Claim, and any failure to object on a particular ground or grounds shall not be construed as a waiver of Claimant's right to object on any additional grounds.

10. Claimant reserves all rights set forth in Rule 9014 of the Federal Rules of Bankruptcy Procedure and under applicable provisions of law including, without limitation, rights of discovery. *See* Fed. R. Bankr. P. 9014.

11. Claimant reserves all objections as to the competence, relevance, materiality, privilege, or admissibility of evidence in any subsequent proceeding or trial of this or any other action or adversary proceeding for any purpose whatsoever.

Dated:   New York, New York
         March 2, 2011

                          PRYOR CASHMAN LLP

                          By:   */s/ Richard Levy, Jr.*
                                Richard Levy, Jr.
                          7 Times Square
                          New York, New York 10036-6569
                          Telephone: (212) 421-4100
                          Facsimile:  (212) 326-0806
                          rlevy@pryorcashman.com

                          Attorneys for Claimant

## CERTIFICATE OF SERVICE

I, Richard Levy, Jr., hereby certify that on March 2, 2011, I caused a true and correct copy of the Objection to Trustee's Determination of Claim on behalf of Rosalie Wallenstein and Jan Ellen Lupu JT/WROS to be filed electronically with the Court and served upon the parties in this action who receive electronic service through CM/ECF, and served by first-class mail upon:

>   David J. Sheehan, Esq.
>   Baker & Hostetler LLP
>   45 Rockefeller Plaza
>   New York, NY 10111

Dated: March 2, 2011
         New York, New York

>                                         */s/ Richard Levy, Jr.*
>                                         RICHARD LEVY, JR.