Michael E. Wiles  
DEBEVOISE & PLIMPTON LLP  
919 Third Avenue  
New York, New York 10022  
Tel.: (212) 909-6000  
Fax: (212) 909-6836  
mewiles@debevoise.com  

Hearing Date: March 16, 2011 at 10:00 a.m.

*Counsel to Defendants Thema International Fund plc, Hermes International Fund Limited, Lagoon Investment Limited (for itself and as Trustee of the Lagoon Investment Trust), Thema Fund Limited and Thema Wise Investments Limited*

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>         Plaintiff,<br><br>vs.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES, LLC,<br><br>         Defendant. | SIPA LIQUIDATION<br>No. 08-01789 (BRL)<br><br>Hon. Burton R. Lifland |
| In re: Bernard L. Madoff,<br><br>         Debtor. | |

**PARTIAL OBJECTION TO TRUSTEE'S MOTION FOR**  
**<u>ENTRY OF A LITIGATION PROTECTIVE ORDER</u>**

Thema International Fund plc, Hermes International Fund Limited, Lagoon Investment Limited (for itself and as Trustee of the Lagoon Investment Trust), Thema Fund Limited and Thema Wise Investments Limited (the "Funds") hereby submit this partial objection to the terms of the "Litigation Protective Order" that has been requested by the Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS").

The Funds do not dispute the need for a standard Protective Order and do not dispute most of the terms of the Trustee's proposed Order, which are relatively standard provisions. However, the Funds believe that Trustee's proposed Order contains two terms that require clarification.

**1.      Paragraph 4(e) - Customer Information**

The proposed Order recognizes that parties may designate information confidential if disclosure of that information would breach a legal or contractual obligation. However, paragraph 4(d) of the proposed Order also states that certain information will not be considered to be Confidential Information, including:

> (e) names of BLMIS customers *and subsequent transferees*, BLMIS account numbers, amounts of withdrawals, redemptions or transfers from and between BLMIS accounts, and transfers from BLMIS customers *to subsequent transferees*.

The proposed Order also indicates that it is intended to supersede designations of confidentiality under prior Orders or agreements. *See* ¶ 20.

The Funds are subject to numerous legal and contractual limitations on their ability to provide information to the Trustee regarding the identities of the Funds' investors and regarding the details of those investors' subscriptions and withdrawals. Defendants in other cases likely will be subject to similar restrictions. There may be disputes over these issues, but any such disputes should be considered in the light of the specific contracts or other legal limitations on such disclosure that a particular party faces.

The Funds understand that the purpose of paragraph 4(e) is to specify the manner in which identifying information will be treated *if* such information is produced, rather than to specify the extent to which a party could validly refuse to provide such information in the first

2

place.  The Funds understand that the Trustee is prepared to modify the proposed Order to add the following language in the preamble:

> Nothing in this Order shall preclude a producing party from objecting to the production of information, and this Order has no bearing on the merits of any such objection.

The Funds appreciate the Trustee's willingness to try to address the issue but they respectfully submit that in light of the broad language of paragraph 4(e) the foregoing language is not a sufficient clarification.  Rather, the implication of the language of paragraph 4(e) is that confidentiality may not be requested at all with respect to information about a Fund's clients.  Although the Funds have not provided such information in the past, the Funds must note that the Trustee's proposal also does not address the legitimate concerns of parties who may have provided such customer information in reliance on confidentiality protections

The confidentiality of this information should be considered in light of particular contracts and foreign laws and should not be addressed in the abstract.  This is particularly true when many of the defendants who would be affected by this ruling have not even been served with process.  Accordingly, the Funds suggest that the references to subsequent transferees be deleted from clause 4(e) of the proposed Order.  Alternatively, the Funds request that the proposed Order be modified to make clear that clause 4(e) does not restrict the right of any party to object to the disclosure of information about subsequent transferees on the grounds (among others) that such information is confidential, and/or to request that the use of such information be subject to restrictions beyond those provided in the proposed Order.

**2.      Abrogation of Prior Agreements**

Paragraph 20 of the proposed Order states as follows:

> This Order shall supersede any and all other agreements previously entered into between the Trustee and any other party regarding the confidentiality or

3

non-disclosure of documents or discovery materials. Any designations made under those agreements are subject to the requirements and provisions of this Order regarding appropriateness of the designation, restrictions on over-designation and process for removing designations.

The Funds understand that the Trustee is willing to add the following sentence to paragraph 20:

> This paragraph does not apply to any agreement under which the Trustee obtained access to documents subject to an agreement that they would be used for settlement purposes only and would not be used in litigation

The Funds do not object to paragraph 20 so long as the foregoing language is added to it, but otherwise reserve their rights.

## **Conclusion**

For the foregoing reasons, the Funds respectfully submit that paragraphs 4(e) and 20 of the proposed Litigation Protective Order should be modified in the manner set forth above, and that the Court should grant such other and further relief as may be just and proper.

Dated: March 2, 2011
        New York, New York

                                    Respectfully submitted,

                                    /s/ Michael E. Wiles
                                    Michael E. Wiles
                                    mewiles@debevoise.com
                                    DEBEVOISE & PLIMPTON LLP
                                    919 Third Avenue
                                    New York, New York  10022
                                    Tel.:  (212) 909-6000
                                    Fax:  (212) 909-6836

                                    *Counsel to Defendants Thema International Fund plc, Hermes International Fund Limited, Lagoon Investment Limited (for itself and as Trustee of the Lagoon Investment Trust), Thema Fund Limited and Thema Wise Investments Limited*

4

# CERTIFICATE OF SERVICE

I, Michael E. Wiles, a member of the firm of Debevoise & Plimpton LLP, attorneys for defendants herein, certify:

I am over eighteen 18 years of age. On the 2nd day of March 2011, I caused the within Partial Objection to Trustee's Motion for Entry of a Litigation Protective Order to be served by personal delivery upon the following counsel at the following addresses:

David J. Sheehan
BAKER & HOSTETLER LLP
45 Rockefeller Plaza
11th Floor
New York, NY 10111

Judith A. Selby
BAKER & HOSTETLER LLP
45 Rockefeller Plaza
11th Floor
New York, NY 10111

*Counsel for Irving H. Picard, Trustee
for the Substantively Consolidated SIPA Liquidation
of Bernard L. Madoff Investment Securities LLC
and Bernard L. Madoff*

Pursuant to 28 U.S.C. § 1746, I certify under the penalty of perjury that the foregoing is true and correct.

Executed on March 2, 2011.

/s/ Michael E. Wiles____