SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Marco E. Schnabl
Susan L. Saltzstein
Jeremy A. Berman
Four Times Square
New York, New York 10036
Telephone: (212) 735-3000
Facsimile: (212) 735-2000

*Attorneys for UniCredit S.p.A.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, Plaintiff, v. BERNARD L. MADOFF INVESTMENT SECURITIES LLC, Defendant. | SIPA LIQUIDATION No. 08-01789 (BRL) (Substantively Consolidated) |
| In re: BERNARD L. MADOFF INVESTMENT SECURITIES LLC, Debtor. | |

**OBJECTION OF UNICREDIT TO TRUSTEE'S MOTION**
**FOR ENTRY OF A LITIGATION PROTECTIVE ORDER[1]**

UniCredit S.p.A. ("UniCredit"), by and through its undersigned counsel, hereby files this Objection to the motion of Irving H. Picard (the "Trustee") for an order establishing

---

[1] UniCredit submits this Objection without prejudice to, and without waiver of, any rights, arguments or defenses it (or its affiliates Pioneer Global Asset Management S.p.A. and Pioneer Alternative Investment Management Ltd.) might otherwise have at law or in equity including, without limitation, its right to contest personal jurisdiction or the venue of this Court. UniCredit does not hereby submit to the jurisdiction of this Court.

procedures for Entry of Litigation Protective Order dated February 1, 2011 (the "Motion"), Docket No. 3819, and states as follows:[2]

## PRELIMINARY STATEMENT

1. The Trustee's Motion seeks to abrogate a Court-entered protective order (Docket No. 1951, the "Existing Protective Order") as well as numerous private confidentiality agreements the Trustee previously entered into with parties, including UniCredit, that have produced documents under Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Trustee, however, has identified no sufficient basis for this Court to frustrate the producing parties' contractually-guaranteed expectations and modify these confidentiality agreements restricting the Trustee's use of confidential information. For the reasons described below, in addition to the reasons set forth by counsel for other parties in their respective objections to the Motion, UniCredit respectfully submits that the Motion should be denied.

## BACKGROUND

2. The Motion seeks the entry of a so-called "Litigation Protective Order" ("Proposed Order") to govern the treatment of and procedures related to the production and use of Confidential Material (as defined in the Proposed Order) in all of the 1000+ adversary proceedings commenced by the Trustee. The purpose of the Proposed Order purportedly is to "facilitate the exchange of discovery and the use of produced materials without overly burdening the Court and the parties with disputes over confidentiality."

---

[2] UniCredit is a defendant in *Picard v. Kohn, et al.*, Adv. Proc. No. 10-5411 (BRL) (Bankr. S.D.N.Y.) (the "Kohn Action") and *Picard v. HSBC Bank plc, et al.*, Adv. Proc. No. 09-1364 (BRL) (Bankr. S.D.N.Y.) (the "HSBC Action"), and had previously signed confidentiality agreements that will be undone by the Proposed Order (as defined below).

3.      The Proposed Order, however, purports to "supersede any and all other agreements previously entered into between the Trustee and any other party regarding the confidentiality or non-disclosure of documents or discovery materials" and replace them with measures to which the producing parties have never consented.  (Paragraph 20 of Exhibit B.) Thus, the Trustee proposes to abrogate by judicial fiat the confidentiality agreements the Trustee entered into with UniCredit and with other parties.

4.      Not only does the Proposed Order seek to negate prior agreements, it also seeks to eliminate much of the protections afforded under them and under the Existing Protective Order. For example, unlike a typical protective order which limits the use of the Confidential Material to the litigation in which it is produced, the Proposed Order defines the Action as "this action and related adversary proceeding."  Although the Existing Protective Order contains a similar definition, it provides that in the event the Trustee sought to disclose Confidential Material in an adversary proceeding to which the producing party was not a party, the producing party would be afforded 10 business days' notice and an opportunity to be heard on a motion to preclude use in the other proceeding.  (Existing Protective Order ¶ 25.)  The Trustee offers no justification for eliminating this important procedural safeguard.  The Trustee's proposal to allow unlimited use of documents in **all** adversary proceedings is also contrary to Fed. R. Civ. P. 26(b)(1), made applicable by Bankruptcy Rule 7026, which permits discovery of nonprivileged matter that is relevant to a party's claims and defenses.  That Rule does not permit discovery relevant to a party's claims or defenses **in some other action**.

5.      Further, Paragraph 12 of the Proposed Order appears to give the Trustee authority to disclose Confidential Material received in connection with "the determination of claims" and "the investigation of account or fund transfers, either directly or through subsequent transfers,

3

between customer accounts to enable the Trustee to make claims determinations or for investigation or litigation." This expansive and vague carve-out in the proposed Litigation Protective Order could essentially override even its modest protections.

