Hearing Date: March 16, 2011 at 10:00 a.m.
Objection Deadline: March 2, 2011 at 5:00 p.m.

CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
(212) 225-2000

*Attorneys for HSBC Bank plc, HSBC Holdings plc, HSBC Securities Services (Luxembourg) S.A., HSBC Institutional Trust Services (Ireland) Limited, HSBC Securities Services (Ireland) Limited, HSBC Institutional Trust Services (Bermuda) Limited, HSBC Bank USA, N.A., HSBC Securities Services (Bermuda) Limited, HSBC Bank (Cayman) Limited, HSBC Private Bank Holdings (Suisse) S.A., HSBC Private Bank (Suisse) S.A., HSBC Fund Services (Luxembourg) S.A., and HSBC Bank Bermuda Limited*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | SIPA LIQUIDATION<br><br>No. 08-01789 (BRL)<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Debtor. | |

**JOINDER OF JPMORGAN'S AND UBS'S OBJECTIONS AND FURTHER OBJECTIONS OF THE HSBC DEFENDANTS TO THE TRUSTEE'S MOTION FOR ENTRY OF A LITIGATION PROTECTIVE ORDER**

HSBC Bank plc, HSBC Holdings plc, HSBC Securities Services (Luxembourg)

S.A., HSBC Institutional Trust Services (Ireland) Limited, HSBC Securities Services (Ireland)

Limited, HSBC Institutional Trust Services (Bermuda) Limited, HSBC Bank USA, N.A., HSBC

Securities Services (Bermuda) Limited, HSBC Bank (Cayman) Limited, HSBC Private Banking Holdings (Suisse) S.A., HSBC Private Bank (Suisse) S.A., HSBC Fund Services (Luxembourg) S.A., and HSBC Bank Bermuda Limited (together, the "HSBC Defendants"), by their attorneys Cleary Gottlieb Steen & Hamilton LLP, join the objections of JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., J.P. Morgan Securities LLC and J.P. Morgan Securities Ltd. (together, "JPMorgan") and UBS AG ("UBS"), and submit the following further objections to the Motion of Irving H. Picard (the "Trustee") for Entry of Litigation Protective Order dated February 1, 2011, Docket No. 3819. In support of these objections, the HSBC Defendants respectfully state as follows:

## I. The HSBC Defendants Join JPMorgan's Objections

1. The HSBC Defendants join the objections of JPMorgan to the Trustee's Motion for Entry of a Litigation Protective Order (the "Proposed Order").[1]

2. Specifically, the HSBC Defendants agree that Trustee has failed to meet his burden of showing that the protective order currently in place in the SIPA liquidation (the "General Protective Order"), *see* Docket No. 1951, was improperly granted or that some other extraordinary circumstance or compelling need warrants modifying that order, much less granting the extraordinary relief of nullifying all pre-existing confidentiality agreements, including those upon which certain HSBC Defendants have reasonably relied. *See SEC v. TheStreet.com*, 273 F.3d 222, 229 (2d Cir. 2001). The Trustee offers but one justification for requesting this relief: that discovery and litigation will be facilitated through entry of the Proposed Order. This falls short of meeting the Trustee's burden. *See, e.g., Med. Diagnostic Imaging, PLLC v. Carecore Nat'l, LLC*,

---

[1] The HSBC Defendants make these objections without prejudice to or waiver of any rights or defenses in this matter or in any of the adversary proceedings related thereto, including without limitation defenses based upon lack of personal jurisdiction or improper service of process.

2

Nos. 06 Civ. 7764 (CS)(THK), 06 Civ. 13561 (VM)(THK), 2009 WL 2135294, at *2 (S.D.N.Y. July 16, 2009) (concluding that facilitation of discovery is "hardly an extraordinary or compelling circumstance"); *Md. Cas. Co. v. W.R. Grace & Co.*, No. 83 Civ. 7451 (SWK)(LB), 1994 WL 419787, at *3 (S.D.N.Y. Aug. 10, 1994) ("Although fostering judicial economy and avoiding duplicative discovery are laudable goals – and perhaps would be sufficient motivation to modify a protective order in the Ninth and Tenth Circuits – they hardly amount to extraordinary circumstances or compelling need.").

