UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X

SECURITY INVESTOR PROTECTION
CORPORATION,

                 Plaintiff,

v.

BERNARD L. MADOFF INVESTMENT SECURITIES
LLC,

                 Defendant.

------------------------------------------------------------------ X

Objections to Subpoena for Rule 2004 Examination

Case No. Adv. Pro. No. 08-01789 BRL

## HSBC BANK USA, N.A.'S RESPONSES AND OBJECTIONS TO TRUSTEE'S SUBPOENA DATED JUNE 12, 2009

Pursuant to Rule 2004 of the Federal Rules of Bankruptcy and Rule 45 of the Federal Rules of Civil Procedure, as incorporated through Rule 9016 of the Federal Rules of Bankruptcy Procedure, HSBC Bank USA, N.A. ("HBUS") hereby sets forth its responses and objections to the Subpoena for Rule 2004 Examination, dated June 12, 2009 (the "Subpoena"), issued by Irving H. Picard (the "Trustee") as Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC (the "Debtor").

### RESERVATION OF RIGHTS

1.    HBUS reserves all rights to the use of these objections and of any documents it may produce, and does not concede the materiality, admissibility, or relevance of any documents sought.

2.    HBUS reserves the right to amend, supplement or withdraw its objections to the Subpoena.

1

3. Any information or document produced by HBUS shall be treated in accordance with the terms of the confidentiality agreement (the "Confidentiality Agreement") entered into by and between HBUS and the Trustee as memorialized in Frederick W. Chockley's letter dated July 1, 2009 and addressed to David E. Brodsky and Marla A. Decker.

## GENERAL OBJECTIONS

The following General Objections apply to each of the individual numbered document requests set forth in the Subpoena and, unless otherwise stated, shall have the same force and effect as if set forth in full in response to each requests:

1. HBUS objects to all definitions, instructions, and requests to the extent that they purport to impose obligations inconsistent with or beyond those required or permitted by the Federal Rules of Civil Procedure and the Local Rules for the United States Bankruptcy Court for the Southern District of New York.

2. HBUS objects to each and every instruction, definition, and request contained in the Subpoena to the extent that any such instruction, definition, or request contains inaccurate, incomplete, or misleading descriptions of the facts, persons, relationships, and events underlying this action. The production of any information shall not constitute HBUS's agreement with or acquiescence to any such description.

3. HBUS objects to the Subpoena as cumulative, duplicative, and unduly burdensome to the extent that it seeks the production of information or documents that are in the Trustee's possession or available to the Trustee from other sources more convenient, less burdensome, and/or less expensive.

4. HBUS objects to the Subpoena to the extent that it purports to call for information or documents not in the possession, custody, or control of HBUS, but in the

2

possession, custody, or control of third parties or separate legal entities, including foreign affiliates. Such requests are beyond the scope of permissible discovery.

5. HBUS objects to the Subpoena to the extent that it requests disclosure of information and/or documents that are subject to a confidentiality or non-disclosure agreement with third parties and where disclosure would violate any such agreement.

6. HBUS objects to the Subpoena to the extent that it seeks the production of information or documents that are protected from disclosure under the attorney-client privilege and/or the work-product doctrine, the joint defense or common interest privileges, or that are otherwise legally protected from disclosure. HBUS reserves its right to assert, on its own behalf or at the behest of other privilege-holders, any applicable claim of privilege.

7. To the extent HBUS has any documents in its possession, custody, or control located in jurisdictions outside of the United States, HBUS objects to the Subpoena to the extent that it seeks information or documents that are confidential or privileged or otherwise legally protected from disclosure in the jurisdiction in which these documents are located or to which HBUS is subject.

8. HBUS objects to the Subpoena on the grounds that given the scope and breadth of the Subpoena, it fails to provide reasonable time for compliance.

9. HBUS objects to the Subpoena's definition of "HSBC," "you," and "your" on the grounds that such definitions are vague, overbroad, unduly burdensome, and purport to call for information and/or documents in the possession of third parties, separate legal entities, or individuals, or outside the possession, custody, or control of HBUS.

10. HBUS objects to the Subpoena's definition of "Madoff" on the grounds that it is overbroad, unduly burdensome, and vague. In addition, HBUS objects to the

Subpoena's definition of "Madoff" to the extent it calls for the production of documents related to "representatives," "employees," and "all related entities," as the Trustee has not defined these terms and would thus require HBUS to conduct burdensome investigations concerning the employment relations of any person mentioned in any of its records and what entities are "related" to Madoff.

11. HBUS objects to the Subpoena's definition of "communication" on the grounds that it is overbroad and unduly burdensome. HBUS further objects to the definition of "communication" to the extent it calls for the production of all e-mail messages without any limiting search terms, custodians, or date ranges on the grounds that it is overbroad and unduly burdensome.

12. HBUS objects to the Subpoena's definition of "document" on the grounds that it is overbroad and unduly burdensome. HBUS further objects to the definition of "document" to the extent it calls for the production of all e-mail messages without any limiting search terms, custodians, or date ranges on the grounds that it is overbroad and unduly burdensome.

13. HBUS objects to the Subpoena to the extent it calls for documents beyond the scope of Bankruptcy Rule 2004, which permits discovery only of "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bankr. P. 2004.

