CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006-1470
Telephone: (212) 225-2000
Carmine D. Boccuzzi Jr.
David Y. Livshiz

*Attorneys for Citigroup Global Markets Limited*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION<br><br>    Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | Adv. Pro. No. 08-01789<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>    Plaintiff,<br><br>v.<br><br>CITIBANK, N.A., CITIBANK NORTH AMERICA, INC., and CITIGROUP GLOBAL MARKETS LIMITED,<br><br>    Defendants. | Adv. Pro. No. 10-05345 (BRL) |

**CITIGROUP GLOBAL MARKETS LIMITED'S OBJECTION TO
TRUSTEE'S MOTION FOR ENTRY OF LITIGATION PROTECTIVE ORDER**

Citigroup Global Markets Limited ("CGML"), by and through their undersigned counsel, object to the Trustee's Motion For Entry of Litigation Protective Order, dated February 1, 2011 [Dkt. No. 3819] (the "Motion"), and state as follows:

1. To avoid burdening the Court with multiple nearly identical pleadings, Citi joins and incorporates by reference the legal arguments made in the Objection of JPMorgan To The Trustee's Motion For Entry Of A Litigation Protective Order, dated March 2, 2010 [Dkt. No. 3890] and UBS AG's Objection To The Trustee's Motion For Entry Of A Litigation Protective Order, dated March 2, 2010 [Dkt. No. 3882]. We write separately to set out certain additional facts that further amplify the overbroad nature of the relief requested in the Trustee's Motion.

2. The Trustee seeks to establish a one-size-fits-all Litigation Protective Order[1] to govern the treatment of confidential materials that has been, or will be, produced in the course of thousands of adversary proceedings he has commenced. Two aspects of the proposed Litigation Protective Order render it fatally flawed and require the denial of the Motion. First, the proposed Litigation Protective Order would permit the Trustee to share confidential materials produced by CGML with any and all of the defendants, including those that are CGML's direct competitors, in any avoidance action the Trustee has brought or will bring. The purported protections offered in the Litigation Protective Order are thus illusory, at best. Second, the draft Litigation Protective Order impermissibly limits the type of information that parties can designate as confidential.

3. The Trustee's Motion seeks to abrogate both the Protective Order, dated February 16, 2010, as well as the Confidentiality Agreement between the Trustee and CGML pursuant to which the Trustee obtained pre-litigation discovery. This cannot be permitted.

---

[1]    Capitalized terms used, but not defined herein, have the meaning assigned to them in the Trustee's Motion.

Where, as here, a party reasonably relies on a confidentiality order or agreement in producing confidential information, the protective order "should not" be modified "absent a showing of improvidence in the grant of [the] order or some extraordinary circumstance or compelling need." See SEC v. TheStreet.com, 273 F.3d 222, 229 (2d Cir. 2001).

4.      The proposed Litigation Protective Order should be rejected not only because it disturbs the parties' reasonable expectations based on their existing confidentiality agreements, but also because it does not provide a workable method by which to protect the trade secret and commercially sensitive information that CGML may be required to produce in the forthcoming litigation.

5.      Since receiving the Trustee's subpoena in late July 2009, CGML has produced thousands of pages of documents, many of which contain sensitive proprietary information. CGML also permitted the Trustee to depose two of its witnesses. In doing so, however, CGML took great pains to protect the confidential nature of its internal proprietary materials, and – on several occasions – secured the Trustee's written agreement that CGML's internal documents would be treated as confidential.

6.      Specifically, after receiving the subpoena, CGML's counsel contacted counsel for the Trustee and expressed CGML's willingness to cooperate in the Trustee's investigation provided the parties could agree on a confidentiality agreement. Over the next month, counsel for Citi and the Trustee negotiated a confidentiality agreement, which was executed by the parties on September 11, 2009. See Sept. 11, 2009 Ltr. From Mr. T. Long to C. Boccuzzi, attached hereto as Exhibit A (the "Confidentiality Agreement"). The Confidentiality Agreement provided that:

- Citi could designate as confidential "any portion of, or all, of the documents produced" to the Trustee, Confidentiality Agreement at 1

>    (emphasis added);
>
> - if the Trustee disagreed with the designation of a particular document as "confidential," he was required to consult with Citi before the issue was elevated for this Court's resolution or the documents were deemed to be non-Confidential, id. at 2;
>
> - "[i]n the event that any Confidential Information is used in any proceeding in the SIPA Liquidation, it shall not lose its confidential status through such use, and the Trustee and [Citi] shall take all steps reasonably required to protect its confidentiality during such use." Id.

