| | |
|---|---|
| David J. Sheehan<br>Marc Hirschfield<br>Alissa M. Nann<br>BAKER & HOSTETLER LLP<br>45 Rockefeller Plaza<br>New York, New York 10111<br>Telephone: (212) 589-4200<br>Facsimile: (212) 589-4201 | Presentment Date:  March 16, 2011<br>at 12:00 pm<br><br>Objections Due:  March 16, 2011<br>at 11:00 am |

*Attorneys for Irving H. Picard, Esq. Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC And Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-1789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |

**TRUSTEE'S MOTION FOR AN ORDER PURSUANT TO**
**RULE 4(M) OF THE FEDERAL RULES OF CIVIL PROCEDURE**
**<u>EXTENDING THE TIME TO EFFECT SERVICE OF PROCESS</u>**

Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor") under the Securities Investor

300147842

Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"),[1] and as trustee for the substantively consolidated chapter 7 estate of Bernard L. Madoff ("Madoff"), by and through his undersigned counsel, hereby moves (the "Motion") for entry of an order, pursuant to section 105(a) of title 11 of the United States, 11 U.S.C. § 10 et seq. (the "Bankruptcy Code") and Rule 4(m) of the Federal Rules of Civil Procedure (the "Federal Rules"), as incorporated by Rule 7004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), extending the time within which he may effect service of process for certain complaints as described below, and, in support hereof, respectfully represents as follows:

## BACKGROUND

1.	On December 11, 2008 (the "Filing Date"),[2] Madoff was arrested by federal agents for violation of the criminal securities laws, including securities fraud, investment adviser fraud, and mail and wire fraud. Contemporaneously, the Securities and Exchange Commission ("SEC") filed a complaint in the United States District Court for the Southern District of New York (the "District Court"), commencing the District Court Proceeding against Madoff and BLMIS. The District Court Proceeding remains pending in the District Court. The SEC complaint alleged that Madoff and BLMIS engaged in fraud through the investment advisor activities of BLMIS.

2.	On December 12, 2008, the Honorable Louis L. Stanton of the District Court entered an order which appointed Lee S. Richards, Esq. as receiver (the "Receiver").

3.	On December 15, 2008, pursuant to section 78eee(a)(4)(A) of SIPA, the SEC consented to combining its own action with an application of the Securities Investor Protection Corporation ("SIPC"). Thereafter, pursuant to SIPA section 78eee(a)(4)(B), SIPC filed an application in the District Court alleging, inter alia, that BLMIS was not able to meet its

---

[1]  For convenience, future reference to SIPA will not include "15 U.S.C."

2

obligations to securities customers as they came due and, accordingly, its customers needed the protections afforded by SIPA.

4. Also on December 15, 2008, Judge Stanton granted the SIPA application and entered an order pursuant to SIPA (the "Protective Decree"), which, in pertinent part:

(a) appointed the Trustee for the liquidation of the business of the Debtor pursuant to section 78eee(b)(3) of SIPA;

(b) appointed Baker & Hostetler, LLP as counsel to the Trustee pursuant to section 78eee(b)(3) of SIPA; and

(c) removed the case to the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") pursuant to section 78eee(b)(4) of SIPA.

By this Protective Decree, the Receiver was removed as receiver for BLMIS.

5. By orders dated December 23, 2008, and February 4, 2009, respectively, the Bankruptcy Court approved the Trustee's bond and found that the Trustee was a disinterested person. Accordingly, the Trustee is duly qualified to serve and act on behalf of the BLMIS estate.

## RELIEF REQUESTED

6. On or before December 11, 2010, the Trustee filed over 1,000 adversary proceedings (the "Adversary Proceedings") seeking, *inter alia*, to avoid preferential transfers and fraudulent transfers made by the Debtor to various customers of BLMIS and other recipients of such transfers (the "Defendants").

7. In accordance with Rule 4(a) of the Federal Rules, the Trustee has requested that a summons (the "Summons") be issued for each complaint ("Complaint") that was filed to initiate an Adversary Proceeding.[3]

---

[2] *See* section 78*lll*(7)(B) of SIPA.
[3] The Trustee has requested that Summonses be issued for all Adversary Proceedings with Defendants with domestic service addresses only. The 120 time limit for service does not apply to service in a foreign country. Fed. R. Civ. P. 4(m).

3

8.  Pursuant to Rule 4(m) of the Federal Rules, the Trustee has 120 days from the date of filing of the Complaint within which to serve copies of the Summons and Complaint on the Defendants named in each Adversary Proceeding.

