Hearing Date: March 16, 2011 at 10:00 a.m.

Lewis J. Liman
Jeffrey A. Rosenthal
Members of the Firm
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Tel.: (212) 225-2000
Fax: (212) 225-3999
lliman@cgsh.com
jrosenthal@cgsh.com

*Attorneys for The Bank of New York Mellon Corporation*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION<br><br>                    Plaintiff<br><br>      vs.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                    Defendant. | SIPA LIQUIDATION<br>No. 08-01789 (BRL)<br><br>Hon. Burton R. Lifland<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                    Debtor. | |

**OBJECTION TO TRUSTEE'S MOTION FOR
ENTRY OF A (NEW) LITIGATION PROTECTIVE ORDER**

The Bank of New York Mellon Corporation ("BNY Mellon"), by and through its

undersigned counsel Cleary Gottlieb Steen & Hamilton LLP, hereby objects to the Trustee's

Motion for Entry of a Litigation Protective Order (the "Motion").[1] Rather than repeat those arguments already made to this Court, BNY Mellon joins in and incorporates the objections to the Motion filed by JPMorgan Chase & Co. et al. [Dkt. No. 3890], by UBS AG [Dkt. No. 3882], by Citigroup Global Markets Limited [Dkt. No. 3894], by HSBC Bank plc et al. [Dkt. No. 3891], by UniCredit S.p.A. [Dkt. No. 3889] and by Plaza Investments International Limited et al. [Dkt. No. 3884] and incorporates those objections by reference.

In addition to the reasons set forth in the objections incorporated herein, BNY Mellon further objects to the retroactive application of Paragraph 20 of the proposed Litigation Protective Order, which provides that "This Order shall supersede any and all other agreements previously entered into between the Trustee and any other party regarding the confidentiality or non-disclosure of documents or discovery materials. Any designations made under those agreements are subject to the requirements and provisions of this Order regarding appropriateness of the designation, restrictions on over-designation and process for removing designations."

This provision purports to abrogate the confidentiality agreement executed by the Trustee and BNY Mellon (the "Confidentiality Agreement"), pursuant to which BNY Mellon and its subsidiary Ivy Asset Management LLC ("Ivy") reviewed, designated and produced more than 600,000 pages of documents. (See July 14, 2009 Letter from Maryanne Stanganelli to Jeffrey A. Rosenthal, Ex. A (defining confidential material as "confidential, non-public business or financial information").)

The standards set forth in the Motion are markedly different from those in the Confidentiality Agreement, and thus the retroactive application of the Motion to BNY Mellon's

---

[1] The Trustee did not provide BNY Mellon with notice of the motion. When it was discovered, BNY Mellon requested a brief extension from the Trustee to file this objection, to which the Trustee consented.

2

documents produced pursuant to the Confidentiality Agreement would be wholly improper and highly prejudicial to BNY Mellon.[2]  It would be time consuming and expensive, without any corresponding benefit, to require BNY Mellon to re-review its entire production to meet these new standards the Trustee now wishes to impose despite his prior agreement.  Weighed against this is the fact that BNY Mellon consented to the Trustee's public filing of his complaints using BNY Mellon documents and has expressed a willingness to discuss with the Trustee any specific documents whose designation the Trustee wishes BNY Mellon to reconsider.  (See Feb. 16, 2011 Letter from Lewis J. Liman to Howard L. Simon, Ex. C).)

This is not a theoretical concern.  On February 9, 2011, the Trustee asked that BNY Mellon "remove the confidential designation from all of the documents it has produced" and went so far as to threaten BNY Mellon with sanctions for "overdesignation" based upon the standards of the Court's February 16, 2010 Protective Order.  (See Feb. 9, 2011 Letter from Howard L. Simon to Lewis J. Liman, Ex. B.)  BNY Mellon reminded the Trustee that its designations were made pursuant to, and were consistent with, the Confidentiality Agreement.  The Trustee never responded to BNY Mellon's offer to consider de-designating any particular document identified by the Trustee nor otherwise attempt to "confer and agree on such procedures as are necessary to protect the confidentiality of Confidential Information or the information contained therein," the procedures to which the Trustee agreed in the Confidentiality Agreement (see Ex. A, at 2) – instead, the Trustee has elected to pursue the Motion to abrogate the Confidentiality Agreement in its entirety.

---

[2]    The Confidentiality Agreement permits BNY Mellon to designate "confidential, non-public business or financial information" as confidential.  (Ex. A, at 1.)  The Trustee's proposed order, by contrast, limits designation to material that "contains trade secret or other confidential research, development, or commercial information; personal identifying information; or other information the disclosure of which would breach a legal or contractual obligation or (b) otherwise is subject to protection under section 107(b) or (c) of the United States Bankruptcy Code, Bankruptcy Rules 9018 and 99037, and/or other applicable law" and provides that designation not in compliance with this standard may be "subject to sanctions, including attorneys' fees." (Motion Ex. B ¶¶ 2, 5.)

3

Were this Court to grant the Trustee's request to repudiate the Confidentiality Agreement upon which BNY Mellon reviewed, designated and produced its documents, the Trustee would presumably use any new order entered by the Court to require BNY Mellon to re-review its entire production under a threat of sanctions for failure to re-designate its documents consistent with the new and very different standard.

At a minimum, the Trustee should be required to identify those specific documents that had been properly designated as confidential pursuant to the Confidentiality Agreement that the Trustee believes in good faith it needs to disclose publicly in these proceedings and give BNY Mellon the opportunity to re-consider its designations as to those documents. The Court can then be invited to address specific documents in the unlikely event that the parties are not able to work it out for themselves. This would avoid a great deal of additional and unnecessary expense associated with compelling BNY Mellon to re-review its entire production simply because the Trustee no longer likes the conditions of the Confidentiality Agreement it negotiated and executed.

Dated: March 9, 2011
      New York, New York

                        Respectfully submitted,

                        CLEARY GOTTLIEB STEEN & HAMILTON LLP

                        By:   /s/ Jeffrey A. Rosenthal
                               Lewis J. Liman
                               Jeffrey A. Rosenthal
                               Members of the Firm

                        One Liberty Plaza
                        New York, New York 10006
                        (212) 225-2000
                        (212) 225-3999 (facsimile)
                        lliman@cgsh.com
                        jrosenthal@cgsh.com

                        *Attorneys for The Bank of New York Mellon Corporation*

5