# EXHIBIT A

# Baker Hostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212 589 4200
F 212 589.4201
www.bakerlaw.com

July 14, 2009

Maryanne Stanganelli
direct dial. 212 589.4282
mstanganelli@bakerlaw.com

**VIA FEDERAL EXPRESS**

Bank of New York
c/o Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, New York 10006-1470
Attn: Jeffrey A. Rosenthal, Esq.

Re: *Confidentiality Agreement between Irving H. Picard, Esq., Trustee for the SIPA Liquidation of Bernard L. Madoff Investment Securities, LLC and the Bank of New York Mellon Corp.*

Dear Mr Rosenthal:

As previously discussed, The Bank of New York Mellon Corp. ("BNY") has agreed to produce certain documents to Irving H. Picard, Esq., Trustee for the liquidation of Bernard L. Madoff Investment Securities, LLC (hereinafter "Trustee") in response to a Rule 2004 subpoena issued in connection with Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC, Adv. Pro. No. 08-01789-BRL, pending in the Bankruptcy Court for the Southern District of New York (hereinafter "SIPA Liquidation"). This letter memorializes BNY's and the Trustee's agreement (hereinafter "Agreement") regarding documents produced to the Trustee that are designated by BNY at the time of production to contain confidential, non-public business or financial information (hereinafter "Confidential Information").

BNY and the Trustee agree that BNY may designate as confidential any of the documents or portions thereof produced pursuant to the February 25, 2009 Rule 2004 Subpoena served on BNY. At the time of production, all such documents shall be marked with the designation: "CONFIDENTIAL".

In the event that BNY inadvertently fails to designate as "CONFIDENTIAL" material or information constituting Confidential Information as defined herein at the time of production or disclosure, such failure shall not operate to waive BNY's right to later designate such material or information as Confidential Information, but no party shall be held in breach of this Agreement if, in the interim, such material or information has been disclosed to any person(s) not authorized to receive Confidential Information under this Agreement, or has been used in a manner inconsistent with this Agreement. Once such belated designation has been made, however, the relevant materials or

information shall be treated as Confidential Information in accordance with this Agreement.

Should the Trustee's counsel disagree with BNY's designation of any information as Confidential Information, the Trustee's counsel shall advise BNY's counsel of its disagreement and the reasons for the disagreement. The Trustee's counsel and BNY's counsel shall confer in good faith to resolve the issue and, absent a consensual resolution, BNY may request, with notice to the Trustee and on an expedited basis, that the Bankruptcy Court resolve the issue on no less than five (5) business days' written notice to counsel for the Trustee (subject to the Bankruptcy Court's availability), and the material in question shall be treated as Confidential Information pending resolution of the issue. Absent such application, the information will no longer be deemed Confidential Information for the purposes of the Agreement.

The Trustee agrees that it may only use Confidential Information in connection with the SIPA Liquidation and proceedings related to the SIPA Liquidation, and that Confidential Information will not be disclosed in any matter whatsoever, in whole or in part, except as (a) required by law or requested or required by any competent regulatory, supervisory or governmental authority (subject to the notice and protective order provisions of this Agreement); (b) agreed to in writing by the parties; or (c) permitted or required by this Agreement. The Trustee may, consistent with this Agreement, disclose Confidential Information: (1) to the Trustee's counsel and the staff and employees of his counsel, provided that the signature on this Agreement by a member of Trustee's counsel shall constitute an agreement by all lawyers in, and staff and employees of, that firm to be so bound; and (2) to experts, consultants and professionals retained by the Trustee and Trustee's counsel, including FTI Consulting, Inc. and other forensic and technology consultants, to assist with the investigation, forensic reconstruction and validation of the underlying records of Bernard L. Madoff Investment Securities LLC ("BLMIS"), and their staffs, provided that, before any Confidential Information is disclosed to such persons or entities, counsel for the Trustee or the Trustee shall inform the recipient of the obligations created by this Agreement and the signature on this Agreement by a member of Trustee's counsel shall constitute an agreement by all experts, consultants and professionals retained by the Trustee and Trustee's counsel who receive Confidential Information to be bound by the Agreement. The Trustee agrees that it shall be responsible to BNY for any action or failure to act that would constitute a breach or violation of this Agreement by any of its retained experts, consultants or professionals.

In the event that any Confidential Information is used in any proceeding in the SIPA Liquidation, it shall not lose its confidential status through such use, and the Trustee and BNY shall take all steps reasonably required to protect its confidentiality during such use. Counsel for the Trustee and BNY shall confer and agree on such procedures as are necessary to protect the confidentiality of Confidential Information or the information contained therein used in the course of any proceeding in the SIPA Liquidation. Unless otherwise ordered by the Bankruptcy Court, all Confidential Information shall be filed under seal and kept under seal in accordance with the rules of the Bankruptcy Court.

The Trustee and BNY agree that Confidential Information does not include information or material which: (a) is made available to the public through means other than disclosure by the Trustee; or (b) becomes available to the Trustee on a non-confidential basis from a source other than BNY, including from the files of BLMIS or

elsewhere, provided that the Trustee has no reason to believe such source is bound by a confidentiality agreement or otherwise prohibited from transmitting the information to the Trustee by a contractual, legal or fiduciary obligation.

