# EXHIBIT C

# CLEARY GOTTLIEB STEEN & HAMILTON LLP

ONE LIBERTY PLAZA

NEW YORK, NY 10006-1470

(212) 225-2000

FACSIMILE (212) 225-3999

WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC · PARIS · BRUSSELS

LONDON · MOSCOW · FRANKFURT · COLOGNE

ROME · MILAN · HONG KONG · BEIJING

Writer's Direct Dial +1 212 225 2550
E-Mail: lliman@cgsh.com

MARK A. WALKER
LESLIE N. SAMUELS
EDWARD F. GREENE
EVAN A. DAVIS
LAURENT ALPERT
VICTOR I. LEWKOW
LESLIE N. SILVERMAN
ROBERT L. TORTORIELLO
A. RICHARD SUSKO
LEE C. BUCHHEIT
JAMES M. PEASLEE
ALAN L. BELLER
THOMAS J. MOLONEY
WILLIAM F. GORIN
MICHAEL L. RYAN
ROBERT P. DAVIS
YARON Z. REICH
RICHARD S. LINCER
JAIME A. EL KOURY
STEVEN G. HOROWITZ
ANDREA G. PODOLSKY
JAMES A. DUNCAN
STEVEN M. LOEB
DANIEL S. STERNBERG
DONALD A. STERN
CRAIG B. BROD
SHELDON H. ALSTER
WANDA J. OLSON
MITCHELL A. LOWENTHAL
DEBORAH M. BUELL
EDWARD J. ROSEN
JOHN PALENBERG
LAWRENCE B. FRIEDMAN
NICOLAS GRABAR
CHRISTOPHER E. AUSTIN
SETH GROSSHANDLER
WILLIAM A. GROLL
JANET L. FISHER
DAVID L. SUGERMAN
HOWARD S. ZELBO

DAVID E. BRODSKY
ARTHUR H. KOHN
RAYMOND B. CHECK
RICHARD J. COOPER
JEFFREY S. LEWIS
FILIP MOERMAN
PAUL J. SHIM
STEVEN L. WILNER
ERIKA W. NIJENHUIS
LINDSEE P. GRANFIELD
ANDRÉS DE LA CRUZ
DAVID C. LOPEZ
CARMEN A. CORRALES
JAMES L. BROMLEY
PAUL E. GLOTZER
MICHAEL A. GERSTENZANG
LEWIS J. LIMAN
LEV L. DASSIN
NEIL Q. WHORISKEY
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
JEFFREY A. ROSENTHAL
ETHAN A. KLINGSBERG
MICHAEL J. VOLKOVITSCH
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI JR
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
LEONARD C. JACOBY
SANDRA L. FLOW
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
MARGARET S. PEPONIS
LISA M. SCHWEITZER
KHISTOFER W. HESS
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN

BREON S. PEACE
MEREDITH E. KOTLER
CHANTAL E. KORDULA
BENET J. O'REILLY
DAVID AMAN
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
CHRISTOPHER P. MOORE
JOON H. KIM
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
RESIDENT PARTNERS

SANDRA M. ROCKS
S. DOUGLAS BORISKY
JUDITH KASSEL
DAVID E. WEBB
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
GABRIEL J. MESA
DAVID H. HERRINGTON
HEIDE H. ILGENFRITZ
KATHLEEN M. EMBERGER
NANCY I. RUSKIN
WALLACE L. LARSON JR
JAMES D. SMALL
AVRAM E. LUFT
ELIZABETH LENAS
DANIEL ILAN
CARLO DE VITO PISCICELLI
ANDREW WEAVER
RESIDENT COUNSEL

February 16, 2011

VIA ELECTRONIC MAIL

Howard L. Simon, Esq.
Windels Marx Lane & Mittendorf LLP
156 West 56th Street
New York, New York 10019

Dear Mr. Simon:

      We write in response to your letter of February 9, 2011. As your letter notes, Ivy produced various documents to the Trustee pursuant to the terms of a Confidentiality Agreement between the Trustee and The Bank of New York Mellon Corporation dated July 14, 2009 (the "Confidentiality Agreement") (see Ex. A).[1] Ivy reviewed and produced those documents in reliance on the provisions of the Confidentiality Agreement under which it was permitted to "designate as confidential any of the documents or portions thereof produced" that "contain[ed] confidential, non-public business or financial information." (See, e.g., Ex C.)

