SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE
NEW YORK 10036-6522

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

DIRECT DIAL
212-735-2710
DIRECT FAX
917-777-2710

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
―
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

March 10, 2011

**BY E-FILING AND**
**HAND DELIVERY**

Honorable Burton R. Lifland
United States Bankruptcy Judge
United States Bankruptcy Court
One Bowling Green
New York, NY 10004

       Re:    *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC*, SIPA Liquidation No. 08-01789 (BRL)

Dear Judge Lifland:

       In response to Your Honor's Order of March 4, 2011, defendants Tremont Group Holdings, Inc., Tremont Partners, Inc., Tremont (Bermuda) Limited and Robert Schulman (collectively, "Tremont" or the "Tremont Defendants") respectfully submit this letter memorandum in support of the continued redaction of the names of the non-party witnesses referenced in the complaint filed in Picard v. Tremont Group Holdings, Inc., Adv. Pro. No. 10-05310 (BRL) (the "Complaint").

**Factual Background**

       This submission addresses the reasonable steps taken by the Tremont Defendants to protect the privacy of innocent non-parties by means of the limited redaction of their names in the Complaint. On or about February 27, 2009, long before the commencement of proceedings against the Tremont Defendants, Mr. Picard (the "Trustee") served subpoenas duces tecum on Tremont seeking the

Hon. Burton R. Lifland
March 10, 2011
Page 2

production of a wide range of documents. In response, Tremont voluntarily produced approximately two million pages of material. Tremont also voluntarily made available for interview by the Trustee several of its former employees. Tremont produced these documents and witnesses pursuant to the provisions of a confidentiality agreement consistent with standard practice in complex securities litigation of this kind.

On December 10, 2010, with the benefit of the pre-action discovery provided by Tremont, the Trustee filed, under seal, a complaint against the Tremont Defendants (among others) containing excerpts from, and/or references to, many of the documents and non-party witnesses produced by Tremont to the Trustee in confidence. Recognizing the widespread public interest in these proceedings, Tremont and the Trustee thereafter conferred and agreed that most of the contents of the Complaint could and should be unsealed. Nevertheless, the parties agreed that the identities of certain non-party individuals mentioned in the Complaint, i.e., former employees of Tremont and its affiliates, would remain redacted pending further order of this Court. This agreement to protect the privacy of non-parties does not impermissibly interfere with the public's right of access to information on file in the courthouse.

**The Names of Non-Parties Should Remain Redacted**

In United States v. Amodeo, 71 F.3d 1044 (2d Cir. 1995), the Second Circuit Court of Appeals examined the parameters of the public's right of access to judicial documents. While the court recognized that the public has a "presumptive[]" right of access, it held that the weight given to the presumption "must be governed by the role of the material at issue in the exercise of Article III judicial power, and the resultant value of such information to those monitoring the federal courts." 71 F.3d at 1047, 1049. The court further held that "[o]nce the weight of the presumption is determined, a court must balance competing considerations against it," including the "privacy interests of those resisting disclosure" and the interests of investigatory bodies in securing the voluntary cooperation of witnesses "who may want or need confidentiality." Id. at 1050.

Weighing those factors here, the redactions of the Complaint are appropriate and should not be removed. The weight to be given the presumption of public access is minimal because the identity of the non-parties mentioned in the Complaint does not directly affect the adjudication of any issue before the Court and the redacted names therefore are not material to the exercise of judicial power in this proceeding. In contrast to the weak presumption of any right of public access to the redacted names, "'[t]he privacy interests of innocent third parties . . . should weigh

Hon. Burton R. Lifland
March 10, 2011
Page 3

heavily in a court's balancing equation,'" as should the interests of the Trustee in securing the cooperation of non-party witnesses, such as former employees of Tremont. Amodeo, 71 F.3d at 1050 (citation omitted). Indeed, these witnesses cannot reasonably be expected voluntarily to assist the Trustee with his investigation absent assurance that their identities – which are irrelevant – will not be exposed through media coverage of Madoff's scheme, which could unjustifiably and irreparably tarnish their good names for no legitimate reason.

      A.    The Redacted Names of Non-Party Witnesses
           Are Not Relevant to the Adjudication of Any Claim

The Second Circuit explained in Amodeo that the presumption of a public right of access to judicial documents "is based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." 71 F.3d at 1048. Promotion of these salutary objectives is not served, however, by providing access to documents or information that has "little or no bearing on the exercise of . . . judicial power." Id. Thus, "the weight to be given the presumption of access must be governed by the role of the material at issue . . . and the resultant value of such information to monitoring the courts." Id. at 1049. And in assessing the material at issue, its importance "will fall somewhere on a continuum from matters that directly affect an adjudication," where the right of access is presumed, "to matters that come within a court's purview solely to insure their irrelevance," as to which access need not be permitted. Id.

Here, the names of the non-parties mentioned in the Complaint do not and will not directly affect the adjudication of any matter in dispute in this proceeding. To the extent the identity of any non-party witness might be relevant at all, it would be solely for the purpose of establishing the position the witness held with his former employer, i.e., one of the corporate defendants, to determine whether any purported misconduct or the individual's alleged knowledge thereof may be imputed to that named defendant. But the positions and alleged conduct or knowledge of the non-party witnesses are alleged in the Complaint, and only their names have been redacted.

