# SEWARD & KISSEL LLP

ONE BATTERY PARK PLAZA
NEW YORK, NEW YORK 10004

MARK J. HYLAND
PARTNER
(212) 574-1541
hyland@sewkis.com

TELEPHONE: (212) 574-1200
FACSIMILE: (212) 480-8421
WWW.SEWKIS.COM

1200 G STREET, N.W.
WASHINGTON, D.C. 20005
TELEPHONE: (202) 737-8833
FACSIMILE: (202) 737-5184

March 10, 2011

**BY ECF FILING**

Honorable Burton R. Lifland
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004

    Re:    Picard v. UBS AG, et al., Adv. Pro. No. 10-05311 (the "LIF Complaint")
            Picard v. Defender, et al, Adv. Pro. No. 10-05229 (the "Defender Complaint")

Dear Judge Lifland:

        We are counsel to Reliance International Research LLC ("RIR") in the above referenced actions. In response to the Court's Order dated March 4, 2011, RIR respectfully submits this letter in support of maintaining the identity of one of its owners (the "RIR Principal") and certain non-parties redacted in the LIF Complaint and the Defender Complaint.

## Introduction

        In making substantial concessions to the Trustee, RIR will not object to having unsealed the contents of the RIR confidential documents and testimony provided by RIR's principals, which the Trustee allegedly relied on to base certain of his allegations in the LIF Complaint and the Defender Complaint. The limited redactions remaining are necessary to protect the privacy of the RIR Principal and certain non-parties, avoid interference with their personal and professional affairs, and reduce the risk of harm to them.

        We respectfully submit that this is a reasonable approach as it accomplishes the media's and the Trustee's desire to make the contents of certain of RIR's documents and testimony public while protecting the strong privacy concerns of the RIR Principal and certain non-parties given the vast amount of media this case has attracted. It is also consistent with 11 U.S.C § 107(b) and Bankruptcy Rule 9018.

        To avoid burdening the Court with duplicative submissions, RIR incorporates by reference the legal arguments made in the letter submission by Defendants JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., J.P. Morgan Securities LLC and J.P. Morgan Securities Ltd. (together, "JPMorgan") with respect to maintaining the redactions of names of individuals.

We write separately to set out certain additional facts that underscore the need to protect the identity of the RIR Principal.

## Background

Pursuant to an administrative and research agreement, RIR, now a non-operating entity, provided research, administrative, and data processing services to two entities: Reliance Management BVI Ltd. ("RMBVI") and Reliance Management (Gibraltar) Ltd. ("RMGL").

The main activities of RMBVI and RMGL were to manage diverse portfolios of investments in hedge fund managers. RIR was not in existence (nor was RMGL) when RMBVI and RMGL first invested in an investment fund with exposure to Bernard L. Madoff Investment Securities LLC ("Madoff"). Subsequently, pursuant to an investment advisory agreement, RMGL agreed to provide advisory services to UBS Third Party Management Company S.A. ("UBSTPMC"), the manager of Luxembourg Investment Fund ("LIF"). Under a management services agreement, RMBVI served as the manager of Defender Ltd. ("Defender"). LIF and Defender each maintained an account with Madoff

RIR had *no* agreement with either LIF or Defender or with any entity maintaining an account with Madoff. The RIR Principal worked exclusively for RIR, and RIR provided services to entities which, in turn, provided services to Defender and LIF, which invested with Madoff. The compensation received by RIR and the RIR Principal is not traceable to any transfer from Madoff to either Defender or LIF.

## Argument

As noted, RIR does not object to having the LIF Complaint unsealed provided that the identity of the RIR Principal and certain non-parties remain redacted. As a result, the LIF Complaint will be almost entirely open to the media and the Trustee's factual allegations, theory of the case, and causes of action, will be fully available to the public. There is no claim in the LIF Complaint asserted against the RIR Principal.

Courts have permitted that pleadings be redacted to protect the privacy interests of non-parties, such as the RIR Principal and certain individuals in the LIF Complaint. *Caxton Int'l. Ltd. v. Reserve Int't. Liquidity Fund Ltd.*, 2009 U.S. Dist. LEXIS 672223 at *19 (S.D.N.Y. July 30, 2009) (ordering that public court files be redacted to protect the identity of non-party investors); *Druck Corp. v. The Macro Fund (U.S.) Ltd.*, 2002 U.S. Dist. LEXIS 20603, at *1 (S.D.N.Y. Oct. 28, 2002) (directing the filing of public copies redacting the identity of certain individuals).

While the RIR Principal is a party in the Defender Complaint, his strong privacy interests should be protected under the extraordinary circumstances of this case.

