**EXHIBIT C**

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>        Plaintiff-Applicant,<br><br>        v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>        Defendant.<br>In re:<br><br>BERNARD L. MADOFF,<br><br>        Debtor. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated)<br><br>**<u>PROTECTIVE ORDER</u>** |

**IT HEREBY IS ORDERED THAT,** the following Protective Order shall govern the disclosure of confidential information in this action and related adversary proceedings (the "Action"):

1.  This Protective Order (hereinafter, the "Order") shall govern all materials produced in this Action whether furnished by a party or third party regardless of whether produced informally or pursuant to a formal discovery request (a) which have been or subsequent hereto shall be designated by the producing party as comprising or containing **CONFIDENTIAL** Material, as defined below, which the producing party does not wish to become known to the public generally or otherwise disseminated, or (b) which are deemed hereby to be **CONFIDENTIAL** Material. Control and dissemination of all discovery materials covered by the Order shall be the responsibility of the attorneys of record.

2. As used herein, "**CONFIDENTIAL** Material" shall mean all material designated as **CONFIDENTIAL** if (a) in the good faith judgment of the party designating the material as **CONFIDENTIAL** such material contains proprietary business information, personal financial information, personal identifying information, or other information the disclosure of which would breach a legal or contractual obligation or (b) otherwise is subject to protection under section 107(b) or (c) of the United States Bankruptcy Code, Bankruptcy Rule 9018 and/or other applicable law. **CONFIDENTIAL** Material may include any type or classification of information which is so designated by the producing party in accordance with the provisions of this Order, or is otherwise deemed **CONFIDENTIAL** Material hereby, whether it be a document, information contained in a document, information revealed during a deposition or Bankruptcy Rule 2004 examination, information revealed in an interrogatory answer or any Documents (as defined by Local Bankruptcy Rule 7026-1) or portions of any of them, to the extent that they reveal information designated by the party producing such information as **CONFIDENTIAL** under the terms of this Order. A party may designate any documents, testimony, and other information furnished or disclosed to another party or its counsel during discovery or trial as **CONFIDENTIAL** in accordance with this Order.

3. All designations of material as **CONFIDENTIAL** Material shall be made in good faith and not for the purpose of delaying or obstructing the ability of any other party to investigate the facts of this controversy or to prepare for a hearing. Excessive and unreasonable designations of **CONFIDENTIAL** Material may be considered by the Court as equivalent to a motion for a protective order and subject to possible sanctions, including attorney's fees to the receiving party who successfully obtained removal of the designations. Notwithstanding the prior sentence or anything else in this Order, in order to protect BLMIS investors' rights to

financial privacy and shield their personally identifiable information from disclosure (a) all documents and other information in the Trustee's productions will be marked **CONFIDENTIAL** and (b) all documents and other material produced by a bank or other financial institution which contains **CONFIDENTIAL** Account Material (as defined below) shall be deemed **CONFIDENTIAL**. If any receiving party seeks to remove a **CONFIDENTIAL** designation from any material, that party shall follow the procedures set forth in paragraph 8 below.

4. If any **CONFIDENTIAL** Material is filed with the Office of the Clerk of the Court, it shall not be disclosed except as provided by this Order.

5. **CONFIDENTIAL** Material shall not be given, shown, made available or communicated in any way to any person or entity other than the following:

   a. The Court, Court personnel assisting the Court, and stenographers or other persons involved in taking or transcribing testimony in this Action;

   b. The parties, officers and employees of a party with responsibility for the party's participation in an Action, counsel representing the parties, and their litigation assistants, paralegals, secretarial or other clerical personnel and Agents, as defined below;

   c. As used herein, "Agents" include consultants, experts, litigation support services and other people or entities retained by a party or a party's counsel for the purpose of assisting that party or counsel in this Action, and the principals, employees and contractors with which such Agents are associated;

- 3 -

      d.      Authors or recipients of the designated **CONFIDENTIAL** Material;

      e.      The Securities Investor Protection Corporation;

      f.      A witness at any deposition or Bankruptcy Rule 2004 examination in the Action (including preparation for such deposition or Bankruptcy Rule 2004 examination), and such witness's counsel, provided that before providing any **CONFIDENTIAL** Material to any person or entity pursuant to this sub-paragraph, such person shall be provided with a copy of this Order, and shall thereafter be bound by this Order; to the extent the witness is covered by any other subsection to this paragraph, the provisions of this subsection shall not apply; and

      g.      Such other persons or entities as the Court may order, or as may be agreed to by the parties.

