MUNGER, TOLLES & OLSON LLP
355 S. Grand Avenue, 35th Floor
Los Angeles, CA 90071-3560
Tel: (213) 683-9100 – Fax: (213) 687-3702
Ronald L. Olson (pro hac pending)
  Email: ron.olson@mto.com
Cary B. Lerman (pro hac pending)
  Email: cary.lerman@mto.com
Carl H. Moor (pro hac pending)
  Email: carl.moor@mto.com

*Attorneys for Jeanne Levy-Church and Francis N. Levy*

Hearing Date: March 30, 2011 at 10:00 a.m.
Objection Deadline: March 16, 2011

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITY INVESTOR PROTECTION CORPORATION,<br><br>                 Plaintiff,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                 Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re<br><br>BERNARD L. MADOFF,<br><br>                 Debtor. | |

**LEVYS' OPPOSITION TO MOTION TO SET ASIDE SETTLEMENT**

Jeanne Levy-Church and Francis N. Levy (the "Levys") oppose the *Customers' Motion to Set Aside the Order Approving the Trustee's Settlement with the Levy Heirs* [Docket No. 3860] (the "Peshkin Motion"), which seeks to vacate this Court's order [Docket No. 1964] approving a settlement agreement by and among the Levys and Irving H. Picard (the "Trustee"), as trustee for the substantively consolidated liquidation of Bernard L. Madoff Investment

13428647.1

Securities LLC and Bernard L. Madoff.

The Court should deny the Peshkin Motion. A trustee's court-approved settlement must have finality, and settling parties must be assured that settled claims will not be relitigated. *In re Medomak Canning*, 922 F.2d 895, 901 (1st Cir. 1990); *accord, e.g.*, *In re Shop N' Go P'ship*, 261 B.R. 810, 817 (Bankr. M.D. Pa. 2001) ("Expectation of the parties that entered into the settlement agreement should be upheld."). The Peshkin Motion seeks to vacate a year-old settlement that was entered into in good faith and at arms length between the Levys and the Trustee, which the Trustee continues to support to this day. The Peshkin Motion does not rely on any facts that were not available to and considered by the Trustee at the time of settlement. The Levys and their families have rightfully relied upon this settlement in moving forward with their lives, and it should not be disturbed. *See, e.g.*, *Kotlicky v. U.S. Fidelity & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987) (federal policy strongly favors finality of judgments).

DATED: March 15, 2011
        Los Angeles, California

Respectfully submitted,

MUNGER, TOLLES & OLSON LLP

By: _____
        Cary B. Lerman

355 South Grand Avenue, Suite 3500
Los Angeles, CA 90071-1560
Tel: (213) 683-9128 – Fax: (213) 683-5128
Email: cary.lerman@mto.com

*Attorneys for Jeanne Levy-Church and Francis N. Levy*

2

13428647.1