**Baker & Hostetler LLP**  Hearing Date: March 30, 2011 at 10:00 a.m.
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com
Deborah H. Renner
Email: drenner@bakerlaw.com
Keith R. Murphy
Email: kmurphy@bakerlaw.com
Tracy L. Cole
Email: tcole@bakerlaw.com
Seanna R. Brown
Email: sbrown@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-01789 (BRL) <br><br> SIPA Liquidation <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |

**TRUSTEE'S OPPOSITION TO CUSTOMERS' MOTION TO SET ASIDE
THE ORDER APPROVING THE TRUSTEE'S SETTLEMENT WITH
<u>THE LEVY HEIRS FOR FAILURE TO DISCLOSE MATERIAL INFORMATION</u>**

TO THE HONORABLE BURTON R. LIFLAND,
UNITED STATES BANKRUPTCY JUDGE:

Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), and the substantively consolidated estate of Bernard L. Madoff and Bernard L. Madoff Investment Securities, LLC ("BLMIS"), by and through his undersigned counsel, hereby submits this opposition to the Customers' Motion to Set Aside the Order[1] Approving the Trustee's Settlement with the Levy Heirs for Failure to Disclose Material Information (the "Motion"), Memorandum in Support ("Mem. Supp."), and the Declaration of Helen Davis Chaitman in Support ("Chaitman Decl.") [Dkt. Nos. 3860, 3861, 3862.]

## PRELIMINARY STATEMENT

The customers and/or creditors ("Objecting Claimants") bringing this Motion assert that "[i]t is in their best interests that the Trustee obtain the maximum recovery possible . . . ." (Mem. Supp. at 2.) Yet, by way of this Motion the Objecting Claimants seek to unravel a settlement of $220 million—an action decidedly against their best interests—that represents a significant recovery on behalf of the estate. Oddly enough, when the Trustee obtained an indisputably significant recovery from the estate of Jeffry Picower, certain other customers and creditors—represented by the same counsel as the Objecting Claimants herein—objected on the basis that the Trustee recovered too much. Putting aside the conflicting nature of counsel's positions in this liquidation proceeding, the Trustee's settlement in February 2010 with Jeanne Levy-Church and Francis N. Levy (the "Levy Heirs"), the children and beneficiaries of deceased Madoff investor, Norman F. Levy ("Levy"), was fair and equitable and should not be disturbed.

---

[1] Order Pursuant to Section 105(a) of the Bankruptcy Code and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure Approving an Agreement By and Among the Trustee and Jeanne Church-Levy and Francis N. Levy, entered on February 18, 2010 (the "Order") [Dkt. No. 1964.]

2

The basis on which the Objecting Claimants seek to rescind the agreement between the Trustee and the Levy Heirs originates from a faulty premise. They allege that "new" facts regarding the transactional history between BLMIS and Levy, as set forth in a January 24, 2011 letter from SIPC President Stephen Harbeck to Congressman Scott Garrett and the Trustee's allegations in his complaint against JPMorgan Chase, should alter both the Trustee's sound business judgment for having entered into the settlement and this Court's approval of that compromise. (*See* Chaitman Decl., Exhibits C & G.) However, these facts are not new, having been considered by the Trustee at the time of the settlement, nor do they change the Trustee's determination in his business judgment, that it was appropriate to settle with the Levy Heirs. Because the facts raised by the Objecting Claimants change nothing, there is no basis to overturn a significant settlement—one that, along with all of the other settlements the Trustee has obtained to date, inures directly to their benefit. The extraordinary relief sought by Objecting Claimants should be denied.

