Daniel J. Kornstein (DJK-3264)
William B. Pollard, III (WBP-9252)
Amy C. Gross (ACG-8836)
KORNSTEIN VEISZ WEXLER & POLLARD, LLP
757 Third Avenue
New York, New York 10017
Tel.: 212-418-8600
Fax: 212-826-3640
Attorneys for Certain Rosenwald
Family and Entity Defendants

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SECURITIES INVESTOR PROTECTION
CORPORATION,                                                          :  Adv. Pro. No. 08-01789 (BRL)
                                                                                       :
                           Plaintiff-Applicant,                          :  SIPA LIQUIDATION
                                                                                       :
v.                                                                                 :  (Substantively Consolidated)
                                                                                       :
BERNARD L. MADOFF INVESTMENT                         :
SECURITIES, L.L.C.,                                                   :
                                                                                       :
                           Defendant.                                      :
-----------------------------------------------------------X
In re:                                                                          :
                                                                                       :
BERNARD L. MADOFF,                                             :
                                                                                       :
                           Debtor.                                           :
-----------------------------------------------------------X
IRVING H. PICARD, Trustee of the Liquidation of    :
Bernard L. Madoff Investment Securities, L.L.C.,    :  Adv. Pro. No. 10-05415 (BRL)
                                                                                       :
                           Plaintiff,                                         :
                                                                                       :  **SUBMISSION OPPOSING**
v.                                                                                 :  **THE TRUSTEE'S MOTION**
                                                                                       :  **FOR A GLOBAL LITIGATION**
AMERICAN SECURITIES MANAGEMENT, L.P.,      :  **PROTECTIVE ORDER**
formerly known as AMERICAN SECURITIES, L.P., :
et al.                                                                          :
                                                                                       :
                           Defendants.                                   :
-----------------------------------------------------------X

3418000BRIWBP.00001.wpd

The Rosenwald Family and Entity Defendants listed on Exhibit A (the "Objecting Defendants") hereto appear specially by their attorneys Kornstein, Veisz, Wexler & Pollard, LLP to object to the Trustee's motion for a Global Litigation Protective Order (the "Proposed Order"). None of the Rosenwald Family and Entity Defendants have appeared in this proceeding, and they do not do so now by objecting to the Trustee's motion. Rather, they continue to reserve all rights that are available to a defendant at the time of an initial appearance or special appearance.

The Objecting Defendants are not opposed in principle to the entry of a protective order in this proceeding. They contend that now is not the time to address this matter. The Trustee has asked this Court to enter the Proposed Order before issue has been joined, and before the Objecting Defendants can assess the appropriateness of the Proposed Order's terms, scope or conditions based on the actual needs and circumstances of the adversary proceeding that has been commenced against them. Unlike the Objecting Defendants, the Trustee has been involved in the matters that underlie the adversary proceedings for more than two years. He has a familiarity with the factual issues, including financial and personal issues, that bear upon the case. He also has no confidential information of his own to share with the defendants. Thus, the Trustee has a limited basis from his perspective as a consumer to know what sort of information he believes may need confidential treatment and how he believes that treatment should be afforded. But the Trustee does not have the key perspective of a provider of confidential information, such as the Objecting Defendants.

Given that we are only at the beginning of the litigation, neither the Rosenwald Family and Entity Defendants nor their counsel are in a position to say whether the Proposed Order is adequate or appropriate for the circumstances of the case against the Objecting Defendants. They should not be compelled to take a position regarding the Proposed Order or be bound by it before they are in a position to make an informed judgment concerning it. Further, the Trustee's Proposed Order contains two provisions that will make it difficult for the Objecting Defendants to obtain relief from the terms of the Proposed Order. First, the order limits negotiated modifications to confidential

information exchanged during the settlement process. See Proposed Order ¶ 20. It also provides in ¶ 21 that the order shall remain in full force and effect throughout the litigation. While a Court may always review its non-final orders at any time, the Trustee wants to resolve all issues regarding the Proposed Order at this time. As a result, once the Objecting Defendants are in a position to express an informed view regarding the terms of the entered order, the Trustee will take the position that we are too late, and that the matter has been resolved.

The Proposed Order might be perfectly acceptable in the context of what the Trustee seeks from the Objecting Defendants. Then again, it might not. The Objecting Defendants, therefore, ask the Court to table the Trustee's motion until after issue had been joined and document demands have been outstanding at least 30 days. At that point, the Objecting Defendants will have had an opportunity to assess the Trustee's Proposed Order in the context of what confidential information is being sought from them, and counsel then can make informed judgments regarding the appropriateness of the Proposed Order. If the parties cannot negotiate an acceptable agreement, then the motion can be restored to the calendar, and the Objecting Defendants can provide their views concerning an appropriate protective order.

To the extent that the Trustee has a compelling need to have the Proposed Order entered at this time because of litigation in some other adversary proceeding, the Objecting Defendants respectfully request that any order entered by the Court should be done without prejudice to the Objecting Defendants' rights to negotiate a protective order for the adversary action against them at or about the time that document discovery is first exchanged by the parties, or seek a Court order regarding terms that they believe are appropriate and necessary.

## CONCLUSION

For the reasons stated, this Court should either: (i) defer acting on the Trustee's motion until after issue has been joined and document demands have been outstanding for 30 days; or (ii) provide that any protective order entered at this time is without prejudice to the Objecting Defendants' right to negotiate a protective order at a later time that is appropriate to the needs of the adversary proceeding brought against them, or seek a Court order regarding such terms and conditions.

Dated: New York, New York
       March 23, 2011

>                    KORNSTEIN VEISZ WEXLER & POLLARD, LLP
>
>               By: /s/ William B. Pollard III
>                    Daniel J. Kornstein (DJK-3264)
>                    William B. Pollard, III (WBP-9252)
>                    Amy C. Gross (ACG-8836)
>                    757 Third Avenue
>                    New York, New York 10017
>                    (212) 418-8600
>
>                    Attorneys for Certain Rosenwald Family And
>                    Entity Defendants