Michael E. Wiles
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York  10022
Tel.:  (212) 909-6000
Fax:  (212) 909-6836
mewiles@debevoise.com
*Counsel to Defendants Thema International Fund plc,*
*Hermes International Fund Limited, Lagoon Investment*
*Limited (for itself and as Trustee of the Lagoon Investment*
*Trust), Thema Fund Limited and Thema Wise Investments Limited*

Hearing Date:  March 31, 2011 at 10:00 a.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>         Plaintiff,<br><br>     vs.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES, LLC,<br><br>         Defendant. | SIPA LIQUIDATION<br>No. 08-01789 (BRL)<br><br>Hon. Burton R. Lifland |
| In re: Bernard L. Madoff,<br><br>         Debtor. | |

**AMENDED PARTIAL OBJECTION TO TRUSTEE'S MOTION**
**FOR ENTRY OF A LITIGATION PROTECTIVE ORDER**

  Thema International Fund plc, Hermes International Fund Limited, Lagoon Investment Limited (for itself and as Trustee of the Lagoon Investment Trust), Thema Fund Limited and Thema Wise Investments Limited (the "Funds") hereby submit this amended partial objection to the terms of the "Litigation Protective Order" that has been requested by the Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") [Docket No. 3928].

  The Funds do not dispute most of the terms of the Trustee's proposed Order.  In addition, the Trustee's modifications to paragraph 20 of the proposed Order have resolved one of the

Funds' prior objections [Docket No. 3888].  However, the Funds believe that paragraph 4(e) of the proposed Order still requires clarification.

## Grounds for Objection

The proposed Order recognizes that parties may designate information confidential if disclosure of that information would breach a legal or contractual obligation.  However, paragraph 4 of the proposed Order also states that certain information will not be considered to be Confidential Information, including the following:

> (e) names of BLMIS customers *and subsequent transferees*, BLMIS account numbers, amounts of withdrawals, redemptions or transfers from and between BLMIS accounts, and transfers from BLMIS customers *to subsequent transferees*.

*See* Proposed Order, ¶ 4(e).

Counsel to the Trustee has previously explained that the purpose of paragraph 4(e) is to specify the manner in which identifying information will be treated *if* such information is produced, rather than to specify the extent to which a party could object to the production of confidential customer information in the first place.  However, that is not what the proposed Order says.  By its terms the proposed Order decrees that information about subsequent transferees and their identities is not to be treated as Confidential Information, with the implication that confidentiality objections may not be asserted at all.

The Funds are subject to legal and contractual limits on their ability to provide information to the Trustee about the identities of the Funds' investors and details of those investors' subscriptions and withdrawals.  Defendants in other cases likely will be subject to similar restrictions.  There may be disputes over these issues.  However, any such disputes should be considered in the light of the specific contracts or other limitations on such disclosure that a particular party faces, and should not be addressed in the abstract.

2

Accordingly, the Funds suggest that the references to subsequent transferees be deleted from clause 4(e) of the proposed Order. Alternatively, the Funds request that the proposed Order be modified to make clear that clause 4(e) does not restrict the right of any party (i) to object to the disclosure of information about subsequent transferees on the grounds (among others) that such information is confidential and that the Finds may be prevented from disclosing such information under contracts and/or foreign laws to which they are subject, and/or (ii) to request that the use of any such information that is shared with the Trustee be subject to restrictions beyond those provided in the proposed Order.

## **Conclusion**

For the foregoing reasons, the Funds respectfully submit that paragraph 4(e) of the amended proposed Litigation Protective Order should be modified in the manner set forth above, and that the Court should grant such other and further relief as may be just and proper.

Dated: March 23, 2011
      New York, New York

Respectfully submitted,

/s/ Michael E. Wiles\_\_\_\_\_
Michael E. Wiles
mewiles@debevoise.com
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York  10022
Tel.:  (212) 909-6000
Fax:  (212) 909-6836

*Counsel to Defendants Thema International Fund plc, Hermes International Fund Limited, Lagoon Investment Limited (for itself and as Trustee of the Lagoon Investment Trust), Thema Fund Limited and Thema Wise Investments Limited*

3

# CERTIFICATE OF SERVICE

I, Michael E. Wiles, a member of the firm of Debevoise & Plimpton LLP, attorneys for defendants herein, certify:

I am over eighteen 18 years of age. On the 23d day of March 2011, I caused the within Partial Objection to Trustee's Motion for Entry of a Litigation Protective Order to be served by personal delivery upon the following counsel at the following addresses:

David J. Sheehan
BAKER & HOSTETLER LLP
45 Rockefeller Plaza
11th Floor
New York, NY 10111

Judith A. Selby
BAKER & HOSTETLER LLP
45 Rockefeller Plaza
11th Floor
New York, NY 10111

*Counsel for Irving H. Picard, Trustee
for the Substantively Consolidated SIPA Liquidation
of Bernard L. Madoff Investment Securities LLC
and Bernard L. Madoff*

Pursuant to 28 U.S.C. § 1746, I certify under the penalty of perjury that the foregoing is true and correct.

Executed on March 23, 2011.

/s/ Michael E. Wiles____