Joseph P. Moodhe  
Shannon Rose Selden  
DEBEVOISE & PLIMPTON LLP  
919 Third Avenue  
New York, New York 10022  
Tel.: (212) 909-6000  
Fax: (212) 909-6836  
jpmoodhe@debevoise.com  
srselden@debevoise.com  

*Counsel to Defendants Plaza Investments International Limited & Notz, Stucki Management (Bermuda) Limited*

Hearing Date: **March 31, 2011 at 10:00 a.m.**

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITY INVESTOR PROTECTION CORPORATION<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES, LLC<br><br>　　　　　　　　　　Defendant. | SIPA LIQUIDATION<br><br>No. 08-01789 (BRL)<br><br>Substantively Consolidated |
| In re: Bernard L. Madoff,<br><br>　　　　　　　　　　Debtor. | |

**OBJECTION TO TRUSTEE'S MARCH 14, 2011 MOTION FOR ENTRY OF LITIGATION PROTECTIVE ORDER AND PROPOSED ORDER**

Plaza Investments International Limited ("Plaza"), on behalf of itself and its investors, and Notz, Stucki Management (Bermuda) Limited ("NSMB"), hereby object to the Motion for Entry of Litigation Protective Order (the "Motion") filed March 14, 2011

by the Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"), seeking to replace the February 16, 2010 Protective Order (the "Existing Order") with the proposed order attached as Exhibit B to the Motion (the "Proposed Order").[1]

## STATEMENT OF OBJECTIONS

To equitably resolve all claims against the BLMIS estate, the Trustee will need to delve into highly confidential financial information concerning thousands of individuals and institutions. Given the sensitivity of the inquiry's subject matter, the Trustee has previously recognized that he and the parties will need to take extensive steps to "protect BLMIS investors' rights to financial privacy and shield their personally identifiable information from disclosure." Existing Order ¶ 3. In consultation with the other parties, the Trustee attempted to determine what steps could be taken to reduce these crucial privacy concerns while still allowing for efficient litigation. The result was the Existing Order, which was submitted to, and entered by, this Court.

Now the Trustee seeks to undo the balance that was struck because protecting the rights of investors has become inconvenient; however, this attempt to amend the Existing Order must fail not only because the Proposed Order does not properly safeguard the parties' rights, but also because inconvenience and efficiency are not "extraordinary circumstances" warranting a change to an existing protective order.

The Proposed Order fails to properly protect the parties' rights in several respects:

---

[1] Plaza and NSMB are defendants in Adv. Pro. No. 10-4284, which is substantively consolidated with SIPA Liquidation, No. 08-01789.

*First*, it would prohibit broad categories of sensitive documents from being deemed confidential. *Compare* Proposed Order ¶ 4, *with* Existing Order ¶ 3. As a result, the Proposed Order would allow the public disclosure of the names of BLMIS customers and *their subsequent transferees* along with their personal financial information, including the amount of withdrawals, redemptions and transfers. This information is indisputably highly confidential for most people and institutions. Moreover, much of the information about subsequent transferees cannot even be disclosed to the Trustee, much less made available to the public, due to legal and contractual duties of confidentiality that financial institutions owe to their investors. As written, Proposed Order ¶ 4(e) seemingly prevents parties from objecting to the production of documents concerning subsequent transferees on the basis of these confidentiality requirements.

*Second*, through vague language, the Proposed Order would give the Trustee carte blanche in the treatment of even those documents deemed "Confidential Materials." Under Section 12(b) of the Proposed Order, the Trustee can disclose Confidential Materials about customer accounts "to enable the Trustee to make claims determinations *or for investigation or litigation*." Without clarifying this provision, the Trustee could conceivably justify disseminating "Confidential Materials" to persons involved in *any* unrelated litigations or investigations without limitation.

*Third*, the Proposed Order would permit the Trustee unlimited use of all documents in all adversary proceedings, without regard to whether the documents were relevant to those other proceedings' claims or defenses. Motion 9(d); Proposed Order ¶ 9. This would give the Trustee far broader discovery than what is allowed under Fed. R.

