# **EXHIBIT B**

# Irving H. Picard, Esq.
# Trustee for Bernard L. Madoff Investment Securities, LLC

## Customer Claim dated May 6, 2009

## On behalf of Members of

## L&I Investments, LLC

### Customer Claim dated May 6, 2009 on behalf of Members of
### L&I Investments, LLC, and in the Alternative, L&I Investments, LLC

The undersigned members of L&I Investments, LLC ("L&I") hereby submit this Customer Claim in connection with the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS").

By way of background, L&I is a Virginia limited liability company formed on January 1, 2005 for the sole purpose of investing its members' capital with BLMIS. Certain of the initial members of L&I approached Bernard L. Madoff ("Madoff") in November 2004, and advised him that they each wished to open an account at BLMIS in their individual capacities. Madoff advised these individuals in December 2004 that he would only accept their investments if they consolidated and invested their funds through a single entity. These individuals then formed L&I for that purpose and that purpose alone. Thus, the creation of L&I and its status as the holder of record of the BLMIS account is a direct result of Madoff's explicit instructions as to the manner that the investment be made.

Each member of L&I received a membership interest in L&I proportionate to its capital contribution into L&I. At all times, each individual member of L&I was free to contribute additional funds to increase its commitment or to cause L&I to redeem its investment (the latter was accomplished by withdrawing the redeemed investment amount from the BLMIS account). Thus, the proportionate interest a member maintained in L&I was directly tied to the amount of that investor's capital maintained at BLMIS at any time. L&I did not participate in any other activity or business other than investing in BLMIS. Once a member deposited money with L&I, the funds were immediately wired to the account with BLMIS. In addition, members also wired funds <u>directly</u> to the account at BLMIS. L&I did not make any investment decisions or exercise managerial authority with respect to any member's funds, or with respect to the investments purportedly made by BLMIS.

Each undersigned member of L&I is hereby filing a separate Customer Claim. The investments, withdrawals, and net cash losses for each such member is listed in Appendix A attached hereto. In addition, each undersigned member of L&I is submitting the responses to the balance of the Customer Claim form as set forth in Appendix B attached hereto. The final account statement for L&I at BLMIS is attached hereto as Appendix C. Finally, a list containing the name, address and taxpayer I.D. Number for each member of L&I is attached as Appendix D.

The Securities Investor Protection Act, 15 U.S.C. §78aaa *et. seq.* ("SIPA"), defines "Customer" in relevant part as "any person…who has deposited cash with the debtor for the purpose of purchasing securities." 15 U.S.C. §78lll(2). In interpreting that definition, the Court before which BLMIS' proceeding is pending has already found that the "mere act of entrusting cash to the debtor for the purpose of effecting securities transactions…triggers customer status…." *Rosenman Family, LLC v. Irving Picard, et. al. (Securities Investor Protection Corporation v. Bernard L. Madoff Securities LLC)*, __ B.R. __, 2009 WL 458770, at *3 (Bankr. S.D.N.Y. 2009) (citations omitted; internal quotation marks omitted). Accordingly, each of the L&I members are "Customers" under SIPA. The L&I members each entrusted their monies to BLMIS for the sole purpose and with the express requirement of investing in securities.

The L&I members are customers for securities because they had a reasonable belief that they were investing in securities. *In re New Times Secs. Servs., Inc.*, 463 F.3d, 125, 127 (2d Cir. 2006); *see also In re Brentwood Securities, Inc.*, 925 F.2d 325, 327 (9th Cir. 1991). All indications from statements generated by BLMIS were consistent with such belief. Neither L&I nor its members ever received any indication or information that Madoff or BLMIS was involved in illegal or fraudulent activity. In fact, the L&I members continued investing with BLMIS through the fourth quarter of 2008.

