UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |

## ORDER REGARDING REDACTIONS IN COMPLAINTS

**WHEREAS**, Irving H. Picard (the "Trustee"), as trustee for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. §§78aaa *et seq.*, and the estate of Bernard L. Madoff, individually, by and through his counsel, has filed complaints in this Court;

**WHEREAS**, on February 24, 2011, this Court held a conference with counsel for the media, counsel for the Trustee, and counsel for various interested defendants to discuss the unsealing of certain complaints and related documents (the "Complaints") filed by the Trustee under seal or redacted in accordance with the procedures established by the Court's November 10, 2010 Order Approving the Litigation Case Management Procedures (the "Litigation Procedures Order"); [1]

---

[1] *See* Litigation Procedures Order, Dkt. No. 3141, p. 2, ¶ A.

**WHEREAS**, on March 4, 2011, this Court entered an Order Directing Parties to Show Cause by Letter Submission for Maintaining Redactions (the "Order to Show Cause") (Dkt. No. 3897), in response to which certain defendants (the "Defendants") filed letters (the "Defendants' Letters") setting forth separate grounds for maintaining the redactions presently contained in the publicly filed Complaints;

**WHEREAS**, Citibank (Adv. Pro. No. 10-05345), JPMorgan Chase & Co ("JPMorgan") (Adv. Pro. No. 10-04932), Natixis (Adv. Pro. No. 10-05353), Tremont Group Holdings, Inc. (Adv. Pro. No. 10-05310), UBS AG (Adv. Pro. No. 10-04285), and Reliance International Research LLC ("RIR") (Adv. Pro. Nos. 10-05311 and 10-05229) (collectively, the "Financial Institution Defendants") request that this Court maintain the redaction of names of non-party individuals who are or were employed by a Financial Institution Defendant (the "Employee Names");

**WHEREAS**, RIR requests that the name of one of the owners (the "RIR Principal Name"), who is named as a defendant in adversary proceeding number 10-05229, remain under seal;

**WHEREAS**, individuals named as subsequent transferee defendants in the adversary proceeding titled *Picard v. American Securities Management L.P.* (Adv. Pro. No. 10-05415) (the "Subsequent Transferee Defendants") request that their names (the "Subsequent Transferee Defendants' Names", and together with the Employee Names and the RIR Principal Name, the "Identifying Information") remain redacted;

**WHEREAS**, JPMorgan requests that this Court maintain the redactions of information concerning JPMorgan's know-your-customer ("KYC") program and anti-money laundering ("AML") procedures (the "KYC and AML Information");

-2-

**WHEREAS**, non-profit, charitable organizations (the "XYZ Charities") that have been named as defendants in separate adversary proceedings (the "XYZ Adversary Proceedings") (Adv. Pro. Nos. 10-05317 through 10-05322) request that the XYZ Adversary Proceedings remain under seal in their entirety, and the Trustee has endorsed this position by submitting a letter as "an interested party" in the XYZ Adversary Proceedings stating grounds for the continuation of the proceedings under seal ("Trustee Letter Number One");[2]

**WHEREAS**, the Trustee filed a second letter ("Trustee Letter Number Two" (Dkt. No. 3982), and together with Trustee Letter Number One, the "Trustee's Letters") in response to the Order to Show Cause stating that

> [T]o the extent the defendants do nothing more than contend that an individual's mere association in any way whatsoever with the Madoff matter is sufficient cause to keep an identity redacted, the Trustee respectfully disagrees. Other than when an individual is named as a defendant, it is the institution which is charged with liability for its role in turning a blind eye to indicia of fraud. Individuals played a variety of roles, including that of apprising others of potential fraud at BLMIS.

Trustee Ltr. No. 2 at pp. 1-2;

**WHEREAS**, WNBC-TV, NBC News, CNBC, and the New York Times Company also filed a joint response letter (the "Media Letter") (Dkt. No. 3952) stating, *inter alia*, that the Identifying Information must be unredacted. Media Ltr. at p. 2;

**NOW, THEREFORE**, upon due consideration of the foregoing, the governing law, and all arguments raised in the Defendants' Letters, the Trustee's Letters, and the Media Letter;

**THE COURT HEREBY FINDS AND CONCLUDES**:

(a) The public has a "qualified First Amendment right . . . to access certain judicial documents." *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004).

---

[2] None of the parties submitting letters appears to be arguing that the proceedings involving the XYZ Charities should be unsealed.

