# EXHIBIT A

**Declaration of Disinterestedness**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |

**DECLARATION OF DISINTERESTEDNESS OF JEAN-FRANÇOIS CANAT OF UGGC & ASSOCIÉS, AS PROPOSED SPECIAL COUNSEL TO TRUSTEE**

I, Jean-François Canat, declare as follows:

1. I am a member of the Paris Bar and admitted to practice as an attorney in France.

2. I am a partner in the firm UGGC & Associés, a firm of Avocats in France.

3. All matters stated herein are known by me to be true except as otherwise stated.

4. By the Order dated December 15, 2008, entered by the Honorable Louis A. Stanton of the United States District Court for the Southern District of New York, Irving H. Picard was appointed trustee ("Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS"), which liquidation was later consolidated with the bankruptcy case of Bernard L. Madoff (together with BLMIS, the "Debtors"). The Trustee has retained Baker & Hostetler LLP as his primary counsel. However, the Trustee wishes to retain UGGC & Associés as Special Counsel to assist the Trustee in France in gathering evidence pursuant to the various insolvency/bankruptcy laws of the United States and France as well as to assist as necessary in advising on various matters, including any litigation seeking recovery from third parties of assets of the estate.

5. Section 78eee(b)(6) of the Securities Investor Protection Act of 1970 ("SIPA") is entitled "Disinterestedness" and provides as follows:

300154595.1

**(6) Disinterestedness**

(A)     Standards

For the purposes of paragraph (3), a person shall not be deemed disinterested if:

(i)     such person is or was a creditor (including a customer), stockholder, or partner of the debtor;

(ii)    such person is or was an underwriter of any of the outstanding securities of the debtor or within five years prior to the filing date was the underwriter of any securities of the debtor;

(iii)   such person is, or was within two years prior to the filing date, a director, partner, officer, or employee of the debtor or such an underwriter, or an attorney for the debtor or such an underwriter; or

(iv)    it appears that such person has by reason of any other direct or indirect relationship to, connection with, or interest in the debtor or such an underwriter, or for any other reason an interest materially adverse to the interests of any class of creditors (including customers) or stockholders,

except that SIPC shall in all cases be deemed disinterested, and an employee of SIPC shall be deemed disinterested if such employee would, except for his association with SIPC, meet the standards set forth in this subparagraph.

6.  In order to determine that UGGC & Associés is disinterested within the meaning of SIPA § 78eee(b)(6), I used the firm's conflicts check procedures and practices to determine that, to the best of my knowledge, UGGC & Associés meets the "disinterestedness" requirements set forth in SIPA § 78eee(b)(6).

7.  In particular, all fee-earners in UGGC & Associés were sent an email on 25 January, 2011 in addition to normal conflict check procedures (which have already been carried out in respect of each matter relevant to the Debtors and which checks have confirmed that UGGC & Associés is not conflicted from acting as Special Counsel for the Trustee in respect of those matters) to determine whether UGGC & Associés meets the "disinterestedness" requirements.

8.  In response to the above email messages no conflict or association with the Debtors was disclosed.

9.  Based on these responses and that belief, it would appear that UGGC & Associés meets the disinterestedness standard of § 78eee(b)(6)(A) of SIPA, as well as under Bankruptcy Code § 327(a) and Federal Rule of Civil Procedure 2014(a) and has no conflict nor an interest materially adverse to the Debtors.

10. As a result, to the best of my knowledge, information and belief, I have been able to determine that

300154595.1

(A) No fee-earner of UGGC & Associés is a creditor (including customer), stockholder, or partner of the Debtors;

(B) No fee-earner of UGGC & Associés is or was an underwriter of any of the outstanding securities of the Debtors or within five years prior to the filing date was the underwriter of any securities of the Debtors;

(C) No fee-earner of UGGC & Associés is or was within two years prior to the filing date, a director, partner officer or employee of the Debtors or such an underwriter or any attorney for the Debtors or such an underwriter; and

(D) It appears that no fee-earner of UGGC & Associés has, by reason of any other direct or indirect relationship to, connection with, or interest in the Debtors or such an underwriter, or for any other reason, an interest materially adverse to the interest of any class of creditors (including customers) or stockholders.

11. I understand that the Trustee and SIPC are continuing to research and analyze the books and records of the Debtors. As a result, additional information may be discovered that may be relevant to the instant Declaration. I understand that UGGC & Associés has a continuing duty to disclose any subsequently discovered information and/or connections within the meaning of 15 U.S.C. § 78eee(b)(6), and I will supplement this Declaration as appropriate.

I declare under penalty of perjury that the foregoing is true and correct and if called on as a witness I could testify competently thereto.

Executed on the 8 April, 2011 at Paris.

............................
Jean-François Canat
UGGC & Associés

300154595.1