## **EXHIBIT A**

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br>      Plaintiff, <br><br>    v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br>      Defendant. | Adv. Pro. No. 08-01789 (BRL) <br><br> SIPA Liquidation <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br>      Debtor. | |

## DECLARATION OF DAVID J. SHEEHAN

STATE OF NEW YORK  )

            ss:

COUNTY OF NEW YORK  )

     David J. Sheehan hereby declared as follows:

     1.    I am an attorney admitted to the bar of this Court and a partner of the firm of Baker & Hostetler LLP ("B&H"). I submit this affidavit in support of the sixth application of Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation proceeding of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor") and Bernard L. Madoff ("Madoff"), and B&H, as counsel to the Trustee, for allowance of interim compensation for services performed and reimbursement of actual and necessary expenses incurred during the period commencing October 1, 2010 through and including January 31, 2011

(the "Compensation Period"), pursuant to 15 U.S.C.§ 78eee(b)(5),[1] sections 330 and 331 of the

Bankruptcy Code, Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") and the Order Pursuant to Section 78eee(b)(5) of SIPA, Sections 105, 330 and 331 of the

Bankruptcy Code, Bankruptcy Rule 2016(a) and Local Bankruptcy Rule 2016-1 Establishing

Procedures Governing Interim Monthly Compensation of Trustee and Baker & Hostetler LLP,

dated February 25, 2009  (ECF No. 126), as amended on December 17, 2009 (ECF No. 1078)

(collectively, the "Compensation Order").

2.    On December 11, 2008 (the "Filing Date"),[2] the Securities and Exchange

Commission ("SEC") filed a complaint in the United States District Court for the Southern

District of New York ("District Court") against defendants Madoff and captioned *SEC v. Madoff,

et al.*, No. 08-CV-10791 (the "Civil Case").  The complaint alleged that the defendants engaged

in fraud through investment advisor (or "IA") activities of BLMIS.

3.    On December 15, 2008, pursuant to section 78eee(a)(4)(A) of SIPA, the

SEC consented to a combination of the Civil Case with an application filed by the Securities

Investor Protection Corporation ("SIPC").  Thereafter, pursuant to section 78eee(a)(3) of SIPA,

SIPC filed an application in the District Court alleging, *inter alia*, that the Debtor was not able to

meet its obligations to securities customers as they came due and, accordingly, its customers

needed the protection afforded by SIPA.

4.    Accordingly, on December 15, 2008, the District Court entered the order

(the "Protective Decree") (ECF No. 4), to which BLMIS consented, which, in pertinent part:

---

[1] The Securities Investor Protection Act ("SIPA") is found at 15 U.S.C. 78aaa et seq.  For convenience, subsequent
references to SIPA will omit "15 U.S.C. ____."

[2] In this case, the Filing Date is the date on which the SEC commenced its suit against BLMIS, December 11, 2008,
which resulted in the appointment of a receiver for the firm.  *See* Section 78*lll*(7)(B) of SIPA.

a.      appointed the Trustee for the liquidation of the business of the Debtor pursuant to section 78eee(b)(3) of SIPA;

b.      appointed B&H as counsel to the Trustee pursuant to section 78eee(b)(3) of SIPA; and

c.      removed the case to the Bankruptcy Court pursuant to section 78eee(b)(4) of SIPA.

5.      I submit this declaration pursuant to Bankruptcy Rule 2016(a) in support of the sixth application (the "Application") for allowance of compensation in the amounts of (i) $713,799.00 (of which $606,729.13 is to be paid currently and 15%, or $107,069.87, is to be deferred through the conclusion of the liquidation period or until further order of the Court) as an interim payment for professional services rendered by the Trustee during the Compensation Period, and $31.50 as reimbursement of the actual and necessary costs and expenses incurred by the Trustee in connection with the rendition of such services; (ii) $43,177,049.10 (of which $36,700,491.74 is to be paid currently and 15%, or $6,476,557.36, is to be deferred through the conclusion of the liquidation period or until further order of the Court) as an interim payment for professional services rendered by B&H during the Compensation Period, and $1,103,196.25 as reimbursement of the actual and necessary costs and expenses incurred by B&H in connection with the rendition of such services; and (iii) $113,304.32 to the Trustee and $5,375,338.62 to B&H from the Holdback.

6.      As the lead partner at B&H staffed on this matter, I am familiar with such services and with these proceedings.  These statements are correct to the best of my knowledge and belief, based upon conversations I have conducted with the Trustee, the partners and associates of B&H and upon records kept by B&H in the normal course of business.

7.      I hereby certify that (i) I have read the Application; and (ii) to the best of my knowledge, information, and belief formed after reasonable inquiry, the Application complies

with the guidelines for fee applications under Bankruptcy Rule 2016(a) and the Compensation

Order.

8.      The Trustee's and B&H's fees in this case reflect a 10% public interest

discount from standard rates.  This discount has resulted in an additional voluntary reduction

during the Compensation Period of $79,311.00 for the Trustee and $4,797,449.90 for B&H.  In

addition, the Trustee voluntarily adjusted his fees by writing off $139,107.50.  B&H voluntarily

adjusted its fees by writing off $342,197.00 and wrote off expenses customarily charged to other

clients in the amount of $455,211.13.  Such fees are reasonable based on the customary

compensation charged by comparably skilled practitioners in comparable bankruptcy and non-

bankruptcy cases in a competitive national legal market.

9.      I hereby certify that members of SIPC have been provided with a copy of

this Application.

10.     I hereby certify that members of SIPC have been provided with monthly

statements of fees and disbursements accrued during the Compensation Period in accordance

with the Compensation Order.

11.     I hereby certify that (i) in providing reimbursable non-legal services to the

estate, B&H does not make a profit on such services; and (ii) in seeking reimbursement for a

service which B&H justifiably purchased or contracted from a third party, B&H requests

reimbursement only for the amount billed to B&H by the third-party vendors and paid by B&H

to such vendors.

12.     In connection with this Application, B&H has not charged for a number of

categories of expenses regularly charged to and paid by B&H's clients including certain inter-

5

office travel and related expenses (lodging, meals, airfare and other transportation). These

amounts combine to a voluntary reduction of $455,211.13.

13.     Pursuant to the Compensation Order, payment of a percentage of the

approved compensation—initially twenty percent (20%) and subsequently reduced to fifteen

percent (15%)—is deferred through the conclusion of the liquidation period or until further order

of the Court (the "Holdback").

14.     To date, the amount of the Holdback for the Trustee's and B&H's fees is

$539,912.87 and $22,925,995.31, respectively. As the Trustee will have determined virtually

every customer claim submitted to him at the time of the Hearing on this Application, SIPC has

consented to the reduction of the Holdback from 15% to 10% and, accordingly, a release of

$113,304.32 to the Trustee and $5,375,338.62 to B&H. After this release, the cumulative

Holdback will be reduced to $426,608.55 from the Trustee's fees and $17,550,656.69 from

B&H's fees, which is ten percent of all compensation requested to date.

15.     SIPC's recommendation that will be filed in support of the Application

will indicate its consent to the reduction of the Holdback and release of these amounts from the

Holdback.

16.     The Trustee nor B&H has not made any previous application for allowance

of fees for professional services rendered during the Compensation Period.

17.     There is no agreement or understanding between the Trustee, B&H and any

other person, other than members of B&H, for sharing of compensation to be received for

services rendered in this case.

18.     No agreement or understanding prohibited by 18 U.S.C. § 155 has been

made or shall be made by the Trustee or B&H.

By: /s/ *David J. Sheehan*_____
David J. Sheehan