**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-1789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**APPLICATION OF HIGGS & JOHNSON (FORMERLY HIGGS JOHNSON TRUMAN BODDEN & CO.) AS SPECIAL COUNSEL TO THE TRUSTEE FOR ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES <u>INCURRED FROM OCTOBER 1, 2010 THROUGH JANUARY 31, 2011</u>**

Ms. Alexia Adda, together with the members and associates at the law firm of Higgs & Johnson, special counsel for Irving H. Picard (the "Trustee"), Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS" of "Debtor") under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA") and Bernard L. Madoff, submits this Application for Interim Allowance of Fees and Reimbursement of Expenses (the "Application") for compensation of legal fees in the amount of $155,459.25 (of which 20% is to be deferred through the conclusion of the liquidation period) and reimbursement of expenses in the amount of $52,015.01 for the period from October 1, 2010 through January

31, 2011 (the "Compensation Period"). In support of the Application, Higgs & Johnson respectfully submits as follows:

## I. BACKGROUND

1. On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order (the "Decree Order") calling for the liquidation of the business of the Debtor in accordance with SIPA and by Paragraph II of the Decree Order, the Trustee was appointed as the trustee for the liquidation of the Debtor's business.

2. The Debtor's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, to the extent consistent with the provisions of SIPA, is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") pursuant to SIPA § 78fff(b).

3. Beginning on April 1, 2009, Higgs & Johnson has served as special counsel to the Trustee.

4. On April 21, 2009, this Court entered an order approving the Trustee's motion for authority to retain Higgs & Johnson as special counsel to the Trustee in matters pertaining to the Cayman Islands.

5. The Trustee's motion to retain Higgs & Johnson established a fee arrangement pursuant to which Higgs & Johnson agreed to a fee reduction in the amount of 10%. Higgs & Johnson also agreed to an additional holdback of fees in the amount of 20%.

## II. SERVICES RENDERED BY HIGGS & JOHNSON

6. The legal services performed on behalf of the Trustee during the time period covered by this Application are as follows:

*Harley International (Cayman) Limited*

7. The period from the beginning of October until the end of November was principally concerned with drafting and issuing the various court proceedings for which leave was obtained in July. The deadline for the issue of these proceedings was December 10, 2010, and they were in fact issued on November 23, 2010.

8. The finalization of the pleadings and other court documents required extensive consultations with Baker & Hostetler LLP, U.S. counsel for the Trustee, with English solicitors at Mishcon de Reya and subsequently Taylor Wessing, and with U.K. counsel.

9. The proceedings finally issued comprised: (i) a petition for turnover relief; (ii) a writ claiming relief under constructive trust and other causes of action; (iii) a petition for enforcement of the default summary judgment obtained by the client in this Court; and (iv) an application for specific disclosure pursuant to section 114 of the Companies Law. These proceedings had to be drafted in conjunction with those issued in respect of Primeo.

10. At a hearing in respect of Primeo on November 19, 2010, the Grand Court Judge also dealt with issues relating to Harley and that hearing was effectively treated as a Case Management Conference in respect of Harley. Mr. Harris and Ms. Adda of Higgs & Johnson attended the hearing and Mr. Harris appeared as advocate for the Trustee.

11. Following the issue of proceedings, there was lengthy correspondence with Mourant Ozannes and the Grand Cayman court in respect of fixing a further Case Management Conference, which took place on December 8, 2010. That hearing was principally concerned with establishing a time table for hearing the various issues raised by the proceedings issued against Harley (and Primeo). Mr. Pushpinder Saini, Q.C., appeared as advocate for the Trustee. Higgs & Johnson was responsible for the preparation of the documentation for that hearing and

3

also for the application to have Mr. Saini, Q.C., admitted as a Cayman attorney so that he could appear for the Trustee.

12. The Case Management Conference on December 8, 2010, was adjourned to a further telephone hearing on January 19, 2011. During the telephone hearing, the Grand Cayman court identified the preliminary issues to be resolved. Higgs & Johnson dealt with the preparation of the documentation for that hearing.

