**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant.<br><br>In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | Adv. Pro. No. 08-1789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |

**APPLICATION OF KUGLER KANDESTIN, L.L.P. AS SPECIAL COUNSEL TO THE TRUSTEE FOR ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM OCTOBER 1, 2010 THROUGH JANUARY 31, 2011**

Gordon Levine, together with other members and associates at the law firm of Kugler Kandestin, L.L.P. (collectively, "Kugler"), special counsel for Irving H. Picard (the "Trustee"), Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor") under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA") and Bernard L. Madoff, submits this Application for Interim Allowance of Fees and Reimbursement of Expenses (the "Application") for compensation of legal fees in the amount of $2,577.80 (of which 20% is to be deferred through the conclusion of the liquidation period) and reimbursement of expenses in the amount of $1.31 for the period from October 1, 2010 through January 31, 2011 (the "Compensation Period").

In support of the Application, Kugler respectfully submits as follows:

## I. BACKGROUND

1.    On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order (the "Decree Order") calling for the liquidation of the business of the Debtor in accordance with SIPA and by Paragraph II of the Decree Order, the Trustee was appointed as the trustee for the liquidation of the Debtor's business.

2.    The Debtor's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, to the extent consistent with the provisions of SIPA, is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") pursuant to SIPA § 78fff(b).

3.    Beginning on September 1, 2009, Kugler has served as special counsel for the Trustee.

4.    On January 20, 2010, this Court entered an order approving the Trustee's motion for authority to retain Kugler as special counsel to the Trustee with regard to the Trustee's recovery of customer property located in Canada.

5.    The Trustee's motion to retain Kugler established a fee arrangement pursuant to which Kugler agreed to a fee reduction in the amount of 10% as well as an additional holdback of fees in the amount of 20%.

## II. SERVICES RENDERED BY KUGLER

6.    The legal services performed on behalf of the Trustee during the time period covered by this Application are as follows:

7.    During the Compensation Period, Kugler communicated with the Trustee's counsel to discuss the procedure to serve complaints on Canadian parties. Kugler thereafter

2

conducted research to verify the addresses of Canadian corporate defendants and drafted the Motion for Authorization to Serve Proceedings on Canadian defendants.

### III. COMPENSATION REQUESTED

8. The Application demonstrates how Kugler has both added value to the Debtor's estate and has advanced the Debtor's SIPC liquidation proceeding.

9. Kugler has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism. To that end, Kugler has endeavored to eliminate duplication of effort by giving responsibility for the day-to-day conduct of the case to Gordon Levine, involving others only when necessary.

10. From October 1, 2010 through January 31, 2011, Kugler provided a total of 6.3 hours of legal services to the Trustee in this case. Prior to the 10% discount, the total amount of fees incurred in this time period was $2,864.22 and the total blended rate for professional services was $454.64/hour. After the 10% discount, the total amount of fees incurred is $2,577.80 and the total blended rate is $409.17/hour. Kugler has agreed to a further holdback of 20% of its fees in the amount of $515.56 resulting in the present request for compensation in the amount of $2,062.24.

11. A breakdown of the total number of hours performed by each Kugler timekeeper is provided on **Exhibit A** annexed hereto.

12. Kugler seeks reimbursement of out-of-pocket expenses incurred in connection with its representation of the Trustee during the Compensation Period in the amount of $1.31. An itemized list of these expenses is detailed on **Exhibit B** attached hereto.

3

13. Kugler typically charges its clients $0.50 per page printed. Kugler does not charge for incoming faxes. Charges for telephone calls are based on the actual amounts paid by Kugler for those services.

### IV. **GENERAL MATTERS**

14. All of the professional services for which compensation is requested herein were performed by Kugler for and on behalf of the Trustee and not on behalf of any other person or entity.

15. No agreement or understanding exists between Kugler and any other person for sharing compensation received in connection with this case nor has any other person or entity agreed to provide Kugler with compensation for the legal services described herein.

16. Section 78eee(b)(5)(A) of SIPA provides in pertinent part that, upon appropriate application and after a hearing, "[t]he court shall grant reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred . . . by a trustee, and by the attorney for such a trustee . . ." Section 78eee(b)(5)(C) of SIPA specifically establishes SIPC's role in connection with applications for compensation and the consideration the Court should give to SIPC's recommendation concerning fees. That section provides as follows:

> In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC. In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendation of SIPC.

SIPA § 78eee(b)(5)(C).

17. To the extent the general estate is insufficient to pay such allowances as an expense of administration, SIPA § 78eee(b)(5)(E) requires SIPC to advance the funds necessary to pay the compensation of Kugler (*see* SIPA § 78fff-3(b)(2)).

4

18.     The Trustee has determined, at this time, that he has no reasonable expectation that the general estate will be sufficient to make a distribution to general creditors or pay administrative expenses. The Trustee has been advised by SIPC that it concurs in this belief of the Trustee. Accordingly, any fees and expenses allowed by this Court will be paid from advances by SIPC without any reasonable expectation by SIPC of recoupment thereof.

19.     Therefore, with respect to this Application, Kugler requests that consistent with section 78eee(b)(5)(C) of SIPA, the Court "shall award the amounts recommended by SIPC." *See In re Bell & Beckwith*, 112 B.R. 876 (Bankr. N.D. Ohio 1990). Kugler expects that SIPC's recommendation shall be filed with this Court separately.

**WHEREFORE**, Kugler respectfully requests that this Court enter an Order:

a.     Granting this Application;

b.     Allowing payment to Kugler for interim compensation of legal fees, after (a) a reduction of 10% (in the amount of $286.42) and (b) a holdback of 20% (in the amount of $515.56) pending final approval of Kugler's fees in this case, in the aggregate amount of $2,062.24 for professional services rendered to the Trustee from October 1, 2010 through January 31, 2011;

c.     Allowing payment to Kugler in the amount of $1.31 for reimbursement of expenses incurred by Kugler from October 1, 2010 through January 31, 2011; and

5

    d.    Granting Kugler such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: April 19, 2011

KUGLER KANDESTIN, L.L.P.

By: *s/ Gordon Levine*
Gordon Levine
Kugler Kandestin, L.L.P.
1 Place Ville Marie,
Suite 2101
Montreal, Quebec H3B 2C6
Telephone: (514) 878-2861
Fax: (514) 875-8424

# EXHIBIT A

## SUMMARY OF SIXTH INTERIM FEE APPLICATION
## OF KUGLER FOR SERVICES RENDERED
## FOR THE PERIOD OCTOBER 1, 2010 THROUGH JANUARY 31, 2011

|  | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Gordon Levine | 1992 | $454.64 | 6.3 | $2,864.22 |
| Total: |  | $454.64 | 6.3 | $2,864.22 |
| Total minus 10% Discount |  | $409.17 |  | $2,577.80 |
| **Total Net of 20% Holdback:** |  |  |  | **$2,062.24** |

## **EXHIBIT B**

### **EXPENSE SUMMARY OF KUGLER FOR THE SIXTH INTERIM PERIOD OF OCTOBER 1, 2010 THROUGH JANUARY 31, 2011**

| **EXPENSES** | **AMOUNTS** |
|---|---|
| Telephone | $1.31 |
| **Total Expenses Requested:** | **$1.31** |