**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-1789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**FINAL APPLICATION OF SCHIFFERLI VAFADAR SIVILOTTI AS SPECIAL COUNSEL TO THE TRUSTEE FOR ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES RENDERED FROM OCTOBER 1, 2010 THROUGH JANUARY 31, 2011**

Schifferli Vafadar Sivilotti ("SVS"), special counsel to Irving H. Picard (the "Trustee"), Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") and Bernard L. Madoff ("Madoff") under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa et seq. ("SIPA"), submits this Final Application for Interim Allowance of Fees (the "Application") for compensation of legal fees in the amount of $3,482, which represents the 20% deferral of fees agreed to pursuant to the order of this Court dated June 15, 2009 authorizing the Trustee to retain SVS as special counsel to the Trustee. In support of the Application, SVS respectfully submits as follows:

1

# I. BACKGROUND

1. On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order (the "Decree Order") calling for the liquidation of the business of the Debtor in accordance with SIPA and by Paragraph II of the Decree Order, the Trustee was appointed as the trustee for the liquidation of the Debtor's business.

2. The Debtor's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, to the extent consistent with the provisions of SIPA, is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") pursuant to SIPA § 78fff(b).

3. SVS was retained to served as special counsel to the Trustee on May 28, 2009.

4. On June 15, 2009, this Court entered an order approving the Trustee's motion for authority to retain SVS as special counsel to the Trustee in matters pertaining to Swiss law.

5. The Trustee's motion to retain SVS established a fee arrangement pursuant to which SVS agreed to a fee reduction in the amount of 10%. SVS also agreed to an additional holdback of fees in the amount of 20% (the "Holdback").

# II. SERVICES RENDERED BY SVS

6. Throughout the period of its retention, SVS has provided advice on issues of Swiss law. The legal services performed on behalf of the Trustee during its time retention are as follows:

7. SVS was retained by the Trustee and its counsel, Baker & Hostetler LLP ("B&H") and asked to prepare a detailed legal analysis on the applicable provisions of Swiss private international law and Swiss international debt collection and bankruptcy law in connection with the Trustee's investigation of several Switzerland-based entities. SVS also provided legal advice

2

and recommendations in connection with the Trustee's evaluation of potential causes of action against such entities.

8. In addition, SVS was asked to evaluate the possibility of recovery and reimbursement from entities organized in Switzerland in favor of the bankruptcy estate. These included questions on the possible recognition and enforcement of U.S. Bankruptcy Court orders in Switzerland, the possibility of filing a lawsuit against certain entities in Switzerland under Swiss international bankruptcy law and other potential legal remedies and causes of action available to the Trustee.

### III. COMPENSATION REQUESTED

9. SVS's previous fee applications demonstrate how SVS has both added value to the Debtor's estate and has advanced the Debtor's SIPC liquidation proceeding. Now that SVS's services are complete, and its retention is no longer required by the Trustee, SVS respectfully requests payment of the Holdback. SVS has incurred no additional expenses or fees during the Compensation Period.

10. A breakdown of the Holdback calculus is provided on **Exhibit A** annexed hereto.

### IV. GENERAL MATTERS

11. All of the professional services for which compensation is requested herein were performed by SVS for and on behalf of the Trustee and not on behalf of any other person or entity.

12. No agreement or understanding exists between SVS and any other person for sharing compensation received in connection with this case nor has any other person or entity agreed to provide SVS with compensation for the legal services described herein.

13. Section 78eee(b)(5)(A) of SIPA provides in pertinent part that, upon appropriate application and after a hearing, "[t]he court shall grant reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred . . . by a trustee, and by the

3

attorney for such a trustee . . ." Section 78eee(b)(5)(C) of SIPA specifically establishes SIPC's role in connection with applications for compensation and the consideration the Court should give to SIPC's recommendation concerning fees. That section provides as follows:

> In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC. In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendation of SIPC.

SIPA § 78eee(b)(5)(C).

14. To the extent the general estate is insufficient to pay such allowances as an expense of administration, SIPA § 78eee(b)(5)(E) requires SIPC to advance the funds necessary to pay the compensation of SVS (see SIPA § 78fff-3(b)(2)).

15. The Trustee has determined, at this time, that he has no reasonable expectation that the general estate will be sufficient to make a distribution to general creditors or pay administrative expenses. The Trustee has been advised by SIPC that it concurs in this belief of the Trustee. Accordingly, any fees and expenses allowed by this Court will be paid from advances by SIPC without any reasonable expectation by SIPC of recoupment thereof.

16. Therefore, with respect to this Application, SVS requests that consistent with section 78eee(b)(5)(C) of SIPA, the Court "shall award the amounts recommended by SIPC." See In re Bell & Beckwith, 112 B.R. 876 (Bankr. N.D. Ohio 1990). SVS expects that SIPC's recommendation shall be filed with this Court separately.

**WHEREFORE**, SVS respectfully requests that this Court enter an Order:

a. Granting this Application;

b. Allowing final payment to SVS of the Holdback in the amount of $3,482.00 for professional services rendered to the Trustee from May 28, 2009 through January 31, 2011; and

4

    c.    Granting SVS such other and further relief as this Court deems just and proper.

Dated: April 19, 2011

Respectfully submitted,

SCHIFFERLI VAFADAR SIVILOTTI

By: _____*s/Pierre Schifferli*_____
    Pierre Schifferli
    8, Avenue Jules-Crosnier
    1206 Geneva
    Switzerland
    Telephone: +1(41) 22 839 88 50
    Fax: +1(41) 22 839 88 51
    Email: pschifferli@svslaw.com

# **EXHIBIT A**

## **SUMMARY OF SVS HOLDBACK DUE**

|  | **TOTAL COMPENSATION** |
|---|---|
| Total Fees Incurred | $17,410 |
| Amounts Paid | $13,928 |
| **Holdback:** | **$3,482** |