

Moisand Boutin & Associés

David Sheehan, Esq,
Judith A. Sleby, Esq,
**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111

By email and by express mail

cc   Clerk of United States Bankruptcy Court
for the Southern District of New York
One Bowling Green
New York, NY 10004

By express mail

cc   Honorable Burton R. Lifland
One Bowling Green
New York, NY 10004

By express mail

Paris, le 24 mars 2011

Réf. :   **Adv. Pro. No. 08-01789 (BRL)**
**SIPA Liquidation**
**AMENDED NOTICE OF TRUSTEE'S MOTION FOR ENTRY OF LITIGATION PROTECTIVE ORDER**

**OFFICIELLE**

Chers Confrères,

Monsieur Patrick LITTAYE, dont nous sommes les Avocats français, nous a rendus destinataires d'un document adressé, en courrier simple, reçu le 23 mars 2011 et dénommé « *AMENDED NOTICE OF TRUSTEE'S MOTION FOR ENTRY OF LITIGATION PROTECTIVE ORDER* » comprenant des annexes.



Moisand Boutin & Associés

Ce document et ses annexes sont tous en langue anglaise dont aucune traduction n'est jointe à votre envoi. Ce document et ses annexes semblent concerner les conditions dans lesquelles des documents et informations, le « CONFIDENTIAL Material », seraient susceptibles d'être divulgués et/ou échangés dans le cadre de procédures initiées aux Etats-Unis par le Trustee de la société BLMIS.

Or, la transmission du document précité et de ses annexes ne répond à aucune des règles d'ordre public régissant les conditions de délivrance des actes judiciaires en matière internationale et, plus particulièrement, celles contenues dans la Convention de la Haye du 15 novembre 1965.

Cette transmission est donc nulle et dépourvue de tout effet et de toute portée juridique à l'égard de Monsieur LITTAYE.

Dès lors, dans ce contexte, si, malgré les arguments qui s'y opposent, tenant notamment à la violation des règles essentielles et d'ordre public tenant à la délivrance des actes en matière internationale, au respect des règles du contradictoire et des droits de la défense, une décision devait être rendue par le juge auquel sera soumis ce document et ses annexes, cette décision sera nulle, sans effet et sans portée à l'égard de Monsieur LITTAYE.

A toutes fins, nous vous précisons que Monsieur LITTAYE n'a reçu la délivrance d'aucune assignation l'invitant à comparaître devant une juridiction américaine à la demande du Trustee de la société BLMIS.

Si, cela devait être le cas, Monsieur LITTAYE sera amené à faire valoir toutes exceptions de procédure, fins de non recevoir et tous autres moyens de défense pour s'opposer à de telles demandes.

Malgré cette situation, ont été rendus publics nombreux projets d'assignation établis par votre Cabinet à la requête du Trustee de la société BLMIS.

Certains de ces projets visent notamment et nommément Monsieur LITTAYE et certaines sociétés ACCESS et contiennent des informations manifestement inexactes, pour ne pas dire fallacieuses voire mensongères, ainsi que des extraits de documents strictement confidentiels.

Or, aucune autorisation n'a été donnée pour que tout ou partie de ces documents confidentiels soit rendu accessible à toute personne quelle que soit sa localisation géographique.

Pire encore, aucune autorisation n'a été donnée pour que des documents confidentiels soient communiqués à des tiers totalement étrangers à ces actions envisagées et/ou pour que ces documents soient utilisés par ces tiers.

2

En conclusion, Monsieur LITTAYE entend d'ores et déjà vous préciser :

- qu'il a mandaté notre Cabinet pour exercer toutes voies de droit tant ordinaires qu'extraordinaires de nature à voir sanctionner notamment la divulgation et/ou la transmission, directe ou indirecte, au public ou à des tiers sans distinction de leur localisation géographique d'informations erronées, fallacieuses ou mensongères et de tout ou partie de documents confidentiels, par tous responsables quels qu'ils soient ;

- que la décision qui pourrait être rendue sur la base du document dénommé « *AMENDED NOTICE OF TRUSTEE'S MOTION FOR ENTRY OF LITIGATION PROTECTIVE ORDER* » et ses annexes ne saurait aucunement lui être opposable, ni avoir aucun effet juridique et ne saurait en rien justifier et/ou permettre la divulgation et/ou la transmission à quiconque, au public et/ou à des tiers du « CONFIDENTIAL Material » notamment soumis à la confidentialité des affaires et à la confidentialité de la vie privée pour contenir :

    - des noms, adresses, informations sur la situation familiale, personnelle ou patrimoniale de personnes physiques et/ou morales ;

    - des correspondances, mémorandums et documents quelle qu'en soit la forme, relatifs aux souscriptions réalisés dans des fonds d'investissement par des personnes physiques et/ou morales ;

    - des informations sur les structures contractuelles et/ou financières de sociétés et/ou fonds d'investissement soumis à des autorités de contrôle ;

Dès lors, si la divulgation et/ou la transmission directe ou indirecte à quiconque, à des tiers et/ou au public du « CONFIDENTIAL Material » continuait à être perpétuée, notre Cabinet serait conduit à exercer toutes voies de droit ordinaires et extraordinaires pour voir sanctionner de tels agissements.

Nous vous prions de croire, Chers Confrères, en l'assurance de nos salutations.

Hélène FLORAND
Avocat-Associée

3