**BECKER & POLIAKOFF LLP**

Helen Davis Chaitman

HCHAITMAN@BECKER-POLIAKOFF.COM

45 Broadway

New York, New York 10006

Telephone  (212) 599-3322

*Attorneys for Marsha Peshkin*
*and 802 investors listed on Exhibit A.*

And the firms listed on pages 9 to 11 herein.

**Motion returnable:**  **May 12, 2011 at 10 a.m.**
**Opposition due:**       **May 5, 2011 at 10 a.m.**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, Plaintiff, v. BERNARD L. MADOFF INVESTMENT SECURITIES LLC, Defendant. | SIPA LIQUIDATION (Substantively Consolidated) Adv. Pro. No. 08-01789 (BRL) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:

BERNARD L. MADOFF,

          Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### BLMIS CUSTOMERS' MOTION TO COMPEL THE TRUSTEE TO PROVIDE A REPORT OF HIS INVESTIGATIVE ACTIVITIES AND THE FINANCIAL AFFAIRS OF BLMIS

The undersigned customers, numbering over 1,200 and representing customers

whose claims the Trustee has recognized as well as customers whose claims the Trustee

has not recognized (together, the "Customers") of Bernard L. Madoff Investment

Securities LLC ("BLMIS"), by and through their counsel, hereby move to compel Irving

H. Picard (the "Trustee"), as trustee for the liquidation of the business of BLMIS,

pursuant to Section 78fff-1(c) of the Securities Investor Protection Act of 1970, 15 U.S.C.

§ 78aaa *et seq.*, as amended ("SIPA"), Section 704(a) of Title 11 of the United States

Code (the "Bankruptcy Code"), and Section 78fff-1(d) of SIPA, to produce a report

detailing his investigation into the financial affairs of BLMIS and the results thereof and

to produce to them every document that the Trustee has provided to the Securities

Investor Protection Corporation ("SIPC").

     The Trustee has a statutory obligation to provide information regarding the fraud

of Bernard L. Madoff and BLMIS to the Court and to the Customers and he has an

obligation, under the Securities Investor Protection Act ("SIPA") to provide to the

Customers any document he has provided to SIPC.  The Trustee has thus far spent more

than two years and nearly $300 million gathering information about the Debtors.  The

Trustee has worked hand-in-hand with SIPC in providing to SIPC the details of his

investigation.  Yet, the Trustee has provided none of this information to the Customers, to

whom he owes a fiduciary duty.  The Customers now move to compel him to fulfill his

statutory obligations.

     In support of this Motion, the Customers respectfully represent as follows:

## **BACKGROUND**

     1.    The Trustee was appointed on December 15, 2008.  Since then he has

represented that he has engaged in an exhaustive investigation into the affairs of BLMIS,

pursuing property of the BLMIS estate and tracing customer deposits and withdrawals

going back decades in order to disallow Customer claims and to file over 1,000 clawback suits against approximately 5,000 innocent investors.

2.      By the end of 2010, two years into the Trustee's investigation, SIPC had paid more than $288 million to the firms retained by the Trustee—fees that are projected to exceed $1 billion for the period from 2011 to 2014.  *See* Letter from Stephen Harbeck, President of SIPC, to Rep. Scott Garrett 21-22 (Jan. 24, 2011) ("Harbeck Letter"); *see also* SEC Office of Inspector General, Report No. 495, SEC's Oversight of the Securities Investor Protection Corporation's Activities 22-28 (2011).

3.      The Trustee's counsel has thus far been paid more than $127 million, and the Trustee himself has collected over $3 million.  *See* Harbeck Letter 21.  The Trustee's forensic accountants have been paid in excess of $130 million.  *See id.*

4.      The Trustee and his team have spent literally "[t]housands of hours" investigating the financial affairs of the BLMIS estate.  Fifth Application of Trustee for Interim Compensation, *In re Bernard L. Madoff Inv. Sec. LLC*, No. 08-01789 (BRL), doc. no. 3207, ¶ 6 (Bankr. S.D.N.Y. Nov. 19, 2010) ("*In re BLMIS*"); *see also, e.g., id.* ¶¶ 42, 62 (general description of investigative activities).

5.      Yet, although this "enormous effort" is ostensibly being conducted "for the benefit of the victims," *id.* ¶ 37, after two and a half years the victims still do not know how Bernard Madoff was able to carry out the largest financial fraud in history, who were his co-conspirators, who were his enablers, and who were his primary beneficiaries.   The Trustee has revealed almost nothing, despite his statutory obligation to do so and despite his fiduciary duty to the victims of Madoff's fraud.  The Trustee states on his website:

> BLMIS was a Ponzi scheme engineered by Bernard Madoff and others in which virtually no investments were made on behalf of BLMIS customers. Money deposited in BLMIS was stolen from some customers and paid to other customers. Thus, no "profits" were made and distributed to customers—the only thing anyone received was other people's money.

