WINDELS MARX LANE & MITTENDORF, LLP          Hearing Date: June 1, 2011
156 West 56th Street                         Hearing Time: 10:00 a.m.
New York, New York 10019                     Objection Deadline: May 25, 2011
Tel: (212) 237-1000                          Time: 4:00 p.m.
Howard L. Simon
Email: hsimon@windelsmarx.com

*Special Counsel to Irving H. Picard, Esq., Trustee for the
Substantively Consolidated SIPA Liquidation of
Bernard L. Madoff Investment Securities LLC and
Alan Nisselson, the Chapter 7 Trustee of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (BRL)<br>SIPA Liquidation<br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |

**AMENDED FIFTH APPLICATION OF WINDELS MARX LANE & MITTENDORF,
LLP FOR ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES
INCURRED FROM OCTOBER 1, 2010 THROUGH JANUARY 31, 2011**

Windels Marx Lane & Mittendorf, LLP ("Windels Marx" or the "Firm") as special

counsel to Irving H. Picard as trustee (the "Trustee") for the substantively consolidated

liquidation proceeding of Bernard L. Madoff Investment Securities LLC ("BLMIS" or

"Debtor"), and to Alan Nisselson as trustee (the "Chapter 7 Trustee"), for the Chapter 7 estate of

Bernard L. Madoff ("Madoff"), pursuant to the Order of this Court dated July 16, 2009 [Docket

No. 327], respectfully submits this amended Fifth Application (the "Amended Fifth

{10612375:7}

Application") for an order pursuant to section 78eee(b)(5) of the Securities Investor Protection Act ("SIPA"), 15 U.S.C.§ 78eee(b)(5), sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101 et. seq. (the "Bankruptcy Code"), and Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), allowing and awarding interim compensation for services performed by Windels Marx for the period commencing October 1, 2010 through and including January 31, 2011 (the "Fifth Compensation Period") in the amount of $3,060,102.00 (of which (i) 80%, or $2,448,081.60, is to be paid currently, less the $39,796.50 referred to in subsection (iii) below, (ii) 20%, or $612,020.40, is to be deferred through the conclusion of the liquidation proceeding or further order of the Court, and (iii) $39,796.50 is to be withheld from payment, to adjust for an error in fees sought and awarded in the previous application, as described further herein, so that the total amount of fees to be paid under this Amended Fifth Application is no more than $2,408,285.10), and reimbursement of Windels Marx's actual and necessary expenses incurred during the Compensation Period in the amount of $68,343.34, and in support thereof, respectfully represents as follows:

## I. PRELIMINARY STATEMENT

1.      During this Fifth Compensation Period, Windels Marx continued to assist the Trustee and his counsel, Baker & Hostetler LLP ("Baker"), in their efforts to recover customer property for the victims of Madoff's fraud.

2.      Among other things, Windels Marx continued its investigation into potential claims against various parties, including insiders of Madoff/BLMIS, feeder funds and investment advisors.  As discussed more fully below, the Firm made significant progress on these investigations, some of which culminated in the filing of fraudulent conveyance actions against certain insiders and feeder funds in connection with this liquidation proceeding.

3.      In addition, during this period, Windels Marx commenced 44 separate adversary proceedings against more than 250 defendants seeking among other things, recovery of fraudulent conveyances of BLMIS property.  The Firm also continued to prosecute adversary proceedings it had commenced during the previous compensation periods, including the actions against entities owned by members of the Madoff family and the chapter 11 petition the Trustee caused to be filed against BLM Air Charter LLC ("BLM Air").

4.      The following discussion and the materials attached to this Amended Fifth Application cover the major categories of services for which allowance of compensation is sought.

## II. PROCEDURAL BACKGROUND

The SIPA Liquidation

5.      On December 11, 2008, the United States Securities and Exchange Commission (the "SEC") filed a complaint in the United States District Court for the Southern District of New York (the "District Court") against defendants Madoff and BLMIS (Case No. 08 CV 10791) (the "SEC Action").  The SEC complaint alleged that Madoff and BLMIS engaged in fraud through the investment advisor activities of BLMIS.

6.      In the SEC Action, the SEC consented to a combination of its own action with an application of the Securities Investor Protection Corporation ("SIPC").  Thereafter, pursuant to section 78eee(a)(3) of the SIPA, SIPC filed an application in the District Court alleging, inter alia, that BLMIS was not able to meet its obligations to securities customers as they came due and, accordingly, its customers needed the protection afforded by SIPA.

