Hearing Date: June 15, 2011
Hearing Time: 10:00 a.m.
Objection Deadline: June 8, 2011

**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com
Amy E. Vanderwal
Email: avanderwal@bakerlaw.com
Patrick T. Campbell
Email: pcampbell@bakerlaw.com

*Attorneys for Irving H. Picard, Esq.,
Trustee for the Substantively Consolidated
SIPA Liquidation of Bernard L. Madoff
Investment Securities LLC and Bernard L.
Madoff*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br><br> v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | Adv. Pro. No. 08-1789 (BRL)<br><br>SIPA Liquidation<br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | |

**NOTICE OF MOTION FOR AN ORDER PURSUANT TO SECTION 78fff(a)
OF THE SECURITIES INVESTOR PROTECTION ACT AND SECTIONS 363 AND
105(a) OF THE BANKRUPTCY CODE AUTHORIZING THE SALE OF
<u>ESTATE PROPERTY</u>**

**PLEASE TAKE NOTICE** that, pursuant to Sections 363 and 105(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* and section 78fff(a) of the Securities Protection Investor Act, 15 U.S.C. §§ 78aaa, *et seq.*, Irving H. Picard, trustee (the "Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.*, and Bernard L. Madoff, through his undersigned counsel, will move this Court (the "Motion") at the United States Bankruptcy Courthouse at One Bowling Green, New York, New York, on **June 15, 2011 at 10:00 a.m.**, for an Order authorizing the Trustee to retain an auctioneer to sell an Aston Martin automobile, title to which was previously held by Peter Madoff.

**PLEASE TAKE FURTHER NOTICE** that written objections to the Motion must be filed with the Clerk of the United States Bankruptcy Court, One Bowling Green, New York, New York 10004 by no later than **4:00 p.m. on June 8, 2011** (with a courtesy copy delivered to the Chambers of the Honorable Burton R. Lifland) and must be served upon (a) Baker & Hostetler LLP, counsel for the Trustee, 45 Rockefeller Plaza, New York, New York 10111, Attn: Marc Hirschfield, Esq. and (b) the Securities Investor Protection Corporation, 805 Fifteenth Street, NW, Suite 800, Washington, DC 20005, Attn: Kevin H. Bell, Esq.

Any objections must specifically state the interest that the objecting party has in these proceedings and the specific basis of any objection to the Motion.

Dated: New York, New York
      May 16, 2011

    By:     /s/ Marc E. Hirschfield
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Marc E. Hirschfield
Email: mhrischfield@bakerlaw.com
Amy E. Vanderwal
Email: avanderwal@bakerlaw.com
Patrick T. Campbell
Email: pcampbell@bakerlaw.com

*Attorneys for Irving H. Picard,*
*Trustee for the Substantively Consolidated*
*SIPA Liquidation of Bernard L. Madoff*
*Investment Securities LLC and Bernard L. Madoff*

2

|  |  |
|---|---|
| Hearing Date: | June 15, 2011 |
| Hearing Time: | 10:00 a.m. |
| Objection Deadline: | June 15, 2011 |

**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com
Amy E. Vanderwal
Email: avanderwal@bakerlaw.com
Patrick T. Campbell
Email: pcampbell@bakerlaw.com

*Attorneys for Irving H. Picard, Esq.,
Trustee for the Substantively Consolidated
SIPA Liquidation of Bernard L. Madoff
Investment Securities LLC and Bernard L.
Madoff*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>            Plaintiff-Applicant,<br><br>       v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>            Defendant. | Adv. Pro. No. 08-1789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>            Debtor. | |

**TRUSTEE'S MOTION FOR AN ORDER PURSUANT TO SECTION 78fff(a)
OF THE SECURITIES INVESTOR PROTECTION ACT AND SECTIONS
363 AND 105(a) OF THE BANKRUPTCY CODE AUTHORIZING THE SALE OF
ESTATE PROPERTY**

Irving H. Picard (the "Trustee"), as trustee for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"),[1] and Bernard L. Madoff ("Madoff" and together with BLMIS, the "Debtors"), by and through his undersigned counsel, for his motion (the "Motion") for entry of an order, pursuant to section 78fff(a) of SIPA and sections 363 and 105(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), authorizing the Trustee to retain an auctioneer to sell an Aston Martin automobile, title to which was previously held by Peter Madoff, as further described below, respectfully represents as follows:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction over the Motion pursuant to section 78eee(b)(4) of SIPA and the order (the "Protective Decree") entered on December 15, 2008 [Docket No. 4] by the Honorable Louis L. Stanton, United States District Judge, United States District Court for the Southern District of New York in Case No. 08 CV 10791, and 28 U.S.C. §§ 157 and 1334. Venue of this case is proper in this district pursuant to section 78eee(b)(4) of SIPA and 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 78fff(a) of SIPA, sections 363 and 105(a) of the Bankruptcy Code and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure.

