BLITMAN & KING LLP
Jennifer A. Clark, Esq.
Jonathan M. Cerrito, Esq.
Brian J. LaClair, Esq.
Franklin Center, Suite 300
443 North Franklin Street
Syracuse, New York 13204-5412
Telephone:   (315) 422-7111
Facsimile:   (315) 471-2623
Email:       jaclark@bklawyers.com
             jmcerrito@bklawyers.com
             bjlaclair@bklawyers.com

*Attorneys for Bricklayers and Allied Craftsmen Local 2 Annuity Fund, Bricklayers and Allied Craftworkers Local 2, Albany, New York, Health Benefit Fund, Building Trade Employers Insurance Fund, Central New York Laborers' Annuity Fund, Central New York Laborers' Health and Welfare Fund, Central New York Laborers' Pension Fund, Central New York Laborers' Training Fund, Engineers Joint Welfare Fund, Engineers Joint Training Fund, International Brotherhood of Electrical Workers Local Union No. 43 and Electrical Contractors Pension Fund, International Brotherhood of Electrical Workers Local No. 43 and Electrical Contractors Welfare Fund, I.B.E.W. Local 241 Welfare Benefits Fund, I.B.E.W. Local 910 Welfare Fund, Laborers' Local 103 Annuity Fund, Laborers' Local 103 Welfare Fund, New York State Lineman's Safety Training Fund, Oswego Laborers' Local No. 214 Pension Fund, Plumbers, Pipefitters and Apprentices Local No. 112 Health Fund, Roofers' Local 195 Annuity Fund, Roofers' Local 195 Health & Accident Fund, Syracuse Builders Exchange, Inc./CEA Pension Plan, Service Employees Benefit Fund, Service Employees Pension Fund of Upstate New York, and Local 73 Retirement Fund.*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

| | | |
|---|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | : | |
| Plaintiff, | : | Adversary Proceeding |
| — *versus* — | : | No. 08-01789 (BRL) |
| BERNARD L. MADOFF INVESTMENT SECURITIES, LLC, | : | SIPA Liquidation (Substantively Consolidated) |
| Defendant | : | |

---

| | |
|---|---|
| In re BERNARD L. MADOFF, | : |
| Debtor | : |

---

**SUPPLEMENT TO OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM**

Bricklayers and Allied Craftsmen Local 2 Annuity Fund, Bricklayers and Allied Craftworkers Local 2, Albany, New York, Health Benefit Fund, Building Trade Employers Insurance Fund, Central New York Laborers' Annuity Fund, Central New York Laborers' Health and Welfare Fund, Central New York Laborers' Pension Fund, Central New York Laborers' Training Fund, Engineers Joint Welfare Fund, Engineers Joint Training Fund, International Brotherhood of Electrical Workers Local Union No. 43 and Electrical Contractors Pension Fund, International Brotherhood of Electrical Workers Local No. 43 and Electrical Contractors Welfare Fund, I.B.E.W. Local 241 Welfare Benefits Fund, I.B.E.W. Local 910 Welfare Fund, Laborers' Local 103 Annuity Fund, Laborers' Local 103 Welfare Fund[1], New York State Lineman's Safety Training Fund, Oswego Laborers' Local No. 214 Pension Fund, Plumbers, Pipefitters and Apprentices Local No. 112 Health Fund, Roofers' Local 195 Annuity Fund, Roofers' Local 195 Health & Accident Fund, Syracuse Builders Exchange, Inc./CEA Pension Plan, Service Employees Benefit Fund, Service Employees Pension Fund of Upstate New York, and Local 73 Retirement Fund (collectively "Objectors"), by and through their undersigned counsel, as and for their Objection to the Trustee's Determination of Claim regarding the SIPC Benefit Claims filed by Objectors, respectfully represent as follows:

### I.    Procedural History

1.    Objectors timely filed the following Customer Claims ("Claims") against the estate of Bernard L. Madoff Investment Securities ("BLMIS") under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa-78lll:

Investor                                                                                                           Claim No.

