# WEIL, GOTSHAL & MANGES LLP

100 FEDERAL STREET
BOSTON, MA 02110

(617) 772-8300
FAX: (617) 772-8333

AUSTIN
BUDAPEST
DALLAS
FRANKFURT
HONG KONG
HOUSTON
LONDON
MIAMI
MUNICH
NEW YORK
PARIS
PRAGUE
PROVIDENCE
SHANGHAI
SILICON VALLEY
WARSAW
WASHINGTON, D.C.

December 21, 2009

CHARLES W. ROBINS
DIRECT LINE (617) 772-8302
E-MAIL: charles.robins@weil.com

Irving H. Picard, Trustee
Bernard L. Madoff Investment Securities LLC
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111

MAY 16 2011

Re:  Bernard L. Madoff Investment Securities LLC
     Bankr. S.D.N.Y., No. 08-1789 (BRL)

Claim of Gretchen R. Dinin 2001 Trust (Acct. #1D006)

Dear Mr. Picard:

I am in receipt of your "**NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM**" dated December 11, 2009 regarding the above claim (herein the "Determination").

Following telephonic discussion of this with Brian Bash of Baker & Hostetler LLP, I wish to make the following objection.

The Determination, on page #2 (4th boldface paragraph, herein the "Carve-Out Paragraph"), contains a reservation to the claim denial in the event a "... final and unappealable court...determine[s] the Trustee['s]...interpretation of "net "equity" and its corresponding application...incorrect...[to this claim]". The interpretation of "net equity" and its "application" to this claim involves two issues.

The first issue is the use of the so-called "cash in, cash out" methodology which ignores, so-called "fictitious profits." I understand this issue is presently the subject of litigation by other claimants.

The second, which would not remain at issue if the Trustee's interpretation of the "cash in, cash out" is rejected by the courts, is whether the Trustee in the factual circumstances such as those involving this claimant, can treat the claimant as having the "cash in, cash out" hypothetical starting account balance based on a transfer from another

WEIL, GOTSHAL & MANGES LLP

Bernard L. Madoff account where the beneficial ownership of the transferor account was different from the beneficial of the claimant, transferee account. While the language of the Carve-Out Paragraph may be broad enough as written to cover this situation, it also may not. To the extent it is not I wish to maintain this objection.

In this case the Transferor account was a Trust, establish by Nathan Robins, which became irrevocable on his death and which continued for the benefit of Charlotte Robins, now also deceased. Upon the second death, the Transferor trust terminated by its terms and distributed to its beneficiaries. One beneficiary was Gretchen Robins and the other, the undersigned. Upon termination state and Federal death and estate taxes were assessed on the trust assets and each individual beneficiary was entitled to cash proceeds. Gretchen Dinin established a revocable trust and asked that her cash distribution be made to a newly established Madoff account, the claimant here. The undersigned distributed the same to a newly established account, which become the predecessor of Claimant Account #1R0209.

While in there may be some argument for treating transfers between accounts with an identity of beneficial interests as carrying with them the "cash in, cash out" methodology, if that is ultimately determined by the courts to be correct, I submit that that is not correct on the facts involving this claimant.

Accordingly, insofar as the language of the Carve-Out Paragraph may not in itself be broad enough also to reserve on this second issue, the foregoing objection is filed.

Very truly yours,

Charles W. Robins

cc: Brian Bash, Esquire, Baker & Hostetler LLP



RW/R
WEIL, GOTSHAL & MANGES
100 FEDERAL STREET
BOSTON, MA 02110

RETURN RECEIPT REQUESTED

CERTIFIED MAIL

7008 1140 0002 3219 9546

U.S. POSTAGE PAID
BOCA RATON, FL 33431
DEC 21, 09
AMOUNT $5.54
0008 1544-01

Irving H. Picard, Trustee
Bernard L. Madoff Invst. Securities
c/o Baker & Hostetler, LLP
45 Rockefeller Plaza
New York, NY 10111

10111180230 C010