Adele Silverman Rev. Trust
Adele Silverman, Trustee
3301 Bayshore Boulevard, Suite 903
Tampa, Florida 33629

Via Express Mail
September 28, 2010

The Hon. Burton R. Lifland
United States Bankruptcy Judge
c/o Clerk of the United States Bankruptcy Court for the Southern District of New York
One Bowling Green
New York, New York 10004

     Re: Written Opposition to Trustee's Determination of Claim, Bernard L. Madoff
        Investment Securities LLC In Liquidation December 11, 2008, Bankruptcy
        Case No. 08-1789 (BRL): **Claim Number 4989**

Dear Judge Lifland,

     I am trustee of the claimant Adele Silverman Rev. Trust (the "AS Trust") in the above-referenced claim number (the "claim"). I am writing in order to object to the attached September 2, 2010 rejection of the claim by SIPA Trustee Irving H. Picard ("Mr. Picard") and to request a hearing to review and reverse the rejection.

     The bases for my objection to Mr. Picard's determination include:

1) The records to which I have access for the Madoff account of the AS Trust indicate a substantially smaller negative net equity than the result indicated in Mr. Picard's rejection. While Mr. Picard's rejection letter indicates a negative net equity of $123,167.79, calculations using my records indicate a negative net equity of only $60,624.07. While this difference would still not throw the account into a positive net equity deserving of a SIPA recovery under Mr. Picard's theories, I am concerned that I cannot let this discrepancy go unchallenged because it apparently could be used in calculating other determinations by Mr. Picard, including any calculation of alleged clawback.

2) I object to Mr. Picard's Net Investment Method (the so-called "net equity" theory) and wish to preserve all rights to a recovery for the AS Trust in the event the current appeal of this court's March 1, 2010 ruling is successful. While Mr. Picard's rejection letter does note that he will adhere to the result of the appeal, I want to make certain that there has been no waiver in this particular claim number.

3) Mr. Picard's rejection also fails to consider and utilize an alternative method of evaluating the Madoff accounts that would account for the time and inflation adjusted value of deposits and withdrawals in Madoff accounts. This alternative method has been

advocated and described by the Securities and Exchange Commission as a "constant dollar" approach. It appears that Your Honor has not yet ruled on the validity of the SEC's constant dollar approach (see March 1, 2010 ruling at page 6, footnote 8). This alternative theory could cause adjustments in accounts such as the AS Trust in which initial large deposits were made more than a decade ago and withdrawals (each representing only a small portion of the account) occurred over a period of years. By my calculation, using a constant dollar approach, the equity in the AS Trust account at the time of the Madoff failure would have been a positive, rather than negative number, entitling the AS Trust account to a SIPA recovery, even accepting the net equity theory of Mr. Picard.

      I am simultaneously sending a copy of this letter to Mr. Picard. I may be contacted by the Court at the above address. Please note that I am a resident of Florida and a very senior citizen. While my resources and the resources of the AS Trust are very limited, I do reserve the right to have the AS Trust represented by counsel at any scheduled hearing. Thank you for considering this request.

                                          Respectfully yours,

                                          Adele Silverman, Trustee of Adele Silverman Rev. Trust

Cc: Irving H. Picard, Trustee
    c/o Baker & Hostetler LLP
    45 Rockefeller Plaza
    New York, New York 10111

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

## DECEMBER 11, 2008[1]

## NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

September 2, 2010

Adele Silverman, Trustee
Adele Silverman Rev. Trust
3301 Bayshore Boulevard, Suite 903
Tampa, Florida 33629

Dear Adele Silverman, Trustee:

**PLEASE READ THIS NOTICE CAREFULLY.**

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim on BLMIS Account No. 1ZB459 designated as Claim Number 4989:

Your claim for a credit balance of $1,662,498.15 and for securities is **DENIED**. No securities were ever purchased for your account.

Further, based on the Trustee's analysis, the amount of money you withdrew from your account at BLMIS (total of $639,884.87), as more fully set forth in Table 1 annexed hereto and made a part hereof, is greater than the amount that was deposited with BLMIS for the purchase of

---

[1] Section 78lll(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78lll(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

securities (total of $516,717.08). As noted, no securities were ever purchased by BLMIS for your account. Any and all profits reported to you by BLMIS on account statements were fictitious.

As reflected in Table 1, certain of the transfers into or out of your account have been adjusted. As part of the Trustee's analysis of accounts, the Trustee has assessed accounts based on a money in/money out analysis (i.e., has the investor deposited more or less than he or she withdrew from BLMIS). This analysis allows the Trustee to determine which part of an account's balance is originally invested principal and which part is fictitious gains that were fabricated by BLMIS. A customer's allowed claim is based on the amount of principal in the customer's account.

