**RANDY MORRISON BAIRD — ROBERT A. BAIRD, M.D.**

32 Belcourt Drive

Newport Beach, CA. 92660

Phone 949.721.9436   Fax 949.719.9320

email address: rsmb32@gmail.com

March 25, 2011



Bik Cheema, Esq.
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111

Re:   Objection To Trustee's Determinations of Claims for Adriana Baird UGMA, Alexis Barab UGMA, Baird Family Trust, Benita Baird, Jeffrey E. Palmer, Leonard Smith & Isabelle Smith Family Trust, Maxwell Barab UGMA, Merrily Baird, Randy Sue Morrison IRA, Randy Sue Morrison Retirement Trust, Robert Morrison DDS, Inc Defined Benefit Pension Plan, Robert Morrison, DDS, Inc – PSP, Ronald Barab, Scott Alan Sternberg & Rita Uvero Sternberg Rev. Trust, Tamarac Investment Partners, and Traci Baird

Dear Mr. Cheema,

Attached is the Objection to Trustee's Determinations of Claims on behalf of Adriana Baird UGMA, Alexis Barab UGMA, Baird Family Trust, Benita Baird, Jeffrey E. Palmer, Leonard Smith & Isabelle Smith Family Trust, Maxwell Barab UGMA, Merrily Baird, Randy Sue Morrison IRA, Randy Sue Morrison Retirement Trust, Robert Morrison DDS, Inc Defined Benefit Pension Plan, Robert Morrison, DDS, Inc – PSP, Ronald Barab, Scott Alan Sternberg & Rita Uvero Sternberg Rev. Trust, Tamarac Investment Partners, and Traci Baird.

Very Truly Yours,

*[signature]*

Randy Morrison Baird
enclosure

1

Robert A. Baird MD
General Partner,
Baird Investment Partners
32 Belcourt Drive
Newport Beach, CA 92660
Telephone: (949) 721-9467
Facsimile: (949) 719-9320
*In Pro Se*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------X

SECURITIES INVESTOR PROTECTION
CORPORATION,

          Plaintiff,  :  Adv. Pro. No. 08-01789 (BRL)

v.  :  (Substantively Consolidated)

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC

          Defendant.

----------------------------------------X

## OBJECTION TO TRUSTEE'S DETERMINATIONS OF CLAIMS

The Limited Partners of Baird Investment Partners, LP identified below (the "Partners" or "Claimants"), through their General Partner, Robert A. Baird, each hereby objects to the separate Notices of Trustee's Determination of Claim, dated November 5, 2010, and sent by Irving H. Picard (the Determination Letters") regarding the following claims (the "Claims"):

Adriana Baird UGMA, Alexis Barab UGMA, Baird Family Trust, Benita Baird, Jeffrey E. Palmer, Leonard Smith & Isabelle Smith Family Trust, Maxwell Barab UGMA, Merrily Baird, Randy Sue Morrison IRA, Randy Sue Morrison Retirement Trust, Robert Morrison DDS, Inc Defined Benefit Pension Plan, Robert Morrison, DDS, Inc – PSP, Ronald Barab, Scott Alan Sternberg & Rita Uvero Sternberg Rev. Trust, Tamarac Investment Partners, and Traci Baird.

1

Claimants respectfully represent as follows:

## BACKGROUND

1. In or about December 1998, Baird Family Trust, Benita Baird, Dolce Baird (now deceased, with successors in interest Adriana Baird, Alexis Barab, Maxwell Barab, Traci Baird), Leonard & Isabelle Smith Family Trust, Randy Sue Morrison Retirement Trust, Robert Morrison DDS, Inc PSP, and Tamarac Inv. Partners opened an account with Bernard L. Madoff Investment Securities, LLC ("BLMIS"), Account No. 1-CM555-3 (the "Account"). The Account was held in the name of Baird Investment Partners, LP ("Partnership"). BLMIS requested that Robert Baird, MD be named as the General Partner of the Partnership. The Partnership was formed for the singular purpose of investing Partners' money with BLMIS and at the insistence of BLMIS and solely for the convenience of BLMIS. Additional Partners, as listed above, joined the Partnership in the subsequent years through 2008.

