# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Defendant | |

### AFFIDAVIT OF JOHN L. DECKER IN SUPPORT OF ORDER AUTHORIZING THE APPOINTMENT AND EMPLOYMENT OF STUART MAUE AS FEE AUDITOR

STATE OF MISSOURI    )
                     ) ss:
COUNTY OF ST. LOUIS  )

John L. Decker, being duly sworn, deposes and states as follows:

1. This Affidavit is submitted in support of Stuart Maue's appointment as fee auditor in the above-captioned bankruptcy proceeding.

2. This Affidavit is executed on behalf of Stuart Maue, and unless otherwise stated, it is based upon facts upon which I have personal knowledge or information and belief as set forth herein.

3.    Stuart Maue is a legal auditing and bill review firm located at 3840 McKelvey Road, St. Louis, MO, 63044, and employs licensed attorneys; however, Stuart Maue is not engaged in the practice of law.

4.    I am employed as Senior Vice President, Director of Consulting Services at Stuart Maue and have been designated to complete this Affidavit on behalf of and as an officer of Stuart Maue.

5.    I am licensed to practice law in the State of Nebraska and the State of Missouri. I am currently a member of good standing in each of these jurisdictions and am an active member of the bar of the State of Missouri.

6.    Stuart Maue has been appointed as Fee Examiner or consultant in other large complex cases including: Tribune Company, et al., Case No. 08-13141 (Bankr. D. Del.); Motors Liquidation Company, Inc., et al. Case No. 09-50026 (Bankr. S.D.N.Y.); Plumbing Holdings Corporation, et al., Case No. 09-14113 (Bankr. D. Del.); Catholic Diocese of Wilmington, Inc., Case No. 09-13560 (Bankr. D. Del.); and DBSI Inc., et al, Case No. (09-13560) (Bankr. D. Del.). The role of Fee Examiner is to act as a special consultant to the Court for professional fee and expense analysis and review to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines. Attached as Exhibit A is a summary of Stuart Maue's twenty more recent Fee Examiner appointments.

7.    In Chapter 11 cases, as Fee Examiner, Stuart Maue reviews fee applications for compliance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules of the United States Bankruptcy Court for the Southern District of New York (the "**Local Rules**"), and the United

States Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A) (the "**UST Guidelines**"). In addition, the Fee Examiner reviews fee applications for general compliance with legal precedent established by the United States Bankruptcy Court for the Southern District of New York, the United States District Court for the Southern District of New York, the Second Circuit Court of Appeals, state ethics rules, other applicable precedent, and industry standards.

        8.     Pursuant to Section 330 of the Bankruptcy Code, the Court may award professionals "reasonable compensation for actual, necessary services." *11 U.S.C. § 330(a)(1)(A)*. In evaluating the amount of reasonable compensation to be awarded, "the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." *11 U.S.C. §§ 330(a)(3)(A-F)*.

9. A fee applicant bears the burden of proof on all of the elements of a fee application, including proving that the services provided were necessary and reasonable and that the billed expenses were necessary, reasonable, and actually incurred. A fee application must comply with the format and content requirements outlined in the applicable guidelines and bankruptcy rules. Moreover, the exercise of billing judgment by attorneys is ethically mandated; it is an inherent and unavoidable component of every fee application. A fee applicant must make a good faith effort to exclude excessive, redundant or otherwise unnecessary hours from a fee request.

10. In bankruptcy cases, as Fee Examiner Stuart Maue reviews each quarterly fee application, together with the retention documents and compensation orders, and all related filings and provides a preliminary report to the applicant review and comment. The Fee Examiner then issues a final report (the "**Final Report**") with respect to each quarterly fee application and the firm's final fee application, in a format designed to opine whether the requested fees of the case professional meet the applicable standards of section 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Guidelines.

11. In the above captioned matter, the applicants for professional compensation have not filed detailed billing statements with the Bankruptcy Court. Stuart Maue's review typically includes an analysis of the individual timekeeper fee entries, the individual expense charges, and the vendor invoices for costs billed to the law firm and charged to the estate. Even without the billing detail, several areas of concern are present. The timekeeper information provided lists a significant number of attorney timekeepers who are not identified as professionals on the firm's website. The timekeeper information provided lists clerks,

4

librarians, and other non-professionals who bill hours and fees to the matter. Those activities need to be reviewed to confirm that those charges represent professional services and provide a benefit to the estate. The detail provided by the firm indicates that the firm is billing to conduct conflicts checks, oversee administrative matters, maintain files, and manage and monitor staffing needs. Those activities need to be reviewed to confirm that those charges represent professional services and provide a benefit to the estate. There are several categories of expense charges which need to be reviewed to confirm that those charges represent reasonable and necessary charges and provide a benefit to the estate.

