# EXHIBIT C

# Baker Hostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

March 31, 2011

Benjamin D. Pergament
direct dial: 212.589.4622
bpergament@bakerlaw.com

**VIA EMAIL AND EXPRESS MAIL**

Hélène Florand
Moisand Boutin & Associates
4 Avenue Van Dyck
75008
Paris, France

Re:   Securities Investor Protection Corporation v. Bernard L. Madoff Investment
      Securities, LLC, United States Bankruptcy Court, Southern District of New
      York, Adv. Pro. No. 08-01789 (BRL)

Dear Ms. Florand:

We are counsel to Irving H. Picard, as Trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS"), under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa et seq. ("SIPA"), and the estate of Bernard L. Madoff ("Madoff") individually. I write to respond to your letter dated March 24, 2011 regarding the Amended Notice of the Trustee's Motion for Entry of Litigation Protective Order.

Your assertion that the Trustee has improperly referenced and excerpted portions of confidential documents concerning Mr. Littaye is incorrect. The documents at issue and referenced in the Trustee's pleadings were produced by Access International Advisors Inc. and Access International Advisors LLC (together, "Access") in response to subpoenas issued by the Trustee. In June 2010, Access's US counsel, Katten Muchin Rosenman LLP ("Katten") agreed to remove the confidential designations from all documents produced by Access. While Access's lawyers at Katten purported to restrict the Trustee's use of the Access documents in foreign proceedings and to prohibit their provision to third parties outside the United States, we informed Katten, in November 2010, that we saw no basis for such purported restrictions and that the Trustee did not intend to so limit his use of documents which Access has admitted are not confidential. No further response from Katten was ever received on this matter.

With regard to the notice concerning entry of the Litigation Protective Order, please be advised that such notice was provided as a courtesy to all known defendants, regardless of whether they have been formally served yet, because we

Helene Florand
March 31, 2011
Page 2

anticipate the new Litigation Protective Order will be entered in the above-referenced main proceeding and will also be applicable to each of the related adversary proceedings, including *Picard v. UBS AG et al.*, Adv. Pro. No. 10-04285, in which Mr. Littaye is named as a defendant. The hearing on the Litigation Protective Order is now set for April 28, 2011, and the deadline for interested parties to object is April 21, 2011.

With regard to your concern that Mr. Littaye has not received service of any summons to appear before a US court, you should be aware that a copy of the summons and complaint in *Picard v. UBS AG et al.*, Adv. Pro. No. 10-04285, is in the process of being served on Mr. Littaye through official Hague Convention channels. Such service is being effected following the refusal of Mr. Littaye's lawyers at Katten to accept service on his behalf. In the event you are willing and able to accept service on behalf of Mr. Littaye, please let us know and we will be happy to provide you with a copy of the summons and complaint.

Sincerely,

Benjamin D. Pergament