Josephine Wang
General Counsel
SECURITIES INVESTOR PROTECTION
 CORPORATION
805 15TH Street, N.W., Suite 800
Washington, DC  20005
Telephone: 202-371-8300
E-mail: jwang@sipc.org

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant | |
| IN RE: | |
| BERNARD L. MADOFF, | |
| Debtor | |

## RECOMMENDATION OF THE
## SECURITIES INVESTOR PROTECTION CORPORATION
## IN SUPPORT OF APPLICATIONS OF INTERNATIONAL SPECIAL COUNSEL
## TO IRVING H. PICARD, TRUSTEE, FOR
## INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES

Nine international special counsel to Irving H. Picard, Esquire, as trustee ("Trustee") for

the substantively consolidated liquidation proceedings of Bernard L. Madoff Investment

Securities LLC ("BLMIS" or "Debtor") and Bernard L. Madoff ("Madoff"), have filed their applications ("Applications") for allowance of interim compensation under the Securities Investor Protection Act, 15 U.S.C. section 78aaa et seq. ("SIPA"). Another, whose services to the Trustee have been completed, has filed a final application ("Final Application"). Pursuant to section 5(b)(5)(C) of SIPA, 15 U.S.C. §78eee(b)(5)(C), SIPC submits this recommendation in support of the Applications and the Final Application. The grounds for this recommendation are as follows:

1.      Eight of the Applications involve the period from October 1, 2010 through January 31, 2011 ("Compensation Period"). Another Application involves the period from the date of international special counsel's appointment, November 4, 2010 through February 8, 2011. The Final Application involves the period from appointment on June 15, 2009 through the end of the Compensation Period. As detailed in the Applications and the Final Application, international special counsel have rendered a range of services to the administration of the estate during this time. The liquidation proceeding has progressed to a point where the Trustee has reviewed and issued determinations for almost all of the filed customer claims. The completion of administration will require international special counsel to assist the Trustee in (1) continuing with the marshaling of the assets of the estate; and (2) dealing with such other matters as they may be called upon to resolve.

2.      The international special counsel and the geographic locations where they represent the Trustee are: Taylor Wessing ("Taylor Wessing") (England, Wales, and other United Kingdom jurisdictions); Eugene F. Collins ("Collins") (Ireland); Higgs Johnson Truman Bodden & Co. ("Higgs") (Cayman Islands); Schiltz & Schiltz ("Schiltz") (Luxembourg); Attias & Levy ("Attias") (Gibraltar); Williams Barristers & Attorneys ("Williams") (Bermuda); Kugler

Kandestin LLP ("Kugler") (Canada); SCA Creque ("SCA") (British Virgin Islands ("BVI"));

Schifferli Vafadar Sivilotti ("SVS") (Switzerland); and Werder Vigano ("Werder")

(Switzerland).

3.      SIPC, by its staff, has carefully evaluated the Applications and Final Application

for compensation.  This has included analyzing the detailed reports of time spent and services

rendered as set forth in the applications and the exhibits thereto.  SIPC also has consulted closely

with the Trustee and his counsel (Baker & Hostetler LLP) regarding the need for the services of

international special counsel, the nature and scope of services rendered by them, and the fees and

reimbursement of costs sought by them.  The detailed reports of services reflect the following

totals of hours expended by international special counsel during the Compensation Period in the

performance of their duties: Taylor Wessing – 2,920 hours; Collins – 23.7 hours; Higgs – 312.4

hours; Schiltz – 180.7 hours; Attias – 582.2 hours; Williams – 514.6 hours; Kugler – 6.3 hours;

SCA – 271.8  hours; and Werder – 40.9 hours.  SVS did not expend any hours during the

Compensation Period.  In reviewing the Applications, SIPC considered the requirements and

standards for an application set forth in 15 U.S.C. §78eee(b)(5), the relevant sections of the

Bankruptcy Code, and the Administrative Order re Guidelines for Fees and Disbursements for

Professionals in Southern District of New York Bankruptcy Cases.  SIPC believes that the

Applications substantially comply with the applicable law and this District's Administrative

Order.

