SILVER GOLUB & TEITELL LLP
David S. Golub
184 Atlantic Street
P.O. Box 389
Stamford, CT 06904
Telephone: (203) 325-4491
Facsimile: (203) 325-3769

WHATLEY DRAKE & KALLAS LLC
Joe R. Whatley, Jr.
Edith Kallas
Deborah Clark-Weintraub
1540 Broadway, 37th Floor
New York, NY 10036
Telephone: (212) 447-7070
Facsimile:  (212) 447-7077

*Attorneys for Objectors*

UNITED STATES Bankruptcy COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————x
                                                          :
SECURITIES INVESTOR PROTECTION   :    Adv. Pro. No. 08-01789 (BRL)
CORPORATION,                                      :
                                                          :
                          Plaintiff,            :
                                                          :
vs.                                                     :    SIPA Liquidation
                                                          :
BERNARD L. MADOFF INVESTMENT  :
SECURITIES LLC,                                 :
                                                          :
                          Defendant.         :
————————————————————x

## OBJECTIONS TO TRUSTEE'S DETERMINATION OF CLAIMS

Ben R. Backus, in his capacity as Trustee of the W.R. Johnson Co. Pension and Profit-Sharing Plan and f/b/o Ben R. Backus, Kimberly M. Backus, Francesco Scaturchio, Lavinia F. Zack, and David C. Johnson; Diane C. Backus; Bonnie A. Johnson, individually and as parent of D.C.J.; David S. Johnson; Jaime R. Johnson; Cory D. Johnson; Douglas H. Johnson; Jacqueline

A. Johnson; Cindy J. Schacht; Patti E. Schacht; Crescienzo J. Boccanfuso; Sophia B. Freitag; Mary Zarra, as parent of A.Z. and A.Z.; Anna Kedersha, as parent of A.K.; Gerald A. Wilson and Dennis Wilson, in their capacities as Trustees of the Midlands Surgical Associates, P.A. Profit-Sharing Plan; Gerald A. Wilson; Antona G. Wilson; Everett L. Dargan; Carol P. Dargan; Diane T. Levin; Robert Levin; Harold Murtha, in his capacity as Trustee of the Murtha Enterprises, Inc. Profit-Sharing Plan; William Sklar, in his capacity as Trustee of the Pacific Plumbing and Heating Supply Co. Profit-Sharing Plan and individually; Shirley Sklar; Joanne Verses; Margaret J. Pace; Madeline E. Corish; Betty Tarr; Margherita M. Basili, on behalf of the Margherita M. Basili Retirement Plan and individually; Dominick F. Boccanfuso; Giuseppe A. Boccanfuso; Jozef Kaczynski; Eugene G. Laychak, Jr.; Linda Laychak; Steven E. Sklar, as parent of J.K.S., K.H.S. and N.A.S.; Cynthia Schrank Kane; Justin Kane; Thomas H. Nash; Michael T. Nash; Grace A. Nash; Giuseppe C. Basili; Sol Davis, individually and as Trustee of the Sol Davis Retirement Plan; Gary S. Davis, individually and as parent of S.W.D. and J.F.D.; Jing W. Davis; David L. Davis, individually and as parent of D.L.D.; Christina M. Davis; Daniel L. Davis, individually and as parent of H.D.D.; Traci D. Davis; Samuel D. Davis; Melissa Doron, as parent of A.A.D.; Frank S. Katz; Paula S. Katz; Rita S. Katz; Bernard B. Wineberg, individually and as Executor of the Estate of Loretta D. Weinberg; Thomas R. Fitzmaurice; Marcia B. Fitzmaurice; Richard Abramowitz and Howard L. Pomerantz in their capacities as Trustees of the Abramowitz & Pomerantz, P.A. Retirement Plan and f/b/o Richard Abramowitz, Howard L. Pomerantz, Lyle M. Koenig and Teresa A. Gutierrez; Robin S. Abramowitz; Wendy Sager Pomerantz; Theresa A. Wolfe; Arnold Kohn; Peggy Kohn; Mitchell J. Rausher; Marsha H. Rausher; Eric M. Rausher; Jason M. Rausher; Maria Sianguglia; Natasha Jane Rabinovich; Alexander Rabinovich; Vladimir

Rabinovich; Maria Rabinovich; Maria Shuster; (collectively, the "Objectors"), by and through their attorneys, hereby object to the Trustee's denial of their Claims[1] for the reasons set forth below.

