# EXHIBIT C

# Part 1

**WESTPORT**
NATIONAL BANK·

*A division of*
*Connecticut Community*
*Bank, N.A.*
P. O. BOX 309
1495 POST ROAD EAST
WESTPORT, CT 06881-0309

January 16, 2009

Dear Custodial Services Customer:

This is a follow up to our letter dated December 12, 2008 concerning your Custodian Agreement with Westport National Bank, a division of Connecticut Community Bank, N.A. ("WNB"). Through your Custodian Agreement, you engaged WNB to serve as custodian for funds and securities you invested with Bernard L. Madoff Investment Securities ("BLMIS"). Pursuant to that agreement, WNB, as custodian, established an omnibus customer account entitled "Westport National Bank, Account Number 1-W0106-3-0" (the "WNB Omnibus Customer Account") with BLMIS.

On December 23, 2008, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") established **March 4, 2009** as the deadline for asserting claims against BLMIS ("Customer Claims") which are to be afforded protection under the Securities Investor Protection Act of 1970, 15 U.S.C. §§78 aaa et seq. ("SIPA").

Enclosed is a copy of the notice WNB received from the SIPA Trustee that sets forth the requirements for filing claims against BLMIS with the Bankruptcy Court. A Customer Claim Form and related Instructions are also enclosed.

To assist you in submitting a claim for funds and securities held in the WNB Omnibus Account, we have enclosed herewith the following information and documents:

- A copy of the Statement in Support of Customer Claims for Funds and Securities held in the Omnibus Account entitled "Westport National Bank Account Number 1-W0106-3-0" of Bernard Madoff Securities LLC, which we intend to file with the SIPA Trustee;

- An account statement for the WNB Omnibus Account prepared by BLMIS which purports to identify all the securities positions in the account as of November 30, 2008 (the "Final BLMIS Statement"), the last account statement or other communication received by WNB from BLMIS;

- Purchase and sale confirmations that WNB received from BLMIS that purport to document trades for the securities identified on the Final BLMIS Statement;

- Copies of your Annual Statements from WNB; and

- An Individual Account Statement prepared by WNB that specifically identifies your interest in the investments identified in the Final BLMIS Statement.

**PLEASE NOTE THAT THE DEADLINES SET FORTH IN THE ENCLOSED NOTICE ARE FIRM, INCLUDING THE DEADLINE ON MARCH 4, 2009 FOR FILING CUSTOMER CLAIMS.**

**WNB MAKES NO REPRESENTATIONS CONCERNING YOUR CLAIM, INCLUDING THE PROSPECT FOR ANY RECOVERY THEREON OR WHETHER SUCH CLAIM IS ENTITLED TO THE PROTECTIONS AFFORDED UNDER SIPA.**

**YOU SHOULD CONSULT YOUR OWN ADVISORS REGARDING YOUR INVESTMENTS WITH BLMIS AND CLAIMS IN THE ABOVE REFERENCED SIPA PROCEEDINGS COMMENCED TO LIQUIDATE BLMIS.**

Sincerely,

WESTPORT NATIONAL BANK,
a division of Connecticut Community Bank, N.A.,
solely in its capacity as Custodian

By _____
Name:  Dennis P. Clark
Title:    Vice President

Enclosures

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

SECURITIES INVESTOR PROTECTION
CORPORATION,

               Plaintiff-Applicant,

    -against-

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

             Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

Adversary Proceeding

No. 08-01789-JMP

## STATEMENT IN SUPPORT OF CUSTOMER CLAIMS ASSERTED FOR FUNDS AND SECURITIES HELD IN THE OMNIBUS ACCOUNT ENTITLED "WESTPORT NATIONAL BANK, ACCOUNT NUMBER 1-W0106-3-0" AT BERNARD L. MADOFF SECURITIES LLC

Pursuant to this Court's Order dated December 23, 2008 specifying the procedures for

filing, determination, and adjudication of claims [Docket No. 12] (the "Bar Date Order")

Westport National Bank, a division of Connecticut Community Bank, N.A., solely as custodian

("WNB"), hereby files this informational statement in support of customer claims for their funds

and securities held in an omnibus customer account at Bernard L. Madoff Investment Securities

LLC ("BLMIS") entitled **"Westport National Bank, Account Number 1-W0106-3-0"**.  WNB

does not own or assert a beneficial claim to any funds or securities deposited or held in the

omnibus account and files this informational statement solely to assist the BLMIS customers,

who do in fact beneficially own those assets, to make appropriate claims against BLMIS's estate.

