# EXHIBIT E

# Part 2

## COUNT SIX
## FRAUDULENT TRANSFER-NEW YORK DEBTOR AND CREDITOR LAW
## §§ 275, 278 AND/OR 279, AND 11 U.S.C. §§ 544, 550(a), AND 551
## Against WNB

84. The Trustee incorporates by reference the allegations contained in the previous paragraphs of the Complaint as if fully rewritten herein.

85. At all times relevant to the WNB Six Year Transfers, there have been one or more creditors who have held and still hold matured or unmatured unsecured claims against BLMIS that are allowable under section 502 of the Bankruptcy Code or that are not allowable only under section 502(e) of the Bankruptcy Code.

86. Each of the WNB Six Year Transfers constituted a conveyance by BLMIS as defined under DCL section 270.

87. BLMIS did not receive fair consideration for the WNB Six Year Transfers.

88. At the time BLMIS made each of the WNB Six Year Transfers, BLMIS had incurred, was intending to incur, or believed that it would incur debts beyond its ability to pay them as the debts matured.

89. As a result of the foregoing, pursuant to DCL sections 275, 278, and/or 279, sections 544(b), 550(a), and 551 of the Bankruptcy Code, and SIPA § 78fff-2(c)(3), the Trustee is entitled to a judgment against WNB: (a) avoiding and preserving the WNB Six Year Transfers, (b) directing that the WNB Six Year Transfers be set aside, and (c) recovering the WNB Six Year Transfers, or the value thereof, from WNB for the benefit of the estate of BLMIS.

## COUNT SEVEN
### FRAUDULENT TRANSFER – 11 U.S.C. §§ 548(a)(1)(A), 550(a), AND 551
### Against Silverman

90. The Trustee incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully rewritten herein.

91. Each of the Silverman Two Year Transfers was made on or within two years before the Filing Date.

92. Each of the Silverman Two Year Transfers constituted a transfer of an interest of BLMIS in property within the meaning of sections 101(54) and 548(a) of the Bankruptcy Code and pursuant to SIPA § 78fff-2(c)(3).

93. Each of the Silverman Two Year Transfers was made by BLMIS with the actual intent to hinder, delay, or defraud some or all of BLMIS's then existing or future creditors. BLMIS made the Silverman Two Year Transfers to or for the benefit of Silverman in furtherance of a fraudulent investment scheme.

94. Each of the Silverman Two Year Transfers constitute a fraudulent transfer avoidable by the Trustee pursuant to section 548(a)(1)(A) of the Bankruptcy Code and recoverable from Silverman pursuant to section 550(a) of the Bankruptcy Code and SIPA § 78fff-(2)(c)(3).

95. As a result of the foregoing, pursuant to sections 548(a)(1)(A), 550(a), and 551 of the Bankruptcy Code, the Trustee is entitled to a judgment against Silverman: (a) avoiding and preserving the Silverman Two Year Transfers, (b) directing that the Silverman Two Year Transfers be set aside, and (c) recovering the Silverman Two Year Transfers, or the value thereof, from Silverman for the benefit of the estate of BLMIS.

## COUNT EIGHT
## FRAUDULENT TRANSFER – 11 U.S.C. §§ 548(a)(1)(B), 550(a), AND 551
### Against Silverman

96.     The Trustee incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully rewritten herein.

97.     Each of the Silverman Two Year Transfers was made on or within two years before the Filing Date.

98.     Each of the Silverman Two Year Transfers constitute a transfer of an interest of BLMIS in property within the meaning of sections 101(54) and 548(a) of the Bankruptcy Code and pursuant to SIPA § 78fff-2(c)(3).

99.     BLMIS received less than a reasonably equivalent value in exchange for each of the Silverman Two Year Transfers.

100.    At the time of each of the Silverman Two Year Transfers, BLMIS was insolvent, or became insolvent as a result of the Silverman Two Year Transfers.

101.    At the time of each of the Silverman Two Year Transfers, BLMIS was engaged in a business or a transaction, or was about to engage in a business or a transaction, for which any property remaining with BLMIS was an unreasonably small capital.

102.    At the time of each of the Silverman Two Year Transfers, BLMIS intended to incur, or believed that it would incur, debts that would be beyond BLMIS's ability to pay as such debts matured.

103.    Each of the Silverman Two Year Transfers constitute a fraudulent transfer avoidable by the Trustee pursuant to section 548(a)(1)(B) of the Bankruptcy Code and recoverable from Silverman pursuant to section 550(a) and SIPA § 78fff-(2)(c)(3).

