

45 BROADWAY
NEW YORK, NY 10006
212.599.3322 PHONE
212.557.0295 FAX

WWW.BECKER-POLIAKOFF.COM
WWW.BECKERNY.COM

May 31, 2011

**BY HAND DELIVERY & ECF**
Honorable Burton R. Lifland
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

    *Re:*    **Objection to Sixth Application of Trustee and Baker & Hostetler LLP for Allowance of Interim Compensation for Services Rendered and Reimbursement of Actual and Necessary Expenses**

           *In re: Bernard L. Madoff Investment Securities LLC. (08-01789)*

Dear Judge Lifland:

      I write to bring to the Court's attention the fact that the Trustee has failed to submit any evidence to refute the belief that his and Mr. Sheehan's compensation from B&H is based in whole or in part upon the total fees paid to B&H by SIPC. Thus, there is no factual dispute to the contention that they have received between 35% – 50% of the total fees paid to B&H in this case, *i.e.*, between $60 million and $90 million. *See* Objection to Sixth Application of Trustee and Baker & Hostetler LLP For Allowance of Interim Compensation . . . (the "Objection") (Doc. No. 4088) at ¶4. The Trustee's unsworn statement that he "pays over to B&H the full amount of any interim compensation and disbursements awarded to him," (*See* Trustee's Reply to Objection (Doc. No. 4109)) does not address the issue and, indeed, appears to be very misleading.

      The Trustee's financial incentive in prolonging and complicating resolution of the issues in the BLMIS liquidation raises serious concerns of constitutional due process violations. *Cf. Caperton v. A.T. Massey Coal Co., Inc.*, 129 S. Ct. 2252 (2009) (litigant's due process rights are violated where judge accepted $3 million contribution to his election campaign from party litigant); *Withrow v. Larkin*, 95 S. Ct. 1456, 1464 (1975) (recognizing that due process concerns exist when "the probability of actual bias on the part of the . . . decisionmaker is too high to be constitutionally tolerable); *Tumey v. State of Ohio*, 47 S. Ct. 437 (1927) (holding that a compensation structure under which a mayor-judge received a salary supplement only upon convicting the defendant was a violation of due process); *Aetna Life Ins. Co. v. Lavoie*, 106 S. Ct. 1580, 1587 (1986) (internal citations omitted) (emphasizing that the proper inquiry is whether the financial stake "would offer a possible temptation[,]" and not whether the individual was actually influenced).

BECKER &
POLIAKOFF, LLP

Hon. Burton R. Lifland
May 31, 2011
Page 2

   As the "decision-maker" for SIPC, a quasi-governmental agency, in this liquidation proceeding in which SIPC has taken unprecedented positions under SIPA, the Trustee is acting in a quasi-governmental capacity. *See* Testimony of SEC Chairwoman Mary Shapiro, questioned by Congresswoman Carolyn Maloney, David Becker Conflict of Interest Oversight and Government Reform Committee Hearing March 10, 2011 (admitting that the Trustee makes the decision to clawback from innocent investors); *see also* Carlyn Kolker and Christopher Scinta, "Madoff Trustee Picard May Take Five Years to Pay Back Investors" dated January 21, 2009, available at Bloomberg.com, at 1 (quoting SIPC's President Stephen Harback identifying the Trustee, among other things, as the decision-maker.) As a quasi-governmental figure, he is not "'allowed to be a judge in his own cause because his interest would certainly bias his judgment and, not improbably, corrupt his integrity.'" *Caperton*, 129 S. Ct. at 2259 (quoting The Federalist No. 10, p. 59 (J. Cooke ed.1961) (J. Madison)). Thus, the Trustee's pecuniary interest raises a serious constitutional question that compels this Court to have an evidentiary hearing on this issue.

   Thank you for your consideration of this submission.

                Respectfully,

                /s/ Helen Davis Chaitman
                Helen Davis Chaitman