LOWENSTEIN SANDLER PC
Norman N. Kinel
Terence D. Watson
1251 Avenue of the Americas
18th Floor
New York, NY 10020
Telephone: (212) 262-6700
Facsimile: (212) 262-7402

*Attorneys for John V. O'Neill*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | |
| Plaintiff, | Adv. Pro. No. 08-01789 (BRL) |
| v. | SIPA Liquidation |
| BERNARD L. MADOFF INVESTMENT SECURITIES, | |
| Defendant. | |

**OBJECTION OF JOHN V. O'NEILL**
**TO TRUSTEE'S DETERMINATION OF CLAIM**

John V. O'Neill ("O'Neill"), on behalf of the John V. O'Neill Individual Retirement Arrangement (the "O'Neill IRA"), hereby objects to the Trustee's Determination of Claim No. 002934 (the "Claim"), as set forth in the Trustee's determination letter, dated April 29, 2011 (the "Determination Letter").

**BACKGROUND**

1.      On December 11, 2008 (the "Liquidation Date"), this Securities Investors Protection Act ("SIPA") liquidation proceeding was commenced against Bernard L. Madoff Investment Securities ("BLMIS") in the United States Bankruptcy Court for the Southern

25660/2
05/31/2011 17641570.1

District of New York (the "Court"). Irving Picard was appointed as trustee (the "Trustee") to oversee the BLMIS SIPA liquidation. [Dkt. No. 12].

2.    On December 23, 2008, the Court issued a Claims Procedure Order (the "Order") directing the Trustee to organize and disseminate claim forms to BLMIS customers who were defrauded by Bernard L. Madoff's massive Ponzi scheme. *Id.* at 2. The Order also directed the Trustee to establish a claims filing protocol and deadline for customers to file such claims. *Id.* at 5-7. Upon information and belief, the Trustee began mailing claim forms and notices containing the protocol and deadlines to BLMIS customers in January 2009.

3.    The Order further provides that, to the extent there is a disagreement with respect to claims filed, "[t]he Trustee shall notify such claimant by mail of his determination that the claim is disallowed, in whole or in part, and the reason therefore, in a written form . . ." [Dkt. No. 12 at p. 6].

4.    Westport National Bank ("WNB") was the record holder of an account held at BLMIS, under account number 1-W0106-3-0 (the "Account"). Upon information and belief, however, WNB did not own or otherwise hold any beneficial interest in any of the funds or securities held in the Account. Rather, customers, including O'Neill, owned or otherwise held the beneficial interests in the funds and securities maintained in the Account.

5.    Specifically, O'Neill entered into a custodian agreement with WNB, under which BLMIS was designated investment manager for the O'Neill IRA. A copy of the Custodian Agreement between O'Neill and WNB, dated August, 1999, is attached as Exhibit A. In addition, O'Neill provided funds and securities to WNB to be invested in BLMIS through the Account. Moreover, the Account maintained a positive net equity and cash balance as of the Liquidation Date.

-2-

6.      Accordingly, on or about February 14, 2009, a claim (the "Claim") was filed on behalf of the O'Neill IRA for funds and securities that it was owed from BLMIS based on the last statement balance for the Account as of the Liquidation Date. A copy of the Claim is attached hereto as Exhibit B.[1]

7.      On April 29, 2011, however, the Trustee issued the Determination Letter, a copy of which is attached as Exhibit C, which denied the Claim by alleging that the O'Neill IRA was "not a customer of BLMIS under SIPA as that term is defined at 15 U.S.C. § 78lll (2)."

## OBJECTION

### O'Neill Is A "Customer" Under SIPA

8.      O'Neill is a "customer" as that term is defined under SIPA, and thus entitled to receive SIPC insurance. SIPA defines the term 'customer' to include "any person who has deposited cash with the debtor for the purpose of purchasing securities." 15 U.S.C. § 78lll (2); *see also Rosenman Family, LLC v. Picard*, 401 B.R. 629, 635 (Bankr. S.D.N.Y. 2009) ("the purchase/investment purpose necessary to establish Customer status was triggered at the moment funds were deposited in the Chase Account"); *SEC v. Ambassador Church Fin. Dev. Group, Inc.*, 679 F.2d 608, 614 (6th Cir. 1982); *In re Primeline Sec. Corp.*, 295 F.3d 1100, 1107 (10th Cir. 2002) ("[w]hether a claimant deposited funds 'with the debtor' does not depend simply on to whom claimants made their checks payable. The relevant inquiry is whether the brokerage firm actually received, acquired or possessed Claimant's property"); *Miler v. DeQuine (In re Stratton Oakmont, Inc.)*, 2003 WL 22698876 at *3 (S.D.N.Y. Nov. 14, 2003) ("Stratton Oakmont's conversion of Claimant's property makes them customers within the meaning of SIPA").

