**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**Bernard L. Madoff Investment Securities LLC,**<br><br>        Debtor. | **Adv. Pro No. 08-01789 (BRL)**<br><br>**SIPA LIQUIDATION**<br><br>**(Substantively Consolidated)** |
| **Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,**<br><br>        Plaintiffs,<br><br>  vs.<br><br>**Fairfield Sentry Limited, et al.,**<br><br>        Defendants. | **Adv. Pro. No. 09-1239 (BRL)** |
| In re:<br><br>**Fairfield Sentry Limited, et al.,**<br><br>  Debtors in Foreign Proceedings. | **Chapter 15 Case**<br><br>**Case No. 10-13164 (BRL)**<br><br>**(Jointly Administered)** |

**DECLARATION OF WILLIAM HARE IN SUPPORT OF FOREIGN
REPRESENTATIVES' REPLY IN OPPOSITION TO DERIVATIVE PLAINTIFFS'
(I) OBJECTION TO SETTLEMENT AND, IN THE ALTERNATIVE,
(II) "MOTION" TO STAY ANY APPROVAL PENDING APPEAL OF
<u>CHAPTER 15 RECOGNITION ORDER ISSUED IN CASE NO. 10-13164</u>**

  I, William Hare, declare as follows:

  1. I am the managing partner and head of the litigation and insolvency group at Forbes Hare ("<u>Forbes Hare</u>"), a law firm I founded in 2005 based in the British Virgin Islands ("<u>BVI</u>"). In April 2010, Forbes Hare opened an additional office in the Cayman Islands.

  2. My practice in the BVI primarily involves insolvency and litigation involving offshore companies, investment funds and trusts. I have provided expert evidence on

BVI law for numerous courts, including the courts of the State of New York, United States Bankruptcy Courts, and this Court in particular in connection with the above-captioned Chapter 15 proceedings.

3. Kenneth Krys and Joanna Lau, in their capacities as the liquidators and foreign representatives (together with their predecessors, the "Foreign Representatives" or "Liquidators") of Fairfield Sentry Limited (in liquidation), Fairfield Sigma Limited (in liquidation) and Fairfield Lambda Limited (in liquidation) (collectively, the "Fairfield Funds"), retained Forbes Hare in 2009 both (i) as the Liquidators' counsel in the BVI liquidation proceedings of the Fairfield Funds under the Insolvency Act, 2003, the foreign main proceedings of the Fairfield Funds (the "BVI Proceedings"), and (ii) as the Liquidators' counsel charged with overall coordination of legal strategy and advice worldwide concerning activities relating to the BVI Proceedings. Save for two of my colleagues in our Cayman Islands office, where Forbes Hare is representing the Liquidators in relation to certain claims filed in the courts of the Cayman Islands, all Forbes Hare counsel representing and advising the Liquidators in matters relating to the BVI Proceedings and actions in foreign jurisdictions are resident in the Tortola, BVI office of Forbes Hare.

4. This declaration is provided in support of the Foreign Representatives' Reply In Opposition To Derivative Plaintiffs' (i) Objection to Settlement and, In The Alternative, (ii) "Motion" to Stay Any Approval Pending Appeal of Chapter 15 Recognition Order Issued In Case No. 10-13164, filed simultaneously herewith. I am fully familiar with the facts set forth herein.

5. To the extent matters stated in this declaration are statements of legal opinion, such statements represent my view of the law of the BVI.

**Derivative Plaintiffs' (And Any Interested Parties') Rights In the BVI Proceedings.**

6.  I understand that Moring Mist Holdings Limited and Miguel Lomeli (collectively, the "Derivative Plaintiffs"), as purported shareholders of Sentry and plaintiffs in a self-styled "derivative action" purportedly brought on behalf of Sentry in New York, have appealed an Order of this Court of July 22, 2010 granting the Foreign Representatives' petition for recognition of the BVI liquidation proceedings of Fairfield Sentry pursuant to Chapter 15 of the United States Bankruptcy Code (the "Recognition Order").  I understand further that one of the issues raised by the Derivative Plaintiffs on appeal is that the public policy exception under Chapter 15 precludes recognition, because the BVI Court has ordered that the file in the BVI Proceedings be maintained under seal (the "BVI Sealing Order").[1]

7.  Pursuant to applicable BVI law, the Derivative Plaintiffs (and any other interested party) have the right to apply to the BVI Court to obtain any document filed in the BVI Proceedings.  Specifically, Rule 3.14 of the Eastern Caribbean Supreme Court Civil Procedure Rules, made applicable to the BVI Proceedings pursuant to Rule 4(1) of the BVI Insolvency Rules, provides that: "On payment of the prescribed fee, any person is entitled, during office

---

[1] As explained in my July 15, 2010 Declaration In Further Support of The Debtors' Petitions [Case No. 10-13164; Dkt. No. 75] (the "2d Hare Dec."), the BVI Court maintains strict control and supervision over the BVI Proceedings.  Pursuant to the Insolvency Act 2003 and the orders appointing the Foreign Representatives as Liquidators of the Fairfield Funds, the Liquidators are required to seek directions and permissions from the BVI Court to pursue any material activity, including in connection with litigation proceedings.  See 2d Hare Dec. ¶ 16.  Applications made to the BVI Court by Forbes Hare on behalf of the Liquidators have to be supported by evidence and legal argument justifying the course of action for which court approval is sought.  See id. ¶ 19.  Such applications frequently include confidential and/or privileged information relating to litigation strategies, such as advice memoranda from counsel, and the BVI Sealing Order protects such information and was implemented by the BVI Court precisely to facilitate openness by the Liquidators (who are its officers) with the Court in subjecting themselves to its supervision.  See id. at 9-10.

