**MBA**
Société d'Avocats

Moisand Boutin & Associés



RECEIVED
- 2 2011
U.S BANKRUPTCY COURT
SO DIST OF NEW YORK

David Sheehan, Esq,
Judith A. Sleby, Esq,
**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111

By email and by express mail

cc   Clerk of United States Bankruptcy Court
for the Southern District of New York
One Bowling Green
New York, NY 10004

By express mail

cc   Honorable Burton R. Lifland
One Bowling Green
New York, NY 10004

By express mail

Paris, le 1$^{er}$ juin 2011

Réf. :   **Adv. Pro. No. 08-01789 (BRL)**
SIPA Liquidation
**THE TRUSTEE'S RESPONSE OT OBJECTION TO MOTION FOR
ENTRY OF LITIGATION PROTECTIVE ORDER**

**OFFICIELLE**

Chers Confrères,

Vous avez cru nous rendre destinataire de différents documents par simple email.

Ces documents et ses annexes sont tous en langue anglaise dont aucune traduction n'est jointe à votre envoi.

Moisand Boutin & Associés

Ces documents et ses annexes semblent :

- Soit concerner les conditions dans lesquelles des « Confidentials Materials » seraient susceptibles d'être divulgués et/ou échangés dans le cadre de procédures initiées aux Etats-Unis par le Trustee de la société BLMIS (i) ;

- Soit constituer une réponse à la lettre qui vous a été adressée le 24 mars 2011 (ii).

(i) Comme les documents et annexes dont vous aviez cru devoir rendre destinataire Monsieur LITTAYE dans le courant du mois de mars 2011, la transmission des documents précités et de ses annexes ne répond à aucune des règles d'ordre public régissant les conditions de délivrance des actes judiciaires en matière internationale et, plus particulièrement, celles contenues dans la Convention de la Haye du 15 novembre 1965.

Dès lors, dans ce contexte, si, malgré les arguments qui s'y opposent, tenant notamment à la violation des règles essentielles et d'ordre public tenant à la délivrance des actes en matière internationale, au respect des règles du contradictoire et des droits de la défense, une décision devait être rendue par le juge auquel sera soumis ce document et ses annexes, cette décision sera nulle, sans effet et sans portée à l'égard de Monsieur LITTAYE.

(ii) Sur le document qui semble constituer une réponse à la lettre qui vous a été adressée le 24 mars 2011 (lettre à mon attention du 31 mars 2011), au delà du fait que cette lettre est en langue anglaise sans aucune traduction annexée, elle ne peut constituer un acte de procédure, faute notamment de répondre aux règles d'ordre public régissant les conditions de délivrance des actes judiciaires en matière internationale et plus particulièrement, celles contenues dans la Convention de la Haye du 15 novembre 1965.

De plus, le contenu de cette réponse est particulièrement édifiant tant sur le fond que sur la forme.

- Sur la forme :

Comment pouvez-vous tenter de justifier que les règles les plus élémentaires de délivrance des actes judiciaires en matière internationale n'ont pas été respectées dans la mesure où la transmission à Monsieur LITTAYE des documents incriminés aurait été faite par courtoisie ?

Comment pouvez-vous, en effet, tout à la fois prétendre qu'il s'agit d'une transmission par courtoisie des documents incriminés tout en précisant que le « *new Litigation Protective Order* » régira notamment la procédure « *Picard v UBS AG et al., Adv ;Pro.No. 10-04285* », dans laquelle Monsieur LITTAYE apparaît comme défendeur, tout en reconnaissant, par ailleurs, que, à la date à laquelle ce dernier a été destinataire desdits documents, il n'avait reçu pas délivrance de l'acte introductif d'instance le concernant ?

Moisand Boutin & Associés

Ces arguments sont d'autant plus stupéfiants à la lumière de certaines mentions figurant dans le document dénommé «THE TRUSTEE'S RESPONSE TO OBJECTION TO MOTION FOR ENTRY OF LITIGATION PROTECTIVE ORDER » dans lequel le Trustee reproche aux conseils de Monsieur LITTAYE de ne pas s'être régulièrement présenté devant le Tribunal et de n'avoir pas régulièrement déposé d'argumentaire.

A ce titre, il est ainsi préjudicié aux droits de Monsieur LITTAYE de débattre de règles qui régiront certains aspects tenant à la confidentialité des pièces produites dans le cadre d'une procédure judiciaire envisagée à son encontre, alors même qu'il n'avait pas reçu délivrance de l'acte introductif d'instance et que les questions tenant à toutes les exceptions de procédure et fins de non recevoir pouvant être soulevées n'ont pas été purgées.

