David A. Barrett
Howard L. Vickery, II
BOIES, SCHILLER & FLEXNER LLP
575 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-2300

Robert C. Finkel
James A. Harrod
WOLF POPPER LLP
845 Third Avenue
New York, NY 10022
Telephone: (212) 759-4600

Christopher Lovell
Victor E. Stewart
LOVELL STEWART HALEBIAN JACOBSON LLP
61 Broadway, Suite 501
New York, NY 10006
Telephone: (212) 608-1900

*Counsel for the Anwar Plaintiffs*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Debtor.<br>-------------------------------------------------------<br>IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>FAIRFIELD SENTRY LIMITED, et al.,<br><br>Defendants. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated)<br><br>Adv. Pro. No. 09-1239 (BRL)<br><br>Hearing Date:   June 21, 2011 at 10:00 am<br>Objection Date: June 14, 2011 |

### OBJECTION OF THE *ANWAR* PLAINTIFFS TO MOTION FOR ENTRY OF ORDER APPROVING SETTLEMENTS BETWEEN THE GREENWICH SENTRY FUNDS AND THE BLMIS TRUSTEE

TO:    THE HONORABLE BURTON R. LIFLAND
       UNITED STATES BANKRUPTCY JUDGE

Greenwich Sentry L.P. limited partners Pasha S. Anwar and Julia Anwar, ABR Capital

Fixed Option/Income Strategic Fund LP, Dawson Bypass Trust, Diversified Investment

Associates Class A Units, Larry Centro, and Martin and Shirley Bach Family Trust, and

Greenwich Sentry Partners L.P. limited partner Natalia Hatgis, all of whom are named plaintiffs

in the putative class action proceeding, *Anwar v. Fairfield Greenwich Limited et al.*, No. Civ. 09-

cv-0118 (S.D.N.Y.) (the "*Anwar* Action") (objectors, collectively, the "*Anwar* Plaintiffs"),[1]

hereby make a limited objection to the motion of Greenwich Sentry, L.P. and Greenwich Sentry

Partners, L.P., debtors and debtors-in-possession (collectively, the "Greenwich Sentry Funds" or

"Debtors"), seeking entry of an order approving settlement agreements (the "Settlements")

between each of the Greenwich Sentry Funds and Irving H. Picard (the "BLMIS Trustee" or the

"Trustee"), in his capacity as trustee for the liquidation under the Securities Investor Protection

Act of 1970, as amended, of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the

substantively consolidated Chapter 7 case pending before the United States Bankruptcy Court for

the Southern District of New York of Bernard L. Madoff ("Madoff") to the extent that the

proposed Settlements require the parties to seek entry of a bar order permanently enjoining direct

claims against non-debtors, and in support thereof, the *Anwar* Plaintiffs respectfully represent as

follows:

### INTRODUCTION

After defrauding the limited partners of the Greenwich Sentry Funds by inducing them to

invest and retain their assets in the Madoff Ponzi scheme on the basis of misrepresentations and

omissions about their own due diligence and the nature of the investments, Jeffrey Tucker and

---

[1]  This objection is also brought, to the extent permissible by applicable bankruptcy rules, on behalf of the putative class in the *Anwar* Action of limited partners of the Debtors who suffered a net loss of principal in the Debtor funds. (Exh. 1, ¶ 351.)

the general partner of the Greenwich Sentry Funds, acting as Debtors-in-Possession, are now
seeking to use the Settlements between the Funds and the BLMIS Trustee to avoid any liability
to their limited partners for their misdeeds.  The Settlements they have negotiated – purportedly
acting as fiduciaries to the Funds' creditors and limited partners – in fact blatantly look to
advance their own interests, by requiring both the Funds and the BLMIS Trustee to seek entry of
a bar order in this Court that would permanently enjoin the Funds' limited partners from
pursuing their own direct claims against the Funds' Management (the "Management").[2]

The claims that would be enjoined by this bar order are not hypothetical, potential claims.
They are claims that the *Anwar* Plaintiffs commenced in early 2009 on behalf of a class of all
limited partners who suffered a net loss of principal on their investment in the Funds.  The
United States District Court presiding over the *Anwar* Action has determined, ruling on extensive
motions to dismiss filed by the defendants, that the *Anwar* Plaintiffs have properly alleged
standing to pursue these claims in their own right, and have properly alleged fraud against many
of the Management defendants, including Tucker.  *Anwar v. Fairfield Greenwich Ltd.*, 728
F.Supp.2d 372, 401-02 (S.D.N.Y. 2010) (Marrero, J.).

