**BECKER & POLIAKOFF LLP**      Hearing Date:   June 21, 2011 at 10:00 a.m.
Helen Davis Chaitman
HCHAITMAN@BECKER-POLIAKOFF.COM
45 Broadway
New York, New York 10006
Telephone  (212) 599-3322

Attorneys for Marsha Peshkin
and the investors listed on Exhibit A.

And the firms listed on pages 5-7 herein.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                             :
SECURITIES INVESTOR                                          :
PROTECTION CORPORATION,                                      :
                                                             :
              Plaintiff,                                     :  Adv. Pro. No. 08-01789 (BRL)
                                                             :
        v.                                                   :  SIPA LIQUIDATION
                                                             :  (Substantively Consolidated)
BERNARD L. MADOFF INVESTMENT                                 :
SECURITIES LLC,                                              :
                                                             :
              Defendant.                                     :
                                                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                             :
In re:                                                       :
                                                             :
BERNARD L. MADOFF,                                           :
                                                             :
              Debtor.                                        :
                                                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO COMPEL THE
TRUSTEE TO PROVIDE A REPORT OF HIS INVESTIGATIVE
ACTIVITIES AND THE FINANCIAL AFFAIRS OF BLMIS**

The undersigned customers of Bernard L. Madoff Investment Securities LLC

("BLMIS"), numbering over 1,200 and consisting of customers whose claims the Trustee has

recognized as well as customers whose claims the Trustee has not recognized (together, the "Customers"), submit this memorandum in further support of their motion (the "Motion") to compel the Trustee to produce the underlying documents concerning his investigation into the affairs of BLMIS.

## BASIS FOR RELIEF REQUESTED

The Trustee has ignored his statutory obligation, as set forth in the Motion, to report to the Customers and all other parties in interest concerning the BLMIS fraud. As a SIPA trustee, the Trustee "shall be subject to the same duties as a trustee in a case under chapter 7 of Title 11." 15 U.S.C. § 78fff-1(b). Thus, the scope of a SIPA trustee's legal duties closely tracks that of a bankruptcy trustee who has a duty to "investigate the financial affairs of a debtor" and, unless otherwise ordered by the court, "furnish such information concerning the estate and the estate's administration as is requested by a party in interest." 11 U.S.C. § 704(a)(4), (7). Section 704(7) "places the burden of providing requested information on the trustee, and reflects the overriding duty to keep parties in interest informed." *Pineiro v. Pension Benefit Guaranty Corporation,* 318 F.Supp.2d 67, 102 (S.D.N.Y.2003). The trustee's responsibilities have been interpreted broadly, "making a request for information difficult for the trustee to avoid, in the absence of a court order to the contrary." *Id*.

The Trustee's failure to disclose material information has become an issue of Congressional concern. In a June 3, 2011 letter, Congressman Scott Garrett, Chairman of the House Subcommittee on Capital Markets, Insurance, and Government-Sponsored Enterprises, asked the Government Accountability Office ("GAO") to "conduct a comprehensive evaluation of the actions of SIPC, the Trustee in the Madoff liquidation, and the SEC's involvement and

2

oversight of this major liquidation."[1] The Garrett Letter questioned the Trustee's "record for transparency throughout the liquidation process" and emphasized the importance of disclosure in this case:

> In a contentious claims process, as is the case in the Madoff liquidation, **customers need to have access to all relevant information discovered by the Trustee in the course of his investigation of the bankruptcy. This obvious need is contemplated in the SIPA statute, which directs the Trustee to prepare a full report on his findings for the Bankruptcy Court and SIPC**. To date, some 30 months after the Trustee's appointment, no such report is available. [Emphasis added.]

Clearly, Congressman Garrett does not believe that the Trustee has satisfied his obligations of disclosure. In fact, the Trustee has failed to provide any of the information that the Customers have requested; nor has the Trustee provided any justification for this failure. In response to the Motion, the Trustee has not alleged that any of the information requested by the Customers is confidential and there would be no basis to do so. For example, all of the BLMIS trading records and records of bank transfers are non-confidential material under this Court's order as:

> documents or other material known to, or independently developed by, the receiving party;
>
> documents or other material required to be produced to the receiving party by a court of competent jurisdiction (to the extent such court permits); and

Litigation Protective Order, ¶ 4 (June 6, 2011) (ECF #4137).

The Trustee's failure to disclose the requested information to the Customers infringes on the "policy of open inspection, established in the Code itself through section 704(7)." The transparency required by section 704(7) "is fundamental to the operation of the bankruptcy

---

[1] *See* Chaitman Decl. Ex. B at 3.

3

system and is the best means of avoiding any suggestion of impropriety that might or could be raised." *In re Robert Landau Assocs., Inc.,* 50 B.R. 670, 677 (Bankr.S.D.N.Y.1985) (internal citation and quotation omitted); *see also In re Sports Accessories, Inc.,* 34 B.R. 80, 82 (Bankr.D.Md.1983) (discussing importance of trustee's duty to disclose).

The Trustee does not dispute that all information filed with SIPC must be made public pursuant to 15 U.S.C. § 78kkk(a), but instead states merely that he has not "filed" any notice, report or other documents with SIPC. This carefully crafted response is unsatisfactory.

