# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>      Plaintiff,<br><br>      v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>      Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>      Debtor. | |

**ORDER APPROVING APPLICATIONS (I) FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AND (II) TO AMEND THE ORDER PURSUANT TO SECTION 78eee(b)(5) OF SIPA, SECTIONS 105, 330, AND 331 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 2016(a), AND LOCAL BANKRUPTCY RULE 2016-1 ESTABLISHING PROCEDURES GOVERNING INTERIM MONTHLY COMPENSATION OF TRUSTEE AND**
<u>**BAKER & HOSTETLER LLP**</u>

    This matter came before the Court on June 1, 2011 on the application (the "Application")[1] of Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation proceeding of Bernard L. Madoff Investment Securities LLC ("BLMIS"), and Bernard L. Madoff ("Madoff" and together with BLMIS, each a "Debtor" and collectively, the "Debtors"), and Baker & Hostetler LLP ("B&H"), counsel to the Trustee (together with the Trustee, the "Applicants"), with the support and approval of the Securities Investor Protection Corporation ("SIPC"), for entry of an order (i) for interim allowance, pursuant to section

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

78eee(b)(5) of the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq*. ("SIPA"),[2] sections 330(a) and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Local Rules for the Bankruptcy Court for the Southern District of New York (the "Local Rules"), for compensation for professional services rendered and for reimbursement of actual and necessary expenses incurred during the period October 1, 2010 through and including January 31, 2011 (the "Compensation Period") in the amounts listed on Exhibit A attached hereto and (ii) seeking to amend the Order Pursuant to Section 78eee(b)(5) of SIPA, Sections 105, 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a) and Local Bankruptcy Rule 2106-1 Establishing Procedures Governing Interim Monthly Compensation of Trustee and Baker & Hostetler LLP, dated February 25, 2009 (ECF No. 126), as amended on December 17, 2009 (ECF No. 1078) (collectively, the "Compensation Order"), as more fully set forth in the Application (ECF No. 4022); and the applications of special counsel to the Trustee ("Special Counsel Applications"), as listed on Exhibit A attached hereto; and the Court having jurisdiction to consider the Application, the Special Counsel Applications, and the relief requested therein in accordance with section 78eee(b)(4) of SIPA, and the Protective Decree, entered on December 15, 2008 by the United States District Court for the Southern District of New York in Case No. 08-CV-10791, and 28 U.S.C. §§ 157 and 1334; and it appearing that sufficient notice of the Application and Special Counsel Applications having been given by May 4, 2011 (ECF No. 4054), and no other notice being necessary; and the Securities Investor Protection Corporation ("SIPC") having filed its recommendation in support of the Application and Special Counsel Applications on May 27, 2011 (ECF No. 4098), pursuant to section 78eee(b)(5)(C) of SIPA; and one objection (the "Objection") (ECF No. 4088) having been filed to the Application; and the

---

[2] For convenience, future reference to SIPA will not include "15 U.S.C."

Trustee having filed a response (the "Response") to the Objection (ECF No. 4109); and the Court having reviewed and considered the Objection and the Response; and a hearing (the "Hearing") having been held on June 1, 2011 to consider the Application and Special Counsel Applications; and the Court having determined that the legal and factual bases set forth in the Application and Special Counsel Applications establish just cause for the relief granted therein; and after due deliberation and sufficient cause appearing therefore; and for the reasons stated on the record at the Hearing, it is hereby

        **ORDERED, ADJUDGED** and **DECREED** that:

1. The Objection to the Application is overruled.

2. The Application is granted.

3. The Special Counsel Applications are granted.

4. The Amended Compensation Order is superseded in its entirety by this amended Compensation Order (the "Second Amended Compensation Order").

5. The Trustee is authorized to immediately disburse to the Applicants funds reflecting the increase from eighty-five percent (85%) to ninety percent (90%) of the amounts awarded pursuant to the Court's Orders approving the applications for allowance of interim compensation filed by the Trustee and B&H to date (ECF Nos. 363, 1078, 2251, 2981, 3474), as well as for fees incurred by Applicants in the Compensation Period and thereafter, as is detailed on <u>Exhibit A</u> attached hereto.

6. The Applicants may seek and be paid monthly compensation in accordance with the following procedures:

    (a) On or before the twentieth (20th) day of each month following the month for which compensation is sought, the Applicants seeking compensation pursuant to this Second Amended Compensation Order shall serve a

    monthly statement (a "Monthly Statement"), by electronic mail or overnight delivery, on SIPC, except as otherwise set forth below.

