# EXHIBIT Q

Media Contact:
Kevin McCue
kmccue@bakerlaw.com
216-861-7576

Press Release of Irving Picard

## $7.2 BILLION RECOVERY AGREEMENT
## WITH ESTATE OF JEFFRY PICOWER AND PICOWER-RELATED INVESTORS

*Madoff Trustee to get $5 billion and the U.S. Government $2.2 billion*

**NEW YORK, NEW YORK – December 17, 2010** – Irving H. Picard, a partner with Baker & Hostetler LLP and the SIPA Trustee for the consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"), announced today that he has entered into a very significant settlement agreement for $5 billion to resolve claims against the estate of the late Jeffry M. Picower and certain related investment entities.

In conjunction with the additional $2.2 billion the Picower group forfeited to the U.S. government, the settlement represents 100 percent payment of the monies received by the Picower estate and related investors, Mr. Picard said.  "Every penny of the $7.2 billion recovered through these two settlements will be distributed to BLMIS customers with valid claims."

A motion for approval of the settlement was filed today with the United States Bankruptcy Court for the Southern District of New York.  A copy of the settlement motion is available on the Trustee's website at http://www.madofftrustee.com/ or on the Bankruptcy Court's website at http://www.nysb.uscourts.gov/ ; docket no. 08-01789(BRL).  The Bankruptcy Court will hold a hearing for approval of the settlement motion on January 13, 2011.

"The importance of this settlement cannot be overstated, as it shows significant progress in our efforts to assemble the largest Customer Fund possible," said Mr. Picard.  "Today's $5 billion agreement with the Picower estate and related investors represents one of the largest settlements in any bankruptcy proceeding.  If this settlement and the agreements reached recently with Union Bancaire Privée and the Shapiro family are approved by the Court, the Customer Fund will total

more than $7.5 billion – more than one-third of the total principal we currently estimate was lost in the Ponzi scheme," said Mr. Picard. "As soon as is practicable after the settlement is approved by the Bankruptcy Court, we will ask the Court to approve an initial distribution from the Customer Fund to BLMIS customers with allowed claims."

"This agreement puts the best interests of the Madoff customers first, is fair and equitable, and avoids time-consuming litigation which would have offered no certainty on the amount recovered and delayed distributions to Madoff customers with valid claims," said David J. Sheehan, counsel for the Trustee and a partner at Baker & Hostetler LLP, the court-appointed counsel for the Trustee.

"As we have often stated, those who have received other people's money, irrespective of their knowledge of the fraud, should return the monies to the Trustee for payment to those Madoff customers with valid claims who have recovered little or none of their original deposits," said Mr. Sheehan. "Mrs. Picower embraced this concept and has set the appropriate high standard going forward."

Mr. Picard further stated, "When we filed suit against Mr. Picower and others in the spring of 2009, the records available led us to allege that Mr. Picower might have or should have known of Mr. Madoff's fraud. With the benefit of additional records, I have determined that there is no basis to pursue the complaint against Mr. Picower, and we have arrived at a business solution instead.

"I want to thank Mr. Picower's widow, Barbara, the other Picower family members and the legal, business and other advisors who worked with us to arrive at this agreement. This resolution sets a positive example for negotiation and settlement, versus litigation, because Mrs. Picower fully understood the impact of Madoff's crime and wanted to do the best she could to help BLMIS customers," Mr. Picard continued. "While this is a major milestone, we still have much work to do and our focus will remain on recovering additional funds that rightfully belong to the BLMIS customers with valid claims."

Mrs. Picower said, "It is a great tragedy that my husband Jeffry's sudden and untimely death last fall prevented him from seeing the timely and full restoration of his reputation for honesty, integrity and professional achievement and the resumption of his life's work of caring for others and giving back

to society through philanthropy.  He was committed to overcoming the devastation resulting from Bernard Madoff's fraud by reaching a fair and generous settlement with Mr. Picard and also by continuing the important charitable work that had been the focus of our lives for so many years."

William D. Zabel of Schulte, Roth & Zabel, the law firm representing Mrs. Picower and the estate of Jeffry Picower, further noted that Mr. Picower's wills over the past two decades always directed that the vast bulk of his accumulated wealth was to be given to charity following his death.  In due course during the administration of Mr. Picower's estate, pursuant to Mr. Picower's will, his wife Barbara will be establishing a new foundation to continue their charitable legacy.

The Trustee was represented by his firm, Baker & Hostetler.  In addition to Mr. Sheehan, the Trustee acknowledges the contributions of the Baker & Hostetler attorneys who worked on this settlement agreement and filing: Oren Warshavsky, Thomas Lucchesi, Lauren Resnick, Tracy Cole, Seanna Brown, Marc Hirschfield, and Amy Vanderwal.

The Picower estate and related entities were represented by Schulte, Roth & Zabel.  In addition to Mr. Zabel, the Trustee acknowledges the work of Schulte, Roth & Zabel attorneys Marcy Harris, Gary Stein, Susan Frunzi, Frank LaSalle, and Harry Sandick.

# # #