# EXHIBIT E

Page 1

1   UNITED STATES BANKRUPTCY COURT

2   SOUTHERN DISTRICT OF NEW YORK

3   Main Adv. Case No. 08-01789-brl

4   - - - - - - - - - - - - - - - - - - - - - - - - - -x

5   In the Matter of:

6   SECURITIES INVESTOR PROTECTION CORPORATION,

7            Plaintiff-Applicant,

8      - against -

9   BERNARD L. MADOFF INVESTMENT SECURITIES, LLC.,

10            Defendant.

11   - - - - - - - - - - - - - - - - - - - - - - - - - -x

12   In re:

13   BERNARD L. MADOFF,

14            Debtor.

15   - - - - - - - - - - - - - - - - - - - - - - - - - -x

16

17            U.S. Bankruptcy Court

18            One Bowling Green

19            New York, New York

20            June 21, 2011

21            10:04 AM

22

23   B E F O R E:

24   HON. BURTON R. LIFLAND

25   U.S. BANKRUPTCY JUDGE

1

2    Adversary proceeding: 08-01789-brl Securities Investor

3    Protection Corporation v. Bernard L. Madoff Investment

4    Securities, LLC

5

6    (4045) BLMIS Customers' Motion to Compel the Trustee to Provide

7    a Report of His Investigative Activities and the Financial

8    Affairs of BLMIS

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    Transcribed by:  Karen Schiffmiller

Page 3

1

2   A P P E A R A N C E S :

3   BAKER & HOSTETLER

4        Attorneys for Trustee Irving H. Picard

5        45 Rockefeller Plaza

6        New York, NY 10111

7

8   BY:   DAVID J. SHEEHAN, ESQ.

9

10

11   KLEINBERG KAPLAN WOLFF COHEN

12        Attorneys for Lawrence Elins, et al.

13        551 Fifth Avenue

14        New York, NY 10176

15

16   BY:   MATTHEW J. GOLD, ESQ.

17

18

19   BECKER & POLIAKOFF, LLP

20        Attorneys for a large group of Investors

21        45 Broadway

22        8th Floor

23        New York, NY 10006

24

25   BY:   HELEN DAVIS CHAITMAN, ESQ.

1

2    PRYOR CASHMAN LLP

3         Attorneys for Avrum Goldberg and others

4         77 Times Square

5         New York, NY 10036

6

7    BY:   RICHARD LEVY, JR.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

08-01789-cgm   Doc 4203-7   Filed 06/30/11   Entered 06/30/11 18:55:59   Exhibit E to
MADOFF; SIPC v. BERNARD L. MADOFF INVESTMENT SECURITIES, LLC
the Declaration   Pg 6 of 22

Page 5

```
 1                      P R O C E E D I N G S

 2            THE CLERK:  Be seated, please.

 3            THE COURT:  Madoff?  Good morning all.

 4            IN UNISON:  Good morning, Your Honor.

 5            MR. SHEEHAN:  Good morning, Your Honor.  David Sheehan

 6    from Baker & Hostetler for the Trustee Irving Picard.

 7            MS. DAVIS CHAITMAN:  Helen Davis Chaitman of Becker &

 8    Poliakoff, on behalf of a large group of investors.

 9            MR. GOLD:  Matthew Gold, Kleinberg, Kaplan, Wolff &

10    Cohen, for Lawrence Elins, et al.

11            MR. LEVY:  Good morning, Your Honor.  Richard Levy of

12    Pryor Cashman for Avrum Goldberg and others.

13            THE COURT:  Go ahead.

14            MS. DAVIS CHAITMAN:  Thank you, Your Honor.  Your

15    Honor, a group of investors have joined together seeking an

16    order of the Court to compel the trustee to comply with certain

17    statutory reporting requirements.  And the trustee has opposed

18    the motion.  And what I would ask Your Honor to do under these

19    circumstances is simply order the trustee to produce the

20    documentary evidence, so that the investors will have access to

21    the same information that the trustee has.

22            I understand that it's difficult to order the trustee

23    to do a report, but there shouldn't be any problem in the

24    trustee simply turning over all of the BLMIS trading records

25    and all of the BLMIS bank records.  And if I can explain to
```

08-01789-cgm    Doc 4203-7    Filed 06/30/11    Entered 06/30/11 18:55:59    Exhibit E to
MADOFF; SIPC v. BERNARD L. MADOFF INVESTMENT SECURITIES, LLC
the Declaration    Pg 7 of 22

Page 6

1    Your Honor why we feel this is so important.  As Your Honor

2    will recall, there's been no discovery in this case of the

3    records of BLMIS.  And early on in the case, one of the

4    investors had sought discovery and Your Honor had denied it.

