**BRERA SERVIZI AZIENDALI SRL IN LIQ.**
già Brera Fiduciaria Spa

Sede legale:
Corso Vittorio Emanuele II n. 15 – 5° piano - 20122 Milano
Tel. 02.76018379 – Fax 02.77331210

## *TRIBUNALE FALLIMENTARE DEGLI STATI UNITI*

*Distretto meridionale di New York*

Nella causa di fallimento **n. 08-01789 (brl)**

In re:

*Inving H. Picard*, curatore fallimentare per la liquidazione SIPA sostanzialmente consolidata di Bernard L. Madoff Investment Securities LLC e di Bernard L. Madoff                                                   *attore*

*contro*

Sonia Kohn + altri

tra cui

*Brera servizi aziendali s.r.l in liquidazione*                  *convenuta*

\* \* \*

### *Memoria di replica per la convenuta Brera*

La sottoscritta, Anna Grazia Cervini, nella qualità di **liquidatore** della società *Brera servizi aziendali s.r.l in liquidazione* - già *Brera Fiduciaria Società per azioni – Società Fiduciaria e di Revisione* – P.I. 08819650154 - visto il "*Secondo atto di citazione e avviso di conferenza preliminare in procedimento accusatorio*", notificato il 18 maggio 2011

*premesso che*

- non possiede la padronanza della lingua inglese o americana che dir si voglia;

- la società non ha dipendenti in grado di predisporre la risposta nella lingua dell'originale;

- le casse della società non consentono di pagare un traduttore;

- le casse della società non consentono di pagare un avvocato a ciò consultato, anche per averne la *legal opinion* in merito al comportamento da tenere

*espone*

la società "*Brera Fiduciaria Società per azioni – Società Fiduciaria e di Revisione*" **non è mai stata una holding.**

RECEIVED JUN 27 2011 US BANKRUPTCY COURT SO DIST OF NEW YORK

1

**BRERA SERVIZI AZIENDALI SRL IN LIQ.**
già Brera Fiduciaria Spa

---

Non poteva essere una holding perché era stata autorizzata a svolgere la *"attività propria di società fiduciaria"* con il <u>decreto dell'allora Ministero dell'industria del commercio e dell'artigianato</u> (*all. A.1*) e come documentano sia l'<u>atto costitutivo</u> sia lo <u>Statuto sociale</u> sia i <u>bilanci d'esercizio</u>.

Le società fiduciarie italiane sono disciplinate dalle seguenti leggi:

- l. 23 novembre 1939, n. 1966
- r.d. 22 aprile 1940, n. 531
- d.l. 5 giugno 1986, n. 233, conv. in l. 1° agosto 1986, n. 430
- d.l. 16 febbraio 1987, n. 27, conv. in l. 13 aprile 1987, n. 148
- l. 19 marzo 1990, n. 55: art. 28
- l. 2 gennaio 1991, n. 1: art. 17
- l. 5 novembre 1992, n. 429: art. 3 (interpretazione autentica dell'art. 17, l. 2 gennaio 1991, n. 1)
- d. m. dell'industria, del commercio e dell'artigianato 26 marzo 1993, n. 329
- d. m. dell'industria, del commercio e dell'artigianato 18 giugno 1993
- d.p.r. 18 aprile 1994, n. 361
- d. m. dell'industria, del commercio e dell'artigianato 16 gennaio 1995
- d. m. dell'industria, del commercio e dell'artigianato 2 ottobre 1995, n. 536
- d.m. 8 luglio 2005
- d.lgs. 24 luglio 1996, n. 416: art. 60, co. 4
- d.lgs. 21 novembre 1997, n. 461: art. 7
- d.lgs. 28 febbraio 1998, n. 58: art. 199 (cfr. questa norma p. 187)
- r.d. 16 marzo 1942, n. 267: art. 70 (come sostituito dall'art. 2, co. 1, lett. b, d.l. 14 marzo 2005, n. 35 conv. da l. 14 maggio 2005, n. 80
- d.lgs. 27 gennaio 1992, n. 88: art. 28 (abrogato) e

d.lgs. 27 gennaio 2010, n. 39
- (d.lgs 13 agosto 2010, n. 141 – *Attuazione della direttiva 2008/48/CE relativa ai contratti di credito ai consumatori, nonché modifiche del titolo VI del testo unico bancario (decreto legislativo n. 385 del 1993) in merito alla disciplina dei soggetti operanti nel settore finanaziario, degli agenti in attività finanziaria e dei mediatori creditizi*).

Le società fiduciarie italiane ***sono sottoposte alla vigilanza*** del Ministero dell'industria del commercio e dell'artigianato ora Ministero dello Sviluppo Economico.



2

**BRERA SERVIZI AZIENDALI SRL IN LIQ.**
già Brera Fiduciaria Spa

---

*Brera servizi aziendali s.r.l in liquidazione* non è una holding ma è la società in cui si è trasformata la società fiduciaria per curare la liquidazione (***all. A.3***).

<u>E' completamente in errore</u> l'atto al quale si risponde: la società fiduciaria italiana non è proprietaria dei "beni" che amministra. Nel bilancio d'esercizio i "beni amministrati" sono iscritti nei "conti d'ordine", (*under the bottom line*: ***all. A.6 e 7***).

