**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York  10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Seanna R. Brown
Email: sbrown@bakerlaw.com
Jacqlyn R. Rovine
Email: jrovine@bakerlaw.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | SIPA LIQUIDATION<br><br>No.  08-01789 (BRL)<br>(Substantively Consolidated)<br><br>No. _____ |
| In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | |

**MEMORANDUM OF LAW OF IRVING H. PICARD, TRUSTEE, IN OPPOSITION TO**
**<u>MOTION FOR LEAVE TO APPEAL</u>**

## TABLE OF CONTENTS

                                                                      **Page**

PRELIMINARY STATEMENT .................................................................................................. 1

BACKGROUND ............................................................................................................................ 2

STATEMENT OF FACTS .............................................................................................................. 3

ARGUMENT ................................................................................................................................. 5

      I.      Movants fail to meet the standards for interlocutory review. ................................ 6

            A.     Movants present no controlling question of law that the Court
                   could decide without a review of the record. .............................................. 7

            B.     The Discovery Order does not present a controlling issue of law
                   that will materially advance the termination of the litigation. ................... 8

            C.     No substantial ground for difference of opinion exists because
                   there is no doubt as to the correct legal standard relied upon in the
                   order. .......................................................................................................... 10

            D.     No exceptional circumstances exist that warrant interlocutory
                   review.......................................................................................................... 11

CONCLUSION............................................................................................................................. 13

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Abel v. Shugrue (In re Ionosphere Clubs, Inc.)*,
    179 B.R. 24 (S.D.N.Y. 1995)..................................................................................................6, 8

*In re Adelphia Comm. Corp.*,
    333 B.R. 649 (S.D.N.Y. 2005).................................................................................... *passim*

*Atlantic City Electric Co. v. A.B. Chance Co.*,
    313 F.2d 431 (2d Cir. 1973)....................................................................................................7, 10

*Biosafe-One, Inc. v. Hawks*,
    379 Fed. Appx. 4 (2d Cir. 2010).............................................................................................7, 11

*In re Convolve, Inc.*,
    No. 00-CV-5141, 2006 U.S. Dist. LEXIS 69425 (S.D.N.Y. Sept. 27, 2006)............................8

*Dinler v. City of New York* (*In re City of New York*),
    607 F.3d 923 (2d Cir. 2010)........................................................................................................5

*Franzon v. Massena Memorial Hosp.*,
    189 F.R.D. 220 (N.D.N.Y. 1999)...............................................................................................9

*Gache v. Balaber-Strauss*,
    198 B.R. 662 (S.D.N.Y. 1996)..........................................................................................6, 7, 9

*Hershey-Wilson v. City of New York*,
    No. 05-CV-7026, 2006 U.S. Dist. LEXIS 68116 (S.D.N.Y. Sept. 20, 2006)............................6

*In re John-Manville Corp.*,
    47 Bankr. 957 (S.D.N.Y. 1985) .................................................................................................6

*Klinghoffer v. S.N.C. Achille Lauro*,
    921 F.2d 24 (2d Cir. 1990)..........................................................................................................9

*In re Lehman Bros. Holdings, Inc.*,
    422 B.R. 403 (S.D.N.Y. 2009)...................................................................................................6

*Moore v. Gardner*,
    201 Fed. Appx. 803 (2d Cir. 2006) ....................................................................................7, 11

*North Fork Bank v. Abelson*,
    207 B.R. 382 (E.D.N.Y. 1997) ..................................................................................................8

*P. Schoenfeld Asset Mgt. LLC v. Cendant Corp.*,
    161 F. Supp. 2d 355 (D.N.J. 2001) ............................................................................................7

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*In re Stockbridge Funding Corp.*,
  No. M-47, 1993 U.S. Dist. LEXIS 7663 (S.D.N.Y. June 8, 1993) ................. 9, 10, 11

*In re Towers Fin. Corp.*,
  164 B.R. 719 (S.D.N.Y. 1994) ................................................................. 12

*In re Traversa*,
  371 B.R. 1 (D. Conn. 2007) ..................................................................... 8

*In re Von Bulow*,
  828 F.2d 94 (2d Cir. 1987) ...................................................................... 6

