| | |
|---|---|
| BAKER & HOSTETLER LLP | Presentment Date: August 2, 2011 |
| 45 Rockefeller Plaza | Time: 12:00 p.m. |
| New York, NY 10111 | |
| Telephone: (212) 589-4200 | Objections Due: August 2, 2011 |
| Facsimile: (212) 589-4201 | Time: 11:00 a.m. |
| David J. Sheehan | |
| Marc E. Hirschfield | |

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Estate of Bernard L. Madoff*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES, L.L.C., | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**TRUSTEE'S OMNIBUS MOTION FOR AN ORDER SETTING TIME TO RESPOND TO SUMMONS AND COMPLAINT FOR FOREIGN DEFENDANTS IN ADVERSARY PROCEEDINGS**

Irving H. Picard (the "Trustee"), as trustee for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq*. ("SIPA"), and Bernard L. Madoff ("Madoff") individually, by and through his undersigned counsel, respectfully moves for entry of an order, pursuant to section 105(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et*

*seq.* (the "Bankruptcy Code"), and Rule 7012(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), setting the time to respond to a summons and complaint for all Foreign Defendants in Adversary Proceedings (both as defined herein) in the above-captioned case (the "Case"). In support thereof, the Trustee respectfully represents as follows:

## JURISDICTION AND VENUE

1.   The subject matter of this motion ("Motion") is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) & (O). The statutory predicates for the relief requested herein are 11 U.S.C. § 105(a) and Bankruptcy Rule 7012(a). Venue is proper in this Court under 28 U.S.C. § 1409(a).

## BACKGROUND

2.   On December 11, 2008 (the "Filing Date"), Madoff was arrested by federal agents for violations of the criminal securities laws, including, *inter alia*, securities fraud, investment adviser fraud, and mail and wire fraud. Contemporaneously, the U.S. Securities and Exchange Commission (the "SEC") brought a proceeding in the United States District Court for the Southern District of New York as *Securities Exchange Commission v. Bernard L. Madoff Investment Securities LLC et al.*, No. 08 CV 10791 (the "District Court Proceeding"), which remains pending. The SEC complaint alleges that Madoff and BLMIS engaged in fraud through BLMIS's investment advisory business.

3.   On December 12, 2008, the Honorable Louis L. Stanton entered an order appointing Lee S. Richards, Esq. as receiver for the assets of BLMIS (the "Receiver").

4.   On December 15, 2008, pursuant to SIPA § 78eee(a)(4)(B), the Securities Investor Protection Corporation ("SIPC") filed an application in the District Court alleging, *inter alia*, that BLMIS was not able to meet its obligations to securities customers as they came due and, accordingly, its customers needed the protections afforded by SIPA. On that same date,

2

pursuant to SIPA § 78eee(a)(4)(A), the SEC consented to a combination of its own action with SIPC's application.

5. Also on December 15, 2008, Judge Stanton granted SIPC's application and entered an order pursuant to SIPA (the "Protective Decree"), which, in pertinent part:

(a) appointed the Trustee for the liquidation of the business of BLMIS pursuant to SIPA § 78eee(b)(3);

(b) appointed Baker & Hostetler LLP as counsel to the Trustee pursuant to SIPA § 78eee(b)(3);

(c) removed the case to this Bankruptcy Court pursuant to SIPA § 78eee(b)(4); and

(d) removed the Receiver for BLMIS.

6. By orders dated December 23, 2008 and February 4, 2009, respectively, the Bankruptcy Court approved the Trustee's bond and found the Trustee was a disinterested person. Accordingly, the Trustee is duly qualified to serve and act on behalf of the estate of BLMIS.

7. By virtue of his appointment under SIPA, the Trustee has the responsibility to recover and pay out Customer Property, as defined by statute,[1] to BLMIS customers, assess claims, and liquidate any other assets of BLMIS for the benefit of the estate and its creditors. The Trustee is in the process of marshalling BLMIS's assets, but such assets will not be sufficient to fully reimburse BLMIS customers for the billions of dollars they invested through BLMIS. Consequently, the Trustee must use his broad authority as expressed and intended by both SIPA and the Bankruptcy Code to pursue recovery for BLMIS accountholders.

---

[1] SIPA § 78*lll*(4) defines "Customer Property" as "cash and securities . . . at any time received, acquired, or held by or for the account of a debtor from or for the securities accounts of a customer, and the proceeds of any such property transferred by the debtor, including property unlawfully converted."

