

David Gross
7248 Ballantrae Ct
Boca Raton FL 33496-1422

Thursday, July 21, 2011

FISER V INVESTMENT SUPPORT SERVICES
P O BOX 173859
DENVER, CO. 80217-3859         TEL 800 962-4238

REFERENCE : ACCOUNT NAME: DAVID GROSS
ACCOUNT NUMBER: 019400910001

TO ALL CONCERNED;

PLEASE ADVISE FROM THE DATE MY ACCOUNT ORIGINATED THE SUM OF MONIES RECEIVED FROM (BMLIS). I REALIZE THAT RETIREMENT ACCOUNTS INC. PREVIOUSLY HANDLED THE ACCOUNT.

MONIES FORWARDED TO MY RETIREMENT ACCOUNT WAS ONE SUM AND ACCORDING TO THE BAKER HOSTETLER LETTER JULY 12, 2011 REQUEST THAT I DID NOT RECIEVE ALL THESE FUNDS BECAUSE IT WAS DIRECTED WITH MY KNOWLEDGE THAT A PORTION OF THE MONIES WAS TO BE SENT TO THE INTERNAL REVENUE FOR INCOME TAXES.

IT IS IMPORTANT TO BE ABLE FOR ME TO HAVE THE AMOUNT OF FUNDS THAT WAS SENT TO THE INTERNAL REVENUE.

I WOULD APPRECIATE AND THANK YOU FOR ALL HELP I COULD RECEIVE.

SINCERELY,

DAVID GROSS

CC: BAKER & HOSTETTER LLP         --- HELEN CHAITMAN
45 ROCKEFELLER PLAZA                 BECKER & POLIAKOFF
NEW YORK, N.Y. 10111                 45 BROADWAY 8TH FL
                                     NEW YORK CITY, N.Y. 1006
RETIREMENT ACCUNTS INC
PO BOX 173785
DENVER, CO. 80217-3785

P.S,PS: I AM ENCLOSING COPY OF DOCUMENTS SENT TO ME BY BIK CHEEMA
I AM HOPING THAT THE TRUSTEE IS WORKING ON THE INTERNAL REVENUE SERVICE AS A CLAW BACK FOR FUNDS THEY WERE NOT ENTITLED TO. IN THIS CASE HE WOULD HELPING A UNTOLL NUMBER INVESTERS THAT ARE HAVING OR WILL BE HAVING A HARDSHIP

**Baker Hostetler**



David Gross
7248 Ballantrae Ct
Boca Raton FL  33496-1422

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

July 12, 2011

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Mr. David Gross
7248 Ballantrae Ct
Boca Raton
FL 33496-1422

Mr. Bik Cheema
direct dial: 212.589.4613
bcheema@bakerlaw.com

Re:  *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC ("BLMIS"),* 08-1789 (BRL)

Dear Mr. Gross:

We are in receipt of your most recent letter dated as of June 30, 2011, which was also filed with the Court on July 6, 2011 [DN 4210].

In your letter, you appear to question the circumstances surrounding certain transactions, in particular, several withdrawals from your BLMIS account in the amount of $45,000.

As you will see from page 5 of the Notice of Trustee's Determination of your claim (enclosed) and a copy of an example of such a request from Retirement Accounts, Inc. (enclosed), BLMIS sent the full amount of each request for $45,000 to your Retirement Accounts, Inc. IRA account, which was then credited to your Retirement Accounts, Inc. IRA account as illustrated by your Retirement Accounts, Inc. account statement (also, see enclosed).

The custodian for your Retirement Accounts, Inc. account then withheld and sent $9,000 to the IRS, again as shown by your Retirement Accounts, Inc. account statement. Based on the foregoing, you should contact the custodian for your Retirement Accounts, Inc. account in order to reconcile the aforementioned issues and for further information.

Please feel free to contact me at the number indicated above should you have other questions.

Sincerely,

Bik Cheema

Chicago   Cincinnati   Cleveland   Columbus   Costa Mesa   Denver   Houston   Los Angeles   New York   Orlando   Washington, DC
300171777.2





David Gross
7248 Ballantrae Ct
Boca Raton FL  33496-1422

Date  3/13/00

TO:       Bernard Madoff
ATTN:    Frank
FAX#    212-838-4061

FROM:  Retirement Accounts, Inc.
Phone: 800-325-4352
Fax:    303-294-5899

Retirement Accounts, Inc. requests that funds to meet the following client(s) distribution needs. Please liquidate from the referenced account(s) and forward a check(s) to our address checked below:

X  Mailing Address:
Retirement Accounts, Inc.
FBO: (client name & a/c #)
PO Box 173785
Denver CO 80217-3785

___ Overnight Delivery:
Retirement Accounts, Inc.
FBO: (client name & a/c #)
717 17th Street, Ste 1700
Denver CO 80202-3323

| Client name | RAI Account # | Your Account # | Amount |
|---|---|---|---|
| David Gross | 94009-0001 | 1M302 | $45000- |

*SPK TO MARYL CST WLL SEND 1/4 AUTH.

