## EXHIBIT D

08-01789-cgm    Doc 4290-4    Filed 08/05/11    Entered 08/05/11 10:22:53    Exhibit D
Pg 1 of 20

EXHIBIT D

GOODWIN PROCTER LLP
Matthew T. Tulchin, Esq.
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 813-8800
Fax: (212) 355-3333

*Attorneys for David B. Pitofsky, Esq., Receiver for Ascot Partners, L.P.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Debtor. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>J. EZRA MERKIN, *et al.*,<br><br>Defendants. | Adv. Pro. No. 09-1182 (BRL) |

### DEFENDANT ASCOT PARTNERS L.P.'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS AND THINGS

PLEASE TAKE NOTICE that, pursuant to Rules 7034 and 9014 of the Federal Rules of Bankruptcy and Rule 34 of the Federal Rules of Civil Procedure, Defendant Ascot Partners L.P. ("Ascot") hereby requests and demands that Plaintiff Irving H. Picard ("Plaintiff" or the "Madoff Trustee"), Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"), produce at the offices of Goodwin Procter LLP, The New York Times Building, 620 8th Avenue, New York, New York 10018, all

documents and other items in its possession, custody or control, in accordance with the definitions and instructions set forth herein, on a rolling basis, and in all events no later than February 14, 2011 (30 days from the date of this request).

### DEFINITIONS

As used herein, the following terms shall have the following meanings:

1. "Documents" is used in its customary, broad sense and includes, but is not limited to, writing of every kind, including but not limited to, letters, telegrams, memoranda, reports, studies, photographs, calendar and diary entries, pamphlets, notes, charts, drawings, graphs, tabulations, analyses, statistical or informational accumulations, advertisements, portfolios, any kind of records of meetings and conversations (including tape recordings), film impressions, videotapes, moving pictures, magnetic tapes, communications in electronic form, data and writings stored in a computer or on a computer diskette, electronic mail, data compilations, sound or mechanical reproductions, or recordings, drafts of documents, and copies of documents which are not identical duplicates of the original (*e.g.*, because handwritten or "blind" notes appear thereon or are attached thereto) whether or not the originals are in the Plaintiff's possession, custody or control.

2. "Ascot" and "the Fund" shall refer to Ascot Partners L.P., a limited partnership organized under the laws of Delaware, and Ascot Fund Limited, an offshore fund incorporated in the Cayman Islands, collectively, and their predecessors, successors, officers, directors, subsidiaries, affiliates, shareholders, partners, principals, advisers, employees, consultants, representatives and/or agents.

3. "Madoff" and "BLMIS" shall refer to Bernard L. Madoff and Bernard L.

Madoff Investment Securities LLC, collectively, and their predecessors, successors, officers, directors, subsidiaries, affiliates, shareholders, partners, principals, employees, consultants, representatives, advisers and/or agents.

4. "Plaintiff," "Madoff Trustee," "You" and "Your" shall refer to Irving H. Picard, Esq., as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC, and any predecessor, successor, employee, agent, attorney, representative, adviser, and/or consultant, and all parties acting or purporting to act for or on behalf of the Madoff Trustee.

5. "Ariel" shall refer to Defendant Ariel Fund Limited, an offshore investment fund incorporated in the Cayman Islands, and any predecessor, successor, officer, director, subsidiary, affiliate, shareholder, partner, principal, employee, consultant, representative, adviser, and/or agent.

6. "Gabriel" shall refer to Gabriel Capital L.P., Gabriel Assets LLC, and Gabriel Alternative Assets LLC, collectively, and their predecessors, successors, officers, directors, subsidiaries, affiliates, shareholders, partners, principals, advisers, employees, consultants, representatives and/or agents.

7. "Merkin" refers to J. Ezra Merkin, former General Partner of Ascot and Gabriel.

8. "GCC" shall refer to Gabriel Capital Corporation, a Delaware corporation and former investment adviser to Ascot and Ariel, and its principals, officers, directors, employees, partners, subsidiaries, affiliates, agents, attorneys, representatives, and/or agents.

