**EXHIBIT F**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant.<br><br>In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |

## ORDER ESTABLISHING PROCEDURES FOR ELECTRONIC DATA ROOMS

Upon the motion (the "Motion")[1] of Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, et seq. ("SIPA"),[2] and the substantively consolidated estate of Bernard L. Madoff ("Madoff"), seeking entry of an order, pursuant to section 105(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), and Rules 7016, 7026 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), establishing Procedures for Electronic Data Rooms; and the

---

[1] All references to the "Motion" are references to the motion filed on August 5, 2011, requesting entry of: (I) a report and recommendation to the District Court for the appointment of Special Discovery Masters; (II) an Order expanding the Case Management Procedures approved by the Court on November 10, 2010, granting access to the Trustee's existing electronic data room to additional defendants and establishing procedures for the creation of a separate electronic data room for documents produced to the Trustee; and (III) an Order modifying, in limited fashion, the Litigation Protective Order, dated June 6, 2011 [Dkt. 4137], including superseding all individual confidentiality agreements between the Trustee and any parties. All terms not defined herein shall have such meanings as subscribed to them in the Motion.

[2] For convenience, future reference to SIPA will not include "15 U.S.C."

Court having jurisdiction to consider the Motion and the relief requested therein in accordance with section 78eee(b)(4) of SIPA, the Protective Decree, entered on December 15, 2008 by the United States District Court for the Southern District of New York in Case No. 08 CV 10791, and 28 U.S.C. §§ 157 and 1334; and it appearing that the relief requested in the Motion is in the best interests of the estate and its customers; and due notice of the Motion having been given, and it appearing that no other or further notice need be given; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon the proceedings before the Court and after due deliberation, it is hereby

**ORDERED**, that the relief requested in the Motion is granted; and it is further

**ORDERED**, that all defendants will be granted access to two electronic data rooms (collectively, the "Electronic Data Rooms") created by the Trustee. The first data room ("E-Data Room 1") shall include documents relating to: (1) BLMIS's insolvency; and (2) BLMIS's fraud. The second electronic data room ("E-Data Room 2") shall include: (1) documents produced by, and deposition transcripts (including exhibits) of, parties subpoenaed by the Trustee pursuant to Bankruptcy Rule 2004; and (2) documents produced by, and deposition transcripts (including exhibits) of, defendants and third parties in the adversary proceedings. E-Data Room 2 shall not include those documents that, due to contractual obligations, are no longer in the care, custody or control of the Trustee. Defendants may review the documents produced in the Electronic Data Rooms, make selections and those selections will be provided to defendants by the Trustee in a mutually agreeable format after any confidentiality concerns and redactions necessary have been resolved; and it is further

**ORDERED**, that the documents produced by, and deposition transcripts (including exhibits) of, parties subpoenaed by the Trustee pursuant to Bankruptcy Rule 2004 shall be placed

in E-Data Room 2. Any confidentiality agreements that the Trustee entered into with any individual or entity producing documents or information to the Trustee shall be superseded by the Litigation Protective Order dated June 6, 2011 (Docket No. 4137) (the "Litigation Protective Order"), and any subsequent amendments or modifications thereto. Documents produced by and deposition transcripts (including exhibits) of defendants and third parties in the adversary proceedings shall also be placed in E-Data Room 2. Any parties objecting to the inclusion of specific material in E-Data Room 2 or production of specified material requested in an adversary proceeding may seek relief from this Court or, if the Order Appointing Special Discovery Masters is signed by the District Court, from the appropriate Special Discovery Master, within thirty (30) business days from the entry of this Order; and it is further

**ORDERED**, that notwithstanding the Litigation Protective, and any subsequent amendments or modifications thereto, materials placed in the data rooms may be designated by the Trustee as "Professionals' Eyes Only" and produced as such, where applicable. The Trustee will provide access to such material only to attorneys of record in one or more adversary proceedings and other professionals working with that attorney on such adversary proceedings provided that the attorney and/or the other professional executes a Non-Disclosure Agreement ("NDA") in substantially the form attached hereto as Exhibit 1. Copies of the Litigation Protective Order and NDA are available on the Trustee's website: (http://www.madofftrustee.com/CourtFilings.aspx); and it is further

**ORDERED,** that the Trustee may disclose summaries, data compilations, data extractions, document coding, and foldering structures, which are provided for defendants' convenience. The summaries, data compilations, data extractions, document coding, and foldering structures may constitute work product as that term is defined by Fed. R. Civ. P.

3

26(b)(3) and case law. Disclosure of those materials does not waive work product protection with respect to any other materials not placed in the data rooms and produced to defendants; and it is further

**ORDERED,** that the Trustee may, for user convenience and guidance, generally organize documents contained in E-Data Room 1 by source, then by type of document/data. This organizational structure does not reflect the document/information management system used by BLMIS during its operation. Documents contained in E-Data Room 1 do not constitute a representation of the full scope or location of BLMIS documents. Presentation of information from BLMIS datasources does not waive privilege, confidentiality, or work product protection; and it is further

**ORDERED,** that any work product protection is not waived as to any work product inadvertently placed in the data rooms, subject to the provisions of paragraph 14 of the Litigation Protective Order, and any subsequent amendments or modifications thereto; and it is further

**ORDERED,** that a violation of a party's obligations under a Non-Disclosure Agreement shall be treated as a violation of this Order and shall subject such party to such sanctions as the Court shall determine after notice and a hearing; and it is further

