**EXHIBIT G**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | Adv. Pro. No. 08-01789 (BRL)<br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | |

### ORDER MODIFYING THE JUNE 6, 2011 LITIGATION PROTECTIVE ORDER

Upon the motion (the "Motion")[1] of Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"), and the substantively consolidated estate of Bernard L. Madoff ("Madoff", and together with BLMIS the "Debtors"), seeking entry of an order pursuant to section 105(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), and Rules 7016, 7026 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), modifying the June 6, 2011 Litigation Protective Order; and the Court having jurisdiction to consider the Motion and the

---

[1] All references to the "Motion" are references to the motion filed on August 5, 2011, requesting entry of: (I) a report and recommendation to the District Court for the appointment of Special Discovery Masters; (II) an Order expanding the Case Management Procedures approved by the Court on November 10, 2010, granting access to the Trustee's existing electronic data room to additional defendants and establishing procedures for the creation of a separate electronic data room for documents produced to the Trustee; and (III) an Order modifying, in limited fashion, the Litigation Protective Order, dated June 6, 2011 [Dkt. 4137], including superseding all individual confidentiality agreements between the Trustee and any parties. All terms not defined herein shall have such meanings as subscribed to them in the Motion.

relief requested therein in accordance with section 15 U.S.C. § 79eee(b)(4) of SIPA, the Protective Decree, entered on December 15, 2008 by the United States District Court for the Southern District of New York (the "District Court") in Case No. 08 CV 10791, and 28 U.S.C. §§ 157 and 1334; and it appearing that the relief requested in the Motion is in the best interests of the estate and its customers; and due notice of the Motion having been given, and it appearing that no other or further notice need be given; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon the proceedings before the Court and after due deliberation, it is hereby

**ORDERED**, that the relief requested in the Motion is granted; and it is further

**ORDERED**, that the Litigation Protective Order is modified as follows:

A. To the extent that a Producing Party and the Trustee have entered into an agreement regarding the confidentiality or non-disclosure of documents or discovery materials, such agreements shall be superseded by the June 6, 2011 Litigation Protective Order. All designations of material as **CONFIDENTIAL** shall be controlled by the June 6, 2011 Litigation Protective Order.

B. Any parties objecting to the inclusion of specified material in E-Data Room 2 (as defined in the Order Establishing Procedures for Electronic Data Rooms, entered on September __, 2011 [Dkt. ____]) shall seek relief from this Court, or the appropriate Special Discovery Master, if appointed,[2] within thirty (30) business days of the entry of the Order Establishing Procedures for Electronic Data Rooms.

C. The Trustee may request upon a Producing Party and/or BLMIS customer that material designated as "Confidential Material," as defined and governed by the Litigation Protective Order entered into by the Court on June 6, 2011, be de-designated to allow disclosure of such material in connection with discovery, including depositions.

D. Should a Producing Party and/or BLMIS customer refuse to de-designate any such "Confidential Material," the Trustee shall refer the matter to this Court, or to the appropriate Special Discovery Master, if appointed.

---

[2] Pending the appointment of Special Discovery Masters, parties will continue to present discovery disputes to this Court for resolution. If the District Court appoints Special Discovery Masters for use by this Court in the Adversary Proceedings, those Special Discovery Masters shall have exclusive jurisdiction over disputes regarding the disclosure or designation of materials as "Confidential Material," per the Order Appointing Special Discovery Masters.

2

**ORDERED**, that this Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: New York, New York
       September __, 2011

                                                _____
                                                HONORABLE BURTON R. LIFLAND
                                                UNITED STATES BANKRUPTCY JUDGE