Steven G. Storch (SS 5241)
Rena Andoh (RA 9376)
STORCH AMINI & MUNVES PC
Two Grand Central Tower, 25th Floor
140 East 45th Street
New York, New York 10017
Tel. (212) 490-4100
Fax (212) 490-4208
storch@samlegal.com
randoh@samlegal.com

*Attorneys for PJ Administrator LLC*

Hearing Date: September 7, 2011
Hearing Time: 10:00 a.m.
Objection Deadline: August 31, 2011

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

|  |  |  |
|---|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | : | No. 08-01789 (BRL) |
|  | : |  |
| Plaintiff, | : | SIPA Liquidation |
|  | : |  |
| v. | : | (Substantively Consolidated) |
|  | : |  |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | : |  |
|  | : |  |
| Defendant. | : |  |

-------------------------------------------------------------x

In re:                                          :

BERNARD L. MADOFF,                  :

                    Debtor.          :

-------------------------------------------------------------x

### OBJECTION TO TRUSTEE'S MOTION FOR (1) A REPORT AND RECOMMENDATION TO THE DISTRICT COURT FOR THE APPOINTMENT OF SPECIAL DISCOVERY MASTERS; (II) AN ORDER ESTABLISHING PROCEDURES FOR ELECTRONIC DATA ROOMS; AND (III) AN ORDER MODIFYING THE JUNE 6, 2011 LITIGATION PROTECTIVE ORDER

PJ Administrator LLC ("PJ"), by and through its undersigned counsel, hereby objects to

the Trustee's Motion for: (1) A Report and Recommendation to the District Court for the

Appointment of Special Discovery Masters; (2) An Order Establishing Procedures For Electronic Data Rooms; and (3) An Order Modifying the June 6, 2011 Litigation Protective Order (hereinafter, the "Trustee's Motion") brought pursuant to, among other things, section 105(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), and Rules 7016, 7026 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of its objection, PJ states:

### FACTUAL BACKGROUND

1.      PJ is a defendant in an adversary proceeding commenced by Irving H. Picard (the "Trustee"), the trustee for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"), Adv. Proc. No. 10-05415 ("PJ Proceeding"), which was filed under seal with this Court on December 10, 2010.

2.      PJ is a Limited Liability Company that administered investment accounts for PJ's account participants (the "Account Participants") who independently determined to invest with BLMIS.  PJ made no investment recommendations.  The Complaint seeks to avoid allegedly fraudulent transfers made to PJ and the Account Participants by BLMIS as part of Bernard Madoff's massive Ponzi scheme.

3.      The Trustee has indicated that he intends to amend the Complaint in the PJ Proceeding, ostensibly to dismiss various Account Participants who should not have been named as defendants.  As a result, the parties have entered into several stipulations extending the time for PJ and all other Defendants to respond to the Complaint.  The most recent stipulation requires PJ and all other remaining Defendants to answer, move, or otherwise respond to the Complaint by September 9, 2011, with the understanding that an Amended Complaint is to be filed by that

date. The Defendants remaining after such amendment will then have ninety days from the filing of the Amended Complaint to respond to it.

4.    Pursuant to Bankruptcy Rule 2004 and this Court's July 12, 2009 Order, the Trustee served PJ with a broad-ranging subpoena (the "Subpoena") that sought extensive information concerning the investments by Account Participants, including personal financial information.

5.    PJ, in compliance with its obligations, produced confidential documents relating to PJ and PJ Account Participants. These documents were produced with the express agreement and understanding that these documents would be treated as confidential pursuant to the Litigation Protective Order, dated February 16, 2010 (the "Litigation Protective Order").[1]    In accordance with the express terms of the Litigation Protective Order, the Trustee is required to notify PJ in advance of any intent to share those documents with a third party, in order to permit PJ to interpose an objection.

6.    Certain PJ representatives have also been subpoenaed and have appeared at depositions at the Trustee's request. The transcripts of these depositions are likewise subject to the Litigation Protective Order. PJ, moreover, turned over additional financial information as part of attempted settlement discussions that were also to be treated as strictly confidential. As a result of PJ's production of information in reliance on the protections of the Litigation Protective Order, the Trustee has a significant number of confidential documents in his possession relating to PJ and the Account Participants.

7.    The Trustee now seeks to abrogate the protections of the Litigation Protective Order, largely for his own personal convenience. In seeking to do so, the Trustee now subjects

---

[1] The Litigation Protective Order has been amended twice, on November 10, 2010 and June 6, 2011, upon motion by the Trustee and subsequent Court Order. None of the Amendments are pertinent to the issues here.

