| | |
|---|---|
| KOBRE & KIM LLP<br>800 Third Avenue<br>New York, New York 10022<br>Telephone: +1 212 488 1200<br>Facsimile: +1 212 488 1220<br><br>*Attorneys for MAXAM Capital Management LLC, MAXAM Capital GP LLC, MAXAM Absolute Return Fund Limited, Suzanne Hammond, Sandra L. Manzke, Sandra L. Manzke Revocable Trust, Walker Manzke, and April Bukofser Manzke* | WOLLMUTH MAHER & DEUTSCH LLP<br>One Gateway Center<br>Newark, New Jersey 07102<br>Telephone: +1 973 733 9200<br>Facsimile: +1 973 733 9292<br><br>*Attorneys for MAXAM Absolute Return Fund L.P.* |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Debtor. | SIPA LIQUIDATION<br><br>No. 08-01789 (BRL) |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br>    Plaintiff,<br><br>v.<br><br>MAXAM ABSOLUTE RETURN FUND, L.P.;<br>MAXAM ABSOLUTE RETURN FUND, LTD.;<br>MAXAM CAPITAL MANAGEMENT, LLC; MAXAM CAPITAL GP LLC; SANDRA L. MANZKE REVOCABLE TRUST; SANDRA L. MANZKE, as trustee and individually; SUZANNE HAMMOND; WALKER MANZKE; and APRIL BUKOFSER MANZKE,<br><br>    Defendants. | Adv. Pro. No. 10-05342 (BRL) |

**DECLARATION OF MAGGIE E. SKLAR IN SUPPORT OF THE MAXAM DEFENDANTS' OPPOSITION TO THE TRUSTEE'S MOTION FOR (I) A REPORT AND RECOMMENDATION TO THE DISTRICT COURT FOR THE APPOINTMENT OF SPECIAL DISCOVERY MASTERS; (II) AN ORDER ESTABLISHING PROCEDURES FOR ELECTRONIC DATA ROOMS; AND (III) AN ORDER MODIFYING THE JUNE 6, 2011 LITIGATION PROTECTIVE ORDER**

Maggie E. Sklar declares, pursuant to 28 U.S.C. §1746:

1. I was admitted *pro hac vice* on April 13, 2011. I am an associate of the law firm of Kobre & Kim LLP, and am counsel for Defendants MAXAM Capital Management LLC ("MAXAM Capital"), MAXAM Capital GP LLC, MAXAM Absolute Return Fund Limited ("MARF Limited"), Suzanne Hammond, Sandra L. Manzke, Sandra L. Manzke Revocable Trust, Walker Manzke, and April Bukofser Manzke in the above-captioned action.

2. I respectfully submit this declaration in support of Defendants' Opposition to the Trustee's Motion for (I) a Report and Recommendation to the District Court for the Appointment of Special Discovery Masters; (II) an Order Establishing Procedures for Electronic Data Rooms; and (III) an Order Modifying the June 6, 2011 Litigation Protective Order, filed on August 5, 2011 (the "Trustee's Motion" or the "Motion").

3. On February 27, 2009, the Trustee directed a subpoena to the MAXAM Absolute Return Fund L.P. ("MARF L.P.").

4. Before agreeing to produce any documents in response to that subpoena, MARF L.P. and the Trustee entered into a confidentiality agreement. The confidentiality agreement between the Trustee and MARF L.P. was not a boilerplate agreement, but was the result of several weeks of back and forth drafts and negotiations between the parties. For example:

- On March 18, 2009, the Trustee forwarded a first draft confidentiality agreement to counsel for MARF L.P.

- On March 19, counsel for MARF L.P. sent back an edited draft to the Trustee.

- On the morning of March 20, the parties conferred to discuss their differences regarding the confidentiality agreement, and later that day, the Trustee sent a revised version incorporating some of MARF L.P.'s proposed changes.

- On March 23, counsel for MARF L.P. sent the Trustee a revised version of the draft confidentiality agreement.

- The Trustee sent another draft on April 7, and counsel for MARF L.P. responded to the Trustee with changes to that draft on April 9.

