# EXHIBIT A

# Baker Hostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

April 9, 2009

Marc D. Powers
direct dial: 212.589.4216
mpowers@bakerlaw.com

**BY HAND**

Jonathan D. Cogan, Esq.
Kobre & Kim LLP
800 Third Avenue
New York, New York 10022

Re:   *Confidentiality Agreement between Irving H. Picard, Esq., Trustee for the SIPA Liquidation of Bernard L. Madoff Investment Securities, LLC and MAXAM Absolute Return Fund LP*

Dear Mr. Cogan:

    As previously discussed, your client MAXAM Absolute Return Fund LLP (the "Fund") has agreed to produce documents to Irving H. Picard, Esq., Trustee for the SIPA liquidation of Bernard L. Madoff Investment Securities, LLC (the "Trustee") in response to a Rule 2004 subpoena issued in relation to <u>Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC</u>, Adv. Pro. No. 08-01789-BRL, pending in the Bankruptcy Court for the Southern District of New York. This letter memorializes the Fund's and the Trustee's agreement regarding documents produced to the Trustee that are designated by the Fund at the time of production to contain confidential, non-public business or financial information (hereinafter "Agreement").

    The Fund and the Trustee agree that the Fund may designate as confidential any portion of the information produced pursuant to the Rule 2004 subpoena, dated February 27, 2009, that was served on the Fund. Information includes any document, testimony, electronic data or other information disclosed or produced by or on behalf of the Fund, or any of its attorneys or agents. At the time of production all such Information shall be marked with the designation: "CONFIDENTIAL" (hereinafter "Confidential Information"). The term "Confidential Information" shall apply to any Information designated "CONFIDENTIAL". "Confidential Information" includes, but is not limited to, any non-public or confidential research, development, commercial, or marketing materials, documents, or information. In the event the Trustee provides the Fund notice that he disagrees with a confidentiality designation, the Trustee shall provide the Fund with written notice of its disagreement and specifically identify the Materials in dispute. If, despite good faith effort, the dispute cannot be resolved informally, either party may make an application to the Court. Prior to the Court's

Jonathan D. Cogan, Esq.
April 9, 2009
Page 2

ruling, the Trustee shall continue to treat the Confidential Information in the manner required by this Agreement. Absent such application, the information will no longer be deemed Confidential Information for the purposes of this Agreement.

The Trustee agrees to only use the Confidential Information produced to him in various and related proceedings in connection with <u>Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC</u>, Adv. Pro. No. 08-01789-BRL, including any possible actions against the Fund, related managers and affiliates and/or its officers and investors, so long as the provisions of this Agreement are made applicable to such proceedings. Confidential Information shall not be provided by the Trustee to any person or entity, except by order of the bankruptcy court. The Trustee may, consistent with this Agreement, disclose Confidential Information: (1) to the Trustee's counsel and the staff and employees of his counsel; (2) to experts, consultants and professionals retained by the Trustee and the Trustee's counsel, including FTI Consulting, Inc. and other forensic and technology consultants, to assist with the investigation, forensic reconstruction and validation of the underlying records of Bernard L. Madoff Investment Securities LLC ("BLMIS"), and their staffs; provided that all such persons agree to the terms of this Agreement; and (3) to other regulatory and enforcement authorities and liquidators investigating matters relating directly or indirectly to BLMIS provided that the Trustee request such entity to treat the documents confidentially for the purposes of the Freedom of Information Act, or other similar law. Nothing in this Agreement restricts the use of any Confidential Information in any filings or proceedings in the bankruptcy court, provided they are made under seal or pursuant to protective order. Such use does not operate as a waiver of the confidentiality of the information submitted.

The Fund agrees that, notwithstanding other provisions of this Agreement, it will not consider a document to be confidential if (a) it is available to the public through means other than production by the Fund; (b) it was lawfully known to, provided to or independently developed by the Trustee in the files of BLMIS or elsewhere; or (c) it is legally required to be produced by the Trustee.

The Trustee agrees that in the event that (1) the Trustee receives a notice of deposition, interrogatory, request for document, subpoena, civil investigative demand, or similar request to disclose any of the Confidential Information, (2) the Trustee reasonably believes, after consultation with counsel, that he is legally required to disclose any of the Confidential Information to a third party, including a governmental, or other regulatory body or agency or self-regulatory organization, the Trustee, shall provide to the Fund reasonable notice of any such request or requirement so that the Fund may seek a protective order or other appropriate remedy.

If, after having produced material to the Trustee pursuant to this Agreement, the Fund states in writing that material was privileged and/or produced in error, the Trustee will not assert that the fact of production of the material constitutes a waiver of any right, privilege, or other protection that the Fund had or may have had as to the material and shall return the material and all copies thereof and destroy that portion of any notes or memoranda that reflect the substance of the document.

Jonathan D. Cogan, Esq.
April 9, 2009
Page 3

      Nothing in this Agreement prevents disclosure of the Confidential Information beyond the terms of this Agreement if such disclosure is compelled by subpoena or other legal process or the Fund consents in writing.

      Please countersign to indicate your agreement and return at your earliest convenience. We look forward to receiving the responsive documents.

Dated: April 13, 2009

| KOBRE & KIM LLP | BAKER & HOSTETLER LLP |
|---|---|
| By: *[signature]* | By: *[signature]* |
| Jonathan D. Cogan, Esq. | Marc D. Powers, Esq. |
| 800 Third Avenue | 45 Rockefeller Plaza |
| New York, New York 10022 | New York, New York 10111 |
| Telephone: (212) 488-1200 | Telephone: (212) 589-4200 |
| Facsimile: (212) 488-1220 | Facsimile: (212) 589-4201 |
| E-mail: jonathan.cogan@kobrekim.com | E-mail: mpowers@bakerlaw.com |
| *Attorneys for MAXAM Absolute Return Fund LP* | *Attorneys for Irving H. Picard, Esq., Trustee for the SIPA Liquidation of Bernard L. Madoff Investment Securities LLC* |