Hearing Date: October 5, 2011, at 10:00 AM

ROBERT J. KAPLAN
*Attorney for MUUS Independence Fund LP*
*and Michael W. Sonnenfeldt*
15 Maiden Lane
Suite 703
New York, NY 10038
(212) 964-0600
*lawkap@aol.com*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
SECURITIES INVESTOR PROTECTION
CORPORATION,                                                    Adv. Pro. No. 08-01789 (BRL)

                          Plaintiff-Applicant,          SIPA LIQUIDATION
                                                        (Substantively Consolidated)

                          v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

                          Defendant.
-------------------------------------------------------------------x
In re:

BERNARD L. MADOFF,

                          Debtor.
-------------------------------------------------------------------x


## OBJECTIONS OF MUUS INDEPENDENCE FUND LP AND MICHAEL W. SONNENFELDT TO THE TRUSTEE'S PROPOSED RECOMMENDATION REGARDING A SPECIAL MASTER AND PROPOSED ORDERS REGARDING DATA ROOMS AND CONFIDENTIALITY


MUUS Independence Fund LP ("MIF") and Michael W. Sonnenfeldt ("Sonnenfeldt"), by

their attorney, Robert J. Kaplan, respectfully submit the following objections to the Trustee's

- 1 -

proposed recommendation and orders:[1]

## OBJECTION TO THE PROPOSED RECOMMENDATION
## THAT A SPECIAL MASTER BE APPOINTED

1. We understand the Trustee's desire to find suitable mechanisms for managing the large number of adversary proceedings. However, the special master vehicle that the Trustee proposes for that does not comport with the rules.

2. Bankruptcy Rule 9031, entitled "Masters Not Authorized", precludes the use of special masters in cases under the Bankruptcy Code. *See*, *In re Interco Inc.,* 139 B.R. 718, 721 (Bankr. E.D. Mo., 1992). In asking this Court to recommend to the district court that *it* appoint a special master, the Trustee assumes that Rule 9031 only applies to this court, not the district court. That is an erroneous assumption. The Advisory Committee's Notes on Bankruptcy Rule 1001state:

> "Rule 81(a)(1) Fed. R. Civ. P. provides that the civil rules do not apply to proceedings in bankruptcy, except as they may be made applicable by rules promulgated by the Supreme Court, e.g., Part VII of these rules. This amended Bankruptcy Rule 1001 makes the Bankruptcy Rules applicable to cases and proceedings under title 11, *whether before the district judges or the bankruptcy judges of the district*." [emphasis added]

---

[1]   MIF and Sonnenfeldt are the defendants in Adv. Proc. No. 10-04445, which is one of many "clawback actions" filed by the Trustee. As such MIF and Sonnenfeldt are interested parties. The Trustee extended MIF and Sonnenfeldt's time to file objections to September 15, 2011.

*See,* Notes of Advisory Committee on 1987 amendments to Bankruptcy Rule 1001.[2]

3. This is not the first time that a party has attempted to get around Rule 9031 by contending that it does not apply to the district court. Such a contention was made (and rejected) in *In re Romeo J. Roy, Inc.*, 32 B.R. 240 (Bankr., D. Me., 1983). At the time of that 1983 decision, Rule 1001 was couched in terms of "United States Bankruptcy Courts". *Id.* at 244. Nevertheless, the court in *In re Romeo J. Roy* held that that included the district court. *Id.* The bankruptcy court's decision was eventually vacated on mootness grounds. *See*, 740 F.2d 111 (1st Cir. 1984). However, the subsequent 1987 amendment of Rule 1001 confirmed the correctness of that court's recognition that Rule 9031 applies to the district court. Thus, not only did the 1987 amendment replace the words "United States Bankruptcy Courts" with the broader, non-court-specific reference to "title 11 of the United States Code", but that amendment was accompanied by the Advisory Committee plainly stating that "the Bankruptcy Rules [are] applicable to cases and proceedings under title 11, whether before the district judges or the bankruptcy judges of the district." Consistent with that concept, the Advisory Committee notes

---

[2]   Bankruptcy Rule 1001, which sets the scope of the Bankruptcy Rules, provides that: "The Bankruptcy Rules and Forms govern procedure in cases under title 11 of the United States Code." Rule 1001 does not say that the Bankruptcy Rules only apply to the bankruptcy court and not the district court. To the contrary, if the matter is a title 11 matter, the Bankruptcy Rules (including Rule 9031) apply, irrespective of whether it is the bankruptcy court or the district court issuing the order. In any event, even if Rule 1001 permitted a district court to disregard Rule 9031, it would be disingenuous to pretend that it is a "district court master" which is being sought by the Trustee. If that were the case, then disagreement with a purported "district court master's" decisions should be reviewed by the district court. The Trustee, however, proposes that the "district court master" be reviewed by this court. That invoking the "district court" is simply a contrivance to get around Rule 9031 could not be more obvious. As noted above, however, the contrivance is unavailing. The district court, too, is bound by Rule 9031.

to Rule 9031 state: "This rule precludes the appointment of masters in cases and proceedings

under the Code" (without limiting that general proscription to bankruptcy judges only).

