DAVIS & GILBERT LLP                    **Hearing Date: September 22, 2011 at 10:00 a.m.**
Joseph Cioffi
Bruce M. Ginsberg
Rachel A. Owens
1740 Broadway
New York, New York 10019
Telephone: (212) 468-4800
Facsimile: (212) 468-4888

*Attorneys for Natixis S.A. (in its own
capacity and as successor-in-interest
to IXIS Corporate & Investment
Bank), Natixis Financial Products
LLC (as successor-in-interest to
Natixis Financial Products Inc.)
and Bloom Asset Holdings Fund*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>   Trustee-Applicant,<br><br>  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>   Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>   Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br>   Trustee,<br><br>  v.<br><br>NATIXIS, NATIXIS CORPORATE & INVESTMENT BANK (f/k/a IXIS CORPORATE & INVESTMENT BANK), NATIXIS FINANCIAL PRODUCTS, INC., | Adv. Pro. No.  10-05353 (BRL) |

BLOOM ASSET HOLDINGS FUND, and
TENSYR LIMITED,

　　　　　　　　　Defendants.

### OBJECTION AND RESERVATION OF RIGHTS TO TRUSTEE'S MOTION FOR (I) A REPORT AND RECOMMENDATION TO THE DISTRICT COURT FOR THE APPOINTMENT OF SPECIAL DISCOVERY MASTERS; (II) AN ORDER ESTABLISHING PROCEDURES FOR ELECTRONIC DATA ROOMS; AND (III) AN <u>ORDER MODIFYING THE JUNE 6, 2011 LITIGATION PROTECTIVE ORDER</u>

Natixis S.A. (in its own capacity and as successor-in-interest to IXIS Corporate & Investment Bank), Natixis Financial Products LLC (as successor-in-interest to Natixis Financial Products Inc.) and Bloom Asset Holdings Fund (collectively, the "Natixis Defendants"), by their undersigned counsel, hereby submit this Objection and Reservation of Rights to the Trustee's Motion (the "Motion") for (I) a Report and Recommendation to the District Court for the Appointment of Special Discovery Masters; (II) an Order Establishing Procedures for Electronic Data Rooms; and (III) an Order Modifying the June 6, 2011 Litigation Protective Order, and accompanying Proposed Orders (the "Proposed Orders") and Non-Disclosure Agreement (the "NDA") [Docket No. 4290], filed on August 5, 2011 by the Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC (the "Trustee").

Prior to filing this Objection and Reservation of Rights, counsel for the Natixis Defendants had discussions with counsel for the Trustee, Baker & Hostetler LLP ("Baker & Hostetler"), regarding certain objections raised by the Natixis Defendants to the Motion and the Proposed Orders, as well as the Natixis Defendants' proposed revisions to the Proposed Orders to address those objections. During those discussions, Baker & Hostetler stated that the Trustee intended to file revised and/or supplemental Proposed Orders or other documents that would include procedures not set forth in the pending Motion but possibly would not do so not until 3

2

days prior to the hearing – which is after the longest extension for filing written objections that

the Trustee would agree to. Baker & Hostetler further indicated that the Trustee would include

in those revised and/or supplemental filings some of the revisions requested by the Natixis

Defendants, while other requested revisions the Trustee would not include, and still others, the

Trustee would consider further but in any event has not yet responded to. The Natixis

Defendants advised Baker & Hostetler that they believed it improper to file revised motion

papers (including revisions to the requested relief) after the date for filing written objections,

forcing any opportunity for objecting (following review of the actual relief requested) to any

hearing on the Motion.

As of filing this Objection and Reservation of Rights, the Natixis Defendants have

not received any revised and/or supplemental papers that the Trustee intends to file concerning

the Motion. Therefore, in order to preserve their rights and objections to the Motion as currently

filed – and without waiving the right to object and otherwise respond to any supplemental or

revised motion papers hereafter filed by the Trustee – the Natixis Defendants respectfully submit

the following list of issues and requested revisions and clarifications to the Motion:

- The many inconsistencies in the Motion must be addressed. For example, the

Motion seems to state (as confirmed in conversation by Baker & Hostetler) that the Trustee's

intention is to permit access to E-Data Room 2 (as defined in the Motion) only to counsel who

sign an NDA agreeing that any information viewed in that review is for "Professionals' Eyes

