# Baker Hostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T  212.589.4200
F  212.589.4201
www.bakerlaw.com

June 3, 2010

Benjamin D. Pergament
direct dial:  212.589.4622
bpergament@bakerlaw.com

**VIA EMAIL AND FEDERAL EXPRESS**

Jay Shapiro, Esq.
Robert Gottlieb, Esq.
Katten Muchin Rosenman LLP
575 Madison Avenue
New York, NY 10022-2585

Re:   *Access International ("Access") designation of documents as confidential*

Dear Mr. Shapiro and Mr. Gottlieb:

We write with respect to Access's production of documents to the Trustee.  It is our understanding that these documents were provided and/or subsequently designated pursuant to the February 16, 2010 Protective Order (the "Protective Order") in this matter.

Every single document your client produced to the Trustee is designated "CONFIDENTIAL."  Yet, most of your production contains documents which do not contain "proprietary business information, personal financial information, personal identifying information, or other information the disclosure of which would breach a legal or contractual obligation or . . . otherwise is subject to protection under Section 107(b) or (c) of the United States Bankruptcy Code, Bankruptcy Rule 9018 and/or other applicable law," as required under the Protective Order for documents to be properly designated, in good faith, as "CONFIDENTIAL."  For example, many of the documents produced by Access, a defunct entity, are merely notes, emails or other correspondence among employees discussing Bernard L. Madoff Investment Securities LLC ("BLMIS") or Access's interactions and procedures with regard to BLMIS.  Others are merely PowerPoint presentations regarding Access generally.

We fail to see how these documents, and others, fall within the definition of "CONFIDENTIAL" under the Protective Order.  Under Paragraph 13 of the Protective Order, "[e]xcessive and unreasonable designations of CONFIDENTIAL Material may be considered by the Court as equivalent to a motion for a protective order and subject to possible sanctions, including attorney's fees to the receiving party who successfully

obtained removal of the designations."

Accordingly, we ask that you immediately remove the confidential designations from all documents produced by Access which do not meet the criteria discussed above.  For those documents which you will not agree to remove the confidential designation, please specifically identify those documents (as you are aware, Access's documents were produced without Bates numbers) and state the reason why you believe maintaining the confidential designation is appropriate.  Please contact me by close of business on June 7, 2010 to advise whether you will be removing these confidential designations, or alternatively, to arrange a meet and confer in accord with Paragraph 8 of the Protective Order.  Should we not hear from you by June 7, 2010,  we will assume your agreement to the removal of the confidential designations from all documents produced by Access.

Sincerely,

Benjamin D. Pergament