**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-1789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**APPLICATION OF EUGENE F. COLLINS AS SPECIAL
COUNSEL TO THE TRUSTEE FOR ALLOWANCE OF
INTERIM COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES
INCURRED FROM FEBRUARY 1, 2011 THROUGH MAY 31, 2011**

Barry O'Neill, together with other members and associates at the law firm of Eugene F. Collins ("EFC"), special counsel for Irving H. Picard (the "Trustee"), Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor") under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), and Bernard L. Madoff, submits this Application for Interim Allowance of Fees and Reimbursement of Expenses (the "Application") for compensation of legal fees in the amount of $9,616.37.[1] (of which 20% is to be deferred through the conclusion of the liquidation period) and reimbursement

---

[1] The amount of legal fees that EFC requests for this compensation period, February 1, 2011 through May 31, 2011, is $6,570.54. However, EFC also requests $3,045.83 in fees from the fifth interim compensation period of June 1, 2010 through September 30, 2010. This $3,045.83 was inadvertently omitted from EFC's application for interim compensation for that period.

of expenses in the amount of $176.12 for the period from February 1, 2011 through May 31, 2011 (the "Compensation Period"). In support of the Application, EFC respectfully submits as follows:

## I. BACKGROUND

1.      On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order (the "Decree Order") calling for the liquidation of the business of the Debtor in accordance with SIPA and by Paragraph II of the Decree Order, the Trustee was appointed as the trustee for the liquidation of the Debtor's business.

2.      The Debtor's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, to the extent consistent with the provisions of SIPA, is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") pursuant to SIPA § 78fff(b).

3.      Beginning on February 9, 2009, EFC has served as special counsel for the Trustee.

4.      On February 23, 2009, this Court entered an order approving the Trustee's motion for authority to retain EFC as special counsel to the Trustee in matters pertaining to Ireland.

5.      The Trustee's motion to retain EFC established a fee arrangement pursuant to which EFC agreed to a fee reduction in the amount of 10% as well as an additional holdback of fees in the amount of 20%.

## II. SERVICES RENDERED BY EFC

6. The legal services performed on behalf of the Trustee during the time period covered by this Application are as follows:

7. EFC continued to communicate with Trustee's U.S. counsel, Baker & Hostetler LLP, regarding service of U.S. court process in the Republic of Ireland, including review of the Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Service Convention"). EFC conducted further review of Article 10 of the Hague Service Convention and its application upon service of foreign court process in the Republic of Ireland and the effect of objections to Articles 10(b) and 10(c) to such service.

8. EFC effected personal service of amended summons and complaint on defendants located in the Republic of Ireland, and also drafted and arranged for the notarization of the appropriate affidavits of service.

9. EFC also reviewed previous correspondence relating to an Ireland-based feeder fund.

## III. COMPENSATION REQUESTED

10. The Application demonstrates how EFC has both added value to the Debtor's estate and has advanced the Debtor's SIPC liquidation proceeding.

11. EFC has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism.

3

12. From February 1, 2011 through May 31, 2011, EFC provided a total of 15.0 hours of legal services to the Trustee in this case. Prior to the 10% discount, the total amount of fees incurred in this time period was $7,300.60 and the total blended rate for professional services was $486.71/hour. After the 10% discount, the total amount of fees incurred is $6,570.54 and the total blended rate is $438.04/hour. EFC has agreed to a further holdback of 20% of its fees in the amount of $1,314.11, resulting in the present request for compensation in the amount of $5,256.43.

13. EFC also seeks compensation for fees for the compensation period from June 1, 2010 through September 30, 2010 in the amount of $3,045.83, which was inadvertently omitted from EFC's application for interim compensation for that period. This $3,045.83 reflects the 10% discount in the amount of $338.43. EFC has agreed to a further holdback of 20% on these fees in the amount of $609.17, resulting in the present request for compensation for the earlier period in the amount of $2,436.66.

14. A breakdown of the total number of hours performed by each EFC timekeeper is provided on **Exhibit A** annexed hereto.

15. EFC seeks reimbursement for out-of-pocket expenses incurred in connection with its representation of the Trustee during the Compensation Period of $176.12. An itemized list of these expenses is detailed on **Exhibit B** attached hereto.

16. Charges for postage, telephone, photocopying, fax, taxi, courier and other out-of-pocket disbursements are based on the actual amounts paid by EFC for those services.

4

## IV. GENERAL MATTERS

17. All of the professional services for which compensation is requested herein were performed by EFC for and on behalf of the Trustee and not on behalf of any other person or entity.

