**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-1789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**APPLICATION OF TAYLOR WESSING AS SPECIAL COUNSEL
TO THE TRUSTEE FOR ALLOWANCE OF INTERIM COMPENSATION FOR
SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY
EXPENSES INCURRED FROM FEBRUARY 9, 2011 THROUGH MAY 31, 2011**

Taylor Wessing, special counsel for Irving H. Picard (the "Trustee"), Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor") under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), and Bernard L. Madoff, submits this Amended Application for Interim Allowance of Fees and Reimbursement of Expenses (the "Application") for compensation of legal fees in the amount of $1,434,276.90 (of which 20% is to be deferred through the conclusion of the liquidation period) and reimbursement of expenses in the amount of $249,075.70 for the period from February 9, 2011 through May 31, 2011 (the "Compensation Period"). In support of the Application, Taylor Wessing respectfully submits as follows:

## I. BACKGROUND

1. On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order (the "Decree Order") calling for the liquidation of the business of the Debtor in accordance with SIPA and by Paragraph II of the Decree Order, the Trustee was appointed as the trustee for the liquidation of the Debtor's business.

2. The Debtor's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, to the extent consistent with the provisions of SIPA, is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") pursuant to SIPA § 78fff(b).

3. Beginning on November 4, 2010, Taylor Wessing has served as special counsel for the Trustee.

4. On December 7, 2010, this Court entered an order approving the Trustee's motion for authority to retain Taylor Wessing as special counsel to the Trustee in matters pertaining to the United Kingdom.

5. The Trustee's motion to retain Taylor Wessing established a fee arrangement pursuant to which Taylor Wessing agreed to a fee reduction in the amount of 10% as well as an additional holdback of fees in the amount of 20%.

## II. SERVICES RENDERED BY TAYLOR WESSING

6. The legal services performed on behalf of the Trustee during the time period covered by this Application are as follows:

2

### *Madoff Securities International Limited*

7. Taylor Wessing prepared and issued a detailed claim on December 8, 2010 on behalf of the Trustee and Madoff Securities International Limited (in liquidation) ("MSIL") against certain defendants in respect of breach of fiduciary duties and trust claims seeking total damages in excess of $60 million. Certain defendants have contested the jurisdiction of the English court to hear some of the claims, and Taylor Wessing is currently resisting that application.

8. In advance of the hearing, Taylor Wessing has served detailed evidence on the defendants resisting the jurisdiction of the English court with respect to certain claims, and has considered the evidence served by those defendants in response. Taylor Wessing has also prepared additional evidence in reply. This has entailed interviewing witnesses, liaising with the Trustee's U.S. counsel, Baker & Hostetler LLP, and FTI, as well as conducting investigations as the issues to be considered by the English court go to the very substance of the case being presented by those defendants contesting the jurisdiction of the court.

9. Taylor Wessing has also filed an application for a trust injunction and an asset freezing order against certain defendants and has submitted detailed evidence in support of that application.

10. Taylor Wessing also addressed and successfully resisted an application made to the English court by certain defendants in respect of the need for an early Case Management Conference.

11. Taylor Wessing has continued to liaise with the Trustee's special counsel in certain overseas jurisdictions, including Austria and Gibraltar, in relation to the gathering of

3

relevant information from those jurisdictions and the need for local court relief in those jurisdictions.

### *Kingate Management Limited et al.*

12.     A claim form was issued on December 10, 2010 in respect of dishonest assistance and trust claims.

13.     Taylor Wessing has also undertaken work on preparation of the final detailed Particulars of Claim.  This has involved detailed analysis of documents and liasing with the Trustee's U.S. counsel.  In addition, witness interviews have been planned and undertaken.

### *FIM et al.*

14.     Taylor Wessing has continued to review the voluminous disclosure provided by FIM Advisers Limited.  This information has been fed into the preparation of the claim referenced in ¶ 13 above.

### *Rubin*

15.     Taylor Wessing has continued to advise the Trustee on the development in the case of *Eurofinance vs. Rubin & Lan* in the Supreme Court.

### *HSBC*

16.     Taylor Wessing prepared and issued a claim in the High Court on December 10, 2010 against HSBC Bank plc and 10 other defendants.

### *Madoff-Related Funds in Other Jurisdictions*

17.     Taylor Wessing has also advised the Trustee on proceedings in the Cayman Islands against certain Madoff-related funds.  This has included advice on disclosure of documents under relevant bankruptcy legislation, hearings to determine preliminary issues of law, and case management conferences.

4

18.     Taylor Wessing has also advised the Trustee on the preparation and commencement of proceedings in Bermuda and the British Virgin Islands against a number of Madoff-related funds.

