**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-1789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**APPLICATION OF GRAF & PITKOWITZ RECHTSÄNWALTE GMBH AS SPECIAL COUNSEL TO THE TRUSTEE FOR ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM FEBRUARY 1, 2011 THROUGH MAY 31, 2011**

Ferdinand Graf, together with other members and associates at the law firm of Graf & Pitkowitz Rechtsanwälte GmbH ("Graf & Pitkowitz"), special counsel for Irving H. Picard (the "Trustee"), Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor") under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), and Bernard L. Madoff, submits this Application for Interim Allowance of Fees and Reimbursement of Expenses (the "Application") for compensation of legal fees in the amount of $970,376.30 (of which 20% is to be deferred through the conclusion of the liquidation period) and reimbursement of expenses in the amount of $32,139.63 for the period from February 1, 2011 through May 31, 2011 (the "Compensation Period").

In support of the Application, Graf & Pitkowitz respectfully submits as follows:

## I. BACKGROUND

1. On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order (the "Decree Order") calling for the liquidation of the business of the Debtor in accordance with SIPA and by Paragraph II of the Decree Order, the Trustee was appointed as the trustee for the liquidation of the Debtor's business.

2. The Debtor's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, to the extent consistent with the provisions of SIPA, is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") pursuant to SIPA § 78fff(b).

3. Beginning on February 1, 2011, UGGC has served as special counsel for the Trustee.

4. On March 14, 2011, this Court entered an order approving the Trustee's motion for authority to retain Graf & Pitkowitz *nunc pro tunc* as of February 1, 2011 as special counsel to the Trustee with regard to matters pertaining to Austria.

5. The Trustee's motion to retain Graf & Pitkowitz established a fee arrangement pursuant to which Graf & Pitkowitz agreed to a fee reduction in the amount of 10% as well as an additional holdback of fees in the amount of 20%.

## II. SERVICES RENDERED BY UGGC

6. The legal services performed on behalf of the Trustee during the time period covered by this Application are as follows:

7. During the Compensation Period, Graf & Pitkowitz read and analyzed a substantial amount of documents which have been accumulated by the Trustee's U.S. and U.K. counsel in relation to the proceedings against Sonja Kohn and other defendants.

8. Graf & Pitkowitz also provided written legal advice in connection with various issues of Austrian law.

9. Graf & Pitkowitz also prepared for the taking of interviews of certain witnesses in several Austrian courts pursuant to letters rogatory requests.

10. Graf & Pitkowitz also prepared detailed written information on pending Austrian proceedings.

11. Graf & Pitkowitz also conducted legal research and provided practical assistance in the preparation of documents to be served on Austrian defendants.

### III. COMPENSATION REQUESTED

12. The Application demonstrates how Graf & Pitkowitz has both added value to the Debtor's estate and has advanced the Debtor's SIPC liquidation proceeding.

13. Graf & Pitkowitz has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism. To that end, Graf & Pitkowitz has endeavored to eliminate duplication of effort by giving responsibility for the day-to-day conduct of the case to Ferdinand Graf, involving others only when necessary.

14. From February 1, 2011 through May 31, 2011, Graf & Pitkowitz provided a total of 1,898.3 hours of legal services to the Trustee in this case. Prior to the 10% discount, the total amount of fees incurred in this time period was $1,078,195.80 and the total blended rate for professional services was $567.98/hour. After the 10% discount, the total amount of fees incurred is $970,376.30 and the total blended rate is $511.18/hour. Graf & Pitkowitz has agreed

3

to a further holdback of 20% of its fees in the amount of $194,075.26 resulting in the present request for compensation in the amount of $776,301.04.

15. A breakdown of the total number of hours performed by each Graf & Pitkowitz timekeeper is provided on **Exhibit A** annexed hereto.

16. Graf & Pitkowitz seeks reimbursement of out-of-pocket expenses incurred in connection with its representation of the Trustee during the Compensation Period in the amount of $32,139.63. An itemized list of these expenses is detailed on **Exhibit B** attached hereto.

## IV. GENERAL MATTERS

17. All of the professional services for which compensation is requested herein were performed by Graf & Pitkowitz for and on behalf of the Trustee and not on behalf of any other person or entity.

18. No agreement or understanding exists between Graf & Pitkowitz and any other person for sharing compensation received in connection with this case nor has any other person or entity agreed to provide Graf & Pitkowitz with compensation for the legal services described herein.

