**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------X
In re:                                                  :
                                                        :
SECURITIES INVESTOR PROTECTION          : SIPA Liquidation
CORPORATION,                                    : (Substantively Consolidated)
                                                        : [Adv. Proc. No. 08-01789-BRL]
            Plaintiff,                            :
                                                        :
    v.                                               :
                                                        :
BERNARD L. MADOFF INVESTMENT    :
SECURITIES LLC,                                 :
                                                        :
            Defendant,                           :
--------------------------------------------------------- X
In re:                                                  :
                                                        :
BERNARD L. MADOFF,                         :
                                                        :
            Debtor.                                :
---------------------------------------------------------X

**EVENSTAD FAMILY DEFENDANTS' RESPONSE TO AND RESERVATIONS
OF RIGHTS IN RESPECT OF THE TRUSTEE'S MOTION FOR (I) A
REPORT AND RECOMMENDATION TO THE DISTRICT COURT FOR
THE APPOINTMENT OF SPECIAL DISCOVERY MASTERS; (II) AN ORDER
ESTABLISHING PROCEDURES FOR ELECTRONIC DATA ROOMS; AND (III) AN
ORDER MODIFYING THE JUNE 6, 2011 LITIGATION PROTECTIVE ORDER**

Certain Evenstad family defendants (the "Defendants"),[1] by and through their undersigned counsel, Loeb & Loeb LLP, hereby submit this response to and reservation of rights in respect of (this "Response")[2] the Trustee's Motion for (i) a Report and Recommendation to the District Court for the Appointment of Special Discovery Masters; (ii) an Order Establishing Procedures for Electronic Data Rooms; and (iii) an Order Modifying the June 6, 2011 Litigation

---

[1] The Defendants are the defendants in the following adversary proceedings: Adv. Proc. No: 10-4342; Adv. Proc. No. 10-4933; Adv. Proc. No. 10-4952; Adv. Proc. No. 10-4512; Adv. Proc. No. 10-4945; and Adv. Proc. No. 10-4514.

[2] The Trustee extended the Defendants' time to file this Response through September 21, 2011.

NY977096.1
217250-10001

Protective Order (the "<u>Motion</u>").[3] In support of this Response, the Defendants hereby respectfully represent as follows:

## RESPONSE

While the Defendants have no objection conceptually to the relief the Trustee seeks under the Motion, the Defendants do object to approval of the Motion unless certain modifications or clarifications are made. The Defendants have raised these objections with the Trustee's counsel and believe that the majority (but not all) of the Defendants' issues have been resolved consensually. As of this writing (the last date for the Defendants to object to the Motion), no revised order has yet been circulated to the Defendants. Accordingly, the Defendants file this Response in order to assert their remaining unresolved objection, to preserve their objections and their rights and to ensure that the orally agreed-upon modifications and clarifications are appropriately implemented.

The Defendants' specific objections, together with the agreed-upon resolution to those objections (to the extent applicable), are set forth below:

A.  The proposed orders granting the Motion should be clarified
    <u>to set forth the full scope of relief granted by the Motion.</u>

The Motion seeks a wide variety of relief on a wide variety of topics (<u>e.g.</u>, appointment of Special Discovery Masters, establishment of E-Data Room 2 and a variety of procedures relating the E-Data Rooms, modifications to the Litigation Protective Order, etc.), all of which vary the normal course of litigation or administration in the Bankruptcy Court and federal courts generally. Yet, unlike the other out-of-the-norm procedures previously requested and obtained in this case by the Trustee, the orders proposed in connection with the Motion do not clearly

---

[3] Capitalized terms used but not defined in this response shall have the meanings ascribed to such terms in the Motion.

2

articulate the relief that the Trustee hopes to obtain. Rather, they simply state that the "the relief requested in the Motion is granted," and contain a variety of other paragraphs that are either in addition to or apparently inconsistent with the relief requested in the Motion.

To the extent the Motion is granted, the Trustee should be required to aggregate the procedures for which he seeks approval into a single order or document (or in three separate orders or documents, if so required), such that a party can clearly understand the procedures relating to Special Discovery Masters or the E-Data Rooms, or the extent to which the Litigation Protective Order is being modified or superseded. It is not sufficient for the proposed orders merely to refer parties back to the Motion. The Motion is more than 100 pages with exhibits and is not a model of clarity. The proposed orders relating to the Motion, as noted herein, contain language that either is not fully discussed in the Motion or appears to be inconsistent with the Motion. Requiring the Defendants to review all of those documents in order to determine their rights under these Trustee-created mechanisms would be prejudicial and burdensome.

