# **EXHIBIT B**

# Baker Hostetler

Baker&Hostetler LLP

Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5304

T 202.861.1500
F 202.861.1783
www.bakerlaw.com

Frederick W. Chockley III
direct dial: 202.861.1680
FChockley@bakerlaw.com

December 1, 2009

**VIA E-MAIL**

Erich T. Schwartz, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, DC 20005

> Re: *Liquidation of Bernard L. Madoff Investment Securities LLC*
> *Confidentiality Agreement: Pioneer Investment Management USA, Inc.*

Dear Erich:

As previously discussed, your client, Pioneer Investment Management USA Inc. ("Pioneer"), has agreed to produce documents to Irving H. Picard, Esq., Trustee for the Securities Investor Protection Act ("SIPA") liquidation of Bernard L. Madoff Investment Securities, LLC (the "Trustee") in response to a Rule 2004 subpoena issued in relation to <u>Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC,</u> Adv. Pro. No. 08-01789-BRL, pending in the Bankruptcy Court for the Southern District of New York (the "Court"). This letter memorializes the agreement between Pioneer and the Trustee regarding documents produced to the Trustee that are designated by Pioneer at the time of production to contain confidential, non-public business or financial information (hereinafter "Agreement").

Pioneer and the Trustee agree that Pioneer may designate as confidential any portion of the documents produced pursuant to the Rule 2004 subpoena, dated September 23, 2009, that was served on Pioneer. All confidential documents shall, at the time of production, be marked with the designation: "CONFIDENTIAL" (hereinafter "Confidential Information"). All documents produced under cover of a letter from Erich Schwartz to Brian Esser dated October 5, 2009, which are marked with the designation "FOIA Confidential Treatment requested by Pioneer Investment Management, Inc." are deemed to have been designated as Confidential Information within the meaning of this Agreement. In the event that the Trustee provides Pioneer with notice that he disagrees with a designation of confidentiality, Pioneer shall make an application to the Court within ten (10) business days of receiving such notice for a protective order to prevent further disclosure of the information beyond the terms of this Agreement. Absent such application by Pioneer, the information will no longer be deemed Confidential Information for the purposes of this Agreement. While any such

Erich T. Schwartz, Esq.
December 1, 2009
Page 2

application is pending, the information at issue will continue to be treated as Confidential Information in accordance with the terms of this Agreement.

The Trustee agrees to only use the documents produced to him in various and related proceedings in connection with Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC, Adv. Pro. No. 08-01789-BRL. Confidential Information shall not be provided by the Trustee to any person or entity, except by order of the Court or other appropriate courts. The Trustee may, consistent with this Agreement, disclose Confidential Information: (1) to the Trustee's counsel and the staff and employees of his counsel; and (2) to experts, consultants and professionals retained by the Trustee and the Trustee's counsel, including FTI Consulting, Inc. and other forensic and technology consultants, to assist with the investigation, forensic reconstruction and validation of the underlying records of Bernard L. Madoff Investment Securities LLC ("BLMIS"), and their staffs; but solely to the extent recipients of Confidential Information in subparagraphs (1) and (2) above agree to be bound by the provisions of this Agreement. Nothing in this Agreement restricts the use of any Confidential Information in any filings or proceedings in the Court, provided they are made under seal or pursuant to protective order. Such use does not operate as a waiver of the confidentiality of the information submitted.

Pioneer agrees that, notwithstanding other provisions of this Agreement, it will not consider a document to be confidential if: (a) it is available to the public through means other than production by Pioneer; or (b) it was lawfully known to, provided to or independently developed by the Trustee in the files of BLMIS or elsewhere.

The Trustee agrees that in the event that (1) the Trustee receives a notice of deposition, interrogatory, request for documents, subpoena, civil investigative demand, or similar request to disclose any of the Confidential Information and (2) the Trustee reasonably believes, after consultation with counsel, that he is legally required to disclose any of the Confidential Information to a third party, including a governmental or other regulatory body or agency or a self-regulatory organization, the Trustee shall provide to Pioneer reasonable notice of any such request or requirement so that Pioneer may seek a protective order or other appropriate remedy. If Pioneer moves for a protective order within ten (10) business days of receipt of such notice, the Trustee shall not disclose any document or information referenced in the motion for a protective order pending judicial resolution of such motion. Nothing in this Agreement prevents disclosure of Confidential Information beyond the terms of this Agreement if such disclosure is compelled by subpoena or other legal process, or Pioneer consents in writing.

