Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, New York  10017
Telephone:     (212) 450-4000
Facsimile:     (212) 701-5800

**Hearing Date:  October 5, 2011**
**Hearing Time:  10:00 a.m.**

*Attorneys for Sterling*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                     :

SECURITIES INVESTOR          :
PROTECTION CORPORATION,     :
                     :

           Plaintiff,     :  SIPA LIQUIDATION
                     :  Adv. Pro. No. 08-01789 (BRL)
     v.              :
                     :  (Substantively Consolidated)
BERNARD L. MADOFF INVESTMENT :
SECURITIES LLC,         :
                     :

         Defendant.    :
                     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                     :

In re:                   :
                     :

BERNARD L. MADOFF,      :
                     :

         Debtor.      :
                     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

**OBJECTION TO TRUSTEE'S MOTION FOR (I) A REPORT AND
RECOMMENDATION TO THE DISTRICT COURT FOR THE
APPOINTMENT OF SPECIAL DISCOVERY MASTERS;
(II) AN ORDER ESTABLISHING PROCEDURES FOR
ELECTRONIC DATA ROOMS; AND (III) AN ORDER MODIFYING
THE JUNE 6, 2011 LITIGATION PROTECTIVE ORDER**

Sterling Equities and the related individuals and entities comprising the defendants in *Picard v. Katz*, 11-CV-03605 (JSR) ("Sterling"), hereby object to the relief sought by the motion filed on August 5, 2011 by the trustee ("Trustee") for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") for (I) A Report and Recommendation to the District Court for the Appointment of Special Discovery Masters; (II) an Order Establishing Procedures for Electronic Data Rooms; and (III) an Order Modifying the June 6, 2011 Litigation Protective Order ("Motion").

Sterling also incorporates by reference the objections of Bank of New York Mellon, UBS AG, points I and II of the objection of UniCredit S.p.A., Royal Bank of Canada, Bank of America, and Merrill Lynch International and Merrill Lynch, Pierce, Fenner & Smith.

The relief sought by the Trustee through his Motion would eviscerate the discovery protections afforded litigants under the Federal Rules of Civil and Bankruptcy Procedure by writing relevance out of them. *See, e.g.*, Fed. R. Civ. P. 26(b)(1), Bankr. R. 7026(b)(1). The Trustee also seeks unilaterally to extinguish the protections provided by confidentiality agreements, and orders of this Court, upon which Sterling relied when producing highly confidential information. The Trustee's Motion has no legal foundation. The Trustee's administrative burdens, entirely self-imposed, do not justify relieving him from obligations to which he agreed in order to obtain access to confidential information.

## **BACKGROUND**

1.      In the course of his investigations pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, the Trustee subpoenaed "hundreds" of individuals and entities, including Sterling, who collectively have produced over five million documents, and has deposed approximately 108 individuals.  (Motion ¶ 7.)

2.      To facilitate the expeditious provision of requested information while protecting from disclosure confidential information contained in their documents and deposition testimony, individuals and entities, including Sterling, executed confidentiality agreements with the Trustee in connection with responding to his discovery requests. (Motion ¶ 9.)

3.      Pursuant to Sterling's agreement with the Trustee, all "non-public business or financial information" is treated as confidential.  (Nov. 2, 2009 Confidentiality Agreement between the Trustee and Sterling ("Confidentiality Agreement"), attached hereto as Ex. A.).  Sterling produced documents in response to the Trustee's Rule 2004 subpoenas in accordance with and in reliance upon this Agreement.

4.      On February 16, 2010, this Court entered a Protective Order [Dkt. 1951], amended by the November 10, 2010 Case Management Procedures Order [Dkt. 3141], to govern the disclosure of confidential information.  The Court subsequently entered a Litigation Protective Order on June 6, 2011 ("Litigation Protective Order"), which governs the subsequent exchange of "confidential material" but which does not supersede the Confidentiality Agreement with respect to documents produced prior to the date of the Order.  (Litigation Protective Order ¶ 19.)

3

5.     Now that the Trustee has filed over 900 lawsuits, against close to 5,000 defendants, (Motion ¶ 10), the Trustee contends that addressing discovery requests for "confidential material" in these cases will present "financial and administrative burdens" such that he must be permitted to be free of the prior agreements and orders by which he is bound.  His concern is apparently based on a single discovery demand in *Picard v. Merkin* (Motion ¶ 16)—an experience about which none of the hundreds of subpoenaed individuals or entities has filed or raised an objection.

6.     Based on that, on August 5, 2011, the Trustee filed the Motion, seeking authority to dispense with the protections provided by the Confidentiality Agreement, the Litigation Protective Order, and the Federal Rules of Civil and Bankruptcy Procedure by allowing parties to *other* litigations access to "confidential information" via an electronic data room.  (Motion ¶ 22.)

