# EXHIBIT A

**CONFIDENTIAL**

# Baker Hostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

November 2, 2009

Fernando A. Bohorquez, Jr.
direct dial: 212.589.4242
FBohorquez@bakerlaw.com

Gregory P. Nero, Esq.
Sterling Equities
111 Great Neck Road, Suite 408
Great Neck, New York 11201

Re: Confidentiality Agreement between Irving H. Picard, Esq., Trustee for the SIPA Liquidation of Bernard L. Madoff Investment Securities, LLC and Sterling Equities

Dear Greg:

1. As previously discussed, Sterling Equities ("Sterling") has agreed to produce documents to Irving H. Picard, Esq., Trustee ("Trustee") for the Consolidated Liquidation of the Business of Bernard L. Madoff Investment Securities, LLC ("BLMIS") and Bernard L. Madoff, individually, in response to Rule 2004 subpoenas issued in relation to Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC, Adv. Pro. No. 08-01789-BRL, Securities Investor Protection Act ("SIPA") liquidation, (the "Bankruptcy Case") pending in the Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). This letter (hereinafter "Agreement") memorializes Sterling's and the Trustee's agreement regarding documents produced to the Trustee that are designated by Sterling at the time of production to contain confidential, non-public business or financial information (hereinafter "Confidential Information").

2. Sterling and the Trustee agree that Sterling may designate as confidential any portion of the documents produced pursuant to the October 7, 2009 Rule 2004 subpoenas served on Sterling Equities, Inc. and Sterling American Property, Inc. At the time of production all such documents shall be marked with the designation: "CONFIDENTIAL". In the event the Trustee provides notice to Sterling that he disagrees with a confidentiality designation, Sterling shall make an application to the Court within five (5) business days for a protective order to prevent further disclosure of the information beyond the terms of this Agreement. Absent such application, the information will no longer be deemed Confidential Information for the purposes of this Agreement.

4. The Trustee agrees to only use the documents produced to him in connection with Bankruptcy Case and related proceedings. Confidential Information shall not be provided by the Trustee to any person or entity, except by order of the

Gregory P. Nero, Esq.                                                                              CONFIDENTIAL
November 2, 2009
Page 2

Bankruptcy Court, or any other court of competent jurisdiction. The Trustee may, consistent with this Agreement, disclose Confidential Information: (a) to the Trustee's counsel and the staff and employees of his counsel; (b) to experts, consultants and professionals retained by the Trustee and Trustee's counsel, including FTI Consulting, Inc. and other forensic and technology consultants, to assist with the investigation, forensic reconstruction and validation of the underlying records of BLMIS, and their staffs, provided that, before any Confidential Information is disclosed to such persons or entities, counsel for the Trustee or the Trustee shall inform the recipient of the obligations created by this Agreement and the signature on this Agreement by a member of Trustee's counsel shall constitute an agreement by all experts, consultants and professionals retained by the Trustee and Trustee's counsel who receive Confidential Information to be bound by the Agreement; the Trustee agrees that it shall be responsible to Sterling for any action or failure to act that would constitute a breach or violation of this Agreement by any of its retained experts, consultants or professionals; and (c) solely with respect to information (and not documents), to other regulatory and enforcement authorities investigating matters relating directly or indirectly to BLMIS, provided that, before any information deemed "Confidential" by Sterling is disclosed to such authorities, counsel for the Trustee or the Trustee shall inform the recipient of the confidential nature of this information and the terms of this Agreement. Nothing in this Agreement restricts the use of any Confidential Information in any filings or proceedings in the Bankruptcy Court, provided they are made under seal or pursuant to protective order. Such use does not operate as a waiver of the confidentiality of the information submitted.

4.     Sterling agrees that notwithstanding other provisions of this Agreement the Trustee will not consider a document to be confidential if (a) it is available to the public through means other than production by Sterling, (b) it was lawfully known to, provided to or independently developed by the Trustee in the files of BLMIS or elsewhere, or (c) it is legally required to be produced by the Trustee.

5.     The Trustee agrees that in the event that (a) the Trustee receives a notice of deposition, interrogatory, formal or informal request for documents, subpoena, civil investigative demand, or similar request to disclose any of the Confidential Information to a third party, including a governmental or other regulatory body or agency, and (b) the Trustee reasonably believes, after consultation with counsel, that he is legally required to disclose any of the Confidential Information to such person, the Trustee shall provide to Sterling reasonable notice (with such notice to be reasonable to the extent practicable) of any such request or requirement so that Sterling may seek a protective order or other appropriate remedy. Nothing in this Agreement prevents disclosure of the Confidential Information beyond the terms of this Agreement if such disclosure is compelled by subpoena or other legal process or Sterling consents in writing.

