# EXHIBIT B

**<u>EXHIBIT A</u>**



**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>               Plaintiff,<br><br>           v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>               Defendant. | No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>               Debtor. | |

**REPORT AND RECOMMENDATION TO THE DISTRICT COURT**
**FOR THE APPOINTMENT OF SPECIAL DISCOVERY MASTERS**

1.      The undersigned bankruptcy judge makes this Report and Recommendation to the District Court.

**Background**

2.      On December 11, 2008, Bernard L. Madoff ("Madoff") was arrested by federal agents for violation of the criminal securities laws, including securities fraud, investment adviser fraud, and mail and wire fraud. Contemporaneously, the Securities and Exchange Commission ("SEC") filed a complaint in the United States District Court for the Southern District of New York (the "District Court"), commencing the District Court Proceeding against Madoff and Bernard L. Madoff Investment Securities LLC ("BLMIS"). The District Court Proceeding remains pending in the District Court. The SEC complaint alleged that Madoff and BLMIS engaged in fraud through the investment advisor activities of BLMIS.

3.      On December 12, 2008, the Honorable Louis L. Stanton entered an order appointing Lee S. Richards, Esq., as receiver for the assets of BLMIS (the "Receiver").

4.      On December 15, 2008, pursuant to SIPA section 78eee(a)(4)(A), the SEC consented to combining its own action with an application of the Securities Investor Protection Corporation ("SIPC").  Thereafter, pursuant to SIPA section 78eee(a)(4)(B), SIPC filed an application in the District Court alleging, *inter alia*, that BLMIS was not able to meet its obligations to securities customers as they came due and, accordingly, its customers needed the protections afforded by SIPA.

5.      Also on December 15, 2008, Judge Stanton granted the SIPC application and entered an order pursuant to SIPA (the "Protective Decree"), which, in pertinent part:

   a.   appointed the Trustee for the liquidation of the business of BLMIS pursuant to SIPA section 78eee(b)(3);

   b.   appointed Baker & Hostetler LLP as counsel to the Trustee pursuant to SIPA section 78eee(b)(3); and

   c.   removed the case to the Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") pursuant to SIPA section 78eee(b)(4).

By this Protective Decree, the Receiver was removed as receiver for BLMIS.

6.      By orders dated December 23, 2008, and February 4, 2009, respectively, the Bankruptcy Court approved the Trustee's bond and found that the Trustee was a disinterested person.  Accordingly, the Trustee is duly qualified to serve and act on behalf of the BLMIS estate.

7.      As part of his efforts to ascertain information, since late 2008 and pursuant to Bankruptcy Rule 2004, the Trustee has issued subpoenas to hundreds of individuals and entities (the "Subpoenaed Parties").  Many of the Subpoenaed Parties refused to produce requested information unless the Trustee entered into confidentiality agreements (the "Confidentiality

Agreements") that prohibit the Trustee from disclosing to any third party the information produced by the Subpoenaed Parties. Given the enormity of the investigation and time constraints, the Trustee entered into approximately seventy (70) Confidentiality Agreements. The Trustee has been successful in obtaining over five (5) million documents from approximately 441 parties.

8.      As a result of the investigation, the Trustee has filed over 900 lawsuits to date. The Trustee anticipates that the number of productions associated with those lawsuits will be enormous and that the volume of data at issue will grow exponentially.

9.      On January 14, 2011, defendants in Picard v. Merkin, Case No. 09-1182 ("Merkin Defendants"), sent to Trustee's counsel requests for the production of documents (the "Merkin Requests"). The Merkin Requests seek from the Trustee, among other things, turnover of the information the Trustee obtained, and is pursuing, from any third parties. The Bankruptcy Court recognizes that additional defendants may serve similar requests as other additional adversary proceedings commence document discovery.

10.     The Bankruptcy Court respectfully recommends the District Court appoint two Special Discovery Masters:  a Special Discovery Master to resolve any discovery disputes in actions seeking solely fictitious profits in which a Notice of Applicability was filed ("Avoidance Actions") and a second Special Discovery Master to resolve any discovery disputes arising from all other actions, with the entry of the proposed Order Appointing Special Discovery Masters

(attached hereto as Exhibit 1), including all issues with respect to electronic discovery and the electronic data rooms.[1]

      11.    The Bankruptcy Court also respectfully requests that the District Court confirm that there are no conflicts of interest between the Special Discovery Masters appointed and the cases and parties or their counsel in these adversary proceedings.  The Bankruptcy Court respectfully recommends that prior to appointment, the candidates for Special Discovery Master must make full public disclosure of all relations and contacts with parties or counsel in these cases and shall disclose his or her fees to be considered for appointment.

      12.    Because of the thousands of parties and non-parties involved, and the sheer volume of discovery produced and to be produced, these adversary proceedings are far more complex than the typical liquidation and their related cases.  More than 16,000 SIPA customer claims have been submitted to the Trustee, seeking to recoup some portion of their lost investment.  The Trustee initiated more than 900 adversary proceedings, seeking to recover customer property.  Given the magnitude and complexity of discovery in these proceedings, the appointment of two Special Discovery Masters would aid the parties and this Court in resolving discovery disputes in an efficient, timely, and cost-effective manner.

### District Court's Authority to Appoint Special Discovery Masters

      13.    The District Court has the authority to appoint special masters.

> Courts have . . . inherent power to provide themselves with appropriate instruments required for the performance of their duties.  This power includes authority to appoint persons unconnected with the court to aid judges in the performance of specific judicial duties.

---

[1]  Given the size and scope of discovery in this case, the Bankruptcy Court permitted the Trustee to establish "electronic data rooms" to facilitate the production of documents which involve numerous parties and various discovery-related issues.

