Hearing Date: October 5, 2011 at 10:00 a.m.
Objection Deadline: September 22, 2011 at 12:00 p.m.

CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
(212) 225-2000

*Attorneys for HSBC Bank plc, HSBC Holdings plc, HSBC Securities Services (Luxembourg) S.A., HSBC Institutional Trust Services (Ireland) Limited, HSBC Securities Services (Ireland) Limited, HSBC Institutional Trust Services (Bermuda) Limited, HSBC Bank USA, N.A., HSBC Securities Services (Bermuda) Limited, HSBC Bank (Cayman) Limited, HSBC Private Bank Holdings (Suisse) S.A., HSBC Private Bank (Suisse) S.A., HSBC Fund Services (Luxembourg) S.A., and HSBC Bank Bermuda Limited*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | SIPA LIQUIDATION<br><br>No. 08-01789 (BRL)<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Debtor. | |

**JOINDER OF UBS'S, UNICREDIT S.P.A.'S, AND THE BANK OF NEW YORK MELLON'S OBJECTIONS TO THE TRUSTEE'S MOTION FOR AN ORDER ESTABLISHING PROCEDURES FOR ELECTRONIC DATA ROOMS AND AN ORDER MODIFYING THE JUNE 6, 2011 LITIGATION PROTECTIVE ORDER**

HSBC Bank plc, HSBC Holdings plc, HSBC Securities Services (Luxembourg)

S.A., HSBC Institutional Trust Services (Ireland) Limited, HSBC Securities Services (Ireland)

Limited, HSBC Institutional Trust Services (Bermuda) Limited, HSBC Bank USA, N.A., HSBC Securities Services (Bermuda) Limited, HSBC Bank (Cayman) Limited, HSBC Private Banking Holdings (Suisse) S.A., HSBC Private Bank (Suisse) S.A., HSBC Fund Services (Luxembourg) S.A., and HSBC Bank Bermuda Limited (together, the "HSBC Defendants"), by their attorneys Cleary Gottlieb Steen & Hamilton LLP, join the objections of UBS AG ("UBS"), UniCredit S.p.A. ("UniCredit") (Parts I and II only), and The Bank of New York Mellon Corporation ("BNY Mellon") to the Motion of Irving H. Picard (the "Trustee") For An Order Establishing Procedures For Electronic Data Rooms And An Order Modifying The June 6, 2011 Litigation Protective Order (the "Motion"), Docket No. 4290. In support of these objections, the HSBC Defendants respectfully state as follows:

**I.     The HSBC Defendants Join The Objections Of UBS, UniCredit and BNY Mellon**

1. The HSBC Defendants join the objections of UBS and BNY Mellon to the Trustee's Motion in full and join Parts I and II of the objections of UniCredit.[1]

2. This is not the first time the Trustee has attempted to renege on his obligations under confidentiality agreements he negotiated and entered into with targets of his discovery demands. On February 1, 2011, the Trustee filed a motion seeking the same relief, *see* Motion for Entry of a Litigation Protective Order, Docket No. 3819, and on March 2, 2011, the HSBC Defendants, along with several other parties, objected. *See* Objections, Docket Nos. 3882 – 3884, 3888 – 3894.

3. After several months of protracted but ultimately productive negotiations, the Trustee, in exchange for concessions made by the HSBC Defendants and other objectors, including the withdrawal of their objections, reaffirmed his commitment to abide by his separately-

---

[1] The HSBC Defendants make these objections without prejudice to or waiver of any rights or defenses in this matter or in any of the adversary proceedings related thereto, including without limitation defenses based upon lack of personal jurisdiction or improper service of process.

2

negotiated confidentiality agreements. On June 6, 2011, this Court entered the Litigation Protective Order currently in place in this case, which reflects the parties' agreement. *See* Litigation Protective Order ¶ 19, Docket No. 4137.

4. Two months later, however, the Trustee filed this Motion, which once again seeks to eliminate all separately-negotiated confidentiality agreements. Worse still, the Trustee is now seeking permission to place confidential documents he has received (as well as those he may receive in the future) in an electronic data room where counsel for all parties in all of the nearly 1,000 adversary proceedings related to this case will have total unfettered access to review them. The HSBC Defendants would not have agreed to produce any confidential documents to the Trustee had they known that the Trustee would ultimately attempt to back out of his bargained-for exchange and make those documents available for perusal by third parties in a manner that is wholly inconsistent with the concept of confidentiality.

5. In short, the HSBC Defendants agree with UBS, UniCredit and BNY Mellon that the Trustee has failed to meet his burden of showing that the Litigation Protective Order was improvidently granted or that some other extraordinary circumstance or compelling need warrants modifying that order, much less granting the extraordinary relief of nullifying all pre-existing confidentiality agreements, including those upon which certain HSBC Defendants have reasonably relied. *See SEC v. TheStreet.com*, 273 F.3d 222, 229 (2d Cir. 2001). The purported efficiency gains the Trustee will achieve with respect to his discovery obligations do not justify the relief he seeks here. *See, e.g., Med. Diagnostic Imaging, PLLC v. Carecore Nat'l, LLC*, Nos. 06 Civ. 7764 (CS)(THK), 06 Civ. 13561 (VM)(THK), 2009 WL 2135294, at *2 (S.D.N.Y. July 16, 2009); *Md. Cas. Co. v. W.R.*

*Grace & Co.*, No. 83 Civ. 7451 (SWK)(LB), 1994 WL 419787, at *3 (S.D.N.Y. Aug. 10, 1994).

6. The HSBC Defendants likewise agree with UBS, UniCredit and BNY Mellon that placement of a party's confidential documents in an electronic data room so that those documents can be viewed by third parties prior to production or even any determination about the proper scope of production renders the designation of a document as "Confidential" meaningless. Documents designated as confidential should not be placed in any electronic data room.

## II. Conclusion

7. For all of the foregoing reasons and all of the reasons stated by UBS, UniCredit and BNY Mellon, the HSBC Defendants respectfully request that this Court deny the Trustee's Motion or, in the alternative, preclude the Trustee from nullifying confidentiality agreements negotiated and relied upon by parties in good faith and from placing documents designated as confidential in an electronic data room.

Dated:  New York, New York
        September 22, 2011

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By ___/s/ Thomas J. Moloney___
Thomas J. Moloney, a Member of the Firm

*Attorneys for HSBC Bank plc, HSBC Holdings plc, HSBC Securities Services (Luxembourg) S.A., HSBC Institutional Trust Services (Ireland) Limited, HSBC Securities Services (Ireland) Limited, HSBC Institutional Trust Services (Bermuda) Limited, HSBC Bank USA, N.A., HSBC Securities Services (Bermuda) Limited, HSBC Bank (Cayman) Limited, HSBC Private Banking Holdings (Suisse) S.A., HSBC Private Bank (Suisse) S.A., HSBC Fund Services (Luxembourg) S.A., and HSBC Bank Bermuda Limited*