**WACHTELL, LIPTON, ROSEN & KATZ**
51 West 52nd Street
New York, New York 10019
(212) 403-1000

*Attorneys for Defendants JPMorgan Chase & Co.,*
*JPMorgan Chase Bank, N.A., J.P. Morgan Securities LLC,*
*and J.P. Morgan Securities Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>            Plaintiff-Applicant,<br><br>            v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>            Defendant. | SIPA LIQUIDATION<br><br>No. 08-01789 (BRL)<br><br>Substantively Consolidated |
| In re:<br><br>BERNARD L. MADOFF,<br><br>            Debtor. | |

**NON-PARTY JPMORGAN'S JOINDER OF OBJECTIONS TO THE TRUSTEE'S**
**MOTION FOR AN ORDER ESTABLISHING PROCEDURES FOR ELECTRONIC**
**DATA ROOMS AND AN ORDER MODIFYING THE JUNE 6, 2011 LITIGATION**
**PROTECTIVE ORDER**

Non-party JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., J.P. Morgan Securities LLC, and J.P. Morgan Securities Ltd. (together, "JPMorgan") hereby join the objections of the Bank of New York Mellon Corporation ("BNY Mellon"), UBS AG, Sterling Equities, and UniCredit S.p.A. (as to Points I and II), to the Motion of Irving H. Picard (the "Trustee") for (I) a Report and Recommendation to the District Court for the Appointment of Special Discovery Masters; (II) an Order Establishing Procedures for Electronic Data Rooms; and (III) an Order Modifying the June 6, 2011 Litigation Protective Order.[1]

1. As this Court has recognized, "no one would bother to sign on to a confidentiality stipulation if it had no lasting effect." *In re Ionosphere Clubs*, 156 B.R. 414, 431 (S.D.N.Y. 1993) (citing remarks of Lifland, J.).

2. According to the Trustee, however, he should be permitted to enter into a confidentiality agreement when convenient for him — only to reverse course and renege on that agreement when it suits him.

3. Over the course of many months, JPMorgan made twenty-two document productions to the Trustee pursuant to Rule 2004 requests in reliance on the protective order entered by this Court on February 16, 2010, as well as in reliance on the Side Agreement reached between JPMorgan and the Trustee concerning confidentiality. This background is set forth more fully in the Objection of JPMorgan to the Trustee's Motion for Entry of a Litigation Protective

---

[1] JPMorgan is a defendant in an adversary proceeding (No. 10-4932) originally commenced by the Trustee in this Court. However, the District Court has since withdrawn the reference of that proceeding in its entirety. *See Picard v. JPMorgan*, 2011 WL 2119720 (S.D.N.Y. May 23, 2011). Accordingly, this objection is being filed only with respect to discovery taken by the Trustee pursuant to Rule 2004 prior to withdrawal of the reference. Matters relating to future discovery, if any, will be addressed at an appropriate time in the District Court, and JPMorgan hereby expressly reserves all rights and waives none with respect to any such discovery. JPMorgan's objection to the Trustee's proposed Orders is not and shall in no way be construed as a concession that those Orders, in whatever form ultimately entered, apply to discovery going forward.

2

Order, filed March 2, 2011 — the first time the Trustee attempted unilaterally to abrogate his contracts with JPMorgan and others.

4. In addition, on May 31, 2011, JPMorgan and the Trustee memorialized the terms of the parties' Side Agreement in a fully executed Letter Agreement.

5. Moreover, at the Trustee's request, JPMorgan re-reviewed every document it had produced and de-designated a substantial number of documents previously designated Confidential. A replacement production of more than 100,000 pages was made to the Trustee on August 2, 2011. This project required an enormous commitment of time and expense by JPMorgan and was carried out in specific reliance upon the May 31, 2011 Side Agreement signed by the Trustee's counsel.

6. Then, just *three days* after JPMorgan made the replacement production, the Trustee made an abrupt about-face and filed this motion to nullify his obligations under the existing protective order and under the Side Agreement with JPMorgan.

7. The benefits to the Trustee of entering into the Side Agreement have already been received by him — that is, by agreeing to protect JPMorgan's confidential information, the Trustee received prompt production of more than 100,000 pages of documents as well as a complete re-review of that production by JPMorgan at the Trustee's behest. Now, having received those benefits, the Trustee seeks to deny JPMorgan the very protection it was assured when it acted in good faith to accommodate the Trustee's requests. In other words, the Trustee seeks to turn a fully executed contract into a one-way deal. Under well-settled law, this tactic is not permitted.

8. For all of the reasons stated by the Second Circuit in *SEC* v. *TheStreet.com*, 273 F.3d 222, 229 (2d Cir. 2001), as well as those set forth in the objections submitted by BNY Mellon, UBS AG, Sterling Equities, and UniCredit S.p.A. (as to Points I and II), the Trustee should not be allowed to go back on his word.

9. Furthermore, for the reasons set forth in the objections submitted by BNY Mellon, UBS AG, Sterling Equities, and UniCredit S.p.A. (as to Points I and II), the Trustee's attempt to limit those categories of documents that can be excluded from E-Data Room 2 is unreasonable and without basis, and utterly fails to account for the highly sensitive and confidential nature of the documents produced by JPMorgan and others.

10. For all of the foregoing reasons, as well as those stated by BNY Mellon, UBS AG, Sterling Equities, and UniCredit S.p.A. (as to Points I and II), JPMorgan respectfully requests that this Court deny the Trustee's Motion.

Dated: New York, New York
September 22, 2011

*Of counsel:*

Amy R. Wolf
Douglas K. Mayer
Stephen R. DiPrima
Emil A. Kleinhaus
Meredith L. Turner

Respectfully submitted,

WACHTELL, LIPTON, ROSEN & KATZ

By: /s/ John F. Savarese
    John F. Savarese

51 West 52nd Street
New York, NY 10019
Telephone: (212) 403-1000
Facsimile: (212) 403-2000

*Attorneys for Defendants JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., J.P. Morgan Securities LLC and J.P. Morgan Securities Ltd.*