**<u>EXHIBIT C</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br>      Plaintiff-Applicant, <br><br>      v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br>      Defendant. | Adv. Pro. No. 08-01789 (BRL) <br> SIPA Liquidation <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br>      Debtor. | |

## <u>ORDER MODIFYING THE JUNE 6, 2011 LITIGATION PROTECTIVE ORDER</u>

Upon the motion (the "Motion")[1] of Irving H. Picard (the "Trustee"), as trustee for the

liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under

the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"), and the

substantively consolidated estate of Bernard L. Madoff ("Madoff", and together with BLMIS the

"Debtors"), seeking entry of an order pursuant to section 105(a) of the United States Bankruptcy

Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), and Rules 7016, 7026 and 9006 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), modifying the Litigation

Protective Order entered into by the Court on June 6, 2011 (the "Litigation Protective Order");

---

[1] All references to the "Motion" are references to the motion filed on August 5, 2011, requesting entry of: (I) a report and recommendation to the District Court for the appointment of Special Discovery Masters; (II) an Order expanding the Case Management Procedures approved by the Court on November 10, 2010, granting access to the Trustee's existing electronic data room to additional defendants and establishing procedures for the creation of a separate electronic data room for documents produced to the Trustee; and (III) an Order modifying, in limited fashion, the Litigation Protective Order, dated June 6, 2011 [Dkt. 4137], including superseding all individual confidentiality agreements between the Trustee and any parties. All terms not defined herein shall have such meanings as ascribed to them in the Motion.

and the Court having jurisdiction to consider the Motion and the relief requested therein in

accordance with section 15 U.S.C. § 79eee(b)(4) of SIPA, the Protective Decree, entered on

December 15, 2008 by the United States District Court for the Southern District of New York

(the "District Court") in Case No. 08 CV 10791, and 28 U.S.C. §§ 157 and 1334; and it

appearing that the relief requested in the Motion is in the best interests of the estate and its

customers; and due notice of the Motion having been given, and it appearing that no other or

further notice need be given; and the Court having determined that the legal and factual bases set

forth in the Motion establish just cause for the relief granted herein; and upon the proceedings

before the Court and after due deliberation, it is hereby

**ORDERED**, that the relief requested in the Motion is granted; and it is further

**ORDERED**, that the Litigation Protective Order is modified as follows:

A.  To the extent that a Producing Party and the Trustee have entered into an agreement regarding the confidentiality or non-disclosure of documents or discovery materials, such agreements shall be superseded by the June 6, 2011 Litigation Protective Order, with the exception of settlement agreements and agreements that protect documents provided for settlement and/or mediation purposes only.  All designations of material as **CONFIDENTIAL** shall be controlled by the June 6, 2011 Litigation Protective Order, and Paragraph 19 of that Order shall be deemed modified accordingly.

B.  Documents produced by, and deposition transcripts (including exhibits) of, parties subpoenaed by the Trustee pursuant to Bankruptcy Rule 2004 shall be placed in E-Data Room 2, unless excluded as set forth below.  Documents produced by and deposition transcripts (including exhibits) of defendants and third parties in the adversary proceedings shall also be placed in E-Data Room 2, unless excluded as set forth below.

C.  Access to E-Data Room 2 will not be provided to defendants in the actions seeking solely fictitious profits in which a Notice of Applicability was filed (the "Avoidance Actions").  Access will only be provided to attorneys of record in the non-Avoidance Actions with whom the Trustee is engaged in active discovery under Federal Rule of Bankruptcy Procedure 7026 ("Outside Litigation Counsel").

D.  The Trustee will exclude from E-Data Room 2:  (i) documents provided to the Trustee in connection with hardship applications; (ii) documents provided to the

2

Trustee for settlement and/or mediation purposes only; (iii) documents subject to or controlled by a domestic or foreign court order; (iii) information that this Court has previously ordered to remain under seal, pursuant to the Order Regarding Redactions in Complaints dated April 12, 2011 [Dkt. 4009]; or (iv) customer account records produced by financial institutions subject to the Gramm-Leach-Bliley Act. E-Data Room 2 will also exclude those documents that, due to contractual obligations, are no longer in the possession, custody or control of the Trustee or were provided to the Trustee for settlement and/or mediation purposes only.

