**Baker & Hostetler LLP**  
45 Rockefeller Plaza  
New York, New York 10111  
Telephone: (212) 589-4200  
Facsimile: (212) 589-4201  
David J. Sheehan  
Email: dsheehan@bakerlaw.com  
Jorian L. Rose  
Email: jrose@bakerlaw.com  
Seanna R. Brown  
Email: sbrown@bakerlaw.com  
Bik Cheema  
Email: bcheema@bakerlaw.com  
Jacqlyn R. Rovine  
Email: jrovine@bakerlaw.com  

Hearing Date: October 26, 2011  
Time: 10:00 a.m.  

Objections Due: October 19, 2011  
Time: 4:00 p.m.  

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>              Plaintiff,<br><br>        v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>              Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>              Debtor. | |

**MOTION FOR AN ORDER TO SCHEDULE HEARING
ON "CUSTOMER" ISSUE AS IT RELATES TO ERISA**

Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of the

business of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the estate of Bernard L. Madoff ("Madoff") (collectively, "Debtor"), by and through his undersigned counsel, hereby moves this Court to enter the scheduling order proposed herein regarding the "customer" issue as it relates to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* (the "Scheduling Motion"). The Scheduling Motion seeks to set a hearing to affirm and adjudicate the customer claims and corresponding objections filed by investors who did not have a BLMIS account in their names, invested only indirectly in BLMIS, and argue that ERISA and related regulations determine their "customer" status under SIPA ("ERISA Claimants Without An Account"). No claims of direct accountholders, including any direct accountholders whose accounts that may contain ERISA plan property, are proposed to be within the purview of this Scheduling Motion and the briefing schedule and hearing proposed herein.

The Trustee, in support of the Scheduling Motion, states as follows:

## BACKGROUND

1. On December 11, 2008, the Securities and Exchange Commission ("SEC") filed a Complaint in the United States District Court for the Southern District of New York against defendants Madoff and BLMIS, No. 08-CV-10791 (LLS) (the "Civil Case").

2. On December 15, 2008, pursuant to section 78eee(a)(4)(A) of the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.* ("SIPA"),[1] the SEC consented to a combination of the Civil Case with an application filed by the Securities Investor Protection Corporation ("SIPC"). Thereafter, pursuant to section 78eee(a)(3) of SIPA, SIPC filed an application in the District Court alleging, *inter alia*, that the Debtor was not able to meet its obligations to securities

---

[1] Subsequent references to SIPA shall omit "15 U.S.C."

2

customers as they came due and, accordingly, its customers needed the protection afforded by SIPA.

3. On December 15, 2008, the District Court entered an order pursuant to SIPA which, in pertinent part:

    (a) appointed Irving H. Picard as trustee for the liquidation of the business of BLMIS, pursuant to section 78eee(b)(3) of SIPA;

    (b) appointed Baker & Hostetler LLP as counsel to the Trustee pursuant to section 78eee(b)(3) of SIPA;

    (c) removed the case to this Bankruptcy Court pursuant to section 78eee(b)(4) of SIPA; and

    (d) authorized the Trustee to take immediate possession of the property of the debtor, wherever located.

4. Under SIPA, the Trustee is responsible for determining claims, recovering and distributing customer property to BLMIS customers, and liquidating any other assets of the Debtor for the benefit of the estate and its creditors.

5. On December 23, 2008, this Court entered an order (the "Claims Procedures Order") that, *inter alia*, specified the procedures for the filing, determination, and adjudication of customer claims in this proceeding.

6. The Claims Procedures Order authorizes the Trustee to determine investor claims, allows a claimant to object to the Trustee's determination of a claim by filing an objection in this Court, and directs the Trustee to request a hearing date for the objection and notify the objecting claimant thereof.

7. Pursuant to section 78*lll*(2) of SIPA, only those claimants who had an account at BLMIS were "customers" of BLMIS. If a claimant did not have an account in her name at BLMIS but invested with an intermediary entity that directly or indirectly invested at

BLMIS (a "Claimant Without An Account"), the Trustee determined that the claimant was not a "customer" of BLMIS.

8.  On this basis, on December 8, 2009, the Trustee denied approximately 8,500 claims of Claimants Without An Account. In response, Claimants Without An Account filed 708 objections to the Trustee's claims determinations.

9.  On June 11, 2010, the Trustee filed a Motion For An Order To Affirm Trustee's Determinations Denying Claims of Claimants Without BLMIS Accounts In Their Names, Namely, Investors In Feeder Funds (the "Feeder Fund Customer Motion"). Claimants Without An Account, and others, filed 182 oppositions to the Feeder Fund Customer Motion. The Court conducted a hearing on the Feeder Fund Customer Motion on October 19, 2010.

