# EXHIBIT A

**Affidavit of Disinterestedness**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
SECURITIES INVESTOR PROTECTION            :
CORPORATION,
                                          :   Adv. Pro. No. 08-01789 (BRL)
            Plaintiff-Appellant,
                                          :   SIPA Liquidation
        v.
                                          :   (Substantively Consolidated)
BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,                           :

            Defendant.                    :
----------------------------------------------------------------X
In re:                                    :

BERNARD L. MADOFF,                        :

            Debtor.                       :
----------------------------------------------------------------X

### AFFIDAVIT OF GARY B. FREIDMAN
### IN SUPPORT OF TRUSTEE'S MOTION FOR AN ORDER APPROVING
### THE RETENTION OF GREENFIELD STEIN & SENIOR, LLP
### AS SPECIAL COUNSEL *NUNC PRO TUNC* AS OF APRIL 20, 2011

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

**GARY B. FREIDMAN**, being duly sworn, deposes and says:

1.  I am a member of the law firm of Greenfield Stein & Senior, LLP ("GS&S" or the "Firm"), whose offices are located at 600 Third Avenue, New York, New York 10016. I and any attorneys at this firm working on this matter are admitted to practice in this Court.

2.  Upon review of GS&S's conflicts database, neither I, GS&S, nor any member or associate thereof, have any connection with Bernard L. Madoff Investment Securities LLC ("BLMIS") or Bernard L. Madoff ("Madoff" and together with BLMIS, the "Debtors"), with Madoff's petitioning creditors, any other party in interest, Irving H. Picard, Esq. (the "Trustee"), or any person employed in the Office of the United States Trustee for the Southern District of New York.

3.  GS&S currently represents beneficiaries of seven inter-vivos trusts in a proceeding in the Supreme Court, New York County against the trustees of the seven inter-vivos trusts and the trustees' professional advisers claiming breach of fiduciary duty and malpractice resulting from retention of trust investments in BLMIS (the "New York County Beneficiaries"). GS&S has not represented the New York County Beneficiaries in connection with the Debtors. GS&S has not and shall not represent the New York County Beneficiaries in connection with the Debtors' cases.

4.  GS&S also represents an individual in a family real estate partnership, where such partnership is also a member of an LLC which was a partner in a BLMIS investment (the "Real Estate Partner"). GS&S has not represented the Real Estate Partner in connection with the Debtors. GS&S has not and shall not represent the Real Estate Partner in connection with the Debtors' cases.

5.  GS&S will seek compensation, at agreed upon rates, which have been reduced by ten (10%) percent from its normal hourly rates, pursuant to that certain Order under Section 78eee(b)(5) of SIPA, Sections 105, 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a) and Local Bankruptcy Rule 2016-1 Establishing Procedures Governing Interim Monthly Compensation of Trustee and Baker & Hostetler LLP dated February 25, 2009, and

shall, in accordance with the terms of such Order continue to file interim and final fee applications with this Court pursuant to the terms of Bankruptcy Code Sections 330 and 331.

6. As of this date, GS&S has incurred actual and necessary fees and expenses in the aggregate amount of $4,948.65 for which it has not yet sought compensation or reimbursement.

7. GS&S has not received a retainer from the Trustee.

8. No agreement exists between GS&S and any third person for the sharing of compensation received by GS&S in connection with this case, except as allowed by Bankruptcy Code Section 504(b) and Federal Rule of Bankruptcy Procedure 2016, in respect of sharing of compensation among members of GS&S.

9. Insofar as I have been able to ascertain, neither I nor GS&S holds or represents any interest adverse to the SIPA Trustee, the Debtors, the estates or any class of creditors herein, in connection with the matters upon which it is to be engaged.

10. GS&S is disinterested as that term is defined in SIPA Section 78eee(b)(6)(A).

11. GS&S will conduct ongoing checks for conflicts and when additional creditors and parties-in-interest are known, and if any new, relevant facts or relationships are discovered or arise, GS&S shall file and promptly serve a supplemental affidavit.

**GARY B. FREIDMAN**

Sworn to before me this
5th day of October, 2011

Notary Public

ROBIN M. KERSHEN
Notary Public, State of New York
No. 01KE6243642
Qualified in Queens County
Commission Expires June 22, 15

3