Hearing Date:   October 19, 2011, at 10:00 AM

ROBERT J. KAPLAN
*Attorney for MUUS Independence Fund LP*
*and Michael W. Sonnenfeldt*
15 Maiden Lane
Suite 703
New York, NY 10038
(212) 964-0600
lawkap@aol.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
SECURITIES INVESTOR PROTECTION
CORPORATION,                                                                          Adv. Pro. No. 08-01789 (BRL)

                Plaintiff-Applicant,                     SIPA LIQUIDATION
                                                                 (Substantively Consolidated)
                v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

                Defendant.
-----------------------------------------------------------------------x
In re:

BERNARD L. MADOFF,

                Debtor.
-----------------------------------------------------------------------x

### SUPPLEMENT TO OBJECTIONS OF MUUS INDEPENDENCE FUND LP AND MICHAEL W. SONNENFELDT TO THE TRUSTEE'S PROPOSED ORDERS REGARDING DATA ROOMS AND CONFIDENTIALITY

      MUUS Independence Fund LP ("MIF") and Michael W. Sonnenfeldt ("Sonnenfeldt"), by

their attorney, Robert J. Kaplan, respectfully submit the following supplement to their objections

to the Trustee's proposed orders:

- 1 -

1. MIF and Sonnenfeldt are the defendants in Adversary Proc. No. 10-04445. That is what the Trustee calls an Avoidance Action", *i.e.*, "an action seeking solely fictitious profits". MIF and Sonnenfeldt filed an objection [Docket No. 4356] to the Trustee's proposed orders regarding data rooms and confidentiality. Subsequent to that filing, the Trustee revised his previously proposed orders and has asked the Court to sign orders in a revised form. As discussed below, some of the Trustee's proposed revisions are inappropriate.[1]

2. In his original proposed order, the Trustee provided that so-called "Room 2" materials would be available for discovery by "all defendants". The following is the pertinent excerpt from the Trustee's original proposed order on this point:

> ORDERED, that *all defendants* will be granted access to two electronic data rooms (collectively, the "Electronic Data Rooms") created by the Trustee. The first data room ("E-Data Room 1") shall include documents relating to: (1) BLMIS's insolvency; and (2) BLMIS's fraud. The second electronic data room ("E-Data Room 2") shall include: (1) documents produced by, and deposition transcripts (including exhibits) of, parties subpoenaed by the Trustee pursuant to Bankruptcy Rule 2004; and (2) documents produced by, and deposition transcripts (including exhibits) of, defendants and third parties in the adversary proceedings. E-Data Room 2 shall not include those documents that, due to contractual obligations, are no longer in the care, custody or control of the Trustee. Defendants may review the documents produced in the Electronic Data Rooms, make selections and those selections will be provided to defendants by the Trustee in a mutually agreeable format after any confidentiality concerns and redactions necessary have been resolved.

3. In his revised order, the Trustee now seeks to make anything that he elects to place in Room 2 *ipso facto not discoverable* by anyone who is a defendant in an "Avoidance Action"

---

[1] The Trustee's revisions do not correct all of the errors of his original proposed orders, which MIF and Sonnenfeldt's addressed in their original objection. Most notably in this regard, the Trustee continues to request a special master, even though Rule 9031 does not permit that. Neither in his moving papers nor in his reply does the Trustee explain how a rule promulgated *by the Supreme Court* can be overridden by anything short of a contrary pronouncement by that court.

- 2 -

(which would include MIF and Sonnenfeldt). This is inappropriate. By its express terms, Rule 7034 extends to anything that is in the Trustee's "possession, custody or control". If the Trustee has in his possession, custody or control materials that are responsive to a discovery request that is made by MIF/Sonnenfeldt, then it is incumbent upon him to produce those materials, irrespective whether they came into his possession, custody or control via subpoena, Rule 2004, deposition or otherwise. If the Trustee has legitimate objections to a particular Rule 7034 request, on relevancy grounds or otherwise, he can address that with counsel for MIF/Sonnenfeldt, and, if the issue cannot be resolved without judicial intervention, then the Court will have to resolve that particular dispute if and when it arises.[2] What the Trustee cannot do is seek "blanket license" from the court to "automatically immunize" from discovery by MIF/Sonnenfeldt *everything* that has or will come into his possession, custody or control from third parties, simply by the expedient of his electing to place those materials in Room 2. In short, as in the original proposed order, both Room 2 materials and any other third-party materials in the Trustee's possession, custody or control should be available to "all defendants", subject only to legitimate objections to the discovery of particular items.[3]

---

[2]   As noted in MIF/Sonnenfeldt's original objection, rather than seeking an impermissible special master, the Trustee (and the Court) would be better served by the mediation of discovery disputes.

