# EXHIBIT A

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

## DECEMBER 11, 2008[1]

## NOTICE OF TRUSTEE'S FINAL DETERMINATION OF CLAIM

September 19, 2011

Mark Rechler & Jacqueline Rechler JT/WROS
1434 Ridge Road
Laurel Hollow, New York  11791

Dear Mark Rechler & Jacqueline Rechler JT/WROS:

### PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following final determination regarding your claim on BLMIS Account No. 1R0086 designated as Claim No. 004305:

Your claim for a credit balance of $4,212,161.06 and for securities is DENIED. No securities were ever purchased for your account.

This Notice of Trustee's Final Determination of Claim serves as the Trustee's final determination with respect to the BLMIS Account referenced above.

Pursuant to a Notice of Trustee's Partial Determination of Claim dated November 10, 2009 (the "Initial Notice"), and your return of the executed Partial Assignment and Release dated November 2, 2010, the Trustee made a payment on your BLMIS Account of $500,000.00, based on

---

[1] Section 78lll(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced," Section 78lll(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

the amount of money in/money out in your BLMIS Account on the Filing Date and the then-currently available records of such account. The Initial Notice stated that the Trustee reserved all rights regarding his partial determination of your claim until all BLMIS records of your account-related transactions could be verified. Moreover, the Initial Notice also stated the Trustee's staff had not been able to verify the purported transfer (the "Transfer") into your account on November 2, 2008.

After the Trustee issued the Initial Notice, the Trustee's staff gained visibility into your account and verified that the Transfer resulted in no net increase in the balance of money in/money out in your BLMIS Account. Accordingly, the Trustee has determined that your Claim is **ALLOWED** for $584,727.41, which represents the full balance in your BLMIS Account on the Filing Date based on the amount of money you deposited with BLMIS for the purchase of securities, less subsequent withdrawals, as outlined in Table 1 attached hereto.

The Trustee has made a partial satisfaction of your **ALLOWED CLAIM** by sending you a check in the amount of $500,000.00 on November 18, 2010. In addition, you will be entitled to receive an additional distribution based upon the amount of your **ALLOWED CLAIM** from the fund of customer property, if any.

It is the Trustee's intent, pursuant to SIPA, to submit a Motion for an order of the Bankruptcy Court to allocate assets he has collected and will collect between the fund of customer property and the general estate and to distribute customer property *pro rata* among allowed claimants, such as you. In a decision in this case, Rosenman Family, LLC v. Picard, 401 B.R. 629, 634 (Bankr. S.D.N.Y. 2009), the Bankruptcy Court stated:

> The customer estate is a fund consisting of customer property and is limited exclusively to satisfying customer claims. In re Adler Coleman Clearing Corp. (Adler Coleman II), 216 B.R. 719, 722 (Bankr. S.D.N.Y. 1998) ("A SIPA trustee, distributes 'customer property' exclusively among the debtor's customers...."); see also 15 U.S.C. § 78lll(4). Accordingly, Customers, as defined by SIPA § 78lll(2), enjoy a preferred status and are afforded special protections under SIPA. See New Times Securities, 463 F.3d at 127; Adler Coleman, 195 B.R. at 269." .

Id. at 634.

**On March 1, 2010, the United States Bankruptcy Court for the Southern District of New York (Lifland, J.) issued a decision which affirmed the Trustee's Net Investment Method for determining customer claims. This decision was affirmed on appeal.**

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching

copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after September 19, 2011, the date on which the Trustee mailed this notice.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York 10004

and

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10011

_____
Irving H. Picard

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

cc:  Ron Noreman, CPA
     One Linden Place
     Great Neck, NY 11021

| DATE | TRANSACTION DESCRIPTION | AMOUNT | ADJUSTED AMOUNT |
|---|---|---|---|
| 1/26/1993 | CHECK | $50,000.00 | $50,000.00 |
| 4/26/2001 | CHECK WIRE | $1,000,000.00 | $1,000,000.00 |
| 5/18/2001 | CHECK WIRE | $500,000.00 | $500,000.00 |
| 12/16/2002 | CHECK WIRE | $225,000.00 | $225,000.00 |
| 2/13/2003 | CHECK WIRE | $250,000.00 | $250,000.00 |
| 12/29/2003 | CHECK WIRE | $159,327.41 | $159,327.41 |
| 12/31/2003 | CHECK WIRE | $400.00 | $400.00 |
| 12/22/2004 | CHECK WIRE | $350,000.00 | $350,000.00 |
| 1/2/2008 | TRANS FROM 1R001430 | $1,261,352.65 | $0.00 |
| **Total Deposits:** | | $3,796,080.06 | $2,534,727.41 |

| DATE | TRANSACTION DESCRIPTION | AMOUNT | ADJUSTED AMOUNT |
|---|---|---|---|
| 9/22/2003 | CHECK | ($300,000.00) | ($300,000.00) |
| 4/14/2005 | CHECK | ($100,000.00) | ($100,000.00) |
| 6/27/2005 | CHECK | ($100,000.00) | ($100,000.00) |
| 12/20/2005 | CHECK | ($1,000,000.00) | ($1,000,000.00) |
| 6/9/2006 | CHECK | ($200,000.00) | ($200,000.00) |
| 4/30/2007 | CHECK | ($50,000.00) | ($50,000.00) |
| 6/26/2007 | CHECK | ($200,000.00) | ($200,000.00) |
| **Total Withdrawals:** | | ($1,950,000.00) | ($1,950,000.00) |
| **Total deposits less withdrawals:** | | $1,846,080.06 | $584,727.41 |

300179881