Marc J. Kurzman (MK 2962)
SANDAK HENNESSEY & GRECO, LLP
707 Summer Street, 3rd Floor
Stamford, CT 06901
Tel: (203) 425-4200
Fax: (203) 325-8608

Hearing Date: October 26, 2011
Time: 10:00 a.m.

Objection Due: October 19, 2011
Time: 4:00 p.m.

*Attorney for Orthopaedic Specialty Group, P.C. Defined Contribution Pension Plan Participants*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | SIPA LIQUIDATION<br><br><br><br>Adv. Pro. No. 08-01789 (BRL) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |

**OBJECTION OF THE ORTHOPAEDIC SPECIALTY GROUP, P.C.
PLAN PARTICIPANTS TO TRUSTEE'S MOTION FOR AN ORDER TO SCHEDULE
HEARING ON "CUSTOMER" ISSUE AS IT RELATES TO ERISA**

The individual participants in the Orthopaedic Specialty Group, P.C. Defined

Contribution Pension Plan a/k/a Orthopaedic Specialty Group, P.C. 401(k) Plan listed on Exhibit

A (the "OSG Plan Participants"), by and through their undersigned counsel, hereby object to the Trustee's Motion for an Order to Schedule Hearing on "Customer" Issue as it Relates to ERISA dated October 4, 2011 ("ERISA Scheduling Motion").

In support of their objection, the OSG Plan Participant states as follows:

## BACKGROUND

1. The OSG Plan Participants include approximately 120 present and former physicians, nurses, medical assistants, x-ray technicians and administrative employees of Orthopaedic Specialty Group, P.C. ("OSG"), a Fairfield, Connecticut orthopaedic practice. The OSG Plan Participants appear to be "ERISA Claimants Without An Account" or "ERISA CWAA" as those terms are used by the Trustee in the ERISA Scheduling Motion.

2. The OSG Plan Participants participate in the Orthopaedic Specialty Group, P.C. Defined Contribution Pension Plan, a defined contribution profit sharing plan established pursuant to Section 401(a) and 401(k) of the Internal Revenue Code (the "OSG Plan"). Each OSG Plan Participant has an individual account with the OSG Plan consisting of profit sharing and "safe harbor" contributions made on his/her behalf by OSG ("Employer Contributions"), salary (401(k)) contributions made by the OSG Plan Participant ("Employee Contributions") and roll-over contributions of funds and securities held by the OSG Plan Participant in other qualified employee benefit plans and individual retirement accounts ("Roll-Over Contributions"), together with the earnings, gains and losses chargeable to each such account.

3.	Commencing in 1993, all of the assets of the OSG Plan were directly invested with Bernard L. Madoff Investment Securities LLC ("BLMIS") through BLMIS Account 100004.

4.	As a consequence of the Ponzi scheme implemented by Bernard Madoff and others, the OSG Plan assets invested with BLMIS -- which, according to the statements issued by BLMIS, totaled in excess of $32 million as of November 30, 2008 -- were converted and the individual account balances of the OSG Plan Participants were wiped out.

5.	On March 4, 2009 Customer Claims were submitted to Trustee Irving H. Picard on behalf of the OSG Plan Participants ("OSG Plan Participants' Claims") pursuant to the Court's December 23, 2008 Order Specifying Procedures for Filing, Determination and Adjudication of Claims ("December 23rd Order").  The OSG Plan Participants' Claims included back-up documentation showing: (i) the Employer Contributions, Employee Contributions and Roll-Over Contributions credited to the account of each OSG Plan Participant and any withdrawals from such account, and (ii) each OSG Plan Participant's allocable share of BMLIS Account 100004 as of November 30, 2008. **The OSG Plan Participants' Claims were also accompanied by a Transmittal Letter and Letter Brief, each dated March 3, 2009, setting forth the factual and legal basis for allowing the OSG Plan Participants' Claims.**

6.     By notices dated October 22, 2010, the Trustee denied the OSG Plan Participants' Claims ("Adverse Determination").[1] The notices do not address the factual submission or legal argument set forth in the Letter Brief. Rather, they simply state as follows:

> Based on a review of available books and records of BLMIS by the Trustee's staff, you did not have an account with BLMIS. Because you did not have an account, you are not a customer of BLMIS under SIPA as that term is defined at 15 U.S.C. §78*lll*(2). Accordingly, your claim for securities and/or a credit balance is **DENIED**.

