**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
dsheehan@bakerlaw.com
Marc E. Hirschfield
mhirschfield@bakerlaw.com
James W. Day
Email: jday@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

Hearing Date: November 30, 2011
at 10:00 a.m.

Objection Deadline: November 16, 2011
at 5:00 p.m.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |

### TRUSTEE'S MOTION FOR ENTRY OF AN ORDER ESTABLISHING NOTICE PROCEDURES

Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS"), under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"), and the substantively consolidated estate of Bernard L.

Madoff ("Madoff"), by and through his undersigned counsel, pursuant to, *inter alia*, sections 102(1) and 105(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), and Rules 2002, 9007, and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby moves for entry of an order (the "Order") (i) establishing appropriate notice procedures (the "Notice Procedures") for service of notice in the above-captioned case (Adv. Pro. No. 08-01789 (BRL)) (the "Main Case") and related adversary proceedings (the "Adversary Proceedings" and collectively with the Main Case, the "BLMIS Proceedings"); (ii) otherwise limiting the number of recipients of future notices in the Main Case to the Master Service List (as defined below) established by the Trustee; and (iii) except as set forth below, designating electronic transmission as the manner of service in the BLMIS Proceedings. In support of the Motion, the Trustee respectfully states as follows:

### JURISDICTION, VENUE, AND STATUTORY BASES FOR RELIEF

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

2. The relief sought in this Motion is based upon sections 102(1) and 105(a) of the Bankruptcy Code and Bankruptcy Rules 2002, 9007, and 9019.

### BACKGROUND

3. On December 11, 2008 (the "Filing Date"), Madoff was arrested by federal agents for violation of the criminal securities laws, including securities fraud, investment adviser fraud, and mail and wire fraud. Contemporaneously, the Securities and Exchange Commission ("SEC") filed a complaint in the United States District Court for the Southern District of New York (the "District Court"), commencing the District Court action against Madoff and BLMIS.

The District Court action remains pending in the District Court. The SEC complaint alleged that Madoff and BLMIS engaged in fraud through the investment advisor activities of BLMIS.

4. On December 15, 2008, pursuant to SIPA section 78eee(a)(4)(A), the SEC consented to combining its own action with an application of the Securities Investor Protection Corporation ("SIPC"). Thereafter, pursuant to SIPA section 78eee(a)(4)(B), SIPC filed an application in the District Court alleging, inter alia, that BLMIS was not able to meet its obligations to securities customers as they came due and, accordingly, its customers needed the protections afforded by SIPA.

5. Also on December 15, 2008, Judge Stanton granted the SIPC application and entered an order pursuant to SIPA (the "Protective Decree"), which, in pertinent part:

    a. appointed the Trustee for the liquidation of the business of BLMIS pursuant to SIPA section 78eee(b)(3);

    b. appointed Baker & Hostetler LLP as counsel to the Trustee pursuant to SIPA section 78eee(b)(3) ("Counsel"); and

    c. removed the case to the Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") pursuant to SIPA section 78eee(b)(4).

6. On April 13, 2009, an involuntary bankruptcy petition was filed against Madoff. On June 9, 2009, this Court entered an order [Docket No. 252] substantively consolidating the Chapter 7 estate of Madoff with the SIPA proceeding of BLMIS.

7. Pursuant to section 78fff-1(a) of SIPA, the Trustee has the general powers of a bankruptcy trustee in a case under Chapter 7 of the Bankruptcy Code in addition to the powers granted pursuant to SIPA section 78fff(b). Chapters 1, 3, 5 and subchapters I and II of Chapter 7 of the Bankruptcy Code apply to the BLMIS Proceedings to the extent consistent with SIPA.

8. On November 10, 2010, this Court entered an order (the "Procedures Order")

establishing litigation case management procedures for certain Adversary Proceedings while amending an earlier protective order [Docket No. 3141]. Among other things, the Procedures Order provides that, in certain Adversary Proceedings, after a defendant has appeared, service of all pleadings shall be made by email to counsel of record or directly to the defendant (if the defendant is proceeding *pro se*).

9. Because the Procedures Order applies to only a subset of the Adversary Proceedings and not to the Main Case, the Trustee is required to serve mailed notice on all potential parties in interest in the Main Case—a service list that has grown to over 16,000 entities. This practice of serving physical notice on so many parties is not cost effective or efficient for the BLMIS estate as a result of, among other things, photocopying and postage expense, and attorney, paralegal and staff fees incurred in effecting service. Moreover, many of the parties served have specifically requested that they no longer be sent notices of proceedings that do not pertain specifically to them, and thus the practice of widespread service may be viewed as a burden that confers no benefit upon parties in interest.

