**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                  Plaintiff,<br><br>                  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                  Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                  Debtor. | |

**ORDER APPROVING APPLICATIONS (I) FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AND (II) TO AMEND THE ORDER PURSUANT TO SECTION 78eee(b)(5) OF SIPA, SECTIONS 105, 330, AND 331 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 2016(a), AND LOCAL BANKRUPTCY RULE 2016-1 ESTABLISHING PROCEDURES GOVERNING INTERIM MONTHLY COMPENSATION OF TRUSTEE AND <u>BAKER & HOSTETLER LLP</u>**

This matter came before the Court on October 19, 2011 on the application (the "Application")[1] of Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation proceeding of Bernard L. Madoff Investment Securities LLC ("BLMIS"), and Bernard L. Madoff ("Madoff" and together with BLMIS, each a "Debtor" and collectively, the "Debtors"), and Baker & Hostetler LLP ("B&H"), counsel to the Trustee (together with the Trustee, the "Applicants"), with the support and approval of the Securities Investor Protection Corporation ("SIPC"), for entry of an order (i) for interim allowance, pursuant to section

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

78eee(b)(5) of the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"),[2] sections 330(a) and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Local Rules for the Bankruptcy Court for the Southern District of New York (the "Local Rules"), for compensation for professional services rendered and for reimbursement of actual and necessary expenses incurred during the period February 1, 2011 through and including May 31, 2011 (the "Compensation Period") in the amounts listed on <u>Exhibit A</u> attached hereto and (ii) seeking to amend the Order Pursuant to Section 78eee(b)(5) of SIPA, Sections 105, 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a) and Local Bankruptcy Rule 2106-1 Establishing Procedures Governing Interim Monthly Compensation of Trustee and Baker & Hostetler LLP, dated February 25, 2009 (ECF No. 126), as amended on December 17, 2009 (ECF No. 1078) (collectively, the "Compensation Order"), as more fully set forth in the Application (ECF No. 4022); and the applications of special counsel to the Trustee ("Special Counsel Applications"), as listed on Exhibit A attached hereto; and the Court having jurisdiction to consider the Application, the Special Counsel Applications, and the relief requested therein in accordance with section 78eee(b)(4) of SIPA, and the Protective Decree, entered on December 15, 2008 by the United States District Court for the Southern District of New York in Case No. 08-CV-10791, and 28 U.S.C. §§ 157 and 1334; and it appearing that sufficient notice of the Application and Special Counsel Applications having been given by September 21, 2011 (ECF No. 4392), and no other notice being necessary; and a hearing (the "Hearing") having been held on October 19, 2011 to consider the Application and Special Counsel Applications; and the Court having determined that the legal and factual bases set forth in the Application and Special Counsel Applications establish just cause for the relief granted therein; and after due deliberation

---

[2] For convenience, future reference to SIPA will not include "15 U.S.C."

2

and sufficient cause appearing therefore; and for the reasons stated on the record at the Hearing, it is hereby

**ORDERED, ADJUDGED** and **DECREED** that:

1. The Application is granted.

2. The Special Counsel Applications are granted.

3. The Trustee is authorized and directed to remit payment of fees and expenses as set forth on Exhibit A, less all amounts previously paid on account of such fees and expenses, from funds to be advanced to him by SIPC for that purpose pursuant to sections 78eee(b)(5)(E) and 78fff-3(b)(2) of SIPA.

4. Due to litigation or other advantage that may be gained through access and insight to the factual and legal research being performed by Applicants, the applications for approval of compensation filed with the Court shall exclude certain descriptive language that would reveal the thought processes and other work product of Trustee and his counsel.

5. All time periods set forth in this Second Amended Compensation Order shall be calculated in accordance with Rule 9006(a) of the Federal Rules of Bankruptcy Procedure.

6. Notice of the hearing and all applications for interim or final (as the case may be) Court approval and allowance of the compensation and reimbursement of expenses shall be served on the Notice Parties.

7. The relief granted herein shall be without prejudice to the rights of the Trustee, B&H and the Professionals to seek compensation and/or reimbursement in subsequent invoices for services performed and/or expenses incurred during the Compensation Period that were not processed at the time of the Applications.

8. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Second Amended Compensation Order.

