**Baker & Hostetler LLP**

45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Jorian L. Rose
Email: jrose@bakerlaw.com
Seanna R. Brown
Email: sbrown@bakerlaw.com
Bik Cheema
Email: bcheema@bakerlaw.com
Jacqlyn R. Rovine
Email: jrovine@bakerlaw.com

Hearing Date: October 26, 2011
Time:  10:00 a.m.

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**TRUSTEE'S REPLY TO OBJECTION OF ORTHOPAEDIC**
**SPECIALTY GROUP, P.C. TO TRUSTEE'S MOTION FOR AN ORDER**
**TO SCHEDULE HEARING ON "CUSTOMER" ISSUE AS IT RELATES TO ERISA**

Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of

Bernard L. Madoff Investment Securities LLC ("BLMIS") and the estate of Bernard L. Madoff ("Madoff") (collectively, "Debtor"), by and through his undersigned counsel, respectfully submits this response (the "Reply") to the objection (the "OSG Objection") [Docket No. 4462] filed by participants in the Orthopaedic Specialty Group, P.C. Defined Contribution Pension Plan (the "OSG Plan Participants") in opposition to the Trustee's motion (the "Scheduling Motion") [Docket No. 4432] for an order (the "Proposed Scheduling Order")[1] requesting a briefing schedule on the "customer" issue as it relates to Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.,* filed on October 4, 2011,[2] and in support thereof, respectfully submits as follows:

## <u>REPLY</u>

1.    In proposing the Scheduling Motion, the Trustee has attempted merely to design the most efficient and practical proceeding for resolving the objections of *all* ERISA Claimants Without An Account.   The OSG Objection was the only opposition filed to the Proposed Scheduling Order.[3]   The OSG Plan Participants, while agreeing the ERISA issue is

---

[1] In response to requests from counsel to certain claimants, the Trustee has agreed to propose an extension of the briefing schedule as discussed herein and as provided on the attached revised Proposed Scheduling Order.

[2] All capitalized terms not defined herein shall have the meaning provided in the Scheduling Motion.

[3] Another pleading styled an "objection" was filed but supports the Trustee's revised schedule. *See* Objection by Bricklayers and Allied Craftsmen Local 2 Annuity Fund, Bricklayers and Allied Craftworkers Local 2, Albany, New York, Health Benefit Fund, Bricklayers and Allied Craftworkers Local 2, Albany, New York, Pension Fund, Building Trade Employers Insurance Fund, Central New York Laborers' Annuity Fund, Central New York Laborers' Health and Welfare Fund, Central New York Laborers' Pension Fund, Central New York Laborers' Training Fund, Engineers Joint Welfare Fund, Engineers Joint Training Fund, International Brotherhood of Electrical Workers Local Union No. 43 and Electrical Contractors Pension Fund, International Brotherhood of Electrical Workers  Local No. 43 and Electrical Contractors Welfare Fund, I.B.E.W. Local 139 Pension Fund, I.B.E.W. Local 241 Pension Fund, I.B.E.W. Local 241Welfare Benefits Fund, I.B.E.W. Local 325 Annuity Fund, I.B.E.W. Local 325 Pension Fund, I.B.E.W. Local 910 Annuity Fund, I.B.E.W. Local 910 Pension Fund, I.B.E.W. Local 910 Welfare Fund, I.B.E.W. Local 1249 Pension Fund, Laborers' Local 103 Annuity Fund, Laborers' Local 103 Welfare Fund, Laborers' Local 103 Pension Fund, New York State Lineman's Safety Training Fund, Oswego Laborers' Local No. 214 Pension Fund, Plumbers, Pipefitters and Apprentices Local No. 112 Health Fund, Roofers' Local 195 Annuity Fund, Roofers' Local 195 Health & Accident Fund, Roofers' Local 195 Pension Fund, Syracuse Builders Exchange, Inc./CEA Pension Plan, SEIU 1199 Upstate Pension Fund, Service Employees Benefit Fund, Service Employees Pension Fund of Upstate New York, Local 73 Retirement Fund, Local 73 Annuity Fund, and Upstate Union Health & Welfare Fund [Docket No. 4468].

2

appropriate for this Court's determination at this time, seek to change the Proposed Scheduling Order.

2.    The OSG Plan Participants request two types of changes to the Proposed Scheduling Order, involving both process and timing.  The OSG Plan Participants request that this Court change the process by bifurcating the legal and factual issues to be determined – and initially consider only the "legal issue" relating to this matter.  As a result of the proposed bifurcation, the OSG Plan Participants seek to expedite the briefing schedule for the initial phase.  The OSG Plan Participants' proposal is neither practical nor consistent with the requests of similarly situated claimants, as discussed herein.

A.    *The OSG Plan Participants' Bifurcation Proposal Seeks an Advisory Opinion and Is Inefficient.*

3.    Bifurcation of the legal and factual issues relating to ERISA, as requested by the OSG Plan Participants, is neither efficient nor practical in this matter.  The arguments raised by certain ERISA Claimants Without An Account (including the OSG Plan Participants) require determinations of mixed questions of law and fact.  Many arguments the Trustee anticipates claimants making in this proceeding involve legal and factual issues that are inescapably intertwined.  One example of a mixed factual and legal question anticipated by the Trustee is that certain claimants may argue that applicable precedent, namely, *Securities Investor Protection Corp. v. Morgan, Kennedy Co.*, 533 F.2d 1314 (2d Cir. 1976), is distinguishable on factual, as well as legal, grounds.  The Trustee expects such claimants may attempt to argue they had a direct relationship with BLMIS and will need to provide factual support.  Another example is that the Trustee expects ownership of the ERISA plan assets will be in dispute.  It is unclear how this issue could be considered in the absence of the plans themselves.  These are just a few examples of such mixed questions that the Trustee anticipates may be raised in this proceeding.

