**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

## [PROPOSED] SCHEDULING ORDER

This matter came before the Court on October 4, 2011 on the motion (the "Scheduling Motion")[1] of Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the estate of Bernard L. Madoff ("Madoff") (collectively, "Debtor"), by and through his counsel, for entry of an order to schedule a hearing regarding the "customer" issue as it relates to ERISA, as more fully set forth in the Scheduling Motion (Docket No. 4432); and the Court having jurisdiction to consider the Scheduling Motion and the relief requested therein in accordance with section 78eee(b)(4) of the Securities Investor Protection Act ("SIPA"), 15 U.S.C. § 78aaa, *et seq.*, the Protective Decree entered on December 15, 2008 by the United States District Court for the Southern District of New York in Case No. 08-CV-10791 (LLS), and 28 U.S.C. §§ 157 and 1334, and in accordance with SIPC's application under SIPA, 15 U.S.C. § 78eee(a)(3); and it appearing that the relief requested by the Scheduling Motion is necessary and in the best interests of the

estate, its customers, creditors, and all parties-in-interest; and due notice of the Scheduling Motion having been given, and it appearing that no other or further notice need be given; and upon the proceedings before the Court and after due deliberation, it is hereby:

**ORDERED**, that the relief requested in the Scheduling Motion is granted; and it is further

**ORDERED**, that on or before [November 11, 2011], the Trustee shall file the Motion For An Order To Affirm Trustee's Determinations Denying Claims of Claimants Without BLMIS Accounts In Their Names, Namely, Investors In ERISA Property (the "ERISA Claimants Without An Account Motion" or "ERISA CWAA Motion") seeking to affirm the Trustee's denial of the claims of certain claimants who did not have BLMIS accounts in their names, who invested only indirectly in BLMIS, and argue that ERISA and related regulations determine their "customer" statute under SIPA ("ERISA Claimants Without An Account").  The sole purpose of the ERISA CWAA Motion shall be to resolve the claims objections that raised ERISA as a basis for determining their customer status, i.e., the ERISA Claimants Without An Account.  The Trustee is not required to file a memorandum of law in support concurrently with the ERISA CWAA Motion.  The Trustee shall file his memorandum of law in support of the ERISA CWAA Motion in accordance with this Order; and it is further

**ORDERED**, that on or before [January 16, 2012], any ERISA Claimant Without An Account who wishes to participate in the briefing on this issue as it pertains to their claims and objections ("ERISA Objecting Claimants Without An Account" or "ERISA Objecting CWAA") shall file a memorandum of law in opposition ("Opposition Brief") to the ERISA CWAA Motion. Failure to file timely Opposition Briefs will bar those ERISA Objecting CWAA from being heard on this issue, unless the Trustee agrees or the Court orders otherwise, and the Court's Order on the ERISA CWAA Motion will be binding on them; and it is further

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

**ORDERED**, that because a claimant bears the burden of establishing "customer" status, ERISA Objecting CWAA shall submit to the Trustee documentation and other factual support (including, without limitation, documents regarding their ERISA plan, BLMIS investment, the proportionate share of the ERISA plan in the BLMIS investment, affidavits (in the event a witness would testify at the hearing), or any other relevant documents to their claim and objection) in support of the argument that ERISA and related regulations determine their "customer" status (the "ERISA Documentation"). The ERISA Documentation should be transmitted to the Trustee no later than the date on which an Opposition Brief is filed. In accordance with the Claims Procedures Order, the ERISA Documentation should be served on the Trustee at Irving H. Picard, Trustee for Bernard L. Madoff Investment Securities LLC, Claims Processing Center, 2101 Cedar Springs Road, Suite 1100, Dallas TX 75201. All ERISA Objecting CWAA shall retain copies of all documents provided to the Trustee. Failure to submit supporting documentation with the Opposition Briefs will bar those ERISA Objecting CWAA from doing so subsequently, unless the Trustee agrees or the Court orders otherwise. The Trustee will collect all ERISA Documentation submitted to him and prepare a unified submission to the Court. Because of potential privacy and/or confidentiality issues, the ERISA Documentation shall not be filed with the Court electronically on ECF unless an ERISA Objecting CWAA chooses to file such documents in support of her Opposition Brief. The Trustee shall, however, file a declaration with the Court that identifies generally the ERISA Documentation submitted to him; and it is further

