**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | |

**ORDER APPROVING THE TRUSTEE'S MOTION TO FURTHER AMEND, SOLELY AS RELATES TO WINDELS MARX LANE & MITTENDORF, LLP, THE ORDER PURSUANT TO SECTION 78eee(b)(5) OF SIPA, SECTIONS 105, 330, AND 331 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 2016(a), AND LOCAL BANKRUPTCY RULE 2016-1 ESTABLISHING PROCEDURES <u>GOVERNING INTERIM MONTHLY COMPENSATION</u>**

Upon the Motion ("Motion") dated November __, 2011 of Irving H. Picard, Esq., as trustee (the "Trustee") for the substantively consolidated estate of Bernard L. Madoff Investment Securities LLC ("BLMIS") and Bernard L. Madoff, for entry of an order further amending, solely as it relates to Windels Marx Lane & Mittendorf, LLP ("Windels Marx"), that certain Order Pursuant to Section 78eee(b)(5) of SIPA, Sections 105, 330, and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a), and Local Bankruptcy Rule 2016-1 Establishing Procedures Governing Interim Monthly Compensation of the Trustee and Baker & Hostetler LLP, as most recently amended and superseded in its entirety on June 1, 2011 (the "Second Amended Compensation Order"),

and due and proper notice having been given under the circumstances of the case, and the Securities Investor Protection Corporation having consented to and approved the relief sought,

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED, as set forth herein.

2. Beginning with the period commencing June 1, 2011:

   a. Windels Marx shall be included in the definition of the term "Applicants" as set forth in the Second Amended Compensation Order for all purposes, except as otherwise set forth herein; and

   b. the terms and procedures set forth in paragraphs 6 through 10 of the Second Amended Compensation Order shall apply to Windels Marx, in its capacity as special counsel to the Trustee, in all respects, except that Windels Marx shall be paid compensation on a quarterly basis for 80% of its fees (i.e. a 20% holdback).

3. Accordingly, paragraph 6(e) of the Second Amended Compensation Order, which refers to monthly compensation of 90% of fees, shall not be applicable to Windels Marx, and the following provisions shall apply instead (solely with respect to Windels Marx):

   "At the expiration of each 3-month period beginning June 1, 2011, the Trustee shall promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses identified in Windels Marx' Monthly Statements for such 3-month period to which no objection has been served in accordance with paragraph (d) hereof, and the Trustee shall promptly pay any amounts authorized by this Second Amended Compensation Order not previously paid to Applicants."

4. Except as set forth above with respect to Windels Marx, the Second Amended Compensation Order shall remain unaltered in all respects.

    5.  This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: New York, New York
        _____, 2011

                                    _____
                                    The Honorable Burton R. Lifland
                                    United States Bankruptcy Judge