Baker & Hostetler LLP

45 Rockefeller Plaza

New York, New York 10111

Telephone: (212) 589-4200

Facsimile: (212) 589-4201

David J. Sheehan

Email: dsheehan@bakerlaw.com

Jorian Rose

Email: jrose@bakerlaw.com

Seanna R. Brown

Email: sbrown@bakerlaw.com

Bik Cheema

Email: bcheema@bakerlaw.com

Jacqlyn R. Rovine

Email: jrovine@bakerlaw.com

Hearing Date: May 23, 2012

Hearing Time: 10:00 A.M. EST

Objections Due: January 17, 2012

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC*
*And Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**MOTION FOR AN ORDER AFFIRMING TRUSTEE'S**
**DETERMINATIONS DENYING CLAIMS OVER ERISA-RELATED OBJECTIONS**

Pursuant to this Court's ERISA Scheduling Order of November 8, 2011 (ECF No. 4507), Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the estate of Bernard L. Madoff ("Madoff") (collectively, "Debtor"), by and through his undersigned counsel, respectfully submits this motion (the "ERISA Claimants Without An Account Motion" or "ERISA CWAA Motion") to affirm the denial of those customer claims and adjudicate the corresponding objections filed by claimants who argue that the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and related regulations confer on them "customer" status, as that term is defined by section 78*lll*(2) of the Securities Investor Protection Corporation Act ("SIPA"), 15 U.S.C. § 78aaa, *et seq.*[1] Any claimant who believes that ERISA and related regulations confers "customer" status under SIPA, but fails to file a timely Opposition Brief and ERISA Documentation, will be barred from being heard on this issue, unless the Trustee agrees or the Court orders otherwise, and the Court's Order on the ERISA CWAA Motion will be binding on them.

The Trustee, in support of the ERISA CWAA Motion, states as follows:

## BACKGROUND

1.      On December 11, 2008, the Securities and Exchange Commission ("SEC") filed a Complaint in the United States District Court for the Southern District of New York against defendants Madoff and BLMIS, No. 08 Civ. 10791 (LLS) (the "Civil Case").

2.      On December 15, 2008, pursuant to SIPA § 78eee(a)(4)(A), the SEC consented to a combination of the Civil Case with an application filed by the Securities Investor Protection Corporation ("SIPC"). Thereafter, pursuant to SIPA § 78eee(a)(3), SIPC filed an application in

---

[1] For convenience, future reference to SIPA will not include "15 U.S.C."

the District Court alleging, *inter alia*, that the Debtor was not able to meet its obligations to securities customers as they came due and, accordingly, its customers needed the protection afforded by SIPA.

3.     On December 15, 2008, the District Court entered an order pursuant to SIPA which, in pertinent part:

(a)     appointed Irving H. Picard as trustee for the liquidation of the business of BLMIS, pursuant to section 78eee(b)(3) of SIPA;

(b)     appointed Baker & Hostetler LLP as counsel to the Trustee pursuant to section 78eee(b)(3) of SIPA;

(c)     removed the case to this Bankruptcy Court pursuant to section 78eee(b)(4) of SIPA; and

(d)     authorized the Trustee to take immediate possession of the property of the debtor, wherever located.

4.     Under SIPA, the Trustee is responsible for recovering and distributing customer property to a broker's customers, assessing claims, and liquidating other assets of the firm for the benefit of the estate and its creditors.  A SIPA trustee has the general powers of a bankruptcy trustee, in addition to the powers granted by SIPA.  SIPA § 78fff-1(a).  The statutory framework for the satisfaction of customer claims in a SIPA liquidation proceeding provides that "customers," as defined in SIPA § 78*lll*(2), share *pro rata* in "customer property," defined in SIPA § 78*lll*(4 ), to the extent of their "net equity," defined in SIPA § 78*lll*(11).   For each customer with a valid net equity claim, if the customer's share of customer property does not make him whole, SIPC advances funds to the SIPA trustee up to the amount of the customer's net equity, capped at $500,000.  SIPA § 78fff-3(a).

5.     On December 23, 2008, this Court entered an order (the "Claims Procedures Order") that, *inter alia*, specified the procedures consistent with these SIPA provisions for the filing, determination, and adjudication of customer claims.  (ECF No. 12).   Accordingly, the

Trustee determines claims, claimants may object to the Trustee's determination of a claim by filing an objection in this Court, and the Trustee must request a hearing date for the objection and notify the objecting claimant thereof. *Id.*

*"CUSTOMER" DEFINITION UNDER SIPA*

6.      SIPA narrowly construes the definition of "customer" and the claimant bears the burden of proving customer status. *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 454 B.R. 285, 294 (Bankr. S.D.N.Y. 2011).

