# EXHIBIT 1

Claim Number
Date Received

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

### DECEMBER 11, 2008

**(Please print or type)**

**Name of Customer:**   Neil Botwinoff ("Claimant")

**Mailing Address:**   325 East 72nd Street

**City:**  New York              **State:**  New York         **Zip:**   10021

**Account No.:**  Claimant maintained account number 222-05001 at Bear Stearns, which functioned as IRA custodian for Claimant's IRA investment in P.J. Administrator LLC, which, in turn, wholly invested with Bernard L. Madoff Investment Securities LLC ("Broker") through account numbers 1-KW387-3-0 and 1-FN086-4-0 (collectively, the "Accounts").

**Taxpayer I.D. Number (Social Security No.):**   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

**NOTE:**   **BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY THE ACCOMPANYING INSTRUCTION SHEET.  A SEPARATE CLAIM FORM SHOULD BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL PROTECTION AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE RECEIVED BY THE TRUSTEE ON OR BEFORE MARCH 4, 2009.  CLAIMS RECEIVED AFTER THAT DATE, BUT ON OR BEFORE JULY 2, 2009, WILL BE SUBJECT TO DELAYED PROCESSING AND TO BEING SATISFIED ON TERMS LESS FAVORABLE TO THE CLAIMANT.  PLEASE SEND YOUR CLAIM FORM BY CERTIFIED MAIL – RETURN RECEIPT REQUESTED.**

*********************************************************************************

Claim for money balances as of **December 11, 2008**:

1.

   a.   The Broker owes me a Credit (Cr.) Balance of                    $56,027.89[1]

   b.   I owe the Broker a Debit (Dr.) Balance of                       $      N/A

   c.   If you wish to repay the Debit Balance,
        please insert the amount you wish to repay and
        attach a check payable to "Irving H. Picard, Esq.,
        Trustee for Bernard L. Madoff Investment Securities LLC."
        If you wish to make a payment, **it must be enclosed**
        with this claim form.                                          $      N/A

        If balance is zero, insert "None."                                    N/A

---

[1] On February 20, 2009, the SIPC Trustee presided over the first meeting of the Broker's creditors. At that meeting, the Trustee stated that he had found no evidence that the Broker purchased any securities for his customers for at least 13 years. As a result, the Trustee indicated that claims for reimbursement will be based on the net of investors' cash deposits and withdrawals with the Broker. For these reasons, the answer to question 1(a) above reflects the net cash that Claimant deposited with Bear Stearns as custodian for Claimant's IRA. That IRA was fully invested with P.J. Administrator LLC ("PJ"). PJ, in turn, deposited Claimant's net cash into the Accounts with the Broker.

Attached hereto as Exhibit 1 is a copy of a cancelled check, made payable to Bear Stearns FBO Neil E. Botwinoff, in the amount of $55,282.14, which was used as initial funding for Claimant's IRA. Exhibit 2 is a copy of Claimant's Bear Stearns IRA account statement for the period March 31, 2007 through April 30, 2007, which shows Claimant's additional deposit of $745.75 on page 5 thereof. These deposits, totaling $56,027.89, were fully invested with PJ. The schedule that Claimant received from PJ, which sets forth Claimant's entire investment activity (Exhibit 3), reflects PJ's receipt and credit of the two deposits mentioned above. That Exhibit also confirms Claimant's net cash deposits of $56,027.89. As explained above, PJ deposited Claimant's net cash into the Accounts with the Broker.

2.    Claim for securities as of **December 11, 2008**:

**PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.**

|  | | YES | NO |
|---|---|:---:|:---:|
| a. | The Broker owes me securities | X | |
| b. | I owe the Broker securities | | X |
| c. | If yes to either, please list below: | | |

| Date of Transaction (trade date) | Name of Security | Number of Shares or Face Amount of Bonds | |
|---|---|---|---|
| | | The Broker Owes Me (Long) | I Owe the Broker (Short) |
| | The Broker owes Claimant a total of $68,967 in securities.[2] | | |
| | | | |
| | | | |

**Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclosed, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation. You should also provide all documentation or information regarding any withdrawals you have ever made or payments received from the Debtor.**

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement. If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.

---

[2] This total balance is reflected in the last column of Exhibit 3. Exhibit 4 is a schedule that Claimant received from PJ setting forth the securities that the Broker claimed to have purchased on behalf of Claimant in November 2008.

