Hearing Date: November 30, 2011 (10:00 am)
Objections Due: November 16, 2011 (5:00 pm)

ROBERT J. KAPLAN
*Attorney for MUUS Independence Fund LP and Michael W. Sonnenfeldt,*
*Defendants in Adv. Pro. No. 10-04445*
15 Maiden Lane
Suite 703
New York, NY 10038
(212) 964-0600
*lawkap@aol.com*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
SECURITIES INVESTOR PROTECTION
CORPORATION,                                                                    Adv. Pro. No. 08-01789 (BRL)

                Plaintiff-Applicant,            SIPA LIQUIDATION
                                                  (Substantively Consolidated)
                v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

                Defendant.
----------------------------------------------------------------------x
In re:

BERNARD L. MADOFF,                                                           Case No.  09-11893 (BRL)

                Debtor.
----------------------------------------------------------------------x

### OBJECTION OF MUUS INDEPENDENCE FUND LP AND MICHAEL W. SONNENFELDT TO THE TRUSTEE'S MOTION FOR ENTRY OF AN ORDER ESTABLISHING NOTICE PROCEDURES

MUUS Independence Fund LP ("MIF") and Michael W. Sonnenfeldt ("Sonnenfeldt"), by

their attorney, Robert J. Kaplan, respectfully submit the following objection to the Trustee's

- 1 -

proposed order:[1]

Section III(d) of the proposed order is inappropriate. That provision draws a distinction between service that is made by ordinary mail and service that is made by e-mail when it comes to computing the applicable time period for responding to, or otherwise taking action in respect of, served papers. Such distinction is at odds with the rules and is unwarranted.

Bankruptcy Rule 9006(f) expressly includes service by e-mail (which it refers to as F.R. Civ. P. 5(b)(2)(E)) in the three-day addition of time that that rule provides. This three-day extension was promulgated by the Supreme Court, and there is good reason for that court's policy determination to apply a *uniform* extension period irrespective of whether service is made by regular mail or by e-mail. Like regular mail, there may be lag time between when an e-mail is sent and when it is read. For example, e-mail can be sent after business hours, or over weekends and holidays, or when someone is otherwise away. Rather than deal with all of the "variables" that attend an e-mail situation, the Supreme Court (as it did in the regular mail situation, which is also subject to "variables", such as the time of day when a letter is mailed, where it is mailed from, and where it is going to) decided to apply a uniform three-day extension to *both* regular mail and e-mail.

The Trustee has provided no reason to depart from this policy determination. Thus, while the Trustee may have "cause" to require participants in this matter to deal by way of e-mail, he has no "cause" to *eliminate the three-day extension adopted by the Supreme Court*. In this regard, we note that although Bankruptcy Rule 9006(c)(1) permits this Court to reduce

---

[1] MIF and Sonnenfeldt are the defendants in Adv. Proc. No. 10-04445, which is one of many "clawback actions" filed by the Trustee. As such MIF and Sonnenfeldt are interested parties.

otherwise-applicable time periods, such reduction is only authorized "for cause shown". The Trustee has not shown "cause" for Section III(d) of his proposed order.

It is respectfully submitted that if the Court is otherwise inclined to sign the Trustee's proposed order, then it should strike Section III(d) therefrom. The provisions of that section are unnecessary and unwarranted, and they are amply covered by F.R. Civ. P. 5(b)(2)(E), which is incorporated by Bankruptcy Rules 7005, 9006 and 9014.

Dated:  New York, New York
        November 16, 2011

                                       Respectfully submitted,

                                       *s/ Robert J. Kaplan*
                                       _____
                                       ROBERT J. KAPLAN
                                       *Attorney for MUUS Independence Fund LP*
                                       *and Michael W. Sonnenfeldt,*
                                       *Defendants in Adv. Pro. No. 10-04445*
                                       15 Maiden Lane
                                       Suite 703
                                       New York, NY 10038
                                       (212) 964-0600
                                       *lawkap@aol.com*