# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | Adv. Pro. No. 08-1789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | |

ORDER PURSUANT TO SECTION 105(a) OF
THE BANKRUPTCY CODE AND RULES 2002 AND 9019 OF
THE FEDERAL RULES OF BANKRUPTCY PROCEDURE APPROVING AN
AGREEMENT BY AND BETWEEN THE TRUSTEE AND THE UNITED
STATES OF AMERICA ON BEHALF OF THE INTERNAL REVENUE SERVICE

Upon the motion dated November 22, 2011 (the "Motion") of Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), and the substantively consolidated estate of Bernard L. Madoff ("Madoff," and together with BLMIS, collectively, the "Debtors"), seeking entry of an order, pursuant to sections 105(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving the agreement dated as of November 21, 2011, by and among the Trustee on the one hand, and the United States of America (collectively with its agencies, offices and employees, the "United States"), on behalf of the Internal Revenue Service (the

"IRS"), on the other hand, (the "Agreement")[1] [at ECF No. ___, at Exhibit "__"][2]; and the Court having considered the Affidavit of Irving H. Picard executed on November 22, 2011 in support of the Motion [ECF No. __]; all objections to the Motion and responses thereto (collectively, the "Objections"); and it further appearing that the relief sought in the Motion is appropriate based upon the record of the hearing held before this Court on December 21, 2011, to consider the Motion; and after due deliberation and sufficient cause appearing therefor; the Court hereby makes the following findings of fact and conclusions of law. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such.

## FINDINGS OF FACT

A.    The United States is a sovereign nation that exists pursuant to the Constitution of the United States of America.

B.    The IRS is a bureau of the Department of the Treasury of the United States and is authorized to carry out the responsibilities of the Secretary of the Department of the Treasury pursuant to section 7801 of the Internal Revenue Code (the "IRC").

C.    Pursuant to an order (the "Protective Order") entered by the Honorable Louis L. Stanton, U.S.D.J., in the matter captioned *Securities and Exchange Commission v. Madoff, et al.*, Case No. 08 CV 10791 (LLS) (the "District Court Matter") [Docket No. 4], the Trustee was

---

[1] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Agreement.
[2] References herein to "ECF No. __" shall refer to docket entry numbers in the above-captioned matter, 08-1789 (BRL).

2

"appointed trustee for the liquidation of the business of [BLMIS] with all the duties and powers of a trustee as prescribed in SIPA...".

D.  Prior to December 11, 2008 (the "Filing Date"), BLMIS and/or Madoff made payments (the "Payments") to the IRS, purportedly on behalf of the foreign accountholders (the "Foreign Accountholders") set forth on Exhibit "C" to the Motion, allegedly pursuant to the requirements of sections 1441 and 1442 of the IRC as a withholding tax on income allegedly earned by the Foreign Accountholders. However, there is no known record of BLMIS having purchased or sold any securities for the benefit of the Foreign Accountholders, and in addition, there is no record of any dividends actually having been paid with respect to accounts held by the Foreign Accountholders. Therefore, the Foreign Accountholders did not earn any income through their accounts with BLMIS (the "Accounts") and the Payments made to the IRS falsely identified the funds as income tax withholding.

E.  The IRS has previously paid certain refund claims relating to the Payments to certain Foreign Accountholders.

F.  The Trustee believes that all of the Payments are recoverable. The United States disputes that it is liable for the return of all the Payments. After a review of the relevant records and extensive discussions with counsel for the United States concerning the factual background and certain legal arguments, and a consideration of the costs and uncertainty inherent in any litigation, the Trustee, in the exercise of his business judgment, and the United States have determined that it is appropriate to resolve this matter rather than litigate the avoidance or refund of the Payments.

G.  The settlement (the "IRS Settlement") involves the repayment of approximately Three Hundred and Twenty-Six Million United States Dollars ($326,000,000.00) (the

3

"Settlement Payment") to the Trustee for the benefit of BLMIS customers with allowed claims. This represents a significant recovery for the victims of the Ponzi scheme, while at the same time avoiding the potentially significant costs of protracted litigation.

H.  The Trustee believes that the terms of the IRS Settlement fall well above the lowest point in the range of reasonableness and, accordingly has stated that the Agreement should be approved by this Court.

