**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
dsheehan@bakerlaw.com
Marc E. Hirschfield
mhirschfield@bakerlaw.com
James W. Day
Email: jday@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

Hearing Date: November 30, 2011
at 10:00 a.m.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　　Defendant.<br><br>In re:<br><br>BERNARD L. MADOFF,<br><br>　　　　　Debtor. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |

**TRUSTEE'S REPLY TO OBJECTION AND LIMITED OBJECTION TO MOTION FOR ENTRY OF AN ORDER ESTABLISHING NOTICE PROCEDURES AND SUBMISSION OF AMENDED NOTICE PROCEDURES**

Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS"), under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"), and the substantively consolidated estate of Bernard L.

Madoff ("Madoff"), by and through his undersigned counsel, respectfully submits this reply to (a) the limited objection filed by counsel for claimants National Bank of Kuwait S.A.K. NBK Banque Privée, Lemania SICAV-SIF, Kookmin Bank, Korea Exchange Bank, Arthur J. Steinberg, and Heath D. Rosenblat on November 11, 2011 (ECF No. 4490) (the "Bank of Kuwait Limited Objection"), and (b) the objection filed by MUUS Independence Fund LP ("MUUS") and Michael W. Sonnefeldt on November 16, 2011 (ECF No. 4531) (the "MUUS Objection") (collectively, the "Objections") in opposition to the Trustee's motion filed on October 20, 2011 (ECF No. 4469) (the "Motion")[1] for entry of an order (the "Order") establishing notice procedures (the "Notice Procedures") for service of notice in the above-captioned case (Adv. Pro. No. 08-01789 (BRL)) (the "Main Case") and related adversary proceedings (the "Adversary Proceedings" and collectively with the Main Case, the "BLMIS Proceedings"). In order to address the concerns raised in the Objections, the Trustee hereby amends the proposed Order appended to the Motion to include revised Notice Procedures (the "Amended Notice Procedures") as reflected by <u>Exhibit A</u> herein.

## **PRELIMINARY STATEMENT**

1. By the Motion, the Trustee seeks to implement practical procedures to ensure that those parties-in-interest who wish to receive notice of pleadings filed herein receive such notice in an efficient and timely manner. The procedures proposed by the Motion are unremarkable and are similar to those adopted by this Court and other courts. Despite serving the Motion upon a list of recipients that has grown to number nearly 17,000 individuals and entities, only one substantive objection—the MUUS Objection—was received. In the MUUS Objection, objectants, resorting to a strained yet faulty analysis of the Federal Rules of Bankruptcy Procedure, request that service by email be equated to service by regular mail and that recipients

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given such terms in the Motion.

2

of email service be given three extra days notice of hearings despite the fact that, unlike so-called "snail mail" (which often takes at least several days to be received), the receipt of email service is instantaneous. Because the Court has the inherent authority to establish the manner and timing of notice, and because MUUS misinterprets the rules to which it cites, the MUUS Objection should be overruled.

2. The only other response filed (the Bank of Kuwait Limited Objection) seeks a clarification with respect to the procedures proposed by the Trustee. The Trustee accepts the point raised by the Bank of Kuwait and has amended the proposed procedures accordingly.

### THE BANK OF KUWAIT LIMITED OBJECTION

3. The Bank of Kuwait Limited Objection seeks a clarification that the Notice Procedures do not apply to "jurisdictional documents" such as summonses, complaints, and orders to show cause. It was never the Trustee's intent that the Notice Procedures would apply to jurisdictional documents. In order to address the concern raised in the Bank of Kuwait Limited Objection, the Amended Notice Procedures make the following clarification:

> By filing a Notice of Appearance containing an email address, a party is deemed to have consented to electronic service of motions, applications, other pleadings, exhibits, objections, settlements, responses, and other papers (collectively, "Pleadings"). *"Pleadings" shall not include summonses, complaints, or other documents whose service is governed by Rule 4 of the Federal Rules of Civil Procedure. Orders to Show Cause shall be served as provided in the Order to Show Cause.*

Because the Notice Procedures apply primarily to "Pleadings," excluding jurisdictional documents from the definition of "Pleadings" alleviates any concerns raised by the Bank of Kuwait Limited Objection.

### THE MUUS OBJECTION

4. The MUUS Objection argues that section III(d) of the originally proposed Notice Procedures (the "Proposed Notice Procedures") conflicts with Rule 9006(f) of the Federal Rules

3

of Bankruptcy Procedure (the "Bankruptcy Rules"), which states:

> When there is a right or requirement to act or undertake some proceedings within a prescribed period after service and that service is by mail or under Rule 5(b)(2)(D), (E), or (F) F.R.Civ.P., three days are added after the prescribed period would otherwise expire under Rule 9006(a).

Fed. R. Bankr. P. 9006(f). Rules 5(b)(2)(D), (E), and (F) respectively allow papers to be served by leaving the papers with a court clerk (Rule 5(b)(2)(D)), sending via email with the recipient's permission (Rule 5(b)(2)(E)), or delivery by "any other means that the person consented to in writing" (Rule 5(b)(2)(F)). MUUS argues that Rule 9006(f) requires a uniform three-day extension to the time required to take action in response to service of papers "irrespective of whether service is made by regular mail or email." Section III(d) of the Proposed Notice Procedures, however, provided that

> Where service of notice of any document is effected by email in accordance with these Notice Procedures, such service shall be deemed complete upon electronic transmission for purposes of the application of Rule 9006 of the Bankruptcy Rules. Where service is effected by facsimile, service shall be deemed complete upon transmission. Service effected by Federal Express or overnight delivery is deemed complete one business day after sending. Service effected by regular mail is deemed complete three days after mailing.

