**BAKER & HOSTETLER LLP**

45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
dsheehan@bakerlaw.com
Marc E. Hirschfield
mhirschfield@bakerlaw.com
Jacqlyn R. Rovine
jrovine@bakerlaw.com

*Attorneys for Irving H. Picard, Esq., Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC and*
*Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-01789 (BRL) <br><br> SIPA Liquidation <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |

**TRUSTEE'S OBJECTION AND REQUEST TO STRIKE OR DENY MOTION OF**
**DETRIA LEGG FOR DAMAGES FROM THE BLMIS ESTATE**

Irving H. Picard, as trustee (the "Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"),[1] and the substantively consolidated estate of Bernard L. Madoff ("Madoff" and with BLMIS, the "Debtors"), by and through his undersigned counsel, hereby objects to the motion ("Motion") filed by Ms. Detria Legg, proceeding *pro se*, seeking "all collected monies in [sic] USBC SDNY be fully awarded and paid in full."  In support of the objection, the Trustee states as follows:

## BACKGROUND

1.     On December 11, 2008, the Securities and Exchange Commission ("SEC") filed a Complaint in the United States District Court for the Southern District of New York against defendants Madoff and BLMIS, No. 08 Civ. 10791 (LLS) (the "Civil Case").

2.     On December 15, 2008, pursuant to section of SIPA § 78eee(a)(4)(A), the SEC consented to a combination of the Civil Case with an application filed by the Securities Investor Protection Corporation ("SIPC").  Thereafter, pursuant to SIPA § 78eee(a)(3), SIPC filed an application in the District Court alleging, *inter alia*, that the Debtor was not able to meet its obligations to securities customers as they came due and, accordingly, its customers needed the protection afforded by SIPA.

3.     On December 15, 2008, the District Court entered an order pursuant to SIPA which, in pertinent part:

(a)     appointed Irving H. Picard as trustee for the liquidation of the business of BLMIS, pursuant to section 78eee(b)(3) of SIPA;

(b)     appointed Baker & Hostetler LLP as counsel to the Trustee pursuant to section 78eee(b)(3) of SIPA;

(c)     removed the case to this Bankruptcy Court pursuant to section 78eee(b)(4)

---

[1]  For convenience, future reference to SIPA will not include "15 U.S.C."

of SIPA; and

(d)    authorized the Trustee to take immediate possession of the property of the debtor, wherever located.

4.    Under SIPA, the Trustee is responsible for, *inter alia*, determining claims, recovering and distributing customer property to BLMIS customers, and liquidating any other assets of the Debtor for the benefit of the estate and its creditors.

5.    On December 23, 2008, this Court entered an order (the "Claims Procedures Order") that, *inter alia*, authorized the Trustee to determine claims filed by alleged investors, and allowed a claimant to object to the Trustee's determination of a claim by filing an objection in this Court.  (ECF No. 12).

6.    On April 15, 2009, Ms. Legg filed a letter in the above-captioned proceeding stating, "I am the original owner of Mr. Bernie's total assets.  I would like it completely returned. It was stolen out of a bank account in Bath, New York, previously named Bath National Bank, in an account of Mr. and Mrs. George Turnipseed."  (ECF No. 164).

7.    On September 18, 2009, the Trustee mailed notice of the net equity adjudication to every individual or entity that filed a document in the above-captioned adversary proceeding. Because of the letter filed on April 15, 2009, notice was mailed to Ms. Legg.

8.    On May 23, 2011, Ms. Legg commenced an action against Jeffrey D. Fears, Brooklyn & Corp. (Co.), Tom Fears, Ernie Fears & Family, Angela Cortelyou, Harold Milstein, Chin, Karkosi, Ernest Fears, Jury L. Washington, Roger Fears, Michael Fears, Jeffrey D. Fears (corp.), Jeffrey D. Fears (Brooklyn & Co., HIP), Brooklyn and Corp. (Health Insurance Plan), and Jury Louis Washington.[2]  *Legg v. Fears, et al.*, No. 11 Civ. 3521 (S.D.N.Y.) (RJH) (DCF)

---

[2]  The Trustee has reviewed the customer and general claims registers, as well as the objections to determination letters, and concluded that no defendant named in the *Legg* action is reflected in the books and records of the Debtor or filed a claim or objection with the Trustee.

(the "*Legg* action").

