# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　　Defendant. | Adv. Pro. No. 08-1789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>JEFFRY M. PICOWER, individually and as trustee for the Picower Foundation, *et al.*,<br><br>　　　　　Defendants. | Adv. Pro. No. 09-1197 (BRL) |

**ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND RULES 2002 AND 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE APPROVING AN AGREEMENT BY AND AMONG THE TRUSTEE AND THE PICOWER BLMIS ACCOUNT HOLDERS AND ISSUING A PERMANENT INJUNCTION**

　　　　　Upon the motion dated December 17, 2010 (the "Motion") of Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), and the substantively consolidated estate of Bernard L. Madoff ("Madoff," and together with BLMIS, collectively, the "Debtors"), seeking entry of an order, pursuant to

sections 105(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving the agreement dated as of December 17, 2010, by and among the Trustee on the one hand and Barbara Picower, the executor (the "Executor") of the estate of Jeffry M. Picower (the "Picower Estate") and the other Picower BLMIS Accounts[1] on the other hand, in the form annexed hereto (the "Agreement") [also at ECF No. 25, at Exhibit A][2]; and the Court having considered the Affidavit of Irving Picard dated December 17, 2010 in support of the Motion [ECF No. 25, at Exhibit D], all objections to the Motion and responses thereto (collectively, the "Objections"), including those by Adele Fox ("Fox") as representative of a putative class of similarly situated plaintiffs, Susanne Stone Marshall ("Marshall") as representative of a putative class of similarly situated plaintiffs, and Steven, Richard and Martin Surabian (all collectively, the "Objectors"); and it further appearing that the relief sought in the Motion is appropriate based upon the record of the hearing held before this Court on January 13, 2011 to consider the Motion; and after due deliberation and sufficient cause appearing therefor; the Court hereby makes the following findings of fact and conclusions of law. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such.

## FINDINGS OF FACT:

A. Mr. Picower was an attorney, accountant and businessman who invested with BLMIS over several decades through numerous accounts (identified on Attachment A to the

---

[1] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Agreement.
[2] References herein to "ECF No. ___" shall refer to docket entry numbers in the above-captioned adversary proceeding, 09-1197 (BRL).

Agreement) held in Mr. Picower's name, in the name of family members, associates, corporations or partnerships through which Mr. Picower transacted business, not-for-profit entities he founded and funded, or retirement plans for which he served as a trustee. For purposes of this Order, the Picower Estate shall be considered to be one of the Picower BLMIS Accounts.

  B. On May 12, 2009, the Trustee filed a Complaint (the "Complaint") commencing an adversary proceeding against certain of the Picower BLMIS Accounts (the "Adversary Proceeding Defendants" or "Picower Defendants"), captioned *Picard v. Picower, et al.*, No. 09-1197 (BRL), in which he alleged that prior to the Filing Date, BLMIS made payments or other transfers (the "Transfers") totaling more than $6.7 billion to one or more of the Picower Defendants. [ECF No. 1]. The details with regard to the Transfers are principally set forth in the Complaint and are incorporated herein by reference.

  C. The Picower Defendants filed a motion seeking to dismiss the Complaint (the "Motion to Dismiss") on July 31, 2009. [ECF No. 6]. The Trustee filed his Opposition to the Motion to Dismiss on September 30, 2009 (the "Opposition"), in which the Trustee identified additional Transfers to the Picower Defendants, bringing the total value of Transfers received by them to more than $7.2 billion. [ECF No. 11]. Subsequently, the Picower Defendants filed a Reply on November 25, 2009. [ECF No. 16].

  D. The Trustee believes that all of the Transfers are recoverable as set forth in the Complaint and the Opposition. The Picower Defendants dispute that they are liable for the return of the Transfers. After a review of the relevant records and discussions with Picowers' counsel concerning the factual background and certain legal arguments, as well as certain records not available to the Trustee at the time of the filing of the Complaint and the Opposition, and a

consideration of the costs and uncertainty inherent in any litigation, the Trustee, in the exercise of his business judgment, has determined that it is appropriate to resolve this matter rather than litigate the allegations in the Complaint.

E.  In the course of the Trustee's investigation into the Picower BLMIS Accounts, certain margin loans owed by certain of the Picower BLMIS Accounts to BLMIS were identified (the "Margin Loans"). The Trustee determined that certain Picower BLMIS Accounts borrowed on margin from BLMIS and, when the Ponzi scheme collapsed in December of 2008, there was a considerable balance owed on these Margin Loans.

F.  According to the Trustee, the Margin Loans were funded by the investments of other customers in connection with Madoff's Ponzi scheme, and appear to have been the primary vehicle through which Transfers were made to the Picower BLMIS Accounts.

G.  The Picower Settlement involves the repayment of a substantial portion of the value of the Margin Loans and will return $5 billion to the BLMIS estate for distribution to customers with allowed claims. This represents a significant recovery for the victims of the Ponzi scheme, while at the same time it collects a substantial debt owed to the BLMIS estate. Moreover, when combined with the monies that the Picower Estate is forfeiting to the Government, one hundred percent of the net withdrawals received by the Picower BLMIS Accounts will have been returned for distribution to Madoff victims, whether by the Trustee or by the Government.

