1

2  **UNITED STATES BANKRUPTCY COURT**

3  **SOUTHERN DISTRICT OF NEW YORK**

4  **Adv. Case No. 08-01789-brl**

5  - - - - - - - - - - - - - - - - - - - - -x

6  In the Matter of:

7  **SECURITIES INVESTOR PROTECTION CORPORATION**

8                       Plaintiff,

9              v.

10 **BERNARD L. MADOFF INVESTMENT SECURITIES, LLC, et al.,**

11             Defendants.

12 - - - - - - - - - - - - - - - - - - - - -x

13

14            United States Bankruptcy Court

15            One Bowling Green

16            New York, New York

17

18            November 30, 2011

19            10:06 AM

20

21 B E F O R E:

22 HON. BURTON R. LIFLAND

23 U.S. BANKRUPTCY JUDGE

24

25

2  (cc-4469) Trustee's Motion for Entry of an Order Establishing

3  Notice Procedures

25  Transcribed by:  Devora Kessin

VERITEXT REPORTING COMPANY
212-267-6868    www.veritext.com    516-608-2400

1
2  A P P E A R A N C E S :
3  BAKER & HOSTETELER LLP
4       Attorneys for Trustee
5       45 Rockefeller Plaza
6       New York, NY 10111
7
8  BY:   MARC E. HIRSCHFIELD, ESQ.
9        JAMES W. DAY, ESQ.
10
11
12      Attorney for MUUS Independence Fund
13      and Michael Sonnenfeldt
14      15 Maiden Lane
15      Suite 703
16      New York, NY 10038
17
18  BY:   ROBERT J. KAPLAN, ESQ.
19
20
21
22
23
24
25

1                P R O C E E D I N G S

2          THE COURT:  Be seated please.

3          THE CLERK:  SIPC v. BLMIS; trustee's motion for entry

4    of an order establishing notice procedures.

5          MR. HIRSCHFIELD:  Good morning, Your Honor.

6          THE COURT:  Good morning.

7          MR. HIRSCHFIELD:  Mark Hirschfield from Baker

8    Hostetler on behalf of the trustee.

9          We have three matters on the calendar this morning;

10   the first as was mentioned, the motion to establish notice

11   procedures.  My colleague, Jim Day will present that to the

12   Court.

13         MR. DAY:  Good morning, Your Honor.

14         THE COURT:  Good morning.

15         MR. DAY:  I'm Jim Day from Baker and Hostetler on

16   behalf of the trustee in the consolidated liquidation of

17   Bernard L. Madoff Investment Securities.

18         As this Court is aware, on October 20th of this year,

19   the trustee filed a motion for entry of an order establishing

20   notice procedures to ensure that those parties in interest who

21   wish to receive notice of pleadings filed in these proceedings

22   receive such notice in an efficient and timely manner.  Up

23   until this point, Bankruptcy Rule 2002 has required the trustee

24   to serve mailed notice of documents upon a service list that

25   has grown to number nearly 17,000 individuals and entities at

1   an average cost of approximately 60,000 dollars per mailing.

2           Many of these recipients have specifically requested

3   to no longer receive such notices.  In light of the

4   considerable time and expense involved with serving these

5   notices and given the negligible benefit and communicated

6   burden the notices have conferred upon those that have received

7   them, the trustee has taken examples from prior large

8   bankruptcy cases to formulate a series of notice procedures

9   that ensure all interested parties receive the notices that

10  pertain to them and that they wish to receive while eliminating

11  the inefficiencies involved with serving physical notice on all

12  parties with only a general interest in the Madoff litigation.

13          The motion therefore requests that the Court enter an

14  order establishing the notice procedures submitted in

15  conjunction with the motion.  The trustee has received only two

16  responses to the notice procedures motion, but before

17  addressing those, and the applicable legal standards pertaining

18  to the motion, I would like to take a moment to give Your Honor

19  an overview of the proposed notice procedures themselves.

