**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
dsheehan@bakerlaw.com
Regina L. Griffin
rgriffin@bakerlaw.com
Judith A. Selby
jselby@bakerlaw.com
Edward J. Jacobs
ejacobs@bakerlaw.com
Sarah Jane T.C. Truong
struong@bakerlaw.com

*Attorneys for Irving H. Picard,*
*Trustee for the Substantively*
*Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities*
*LLC and Bernard L. Madoff*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>        Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>        Defendant. | No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>        Debtor. | |

**THE TRUSTEE'S RESPONSE TO SUPPLEMENTAL OBJECTION TO MOTION FOR (I) A REPORT AND RECOMMENDATION TO THE DISTRICT COURT FOR THE APPOINTMENT OF SPECIAL DISCOVERY MASTERS; (II) AN ORDER ESTABLISHING PROCEDURES FOR ELECTRONIC DATA ROOMS; AND (III) AN ORDER MODIFYING THE JUNE 6, 2011 LITIGATION PROTECTIVE ORDER**

Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS"), under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"), and the substantively consolidated estate of Bernard L. Madoff ("Madoff" and together with BLMIS, the "Debtors"), by and through his undersigned counsel, pursuant to, *inter alia*, section 105(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), and Rules 7016, 7026 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby submits his response to the supplemental objection, filed on October 12, 2011 [Dkt 4442], to his motion for: (I) a report and recommendation to the District Court for the appointment of Special Discovery Masters; (II) an Order expanding the Case Management Procedures approved by the Court on November 10, 2010, granting access to the Trustee's existing electronic data room to additional defendants and establishing procedures for the creation of a separate electronic data room for documents produced to the Trustee; and (III) an Order modifying, in limited fashion, the Litigation Protective Order, dated June 6, 2011 [Dkt. 4137], including superseding all individual confidentiality agreements between the Trustee and any parties (the "Motion").[1] In support of the Motion, the Trustee respectfully states as follows:

The Trustee seeks to establish a uniform framework under the June 6, 2011 Litigation Protective Order (the "Litigation Protective Order") for dealing with discovery in a fair, efficient and reasonable manner in these vast and complex proceedings. In an attempt to resolve concerns

---

[1] All terms not defined herein shall have such meanings as ascribed to them in the Motion.

raised by a relatively small number of producing parties, the Trustee's counsel conferred in good faith and on numerous occasions with opposing counsel and compromised on several issues that addressed many of the concerns raised. As stated in the Trustee's Reply [Dkts. 4426, 4427] to objections to the Motion, many of the concerns raised were addressed in the revised proposed Orders attached to the Trustee's Reply.

Since the date of the Reply, the Trustee has continued to confer with opposing counsel and has now resolved the overwhelming majority of objections. The Trustee expects most of the Objecting Parties to withdraw their objections prior to or at the hearing. The resolution reached is reflected in the revised proposed Order Establishing Procedures for Electronic Data Rooms (attached hereto as Exhibit B) and the revised proposed Order Modifying the June 6, 2011 Litigation Protective Order (attached hereto as Exhibit C).

The Trustee has not been able to reach a resolution with counsel for MUUS Independence Fund LP and Michael W. Sonnenfeldt (collectively, "MUUS"), who filed a supplemental objection on October 12, 2011 [Dkt. 4442] to the Trustee's Reply. MUUS's two supplemental objections are without merit as set forth below.

MUUS's first objection mistakenly states that "the Trustee now seeks to make anything that he elects to place in Room 2 *ipso facto not discoverable* by anyone who is a defendant in an 'Avoidance Action.'" Dkt. 4442 ¶ 3. This is not the case. The Trustee merely seeks to limit access to the documents as placed in E-Data Room 2 to defendants who are not defendants in an Avoidance Action. Defendants in any Avoidance Action may seek discovery of any material, including third-party material in the Trustee's possession, which is reasonably calculated to lead to admissible evidence in the normal course of discovery. The Trustee does not seek to place

2

any discovery limits on any defendant in an Avoidance Action beyond those set forth in the Federal Rules and Bankruptcy Rules.

MUUS's second objection, which concerns the restriction of access to E-Data Room 2 to Outside Litigation Counsels' Eyes Only, is moot because, as a defendant in an Avoidance Action, neither MUUS nor its counsel will have access to E-Data Room 2. Moreover, MUUS's second objection is irrelevant because it conflates the disclosure and review of documents placed in E-Data Room 2 with the production of documents out of E-Data Room 2. While the review of documents placed in E-Data Room 2 will be limited to Outside Litigation Counsels' Eyes Only, the disclosure of documents produced out of E-Data Room 2 will be restricted only in accordance with the terms of the Litigation Protective Order, unless otherwise agreed to by the Requesting Party and Producing Party.

For the foregoing reasons, the Trustee respectfully requests that his Motion be granted and that the Court grant the relief sought herein substantially in the form attached hereto as Exhibits A, B and C.[2]

---

[2] As set forth herein, the Trustee has attempted to resolve the concerns and objections raised by those parties who contacted him. While the Trustee succeeded in addressing most of the concerns raised, he was not able to resolve all of them. Nevertheless, as a result of the Trustee's efforts, the scope of objections has been narrowed significantly. To the extent the Court would deem it helpful to further narrow the open issues, the Trustee would not object to the Court conducting a Chambers Conference either at the hearing or in advance of it.

3

Dated: New York, New York
December 16, 2011

BAKER & HOSTETLER LLP

By: /s/ David J. Sheehan
    David J. Sheehan
    Regina L. Griffin
    Judith A. Selby
    Edward J. Jacobs
    Sarah Jane T.C. Truong

45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

300190947

4