**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                    Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                    Defendant. | No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                    Debtor. | |

## <u>ORDER ESTABLISHING PROCEDURES FOR ELECTRONIC DATA ROOMS</u>

Upon the motion (the "Motion")[1] of Irving H. Picard (the "Trustee"), as trustee for

the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS")

under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"),[2] and the

---

[1] All references to the "Motion" are references to the motion filed on August 5, 2011, requesting entry of: (I) a report and recommendation to the District Court for the appointment of Special Discovery Masters; (II) an Order expanding the Case Management Procedures approved by the Court on November 10, 2010, granting access to the Trustee's existing electronic data room to additional defendants and establishing procedures for the creation of a separate electronic data room for documents produced to the Trustee; and (III) an Order modifying, in limited fashion, the Litigation Protective Order, dated June 6, 2011 [Dkt. 4137], including superseding all individual confidentiality agreements between the Trustee and any parties. All terms not defined herein shall have such meanings as ascribed to them in the Motion.

[2] For convenience, future reference to SIPA will not include "15 U.S.C."

substantively consolidated estate of Bernard L. Madoff ("Madoff"), seeking entry of an order, pursuant to section 105(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), and Rules 7016, 7026 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), establishing Procedures for Electronic Data Rooms; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with section 78eee(b)(4) of SIPA, the Protective Decree, entered on December 15, 2008 by the United States District Court for the Southern District of New York in Case No. 08 CV 10791, and 28 U.S.C. §§ 157 and 1334; and it appearing that the relief requested in the Motion is in the best interests of the estate and its customers; and due notice of the Motion having been given, and it appearing that no other or further notice need be given; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon the proceedings before the Court and after due deliberation, it is hereby

**ORDERED THAT:**

1.      The relief requested in the Motion is granted.

2.      Access to the electronic data room created by the Trustee pursuant to the Order Establishing Litigation Case Management Procedures for Avoidance Actions and Amending the February 16, 2010 Protective Order [Dkt. 3141] ("E-Data Room 1") may be granted to the attorneys of record for defendants in this and related adversary proceedings. E-Data Room 1 includes documents relating to: (1) BLMIS's insolvency; and (2) BLMIS's fraud.

3.      The Trustee may create a second electronic data room ("E-Data Room 2"), solely on the bases described in this Order, to include, with the exceptions set forth in Paragraphs 6 and 7 below: (1) documents produced by, and deposition transcripts (including exhibits) of, parties subpoenaed by the Trustee pursuant to Bankruptcy Rule 2004; and (2) documents produced by,

2

and deposition transcripts (including exhibits) of, defendants and third parties in the adversary proceedings.

4.      Access to E-Data Room 2 will not be provided to defendants in the actions seeking solely fictitious profits in which a Notice of Applicability was filed (the "Avoidance Actions"). Access will only be provided to attorneys of record in the non-Avoidance Actions with whom the Trustee is engaged in active discovery under Federal Rule of Bankruptcy Procedure 7026 ("Outside Litigation Counsel"). The Trustee shall provide access to E-Data Room 2 only to Outside Litigation Counsel provided that the Outside Litigation Counsel executes a Non-Disclosure Agreement ("NDA") in substantially the form attached hereto as Exhibit 1. Copies of the Litigation Protective Order and NDA are available on the Trustee's website: (http://www.madofftrustee.com/CourtFilings.aspx). Executed copies of all NDAs shall be made available on the Trustee's website. While reviewing documents in E-Data Room 2, Outside Litigation counsel may view documents and select them for production, but cannot print, download, duplicate, save or retain any information from E-Data Room 2.

