**<u>EXHIBIT C</u>**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　　　　　Defendant. | No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>　　　　　　　　Debtor. | |

## ORDER MODIFYING THE JUNE 6, 2011 LITIGATION PROTECTIVE ORDER

Upon the motion (the "Motion")[1] of Irving H. Picard (the "Trustee"), as trustee for the

liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under

the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"), and the

substantively consolidated estate of Bernard L. Madoff ("Madoff", and together with BLMIS the

"Debtors"), seeking entry of an order pursuant to section 105(a) of the United States Bankruptcy

---

[1] All references to the "Motion" are references to the motion filed on August 5, 2011, requesting entry of: (I) a report and recommendation to the District Court for the appointment of Special Discovery Masters; (II) an Order expanding the Case Management Procedures approved by the Court on November 10, 2010, granting access to the Trustee's existing electronic data room to additional defendants and establishing procedures for the creation of a separate electronic data room for documents produced to the Trustee; and (III) an Order modifying, in limited fashion, the Litigation Protective Order, dated June 6, 2011 [Dkt. 4137], including superseding all individual confidentiality agreements between the Trustee and any parties. All terms not defined herein shall have such meanings as ascribed to them in the Motion.

Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), and Rules 7016, 7026 and 9006 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), modifying the Litigation

Protective Order entered into by the Court on June 6, 2011 (the "Litigation Protective Order");

and the Court having jurisdiction to consider the Motion and the relief requested therein in

accordance with section 15 U.S.C. § 79eee(b)(4) of SIPA, the Protective Decree, entered on

December 15, 2008 by the United States District Court for the Southern District of New York

(the "District Court") in Case No. 08 CV 10791, and 28 U.S.C. §§ 157 and 1334; and the Court

having considered the objections to the Motion filed by defendants in these proceedings; and

following extensive negotiations between the Trustee and certain defendants regarding the relief

requested in the Motion; and it appearing that the relief requested in the Motion is in the best

interests of the estate and its customers; and due notice of the Motion having been given, and it

appearing that no other or further notice need be given; and the Court having determined that the

legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

and upon the proceedings before the Court and after due deliberation, it is hereby

**ORDERED,** that the relief requested in the Motion is granted; and it is further

**ORDERED,** that the Litigation Protective Order is modified as follows:

A.    To the extent that a Producing Party and the Trustee have entered into an
agreement regarding the confidentiality or non-disclosure of documents or
discovery materials, such agreements shall be superseded by the June 6, 2011
Litigation Protective Order, with the exception of settlement agreements and
agreements that protect documents provided for settlement and/or mediation
purposes only.  All designations of material as **CONFIDENTIAL** shall be
controlled by the June 6, 2011 Litigation Protective Order, and Paragraph 19 of
that Order shall be deemed modified accordingly.  However, any Producing Party
with a confidentiality agreement may request that language in the individual
confidentiality agreement that differs from Paragraph 2 of the Litigation
Protective Order continue to control documents produced to the Trustee prior to
the date of the Litigation Protective Order.  Such a request must be submitted in a
letter to Baker & Hostetler LLP, counsel for the Trustee, 45 Rockefeller Plaza,
New York, New York 10111, Attn: Sarah Jane T.C. Truong, Esq.
(struong@bakerlaw.com), within fifteen (15) business days from the entry of this
Order.  The letter must:  1) attach the relevant individual confidentiality

agreement; 2) identify the relevant language in the individual confidentiality agreement; and 3) with regard to documents produced prior to the entry date of this Order, identify the documents, by beginning production Bates number, previously designated as confidential pursuant to the individual confidentiality agreement. If such a letter is submitted, the language of the individual confidentiality agreement that differs from Paragraph 2 of the Litigation Protective Order shall control those documents produced prior to the date of the Litigation Protective Order; however all other language in the individual confidentiality agreement shall be superseded and the Litigation Protective Order shall control. If such a letter is not submitted to the Trustee within ten (10) business days from entry of this Order, the individual confidentiality agreement shall be deemed superseded in its entirety. With regard to documents that are produced out of E-Data Room 2 (whether with the Producing Party's consent or pursuant to a court order), the protective order governing productions in the specific litigation in which the documents are produced will govern documents produced out of E-Data Room 2, unless otherwise agreed to by the Producing Party and Requesting Party.

