**Baker & Hostetler LLP**  Hearing Date: December 21, 2011 at 10:00 a.m.
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com
Elizabeth A. Smith
Email: esmith@bakerlaw.com
Elyssa S. Kates
Email: ekates@bakerlaw.com
Amy E. Vanderwal
Email: avanderwal@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-1789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**REPLY IN FURTHER SUPPORT OF TRUSTEE'S
MOTION FOR ENTRY OF AN ORDER PURSUANT TO SECTION 105(a)
OF THE BANKRUPTCY CODE AND RULES 2002 AND 9019 OF THE
FEDERAL RULES OF BANKRUPTCY PROCEDURE APPROVING AN AGREEMENT
BY AND BETWEEN THE TRUSTEE AND UNITED STATES
OF AMERICA ON BEHALF OF THE INTERNAL REVENUE SERVICE**

Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), and the substantively consolidated estate of Bernard L. Madoff ("Madoff," and together with BLMIS, collectively, the "Debtors"), by and through his undersigned counsel, respectfully submits this reply in further support of the motion (the "Motion") seeking entry of an order pursuant to section 105(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), seeking approval of an agreement (the "Agreement") by and between the Trustee and the United States of America, on behalf of the Internal Revenue Service (referred to herein as the "IRS"), and in partial opposition to the Limited Objection of Pasifin Co. Inc. ("Pasifin") to Trustee's Proposed Settlement with the Internal Revenue Service (the "Limited Objection" at Docket No. 4587), and in support thereof, the Trustee respectfully represents as follows:

**REPLY**

1. The Trustee and Pasifin agree that the Agreement should be approved by this Court and the Trustee should receive the $326 million settlement payment (the "Settlement Payment") for eventual distribution to customers with allowed claims. The Trustee and Pasifin further agree that Pasifin's position regarding the manner in which its claim should be calculated may be addressed simultaneously with the resolution of Pasifin's objection (Docket Nos. 2015

and 2016) to the Trustee's determination of Pasifin's claim (the "Claim Determination Objection").

2. The Trustee opposes the remainder of the Limited Objection for several reasons. However, since Pasifin and the Trustee have agreed to resolve the issues raised in the Limited Objection at a later date, the Trustee will preserve his rights and respond fully to the Limited Objection at that time. Nevertheless, a brief response to some of the issues raised in the Limited Objection is presently warranted.

**A.    The Trustee's Treatment of Withdrawals Paid to the IRS and the Treatment of the Settlement Payment as Customer Property is Consistent With the Law**

3. Pasifin maintains that if the Trustee treats a transaction as a withdrawal that the withdrawn funds must belong to a specific account and a specific accountholder. In addition to being contrary to the definition of customer property[1], Pasifin's position ignores the reality of this Ponzi scheme, which is that most, if not all, customer funds deposited with BLMIS were put into the primary bank account used for BLMIS customer deposits and withdrawals, including payments to the IRS for income tax withholding (the "703 Account"). Thus, the Payments were made from a single commingled account into which most, if not all, customer deposits were placed. There is no way to trace which customers' funds were actually used to make the Payments. If the Court were to adopt Pasifin's view, it may be said that no receipt of funds by

---

[1] Customer property is defined by the Securities Investor Protection Act ("SIPA") to include "cash and securities … at any time received, acquired, or held by or for the account of a debtor from or for the securities accounts of a customer, and the proceeds of any such property transferred by the debtor, including property unlawfully converted." 15 U.S.C. § 78*lll*(4); *In re Bernard L. Madoff Investment Securities LLC*, 654 F.3d 229, 240 (2d Cir. 2011). Thus, the definition of customer property is extremely broad and includes the transactions discussed in the Limited Objection.

3

any of BLMIS' customers could be considered withdrawals because most, if not all, of the funds came from the commingled 703 Account.[2]

4.  Finally,

> Courts have favored *pro rata* distribution of assets where, as here, the funds of the defrauded victims were commingled and where victims were similarly situated with respect to their relationship to the defrauders … the use of a *pro rata* distribution has been deemed especially appropriate for fraud victims of a "Ponzi scheme…'.

