Page 1

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

Adversary Pro. No. 08-01789-brl

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

In the Matter of:

SECURITIES INVESTOR PROTECTION CORPORATION,

         Plaintiff,

   v.

Bernard L. Madoff Investment Securities, LLC, et al.,

         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x


        United States Bankruptcy Court

        One Bowling Green

        New York, New York


        December 21, 2011

        10:00 AM



B E F O R E:

HON. BURTON R. LIFLAND

U.S. BANKRUPTCY JUDGE

**Page 2**

1
2  **MOTION of the Trustee for Entry of an Order Pursuant to Section**
3  **105(a) of the Bankruptcy Code and Rules 2002 and 9019 of the**
4  **Federal Rules of Bankruptcy Procedure Approving an Agreement By**
5  **and Between the Trustee and the United States of America on**
6  **Behalf of the Internal Revenue Service (Adj. from 12/15/11)**
7  **(4544)**
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25  Transcribed by:  Sara Davis

```
 1
 2   A P P E A R A N C E S :
 3   BAKER HOSTETLER LLP
 4        Attorneys for SIPC Trustee
 5        45 Rockefeller Plaza
 6        New York, NY 10111
 7
 8   BY:   ELYSSA S. KATES, ESQ.
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

08-01789-cgm    Doc 4617    Filed 12/30/11    Entered 01/10/12 11:31:46    Main Document
SIPC v. Bernard L. Madoff Investment Securities LLC
Pg 4 of 11

Page 4

```
 1                P R O C E E D I N G S
 2            THE COURT:  Be seated, please.
 3            THE CLERK:  SIPC v. BLMIS.
 4            THE COURT:  You have to be more specific.  Which
 5   matter?
 6            THE CLERK:  The 9019 motion with the IRS.
 7            MS. KATES:  Good morning, Your Honor.
 8            THE COURT:  Good morning.
 9            MS. KATES:  Alyssa Kates, Baker & Hostetler on behalf
10   of the trustee.
11            We are here this morning seeking entry of an order
12   granting the trustee's motion to approve the settlement
13   agreement between the trustee, United States of America on
14   behalf of the IRS, which going forward, I will refer to as the
15   IRS.
16            The settlement agreement provides in part that the IRS
17   will remit 326 million dollars to the trustee for the benefit
18   of BLMIS customers with valid customer claims.  The settlement
19   agreement is in full and final settlement of all payments made
20   by BLMIS to the IRS.
21            The 326 million dollars is also --
22            THE COURT:  Isn't that an overstatement?  I don't
23   think it's all payments to the IRS.  It's certain kinds of
24   payments, isn't that correct?
25            MS. KATES:  Yes, Your Honor.  It's payments that were
```

