UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SECURITIES INVESTOR PROTECTION
CORPORATION,                                    :

            Plaintiff-Applicant,    :
                                           Adv. Pro. No. 08-01789 (BRL)
                v.                                  :
                                           SIPA Liquidation

BERNARD L. MADOFF INVESTMENT       :
SECURITIES LLC,                                         (Substantively Consolidated)
                                           :

           Defendant.
-----------------------------------------------------------
In re:                                                  :

BERNARD L. MADOFF,                        :

            Debtor.                          :
-----------------------------------------------------------X

## AFFIDAVIT OF KATHLEEN SWEENEY MECK
## IN OPPOSITION TO ERISA CWAA MOTION

STATE OF NEW YORK     :

COUNTY OF ONONDAGA :

      KATHLEEN SWEENEY MECK, being duly sworn, deposes and says:

1. I am the Fund Administrator of the Upstate New York Bakery Drivers and Industry Pension Fund ("Upstate Fund").

2. I submit this affidavit, which is based on my personal knowledge and the books and records of the Upstate Fund, in opposition to the motion by by Irving H. Picard, Trustee for the Liquidation of the Business of Bernard L.

1

Madoff Investment Securities, LLC ("Trustee") for an order to affirm the Trustee's determinations denying the claims of claimants without BLMIS accounts in their names, namely investors in ERISA property (the "ERISA CWAA Motion").

3. The Upstate Fund is, and at all times pertinent hereto has been, a Taft-Hartley pension plan governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). The Upstate Fund is an employee benefit plan, as defined in Section 3(3) of ERISA (29 U.S.C. §1002(3)), and a multi-employer benefit plan, as defined in Section 3(37) of ERISA (29 U.S.C. §1002(37)). See **Exhibit A** (copies of first pages of Form 5500's filed by the Upstate Fund for the plan years 2006, 2007, 2008 and 2009).

4. On or about July 1, 2002, the Upstate Fund entered into a Discretionary Investment Management Agreement with J.P. Jeanneret Associates, Inc. ("Jeanneret Associates"), pursuant to which Jeanneret Associates was designated an Investment Manager of the Upstate Fund. See **Exhibit B**.

5. On or about July 31, 2002, at the advice of Jeanneret Associates, the Upstate Fund invested in an investment vehicle -- the Income-Plus Investment Fund ("Income-Plus") -- which invested substantial portions of its funds with Bernard Madoff ("Madoff") in Bernard L. Madoff Investment Securities, LLC ("BLMIS").

6. Thereafter, on or about July 31, 2004 and January 31, 2007, the Fund made additional investments in Income-Plus.

7. Income-Plus, a tax-exempt "Group Trust" within the meaning of Internal Revenue Ruling 81-100, was created on December 15, 1993, for the purpose of pooling investment assets of certain qualified pension plans and entities governed by ERISA. See **Exhibit C** (Confidential Private Placement Memorandum for Income- Plus Investment Fund), p. (i).

8. The Upstate Fund was a "Participating Plan" or "Participating Entity" in Income-Plus as of the date in 2008 when this proceeding was filed.

9. In or about December 2007 Jeanneret Associates, acting on behalf of Income-Plus, entered into various agreements with BLMIS authorizing BLMIS to undertake certain transactions on behalf of Income-Plus. See **Exhibit D**.

10. As a result of Madoff's fraud (which became public as a result of Madoff's confession and arrest on December 11, 2008) a substantial part of the Fund's investment in Income Plus became valueless, causing the Fund to incur substantial damages.

11. On or about February 27, 2009 the Upstate Fund filed its SIPC claim (Claim No. 005483) with respect to its investment in Income-Plus in this proceeding. See **Exhibit E**.

12. On or about December 17, 2010 the Trustee issued his Determination of Claim, denying the Upstate Fund's Claim No. 005483 on the ground that "[b]ased on a review of the available books and records of BLMIS by the

Trustee's staff, [the Upstate Fund] did not have an account with BLMIS" and therefore was "not a customer of BLMIS under SIPA as that term is defined at 15 U.S.C. §78lll (2)." See **Exhibit F**.

*Kathleen Sweeney Meck*

Sworn to before me
this 12th day of January, 2012.

SHAWN MEYERS
Notary Public, State of New York
Qualified in Onon. Co. No. 01ME6158980
Commission Expires: 1/16/2015

*Notary Public*