# EXHIBIT D



BERNARD L. MADOFF
INVESTMENT SECURITIES LLC
885 Third Avenue New York, NY 10022

**CONFIDENTIAL**

212 230 2424
800 334-1343
Fax 212 486-8178

## TRADING AUTHORIZATION DIRECTIVE

Issued by: Account Name: _INCOME PLUS INVESTMENT FUND_

Account #: _1I0004-30_

This Trading Authorization Directive establishes the terms and conditions under which Bernard L. Madoff Investment Securities LLC (BLMIS) will execute the client's orders.

Bernard L. Madoff (individual), acting as agent for the above referenced account, has not been granted, nor shall he exercise, any investment discretion as to the selection of securities or other property purchased or sold by or for the account. Bernard L. Madoff (individual) will determine only the time and price at which a specified order shall be executed. The transactions executed pursuant to this directive shall be subject to the client's rejection in their entirety upon receipt of confirmation(s). The purchase or sale of equity securities is limited as to issue and quantity.

The core order/execution parameters are as follows:

- Orders generated shall be for the attached list of securities in its entirety, each of which is resident in the S&P 100 Index.

- The amount of each equity security shall be dollar weighted proportionately within the portfolio to the previous day's closing market capitalization of that particular issue within the Standard and Poor's 100 Index.

- The sum total of the combined market capitalization of the equities to be executed must be in excess of seventy-five percent (75%) of the total market capitalization, as measured by Standard and Poor's, of the entire Standard and Poor's 100 Index.

- The resulting portfolio, when measured against the Standard and Poor's 100 Index, shall reflect an overall correlation of at least .95 to 1.

- Bernard L. Madoff will determine the time and price at which liquidation orders will be exposed.

The dollar amount of the total order(s) to be calculated (as predefined by each client) and the resultant prorata allocation of executions, are predicated on the total dollar amount of order(s) from all clients at the time the necessary parameters are in place to attempt implementation of the strategy.

Affiliated with:
Madoff Securities International Limited
12 Berkeley Street, Mayfair, London W1X 5AD. Tel 020-7493 6222

JAN.07.2011 12:35 5853258009 THE WOLFORD LAW FIRM LLP #1557 P.003 /014



## CONFIDENTIAL

Transactions in U.S. Government securities shall be limited to U.S. Treasury Bills having a weighted yield to maturity within five percent (5%) of the average yield to maturity of all treasury bill issues available.

Equity transactions executed for the account will be average price transactions. A commission of four cents ($0.04) per share will be charged on the transactions. The commission stated above will be BLMIS' only compensation. There will be no other fees or expenses incurred by the account.

It is hereby understood that BLMIS is the broker to be used and that this agreement cannot be assigned without the consent of the client.

Agreed to by: _____   12/17/07
Bernard L. Madoff Investment Securities LLC      Date

*Please contact us if there have been any changes in the account holder's financial condition or investment objectives, or if the holder wishes to impose or modify any restrictions on the transactions executed for this account.*

JAN.07.2011 12:55  5655256009                  THE WOLFORD LAW FIRM LLP                #1557 P.004 /014

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
885 Third Avenue New York, NY 10022

**CONFIDENTIAL**

212 230-2424
800 334-1343
Fax 212 486-8178

## TERMS AND CONDITIONS FOR OPTION HEDGING TRANSACTIONS

Issued by: Account Name: _INCOME PLUS INVESTMENT FUND_

Account #: _1I0004-40_

The following instructions establishes the terms and conditions under which Bernard L. Madoff Investment Securities LLC (BLMIS) will effect, as agent, the client's transactions.

Bernard L. Madoff (individual), acting as agent for the above referenced account, has not been granted, nor shall he exercise, any investment discretion as to the selection of securities or other property purchased or sold by or for the account. Bernard L. Madoff (individual) will determine only the price at which, or the time an option contract shall be effected pursuant to the instructions set forth below. The transactions effected shall be subject to the client's rejection in their entirety upon receipt of confirmation(s).

