**BECKER & POLIAKOFF LLP**
Helen Davis Chaitman
HCHAITMAN@BECKER-POLIAKOFF.COM
45 Broadway
New York, New York 10006
Telephone (212) 599-3322

*Attorneys for Jacqueline Green Rollover Account*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br>　　　　　　　　　　　　　Plaintiff,<br>v.<br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>　　　　　　　　　　　　　Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br>BERNARD L. MADOFF,<br>　　　　　　　　　　　　　Debtor. | |

**DECLARATION IN OPPOSITION TO TRUSTEE'S MOTION**
**TO AFFIRM DENIAL OF CLAIM**

　　　　JACQUELINE GREEN, being duly sworn, declares the following:

　　　　1.　　　　I am the beneficial owner and trustee of the Jacqueline Green Rollover account (the "Segregated Account"). The Segregated Account is one of the several individual, distinct, and segregated participant accounts of the WDG Associates Inc. Retirement Trust (the "Plan")[1], an ERISA-qualified pension plan which was initially established for employees of the Embassy Embroidery Corp.

---

[1] It should be noted that the Plan was formerly known as Embassy Embroidery Corp. Retirement Trust until on or about July 1, 2008. A copy of the letter dated September 13, 2008 from the Plan to Bernard L. Madoff Investment Securities LLC ("BLMIS") is annexed hereto as **Exhibit A**.

{N0007730}

2. On or about December 14, 1992, the Plan opened account number with Bernard L. Madoff Investment Securities LLC ("BLMIS"), Account No. 1-ZA538-3 (the "Account") in the Plan's name for the benefit of the Plan's beneficiaries.

3. The Plan maintained records detailing the allocable share of the Account owned by each beneficial owner. At any given point in time, a beneficiary's interest in the account was easily reducible to a specific monetary sum, based on the dollar amount of contributions made by or on behalf of each beneficiary, gains, losses, etc.

4. I had entrusted the Plan with money for the purchase of securities, which I knew would be deposited with BLMIS. I had the ability to make my own contributions to the Account and the power to direct the investments in the Account. I also communicated with BLMIS employees, primarily Frank DiPascali, concerning the Account.

5. On August 18, 2003, the Plan deposited into the Account funds totaling approximately $42,072.73 for the benefit of the Segregated Account. No withdrawals were made from the Account on behalf of the Segregated Account.

6. As of November 30, 2008, my "net investment" with BLMIS was $42,072.73. Thus, based upon the Second Circuit's decision on "net equity," I believe I am entitled to SIPC insurance in the amount of $42,072.73.

7. I timely submitted a customer claim to the Trustee on behalf of my Segregated Account. The Trustee denied my customer claim. On or about November 4, 2009, I submitted an objection to the Trustee's determination of claim.

I declare under penalty of perjury that the foregoing is true and correct.

January 14, 2012.

_____
Jacqueline Green, as a beneficial owner of
the Jacqueline Green EE Rollover Account