MILBERG LLP
Jonathan M. Landers
Matthew Gluck
Brad N. Friedman
Sanford P. Dumain
Jennifer L. Young
One Pennsylvania Plaza
48th Floor
New York, NY 10119
Telephone: (212) 594-5300
Facsimile: (212) 868-1229

SEEGER WEISS LLP
Stephen A. Weiss
Christopher M. Van De Kieft
Parvin K. Aminolroaya
77 Water Street, 26th Floor
New York, NY 10005
Telephone: (212) 584-0700
Facsimile:  (212) 584-0799

*Attorneys for I.U.O.E. Local 825*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br>     Plaintiff,<br><br>  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>     Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation |

**OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM**

I.U.O.E. Local 825 ("Local 825"), by and through its attorneys, hereby objects to the Notice of Trustee's Determination of Claim dated December 8, 2009 ("Determination Letter"), attached as Exhibit A, as described herein.[1]

## BACKGROUND

1. Local 825 invested in Beacon Associates, LLC, which is believed to have invested directly with Bernard L. Madoff Investment Securities, LLC ("BMIS"), and which is, upon information and belief, a "customer" as defined by the Securities Investor Protection Act of 1970 ("SIPA"), of BMIS.

2. On December 11, 2008, the above-captioned liquidation proceeding was commenced against BMIS, pursuant to SIPA. *See* Order, *Securities and Exchange Commission v. Madoff*, No. 08-10791 (S.D.N.Y. Dec. 15, 2008) (ordering relief under SIPA and transferring proceeding to the United States Bankruptcy Court for the Southern District of New York) [Dkt. No. 4]. Irving Picard was appointed Trustee ("BMIS Trustee"), charged with overseeing the liquidation of BMIS and processing customer claims for money pursuant to SIPA. *Id.*; *see also* 15 U.S.C. 78fff-1(a). Local 825 is an investor in Beacon Associates, LLC. Beacon Associates, LLC was an investor in BMIS placing millions of dollars with Bernard Madoff and BMIS. Thus, Local 825 has an interest in certain claims belonging to Beacon Associates, LLC in the BMIS liquidation proceeding.

3. On December 23, 2008, the Court issued an Order directing the BMIS Trustee to disseminate notice and claim forms to BMIS customers and setting forth claim-filing deadlines. *See*

---

[1] The BMIS Trustee provided counsel for Local 825 with a copy of the Determination on January 11, 2012. Prior to this date, the BMIS Trustee had not served counsel for Local 825 with a copy of the Determination. Given that the BMIS Trustee was or should have been on notice that Local 825 was represented by counsel by virtue of counsel's submission of a July 7, 2009 supplemental SIPC filing for Local 825, the failure to serve counsel with a copy of the Determination constitutes a defect in service. *See* Fed. R. Civ. Pro. 5(b)(1) ("If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party.")

Order [Dkt. No. 12]. Upon information and belief, the BMIS Trustee disseminated notice and claim forms to BMIS's customers in accordance with the Court's Order.

4. The December 23, 2008 Order further provided that, to the extent the BMIS Trustee disagrees with the amount set forth on a customer claim form, the BMIS Trustee "shall notify such claimant by mail of his determination that the claim is disallowed, in whole or in part, *and the reason therefor* . . . ." *See* Order at 6 (emphasis added) [Dkt. No. 12].

5. Local 825 submitted a customer claim form to SIPC, which was designated as Claim No. 03827 by the BMIS Trustee ("Local 825 Customer Claim"). On July 7, 2009, Local 825, by its counsel, submitted a supplement to its claim.

6. On January 11, 2012, the BMIS Trustee provided Local 825's counsel with the Determination Letter disallowing the claim in its entirety on the basis that "you are not a customer of BLMIS under SIPA as that term is defined at 15 U.S.C. § 78lll(2)." *See* Determination Letter (Exhibit A).

