BLITMAN & KING LLP
Jennifer A. Clark (JC5102)
Jonathan M. Cerrito (*pro hac vice*)
Brian J. LaClair (BL3158)
Franklin Center, Suite 300
443 North Franklin Street
Syracuse, New York 13204-5412
Telephone: (315) 422-7111
Facsimile: (315) 471-2623
Email: jaclark@bklawyers.com
         jmcerrito@bklawyers.com
         bjlaclair@bklawyers.com

*Attorneys for 37 ERISA Plan Claimants Listed Below*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
SECURITIES INVESTOR PROTECTION           :
CORPORATION,                             :
           Plaintiff,                  :    Adversary Proceeding
                                         :
— *versus* —                             :    No. 08-01789 (BRL)
                                         :
BERNARD L. MADOFF INVESTMENT             :    SIPA Liquidation
SECURITIES, LLC,                         :    (Substantively Consolidated)
           Defendant                   :
------------------------------------------------------------------------x
In re BERNARD L. MADOFF,                 :
           Debtor                      :
------------------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF**
**ERISA PLAN CLAIMANTS' MOTION TO WITHDRAW THE REFERENCE**

# TABLE OF CONTENTS

**Section**                                                                  **Page**

INTRODUCTION ................................................................................................................. 1

ARGUMENT ........................................................................................................................ 2

    MANDATORY WITHDRAWAL OF THE REFERENCE IS APPROPRIATE
        WITH REPSECT TO THE TRUSTEE'S MOTION ...................................................... 2

CONCLUSION ..................................................................................................................... 5

# TABLE OF AUTHORITIES

**Cases**

Chemtura Corp. v. U.S., 2010 WL 1379752 (S.D.N.Y. Mar. 26, 2010)) ............................................... 3, 4

City of New York v. Exxon Corp., 932 F.2d 1020 (2d Cir.1991)) ................................................. 3

Enron Power Mktg., Inc. v. Cal. Power Exch. Corp. (In re Enron Corp.), 2004 WL 2711101
   (S.D.N.Y. Nov. 23, 2004) ........................................................................................................ 2

In re Ionosphere Clubs, Inc., 922 F.2d 984 (2d Cir. 1990)) ........................................................... 3

Picard v. HSBC Bank PLC, 450 B.R. 406 (S.D.N.Y. 2011) ......................................................... 3

Picard v. JPMorgan Chase Bank, N.A., 454 B.R. 307 (S.D.N.Y. 2011) ................................... 2, 3

SIPC v. Bernard L. Madoff Inv. Secs. LLC, 454 B.R. 285 (Bankr. S.D.N.Y. 2011) .................... 4

**Statutes**

15 U.S.C. § 78bbb ........................................................................................................................ 3

15 U.S.C. § 78lll(2) ...................................................................................................................... 3

28 U.S.C. § 157(d) .................................................................................................................... 2, 3

29 C.F.R. § 2510.3-101 ................................................................................................................ 4

29 U.S.C. §§ 1002(42), 1103 ....................................................................................................... 4

## INTRODUCTION

This memorandum of law is submitted by 37 employee benefit plans governed by the Employee Retirement Income Security Act of 1974 ("ERISA") as amended, 29 U.S.C. §§ 1001-1461 ("ERISA Plan Claimants").[1] It is submitted in support of the ERISA Plan Claimants' motion, pursuant to 28 U.S.C. § 157(d), Rule 5011 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 5011-1, to withdraw from the Bankruptcy Court the reference with respect to the motion ("Motion") of Irving H. Picard ("Trustee"), trustee for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the estate of Bernard L. Madoff ("Madoff"), for an order affirming the Trustee's determinations that the ERISA Plan Claimants are not "customers" under the Securities Investor Protection Act of 1970 ("SIPA") as amended, 15 U.S.C. §§ 78aaa-78lll. See Dkt. No. 4521 (Trustee's Motion).

---

[1] The ERISA Plan Claimants are: Bricklayers and Allied Craftsmen Local 2 Annuity Fund; Bricklayers and Allied Craftworkers Local 2, Albany, New York, Health Benefit Fund; Bricklayers and Allied Craftworkers Local 2, Albany, New York, Pension Fund; Building Trade Employers Insurance Fund; Central New York Laborers' Annuity Fund; Central New York Laborers' Health and Welfare Fund; Central New York Laborers' Pension Fund; Central New York Laborers' Training Fund; Engineers Joint Welfare Fund; Engineers Joint Training Fund; International Brotherhood of Electrical Workers Local Union No. 43 and Electrical Contractors Pension Fund; International Brotherhood of Electrical Workers Local No. 43 and Electrical Contractors Welfare Fund; I.B.E.W. Local 139 Pension Fund; I.B.E.W. Local 241 Pension Fund; I.B.E.W. Local 241 Welfare Benefits Fund; I.B.E.W. Local 325 Annuity Fund; I.B.E.W. Local 325 Pension Fund; I.B.E.W. Local 910 Annuity Fund; I.B.E.W. Local 910 Pension Fund; I.B.E.W. Local 910 Welfare Fund; I.B.E.W. Local 1249 Pension Fund; Laborers' Local 103 Annuity Fund; Laborers' Local 103 Welfare Fund; Laborers' Local 103 Pension Fund; New York State Lineman's Safety Training Fund; Oswego Laborers' Local No. 214 Pension Fund; Plumbers, Pipefitters and Apprentices Local No. 112 Health Fund; Roofers' Local 195 Annuity Fund; Roofers' Local 195 Health & Accident Fund; Roofers' Local 195 Pension Fund; Syracuse Builders Exchange, Inc./CEA Pension Plan; SEIU 1199Upstate Pension Fund; Service Employees Benefit Fund; Service Employees Pension Fund of Upstate New York; Local 73 Retirement Fund; Local 73 Annuity Fund; and Upstate Union Health & Welfare Fund.

