| | |
|---|---|
| WINDELS MARX LANE & MITTENDORF, LLP<br>156 West 56th Street<br>New York, New York 10019<br>Tel: (212) 237-1000<br>Howard L. Simon<br>Email: hsimon@windelsmarx.com | Hearing Date: March 15, 2012<br>Hearing Time: 10:00 a.m. EST<br>Objection Deadline: March 8, 2012<br>Time: 4:00 P.M. EST |

*Special Counsel to Irving H. Picard, Esq., Trustee for the
Substantively Consolidated SIPA Liquidation of
Bernard L. Madoff Investment Securities LLC and
Alan Nisselson, the Chapter 7 Trustee of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>             Plaintiff-Applicant,<br>         v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>             Defendant. | Adv. Pro. No. 08-01789 (BRL)<br>SIPA Liquidation<br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>             Debtor. | |

**SEVENTH APPLICATION OF WINDELS MARX LANE & MITTENDORF, LLP FOR
ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM
<u>JUNE 1, 2011 THROUGH SEPTEMBER 30, 2011</u>**

Windels Marx Lane & Mittendorf, LLP ("Windels Marx" or the "Firm") as special counsel

to Irving H. Picard as trustee (the "Trustee") for the substantively consolidated liquidation

proceeding of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor"), and to

Alan Nisselson as trustee (the "Chapter 7 Trustee") for the Chapter 7 estate of Bernard L.

Madoff ("Madoff"), pursuant to the Orders of this Court dated July 16, 2009 [Docket No. 327]

and November 23, 2011 [Docket No. 4547], respectfully submits this seventh application (the

{10730499:5}

"Seventh Application") for an order pursuant to section 78eee(b)(5) of the Securities Investor Protection Act ("SIPA"), 15 U.S.C.§ 78eee(b)(5), sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101 et. seq. (the "Bankruptcy Code"), and Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), allowing and awarding interim compensation for services performed by Windels Marx for the period commencing June 1, 2011 through and including September 30, 2011 (the "Seventh Compensation Period") in the amount of $2,951,809.50 of which 80%, or $2,361,447.60 is to be paid currently and 20%, or $590,361.90, is to be deferred through the conclusion of the liquidation proceeding or further order of the Court, and reimbursement of Windels Marx's actual and necessary expenses incurred during the Seventh Compensation Period in the amount of $31,137.86, and in support thereof, respectfully represents as follows:

## I. PRELIMINARY STATEMENT

1.  During this Seventh Compensation Period, Windels Marx continued to assist the Trustee and his counsel, Baker & Hostetler LLP ("Baker"), in their efforts to recover customer property for the victims of Madoff's fraud.

2.  Among other things, Windels Marx continued its investigation into the facts and legal theories supporting the fraudulent conveyance actions against certain insiders, feeder funds, and investment advisors previously filed by the Firm. We also investigated potential actions against other initial and subsequent transferees of BLMIS customer property, including one such action which was filed subsequent to September 2011.

3.  In addition, during the Seventh Compensation Period, Windels Marx, in coordination with Baker and the Trustee's consultants, continued to work on the three actions

{10730499:5}    -2-

against entities owned by members of the Madoff family and on the over 40 "good faith" adversary proceedings that were in each case previously commenced by Windels Marx.

4. The Firm also began to engage in extensive negotiations with the eventual purchaser of the 50% interest in a private jet owned by BLM Air Charter LLC ("BLM Air"), a subsidiary of the consolidated estate of BLMIS. At the same time, we continued to prosecute the chapter 11 bankruptcy proceeding the Trustee caused to be filed by BLM Air and the adversary proceeding seeking to sell the entire aircraft over the objection of the co-owner and another party in interest.

5. The following discussion and the materials attached to this Seventh Application cover the major categories of services for which allowance of compensation is sought.

## II. PROCEDURAL BACKGROUND

The SIPA Liquidation

6. On December 11, 2008, the United States Securities and Exchange Commission (the "SEC") filed a complaint in the United States District Court for the Southern District of New York (the "District Court") against defendants Madoff and BLMIS (Case No. 08 CV 10791) (the "SEC Action"). The SEC complaint alleged that Madoff and BLMIS engaged in fraud through the investment advisor activities of BLMIS.

