**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-1789 (BRL) |
| Plaintiff-Applicant, | |
| v. | SIPA Liquidation |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | (Substantively Consolidated) |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**APPLICATION OF UGGC & ASSOCIÉS AS SPECIAL
COUNSEL TO THE TRUSTEE FOR ALLOWANCE OF
INTERIM COMPENSATION FOR SERVICES RENDERED
AND REIMBURSEMENT OF ACTUAL AND NECESSARY
EXPENSES INCURRED FROM JUNE 1, 2011 THROUGH SEPTEMBER 30, 2011**

Jean-François Canat, together with other members and associates at the law firm of UGGC & Associés (collectively, "UGGC"), special counsel for Irving H. Picard (the "Trustee"), Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor") under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), and Bernard L. Madoff, submits this Application for Interim Allowance of Fees and Reimbursement of Expenses (the "Application") for compensation of legal fees in the amount of $18,297.83 (of which 20% is to be deferred through the conclusion of the liquidation period) and reimbursement of expenses in the amount of $206.75 for the period from June 1, 2011 through September 30, 2011 (the "Compensation Period").

In support of the Application, UGGC respectfully submits as follows:

## I. BACKGROUND

1.      On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order (the "Decree Order") calling for the liquidation of the business of the Debtor in accordance with SIPA and by Paragraph II of the Decree Order, the Trustee was appointed as the trustee for the liquidation of the Debtor's business.

2.      The Debtor's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, to the extent consistent with the provisions of SIPA, is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") pursuant to SIPA § 78fff(b).

3.      Beginning on February 14, 2011, UGGC has served as special counsel for the Trustee.

4.      On April 20, 2011, this Court entered an order approving the Trustee's motion for authority to retain UGGC as special counsel to the Trustee with regard to matters pertaining to France.

5.      The Trustee's motion to retain UGGC established a fee arrangement pursuant to which UGGC agreed to a fee reduction in the amount of 10% as well as an additional holdback of fees in the amount of 20%.

## II. SERVICES RENDERED BY UGGC

6.      The legal services performed on behalf of the Trustee during the time period covered by this Application are as follows:

7.      During the Compensation Period, UGGC met with counsel in Paris to discuss legal advice relating to certain legal proceeding pending in France.

8.      UGGC prepared a memorandum for the Trustee's counsel regarding the enforceability of a U.S. judgment in France against French defendants accepting the jurisdiction of the U.S. courts.

9.      UGGC monitored and analyzed Madoff related litigation pending in the French Court.

10.     UGGC also provided advice and written consultation to the Trustee's U.S. counsel on the taking of evidence in France.

11.     UGGC conducted research relating to the tracing of assets in France.

### III.  COMPENSATION REQUESTED

12.     The Application demonstrates how UGGC has both added value to the Debtor's estate and has advanced the Debtor's SIPC liquidation proceeding.

13.     UGGC has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism.  To that end, UGGC has endeavored to eliminate duplication of effort by giving responsibility for the day-to-day conduct of the case to Jean-François Canat, involving others only when necessary.

14.     From June 1, 2011 through September 30, 2011, UGGC provided a total of 37.5 hours of legal services to the Trustee in this case.  Prior to the 10% discount, the total amount of fees incurred in this time period was $20,330.93 and the total blended rate for professional services was $542.16/hour.   After the 10% discount, the total amount of fees incurred is $18,297.83 and the total blended rate is $487.94/hour.  UGGC has agreed to a further holdback of 20% of its fees in the amount of $3,659.57 resulting in the present request for compensation in the amount of $14,638.27.

15.    A breakdown of the total number of hours performed by each UGGC timekeeper is provided on **Exhibit A** annexed hereto.

16.    UGGC seeks reimbursement of out-of-pocket expenses incurred in connection with its representation of the Trustee during the Compensation Period in the amount of $206.75. An itemized list of these expenses is detailed on **Exhibit B** attached hereto.

## IV.  GENERAL MATTERS

17.    All of the professional services for which compensation is requested herein were performed by UGGC for and on behalf of the Trustee and not on behalf of any other person or entity.

