**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-1789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**APPLICATION OF ATTIAS & LEVY AS SPECIAL COUNSEL TO THE TRUSTEE
FOR ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES RENDERED
AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED
FROM FEBRUARY 1, 2011 THROUGH SEPTEMBER 30, 2011**

Keith Azopardi, together with other members and associates at the law firm of Attias & Levy, special counsel for Irving H. Picard (the "Trustee"), Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor") under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA") and Bernard L. Madoff, submits this Application for Interim Allowance of Fees and Reimbursement of Expenses (the "Application") for compensation of legal fees in the amount of $281,455.26 (of which 20% is to be deferred through the conclusion of the liquidation period) and reimbursement of expenses in the amount of $23,263.85 for the period from February 1, 2011 through September 30, 2011 (the "Compensation Period"). In support of the Application, Attias & Levy respectfully submits as follows:

## I. BACKGROUND

1. On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order (the "Decree Order") calling for the liquidation of the business of the Debtor in accordance with SIPA and by Paragraph II of the Decree Order, the Trustee was appointed as the trustee for the liquidation of the Debtor's business.

2. The Debtor's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, to the extent consistent with the provisions of SIPA, is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") pursuant to SIPA § 78fff(b).

3. Beginning on March 13, 2009, Attias & Levy has served as special counsel for the Trustee.

4. On April 7, 2009, this Court entered an order approving the Trustee's motion for authority to retain Attias & Levy as special counsel to the Trustee in matters pertaining to Gibraltar.

5. The Trustee's motion to retain Attias & Levy established a fee arrangement pursuant to which Attias & Levy agreed to a fee reduction in the amount of 10% as well as an additional holdback of fees in the amount of 20%.

## II. SERVICES RENDERED BY ATTIAS & LEVY

6. The legal services performed on behalf of the Trustee during the time period covered by this Application are as follows:

300194768                                                 2

## *Overview*

### *A. The Vizcaya Actions*

7. There are five related Gibraltar actions in which Gibraltar Special Counsel for the Trustee has been involved, namely:

(a) A judicial review brought by Vizcaya Partners Limited ("Vizcaya") against the decision by the Gibraltar Financial Intelligence Unit to issue "no consent" orders, freezing monies held at Bank J Safra (Gibraltar) Limited ("Safra") in the names of Vizcaya, Zeus Partners Limited ("Zeus"), Asphalia Fund Limited ("Asphalia"), and Siam Investment Management Limited ("Siam") (the "Vizcaya Judicial Review");

(b) An action brought by Siam against the Attorney General and the Bank seeking the release of the sums held in its account;

(c) An action brought by Bank Safra to pay into Court approximately US$63 million held by it in the accounts of Zeus and Asphalia pending determination of the claims;

(d) An action brought by the Trustee against Vizcaya, Zeus, Asphalia, Siam, and Bank Safra for assistance from the Gibraltar Court relating to the transfer of US$150 million and seeking orders for disclosure of information, freezing orders, payment into Court and turnover of the monies to the Trustee and/or the U.S. Bankruptcy Court (the "Trustee's Action");

(e) A claim brought by Vizcaya, Zeus, Asphalia, and Siam on October 26, 2009 (the "VZAS Claim").

8. The work done in relation to these related matters over the specific invoice period is as set out below.

### *B. Sonja Kohn/Tecno*

9. While the work on the Vizcaya actions was the principal work conducted, other work on new matters was also conducted in relation to proceedings in Gibraltar against Sonja Kohn and other related defendants in support of proceedings issued against them in England and in aid of proceedings in the United States (the "Sonja Kohn Action").

10. Attias & Levy attended the Supreme Court ruling on an application made by the Trustee seeking an amendment of the Trustee's claim to plead enforcement of the Judgments of the US Bankruptcy Court of August 2010, a stay of the VZAS claim and directions as to the trial of the Trustee's action. The Court ruled in the Trustee's favor.

11. Attias & Levy prepared and filed the amendment of the Trustee's claim as allowed by the Court.

12. Attias & Levy attended a strategy meeting was held with US Counsel and Taylor Wessing in London in February 2011 to review the state of the Vizcaya actions and the English Kohn action.

13. Attias & Levy prepared an application to enable the repatriation of funds paid into Court by Zeus of approximately USD $61M and attended the hearing held in March 2011.

14. Attias & Levy prepared for and coordinated the service of the witness statements and was the liaison on service of the Gibraltar Kohn action in Switzerland.

15. Attias & Levy prepared for and attended the meeting held with the Trustee's U.S. counsel in New York to consider the witness statements filed by the Vizcaya parties and respond to these witness statements.

16. Attias & Levy attended and participated in a meeting that was held in London in early May to review the proposed Skeleton Argument of the Trustee in the main Vizcaya action to be heard in June 2011.

17. Attias & Levy drafted and filed application to extend time for service of the Trustee's B Action. These were heard in late May but adjourned to June.

18. Attias & Levy liaison with service agents in various jurisdictions in connection with proposed service on Defendants in the Trustee's Action.

19. Attias & Levy sought the Court's permission to amend the order that had been made to enable the repatriation of Zeus funds and prepared the necessary additional application that was heard by the Court on July 21, 2011.

20. Attias & Levy provided legal advice in connection with a notice of a claim of approximately USD $1.45M from Robert Faissal and discussed its relevancy to the main Trustee's Action against Vizcaya.

21. Extensive liaison in relation to the applications being made by BLMIS and Madoff Securities Investment Limited ("MSIL") in England in respect of the English Kohn action.

### III. COMPENSATION REQUESTED

22. The Application demonstrates how Attias & Levy has both added value to the Debtor's estate and has advanced the Debtor's SIPC liquidation proceeding.

