**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-1789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**APPLICATION OF MISHCON DE REYA AS SPECIAL COUNSEL**
**TO THE TRUSTEE FOR ALLOWANCE OF COMPENSATION FOR SERVICES**
**RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES**
**INCURRED FROM JUNE 1, 2010 THROUGH OCTOBER 26, 2010 AS WELL AS**
**REIMBURSEMENT OF FEES PREVIOUSLY HELD BY SIPC**

Mishcon de Reya ("Mishcon"), special counsel for Irving H. Picard (the "Trustee"),

trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC

("BLMIS" or "Debtor") under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa

*et seq.* ("SIPA") and Bernard L. Madoff, submits this Application for Allowance of Fees and

Reimbursement of Expenses (the "Application") for compensation of legal fees in the amount of

$1,743,752.47[1], and reimbursement of expenses in the amount of $139,765.97 for the period from

June 1, 2010 through October 26, 2010 (the "Compensation Period"). Moreover, because

Mishcon has ceased to act as special counsel to the Trustee, it seeks payment of the 20%

holdback applied to its fees from the commencement of its retainer beginning on February 1,

---

[1] The exchange rate of $1.5924 to £1 was used to convert British Pounds Sterling to U.S. Dollars.

2010 through its termination on October 26, 2010.  The total amount withheld during that period is $16,481.56.

In support of the Application, Mishcon respectfully submits as follows:

## I.  BACKGROUND

1.      On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order (the "Decree Order") calling for the liquidation of the business of the Debtor in accordance with SIPA and by Paragraph II of the Decree Order, the Trustee was appointed as the trustee for the liquidation of the Debtor's business.

2.      The Debtor's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, to the extent consistent with the provisions of SIPA, is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code pursuant to SIPA § 78fff(b).

3.      From February 1, 2010 to October 26, 2010, Mishcon served as special counsel for the Trustee.

4.      On July 20, 2010, this Court entered an order approving the Trustee's motion for authority to retain Mishcon as special counsel to the Trustee in matters pertaining to the United Kingdom and the British Commonwealth *nunc pro tunc* to February 1, 2010.

5.      The Trustee's motion to retain Mishcon established a fee arrangement pursuant to which Mishcon agreed to a fee reduction in the amount of 10% as well as an additional holdback of fees in the amount of 20%.

## II.  SERVICES RENDERED BY MISHCON

6.      The legal services performed on behalf of the Trustee during the time period covered by this Application are as follows:

7.      Mishcon provided legal advice and research in connection with the Trustee's claims in several matters, including the Trustee's claims against several potential defendants and related entities identified by the Trustee, including, but not limited to, HSBC plc; FIM Advisers LLP; Ms. Sonja Kohn; Vizcaya Partners Ltd.; Kingate Euro Fund, Ltd; Kingate Global Fund Ltd.; Thema Fund Limited; Hermes International Fund Limited; Harley International (Cayman); Primeo Fund and others.   That legal advice and research included, but was not limited to, identification of potential causes of action; preparation of pleadings; preparation of letters of request; execution and service of letters of request; and research relating to asset freezing orders as well as disclosure orders.

8.      Mishcon liaised and collaborated with the liquidators of Madoff Securities International Ltd. ("MSIL"), to coordinate a joint strategy designed to maximize the value of the estates of each of BLMIS and MSIL, including the identification of certain causes of action to be brought by BLMIS and MSIL against certain defendants.

9.      Mishcon also assisted with the coordination of document productions obtained pursuant to local court orders against certain defendants, including the review of such productions.

10.     In addition, Mischon supervised and researched potential causes of action, preparation of pleadings, and disclosure orders for use against defendants located throughout the British Commonwealth, including Bermuda, the Cayman Islands, Gibraltar, and Ireland, and in connection with this work, liaised and supervised with local counsel in each of the aforementioned jurisdictions.

300201980

### III.  COMPENSATION REQUESTED

11.    The Application demonstrates how Mishcon has both added value to the Debtor's estate and has advanced the Debtor's SIPC liquidation proceeding.

12.    Mishcon has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism. To that end, Mishcon staffed this matter leanly and endeavored to eliminate duplication of effort by giving primary responsibility of the case to one partner, Mr. Dan Morrison.

