```
 1  UNITED STATES BANKRUPTCY COURT
 2  SOUTHERN DISTRICT OF NEW YORK
 3  Adv. Case No. 08-01789(BRL); Adv. Case No. 09-01182
 4  - - - - - - - - - - - - - - - - - - - - - - -x
 5  In the Matter of:
 6  SECURITIES INVESTOR PROTECTION CORPORATION,
 7             Plaintiff,
 8  v.
 9  BERNARD L. MADOFF INVESTMENT SECURITIES, LLC
10             Defendant.
11  - - - - - - - - - - - - - - - - - - - - - - -x
12  PICARD
13             Plaintiff,
14  v.
15  MERKIN ET AL
16             Defendants.
17  - - - - - - - - - - - - - - - - - - - - - - -x
18             United States Bankruptcy Court
19             One Bowling Green
20             New York, New York
21             November 8, 2011
22             10:08 AM
23  B E F O R E:
24  HON. BURTON R. LIFLAND
25  U.S. BANKRUPTCY JUDGE
```

2  08-99000 Administrative Case Re: 08-1789 (Securities Investor
3  Protection Corporation v. Bernard L. Madoff Investment
4  Securities, LLC, et al.)
5  ADVERSARY PROCEEDING:  09-01182-brl Picard v. Merkin et al
6  Pre-Trial Conference
7  For Defendant Ascot Partners LP

9  ADVERSARY PROCEEDING:  08-01789-brl Securities Investor
10 Protection Corporation v. Bernard L. Madoff Investment
11 Securities, LLC, et al.
12 (cc-4432) Motion for an Order to Schedule Hearing on "Customer"
13 Issue as it Relates to ERISA

25 Transcribed by:  Lisa Bar-Leib

```
 1
 2    A P P E A R A N C E S :
 3    BAKER & HOSTETLER LLP
 4         Attorneys for Irving H. Picard, Esq., Trustee for the
 5          Substantively Consolidated SIPA Liquidation of
 6          Bernard L. Madoff Investment Securities LLC and
 7          Bernard L. Madoff
 8         45 Rockefeller Plaza
 9         New York, NY 10111
10
11    BY:   JORIAN L. ROSE, ESQ.
12          SEANNA R. BROWN, ESQ.
13          JUDY A. SELBY, ESQ.
14          MARC D. POWERS, ESQ.
15
16    DECHERT LLP
17         Attorneys for Defendants S. Ezra Merkin and Gabriel
18          Capital Corporation
19         1095 Avenue of the Americas
20         New York, NY 10036
21
22    BY:   NEIL A. STEINER, ESQ.
23
24
25
```

```
 1
 2    FOLEY & LARDNER LLP
 3         Attorneys for Orthopedic Specialty Group Plan
 4          Participants
 5         90 Park Avenue
 6         New York, NY 10016
 7
 8    BY:  PETER N. WANG, ESQ.
 9
10    REED SMITH LLP
11         Attorneys for Bart Schwartz as Receiver for Defendants
12          Ariel and Gabriel Funds, L.P.
13         599 Lexington Avenue
14         29th Floor
15         New York, NY 10022
16
17    BY:  CASEY D. LAFFEY, ESQ.
18         LANCE GOTTHOFFER, ESQ.
19
20
21
22
23
24
25
```

```
 1
 2   SANDAK HENNESSEY & GRECO, LLP
 3        Attorneys for Orthopedic Specialty Group Plan
 4         Participants
 5        707 Summer Street
 6        Suite 300
 7        Stamford, CT 06901
 8
 9   BY:   MARC J. KURZMAN, ESQ.
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

08-01789-cgm    Doc 4701    Filed 02/15/12    Entered 02/28/12 15:17:31    Main Document
SIPC v. BLMIS, LLC.; PICARD v. MERKIN
Pg 6 of 20

Page 6

1                P R O C E E D I N G S

2         THE CLERK: SIPC v. BLMIS, Picard v. Merkin.

3     (Pause)

4         THE COURT: This is a discovery dispute, is it not?

5         MR. POWERS: Correct, Your Honor.

6         THE COURT: We'll take it in chambers.

7         MR. POWERS: Okay.

8     (Recess from 10:08 a.m. until 10:09 a.m.)

