JOSEPHINE WANG
General Counsel
KEVIN H. BELL
Senior Associate General Counsel
  for Dispute Resolution
CHRISTOPHER H. LAROSA
Senior Associate General Counsel – Litigation
SECURITIES INVESTOR PROTECTION
  CORPORATION
805 15th Street, N.W., Suite 800
Washington, D.C. 20005
Telephone:     (202) 371-8300
Facsimile:     (202) 371-6728
E-mail:        jwang@sipc.org
               kbell@sipc.org
               clarosa@sipc.org

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | SIPA LIQUIDATION |
| Plaintiff | Case No. 08-01789 (BRL) |
| | (Substantively Consolidated) |
| v. | |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant | |

**MEMORANDUM OF LAW OF THE**
**SECURITIES INVESTOR PROTECTION CORPORATION**
**IN SUPPORT OF TRUSTEE'S MOTION FOR AN ORDER AFFIRMING TRUSTEE'S**
**DETERMINATIONS DENYING CLAIMS OVER ERISA-RELATED OBJECTIONS**

## TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ........................................................................................ ii

STATEMENT OF THE ISSUES.................................................................................1

SUMMARY OF THE ARGUMENT ..........................................................................2

STATEMENT OF THE FACTS .................................................................................4

ARGUMENT..............................................................................................................6

    I.    Customer Status Under SIPA................................................................6

    II.    The Plan Claimants Are Not Customers ..............................................8

        A.    ERISA expressly limits the application
            of the "plan assets rule" ...........................................................10

        B.    State and foreign entity laws do not
            "relate to" any ERISA plan.......................................................11

        C.    Preemption is barred because it would
            affect the application of SIPA...................................................13

    III.    The Participant Claimants Are Not Customers.....................................14

CONCLUSION..........................................................................................................16

CERTIFICATE OF SERVICE ..................................................................................17

i

# TABLE OF AUTHORITIES

**CASES:**                                                     **PAGE**

Abdu-Brisson v. Delta Air Lines, Inc., 1999 WL 64436 (S.D.N.Y. Feb. 9, 1999) ......................13

In re Adler, Coleman Clearing Corp., 263 B.R. 406 (S.D.N.Y. 2001) ...........................................14

In re Adler, Coleman Clearing Corp., 277 B.R. 520 (Bankr. S.D.N.Y. 2002) ...............................7

Aetna Health Inc. v. Davila, 542 U.S. 200 (2004) ........................................................................11

Aozora Bank v. Sec. Inv. Prot. Corp.
    (In re Bernard L. Madoff Inv. Secs. LLC),
    2012 WL 28468 (S.D.N.Y. Jan. 4, 2012) ............................................1, 4, 6, 7, 8, 9, 12, 14

Appleton v. First Nat. Bank, 62 F.3d 791 (6th Cir. 1995) ...............................................................7

Associates in Adolescent Psychiatry v. Home Life Ins. Co. of New York,
    729 F. Supp. 1162 (N.D. Ill. 1989), aff'd, 941 F.2d 561 (7th Cir. 1991),
    cert. den., 502 U.S. 1099 (1992) ................................................................................. 10-11

In re Brentwood Securities, Inc., 925 F.2d 325 (9th Cir. 1991) .....................................................6

Brown v. Astro Holdings, Inc., 385 F.Supp.2d 519 (E.D. Pa. 2005) ............................................10

Cal. Div. of Labor Standards Enforcement v. Dillingham Constr., N.A.,
    519 U.S. 316 (1997).............................................................................................................11, 12

Canario v. Lidelco, Inc., 782 F. Supp. 749 (E.D.N.Y. 1992) ........................................................10

Comrie v. Ipsco Inc., 2008 WL 5220301 (N.D. Ill. Dec. 10, 2008) ..............................................12

DeBreceni v. Graf Bros. Leasing, Inc., 828 F.2d 877 (1st Cir. 1987),
    cert. den. sub. nom., New England Teamsters and
    Trucking Industry Pension Fund v. Graf, 484 U.S. 1064 (1988)......................................10

DeBuono v. NYSA-ILA Med. & Clinical Services Fund, 520 U.S. 806 (1997)..........................11

In re First Ohio Secs. Co., 1994 WL 599433 (6th Cir. 1994), cert. den. sub. nom.,
    Plumbers & Steamfitters Local 490 Severance and Retirement Fund v.
    Appleton, 514 U.S. 1018 (1995)..........................................................................................8

Hattem v. Schwarzenegger, 449 F.3d 423 (2d Cir. 2006) ............................................................12

Humana Inc. v. Forsyth, 525 U.S. 299 (1999) ..............................................................................13

## TABLE OF AUTHORITIES
**(cont.)**

**CASES**:                                                                                                    **PAGE**

Johnson v. Gore Wood & Co., [2002] 99 Me. 26, 56 A. 64, 2 A.C. 1, 40
    (Dec. 14, 2001 H.L.) ...........................................................................................12

LaRue v. DeWolff, Boberg & Associates, Inc., 552 U.S. 248 (2008)................................... 14-15

Metropolitan Taxicab Bd. of Trade v. City of New York,
    615 F.3d 152 (2d Cir. 2010), cert. den., 131 S. Ct. 1569 (2011) ......................................11

Milgram v. Orthopedic Associates Defined Contribution Pension Plan,
    666 F.3d 68 (2d Cir. 2010)............................................................................................3, 15

In re New Times Secs. Servs., Inc., 463 F.3d 125 (2d Cir. 2006) ....................................................6

New York State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.,
    514 U.S. 645 (1995)......................................................................................................11, 12

SEC v. Packer, Wilbur & Co., Inc., 498 F.2d 978 (3d Cir. 1974) ....................................................7

Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC,
    454 B.R. 285 (Bankr. S.D.N.Y. 2011) ..........................................................1, 4, 6, 8, 9, 14

Shaw v. Delta Air Lines, Inc., 463 U.S. 85 (1983) ........................................................................13

SIPC v. Morgan Kennedy, Inc., 533 F.2d 1314 (2d Cir.), cert. den. sub nom.,
    Trustees of the Reading Body Works, Inc. v. Sec. Investor Prot. Corp.,
    426 U.S. 936 (1976)..................................................................................................4, 7, 8, 15

Yoon v. Fordham Univ. Faculty & Admin. Ret. Plan, 2004 WL 3019500
    (S.D.N.Y. Dec. 29, 2004), aff'd, 173 Fed. Appx. 936 (2d Cir. 2006) ...............................13

## TABLE OF AUTHORITIES
### (cont.)

**STATUTES AND RULES:**                                                      **PAGE**

Securities Investor Protection Act (2008), 15 U.S.C. §

78lll(2)..................................................................................................................................6, 7

Securities Investor Protection Act, as amended, 15 U.S.C. §

78ddd.........................................................................................................................6
78fff-2(b).....................................................................................................................6
78fff-2(c)(1).................................................................................................................6
78fff-3 .........................................................................................................................6

Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §

1002...........................................................................................................................10
1002(42)......................................................................................................................9
1144(a) .......................................................................................................................11
1144(d) .......................................................................................................................13

29 C.F.R. §

2510.3-101(a).............................................................................................................10
2510.3-101(a)(2)..........................................................................................................9
2510.3-101(f)(1)...........................................................................................................9

**TREATISES:**

ABA Section of Labor and Employment Law, Employee Benefits Law (2d ed. 2000)................14

Pursuant to this Court's ERISA Scheduling Order of November 8, 2011 (ECF No. 4507), Irving H. Picard, as trustee for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor"), under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa et seq., and of Bernard L. Madoff ("Madoff"), has filed a motion ("Motion") seeking an order affirming his denial of the claims of certain claimants who purport to be "customers" under SIPA based on provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq., and related Department of Labor ("DOL") regulations.  The Securities Investor Protection Corporation ("SIPC") submits this memorandum of law in support of the Motion.

## STATEMENT OF THE ISSUES

The Motion presents the following issues:

1. Whether ERISA plans that invest 25% or more in certain feeder funds and/or other entities that, in turn, invest through BLMIS are "customers" under SIPA where:

   (a) the plans have no cognizable property interest in the assets of the feeder funds under applicable state or foreign law, but purport to have such an interest only under ERISA's "plan assets rule" which deems "plan assets" to include assets held by an entity whose equity is 25% or more owned by ERISA-covered plans;

   (b) the "plan assets rule" applies only for purposes of Subchapter I of ERISA which generally relates to reporting, disclosure, and the fiduciary responsibilities of plan administrators, the standards to be maintained by plans, the funding of plans, and the vesting of rights in plans; and

   (c) the subject ERISA plans are not meaningfully distinguishable from the feeder fund investors whose claims for "customer" status were denied by the Trustee and rejected by this Court and the United States District Court for the Southern District of New York ("District Court") in Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC, 454 B.R. 285 (Bankr. S.D.N.Y. 2011), and Aozora Bank v. Sec. Inv. Prot. Corp. (In re Bernard L. Madoff Inv. Secs. LLC), 2012 WL 28468 (S.D.N.Y. Jan. 4, 2012) ("Aozora"), respectively?

2. Whether claimants who are beneficiaries of defined contribution plans that invested in BLMIS are eligible for "customer" status under SIPA even though the plans, not the claimants, owned the assets entrusted to BLMIS, and claimants have none of the indicia of "customer" status?

SIPC submits that the claimants are not "customers" under SIPA.

### SUMMARY OF THE ARGUMENT

Like the claimants in BLMIS/Aozora, whom they closely resemble, the claimants who oppose the Motion are casting about for some way to overcome the fact that they had no relationship with BLMIS and no cognizable property interest in any of the assets either entrusted to BLMIS by any entity or purportedly held by BLMIS for any entity. Here, the claimants attempt to rely upon ERISA to overcome this deficit, and they do so in two ways.

