UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
IRVING H. PICARD,                     :
                                      :
                Plaintiff,            :
                                      :      11 Civ. 3605 (JSR)
        -v-                           :
                                      :
SAUL B. KATZ et al.,                  :
                                      :      ORDER
                Defendants.           :
                                      :
------------------------------------- x

JED S. RAKOFF, U.S.D.J.

By Opinion and Order dated September 27, 2011 (full familiarity with which is here presumed), the Court dismissed most of plaintiff Trustee's claims against defendants, but ruled, inter alia, that the Trustee could recover from defendants their net profits received during the two years prior to Madoff Securities' bankruptcy filing unless defendants could show that those profits were received in return "for value," and that the Trustee could also recover defendants' investments of principal in Madoff Securities made during that same period unless defendants could show that those investments were made "in good faith." See 11 U.S.C. § 548(c); see also Order, 9/28/11; Opinion and Order, 1/17/12.

Following full discovery, the Trustee moved for partial summary judgment, seeking to recover from defendants $83,309,162 in profits on the ground that defendants had failed to show that these profits had been received in return for value. The defendants, in turn, moved for summary judgment on all claims, asserting not only

that their profits were, as a matter of law, received in return for value, but also that their principal had been invested in good faith. After the parties filed a slew of papers, the Court heard oral argument on February 23, 2012 and promised that, since trial of this case was firmly set for March 19, 2012, the Court would issue "bottom line" rulings on the summary judgment motions by March 5, 2012, even though the Court's full opinion giving the reasons for those rulings would not be filed until sometime thereafter. <u>See</u> transcript, 2/23/12, at 90.

As promised, here are the bottom line rulings, together with some very brief comments that, while no substitute for the full opinion that the Court will hereafter render, may be helpful to the parties:

(1) The Trustee's motion for partial summary judgment is granted, because the Court concludes that the "value" the defendants gave to Madoff Securities -- and therefore the amount that they received from Madoff Securities during the applicable two-year period that they can withhold from the Trustee under § 548(c) unless the Trustee shows bad faith -- is equal to the amount of their investment. But the exact amount thereby due the Trustee (though capped at the $83,309,162 that the Trustee expressly seeks on this motion), and how payment should be apportioned among the defendants, will be determined

2

in a subsequent order and may require further briefing and oral argument.

(2) The defendants' motion for summary judgment is denied, though the Court remains skeptical that the Trustee can ultimately rebut the defendants' showing of good faith, let alone impute bad faith to all the defendants. More generally, the Court is concerned that much of the "evidence" that the parties proffered on summary judgment did not comport with the Federal Rules of Evidence and therefore is neither cognizable on these motions nor admissible at trial. Conclusions are no substitute for facts, and too much of what the parties characterized as bombshells proved to be nothing but bombast. Nevertheless, there remains a residue of disputed factual assertions from which a jury could infer either good or bad faith depending on which assertions are credited.

In short, the principal issue remaining for trial is whether the defendants acted in good faith when they invested in Madoff Securities in the two years prior to bankruptcy or whether, by contrast, they wilfully blinded themselves to Madoff's Ponzi scheme. More generally, the claims that remain for trial are Counts One (to the extent not disposed of by this and prior orders), Nine and Eleven, and the defendants are all but those as to whom no claims under those three counts remain.[1] The parties are reminded that, in accordance

---

[1] While there appears to be agreement that certain defendants should now be dismissed, the parties should submit to the Court, by no later than March 12, 2012, a proposed stipulation specifying precisely which parties these are.

3

with the Court's Individual Rules, certain pre-trial submissions are due shortly before the start of trial on March 19, 2012.

    SO ORDERED.

Dated: New York, New York  
       March 5, 2012

_____  
JED S. RAKOFF, U.S.D.J.