**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Jorian L. Rose
Email: jrose@bakerlaw.com
Seanna R. Brown
Email: sbrown@bakerlaw.com
Bik Cheema
Email: bcheema@bakerlaw.com

Hearing Date: April 18, 2012
Time:  10:00 a.m.

Objections Due:  April 11, 2012
Time:  4:00 p.m.

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>  Plaintiff-Applicant,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>  Defendant.<br>In re:<br><br>BERNARD L. MADOFF,<br><br>  Debtor. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |

**NOTICE OF HEARING ON TRUSTEE'S SECOND OMNIBUS MOTION SEEKING TO EXPUNGE OBJECTIONS BY PARTIES THAT DID NOT FILE CLAIMS**

**PLEASE TAKE NOTICE** that on March 6, 2012, Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the estate of Bernard L. Madoff ("Madoff") (collectively,

"Debtor") in the above-captioned SIPA liquidation proceeding, by and through his undersigned counsel, filed the Trustee's second omnibus motion (the "Second Omnibus Motion") seeking to have the Court expunge any and all objections filed by or on behalf of parties that did not file claims related to BLMIS accounts for which the objections were filed ("Non Claimants"), and that a hearing (the "Hearing") to consider the Second Omnibus Motion will be held before the Honorable Burton R. Lifland, United States Bankruptcy Judge, at the United States Bankruptcy Court, the Alexander Hamilton Customs House, One Bowling Green, New York, New York 10004, on **April 18, 2012 at 10:00 a.m.**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that, any responses to the Second Omnibus Motion shall be in writing and shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and served in accordance with General Order M-242, and on (i) Baker & Hostetler LLP, counsel for the Trustee, 45 Rockefeller Plaza, New York, New York 10111, Attn: David J. Sheehan and Jorian L. Rose; and (ii) Securities Investor Protection Corporation, 805 15th Street, N.W., Suite 800, Washington, D.C. 20005, Attn: Kevin H. Bell, so as to be so filed and received by no later than **April 11, 2012 at 4:00 p.m.** ("Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Second Omnibus Motion, the Trustee may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed

2

order annexed to the Second Omnibus Motion, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated:  March 6, 2012
        New York, New York

*/s/ David J. Sheehan*
**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Tel: (212) 589-4200
Fax: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Jorian L. Rose
Email: jrose@bakerlaw.com
Seanna R. Brown
Email: sbrown@bakerlaw.com
Bik Cheema
Email: bcheema@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA*
*Liquidation of Bernard L. Madoff Investment*
*Securities LLC and Bernard L. Madoff*

**Baker & Hostetler LLP**  Hearing Date: April 18, 2012
45 Rockefeller Plaza  Time: 10:00 a.m.
New York, New York 10111
Telephone: (212) 589-4200  Objections Due: April 11, 2012
Facsimile: (212) 589-4201  Time: 4:00 p.m.
David J. Sheehan
Email: dsheehan@bakerlaw.com
Jorian L. Rose
Email: jrose@bakerlaw.com
Seanna R. Brown
Email: sbrown@bakerlaw.com
Bik Cheema
Email: bcheema@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,  Plaintiff-Applicant, v. BERNARD L. MADOFF INVESTMENT SECURITIES LLC,  Defendant. | Adv. Pro. No. 08-01789 (BRL) SIPA LIQUIDATION (Substantively Consolidated) |
| In re: BERNARD L. MADOFF,  Debtor. | |

**TRUSTEE'S SECOND OMNIBUS MOTION SEEKING TO EXPUNGE**
**OBJECTIONS OF PARTIES THAT DID NOT FILE CLAIMS**

TO THE HONORABLE BURTON R. LIFLAND
UNITED STATES BANKRUPTCY JUDGE:

Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the estate of Bernard L. Madoff ("Madoff") (collectively, "Debtor"), by and through his undersigned counsel respectfully represent:

### Jurisdiction

1. This Court has jurisdiction to consider this matter pursuant to §§ 78eee(b)(2) and 78eee(b)(4) of the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq., ("SIPA"),[1] and 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Background

2. On December 11, 2008, the Securities and Exchange Commission ("SEC") filed a Complaint in the United States District Court for the Southern District of New York against defendants Madoff and BLMIS, No. 08-CV-10791 (LLS) (the "Civil Case").

3. On December 15, 2008, pursuant to section 78eee(a)(4)(A) of SIPA, the SEC consented to a combination of the Civil Case with an application filed by the Securities Investor Protection Corporation ("SIPC"). Thereafter, pursuant to section 78eee(a)(3) of SIPA, SIPC filed an application in the District Court alleging, *inter alia*, that the Debtor was not able to meet its obligations to securities customers as they came due and, accordingly, its customers needed the protection afforded by SIPA.

4. On December 15, 2008, the District Court entered an order pursuant to SIPA which, in pertinent part:

    (a)    appointed Irving H. Picard as trustee for the liquidation of the business of BLMIS, pursuant to section 78eee(b)(3) of SIPA;

---

[1] Subsequent references to SIPA shall omit "15 U.S.C."

2

  (b) appointed Baker & Hostetler LLP as counsel to the Trustee pursuant to section 78eee(b)(3) of SIPA;

  (c) removed the case to this Bankruptcy Court pursuant to section 78eee(b)(4) of SIPA; and

  (d) authorized the Trustee to take immediate possession of the property of the debtor, wherever located.

5. Under SIPA, the Trustee is responsible for determining claims, recovering and distributing customer property to BLMIS customers, and liquidating any other assets of the Debtor for the benefit of the estate and its creditors.

