Josephine Wang
General Counsel
SECURITIES INVESTOR PROTECTION
 CORPORATION
805 15TH Street, N.W., Suite 800
Washington, DC  20005
Telephone: 202-371-8300
E-mail: jwang@sipc.org

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant | |
| IN RE: | |
| BERNARD L. MADOFF, | |
| Debtor | |

**RECOMMENDATION OF THE
SECURITIES INVESTOR PROTECTION CORPORATION
IN SUPPORT OF APPLICATIONS OF INTERNATIONAL SPECIAL COUNSEL
TO IRVING H. PICARD, TRUSTEE, FOR
<u>INTERIM AND FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES</u>**

Eleven international special counsel to Irving H. Picard, Esquire, as trustee ("Trustee")

for the substantively consolidated liquidation proceedings of Bernard L. Madoff Investment

Securities LLC ("BLMIS" or "Debtor") and Bernard L. Madoff ("Madoff"), have filed their applications ("Applications") for allowance of interim compensation under the Securities Investor Protection Act, 15 U.S.C. section 78aaa et seq. ("SIPA"). One international special counsel has filed an Application for allowance of final compensation. Pursuant to section 5(b)(5)(C) of SIPA, 15 U.S.C. §78eee(b)(5)(C), SIPC submits this recommendation in support of the Applications. The grounds for this recommendation are as follows:

1. Ten of the Applications involve only the period from June 1, 2011 through September 30, 2011 ("Compensation Period"). Another Application involves the period from February 1, 2011 through the end of the Compensation Period. Another Application is a final Application and involves the period from June 1, 2010 through October 26, 2010 for which compensation has not been previously required ("Mishcon Compensation Period") as well as the holdback of fees on the one prior Application considered by the Court. As detailed in the Applications, international special counsel have rendered a range of services to the administration of the estate during this time. The liquidation proceeding has progressed to a point where the Trustee has reviewed and issued determinations for almost all of the filed customer claims. The completion of administration will require international special counsel to assist the Trustee in (1) continuing with the marshaling of the assets of the estate; and (2) dealing with such other matters as they may be called upon to resolve.

2. The international special counsel who have filed Applications and the geographic locations where they represent the Trustee are: Taylor Wessing ("Taylor Wessing") and Mishcon de Raya ("Mishcon") (England, Wales, and other United Kingdom jurisdictions); Eugene F. Collins ("Collins") (Ireland); Higgs & Johnson (formerly Higgs Johnson Truman Bodden & Co.) ("Higgs") (Cayman Islands); Schiltz & Schiltz ("Schiltz") (Luxembourg); Attias & Levy

2

(Gibraltar); Graf & Pitkowitz Rechtsänwalte GMBH ("Graf") (Austria); Williams Barristers & Attorneys ("Williams") (Bermuda); Kugler Kandestin LLP ("Kugler") (Canada); SCA Creque ("SCA") (British Virgin Islands ("BVI")); Werder Vigano ("Werder") (Switzerland); Attias & Levy ("Attias") (Gibraltar); and UGGC & Associés ("UGGC") (France).

3. SIPC, by its staff, has carefully evaluated the Applications for compensation. This has included analyzing the detailed reports of time spent and services rendered as set forth in the applications and the exhibits thereto. SIPC also has consulted closely with the Trustee and his counsel (Baker & Hostetler LLP) regarding the need for the services of international special counsel, the nature and scope of services rendered by them, and the fees and reimbursement of costs sought by them. The detailed reports of services reflect the following totals of hours expended by international special counsel during the Compensation Period in the performance of their duties: Taylor Wessing – 2,922.5 hours; Collins – 6.7 hours; Higgs – 161.3 hours; Schiltz – 17.2 hours; Graf – 1,231.1 hours; Williams – 138.4 hours; Kugler – 4.4 hours; SCA – 128.4 hours; Werder – 38.0 hours; Attias – 940.1 hours; and UGGC – 37.5 hours. Mishcon reported the expenditure of 5,959 hours during the Mishcon Compensation Period.

4. In reviewing the Applications, SIPC considered the requirements and standards for an application set forth in 15 U.S.C. §78eee(b)(5), the relevant sections of the Bankruptcy Code, and the Administrative Order re Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases. SIPC believes that the Applications substantially comply with the applicable law and this District's Administrative Order.

