08-01789-cgm Doc 4799-4 Filed 05/04/12 Entered 05/04/12 18:59:03 Declaration of Mario M. Cuomo in Support of Trustees Motion and Memorandu Pg 1 of 4

Case 1:11-cv-03605-JSR Document 187 Filed 04/13/12 Page 1 of 4

BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Fernando A. Bohorquez, Jr.
Regina L. Griffin

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>      Debtor. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| IRVING H. PICARD,<br><br>      Plaintiff,<br><br> v.<br><br>Saul B. Katz et al.,<br><br>      Defendants. | Adv. Pro. No. 10-05287 (BRL)<br><br>11 Civ.03605 (JSR)(HBP) |

**DECLARATION OF MARIO M. CUOMO IN SUPPORT OF TRUSTEE'S MOTION**
**AND MEMORANDUM FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. § 105(a)**
**AND RULES 2002(a)(3) AND 9019(a) OF THE FEDERAL RULES OF BANKRUPTCY**
<u>**PROCEDURE APPROVING SETTLEMENT AGREEMENT**</u>

08-01789-smb Doc 4799-4 Filed 05/04/12 Entered 05/04/12 18:59:03 Declaration of Mario M. Cuomo in Support of Trustees Motion and Memorandu Pg 2 of 4

Case 1:11-cv-03605-JSR Document 187 Filed 04/13/12 Page 2 of 4

I, Mario M. Cuomo, declare, pursuant to 28 U.S.C. § 1746, that the following is true:

1. I am Of Counsel to the firm Willkie Farr & Gallagher LLP and former Governor of the State of New York.

2. By Order dated February 10, 2011, United States District Court Bankruptcy Judge Burton R. Lifland appointed me as mediator in Adversary Proceeding No. 10-5287 brought by Irving H. Picard (the "Trustee"), as trustee for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") and Bernard L. Madoff ("Madoff") against Defendants Saul B. Katz, Fred Wilpon, Mets Limited Partnership and numerous related individuals and entities (collectively, the "Defendants") (each of the Trustee and each of the Defendants a "Party" and collectively, the "Parties"). Since that time, I have met with the Parties on an as-needed basis in an effort to mediate their dispute.

3. I make this declaration in support of the Trustee's Motion and Memorandum for Entry of Order Pursuant to Section 105(a) of the Bankruptcy Code and Rules 2002(a)(3) and 9019(a) of the Federal Rules of Bankruptcy Procedure Approving Settlement Agreement. ("9019 Motion").

4. In my capacity as mediator, I became familiar with the claims and defenses asserted by the Parties, the procedural history of this proceeding, and the terms and conditions of the settlement of the Trustee's claims reached by and among the Trustee and the Defendants, as set forth in the Settlement Agreement (" Settlement Agreement"), attached as Exhibit B to the 9019 Motion.

5. I do not express a view as to the substantive merit of either the claims asserted by the Trustee or the defenses asserted by the Defendants. Based upon my understanding of the Settlement Agreement, however, I believe the Settlement Agreement is reasonable, fair,

2

08-01789-smb  Doc 4799-4  Filed 05/04/12  Entered 05/04/12 18:59:03  Declaration of Mario M. Cuomo in Support of Trustees Motion and Memorandu  Pg 3 of 4

Case 1:11-cv-03605-JSR  Document 157  Filed 04/13/12  Page 3 of 4

equitable and in the best interests of the BLMIS fund of customer property and the Estate for the following reasons:

      (a)    <u>Benefit to Customer Fund</u>. The Agreement enables the Trustee to increase the fund of customer property by the Settlement Payment of $162 million. To provide as much certainty as possible, as well as speed and efficiency in the process of recovering the Settlement Payment in the foreseeable future, the Settlement Agreement defines the terms under which the Defendants holding Net Equity Claims will assign those claims to the Trustee ("Assigned Claims"), and the Trustee will allow the Assigned Claims and receive the distributions made from the BLMIS customer property fund in respect of those allowed claims.

      (b)    <u>Administrative Efficiency.</u> The Trustee's control of the distributions during the payment term agreed on by the parties results in administrative efficiencies because each distribution inures to the benefit of the customer property fund and at the same time automatically reduces the defendants' settlement payment obligation. The centralized process is both efficient and cost-effective.

      (c)    <u>Termination of Litigation/Appellate Cost and Delay</u>. The Settlement eliminates (i) the expense and delay of a trial and subsequent appeals from any judgment entered; and (ii) inconvenience and disruption in the lives of scheduled witnesses.

(d) <u>Finality</u>. The Agreement puts an end to litigation between and among the Parties and potentially protracted appeals.

6. I declare under penalty of perjury that the foregoing is true and correct.

_____
Mario M. Cuomo

Executed on April 13, 2012
New York, New York

4