King & Spalding LLP
Richard A. Cirillo
Joshua T. Edgemon
1185 Avenue of the Americas
New York, NY 10036-4003
Telephone: 212-556-2337
Telecopier: 212-556-2222

*Attorneys for Korea Exchange Bank and National Bank of Kuwait S.A.K.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　　　Plaintiff-Applicant,<br>　　　v.<br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　　　　Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br>BERNARD L. MADOFF,<br><br>　　　　　　　Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff,<br><br>　　　　　　　Plaintiff,<br>　　　v.<br>THE DEFENDANTS IDENTIFIED IN EXHIBIT A TO PLAINTIFFS' MOTION AS AMENDED BY THE PLAINTIFF),<br><br>　　　　　　　Defendants. | Adv. Pro. Nos. As Identified in Exhibit A To Plaintiff's Motion (as amended by the Plaintiff) |

**JOINDER BY KOREA EXCHANGE BANK AND NATIONAL BANK OF KUWAIT S.A.K. IN OPPOSITION TO TRUSTEE'S MOTION FOR EXPEDITED DISCLOSURE OF OR NOTICES TO CUSTOMERS AND FORMER CUSTOMERS**

1

Defendants Korea Exchange Bank and National Bank of Kuwait S.A.K. (hereinafter, "Defendants), banks organized and existing under the laws of Korea and Kuwait, respectively, without waiving any defense of position including jurisdictional defenses, join, adopt, and incorporate by reference the memoranda of law filed by Cravath Swaine & Moore LLP on behalf of Banque Syz & Co., SA, Unifortune Asset Management Sgr S.P.A. and Unifortune Conservative Fund, Cleary Gottlieb Steen & Hamilton LLP on behalf of Somers Dublin Limited and Somers Nominees (Far East Limited), and Arnold & Porter LLP on behalf of Merrill Lynch Bank (Suisse) S.A., and such other memoranda as are filed in opposition to the Trustee's motion for an order (i) requiring Defendants to make expedited disclosure to the Trustee of the identities and mailing and physical addresses of customers, former customers, and other persons who, among other things, received funds from the redemption of shares in the Fairfield Funds or, in the alternative, (ii) requiring Defendants to provide to such persons immediate notice of the adversary proceedings in which Defendants are named together with copies of the complaint and exhibits.

Defendants join in each point made in the referenced opposition memoranda. In addition, Defendants believe that relevant laws and rules in Korea and Kuwait prohibit them from identifying the identities or and sending notices to customers and former customers. For example, Article (85 bis), of the Law No. 32 of the Year 1968 Concerning Currency, the Central Bank of Kuwait and the Organization of Banking Business, states:

> Except for cases allowed by the law, any member of the bank's Board of Directors, or bank manager or employee or worker, shall not disclose any information – during the period of his employment or after leaving work at the bank – regarding the affairs of the bank or its customers, or other banks' affairs, which he may have become aware of due to the activities inherent in his position. Without prejudice to any severer penalty under any other law, anyone who violates the prohibition mentioned in the previous paragraph shall be liable to

imprisonment for a term not exceeding three months and the payment of a fine not exceeding two hundred and twenty five Dinars, or to either one of these penalties, plus dismissal from the service.

We are advised that Korean law provides similarly.

The Trustee's inexcusably delay in making his motion, and the expedited schedule on it is brought have prevented Defendants from thoroughly researching the relevant Korea and Kuwait laws and authorities that they believe preclude providing the information that the Trustee seeks or taking the alternate steps he proposes. The Trustee has had nearly a year to seek this relief. Moreover, contrary to the affidavit supporting the motion, neither the Trustee nor his attorneys <u>never</u> asked Defendants or their attorneys whether Defendants even possess, and if so, whether if they would be permitted under governing law to provide, the information or notices sought by the Trustee. Under these circumstances, the Trustee bears the burden of demonstrating that the order he seeks would be permitted without causing Defendants to violate governing, local laws. The Trustee has had ample time and ample resources to determine the answer to these questions. He should have done so before asking the Court on a last minute, expedited basis order Defendants to take steps in violation of their legal obligations.

In addition, without having established either the Court's jurisdiction over Defendants or the need to proceed by Order to Show Cause, the Trustee is not entitled to the relief he seeks.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully ask the Court to deny the Trustee's motion in all respects.

Dated: New York, NY
May 14, 2012

                              **KING & SPALDING LLP**

                              By:  /s/ Richard A. Cirillo
                                      Joshua T. Edgemon
                              1185 Avenue of the Americas
                              New York, NY 10036-4003
                              Telephone:  (212) 556-2100
                              Telecopier:  (212) 556-2222
                              rcirillo@kslaw.com
                              jedgemon@kslaw.com

                              *Attorneys for Defendants Korea Exchange Bank and National Bank of Kuwait S.A.K.*

## CERTIFICATE OF SERVICE

I certify that on May 14, 2012, a copy of the foregoing Joinder in Opposition to Plaintiff's Order to Show Cause was filed electronically with the Court through the ECF System. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. It also was served on May 14, 2012, on the following by First Class, United States Mail, postage prepaid: Clerk's Office of the United States Bankruptcy Court, One Bowling Green, New York, New York 10004, and David J. Sheehan, Attorney for Plaintiff, Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, New York 10111.

/s/ Richard A. Cirillo