DUANE MORRIS LLP
1540 Broadway
New York, NY 10036-4086
Telephone: 212.692.1022
John Dellaportas, Esq.
Michael Butterman, Esq.
William Heuer, Esq.
*Counsel to Delta National Bank And*
*Trust Company*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br>　　　　　Plaintiff,<br>　　v.<br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>　　　　　Defendant. | Adv. Pro. No. 08-1789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br>　BERNARD L. MADOFF,<br>　　　　　Debtor. | |
| IRVING H. PICARD,<br>　　　　　Plaintiff,<br>　　v.<br>DELTA NATIONAL BANK AND TRUST COMPANY,<br>　　　　　Defendant. | Adv. Pro. No. 11-02551 (BRL) |

**OPPOSITION OF DELTA NATIONAL BANK AND TRUST COMPANY TO**
**TRUSTEE'S APPLICATION BY WAY OF ORDER TO SHOW CAUSE**
**SEEKING ENTRY OF ORDER DIRECTING DEFENDANTS TO MAKE**
**EXPEDITED INITIAL DISCLOSURE OR PROVIDE IMMEDIATE**
**NOTICE OF CERTAIN ADVERSARY PROCEEDINGS**

Delta National Bank And Trust Company ("***Delta***"), by and through its undersigned counsel, hereby submits this statement in opposition to the Application (the "***Application***") by the Trustee (the "***Trustee***") for the liquidation of Bernard L. Madoff Investment Securities LLC ("***BLMIS***") in which the Trustee seeks an Order compelling, *inter alia*, Delta to disclose its

customers' identities or, in the alternative, requiring Delta to mail certain notices and copies of pleadings to its customers.

## Discussion

1. On May 18, 2012, counsel to the Trustee conferred with Delta, through Delta's undersigned counsel, regarding the matters set out in the Application. The parties were unable to resolve the matters addressed by the Application.

2. Delta will be brief in stating its opposition to the Application and will not unduly burden the docket with a lengthy case filing. Delta joins in certain arguments made in the following opposition papers filed in related adversary proceedings on May 14, 2012, all of which relate to the Application:

- Opposition by Defendant Pictet et Cie to Trustee's Application by Way of Order to Show Cause Seeking Entry of Order Directing Defendants to Make Expedited Initial Disclosures or Provide Immediate Notice of Certain Adversary Proceedings filed at Docket Number 24 in *Picard v. Pictet et Cie*, No. 11-01724 (Bankr. S.D.N.Y.) (the "**Pictet Opposition**");

- Joinder by Quilvest Finance Ltd. in Opposition to the Trustee's Application, by Way of Order to Show Cause, Seeking Entry of an Order Directing Defendants to Make Expedited Limited Initial Disclosures or to Provide Immediate Notice of Certain Adversary Proceedings filed at Docket Number 18 in *Picard v. Quilvest Finance Ltd.*, No. 11-02538 (Bankr. S.D.N.Y.) (the "**Quilvest Opposition**"); and

- Opposition of Banque Syz and Unifortune to the Trustee's Application for Expedited Disclosure of Customer Information or, Alternatively, to Require Certain Notices filed at Docket Number 27 in *Picard v. Banque Syz & Co., SA*, No. 11-02149 (Bankr. S.D.N.Y.) (the "**Banque Syz Opposition**").

3. Specifically, Delta objects to the relief sought through the Application on the following grounds:

**I.  The Trustee has failed to demonstrate "good and sufficient reason" for proceeding by way of order to show cause**

4. The Trustee has failed to show that "good and sufficient reasons" exist for granting the relief sought in the Application by way of order to show cause on an expedited

2

basis. Accordingly, Delta objects to the relief sought in the Application for the reasons set forth in § I of the Banque Syz Opposition and incorporates any and all objections contained therein as if set forth at length herein.

**II.   The Trustee's timing problems are of his own making
and do not warrant the relief the Trustee now seeks**

5.   The Trustee has caused the timing problems about which the Trustee now complains and as a result of which the Trustee now seeks the relief set forth in the Application. Because the Trustee has created these problems by no fault of Delta, Delta objects to the relief sought in the Application for the reasons set forth in ¶¶ 14-15 of the Pictet Opposition and incorporates any and all objections and arguments contained therein as if set forth at length herein.

**III.   The Application is improper because emergency discovery is not
necessary in order to enable the Trustee to litigate the merits of his claims**

6.   The Trustee's application is improper because no emergency discovery is necessary in order to enable the Trustee to litigate his claims on the merits. Therefore, Delta objects to the relief sought in the Application for the reasons set forth in ¶ 16 of the Pictect Opposition and incorporates any and all objections and arguments contained therein as if set forth at length herein.

**IV.   The Federal Rules of Bankruptcy Procedure do not authorize the relief sought**

7.   Neither the Federal Rules of Civil Procedure nor the Federal Rules of Bankruptcy Procedure authorize the relief sought by the Trustee in the Application. As such, Delta objects to the relief sought in the Application for the reasons set forth in § II.B of the Banque Syz Opposition and incorporates any and all objections and arguments contained therein as if set forth at length herein. In addition, Delta objects to the relief sought in the Application for the

3

reasons set forth in ¶¶ 12 and 13 of the Quilvest Opposition and incorporates any and all objections and arguments contained therein as if set forth at length herein.

**V.     The alternative relief sought by the Trustee would be <u>unduly burdensome and not serve its stated purpose</u>**

8.      The Trustee requests that this Court enter an order directing Delta to make "service of notice" of the above-referenced adversary proceeding on its customers.  Delta opposes this relief for the reasons set forth in §§ II.A, III, and IV of the Banque Syz Opposition and incorporates any and all objections and arguments contained therein as if set forth at length herein.

**VI.    <u>The Trustee's proposed "sanction" for noncompliance is without basis</u>**

9.      In light of the fact that it is the Trustee's own failures that has caused the "emergency" about which the Trustee now complains, the proposed "sanction" for noncompliance is absurd.  Accordingly, Delta opposes this "sanction" for the reasons set forth in ¶ 20 of the Pictet Opposition and incorporates any and all objections and arguments contained therein as set forth at length herein.

Dated: May 19, 2012
       New York, New York

Respectfully submitted,

By:     */s/ John Dellaportas*
        John Dellaportas, Esq.
        Michael Butterman, Esq.
        William C. Heuer Esq.
        Patricia Heer, Esq.
        **DUANE MORRIS LLP**
        1540 Broadway
        New York, NY  10036
        Telephone: (212) 692-1000
        Facsimile:  (212) 692-1020

*Counsel to Delta National Bank and Trust Company*

4