```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
SECURITIES INVESTOR PROTECTION          :
CORPORATION,                            :
                                        :
              Plaintiff,                :
                                        :     12 MC 115 (JSR)
              -v-                       :
                                        :         ORDER
BERNARD L. MADOFF INVESTMENT            :
SECURITIES LLC,                         :
                                        :
              Defendant.                :
------------------------------------- x
                                        :
In re:                                  :
                                        :
MADOFF SECURITIES                       :
                                        :
------------------------------------- x
```

PERTAINS TO ALL CASES

JED S. RAKOFF, U.S.D.J.

The Court has decided to consolidate briefing on the merits of an issue -- raised in a number of pending and decided motions to withdraw the reference -- for which the Court has previously withdrawn the reference to the bankruptcy court, specifically, whether the Securities Investor Protection Act ("SIPA"), 15 U.S.C. § 78aaa et seq., and other securities laws alter the standard the Trustee must meet in order to show that a defendant did not receive transfers in "good faith" under either 11 U.S.C. § 548(c) or 11 U.S.C. § 550(b). See Picard v. Avellino, 2012 WL 826602 (S.D.N.Y. Feb. 29, 2012); Picard v. Primeo Fund et al., 11 Civ. 6524 (JSR) (S.D.N.Y. May 15, 2012). Even though many of the issues surrounding the standard for

"good faith" are case-specific, the overall issue of whether SIPA and other securities laws alter the standard that the Trustee must meet can be dealt with globally on the basis of consolidated briefing. While a single consolidated moving brief, a single consolidated answering brief, and a single consolidated reply brief will suffice, the parties, if they prefer, can prepare a few separate briefs reflecting materially relevant differences between identifiable sub-groups of transferees. The Court directs the Trustee to arrange for all parties raising the issue of good faith to prepare a proposed order consolidating and scheduling the briefing. The parties should submit their proposed order to the Court no later than June 13, 2012. In the interim, the Court stays any briefing schedule set in an individual adversary proceeding to the extent that the briefing contemplated by that schedule addressed only the "good faith" issue and other issues for which the Court has consolidated briefing.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
May 30, 2012