```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
SECURITIES INVESTOR PROTECTION        :
CORPORATION,                          :
                                      :
              Plaintiff,              :
                                      :
              -v-                     :
                                      :
BERNARD L. MADOFF INVESTMENT          :
SECURITIES LLC,                       :
                                      :
              Defendant.              :    12 MC 115 (JSR)
------------------------------------- x
                                      :       ORDER
In re:                                :
                                      :
MADOFF SECURITIES                     :
                                      :
------------------------------------- x
                                      :
PERTAINS TO:                          :
                                      :
Picard v. Danville Manufacturing Co., :
11 Civ. 6573 (JSR)                    :
                                      :
------------------------------------- x
```

JED S. RAKOFF, U.S.D.J.

Defendant Danville Manufacturing Co. ("Danville") has moved to withdraw the reference to the Bankruptcy Court of the adversarial proceeding brought against it by Irving H. Picard, the trustee appointed to liquidate the estate of Bernard L. Madoff Investment Securities, LLC pursuant to the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. The Court's previous orders have resolved two issues raised by Danville's motion. See Consent Order Regarding § 546(e) dated May 12, 2012; Order Regarding Antecedent Debt dated May 12, 2012. The Court directs the parties to continue according to the

procedures outlined in those orders. Danville also raises three issues on which the Court has previously declined to withdraw the reference: whether the Trustee must take a constant-dollar approach when calculating Danville's profits; whether 15 U.S.C. § 78fff-2(c)(3) precludes the Trustee from bringing avoidance actions since he has, according to Danville, already recovered sufficient funds to satisfy all customer claims; and whether SIPA empowers the Trustee to avoid fraudulent transfers in disregard of securities customers' legitimate expectation that the brokerage statements they received documented real transactions. See Picard v. Flinn Inv., LLC, 463 B.R. 280, 283-84, 288 (S.D.N.Y. 2011). For the reasons stated in Flinn, the Court denies Danville's motion to withdraw the reference on these three issues. The Clerk of the Court is hereby ordered to close item number 1 on the docket of 11 Civ. 6573.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York

June 6, 2012