```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
SECURITIES INVESTOR PROTECTION        :
CORPORATION,                          :
                                      :
            Plaintiff,                :
                                      :
       -v-                            :
                                      :
BERNARD L. MADOFF INVESTMENT          :
SECURITIES LLC,                       :
                                      :
            Defendant.                :       12 MC 115 (JSR)
------------------------------------- x
                                      :       ORDER
In re:                                :
                                      :
MADOFF SECURITIES                     :
                                      :
------------------------------------- x
                                      :
PERTAINS TO:                          :
                                      :
Picard v. Lucky Co., 11 Civ. 8840     :
(JSR)                                 :
                                      :
------------------------------------- x
```

JED S. RAKOFF, U.S.D.J.

Two trusts -- the Morty Wolosoff Revocable Trust and the Gloria Wolosoff Revocable Trust (collectively "the defendants") -- acting through Stephen N. Dratch, their trustee, have moved to withdraw the reference to the Bankruptcy Court of the adversarial proceeding brought against them by Irving H. Picard ("the Trustee"), the trustee appointed to liquidate the estate of Bernard L. Madoff Investment Securities, LLC pursuant to the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. The Court's previous orders have resolved three of the issues raised by the defendants' motion.

See Consent Order Regarding § 546(e) dated May 12, 2012; Order Regarding Antecedent Debt dated May 12, 2012; Order Regarding Stern v. Marshall dated April 13, 2012. The Court directs the parties to continue according to the procedures outlined in those orders. The defendants also raise three issues on which the Court has previously declined to withdraw the reference: whether the Trustee must take a constant-dollar approach when calculating the defendants' profits; whether 15 U.S.C. § 78fff-2(c)(3) prohibits the Trustee from bringing avoidance actions because he has, according to the defendants, already recovered funds sufficient to pay all of the customer claims that he has allowed; and whether the Trustee's fee arrangement deprives the defendants of their right to due process. See Picard v. Flinn Inv., LLC, 463 B.R. 280, 283-88 (S.D.N.Y. 2011). For the reasons stated in Flinn, the Court denies the defendants' motion to withdraw the reference on these three issues. The Clerk of the Court is hereby ordered to close item number 9 on the docket of 11 Civ. 8840.

    SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York

    June 6, 2012