```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
SECURITIES INVESTOR PROTECTION       :
CORPORATION,                         :
                                     :
              Plaintiff,             :
                                     :
         -v-                         :
                                     :
BERNARD L. MADOFF INVESTMENT         :
SECURITIES LLC,                      :
                                     :
              Defendant.             :    12 MC 115 (JSR)
------------------------------------ x
                                     :    ORDER
In re:                               :
                                     :
MADOFF SECURITIES                    :
                                     :
------------------------------------ x
                                     :
PERTAINS TO:                         :
                                     :
Picard v. Fiterman Inv. Fund et al., :
11 Civ. 8984 (JSR); Picard v. Hess   :
Kline Revocable Trust et al., 11 Civ.:
8986 (JSR); Picard v. Metro Motors,  :
Inc. et al., 11 Civ. 8987 (JSR);     :
Picard v. Miles Q. Fiterman Revocable:
Trust et al., 11 Civ. 8988 (JSR);    :
Picard v. Miles & Shirley Fiterman   :
Charitable Found. et al., 11 Civ.    :
8989 (JSR).                          :
                                     :
------------------------------------ x
```



JED S. RAKOFF, U.S.D.J.

The defendants in 11 Civ. 8984, 11 Civ. 8986, 11 Civ. 8987, 11 Civ. 8988, and 11 Civ. 8989 have moved to withdraw the reference to the Bankruptcy Court of the adversarial proceedings brought against them by Irving H. Picard ("the Trustee"), the trustee appointed to liquidate the estate of Bernard L. Madoff Investment Securities, LLC

pursuant to the Securities Investor Protection Act ("SIPA"), 15 U.S.C. § 78aaa et seq. The Court's previous orders have resolved the majority of the issues raised by the defendants' motion. See Consent Order Regarding § 546(e) dated May 12, 2012; Order Regarding Antecedent Debt dated May 12, 2012; Order Regarding Stern v. Marshall dated April 13, 2012. The Court directs the parties to continue according to the procedures outlined in those orders. The defendants also argue that the Court should withdraw these proceedings in their entireties because issues under SIPA will arise "at every turn." Nonetheless, the Court has previously explained that not every issue arising under SIPA mandates withdrawal; instead, only issues requiring substantial and material interpretation of SIPA require withdrawal. See Picard v. Flinn Inv., LLC, 463 B.R. 280, 283-84 (S.D.N.Y. 2011). Indeed, the Court has previously determined that one of the issues identified by the defendants -- the "constant-dollar" issue -- does not mandate withdrawal. Id. at 286. Because the defendants have not met their burden of demonstrating that a court must undertake substantial and material interpretation of SIPA "at every turn," the Court declines to withdraw the reference of these proceedings in their entireties.[1] The

---

[1] The defendants also argue that the Court should withdraw the reference of these cases in their entireties "for cause shown." 28 U.S.C. § 157(d). Because the Court's interpretation of Stern v. Marshall, 131 S. Ct. 2594 (2011), may affect the analysis of whether the Court should withdraw "for cause shown," see Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP, 462 B.R. 457, 463-67 (S.D.N.Y. 2011), the Court regards this argument as subsumed by the consolidated briefing on the issues presented by Stern, see Order

2

Clerk of the Court is hereby ordered to close item number 1 on the docket of 11 Civ. 8984, 11 Civ. 8986, 11 Civ. 8987, 11 Civ. 8988, and 11 Civ. 8989.

    SO ORDERED.

                                                JED S. RAKOFF, U.S.D.J.

Dated: New York, New York

       June 6, 2012

---

Regarding <u>Stern v. Marshall</u> dated April 13, 2012. Accordingly, the Court will resolve this issue when it decides the motion described in the April 13, 2012 Order.