HERRICK, FEINSTEIN LLP
Joshua J. Angel
Frederick E. Schmidt, Jr.
2 Park Avenue
New York, NY 10016
(212) 592-1400
jangel@herrick.com
eschmidt@herrick.com
*Attorneys for A&G Goldman Partnership and
Pamela Goldman, Individually and on behalf
of a similarly situated classes*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: <br><br> SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-1789 (BRL) <br><br> SIPA Liquidation <br><br> (Substantively Consolidated) |

### DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD AND STATEMENT OF ISSUES ON APPEAL

Pursuant to Federal Bankruptcy Rule 8006, A&G Goldman Partnership and Pamela Goldman, each individually and on behalf of similarly situated classes (collectively, the "Class Action Plaintiffs"), by their undersigned counsel, hereby: (i) designate items for inclusion in the record and (ii) state the issues, in connection with this appeal, as follows:

## **DESIGNATION OF RECORD**[1]

1. Motion to Approve / *Motion of Picower Class Action Plaintiffs for a Determination that the Commencement of Securities Class Action Lawsuits Against Non-Debtor Parties is not Prohibited by a Permanent Injunction Issued by this Court or Violate of the Automatic Stay* (Docket No. 4580).

2. Motion to Approve / *Motion of Picower Class Action Plaintiffs for a Determination that the Commencement of Securities Law Class Action Lawsuits Against Non-Debtor Parties is not Prohibited by a Permanent Injunction Issued by this Court or Violate of the Automatic Stay* (Docket No. 4581).

3. Opposition / *Trustee's Opposition to Motions of Class Action Plaintiffs to Proceed with their Proposed Class Actions* (Docket No. 4797).

4. Affidavit *of Matthew Cohen in Support of Trustee's Opposition to Motions of Class Action Plaintiffs to Proceed with their Proposed Class Action* (Docket No. 4798).

5. Reply to Motion / *Reply in Support of Motion of Class Action Plaintiffs for a Determination that the Commencement of Securities Class Action Lawsuits Against Non-Debtor Parties is Not Prohibited by a Permanent Injunction Issued by This Court or Violative of the Automatic Stay* (Docket No. 4813).

6. Seventh Trustee's Interim Report *For the Period Ending March 31, 2012* (Docket No. 4793).

7. Transcript regarding Hearing Held on 06/19/2012 11:05AM RE: Picower Class Action Plaintiffs for a determination that the Commencement of the Securities Class Action Lawsuits Against Non-Debtor Parties is Not Prohibited by a Permanent Injunction Issued by this Court or Violative of the Automatic Stay (Docket No. 4903).

---

[1] All items for inclusion in the record listed herein shall include any and all exhibits, attachments, affidavits and/or declarations filed in support of the enumerated docket entries.

HF 7515455v.1 #15628/0001

8. Written Opinion/Bench Memorandum Decision and Order signed on 6/20/2012 Denying Motion of Picower Class Action Plaintiffs for a Determination that The Commencement of Securities Class Action Lawsuits Against Non-Debtor Parties Is Not Prohibited by a Permanent Injunction by This Court or Violative of The Automatic Stay (Docket No. 4900).

9. Written Opinion/Memorandum Decision signed on 3/1/2010 Granting Trustees Motion For An Order (1) Upholding Trustees Determination Denying Customer Claims For Amounts Listed on Last Customer Statement; (2) Affirming Trustees Determination Of Net Equity; And (3) Expunging Objections to Determinations Relating To Net Equity (Docket No. 1999).

## STATEMENT OF ISSUES

1. Did the Bankruptcy Court err in holding that the Class Action Plaintiffs' federal securities law claims (the "Securities Law Claims") against the estate of Jeffry M. Picower and related defendants (collectively, the "Picower Defendants"), arising under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, are permanently enjoined by the Bankruptcy Court's January 13, 2011 Order as duplicative or derivative of claims the Trustee brought or could have brought in his complaint against the Picower Defendants (the "Trustee's Complaint")?

2. Did the Bankruptcy Court err in holding that the prosecution of the Securities Law Claims is stayed by operation of the automatic stay provisions contained in Section 362 of the Bankruptcy Code?

3. Did the Bankruptcy Court err in holding that the Securities Law Claims arise out of the same injuries alleged in the Trustee's Complaint?

4. Did the Bankruptcy Court err in declining to consider differences between the Securities Law Claims and the claims asserted by the Trustee with respect to harms committed and damages alleged?

- 3 -

5. Did the Bankruptcy Court err in holding that the existence of common facts and common defendants alone renders the Securities Law Claims duplicative or derivative of claims brought or which could have been brought by the Trustee against the Picower Defendants?

6. Did the Bankruptcy Court err in finding that the injuries sustained by the Class Action Plaintiffs were not significantly different than those suffered by creditors in general?

7. Did the Bankruptcy Court err in its implicit finding that the Securities Law Claims could have been brought by any creditor of Bernard L. Madoff Investment Securities LLC ("BLMIS")?

8. Did the Bankruptcy Court err in its finding that the Securities Law Claims belong to the Trustee?

9. Did the Bankruptcy Court err in finding that the Securities Law Claims are dependent upon the Picower Defendants' withdrawals from BLMIS?

10. Did the Bankruptcy Court err in holding that the prosecution of the Securities Law Claims by the Class Action Plaintiffs is barred by the Bankruptcy Court's "Net Equity Decision" which was affirmed by the Second Circuit Court of Appeals in *In re Bernard L. Madoff Inv. Sec. LLC*, 654 F.3d 229 (2d Cir. 2011) (the "Net Equity Decision")?

11. Did the Bankruptcy Court err in finding that the Net Equity Decision determined the amount and extent of any claims creditors of BLMIS may have against non-debtor third parties?

- 4 -

Dated: New York, New York  HERRICK, FEINSTEIN LLP
      July 17, 2012

By: */s/ Joshua J. Angel*
Joshua J. Angel
Frederick E. Schmidt, Jr.
jangel@herrick.com
eschmidt@herrick.com
Two Park Avenue
New York, NY 10016
(212) 592-1400

*Attorneys for A&G Goldman Partnership and Pamela Goldman, Individually and on behalf of a similarly situated classes*

- 5 -