# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |

**AFFIDAVIT OF DUANE LANDRETH, ESQ.,
IN SUPPORT OF TRUSTEE'S MOTION FOR AN ORDER APPROVING
THE RETENTION OF LA TANZI, SPAULDING & LANDRETH, P.C.
AS SPECIAL COUNSEL *NUNC PRO TUNC* AS OF JUNE 7, 2012**

COMMONWEALTH OF MASSACHUSETTS  )
                                ) ss.:
COUNTY OF BARNSTABLE             )

**DUANE LANDRETH**, being duly sworn, deposes and says:

1. I am a member of the law firm of La Tanzi, Spaulding & Landreth, P.C. ("LS&L" or the "Firm"), whose offices are located at 8 Cardinal Lane, P.O. Box 2300, Orleans, Massachusetts 02653. I and any attorneys at the Firm working on this matter are admitted to practice in all courts in the Commonwealth of Massachusetts.

2. Upon review of the Firm's conflicts database, neither I, LS&L, nor any member or associate thereof, have any connection with Bernard L. Madoff Investment Securities LLC ("BLMIS") or Bernard L. Madoff ("Madoff" and together with BLMIS, the "Debtors"), the Debtors' customers or petitioning creditors, any other party in interest, Irving H. Picard, Esq. (the "Trustee"), or any person employed in the Office of the United States Trustee for the Southern District of New York.

3. LS&L will seek compensation, at agreed upon rates as set forth in that certain Fee Agreement effective as of June 7, 2012, executed by and between the Trustee and LS&L (the "Fee Agreement"), which have been reduced by ten (10%) percent from its normal hourly rates, as well as the reimbursement of reasonable and necessary expenses, pursuant to that certain Order under Section 78eee(b)(5) of SIPA, Sections 105, 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a) and Local Bankruptcy Rule 2016-1 Establishing Procedures Governing Interim Monthly Compensation of Trustee and Baker & Hostetler LLP, entered February 25, 2009 (ECF No. 126), and shall, in accordance with the terms of such Order and the Fee Agreement, submit monthly statements and file interim and final fee applications with this Court pursuant to the terms of Bankruptcy Code sections 330 and 331.

4. Pursuant to the Fee Agreement, LS&L shall maintain its current hourly rates in this matter for one year after the effective date of LS&L's retention, or until June 7, 2013.

5. As of this date, LS&L has incurred fees of $6,777.00 and actual and necessary expenses of $267.90 in the aggregate amount of $7,044.90 for which it has not yet sought compensation or reimbursement.

6. LS&L has not received a retainer from the Trustee.

7.   No agreement exists between LS&L and any third person for the sharing of compensation received by LS&L in connection with this case, except as allowed by Bankruptcy Code section 504(b) and Federal Rule of Bankruptcy Procedure 2016, in respect of sharing of compensation among members of LS&L.

8.   Insofar as I have been able to ascertain, neither I nor LS&L holds or represents any interest adverse to the Trustee, the Debtors or their estates, or any class of creditors or other parties in interest herein, in connection with the matters upon which it is to be engaged.

9.   LS&L is disinterested as that term is defined in SIPA section 78eee(b)(6)(A).

10.  LS&L will conduct ongoing checks for conflicts and when additional creditors and/or parties in interest are known, or if any new, relevant facts or relationships are discovered or arise, LS&L shall file and promptly serve a supplemental affidavit.

_____
DUANE LANDRETH

Sworn to before me this
19th day of July, 2012

_____
Notary Public

KATHLEEN O'KEEFE
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires
September 01, 2017

3