UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-1789 (BRL) <br><br> SIPA Liquidation <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |

**APPLICATION OF ATTIAS & LEVY AS SPECIAL COUNSEL TO THE TRUSTEE FOR ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM OCTOBER 1, 2011 THROUGH JANUARY 31, 2012**

Keith Azopardi, together with other members and associates at the law firm of Attias & Levy, special counsel for Irving H. Picard (the "Trustee"), Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor") under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA") and Bernard L. Madoff, submits this Application for Interim Allowance of Fees and Reimbursement of Expenses (the "Application") for compensation of legal fees in the amount of $45,845.67 (of which 20% is to be deferred through the conclusion of the liquidation period) and reimbursement of expenses in the amount of $1,104.43 for the period from October 1, 2011 through January 31, 2012 (the "Compensation Period"). In support of the Application, Attias & Levy respectfully submits as follows:

300252121

## I. BACKGROUND

1. On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order (the "Decree Order") calling for the liquidation of the business of the Debtor in accordance with SIPA and by Paragraph II of the Decree Order, the Trustee was appointed as the trustee for the liquidation of the Debtor's business.

2. The Debtor's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, to the extent consistent with the provisions of SIPA, is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") pursuant to SIPA § 78fff(b).

3. Beginning on March 13, 2009, Attias & Levy has served as special counsel for the Trustee.

4. On April 7, 2009, this Court entered an order approving the Trustee's motion for authority to retain Attias & Levy as special counsel to the Trustee in matters pertaining to Gibraltar.

5. The Trustee's motion to retain Attias & Levy established a fee arrangement pursuant to which Attias & Levy agreed to a fee reduction in the amount of 10% as well as an additional holdback of fees in the amount of 20%.

## II. SERVICES RENDERED BY ATTIAS & LEVY

6. The legal services performed on behalf of the Trustee during the time period covered by this Application are as follows:

*Overview*

***A. The Vizcaya Actions***

7. There are six related Gibraltar actions in which Gibraltar Special Counsel for the Trustee has been involved, namely:

(a) A judicial review brought by Vizcaya Partners Limited ("Vizcaya") against the decision by the Gibraltar Financial Intelligence Unit to issue "no consent" orders, freezing monies held at Bank J Safra (Gibraltar) Limited ("Safra") in the names of Vizcaya, Zeus Partners Limited ("Zeus"), Asphalia Fund Limited ("Asphalia"), and Siam Investment Management Limited ("Siam") (the "Vizcaya Judicial Review");

(b) An action brought by Siam against the Attorney General and the Bank seeking the release of the sums held in its account;

(c) An action brought by Bank Safra to pay into Court approximately US$63 million held by it in the accounts of Zeus and Asphalia pending determination of the claims;

(d) An action brought by the Trustee against Vizcaya, Zeus, Asphalia, Siam, and Bank Safra for assistance from the Gibraltar Court relating to the transfer of US$150 million and seeking orders for disclosure of information, freezing orders, payment into Court and turnover of the monies to the Trustee and/or the U.S. Bankruptcy Court (the "Trustee's Action");

(e) A claim brought by Vizcaya, Zeus, Asphalia, and Siam on October 26, 2009 (the "VZAS Claim");

(f) An action brought by the Trustee in December 2010 against the Vizcaya and other recipient parties to pursue as a fall-back ("the Trustee's B Action").

8. The work done in relation to these related matters over the specific invoice period is as set out below.

### B. *Sonja Kohn/Tecno*

9. While the work on the Vizcaya actions was the principal work conducted, other work was conducted in relation to proceedings in Gibraltar against Sonja Kohn and other related defendants in support of proceedings issued against them in England and in aid of proceedings in the United States (the "Sonja Kohn Action").

10. Attias & Levy liaised with Gibraltar counsel for Robert Faissal, a potential claimant, regarding his intention to file an action against Vizcaya seeking payment of US $1.5 million from the sums paid into the Gibraltar Court by Vizcaya.

11. Attias & Levy facilitated and finalized service of the Trustee's B Action on a number of defendants, including working with service agents in various jurisdictions to enable service in the Cayman Islands, Bermuda and the BVI.

12. In addition, Attias & Levy took steps in accordance with the International Conventions to enable service of documents in Geneva, Switzerland, and had discussions with the Court Registry to trigger Court to Court procedures under the Hague Convention.

13. Attias & Levy corresponded with various parties and their legal representatives as a result of such service.

14. Attias & Levy provided legal advice regarding the implications of the English Court's ruling in the BLMIS/Madoff Securities International Limited (in liquidation) ("MSIL") action brought against Sonja Kohn and others.

15. Attias & Levy drafted further applications against Sonja Kohn in Gibraltar.

### III. COMPENSATION REQUESTED

16. The Application demonstrates how Attias & Levy has both added value to the Debtor's estate and has advanced the Debtor's SIPC liquidation proceeding.

17. Attias & Levy has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism. To that end, Attias & Levy has staffed this matter leanly and endeavored to eliminate duplication of effort by giving primary responsibility of the case to one partner, Mr. Keith Azopardi.

