WINDELS MARX LANE & MITTENDORF, LLP
156 West 56th Street
New York, New York 10019
Tel:  (212) 237-1000
Howard L. Simon
Email: hsimon@windelsmarx.com

Hearing Date:  August 29, 2012
Hearing Time:  10:00 a.m. EST
Objection Deadline: August 22, 2012
Time: 4:00 P.M. EST

*Special Counsel to Irving H. Picard, Esq., Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC and*
*Alan Nisselson, the Chapter 7 Trustee of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-01789 (BRL) <br> SIPA Liquidation <br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |

**EIGHTH APPLICATION OF WINDELS MARX LANE & MITTENDORF, LLP**
**FOR ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES**
**RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY**
**EXPENSES INCURRED FROM**
**OCTOBER 1, 2011 THROUGH JANUARY 31, 2012**

Windels Marx Lane & Mittendorf, LLP ("Windels Marx" or the "Firm") as special

counsel to Irving H. Picard as trustee (the "Trustee") for the substantively consolidated

liquidation proceeding of Bernard L. Madoff Investment Securities LLC ("BLMIS" or

"Debtor"), and to Alan Nisselson as trustee (the "Chapter 7 Trustee") for the Chapter 7

estate of Bernard L. Madoff ("Madoff"), pursuant to the Orders of this Court dated July 16, 2009 [Docket No. 327] and November 23, 2011 [Docket No. 4547], respectfully submits this application (the "Eighth Application") for an order pursuant to section 78eee(b)(5) of the Securities Investor Protection Act ("SIPA"), 15 U.S.C.§ 78eee(b)(5), sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101 et. seq. (the "Bankruptcy Code"), and Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), allowing and awarding interim compensation for services performed by Windels Marx for the period commencing October 1, 2011 through and including January 31, 2012 (the "Compensation Period") in the amount of $3,203,844.60 of which 80%, or $2,563,075.68 is to be paid currently and 20%, or $640,768.92, is to be deferred through the conclusion of the liquidation proceeding or further order of the Court, and reimbursement of Windels Marx's actual and necessary expenses incurred during the Eighth Compensation Period in the amount of $24,142.98, and in support thereof, respectfully represents as follows:

## I.    PRELIMINARY STATEMENT

1.    During this Eighth Compensation Period, Windels Marx continued to assist the Trustee and his counsel, Baker & Hostetler LLP ("Baker"), in their efforts to recover customer property for the victims of Madoff's fraud.

2.    Among other things, Windels Marx continued its investigation into the facts and legal theories supporting the fraudulent conveyance actions against certain insiders, feeder funds, and investment advisors previously filed by the Firm. We also investigated potential actions and drafted complaints against certain subsequent transferees of BLMIS

Customer Property, and during this Compensation Period filed two new actions against subsequent transferees.

3.     In addition, Windels Marx, in coordination with Baker and the Trustee's consultants, continued to work on the three actions against entities owned by members of the Madoff family and on the over 40 "Good Faith" adversary proceedings that were in each case previously commenced by Windels Marx.

4.     During this Compensation Period, the Firm also successfully concluded its negotiations with prospective purchasers of, and sold, the 50% interest in a private jet owned by BLM Air Charter LLC ("BLM Air"), a subsidiary of the consolidated estate of BLMIS. At the same time, we (i) continued to address administrative matters and post-closing issues arising in the BLM Air chapter 11 bankruptcy proceeding, and (ii) dismissed BLM Air's adversary proceeding against the co-owner of the private jet in connection with the sale of the 50% interest.

5.     The following discussion and the materials attached to this Eighth Application cover the major categories of services for which allowance of compensation is sought.

## II.    PROCEDURAL BACKGROUND

The SIPA Liquidation

6.     On December 11, 2008, the United States Securities and Exchange Commission (the "SEC") filed a complaint in the United States District Court for the Southern District of New York (the "District Court") against defendants Madoff and BLMIS (Case No. 08 CV 10791) (the "SEC Action"). The SEC complaint alleged that Madoff and BLMIS engaged in fraud through the investment advisor activities of BLMIS.

