**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**



| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |

In re:

BERNARD L. MADOFF,

Debtor.

### OBJECTION TO TRUSTEE'S MOTION FOR SCHEDULING ORDER and OBJECTION TO TRUSTEE'S MOTION AFFIRMING DENIAL OF TIME-BASED DAMAGES ADJUSTMENT TO CUSTOMER CLAIMS

We Martin M. Surabian, Richard Surabian and Steven Surabian ("Surabians) as direct investors of Bernard L. Madoff Investment Securities LLC, and as customers, creditors and claimants, Object to the Trustee, Irving H. Picard's [Proposed] Scheduling Order on Trustee's Motion Affirming Denial of Time-Based Damages adjustment to Customer Claims. The relief requested by the Scheduling Motion is not in the best interests of the estate, its customers, creditors and all parties-in-interest. The customer claims and corresponding objections filed by claimants relating to the Time-Based Damages Issue affects all customers who deposited monies prior to other customers. 1992 money should have a greater value than 2008 money. We also

object to the Trustee's release of any funds he previously reserved pending a decision on the Time-Based Damage Issue weather Allowed or Denied. Claimants should be allowed to object to pay outs that they believe would reduce their claims. The Trustee already has tried to claim that by his review of Madoff's books that the Surabians are not direct customers even though the Surabians directly invested their money wit Bernard L. Madoff himself, showing that the Trustee can not rely on the books of Bernard L. Madoff or those of Bernard L. Madoff Investment Securities.

## BACKGROUND

Under SIPA, the Trustee is responsible for determining claims, recovering and distributing customer property to BLMIS customers, and liquidating assets of the Debtor for the benefit of the estate and its creditors. SIPA is not giving the Trustee authority to deny claims based on Fraud or to pay claims based on Fraud.

Trustee claims himself under Background #7, "Pursuant to section 78*lll*(11) of SIPA, "the term "net equity" means the dollar amount of the account or accounts of a customer, to be determined by-(A) calculating the sum which would have been owed by the debtor to such customer if the debtor had liquidated, by sale or purchase on the filing date, all securities positions of such customer (other than customer name securities reclaimed by such customer); minus (B) any indebtedness of such customer to the debtor on the filing date[.]." Furthermore, section 78*fff*-2(b) of SIPA provides that the Trustee should make payments to customers based on "net equity" insofar as the amount owed to the customer is "ascertainable from the books and records of the debtor or [is] otherwise established to the satisfaction of the Trustee"."

By the Trustee's own assessment "Net Equity" gives more value to 1990 monies over 2008

money not as he then claims under Trustee's #8. For this reason alone this Court must Deny the Trustee's Motion Affirming Denial of Time-Based Damages Adjustment to Customer Claims.

Under section 78$fff$-2(b) of SIPA, SIPA only provides that the Trustee should make payments to customers based on "net equity" insofar as the amount owed to the customer is "ascertainable from the books and records of the debtor or [is] otherwise established to the satisfaction of the Trustee. This does not allow a trustee to base his satisfaction based on fraudulent books and records. For this reason the Trustee can not just pay out to some that may in-fact be assets of others.

The Time-Based Damages issue involves over 1,200 objection to the Trustee's claim determination filed by or on behalf of all claimants regardless of weather or not they themselves objected.

**RELIEF REQUESTED** by the Trustee No. 13 (C) request a restriction on claimants, is not in the best interest of the claimants. The Trustee's claim No. 13(H) that the Court will consider whether only "Objecting Claimants" are entitled to time-based damages adjustment to their net equity customer claims to be paid from the fund of customer property, if the Court Allows Time-Based Damage Issue it should be for all claimants.

**WHEREFORE**, as customers and claimants we the Surabians, request that the Court, Deny the Trustee's Motion Affirming Denial of Time-Based Damages Adjustment to Customer Claims.

_____    _____    _____
Martin M. Surabian Pro se    Richard Surabian Pro se    Steven Surabian Pro se
P.O. Box 397                 P.O. Box 397               1230 Rt. 28
W. Hyannisport, MA 02672     W. Hyannisport, MA 02672   S. Yarmouth, MA 02664
                             (508) 579-9834             (508) 688-4613

Date: July 30, 2012

## CERTIFICATE OF SERVICE

I steven Surabian certify that this 30th day of July I mailed a true copy of Surabians objection to the Clerk of the United States Bankruptcy Court, One Bowling Green, New York, New York 10004 with a courtesy copy delivered to the Chambers of the Honorable Burton R. Lifland and (a) Baker & Hostetler, LLP, counsel for the Trustee, 45 Rockefeller Plaza, New York, New Your 10111 Attn: David J. Sheehan, Esq., and (b) the Securities Investor Protection Corporation, 805 Fifteenth Street, NW, Suite 800, Washington, DC 20005, Attn: Kevin H. Bell, Esq.

_/s/ Steven Surabian_
Steven Surabian