

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br>　　　　Plaintiff-Applicant, <br><br>　　v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br>　　　　Defendant. | Adv. Pro. No. 08-01789 (BRL) <br><br> SIPA Liquidation <br><br> (Substantively Consolidated) |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities, LLC <br><br>　　　　Plaintiff, <br>　　v. <br><br> SANDY SANDLER, <br><br>　　　　Defendant. | Adv. Pro. No. 10-04800 (BRL) <br><br> Civil Action No. 12-cv-02160-JSR (Joined *Picard v. Abel*, 11-cv-07766) |

### STIPULATION AND ORDER DISMISSING ADVERSARY PROCEEDING

WHEREAS, on December 1, 2010, Irving H. Picard, as trustee ("Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq.* and the substantively consolidated estate of Bernard L. Madoff, commenced the above-captioned adversary proceeding (the "Adversary Proceeding") against Sandy Sandler (the "Defendant") in the United States Bankruptcy Court for the Southern District of New York; and

WHEREAS, Defendant submitted to the Trustee a hardship application (the "Hardship Application") requesting that the Trustee agree to dismiss the Adversary Proceeding. In support

of the Hardship Application, Defendant submitted to the Trustee financial statements and other information, all under penalty of perjury; and

WHEREAS, Defendant subsequently filed a motion to withdraw the reference and the District Court accepted the case assigning it the above-captioned civil action number (the "Civil Action"); and

WHEREAS, in reliance on the representations made by Defendant in the Hardship Application and other representations and/or materials submitted by Defendant in support of the Hardship Application, the Trustee in the exercise of his due and deliberate discretion has determined to dismiss the Civil Action;

IT IS HEREBY agreed and stipulated between the Trustee and Defendant as follows:

1. Defendant hereby affirms (i) that all representations made by Defendant and all materials provided by Defendant have been submitted by Defendant as true and correct under penalty of perjury and (ii) that the Trustee has relied upon these materials in exercising his discretion to dismiss the Civil Action.

2. To the extent it is subsequently determined that Defendant deliberately or intentionally submitted materially false and/or misleading representations, statements and/or materials in connection with the Hardship Application, the Defendant hereby agrees (i) that the Trustee shall have the right to reinstitute the Civil Action against Defendant and/or pursue other remedies available to him and (ii) that this Stipulation and Order shall act to toll any applicable statutes of limitation with respect to the Trustee's commencement of any such claims and notwithstanding section 546(a) of the Bankruptcy Code, Defendant hereby agrees to waive any statute of limitations defense in any such actions or claims commenced by Trustee.

3. Pursuant to Fed. R. Civ. P. 41(a), made applicable by Fed. R. Bankr. P. 7041(a), the Trustee and Defendant hereby agree that upon approval of this Stipulation and Order by the Bankruptcy Court, except as set forth in paragraph 2 hereof, Trustee's claims against Defendant are dismissed with prejudice.

4. Defendant represents that she has reviewed and discussed this Stipulation and Order with counsel or has had ample opportunity to review and discuss this Stipulation and Order with counsel and has knowingly elected not to do so.

5. This Agreement may be signed by the parties in any number of counterparts, each of which when so signed shall be an original, but all of which shall together constitute one and the same instrument. A signed facsimile, photostatic or electronic copy of this stipulation shall be deemed an original.

6. This Stipulation and Order is subject to the approval of the District Court, failing which the provisions of the Stipulation and Order shall be void and of no effect.

Date: _____, 2012

| IRVING H. PICARD, TRUSTEE FOR THE SIPA LIQUIDATION OF BERNARD L. MADOFF INVESTMENT SECURITIES LLC | Sandy Sandler<br>Henderson, Nevada<br>jaimevivre@me.com<br><br>*Defendant* |
|---|---|
| By: /s/ *Marc E. Hirschfield*<br>David J. Sheehan<br>Marc E. Hirschfield<br>BAKER & HOSTETLER LLP<br>45 Rockefeller Plaza<br>New York, New York<br>Telephone: (212) 589-4200<br>Fax: (212) 589-4201<br><br>*Attorneys for Irving H. Picard, Esq., Trustee for the SIPA Liquidation of Bernard L. Madoff Investment Securities LLC* | By: _____<br>Helen Davis Chaitman<br>BECKER & POLIAKOFF, LLP<br>45 Broadway, 8th Floor<br>New York, NY 10006<br>Telephone: (212) 599-3322<br>Fax: (212) 557-0295<br>HChaitman@becker-poliakoff.com<br><br>*Attorneys for Defendant Sandy Sandler* |

3. Pursuant to Fed. R. Civ. P. 41(a), made applicable by Fed. R. Bankr. P. 7041(a), the Trustee and Defendant hereby agree that upon approval of this Stipulation and Order by the Bankruptcy Court, except as set forth in paragraph 2 hereof, Trustee's claims against Defendant are dismissed with prejudice.

4. Defendant represents that she has reviewed and discussed this Stipulation and Order with counsel or has had ample opportunity to review and discuss this Stipulation and Order with counsel and has knowingly elected not to do so.

5. This Agreement may be signed by the parties in any number of counterparts, each of which when so signed shall be an original, but all of which shall together constitute one and the same instrument. A signed facsimile, photostatic or electronic copy of this stipulation shall be deemed an original.

6. This Stipulation and Order is subject to the approval of the District Court, failing which the provisions of the Stipulation and Order shall be void and of no effect.

Date: _____, 2012

| IRVING H. PICARD, TRUSTEE FOR THE SIPA LIQUIDATION OF BERNARD L. MADOFF INVESTMENT SECURITIES LLC | *[signature]*<br>Sandy Sandler<br>Henderson, Nevada<br>jaimevivre@me.com<br><br>*Defendant* |
|---|---|
| By: /s/ Marc E. Hirschfield<br>David J. Sheehan<br>Marc E. Hirschfield<br>BAKER & HOSTETLER LLP<br>45 Rockefeller Plaza<br>New York, New York<br>Telephone: (212) 589-4200<br>Fax: (212) 589-4201<br><br>*Attorneys for Irving H. Picard, Esq., Trustee for the SIPA Liquidation of Bernard L. Madoff Investment Securities LLC* | By: _____<br>Helen Davis Chaitman<br>BECKER & POLIAKOFF, LLP<br>45 Broadway, 8th Floor<br>New York, NY 10006<br>Telephone: (212) 599-3322<br>Fax: (212) 557-0295<br>HChaitman@becker-poliakoff.com<br><br>*Attorneys for Defendant Sandy Sandler* |

SO ORDERED:

By: _____     Date: 7/6/12
HON. JED S. RAKOFF
UNITED STATES DISTRICT JUDGE