**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
SECURITIES INVESTOR PROTECTION
CORPORATION,

      Plaintiff,

v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

      Defendant.
---------------------------------------------------------------------x
In re:

BERNARD L. MADOFF,

      Debtor.
---------------------------------------------------------------------x

Adv. Pro. No. 08-01789 (BRL)

SIPA LIQUIDATION

(Substantively Consolidated)

**RESPONSE TO TRUSTEE'S MOTION FOR ORDER
SETTING COMMON BRIEFING SCHEDULE
TO ADDRESS TIME-BASED ADJUSTMENT ISSUES**

   On behalf of the customers listed on Exhibit A hereto, we respectfully submit this Response to the Motion for Order Scheduling Hearing on Trustee's Motion Affirming Denial of Time-Based Damages Adjustment to Customer Claims (the "Motion") filed by Irving H. Picard, Trustee ("Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the estate of Bernard L. Madoff (collectively, the "Debtor"), for the following limited purposes.

   1. First, we support setting a common briefing schedule to address, on a coordinated basis, issues regarding the adjustment of net equity determinations and/or customer

1

claim amounts based on an interest factor or constant dollar adjustment (collectively, the "Time-Based Adjustment Issues").  However, we believe the scope of the briefing as defined in the Motion and Proposed Order is unduly narrow and, as framed, would exclude from consideration certain Time-Based Adjustment Issues that are common to many BLMIS customers and that also need to be addressed in order for the Trustee to administer Debtor's estate.  As discussed below, those issues seemingly would fall outside the scope of the narrow briefing that has been proposed.  For purposes of efficiency and fairness, those Time-Based Adjustment Issues should be addressed as part of omnibus briefing at this time, together with the more narrowly-defined Time-Based Adjustment Issues identified in the Motion and Proposed Order.

2. Second, we offer minor modifications to the briefing schedule the Trustee has proposed, in order to give adequate time to all BLMIS customers interested in addressing Time-Based Adjustment Issues, and also to give similarly situated BLMIS customers who may not have the means or may choose not to file briefs on Time-Based Adjustment Issues themselves adequate time to review and to join in one or more motions filed by others, so that they may benefit from the Court's rulings as if they had filed their own motions.

**RELEVANT BACKGROUND**

3. This is a consolidated liquidation proceeding commenced under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq*. ("SIPA") and proceeding before the Bankruptcy Court pursuant to section 78eee(b)(4) of SIPA.

4. Under SIPA, the Trustee is responsible for determining the net equity for each BLMIS customer account.  15 U.S.C. §§ 78fff(2)(c), 78lll(11).  SIPA defines net equity as:

2

> "[T]he dollar amount of the account or accounts of a customer, to be determined by — (A) calculating the sum which would have been owed by the debtor to such customer if the debtor had liquidated, by sale or purchase on the filing date, all securities positions of such customer …; minus (B) any indebtedness of such customer to the debtor on the filing date[.]"

15 U.S.C. § 78lll(11).

5. In earlier proceedings in this case, the Bankruptcy Court and the Second Circuit Court of Appeals affirmed the Trustee's "Net Investment Method" for calculating net equity under SIPA. The Second Circuit Court of Appeals expressly reserved judgment on whether the Trustee must adjust net equity determinations to account for the effects of inflation and/or the time value of money, *i.e.*, time-based adjustments. *In re Bernard L. Madoff Inv. Sec. LLC*, 654 F.3d 229, 235 n. 6 (2d Cir. 2011) ("We express no view on whether the Net Investment Method should be adjusted to account for inflation or interest, an issue on which the bankruptcy court has not yet ruled and which is not before us on this interlocutory appeal."). Likewise, District Court Judge Jed Rakoff remanded so-called constant dollar issues to the Bankruptcy Court after ruling on certain other issues raised by BLMIS customers who moved to withdraw the bankruptcy reference.[1] Through the proposed omnibus briefing, this Court should decide those Time-Based Adjustment Issues.

## SCOPE OF ISSUES TO BE BRIEFED

6. On December 23, 2008, the Court entered an order (the "Claims Procedures Order") that, *inter alia*, specified the procedures for the filing, determination, and adjudication of customer claims in this liquidation proceeding.

---

[1] *In re Madoff Securities*, 12 Misc. 0115 (JSR), at *22, n. 10 (S.D.N.Y. Apr. 30, 2012) ("The defendants might well establish, for example, that under a 'constant dollar' approach, Madoff Securities owed them a reasonable return of interest. This Court, however, has declined to withdraw the reference to address this question, and the bankruptcy court will decide it on remand.").

