**BECKER & POLIAKOFF LLP**
Helen Davis Chaitman HCHAITMAN@BECKERNY.COM
45 Broadway
New York, New York 10006
Telephone  (212) 599-3322
*Attorneys for S&P Associates General Partnership,*
*P&S Associates General Partnership, and Anne Del Casino*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                                                         Plaintiff,<br>                          v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                                                         Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br>                                                         Debtor. | |

**CUSTOMERS' MEMORANDUM OF LAW**
**IN SUPPORT OF MOTION TO WITHDRAW THE REFERENCE**

**INTRODUCTION**

S&P Associates General Partnership, P&S Associates General Partnership, and Anne Del Casino, as  customers of Bernard L. Madoff Investment Securities LLC ("BLMIS") with allowed Customer claims (the "Customers"), respectfully submit this memorandum of law in support of their  motion, pursuant to 28 U.S.C. § 157(d), for mandatory withdrawal from the bankruptcy

{N0017218 5 }

court of the reference with respect to the Trustee's motions (the "Motions")[1] (a) for an order setting a briefing schedule on the Trustee's motion affirming denial of any time-based damages adjustment to allowed customer claims and (b) for an order approving a second allocation of property to the fund of customer property.[2] Withdrawal is mandatory because the Motions require determination of the interplay between SIPA and 15 U.S.C. § 77*l*(a)(2), which is an issue of first impression.

## PRELIMINARY STATEMENT

The Motions both seek a determination from the Court as to whether the holder of an allowed customer claim is entitled to interest on the funds deposited with BLMIS and, if so, how the interest should be calculated. The Customers contend they are entitled to 9% interest on invested funds in accordance with the federal securities laws that entitle them to interest and incorporate New York State's 9% interest rate. Withdrawal of the reference is mandatory where the issues raised will necessarily involve substantial interpretation of federal non-bankruptcy law. *See Picard v. JPMorgan Chase Bank, N.A.*, 454 B.R. 307, 316 (S.D.N.Y. 2011); *Picard v. HSBC Bank PLC*, 450 B.R. 406, 410 (S.D.N.Y. 2011). Additionally, this Court has already held that determination of a substantial issue under the Securities Investor Protection Act ("SIPA"), which is codified in the federal securities law, necessarily demands withdrawal of the reference. *Id*.

---

[1] True and accurate copies of the Motions are annexed to the August 2, 2012 Declaration of Helen Davis Chaitman submitted herewith.

[2] It is appropriate for the Motions to be the subject of one motion to withdraw the reference because they involve the determination of the same issue: whether claimants with allowed claims are entitled to interest on the funds entrusted to BLMIS. The determination of how much money can be properly allocated to the fund of customer property depends directly on how much money the Trustee must hold in reserve to pay interest on allowed claims.

The Trustee has taken an unprecedented position that BLMIS customers are not entitled to interest on their allowed claims. This position is in violation of the federal securities laws, which provide that customers of a broker, who misappropriates funds entrusted to him for the purchase of securities, are entitled to recover interest and other damages exclusive of principal in connection with their claims. *See* 15 U.S.C. § 77*l*(a)(2). Withdrawal is mandatory under 28 U.S.C. § 157(d) because the resolution of this issue will necessarily involve substantial interpretation of federal non-bankruptcy law, *i.e.*, the federal securities laws and SIPA.

## ARGUMENT

### I. STANDARD FOR MANDATORY WITHDRAWAL

Mandatory withdrawal of the reference is governed by 28 U.S.C. § 157(d), which provides, in relevant part:

> The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d).

The basic principles governing withdrawal of the reference are well established. Withdrawal is mandatory pursuant to Section 157(d) "'where substantial and material consideration of non-Bankruptcy Code federal statutes is necessary for the resolution of the proceeding.'" *JPMorgan Chase Bank,* 454 B.R. at 312 (quoting *In re Ionosphere Clubs, Inc.*, 922 F.2d 984, 995 (2d Cir. 1990)). "Consideration is 'substantial and material' when the case requires the bankruptcy judge to make a 'significant interpretation, as opposed to simple application, of federal laws apart from the bankruptcy statutes.'" *Id.* (quoting *Enron Power Mktg., Inc. v. Cal. Power Exch. Corp. (In re Enron Corp.)*, 2004 WL 2711101, *2 (S.D.N.Y. Nov. 23, 2004)); *accord HSBC Bank PLC*, 450 B.R. at 409 (quoting *City of New York v. Exxon*

*Corp.*, 932 F.2d 1020, 1026 (2d Cir. 1991)) (recognizing that "a litigant can *mandate* withdrawal of the bankruptcy reference where the movant shows that, absent the withdrawal, the bankruptcy judge would be obliged 'to engage in significant interpretation, as opposed to simple application, of federal laws apart from the bankruptcy statutes.'")

