# EXHIBIT A

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Jorian L. Rose
Email: jrose@bakerlaw.com
Seanna R. Brown
Email: sbrown@bakerlaw.com
Bik Cheema
Email: bcheema@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

Hearing Date: August 9, 2012
Time:  10:00 a.m.

Objections Due: August 2, 2012
Time:  4:00 p.m.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant.<br>In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |

**NOTICE OF MOTION FOR ORDER SCHEDULING HEARING
ON TRUSTEE'S MOTION AFFIRMING DENIAL OF
<u>TIME-BASED DAMAGES ADJUSTMENT TO CUSTOMER CLAIMS</u>**

Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the estate of Bernard L. Madoff ("Madoff") (collectively, "Debtor"), by and through his undersigned counsel, will move before

the Honorable Burton R. Lifland, United States Bankruptcy Judge, at the United States Bankruptcy Court, the Alexander Hamilton Customs House, One Bowling Green, New York, New York 10004-1408, on **August 9, 2012, at 10:00 a.m.**, or as soon thereafter as counsel may be heard, seeking entry of a scheduling order regarding the recalculation of customer claims based on an interest factor or a constant dollar adjustment (collectively referred to herein as the "Time-Based Damages Issue"), as described more fully in the attached Scheduling Motion.

**PLEASE TAKE FURTHER NOTICE** that written objections to the Scheduling Motion must be filed with the Clerk of the United States Bankruptcy Court, One Bowling Green, New York, New York 10004 by no later than **4:00p.m. on August 2, 2012** (with a courtesy copy delivered to the Chambers of the Honorable Burton R. Lifland) and must be served upon (a) Baker & Hostetler, LLP, counsel for the Trustee, 45 Rockefeller Plaza, New York, New York 10111, Attn: David J. Sheehan, Esq., and (b) the Securities Investor Protection Corporation, 805 Fifteenth Street, NW, Suite 800, Washington, DC 20005, Attn: Kevin H. Bell, Esq. Any objection must specifically state the interest that the objecting party has in these proceedings and the basis of the objection to the Scheduling Motion.

2

Dated: New York, New York  
      July 17, 2012

*/s/ David J. Sheehan*  
Baker & Hostetler LLP  
45 Rockefeller Plaza  
New York, New York 10111  
Telephone: (212) 589-4200  
Facsimile: (212) 589-4201  
David J. Sheehan  
Email: dsheehan@bakerlaw.com  
Jorian L. Rose  
Email: jrose@bakerlaw.com  
Seanna R. Brown  
Email: sbrown@bakerlaw.com  
Bik Cheema  
Email: bcheema@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

**Baker & Hostetler LLP**  
45 Rockefeller Plaza  
New York, New York 10111  
Telephone: (212) 589-4200  
Facsimile: (212) 589-4201  
David J. Sheehan  
Email: dsheehan@bakerlaw.com  
Jorian L. Rose  
Email: jrose@bakerlaw.com  
Seanna R. Brown  
Email: sbrown@bakerlaw.com  
Bik Cheema  
Email: bcheema@bakerlaw.com  

Hearing Date: August 9, 2012  
Time: 10:00 a.m.  

Objections Due: August 2, 2012  
Time: 4:00 p.m.  

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**  
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>     Plaintiff,<br><br>     v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>     Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>     Debtor. | |

**MOTION FOR ORDER SCHEDULING HEARING**  
**ON TRUSTEE'S MOTION AFFIRMING DENIAL OF**  
**TIME-BASED DAMAGES ADJUSTMENT TO CUSTOMER CLAIMS**

  Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of the

business of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the estate of Bernard

L. Madoff ("Madoff") (collectively, "Debtor"), by and through his undersigned counsel, hereby moves this Court (the "Scheduling Motion") to enter the scheduling order proposed herein regarding the recalculation of customer claims based on an interest factor or a constant dollar adjustment (collectively referred to herein as the "Time-Based Damages Issue").[1] The Scheduling Motion seeks to obtain a briefing schedule and set a hearing date to affirm and adjudicate the Trustee's determination regarding the customer claims and corresponding objections filed by claimants relating to the Time-Based Damages Issue, and, allow the Trustee to release any funds previously reserved pending a decision on the Time-Based Damages Issue.

