UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

RECEIVED AUG - 8 2012
U.S. BANKRUPTCY COURT
SO DIST OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

## OBJECTION AUTHORIZING SECOND INTERIM DISTRIBUTION TO CUSTOMERS

We, Steven Surabian, Richard Surabian and Martin M. Surabian having accounts opened directly through Bernard L. Madoff with Bernard L. Madoff Investments Securities LLC ("BLMIS") and as claimants and customers having interest, Object to Authorizing Second Interim Distribution To Customers for the following reasons:

1. In the "First Allocation" and "First Interim Distribution" of the court order the Trustee allocated $2.6 billion to the Customer Fund and distributed $335.5 million, about 12 1/2% of the allocated funds. This % did not concern the Surabian family.

2. Now the Trustee wants to distribute a much larger % of the allocation, without listing who will receive what and how much.

3. The Surabian family objects to any distribution that does not include distribution of their claims to the same percentage distributed to other account holder of Bernard L. Madoff Investment Securities LLC.

4. The Motion and Affidavit of Matthew Cohen in Support does not go into depth as to who will receive and how much will be distributed in the Second Interim Distribution to Customers.

5. The Motion and Affidavit does not specify to whom the reserve funds will be held for and if there will be enough in reserve for those customers who the Trustee deemed were not customers turn out by this court or other Courts to be in-fact customers.

6. The Motion and Affidavit do not specify who are the 16,280 of the 16,519 customer claims the Trustee has determined, No. 4 of the Affidavit and No. 27 of Motion.

7. The Motion does not specify how the Time-Based Damages reserve was calculated in the event the Time-Based Damages is Allowed, the Motion does not list the accounts opened in each year nor does it specify and show how an account opened in 1990 for $1,000.00 will calculate out to today and at what % yearly and that the reserve will be enough if the Time-Based Damages are Allowed. If Time-Based Damages are Allowed, it will be Allowed for all accounts.

8. No. 21 of the Motion again does not specify who are the 1,229 BLMIS accounts these distributions will be paid on and without this knowledge no one can say if they object or not. Some to be paid may be accomplices and unworthy of receiving distribution.

9. No. 30 of the Motion does not specify who and what is the total value and individual value of the 2,312 docketed objections that have been filed to the Trustee's claims determinations relating to approximately 4,037 claims, which will be noted for hearing if necessary and if the reserve will be held to cover those pay-outs if approved.

10. No. 21 of the Affidavit states that $6,919,795,734.67 is the available for Second Interim Distribution After Reserves but not after reserves if Time-Based Damages are Allowed and not after reserves to allow for the Trustee denied claims that the Courts may over turn at hearings.

## CONCLUSION

11. This Motion as presented is not in the best interests of the customers of BLMIS, the Debtor estate, and its creditors.

12. **WHEREFORE**, we, Steven Surabian, Richard Surabian and Martin M. Surabian as customers of BLMIS, respectfully request that this Court Deny the Trustee's Motion (ii) of the proposed Second Interim Distribution of the Customer Fund.

Dated: August 7, 2012

| Steven Surabian Pro se | Richard Surabian Pro se | Martin M. Surabian Pro se |
| --- | --- | --- |
| 1230 Rt. 28 | P.O. Box 397 | P.O. Box 397 |
| S. Yarmouth, MA 02664 | W. Hyannisport, MA 02672 | W. Hyannisport, MA 02672 |
| (508) 688-4613 | (508) 579-9834 | |

## CERTIFICATE OF SERVICE

I certify that this 7th day of August, 2012 I served by 1st class US Mail a true copy to the Chambers of the Honorable Burton R. Lifland and (a) Baker & Hostetler LLP, counsel for the Trustee, 45 Rockefeller Plaza, NY, NY 10111, Attn: David J. Sheehan, and (b) the Securities Investor Protection Corporation, 805 Fifteenth Street, NW, Suite 800, Washington, DC 2005, Attn: Kevin H. Bell, Esq. postage pre-paid.

Steven Surabian