**BECKER & POLIAKOFF LLP**

Helen Davis Chaitman HCHAITMAN@BECKERNY.COM

45 Broadway

New York, New York 10006

Telephone  (212) 599-3322

*Attorneys for S&P Associates General Partnership,*

*P&S Associates General Partnership, and Anne Del Casino*

Hearing Date:  August 22, 2012

Objection Deadline:  August 8, 2012

Reply Deadline: August 15, 2012

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |

**CUSTOMERS' LIMITED OBJECTION TO THE TRUSTEE'S MOTION
FOR AN ORDER
APPROVING SECOND ALLOCATION OF PROPERTY TO THE FUND OF
CUSTOMER PROPERTY**

## INTRODUCTION

S&P Associates General Partnership, P&S Associates General Partnership, and Anne Del

Casino, as customers of Bernard L. Madoff Investment Securities LLC ("BLMIS") with allowed

Customer claims (the "Customers"), respectfully submit this limited objection to the Trustee's

motion for an order approving a second allocation of property to the fund of customer property

and authorizing a second interim distribution to customers (the "Motion").  The Customers

{N0017473 2 }

object to the Motion on the limited basis that the Trustee requests to maintain only a 3% reserve

for interest on allowed BLMIS customer claims.  The Customers contend they are entitled to 9%

interest on invested funds in accordance with the federal securities laws that entitle them to

interest and incorporate New York State's 9% interest rate.  Therefore, any reserve of less than

9% is inappropriate.  The Customers have moved to withdraw the reference on this issue to the

district court in view of the fact that it involves substantial consideration of federal non-

bankruptcy law.  In the meantime, there is no reason to delay distribution to customers; the

Trustee should simply – as he stated he would do – reserve 9% interest.

## STATEMENT OF PERTINENT FACTS

The Motion requests entry of an order permitting the Trustee to make a second

distribution to BLMIS customers with allowed claims.  The amount that the Trustee is able to

distribute necessarily depends on how much money the Trustee must hold in reserve to pay

interest on allowed claims.  The Trustee has taken the position that BLMIS customers are not

entitled to any interest.  Nonetheless, the Trustee proposes to reserve for interest at the rate of

3%.  (Motion ¶ 19.)  The Trustee also represents that he will set up a reserve of 9% interest if an

objection to the Motion is filed:

> Appeals from an order on this Motion could potentially preclude
> *any* distribution to customers.  Thus, if objections to this Motion
> are filed that cannot be resolved prior to the entry of an order, the
> Trustee will submit an order that establishes the Time-Based
> Damages reserve at 9%, a percentage agreed-to by the parties, or a
> percentage directed by the Court (the "Greater than 3% Reserve").
> This will permit a distribution to proceed, even if it is in a
> diminished amount due to Objecting Claimants' unwillingness to
> agree to a reasonable reserve for the Time-Based Damages
> contingency.

(*Id.* ¶ 20.)

On August 2, 2012, the Customers filed a motion to withdraw the bankruptcy reference

with respect to the issue of whether BLMIS customers are entitled to interest on the funds

invested with BLMIS and if so, how that interest should be calculated (the "Withdrawal

Motion").  In order to preserve their rights, the Customers are submitting this limited objection to

the Motion.

<u>ARGUMENT</u>

**THE TRUSTEE SHOULD ESTABLISH A 9% INTEREST RESERVE AS HE SAID HE
WOULD DO IN HIS MOTION**

The Trustee's position is that BLMIS customers are not entitled to interest on their

allowed claims.  That position conflicts with the federal securities laws which provide that

customers of a broker who misappropriates funds entrusted to him for the purchase of securities

are entitled to recover interest and other damages exclusive of principal in connection with their

claims.  *See* 15 U.S.C. § 77*l*(a)(2).

In addition to the statutory grant of interest on stolen funds or securities, BLMIS

customers are entitled to recover interest on their investments pursuant to Rule 10b-5.  *See*

*Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S.71, 85 n.10 (2006) ("broker who

accepts payment for securities that he never intends to deliver violates § 10(b) and Rule 10b-5.")

