UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |

**ORDER APPROVING AN SECOND ALLOCATION OF PROPERTY TO THE FUND OF CUSTOMER PROPERTY AND AUTHORIZING SECOND INTERIM DISTRIBUTION TO CUSTOMERS**

Upon consideration of the motion (the "Motion") (ECF No. 4930) dated July 26, 2012 by Irving H. Picard, as trustee ("Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.* ("SIPA"), and the substantively consolidated estate of Bernard L. Madoff ("Madoff") (collectively, "Debtor"), for an Order Approving the Trustee's Second Allocation of Property to the Fund of Customer Property and Authorizing Second Interim Distribution to Customers, and the Affidavit of Matthew Cohen, executed July 20, 2012 (ECF No. 4931), and it appearing that due and proper notice of the Motion and the relief requested therein have been given, and no other or further notice needing to be given; and a hearing having been held on the Motion; and the Court having reviewed the Motion, the Memorandum of Law of the Securities Investor Protection Corporation in Support of Trustee's Motion for an Order Approving Second Allocation of Property to the Fund of Customer Property and Authorizing Second Interim

Distribution to Customers (ECF No. 4983), the Trustee's Reply to Objections to Trustee's Motion for an Order Approving Second Allocation of Property to the Fund of Customer Property and Authorizing Second Interim Distribution to Customers (ECF No. 4984), the objections filed (ECF Nos. 4966, 4965, 4976, 4971), the arguments of counsel and the record in this case; and the Court, as set forth in the transcript of the August 22nd hearing on the Motion, having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY**:

**ORDERED**, that the relief requested in the Motion is hereby granted; and it is further

**ORDERED**, that any objections to the Motion are hereby overruled; and it is further

**ORDERED**, that all holders of current and future allowed claims are eligible to receive a distribution consistent with the relief granted herein; and it is further

**ORDERED**, that the Trustee is required to maintain a reserve for the Time-Based Damages Issue as described in Motion at not less than the 3% Reserve; and it is further

**ORDERED**, that nothing in this Order or in the determination of the Motion (ECF No. 4930) constitutes a determination, or shall be deemed to have determined, whether (i) any net equity claim is or is not subject to adjustment for Time-Based Damages, or (ii) any defendant in an avoidance action commenced by the Trustee has a valid defense against the Trustee's avoidance claims, in whole or in part, under Section 548(c) of the Bankruptcy Code or otherwise under non-bankruptcy law arising from, relating to, or based on such defendant's assertion of a claim for or entitlement to any Time-Based Damages.

Dated: New York, New York
       August 22, 2012

                                            /s/Burton R. Lifland_____
                                            HONORABLE BURTON R. LIFLAND
                                            UNITED STATES BANKRUPTCY JUDGE