**Sidney J & Ethel L. Chambers**
**4244 S.E. Centerboard Lane**
**Stuart, FL 34997**
August 14, 2012

David J. Sheehan
C/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111

Ref: Madoff Claims Nos. ZR274, ZR275 & ZR337 and Time-Based Damages Adjustment Claims

Dear Mr. Sheehan:

We are not represented by counsel but would like to state our position relative to the Time Based Damages Motion and its effect on the Second Interim Distribution.

In December 2010 we had stated that we agreed that Madoff direct customers Allowable Claims should not be based on the November 30, 2008 statement balances although such an approach would be beneficial to us. We also agreed with the Trustee on his net equity approach with the exception that it should recognize the time value of money and we suggested several conservative indexes that could adjust for cost of living increases.

We believe the New York statutory rate is also inequitable, although beneficial to us, and hereby object to it. In addition, we fully support the Trustee's motion for a distribution with a 3% Reserve in order to move forward with further distributions. As stated previously, we believe an equitable distribution must include an adjustment for the time value of money and would propose that 3% is a reasonable rate for such an adjustment.

Unfortunately we have no Allowed Claims balance and will not be entitled to a further distribution at this time. However, the application of a small Time-Based value adjustment could, depending upon how it was applied, be extremely helpful to many of us. Simply put, it's hard to see how it would be considered inequitable.

As previously stated, most all of our retirement funds were directly invested with Madoff in the early 1990s and none were withdrawn. We are in our late 70's and in reasonably good health. We recognize there are many less fortunate. We don't feel we can afford an attorney and would readily respond or appear in a timely manner if requested. Please consider us Objecting Claimants and this letter our Opposition Brief for any related legal proceedings.

Thank you for your consideration,

*Sidney J & Ethel L. Chambers*          Encl: E. H. Picard of 1/9/2009
                                               S. B. Harbeck of 12/29/2010

S. James & Ethel L. Chambers
4244 S E Centerboard Ln.
Stuart, Florida 34997
772 418 8621
nuseashanty@comcast.net

December 29, 2010

Mr. Stephen P. Harbeck
President
Securities Investor Protection Corporation
805 Fifteenth Street, N.W., Suite 800
Washington, D.C. 20005-2205        Ref: Madoff ZR337, ZR274, & ZR275

Dear Mr. Harbeck,

We note from several recent publications that the Trustee will be making a distribution beginning in 2011 of the funds he has recovered on an "equitable basis" to those with "fully allowable" claims. Under the Trustees definition our remaining claims have been deemed "unallowable".

Unlike most Madoff victims, we do not feel a distribution of funds based on our November 2008 statement would be "equitable" even though it would certainly be beneficial to us. However, a distribution based on the time value of money (in and out) would clearly be "equitable" under most any set of circumstances. Our Madoff activities involved deposits and no withdrawals with the result that our situation is less complicated than most. We are told however that Madoff records are available in sufficient detail to enable this calculation on accounts which involve withdrawals. This approach was recommended by the Securities and Exchange Commission and would seem an obvious solution.
*Is this approach under consideration? If not, shouldn't it be?*

We eventually recovered our initial Madoff deposit made in 1992 with the help of two associates of the Trustee primarily because we could provide complete details including transfer advises and confirmation. We attempted to recover two subsequent deposits we believed were made in subsequent years with some support including tax returns but because they were not supported by Madoff records they could not be settled. We are to be advised of a date for a hearing in order to present our case.
*Will our position as well as the position of those challenging "net equity" be affected if distributions are made prior to settlement of these outstanding issues?*

We are more fortunate than many even though most of our retirement funds were invested with Madoff and we were devastated by the failure. We are in our mid-seventies but in reasonably good health and have been able to reduce expenses. Unfortunately, like many of our neighbors here in Florida, we have been unable to sell our home at a substantially reduced price. We do not have an attorney and would greatly appreciate a response from you or one of your associates.

Very truly yours,

S James Chambers


Ethel L Chambers

S. James & Ethel L. Chambers
4244 S E Centerboard Ln.
Stuart, Florida 34997
772 219 1006
nuseashanty@comcast.net

January 9, 2009

Irving H. Picard, Esc.
2100 McKinney Ave., Suite 800
Dallas, TX 75201

Gentlemen,

The enclosed Madoff claim forms apply to three IRA accounts totaling $▮▮▮▮ as of November 30, 2008. The accounts were established in 1997 as the result of the termination of a pension plan originally established in 1984. The Madoff pension account began in 1992 with the transfer of $▮▮▮▮ from our Neuberger Berman pension account. As a result of additional annual contributions of approximately $▮▮▮ between 1992 and 1997, the value increased to about $▮▮▮▮ at the time of the rollover into the aforementioned IRAs. After a great deal of searching, we have been able to piece together much of the history. Although it may not be necessary, the following description and history may be helpful.

