**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Jorian L. Rose
Email: jrose@bakerlaw.com
Seanna R. Brown
Email: sbrown@bakerlaw.com
Bik Cheema
Email: bcheema@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

Hearing Date: August 29, 2012
Time:  10:00 a.m.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |

**TRUSTEE'S REPLY TO OBJECTIONS TO TRUSTEE'S MOTION FOR AN ORDER
TO SCHEDULE HEARING ON TIME-BASED DAMAGES ISSUE**

Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the estate of Bernard L. Madoff ("Madoff") (collectively, "Debtor"), by and through his undersigned counsel, respectfully submits

this reply (the "Reply") to the objections to the Trustee's motion (the "Scheduling Motion") (ECF No. 4920) for an order (the "Proposed Scheduling Order") requesting a briefing schedule regarding the recalculation of customer claims based on an interest factor or a constant dollar adjustment (collectively referred to herein as the "Time-Based Damages Issue"), filed on July 17, 2012,[1] and in support thereof, respectfully submits as follows:

## REPLY

1.  Two objections were filed to the Trustee's Scheduling Motion. HHI Investment Trust #2 and Blue Star Investors, LLC, among others[2] (collectively, the "HHI Parties"), filed an objection (the "HHI Objection"). (ECF No. 4957). Martin, Richard, and Steven Surabian (the "Surabians") also filed an objection. (ECF No. 4952). The HHI Objection and Surabian Objection (together, the "Objections") should be overruled for the reasons described below, including lack of standing and judicial efficiency/jurisdictional reasons.

*The HHI Objection*

2.  Notwithstanding the HHI Objection, the HHI Parties' ability to participate in this briefing has been foreclosed by two strategic legal decisions they made: first, certain of the

---

[1] All capitalized terms not defined herein shall have the meaning ascribed in the Scheduling Motion.

[2] In addition, the HHI Objection was filed on behalf of King Harris, in his fiduciary capacity; Katherine P. Harris, in her fiduciary capacity; Toni H. Paul, in her fiduciary capacity; Denise Saul, in her fiduciary capacity; Sidney Barrows, in his fiduciary capacity; The Harris Family Foundation; Pam F. Szokol Trust; William J. Friend Trust Dated 06/22/95; Scott C. Friend Trust of 1984 Under Trust Agreement Dated 11/21/84; Bette D. Harris Grandchildren's Trust for the Children of Katherine Harris - Pam Friend Szokol Under Trust Agreement Dated 01/13/59; Bette D. Harris Grandchildren's Trust for the Children of Katherine Harris - William Friend Under Trust Agreement Dated 01/13/59; Bette D. Harris Grandchildren's Trust for the Children of King Harris -John B. Harris Under Trust Agreement Dated 01/13/59; Bette D. Harris Grandchildren's Trust for the Children of Toni Paul Under Trust Agreement Dated 01/13/59; King W. W. Harris Trust for Children Under Trust Agreement Dated 12/15/76; Toni Harris Paul Children's Trust Dated 12/15/76; Katherine Harris Custodian for John B. Harris Under the Illinois Uniform Gifts to Minors Act Under Agreement Dated 12/01/76; King Harris Custodian for Charles Henry Paul Under the Illinois Uniform Gifts to Minors Act Under Agreement Dated 06/01/79; King Harris Custodian for Kelly Lynn Paul Under the Illinois Uniform Gifts to Minors Act Under Agreement Dated 10/01/80; King Harris Custodian for Alan Harris Paul Under the Illinois Uniform Gifts to Minors Act Under Agreement Dated 12/20/84; King Harris Custodian for Laurie Beth Paul Under the Illinois Uniform Gifts to Minors Act Under Agreement Dated 12/20/84; John B. Harris; Charles Henry Alan Harris Paul; Laurie Beth Paul.

2

HHI Parties chose not to file claims in this proceeding (the "HHI Non-Claimants"),[3] thus determining not to participate as claimants. Second, when the Trustee filed avoidance actions against certain of the HHI Parties (as listed on the Exhibit A of the HHI Objection, the "HHI Defendants") seeking to recover the fictitious profits they withdrew from BLMIS, the HHI Defendants filed motions to withdraw the reference from this Court. Their motion was granted. Having chosen not to file a claim and having successfully moved to withdraw the reference, those choices have consequences the HHI Parties cannot reverse now.

        A.    *The HHI Non-Claimants have no standing.*

        3.    The HHI Parties' argument that net winners in avoidance actions must be able to participate in the Time-Based Damages briefing is overly broad. Any claimant – whether Net Winner or Net Loser – has standing to brief the Time-Based Damages Issue. But in order to establish standing, the party must have filed a timely claim in this proceeding.

        4.    Section 78fff–2(a)(3) of the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"),[4] provides that "no claim of a customer or other creditor of the debtor which is received by the Trustee after the expiration of the six month period beginning on the date of publication of notice shall be allowed." SIPA § 78fff–2(a)(3) (with certain limited exceptions not applicable here); *In re Weis Secur., Inc.,* 411 F. Supp. 194, 194-195 (S.D.N.Y. 1975); *In re Adler Coleman Clearing Corp.,* 204 B.R. 99, 103 (Bankr. S.D.N.Y. 1997). Accordingly, on December 23, 2008, this Court entered an order (the "Claims Procedures Order") that, *inter alia*, established the date of publication of notice as January 2, 2009, and identified the bar date for all claims as July 2, 2009 (the "Bar Date"). (ECF No. 12).

