# **EXHIBIT A**



**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SECURITIES INVESTOR PROTECTION
CORPORATION,

        Plaintiff,

v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

        Defendant.

In re:

MADOFF SECURITIES

12-MC-0115

**ORDER**

(Relates to consolidated proceedings
on Antecedent Debt Issues)

PERTAINS TO CASES LISTED IN EXHIBIT A

JED S. RAKOFF, U.S.D.J.:

    WHEREAS:

    A.    Pending before the Court are various adversary proceedings commenced by Irving H. Picard, as trustee ("Trustee"), in connection with the substantively consolidated liquidation proceedings of Bernard L. Madoff Investment Securities LLC ("Madoff Securities") and the estate of Bernard L. Madoff under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq.*, in which the Trustee has sought to avoid or recover certain transfers made by Madoff Securities in the 90 day, two year, six year and/or longer period(s) preceding December 11, 2008 (the "Transfers"). In these proceedings, certain defendants (the "Antecedent Debt Defendants") have sought withdrawal of the reference from the Bankruptcy Court to this Court, among other grounds, for the Court's determination of the Withdrawn Antecedent Debt Issue as defined below.

300245308

B. Exhibit A hereto, prepared by the Trustee's counsel, identifies the single cases or, in certain instances, the lead case of related adversary proceedings where defendants are represented by common counsel, in which Antecedent Debt Defendants have filed motions to withdraw the reference (or joined in such motions, which joinders are deemed included in the scope of this Order unless expressly stated otherwise on Exhibit A) based on, among other grounds, that the Trustee cannot avoid transfers or obligations that Madoff Securities made in satisfaction of antecedent debts owed by Madoff Securities (the "Adversary Proceedings").

C. The Court, over the objections of the Trustee and the Securities Investor Protection Corporation ("SIPC"), previously withdrew the reference from the Bankruptcy Court to consider issues concerning whether Madoff Securities made transfers to certain defendants on account of antecedent debt. *See* Picard v. Flinn Investments LLC, 463 B.R. 280 (S.D.N.Y. 2011); Picard v. Avellino, 2012 U.S. Dist. LEXIS 35260 (S.D.N.Y. Mar. 1, 2012) (together, the "Prior Antecedent Debt Withdrawal Rulings").

D. The Court has decided to consolidate briefing on the merits of the Withdrawn Antecedent Debt Issue (defined below), and the resolution of these issues will govern all pending motions to withdraw the reference and those pending motions to dismiss that have not yet been fully briefed and argued. See SIPC v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.), No. 12 MC 0115 (S.D.N.Y. Order dated Apr. 19, 2012) [ECF No. 22].

E. During a telephonic conference on April 17, 2012 with counsel for the Trustee, SIPC, and counsel for defendants in the Adversary Proceedings identified on Exhibit B hereto, regarding three pending motions to withdraw the reference, the Court directed the Trustee to: (i) propose a form of order, in consultation with the Antecedent Debt Defendants and SIPC, consistent with the Order dated April 13, 2012, SIPC v. Bernard L. Madoff Inv. Secs. LLC (In re

300245308                                                2

Madoff Secs.), No. 12-MC-0115 (S.D.N.Y. Order dated Apr. 13, 2012) [ECF No. 4] for the purpose of hearing and determining the Withdrawn Antecedent Debt Issue (defined below) in a common proceeding, and (ii) advise all Antecedent Debt Defendants that the Court would hear and determine the Withdrawn Antecedent Debt Issue in a common proceeding.

F. On April 18, 2012, a second telephonic conference (the "Second Telephone Conference") was convened at the request of certain counsel that were party to the original Telephone Conference to seek clarification of the Court's directives during the Telephone Conference. The actions and relevant counsel that participated in the Second Telephone Conference are listed in Exhibit C hereto. During the Second Telephone Conference, the Court clarified its prior directives and made the following ruling providing, *inter alia*, the Court was withdrawing the reference, in part, solely as set forth herein, in order to address, among other issues, the merits of the Withdrawn Antecedent Debt Issue.

G. On April 19, 2012, the Court issued an order directing common briefing on the following issues raised in pending motions to withdraw the reference: (1) whether 11 U.S.C. § 546(e) limits the Trustee's ability to avoid transfers made by Madoff Securities; (2) whether provisions of the Internal Revenue Code that tax undistributed portions of IRAs prevent the Trustee from avoiding IRA distributions that would otherwise be taxed; (3) whether the Trustee may, consistent with non-bankruptcy law, avoid transfers that Madoff Securities purportedly made in order to satisfy antecedent debts; and (4) whether the Trustee has standing to pursue common law claims and, if so, whether the Securities Litigation Uniform Standards Act preempts the Trustee's common law claims. (*See Order, In re: Madoff Securities,* No. 12-MC-00115 (JSR) (S.D.N.Y. April 19, 2012) (ECF No. 22) (the "Common Briefing Order")).

300245308                               3

BASED ON THE FOREGOING, IT IS HEREBY ORDERED AS FOLLOWS:

1. The reference of the Adversary Proceedings listed in Exhibit A is withdrawn, in part, from the Bankruptcy Court to this Court solely with respect to the Antecedent Debt Defendants for the limited purpose of hearing and determining whether and to what extent (i) transfers made by Madoff Securities that the Trustee seeks to avoid were made in exchange for value, such as antecedent debts that Madoff Securities owed to the Antecedent Debt Defendants at the time of the transfers; and (ii) obligations incurred by Madoff Securities may be avoided by the Trustee, including whether they were exchanged for value, such as antecedent debts owed to the Antecedent Debt Defendants (the "Withdrawn Antecedent Debt Issue"). For avoidance of doubt, the Withdrawn Antecedent Debt Issue shall not address (i) questions of antecedent debt and value that are particular to "subsequent transferees" under Section 550, or (ii) whether indirect investment with Madoff Securities through a "feeder" or other fund constitutes value or is otherwise a defense to the avoidance or recovery of alleged fraudulent transfers. Except as otherwise provided herein or in orders of this Court, the reference to the Bankruptcy Court is otherwise maintained for all other purposes.

