## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION ) <br> CORPORATION, ) <br> ) <br>       Plaintiff-Applicant, ) <br> ) <br>       v. ) <br> ) <br> BERNARD L. MADOFF INVESTMENT ) <br> SECURITIES LLC, ) <br> ) <br>          Defendant. ) <br> In re: ) <br> ) <br> BERNARD L. MADOFF, ) <br> ) <br>         Debtor. ) | Adv. Pro. No. 08-01789 (BRL) <br><br> SIPA Liquidation <br><br> (Substantively Consolidated) |

RECEIVED

AUG 2 3 2012

U.S. BANKRUPTCY COURT
SO DIST OF NEW YORK

## MOTION TO REMOVE IRVING H. PICARD AS TRUSTEE FOR THE SUBSTANTIVELY CONSOLIDATED SIPA LIQUIDATION OF BERNARD L. MADOFF INVESTMENT SECURITIES LLC AND BERNARD L. MADOFF

We, Steven Surabian and Richard Surabian having accounts opened directly through Bernard

L. Madoff with Bernard L. Madoff Investments Securities LLC ("BLMIS")  and as claimants

and customers having interest, Motion this Court for the Removal of Irving H. Picard as Trustee

for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities

LLC and Bernard L. Madoff for the following reasons:

1.   On July 26, 2012 Irving H. Picard ("Trustee") as Trustee through his Attorneys, filed Notice

of Motion for an Order Approving Second Allocation of Property to the Fund of Customer

Property and Authorizing Second Interim Distribution to Customers.

2.   Accompanying the Trustee's Motion was a 75 page document titled **Miscellaneous**,

customers of BLMIS that the Trustee was intending on distributing the funds to after Order

Approving Second Allocation of Property to the Fund of Customer Property is Approved. See

attached Exhibit "A".

3.    On page 68 of 75 the name of Martin M. Surabian, Richard Surabian and Steven Surabian

are listed as customers Distribution is intended for by the Trustee. See Exhibit "B".

4.    The Trustee also attached additional 75 page document titled **File a Motion**, customers of

BLMIS that the Trustee claimed the Trustee was intending on distributing the funds to after his

Motion was Approved. See attached Exhibit "C".

5.    Again on page 68 of 75 the names of Martin M. Surabian, Richard Surabian and Steven

Surabian are listed as customers the Trustee intended on distributing  assets to if the Motion

Authorizing Second Interim Distribution To Customers is Approved. See attached Exhibit "D".

6.    Martin M. Surabian, Richard Surabian and Steven Surabian ("Surabians") as customers of

BLMIS, Filed Objection to the Second Interim Distribution to Customers on August 7, 2012.

7.    On August 15, 2012 Securities Investor Protection Corporation, filed Memorandum of Law

of the Securities Investor Protection Corporation in Support of Trustee's Motion for an Order

Approving Second Allocation of Property to the Fund of Customer Property and Authorizing

Second Interim Distribution to Customers.

8.    Kevin Bell certified  that true and correct copies of SIPC's Memorandum of Law in Support

was mailed to those parties as set forth on attached Schedule A, BLMIS Customers, page 3. See

attached Exhibit "E".

9.    On page 5 of Kevin Bell's Certificate of Service  was listed as customers of BLMIS were the

names of Martin M. Surabian, Richard Surabian and Steven Surabian. See Exhibit "F".

10. Also attached to Kevin Bells certificate was a 75 page document titled **File an answer to a motion**, and on page 68 was listed the names of Martin M. Surabian, Richard Surabian and Steven Surabian. See Exhibit "G".

11. On August 15, 2012 the Trustee, Irving H. Picard filed Trustee's Reply to Objections to Trustee's Motion for an Order Approving Second Allocation of Property to the Fund of Customer Property and Authorizing Second Interim Distribution to Customers.

12. No. 4 of the Reply the Trustee indicates the Surabians filed the second objection.

13. Page 7 of the Trustee's Reply, **II.   The Surabian Objection** No. 17, the Trustee states that even though the Surabians were listed as customers the Trustee intended on distributing Allocation to if Approved see Exhibits A through G, the Trustee now indicates that he will not distribute to the Surabians if the Second Allocation is Approved. See Exhibit "H".

