**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
SECURITIES INVESTOR PROTECTION
CORPORATION,

      Plaintiff,

v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

      Defendant.
---------------------------------------------------------------x
In re:

BERNARD L. MADOFF,

      Debtor.
---------------------------------------------------------------x

Adv. Pro. No. 08-01789 (BRL)

SIPA LIQUIDATION

(Substantively Consolidated)

### RESPONSE TO TRUSTEE'S REPLY TO OBJECTIONS TO TRUSTEE'S MOTION FOR AN ORDER TO SCHEDULE HEARING ON TIME-BASED ADJUSTMENT ISSUES

On behalf of the customers listed on Exhibit A hereto (the "Avoidance Action Defendants"), we respectfully submit this Response to the Trustee's Reply to Objections to Trustee's Motion for an Order to Schedule Hearing on Time-Based Damages Issue (the "Reply") filed on August 24, 2012 by Irving H. Picard, Trustee ("Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the estate of Bernard L. Madoff (collectively, the "Debtor"), and state as follows:

    1.  We support setting a common briefing schedule to address, on a coordinated basis, issues regarding the adjustment of net equity determinations and/or customer

1

claims amounts based on an interest rate adjustment or constant dollar adjustment (such as an adjustment to account for inflation) (collectively, the "Time-Based Adjustment Issues"). We are not seeking to delay or prevent briefing or a determination of those important issues by this Court. Rather, we have been urging the Trustee for well more than a year to set a common briefing schedule on the Time-Based Adjustment Issues.

2. The Trustee's Motion for an Order to Schedule Hearing on Time-Based Damages Issue (the "Motion"), however, seeks to limit briefing only to customers who timely filed SIPA claims, even though Time-Based Adjustment Issues impact *all* BLMIS customers. In addition to customers who filed SIPA claims and seek to determine whether their claims are subject to recalculation based on an interest rate adjustment or constant dollar adjustment, customers who face avoidance actions brought by the Trustee also seek to determine whether the amounts to be avoided are subject to recalculation based on an interest rate adjustment or constant dollar adjustment. As proposed by the Trustee, though, avoidance action customers who did not file customer claims may not participate in and be heard on the Motion.

3. Because of its unduly narrow scope, the Motion as proposed is unfair to avoidance action defendants. Earlier in this case, the Trustee affirmed that the Net Investment Method must be used to calculate *both* net equity claims and avoidance amounts, and that failing to use the same calculation for *all* BLMIS customers would be inequitable. In the Trustee's own words:

> "The Trustee's duties are to the estate and the customer class as a whole … Unless the Net Investment Method is used to calculate both net equity claims and avoidance amounts of principal and fictitious profits, SIPA and the Bankruptcy Code would apply unequally to BLMIS accountholders and would contravene the Second Circuit Net Investment Ruling. Nothing in the Bankruptcy Code, SIPA, or the Net Investment Ruling permits this inequitable result."[1]

---

[1] Trustee's Reply to Amicus Brief on "Reset to Zero" Methodology at 1, *Picard v. Katz*, Civ. Case No. 11-03605 (JSR), Docket No. 75, at 2 (Dec. 6, 2011).

2

4. Yet now, the Trustee seeks to exclude avoidance action defendants from the proposed omnibus briefing addressed to the net equity calculation method. The Trustee's purported reasons are not compelling. First, the Trustee argues that avoidance action defendants who did not file customer claims by the July 2, 2009 bar date do not have standing to be heard on Time-Based Adjustment Issues, even though their rights are directly impacted by the determination of those issues and the issues affect all BLMIS customers, not just those who filed customer claims. Second, the Trustee argues that avoidance action defendants who successfully moved to withdraw the reference and have cases pending in the District Court lack standing to be heard on the Time-Based Adjustment Issues in this Court, even though the District Court has expressly declined to address the Time-Based Adjustment Issues and has deemed those issues to be inappropriate bases for withdrawal of the reference.

*The Trustee's Overly Narrow Definition of Time-Based Adjustment Issues Should Not Preclude Avoidance Action Defendants from Being Heard.*

5. The Trustee states that "[a]ny claimant -- whether Net Winner or Net Loser -- has standing to brief the Time-Based Damages Issues. But in order to establish standing, the party must have filed a timely claim in this proceeding." Reply at 3. The Trustee's focus on "any claimant" is too narrow, as the right to be heard on Time-Based Adjustment Issues applies equally to non-claimant avoidance action defendants. Among other reasons, avoidance action defendants are interested parties with standing to be heard precisely because the Net Investment Method will and must be used to calculate the amount of avoidance claims asserted against them, not just to calculate customer claims.[2] *See, e.g., Summers v. Earth Island Institute*, 555 U.S. 488, 493 (2009) (standing present where litigant has "alleged such a personal stake in

---

[2] Yet the Trustee defines "Interested Parties" for purposes of the Motion to exclude avoidance action defendants; the Motion unfairly limits "Interested Parties" only to government entities such as the SEC and the IRS.