6. There are additional broad carve-outs in Paragraph 4 that, aside from being vague and ambiguous, further erode much of the confidentiality protections previously agreed to by the Trustee and relied on by the producing parties, including a carve-out, for "names of BLMIS customers and subsequent transferees, BLMIS account numbers, amounts of withdrawals, redemptions, or transfers from and between BLMIS accounts, and transfers from BLMIS customers to subsequent transferees." Ex. B ¶ 4(e). This is the type of information that should be presumptively confidential (and, indeed, is protected by numerous countries' data protection and bank secrecy laws), rendering this carve-out inappropriate. UniCredit (which is obligated to comply with European privacy and confidentiality restrictions) has produced documents on the assumption that they were going to be used in its case only, not on the notion that Trustee could take UniCredit's information and use it for his other 1000+ litigations.

7. In addition, the Proposed Order seeks to exclude "proprietary business" and "personal financial information" from the definition of Confidential Material. Ex. B ¶ 2. This limitation is patently inappropriate. *See e.g.*, Fed. R. Civ. P. 26(c)(1)(G) ("The court may . . . issue an order . . . requiring that . . . commercial information not be revealed[.]"). And Paragraph 9 of the Proposed Order seeks elimination of the meet-and-confer provisions in the Existing Protective Order, provisions which are typical in confidentiality orders and are, in fact, mandated by Rule 7007-1(a) of the Rules of the United States Bankruptcy Court for the Southern District in discovery disputes.

4

8. The Trustee seeks these modifications, among others, even though the Existing Protective Order, which has been incorporated into UniCredit's confidentiality agreement, provides that it "shall remain in full force and effect until further order of this Court at the close of Adv. Proc. No. 08-01789." *Id*. ¶ 28.

9. The denial of the Motion would not prejudice the Trustee. Indeed, the Trustee offers nothing more than self-serving speculation as to why the Existing Protective Order will become unworkable. Moreover, as he would in any ordinary litigation, the Trustee could apply for relief in the appropriate court in respect to any particular discovery material at issue. Thus, if there are particular documents or procedures as to which the Trustee seeks relief, he can do so at the appropriate time in the appropriate forum, rather than resorting to the blunderbuss approach taken here.

10. Moreover, the timing of the Motion is inappropriate. On February 16, 2011, the Trustee filed the *Motion for an Order Extending the Time for Proper Service of a Summons and the Time for a Defendant to Serve an Answer Under Rules 7004(E) and 7012(A) of the Federal Rules of Bankruptcy Procedure* in the Kohn Action (the "Kohn Extension Motion") whereby the Trustee requested an extension of the 14-day period for serving the summons and complaint on each Foreign Defendant (as defined in such motion) to an 18-month period, without prejudice to request a further extension from this Court. (Docket No. 6.) On February 24, 2011, the Trustee filed a motion in the HSBC Action requesting the same relief (the "HSBC Extension Motion"). (Docket No. 52.) According to the HSBC Extension Motion and the Kohn Extension Motion, the Trustee requires an extended amount of time to serve the summons and complaint on foreign defendants due the unpredictable amount of time it will take to effect service on such defendants. *See, e.g*. Kohn Extension Motion ¶19 at 9-10. The Trustee is seeking to foist the Proposed Order

5

on a multitude of defendants whom the Trustee has not even summoned to this Court and who do not have a voice in this matter at this time. The Motion should be denied for that reason alone.

## ARGUMENT

11. "It is 'presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied.'" *AT&T Corp. v. Sprint Corp.*, 407 F.3d 560, 562 (2d Cir. 2005) (citing *SEC v. TheStreet.com*, 273 F.3d 222, 230 (2d Cir. 2001)). Accordingly, once a protective order has been entered and the parties rely on that order, the order cannot be modified "absent a showing of improvidence in the grant of the order or some extraordinary circumstance or compelling need." *AT&T Corp.*, 407 F.3d at 562 (internal citations omitted); *see also In re Almatis B.V.*, 2010 WL 4877868, at *6 (Bankr. S.D.N.Y. Nov. 24, 2010) (quoting *Medical Diagnostic Imaging, PLLC v. Care Core Nat'l, LLC*, 2009 WL 2135294, at *1 (S.D.N.Y. July 16, 2009)). "[T]he mere fact th[at] information was disclosed pursuant to a protective order suggests that reliance can be presumed." *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 434 (S.D.N.Y. 1993).

12. Furthermore, on request of a party in interest, the Court "shall . . . (1) protect an entity with respect to a trade secret or confidential research, development or commercial information; or (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under [title 11]." 11 U.S.C. § 107(b). Moreover, Bankruptcy Rule 9018 gives this Court the power to "make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, [and] (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code."

6

13. The Proposed Order does not protect UniCredit's confidential and proprietary information and would abrogate the agreement previously negotiated between the parties without any particularized basis for doing so. The Court should not countenance such a barreling through of the parties' legitimate confidentiality concerns, merely because the Trustee has belatedly asserted that the Proposed Order represents an easier way to pursue multiple litigations.

## CONCLUSION

For the foregoing reasons and the reasons stated in by other parties in their objections, UniCredit respectfully requests that the Court deny the Trustee's Motion.

Dated: New York, New York
      March 2, 2011

`

Respectfully submitted,

 /s/  Marco E. Schnabl
Marco E. Schnabl
  (Marco.Schnabl@Skadden.com)
Susan L. Saltzstein
Jeremy A. Berman
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000

*Attorneys for UniCredit S.p.A.*

7

789483-New York Server 6A - MSW