II. **The Trustee Should Not Be Permitted To Nullify His Confidentiality Agreements With Certain Of The HSBC Defendants**

3. The HSBC Defendants object to the extent the Proposed Order purports to abrogate or nullify other specifically negotiated confidentiality agreements in place between the Trustee and certain of the HSBC Defendants. *See* Proposed Order ¶ 20 ("This Order shall supersede any and all other agreements previously entered into between the Trustee and any other party regarding the confidentiality or non-disclosure of documents or discovery materials."). In his motion, the Trustee does not even specifically acknowledge that he is seeking such relief and has cited no authority nor offered any justification that would permit him to escape the consequences of his contractual agreements, one of which was negotiated and entered into pursuant to an order of this Court.

4. HSBC Defendants have entered into confidentiality agreements with the Trustee on two separate occasions. In each instance, the confidentiality agreements have served to facilitate the resolution of certain HSBC Defendants' objections to document demands

3

made by the Trustee. Those HSBC Defendants, relying upon the confidentiality agreements in place, have made substantial document productions to the Trustee.

### A. The July 1, 2009 Confidentiality Agreement Involving HSBC Bank USA N.A.

5. On June 12, 2009, the Trustee issued a Rule 2004 subpoena to HSBC Bank USA, N.A. ("HBUS"). *See* Declaration of Marla A. Decker ("Decker Decl."), Ex. A (Trustee Subpoena for a Rule 2004 Examination Issued to HBUS (June 12, 2009)).

6. On July 1, 2009, the Trustee and HBUS entered into a confidentiality agreement governing the production of documents pursuant to the June 12, 2009 Rule 2004 subpoena (the "July 2009 Agreement"). *See* Decker Decl., Ex. B (Confidentiality Agreement between the Trustee and HSBC Bank USA, N.A. (July 1, 2009)).

7. Beginning on July 2, 2009, and notwithstanding objections served by HBUS on that same date, *see* Decker Decl., Ex. C (HBUS's Responses and Objections to the Trustee's Rule 2004 Subpoena Dated June 12, 2009 (July 2, 2009)), HBUS began producing documents and continued to do so through August 18, 2010. Altogether, HBUS produced over 5,000 pages of confidential material to the Trustee in reliance on the July 2009 Agreement.

### B. The August 10, 2010 Confidentiality Agreement Involving HSBC Holdings plc & HSBC Bank plc

8. On June 23, 2010, the Trustee filed a motion seeking an order issuing Letters of Request to the Queen's Bench Division of the High Court of the United Kingdom ("Request for Judicial Assistance") to enter orders directing the delivery of specific documents from HSBC Holdings plc and HSBC Bank plc (together, "HSBC plc"), Docket No. 2464.

9. On July 1, 2010, HSBC plc objected to the Trustee's motion. *See* HSBC Objections to Request for Judicial Assistance, Docket No. 2497. Among other reasons, HSBC plc objected on the grounds that (1) the Trustee could not seek Rule 2004 discovery from entities he has sued in adversary proceedings; (2) if issued, the proposed Rule 2004 subpoena would interfere with pending litigations in the U.S. and abroad; (3) the Trustee failed to demonstrate good cause for his request; and (4) the proposed Rule 2004 subpoena was unduly burdensome. *See id.*

10. On August 9, 2010, HSBC plc and the Trustee entered into a Stipulated Order resolving HSBC's objections to the Trustee's motion and proposed Rule 2004 subpoena. *See* Stipulated Order, Docket No. 2872. As part of the resolution of this dispute, the parties' agreed to enter into a confidentiality agreement, separate and apart from the General Protective Order, to govern productions made pursuant to the agreed Rule 2004 subpoena.