14. HBUS objects to the Subpoena to the extent that it requests a detailed written statement itemizing and describing all documents formerly in HBUS's possession,

custody, or control that have been lost, destroyed, or otherwise disposed of, as such a request is unduly burdensome and overbroad.

15. HBUS objects to the Subpoena's definition of "Relevant Period" as the period beginning "when HSBC first transacted business with [the Debtor] during or after 1959" and continuing through the receipt of the Subpoena on the grounds that it is overbroad and unduly burdensome.

16. By objecting to a particular request, HBUS does not represent that any documents responsive to that document request exist.

## SPECIFIC RESPONSES AND OBJECTIONS

Subject to and without waiver of the foregoing General Objections and Reservation of Rights, HBUS makes the following specific objections to the Subpoena:

**REQUEST NO. 1:**

Documents sufficient to identify and establish all funds transfers and securities transfers to Madoff, including the ultimate originator and the financial institutions through which the funds or securities passed to reach Madoff.

**OBJECTION TO REQUEST NO. 1:**

In addition to the foregoing General Objections provided above, HBUS objects to Request No. 1 on the grounds that it is overbroad, unduly burdensome, vague, and seeks materials that are not in the possession, custody, or control of HBUS. HBUS further objects to Request No. 1 on the grounds that term "ultimate originator" is overbroad, unduly burdensome, vague, and seeks materials that are not in the possession, custody, or control of HBUS. Subject to the foregoing General and Specific Objections and to the terms of the Confidentiality Agreement, HBUS will produce documents responsive to Request No. 1, including wire transfer records.

**REQUEST NO. 2:**

Documents sufficient to identify and establish all funds transfers and securities transfers from Madoff, including the names of the ultimate beneficiaries of the funds and securities, and the financial institutions through which the funds or securities were supposed to pass after being transmitted by Madoff.

**OBJECTION TO REQUEST NO. 2:**

In addition to the foregoing General Objections provided above, HBUS objects to Request No. 2 on the grounds that it is overbroad, unduly burdensome, vague, and seeks materials that are not in the possession, custody, or control of HBUS. HBUS further objects to Request No. 2 on the grounds that the term "ultimate beneficiaries" is overbroad, unduly burdensome, vague, and seeks materials that are not in the possession, custody, or control of HBUS. Subject to the foregoing General and Specific Objections and to the terms of the Confidentiality Agreement, HBUS will produce documents responsive to Request No. 2, including wire transfer records.

**REQUEST NO. 3:**

All communications sent by or received by HSBC, including but not limited to intra-HSBC communications, concerning the question of whether to do any business with or invest with Madoff.

**OBJECTION TO REQUEST NO. 3:**

In addition to the foregoing General Objections provided above, HBUS objects to Request No. 3 on the grounds that it is overbroad, unduly burdensome, vague, and seeks materials that do not relate to the acts, conduct, or property of the Debtor, the liabilities or financial condition of the Debtor, or any matter that may affect the administration or discharge of

the Debtor's estate, and otherwise seeks irrelevant materials. HBUS further objects to Request No. 3 on the grounds that the term "do any business with or invest with" is overbroad, unduly burdensome, vague, and seeks materials that are not in the possession, custody, or control of HBUS. HBUS further objects to Request No. 3 on the grounds that it is overbroad and unduly burdensome to the extent that it calls for the production of all e-mail messages without any limiting search terms, custodians, or date ranges.

**REQUEST NO. 4:**

All other documents concerning the question of whether to do any business with or invest with Madoff, including but not limited to all due diligence reports and analyses concerning the decisions to do business and not to do business with Madoff.

**OBJECTION TO REQUEST NO. 4:**

In addition to the foregoing General Objections provided above, HBUS objects to Request No. 4 on the grounds that it is overbroad, unduly burdensome, vague, and seeks materials that do not relate to the acts, conduct, or property of the Debtor, the liabilities or financial condition of the Debtor, or any matter that may affect the administration or discharge of the Debtor's estate, and otherwise seeks irrelevant materials. HBUS further objects to Request No. 4 on the grounds that the terms "due diligence reports and analyses" and "to do business with and not to do business with Madoff" are overbroad, unduly burdensome, vague, and seek materials that are not in the possession, custody, or control of HBUS. HBUS further objects to Request No. 4 on the grounds that it is overbroad and unduly burdensome to the extent that it calls for the production of all e-mail messages without any limiting search terms, custodians, or date ranges. Subject to the foregoing General and Specific Objections and to the terms of the Confidentiality Agreement, HBUS will produce documents responsive to Request No. 4,

including due diligence files maintained by HBUS in New York concerning its structured funds products business.

**REQUEST NO. 5:**

All communications between Madoff and HSBC.

**OBJECTION TO REQUEST NO. 5:**

Subject to the foregoing General Objections and to the terms of the Confidentiality Agreement, HBUS will produce any responsive information and documents.

Dated: New York, New York
July 2, 2009

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: _____
David E. Brodsky

One Liberty Plaza
New York, New York 10006
(212) 225-2000

Attorneys for HSBC Bank USA, N.A.

8