Relying on the protections of the Confidentiality Agreement, CGML produced to the Trustee thousands of pages of documents. Among them: copies of CGML's confidential and sensitive internal memoranda reflecting CGML's internal risk approval process and documents identifying potential and actual transactions being contemplated by Citi, and the terms of these transactions.

       7.     Moreover, in October 2010, at the Trustee's request, CGML made two witnesses available for deposition. Both of the depositions were designated "confidential" by both the Trustee and CGML pursuant to the Protective Order, entered by this Court on February 16, 2010. See Protective Order, dated Feb. 16, 2010 [Dkt. No. [ ]] (the "Protective Order"). The Protective Order provides that in the event a party (including the Trustee) wanted to use confidential information produced by Citi in an adversary proceeding to which Citi was not a party, the Trustee was required to inform Citi, and if Citi objected, the Protective Order provided that "there shall be no disclosure" of such confidential information. See id. at Art. 25.

       8.     In producing witnesses and documents to the Trustee, CGML reasonably relied on the provisions of the Confidentiality Agreement and the Protective Order. And, it is precisely these protections that the Trustee – now having decided that they are inconvenient – seeks to abrogate and exclude from the Litigation Protective Order. This cannot be permitted. See TheStreet.com, 273 F.3d at 229.

9.      Even if CGML had not previously entered into a Confidentiality Agreement with the Trustee, the Litigation Protective Order would still have to be rejected to the extent it permits the Trustee to share CGML's confidential documents with third parties. The gravarman of the Trustee's complaint against CGML is that CGML failed to perform adequate due diligence. Thus, while CGML intends to move to dismiss the complaint at the appropriate time, should the litigation nevertheless proceed to discovery, CGML may be required to produce internal documents that reflect CGML's trade secrets and commercially sensitive information, including as to CGML's internal due diligence policies and procedures. By claiming the ability to share these documents with any one of the thousands of defendants in the various avoidance actions, including CGML's direct competitors, the Litigation Protective Order makes it impossible for CGML to protect its confidential materials.

10.     The Litigation Protective Order is also flawed in that it purports to limit what material can be designated "confidential." As noted above, under the Confidentiality Agreement, CGML was permitted, and did, classify broad categories of information as confidential. See, supra, at 3. The Trustee always understood this. Now, however, the Trustee appears to have found this arrangement inconvenient, and seeks to unduly narrow what information can be classified as "confidential." Specifically, the Litigation Protective Order excludes sweepingly broad categories of information from eligibility for confidential treatment, including proprietary business information, personal financial information, and any information pertaining to subsequent transferees. Clearly, these categories could include materials that CGML would not have produced absent the Confidentiality Agreement. And, there is no basis for the Trustee's attempt to exclude these categories of documents from what could otherwise be designated as confidential. See Int'l Equity Investments, Inc. v. Opportunity Equity Partners

Ltd., No. 05-2745, 2010 WL 779314 (characterizing "non-public" commercial information as "the type of material that often becomes the subject of confidentiality orders").

## CONCLUSION

For the foregoing reasons, CGML respectfully requests that this Court deny the Trustee's Motion.

Dated: New York, New York
March 2, 2011

                    Respectfully submitted,

                    CLEARY GOTTLIEB STEEN & HAMILTON LLP

By:   Carmine D. Boccuzzi Jr._____
      Carmine D. Boccuzzi Jr.
      (cboccuzzi@cgsh.com)
      A Member of the Firm

One Liberty Plaza
New York, New York 10006-1470
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Attorneys for Citigroup Global Markets Limited*

Of counsel:
  David Y. Livshiz