9.  Due to the volume of Complaints filed, the Clerk of the Court has not been able to issue Summonses for certain of the Adversary Proceedings.

10. By this Motion, the Trustee seeks to extend the time within which the Trustee may effect service of process on the Defendants named in the Adversary Proceedings for which a Summons has not yet been issued to and including June 14, 2011 (the "Extension Request").[4] A list of the Adversary Proceedings for which a Summons has not been issued as of the date of this Motion is attached hereto as <u>Exhibit A</u>.

## BASIS FOR RELIEF REQUESTED

11. Rule 4(m) of the Federal Rules provides:

> If a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, *the court must extend the time for service* for an appropriate period.

Fed. R. Civ. P. 4(m) (emphasis added).

12. Good cause is determined by (1) the plaintiff's reasonable efforts to effect service, and (2) the prejudice to defendant from the delay. *National Union Fire Ins. Co. v. Barney Assocs.*, 130 F.R.D. 291, 293 (S.D.N.Y. 1990); *Muhammad v. Coughlin*, No. 1994 U.S. Dist. LEXIS 2175, at * 11 (S.D.N.Y. Feb. 28, 1994). Particular regard should be given to whether "the plaintiff was diligent in making reasonable efforts to effect service…". *In re Motel 6 Secs. Litig.*, 1995 U.S. Dist. LEXIS 9954, *5-6 (S.D.N.Y. July 5, 1995) (citing *Gordon v. Hunt*, 116

F.R.D. 313, 318-21 (S.D.N.Y.), aff'd, 835 F.2d 452 (2d Cir. 1987), cert. denied, 486 U.S. 1008 (1988)).

13. Courts, including courts in this circuit, interpret this rule to give them wide latitude in deciding when to grant extensions of time to serve, including permitting them to grant extensions even absent good cause. *See Gerena v. Korb*, 617 F.3d 197, 201 (2d Cir. 2010), *Zapata v. City of New York,* 502 F.3d 192, 196 (2d Cir. 2007) ("[d]istrict courts have discretion to grant extensions even in the absence of good cause."), *Savage & Assocs., P.C. v. Williams Communs. (In re Teligent Servs.)*, 372 B.R. 594, 601 (S.D.N.Y. 2007) ("The Bankruptcy Court has the discretion to extend the period for service of the complaint absent a showing of good cause.").

14. The Trustee submits that the delay in issuing the Summonses provides good cause under Rule 4(m), and thus the Court respectfully must grant the Motion and provide the Extension Request. Diligent efforts to affect service will be made once the Summonses are issued.

15. The Trustee further submits that there will be no prejudice to Defendants in granting the Extension Request, as a Defendant's answer date to a Complaint is calculated from the date of issuance of the summons under Bankruptcy Rule 7004(e). Thus, Defendants will be afforded the same amount of time to respond to the Complaint, regardless of whether the Complaint is served outside of the 120 day period required under Rule 4(m).

16. No prior request has been made for the relief requested herein.

---

[4] The relief requested in this Motion is without prejudice or limitation to additional requests by the Trustee to extend the time within which the Trustee may effect service of process on the Defendants in any Adversary Proceeding upon proper application to the Court.

5

300147842

## NOTICE

17.     Notice of this Motion has been provided by U.S. mail, postage prepaid, or email to (i) all parties that have filed a notice of appearance in this case; (ii) SIPC; (iii) the SEC; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) the Defendants named in the Adversary Proceedings listed on Exhibit A attached hereto (collectively, the "Notice Parties").  The Trustee submits that no other or further notice need be given.

**WHEREFORE**, the Trustee respectfully requests that the Court (a) enter an order substantially in the form attached hereto as Exhibit B, granting the relief requested herein; and (b) grant such other and further relief to the Trustee as the Court deems proper.