In the event that the Trustee is requested or required (by written questions, interrogatories, requests for information or documents, subpoena, or any other process employed in connection with a judicial, investigatory, regulatory or administrative proceeding within or outside the SIPA Liquidation, or other provision of law determined to be applicable by the Trustee in consultation with its counsel) to disclose any Confidential Information, the Trustee shall provide to BNY reasonable notice of receipt of any such request (which shall be within ten (10) business days of receipt of any such request where possible), identifying the Confidential Information sought and enclosing a copy of the request.  The Trustee shall give at least five (5) business days notice before production or other disclosures are to be made.  If BNY is advised by the Trustee in accordance with this Agreement of any such request, and BNY does not notify the Trustee in writing that it objects to the production or provision of the Confidential Information within five (5) business days of receiving notice from the Trustee, then the Trustee's compliance with the request for Confidential Information shall not constitute a breach of this Agreement.  BNY may seek a protective order or other appropriate remedy limiting or barring production of the Confidential Information.  No such requested Confidential Information shall be produced while a timely motion by BNY or relevant non-party for a protective order, to quash or otherwise contest or limit the production of the Confidential Information is pending.  Notwithstanding anything to the contrary herein, nothing in this Agreement shall prevent disclosure of Confidential Information by the Trustee if such disclosure is required by an administrative, regulatory or judicial order (subject to the notice and protective order provisions of this Agreement).

If information subject to a claim of attorney-client privilege, protection under the attorney work product doctrine, or any other privilege or immunity ("Privileged Information") is inadvertently produced to the Trustee, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or other ground for withholding production to which BNY would otherwise be entitled.  If the Trustee receives a claim of inadvertent production of Privileged Information, the Trustee shall promptly return such Privileged Information to BNY.  In addition, the Trustee shall destroy all notes or work product reflecting the content of such Privileged Information, and shall not use such Privileged Information, or the information contained therein, for any purpose in the SIPA Liquidation or in any other action.

The Trustee acknowledges that money damages would be an insufficient remedy for any breach of this Agreement by the Trustee and that any such breach would cause BNY irreparable harm.  Accordingly, the Trustee also agrees that in the event of any breach or threatened breach of this Agreement by the Trustee, BNY shall be entitled to equitable relief, including injunctive relief and specific performance, without the requirement of posting a bond or other security.  BNY agrees that if Confidential Information is disclosed in violation of this Agreement, BNY may not seek monetary damages and may only seek equitable relief in the bankruptcy court.

This Agreement may be modified or waived only by a separate writing signed by the Trustee and BNY expressly so modifying or waiving the Agreement.

        Please countersign to indicate your agreement and return at your earliest convenience.

Dated:     July 14, 2009

_____        _____
Jeffrey A. Rosenthal, Esq.                 Maryanne Stanganelli, Esq.
Cleary Gottlieb Steen & Hamilton LLP     Baker & Hostetler LLP
One Liberty Plaza                         45 Rockefeller Plaza
New York, New York 10006-1470        New York, New York 10111
Telephone: (212) 225-2000             Telephone: (212) 589-4200
Facsimile: (212) 225-3999              Facsimile: (212) 589-4201
E-mail: JRosenthal@cgsh.com          E-mail: mstanganelli@bakerlaw.com

*Attorneys for The Bank of New York Mellon Corp.*

*Attorneys for Irving H. Picard, Esq.,*

*Trustee for the SIPA Liquidation of Bernard L. Madoff Investment Securities LLC*

| | | |
|---|---|---|
| "Kuntz, II, William F." <wkuntz@bakerlaw.com><br>31 July 2009  07:37 AM | To | lliman@cgsh.com |
| | cc | schoe@cgsh.com, "Powers, Marc" <mpowers@bakerlaw.com>, "Rodriguez, Alberto" <alrodriguez@bakerlaw.com> |
| | bcc | |
| | Subject | Re: Ivy |

<span style="color:red">Note: A copy of this message has been sent to Litigator's Notebook.</span>

Dear Lewis:

This e-mail confirms that you correctly state our agreement. We look forward to receiving your production.

Best,
Bill

----- Original Message -----
From: Lewis J LIMAN <lliman@cgsh.com>
To: Kuntz, II, William F.
Cc: Shiwon Choe <schoe@cgsh.com>
Sent: Fri Jul 31 07:07:49 2009
Subject: Ivy

Dear Bill:

This email is to confirm our conversation that the production of documents by Ivy Asset Management LLC ("Ivy") pursuant to the Trustee's subpoena of July 1, 2009 directed to Ivy shall be made pursuant to the confidentiality agreement in place between the Trustee and The Bank of New York Mellon Corp. ("BNYM") dated July 14, 2009 (the "BNYM Confidentiality Agreement"), and that documents produced by Ivy will be given the same confidentiality protections as if they were produced by BNYM under the BNYM Confidentiality Agreement.  This email will also confirm that we will be prepared to discuss any modifications to this arrangement at your request.  Please confirm by email that this arrangement is agreeable. We expect to make our first production today.

Best,
Lewis

--------------------------
Sent from my BlackBerry Wireless Handheld

This message is being sent from a law firm and may contain confidential or privileged information. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.