      In your letter of February 11, you do not identify any documents that Ivy designated as confidential but do not, in the Trustee's view "contain confidential, non-public business or financial information." Rather, you take issue with all of Ivy's designations and cite Judge Lifland's protective order, under which Ivy has not sought relief. Your demand that Ivy either abandon its rights under the Confidentiality Agreement or re-review each of the 666,814 pages that Ivy produced pursuant to that agreement is not acceptable.

---

[1]     By e-mails dated July 31, 2009, William Kuntz of Baker & Hostetler LLP and I agreed that Ivy's production would be subject to the July 14, 2009 Confidentiality Agreement (see Ex. B).

Howard L. Simon, Esq., p. 2

        Of course, Ivy would be willing to consider in good faith the confidentiality designation of any particularly document that the Trustee identifies as misdesignated under the provisions of the Confidentiality Agreement (i.e., that does not contain "confidential, non-public business or financial information"). Ivy likewise would be willing to consider waiving its rights under the Confidentiality Agreement as to any other specific documents that the Trustee in good faith wishes to use in a manner consistent with the agreement. If the Trustee would like to proceed on that basis, please identify the specific documents at issue.

        In conclusion, we expect the Trustee to abide by the terms of the Confidentiality Agreement. Ivy does not consent to your request that it "remove the confidential designation from all documents it has produced," and directs your attention to page 3 of the Confidentiality Agreement, which sets forth Ivy's rights in the event that the Trustee breaches or threatens to breach the terms of the agreement, all of which are expressly reserved.

                    Sincerely,

                    Lewis J. Liman

Enclosures

# Exhibit A

# Baker Hostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212 589 4200
F 212 589.4201
www bakerlaw com

July 14, 2009

Maryanne Stanganelli
direct dial. 212 589.4282
mstanganelli@bakerlaw com

**VIA FEDERAL EXPRESS**

Bank of New York
c/o Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, New York  10006-1470
Attn:  Jeffrey A. Rosenthal, Esq.

Re:   *Confidentiality Agreement between Irving H. Picard, Esq., Trustee for the SIPA*
      *Liquidation of Bernard L. Madoff Investment Securities, LLC and the Bank of*
      *New York Mellon Corp.*

Dear Mr  Rosenthal:

As previously discussed, The Bank of New York Mellon Corp. ("BNY") has agreed to produce certain documents to Irving H. Picard, Esq., Trustee for the liquidation of Bernard L. Madoff Investment Securities, LLC (hereinafter "Trustee") in response to a Rule 2004 subpoena issued in connection with <u>Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC</u>, Adv. Pro. No. 08-01789-BRL, pending in the Bankruptcy Court for the Southern District of New York (hereinafter "SIPA Liquidation").  This letter memorializes BNY's and the Trustee's agreement (hereinafter "Agreement") regarding documents produced to the Trustee that are designated by BNY at the time of production to contain confidential, non-public business or financial information (hereinafter "Confidential Information").

BNY and the Trustee agree that BNY may designate as confidential any of the documents or portions thereof produced pursuant to the February 25, 2009 Rule 2004 Subpoena served on BNY.  At the time of production, all such documents shall be marked with the designation: "CONFIDENTIAL".

In the event that BNY inadvertently fails to designate as "CONFIDENTIAL" material or information constituting Confidential Information as defined herein at the time of production or disclosure, such failure shall not operate to waive BNY's right to later designate such material or information as Confidential Information, but no party shall be held in breach of this Agreement if, in the interim, such material or information has been disclosed to any person(s) not authorized to receive Confidential Information under this Agreement, or has been used in a manner inconsistent with this Agreement. Once such belated designation has been made, however, the relevant materials or

information shall be treated as Confidential Information in accordance with this Agreement.

Should the Trustee's counsel disagree with BNY's designation of any information as Confidential Information, the Trustee's counsel shall advise BNY's counsel of its disagreement and the reasons for the disagreement. The Trustee's counsel and BNY's counsel shall confer in good faith to resolve the issue and, absent a consensual resolution, BNY may request, with notice to the Trustee and on an expedited basis, that the Bankruptcy Court resolve the issue on no less than five (5) business days' written notice to counsel for the Trustee (subject to the Bankruptcy Court's availability), and the material in question shall be treated as Confidential Information pending resolution of the issue. Absent such application, the information will no longer be deemed Confidential Information for the purposes of the Agreement.