Then-District Judge Pooler addressed similar facts in In re Savitt/Adler Litigation, No. 95-CV-1842, 1997 WL 797511 (N.D.N.Y. Dec. 23, 1997). There, the litigants agreed that the identities of certain non-party witnesses should be redacted from materials submitted in connection with a motion for summary judgment. See id. at *1. Certain media outlets, however, requested full access to those materials. See id. at *2. The court granted the defendants' motion to maintain the confidentiality of the names of the non-parties, ruling in relevant part:

Hon. Burton R. Lifland
March 10, 2011
Page 4

> [T]hese documents as a whole enjoy a strong presumption of access. However, defendants do not seek to bar access to the documents in their entirety. Rather, they seek only to redact names and identifying details. Neither plaintiffs nor defendants contend that the identity of [the non-parties] has any bearing on the decision of the summary judgment motion. . . . [P]laintiffs rely not on the identity of the particular [non-parties] but rather on their . . . affiliations . . . . Therefore, the identity of the [non-parties] will not play a role in the Article III function of deciding this motion, and I conclude that the presumption of access to the names of and identifying details concerning non-part[ies] is relatively weak.

Id. at *3; see also id. at *4 ("[T]he public can assess the [defendants'] actions without the names of the individual [third parties]. . . . All that will be missing is the identity of the [non-parties] concerned."); Caxton Int'l Ltd. v. Reserve Int'l Liquidity Fund, Ltd., No. 09 Civ. 782, 2009 WL 2365246, at *7 (S.D.N.Y. July 30, 2009) (identity of non-party investors redacted "[b]ecause there is no evidence that the identities of investors 'directly affect the adjudication' of whether subject matter jurisdiction exists over this action" (citation omitted)).

This proceeding actually presents a stronger case for redaction than Savitt/Adler. Indeed, in contrast to Savitt/Adler, where the parties moved for summary judgment and presented concrete issues to the court for adjudication, this case is only at the preliminary stages, and the redacted names have no conceivable bearing whatsoever on any claim against Tremont currently before the Court. Any presumption of access to this information, therefore, is weak, at best.

   B. The Privacy Interests of the Non-Party
     Witnesses and the Trustee's Interest in
     Securing Their Cooperation Are Substantial

To be balanced against the weak presumption of public access is the strong privacy interest shared by Tremont and the non-party witnesses in preserving the confidentiality of the identity of the witnesses. As the Second Circuit has recognized, "'[t]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation.'" Amodeo, 71 F.3d at 1050 (quoting Gardner v. Newsday, Inc. (In re Newsday, Inc.), 895 F.2d 74, 79-80 (2d Cir. 1990)). And as the Supreme Court has held, courts must ensure that individuals' records are not "'used to gratify private spite or promote public scandal,'" and should "'refuse[] to permit their files to serve as reservoirs of libelous statements for press

Hon. Burton R. Lifland
March 10, 2011
Page 5

consumption.'" Amodeo, 71 F.3d at 1051 (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978)); see also Nixon, 435 U.S. at 598 ("Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes.").

Here, the significant privacy interests of the non-parties outweigh any arguable right the public may have to learn their names. Although the individuals referenced in the Complaint are innocent and no claims have been asserted against them by the Trustee, the mere mention of their names could falsely suggest that they were complicit in Madoff's well-concealed fraud, subjecting them to intense, unwarranted and damaging public exposure. These concerns should be given significant weight here. See, e.g., Amodeo, 71 F.3d at 1050-51; see also Office of Investigations, U.S. Sec. & Exch. Comm'n, Investigation of Failure of the SEC To Uncover Bernard Madoff's Ponzi Scheme, Public Version (Aug. 31, 2009), at 8-20, available at http://www.sec.gov/news/studies/2009/oig-509.pdf (redacting names, with footnote explaining, "[a]fter the [Office of Inspector General] issued the [Report of Investigation] to the Chairman of the SEC, at the SEC's request, the OIG prepared a modified public version of the ROI which redacted the identities of certain individuals because of privacy concerns").

In addition, the continued redaction of the names of non-parties referenced in the Complaint facilitates the Trustee's ability to continue to marshal evidence in these proceedings. As the Second Circuit explained in Amodeo, if "confidentiality cannot be assured, cooperation will not be [as] forthcoming" and if "release is likely to cause persons in the particular or future cases to resist involvement where cooperation is desirable[,] that effect should be weighed against the presumption of access." 71 F.3d at 1050.

The conclusion reached by Judge Pooler in Savitt/Adler is directly applicable here: "Redaction of names . . . will protect the strong privacy interest of non-part[ies] while still enabling the public and press to assess (1) the basis for my decision[s] and (2) whether [named] defendant[s]" engaged in any wrongdoing. 1997 WL 797511, at *3.

**Conclusion**

For the foregoing reasons, the names of the individuals appearing in paragraphs 40, 54, 85, 90, 109, 117, 119, 121, 122, 123, 129, 132, 133, 138, 148,

Hon. Burton R. Lifland
March 10, 2011
Page 6

152, 158, 196, 197, 224, 225, 228, 231, 234, 257 and 258 of the Complaint should remain redacted.

Respectfully submitted,

Seth M. Schwartz

cc:   All counsel of record (by e-filing or by e-mail)
      Daniel M. Kummer (by e-mail)
      George Freeman (by e-mail)