*First*, the disclosure of the RIR Principal's identity in the Defender Complaint is unnecessary and prejudicial. RIR has agreed to re-designate as non-confidential the RIR documents and testimony the Trustee relied on in the Defender Complaint. The contents of that information will be made public and the Defender Complaint will be almost entirely unredacted.

Virtually all of the Trustee's allegations, including his factual assertions, theory of the case, and causes of action, against all defendants will be available to the public. Accordingly, the countervailing public interest, if any, in disclosing the identity of the RIR Principal is insignificant and Section 107(b)(2) protection is warranted here.

11 U.S.C § 107(b) provides that the Court "shall ... (1) protect an entity with respect to trade secret or confidential research, development or commercial information; or (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under [title 11]." Bankruptcy Rule 9018 gives this Court the power to "make any order which justice requires ... (2) protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code."

A party seeking protection under 11 U.S.C 107(b)(2) must show that (1) the material at issue would alter his reputation in the eyes of a reasonable person, and (2) the material at issue was untrue or that it was potentially untrue and irrelevant or included for an improper end. *In re Gitto Global Corp.*, 422 F.3d 1, 14 (1st Cir. 2005).

There is no question that the association with Madoff as alleged in the Defender Complaint would alter the reputation of the RIR Principal to a reasonable person, and it is likely hat he will suffer prejudice, negative publicity, and financial adversity with the public disclosure of his name. The only purpose that would be served by revealing his identity in the Defender Complaint would be to subject him and his family to harassment, threats, and stigma.

*Second*, the RIR Principal should not have been named as a defendant in the Defender Complaint in the first place. The Trustee blatantly overreaches in his attempt to clawback his compensation. There is no dispute that he worked exclusively for RIR. He was paid exclusively by RIR, and RIR did *not* have an account with Madoff. RIR did *not* act as an investment manager to any Madoff feeder fund. RIR did *not* have any agreement to manage any investment fund with any exposure to Madoff. In addition, there was *no* predetermined formula used by RMBVI to pay research fees to RIR, and RIR's compensation was based on the performance of a diverse portfolio of investments overseen by RMBVI and RMGL.

RIR, RMBVI and RMGL are three distinct and separate entities. There is no common ownership between and among RIR, on one hand, and RMBVI and RMGL, on the other hand. Nor is there any common management between and among these entities. RIR was incorporated under the laws of New York. RMBVI was incorporated under the laws of the British Virgin Islands. RMBVI has its own independent board of directors and principals.

The RIR Principal has *no* ownership interest in RMBVI. He is *not* a board member of RMBVI. He is *not* an officer of RMBVI. RMGL is incorporated under the laws of Gibraltar. RMGL has its own independent board of directors and principals. The RIR Principal has *no* ownership interest in RMGL. He is *not* a board member of RMGL. He is *not* an officer of RMGL. RIR maintained separate offices from RMBVI and RMGL. RIR had separate telephone numbers and computer servers. All of RIR's employees were separate from RMBVI and RMGL. RIR maintained its own independent bank accounts. RIR filed its own independent tax returns. There was no commingling of funds between and among RIR, RMBVI and RMGL.

3

In the face of these facts, the Trustee alleges that, upon information and belief, the "Reliance Group" indirectly received -- as subsequent transferees -- some unspecified portion of the amounts Defender withdrew from its Madoff account (the "Defender Withdrawals"). However, the Trustee does not identify a single specific transfer received by the RIR Principal from RIR that is directly tied to the Defender Withdrawals. The Trustee does not even adequately allege that any amount withdrawn from Madoff was used to pay fees to Defender's manager, RMBVI, or to RMGL, and much less to RIR and then to any of its principals or employees.

The Trustee must identify specific transfers from the debtor to the subsequent transferees to satisfy the pleading requirements under Fed. R. Civ. Pro. 8(a). *Silverman v. K.E.R.V. Realty Corp. (In re Allou Distrib., Inc.)*, 379 B.R. 5, 31 (Bankr. E.D.N.Y. 2007) (granting motion to dismiss by individuals where the trustee did not identify a specific transfer from the debtor to an entity and then to controlling individuals). Conclusory allegations that "[a]ll of the Individual Transfers represent proceeds derived from the Fraudulent Transfers" do not "set forth the necessary vital statistics – the who, when, and how much of the transfers" to survive a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6). *Id.* at *32.

Like in *Silverman*, there is no specific allegation or evidence that any of the compensation paid to RIR or its principal is directly traceable to any portion of the Defender Withdrawals.

## Conclusion

Based on the foregoing, the identity of the RIR Principal and certain non-parties should remain redacted in the LIF Complaint and the Defender Complaint. At a minimum, the RIR principal, named only in the Defender Complaint as a defendant, should be allowed to clear his name through a motion to dismiss before being subjected to media scrutiny.

Respectfully submitted,

*[signature]*

SK 26087 0001 1178827

4