6. Third party discovery in this Action may involve disclosure of **CONFIDENTIAL** Material, which if designated in conformity with the provisions of this Order, shall be subject to the provisions herein and shall provide the non-party with all of the rights and obligations set forth herein.

7. In the event that a producing party inadvertently fails to designate **CONFIDENTIAL** Material as **CONFIDENTIAL** or incorrectly so designates **CONFIDENTIAL** Material, that party may make a late designation or change the designation by so notifying in writing all parties to whom the **CONFIDENTIAL** Material has been disclosed. A party must serve such written notification at least thirty (30) days before the close of discovery in a particular adversary proceeding. In such event, the receiving parties shall take

- 4 -

reasonable steps to ensure that the **CONFIDENTIAL** Material is thereafter treated in accordance with the designation. Late designation shall not be deemed a waiver of the confidential status of the late designated **CONFIDENTIAL** Material. No person or party shall incur any liability hereunder with respect to disclosure that occurred prior to the receipt of written notice of belated designation, <u>provided</u>, <u>however</u>, that such person or party, upon receipt of such written notice of belated designation, must make all reasonable efforts to obtain the return of and/or limit the dissemination of any belatedly-designated **CONFIDENTIAL** Material.

8. If a receiving party claims that **CONFIDENTIAL** Material should be disclosed notwithstanding the terms of the Order, or that any of the restrictions on disclosure or use should be reduced, modified or eliminated or that the designation was improperly applied, it shall attempt to reach agreement with the party that designated the **CONFIDENTIAL** Material. If agreement cannot be reached promptly, the receiving party may, consistent with the Local Bankruptcy Rules of this Court, request an informal conference with the Court for relief within five (5) business days after said written notice of its disagreement. In the event that the dispute has not been resolved in the informal conference and a motion is made, the receiving party may file the **CONFIDENTIAL** Material in question under seal for the Court's *in camera* inspection. In connection with any such motion, however, the party that produced the **CONFIDENTIAL** Material shall have the burden of demonstrating that **CONFIDENTIAL** Material is confidential and should continue to be protected as designated.

9. The attorneys of record shall maintain a file of all undertakings (in substantially the form attached as Exhibit "A") signed by a representative of each law firm on behalf of the attorneys at such firm who have received access to **CONFIDENTIAL** Material. Additionally, the attorneys of record shall maintain a file of undertakings signed by an authorized

- 5 -

representative of Agents retained by any party. Said file shall be made available upon request for inspection and copying by any attorney of record, except as to non-testifying experts and consultants, absent good cause shown. The failure of any person or entity to execute an undertaking shall not relieve any recipient of **CONFIDENTIAL** Material from compliance with the provisions of this Order.

10. Counsel shall not disclose **CONFIDENTIAL** Material to a witness testifying at a deposition or Bankruptcy Rule 2004 examination or during the process of preparing that witness for a deposition or Bankruptcy Rule 2004 examination except in strict conformity with the provisions of this Order. If, during the course of any deposition or Bankruptcy Rule 2004 examination, (a) an attorney of record for any party desires to make inquiry into **CONFIDENTIAL** Material, or (b) an attorney of record for a party asserts that an answer to a specific inquiry is subject to the foregoing designations, the attorney shall make such inquiry only in the presence of those persons authorized to have access to such **CONFIDENTIAL** Material. Such testimony shall be considered **CONFIDENTIAL** Material, and the parties hereto shall treat it as subject to the provision for disclosure set forth herein.

11. All testimony elicited during depositions or Bankruptcy Rule 2004 examinations shall be deemed **CONFIDENTIAL** and shall be treated in accordance with the provisions of this Order including, without limitation, paragraph 8.

12. Any court reporter who transcribes testimony in this Action at a deposition or a Bankruptcy Rule 2004 examination shall be provided a copy of this Order and shall thereafter ensure that all **CONFIDENTIAL** Material is and shall remain confidential and shall not be disclosed except as provided under this Order and that copies of any transcript, reporter's notes or any other transcription records of any such testimony shall be retained in absolute

confidentiality and safekeeping by such court reporter or shall be delivered to an attorney of record or filed with the Court.