## ARGUMENT

The factual underpinnings of the Trustee's settlement with the Levy Heirs was set forth in the Trustee's Motion for Entry of Order Pursuant to Section 105(a) of the Bankruptcy Code and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure Approving an Agreement By and Among the Trustee and Jeanne Levy-Church and Francis N. Levy, filed on January 27, 2010 (the "Trustee's Motion") [Dkt. No. 1833.] Those facts will not be repeated here. The only issue before the Court today is whether the transactional history between BLMIS and Levy noted by the Objecting Claimants alters the Trustee's business judgment to settle his claims against the Levy Heirs or this Court's approval of the same. The Trustee submits that under the governing legal standard of bankruptcy court approval of compromises, the answer is "no."

As set forth in the Trustee's Motion, the Trustee believes the settlement represented a fair compromise and avoided "the need for protracted, costly, and uncertain litigation." (Trustee Motion, Ex. C at 2.) Moreover, the Trustee felt that the settlement "further[ed] the interests of the customers of BLMIS by adding a substantial amount of money to the fund of customer property. . . ." (*Id.* at 3.) Accordingly, counsel for the Trustee expressed that in the Trustee's business judgment, the settlement was a good result for the BLMIS estate. (*See* Transcript of February 18, 2010 Hearing on the Motion ("Hr'g Tr."), attached as Exhibit F to the Chaitman Decl., at 7:8–14.) The Court concluded the same and approved the settlement, facing no objections to the Trustee's Motion. (*See* Order at 1–2; Hr'g Tr. 8:14–9:11.)

I. **Information Pertaining to Norman Levy's Transactions with BLMIS Does Not Change the Appropriateness of the Settlement Under Bankruptcy Rule 9019**

The legal standard governing compromises and settlements in bankruptcy matters is clear. Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provides, in pertinent part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Courts have held that in approving a settlement under Bankruptcy Rule 9019, a bankruptcy court should find that the compromise proposed is fair and equitable, reasonable, and in the best interests of a debtor's estate. *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 426 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994); *Nellis v. Shugrue*, 165 B.R. 115, 121 (S.D.N.Y. 1994) ("The obligation of the bankruptcy court is to determine whether a settlement is in the best interest of an estate before approving it").

The bankruptcy court's charge in approving a settlement is not to decide the numerous questions of law and fact raised by the compromise, but should instead "'canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness.'" *Liu v. Silverman (In re Liu)*, 1998 U.S. App. LEXIS 31698, at *3 (2d Cir. Dec. 18, 1998) (quoting *In re*

*W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983)); *see also Masonic Hall & Asylum Fund v. Official Comm. of Unsecured Creditors (In re Refco, Inc.),* 2006 U.S. Dist. LEXIS 85691, at *21-22 (S.D.N.Y. Nov. 16, 2006); *In re Ionosphere Clubs*, 156 B.R. at 426. In deciding whether a particular compromise falls within the "range of reasonableness," courts consider the following factors:

| | | |
|---|---|---|
| 1) | | the probability of success in the litigation; |
| 2) | | the difficulties associated with collection; |
| 3) | | the complexity of the litigation, and the attendant expense, inconvenience, and delay; and |
| 4) | | the paramount interests of the creditors. |

*In re Refco, Inc.,* 2006 U.S. Dist. LEXIS 85691 at *22; *Nellis*, 165 B.R. at 122 (citing *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 292 (2d Cir. 1992), *cert. denied*, 506 U.S. 1088 (1993)).

Importantly, in considering these factors, "[i]t is not the court's task to determine whether the settlement proposed by the parties is the best possible, or fairest, or most appropriate resolution of the dispute." *O'Connell v. Packles (In re Hilsen)*, 404 B.R. 58, 70 (Bankr. E.D.N.Y. 2009). The court need not conduct a mini-trial, nor "assess the minutia of every claim." *Nellis*, 165 B.R. at 122-123. "[T]he question is whether the decision to settle is reasonable." *Vaughn v. Drexel Burnham Lambert Group, Inc. (In re Drexel Burnham Lambert Group, Inc.)*, 134 B.R. 499, 507 (Bankr. S.D.N.Y. 1991). Pursuant to the law of this Circuit and upon consideration of the Trustee's Motion, this Court approved the settlement, finding it was "well above the lowest rung in a range of reasonableness. . . ." (Hr'g Tr. 9:6-7.)