3

Civ. P. 26(b)(1) and Bankruptcy Rule 7026, and could eliminate the defendants' ability to challenge the proper scope of inquiry in the adversary proceedings.

The Trustee justifies these transformations of the parties' rights merely by arguing that the Proposed Order would increase the "flow" of information among the thousands of parties, thereby making litigation less cumbersome. Motion ¶ 6-8. This justification is not satisfactory. As an initial matter, the Trustee's rationale seemingly misses the key purpose of a protective order: to prevent the needless flow of sensitive information to parties that do not have a compelling reason to receive it. More importantly, the Trustee's offered justification of increased efficiency is simply not sufficient to "make a showing of some extraordinary circumstance or compelling need" required for modifying an existing order. *In re: Almatis B.V.*, 10-12308, 2010 WL 4877868, at *6 (Bankr. S.D.N.Y. Nov. 24, 2010) (internal quotations omitted), citing *Medical Diagnostics Imaging, PLLC v. CareCore Nat'l, LLC,* 06 Civ. 7764, 2009 WL 2135294, at *1-2 (S.D.N.Y. July 16, 2009) ("While the Court appreciates the need for efficiency, it is hardly an extraordinary or compelling circumstance.").

Moreover, it is not clear that removing the critical protections for private financial information regarding BLMIS customers and subsequent transferees would in fact achieve the efficiencies that are the basis for the Trustee's motion. The Existing Order already has facilitated extensive discovery, including both the production of documents and, in certain cases, depositions, as the Trustee's filings to date make clear. *See e.g.*, *Picard v. UBS A.G., Inc.*, No. 10-04285 (BRL) (Bankr. S.D.N.Y. Nov. 23, 2010) (Complaint ¶ 164, discussing testimony); *Picard v. HSBC Bank PLC*, No. 09-01364

4

(BRL), (Bankr. S.D.N.Y. Dec. 5, 2010) (Complaint ¶¶ 211, 253, citing emails). If further discovery is required, that discovery also could and should be conducted under the familiar standard of the Existing Order.

The Trustee should not be allowed to revisit issues already considered, negotiated and decided simply because the crucial protections of the parties' rights – which he previously recognized as important – are now more cumbersome than he wishes. For the above reasons, Plaza and NSMB object to the entry of the Proposed Order and respectfully request that the Trustee's motion be denied.

Dated: March 24, 2011
       New York, NY

                                        Respectfully submitted,

                                        /s/ Joseph P. Moodhe_____
                                        Joseph P. Moodhe
                                        Shannon Rose Selden
                                        jpmoodhe@debevoise.com
                                        srselden@debevoise.com
                                        DEBEVOISE & PLIMPTON LLP
                                        919 Third Avenue
                                        New York, New York  10022
                                        Tel.: (212) 909-6000
                                        Fax: (212) 909-6836

                                        *Counsel to Defendants Plaza*
                                        *Investments International Limited*
                                        *and Notz, Stucki Management*
                                        *(Bermuda) Limited*

23399589

5

## CERTIFICATE OF SERVICE

I, Joseph P. Moodhe, a partner with Debevoise & Plimpton LLP, attorneys for defendants Plaza Investments International Limited and Notz, Stucki Management (Bermuda) Limited, certify:

I am over eighteen 18 years of age. On the 24th day of March 2011, I caused the within Objection to Trustee's Motion for Entry of Litigation Protective Order and Proposed Order to be served by personal delivery upon the following counsel at the following addresses:

> David J. Sheehan
> BAKER & HOSTETLER LLP
> 45 Rockefeller Plaza
> New York, NY 10111
>
> Judith A. Selby
> BAKER & HOSTETLER LLP
> 45 Rockefeller Plaza
> New York, NY 10111
>
> *Counsel for Irving H. Picard, Trustee*
> *for the Substantively Consolidated SIPA Liquidation*
> *of Bernard L. Madoff Investment Securities LLC*
> *and Bernard L. Madoff*

Pursuant to 28 U.S.C. § 1746, I certify under the penalty of perjury that the foregoing is true and correct.

Executed on March 24, 2011.

/s/ Joseph P. Moodhe___