Unlike some of Madoff's victims who invested in BLMIS via a hedge fund and in many cases did not know that their monies were being sent, by prearrangement with BLMIS, to a SIPC registered firm, the monies deposited by the members of L&I were immediately wired, on their behalf, to an account at BLMIS with their full knowledge and consent, and in fact at their express direction. As noted above, in certain cases, the funds of the investors were wired directly into the L&I account at BLMIS, and entirely bypassed L&I. Further, unlike some of Madoff's customers who invested via investment vehicles, such as trusts or other third party managed entities, each member of L&I had full discretion to determine the amount and timing of the investment in or redemption from BLMIS. The managers of L&I did not advise the members on investment decisions and received no payments or commissions for their role as managers. Thus, at all times, the individual members of L&I were solely responsible for the decision to invest or withdraw funds from BLMIS.

Under these circumstances, each L&I member should be considered a Customer of BLMIS. As the Second Circuit has indicated, the fact that each L&I member deposited cash with BLMIS for the purpose of having BLMIS purchase securities; the fact that each member - not L&I's managers or another third party - controlled the decision of when to invest or withdraw funds; and the fact that each member invested its own monies are factors demonstrating Customer status under SIPA. *See Securities Investor Protection Corporation. v. Morgan, Kennedy & Co., Inc.*, 533 F.2d 1314, 1318 (2d Cir. 1976) (court determined that having own funds invested and control over investment decisions critical to determining customer status in fact pattern where claimants were not account holders of record).

Given the unique circumstances with respect to L&I and its members, and the support of relevant case law, the undersigned members of L&I respectfully request recognition as individual, separate Customers under SIPA and relief from SIPC to the fullest extent allowable by law. As a policy matter, it would be inappropriate for a SIPC insured firm to compel customers to pool their investments, and by doing so, have the individual customer lose its separate SIPC protection.

If it is ultimately determined that the individual members of L&I are not entitled to separate customer status under SIPA, then this SIPC Customer Claim shall be considered a protective Customer Claim for the account of L&I Investments, LLC. By filing this Customer Claim, L&I and each L&I member does not waive (1) its right to have final orders in non-core matters entered only after *de novo* review by a United States District Judge, (2) its right to trial by jury in any proceeding so triable in these cases or any case, controversy, or proceeding related to these cases, (3) its right to request the United States District Court to withdraw the reference or to abstain in any matter subject to mandatory or discretionary withdrawal or abstention, or (4) any other rights, claims, actions, defenses, setoffs, or recoupments to which it is or may be

753596 012029.0101                                        2

entitled under agreements, in law, in equity, or otherwise, all of which rights, claims, actions, defenses, setoffs, and recoupments are expressly reserved.

L&I, and the members of L&I reserve the right to amend, supplement or revise this Customer Claim in any way. Given the voluminous nature of the organizational documents of the L&I members, we would be pleased to furnish you with the proof of authority for each undersigned member upon your request. Any questions regarding this Customer Claim should be directed to Mr. I. William Berger at (757) 222-9410.

*[Signature Pages and Appendix A, B, C and D to Follow]*

WITNESS the following signatures and seals as of the day and year first set forth above:

**1984 GOLDRICH FAMILY IRREVOCABLE TRUST**

By: _____ (SEAL)
    Trustee

**444 EAST 75TH STREET VENTURE**

By: _____ (SEAL)
    Managing Partner

**444 INVESTMENT GROUP, LLC**

By: _____ (SEAL)
    Manager

**BANBURY LAKE VILLAGE, LLP**

By: _____ (SEAL)
    Managing Partner

**BWCI, INC.**

By: _____ (SEAL)
    Title: President

**OCEAN REEF RENTAL POOL**

By: _____ (SEAL)

CHESAPEAKE INVESTMENT COMPANY, LLP

By: _____ (SEAL)

COLLEGE PARK SQUARE III ASSOCIATES, LLLP

By: _____ (SEAL)

COLLEGE PARK SQUARE IV ASSOCIATES, LLP

By: _____ (SEAL)
    Managing Partner

GOLDFROST COMPANY LLP

By: _____ (SEAL)

GRANDCHILDREN'S TRUST U/A DATED 9/11/09

By: _____ (SEAL)
    Trustee

I. WILLIAM BERGER

By: _____ (SEAL)
    I. William Berger

JANICE T. GOLDRICH

By: _____ (SEAL)
    Janice T. Goldrich

JANICE T. GOLDRICH IRREVOCABLE TRUST – 2000

By: _____ (SEAL)
    Trustee

LARRYMORE INVESTMENT GROUP, LLC

By: _____ (SEAL)

LARRYMORE ORGANIZATION, INC.