Similarly, under common law, the public has a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 597 (1978). For the purposes of a bankruptcy proceeding, this common law public right of access was codified as section 107 of the Bankruptcy Code (the "Code"), which provides that "a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge." 11 U.S.C. § 107(a); *see also Video Software Dealers Assoc. v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 26 (2d Cir. 1994); *Phar-Mor, Inc., v. Defendants Named Under Seal (In re Phar-Mor)*, 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995). Section 107 of the Code "creates a strong presumption" that court records in bankruptcy proceedings are accessible to the public. *In re Food Mgmt. Group, LLC*, 359 B.R. 543, 556 (Bankr. S.D.N.Y. 2007).

(b) As set forth in section 107(b) of the Code, "[o]n request of a party in interest, the bankruptcy court shall . . . (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a cause under this title." 11 U.S.C. § 107(b).

(c) Section 107(c) of the Code further provides that a "bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or individual's property: (A) Any means of identification (as defined in section 1028(d) of title 18) contained in a paper

-4-

filed, or to be filed, in a case under this title[; or] (B) Other information contained in a paper described in subparagraph (A)." 11 U.S.C. § 107(c)(1).[3]

(d) Under section 107(b)(2) of the Code, the Defendants have not established that the matter contained in the Complaints is either: (i) "scandalous" because it was grossly offensive, irrelevant to the proceeding, and submitted for an improper use; or (ii) "defamatory" because the statements "can be clearly shown to be untrue without the need for discovery or a mini-trial." *Food Mgmt. Group, LLC*, 359 B.R. at 556-57.[4]

(e) At bottom, the Defendants have not adequately established any harm beyond merely "embarrassing or prejudicial" association with these Ponzi scheme proceedings, which is not sufficient cause for sealing. *Id*. at 561-62.

(f) In addition, under section 107(c)(1) of the Code, public disclosure of the Identifying Information does not present a protectable risk of "unlawful injury" to any of the individuals at issue.

(g) However, under section 107(b)(1) of the Code, the KYC and AML Information is "confidential" and "commercial" and precisely the type of information that Congress intended to protect in bankruptcy proceedings. *In re Orion Pictures Corp.*, 21 F.3d at 27 ("In the bankruptcy area . . . congress has established a special rule for trade secrets and confidential research, development, and commercial information.") (citing S. Rep. No. 989, ¶ 107.01, at 107–2); *see also Bank of N.Y. v. Meridien BIAO Bank*

---

[3] The term "means of identification" is defined in 18 U.S.C. § 1028(d)(7) to include "any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual."

[4] Notably, the material with which the Financial Institution Defendants take issue largely consists of direct quotes from actual emails and other internal company memoranda created by financial analysts, risk officers, and financial executives apparently in the context of their employment with prominent and highly regulated financial institutions. This material is not alleged "upon information or belief," but instead was obtained by the Trustee through discovery. There has been no showing that the Trustee included this information in the Complaints in bad faith or that "open inspection [of such information] may be used as a vehicle for improper purposes." *See Orion Pictures Corp.*, 21 F.3d at 27 (citing *Nixon*, 435 U.S. at 597).

*Tanz., Ltd.*, 171 F.R.D. 135, 144 (S.D.N.Y. 1997) ("The Disputed Documents are various manuals that fall within a broad spectrum of internal corporate documents that courts regularly hold to be confidential business information."). Not only is the KYC and AML Information proprietary, but its public dissemination could result in unintended adverse consequences for the public at large. *See Dubai Islamic Bank v. Citibank, N.A.*, 211 F. Supp. 2d 447, 449 n.1 (S.D.N.Y. 2001) (finding that "anti-money laundering compliance policies and procedures" present confidentiality and privacy concerns requiring such information remain under seal).

(h) The XYZ Adversary Proceedings should remain under seal in accordance with public policy and to protect the XYZ Charities "with respect to confidential . . . commercial information" under section 107(b)(1) of the Code. The XYZ Charities have advanced persuasive arguments that public disclosure of the XYZ Charities' potential liabilities to the Trustee and, in some instances, their alleged relationships with BLMIS and Bernard L. Madoff, could seriously jeopardize their financial viability, unduly threatening their charitable functions. Their ability to raise the donations and contributions upon which their operations depend may be irreparably impaired.

**AND THE COURT HEREBY ORDERS**:

1. The Trustee is directed to unseal the Identifying Information forthwith pursuant to section 107(a) of the Code;

2. The KYC and AML Information remain sealed pursuant to section 107(b)(1) of the Code;

3. The XYZ Adversary Proceedings remain sealed pursuant to section 107(b)(1) of the Code.

**IT IS SO ORDERED**.

Dated: New York, New York
April 12, 2011

/s/Burton R. Lifland
United States Bankruptcy Judge