### *M-Invest Ltd.*

13. Prior to the hearing of October 1, 2010, there was some correspondence between Ms. Adda of Higgs & Johnson and the attorneys representing Natixis and M-Invest. Subsequently, at the request of Baker & Hostetler, Ms. Adda attended the hearing of the winding up petition against M-Invest Ltd. on October 1, 2010. Further correspondence with the attorneys of Natixis and M-Invest and with Baker & Hostetler followed the hearing.

### *Primeo Fund*

14. The period from the beginning of October until the end of November was principally concerned with drafting the various court proceedings for which leave to issue was finally obtained on December 8, 2010. The deadline for these proceedings was December 10, 2010, and they were in fact issued on December 9, 2010.

15. The finalization of the pleadings and other court documents required extensive consultations with Baker & Hostetler attorneys, with English solicitors at Mishcon de Reya and subsequently Taylor Wessing, and with U.K. counsel. This included numerous telephone conferences and the consideration, amendment, and circulation of draft documents. The proceedings had to be drafted consistently and in conjunction with those issued in respect of Harley.

16. As a result of correspondence with Mourant Ozannes and the court regarding the listing of the application for leave to commence proceedings against Primeo, the court of its own motion listed a Case Management Conference on November 19, 2010. Mr. Harris appeared as advocate for the Trustee.

17. Following the hearing on November 19, 2010, the leave application was listed for hearing on December 8, 2010, and Higgs & Johnson were responsible for the preparation of all documentation for that hearing. Primeo also issued a cross-application for security for costs, and the Trustee was required to file evidence in response. Higgs & Johnson also dealt with the application for Mr. Saini, Q.C.'s admission as a Cayman attorney.

18. At the December 8 hearing, the Trustee was given leave to commence proceedings against Primeo and those proceedings were issued on December 9, 2010.

19. The hearing on December 8, 2010, was adjourned to a further telephone hearing on January 19, 2011. During the telephone hearing, the Grand Cayman court identified the preliminary issues arising from the Trustee's claims against Harley and Primeo. Higgs & Johnson dealt with the preparation of the documentation for that hearing.

20. Following the hearing on January 19, 2011, there has been lengthy correspondence with the Trustee's U.S. and U.K. counsel and the Grand Cayman court regarding the fixing of hearing dates for the determination of the preliminary issues.

### III. COMPENSATION REQUESTED

21. The Application demonstrates how Higgs & Johnson has both added value to the Debtor's estate and has advanced the Debtor's SIPC liquidation proceeding.

22. Higgs & Johnson has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering

5

services with the highest degree of skill and professionalism. To that end, Higgs & Johnson has staffed this matter leanly and has endeavored to eliminate duplication of effort.

23. From October 1, 2010 through January 31, 2011, Higgs & Johnson provided a total of 312.4 hours of legal services to the Trustee in this case. Prior to the 10% discount, the total amount of fees incurred in this time period was $172,732.50 and the total blended rate for professional services was $552.92/hour. After the 10% discount, the total amount of fees incurred is $155,459.25 and the total blended rate is $497.63/hour. Higgs & Johnson has agreed to a further holdback of 20% of its fees in the amount of $31,091.85, resulting in the present request for compensation in the amount of $124,367.40.

24. A breakdown of the total number of hours performed by each Higgs & Johnson timekeeper is provided on **Exhibit A** annexed hereto.

25. Higgs & Johnson seeks reimbursement for out-of-pocket expenses incurred in connection with its representation of the Trustee during the Compensation Period in the amount of $52,015.01. An itemized list of these expenses is detailed on **Exhibit B** attached hereto.

26. Higgs & Johnson typically charges its clients $0.50 per page printed. Higgs & Johnson does not charge for incoming faxes. Charges for telephone calls are based on the actual amounts paid by Higgs & Johnson for those services.

## IV. GENERAL MATTERS

27. All of the professional services for which compensation is requested herein were performed by Higgs & Johnson for and on behalf of the Trustee and not on behalf of any other person or entity.

28. No agreement or understanding exists between Higgs & Johnson and any other person for sharing compensation received in connection with this case nor has any other person

or entity agreed to provide Higgs & Johnson with compensation for the legal services described herein.