Bernard L. Madoff Investment Securities LLC Liquidation Proceeding,

http://madofftrustee.com/Home.aspx (last visited Apr. 14, 2011). Yet, the Trustee has

never explained how he arrived at these conclusions or what evidence substantiates them,

or why securities purchased by BLMIS, with customer funds, or their proceeds, are

nevertheless not considered customer property.

## **RELIEF REQUESTED**

6.        By this motion, the Customers request that this Court order the Trustee to

fulfill his statutory obligation to provide them with a report summarizing "any facts

ascertained by the trustee with respect to fraud, misconduct, mismanagement, and

irregularities" at BLMIS. Thus, the Customers seek a report from the Trustee reflecting

his investigative findings and conclusions and any evidence supporting those findings

and conclusions.

7.        Such a report should provide a detailed description of BLMIS' operations

from the firm's inception and the mechanics of the fraud undertaken by Madoff. The

report should include, but not be limited to:

- a description of any and all trading by BLMIS, including all trading records related to any aspect of BLMIS' business, as well as any records from NASDAQ and FINRA, the New York Stock Exchange, the Depository Trust Company, and any other relevant clearing firm or exchange, and any other relevant evidence;

- an explanation of the relationships, financial and otherwise, between what is referred to as the market-making and proprietary trading arm of BLMIS and the BLMIS investment advisory operations;

4

- a summary of all banking transactions between BLMIS and its banks, including JPMorgan Chase, Bank of New York, Mellon Bank, or any other financial institution, with copies of all bank statements themselves;

- a summary of all reports and other memoranda obtained from forensic accountants related to BLMIS' operations, as well as the reports and memoranda themselves;

- copies of all reports, documents, and memoranda provided by the Trustee, his counsel, or the forensic accountants to any representative of SIPC;

- the investigative reports supporting the commencement of lawsuits against the feeder funds, banks, and other third parties that have been provided to SIPC.

8.      The Customers seek only information that the Trustee has already collected; therefore the report should be submitted by the Trustee no later than 30 days after this motion is filed.  If the Trustee needs more than 30 days to prepare his report, there is no reason to delay beyond 30 days the production of all underlying documents and computer records.  There is no reason why every document made available to SIPC by the Trustee should not be made available to the Customers immediately.

## BASIS FOR RELIEF REQUESTED

9.      As the Customers' representative and fiduciary, the Trustee is obligated to apprise them, in detail, of his investigative activities and the results thereof.

10.     The Trustee is required to make to the Court and SIPC "such written reports as may be required of a trustee in a case under chapter 7 of title 11."  15 U.S.C § 78fff-1(c).  The Bankruptcy Code mandates that the Trustee "investigate the financial affairs of a debtor" and, unless otherwise ordered by the court, "furnish such information concerning the estate and the estate's administration as is requested by a party in interest." 11 U.S.C. § 704(a)(4), (7).  All of the Customers are parties in interest.  *See Peskin v. Picard*, 413 B.R. 137, 145 (Bankr. S.D.N.Y. 2009) (all claimants in the BLMIS estate are "parties in interest"); *In re Caldor*, 193 B.R. 182, 186 (Bankr. S.D.N.Y. 1996) (creditors

of an estate are parties in interest); Harbeck Letter 5 (noting that "customers and creditors who were not given priority" will be "treated as general unsecured creditors" of the estate); *see also Miller v. Austin*, 72 B.R. 893, 898 (S.D.N.Y. 1987) (SIPA case acknowledging a duty to provide information to claimant as a party in interest).

11.    All information provided to SIPC pursuant to SIPA, unless disclosure is not in the public interest, "shall be available for public inspection."  15 U.S.C. § 78kkk(a). Here, it is clearly in the public interest that all the details of the crimes of Madoff and his co-conspirators be fully disclosed.  Additionally, all information given to a bankruptcy court is a matter of the public record and "open to examination."  11 U.S.C. § 107(a) (made applicable to SIPA proceedings by 15 U.S.C. § 78fff(b) (a SIPA proceeding "shall be conducted in accordance with, and as though it were being conducted under[,] chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11")).  Therefore, all documents provided to SIPC or the Bankruptcy Court by the Trustee or his agents should be made available to the Customers.