7.      On December 15, 2008, District Judge Stanton granted the SIPC application, which among other things:

- appointed Irving H. Picard as the SIPA Trustee for the liquidation of the business of BLMIS pursuant to 15 U.S.C. § 78eee(b)(3);

- appointed Baker as counsel to the SIPA Trustee pursuant to 15 U.S.C. § 78eee(b)(3); and

- removed the liquidation proceeding (the "BLMIS Liquidation") to this Court pursuant to 15 U.S.C. § 78eee(b)(4).

The Bernard L. Madoff Chapter 7 Case

8.      On April 13, 2009, Blumenthal & Associates Florida General Partnership, Martin Rappaport Charitable Remainder Unitrust, Martin Rappaport, Marc Cherno and Steven Morganstern (collectively, the "Petitioning Creditors"), through their attorneys, Milberg LLP, filed an involuntary petition for relief under Chapter 7 of the Bankruptcy Code against Madoff.

9.      On April 16, 2009, the Petitioning Creditors filed a motion to appoint a trustee in Madoff's case, and on that same date, the Court entered an *Order to Show Cause Why the Court Should Not Enter an Order Directing the United States Trustee to Appoint an Interim Trustee.*

10.     On April 20, 2009, the Court entered an Order directing the Office of the United States Trustee for the Southern District of New York (the "UST") to appoint an interim trustee to perform the duties of trustee as set forth in Bankruptcy Code §§ 701 and 704, pursuant to which the UST appointed Alan Nisselson as the Chapter 7 Trustee on April 21, 2009.

11.     On April 24, 2009, the Court entered an Order authorizing and empowering the Chapter 7 Trustee to retain Windels Marx to represent him in the Madoff case, effective as of April 21, 2009.

12.      On May 5, 2009, the SIPA Trustee and SIPC filed a joint motion for entry of an

order pursuant to section 105(a) of the Bankruptcy Code substantively consolidating the Madoff

estate into the BLMIS Liquidation (the "Substantive Consolidation Motion").

13.      On June 4, 2009, after the Chapter 7 Trustee filed a Response to the Substantive

Consolidation Motion, the Court entered a Consent Order ("Consent Order") [Docket No. 252]

which, among other things:

- approved the Substantive Consolidation Motion, *nunc pro tunc* to
  December 11, 2008;

- ordered that the Chapter 7 Trustee would remain trustee to the Madoff
  estate and would continue to have all powers, rights, claims, and interests
  of a Chapter 7 trustee pursuant to, among others, Chapters 5 and 7 of the
  Bankruptcy Code;

- directed that the Trustee would have all the duties and powers of a SIPA
  trustee and of a Chapter 7 trustee, other than those specifically granted to
  the Chapter 7 Trustee as indicated above; and

- ordered that the Chapter 7 Trustee would be authorized to use as his
  counsel any counsel or special counsel retained by the Trustee, after
  consultation with, and the approval of, the Trustee and SIPC.

14.      On July 16, 2009, this Court entered an Order granting the Trustee's motion to

retain Windels Marx as special counsel on behalf of the consolidated estate, *nunc pro tunc* as of

June 9, 2009 [Docket No. 327], finding that Windels Marx is disinterested pursuant to provisions

section 78eee(b)(6) of SIPA, section 327(a) of the Bankruptcy Code, and Bankruptcy Rule

2014(a) and is therefore in compliance with the disinterestedness requirement in section 78eee(b)(3) of SIPA, section 327(a) of the Bankruptcy Code, and Bankruptcy Rule 2014(a).

### III.  SPECIAL COUNSEL'S EXPERIENCE

15.     Windels Marx engages in the general practice of law, and has substantial expertise in such areas as bankruptcy, commercial litigation, securities, tax and corporate law.

16.     In particular, the senior Windels Marx attorneys in charge of this matter specialize in advising Chapter 7 and Chapter 11 bankruptcy trustees in connection with complex bankruptcy litigation related to, among other things, asset analysis and recovery.