---

[1] For convenience, future reference to SIPA will not include "15 U.S.C."

2

## BACKGROUND

2.  On December 11, 2008 (the "Filing Date"),[2] the Securities and Exchange Commission ("SEC") filed a complaint in the United States District Court for the Southern District of New York (the "District Court") against the Debtors (Case No. 08 CV 10791). The complaint alleged that the Debtors engaged in fraud through investment advisor activities of BLMIS.

3.  On December 15, 2008, pursuant to section 78eee(a)(4)(A) of SIPA, the SEC consented to a combination of its own action with an application of the Securities Investor Protection Corporation ("SIPC"). Thereafter, pursuant to section 78eee(a)(3) of SIPA, SIPC filed an application in the District Court alleging, *inter alia*, that BLMIS was not able to meet its obligations to securities customers as they came due and, accordingly, its customers needed the protection afforded by SIPA.

4.  On that date, the District Court entered the Protective Decree, to which BLMIS consented, which, in pertinent part:

    (i)   appointed the Trustee for the liquidation of the business of BLMIS pursuant to section 78eee(b)(3) of SIPA;

    (ii)  appointed Baker & Hostetler LLP as counsel to the Trustee pursuant to section 78eee(b)(3) of SIPA; and

    (iii) removed the case to this Court pursuant to section 78eee(b)(4) of SIPA.

5.  At a plea hearing (the "Plea Hearing") on March 12, 2009 in the criminal action filed against him by the United States Attorney's Office for the Southern District of New York, Madoff pled guilty to an 11-count criminal information, which counts included securities fraud,

---

[2] Section 78*lll*(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78*lll*(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is December 11, 2008.

3

money laundering, theft and embezzlement. At the Plea Hearing, Madoff admitted that he "operated a Ponzi scheme through the investment advisory side of [BLMIS]." (Plea Hr'g Tr. at 23:14-17.) On June 29, 2009, Madoff was sentenced to a term of imprisonment of 150 years.

6. On April 13, 2009, an involuntary bankruptcy petition was filed against Madoff. On June 9, 2009, this Court entered an order substantively consolidating the Chapter 7 estate of Madoff into the BLMIS SIPA proceeding.

7. The Trustee's investigation into the fraud at BLMIS has revealed that in March and May 2008, Madoff Securities International Limited ("MSIL") transferred by wire £135,000 (approximately US$267,219.00) to the Aston Martin company to buy a 1958 Aston Martin MK III Drop Head Coupe (the "Aston Martin") for Peter Madoff. The books and records of BLMIS indicate that the majority, if not all, of these funds originated from BLMIS. The Aston Martin was delivered to Peter Madoff's Palm Beach, Florida residence, and registered in his name. Peter Madoff did not reimburse MSIL or BLMIS for the car.

8. On April 14, 2009, MSIL filed for Chapter 15 bankruptcy protection in the Bankruptcy Court for the Southern District of Florida. *In re Madoff Secs. Int'l Ltd.*, No. 09-16751 (Bankr. S.D.Fla. Apr. 14, 2009). That same day, the joint liquidators of MSIL (the "Joint Liquidators") filed an adversary proceeding against Peter Madoff, claiming, among other things, that he was unjustly enriched by way of receipt, retention and use of the Aston Martin. *Akers v. Madoff*, No. 09-16751 (Bankr. S.D.Fla. Apr. 14, 2009). On May 8, 2009, both the Chapter 15 bankruptcy proceeding and the adversary proceeding against Peter Madoff were transferred to the Bankruptcy Court for the Southern District of New York. *In re Madoff Secs. Int'l Ltd.*, No. 09-12998 (Bankr. S.D.N.Y. May 8, 2009); *Akers v. Madoff*, Adv. Pro. No. 09-01186 (Bankr. S.D.N.Y. May 8, 2009).

9. Recently, the Trustee and the Joint Liquidators agreed that the Trustee would arrange for the sale of the Aston Martin, with the proceeds placed in a bank account maintained by the Trustee for ultimate dissemination to the victims of Madoff's fraud. This agreement is consistent with the terms of the Joint Litigation Agreement approved by this Court by Order dated December 7, 2010, which provided that the Trustee would assume responsibility for the recovery of the Aston Martin and that any proceeds and expenses from the sale of the Aston Martin would be on account of the BLMIS estate. The U.S. Attorney's Office for the Southern District of New York has indicated that it has no objection to the sale.

10. Peter Madoff transferred ownership of the Aston Martin to the Trustee, which transfer formally occurred on May 4, 2011. Because the car was stored at Peter Madoff's Palm Beach, Florida residence, which was scheduled for sale on May 6, 2011, the Trustee sought a full service auctioneer with the capability of arranging for transport and storage of the Aston Martin in short order.