---

[1] Effective December 31, 2010, Laborers' Local 103 Annuity Fund and Laborers' Local 103 Welfare Fund merged with Rochester Laborers' Annuity Fund and Rochester Laborers' Welfare Fund, respectively, and Rochester Laborers Annuity Fund and Rochester Laborers Welfare Fund are the successor and surviving employee benefit funds.

2

| | |
|---|---|
| Bricklayers and Allied Craftsmen Local 2 Annuity Fund | 006062 |
| Bricklayers and Allied Craftworkers Local 2, Albany, New York Health Benefit Fund | 006061<br>006003 |
| Building Trade Employers Insurance Fund | 005165 |
| Central New York Laborers' Annuity Fund | 005075 |
| Central New York Laborers' Health and Welfare Fund | 005163<br>005160 |
| Central New York Laborers' Pension Fund | 005070 |
| Central New York Laborers' Training Fund | 005076 |
| Engineers Joint Welfare Fund (2 denials received) | 005572<br>005559 |
| Engineers Joint Training Fund | 005573 |
| International Brotherhood of Electrical Workers Local Union No. 43 and Electrical Contractors Pension Fund | 005837 |
| International Brotherhood of Electrical Workers Local Union No. 43 and Electrical Contractors Welfare Fund | 005836 |
| I.B.E.W. Local 241 Welfare Benefits Fund | 005468 |
| I.B.E.W. Local 910 Welfare Fund | 005415 |
| Laborers' Local 103 Annuity Fund | 005966 |
| Laborers' Local 103 Welfare Fund | 005975 |
| New York State Lineman's Safety Training Fund | 005003 |
| Oswego Laborers' Local 214 Pension Fund | 006284 |
| Plumbers, Pipefitters and Apprentices Local No. 112 Health Fund | 005503 |
| Roofers' Local 195 Annuity Fund | 004333 |
| Roofers' Local 195 Health & Accident Fund | 004332 |

| | |
|---|---|
| Syracuse Builders Exchange, Inc./CEA Pension Plan | 005164 |
| Service Employees Benefit Fund | 005574 |
| Service Employees Pension Fund of Upstate New York | 006161 |
| Local 73 Retirement Fund | 005463 |

Suppl. Affidavit of Jennifer A. Clark in Supp. of Suppl. Obj., Ex. A.

2.  On December 8, 2009, Irving H. Picard, trustee for the substantively consolidated liquidation of BLMIS ("Trustee"), issued to each Objector a "Notice of Trustee's Determination of Claim" denying its Claim. Each such notice stated:

> Based on a review of available books and records of BLMIS by the Trustee's staff, you did not have an account with BLMIS. Because you did not have an account, you are not a customer of BLMIS under SIPA as that term is defined at 15 U.S.C. § 78lll (2). Accordingly, your Claim for securities and/or a credit balance is DENIED.

Clark Aff., Ex. B.

3.  Objectors timely objected to the Trustee's denial of their Claims. See Dkt. No. 1923. Objectors submitted a memorandum of law in opposition to the Trustee's June 11, 2010 motion to confirm the denials. See Dkt. 2552. At the motion hearing on October 19, 2010, the Trustee withdrew its motion with respect to Objectors. For the additional reasons outlined below, the Trustee improperly denied Objectors' Claims.

## II.    Background

4.  Objectors are Taft-Hartley pension and benefit plans governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1461. Clark Aff., Ex. A (see attached resolutions); Ex. C.

4

5. Objectors entrusted their ERISA plan assets to BLMIS through Andover Associates LP ("Andover") or Beacon Associates LLC ("Beacon"), or both.

6. Objectors that entrusted their ERISA plan assets to BLMIS through Andover are Bricklayers and Allied Craftsmen Local 2 Annuity Fund; Bricklayers and Allied Craftworkers Local 2, Albany, New York, Health Benefit Fund; Central New York Laborers' Health and Welfare Fund; Central New York Laborers' Training Fund; and Roofers' Local 195 Annuity Fund. Clark Aff. Ex. D at 6 (listing Objectors as "Participating Plans"). Those Objectors entrusted their ERISA plan assets to Andover pursuant to the terms of a Confidential Offering Memoranda dated June 2, 2008. Clark Aff. Ex. E.