Whenever a customer requested a transfer from one account to another, the Trustee analyzed whether the transferor account had principal in the account at the time of the transfer. The available principal in the account was transferred to and credited in the transferee account. Thus, the reason that the adjusted amount of transferred deposits or withdrawals in Table 1 is less than the purported transfer amount is that the transferor account did not have sufficient principal available to effectuate the full transfer. The difference between the purported transfer amount and the adjusted transfer amount is the amount of fictitious gain that was transferred to or from your account. Under the money in/money out analysis, the Trustee does not give credit for fictitious gains in settling your allowed claim.

Since there were no profits to use either to purchase securities or to pay you any money beyond the amount that was deposited into your BLMIS account, the amount of money you received in excess of the deposits in your account ($123,167.79) was taken from other customers and given to you. Accordingly, because you have withdrawn more than was deposited into your account, you do not have a positive "net equity" in your account and you are not entitled to an allowed claim in the BLMIS liquidation proceeding. Therefore, your claim is **DENIED** in its entirety.

**On March 1, 2010, the United States Bankruptcy Court for the Southern District of New York (Lifland, J.) issued a decision which affirmed the Trustee's Net Investment Method for determining customer claims. The final resolution of this issue is expected to be determined on appeal.**

**Should a final and unappealable court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by you in having your customer claim re-determined in accordance with any such Court order.**

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after September 2, 2010, the date on which the Trustee mailed this notice.

2

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York 10004

and

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111

_____
Irving H. Picard

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

3

| DATE | TRANSACTION DESCRIPTION | AMOUNT | ADJUSTED AMOUNT |
|---|---|---|---|
| 2/26/2003 | TRANS FROM 1ZA44730 | $655,516.02 | $71,717.08 |
| 4/10/2003 | TRANS FROM 1ZA44730 | $944.70 | $0.00 |
| 9/8/2003 | CHECK | $30,000.00 | $30,000.00 |
| 7/16/2004 | CHECK | $200,000.00 | $200,000.00 |
| 7/28/2005 | CHECK | $60,000.00 | $60,000.00 |
| 5/11/2006 | CHECK | $55,000.00 | $55,000.00 |
| 7/18/2006 | CHECK | $50,000.00 | $50,000.00 |
| 10/19/2006 | CHECK | $50,000.00 | $50,000.00 |
| 9/11/2007 | TRANS FROM 1ZB46030 | $500,000.00 | $0.00 |
| **Total Deposits:** | | $1,601,460.72 | $516,717.08 |

| DATE | TRANSACTION DESCRIPTION | AMOUNT | ADJUSTED AMOUNT |
|---|---|---|---|
| 4/11/2003 | CHECK | ($16,368.09) | ($16,368.09) |
| 4/28/2003 | STOP PAYMENT | $16,368.09 | $16,368.09 |
| 4/29/2003 | CHECK | ($16,368.09) | ($16,368.09) |
| 7/8/2003 | CHECK | ($18,831.86) | ($18,831.86) |
| 10/9/2003 | CHECK | ($23,406.26) | ($23,406.26) |
| 1/8/2004 | CHECK | ($9,881.21) | ($9,881.21) |
| 4/8/2004 | CHECK | ($14,400.73) | ($14,400.73) |
| 7/7/2004 | CHECK | ($21,882.37) | ($21,882.37) |
| 10/7/2004 | CHECK | ($24,064.56) | ($24,064.56) |
| 1/7/2005 | CHECK | ($18,563.28) | ($18,563.28) |
| 4/7/2005 | CHECK | ($19,090.04) | ($19,090.04) |
| 7/7/2005 | CHECK | ($19,268.95) | ($19,268.95) |
| 10/7/2005 | CHECK | ($19,147.19) | ($19,147.19) |
| 1/9/2006 | CHECK | ($30,890.35) | ($30,890.35) |
| 4/7/2006 | CHECK | ($24,094.79) | ($24,094.79) |
| 7/10/2006 | CHECK | ($26,159.22) | ($26,159.22) |
| 10/6/2006 | CHECK | ($49,806.29) | ($49,806.29) |
| 1/8/2007 | CHECK | ($28,962.58) | ($28,962.58) |
| 4/4/2007 | CHECK | ($25,036.80) | ($25,036.80) |
| 7/6/2007 | CHECK | ($32,912.09) | ($32,912.09) |
| 10/4/2007 | CHECK | ($43,814.46) | ($43,814.46) |
| 1/8/2008 | CHECK | ($39,625.68) | ($39,625.68) |
| 4/7/2008 | CHECK | ($19,699.48) | ($19,699.48) |
| 7/7/2008 | CHECK | ($89,478.66) | ($89,478.66) |
| 10/6/2008 | CHECK | ($24,499.93) | ($24,499.93) |

4

| | | | |
|---|---|---|---|
| **Total Withdrawals:** | | ($639,884.87) | ($639,884.87) |
| | | | |
| **Total deposits less withdrawals:** | | $961,575.85 | ($123,167.79) |

5