2. The Partners initially directly invested their funds into the Chase bank account as required by BLMIS for credit to the Account when it was opened in 1999 and in subsequent years. At the direction of the Partners and for their sole benefit, the Partnership invested funds after the Account had been established and on one occasion, withdrew funds from the Account.

3. The Partners and the Partnership deposited Partners' funds into the Account for the purpose of purchasing securities; each Partner had the power to direct his investment in the Account.

4. For each year that the Account was in existence, each Partner paid the appropriate taxes annually on the appreciation in the Account attributable to his investment.

5. On December 11, 2008, the above-captioned liquidation proceeding was commenced against BLMIS, pursuant to Securities Investor Protection Act of 1970 ("SIPA"). See Order,

Securities and Exchange Commission v. Madoff, No. 09-10791 (S.D.N.Y. Dec. 15, 2008) (ordering relief under SIPA and transferring proceeding to the United States Bankruptcy Court for the Southern District of New York) [Docket No. 4]. Irving Picard was appointed Trustee (the "SIPC Trustee"), charged with overseeing the liquidation of BLMIS and processing customer claims pursuant to SIPA. Id.; 15 U.S.C. Section 78 fff-1(a).

6. On December 23, 2008, this Court entered an Order directing the SIPC Trustee to disseminate notice and claim forms to BLMIS customers and setting forth claims filing deadlines (the "Claims Procedures Order") [Docket No. 12].

7. The Partners and the Partnership timely submitted their respective Claims in accordance with the Claims Procedures Order by the SIPC Trustee.

8. The SIPC Trustee approved the Partnership Claims Numbers 013259 and 100307; in October 2009 the Partnership received a payment of $500,000 to satisfy in part, its claims for customer protection based on the SIPC Trustee's calculations of the Partnership's total deposits less withdrawals in the amount of $7,113,971.97.

9. On November 5, 2010, the SIPC Trustee sent the above named Partners Determination Letters denying their individual claims on the ground that each Partner did not have an account with BLMIS and is not a customer of BLMIS under SIPA.

## JOINDER TO PLEADINGS OF OTHER SIMILARLY SITUATED CUSTOMERS AND RESERVATION OF RIGHTS

10. Claimants hereby join, and fully incorporate by reference as if fully restated herein, the arguments and authority cited in the objections and briefs filed on behalf of similarly situated claimants. Any failure to object on any particular ground shall not be construed as a waiver of

3

and is without prejudice to Claimants' rights to object on such ground at a later date. Claimants reserve their rights to revise, supplement or amend this Objection.

## ARGUMENT

### The Partners are each "customers" under SIPA and are therefore entitled to up to a $500,000 SIPC coverage payment for each Partner

11.  The Partners are each a "customer" under the plain definition of "customer" contained in SIPA. Thus each Partner, in accordance with the Claim that he filed, is entitled to up to $500,000.00 in SIPC monies in accordance with his Claim, with an offset of a portion of the $500,000 payment already made by the SIPC Trustee to the Partnership, also as set forth in his Claim. 15 U.S.C. Section 78*lll*(2) ("The term 'customer' includes...any person who has deposited cash with the debtor for purpose of purchasing securities...").

12.  Distinguishing them from "Feeder Fund" investors and other so-called "indirect" investors, Claimants' identities were known to BLMIS. At the outset, BLMIS requested specific personal information about each of the first participating Partners: addresses, telephone numbers, and Social Security and Tax Payer ID numbers. Prior to the Partners' making the first deposits, as directed by BLMIS, into the BLMIS Chase Manhattan Bank account, there was no Partnership. The Partners were advised by BLMIS that the creation of a limited partnership was required for the ease and convenience of BLMIS. Subsequently, other investments were made directly by Partners into the BLMIS Chase Manhattan Bank account, including those from Partners other than the original Partners.