12. If appointed as Fee Examiner in the above referenced matter, Stuart Maue would need to examine detailed billing statements, not summaries, to effectively review the fees and expenses requested. In reviewing bankruptcy fee applications, as Fee Examiner Stuart Maue reviews the following areas for compliance:

a. **Timekeepers' Roles.** The Fee Examiner reviews fee applications to determine whether the applicant is seeking compensation for fees for duplicative or unnecessary services.

b. **Meetings, Conferences, Hearings, and Other Events.** The Fee Examiner reviews time entries for meetings and conferences to determine if multiple attendees invoice for attending meetings, conferences, hearings or other events.

c. **Intraoffice Conferences.** The Fee Examiner reviews time entries for intraoffice conferences, since frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of

5

inexperienced personnel. The Fee Examiner also reviews intraoffice conferences to determine if two or more timekeepers invoiced fees associated with the same intraoffice conference, and inquires as to the purpose of multiple attendees at intraoffice conferences.

d. **Complete and Detailed Task Descriptions.** The Fee Examiner reviews each fee entry to determine whether time descriptions are sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable and necessary.

e. **Administrative Activities.** The Fee Examiner reviews time entries to determine if applicants are seeking reimbursement for activities associated with the day-to-day operations of the firm, which are considered administrative in nature and typically not allowed as overhead.

f. **Clerical Activities.** The Fee Examiner reviews each time entry to determine if applicants are seeking reimbursement for clerical activities, which are tasks that do not require legal acumen and may be effectively performed by administrative assistants, secretaries, or support personnel.

g. **Travel.** The Fee Examiner reviews fee applications to ascertain that the applicants appropriately bill time and expenses for travel.

h. **Expenses.** The Fee Examiner conducts a thorough review of all requests for reimbursement of expenses, to ensure compliance with applicable rules.

6

13.     In other bankruptcy cases in which Stuart Maue served or serves as Fee Examiner, the Fee Examiner normally finds questionable billing entries in all of the above referenced areas and typically fees are reduced after the Fee Examiner consults with the applicants and makes recommendations.

14.     In preparing this Affidavit, I have reviewed lists of parties-in-interest and retained professionals in connection with these chapter 11 cases in the court docket of the United States Bankruptcy Court for the Southern District of New York for the above referenced matter.

15.     The facts in this Affidavit as to the relationship between Stuart Maue and the parties-in-interest and the retained professionals are based on our review of the court docket of the United States Bankruptcy Court for the Southern District of New York for the above referenced matter.

16.     Insofar as I have been able to ascertain, Stuart Maue does not have any connection with any of the interested parties listed on the court docket of the United States Bankruptcy Court for the Southern District of New York for the above referenced matter, except Stuart Maue has provided legal auditing services in other bankruptcy proceedings and to other clients and, in that capacity, has audited the fees and expenses of some of the listed case professionals.

17.     Subject to this Court's approval, Stuart Maue intends to charge for its services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date services are rendered.  Stuart Maue shall be entitled to receive compensation for its services based on the following hourly rates:  Project Manager/Senior Attorney - $375.00;

Senior Legal Auditors (attorneys and accountants) - $275.00 to 350.00/hour; Computer Programmers/Consultants - $175.00/hour, and Data Control Personnel - $75.00/hour. Stuart Maue estimates and typically charges fees which approximate 2% of the total amount of fees and expenses reviewed.

18.   If appointed in the above referenced matter, Stuart Maue will maintain detailed, contemporaneous records of time and will request reimbursement for actual and necessary expenses incurred in connection with rendering its services and intends to apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this Court, the administrative order governing the payment of case professionals in these cases, and any other applicable orders entered in these cases.

19.   Neither I nor any employee or representative of Stuart Maue are related to any judge of the United States Bankruptcy Court or any attorney or other employee of the United States Trustee's Office in a manner that would render my or Stuart Maue's employment improper.

20.   Stuart Maue has not shared or agreed to share any compensation paid or to be paid with any person, other than a managing director, professional, or employee of Stuart Maue.

21.   I submit this Affidavit based upon the information available to me as of the date so executed and will promptly supplement this Affidavit should it become inaccurate or incomplete.

FURTHER AFFIANT SAYETH NOT.

Dated: May 9, 2011

_____
John L. Decker

Subscribed and sworn to before me, this 9th day of May, 2011.

_____
Beverly A. Moore
Notary Public

> BEVERLY A. MOORE
> Notary Public - Notary Seal
> State of Missouri
> Commissioned for Jefferson County
> My Commission Expires: November 05, 2012
> Commission Number: 08409154

My Commission Expires:
November 5, 2012

9

**EXHIBIT A**





Stuart Maue has participated in some of the largest bankruptcy proceedings in recent history. These bankruptcies involved the analysis of millions of dollars in fees and expenses.

**The following is a representative sample of the bankruptcy cases where Stuart Maue served as a Fee Examiner or Fee Auditor:**

- Motors Liquidation Company, et al., (GM) (Southern District of New York)
- Tribune Company, et al., (District of Delaware)
- Catholic Diocese of Wilmington, Inc. (District of Delaware)
- Plumbing Holdings Corporation, et al., (District of Delaware)
- KLCG Property, LLC (District of Delaware)
- Indalex Holding Finance, Inc. (District of Delaware)
- Merisant Worldwide Inc. (District of Delaware)
- DBSI, Inc., et al., (District of Delaware)
- Kmart Corporation (Northern District of Illinois)
- HomeBanc Mortgage Corporation, et al., (District of Delaware)
- Winn-Dixie Stores, Inc., et al., (Middle District of Florida)
- Stone & Webster, Inc., et al., (District of Delaware)
- San Jose Medical Management, Inc. (Northern District of California)
- Condor Systems, Inc. (Northern District of California)
- SonicBlue, Inc. (Northern District of California)
- Lernout & Hauspie Speech Products, N.V. (District of Delaware)
- Phar-Mor (Northern District of Ohio)
- Montgomery Ward (District of Delaware)
- Apple Orthodontix, Inc. (Southern District of Texas)
- Multicare AMC, Inc. (District of Delaware)

3840 McKelvey Road, St. Louis, MO 63044        Phone: 314.291.3030        www.stuartmaue.com