4.      Based upon an average discounted hourly rate of $519.28, Taylor Wessing asserts

the reasonable value of its discounted services is $1,516,291.40 and requests allowance of 80%

in the amount of $1,213,033.12 and reimbursement of expenses in the amount of $185,485.24

incurred from November 4, 2010 through February 8, 2011.

5.     Based on an average discounted hourly rate of $346.81, Collins asserts the reasonable value of its discounted services is $8,219.39, and requests allowance of 80% in the amount of $6,575.51, and reimbursement of expenses in the amount of $345.14 incurred from October 1, 2010 through January 31, 2011.

6.     Based upon an average discounted hourly rate of $497.63, Higgs asserts the reasonable value of its discounted services is $155,459.25, and requests allowance of 80% in the amount of $124,367.40, and reimbursement of expenses in the amount of $52,015.01 incurred from October 1, 2010 through January 31, 2011.

7.     Based upon an average discounted hourly rate of $490.24, Schiltz asserts the reasonable value of its discounted services is $88,586.25 and requests allowance of 80% in the amount of $70,869.00, and reimbursement of expenses in the amount of $18,382.90 incurred from October 1, 2010 through January 31, 2011.

8.     Based upon an average discounted hourly rate of $310.11, Attias asserts the reasonable value of its discounted services is $180,546.08 and requests allowance of 80% in the amount of $144,436.86, and reimbursement of expenses in the amount of $7,271.46 incurred from October 1, 2010 through January 31, 2011.

9.     Based upon an average discounted hourly rate of $525.00, Williams asserts the reasonable value of its discounted services is $270,163.46 and requests allowance of 80% in the amount of $216,130.76, and reimbursement of expenses in the amount of $4,582.00 incurred from October 1, 2010 through January 31, 2011.

10.     Based upon an average discounted hourly rate of $409.17, Kugler asserts the reasonable value of its discounted services is $2,577.80, and requests allowance of 80% in the

4

amount of $2,062.24, and reimbursement of expenses in the amount of $1.31 incurred from October 1, 2010 through January 31, 2011.

11.     Based upon an average discounted hourly rate of $606.78, SCA asserts the reasonable value of its discounted services is $164,923.26, and requests allowance of 80% in the amount of $131,939.17, and no reimbursement of expenses incurred from October 1, 2010 through January 31, 2011.

12.     Based upon an average discounted hourly rate of $445.78, Werder asserts the reasonable value of its discounted services is $18,232.50, and requests allowance of 80% in the amount of $14,586.00 and reimbursement of expenses in the amount of $67.71 incurred from October 1, 2010 through January 31, 2011.

13.     SVS did not render additional services for the Trustee during the Compensation Period.   SVS submitted Applications during prior Compensation Periods which the Court approved.  SVS had $3,482.00 deferred on those Applications, for which it now seeks allowance and payment.  SVS's services to the Trustee are now completed.

14.     Generally, SIPC has no objection to the allowance of such interim compensation as the Court may deem appropriate once the liquidation proceeding has progressed to a point where a customer claims process is established and operational and significant work has been performed, and upon consideration of the potential hardship to the applicant.  In this liquidation proceeding, a customer claims process has been established and is operational and significant work has been performed.

15.     Section 5(b)(5)(A) of SIPA, 15 U.S.C. § 78eee(b)(5)(A), provides that the Court shall "grant reasonable compensation for services rendered... by a trustee, and by the attorney for such a trustee, in connection with a liquidation proceeding." SIPA § 5(b)(5)(C), 15 U.S.C. §

78eee(b)(5)(C), sets forth the standard for the Court's determination of applications for

allowances of compensation and reimbursement in SIPA cases.  The section provides:

> Whenever an application for allowances is filed pursuant to subparagraph (B),
> SIPC shall file its recommendation with respect to such allowances with the court
> prior to the hearing on such application and shall, if it so requests, be allowed
> reasonable time after such hearing within which to file a further recommendation.
> In any case in which such allowances are to be paid by SIPC without reasonable
> expectation of recoupment thereof as provided in this chapter and there is no
> difference between the amounts requested and the amounts recommended by
> SIPC, the court shall award the amounts recommended by SIPC.  In determining
> the amount of allowances in all other cases, the court shall give due consideration
> to the nature, extent, and value of the services rendered, and shall place
> considerable reliance on the recommendation of SIPC. [emphasis added]

16.    In a SIPA proceeding, administrative costs and expenses, which include trustee

and counsel fees and expenses, are to be borne by the general estate.  SIPA § 5(b)(5)(E), 15

U.S.C. § 78eee(b)(5)(E).  To the extent the estate is not sufficient; SIPC advances funds for their

payment.  SIPA §§ 5(B)(5)(E), 6(e), and 9(b)(2), 15 U.S.C. §§ 78eee(b)(5)(E), 78fff(e), and

78fff-3(b)(2).

17.    In this case, the Court has been advised that the Trustee has "no reasonable

expectation that the general estate will be sufficient to make any distribution to general creditors

or pay any administrative expenses." (Sixth Application of Trustee and Baker and Hostetler LLP

at 68, ¶196.)  Thus, any allowances for fees and expenses of international special counsel will be

paid by SIPC without any expectation of recoupment by SIPC.  Furthermore, there is no

difference between the amounts requested by international special counsel and the amounts

recommended by SIPC.  Consequently, SIPA provides that this Court shall award international

special counsel the amounts recommended by SIPC.

18.    Resolution of the matters set forth in paragraph 1 above will delay the completion

of this proceeding.  SIPC respectfully submits that an allowance of interim compensation is

appropriate at this time. An interim allowance does not involve a determination as to the actual reasonable value of the services in question. It is merely a payment on account of the final allowance and does not imply that the Court or SIPC has approved the value which special counsel have placed on their services. The amounts sought do not exceed the sums the Court might reasonably award as final compensation for the services rendered. Similarly, the payment of the amount held back on prior Applications by SVS is a reasonable award for Final Compensation for services rendered. Accordingly, SIPC supports the Applications and the Final Application.

WHEREFORE, SIPC respectfully recommends that: (1) payment of $3,482.00 sought by SVS from fees held back on its prior applications; (2) interim compensation in the amount of $1,213,033.12 sought by Taylor Wessing and reimbursement of $185,485.24 of expenses; (3) interim compensation in the amount of $6,575.51 sought by Collins and reimbursement of $345.14 of expenses; (4) interim compensation in the amount of $124,367.40 sought by Higgs and reimbursement of $52,015.01 of expenses; (5) interim compensation in the amount of $70,869.00 sought by Schiltz and reimbursement of $18,382.90 of expenses; (6) interim compensation in the amount of $144,436.86 sought by Attias and reimbursement of $7,271.46 of expenses; (7) interim compensation in the amount of $216,130.76 sought by Williams and reimbursement of $4,582.00 of expenses; (8) interim compensation in the amount of $2,062.24 sought by Kugler and reimbursement of $1.31 of expenses; (9) interim compensation in the amount of $131,939.17 sought by SCA; (10) interim compensation in the amount of $14,586.00 sought by Werder and reimbursement of $67.71 of expenses, be allowed.

Respectfully submitted,

Of Counsel:                                         s/Josephine Wang
KEVIN H. BELL                                       JOSEPHINE WANG
Senior Associate General Counsel                    General Counsel
 For Dispute Resolution                             SECURITIES INVESTOR
E-mail: kbell@sipc.org                                PROTECTION CORPORATION
                                                    805 15TH Street, N.W.
                                                    Suite 800
                                                    Washington, D.C.  20005-2215
                                                    Telephone: (202) 371-8300
                                                    Facsimile:  (202) 371-6728
                                                    E-mail: jwang@sipc.org

Date:   May 27, 2011
        Washington, D.C.