## BACKGROUND

1. Each of the Objectors along with hundreds of others (collectively, the "custodial account holders") entered into an arrangement under which Bernard L. Madoff Investment Securities ("BLMIS") was designated as investment manager of his or her employee benefit plan (EBP) or individual retirement account (IRA). Pursuant to this arrangement, the Objectors entered into a Custodian Agreement with Westport National Bank ("WNB"), a division of Connecticut Community Bank, N.A., pursuant to which WNB agreed to serve as the third-party custodian for his or her EBP or IRA account.[2] Each of the Objectors opened an individual custodial account at WNB into which he or she deposited funds to be invested by BLMIS. WNB established an "omnibus account" at WNB and agreed to transfer the funds deposited by each of

---

[1] As set forth below in ¶ 1, each of the Objectors entered into a custodian account agreement with Westport National Bank ("WNB") pursuant to which their retirement account funds, along with the retirement funds of over 100 additional WNB account holders, were managed by Bernard L. Madoff Investment Securities, LLC ("BLMIS"). It is Objectors' understanding that by Notice of Determination of Claim dated April 29, 2011, the Trustee denied all of the claims filed by WNB account holders, including Objectors' claims. Not all Objectors have, however, received Notice of the denial of their claim. Some of the Notices were, apparently sent by the Trustee directly to WNB, rather than to the Objectors. In some instances, the Bank has forwarded the Notices it received to the Objectors or to counsel for the Objectors. Objectors do not know why not all Objectors have received the Trustee's April 29, 2011 Notice. Because it is Objectors' belief that the Trustee likely issued a Notice of the denial of each WNB account holder's claim, Objectors are submitting this Objection even if they did not receive a Notice of Determination of Claim. A copy of the Notice of Determination of Claim sent by the Trustee to Objector Ben R. Backus is attached as Exhibit A. The Notices received by the other Objectors were worded identically.

[2] A copy of the form Custodian Agreement entered into by Objectors with WNB is attached as Exhibit B.

3

provided copies of these documents to the Objectors on or about January 16, 2009. In addition, to assist the Objectors in submitting a claim for the funds and securities held on their behalf in the bank's omnibus account at BLMIS, WNB also provided the Objectors with copies of, among other things, a "Statement In Support of Customer Claims for Funds and Securities held in the Omnibus Account entitled 'Westport National Bank Account Number 1-W0106-3-0' of Bernard L. Madoff Securities, LLC" (hereinafter the "WNB Statement"), which the bank stated it intended to file with the Trustee.[8] The WNB Statement recognized that the Objectors had individual ownership over the funds and securities in the bank's omnibus account at BLMIS.[9]

    5.    Each of the Objectors submitted a customer claim form to SIPC.

    6.    Upon information and belief, WNB also submitted a customer claim form to SIPC. It is Objectors' understanding that WNB styled its claim a "contingent" claim stating that "the funds and the securities held in the WNB Omnibus Account were held in WNB's name at BLMIS, as agent and nominee, [that] WNB [did] not own or assert a beneficial claim to any funds or securities deposited in the omnibus account[, and] . . . that the beneficial owners and not WNB [were] the appropriate parties to assert their own separate claims for monies and securities entrusted with BLMIS and to seek the protections afforded to brokerage customers afforded by [SIPA]." Accordingly, WNB asserted that each of the custodial accountholders, including the Objectors, was entitled to customer status within the meaning of 15 U.S.C. § 78lll(2) and that each custodial account holder was entitled to assert his or her own separate claim for his or her

---

[8] See Ex. C (copy of WNB's January 2009 Statement in Support of Customer Claims, provided to each Objector).

[9] Id.

5

pro rata interest in the funds and securities entrusted to BLMIS in connection with the WNB Customer Omnibus Account. Alternatively, in the event the Trustee determined that its custodial customers were not entitled to customer status, WNB asserted the contingent claim "solely as agent and nominee" for the custodial accountholders whose funds were transmitted to the banks' omnibus account at BLMIS.

7. It is Objectors' belief and understanding that on April 29, 2011, the Trustee denied each of the WNB account holders' claims and sent Notice of Trustee's Determination of Claim either to the Objectors or to WNB stating that their claims had been denied because "[b]ased on a review of the available books and records of BLMIS by the Trustee's staff, you did not have an account with BLMIS" and, therefore, "are not a customer of BLMIS under SIPA as that term is defined at 15 U.S.C. § 78*lll*(2)."[10]

8. The status of WNB's contingent claim is unknown to the Objectors. However, on December 10, 2010, the Trustee filed an adversary proceeding against WNB contending that it had received "millions of dollars in avoidable and recoverable transfers from BLMIS's fraudulent investment advisory business."