In support of its statement WNB respectfully states as follows:

1.    **The Omnibus Customer Account at BLMIS Administered by WNB**.  WNB is a

division of Connecticut Community Bank, N.A. a nationally chartered bank with a principal

place of business at 1495 Post Road East, Westport, CT 06880. Upon information and belief,

PSCCI Services, Inc. ("PSCCI") is a pension consulting and actuarial firm with a principal place

of business at 1175 Post Road East, Westport, CT 06880.

2.    In or about July 1999, WNB succeeded another financial institution, Hudson United Bank

("Hudson"), as the custodian of funds and securities previously invested in an omnibus customer

account at BLMIS by certain pre-existing customers of PSCCI and BLMIS.  Upon WNB's

replacement of Hudson as custodian for this omnibus account, the account at BLMIS was

entitled:  **"Westport National Bank, Account Number 1-W0106-3-0"** (the "WNB Omnibus

Customer Account").

3.    Upon information and belief, all of these pre-existing PSCCI and BLMIS clients

(together with subsequent PSCCI and BLMIS clients, referred by PSCCI to WNB, the

"Principals") consisted either of:  (a) trustees ("Plan Trustees") of tax-qualified employee benefit

plans ("Plans") or (b) owners ("IRA Owners") of individual retirement accounts ("IRA's").

4.    WNB serves solely in a limited ministerial capacity as custodian for the WNB Omnibus

Account.  Specifically, WNB did not invest any of its own assets with BLMIS and all of the

funds and securities held by BLMIS in the WNB Omnibus Customer Account are owned

exclusively by the Principals.  Instead, WNB's duties as successor custodian with respect to the

WNB Omnibus Customer Account were restricted by its custodial agreements with the

Principals ("Custodian Agreements") to:  (a) maintaining internal records and performing the

sub-accounting for the Principals necessary to keep track of the actual ownership of the assets

2

held in the WNB Omnibus Customer Account, and (b) transmitting funds back and forth

between the Principals and BLMIS solely in accordance with the express instructions of the

Principals. In the Custodian Agreements, each Principal also specifically acknowledged and

directed that: (a) WNB had no investment discretion over the assets in the WNB Omnibus

Customer Account, (b) any funds received by WNB as custodian would be held by WNB and

transmitted to BLMIS for investment by BLMIS together with funds of other persons or entities

for whom WNB also serves as custodian, and (c) the WNB Omnibus Customer Account would

be under the name of WNB.[1]

5.    **Ownership of the Funds and Securities Held in the WNB Omnibus Customer**

**Account**. Although accounted for as a single omnibus account as far as BLMIS was concerned,

all of the funds and securities in the WNB Omnibus Customer Account at BLMIS are owned

separately by the Principals, and not WNB. For the avoidance of doubt, WNB does not control

or beneficially own, or assert a beneficial claim to or any interest in, any of the assets deposited

or held in the WNB Omnibus Account.[2] WNB is making this informational filing solely to assist

the Principals, who do beneficially own the securities and funds held by BLMIS in the WNB

Omnibus Account, to make appropriate claims in accordance with the Bar Date Order.

6.    **WNB'S Subaccounting for the Assets Held in the WNB Omnibus Customer**

**Account**. The WNB Omnibus Account was created solely for the administrative convenience of

---

[1] In addition, in the Custodian Agreements, each Principal specifically acknowledged and agreed that: (a) the Principal, and not WNB, had chosen BLMIS to receive and to invest the Principal's funds and that the Principal had not relied on WNB in choosing to give BLMIS full discretionary authority to invest their funds; (b) WNB had no authority or ability to direct or oversee in any manner the discretionary investments made by BLMIS on behalf of the Principal; (c) WNB was acting solely in a "ministerial" capacity; and (d) WNB assumed no responsibility whatsoever for the investment performance of BLMIS.

[2] To the extent that there are customer name securities in the WNB Omnibus Customer Account held in the name of "Westport National Bank, N.A.," WNB holds such securities solely as custodian for the Principals.