104. As a result of the foregoing, pursuant to sections 548(a)(1)(B), 550(a), and 551 of the Bankruptcy Code, the Trustee is entitled to a judgment against Silverman: (a) avoiding and preserving the Silverman Two Year Transfers, (b) directing that the Silverman Two Year Transfers be set aside, and (c) recovering the Silverman Two Year Transfers, or the value thereof, from Silverman for the benefit of the estate of BLMIS.

<div style="text-align:center">

**COUNT NINE**
**FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW**
**§§ 276, 278 AND/OR 279, AND 11 U.S.C. §§ 544, 550(a), AND 551**
**Against Silverman**

</div>

105. The Trustee incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully rewritten herein.

106. At all times relevant to the Silverman Six Year Transfers, there have been one or more creditors who have held and still hold matured or unmatured unsecured claims against BLMIS that are allowable under section 502 of the Bankruptcy Code or that are not allowable only under section 502(e) of the Bankruptcy Code.

107. Each of the Silverman Six Year Transfers constituted a conveyance by BLMIS as defined under DCL section 270.

108. Each of the Silverman Six Year Transfers was made by BLMIS with the actual intent to hinder, delay, or defraud the creditors of BLMIS. BLMIS made the Silverman Six Year Transfers to or for the benefit of Silverman in furtherance of a fraudulent investment scheme.

109. As a result of the foregoing, pursuant to DCL sections 276, 278 and/or 279, sections 544(b), 550(a), and 551 of the Bankruptcy Code, and SIPA § 78fff-2(c)(3), the Trustee is entitled to a judgment against Silverman: (a) avoiding and preserving the Silverman Six Year Transfers, (b) directing that the Silverman Six Year Transfers be set aside, and (c) recovering the

Silverman Six Year Transfers, or the value thereof, from Silverman for the benefit of the estate of BLMIS.

<div style="text-align:center">

**COUNT TEN**
**FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW**
**§§ 273 AND 278 AND/OR 279, AND 11 U.S.C. §§ 544, 550(a), AND 551**
**Against Silverman**

</div>

110. The Trustee incorporates by reference the allegations contained in the previous paragraphs of the Complaint as if fully rewritten herein.

111. At all times relevant to the Silverman Six Year Transfers, there have been one or more creditors who have held and still hold matured or unmatured unsecured claims against BLMIS that are allowable under section 502 of the Bankruptcy Code or that are not allowable only under section 502(e) of the Bankruptcy Code.

112. Each of the Silverman Six Year Transfers constituted a conveyance by BLMIS as defined under DCL section 270.

113. BLMIS did not receive fair consideration for the Silverman Six Year Transfers.

114. BLMIS was insolvent at the time it made each of the Silverman Six Year Transfers or, in the alternative, BLMIS became insolvent as a result of each of the Silverman Six Year Transfers.

115. As a result of the foregoing, pursuant to DCL sections 273, 278 and/or 279, sections 544(b), 550(a), and 551 of the Bankruptcy Code, and SIPA § 78fff-2(c)(3), the Trustee is entitled to a judgment against Silverman: (a) avoiding and preserving the Silverman Six Year Transfers, (b) directing that the Silverman Six Year Transfers be set aside, and (c) recovering the Silverman Six Year Transfers, or the value thereof, from Silverman for the benefit of the estate of BLMIS.

## COUNT ELEVEN
## FRAUDULENT TRANSFER—NEW YORK DEBTOR AND CREDITOR LAW §§274, 278 AND/OR 279, AND 11 U.S.C. §§ 544, 550(a), AND 551
### Against Silverman

116. The Trustee incorporates by reference the allegations contained in the previous paragraphs of the Complaint as if fully rewritten herein.

117. At all times relevant to the Silverman Six Year Transfers, there have been one or more creditors who have held and still hold matured or unmatured unsecured claims against BLMIS that are allowable under section 502 of the Bankruptcy Code or that are not allowable only under section 502(e) of the Bankruptcy Code.

118. Each of the Silverman Six Year Transfers constituted a conveyance by BLMIS as defined under DCL section 270.

119. BLMIS did not receive fair consideration for the Silverman Six Year Transfers.

120. At the time BLMIS made each of the Silverman Six Year Transfers, BLMIS was engaged or was about to engage in a business or transaction for which the property remaining in its hands after each of the Silverman Six Year Transfers was an unreasonably small capital.