---

[1] In accordance with the Court's orders, sensitive information, including social security and taxpayer identification numbers, addresses and account balances, have been redacted from the Claim for the purposes of filing.

-3-

9.    Section 78fff-3(a) of SIPA provides additional guidance on this issue by explicitly providing that "no advance shall be made by SIPC to the trustee to pay or otherwise satisfy any net equity claim of any customer who is a broker or dealer or bank, other than to the extent that it shall be established . . . that the net equity claim of such broker or dealer or bank against the debtor arose out of transactions for customers of such broker or dealer or bank . . . , **in which event each such customer of such broker or dealer or bank shall be deemed a separate customer of the debtor"**). 15 U.S.C. § 78fff-3(a) (emphasis added).

10.    Based on all of the foregoing, O'Neill is a "customer" under SIPA, and thus entitled to receive SIPC insurance with respect to the O'Neill IRA's portion of the funds and securities held in the Account.   Consequently, the Trustee's Determination Letter should be denied, rejected or otherwise withdrawn.

## JOINDER

11.    O'Neill hereby joins in all other objections to the Trustee's Determination of Claims filed by other SIPA claimants, and incorporates those objections by reference herein. O'Neill reserves the right to address any and all of the arguments raised in such other objections at any hearing or proceeding to take place in connection with this Objection.

## RESERVATION OF RIGHTS

12.    O'Neill expressly reserves the right to revise, supplement and/or amend this Objection, and any failure to object on a particular ground shall not be deemed a waiver of any rights to object on any additional ground(s).

-4-

Dated:  May 31, 2011

LOWENSTEIN SANDLER PC

By:/s/ Norman N. Kinel
Norman N. Kinel
Terence D. Watson
1251 Avenue of the Americas
18th Floor
New York, NY 10020
Telephone:  (212) 262-6700
Facsimile:  (212) 262-7402

*Attorneys for
John V. O'Neill*

*EXHIBIT "A"*



**WESTPORT**
NATIONAL BANK

## CUSTODIAN AGREEMENT

It is hereby agreed between Westport National Bank (the "Bank"), and

### JOHN V. O'NEILL IRA

(the "Principal"), that the Bank will act as custodian for the Principal upon the following terms and conditions:

1.   It is the Principal's intent to transfer cash or cash equivalents to the Bank, as provided herein for investment. The Bank shall accept such property from the Principal and the Bank shall invest all such cash and cash equivalents held hereunder, and any interest, dividend or other income earned from property held by the Bank hereunder, in the Bank's deposit money market account until the Bank transfers the funds to Bernard L. Madoff Investment Securities ("BLMIS"), as contemplated by Paragraph 2 hereof.

2.   The Principal hereby authorizes the Bank to transmit to BLMIS all funds received by the Bank from the Principal to the extent that the transmission of such funds is practical and acceptable to BLMIS. The Bank is hereby authorized and directed, in its capacity as a custodian hereunder for the benefit of the Principal, to enter into an agreement with BLMIS under which BLMIS will have full discretionary authority as to the manner in which funds are invested. The Principal has chosen BLMIS to receive and to invest the Principal's funds, and has not relied on the Bank in choosing to give BLMIS full discretionary authority. It is understood and acknowledged that funds to the Principal which are transmitted to BLMIS will be transmitted together with funds of other persons or entities for whom the Bank is acting in a similar capacity; that the investment account of BLMIS will be under the name "Westport National Bank"; that the funds of the Principal transmitted to BLMIS will be grouped with funds of other persons or entities for investment with BLMIS; that the Bank has no authority or ability to direct or oversee in any manner the discretionary investments made by BLMIS; that the Bank is acting solely in a ministerial capacity; that the Bank assumes no responsibility for the investment performance of BLMIS; and that the Principal will hold the Bank harmless from any liability to BLMIS incurred by the Bank resulting from the performance of investments made on behalf of the Principal pursuant hereto by the Bank or BLMIS.