3

hours, to search for, inspect and take a copy of any of the documents filed in the court office, namely – (a) a claim form; (b) a notice of appeal; (c) a judgment or order given or made in court; and (d) *with the leave of the court, which may be granted on application made without notice, any other document*." (Emphasis added). True and accurate copies of Rule 3.14 of the Eastern Caribbean Supreme Court Civil Procedure Rules and Rule 4(1) of the BVI Insolvency Rules are attached hereto as <u>Exhibit A</u>.

8. Moreover, the Derivative Plaintiffs (and any other party) also have the right under BVI law to seek relief from the BVI Court if they believe they are aggrieved by any acts of the Foreign Representatives. Specifically, Section 273 of the BVI Insolvency Act provides that "[a] person aggrieved by an act, omission or decision of an office holders may apply to the Court and the Court may confirm, reverse or modify the act, omission or decision of the office holder." In turn, Section 272 of the BVI Insolvency Act provides that, for purposes of Section 273, "'office holder', in respect of a company, means its administrator, its liquidator, its provisional liquidator or its administrative receiver." True and accurate copies of Sections 272 and 273 of the BVI Insolvency Act are attached hereto as <u>Exhibit B</u>.

9. To the best of my knowledge, at no time have the Derivative Plaintiffs or their counsel, Milberg LLP and Seeger Weiss LLP (or any other counsel qualified to practise in the BVI acting on their behalf), availed themselves of the aforementioned rights under the foregoing BVI statutes and rules to seek relief from the BVI Sealing Order or to challenge any act or decision of the Foreign Representatives, nor have the Derivative Plaintiffs or their counsel, Milberg LLP and Seeger Weiss LLP (or any other counsel qualified to practise in the BVI acting on their behalf), appeared, or sought to appear, before the BVI Court in connection with the BVI Proceedings.

4

**The BVI Court Hearing To Consider Approval of the Settlement Agreement.**

10.     Upon application submitted by the Foreign Representatives on May 13, 2011, the BVI Court scheduled a hearing (the "BVI Approval Hearing") for June 8, 2011, at 10:00 a.m. (BVI time), to consider approval of the agreement (the "Settlement Agreement") entered into on or about May 9, 2011 by and among the Foreign Representatives and the Fairfield Funds, on the one hand, and Irving Picard (the "Trustee"), as trustee for the substantively consolidated liquidation proceedings of Bernard L. Madoff Investment Securities, Inc. ("BLMIS") and Bernard Madoff, on the other hand, which resolves their respective claims against one another pursuant to the terms of the Agreement.

11.     At the BVI Approval Hearing, the BVI Court will hear from, or consider submissions made by, any party having an interest in the Fairfield Funds' BVI Proceedings regarding approval of the Settlement Agreement.

12.     I understand that on May 13, 2011, the Foreign Representatives filed a notice (the "BVI Hearing Notice") providing certain information regarding the BVI Approval Hearing on the docket for the Fairfield Funds' Chapter 15 cases [Case No. 10-13164; Docket No. 411]. A true and accurate copy of the BVI Hearing Notice is attached hereto as Exhibit C. I have reviewed, and I am familiar with, the BVI Hearing Notice.

13.     The BVI Hearing Notice informs all parties in interest in the Fairfield Funds' Chapter 15 cases of the BVI Approval Hearing and their right and opportunity to request, in accordance with BVI law and procedure, to be heard by the BVI Court in connection with approval of the Settlement Agreements.

14.     The BVI Hearing Notice further instructs any interested party seeking additional information concerning the BVI Approval Hearing or the Settlement Agreement, or

wishing to be heard by the BVI Court in connection therewith, to contact me by telephone or email, and my contact information is also set forth in the BVI Hearing Notice.

15. To date, the Derivative Plaintiffs have not contacted or, to my knowledge, attempted to contact, me to obtain additional information concerning the BVI Approval Hearing or the Settlement Agreement, or to obtain information regarding being heard by the BVI Court at the BVI Approval Hearing or submitting papers to the BVI Court in connection therewith. Further, I do not have knowledge of any arrangements that have been made by the Derivative Plaintiffs, or their counsel, to appear before, communicate with, or submit papers to the BVI Court in connection with the BVI Approval Hearing or the Settlement Agreement. To my knowledge, no papers have been filed with or submitted to the BVI Court by or on behalf of the Derivative Plaintiffs in connection with the Settlement Agreement and the BVI Approval Hearing.

I declare under the penalty of penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 2, 2011.

/s/    William Hare
WILLIAM HARE