Comment pouvez-vous tenter de justifier cette situation procédurale inextricable à savoir inviter le Tribunal à définir les conditions dans lesquelles seront régies certains aspects tenant à la confidentialité des pièces produites dans le cadre de procédures judiciaires et à rendre opposables ces conditions à des parties qui n'ont pas encore reçues les actes introductifs d'instance et qui entendent soulever des exceptions de procédure et fins de non recevoir en raison du prétendu refus qui vous aurait été opposé par les avocats de Monsieur LITTAYE appartenant au Cabinet KATTEN d'accepter pour son compte une telle délivrance ?

Faut-il une fois encore rappeler que les conditions de délivrance des actes judiciaires en matière internationale sont régies par des conventions internationales notamment que toute personne se doit de respecter.

Si pour des raisons qui lui sont propres votre cabinet a pris la décision de présenter une « MOTION FOR ENTRY OF LITIGATION PROTECTIVE ORDER » avant même que toutes parties visées par les procédures envisagées aient reçu la délivrance des actes introductifs d'instance selon les termes et conditions prévues par les conventions internationales et que ces parties aient pu faire valoir les exceptions de procédure et fins de non recevoir, la responsabilité et les conséquences de cette irrégularité procédurale majeure ne sauraient en outre être supportées par Monsieur LITTAYE qui subirait alors un acharnement judiciaire inadmissible.

- Sur le fond :

Tout d'abord, vous ne contestez nullement que des informations manifestement inexactes, pour ne pas dire fallacieuses voire mensongères sont contenues dans les projets d'assignation établis par votre Cabinet à la requête du Trustee de la société BLMIS.

Par ailleurs, vous ne pouvez prétendre que notre argumentation sur l'utilisation et la divulgation par votre cabinet de toute ou partie de documents confidentiels serait incorrecte en vous prévalant de correspondances qui auraient été échangées entre votre cabinet et le cabinet Katten, « Access's US counsel », sans même produire lesdites correspondances et en préciser les dates exactes d'envoi et de réception ?

3

A ce titre, il nous apparaît que la loyauté qui devrait présider à toute prétention judiciaire aurait dû vous conduire à produire ces correspondances dont vous vous gardez soigneusement de donner les dates précises d'envoi et de réception et dont vous semblez donner une interprétation toute personnelle.

Dès lors, vous ne pouvez prétendre dans le document dénommé «*THE TRUSTEE'S RESPONSE TO OBJECTION TO MOTION FOR ENTRY OF LITIGATION PROTECTIVE ORDER*», que le Trustee serait «*falsely accused misusing confidentials documents*» sans même produire les pièces concernées?

Enfin, comment pouvez-vous expliquer que des documents confidentiels aient été produits dans des procédures européennes par des parties étrangères aux procédures américaines qui se prévalent de l'autorisation de votre cabinet pour les communiquer ?

A ce titre, il ressort de l'interprétation même que vous donnez des correspondances qui auraient été échangées avec le Cabinet KATTEN qu'aucune autorisation n'a été donnée pour l'utilisation et/ou la divulgation des documents confidentiels notamment dans le cadre de procédures étrangères ou à des personnes localisées géographiquement en dehors des Etats-Unis d'Amérique. Il importe peu que votre Cabinet n'ait pas compris les raisons ni même les fondements de telles restrictions, il ne pouvait s'en faire juge notamment au regard des dispositions du «*Protective Order*» du 16 février 2010.

En conclusion, Monsieur LITTAYE maintient par les présentes l'ensemble des observations et réserves de tout recours contenues dans son courrier du 24 mars 2011.

Nous vous prions de croire, Chers Confrères, en l'assurance de nos salutations.

Hélène FLORAND
Avocat-Associée

4

**DHL EXPRESS** — Lettre de Transport Aérien / Shipment Air Waybill

Exemplaire accompagnant l'envoi

562 7758 791

**2. De (Expéditeur) / From (Shipper)**
NOISHAD BOUTIN ET ASSOCIES
4 AV. VAN DYCK
PARIS
FRANCE
Tel: 01 47 66 51 19

**3. A (Destinataire) / To (Receiver)**
Clerk of United States
Bankruptcy Court for the
Southern District of New York
One Bowling Green
New York, NY 10004
Pays / Country: USA
Code postal: NY 10004

**4. Détails de l'envoi / Shipment details**
Poids total / Total Weight: 0.39 kg
Nombre de colis: 1

**5. Description complète du contenu / Full description of contents**
Lettre papier

Date: 01/06/11

PT09/08 F19 FR MP