The permanent bar order that the Settlements require the parties to seek (but not
necessarily to obtain) would clearly be unlawful.  Under controlling Second Circuit precedent,
this Court would not have the jurisdiction to enter the bar order, because it would enjoin claims

---

[2] "Management" is defined in Section 4 of the proposed Settlement Agreement to include claims
against entities denominated as the "Fairfield Greenwich Group", Fairfield Greenwich
(Bermuda) Limited, Fairfield Greenwich Advisors, LLC, Fairfield Risk Services Limited,
Fairfield Greenwich Limited, Fairfield International Managers, Inc., Walter M. Noel, Jr., Jeffrey
Tucker, Andres Piedrahita, Amit Vijayvergiya, and all other officers, directors, employees,
shareholders, partners, alleged partners, or members of the foregoing Fairfield Greenwich
entities or their relatives (as defined in 11 U.S. 101(45), or the affiliates of any of the foregoing.
This definition includes all of the Fairfield-related defendants sued in the *Anwar* Action.  (*Anwar*
Action, D.E. # 273, Plaintiffs' Second Consolidated Amended Complaint, ¶¶ 117-152, attached
hereto as Exhibit 1.)

which are not the property of the estate and which have no effect on the estate.  *See In re Johns-Manville Corporation*, 517 F.3d 52, 64 (2d Cir. 2008) ("*Manville III*"), *reversed on other grounds*, 129 S. Ct. 2195 (2009).[3]  Furthermore, if the Debtors' restructuring plans included the permanent bar order, as required by the Settlements, the plans would be unlawful under Section 524(e) of the Bankruptcy Code, because they would have the effect of discharging a non-debtor's liability.  Because the bar order provisions of the Settlements require the parties to seek entry of an order that would be unlawful, these provisions cannot be approved.

Entering a permanent bar order to protect the non-debtor Management from direct liability to the limited partners as a quid pro quo for a monetary contribution and concessions from the Greenwich Sentry Funds is an abomination.  The clear conflict of interest under which Tucker and the general partner were laboring when they negotiated the bar order provisions also precludes their approval.  *See, e.g., In re Matco Elecs. Group, Inc.*, 287 B.R. 68, 77-79 (Bankr. N.D.N.Y. 2002).  Tucker and the Management are facing hundreds of millions of dollars in liability to the Funds' limited partners in the *Anwar* Action.  With this sword hanging over their heads, Tucker and the general partner cannot seriously contend that they were able to put aside their own personal interests in avoiding liability in the *Anwar* Action, and act solely in the interests of the Funds' creditors and limited partners when negotiating these provisions.  Their obviously conflicted position is not salvaged by the fact that the Settlements preserve the *Funds'* claims against the Management and assign those claims to the BLMIS Trustee.  The *Anwar* Action has survived motions to dismiss and is in the heat of discovery, while the Funds have not yet brought any claims; furthermore, defenses, such as *in pari delicto*, may apply to the Funds' claims which would not be enjoined, but would not apply to the limited partners' claims, which

---

[3]  This Objection adopts the numeric descriptions used by the Second Circuit in *In re Johns–Manville*, 600 F.3d 135 (2d Cir. 2010) which is herein referred to as *Manville IV*.

would be enjoined.  Thus, the bar orders contemplated in the Settlements confer significant

personal benefit on the Management by enjoining the claims in the *Anwar* Action.  This conflict

of interest irreparably taints the bar order provisions in the Settlements.

The bar order provisions in the Settlements cannot be approved for an additional reason:

the parties failed to provide proper notice of the provisions to the limited partners.  While the

parties' motions purport to summarize the material terms of the Settlements, neither discloses

that the Settlements require the parties to seek bar orders enjoining the direct claims of the

limited partners in the *Anwar* Action.  Rather, the motions misleadingly suggest that other

individuals would be barred from pursuing the *Debtors'* claims.  Furthermore, the representation

in the Debtors' motion that certain limited partners support the Settlements is misleading; in fact,

the parties consulted with a limited partner who brought a separate action regarding his losses,

but opted not to bring his own direct claims against the Management, and therefore, the bar order

would not have been relevant to him.

Accordingly, this Objection urges disapproval of the provisions in the Settlements that

would require the parties to seek entry of a bar order enjoining the direct individual claims of the

Funds' limited partners, for the reasons stated herein.  It takes no position on the remainder of

the Settlements.