If the Trustee has provided no written information to SIPC he should say so plainly. The implication is that the information that the Trustee *has* provided to SIPC has been done through a means that the Trustee deems to be other than "filing." However, the Trustee provides no authority for any contention that the requirements of 15 U.S.C. § 78kkk(a) can be avoided simply through creative labeling, and such a construction of the statute would be ridiculous, as it provides such a gigantic loophole as to render the statute meaningless.

**WHEREFORE**, the Customers respectfully request that the Court order the Trustee to produce, within 30 days of the date of this motion, all of the documents listed in their Motion.
June 14, 2011

4

**BECKER & POLIAKOFF LLP**

By: /s/ Helen Davis Chaitman
45 Broadway
New York, New York 10006
(212) 599-3322

Attorneys for Marsha Peshkin
and the investors listed on Exhibit A


**BERNFELD, DeMATTEO & BERNFELD, LLP**

By: /s/ David B. Bernfeld (DBB-0177)
By: /s/ Jeffrey L. Bernfeld (JLB-1615)
600 Third Avenue, 15th Floor
New York, New York 10016
(212) 661-1661

Attorneys for: Adele Adess Living Trust, Adess Family Trust, Adele Adess, Billie Baren, Nancy Adess, Gorrin Family Trust, Morris Gorrin, Ann Gorrin, Trust Under Deed of Suzanne R. May, Estate of Suzanne R. May, Robert May, Jeffrey May, Richard May, Cheryl Coleman, Suzanne Oshry, Meryl Evens, Ho Marital Trust, Estate of Claire Oshry, Laurie Riemer, Leonard Miller, Estate of Carolyn Miller, Carolyn Rosen Miller Revocable Trust, Stephen Caplan, Doris M. Schlesinger Marital Trust, Jan Capper, Robert Cheren, William Diamond, Pauline Feldman, Richard Feldman, Manfred Franitza, Franitza Family Limited Partnership, Manfred Franitza Revocable Trust, Urte Franitza-Goldstein, Karen Fenner, Nathaniel Gold, Natalie Remsen, Rose Gold, Barbara Gold, Gold Investment Club, Murray Gold Trust f/b/o the Gold Children, Robert D. Redston 1998 Trust, David Iselin, Teresa Cohen, KL Retirement Trust, Steven Schmutter, Lee Snow, Frederic Konigsberg, Susan Konigsberg, Bradermark, Ltd., Lee Rautenberg, Dale Leff, Estate of Norman Leff, John Maccabee, Sherry Morse Maccabee, John Greenberger Maccabee and Sherry Morse Maccabee Living Trust, Edith Schur, Edward Speer, Marion Speer, Ad-In Partners, Ltd, Joel Banker, Lucy Banker, William Spiro, Ruth Spiro, William Sweidel, Gabriele Sweidel, Robert Daniel Vock, Ken-Wen Family Limited Partnership, Kenneth Brown, Wendy Brown, Werner Foundation, Jeffrey R. Werner 11/1/98, Jeffrey Werner, Violet Werner,

5

Harvey L. Werner Revocable Trust, Alan and Janet Winters Family Partnership, Ltd., Winters Management Trust, Alan Winters, Janet Winters, Jack Yankowitz and Cheryl Yankowitz

**LAX & NEVILLE, LLP**

By: /s/ Barry R. Lax (BL 1302)
Brian J. Neville (BN 8251)
1412 Broadway, Suite 1407
New York, NY 10018
Tel: (212) 696-1999
Fax: (212) 566-4531

Counsel for Mary Albanese, the
Brow Family Partnership, Allen Goldstein,
Laurence Kaye, Suzanne Kaye, Rose Less,
Gordon Bennett and approximately 250 other investors


**SNR DENTON US LLP**

By /s/ Carole Neville
1221 Avenue of the Americas
New York, New York 10020
212 768-6700
carole.neville@snrdenton.com

Attorneys for 70 Customers

**KLEINBERG, KAPLAN, WOLF & COHEN, P.C.**

By: /s/ Matthew J. Gold
David Parker
551 Fifth Avenue
New York, New York 10176
Tel. No.: (212) 986-6000
Fax No.: (212) 986-8866

Counsel for Lawrence Elins, Linda Elins, Elins Family Trust, Elins Daughters Trust for the Benefit of Jamie Ann Elins, Elins Daughters Trust for the Benefit of Julie Lynn Elins, Jamie Elins Sabet, Julie Elins Banks, Malibu Trading and Investing, L.P., Keith Vinnecour, Patricia Vinnecour, and Kenneth Hubbard

**PRYOR CASHMAN LLP**

By /s/ Richard Levy, Jr.
By /s/ David C. Rose
7 Times Square
New York, New York 10036-6569
(212) 421-4100

Attorneys for: Avram J. Goldberg, Carol R. Goldberg, Carol R. Goldberg (IRA), Avram J. Goldberg and Carol R. Goldberg Special Account, the Goldberg Nominee Partnership, the Sidney R. Rabb Charitable Trust, the Goldberg Family Foundation, the Aaron Foundation, the Sidney Rabb and Esther Rabb Charitable Foundation, the Avram J. Goldberg and Carol R. Goldberg Charitable Remainder Unitrust, the Sidney R. Rabb Trust fbo Carol R. Goldberg, Helene R. Cahners Kaplan, Robert and Loretta Fishbein, Norma Fishbein, Steven and Kara Fishbein Goldman, David S. Wallenstein, Wallenstein NY Partnership, Mark and Matthew Family Partnership, and others