(b)  The Monthly Statement need not be filed with the Court and a courtesy copy need not be delivered to Chambers since this Second Amended Compensation Order is not intended to alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy Code and since the Applicants are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of SIPA, the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules;

(c)  Each Monthly Statement must contain a list of the individuals and their respective titles (e.g., attorney or paralegal) who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred, and contemporaneously maintained time entries for each individual in increments of tenths of an hour;

(d)  SIPC will have at least twenty (20) days after its receipt of a Monthly Statement to review it and, if SIPC has an objection to the compensation or reimbursement sought in a particular Monthly Statement, SIPC shall, by no later than thirty (30) days, subject to any reasonable extension of time requested by SIPC, following the expiration of the month for which compensation is sought, serve upon the Applicants a written "Notice of Objection to Fee Statement," setting forth the nature of the objection and the amount of fees or expenses at issue;

(e)  At the expiration of the thirty (30) day period, the Trustee shall promptly pay ninety percent (90%) of the fees and one hundred percent (100%) of the expenses identified in each Monthly Statement to which no objection has been served in accordance with paragraph (d) hereof, and the Trustee shall promptly pay any amounts authorized by this Second Amended Compensation Order not previously paid to Applicants;

(f)  If the Trustee receives an objection to a particular Monthly Statement, he shall withhold payment of that portion of the Monthly Statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e) hereof;

(g)  Similarly, if SIPC and the Applicants are able to resolve their dispute following the service of a Notice of Objection to Fee Statement, then the Trustee shall promptly pay, in accordance with paragraph (e) hereof, that portion of the Monthly Statement that is no longer subject to an objection;

(h)  All objections that are not resolved by the parties shall be preserved and scheduled for hearing before the Court at the next interim or final fee

        application hearing to be heard by the Court in accordance with paragraph (j) hereof;

(i)     The service of an objection in accordance with paragraph (d) hereof shall not prejudice SIPC's right to object to any fee application made to the Court in accordance with SIPA or the Bankruptcy Code on any ground, whether raised in the objection or not. Furthermore, the decision by SIPC not to object to a Monthly Statement shall not be a waiver of any kind or prejudice SIPC's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code;

(j)     Approximately every 120 days (but not less frequently than every 150 days), the Applicants shall serve and file with the Court, in accordance with General Order M-242, as amended by General Order M-269 (both of which can be found at www.nysb.uscourts.gov) and pursuant to section 78eee(b)(5) of SIPA and sections 330 and 331 of the Bankruptcy Code, an application for interim or final (as the case may be) Court approval and allowance of the compensation and reimbursement of expenses and the Trustee shall schedule a hearing at which all such applications will be heard;

(k)     Should the Applicants fail to file an application seeking approval of compensation and expenses previously paid under this Second Amended Compensation Order when due (i) they may be ineligible to receive further monthly payments of fees or reimbursement of expenses as provided herein until further order of the Court and (ii) upon Court order after notice and a hearing, may be required to disgorge any fees paid since retention or the last fee application, whichever is later;

(l)     The pendency of an application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Statement shall not disqualify the Applicants from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court;

(m)     Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of the Applicants; and

(n)     SIPC may, upon notice to the Applicants, seek Court approval to modify the procedures contained herein at any time during the pendency of the liquidation.

7.     Due to litigation or other advantage that may be gained through access and insight to the factual and legal research being performed by Applicants, the applications for approval of

5

compensation filed with the Court shall exclude certain descriptive language that would reveal the thought processes and other work product of Trustee and his counsel.

8. All time periods set forth in this Second Amended Compensation Order shall be calculated in accordance with Rule 9006(a) of the Federal Rules of Bankruptcy Procedure.

9. Notice of the hearing and all applications for interim or final (as the case may be) Court approval and allowance of the compensation and reimbursement of expenses shall be served on the Notice Parties.

10. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Second Amended Compensation Order.