5    And we're now two and half years into the case.

6          And we've all been operating under the proposition

7    that this was a Ponzi scheme, like all the investor Ponzi

8    schemes, which are recognized by numerous judicial decisions as

9    being cases where there's no bona fide business, where someone

10   sells a swamp in Florida, supposedly for residential

11   construction.  There's no swamp that's owned by the business

12   person who's inviting all these investors, and people are

13   simply paid with other people's money.  There's no bona fide

14   business.

15         Well, BLMIS was one limited liability company.  And we

16   know that at various times during the period from 1992 through

17   2008, BLMIS conducted trades equal to up to ten percent of the

18   daily volume on the New York Stock Exchange.  So, certainly,

19   BLMIS was not a Ponzi scheme.  It was one of the major traders

20   in the United States.  Now, BLMIS had three businesses.  It had

21   proprietary trading business; it had a market making business;

22   and it had an investment advisory business.

23         But those businesses were not operated under different

24   legal entities.  They were all operated under BLMIS, the same

25   limited liability company.  And moreover, Your Honor, the

08-01789-cgm   Doc 4203-7   Filed 06/30/11   Entered 06/30/11 18:55:59   Exhibit E to
MADOFF; SIPC v. BERNARD L. MADOFF INVESTMENT SECURITIES, LLC
the Declaration   Pg 8 of 22

Page 7

1    trustee has admitted in the Looby certification that was filed

2    in August of 2009, I believe, that investors' funds were

3    deposited directly and indirectly into the trading accounts.

4    So, based on what the trustee has admitted, some investors'

5    money was used to purchase securities.  And indeed, it may very

6    well be that investors' money was used to purchase the very

7    securities that were shown on the investor statements.

8            So, in order for the investors to have a clear picture

9    of what happened here, and to satisfy themselves that the

10   trustee's basic presumption, that this was a pure Ponzi

11   scheme -- to satisfy themselves that that's accurate -- we're

12   asking the Court, two and half years into the case, to give us

13   access to the banking records and the trading records going

14   back to 1992, because that will put this issue to rest.  And I

15   think at this point in the case, we're entitled to have that

16   information.  Thank you very much.

17           UNIDENTIFIED SPEAKER:  Nothing further, Your Honor.

18           THE COURT:  Mr. Sheehan?

19           MR. SHEEHAN:  Your Honor, I won't repeat everything

20   that we said in our papers.  I think we put forth a pretty fair

21   record of what's publicly known here.  Probably, there's no

22   case that I can think of in recent history that has more

23   published about it than this case, both in the media and in the

24   court annals.

25           If you just look at our complaints, you look at what

08-01789-cgm   Doc 4203-7   Filed 06/30/11   Entered 06/30/11 18:55:59   Exhibit E to
MADOFF; SIPC v. BERNARD L. MADOFF INVESTMENT SECURITIES, LLC
the Declaration   Pg 9 of 22

Page 8

1   the U.S. Attorney had done, the -- quite frankly, intensive

2   investigation by the U.S. Attorney, the Justice Department, our

3   cooperation with them.  The fact that literally, all of the

4   BLMIS documents are still subject to a subpoena by the DOJ, and

5   we only have access to them with their permission, and that

6   we've done all this with that access.  All those strictures,

7   put those aside for the moment.  Just put those aside.

8          What we're being asked for is this, and in fact, this

9   is a request for discovery.  There's no other way to really

10  look at it, because these people are all adversaries.  They all

11  represent lots of clients; they say so.  And we've listed that

12  for you.  So, what we have here is a discovery request.  And

13  the first demand for documents is give me all your documents.

14  That's what they asked for.  Give me all your documents, all

15  your bank records, all your trading records.  That's a

16  limitation we heard here this morning and the papers tell me

17  about all your documents.

18         Well, the first thing we would do is object to that,

19  as being overly broad, et cetera.  What does that tell you?  It

20  tells you that what's trying to be done here this morning is as

21  usual, is to trump and highjack the legal system that's been

22  created over the last number of decades with regard to how you

23  handle adversarial proceedings.  There's discovery rules.

24  People ask questions; we respond to them.  We object to some,

25  come to Your Honor with our squabbles, hopefully we resolve

08-01789-cgm    Doc 4203-7    Filed 06/30/11    Entered 06/30/11 18:55:59    Exhibit E to
MADOFF; SIPC v. BERNARD L. MADOFF INVESTMENT SECURITIES, LLC
the Declaration    Pg 10 of 22

Page 9

1     them without wasting too much of your time, and we move on.