La società fiduciaria italiana ***amministra beni di terzi***:

*Corte cost. 04-04-1996 (C.C. 26-03-1996), n. 109 (ord.)*

*Cass. S.U. 10.12.1984, n. 6478*
*Cass. S.U. 1.7.1993, n. 7186*

*Cass. civ., sez. I 23-09-1997, n. 9355*
*Cass. civ., sez. I 14-10-1997, n. 10031*
*Cass. civ., sez. I 21-05-1999, n. 4943*
*Cass. civ., sez. I 21-01-1999, n. 521*
*Cass. civ., sez. I 12.9.2008, n. 23560*

La partecipazione nella società ***Tecno Development & Research srl*** era di proprietà del ***Fiduciante*** (***all. B.8***).

La società ***Tecno Development & Research srl*** è stata costituita per incarico del ***Fiduciante*** su istruzione del suo professionista, il rag. Renato Florio (***all.B.9***), che ne è stato l'Amministratore e il liquidatore.

La società ***Tecno Development & Research srl*** è stata costituita con i "mezzi" forniti dal ***Fiduciante*** (***all.B.12***).

La società ***Tecno Development & Research srl NON era e NON è di proprietà della società Brera***.

E' assolutamente in errore l'atto al quale si risponde nel ritenere che da *Tecno Development & Research srl a Brera vi è stato passaggio di denaro*: SAREBBE STATA SUFFICIENTE LA SEMPLICE INDAGINE BANCARIA PER ACCORGERSI DELLA ENORMITA' DELL'ERRORE.



3

**BRERA SERVIZI AZIENDALI SRL IN LIQ.**
già Brera Fiduciaria Spa

---

*Brera non ha mai ricevuto fondi da Tecno Development & Research srl.*

Se Brera avesse ricevuto fondi da *Tecno Development & Research srl* avrebbe dovuto trasferirli al suo fiduciante. Ma Brera NON ha ricevuto fondi da *Tecno Development & Research srl*.

<u>Dimostri SIPA che Brera ha ricevuto un solo Euro da *Tecno Development & Research srl*</u>.

L'atto di SIPA è totalmente errato. E' i tentativo di attribuire responsabilità ad altri *senza la benché minima prova*, ed è molto grave che si proceda in maniera così avventata.

Brera <u>deve essere risarcita dalle spese</u> che è stata costretta a sostenere: il costo dell'opera del Liquidatore, poiché il Liquidatore non è dipendente di Brera, la parcella dell'avvocato che si è dovuto consultare sulla procedura da seguire e sulla legittimità dell'atto cui si risponde, le spese per questo atto e per i suoi allegati.

Per qualsiasi ulteriore comunicazione Vi è la diffida a continuare a notificare atti alla abitazione del Liquidatore: i Vostri atti devono essere notificati alla sede della società convenuta e non alla residenza del Liquidatore. Questo è illecita violazione della privacy della persona del liquidatore, che non ha alcunché da spartire con l'incarico professionale di liquidatore di una società di capitali.

Si allegano:
  A. quanto alla società Brera:
      0. Iscrizione al Ministero dell'Industria di Brera Fiduciaria SpA del 12 agosto 1986 e 25 giugno 1988;
      1. Statuto società Brera Fiduciaria SpA;
      2. Assemblea straordinaria Brera Fiduciaria SpA per messa in liquidazione e trasformazione in Brera Servizi Aziendali srl in liq.;
      3. Statuto società Brera Servizi Aziendali srl in liq.;
      4. Deposito Elenco Soci Brera Servizi Aziendali srl in liq.;
      5. Bilancio al 31 dicembre 2007 della Brera Fiduciaria SpA per la messa in liquidazione;
      6. Bilancio al 31 dicembre 2010 della Brera Servizi Aziendali srl in liq. comprensivo di allegati:



4

**BRERA SERVIZI AZIENDALI SRL IN LIQ.**
già Brera Fiduciaria Spa

- nota integrativa;
- relazione ex art. 2490 c.c.
- verbale assemblea ordinaria del 29 aprile 2011

**B.** quanto alla società partecipata Tecno Development and Research srl

7. Incarico fiduciario n. 2174 del 7 febbraio 2002 conferito a Brera Fiduciaria SpA dalla società I-Technology Solutions;
8. Incarico dal rag. Renato Florio per la costituzione della Tecno Development and Research srl;
9. Atto costitutivo e Statuto della società Tecno Development and Research srl del 21 febbraio 2002;
10. Documenti società fiduciante I-Technology Solutions Inc.;
11. Istruzioni società fiduciante I-Technology Solutions Inc. per operazioni finanziarie – quote e finanziamento soci infruttifero a favore della società Tecno Development and Research srl;
12. Assemblea ordinaria del 6 dicembre 2002:
    - trasferimento sede legale Via Andegari 18 – Milano;
    - nomina procuratore sig. Kohn Erwin;
13. Assemblea ordinaria del 16 maggio 2005:
    - conferimento poteri A.U.sig.ra Blau Betty;
14. Assemblea ordinaria del 1 dicembre 2006:
    - Nomina nuovo A.U. sig.ra Blau Betty;
    trasferimento sede legale Via Andegari 18 – Milano
    - Nomina procuratore sig. Kohn Erwin
15. Assemblea straordinaria del 12 dicembre 2006:
    - determinazione emolumento A.U. sig.ra Blau Betty;
    - modifica oggetto sociale;
16. Assemblea straordinaria del 26 settembre 2007:
    - determinazione compenso A.U. sig.ra Blau Betty;
    - scioglimento anticipato società;
    - nomina liquidatore (rag. R. Florio);
    - trasferimento sede legale da Via Andegari 18 a Via Settala 20 a Milano;
    - istituire unità locale Via Andegari 18 a Milano
17. Documenti relativi bilancio finale di liquidazione della società Tecno Development and Research srl in liq.;
18. Visura storica della società Tecno Development and Research srl in liq.

Milano 6 giugno 2011

*[firma]*