**STATUTES AND RULES**

11 U.S.C. § 101 ......................................................................................... 1

15 U.S.C. § 78aaa ..................................................................................... 1

15 U.S.C. § 78eee(a)(3) ............................................................................. 2

15 U.S.C. § 78eee(a)(4)(A) ........................................................................ 2

15 U.S.C. § 78eee(b)(3) ............................................................................. 2

15 U.S.C. § 78eee(b)(4) ............................................................................. 2

28 U.S.C. § 158(a) .................................................................................... 6

28 U.S.C. § 1292(b) ............................................................................... 6, 7

Fed. R. Bankr. P. 8003 .............................................................................. 6

Fed. R. Bankr. P. 9014 .............................................................................. 3

Fed. R. Civ. P. 26 ......................................................................... 1, 3, 5, 9

**OTHER AUTHORITIES**

Wright, C. & Miller, A., Federal Practice and Procedure, § 2006 (1970 ed.) ......... 9

Wright, C. & Miller, A., Federal Practice and Procedure, § 3930 (2d ed. 1996) ..... 9

Irving H. Picard, as trustee ("Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. § 78aaa *et seq.*,[1] and the substantively consolidated estate of Bernard L. Madoff (collectively, "Debtors"), respectfully submits this memorandum of law in opposition to the motion of Marsha Peshkin and over 800 other customers of BLMIS ("Movants") for leave to appeal the *Order Denying BLMIS Customers' Motion To Compel the Trustee to Provide a Report of His Investigative Activities and the Financial Affairs of BLMIS*, dated June 21, 2011 (the "Discovery Order") of the United States Bankruptcy Court for the Southern District of New York (the "Motion for Leave to Appeal"). (*BLMIS*,[2] ECF No. 4180).

## PRELIMINARY STATEMENT

Ignoring the extensive record set forth by this Trustee and the vast amount of information in the public domain, Movants claim that the Trustee has failed to meet his statutory disclosure obligations under the Bankruptcy Code, 11 U.S.C. § 101 *et seq*. (the "Bankruptcy Code"), and SIPA. These statutory schemes provide for transparency and disclosure regarding the administration of the estate, duties that, as the bankruptcy court found, the Trustee has more than adequately fulfilled. What Movants truly seek is discovery—to which they are entitled at the appropriate juncture of the pending litigations and claims objections process pursuant to Federal Rule of Civil Procedure 26 ("Rule 26"). Finding a discovery request under Rule 26 to be premature and inappropriate given the status of the pending adversary proceedings (in which no pre-trial conferences have been scheduled), the

---

[1] Subsequent references to SIPA shall omit "15 U.S.C."

[2] ECF references to "*BLMIS*" refer to pleadings filed in the main liquidation proceeding pending before the bankruptcy court, *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (Bankr. S.D.N.Y.) (BRL).

bankruptcy court appropriately rejected Movants' attempt to turn the Trustee's reporting requirements under SIPA and the Bankruptcy Code into a vehicle to obtain "parochial discovery."

Movants seek leave to appeal the bankruptcy court's denial of their discovery request. But Movants cannot meet the standards governing interlocutory appeals and the instant Motion should be denied.

## BACKGROUND

On December 11, 2008 (the "Filing Date"), the Securities and Exchange Commission ("SEC") filed a complaint in the District Court against the Debtors, captioned *United States v. Madoff*, No. 08-CV-10791 (S.D.N.Y.) (LLS). The complaint alleged that the Debtors engaged in fraud through the investment advisor activities of BLMIS.

On December 15, 2008, pursuant to section 78eee(a)(4)(A) of SIPA, the SEC consented to a combination of its own action with an application of SIPC. Thereafter, pursuant to section 78eee(a)(3) of SIPA, SIPC filed an application in the District Court alleging, *inter alia*, that BLMIS was not able to meet its obligations to securities customers as they came due and, accordingly, its customers needed the protection afforded by SIPA.

On that date, the District Court entered the Protective Decree, to which BLMIS consented, which, in pertinent part: (a) appointed the Trustee for the liquidation of the business of BLMIS pursuant to section 78eee(b)(3) of SIPA; (b) appointed B&H as counsel to the Trustee pursuant to section 78eee(b)(3) of SIPA; and (c) removed the case to the bankruptcy court pursuant to section 78eee(b)(4) of SIPA.