3

8.  In connection with his efforts to recoup billions of dollars of stolen Customer Property, the Trustee, before December 11, 2010, initiated numerous avoidance actions (the "Pre-Filing Date Actions") against defendants worldwide to, among other things, set aside and recover all avoidable transfers, collect damages caused by defendants in certain Pre-Filing Date Actions, and preserve Customer Property for the benefit of BLMIS customers. As these Pre-Filing Date Actions and the Trustee's ongoing investigation continue, the Trustee anticipates that additional complaints will be filed against alleged subsequent transferees who received Customer Property. These anticipated actions (the "Subsequent Transferee Actions" and, collectively with any Pre-Filing Date Actions, the "Adversary Proceedings") will involve defendants located outside the United States (the "Foreign Defendants"). Accordingly, the Trustee seeks the relief as outlined below to facilitate the procedural aspects of Adversary Proceedings involving Foreign Defendants, including those Pre-Filing Date Actions in which the Trustee has yet to serve a Foreign Defendant.

**RELIEF REQUESTED**

9.  By this Motion, the Trustee respectfully requests that the Court enter an order, substantially in the form of the proposed order annexed hereto as Exhibit A:

(a)  setting any Foreign Defendants' time for service of an answer to a complaint filed in any Adversary Proceeding as 30 days from the date the Trustee effectuates service on that Foreign Defendant (the "Foreign Defendant Answer Date"), except to the extent provided otherwise by Court Order or stipulation in any individual Adversary Proceeding[2]; and

---

[2] As the Court is aware, the Trustee has already obtained orders in numerous individual Adversary Proceedings to, among other things, set the time for Foreign Defendants named in such Adversary Proceedings to respond to the complaint. The Trustee does not intend for the relief requested herein to override any such individualized orders.

4

(b) instructing the Clerk of the Court to include language reflecting the Foreign Defendant Answer Date in all summonses issued after the date of this order in any Adversary Proceeding naming Foreign Defendants.[3]

## BASIS FOR RELIEF REQUESTED

10. Bankruptcy Rule 7012(a) states that "the Court shall prescribe the time for service of the answer when service of a complaint is made . . . upon a party in a foreign country." The standard summons, as issued by the Clerk of the Court, states that the defendant is "required to submit a motion or answer to the complaint which is attached to this summons to the clerk of the bankruptcy court within 30 days after the date of issuance of this summons[.]" For most of the Foreign Defendants, however, service of the summons and complaint cannot be effectuated within 30 days. Therefore, in the interests of judicial economy and as permitted by Bankruptcy Rule 7012(a), the Court may set an alternative response time for the Foreign Defendants to ensure that they have an adequate amount of time to respond, and may issue summonses reflective of that alternative time.

11. The methods and estimated time periods for serving the summons and complaint on the Foreign Defendants vary by country,[4] and it is often difficult to predict exactly how long service will take. There are three categories of countries where the Trustee must serve Foreign Defendants: (1) countries that are signatories to the Hague Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention Countries")[5]; (2) countries that are signatories to the Inter-American

---

[3] A summons including appropriate language that would comply with this order is attached hereto as Exhibit B.

[4] Each method complies with Rules 4(f)(1)-(2) of the Federal Rules of Civil Procedure, which apply in bankruptcy proceedings through Bankruptcy Rule 7004(a).

[5] *See* Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters art. 5, Nov. 15, 1965, 20 U.S.T. 361 (entered into force Feb. 10, 1969) [hereinafter Hague Convention], *available at* http://www.hcch.net/index_en.php?act=conventions.text&cid=17.

5

Convention on Letters Rogatory and Additional Protocol to the Inter-American Convention on Letters Rogatory and Annex (the "Inter-American Convention Countries")[6] and (3) countries that have not entered into any internationally agreed means of service with the United States (the "Non-Convention Countries").

12. Service in the Hague Convention Countries may be effectuated through a variety of channels, including through the central authority within a defendant's country of residence.[7] Each contracting state to the Hague Convention designates such a central authority within its territory to receive and execute requests for service sent from other contracting states.[8] These central authorities have discretion in completing service. Accordingly, the Trustee cannot predict the exact period of time it will take for any particular central authority to serve a Foreign Defendant.

13. Service in Inter-American Convention Countries requires that this Court sign and seal a Letter of Request,[9] which must then be transmitted to the designated U.S. Central Authority under the Inter-American Convention,[10] which in turn must also sign the Letter of Request before transmitting it to the central authority in the foreign defendant's country of residence. Once that central authority receives the Letter of Request, it is required to transmit the same to the appropriate court for processing in accordance with local law. The Trustee cannot

---

[6] *See* Organization of American States, Inter-American Convention on Letters Rogatory, Jan. 30, 1975, O.A.S.T.S. No. 43, Additional Protocol to the Inter-American Convention on Letters Rogatory and Annex, May 8, 1979, O.A.S.T.S. No. 56, *available at* http://www.oas.org/juridico/english/Treaties/b-36.html.

[7] Hague Convention, art. 2.

[8] *Id.*, art. 5.