Thank you for your prompt attention to this matter. Please call me if you have any questions.

Sincerely,
Retirement Accounts, Inc.

1.3

DELIVERING HIGH PERFORMANCE SERVICE TO SELF-DIRECTED INDIVIDUAL RETIREMENT ACCOUNTS SINCE 1976
P.O. Box 173785 • Denver, CO • 80217-3785
303-294-5959 • 800-325-4352 • Fax 303-294-5899 • www.retirementaccountsinc.com

AMF00253018


# RETIREMENT ACCOUNTS, INC.



David Gross
7248 Ballantrae Ct
Boca Raton FL 33496-1422

019400910001
Page 2 of 2



Investment Products: • Not FDIC Insured • No Bank Guarantee • May Lose Value

## BROKERAGE ACCOUNTS

| Description/Account Number | Previous Reported Value | Current Reported Value |
|---|---|---|
| BERNARD L MADOFF BRKG ACCT VALUE CM302 | 1,184,236.88 | 1,180,817.74 |

CASH

Total Value of Brokerage Accounts  $1,180,817.74

| Description | Annual Percentage Yield Earned | Previous Reported Value | Current Reported Value |
|---|---|---|---|
| PEAK MONEY MARKET | N/A | 1.23 | 1.23 |

Total Value of Cash  $1.23

**TOTAL ACCOUNT VALUE**  $1,180,818.97

| Transaction Date | Transaction | Transaction Description | Transaction Shares | Transaction Amount |
|---|---|---|---|---|
| 04/05/2004 | CASH ADJUSTMENT INCREASE | BERNARD MADOFF CK 1572716 | | 45,000.00 |
| 04/05/2004 | IRA DISTRIBUTION | QUARTERLY DISTRIBUTION For Tax Year 2004 | | -36,000.00 |
| 04/05/2004 | TAX WITHHOLDING | For Tax Year 2004 | | -9,000.00 |

P.O. Box 173785 ■ Denver, CO ■ 80217-3785 ■ 303-294-5959 ■ 800-325-4352 ■ Fax 303-294-5899 ■ www.retirementaccountsinc.com

008113 0083231 0004 006991 0002692 0720

# BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

**DECEMBER 11, 2008**[1]



David Gross
7248 Ballantrae Ct
Boca Raton FL  33496-1422

## NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

March 11, 2010

DAVID GROSS (IRA)
7248 BALLANTRAE COURT
BOCA RATON, FL 33496

Dear DAVID GROSS (IRA):

### PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claims on BLMIS Account No. 1CM302 designated as Claim Number 57 and Claim Number 1950 (the latter of which is duplicative of Claim Number 57) and combined ("Combined Claim") for purposes of this determination. This letter shall serve as the Trustee's determination with respect to the Combined Claim:

Your Combined Claim for a credit balance of $1,471,297.99 and for securities is **DENIED**. *No securities were ever purchased for your account.*

Further, based on the Trustee's analysis, the amount of money you withdrew from your account at BLMIS (total of $2,043,398.86), as more fully set forth in Table 1 annexed hereto and made a part hereof, is greater than the amount that was deposited with BLMIS for the purchase of securities (total

---

[1] Section 78lll(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78lll(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

300072350.1

of $1,084,624.88). As noted, no securities were ever purchased by BLMIS for your account. Any and all profits reported to you by BLMIS on account statements were fictitious.

As reflected in Table 1, certain of the transfers into or out of your account have been adjusted. As part of the Trustee's analysis of accounts, the Trustee has assessed accounts based on a money in/money out analysis (i.e., has the investor deposited more or less than he or she withdrew from BLMIS). This analysis allows the Trustee to determine which part of an account's balance is originally invested principal and which part is fictitious gains that were fabricated by BLMIS. A customer's allowed claim is based on the amount of principal in the customer's account.

Whenever a customer requested a transfer from one account to another, the Trustee analyzed whether the transferor account had principal in the account at the time of the transfer. The available principal in the account was transferred to and credited in the transferee account. Thus, the reason that the adjusted amount of transferred deposits or withdrawals in Table 1 is less than the purported transfer amount is that the transferor account did not have sufficient principal available to effectuate the full transfer. The difference between the purported transfer amount and the adjusted transfer amount is the amount of fictitious gain that was transferred to or from your account. Under the money in/money out analysis, the Trustee does not give credit for fictitious gains in settling your allowed claim.