9. "JPMorgan" shall refer to JPMorgan Chase & Co. and any predecessor,

3

successor, officer, director, employee, subsidiary, affiliate, representative, and/or agent.

10. "SEC" shall refer to the Securities and Exchange Commission and any predecessor, successor, officer, director, employee, affiliate, representative, and/or agent.

11. "NASD" shall refer to the National Association of Securities Dealers and any predecessor, successor, officer, director, employee, affiliate, representative, and/or agent.

12. "FINRA" shall refer to the Financial Industry Regulatory Authority and any predecessor, successor, officer, director, employee, affiliate, representative, and/or agent.

13. "SIPC" shall refer to the Securities Investor Protection Corporation and any predecessor, successor, member, subsidiary, principle, partner, officer, director, employee, consultant, representative, attorney, and/or agent purporting to act for or on behalf of SIPC.

14. "IRS" shall refer to the Internal Revenue Service and any predecessor, successor, officer, director, employee, affiliate, representative, and/or agent.

15. "SIPA Claim" shall refer to any claim, submission, information, filing, and/or material submitted by or on behalf of Ascot to the Madoff Trustee pursuant to the Securities Investor Protection Act.

16. "Complaint" shall refer to the Second Amended Complaint originally filed in the United States Bankruptcy Court for the Southern District of New York on December 23, 2009 again Merkin, Gabriel, Ariel, Ascot, and GCC, captioned *Irving H. Picard v. J. Ezra Merkin, et al.*, Adv. Pro. No. 09-1182 (BRL).

17. "Transfers" or "Withdrawals" shall refer to any payments, monies, funds,

wires, and/or credits sent or made by Madoff to or for the benefit of Ascot, Gabriel, Ariel, GCC, and/or Merkin, directly or indirectly.

18. "Person" means any natural person or any business, legal or governmental entity or association.

19. "Concerning" means pertaining in any way to, relating to, referring to, describing, evidencing, constituting, reflecting or being in any way logically or partially connected with the matter described.

20. "All" and "each" shall be construed as all and each. The same definition shall also apply to the term "any."

21. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request all responses that might otherwise be construed to be outside its scope.

22. The use of the singular form of any word includes the plural and vice versa.

23. Each of the definitions above and each of the instructions below are hereby incorporated to each of the requests to which it may pertain.

## INSTRUCTIONS

1. In producing documents, you are requested to furnish all documents known or available to you regardless of whether these documents are possessed directly by you or by your agents, employees, partners, representatives, investigators, or by your attorneys or their agents, employees, representatives or investigators. Accordingly, this request encompasses all documents in the possession, custody or control of the Madoff Trustee, among others.

2. In responding to document requests, you shall furnish all documents in your possession, custody or control at the time of production, and shall supplement your responses whenever necessary in accordance with Federal Rule of Civil Procedure 26(e) and Federal Rule of Bankruptcy Procedure 7026.

3. If any of the requested documents cannot be produced in full, you are requested to produce them to the fullest extent possible, specifying clearly the reasons for your inability to produce the remainder and stating whatever information, knowledge or belief you do have concerning the unproduced portion.

4. With respect to any documents called for by this request but withheld due to any claim of privilege, list for each document: (a) the type of document (*e.g.*, letter, memorandum); (b) the general subject matter of the document; (c) the date of the document; (d) the author of the document; (e) the addressee and any other recipients of the document; (f) the nature of the privilege claimed; and, where not apparent, (g) the relationship of the author, addresses, and recipients to each other.

5. If you assert a privilege as to any portion of any category of the material described, please produce the remainder of that category as to which you do not assert a privilege.

6. If any portion of any document is redacted, please state with specificity the basis or ground for the redaction.

7. The specificity of any request herein should not be construed to limit the generality or reach of any other request herein.

8. For each and every document produced in response to these requests, either designate the request number to which the document is responsive or alternatively

produce the documents as they are maintained in the ordinary course of business.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Any and all Documents concerning or containing communications between or among Madoff and Merkin.