**ORDERED,** that the parties will need to agree to a fair allocation of costs associated with production from the Electronic Data Rooms, or will seek relief from this Court, or from the appropriate Special Discovery Master, if the Special Discovery Masters are appointed; and it is further

**ORDERED,** that this Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: New York, New York
       September __, 2011

_____
HONORABLE BURTON R. LIFLAND
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>       Plaintiff,<br><br>  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>       Defendant. | No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>       Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>       Plaintiff,<br><br>  v.<br><br>_____,<br><br>       Defendant(s). | Adv. Pro. No. 10-_____ (BRL) |

## NON-DISCLOSURE AGREEMENT

  WHEREAS this non-disclosure agreement (the "Agreement") supplements the Litigation Protective Order entered on June 6, 2011 [Docket No. 4137] (the "Litigation Protective Order") entered in *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities, LLC, et al.*, Adv. Pro. No. 08-01789 (BRL), and any subsequent amendments or modifications thereto; and

  WHEREAS, on September \_\_, 2011, the Bankruptcy Court entered an Order Establishing Procedures for Electronic Data Rooms [Docket No. \_\_\_\_\_] (the "Data Room Order"). All capitalized terms not otherwise defined herein shall have the meanings given such terms in the

Litigation Protective Order; and

WHEREAS, in addition to the requirements set forth in the Litigation Protective Order, and any subsequent amendments or modifications thereto, this Agreement shall govern all materials provided in the data rooms and produced in connection with the above-captioned Adversary Proceeding (the "Adversary Proceeding"); and

WHEREAS, the parties may designate certain discovery material or testimony of a highly confidential and/or proprietary nature as being "CONFIDENTIAL – PROFESSIONALS' EYES ONLY."

_____ (the "Recipient") hereby represents to each of the following:

A. My firm has been retained by the following defendant(s) in the Adversary Proceeding:

_____

B. I have received a copy of the Litigation Protective Order.

C. I have carefully read and understand the provisions of the Litigation Protective Order.

Based on the foregoing representations, Recipient hereby agrees to each of the following:

1. Recipient will abide by the terms of the Litigation Protective Order and any subsequent amendments or modifications thereto as well as the additional requirements set forth herein.

2. Recipient will not and shall ensure that its employees, agents, or staff will not disclose any material placed in the data rooms nor the information contained therein to any person, including, without limitation, its clients, other than (a) Recipient's employees, agent and staff who need to know such information in connection with its representation of defendant in the Adversary Proceeding and (b) other professionals retained by defendant in the Adversary Proceeding who need to know such information in connection with such engagement provided that such other professional(s) have executed a NDA and returned it to the Trustee.

3. Recipient will not use any material placed in the data rooms, directly or indirectly, for any purpose other than in connection with the Adversary Proceeding.

2

4.  If Recipient seeks to file any pleading or other document with the Bankruptcy Court that contains CONFIDENTIAL – PROFESSIONALS' EYES ONLY Material, it will file such pleading or other document under seal.

5.  Recipient will take all appropriate measures to ensure that any CONFIDENTIAL – PROFESSIONALS' EYES ONLY Material that it may obtain is safeguarded consistent with the confidentiality protections set forth herein including, without limitation, that its employees, agents and staff will keep all such material and any copies thereof in a locked container, cabinet, drawer, room or other safe place.

6.  Recipient understands that Recipient is obligated under § 107(b) of the Bankruptcy Code and state and federal statutes and regulations governing privacy to review documents produced from the data rooms and redact financial and "personally identifiable information," before sharing such documents with Recipient's clients, witnesses in depositions or any other purpose related to this adversary proceeding.

7.  Recipient understands that Paragraph 12 of the Litigation Protective Order, and any subsequent amendments or modifications thereto, requires that notice be given to the producing party before any "confidential material" produced to the Trustee is produced physically to a third party.

8.  Recipient understands that the disclosure of any summaries, data compilations, data extractions, document coding, and foldering structures are provided for Recipients' convenience. The summaries, data compilations, data extractions, document coding, and foldering structures may constitute work product as that term is defined by Fed. R. Civ. P. 26(b)(3) and case law. Disclosure of those materials does not waive work product protection with respect to any other materials not placed in the data rooms and produced to Recipients.

3

9. For user convenience and guidance, documents contained in E-Data Room 1 are organized generally by source, then by type of document/data. This organizational structure does not and is not intended to reflect the document/information management system used by BLMIS during its operation. Documents contained in E-Data Room 1 do not constitute a representation of the full scope or location of BLMIS documents. Presentation of information from BLMIS datasources does not and is not intended to waive privilege, confidentiality, or work product protection.

10. Recipient understands that any work product protection is not waived as to any work product inadvertently placed in the data rooms, subject to the provisions of paragraph 14 of the Litigation Protective Order, and any subsequent amendments or modifications thereto.

11. Recipient understands and agrees that violation of this Agreement is the equivalent of violation of a Bankruptcy Court order.

12. Recipient consents to the exercise of personal jurisdiction by the Bankruptcy Court in connection with this Agreement and its obligations hereunder and the Litigation Protective Order and any subsequent amendments or modifications thereto.

13. Recipient declares under penalty of perjury under the laws of the State of New York that the foregoing is true and correct.

[Name of Recipient]

_____
By: Name
Address:

_____
Date