PJ and the Account Participants to unwarranted disclosure of personal and other financial information obtained under promises of strict protection to persons unknown, many of whom are likely to be competitors of those Participants who earn their living in the financial services industry.  The Trustee should not be allowed to take away what he promised to do merely because he now finds it burdensome.  Like any other litigant, the Trustee must accept the consequences of his tactical litigation choices, especially when they entail reliance by other parties like PJ.  The Trustee cannot claim surprise after filing almost a thousand lawsuits against some 5,000 defendants and tens of billions of dollars.  The Trustee charted his litigation course and, in fairness, must abide by it.

8.    Moreover, the Trustee's own admission that he will have to amend the Complaint to omit Participants who should never have been named, but whose information has been produced, further militates against the wholesale elimination of rights under the Litigation Protective Order.

## ARGUMENT

9.    PJ does not object to that portion of the Trustee's motion, seeking an Order recommending to the District Court that Special Masters be appointed to resolve discovery disputes.

10.    For the reasons given below, however, PJ objects to the remainder of the Trustee's motion seeking an Order Establishing Procedures for Electronic Data Rooms and an Order Modifying the June 6, 2011 Litigation Protective Order, which modified the earlier Litigation Protective Order pursuant to which PJ produced documents.

A.    **Electronic Data Rooms**

11.    PJ objects to the establishment of the electronic data rooms on numerous grounds.

4

12.     The Trustee seeks to effectively allow carte-blanche access to the second electronic data room ("E-Data Room 2") containing all documents received from producing parties, including any documents designated as "Confidential Material" pursuant to the Litigation Protective Order. Trustee's Mot. ¶ 32. Any "requesting party" would have access to information produced by parties pursuant to subpoena, as well as deposition transcripts and exhibits. *Id.* at ¶¶ 22, 32. If the Trustee's Order is granted, producing parties would have no control over who may see their confidential information and what information would be provided. Further, producing parties would receive no notice when their documents were requested, viewed or removed from E-Data Room 2. Eliminating the notice requirements to each producing party would seriously compromise the parties' confidential information and directly conflicts with the terms of the Litigation Protective Order.

13.     Not only does the Trustee propose to make the confidential documents open to any requesting party without notice, the procedural "safeguards" proposed by the Trustee to protect the confidentiality of the documents located in E-Data Room 2 are inadequate. Restricting entry into the data room to "Professional Eyes Only" -- meaning that the attorney of record and *any other professional working with that attorney* may have access to the room -- is not a sufficient limitation on who will be allowed to view sensitive documents. The term "any other professional" could be construed to include other attorneys, accountants, financial advisors, investment advisors, brokers, and the like. Such individuals could be competitors of Account Participants, many of whom earn their living in the financial services industry. This further exacerbates the problem that PJ and other producing parties would have no notice as to who is viewing their documents.

14.    The illusory protections of the Trustee's proposal are no surprise. The documents belong to PJ and the Account Participants, not the Trustee. The right to adequate protection is PJ's and the Account Participants'. The Trustee does not have PJ's interest at heart. That is why PJ's counsel bargained for the protections it did. PJ's counsel wanted to protect and police the interests of its client. Third parties can still subpoena PJ's documents if they can establish relevance, and PJ's counsel can protect its clients' privacy.

15.    Despite limiting access to E-Data Room 2 to attorneys of record and professionals working for that attorney, almost any third party could obtain copies of the documents contained in this room. The Trustee is proposing to provide, without limitation, copies of any document to any requesting party. Trustee's Mot. Exhibit F, at 2. Again, producing parties would be unaware of who was viewing the documents and which documents they had reviewed and requested to remove from the data room. Even more troublesome to PJ is the Trustee's assumption of sole responsibility for determining what redactions were necessary to the documents before releasing them to defendants. Trustee's Mot. Exhibit F, at 2. Inasmuch as the Trustee in his motion argues that redaction of these documents is cost prohibitive and unduly time consuming, PJ questions how allowing these documents to be viewed in an electronic data room and then redacting the documents requested would in any way decrease the burden the Trustee seeks to avoid.