5. On April 13, 2009, MARF L.P. and the Trustee executed a Confidentiality Agreement (the "April 13, 2009 Confidentiality Agreement"). Attached hereto as Exhibit A is a true and correct copy of that document.

6. Pursuant to the April 13, 2009 Confidentiality Agreement, and in reliance on the protections provided in that Agreement, MARF L.P. then proceeded to produce confidential documents and information to the Trustee on or about April 23, May 4, June 2, June 11, and June 23, 2009. Each of these productions was sent with a cover letter which stated, "The information being submitted is intended solely for the use of the Trustee of Bernard L. Madoff Investment Securities LLC (the 'Trustee') in connection with the above-captioned matter and pursuant to the Confidentiality Agreement executed by the [parties] on April 13, 2009."

7. Prior to the execution of the April 13, 2009 Confidentiality Agreement, MARF L.P. had produced documents on or about April 1, two on April 8, and April 13, 2009. Each of these productions was sent with a cover letter which stated, "The information being submitted is intended solely for the use of the Trustee of Bernard L. Madoff Investment Securities LLC (the 'Trustee') in connection with the above-captioned matter."

8. On June 1, 2009, the Trustee directed a subpoena to Ms. Manzke (who disputed it was properly served), and to MAXAM Capital.

9. On June 29, 2009, Ms. Manzke and the Trustee executed a Confidentiality Agreement (the "June 29, 2009 Confidentiality Agreement"). Attached hereto as Exhibit B is a true and correct copy of that document. Ms. Manzke testified and produced documents pursuant to, and in reliance on the protections provided in, the June 29, 2009 Confidentiality Agreement.

10.  In August 2009, MAXAM Capital made an application to the Grand Court of the Cayman Islands in response to the Trustee's request for documents concerning the names of the foreign investors in MARF Limited, out of concern that disclosing the information might be a breach of the Cayman Island's Confidential Relationships (Preservation) Law (1995 Revision).

11.  On September 21, 2009, the Grand Court in the Cayman Islands issued an Order permitting MAXAM Capital to disclose MAXAM Limited's confidential information to the Trustee "for the purposes only of the SIPC proceedings," and directing that the confidential information "shall not be further disclosed by any recipient of such confidential information to any third party without the express leave of this Court." Attached hereto as Exhibit C is a true and correct copy of that document.

12.  Pursuant to the April 13, 2009 Confidentiality Agreement and the Cayman Order, and in reliance on the protections provided in that Agreement and Order, MARF L.P., MAXAM Capital, and Ms. Manzke then produced documents and information to the Trustee that they identified as "confidential" in 2009 on or about July 2, July 6, July 10, July 14, July 21, August 3, August 13, August 25, September 3, September 18, October 13, October 21, and October 28, 2009. The cover letters for all of these productions stated, "The information being submitted is intended solely for the use of the Trustee of Bernard L. Madoff Investment Securities LLC (the 'Trustee') in connection with the above-captioned matter and pursuant to the Confidentiality Agreement executed by the [parties] on April 13, 2009." The same parties then produced documents on or about November 18, November 24, and December 8, 2009, January 4, January 25, February 3, March 1, March 17, April 13, May 24, and June 21, 2010, and the cover letter for all of these productions stated, "The information being submitted is intended solely for the use of the Trustee of Bernard L. Madoff Investment Securities LLC (the 'Trustee') in connection with

the above-captioned matter and pursuant to both the Confidentiality Agreement executed by the [parties] on April 13, 2009 and the Order of the Grand Court of the Cayman Islands, Cause Number 366 of 2009, dated September 21, 2009."

13. On June 7, 2011, counsel for the Trustee contacted Jonathan Cogan of Kobre & Kim LLP via letter and requested documents that MARF L.P. had provided to the Trustee. Attached hereto as Exhibit D is a true and correct copy of that document. On June 23, 2011, without either party needing to apply to the Court, MARF L.P. consented to the release of three documents that referenced the Merkin Defendants.

14. I declare under penalty of perjury that the foregoing is true and correct.

Executed: August 31, 2011
            Washington, D.C.

_____
Maggie E. Sklar