4.  The Trustee cites several cases in other Circuits where special masters were appointed

and Rule 9031 was ignored.  Why those courts disregarded Rule 9031 we do not know.  That

they ignored the rule is not a proper ground for this Court to do so.

5.  The Trustee has cited two cases in this Circuit which he contends support the

proposition that a special master can be appointed in a title 11 matter.  Those cases do not

support the Trustee's proposed disregard of Rule 9031 in these title 11 proceedings.  In *In re*

*Joint Eastern And Southern Districts Asbestos Litigation,* 120 B.R. 648 (E.D.N.Y.1990), cited

by the Trustee, a special master was not delegated responsibility in a title 11 matter.  To the

contrary, the title 11 matter was already in the post-confirmation period.[3]  The special master in

that case was appointed to report to the district court, post-confirmation, in respect of a district-

court issue, namely, whether it was or was not advisable for multiple asbestos injury proceedings

that were pending in state and federal courts to be enjoined and consolidated into a single "limited

fund" district court class action under F.R. Civ. P. 23.  Using a special master for that distinct

district-court purpose is arguably outside Rule 9031.  Delegating to a special master in these

pending title 11 proceedings is not.

6.  The only other case in this Circuit that the Trustee cites is *Nellis v. Shugrue*, 165 B.R.

115 (Bankr., S.D.N.Y., 1994).  That case makes no reference to a special master.  It only refers

to a "Special Advisor".  We have no idea what the "Special Advisor's" actual role was in that

---

[3]  The Plan in the title 11 case had been confirmed in 1986, four years prior to the 1990
class action issue for which the district court appointed a special master.  *Id*. 120 B.R. at 652.

case.  But, if he functioned as someone to whom *any sort of decision-making role, reviewable or otherwise, was delegated*, he was effectively a master and therefore impermissible.[4]

7.    The Trustee cites the Supreme Court's opinion in *Ex Parte Peterson,* 253 U.S. 300 (1920) in support of his application.  In quoting from that opinion, however, the Trustee pointedly placed an ellipsis where the following italicized words appeared in the Supreme Court's original text: "Courts have *(at least in the absence of legislation to the contrary)* inherent power to provide themselves with appropriate instruments required for the performance of their duties."  Rule 9031 is "legislation to the contrary".  *See*, 28 U.S.C. §2075.  In any event, it is absurd to cite a 1920 Supreme Court case for the proposition that the Supreme Court, in specifically enacting Bankruptcy Rules 1001 and 9031 decades later, did not want those rules to be applied.  Remember, it is the Supreme Court which prescribes the Bankruptcy Rules.  28 U.S.C. §2075.[5]

8.    That neither this court nor the district court can delegate in a title 11 matter does not mean that there is not another device -- consistent with the rules -- to help manage the prospect of discovery disputes in the multiple adversary proceedings.  An obvious mechanism is requiring that discovery disputes which parties are unable to resolve among themselves be the subject of mediation which, hopefully, will resolve those disputes without having to embroil the court.  A mediator, unlike a master, does not make decisions -- reviewable or otherwise.  Nor, under General Order M-390, can any decision that a mediator might be inclined to make even influence

---

[4]    It is clear from F.R. Civ. P. 53 that a master includes not only one who makes decisions but also one who recommends to the court what decision should be made.

[5]    Whether it is wise to preclude having masters in title 11 matters, which can sometimes become as complex as this one, is a policy determination for the Supreme Court to make.  It is free to repeal Rule 9031 if it wishes.  It has  not.  The Trustee cannot substitute his "policy wisdom" for that of the Supreme Court.  Nor can he ask this Court to embark down that road.

the court, because M-390 prohibits communication with the court.  According to the Trustee's

papers, his primary concern is discovery disputes about confidentiality.  Such disputes cry out for

the assistance of a mediator.  Why the Trustee did not suggest the mediation course -- which is

not precluded by Rule 9031 -- but, rather, sought to have this Court "recommend" to the district

court that it do something which the rules do not permit is a mystery.

### OBJECTIONS TO CERTAIN ASPECTS OF THE PROPOSED "ORDER ESTABLISHING PROCEDURES FOR ELECTRONIC DATA ROOMS" AND "ORDER MODIFYING THE JUNE 6, 2011 LITIGATION PROTECTIVE ORDER"

9.  For the reasons discussed above, all references to a special master in the Trustee's

proposed "ORDER ESTABLISHING PROCEDURES FOR ELECTRONIC DATA ROOMS"[6]

should be deleted.  While we do not have objection to the Trustee's general concept of

establishing an "E-Data Room 2", certain aspects of the Trustee's proposed order overlooked

points that should be included.