Only," and cannot be shared by those lawyers even with their clients. However, the NDA

submitted with the Motion does not address this at all, but instead addresses only dissemination

and use of documents thereafter produced from the data room by the Trustee that have been

designated "Professionals' Eyes Only." An appropriate NDA must be created that prevents

attorneys from sharing information learned through their review of E-Data Room 2 material with anyone, even their clients.  The Proposed Orders also should make clear that it will not be possible to print, download or photograph documents in E-Data Room 2.  Moreover, the term "Professionals' Eyes Only" as defined is overly broad, and should be limited to outside attorneys only.

•    Furthermore, the NDA indicates that any party can designate a document "Professionals' Eyes Only," which is inconsistent with the Proposed Order that states that "materials placed in the data rooms may be designated *by the Trustee* as 'Professionals' Eyes Only.'" (emphasis added).  This in turn is inconsistent with statements by Baker & Hostetler that the Motion is not intended to add a "Professionals' Eyes Only" category for designating documents produced in discovery in these proceedings.

•    The Proposed Orders contain no procedure for documents to be requested for production following attorney review of the E-Data Room 2 collection.

•    The Proposed Orders should clarify that any time a defendant in an adversary proceeding (the "Requesting Party"), after reviewing documents in E-Data Room 2 on a "Professional Eyes' Only" basis, requests from E-Data Room 2 copies of a selection of documents produced by a Producing Party (as defined in the Motion), the Trustee will provide notification of such request to the Producing Party.  The notice should identify by bates number each document requested, regardless of whether the document has been designated Confidential, as well as the identity of the Requesting Party.

•    The Proposed Orders should provide that when a request for documents is made by a Requesting Party, the Producing Party will be allowed a window of time within which to

4

raise objections to the production of any or all of the requested documents, and seek either

agreement from the Requesting Party to withdraw the request, seek a Protective Order, or

commence any other available discovery dispute resolution mechanism.  Accordingly, the

Trustee should not be permitted to act on the Requesting Party's request until at least 10 business

days after the date when the Producing Party receives notification of the request from the

Trustee.

- The Proposed Orders should make clear that Requesting Parties are permitted to
use documents provided by the Trustee from the Electronic Data Rooms only in connection with

the adversary proceedings relating to the Liquidation of Bernard L. Madoff Investment Securities

LLC, regardless of whether the documents are designated Confidential.  Given that the Natixis

Defendants and many other defendants in these adversary proceedings are competitors, this is a

very important restriction.  There is no reason to limit the restriction to Confidential documents,

and limiting use of these documents to these proceedings can have no negative impact on either

the Trustee or any other defendant.

- It is not possible to glean from the face of the Motion sufficient information to
understand what comprises the contents of E-Data Room 1, or procedures for reviewing the

contents and thereafter obtaining production.

- There should be a single document containing all procedures as well as
restrictions on access and use in connection with the Electronic Data Rooms, and that document

should be so ordered by the Court.

• All the above are subject to the Trustee retaining the provision(s) in the current Motion providing the Producing Party a window within which to oppose any or all of its documents being placed in E-Data Room 2.

In the event the Trustee's revised and/or supplemental Proposed Orders or other filings do not adequately address the Natixis Defendants' objections, or alternatively, in the event the revised and/or supplemental filings require additional or different objections, the Natixis Defendants hereby reserve their rights to raise any objections to the Motion and accompanying Proposed Orders and NDA at the hearing for the Motion, scheduled for September 22, 2011 at 10:00 am before the Honorable Burton R. Lifland, United States Bankruptcy Judge, at the United States Bankruptcy Court, One Bowling Green, New York, New York 10004.

Dated: September 15, 2011

DAVIS & GILBERT LLP

/s/ Joseph Cioffi
Joseph Cioffi
Bruce M. Ginsberg
Rachel A. Owens
1740 Broadway
New York, New York 10019
Telephone: (212) 468-4800
Facsimile: (212) 468-4888

*Attorneys for Natixis S.A. (in its own capacity and as successor-in-interest to IXIS Corporate & Investment Bank), Natixis Financial Products LLC (as successor-in-interest to Natixis Financial Products Inc.) and Bloom Asset Holdings Fund*