18. No agreement or understanding exists between EFC and any other person for sharing compensation received in connection with this case nor has any other person or entity agreed to provide EFC with compensation for the legal services described herein.

19. Section 78eee(b)(5)(A) of SIPA provides in pertinent part that, upon appropriate application and after a hearing, "[t]he court shall grant reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred . . . by a trustee, and by the attorney for such a trustee." Section 78eee(b)(5)(C) of SIPA specifically establishes SIPC's role in connection with applications for compensation and the consideration the Court should give to SIPC's recommendation concerning fees. That section provides as follows:

> In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC. In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendation of SIPC.

SIPA § 78eee(b)(5)(C).

20. To the extent the general estate is insufficient to pay such allowances as an expense of administration, SIPA § 78eee(b)(5)(E) requires SIPC to advance the funds necessary to pay the compensation of EFC (*see* SIPA § 78fff-3(b)(2)).

21. The Trustee has determined, at this time, that he has no reasonable expectation that the general estate will be sufficient to make a distribution to general creditors or pay

5

administrative expenses. The Trustee has been advised by SIPC that it concurs in this belief of the Trustee. Accordingly, any fees and expenses allowed by this Court will be paid from advances by SIPC without any reasonable expectation by SIPC of recoupment thereof.

22. Therefore, with respect to this Application, EFC requests that consistent with section 78eee(b)(5)(C) of SIPA, the Court "shall award the amounts recommended by SIPC." *See In re Bell & Beckwith*, 112 B.R. 876 (Bankr. N.D. Ohio 1990). EFC expects that SIPC's recommendation shall be filed with this Court separately.

**WHEREFORE**, EFC respectfully requests that this Court enter an Order:

a. Granting this Application;

b. Allowing payment to EFC for interim compensation of legal fees, after (a) a reduction of 10% (in the amount of $1,068.49) and (b) a holdback of 20% (in the amount of $1,923.28) pending final approval of EFC's fees in this case, in the aggregate amount of $5,256.43 for professional services rendered to the Trustee from February 1, 2011 through May 31, 2011; and fees owed from services for the interim compensation period of June 1, 2010 through September 30, 2010;

c. Allowing payment to EFC for interim compensation of legal fees inadvertently omitted from the application approved for the period from June 1, 2010 through September 30, 2010, in the amount of $2,436.66 after the 10% discount and the 20% holdback have been applied;

d. Allowing payment to EFC in the amount of $176.12 for reimbursement of expenses incurred by EFC from February 1, 2011 through May 31, 2011; and

e. Granting EFC such other and further relief as this Court deems just and proper.

6

Respectfully submitted,

Dated: September 21, 2011　　　　　　　Eugene F. Collins, Solicitors

By:  *s/Barry O'Neill*
　　 Mr. Barry O'Neill
　　 EUGENE F. COLLINS
　　 Temple Chambers
　　 3 Burlington Road
　　 Dublin 4 Ireland
　　 +353 (1) 202 6400

## EXHIBIT A

## SUMMARY OF INTERIM FEE APPLICATION
## OF EFC FOR SERVICES RENDERED
## FOR THE PERIOD FEBRUARY 1, 2011 THROUGH MAY 31, 2011

|  | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
|  |  |  |  |  |
| Barry O'Neill | 1972 | $705.00 | 0.8 | $564.00 |
| Ronan O'Neill |  | $705.00 | 0.5 | $352.50 |
| Donal Dunne |  | $501.20 | 12.3 | $6,164.76 |
| Nicola Hannigan |  | $156.67 | 1.4 | $219.34 |
|  |  |  |  |  |
| Total: |  | $486.71 | 15.0 | $7,300.60 |
| Total minus 10% Discount |  | $438.04 |  | $6,570.54 |
| Fees owed from prior compensation period |  |  |  | $3,384.26 |
| Fees owed from prior compensation period minus 10% Discount |  |  |  | $3,045.83 |
| Total Fees Requested (inclusive of 10% discount) |  |  |  | $9,616.37 |
| **Total Net of 20% Holdback:** |  |  |  | **$7,693.09** |
|  |  |  |  |  |

## EXHIBIT B

## EXPENSE SUMMARY OF EFC
## FOR THE SEVENTH INTERIM PERIOD
## OF FEBRUARY 1, 2011 THROUGH MAY 31, 2011

| EXPENSES | AMOUNTS |
|---|---|
| Notary Fees | $172.10 |
| Photocopying | $4.02 |
| | |
| **Total Expenses Requested:** | **$176.12** |