*Proceedings in the United States*

19.     Taylor Wessing has supported the Trustee in effecting service of multiple U.S. proceedings against defendants domiciled in the U.K. and in certain overseas territories.

20.     Taylor Wessing has also assisted the Trustee in obtaining advice relating to blocking statutes in certain overseas jurisdictions.

### III. COMPENSATION REQUESTED

21.     The Application demonstrates how Taylor Wessing has both added value to the Debtor's estate and has advanced the Debtor's SIPC liquidation proceeding.

22.     Taylor Wessing has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism. To that end, Taylor Wessing has staffed this matter leanly and endeavored to eliminate duplication of effort by giving primary responsibility of the case to one partner, David de Ferrars.

23.     From February 9, 2011 through May 31, 2011, Taylor Wessing provided a total of 2,723.3 hours of legal services to the Trustee in this case. Prior to the 10% discount, the total amount of fees incurred in this time period was $1,593,641.00 and the total blended rate for professional services was $585.19/hour. After the 10% discount, the total amount of fees incurred is $1,434,276.90 and the total blended rate is $526.67/hour. Taylor Wessing has agreed to a further holdback of 20% of its fees in the amount of $286,855.38, resulting in the present request for compensation in the amount of $1,147,421.52.

5

24. A breakdown of the total number of hours performed by each Taylor Wessing timekeeper is provided on **Exhibit A** annexed hereto.

25. Taylor Wessing seeks reimbursement for out-of-pocket expenses incurred in connection with its representation of the Trustee during the Compensation Period of $249,075.70. An itemized list of these expenses is detailed on **Exhibit B** attached hereto.

### IV. **GENERAL MATTERS**

26. All of the professional services for which compensation is requested herein were performed by Taylor Wessing for and on behalf of the Trustee and not on behalf of any other person or entity.

27. No agreement or understanding exists between Taylor Wessing and any other person for sharing compensation received in connection with this case nor has any other person or entity agreed to provide Taylor Wessing with compensation for the legal services described herein.

28. Section 78eee(b)(5)(A) of SIPA provides in pertinent part that, upon appropriate application and after a hearing, "[t]he court shall grant reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred . . . by a trustee, and by the attorney for such a trustee." Section 78eee(b)(5)(C) of SIPA specifically establishes SIPC's role in connection with applications for compensation and the consideration the Court should give to SIPC's recommendation concerning fees. That section provides as follows:

> In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC. In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendation of SIPC.

SIPA § 78eee(b)(5)(C).

6

29. To the extent the general estate is insufficient to pay such allowances as an expense of administration, SIPA § 78eee(b)(5)(E) requires SIPC to advance the funds necessary to pay the compensation of Taylor Wessing (*see* SIPA § 78fff-3(b)(2)).

30. The Trustee has determined, at this time, that he has no reasonable expectation that the general estate will be sufficient to make a distribution to general creditors or pay administrative expenses. The Trustee has been advised by SIPC that it concurs in this belief of the Trustee. Accordingly, any fees and expenses allowed by this Court will be paid from advances by SIPC without any reasonable expectation by SIPC of recoupment thereof.

31. Therefore, with respect to this Application, Taylor Wessing requests that consistent with section 78eee(b)(5)(C) of SIPA, the Court "shall award the amounts recommended by SIPC." *See In re Bell & Beckwith*, 112 B.R. 876 (Bankr. N.D. Ohio 1990). Taylor Wessing expects that SIPC's recommendation shall be filed with this Court separately.

**WHEREFORE**, Taylor Wessing respectfully requests that this Court enter an Order:

a. Granting this Application;

b. Allowing payment to Taylor Wessing for interim compensation of legal fees, after (a) a reduction of 10% (in the amount of $159,364.10); (b) a holdback of 20% (in the amount of $286,855.38) pending final approval of Taylor Wessing's fees in this case, in the aggregate amount of $1,147,421.52 for professional services rendered to the Trustee from February 9, 2011 through May 31, 2011;

c. Allowing payment to Taylor Wessing in the amount of $249,075.70 for reimbursement of expenses incurred by Taylor Wessing from February 9, 2011 through May 31, 2011; and

d. Granting Taylor Wessing such other and further relief as this Court deems just

7

and proper.