19. Section 78eee(b)(5)(A) of SIPA provides in pertinent part that, upon appropriate application and after a hearing, "[t]he court shall grant reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred . . . by a trustee, and by the attorney for such a trustee." Section 78eee(b)(5)(C) of SIPA specifically establishes SIPC's role in connection with applications for compensation and the consideration the Court should give to SIPC's recommendation concerning fees. That section provides as follows:

> In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC. In determining the amount of allowances in all other cases, the court shall give due consideration

4

to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendation of SIPC.

SIPA § 78eee(b)(5)(C).

20. To the extent the general estate is insufficient to pay such allowances as an expense of administration, SIPA § 78eee(b)(5)(E) requires SIPC to advance the funds necessary to pay the compensation of Graf & Pitkowitz (*see* SIPA § 78fff-3(b)(2)).

21. The Trustee has determined, at this time, that he has no reasonable expectation that the general estate will be sufficient to make a distribution to general creditors or pay administrative expenses. The Trustee has been advised by SIPC that it concurs in this belief of the Trustee. Accordingly, any fees and expenses allowed by this Court will be paid from advances by SIPC without any reasonable expectation by SIPC of recoupment thereof.

22. Therefore, with respect to this Application, Graf & Pitkowitz requests that consistent with section 78eee(b)(5)(C) of SIPA, the Court "shall award the amounts recommended by SIPC." *See In re Bell & Beckwith*, 112 B.R. 876 (Bankr. N.D. Ohio 1990). Graf & Pitkowitz expects that SIPC's recommendation shall be filed with this Court separately.

**WHEREFORE**, Graf & Pitkowitz respectfully requests that this Court enter an Order:

a. Granting this Application;

b. Allowing payment to Graf & Pitkowitz for interim compensation of legal fees, after (a) a reduction of 10% (in the amount of $107,819.58) and (b) a holdback of 20% (in the amount of $194,075.26) pending final approval of Graf & Pitkowitz's fees in this case, in the aggregate amount of $776,301.04 for professional services rendered to the Trustee from February 1, 2011 through May 31, 2011;

c. Allowing payment to Graf & Pitkowitz in the amount of $32,139.63 for reimbursement of expenses incurred by Graf & Pitkowitz from February 1, 2011

5

    through May 31, 2011; and

    d.    Granting Graf & Pitkowitz such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: September 21, 2011

GRAF & PITKOWITZ RECHTSÄNWALTE GMBH

By: *s/ Ferdinand Graf*
    Ferdinand Graf
    Stadiongasse 2
    Vienna, Austria A-1010
    Telephone : +43(1)401170
    Fax : +43(1)4011740

# EXHIBIT A

## SUMMARY OF INTERIM FEE APPLICATION
## OF GRAF & PITKOWITZ FOR SERVICES RENDERED
## FOR THE PERIOD FEBRUARY 1, 2011 THROUGH MAY 31, 2011

| NAME | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| | | | | |
| Nikolaus Pitkowitz | 1990 | $675.63 | 271.5 | $183,433.54 |
| Ferdinand Graf | 1994 | $668.27 | 277.3 | $185,311.27 |
| Jakob Widner | 1999 | $681.56 | 0.3 | $204.47 |
| Marcus Schmitt | 2006 | $604.65 | 453.8 | $274,390.17 |
| Jarred Pinkston | 2007 | $532.98 | 5.7 | $3,037.99 |
| Tanja Melber | | $535.03 | 394.8 | $211,229.84 |
| Alexander Teutsch | | $474.00 | 324.4 | $153,765.60 |
| Juliusz Czajka | | $481.42 | 83.7 | $40,294.85 |
| Natascha Scherzer | | $480.68 | 4.4 | $2,114.99 |
| Sabrina Herndl | | $297.36 | 80.9 | $24,056.42 |
| Barbara Kähler | | $237.99 | 1.5 | $356.99 |
| | | | | |
| Total | | $568.13 | 1,898.3 | $1,078,195.80 |
| Total minus 10 % Discount | | $511.32 | | $970,376.30 |
| **Total Net of 20% Holdback** | | | | **$776,301.04** |

## EXHIBIT B

### EXPENSE SUMMARY OF GRAF & PITKOWITZ
### FOR THE SEVENTH INTERIM PERIOD
### OF FEBRUARY 1, 2011 THROUGH MAY 31, 2011

| EXPENSES | AMOUNTS |
|---|---|
| Copies | $10,140.03 |
| Legal Database Searches | $1,401.68 |
| Travel | $12,806.96 |
| Telephone | $67.97 |
| Meals | $317.37 |
| Literature | $32.20 |
| Courier Services | $199.12 |
| Court Expenses | $7,174.30 |
| **Total Expenses Requested:** | **$32,139.63** |