All of the other orders establishing procedures of broad applicability in this case have been self-contained documents (or have had attached to them exhibits) fully setting forth the established procedures. See, e.g., orders approving procedures relating to: assignment of claims [ECF No. 3138]; litigation case management [ECF No. 3141]; and approval of settlements in adversary proceedings [ECF No. 3181]. To the extent the Court determines to approve this Motion, such an approach should be required here as well.

B.   <u>Burden of objecting to data room inclusion before discovery commences.</u>

The Motion purports to require parties to object to the inclusion of discovery materials in E-Data Room 2 by not later than 30 days after entry of the order granting the Motion. Motion at

3

¶ 32. However, that deadline likely will occur long before discovery has even commenced in the Defendants' (and many other) cases.

The Defendants do not yet know what types of documents the Trustee will believe to be relevant or seek in discovery. Complying with this deadline would therefore be next to impossible for the Defendants. To even to attempt do so, they would need, among other things, to search through every imaginable document in their possession, attempt to guess which of those documents the Trustee may determine to be relevant, conduct an analysis of which documents may need to be produced and which would be objectionable to include in E-Data Room 2, and then volunteer the existence of those documents (before anyone has asked for them) in a pleading before the Court or the Special Discovery Master in order to ensure that those documents were not exposed to the world. Even then, some documents easily could fall through the cracks.

Such a mechanism obviously would be unworkable and would impose a burden on the Defendants that is both unnecessary and unfair. Accordingly, any order entered in connection with the Motion should provide that defendants need not object to the inclusion of any document in E-Data Room 2 until at least the date that such document has been produced, or such later date agreed upon by the parties.

The Trustee's counsel is believed to have agreed to this resolution.

C.      <u>Confidentiality of data room searches</u>.

According to the Trustee's statements to the Defendants, the data rooms, which are being set-up and administered by the Trustee, will be electronic and fully searchable by the Defendants. Presumably, the searches will be conducted using a proprietary search engine under the control of an e-discovery company retained by the Trustee. The Motion is, however, silent as

4

to whether the Trustee or any other party will be given access to, or otherwise be able to monitor, the Defendant's search.

The nature and content of electronic searches can provide an adverse party with inappropriate clues as to protectable attorney trial preparation tactics and mental impressions. As such, the searches are plainly protected under Rules 26(b)(3)(A) and (B) of the Federal Rules of Civil Procedure. Accordingly, any order entered on the Motion should clarify that the electronic search protocols will be structured in a way that the Trustee and other parties are not privy to any search requests or made by, or search results obtained by, any other party.

The Trustee's counsel is believed to have agreed to this resolution.

D.   It must be clear that the entirety of E-Data Room 2 is Professional Eyes Only.

The Motion appropriately provides that access to the materials in E-Data Room 2 will be limited to Professionals' Eyes Only. Motion at ¶ 32 ("The Trustee also seeks to establish an additional data room, E-Data Room 2, likewise to be designated 'Professionals' Eyes Only'"). However, the proposed order appears to be inconsistent with the foregoing, and suggests that this designation can be at the Trustee's discretion. See proposed data room order ("materials placed in the data rooms may be designated by the Trustee as "Professionals' Eyes Only"). The proposed data room order should be modified to make clear that access to E-Data Room 2 will be restricted to "Professionals' Eyes Only."

The Trustee's counsel is believed to have agreed to this resolution.

E.   Pre-existing Protective Order.

The Motion seeks to modify Paragraph 12 of the existing Litigation Protective Order, which requires the Trustee to give defendants notice of, and an opportunity to object to,

5

production of confidential documents to third parties. Any order entered implementing the Motion should make clear that this protection remains in place.

The Trustee's counsel is believed to have agreed to this resolution.

### RESERVATION OF RIGHTS

The Defendants reserve their rights with respect to the Motion and any revised proposed order filed in connection therewith, including the right to supplement this Response in writing or at the hearing on the Motion in order to address any issues that arise in connection with any revised proposed order.

### CONCLUSION

WHEREFORE, the Defendants respectfully request that the Court (i) deny the Motion or, in the alternative, grant the Motion in a manner consistent with this Response, and (ii) grant any other relief as the Court determines to be just and proper.

Dated: New York, New York
September 21, 2011

                    LOEB & LOEB LLP

                    By: /s/ Daniel B. Besikof
                         P. Gregory Schwed (PS-0861)
                         Daniel B. Besikof
                         345 Park Avenue
                         New York, NY 10154
                         Telephone: 212.407.4000

                    *Attorneys for the Evenstad family defendants*