Pioneer agrees that if Confidential Information is disclosed in violation of this Agreement, Pioneer's sole remedy is to seek injunctive relief in the Court to prevent further disclosure of Confidential Information.

The validity and interpretation of this Agreement shall be governed by, and construed and enforced in accordance with, the laws of the State of New York (without regard to the principle of conflict of law thereof), the U.S. Bankruptcy Code and SIPA. No such claim shall be commenced, prosecuted or continued in any forum other than the Bankruptcy Court and, in the event that such Bankruptcy Court does not have

Erich T. Schwartz, Esq.
December 1, 2009
Page 3

jurisdiction, in the courts of the State of New York located in the City and County of New York and each of the parties hereby submits to the jurisdiction of such courts. Notwithstanding the foregoing, nothing in this Agreement is intended to limit any applicable appellate process. Each of the parties hereby waives on behalf of itself and its successors and assigns any and all right to argue that the choice of forum provisions is or has become unreasonable in any legal proceeding relating to the validity or interpretation of this agreement. Submission to the jurisdiction of the Bankruptcy Court or the courts of the State of New York with respect to the validity and interpretation of this agreement does not constitute, and the Trustee agrees not to argue that it constitutes, submission by Pioneer or any other person to the personal or subject matter jurisdiction of the Bankruptcy Court, other federal courts or the courts of the State of New York for any other purpose.

If it is found in a final judgment by a court of competent jurisdiction (not subject to further appeal) that any term or provision hereof is invalid or unenforceable, (a) the remaining terms and provisions hereof shall be unimpaired and shall remain in full force and effect, and (b) the invalid or unenforceable provision or term shall be replaced by a term or provision that is valid and enforceable and that comes closest to expressing the intention of such invalid or unenforceable term or provision.

This Agreement embodies the entire agreement and understanding of the parties hereto and supersedes any and all prior agreements, arrangements and understandings, whether oral or written, relating to the matters provided for herein. No alteration, waiver, amendment, change or supplement hereto shall be binding or effective unless the same is set forth in writing signed by a duly authorized representative of each party and may be modified or waived only by a separate letter executed by either Pioneer, on the one hand, or Trustee, on the other hand, expressly so modifying or waiving such Agreement.

For the convenience of the parties, any number of counterparts of this Agreement may be executed by the parties hereto. Each such counterpart shall be, and shall be deemed to be, an original instrument, but all such counterparts taken together shall constitute one and the same Agreement. Facsimile signatures shall be treated as originals for all purposes hereof.

Please countersign to indicate your agreement and return at your earliest convenience. We look forward to receiving the responsive documents.

Dated: December 4, 2009

Erich T. Schwartz, Esq.
December 1, 2009
Page 4

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP

By: /s/ Erich T. Schwartz
Erich T. Schwartz, Esq.
1440 New York Avenue, N.W.
Washington, D.C. 20005
Telephone: (202) 371-7660
Facsimile: (202) 661-9054
E-mail:
erich.schwartz@skadden.com

*Attorneys for Pioneer Investment Management USA Inc.*

BAKER & HOSTETLER LLP

By: /s/ Frederick W. Chockley, III
Frederick W. Chockley, III, Esq.
1050 Connecticut Avenue, NW
Suite 1100
Washington, D.C. 20036
Telephone: (202) 861-1680
Facsimile: (202) 861-1783
E-mail: fchockley@bakerlaw.com

*Attorneys for Irving H. Picard, Esq., Trustee for the SIPA Liquidation of Bernard L. Madoff Investment Securities LLC*

cc: John Burke, Esq.
    Jennifer Walrath, Esq.
    Brian Esser, Esq.