7.     After negotiations with several parties, including Sterling, the Trustee has since proposed several modifications to his Motion, including one that would exclude documents from the electronic data room "highly sensitive commercial information, including, but not limited to, trade secrets, the inclusion of which would create a substantial risk of serious commercial harm to the Producing Party or its customers." (Trustee's Modified Exhibits to Motion, attached hereto as Ex. B, Proposed Order Establishing Procedures for Electronic Data Rooms, at 4.)

4

**THE MOTION IS WITHOUT FOUNDATION AND
UNDERMINES PARTIES' LEGITIMATE EXPECTATIONS
REGARDING THE PROTECTION OF CONFIDENTIAL INFORMATION**

8.      Without legal basis, the Motion seeks entry of an order that would abrogate the Confidentiality Agreement and this Court's prior orders, including the Litigation Protective Order, which was entered upon the motion of the Trustee.  This is so even though Sterling relied on the Confidentiality Agreement and Litigation Protective Order when producing volumes of confidential information to the Trustee.  *See, e.g.*, *AT&T Corp. v. Sprint Corp.*, 407 F.3d 560, 562 (2d Cir. 2005) ("It is presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied." (internal quotation marks omitted)); *see also, e.g.*, Objection of UBS AG to the Motion, at 11-14; Objection of Bank of New York Mellon to the Motion at 2-4; Objection of UniCredit S.p.A. at 6-8.  Absent the protections afforded by the Agreement and the Court's Order, Sterling would not have been in a position to produce its confidential information to the Trustee.

9.      The Trustee's proffered justification for abrogating the Confidentiality Agreement and this Court's Litigation Protective Order—easing administrative and financial burdens—is legally inadequate.  *See In re September 11 Litig.*, 262 F.R.D. 274, 277 (S.D.N.Y. 2009) (requiring that a plaintiff seeking to modify an existing protective order must show "improvidence in the grant of [the] order or some extraordinary circumstances or compelling need") (citing *Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 296 (2d Cir. 1979)).  Neither efficiency nor ease of process can justify modifying an existing protective order, *see Med. Diagnostic Imaging, PLLC v. Carecore Nat. LLC*, No. 06 Civ. 7764, 2009 WL 2135294, at *2 (S.D.N.Y. July 16, 2009), particularly where, as

5

here, the Trustee imposed upon himself the supposed "administrative and financial"

burdens he claims to be experiencing—a foreseeable consequence of filing 900 lawsuits

against 5000 defendants—and such burdens are based upon a single experience.

Although there are and surely will be others, this is the slimmest of grounds to justify

relief that results in confidential information being seen in an uncontrolled environment

by innumerable counsel for parties who have no basis to be looking at it.

10.    The Motion also impermissibly seeks to eviscerate the discovery protections

afforded by the Federal Rules of Civil and Bankruptcy Procedure by eliminating

relevance as a discovery requirement.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1), Bankr. R.

7026(b)(1).  The Trustee's proposed "electronic data room" would provide hundreds, if

not thousands, of outside litigation counsel with unfettered access to Sterling's (and

others') confidential information, even though such information has no bearing on the

claims or defenses of *other* litigants in *other* actions.  Although the Trustee contends that

the relevance limitation of the Federal and Bankruptcy Rules may limit the use of

information after it has been seen, (*see, e.g.*, Ex. B, Proposed Order Establishing

Procedures for Electronic Data Rooms, at 6), the proposed approach is not consistent

with those rules and is not adequate to provide the protection to which producing parties

are entitled.

11.    The Trustee's proposed definition of "Excluded Material" similarly fails to

afford appropriate protection to Sterling and other parties, as it is entirely inconsistent

with the Confidentiality Agreement, the Litigation Protective Order, and the Federal and

Bankruptcy Rules.  (*See id.*, at 4).  The Trustee's proposed definition effectively would

treat as "confidential" a set of documents far more narrow than those contemplated in any

6

governing agreement or order.  Here, too, the Trustee has advanced no justification for

his unilateral revision of what is "confidential."  Any "financial and administrative"

challenges arising from his own litigation campaign were foreseeable, as they are present

in any large scale litigation, and provide no foundation for retroactive relief from the

Court's prior orders or the parties' prior contractual agreements.

## **CONCLUSION**

For the reasons stated herein, the Motion should be denied.


Dated:   New York, New York
         September 22, 2011

                                      DAVIS POLK & WARDWELL LLP


                                      By:   s/ Karen E. Wagner
                                            Karen E. Wagner
                                            (karen.wagner@davispolk.com)
                                            Dana M. Seshens
                                            (dana.seshens@davispolk.com)

                                            450 Lexington Avenue
                                            New York, New York 10017
                                            Phone:  (212) 450-4000
                                            Fax:  (212) 701-5800

                                            *Attorneys for Sterling*