6.     Sterling agrees that if Confidential Information is disclosed in violation of this agreement, Sterling's sole remedy is to seek injunctive relief in the Bankruptcy Court to prevent further disclosure of Confidential Information.

7.     The validity and interpretation of this Agreement shall be governed by, and construed and enforced in accordance with, the laws of the State of New York

Gregory P. Nero, Esq.  
November 2, 2009  
Page 3

CONFIDENTIAL

(without regard to the principle of conflict of law thereof), the U.S. Bankruptcy Code and SIPA. No such claim shall be commenced, prosecuted or continued in any forum other than the Bankruptcy Court and, in the event that such Bankruptcy Court does not have jurisdiction, in the courts of the State of New York located in the City and County of New York and each of the parties hereby submits to the jurisdiction of such courts. Notwithstanding the foregoing, nothing herein is intended to limit any applicable appellate process. Each of the parties hereby waives on behalf of itself and its successors and assigns any and all right to argue that the choice of forum provisions is or has become unreasonable in any legal proceeding.

8. If it is found in a final judgment by a court of competent jurisdiction (not subject to further appeal) that any term or provision hereof is invalid or unenforceable, (a) the remaining terms and provisions hereof shall be unimpaired and shall remain in full force and effect, and (b) the invalid or unenforceable provision or term shall be replaced by a term or provision that is valid and enforceable and that comes closest to expressing the intention of such invalid or unenforceable term or provision.

9. The inadvertent production or disclosure of any document or thing otherwise protected by the attorney-client privilege or work product immunity shall not constitute or be deemed as a waiver or forfeiture of any such privilege or immunity.

10. If, after learning of the inadvertent production or disclosure, Sterling wishes to assert its privilege or protection, it shall promptly send to Trustee a written request for return of the inadvertently produced or disclosed document or thing. Notwithstanding the procedures outlined in (a) – (d) below, within five (5) business days of receiving such a request, each receiving party shall return to the producing party all such documents and things identified as having been inadvertently produced and shall not utilize the information contained in such documents or things for any purpose.

(a) If Trustee wishes to contest that any such document or thing is protected by the attorney-client privilege or by work-product immunity, Trustee shall so notify Sterling in writing.

(b) Within five (5) business days after receiving such notification, Sterling shall provide to Trustee for each such document or thing a description of the basis for the claim of privilege or immunity.

(c) Within ten (10) business days after receiving such description, Trustee may file under seal a motion to compel production of such documents and things, the protection of which is still disputed. If such a motion is filed, Sterling shall have the burden of proving that the documents and things in dispute are protected by the attorney-client privilege or by work-product immunity.

(d) With respect to documents and things subsequently generated by Trustee, which documents and things contain information derived from such inadvertently produced documents and things, if Trustee does not notify Sterling that Trustee disputes the claims of attorney-client privilege or work-product immunity, Trustee shall either destroy

Gregory P. Nero, Esq.  
November 2, 2009  
Page 4

CONFIDENTIAL

the derivative documents and things or redact from them all such derivative privilege or work-product information in a manner such that the derivative information cannot in any way be retrieved or reproduced.

11. This Agreement embodies the entire agreement and understanding of the parties hereto and supersedes any and all prior agreements, arrangements and understandings, whether oral or written, relating to the matters provided for herein. No alteration, waiver, amendment, change or supplement hereto shall be binding or effective unless the same is set forth in writing signed by a duly authorized representative of each party and may be modified or waived only by a separate letter executed by either the Disclosing Party, on the one hand, or Trustee, on the other hand, expressly so modifying or waiving such Agreement.

12. For purposes of this Agreement and enforcement of the provisions hereunder, each of the entities and individuals comprising the definitions of "Sterling American Properties" and "Sterling Entities" in the Rule 2004 subpoenas is deemed a third-party beneficiary.

13. Please countersign to indicate your agreement and return at your earliest convenience. Each such counterpart shall be, and shall be deemed to be, an original instrument, but all such counterparts taken together shall constitute one and the same Agreement. Facsimile signatures shall be treated as originals for all purposes hereof.

Dated: November 2, 2009

_____  
Gregory P. Nero, General Counsel  
Sterling Equities  
111 Great Neck Road, Suite 408  
Great Neck, New York 11201

_____  
Fernando A. Bohorquez, Jr.  
Baker & Hostetler LLP  
45 Rockefeller Plaza  
New York, NY 10111  
Telephone: (212) 589-4200  
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Esq. Trustee for the SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, individually.*