*In re Peterson*, 253 U.S. 300, 312-13 (1920) (citations omitted).

14.      District Courts may appoint special masters to assist in Bankruptcy Court

proceedings.  See, e.g., In re Joint E. and S. Dist. Asbestos Litig.; In re Johns-Manville Corp.,

120 B.R. 648 (E.D.N.Y. & Bankr. S.D.N.Y. 1990) (utilizing a Special Master in a joint

proceeding with the District Court to evaluate the financial health of a trust and utilizing a

"Special Advisor" in the bankruptcy proceeding to assist in organizing the restructuring of the

trust); Anderson v. Lifeline Healthcare Group, Ltd., 986 F.2d 1426 (9th Cir. 1993) (special

master from prior district court proceeding continued to serve as special master in subsequent

bankruptcy proceeding to establish a plan of reorganization for debtor); Rudnick v. Allustiarte,

1992 WL 209552, at *1 (9th Cir. Aug. 31, 1992) ("Following the recommendation of the

bankruptcy court, the district court appointed a Special Master [for the bankruptcy proceeding]

. . . to conduct hearings and prepare an accounting of the [parties'] interests in Muzzy ranch.");

In re Int'l Admin. Services, Inc., 408 F.3d 689, 696 (11th Cir. 2005).

15.      District Courts and Bankruptcy Courts have generally recognized the need for

special masters in bankruptcy proceedings.  See, e.g., In re Int'l Admin. Serv., Inc., 408 F.3d

689, 696 (11th Cir. 2005) ("[B]ankruptcy court appointed a Special Master to oversee and

administer discovery compliance"); Nellis v. Shugrue, 165 B.R. 115, 126 (S.D.N.Y. 1994)

(District Court affirming this Bankruptcy Court "did not abuse its discretion in approving the

settlement agreement, recommended by the Union after negotiation at arms-length and

supervised by . . . the Special Advisor to the court").  In addition, the District Court Judges of the

Western District of Pennsylvania found "the need for the expertise of Special Masters" in

bankruptcy proceedings so compelling that they entered a standing order authorizing the

bankruptcy courts of the district to freely designate and use special masters to assist the

5

bankruptcy court in resolving electronic discovery issues.  In re Use of Special Masters for

Electronic Discovery By U.S. Bankruptcy Judges, No. 2:11-mc-94 (W.D. Pa. March 30, 2011),

http://www.pawd.uscourts.gov/Documents/Forms/UseOfSpecialMastersForElectronicDiscovery.

pdf.  The standing order implements this general policy in an effort to "enhance the efficient and

cost effective administration of justice."  Id.

16.    The Bankruptcy Court respectfully recommends that the District Court appoint

Special Discovery Masters.  Given the size and scope of discovery and the myriad of technical

issues and discovery disputes that will inevitably arise, the Bankruptcy Court believes all parties

and the Courts will benefit from the services of the Special Discovery Masters.

Dated:   New York, New York
         October __, 2011

                                        _____
                                        HONORABLE BURTON R. LIFLAND
                                        UNITED STATES BANKRUPTCY JUDGE

**<u>EXHIBIT 1</u>**



**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | |
| Plaintiff, | No. 08-01789 (BRL) |
| | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**ORDER APPOINTING SPECIAL DISCOVERY MASTERS**

Before the Court is the Report and Recommendation of the Bankruptcy Court for the

Southern District of New York (the "Bankruptcy Court"), which recommends that this Court

appoint Special Discovery Masters for the above captioned SIPA Liquidation Proceeding and

related proceedings thereto. After due deliberation, it is hereby

**ORDERED,** that the Bankruptcy Court's Report and Recommendation should be

adopted in its entirety; and it is further

**ORDERED,** that in an effort to establish a uniform, efficient and fair framework for

dealing with discovery in this vast and complex proceeding, I am appointing, after giving the

parties notice and an opportunity to be heard (including the opportunity to recommend

candidates), and after confirming that there is no basis for disqualification pursuant to Federal

Rule of Civil Procedure 53(a)(2), _____ to serve as Special Master of the

discovery activities in connection with avoidance actions where a Notice of Applicability is filed

("Avoidance Actions") and _____ to serve as Special Master of the

discovery activities in connection with all other actions.  The appointment of the Special

Discovery Masters is effective immediately.

**ORDERED THAT:**

1.      The Special Discovery Masters are directed to proceed with all reasonable

diligence in the performance of their duties.  The Special Discovery Masters are appointed to

resolve such discovery disputes that may arise, and which have been specifically referred to them

by the Bankruptcy Court, including electronic data rooms and discovery disputes related to

electronically stored information, questions of privilege, confidentiality, work product,

relevancy, scope and burden.

2.      The Special Discovery Masters may not communicate *ex parte* with the parties,

third parties or the Bankruptcy Court without the consent of all parties, except to arrange

scheduling matters.

3.      Each Special Discovery Master shall preserve, as a record of his/her activities, all

written submissions received from the parties, all written submissions sent to the parties and any

transcripts of hearings before the Special Discovery Master.  Each Special Discovery Master

shall file with the Clerk of the Bankruptcy Court such records upon the request of any party or

the Bankruptcy Court.  The Special Discovery Masters shall also file any order, report or

recommendation to the Bankruptcy Court.

4.      The Trustee shall pay for the reasonable costs of the Special Discovery Masters in

connection with the review of relevant background materials concerning these matters and for

good faith discovery disputes arising in the Avoidance Actions.  The costs of the Special

Discovery Master of all other actions shall be paid equally by the relevant party(ies) involved in the discovery issue or dispute pending before the Special Discovery Masters.