E.      Any Producing Parties may object to the inclusion of specified material, as set forth in the Order Establishing Procedures for Electronic Data Rooms, entered on October __, 2011 [Dkt. ____] and the Order Appointing Special Discovery Masters, entered on October __, 2011, in E-Data Room 2 (as defined in the Order Establishing Procedures for Electronic Data Rooms). Producing Parties may object to the inclusion in E-Data Room 2 of those documents that contain highly sensitive commercial information, including, but not limited to, trade secrets, the inclusion of which would create a substantial risk of serious commercial harm to the Producing Party or its customers. Producing Parties may also object to the inclusion in E-Data Room 2 of those documents that are confidential by operation of foreign law upon a reasonable showing of the applicability of such law by the Producing Party. Producing Parties may object to the inclusion in E-Data Room 2 of individuals' sensitive personal financial documents, including, but not limited to, individual income tax returns, personal retirement account statements, bank account statements and home mortgage statements. Collectively, the items in this paragraph are "Excludable Material." Subject to the procedures below, Excludable Material will not be included in E-Data Room 2.

1.      With respect to documents produced to the Trustee prior to entry of the Order Establishing Procedures for Electronic Data Rooms, any Producing Party may object to the inclusion of such material in E-Data Room 2 by submitting a letter to Baker & Hostetler LLP, counsel for the Trustee, 45 Rockefeller Plaza, New York, New York 10111, Attn: Sarah Jane T.C. Truong, Esq. (struong@bakerlaw.com), within sixty (60) days of the entry of the Order Establishing Procedures for Electronic Data Rooms, identifying, by beginning production Bates number, the documents and the basis for exclusion. To the extent the Trustee disagrees that such documents are Excludable Material, the Trustee and Producing Party shall meet and confer. If the Trustee and the Producing Party do not reach agreement as to the documents are Excludable Material and thus shall be excluded from E-Data Room 2, the Trustee and the Producing Party shall seek resolution from the Court or the appropriate Special Discovery Master, if appointed, pursuant to the Order Appointing Special Discovery Masters, as to which documents are Excludable Material. If the Trustee disagrees with a Producing Party that such documents are Excludable Material, the disputed documents will be excluded from E-Data Room 2

3

until a resolution has been reached either between the parties or by the Court or appropriate Special Discovery Master, if appointed.

2.  With respect to documents produced to the Trustee on or after the date of entry of the Order Establishing Procedures for Electronic Data Rooms, any Producing Party may object to the inclusion of such material in E-Data Room 2 by submitting a letter to Baker & Hostetler LLP, counsel for the Trustee, 45 Rockefeller Plaza, New York, New York 10111, Attn: Sarah Jane T.C. Truong, Esq. (struong@bakerlaw.com), identifying, by beginning production Bates number, the documents and the basis for exclusion.  To the extent the Trustee disagrees that such documents are Excludable Material, the Trustee and Producing Party shall meet and confer.  If the Trustee and the Producing Party do not reach agreement as to the documents are Excludable Material and thus shall be excluded from E-Data Room 2, the Trustee and the Producing Party shall seek resolution from the Court, or the appropriate Special Discovery Master, if appointed, pursuant to the Order Appointing Special Discovery Masters.  If the Trustee disagrees with a Producing Party that such documents are Excludable Material, the disputed documents will be excluded from E-Data Room 2 until a resolution has been reached either between the parties or by the Court or appropriate Special Discovery Master, if appointed.

F.  All requests for exclusion of documents from E-Data Room 2, as set forth above, shall be made in good faith and not for the purpose of delaying or obstructing the ability of any other party to prepare for litigation in the adversary proceedings. The Producing Party shall be responsible for all costs and fees the Trustee incurs as a result of excessive, overly broad and unreasonable requests, including attorneys' fees and Special Discovery Masters' fees.  Such requests shall also be subject to sanctions as the Court, or the Special Discovery Masters, if appointed, shall determine.