10. On June 28, 2011, the Court issued a Memorandum Decision And Order Granting, To The Extent Set Forth Herein, Trustee's Motion To Affirm Trustee's Determinations Denying Claims Of Claimants Without BLMIS Accounts In Their Names, Namely, Investors In Feeder Funds (the "Feeder Fund Customer Order"), reported at *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC*, 2011 Bankr. LEXIS 2482 (Bankr. S.D.N.Y. June 28, 2011). The Feeder Fund Customer Order affirmed the Trustee's definition of a "customer" under SIPA, which is applicable to Claimants Without An Account in the sixteen Feeder Funds that were the subject of the Feeder Fund Customer Motion. Certain Claimants Without An Account subject to the Feeder Fund Customer Motion have filed appeals thereto, which are pending in the United States District Court for the Southern District of New York before the Honorable Denise L. Cote, U.S.D.J.

11. Upon information and belief, ERISA Claimants Without An Account relating to 54 claims objected to the Feeder Fund Customer Motion. At the hearing, the Trustee's

4

counsel informed the Court that the claims and objections of Claimants Without An Account whose BLMIS accounts allegedly contained ERISA plan property, including the ERISA Claimants Without An Account relating to 54 claims, would be adjudicated separately as to the ERISA-related issues. The Trustee requests that those objecting ERISA Claimants Without An Account, with any other alleged ERISA Claimants Without An Account, be included in the briefing schedule and hearing proposed herein.

12. Generally, the ERISA Claimants Without An Account assert that they are entitled to "customer" status under SIPA by virtue of ERISA and related regulations. Each such Claimant argues that she is entitled to receive up to $500,000 of SIPC protection.

13. The Trustee seeks entry of a Scheduling Order establishing a briefing schedule and hearing date to address the customer claims and corresponding objections filed by investors who did not have BLMIS accounts in their names, invested only indirectly in BLMIS, and argue that ERISA and related regulations determine their "customer" status under SIPA (again, "ERISA Claimants Without An Account"). No claims of direct accountholders, including any direct accountholders that may contain ERISA plan property, are proposed to be within the purview of this Scheduling Motion and the briefing schedule and hearing proposed herein.

**RELIEF REQUESTED**

14. In accordance with the Claims Procedures Order, which requires the Trustee to seek a briefing schedule and hearing date to adjudicate the objections to claims determinations, the proposed Scheduling Order would establish an orderly procedure for this Court to resolve objections filed by investors who did not have a BLMIS account in their names, invested only indirectly in BLMIS, and argue that ERISA and related regulations determine their "customer"

5

status under SIPA ("ERISA Claimants Without An Account"). The Trustee proposes the following:

    A.    On or before November 11, 2011, the Trustee shall file the Motion For An Order To Affirm Trustee's Determinations Denying Claims of Claimants Without BLMIS Accounts In Their Names, Namely, Investors In ERISA Property (the "ERISA Claimants Without An Account Motion" or "ERISA CWAA Motion") that seeks to affirm the Trustee's denial of the claims of certain claimants who did not have BLMIS accounts in their names, invested only indirectly in BLMIS, and argue that ERISA and related regulations determine their "customer" status under SIPA. The sole purpose of the ERISA CWAA Motion shall be to resolve the claims objections that raised ERISA as a basis for determining their customer status, i.e., the ERISA Claimants Without An Account. The Trustee is not required to file a memorandum of law in support concurrently with the ERISA CWAA Motion; the memorandum of law will be filed in accordance with paragraph D herein.

    B.    Any ERISA Claimant Without An Account who wishes to participate in the briefing on this issue as it pertains to their claims and objections ("ERISA Objecting Claimants Without An Account" or "ERISA Objecting CWAA") shall file a memorandum of law in opposition ("Opposition Briefs") to the ERISA CWAA Motion on or before December 19, 2011. Failure to file timely Opposition Briefs will bar those ERISA Objecting CWAA from being heard on this issue, unless the Trustee agrees or the Court orders

otherwise, and the Court's Order on the ERISA CWAA Motion will be binding on them.

C. Because a claimant bears the burden of establishing "customer" status, ERISA Objecting CWAA shall submit to the Trustee documentation (including documents regarding their ERISA plan, BLMIS investment, the proportionate share of the ERISA plan in the BLMIS investment, or any other relevant documents to their claims and objections) in support of the argument that ERISA and related regulations determine their "customer" status (the "ERISA Documentation"). The ERISA Documentation should be transmitted to the Trustee no later than the date on which an Opposition Brief is filed. In accordance with the Claims Procedures Order, the ERISA Documentation should be served on the Trustee at Irving H. Picard, Trustee for Bernard L. Madoff Investment Securities LLC, Claims Processing Center, 2100 McKinney Avenue, Suite 800, Dallas TX 75201. All ERISA Objecting CWAA shall retain copies of all documents provided to the Trustee. Failure to submit supporting documentation with timely Opposition Briefs will bar those ERISA Objecting CWAA from doing so subsequently, unless the Trustee agrees or the Court orders otherwise. The Trustee will collect all ERISA Documentation submitted to him and prepare a unified submission to the Court. Because of potential privacy and/or confidentiality issues, the ERISA Documentation shall not be filed with the Court electronically on ECF unless an ERISA Objecting CWAA chooses to file such documents in support of her Opposition Brief. The Trustee shall,

7

however, file a declaration with the Court that identifies generally the ERISA Documentation submitted to him.