[3]   It bears noting that the Trustee himself does not have any "confidentiality interest" in materials that come into his possession, custody or control from third parties. At most, only the third parties who put those materials into the Trustee's possession, custody or control do. In par. 14 of his revised order, the Trustee sets up a mechanism whereby third parties -- *if* they have objection to the discovery of particular items that MIF/Sonnenfeldt may seek discovery of -- can interpose that. *If* a third party does so, then counsel for MIF/Sonnenfeldt and the objecting third party can resolve the issue -- either by the third party withdrawing or limiting its "confidentiality" assertion, or by MIF/Sonnenfeldt making an appropriate non-disclosure agreement with that third party. None of these possibilities warrants the *Trustee* immunizing third-party materials from discovery.

4. Another revision made by the Trustee is also inappropriate. In his original proposed order, the Trustee did not request that *all* materials in Room 2 be designated "Professional Eyes Only". Rather, he simply requested permission to make such a designation "where applicable". The following is the pertinent excerpt from the Trustee's original proposed order on this point:

> ORDERED, that notwithstanding the Litigation Protective, and any subsequent amendments or modifications thereto, materials placed in the data rooms may be designated by the Trustee as "Professionals' Eyes Only" and produced as such, *where applicable*.

5. Designation of materials not simply as "Confidential", but as "Professionals' Eyes Only" or as "Outside Litigation Counsels' Eyes Only", makes it more difficult for a defendant to prepare for trial (and for the mandatory pre-trial mediation that the court has ordered), because defense counsel cannot share such information with their clients -- even though the clients would be signing the non-disclosure agreement that attends *non-professional eyes' only* "confidential" items. It was one thing when the Trustee proposed making such a heightened designation only "where applicable". Now, however, the Trustee proposes that *everything* in Room 2 be restricted from being shared with defense counsel's clients. Thus, compare the following language of the Trustee's original proposed non-disclosure agreement to the revised one that he now proffers. The original version read:

> WHEREAS, the parties may designate *certain* discovery materials or testimony of a *highly* confidential and/or proprietary nature as being "CONFIDENTIAL - PROFESSIONALS' EYES ONLY"

In contrast, the revised version reads:

> "WHEREAS, E-Data Room 2 has been designated "OUTSIDE LITIGATION COUNSELS' EYES ONLY"

- 4 -

The revised version leaves out the word "certain". And it makes no effort to limit the heightened designation to "highly" confidential and/or proprietary materials only. Rather, *everything* in Room 2 will *ipso facto* be information that Trustee does not want defense counsel to share with their clients in order to prepare for trial and mandatory mediation.

6. Under the best of circumstances, the notion that "everything is not simply confidential, but is professionals' eyes only" is absurd. Here, the absurdity is magnified by the fact that the Trustee repeatedly criticizes other parties for *over-designating* things as "confidential". Yet, the Trustee proposes that *he* be allowed to do even more -- to designate everything in Room 2 as not simply confidential, but as outside litigation counsels' eyes only. The proverbial pot calling the kettle black comes to mind.

7. There may be things in Room 2 which properly qualify as "confidential". If so, clients with whom that information is shared will sign an appropriate non-disclosure agreement regarding the use of that material. There may also be some things in Room 2 which qualify for the heightened standard of "Outside Counsels' Eyes Only". If so, those items will receive higher protection. But the notion that *everything* in Room 2 is *ipso facto* to be treated differently from ordinary discovery materials is indefensible.[4]

8. WHEREFORE, it is respectfully submitted that (i) the Court should decline the proposed recommendation for a special master; (ii) if the Court is inclined to enter orders along the lines suggested by the Trustee, then it do so only if the orders are modified to comport with the

---

[4] The same, of course, apples to Data Room 1. Some things in Room 1 may properly qualify as "confidential". Some may even qualify for the heightened standard of "Professionals' Eyes Only" or "Outside Counsels' Eyes Only". But any notion that *everything* in Room 1 cannot at all be shared *with clients who have to defend their rights* is insupportable.

- 5 -

points made in this Supplement and in MIF/Sonnenfeldt's original objection; and (iii) the Court consider the advisability of requiring mediation of all discovery disputes that the parties are unable to resolve among themselves, including those regarding confidentiality.

Dated:   New York, New York
         October 12, 2011

                                      Respectfully submitted,

                                      *s/ **Robert J. Kaplan***
                                      _____
                                      ROBERT J. KAPLAN
                                      *Attorney for MUUS Independence Fund LP*
                                      *and Michael W. Sonnenfeldt*
                                      15 Maiden Lane
                                      Suite 703
                                      New York, NY 10038
                                      (212) 964-0600
                                      lawkap@aol.com