7.     The OSG Plan Participants filed a timely Objection to the Trustee's Adverse Determination on November 18, 2010 (Docket No. 3195), which includes the March 3, 2009 letter brief. Since the filing of their Objection to the Trustee's Adverse Determination, the OSG Plan Participants have sought to resolve through negotiation the Trustee's Adverse Determination or, alternatively, have the Trustee obtain from the Court a date and time for a hearing on the Adverse Determination as provided for in the December 23, 2008 Order.[2]

8.     The OSG Plan Participants have stressed to the Trustee that many of them have lost their entire retirement savings as a result of the Madoff Ponzi Scheme; that knowing whether SIPC will restore that savings is necessary for them to get on with their lives and/or make critical financial decisions; and that a speedy resolution of the Adverse Determination is therefore of paramount importance to them.

---

[1] The Trustee allowed the OSG Plan's Claim. However, payment of a $500,000 SIPC advance to the OSG Plan, to be allocated pro-rata to the OSG Plan Participants who deposited millions of dollars with BLMIS through the Plan, relegates the OSG Plan Participants to a *de minimis* SIPC recovery.

[2] Most of the OSG Individual Participants had substantially less than $500,000 in their OSG Plan accounts as of November 30, 2008. They could be "made whole" with SIPC coverage without imposing great financial burden on SIPC.

9. Now, after a year of waiting for the scheduling of a hearing on the Trustee's Adverse Determination, the OSG Plan Participants are confronted with a proposed scheduling order that delays the hearing until April 25, 2012 -- another six months into the future.

## GROUNDS FOR OBJECTION

10. The issue that the Trustee proposes the Court consider at the hearing is a narrow one: "The Court will consider *only* the Trustee's construction of the term "customer" as it relates to ERISA; any other issues raised by ERISA Objecting CWAA will be resolved in subsequently scheduled hearings." (emphasis added) ERISA Scheduling Motion at p. 9.

11. The OSG Plan Participants agree that the issue framed by the Trustee (the "ERISA Customer Issue") is an appropriate issue to be preliminarily resolved by the Court. It is a legal issue for which the extensive briefing schedule proposed by the Trustee -- which includes the submission of factual information better suited for the "subsequently scheduled hearings" -- is neither necessary nor appropriate. There is no reason to delay until April 2012 a hearing on the ERISA Customer Issue. The ERISA Customer Issue has already been extensively briefed by the OSG Plan Participants and the Trustee has been in possession of their brief for over 2 ½ years. The Trustee can certainly respond to the OSG Plan Participants' brief in a matter of weeks and the OSG Plan Participants are prepared to expedite the filing of their reply. To resolve the Adverse Determination, the Court need only enter a scheduling order setting out a deadline for the Trustee to respond to the March 3, 2009 letter brief; a deadline for the OSG Plan Participants' reply, a deadline for filings to be made by any other "interested parties" and a hearing date.

5

12. Alternatively, the OSG Plan Participants respectfully submit that the Court should use as a model for a scheduling order on the ERISA Customer Issue its April 13, 2010 order entered in connection with scheduling a hearing on the "Feeder Fund Customer Issue" (April 13th Scheduling Order"). The April 13th Scheduling Order provided for the initial filing of the Trustee's motion and "memorandum of law and supporting papers setting forth the factual and legal bases for the Trustee's denial of the Objecting Claimants' claims." It then provided for the filing of briefs by the "Objecting Claimants", interested parties and the filing reply papers -- a briefing schedule substantially shorter than the briefing schedule proposed by the Trustee for resolution of the ERISA Customer Issue.