## RELIEF REQUESTED

10. This Motion seeks to replace unwanted, wasteful service of physical notice on all potentially interested parties with notice procedures that make practical sense both for the estate and for the parties in interest in the BLMIS Proceedings.

11. Accordingly, by this Motion, the Trustee requests that the Court enter an order pursuant to sections 102(1) and 105(a) of the Bankruptcy Code and Bankruptcy Rules 2002 and 9007 approving procedures with respect to notice of motions, applications, other pleadings, exhibits, objections, settlements, responses, and other papers filed in the Main Case and in Adversary Proceedings not governed by the Procedures Order that will be less burdensome and

costly than mailings to every potentially interested party, while at the same time ensuring appropriate notice to all parties who have requested all such Pleadings and those parties directly affected by such Pleadings.

12. To effectuate efficient and fair notice procedures, the Trustee proposes the following procedures (such procedures, the "Notice Procedures"):

PROPOSED NOTICE PROCEDURES

I. In the Main Case

    a. The Trustee will establish and maintain a Master Service List (the "Master Service List") listing the parties upon which all Pleadings (as defined below) will be served. The Master Service List will initially include: (i) SIPC; (ii) SEC; (iii) Internal Revenue Service; (iv) United States Attorney for the Southern District of New York, and (v) those parties that have formally appeared and requested service pursuant to Bankruptcy Rule 9010 by filing a notice of appearance (a "Notice of Appearance") in the Main Case, designating such party's:

        (A) name;
        (B) address;
        (C) name of client, if applicable;
        (D) telephone number;
        (E) facsimile, if applicable; and
        (F) electronic mail ("email") address

    By filing a Notice of Appearance containing an email address, a party is deemed to have consented to electronic service of motions, applications, other pleadings, exhibits, objections, settlements, responses, and other papers (collectively, "Pleadings").

    b. Subject only to the terms and exceptions listed below, notice of any Pleadings or matters covered by the Bankruptcy Rules, the Local Bankruptcy Rules, or otherwise will be served only by email and only upon (i) the parties on the Master Service List; and (ii) any parties whose interests are directly affected by a specific Pleading. Pleadings filed in the Main Case pursuant to Bankruptcy Rule 9019 shall be deemed to "directly affect" only those parties that have entered into the agreement, settlement, or compromise filed in the Main Case pursuant to Bankruptcy Rule 9019.

    c. Any *pro se* party in interest that wishes to be added to the Master Service List may do so by returning a form (a "Request Form") to the Trustee requesting such party's addition to the Master Service List. The Request

        Form shall be substantially similar to Schedule B to the notice of the order establishing these Notice Procedures. By returning a Request Form designating an email address for service, a party is deemed to have consented to electronic service of all Pleadings. A party in interest not represented by counsel may obtain an exemption from electronic service by submitting a Request Form to the Trustee certifying that the party is unable to receive Pleadings by email.

d. If a Notice of Appearance or Request Form fails to designate an email address for service, the party filing such a Notice of Appearance or returning such a Request Form will not be included on the Master Service List and will not be served with copies of all Pleadings in the Main Case unless such party is appearing *pro se* and has obtained an exemption from electronic service as set forth herein. Parties that have previously filed a Notice of Appearance that did not designate an email address for service will not be included on the initial Master Service List; in order to be added to the Master Service List, such parties must either (i) file a supplementary Notice of Appearance in the Main Case or (if *pro se*) return a Request Form designating an email address for service or (ii) if *pro se*, obtain an exemption from electronic service as set forth herein.[1]

e. Any party whose interests are directly affected by a specific pleading but who has not previously filed a Notice of Appearance or otherwise designated an email address for service may first be contacted by the party wishing to effect service (the "Noticing Party") and asked to designate (via email, facsimile, or mailed letter) an email address at which the party may be served. After such email address has been so provided, service upon that email address shall be deemed proper service. If the Noticing Party is unable to obtain such a designation or is otherwise unable to effect service by email, service shall be deemed properly effected upon service by facsimile, overnight delivery, or conventional mail at the last known mailing address or facsimile number of the party being served.

f. Any *pro se* party that wishes to be exempt from designating an email address for service yet wishes to be added to the Master Service List may make a written request for such an exemption by returning a Request Form to that effect to counsel for the Trustee, Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, New York 10111 (Attn: Marc E. Hirschfield) (the "Trustee's Address"). Any party exempted from email service will be served with Pleadings by mail, facsimile, or overnight delivery, unless the party effectuating service determines to effectuate service by other means reasonably calculated to effect service.