Dated: New York, New York
October 19, 2011

/s/Burton R. Lifland
HONORABLE BURTON R. LIFLAND
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

Adv. Pro. No. 08-1789 (BRL)
Securities Investor Protection Corp. v. Bernard L. Madoff Investment Securities LLC
In re Bernard L. Madoff

**Current Compensation Period: February 1, 2011 – May 31, 2011 (or as otherwise indicated)**

| Applicant | Date and Dkt. No. of Application | Compensation Period | Interim Compensation Requested * | Interim Compensation Awarded | Interim Compensation to be Paid | Expenses Requested | Expenses Awarded |
|---|---|---|---|---|---|---|---|
| Irving H. Picard, Trustee | 9/21/2011  ECF No. 4376 | 2/1/2011 – 5/31/2011 | $599,301.00 | $599,301.00 | $539,370.90 | $479.80 | $479.80 |
| Baker & Hostetler LLP, Counsel to the Trustee | 9/21/2011  ECF No. 4376 | 2/1/2011 – 5/31/2011 | $44,727,586.65 | $44,727,586.65 | $40,254,828.00 | $1,270,956.31 | $1,270,956.31 |
| Eugene F. Collins, Special Counsel to the Trustee | 9/21/2011  ECF No. 4379 | 2/1/2011 – 5/31/2011 | $9,616.37 | $9,616.37 | $7,693.09 | $176.12 | $176.12 |
| Schiltz & Schiltz, Special Counsel to the Trustee | 9/21/2011  ECF No. 4389 | 2/1/2011 – 5/31/2011 | $60,220.27 | $60,220.27 | $48,176.22 | $9,248.79 | $9,248.79 |
| Higgs & Johnson, Special Counsel to the Trustee | 9/21/2011  ECF No. 4380 | 2/1/2011 – 5/31/2011 | $41,721.75 | $41,721.75 | $33,377.40 | $2,794.43 | $2,794.43 |
| Kugler Kandestin, L.L.P., Special Counsel to the Trustee | 9/21/2011  ECF No. 4383 | 2/1/2011 – 5/31/2011 | $6,462.53 | $6,462.53 | $5,170.02 | $724.25 | $724.25 |

| Applicant | Date and Dkt. No. of Application | Compensation Period | Interim Compensation Requested * | Interim Compensation Awarded | Interim Compensation to be Paid | Expenses Requested | Expenses Awarded |
|---|---|---|---|---|---|---|---|
| Graf & Pitkowitz Rechtsanwlälte GmbH Special Counsel to the Trustee | 9/21/2011 ECF No. 4388 | 2/1/2011 – 5/31/2011 | $970,376.30 | $970,376.30 | $776,301.04 | $32,139.63 | $32,139.63 |
| SCA Creque, Special Counsel to the Trustee | 9/21/2011 ECF No. 4386 | 2/1/2011 – 5/31/2011 | $159,031.51 | $159,031.51 | $127,225.21 | $1,174.00 | $1,174.00 |
| Young Conaway Stargatt & Taylor, LLP, Special Counsel to the Trustee | 9/21/2011 ECF No. 4384 | 2/1/2011 – 5/31/2011 | $49,484.70 | $49,484.70 | $39,587.76 | $840.62 | $840.62 |
| Windels Marx Lane & Mittendorf, LLP, Special Counsel to the Trustee | 9/21/2011 ECF No. 4391 | 2/1/2011 – 5/31/2011 | $2,987,422.80 | $2,987,422.80 | $2,389,938.24 | $39,630.76 | $39,630.76 |
| Williams, Barristers & Attorneys, Special Counsel to the Trustee | 9/21/2011 ECF No. 4387 | 2/1/2011 – 5/31/2011 | $282,089.89 | $282,089.89 | $225,671.91 | $2,673.50 | $2,673.50 |
| Taylor Wessing, Special Counsel to the Trustee | 9/21/2011 ECF No. 4381 | 2/9/2011 – 5/31/2011 | $1,434,276.90 | $1,434,276.90 | $1,147,421.52 | $249,075.70 | $249,075.70 |
| UGGC & Associés Special Counsel to the Trustee | 9/21/2011 ECF No. 4382 | 2/14/2011 – 5/31/2011 | $70,603.45 | $70,603.45 | $56,482.76 | $8,262.14 | $8,262.14 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Osborne & Osborne, P.A., Special Counsel to the Trustee | 9/21/2011<br><br>ECF No. 4385 | 3/8/2011 – 5/31/2011 | | $1,301.85 | $1,301.85 | $1,041.48 | $35.21 | $35.21 |

Schedule A(1)                              DATE: 10/19/2011                  INITIALS: /s/BRL USBJ

\* Each Applicant's requested amount includes (at least) a 10% discount from normal hourly rates.