3

4.      Additionally, without showing that claimants have participated in ERISA qualified plans, it is unclear which of the claimants should be involved in the proceeding.  In sum, the OSG Plan Participants are suggesting that this Court determine whether an undefined set of facts could be alleged by potential claimants (who may not have standing) that may allow them to achieve "customer" status.  Presumably, if successful, the claimants would then assemble facts after this Court provides guidance.  Such a proceeding is advisory in nature.

5.      Furthermore, the Proposed Scheduling Order was designed in light of the Trustee's experience with this case.  Similar to the Feeder Fund Customer Motion, the Trustee, and ultimately this Court, will require a review of the various plan documents and other supporting documents to establish the relationship between the plans and BLMIS.  In connection with the Feeder Fund Customer Motion, one of the most significant factors was the information contained in the feeder fund documents.  In that proceeding, a number of claimants failed to supply complete versions of those documents.  The Trustee is attempting to avoid that same inefficiency in this proceeding.

6.      The Trustee expects the OSG Plan Participants, among others, to allege a variety of facts in support of their legal conclusion that they are, in fact, customers of BLMIS.  However, without understanding the nature and scope of those allegations from *all* ERISA Claimants Without An Account, it is unclear how the Trustee could respond in such a vacuum.  The result of the change proposed by the OSG Plan Proponents would be akin to requiring the Trustee to proceed on a motion to dismiss without the benefit of each of the complaints.[4]  Without understanding the legal theories or factual allegations, it is unclear how this process would work.

---

[4] While the OSG Plan Participants contend they provided a legal brief in 2009, that is not true for all potential claimants that may participate in this hearing. The customer claims do not include the theories of law or factual support for why ERISA Customers Without An Account contend they are entitled to customer status.  The limited number of objections that mention ERISA provide little analysis.

4

B.    *The Trustee Seeks to Accommodate All Claimants in Proposing this Schedule*

7.    The OSG Plan Participants propose an alternative briefing schedule; one that they assert will substantially shorten the briefing schedule proposed by the Trustee.    The result would be the opposite.    Even if this Court were to approve the schedule proposed by the OSG Plan Participants and assuming success in the initial phase, claimants would still be required to assemble factual support for a subsequent proceeding.    The proposed scheduling change will not accelerate the process.

8.    The purported shortening of the briefing schedule as suggested by the OSG Plan Participants is also contrary to the request received from Blitman & King LLP, Jennifer A. Clark, on behalf of numerous claimants.    It was Ms. Clark's request that originally resulted in the exclusion of ERISA issue from the hearing on the Feeder Fund Customer Motion.    Ms. Clark has requested an extension of the briefing schedule and the Trustee has agreed to propose a revised schedule representing a compromise between her requested extension and the expedited schedule requested in the OSG Objection.    The Trustee proposes the following schedule:

- Trustee's Motion:                                    **November 11, 2011**
  (the original date proposed)
- ERISA Claimants' Opposition Briefs:    **January 16, 2012**
  (Ms. Clark's original request was mid-February, 2012)
- Trustee's Response Brief:                        **March 2, 2012**
- SIPC/Interested Parties' Briefs:              **March 2, 2012**
- ERISA Objecting CWAA Replies:          **April 2, 2012**
- Trustee/SIPC Replies:                              **April 20, 2012**
- Hearing:                                                    **May 25, 2012**

9.    The Trustee additionally seeks to amend the Proposed Scheduling Order to require that any ERISA Claimant Without An Account that would like to testify at the hearing,

---

The OSG Objection also requests that the Trustee not be permitted a sur-reply at this time.    The Trustee has

provide an affidavit along with its submission of documents by no later than January 16, 2012. The Trustee is requesting this change in hopes of avoiding witness travel and to streamline the proceedings (in the event agreements can be reached on the subject matter of the testimony). Also, such disclosure would allow the Trustee to determine if any discovery is necessary.

10.    The Trustee respectfully submits a revised Proposed Scheduling Order incorporating the changes described herein as well as the proposal of Blitman & King LLP, annexed hereto as Exhibit A (a redline version of the order is also annexed hereto as Exhibit B).

WHEREFORE, the Trustee requests that the OSG Objection be denied in its entirety and the revised Proposed Scheduling Order be entered.

Dated: New York, New York
             October 24, 2011

Respectfully submitted,

*/s/ David J. Sheehan*
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Jorian L. Rose
Email: jrose@bakerlaw.com
Seanna R. Brown
Email: sbrown@bakerlaw.com
Bik Cheema
Email: bcheema@bakerlaw.com
Jacqlyn R. Rovine
Email: jrovine@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

---

requested a sur-reply in advance precisely because many claimants did not provide their arguments in their claims and objections, so it is appropriate here.