**ORDERED**, that on or before [March 2, 2012], the Trustee shall file in support of the ERISA CWAA Motion and in response to the Opposition Briefs a memorandum of law and any supporting papers setting forth the factual and legal bases for the Trustee's denial of the ERISA Objecting CWAA's claims. The Trustee may rely on ERISA Documentation in support of the ERISA CWAA Motion. If the Trustee seeks to file any ERISA Documentation electronically

with the Court on ECF, he will make any necessary redactions after conferring with the claimant that produced such documents; and it is further

**ORDERED**, that on or before [March 2, 2012], SIPC may file a brief with reference to the ERISA CWAA Motion; and it is further

**ORDERED**, that on or before [March 2, 2012], any Interested Parties, defined as governmental entities, and specifically including the Securities & Exchange Commission, the Department of Labor, the Pension Benefit Guaranty Corporation, and the Internal Revenue Service, may file briefs relating to the ERISA CWAA Motion. Any such briefs must be served upon (a) Baker & Hostetler, LLP, counsel for the Trustee, 45 Rockefeller Plaza, New York, New York 10111, Attn: David J. Sheehan, and (b) the Securities Investor Protection Corporation, 805 Fifteenth Street, NW, Suite 800, Washington, DC 20005, Attn: Kevin H. Bell; and it is further

**ORDERED**, that on or before [April 2, 2012], ERISA Objecting CWAA may file any reply papers. Any such briefs must be served upon (a) Baker & Hostetler, LLP, counsel for the Trustee, 45 Rockefeller Plaza, New York, New York 10111, Attn: David J. Sheehan, and (b) the Securities Investor Protection Corporation, 805 Fifteenth Street, NW, Suite 800, Washington, DC 20005, Attn: Kevin H. Bell; and it is further

**ORDERED**, that on or before [April 20, 2012], the Trustee and SIPC may file any sur-reply papers; and it is further

**ORDERED**, that the Court shall hold a hearing on the ERISA CWAA Motion on [May 25, 2012], at 10:00 a.m., or such other time as the Court determines. The Court will only consider the Trustee's construction of the term "customer" as it relates to ERISA. Any other issues raised by the ERISA Objecting CWAA will be resolved in subsequently scheduled hearings; and it is further

**ORDERED**, that the briefing schedule and hearing date set forth in this Scheduling Order

is not limited to the ERISA Objecting CWAA. Other claimants or parties-in-interest who seek to be heard on the ERISA issue as it relates to their claims and corresponding objections shall file papers consistent with this Order. Such claimants and parties-in-interest must file their Opposition Briefs and supporting documentation on the same date as ERISA Objecting CWAA, [January 16, 2012], and must identify (i) the claimant or party-in-interest's interest in this matter, including, but not limited to, whether the claimant had an account at BLMIS, (ii) the timely-filed customer claim, if applicable, and (iii) the docket numbers of any objections to the Trustee's claim determination, and any other submissions to this Court or any other court related to this liquidation proceeding, if applicable. Any such briefs must be served upon (a) Baker & Hostetler, LLP, counsel for the Trustee, 45 Rockefeller Plaza, New York, New York 10111, Attn: David J. Sheehan, and (b) the Securities Investor Protection Corporation, 805 Fifteenth Street, NW, Suite 800, Washington, DC 20005, Attn: Kevin H. Bell. A claimant's or party-in-interest's failure to file a timely Opposition Brief and supporting documentation will bar her from being heard on the ERISA issue, unless the Trustee agrees or the Court orders otherwise, and the Court's Order on the ERISA CWAA Motion is binding on them; and it is further

**ORDERED,** that the Trustee shall prepare a notice that sets forth the date, time, and location of the hearing and apprise the Notice Parties of the relevant legal issues, their ability to file briefs, the deadline for any such filings, and the hearing date. The Trustee shall serve notice by U.S. mail, postage prepaid, email, or by ECF. The Trustee shall also post comparable information on his web site; and it is further

**ORDERED**, that this Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: New York, New York
     [____] [_], 2011

                                                _____
                                                HONORABLE BURTON R. LIFLAND
                                                UNITED STATES BANKRUPTCY JUDGE

300184250