7.      A "customer" is defined as an investor with "a claim on account of securities received, acquired, or held by the debtor in the ordinary course of its business as a broker or dealer *from or for the securities accounts of such person*," including "any person who has deposited cash with the debtor for the purpose of purchasing *such securities*." SIPA § 78*lll*(2). Thus, to be a "customer," an investor must have entrusted the debtor with cash or securities to purchase securities, have a "securities" account for that purpose, and a SIPA trustee must be able to ascertain these transactions from the books and records of the debtor or they must be established to the satisfaction of the Trustee. SIPA § 78fff-2(b).

8.      Conversely, if an investor had no securities accounts at the debtor, entrusted no cash or securities to the debtor, lacked any financial relationship with the debtor, received no account statements or other communications from the debtor, and had no transactions reflected on the books and records of the debtor, then the investor is not a "customer" of the debtor under SIPA. For the purposes of this SIPA proceeding, a claimant that has the above characteristics has been referred to as a "Claimant Without An Account."

*FEEDER FUND CUSTOMER MOTION, HEARING, AND DECISION*

9.    The Trustee has commenced one prior proceeding to affirm his determination with respect to certain Claimants Without An Account.  On June 11, 2010, the Trustee filed a Motion For An Order To Affirm Trustee's Determinations Denying Claims of Claimants Without BLMIS Accounts in Their Names, Namely, Investors in Feeder Funds.  (ECF Nos. 2410-2413, 2416).  The motion addressed only those Claimants Without An Account whose claims emanated from their direct or indirect investments in 16 so-called Feeder Funds that, in turn, had accounts with and invested directly with BLMIS.

10.    At the hearing held on October 19, 2010, Counsel for the Trustee informed the Court that the claims and objections of Claimants Without An Account who argued that ERISA and related regulations determine their "customer" status under SIPA ("ERISA Claimants Without An Account") would be adjudicated separately.

11.    On June 28, 2011, the Bankruptcy Court issued a Memorandum Decision and Order affirming the Trustee's denial of those Claimants Without An Account who invested in the 16 Feeder Funds and expunging their objections.  (ECF Nos. 3018, 4193, 4209).  *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 454 B.R. 285 (Bankr. S.D.N.Y. 2011) (appeal pending).

12.    The Bankruptcy Court, affirming the Trustee's position, found that in light of the plain language of SIPA and relevant case law, the objecting claimants did not qualify as "customers" under SIPA.  *Id.* at 290.  The court found that the objecting claimants invested in, not through, the Feeder Funds, and had no individual accounts at BLMIS.  *Id.* at 295.  It was the Feeder Funds who entrusted their monies with BLMIS for the purpose of trading or investing in securities—the touchstone of "customer" status—whereas the objecting claimants purchased

- 4 -

ownership interests in the Feeder Funds themselves. *Id.* at 299. The court held that absent a direct broker-dealer relationship with BLMIS, the objecting claimants sought a definition of "customer" that stretched the term beyond its limits. *Id.* at 290, 302.

13.     Whether other claimants qualify as "customers" under SIPA will depend on an analysis of the factual circumstances of their claims and how SIPA applies under those particular circumstances. *Id.* at 291 n.7.

### *MOTION TO DETERMINE "CUSTOMER" STATUS OF ERISA CLAIMANTS WITHOUT AN ACCOUNT*

14.     On October 5, 2011, the Trustee moved before the Bankruptcy Court for a briefing schedule and hearing to affirm the claims determinations with respect to and adjudicate the objections of ERISA Claimants Without An Account. (ECF No. 4432). The Court entered the ERISA Scheduling Order on November 8, 2011.

15.     The ERISA Scheduling Order, attached as <u>Exhibit A</u> to the Notice of Motion filed concurrently with this Motion, provides the briefing schedule and hearing date for claimants, parties-in-interest, Interested Parties, and SIPC.

### **RELIEF REQUESTED**

16.     By way of this Motion and the memorandum of law in support to be filed on March 2, 2012 in accordance with the ERISA Scheduling Order, the Trustee respectfully requests an order: (i) affirming the Trustee's denial of claims, and (ii) overruling the objections to the Trustee's claims determinations insofar as the claimants objected to the Trustee's interpretation of the term "customer" on the basis of ERISA and related regulations.

17.     Any claimant that has a timely objection pending and believes that ERISA and related regulations determine her "customer" status under SIPA may file a timely Opposition Brief and ERISA Documentation in accordance with the ERISA Scheduling Order. Failure to

file a timely Opposition Brief and ERISA Documentation will be bar claimants from being heard

on this issue, unless the Trustee agrees or the Court orders otherwise, and the Court's Order on

the ERISA CWAA Motion will be binding on them.