**PLEASE CHECK THE APPROPRIATE ANSWER FOR ITEMS 3 THROUGH 9.**

**NOTE:** **IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION ON A SIGNED ATTACHMENT. IF SUFFICIENT DETAILS ARE NOT PROVIDED, THIS CLAIM FORM WILL BE RETURNED FOR YOUR COMPLETION.**

| | | YES | NO |
|---|---|---|---|
| 3. | Has there been any change in your account since December 11, 2008? If so, please explain. | | X |
| 4. | Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of the broker? | | X |
| 5. | Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or polices of the broker? | | X |
| 6. | Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in ay way with the broker? If so, give name(s) | | X |
| 7. | Is this claim being filed by or on behalf of a broker or dealer or a bank? If so, provide documentation with respect to each public customer on whose behalf you are claiming. | | X |
| 8. | Have you ever given any discretionary authority to any person to execute securities transactions with or through the broker on your behalf? Give names, addresses and phone numbers. | X[3] | |
| 9. | Have you or any member of you family ever filed a claim under the Securities Investor Protection Act of 1970? If so, give name of that broker. | | X |

Please list the full name and address of anyone assisting you in the preparation of this claim form: _____

_____

_____

---

[3] Claimant granted PJ discretionary authority to execute securities transactions with the Broker. PJ's address is PJ Administrator LLC, 666 Third Avenue, 29th Floor, New York, New York 10017-4001.

If you cannot compute the amount of your claim, you may file an estimated claim.  In that case, please indicate your claim is an estimated claim.

**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM. CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.**

**THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY INFORMATION AND BELIEF.**

Date ___3/3/09_____    Signature _*Neil Botwinoff*_____

Date _____    Signature _____

(If ownership of the account is shared, all must sign above.  Give each owner's name, address, phone number, and extent of ownership on a signed separate sheet.  If other than a personal account,    *e.g.*,    corporate,    trustee,    custodian,    etc.,    also    state    your    capacity and authority.  Please supply the trust agreement or other proof of authority.)

**This customer claim form must be completed and mailed promptly, together with supporting documentation, etc. to:**

Irving H. Picard, Esq.
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX  75201

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

### DECEMBER 11, 2008

**(Please print or type)**

**Name of Customer:**  Robert E. Helpern  ("Claimant")

**Mailing Address:**  50 Sutton Place South – Apt. 16A

**City:**  New York     **State:**  New York     **Zip:**  10022

**Account No.:**  Claimant maintained account number 222-05000 at Bear Stearns, which functioned as IRA custodian for Claimant's IRA investment in P.J. Administrator LLC, which, in turn, wholly invested with Bernard L. Madoff Investment Securities LLC ("Broker") through account numbers 1-KW387-3-0 and 1-KW387-4-0 (collectively, the "Accounts").

**Taxpayer I.D. Number (Social Security No.):**  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

**NOTE:**  **BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY THE ACCOMPANYING INSTRUCTION SHEET. A SEPARATE CLAIM FORM SHOULD BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL PROTECTION AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE RECEIVED BY THE TRUSTEE ON OR BEFORE MARCH 4, 2009. CLAIMS RECEIVED AFTER THAT DATE, BUT ON OR BEFORE JULY 2, 2009, WILL BE SUBJECT TO DELAYED PROCESSING AND TO BEING SATISFIED ON TERMS LESS FAVORABLE TO THE CLAIMANT. PLEASE SEND YOUR CLAIM FORM BY CERTIFIED MAIL – RETURN RECEIPT REQUESTED.**

● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ●

1.    Claim for money balances as of **December 11, 2008**:

a.    The Broker owes me a Credit (Cr.) Balance of                     $279,999.44[1]

b.    I owe the Broker a Debit (Dr.) Balance of                     $       N/A

c.    If you wish to repay the Debit Balance,
please insert the amount you wish to repay and
attach a check payable to "Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC."
If you wish to make a payment, **it must be enclosed**
with this claim form.                                                 $       N/A

If balance is zero, insert "None."                                   N/A

---

[1] On February 20, 2009, the SIPC Trustee presided over the first meeting of the Broker's creditors. At that meeting, the Trustee stated that he had found no evidence that the Broker purchased any securities for his customers for at least 13 years. As a result, the Trustee indicated that claims for reimbursement will be based on the net of investors' cash deposits and withdrawals with the Broker. For these reasons, the answer to question 1(a) above reflects the net cash that Claimant deposited with Bear Stearns as custodian for Claimant's IRA. That IRA was fully invested with P.J. Administrator LLC ("PJ"). PJ, in turn, deposited Claimant's net cash into the Accounts with the Broker.

Attached hereto as Exhibit 1 is a copy of a cancelled check, made payable to Bear Stearns FBO Robert E. Helpern, in the amount of $276,272.52, which was used as initial funding for Claimant's IRA. Exhibit 2 is a copy of Claimant's Bear Stearns IRA account statement for the period March 31, 2007 through April 30, 2007, which shows Claimant's additional deposit of $3,726.92 on page 5 thereof. These deposits, totaling $279,999.44, were fully invested with PJ. The schedule that Claimant received from PJ, which sets forth Claimant's entire investment activity (Exhibit 3), reflects PJ's receipt and credit of the two deposits mentioned above. That Exhibit also confirms Claimant's net cash deposits of $279,999.44. As explained above, PJ deposited Claimant's net cash into the Accounts with the Broker.