## CONCLUSIONS OF LAW

1.  This Court has subject matter jurisdiction to consider the Motion and the relief requested therein, including granting the permanent injunction sought, in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York dated July 10, 1984 (Ward, Acting C.J.).

2.  Venue of this case in this district is proper pursuant to 28 U.S.C. § 1409.

3.  Proper, timely, adequate and sufficient notice of the Motion, the hearing thereon, and the related objection deadline has been given in accordance with Bankruptcy Rules 2002 and 9019. Such notice constitutes good, appropriate and sufficient notice, and no other or further notice need be given.

4.  The Court has considered the probability of success in any litigation, the complexity of any litigation, and the attendant expense, inconvenience, and delay, and the paramount interest of the customers and other creditors. In addition, the Court may credit and consider the opinion of the Trustee and his counsel in determining whether a settlement is fair and equitable.

5.  The Court concludes that the IRS Settlement falls well above the lowest point in the range of reasonableness, and is fair, reasonable, equitable and in the best interests of the BLMIS estate.

6.  The Agreement will confer a significant benefit on BLMIS customers with allowed claims.

7.  An injunction under Sections 105(a) and 362(a) of the Bankruptcy Code is warranted and necessary. Issuance of the permanent injunction, precluding prosecution of actions by third parties against the IRS or the United States that are duplicative or derivative of claims belonging to the Trustee, is necessary and appropriate to carry out provisions of the Bankruptcy Code, to prevent any entity from exercising control or possession over property of the estate, to preclude actions that would have a conceivable effect or adverse impact upon the Debtors' estate or on the administration of the liquidation proceeding, and/or to avoid relitigation or litigation of claims that were or could have been asserted by the Trustee on behalf of all customers and creditors.

For all of the foregoing reasons, it is hereby

ORDERED, that the Motion is granted in its entirety; and it is further

ORDERED, that the Agreement between the Trustee on the one hand and the United States on the other hand is hereby approved, and the parties to the Agreement are authorized and directed to take such action as is necessary to effectuate the terms of the Agreement; and it is further

ORDERED, that any BLMIS customer or creditor of the BLMIS estate who filed or could have filed a claim in the liquidation proceeding (including, but not limited to, the Foreign Accountholders and the Erroneously Paid Foreign Accountholders), or anyone acting on their

behalf or in concert or participation with them, or anyone whose claim in any way arises from or is related to BLMIS or the Madoff Ponzi scheme (the "Enjoined Entities"), is hereby permanently enjoined from asserting any claim against the IRS, the United States or the Trustee which arises from or relates to payments allegedly made by BLMIS pursuant to IRC sections 1441 and 1442, or that is duplicative or derivative of the claims that have or could have been brought by the Trustee against the United States or the IRS (collectively, the "Enjoined Claims"), provided however, that the foregoing shall not bar claims or actions brought against the BLMIS estate by creditors or against the customer fund by customers, provided that such creditors or customers filed claims in the SIPA Proceeding prior to the statutorily mandated claims bar date (the "Excepted Claims"); and it is further

ORDERED, that if notwithstanding the foregoing provisions of the Order, the United States or the IRS is nonetheless rendered or adjudged liable to any person or entity, including any Foreign Accountholder, in respect of any claims or actions arising from or relating to payments allegedly made by BLMIS pursuant to IRC sections 1441 and 1442, whether by a final and non-appealable order, judgment, settlement agreement or otherwise, such liability shall be satisfied by the Trustee from the Reserve (as that term is defined in the Agreement); and it is further

ORDERED, that to the extent that the injunction set forth in this Order is held to be invalid or inapplicable or unenforceable against any Enjoined Entity, and/or a court permits an action to proceed with respect to Payments other than an Excepted Claim, any such Enjoined Entity seeking to assert an Enjoined Claim shall assert any such Enjoined Claim in the Bankruptcy Court against the Trustee, and not against the United States or the IRS; and it is further

ORDERED, that this Court shall retain exclusive jurisdiction over any and all disputes arising under or otherwise relating to this Order and the Settlement Agreement.

Dated: New York, New York
       _____, 2011

                                               HONORABLE BURTON R. LIFLAND
                                               UNITED STATES BANKRUPTCY JUDGE