MUUS argues that recognizing service by mail as "complete" three days after mailing, but recognizing service by email as complete upon transmission effectively "eliminates" the three-day extension for email service described by Rule 9006(f) of the Bankruptcy Rules.

5. As a preliminary matter, the Proposed Notice Procedures do not violate Rule 9006(f), because Rule 9006(f) applies only when service is effected "by mail or under Rule 5(b)(2)(D), (E), or (F)" of the Federal Rules of Civil Procedure. Service by email under the Proposed Notice Procedures is not being provided exclusively "under Rule 5(b)(2)," but rather pursuant to court order (i.e. the Notice Procedures themselves). For example, Rule 5(b)(2)(E) applies only when the person receiving service "consented in writing" to service by electronic means. The Proposed Notice Procedures, by contrast, rely upon the Court's authority under

4

section 105(a) of the United States Bankruptcy Code and Rule 9007 of the Bankruptcy Rules to designate "the time within which, the entities to whom, and the form and manner in which the notice shall be given." Fed. R. Bankr. P. 9007. As a result, the Proposed Notice Procedures, unlike Rule 5, do not require that each party "consent in writing" to electronic service. Because the Proposed Notice Procedures are grounded upon the Court's own authority to establish notice procedures and not on Rule 5, and because Rule 9006(a) explicitly contemplates that court orders may "specify a method of computing time," Rule 9006(f) is not violated by section III(d) of the Proposed Notice Procedures.

6.    More importantly, the Proposed Notice Procedures are entirely consistent with the policy concerns highlighted in the MUUS Objection. The overall policy goal of Bankruptcy Rule 9006(f), which is modeled after Fed. R. Civ. P. 6(e), is to alleviate any temporal disadvantage a litigant might suffer based on how they were served and to ensure that litigants are granted sufficient time to respond. *See Lerro v. Quaker Oats Co.,* 84 F.3d 239, 242 (7th Cir. 1996) ("Rule 6(e) is designed to give a litigant approximately the same *effective* time to respond whether papers are served by hand or by mail."). The three-day extension with respect to service by email found in Bankruptcy Rule 9006(f) and Fed. R. Civ. P. 6(e) was implemented out of a concern that service by email would be discouraged if those who received service by email were placed on equal footing with those who received service by delivery in person, while recipients of service by regular mail were given three additional days to respond.[2] Under the Proposed Notice Procedures, only *pro se* parties are permitted to receive service by regular mail. The MUUS Objection effectively advances the untenable argument that the "lag time" between when

---

[2] See Questions and Answers on Rules Authorizing Electronic Service, *available at* http://www.uscourts.gov/uscourts/CourtRecords/CMECF/elecattach.pdf (last visited November 21, 2011) ("To avoid discouraging the use of electronic service, Civil Rule 6(e) and Bankruptcy Rule 9006(f) have been amended to treat service by electronic means the same way that service by mail has been treated: i.e. parties will be given an additional three days to respond.").

an email is sent and when it is read could materially disadvantage a party receiving notice by email as compared with a *pro se* litigant receiving pleadings by regular mail. It is difficult to imagine or understand how a litigant receiving service by email is materially disadvantaged by a rule giving *pro se* parties sufficient time to respond, especially when such parties might receive their mail in a foreign country.

7. As a practical matter, the change to the Proposed Notice Procedures requested by the MUUS Objection would increase the time within which a party is required to serve motion papers from 14 days (as provided by Local Rule 9006-1) to 17 days prior to the "return date." Such a rule is likely to result in motions to shorten time that should be unnecessary, given the relatively small number of *pro se* litigants that will be served by regular mail under the Proposed Notice Procedures and the unlikelihood that such litigants will desire to file responsive pleadings. However, in order to accommodate the concern raised in the MUUS Objection that service by email during non-business hours might not be precisely equivalent to service in person, section III(d) of the Amended Notice Procedures makes the following modification to the Proposed Notice Procedures:

> Where service of notice of any document is effected by email or facsimile in accordance with these Notice Procedures, such service shall be deemed complete upon electronic or facsimile transmission, as the case may be, for purposes of the application of Rule 9006 of the Bankruptcy Rules. Where service is, *provided that* such transmission occurs prior to 8:00 p.m. prevailing Eastern Time, excluding Saturdays, Sundays, and legal holidays (such day and time, during a "Business Day"). Service effected by email or facsimile, service shall be but not transmitted so as to be received during a Business Day is deemed complete upon on the next Business Day following transmission. Service effected by Federal Express or overnight delivery is deemed complete one bBusiness dDay after sending. Service effected by regular mail is deemed complete three days after mailing.

The Amended Notice Procedures thus mitigate any disadvantage most litigants might incur by receiving an email during non-business hours.

6

## **CONCLUSION**

WHEREFORE, the Trustee respectfully requests the entry of an Order, substantially in the form of Exhibit B, (i) establishing the Amended Notice Procedures; and (ii) granting such other and further relief as the Court may deem necessary and appropriate.

Dated: New York, New York
       November 28, 2011

BAKER & HOSTETLER LLP

By: /s/ *Marc E. Hirschfield*
    Baker & Hostetler LLP
    45 Rockefeller Plaza
    New York, New York 10111
    Telephone: (212) 589-4200
    Facsimile: (212) 589-4201
    David J. Sheehan
    Email: dsheehan@bakerlaw.com
    Marc E. Hirschfield
    Email: mhirschfield@bakerlaw.com
    James W. Day
    Email: jday@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*