9.      The *Legg* action asserted jurisdiction based on the "class action" regarding the "Bernie Madoff case for collection" and sought relief "[i]f collected in Bankruptcy Court via Madoff (Bernie) case . . . for [a] sum amount of 75 million or greater dollars."  (Compl. at 2, 4, ECF No. 1).

10.     On July 5, 2011, United States District Judge Richard J. Holwell, S.D.N.Y., directed Ms. Legg to amend the Complaint within sixty days because the Complaint presented "no arguably meritorious issue."  (Order to Amend, ECF No. 4.)  The Order explained:

> Plaintiff does not provide any factual information in support of her claims. She indicates that her claims may relate to events that took place in June 1967; June 1989 through 1997; and January 1990 through 2008. She seeks money damages from the 'B. Madoff case,' but does not state her connection to that case.

*Id.* at 2.

11.     Ms. Legg filed an Amended Complaint on August 26, 2011, and a Second Amended Complaint on September 26, 2011.  (ECF Nos. 5, 6).  The same bases for jurisdiction and relief were asserted.  No further factual information regarding her connection to the BLMIS liquidation was provided.

12.     On October 5, 2011, the District Court stated that "a finding of factual frivolousness is warranted when the facts alleged are clearly baseless, fanciful, fantastic, delusional or wholly incredible, whether or not there are judicially noticeable facts available to contradict them," and, accordingly, dismissed the Complaint and Amended Complaint for failure to state a cognizable federal claim on which relief can be granted.[3]  (Order of Dismissal, ECF No. 7) (internal quotation marks omitted).  The Court concluded that "any appeal from this Order would not be taken in good faith."  (*Id.*).  The Clerk of the Court closed the action on October 17,

---

[3] The Second Amended Complaint was untimely.

2011.  (Judgment, ECF No. 18).

13.    On November 17, 2011, Ms. Legg filed a Motion in this proceeding pursuant to Rule "1-11" of the Federal Rules of Civil Procedure, claiming that the damages sought in the dismissed *Legg* action should be paid from the funds recovered in the BLMIS liquidation.  (ECF No. 4538; ECF No. 4543).  The Motion seeks "all monies awarded in the mentioned file [sic] b fully awarded(75 million – 300 Millions, and/us > 6 Quadrillion Dollars) and any debt owed be paid in full."  (ECF No. 4538).

14.    Three attempts were made to reach Ms. Legg and explain that at no time did the books and records of the Debtor reflect the name Detria Legg or any individual or entity with the name "Turnipseed," and that she failed to properly file a claim against the Debtor with the Trustee.  No one answered the telephone number she provided and voicemail was unavailable.

### THE OBJECTION

15.    The Trustee respectfully requests that the Court deny or strike the Motion.

16.    Rule 9013 of the Federal Rules of Bankruptcy Procedure requires that a "motion shall state with particularity the grounds therefor, and shall set forth the relief or order sought." Fed. R. Bankr. P. 9013 (2011).  Rule 9013-1(a) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York provides that "[e]ach motion shall specify the rules and statutory provisions upon which it is predicated and the legal authorities that support the requested relief, either in the motion or in a separate memorandum of law.  If such specification has not been made, the Court may strike the motion from the calendar."  S.D.N.Y. Bankr. R. 9013-1 (2010).

17.    The Motion seeks "all monies awarded in the mentioned file [sic] b fully awarded(75 million – 300 Millions, and/us > 6 Quadrillion Dollars) and any debt owed be paid in full."  No grounds for this relief are stated and none exist.  While the Motion cites Rule "1-11"

of the Federal Rules of Civil Procedure as the basis for relief, ECF No. 4538, this is not a valid rule or statutory provision. Accordingly, no valid legal authority was provided to support the requested relief and none exists. While courts are obligated to construe *pro se* pleadings liberally, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); the Trustee respectfully submits that the Motion is entirely devoid of merit.

18. The District Court dismissed the *Legg* action, in which the Complaint and Amended Complaint failed to allege any connection to the BLMIS liquidation, without leave to appeal. The same should occur here.

**WHEREFORE**, the Trustee respectfully requests that the Court (a) deny or strike the Motion, and (b) grant the Trustee such other and further relief as the Court deems proper.

Dated: New York, New York
       December 5, 2011

Respectfully submitted,

 */s/ Marc Hirschfield*
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com
Jacqlyn R. Rovine
Email: jrovine@bakerlaw.com

*Attorneys for Irving H. Picard, Esq. Trustee
for the Substantively Consolidated SIPA
Liquidation of Bernard L. Madoff Investment
Securities LLC and Bernard L. Madoff*