H.  The Government has commenced a forfeiture action captioned *United States of America v. $7,206,157,717 On Deposit at JPMorgan Chase, NA in the Account Numbers Set Forth on Schedule A*, No. 10 CV 9398, in the District Court. The Government and Mrs. Picower have also entered into a Stipulation and Order of Settlement ("Forfeiture

Stipulation"), which the Government has presented to the District Court and has been "so ordered" by the District Court.

I.  Because the Bankruptcy Settlement Amount was derived from the Forfeited Funds, the Bankruptcy Settlement Amount will never revert to Mrs. Picower or the Picower BLMIS Account Holders. Rather, the Bankruptcy Settlement Amount will remain available for distribution to customers with allowed claims.

J.  The Picower BLMIS Accounts have agreed to withdraw the Picower Customer Claims that they filed in the liquidation proceeding, resulting in a decrease of over billions of dollars in the amount for which the Trustee will have to reserve pending final determination of the Net Equity issue.

K.  The Trustee believes that the terms of the Picower Settlement fall well above the lowest point in the range of reasonableness and, accordingly has stated that the Agreement should be approved by this Court.

L.  Three objections by Objectors were filed and received by this Court prior to the deadline for objections. The Court has fully considered each of these objections.

### CONCLUSIONS OF LAW:

1.  This Court has subject matter jurisdiction to consider the Motion and the relief requested therein, including granting the permanent injunction sought, in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York dated July 10, 1984 (Ward, Acting C.J.).

2.  Venue of this case in this district is proper pursuant to 28 U.S.C. §§ 1409.

3.  Proper, timely, adequate and sufficient notice of the Motion, the hearing thereon, and the related objection deadline has been given in accordance with Bankruptcy Rules

2002 and 9019. The foregoing notice constitutes good, appropriate and sufficient notice, and no other or further notice need be given.

4. The suggestion by certain Objectors that the negotiations among the Trustee, the Government and the Picower Defendants were not at arms' length is not credible, particularly given that the Agreement and forfeiture to the Government will result in the recovery of one hundred percent of the Picower Defendants' net withdrawals from BLMIS. Accordingly, no discovery in connection with either the settlement negotiations or the adversary proceeding is warranted, nor is discovery necessary or warranted for any other reason raised by any of the Objectors.

5. The Court has considered the probability of success in the litigation, the difficulties associated with collection, the complexity of the litigation, and the attendant expense, inconvenience, and delay, and the paramount interest of the customers and other creditors. In addition, the Court may credit and consider the opinion of the Trustee and his counsel in determining whether a settlement is fair and equitable.

6. The Court concludes that the Settlement falls well above the lowest point in the range of reasonableness, and is fair, reasonable, equitable and in the best interests of the BLMIS Estate.

7. The Agreement will confer a significant benefit on BLMIS customers.

8. An injunction under Sections 105(a) and 362(a) of the Bankruptcy Code is warranted and necessary. Issuance of the permanent injunction, precluding prosecution of actions by third parties against the Picower BLMIS Accounts or the Picower Releasees that are duplicative or derivative of claims belonging to the Trustee, is necessary and appropriate to carry out the provisions of the Bankruptcy Code, to prevent any entity from exercising control or

possession over property of the estate, to preclude actions that would have a conceivable effect or adverse impact upon the Debtors' estate or on the administration of the liquidation proceeding, and/or to avoid relitigation or litigation of claims that were or could have been asserted by the Trustee on behalf of all customers and creditors.

9. The injunction sought is narrowly tailored and is necessary to prevent third parties from commencing actions that would adversely impact on the Debtors' estate and interfere with its orderly administration.[3]

10. Objectors Fox and Marshall are creditors of BLMIS over whom this Court has personal jurisdiction and against whom the Court can issue a permanent injunction.

For all of the foregoing reasons, it is hereby

ORDERED, that the Motion is granted in its entirety; and it is further

ORDERED, that the Agreement between the Trustee on the one hand and the Picower BLMIS Accounts on the other hand is hereby approved, and the parties to the Agreement are authorized and directed to take such action as is necessary to effectuate the terms of the Agreement; and it is further

ORDERED, that any BLMIS customer or creditor of the BLMIS estate who filed or could have filed a claim in the liquidation, anyone acting on their behalf or in concert or participation with them, or anyone whose claim in any way arises from or is related to BLMIS or the Madoff Ponzi scheme, is hereby permanently enjoined from asserting any claim against the Picower BLMIS Accounts or the Picower Releasees that is duplicative or derivative of the claims brought by the Trustee, or which could have been brought by the Trustee against the Picower BLMIS Accounts or the Picower Releasees; and it is further

---

[3] To the extent that Federal Rule of Bankruptcy Procedure 7065 applies, the injunction provided for in this Order satisfies subsection (d) thereof by setting forth the reasons for its issuance, the specific terms thereof, and describes in reasonable detail the act or acts restrained or required.

ORDERED, that all Objections to the Motion are overruled; and it is further

ORDERED, that this Court shall retain jurisdiction over any and all disputes arising under or otherwise relating to this Order.

Dated: New York, New York
      January 13, 2011

                              /s/Burton R. Lifland
                              HONORABLE BURTON R. LIFLAND
                              UNITED STATES BANKRUPTCY JUDGE