20          There are three over-arching concepts guiding the way

21  these notice procedures are structured.  The first of those

22  concepts is that notice should be given by e-mail rather than

23  regular mail to those that are able to receive notice by e-

24  mail.

25          The second concept is that only those that self-select

1    or opt-in should receive all notices required to be served in

2    the main case under Rule 2002.

3        And the third concept is to ensure that individuals

4    receive notices that do in fact directly apply to them and

5    their interest, irrespective of whether they have opted in or

6    not.

7        The notice procedures are thus divided into three

8    sections.  The first section establishes procedures for service

9    of process in the main Madoff case.  The second section

10   establishes notice procedures for those adversary proceedings

11   that were not covered by the litigation case management

12   procedures order that Your Honor entered in November of last

13   year.  And the third section establishes general procedures to

14   be filed in both the main case and in the related adversary

15   proceedings.

16       In order to accomplish the goals I mentioned earlier,

17   the first section provides that notice of pleadings, exhibits,

18   objections, settlements, responses, and other papers will only

19   be served upon those parties that are either listed on a master

20   service list or that have interest that are directly affected

21   by a specific pleading.  This rule clarifies that only those

22   that are parties to an agreement, settlement or compromise

23   require to be served pursuant to Bankruptcy Rule 9019, are

24   directly affected by that pleading.

25       Another provision is that pro se parties unable to

08-01789-cgm    Doc 4585    Filed 12/01/11    Entered 12/14/11 14:10:17    Main Document
SIPC v. BLMIS, et al.
Pg 7 of 15

Page 7

1   receive service by e-mail may be added to the master service
2   list and receive service by regular mail or another means
3   reasonably calculated to affect service, such as facsimile or
4   overnight delivery by returning a form sent with notice of the
5   entry of the order establishing the notice procedures.  These
6   pro se parties may also elect to receive notice by e-mail.  So
7   far Your Honor, we've already sent out a series of these forms
8   with notice of this motion and we received dozens of these
9   forms back already.  But the overwhelming majority of the forms
10  that we have received back from parties in interest in this
11  case have requested to be served by e-mail.
12          Parties that are represented by counsel are added to
13  the master service list by filing a notice of appearance in the
14  main case.  For those parties whose interest are directly
15  affected by a specific pleading but have not designated an e-
16  mail address for service, the notice procedures provide that
17  those parties may be contacted by the party desiring to affect
18  service and ask to designate an e-mail address for service.  If
19  such a designation cannot be obtained, service will be deemed
20  "complete" at the last known mailing address of facsimile
21  number of the party being served.  However pro se parties may
22  receive service by regular mail, overnight mail or facsimile if
23  they do not designate an e-mail address for service.
24          The second section clarifies that in those adversary
25  proceedings not covered by last year's litigation case

08-01789-cgm    Doc 4585    Filed 12/01/11    Entered 12/14/11 14:10:17    Main Document
Pg 8 of 15
SIPC v. BLMIS, et al.

Page 8

1   management procedures order, service shall be made by e-mail
2   and there shall be no obligation to serve paper copies of
3   pleadings other than the complaint and the summons.
4           The third section provides specific guidelines for how
5   to serve notice by e-mail; clarifying that service upon the
6   trustee is not required and that when electronic consent to a
7   party's signature is given, a hard copy of the originally
8   executed document need not be exchanged or kept.  It was in
9   response to this third section Your Honor, that the trustee
10  received the only substantive objection that was filed in
11  response to the notice procedures motion.  But before I turn to
12  that, I would first like to address the other response that was
13  filed to the motion.
14          That response was filed by the Bank of Kuwait and
15  requested a clarification that the notice procedures do not
16  apply to jurisdictional documents such as summonses and
17  complaints.  It was never the trustee's intent that the notice
18  procedures apply to summonses and complaints or jurisdictional
19  documents.  Thus the amended notice procedures that were filed
20  on Monday make the requested clarification by excluding
21  jurisdictional documents from the definition of pleadings.  We
22  received authorization from the Bank of Kuwait on Monday to
23  state on the record that Bank of Kuwait's concerns have been
24  resolved by the amended notice procedures that we filed on
25  Monday.