5.      Any confidentiality agreements that the Trustee entered into with any individual or entity producing documents or information to the Trustee shall be superseded by the Litigation Protective Order dated June 6, 2011 (Docket No. 4137) (the "Litigation Protective Order"), and any subsequent amendments or modifications thereto, with the exception of settlement agreements and agreements that protect documents provided for settlement and/or mediation purposes only. However, any Producing Party with a confidentiality agreement may request that language in the individual confidentiality agreement that differs from Paragraph 2 of the Litigation Protective Order continue to control documents produced to the Trustee prior to the date of the Litigation Protective Order. Such a request must be submitted in a letter to Baker &

3

Hostetler LLP, counsel for the Trustee, 45 Rockefeller Plaza, New York, New York 10111, Attn: Sarah Jane T.C. Truong, Esq. (struong@bakerlaw.com), within fifteen (15) business days from the entry of this Order. The letter must: 1) attach the relevant individual confidentiality agreement; 2) identify the relevant language in the individual confidentiality agreement; and 3) with regard to documents produced prior to the entry date of this Order, identify the documents, by beginning production Bates number, previously designated as confidential pursuant to the individual confidentiality agreement. If such a letter is submitted, the language of the individual confidentiality agreement that differs from Paragraph 2 of the Litigation Protective Order shall control those documents produced prior to the date of the Litigation Protective Order; however all other language in the individual confidentiality agreement shall be superseded and the Litigation Protective Order shall control. If such a letter is not submitted to the Trustee within ten (10) business days from entry of this Order, the individual confidentiality agreement shall be deemed superseded in its entirety. With regard to documents that are produced out of E-Data Room 2 (whether with the Producing Party's consent or pursuant to a court order), the protective order governing productions in the specific litigation in which the documents are produced will govern documents produced out of E-Data Room 2, unless otherwise agreed to by the Producing Party and Requesting Party.

6.      The Trustee will exclude from E-Data Room 2: (i) documents provided to the Trustee in connection with hardship applications; (ii) documents provided to the Trustee for settlement and/or mediation purposes only; (iii) documents provided to the Trustee by defendants in any Avoidance Actions; or (iv) documents provided to the Trustee by any BLMIS customer that is not a defendant to any litigations instituted by the Trustee. E-Data Room 2 will also exclude those documents that, due to contractual obligations, are no longer in the

4

possession, custody or control of the Trustee or were provided to the Trustee for settlement and/or mediation purposes only.

7.    Producing Parties may object to the inclusion in E-Data Room 2 of:  (i) customer account records produced by financial institutions subject to the GrammLeach-Bliley Act, upon a reasonable showing of the applicability of the GrammLeach-Bliley Act by the Producing Party; (ii) individuals' sensitive personal financial documents, including, but not limited to, individual income tax returns, personal retirement account statements, bank account statements and home mortgage statements; (iii) documents subject to or controlled by a domestic or foreign court order or law; or (iv) information that this Court has previously ordered to remain under seal, pursuant to the Order Regarding Redactions in Complaints dated April 12, 2011 [Dkt. 4009] (collectively "Excludable Material").

a)    With respect to documents produced to the Trustee prior to the date of entry of this Order, any Producing Party objecting to the inclusion of such material in E-Data Room 2 must submit a letter to Baker & Hostetler LLP, counsel for the Trustee, 45 Rockefeller Plaza, New York, New York 10111, Attn: Sarah Jane T.C. Truong, Esq. (struong@bakerlaw.com), within sixty (60) days from the entry of this Order, identifying, by beginning production Bates number, the relevant documents and the basis for exclusion.  To the extent the Trustee disagrees that such documents are Excludable Material, the Trustee and Producing Party shall meet and confer.  If the Trustee and the Producing Party do not reach agreement as to the documents that are Excludable Material and thus shall be excluded from E-Data Room 2, the Trustee and the Producing Party shall seek resolution from the Court or from the appropriate Special Discovery Master, if appointed,

5

pursuant to the Order Appointing Special Discovery Masters, as to which documents are Excludable Material. If the Trustee disagrees with a Producing Party that such documents are Excludable Material, the disputed documents will be excluded from E-Data Room 2 until a resolution has been reached either between the parties or by the Court or appropriate Special Discovery Master, if appointed.