B. Documents produced by, and deposition transcripts (including exhibits) of, parties subpoenaed by the Trustee pursuant to Bankruptcy Rule 2004 shall be placed in E-Data Room 2, unless excluded as set forth below. Documents produced by and deposition transcripts (including exhibits) of defendants and third parties in the adversary proceedings shall also be placed in E-Data Room 2, unless excluded as set forth below.

C. Access to E-Data Room 2 will not be provided to defendants in the actions seeking solely fictitious profits in which a Notice of Applicability was filed (the "Avoidance Actions"). Access will only be provided to attorneys of record in the non-Avoidance Actions with whom the Trustee is engaged in active discovery under Federal Rule of Bankruptcy Procedure 7026 ("Outside Litigation Counsel").

D. The Trustee will exclude from E-Data Room 2: (i) documents provided to the Trustee in connection with hardship applications; (ii) documents provided to the Trustee for settlement and/or mediation purposes only; (iii) documents provided to the Trustee by defendants in any Avoidance Actions; or (iv) documents provided to the Trustee by any BLMIS customer that is not a defendant to any litigations instituted by the Trustee. E-Data Room 2 will also exclude those documents that, due to contractual obligations, are no longer in the possession, custody or control of the Trustee or were provided to the Trustee for settlement and/or mediation purposes only.

E. Producing Parties may object to the inclusion in E-Data Room 2 of: (i) customer account records produced by financial institutions subject to the Gramm-Leach-Bliley Act, upon a reasonable showing of the applicability of the GrammLeach-

3

Bliley Act by the Producing Party; or (ii) individuals' sensitive personal financial documents, including, but not limited to, individual income tax returns, personal retirement account statements, bank account statements and home mortgage statements; (iii) documents subject to or controlled by a domestic or foreign court order or law; or (iv) information that this Court has previously ordered to remain under seal, pursuant to the Order Regarding Redactions in Complaints dated April 12, 2011 [Dkt. 4009] (collectively "Excludable Material").

1.      With respect to documents produced to the Trustee prior to the date of entry of this Order, any Producing Party objecting to the inclusion of such material in E-Data Room 2 must submit a letter to Baker & Hostetler LLP, counsel for the Trustee, 45 Rockefeller Plaza, New York, New York 10111, Attn: Sarah Jane T.C. Truong, Esq. (struong@bakerlaw.com), within sixty (60) days from the entry of this Order, identifying, by beginning production Bates number, the relevant documents and the basis for exclusion.  To the extent the Trustee disagrees that such documents are Excludable Material, the Trustee and Producing Party shall meet and confer.  If the Trustee and the Producing Party do not reach agreement as to the documents that are Excludable Material and thus shall be excluded from E-Data Room 2, the Trustee and the Producing Party shall seek resolution from the Court or from the appropriate Special Discovery Master, if appointed, pursuant to the Order Appointing Special Discovery Masters, as to which documents are Excludable Material.  If the Trustee disagrees with a Producing Party that such documents are Excludable Material, the disputed documents will be excluded from E-Data Room 2 until a resolution has been reached either between the parties or by the Court or appropriate Special Discovery Master, if appointed.

2.      With respect to documents produced to the Trustee on or after the date of entry of this Order, any parties objecting to the inclusion of such material in E-Data Room 2 shall do so upon production, by submitting a letter to Baker & Hostetler LLP, counsel for the Trustee, 45 Rockefeller Plaza, New York, New York 10111, Attn: Sarah Jane T.C. Truong, Esq. (struong@bakerlaw.com), identifying, by beginning production Bates number, the relevant documents and the basis for exclusion.  To the extent the Trustee disagrees that such documents are Excludable Material, the Trustee and Producing Party shall meet and confer.  If the Trustee and the Producing Party do not reach agreement as to the documents that are Excludable Material and thus shall excluded from E-Data Room 2, the Trustee and the Producing Party shall seek resolution from the Court, or from the appropriate Special Discovery Master, if appointed, pursuant to

4

the Order Appointing Special Discovery Masters, as to which documents are Excludable Material. If the Trustee disagrees with a Producing Party that such documents are Excludable Material, the disputed documents will be excluded from E-Data Room 2 until a resolution has been reached either between the parties or by the Court or appropriate Special Discovery Master, if appointed.