*SEC v. Credit Bancorp, Ltd.*, 290 F.3d 80, 88-89 (2d Cir. 2002). Thus, it is appropriate for the Trustee to apply the Settlement Payment in a manner that will benefit all customers with allowed claims and not, as Pasifin intimates, treat any portion of the Settlement Payment as solely Pasifin's property. Similarly, it is inappropriate for the Trustee to adjust Pasifin's claim to provide it with favorable treatment.

**B.  Pasifin is Unable to Recover From the IRS for Tax Years Prior to 2002 and Is Instead Trying to Improperly Attempt to Obtain Favored Treatment in These Proceedings to the Detriment of Other Customers**

5.  Pasifin's concerns that the proposed injunction will prohibit it from attempting to recover Payments made in its name to the IRS prior to January 1, 2003 (the "Pre 2002 Tax Years") are moot. Pasifin's time to apply for a refund for the Pre 2002 Tax Years has expired. *See* 26 U.S.C. § 6511. Therefore, Pasifin is unable to recover any Payments for the Pre 2002 Tax Years.[3] As an alternative method of recovery, Pasifin is arguing that the Trustee should credit Pasifin's account for all Payments made in its name, not just those made from January 1,

---

[2] Pasifin incorrectly assumes that Foreign Accountholders are uniquely situated because payments made to the "IRS were associated with particular named customers." Limited Objection at ¶ 2. Most, if not all, transfers to and from BLMIS were associated with named customers.

[3] While the Trustee maintains that all of the Payments were made with customer property, the Trustee acknowledges that certain customers have been erroneously paid refunds by the IRS. Indeed, counsel for the Trustee understands from counsel for Pasifin that Pasifin applied for, and received, refunds for tax years 2007 and 2008.

4

2003 until December 11, 2008 (the "Filing Date"). By making this argument, Pasifin is trying to improve its position relative to other customers with allowed claims by having its claim re-calculated in a manner which will dilute distributions to other customers with allowed claims.

6.   Finally, Pasifin's argument that the Trustee will be crediting accounts in a manner that is inconsistent with the Agreement is without merit. As a matter of law, the statute of limitations governing the avoidability of the Payments is incorporated into the Agreement.[4]

> Laws which subsist at the time and place of the making of a contract, and where it is to be performed, enter into and form a part of it, as fully as if they had been expressly referred to or incorporated in its terms. This principal embraces alike those laws which affect its construction and those which affect its enforcement or discharge.

*Norfolk and Western Railway Co. v. American Train Dispatchers' Assoc.*, 499 U.S. 117, 130 (1991), *quoting Farmers and Merchants Bank of Monroe v. Federal Reserve Bank of Richmond*, 262 U.S. 649, 660 (1923). Moreover, the Trustee has stated repeatedly in the Motion that the Agreement only addresses Payments made from January 1, 2003 until the Filing Date.

## CONCLUSION

7.   The Agreement is the result of approximately two years of extensive negotiations. Pursuant to the Agreement, the IRS will remit the overwhelming majority of the funds comprising the Payments to the Trustee. Approval of the Agreement will significantly benefit BLMIS' estate and customers with allowed claims. Additionally, approval of the Agreement will avoid lengthy and burdensome litigation. Accordingly, since the Agreement is well within the "range of reasonableness" required for approval of settlements and confers a substantial benefit on the estate, the Trustee respectfully requests that the Court enter an order granting the

---

[4] The Trustee's efforts to recover from the IRS are consistent with the six year statute of limitations contained in the relevant sections of the New York Debtor Creditor Law.

5

Motion. A revised proposed order addressing Pasifin's and the Trustee's respective reservations of rights is annexed hereto as Exhibit "A".

Dated: New York, New York
December 19, 2011

Respectfully submitted,

/s/ Elyssa S. Kates
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com
Elizabeth A. Smith
Email: esmith@bakerlaw.com
Elyssa S. Kates
Email: ekates@bakerlaw.com
Amy E. Vanderwal
Email: avanderwal@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*