```
 1   withheld by BLMIS purportedly on account of foreign income tax
 2   withholding.
 3              The 326 million dollar sum is the vast majority of the
 4   amounts that were paid by BLMIS to the IRS for the six-year
 5   period pre-dating the filing date.  The IRS must remit the
 6   payment to the trustee within 180 days of the entry of a final
 7   order or else interest will begin to accrue on the settlement
 8   payment.
 9              The trustee, will, after he receives the payment,
10   credit certain foreign account holders for the amounts of
11   monies that were purportedly paid on their behalf to the IRS,
12   to the extent that the trustee receives those monies back.
13   There were certain foreign account holders who were erroneously
14   paid refunds by the IRS and their accounts will not be adjusted
15   because the trustee takes the position that they've already
16   gotten money back.
17              The trustee will also set aside approximately 103
18   million dollars for a reserve to satisfy any potential
19   decisions, settlements or judgments against the IRS or the
20   trustee with regard to certain excepted claims.
21              The trustee is also seeking the entry of a channeling
22   injunction.  The IRS has made it clear that they will not enter
23   into this agreement nor will they make the settlement payment
24   without the channeling injunction.  The channeling injunction
25   will block claims against the IRS and the trustee with certain
```

08-01789-cgm    Doc 4617    Filed 12/30/11    Entered 01/10/12 11:31:46    Main Document
SIPC v. Bernard L. Madoff Investment Securities LLC
Pg 6 of 11

Page 6

1   exceptions.  The injunction will not affect the rights of any

2   foreign account holders that are presently involved in

3   litigation with the trustee.  Customers and creditors that have

4   filed timely claims will be allowed to continue to pursue

5   claims against the BLMIS estate or the customer property fund.

6   If a subsequent order is entered permitting a foreign account

7   holder to pursue a claim that would otherwise be barred, that

8   foreign account holder can pursue the claim in the -- against

9   the trustee in the court.  And in addition, if, for any reason,

10  the IRS is a judge (sic) liable or settles any claims, there is

11  the reserve which will -- can be used to satisfy those claims.

12          In addition, the motion is largely uncontested.  We

13  have received -- the Court has received only one response and

14  that is a limited objection by Passafin (ph.) Company.

15  Passafin's attorney is here in court today, but we have reached

16  an agreement resolving the objection.  Passafin agrees with the

17  trustee that the money should be brought into the estate.  The

18  nature of their objection was really more in the manner of how

19  their claim was going to be calculated.  And we have agreed to

20  resolve that issue at the same time that we resolve Passafin's

21  objection to the -- to the trustee's objection to their claim.

22          We have submitted a revised proposed order along with

23  our reply which preserves Passafin's rights and the trustee's

24  rights with regard to the calculation of Passafin's claim.  And

25  that's really the highlights of the settlement agreement, Your

08-01789-cgm    Doc 4617    Filed 12/30/11    Entered 01/10/12 11:31:46    Main Document
         Pg 7 of 11
SIPC v. Bernard L. Madoff Investment Securities LLC

Page 7

1  Honor.
2            THE COURT:  Well, since the settlement agreement has
3  brought impact on a certain category of investors, and the
4  issue of a channeling injunction that would affect those
5  rights, I haven't heard from you with respect to notice of this
6  and opportunity to be heard.
7            MS. KATES:  Well, Your Honor, we sent out notice to
8  all of the affected foreign account holders.  We also sent
9  notice to parties receiving electronic notice.  So the 145
10 account holders, the parties that would be potentially affected
11 by this channeling in junction, all received copies of our
12 motion papers.
13           THE COURT:  And you've received only one objection,
14 is --
15           MS. KATES:  Yes.
16           THE COURT:  -- that correct?
17           MS. KATES:  We received some question which we have
18 responded to, but no one other than Passafin filed an
19 objection.  And, again, it wasn't an objection to bringing the
20 asset into the estate; it was more to how their claim was going
21 to be calculated.
22           THE COURT:  Does anyone want to be heard?
23           There's no response.  Your presentation indicates that
24 there's a resolution with respect to the one objectant which
25 doesn't go to the heart of the settlement, but only goes to a

08-01789-cgm    Doc 4617    Filed 12/30/11    Entered 01/10/12 11:31:46    Main Document
SIPC v. Bernard L. Madoff Investment Securities LLC
Pg 8 of 11

Page 8

1    calculation.  What I'm concerned about is that the 320-odd

2    million dollars stood as a resolution of any claims that might

3    be held by a particular investor.  And the channeling

4    injunction then turns away those rights against the IRS to the

5    extent the IRS -- as either a stakeholder or direct liability

6    to those parties, then the fund is now in a different posture.

7              My main concern, and I think it's been satisfied by

8    the record before me, is that the rights are completely

9    protected and the avails of the funds continue to exist with

10   respect to the transmission of the settlement amount and the

11   reservation of certain portions of it, to resolve any claims

12   that might exist.  Since there is little prejudice to the

13   potential claimants, the fund, in one form or another, will

14   continue to exist and satisfaction of claims const -- continues

15   to be based upon a potential 100 percent recovery.

16             I do find it appropriate to issue the channeling

17   injunction.  I find the settlement certainly -- which is

18   tantamount to a 98 of 100 percent turnover or recovery in

19   avails to parties to be appropriate and fair and equitable

20   under all of the circumstances.  And under 9019, certainly, is

21   well above the lowest rung in a range of reasonableness.  And

22   I'm therefore prepared to enter the requested relief which

23   includes the injunction.  Although I wonder why their sovereign

24   needs to be protected with an injunction.

25             I think the sovereign ends up protected in other ways,

08-01789-cgm    Doc 4617    Filed 12/30/11    Entered 01/10/12 11:31:46    Main Document
SIPC v. Bernard L. Madoff Investment Securities LLC
Pg 9 of 11

Page 9

1  but that's beside the point.  If this is what -- the way the
2  sovereign wants to hear from me, I'd be glad, under these
3  circumstances, to grant the relief.
4         MS. KATES:  Thank you, Your Honor.
5      (Whereupon the requested proceedings were concluded at
6  10:11 AM)

I N D E X

RULINGS

|  | Page | Line |
|---|---|---|
| Requested relief, which includes the channeling injunction, granted | 8 | 22 |

C E R T I F I C A T I O N

I, Sara Davis, certify that the foregoing transcript is a true and accurate record of the proceedings.

*Sara Davis*

Digitally signed by Sara Davis
DN: cn=Sara Davis, o, ou, email=digital1@veritext.com, c=US
Date: 2011.12.30 11:30:28 -05'00'

SARA DAVIS

AAERT Certified Electronic Transcriber CET**D 567

Veritext

200 Old Country Road

Suite 580

Mineola, NY 11501

Date:   December 22, 2011