Upon establishment of equity positions for the account, an attempt to establish broad based index option contracts shall be made in accordance with the following conditions:

- The purchase of broad based index put options shall be limited to the S&P 100 Index, as calculated and disseminated by Standard and Poor's Corporation. The size of the contracts shall correspond to the total dollar value of the executed underlying equity positions. The expiration of the contract shall be the nearest expiration cycle.

- Strike price of the put option shall be less (but not greater than 1.5% less) than the value of the S&P 100 Index at the point the equity orders are completed. If within the 1.5% index band, there are multiple strike prices available, the contract priority shall be the higher strike. The resulting put option contract established shall be long "out of the money."

- The sale of broad based call option contracts shall be limited to the S&P 100 Index, as calculated and disseminated by Standard and Poor's Corporation. The size of contracts shall correspond to the total dollar value of the underlying equity position. The expiration of the contract shall be the nearest expiration cycle.

- Strike price of the call option shall be ten (10) index points greater than the strike price of the put option referred to above. The resulting call option contract established shall be short "out of the money".

- Upon liquidation of equity positions for the account, a corresponding amount of index option contracts shall be unwound.

- If existing option positions are liquidated in anticipation of expiration, replacement positions of any other expiration or strike may only include contracts of the next nearest expiration cycle. The strike prices of these contracts shall use the methodology stated above.

Option transactions will incur a commission of one dollar ($1.00) per contract

Agreed to by: _[signature]_                                     _12/17/07_
Bernard L. Madoff Investment Securities LLC                      Date

Affiliated with:
Madoff Securities International Limited
12 Berkeley Street, Mayfair, London W1X 5AD. Tel 020-7493 6222



CONFIDENTIAL

Name
3M Co
Abbott Laboratories
Altria Group Inc
American Express Co
American International Group Inc
Amgen Inc
Apple Inc
AT&T Inc
Bank of America Corp
Bank of New York Mellon Corp/The
Boeing Co
Bristol-Myers Squibb Co
Chevron Corp
Cisco Systems Inc
Citigroup Inc
Coca-Cola Co/The
Comcast Corp
ConocoPhillips
CVS Caremark Corp
Dell Inc
Exelon Corp
Exxon Mobil Corp
General Electric Co
Goldman Sachs Group Inc/The
Google Inc
Hewlett-Packard Co
Intel Corp
International Business Machines Corp
Johnson & Johnson
JPMorgan Chase & Co
Kraft Foods Inc
McDonald's Corp
Medtronic Inc
Merck & Co Inc
Microsoft Corp
Morgan Stanley
Oracle Corp
PepsiCo Inc
Pfizer Inc
Procter & Gamble Co
Schlumberger Ltd
Time Warner Inc
United Parcel Service Inc
United Technologies Corp
US Bancorp
Verizon Communications Inc
Wachovia Corp
Wal-Mart Stores Inc
Walt Disney Co/The
Wells Fargo & Co

*The client has the right to exclude any security.



**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
885 Third Avenue New York, NY 10022

212 230-2424
800 334-1343
Fax 212 486-8178

## TRADING AUTHORIZATION LIMITED TO PURCHASES AND SALES OF SECURITIES AND OPTIONS

To Whom It May Concern:

The undersigned hereby authorizes Bernard L. Madoff (whose signature appears below) as his agent and attorney in fact to buy, sell and trade in stocks, bonds, options and any other securities in accordance with your terms and conditions for the undersigned's account and risk and in the undersigned's name, or number on your books. The undersigned hereby agrees to indemnify and hold you harmless from, and to pay you promptly on demand any and all losses arising therefrom or debit balance due thereon.

In all such purchases, sales or trades you are authorized to follow the instructions of Bernard L. Madoff in every respect concerning the undersigned's account with you; and he is authorized to act for the undersigned and in the undersigned's behalf in the same manner and with the same force and effect as the undersigned might or could do with respect to such purchases, sales or trades as well as with respect to all other things necessary or incidental to the furtherance or conduct of such purchases, sales or trades. All purchases, sales or trades shall be executed strictly in accordance with the established trading authorization directive.