## OBJECTION

7. For the reasons set forth herein, Local 825 objects to the Determination Letter.

(a) First Objection. Normally, bankruptcy law prevents parties whose claims are derived from the claim of a creditor from seeking to recover on such derived claims from the debtor. Such rules are designed to prevent duplicate recoveries arising from what amounts to a single legal claim. *See* Bankruptcy Code §§ 502(e), 509. However, bankruptcy law also recognizes that the derivative claimant should be permitted to file such a claim when the direct creditor fails or refuses to file or prosecute a claim since, in such cases, there is no risk of a double recovery. For example, bankruptcy law provides that "[i]f a creditor does not timely file a proof of such creditor's claim, an entity that is liable to such creditor with the debtor, or that has secured such creditor, may file a proof of such claim." *See* Bankruptcy Code § 501(b); *see also* Fed. R. Bankr. P. 3005(a). To the extent that this is the case here

with respect to Beacon Associates, LLC, or any other entity, these principles apply here and it is only appropriate and equitable that Local 825's claim be considered and honored, as there is no danger of double recovery to the extent that these entities have failed to file and/or prosecute or defend claims on their own behalves or on behalf of Local 825.

8. <u>Second Objection</u>. The BMIS Trustee has encouraged all those who lost money due to the Madoff Ponzi scheme to file customer claim forms. This includes investors such as Local 825 who invested "indirectly" with BMIS. The BMIS Trustee has clearly contemplated a scenario whereby "indirect" investors, such as Local 825, would be entitled to have their claims allowed and/or paid in this proceeding. To the extent that any such "indirect" claims are allowed and/or "indirect" claimants are deemed "customers" under SIPA by virtue of the present statute, any amended statute, any decision or ruling of any administrative agency, any decision or ruling by SIPC or the BMIS Trustee, or any decision or order of any court, they reserve the right to challenge any determination of their claim by the BMIS Trustee.[2]

**RELIEF REQUESTED**

9. For the reasons stated herein, Local 825's claim should be allowed insofar as it is part of Beacon Associates, LLC's claim.

10. To the extent that Local 825's claim is deemed to be filed on behalf of Beacon Associates, LLC, Local 825 reserves the right to supplement its claim and submit further objections to any Determination of Claim directed to Local 825, including but not limited to the right to object to the method by which the BMIS Trustee has calculated the amount of the claim.

11. Local 825 requests such other relief as may be just and equitable.

---

[2] Judge Cote recently ruled that investors in various feeder funds that invested with BMIS are not customers under SIPA. *See In re Aozora Bank Ltd.*, 11-05683 (DLC), 2012 WL 28468, at *1 (S.D.N.Y. Jan. 4, 2012). However, this ruling may be appealed. *See* Clerk's Judgment and Notice of Right to Appeal, *In re Aozora Bank*, No. 11-05683 (DLC), (S.D.N.Y) [Dkt. No. 12]

# CONCLUSION

12.     Local 825 reserves the right to revise, supplement, or amend this Objection, and any failure to object on a particular ground or grounds shall not be construed as a waiver of Local 825's right to object on any additional grounds.

13.     Local 825 reserves all rights set forth in Rule 9014, including, without limitation, rights of discovery. *See* Fed. R. Bankr. P. 9014.

14.     Local 825 reserves all objections as to the competence, relevance, materiality, privilege, or admissibility of evidence in any subsequent proceeding or trial of this or any other action for any purpose whatsoever.

15.     Local 825 incorporates by reference all reservations of rights set forth in the Local 825 Customer Claim and the supplement submitted thereto.

Dated: January 23, 2012

<u>Stephen A. Weiss</u>
SEEGER WEISS LLP
Stephen A. Weiss
Christopher M. Van De Kieft
Parvin K. Aminolroaya
77 Water Street, 26th Floor
New York, NY 10005
Telephone: (212) 584-0700
Facsimile:  (212) 584-0799

MILBERG LLP
Jonathan M. Landers
Matthew Gluck
Brad N. Friedman
Sanford P. Dumain
Jennifer L. Young
One Pennsylvania Plaza, 48th Fl.
New York, NY 10119
Telephone: (212) 594-5300
Facsimile: (212) 868-1229

*Attorneys for I.U.O.E. Local 825*

## **CERTIFICATE OF SERVICE**

I, Stephen A. Weiss, hereby certify that on the 23rd day of January 2012, I electronically transmitted a true and correct copy of the foregoing document, OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM, to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing (NEF) to all attorneys of record who are ECF registrants. I also certify that on said date, I caused to be served a true and correct copy of the aforementioned document via federal express on, Irving H. Picard, Trustee, c/o Baker & Hostetler, LLP, 45 Rockefeller Plaza, New York, NY 10111, and the Clerk of the United States Bankruptcy Court, For the Southern District of New York One Bowling Green New York, NY 10004 via regular Mail.

/s/ *Stephen A. Weiss*
Stephen A. Weiss