Each ERISA Plan Claimant deposited cash with BLMIS through one or more plan asset vehicles as of the "filing date" in this proceeding as defined by Section 78lll(7) of SIPA. The ERISA Plan Claimants timely filed "customer" claims against BLMIS under SIPA, and the Trustee denied each such claim. The ERISA Plan Claimants timely objected to the Trustee's denial of their customer claims and the Trustee filed his Motion for an order holding that the ERISA Plan Claimants are not "customers" under SIPA. The Trustee's Motion is based, at least in part, on the ground that ERISA – which governs the ERISA Plan Claimant' legal relationships with the plan asset vehicles and BLMIS, as well as the legal character of their assets – "has no bearing on the determination of whether a claimant is a 'customer' under SIPA." Dkt. No. 4521 ¶ 19. The ERISA Plan Claimants have opposed the Trustee's Motion and now seek to have the reference withdrawn with respect to that Motion.

## ARGUMENT

### MANDATORY WITHDRAWAL OF THE REFERENCE IS APPROPRIATE WITH REPSECT TO THE TRUSTEE'S MOTION

Withdrawal of the reference from a bankruptcy court is governed by 28 U.S.C. § 157(d), which provides, in relevant part:

> The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

The purpose of this provision is to ensure that Article III courts, rather than bankruptcy courts, hear issues requiring more than routine application of federal laws outside of the Bankruptcy Code. See Picard v. JPMorgan Chase Bank, N.A., 454 B.R. 307, 312 (S.D.N.Y. 2011); Enron Power Mktg., Inc. v. Cal. Power Exch. Corp. (In re Enron Corp.), 2004 WL 2711101, *2 (S.D.N.Y. Nov. 23, 2004)). Withdrawal is mandatory under the statute "'where

2

substantial and material consideration of non-Bankruptcy Code federal statutes is necessary for the resolution of the proceeding.'" JPMorgan Chase Bank, N.A., 454 B.R. at 312 (quoting In re Ionosphere Clubs, Inc., 922 F.2d 984, 995 (2d Cir. 1990)). "Consideration is 'substantial and material' when the case requires the bankruptcy judge to make a 'significant interpretation, as opposed to simple application, of federal laws apart from the bankruptcy statutes.'" Id. (quoting City of New York v. Exxon Corp., 932 F.2d 1020, 1026 (2d Cir.1991)); accord Picard v. HSBC Bank PLC, 450 B.R. 406, 409 (S.D.N.Y. 2011) (quoting Exxon Corp., 932 F.2d at 1026) (recognizing that "a litigant can mandate withdrawal of the bankruptcy reference where the movant shows that, absent the withdrawal, the bankruptcy judge would be obliged 'to engage in significant interpretation, as opposed to simple application, of federal laws apart from the bankruptcy statutes.'"). Furthermore, when the application of federal non-bankruptcy law involves a matter of first impression, "the burden of establishing a right to mandatory withdrawal is more easily met." Chemtura Corp. v. U.S., 2010 WL 1379752, at *1 (S.D.N.Y. Mar. 26, 2010)).

In this case, resolution of the Trustee's Motion requires substantial and material consideration and significant interpretation of both SIPA and ERISA. First, the Trustee's Motion clearly calls for the interpretation of the statutory definition of the term "customer" under SIPA. SIPA is codified in Title 15 of the U.S. Code as an amendment to the Securities Exchange Act of 1934. See 15 U.S.C. § 78bbb. It is not part of the Bankruptcy Code. Indeed, "[a] substantial issue under SIPA is therefore, almost by definition, an issue 'the resolution of [which] requires consideration of both title 11 and other laws of the United States.'" HSBC Bank PLC, 450 B.R. at 410 (quoting 28 U.S.C. § 157(d)); accord JPMorgan Chase Bank, N.A., 454 B.R. at 316 ("[W]hile a SIPA liquidation proceeding may be maintained in the bankruptcy court, and

3

SIPA incorporates provisions of the Bankruptcy Code . . . an issue that requires significant interpretation of SIPA undoubtedly requires consideration of laws other than Title 11.").