7. In the SEC Action, the SEC consented to a combination of its own action with an application of the Securities Investor Protection Corporation ("SIPC"). Thereafter, pursuant to section 78eee(a)(3) of the SIPA, SIPC filed an application in the District Court alleging, inter alia, that BLMIS was not able to meet its obligations to securities customers as they came due and, accordingly, its customers needed the protection afforded by SIPA.

8.  On December 15, 2008, District Judge Stanton granted the SIPC application, which among other things:

- appointed Irving H. Picard as the SIPA Trustee for the liquidation of the business of BLMIS pursuant to 15 U.S.C. § 78eee(b)(3);

- appointed Baker as counsel to the SIPA Trustee pursuant to 15 U.S.C. § 78eee(b)(3); and

- removed the liquidation proceeding (the "BLMIS Liquidation") to this Court pursuant to 15 U.S.C. § 78eee(b)(4).

The Bernard L. Madoff Chapter 7 Case

9.  On April 13, 2009, Blumenthal & Associates Florida General Partnership, Martin Rappaport Charitable Remainder Unitrust, Martin Rappaport, Marc Cherno and Steven Morganstern (collectively, the "Petitioning Creditors"), through their attorneys, Milberg LLP, filed an involuntary petition for relief under Chapter 7 of the Bankruptcy Code against Madoff.

10. On April 16, 2009, the Petitioning Creditors filed a motion to appoint a trustee in Madoff's case, and on that same date, the Court entered an Order to Show Cause Why the Court Should Not Enter an Order Directing the United States Trustee to Appoint an Interim Trustee.

11. On April 20, 2009, the Court entered an Order directing the Office of the United States Trustee for the Southern District of New York (the "UST") to appoint an interim trustee to perform the duties of trustee as set forth in Bankruptcy Code §§ 701 and 704, pursuant to which the UST appointed Alan Nisselson as the Chapter 7 Trustee on April 21, 2009.

12. On April 24, 2009, the Court entered an Order authorizing and empowering the Chapter 7 Trustee to retain Windels Marx to represent him in the Madoff case, effective as of April 21, 2009.

13. On May 5, 2009, the SIPA Trustee and SIPC filed a joint motion for entry of an order pursuant to section 105(a) of the Bankruptcy Code substantively consolidating the Madoff estate into the BLMIS Liquidation (the "Substantive Consolidation Motion").

14. On June 4, 2009, after the Chapter 7 Trustee filed a Response to the Substantive Consolidation Motion, the Court entered a Consent Order ("Consent Order") [Docket No. 252] which, among other things:

- approved the Substantive Consolidation Motion, *nunc pro tunc* to December 11, 2008;

- ordered that the Chapter 7 Trustee would remain trustee to the Madoff estate and would continue to have all powers, rights, claims, and interests of a Chapter 7 trustee pursuant to, among others, Chapters 5 and 7 of the Bankruptcy Code;

- directed that the Trustee would have all the duties and powers of a SIPA trustee and of a Chapter 7 trustee, other than those specifically granted to the Chapter 7 Trustee as indicated above; and

- ordered that the Chapter 7 Trustee would be authorized to use as his counsel any counsel or special counsel retained by the Trustee, after consultation with, and the approval of, the Trustee and SIPC.

15. On July 16, 2009, this Court entered an Order granting the Trustee's motion to retain Windels Marx as special counsel on behalf of the consolidated estate, *nunc pro tunc* as of June 9, 2009 [Docket No. 327], finding that Windels Marx is disinterested pursuant to provisions section 78eee(b)(6) of SIPA, section 327(a) of the Bankruptcy Code, and Bankruptcy Rule

2014(a) and is therefore in compliance with the disinterestedness requirement in section 78eee(b)(3) of SIPA, section 327(a) of the Bankruptcy Code, and Bankruptcy Rule 2014(a).

16. On November 23, 2011, this Court entered an Order making certain provisions of this Court's Order Establishing Procedures Governing Interim Monthly Compensation applicable to Windels Marx (as further set forth therein), *nunc pro tunc* as of June 1, 2011 [Docket No. 4547].

### III. SPECIAL COUNSEL'S EXPERIENCE

17. Windels Marx engages in the general practice of law, and has substantial expertise in such areas as bankruptcy, commercial litigation, securities, tax and corporate law.