18.    No agreement or understanding exists between UGGC and any other person for sharing compensation received in connection with this case nor has any other person or entity agreed to provide UGGC with compensation for the legal services described herein.

19.    Section 78eee(b)(5)(A) of SIPA provides in pertinent part that, upon appropriate application and after a hearing, "[t]he court shall grant reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred . . . by a trustee, and by the attorney for such a trustee."  Section 78eee(b)(5)(C) of SIPA specifically establishes SIPC's role in connection with applications for compensation and the consideration the Court should give to SIPC's recommendation concerning fees.  That section provides as follows:

> In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC.  In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendation of SIPC.

SIPA § 78eee(b)(5)(C).

20.    To the extent the general estate is insufficient to pay such allowances as an expense of administration, SIPA § 78eee(b)(5)(E) requires SIPC to advance the funds necessary to pay the compensation of UGGC (*see* SIPA § 78fff-3(b)(2)).

21.    The Trustee has determined, at this time, that he has no reasonable expectation that the general estate will be sufficient to make a distribution to general creditors or pay administrative expenses.  The Trustee has been advised by SIPC that it concurs in this belief of the Trustee.  Accordingly, any fees and expenses allowed by this Court will be paid from advances by SIPC without any reasonable expectation by SIPC of recoupment thereof.

22.    Therefore, with respect to this Application, UGGC requests that consistent with section 78eee(b)(5)(C) of SIPA, the Court "shall award the amounts recommended by SIPC." *See In re Bell & Beckwith*, 112 B.R. 876 (Bankr. N.D. Ohio 1990).  UGGC expects that SIPC's recommendation shall be filed with this Court separately.

**WHEREFORE**, UGGC respectfully requests that this Court enter an Order:

a.    Granting this Application; and

b.    Allowing payment to UGGC for interim compensation for services rendered to the Trustee in the amount of (a) $18,297.83, that reflects a reduction of 10% equal to $2,033.09; and (b) $14,638.27, that reflects a 20% holdback equal to 3,659.57, pending final approval of UGGC's fees in this case for professional services rendered to the Trustee from June 1, 2011 through September 30, 2011; and

c.    Allowing payment to UGGC in the amount of $206.75 for reimbursement of expenses incurred by Higgs & Johnson from June 1, 2011 through September 30, 2011; and

d.    Granting UGGC such other and further relief as this Court deems just and proper.

5

Respectfully submitted,

Dated: February 17, 2012                    UGGC & Associés

By:  _s/ Jean-François Canat_
     Jean-François Canat
     UGGC & Associés
     47, rue de Monceau
     Paris, France 75008
     Telephone : +33156697000
     Fax : +33156697071

**EXHIBIT A**

**SUMMARY OF INTERIM FEE APPLICATION
OF UGGC FOR SERVICES RENDERED
FOR THE PERIOD JUNE 1, 2011 THROUGH SEPTEMBER 30, 2011**

| | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| | | | | |
| Jean – Francois Canat | | $670.47 | 15.1 | $10,124.05 |
| Laetitia Squercioni | | $513.51 | 1 | $513.51 |
| Delphine Eskenazi | | $500.36 | 15.8 | $7,905.65 |
| Cyrelle Mayoux | | $415.95 | 0.2 | $83.19 |
| Frances Goldsmith | | $315.65 | 5.4 | $1,704.52 |
| | | | | |
| Total: | | $542.16 | 37.5 | $20,330.93 |
| Total minus 10% Discount | | $487.94 | | $18,297.83 |
| **Total Net of 20% Holdback:** | | | | **$14,638.27** |

<u>**EXHIBIT B**</u>

<u>**EXPENSE SUMMARY OF UGGC**</u>
<u>**FOR THE INTERIM PERIOD**</u>
<u>**OF JUNE 1, 2011 THROUGH SEPTEMBER 30, 2011**</u>

| EXPENSES | AMOUNTS |
|---|---|
| | |
| Courier | $206.75 |
| | |
| **Total Expenses Requested:** | **$206.75** |