23. Attias & Levy has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism. To that end, Attias & Levy has

staffed this matter leanly and endeavored to eliminate duplication of effort by giving primary responsibility of the case to one partner, Mr. Keith Azopardi.

24. From February 1, 2011 through September 30, 2011, Attias & Levy provided a total of 940.1 hours of legal services to the Trustee in this case. Prior to the 10% discount, the total amount of fees incurred in this time period was $312,728.07 and the total blended rate for professional services was $332.65/hour. After the 10% discount, the total amount of fees incurred is $281,455.26 and the total blended rate is $299.39/hour. Attias & Levy has agreed to a further holdback of 20% of its fees in the amount of $56,291.05, resulting in the present request for compensation in the amount of $225,164.21.

25. A breakdown of the total number of hours performed by each Attias & Levy timekeeper is provided on **Exhibit A** annexed hereto.

26. Attias & Levy seeks reimbursement for out-of-pocket expenses incurred in connection with its representation of the Trustee during the Compensation Period of $23,263.85. An itemized list of these expenses is detailed on **Exhibit B** attached hereto. Attias & Levy does not charge for incoming faxes. Charges for electronic research, overnight delivery, postage, long distance telephone calls, and other out-of-pocket disbursements are based on the actual amounts paid by Attias & Levy for those services.

### IV. <u>GENERAL MATTERS</u>

27. All of the professional services for which compensation is requested herein were performed by Attias & Levy for and on behalf of the Trustee and not on behalf of any other person or entity.

28. No agreement or understanding exists between Attias & Levy and any other person for sharing compensation received in connection with this case nor has any other person

or entity agreed to provide Attias & Levy with compensation for the legal services described herein.

29. Section 78eee(b)(5)(A) of SIPA provides in pertinent part that, upon appropriate application and after a hearing, "[t]he court shall grant reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred . . . by a trustee, and by the attorney for such a trustee . . . ." Section 78eee(b)(5)(C) of SIPA specifically establishes SIPC's role in connection with applications for compensation and the consideration the Court should give to SIPC's recommendation concerning fees. That section provides as follows:

> In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC. In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendation of SIPC.

SIPA § 78eee(b)(5)(C).

30. To the extent the general estate is insufficient to pay such allowances as an expense of administration, SIPA § 78eee(b)(5)(E) requires SIPC to advance the funds necessary to pay the compensation of Attias & Levy (*see* SIPA § 78fff-3(b)(2)).

31. The Trustee has determined, at this time, that he has no reasonable expectation that the general estate will be sufficient to make a distribution to general creditors or pay administrative expenses. The Trustee has been advised by SIPC that it concurs in this belief of the Trustee. Accordingly, any fees and expenses allowed by this Court will be paid from advances by SIPC without any reasonable expectation by SIPC of recoupment thereof.

32. Therefore, with respect to this Application, Attias & Levy requests that consistent with section 78eee(b)(5)(C) of SIPA, the Court "shall award the amounts recommended by

SIPC." *See In re Bell & Beckwith*, 112 B.R. 876 (Bankr. N.D. Ohio 1990). Attias & Levy expects that SIPC's recommendation shall be filed with this Court separately.

**WHEREFORE**, Attias & Levy respectfully requests that this Court enter an Order:

a. Granting this Application; and

b. Allowing payment to Attias & Levy for interim compensation for services rendered to the Trustee in the amount of (a) $281,455.26, that reflects a reduction of 10% equal to $31,272.81; and (b) $225,164.21, that reflects a 20% holdback equal to 56,291.05, pending final approval of Attias & Levy's fees in this case for professional services rendered to the Trustee from February 1, 2011 through September 30, 2011; and

c. Allowing payment to Attias & Levy in the amount of $23,263.85 for reimbursement of expenses incurred by Attias & Levy from February 1, 2011 through September 30, 2011; and

d. Granting Attias & Levy such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: February 17, 2011                ATTIAS & LEVY

By:  *s/ Keith Azopardi*
Keith Azopardi
First Floor Suites
39 Irish Town
P.O. Box 466
Gibraltar
London EC1A 2FG
Telephone: +350 200 72150
Fax: +350 200 74986

## EXHIBIT A

## SUMMARY OF SIXTH INTERIM FEE APPLICATION
## OF ATTIAS & LEVY FOR SERVICES RENDERED
## FOR THE PERIOD FEBRUARY 1, 2011 THROUGH SEPTEMBER 30, 2011

|  | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Keith Azopardi | 1990 (UK & Gib) | 360.53 | 616.90 | $222,410.96 |
| Samantha Sacramento | 2000 (UK) 2004 (Gib) | 287.76 | 166.9 | $48,027.14 |
| Graceanne Parody | 2004 (UK) 2005 (Gib) | 270.86 | 133.8 | $36,241.07 |
| Carol Haw |  | 268.84 | 22.50 | $6,048.90 |
| Total: |  | $332.65 | 940.1 | $312,728.07 |
| Total minus 10% Discount |  | $299.39 |  | $281,455.26 |
| **Total Net of 20% Holdback:** |  |  |  | **$225,164.21** |

# EXHIBIT B

## EXPENSE SUMMARY OF ATTIAS & LEVY
## FOR THE PERIOD
## OF FEBRUARY 1, 2011 THROUGH SEPTEMBER 30, 2011

| EXPENSES | AMOUNTS |
|---|---|
| Lodging | $3,400.24 |
| Court Fees | $1,676.83 |
| Courier | $69.54 |
| Travel | $7,798.60 |
| Counsel Fees | $8,457.97 |
| Service of Documents | $141.87 |
| Translations | $1,565.32 |
| Court Bundles | $153.48 |
| **Total Expenses Requested:** | **$23,263.85** |