13.    From June 1, 2010 through October 26, 2010, Mishcon provided a total of 5,959 hours of legal services to the Trustee in this case.  Prior to the 10% discount, the total amount of fees incurred in this time period was $2,656,259.35 and the total blended rate for professional services was $445.76/hour.   After the 10% discount, the total amount of fees incurred is $2,390,633.42 and the total blended rate is $401.18/hour.  After consultation with the Trustee, Mishcon agreed to a further reduction of their fees, resulting in the request for compensation of $1,743,752.47.  Mishcon agreed to a further holdback of 20% of its fees until such time as its retainer to act as special counsel to the Trustee was terminated.  Because that retainer ended on October 26, 2010, Mishcon now also seeks reimbursement in this Application of the amount previously held back, totaling $16,481.56. Mishcon respectfully submits that its fees for work performed during this period should not be reduced further.  Accordingly, the present request for fees, including the holdback, is in the amount of $1,760,234.03.

14.    A breakdown of the total number of hours performed by each Mishcon timekeeper is provided on **Exhibit A** annexed hereto.

300201980

15.     Mishcon seeks reimbursement for out-of-pocket expenses incurred in connection

with its representation of the Trustee during the Compensation Period of $139,765.97.   An

itemized list of these expenses is detailed on **Exhibit B** attached hereto.

### IV.  GENERAL MATTERS

16.     All of the professional services for which compensation is requested herein were

performed by Mishcon for and on behalf of the Trustee and not on behalf of any other person or

entity.

17.     No agreement or understanding exists between Mishcon and any other person for

sharing compensation received in connection with this case nor has any other person or entity

agreed to provide Mishcon with compensation for the legal services described herein.

18.     This Court is authorized by SIPA to award to the attorneys for a SIPA Trustee

"reasonable compensation for services rendered and reimbursement for proper costs and

expenses incurred." SIPA § 78eee(b)(5)(A). SIPA also permits interim allowances to the

attorneys for a SIPA Trustee. *Id.*

19.     Pursuant to § 78eee(b)(5)(E) of SIPA, allowances granted by this Court are to be

charged against the general estate as a cost of administration. If the general estate is insufficient

to pay such allowances in whole, or in part, SIPC shall advance any necessary funds for such

payment. SIPA § 78eee(b)(5)(E). Section 78eee(b)(5)(C) of SIPA provides that SIPC shall file

a recommendation with regard to the allowance of fees and reimbursement of expenses requested

by this Application, and that this Court shall place considerable reliance on the recommendation

of SIPC. SIPA § 78eee(b)(5)(C).  Mishcon expects that SIPC's recommendation shall be filed

with this Court separately.

**WHEREFORE**, Mishcon respectfully requests that this Court enter an Order:

a.     Granting this Application;

300201980

b.      Allowing payment to Mishcon for final compensation of legal fees, after (a) a

reduction of 10% (in the amount of $265,625.94); (b) a further reduction (in the

amount of $646,880.95) (c) a waiver of the 20% holdback ordinarily imposed, in

light of Mishcon' withdrawal from the case, resulting in an aggregate amount of

$1,743,752.47 for professional services rendered to the Trustee from June 1, 2010

through October 26, 2010;

c.      Allowing payment to Mishcon in the amount of $139,765.97  for reimbursement

of expenses incurred by Mishcon from June 1, 2010 through October 26, 2010;

and

d.      Allowing payment of the 20% previously held back from its fees, per agreement

with the Trustee, in the amount of $16,481.56.

d.      Granting Mishcon such other and further relief as this Court deems just and

proper.

Respectfully submitted,

Dated: February 17, 2012               Mishcon de Reya

By: _s/ Kevin Gold_____
Kevin Gold
Mishcon de Reya
Summit House
12 Red Lion Square
London, WC1R 4QD
Telephone: +44 20 7440 7000
Fax: +44 20 7404 5982

300201980

## EXHIBIT A

### SUMMARY OF INTERIM FEE APPLICATION
### OF MISHCON FOR SERVICES RENDERED
### FOR THE PERIOD JUNE 1, 2010 THROUGH OCTOBER 26, 2010

| | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Dan Morrison | 1995 | $796.20 | 452.1 | $359,962.02 |
| Danny Davis | 1993 | $796.20 | 244.3 | $194,511.66 |
| Adam Epstein | 1991 | $796.20 | 387.6 | $308,607.12 |
| Martin Shobbrook | 2000 | $796.20 | 40.1 | $31,927.62 |
| Kathryn Garbett | 1988 | $796.20 | 0.4 | $318.48 |
| Michael Armstrong | 1994 | $796.20 | 0.5 | $398.10 |
| Chris Jones | 1997 | $796.20 | 0.5 | $398.10 |
| Derval Walsh | 2000 | $636.96 | 442 | $281,536.32 |
| Andrew Savile | 2000 | $636.96 | 4.7 | $2,993.71 |
| Richard Trainer | 2007 | $541.42 | 366.4 | $198,374.82 |
| James Brownlie | 1992 | $509.57 | 2.7 | $1,375.83 |
| Max Cole | 2001 | $493.64 | 11.5 | $5,676.91 |
| Philippa Rees | 2003 | $493.64 | 237.5 | $117,240.45 |
| Ian Bean | 2007 | $493.64 | 161 | $79,476.68 |
| Matthew Hancock | 2004 | $477.72 | 282.3 | $134,860.36 |
| Maryanne Stanganelli | 2005 | $453.83 | 59.8 | $27,139.27 |
| Natalie Klier | 2006 | $437.91 | 343.3 | $150,334.50 |
| Laurence Jacobson | 2007 | $414.02 | 241.6 | $100,028.20 |
| Egon Penzhorn | 2003 | $414.02 | 148.1 | $61,316.95 |
| Ariel Vegoda | 2009 | $398.10 | 23.7 | $9,434.97 |
| Amanda Gray | 2005 | $350.33 | 0.3 | $105.10 |
| Craig Timmis | 2009 | $350.33 | 527.3 | $184,727.95 |
| Joseph Kayode - Alli | 2009 | $350.33 | 0.9 | $315.30 |
| Elizabeth Fox | 2010 | $350.33 | 148.8 | $52,128.81 |
| Edward Carder | 2010 | $350.33 | 135.1 | $47,329.31 |
| Nina Benaim | 2010 | $350.33 | 18.3 | $6,411.00 |
| Kevin Ellmore | | $318.48 | 37 | $11,783.76 |
| Marcus King | | $207.01 | 2.1 | $434.73 |
| Lindsay Seftel | | $175.16 | 42.6 | $7,461.99 |
| Harshiv Thakerar | | $175.16 | 164.2 | $28,761.93 |
| Sara Wychrij | | $175.16 | 131 | $22,946.48 |
| Wakil Ahmed | | $175.16 | 183.7 | $32,177.63 |
| Jessica Medus | | $175.16 | 62.2 | $10,895.20 |
| Chris J. Jones | | $175.16 | 384.8 | $67,403.11 |
| Anna Crawford | | $175.16 | 8.2 | $1,436.34 |
| Niki Stephens | | $175.16 | 151.1 | $26,467.28 |

300201980

| | | | | |
|---|---|---|---|---|
| Joshua Jefferies | | $175.16 | 203.6 | $35,663.39 |
| Harpreet Mangat | | $175.16 | 136.5 | $23,909.89 |
| Christopher Matthews | | $175.16 | 160.7 | $28,148.85 |
| Joanna Lawson | | $175.16 | 1.4 | $245.23 |
| Stefania Lobina | | $175.16 | 2.2 | $385.36 |
| Himanshu Depala | | $175.16 | 6.9 | $1,208.63 |
| | | | | |
| Total: | | $445.76 | 5959 | $2,656,259.35 |
| Total minus 10% Discount | | $401.18 | | $2,390,633.42 |
| **Additional Discount** | | | | $646,880.95 |
| **Total minus Additional Discount** | | | | $1,743,752.47 |
| **Holdback Return:** | | | | **$16,481.56** |
| **Total including Holdback Return:** | | | | **$1,760,234.03** |

300201980

## EXHIBIT B

### EXPENSE SUMMARY OF MISHCON
### FOR THE INTERIM PERIOD
### OF JUNE 1, 2010 THROUGH OCTOBER 26, 2010

| EXPENSES | AMOUNTS |
|---|---|
|  |  |
| Counsel Fees | $38,217.60 |
| Stationery | $958.13 |
| Black and white photocopying | $23,975.64 |
| Color photocopying | $243.64 |
| External photocopying | $14,328.27 |
| Travel | $59,777.60 |
| Courier | $314.98 |
| Service | $186.95 |
| Expert Fees | $183.92 |
| Taxi | $485.49 |
| Companies House fees | $187.39 |
| Meals | $599.03 |
| Court Fees | $191.09 |
| Searches | $39.81 |
| Land Registry fees | $76.44 |
|  |  |
| **Total** | **$139,765.97** |

300201980