9         THE COURT: You have the ERISA matters?

10        THE CLERK: The ERISA dispute.

11        THE COURT: Speak up, Lara. When you call in the

12   calendar, they can't be --

13        THE CLERK: The ERISA dispute.

14    (Pause)

15        MR. ROSE: Good morning, Your Honor.

16        THE COURT: Good morning.

17        MR. ROSE: Before the Court is a scheduling order for

18   what we refer to as the ERISA motion. The ERISA motion is

19   shorthand for the trustee's request to affirm his determination

20   that claimants without an account do not have customer claims

21   and overruling any arguments that ERISA somehow changes that

22   result.

23        The ERISA motion began as a carve-out of the trustee's

24   feeder fund investor motion. At that hearing on the motion,

25   certain investor made an argument that they were customers on

08-01789-cgm  Doc 4701  Filed 02/15/12  Entered 02/28/12 15:17:31  Main Document
SIPC v. BLMIS, LLC.; PICARD V. MERKIN
Pg 7 of 20

Page 7

```
 1   account of ERISA and the Court carved them out on that issue to
 2   be separately briefed and argued.  The trustee, in viewing
 3   other ERISA objections, determined that it was efficient to
 4   deal with all ERISA issues at the same time in one proceeding
 5   rather than just the feeder fund specific ERISA claimant.
 6   Rather than dealing with multiple ERISA hearings, the trustee
 7   determined to allow all claimants without an account to make
 8   whatever argument they would make relating to, specifically,
 9   ERISA-related arguments that they were entitled to customer
10   status on account of ERISA.
11             Based on the claimants' arguments to date relating to
12   this matter, namely, that there direct contacts with BLMIS,
13   also the need to review certain plan documents, the trustee had
14   difficulty in assembling those plan documents in connection
15   with the feeder fund investor motion.  The trustee determined
16   in this matter to request that the claimants making ERISA
17   arguments produce their factual support and their various plans
18   in connection with their objections.
19             The trustee received two objections to the motion, the
20   scheduling motion, one seeking an addition of two months to
21   produce documents and other facts; the other one seeking an
22   expedited procedure.  The trustee seeking -- sought a
23   compromise between the two competing claimants and sought a
24   shorter extension than was requested by one of the objections.
25   Given that they're potentially pro se claimants involved, the
```

08-01789-cgm    Doc 4701    Filed 02/15/12    Entered 02/28/12 15:17:31    Main Document
SIPC v. BLMIS, LLC.; PICARD V. MERKIN
Pg 8 of 20

Page 8

1  trustee thought an extension made more sense than an expedited
2  proceeding.
3             Your Honor, there are over a hundred, we believe, pro
4  se claimants who are similarly situated and may make ERISA
5  arguments although we don't know whether or not they'll make
6  arguments or they'll hire counsel.  But they're certainly
7  situated and do have, we believe, qualified ERISA plans.
8             Ms. Clark, who is not here today, has twenty --
9  represents twenty-two pension funds which we believe represent
10 a hundred investors behind within those pension funds.
11            Your Honor, at this time, I'd turn it over to Mr.
12 Kurzman who filed an objection.
13            THE COURT:  Sure.
14            MR. KURZMAN:  Good morning, Your Honor.  Mark Kurzman
15 from Sandak Hennessey & Greco, Stamford, Connecticut.  I
16 represent a group that we've referred to as the OSG individual
17 participants, employees of the Orthopedic Specialty Group.  I'm
18 joined this morning by my colleague, Peter Wang, of the Foley &
19 Lardner firm who is co-counsel for the OSG plan participants.
20            Your Honor, I represent approximately 120 people who
21 are current or former employees of Orthopedic Specialty Group.
22 As I say, they're referred to in our papers as the OSG plan
23 participants.  They include doctors, nurses, x-ray technicians,
24 physical therapists, clerks, all who invested their retirement
25 savings with a --

08-01789-cgm    Doc 4701    Filed 02/15/12    Entered 02/28/12 15:17:31    Main Document
SIPC v. BLMIS, LLC.; PICARD V. MERKIN
Pg 9 of 20

Page 9

1   THE COURT: Is this a group out of one single
2   practice?
3   MR. KURZMAN: It's a large practice in Fairfield,
4   Connecticut with sub-offices in other places in Connecticut,
5   Your Honor. But, yes, it's a single practice known as the
6   Orthopedic Specialty Group, P.C.
7   THE COURT: Okay.
8   MR. KURZMAN: As I say --
9   THE COURT: So this is the doctors and all of their
10  employees.
11  MR. KURZMAN: Yeah. Actually -- I mean, we frequently
12  say the doctors and their employees -- in truth, the doctors
13  make up a relatively small portion of the group. It's mostly
14  the employees. And that's important because this whole issue
15  of SIPC coverage is an issue that would make roughly ninety
16  percent of my client group whole were they to qualify as
17  customers. Some of the doctors, the high earners, they've
18  certainly had more substantial amounts in the pension plan but
19  for the most part, it's employees. And that's why it's such a
20  critical issue to them.