First, one group, consisting of ERISA-covered plans that purchased ownership interests in feeder funds, and/or a comparable "income trust" or other entities that invested in BLMIS contends that, even though the claimants ordinarily would have no cognizable property interest in the assets of these funds under applicable state or foreign entity law, the ERISA-covered plans are deemed to have such an interest under the "plan assets rule" created by the definitional section of Subchapter I of ERISA and the accompanying DOL regulations. That rule provides that, for purposes of Subchapter I, "plan assets" are deemed to include those held by an entity whose equity is 25% or more owned by ERISA-covered plans.

Second, another group of claimants who are participants in certain "defined contribution" plans – in which both the sponsoring employer and the participant employees make contributions to plan assets, and in which the plan maintains a purely bookkeeping entry reflecting the assets allocable to each participant's "account" – contends (or appears to contend) that the claimants'

2

rights as participants includes an ownership interest in the assets allocable to their plan "accounts."

Both of these groups are mistaken. By its express terms, the "plan assets rule" applies only for purposes of Subchapter I of ERISA, not for the remainder of ERISA, and certainly not for determining "customer" status under SIPA. Moreover, the claimants' contention to the contrary relies implicitly on the proposition that the "plan assets rule" preempts otherwise applicable state or foreign entity law. But ERISA does not preempt foreign law, and does not preempt state law unless that law "relates to" an ERISA-covered plan. State laws of general scope whose application does not require the existence of such a plan – like the corporate, partnership, and limited liability company laws in question here – do not meet this standard. Further, even if they did, ERISA does not preempt state law to the extent that preemption would change the application of another federal statute. That, of course, is precisely what the claimants here contend when they seek to use ERISA preemption as a back-door to confer customer status under SIPA where such status is otherwise unavailable. Their argument is thus self-defeating.

The case against customer status leads to the same conclusion with respect to the "defined contribution" plan participants. Under recent case decisions from both the Supreme Court and the Second Circuit, the trustee of a defined contribution plan, not the plan's participants, owns the plan's assets. In fact, as the Second Circuit explained, "[a] single participant's 'account' is merely a bookkeeping entry that is used at the time of his retirement to determine what benefits he is entitled to receive." Milgram v. Orthopedic Associates Defined Contribution Pension Plan, 666 F.3d 68, 74 (2d Cir. 2011). For this reason, the claimants have no right to any of the assets entrusted to, or purportedly held by, BLMIS for the plans in which the claimants were participants.

3

In fact, both groups of claimants meet none of the criteria for customer status. They had

no interest in any assets entrusted to, or held by, BLMIS; no power to direct the disposition of

any such assets; and no account or comparable relationship with BLMIS. In short, they are

indistinguishable from the claimants whose customer claims were rejected in <u>BLMIS/Aozora</u>

and <u>SIPC v. Morgan Kennedy, Inc.</u>, 533 F.2d 1314 (2d Cir.), <u>cert</u>. <u>den</u>. <u>sub nom</u>., <u>Trustees of the</u>

<u>Reading Body Works, Inc. v. Sec. Investor Prot. Corp.</u>, 426 U.S. 936 (1976) ("<u>Morgan</u>

<u>Kennedy</u>"). The Trustee's determinations denying the claims of the current claimants should be

upheld for the same reasons.

### STATEMENT OF THE FACTS

The claimants who objected to the Trustee's motion fall into two categories: (1) ERISA-

regulated plans or individual retirement account ("IRA") holders (collectively "Plan

Claimants")[1] who claim to have purchased ownership interests in certain hedge funds or trusts

(collectively "Feeder Funds") that, in turn, directly or indirectly invested in BLMIS through

---

[1] The Plan Claimants are: (1) J.X. Reynolds & Co. Deferred Profit Sharing Plan, which invested in The Petito Investment Group, a BLMIS account-holder organized as a general partnership; (2) Ltd. Editions Media, Inc. Defined Benefit Pension Plan UA Dtd. 2/9/99 ("Ltd. Edition"), which purchased a limited partnership interest in Fairfield Sentry Limited ("Fairfield"), a BLMIS feeder fund organized in the British Virgin Islands; (3) Upstate New York Bakery Drivers and Industry Pension Fund, which invested in Income Plus Investment Fund ("Income Plus"), allegedly a "Group Trust" within the meaning of Revenue Ruling 81-100, which invested approximately one-third of its assets in BLMIS; (4) a group of 37 employee benefit plans which invested in either Income Plus or purchased ownership interests in one or more of three BLMIS feeder funds – namely Andover Associates LLC I, Beacon Associates LLC I, and Beacon Associates LLC II ("Beacon II"), all New York limited liability companies - that invested in BLMIS or in an entity having an account at BLMIS; and (5) Howard Siegel, on behalf of Howard Siegel IRA, who claims that the IRA invested in Beacon II; and (6) several individuals who used 401k funds to purchase interests in a limited partnership called PJFN Investors L P which maintained an account at BLMIS. (<u>See</u> ECF 4625 (Howard Siegel's Brief), 4635, 4641, 4642, 4648, 4652-4654.)

accounts there; and (2) individual participants ("Participant Claimants")[2] in ERISA-regulated plans – primarily "defined contribution" plans – that invested in BLMIS through accounts there in the names of the plans. (See ECF 4631-4654.)

All of the Plan Claimants purchased ownership shares in entities that invested in BLMIS or in an entity that did so. They did not execute account agreements with BLMIS, did not entrust cash or securities to BLMIS to trade or invest in securities, did not receive any account-related documentation from BLMIS.

All of the Participant Claimants-Sterling, OSG, and WDG-are participants in employee benefit plans and claim to have invested in BLMIS through accounts maintained in the names of those plans. (See 4631-4633, 4637-4640, 4643.) At least two of those plans – Sterling and OSG – were defined contribution plans, in which plan participants contributed some or all of the funds to the plan which the plan used to make investments in BLMIS. (See 4631-4633, 4643.) In each case, BLMIS held no account in the names of any of the participants. On the contrary, the only accounts at BLMIS were maintained in the names of the plans. (Id.) According to the Trustee, each of those plans – Sterling, OSG, and WDG – submitted a "customer" claim separate and distinct from those of its participants and, through that claim, sought all assets purportedly held in its account at BLMIS.

---

[2] The Participant Claimants are: (1) Eric Saretsky, on behalf of himself and apparently all other participants in the Sterling Equities Associates Employees Retirement Plan ("Sterling"), a defined contribution plan that offered to participants a small number of investment options other than BLMIS, but, in practice, invested in BLMIS through an account in its own name; (2) 117 participants in the Orthopaedic Specialty Group P.C. Defined Contribution Pension Plan ("OSG"), a defined contribution plan that invested all of its funds in BLMIS and offered no alternative investment options to its participants; and (3) Jacqueline Green Rollover Account and Wayne D. Green Rollover Account (collectively "Green Participants"), who allege that they invested in BLMIS through an account held in the name of WDG Associates, Inc. ("WDG"), purportedly a qualified pension plan. (See ECF 4631-4633, 4637-4640, 4643.)

## ARGUMENT

### I.    Customer Status Under SIPA

In a SIPA liquidation, claimants who qualify as "customers" receive preferred treatment in a few ways.  "Customers" share ratably in the fund of "customer property" – consisting generally of the cash and securities held by the liquidating broker-dealer for customers – on the basis and to the extent of their respective "net equities," and to the exclusion of general creditors. See SIPA §78fff-2(b) and (c)(1).  See also In re New Times Secs. Servs., Inc., 463 F.3d 125, 128-29 (2d Cir. 2006) ("New Times").  To the extent that the fund of customer property is insufficient to satisfy the claims of customers in full, SIPA permits SIPC to make advances to the trustee, within the statutory limits of protection.  See SIPA §§ 78ddd, 78fff-3.

Consistent with the priority treatment afforded "customers" under SIPA, the term "customer" is narrowly construed.[3]  See, e.g., New Times, 463 F.3d at 127; Aozora, 2012 WL 28468 at * 4.  The obligations of a liquidating broker-dealer to a claimant for "customer" relief must be ascertainable from the broker-dealer's books and records, or must be established "to the satisfaction of the trustee."  See SIPA § 78fff-2(b).  Accordingly, a claimant seeking "customer" status has a heavy burden to prove his or her entitlement to it.  See In re Brentwood Securities, Inc., 925 F.2d 325, 328 (9th Cir. 1991); BLMIS, 454 B.R. at 294-95.

_____

[3] Under SIPA, with exclusions not applicable here, the term "customer" means:

> [A]ny person (including any person with whom the debtor deals as principal or agent) who has a claim on account of securities received, acquired, or held by the debtor in the ordinary course of its business as a broker or dealer from or for the securities accounts of such person for safekeeping, with a view to sale, to cover consummated sales, pursuant to purchases, as collateral security, or for purposes of effecting transfer.  The term "customer" includes any person who has a claim against the debtor arising out of sales or conversions of such securities, and any person who has deposited cash with the debtor for the purpose of purchasing securities….

See SIPA § 78lll(2) (2008).

Customer status under SIPA is not a shorthand designation for anyone who does business through a broker-dealer. See Morgan Kennedy, 533 F.2d at 1316. On the contrary, in order to qualify for such status, a claimant at least must be able to demonstrate that the claimant: (1) entrusted cash or securities to the broker-dealer; (2) did so pursuant to a direct account or other direct relationship with the broker-dealer; (3) retained the power to direct the disposition of the assets entrusted to the broker-dealer; and (4) intended to use the cash or securities entrusted to the broker-dealer for the purpose of investing or trading in the securities markets. [4] See, e.g., SIPA § 78_lll_(2); New Times, 463 F.3d at 128-29; Morgan Kennedy, 533 F.2d at 1317; Aozora, 2012 WL 28468, at * 5; BLMIS; 454 B.R. at 295-302. See also Appleton v. First Nat'l Bank of Ohio, 62 F.3d 791, 801 (6th Cir. 1995).