6. On December 23, 2008, this Court entered its order (the "Claims Procedures Order", Docket Number 12) that, *inter alia*, identified the bar date for all claims as July 2, 2009, six (6) months from the date of publication of notice and mailing of the Claims Procedures Order (the "Bar Date").

## Relief Requested

7. The Trustee files this Second Omnibus Motion seeking to have the Court expunge any and all objections filed in the above-captioned SIPA liquidation proceeding by or on behalf of parties that did not file claims related to BLMIS accounts for which the objections were filed ("Non Claimants") pursuant to §§ 78fff–2(a)(2) and 78fff–2(a)(3) of SIPA, Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Claims Procedures Order. Those parties are identified on Exhibit A under the heading "*Objections to be Expunged*" (collectively, the "Non Claimant Objections").

8. Certain of the Non Claimant Objections were filed by or on behalf of multiple parties - including both claimants and Non Claimants. The Trustee seeks to have the Court expunge each of the Non Claimant Objections only to the extent that they were filed by Non Claimants. In other words, the Trustee seeks to have the Court expunge objections on behalf of

3

Non Claimants only. The Trustee reserves all rights to object on any other basis to any Non Claimant Objections (in addition to all objections) as to which the Court does not grant the relief requested herein

9. The Trustee's counsel contacted counsel for certain Non Claimants on more than one occasion in order to ascertain evidence of claims filed to the extent they believe them to be in existence, but no substantive response has been forthcoming.

## The Non Claimant Objections Should Be Expunged

10. Upon review of the claims register maintained by Alix Partners LLP, the Court-approved claims agent for the Trustee in the above-captioned SIPA liquidation proceeding, the Trustee has determined that none of the Non Claimants filed claims related to BLMIS accounts for which the objections were filed. Pursuant to section 78fff–2(a)(3) of SIPA and the Claims Procedures Order, the Non Claimants were required to file claims by the Bar Date, July 2, 2009, which they did not. *See* attached for Cohen Affidavit, Ex. B.

11. Section 78fff–2(a)(3) of SIPA provides that "no claim of a customer or other creditor of the debtor which is received by the Trustee after the expiration of the six month period beginning on the date of publication of notice shall be allowed." 78fff–2(a)(3) (with certain limited exceptions not applicable here). The Claims Procedures Order provides "that the bar date for all claims is six (6) months from the date of publication of Notice and mailing that complies with the Notice Provisions ("Publication Date"), and the bar date for receiving the maximum possible protection for customer claims under SIPA is sixty (60) days from the Publication Date." Claims Procedures Order, p. 7. As noted above, the Non Claimants did not file claims in this proceeding related to BLMIS accounts for which the objections were filed.

4

12. Those parties that cannot provide evidence that the Trustee received their claim are routinely disallowed and expunged. *In re Adler Coleman Clearing Corp.,* 204 B.R. 99, 110 (Bankr. S.D.N.Y. 1997).

13. Upon the filing of a claim, the Claims Procedures Order sets forth a dispute resolution mechanism that includes sending determination letters by the Trustee, Claims Procedures Order, p. 6, and claimants filing objections to the Trustee's determination letters within 30 days, Claims Procedures Order pp. 6-7. The Claims Procedures Order assumes the filing of a claim in order to participate in the claims process. The Non Claimants have no stake or interest in this SIPA proceeding or in the Trustee's determination of claims they did not file. It is unclear to the Trustee why objections have been filed on behalf of the Non Claimants or whether there was any inquiry made regarding the existence of a filed claim to which the objection relates. However, because certain parties asserted in their objections that they had in fact filed claims, counsel for the Trustee contacted them but has received no response.

14. Standing is the threshold question in every federal case. To establish standing, a plaintiff must have suffered an 'injury in fact' that is 'distinct and palpable'; the injury must be fairly traceable to the challenged action; and the injury must be likely redressable by a favorable decision. *Nnebe v. Daus,* 644 F.3d 147, 156 (2d Cir. 2011). The Non Claimants' failure to file claims related to BLMIS accounts for which the objections were filed makes redress impossible on their alleged injuries. Accordingly, those persons listed on Exhibit A do not have standing to object and the Trustee requests that the Court expunge each of the Non Claimant Objections listed on Exhibit A.

5

**<u>Notice</u>**

15.     Notice of this Second Omnibus Motion has been provided by U.S. mail, postage prepaid, or email to (i) all claimants listed on Exhibit A attached hereto (and their counsel) whose objections are pending before this Court; (ii) all parties that have filed a notice of appearance in this case; (iii) the SEC; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) SIPC (collectively, the "Notice Parties"), pursuant to the Order Establishing Notice Procedures (ECF No. 4560). In addition, all of the pleadings filed in accordance with the schedule outlined above will be posted to the Trustee's website www.madofftrustee.com and are accessible, without charge, from that site.

16.     The Trustee submits that no other or further notice need be given.

17.     No previous request for the relief sought herein has been made by the Trustee to this or any other Court.

WHEREFORE the Trustee respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: March 6, 2012
      New York, New York

*/s/ David J. Sheehan*
**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Tel: (212) 589-4200
Fax: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Jorian L. Rose
Email: jrose@bakerlaw.com
Seanna R. Brown
Email: sbrown@bakerlaw.com
Bik Cheema
Email: bcheema@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA*
*Liquidation of Bernard L. Madoff Investment*
*Securities LLC and Bernard L. Madoff*