5. Based upon an average discounted hourly rate of $505.06, Taylor Wessing asserts the reasonable value of its discounted services is $1,476,052.11 and requests allowance of 80%

3

in the amount of $1,180,841.69 and reimbursement of expenses in the amount of $162,162.33 incurred from June 1, 2011 through September 30, 2011.

6. Based on an average discounted hourly rate of $401.18, Mishcon asserts the reasonable value of its discounted services, after a further reduction of its fees, is $1,743,752.47, and requests allowance of that amount and reimbursement of expenses in the amount of $139,765.97 incurred from June 1, 2010 through October 26, 2010. Mishcon has ceased to act as special counsel for the Trustee. Mishcon seeks payment of the 20% holdback applied to its first and only interim application for the period from February 1, 2010 through May 31, 2010 in the amount of $16,481.56.

7. Based on an average discounted hourly rate of $231.47, Collins asserts the reasonable value of its discounted services is $1,550.86, and requests allowance of 80% in the amount of $1,240.69, and reimbursement of expenses in the amount of $217.99 incurred from June 1, 2011 through September 30, 2011.

8. Based upon an average discounted hourly rate of $511.72, Higgs asserts the reasonable value of its discounted services is $82,541.25, and requests allowance of 80% in the amount of $66,033.00, and reimbursement of expenses in the amount of $6,607.19 incurred from June 1, 2011 through September 30, 2011.

9. Based upon an average discounted hourly rate of $487.16, Schiltz asserts the reasonable value of its discounted services is $8,378.96 and requests allowance of 80% in the amount of $6,703.17, and reimbursement of expenses in the amount of $544.63 incurred from June 1, 2011 through September 30, 2011.

10. Based upon an average discounted hourly rate of $487.43, Graf asserts the reasonable value of its discounted services is $600,076.69 and requests allowance of 80% in the

4

amount of $480,061.35, and reimbursement of expenses in the amount of $44,587.04 incurred from June 1, 2011 through September 30, 2011.

11. Based upon an average discounted hourly rate of $525.00, Williams asserts the reasonable value of its discounted services is $72,659.58 and requests allowance of 80% in the amount of $58,127.67, and reimbursement of expenses in the amount of $950.00 incurred from June 1, 2011 through September 30, 2011.

12. Based upon an average discounted hourly rate of $441.63, Kugler asserts the reasonable value of its discounted services is $1,748.85, and requests allowance of 80% in the amount of $1,399.08, and no reimbursement of expenses incurred from June 1, 2011 through September 30, 2011.

13. Based upon an average discounted hourly rate of $552.34, SCA asserts the reasonable value of its discounted services is $70,919.59, and requests allowance of 80% in the amount of $56,735.68, and reimbursement of expenses in the amount of $1,084.80 incurred from June 1, 2011 through September 30, 2011.

14. Based on an average discounted hourly rate of $548.96, Werder asserts the reasonable value of its discounted services is $20,860.41, and requests allowance of 80% in the amount of $16,688.33 and reimbursement of expenses in the amount of $53.57 incurred from June 1, 2011 through September 30, 2011.

15. Based on an average discounted hourly rate of $299.39, Attias asserts the reasonable value of the discounted services is $281,455.26, and requests allowance of 80% in the amount of $225,164.21 and reimbursement of expenses in the amount of $23,263.85 incurred from February 1, 2011 through September 30, 2011.

16.     Based upon an average discounted hourly rate of $487.94, UGGC asserts the reasonable value of its discounted services is $18,297.83, and requests allowance of 80% in the amount of $14,638.27 and reimbursement of expenses in the amount of $206.75 incurred from June 1, 2011 through September 30, 2011.

17.     Generally, SIPC has no objection to the allowance of such interim compensation as the Court may deem appropriate once the liquidation proceeding has progressed to a point where a customer claims process is established and operational and significant work has been performed, and upon consideration of the potential hardship to the applicant. In this liquidation proceeding, a customer claims process has been established and is operational and significant work has been performed.