18. From October 1, 2011 through January 31, 2012, Attias & Levy provided a total of 164.2 hours of legal services to the Trustee in this case. Prior to the 10% discount, the total amount of fees incurred in this time period was $50,939.63 and the total blended rate for professional services was $310.23/hour. After the 10% discount, the total amount of fees incurred is $45,845.67 and the total blended rate is $279.21/hour. Attias & Levy has agreed to a further holdback of 20% of its fees in the amount of $9,169.13, resulting in the present request for compensation in the amount of $36,676.54.

19. A breakdown of the total number of hours performed by each Attias & Levy timekeeper is provided on **Exhibit A** annexed hereto.

20. Attias & Levy seeks reimbursement for out-of-pocket expenses incurred in connection with its representation of the Trustee during the Compensation Period of $1,104.43. An itemized list of these expenses is detailed on **Exhibit B** attached hereto. Attias & Levy does not charge for incoming faxes. Charges for electronic research, overnight delivery, postage, long distance telephone calls, and other out-of-pocket disbursements are based on the actual amounts paid by Attias & Levy for those services.

## IV.  GENERAL MATTERS

21. All of the professional services for which compensation is requested herein were performed by Attias & Levy for and on behalf of the Trustee and not on behalf of any other person or entity.

22. No agreement or understanding exists between Attias & Levy and any other person for sharing compensation received in connection with this case nor has any other person or entity agreed to provide Attias & Levy with compensation for the legal services described herein.

23. Section 78eee(b)(5)(A) of SIPA provides in pertinent part that, upon appropriate application and after a hearing, "[t]he court shall grant reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred . . . by a trustee, and by the attorney for such a trustee . . . ." Section 78eee(b)(5)(C) of SIPA specifically establishes SIPC's role in connection with applications for compensation and the consideration the Court should give to SIPC's recommendation concerning fees. That section provides as follows:

> In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC. In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendation of SIPC.

SIPA § 78eee(b)(5)(C).

24. To the extent the general estate is insufficient to pay such allowances as an expense of administration, SIPA § 78eee(b)(5)(E) requires SIPC to advance the funds necessary to pay the compensation of Attias & Levy (*see* SIPA § 78fff-3(b)(2)).

25. The Trustee has determined, at this time, that he has no reasonable expectation that the general estate will be sufficient to make a distribution to general creditors or pay administrative expenses. The Trustee has been advised by SIPC that it concurs in this belief of the Trustee. Accordingly, any fees and expenses allowed by this Court will be paid from advances by SIPC without any reasonable expectation by SIPC of recoupment thereof.

300252121                                6

26. Therefore, with respect to this Application, Attias & Levy requests that consistent with section 78eee(b)(5)(C) of SIPA, the Court "shall award the amounts recommended by SIPC." *See In re Bell & Beckwith*, 112 B.R. 876 (Bankr. N.D. Ohio 1990). Attias & Levy expects that SIPC's recommendation shall be filed with this Court separately.

**WHEREFORE**, Attias & Levy respectfully requests that this Court enter an Order:

a. Granting this Application; and

b. Allowing and awarding $45,845.67, of which $36,676.54 is to be paid currently and $9,169.13 is to be held back through the conclusion of the liquidation period or until further order of the Court, as an interim payment for professional services rendered by Attias & Levy to the Trustee from October 1, 2011 through January 31, 2012 ; and

c. Allowing payment to Attias & Levy in the amount of $1,104.43 for reimbursement of expenses incurred by Attias & Levy from October 1, 2011 through January 31, 2012 ; and

d. Granting Attias & Levy such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: August 1, 2012

ATTIAS & LEVY

By: *s/ Keith Azopardi*
Keith Azopardi
First Floor Suites
39 Irish Town
P.O. Box 466
Gibraltar
London EC1A 2FG
Telephone: +350 200 72150
Fax: +350 200 74986

# EXHIBIT A

## SUMMARY OF INTERIM FEE APPLICATION
## OF ATTIAS & LEVY FOR SERVICES RENDERED
## FOR THE PERIOD OCTOBER 1, 2011 THROUGH JANUARY 31, 2012

|  | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Keith Azopardi | 1990 (UK & Gib) | $347.99 | 107.6 | $37,443.73 |
| Samantha Sacramento | 2000 (UK) 2004 (Gib) | $280.80 | 12.9 | $3,622.32 |
| Suzika Santiago | 2003 (UK) 2003 (Gib) | $276.42 | 20.1 | $5,556.05 |
| Carol Haw |  | $260.94 | 8.5 | $2,217.99 |
| Nicholas Bottino | 2011 (UK) 2011 (Gib) | $139.63 | 7.1 | $991.38 |
| Colin Grech | 2010 (UK) 2011 (Gib) | $138.52 | 8 | $1,108.16 |
| Total: |  | $310.23 | 164.2 | $50,939.63 |
| Total minus 10% Discount |  | $279.21 |  | $45,845.67 |
| **Total Net of 20% Holdback:** |  |  |  | **$36,676.54** |

300252121

# EXHIBIT B

## EXPENSE SUMMARY OF ATTIAS & LEVY
## FOR THE PERIOD
## OF OCTOBER 1, 2011 THROUGH JANUARY 31, 2012

| **EXPENSES** | **AMOUNTS** |
|---|---|
| Court Fees | $351.31 |
| Courier | $377.08 |
| General Expenses (telephone, copies, postage, etc.) | $376.04 |
| **Total Expenses Requested:** | **$1,104.43** |

300252121