7.      In the SEC Action, the SEC consented to a combination of its own action with an application of the Securities Investor Protection Corporation ("SIPC").  Thereafter, pursuant to section 78eee(a)(3) of the SIPA, SIPC filed an application in the District Court alleging, inter alia, that BLMIS was not able to meet its obligations to securities customers as they came due and, accordingly, its customers needed the protection afforded by SIPA.

8.      On December 15, 2008, District Judge Stanton granted the SIPC application, which among other things:

- appointed Irving H. Picard as the SIPA Trustee for the liquidation of the business of BLMIS pursuant to 15 U.S.C. § 78eee(b)(3);

- appointed Baker as counsel to the SIPA Trustee pursuant to 15 U.S.C. § 78eee(b)(3); and

- removed the liquidation proceeding (the "BLMIS Liquidation") to this Court pursuant to 15 U.S.C. § 78eee(b)(4).

The Bernard L. Madoff Chapter 7 Case

9.      On April 13, 2009, Blumenthal & Associates Florida General Partnership, Martin Rappaport Charitable Remainder Unitrust, Martin Rappaport, Marc Cherno and Steven Morganstern (collectively, the "Petitioning Creditors"), through their attorneys, Milberg LLP, filed an involuntary petition for relief under Chapter 7 of the Bankruptcy Code against Madoff.

10.      On April 16, 2009, the Petitioning Creditors filed a motion to appoint a trustee in Madoff's case, and on that same date, the Court entered an Order to Show Cause

Why the Court Should Not Enter an Order Directing the United States Trustee to Appoint an Interim Trustee.

11.     On April 20, 2009, the Court entered an Order directing the Office of the United States Trustee for the Southern District of New York (the "UST") to appoint an interim trustee to perform the duties of trustee as set forth in Bankruptcy Code §§ 701 and 704, pursuant to which the UST appointed Alan Nisselson as the Chapter 7 Trustee on April 21, 2009.

12.     On April 24, 2009, the Court entered an Order authorizing and empowering the Chapter 7 Trustee to retain Windels Marx to represent him in the Madoff case, effective as of April 21, 2009.

13.     On May 5, 2009, the SIPA Trustee and SIPC filed a joint motion for entry of an order pursuant to section 105(a) of the Bankruptcy Code substantively consolidating the Madoff estate into the BLMIS Liquidation (the "Substantive Consolidation Motion").

14.     On June 4, 2009, after the Chapter 7 Trustee filed a Response to the Substantive Consolidation Motion, the Court entered a Consent Order ("Consent Order") [Docket No. 252] which, among other things:

- approved the Substantive Consolidation Motion, nunc pro tunc to December 11, 2008;

- ordered that the Chapter 7 Trustee would remain trustee to the Madoff estate and would continue to have all powers, rights, claims, and interests of a Chapter 7 trustee pursuant to, among others, Chapters 5 and 7 of the Bankruptcy Code;

- directed that the Trustee would have all the duties and powers of a SIPA trustee and of a Chapter 7 trustee, other than those specifically granted to the Chapter 7 Trustee as indicated above; and

- ordered that the Chapter 7 Trustee would be authorized to use as his counsel any counsel or special counsel retained by the Trustee, after consultation with, and the approval of, the Trustee and SIPC.

15.     On July 16, 2009, this Court entered an Order granting the Trustee's motion to retain Windels Marx as special counsel on behalf of the consolidated estate, *nunc pro tunc* as of June 9, 2009 [Docket No. 327], finding that Windels Marx is disinterested pursuant to provisions section 78eee(b)(6) of SIPA, section 327(a) of the Bankruptcy Code, and Bankruptcy Rule 2014(a) and is therefore in compliance with the disinterestedness requirement in section 78eee(b)(3) of SIPA, section 327(a) of the Bankruptcy Code, and Bankruptcy Rule 2014(a).