3

7. The Claims Procedures Order authorized the Trustee to determine claims, provided claimants with the right to oppose the Trustee's determinations of their claims by filing their objections with the Court, and directed the Trustee to request a hearing date for the objections and notify the objecting claimants thereof.

8. Some of the claimants who filed customer claims pursuant to the Claims Procedures Order and whose claims the Trustee denied filed objections arguing, *inter alia*, that the net equity in their accounts should be recalculated to factor in certain time-based adjustments. Consistent with the Claims Procedure Order, the Motion seeks an order establishing a briefing schedule and setting a hearing date "to affirm and adjudicate the Trustee's determination regarding the customer claims and corresponding objections." Motion at 2.

9. However, not all BLMIS customers filed customer claims pursuant to the Claims Procedures Order. In particular, many so-called "Net Winners," who withdrew more than the amount of principal they deposited with BLMIS, did not file customer claims pursuant to the Claims Procedures Order. Consequently, those customers never filed objections that now need to be determined by this Court.

10. Yet, for a different but related reason, those same customers nonetheless may wish to address Time-Based Adjustment Issues at this time as part of omnibus briefing before the Court. Most have been sued by the Trustee under various avoidance theories (the "Avoidance Action Defendants") and may seek a determination that amounts subject to avoidance likewise are subject to time-based adjustments. The Trustee already has insisted on the interrelationship between net equity and avoidance claims, concluding that "[u]nless the Net Investment Method is used to calculate both net equity claims and avoidance amounts of

4

principal and fictitious profits, SIPA and the Bankruptcy Code would apply unequally to BLMIS accountholders and would contravene the Second Circuit Net Investment Ruling."[2]

11.     Despite the Trustee's acknowledgement of an interrelationship between net equity and avoidance claims, the Motion and Proposed Order do not provide for Avoidance Action Defendants to be heard on the Time-Based Adjustment Issues.  Rather, as framed by the Trustee, "[t]he sole purpose of the Time-Based Damages Adjustment Motion shall be to resolve the legal issue raised in the claims and objections relating to the Time-Based Damages Issue as a component for calculation of account balances and customer claims."  Motion at 5.

12.     Nor can the Avoidance Action Defendants participate in the proposed briefing as interested parties, which they plainly are, because the Trustee's narrow definition of "Interested Parties" includes only governmental entities such as the SEC and the IRS.[3]

13.     For the above reasons, the scope of briefing on Time-Based Adjustment Issues should be broadened to address whether time-based adjustments (other than those already the subject of briefing in other courts) should be considered when calculating net equity to determine avoidance amounts, not simply when calculating net equity to determine customer claims.

## SCHEDULING ISSUES

14.     The proposed briefing schedule provides that (a) the Trustee shall move with respect to Time Based Adjustment Issues on or before September 21, 2012 and that both the Trustee and SIPC shall file briefs in support of such motion by that date; (b) BLMIS customers

---

[2]     Trustee's Reply to Amicus Brief on "Reset to Zero" Methodology at 1, *Picard v. Katz*, Civ. Case No. 11-03605 (JSR), Docket No. 75, at 2 (Dec. 6, 2011).

[3]     The Motion defines "Interested Parties" as follows:

> 14.    "Interested Parties" are limited to governmental entities, and specifically include the Securities & Exchange Commission ("SEC") and the Internal Revenue Service (the "IRS")."

who wish to participate in briefing Time-Based Adjustment Issues must file briefs on or before October 19, 2012; (c) the SEC and the IRS may file briefs relating to the Time-Based Adjustment Issues on or before October 25, 2012; (d) the Trustee and SIPC may file reply papers on or before November 16, 2012; and (e) the Court shall hold a hearing on motions addressed to the Time-Based Adjustment Issues on December 12, 2012.

15.     We seek modest adjustments to the proposed schedule for two reasons. First, to protect the rights and interests of BLMIS customers who may wish to join in arguments made by other BLMIS customers but not incur the costs of separate briefing, a joinder date should be added to the proposed schedule. Pursuant to the joinder date, all BLMIS customers would have a short time after the opposition filing date in which to review and analyze the Trustee's and SIPA's briefs and the briefs filed in opposition, and prepare and file joinder motions if they wish to join in any of the arguments before the Court.