The purpose of §157(d) is to assure that an Article III judge decides issues calling for more than routine application of [federal laws] outside the Bankruptcy Code.'" *In re Enron Corp.,* 2004 WL 2711101, at *2 (quoting *Eastern Airlines, Inc. v. Air Line Pilots Ass'n (In re Ionosphere Clubs, Inc.)*, 1990 WL 5203, at *5 (S.D.N.Y. Jan. 24, 1990)). Issues of non-bankruptcy law raised in the proceeding need not be "unsettled." *In re McCrory Corp.*, 160 B.R. 502, 505 (S.D.N.Y. 1993). Rather, it is adequate if the claims asserted merely involve "'substantial and material'" issues under non-bankruptcy law. *In re Enron*, 2004 WL 2711101 at *2 (*quoting Shugrue v. Air Line Pilots Ass'n Int'l* (*In re Ionosphere Clubs, Inc.*), 922 F.2d at 995).

Here, in fact, the issues are substantial and material matters of first impression. "[W]here matters of first impression are concerned, the burden of establishing a right to mandatory withdrawal is more easily met." *Gredd v. Bear, Sterns Securities Corp. (In re Manhattan Investment Fund Ltd.)*, 343 B.R. 63, 67 (S.D.N.Y. 2006) (quotation marks and citations omitted).

II.  **MANDATORY WITHDRAWAL IS APPROPRIATE WITH RESPECT TO THE ISSUE RAISED IN THE MOTIONS**

   A.  THE MOTIONS REQUIRE SUBSTANTIAL CONSIDERATION OF NON-BANKRUPTCY LAW

Withdrawal is mandated where significant interpretation of the securities laws is required. *See, e.g., Bear, Stearns Sec. Corp. v. Gredd*, 2001 WL 840187, *4 (S.D.N.Y. July 25, 2001) (withdrawal mandatory where SEC rule potentially precluded application of Bankruptcy Code avoidance provisions because debtor would not have interest in subject property); *In re*

{N0017218 5 }                                                4

*Cablevision S.A.*, 315 B.R. 818, 821 (S.D.N.Y. 2004) (withdrawal mandatory where interplay between federal securities laws and the Bankruptcy Code was required); *In re Enron Corp.*, 388 B.R. 131, 140 (S.D.N.Y. 2008) (withdrawal mandatory where trustee's theory of secondary liability under Section 550(a)(1) of Bankruptcy Code, if it were reached, involved substantial and material consideration of securities laws).

The issue raised in the Motions involves the interplay between SIPA and 15 U.S.C. § 77*l*(a)(2) and raises an issue of first impression. In addition to the statutory grant of interest on stolen funds or securities, BLMIS customers are entitled to recover interest on their investments pursuant to Rule 10b-5. *See Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S.71, 85 n.10 (2006) ("broker who accepts payment for securities that he never intends to deliver violates § 10(b) and Rule 10b-5.") (quotation marks and citation omitted). The remedy for securities fraud under Rule 10b-5 includes compensation for the loss of the time value of money – in other words, interest. *See e.g.*, *Rolf v. Blyth, Eastman Dillon & Co., Inc.*, 637 F.2d 77, 87 (2d Cir. 1980); *see also Myron v. Chicoine*, 678 F.2d 727, 733-34 (7th Cir. 1982) ("[A]n award of prejudgment interest is particularly appropriate in cases involving investment fraud. In order to realize the objective of compensatory relief, prejudgment interest is imposed in certain classes of cases in order to make a party whole.") (citing *United States v. California Board of Equalization*, 650 F.2d 1127, 1132 (9th Cir. 1981)); *SEC v. Drexel Burnham Lambert, Inc.*, 837 F. Supp. 587, 609 (S.D.N.Y. 1993), *aff'd by* 16 F.3d 520 (2d Cir. 1994) (awarding prejudgment interest).

B. **THE MOTIONS REQUIRE SUBSTANTIAL CONSIDERATION OF SIPA'S INTEGRATION WITH NON-BANKRUPTCY LAW**

This Court has already determined that issues involving substantial interpretation of SIPA meet the requirement for mandatory withdrawal pursuant to Section 157(d). As Judge Rakoff wrote:

> [W]hile it is certainly true that SIPA liquidation proceedings may be brought in the bankruptcy court and that SIPA incorporates provisions of title 11 to the extent that they are consistent with SIPA, SIPA expressly provides that it shall be considered an amendment to, and section of, the Securities Exchange Act of 1934, and for this reason is codified in Title 15 (where securities laws are placed), rather than in Title 11 (where bankruptcy laws are placed). *See* 15 U.S.C. § 78bbb ("Except as otherwise provided in this chapter, the provisions of the Securities Exchange Act of 1934 ... apply as if this chapter constituted an amendment to, and was included as a section of, such Act."). The reason for this language and placement is that SIPA is, first and foremost, concerned with the protection of securities investors (as its very title states), whether in or outside the bankruptcy context. **A substantial issue under SIPA is therefore, almost by definition, an issue 'the resolution of [which] requires consideration of both title 11 and other laws of the United States.'**