The Trustee, in support of the Scheduling Motion, states as follows:

## BACKGROUND

1. On December 11, 2008, the Securities and Exchange Commission ("SEC") filed a Complaint in the United States District Court for the Southern District of New York against defendants Madoff and BLMIS, No. 08-CV-10791 (LLS) (the "Civil Case").

2. On December 15, 2008, pursuant to section 78eee(a)(4)(A) of the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.* ("SIPA"),[2] the SEC consented to a combination of the Civil Case with an application filed by the Securities Investor Protection Corporation ("SIPC"). Thereafter, pursuant to section 78eee(a)(3) of SIPA, SIPC filed an application in the District Court alleging, *inter alia*, that the Debtor was not able to meet its obligations to securities customers as they came due and, accordingly, its customers needed the protection afforded by SIPA.

---

[1] There are numerous theories of law that claimants have raised but which all commonly argue for an increase in the amount of their customer claims based on the perceived entitlement to interest on funds invested with BLMIS. The most common seek an increase in their claims based on the New York statutory rate of 9% per annum, expectation damages, or the consumer price index to take inflation into account. The Trustee is using "Time-Based Damages" as an umbrella term to cover each of those theories or any similar theory seeking an adjustment to the cash in/cash out method for calculating net equity in this case.
[2] Subsequent references to SIPA shall omit "15 U.S.C."

2

3. On December 15, 2008, the District Court entered an order pursuant to SIPA which, in pertinent part:

    (a) appointed Irving H. Picard as trustee for the liquidation of the business of BLMIS, pursuant to section 78eee(b)(3) of SIPA;

    (b) appointed Baker & Hostetler LLP as counsel to the Trustee pursuant to section 78eee(b)(3) of SIPA;

    (c) removed the case to this Bankruptcy Court pursuant to section 78eee(b)(4) of SIPA; and

    (d) authorized the Trustee to take immediate possession of the property of the debtor, wherever located.

4. Under SIPA, the Trustee is responsible for determining claims, recovering and distributing customer property to BLMIS customers, and liquidating assets of the Debtor for the benefit of the estate and its creditors.

5. On December 23, 2008, this Court entered an order (the "Claims Procedures Order") that, *inter alia*, specified the procedures for the filing, determination, and adjudication of customer claims in this liquidation proceeding.

6. The Claims Procedures Order authorizes the Trustee to determine claims, provides claimants with the right to oppose the Trustee's determinations of their claims by filing their objections with this Court, and directs the Trustee to request a hearing date for the objections and notify the objecting claimants thereof.

7. Pursuant to section 78*lll*(11) of SIPA, "the term "net equity" means the dollar amount of the account or accounts of a customer, to be determined by – (A) calculating the sum which would have been owed by the debtor to such customer if the debtor had liquidated, by sale or purchase on the filing date, all securities positions of such customer (other than customer name securities reclaimed by such customer); minus (B) any indebtedness of such customer to the debtor on the filing date[.]." Furthermore, section 78fff-2(b) of SIPA provides that the Trustee

3

should make payments to customers based on "net equity" insofar as the amount owed to the customer is "ascertainable from the books and records of the debtor or [is] otherwise established to the satisfaction of the trustee."

8. On this basis, the Trustee determined that net equity claims should be calculated based upon the monies that customers deposited into their BLMIS accounts, minus any amounts they withdrew from their BLMIS accounts (the "Net Investment Method"). Some claimants argued that the Trustee was required to calculate net equity using the amounts shown on the November 30, 2008 customer statements (the "Last Customer Statement Method").

9. The Trustee's use of the Net Investment Method was upheld by this Court, reported at 424 B.R. 122 (Bankr. S.D.N.Y. 2010). This Court's decision was affirmed by the United States Court of Appeals for the Second Circuit, reported at 654 F.3d 229, 241 (2d Cir. 2011). On June 25, 2012, the United States Supreme Court denied certiorari, and thus the Trustee's use of the Net Investment Method has been upheld.

10. Some of the claimants who argued that net equity must be calculated based on the Last Customer Statement Method argued in the alternative that if the Net Investment Method were upheld, they are still entitled to have their net equity claims recalculated based upon the period of time that their money was in their BLMIS accounts, resulting in a reallocation of the funds used to pay net equity claims among the various claimants.