(quotation marks and citation omitted).  The remedy for securities fraud under Rule 10b-5

includes compensation for the loss of the time value of money – in other words, interest.  *See*

*e.g.*, *Rolf v. Blyth, Eastman Dillon & Co., Inc.*, 637 F.2d 77, 87 (2d Cir. 1980); *see also Myron v.*

*Chicoine*, 678 F.2d 727, 733-34 (7th Cir. 1982) ("[A]n award of prejudgment interest is

particularly appropriate in cases involving investment fraud.  In order to realize the objective of

compensatory relief, prejudgment interest is imposed in certain classes of cases in order to make

a party whole.") (citing *United States v. California Board of Equalization*, 650 F.2d 1127, 1132

(9th Cir. 1981)); *SEC v. Drexel Burnham Lambert, Inc.*, 837 F. Supp. 587, 609 (S.D.N.Y. 1993), *aff'd by* 16 F.3d 520 (2d Cir. 1994) (awarding prejudgment interest).

In arguing that BLMIS customers are not entitled to 9% interest on their investments, the Trustee disregards the fact that the Securities Investor Protection Act ("SIPA") preserves federal and state law rights and remedies, which, in this case, entitle BLMIS customers to 9% interest on their investments.  SIPA expressly incorporates the provisions of the Securities Exchange Act of 1934 (the "1934 Act"): "[e]xcept as otherwise provided in this chapter, the provisions of the Securities Exchange Act of 1934 apply as if this chapter constituted an amendment to, and was included as a section of such Act." 15 U.S.C. § 78bbb.  Section 28(a)(2) of the 1934 Act contains a "Rule of Construction" that explicitly preserves state law rights and remedies.  *See* 15 U.S.C. § 78bb(a)(2) ("The rights and remedies provided by this chapter shall be in addition to any and all other rights and remedies that may exist at law or in equity.").  Indeed, the Second Circuit recognizes that the 1934 Act preserves all state law claims: "in enacting the Securities Acts, Congress was aware of the long-established state securities acts and the well-developed common law of fraud.  Consequently, Congress carefully preserved all existing remedies at law or in equity." *Murphy v. Gallagher*, 761 F.2d 878, 885 (2d Cir. 1985).

New York State law compels the award of interest under the circumstances here: "[i]t has been the settled rule that interest must be allowed as a matter of right on recoveries for intentional tort with respect to property and property rights." *DeLong Corp. v. Morrison-Knudsen Co., Inc.*, 20 A.D.2d 104, 107 (App. Div. 1963) (citing *Flamm v. Noble*, 296 N.Y. 262, 268 (1947)).  This rule has been codified into N.Y. C.P.L.R. § 5001(a), which provides that "[i]nterest shall be recovered upon a sum awarded . . . because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property. . . ." *See also Collier*

*v. Granger*, 258 F. Supp. 717, 718 (S.D.N.Y. 1966) (awarding interest in securities fraud case

under federal and New York law); *Aetna Life Ins. Co. v. Licht*, 2005 WL 1981569, *1 (S.D.N.Y.

Aug. 17, 2005) ("Because the instant action alleges that defendant fraudulently deprived plaintiff

of funds by improperly seeking reimbursement for medical procedures, the Court finds that an

award of prejudgment interest is necessary, and amends the judgment accordingly.")  It is "New

York's prevailing policy, interwoven into § 5001, that '[i]nterest must be added [in actions where

persons are deprived of the use of money] if we are to make the plaintiff whole." *Mallis*, 717

F.2d 683, 695 (2d Cir. 1983) (quoting *Prager v. New Jersey Fid. & Plate Glass Ins. Co.*, 245

N.Y. 1, 6 (1927) (alteration in original).  Under New York State law, "[i]nterest shall be at the

rate of nine per centum per annum. . . ."  N.Y. C.P.L.R. § 5004.  Therefore, BLMIS customers

are entitled to recover 9% interest on their investments.

The Trustee's proposal to set aside 3% reserve is insufficient because BLMIS customers

are entitled to 9% interest.  Therefore, the Court should grant the Motion to make a distribution

only with a 9% reserve for interest.

## CONCLUSION

For the reasons stated herein, the Customers respectfully request that the Court enter an

order requiring the Trustee to reserve for 9% interest to customers.

August 8, 2012

**BECKER & POLIAKOFF LLP**

By: /s/ Helen Davis Chaitman
45 Broadway
New York, NY 10006
(212) 599-3322
*Attorneys for S&P Associates General Partnership,*
*P&S Associates General Partnership, and Anne Del*
*Casino*

## CERTIFICATE OF SERVICE

I, Lourdes Blanco, hereby certify that I caused a true and correct copy of the foregoing document(s) to be served upon the parties in this action who receive electronic service through CM/ECF.  Courtesy copies of the same were also served upon counsel by electronic mail.  I certify under penalty of perjury that the foregoing is true and correct.

Dated: August 8, 2012

/s/ *Lourdes Blanco*

{N0017473 2 }                                             6