**IRA accounts:**
As indicated in the claims forms, my wife (ELC) and I (SJC) have the following separate IRA accounts:
   SJC    1-ZR337 Traditional IRA    $▮▮▮
   SJC    1-ZR275 Roth IRA            $▮▮▮
   ELC    1-ZR274 Traditional IRA    $▮▮▮

Accounts ZR274 and ZR275 were established in February or March 1997, upon the termination of a pension plan. At that time, the total of approximately $▮▮▮▮ was allocated between two IRA accounts by an actuary. Although I no longer have the opening balance details, the values shown as of June 30, 1997 by the custodian at the time, Retirement Accounts, Inc, were $▮▮▮▮ and $▮▮▮▮.

No funds have ever been withdrawn from any of our Madoff IRAs or pension fund accounts. In order to meet minimum IRA distribution requirements, I have made RMD payments applicable to the SJC Madoff year-end balances from a smaller IRA account for the past several years.

In December 2007, I converted my (SJC) traditional IRA to a Roth effective January, 2008. When I became concerned about my ability to pay the income tax required on conversion, I recharacterized approximately $▮▮▮▮ back to a traditional IRA shown above as ZR-337. Copies of the relevant documentation are enclosed.

I should mention that I am now attempting to recharacterize the balance of the Roth IRA as a result of market losses and the Madoff failure, to avoid income tax liability. Unfortunately, I have been advised by FISERV, the present custodian, that because all Madoff accounts have been frozen by the SEC, FISERV is unable to process my request. Hopefully, this will not impact the processing of our claim.

**History Preceding the Original Traditional IRA accounts:**

    In December 1992 we established an investment account (1-ZA763) with Madoff for the purpose of investing a portion of our pension plan funds. My notes indicate we transferred $███ from our pension fund at Neuberger Berman, an investment advisory firm, on December 22, 1992. Although I am no longer a client, and many years have passed, Neuberger was able to locate the statement for the year ended December 31, 1992 showing the transfer. A copy is attached.

    The pension plan required annual contributions of approximately $███ Although I was able to locate tax return papers for most years during the period, I no longer have bank statements. I do know payments were made through Barnnet Bank, acquired by Nations Bank which is now Bank of America. We continue to maintain accounts with B of A and have been advised in no uncertain terms that the bank only maintains checking account records as far back as 2001.

    However, considering the few Madoff statements I have been able to locate, the annual payments have clearly been made. The portion of the Madoff statement for December 31, 1995 shows a balance of $███ and the Madoff Portfolio Management Report issued during the first quarter of 1997 shows a value at termination of $███

    At its termination in 1997 its assets were converted and allocated between the aforementioned IRA accounts. As of June 30, 1997, a few months after termination, Retirement Accounts, Inc. reported a total value of $███ Considering the pension plan requirements and Madoff rates of return I believe the balance is reasonably accurate. Based on the actuary, this amount was apportioned between two IRA accounts for SJC and EHL in the amounts of $███ and $███ respectfully. There have been no subsequent contributions or withdrawals.

    I believe we have made every effort to provide as much information and supporting documentation as possible. Needless to say, we will do anything possible to facilitate the processing of our claims.

    Very truly yours,

    S. James Chambers        Ethel L Chambers

Attachments and enclosures:
    Madoff statements detailing securities held as of 11/30/08
    Madoff agreements for establishment of IRA accounts 1ZR274 and 1ZR275
    FISERV conversion request of 12/7/07 applicable to account 1ZR275
    FISERV recharacterization request dated 4/24/07
    Madoff advice confirming new traditional IRA account 1ZR337 for $███
    Neuberger Berman statement indicating transfer of $███ on 12/22/92 for
        establishment of Madoff account #1ZA763 for pension plan
    Madoff statement of 12/31/95 indicating market value of $███
    Letter of 3/11/97 and forms requesting plan termination and rollover to IRAs
    1997 Madoff report indicating termination value was $███ prior to 3/31/97
    Retirement Accts. IRA Statement of 9/30/97 indicating values for 1ZR274 &275

S.J. Chomtrin
4214 SE Cuthrub Ln
Stuart, FL 34997

David J. Sheehan, Esq.
c/o Baker & Hostetler, LLP
45 Rockefeller Plaza
New York, NY 10111