---

[3] There are 25 HHI Parties: 10 HHI Parties filed claims and 15 did not file claims.
[4] For convenience, subsequent references to sections of the Act shall follow the form: "SIPA § __."

5. The HHI Parties received adequate notice in accordance with the Claims Procedures Order. Yet, the HHI Non-Claimants failed to file claims by the Bar Date, July 2, 2009.

6. Thus, neither the Scheduling Motion nor the adjudication of the Time-Based Damages Issue can cause HHI Non-Claimants an "injury in fact" that is "distinct and palpable," fairly traceable to the challenged action, and that is likely redressable by a favorable decision. *See, e.g., Nnebe v. Daus*, 644 F.3d 147, 156 (2d Cir. 2011). The HHI Non-Claimants have no claims that could be recalculated using Time-Based Damages, even if applicable. Indeed, the failure to file claims with the Trustee strips the HHI Non-Claimants of standing to brief this claims-related issue. *See Krys v. Official Comm. of Unsecured Creditors (In re Refco Inc.)*, 505 F.3d 109, 116-17 (2d Cir. 2007); *In re Adler Coleman Clearing Corp.,* 204 B.R. 99, 103 (Bankr. S.D.N.Y. 1997).

7. This Court's words prior to the bar date are particularly worth repeating here. When asked by certain counsel to Net Winners in February 2009 to extend the Bar Date, this Court referred to the choice of whether to file a claim as potentially "a Hobson's choice*"* and "an act of volition employed by individual parties, and a tactical decision."[5] Ultimately, the HHI Non-Claimants made such a choice and chose not to accept the benefits and the burdens of filing a claim. One of the benefits of filing a claim would be the ability to participate in claims proceedings. Therefore, the HHI Non-Claimants have no standing and should not be permitted to participate in the briefing of the Time-Based Damages Issue.

    B.    *The HHI Defendants successfully withdrew the reference regarding their alleged antecedent debt defense.*

---

[5] Judge Lifland Tr. 38:6 February 24, 2009 (ECF No. 171).

4

8. The HHI Parties also seek to expand the scope of issues before this Court to include a determination as to whether the Time-Based Damages issue impacts the quantum of their antecedent debt defense to the Trustee's avoidance actions. However, this expansion is inappropriate at this time because the HHI Defendants, among many others, successfully moved to withdraw the reference from this Court to the District Court on the antecedent debt issue.

9. In moving to withdraw the reference, the HHI Defendants argued that: (1) the amounts reflected on the account statements provided to the HHI Parties, as required by state and federal securities laws, constituted an antecedent debt, the payment of which cannot be avoided; and (2) Article III of the United States Constitution precludes the bankruptcy court from determining the fraudulent transfer claims asserted in their adversary proceeding.[6] Their request[7] was granted by Judge Rakoff. *See* Order in *In re Madoff Sec.*, No. 12 MC 0115 (JSR) (S.D.N.Y. dated May 16, 2012) (ECF No. 107) (the "Antecedent Debt Order"), attached hereto as Exhibit A. This strategic legal decision divests this Court of jurisdiction over the Trustee's avoidance actions.

10. A group of avoidance action defendants (the "Coordinating Defendants") have been coordinating the defendants' various defenses to the Trustee's avoidance actions now pending in the District Court. The Coordinating Defendants were required by the District Court to file one brief involving their antecedent debt defense that would cover all defendants. *See* Antecedent Debt Order, at 5. The Coordinating Defendants have raised the very same Time-Based Damages issue in connection with briefing the antecedent debt defense before the District Court – arguing that they may use interest (or Time-Based Damages) to reduce their avoidance

---

[6] Case 10-05404-BRL; (ECF No. 11).
[7] The HHI Defendants adopted and incorporated by reference the Memorandum of Law, the Declaration of Marcy Ressler Harris (the "Harris Declaration"), and the exhibits to the Harris Declaration filed on December 8, 2011 by Defendants in the action captioned *Picard v. Pati H. Gerber 1997 Trust, et al.,* Adv. Pro. No. 10-04480

action exposure.[8] The inescapable conclusion is that Coordinating Defendants believe the District Court withdrew reference relating to the Time-Based Damages antecedent debt defense.[9] The District Court, however, has repeatedly stated that it will not entertain the Time-Based Damages issue.[10] Resolving this question is academic because the Trustee respectfully believes this Court should not hear that portion of the antecedent debt defense in either case.

11. If the Coordinating Defendants' apparent position is correct – that the District Court has withdrawn the reference – this Court does not have jurisdiction to hear the Time-Based Damage antecedent debt defense issue until the HHI Defendants' adversary proceeding is remanded. If their position is incorrect (and the District Court did not withdraw the reference on that issue), it is still inappropriate to have this Court hear the issue at this time. If the District Court determines certain elements of a defense and this Court determines other related portions of the same defense, this allows for the possibility of inconsistent rulings, either on legal or factual grounds. Moreover, it is inappropriate for the HHI Defendants to be raising an issue here while the Coordinating Defendants raise the same issue in the District Court.