2. The Trustee and SIPC are deemed to have raised, in response to all pending motions for withdrawal of the reference based on the Withdrawn Antecedent Debt Issue, all arguments previously raised by either or both of them in opposition to all such motions granted by the Prior Antecedent Debt Withdrawal Rulings, and such objections or arguments are deemed to be overruled, solely with respect to the Withdrawn Antecedent Debt Issue, for the reasons stated in the Prior Antecedent Debt Withdrawal Rulings.

3. All objections that could be raised by the Trustee and/or SIPC to the pending motions to withdraw the reference in the Adversary Proceedings, and the defenses and

responses thereto that may be raised by the affected defendants, are deemed preserved on all matters.

4. On or before June 25, 2012, the Antecedent Debt Defendants shall file a single consolidated motion to dismiss pursuant to Fed. R. Civ. P. 12 (made applicable to the Adversary Proceeding by Fed. R. Bankr. P. 7012) and a single consolidated supporting memorandum of law, not to exceed fifty (50) pages (together, the "Antecedent Debt Motion to Dismiss").

5. The Trustee and SIPC shall each file a memorandum of law in opposition to the Antecedent Debt Motion to Dismiss, not to exceed fifty (50) pages each, addressing the Withdrawn Antecedent Debt Issue on or before July 25, 2012.

6. The Antecedent Debt Defendants shall file one consolidated reply brief, not to exceed thirty (30) pages, on or before August 8, 2012.

7. The Court will hold oral argument on the Antecedent Debt Motion to Dismiss on August 20, 2012, at __4_:_00_ _p_.m. (the "Hearing Date").

8. On or before August 8, 2012, the Antecedent Debt Defendants shall designate one lead counsel to advocate their position at oral argument on the Hearing Date, but any other attorney who wishes to be heard may appear and so request.

9. The caption displayed on this Order shall be used as the caption for all pleadings, notices and briefs to be filed pursuant to this Order.

10. All communications and documents (including drafts) exchanged between and among any of the defendants in any of the adversary proceedings, and/or their respective attorneys, shall be deemed to be privileged communications and/or work product, as the case may be, subject to a joint interest privilege.

300245308                                    5

11. This Order is without prejudice to any and all grounds for withdrawal of the reference (other than the Withdrawn Antecedent Debt Issue) raised in the Adversary Proceedings by the Antecedent Debt Defendants and any matter that cannot properly be raised or resolved on a Rule 12 motion, all of which are preserved.

12. Nothing in this Order shall: (a) waive or resolve any issue not specifically raised in the Antecedent Debt Motion to Dismiss; (b) waive or resolve any issue raised or that could be raised by any party other than with respect to the Withdrawn Antecedent Debt Issue, including related issues that cannot be resolved on a motion under Fed. R. Civ. P. 12; or (c) notwithstanding Fed. R. Civ. P. 12(g)(2) or Fed. R. Bankr. P. 7012(g)(2), except as specifically raised in the Antecedent Debt Motion to Dismiss, limit, restrict or impair any defense or argument that has been raised or could be raised by any Antecedent Debt Defendant in a motion to dismiss under Fed. R. Civ. P. 12 or Fed. R. Bankr. P. 7012, or any other defense or right of any nature available to any Antecedent Debt Defendant (including, without limitation, all defenses based on lack of personal jurisdiction or insufficient service of process), or any argument or defense that could be raised by the Trustee or SIPC in response thereto.

13. Nothing in this Order shall constitute an agreement or consent by any Antecedent Debt Defendant to pay the fees and expenses of any attorney other than such defendant's own retained attorney. This paragraph shall not affect or compromise any rights of the Trustee or SIPC.

14. This Order is without prejudice to and preserves all objections of the Trustee and SIPC to timely-filed motions for withdrawal of the reference currently pending before this Court (other than the withdrawal of the reference solely with respect to the Withdrawn Antecedent

300245308

6

Debt Issue) with respect to the Adversary Proceedings, and the defenses and responses thereto that may be raised by the affected defendants, are deemed preserved on all matters.

15. The procedures established by this Order, or by further Order of this Court, shall constitute the sole and exclusive procedures for determination of the Withdrawn Antecedent Debt Issue in the Adversary Proceedings (except for any appellate practice resulting from such determination), and this Court shall be the forum for such determination. To the extent that briefing or argument schedules were previously established with respect to the Withdrawn Antecedent Debt Issue in any of the Adversary Proceedings, this Order supersedes all such schedules solely with respect to the Withdrawn Antecedent Debt Issue. To the extent that briefing or argument schedules are prospectively established with respect to motions to withdraw the reference or motions to dismiss in any of the Adversary Proceedings, the Withdrawn Antecedent Debt Issue shall be excluded, to the extent practicable, from such briefing or argument and such order is vacated. For the avoidance of doubt, to the extent any of the Antecedent Debt Defendants have issues other than the Withdrawn Antecedent Debt Issue or issues set forth in the Common Briefing Order that were withdrawn, those issues will continue to be briefed on the schedule previously ordered by the Court. Except as stated in this paragraph, this Order shall not be deemed or construed to modify, withdraw or reverse any prior Order of the Court that granted withdrawal of the reference in any Adversary Proceeding for any reason.

SO ORDERED.

Dated: New York, New York
May _/2_, 2012

_____
JED S. RAKOFF, U.S.D.J.