14. The Trustee claims that this Court has recognized that the Surabians were never customers or creditors of BLMIS, they will not receive any of these funds and have no standing to object to the Motion. The Trustee never attached any Court documents indicating the Surabians at hearing were judged not to to be customers and have no standing to object to the Motion. The Court just Overruled the objections and never notified the Surabians that they were not customers.

15. Who else listed as Customers of BLMIS, that the Trustee indicated in his Motion of the Second Allocation to Customers does the Trustee now not intend to Distribute funds to? If no one else, then the Surabians claim that the Trustee is showing prejudice.

15. A Trustee can not deny a claim based on his personal prejudices and if so must be removed by this Court.

17. The Trustee has never meet with the Surabians and only indicated several months ago that he

does not believe the Surabians are customers of BLMIS based on the records of BLMIS.

18. BLMIS records can not be considered as accurate by this court, otherwise customers would

own stock in companies that the Court now claims were never purchased by BLMIS, even-

though the records indicated to the customers that the stock was purchased for the customers.

19. The Surabians were never given accesses to the records of BLMIS to see were and how their

assets were diverted and to whom.

20. The Surabians are True Israelites since the time of Jacob but are not and never would be

Zionists and they now believe that Madoff being a Zionist and not liking the fact that not only

were the Surabians not Zionists but were Anti-Zionists, plained on steeling their assets from the

start.

21. Surabians now believe that if Madoff was never found out, that everyone would believe

Madoff, that the Surabians never had accounts with BLMIS and he would get all their assets.

22. The Trustee is still willing to believe Madoff's records, not just regarding as he claims that

Madoff's records do not indicate the Surabians as customers or at-least deny the Surabians,

claiming that Madoff's records do not indicate that the Surabians were customers even if

Madoff's records did but also that the Trustee is willing to pay customers as claimed on record

even if they may be claiming what should be the Surabians accounts.

23. Martin M. Surabian would also be filing this Motion but has been hospitalized since August

11, 2012 over this Madoff scam and after hearing that the Trustee claims he was not a customer

without out ever contacting him.

## CONCLUSION

**WHEREFORE**, we, Steven Surabian and Richard Surabian as customers and creditors of

BLMIS pray this Court Allow their Motion to Remove Irving H. Picard as Trustee for the

Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC

and Bernard L. Madoff or in the alternative Order the Trustee to Distribute to all Customers that

he indicated he intended to distribute to if his Motion Authorizing Second Interim Distribution to

Customers is Allowed including the Surabians.


Steven Surabian Pro se
1230 Rt. 28
S. Yarmouth, MA 02664
(508) 688-4613

Richard Surabian Pro se
P.O. Box 397
W. Hyannisport, MA 02672
(508) 579-9834

## CERTIFICATE OF SERVICE

I certify that this 21st day of August, 2012 I served by 1st class US Mail a true copy of
Motion To Remove Trustee to the Chambers of the Honorable Burton R. Lifland and (a) Baker &
Hostetler LLP, counsel for the Trustee, 45 Rockefeller Plaza, NY, NY 10111, Attn: David J.
Sheehan, and (b) the Securities Investor Protection Corporation, 805 Fifteenth Street, NW, Suite
800, Washington, DC 2005, Attn: Kevin H.Bell, Esq. postage pre-paid.


Steven Surabian

EXhiBiT

"A"

New York Southern Live System

**Miscellaneous:**

08-01789-cgm Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities, LLC. et al

Notice of Electronic Filing

The following transaction was received from David J. Sheehan entered on 7/26/2012 at 11:16 AM and filed on 7/26/2012
Case Name:    Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities, LLC. et a
Case Number:    08-01789-cgm
Document Number: 5003