3

the outcome of the controversy as to warrant his invocation of federal-court jurisdiction") (internal quotation omitted); *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975) (litigants entitled to have court decide issues where litigants' own legal rights and interests are at issue and litigants have personal stake in outcome of controversy); *see also In re Galerie Des Monnaies of Geneva, Ltd.*, 55 B.R. 253, 257 (Bankr. S.D.N.Y. 1985) (parties to adversary proceedings guaranteed due process and opportunity to be heard).

6. The Trustee's assertion that customers who did not file claims prior to the July 2, 2009 bar date may not participate in briefing the Time-Based Adjustment Issues also lacks support because BLMIS customers facing avoidance actions brought by the Trustee currently have contingent claims against the Debtor pursuant to Rule 502(h) of the Bankruptcy Code. Under Rule 502(h), an unsuccessful avoidance action defendant has a right to assert a claim for the value of avoided transfers up to 30 days after the judgment giving rise to the claim becomes final. *See* 11 U.S.C. § 502(h) ("A claim arising from the recovery of property under section [550] of this title shall be determined … the same as if such claim had arisen before the date of the filing of the petition."). Those claims are directly impacted by the Trustee's net equity determinations and time-based adjustment calculations. Indeed, the determination of the Motion may well determine the avoidance amounts the Trustee may recover from the avoidance action defendants and the amounts of any contingent claims they may assert against the Debtor estate. Consequently, the scope of omnibus briefing needs to be expanded expressly to cover avoidance action defendants.

7. The Trustee's unduly narrow scope is also fundamentally inequitable and inefficient. The Trustee acknowledges in his Reply that certain of the Avoidance Action Defendants filing this objection filed net equity claims prior to the July 2, 2009 bar date. Others,

4

however, did not file net equity claims at that time. While both sets of defedants will be impacted by the Court's ruling on the Motion, as proposed by the Trustee only some of them may participate in and be heard on the Motion. To avoid duplicative briefing and piecemeal litigation, the Court should broaden the scope of omnibus briefing so that, at the same time, it addresses time-based adjustment calculations both for customer claims and for avoidance amounts, and all interested parties may be heard.

8. Notwithstanding whether they filed net equity claims, all of the Avoidance Action Defendants have standing to address Time-Based Adjustment Issues because they are BLMIS customers, parties to this consolidated SIPA liquidation proceeding, and the issues surrounding the appropriate methodology for calculating net equity under SIPA have a direct, pecuniary effect on the avoidance claims brought against them by the Trustee. Indeed, the Trustee's proposal to calculate net equity under the Net Investment Method without any adjustment for the time value of money already has caused the Avoidance Action Defendants actual injuries-in-fact and/or invasions of legally protected interests that are traceable to the Trustee's net equity determinations and redressable by a favorable decision on the Motion. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) ("First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."); *Amnesty Int'l USA v. Clapper*, 638 F.3d 118, 131-32 (2d Cir. 2011). All of the Avoidance Action Defendants should

5

be permitted to participate fully in the omnibus briefing and argument contemplated by the Motion.

> *The Avoidance Action Defendants Are Not Foreclosed*
> *By Moving to Withdraw the Reference*

10. The District Court expressly refused to withdraw the reference for determination of the Time-Based Adjustment Issues. Therefore, the Avoidance Action Defendants are not foreclosed from being heard on those issues in this Court. The Avoidance Action Defendants are parties to this consolidated proceeding with avoidance claims pending against them in this Court. For this reason, among others, they have routinely requested stipulated extensions of time to respond to the avoidance action complaints filed against them, and those stipulated extensions have been filed in this Court. While the District Court withdrew the reference to determine certain issues, the reference was not withdrawn for determination of the Time-Based Adjustment Issues. After ruling on certain other issues raised by BLMIS customers who also had moved to withdraw the bankruptcy reference, District Court Judge Jed Rakoff expressly stated that the Time-Based Adjustment Issues will be decided on remand by the Bankruptcy Court. *In re Madoff Securities*, 12 Misc. 0115 (JSR), at *22, n. 10 (S.D.N.Y. Apr. 30, 2012) ("The defendants might well establish, for example, that under a 'constant dollar' approach, Madoff Securities owed them a reasonable return of interest. This Court, however, has declined to withdraw the reference to address this question, and the bankruptcy court will decide it on remand.").