11. This Court endorsed the Stipulated Order on August 17, 2010. The Stipulated Order expressly provides that "[t]he parties' agreement with respect to the documents requested in Schedule I is conditioned upon the execution of a satisfactory confidentiality agreement between HSBC Bank plc and HSBC Holdings plc and the Trustee." *See id.* ¶ 5. On August 10, 2010, pursuant to the Stipulated Order, the Trustee and HSBC plc entered into a confidentiality agreement governing productions made pursuant to the Stipulated Order (the "August 2010 Agreement"). *See* Decker Decl., Ex. D (Confidentiality Agreement between the Trustee and HSBC Holdings plc and HSBC Bank plc (August 10, 2010)).

5

12.  On September 17, 2010, the Queen's Bench Division of the United Kingdom High Court entered orders directing the delivery of documents pursuant to the agreed Rule 2004 subpoena. Thereafter, HSBC plc, in reliance on the August 2010 Agreement, produced well over 4,000 pages of confidential documents.

### C. HSBC plc And HBUS Object To The Trustee's Request To Nullify The July 2009 And August 2010 Confidentiality Agreements

13.  The Proposed Order seeks to alter the General Protective Order in ways that substantially interfere with HSBC plc's and HBUS's respective rights under the July 2009 and August 2010 Agreements. First, the Proposed Order unduly narrows the scope of materials eligible for confidential treatment. The July 2009 and August 2010 agreements provide confidential treatment for all "confidential, non-public business information." *See* Decker Decl., Ex. B, at 1; *id.* Ex. D., at 1. The Proposed Order, by contrast, excludes sweepingly broad categories of information from eligibility for confidential treatment, including proprietary business information, personal financial information, and any information pertaining to subsequent transferees. *Compare* General Protective Order ¶¶ 2-3, *with* Proposed Order ¶¶ 3-4. Clearly, these categories could include materials that HSBC plc and HBUS would not have produced absent agreements that the materials would be treated confidentially.

14.  Second, the Proposed Order does not meaningfully restrict the Trustee's ability to share confidential material with third parties. As drafted, the Proposed Order would permit the Trustee to produce confidential material to any party in any adversary proceeding related to the SIPA liquidation, and to anyone so long as the confidential material is "related to any customer's account" and used "in connection with the determination of claims" or the "investigation of account or fund transfers." *Id.* ¶¶ 10(b),

6

12. This permits disclosure of confidential material to a vast array of third parties, including the HSBC Defendants' adversaries in civil litigation both in the U.S. and abroad. Further, disclosure in such a manner would deprive HSBC plc and HBUS of the notice and opportunity to be heard required by the July 2009 and August 2010 Agreements before the Trustee can disclose documents produced pursuant to those agreements. *See* Decker Decl., Ex. B, at 2-3; *id.* Ex. D, at 2-3.

15. The General Protective Order explicitly contemplates agreements such as the July 2009 and August 2010 Agreements, and expressly provides that it does not "terminate, supersede, limit, enhance or otherwise modify the terms and conditions of any [such agreement]." General Protective Order ¶ 27. On this score, the Proposed Order reverses course. Although the Trustee's motion does not explicitly state as much, the Proposed Order reads as if it is intended to supersede not only the General Protective Order, but all confidentiality agreements entered into by the Trustee at any point with any party. *See* Proposed Order ¶ 20. This the Trustee cannot do. "It is . . . presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied." *TheStreet.com*, 273 F.3d at 230. HSBC plc and HBUS would not have agreed to produce documents to the Trustee and waive objections that would have prevented those productions had the Trustee not, as contemplated by the General Protective Order now in place, agreed to enter into confidentiality agreements with HSBC plc and HBUS to address their specific concerns. *See id.*; *Int'l Equity Invs., Inc. v. Opportunity Equity Partners, Ltd.*, No. 05 Civ. 2745 (JGK) (RLE), 2010 WL 779314, at *3-4, 8-9 (S.D.N.Y. Mar. 2, 2010); *In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litig.*, 255 F.R.D. 308, 318 (D. Conn. 2009).