Respectfully submitted,

Dated: New York, New York
       March 8, 2011

/s/ Marc Hirschfield

Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Marc Hirschfield
Email: mhirschfield@bakerlaw.com
Alissa M. Nann
Email: anann@bakerlaw.com

*Attorneys for Irving H. Picard, Esq. Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC And Bernard L. Madoff*

300147842

**Exhibit A**

| | | | | |
|---|---|---|---|---|
| 10-04317 | 10-04944 | 10-05186 | 10-05246 | 10-05342 |
| 10-04330 | 10-04983 | 10-05187 | 10-05248 | 10-05346 |
| 10-04334 | 10-04991 | 10-05188 | 10-05249 | 10-05348 |
| 10-04345 | 10-04992 | 10-05189 | 10-05251 | 10-05351 |
| 10-04360 | 10-04993 | 10-05191 | 10-05252 | 10-05355 |
| 10-04365 | 10-04999 | 10-05192 | 10-05253 | 10-05370 |
| 10-04368 | 10-05019 | 10-05193 | 10-05254 | 10-05371 |
| 10-04374 | 10-05022 | 10-05194 | 10-05255 | 10-05372 |
| 10-04375 | 10-05039 | 10-05195 | 10-05256 | 10-05373 |
| 10-04380 | 10-05046 | 10-05196 | 10-05257 | 10-05374 |
| 10-04381 | 10-05051 | 10-05197 | 10-05258 | 10-05375 |
| 10-04385 | 10-05053 | 10-05198 | 10-05260 | 10-05376 |
| 10-04386 | 10-05056 | 10-05200 | 10-05261 | 10-05377 |
| 10-04387 | 10-05067 | 10-05201 | 10-05262 | 10-05378 |
| 10-04399 | 10-05093 | 10-05202 | 10-05263 | 10-05379 |
| 10-04406 | 10-05101 | 10-05203 | 10-05267 | 10-05380 |
| 10-04420 | 10-05106 | 10-05204 | 10-05274 | 10-05382 |
| 10-04424 | 10-05120 | 10-05205 | 10-05275 | 10-05384 |
| 10-04432 | 10-05122 | 10-05206 | 10-05276 | 10-05385 |
| 10-04445 | 10-05123 | 10-05207 | 10-05277 | 10-05387 |
| 10-04446 | 10-05127 | 10-05208 | 10-05279 | 10-05388 |
| 10-04455 | 10-05151 | 10-05209 | 10-05281 | 10-05389 |
| 10-04457 | 10-05152 | 10-05211 | 10-05284 | 10-05390 |
| 10-04460 | 10-05154 | 10-05213 | 10-05285 | 10-05391 |
| 10-04463 | 10-05155 | 10-05214 | 10-05286 | 10-05393 |
| 10-04465 | 10-05156 | 10-05216 | 10-05288 | 10-05396 |
| 10-04466 | 10-05157 | 10-05217 | 10-05289 | 10-05397 |
| 10-04474 | 10-05159 | 10-05219 | 10-05293 | 10-05399 |
| 10-04476 | 10-05161 | 10-05220 | 10-05294 | 10-05401 |
| 10-04478 | 10-05162 | 10-05221 | 10-05295 | 10-05404 |
| 10-04481 | 10-05163 | 10-05222 | 10-05296 | 10-05406 |
| 10-04488 | 10-05166 | 10-05223 | 10-05297 | 10-05407 |
| 10-04491 | 10-05167 | 10-05224 | 10-05309 | 10-05408 |
| 10-04550 | 10-05169 | 10-05225 | 10-05310 | 10-05419 |
| 10-04565 | 10-05170 | 10-05226 | 10-05311 | 10-05420 |
| 10-04587 | 10-05171 | 10-05227 | 10-05313 | 10-05426 |
| 10-04635 | 10-05172 | 10-05229 | 10-05314 | 10-05429 |
| 10-04646 | 10-05173 | 10-05231 | 10-05318 | 10-05430 |
| 10-04657 | 10-05174 | 10-05232 | 10-05319 | 10-05432 |
| 10-04714 | 10-05175 | 10-05234 | 10-05321 | 10-05433 |
| 10-04760 | 10-05176 | 10-05235 | 10-05322 | 10-05434 |
| 10-04769 | 10-05177 | 10-05237 | 10-05323 | 10-05435 |
| 10-04770 | 10-05178 | 10-05238 | 10-05325 | 10-05436 |
| 10-04774 | 10-05179 | 10-05239 | 10-05327 | 10-05437 |
| 10-04781 | 10-05180 | 10-05240 | 10-05328 | 10-05439 |
| 10-04794 | 10-05181 | 10-05241 | 10-05330 | 10-05440 |
| 10-04879 | 10-05182 | 10-05242 | 10-05331 | 10-05441 |
| 10-04885 | 10-05183 | 10-05243 | 10-05332 | 10-05442 |
| 10-04910 | 10-05184 | 10-05244 | 10-05333 | 10-05443 |
| 10-04920 | 10-05185 | 10-05245 | 10-05336 | |