The Trustee agrees that it may only use Confidential Information in connection with the SIPA Liquidation and proceedings related to the SIPA Liquidation, and that Confidential Information will not be disclosed in any matter whatsoever, in whole or in part, except as (a) required by law or requested or required by any competent regulatory, supervisory or governmental authority (subject to the notice and protective order provisions of this Agreement); (b) agreed to in writing by the parties; or (c) permitted or required by this Agreement. The Trustee may, consistent with this Agreement, disclose Confidential Information: (1) to the Trustee's counsel and the staff and employees of his counsel, provided that the signature on this Agreement by a member of Trustee's counsel shall constitute an agreement by all lawyers in, and staff and employees of, that firm to be so bound; and (2) to experts, consultants and professionals retained by the Trustee and Trustee's counsel, including FTI Consulting, Inc. and other forensic and technology consultants, to assist with the investigation, forensic reconstruction and validation of the underlying records of Bernard L. Madoff Investment Securities LLC ("BLMIS"), and their staffs, provided that, before any Confidential Information is disclosed to such persons or entities, counsel for the Trustee or the Trustee shall inform the recipient of the obligations created by this Agreement and the signature on this Agreement by a member of Trustee's counsel shall constitute an agreement by all experts, consultants and professionals retained by the Trustee and Trustee's counsel who receive Confidential Information to be bound by the Agreement. The Trustee agrees that it shall be responsible to BNY for any action or failure to act that would constitute a breach or violation of this Agreement by any of its retained experts, consultants or professionals.

In the event that any Confidential Information is used in any proceeding in the SIPA Liquidation, it shall not lose its confidential status through such use, and the Trustee and BNY shall take all steps reasonably required to protect its confidentiality during such use. Counsel for the Trustee and BNY shall confer and agree on such procedures as are necessary to protect the confidentiality of Confidential Information or the information contained therein used in the course of any proceeding in the SIPA Liquidation. Unless otherwise ordered by the Bankruptcy Court, all Confidential Information shall be filed under seal and kept under seal in accordance with the rules of the Bankruptcy Court.

The Trustee and BNY agree that Confidential Information does not include information or material which: (a) is made available to the public through means other than disclosure by the Trustee; or (b) becomes available to the Trustee on a non-confidential basis from a source other than BNY, including from the files of BLMIS or

elsewhere, provided that the Trustee has no reason to believe such source is bound by a confidentiality agreement or otherwise prohibited from transmitting the information to the Trustee by a contractual, legal or fiduciary obligation.

In the event that the Trustee is requested or required (by written questions, interrogatories, requests for information or documents, subpoena, or any other process employed in connection with a judicial, investigatory, regulatory or administrative proceeding within or outside the SIPA Liquidation, or other provision of law determined to be applicable by the Trustee in consultation with its counsel) to disclose any Confidential Information, the Trustee shall provide to BNY reasonable notice of receipt of any such request (which shall be within ten (10) business days of receipt of any such request where possible), identifying the Confidential Information sought and enclosing a copy of the request. The Trustee shall give at least five (5) business days notice before production or other disclosures are to be made. If BNY is advised by the Trustee in accordance with this Agreement of any such request, and BNY does not notify the Trustee in writing that it objects to the production or provision of the Confidential Information within five (5) business days of receiving notice from the Trustee, then the Trustee's compliance with the request for Confidential Information shall not constitute a breach of this Agreement. BNY may seek a protective order or other appropriate remedy limiting or barring production of the Confidential Information. No such requested Confidential Information shall be produced while a timely motion by BNY or relevant non-party for a protective order, to quash or otherwise contest or limit the production of the Confidential Information is pending. Notwithstanding anything to the contrary herein, nothing in this Agreement shall prevent disclosure of Confidential Information by the Trustee if such disclosure is required by an administrative, regulatory or judicial order (subject to the notice and protective order provisions of this Agreement).

If information subject to a claim of attorney-client privilege, protection under the attorney work product doctrine, or any other privilege or immunity ("Privileged Information") is inadvertently produced to the Trustee, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or other ground for withholding production to which BNY would otherwise be entitled. If the Trustee receives a claim of inadvertent production of Privileged Information, the Trustee shall promptly return such Privileged Information to BNY. In addition, the Trustee shall destroy all notes or work product reflecting the content of such Privileged Information, and shall not use such Privileged Information, or the information contained therein, for any purpose in the SIPA Liquidation or in any other action.