13.  No **CONFIDENTIAL** Material will be filed with the Court unless it is filed under seal.  The party desiring to file materials under seal may move for an order to file under seal or obtain a stipulation from the receiving party to file the material under seal.  Unless otherwise agreed to by counsel for the parties, to comply with this requirement, **CONFIDENTIAL** Material must be filed in sealed containers labeled with:  (1) the title to this action; (2) the general nature of the contents; (3) the words **CONFIDENTIAL**; and (4) a statement substantially in the following form (or such other form or manner as the Clerk of the Court shall require):

> The contents hereof include confidential information filed in this case by [name of party] in accordance with a Protective Order entered in this case on [date]. This envelope or container is not to be opened nor are the contents hereof to be displayed or revealed except by or at the direction of the Court, and shall be returned to [name of filing party] upon termination of all proceedings in this case. Counsel for the parties may open service copies of this envelope or container subject to the provisions of the Protective Order.

The materials so filed shall be impounded until thirty (30) days after the entry of final decree in Adv. Proc. No. 08-01789, including any applicable appeal period, at which time the parties shall jointly communicate with the Clerk's Office about retrieving such materials from the Court.

14.  The designation by counsel for the producing party of **CONFIDENTIAL** Material is intended solely to facilitate the preparation and trial of this case, and such designation shall not be construed in any way as an admission or agreement by the non-designating party that the designated disclosure constitutes or contains any **CONFIDENTIAL** Material.  Neither the taking of nor the failure to take any action to enforce the provisions of this Order shall constitute a waiver of any claim or defense in the trial of this Action or any other action, including, but not

- 7 -

limited to, the claim or defense that any such information is or is not confidential, secret or proprietary. The procedures set forth herein shall not affect the rights of the parties or any other person to object to discovery on any permissible grounds, nor shall they relieve a party or other person of the necessity of proper response to discovery devices.

15. In the event anyone shall inadvertently disclose **CONFIDENTIAL** Material to another party or third party not otherwise permitted to receive such **CONFIDENTIAL** Material, the party making the inadvertent disclosure shall, upon learning of the disclosure:

    a. Promptly notify the person or entity to whom the disclosure was made that the disclosure contains **CONFIDENTIAL** Material protected by this Order;

    b. Promptly make all reasonable and necessary efforts to obtain the return of and preclude dissemination or use of the **CONFIDENTIAL** Material by the person or entity to whom disclosure was inadvertently made; and

    c. Promptly notify the producing party of the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps that have been taken and will be taken to ensure against further dissemination or use of the **CONFIDENTIAL** Material.

16. Nothing contained in this Order shall preclude, or be deemed to preclude, any party from asserting the attorney-client or other privilege and/or work product protection as to any document or other material.

17. The inadvertent production or disclosure of any document or other material (the "Inadvertent Production") otherwise protected by the attorney-client privilege, work product

protection or a joint defense/common interest privilege shall not constitute or be deemed as a waiver or forfeiture of any such privilege or immunity. If, after learning of the Inadvertent Production, the producing party wishes to assert its privilege or protection, it shall promptly send to the receiving party a written request for return of the Inadvertent Production. Notwithstanding the procedures outlined in (a) – (d) below, within five (5) business days of receiving such a request, the receiving party shall return the Inadvertent Production to the producing party, shall destroy all copies that it may have made of the Inadvertent Production, and shall not utilize the information contained in the Inadvertent Production for any purpose. If the receiving party produced the Inadvertent Production to any other party, person or entity, it shall give notice to such party, person or entity of the Inadvertent Production and such party or person shall be subject to the provisions of this Order.

    a.    If the receiving party wishes to contest that the Inadvertent Production is protected by the attorney-client privilege, work product protection or a joint defense/common interest privilege, the receiving party shall so notify the producing party in writing;

    b.    Within five (5) business days after receiving such notification, the producing party shall provide to the receiving party, a description of the basis for the claim of privilege or immunity for the Inadvertent Production;

    c.    Within ten (10) business days after receiving such description, the receiving party may file under seal a motion to compel production of the Inadvertent Production, the protection of which is still disputed. If such a motion is filed, the producing party shall have the burden of proving that

the Inadvertent Production in dispute is protected by attorney-client privilege, work product immunity or a joint defense/common interest privilege. Pending the ruling on such motion, the receiving party may not utilize the Inadvertent Production for any purpose;

d. With respect to documents and other work product subsequently generated by the receiving party, which derivative documents contain information derived from such Inadvertent Production (the "Derivative Documents"), if the receiving party does not notify the producing party that the receiving party disputes the claims of attorney-client privilege or work-product immunity with respect to the Inadvertent Production, the receiving party shall either destroy such Derivative Documents or redact from them all such derivative privilege or work-product information in a manner such that the derivative information cannot in any way be retrieved or reproduced.