Despite this finding and its clear support in the law, Objecting Claimants seek to vacate the Court's Order under various subsections of Federal Rule of Civil Procedure 60(b) ("Rule 60(b)")—a rule which provides relief only "upon a showing of exceptional circumstances." *In re*

*Chipwich, Inc.*, 64 B.R. 670, 675 (Bankr. S.D.N.Y. 1986) (citing *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)). Objecting Claimants assert that the specificities of Norman Levy's transactional history with BLMIS, dating back to the 1990s, somehow justifies this extraordinary relief.

None of the bases on which the Objecting Claimants bring this Motion rise to the level of "exceptional circumstances" that require the Court to vacate its Order. First, they contend that Norman Levy's financial transactions with Madoff constitute "newly discovered evidence" that would have caused the Objecting Claimants to object to the settlement had these facts been known. (Mem. Supp. at 5.) Next, they contend that the Trustee "concealed" this information from the Court. (*Id.* at 5–6.) Lastly, the Objecting Claimants assert that the settlement prevents them, "among other innocent BLMIS customers, from potentially recovering billions of dollars to compensate them for the tremendous loss incurred as a result of Madoff's Ponzi scheme." (*Id.* at 6–7.) However, these arguments fail under all subsections of Rule 60(b).

Courts within this Circuit deny relief under Rule 60(b) absent "a reason of 'such importance that it probably would have changed the outcome' of the case." *In re Lehman Bros. Holding Inc.*, Nos. 08-13555, 08-01420, 2011 WL 597970, at *34 (Bankr. S.D.N.Y. Feb. 22, 2011) (quoting *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 392 (2d Cir. 2001) (denying relief under Rule 60(b), despite perjury, as truth would not have changed outcome of case)). This analysis, referred to as the "changed outcome test," has been regularly applied by courts "under all subsections of Rule 60(b)." *In re Lehman Bros. Holding Inc.*, 2011 WL 597970, at *34 (citing *Avedis v. Herman*, 192 F.R.D. 477, 478 (S.D.N.Y. 2000) (applying test under Rule 60(b)(1)); *Kirschenbaum v. Nassau County Dist. Attorney (In re Vitta),* 409 B.R. 6, 12 (Bankr. E.D.N.Y. 2009) (same); *Int'l Bhd. of Teamsters*, 247 F.3d at 392 (Rule 60(b)(2));

*Epps v. Howes*, 573 F. Supp. 2d 180, 185 (D. D.C. 2008) (same); *In re St. Stephen's 350 E. 116th St.*, 313 B.R. 161, 174 (Bankr. S.D.N.Y. 2004) (Rule 60(b)(2) & (3)); *In re Chipwich, Inc.*, 64 B.R. at 675 (same); *Bettis v. Kelly*, No. 02 Civ. 104, 2004 WL 1774252, at *2 (S.D.N.Y. Aug. 9, 2004), *aff'd*, 137 Fed. Appx. 381 (2d Cir. 2005) (Rule 60(b)(3)); *Creamer v. Laidlaw Transit, Inc.*, 76 Fed. Appx. 273, 275 (10th Cir. 2003) (Rule 60(b)(6))). Because the outcome here likely remains the same regardless of the "new" facts as posited by Objecting Claimants, there is no basis to grant the relief they seek.

As with all BLMIS accounts, the Trustee conducted a forensic analysis of the accounts maintained and controlled by Norman Levy. The fact that billions of dollars flowed between BLMIS and Norman Levy does not mean that the ultimate fraudulent transfer liability of Norman Levy would have been adjudicated to be in that range. Because the transactions between Norman Levy and BLMIS were known to the Trustee, and considered when entering into a settlement with the Levy Heirs (who, based on the Trustee's investigation, did not direct these anomalous transfers at issue), the Trustee's business judgment regarding the settlement is undisturbed. More importantly, the specifics of Norman Levy's financial transactions with BLMIS do not change the fact that the settlement falls "well above the lowest rung in a range of reasonableness," as this Court has already found. (Hr'g Tr. 9:6-7.)