By: _____ (SEAL)
    President

LAUREN J. GOLDRICH IRREVOCABLE TRUST NO. 3- 1996

By: _____ (SEAL)
    Trustee

LAWRENCE J. GOLDRICH

_____ (SEAL)

LAWRENCE J. GOLDRICH FOUNDATION

By: _____ (SEAL)
    Title: _____

OCEANA PROPERTIES, LLC

By: LARRYMORE ORGANIZATION, INC.

_____ (SEAL)

ORORICO PROPERTIES, LLC

By:_____ (SEAL)

POCOMOKE PLAZA SHOPPING CENTER
(CHESAPEAKE INVESTMENT COMPANY, LLP;
    DEBORAH WHITE; PHILIP KELLAM – JOINT
TENANTS)

By: CHESAPEAKE INVESTMENT COMPANY, LLP

_____ (SEAL)

POINT-O-WOODS COMPANY, LLP

By:_____ (SEAL)
    Managing Partner

_____ (SEAL)
Lawrence J. Goldrich

ROUND BAY REALTY COMPANY, LLP

By:_____ (SEAL)

SCARBOROUGH LANE SHOPPES, LLC

By: _____ (SEAL)

STONY RUN COMPANY LLC

By: _____ (SEAL)
      Managing Member

STONY RUN II COMPANY, LLC

By: _____ (SEAL)
      Managing Member

VIRGINIA BEACH INVESTMENT COMPANY

By: _____ (SEAL)
      General Partner

WEST POINT SQUARE, LLC

By: _____ (SEAL)
      Managing Member

PATRICIA S. GOLDRICH

By: _____ (SEAL)
      Patricia S. Goldrich

VICKI E. GOLDRICH

By: _____ (SEAL)
      Vicki E. Goldrich

LAUREN J. GOLDRICH

By: _____ (SEAL)
    Lauren J. Goldrich

EXECUTIVE PARK COMPANY, LLLP

By: _____ (SEAL)

I.W. BERGER TRUST DTD 12/31/97 FBO LAUREN J. GOLDRICH

By: _____ (SEAL)
    Trustee

THE LARRYMORE FOUNDATION

By: _____ (SEAL)
    Title:

BEST SQUARE ASSOCIATES

By: _____ (SEAL)
    General Partner

For Protective Claim:

L&I INVESTMENTS, LLC

By: _____ (SEAL)