29. Section 78eee(b)(5)(A) of SIPA provides in pertinent part that, upon appropriate application and after a hearing, "[t]he court shall grant reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred . . . by a trustee, and by the attorney for such a trustee . . . ." Section 78eee(b)(5)(C) of SIPA specifically establishes SIPC's role in connection with applications for compensation and the consideration the Court should give to SIPC's recommendation concerning fees. That section provides as follows:

> In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC. In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendation of SIPC.

SIPA § 78eee(b)(5)(C).

30. To the extent the general estate is insufficient to pay such allowances as an expense of administration, SIPA § 78eee(b)(5)(E) requires SIPC to advance the funds necessary to pay the compensation of Higgs & Johnson (*see* SIPA § 78fff-3(b)(2)).

31. The Trustee has determined, at this time, that he has no reasonable expectation that the general estate will be sufficient to make a distribution to general creditors or pay administrative expenses. The Trustee has been advised by SIPC that it concurs in this belief of the Trustee. Accordingly, any fees and expenses allowed by this Court will be paid from advances by SIPC without any reasonable expectation by SIPC of recoupment thereof.

32. Therefore, with respect to this Application, Higgs & Johnson requests that consistent with section 78eee(b)(5)(C) of SIPA, the Court "shall award the amounts

7

recommended by SIPC." *See In re Bell & Beckwith*, 112 B.R. 876 (Bankr. N.D. Ohio 1990). Higgs & Johnson expects that SIPC's recommendation shall be filed with this Court separately.

**WHEREFORE**, Higgs & Johnson respectfully requests that this Court enter an Order:

a. Granting this Application;

b. Allowing payment to Higgs & Johnson for interim compensation of legal fees, after (a) a reduction of 10% (in the amount of $17,273.25) and (b) a holdback of 20% (in the amount of $31,091.85) pending final approval of Higgs & Johnson's fees in this case, in the aggregate amount of $124,367.40 for professional services rendered to the Trustee from October 1, 2010 through January 31, 2011;

c. Allowing payment to Higgs & Johnson in the amount of $52,015.01 for reimbursement of expenses incurred by Higgs & Johnson from October 1, 2010 through January 31, 2011; and

d. Granting Higgs & Johnson such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: April 19, 2011                HIGGS & JOHNSON

By:  *s/Alexia Adda*
Alexia Adda
P.O. Box 866
Anderson Square Building
Grand Cayman
KY1-1103
Cayman Islands
Telephone: +1(345) 949-7555
Fax: +1(345) 949-8492

8

## EXHIBIT A

### SUMMARY OF SIXTH INTERIM FEE APPLICATION OF HIGGS & JOHNSON FOR SERVICES RENDERED FOR THE INTERIM PERIOD OF OCTOBER 1, 2010 THROUGH JANUARY 31, 2011

|  | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Alexia Adda | 2004 (England & Wales); 2010 (Cayman Islands) | $525.00 (Oct.-Dec.) | 128.8 | $67,620.00 |
| Alexia Adda | 2004 (England & Wales); 2010 (Cayman Islands) | $550.00 (Jan.) | 36.2 | $19,910.00 |
| John Harris | 1996 (England & Wales); 2010 (Cayman Islands) | $575.00 (Oct.-Dec.) | 129.5 | $74,462.50 |
| John Harris | 1996 (England & Wales); 2010 (Cayman Islands) | $600.00 (Jan.) | 17.9 | $10,740.00 |
| Total |  | $552.92 | 312.4 | $172,732.50 |
| Total minus 10% Discount |  | $497.63 |  | $155,459.25 |
| **Total Net of 20% Holdback:** |  |  |  | **$124,367.40** |

## EXHIBIT B

## EXPENSE SUMMARY OF HIGGS & JOHNSON
## FOR THE SIXTH INTERIM PERIOD
## OF OCTOBER 1, 2010 THROUGH JANUARY 31, 2011

| EXPENSES | AMOUNTS |
|---|---|
| Communication | $975.14 |
| Stationery | $9,593.00 |
| Filing Fees | $24,390.24 |
| Temporary Work Permit Applications | $4,195.11 |
| Application for Limited Admission | $12,195.12 |
| Travel Expenses | $666.40 |
| **Total Expenses Requested:** | **$52,015.01** |