12.    Independent of the report the Customers are hereby requesting, the Trustee is obligated to "investigate the acts [and] conduct . . . of the debtor, the operation of its business, and any other matter, to the extent relevant to the liquidation proceeding, and report thereon to the court."[1]  15 U.S.C. § 78fff-1(d)(1).  He must also "report to the court

---

[1]  The trustee for the Lehman Brothers, Inc. ("LBI") liquidation has acknowledged this "specific and important duty to conduct an investigation and prepare a report."  LehmanTrustee.com, Trustee's Investigation, http://dm.epiq11.com/LBI/Project/default.aspx (last visited Apr. 14, 2011).  In fulfilling this duty, the LBI trustee has issued a nearly 200-page report that provides considerable detail regarding what led to the failure of LBI.   *See* Trustee's Preliminary Investigation Report and Recommendations, *In re Lehman Brothers, Inc.*, No. 08-01420, doc. no. 3604 (Bankr. S.D.N.Y. Aug. 25, 2010).  Although the Trustee and his professionals have incurred, in this case, comparable administrative expenses, the Trustee has failed to provide the victims and the public with any meaningful information about Madoff and BLMIS.

any facts ascertained by the trustee with respect to fraud, misconduct, mismanagement, and irregularities, and to any causes of action available to the estate."[2]  *Id.* § 78fff-1(d)(3).

13.    The reports thus far issued by the Trustee discuss the nature of his investigation in sweeping terms, with a bare minimum of detail and only conclusory statements about what has actually been uncovered.  *See, e.g.*, Trustee's Amended Third Interim Report, *In re BLMIS*, doc. no. 2207, ¶¶ 103-157 (Apr. 14, 2010) (concluding that "the Trustee has assembled in substantial detail and for extensive periods of time BLMIS' financial history" but providing no such detail or supporting data).  These reports are insufficient given the statutory mandates and the Trustee's recognition that he is "obligated to . . . report to the court *any* facts ascertained . . . with respect to fraud . . . and to any causes of action available to the estate."  Trustee's Fourth Interim Report, *In re BLMIS*, doc. no. 3083, ¶ 58 (Oct. 30, 2010) (emphasis added).  Moreover, he has failed to produce a single report prepared by the forensic accountants who have already received in excess of $100 million for their work in this case.[3]

---

[2]  Every clawback action filed by the Trustee that the Customers have examined alleges that BLMIS conducted no trades.  *See, e.g.*, Complaint, *Picard v. Friedman*, No. 10-5395 (BRL), doc. no. 1, ¶ 34 (Bankr. S.D.N.Y. Dec. 9, 2010) ("[T]here is no record of BLMIS having cleared a single purchase or sale of securities in connection with the SSC Strategy."); Complaint, *Picard v. Hinte*, No. 10-4450, doc. no. 1, ¶ 23 (Bankr. S.D.N.Y. Nov. 30, 2010) ("[B]ased on the Trustee's investigation to date, there is no evidence that BLMIS ever purchased or sold any of the options that Madoff claimed on customer statements to have purchased and sold.").  Likewise, every action for fictitious profits is premised on the assertion that BLMIS never made any money, but rather simply redistributed money from new customers to old ones.  The Trustee is thus obligated to report "any facts" he is aware of with respect to these allegations, among others.  15 U.S.C. § 78fff-1(d)(3).

[3]  The Customers are aware of the Declaration of Joseph Looby, which was filed with the Trustee's motion for an order affirming his determination of net equity.  *In re BLMIS*, doc. no. 524 (Oct. 16, 2009).  That document, however, does not satisfy the Customers' request or the Trustee's statutory obligations.  Indeed, it raises more questions than it answers because Looby concedes that customer funds were used to purchase securities.  See Looby Decl. ¶¶ 9, 17, 18, 19, 26, 27.  In addition to being a year and a half old and acknowledging that it is based on partial information, *see id.* ¶ 7 n.1 ("The books and records of BLMIS are, at best, incomplete.  The Trustee . . . is endeavoring to supplement the corporate books and records with third party records, including banks records, customer records, etc., where available."), it is also framed in conclusory fashion with respect to major elements of the fraud and does not include documentary support for its conclusions.  Moreover, the investigation discussed in the declaration (…continued)

**WHEREFORE**, the Customers respectfully request that the Court order the

Trustee to produce, within 30 days of the date of this motion, a report from the Trustee

detailing his investigative efforts, and all of the underlying documentation.

Dated: New York, New York
       April 26, 2011

---

(continued…)

was limited in scope.  *See id.* ¶¶ 81, 87 (noting that the investigation covered only "select" months and baskets of trades from 2002 to 2008).  The Customers seek information relevant to the entirety of BLMIS' operations, from its inception to its collapse, as described above.