### IV.  SUMMARY OF SERVICES

17.     The services rendered by Windels Marx during the four-month Fifth Compensation Period are described below.  In rendering professional services to the Trustee and the Chapter 7 Trustee, Windels Marx's legal team has been composed of professionals with extensive experience in bankruptcy and complex commercial litigation, securities, tax and corporate law.

18.     Windels Marx professionals have worked closely with the Trustee, his counsel Baker, and the Trustee's other retained professionals to coordinate their efforts in order to maximize efficiency and to avoid any duplication of effort.

19.     This Amended Fifth Application is intended to serve as a summary description of the more significant services rendered by Windels Marx during the Fifth Compensation Period. The following section provides an overview of those services, sorted by the task codes used by Windels Marx for specific categories of work.  Windels Marx implemented the task codes to permit a more detailed analysis of the fees incurred.  As the case has evolved, Windels Marx has

added additional task codes to ensure that work on a specific issue or matter is billed to the same matter or task code.

A.  **Litigation** – Task Code 010 (7187.40 hours)

20.    Windels Marx rendered substantial services in connection with this category, which relates to time spent by the Firm at the Trustee's direction, performing factual and legal research, preparing analyses, drafting memoranda, motions and/or pleadings, commencing adversary proceedings and appearing before the Bankruptcy Court in connection with litigation and/or anticipated litigation to recover assets for the estate.

21.    During this period, Windels Marx filed forty-four (44) adversary proceedings against over two hundred and fifty defendants seeking recovery of fraudulent transfers of BLMIS/Madoff property for the benefit of the BLMIS estate.

22.    During this period, Windels Marx has continued to render services in connection with the chapter 11 petition that the Trustee caused to be filed against BLM Air (*In re BLM Air Charter LLC*, Case No. 09-16757 (BRL)) and the related adversary proceeding which seeks to liquidate BLM Air's 50% interest in a private jet for the benefit of the BLMIS estate.  These services included continued litigation of the adversary proceeding and continued discussions with the Trustee and Baker regarding case status and strategy.

23.    During this period, Windels Marx has also continued to litigate actions previously filed against certain Madoff family members and the business ventures they owned, controlled, and/or managed that were unlawfully acquired and/or capitalized with BLMIS customer funds. In these litigations, Windels Marx is seeking to recover, on behalf of the Trustee, more than $30 million of BLMIS funds.

24.    Also during this period, Windels Marx also coordinated with Baker in the preparation and commencement of certain adversary proceedings seeking, among other things, the recovery of preferences and fraudulent conveyances of BLMIS property.  In support of these, and the pending litigations previously commenced by Windels Marx, the Firm, at the Trustee's direction, participated in litigation strategy sessions, performed factual and legal research, prepared analytical reports, and drafted internal memoranda.

B.  **Trustee Investigation** – Task Code 039 (2562.60 hours)

25.    This category relates to time spent with respect to the identification, investigation and recovery of various potential assets on behalf of the consolidated estate.

26.    During the Fifth Compensation Period, Windels Marx expended a substantial amount of time assisting the Trustee in his continued investigation into potential insiders of BLMIS and Madoff to ascertain whether the potential insiders were the unlawful recipients of BLMIS customer property or corporate assets.

27.    Included in this category of services by the Firm were the following:

- reviewing account information and statements of BLMIS customers;

- discussions and conferences with the Trustee, Baker, and the Trustee's consultants on relevant customer and/or feeder fund accounts, transactions with potential issues, and optimal strategy regarding the investigation and/or potential litigations;

- conducting and participating in interviews of third-party witnesses;

- drafting and issuing dozens of subpoenas and inquiry letters to various parties concerning BLMIS;

- organizing and reviewing documents received in response to subpoenas and letters; and

- drafting internal memoranda regarding the various investigations.

C. **Banks and Feeder Funds** – Task Code 040 (98.30 hours)

28.     This category relates to time spent by the Firm, at the Trustee's direction, investigating potential claims against feeder funds, and related investment advisors and managers.   Among other services rendered by the Firm in connection with this task code category are the issuance of Bankruptcy Rule 2004 Subpoenas and preparation for, and participation in, interviews of feeder funds advisors and managers.   The bulk of the Firm's time on feeder fund-related work during this Fifth Compensation Period was spent structuring, drafting, and editing complaints, and performing ancillary research and investigations supporting these complaints, and those tasks are captured primarily under the Litigation Task Code.