11. After considering a number of auctioneers, the Trustee identified RM Auctions Inc. ("RM") as the appropriate entity to facilitate the transport, storage, repair and sale of the Aston Martin. RM is one of the largest auctioning companies that specializes in the sale of vintage sports cars. RM has agreed to include the Aston Martin in the Monterey Auction in Monterey, California which will be held in August 2011 (the "Monterey Auction"). The Monterey Auction is an annual event geared toward the auction of vintage sports cars and is usually attended by 2500 to 3500 people. Placement in the Monterey Auction includes a listing of the Aston Martin in RM's Monterey Auction catalogue, thus providing a large potential market for the sale of the car. Because the Trustee was required to take possession of the Aston Martin prior to the closing of the sale of Peter Madoff's Palm Beach, Florida residence, RM is currently in possession of the Aston Martin.

5

12. The estimated expenses associated with the sale total approximately $6,300, not including the cost of any necessary pre-auction repairs to the Aston Martin. In addition, RM is entitled to receive a 5% sales commission (which amount has been discounted at the Trustee's request from RM's usual 7% commission).

**RELIEF REQUESTED**

13. The Trustee requests entry of an Order, substantially in the form of Exhibit A attached hereto, authorizing the Trustee to (i) retain RM to transport, store, repair and sell the Aston Martin at auction; and (ii) to execute any necessary documents to implement the foregoing.

**BASIS FOR RELIEF REQUESTED**

A. SIPA requires the liquidation of the Debtors' business.

14. Section 78fff(a) of SIPA outlines the purposes of a SIPA liquidation and provides in relevant part that: "[t]he purposes of a liquidation proceeding under this chapter shall be . . . (4) to liquidate the business of the debtor." Thus, the Trustee has an affirmative duty to liquidate and wind-down the business operations of the Debtors, including the sale of the Aston Martin.

15. Pursuant to section 78fff-1(a)(1), SIPC has approved the Trustee's retention of RM. In addition, SIPC is in favor of the sale of the Aston Martin.

B. The sale of the Aston Martin is in accordance with sections 363 and 105 of the Bankruptcy Code and should be authorized.

16. Sections 363 and 105 of the Bankruptcy Code apply to liquidations under SIPA. *See* 15 U.S.C. § 78fff(b) ("a liquidation proceeding shall be conducted in accordance with, and as though it were being conducted under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11."). Section 363 permits a trustee to "use, sell or lease, other than in the ordinary course of business, property of the estate…" 11 U.S.C. § 363(b). Section 105(a) of the

Bankruptcy Code authorizes the court to enter any order necessary or appropriate to carry out the provisions of the Code. 11 U.S.C. § 105(a).

17. The Trustee believes, in accordance with his sound business judgment, that the retention of RM to facilitate the sale of the Aston Martin will allow the Trustee to maximize the value obtained for the car and will increase the assets of the estate available for distribution to creditors. RM is an expert in the sale of vintage cars and, through the Monterey Auction, has the ability to expose the Aston Martin to a broader market than would otherwise be available. The Trustee submits that the expenses associated with the sale are reasonable given the potential benefit to the estate.

18. Finally, the sale of the Aston Martin by the Trustee is in accordance with the terms of the Joint Litigation Agreement approved by this Court and is a further example of the Trustee and the Joint Liquidators working together to maximize recoveries for the victims of Madoff's fraud.

19. Accordingly, the Trustee submits that authority exists for the Court's approval of the retention of RM and the sale of the Aston Martin pursuant to sections 363 and of the Bankruptcy Code and such sale should be authorized by this Court.

## NOTICE

20. Notice of this Motion will be provided by U.S. mail, postage prepaid, or email to (i) SIPC; (ii) the SEC; (iii) the Internal Revenue Service; (iv) and the United States Attorney's Office for the Southern District of New York. The Trustee shall also serve, via the ECF filing that will be made, each person or entity that has filed a notice of appearance in this case. The Trustee submits that no other or further notice need be given.

7

300160942

**WHEREFORE**, the Trustee respectfully requests that the Court (a) enter an order substantially in the form attached hereto as Exhibit A, granting the relief requested herein; and (b) grant such other and further relief to the Trustee as the Court deems proper.

Dated: New York, New York  
      May 16, 2011

    */s/ Marc E. Hirschfield*  
Baker & Hostetler LLP  
45 Rockefeller Plaza  
New York, New York 10111  
Telephone: (212) 589-4200  
Facsimile: (212) 589-4201  
David J. Sheehan  
Email: dsheehan@bakerlaw.com  
Marc E. Hirschfield  
Email: mhirschfield@bakerlaw.com  
Amy E. Vanderwal  
Email: avanderwal@bakerlaw.com  
Patrick T. Campbell  
Email: pcampbell@bakerlaw.com

*Attorneys for Irving H. Picard, Esq., Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*