7. Objectors that entrusted their ERISA plan assets to BLMIS through Beacon are: Bricklayers and Allied Craftworkers Local 2, Albany, New York, Health Benefit Fund; Building Trade Employers Insurance Fund; Central New York Laborers' Annuity Fund; Central New York Laborers' Health and Welfare Fund; Central New York Laborers' Pension Fund; Engineers Joint Welfare Fund; Engineers Joint Training Fund; International Brotherhood of Electrical Workers Local Union No. 43 and Electrical Contractors Pension Fund; International Brotherhood of Electrical Workers Local No. 43 and Electrical Contractors Welfare Fund; I.B.E.W. Local 241 Welfare Benefits Fund; I.B.E.W. Local 910 Welfare Fund; Laborers' Local 103 Annuity Fund; Laborers' Local 103 Welfare Fund; New York State Lineman's Safety Training Fund; Oswego Laborers' Local No. 214 Pension Fund; Plumbers, Pipefitters and Apprentices Local No. 112 Health Fund; Roofers' Local 195 Health & Accident Fund; Syracuse Builders Exchange, Inc./CEA Pension Plan; Service Employees Benefit Fund; Service Employees Pension Fund of Upstate New York; and Local 73 Retirement Fund. Clark Aff. Ex. D at 17, 27-28(listing Objectors as "Participating Plans"). Those Objectors entrusted their

5

ERISA plan assets to Beacon pursuant to Offering Memoranda dated August 9, 2004.  Clark Aff. Ex. F.

8.    Taft-Hartley pension and benefit plans governed by ERISA held more than 25% of the equity interest of Andover and Beacon.  Clark Aff., Ex. E at 38; Ex. F, Doc. 96-6 at 16[2]; Ex. G.

9.    Under ERISA and applicable regulations, "in the case of [an ERISA] plan's investment in an equity interest of an entity . . . [the ERISA plan's] assets include both the equity interest and an undivided interest in each of the underlying assets of the entity," so long as ERISA plans hold 25% or more of the entity's equity interest.  29 U.S.C. §1002(42); 29 C.F.R. § 2510.3-101.

10.   As such, the underlying assets of Andover and Beacon are ERISA plan assets, not property of those entities, and Objectors held both their respective equity interest and an undivided interest in each of the underlying assets of Andover and/or Beacon.  According to the Andover and Beacon Offering Memoranda, "the underlying assets of the Company will continue to be deemed to be plan assets of the investing ERISA Plans and Individual Retirement Funds."  Clark Aff., Ex. E at 38; Ex. F, Doc. 96-6 at 16.  Importantly, ERISA acknowledges that plan assets continue to be held in trust regardless of the name under which a broker or dealer hold such securities.  29 C.F.R. § 2550.403a-1(a) and (b).  Specifically, even where securities are held by a broker or dealer in the "name of a nominee or in street name," such assets continue to be held in trust on behalf of the ERISA plan.  29 C.F.R. § 2550.403a-1(b).

11.   Under ERISA and applicable regulations, all assets of an ERISA plan shall be held in trust.  See 29 U.S.C. § 1103; 29 C.F.R. 2550.403a-1.  As such, Andover and Beacon held their underlying assets in trust for the Objectors.

---

[2] Citations to Exhibit F will include references to ECF document and page numbers.

6

12. Andover and Beacon are fiduciaries of Objectors. According to the Offering Memoranda, "[s]ince the assets of the Company are, and are expected to continue to be deemed to be, Plan Assets, the Managing Member is, and will continue to be, a fiduciary with respect to that portion of each investing ERISA Plan and Individual Retirement Fund that is invested in the Company." Clark Aff., Ex. E at 38; Ex. F, Doc. 96-6 at 16.