13.  Further, under SIPA, only two categories of persons are excluded from customer status: (i) any person with a claim arising out of transactions with a foreign subsidiary of a member of SIPC; and (ii) any person with a claim for cash or securities which can be considered part of the capital of the debtor, or which is subordinated to the claims of any or all creditors of the debtor. 15 U.S.C. Section 78*lll*(2). Investors, such as the Partners, are not included in either of those two

exceptions. Had Congress intended to exclude such investors from the definition of "customer", Congress would have done so explicitly.

14. Not including the Partners in their individual capacity would be contrary to the stated and to the intended purpose of SIPA: "to provide protection for *investors* if the broker-dealer with whom they are doing business encounters financial troubles." H.R. Rep. No. 91-1613 *reprinted at* 1970 U.S. Code Cong. & Admin. News at pp. 5254, 5255 (emphasis added). The Claimants here were investors in BLMIS. Unlike *any* Feeder Fund investors, the Partners deposited their money *directly* into the BLMIS Chase Manhattan Bank account and communicated *directly* with BLMIS. In *Mishkin v. Peat, Marwick, Mitchell & Co.*, 744 F. Supp. 531 SD New York (1990), the Court stated at page 555: "In addition to the congressional report, the remarks of the individual senators and representatives show that the intent of the statute [SIPA] was to protect individual investors from losing their investments when broker-dealers failed. The purpose of the bill was to 'protect[ investors] ... from losses because of the failure of their brokers.' 116 Cong.Rec. 40868 (1970) (statement of Sen. Muskie); *see also id.* at 40869 (statement of Sen. Bennett); *id.* at 40885 (statement of Sen. Cranston); *id.* at 40890 (statement of Sen. Proxmire); *id.* at 40901 (statement of Sen. Brooke). '[The legislation] is intended to protect the consumers and those who invest.' 116 Cong.Rec. 39346 (1970) (statement of Rep. Staggers); *see also id.* at 39352 (statement of Rep. Rostenkowski); *id.* at 39353 (statement of Rep. Anderson); *id.* at 39353-54 (statement of Rep. Rangel); *id.* at 39362 (statement of Rep. Springer)."

15. Any ambiguity in the definition of "customer," and there is none here, should be construed in favor of the Partners because "SIPA is remedial legislation. As such, it should be construed liberally to effect its purpose." *In re First State Sec. Corp.* 34 B.R. 492, 496 (Bankr. S.D. Fla. 1980) (citing *Tcherepin v. Knight*, 389 U.S. 332, 336 (1967).

## RELIEF REQUESTED

16. For the reasons set forth above, Claimants respectfully request that the Bankruptcy Court overrule the Determination Letters for each above named Partner, find that Claimants are each a "customer" within the meaning of 15 U.S.C. Section 78*lll*(2), direct that Claimants be treated by the Trustee in the same manner and grant them relief in BLMIS liquidation proceeding in accordance with each of their Claims, to the same extent as direct investors in said proceeding, and grant such other and further relief as may be just and equitable.

Dated: Newport Beach, California
       March 24, 2011

Baird Investment Partners, LP

By: _____
Robert A. Baird, MD, General Partner, on behalf of the following Partner/Claimants of Baird Investment Partners, LP:
Adriana Baird UGMA, Alexis Barab UGMA, Baird Family Trust. Benita Baird, Jeffrey E. Palmer, Leonard Smith & Isabelle Smith Family Trust, Maxwell Barab UGMA, Merrily Baird, Randy Sue Morrison IRA, Randy Sue Morrison Retirement Trust, Robert Morrison DDS, Inc Defined Benefit Pension Plan, Robert Morrison, DDS, Inc – PSP, Ronald Barab, Scott Alan Sternberg & Rita Uvero Sternberg Rev. Trust, Tamarac Inv. Partners, Traci Baird



Bik Cheema Esq.
Baker + Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111

first class

Randy Morrison Baird
32 Belcourt Drive
Newport Beach, CA 92660