## GROUNDS FOR OBJECTIONS

9. The Trustee's determination that the Objectors were not customers of BLMIS is clearly erroneous. SIPA provides that each customer of a bank that is a customer of the debtor shall be deemed a separate customer of the debtor to the extent the bank's claim against the debtor arises out of transactions for the customers of the bank. *See* 15 U.S.C. § 78fff-3(a)(5). In this case, all of the transactions in WNB's omnibus account at BLMIS were for the custodial

---

[10] *See* Exhibit A.

6

customers of the banks, including the Objectors, not for the WNB's own account. Accordingly, each custodial customer of WNB is a customer of BLMIS within the meaning of 15 U.S.C. § 78fff-3(a)(5).

10. Moreover, the Objectors, rather than WNB, clearly possess "the required attributes for customer status under SIPA" recognized by the Second Circuit. *See Securities Investor Protection Corp. v. Morgan, Kennedy, & Co., Inc.*, 533 F.2d 1314, 1317-18 (2d Cir. 1976). The funds transmitted to BLMIS belonged to the Objectors, not WNB. The Objectors chose BLMIS to receive and invest their funds on a discretionary basis and authorized WNB to transmit the funds deposited into their custodial accounts to BLMIS for investment. As the Second Circuit instructed in *Securities Investor Protection Corp. v. Morgan, Kennedy, & Co., Inc.*, "[e]mphasis on the customer as investor and purchaser/trader has been a consistent theme in cases in this Circuit." *Id.* at 1317.

11. SIPA's legislative history supports the conclusion that the Objectors are customers as that term is defined in SIPA as it shows that "the intent of the statute was to protect individual investors from losing their investments when broker-dealers failed." *See Mishkin v. Peat, Marwick, Mitchell & Co.*, 744 F. Supp. 531, 555 (S.D.N.Y. 1990). Indeed, "[t]he ability quickly to pay off net equity claims of customers is the most important feature of SIPA." Id. at 556 (citing 116 Cong. Rec. 39353 (statement of Rep. Anderson) ("The important aspect of this provision is the prompt payment feature which avoids lengthy delay which otherwise might result if customers had to wait until the completion of the liquidation proceeding."); 116 Cong. rec. 40905 (statement of Sen. Bennett) ("The protection afforded by this bill could not be effective unless the means were given for those customers to promptly receive their securities. This is the

basic purpose of the legislation."). In this case, it is the Objectors, not the banks, who lost their investment with BLMIS and who require a speedy remedy.

## CONCLUSION

12. The Objectors reserve the right to revise, supplement, or amend this Objection, and any failure to object on a particular ground or grounds shall not be construed as a waiver of the Objectors right to object on any additional grounds. In this regard, the only ground asserted by the Trustee in denying their claims was that the Objectors were not customers of BLMIS.

14. The Objectors reserve all rights set forth in Rule 9014 including, without limitation, rights of discovery. *See* Fed. R. Bankr. P. 9014.

15. The Objectors reserve all objections as to the competence, relevance, materiality, privilege, or admissibility of evidence in any subsequent proceeding or trial of this or any other action for any purpose whatsoever.

Dated: May 27, 2011

        Respectfully submitted,

        David S. Golub
        SILVER GOLUB & TEITELL LLP
        184 Atlantic Street
        P.O. Box 389
        Stamford, Ct 06904
        Tel. (203) 325-4491
        Fac. (203) 325-3769
        dgolub@sgtlaw.com

        Joe R. Whatley, Jr.
        Edith Kallas
        Deborah Clark-Weintraub
        WHATLEY DRAKE & KALLAS LLC

        1540 Broadway, 37th Floor
        New York, NY 10036
        Tel. (212) 447-7070
        Fac. (212) 447-7077


        /s/ Joe R. Whatley, Jr.
        Joe R. Whatley, Jr.

        Attorneys for Objectors

## CERTIFICATION

I hereby certify that on May 27, 2011, the foregoing Objections to Trustee's Determination of Claims was filed electronically and served by mail on anyone unable to accept electronic filing and that a copy of the foregoing has been sent, Federal Express Overnight Delivery, this 27th day of May 2011, to:

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
Attn: Claims Department
45 Rockefeller Plaza
New York, NY 10111,

Clerk, United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004.

Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                              /s/ Joe R. Whatley, Jr.
                                              Joe R. Whatley, Jr.