3

the Principals and BLMIS. In order to perform the accounting on its own books and records necessary to track the individual ownership of securities and other assets reported by BLMIS to be held in the WNB Omnibus Account, WNB used an accounting system that described each Principal's fractional share in the securities and funds purportedly held in the omnibus account as "units" in the account. In accordance with the methodology established by the predecessor custodian, each Principal's interest in any funds and securities in the WNB Omnibus Account was equal to the total number of units divided by the number of units shown for such Principal. In addition, WNB continued the practice of maintaining two internal subaccounts for assets held by: (a) Plan Trustees (BLM Fund #1) and (b) by IRA Owners (BLM Fund #2) in the WNB Omnibus Customer Account.

7.    **Documents Provided to WNB's Principals In Connection With This Proceedings**.

To assist the Principals in making appropriate claims for the funds and securities held in the WNB Omnibus Account, WNB has provided each Principal with the following:

- An account statement for the WNB Omnibus Customer Account prepared by BLMIS which purports to identify all securities positions and money balances in the account as of November 30, 2008 (the "Final BLMIS Statement"), the last account statement or other communication received by WNB from BLMIS;

- Purchase and sale confirmations that WNB received from BLMIS that purport to document trades for the securities identified on the Final BLMIS Statement (the "Final Statement Confirmations"); and

- An Individual Customer Account Statement prepared by WNB that specifically identifies each Principal's interest in the securities and cash balances purportedly held by BLMIS and identified in the Final BLMIS Statement.

To assist the SIPA Trustee in processing claims expected to be made by each of the Principals, copies of the Final BLMIS Statement and the Final Statement Confirmations are attached hereto as Exhibit A and B, respectively.

8.      **Additional Documentation.** The documents in WNB's custody that memorialize all of

the transactions which occurred in the WNB Omnibus Customer Account since WNB succeeded

Hudson in 1999 are voluminous. Those documents are available upon written request to:

>   Westport National Bank, as Custodian
>   1495 Post Road East
>   Westport, CT 06880
>   Attention: Dennis Clark

>                               **WESTPORT NATIONAL BANK, A DIVISION OF**
>                               **CONNECTICUT COMMUNITY BANK, N.A.,**
>                               **SOLELY AS SUCCESSOR CUSTODIAN**

Dated:      Westport, Connecticut
            January ___, 2008

>   By:_____
>               Richard T. Cummings, Jr.,
>               President

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

### DECEMBER 11, 2008

TO ALL CUSTOMERS OF **BERNARD L. MADOFF INVESTMENT SECURITIES LLC:**

Enclosed are the following documents concerning the liquidation of the business of Bernard L. Madoff Investment Securities LLC (the "Debtor"):

1. A Notice;
2. A Customer Claim Form with Instructions; and
3. A brochure entitled "How SIPC Protects You."

You are urged to read the enclosed documents carefully. They explain the steps you must take to protect any rights and claims you may have in this liquidation proceeding.

The Customer Claim form should be filled out by you and mailed to Irving H. Picard, Esq., Trustee for the Liquidation of the Business of Bernard L. Madoff Investment Securities LLC at: Irving H. Picard, Esq., Trustee for Bernard L. Madoff Investment Securities LLC, Claims Processing Center, 2100 McKinney Ave., Suite 800, Dallas, TX 75201. A return envelope for the completed Customer Claim form is enclosed. Please make a copy of the completed Customer Claim form for your own records.

**Your Customer Claim form will not be deemed to be filed until received by the Trustee. It is strongly recommended your claim be mailed certified mail, return receipt requested. Your return receipt will be the only document you will receive that shows your claim has been received by the Trustee.**

If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received. It is also important that you provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of any cash amounts and any securities given to the Debtor from as far back as you have documentation. You should also provide all documentation or information regarding any withdrawals you have ever made or payments received from the Debtor.

While your claim is being processed, you may be requested to file additional information or documents with the Trustee to support the validity of your claim.

It is your responsibility to report accurately all securities positions and money balances in connection with your account with the Debtor. A false claim or the retention of property to which

you are not entitled may make you liable for damages and criminal penalties. If you cannot precisely calculate the amount of your claim, however, you may file an estimated claim.

One of the purposes of the liquidation is to return securities and cash due to customers as promptly as practicable. In that connection, funds of the Securities Investor Protection Corporation may be utilized to pay valid customer claims relating to securities and cash up to a maximum amount of $500,000.00 for each customer, including up to $100,000.00 for claims for cash, as provided in the Securities Investor Protection Act of 1970, as amended ("SIPA"). The enclosed brochure provides information concerning the protection afforded by SIPA.