121. As a result of the foregoing, pursuant to DCL sections 274, 278, and/or 279, sections 544(b), 550(a), and 551 of the Bankruptcy Code, and SIPA § 78fff-2(c)(3), the Trustee is entitled to a judgment against Silverman: (a) avoiding and preserving the Silverman Six Year Transfers, (b) directing that the Silverman Six Year Transfers be set aside, and (c) recovering the Silverman Six Year Transfers, or the value thereof, from Silverman for the benefit of the estate of BLMIS.

## COUNT TWELVE
## FRAUDULENT TRANSFER-NEW YORK DEBTOR AND CREDITOR LAW §§ 275, 278 AND/OR 279, AND 11 U.S.C. §§ 544, 550(a), AND 551
### Against Silverman

122. The Trustee incorporates by reference the allegations contained in the previous paragraphs of the Complaint as if fully rewritten herein.

123. At all times relevant to the Silverman Six Year Transfers, there have been one or more creditors who have held and still hold matured or unmatured unsecured claims against BLMIS that are allowable under section 502 of the Bankruptcy Code or that are not allowable only under section 502(e) of the Bankruptcy Code.

124. Each of the Silverman Six Year Transfers constituted a conveyance by BLMIS as defined under DCL section 270.

125. BLMIS did not receive fair consideration for the Silverman Six Year Transfers.

126. At the time BLMIS made each of the Silverman Six Year Transfers, BLMIS had incurred, was intending to incur, or believed that it would incur debts beyond its ability to pay them as the debts matured.

127. As a result of the foregoing, pursuant to DCL sections 275, 278, and/or 279, sections 544(b), 550(a), and 551 of the Bankruptcy Code, and SIPA § 78fff-2(c)(3), the Trustee is entitled to a judgment against Silverman: (a) avoiding and preserving the Silverman Six Year Transfers, (b) directing that the Silverman Six Year Transfers be set aside, and (c) recovering the Silverman Six Year Transfers, or the value thereof, from Silverman for the benefit of the estate of BLMIS.

## COUNT THIRTEEN
## RECOVERY OF SUBSEQUENT TRANSFERS
## 11 U.S.C. §§ 544, 548, 550(a), AND 551
## NEW YORK DEBTOR AND CREDITOR LAW §§ 273 – 279
### Against PSCCSI and Silverman

128.  The Trustee incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully rewritten herein.

129.  Each of the WNB Six Year Transfers and the WNB Two Year Transfers are avoidable under sections 544 and 548 of the Bankruptcy Code, DCL §§ 273-276, and SIPA § 78fff-2(c)(3).

130.  Upon information and belief, the WNB Six Year Transfers and the WNB Two Year Transfers were subsequently transferred by WNB to PSCCSI and/or Silverman.

131.  Each of the Subsequent Transfers was made directly or indirectly to, or for the benefit of, PSCCSI and Silverman.

132.  PSCCSI and Silverman are the immediate or mediate transferees of the Subsequent Transfers from WNB.

133.  As a result of the foregoing and the avoidance of the WNB Six Year Transfers and the WNB Two Year Transfers, pursuant to DCL §§ 273-279, sections 544, 548 550(a), and 551 of the Bankruptcy Code, and SIPA § 78fff-2(c)(3), the Trustee is entitled to a judgment against PSCCSI and Silverman recovering the Subsequent Transfers, or the value thereof for the benefit of the estate of BLMIS.

## COUNT FOURTEEN
## DISALLOWANCE OF WNB's CUSTOMER CLAIM
### Against WNB

134. The Trustee incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully rewritten herein.

135. The WNB Customer Claim has yet to been determined by the Trustee.

136. The WNB Customer Claim should not be allowed pursuant to section 502(d) of the Bankruptcy Code, as WNB is the recipient of transfers of BLMIS property that are avoidable and recoverable under sections 544, 548, and/or 550(a) of the Bankruptcy Code, DCL §§ 273-279 and section 78fff-2(c)(3) as set forth above, and WNB has not returned the transfers to the Trustee.

137. The Claims Procedures Order includes a process for the determination and allowance of claims under which the Trustee has been operating. As a result of the foregoing, the Trustee intends to resolve the WNB Customer Claim and any related objections through the mechanisms contemplated by the Claims Procedures Order.