3.   The Bank will also follow such reasonable written directions which the Principal may deliver to the Bank at any time, or from time to time, including to request that BLMIS return assets of the Principal to the Bank and for the Bank to remit cash or cash equivalents to the Principal. However, unless the Bank receives such written directions, the Bank will invest all funds as described in Sections 1 and 2 of this Custodian Agreement.

4.  The Bank shall maintain adequate records indicating the ownership by the Principal of investments with BLMIS and held by the Bank as custodian for the Principal. The Principal and the Bank also acknowledge that the Principal has entered into an agreement with PSCC Services Inc. ("PSCCSI"), for services to be provided by PSCCSI with respect to Principal's investments made by BLMIS. The Bank is authorized and directed to coordinate its record keeping with that provided by PSCCSI. The Bank shall serve as custodian hereunder only in the event such agreement between PSCCSI remains in effect. The Bank is further authorized and directed to pay to PSCCSI from the custodial account of Principal established hereunder an annual fee for services provided by PSCCSI an amount equal to .010 of the average assets (determined on an annual basis) held by the Bank under this Custodian Agreement, plus .002 of the amount of each transaction effected by BLMIS on behalf of the Principal with a maximum of .025 of average assets. Such fees shall be paid in such manner and at such time as shall reasonably be determined by the custodian and as shall be reasonably acceptable to PSCCSI.

5.  The Bank shall render at least annually statements reflecting the property held by it as custodian hereunder. Such statements shall be rendered to the Principal, or its designated representative. In the event that such statements are rendered to the designated representative, the Bank shall have no further responsibility to provide statements or reports directly to the Principal.

6.  The custodial services fees of the Bank for acting hereunder shall be an annual charge of .006 of the average assets held hereunder (determined on an annual basis). The Bank is hereby authorized to deduct such fees from the assets held hereunder at such times as shall reasonably be determined by the Bank.

7.  This Custodian Agreement may be terminated by either party upon ninety (90) days prior written notice. Upon termination, all cash, cash equivalents and other property held hereunder shall be delivered as soon as practicable to the Principal, or such representative of the Principal as the Principal may direct in writing.

This Custodian Agreement is entered into as of the date shown below between the Bank and the Principal, each intending to be legally bound thereby.

WESTPORT NATIONAL BANK

Dated: August        , 1999

By: _____

JOHN V. O'NEILL IRA

Address:

By: _____
     John V. O'Neill, M.D.

*EXHIBIT "B"*

## CUSTOMER CLAIM

Claim Number_____

Date Received_____

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

### In Liquidation

### DECEMBER 11, 2008

Irving H. Picard, Esq.
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

Provide your office and home telephone no.

OFFIC: _____

HOME:_____

Account Number:    1W0106
WESTPORT NATIONAL BANK
ATTN: DENNIS P CLARK V.P
1495 POST ROAD EAST
WESTPORT, CT  06880

**Custodian for:    John V. O'Neill IRA**

(If incorrect, please change)

NOTE:    BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY THE
ACCOMPANYING INSTRUCTION SHEET. A SEPARATE CLAIM FORM SHOULD
BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL PROTECTION
AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE RECEIVED BY THE
TRUSTEE ON OR BEFORE March 4, 2009. CLAIMS RECEIVED AFTER THAT
DATE, BUT ON OR BEFORE July 2, 2009, WILL BE SUBJECT TO DELAYED
PROCESSING AND TO BEING SATISFIED ON TERMS LESS FAVORABLE TO THE
CLAIMANT. PLEASE SEND YOUR CLAIM FORM BY CERTIFIED MAIL - RETURN
RECEIPT REQUESTED.