## STATEMENT OF FACTS

1.    The District Court presiding over the *Anwar* Action has appointed the

undersigned as Interim Co-Lead Counsel to act on behalf of the putative class of all of

Greenwich Sentry Funds' limited partners who suffered a net loss of principal invested in the

Greenwich Sentry Funds as a result of the Madoff Ponzi scheme.  (*Anwar* Action, D.E. # 40.)

The *Anwar* Action also includes in the putative class investors in the Fairfield Sentry and

Fairfield Sigma funds, whose claims are not implicated by the proposed Settlements.

2.      On September 29, 2009, the *Anwar* Plaintiffs filed their Second Consolidated

Amended Complaint (*Anwar* Action, D.E. # 273) (Exh. 1), which, among other claims, brings

federal and state law fraud claims based on the misrepresentations and omissions of Greenwich

Sentry Funds' Management, which caused the *Anwar* Plaintiffs and the putative class to invest in

the Greenwich Sentry Funds and hold their positions in the Funds.

3.      The Management sued in the *Anwar* Action include the Greenwich Sentry Funds'

General Partner, Fairfield Greenwich (Bermuda), Ltd. ("FGBL"), and its director, Jeffrey

Tucker, who executed the Settlements at issue here.  (Exh. 1, ¶¶ 117-152.)

4.      Defendants in the *Anwar* Action filed motions to dismiss, arguing, *inter alia*, that

the Greenwich Sentry Funds' limited shareholders lacked standing to bring claims because their

claims belonged to the Greenwich Sentry Funds.  The District Court rejected that argument,

finding that Plaintiffs had sufficiently alleged standing to bring their own direct, individual

claims against the Greenwich Sentry Funds' Management.  *Anwar*, 728 F. Supp. 2d at 401-02.

In short, the court held, subject to factual development at the class certification and summary

judgment stage, that the claims brought by the limited partners in the *Anwar* Action do not

belong to the Greenwich Sentry Funds.  *Id.*

5.      The District Court also refused to dismiss the fraud claims against most although

not all of the Management defendants, concluding that the more cogent inference from the

plaintiffs' allegations was that the defendants' "finer faculties were overcome by the fees they

earned and that they turned a blind eye to obvious signs of fraud."  *Id*. at 410 (emphasis added).

The following causes of action against FGG Management entities and individuals have survived

the Defendants' motion to dismiss: securities fraud under § 10(b), control person liability under §

20(a), common law fraud, gross negligence, negligent misrepresentation, breach of fiduciary

duty owed directly to the limited partners, mutual mistake and unjust enrichment.  *Id.* at 412-421.

6.      The BLMIS Trustee has sued certain of the same Management, including FGBL

and Tucker.  While the *Anwar* Plaintiffs' claims focus on the misrepresentations and omissions

made to investors to induce them to make and retain investments into Greenwich Sentry, the

BLMIS Trustee's allegations focus on how the Management promoted the Madoff Ponzi

scheme.  The BLMIS Trustee alleges that FGBL, Tucker, and the other Management "engaged

in a systematic, purposeful enterprise with Madoff to maintain and profit from a fraud and

wrongly enrich themselves," that they had "actual and constructive knowledge of Madoff's

fraud," that they "acted as Madoff's *de facto* partners," and that they "knowingly and actively

aided Madoff, causing a catastrophic growth of the fraud."  Amended Complaint, Adv. Pro. 09-

01239 (BRL), United States Bankruptcy Court for the Southern District of New York, D.E. 23,

¶¶ 3, 4(n).)

7.      The same Management still controls the Greenwich Sentry Funds as Debtors-in-

Possession.  Indeed, Tucker executed the Settlements for the Greenwich Sentry Funds' general

partner, FGBL.

8.      The Settlements call for the BLMIS Trustee to "use reasonable efforts to obtain

entry" of a bar order that would purport to enjoin the *Anwar* Plaintiffs and all other limited

partners from pursuing any claims against the Management of the Greenwich Sentry Funds, even

claims that they hold individually.  Specifically, paragraph 15 of the Settlements requires the

BLMIS Trustee to:

> use his reasonable efforts to obtain entry of an order of the court
> with jurisdiction over the SIPA Proceeding that enjoins and
> restrains any person or entity who was ever a limited partner or a
> beneficial owner of any limited partnership interest in Greenwich

> Sentry from commencing, continuing, asserting or prosecuting in
> an individual, derivative or any other capacity any Claims Against
> Management.