Dated: New York, New York
       June 1, 2011

                                              /s/Burton R. Lifland
                                              HONORABLE BURTON R. LIFLAND
                                              UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT A

Adv. Pro. No. 08-1789 (BRL)
Securities Investor Protection Corp. v. Bernard L. Madoff Investment Securities LLC
In re Bernard L. Madoff

**Current Compensation Period: October 1, 2010 – January 31, 2011 (or as otherwise indicated)**

| Applicant | Date and Dkt. No. of Application | Compensation Period | Interim Compensation Requested * | Interim Compensation Awarded | Interim Compensation to be Paid | Expenses Requested | Expenses Awarded |
|---|---|---|---|---|---|---|---|
| Irving H. Picard, Trustee | 4/18/11 Dkt. No. 4035 | 10/1/10 – 1/31/11 | $713,799.00 | $713,799.00 | $720,033.45[3] | $31.50 | $31.50 |
| Baker & Hostetler LLP, Counsel to the Trustee | 4/18/11 Dkt. No. 4035 | 10/1/10 – 1/31/11 | $43,177,049.10 | $43,177,049.10 | $42,075,830.36[4] | $1,103,196.25 | $1,103,196.25 |
| Windels Marx Lane & Mittendorf, LLP, Special Counsel to the Trustee | 5/4/2011 Dkt. No. 4054 | 10/1/10 – 1/31/11 | $3,060,102.00 | $3,060,102.00 | $2,448,081.60 | $68,343.34 | $68,343.34 |
| Attias & Levy, Special Counsel to the Trustee | 4/18/11 Dkt. No. 4035 | 10/1/10 – 1/31/11 | $180,546.08 | $180,546.08 | $144,436.86 | $7,271.46 | $7,271.46 |
| Eugene F. Collins, Special Counsel to the Trustee | 4/18/11 Dkt. No. 4035 | 10/1/10 – 1/31/11 | $8,219.39 | $8,219.39 | $6,575.51 | $345.14 | $345.14 |
| Williams, Barristers & Attorneys, Special Counsel to the Trustee | 5/4/2011 Dkt. No. 4054 | 10/1/10 – 1/31/11 | $270,163.46 | $270,163.46 | $216,130.76 | $4,582.00 | $4,582.00 |
| Schiltz & Schiltz, Special | 4/18/11 | 10/1/10 – | $88,586.25 | $88,586.25 | $70,869.00 | $18,382.90 | $18,382.90 |

---

[3] This amount includes $606,729.13 of interim compensation, plus a Holdback reduction payment constituting 5%, or $113,304.32, of the total fees requested, approved to date, and withheld from prior applications.

[4] This amount includes $36,700,491.74 of interim compensation, plus a Holdback reduction payment constituting 5%, or $5,375,338.62, of the total fees requested, approved to date, and withheld from prior applications.

A-1

| Applicant | Date and Dkt. No. of Application | Compensation Period | Interim Compensation Requested * | Interim Compensation Awarded | Interim Compensation to be Paid | Expenses Requested | Expenses Awarded |
|---|---|---|---|---|---|---|---|
| Counsel to the Trustee | Dkt. No. 4035 | 1/31/11 | | | | | |
| Higgs & Johnson, Special Counsel to the Trustee | 4/18/11 Dkt. No. 4035 | 10/1/10 – 1/31/11 | $155,459.25 | $155,459.25 | $124,367.40 | $52,015.01 | $52,015.01 |
| Kugler Kandestin, L.L.P., Special Counsel to the Trustee | 4/18/11 Dkt. No. 4035 | 10/1/10 – 1/31/11 | $2,577.80 | $2,577.80 | $2,062.24 | $1.31 | $1.31 |
| Werder Vigano, Special Counsel to the Trustee | 4/18/11 Dkt. No. 4035 | 10/1/10 – 1/31/11 | $18,232.50 | $18,232.50 | $14,586.00 | $67.71 | $67.71 |
| SCA Creque, Special Counsel to the Trustee | 4/18/11 Dkt. No. 4035 | 10/1/10 – 1/31/11 | $164,923.96 | $164,923.96 | $131,939.17 | 0 | 0 |
| Young Conaway Stargatt & Taylor, LLP, Special Counsel to the Trustee | 4/18/11 Dkt. No. 4035 | 11/29/10 – 1/31/11 | $13,978.35 | $13,978.35 | $11,182.68 | $912.44 | $912.44 |
| Taylor Wessing, Special Counsel to the Trustee | 5/4/11 Dkt. No. 4054 | 11/4/10 – 2/8/11 | $1,516,291.40 | $1,516,291.40 | $1,213,033.12 | $185,485.24 | $185,485.24 |
| Schifferli Vafadar Sivilotti, Special Counsel to the Trustee | 4/18/11 Dkt. No. 4035 | 5/28/09 – 1/31/11 | 0 | 0 | $3,482.00[5] | 0 | 0 |

* Each Applicant's requested amount includes (at least) a 10% discount from normal hourly rates.