2          That's not what these parties seek to do here.  All of

3     them are on the other side of adversary proceedings.  They

4     could serve us with repress for production of documents.  They

5     could pursue the legal courses available to them through the

6     rules and statutes.  They haven't done that.  What they do is

7     they try to take two statutory provisions that have nothing to

8     do with discovery, and suggest to Your Honor that that puts

9     them on an equal footing with the trustee in terms of access to

10    all these records and the utilization of them.  It's just not

11    true.  It's their own imagination that suggests that's true.

12         There's no case law to support what they're saying.

13    All the case law goes in favor of the trustee on these issues.

14    One statute says that the trustee is supposed to report and

15    file with the SIPC people, how things are going with regard to

16    cash and customers.  We do that all the time.  We do it not

17    only with the U.S. Attorney, we do it also with Your Honor, we

18    do it with the public, we do it with SIPC.  Everybody knows

19    where the trustee stands with regard to claims, what's allowed,

20    the cash, the cash we've taken in.  We've reported it

21    accurately.  All of those things are done.  So, we haven't

22    violated that statute in any way.  We complied with it to the

23    nth degree.

24         The other statute reference is the Chapter 11

25    provision under 704, suggesting that somehow that provision,

08-01789-cgm    Doc 4203-7    Filed 06/30/11    Entered 06/30/11 18:55:59    Exhibit E to
MADOFF; SIPC v. BERNARD L. MADOFF INVESTMENT SECURITIES, LLC
the Declaration    Pg 11 of 22

1    which says that you must furnish info about the estate et

2    cetera by a party in interest, that somehow that trumps every

3    rule governing discovery in adversary proceedings in the

4    federal rules of evidence.  They're all out the window.  This

5    Chapter 11 just obviates all of those.  Any interested party

6    can come in and ask for anything anytime.  Just stating that --

7    just stating that tells you that this can't be the law, and it

8    isn't the law.

9            And in fact, it could not be the law, because at that

10   end of the day, an orderly administration of this estate, which

11   has been going on for two and a half years, I would suggest,

12   Your Honor, in a very orderly fashion and in a very successful

13   fashion, notwithstanding the criticism received from our

14   adversaries, I think universally it's acclaimed, and truly the

15   marketplace being the final arbiter of that, put aside what I

16   think or Your Honor thinks, what my adversaries think.

17           If the claims' traders are paying seventy, seventy-

18   five cents for claims allowed by this trustee, I would suggest

19   he's having a good day; that we are indeed being successful

20   here.  So, if you measure all the indicia that you would take

21   into account.  Have we been forthcoming?  I think we've been

22   forthcoming, more so than probably any trustee in the history

23   of any of these proceedings before Your Honor.  Everything is

24   out there.  There isn't anything held back.

25           With regard to whether or not it's a Ponzi or whether

08-01789-cgm   Doc 4203-7   Filed 06/30/11   Entered 06/30/11 18:55:59   Exhibit E to
MADOFF; SIPC v. BERNARD L. MADOFF INVESTMENT SECURITIES, LLC
the Declaration   Pg 12 of 22

1    the market making platform somehow obviates that or undercuts

2    it in any way, that's an issue.  It's in the case; we

3    understand that.  It's certainly in the issue in the Madoff

4    family case, Peter, Mark, his widow now, and then Andrew, all

5    suggest that they worked in a legitimate operation.  That

6    doesn't mean that they've then therefore asked for all of our

7    documents.  What they're going to ask for is specific documents

8    in the course of litigation which we've instituted against

9    them, seeking recovery.

10        That puts in context exactly how this should be

11   handled here.  So, Your Honor, I respectfully suggest that this

12   application is unfounded and should be denied.

13        MS. DAVIS CHAITMAN:  Mr. Sheehan hasn't articulated

14   one reason why the records of BLMIS should not be produced to

15   investors.  And I would ask that Your Honor order them to be

16   produced.

17        MR. SHEEHAN:  Your Honor, very briefly, I think in our

18   papers we gave a litany of reasons why, including privilege

19   associated with all these documents, joint offense privilege

20   with the U.S. Attorney, the Securities and Exchange Commission,

21   SIPC, the fact that there is PII involved here.  We're very,

22   very careful with how we deal with this information.  Should I

23   just turn over to all of my adversaries all the social security

24   numbers of all of the people here?  Do you think there would be

25   to you an outcry about that?  I think so.