On April 13, 2009, an involuntary bankruptcy petition was filed against Madoff. On June 9, 2009, the bankruptcy court entered an order substantively consolidating the Chapter 7 estate of Madoff into the BLMIS SIPA proceeding.

2

**STATEMENT OF FACTS**

The Trustee has filed six interim reports with the bankruptcy court, most recently in May 2011.[3] The Trustee has filed hundreds of litigations detailing the fraud that occurred through BLMIS, the defendants and other parties he alleges were complicit in or had knowledge of that fraud, as well as those defendants that he maintains received fictitious profits to the detriment of those BLMIS customers that did not recover their principal investment. The interim trustee reports and pleadings are not the only form of communication he has with customers and creditors. He and his counsel are continuously engaged in providing information to the public, through the Trustee's website and by responding to thousands of email and telephone inquiries concerning the estate and the liquidation proceeding.

Since December 2008, the United States Congress, the United States Department of Justice ("DOJ"), the United States Department of Labor ("DOL"), the United States Securities and Exchange Commission ("SEC"), the SEC's Office of the Inspector General ("OIG"), and various state agencies, among other governmental entities, have conducted hearings and investigations, published transcripts and reports of those hearings and investigations, and filed numerous actions detailing the manner in which BLMIS carried out the largest financial fraud in history and the identities of Madoff's co-conspirators, enablers, and primary beneficiaries. Through the panoply of litigation filed by the Trustee, the DOJ, the DOL, and the SEC, and the extensive investigations into the BLMIS fraud and matters related thereto, much information and detail regarding the fraud is a matter of public record.

---

[3] The Trustee's reports have covered the periods from December 11, 2008 to June 30, 2009 (the "First Interim Report") (*BLMIS,* ECF No. 314), July 1, 2009 to October 31, 2009 (the "Second Interim Report") (*BLMIS,* ECF No. 1011), November 1, 2009 to March 31, 2010 (the "Amended Third Interim Report") (*BLMIS,* ECF No. 2207), April 1, 2010 to September 30, 2010 (the "Fourth Interim Report") (*BLMIS,* ECF No. 3038), and October 1, 2010 to March 31, 2011 (the "Fifth Interim Report") (*BLMIS,* ECF No. 4072).

3

Despite this extensive record, Movants sought to compel the Trustee to provide an additional report of his investigative activities and the fraud of BLMIS and the broad release of records (the "Motion to Compel"). (*BLMIS*, ECF No. 4045). Approximately 700 of the 830 Movants are parties to (i) a contested matter under Rule 9014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), having filed objections to claim determinations issued to them by the Trustee, (ii) an avoidance action filed by the Trustee seeking the recovery of avoidable transfers of fictitious profits withdrawn by Movants from their BLMIS accounts during the ninety days, two years, and/or six years prior to the Filing Date of the bankruptcy, or (iii) both. No initial case conferences have been held in any avoidance actions to which Movants are a party, nor have any hearings been scheduled with regard to claims objections.

The Trustee opposed the Motion to Compel on the grounds that the relief sought by Movants—the turnover of the BLMIS trading and bank records and reports and all information concerning Madoff's "co-conspirators, enablers, and primary beneficiaries"—was in fact either (i) a request for information already made public by the Trustee or various governmental entities engaged in the investigation and prosecution of Madoff's Ponzi scheme, or (ii) an inappropriate discovery demand because it was premature under Rule 26 or overbroad, seeking non-discoverable, privileged materials. (*BLMIS*, ECF No. 4147). Movants filed a reply. (*BLMIS*, ECF No. 4164).

At the hearing on the Motion to Compel, Counsel for the Trustee stated that Movants and all other defendants to avoidance actions brought by the Trustee will have the opportunity to challenge whether Madoff operated a Ponzi scheme and receive the relevant, non-privileged documents possessed by the Trustee as litigation progresses, pursuant to Rule 26. (*See* Transcript of June 21, 2011 Hearing on the Motion to Compel ("Hr'g Tr.") at 10:25-11:9,

4

*BLMIS*, ECF No. 4201.)[4] Counsel for the Trustee explained that some documents demanded by Movants may never be turned over because they are privileged. (*Id.* at 11:17-11:25).