[9] The defined terms "Letter of Request" and "Letter Rogatory" are used interchangeably to denote a formal request from a United States court in which an action is pending to a foreign court to perform some judicial act. *See* 22 C.F.R 92.54 (2011); U.S. Department of State, Preparation of Letters Rogatory, http://travel.state.gov/law/judicial/judicial_683.html#sample (last visited July 11, 2011).

[10] Process Forwarding International ("PFI") has been contracted by the U.S. Department of Justice to act as the designated Central Authority in the United States for the Inter-American Convention. *See* U.S Department of State, Service of Judicial Documents Abroad, http://travel.state.gov/law/judicial/judicial_680.html#interamerican (last visited April 7, 2011).

6

predict how long it will take for the Letter of Request to arrive in the appropriate court or for that court to then order that service be effectuated.

14. For service in Non-Convention Countries, the Trustee must utilize one of the procedures under Rule 4(f)(2) of the Federal Rules of Civil Procedure (the "Federal Rules"), which applies in bankruptcy proceedings through Bankruptcy Rule 7004(a)(1). Unless the Trustee has local counsel that can advise on the local law of a Non-Convention Country, Federal Rule 4(f)(2)(B) provides the only feasible means of service. This rule allows service "by a method that is reasonably calculated to give notice as the foreign authority directs in response to a letter rogatory or letter of request." Fed. R. Civ. P. 4(f)(2)(B). Under 28 U.S.C. § 1781(a)(2), this Court may transmit a Letter of Request, via the Department of State, to a "foreign or international tribunal, officer, or agency" in a Non-Convention Country. This procedure requires a complaint and summons to pass from this Court through governmental channels in the U.S. and abroad before arriving in the appropriate court in the Non-Convention Country. That court will then determine whether to effectuate the requested service pursuant to the Letter of Request. The Trustee cannot predict exactly how long it will take for the Letter of Request to arrive in the foreign court or for that court to order that service be effectuated.

15. As described above, the available methods for serving Foreign Defendants involve varying, unpredictable time frames.[11] Consequently, it is impracticable for the response times of Foreign Defendants to run from the date of issuance of the summons because deadlines set from such date are likely to expire before, or run unreasonably close to, a Foreign

---

[11] Given the unpredictability of effectuating service in foreign countries, the 120-day deadline for service set by Federal Rule 4(m), which applies to adversary proceedings through Bankruptcy Rule 7004(a), does not apply to service in a foreign country. Nonetheless, this Court has stated that the Trustee does not "enjoy[] an unlimited amount of time to effectuate service." *Picard v. Cohmad Securities Corp.*, 418 B.R. 75, 83 (Bankr. S.D.N.Y. 2009) (stating that plaintiff is entitled to a "reasonable time" to exercise due diligence to serve a foreign defendant). Therefore, the Trustee is attempting to serve all Foreign Defendants as promptly as possible, notwithstanding the lengthy and unpredictable channels of service he must utilize.

7

Defendant's receipt of the summons and complaint. Pursuant to Bankruptcy Rule 7012(a), a domestic defendant generally has a maximum of 30 days after service to respond, if service were effectuated on the same day as the issuance of the summons. Accordingly, the Trustee believes that 30 days from the date of service of the summons and complaint is an appropriate time period for Foreign Defendants to respond.[12]

## NOTICE

16.     Notice of this motion has been provided by U.S. Mail, postage prepaid, international courier, or email to (i) all parties in adversary proceedings potentially subject to the relief sought herein, (ii) all parties that have filed a notice of appearance in this Case; (iii) SIPC; (iv) the SEC; (v) the Internal Revenue Service; and (vi) the United States Attorney for the Southern District of New York. The Trustee submits that no other or further notice need be given.

**Remainder of Page Intentionally Left Blank**

---

[12] For adversary proceedings in which a "Notice of Applicability of the Order Approving Litigation Case Management Procedures for Avoidance Actions" is filed, the Court has already set foreign defendants' response times as 180 days from issuance of the summons. *See* Order Approving Litigation Case Management Procedures for Avoidance Actions, entered November 10, 2010, docket No. 3138, Exh. A § 2A. Because the Court has already set the response time for foreign defendants in such proceedings, the relief requested herein need not apply to those defendants.

**WHEREFORE**, the Trustee respectfully requests that the Court (a) enter an order substantially in the form attached hereto as Exhibit A, granting the relief requested herein; and (b) grant such other and further relief as the Court deems proper.

Dated: July 25, 2011
New York, New York

Respectfully submitted,

/s/  Marc E. Hirschfield
**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York  10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee
for the Substantively Consolidated SIPA Liquidation
of Bernard L. Madoff Investment Securities LLC
and Estate of Bernard L. Madoff*

Of Counsel:

**BAKER & HOSTETLER LLP**
65 East State Street, Suite 2100
Columbus, Ohio 43215
Telephone: (614) 228-1541
Facsimile: (614) 462-2616
Thomas L. Long
Email: tlong@bakerlaw.com