Since there were no profits to use either to purchase securities or to pay you any money beyond the amount that was deposited into your BLMIS account, the amount of money you received in excess of the deposits in your account ($958,773.98) was taken from other customers and given to you. Accordingly, because you have withdrawn more than was deposited into your account, you do not have a positive "net equity" in your account and you are not entitled to an allowed claim in the BLMIS liquidation proceeding. Therefore, your Combined Claim is **DENIED** in its entirety.

On March 1, 2010, the United States Bankruptcy Court for the Southern District of New York *(Lifland, J.) issued a decision which affirmed the Trustee's Net Investment Method for determining customer claims.* The final resolution of this issue is expected to be determined on appeal.

**Should a final and unappealable court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by you in having your customer claim re-determined in accordance with any such Court order.**

Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by the Trustee against you.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court and the Trustee within **THIRTY DAYS** after March 11, 2010, the date on which the Trustee mailed this notice.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York 10004

and

*Irving H. Picard, Trustee*
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111

_____
Irving H. Picard
*Trustee for the Liquidation of the Business of*
Bernard L. Madoff Investment Securities

cc:     MILLENNIUM TRUST COMPANY LLC
        FBO DAVID GROSS (IRA)
        820 JORIE BLVD. SUITE 420
        OAK BROOK IL 60523

300072350.1                              3

## DEPOSITS

| DATE | TRANSACTION DESCRIPTION | AMOUNT | ADJUSTED AMOUNT |
|---|---|---|---|
| 12/15/1994 | TRANS FROM 1CM05130 | $210,174.18 | $150,000.00 |
| 12/16/1994 | CHECK | $106,321.38 | $106,321.38 |
| 12/19/1994 | CHECK | $54,133.42 | $54,133.42 |
| 12/27/1994 | CHECK | $123,569.48 | $123,569.48 |
| 12/27/1994 | CHECK | $51,879.47 | $51,879.47 |
| 12/30/1994 | TRANS FROM 1CM05130 | $687.62 | $0.00 |
| 2/17/1995 | TRANS FROM 1CM05130 | $171.11 | $0.00 |
| 3/17/1995 | CHECK | $3,612.73 | $3,612.73 |
| 4/24/1995 | CHECK | $37,031.26 | $37,031.26 |
| 5/12/1995 | CHECK | $25,786.13 | $25,786.13 |
| 5/30/1995 | CHECK | $21,643.28 | $21,643.28 |
| 6/5/1995 | CHECK | $50,676.71 | $50,676.71 |
| 6/8/1995 | CHECK | $14,881.20 | $14,881.20 |
| 6/19/1995 | CHECK | $88,439.00 | $88,439.00 |
| 6/23/1995 | CHECK | $30,000.18 | $30,000.18 |
| 8/11/1995 | CHECK | $34,231.82 | $34,231.82 |
| 10/24/1995 | CHECK | $24,046.41 | $24,046.41 |
| 11/3/1995 | CHECK | $426.03 | $426.03 |
| 12/14/1995 | CHECK | $370.62 | $370.62 |
| 1/22/1996 | CHECK | $98,505.05 | $98,505.05 |
| 2/28/1996 | CHECK | $634.97 | $634.97 |
| 6/7/1996 | CHECK | $2,576.09 | $2,576.09 |
| 8/2/1996 | CHECK | $9,452.24 | $9,452.24 |
| 10/27/1997 | CHECK | $151,228.38 | $151,228.38 |
| 11/10/1997 | CHECK | $5,000.00 | $5,000.00 |
| 11/18/1997 | CHECK | $166.63 | $166.63 |
| 4/13/1999 | CHECK | $12.40 | $12.40 |
| Total Deposits: |  | $1,145,657.80 | $1,084,624.88 |

## WITHDRAWALS

| DATE | TRANSACTION DESCRIPTION | AMOUNT | ADJUSTED AMOUNT |
|---|---|---|---|
| 2/16/1996 | CHECK | ($25,000.00) | ($25,000.00) |
| 3/27/1996 | CHECK | ($25,000.00) | ($25,000.00) |
| 5/31/1996 | CHECK | ($25,000.00) | ($25,000.00) |
| 7/30/1996 | CHECK | ($25,000.00) | ($25,000.00) |
| 10/24/1996 | CHECK | ($25,000.00) | ($25,000.00) |
| 11/25/1996 | CHECK | ($25,000.00) | ($25,000.00) |
| 12/18/1996 | CHECK | ($25,000.00) | ($25,000.00) |
| 1/21/1997 | CHECK | ($5,000.00) | ($5,000.00) |
| 3/21/1997 | CHECK | ($30,000.00) | ($30,000.00) |
|  | CHECK | ($30,000.00) | ($30,000.00) |