2. Any and all Documents concerning or containing communications between or among Madoff and Ascot.

3. Any and all Documents concerning or containing communications between or among Madoff and GCC.

4. Any and all Documents concerning or containing communications between or among Madoff and Ariel.

5. Any and all Documents concerning or containing communications between or among Madoff and Gabriel.

6. All Documents that the Trustee reviewed, consulted, or relied upon in drafting the Complaint.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------- X
In re:                                            :
                                                  :
BERNARD L. MADOFF INVESTMENT                      :    SIPA LIQUIDATION
SECURITIES LLC,                                   :
                                                  :    No. 08-01789 (BRL)
        Debtor.                                   :
------------------------------------------------- X
IRVING H. PICARD, Trustee for the Liquidation     :
of Bernard L. Madoff Investment Securities LLC,   :
                                                  :
        Plaintiff,                                :
                                                  :
        v.                                        :    Adv. Proc. No. 09-01182 (BRL)
                                                  :
J. EZRA MERKIN, GABRIEL CAPITAL, L.P.,             :
ARIEL FUND LTD., ASCOT PARTNERS, L.P.,            :
GABRIEL CAPITAL CORPORATION,                      :
                                                  :
        Defendants.                               :
------------------------------------------------- X

### FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS OF DEFENDANTS J. EZRA MERKIN AND GABRIEL CAPITAL CORPORATION

Defendants J. Ezra Merkin and Gabriel Capital Corporation, by and through their undersigned attorneys Dechert LLP, hereby serve their First Request for Production of Documents to Plaintiff Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, which are made applicable to this adversary proceeding by Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure. Defendants hereby request that Plaintiff serve any objections and written responses to each request that follows and produce the requested documents for inspection and copying at the offices of Dechert LLP, 1095 Avenue of the Americas, New York, NY 10036 on or before February 14, 2011, unless the parties agree on another date.

## DEFINITIONS

For the purpose of the requests set forth below, the uniform definitions and rules of construction set forth in Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rules"), which are made applicable to this proceeding pursuant to Rule 7026-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court of the Southern District of New York, together with the following definitions and instructions, shall apply:

1. The term "Complaint" means the Second Amended Complaint in the above-captioned adversary proceeding filed by Plaintiff on December 23, 2009 in the United States Bankruptcy Court for the Southern District of New York.

2. All undefined capitalized terms shall have the meaning as ascribed to them in the Complaint.

3. The term "BLMIS" means Bernard L. Madoff Investment Securities LLC, its affiliates, parents, subsidiaries, predecessors, and successors, including, without limitation, Madoff, all present and former officers, directors, employees, agents, servants, representatives, consultants, investment advisors, auditors, accountants, lawyers, and all other persons who are acting or have acted on behalf of, or who are or have been subject to the direction or control of, any such person or entity.

4. The term "Plaintiff" or "Trustee" refers to Irving H. Picard in his capacity as Trustee for the Liquidation of Bernard L. Investment Securities, LLC and/or Plaintiff in this adversary proceeding, the estate of Bernard L. Madoff Investment Securities LLC, as well as to any other person that is acting for or ever has acted for or on behalf of Picard or the BLMIS

2

estate in connection with this SIPA Liquidation, including, without limitation, all present and former employees, agents, servants, representatives, attorneys, retained consultants, accountants, advisors or other retained professionals of Picard or the BLMIS estate, and all other persons who are or have been subject to the direction or control of, any such person or other agents.

5. The word "Defendants" means all of the defendants named in this adversary proceeding, including "J. Ezra Merkin, Gabriel Capital, L.P., Ariel Fund Ltd., Ascot Partners, L.P., and Gabriel Capital Corporation, and any of their officers, directors, employees, partners, corporate parents, subsidiaries or affiliates.

6. The term "Defendant Funds" means Gabriel Capital, L.P., Ariel Fund Ltd. and Ascot Partners, L.P.

7. The term "SIPA Liquidation" means the case captioned *In re Bernard L. Madoff Investment Securities LLC, Debtor, No. 08-01789 (BRL)* and any other bankruptcy case involving any affiliate of BLMIS.