16.    Contrary to the Trustee's suggestion, the parties' confidentiality concerns will not be adequately addressed by signing a Non-Disclosure Agreement ("NDA") prohibiting them from circulating and disclosing to other parties the contents of the electronic data rooms. The NDA can only be effective if it is properly enforced. Because the Trustee is seeking to eliminate any notice requirements to the producing parties, the Trustee alone will be accountable for

enforcing these NDAs. The Trustee says it has filed over 900 lawsuits against close to 5,000 defendants. Trustee's Mot. ¶ 10. Undoubtedly, as more defendants seek access to the documents in the electronic data room, the Trustee will be charged with enforcing numerous NDAs. Given that the Trustee contends that it is currently too burdensome to contact each defendant before releasing any confidential materials, it is unlikely that the Trustee will be able to ensure that confidential material released to defendants remains confidential under the NDA. Further, the proposed NDA improperly places the burden on the recipient of documents from the data rooms to review them for personally identifiable information and then redact them accordingly before sharing the documents. Trustee's Mot. Exhibit F, at 4.

**B.**     **June 6 Litigation Protective Order**

17.     The Trustee has failed to establish adequate grounds to modify the June 6 Litigation Protective Order. It is "presumptively unfair for courts to modify protective orders." *AT & T Corp. v. Sprint Corp.*, 407 F.3d 560, 562 (2d Cir. 2005) (citing *S.E.C. v. TheStreet.com*, 273 F.3d 222, 230 (2d Cir. 2001)). Once a protective order has been granted and the parties rely on it, it cannot be modified absent a showing of extraordinary circumstances or compelling need. *Id.; see also Martindell v. Int'l. Tel. and Tel. Corp.*, 594 F.2d 291, 296 (2d Cir. 1979). Now, after the Trustee has taken, by his own admission, more than 108 depositions and has subpoenaed more than five million documents, the Trustee attempts to argue that providing notice of discovery requests to producing parties is too burdensome. Trustee's Mot. ¶ 7. Such reasoning is insufficient to warrant modification. *See Medical Diagnostic Imaging*, 2009 WL 2135294, at *2 (S.D.N.Y. July 16, 2009) ("[T]he need for efficiency . . . is hardly an extraordinary or compelling circumstance" requiring modification of a protective order).

7

18.     The Trustee must have been aware of these issues before establishing the confidentiality protections in the June 6, 2011 Litigation Protective Order.   The Trustee nonetheless now seeks to annul the protections of the Order, despite the parties' reliance on the Order to provide them with notice and give them time to respond to the production of their confidential materials to third parties.   Where parties have reasonably relied on a protective order, modification should not be granted because allowing the modification would upset the parties' legitimate expectations and frustrate the purpose of the Order. *See Martindell*, 594 F.2d at 296 (holding that protective orders should not be modified where parties have relied upon them); *cf. Caxton Intern. Ltd. v. Reserve Intern. Liquidity Fund, Ltd.*, 2009 WL 2365246, at *4 (S.D.N.Y. July 29, 2009); *see also S.E.C. v. TheStreet.com*, 273 F.3d 222, 230 (2d Cir. 2001) ("We have been hesitant, therefore, to permit modifications of protective orders in part because such modifications unfairly disturb the legitimate expectations of litigants.").

19.     PJ has previously objected to the Trustee's request to produce PJ documents to third parties.   PJ did not seek a Protective Order from this Court because the Trustee, after receiving PJ's objection, withdrew its request.   In light of this procedural history, PJ should not be deemed to have waived any of its rights.   PJ's active efforts to protect and insure the confidentiality of its documents refutes the Trustee's argument that to date, not a single party has moved for a Protective Order from this Court, thus demonstrating, according to the Trustee, that the documents are not actually confidential.  Trustee's Mot. ¶ 18.

20.     If the Court grants the Trustee's motion, PJ requests that, to preserve the issue and to prevent premature disclosure, a stay of fourteen (14) days be granted to allow the filing of an appeal; and that, if an appeal is filed, the stay be continued until the dispute is resolved.  Without a stay, disclosure may occur and an appeal would be moot.

8

WHEREFORE, PJ objects to the entry of the Proposed Order Establishing Procedures for the Electronic Data Rooms and the Proposed Order Modifying the June 6 Litigation Protective Order and requests that the Trustee's motion be denied with respect to these Orders.

Dated: New York, New York
      August 31, 2011

                                        STORCH AMINI & MUNVES PC


                                        By:___/s/ Steven G. Storch_____
                                            Steven G. Storch (SS 5241)
                                            Rena Andoh (RA 9376)
                                    Two Grand Central Tower, 25th Floor
                                    140 East 45th Street
                                    New York, New York 10017
                                    (212) 490-4100
                                    *Attorneys for PJ Administrator LLC*