10.  Thus, the Trustee overlooks the fact that discovery in some of the adversary

proceedings[7] is just beginning and, accordingly, that several persons who may be affected do not

yet know what may or may not become a subject of the contemplated "E-Data Room 2".  The

Trustee's suggestion that affected persons make objection "within thirty (30) business days from

the entry of this Order" ignores the reality that *thus measuring* the time for objection may predate

knowing what actually will be affected and, in any event, will shorten the period to less than 30

days after that is ascertained.  For reasons of both fairness and practicality, it is obvious that a

---

[6]  That proposed order is Exhibit "E" to the Trustee's application.

[7]  This includes Adv. Proc. No. 10-04445, to which MIF and Sonnenfeldt are parties.

"later of" mechanism for measuring the 30-day period is more appropriate.  Below is how the
"later of" mechanism would dovetail with the Trustee's originally proposed language.  (The
modifications are set forth in bold and underlined.)[8]

> ORDERED, that the documents produced by, and deposition transcripts (including
> exhibits) of, parties subpoenaed by the Trustee pursuant to Bankruptcy Rule 2004
> shall be placed in E-Data Room 2.  Any confidentiality agreements that the Trustee
> entered into with any individual or entity producing documents or information to
> the Trustee shall be superseded by the Litigation Protective Order dated June 6,
> 2011 (Docket No. 4137) (the "Litigation Protective Order"), and any subsequent
> amendments or modifications thereto.  Documents produced by and deposition
> transcripts (including exhibits) of defendants and third parties in the adversary
> proceedings shall also be placed in E-Data Room 2.  Any parties objecting to the
> inclusion of specific material in E-Data Room 2 or production of specified material
> requested in an adversary proceeding may seek relief from this Court *[or, if the
> Order Appointing Special Discovery Masters is signed by the District Court, from
> the appropriate Special Discovery Master,]* within thirty (30) business days from
> the **later of (i)** the entry of this Order **or (ii) the production of the specific
> material as to which objection is made**; and it is further

Similar modification should be made to Section "B" of the Trustee's other proposed order, which
is entitled "ORDER MODIFYING THE JUNE 6, 2011 LITIGATION PROTECTIVE ORDER".
That proposed order is Exhibit "G" to the Trustee's application.

---

[8]   The above text brackets and italicizes the references to a special master, which should
be deleted throughout the proposed orders.

11.   Another point that the Trustee overlooks is that designation of data room materials as "Professionals' Eyes Only" is not simply his prerogative, but also the prerogative of the party who originally produced the materials.  Below is how rectifying this omission would dovetail with the Trustee's originally proposed language.

>     ORDERED, that notwithstanding the Litigation Protective, and any subsequent amendments or modifications thereto, materials placed in the data rooms may be designated by the Trustee **or the originally producing party** as "Professionals' Eyes Only" and produced as such, where applicable.  The Trustee will provide access to such material only to attorneys of record in one or more adversary proceedings and other professionals working with that attorney on such adversary proceedings provided that the attorney and/or the other professional executes a Non-Disclosure Agreement ("NDA") in substantially the form attached hereto as Exhibit 1. Copies of the Litigation Protective Order and \DA are available on the Trustee's website: (http:/1www.madofftrustee.cone/CourtFilings.aspx); and it is further

12.   The Trustee's proposed order also needs to clarify that "professionals" include "any inside or outside staff engaged by an attorney of record and working on his, her or its behalf". Given the volume of the materials that the Trustee describes, additional staffing may be needed -- especially by someone like the undersigned, a solo practitioner -- to deal with the data rooms.

13.   WHEREFORE, it is respectfully submitted that (i) the Court should decline the proposed recommendation for a special master; (ii) if the Court is inclined to enter the ORDER ESTABLISHING PROCEDURES FOR ELECTRONIC DATA ROOMS and/or the ORDER MODIFYING THE JUNE 6, 2011 LITIGATION PROTECTIVE ORDER, it modify those as indicated above; and (iii) the Court consider the advisability of requiring mediation of all discovery

disputes that the parties are unable to resolve among themselves, including those regarding

confidentiality.


Dated:   New York, New York
         September 15, 2011


                              Respectfully submitted,


                              *s/ Robert J. Kaplan*
                              _____
                              ROBERT J. KAPLAN
                              *Attorney for MUUS Independence Fund LP*
                              *and Michael W. Sonnenfeldt*
                              15 Maiden Lane
                              Suite 703
                              New York, NY 10038
                              (212) 964-0600
                              *lawkap@aol.com*