                                                       Respectfully submitted,

Dated: September 21, 2011                Taylor Wessing LLP

                                              By:  *s/ David de Ferrars*
                                                     5 New Street Square
                                                     London EC4A 3TW
                                                   Telephone: +44 (0)20 7300 7000
                                                   Fax: +44 (0)20 7300 7100

## EXHIBIT A

## SUMMARY OF INTERIM FEE APPLICATION
## OF TAYLOR WESSING FOR SERVICES RENDERED
## FOR THE PERIOD FEBRUARY 9, 2011 THROUGH MAY 31, 2011

|  | **HOURLY RATE** | **TOTAL HOURS BILLED** | **TOTAL COMPENSATION** |
|---|---|---|---|
| Laurence Lieberman | $788.88 | 130.8 | $103,185.50 |
| David de Ferrars | $787.48 | 158.2 | $124,579.34 |
| Shane Gleghorn | $787.47 | 192.2 | $151,351.73 |
| Nicholas Moser | $787.26 | 155.1 | $122,104.03 |
| Anthony Menzies | $784.66 | 3.6 | $2,824.78 |
| Richard Marsh | $784.66 | 14.6 | $11,456.04 |
| Sascha Foulkes | $656.02 | 403.2 | $264,507.26 |
| Paul Glass | $641.81 | 217.2 | $139,401.13 |
| Maryanne Stanganelli | $608.91 | 209.7 | $127,688.43 |
| Heidi Wales | $605.85 | 51.5 | $31,201.28 |
| Lucy Cowan | $605.84 | 43.7 | $26,475.21 |
| Sally Annereau | $588.96 | 12.9 | $7,597.58 |
| Richard Doble | $552.07 | 311.9 | $172,190.63 |
| Toby Vallance | $550.98 | 44.4 | $24,463.51 |
| Katie Pope | $515.95 | .3 | $154.79 |
| Wendy Blakely | $479.18 | 1 | $479.18 |
| Charlotte Kershaw | $478.57 | .7 | $335.00 |
| Duncan Bryden | $455.40 | 213.3 | $97,136.82 |
| Amy Patterson | $455.02 | 209.9 | $95,508.70 |
| Grant Wellcome | $419.77 | 2.5 | $1,049.43 |
| Negeen Arasteh | $387.01 | 13.4 | $5,185.93 |
| Alison Geary | $386.96 | 2.1 | $812.62 |
| Barry McDonald | $269.69 | 7.8 | $2,103.58 |
| John Robinson | $267.43 | 11.1 | $2,968.47 |
| Michael Washbrook | $267.02 | 56.9 | $15,620.67 |
| Amir Mayo | $266.95 | 11.7 | $3,123.32 |
| Andrew Breeze | $266.81 | 73.2 | $19,530.49 |
| Anthony Woods | $266.58 | 4.6 | $1,226.27 |
| Felicity Szegota | $266.11 | 8.3 | $2,208.71 |

|  |  |  |  |
|---|---|---|---|
| Alexa Segal | $266.04 | .5 | $133.02 |
| Daniel Wigman | $245.16 | 1.8 | $441.29 |
| Natasha Yates | $235.93 | 66 | $15,737.20 |
| Leo Iossifidis | $234.26 | .5 | $117.13 |
| Mathew Nicholls | $233.92 | 36.6 | $8,561.47 |
| Sami Paracha | $233.79 | 52.1 | $12,180.46 |
|  |  |  |  |
|  |  |  |  |
| Total: | $585.19 | 2723.3 | $1,593,641.00 |
| Total minus 10% Discount | $526.67 |  | $1,434,276.90 |
| **Total Net of 20% Holdback:** |  |  | **$1,147,421.52** |

## EXHIBIT B

## EXPENSE SUMMARY OF TAYLOR WESSING
## FOR THE SEVENTH INTERIM PERIOD
## OF FEBRUARY 9, 2011 THROUGH MAY 31, 2011

| EXPENSES | AMOUNTS |
|---|---|
| Travel Expenses | $45,358.58 |
| Taxi/mileage | $1,028.99 |
| Conference Calls | $64.11 |
| Courier Fees/Postage | $1,135.21 |
| Court Fees | $1,985.05 |
| Photocopying | $2,176.62 |
| Printing | $17,253.23 |
| Search Fees | $4,237.30 |
| Stationery Fees[1] | $1,447.59 |
| Translation Fees | $2,340.83 |
| Miscellaneous | $50.57 |
| Process Server | $2,990.93 |
| Counsel Fees | $168,204.22 |
| Meals | $364.72 |
| Scanning | $297.28 |
| Land Registry Fees | $124.21 |
| Swear Fees | $16.26 |
| **Total Expenses Requested:** | **$249,075.70** |

---

[1] Stationery fees are incurred in connection with the service and submission of documents on defendants and preparation of document bundles in connection therewith.