5. Each Special Discovery Master shall be compensated at a rate of $____ per hour. If a Special Discovery Master finds that he/she needs the assistance of a support staff employee or lawyer in his/her office, that expense shall be billed by the Special Discovery Master at the ordinary rates for those people, which shall not exceed the rate paid to the Special Discovery Master.

6. After notice and a hearing, the Special Discovery Masters may, by order, impose upon a party or third party any non-contempt sanctions that the Special Discovery Masters deem appropriate, including those provided by Federal Rule of Civil Procedure 37 (made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7037) or Federal Rule of Civil Procedure 45 (made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 9016), and may recommend a contempt sanction against a party or third party to the District Court.

7. Any party may refer a discovery dispute to the appropriate Special Discovery Master by emailing a letter summarizing the discovery dispute to the Special Discovery Master at the email address [_____] or [_____], with notice to any other relevant party(ies) via email.

8. Within five (5) business days of receiving a party's letter to the Special Discovery Master noticing the discovery dispute, the other party(ies) to the discovery dispute shall submit to the Special Discovery Master via email a letter response to the initiating party's letter to the Special Discovery Master (the "Response"), with notice to the other party(ies) via email.

9.      Within two (2) business days of the Responses, the Special Discovery Master
shall schedule a telephone conference with the parties to mediate the discovery dispute.  The
telephone conference shall be scheduled for a date no later than within five (5) business days
from the date when the Special Discovery Master received the Responses.

10.      Within ten (10) business days after the telephone conference, the parties shall
mediate the discovery dispute in good faith and work towards a resolution with the Special
Discovery Master.  The Special Discovery Master shall not mediate discovery disputes until all
relevant parties have been given an opportunity to submit Responses pursuant to Paragraph 9
above.

11.      If, after attempting to mediate the discovery dispute, the parties cannot reach
agreement as to a resolution of the discovery dispute, the parties shall immediately request that
the Special Discovery Master issue a ruling on the discovery dispute.  If such a request is made,
the parties may request to brief the issue to the Special Discovery Master.  The parties shall have
ten (10) business days to brief the issue, unless otherwise agreed or ordered by the Special
Discovery Master, as follows:  (1) the opening brief shall be filed five (5) business days from the
date the parties request a ruling; and (2) the response brief shall be filed five (5) business days
after the opening brief is filed.  The Special Discovery Master shall issue its ruling within ten
(10) business days from the date that the parties complete their briefing on the dispute.

12.      In accordance with Paragraph 15 of the Litigation Protective Order entered on
June 6, 2011 [Dkt. 4137] in Securities Investor Protection Corporation v. Bernard L. Madoff
Investment Securities, LLC, et al., Adv. Pro. No. 08-01789 (BRL), the Special Discovery Master
may file under seal with the Clerk of the Bankruptcy Court any documents claimed by any party

to be **CONFIDENTIAL MATERIAL**, as defined in Paragraph 2 of the Litigation Protective

Order.

13.    Any party may appeal any ruling of the Special Discovery Masters to the

Bankruptcy Court by filing a motion within ten (10) business days from the date such ruling is

issued.

14.    This Order may be amended at any time upon notice to the parties, and after such

parties have an opportunity to be heard.

**ORDERED**, that this Court shall retain jurisdiction with respect to all matters relating to

the interpretation or implementation of this Order.

Dated:   New York, New York
         October __, 2011

_____
HONORABLE _____
UNITED STATES DISTRICT COURT JUDGE

**<u>EXHIBIT B</u>**



**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                    Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                    Defendant. | No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                    Debtor. | |

## ORDER ESTABLISHING PROCEDURES FOR ELECTRONIC DATA ROOMS

Upon the motion (the "Motion")[1] of Irving H. Picard (the "Trustee"), as trustee for the

liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under

the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"),[2] and the

substantively consolidated estate of Bernard L. Madoff ("Madoff"), seeking entry of an order,

pursuant to section 105(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the

"Bankruptcy Code"), and Rules 7016, 7026 and 9006 of the Federal Rules of Bankruptcy

---

[1]  All references to the "Motion" are references to the motion filed on August 5, 2011, requesting entry of:  (I) a report and recommendation to the District Court for the appointment of Special Discovery Masters; (II) an Order expanding the Case Management Procedures approved by the Court on November 10, 2010, granting access to the Trustee's existing electronic data room to additional defendants and establishing procedures for the creation of a separate electronic data room for documents produced to the Trustee; and (III) an Order modifying, in limited fashion, the Litigation Protective Order, dated June 6, 2011 [Dkt. 4137], including superseding all individual confidentiality agreements between the Trustee and any parties.  All terms not defined herein shall have such meanings as subscribed to them in the Motion.

[2]  For convenience, future reference to SIPA will not include "15 U.S.C."