G.  The Trustee may request upon a Producing Party and/or BLMIS customer that material designated as **CONFIDENTIAL MATERIAL**, as defined and governed by the Litigation Protective Order, be de-designated to allow disclosure of such material in connection with discovery, including depositions.  Failure by the Producing Party or customer to object to the request within seven (7) business days will be deemed to be acquiescence to the request.  Should a Producing Party and/or BLMIS customer refuse to de-designate any such **CONFIDENTIAL MATERIAL**, the Trustee shall refer the matter to this Court, or to the appropriate Special Discovery Master, if appointed.  The Producing Party shall have the burden of demonstrating that the material designated as **CONFIDENTIAL MATERIAL** is **CONFIDENTIAL** under the terms of the Litigation Protective Order and should continue to be protected as designated.  Pending resolution of a dispute, there shall be no disclosure of the **CONFIDENTIAL MATERIAL** at issue.

H. The Trustee will restrict the requesting Outside Litigation Counsel's access within E-Data Room 2 according to the parameters agreed upon through the meet and confer process. Documents selected for production from E-Data Room 2 by the requesting Outside Litigation Counsel ("Requesting Party") will be reviewed by the Trustee for any objections under the Federal Rules of Civil Procedures, including, but not limited to, relevance and to apply redactions to personally identifiable information.

1. If the Trustee does not object to the production of the documents selected by the Requesting Party, the Trustee shall notify each Producing Party whose documents have been selected for production. The Producing Party shall have ten (10) business days to object to the production of their documents in a letter addressed to the Trustee and the Requesting Party (the "Objection Letter") and reserves the right to object to such production on any ground. If the Producing Party does not submit an Objection Letter, the Trustee shall produce the documents requested from E-Data Room 2. If the Producing Party does submit an Objection Letter, the Trustee, the Requesting Party and the Producing Party shall meet and confer. If the meet and confer process does not resolve the dispute, the Requesting Party may file a motion to compel with the Court, or the appropriate Special Discovery Master, if appointed. The Requesting Party shall notify Baker & Hostetler LLP, counsel for the Trustee, 45 Rockefeller Plaza, New York, New York 10111, Attn: Sarah Jane T.C. Truong, Esq. (struong@bakerlaw.com), and any Producing Party whose documents have been requested for production out of E-Data Room 2, of the relief sought. The Trustee and each relevant Producing Party shall be given an opportunity to be heard as to the relief sought. Upon resolution by the Court or Special Discovery Master, the Trustee shall produce the documents approved for production by the Court or the Special Discovery Master.

2. If the Trustee objects to the production of any documents selected by the Requesting Party, the Trustee and the Requesting Party shall meet and confer. If the Trustee and the Requesting Party come to an agreement to produce the requested documents, the Trustee shall notify each Producing Party whose documents the Trustee and outside counsel agree should be produced from E-Data Room 2. The Producing Party shall have ten (10) business days submit an Objection Letter. If the Producing Party does not submit an Objection Letter, the Trustee shall produce the documents requested from E-Data Room 2. If the Producing Party does submit an Objection Letter, the Trustee, the Requesting Party and the Producing Party shall meet and confer. If the meet and confer process does not resolve the dispute, the Requesting Party may file a motion to compel with the Court, or the appropriate Special Discovery Master, if appointed. The Requesting Party shall notify Baker & Hostetler LLP, counsel for the Trustee, 45 Rockefeller Plaza, New York, New York 10111, Attn: Sarah Jane T.C. Truong, Esq. (struong@bakerlaw.com), and any Producing

Party whose documents have been requested for production out of E-Data Room 2, of the relief sought.  The Trustee and relevant Producing Parties shall be given an opportunity to be heard as to the relief sought.  Upon resolution by the Court or Special Discovery Master, the Trustee shall produce the documents approved for production by the Court or the Special Discovery Master.

I.       Documents designated as **CONFIDENTIAL** as of the date of the entry of the Order Establishing Procedures for Electronic Data Rooms shall remain **CONFIDENTIAL**, unless documents are de-designated pursuant to a court order or an agreement between the Producing Party and the Trustee.  A resolution from the Court, or the Special Discovery Masters, if appointed, that the Trustee shall produce material designated as **CONFIDENTIAL MATERIAL** from E-Data Room 2 does not disturb the **CONFIDENTIAL** designation of the materials, unless the Trustee or a Requesting Party has specifically requested such relief.

**ORDERED**, that this Court shall retain jurisdiction with respect to all matters relating to

the interpretation or implementation of this Order.


Dated:  New York, New York
          October __, 2011


                                                        _____
                                                        HONORABLE BURTON R. LIFLAND
                                                        UNITED STATES BANKRUPTCY JUDGE


300181484

6