D. In support of the ERISA CWAA Motion and in response to the Opposition Briefs, the Trustee shall file by February 2, 2012 a memorandum of law and any supporting papers setting forth the factual and legal bases for the Trustee's denial of the ERISA Objecting CWAA's claims. The Trustee may rely on ERISA Documentation in support of the ERISA CWAA Motion. If the Trustee seeks to file any ERISA Documentation electronically with the Court on ECF, he will make any necessary redactions after conferring with the Claimant that produced such documents.

E. SIPC may file a brief with reference to the ERISA CWAA Motion on or before February 2, 2012.

F. Any Interested Parties (as defined in paragraph 15) may file briefs relating to the ERISA CWAA Motion on or before February 2, 2012. Any such briefs must be served upon (a) Baker & Hostetler, LLP, counsel for the Trustee, 45 Rockefeller Plaza, New York, New York 10111, Attn: David J. Sheehan, and (b) the Securities Investor Protection Corporation, 805 Fifteenth Street, NW, Suite 800, Washington, DC 20005, Attn: Kevin H. Bell.

G. ERISA Objecting CWAA may file any reply papers on or before March 1, 2012. Any such briefs must be served upon (a) Baker & Hostetler, LLP, counsel for the Trustee, 45 Rockefeller Plaza, New York, New York 10111,

       Attn: David J. Sheehan, and (b) the Securities Investor Protection Corporation, 805 Fifteenth Street, NW, Suite 800, Washington, DC 20005, Attn: Kevin H. Bell.

H.  The Trustee and SIPC may file any sur-reply papers on or before March 30, 2012.

I.  The Court shall hold a hearing on the ERISA CWAA Motion on April 25, 2012, at 10:00 a.m., or such other time as the Court determines. The Court will consider only the Trustee's construction of the term "customer" as it relates to ERISA; any other issues raised by ERISA Objecting CWAA will be resolved in subsequently scheduled hearings.

15.  "Interested Parties" are limited to governmental entities, and specifically include the Securities & Exchange Commission ("SEC"), the Department of Labor (the "DoL"), the Pension Benefit Guaranty Corporation (the "PBGC"), and the Internal Revenue Service (the "IRS").

16.  The briefing schedule and hearing date set forth in this Scheduling Order is not limited to the ERISA Claimants Without An Account identified in the Trustee's ERISA CWAA Motion. Other claimants or parties-in-interest who seek to file papers regarding ERISA as it relates to their claims and corresponding objections may do so consistent with the Scheduling Order. Such claimants and parties-in-interest must file their Opposition Briefs and supporting documentation on the same date as the ERISA Objecting CWAA, December 19, 2011, and must identify: (i) the claimant or party-in-interest's interest in this matter, including, but not limited to, whether the claimant had an account at BLMIS, (ii) the timely-filed customer claim, if applicable, and (iii) the docket numbers of any objections to the Trustee's claim determination, and any other

submissions to this Court or any other court related to this liquidation proceeding, if applicable. Any such briefs must be served upon (a) Baker & Hostetler, LLP, counsel for the Trustee, 45 Rockefeller Plaza, New York, New York 10111, Attn: David J. Sheehan, and (b) the Securities Investor Protection Corporation, 805 Fifteenth Street, NW, Suite 800, Washington, DC 20005, Attn: Kevin H. Bell.  A claimant's or party-in-interest's failure to file a timely Opposition Brief and supporting documentation will bar her from being heard on this issue, unless the Trustee agrees or the Court orders otherwise, and the Court's Order on the ERISA CWAA Motion will be binding on them.

## **NOTICE**

17.     Notice of this Scheduling Motion has been provided by U.S. mail, postage prepaid, email, or by ECF to (i) all claimants whose objections are pending before this Court; (ii) all parties that have filed a notice of appearance in this case; (iii) the SEC; (iv) the DoL; (v) the PBGC; (vi) the IRS; and (vii) the United States Attorney for the Southern District of New York (collectively, the "Notice Parties").  In addition, all of the pleadings filed in accordance with the schedule outlined above will be posted to the Trustee's website www.madofftrustee.com and are accessible, without charge, from that site.

18.     The Trustee submits that no other or further notice need be given.

**WHEREFORE**, the Trustee respectfully requests that the Court: (a) enter an order substantially in the form attached hereto as Exhibit A, granting the relief requested herein; and (b) grant such other and further relief to the Trustee as the Court deems proper.

Dated: New York, New York
October 4, 2011

*/s/ David J. Sheehan*
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Jorian L. Rose
Email: jrose@bakerlaw.com
Seanna R. Brown
Email: sbrown@bakerlaw.com
Bik Cheema
Email: bcheema@bakerlaw.com
Jacqlyn R. Rovine
Email: jrovine@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*