13. Given that there appear to be far fewer ERISA claimants than feeder fund claimants, a similar briefing schedule should be more than manageable here. Accordingly, the OSG Plan Participants submit as Exhibit B hereto a black lined version of the Court's April 13th Scheduling Order setting forth a proposed a schedule for briefing and hearing the ERISA Customer Motion.[3]

14. To the extent the Court is inclined to adopt the structure of the Trustee's proposed scheduling order, the OSG Plan Participants request that the proposed schedule be substantially shortened. There is no justification for the Trustee to delay the filing of his "customer motion" until November 11, 2011, particularly since the Trustee apparently does not intend to file a memorandum of law with its customer motion. In this connection, the OSG Plan Participants note that the Trustee's customer motion with respect to Feeder Funds Customer Issue was only

---

[3] Attached as Exhibit C is a "clean" version of the OSG Plan Participants' Proposed Scheduling Order.

6

08-01789-cgm    Doc 4462    Filed 10/18/11    Entered 10/18/11 15:51:14    Main Document
                                    Pg 7 of 9

6 1/2 pages. A similar motion concerning the ERISA Customer Issue could have easily been filed simultaneously with the Trustee's ERISA Scheduling Motion.

15. Furthermore, the Trustee's briefing schedule, which contemplates the filing of moving briefs, opposition briefs and sur-reply briefs through March 30, 2012 is unnecessarily prolonged. Among other things, the Trustee and SIPC should not automatically provided 30 days in which to file "sur-reply papers". Rather Trustee and SIPC should only be permitted to file sur-reply papers in the event they make a showing to the Court that justifies the need for such additional briefing. Nor should there be the need to file evidentiary material as such information is pertinent to the "subsequently scheduled hearings" that would follow a determination of the legal issue framed by the Trustee.

## CONCLUSION AND RELIEF REQUESTED

16. For the reasons set forth above, the OSG Plan Participants respectfully submit that the Trustee's proposed scheduling order should be rejected by the Court and that the Court should, instead, adopt a scheduling order consistent with that proposed in Paragraphs 11 or 12 of this Objection.

Dated: October 18, 2011

/s/ Marc J. Kurzman
SANDAK HENNESSEY & GRECO, LLP
Marc J. Kurzman (MK 2962)
707 Summer Street, 3rd Floor
Stamford, CT 06901
Tel: (203) 425-4200
Fax: (203) 325-8608
Email: Mkurzman@shglaw.com

*Attorneys for Orthopaedic Specialty Group, P.C. Defined Contribution Pension Plan Participants*

8

## CERTIFICATION

I, Marc J. Kurzman, hereby certify that on the 18th day of October 2011, I electronically transmitted a true and correct copy of the foregoing document, OBJECTION OF THE ORTHOPAEDIC SPECIALTY GROUP, P.C. PLAN PARTICIPANTS TO TRUSTEE'S MOTION FOR AN ORDER TO SCHEDULE HEARING ON "CUSTOMER " ISSUE AS IT RELATES TO ERISA, to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing (NEF) to all attorneys of record who are ECF registrants. I also certify that on said date, I caused to be served via e-mail and first class mail, postage pre-paid, a true and correct copy of the aforementioned document on Irving H. Picard, Trustee c/o Baker & Hostetler, LLP, Counsel for the Trustee, 45 Rockefeller Plaza, New York, NY 10111, attention David J. Sheehan, Esq. and The Security Investor Protection Corporation, 805 Fifteenth Street, NW, Suite 800, Washington, D.C. 20005, Attn. Kevin H. Bell, Esq.

                                                                   */s/ Marc J. Kurzman*
                                                                    Marc J. Kurzman