---

[1] The initial Master Service List shall be served upon all parties in interest via notice of the order establishing these Notice Procedures. From reviewing the notice and initial Master Service List, parties will be able to determine whether they need to take action to alter their status so as to receive (or decline to receive) pleadings served upon the Master Service List.

      g.     The Trustee will update the Master Service List from time to time, but no less frequently than on a monthly basis, to include the names and addresses of any party in interest that has requested to be added to the Master Service List in accordance with the procedures described herein. The Master Service List will be publicly accessible on the Trustee's website at www.madofftrustee.com (the "Trustee's Website"), but will not be posted to the docket in the Main Case.

      h.     Any party wishing to be removed from the Master Service List must file a notice of withdrawal of appearance on the docket of the Main Case, or, if *pro se*, return a Request Form to the Trustee to that effect.

      i.     All filed Pleadings will publicly appear on the electronic docket of the Main Case through the Court's Electronic Filing ("ECF") system.

II.     In the Adversary Proceedings:

      a.     Adversary Proceedings to which the Procedures Order applies shall follow the notice provisions set forth in the Procedures Order.

      b.     Adversary Proceedings to which the Procedures Order does not apply will be governed by the following notice provision: After a defendant has appeared, service of all Pleadings in each Adversary Proceeding shall be made by email (i) to counsel of record; (ii) directly to the party if such party is proceeding *pro se*, or (iii) to the party designated to receive service in any Notice of Appearance filed on behalf of the party in the related Adversary Proceeding. There shall be no obligation to serve paper copies of Pleadings other than the complaint and the summons. Counsel of record must file a Notice of Appearance or supplemental Notice of Appearance designating an email address for service in the related Adversary Proceeding.

      c.     All filed pleadings in each Adversary Proceeding will publicly appear electronically on the respective dockets through the Court's ECF system.

      d.     Service on state or federal governmental entities shall not be required in Adversary Proceedings unless a governmental entity has filed a Notice of Appearance in the Adversary Proceeding.

III.     Procedures Applicable in All BLMIS Proceedings:

      a.     All Pleadings served via email shall be in portable document format ("PDF"), if available, and the subject line of the email shall indicate the Adversary Proceeding number in which the Pleading has been filed and the name of the party serving such Pleading (*e.g.* Adv. Pro. No. xx-yyyyy – Service by Defendant [name of party]). Parties shall include the title(s)

        of the Pleading being served in the text of the email. If, however, a PDF is too large to be emailed effectively, the party attempting to effect service may send an email containing a link (a "Link") to the Pleading in a virtual workspace, or may break the email up into multiple smaller files. Such Pleadings may also be served via CD-ROM or similar media. Any party that wishes to receive a courtesy paper version of a Pleading instead may request such a paper version, and the Noticing Party shall provide such a paper version, provided, however, that service shall be deemed complete at the time a Link to such a Pleading has been electronically transmitted by the Noticing Party to the party making such a request.

b. Upon completing notice according to the procedures described herein, the party providing notice will file with the Court an affidavit of service or certification of service annexing the list of parties that received notice and the manner in which notice was served.

c. Service on parties will be made by email where possible and otherwise by U.S. mail, international courier, facsimile, overnight delivery, or as otherwise provided in these Notice Procedures and in accordance with the Bankruptcy Rules and the Federal Rules of Civil Procedure.

d. Where service of notice of any document is effected by email in accordance with these Notice Procedures, such service shall be deemed complete upon electronic transmission for purposes of the application of Rule 9006 of the Bankruptcy Rules. Where service is effected by facsimile, service shall be deemed complete upon transmission. Service effected by Federal Express or overnight delivery is deemed complete one business day after sending. Service effected by regular mail is deemed complete three days after mailing.

e. Service upon the Trustee is not required; the Trustee shall be deemed properly served upon ECF filing.

f. These Notice Procedures shall be made available to and utilized by all parties in interest filing Pleadings in either the Main Case or any Adversary Proceeding. Any party filing a Pleading in either the Main Case or any of the Adversary Proceedings shall be deemed to have properly effected service in accordance with the Bankruptcy Rules and the Local Rules upon serving notice in accordance with these Notice Procedures.

g. Notwithstanding General Order M-399 of the United States Bankruptcy Court for the Southern District of New York, an email approval from a party whose name is signed electronically that gives such party's permission to sign their name electronically shall constitute adequate proof that the signature was authorized; a hard copy of the originally executed document need not be exchanged or kept.