Adv. Pro. No. 08-1789 (BRL)
Securities Investor Protection Corp. v. Bernard L. Madoff Investment Securities LLC
In re Bernard L. Madoff

## Summary – Cumulative of All Compensation Periods

| Applicant | Total Interim Compensation Requested | Total Interim Compensation Awarded | Total Paid | Total Expenses Requested | Total Expenses Awarded |
|---|---|---|---|---|---|
| Irving H. Picard, Trustee | $4,865,386.50 | $4,865,386.50 | $4,378,847.86 | $2,549.28 | $2,549.28 |
| Baker & Hostetler LLP, Counsel to the Trustee | $220,234,153.48 | $220,234,153.48 | $198,210,751.88 | $4,901,945.63 | $4,901,945.63 |
| AlixPartners, LLP, Consultant to the Receiver | $316,000.00 | $316,000.00 | $316,000.00 | $15,000.00 | $15,000.00 |
| Windels Marx Lane & Mittendorf, LLP, Counsel to the Chapter 7 Trustee | $199,500.00 | $199,500.00 | $199,500.00 | $2,770.46 | $2,770.46 |
| Attias & Levy, Special Counsel to the Trustee | $972,797.40 | $972,797.40 | $778,237.91 | $50,987.61 | $50,987.61 |
| Hogan Lovells International LLP, Special Counsel to the Trustee | $2,324,779.63 | $2,324,779.63 | $2,324,779.63 | $180,941.59 | $180,941.59 |
| Schifferli Vafadar Sivilotti, Special Counsel to the Trustee | $17,410.00 | $17,410.00 | 17,410.00 | N/A | N/A |
| Mishcon de Reya, Special Counsel to the Trustee | $82,407.79 | $82,407.79 | $65,926.23 | N/A | N/A |
| Receiver, Richards Kibbe & Orbe LLP, Counsel to the Receiver and AlixPartners LLP, Consultant to Receiver | $300,000.00 | $300,000.00 | $300,000.00 | $6,449.08 | $6,449.08 |
| Eugene F. Collins, Special Counsel to the Trustee | $223,807.52 | $223,807.52 | $179,046.03 | $43,886.07 | $43,886.07 |
| Schiltz & Schiltz, Special Counsel to the Trustee | $455,489.62 | $455,489.62 | $364,391.71 | $34,941.31 | $34,941.31 |
| Higgs & Johnson, Special Counsel to the Trustee | $464,202.45 | $464,202.45 | $371,361.96 | $79,985.68 | $79,985.68 |
| Kugler Kandestin, L.L.P., Special Counsel to the Trustee | $32,195.03 | $32,195.03 | $25,756.02 | $1,214.89 | $1,214.89 |
| Graf & Pitkowitz Rechtsanwälte GmbH Special Counsel to the Trustee | $970,376.30 | $970,376.30 | $776,301.04 | $32,139.63 | $32,139.63 |
| SCA Creque, Special Counsel to the Trustee | $515,452.49 | $515,452.49 | $412,362.00 | $1,174.00 | $1,174.00 |

| | | | | | |
|---|---|---|---|---|---|
| Young Conaway Stargatt & Taylor, LLP, Special Counsel to the Trustee | $63,463.05 | $63,463.05 | $50,770.44 | $1,753.06 | $1,753.06 |
| Windels Marx Lane & Mittendorf, LLP, Special Counsel to the Trustee | $12,951,190.70 | $12,951,190.70 | $10,550,952.56 | $197,231.40 | $197,231.40 |
| Williams, Barristers & Attorneys, Special Counsel to the Trustee | $1,247,510.68 | $1,247,510.68 | $998,008.53 | $95,817.25 | $95,817.25 |
| Taylor Wessing, Special Counsel to the Trustee | $2,950,568.30 | $2,950,568.30 | $2,360,454.64 | $434,560.94 | $434,560.94 |
| UGGC & Associés Special Counsel to the Trustee | $70,603.45 | $70,603.45 | $56,482.76 | $8,262.14 | $8,262.14 |
| Osborne & Osborne, P.A., Special Counsel to the Trustee | $1,301.85 | $1,301.85 | $1,041.48 | $35.21 | $35.21 |

Schedule A(1)　　　　　　　　　　DATE: 10/19/2011　　　　　INITIALS: /s/BRL USBJ

A-5