18.    Any bases other than ERISA-related arguments as they relate to "customer" status

for disallowing the claims of ERISA Claimants Without An Account or objecting to the

Trustee's claims determinations will be resolved at a later date.

## ARGUMENT

19.    ERISA has no bearing on the determination of whether a claimant is a "customer"

under SIPA.  The "critical aspect" of determining who is a "customer" under SIPA's narrow

definition is "the entrustment of cash or securities to the broker-dealer for the purposes of trading

securities."  SIPA § 78*lll*(2); *Stafford v. Giddens* (*In re New Times Sec. Servs., Inc.*), 463 F.3d

125, 128 (2d Cir. 2006); *see, e.g., Rosenman Family, LLC v. Picard*, 395 Fed. Appx. 766, 768

(2d Cir. 2010); *Sec. Investor Prot. Corp.*, 454 B.R. at 298.  The claim of a customer must relate

to an account with the debtor.  SIPA § 78*lll*(2); *see, e.g., Sec. Investor Prot. Corp. v. Exec. Sec.*

*Corp.*, 423 F. Supp. 94, 98 (S.D.N.Y. 1976), *aff'd*, 556 F.2d 98 (2d Cir. 1977).

20.    ERISA Claimants Without An Account neither entrusted cash nor securities to

BLMIS nor had accounts in their names with BLMIS.

21.    *Securities Investor Protection Corporation v. Morgan, Kennedy Company*, 533

F.2d 1314 (2d Cir. 1976) pre-dates the enactment of ERISA, but the decision and reasoning

remain precedential.

22.     ERISA Claimants Without An Account did not have accounts in their own names

with BLMIS, were not known to BLMIS, did not have a fiduciary relationship with BLMIS, had

no power to entrust their assets to BLMIS for the purpose of investing or trading in securities,

and controlled no investment decisions. *Sec. Investor Prot. Corp.*, 454 B.R. at 301. Indeed, the

ERISA Claimants Without An Account ceded all control over their investments to their ERISA-

plan fiduciaries.

23.     SIPA § 78fff-3(a)(5) provides that when a bank, broker, or dealer—entities that

are statutorily ineligible for SIPC advances—places an investment with an insolvent broker-

dealer on behalf of its non-bank, non-broker, or non-dealer clients, SIPA permits a SIPC advance

to the underlying client, not the bank, broker, or dealer acting as the client's fiduciary or agent.

*See* SIPA § 78fff-3(a)(5); *see also In re Albert & Maguire Sec. Co.,* 419 F. Supp. 1171, 1177-78

(E.D. Pa. 1976). No evidence has come to the Trustee's attention that ERISA Claimants Without

An Account invested through banks, brokers or dealers.[2] As such, the statutory exemption does

not apply to them.

24.     Moreover, there are no applicable sections of ERISA or related regulations that

conflict with SIPA § 78*lll*(2) or any other provision of SIPA that is relevant to the "customer"

determination.

## NOTICE

25.     Notice of this Motion has been provided by U.S. mail, postage prepaid, email, or

by ECF to (i) all parties that have filed a notice of appearance in this case; (ii) all claimants who

have filed timely objections with this Court; (iii) the SEC; (iv) the Department of Labor; (v) the

Pension Benefit Guaranty Corporation; (vi) the Internal Revenue Service; and (vii) the United

States Attorney for the Southern District of New York. This Motion has also been posted to the

---

[2] To the extent an ERISA Claimant Without An Account is arguing that they invested through a bank, broker or dealer, this matter will not be addressed in this hearing.

Trustee's website, www.madofftrustee.com.  The Trustee submits that no other or further notice need be given.

   **WHEREFORE,** the Trustee respectfully requests that the Court issue an order granting the relief requested herein, and grant such other and further relief to the Trustee as the Court deems proper.

Dated: New York, New York
       November 14, 2011

Of Counsel:

Baker & Hostetler LLP
3200 National City Center
Cleveland, Ohio 44114
Telephone: (216) 621-0200
Facsimile: (216) 696-0740
Brian A. Bash
Email: bbash@bakerlaw.com
Thomas D. Warren
Email: twarren@bakerlaw.com
Wendy J. Gibson
Email: wgibson@bakerlaw.com

*/s/ David J. Sheehan*
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Jorian L. Rose
Email: jrose@bakerlaw.com
Seanna R. Brown
Email: sbrown@bakerlaw.com
Bik Cheema
Email: bcheema@bakerlaw.com
Jacqlyn R. Rovine
Email: jrovine@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities*
*LLC and Bernard L. Madoff*