2.    Claim for securities as of **December 11, 2008**:

**PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.**

|  |  | YES | NO |
|---|---|---|---|
| a. | The Broker owes me securities | X | |
| b. | I owe the Broker securities | | X |
| c. | If yes to either, please list below: | | |

| Date of Transaction (trade date) | Name of Security | Number of Shares or Face Amount of Bonds | |
|---|---|---|---|
| | | The Broker Owes Me (Long) | I Owe the Broker (Short) |
| | The Broker owes Claimant a total of $344,662 in securities.[2] | | |
| | | | |
| | | | |

**Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclosed, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation. You should also provide all documentation or information regarding any withdrawals you have ever made or payments received from the Debtor.**

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement. If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.

---

[2] This total balance is reflected in the last column of Exhibit 3. Exhibit 4 is a schedule that Claimant received from PJ setting forth the securities that the Broker claimed to have purchased on behalf of Claimant in November 2008.

**PLEASE CHECK THE APPROPRIATE ANSWER FOR ITEMS 3 THROUGH 9.**

**NOTE:    IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION ON A SIGNED ATTACHMENT.  IF SUFFICIENT DETAILS ARE NOT PROVIDED, THIS CLAIM FORM WILL BE RETURNED FOR YOUR COMPLETION.**

|     |     | YES | NO |
|-----|-----|-----|-----|
| 3. | Has there been any change in your account since December 11, 2008?  If so, please explain. | | X |
| 4. | Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of the broker? | | X |
| 5. | Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or polices of the broker? | | X |
| 6. | Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in ay way with the broker?  If so, give name(s) | | X |
| 7. | Is this claim being filed by or on behalf of a broker or dealer or a bank?  If so, provide documentation with respect to each public customer on whose behalf you are claiming. | | X |
| 8. | Have you ever given any discretionary authority to any person to execute securities transactions with or through the broker on your behalf?  Give names, addresses and phone numbers. | X[3] | |
| 9. | Have you or any member of you family ever filed a claim under the Securities Investor Protection Act of 1970?  If so, give name of that broker. | | X |

Please list the full name and address of anyone assisting you in the preparation of this claim form:

_____

_____

_____

---

[3] Claimant granted PJ discretionary authority to execute securities transactions with the Broker. PJ's address is PJ Administrator LLC, 666 Third Avenue, 29th Floor, New York, New York 10017-4001.

If you cannot compute the amount of your claim, you may file an estimated claim. In that case, please indicate your claim is an estimated claim.

**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM. CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.**

**THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY INFORMATION AND BELIEF.**

Date _3/3/09_____    Signature _____

Date _____    Signature _____

(If ownership of the account is shared, all must sign above. Give each owner's name, address, phone number, and extent of ownership on a signed separate sheet. If other than a personal account, *e.g.*, corporate, trustee, custodian, etc., also state your capacity and authority. Please supply the trust agreement or other proof of authority.)

**This customer claim form must be completed and mailed promptly, together with supporting documentation, etc. to:**

Irving H. Picard, Esq.
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

[851973-2]    4

CUSTOMER CLAIM

Claim Number
Date Received

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

### DECEMBER 11, 2008

**(Please print or type)**

**Name of Customer:** Joel S. Hirschtritt ("Claimant")

**Mailing Address:** 1185 Park Avenue

| | | | | |
|---|---|---|---|---|
| **City:** New York | **State:** New York | **Zip:** 10128 |

**Account No.:** Claimant maintained account number 222-04997 at Bear Stearns, which functioned as IRA custodian for Claimant's IRA investment in P.J. Administrator LLC, which, in turn, wholly invested with Bernard L. Madoff Investment Securities LLC ("Broker") through account numbers 1-KW387-3-0 and 1-FN086-4-0 (collectively, the "Accounts").

**Taxpayer I.D. Number (Social Security No.):** 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

**NOTE:** **BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY THE ACCOMPANYING INSTRUCTION SHEET. A SEPARATE CLAIM FORM SHOULD BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL PROTECTION AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE RECEIVED BY THE TRUSTEE ON OR BEFORE MARCH 4, 2009. CLAIMS RECEIVED AFTER THAT DATE, BUT ON OR BEFORE JULY 2, 2009, WILL BE SUBJECT TO DELAYED PROCESSING AND TO BEING SATISFIED ON TERMS LESS FAVORABLE TO THE CLAIMANT. PLEASE SEND YOUR CLAIM FORM BY CERTIFIED MAIL – RETURN RECEIPT REQUESTED.**

● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ●

1.   Claim for money balances as of **December 11, 2008**:

    a.   The Broker owes me a Credit (Cr.) Balance of      $311,686.10[1]

    b.   I owe the Broker a Debit (Dr.) Balance of      $    N/A

    c.   If you wish to repay the Debit Balance,
        please insert the amount you wish to repay and
        attach a check payable to "Irving H. Picard, Esq.,
        Trustee for Bernard L. Madoff Investment Securities LLC."
        If you wish to make a payment, **it must be enclosed**
        with this claim form.      $    N/A

        If balance is zero, insert "None."      N/A

---

[1] On February 20, 2009, the SIPC Trustee presided over the first meeting of the Broker's creditors. At that meeting, the Trustee stated that he had found no evidence that the Broker purchased any securities for his customers for at least 13 years. As a result, the Trustee indicated that claims for reimbursement will be based on the net of investors' cash deposits and withdrawals with the Broker. For these reasons, the answer to question 1(a) above reflects the net cash that Claimant deposited with Bear Stearns as custodian for Claimant's IRA. That IRA was fully invested with P.J. Administrator LLC ("PJ"). PJ, in turn, deposited Claimant's net cash into the Accounts with the Broker.