1      The substantive objection I mentioned earlier was
2  filed by MUUS Independence Fund and was directed at Section
3  3(d) of the proposed notice procedures.  As originally set
4  forth, this provision had the effect of adding three days to
5  the requisite time prior to the hearing date, before which
6  service had to be completed when service was affected by
7  regular mail, but no additional time for e-mail service.  Given
8  the large number of international parties that may receive
9  notices in the Madoff litigation, and given that only pro se
10 parties are allowed to receive notice by regular mail under the
11 notice procedures, the trustee felt it appropriate that service
12 by regular mail should not be deemed "complete" until three
13 days after mailing so as to ensure that parties receiving
14 notice by regular mail were not placed at a disadvantage to
15 parties receiving notice by e-mail.
16     The MUUS objection argues that such a rule violates
17 Bankruptcy Rule 9006(f), which states that three days must be
18 added to the prescribed period whenever service is made by
19 either regular mail or e-mail.  MUUS's position essentially, is
20 that in the context of computing time under rule 9006, there
21 cannot be any discrepancy between the time allotted to those
22 who receive service by e-mail and those that receive service by
23 regular mail.
24     Your Honor, as we set forth in our response to the
25 MUUS objection, the rule MUUS cites doesn't advance this

08-01789-cgm    Doc 4585    Filed 12/01/11    Entered 12/14/11 14:10:17    Main Document
SIPC v. BLMIS, et al.
Pg 10 of 15

Page 10

1   argument.  As a preliminary matter it must be emphasized that
2   Rule 9006 itself contemplates that Bankruptcy Courts have the
3   authority and discretion to prescribe methods of computing time
4   under the Bankruptcy Rules.  Second, stating that e-mail
5   service is complete upon transmission merely reiterates what is
6   already written into the Rules themselves.  The notice
7   procedures merely expand the time when service is deemed
8   "complete" upon mailing.  This expansion of time is necessary
9   to put those pro se parties that receive notice by e-mail on --
10  that receive notice by mail -- on relatively equal footing with
11  those that receive notice by e-mail.  As described in detail in
12  our response, the rule to which MUUS cites is based on a 2001
13  amendment to the Federal Rules of Civil Procedure that was
14  implemented to minimize any temporal disadvantage a litigant
15  might receive based on how they were served.  That rule was
16  explicitly premised on encouraging litigants to consent to
17  service by e-mail; the operative word being "consent".  In this
18  case, however, service by e-mail is being affected pursuant to
19  court order and not pursuant to the consent of the parties.
20  Therefore, the rule MUUS cites in its objection does not apply.
21       The three-day buffer period articulated in Rule
22  9006(f) is necessary for service by regular mail because there
23  can be significant variability between when a document is
24  mailed and when it is received.  Some litigants might not
25  receive a document until three days after mailing while others

1  might receive a mailing the next day.  But in this day and age

2  Your Honor, service by e-mail is akin to service by hand

3  delivery.  It is, for most of the litigants in this case -- and

4  especially those that elect to be on the master service list --

5  instantaneous.

6         In order to address any concerns Your Honor might have

7  regarding the MUUS objection, the amended notice procedures

8  provide that e-mail sent before 8 p.m. Prevailing Eastern Time

9  on a business day will be deemed to have affected service on

10 that day while an e-mail sent after 8 p.m. will be deemed to

11 have affected service on the following business day.  We

12 believe this is a reasonable compromise solution that minimizes

13 the impact of the chance that an e-mail will not be read on the

14 day it is sent because of it being sent on a weekend, holiday

15 or after normal business hours.

16        Therefore Your Honor, the trustee respectfully

17 requests that Your Honor approve the notice procedures and

18 enter the proposed order as amended.