b)     With respect to documents produced to the Trustee on or after the date of entry of this Order, any parties objecting to the inclusion of such material in E-Data Room 2 shall do so upon production, by submitting a letter to Baker & Hostetler LLP, counsel for the Trustee, 45 Rockefeller Plaza, New York, New York 10111, Attn: Sarah Jane T.C. Truong, Esq. (struong@bakerlaw.com), identifying, by beginning production Bates number, the relevant documents and the basis for exclusion. To the extent the Trustee disagrees that such documents are Excludable Material, the Trustee and Producing Party shall meet and confer. If the Trustee and the Producing Party do not reach agreement as to the documents that are Excludable Material and thus shall excluded from E-Data Room 2, the Trustee and the Producing Party shall seek resolution from the Court, or from the appropriate Special Discovery Master, if appointed, pursuant to the Order Appointing Special Discovery Masters, as to which documents are Excludable Material. If the Trustee disagrees with a Producing Party that such documents are Excludable Material, the disputed documents will be excluded from E-Data Room 2 until a resolution has been reached either between the parties or by the Court or appropriate Special Discovery Master, if appointed.

8.      Producing Parties may designate as "Protected Material" documents that have

been or will be produced to the Trustee for inclusion in E-Data Room 2 that contain sensitive

commercial or financial information or any data protected from disclosure by applicable law

upon a reasonable showing of the applicability of such law by the Producing Party. "Sensitive

commercial or financial information" includes documents and information that may be

sensitive, but which may not constitute trade secrets, and may include, among other categories

of information, documents and information concerning research, development or due diligence

protocols or procedures, the inclusion of which would create a risk of harm to the Producing

Party. Subject to the procedures below, Protected Material will be included in E-Data Room 2

as searchable material listed only by their Bates numbers, but copies of such documents will not

be viewable or accessible by Outside Litigation Counsel except in accordance with paragraphs

16 and 17 of this Order.

a)      Subject to Paragraph 8(b) below, with respect to documents produced to the

Trustee prior to the date of entry of this Order, any Producing Party designating

such documents as Protected Material in E-Data Room 2 must submit a letter to

Baker & Hostetler LLP, counsel for the Trustee, 45 Rockefeller Plaza, New York,

New York 10111, Attn: Sarah Jane T.C. Truong, Esq. (struong@bakerlaw.com),

within fifteen (15) business days from the entry of this Order, identifying, by

beginning production Bates number, the relevant documents and the bases for

designation as Protected Material. To the extent the Trustee disagrees that such

documents are Protected Material, the Trustee and Producing Party shall meet and

confer. If the Trustee and the Producing Party do not reach agreement as to the

documents that are Protected Material and thus shall be restricted from access by

7

Outside Litigation Counsel in E-Data Room 2, the Trustee and the Producing

Party shall seek resolution from the Court or from the appropriate Special

Discovery Master, if appointed, pursuant to the Order Appointing Special

Discovery Masters, as to which documents are Protected Material. If the Trustee

disagrees with a Producing Party that such documents are Protected Material, the

disputed documents will be excluded from E-Data Room 2 until a resolution has

been reached either between the parties or by the Court or appropriate Special

Discovery Master, if appointed.

b)    Any Producing Party may designate all documents produced to the Trustee prior

to the date of entry of this Order that have been designated as confidential

pursuant to individual confidentiality agreements as Protected Material. To do so,

the Producing Party must submit a letter to Baker & Hostetler LLP, counsel for

the Trustee, 45 Rockefeller Plaza, New York, New York 10111, Attn: Sarah Jane

T.C. Truong, Esq. (struong@bakerlaw.com), within fifteen (15) business days

from the entry of this Order, attaching the individual confidentiality agreement

and identifying, by beginning production Bates number, the relevant documents.