F.     Any Producing Parties may designate as "Protected Material" certain documents (as set forth below) that have been or will be produced to the Trustee for inclusion in E-Data Room 2, as set forth in the Order Establishing Procedures for Electronic Data Rooms, entered on October ___, 2011 [Dkt.___] and the Order Appointing Special Discovery Masters, entered on October ____, 2011, in E-Data Room 2 (as defined in the Order Establishing Procedures for Electronic Data Rooms). Producing Parties may designate as "Protected Material" documents that have been or will be produced to the Trustee for inclusion in E-Data Room 2 that contain sensitive commercial or financial information, or any data protected from disclosure by applicable law upon a reasonable showing of the applicability of such law by the Producing Party. "Sensitive commercial or financial information" includes documents and information that may be sensitive, but which may not constitute trade secrets, and may include, among other categories of information, documents and information concerning research, development or due diligence protocols or procedures, the inclusion of which would create a risk of harm to the Producing Party. Subject to the procedures below, Protected Material will be included in E-Data Room 2 as searchable material listed only by their Bates numbers, but copies of such documents will not be viewable or accessible by Outside Litigation Counsel except in accordance with paragraph J of this Order.

1.     Subject to Paragraph F(2) below, with respect to documents produced to the Trustee prior to the date of entry of this Order, any Producing Party designating such documents as Protected Material in E-Data Room 2 must submit a letter to Baker & Hostetler LLP, counsel for the Trustee, 45 Rockefeller Plaza, New York, New York 10111, Attn: Sarah Jane T.C. Truong, Esq. (struong@bakerlaw.com), within fifteen (15) business days from the entry of this Order, identifying, by beginning production Bates number, the relevant documents and the bases for designation as Protected Material. To the extent the Trustee disagrees that such documents are Protected Material, the Trustee and Producing Party shall meet and confer. If the Trustee and the Producing Party do not reach agreement as to the documents that are Protected Material and thus shall be restricted from access by Outside Litigation Counsel in E-Data Room 2, the Trustee and the Producing Party shall seek resolution from the Court or from the appropriate Special Discovery Master, if appointed, pursuant to the Order Appointing Special Discovery Masters, as to which documents are

5

Protected Material. If the Trustee disagrees with a Producing Party that such documents are Protected Material, the disputed documents will be excluded from E-Data Room 2 until a resolution has been reached either between the parties or by the Court or appropriate Special Discovery Master, if appointed.

2.  Any Producing Party may designate all documents produced to the Trustee prior to the date of entry of this Order that have been designated as confidential pursuant to individual confidentiality agreements as Protected Material in E-Data Room 2. To do so, the Producing Party must submit a letter to Baker & Hostetler LLP, counsel for the Trustee, 45 Rockefeller Plaza, New York, New York 10111, Attn: Sarah Jane T.C. Truong, Esq. (struong@bakerlaw.com), within fifteen (15) business days from the entry of this Order, attaching the individual confidentiality agreement and identifying, by beginning production Bates number, the relevant documents. To the extent that any Requesting Party identifies such documents as responsive and requests their production, the Trustee's counsel may submit a letter to the Producing Party identifying, by beginning production Bates number, any documents identified by the Requesting Party that the Trustee believes should be de-designated as Protected Material, and the bases for any such de-designation. If the Producing Party disagrees that such documents should be de-designated as Protected Material, the Trustee and Producing Party shall meet and confer. If the Trustee and the Producing Party do not reach agreement as to the documents that are Protected Material, the Trustee and the Producing Party shall seek resolution from the Court or from the appropriate Special Discovery Master, if appointed, pursuant to the Order Appointing Special Discovery Masters, as to which documents are Protected Material. If the Trustee disagrees with a Producing Party that such documents are Protected Material, the disputed documents shall retain their designation as Protected Material until a resolution has been reached either between the parties or by the Court or appropriate Special Discovery Master, if appointed.