The undersigned hereby ratifies and confirms any and all transactions with you heretofore or hereafter made by the aforesaid agent or for the undersigned's account.

This authorization and indemnity is in addition to (and in no way limits or restricts) any rights which you may have under any other agreement or agreements between the undersigned and your firm.

This authorization and indemnity is also a continuing one and shall remain in full force and effect until revoked by the undersigned by a written notice addressed to you and delivered to your office at 885 Third Avenue New York, NY. Such revocation shall not affect any liability in any way resulting from transaction initiated prior to such revocation. This authorization and indemnity shall enure to the benefit of your present firm and any successor firm or firms irrespective of any change or changes at any time in the personnel thereof for any cause whatsoever, and of the assigns of your present firm or any successor firm.

Dated _12/31/07_

_Signature_ (City)     _New York_ (State)

Very truly yours, _John P. Jeanneret, Fiduciary_
(Client Signature)

Signature of Authorized Agent: _[signature]_

Affiliated with:
Madoff Securities International Limited
12 Berkeley Street, Mayfair, London W1J 8DT. Tel 020-7493 6222



**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
885 Third Avenue New York, NY 10022

212 230-2424
800 334-1343
Fax 212 486-8178

## OPTION AGREEMENT

In order to induce you to carry accounts ("Option Accounts") for me (however designated) for transactions in option contracts (including, without limitations, purchase, sale, transfer and exercise) ("Option Transaction"), I hereby warrant, represent and agree with you as set forth below on this Option Agreement.

1.  I understand, and am well aware, that option trading may be speculative in nature. I am also aware that on certain days, option trading may cease and this could result in a financial loss to me. I agree to hold the company, its other divisions, and its officers, directors and agents harmless for such loss.

2.  I understand that any option transaction made for any account of mine is subject to the rules, regulations, customs and usages of The Options Clearing Corporation and of the registered national securities exchange, national securities association, clearing organization or market where such transaction was executed. I agree to abide by such rules, regulations, custom and usages and I agree that, acting individually or in concert with others, I will not exceed any applicable position or exercise limits imposed by such exchange, association, clearing organization or other market with respect to option trading.

3.  If I do not satisfy my transaction obligations on a timely basis, you are authorized in your sole discretion and without notification, to take any and all steps you deem necessary to protect yourself (for any reason) in connection with option transactions for my account including the right to buy and/or sell for my account and risk any part or all of the shares represented by options handled, purchased, sold for my account, or to buy for my account and risk any option as you may deem necessary or appropriate. Any and all expenses or losses incurred in this connection will be reimbursed by me.

4.  In addition to the terms and conditions hereof, my option account will be subject to all of the terms and conditions of all other agreements heretofore or hereafter at any time entered into with you relating to the purchase and sale of securities except to the extent that such other agreements are contrary to or inconsistent herewith.

*Affiliated with:*
Madoff Securities International Limited
12 Berkeley Street, Mayfair, London W1J 8DT. Tel 020-7493 6222

JAN.07.2011 12:36  5853258009                THE WOLFORD LAW FIRM LLP                #1557 P.008 /014

5.  This agreement shall apply to all puts or calls which you may have executed, purchased, sold or handled for any account of mine and also shall apply to all puts, or calls which you may hereafter purchase, sell, handle or execute for any account of mine.

6.  I have received from the company the most recent risk disclosure document entitled "Characteristics and Risks of Standardized Options". I have read and understand the information contained in this document.

7.  I understand that you assign exercise notices on a random basis. You may preferentially assign exercises of block-size (i.e. covering $1,000,000 or more of underlying securities) to block-size writing positions and you may preferentially assign smaller exercises to smaller writing positions. I understand that upon my request you will provide me with further information regarding the procedure used to assign exercise notices.