Second, resolution of the Trustee's Motion requires significant interpretation and application of ERISA, also a federal non-bankruptcy law. In considering whether the ERISA Plan Claimants are "customers" of BLMIS under SIPA, the Bankruptcy Court must determine whether the ERISA Plan Claimants entrusted their property with BLMIS for the purpose of purchasing securities. See 15 U.S.C. § 78lll(2); SIPC v. Bernard L. Madoff Inv. Secs. LLC, 454 B.R. 285, 295 (Bankr. S.D.N.Y. 2011). ERISA governs the ERISA Plan Claimants' legal relationships with the plan asset vehicles and BLMIS, as well as the legal character of the property they deposited with BLMIS. According to ERISA and related regulations, as well as the contractual arrangements between the ERISA Plan Claimants and the plan asset vehicles, the property entrusted to BLMIS was the property of the ERISA plan assets. See 29 U.S.C. §§ 1002(42), 1103; 29 C.F.R. § 2510.3-101 (ERISA plan assets must be held in trust and remain the property of the plan when invested in other entities through ERISA plan asset vehicles). As the Bankruptcy Court has previously acknowledged, the nature of the investor's property interest (or lack thereof) in the assets entrusted with the debtor is the "core" or "foundational element" of the customer analysis under SIPA. Bernard L. Madoff Inv. Secs. LLC, 454 B.R. at 295. Thus, the consideration of the ERISA Plan Claimants' status as SIPA customers necessarily entails the interpretation and application of ERISA.

Finally, the ERISA Plan Claimants know of no other case in which a court has analyzed the intersection of SIPA and ERISA as presented by the Trustee's Motion. Thus, the Trustee's Motion raises a matter of first impression and "the burden of establishing a right to mandatory withdrawal is more easily met." Chemtura Corp., 2010 WL 1379752, at *1.

4

Accordingly, mandatory withdrawal of the reference is appropriate with respect to the Trustee's Motion.[2]

## CONCLUSION

For all of the foregoing reasons, the ERISA Plan Claimants respectfully request that the Court grant their motion to withdraw the reference.

Dated: February 10, 2012

    Respectfully submitted,

    BLITMAN & KING LLP

     s/ Jennifer A. Clark
    Jennifer A. Clark (JC5102)
    Jonathan M. Cerrito (*pro hac vice*)
    Brian J. LaClair (BL3158)
    Franklin Center, Suite 300
    443 North Franklin Street
    Syracuse, New York 13204-5412
    Telephone: (315) 422-7111
    Facsimile: (315) 471-2623
    Email: jaclark@bklawyers.com
          jmcerrito@bklawyers.com
          bjlaclair@bklawyers.com

*Attorneys for Bricklayers and Allied Craftsmen Local 2 Annuity Fund; Bricklayers and Allied Craftworkers Local 2, Albany, New York, Health Benefit Fund; Bricklayers and Allied Craftworkers Local 2, Albany, New York, Pension Fund; Building Trade Employers Insurance Fund; Central New York Laborers' Annuity Fund; Central New York Laborers' Health and Welfare Fund; Central New York Laborers' Pension Fund; Central New York Laborers' Training Fund; Engineers Joint Welfare*

---

[2] The ERISA Plan Claimants adopt by reference any additional applicable arguments contained in the memorandum of law in support of the motion to withdraw the reference filed by J.X. Reynolds & Co. Deferred Profit Sharing Plan, Jacqueline Green Rollover Account and Wayne D. Green Rollover Account.  See Dkt. No. 4648.

5

*Fund; Engineers Joint Training Fund; International Brotherhood of Electrical Workers Local Union No. 43 and Electrical Contractors Pension Fund; International Brotherhood of Electrical Workers Local No. 43 and Electrical Contractors Welfare Fund; I.B.E.W. Local 139 Pension Fund; I.B.E.W. Local 241 Pension Fund; I.B.E.W. Local 241 Welfare Benefits Fund; I.B.E.W. Local 325 Annuity Fund; I.B.E.W. Local 325 Pension Fund; I.B.E.W. Local 910 Annuity Fund; I.B.E.W. Local 910 Pension Fund; I.B.E.W. Local 910 Welfare Fund; I.B.E.W. Local 1249 Pension Fund; Laborers' Local 103 Annuity Fund; Laborers' Local 103 Welfare Fund; Laborers' Local 103 Pension Fund; New York State Lineman's Safety Training Fund; Oswego Laborers' Local No. 214 Pension Fund; Plumbers, Pipefitters and Apprentices Local No. 112 Health Fund; Roofers' Local 195 Annuity Fund; Roofers' Local 195 Health & Accident Fund; Roofers' Local 195 Pension Fund; Syracuse Builders Exchange, Inc./CEA Pension Plan; SEIU 1199Upstate Pension Fund; Service Employees Benefit Fund; Service Employees Pension Fund of Upstate New York; Local 73 Retirement Fund; Local 73 Annuity Fund; and Upstate Union Health & Welfare Fund*

6