18. In particular, the senior Windels Marx attorneys in charge of this matter specialize in advising Chapter 7 and Chapter 11 bankruptcy trustees in connection with complex bankruptcy litigation related to, among other things, asset analysis and recovery.

### IV. SUMMARY OF SERVICES

19. The services rendered by Windels Marx during the four-month Seventh Compensation Period are described below. In rendering professional services to the Trustee and the Chapter 7 Trustee, Windels Marx's legal team has been composed of professionals with extensive experience in bankruptcy and complex commercial litigation, securities, tax and corporate law.

20. Windels Marx professionals have worked closely with the Trustee, his counsel Baker, and the Trustee's other retained professionals to coordinate their efforts in order to maximize efficiency and to avoid any duplication of effort.

21. This Seventh Application is intended to serve as a summary description of the more significant services rendered by Windels Marx during the Seventh Compensation Period.

The following section provides an overview of those services, sorted by the task codes used by Windels Marx for specific categories of work.[1]

    A.  **Litigation** – Task Code 010 (8,932.85 hours)

22.    Windels Marx rendered substantial services in connection with this category, which relates to time spent by the Firm at the Trustee's direction, performing factual and legal research, preparing analyses, drafting memoranda, motions and/or pleadings, commencing and litigating adversary proceedings, participating in discovery, filing papers with the Bankruptcy Court, and communicating and negotiating with opposing counsel in connection with litigation to recover assets for the estate and/or the sale of assets for the benefit of the estate.

23.    During this Seventh Compensation Period, Windels Marx has continued its efforts in connection with the approximately fifty (50) adversary proceedings it filed against over two hundred and fifty defendants seeking recovery of fraudulent transfers of BLMIS/Madoff property for the benefit of the BLMIS estate. These efforts included:

- consultation and coordination with the Trustee, Court personnel and Baker attorneys, litigation support staff, and consultants regarding the filing of amended complaints, the scheduling of events on the Court's calendar, establishment of the Data Rooms, and numerous other case management and discovery issues;

- extensive communications with opposing counsel regarding their representation of defendants, initial appearances, initial discovery, case management conferences, settlement negotiations, applicability of the

---

[1] At SIPC's request, starting October 2011, Windels Marx converted to a more detailed categorization of its time entries, using new categories approved by SIPC and the Trustee. Accordingly, Windels' fee application for the next compensation period (October 2011-January 2012) and all fee applications thereafter will group time entries into a greater number of categories.

{10730499:5}    -7-

    Litigation Case Management Procedures, extending time to respond, and adjourning pre-trial conferences;

- review of document productions by defendants and third parties in adversary proceedings, identifying and organizing documents in connection with Core Account Document reviews in preparation for productions to defendants, reviewing and producing documents in response to subpoenas, and identifying and analyzing confidentiality issues in same;

- monitoring and evaluating actions in other courts relating to parties named as defendants in the adversary proceedings commenced by Windels Marx; and

- researching various procedural and substantive issues related to adversary proceedings commenced by Windels Marx as well as affecting the Trustee's claims generally.

24. In the prosecution of its insider, feeder fund, and investment advisor cases, Windels Marx has continued to engage in extensive investigations to further support its complaints. These efforts have included:

- extensive factual research and analysis of documents in connection with existing and potential new cases;

- extensive legal research on causes of action, legal standards, and procedural issues;

- drafting internal memoranda regarding the various investigations and research performed; and

- commencing an investigation into a new action involving over $300 million of subsequent transfers.

{10730499:5} -8-

25. Windels Marx has also continued its efforts in connection with the actions it previously filed against certain Madoff family members and the business ventures they owned, controlled, and/or managed that were capitalized with BLMIS customer funds.

26. In furtherance of hardship application procedures implemented by the Trustee, Windels Marx (working in conjunction with Baker) has (i) reviewed hardship applications filed by a number of defendants in its cases, (ii) working with the Trustee's financial consultants, investigated and analyzed facts and documents related thereto, (iii) made recommendations to the Trustee thereon, and (iv) resolved a number of such applications accordingly.