21  So back in 2009, Your Honor, both the plan, which I
22  don't represent, and the individual participants, who I do,
23  submitted customer claims to the trustee. We submitted our
24  customer claims, around 120 of them, back on March 4th, 2009
25  with extensive documentation outlining what they invested

08-01789-cgm    Doc 4701    Filed 02/15/12    Entered 02/28/12 15:17:31    Main Document
SIPC v. BLMIS, LLC.; PICARD V. MERKIN
Pg 10 of 20

Page 10

```
 1   pointing out that this was not a situation where it was just a
 2   profit-sharing plan a la Morgan Kennedy where it was the
 3   employer's money put into a trust.  But this was their own
 4   money including rollover contributions.
 5            And we also submitted a twenty-six page legal brief
 6   explaining why, in our view, Your Honor, these 120 people
 7   should be regarded by the trustee as customers of BLMIS.
 8            In October 2010, Your Honor, roughly nineteen months
 9   after we made this very extensive submission, we got
10   essentially a two-sentence denial from the trustee.  He
11   basically said look it, we've reviewed the books and records of
12   BLMIS.  Your clients' names don't appear in the books and
13   records.  Therefore, under the statute, under SIPA, you're not
14   a customer.  Period.  The end.  No discussion of the
15   information that we provided, no discussion of the legal
16   arguments we set forth in our twenty-six page brief.  It was
17   just essentially that two-line denial.
18            So we timely objected to the trustee's determination
19   and, for roughly the last year, have been actively pushing the
20   trustee to please schedule for a hearing before Your Honor
21   this -- our objections, the trustee's determination.  As we've
22   understood Your Honor's scheduling order, it's really in the
23   trustee's court to move forward to schedule these matters for
24   hearing.  We've waited patiently.  We were hoping for an
25   earlier hearing.  As I alluded to, many of my clients have
```

1  really put their lives on hold waiting to see how this issue
2  comes out.  Their entire retirement savings are in play here.
3  And now we are confronted with a proposed scheduling order
4  which essentially proposes to delay until May of 2012 a hearing
5  before Your Honor on my clients' issues.  And we think that
6  that's unfair, Judge, in two respects.
7        One, the trustee is proposing to aggregate my clients'
8  claims, these individuals who invested through their pension
9  fund in BLMIS with folks like Attorney Clark's clients who are
10 pension funds.  We really regard the issues as quite different.
11       I have what we've been referring to as a Morgan
12 Kennedy issue.  I'm going to need to persuade Your Honor that
13 Morgan Kennedy doesn't control my clients' situation.  That
14 case doesn't preclude my customers from being treated as
15 customers at BLMIS.
16       The pension funds don't have a Morgan Kennedy issue.
17 They have other issues.  That's why they were carved out of the
18 feeder fund motion.  My clients weren't carved out of the
19 feeder fund motion.  They weren't a part of that.  They didn't
20 invest in feeder funds.  They were an ERISA plan.  So we think
21 it's inappropriate to delay the adjudication of my clients'
22 claims while the Court simultaneously has to grapple with very
23 different issues implicated by the claims of the pension fund.
24 So that's one problem we have with the proposed scheduling
25 order.  We think we can move our issue much quicker before Your

08-01789-cgm    Doc 4701    Filed 02/15/12    Entered 02/28/12 15:17:31    Main Document
SIPC v. BLMIS, LLC.; PICARD V. MERKIN
Pg 12 of 20

Page 12

1  Honor.

2           And the other --

3           THE COURT: That assumes there are no issues of fact.

4           MR. KURZMAN: Well, here's our -- let me address that

5  question. It's a good question. The way that the trustee --

6  and this really gets to the crux of our issue. What the

7  trustee proposed in its order, in our view, is not to have Your

8  Honor determine issues of fact. The trustee proposes in its

9  scheduling order, and I quote, "The Court will consider

10 only" -- only -- "the trustee's construction of the term

11 'customer' as it relates to ERISA. Any other issues raised by

12 the ERISA-objecting claimants will be resolved in subsequently

13 scheduled hearings."