The Second Circuit applied these principles to employee benefit plan beneficiaries in Morgan Kennedy, holding that the employee-beneficiaries of a trust created pursuant to an employer's profit sharing plan were not SIPA customers on the grounds that: (1) the employer sponsoring the profit-sharing plan and related trust, not the employee-beneficiaries, contributed the funds in the trust account; (2) the trustees of the trust, not the employee-beneficiaries, had the power to decide whether to entrust those funds to the debtor, and, in fact, made that decision; (3) the account was in the name of the trust, not the employee-beneficiaries, and the debtor had no relationship with the employee-beneficiaries; (4) the trustees had the exclusive authority to make all decisions concerning the disposition of assets in the trust account at the debtor; (5) unlimited

---

[4]    Satisfaction of these criteria is necessary, but not always sufficient, to establish "customer" status. A claimant's knowledge, participation in, or willful ignorance of a broker-dealer's misconduct may disqualify a claimant from "customer" relief, even where the criteria described above have been met. See, e.g., SEC v. Packer, Wilbur & Co., Inc., 498 F.2d 978, 984-85 (3d Cir. 1974) (claimant who violates securities laws as part of transaction in question is disqualified from "customer" status); In re Adler, Coleman Clearing Corp., 277 B.R. 520, 558-59 (Bankr. S.D.N.Y. 2002) (claimant who is willfully ignorant of wrongful nature of subject transaction may be denied "customer" status).

additions of employee-beneficiaries to, and subtractions from, the profit-sharing plan could be made; (5) the employee-beneficiaries were eligible for benefits only upon termination of employment; and (6) none of the property held in the trust account was allocable to any particular employee-beneficiary. See Morgan Kennedy, 533 F.2d at 1318.  In In re First Ohio Secs. Co., 1994 WL 599433, at * 1 (6th Cir. 1994), cert. den. sub. nom., Plumbers & Steamfitters Local 490 Severance and Retirement Fund v. Appleton, 514 U.S. 1018 (1995), the Sixth Circuit, and the District and Bankruptcy Courts for the Northern District of Ohio, extended the Morgan Kennedy holding to employee benefit plans in which the beneficiaries, not the sponsoring employer, contributed the investment funds.

Applying Morgan Kennedy and First Ohio, this Court and the District Court rejected earlier in this liquidation the customer claims of claimants who purchased ownership interest in BLMIS feeder funds, reasoning, inter alia, that, after these purchases were made, the cash used by the claimants to make them "*became the sole property of the Feeder Funds*," and that the claimants therefore could not have entrusted property to BLMIS and had no legally cognizable claim to any of the assets purportedly held by BLMIS.  See BLMIS, 454 B.R. at 295 (emphasis in original); Aozora, 2012 WL 28468, at * 6 ("[A]t the moment each appellant used assets to purchase an ownership interest in a Feeder Fund, those assets became property not of the appellants but of the Feeder Fund").  Consistent with this reasoning, this Court recognized that, under SIPA, a claimant must have a cognizable property interest in cash or securities held by a liquidating broker-dealer as a foundational prerequisite to customer status.  BLMIS, 454 at 295.

## II.    The Plan Claimants Are Not Customers

In an effort to distinguish themselves from the claimants in BLMIS/Aozora, the Plan Claimants point to ERISA as the source of their alleged property interest in the assets

purportedly held by BLMIS in the accounts of the Feeder Funds in which the Plan Claimants purchased ownership shares.  The Plan Claimants rely for this position on the "plan assets rule" in the DOL regulations and Subchapter I of ERISA, which, according to the Plan Claimants, provides that, when an ERISA plan owns 25% or more of the equity interests in an entity, the plan's "plan assets" are deemed to include "an undivided interest in each of the underlying assets of the entity" for purposes of that Subchapter and the attendant DOL regulations.  See 29 U.S.C. § 1002(42); 29 C.F.R. § 2510.3-101(a)(2) and (f)(1).  In effect, the Plan Claimants contend that they have an ownership interest in the Feeder Fund assets purportedly held at BLMIS based upon ERISA.  The unspoken, but indispensable, premise underlying this argument is that ERISA's "plan assets rule" preempts and displaces the state and foreign entity law that otherwise would deprive them of any interest in the assets purportedly held in the Feeder Fund accounts at BLMIS.  See Aozora, 2012 WL 28468 at * 6 ("It is a well-established legal principle that the assets of a corporation belong to the corporation itself, not to its shareholders"); BLMIS, 454 B.R. at 295-96.

That premise is false.  As explained more fully below, the "plan assets rule" applies only to Subchapter I of ERISA.  Moreover, the state and foreign entity law that the Plan Claimants necessarily contend is preempted does not "relate to" an ERISA plan within the meaning of ERISA's preemption provision and thus does not satisfy a requirement for preemption.  Even if it did, preemption would be expressly precluded by ERISA because it would "alter, amend, modify, invalidate, impair, or supersede" SIPA, another federal statute, and therefore would fall within an express exception to preemption.

9

### A. ERISA expressly limits the application of the "plan assets rule"

The very provisions that the Plan Claimants cite for the proposition that the "plan assets rule" makes them owners of the assets entrusted to BLMIS by the Feeder Funds make crystal clear that the "plan assets rule" applies only to Subchapter I of ERISA. Thus, for example, the definitional section in Subchapter I of ERISA, which includes the definition "plan assets" upon which the Plan Claimants rely, states expressly that the definitions in the section apply only "for purposes of this subchapter." See 29 U.S.C. § 1002. On the basis of this language, the courts have long recognized that the Subchapter I definitions do not even apply to the other subchapters of ERISA, let alone matters outside the statute. See, e.g., DeBreceni v. Graf Bros. Leasing, Inc., 828 F.2d 877, 879 (1st Cir. 1987) (Subchapter I definitions does not apply to Subchapter III of ERISA), cert. den. sub. nom., New England Teamsters and Trucking Industry Pension Fund v. Graf, 484 U.S. 1064 (1988); Brown v. Astro Holdings, Inc., 385 F.Supp.2d 519, 527-28 (E.D. Pa. 2005); Canario v. Lidelco, Inc., 782 F. Supp. 749, 757 (E.D.N.Y. 1992). Likewise, the DOL regulations upon which the Plan Claimants rely expressly limit the application of the regulations to particular provisions of ERISA. See 29 C.F.R. § 2510.3-101(a) (limiting application of section to certain parts of ERISA and the Internal Revenue Code).

Consistent with these limitations, the purpose of the "plan assets rule" is to apply the ERISA fiduciary responsibility provisions, which appear in Subchapter I of the statute, to entities in whom ERISA plans invest on a substantial basis, not to affect property rights, or the lack thereof, as defined by otherwise applicable law. See Associates in Adolescent Psychiatry v. Home Life Ins. Co. of New York, 729 F. Supp. 1162, 1183 (N.D. Ill. 1989) ("The policy animating Reg. § 2510.3-101 is to impose ERISA fiduciary obligations upon persons or entities that, practically speaking, have been entrusted with the management and investment of plan

assets"), aff'd, 941 F.2d 561 (7th Cir. 1991), cert. den., 502 U.S. 1099 (1992).  Certainly, there is

no suggestion in either ERISA or the DOL regulations that the purpose of the "plan assets rule"

was to displace otherwise applicable law for purposes of customer status under SIPA and, as the

following sections demonstrate, the "plan assets rule" does not have that effect.

**B.   State and foreign entity laws do not "relate to" any ERISA plan**

The purpose of ERISA is to provide a uniform regulatory regime governing covered

employee benefit plans.  See Aetna Health Inc. v. Davila, 542 U.S. 200, 208 (2004).  Toward

that end, ERISA includes a preemption provision stating that the statute preempts state laws to

the extent that those laws "relate to" an ERISA-covered employee benefit plan.[5]  See 29 U.S.C. §

1144(a).  For this purpose, a state law "relates to" an ERISA-covered plan if it makes "reference

to" or has a "connection with" such a plan.  See, e.g., DeBuono v. NYSA-ILA Med. & Clinical

Services Fund, 520 U.S. 806, 813-15 (1997); Cal. Div. of Labor Standards Enforcement v.

Dillingham Constr., N.A., 519 U.S. 316, 324 (1997); New York State Conf. of Blue Cross &

Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645, 656 (1995); Metropolitan Taxicab Bd. of

Trade v. City of New York, 615 F.3d 152, 156-57 (2d Cir. 2010), cert. den., 131 S. Ct. 1569

(2011). In determining whether a state law meets these criteria, the critical inquiry is whether the

law is of general application, and functions independently of ERISA, or whether the application

of the law depends in some important way on the existence of an ERISA-covered plan.  Laws in

---

[5] This provision states that:

> Except as provided in subsection (b) of this section, the provisions of this
> subchapter and subchapter III of this chapter shall supersede any and all
> State laws insofar as they may now or hereafter relate to an employee
> benefit plan described in section 1003(a) of this title and not exempt under
> section 1003(b) of this title.

29 U.S.C. § 1144(a).

the former category are not subject to preemption.  See, e.g., Dillingham, 519 U.S. at 328;

Travelers, 514 U.S. at 661 (no preemption "if the state law has only a tenuous, remote, or

peripheral connection with covered plans, *as is the case with many laws of general applicability*"

(emphasis added)); Hattem v. Schwarzenegger, 449 F.3d 423, 428-35 (2d Cir. 2006).