18.     Section 5(b)(5)(A) of SIPA, 15 U.S.C. § 78eee(b)(5)(A), provides that the Court shall "grant reasonable compensation for services rendered… by a trustee, and by the attorney for such a trustee, in connection with a liquidation proceeding." SIPA § 5(b)(5)(C), 15 U.S.C. § 78eee(b)(5)(C), sets forth the standard for the Court's determination of applications for allowances of compensation and reimbursement in SIPA cases. The section provides:

> Whenever an application for allowances is filed pursuant to subparagraph (B), SIPC shall file its recommendation with respect to such allowances with the court prior to the hearing on such application and shall, if it so requests, be allowed reasonable time after such hearing within which to file a further recommendation. <u>In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC.</u> In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendation of SIPC. [emphasis added]

19.     In a SIPA proceeding, administrative costs and expenses, which include trustee and counsel fees and expenses, are to be borne by the general estate. SIPA § 5(b)(5)(E), 15

6

U.S.C. § 78eee(b)(5)(E). To the extent the estate is not sufficient, SIPC advances funds for their payment. SIPA §§ 5(B)(5)(E), 6(e), and 9(b)(2), 15 U.S.C. §§ 78eee(b)(5)(E), 78fff(e), and 78fff-3(b)(2).

20. In this case, the Court has been advised that the Trustee has "no reasonable expectation that the general estate will be sufficient to make any distribution to general creditors or pay any administrative expenses." (Eighth Application of Trustee and Baker and Hostetler LLP at 68, ¶210.) Thus, any allowances for fees and expenses of international special counsel will be paid by SIPC without any expectation of recoupment by SIPC. Furthermore, there is no difference between the amounts requested by international special counsel and the amounts recommended by SIPC. Consequently, SIPA provides that this Court shall award international special counsel the amounts recommended by SIPC.

21. Resolution of the matters set forth in paragraph 1 above will delay the completion of this proceeding. SIPC respectfully submits that an allowance of interim compensation is appropriate at this time. An interim allowance does not involve a determination as to the actual reasonable value of the services in question. It is merely a payment on account of the final allowance and does not imply that the Court or SIPC has approved the value which special counsel have placed on their services. The amounts sought do not exceed the sums the Court might reasonably award as final compensation for the services rendered. Accordingly, SIPC supports allowance of the interim Applications.

22. SIPC also supports the payment of the Application by Mishcon for final payment of (i) both the fees and expenses incurred in the Mishcon Compensation Period and (ii) the payment of the 20% holdback of $16,481.56 on Mishcon's first and only interim Application. Thus, SIPC supports the total payment of $1,900,000 to Mishcon as final compensation.

7

WHEREFORE, SIPC respectfully recommends that: (1) interim compensation in the amount of $1,180,841.69 sought by Taylor Wessing and reimbursement of $162,162.33 of expenses; (2) interim compensation in the amount of $1,240.69 sought by Collins and reimbursement of $217.99 of expenses; (3) interim compensation in the amount of $66,033.00 sought by Higgs and reimbursement of $6,607.19 of expenses; (4) interim compensation in the amount of $6,703.17 sought by Schiltz and reimbursement of $544.63 of expenses; (5) interim compensation in the amount of $480,061.35 sought by Graf and reimbursement of $44,587.04 of expenses; (6) interim compensation in the amount of $58,127.67 sought by Williams and reimbursement of $950.00 of expenses; (7) interim compensation in the amount of $1,399.08 sought by Kugler; (8) interim compensation in the amount of $56,735.68 sought by SCA and reimbursement of $1,084.80 of expenses; (9) interim compensation in the amount of $16,688.33 sought by Werder and reimbursement of $53.57 of expenses; (10) interim compensation in the amount of $225,164.21 sought by Attias and reimbursement of $23,263.85 of expenses; (11) interim compensation in the amount of $14,638.27 sought by UGGC and reimbursement of $206.75 of expenses; and (12) final compensation in the amount of (a) $1,743,752.47 for fees and (b) the release of the 20% holdback of $16,481.56 in fees sought by Mishcon and the reimbursement of $139,765.97 of expenses,  be allowed.

Date:  March 12, 2012
       Washington, D.C.

                                               Respectfully submitted,

| Of Counsel: | /s/Josephine Wang |
|---|---|
| KEVIN H. BELL | JOSEPHINE WANG |
| Senior Associate General Counsel | General Counsel |
|  For Dispute Resolution | SECURITIES INVESTOR |
| E-mail: kbell@sipc.org |  PROTECTION CORPORATION |
| | 805 15TH Street, N.W. |
| | Suite 800 |
| | Washington, D.C. 20005-2215 |
| | Telephone: (202) 371-8300 |
| | Facsimile: (202) 371-6728 |
| | E-mail: jwang@sipc.org |