16.     On November 23, 2011, this Court entered an Order [Docket No. 4547] making certain provisions of this Court's Order Establishing Procedures Governing Interim Monthly Compensation of the Trustee and Baker & Hostetler LLP, amended and superseded in its entirety on June 1, 2011, applicable to Windels Marx, *nunc pro tunc* as of June 1, 2011.

### III.     SPECIAL COUNSEL'S EXPERIENCE

17.     Windels Marx engages in the general practice of law, and has substantial expertise in such areas as bankruptcy, commercial litigation, securities, tax and corporate law.

18.    In particular, the senior Windels Marx attorneys in charge of this matter specialize in advising Chapter 7 and Chapter 11 bankruptcy trustees in connection with complex bankruptcy litigation related to, among other things, asset analysis and recovery.

## IV.    SUMMARY OF SERVICES

19.    The services rendered by Windels Marx during the four-month Eighth Compensation Period are described below.  In rendering professional services to the Trustee and the Chapter 7 Trustee, Windels Marx's legal team has been composed of professionals with extensive experience in bankruptcy and complex commercial litigation, securities, tax, and corporate law.

20.    Windels Marx professionals have worked closely with the Trustee, his counsel Baker, and the Trustee's other retained professionals to coordinate their efforts in order to maximize efficiency and to avoid any duplication of effort.

21.    This Eighth Application is intended to serve as a summary description of the more significant services rendered by Windels Marx during the Eighth Compensation Period.  The following section provides an overview of those services, sorted by the matter and task codes used by Windels Marx for specific categories of work. As noted in our last Fee Application, at SIPC's request, starting October 2011, Windels Marx converted to a more detailed categorization of its time entries, using new categories approved by SIPC and the Trustee.  Accordingly, this Eighth Application and all fee applications hereafter will group time entries into a greater number of categories than the number of categories previously used.

22.    Matter Number 02 is the general matter number used for tasks that affect all proceedings commenced by Windels Marx on behalf of the Trustee, and task numbers have

been assigned for specific categories of work to permit a more detailed analysis of the fees incurred.[1]

23.    Matter Numbers 03-15 relate to specific projects, adversary proceedings, or groups of adversary proceedings commenced and/or being handled by Windels Marx on behalf of the Trustee. Common tasks conducted by Windels Marx in each of these projects, adversary proceedings, or groups of adversary proceedings include the drafting of reports, analyses, and internal memoranda; the filing of papers and the scheduling of matters with the Bankruptcy and/or District Courts; on-going coordination with Baker regarding investigation and litigation strategy; and/or discussions with opposing counsel regarding representation, service, and appearance issues, extensions of time to respond, adjournments of pre-trial conferences, discovery, and settlement. For the sake of brevity, the following descriptions of specific projects, adversary proceedings, or groups of adversary proceedings will not repeat these common tasks, but will be limited to matter-specific tasks and case activity that occurred during the Compensation Period.

A.    **MADOFF  GENERAL (MATTER 02)**

       **Task Code 004: Case Administration (501.39 hours)**

24.    This category relates to various case management tasks, including (i) research projects and memoranda of general applicability for use by Windels Marx and/or Baker, (ii) the on-going review and reporting internally and to SIPC and Baker on the status of cases and case-wide issues, (iii) procedural tasks covering all or substantially all Windels Marx cases, (iv) the on-going review, organizing, and docketing of case-related

---

[1] Matter 01 is reserved for certain non-billable time entries.

information into Baker's and Windels Marx's central databases for use across all Windels Marx and Baker teams, and (v) other general administrative tasks.

25.     Time entries during this Compensation Period also related to (i) numerous legal research projects performed at the request of Baker, including research into certain sections of the Bankruptcy Code, statute of limitations issues, and the precedential value attaching to particular court decisions, (ii) work on the motions to withdraw the reference filed in many of the Firm's cases, and (iii) the analysis of recent decisions issued by the Bankruptcy and District Courts as relates to the Firm's cases.