16.     Second, due to various holidays during the period September 21, 2012 through October 19, 2012, we request designating October 31, 2012 as the deadline for filing briefs in opposition to the Trustee's Motion. If that adjustment is made, then briefs, if any, to be filed by the SEC and the IRS would be due on or before November 6, 2012; joinder motions would be due on or before November 20, 2012; the Trustee's and SIPC's reply briefs would be due on or before November 28, 2012; and a hearing on Time-Based Adjustment Issues could be held any time thereafter at the Court's convenience.

## **RELIEF REQUESTED**

For the reasons stated herein, we request that the Court enter an Order (i) expanding the scope of Time-Based Adjustment Issues to be addressed on an omnibus briefing schedule, so the Court may address whether time-based adjustments should be considered when

6

calculating net equity both to determine customer claims and to determine avoidance amounts,

and (ii) extending the omnibus briefing deadlines as reflected in paragraph 16 above.

Dated: New York, New York
August 2, 2012

**SCHULTE ROTH & ZABEL, LLP**

By: /s/ Marcy R. Harris
Marcy Ressler Harris
Mark D. Richardson
919 Third Avenue
New York, New York 10022
Telephone: 212.756.2000
Facsimile: 212.593.5955
Email: marcy.harris@srz.com
Email: mark.richardson@srz.com

*Attorneys for BLMIS Customers Listed on Exhibit A (except Blue Star Investors, LLC)*

**WEIL, GOTSHAL & MANGES LLP**

By: /s/ Alfredo R. Perez
Alfredo R. Perez
700 Louisiana, Suite 1600
Houston, TX 77002
Telephone: 713-546-5000
Facsimile: 716-224-9511
Email: alfredo.perez@weil.com

Jonathan D. Polkes
767 Fifth Avenue
New York, NY 10153
Telephone: 212-310-8000
Facsimile: 212-310-8007
Email: jonathan.polkes@weil.com

*Attorneys for Blue Star Investors, LLC*

## **EXHIBIT A**

| Adversary Proceeding Number | Named Defendants |
|---|---|
| **10-05404** | HHI Investment Trust #2; King Harris, in his fiduciary capacity; Katherine P. Harris, in her fiduciary capacity; Toni H. Paul, in her fiduciary capacity; Denise Saul, in her fiduciary capacity; Sidney Barrows, in his fiduciary capacity; The Harris Family Foundation; Pam F. Szokol Trust; William J. Friend Trust Dated 06/22/95; Scott C. Friend Trust of 1984 Under Trust Agreement Dated 11/21/84; Bette D. Harris Grandchildren's Trust for the Children of Katerine Harris - Pam Friend Szokol Under Trust Agreement Dated 01/13/59; Bette D. Harris Grandchildren's Trust for the Children of Katherine Harris - William Friend Under Trust Agreement Dated 01/13/59; Bette D. Harris Grandchildren's Trust for the Children of King Harris - John B. Harris Under Trust Agreement Dated 01/13/59; Bette D. Harris Grandchildren's Trust for the Children of Toni Paul Under Trust Agreement Dated 01/13/59; King W. W. Harris Trust for Children Under Trust Agreement Dated 12/15/76; Toni Harris Paul Children's Trust Dated 12/15/76; Katherine Harris Custodian for John B. Harris Under the Illinois Uniform Gifts to Minors Act Under Agreement Dated 12/01/76; King Harris Custodian for Charles Henry Paul Under the Illinois Uniform Gifts to Minors Act Under Agreement Dated 06/01/79; King Harris Custodian for Kelly Lynn Paul Under the Illinois Uniform Gifts to Minors Act Under Agreement Dated 10/01/80; King Harris Custodian for Alan Harris Paul Under the Illinois Uniform Gifts to Minors Act Under Agreement Dated 12/20/84; King Harris Custodian for Laurie Beth Paul Under the Illinois Uniform Gifts to Minors Act Under Agreement Dated 12/20/84; John B. Harris; Charles Henry Paul; Kelly Lynn Paul; Alan Harris Paul; Laurie Beth Paul |
| **10-04347** | Blue Star Investors, LLC; Thomas H. Lee |

**CERTIFICATE OF SERVICE**

       I, Mark D. Richardson, hereby certify that on this 2nd day of August 2012, I caused the attached Response to Trustee's Motion for Order Setting Common Briefing Schedule to Address Time-Based Adjustment Issues to be filed with the United States Bankruptcy Court for the Southern District of New York via the Court's ECF filing system. I also certify that on August 2, 2012, true and correct copies of the same were hand delivered to the Chambers of the Honorable Burton R. Lifland and served upon counsel for the Trustee and the Securities Investor Protection Corporation via electronic mail.

       /s/ Mark D. Richardson

       Mark D. Richardson