*HSBC Bank PLC*, 450 B.R. at 410 (quoting 28 U.S.C. 157(d)) (emphasis added); *accord JPMorgan Chase Bank, N.A.*, 454 B.R. at 316 (rejecting Trustee's argument that SIPA is a bankruptcy statute and, therefore, its interpretation does not require mandatory withdrawal pursuant to Section 157(d)).

SIPA preserves federal and state law rights and remedies available in a bankruptcy proceeding. SIPA expressly incorporates the provisions of the Securities Exchange Act of 1934 (the "1934 Act"): "[e]xcept as otherwise provided in this chapter, the provisions of the Securities Exchange Act of 1934 apply as if this chapter constituted an amendment to, and was included as a section of such Act." 15 U.S.C. § 78bbb. Section 28(a)(2) of the 1934 Act contains a "Rule of Construction" that explicitly preserves state law rights and remedies. *See* 15 U.S.C. § 78bb(a)(2) ("The rights and remedies provided by this chapter shall be in addition to any and all other rights and remedies that may exist at law or in equity.").

Indeed, the Second Circuit recognizes that the 1934 Act preserves all state law claims: "in enacting the Securities Acts, Congress was aware of the long-established state securities acts

{N0017218 5 }                                                      6

and the well-developed common law of fraud. Consequently, Congress carefully preserved all existing remedies at law or in equity." *Murphy v. Gallagher*, 761 F.2d 878, 885 (2d Cir. 1985). New York State law also compels the award of interest under the circumstances here: "[i]t has been the settled rule that interest must be allowed as a matter of right on recoveries for intentional tort with respect to property and property rights." *DeLong Corp. v. Morrison-Knudsen Co., Inc.*, 20 A.D.2d 104, 107 (App. Div. 1963) (citing *Flamm v. Noble*, 296 N.Y. 262, 268 (1947)). This rule has been codified into N.Y. C.P.L.R. § 5001(a), which provides that "[i]nterest shall be recovered upon a sum awarded . . . because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property. . . ." *See also Collier v. Granger*, 258 F. Supp. 717, 718 (S.D.N.Y. 1966) (awarding interest in securities fraud case under federal and New York law); *Aetna Life Ins. Co. v. Licht*, 2005 WL 1981569, *1 (S.D.N.Y. Aug. 17, 2005) ("Because the instant action alleges that defendant fraudulently deprived plaintiff of funds by improperly seeking reimbursement for medical procedures, the Court finds that an award of prejudgment interest is necessary, and amends the judgment accordingly.") It is "New York's prevailing policy, interwoven into § 5001, that '[i]nterest must be added [in actions where persons are deprived of the use of money] if we are to make the plaintiff whole." *Mallis*, 717 F.2d 683, 695 (2d Cir. 1983) (quoting *Prager v. New Jersey Fid. & Plate Glass Ins. Co.*, 245 N.Y. 1, 6 (1927) (alteration in original).

Clearly, the determination of whether a holder of an allowed claim is entitled to interest on the funds entrusted to BLMIS inevitably involves consideration of SIPA's interaction with non-bankruptcy law and thus mandates withdrawal of the reference. *See JPMorgan Chase Bank, N.A.*, 454 B.R. at 312 ("[I]n determining whether withdrawal of the reference is mandatory, this Court need not evaluate the merits of the parties' claims; rather, it is sufficient for the Court to

determine that the proceeding will involve consideration of federal non-bankruptcy law.") (citing *Gredd*, 2001 WL 840187 at *4.)

## CONCLUSION

For the reasons stated herein, the Customers respectfully request that the Court withdraw the reference on the Motions.

August 2, 2012

        **BECKER & POLIAKOFF LLP**

        By: /s/ Helen Davis Chaitman
        45 Broadway
        New York, NY 10006
        (212) 599-3322
        *Attorneys for S&P Associates General Partnership, P&S Associates General Partnership, and Anne Del Casino*

## CERTIFICATE OF SERVICE

I, Chelsey Davis, hereby certify that I caused a true and correct copy of the foregoing document(s) to be served upon the parties in this action who receive electronic service through CM/ECF. Courtesy copies of the same were also served upon counsel by electronic mail. I certify under penalty of perjury that the foregoing is true and correct.

Dated: August 2, 2012                                                             */s/ Chelsey Davis*