11. Indeed, the Time-Based Damages Issue involves over 1,200 objections to the Trustee's claims determinations filed by or on behalf of claimants alleging that they are entitled to time-based damages and corresponding adjustments to their claims, to be calculated in a variety of ways and payable from the fund of customer property.

4

12. Thus, the Trustee now seeks entry of a Scheduling Order establishing a briefing schedule and hearing date to address the Time-Based Damages Issue as it relates to customer claims as described in the objections filed by claimants.

**RELIEF REQUESTED**

13. In accordance with the Claims Procedures Order, which requires the Trustee to obtain a hearing date to adjudicate objections to claims determinations, the proposed Scheduling Order would establish an orderly procedure for this Court to resolve objections filed by claimants alleging a Time-Based Damages Issue in connection with the allowance of their customer claims to be paid out of the fund of customer property. The Trustee proposes the following:

    A. On or before September 21, 2012, the Trustee shall file a Motion For An Order To Affirm the Trustee's Determinations of Customer Claims which include a denial of any time-based damages adjustments to the claims, and a corresponding memorandum of law (together, the "Time-Based Damages Motion") seeking to affirm the Trustee's determination of claims which excludes any allowance of time-based damages. The sole purpose of the Time-Based Damages Motion shall be to resolve the legal issue raised in the claims and objections relating to the Time-Based Damages Issue as a component for calculation of account balances and customer claims. The Time-Based Damages Motion will be served on all parties included in the Master Service List as defined in the Order Establishing Notice Procedures (ECF No. 4560). Parties that have not opted to be included in the Master Service List but wish to be receive notice should contact Baker & Hostetler

          LLP, counsel for the Trustee, 45 Rockefeller Plaza, New York, New York 10111, Attn: Bik Cheema, Esq.

B.   SIPC may file a brief with respect to the Time-Based Damages Motion on or before September 21, 2012. SIPC's brief will be served on all parties included in the Master Service List as defined in the Order Establishing Notice Procedures (ECF No. 4560). Parties that have not opted to be included in the Master Service List but wish to receive notice should contact Baker & Hostetler LLP, counsel for the Trustee, 45 Rockefeller Plaza, New York, New York 10111, Attn: Bik Cheema, Esq.

C.   Claimants who wish to participate in the briefing on this issue ("Objecting Claimants") shall file a memorandum of law in opposition ("Opposition Briefs") to the Time-Based Damages Motion on or before October 19, 2012. Objecting Claimants must identify: (i) the claimant's interest in this matter, including, but not limited to, whether the claimant had an account at BLMIS, (ii) their customer claim number(s), and (iii) the docket numbers of any objections to the Trustee's claim determination, and any other submissions to this Court or any other court related to this liquidation proceeding, if applicable. Failure to timely file Opposition Briefs will bar those claimants from being heard on the Time-Based Damages Issue, unless the Trustee agrees or the Court orders otherwise, and the Court's Order on the Time-Based Damages Motion will be binding on them.

D.     The Objecting Claimants are encouraged, but not required, to choose one lead firm to brief the issue, or to brief particular issues, as may be appropriate.

E.     Any Interested Parties (as defined in paragraph 14) may file briefs relating to the Time-Based Damages Issue on or before October 25, 2012. Any such briefs must be served upon (a) Baker & Hostetler LLP, counsel for the Trustee, 45 Rockefeller Plaza, New York, New York 10111, Attn: David J. Sheehan, Esq., and (b) the Securities Investor Protection Corporation, 805 Fifteenth Street, NW, Suite 800, Washington, DC 20005, Attn: Kevin H. Bell, Esq.

F.     The Trustee may file any reply papers on or before November 16, 2012. Any such briefs must be served upon (a) counsel for Objecting Claimants, and (b) the Securities Investor Protection Corporation, 805 Fifteenth Street, NW, Suite 800, Washington, DC 20005, Attn: Kevin H. Bell, Esq., and (c) any Interested Party filing papers as set forth in paragraph E. above.

G.     SIPC may file any reply papers on or before November 16, 2012. Any such briefs must be served upon be served upon (a) counsel for Objecting Claimants, and (b) Baker & Hostetler LLP, counsel for the Trustee, 45 Rockefeller Plaza, New York, New York 10111, Attn: David J. Sheehan, Esq., and (c) any Interested Party filing papers as set forth in paragraph E. above.