12. The HHI Parties also propose an alternative briefing schedule, on the basis that there are "various holidays during the period September 21, 2012 through October 19, 2012."

---

(BRL) (Bankr. S.D.N.Y.) (the "Gerber Action").

[8] *See* Consolidated Memorandum Of Law In Support Of Motion To Dismiss Regarding Antecedent Debt Issues On Behalf Of Withdrawal Defendants, As Ordered By The Court On May 12, 2012, at 6-11 (arguing that they may offset interest to the amount they may owe on account of the Trustee's avoidance action) (S.D.N.Y. civ. 12-115) (ECF No. 199). The relevant portions of the memorandum of law are attached hereto as Exhibit B.

[9] Notwithstanding the Coordinating Defendants' position, the Trustee believes the District Court has not withdrawn the Time-Based Damages issue in any form.

[10] *See Picard v. Flinn Invs., Inc.,* 463 B.R. 280, 286 (S.D.N.Y. 2011) (withdrawal of the reference on the constant dollar approach was expressly denied and it was stated that in the absence of a specific provision of SIPA or other non-bankruptcy law that even arguably commands this approach, the Court does not see any reason why the Bankruptcy Code would not control); *See also Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.),* 2012 U.S. Dist. LEXIS 70109 at *38 n.10 (S.D.N.Y. Apr. 30, 2012) (This Court, however, has declined to withdraw the reference to address this question, and the bankruptcy court will decide it on remand); *Picard v. Danville Mfg. Co.,* 11 Civ. 6573 (JSR) (S.D.N.Y. June 6, 2012) (ECF No. 14); *Picard v. Estate of Gilbert M. Kotzen, et al.,* 11 Civ. 8741 (JSR) (S.D.N.Y. June 6, 2012) (ECF No. 20); *Picard v. Kansler,* 11 Civ. 8533 (JSR) (S.D.N.Y. June 7, 2012) (ECF No. 21); *Picard v. Lucky Co.,* 11 Civ. 8840 (S.D.N.Y. June 7, 2012) (ECF No. 20); *Picard v.*

Presumably, an enlargement of time is requested in order to address the additional issues the HHI Parties presented. Because the HHI Non-Claimants have no standing and the expanded scope of briefing proposed is inappropriate, the Trustee respectfully requests the Court approve the original briefing schedule proposed.

### B. The Surabian Objection

13. The Surabians are no longer parties in interest in this case and have no standing to object to the Scheduling Motion. Although the Surabians filed customer claims against the BLMIS estate and claimed to be account holders at BLMIS, the Trustee neither found, nor did the Surabians provide any evidence that they were ever creditors or customers of BLMIS. Accordingly, the Trustee moved to expunge the claims and objections of the Surabians, which motion this Court granted by Order dated April 19, 2012. *See* Order, *In re Bernard L. Madoff Inv. Sec. LLC*, No. 08-01789 (BRL) (Bankr. S.D.N.Y. Apr. 19, 2012) (ECF No. 4779). The Surabians did not appeal that order. For the reasons discussed above, the Surabians no longer have outstanding claims and thus lack standing to participate in this matter.[11]

14. Additionally, the Surabian Objection presents substantive arguments that relate to the ultimate legal issue to be briefed – whether Time-Based Damages should be awarded. These substantive arguments are not ripe for adjudication in connection with the instant Scheduling Motion.

---

*Fiterman Inv. Fund et al.,* No. 11 Civ. 8984 (JSR) (S.D.N.Y. June 7, 2012) (ECF No. 21).

[11] This is by no means the first time – nor is it likely to be the last time – the Surabians have filed papers without standing to do so. The Surabians also objected to the Trustee's Motion for an Order to Schedule Hearing on "Customer" Issue notwithstanding an identical absence of standing. (ECF No. 2052). The Court overruled the objection and approved the Trustee's proposed briefing schedule. (ECF No. 2205). The Surabians also filed the sole objection to the settlement between the Trustee and Trotanoy Investment Company, Ltd., et al. The objection was overruled by this Court and questioned as confusing and without basis. (Judge Lifland Tr. 8:1 May 16, 2012). Most recently, this Court overruled the Surabians' objection to the Trustee's Motion seeking, among other things, a second interim distribution because they lacked standing. (Judge Lifland Tr. 21:6 August 22, 2012).

15. The Securities Investor Protection Corporation has informed the Trustee that it has reviewed the Reply and concurs with the Trustee in this Reply.

16. WHEREFORE, the Trustee requests that this Court overrule the HHI Objection and the Surabian Objection in their entirety, and enter the Proposed Scheduling Order.

Dated: New York, New York
August 24, 2012

Respectfully submitted,

/s/ David J. Sheehan
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Jorian L. Rose
Email: jrose@bakerlaw.com
Seanna R. Brown
Email: sbrown@bakerlaw.com
Bik Cheema
Email: bcheema@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

300257916