**Docket Text:**
AFFIDAVIT OF MATTHEW COHEN IN SUPPORT OF THE TRUSTEE'S MOTION FOR AN ORDER APPROVING THE SECOND ALLOCATION OF PROPERTY TO THE
FUND OF CUSTOMER PROPERTY AND AUTHORIZING SECOND INTERIM DISTRIBUTION TO CUSTOMERS (related document(s)[4900]) filed by David J. Sheehan
on behalf of Irving H. Picard. (Sheehan, David)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** C:\Fake\MainDoc.pdf
**Electronic document Stamp:**
[STAMP NYSBStamp_ID=4225091 [Date=7/26/2012] [FileNumber=16689542-0]
[01f2000a0000010f2000e0d19a2bd89a14fddf609a9c5b6a0fd1e5b6c1b6c4130a9a
b50307dae6597b40a263746262e1b6e6e5f1b1e4b6e3425e4]]

08-01789-lsd Notice will be electronically mailed to:

Don Abraham on behalf of Creditor Claudia Kaye
abraham@clickandnghton.com, njbabaheyos@bclubmatic@anrnighton.com

Robert Alan Abrams on behalf of Defendant Jeanne T. Spring Trust
r.abrams@bakelawyers.com

Paul H. Aloe on behalf of Defendant Bingler Partners LP
paloe@kudmanlaw.com, dsnoe@kudmanlaw.com, discover@kudmanlaw.com

Joshua E. Abraham on behalf of Defendant Marvin Graham
jadaia@brbgnsalaw.com

Perrin R. Ausbrisons on behalf of Defendant Steven Mendelow
adaia@brbgnsalaw.com, cattalos@brbgnsalaw.com,rpwbal@brbgnsalaw.com

Marcia J. Aurbach on behalf of Defendant Summer Reldenoj LP II
aurbach@brbgnsalaw.com

Elisa K. Auburn on behalf of Attorney Hoi Reihodudn LLP
kaui@srbfn.com

Robert H. Aronson on behalf of Unknown Bonnie Manzari
aronoff@gmail.com

Robert M. Barkas on behalf of Creditor Ini Schema
wdarrer@brbgnsalaw.com

Susan E. Halsschts on behalf of Creditor David and Irma Gross
susan.halscht@thornasus.com

David M. Baxter on behalf of Creditor Cornison Connection Capital, Inc.
dbaxter@bpvenines.com

Christopher I. Barrow on behalf of Defendant Isaac Jeanny Meyer
cbarrow@farmerswraver.com, cgarrow@farmerswarver.com;ascot@farmerswarver.com;garrment@farmerswarver.com

---

New York Southern Live System

Jonathan R. Barr on behalf of Trustee Irving Picard
jbarr@bakerlaw.com

David L. Barrack on behalf of Defendant Frederic Perlen
dbarrack@fulbright.com

William J. Barrett on behalf of Defendant Financiers Apache
william.barrett@bfkn.com

Thomas P. Battistoni on behalf of Creditor Bankruptcy Channel Islands Limited, Lady House Swayler Will Trust, Fourth Earl of Iveagh's Family Trust, Rory Guinness
Family Settlement, The FFMP Settlement
tbattistoni@schiffhardin.com

Kevin H. Bell on behalf of Plaintiff Securities Investor Protection Corporation
kbell@sipc.org, cvackaro@sipc.org

Shayn M. Berger on behalf of Plaintiff Securities Investor Protection Corporation
bergerm@columbia.com, cjohnston@columbia.com;dkdocketing@columbia.com;on

Steven B. Berzner on behalf of Defendant Koosharem (SCB), in his capacity as
Successor Trustee of the Saul A. Greenman Revocable Trust did 6/29/91
sberzner@ressed.com

Richard Bernard on behalf of Plaintiff Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC
rbernard@bakerlaw.com

Richard J. Bernard on behalf of Plaintiff Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC
rbernard@bakerlaw.com

James L. Bernard on behalf of Plaintiff Irving H. Picard LP
jbernard@stroock.com, mspeiser@stroock.com

Richard J. Bernard on behalf of Unknown David Snethen
rbernard@bakerlaw.com

Jeffrey L. Bernfeld on behalf of Creditor John Macusker & Sherry Morse Macusker Living Trust Dated 1/24/97
jeffreybernfeld@bernfeld-demanio.com

Daniel R. Benfield on behalf of Creditor Claimant The Appleby Productions Ltd. Defined Contribution Plan
dbenfield@uhtt.com