11. Finally, the Time-Based Adjustment Issues, which address whether customer claims or avoidance amounts are subject to recalculation as a result of time-based or constant dollar adjustments, are not the same issues as the so-called Antecedent Debt Issue that is being heard and determined in the District Court. The Antecedent Debt Issue in the District

6

Court refers to a series of issues and defenses that arise out of Bankruptcy Code § 548 and concerns claims for *damages* and *interest on damages* under federal and state securities laws and common law.  *E.g.*, 15 U.S.C. § 77l(a)(2); 15 U.S.C. § 78bb(a)(2); *NML Capital v. Republic of Argentina*, 17 N.Y.3d 250, 265-66 (N.Y. 2011), N.Y. C.P.L.R. § 5004.  The Time-Based Adjustment Issues to be addressed in this Court do not concern claims for damages -- they concern whether time-based adjustments to calculations of customer net equity must be applied to credit customer deposits with their true economic value.  Such adjustments would equalize the losses among customers who deposited funds at different times over the course of Madoff's thirty-plus year fraud.  They would not provide damages (or interest on damages) to redress the Debtor's wrongdoing.

      12. Even the *excerpt* of the Antecedent Debt Issue brief attached to the Trustee's Reply makes clear that the Time-Based Adjustment Issues to be addressed in this Court are not being heard or ruled upon in the District Court.  *See* Ex. B to Trustee's Reply at 7 ("The remedies for securities fraud, and therefore the value of such a claim, include rescission of the transaction, recovery of principal, and compensation for the loss of the time value of money, expressed here as an award of interest.").  The full Antecedent Debt Issue brief, a copy of which is attached hereto as Exhibit B, explicitly highlights the distinction between the Antecedent Debt Issue being litigated in the District Court and the Time-Based Adjustment Issues before this Court.  *See id.* at 5, n. 3 ("These substantive rights and remedies constitute 'value' for Section 548(c) purposes and are distinct from the question – not before this Court – of whether the calculation of a customer's net equity claim should be adjusted to account for inflation, sometimes referred to as the "Constant Dollar" issue.").

7

**RELIEF REQUESTED**

For the reasons stated herein and in the Response, we respectfully request that the Court enter an Order (i) expanding the scope of the Time-Based Adjustment Issues to be addressed by the Motion so that all interested parties, including the Avoidance Action Defendants, may participate in and be heard as to whether time-based adjustments should be considered when calculating net equity both to determine customer claims and to determine avoidance amounts, and (ii) extending the omnibus briefing deadlines as requested in the Response.

Dated: New York, New York
August 27, 2012

**SCHULTE ROTH & ZABEL LLP**

By: /s/ Marcy R. Harris

Marcy Ressler Harris
Mark D. Richardson
919 Third Avenue
New York, New York 10022
Telephone: 212.756.2000
Facsimile: 212.593.5955
Email: marcy.harris@srz.com
Email: mark.richardson@srz.com

*Attorneys for BLMIS Customers Listed on Exhibit A (except Blue Star Investors, LLC)*

**WEIL, GOTSHAL & MANGES LLP**

By: /s/ Alfredo R. Perez

Alfredo R. Perez
700 Louisiana, Suite 1600
Houston, TX  77002
Telephone: 713-546-5000
Facsimile: 716-224-9511
Email: alfredo.perez@weil.com

Jonathan D. Polkes
767 Fifth Avenue
New York, NY  10153
Telephone: 212-310-8000
Facsimile: 212-310-8007
Email: jonathan.polkes@weil.com

*Attorneys for Blue Star Investors, LLC*

## CERTIFICATE OF SERVICE

I, Mark D. Richardson, hereby certify that on this 27th day of August 2012, I caused the attached Response to Trustee's Reply to Objections to Trustee's Motion for an Order to Schedule Hearing on Time-Based Adjustment Issues to be filed with the United States Bankruptcy Court for the Southern District of New York via the Court's ECF filing system. I also certify that on August 27, 2012, true and correct copies of the same were hand delivered to the Chambers of the Honorable Burton R. Lifland and served upon counsel for the Trustee and the Securities Investor Protection Corporation via electronic mail.

/s/ Mark D. Richardson

Mark D. Richardson