7

16. In addition, both the July 2009 and August 2010 Agreements contain procedures for the resolution of disputes over designations and provide that modification can occur "only by a separate writing signed by the Trustee and HSBC expressly . . . modifying or waiving the Agreement[s]." *See* Decker Decl., Ex. B at 2-3; *id.*, Ex. D at 2, 4. Although both of these provisions have remained in effect for quite some time – over twenty months in the case of the July 2009 Agreement – the Trustee has not challenged a single designation. Instead, the Trustee seeks to vitiate his contractual obligations altogether – through a provision buried with the Proposed Order, which he did not even mention, let alone demonstrate a legal basis for, in the motion itself.

17. Simply put, HSBC plc and HBUS have reasonably relied on the August 2010 and July 2009 Agreements, respectively, which "solved . . . major discovery dispute[s] and allowed discovery to proceed . . . ." *Opportunity Equity Partners*, 2010 WL 779314, at *7. Those agreements expressly limited the Trustee's right to seek modification to modifications mutually agreed to by the parties in writing. *Cf. id.* at *5 (observing that reasonableness of reliance is diminished only where the confidentiality order does *not* limit a party's right to seek judicial modification). The agreements "specifically focused on protecting certain documents . . . for a particular reason." *In re EDPM Antitrust Litig.*, 255 F.R.D. at 319. HSBC plc and HBUS, through the agreements, "[gave] up [their] right to refuse . . . to produce documents [they] would not otherwise be compelled to produce . . . ." *Id.* at 322; *see also Allen v. City of New York*, 420 F. Supp. 2d 295, 300-01 (S.D.N.Y. 2006) (observing that a party's voluntary production pursuant to a protective order of otherwise confidential information is the "classic situation" in which the presumption against modification applies). And there is nothing in either agreement

8

indicating any temporal limitation on the agreements' effectiveness. *See In re EDPM Antitrust Litig.*, 255 F.R.D. at 318 (observing that reasonableness of reliance is bolstered where the confidentiality order at issue is permanent). Under these circumstances, HSBC plc and HBUS's reliance on the July 2009 and August 2010 was entirely reasonable, and the Trustee should not be permitted to exploit that reliance now.

18.  Finally, where, as with the August 2010 Agreement, a confidentiality agreement is part of a court-approved settlement, the confidentiality agreement should be construed according to general principles of contract law. *See City of Hartford v. Chase*, 942 F.2d 130, 134 (2d Cir. 1991). The terms of a contract cannot, as the Trustee apparently contends, be nullified simply because one party finds them to be disagreeable or disadvantageous in practice, *see, e.g., Shoretz v. Shoretz*, 186 A.D.2d 370, 372 (1st Dep't 1992), especially where that party is a sophisticated negotiator, as is the Trustee. *See John Doris, Inc. v. Solomon R. Guggenheim Found.*, 209 A.D.2d 380, 381 (2d Dep't 1994).

### III. Conclusion

19.     For all of the foregoing reasons, the HSBC Defendants respectfully request that this Court deny the Trustee's motion or, in the alternative, amend the Proposed Order to cure its current deficiencies and preclude the Trustee from nullifying confidentiality agreements negotiated and relied upon by parties in good faith.

Dated:  New York, New York
        March 2, 2011

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By _____/s/ Thomas J. Moloney_____
Thomas J. Moloney, a Member of the Firm

*Attorneys for HSBC Bank plc, HSBC Holdings plc, HSBC Securities Services (Luxembourg) S.A., HSBC Institutional Trust Services (Ireland) Limited, HSBC Securities Services (Ireland) Limited, HSBC Institutional Trust Services (Bermuda) Limited, HSBC Bank USA, N.A., HSBC Securities Services (Bermuda) Limited, HSBC Bank (Cayman) Limited, HSBC Private Banking Holdings (Suisse) S.A., HSBC Private Bank (Suisse) S.A., HSBC Fund Services (Luxembourg) S.A., and HSBC Bank Bermuda Limited*