The Trustee acknowledges that money damages would be an insufficient remedy for any breach of this Agreement by the Trustee and that any such breach would cause BNY irreparable harm. Accordingly, the Trustee also agrees that in the event of any breach or threatened breach of this Agreement by the Trustee, BNY shall be entitled to equitable relief, including injunctive relief and specific performance, without the requirement of posting a bond or other security. BNY agrees that if Confidential Information is disclosed in violation of this Agreement, BNY may not seek monetary damages and may only seek equitable relief in the bankruptcy court.

This Agreement may be modified or waived only by a separate writing signed by the Trustee and BNY expressly so modifying or waiving the Agreement.

July 14, 2009
Page 4

Please countersign to indicate your agreement and return at your earliest convenience.

Dated:    July 14, 2009

_____
Jeffrey A. Rosenthal, Esq.
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, New York 10006-1470
Telephone: (212) 225-2000
Facsimile: (212) 225-3999
E-mail: JRosenthal@cgsh.com

*Attorneys for The Bank of New York Mellon Corp.*

_____
Maryanne Stanganelli, Esq.
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York  10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
E-mail: mstanganelli@bakerlaw.com

*Attorneys for Irving H. Picard, Esq.,*

*Trustee for the SIPA Liquidation of Bernard L. Madoff Investment Securities LLC*

# Exhibit B

| | | |
|---|---|---|
| **"Kuntz, II, William F."** **<wkuntz@bakerlaw.com>** | To | lliman@cgsh.com |
| | cc | schoe@cgsh.com, "Powers, Marc" <mpowers@bakerlaw.com>, "Rodriguez, Alberto" <alrodriguez@bakerlaw.com> |
| 31 July 2009  07:37 AM | bcc | |
| | Subject | Re: Ivy |

Note: A copy of this message has been sent to Litigator's Notebook.

Dear Lewis:

This e-mail confirms that you correctly state our agreement.
We look forward to receiving your
production.

Best,
Bill


----- Original Message -----
From: Lewis J LIMAN <lliman@cgsh.com>
To: Kuntz, II, William F.
Cc: Shiwon Choe <schoe@cgsh.com>
Sent: Fri Jul 31 07:07:49 2009
Subject: Ivy



Dear Bill:

This email is to confirm our conversation that the production of documents
by Ivy Asset Management LLC ("Ivy") pursuant to the Trustee's subpoena of
July 1, 2009 directed to Ivy shall be made pursuant to the confidentiality
agreement in place between the Trustee and The Bank of New York Mellon
Corp. ("BNYM") dated July 14, 2009 (the "BNYM Confidentiality Agreement"),
and that documents produced by Ivy will be given the same confidentiality
protections as if they were produced by BNYM under the BNYM Confidentiality
Agreement.  This email will also confirm that we will be prepared to
discuss any modifications to this arrangement at your request.  Please
confirm by email that this arrangement is agreeable. We expect to make our
first production today.

Best,
Lewis

-------------------------
Sent from my BlackBerry Wireless Handheld

This message is being sent from a law firm and may contain
confidential or privileged information.  If you are not
the intended recipient, please advise the sender
immediately by reply e-mail and delete this message and
any attachments without retaining a copy.

# Exhibit C

# CLEARY GOTTLIEB STEEN & HAMILTON LLP

2000 PENNSYLVANIA AVENUE, N.W.

WASHINGTON, D.C. 20006-1801

(202) 974-1500

FACSIMILE
(202) 974-1999
WWW.CLEARYGOTTLIEB.COM

NEW YORK

PARIS

BRUSSELS

LONDON

MOSCOW

FRANKFURT

COLOGNE

ROME

MILAN

HONG KONG

BEIJING

KENNETH L BACHMAN, JR
MARK LEROY
JOHN C MURPHY, JR
GEORGE S CARY
MITCHELL S OUPLER
LINDA J SOLOO
GIOVANNI P PREZIOSO
JOHN T BYAM
MATTHEW O SLATER
MICHAEL R LAZERWITZ
OAVIO I GELFAND
MICHAEL A MAZZUCHI
MARK W NELSON
ROBIN M BERGEN
DEREK M BUSH
PAUL O MARQUAROT
JEREMY CALSYN
LEAH BRANNON
SHAWN J CHEN
RESIDENT PARTNERS