18. The party that made the **CONFIDENTIAL** Material designation may agree at any time that some or all of the restrictions applicable to said **CONFIDENTIAL** Material may be reduced, modified or eliminated; provided, however, that to the extent that any party seeks to reduce, modify or eliminate the restrictions on **CONFIDENTIAL** Account Material (as defined below), it may only do so upon further Court Order or with the written consent of the customer to whom such **CONFIDENTIAL** Account Material relates. "**CONFIDENTIAL** Account Material" shall mean **CONFIDENTIAL** Material that relates to a customer's particular investments with and accounts at BLMIS including account statements to the extent that it

contains identifying information about the customer (other than a customer's BLMIS account number).

19.  If the Trustee receives a discovery request or subpoena requiring him to produce **CONFIDENTIAL** Account Material to anyone other than the customer to whom such **CONFIDENTIAL** Account Material relates, the Trustee shall not produce such **CONFIDENTIAL** Account Material absent the consent of the customer(s) to whom such **CONFIDENTIAL** Account Material relates or upon further order of the Court; provided, however, that nothing in this paragraph or paragraph 18 shall prevent the Trustee from disclosing **CONFIDENTIAL** Account Material of one customer to another in connection with (a) the determination of claims and (b) the investigation of account transfers between customer accounts to enable the Trustee to make claims determinations.

20.  Nothing in this Order (but subject to the requirements of paragraph 25 hereof to the extent that **CONFIDENTIAL** Material produced in one adversary proceeding is to be used in another adversary proceeding or other proceeding) shall preclude any party from using **CONFIDENTIAL** Material at any hearing in this Action. If any party believes that any such **CONFIDENTIAL** Material to be used at a hearing requires any kind of protective treatment under the provisions of this Order, it shall apply to the Court for such treatment, and the Court will consider and determine each such request except **CONFIDENTIAL** Material which has already been sealed.

21.  The furnishing of any particular document or other material, whether or not it is designated as **CONFIDENTIAL** Material, shall not constitute, or be deemed to constitute, a waiver of any attorney-client or other privilege or any work product protection as to any other document or other material.

22. This Order is without prejudice to the rights of any party to seek modification of this Order from the Court with respect to any specific **CONFIDENTIAL** Material. Designation of **CONFIDENTIAL** Material by a party conveys no *prima facie* or presumptive effect of entitlement to protection in case of dispute before the Court on a Motion by the opposing party to remove or modify such designation.

23. The restrictions in this Order on the disclosure, use, or handling of **CONFIDENTIAL** Material shall not apply if (a) the document or other material is available to the public through means other than production by the producing party; (b) the document or other material was lawfully known to or independently developed by the receiving party; (c) the document or other material was received by the receiving party without restriction from a third party having the right to make such a disclosure (an "Unrestricted Disclosure"); or (d) the document or other material is required to be produced to the receiving party by a court of competent jurisdiction (to the extent such court permits). The foregoing provision is not intended to undermine or eliminate the protections afforded to **CONFIDENTIAL** Material and **CONFIDENTIAL** Account Material contained in paragraph 3 hereof.

24. In the event that:

   a. A person or entity receives a notice of deposition, interrogatory, request for documents, subpoena (including, without limitation, a Bankruptcy Rule 2004 subpoena), civil investigative demand, or similar request to disclose any of the **CONFIDENTIAL** Material, and the person or entity reasonably believes, after consultation with counsel, that it is legally required to disclose any of the **CONFIDENTIAL** Material to a third

        party, including a governmental, or other regulatory body or agency or self-regulatory organization; or

    b.    The Trustee receives a request with which he wishes to comply from a regulatory or enforcement authority investigating matters relating directly or indirectly to Bernard L. Madoff Investment Securities LLC and/or Bernard L. Madoff;

the person or entity shall provide to the person or entity that produced the **CONFIDENTIAL** Material, the Trustee and the customer to whom the **CONFIDENTIAL** Material relates, at least ten (10) business days' notice before providing or producing **CONFIDENTIAL** Material pursuant to any such request or requirement so that any of those parties may seek a protective order or other appropriate remedy. In such a case, the parties shall reasonably cooperate in any action to obtain a protective order or other appropriate remedy or to obtain reliable assurance that confidential treatment consistent with this Order shall be accorded to any disclosed **CONFIDENTIAL** Material. In the event that any party does not file a motion for a protective order within ten (10) business days of receiving notice of a request or requirement as set forth above, or it fails to obtain a protective order or other appropriate remedy after being given notice of a request or requirement as set forth above, the party receiving the request or subject to the requirement may comply with the request or requirement to disclose and produce **CONFIDENTIAL** Material. Any party receiving **CONFIDENTIAL** Material under this paragraph shall be bound by the provisions of this Order including signing an undertaking as described in paragraph 9 of this Order.