Prior to any litigation and early in this liquidation proceeding, the Levy Heirs came forward to resolve the Trustee's potential avoidance claims against the Levy family. Norman Levy—who directed and controlled the Levy BLMIS accounts, including those with the transactions set forth in the Motion—died in 2005, approximately three years before the Ponzi scheme came to an end. The Trustee did not seek to hold the Levy Heirs responsible for the facially inexplicable transactions engaged in by their father. And while the Trustee and the Levy

Heirs may not have reached resolution as to Norman Levy's activities with respect to his accounts, settlements are designed to allow parties to move forward and reach agreement despite such differences. Moreover, as the Trustee indicated at the time of settlement, information available to the Trustee showed that after Mr. Levy's death, Madoff, acting as executor of the Levy estate, transferred more than $250 million to BLMIS from Mr. Levy's estate, essentially "stealing' this amount from Mr. Levy's heirs and beneficiaries. (Trustee's Motion at 4.) The Trustee, after assessing the litigation risks and potential difficulties associated with collection, appropriately used his business judgment in settling with the Levy Heirs, returning a substantial amount of funds to the estate. The transactions that Objecting Claimants point to—which were not new, but instead cumulative of the Trustee's knowledge of the transactions between Levy and BLMIS—change nothing. That being so, there is no basis to vacate a substantial settlement that inures to the benefit of BLMIS customers, including Objecting Claimants.

Conversely, rather than benefit the estate, if the Order were vacated, all BLMIS customers and creditors would suffer a severe financial blow. The Trustee settled his claims against the Levy Heirs without the need for litigation, well in advance of the statute of limitations for his avoidance claims.[2] Because that date has passed, the Trustee could not assert such claims now. Thus, the practical effect of the relief Objecting Claimants seek is to unwind a $220 million settlement, with the Trustee precluded from recovering anything for the estate from the Levy Heirs. Purporting to vacate the Order for the benefit of BLMIS's customers, the Objecting Claimants, in reality, seek this relief to the detriment of BLMIS customers.

---

[2] The Levy Heirs are also entitled to finality in settling the Trustee's claims against them, as are any settling defendants. The law favors compromise, and such compromises should not disturbed lightly. *See, e.g.*, *Schwab v. U.S. Internal Revenue Serv. (In re Shop N' Go P'ship)*, 261 B.R. 810, 817 (Bankr. M.D. Pa. 2001) ("Expectation of the parties that entered into the settlement agreement should be upheld"); *Bezanson v. Bayside Enters., Inc. (In re Medomak Canning)*, 922 F.2d 895, 901 (1st Cir. 1990).

## **CONCLUSION**

For the foregoing reasons and the reasons set forth in the Trustee's Motion, the Trustee respectfully requests that the Court deny the Motion.

Dated: New York, New York  
       March 16, 2011

Respectfully submitted,

*/s/ David J. Sheehan*  
Baker & Hostetler LLP  
45 Rockefeller Plaza  
New York, New York 10111  
Telephone: (212) 589-4200  
Facsimile: (212) 589-4201  
David J. Sheehan  
Email: dsheehan@bakerlaw.com  
Marc E. Hirschfield  
Email: mhirschfield@bakerlaw.com  
Deborah H. Renner  
Email: drenner@bakerlaw.com  
Keith R. Murphy  
Email: kmurphy@bakerlaw.com  
Tracy L. Cole  
Email: tcole@bakerlaw.com  
Seanna R. Brown  
Email: sbrown@bakerlaw.com  

*Attorneys for Irving H. Picard,*  
*Trustee for the Substantively Consolidated*  
*SIPA Liquidation of Bernard L. Madoff*  
*Investment Securities LLC and Bernard L.*  
*Madoff*