# Appendix A

# Net Cash Loss

# For Each

# L&I Member

## APPENDIX A

| Members | Contribution | Withheld for Acctg/Legal | Withdrawal | NET CASH LOSS |
|---|---|---|---|---|
| 1984 Goldrich Family Irrevocable Trust | 950,000 | (39) | - | 949,961 |
| 444 East 75th Street Venture | 400,000 | - | - | 400,000 |
| 444 Investment Group LLC | 2,000,000 | (374) | - | 1,999,626 |
| Banbury Lake Village Co. LLP | 600,000 | (59) | (300,000) | 299,941 |
| BWCI, Inc | 2,800,000 | (451) | (2,025,000) | 774,549 |
| Ocean Reef Rental Pool | 600,000 | - | (350,000) | 250,000 |
| Chesapeake Investment Company LLP | 350,000 | (19) | - | 349,981 |
| College Park Square III Associates LLLP | 300,000 | (19) | (175,000) | 124,981 |
| College Park Square IV Associates LLP | 700,000 | (39) | - | 699,961 |
| Goldfrost Company LLP | 650,000 | (39) | - | 649,961 |
| Grandchildren's Trust U/A dated 9/11/90 | 200,000 | - | (100,000) | 100,000 |
| I.William Berger | 1,650,000 | (19) | (525,000) | 1,124,981 |
| Janice T. Goldrich | 150,000 | - | - | 150,000 |
| Janice T. Goldrich Irrevocable Trust-2000 | 3,300,000 | (234) | (1,900,000) | 1,399,766 |
| Larrymore Investment Group LLC | 500,000 | (38) | - | 499,962 |
| Larrymore Organization, Inc. | 2,900,000 | (350) | (2,400,000) | 499,650 |
| Lauren J. Goldrich Irrev Trust #3 - 1996 | 600,000 | - | - | 600,000 |
| Lawrence J. Goldrich | 4,050,000 | (252) | (2,525,000) | 1,524,748 |
| Lawrence J. Goldrich Foundation | 2,100,000 | (214) | - | 2,099,786 |
| Oceana Properties LLC | 500,000 | - | (200,000) | 300,000 |
| Ororico Properties LLC | 300,000 | (39) | - | 299,961 |
| Pocomoke Plaza Shopping Center | 900,000 | (58) | - | 899,942 |
| Point-O-Woods Company LLLP | 1,000,000 | (116) | - | 999,884 |
| Round Bay Realty Company LLP | 200,000 | (19) | - | 199,981 |
| Scarborough Lane Shoppes LLC | 2,950,000 | (545) | (1,150,000) | 1,799,455 |
| Stony Run Company LLC | 100,000 | - | (100,000) | - |
| Stony Run II Company LLC | 400,000 | (19) | (50,000) | 349,981 |
| Virginia Beach Investment Company | 100,000 | (20) | (25,000) | 74,980 |
| West Point Square LLC | 700,000 | (38) | - | 699,962 |
| Patricia S. Goldrich | 800,000 | - | (50,000) | 750,000 |
| Vicki E. Goldrich | 300,000 | - | - | 300,000 |
| Lauren J. Goldrich | 100,000 | - | - | 100,000 |
| Executive Park Company LLLP | 900,000 | - | - | 900,000 |
| I.W. Berger Trst dtd 12/31/97 fbo Lauren J Goldrich | 100,000 | - | - | 100,000 |
| The Larrymore Foundation | 100,000 | - | - | 100,000 |
| Best Square Associates | 150,000 | - | - | 150,000 |
| **Total:** | **34,400,000** | **(3,000)** | **(11,875,000)** | **22,522,000** |

758331

# Appendix B

# SPIC Customer Claim Form

APPENDIX B

## CUSTOMER CLAIM

Claim Number_____

Date Received_____

**BERNARD L. MADOFF INVESTMENT SECURITIES LLC**

In Liquidation

**DECEMBER 11, 2008**

(Please print or type)

Name of Customer: <u>Members of L&I Investments LLC</u>
Mailing Address: <u>See Appendix D to Customer Claim</u>
City: _____ State: _____ Zip: _____
Account No.: _____
Taxpayer I.D. Number (Social Security No.): <u>See Appendix D to Customer</u> Claim

NOTE: BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY THE ACCOMPANYING INSTRUCTION SHEET. A SEPARATE CLAIM FORM SHOULD BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL PROTECTION AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE RECEIVED BY THE TRUSTEE ON OR BEFORE March 4, 2009. CLAIMS RECEIVED AFTER THAT DATE, BUT ON OR BEFORE July 2, 2009, WILL BE SUBJECT TO DELAYED PROCESSING AND TO BEING SATISFIED ON TERMS LESS FAVORABLE TO THE CLAIMANT. PLEASE SEND YOUR CLAIM FORM BY CERTIFIED MAIL - RETURN RECEIPT REQUESTED.

*************************************************************************

1. Claim for money balances as of **December 11, 2008**:

   a. The Broker owes me a Credit (Cr.) Balance of     $ <u>32,548,452.35</u>

   b. I owe the Broker a Debit (Dr.) Balance of        $ <u>   -0-        </u>

   c. If you wish to repay the Debit Balance,
      please insert the amount you wish to repay and
      attach a check payable to "Irving H. Picard, Esq.,
      Trustee for Bernard L. Madoff Investment Securities LLC."
      If you wish to make a payment, **it must be enclosed**
      with this claim form.                             $ <u> N/A        </u>

   d. If balance is zero, insert "None."                  <u>None        </u>

S0218O4O6                                1