By: _____

**BECKER & POLIAKOFF LLP**

By /s/ Helen Davis Chaitman

45 Broadway
New York, New York 10006
(212) 599-3322
*Attorneys for Marsha Peshkin*
*and 802 investors listed on Exhibit A.*

**BERNFELD, DeMATTEO & BERNFELD, LLP**

By /s/ David B. Bernfeld (DBB-0177)
By /s/ Jeffrey L. Bernfeld (JLB-1615)

600 Third Avenue, 15th Floor
New York, New York 10016
(212        ) 661-1661
Attorneys for :  Adele Adess Living Trust, Adess
Family Trust, Adele Adess, Billie Baren, Nancy
Adess, Gorrin Family Trust, Morris Gorrin, Ann
Gorrin, Trust Under Deed of Suzanne R. May, Estate
of Suzanne R. May, Robert May, Jeffrey May, Richard
May, Cheryl Coleman, Suzanne Oshry, Meryl Evens,
Ho Marital Trust, Estate of Claire Oshry, Laurie
Riemer, Leonard Miller, Estate of Carolyn Miller,
Carolyn Rosen Miller Revocable Trust, Stephen
Caplan, Doris  M. Schlesinger Marital Trust, Jan
Capper, Robert Cheren, William Diamond, Pauline
Feldman, Richard Feldman,  Manfred Franitza,
Franitza Family Limited Partnership, Manfred Franitza
Revocable Trust,  Urte Franitza-Goldstein, Karen
Fenner, Nathaniel Gold, Natalie Remsen, Rose Gold,
Barbara Gold, Gold Investment Club, Murray Gold
Trust f/b/o the Gold Children,  Robert D. Redston
1998 Trust, David Iselin, Teresa Cohen,  KL
Retirement Trust, Steven Schmutter, Lee Snow,
Frederic Konigsberg, Susan Konigsberg, Bradermark,
Ltd., Lee Rautenberg, Dale Leff, Estate of Norman
Leff, John Maccabee, Sherry Morse Maccabee, John
Greenberger Maccabee and Sherry Morse Maccabee
Living Trust, Edith Schur, Edward Speer, Marion
Speer,  Ad-In Partners, Ltd, Joel Banker, Lucy Banker,

William Spiro, Ruth Spiro, William Sweidel, Gabriele
Sweidel, Robert Daniel Vock, Ken-Wen Family
Limited Partnership, Kenneth Brown, Wendy Brown,
Werner Foundation, Jeffrey R. Werner 11/1/98,
Jeffrey Werner, Violet Werner, Harvey L. Werner
Revocable Trust, Alan and Janet Winters Family
Partnership, Ltd., Winters Management Trust, Alan
Winters, Janet Winters, Jack Yankowitz and Cheryl
Yankowitz

**LAX & NEVILLE, LLP**

By /s/ Barry R. Lax (BL 1302)
Brian J. Neville (BN 8251)
1412 Broadway, Suite 1407
New York, NY 10018
Tel: (212) 696-1999
Fax: (212) 566-4531

Counsel for Mary Albanese, the
Brow Family Partnership, Allen Goldstein,
Laurence Kaye, Suzanne Kaye, Rose Less,
Gordon Bennett and approximately 250 other
investors

**SNR DENTON US LLP**

By /s/ Carole Neville
1221 Avenue of the Americas
New York, New York 10020
212 768-6700
carole.neville@snrdenton.com

Attorneys for 70 Customers

**KLEINBERG, KAPLAN, WOLF & COHEN,
P.C.**

By:    /s/ David Parker
       /s/ Matthew J. Gold

551 Fifth Avenue
New York, New York 10176
Tel. No.: (212) 986-6000
Fax No.: (212) 986-8866

Counsel for Lawrence Elins, Linda Elins, Elins
Family Trust, Elins Daughters Trust for the Benefit
of Jamie Ann Elins, Elins Daughters Trust for the
Benefit of Julie Lynn Elins, Jamie Elins Sabet, Julie
Elins Banks, Malibu Trading and Investing, L.P.,
Keith Vinnecour, Patricia Vinnecour, and Kenneth
Hubbard

PRYOR CASHMAN LLP

By  /s/ Richard Levy, Jr.
By  /s/ David C. Rose
7 Times Square
New York, New York 10036-6569
(212) 421-4100

Attorneys for: Avram J. Goldberg, Carol R.
Goldberg, Carol R. Goldberg (IRA), Avram J.
Goldberg and Carol R. Goldberg Special Account,
the Goldberg Nominee Partnership, the Sidney R.
Rabb Charitable Trust, the Goldberg Family
Foundation, the Aaron Foundation, the Sidney Rabb
and Esther Rabb Charitable Foundation, the Avram
J. Goldberg and Carol R. Goldberg Charitable
Remainder Unitrust, the Sidney R. Rabb Trust fbo
Carol R. Goldberg, Helene R. Cahners Kaplan,
Robert and Loretta Fishbein, Norma Fishbein,
Steven and Kara Fishbein Goldman, David S.
Wallenstein, Wallenstein NY Partnership, Mark and
Matthew Family Partnership, and others