D. **Internal Office Meetings** – Task Code 020 (37.20 hours)

29.     This category relates to internal Windels Marx strategy and training sessions related to the various investigations and potential adversary proceedings on behalf of the Trustee and the Chapter 7 Trustee.   Windels Marx expended minimal time in this category during the Fifth Compensation Period.

E. **Billing/Fee Applications –** Task Code 007 (41.20 hours)

30.     This category relates to the Firm's preparation of Windels Marx's Amended Fifth Application for Interim Compensation and the time spent by attorneys and paraprofessionals in reviewing the Windels Marx billing statements prior to submission of the same to SIPC to ensure that time was properly billed by Windels Marx, to correct any errors in time entries, to write off

certain time and expenses as agreed to by Windels Marx for the benefit of SIPC, and to respond

to certain adjustments requested by SIPC after its review of the draft fee application.

## V. COMPENSATION REQUESTED

31.    During the Fifth Compensation Period, Windels Marx expended 9,981.60 hours in

the rendition of professional and paraprofessional services on behalf of the Trustee and the

Chapter 7 Trustee, resulting in a blended attorney hourly rate of $349.90 for fees incurred.

32.    Prior to filing this Amended Fifth Application, Windels Marx provided to SIPC

(i) its monthly statements setting forth the Firm's total fees for services rendered and expenses

incurred on behalf of the consolidated estate for each month during the period October 1, 2010

through January 31, 2011 seeking approval of $3,060,102.00 and (ii) a draft of this Amended

Fifth Application.

33.    Windels Marx's total fees for this Fifth Compensation Period were $3,416,780.00

and necessary expenses incurred were $73,162.28.  In connection with preparing each of the four

monthly statements and this Amended Fifth Application, however, Windels Marx voluntarily

reduced its total fees of $3,416,780.00 to $3,060,102.00 by (i) discounting the Firm's rates by

10% at SIPC's request (resulting in a voluntary reduction of $341,678.00), and (ii) voluntarily

writing off additional fees of $15,000.00 and unbilled time of $13,860.00.   Windels Marx

reduced its total expenses of $73,162.28 to $68,343.34 by voluntarily writing off $4,818.94 of

expenses customarily charged to other clients of the Firm.  Such fees are reasonable based on the

customary compensation charged by comparably skilled practitioners in the Chapter 7 and 11

Cases and comparable bankruptcy and non-bankruptcy cases in a competitive national legal

market.

34.     In the course of preparing this Amended Fifth Application, Windels Marx discovered that in its Fourth Application for an order allowing and awarding interim compensation, as filed with the Court on November 19, 2010 (the "Fourth Application"), the 10% agreed-to discount in billing rates was not applied to the time entries for certain of its professionals and paraprofessionals, resulting in an overstatement of $39,796.50 of fees. Accordingly, Windels Marx is reducing the amount it is seeking to be paid in this Amended Fifth Application by $39,796.50--or from $2,448,081.60 to 2,408,285.10--to adjust for said overstatement.   This adjustment in payment should be viewed historically as reducing the amounts sought and awarded under the Fourth Application by the sum of $39,796.50. [1]

35.     There is no agreement or understanding among the Trustee, Windels Marx or any other person, other than members of Windels Marx, for sharing of compensation to be received for services rendered in this case.

36.     This Amended Application has been prepared in accordance with the Amended Guidelines for Fees and Disbursements of Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on April 19, 1995 (the "Local Guidelines").  Pursuant to the Local Guidelines, the certification of Howard Simon, Esq. regarding compliance with the same is attached hereto as Exhibit A.

37.     Exhibit B annexed hereto provides a schedule of Windels Marx professionals and paraprofessionals who have provided services for the Debtors during the Compensation Period, the capacity in which each individual is employed by the Firm, the year in which each attorney was licensed to practice law, the hourly billing rate charged by Windels Marx for services

---

[1] Note that Windels Marx is not seeking to adjust the amount of the 20% holdback that was calculated based on the fees originally awarded pursuant to the Court's Order granting the Fourth Application.

provided by each individual and the aggregate number of hours billed by each individual. The

10% discount (as described above) is already reflected in the total amount billed.

38.     Exhibit C annexed hereto provides a schedule of the expenses for which

reimbursement is requested. The requested expenses are customarily charged to and paid by

Windels Marx's bankruptcy and non-bankruptcy clients.