13. Andover and Beacon were acting on behalf and as fiduciaries of Objectors when they entrusted Objectors' ERISA plan assets with BLMIS for the purpose of purchasing securities.

14. Under ERISA and applicable regulations, BLMIS held Objectors' ERISA plan assets in trust. See 29 U.S.C. § 1103; 29 C.F.R. 2550.403a-1. Further, by virtue of holding their ERISA plan assets in trust and exercising authority and control over such assets, BLMIS was an ERISA fiduciary with respect to Objectors. See 29 C.F.R. § 2510.3-101(a)(2).

15. As such, BLMIS held Objectors' ERISA plan assets in trust and was a fiduciary of Objectors.

### III. Basis for Objection

16. The Trustee improperly denied Objectors' Claims because Objectors were in fact "customers" of BLMIS as that term is defined under Section 78lll(2) if SIPA.

17. Section 78lll(2) provides as follows:

> The term "customer" of a debtor means any person (including any person with whom the debtor deals as principal or agent) who has a claim on account of securities received, acquired, or held by the debtor in the ordinary course of its business as a broker or dealer from or for the securities accounts of such person for safekeeping, with a view to sale, to cover consummated sales, pursuant to purchases, as collateral security, or for purposes of effecting transfer. The term "customer" includes any person who has a claim against the debtor arising out of sales or conversions of such securities, and <u>any person who has deposited cash with the debtor for the purpose of purchasing securities</u> . . . .

7

15 U.S.C. § 78lll(2) (emphasis added).

A.  **Objectors Entrusted Cash With BLMIS**

18.  The statutory definition of "customer" plainly includes "any person who has deposited cash with the debtor for the purpose of purchasing securities."  15 U.S.C. § 78lll(2).

19.  Indeed, "[t]he critical aspect of the 'customer' definition is the entrustment of cash or securities to the broker-dealer for the purpose of trading securities."  Appleton v. First Nat'l Bank of Ohio, 62 F.3d 791, 801 (6th Cir. 1995); see In re New Times Sec. Servs., Inc., 463 F.3d 125, 128 (2d Cir. 2006) (quoting preceding passage from Appleton); SEC v. Kenneth Bove & Co., 378 F. Supp. 697, 699 (S.D.N.Y. 1974) ("The circumscribed class of customers protected under the Act [includes] those persons who have 'entrusted' property to the Debtor . . . ."); In re Old Naples Secs., Inc., 223 F. 3d 1296, 1300 (11th Cir. 2000) ("'Customers' include those who have entrusted securities to the brokerage in the ordinary course of its business and those who have deposited cash with the brokerage for the purpose of purchasing securities.").

20.  In SIPC v. Morgan Kennedy & Co., 553 F.2d 1314 (2d Cir. 1976), the court emphasized that the definition of "customer" is reserved for situations where the broker held property of the claimant and the claimant "'entrusted securities [or cash] to a broker for some purpose connected with participation in the securities market.'"  Id. at 1317 (quoting SEC v. F.O. Baroff Co., 497 F.2d 280, 284 (2d Cir. 1974)).  In holding that the trustees of an ERISA plan— the body with responsibility for making investments—was the "customer," as opposed to the participants and beneficiaries who did not have investment responsibility, the Morgan Kennedy court reasoned that the broker never held the individual beneficiaries' property but instead held property, in trust, of the ERISA plan.  Id. at 1318; see SEC v. Bove & Co., 378 F. Supp. 697

8

(S.D.N.Y. 1974) (claimants not "customers" because broker did not hold claimants' property when liquidation trustee was appointed); <u>SEC v. Seggos & Co.</u>, 416 F. Supp. 280 (S.D.N.Y. 1976) (same).