Customers' telephone inquiries delay the liquidation. The time of personnel who would otherwise be at work to speed the satisfaction of customers' claims is required for such calls.

Your cooperation in promptly returning the completed Customer Claim form with all supporting documentation to the Trustee is in your best interest as it will help speed the administration of the liquidation proceeding.

Dated: January 2, 2009
New York, New York

Irving H. Picard, Esq.
Trustee for the Liquidation of the
Business of Bernard L. Madoff Investment
Securities LLC

502180405

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

### DECEMBER 11, 2008

## <u>READ CAREFULLY</u>

### INSTRUCTIONS FOR COMPLETING CUSTOMER CLAIM FORM

These instructions are to help you complete the customer claim form enclosed. If Bernard L. Madoff Investment Securities LLC ("Broker") owes you cash or securities and you wish to claim them, the trustee must **receive** your claim on or before the date specified on the claim form. An improperly completed claim form will not be processed but will be returned to you and, consequently, will cause a delay in the satisfaction of your claim.

**Item 1** is to be completed if on the date shown, the Broker owed you cash or if you owed the Broker cash.

If the Broker owes money to you, please indicate the amount in the space provided [Item 1a]. If you owe the Broker money, please so indicate in the space provided [Item 1b]. If the Broker owes you securities and you wish to receive those securities without deduction, then you must enclose your check for the amount shown in Item 1c payable to "Irving H. Picard, Esq., Trustee for the Broker." **Payments not enclosed with this claim form will not be accepted by the trustee for purposes of determining what securities are to be distributed to you.**

**Item 2** deals with securities (including any options) held for you. If the Broker is holding securities for you or has failed to deliver securities to you, please indicate by checking the appropriate box under Item 2 and set forth in detail the information required with respect to the date of the transaction, the name of the security and the number of shares or face value of bonds. With respect to options, set forth number and type of options, the exercise price and expiration date, *e.g.*, 3 options [call] or [put] Xerox at 70 2x October 81. PLEASE DO NOT CLAIM ANY SECURITIES YOU ALREADY HAVE IN YOUR POSSESSION.

It would expedite satisfaction of your claim if you enclose copies of:

1.    Your last account statement;

2.  An explanation of any differences between cash balances and securities on your last account statement and cash balances and securities you claim;

3.  Purchase and sale confirmations and canceled checks covering the items referred to on your customer claim form; and

4.  Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclose, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation. You should also provide all documentation or information regarding any withdrawals you have ever made or payments received from the Debtor.

5.  Any other documentation which may assist the processing of your claim, such as correspondence, receipts, etc.  In particular, if, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.

**Items 3 through 9** must each be marked and details supplied where appropriate.

A claim form must be filed for each account.


## When To File

There are two deadlines for filing customer claims.  One is set by the bankruptcy court for customer claims and one is set by the law for all claims.

The bankruptcy court has set March 4, 2009 as the final day for filing customer claims. If your claim is received by the Trustee after March 4, 2009 but on or before July 2, 2009, your claim is subject to delayed processing and to being satisfied on terms less favorable to you.

**The law governing this proceeding absolutely bars the allowance of any claim, including a customer claim, not actually received by the trustee on or before July 2, 2009. Neither the Trustee nor SIPC has authority to grant extensions of time for filing of claims, regardless of the reason. If your claim is received even one day late, it will be disallowed.**

Please file well in advance so that there will be time to re-file if, for instance, your claim is lost in the mail.

### Where To File

The completed and signed claim form, together with supporting documents should be mailed **promptly** in the enclosed envelope to:

Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

### \*\*\*   PLEASE SEND YOUR CLAIM FORM BY CERTIFIED MAIL -  \*\*\*
### RETURN RECEIPT REQUESTED

Your claim is not filed until received by the Trustee. If the Trustee does not receive your claim, although timely mailed, you could lose all your rights against the Broker. Your return receipt will be the only document you will receive that shows your claim has been received by the Trustee.

### THIS INSTRUCTION SHEET IS FOR YOUR FILE - DO NOT RETURN

**YOU SHOULD RETAIN A COPY OF THE COMPLETED CLAIM FORM FOR YOUR RECORDS.**

# CUSTOMER CLAIM

Claim Number_____

Date Received_____

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

### DECEMBER 11, 2008

Irving H. Picard, Esq.
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

Provide your office and home telephone no.