**WHEREFORE**, the Trustee respectfully requests that this Court enter judgment in favor of the Trustee and against WNB, PSCCSI, and Silverman as follows:

i. On the First Claim for Relief, pursuant to sections 548(a)(1)(A), 550(a), and 551 of the Bankruptcy Code and section 78fff-2(c)(3) of SIPA: (a) avoiding and preserving the WNB Two Year Transfers, (b) directing that the WNB Two Year Transfers be set aside, and (c) recovering the WNB Two Year Transfers, or the value thereof, from WNB for the benefit of the estate of BLMIS;

ii. On the Second Claim for Relief, pursuant to sections 548(a)(1)(B), 550(a), and 551 of the Bankruptcy Code and section 78fff-2(c)(3) of SIPA: (a) avoiding and preserving the WNB Two Year Transfers, (b) directing that the WNB Two Year Transfers be set aside, and (c) recovering the WNB Two Year Transfers, or the value thereof, from WNB for the benefit of the estate of BLMIS;

iii. On the Third Claim for Relief, pursuant to DCL sections 276, 278, and/or 279, sections 544(b), 550(a), and 551 of the Bankruptcy Code and section 78fff-2(c)(3) of SIPA: (a) avoiding and preserving the WNB Six Year Transfers, (b) directing that the WNB Six Year Transfers be set aside, (c) recovering the WNB Six Year Transfers, or the value thereof, from WNB for the benefit of the estate of BLMIS;

iv. On the Fourth Claim for Relief, pursuant to DCL sections 273, 278, and/or 279, sections 544(b), 550(a), and 551 of the Bankruptcy Code and section 78fff-2(c)(3) of SIPA: (a) avoiding and preserving the WNB Six Year Transfers, (b) directing that the WNB Six Year Transfers be set aside, and (c) recovering the WNB Six Year Transfers, or the value thereof, from WNB for the benefit of the estate of BLMIS;

v. On the Fifth Claim for Relief, pursuant to DCL sections 274, 278, and/or 279, sections 544(b), 550(a), and 551 of the Bankruptcy Code and section 78fff-2(c)(3) of SIPA: (a) avoiding and preserving the WNB Six Year Fraudulent Transfers, (b) directing the WNB Six Year Transfers be set aside, and (c) recovering the WNB Six Year Transfers, or the value thereof, from WNB for the benefit of the state of BLMIS;

vi. On the Sixth Claim for Relief, pursuant to DCL sections 275, 278, and/or 279, sections 544(b), 550(a), and 551 of the Bankruptcy Code and section 78fff-2(c)(3) of SIPA: (a) avoiding and preserving the WNB Six Year Transfers, (b) directing that the WNB Six Year

Transfers be set aside, and (c) recovering the WNB Six Year Transfers, or the value thereof, from WNB for the benefit of the estate of BLMIS;

  vii. On the Seventh Claim for Relief, pursuant to sections 548(a)(1)(A), 550(a), and 551 of the Bankruptcy Code and section 78fff-2(c)(3) of SIPA: (a) avoiding and preserving the Silverman Two Year Transfers, (b) directing that the Silverman Two Year Transfers be set aside, and (c) recovering the Silverman Two Year Transfers, or the value thereof, from Silverman for the benefit of the estate of BLMIS;

  viii. On the Eighth Claim for Relief, pursuant to sections 548(a)(1)(B), 550(a), and 551 of the Bankruptcy Code and section 78fff-2(c)(3) of SIPA: (a) avoiding and preserving the Silverman Two Year Transfers, (b) directing that the Silverman Two Year Transfers be set aside, and (c) recovering the Silverman Two Year Transfers, or the value thereof, from Silverman for the benefit of the estate of BLMIS;

  ix. On the Ninth Claim for Relief, pursuant to DCL sections 276, 278, and/or 279, sections 544(b), 550(a), and 551 of the Bankruptcy Code and section 78fff-2(c)(3) of SIPA: (a) avoiding and preserving the Silverman Six Year Transfers, (b) directing that the Silverman Six Year Transfers be set aside, (c) recovering the Silverman Six Year Transfers, or the value thereof, from Silverman for the benefit of the estate of BLMIS;

  x. On the Tenth Claim for Relief, pursuant to DCL sections 273, 278, and/or 279, sections 544(b), 550(a), and 551 of the Bankruptcy Code and section 78fff-2(c)(3) of SIPA: (a) avoiding and preserving the Silverman Six Year Transfers, (b) directing that the Silverman Six Year Transfers be set aside, and (c) recovering the Silverman Six Year Transfers, or the value thereof, from Silverman for the benefit of the estate of BLMIS;

*xi.* On the Eleventh Claim for Relief, pursuant to DCL sections 274, 278, and/or 279, sections 544(b), 550(a), and 551 of the Bankruptcy Code and section 78fff-2(c)(3) of SIPA: (a) avoiding and preserving the Silverman Six Year Fraudulent Transfers, (b) directing the Silverman Six Year Transfers be set aside, and (c) recovering the Silverman Six Year Transfers, or the value thereof, from Silverman for the benefit of the state of BLMIS;