********************************************************************

1.    Claim for money balances as of December 11, 2008 :
  a.    The Broker owes me a Credit (Cr.) Balance of         $_____
  b.    I owe the Broker a Debit (Dr.) Balance of             $_____

502180406                              1

c.    If you wish to repay the Debit Balance,
      please insert the amount you wish to repay and
      attach a check payable to "Irving H. Picard, Esq.,
      Trustee for Bernard L. Madoff Investment Securities LLC."
      If you wish to make a payment, it must be enclosed
      with this claim form.                                    $_____

d.    If balance is zero, insert "None."                        **NONE**

2.    Claim for securities as of **December 11, 2008:**

**PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.**

|  |  | YES | NO |
|---|---|---|---|
| a. | The Broker owes me securities | X | |
| b. | I owe the Broker securities | | X |

c.    If yes to either, please list below:

| Date of Transaction (trade date) | Name of Security | The Broker Owes Me (Long) | I Owe the Broker (Short) |
|---|---|---|---|
| | Number of Shares or Face Amount of Bonds | | |
| | **See schedule attached** | | |
| | | | |
| | | | |
| | | | |
| | | | |

**Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclose, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation. You should also provide all documentation or**

information regarding any withdrawals you have ever made or payments received
from the Debtor.

Please explain any differences between the securities or cash claimed and the cash
balance and securities positions on your last account statement. If, at any time, you
complained in writing about the handling of your account to any person or entity or
regulatory authority, and the complaint relates to the cash and/or securities that you are
now seeking, please be sure to provide with your claim copies of the complaint and all
related correspondence, as well as copies of any replies that you received.
PLEASE CHECK THE APPROPRIATE ANSWER FOR ITEMS 3 THROUGH 9.

NOTE:  IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION
ON A SIGNED ATTACHMENT.   IF SUFFICIENT DETAILS ARE NOT
PROVIDED, THIS CLAIM FORM WILL BE RETURNED FOR YOUR
COMPLETION.

|  |  | YES | NO |
|---|---|---|---|
| 3. | Has there been any change in your account since December 11, 2008? If so, please explain. |  | x |
| 4. | Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of the broker? |  | x |
| 5. | Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or policies of the broker? |  | x |
| 6. | Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in any way with the broker? If so, give name(s) |  | x |
| 7. | Is this claim being filed by or on behalf of a broker or dealer or a bank? If so, provide documentation with respect to each public customer on whose behalf you are claiming. |  | x |
| 8. | Have you ever given any discretionary authority to any person to execute securities transactions with or through the broker on your behalf? Give names, addresses and phone numbers. | x |  |

Bernard L. Madoff
Investment Securities LLC
885 Third Avenue
New York, NY 10022

800-334-1343

502180406                    3

9.    Have you or any member of your family
      ever filed a claim under the Securities
      Investor Protection Act of 1970? If
      so, give name of that broker.                    _____    X ____

      Please list the full name and address of anyone assisting you in the
      preparation of this claim form: Richard F. Burkhart, c/o Burkhart, Pizzanelli,
      P.C., 201 Park Avenue, Suite 2, West Springfield, MA 01089-1597         .

If you cannot compute the amount of your claim, you may file an estimated claim. In that
case, please indicate your claim is an estimated claim.


IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM.
CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR
IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.


THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY
INFORMATION AND BELIEF.

Date ___2/14/09_____   Signature__John V. O'Neill_____

Date _____   . Signature_____

(If ownership of the account is shared, all must sign above. Give each owner's name,
address, phone number, and extent of ownership on a signed separate sheet. If other
than a personal account, e.g., corporate, trustee, custodian, etc., also state your capacity
and authority. Please supply the trust agreement or other proof of authority.)


This customer claim form must be completed and mailed promptly,
together with supporting documentation, etc. to:

Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

502180406                         4

WESTPORT NATIONAL BANK
as Custodian
BLMIS Account # 1-W0108-3-0

INDIVIDUAL ACCOUNT STATEMENT

DATE, 11/30/08

John V. O'Neill IRA
attachment to Customer
Claim Page 2, Item 2.c.
List of Securities