(Settlements, ¶ 15.)  Paragraph 17 goes on to require the Debtor to file and seek entry of a plan of

reorganization that:

> shall bar Greenwich Sentry's present and former limited partners
> and holders of any limited partner interest in Greenwich Sentry
> from prosecuting any Enjoined Claims, known or unknown, that
> are, have been, could have been or might in the future be asserted,
> including but not limited to the Greenwich Sentry limited partners'
> claims in *Anwar v. Fairfield Greenwich Limited et al.*, No. Civ. 09-
> cv-0118 (S.D.N.Y.) and the claims brought derivatively in *Ferber
> v. Fairfield Greenwich Group*, Index No. 600469/2009 (N.Y. Sup.
> Ct 2009.)

(Settlements, ¶ 17.)  Neither of the above provisions make the actual obtaining of such a bar

order a condition precedent to the other terms of the Settlements.

9.      Neither the *Anwar* Plaintiffs, nor Interim Co-Lead Counsel for the Class in the

*Anwar* Action, were consulted regarding the Settlements, or informed by the parties that the

Settlements sought to bar their direct, individual claims.

10.     In their motion, the Greenwich Sentry Funds represent that "holders of not less

than $60 million in limited partner interests in GS favor the Court's approval of the Settlement."

On inquiry, Counsel for the Debtors disclosed to counsel for the *Anwar* Plaintiffs that the limited

partner in question is G. Phillip Stephenson, who filed a separate individual action *G. Phillip

Stephenson v. Citco Group Limited, et al.*, Case No. 09-cv-716 (S.D.N.Y.).  Notably, Stephenson

did not bring any direct claims against the Management in that action.  Therefore, the bar order

provision was irrelevant to him.

11.     In contrast to these Settlements, the settlement agreement between the BLMIS

Trustee and the Greenwich Sentry Funds' sister fund, Fairfield Sentry Ltd., which is currently

managed by independent liquidators appointed in the British Virgin Islands, does not seek to bar

the individual claims of Fairfield Sentry's shareholders against the Management.  *See* Adv. Pro.

09-01239 (BRL), United States Bankruptcy Court for the Southern District of New York, D.E.

69-3.

## ARGUMENT

I.   **THE *ANWAR* PLAINTIFFS HAVE STANDING TO OBJECT TO THE SETTLEMENTS AND THEIR INTERESTS MUST BE CONSIDERED IN BOTH ACTIONS**

The *Anwar* Plaintiffs, as limited partners in the Greenwich Sentry Funds, unquestionably

have standing to object to a settlement agreement that requires the parties to seek entry of an

order barring them from asserting their own direct claims against the Management of the

Greenwich Sentry Funds.  *See, e.g., In re Zale Corp.*, 62 F.3d 746, 751 (5th Cir. 1995) (non-

creditor third parties subject to a bar order entered in connection with approval of a bankruptcy

settlement have standing to challenge that settlement); *In re American Dev. Int'l Corp.*, 188 B.R.

925 (N.D. Tex. 1995) (unsecured creditors who are not a party to the bankruptcy proceeding

have standing to challenge a bar order that effects their claims).  *See also In re Remsen Partners,

Ltd.*, 294 B.R. 557, 564 (Bankr. S.D.N.Y. 2003) (third party that would obtain "little or no

recovery if the [bankruptcy] settlement [was] approved" is an aggrieved party with standing to

object).[4]

Furthermore, it is appropriate for the Court to consider the rights and interests of the

*Anwar* Plaintiffs as non-parties who have independent claims that would be extinguished without

their consent.  *In re Zale Corp.*, 62 F.3d at 754 ("looking only to the fairness of the settlement as

---

[4]  Because the proposed settlement agreement is subject to the Bankruptcy Court's approval in both the Greenwich Sentry Funds case and the SIPA Proceeding, and seeks entry of the proposed bar order in the SIPA proceeding, the *Anwar* Plaintiffs may properly object in both cases, and have done so.

between the debtor and the settling claimant [and ignoring third-party rights] contravenes a basic

notice of fairness") (internal citations omitted).  To ignore the interests of the *Anwar* Plaintiffs

would "contravene[] a basic notion of fairness."  *In re Devon Capital Mgmt.*, 261 B.R. 619, 623

(Bankr. W.D. Pa. 2001) (approving settlement but rejecting bar order that would have

extinguished claims of third parties).