Schedule A(1)           DATE: 6/1/2011           INITIALS:  /s/BRL  USBJ

---

[5] This amount constitutes a release from Schifferli's holdback from prior applications.

A-2

Adv. Pro. No. 08-1789 (BRL)
Securities Investor Protection Corp. v. Bernard L. Madoff Investment Securities LLC
In re Bernard L. Madoff

**Summary – Cumulative of All Compensation Periods**

| Applicant | Total Interim Compensation Requested | Total Interim Compensation Awarded | Total Paid | Total Expenses Requested | Total Expenses Awarded |
|---|---|---|---|---|---|
| Irving H. Picard, Trustee | $4,266,085.50 | $4,266,085.50 | $3,839,476.96[6] | $2,069.48 | $2,069.48 |
| Baker & Hostetler LLP, Counsel to the Trustee | $175,506,566.83 | $175,506,566.83 | $157,955,923.88[7] | $3,630,989.32 | $3,630,989.32 |
| Receiver, Richards Kibbe & Orbe LLP, Counsel to the Receiver and AlixPartners LLP, Consultant to Receiver | $300,000.00 | $300,000.00 | $300,000.00 | $6,449.08 | $6,449.08 |
| AlixPartners, LLP, Consultant to the Receiver | $316,000.00 | $316,000.00 | $316,000.00 | $15,000.00 | $15,000.00 |
| Windels Marx Lane & Mittendorf, LLP, Counsel to the Chapter 7 Trustee | $199,500.00 | $199,500.00 | $199,500.00 | $2,770.46 | $2,770.46 |
| Windels Marx Lane & Mittendorf, LLP, Special Counsel to the Trustee | $9,963,767.90 | $9,963,767.90 | $8,161,014.32 | $157,600.64 | $157,600.64 |
| Attias & Levy, Special Counsel to the Trustee | $972,797.40 | $972,797.40 | $778,237.91 | $50,987.61 | $50,987.61 |
| Eugene F. Collins, Special Counsel to the Trustee | $214,191.15 | $214,191.15 | $171,352.94 | $43,709.95 | $43,709.95 |
| Hogan Lovells International LLP, Special Counsel to the Trustee | $2,324,779.63 | $2,324,779.63 | $2,324,779.63 | $180,941.59 | $180,941.59 |
| Williams, Barristers & Attorneys, Special Counsel to the Trustee | $965,420.79 | $965,420.79 | $772,336.62 | $93,143.75 | $93,143.75 |

---

[6] This amount includes a Holdback reduction payment of $113,304.32.
[7] This amount includes a Holdback reduction payment of $5,375,338.62.

A-3

| Applicant | Total Interim Compensation Requested | Total Interim Compensation Awarded | Total Paid | Total Expenses Requested | Total Expenses Awarded |
|---|---|---|---|---|---|
| Schiltz & Schiltz, Special Counsel to the Trustee | $395,269.35 | $395,269.35 | $316,215.49 | $25,692.52 | $25,692.52 |
| Higgs Johnson Truman Bodden & Co., Special Counsel to the Trustee | $422,480.70 | $422,480.70 | $337,984.56 | $77,191.25 | $77,191.25 |
| SCA Creque, Special Counsel to the Trustee | $356,420.98 | $356,420.98 | $285,136.79 | N/A | N/A |
| Schifferli Vafadar Sivilotti, Special Counsel to the Trustee | $17,410.00 | $17,410.00 | 17,410.00 | N/A | N/A |
| Kugler Kandestin, L.L.P., Special Counsel to the Trustee | $25,732.50 | $25,732.50 | $20,586.00 | $490.64 | $490.64 |
| Mishcon de Reya, Special Counsel to the Trustee | $82,407.79 | $82,407.79 | $65,926.23 | N/A | N/A |
| Taylor Wessing, Special Counsel to the Trustee | $1,516,291.40 | $1,516,291.40 | $1,213,033.12 | $185,485.24 | $185,485.24 |
| Young Conaway Stargatt & Taylor, LLP, Special Counsel to the Trustee | $13,978.35 | $13,978.35 | $11,182.68 | $912.44 | $912.44 |

Schedule A(1)          DATE: 6/1/2011          INITIALS:  _/s/BRL_  USBJ