08-01789-cgm   Doc 4203-7   Filed 06/30/11   Entered 06/30/11 18:55:59   Exhibit E to
MADOFF; SIPC v. BERNARD L. MADOFF INVESTMENT SECURITIES, LLC
the Declaration   Pg 13 of 22

1         There's a great many limitations on our ability to

2    deal with these documents, and we wrestle with them every day.

3    To suggest that we would carte blanche turn them over to our

4    adversaries here for whatever purpose, undefined, other than

5    knowledge, which I don't understand, because they have full

6    access to all this information that's in the public record.  I

7    suggest, Your Honor, that there are many, many limitations in

8    our ability to do so.

9         THE COURT:  Thank you both.  As is usual in this case,

10   sometimes the rhetoric and argument doesn't come up to the

11   volume and the meat that's placed before the Court in the filed

12   papers.  That doesn't mean that I just sit back and listen to

13   the argument as disconnected from what's been placed before me

14   that brings me to the point of having to make a determination

15   today.

16        It is also clear to me, especially based upon the

17   rhetoric here in today's argument, that this is in reality a

18   discovery dispute, rather than a lack of a transparency on the

19   part of the trustee and a disconnect from his statutory

20   obligations, which is the framework of the motion, that is that

21   there is a statutory obligation that's not being met.

22        Before me, is the motion of certain creditors and

23   customers of Bernard L. Madoff Investment Securities, shorthand

24   for BLMIS, for an order compelling Irving Picard, the trustee,

25   to produce a report detailing his investigation into the

08-01789-cgm   Doc 4203-7   Filed 06/30/11   Entered 06/30/11 18:55:59   Exhibit E to
MADOFF; SIPC v. BERNARD L. MADOFF INVESTMENT SECURITIES, LLC
the Declaration   Pg 14 of 22

Page 13

1    financial affairs of BLMIS and the results thereof.  And every

2    document the trustee has provided to the Securities Investor

3    Protection Corporation pursuant to SIPA Section 78fff-1(c),

4    78fff-1(d) and Section 704(a) of the Bankruptcy Code.

5           Movants argue in their papers that despite spending

6    more than two years and hundreds of millions of dollars

7    collecting information about BLMIS, the victims still do not

8    know how Bernard Madoff was able to carry out the largest

9    financial fraud in history.  Who were his co-conspirators?  Who

10   were his enablers?  And who were his primary beneficiaries?

11   The motion to compel at paragraph 5:  "Contrary to these

12   assertions, the trustee contends that he has satisfied his

13   reporting duties in accordance with SIPA and the Code, the

14   constraints of the federal rules relating to litigation, and

15   the vast public record already available to movants."

16          For the reasons set forth in this ruling, I do not

17   find an inappropriate lack of transparency.  Accordingly, the

18   motion is denied.  The trustee asserts, and this Court agrees,

19   that movants' motion is consonant with neither SIPA nor the

20   Bankruptcy Code beyond that which requires the administration

21   of the estate and the subject of ongoing litigation and

22   contested matters.  Movants currently seek information that

23   will eventually be disclosed to them during the discovery

24   process, or when the trustee introduces evidence and expert

25   testimony with regard to the BLMIS fraud and insolvency before

08-01789-cgm   Doc 4203-7   Filed 06/30/11   Entered 06/30/11 18:55:59   Exhibit E to
MADOFF; SIPC v. BERNARD L. MADOFF INVESTMENT SECURITIES, LLC
the Declaration   Pg 15 of 22

Page 14

1    this Court.

2         As is clear from the filed motion papers, any

3    information that is not disclosed is either privileged or non-

4    discoverable pursuant to the Federal Rules of Civil Procedure.

5    Contrary to movants' assertions, SIPA does not require that the

6    trustee report directly to customers, creditors, or the public,

7    although there is an information website in place.  Under SIPA,

8    a trustee is required to furnish "to the Court and to SIPC"

9    written reports "with respect to the progress made in

10   distributing cash and securities to customers", SIPA 78fff-

11   1(c).

12        In addition, SIPA requires a trustee to investigate

13   the acts, conduct, property, liabilities and financial

14   condition of the debtor, and to report thereon "to the Court",

15   SIPC 78fff-1(d)(1).  The trustee is then directed to submit a

16   statement of his investigation to SIPC and such other persons

17   as the Court designates, SIPA 78fff-1(d)(4).  As is clear from

18   the plain language of SIPA, there is no requirement for the

19   trustee to report directly to movants or any customer of BLMIS.