Counsel for the Trustee also responded to arguments made in the Motion to Compel, which asserted that the Trustee had numerous statutory and common law duties to provide Movants, as creditors of the BLMIS estate, with the information and documents requested.[5] Counsel for the Trustee explained that the Trustee had, from the outset of the BLMIS liquidation, complied with his statutory obligations to disclose information to the bankruptcy court, the various governmental entities, adversaries, and BLMIS customers and creditors, but that the law cited by Movants did not create a duty to disclose the requested documents to them and to such an extent. (*Id.* at 9:12-10:16). The bankruptcy court noted for the record that counsel for Movants' failed to address these arguments in her written reply nor in her presentation to the court. (*Id.* at 12:9-15).

Based upon the record before it (*id.* at 12:9-15), the bankruptcy court held that "this is in reality a discovery dispute, rather than a lack of a transparency on the part of the trustee and a disconnect from his statutory obligations, which is the framework of the motion . . ." (*Id.* at 12:16-21). The bankruptcy court reviewed the Trustee's statutory obligations to disclose information regarding the administration of the BLMIS estate and found that the Trustee had exceeded those obligations, concluding that the "motion [was] consonant with neither SIPA nor

---

[4] A copy of the Hr'g Tr. is attached to the Chaitman Decl. as Ex. E.

[5] Under SIPA, a trustee is required to make reports to the bankruptcy court "with respect to the progress made in distributing cash and securities to customers." SIPA § 78fff-1(c). A SIPA trustee is also required to report to the court regarding his investigation of the debtor, including its property, liabilities, fraud, misconduct, mismanagement, and any causes of action available to the estate. SIPA § 78fff-1(d). Under Chapter 7 of the Bankruptcy Code, which is applicable to the extent consistent with SIPA, a SIPA trustee's duties include informing "parties in interest" about "the estate and estate administration." Bankruptcy Code § 704(a)(7);[5] SIPA § 78fff(b); *see also Pineiro v. Pension Benefit Guar. Corp.*, 318 F. Supp. 2d 67, 102 (S.D.N.Y. 2003); *In re Robert Landau Assoc., Inc.*, 50 B.R. 670, 677 (S.D.N.Y. 1985).

5

the Bankruptcy Code beyond that which requires the administration of the estate and the subject of ongoing litigation and contested matters. . . . Contrary to movants' assertions, SIPA does not require that the trustee report directly to customers, creditors, or the public . . ." (*Id.* at 13:18-22, 14:5-7, 14:7-17:5).

The bankruptcy court reviewed the information already released by the Trustee concerning the administration of the BLMIS estate that satisfied his disclosure obligations (*id.* at 14:5-17:13), and found that the documents sought by Movants constituted premature discovery in contravention of Rule 26 or materials protected by privileges. (*Id.* at 18:8-19:7). The bankruptcy court noted that at the appropriate time, Movants "will have the opportunity to access and challenge the trustee's evidence of fraud. Thus, movants' attempts to turn the trustee's reporting requirements under SIPA and the Code into a vehicle to obtain parochial discovery is inappropriate, and accordingly the motion is denied." (*Id.* at 19:7-21).

The bankruptcy court entered the Discovery Order. Movants thereafter filed the instant Motion, which resurrects the same arguments raised before concerning the Trustee's alleged duties to turn over documents, and once again fails to address the disclosures that the Trustee has made in fulfilling his statutory duties.

**ARGUMENT**

Movants cannot meet the prerequisites for leave to take an interlocutory appeal of the Discovery Order. Movants identify no controlling question of law as to which there is a substantial ground for difference of opinion. Nor would granting Movants' request for leave to appeal materially advance the ultimate termination of the litigation because "no matter how the discovery dispute is resolved, the bankruptcy court must then proceed to resolve the merits of the Trustee's claims, whether by trial or by dispositive motion." *See Dinler v. City of New York*

6

(*In re City of New York)*, 607 F.3d 923, 933 (2d Cir. 2010).  As such, the Motion for Leave to Appeal must be denied.