300072350.1

4

| Date | Type | Amount | Amount |
|---|---|---|---|
| 5/22/1997 | CHECK | ($30,000.00) | ($30,000.00) |
| 7/29/1997 | CHECK | ($30,000.00) | ($30,000.00) |
| 9/17/1997 | CHECK | ($30,000.00) | ($30,000.00) |
| 11/17/1997 | CHECK | ($30,000.00) | ($30,000.00) |
| 1/23/1998 | CHECK | ($40,000.00) | ($40,000.00) |
| 3/18/1998 | CHECK | ($40,000.00) | ($40,000.00) |
| 4/22/1998 | CHECK | ($40,000.00) | ($40,000.00) |
| 6/23/1998 | CHECK | ($40,000.00) | ($40,000.00) |
| 8/24/1998 | CHECK | ($40,000.00) | ($40,000.00) |
| 10/6/1998 | CHECK | ($65,000.00) | ($65,000.00) |
| 10/21/1998 | CHECK | ($40,000.00) | ($40,000.00) |
| 12/23/1998 | CHECK | ($40,000.00) | ($40,000.00) |
| 2/23/1999 | CHECK | ($40,000.00) | ($40,000.00) |
| 5/6/1999 | CHECK | ($40,000.00) | ($40,000.00) |
| 6/29/1999 | CHECK | ($40,000.00) | ($40,000.00) |
| 7/23/1999 | CHECK | ($15,007.50) | ($15,007.50) |
| 8/17/1999 | CHECK | ($15,007.50) | ($15,007.50) |
| 9/23/1999 | CHECK | ($15,011.00) | ($15,011.00) |
| 10/20/1999 | CHECK | ($15,000.00) | ($15,000.00) |
| 11/30/1999 | CHECK | ($15,007.50) | ($15,007.50) |
| 12/27/1999 | CHECK | ($15,007.50) | ($15,007.50) |
| 2/22/2000 | CHECK | ($15,007.50) | ($15,007.50) |
| 3/3/2000 | CHECK | ($15,007.50) | ($15,007.50) |
| 3/16/2000 | STOP PAYMENT | $15,007.50 | $15,007.50 |
| 3/17/2000 | CHECK | ($15,007.50) | ($15,007.50) |
| 4/3/2000 | CHECK | ($45,000.00) | ($45,000.00) |
| 7/3/2000 | CHECK | ($45,000.00) | ($45,000.00) |
| 10/2/2000 | CHECK | ($45,000.00) | ($45,000.00) |
| 1/2/2001 | CHECK | ($45,000.00) | ($45,000.00) |
| 4/2/2001 | CHECK | ($45,000.00) | ($45,000.00) |
| 7/2/2001 | CHECK | ($45,000.00) | ($45,000.00) |
| 10/1/2001 | CHECK | ($45,000.00) | ($45,000.00) |
| 1/2/2002 | CHECK | ($45,000.00) | ($45,000.00) |
| 4/1/2002 | CHECK | ($45,000.00) | ($45,000.00) |
| 7/1/2002 | CHECK | ($45,000.00) | ($45,000.00) |
| 10/1/2002 | CHECK | ($45,000.00) | ($45,000.00) |
| 1/2/2003 | CHECK | ($45,000.00) | ($45,000.00) |
| 4/1/2003 | CHECK | ($45,000.00) | ($45,000.00) |
| 7/1/2003 | CHECK | ($45,000.00) | ($45,000.00) |
| 10/1/2003 | CHECK | ($45,000.00) | ($45,000.00) |
| 1/2/2004 | CHECK | ($45,000.00) | ($45,000.00) |
| 4/1/2004 | CHECK | ($45,000.00) | ($45,000.00) |
| 7/1/2004 | CHECK | ($25,000.00) | ($25,000.00) |
| 10/1/2004 | CHECK | ($16,000.00) | ($16,000.00) |
| 1/3/2005 | CHECK | ($16,000.00) | ($16,000.00) |
| 2/14/2005 | CHECK | ($18,000.00) | ($18,000.00) |
| 4/1/2005 | CHECK | ($16,000.00) | ($16,000.00) |
| 4/22/2005 | CHECK | ($18,000.00) | ($18,000.00) |

| | | | |
|---|---|---|---|
| 7/1/2005 | CHECK | ($16,000.00) | ($16,000.00) |
| 9/11/2006 | CHECK | ($70,025.00) | ($70,025.00) |
| 11/16/2007 | CHECK | ($78,000.00) | ($78,000.00) |
| 9/2/2008 | CHECK | ($85,317.86) | ($85,317.86) |
| Total Withdrawals: | | ($2,043,398.86) | ($2,043,398.86) |
| Total deposits less withdrawals: | | ($897,741.06) | ($958,773.98) |