8. The word "SEC" means the United States Securities and Exchange Commission and its current and former employees, representatives and agents.

9. The word "SIPC" means the Securities Investor Protection Corporation and its current and former employees, representatives and agents.

10. The word "FBI" means the Federal Bureau of Investigation and its current and former employees, representatives and agents.

11. The term "DiPascali SEC Complaint" means the Complaint filed by the SEC in SEC v. DiPascali, 09 Civ. 7085 (S.D.N.Y.).

12. The term "DiPascali Information" means the criminal information filed in U.S. v. DiPascali, 09 Cr. 764 (S.D.N.Y.).

13. The terms "including" and "includes" shall not be construed to limit the scope of any request, definition, or instruction.

14. The term "correspondence" when used herein includes letters, emails, telegrams, mailgrams, telexes, memoranda, and any other documents used to make or to record communications.

## INSTRUCTIONS

1. The requests set forth below apply to all documents in Plaintiff's possession, custody, or control, and includes documents, wherever located, within the possession, custody or control of Plaintiff's advisors, affiliates, agents, attorneys, accountants, consultants, employees, experts, representatives, and other persons acting or who have acted on behalf of the foregoing entities or individuals referenced in this instruction, whether prepared before or after the SIPA Liquidation was commenced.

2. These requests require Plaintiff to produce all responsive documents and things in its possession, custody, or control, without regard to the physical location of such documents and things. Plaintiff has the duty to search for responsive documents and things in all media and sources in its possession, custody, or control where paper or electronic files are kept or stored, including floppy disks, hard drives on or for personal computers, computer servers, mainframe storage tapes or disks, archive facilities and backup facilities. Plaintiff has the duty to ensure that no responsive documents or things are destroyed, deleted or otherwise disposed of.

3. In accordance with Rule 26(e) of the FRCP, each request for the production of documents and things shall be deemed continuing so as to require prompt supplemental responses if additional responsive documents and things are obtained or discovered between the time of responding to these requests and the time of trial.

4. In accordance with Rule 34(b) of the FRCP, documents shall be produced as they have been kept in the ordinary course of business or shall be organized and labeled to correspond with the requests to which the documents are responsive. If there are no documents responsive to a request herein, the response to such request shall so state.

5. Each page of all documents and all things produced in response to these requests shall be marked by a unique Bates number to allow for accurate identification.

6. The parties shall confer concerning the form in which electronic documents shall be produced.

7. Any document request propounded in the present tense shall also be read as propounded in the past tense and vice versa.

8. In connection with any objection or request for relief with respect to the document requests herein, Plaintiff shall (i) simultaneously file a copy of the document request or answer, and (ii) specify and quote verbatim each relevant document request or answer, and immediately following each specification, set forth the basis of the objection or relief requested. Any such objection or request for relief shall state all grounds with specificity. Any ground not stated in such objection or request for relief within the time provided by the FRCP shall be deemed waived.

9. If any documents are withheld from production on the alleged grounds of privilege or immunity (whether under common law, statute, or otherwise), Plaintiff shall comply with Federal Rule of Civil Procedure 26(b)(5), and Plaintiff shall identify each document withheld from production in a written privilege log that provides: (a) the identity of each person who prepared and/or signed the document; (b) the identity of each person designated as an addressee; (c) the identity of each person who received any copy of the document; (d) the date of

the document; (e) the subject matter of the document; (f) the type or nature of the document; and (g) the basis for withholding the document.

10. If a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, Plaintiff must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, Plaintiff shall identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted documents.

11. If Plaintiff objects to any part of any document request, Plaintiff shall produce all documents that are response to the portions of any of the document requests to which the objection does not apply.

12. If any document request is objected to on grounds of overbreadth, Plaintiff shall respond to the document request as narrowed to conform to the objection within the period allowed for a response.

13. Unless otherwise specified, this request for production of documents covers the period from July 1, 1992 to the present.