Procedure (the "Bankruptcy Rules"), establishing Procedures for Electronic Data Rooms; and the

Court having jurisdiction to consider the Motion and the relief requested therein in accordance

with section 78eee(b)(4) of SIPA, the Protective Decree, entered on December 15, 2008 by the

United States District Court for the Southern District of New York in Case No. 08 CV 10791,

and 28 U.S.C. §§ 157 and 1334; and it appearing that the relief requested in the Motion is in the

best interests of the estate and its customers; and due notice of the Motion having been given,

and it appearing that no other or further notice need be given; and the Court having determined

that the legal and factual bases set forth in the Motion establish just cause for the relief granted

herein; and upon the proceedings before the Court and after due deliberation, it is hereby

ORDERED, that the relief requested in the Motion is granted; and it is further

ORDERED, that all Outside Litigation Counsel (as defined below) for defendants in this

and related adversary proceedings may be granted access to two electronic data rooms created by

the Trustee (collectively, the "Electronic Data Rooms"), solely on the bases described in this

Order. The first data room ("E-Data Room 1") shall include documents relating to: (1)

BLMIS's insolvency; and (2) BLMIS's fraud. The second electronic data room ("E-Data Room

2") shall include: (1) documents produced by, and deposition transcripts (including exhibits) of,

parties subpoenaed by the Trustee pursuant to Bankruptcy Rule 2004; and (2) documents

produced by, and deposition transcripts (including exhibits) of, defendants and third parties in

the adversary proceedings. E-Data Room 2 shall not include those documents that, due to

contractual obligations, are no longer in the care, custody or control of the Trustee. In addition,

E-Data Room 2 shall not include those documents that were provided to the Trustee for

settlement and/or mediation purposes only; and it is further

ORDERED, that notwithstanding the Litigation Protective Order, and any subsequent

2

amendments or modifications thereto, documents in E-Data Room 2 shall be designated by the

Trustee as "OLC Eyes Only" (as defined below).  The Trustee will provide access to documents

in E-Data Room 2 only to a party's outside litigation counsel ("Outside Litigation Counsel")

acting for that party in Adversary Proceeding No. 08-1789 and/or any related adversary

proceeding commenced by the Trustee against that party in this Court ("OLC Eyes Only").  The

Trustee shall provide access to E-Data Room 2 only to Outside Litigation Counsel of record in

one or more adversary proceedings provided that the Outside Litigation Counsel executes a Non-

Disclosure Agreement ("NDA") in substantially the form attached hereto as Exhibit 1.  Copies of

the Litigation Protective Order and NDA are available on the Trustee's website:

(http://www.madofftrustee.com/CourtFilings.aspx).  Executed copies of all NDAs shall be made

available on the Trustee's website.  While reviewing documents in E-Data Room 2, Outside

Litigation Counsel shall not print, download, duplicate or otherwise save or retain any

information from E-Data Room 2.  For the avoidance of doubt, third parties who are not

currently defendants to Adversary Proceeding No. 08-7189 and/or any related adversary

proceeding shall not be granted access to E-Data Room 2 under any circumstances; and it is

further

      **ORDERED**, that the documents produced by, and deposition transcripts (including

exhibits) of, parties subpoenaed by the Trustee pursuant to Bankruptcy Rule 2004 shall be placed

in E-Data Room 2, unless excluded from E-Data Room 2 as set forth below.  Any confidentiality

agreements that the Trustee entered into with any individual or entity producing documents or

information to the Trustee shall be superseded by the Litigation Protective Order dated June 6,

2011 (Docket No. 4137) (the "Litigation Protective Order"), and any subsequent amendments or

modifications thereto, with the exception of settlement agreements and agreements that protect

3

documents provided for settlement and/or mediation purposes only.  Documents produced by

and deposition transcripts (including exhibits) of defendants and third parties ("Producing

Parties") in the adversary proceedings shall also be placed in E-Data Room 2, unless excluded

from E-Data Room 2 as set forth below.  Documents provided to the Trustee in connection with

hardship applications, for settlement and/or mediation purposes only, or subject to or controlled

by a domestic or foreign court order will not be included in E-Data Room 2; and it is further

ORDERED, that Producing Parties may object to the inclusion in E-Data Room 2 of

those documents that contain highly sensitive commercial information, including, but not limited

to, trade secrets, the inclusion of which would create a substantial risk of serious commercial

harm to the Producing Party or its customers ("Excludable Material").  Subject to the procedures

below, Excludable Material will not be included in E-Data Room 2.

a)      With respect to documents produced to the Trustee prior to the date of entry of

this Order, any Producing Party objecting to the inclusion of such material in E-

Data Room 2 may submit a letter to Baker & Hostetler LLP, counsel for the

Trustee, 45 Rockefeller Plaza, New York, New York 10111, Attn: Sarah Jane

T.C. Truong, Esq. (struong@bakerlaw.com), within sixty (60) days from the entry

of this Order, identifying, by beginning production Bates number, the documents

and the basis for exclusion.  To the extent the Trustee disagrees that such

documents are Excludable Material, the Trustee and Producing Party shall meet

and confer.  If the Trustee and the Producing Party do not reach agreement as to

the documents that are Excludable Material and thus shall be excluded from E-

Data Room 2, the Trustee and the Producing Party shall seek resolution from the

Court or from the appropriate Special Discovery Master, if appointed, pursuant to

4

the Order Appointing Special Discovery Masters, as to which documents are

Excludable Material.

b)    With respect to documents produced to the Trustee on or after the date of entry of

this Order, any parties objecting to the inclusion of such material in E-Data Room

2 shall do so upon production, by submitting a letter to Baker & Hostetler LLP,

counsel for the Trustee, 45 Rockefeller Plaza, New York, New York 10111, Attn:

Sarah Jane T.C. Truong, Esq. (struong@bakerlaw.com), identifying, by beginning

production Bates number, the documents and the basis for exclusion.  To the

extent the Trustee disagrees that such documents are Excludable Material, the

Trustee and Producing Party shall meet and confer.  If the Trustee and the

Producing Party do not reach agreement as to the documents that are Excludable

Material and thus shall be excluded from E-Data Room 2, the Trustee and the

Producing Party shall seek resolution from the Court, or from the appropriate

Special Discovery Master, if appointed, pursuant to the Order Appointing Special

Discovery Masters, as to which documents are Excludable Material; and it is

further

ORDERED, that all requests for exclusion of documents from E-Data Room 2, as set

forth in above, shall be made in good faith and not for the purpose of delaying or obstructing the

ability of any other party to prepare for litigation in the adversary proceedings.  The Producing

Party shall be responsible for all costs and fees the Trustee incurs as a result of excessive, overly

broad and unreasonable requests, including attorneys' fees and Special Discovery Masters' fees.