**BASIS FOR RELIEF REQUESTED**

13. Bankruptcy Rule 2002(m) empowers the Court to tailor the method, form, and scope of notice for these Cases. Specifically, Bankruptcy Rule 2002(m) provides that, "[t]he court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules." Fed. R. Bankr. P. 2002(m). Similarly, Bankruptcy Rule 9007 specifically grants this Court general authority to regulate notice. Bankruptcy Rule 9007 provides as follows:

> When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given. When feasible, the court may order any notices under these rules to be combined.

Fed. R. Bankr. P. 9007.

14. Section 105(a) of the Bankruptcy Code authorizes the Court to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). The purpose of section 105(a) is to ensure a bankruptcy court's power to take whatever action "is appropriate or necessary in aid of the exercise of [its] jurisdiction." 2 Collier on Bankruptcy ¶ 105.01 (Alan N. Resnik & Henry J. Sommer eds., 15th ed. rev. 2006).

15. In light of the foregoing authorities, except for parties directly affected by a Pleading, the Trustee proposes to limit the persons who will receive notice of all Pleadings filed in the Main Case, including matters governed by Bankruptcy Rules 2002 and 9019, to the persons on the Master Service List. The Trustee also proposes to designate email transmission as the manner of service upon the persons on the Master Service List, unless a *pro se* party makes a written request to the Trustee to be exempt from the Notice Procedures. The Trustee further proposes to limit notice in the Adversary Proceedings to the defendants in such proceedings or

their counsel of record and designate email transmission as the manner of service, unless such defendants are appearing *pro se* and make a written request to the Trustee to be exempt from email service.

16. Similar relief has been granted by courts in this district. *See, e.g., In re Lehman Bros. Inc.,* Case No. 08-01420 (JMP) (Bankr. S.D.N.Y. July 13, 2010) [Docket No. 3466]; *In re Lehman Bros. Holdings Inc.*, Case No. 08-13555 (JMP) (Bankr. S.D.N.Y. Sept. 22, 2008) [Docket No. 285]; *In re EOS Airlines, Inc.*, Case No. 08-22581 (ASH) (Bankr. S.D.N.Y. Apr. 29, 2008) [Docket No. 31]; *In re Frontier Airlines Holdings, Inc.*, Case No. 08-11298 (RDD) (Bankr. S.D.N.Y. Apr. 11, 2008) [Docket No. 33]; *In re Dana Corp.*, Case No. 06-10354 (BRL) (Bankr. S.D.N.Y. Mar. 23, 2006) [Docket No. 574]; *In re Calpine Corp.*, Case No. 05-60200 (BRL) (Bankr. S.D.N.Y. Jan. 18, 2005) [Docket No. 488]; *In re Delphi Corp.*, Case No. 05-44481 (RDD) (Bankr. S.D.N.Y. Oct. 14, 2005) [Docket No. 245]; *In re Northwest Airlines Corp.*, Case No. 05-17930 (ALG) (Bankr. S.D.N.Y. Sept. 15, 2005) [Docket No. 86]; *In re Saint Vincents Catholic Med. Ctrs. of N.Y.*, Case No. 05-14945 (PCB) (Bankr. S.D.N.Y. July 12, 2005) [Docket No. 66]; *In re Winn-Dixie Stores, Inc.*, Case No. 05-11063 (RDD) (Bankr. S.D.N.Y. Feb. 23, 2005) [Docket No. 57]; *In re Tower Auto., Inc.*, Case No. 05- 10578 (ALG) (Bankr. S.D.N.Y. Feb. 4, 2005) [Docket No. 72]; *In re Loral Space & Commc'ns Ltd.*, Case No. 03-41710 (RDD) (Bankr. S.D.N.Y. July 15, 2003) [Docket No. 28].

17. The Trustee believes that regulating notice as set forth in the Notice Procedures is appropriate and sufficient in the particular circumstances of the BLMIS Proceedings pursuant to section 102(1) of the Bankruptcy Code. That section provides, in relevant part, that "'after notice and a hearing', or similar phrase—(A) means after such notice as is appropriate in the

particular circumstances….".  11 U.S.C. § 102(1).[2]   Pursuant to the Notice Procedures, any party in interest that is or may be affected directly by the relief sought by a particular Pleading will receive notice of such Pleading, and all interested parties who have filed a Notice of Appearance and requested to be added to the Master Service List will receive all notices in the Main Case. Thus, no party will be adversely affected by the relief requested herein.