Attached hereto as Exhibit 1 is a copy of a cancelled check, made payable to Bear Stearns FBO Joel S. Hirschtritt, in the amount of $279,910.11, which was used as initial funding for Claimant's IRA. Exhibit 2 is a copy of Claimant's Bear Stearns IRA account statement for the period March 31, 2007 through April 30, 2007, which shows Claimant's additional deposit of $3,775.99 on page 5 thereof. Exhibit 3 is a is a copy of Claimant's Bear Stearns IRA account statement for the period February 1, 2008 through February 29, 2008, which shows Claimant's additional deposit of $28,000 on page 5 thereof. These deposits, totaling $311,686.10, were fully invested with PJ. The schedule that Claimant received from PJ, which sets forth Claimant's entire investment activity (Exhibit 4), reflects PJ's receipt and credit of the three deposits mentioned above. That Exhibit also confirms Claimant's net cash deposits of $311,686.10. As explained above, PJ deposited Claimant's net cash into the Accounts with the Broker.

2.    Claim for securities as of **December 11, 2008**:

**PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.**

|  |  | YES | NO |
|---|---|---|---|
| a. | The Broker owes me securities | X | |
| b. | I owe the Broker securities | | X |
| c. | If yes to either, please list below: | | |

| Date of Transaction (trade date) | Name of Security | Number of Shares or Face Amount of Bonds | |
|---|---|---|---|
| | | The Broker Owes Me (Long) | I Owe the Broker (Short) |
| | The Broker owes Claimant a total of $379,256 in securities.[2] | | |
| | | | |
| | | | |

**Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclosed, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation. You should also provide all documentation or information regarding any withdrawals you have ever made or payments received from the Debtor.**

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement. If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.

---

[2] This total balance is reflected in the last column of Exhibit 4. Exhibit 5 is a schedule that Claimant received from PJ setting forth the securities that the Broker claimed to have purchased on behalf of Claimant in November 2008.

**PLEASE CHECK THE APPROPRIATE ANSWER FOR ITEMS 3 THROUGH 9.**

**NOTE:    IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION ON A SIGNED ATTACHMENT.  IF SUFFICIENT DETAILS ARE NOT PROVIDED, THIS CLAIM FORM WILL BE RETURNED FOR YOUR COMPLETION.**

|  |  | YES | NO |
|---|---|---|---|
| 3. | Has there been any change in your account since December 11, 2008?  If so, please explain. |  | X |
| 4. | Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of the broker? |  | X |
| 5. | Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or polices of the broker? |  | X |
| 6. | Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in ay way with the broker?  If so, give name(s) |  | X |
| 7. | Is this claim being filed by or on behalf of a broker or dealer or a bank?  If so, provide documentation with respect to each public customer on whose behalf you are claiming. |  | X |
| 8. | Have you ever given any discretionary authority to any person to execute securities transactions with or through the broker on your behalf?  Give names, addresses and phone numbers. | X[3] |  |
| 9. | Have you or any member of you family ever filed a claim under the Securities Investor Protection Act of 1970?  If so, give name of that broker. |  | X |

Please list the full name and address of anyone assisting you in the preparation of this claim form: _____

_____

_____

---

[3] Claimant granted PJ discretionary authority to execute securities transactions with the Broker. PJ's address is PJ Administrator LLC, 666 Third Avenue, 29th Floor, New York, New York 10017-4001.

If you cannot compute the amount of your claim, you may file an estimated claim. In that case, please indicate your claim is an estimated claim.

**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM. CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.**

**THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY INFORMATION AND BELIEF.**

Date _March 3, 2009_      Signature _Joel L. Hirschild_

Date _____      Signature _____

(If ownership of the account is shared, all must sign above. Give each owner's name, address, phone number, and extent of ownership on a signed separate sheet. If other than a personal account, *e.g.*, corporate, trustee, custodian, etc., also state your capacity and authority. Please supply the trust agreement or other proof of authority.)

**This customer claim form must be completed and mailed promptly, together with supporting documentation, etc. to:**

Irving H. Picard, Esq.
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

Claim Number
Date Received

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

### DECEMBER 11, 2008

**(Please print or type)**

**Name of Customer:**   Ralph A. Siciliano ("Claimant")

**Mailing Address:**   424 East 52nd Street

**City:**  New York                    **State:**  New York          **Zip:**  10022

**Account No.:**   Claimant maintained account number 222-05002 at Bear Stearns, which functioned as IRA custodian for Claimant's IRA investment in P.J. Administrator LLC, which, in turn, wholly invested with Bernard L. Madoff Investment Securities LLC ("Broker") through account numbers 1-KW387-3-0 and 1-FN086-4-0 (collectively, the "Accounts").