19        Thank you, Your Honor.

20        THE COURT:  Anyone want to be heard?

21        MR. KAPLAN:  Good morning Your Honor; Robert J. Kaplan

22 for MUUS Independence Fund and Michael Sonnenfeldt, defendants

23 in adversary proceeding 10-0445.

24        May it please the Court, I do not believe that the

25 solution that the trustee proffers for the problem in terms of

08-01789-cgm    Doc 4585    Filed 12/01/11    Entered 12/14/11 14:10:17    Main Document
Pg 12 of 15
SIPC v. BLMIS, et al.

Page 12

1   trying to treat e-mail differently from regular mail solves the
2   problem.  First of all, I have a fundamental difficulty with
3   the notion that once a determination has been made in the
4   Rules, that e-mail and regular mail should be treated the same,
5   that without some good cause shown, that that could be changed.
6   But presuming that it can be changed, the solution I think
7   simply creates new problems, which I'd like to bring to the
8   Court's attention.
9            The way the Rules are structured, e-mail that is sent
10  any time from 12:01 a.m. till 11:59 p.m. the following day is
11  deemed "served" on that day.  So if you have a time limit and
12  you serve e-mail any time between those time periods, you have
13  fulfilled your obligation of serving the appropriate papers by
14  serving within that time.  That solves --
15           THE COURT:  They have a cure that's amended that.
16  Frankly I don't know what all the fuss is about and I don't
17  know why the trustee for example, is making such a big deal
18  about the three-day rule.  I don't see where it is anything
19  other than putting everybody, perhaps, on the same level; I
20  don't see what all the fuss is about.  I see some currency to
21  the objection and frankly, the slight fix when you deal with
22  the one-day service on a twenty-four or twelve hour period,
23  granting extra time.
24           My concern is that by treating recipients somewhat
25  differently, you're creating fodder for more litigation on

08-01789-cgm    Doc 4585    Filed 12/01/11    Entered 12/14/11 14:10:17    Main Document
Pg 13 of 15
SIPC v. BLMIS, et al.

Page 13

1  timeliness of service and the like.  And frankly, unless the
2  trustee can show me some further justification, I think there's
3  merit to the objection in treating all parties the same.
4           You won, you can sit down.
5           MR. KAPLAN:  Thank you, Your Honor.
6           MR. DAY:  Your Honor, we'll amend the order and
7  withdraw the provision and submit it to the Court later on
8  today.
9           THE COURT:  Very well.
10          Frankly I don't see where the change that's been
11 suggested here has any great impact on the efficiencies and the
12 cost of service which you've already indicated.  I'm taken with
13 60,000 dollars per mailing and I don't see that making this
14 amendment changes that.
15          So with respect to the basic motion, the proposed
16 procedural order is, in my judgment, reasonably calculated to
17 bring notice of matters effecting both parochial and general
18 interest home to the parties entitled to receive such notice
19 and to be able to protect their interest.  So I will approve
20 the proposed order as to be modified by this record.
21          MR. DAY:  Thank you, Your Honor.
22          MR. KAPLAN:  Thank you, Your Honor.
23      (Whereupon these proceedings were concluded at 10:21 AM)
24
25

Page 14

1
2                                    **I N D E X**
3
4                                    **RULINGS**
5                                                           **Page      Line**
6    **Trustee's Motion for Entry of an Order                13        19**
7    **Establishing Notice Procedures Approved,**
8    **Pending Modification**
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

C E R T I F I C A T I O N

I, Devora Kessin, certify that the foregoing transcript is a true and accurate record of the proceedings.

**Devora Kessin**

Digitally signed by Devora Kessin
DN: cn=Devora Kessin, o, ou, email=digital1@veritext.com, c=US
Date: 2011.12.01 15:54:26 -05'00'

_____

DEVORA KESSIN


Veritext

200 Old Country Road

Suite 580

Mineola, NY 11501


Date:   December 1, 2011