To the extent that any Requesting Party identifies such documents as responsive

and requests their production, the Trustee's counsel may submit a letter to the

Producing Party identifying, by beginning production Bates number, any

documents identified by the Requesting Party that the Trustee believes should be

de-designated as Protected Material, and the bases for any such de-designation. If

the Producing Party disagrees that such documents should be de-designated as

Protected Material, the Trustee and Producing Party shall meet and confer. If the

8

Trustee and the Producing Party do not reach agreement as to the documents that are Protected Material, the Trustee and the Producing Party shall seek resolution from the Court or from the appropriate Special Discovery Master, if appointed, pursuant to the Order Appointing Special Discovery Masters, as to which documents are Protected Material. If the Trustee disagrees with a Producing Party that such documents are Protected Material, the disputed documents shall retain their designation as Protected Material until a resolution has been reached either between the parties or by the Court or appropriate Special Discovery Master, if appointed.

c)    With respect to documents produced to the Trustee on or after the date of entry of this Order, any parties designating such material as Protected Material in E-Data Room 2 shall do so upon production, by submitting a letter to Baker & Hostetler LLP, counsel for the Trustee, 45 Rockefeller Plaza, New York, New York 10111, Attn: Sarah Jane T.C. Truong, Esq. (struong@bakerlaw.com), identifying, by beginning production Bates number, the relevant documents and the bases for designation as Protected Material. To the extent the Trustee disagrees that such documents are Protected Material, the Trustee and Producing Party shall meet and confer. If the Trustee and the Producing Party do not reach agreement as to the documents that are Protected Material and thus shall be restricted from access by Outside Litigation Counsel in E-Data Room 2, the Trustee and the Producing Party shall seek resolution from the Court, or from the appropriate Special Discovery Master, if appointed, pursuant to the Order Appointing Special Discovery Masters, as to which documents are Protected Material. If the Trustee

9

disagrees with a Producing Party that such documents are Protected Material, the disputed documents will be excluded from E-Data Room 2 until a resolution has been reached either between the parties or by the Court or appropriate Special Discovery Master, if appointed.

9.      Counsel for the Trustee will not be liable for any technical issues concerning the data room caused by technical constraints, errors, or malfunctions beyond the Trustee's control.

10.     All requests for exclusion of documents from E-Data Room 2 or designation of documents as Protected Material in E-Data Room 2, as set forth in above, shall be made in good faith and not for the purpose of delaying or obstructing the ability of any other party to prepare for litigation in the adversary proceedings.  Subject to the determination of the Court, or the Special Discovery Masters, if appointed, the Producing Party shall be responsible for all costs and fees the Trustee incurs as a result of excessive, overly broad and unreasonable requests, including attorneys' fees and Special Discovery Masters' fees.  Such requests shall also be subject to sanctions as the Court, or the Special Discovery Masters, if appointed, shall determine.

11.     Documents produced out of E-Data Room 2 shall only be used for purposes of the non-Avoidance Actions in which defendants are represented by Outside Litigation Counsel.

12.     No party shall be deemed to have possession, custody, or control over documents merely by virtue of having access to E-Data Room 2.

13.     Outside Litigation Counsel may obtain access to E-Data Room 2 only after serving the Trustee with document requests to which documents contained in E-Data Room 2 may potentially be responsive.  The Trustee will meet and confer with the Outside Litigation Counsel regarding whether access is warranted, and the Trustee reserves the right to object to requests for access to E-Data Room 2 based on relevance or other objections.  After executing

10

the NDA and the Undertaking To Be Bound attached to the Litigation Protective Order (copies

of both shall be sent to Baker & Hostetler LLP, counsel for the Trustee, 45 Rockefeller Plaza,

New York, New York 10111, Attn: Sarah Jane T.C. Truong, Esq. (struong@bakerlaw.com)),

Outside Litigation Counsel may review documents contained in E-Data Room 2 and select

documents requested for production out of E-Data Room 2.

14.    The Trustee and the Trustee's counsel will not monitor or track Outside Litigation

Counsels' activities within E-Data Room 2.