3.  With respect to documents produced to the Trustee on or after the date of entry of this Order, any parties designating such material as Protected Material in E-Data Room 2 shall do so upon production, by submitting a letter to Baker & Hostetler LLP, counsel for the Trustee, 45 Rockefeller Plaza, New York, New York 10111, Attn: Sarah Jane T.C. Truong, Esq. (struong@bakerlaw.com), identifying, by beginning production Bates number, the relevant documents and the bases for designation as Protected Material. To the extent the Trustee disagrees that such documents are Protected Material, the Trustee and Producing Party shall meet and confer. If the Trustee and the Producing Party do not reach agreement as to the documents that are Protected Material and thus shall be restricted from

6

access by Outside Litigation Counsel in E-Data Room 2, the Trustee and the Producing Party shall seek resolution from the Court, or from the appropriate Special Discovery Master, if appointed, pursuant to the Order Appointing Special Discovery Masters, as to which documents are Protected Material. If the Trustee disagrees with a Producing Party that such documents are Protected Material, the disputed documents will be excluded from E-Data Room 2 until a resolution has been reached either between the parties or by the Court or appropriate Special Discovery Master, if appointed.

G.   Counsel for the Trustee will not be liable for any technical issues concerning the data room caused by technical constraints, errors, or malfunctions beyond the Trustee's control.

H.   All requests for exclusion of documents from E-Data Room 2 or designation of documents as Protected Material in E-Data Room 2, as set forth above, shall be made in good faith and not for the purpose of delaying or obstructing the ability of any other party to prepare for litigation in the adversary proceedings. Subject to the determination of the Court, or the Special Discovery Masters, if appointed, the Producing Party shall be responsible for all costs and fees the Trustee incurs as a result of excessive, overly broad and unreasonable requests, including attorneys' fees and Special Discovery Masters' fees. Such requests shall also be subject to sanctions as the Court, or the Special Discovery Masters, if appointed, shall determine.

I.   In the event that the Trustee in good faith intends to use specific material appropriately designated as **CONFIDENTIAL** MATERIAL in connection with litigation (such as for use in depositions), the Trustee may request that the Producing Party waive confidentiality with respect to that specific material. The Trustee shall identify each document for which waiver is sought by beginning Bates number or other identifier. Failure by the Producing Party or customer to object to the request within seven (7) business days will be deemed to be acquiescence to the request. Should a Producing Party refuse to waive , the Trustee shall refer the matter to this Court, or to the appropriate Special Discovery Master, if appointed. Pending resolution of a dispute, there shall be no disclosure of the **CONFIDENTIAL MATERIAL** at issue.

J.   Documents selected for production from E-Data Room 2 by the requesting Outside Litigation Counsel ("Requesting Party") will be reviewed by the Trustee for any objections under the Federal Rules of Civil Procedures, including, but not limited to, relevance and to apply redactions to personally identifiable information, with the exception of documents designated as "Protected Material" pursuant to Paragraph F(2) above.

7

1.  Each Producing Party whose documents are designated as "Protected Material" under Paragraph F(2) above shall be provided with a list, by beginning production Bates number, of any documents that hit on search terms and are identified by the Requesting Party for production. The Producing Party shall have ten (10) business days from receipt of notice of the Trustee's non-objection to object to the production of their documents in a letter addressed to the Trustee and the Requesting Party (the "Objection Letter") and reserves the right to object to such production on any ground. If the Producing Party does not submit an Objection Letter, the Trustee may produce the documents requested from E-Data Room 2. If the Producing Party does submit an Objection Letter, the Trustee, the Requesting Party and the Producing Party shall meet and confer. If the meet and confer process does not resolve the dispute, the Requesting Party may file a motion to compel with the Court, or the appropriate Special Discovery Master, if appointed. The Requesting Party shall notify Baker & Hostetler LLP, counsel for the Trustee, 45 Rockefeller Plaza, New York, New York 10111, Attn: Sarah Jane T.C. Truong, Esq. (struong@bakerlaw.com), and any Producing Party whose documents have been requested for production out of E-Data Room 2, of the relief sought. The Trustee and each relevant Producing Party shall be given an opportunity to be heard as to the relief sought. Upon resolution by the Court or Special Discovery Master, the Trustee shall produce the documents approved for production by the Court or the Special Discovery Master.