DATED  12/31/07                                      ACCOUNT NO. 1I0004-30

SIGNATURES

(If a Corporation)                                    (If Individuals)

Income Plus Investment Fund
(Name of Corporation)

By  John P. Jeanneret                               _____
                                                    (Second Party if Joint Account)

Title  Fund Representative

                                                    (If a Partnership)

                                                    _____
                                                    (Name of Partnership)

SEAL

                                                    By _____
                                                    (A Partner)

JAN.07.2011 12:36  5853258009                          THE WOLFORD LAW FIRM LLP                       #1557 P.009 /014



**BERNARD L. MADOFF**
**INVESTMENT SECURITIES LLC**
885 Third Avenue New York, NY 10022

212 230-2424
800 334-1343
Fax 212 486-8178

## CUSTOMER AGREEMENT

In consideration for you (the "Broker") opening or maintaining one or more accounts (the "Customer"), the Customer agrees to the terms and conditions contained in this Agreement. The heading of each provision of the Agreement is for descriptive purposes only and shall not be deemed to modify or qualify any of the rights or obligations set forth in each such provision. For purposes of this Agreement, "securities and other property" means, but is not limited to, money, securities, financial instruments of every kind and nature and related contracts and options. This definition includes securities or other property currently or hereafter held, carried or maintained by you or by any of your affiliates, in your possession or control, or in the possession or control of any such affiliate, for any purpose, in and for any of my accounts now or hereafter opened, including any account in which I may have an interest.

### 1. APPLICABLE RULES AND REGULATIONS

All transactions in the Customer's Account shall be subject to the constitution, rules, regulations, customs and usages of the exchange or market, and its clearing house, if any, where the transactions are executed by the Broker or its agents, including its subsidiaries and affiliates. Also, where applicable, the transactions shall be subject (a) to the provisions of the Securities Exchange Act of 1934, as amended, and (b) to the rules and regulations of (1) the Securities and Exchange Commission and (2) the Board of Governors of the Federal Reserve System.

### 2. AGREEMENT CONTAINS ENTIRE UNDERSTANDING/ASSIGNMENT

This Agreement contains the entire understanding between the Customer and the Broker concerning the subject matter of this Agreement. Customer may not assign The rights and obligations hereunder without first obtaining the prior written consent of the Broker.

### 3. SEVERABILITY

If any provision of this Agreement is held to be invalid, void or unenforceable by reason of any law, rule, administrative order or judicial decision, that determination shall not effect the validity of the remaining provisions of this Agreement.

### 4. WAIVER

Except as specifically permitted in this Agreement, no provision of this Agreement can be, nor be deemed to be, waived, altered, modified or amended unless such is agreed to in a writing signed by the broker.

### 5. DELIVERY OF SECURITIES

Without abrogating any of the Broker's rights under any other portion of this Agreement and subject to any indebtedness of the Customer to the Broker, the Customer is entitled, upon appropriate demand, to receive physical delivery of fully paid securities in the Customer's Account.

### 6. SALES BY CUSTOMER

The Customer understands and agrees any order to sell "short" will be designated as such by the Customer, and that the Broker will mark the order as "short". All other sell orders will be for securities owned ("long"), at that time, by the Customer by placing the order the Customer affirms that he will deliver the securities on or before the settlement date.

Affiliated with:
Madoff Securities International Limited
12 Berkeley Street, Mayfair, London W1J 8DT. Tel 020-7493 6222

### 7. BROKER AS AGENT

The customer understands that the Broker is acting as the Customer's agent, unless the Broker notifies the Customer, in writing before the settlement date for the transaction, that the Broker is acting as dealer for its own account or as agent for some other person.

### 8. CONFIRMATIONS AND STATEMENTS

Confirmations of transactions and statements for the Customer's Account(s) shall be binding upon the Customer if the Customer does not object, in writing, within ten days after receipt by the Customer.

### 9. SUCCESSORS

Customer hereby agrees that this Agreement and all the terms thereof shall be binding upon Customer's heirs, executors, administrators, personal representatives and assigns. This Agreement shall ensure to the benefit of the Brokers present organization, and any successor organization, irrespective of any change or changes at any time in the personnel thereof, for any cause whatsoever.