27. Also during this Seventh Compensation Period, Windels Marx has continued to render services in connection with the chapter 11 case that the Trustee caused to be filed by BLM Air (*In re BLM Air Charter LLC*, Case No. 09-16757 (BRL)) and the related adversary proceeding which seeks to liquidate BLM Air's 50% interest in a private jet for the benefit of the BLMIS estate. These services included extensive negotiations with the ultimate purchaser of BLM Air's interests in the plane and multiple other parties in interest as to the terms of the sale, preparation of sale documents and sale motion papers as to same, review of BLM Air contracts, and limited research in connection with same. In addition, Windels Marx continued to (i) administer the BLM Air estate, including the preparation and filing of monthly operating reports and the preparation and filing of NY State tax returns (resulting in a material reduction of NY State's claim) and (ii) prosecute the adversary proceeding, including on-going discovery, continued discussions with the Trustee and Baker regarding case status and strategy, and settlement discussions regarding the sale of the plane and resolution of the adversary proceeding.

28. Also during this Seventh Compensation Period, upon request, Windels Marx participated with Baker in various litigation strategy sessions, performed factual and legal

{10730499:5}    -9-

research, prepared analytical reports, drafted internal memoranda affecting a range of issues related to the Trustee's pending adversary proceedings, and otherwise coordinated our litigation efforts (including with respect to discovery, confidentiality, and procedural matters).

    B.  **Internal Office Meetings** – Task Code 020 (67.00 hours)

29.    This category relates to internal Windels Marx strategy and case management sessions related to the pending adversary proceedings on behalf of the Trustee and the Chapter 7 Trustee. Through these internal meetings and discussions, Windels Marx seeks to ensure the effective use of the time of all timekeepers working on this matter, and to avoid duplicative efforts and provide a consistent approach to the approximately 45 adversary proceedings being handled by the Firm.

    C.  **Billing/Fee Applications** – Task Code 007 (119.40 hours)

30.    This category relates to the Firm's preparation of Windels Marx's monthly billing statements to SIPC, as well as this Seventh Application for Interim Compensation, and the time spent by attorneys and paraprofessionals in reviewing the Windels Marx billing statements prior to submission of the same to SIPC to ensure that time was properly billed by Windels Marx, to correct any errors in time entries, to write off certain time and expenses as agreed to by Windels Marx for the benefit of SIPC, and to respond to certain adjustments requested by SIPC after its review of the monthly billing statements and draft fee application.

### V. COMPENSATION REQUESTED

31.    During the Seventh Compensation Period, Windels Marx expended 9,134.25 hours in the rendition of professional and paraprofessional services on behalf of the Trustee and the Chapter 7 Trustee, resulting in a blended attorney hourly rate of $355.29 for fees incurred.

{10730499:5}    -10-

32. Prior to filing this Seventh Application, Windels Marx provided to SIPC (i) its June-September 2011 monthly statements setting forth the Firm's total fees for services rendered and expenses incurred on behalf of the consolidated estate for each month during the period June 1, 2011 through September 30, 2011 in the aggregate amount of $3,491,155.56 and $34,232.03, respectively, and (ii) a draft of this Seventh Application. SIPC's staff made certain adjustments and suggestions, which were adopted by Windels Marx. After such adjustments (and the 10% discount), Windels Marx's June-September 2011 monthly statements reflected total fees and expenses of $2,951,809.50 and $31,137.86, respectively.

33. Specifically, Windels Marx's total fees and expenses for this Seventh Compensation Period were $3,491,155.56 and $34,232.03, respectively. In connection with preparing each of the four monthly statements and this Seventh Application, Windels Marx voluntarily (i) wrote off unbilled time of $36,000.00, (ii) wrote off billed time of $175,367.22, and (iii) reduced its total remaining fees of $3,279,788.34 to $2,951,809.50 by discounting the Firm's rates by 10% at SIPC's request (resulting in a voluntary reduction of $539,346.06, or approximately 15% of Windels Marx's total fees). Windels Marx also agreed to write off expenses customarily charged to other clients in the amount of $3,094.17, resulting in $31,137.86 of remaining expenses. Such fees and expenses are reasonable based on the customary compensation charged by comparably skilled practitioners in the Chapter 7 and 11 Cases and comparable bankruptcy and non-bankruptcy cases in a competitive national legal market.

34. There is no agreement or understanding among the Trustee, Windels Marx or any other person, other than members of Windels Marx, for sharing of compensation to be received for services rendered in this case.

35. This Seventh Application has been prepared in accordance with the Amended Guidelines for Fees and Disbursements of Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on April 19, 1995 (the "Local Guidelines"). Pursuant to the Local Guidelines, the certification of Howard L. Simon, Esq. regarding compliance with the same is attached hereto as Exhibit A.