14          So the way that the trustee has teed this up, what the

15 trustee proposes to have Your Honor grapple with in May of 2012

16 is, as they define it, a legal issue, a pure legal issue: is

17 their construction of the statute correct? They're not

18 suggesting that Your Honor have a full trial on the merits

19 addressing both the legal and the factual issues. They're

20 saying in their proposal, any other issues, other than the

21 legal issue it framed will be dealt at a later time. So in

22 terms of the issue as it's been framed by the trustee, which we

23 don't have a problem with, it's an issue of law. It's an issue

24 of law based on what I believe are completely undisputed facts

25 that we've put forward in our submissions, what the pension

1  fund was, how it went about opening its account with Madoff.
2  The specific stacks applicable to each of the 120 individual
3  participants, we don't see as what the trustee is asking the
4  Court to grapple with in the spring.  What the trustee is
5  saying come May, we want a full trial on the merits of our 120
6  claims or their objections, that would, seems to us, implicate
7  different issues.  But we do think it's appropriate for the
8  Court to deal initially with this pure legal issue as framed by
9  the trustee.  And we don't think it takes until the spring to
10 present that issue to Your Honor.  As I say, we filed a twenty-
11 six page legal brief.  The trustee proposes to now file a
12 motion expressly without a brief.  We think it makes more sense
13 for the trustee now to go forward to file a brief to address --
14 join issue with the issues that we've raised and for Your Honor
15 to grapple with those legal issues.  We don't need this very
16 attenuated process in order for the Court to adjudicate the
17 issue as framed by the trustee.
18         So we are respectfully requesting that Your Honor
19 really follow more of the protocol that the Court used for the
20 feeder fund motions, which involved the trustee filing a brief,
21 although we're a step ahead now because we've already filed our
22 brief.  And let's get on with addressing this core legal issue
23 that was the basis for the denial of our 120 customer claims
24 and which appears to be the pivotal issue in determining
25 whether my clients can go forward and press their claims as

08-01789-cgm    Doc 4701    Filed 02/15/12    Entered 02/28/12 15:17:31    Main Document
SIPC v. BLMIS, LLC.; PICARD V. MERKIN
Pg 14 of 20

Page 14

1  customers.  Thank you, Your Honor.

2          MR. ROSE:  Your Honor, I think this is largely about

3  perspective.  From the trustee's perspective, there are a

4  number of claimants that have objected to his determination

5  based on ERISA related issues.  And the trustee -- if the

6  trustee were to take Mr. Kurzman's matter alone, those

7  claimants would be prejudiced by that determination.  And Your

8  Honor would hear from them, I suspect, that they may be

9  concerned that they're going to be barred by whatever

10 determination you may make on their issues.

11         Your Honor, I think that we agree with Mr. Kurzman

12 that maybe the issue about the books and records of the trustee

13 is not a difficult one.  It's not a factual dispute.  However,

14 the trustee does believe there are significant mixed questions

15 of fact and law that Your Honor would have to determine.  Who

16 owned the funds?  Who owned the funds is going to be critical

17 to this determination.  That's, we believe -- the trustee

18 believes, a mixed question of fact and law.

19         What entity had control over the accounts?  Did the

20 investors determine their own investment?  Was it the plan?

21 Was there any contact made between the claimants and BLMIS?

22 Who was the fiduciary duty owed to?  These are all -- some of

23 these issues are questions of fact.  Some of these are mixed

24 questions of fact and law.  But all of them would require at

25 least some factual showing given that the claimant bears the

08-01789-cgm    Doc 4701    Filed 02/15/12    Entered 02/28/12 15:17:31    Main Document
Pg 15 of 20
SIPC V. BLMIS, LLC.; PICARD V. MERKIN

Page 15

1  burden to prove this claim.
2           Your Honor, I would liken this to a piercing of the
3  corporate veil argument made by the claimants.  Now not in the
4  substance of it but in the sense of the need to determine mixed
5  questions of fact and law.  Mr. Kurzman could not -- I think
6  would like Your Honor to have the piercing decision to the
7  analogous -- piercing decision made without reference to fact.
8  It would be impossible to make that determination, the trustee
9  believes.
10          Mr. Kurzman is going to be arguing Morgan Kennedy, or
11 arguing about Morgan Kennedy, I should say.  And last I read
12 Morgan Kennedy, it did involve determinations of fact and law.
13 There would be no way around that issue.
14          Your Honor, I think the last issue is just -- that
15 we'd like to mention is that there are many other claimants
16 similarly situated.  If we had everything we wanted from Mr.
17 Kurzman, which we may -- and we'll certainly get back to him if
18 we're missing anything -- we don't for Mrs. Clark.  And Mrs.