Importantly, even where applicable, ERISA's preemption provision applies only to state, not

foreign law.  See, e.g., Comrie v. Ipsco Inc., 2008 WL 5220301, at * 5 (N.D. Ill. Dec. 10, 2008).

Application of these principles to the present case is straightforward.  The entity laws

providing that shareholders, limited partners, and limited liability company investors have no

property interest in the assets of the corporations, limited partnerships, and limited liability

companies in which they invest are of ancient provenance and general applicability.  They in no

way depend upon the existence of an ERISA-covered employee benefit plan and, in fact, long

pre-date the existence of ERISA.  See, e.g., Aozora, 2012 WL 28468, at * 6 (collecting cites).

These laws therefore cannot "relate to" ERISA-covered plans within the meaning of ERISA's

preemption provision, and cannot be preempted by that provision.  See Hattem, 449 F.3d at 428-

35.

Moreover, at least one of those laws is foreign.  As noted above, claimant Ltd. Edition

invested in Fairfield, a Feeder Fund organized in the British Virgin Islands ("BVI").  The

common law applicable in the BVI provides that "[a] company's property belongs to the

company and not to its shareholders."  See Johnson v. Gore Wood & Co., [2002] 99 Me. 26, 56

A. 64, 2 A.C. 1, 40 (Dec. 14, 2001 H.L.); Aozora, 2012 WL 28468, at * 6.  As that law is

foreign, it cannot be preempted by ERISA.  See Comrie, 2008 WL 5220301, at * 5.

12

### C. **Preemption is barred because it would affect the application of SIPA**

ERISA itself also expressly bars preemption in the instant context. Section 1144(d) of ERISA provides that, with exceptions not relevant here, nothing in Subchapter I of ERISA, including its preemption provision, is to "alter, amend, modify, invalidate, impair, or supersede any law of the United States…" 29 U.S.C. § 1144(d). Under this provision, where preemption "would change the effect of federal law, the state law is not preempted by ERISA." Yoon v. Fordham Univ. Faculty & Admin. Ret. Plan, 2004 WL 3019500, at * 8 (S.D.N.Y. Dec. 29, 2004), aff'd, 173 Fed. Appx. 936 (2d Cir. 2006). See also Humana Inc. v. Forsyth, 525 U.S. 299, 310-11 (1999); Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 102-03 (1983); Abdu-Brisson v. Delta Air Lines, Inc., 1999 WL 64436, at * 4 (S.D.N.Y. Feb. 9, 1999).

That is exactly what the Plan Claimants contend here. As noted, the necessary premise underlying the Plan Claimants' position is that the "plan assets rule" preempts the state and foreign entity laws providing that they have no cognizable property interest in the Feeder Fund assets entrusted to BLMIS and that, because of such preemption, the Plan Claimants are entitled to customer status where they otherwise would not be. But the effect they seek is precisely what precludes preemption. If the Plan Claimants are correct that preemption would transform them from general creditors to "customers" under SIPA, then preemption would "alter" or "amend" or "modify" the application of another federal statute – SIPA - and thus would be expressly barred by Section 1144(d).

In fact, preemption would do more than just "alter" the application of SIPA, it would "impair" that application. See Humana, 525 U.S. at 311 ("*Shaw* thus supports that [for purposes of Section 1144(d)] to 'impair' a law is to hinder its operation or 'frustrate [a] goal' of that law"). Like the Bankruptcy Code, one of SIPA's principal goals is the equal treatment of similarly-

situated creditors.  See, e.g., In re Adler, Coleman Clearing Corp., 263 B.R. 406, 463 (S.D.N.Y. 2001).  Absent the purported ERISA preemption of the state and foreign entity laws in question, the Plan Claimants would be indistinguishable from the Feeder Funder investors whose customer claims were rejected by this Court and the District Court in BLMIS and Aozora, respectively. By requiring different treatment for the Plan Claimants, solely because they happen to be ERISA-covered plans, preemption would result in different treatment for similarly-situated creditors, thus "impairing" the realization of one of the primary goals of SIPA and the Bankruptcy Code.

### III.    The Participant Claimants Are Not Customers

As noted, the remaining claimants are participants in employee benefit plans, primarily defined contribution plans, that held accounts at BLMIS.  A defined contribution plan is one to which the sponsoring employer and the participant employees generally both make contributions. The name of this plan-type stems from the fact that the plan defines the scope of the contributions required from the employer.  See ABA Section of Labor and Employment Law, Employee Benefits Law 175-176 (2d ed. 2000) ("Employee Benefits Law").  As part of such a plan, an "account" is established for each participant, although this account is merely maintained by the plan as a bookkeeping entry.  Id.  The amount contributed by the sponsoring employer each year is divided up among these individual participant "accounts."  Id.  Further, each "account" is credited not only with a share of the employer's contribution, but also with a commensurate share of the earnings or losses generated by the plan's trust fund each year.  Id.

Although participation in a defined contribution plan creates the sense among some participants that they have a cognizable property interest in the assets of the plan, the law is clear that they do not.  As Justice Thomas, concurring, in LaRue v. DeWolff, Boberg & Associates,

Inc., 552 U.S. 248, 262 (2008), has explained, "the allocation of a plan's assets to individual

accounts for bookkeeping purposes does not change the fact that all assets in the plan remain

plan assets.  A defined contribution plan is not merely a collection of unrelated accounts.  Rather,

ERISA requires a plan's combined assets to be held in trust and legally owned by the plan's

trustees."  (emphasis added).  In an opinion issued late last year, the Second Circuit echoed these

comments, stating that:

> Plan assets therefore become 'benefits' only when they are finally
> distributed to the participant at the time of retirement.  Indeed, prior to that
> point, a participant cannot truly be said to have a claim to any particular
> assets in the trust corpus.  "A defined contribution plan is not merely a
> collection of unrelated accounts."  Rather, all of the Plan's undistributed
> assets are legally owned by the trustee and managed for the benefit of all
> plan participants, with gains and losses shared by them on a pro rata basis.
> A single participant's "account" is merely a bookkeeping entry that is used
> at the time of his retirement to determine what benefits he is entitled to
> receive.

Milgram v. Orthopedic Associates Defined Contribution Pension Plan, 666 F.3d 68, 74 (2d Cir.

2010) (emphasis added, citations omitted).

In light of these precedents, there is no doubt that the Participant Claimants are ineligible

for customer status under SIPA.  As recognized in LaRue and Milgram, they have no cognizable

property interest in the assets of the plans of which they were beneficiaries, and thus have no

such interest in the assets entrusted by those plans to BLMIS or purportedly held by BLMIS for

those plans.  See LaRue, 552 U.S. at 262; Milgram, 666 F.3d at 74.  For the same reason, they

had no account or comparable fiduciary relationship with BLMIS and no power to dispose of the

plan assets purportedly held by BLMIS for their benefit plans.  In short, they are

indistinguishable from the claimants in Morgan Kennedy, and their claims should be denied for

the same reasons articulated in that case.  See Morgan Kennedy, 533 F.2d at 1318.

15

## **CONCLUSION**

For the aforementioned reasons, the Court should enter an order granting the Trustee's motion and upholding the Trustee's denial of the customer claims of the Plan Claimants and the Participant Claimants.

DATED:  March 2, 2010

Respectfully submitted,


/s/ Josephine Wang
JOSEPHINE WANG
General Counsel

KEVIN H. BELL
Senior Associate General Counsel
  For Dispute Resolution

CHRISTOPHER H. LAROSA
Senior Associate General Counsel –
  Litigation

SECURITIES INVESTOR
PROTECTION CORPORATION
805 Fifteenth Street, N.W., Suite 800
Washington, D.C.  20005
Telephone: (202) 371-8300
Facsimile: (202) 371-6728
E-mail: jwang@sipc.org
E-mail: kbell@sipc.org
E-mail: clarosa@sipc.org

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a true and correct copy of the foregoing **MEMORANDUM OF LAW OF THE SECURITIES INVESTOR PROTECTION CORPORATION IN SUPPORT OF THE TRUSTEE'S MOTION FOR AN ORDER AFFIRMING TRUSTEE'S DETERMINATIONS DENYING CLAIMS OVER ERISA-RELATED OBJECTIONS** was served this 2nd day of March 2012 upon counsel for those parties who receive electronic service through ECF and by electronic mail or United States first class mail, postage prepaid, upon those parties identified in the attachment hereto.