### Task Code 007: Fee Application (126.90 hours)

26.     This category relates to the Firm's preparation of Windels Marx's monthly billing statements to SIPC, as well as  Windels Marx's Applications for Interim Compensation, and the time spent by attorneys and paraprofessionals in reviewing the Windels Marx billing statements before they are submitted to SIPC, to ensure that time was properly billed, to correct any errors in time entries, to write off certain time and expenses as agreed to by Windels Marx for the benefit of SIPC, and to respond to certain adjustments requested by SIPC after its review of the monthly billing statements and draft fee application.

### Task Code 020: Internal Office Meetings (18.00 hours)

27.     This category covers internal Windels Marx strategy and case management sessions related to Windels Marx's pending adversary proceedings. Through these internal meetings and discussions, Windels Marx seeks to ensure the effective use of the time of all timekeepers working on this matter, and to avoid duplicative efforts and provide a

consistent approach to the approximately 60 adversary proceedings and legal matters being handled by the Firm.

**Task Code 041: Discovery, Document Review, Document Production (4,053.00 hours)**

28.    This category relates to discovery and related issues not specific to a Windels Marx case, such as document productions in response to third party subpoenas, productions of documents produced by parties with whom Baker has a conflict ("Conflict Documents"), confidentiality issues concerning these document productions, and other discovery-related work that is responsive to special requests from Baker or applicable generally to Windels Marx's cases.

29.    Time entries during this Compensation Period in large part related to the Firm's review of documents in response to a third-party subpoena issued to the Trustee by Ivy Asset Management LLC ("Ivy") (the "Ivy Subpoena") in connection with the consolidated District Court actions involving, *inter alia*, Ivy and Beacon Associates LLC 1 ("Beacon"), *In Re Beacon Associates Litigation*, 09 Civ 777 (S.D.N.Y.) (LBS) (AJP) (the "Consolidated SDNY Beacon/Ivy Litigation"). Significant time was also spent reviewing and, where appropriate, producing, Conflict Documents in connection with (i) Baker's preparations for trial in *Picard v. Saul B. Katz, et al*., 11 Civ 3605 (S.D.N.Y.) (JSR), and (ii) document requests served on the Trustee in *Picard v. J. Ezra Merkin, et al*, 09-01182 (Bankr. S.D.N.Y.) (BRL).

30.    Windels Marx's work on the Ivy Subpoena is separate from, and does not overlap with, Windels Marx's work in the Trustee's adversary proceeding against Ivy, Beacon, and other defendants, covered by Matter Number 09 below.

**Task Code 042: Bankruptcy Court Litigation (94.74 hours)**

31.     This category covers all litigation brought by Windels Marx on behalf of the Trustee other than adversary proceedings against BLMIS Investment Advisor customers, including (i) fraudulent conveyance cases against Hoboken Radiology LLC, *Picard v Hoboken Radiology LLC*, Adv. Pro. No. 10-05386 (Bankr. S.D.N.Y.) (BRL), PetcareRX, *Picard v. PetCareRX*, Adv. Pro. No. 10-05392 (Bankr. S.D.N.Y.) (BRL), and a number of charities (which proceedings are under seal), (ii) a breach of loyalty action against a foreign consultant to the Trustee, *Picard v. Edwald Weninger, et al*., Adv. Pro. No. 11-01680 (Bankr. S.D.N.Y.) (BRL), and (iii) the on-going representation of the Trustee as a creditor in the bankruptcy case, pending in the Bankruptcy Court in the District of Connecticut, of a BLMIS Investment Advisor customer, *In re Robert Silverman*, 11-50504 (Bankr. D. Conn.) (AHWS).