H.     The Court shall hold a hearing on the Time-Based Damages Motion on December 12, 2012, at 10:00 a.m., or such other time as the Court

7

determines. The Court will consider the Time-Based Damages Issue, whether the Objecting Claimants are entitled to time-based damages adjustments to their net equity customer claims to be paid from the fund of customer property, and whether the Trustee is allowed to release for distribution, funds previously reserved pending a decision on the Time-Based Damages Issue. Any other issues raised by Objecting Claimants will be resolved in subsequently scheduled hearings.

14. "Interested Parties" are limited to governmental entities, and specifically include the Securities & Exchange Commission ("SEC") and the Internal Revenue Service (the "IRS").

**NOTICE**

15. Notice of this Scheduling Motion will be provided by U.S. Mail, postage prepaid or email to (i) all claimants whose objections are pending before this Court; (ii) all parties that have filed a notice of appearance in this case; (iii) the SEC; (iv) the IRS; (v) the United States Attorney for the Southern District of New York; and (vi) SIPC, pursuant to the Order Establishing Notice Procedures (ECF No. 4560) (collectively, the "Notice Parties"). The Trustee submits that no other or further notice is required. In addition, all of the Trustee's pleadings filed in accordance with the schedule outlined above will be posted to the Trustee's website www.madofftrustee.com and are accessible, without charge, from that site.

**WHEREFORE**, the Trustee respectfully requests that the Court: (a) enter an order substantially in the form attached hereto as Exhibit A, granting the relief requested herein; and (b) grant such other and further relief to the Trustee as the Court deems proper.

Dated: New York, New York  
      July 17, 2012

*/s/ David J. Sheehan*  
Baker & Hostetler LLP  
45 Rockefeller Plaza  
New York, New York 10111  
Telephone: (212) 589-4200  
Facsimile: (212) 589-4201  
David J. Sheehan  
Email: dsheehan@bakerlaw.com  
Jorian L. Rose  
Email: jrose@bakerlaw.com  
Seanna R. Brown  
Email: sbrown@bakerlaw.com  
Bik Cheema  
Email: bcheema@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

9

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　　　Plaintiff,<br><br>　　　　　v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　　　　Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>　　　　　　　Debtor. | |

## [PROPOSED] SCHEDULING ORDER

This matter came before the Court on August 9, 2012 on the motion (the "Scheduling Motion")[1] of Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the estate of Bernard L. Madoff ("Madoff") (collectively, "Debtor"), by and through his counsel, for entry of an order to schedule a hearing and a briefing schedule regarding the recalculation of account balances based on an interest factor or a constant dollar adjustment (collectively referred to herein as the "Time-Based Damages Issue"), as more fully set forth in the Scheduling Motion (ECF No. __); and the Court having jurisdiction to consider the Scheduling Motion and the relief requested therein in accordance with section 78eee(b)(4) of the Securities Investor Protection Act ("SIPA"), 15 U.S.C. § 78aaa, *et seq.*, the Protective Decree entered on December 15, 2008 by the United States District Court for the Southern District of New York in Case No. 08-CV-10791 (LLS), and

---

[1]　　Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

08-01789-cgm Doc 4920-1 Filed 07/17/12 Entered 07/17/12 16:32:06 Proposed
Pg 14 of 17

28 U.S.C. §§ 157 and 1334, and in accordance with SIPC's application under SIPA, 15 U.S.C. § 78eee(a)(3); and it appearing that the relief requested by the Scheduling Motion is necessary and in the best interests of the estate, its customers, creditors, and all parties-in-interest; and due notice of the Scheduling Motion having been given, and it appearing that no other or further notice need be given; and upon the proceedings before the Court and after due deliberation, it is hereby:

**ORDERED**, that the relief requested in the Scheduling Motion is granted; and it is further

**ORDERED**, that on or before [September 21, 2012], the Trustee shall file a Motion For An Order To Affirm Trustee's Determinations Denying Claims of Claimants to Time-Based Damages Adjustments of their Customer Claims to be paid out of Customer Property, and a corresponding memorandum of law (together, the "Time-Based Damages Motion") seeking to affirm the Trustee's determination of claims which excludes any allowance of time-based damages. The sole purpose of the Time-Based Damages Motion shall be to resolve the legal issue raised in the claims and objections relating to the Time-Based Damages Issue as a component for calculation of account balances and customer claims. The Time-Based Damages Motion shall be served on all parties included in the Master Service List as defined in the Order Establishing Notice Procedures (ECF No. 4560). Parties that have not opted to be included in the Master Service List but wish to receive notice shall contact Baker & Hostetler LLP, counsel for the Trustee, 45 Rockefeller Plaza, New York, New York 10111, Attn: Bik Cheema, Esq.; and it is further