Timothy P. Bolter on behalf of Defendant Leo D. Simone
bolter@aah.com, tbpar@aah.com

Peter D. Bluers on behalf of Defendant Epic K-S Trust
pbluers@pandwsecures.com

Javier Bleichmar on behalf of Defendant Islam Entreprise, Enrique Enerquzin, Liliana Controne and Yolanda Friuldianichs on behalf of themselves and those they purport to
represent
jbleichmar@lhatmo.com

Mark A. Broun on behalf of Unknown Alvin Delaire
mbroun@morsumkhia.com

Mateo Bogatin on behalf of Defendant Global North America, Inc.
matzi@bogatin-aghi.com

Mateo Bogatin on behalf of Creditor Channel (SPA)
matzi@bogatin-aghi.com, ebocorat@bogatin.com

David G. Bucker on behalf of Plaintiff Irving H. Picard, Esq. Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities
LLC and in State of Bernard L. Madoff
bbuck@bakerlaw.com

Ben Bret on behalf of Interested Party Certain American Securities Defendants
bret@kramerlaw.com

LaSalle D. Breman on behalf of Creditor Tim Harold B. Roskilt Trust
lbreadin@partyoff@farlaw.com

LaSalle D. Breman on behalf of Creditor ASM Capital L.P.
lbreadin@ddp.com

Kirk L. Bret on behalf of Creditor Jaimin Bret
kbret@duds.com

Thomas H. Bret on behalf of Unknown Jaimin Bret
wenpay.bret@bretlaw.com

Suzanne Brown on behalf of Counter-Claimant Irving Picard
sbrown@bakerlaw.com, tblanford@bakerlaw.com

EXHIBIT

"B"

New York Southern Live System

Alan Starr

Irene Slavin

Jeffrey Slavin

Steppe... Skversas on behalf of Defendant Isaac Jimmy Mayer
Steppe & ...
Milo Weinfeld Attkoff & ...
150 West Flagler Street
Miami, FL 33130

Marion D. Sarich

Richard Stein

Richard H. Steinberg

Sharon & Gerson Skratz
c/o M. Stigman & Co.
23 Manchester Regan Rd.
psb 3000
Tel Aviv, 66184

Redman Sepnack

Brett & Jennifer Serphos

Douglas & Vider Serphos

Sena Serphos

Serpenboe Advisors, Inc.

Stephen Renard Roder & Robin Roder

Stephen and Francine Fajel

Sterling 15C L.L.C.

Sterling 20 LLC

Sterling Mets, L.P.

Sterling Thirty Venture LLC

Stephen Stern

Stephen H. Stern

Steven C. Jello Trust DTD 9/25/71 As Amended

Steven Jaffe 1989 Trust UDDT DTD 8/24/89 As Amended

Steven P. Heller Trust Robert Salzman Trustee

Steven Swelson, Richard Swelson, Marina M. Swelson

Meryl Stevens

New York Southern Live System

Fred Skevens on behalf of Defendant Jonathan Greenberg
Fred Kobelski LLP
100 Park Avenue
20th Floor
New York, NY 10017

Marion S. Stewart

Bernd Corminger Sofnegrose

Sim International Investments Ltd

Alexandra Story

Second International Investments Ltd

Martin D. Suzick

Gerald State

Susan Sullivan

Soa Family Trust

Steppi Lick Aspen Linnac

Steppi Ltd.

Martin M. Skratzsn

Richard Sorabian

Steven Sorabian

Susan Miranda Solvyn

Susan Simmon Priston Plan

Susan Solomon Predin Trustee Rev Agree TST DTD 5/23/2000

Stanley H. Simmons

Heinrick Sviak

Ayrlet Tul & Nachum Tul

Tim M. Tikoshyla on behalf of Foreign Representative Madoff Securities International Limited
Spann, Simkins, & Dempsey LLP
777 South Flagler Drive
West Palm Beach, FL 33401-6198

Tesse Shine Rukary

Toran Kneyfer Trust

Catherine Jelg Tang

Charles L Tanner

# EXHIBIT

# "C"

New York Southern Live System

New York Southern Live System

EXHiBiT

"D"