OANIEL B SILVER
RICHARD DEC HINOS
SARA O SCHOTLANO
JOHN S MAGNEY
JANET L WELLER
SENIOR COUNSEL

W RICHARD BIOSTRUP
KEVIN A GRIFFIN
STEVEN J KAISER
JOYCE E MCCARTY
COUNSEL

KAREN A KERR
SCOTT B GOOOWIN
JOHN P MCGILL, JR
PATRICIA M MCOERMOTT
SENIOR ATTORNEYS

NOWELL BAMBERGER
LEE F BERGER
PATRICK BOCK
KATHLEEN W BRAOISH
ALLISON H BREAULT
COURTNEY BROWN
GEOFFREY CARLSON
KATHERINE M CARROLL
JACOB M CHACHKIN
TRACY CHIN*
KATIA S COLITTI
EMILY L COOKE
MARGARET COWAN
OANIEL CULLEY
CARL F EMIGHOLZ
ELAINE EWING
CATHERINE L FAGG*
NINA FRANT
PATRICK FULLER
RYAN C GAUBERT
CAROLINE K GREENE
REHANA GUBIN
STEVEN A HAIOAR*
PAUL S HAYES
OAVIO HULTS*
MICHAEL HURST

MEGHAN A IRMLER
HEATHER M JOHNSON
MIJI KIM*
JAY LEE
MACEY LEVINGTON*
COLIN G LLOYD
JOHN R LOATMAN
NICOLE MANARA
BRANOON MASLOV*
THOMAS O MCCONNELL
BENJAMIN MEEKS
YASMIN MEHRAIN
JENNIFER MELLOTT
ANTONIO M POZOS
ANTONIO J REYNOLOS
PAUL R ST LAWRENCE III
VALERIE SCHUSTER*
OMAR SERAGELOIN
GREGORY M SERGI
KELSEY W SHANNON
MARGARET E SHEER
ALEX SISTLA
JOSHUA STERN
JEREMY J STEWART
JESS C THEOOORE*
SUSAN TORZILLI
TEALE TOWEILL*
RACHEL VELCOFF
KISH VINAYAGAMOORTHY
MARK W WALKER
JOANNE L WEROEL
MATTHEW R WINGERTER
ASSOCIATES

* AOMITTED ONLY TO A BAR OTHER THAN THAT OF THE OISTRICT OF COLUMBIA
WORKING UNDER THE SUPERVISION OF PRINCIPALS OF THE WASHINGTON OFFICE

Writer's Direct Dial: (202) 974-1514
E-Mail: rbergen@cgsh.com

Baker & Hostetler LLP
45 Rockefeller Plaza
New York N.Y. 10011-0100

October 7, 2010

BY HAND

William F. Kuntz, II, Esq.
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111

Baker & Hostetler LLP
45 Rockefeller Plaza
New York N.Y. 10011-0100

OCT 7 PM 5:39

Re:  Securities Investor Protection Corp. v. Bernard L. Madoff Investment
     Securities LLC, Adv. Pro. No. 08-01789-BRL

Dear Mr. Kuntz:

On behalf of Ivy Asset Management LLC ("Ivy"), we enclose a compact disk
containing documents bates-stamped IVYSIPC00666774 to IVYSIPC00666814 that are
responsive to the oral requests of Kim Longo, Howard Simon and yourself during your interview
of Kenneth Marlin on August 31, 2010 (the "Oral Requests"). With today's submission, Ivy
completes its production of non-privileged documents responsive to the Oral Requests.

In response to the Oral Request for copies of invoices reflecting Ivy's fees
charged to the subadvisory clients identified by Ms. Longo at the end of Mr. Marlin's interview
or documents reflecting the payment of such fees, we enclose documents, bates-stamped
IVYSIPC00666774 to IVYSIPC00666814 , which are invoices for periods in the years 1991
through 1995, 1997, 2000, 2003, 2004, and 2006 relating to J.P. Jeanneret Associates, Inc.

William F. Kuntz, II, Esq.
October 7, 2010
Page 2

This production contains documents designated as "Confidential." Per our conversation on July 30, 2009, this production is being made pursuant to the terms of the confidentiality agreement in place between the Trustee and The Bank of New York Mellon Corp. ("BNYM") dated July 14, 2009 (the "BNYM Confidentiality Agreement"), and the information and documents that Ivy produces shall be afforded the same confidentiality protections as if such information and documents were produced by BNYM under the BNYM Confidentiality Agreement. Furthermore, the enclosed information and documents are being produced solely for the Trustee's use in the above-captioned action, without waiver and with express reservation of all applicable rights.

If you have any questions concerning the foregoing, please do not hesitate to contact me at (202) 974-1514.

Very truly yours,

Robin M. Bergen /PKC

Robin M. Bergen

Enclosure

cc:   Howard L. Simon (with enclosure)
      Kim M. Longo