    25.    In the event that

      a.    A party intends to disclose **CONFIDENTIAL** Material produced during the course of discovery in one adversary proceeding in this Action in another adversary proceeding to which the producing party is not a party or in another proceeding in the Action; or

      b.    A party intends to disclose **CONFIDENTIAL** Material in a lawsuit separate and apart from this Action;

the party shall provide to the person or entity that produced the **CONFIDENTIAL** Material, the Trustee and the customer to whom the **CONFIDENTIAL** Material relates at least ten (10) business days' notice before disclosing **CONFIDENTIAL** Material. If an objection is received within such ten (10) business day period, there shall be no disclosure of such **CONFIDENTIAL** Material absent further order of the Court on notice to the party intending to disclose **CONFIDENTIAL** Material, to the person or entity that produced the **CONFIDENTIAL** Material, the Trustee and the customer to whom the **CONFIDENTIAL** Material relates.

26.    Regardless of whether a document or other material is designated **CONFIDENTIAL** Material, and in addition to the restrictions on use of **CONFIDENTIAL** Material contained in this Order, all parties shall comply with all applicable laws and regulations related to the protection of Social Security numbers, financial institution account numbers and records, and any other "personally identifiable information," as defined by applicable laws or regulations.

27.    Nothing in this Order shall be interpreted to terminate, supersede, limit, enhance or otherwise modify the terms and conditions of any other agreement previously entered into between the Trustee and any other party regarding the confidentiality or non-disclosure of documents or discovery materials. To the extent a producing party has previously entered into a

confidentiality agreement with the Trustee governing the production of that producing party's documents or other material in this Action, the Trustee and the producing party may agree that this Order shall supersede any such prior agreement.

28.     This Order shall remain in full force and effect until further order of this Court at the close of Adv. Proc. No. 08-01789.  In conjunction with the Trustee filing a motion under section 350 of the Bankruptcy Code to close Adv. Proc. No. 08-01789, the Trustee shall file a motion which will set forth the treatment of **CONFIDENTIAL** Material in the Trustee's possession which treatment shall include the Trustee's good faith effort to (a) destroy it, (b) return it to the person or entity who provided it, and/or (c) appropriately secure it in accordance with industry standards at the time.

29.     In the event anyone shall violate, or threaten to violate, any terms of this Order, any party having standing may apply to this Court, consistent with the Local Bankruptcy Rules of this Court, to obtain injunctive relief against any such person or entity.

**SO ORDERED:**

DATED:  New York, New York
        February 16, 2010

/s/Burton R. Lifland_____
HON. BURTON R. LIFLAND
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT "A"

An Equivalent Declaration May be Substituted for this Undertaking

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant.<br>In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated)<br><br>**UNDERTAKING AND CONSENT TO BE BOUND** |

I declare that:

1. My address is _____

_____, and the name and address of my present employer is_____

_____ .

2. My present occupation and job description is _____

_____ .

3. I have received a copy of the Protective Order (the "Protective Order") in this action.

4. I have carefully read and understand the provisions of the Protective Order, am authorized to bind _____, which agrees to be bound by the Protective Order. Specifically _____ agrees that its employees, agents or staff will not use or

disclose to anyone any of the contents of any **CONFIDENTIAL** Material received under the protection of the Protective Order in violation thereof. _____ will never use any **CONFIDENTIAL** Material, directly or indirectly, for any purpose other than for purposes of this litigation, except as otherwise permitted by the Protective Order.

5. _____ understands that its employees, agents and staff are to retain all copies of any of the materials that they receive which have been so designated as **CONFIDENTIAL** in a container, cabinet, drawer, room or other safe place in a manner consistent with the Protective Order and that all copies are to remain in my custody until they have completed their assigned or legal duties.

6. _____ consents to the exercise of personal jurisdiction by this Court in connection with this Declaration and its obligations under the Protective Order.

7. I declare under penalty of perjury under the laws of the State of New York that the foregoing is true and correct.

 

                                                                                                                       Name

                                                                                                                       Date