39.     Exhibit D annexed hereto is a summary by task code of services performed by

Windels Marx from October 1, 2010 through January 31, 2011.

40.     Exhibit E annexed hereto is a summary by employee of the fees that were

overstated in the Fourth Application.

41.     To the extent that time or disbursement charges for services rendered or

disbursements incurred relate to the Fifth Compensation Period, but were not classified or

processed prior to the preparation of this Amended Fifth Application, Windels Marx reserves the

right to request additional compensation for such services and reimbursement of such expenses

in a future application.

### VI. WINDELS MARX'S REQUEST FOR INTERIM COMPENSATION SHOULD BE GRANTED

42.     Section 78eee(b)(5)(A) of SIPA provides in pertinent part that, upon appropriate

application and after a hearing, "[t]he court shall grant reasonable compensation for services

rendered and reimbursement for proper costs and expenses incurred ... by a trustee ..." Section

78eee(b)(5)(C) of SIPA specifically establishes SIPC's role in connection with applications for

compensation and the consideration the Court should give to SIPC's recommendation

concerning fees. That section provides as follows:

> In any case in which such allowances are to be paid by SIPC
> without reasonable expectation of recoupment thereof as provided
> in this Chapter and there is no difference between the amounts

> requested and the amounts recommended by SIPC, the court shall
> award the amounts recommended by SIPC. In determining the
> amount of allowances in all other cases, the court shall give due
> consideration to the nature, extent, and value of the services
> rendered, and shall place considerable reliance on the
> recommendations of SIPC.

43.     To the extent the general estate is insufficient to pay such allowances as an expense of administration, section 78eee(b)(5)(E) of SIPA requires SIPC to advance the funds necessary to pay the compensation of Windels Marx (see section 78fff-3(b)(2) of SIPA).

44.     Based on the allocation process set forth in SIPA, the Trustee has determined at this time that he has no reasonable expectation that the general estate will be sufficient to make any distribution to general creditors or pay any administrative expenses. That is, the Trustee believes that any assets allocated to the BLMIS general estate will be exhausted prior to his being able to reimburse SIPC fully. The Trustee has been advised by SIPC that it concurs with this belief of the Trustee. Accordingly, any fees and expenses allowed by this Court will be paid from advances by SIPC without any reasonable expectation by SIPC of recoupment thereof.

45.     Therefore, with respect to this Amended Fifth Application, Windels Marx requests that consistent with section 78eee(b)(5)(C) of SIPA, the Court "shall award the amounts recommended by SIPC." See In re Bell & Beckwith, 112 B.R. 876 (Bankr. N.D. Ohio 1990). Windels Marx expects that SIPC will file its recommendation to the Court with respect to this Amended Application prior to the hearing, currently scheduled for December 14, 2010.

46.     Windels Marx submits that the request for interim allowance of compensation made through this Amended Fifth Application is reasonable and complies with the provisions of the Bankruptcy Code governing applications for compensation and reimbursement of expenses, pursuant to section 78eee(b)(5) of SIPA.

## VII. CONCLUSION

47.     Windels Marx respectfully submits that the services rendered during the Fifth Compensation Period merit the approval of the fees and disbursements requested herein, and respectfully requests that the Court enter an Order: (i) allowing and awarding $3,060,102.00 (of which (A) 80%, or $2,448,081.60, is to be paid currently, less $39,796.50 to adjust for the error in fees described above, resulting in a total payment of $2,408,285.10, and (B) 20%, or $612,020.40, is to be deferred through the conclusion of the liquidation proceeding) as an interim payment for professional services rendered by Windels Marx during the Fifth Compensation Period, and $68,343.34 as reimbursement of the actual and necessary costs and expenses incurred by the Firm in connection with the rendition of such services; and (ii) granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       May 4, 2011

Respectfully submitted,

WINDELS MARX LANE & MITTENDORF,  LLP
*Special Counsel for Irving H. Picard, Trustee for the SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Alan Nisselson, the Chapter 7 Trustee of Bernard L. Madoff*

 /s/ Howard Simon
Howard L. Simon (hsimon@windelsmarx.com)
156 West 56th Street
New York, New York 10019
Telephone: (212) 237-1000
Facsimile: (212) 262-1215