21.     "Whether a claimant 'deposited cash with the debtor,' however, does not . . . depend simply on to whom the claimant handed her cash or made her check payable, or even where the funds were initially deposited. Instead, the question is whether there was <u>'actual receipt, acquisition or possession of the property of a claimant</u> by the brokerage firm under liquidation.'" <u>In re Old Naples</u>, 223 F.3d at 1302 (quoting <u>In re Stalvey & Assocs., Inc.</u>, 750 F.2d 464, 469 (5th Cir. 1985) (quoting <u>Kenneth Bove & Co.</u>, 378 F. Supp. at 700)) (emphasis added).

22.     Here, Objectors "deposited cash with the debtor" under Section 78lll(2) because there was "actual receipt, acquisition or possession" of their property by BLMIS. To reiterate, the underlying assets of Andover and Beacon were ERISA plan assets in which Objectors held both their respective equity interest and an undivided interest, and Andover and Beacon held Objectors' ERISA plan assets in trust. Andover and/or Beacon, acting on behalf and as a fiduciary of the Objectors, entrusted Objectors' ERISA plan assets with BLMIS for the purpose of purchasing securities and BLMIS actually received, acquired, and took possession of Objectors' ERISA plan assets. Objectors' property never lost its character as Objectors' plan assets and BLMIS received Objectors' property to be held in trust by BLMIS. <u>See</u> 29 C.F.R. § 2550.403a-1(b).

23.     Thus, Objectors are "customers" within the plain reading of Section 78lll(2).

**B.     <u>Objectors Had a Fiduciary Relationship With BLMIS</u>**

9

24. Another critical aspect of SIPA "customer" status is the fiduciary nature of the claimant's relationship with the debtor.

25. A claimant that entrusts cash to a broker-dealer for the purpose of trading securities "has a fiduciary relationship with the broker-dealer, and is entitled to the protection of the Act." Appleton, 62 F.3d at 801; see SEC v. F.O. Baroff Co., 497 F.2d 280, 284 (2d Cir. 1974) (there must be "indicia of the fiduciary relationship between a broker and his public customer . . . ."); SIPC v. Exec. Sec. Corp., 556 F.2d 98, 99 (2d Cir. 1977) (claimants were mere lenders not SIPA customers where necessary indicia of fiduciary relationship were missing); SEC v. Ambassador Church Fin./Dev. Group, Inc., 679 F.2d 608, 614 (6th Cir. 1982) ("A person who becomes a creditor of a broker in some manner which does not involve securities trading or investment is not covered. In the case of a loan of securities to a broker there are no indicia of a fiduciary relationship between the lender and the broker.").

26. Not only did Objectors have a fiduciary relationship with BLMIS by virtue of their having "deposited cash with the debtor" under Section 78lll(2), BLMIS was also an ERISA fiduciary with respect to Objectors.

27. As described above, Andover and Beacon held Objectors' ERISA plan assets in trust and were fiduciaries of Objectors. Those assets were impressed with a trust and subject to ERISA's fiduciary obligations regardless of who held them. As such, the assets did not lose their status as ERISA plan assets when they were placed in the hands of BLMIS. Like Andover and Beacon, BLMIS held Objectors' ERISA plan assets in trust and exercised authority and control over the management and disposition of those assets. Thus, BLMIS was a fiduciary of Objectors.

28. The existence of a fiduciary relationship between Objectors and BLMIS further supports the conclusion that Objectors were "customers" of BLMIS under SIPA.

### C. Account Name and Books and Records Not Dispositive of Customer Status

29. The Trustee denied Objectors' Claims because "[b]ased on a review of available books and records of BLMIS by the Trustee's staff, you did not have an account with BLMIS." Clark Aff. Ex. B.

30. While some courts have looked to the books and records of the debtor or considered the name on the account, those factors are not dispositive in determining customer status. See In re Stalvey & Assocs., Inc., 750 F.2d 464, 470 (5th Cir. 1985) (reversing bankruptcy court's finding that claimant was "customer" under Section 78lll(2) merely because his name was on the account; stating that the designation of the account constituted "a tenuous ground" for determining customer status); Ambassador Church, 679 F.2d at 614 (dismissing as irrelevant the fact that claimant "did not maintain a customer account in [its] name.").