OFFICE:_____

HOME:_____

Account Number:    1W0106
WESTPORT NATIONAL BANK
ATTN: DENNIS P CLARK V.P
1495 POST ROAD EAST
WESTPORT, CT  06880

Taxpayer I.D. Number (Social Security No.)
_____

(If incorrect, please change)

NOTE:    BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY THE ACCOMPANYING INSTRUCTION SHEET.  A SEPARATE CLAIM FORM SHOULD BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL PROTECTION AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE RECEIVED BY THE TRUSTEE ON OR BEFORE March 4, 2009.  CLAIMS RECEIVED AFTER THAT DATE, BUT ON OR BEFORE July 2, 2009, WILL BE SUBJECT TO DELAYED PROCESSING AND TO BEING SATISFIED ON TERMS LESS FAVORABLE TO THE CLAIMANT.  PLEASE SEND YOUR CLAIM FORM BY CERTIFIED MAIL – RETURN RECEIPT REQUESTED.

******************************************************************************

1.    Claim for money balances as of **December 11, 2008** :
      a.    The Broker owes me a Credit (Cr.) Balance of          $_____
      b.    I owe the Broker a Debit (Dr.) Balance of              $_____

502180406                                    1

    c.    If you wish to repay the Debit Balance,

            please insert the amount you wish to repay and

            attach a check payable to "Irving H. Picard, Esq.,

            Trustee for Bernard L. Madoff Investment Securities LLC."

            If you wish to make a payment, **it must be enclosed**

            with this claim form.             $_____

    d.    If balance is zero, insert "None."    _____

2.    Claim for securities as of **December 11, 2008**:

## PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.

                        YES          NO

    a.    The Broker owes me securities    _____    _____

    b.    I owe the Broker securities    _____    _____

    c.    If yes to either, please list below:

| Date of Transaction (trade date) | Name of Security | The Broker Owes Me (Long) | I Owe the Broker (Short) |
| --- | --- | --- | --- |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

**Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclose, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation. You should also provide all documentation or**

information regarding any withdrawals you have ever made or payments received from the Debtor.

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement. If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.

**PLEASE CHECK THE APPROPRIATE ANSWER FOR ITEMS 3 THROUGH 9.**

**NOTE:** IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION ON A SIGNED ATTACHMENT. IF SUFFICIENT DETAILS ARE NOT PROVIDED, THIS CLAIM FORM WILL BE RETURNED FOR YOUR COMPLETION.

|  |  | YES | NO |
|---|---|---|---|
| 3. | Has there been any change in your account since December 11, 2008? If so, please explain. | _____ | _____ |
| 4. | Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of the broker? | _____ | _____ |
| 5. | Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or policies of the broker? | _____ | _____ |
| 6. | Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in any way with the broker? If so, give name(s) | _____ | _____ |
| 7. | Is this claim being filed by or on behalf of a broker or dealer or a bank? If so, provide documentation with respect to each public customer on whose behalf you are claiming. | _____ | _____ |
| 8. | Have you ever given any discretionary authority to any person to execute securities transactions with or through the broker on your behalf? Give names, addresses and phone numbers. | _____ | _____ |

9.    Have you or any member of your family
ever filed a claim under the Securities
Investor Protection Act of 1970?  if
so, give name of that broker.                    _____    _____

Please list the full name and address of anyone assisting you in the
preparation of this claim form:_____
_____

If you cannot compute the amount of your claim, you may file an estimated claim.  In that
case, please indicate your claim is an estimated claim.

IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM.
CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR
IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.

THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY
INFORMATION AND BELIEF.

Date _____    Signature_____

Date _____    Signature_____

(If ownership of the account is shared, all must sign above.  Give each owner's name,
address, phone number, and extent of ownership on a signed separate sheet.  If other
than a personal account, e.g., corporate, trustee, custodian, etc., also state your capacity
and authority.  Please supply the trust agreement or other proof of authority.)