*xii.* On the Twelfth Claim for Relief, pursuant to DCL sections 275, 278, and/or 279, sections 544(b), 550(a), and 551 of the Bankruptcy Code and section 78fff-2(c)(3) of SIPA: (a) avoiding and preserving the Silverman Six Year Transfers, (b) directing that the Silverman Six Year Transfers be set aside, and (c) recovering the Silverman Six Year Transfers, or the value thereof, from Silverman for the benefit of the estate of BLMIS;

*xiii.* On the Thirteenth Claim for Relief, pursuant to sections 544, 548, 550(a), and 551 of the Bankruptcy Code, DCL §§ 273-279, and SIPA 78fff-2(c)(3) recovering the Subsequent Transfers, or the value thereof, from PSCCSI and Silverman for the benefit of the estate of BLMIS;

*xiv.* On the Fourteenth Claim for Relief, that the SIPA claim filed by WNB be disallowed pursuant to section 502(d) of the Bankruptcy Code;

*xv.* On all Claims for Relief, pursuant to federal common law and N.Y. CPLR 5001 and 5004, awarding the Trustee prejudgment interest from the date on which the Transfers were received;

*xvi.* On all Claims for Relief, establishment of a constructive trust over the proceeds of the transfers in favor of the Trustee for the benefit of BLMIS's estate;

*xvii.* On all Claims for Relief, awarding the Trustee all applicable interest, costs, and disbursements of this action; and

32

    xviii    On all Claims for Relief, granting Plaintiff such other, further, and different relief as the Court deems just, proper and equitable.

Dated: December 10, 2010

        /s/ David J. Sheehan
        David J. Sheehan
        Keith R. Murphy
        Marc Skapof
        Geoffrey . North
        Seanna R. Brown
        Jacqlyn R. Rovine
        **BAKER & HOSTETLER LLP**
        45 Rockefeller Plaza
        New York, New York 10111
        Telephone: (212) 589-4200
        Facsimile: (212) 589-4201

        *Attorneys for Irving H. Picard,*
        *Trustee for the Substantively Consolidated*
        *SIPA Liquidation of Bernard L. Madoff*
        *Investment Securities LLC and Bernard L.*
        *Madoff*