Page 1 of 3

| WNB Account # | | |
|---|---|---|
| Account Name | JOHN V O'NEILL  IRA | |
| # of Units | | |
| % share of total units | | |
| Name of Security: | No of Securities {Note 1) | |
| AT & T | | |
| Abbott Labs | | |
| Altria Group | | |
| Amgen Inc. | | |
| Apple Inc. | | |
| Bank of America | | |
| Bank of NY Mellon | | |
| Baxter Int'l | | |
| Boeing | | |
| Bristol Myers Squibb | | |
| CVS Caremark | | |
| Chevron Corp | | |
| Cisco Systems | | |
| CITI Group | | |
| Coca Cola | | |
| Colgate Palmolive | | |
| Comcast Corp. CL A | | |
| Conoco Phillips | | |
| Walt Disney | | |
| Exelon Corp. | | |
| Exxon Mobile Corp | | |
| General Electric | | |
| Goldman Saccha Group | | |
| Google | | |
| Hewlett Packard | | |

WESTPORT NATIONAL BANK
as Custodian
BLMIS Account # 1-W0106-3-0

INDIVIDUAL ACCOUNT STATEMENT

DATE: 11/30/08

| WNB Account # | | |
|---|---|---|
| Account Name | | JOHN V O'NEILL IRA |
| Home Depot | | |
| Intel Corp. | | |
| Int'l Business Machines | | |
| J.P. Morgan Chase | | |
| Johnson Johnson | | |
| Kraft Foods | | |
| McDonalds Corp. | | |
| Medtronic | | |
| Merck | | |
| Microsoft Corp. | | |
| Occidental Petro | | |
| Oracle Corp. | | |
| Pepsico Inc. | | |
| Pfizer Inc. | | |
| Phillip Morris | | |
| Proctor & Gamble | | |
| Qualcomm Inc. | | |
| Schlumberger | | |
| 3M Company | | |
| Time Warner | | |
| U S Bancorp | | |
| United Parcel SVC ClassB | | |
| United Tech. Corp. | | |
| Verizon Comm. | | |
| Wal Mart Stores | | |
| Wells Fargo | | |
| Wyeth | | |

John V. O'Neill IRA
attachment to Customer
Claim Page 2, Item 2.c.
List of Securities

Page 2 of 3

WESTPORT NATIONAL BANK
as Custodian
BLMIS Account # 1-W0106-3-0

INDIVIDUAL ACCOUNT STATEMENT

DATE: 11/30/08

John V. O'Neill IRA
attachment to Customer
Claim Page 2, Item 2.c.
List of Securities
Page 3 of 3

| WNB Account # | |
|---|---|
| Account Name | JOHN V O'NEILL IRA |
| Fidelity Spartan Money Market | |
| S & P100 Index Dec 430 Call | |
| S & P100 Index Dec 420 Put | |
| S & P 100 Index Dec 380Call | |
| S & P 100 Index Dec 380Call | |
| Note 1: The transactions giving rise to the Number of Securities are detailed in the Final BLMIS Statement delivered to WNB. | |

# *EXHIBIT "C"*

**BERNARD L. MADOFF INVESTMENT SECURITIES LLC**
In Liquidation
**DECEMBER 11, 2008[1]**

**NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM**

April 29, 2011

JOHN V. O'NEILL IRA

Dear JOHN V. O'NEILL IRA:

**PLEASE READ THIS NOTICE CAREFULLY.**

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC
("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities
Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order
entered on December 15, 2008 by the United States District Court for the Southern
District of New York.

The Trustee has made the following determination regarding your claim designated as
Claim No. 002934:

Based on a review of available books and records of BLMIS by the Trustee's staff, you
did not have an account with BLMIS. Because you did not have an account, you are
not a customer of BLMIS under SIPA as that term is defined at 15 U.S.C. § 78lll (2).
Accordingly, your Claim for securities and/or a credit balance is **DENIED.**

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing
before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition,
setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-
1789 (BRL) and attaching copies of any documents in support of your position, with
the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after April
29, 2011, the date on which the Trustee mailed this notice.

-------------------------------

[1] Section 78lll(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree
is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States
court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was
commenced before the date on which such application was filed, the term 'filing date' means the date on which
such proceeding was commenced." Section 78lll(7)(B). Thus, even though the Application for a protective decree
was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York 10004

and

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
Attn: Claims Department
45 Rockefeller Plaza
New York, New York 10111

_Irving Picard_

**Irving H. Picard**

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

cc:  RICHARD F. BURKHART, C/O BURKHART, PIZZANELLI, P.C.
201 PARK AVENUE, SUITE 2
WEST SPRINGFIELD, MA  01089-1597