## II.    THE COURT LACKS JURISDICTION TO ENTER A BAR ORDER ENJOINING THE *ANWAR* PLAINTIFFS FROM PURSUING DIRECT CLAIMS AGAINST THE NON-DEBTOR MANAGEMENT

The Settlements require that the Greenwich Sentry Funds and the Trustee each seek an

order permanently enjoining third parties, including specifically, the *Anwar* Plaintiffs, from suing

the Management of the Greenwich Sentry Funds, the very persons who defrauded them.  Judge

Victor Marrero has already held on motions to dismiss that the putative class of limited investors

in the Greenwich Sentry Funds properly alleged standing to assert claims against the

Management Defendants for securities fraud under § 10(b), control person liability under

§ 20(a), common law fraud, gross negligence, negligent misrepresentation, breach of fiduciary

duty owed directly to the limited partners, mutual mistake and unjust enrichment.  *Anwar*, 728

F.Supp.2d at 412-421.  Liability on these claims is premised on the tortious acts of the

Management in violation of independent legal duties owed to the *Anwar* Plaintiffs.  These direct

claims belong solely to the limited partners, in sharp contrast to garden variety mismanagement

claims that are deemed to be property of the Greenwich Sentry Funds' estate.

### A.    The Class Claims Are Not Property of the Greenwich Sentry Funds' Estate and Have No Effect on the Estate

The jurisdiction of this Court to enter a bar order against the limited partners must be

conferred by 28 U.S.C. § 1334(b), which provides that "[t]he district courts shall have original

but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or

related to cases under title 11." *Manville III*, 517 F.3d at 64.[5]  In practice, this means that this

Court only has jurisdiction to enjoin the claims asserted against Management in the *Anwar*

Action if these claims are property of the estate or have an effect on the estate:

> Those cases in which courts have upheld "related to" jurisdiction
> over third party actions do so because the subject of the third-party
> dispute is property of the estate, or because the dispute over the
> asset would have an effect on the estate.  Conversely, courts have
> held that a third party action does not create "related to"
> jurisdiction when the asset in question is not property of the estate
> and the dispute has no effect on the estate.

*Manville III*, 517 F.3d at 65 (quoting *In re Zale*, 62 F.3d at 753-54).

The Court lacks jurisdiction because the independent claims asserted by the *Anwar*

Plaintiffs against Management do not "directly" or even "indirectly" reduce the assets of the

Debtors' estate.  *Manville IV*, 600 F.3d at 152 ("[A] bankruptcy court only has jurisdiction to

enjoin third-party non-debtor claims that *directly* affect the *res* of the bankruptcy estate.")

(*emphasis added*); *Manville III*, 517 at 64; *In re Dreier LLP*, 429 B.R. 112, 133 (Bankr.

S.D.N.Y. 2010) (stating that a proposed bar order that may limit direct claims "goes well beyond

derivative claims, and ultimately exceeds the Court's subject matter jurisdiction"); *In re Zale*, 62

F.3d at 753-54.

Any recovery in the *Anwar* Action by the class will be against Management alone,

because the Greenwich Sentry Funds are not defendants in *Anwar*.  A judgment in favor of the

class in the *Anwar* Action, therefore, will not have a direct effect on the *res* of the Greenwich

Sentry Funds' estate.

---

[5]  On remand, the Second Circuit reaffirmed its jurisdictional holding in *Manville III*, 600 F.3d
135, 148, 152-3 (2d Cir. 2010) noting that the Supreme Court "neither embraced nor assailed"
and "did not contradict the conclusion of our jurisdictional inquiry" that the bankruptcy court
exceeded its subject matter jurisdiction in issuing the bar order enjoining third party claims
against a non-debtor insurance company that were not derivative of the insured's wrongdoing.
*Manville Corp. IV*, 600 F.3d at 148, 152.

Judge Marrero held last summer that the *Anwar* Plaintiffs properly alleged direct claims against the Management, not derivative claims that could only be asserted by the Greenwich Sentry Funds.  It is well-settled that direct shareholder claims do not belong to a corporate debtor's estate.  *In re Dreier LLP*, 429 B.R. at 133; *In re Granite Partners, L.P.*, 194 B.R. 318 (S.D.N.Y. 1996) (trustee had no standing to assert fraudulent inducement claims that belonged to investors in defunct hedge funds); *In re Seven Seas Petroleum Inc.*, 522 F.3d 575, 584 (5th Cir. 2008) (trustee has no right to bring personal claims that belong solely to the estate's creditors); *In re Caspri Corp.*, 2010 WL 743914 at *4-5 (Bankr. W.D. Tex. Feb. 25, 2010); *Medlin v. Wells Fargo Bank, NA. (In re I.G. Service, Ltd. et al.)*, 2008 Bankr. LEXIS 818 at *12 (Bank. W.D. Tex. Mar. 19, 2008).  Similarly, this Court does not have jurisdiction over the limited partners' independent claims against the Management just because the limited partners' direct claims may share certain facts in common with claims that the Greenwich Sentry Funds have agreed to assign to the BLMIS Trustee.  *See Manville III*, 517 F.3d at 65 (citing *In re Zale*, 62 F.3d at 753-54).