20   The trustee must only report to this Court and SIPC.

21        Accordingly, the trustee's requirements to the Court

22   under SIPA cannot be transformed into reporting requirements to

23   the movants.  The movants also argue that the trustee is

24   required to investigate the financials affairs of the debtor,

25   704(a)(4) 11 U.S.C.  And unless otherwise ordered by the Court,

08-01789-cgm    Doc 4203-7    Filed 06/30/11    Entered 06/30/11 18:55:59    Exhibit E to
MADOFF; SIPC v. BERNARD L. MADOFF INVESTMENT SECURITIES, LLC
the Declaration    Pg 16 of 22

Page 15

1      furnish such information concerning the estate and the estate's

2      administration as is requested by a party in interest, 11

3      U.S.C. 704(a)(7).  As demonstrated, the trustee has fulfilled

4      his requirement to provide information concerning the estate

5      and the estate administration, all of which is in the public

6      domain, and accessible to the movants.

7              The trustee has satisfied his disclosure obligations

8      under SIPA and the Code, by creating a thorough and specific

9      record regarding Madoff's fraud.  First, the trustee has filed

10     interim reports with the Court every six months since his

11     appointment, in accordance with SIPA Section 78111-c, Section

12     704(a)(4) and (7) of the Code, and the Claims Procedure order,

13     which is one this Court entered on December 23rd, 2008,

14     directing the trustee to file with the Court every six months

15     an interim report detailing the progress made and the

16     distribution of cash and securities customers.

17             These reports detail the work that the trustee and his

18     counsel have completed on behalf of the customers, creditors,

19     and the estate, and include reports on claims processing,

20     motion practice, settlement, litigation injunctions,

21     investigations and other significant issues and events in the

22     liquidation proceeding.  They have been publicly filed on the

23     docket in the main liquidation proceeding, and are readily

24     available to every customer, creditor or party in interest.

25             Second, the trustee, and the Court is aware, has filed

08-01789-cgm    Doc 4203-7    Filed 06/30/11    Entered 06/30/11 18:55:59    Exhibit E to
MADOFF; SIPC v. BERNARD L. MADOFF INVESTMENT SECURITIES, LLC
the Declaration    Pg 17 of 22

Page 16

 1   hundreds of documents during the course of litigation detailing

 2   the BLMIS fraud, the defendants, and other parties he alleges

 3   were complicit in or had knowledge of that fraud, and the

 4   defendants that he maintains received fictitious profits from

 5   BLMIS.  All of these filed documents are available for public

 6   inspection through the electronic case filing system for the

 7   Bankruptcy Court, the District Court, and the Second Circuit

 8   Court of Appeals.  For example, the transcripts of plea

 9   allocations and Madoff's sentencing and other information

10   relating to criminal liability standards which movants seek are

11   available on the respective court dockets.

12        Third, during the course of the Madoff proceedings,

13   the trustee continuously communicates with the Court,

14   claimants, and the public about BLMIS, estate and its

15   administration.  For example, the trustee has maintained a

16   website, www.madofftrustee.com throughout the liquidation

17   proceeding to keep movants, other interested parties, and the

18   public informed of activities in the case.  Throughout this

19   website, the trustee and his agent claim to have responded to

20   move than 6,223 emails from BLMIS customers and their

21   representatives.

22        Additionally, the trustee has introduced a toll-free

23   customer hotline in order to address whatever questions or

24   concerns the claimants may have.  As of May 31st, 2011, the

25   trustee and his professionals claim to have handled more than

08-01789-cgm    Doc 4203-7    Filed 06/30/11    Entered 06/30/11 18:55:59    Exhibit E to
MADOFF; SIPC v. BERNARD L. MADOFF INVESTMENT SECURITIES, LLC
the Declaration    Pg 18 of 22

1    7,429 calls through the hotline from claimants and their

2    representatives.  Finally, the trustee has conducted a 341

3    meeting of creditors on February 20th, 2009, and has held

4    several press conferences regarding the status of customer

5    claims.

6          Thus, an extraordinary amount of information has been

7    disclosed by the trustee since his appointment in December

8    2008, and the trustee has clearly fulfilled his reporting

9    duties in accordance with SIPA and the Code.  Consequently,

10   movants claim that the trustee "has revealed almost nothing",

11   simply cannot be true.  Indeed, the movants' reply papers do

12   not seriously dispute the asserted responsiveness by the

13   trustee.