### I. Movants fail to meet the standards for interlocutory review.

Section 158(a) of Title 28 of the United States Code provides district courts with discretion to hear appeals from interlocutory orders and decrees of the bankruptcy court.  28 U.S.C. § 158(a); *see In re Adelphia Comm. Corp.*, 333 B.R. 649, 658 (S.D.N.Y. 2005) ("The decision whether to grant an interlocutory appeal from a bankruptcy court order is within the district court's discretion.").  In considering motions for leave for leave to appeal an interlocutory order of a bankruptcy court pursuant to this statute and Bankruptcy Rule 8003, district courts apply the legal standards of 28 U.S.C. § 1292(b) ("Section 1292(b)").  *Gache v. Balaber-Strauss*, 198 B.R. 662, 664 (S.D.N.Y. 1996); *Abel v. Shugrue (In re Ionosphere Clubs, Inc.)*, 179 B.R. 24, 28 (S.D.N.Y. 1995).

Under § 1292(b), an interlocutory order in a bankruptcy case may be appealed only if: (1) the "order involves a controlling question of law"; (2) "there is substantial ground for difference of opinion" on that question"; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b); *In re Von Bulow*, 828 F.2d 94, 98 (2d Cir. 1987); *In re Lehman Bros. Holdings, Inc.*, 422 B.R. 403, 405-06 (S.D.N.Y. 2009).  Interlocutory appeals in bankruptcy cases present a fourth requirement, in that exceptional circumstances must exist.  *See, e.g.*, *In re John-Manville Corp.*, 47 Bankr. 957, 960 (S.D.N.Y. 1985) (contributing the fourth factor of this test, which is unique to bankruptcy cases).

Generally, discovery orders are not appealable and rarely satisfy the requirements for interlocutory appeals.  *In re Von Bulow*, 828 F.2d 94, 98 (2d Cir. 1987) (finding that discovery orders "will rarely satisfy these requirements"); *Hershey-Wilson v. City of New York*, No. 05-

7

CV-7026, 2006 U.S. Dist. LEXIS 68116, at *5 (S.D.N.Y. Sept. 20, 2006) ("Discovery orders are generally not appealable"); *Gache*, 198 B.R. at 664-65 (finding that movant failed to demonstrate that discovery order presented a controlling question of law, a required element for interlocutory appeal). Moreover, discovery orders are within the discretion of the trial court, here, the bankruptcy court, and are reviewed for an abuse of discretion. *Biosafe-One, Inc. v. Hawks*, 379 Fed. Appx. 4, 9 (2d Cir. 2010); *Moore v. Gardner*, 201 Fed. Appx. 803, 804 (2d Cir. 2006) ("It is axiomatic that the trial court enjoys wide discretion in its handling of pre-trial discovery. We will reverse a district court's discovery ruling only upon a clear showing of an abuse of discretion."); *Atlantic City Electric Co. v. A.B. Chance Co.*, 313 F.2d 431, 434 (2d Cir. 1973) ("Questions of this sort, involving the discretion of the judge in conducting pretrial discovery proceedings, should not be reviewed by an appellate court at this stage of a litigation except where there has been a manifest abuse of discretion.").

**A.      Movants present no controlling question of law that the Court could decide without a review of the record.**

Movants have failed to demonstrate that the Discovery Order raises an issue of law that this Court could determine without review of the record. To obtain leave to appeal under Section 1292(b), a movant must first establish that the question of law is "a pure question of law that the reviewing court could decide quickly and cleanly without having to study the record." *In re Adelphia Comm. Corp.*, 333 B.R. at 658. Mere disagreement with the lower court's ruling is insufficient to meet this standard. *See P. Schoenfeld Asset Mgt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 355, 359 (D.N.J. 2001).

The bankruptcy court conducted a fact-specific inquiry of the types of documents demanded. The bankruptcy court found that the Trustee had exceeded his fiduciary and disclosure obligations concerning the administration of the BLMIS estate—the only obligations

8

imposed on the Trustee by SIPC and the Bankruptcy Code—and already released information about Madoff's "co-conspirators, enablers, and primary beneficiaries" in the hundreds of adversary proceedings filed on the bankruptcy court docket and trustee reports. Fact-specific inquiries demonstrate that a controlling question of law is not involved. *In re Adelphia Comm. Corp.*, 333 B.R. at 664-65 (rejecting issue as not presenting "pure questions of law or arising out of a genuine doubt as to the correct applicable legal standard that was relied on in the order" when the issues "are 'fact-based' determinations"); *In re Ionosphere Clubs, Inc.*, 179 B.R. at 29.