14. If any responsive documents or parts of documents have been destroyed, deleted, or otherwise disposed of, a list shall be provided setting forth as to each such document the following information to the extent known: (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author of the document; (v) the recipients of the document; (vi) the date on which the document was destroyed, deleted or

otherwise disposed of; (vii) the person or program that destroyed, deleted, or otherwise disposed of the document; and (vii) the reason that the document was destroyed, deleted or otherwise disposed of.

15. A request for a document shall be construed to include a request for any and all copies, versions and drafts of such document, and any and all transmittal sheets, cover letters, enclosures or attachments relating to such document.

16. If a refusal to produce documents is based on the grounds that the request is unreasonably burdensome, Plaintiff shall identify the approximate number and nature of documents needed to be searched, the location of the documents, and the number of person-hours and costs required to conduct the search.

## REQUESTS FOR PRODUCTION

1. All documents concerning any of the Defendants.

2. All documents produced to or by the defendants in other adversary proceedings in this SIPA Litigation, BLMIS customers or other third parties relating to whether any third person, entity or party: (a) knew or should have know that Madoff's IA Business was predicated on fraud; (b) was on notice of any indicia of irregularity and fraud at BLMIS; (c) conducted reasonable due diligence of Madoff or BLMIS; or (d) cooperated with or assisted Madoff or others at BLMIS in perpetuating or concealing the fraud.

599 Lexington Avenue
New York, NY 10022
Telephone: (212) 521-5400
Facsimile: (212) 521-5450
   James C. McCarroll (JM 2758)
      Email: jmccarroll@reedsmith.com
   Lance Gotthoffer (LG 5932)
      Email: lgotthoffer@reedsmith.com
   Casey D. Laffey (CL 1483)
      Email: claffey@reedsmith.com

*Attorneys for Bart M. Schwartz, as Receiver of
Defendants Gabriel Capital, L.P.
and Ariel Fund Limited*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                            Debtor. | SIPA LIQUIDATION<br><br>No. 08-01789 (BRL)<br><br>(Substantively Consolidated) |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>                            Plaintiff,<br><br>          v.<br><br>J. EZRA MERKIN, *et al*.<br><br>                          Defendants. | Adv. Pro. No. 09-1182 (BRL) |

**BART M. SCHWARTZ'S FIRST REQUEST FOR THE
PRODUCTION OF DOCUMENTS PROPOUNDED TO PLAINTIFF**

Bart M. Schwartz, the Court-appointed Receiver ("Receiver") of defendants Ariel Fund Limited ("Ariel") and Gabriel Capital, L.P. ("Gabriel" and together with Ariel, the "Funds"), by his attorneys Reed Smith LLP, pursuant to Fed. R. Civ. P. 34 and the Local Rules of this Court, requests that Irving H. Picard as trustee for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") serve written responses to the following requests and produce for

inspection and copying the original or best copy (and each non-conforming copy) of the following requested documents and/or things.

Unless other scheduling arrangements are mutually agreed upon, responsive documents shall be produced to Reed Smith LLP, Attn: Casey D. Laffey, 599 Lexington Avenue, New York, New York 10022, on or before February 15, 2011.

## DEFINITIONS AND INSTRUCTIONS

1. Plaintiff hereby incorporates the Uniform Definitions in Discovery Requests contained in Local Rule 7026-1 of this Court and Local District Court Rule 26.3.

2. The term "Plaintiff" means Irving H. Picard, the trustee for the liquidation of BLMIS and all of his past and present employees, agents, attorneys, accountants, advisors, consultants, or representatives, and any and all persons or entities acting or purporting to act for or on his benefit or under his control.

3. The term "Madoff" as used herein means Bernard L. Madoff and all of his past and present employees, agents, attorneys, accountants, advisors, consultants, or representatives, and any and all persons or entities acting or purporting to act for or on his benefit or under his control.