Such requests shall also be subject to sanctions as the Court, or the Special Discovery Masters, if

appointed, shall determine; and it is further

**ORDERED**, that documents produced out of E-Data Room 2 shall only be used for purposes of this and related adversary proceedings; and it is further

**ORDERED**, that no party shall be deemed to have possession, custody, or control over documents merely by virtue of having access to E-Data Room 2; and it is further

**ORDERED**, that Outside Litigation Counsel may obtain access to E-Data Room 2 only after serving the Trustee with document requests to which documents contained in E-Data Room 2 may potentially be responsive. The Trustee reserves the right to object to requests from outside counsel for access to E-Data Room 2, to the extent the request is overbroad, irrelevant, or based on a fishing expedition. After executing the NDA and the Undertaking To Be Bound attached to the Litigation Protective Order (copies of both shall be sent to Baker & Hostetler LLP, counsel for the Trustee, 45 Rockefeller Plaza, New York, New York 10111, Attn: Sarah Jane T.C. Truong, Esq. (struong@bakerlaw.com)), Outside Litigation Counsel may review the documents contained in E-Data Room 2 and select documents requested for production out of E-Data Room 2; and it is further

**ORDERED**, that the Trustee and the Trustee's counsel will not monitor or track Outside Litigation Counsels' activities within E-Data Room 2; and it is further

**ORDERED**, that the documents selected by the requesting Outside Litigation Counsel (the "Requesting Party") will be reviewed by the Trustee for relevance and to apply redactions to personally identifiable information. If the Trustee does not object to the production of the documents selected by the Requesting Party, the Trustee shall notify each Producing Party whose documents have been selected for production. The Producing Party shall have ten (10) business days to object to the production of their documents in a letter addressed to the Trustee and the Requesting Party (the "Objection Letter") and reserves the right to object to such production on

6

any ground.  If the Producing Party does not submit an Objection Letter, the Trustee shall

produce the documents requested from E-Data Room 2.  If the Producing Party does submit an

Objection Letter, the Trustee, the Requesting Party and the Producing Party shall meet and

confer.  If the meet and confer process does not resolve the dispute, the Requesting Party may

file a motion to compel with the Court, or the appropriate Special Discovery Master, if

appointed.  The Requesting Party shall notify Baker & Hostetler LLP, counsel for the Trustee, 45

Rockefeller Plaza, New York, New York 10111, Attn: Sarah Jane T.C. Truong, Esq.

(struong@bakerlaw.com), and any Producing Party whose documents have been requested for

production out of E-Data Room 2, of the relief sought.  The Trustee and each relevant Producing

Party shall be given an opportunity to be heard as to the relief sought.  Upon resolution by the

Court or Special Discovery Master, the Trustee shall produce the documents approved for

production by the Court or the Special Discovery Master; and it is further

     **ORDERED**, that if the Trustee objects to the production of any documents selected by

the Requesting Party, the Trustee and the Requesting Party shall meet and confer.  If the Trustee

and the Requesting Party come to an agreement to produce the requested documents, the Trustee

shall notify each Producing Party whose documents the Trustee and the Requesting Party agree

should be produced from E-Data Room 2.  The Producing Party shall have ten (10) business days

to submit an Objection Letter addressed to the Trustee and the Requesting Party and reserves the

right to object to such production on any ground.  If the Producing Party does not submit an

Objection Letter, the Trustee shall produce the documents requested from E-Data Room 2.  If the

Producing does submit an Objection Letter, the Trustee, the Requesting Party and the Producing

Party shall meet and confer.  If the meet and confer process does not resolve the dispute, the

Requesting Party may file a motion to compel with the Court, or the appropriate Special

7

Discovery Master, if appointed.  The Requesting Party shall notify Baker & Hostetler LLP,

counsel for the Trustee, 45 Rockefeller Plaza, New York, New York 10111, Attn: Sarah Jane

T.C. Truong, Esq. (struong@bakerlaw.com), and any Producing Party whose documents have

been requested for production out of E-Data Room 2, of the relief sought.  The Trustee and each

relevant Producing Party shall be given an opportunity to be heard as to the relief sought.  Upon

resolution by the Court or Special Discovery Master, the Trustee shall produce the documents

approved for production by the Court or the Special Discovery Master; and it is further

    **ORDERED** that documents designated as **CONFIDENTIAL** as of the date of the entry

of the Order Establishing Procedures for Electronic Data Rooms shall remain

**CONFIDENTIAL**, unless documents are de-designated pursuant to a court order or an

agreement between the Producing Party and the Trustee.  A resolution from the Court, or the

Special Discovery Masters, if appointed, that the Trustee shall produce material designated as

**CONFIDENTIAL MATERIAL** from E-Data Room 2 does not disturb the **CONFIDENTIAL**

designation of the materials, unless the Trustee or a Requesting Party has specifically requested

such relief; and it is further

    **ORDERED**, that any work product protection is not waived as to any work product

inadvertently placed in the data rooms, subject to the provisions of paragraph 14 of the Litigation

Protective Order, and any subsequent amendments or modifications thereto; and it is further

    **ORDERED,** that a violation of a party's obligations under the NDA shall be treated as a

violation of this Order and shall subject such party to such sanctions as the Court, or the Special

Discovery Masters, if appointed, shall determine after notice and a hearing; and it is further

    **ORDERED,** that the parties will need to agree to a fair allocation of costs associated

with production from the Electronic Data Rooms, or will seek relief from this Court, or from the

appropriate Special Discovery Master, if the Special Discovery Masters are appointed; and it is

further

      **ORDERED**, that compliance with these procedures shall not constitute, nor be construed

as, a waiver of a party's right to seek a protective order, confidentiality agreement, or other

similar relief with respect to the production of documents in any action not pending before the

Bankruptcy Court; and it is further

      **ORDERED,** that this Court shall retain jurisdiction with respect to all matters relating to

the interpretation or implementation of this Order.