18.     Approving the Notice Procedures is particularly warranted in a large and complicated case such as the SIPA proceeding of BLMIS.  The complexity and enormity of the BLMIS Proceedings cannot be overstated.  On or before December 11, 2010, the Trustee commenced over one thousand litigations against over four thousand defendants located in over thirty countries.  Through these litigations, the Trustee is seeking to recover billions of dollars on behalf of thousands of customers.  As discussed above, service on 16,000 entities of all filings is very burdensome and expensive.  Electronic service also carries the advantage of allowing parties to be served instantaneously – a significant advantage in these BLMIS Proceedings, where many parties in interest are not U.S. citizens and service through international channels can take months (or longer).

19.     Further, not all Pleadings refer to or affect the rights of all 16,000 persons and entities.  The Notice Procedures will eliminate the confusing and vexing notices to recipients– especially *pro se* defendants–who are not directly affected by a Pleading and who did not request such notice.  Not only do many of these parties not understand the documents that do not relate

---

[2] *See also* Fed. R. Bankr. P. 9013, which states that a request for an order generally must be made by written motion, which shall be served upon the persons as specified in applicable Bankruptcy Rules or as directed by the Court.  In a contested matter not otherwise governed by the Bankruptcy Rules, "relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought."  Fed. R. Bankr. P. 9014.   Local Bankruptcy Rule 2002-2(a) states that the requirements of "notice and a hearing" are satisfied by written notice that specifies the proposed action and the timing of that action, the terms and conditions of, and reasons for, such action,  the deadline for filing an objection and a hearing date if an objection is filed, to be accompanied by a proof of service.  S.D.N.Y. LBR 2002-2(a).  Local Bankruptcy Rule 2002-2(c) requires notice to "any entity having or claiming an interest in the subject matter of the proposed action or order or who otherwise

directly to their proceedings – they do not want to receive them. Counsel for the Trustee has received numerous calls and other communications indicating that parties do not want to receive documents that are not directly related to their adversary proceeding.

20. The Notice Procedures further the interests of all parties in interest as well as the estate. The Trustee believes the Notice Procedures will minimize administrative costs to the estate and unnecessary confusion for parties in interest while ensuring that all affected and interested parties and entities receive notice of filings.

21. The Notice Procedures do not alter the established practice of all Pleadings appearing on the dockets in the respective Adversary Proceedings. Accordingly, parties interested in receiving notice of all Pleadings filed in the BLMIS Proceedings, in addition to filing a Notice of Appearance in the Main Case and thus being added to the Master Service List, also have the option of monitoring the docket of the Main Case or the Adversary Proceeding of interest, which are public records and open to examination. See 11 U.S.C. § 107(a).

22. As a result, the Trustee believes the proposed Notice Procedures are fair and reasonable under the circumstances and in the best interest of the BLMIS estate and all interested parties.

**NOTICE OF THE MOTION**

23. Notice of this Motion has been provided by email or regular U.S. Mail in accordance with Rules 2002 and 9019 of the Bankruptcy Rules to all parties in interest in the BLMIS Proceedings, including: (i) SIPC; (ii) the SEC; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) all BLMIS customers; and (vi) those parties that have entered an appearance in the Main Case or one of the Adversary Proceedings through the ECF system. The Trustee submits that no other or further notice need

---

would be affected by the proposed action or order." S.D.N.Y. 2002-2(c).

be given.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests the entry of an Order, substantially in the form of Exhibit A, (i) establishing the Notice Procedures and proposed Form of Notice of Master Service List and Notice Procedures; and (ii) granting such other and further relief as the Court may deem necessary and appropriate.

Dated:  New York, New York
        October 20, 2011

BAKER & HOSTETLER LLP

By: /s/ *Marc E. Hirschfield*
    Baker & Hostetler LLP
    45 Rockefeller Plaza
    New York, New York 10111
    Telephone: (212) 589-4200
    Facsimile: (212) 589-4201
    David J. Sheehan
    Email: dsheehan@bakerlaw.com
    Marc E. Hirschfield
    Email: mhirschfield@bakerlaw.com
    James W. Day
    Email: jday@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*