**Taxpayer I.D. Number (Social Security No.):**   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

**NOTE:    BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY THE ACCOMPANYING INSTRUCTION SHEET.  A SEPARATE CLAIM FORM SHOULD BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL PROTECTION AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE RECEIVED BY THE TRUSTEE ON OR BEFORE MARCH 4, 2009.  CLAIMS RECEIVED AFTER THAT DATE, BUT ON OR BEFORE JULY 2, 2009, WILL BE SUBJECT TO DELAYED PROCESSING AND TO BEING SATISFIED ON TERMS LESS FAVORABLE TO THE CLAIMANT.  PLEASE SEND YOUR CLAIM FORM BY CERTIFIED MAIL – RETURN RECEIPT REQUESTED.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

1.   Claim for money balances as of **December 11, 2008**:

   a.   The Broker owes me a Credit (Cr.) Balance of                    $36,189.26[1]

   b.   I owe the Broker a Debit (Dr.) Balance of                    $      N/A

   c.   If you wish to repay the Debit Balance,
        please insert the amount you wish to repay and
        attach a check payable to "Irving H. Picard, Esq.,
        Trustee for Bernard L. Madoff Investment Securities LLC."
        If you wish to make a payment, **it must be enclosed**
        with this claim form.                                    $      N/A

        If balance is zero, insert "None."                            N/A

---

[1] On February 20, 2009, the SIPC Trustee presided over the first meeting of the Broker's creditors. At that meeting, the Trustee stated that he had found no evidence that the Broker purchased any securities for his customers for at least 13 years. As a result, the Trustee indicated that claims for reimbursement will be based on the net of investors' cash deposits and withdrawals with the Broker. For these reasons, the answer to question 1(a) above reflects the net cash that Claimant deposited with Bear Stearns as custodian for Claimant's IRA. That IRA was fully invested with P.J. Administrator LLC ("PJ"). PJ, in turn, deposited Claimant's net cash into the Accounts with the Broker.

Attached hereto as Exhibit 1 is a copy of a cancelled check, made payable to Bear Stearns FBO Ralph A. Siciliano, in the amount of $35,707.57, which was used as initial funding for Claimant's IRA. Exhibit 2 is a copy of Claimant's Bear Stearns IRA account statement for the period March 31, 2007 through April 30, 2007, which shows Claimant's additional deposit of $481.69 on page 5 thereof. These deposits, totaling $36,189.26, were fully invested with PJ. The schedule that Claimant received from PJ, which sets forth Claimant's entire investment activity (Exhibit 3), reflects PJ's receipt and credit of the two deposits mentioned above. That Exhibit also confirms Claimant's net cash deposits of $36,189.26. As explained above, PJ deposited Claimant's net cash into the Accounts with the Broker.

2.    Claim for securities as of **December 11, 2008**:

**PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.**

|  |  | YES | NO |
|---|---|---|---|
| a. | The Broker owes me securities | X |  |
| b. | I owe the Broker securities |  | X |
| c. | If yes to either, please list below: |  |  |

| Date of Transaction (trade date) | Name of Security | Number of Shares or Face Amount of Bonds | |
|---|---|---|---|
| | | The Broker Owes Me (Long) | I Owe the Broker (Short) |
| | The Broker owes Claimant a total of $44,548 in securities.[2] | | |
| | | | |
| | | | |

**Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you.  Please enclosed, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim.  In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation.  You should also provide all documentation or information regarding any withdrawals you have ever made or payments received from the Debtor.**

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement.  If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.

---

[2] This total balance is reflected in the last column of Exhibit 3. Exhibit 4 is a schedule that Claimant received from PJ setting forth the securities that the Broker claimed to have purchased on behalf of Claimant in November 2008.

[851975-2]                                      2

**PLEASE CHECK THE APPROPRIATE ANSWER FOR ITEMS 3 THROUGH 9.**

**NOTE:   IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION ON A SIGNED ATTACHMENT.   IF SUFFICIENT DETAILS ARE NOT PROVIDED, THIS CLAIM FORM WILL BE RETURNED FOR YOUR COMPLETION.**

|  |  | YES | NO |
|---|---|---|---|
| 3. | Has there been any change in your account since December 11, 2008?  If so, please explain. |  | X |
| 4. | Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of the broker? |  | X |
| 5. | Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or polices of the broker? |  | X |
| 6. | Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in ay way with the broker?  If so, give name(s) |  | X |
| 7. | Is this claim being filed by or on behalf of a broker or dealer or a bank?  If so, provide documentation with respect to each public customer on whose behalf you are claiming. |  | X |
| 8. | Have you ever given any discretionary authority to any person to execute securities transactions with or through the broker on your behalf?  Give names, addresses and phone numbers. | X[3] |  |
| 9. | Have you or any member of you family ever filed a claim under the Securities Investor Protection Act of 1970?  If so, give name of that broker. |  | X |

Please list the full name and address of anyone assisting you in the preparation of this claim form: _____

_____

_____

---

[3] Claimant granted PJ discretionary authority to execute securities transactions with the Broker. PJ's address is PJ Administrator LLC, 666 Third Avenue, 29th Floor, New York, New York 10017-4001.