15.    Documents selected for production from E-Data Room 2 by the requesting

Outside Litigation Counsel (the "Requesting Party") will be reviewed by the Trustee for any

objections under the Federal Rules of Civil Procedure, including, but not limited to, relevance

and to apply redactions to personally identifiable information, with the exception of documents

designated as "Protected Material" pursuant to Paragraph 8(b) above.  Each Producing Party

whose documents are designated as "Protected Material" under Paragraph 8(b) above shall be

provided with a list, by beginning production Bates number, of any documents that hit on search

terms and are identified by the Requesting Party for production.  The Producing Party shall have

ten (10) business days, unless otherwise agreed, from receipt of notice of the Trustee's non-

objection to object to the production of their documents in a letter addressed to the Trustee and

the Requesting Party (the "Objection Letter") and reserves the right to object to such production

on any ground.  If the Producing Party does not submit an Objection Letter, the Trustee may

produce the documents requested from E-Data Room 2.  If the Producing Party does submit an

Objection Letter, the Trustee, the Requesting Party and the Producing Party shall meet and

confer.  If the meet and confer process does not resolve the dispute, the Requesting Party may

file a motion to compel with the Court, or the appropriate Special Discovery Master, if

appointed. The Requesting Party shall notify Baker & Hostetler LLP, counsel for the Trustee, 45 Rockefeller Plaza, New York, New York 10111, Attn: Sarah Jane T.C. Truong, Esq. (struong@bakerlaw.com), and any Producing Party whose documents have been requested for production out of E-Data Room 2, of the relief sought. The Trustee and each relevant Producing Party shall be given an opportunity to be heard as to the relief sought. Upon resolution by the Court or Special Discovery Master, the Trustee shall produce the documents approved for production by the Court or the Special Discovery Master.

16.     If the Trustee does not object to the production of the documents selected by the Requesting Party, the Trustee shall notify each Producing Party whose documents have been selected for production. The Producing Party shall have ten (10) business days from receipt of notice of the Trustee's non-objection to submit an Objection Letter addressed to the Trustee and the Requesting Party and reserves the right to object to such production on any ground. If the Producing Party does not submit an Objection Letter, the Trustee shall produce the documents requested from E-Data Room 2. If the Producing Party does submit an Objection Letter, the Trustee, the Requesting Party and the Producing Party shall meet and confer. If the meet and confer process does not resolve the dispute, the Requesting Party may file a motion to compel with the Court, or the appropriate Special Discovery Master, if appointed. The Requesting Party shall notify Baker & Hostetler LLP, counsel for the Trustee, 45 Rockefeller Plaza, New York, New York 10111, Attn: Sarah Jane T.C. Truong, Esq. (struong@bakerlaw.com), and any Producing Party whose documents have been requested for production out of E-Data Room 2, of the relief sought. The Trustee and each relevant Producing Party shall be given an opportunity to be heard as to the relief sought. Upon resolution by the Court or Special Discovery Master, the

Trustee shall produce the documents approved for production by the Court or the Special Discovery Master.

17.    If the Trustee objects to the production of any documents selected by the Requesting Party for production from E-Data Room 2, the Trustee and the Requesting Party shall meet and confer. If the Trustee and the Requesting Party come to an agreement to produce the requested documents, the Trustee shall notify each Producing Party whose documents the Trustee and the Requesting Party agree should be produced from E-Data Room 2. The Producing Party shall have ten (10) business days from receipt of notice of such agreement to submit an Objection Letter addressed to the Trustee and the Requesting Party and reserves the right to object to such production on any ground. If the Producing Party does not submit an Objection Letter, the Trustee shall produce the documents requested from E-Data Room 2. If the Producing Party does submit an Objection Letter, the Trustee, the Requesting Party and the Producing Party shall meet and confer. If the meet and confer process does not resolve the dispute, the Requesting Party may file a motion to compel with the Court, or the appropriate Special Discovery Master, if appointed. The Requesting Party shall notify Baker & Hostetler LLP, counsel for the Trustee, 45 Rockefeller Plaza, New York, New York 10111, Attn: Sarah Jane T.C. Truong, Esq. (struong@bakerlaw.com), and any Producing Party whose documents have been requested for production out of E-Data Room 2, of the relief sought. The Trustee and each relevant Producing Party shall be given an opportunity to be heard as to the relief sought. Upon resolution by the Court or Special Discovery Master, the Trustee shall produce the documents approved for production by the Court or the Special Discovery Master.