2.  If the Trustee does not object to the production of the documents selected by the Requesting Party, the Trustee shall notify each Producing Party whose documents have been selected for production. The Producing Party shall have ten (10) business days from receipt of notice of the Trustee's non-objection to object to the production of their documents in a letter addressed to the Trustee and the Requesting Party (the "Objection Letter") and reserves the right to object to such production on any ground. If the Producing Party does not submit an Objection Letter, the Trustee shall produce the documents requested from E-Data Room 2. If the Producing Party does submit an Objection Letter, the Trustee, the Requesting Party and the Producing Party shall meet and confer. If the meet and confer process does not resolve the dispute, the Requesting Party may file a motion to compel with the Court, or the appropriate Special Discovery Master, if appointed. The Requesting Party shall notify Baker & Hostetler LLP, counsel for the Trustee, 45 Rockefeller Plaza, New York, New York 10111, Attn: Sarah Jane T.C. Truong, Esq. (struong@bakerlaw.com), and any. Producing Party whose documents have been requested for production out of E-Data Room 2, of the relief sought. The Trustee and each relevant Producing Party shall be given an opportunity to be heard as

8

to the relief sought. Upon resolution by the Court or Special Discovery Master, the Trustee shall produce the documents approved for production by the Court or the Special Discovery Master.

3.    If the Trustee objects to the production of any documents selected by the Requesting Party, the Trustee and the Requesting Party shall meet and confer. If the Trustee and the Requesting Party come to an agreement to produce the requested documents, the Trustee shall notify each Producing Party whose documents the Trustee and outside counsel agree should be produced from E-Data Room 2. The Producing Party shall have ten (10) business days from receipt of notice of such agreement to submit an Objection Letter. If the Producing Party does not submit an Objection Letter, the Trustee shall produce the documents requested from E-Data Room 2. If the Producing Party does submit an Objection Letter, the Trustee, the Requesting Party and the Producing Party shall meet and confer. If the meet and confer process does not resolve the dispute, the Requesting Party may file a motion to compel with the Court, or the appropriate Special Discovery Master, if appointed. The Requesting Party shall notify Baker & Hostetler LLP, counsel for the Trustee, 45 Rockefeller Plaza, New York, New York 10111, Attn: Sarah Jane T.C. Truong, Esq. (struong@bakerlaw.com), and any Producing Party whose documents have been requested for production out of E-Data Room 2, of the relief sought. The Trustee and relevant Producing Parties shall be given an opportunity to be heard as to the relief sought. Upon resolution by the Court or Special Discovery Master, the Trustee shall produce the documents approved for production by the Court or the Special Discovery Master.

K.    Documents designated as **CONFIDENTIAL** as of the date of the entry of the Order Establishing Procedures for Electronic Data Rooms shall remain **CONFIDENTIAL,** unless documents are de-designated pursuant to a court order or an agreement of the party so designating the documents. A resolution from the Court, or the Special Discovery Masters, if appointed, that the Trustee shall produce material designated as **CONFIDENTIAL MATERIAL** from E-Data Room 2 does not disturb the **CONFIDENTIAL** designation of the materials, unless the Trustee or a Requesting Party has specifically requested such relief.

L.    Prior to seeking modification of this Order, the Trustee shall meet and confer with a committee of the parties who have filed objections to the Motion. Members of such committee shall be determined by the parties who filed objections to the Motion.

**ORDERED,** that this Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: New York, New York
     December ____, 2011

 

HONORABLE BURTON R. LIFLAND
UNITED STATES BANKRUPTCY JUDGE

10