### 10. CHOICE OF LAWS

THIS AGREEMENT SHALL BE DEEMED TO HAVE BEEN MADE IN THE STATE OF _New York_ AND SHALL BE CONSTRUED, AND THE RIGHTS AND LIABILITIES OF THE PARTIES DETERMINED, IN ACCORDANCE WITH THE LAWS OF THE STATE OF _New York_, and the applicable Federal Laws.

### 11. CAPACITY TO CONTRACT, CUSTOMER AFFILIATION

By signing below, the Customer represents that he/she is of legal age, and that he/she is not an employee of any exchange, or of any corporation of which any exchange owns a majority of the capital stock, or of a member of any exchange, or of a member firm or member corporation registered on any exchange, or of a bank, trust company, insurance company or of any corporation, firm or individual engaged in the business of dealing, either as broker or as principal, in securities, bills of exchange, acceptances or other forms of commercial paper, and that the Customer will promptly notify the Broker in writing if the Customer's now or becomes so employed. The Customer also represents that no one except the Customer has an interest in the account or accounts of the Customer with you.

### 12. ARBITRATION DISCLOSURES

* ARBITRATION IS FINAL AND BINDING ON THE PARTIES.

* THE PARTIES ARE WAIVING THEIR RIGHT TO SEEK REMEDIES IN COURT, INCLUDING THE RIGHT TO JURY TRIAL.

* PRE-ARBITRATION DISCOVERY IS GENERALLY MORE LIMITED THAN AND DIFFERENT FROM COURT PROCEEDINGS.

* THE ARBITRATORS AWARD IS NOT REQUIRED TO INCLUDE FACTUAL FINDINGS OR LEGAL REASONING AND ANY PARTY'S RIGHT TO APPEAL OR TO SEEK MODIFICATION OF RULINGS BY THE ARBITRATORS IS STRICTLY LIMITED.

* THE PANEL OF ARBITRATORS WILL TYPICALLY INCLUDE A MINORITY OF ARBITRATORS WHO WERE OR ARE AFFILIATED WITH THE SECURITIES INDUSTRY.


MADF

### 13. ARBITRATION

THE CUSTOMER AGREES, AND BY CARRYING AN ACCOUNT FOR THE CUSTOMER THE BROKER AGREES THAT ALL CONTROVERSIES WHICH MAY ARISE BETWEEN US CONCERNING ANY TRANSACTION OR THE CONSTRUCTION, PERFORMANCE, OR BREACH OF THIS OR ANY OTHER AGREEMENT BETWEEN US PERTAINING TO SECURITIES AND OTHER PROPERTY, WHETHER ENTERED INTO PRIOR, ON OR SUBSEQUENT TO THE DATE HEREOF, SHALL BE DETERMINED BY ARBITRATION UNDER THIS AGREEMENT SHALL BE CONDUCTED PURSUANT TO THE FEDERAL ARBITRATION ACT AND THE LAWS OF THE STATE DESIGNATED IN PARAGRAPH 10, BEFORE THE AMERICAN ARBITRATION ASSOCIATION, OR AN ARBITRATION FACILITY PROVIDED BY ANY EXCHANGE OF WHICH THE BROKER IS A MEMBER, OR THE NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC. AND IN ACCORDANCE WITH THE RULES PERTAINING TO THE SELECTED ORGANIZATION. THE CUSTOMER MAY ELECT IN THE FIRST INSTANCE WHETHER ARBITRATION SHALL BE BY THE AMERICAN ARBITRATION ASSOCIATION, OR BY AN EXCHANGE OR SELF-REGULATORY ORGANIZATION OF WHICH THE BROKER IS A MEMBER, BUT IF THE CUSTOMER FAILS TO MAKE SUCH ELECTION, BY REGISTERED LETTER ADDRESSED TO THE BROKER AT THE BROKER'S MAIN OFFICE, BEFORE THE EXPIRATION OF TEN DAYS AFTER RECEIPT OF A WRITTEN REQUEST FROM THE BROKER TO MAKE SUCH ELECTION, THEN THE BROKER MAY MAKE SUCH ELECTION. THE AWARD OF THE ARBITRATORS, OR OF THE MAJORITY OF THEM SHALL BE FINAL, AND JUDGMENT UPON THE AWARD RENDERED MAY BE ENTERED IN ANY COURT, STATE OR FEDERAL, HAVING JURISDICTION.