36. Exhibit B annexed hereto provides a schedule of Windels Marx professionals and paraprofessionals who have provided services for the Debtors during the Seventh Compensation Period, the capacity in which each individual is employed by the Firm, the year in which each attorney was licensed to practice law, the hourly billing rate charged by Windels Marx for services provided by each individual and the aggregate number of hours billed by each individual. The 10% discount (as described above) is already reflected in the total amount billed.

37. Exhibit C annexed hereto provides a schedule of the expenses for which reimbursement is requested. The requested expenses are customarily charged to and paid by Windels Marx's bankruptcy and non-bankruptcy clients. At SIPC's request, Windels Marx has not charged for local travel expenses and overtime meals, which categories of expenses are regularly charged to and paid by Windels Marx's clients (*see* ¶33).

38. Exhibit D annexed hereto is a summary by task code of services performed by Windels Marx from June 1, 2011 through September 30, 2011.

39. To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Seventh Compensation Period, but were not classified or processed prior to the preparation of this Seventh Application, Windels Marx reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.

{10730499:5}                                -12-

## VI. WINDELS MARX'S REQUEST FOR INTERIM COMPENSATION SHOULD BE GRANTED

40. Section 78eee(b)(5)(A) of SIPA provides in pertinent part that, upon appropriate application and after a hearing, "[t]he court shall grant reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred ... by a trustee ..." Section 78eee(b)(5)(C) of SIPA specifically establishes SIPC's role in connection with applications for compensation and the consideration the Court should give to SIPC's recommendation concerning fees. That section provides as follows:

> In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this Chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC. In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendations of SIPC.

41. To the extent the general estate is insufficient to pay such allowances as an expense of administration, section 78eee(b)(5)(E) of SIPA requires SIPC to advance the funds necessary to pay the compensation of Windels Marx (see section 78fff-3(b)(2) of SIPA).

42. Based on the allocation process set forth in SIPA, the Trustee has determined at this time that he has no reasonable expectation that the general estate will be sufficient to make any distribution to general creditors or pay any administrative expenses. That is, the Trustee believes that any assets allocated to the BLMIS general estate will be exhausted prior to his being able to reimburse SIPC fully. The Trustee has been advised by SIPC that it concurs with this belief of the Trustee. Accordingly, any fees and expenses allowed by this Court will be paid from advances by SIPC without any reasonable expectation by SIPC of recoupment thereof.

43.     Therefore, with respect to this Seventh Application, Windels Marx requests that consistent with section 78eee(b)(5)(C) of SIPA, the Court "shall award the amounts recommended by SIPC." See In re Bell & Beckwith, 112 B.R. 876 (Bankr. N.D. Ohio 1990). Windels Marx expects that SIPC will file its recommendation to the Court with respect to this Seventh Application prior to the hearing, currently scheduled for March 15, 2012.

44.     Windels Marx submits that the request for interim allowance of compensation made through this Seventh Application is reasonable and complies with the provisions of the Bankruptcy Code governing applications for compensation and reimbursement of expenses, pursuant to section 78eee(b)(5) of SIPA.

## VII. CONCLUSION

45. Windels Marx respectfully submits that the services rendered during the Seventh Compensation Period merit the approval of the fees and disbursements requested herein, and respectfully requests that the Court enter an Order: (i) allowing and awarding $2,951,809.50 (of which 80%, or $2,361,447.60, is to be paid currently, and 20%, or $590,361.90 is to be deferred through the conclusion of the liquidation proceeding) as an interim payment for professional services rendered by Windels Marx during the Seventh Compensation Period, and $31,137.86 as reimbursement of the actual and necessary costs and expenses incurred by the Firm in connection with the rendition of such services; and (ii) granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       February 17, 2012

                                       Respectfully submitted,

                                       WINDELS MARX LANE & MITTENDORF, LLP
*Special Counsel for Irving H. Picard, Trustee for the SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Alan Nisselson, the Chapter 7 Trustee of Bernard L. Madoff*

                                       /s/ Howard L. Simon
Howard L. Simon (hsimon@windelsmarx.com)
156 West 56th Street
New York, New York 10019
Telephone: (212) 237-1000
Facsimile: (212) 262-1215