19 Clark's clients -- and she needed more time to have the matter
20 determined.  And we know that in the event that there are
21 hundreds of other claimants similarly situated, we know that we
22 don't have their information yet; they didn't file in
23 connection with their claim.  Their claim forms and their
24 objections are very bare bones.  They mention ERISA just in
25 passing and they don't give the trustee a good indication of

08-01789-cgm Doc 4701 Filed 02/15/12 Entered 02/28/12 15:17:31 Main Document
SIPC v. BLMIS, LLC.; PICARD V. MERKIN
Pg 16 of 20

Page 16

1   what their arguments might be.

2           So the trustee is in a bit of a box.  Without

3   prejudicing other claimants, the trustee believes he has to

4   have this matter heard all on one time and allow other

5   claimants to make their arguments.  And the trustee isn't

6   entirely sure that other claimants would.  But he just

7   certainly knows that they are similarly situated.  He's

8   received a number of calls.  There's no -- and they put ERISA

9   in their objections, Your Honor.  So we have every reason to

10  believe they are going to raise it.

11          That's it, Your Honor.

12          THE COURT:  Thank you.  Well, I've reviewed all the

13  submissions.  I had hoped that perhaps the Clark group was

14  going to be here.  We have two objections, one from the OSG

15  group and one from the Clark group.  Clearly, the issues that

16  are presented here, with respect to ERISA, are a front for a

17  much larger group than the OSG and perhaps even the Clark

18  group.  And if you boil it down, the two objections, one is

19  really an objection, truly; the other one is -- and that

20  objection of OSG is to have a fast track.  The Clark group

21  seeks more time.  And now the trustee has come in with some

22  kind of a compromise.

23          I am convinced that there is a much larger group

24  affected by the issues here than the OSG group represents.  And

25  under the circumstances, the trustee has come up with a

08-01789-cgm   Doc 4701   Filed 02/15/12   Entered 02/28/12 15:17:31   Main Document
SIPC V. BLMIS, LLC.; PICARD V. MERKIN
Pg 17 of 20

Page 17

1  compromise scheduling, not as long as the Clark group would
2  like and certainly longer than the OSG group would like.  But
3  under all of the circumstances here, it is, essentially, going
4  to be a mixed question of law of fact, less perhaps for OSG,
5  more for the others.  But we don't know at this point in time.
6  There are so many who are similarly situated.  And I am going
7  to adopt the revised proposed schedule submitted by the trustee
8  which starts off, without my going into each date, with a
9  November 11th motion and a hearing scheduled for May 25th with
10 all of the interim dates and requirements as sprinkled in the
11 interim.
12         That is subject to an appropriate revision as perhaps
13 discovery and submissions take place which would justify a
14 departure from the schedule.  But at this point in time, that's
15 the schedule I adhere to.
16         Thank you, ladies and gentlemen.
17         MR. ROSE:  Thank you, Your Honor.  Your Honor, may I
18 approach with an order?
19         THE COURT:  Yes.
20         MR. ROSE:  Your Honor, one change that we were hoping
21 to serve on Monday just because it's a holiday which we could
22 serve but the mail would just sit in the mail room -- serve the
23 motion on Monday, November 14th versus November 11th.
24         THE COURT:  I have no objection to that.  Anybody?
25 Very well.

08-01789-cgm    Doc 4701    Filed 02/15/12    Entered 02/28/12 15:17:31    Main Document
Pg 18 of 20
SIPC V. BLMIS, LLC.; PICARD V. MERKIN

Page 18

1        MR. ROSE:  Thank you, Your Honor.

2        THE COURT:  I've approved the scheduling order.

3        MR. ROSE:  Thank you, Your Honor.

4        THE COURT:  Okay.  We'll take Merkin in chambers.

5    (Whereupon these proceedings were concluded at 10:28 a.m.)

```
 1
 2                          I N D E X
 3
 4                         R U L I N G S
 5   DESCRIPTION                                    PAGE     LINE
 6   Trustee's revised scheduling order approved     18       2
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1
2  C E R T I F I C A T I O N
3
4  I, Lisa Bar-Leib, certify that the foregoing transcript is a
5  true and accurate record of the proceedings.
6
7  _____
8  LISA BAR-LEIB
9  AAERT Certified Electronic Transcriber (CET**D-486)
10
11 Veritext
12 200 Old Country Road
13 Suite 580
14 Mineola, NY 11501
15
16 Date:  November 9, 2011
17
18
19
20
21
22
23
24
25