/s/ Christopher H. LaRosa
CHRISTOPHER H. LAROSA

## SCHEDULE A

Internal Revenue Service
District Director
290 Broadway
New York, New York 10008

Internal Revenue Service
Centralized Insolvency Operation
Post Office Box 7346
Philadelphia, PA  19101-7346

U.S. Department of Justice, Tax Division
Box 55
Ben Franklin Station
Washington, DC 20044

**Securities Investor Protection Corporation**
Kevin Bell – kbell@sipc.org
Josephine Wang – jwang@sipc.org

**Securities and Exchange Commission**
Alexander Mircea Vasilescu – vasilescua@sec.gov
Terri Swanson – swansont@sec.gov
Preethi Krishnamurthy – krishnamurthyp@sec.gov

**United States Attorney for SDNY**
Carolina Fornos – carolina.fornos @usdoj.gov
Alicia Simmons – Alicia.simmons@usdoj.gov
Matthew Schwartz – matthew.schwartz@usdoj.gov

**Counsel to the JPL**
Eric L. Lewis – Eric.Lewis@baachrobinson.com

**BLMIS Customers – Via Regular Mail**

Edward H. Kohlschreiber
35455 Ocean Blvd. Apt. 607
South Palm Beach, FL 33480

Sonya Kahn
1701 South Flagler Drive Apt. 1703
West Palm Beach, FL 33401-7343

Marvin D. Waxberg
5181 Prairie Dunes Village Circle
Lake Worth, FL 33463-8217

Richard G. Corey
1235 Edgewood Drive
Charleston, W.V. 25302

Ng Shok Mui Susanna
Ng Shok Len
12B Marigold Mansion
Taikoo Shing, Hong Kong

Cecilia M. Parker
11 South Shore Trail
Sparta, NJ 07871

Guy S. Parker
3 Madison Drive
Ogdensburg, NJ 07439

Panagiotis Moutzouris
8 Aiolou Street
Voula GR-16673
Greece

Harriet Rubin
9733 Ravine Avenue
Las Vegas, NV 89117

Ethel L. Chambers
S. James Chambers
4244 SE Centerboard LN
Stuart, FL 34997

Anna Lowit
5700 Queen Palm Ct Apt. A
Delray Beach, FL 33484

Barbara Moss Estate
c/o Irving Moss
665 Thwaite Pl Apt. 3J
Bronx, NY 10467-7905

George H. Hulnick
5257 Fountains Dr. So Apt. 501
Lake Worth, FL 33467

Martin M. Surabian
Alice V. Surabian in trust for Karan T. Surabian
Gregory Surabian
Erik M. Surabian
Stephanie La-Flash Surabian
Kristen E. Surabian
Richard Surabian
Steven Surabian
Stephanie La-Flash Surabian
P.O. Box 397
W. Hyannisport, MA 02672
and
1230 Rt. 28
South Yarmouth, MA 02664

Kenneth Springer
2267 Newbury Dr.
Wellington, FL 33414

Peerstate Equity Fund L.P.
c/o Lou Prochilo
43 West St.
Northport, NY 11768

Chris P. Tsukoa
A. Angelaki
1202 Parrilla de Avila
Tampa, FL 33613

Hilda Drucker
5 Schenck Ave, Apt. 3-I
Great Neck, NY 11021

 John H. Petito
3639 River Road
Lumberville, PA 18933

Bernard W. Braverman
420 East 54th Street #25B
New York, NY 10022
(Courtesy) Email: berniebraverman@gmail.com

Richard C. Brockway
705 Harbour Drive
Vero Beach, FL 32963

Kimberly S. Stoller
710 8th Avenue Apt. 6E
Belmar, NJ 07719

KR Erwin Hawle
Dorfstrasse 67
4865 Nussdorf
Austria

Birgit Peters
Manto Management Inc.
323 W. 80th St. #6W
New York, NY 10024

Shao-Po Wang
No. 69, Zhongshan Rd., Tucheng Dist.
New Taipei City 236, Taiwan

Chi-Hua Liao
No. 449 Sanmin Road
Jhubei City, Hsinchu County
Taiwan

Alder Family Foundation
6424 Brookside Rd
Chevy Chase, MD 20814
(Courtesy) Email: lovormon@aol.com

## BLMIS Customers – Via EMail

Maurice Sandler
Gloria Sandler
Email: mauricesandler@bcglobal.net

Lamar Ellis Trust
Lamar Ellis
Email: lamelli@verizon.net

Michael E. Fisch
Sudeshna M. Fisch
Email: fischwave@comcast.net

Lamar Ellis Trust
Lamar Ellis
Email: lamelli@verizon.net

Michael E. Fisch Sudeshna M. Fisch
Email: fischwave@comcast.net

Daniel L. Gaba
c/o Rhoda S. Gaba
Email: rhodan@embarqmail.com

Jean-Marie Jacques
Email: jacques123@wanadoo.es

Samuel Frederick Rohdie
Lam Shuk Foon Margaret
Email: srohdie@bellsouth.net

Gail B. Oren Revocable Trust dtd. 9/8/95
Gail B. Oren as Trustee
Email: oreng@bellsouth.net

Sharon Lee Tiner
Email: sltiner@yahoo.com

David B. Epstein (IRA Bene)
Email: david1943@comcast.net

Marshall W. Krause, Esq.
Email: mrkruze@comcast.net

Peerstate Equity Fund, L.P.
Email: rng67@comcast.net

Deborah L. Fisch
Email: dfisch1@twcny.rr.com

Paul J. Fisch
Email: pfisch@twcny.rr.com

Sunyei Ltd. Jaques Lamac
Email: jaqueslamac@gmail.com

Simcha Gutgold
Email: simcha.gutgold@gmail.com

Au Yuet Shan
Email: eau203@gmail.com

PFC Nominees Limited
Email: info@pfcintl.com

Lee Mei-Ying
Email: icbcmylee@yahoo.com.tw

Richard Jeffrey Clive Hartley
Email: rjch@netvigator.com

Robert Douglas Steer
Jeanette Margaret Scott Steer
Email: bobjen8@bigpond.com

Samore 1992 Family Trust, John Samore
Gayle Samore Co-Trustees
John Samore, Jr.
Ronald E. Samore, Sr.
James R. Samore
Email: johnsamore@hotmail.com

Partricia M. Hynes
Roy L. Reardon JTWROS
Email: rreardon@stblaw.com

Cheung Lo Lai Wah Nelly
Email: freedomlo@yahoo.com.hk

Timothy Robert Balbirnie
Email: tim.balbirnie@gmail.com

Kamal Kishore Muchhal
Aruna Muchhal
Email: muchhal@netvigator.net

MLSMK Investments Co
Email: stanleymkatz@mac.com

Charles Nicholas Doyle
Linda Doyle
Email: linchasd@netvigator.com

John Stirling Gale
Email: galejs@gmail.com

Li Fung Ming Krizia
Email: krizia_ligale@yahoo.com.hk

Lindel Coppell
Email: lindencoppell@gmail.com

Paul Maddocks
Email: maddockspaul@gmail.com

Frederick Cohen and Jan Cohen JT WROS
Email: fcohen@duanemorris.com

Carole Coyle
Email: bionicdoll@aol.com

Martha Alice Gilluly
Email: marny@corsair2.com

Phyrne and Ron LLC
Email: jpitkin@umich.edu

Howard Stern
Email: hstern@wzssa.com

Robins Family Limited Partnership
Email: charles.robin@weil.com

Dewey H. Lane
Email: dewlane@gmail.com

Fondo General De Inversion Centro America-No, S.A.
FJ Associates, S.A.
Krates, S.A.
Email: pabst@mantomgmt.com

Elaine and Sidney Goldstein
Email: grandpastuffit@bellsouth.net

Rhouda Macdonald
Email: rmacdon482@aol.com

Jeanne H. Rosenblum
Email: prosenblum@mindspring.com

Capital Bank
Email: Christoph.stocker@capitalbank.at
Email: Volker.enzi@bapitalbank.at

J.W. Nijkamp
Email: jwnijkamp@kpnmail.nl

Martin Wimick
Email: martinwimick@hotmail.com

Bullock Family Estate
Andrew Bullock
Courtney Bullock
Diana Bullock
Kerry Scarvie
Email: abullock5150@cox.net

Stuart Nierenberg, Trustee for Ltd Editions Media Inc. Defined Benefit Plan Trust dtd 2/9/99
Email: stuartn00@alumni.princeton.edu

Alice J. Rawlins
Email: ajrawlins@bellsouth.net

Linda Wolf
Rita Wolf
Email: wolfie2400@yahoo.com

Stephen Hill
Email: leyla.hill@hos.com

Waterland Investment Services
Email: admin@waterland-investment.ne

Joseph J. Nicholson
Email: jn-pro-se@pobox.com

Lo Kin Ming
Email: godwinlo@swireproperties.com

Ralph Schiller
Email: optics@earthlink.net

Patsy P. Jones
Email: 335pat@roadrunner.com

Donald P. Weber
Email: mdweb27@comcast.net

Harvey Barr
Lillian Barr
Email: hbarr@plegalteam.com

Yvonne Roodberg
Email: cissie2010@gmail.com

Wim C. Helsdingen
Email: wc.helsdingen@casema.nl

Donald Schupak
Email: dschupak@schupakgroup.com

Joanne Rosen
Amy Cappellazzo
Email: jr@beacon-ny.com

Nancy Dver Cohen
Email: ndver@comcast.net

J. Todd Figi Revocable Trust
Email: jakefigi2@aol.com
Email: terridirkse@san.rr.com

Baudrey Gerard
Email: baudryg@bluewin.cr

Matthew F. Carroll
Email: mcarroll16@msn.com

David Drucker
Email: daved628@aol.com

Phyllis Pressman
Email: peplady5@gmail.com

Crisbo S.A.
Email: info.luxembourg@atcgroup.com

Ilse Della-Rowere
Email: roman@della-rowere.at

Rausch Rudolf
Email: rudolf.rausch@gmail.com

Kwok Yiu Leung
Siu Yuen Veronica Nh
Email: yiuleung@yahoo.com.hk
Email: yiuleunghk@gmail.com

Fifty-Ninth Street Investors LLC
Email: truggiero@resnicknyc.com

KHI Overseas Ltd
Email: ew@khiholdings.com

Arlene R. Chinitz
Email: arlenerc54@hotmail.com

The Gottesman Fund
Email: dgottesman@firstmanhattan.com

Goore Partnership
Email: hyassky@aol.com

Nicholas Kardasis
Email: gdnite@earthlink.net

BF+M Life Insurance Company Limited
Email: jsousa@bfm.bm

Alan G. Cosner
Email: alan@cosnerlaw.com

Chien-Liang Shih
Email: gary.libra@gmail.com

Heng-Chang Liang
Email: ts.yang@msa.hinet.net

Andy Huang
Email: andy.huang@sofos.com.sg

John B. Malone
Email: doctor1000@earthlink.net

John P. Harris
Email: johnph@comcast.net

Jose Haidenblit
Email: chore55@yahoo.com

Richard Hoefer
Email: richard.hoefer@utanet.at

**Notices of Appearance**
Michael D. Sirota, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
Email:   msirota@coleschotz.com
*Attorneys for KML Asset Management LLC*