**B.      HARDSHIP (MATTER 03) (139.3 hours)**

32.     This category relates to the Firm's work researching, analyzing, and processing eight Hardship Applications arising in its cases.  As of the end of January 2012, four applications were approved and the cases dismissed, one application was denied, two applications were referred to settlement, and one application was pending.

**C.      BLM AIR – CHAPTER 11 (MATTER 04) (74.8 hours)**

33.     This category relates to the BLM Air chapter 11 case commenced by Windels Marx on behalf of the Trustee to preserve and maximize the BLM Air estate's primary asset—its interest in a private jet—and the activities therein.  *In Re BLM Air Charter LLC,* 09-16757 (Bankr. S.D.N.Y.) (BRL). During this Compensation Period, we

worked on ongoing administrative matters, such as the filing of monthly operating reports and, since the November 29, 2011 Court Order authorizing the sale of the private jet, specific tasks geared towards winding down the estate and having the case dismissed.

### D.    BLM AIR – ADVERSARY PROCEEDING (MATTER 05) (**3.0 hours**)

34.    This category relates to BLM Air's adversary proceeding against the co-owner of the private jet and the co-owner's secured creditor, as to the co-owner's aircraft interest. *BLM Air Charter LLC v. BDG Aircharter, Inc.*, Adv. Pro. No. 09-01904 (Bankr. S.D.N.Y.) (BRL). During this Compensation Period, Windels Marx continued work on various tasks related to the prosecution of the adversary proceeding and, in connection with the sale of BLM Air's interest in the jet, drafted, had executed, and filed, on December 8, 2011, a Stipulation dismissing the adversary proceeding.

### E.    BLM AIR – SALE OF AIRCRAFT INTEREST (MATTER 06) (**337.1 hours**)

35.    This category relates to the Firm's efforts to sell BLM Air's aircraft interest.

36.    In addition to the tasks outlined in ¶ 23, during this Compensation Period Windels Marx continued its negotiations with the prospective buyer of the 50% interest in the private jet, reached a definitive agreement to sell the interest, and drafted, finalized, and had executed a related sale agreement and ancillary documents. The Firm also drafted, submitted, and argued the motion for a Court order authorizing the sale, and on November 29, 2011, obtained such order. The time entries during this Compensation Period also related to the time the Firm spent responding to an objection to the sale motion, and working on multiple closing and post-closing details related to the sale.

**F.    GOOD FAITH PROCEEDINGS (MATTER 07) (<u>715.2 hours</u>)**

37.    This category relates to over 40 actions that Windels Marx commenced on behalf of the Trustee against BLMIS Investment Advisor net winner customers to recover approximately $229 million in fictitious profits paid out by BLMIS.

38.    In addition to the tasks outlined in ¶ 23, time entries during this Compensation Period related to (i) addressing extension requests and withdrawal of reference motions, (ii) investigating new facts and/or legal theories and amending complaints, (iii) revising and sending preservation letters, (iv) coordinating omnibus stipulations with Baker, (v) updating Baker attorneys with good faith "snapshots" and other requested case summaries, and (vi) negotiating potential settlements and productions of documents in the context of settlement.

**G.    MADOFF FAMILY ENTITIES (MATTER 08) (<u>156.7 hours</u>)**

39.    This category relates to three cases against certain Madoff family-owned entities and Madoff family members seeking in the aggregate over $30 million in transfers from BLMIS that were used to capitalize and fund certain Madoff family personal business ventures. *Picard v. Madoff Technologies LLC, et al.,* Adv. Proc. No. 10-0483 (Bankr. S.D.N.Y.) (BRL); *Picard v. Madoff Family LLC, et al.,* Adv. Pro. No. 10-03485 (Bankr. S.D.N.Y.) (BRL); *Picard v. Madoff Energy Holdings,* Adv. Pro. No. 10-034184 (Bankr. S.D.N.Y.) (BRL).