**ORDERED,** that on or before [September 21, 2012], SIPC may file a brief with respect to the Time-Based Damages Motion. SIPC's brief shall be served on all parties included in the Master Service List as defined in the Order Establishing Notice Procedures (ECF No. 4560). Parties that have not opted to be included in the Master Service List but wish to receive notice

2

shall contact Baker & Hostetler LLP, counsel for the Trustee, 45 Rockefeller Plaza, New York, New York 10111, Attn: Bik Cheema, Esq.; and it is further

**ORDERED**, that on or before [October 19, 2012], claimants who wish to participate in the briefing on this issue ("Objecting Claimants") shall file a memorandum of law in opposition ("Opposition Briefs") to the Time-Based Damages Motion. Objecting Claimants must identify: (i) the claimant's interest in this matter, including, but not limited to, whether the claimant had an account at BLMIS, (ii) the timely-filed customer claim, if applicable, and (iii) the docket numbers of any objections to the Trustee's claim determination, and any other submissions to this Court or any other court related to this liquidation proceeding, if applicable. Failure to file timely Opposition Briefs shall bar those claimants from being heard on this issue, unless the Trustee agrees or the Court orders otherwise, and the Court's Order on the Time-Based Damages Motion shall be binding on them; and it is further

**ORDERED**, that the Objecting Claimants are encouraged by the Court, but not required, to choose one lead firm to brief the issue, or to brief particular issues, as may be appropriate; and it is further

**ORDERED**, that on or before [October 25, 2012], any Interested Parties, defined as governmental entities, and specifically including the Securities & Exchange Commission, and the Internal Revenue Service, may file briefs relating to the Time-Based Damages Issue. Any such briefs must be served upon (a) Baker & Hostetler LLP, counsel for the Trustee, 45 Rockefeller Plaza, New York, New York 10111, Attn: David J. Sheehan, Esq., and (b) the Securities Investor Protection Corporation, 805 Fifteenth Street, NW, Suite 800, Washington, DC 20005, Attn: Kevin H. Bell, Esq.; and it is further

**ORDERED**, that the Trustee may file any reply papers on or before [November 16, 2012].

3

Any such briefs must be served upon (a) counsel for Objecting Claimants, and (b) the Securities Investor Protection Corporation, 805 Fifteenth Street, NW, Suite 800, Washington, DC 20005, Attn: Kevin H. Bell, Esq., and (c) any Interested Party filing papers as set forth in paragraph E. of the Scheduling Motion; and it is further

**ORDERED**, that SIPC may file any reply papers on or before [November 16, 2012]. Any such briefs must be served upon (a) counsel for Objecting Claimants, and (b) Baker & Hostetler LLP, counsel for the Trustee, 45 Rockefeller Plaza, New York, New York 10111, Attn: David J. Sheehan, Esq., and (c) any Interested Party filing papers as set forth in paragraph E. of the Scheduling Motion; and it is further

**ORDERED**, that the Court shall hold a hearing on the Time-Based Damages Motion on [December 12, 2012], at 10:00 a.m., or such other time as the Court determines. The Court will consider the Time-Based Damages Issue, whether the Objecting Claimants are entitled to time-based damages adjustments to their net equity customer claims to be paid from the fund of customer property, and whether the Trustee is allowed to release for distribution, funds previously reserved pending a decision on the Time-Based Damages Issue. Any other issues raised by Objecting Claimants will be resolved in subsequently scheduled hearings; and it is further

**ORDERED,** that the Trustee shall prepare a notice that sets forth the date, time, and location of the hearing and apprise the Notice Parties of the relevant legal issues, their ability to file briefs, the deadline for any such filings, and the hearing date. The Trustee shall serve notice by U.S. mail, postage prepaid, email, or by ECF. The Trustee shall also post comparable information on his web site; and it is further

**ORDERED**, that this Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

4

Dated: New York, New York
    [____] [_], 2012

                                  HONORABLE BURTON R. LIFLAND
                                  UNITED STATES BANKRUPTCY JUDGE

300208233

5