## New York Southern Live System

Oliver Stangl

Stanley Mandelboim Revocable Trust

Stanley Mendelson and Sarah Mendelson J/T WROS

Daniel Stark

Allan starr

Irene Stavis

Jeffrey Stavis

Eugene E. Stearns on behalf of Defendant Isaac Jimmy Mayer
Stearns Weaver Miller Weissler Alhadeff &
Sitterson, P.A.
150 west Flagler Street
SUITE 2200
Miami, FL 33130

Madison D. Stecyk

Richard Stein

Richard H. Steinberg
Blank & Goldsen Steinitz
c/o M. Seligman & Co.
73 Menachem Begin Rd.
Tel Aviv, 66184

Rathann Stepneski

Irati & Annette Stepelton

Douglas & Valan Stepelton

Sean Stepelton

Sequelna Advisors, Inc.

Stephen Bernard Roder & Robin Roder

Stephen and Francine Fogel

Sterling 15C LLC.

Sterling 20 LLC.

Sterling Metro, L.P.

Sterling Thirty Venture LLC

Sterston Stern

Stefania H. Stern

Steve C. Jaffe Trust UD/T DTD 9/25/71 As Amended

## New York Southern Live System

Steven Jaffe 1989 Trust UD/T DTD 9/24/89 As Amended

Steven P. Heller Trust Robert Saltzman Trustee

Steven Steuban, Richard Steuban, Martin M. Steuban

Beryl Steven

Fred Services on behalf of Defendant Jonathan Greenberg
Fox, Rothschild LLP
100 Park Avenue
15th Floor
New York, NY 10017

Marian S. Stewart

Bernd Griesinger Stiftinganst

Stirs International Investments Ltd

Alexandra Story

Stroud International Investment Ltd.

Martha D. Strauch

Gerald Stohr

Richard Steinfinn

Maria M. Stanfner

Sonyci Ltd.

Sonyei Leh-Jacques Lassac

Stei Family Trust

Sonia Soffova

Susan Soffova

Sea Family Trust

Susan Minson Selvyn

Steven Steinloss

Richard Steinloss

Susan Sosnow Pension Plan

Susan Soloman Fredin Trustee Rev Aprox TST DTD 5/25/2000

Shirley H. Sossman

Henoch Sviak

Aysht Tal & Nachum Tal

Tina M. Turnistyk on behalf of Sreqa Representative Model/Foreclose International Limited
Squire, Sanders & Dempsey LLP
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198

EXhiBiT

"E"

## SCHEDULE A

Internal Revenue Service
District Director
290 Broadway
New York, New York 10008

Internal Revenue Service
Centralized Insolvency Operation
Post Office Box 7346
Philadelphia, PA  19101-7346

U.S. Department of Justice, Tax Division
Box 55
Ben Franklin Station
Washington, DC 20044

### Securities Investor Protection Corporation
Kevin Bell – kbell@sipc.org
Josephine Wang – jwang@sipc.org

### Securities and Exchange Commission
Alexander Mircea Vasilescu – vasilescua@sec.gov
Terri Swanson – swansont@sec.gov
Preethi Krishnamurthy – krishnamurthyp@sec.gov

### United States Attorney for SDNY
Carolina Fornos – carolina.fornos @usdoj.gov
Alicia Simmons – Alicia.simmons@usdoj.gov
Matthew Schwartz – matthew.schwartz@usdoj.gov

### Counsel to the JPL
Eric L. Lewis – Eric.Lewis@baachrobinson.com

### BLMIS Customers

Remy Investments Corp
1-5 Harley Street
London W1G 9QD
England, United Kingdom

Edward H. Kohlschreiber
35455 Ocean Blvd. Apt. 607
South Palm Beach, FL 33480

Sonya Kahn
1701 South Flagler Drive Apt. 1703
West Palm Beach, FL 33401-7343

EXHIBIT

"F"

Martin M. Surabian
Alice V. Surabian in trust for Karan T. Surabian
Gregory Surabian
Erik M. Surabian
Stephanie La-Flash Surabian
Kristen E. Surabian
Richard Surabian
Steven Surabian
Stephanie La-Flash Surabian
P.O. Box 397
W. Hyannisport, MA 02672
and
1230 Rt. 28
South Yarmouth, MA 02664