31. Indeed, courts have held that "[c]ustomer status under SIPA is not dependent upon official documentation in the Debtor's books." In the Matter of Investors Sec. Corp., 8 B.R. 420, 426, 1980 Bankr. LEXIS 4713, at *17 (W.D. Pa. Bankr. 1980). Rather, as discussed above, the critical aspect of the "customer" definition is the fiduciary relationship between the parties and the entrustment of cash or securities to the broker-dealer for the purpose of trading securities.

32. As such, the Trustee improperly denied Objectors' Claims on the sole ground that "[b]ased on a review of available books and records of BLMIS by the Trustee's staff, you did not have an account with BLMIS."

11

**D.      Alternatively, Objectors Are Customers Under Section 78fff-3(a)(5)**

33.     Section 78fff-3(a)(5) if SIPA provides as follows:

> no advance shall be made by SIPC to the trustee to pay or otherwise satisfy any net equity claim of any customer who is a broker or dealer or bank, other than to the extent that it shall be established to the satisfaction of the trustee, from the books and records of the debtor <u>or from the books and records of a broker or dealer or bank</u>, or otherwise, that the net equity claim of such broker or dealer or bank against the debtor arose out of transactions for customers of such broker or dealer or bank . . . , in which event <u>each such customer of such broker or dealer or bank shall be deemed a separate customer of the debtor</u>.

15 U.S.C. § 78fff-3(a)(5) (emphases added).

34.     While a literal reading of that provision indicates that it applies only to customers who are "a broker or dealer or bank," the Trustee himself has admitted that it applies "where a fiduciary opens an account on a customer's behalf." <u>See</u> Tr.'s Mem. of Law. Supp. Mot. to Affirm SIPC Denials at 15 n. 9 (Dkt. No. 2411).

35.     In this case, Andover and Beacon, as fiduciaries and agents of Objectors who held their ERISA plan assets in trust, opened accounts with BLMIS for Objectors and deposited Objectors' assets for the purpose of purchasing securities.

36.     As such, the Trustee should have examined the books and records of Andover and Beacon to determine if Objectors were customers of those entities and, thus, separate customers of BLMIS under Section 78fff-3(a)(5).

37.     In any event, the text of Section 78fff-3(a)(5) clearly supports the fact that customer status does not depend on whether Objectors themselves deposited cash with BLMIS, <u>see</u> <u>In re Old Naples</u>, 223 F.3d at 1302, or whether Objectors are reflected in account name or books and records of the debtor, <u>see</u> <u>In re Stalvey</u>, 750 F.2d at 470; <u>Ambassador Church</u>, 679 F.2d at 614; <u>Investors Sec. Corp.</u>, 8 B.R. at 426.

38.     For all of the foregoing reasons, the Trustee improperly denied Objectors' Claims.

12

39. Objectors reserve all rights with respect to their Claims, including the right to amend, revise, or supplement this Objection, and to file a memorandum of law in opposition to any motion by the Trustee to confirm his denial of Objectors' Claims. Any failure to object at this stage on any procedural or substantive ground shall not be deemed a waiver of any such rights.

Dated: May 16, 2011

                                         Respectfully submitted,

                                         BLITMAN & KING LLP

                                         s/ Jennifer A. Clark
                                         Jennifer A. Clark, Esq.
                                         Bar Roll No. JC5102
                                         Jonathan M. Cerrito, Esq.
                                         Brian J. LaClair, Esq.
                                         *Attorneys for Objectors*
                                         Franklin Center, Suite 300
                                         443 North Franklin Street
                                         Syracuse, New York 13204-5412
                                         Telephone:    (315) 422-7111
                                         Facsimile:     (315) 471-2623
                                         Email:           jaclark@bklawyers.com
                                                                       jmcerrito@bklawyers.com
                                                                       bjlaclair@bklawyers.com

BJL\wpfiles\Madoff\SIPC claim\SIPC AB Obj. FINAL