**This customer claim form must be completed and mailed promptly,
together with supporting documentation, etc. to:**

Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adversary Proceeding |
| Plaintiff-Applicant, | No. 08-01789-BRL |
| v. | |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |

## NOTICE TO CUSTOMERS AND CREDITORS OF BERNARD L. MADOFF INVESTMENT SECURITIES LLC AND TO ALL OTHER PARTIES IN INTEREST

## COMMENCEMENT OF LIQUIDATION PROCEEDING

**NOTICE IS HEREBY GIVEN** that on December 15, 2008, the Honorable Louis A. Stanton of the United States District Court for the Southern District of New York, entered an Order granting the application of the Securities Investor Protection Corporation ("SIPC") for issuance of a Protective Decree adjudicating that the customers of Bernard L. Madoff Investment Securities LLC (the "Debtor"), are in need of the protection afforded by the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"). Irving H. Picard, Esq. ("Trustee") was appointed Trustee for the liquidation of the business of the Debtor, and Baker & Hostetler LLP was appointed as counsel to the Trustee. Customers of the Debtor who wish to avail themselves of the protection afforded to them under SIPA are required to file their claims with the Trustee within sixty (60) days after the date of this Notice. Customers may file their claims up to six months after the date of this Notice; however, the filing of claims after the sixty (60) day period but within the six month period may result in less protection for the customer. Such claims should be filed with the Trustee at Irving

H. Picard, Esq., Trustee for Bernard L. Madoff Investment Securities LLC, Claims Processing Center, 2100 McKinney Ave., Suite 800, Dallas, TX 75201. **Customer claims will be deemed filed only when received by the Trustee.**

Forms for the filing of customers' claims are being mailed to customers of the Debtor as their name and addresses appear on the Debtor's books and records. Customers who do not receive such forms within seven (7) days from the date of this Notice may obtain them by writing to the Trustee at the address shown above.

Claims by broker-dealers for the completion of open contractual commitments must be filed with the Trustee at the above address within thirty (30) calendar days after December 11, 2008, that is January 12, 2009, as provided by 17 C.F.R. 300.303. **Broker-dealer claims will be deemed to be filed only when received by the Trustee.** Claim forms may be obtained by writing to the Trustee at the address shown above.

All other creditors of the Debtor must file formal proofs of claim with the Trustee at the address shown above within six (6) months after the date of this Notice. **All such claims will be deemed filed only when received by the Trustee.**

**No claim of any kind will be allowed unless received by the trustee within six (6) months after the date of this Notice.**

## AUTOMATIC STAY OF ACTIONS AGAINST THE DEBTOR

**NOTICE IS HEREBY GIVEN** that as a result of the issuance of the Protective Decree, certain acts and proceedings against the Debtor and its property are stayed as provided in 11 U.S.C. § 362 and by order of the United States District Court for the Southern District of New York entered on December 15, 2008 by the Honorable Louis A. Stanton.

## MEETING OF CREDITORS

**NOTICE IS HEREBY GIVEN** that the first meeting of customers and creditors will be held on February 20, 2009, at 10:00 a.m., at the Auditorium at the United States Bankruptcy Court, Southern District of New York, One Bowling Green, New York, New York 10004, at which time and place customers and creditors may attend, examine the Debtor, and transact such other business as may properly come before said meeting.

## HEARING ON DISINTERESTEDNESS OF TRUSTEE AND COUNSEL TO THE TRUSTEE

**NOTICE IS HEREBY GIVEN** that on February 4, 2009, at 10:00 a.m., at Courtroom 601 of the United States Bankruptcy Court, Southern District of New York, One Bowling Green, New York, New York 10004, has been set as the time and place for the hearing before the Honorable Burton R. Lifland, United States Bankruptcy Judge, of objections, if any, to the retention in office of Irving H. Picard, Esq., as Trustee, and Baker & Hostetler LLP, as counsel to the Trustee, upon the ground that they are not qualified or not disinterested as provided in SIPA § 78eee(b)(6). Objections, if any, must be filed not less than five (5) days prior to such hearing, with a copy to be served on counsel for the Trustee at Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, New York 10111, attn: Douglas E. Spelfogel, Esq., so to be received no fewer than five (5) days before the hearing.

**NOTICE IS HEREBY GIVEN** that copies of this Notice, the letter to customers, the customer claim form, and instructions as well as the SIPC brochure may be found on SIPC's

website at www.sipc.org under Proceedings/Liquidations and on the Trustee's website, www.madofftrustee.com. From time to time in the future, other updated information and notices concerning this proceeding may also be posted at SIPC's and/or the Trustee's website.


Dated: January 2, 2009
New York, New York


Irving H. Picard, Esq.
Trustee for the Liquidation of the
Business of Bernard L. Madoff Investment
Securities LLC