Exhibit B

BLMIS ACCOUNT NO. 1W0106 - WESTPORT NATIONAL BANK ATTN: DENNIS P CLARK V.P

| Column 1<br>Date | Column 2<br>Transaction Description | Column 3<br>Transaction Amount Reported in Customer Statement | Column 4<br>Cash Deposits | Column 5<br>Cash Withdrawals | Column 6<br>Transfers of Principal In | Column 7<br>Transfers of Principal Out | Column 8<br>Balance of Principal | Column 9<br>90-Day Preferential Transfers | Column 10<br>2-Year Fraudulent Transfers | Column 11<br>6-Year Fraudulent Conveyances |
|---|---|---|---|---|---|---|---|---|---|---|
| 7/26/1999 | TRANS FROM 1W000630 (1W0006) | 39,910,752 [1] | | | | | | | | |
| [illegible] | | | | | | | | | | |
| 11/19/1999 | CHECK | (200,000) | - | (200,000) | - | - | (200,000) | - | - | - |
| [illegible] | | | | | | | | | | |
| 3/3/2000 | CHECK | (500,000) | - | (500,000) | - | - | (1,500,000) | - | - | - |
| [illegible] | | | | | | | | | | |
| 7/5/2000 | CHECK | (300,000) | - | (300,000) | - | - | (2,400,000) | - | - | - |
| [illegible] | | | | | | | | | | |
| 9/13/2000 | CHECK | (300,000) | - | (300,000) | - | - | (3,000,000) | - | - | - |
| [illegible] | | | | | | | | | | |
| 11/7/2000 | CHECK | (500,000) | - | (500,000) | - | - | (4,100,000) | - | - | - |
| [illegible] | | | | | | | | | | |
| 1/17/2001 | CHECK | (200,000) | - | (200,000) | - | - | (5,500,000) | - | - | - |
| [illegible] | | | | | | | | | | |
| 5/31/2001 | CHECK WIRE | 400,000 | 400,000 | - | - | - | (5,500,000) | - | - | - |
| [illegible] | | | | | | | | | | |
| 8/10/2001 | CHECK | (200,000) | - | (200,000) | - | - | (6,000,000) | - | - | - |
| [illegible] | | | | | | | | | | |
| 12/6/2001 | CHECK | (500,000) | - | (500,000) | - | - | (7,200,000) | - | - | - |
| [illegible] | | | | | | | | | | |
| 4/24/2002 | CHECK | (200,000) | - | (200,000) | - | - | (7,700,000) | - | - | - |
| [illegible] | | | | | | | | | | |
| 11/26/2002 | CHECK | (500,000) | - | (500,000) | - | - | (8,500,000) | - | - | - |
| [illegible] | | | | | | | | | | |
| 1/28/2003 | CHECK | (300,000) | - | (300,000) | - | - | (9,000,000) | - | - | (300,000) |
| [illegible] | | | | | | | | | | |
| 7/2/2003 | CHECK | (900,000) | - | (900,000) | - | - | (10,100,000) | - | - | (900,000) |
| [illegible] | | | | | | | | | | |
| 12/?/2003 | CHECK | (800,000) | - | (800,000) | - | - | (11,300,000) | - | - | (800,000) |
| [illegible] | | | | | | | | | | |
| 2/25/2004 | CHECK | (300,000) | - | (300,000) | - | - | (11,800,000) | - | - | (300,000) |
| [illegible] | | | | | | | | | | |
| 5/6/2004 | CHECK WIRE | 1,500,000 | 1,500,000 | - | - | - | (13,000,000) | - | - | - |
| [illegible] | | | | | | | | | | |
| 7/28/2004 | CHECK | (200,000) | - | (200,000) | - | - | (13,700,000) | - | - | (200,000) |
| [illegible] | | | | | | | | | | |
| 11/12/2004 | CHECK | (800,000) | - | (800,000) | - | - | (15,200,000) | - | - | (800,000) |
| [illegible] | | | | | | | | | | |
| 3/23/2005 | CHECK | (800,000) | - | (800,000) | - | - | (15,900,000) | - | - | (800,000) |
| [illegible] | | | | | | | | | | |
| 7/8/2005 | CHECK | (800,000) | - | (800,000) | - | - | (18,200,000) | - | - | (800,000) |
| [illegible] | | | | | | | | | | |
| 12/22/2005 | CHECK | (1,100,000) | - | (1,100,000) | - | - | (19,900,000) | - | - | (1,100,000) |
| [illegible] | | | | | | | | | | |
| 2/22/2006 | CHECK | (1,400,000) | - | (1,400,000) | - | - | (23,000,000) | - | - | (1,400,000) |
| [illegible] | | | | | | | | | | |
| 6/20/2006 | CHECK | (700,000) | - | (700,000) | - | - | (24,500,000) | - | - | (700,000) |
| [illegible] | | | | | | | | | | |
| 12/20/2006 | CHECK | (500,000) | - | (500,000) | - | - | (25,800,000) | - | (500,000) | (500,000) |
| [illegible] | | | | | | | | | | |
| 1/18/2007 | CHECK | (600,000) | - | (600,000) | - | - | (26,800,000) | - | (600,000) | (600,000) |
| [illegible] | | | | | | | | | | |
| 3/15/2007 | CHECK | (400,000) | - | (400,000) | - | - | (27,700,000) | - | (400,000) | (400,000) |
| [illegible] | | | | | | | | | | |
| 4/18/2007 | CHECK | (600,000) | - | (600,000) | - | - | (28,800,000) | - | (600,000) | (600,000) |
| [illegible] | | | | | | | | | | |
| 7/24/2007 | CHECK | (500,000) | - | (500,000) | - | - | (29,600,000) | - | (500,000) | (500,000) |

MADC0929_00000002

Exhibit B

BLMIS ACCOUNT NO. 1W0106 - WESTPORT NATIONAL BANK ATTN: DENNIS P CLARK V.P

| Column 1 Date | Column 2 Transaction Description | Column 3 Transaction Amount Reported in Customer Statement | Column 4 Cash Deposits | Column 5 Cash Withdrawals | Column 6 Transfers of Principal In | Column 7 Transfers of Principal Out | Column 8 Balance of Principal | Column 9 90-Day Preferential Transfers | Column 10 2-Year Fraudulent Transfers | Column 11 6-Year Fraudulent Conveyances |
|---|---|---|---|---|---|---|---|---|---|---|
| 11/28/2007 | CHECK | (900,000) | | (900,000) | | | (30,900,000) | | (900,000) | (900,000) |
| 2/15/2008 | CHECK | (400,000) | | (400,000) | | | (31,300,000) | | (400,000) | (400,000) |
| 4/4/2008 | CHECK | (400,000) | | (400,000) | | | (31,700,000) | | (400,000) | (400,000) |
| 5/8/2008 | CHECK | (400,000) | | (400,000) | | | (32,100,000) | | (400,000) | (400,000) |
| 6/17/2008 | CHECK | (800,000) | | (800,000) | | | (32,900,000) | | (800,000) | (800,000) |
| 7/1/2008 | CHECK | (300,000) | | (300,000) | | | (33,200,000) | | (300,000) | (300,000) |
| 7/28/2008 | CHECK | (300,000) | | (300,000) | | | (33,500,000) | | (300,000) | (300,000) |
| 9/16/2008 | CHECK | (200,000) | | (200,000) | | | (34,100,000) | | (200,000) | (200,000) |
| 10/28/2008 | CHECK | (800,000) | | (800,000) | | | (34,900,000) | | (800,000) | (800,000) |
| 11/17/2008 | CHECK | (400,000) | | (400,000) | | | (35,300,000) | | (400,000) | (400,000) |
| | Total: | | $ 1,900,000 | $ (37,100,000) | $ - | $ - | $ (35,200,000) | $ - | $ (9,900,000) | $ (25,200,000) |