Furthermore, "related to" jurisdiction cannot be deemed to exist because a judgment against the Management might trigger a further indemnity claim against Greenwich Sentry Funds.  This would require a separate lawsuit against the bankrupt estate.  In order to satisfy "related to" jurisdiction the initial lawsuit must affect the estate, not a secondary lawsuit arising from the first.  *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 225 (3rd Cir. 2004) ("Indeed, we have stated and restated that, in order for the bankruptcy court to have related-to jurisdiction to enjoin a lawsuit, that lawsuit must 'affect the bankruptcy [] without the intervention of yet another lawsuit"); *In re W.R. Grace & Co.*, 591 F.3d 164, 172-3 (3rd Cir. 2009).

11

The fact that the Settlements may be in the financial interest of the Greenwich Sentry Funds and may enrich the BLMIS estate also does not provide a basis for the exercise of this Court's jurisdiction. *Manville III*, 517 F.3d at 66 ("It was inappropriate for the bankruptcy court to enjoin claims brought against a third-party debtor solely on the basis of that third party's contribution to a debtor's estate.").

In sum, the jurisdictional predicate necessary to enjoin the limited partners' direct claims against the Management is non-existent. This Court lacks the power to enter a permanent injunction protecting Management from the direct claims of limited partners. Therefore, the Court should refused to approve the bar order provisions in paragraphs 15 and 17 of the Settlements.[6]

### B.    The Permanent Bar Order Contemplated in the Settlements Enjoining Direct Claims Against the Management Is Invalid Because It Violates Bankruptcy Code § 524(e)

Apart from the jurisdictional issue, the bar order contemplated in the Settlements would offend 524(e) of the Bankruptcy Code, because it would have the effect of permanently discharging a non-debtor's liability for direct, non-derivative claims. *See In re Seven Seas Petroleum*, 522 F.3d at 590. Section 524(e) of the Bankruptcy Code affirmatively provides that the discharge of a debtor does not release the liability of a non-debtor. A bankruptcy court order that indirectly contravenes § 524(e) by effectively discharging persons other than the debtor from

---

[6] Even assuming *arguendo* that the Court has subject matter jurisdiction to enter a permanent injunction barring the limited partner claims against Management, which it does not, permanent injunctions barring suits against non-debtors are "proper only in rare cases," in "extraordinary cases," or in "truly unusual circumstances". *In re Metromedia Fiber Networks, Inc.*, 416 F.3d 136, 141-2 (2d Cir. 2005). As the Second Circuit warned in *In re Metromedia Fiber Network, Inc.*, "a non-debtor release is a device that lends itself to abuse." 416 F.3d 136. Subsequently, in *Manville III*, the Court of Appeals pointed to financial contributions conditioned on releases of non-debtors as a form of abuse that it had in mind. 517 F.3d at 66. This is the case here where the Management is paying money and making financial concessions from the Greenwich Sentry estate to BLMIS in exchange for a promise by the BLMIS Trustee to support a bar order enjoining direct claims by limited partners against the self-same Management.

liability for direct claims is *per se* invalid. *In re Zale*, 62 F.3d at 760; *In re Dreier LLP*, 429 B.R. 112 (Bankr. S.D.N.Y. 2010) (court lacked subject matter jurisdiction to permanently bar hedge funds' independent claims for, *inter alia*, fraud, negligence or breach of fiduciary claims, against a non-debtor investment manager as part of a settlement agreement with the debtor's estate).

### III.    THE GENERAL PARTNER'S OBVIOUS CONFLICT OF INTEREST PRECLUDES APPROVAL OF THE BAR ORDER PROVISIONS IN THE SETTLEMENTS

The blatant conflict of interest of the general partner and Jeffrey Tucker, who executed the Settlements, and the Funds' Management involved in the negotiations as Debtors-in-Possession, also preclude approval of the bar order provisions in the Settlements. *See, e.g., In re Matco Elecs. Group, Inc.*, 287 B.R. 68, 77-79 (Bankr. N.D.N.Y. 2002) (rejecting settlement because of numerous "red flags" where debtors' officers who signed the agreement had a clear conflict of interest and were granted personal releases as part of the settlement); *In re Nationwide Sports Distrb.*, 227 B.R. 455, 463 (Bankr. E.D. Pa. 1998) (rejecting bankruptcy settlement where facts suggested that corporate insiders of debtor-in-possession designed settlement for their own personal benefit and breached fiduciary duties owed to creditors).