14         In addition to the specific record created by the

15   trustee detailing the BLMIS fraud, a vast public record exists

16   through the filing of litigation by numerous government

17   agencies, such as the U.S. Department of Justice, the United

18   States Department of Labor, the United States Securities and

19   Exchange Commission, and the SEC's office of the Inspector

20   General, all of which have conducted hearings and investigation

21   into the BLMIS fraud and have filed numerous actions detailing

22   information that movants seek.  Transcripts and reports of

23   these hearings and investigations have been published and are a

24   matter of public record.

25         Therefore, in addition to information filed by the

08-01789-cgm   Doc 4203-7   Filed 06/30/11   Entered 06/30/11 18:55:59   Exhibit E to
MADOFF; SIPC v. BERNARD L. MADOFF INVESTMENT SECURITIES, LLC
the Declaration   Pg 19 of 22

Page 18

1    trustee, the movants have access to information that is readily

2    accessible through the dockets of the state and federal courts.

3    While the trustee has not made all of his investigative

4    findings and conclusions publicly available, he has still

5    fulfilled his reporting duties as certain information sought by

6    the movants is privileged and non-discoverable.  And that's

7    essentially what I'm hearing in the argument this morning.

8        A trustee's duty to provide information is "not

9    unlimited" and he may obtain a protective order against

10   disclosure of information under 704(a)(7) of the Code.  "If

11   disclosure would result in a waiver of the attorney-client

12   privilege which protects him from disclosure information about

13   ongoing negotiations with third parties and information that

14   will be used in other litigation, In re:  Revco 336 B.R. 187,

15   193, Southern District New York, 1985, In re:  Leeway Holding

16   12 B.R. 881, Southern District of Ohio, 1990.  A litigation

17   protective order was filed with this Court on June 6th, 2011,

18   protecting the disclosure of information deemed confidential

19   material."

20       Additionally certain reports sought by the movants are

21   further protected by the Work Product Doctrine codified by the

22   Federal Rule of Civil Procedure, Rule 26(b)(3), which protects

23   from disclosure documents prepared in anticipation of

24   litigation by or for another party of its representative,

25   Federal Rules of Civil Procedure, 23(b)(3), Hickman against

08-01789-cgm    Doc 4203-7    Filed 06/30/11    Entered 06/30/11 18:55:59    Exhibit E to
MADOFF; SIPC v. BERNARD L. MADOFF INVESTMENT SECURITIES, LLC
the Declaration    Pg 20 of 22

Page 19

1    Taylor, 329 U.S. 495, 511.  Therefore, it is inappropriate and

2    in derogation of well established law, for the movants to

3    require complete disclosure of every document and computer

4    record underlying the Madoff fraud.

5            Finally, movants seek premature discovery and

6    contravention of Rule 26, which covers discovery and disclosure

7    in litigation and contested matters.  For movants who are

8    defendants in avoidance actions in which a notice of

9    applicability has been filed, Rule 26 states that the

10   appropriate time to begin receiving this discovery is the later

11   of 60 from the date of the initial case conference or 180 days

12   from the date the complaint was filed.  Thus, its request is

13   premature and improper.

14           Movants demands will be satisfied during court

15   regulated discovery, and as litigation and the objection

16   process continues.  At the appropriate time, movants will have

17   the opportunity to access and challenge the trustee's evidence

18   of fraud.  Thus, movants' attempts to turn the trustee's

19   reporting requirements under SIPA and the Code into a vehicle

20   to obtain parochial discovery is inappropriate, and accordingly

21   the motion is denied.  I am so ordering this record.

22           MR. SHEEHAN:  Thank you, Your Honor.

23           THE COURT:  The denial is so ordered.

24           MS. DAVIS CHAITMAN:  Thank you, Your Honor.

25       (Whereupon these proceedings were concluded at 10:30 AM)

Page 20

1

2                         **I N D E X**

3

4                          **RULINGS**

5                                            Page      Line

6    Movants' motion to compel trustee to provide    13        18

7    more investigative and financial information -- Denied

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 21

1

2                      C E R T I F I C A T I O N

3

4    I, Karen Schiffmiller, certify that the foregoing transcript is

5    a true and accurate record of the proceedings.

6

7

8    _____

9    KAREN SCHIFFMILLER

10   AAERT Certified Electronic Transcriber CET**D 570

11

12   Veritext

13   200 Old Country Road

14   Suite 580

15   Mineola, NY 11501

16

17   Date:  June 22, 2011

18

19

20

21

22

23

24

25