Moreover, as part of the bankruptcy court's fact-specific inquiry into the documents requested, it concluded that Movants, as adversaries to the Trustee, would soon receive the documents requested to the extent they were discoverable. The bankruptcy court found that many of the documents and reports demanded by Movants were prepared for litigation and, thus, non-discoverable pursuant to various privileges. Whether information is privileged "is primarily a question of fact involving the exercise of sound discretion and does not involve any controlling question of law." *In re Traversa*, 371 B.R. 1, 5 (D. Conn. 2007); *In re Convolve, Inc.*, No. 00-CV-5141, 2006 U.S. Dist. LEXIS 69425, at *2 (S.D.N.Y. Sept. 27, 2006). These are not questions of pure law that the Court could decide quickly and cleanly without having to study the record. As such, interlocutory review should be denied.

### B.     The Discovery Order does not present a controlling issue of law that will materially advance the termination of the litigation.

Movants must demonstrate that their "controlling question of law" is one in which reversal of the decision of the bankruptcy court would terminate the action, or at minimum, will materially affect the outcome of the litigation. *See North Fork Bank v. Abelson*, 207 B.R. 382, 389-90 (E.D.N.Y. 1997).

9

Disguised as a request for creditor information, Movants demanded a broad disclosure of documents and other information that they may be entitled to during discovery, including BLMIS bank and trading records. The bankruptcy court found that the Trustee met his statutory disclosure requirements under SIPA and the Bankruptcy Code. As for Rule 26, the bankruptcy court deemed the demand premature, and denied the discovery request.

Discovery orders do not present "controlling questions of law capable of significantly advancing litigation so as to justify interlocutory appeal." *Gache*, 198 B.R. at 664-65; *Franzon v. Massena Memorial Hosp.*, 189 F.R.D. 220, 224 (N.D.N.Y. 1999) ("[T]his Court's determination merely related to a discovery dispute. If the Second Circuit were to reverse this Court's prior Order, it would not terminate the instant action and, thus, is not likely to be considered a controlling question of law."); *In re Stockbridge Funding Corp.*, No. M-47, 1993 U.S. Dist. LEXIS 7663, at *13, *15 (S.D.N.Y. June 8, 1993) (citing *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 24, 25 (2d Cir. 1990); Wright, C. & Miller, A., Federal Practice and Procedure, § 3930 (2d ed. 1996); Wright, C. & Miller, A., Federal Practice and Procedure, § 2006 at 31 (1970 ed.) ("Ordinarily it is difficult to believe that a discovery order will present a controlling question of law or that an immediate appeal will materially advance the termination of the litigation.").

Here, the Discovery Order does not pose a controlling question of law because granting the Motion for Leave to Appeal will not result in the termination of the actions against Movants. Movants state that "the liquidation cannot move forward without determination of the fundamental issue of whether BLMIS was a Ponzi scheme."[6] *Id.* at 10. To the contrary, the

---

[6] Movants do not acknowledge or address the extensive public record regarding the fraud perpetrated through BLMIS by the Trustee and the various federal and state governmental officials prosecuting matters relating to the fraud.

10

      Pg 15 of 18

liquidation proceeding, related adversary proceedings, and contested matters will move forward pursuant to the Federal Rules of Civil and Bankruptcy Procedure. As Movants concede, they seek this discovery to determine whether the Trustee's avoidance actions against them should lie. *See* Motion 11 (the records "will determine whether the Trustee has any basis for the 988 fraudulent transfer actions"). The Trustee will set forth facts and evidence demonstrating insolvency and the Ponzi scheme, through evidence and expert testimony, in accordance with the strictures and protections of the rules governing such disclosure and evidence—namely, the Federal Civil and Bankruptcy Rules of Procedure. And Movants will receive such disclosures and may dispute such evidence at the appropriate time and pursuant to the same Rules, not in the piecemeal fashion proposed here.

Movants need not seek interlocutory review of the bankruptcy court's order as they will receive the discovery to which they are entitled in due course. Thus, the relief sought and denied by the bankruptcy court is not determinative of the Trustee's pending avoidance actions or contested matters, to which Movants are parties. The Discovery Order merely determines when Movants may be entitled to such information. Movants should not be permitted to obtain backdoor discovery in contravention of the Federal Rules.