4. The term "BLMIS" as used herein means Bernard L. Madoff Investment Securities LLC and all of its past or present parents, subsidiaries, divisions, affiliates, assignors, assignees, officers, directors, employees, members, executives, attorneys, accountants, agents, advisors, consultants, or representatives, and any and all persons or entities acting or purporting to act for or on its behalf or under its control or with common ownership.

5. The term "Ariel" as used herein means Ariel Fund Limited and all of its past or present parents, subsidiaries, divisions, affiliates, assignors, assignees, officers, directors,

employees, members, executives, attorneys, accountants, agents, advisors, consultants, or representatives, and any and all persons or entities acting or purporting to act for or on its behalf or under its control or with common ownership.

6. The term "Gabriel" as used herein means Gabriel Capital, L.P. and all of its past or present parents, subsidiaries, divisions, affiliates, assignors, assignees, officers, directors, employees, members, executives, attorneys, accountants, agents, advisors, consultants, or representatives, and any and all persons or entities acting or purporting to act for or on its behalf or under its control or with common ownership.

7. The term "Ascot" as used herein means Ascot Partners L.P. and all of its past or present parents, subsidiaries, divisions, affiliates, assignors, assignees, officers, directors, employees, members, executives, attorneys, accountants, agents, advisors, consultants, or representatives, and any and all persons or entities acting or purporting to act for or on its behalf or under its control or with common ownership.

8. The term "Merkin" as used herein means J. Ezra Merkin and all of his past and present employees, agents, attorneys, accountants, advisors, consultants, or representatives, and any and all persons or entities acting or purporting to act for or on his benefit or under his control.

9. The term "GCC" as used herein means Gabriel Capital Corporation and all of its past or present parents, subsidiaries, divisions, affiliates, assignors, assignees, officers, directors, employees, members, executives, attorneys, accountants, agents, advisors, consultants, or representatives, and any and all persons or entities acting or purporting to act for or on its behalf or under its control or with common ownership.

3

10. The term "Complaint" as used herein refers to Plaintiff's Second Amended Complaint dated December 23, 2009 and any subsequent amendments thereto.

11. If the attorney-client privilege, work-product doctrine or any other privilege or immunity is claimed as to any document called for by these requests, Plaintiff shall provide a log containing: (i) the date of such document; (ii) the type of document; (iii) the general subject matter of the document; (iv) the identity of the person(s) who prepared it; (v) the person(s) to whom it was directed or circulated; and (vi) the nature of the objection or privilege.

12. Each of the foregoing definitions shall be fully applicable to each request notwithstanding that a definition above may, in whole or in part, be reiterated in a particular request, or that a particular request may incorporate supplemental definitions.

13. The singular form of a noun or pronoun shall include the plural of the noun or pronoun, and vice versa.

14. All terms which are used in the disjunctive shall also be construed in the conjunctive so that the scope of these requests shall be as broad as possible and all responses that might be construed to be outside of the scope of these requests are, to the extent reasonably possible, construed to be within their scope.

15. If any documents responsive to these requests were, but for any reason including their destruction no longer are, in Plaintiff's possession, custody or control, furnish a list of such documents and in that list provide the following information with respect to each document: its date, author, sender and recipients, subject matter(s), and the circumstances in which it came to be sent out of possession, custody or control, or was destroyed.

16. All documents produced shall be produced in electronic, searchable format, shall be organized and labeled to correspond to each request in accordance with Fed. R. Civ. P. 34, and should be marked with a bates-stamp or similar serial document identifying system.

17. Unless otherwise indicated, the foregoing document requests cover the time period from January 1, 1995 to the present.

18. These requests are continuing in nature so as to require supplemental responses should information unknown previous to the time and date set forth above subsequently become known.

19. The Receiver reserves the right to serve further document requests on Plaintiff.

## DOCUMENT REQUESTS

1. Copies of all documents concerning or referencing Ariel, Gabriel, Ascot, Merkin, and/or GCC.

2. All documents produced to Plaintiff that evidence that any customer, bank and/or third party was aware of "red flags," or was on inquiry notice, of any risks associated with an investment in BLMIS.