Dated:  New York, New York
       October __, 2011

                                            _____
                                            HONORABLE BURTON R. LIFLAND
                                            UNITED STATES BANKRUPTCY JUDGE

**<u>EXHIBIT 1</u>**



**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (BRL) |
| Plaintiff, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-_____ (BRL) |
| Plaintiff, | |
| v. | |
| _____, | |
| Defendant(s). | |

## <u>NON-DISCLOSURE AGREEMENT FOR E-DATA ROOM 2</u>

WHEREAS this non-disclosure agreement (the "Agreement") supplements the Litigation Protective Order entered on June 6, 2011 [Docket No. 4137] (the "Litigation Protective Order") entered in *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities, LLC, et al.,* Adv. Pro. No. 08-01789 (BRL), and any subsequent amendments or modifications thereto; and

WHEREAS, on October __, 2011, the Bankruptcy Court entered an Order Establishing Procedures for Electronic Data Rooms [Docket No. _____] (the "Data Room Order"). All capitalized terms not otherwise defined herein shall have the meanings given such terms in the

Litigation Protective Order; and

WHEREAS, in addition to the requirements set forth in the Litigation Protective Order, and any subsequent amendments or modifications thereto, this Agreement shall govern all materials provided in E-Data Room 2 (as defined in the Order Establishing Procedures for Electronic Data Rooms, entered on October __, 2011 [Dkt. ____]) and produced in connection with the above-captioned Adversary Proceeding (the "Adversary Proceeding"); and

WHEREAS, E-Data Room 2 has been designated "OUTSIDE LITIGATION COUNSELS' EYES ONLY."

_____ (the "Recipient") hereby represents to each of the following:

A.  My firm has been retained by the following defendant(s) in the Adversary Proceeding:

_____

B.  I have received a copy of the Litigation Protective Order and executed the attached

Undertaking and Consent To Be Bound (a copy of which has been or will be, concurrent with a

copy of this executed NDA, sent to Baker & Hostetler LLP, counsel for the Trustee, 45

Rockefeller Plaza, New York, New York 10111, Attn: Sarah Jane T.C. Truong, Esq.

(struong@bakerlaw.com)).

C.  I have carefully read and understand the provisions of the Litigation Protective Order.

Based on the foregoing representations, Recipient hereby agrees to each of the following:

1.      Recipient will abide by the terms of the Litigation Protective Order and any

subsequent amendments or modifications thereto as well as the additional requirements set forth

herein.  Any such agreement to abide by the terms of the Litigation Protective Order and any

subsequent amendments or modifications, however, does not prejudice defendants' ability to

object to any proposed amendment to the Litigation Protective Order.

2.      Recipient will not and shall ensure that its employees, agents, or staff will not

disclose any material placed in the data rooms nor the information contained therein to any

person, including, without limitation, its clients, other than (a) Recipient's employees, agents and

staff who need to know such information in connection with its representation of defendant in

the Adversary Proceeding, provided that such individuals have executed this NDA.  All original

executed NDAs shall be retained by Recipient, with a copy sent to Baker & Hostetler LLP,

counsel for the Trustee, 45 Rockefeller Plaza, New York, New York 10111, Attn: Sarah Jane

T.C. Truong, Esq. (struong@bakerlaw.com), which shall be made available on the Trustee's

website.

       3.     Recipient will not use any material placed in the data rooms, directly or indirectly,

for any purpose whatsoever other than in connection with the Adversary Proceeding.  Violations

of this provision may result in Recipient, its employees, agents or staff being held in contempt of

the Court.

       4.     Recipient understands that while reviewing documents in E-Data Room 2,

Recipient shall not print, download, duplicate or otherwise save or retain any information from

E-Data Room 2.

       5.     Recipient understands that this agreement does not preclude Recipient from using

documents obtained from sources other than E-Data Room 2 or limit the manner in which such

documents may be used, irrespective of whether those documents are also in E-Data Room 2.

       6.     If Recipient seeks to file any pleading or other document with the Bankruptcy

Court that contains **CONFIDENTIAL MATERIAL**, as defined in the Litigation Protective

Order and accordingly designated by the Producing Party, it will file such pleading or other

document under seal.

       7.     Recipient will take all appropriate measures to ensure that any **CONFIDENTIAL**

**MATERIAL** that it may obtain is safeguarded consistent with the confidentiality protections set

forth herein including, without limitation, that its employees, agents and staff will keep all such

material and any copies thereof in a locked container, cabinet, drawer, room or other safe place.

8.      Recipient understands that Paragraph 12 of the Litigation Protective Order, and

any subsequent amendments or modifications thereto, requires that notice be given to the

Producing Party whose material has been requested before any material produced to the Trustee

is produced physically to a third party.

9.      Recipient understands that the Trustee or the Producing Party may designate

materials produced out of E-Data Room 2 as **CONFIDENTIAL** in accordance with the

Litigation Protective Order.  A resolution from the Court or the Special Discovery Masters, if

appointed, that the Trustee shall produce **CONFIDENTIAL MATERIAL** from E-Data Room 2

does not disturb the **CONFIDENTIAL** designation of the materials, unless the Recipient has

specifically requested such relief.