If you cannot compute the amount of your claim, you may file an estimated claim. In that case, please indicate your claim is an estimated claim.

**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM. CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.**

**THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY INFORMATION AND BELIEF.**

Date _____    Signature _____

Date _____    Signature _____

(If ownership of the account is shared, all must sign above. Give each owner's name, address, phone number, and extent of ownership on a signed separate sheet. If other than a personal account, *e.g.*, corporate, trustee, custodian, etc., also state your capacity and authority. Please supply the trust agreement or other proof of authority.)

**This customer claim form must be completed and mailed promptly, together with supporting documentation, etc. to:**

Irving H. Picard, Esq.
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

If you cannot compute the amount of your claim, you may file an estimated claim. In that case, please indicate your claim is an estimated claim.

**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM. CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.**

**THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY INFORMATION AND BELIEF.**

Date  _3/3/09_____    Signature _____

Date  _____    Signature _____

(If ownership of the account is shared, all must sign above. Give each owner's name, address, phone number, and extent of ownership on a signed separate sheet. If other than a personal account, *e.g.*, corporate, trustee, custodian, etc., also state your capacity and authority. Please supply the trust agreement or other proof of authority.)

**This customer claim form must be completed and mailed promptly, together with supporting documentation, etc. to:**

Irving H. Picard, Esq.
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

[851975-1]                                                    4

**CUSTOMER CLAIM**

Claim Number
Date Received

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

## DECEMBER 11, 2008

**(Please print or type)**

**Name of Customer:**    Vincent J. Syracuse ("Claimant")

**Mailing Address:**    76 Trumbull Road

**City:** Manhasset    **State:** New York    **Zip:** 11030

**Account No.:**    Claimant maintained account number 222-04999 at Bear Stearns, which functioned as IRA custodian for Claimant's IRA investment in P.J. Administrator LLC, which, in turn, wholly invested with Bernard L. Madoff Investment Securities LLC ("Broker") through account numbers 1-KW387-3-0 and 1-FN086-4-0 (collectively, the "Accounts").

**Taxpayer I.D. Number (Social Security No.):**    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

**NOTE:**    **BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY THE ACCOMPANYING INSTRUCTION SHEET. A SEPARATE CLAIM FORM SHOULD BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL PROTECTION AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE RECEIVED BY THE TRUSTEE ON OR BEFORE MARCH 4, 2009. CLAIMS RECEIVED AFTER THAT DATE, BUT ON OR BEFORE JULY 2, 2009, WILL BE SUBJECT TO DELAYED PROCESSING AND TO BEING SATISFIED ON TERMS LESS FAVORABLE TO THE CLAIMANT. PLEASE SEND YOUR CLAIM FORM BY CERTIFIED MAIL – RETURN RECEIPT REQUESTED.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Claim for money balances as of **December 11, 2008**:

1.

a.    The Broker owes me a Credit (Cr.) Balance of        $90,548.05[1]

b.    I owe the Broker a Debit (Dr.) Balance of        $    N/A

c.    If you wish to repay the Debit Balance,
please insert the amount you wish to repay and
attach a check payable to "Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC."
If you wish to make a payment, **it must be enclosed**
with this claim form.        $    N/A

If balance is zero, insert "None."        N/A

---

[1] On February 20, 2009, the SIPC Trustee presided over the first meeting of the Broker's creditors. At that meeting, the Trustee stated that he had found no evidence that the Broker purchased any securities for his customers for at least 13 years. As a result, the Trustee indicated that claims for reimbursement would be based on the net of investors' cash deposits and withdrawals with the Broker. For these reasons, the answer to question 1(a) above reflects the net cash that Claimant deposited with Bear Stearns as custodian for Claimant's IRA. That IRA was fully invested with P.J. Administrator LLC ("PJ"). PJ, in turn, deposited Claimant's net cash into the Accounts with the Broker.

Attached hereto as Exhibit 1 is a copy of a cancelled check, made payable to Bear Stearns FBO Vincent J. Syracuse, in the amount of $89,342.82, which was used as initial funding for Claimant's IRA. Exhibit 2 is a copy of Claimant's Bear Stearns IRA account statement for the period March 31, 2007 through April 30, 2007, which shows Claimant's additional deposit of $1,205.23 on page 5 thereof. These deposits, totaling $90,548.05, were fully invested with PJ. The schedule that Claimant received from PJ, which sets forth Claimant's entire investment activity (Exhibit 3), reflects PJ's receipt and credit of the two deposits mentioned above. That Exhibit also confirms Claimant's net cash deposits of $90,548.05. As explained above, PJ deposited Claimant's net cash into the Accounts with the Broker.