18.    Documents designated as **CONFIDENTIAL** as of the date of the entry of the Order Establishing Procedures for Electronic Data Rooms shall remain **CONFIDENTIAL,**

unless documents are de-designated pursuant to a court order or an agreement of the party so

designating the documents. A resolution from the Court, or the Special Discovery Masters, if

appointed, that the Trustee shall produce material designated as **CONFIDENTIAL**

**MATERIAL** from E-Data Room 2 does not disturb the **CONFIDENTIAL** designation of the

materials, unless the Trustee or a Requesting Party has specifically requested such relief.

19.     A violation of a party's obligations under the NDA shall be treated as a violation

of this Order and shall subject such party to such sanctions as the Court, or the Special Discovery

Masters, if appointed, shall determine after notice and a hearing.

20.     The parties will need to agree to a fair allocation of costs associated with

production from the Electronic Data Rooms, or will seek relief from this Court, or from the

appropriate Special Discovery Master, if the Special Discovery Masters are appointed.

21.     Compliance with these procedures shall not constitute, nor be construed as, a

waiver of a party's right to seek a protective order, confidentiality agreement, or other similar

relief with respect to the production of documents in any action not pending before the

Bankruptcy Court.

22.     Prior to seeking modification of this Order, the Trustee shall meet and confer with

a committee of the parties who have filed objections to the Motion. Members of such committee

shall be determined by the parties who filed objections to the Motion.

23.     The parties reserve all rights to object to any future requests for the production of

documents.

24.     This Court shall retain jurisdiction with respect to all matters relating to the

interpretation or implementation of this Order.

14

Dated: New York, New York
       December ____, 2011

_____
HONORABLE BURTON R. LIFLAND
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (BRL) |
| Plaintiff, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-_____ (BRL) |
| Plaintiff, | |
| v. | |
| _____, | |
| Defendant(s). | |

## NON-DISCLOSURE AGREEMENT FOR E-DATA ROOM 2

WHEREAS this non-disclosure agreement (the "Agreement") supplements the Litigation Protective Order entered on June 6, 2011 [Docket No. 4137] (the "Litigation Protective Order") entered in *Securities Investor Protection Corporation v. Bernard L. Madoff*

*Investment Securities, LLC, et al.*, Adv. Pro. No. 08-01789 (BRL), and any subsequent amendments or modifications thereto; and

       WHEREAS, on October _____, 2011, the Bankruptcy Court entered an Order Establishing Procedures for Electronic Data Rooms [Docket No._____] (the "Data Room Order"). All capitalized terms not otherwise defined herein shall have the meanings given such terms in the Litigation Protective Order; and

       WHEREAS, in addition to the requirements set forth in the Litigation Protective Order, and any subsequent amendments or modifications thereto, this Agreement shall govern all materials provided in E-Data Room 2 (as defined in the Order Establishing Procedures for Electronic Data Rooms, entered on October _____, 2011 [Dkt._____]) and produced in connection with the above-captioned Adversary Proceeding (the "Adversary Proceeding"); and

       WHEREAS, E-Data Room 2 has been designated "OUTSIDE LITIGATION COUNSELS' EYES ONLY."