### 14. DISCLOSURES TO ISSUERS

Under rule 14b-1(c) of the Securities Exchange Act of 1934, we are required to disclose to an issuer the name, address, and securities position of our customers who are beneficial owners of that issuer's securities unless the customer objects. Therefore, please check one of the boxes below:

_ Yes, I do object to the disclosure of information.

X No, I do not object to the disclosure of such information.

THIS AGREEMENT CONTAINS A PRE-DISPUTE ARBITRATION CLAUSE AT PARAGRAPH 13.

(X) _John J. Jammenit, Fin Rep._       (X) _____
(Customer Signature/date) 12/31/07        (Customer Signature/date)


_____                        _____
(Customer Address)                         (Account Number)

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
885 Third Avenue New York, NY 10022

**CONFIDENTIAL**

212 230 2424
800 334 1343
Fax 212 486-8178

## TRADING AUTHORIZATION DIRECTIVE

Issued by: Account Name: __INCOME PLUS INVESTMENT FUND__

Account #: __1-I 0004-30__

This Trading Authorization Directive establishes the terms and conditions under which Bernard L. Madoff Investment Securities LLC (BLMIS) will execute the client's orders.

Bernard L. Madoff (individual), acting as agent for the above referenced account, has not been granted, nor shall he exercise, any investment discretion as to the selection of securities or other property purchased or sold by or for the account. Bernard L. Madoff (individual) will determine only the time and price at which a specified order shall be executed. The transactions executed pursuant to this directive shall be subject to the client's rejection in their entirety upon receipt of confirmation(s). The purchase or sale of equity securities is limited as to issue and quantity.

The core order/execution parameters are as follows:

- Orders generated shall be for the attached list of securities in its entirety, each of which is resident in the S&P 100 Index.

- The amount of each equity security shall be dollar weighted proportionately within the portfolio to the previous day's closing market capitalization of that particular issue within the Standard and Poor's 100 Index.

- The sum total of the combined market capitalization of the equities to be executed must be in excess of seventy-five percent (75%) of the total market capitalization, as measured by Standard and Poor's, of the entire Standard and Poor's 100 Index.

- The resulting portfolio, when measured against the Standard and Poor's 100 Index, shall reflect an overall correlation of at least .95 to 1.

- Bernard L. Madoff will determine the time and price at which liquidation orders will be exposed.

The dollar amount of the total order(s) to be calculated (as predefined by each client) and the resultant prorata allocation of executions, are predicated on the total dollar amount of order(s) from all clients at the time the necessary parameters are in place to attempt implementation of the strategy.

Affiliated with:
Madoff Securities International Limited
12 Berkeley Street, Mayfair, London W1X 5AD. Tel 020-7493 6222

JAN.07.2011 12:37  3853236009         THE WOLFORD LAW FIRM LLP         #1557 P.014 /014



## CONFIDENTIAL

Transactions in U.S. Government securities shall be limited to U.S. Treasury Bills having a weighted yield to maturity within five percent (5%) of the average yield to maturity of all treasury bill issues available.

Equity transactions executed for the account will be average price transactions. A commission of four cents ($0.04) per share will be charged on the transactions. The commission stated above will be BLMIS' only compensation. There will be no other fees or expenses incurred by the account.

It is hereby understood that BLMIS is the broker to be used and that this agreement cannot be assigned without the consent of the client.

Agreed to by: _____     12/17/07
              Bernard L. Madoff Investment Securities LLC     Date

*Please contact us if there have been any changes in the account holder's financial condition or investment objectives, or if the holder wishes to impose or modify any restrictions on the transactions executed for this account.*