10

Mark S. Mulholland
Thomas A. Telesca, Esq.
Ruskin Moscou Faltischek, P.C.
Email:  mmulholland@rmfpc.com
Email:  ttelesca@rmfpc.com
*Attorney for Irwin Kellner ("Kellner"), The 2001 Frederick DeMatteis Revocable Trust and the*
*DeMatteis FLP Assets*

Stuart I. Rich, Esq.
James M. Ringer, Esq.
Meister, Seelig & Fein LLP
Email:  sir@msf-law.com
Email:  jmr@msf-law.com
*Attorneys for Jasper Investors Group LLC ("Jasper")*

Matthew Gluck, Esq.
Brad N. Friedman, Esq.
Sanford P. Dumain, Esq.
Jonathan M. Landers
Milberg LLP
Email:  mgluck@milberg.com
Email:  bfriedman@milberg.com
Email:  sdumain@milberg.com
Email:  jlanders@milberg.com
*Attorney for Ruth E. Goldstein, June Pollack, Gerald Blumenthal, Blumenthal & Associates*
*Florida General Partnership, Judith Rock Goldman, the Horowitz Family Trust, and the*
*Unofficial Committee of Certain Claim Holders*

William B. Wachtel, Esq.
Howard Kleinhendler, Esq.
David Yeger, Esq.
Wachtel & Masyr, LLP
Email:  Wachtel@wmllp.com
Email:  hkleinhendler@wmllp.com
Email:  dyeger@wmllp.com
*Attorneys to Rosenman Family LLC*

William M. O'Connor, Esq.
Crowell & Moring LLP
E-mail:  woconnor@crowell.com
*Attorneys for Jitendra Bhatia, Gopal Bhatia, Kishanchand Bhatia, Jayshree Bhatia, Mandakini*
*Gajaria, Tradewaves Ltd., Parasram Daryani, Neelam P. Daryani, Vikas P. Daryani, Nikesh P.*
*Daryani, Ashokkumar Damodardas Raipancholia, Dilip Damodardas Raipancholia, Rajeshkumar*
*Damodardas Raipancholia, Kishu Nathurmal Uttamchandani, Prerna Vinod Uttamchandani,*
*Rajendrakumar Patel, Vandna Patel, Arjan Mohandas Bhatia, Kishin Mohandas Bhatia, Suresh*
*M. Bhatia, Bharat Mohandas, and Aarvee Ltd.*

Robert William Yalen
Assistant United States Attorney for the Southern District of New York
E-mail: robert.yalen@usdoj.gov
*Attorney for the United States of America*

Stephen A. Weiss
Parvin K. Aminolroaya, Esq.
Seeger Weiss LLP
Email: sweiss@seegerweiss.com
Email: paminolroaya@seegerweiss.com
*Attorney for Marilyn Cohn Gross, Bernard Seldon, Lewis Franck, and Barbara Schlossberg*
*Attorney for The M & B Weiss Family Limited Partnership of 1996 c/o Melvyn I. Weiss, Melvyn I. Weiss, Barbara J. Weiss, Stephen A. Weiss, Leslie Weiss and Gary M. Weiss*

Frank F. McGinn
Bartlett Hackett Feinberg P.C.
Email:  ffm@bostonbusinesslaw.com
*Attorney for Iron Mountain Information Management, Inc.*

Barry R. Lax
Brian J. Neville
Brian Maddox
Lax & Neville, LLP
Email:  blax@laxneville.com
Email:  bneville@laxneville.com
E-mail: bmaddox@laxneville.com
*Attorneys for Rose Less, and PJFN Investors LP*

Shawn M. Christianson, Esq.
Buchalter Nemer, A Professional Corporation
Email: schristianson@buchalter.com
*Attorney for Oracle USA, Inc. ("Oracle"), and Oracle Credit Corporation*

Dennis C. Quinn
Barger & Wolen, LLP
Email:  dquinn@bargerwolen.com
*Attorney for Jewish Community Foundation of the Jewish Federation – Council of Greater Los Angeles*

Alan Nisselson, Esq.
Howard L. Simon, Esq.
Email: anisselson@windelsmarx.com
Email: hsimon@windelsmarx.com
*Attorneys for Alan Nisselson, Interim Chapter 7 Trustee of Bernard L. Madoff*

Eric L. Lewis, Esq.
Baach Robinson & Lewis PLLC
Email: eric.lewis@baachrobinson.com
*Attorney for Stephen John Akers, Mark Richard Byers, and Andrew Laurence Hosking*

Joseph E. Shickich, Jr.
Erin Joyce Letey
Riddell Willams P.S.
Email:  jshickich@riddellwilliams.com
Email:  eletey@riddellwilliams.com
*Attorneys for Microsoft Corporation and Microsoft Licensing, GP (collectively, "Microsoft")*

Adam L. Rosen
Silverman Acampora LLP
Email:  ARosen@SilvermanAcampora.com
*Attorney for Talon Air, Inc.*

Angelina E. Lim, Esq.
Johnson, Pope, Bokor, Ruppel & Burns, P.A.
Email: angelinal@jpfirm.com
*Attorney for Anchor Holdings, LLC*

Sanford P. Rosen, Esq.
Sanford P. Rosen & Associates, P.C.
Email:  srosen@rosenpc.com
*Attorneys for Judith S. Schustack, David A. Schustack, Robert J. Schustack, Shirley Schustack Conrad, and Amy Beth Smith*

Marsha Torn, Esq.
Calabrese and Torn, Attorneys at Law
Email: mcalabrese@earthlink.net
*Attorney for Lawrence Torn*

Judith L. Spanier, Esq.
Abbey Spanier Rodd & Abrams, LLP
jspanier@abbeyspanier.com
*Attorneys for ELEM/Youth in Distress Israel, Inc. ("ELEM")*

David J. Molton, Esq.
Martin S. Siegel, Esq.
Brown Rudnick LLP
E-mail: dmolton@brownrudnick.com
Email:  msiegel@brownrudnick.com
*Attorneys for Kenneth M. Krys and Christopher D. Stride as Liquidators of and for Fairfield Sentry Limited*

Karen E. Wagner
Dana M. Seshens
Denis J. McInerney
Jonathan D. Martin
Davis Polk & Wardwell LLP
Email:  karen.wagner@davispolk.com
Email: dana.seshens@davispolk.com
Email: denis.mcinerney@davispolk.com
Email: jonathan.martin@davispolk.com
*Attorneys for Sterling Equities Associates and Certain Affiliates*

David B. Bernfeld
Jeffrey L. Bernfeld
Bernfeld, Dematteo & Bernfeld, LLP
Email: davidbernfeld@bernfeld-dematteo.com
Email: jeffreybernfeld@bernfeld-dematteo.com
*Attorneys for Dr. Michael Schur and Mrs. Edith A. Schur*

Joel L. Herz
Law Offices of Joel L. Herz
Email: joel@joelherz.com
*Attorney for Samdia Family, LP*

Stephen Fishbein
James L. Garrity Jr.
Richard F. Schwed
Shearman & Sterling LLP
Email:  sfishbein@shearman.com
Email:  jgarrity@shearman.com;
Email: rschwed@shearman.com
*Attorneys for Carl J. Shapiro and Associated Entities*

Seth C. Farber
Kelly A. Librera
Dewey & Leboeuf LLP
E-mail: sfarber@deweyleboeuf.com
Email: klibrera@deweyleboeuf.com
*Attorneys for Ellen G. Victor, holder of Bernard L. Madoff Investment Securities LLC Accounts
1ZA128-3 and 1ZA128-40, Diana P. Victor, Ariana Victor, Justin Victor Baadarani, Shoshanna
Remark Victor and Leila Victor Baadarani*

Daniel M. Glosband
David J. Apfel
Brenda R. Sharton
Larkin M. Morton
Goodwin Procter LLP
Email: dglosband@goodwinprocter.com
Email: dapfel@goodwinprocter.com
Email: bsharton@goodwinprocter.com
Email: lmorton@goodwinprocter.com
*Attorneys for Jeffrey A. Berman, Russell deLucia, Ellenjoy Fields, Michael C. Lesser,Norman E. Lesser Rev. 11/97 Rev. Trust, Paula E. Lesser 11/97 Rev. Trust and Jane L. O'Connor as Trustee of the Jane O'Connor Living Trust*

Russell M. Yankwitt
Yankwitt & Associates LLC
Email:  russell@yankwitt.com
*Attorneys for Carol Rosen*

Barton Nachamie, Esq.
Todtman, Nachamie, Spizz & Johns, P.C.
E-mail: bnachamie@tnsj-law.com
*Attorneys for ABG Partners d/b/a ABG Investments, Bruce Graybow, as a Partner of ABG Partners, and Graybow Communications Group, Inc.*

Mark W. Smith, Esq.
Timothy A. Valliere, Esq.
Smith Valliere PLLC
Email: msmith@svlaw.com
Email: tvalliere@svlaw.com
*Attorneys to Shana D. Madoff*

Brett S. Moore
Porzio Bromberg & Newman P.C.
Email:  bsmoore@pbnlaw.com
*Attorneys for Paul Laplume and Alain Rukavina, Court Appointed Liquidators for LuxAlpha Sicav and Luxembourg Investment Fund*

Bernard V. Kleinman, Esq.
Alan Berlin, Esq.
Aitken Berlin LLP
Email:  bvkleinman@aitkenberlin.com
Email: adberlin@aitkenberlin.com
*Attorneys for Susan Saltz Charitable Lead Annuity Trust Susan Saltz Descendants Trust*