40.    In addition to the tasks outlined in ¶ 23, time entries during this Compensation Period related to investigating new facts and/or legal theories, amending

complaints, and updating Baker attorneys with briefing reports and other requested case information.

**H.      IVY/BEACON (MATTER 09) (2,190.05 hours)**

41.      This category relates to an adversary proceeding commenced against Ivy, Beacon, and 26 other defendants to avoid and recover $114 million in avoidable transfers and to subordinate claims of over $150 million. *Picard v. Beacon Associates, et al*., Adv. Pro. No. 10-05356 (Bankr. S.D.N.Y.) (BRL).

42.      In addition to the tasks outlined in ¶ 23, time entries during this Compensation Period related to the on-going review and analysis of the defendants' document productions, the drafting of potential amendments to the complaint, and the negotiation and drafting of a comprehensive Stipulation and Order regarding mediation, document discovery, and coordinated depositions with the parties in the Consolidated SDNY Beacon/Ivy Litigation (described in Matter 03-Task Code 041 above).

43.      Time entries during this Compensation Period also related to Windels Marx's active monitoring of the Consolidated SDNY Beacon/Ivy Litigation, which involves common factual circumstances and legal theories and is being heavily litigated.

**I.      BLUMENFELD (MATTER 10) (391.1 hours)**

44.      This category relates to a fraudulent conveyance action to avoid and recover approximately $100 million in avoidable transfers from Edward Blumenfeld, a close friend and business partner of Madoff, and 58 other defendants, and to subordinate the defendants' claims of over $163 million.  *Picard v. Edward Blumenfeld, et al*., Adv. Pro. No. 10-04474 (Bankr. S.D.N.Y.) (BRL).

45.     In addition to the tasks outlined in ¶ 23, time entries during this Compensation Period related to a detailed review and analysis of the Blumenfeld monthly statements, customer account records, and other relevant documents related to the allegations in the complaint.

**J.     POTENTIAL SUBSEQUENT TRANSFEREE DEFENDANTS (MATTER 11) (177.4 hours)**

46.     This category relates to the Firm's continued investigation and analysis of potential avoidance claims against one or more persons or entities as subsequent transferees.

47.     In addition to the tasks outlined in ¶ 23, time entries during this Compensation Period related to continued document review and complaint drafting for potential future filing. Windels Marx also addressed confidentiality considerations in connection with documents produced by the potential defendants.

**K.     CREDIT SUISSE (MATTER 12) (1,098.7 hours)**

48.     This category relates to an avoidance action filed on December 12, 2011 to recover subsequent transfers of BLMIS Customer Property from certain BLMIS feeder funds to Defendants totaling $375,468,983. *Picard v. Credit Suisse AG, et al.,* Adv. Pro. No. 11-02925 (Bankr. S.D.N.Y.) (BRL).

49.     In addition to the tasks outlined in paragraph 23, time entries during this Compensation Period related to Windels Marx's pre-complaint investigation, its detailed document review to identify all subsequent transfers, and the drafting, editing, and filing of the complaint.

**L.     SOLON CAPITAL (MATTER 13) (193.2 hours)**

50.    This category relates to an avoidance action filed on January 17, 2012 to recover subsequent transfers of BLMIS Customer Property from certain BLMIS feeder funds to defendant totaling $6,000,087. *Picard v. Solon Capital, Ltd.*, Adv. Pro. No. 12-01025 (Bankr. S.D.N.Y.) (BRL).

51.    In addition to the tasks outlined in paragraph 23, time entries during this Compensation Period related to Windels Marx's pre-complaint investigation, its detailed document review to identify all subsequent transfers, and the drafting, editing, and filing of the complaint.

**M.    ZEPHYROS (MATTER 14) (40.2 hours)**

52.    This category relates to an avoidance action (ultimately filed on April 5, 2012) to recover subsequent transfers of Customer Property from BLMIS feeder funds Kingate Global Fund, Ltd. ("Kingate") and Rye Select Broad Market Portfolio Limited (*f/k/a* American Masters Broad Market Fund II Limited) ("Rye Select") to Defendant totaling $114,943,096. *Picard v. Mistral (SPC)*, Adv Pro. No. 12-1278 (Bankr. S.D.N.Y.) (BRL) (filed 4/05/2-2012).