Kenneth Springer
2267 Newbury Dr.
Wellington, FL 33414

Peerstate Equity Fund L.P.
c/o Lou Prochilo
43 West St.
Northport, NY 11768

Chris P. Tsukoa
A. Angelaki
1202 Parrilla de Avila
Tampa, FL 33613

Hilda Drucker
5 Schenck Ave, Apt. 3-I
Great Neck, NY 11021

John H. Petito
3639 River Road
Lumberville, PA 18933

Bernard W. Braverman
420 East 54th Street #25B
New York, NY 10022
(Courtesy) Email: berniebraverman@gmail.com

Richard C. Brockway
705 Harbour Drive
Vero Beach, FL 32963

EXHIBIT

G

**File an answer to a motion:**

08-01789-brl Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities, LLC. et a

**U.S. Bankruptcy Court**

**Southern District of New York**

Notice of Electronic Filing

The following transaction was received from Josephine Wang entered on 8/15/2012 at 5:28 PM and filed on 8/15/2012
**Case Name:**      Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities, LLC. et a
**Case Number:**    08-01789-brl
**Document Number:** 4983

Docket Text:
Response to Motion *Memorandum of Law of the Securities Investor Protection Corporation in Support of Trustee's Motion for an Order Approving Second Allocation of Property to the Fund of Customer Property and Authorizing Second Interim Distribution to Customers* (related document(s)(4930)) filed by Josephine Wang on behalf of Securities Investor Protection Corporation. with hearing to be held on 8/22/2012 (check with court for location) Objections due by 8/8/2012, Reply due by 8/15/2012,
(Attachments: # (1) Certificate of Service) (Wang, Josephine)

The following document(s) are associated with this transaction:

Document description:Main Document
Original filename:Memo of Law - Second Allocation.pdf
Electronic document Stamp:
[STAMP NYSBStamp_ID=842906028 [Date=8/15/2012] [FileNumber=11737455-0]
[319dd05896ab25e986eb33f7c24112547254400f42d11215b903e4e1780e7462c7e4
94ce813d202a276f8330a63b3a325f0d49c519c7eb22266e2888af0fb79b]]
Document description: Certificate of Service
Original filename:Second Allocation Memo - COS.pdf
Electronic document Stamp:
[STAMP NYSBStamp_ID=842906028 [Date=8/15/2012] [FileNumber=11737455-1]
[64f2aa002e01315f4adf528c06cf8515954d65992ebaed8ff8e06a3249f334f7a29f
35962ad496a0076997dcfdd7e6e94cdae62d710a68eeb630df70c8929cb]]

08-01789-brl Notice will be electronically mailed to:

Don Abraham on behalf of Creditor Claudia Faris
abrahamd@dicksteinshapiro.com, nybankruptcydocketing@dicksteinshapiro.com

Robert Alan Abrams on behalf of Defendant Jeanne T. Spring Trust
rabrams@katskykorins.com

Nathan D. Adler on behalf of Defendant 20:20 Medici AG
nda@nqgrg.com

Anna Conlon Aguilar on behalf of Unknown Karen Davis
aaguilar@conlonaguilar.com

Kathleen M. Aiello on behalf of Attorney Fox Rothschild LLP
kaiello@foxrothschild.com

Emily Alexander on behalf of Unknown FutureSelect Prime Advisor II, LLC, Merriwell Fund, LP, Telesis II, LLC, RCW Group, Inc. Ronald Ward and Dianne Ward
emilyalexander@tafattorneys.com

Paul H. Aloe on behalf of Defendant Ringler Partners LP
paloe@kudmanlaw.com, lwhite@kudmanlaw.com

Parvin K. Aminolroaya on behalf of Defendant Joseph S. Popkin Revocable Trust Dated February 9, 2006, a Florida Trust
paminolroaya@seegerweiss.com, dmora@seegerweiss.com;lholbrook@seegerweiss.com

Joshua S. Androphy on behalf of Defendant Marvin Olshan
jandrophy@olshanlaw.com

Stanley S. Arkin on behalf of Defendant Steven Mendelow
sarkin@arkin-law.com, dford@arkin-law.com;dpohl@arkin-law.com;ppope@arkin-law.com;hkaplan@arkin-law.com