[1] Although BLMIS statements reflect that funds were transferred into this account on this date, these funds consisted entirely of fictitious profits which were never achieved and thus no funds were actually transferred into the account on this date. Accordingly, the account balance has remained unchanged.

Page 2 of 2 - 1W0106

MADC0929_00000003

Exhibit B

BLMIS ACCOUNT NO. 1S0328 - ROBERT L. SILVERMAN

| Column 1 | Column 2 | Column 3 | Column 4 | Column 5 | Column 6 | Column 7 | Column 8 | Column 9 | Column 10 | Column 11 |
|---|---|---|---|---|---|---|---|---|---|---|
| Date | Transaction Description | Transaction Amount Reported In Customer Statement | Cash Deposits | Cash Withdrawals | Transfers of Principal In | Transfers of Principal Out | Balance of Principal | 90-Day Preferential Transfers | 2-Year Fraudulent Transfers | 6-Year Fraudulent Conveyances |
| 8/13/1997 | TRANS FROM 1S0089-1-0 (1S0089) | 1,275,940 | | | 209,997 | | 209,997 | | | |
| | CHECK | | | | | | | | | |
| 4/30/2002 | CHECK | (200,000) | | (200,000) | | | | | | |
| 10/29/2002 | CHECK | (200,000) | | (200,000) | | | 109,997 | | | |
| 10/7/2004 | CHECK | 200,000 | 200,000 | | | | | | | |
| 2/17/2005 | CHECK | | | | | | 109,997 | | | |
| 11/3/2005 | CHECK | (300,000) | | (300,000) | | | | | | |
| | | | | | | | (490,003) | | | |
| 1/4/2007 | CHECK | (300,000) | | (300,000) | | | | | (300,000) | (300,000) |
| 1/16/2007 | CHECK | (300,000) | | (300,000) | | | (1,090,003) | | | |
| 2/12/2007 | CHECK | (300,000) | | (300,000) | | | (1,090,003) | | (300,000) | (300,000) |
| | | | | | | | (1,490,003) | | | |
| 5/10/2007 | CHECK | (200,000) | | (200,000) | | | | | (200,000) | (200,000) |
| | | | | | | | (1,990,003) | | | |
| 10/18/2007 | CHECK | (200,000) | | (200,000) | | | (2,190,003) | | (200,000) | (200,000) |
| 5/5/2008 | CHECK | (100,000) | | (100,000) | | | (2,290,003) | | (100,000) | (100,000) |
| | Total: | | 300,000 | (800,000) | 209,997 | | | | (1,500,000) | (2,220,000) |

[1] Although BLMIS's statements reflect that a larger transfer was made into the account on this date, a portion of the "transferred" funds consisted of fictitious profits which were never achieved and thus could not have been transferred. Accordingly, only the principal remaining in the originating account was transferred into this account on this date.