As Debtors-in-Possession, Tucker and the general partner are required to act as fiduciaries for Greenwich Sentry Funds' creditors and limited partners. *See In re Centennial Textiles, Inc.*, 227 B.R. 606, 612 (Bankr. S.D.N.Y. 1998) (debtor-in-possession and its officers owe fiduciary duty to creditors). However, they are simultaneously facing fraud and other claims for hundreds of millions of dollars brought by the Funds' limited partners in the *Anwar* Action. These positions are irreconcilable. Tucker and the general partner could not have been acting in the best interests of the limited partners when they agreed in the Settlements to seek a bar order that would enjoin the claims the limited partners had brought against them.

It is irrelevant to the conflict analysis that the Funds' claims against the Management, assigned to the BLMIS Trustee, would survive the bar orders. The Management still stands to gain significant personal benefit if the claims *Anwar* Action are enjoined. They are facing substantial personal liability in the *Anwar* Action, on claims which have passed motions to dismiss are proceeding through class and merits discovery. Moreover, because the Funds' claims (which the Funds have not even brought yet) and the limited partners' claims are separate and distinct, and each are subject to different defenses, it is conceivable that the Management could prevail on one set of claims while losing on the other. This obvious and material conflict of interest irreparably taints the bar order provisions in the Settlements, and the bar order provisions cannot be approved.

It is telling that the settlement between the BLMIS Trustee and the Greenwich Sentry Funds' sister fund, Fairfield Sentry Ltd., which is currently managed by independent liquidators appointed in the British Virgin Islands, though similar in some respects to the Settlements here, contains no provisions that seek to bar the individual claims of Fairfield Sentry's shareholders, also proceeding in the *Anwar* Action. *See* Adv. Pro. 09-01239 (BRL), United States Bankruptcy Court for the Southern District of New York, D.E. 69-3.

## IV.    THE PARTIES' FAILURE TO PROVIDE ADEQUATE NOTICE OF THE BAR ORDER PROVISIONS PRECLUDES THEIR APPROVAL

The bar order provisions in the Settlements must also be rejected for improper notice. The proposed order submitted in connection with the motion states that "sufficient notice" was "given to all parties in interest as required by Rules 2002 and 9019." Rule 2002(c)(3) provides that the notice for an injunction against conduct not otherwise enjoined under the Code shall: "(A) include in conspicuous language (bold, italic, or underlined text) a statement that the plan

proposes an injunction; (B) describe briefly the nature of the injunction; and (C) identify the

entities that would be subject to the injunction."  No such notice was provided here.

The Debtors' motion states (at 5) that "all persons other than the BLMIS Trustee shall be

barred from prosecuting Claims Against Management."  However, "Claims Against

Management" is misleadingly defined earlier in the bullet point as the *Debtor's* claims against

their Management (and others) that were being assigned to the BLMIS Trustee.[7]  Thus, the

motion states that the Settlements would bar all persons from pursuing the *Debtors'* claims

against their Management.  The BLMIS Trustee's motion contains substantially the same

language (at 8).  Nowhere does the list of "material terms" in either motion state that the

Settlements would require the parties to seek an order enjoining the separate and distinct claims

of the Debtors' limited partners against the same individuals.  One would have to read to page

ten of the single-spaced thirteen-page agreement to see anything about a bar order that would

enjoin the separate and distinct claims in the *Anwar* Action.

Nor is the lack of notice mitigated by the purported "approval" of the Settlements by

"holders of not less than $60 million in limited partner interests in GS."  This refers to the

position of the limited partner Stephenson, who was apparently included in the negotiations.