In any event, even where a discovery order "essentially foreclosed defendants from obtaining pretrial discovery of facts relating to [a] particular defense . . . . the Second Circuit [has] held that an interlocutory appeal was unwarranted" because "defendants will have full opportunity in the event of an adverse judgment, if based in whole or in part upon this error, to have it corrected upon appeal together with any other errors which may be urged . . ." *See In re Stockbridge Funding Corp.*, 1993 U.S. Dist. LEXIS 7663, at *21 (citing *Atlantic City Electric Co.*, 337 F.2d at 845). No bases exist for granting interlocutory review here.

11

    **C.**    **No substantial ground for difference of opinion exists because there is no doubt as to the correct legal standard relied upon in the order.**

Movants must also show that a substantial ground for difference of opinion arises "out of a genuine doubt as to the correct applicable legal standard relied on in the order." *In re Adelphia Comm. Corp.*, 333 B.R. at 658 (stating that a "[s]ubstantial ground would exist if the issue is difficult and of first impression," but not if "the relevant case law is less than clear or allegedly not in accord" (internal quotation marks omitted)). As discovery orders are within the bankruptcy judge's discretion, there is no basis to suggest that a difference of opinion exists as to the correct legal standard at issue here.

Even if there were a difference of opinion, interlocutory review is insufficient where Movants fail to meet the other statutory requirements. *See In re Stockbridge Funding Corp.*, 1993 U.S. Dist. LEXIS 7663, at *12 ("However, the mere fact that there is substantial ground for difference of opinion is insufficient to warrant interlocutory review when the other statutory requirements are not met."). As demonstrated herein, Movants cannot meet the statutory requirements for leave to appeal, and their motion should be denied.

    **D.**    **No exceptional circumstances exist that warrant interlocutory review.**

Finally, Movants seek to transform a discovery request into "exceptional circumstances." The fact that "a great deal of money [is] at stake" is not an exceptional circumstance "that would justify an interlocutory appeal." *In re Adelphia Comm. Corp.*, 333 B.R. at 663 (finding that such an argument "militates strongly in favor of deferring to the Bankruptcy Court, which has handled the case for three years and is infinitely more familiar with the record."). Even where difficult issues are presented, courts deny interlocutory review. "To allow an interlocutory appeal every time a discovery ruling of some importance is made

would clearly lead to undue delay and disruption." *In re Stockbridge Funding Corp.*, 1993 U.S. Dist. LEXIS 7663, at *20-*21.

Instead, questions such as those presented here should be left to the sound discretion of the bankruptcy court. *See Biosafe-One, Inc.*, 379 Fed. Appx. at 9; *Moore*, 201 Fed. Appx. at 804 ("It is axiomatic that the trial court enjoys wide discretion in its handling of pre-trial discovery. We will reverse a district court's discovery ruling only upon a clear showing of an abuse of discretion."). Indeed, "[q]uestions that arise during the course of a bankruptcy proceeding concerning the appropriate scope of discovery and that do not involve controlling questions of law are left to the sound discretion of the court that is fully familiar with the entire proceeding – the bankruptcy judge." *In re Towers Fin. Corp.*, 164 B.R. 719, 721 (S.D.N.Y. 1994). This court should decline to disturb the bankruptcy court's discretion.

## CONCLUSION

Movants have failed to demonstrate the elements supporting a request for leave to appeal the Discovery Order. There are no controlling issues of law as to which there are substantial grounds for difference of opinion, and immediate appeal of the Discovery Order will not advance the ultimate termination of ongoing litigation. Movants have further failed to demonstrate any extraordinary circumstances which would justify leave to appeal the Discovery Order. Based on the foregoing, the Motion should be denied.

Dated: New York, New York  
      July 14, 2011

Respectfully submitted,  
 *s/ David J. Sheehan*  
Baker & Hostetler LLP  
45 Rockefeller Plaza  
New York, New York 10111  
Telephone: (212) 589-4200  
Facsimile: (212) 589-4201  
David J. Sheehan  
Email: dsheehan@bakerlaw.com  
Seanna R. Brown  
Email: sbrown@bakerlaw.com  
Jacqlyn R. Rovine  
Email: jrovine@bakerlaw.com

*Attorneys for Irving H. Picard,*  
*Trustee for the Substantively Consolidated*  
*SIPA Liquidation of Bernard L. Madoff*  
*Investment Securities LLC and Bernard L.*  
*Madoff*