10.      Recipient understands that any work product protection is not waived as to any

work product inadvertently placed in the data rooms, subject to the provisions of paragraph 14 of

the Litigation Protective Order, and any subsequent amendments or modifications thereto.

11.      Recipient understands and agrees that violation of this Agreement is the

equivalent of violation of a Bankruptcy Court order.

12.      Recipient consents to the exercise of personal jurisdiction by the Bankruptcy

Court in connection with this Agreement and its obligations hereunder and the Litigation

Protective Order and any subsequent amendments or modifications thereto.

4

13.    Recipient declares under penalty of perjury under the laws of the State of New

York that the foregoing is true and correct.


[Name of Recipient]

_____
By:  Name
Address:


_____
Date

**<u>EXHIBIT C</u>**



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-01789 (BRL) <br> SIPA Liquidation <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |

## <u>ORDER MODIFYING THE JUNE 6, 2011 LITIGATION PROTECTIVE ORDER</u>

Upon the motion (the "Motion")[1] of Irving H. Picard (the "Trustee"), as trustee for the

liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under

the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"), and the

substantively consolidated estate of Bernard L. Madoff ("Madoff", and together with BLMIS the

"Debtors"), seeking entry of an order pursuant to section 105(a) of the United States Bankruptcy

Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), and Rules 7016, 7026 and 9006 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), modifying the Litigation

Protective Order entered into by the Court on June 6, 2011 (the "Litigation Protective Order");

---

[1] All references to the "Motion" are references to the motion filed on August 5, 2011, requesting entry of: (I) a report and recommendation to the District Court for the appointment of Special Discovery Masters; (II) an Order expanding the Case Management Procedures approved by the Court on November 10, 2010, granting access to the Trustee's existing electronic data room to additional defendants and establishing procedures for the creation of a separate electronic data room for documents produced to the Trustee; and (III) an Order modifying, in limited fashion, the Litigation Protective Order, dated June 6, 2011 [Dkt. 4137], including superseding all individual confidentiality agreements between the Trustee and any parties. All terms not defined herein shall have such meanings as subscribed to them in the Motion.

and the Court having jurisdiction to consider the Motion and the relief requested therein in

accordance with section 15 U.S.C. § 79eee(b)(4) of SIPA, the Protective Decree, entered on

December 15, 2008 by the United States District Court for the Southern District of New York

(the "District Court") in Case No. 08 CV 10791, and 28 U.S.C. §§ 157 and 1334; and it

appearing that the relief requested in the Motion is in the best interests of the estate and its

customers; and due notice of the Motion having been given, and it appearing that no other or

further notice need be given; and the Court having determined that the legal and factual bases set

forth in the Motion establish just cause for the relief granted herein; and upon the proceedings

before the Court and after due deliberation, it is hereby

    **ORDERED**, that the relief requested in the Motion is granted; and it is further

    **ORDERED**, that the Litigation Protective Order is modified as follows:

A.    To the extent that a Producing Party and the Trustee have entered into an agreement regarding the confidentiality or non-disclosure of documents or discovery materials, such agreements shall be superseded by the June 6, 2011 Litigation Protective Order, with the exception of settlement agreements and agreements that protect documents provided for settlement and/or mediation purposes only. All designations of material as **CONFIDENTIAL** shall be controlled by the June 6, 2011 Litigation Protective Order. Documents produced by, and deposition transcripts (including exhibits) of, parties subpoenaed by the Trustee pursuant to Bankruptcy Rule 2004 shall be placed in E-Data Room 2, unless excluded as set forth below. Documents produced by and deposition transcripts (including exhibits) of defendants and third parties ("Producing Parties") in the adversary proceedings shall also be placed in E-Data Room 2, unless excluded as set forth below. Documents provided to the Trustee in connection with hardship applications, for settlement and/or mediation purposes only, or subject to or controlled by a domestic or foreign court order will not be included in E-Data Room 2. Any Producing Parties may object to the inclusion of specified material, as set forth in the Order Establishing Procedures for Electronic Data Rooms, entered on October __, 2011 [Dkt. ____] and the Order Appointing Special Discovery Masters, entered on October __, 2011, in E-Data Room 2 (as defined in the Order Establishing Procedures for Electronic Data Rooms). Producing Parties may object to the inclusion in E-Data Room 2 of those documents that contain highly sensitive commercial information, including, but not limited to, trade secrets, the inclusion of which would create a substantial risk of serious commercial harm to the Producing Party or its customers ("Excludable

Material"). Subject to the procedures below, Excludable Material will not be included in E-Data Room 2.

1.     With respect to documents produced to the Trustee prior to entry of the Order Establishing Procedures for Electronic Data Rooms, any Producing Party may object to the inclusion of such material in E-Data Room 2 by submitting a letter to Baker & Hostetler LLP, counsel for the Trustee, 45 Rockefeller Plaza, New York, New York 10111, Attn: Sarah Jane T.C. Truong, Esq. (struong@bakerlaw.com), within sixty (60) days of the entry of the Order Establishing Procedures for Electronic Data Rooms, identifying, by beginning production Bates number, the documents and the basis for exclusion. To the extent the Trustee disagrees that such documents are Excludable Material, the Trustee and Producing Party shall meet and confer. If the Trustee and the Producing Party do not reach agreement as to the documents are Excludable Material and thus shall be excluded from E-Data Room 2, the Trustee and the Producing Party shall seek resolution from the Court or the appropriate Special Discovery Master, if appointed, pursuant to the Order Appointing Special Discovery Masters, as to which documents are Excludable Material.