2.    Claim for securities as of **December 11, 2008**:

**PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.**

|  |  | YES | NO |
|---|---|---|---|
| a. | The Broker owes me securities | X | |
| b. | I owe the Broker securities | | X |
| c. | If yes to either, please list below: | | |

| Date of Transaction (trade date) | Name of Security | Number of Shares or Face Amount of Bonds | |
|---|---|---|---|
| | | The Broker Owes Me (Long) | I Owe the Broker (Short) |
| | The Broker owes Claimant a total of $111,459 in securities.[2] | | |
| | | | |
| | | | |

**Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you.  Please enclosed, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim.  In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation.  You should also provide all documentation or information regarding any withdrawals you have ever made or payments received from the Debtor.**

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement.  If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.

---

[2] This total balance is reflected in the last column of Exhibit 3. Exhibit 4 is a schedule that Claimant received from PJ setting forth the securities that the Broker claimed to have purchased on behalf of Claimant in November 2008.

**PLEASE CHECK THE APPROPRIATE ANSWER FOR ITEMS 3 THROUGH 9.**

**NOTE:  IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION ON A
SIGNED ATTACHMENT.  IF SUFFICIENT DETAILS ARE NOT PROVIDED, THIS CLAIM
FORM WILL BE RETURNED FOR YOUR COMPLETION.**

|  |  | YES | NO |
|---|---|---|---|
| 3. | Has there been any change in your account since December 11, 2008?  If so, please explain. |  | X |
| 4. | Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of the broker? |  | X |
| 5. | Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or polices of the broker? |  | X |
| 6. | Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in ay way with the broker?  If so, give name(s) |  | X |
| 7. | Is this claim being filed by or on behalf of a broker or dealer or a bank?  If so, provide documentation with respect to each public customer on whose behalf you are claiming. |  | X |
| 8. | Have you ever given any discretionary authority to any person to execute securities transactions with or through the broker on your behalf?  Give names, addresses and phone numbers. | X[3] |  |
| 9. | Have you or any member of you family ever filed a claim under the Securities Investor Protection Act of 1970?  If so, give name of that broker. |  | X |

Please list the full name and address of anyone assisting you in the preparation of this claim form: _____

_____

_____

---

[3] Claimant granted PJ discretionary authority to execute securities transactions with the Broker. PJ's address is PJ Administrator LLC, 666 Third Avenue, 29th Floor, New York, New York 10017-4001.

[851854-3]

3

If you cannot compute the amount of your claim, you may file an estimated claim. In that case, please indicate your claim is an estimated claim.

**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM. CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.**

**THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY INFORMATION AND BELIEF.**

Date __3/2/09_____   Signature _____

Date _____   Signature _____

(If ownership of the account is shared, all must sign above. Give each owner's name, address, phone number, and extent of ownership on a signed separate sheet. If other than a personal account, *e.g.*, corporate, trustee, custodian, etc., also state your capacity and authority. Please supply the trust agreement or other proof of authority.)

**This customer claim form must be completed and mailed promptly, together with supporting documentation, etc. to:**

Irving H. Picard, Esq.
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

CUSTOMER CLAIM

**DUPLICATE**

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

### DECEMBER 11, 2008

**(Please print or type)**

**Name of Customer:**   Michael G. Tannenbaum ("Claimant")

**Mailing Address:**   48 Chestnut Ridge Road

**City:**  Bedford Corners      **State:**  New York      **Zip:**   10549

**Account No.:**   Claimant maintained account number 222-04998 at Bear Stearns, which functioned as IRA custodian for Claimant's IRA investment in P.J. Administrator LLC, which, in turn, wholly invested with Bernard L. Madoff Investment Securities LLC ("Broker") through account numbers 1-KW387-3-0 and 1-KW387-4-0 (collectively, the "Accounts").

**Taxpayer I.D. Number (Social Security No.):**   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

**NOTE:**   **BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY THE ACCOMPANYING INSTRUCTION SHEET.  A SEPARATE CLAIM FORM SHOULD BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL PROTECTION AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE RECEIVED BY THE TRUSTEE ON OR BEFORE MARCH 4, 2009.  CLAIMS RECEIVED AFTER THAT DATE, BUT ON OR BEFORE JULY 2, 2009, WILL BE SUBJECT TO DELAYED PROCESSING AND TO BEING SATISFIED ON TERMS LESS FAVORABLE TO THE CLAIMANT.  PLEASE SEND YOUR CLAIM FORM BY CERTIFIED MAIL – RETURN RECEIPT REQUESTED.**

••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

1.    Claim for money balances as of **December 11, 2008**:

    a.    The Broker owes me a Credit (Cr.) Balance of          $510,387.44[1]

    b.    I owe the Broker a Debit (Dr.) Balance of            $       N/A

    c.    If you wish to repay the Debit Balance,
    please insert the amount you wish to repay and
    attach a check payable to "Irving H. Picard, Esq.,
    Trustee for Bernard L. Madoff Investment Securities LLC."
    If you wish to make a payment, **it must be enclosed**
    with this claim form.                                $       N/A