_____ (the "Recipient") hereby represents to each of the following:

       A. My firm has been retained by the following defendant(s) in the Adversary Proceeding:

       B.      I have received a copy of the Litigation Protective Order and executed the attached Undertaking and Consent To Be Bound (a copy of which has been or will be, concurrent with a copy of this executed NDA, sent to Baker & Hostetler LLP, counsel for the Trustee, 45 Rockefeller Plaza, New York, New York 10111, Attn: Sarah Jane T.C. Truong, Esq. (struong@bakerlaw.com)).

       C.      I have carefully read and understand the provisions of the Litigation Protective Order. Based on the foregoing representations, Recipient hereby agrees to each of the following:

       1.      Recipient will abide by the terms of the Litigation Protective Order and any subsequent amendments or modifications thereto as well as the additional requirements set forth herein. Any such agreement to abide by the terms of the Litigation Protective Order and any subsequent amendments or modifications, however, does not prejudice defendants' ability to object to any proposed amendment to the Litigation Protective Order.

2

2.      Recipient will not and shall ensure that its employees, agents; or staff will not disclose any material placed in the data rooms nor the information contained therein to any person, including, without limitation, its clients, other than (a) Recipient's employees, agents and staff who need to know such information in connection with its representation of defendant in the Adversary Proceeding, provided that such individuals have executed this NDA. All original executed NDAs shall be retained by Recipient, with a copy sent to Baker & Hostetler LLP, counsel for the Trustee, 45 Rockefeller Plaza, New York, New York 10111, Attn: Sarah Jane T.C. Truong, Esq. (struong@bakerlaw.com), which shall be made available on the Trustee's website.

3.      Recipient will not use any material placed in the data rooms, directly or indirectly, for any purpose whatsoever other than in connection with the Adversary Proceeding. Violations of this provision may result in Recipient, its employees, agents or staff being held in contempt of the Court.

4.      Recipient understands that while reviewing documents in E-Data Room 2, Recipient shall not print, download, duplicate or save or retain any information from E-Data Room 2.

5.      Recipient understands that this agreement does not preclude Recipient from using documents obtained from sources other than E-Data Room 2 or limit the manner in which such documents may be used, irrespective of whether those documents are also in E-Data Room 2.

6.      If Recipient seeks to file any pleading or other document with the Bankruptcy Court that contains **CONFIDENTIAL MATERIAL,** as defined in the Litigation Protective Order and accordingly designated by the Producing Party, it will file such pleading or other document under seal.

3

7.    Recipient will take all appropriate measures to ensure that any **CONFIDENTIAL MATERIAL** that it may obtain is safeguarded consistent with the confidentiality protections set forth herein including, without limitation, that its employees, agents and staff will keep all such material and any copies thereof in a locked container, cabinet, drawer, room or other safe place.

8.    Recipient understands that Paragraph 12 of the Litigation Protective Order, and any subsequent amendments or modifications thereto, requires that notice be given to the Producing Party whose material has been requested before any material produced to the Trustee is produced physically to a third party.

9.    Recipient understands that the Trustee or the Producing Party may designate materials produced out of E-Data Room 2 as **CONFIDENTIAL** in accordance with the Litigation Protective Order.  A resolution from the Court or the Special Discovery Masters, if appointed, that the Trustee shall produce **CONFIDENTIAL MATERIAL** from E-Data Room 2 does not disturb the **CONFIDENTIAL** designation of the materials, unless the Recipient has specifically requested such relief.

10.    Recipient understands that any work product protection is not waived as to any work product inadvertently placed in the data rooms, subject to the provisions of paragraph 14 of the Litigation Protective Order, and any subsequent amendments or modifications thereto.

11.    Recipient understands and agrees that violation of this Agreement is the equivalent of violation of a Bankruptcy Court order.

12.    Recipient consents to the exercise of personal jurisdiction by the Bankruptcy Court in connection with this Agreement and its obligations hereunder and the Litigation Protective Order and any subsequent amendments or modifications thereto.

4

13.     Recipient declares under penalty of perjury under the laws of the State of New York that the foregoing is true and correct.

[Name of Recipient]

_____

By: Name
Address:

_____

Date