Jeffrey G. Tougas
Fred W. Reinke
Mayer Brown LLP
E-mail: jtougas@mayerbrown.com
Email:  freinke@mayerbrown.com
*Attorneys for Mutua Madrileña Automovilista Ramo de vida, AXA Private Management, and
Fondauto Fondo de Pensiones, SA*

Richard A. Cirillo
Arthur J. Steinberg, Esq.
Heath D. Rosenblat, Esq.
King & Spalding LLP
Email: rcirillo@kslaw.com
Email: asteinberg@kslaw.com
Email:  hrosenblat@kslaw.com
*Attorney for National Bank of Kuwait, S.A.K. ("NBK"), Lemania SICAV-SIF, and NBK Banque
Privee and counsel for the Pascucci Family*

Linda H. Martin, Esq.
Joshua A. Levine, Esq.
Simpson Thacher & Bartlett LLP
Email: lmartin@stblaw.com
Email:  jlevine@stblaw.com
*Attorneys Spring Mountain Capital, LP*

Martin L. Seidel
Cadwalader, Wickersham & Taft LLP
Email: martin.seidel@cwt.com
*Attorneys for Milton Fine Revocable Trust, Milton Fine 1997 Charitable -2- Remainder Unitrust,
US Trust Co UD Peter M. Lehrer, Peter M. Lehrer and Eileen Lehrer, JSBR Associates LP and
The Apmont Group Inc. Pension Plan*

Ernest Edward Badway , Esq.
Fox Rothschild LLP
Email:  ebadway@foxrothschild.com
*Attorney to Iris Schaum*

Steven R. Schlesinger, Esq.
Shannon A. Scott, Esq.
Jaspan Schlesinger LLP
Email: sschlesinger@jaspanllp.com
Email: sscott@jaspanllp.com
*Attorneys for Peter Zutty, Janet Jaffin Dispositive Trust and Janet Jaffin and Milton Cooper as
Trustees, Amy Luria Partners LLC, Amy Joel, Robert Luria Partners, and Samuels Family LTD
Partnership, Patricia Samuels, Andrew Samuels, Estate of Richard A. Luria, David Richman, Jay
Rosen Executors*

Jeremy A. Mellitz
Withers Bergman, LLP
E-mail: Jeremy.Mellitz@withers.us.com
*Attorney for Von Rautenkranz Nachfolger Special Investments LLC*

Hunter T. Carter, Esq.
Shawanna L. Johnson, Esq.
Arent Fox LLP
Email:  carter.hunter@arentfox.com
Email: johnson.shawanna@arentfox.com
*Attorneys for Sanford Guritzky, Brenda Guritzky, Dana Guritzky Mandelbaum, Ronald P.
Guritzky, Guritzky Family Partnership LP, and Brenda H. Guritzky as Trustee of Trust B U/W
George H. Hurwitz (collectively the "Guritzky Parties")*

George Brunelle, Esq.
Anna Hadjikow
Brunelle & Hadjikow, P.C.
Email:  gbrunelle@brunellelaw.com
Email:  ahadjikow@brunellelaw.com
*Attorneys for the James H. Cohen Special Trust, James H. Cohen, Morrie Abramson, Robyn
Berniker, BK Interest, LLC, The Marian Cohen 2001 Residence Trust, Alan D. Garfield, Erin M.
Hellberg, Barry E. Kaufman and Marion Tallering-Garfield*

Chester B. Salomon
Becker, Glynn, Melamed & Muffly LLP
Email:  csalomon@beckerglynn.com
*Attorney for SBM Investments, LLP, Weithorn/Casper Associated for Selected Holdings LLC*

Jonathan W. Wolfe
Barbara A. Schweiger
Skoloff & Wolfe, P.C.
Email: jwolfe@skoloffwolfe.com
Email: bschweiger@skoloffwolfe.com
*Attorneys for Albert & Carole Angel*

Richard J. McCord, Esq.
Carol A. Glick, Esq.
Certilman Balin Adler & Hyman, LLP
Email: rmccord@certilmanbalin.com
Email: cglick@certilmanbalin.com
*Attorneys to Clayre Hulsh Haft, Morton L. Certilman and Joyce Certilman, Bernard Certilman,
Alyssa Beth Certilman,*

Demet Basar
Eric B. Levine
Wolf Haldenstein Adler Freeman & Herz LLP
Email:  basar@whafh.com
Email:  levine@whafh.com
*Attorneys to Nephrology Associates P.C. Pension Plan*

Imtiaz A. Siddiqui
Steven N. Williams
Cotchett, Pitre & McCarthy
Email:  isiddiqui@spmlegal.com
Email: swilliams@cpmlegal.com
*Attorneys for Jay Wexler, Daniel Ryan, Theresa Ryan, Matthew Greenberg, Walter Greenberg,*
*Doris Greenberg, The Estate of Leon Greenberg and Donna M. McBride*

Bernard J. Garbutt III, Esq.
Menachem O. Zelmanovitz, Esq.
Morgan, Lewis & Bockius LLP
Email:  bgarbutt@morganlewis.com
Email:  mzelmanovitz@morganlewis.com
*Attorneys for the Kostin Company*

Stephen Fishbein
James L. Garrity Jr.
Richard F. Schwed
Shearman & Sterling LLP
Email:  sfishbein@shearman.com
Email:  jgarrity@shearman.com
Email:  rschwed@shearman.com
*Attorneys for Harold S. Miller Trust Dated 12/4/64 FBO Elaine Miller,*
*Lilfam LLC, Lilyan Berkowitz Revocable Trust Dated 11/3/95, and Wellesley Capital*
*Management*

Richard C. Yeskoo
Yeskoo Hogan & Tamlyn, LLP
Email:  yeskoo@yeskoolaw.com
*Attorneys for Joan L. Fisher, Carl T. Fisher, and the Trust U/A VIII of the Will of Gladys C. Luria*
*F/B/O Carl T. Fisher*

Carmine D. Boccuzzi Jr., Esq.
David Y. Livshiz, Esq.
Cleary Gottlieb Steen & Hamilton LLP
Email:  maofiling@cgsh.com
*Attorneys for Citibank, N.A., Citibank North America, Inc., and Citigroup Global Markets*
*Limited*

Casey D. Laffey
Reed Smith LLP
Email:  claffey@reedsmith.com
*Attorneys for Bart M. Schwartz, as Receiver of Gabriel Capital, L.P. and Ariel Fund Limited*

Michael S. Pollok
Marvin and Marvin, PLLC
Email:  mpollok@marvinandmarvin.com
*Attorneys for Alan Hayes and Wendy Wolosoff-Hayes*

James H. Hulme
Joshua Fowkes
Arent Fox LLP
Email:  hulme.james@arentfox.com
Email:  fowkes.joshua@arentfox.com
*Attorney for Eleven Eighteen Limited Partnership; Bernard S. Gewirz; Carl S. Gewirz; Edward
H. Kaplan; Jerome A. Kaplan; Albert H. Small; 1776 K Street Associates Limited Partnership;
Estate of Robert H. Smith; Robert H. Smith Revocable Trust; Clarice R. Smith; Robert P. Kogod;
Marjet LLC; and Irene R. Kaplan*

David S. Stone, Esq.
Amy Walker Wagner, Esq.
Carolyn B. Rendell
Stone & Magnanini LLP
Email:  dstone@stonemagnalaw.com
Email:  awagner@stonemagnalaw.com
Email:  crendell@stonemagnalaw.com
*Attorneys for Defendants David P. Gerstman and Janet Gerstman*

Alan E. Marder, Esq.
Meyer, Suozzi, English & Klein, P.C.
Email:  amarder@msek.com
*Counsel for Judie B. Lifton and the Judie Lifton 1996*

Jeffrey D. Sternklar
Duane Morris LLP
Email:  jdsternklar@duanemorris.com
*Attorneys for Magnus A. Unflat, the Eleanore C. Unflat Living Trust, Eleanore C. Unflat, in her
capacity as co- trustee of the Eleanore C. Unflat Living Trust, Magnus A. Unflat, in his capacity
as co-trustee of the Eleanore C. Unflat Living Trust, and Eleanore C. Unflat*

Jeff E. Butler
Alexander M. Feldman
Clifford Chance US LLP
Email:  Jeff.Butler@CliffordChance.com
Email:  Alexander.Feldman@CliffordChance.com
*Attorneys for Cardinal Management, Inc. and Dakota Global Investments, Ltd.*

Bennette D. Kramer
Schlam Stone & Dolan LLP
Email:  bdk@schlamstone.com
*Attorneys for defendant Belfer Two Corporation*

Christopher L. Gallinari
Bellows & Bellows, P.C.
Email:  cgallinari@bellowspc.com
*Counsel for Brian H. Gerber*

Eric T. Schneiderman
New York State Education Department
Email: neal.mann@oag.state.ny.us

Eric D. Goldberg, Esq.
Stutman, Treister & Glatt
Email: egoldberg@stutman.com

Marc J. Kurzman, Esq.
Sandak Hennessey & Greco LLP
Email: mkurzman@shglaw.com
*Attorneys for Orthopaedic Specialty Group, P.C. Defined Contribution Pension Plan Participants*

Fred H. Perkins, Esq.
Michael R. Dal Lago, Esq.
Morrison Cohen LLP
Email: fhperkins@morrisoncohen.com
Email: bankruptcy@morrisoncohen.com
*Attorneys for Customer Claimant David Silver*

Andrew J. Ehrlich
Paul, Weiss, Rifkin, Wharton & Garrison LLP
Email: aehrlich@paulweiss.com
*Attorneys for the Estate of Mark D. Madoff and Andrew H. Madoff, individually and as Executor of the Estate of Mark D. Madoff*