53.    In addition to the tasks outlined in paragraph 23, time entries during this Compensation Period related to Windels Marx's initial pre-complaint investigation and its detailed document review to identify all subsequent transfers.

**N.    MISTRAL (MATTER 15) (<u>25.5 hours</u>)**

54.    This category relates to an avoidance action (ultimately filed on April 5, 2012) to recover subsequent transfers of Customer Property from BLMIS feeder funds Kingate Global Fund, Ltd. ("Kingate") and Rye Select Broad Market Portfolio Limited

(*f/k/a* American Masters Broad Market Fund II Limited) ("Rye Select") to Defendant totaling $3,400,033.  *Picard v. Mistral (SPC)*, Adv Pro. No. 12-01278 (Bankr. S.D.N.Y.) (BRL).

55.    In addition to the tasks outlined in paragraph 23, time entries during this Compensation Period related to Windels Marx's initial pre-complaint investigation and its detailed document review to identify all subsequent transfers.

### V.    COMPENSATION REQUESTED

56.    During the Eighth Compensation Period, Windels Marx expended 10,343.58 hours in the rendition of professional and paraprofessional services on behalf of the Trustee and the Chapter 7 Trustee, resulting in a blended attorney hourly rate of $347.80 for fees incurred.

57.    Prior to filing this Eighth Application, Windels Marx provided to SIPC (i) its October 2011-January 2012 monthly statements setting forth the Firm's total fees for services rendered and expenses incurred on behalf of the consolidated estate for each month during the period October 1, 2011 through January 31, 2012 in the aggregate amount of $3,750,751.21 and $32,919.92, respectively, and (ii) a draft of this Eighth Application.  SIPC's staff made certain adjustments and suggestions, which were adopted by Windels Marx.  After such adjustments (and the 10% discount), Windels Marx's October 2011-January 2012 monthly statements reflected total fees and expenses of $3,203,844.60 and $24,142.98, respectively.

58.    Specifically, Windels Marx's total fees and expenses for this Eighth Compensation Period were $3,750,751.21 and $32,919.92, respectively.  In connection with preparing each of the four monthly statements and this Eighth Application, Windels

Marx voluntarily (i) wrote off unbilled time of $32,000, (ii) wrote off billed time of $158,923.89, and (iii) reduced its total remaining fees of $3,559,827.32 to $3,203,844.60 by discounting the Firm's rates by 10% at SIPC's request (resulting in a voluntary reduction of $546,906.61, or approximately 14.58% of Windels Marx's total fees). Windels Marx also agreed to write off expenses customarily charged to other clients in the amount of $8,776.94, resulting in $24,142.98 of remaining expenses.  Such fees and expenses are reasonable based on the customary compensation charged by comparably skilled practitioners in the Chapter 7 and 11 Cases and comparable bankruptcy and non-bankruptcy cases in a competitive national legal market.

59.    There is no agreement or understanding among the Trustee, Windels Marx or any other person, other than members of Windels Marx, for sharing of compensation to be received for services rendered in this case.

60.    This Eighth Application has been prepared in accordance with the Amended Guidelines for Fees and Disbursements of Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on April 19, 1995 (the "Local Guidelines"). Pursuant to the Local Guidelines, the certification of Howard L. Simon, Esq. regarding compliance with the same is attached hereto as Exhibit A.

61.    Exhibit B annexed hereto provides a schedule of Windels Marx professionals and paraprofessionals who have provided services for the Debtors during the Eighth Compensation Period, the capacity in which each individual is employed by the Firm, the year in which each attorney was licensed to practice law, the hourly billing rate charged by Windels Marx for services provided by each individual and the aggregate

number of hours billed by each individual. The 10% discount (as described above) is already reflected in the total amount billed.