Jan Douglas Atlas on behalf of Unknown Family Partners, LLP
atlas@kolawyers.com, cardoso@kolawyers.com;way@kolawyers.com

Martin J. Auerbach on behalf of Defendant Sumner Feldberg LP II
auerbach@mjaesq.com

Elizabeth Austin on behalf of Defendant Retirement Program for Employees of the Town of Fairfield
ea@pullcom.com, jgrossarth@pullcom.com

Robert H. Avaunt on behalf of Unknown Bonnie Mattozzi
ravaunt@gmail.com

Ernest E. Badway on behalf of Creditor Iris Schaum
ebadway@foxrothschild.com

Susan F. Balaschak on behalf of Creditor David and Irma Gross

Steven Jaffe 1989 Trust U/D/T DTD 8/24/89 As Amended
,

Steven P. Heller Trust Robert Saltsman Trustee
,

Steven Surabian, Richard Surabian, Martin M. Surabian
,

Beryl Stevens
,

Fred Stevens on behalf of Defendant Jonathan Greenberg
Fox Rothschild LLP
100 Park Avenue
15th Floor
New York, NY 10017

Maxine S. Stewart
,

Bernd Greisinger Stiftungsrat
,

Stirs International Investments Ltd
,

Alexandra Story
,

Strand International Investments Ltd.
,

Martha D. Strizich
,

Gerald Stuhr
,

Susan Sullivan
,

Sun Family Trust
,

Sunyei Ltd-Jacques Lamac
,

Sunyei Ltd.
,

Martin M. Surabian
,

Richard Surabian
,

Steven Surabian
,

Susan Miranda Selwyn
,

Susan Sansone Pension Plan
,

Susan Schemen Fradin Trustee Rev Agree TST DTD 5/23/2000
,

Stanley H. Sussman
,

Heinrich Svitak
,

Ayelet Tal & Nachum Tal
,

Tina M. Talarchyk on behalf of Foreign Representative Madoff Securities International Limited
Squire, Sanders & Dempsey LLP
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198

EXHIBIT

"H"

14.    The Trustee submits that this language, if approved by the Court and made part of the order on the Trustee's Motion, should resolve the Aufzien Objection as it relates to their avoidance action.

15.    The Aufziens, as defendants in pending avoidance actions, should not be permitted to delay distributions based on unsupported damages theories in those actions.

16.    In sum, if S&P, P&S, Ms. Del Casino and the Aufziens wish to stall $1 billion in distributions, they should have provided relevant case law or facts that provide some basis for finding 9% is an appropriate interest rate adjustment to customer claims in a SIPA case. They have not and their objections should be overruled.

## II.    The Surabian Objection

17.    The Surabians object because the Motion does not identify who will receive payments under the Second Interim Distribution. This is untrue. The Motion is clear that allowed customers will receive as little as $1.493 billion and as much as $2.427 billion, to be distributed pro rata to customers with allowed customer claims. Because this Court has recognized that the Surabians were never customers or creditors of BLMIS,[4] they will not receive any of these funds and have no standing to object to the Motion.[5]

---

[4] See Order, In re Bernard L. Madoff Inv. Sec. LLC, No. 08-01789 (BRL) (Bankr. S.D.N.Y. Apr. 19, 2012) (ECF No. 4779).

[5] The Surabians also objected to the Trustee's Motion for an Order to Schedule Hearing on "Customer" Issue notwithstanding an identical absence of standing. (ECF No. 2052). The Court overruled the objection and approved the Trustee's proposed briefing schedule. (ECF No. 2205). More recently, the Surabians filed the sole objection to the settlement between the Trustee and Trotanoy Investment Company, Ltd., et al. The objection was overruled by this Court and questioned as confusing and without basis. (Judge Lifland Tr. 8:1 May 16, 2012). The Surabians have also sought to be heard in response to the Scheduling Motion filed by the Trustee on the Time-Based Damages Issue, which the Trustee opposes for the same reasons asserted on each prior occasion. (ECF No. 4920).