Page 1 of 1 - 1S0328

MADC0929_00000004

Exhibit C

**PSCC SERVICES INC - RECORDKEEPING / ACTUARIAL FEES (12/11/2002-12/11/2008)**

| Column 1<br>Fee Description | Column 2<br>Date of Posting | Column 3<br>Amount Collected |
|---|---|---|
| RECORDKEEPING FEE | [illegible] | [illegible] |
| RECORDKEEPING FEE | 2/12/2003 | 441,149 |
| RECORDKEEPING FEE | [illegible] | [illegible] |
| RECORDKEEPING FEE | 6/9/2003 | 432,277 |
| RECORDKEEPING FEE | [illegible] | [illegible] |
| RECORDKEEPING FEE | 8/12/2003 | 623 |
| RECORDKEEPING FEE | [illegible] | [illegible] |
| RECORDKEEPING FEE | 1/20/2004 | 446,472 |
| [illegible] | [illegible] | [illegible] |
| ACCRUED ACTUARIAL SERVICE FEE | 4/2/2004 | 2,830 |
| [illegible] | [illegible] | [illegible] |
| ACTUARIAL FEES | 5/11/2004 | 3,680 |
| [illegible] | [illegible] | [illegible] |
| RECORDKEEPING FEE | 6/15/2004 | 13,601 |
| [illegible] | [illegible] | [illegible] |
| RECORDKEEPING FEE | 7/13/2004 | 33,042 |
| [illegible] | [illegible] | [illegible] |
| ADMINISTRATIVE AND CONSULTING SERVICE FEES | 8/12/2004 | 13,081 |
| [illegible] | [illegible] | [illegible] |
| ADMINISTRATIVE AND CONSULTING SERVICE FEES | 10/26/2004 | 1,340 |
| [illegible] | [illegible] | [illegible] |
| RECORDKEEPING FEE | 1/28/2005 | 414,034 |
| [illegible] | [illegible] | [illegible] |
| RECORDKEEPING FEE | 5/16/2005 | 1,390 |
| [illegible] | [illegible] | [illegible] |
| RECORDKEEPING FEE | 8/19/2005 | 22,091 |
| [illegible] | [illegible] | [illegible] |
| RECORDKEEPING FEE | 10/25/2005 | 203,016 |
| [illegible] | [illegible] | [illegible] |
| RECORDKEEPING FEE | 2/8/2006 | 424,092 |
| [illegible] | [illegible] | [illegible] |
| ADMINISTRATIVE FEE | 2/15/2006 | 16,878 |
| [illegible] | [illegible] | [illegible] |
| RECORDKEEPING FEE | 5/2/2006 | 1,279 |
| [illegible] | [illegible] | [illegible] |
| RECORDKEEPING FEE | 5/16/2006 | 268,461 |
| [illegible] | [illegible] | [illegible] |
| RECORDKEEPING FEE | 7/21/2006 | 290,538 |
| [illegible] | [illegible] | [illegible] |
| RECORDKEEPING FEE | 11/21/2006 | 115,258 |
| [illegible] | [illegible] | [illegible] |
| ADMINISTRATIVE FEE | 12/19/2006 | 490 |
| [illegible] | [illegible] | [illegible] |
| RECORDKEEPING FEE | 2/15/2007 | 6,137 |
| [illegible] | [illegible] | [illegible] |
| RECORDKEEPING FEE | 3/20/2007 | 199,865 |
| [illegible] | [illegible] | [illegible] |
| RECORDKEEPING FEE | 5/18/2007 | 152,490 |
| [illegible] | [illegible] | [illegible] |

1 of 2

MADC0929_00000005

Exhibit C

## PSCC SERVICES INC - RECORDKEEPING / ACTUARIAL FEES (12/11/2002-12/11/2008)

| Column 1<br>Fee Description | Column 2<br>Date of Posting | Column 3<br>Amount Collected |
|---|---|---|
| ADMINISTRATIVE FEE | 6/21/2007 | 103,015 |
| ADMINISTRATIVE FEE | 7/18/2007 | 104,176 |
| ADMINISTRATIVE FEE | 10/30/2007 | 207,986 |
| ADMINISTRATIVE FEE | 12/12/2007 | 65,860 |
| ADMINISTRATIVE FEE | 3/14/2008 | 7,346 |
| ADMINISTRATIVE FEE | 5/9/2008 | 214,110 |
| ADMINISTRATIVE FEE | 6/24/2008 | 50 |
| ADMINISTRATIVE FEE | 7/16/2008 | 207,617 |
| ADMINISTRATIVE FEE | 9/9/2008 | 220,810 |
| ADMINISTRATIVE FEE | 10/9/2008 | 870 |
| ADMINISTRATIVE FEE | 11/28/2008 | 256,010 |
| | Total: | $ 9,381,320 |

MADC0929_00000006

Exhibit A

| Account Number | Account Name | Two-Year Fictitious Profit Denetten | Six-Year Fictitious Profit Denetten |
|---|---|---|---|
| 1W0106 | WESTPORT NATIONAL BANK ATTN: DENNIS P CLARK V.P | 9,900,000 | 28,200,000 |
| 1S0328 | ROBERT L SILVERMAN | 1,500,000 | 2,290,003 |
| | Total: | $ 11,400,000 | $ 30,490,003 |

MADC0929_00000001

Page 1 of 1