Notably, Stephenson brought his own claims against third party service providers, but elected not

to bring his own direct claims against the Management, so would not have had an interest in the

bar order.  The parties never consulted with the undersigned, the three firms that Judge Marrero

appointed for the express purpose of representing the interests of the putative class of limited

---

[7]  Specifically, the Motion states (at 5):  "The **Debtors** shall assign all of **their claims** against
their general partners, former investment managers, investment advisors (excluding the Service
Providers), managing entities, directors, alleged partners, partners, employees and officers, their
relative and affiliates ("**Claims Against Management**") to the BLMIS Trustee, and **all persons
other than the BLMIS Trustee shall be barred from prosecuting Claims Against
Management**."  (Emphasis added.)

investors who suffered a net loss of principal in the Greenwich Sentry Funds – the very group that would be impacted by the bar order in the Settlements.

At minimum, the parties' failure to provide adequate notice of the bar order provisions in the Settlements mandates that new notice be sent to the limited partners, and that the deadline for filing claims in the bankruptcy proceedings be extended from May 23, 2011 to a reasonable time after receipt of new notice, so that the limited partners will have an adequate opportunity to consider the material terms of the Settlements, properly disclosed, before deciding whether to file a claim.[8]

## <u>CONCLUSION</u>

WHEREFORE, the *Anwar* Plaintiffs respectfully request that the Court decline to approve the provisions of the Settlements requiring the parties to seek entry of a bar order; require the parties to provide new notice of the material terms of the Settlements to all limited partners; and extend the deadline for submitting claims to the estates to a reasonable time after receipt of the new notice.

June 14, 2011

Respectfully submitted,

By:     /s/ Howard L. Vickery, II
        Howard L. Vickery, II

        David Boies
        BOIES, SCHILLER & FLEXNER LLP
        333 Main Street
        Armonk, NY 10504
        Telephone: (914) 749-8200
        Facsimile:  (914) 749-8300

---

[8]  The notices of the Settlements, which were incomplete for the reasons described herein, were sent to the limited partners on May 18, just two business days before the May 23 deadline for filing claims.  This did not give the limited partners adequate time to consider the Settlements before deciding whether to file a claim in the proceedings, particularly in light of the inadequate disclosure in the notices.

David A. Barrett
Howard L. Vickery, II
BOIES, SCHILLER & FLEXNER LLP
575 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-2300
Facsimile:  (212) 446-2350

Stuart H. Singer
Carlos Sires
Sashi Bach Boruchow
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Boulevard, #1200
Ft. Lauderdale, Florida 33301
Telephone:  (954) 356-0011
Facsimile:   (954) 356-0022

Robert C. Finkel
James A. Harrod
WOLF POPPER LLP
845 Third Avenue
New York, NY 10022
Telephone:  (212) 759.4600
Facsimile:   (212) 486.2093

Christopher Lovell
Victor E. Stewart
LOVELL STEWART HALEBIAN JACOBSON LLP
61 Broadway, Suite 501
New York, NY 10006
Telephone: (212) 608.1900

*Counsel for the Anwar Plaintiffs, Limited
Partners Pasha S. Anwar and Julia Anwar, ABR
Capital Fixed Option/Income Strategic Fund
LP, Dawson Bypass Trust, Diversified
Investment Associates Class A Units, Larry
Centro, and Martin and Shirley Bach Family
Trust, and Natalia Hatgis*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 14, 2011, I electronically filed the foregoing

document with the Clerk of the Court by using the CM/ECF system and that the foregoing

document is being served this day on all counsel of record identified below via transmission of

Notice of Electronic Filing generated by CM/ECF and via electronic mail.

| | |
|---|---|
| **Irving H. Picard**<br>**David J. Sheehan**<br>**Marc E. Hirschfield**<br>**Mark A. Kornfeld**<br>BAKER & HOSTETLER LLP<br>45 Rockefeller Plaza<br>New York, NY  10111<br>Phone: (212) 589-4200<br>Fax :    (212) 589-4201<br>Email: ipicard@bakerlaw.com<br>Email: dsheehan@bakerlaw.com<br>Email: mhirschfield@bakerlaw.com<br>Email: mkornfled@bakerlaw.com | **James N. Lawlor**<br>**Paul R. DeFilippo**<br>WOLLMUTH MAHER & DEUTSCH, LLP<br>One Gateway Center<br>9th Floor<br>Newark, NJ  07102<br>Phone:  (973) 733-9200<br>Fax :    (973) 733-9292<br>Email: jlawlor@wmd-law.com<br>Email: pdefilippo@wmd-law.com |
| **Brian Masumoto, Esq.**<br>OFFICE OF THE UNITED STATES TRUSTEE<br>33 Whitehall Street,<br>21st Floor<br>New York, NY  10004<br>Phone:  (212) 510-0500<br>Fax:      (212) 668-2255 | |

/s/ Howard L. Vickery, II