2.     With respect to documents produced to the Trustee on or after the date of entry of the Order Establishing Procedures for Electronic Data Rooms, any Producing Party may object to the inclusion of such material in E-Data Room 2 by submitting a letter to Baker & Hostetler LLP, counsel for the Trustee, 45 Rockefeller Plaza, New York, New York 10111, Attn: Sarah Jane T.C. Truong, Esq. (struong@bakerlaw.com), identifying, by beginning production Bates number, the documents and the basis for exclusion. To the extent the Trustee disagrees that such documents are Excludable Material, the Trustee and Producing Party shall meet and confer. If the Trustee and the Producing Party do not reach agreement as to the documents are Excludable Material and thus shall be excluded from E-Data Room 2, the Trustee and the Producing Party shall seek resolution from the Court, or the appropriate Special Discovery Master, if appointed, pursuant to the Order Appointing Special Discovery Masters.

B.     All requests for exclusion of documents from E-Data Room 2, as set forth above, shall be made in good faith and not for the purpose of delaying or obstructing the ability of any other party to prepare for litigation in the adversary proceedings. The Producing Party shall be responsible for all costs and fees the Trustee incurs as a result of excessive, overly broad and unreasonable requests, including attorneys' fees and Special Discovery Masters' fees. Such requests shall also be subject to sanctions as the Court, or the Special Discovery Masters, if appointed, shall determine.

C.     The Trustee may request upon a Producing Party and/or BLMIS customer that material designated as **CONFIDENTIAL MATERIAL**, as defined and governed by the Litigation Protective Order, be de-designated to allow disclosure of such

3

material in connection with discovery, including depositions. Failure by the Producing Party or customer to object to the request within seven (7) business days will be deemed to be acquiescence to the request. Should a Producing Party and/or BLMIS customer refuse to de-designate any such **CONFIDENTIAL MATERIAL**, the Trustee shall refer the matter to this Court, or to the appropriate Special Discovery Master, if appointed. The Producing Party shall have the burden of demonstrating that the material designated as **CONFIDENTIAL MATERIAL** is **CONFIDENTIAL** under the terms of the Litigation Protective Order and should continue to be protected as designated. Pending resolution of a dispute, there shall be no disclosure of the **CONFIDENTIAL MATERIAL** at issue.

D.  If the Trustee does not object to the production of the documents selected by a party's Outside Litigation Counsel (the "Requesting Party"), the Trustee shall notify each Producing Party whose documents have been selected for production. The Producing Party shall have ten (10) business days to object to the production of their documents in a letter addressed to the Trustee and the Requesting Party (the "Objection Letter") and reserves the right to object to such production on any ground. If the Producing Party does not submit an Objection Letter, the Trustee shall produce the documents requested from E-Data Room 2. If the Producing Party does submit an Objection Letter, the Trustee, the Requesting Party and the Producing Party shall meet and confer. If the meet and confer process does not resolve the dispute, the Requesting Party may file a motion to compel with the Court, or the appropriate Special Discovery Master, if appointed. The Requesting Party shall notify Baker & Hostetler LLP, counsel for the Trustee, 45 Rockefeller Plaza, New York, New York 10111, Attn: Sarah Jane T.C. Truong, Esq. (struong@bakerlaw.com), and any Producing Party whose documents have been requested for production out of E-Data Room 2, of the relief sought. The Trustee and each relevant Producing Party shall be given an opportunity to be heard as to the relief sought. Upon resolution by the Court or Special Discovery Master, the Trustee shall produce the documents approved for production by the Court or the Special Discovery Master. If the Trustee objects to the production of any documents selected by the Requesting Party, the Trustee and the Requesting Party shall meet and confer. If the Trustee and the Requesting Party come to an agreement to produce the requested documents, the Trustee shall notify each Producing Party whose documents the Trustee and outside counsel agree should be produced from E-Data Room 2. The Producing Party shall have ten (10) business days submit an Objection Letter. If the Producing Party does not submit an Objection Letter, the Trustee shall produce the documents requested from E-Data Room 2. If the Producing does submit an Objection Letter, the Trustee, the Requesting Party and the Producing Party shall meet and confer. If the meet and confer process does not resolve the dispute, the Requesting Party may file a motion to compel with the Court, or the appropriate Special Discovery Master, if appointed. The Requesting Party shall notify Baker & Hostetler LLP, counsel for the Trustee, 45 Rockefeller Plaza, New York, New York 10111, Attn: Sarah Jane T.C. Truong, Esq. (struong@bakerlaw.com), and any Producing Party whose documents have been requested for production out of E-Data Room 2, of the relief

sought.  The Trustee and relevant Producing Parties shall be given an opportunity to be heard as to the relief sought.  Upon resolution by the Court or Special Discovery Master, the Trustee shall produce the documents approved for production by the Court or the Special Discovery Master.

E.     Documents designated as **CONFIDENTIAL** as of the date of the entry of the Order Establishing Procedures for Electronic Data Rooms shall remain **CONFIDENTIAL**, unless documents are de-designated pursuant to a court order or an agreement between the Producing Party and the Trustee.  A resolution from the Court, or the Special Discovery Masters, if appointed, that the Trustee shall produce material designated as **CONFIDENTIAL MATERIAL** from E-Data Room 2 does not disturb the **CONFIDENTIAL** designation of the materials, unless the Trustee or a Requesting Party has specifically requested such relief.

**ORDERED**, that this Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated:   New York, New York
            October __, 2011

_____
HONORABLE BURTON R. LIFLAND
UNITED STATES BANKRUPTCY JUDGE

300180763