    If balance is zero, insert "None."                         N/A

---

[1] On February 20, 2009, the SIPC Trustee presided over the first meeting of the Broker's creditors. At that meeting, the Trustee stated that he had found no evidence that the Broker purchased any securities for his customers for at least 13 years. As a result, the Trustee indicated that claims for reimbursement will be based on the net of investors' cash deposits and withdrawals with the Broker. For these reasons, the answer to question 1(a) above reflects the net cash that Claimant deposited with Bear Stearns as custodian for Claimant's IRA. That IRA was fully invested with P.J. Administrator LLC ("PJ"). PJ, in turn, deposited Claimant's net cash into the Accounts with the Broker.

Attached hereto as Exhibit 1 is a copy of a cancelled check, made payable to Bear Stearns FBO Michael G. Tannenbaum, in the amount of $276,272.52, which was used as initial funding for Claimant's IRA. Exhibit 2 is a copy of Claimant's Bear Stearns IRA account statement for the period March 31, 2007 through April 30, 2007, which shows Claimant's additional deposit of $3,726.92 on page 5 thereof. Exhibit 3 is a letter from Claimant to Bear Stearns, dated December 21, 2006, authorizing the wire transfer of $230,388 from a separate account belonging to Claimant to Claimant's Bear Stearns IRA which invested in PJ. These deposits, totaling $510,387.44, were fully invested with PJ. The schedule that Claimant received from PJ, which sets forth Claimant's entire investment activity (Exhibit 4), reflects PJ's receipt and credit of the three deposits mentioned above. That Exhibit confirms Claimant's net cash deposits of $510,387.44. As explained above, PJ deposited Claimant's net cash into the Accounts with the Broker.

2.   Claim for securities as of **December 11, 2008**:

**PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.**

|  |  | YES | NO |
|---|---|---|---|
| a. | The Broker owes me securities | X |  |
| b. | I owe the Broker securities |  | X |
| c. | If yes to either, please list below: |  |  |

| | | Number of Shares or Face Amount of Bonds | |
|---|---|---|---|
| Date of Transaction (trade date) | Name of Security | The Broker Owes Me (Long) | I Owe the Broker (Short) |
| | The Broker owes Claimant a total of $624,039 in securities.[2] | | |
| | | | |
| | | | |

**Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclosed, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation. You should also provide all documentation or information regarding any withdrawals you have ever made or payments received from the Debtor.**

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement. If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.

---

[2] This total balance is reflected in the last column of Exhibit 4. Exhibit 5 is a schedule that Claimant received from PJ setting forth the securities that the Broker claimed to have purchased on behalf of Claimant in November 2008.

PLEASE CHECK THE APPROPRIATE ANSWER FOR ITEMS 3 THROUGH 9.

NOTE:    IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION ON A SIGNED ATTACHMENT. IF SUFFICIENT DETAILS ARE NOT PROVIDED, THIS CLAIM FORM WILL BE RETURNED FOR YOUR COMPLETION.

|   |   | YES | NO |
|---|---|---|---|
| 3. | Has there been any change in your account since December 11, 2008? If so, please explain. | | X |
| 4. | Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of the broker? | | X |
| 5. | Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or polices of the broker? | | X |
| 6. | Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in ay way with the broker? If so, give name(s) | | X |
| 7. | Is this claim being filed by or on behalf of a broker or dealer or a bank? If so, provide documentation with respect to each public customer on whose behalf you are claiming. | | X |
| 8. | Have you ever given any discretionary authority to any person to execute securities transactions with or through the broker on your behalf? Give names, addresses and phone numbers. | X[3] | |
| 9. | Have you or any member of you family ever filed a claim under the Securities Investor Protection Act of 1970? If so, give name of that broker. | | X |

Please list the full name and address of anyone assisting you in the preparation of this claim form: _____

_____

_____

---

[3] Claimant granted PJ discretionary authority to execute securities transactions with the Broker. PJ's address is PJ Administrator LLC, 666 Third Avenue, 29th Floor, New York, New York 10017-4001.

[851965-2]

3

If you cannot compute the amount of your claim, you may file an estimated claim.  In that case, please indicate your claim is an estimated claim.

**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM. CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.**

**THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY INFORMATION AND BELIEF.**

Date ___MARch 3 2009_____    Signature _____

Date _____    Signature _____

(If ownership of the account is shared, all must sign above.  Give each owner's name, address, phone number, and extent of ownership on a signed separate sheet.  If other than a personal account, *e.g.*, corporate, trustee, custodian, etc., also state your capacity and authority.  Please supply the trust agreement or other proof of authority.)

**This customer claim form must be completed and mailed promptly, together with supporting documentation, etc. to:**

Irving H. Picard, Esq.
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX  75201