Peter N. Wang
Foley & Lardener LLP
Email: pwang@foley.com
*Co-Counsel for Orthopaedic Specialty Group, P.C. Defined Contribution Pension Plan
Participants*

William F. Dahill
Fletcher W. Strong
Wollmuth Maher & Deutsch LLP
Email: wdahill@wmd-law.com
Email: fstrong@wmd-law.com

Helen Davis Chaitman
Peter W. Smith
Julie Gorchkova
Becker & Poliakoff LLP
Email: hchaitman@becker-poliakoff.com
Email: psmith@becker-poliakoff.com
Email: jgorchkova@becker-poliakoff.com
*Attorneys for Marshal Peshkin and defendants listed in Exhibit A*

Robert J. Kaplan
Law Office of Robert J. Kaplan
Email: lawkap@aol.com
*Attorney for MUUS Independence Fund LP and Michael W. Sonnenfeldt*

Paula J. Warmuth
Glenn P. Warmuth
Stim & Warmuth, P.C.
Email: pjw@stim-warmuth.com
Email: gpw@stim-warmuth.com
*Attorneys for Creditors, Michael Most and Marjorie Most*

Martin H. Bodian
Bodian & Bodian, LLP
Email: mhbodian@gmail.com
*Attorney for Linda Polatsch*

Steven G. Storch, Esq.
Rena Andoh, Esq.
Brittany Nilson, Esq.
Storch Amini & Munves PC
Email: sstorch@samlegal.com
Email: randoh@samlegal.com
Email: bnilson@samlegal.com
*Attorneys for PJ Administrator LLC, Trust Under Article Fourth U/W/O*
*Robert E. Klufer, Alyse Klufer, individually and in her capacity as trustee of the Trust*
*Under Article Fourth U/W/O Robert E. Klufer, and Elisabeth Klufer, in her capacity as*
*trustee of the Trust Under Article Fourth U/W/O Robert E. Klufer, Robert and Alyse*
*Klufer Family Trust "A", Alyse Joel Klufer as Trustee of the Robert and Alyse Klufer*
*Family Trust "A", Elisabeth Klufer, Nancy Greengrass, Jane Shrage, Natalie Greengrass,*
*Maxwell Greengrass, Damien Cave, Michael Shrage, R.H.1 and R.H.2*

Steven H. Newman, Esq.
Robert A. Abrams, Esq.
Katsky Korins LLP
Email: snewman@katskykorins.com
Email: rabrams@katskykorins.com
*Attorneys for Richard Spring, The Spring Family Trust, and The Jeanne T. Spring Trust, Estate of*
*Richard L. Cash, Richard L. Cash Declaration of Trust Dated September 19, 1994, James H.*
*Cash, David Cash, Jonathan Cash, and Gladys Cash, Gladys Cash and Cynthia J. Gardstein,*
*Freda Epstein Revocable Trust, Freda B. Epstein, and Jennifer Spring McPherson, and S. H. &*
*Helen R. Scheuer Family Foundation, Inc.*

Kenneth W. Lipman, Esq.
Siegel, Lipman, Dunay, Shepard & Miskel, LLP
Email: klipman@sldsmlaw.com
*Co-counsel of record with Katsky Korins LLP for defendants Richard Spring, The Spring Family*
*Trust, and The Jeanne T. Spring Trust*

Daniel J. Kornstein, Esq.
William B. Pollard, III, Esq.
Amy C. Gross, Esq.
Kornstein Veisz Wexler & Pollard, LLP
Email: dkornstein@kvwmail.com
Email: wpollard@kvwmail.com
Email: agross@kvwmail.com
*Attorneys for Certain American Securities Defendants*

David A. Kotler
Dechert LLP
Email: david.kotler@dechert.com
*Attorneys for Defendant Oppenheimer Acquisition Corp.*

Carole Neville
SNR Denton US LLP
Email: carole.neville@snrdenton.com
*Attorney for SNR Customers*

William A. Habib, Esq.
Habib Law Associates, LLC
Email: wahabib@verizon.net
*Attorney for Anthony F. Russo*

Sedgwick M. Jeanite, Esq.
White and Williams LLP
Email: jeanites@whiteandwilliams.com
*Attorney for Fabio Conti*

Max Folkenflik
Folkenflik & McGerity
Email: max@fmlaw.net
*Attorney for CRS Revocable Trust, Constance R. Sisler, individually, and in her capacity as Settlor and Trustee of the CRS Revocable Trust, Allan R. Tessler, in his capacity as Trustee of the CRS Revocable Trust, Edith G. Sisler, S. James Coppersmith Charitable Remainder Unitrust, Robert S. Bernstein, Robert Auerbach Revocable Trust, the Joyce C. Auerbach Revocable Trust, Robert Auerbach, individually, Joyce C. Auerbach, individually, as Trustee of the Robert Auerbach Revocable Trust, and as Trustee of the Joyce C. Auerbach Revocable Trust, and others*

Brian J. LaClair, Esq.
Blitman & King LLP
Email: bjlaclair@bklawyers.com
*Attorneys for Bricklayers and Allied Craftsmen Local 2 Annuity Fund; Bricklayers and Allied Craftworkers Local 2, Albany, New York, Health Benefit Fund; Bricklayers and Allied Craftworkers Local 2, Albany, New York, Pension Fund; Building Trade Employers Insurance Fund; Central New York Laborers' Annuity Fund; Central New York Laborers' Health and Welfare Fund; Central New York Laborers' Pension Fund; Central New York Laborers' Training Fund; Engineers Joint Welfare Fund; Engineers Joint Training Fund; International Brotherhood of Electrical Workers Local Union No. 43 and Electrical Contractors Pension Fund; International Brotherhood of Electrical Workers Local No. 43 and Electrical Contractors Welfare Fund; I.B.E.W. Local 139 Pension Fund; I.B.E.W. Local 241 Pension Fund; I.B.E.W. Local 241 Welfare Benefits Fund; I.B.E.W. Local 325 Annuity Fund; I.B.E.W. Local 325 Pension Fund; I.B.E.W. Local 910 Annuity Fund; I.B.E.W. Local 910 Pension Fund; I.B.E.W. Local 910 Welfare Fund; I.B.E.W. Local 1249 Pension Fund; Laborers' Local 103 Annuity Fund; Laborers' Local 103 Welfare Fund; Laborers' Local 103 Pension Fund; New York State Lineman's Safety Training Fund; Oswego Laborers' Local No. 214 Pension Fund; Plumbers, Pipefitters and Apprentices Local No. 112 Health Fund; Roofers' Local 195 Annuity Fund; Roofers' Local 195 Health & Accident Fund; Roofers' Local 195 Pension Fund; Syracuse Builders Exchange, Inc./CEA Pension Plan; SEIU 1199Upstate Pension Fund; Service Employees Benefit Fund; Service Employees Pension Fund of Upstate New York; Local 73 Retirement Fund; Local 73 Annuity Fund; and Upstate Union Health & Welfare Fund*

Marcy R. Harris
Schulte Roth & Zabel LLP
Email: marcy.harris@srz.com
*Attorney for the Pati H. Gerber Defendants*

**Opposing Claimants**

Howard Siegel
154 Porto Vecchio Way
Palm Beach Gardens, FL 33418
*Pro Se, On behalf of the Siegal IRA*

Angelo Bisceglie, Jr., Esq.
Mark Silberblatt, Esq.
Bisceglie & DeMarco, LLC
Email: abisceglie@bd-lawfirm.com
Email: msilberblatt@bd-lawfirm.com
*Attorneys For the Upstate New York Bakery Drivers and Industry Pension Fund and the Upstate New York Bakery Drivers and Industry Pension Fund*

Stuart M. Nierenberg
Email: stuartn00@alumni.princeton.edu
*Pro Se, On behalf of Plan Trustee for Ltd. Editions Media, Inc. Defined Benefit Pension Plan UA Dtd. 2/9/99*

Marc J. Kurzman
Sandak Hennessey & Greco, LLP
Email: mkurzman@shglaw.com
*Attorney for Orthopaedic Specialty Group P.C. Plan Participants*

Peter N. Wang
Foley & Lardner LLP
Email: pwang@foley.com
*Attorney for Orthopaedic Specialty Group P.C. Plan Participants*

Jennifer A. Clark
Brian J. LaClair
Jonathan M. Cerrito
Blitman & King LLP
Email: jaclark@bklawyers.com
Email: bjlaclair@bklawyers.com
Email:  jmcerrito@bklawyers.com
*Attorneys for Bricklayers and Allied Craftmen Local 2 Annuity Fund, et al.*

Helen Davis Chaitman
Becker & Poliakoff LLP
Email: hchatiman@becker-poliakoff.com
*Attorney for Jacqueline Green Rollover Account; Wayne Green Rollover Account; Wayne D. Green Rollover Account; and J.X. Reynolds & Co. Deferred Profit Sharing Plan*

Myron D. Rumeld
Anthony S. Cacace
Richard J. Corbi
Proskauer Rose LLP
Email: mrumeld@proskauer.com
Email: acacace@proskauer.com
Email: rcorbi@proskauer.com
*Attorneys for Eric S. Saretsky and The Plan Administrator of the Sterling Equities Associates Employee Retirement Plan*

Paul J. Fisch
Deborah L. Fisch
5111 Coffee Tree Lane
North Syracuse, NY 13212
*Pro se*

Michael E. Fisch
250 Gerry Rd.
Chestnut Hill, MA 02467
*Pro se*

Steven H. Fisch
79 Princeton Road
Chestnut Hill, MA 02467
*Pro se*