62.     Exhibit C annexed hereto provides a schedule of the expenses for which reimbursement is requested. The requested expenses are customarily charged to and paid by Windels Marx's bankruptcy and non-bankruptcy clients. At SIPC's request, Windels Marx has not charged for local travel expenses and overtime meals, which categories of expenses are regularly charged to and paid by Windels Marx's clients (*see* ¶33).

63.     Exhibit D annexed hereto is a summary by task code of services performed by Windels Marx from October 1, 2011 through January 31, 2012.

64.     To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Eighth Compensation Period, but were not classified or processed prior to the preparation of this Eighth Application, Windels Marx reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.

## VI.     WINDELS MARX'S REQUEST FOR INTERIM COMPENSATION SHOULD BE GRANTED

65.     Section 78eee(b)(5)(A) of SIPA provides in pertinent part that, upon appropriate application and after a hearing, "[t]he court shall grant reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred ... by a trustee ..." Section 78eee(b)(5)(C) of SIPA specifically establishes SIPC's role in connection with applications for compensation and the consideration the Court should give to SIPC's recommendation concerning fees. That section provides as follows:

> In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as

> provided in this Chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC. In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendations of SIPC.

66.    To the extent the general estate is insufficient to pay such allowances as an expense of administration, section 78eee(b)(5)(E) of SIPA requires SIPC to advance the funds necessary to pay the compensation of Windels Marx (see section 78fff-3(b)(2) of SIPA).

67.    Based on the allocation process set forth in SIPA, the Trustee has determined at this time that he has no reasonable expectation that the general estate will be sufficient to make any distribution to general creditors or pay any administrative expenses. That is, the Trustee believes that any assets allocated to the BLMIS general estate will be exhausted prior to his being able to reimburse SIPC fully. The Trustee has been advised by SIPC that it concurs with this belief of the Trustee. Accordingly, any fees and expenses allowed by this Court will be paid from advances by SIPC without any reasonable expectation by SIPC of recoupment thereof.

68.    Therefore, with respect to this Eighth Application, Windels Marx requests that consistent with section 78eee(b)(5)(C) of SIPA, the Court "award the amounts recommended by SIPC." See In re Bell & Beckwith, 112 B.R. 876 (Bankr. N.D. Ohio 1990). Windels Marx expects that SIPC will file its recommendation to the Court with respect to this Eighth Application prior to the hearing, currently scheduled for August 29, 2012.

69.     Windels Marx submits that the request for interim allowance of compensation made through this Eighth Application is reasonable and complies with the provisions of the Bankruptcy Code governing applications for compensation and reimbursement of expenses, pursuant to section 78eee(b)(5) of SIPA.

## VII.   CONCLUSION

70.     Windels Marx respectfully submits that the services rendered during the Eighth Compensation Period merit the approval of the fees and disbursements requested herein, and respectfully requests that the Court enter an Order: (i) allowing and awarding $3,203,844.60 (of which 80%, or $2,563,075.68, is to be paid currently, and 20%, or $640,768.92 is to be deferred through the conclusion of the liquidation proceeding) as an interim payment for professional services rendered by Windels Marx during the Eighth Compensation Period, and $24,142.98 as reimbursement of the actual and necessary costs and expenses incurred by the Firm in connection with the rendition of such services; and (ii) granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      August 1, 2012

                      Respectfully submitted,

                      WINDELS MARX LANE & MITTENDORF, LLP
                      *Special Counsel for Irving H. Picard, Trustee for the SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Alan Nisselson, the Chapter 7 Trustee of Bernard L. Madoff*

                      /s/ Howard L. Simon
                      Howard L. Simon (hsimon@windelsmarx.com)
                      156 West 56th Street
                      New York, New York 10019
                      Telephone: (212) 237-1000
                      Facsimile: (212) 262-1215