**Baker & Hostetler LLP**

45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Jorian L. Rose
Email: jrose@bakerlaw.com
Seanna R. Brown
Email: sbrown@bakerlaw.com
Bik Cheema
Email: bcheema@bakerlaw.com

Hearing Date: September 5, 2012
Time:  10:00 a.m.

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**TRUSTEE'S REPLY TO SECOND HHI OBJECTION TO TRUSTEE'S MOTION FOR**
**AN ORDER TO SCHEDULE HEARING ON TIME-BASED DAMAGES ISSUE**

Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of

Bernard L. Madoff Investment Securities LLC ("BLMIS") and the estate of Bernard L. Madoff

("Madoff") (collectively, "Debtor"), by and through his undersigned counsel, respectfully submits

this response (the "Supplemental Reply") to the response (the "Second HHI Objection") (ECF No. 5004) of the HHI[1] and Blue Star Investors, LLC Objectors (collectively, the "HHI Parties") (ECF No. 4957) to the Trustee's motion (the "Scheduling Motion") (ECF No. 4920) for an order (the "Proposed Scheduling Order") requesting a briefing schedule regarding the recalculation of customer claims based on an interest factor or a constant dollar adjustment ("Time-Based Damages Issue"), filed on July 17, 2012.[2]  Without repeating all of the statements previously made in his Reply to the HHI Objection, the Trustee respectfully states as follows:

## REPLY TO SECOND HHI OBJECTION

1.    The HHI Parties filed an objection (the "HHI Objection") to the Trustee's Motion on August 2, 2012.  (ECF No. 4957).  Thereafter, the Trustee filed a reply (the "Reply") to, *inter alia*, the HHI Objection on August 24, 2012.  (ECF No. 5001).  Two days prior to the scheduled hearing on the Motion that was set for August 29, 2012 and subsequent to the Trustee's Reply, the HHI Parties then filed the Second HHI Objection (ECF No. 5004) without permission of this Court.

2.    Despite areas of disagreement, certain facts are not disputed between the Trustee and the HHI Parties.  Only some of the HHI Parties filed claims before the Bar Date—and

---

[1] The HHI Objection and Response to the Trustee's Reply was filed on behalf of King Harris, in his fiduciary capacity; Katherine P. Harris, in her fiduciary capacity; Toni H. Paul, in her fiduciary capacity; Denise Saul, in her fiduciary capacity; Sidney Barrows, in his fiduciary capacity; The Harris Family Foundation; Pam F. Szokol Trust; William J. Friend Trust Dated 06/22/95; Scott C. Friend Trust of 1984 Under Trust Agreement Dated 11/21/84; Bette D. Harris Grandchildren's Trust for the Children of Katherine Harris - Pam Friend Szokol Under Trust Agreement Dated 01/13/59; Bette D. Harris Grandchildren's Trust for the Children of Katherine Harris - William Friend Under Trust Agreement Dated 01/13/59; Bette D. Harris Grandchildren's Trust for the Children of King Harris -John B. Harris Under Trust Agreement Dated 01/13/59; Bette D. Harris Grandchildren's Trust for the Children of Toni Paul Under Trust Agreement Dated 01/13/59; King W. W. Harris Trust for Children Under Trust Agreement Dated 12/15/76; Toni Harris Paul Children's Trust Dated 12/15/76; Katherine Harris Custodian for John B. Harris Under the Illinois Uniform Gifts to Minors Act Under Agreement Dated 12/01/76; King Harris Custodian for Charles Henry Paul Under the Illinois Uniform Gifts to Minors Act Under Agreement Dated 06/01/79; King Harris Custodian for Kelly Lynn Paul Under the Illinois Uniform Gifts to Minors Act Under Agreement Dated 10/01/80; King Harris Custodian for Alan Harris Paul Under the Illinois Uniform Gifts to Minors Act Under Agreement Dated 12/20/84; King Harris Custodian for Laurie Beth Paul Under the Illinois Uniform Gifts to Minors Act Under Agreement Dated 12/20/84; John B. Harris; Charles Henry Alan Harris Paul; Laurie Beth Paul.

[2] All capitalized terms not defined herein shall have the meaning ascribed in the Scheduling Motion and the Reply.

2

those claimants are clearly within the purview of the Trustee's Motion. Thus, those HHI Parties that filed claims, along with other "net winners" who also filed claims, may be heard on the Time-Based Damages issue. *See* Second HHI Objection, ¶ 7.

3.    Further, upon motion by defendants in the Trustee's avoidance actions ("Avoidance Action Defendants"), including the HHI Defendants, the District Court withdrew the reference to determine certain issues, among others, the validity and amount of the Avoidance Action Defendants' antecedent debt defense under section 548(c) of the Bankruptcy Code. With respect to the Time-Based Damages issue *as it relates to claims*, the District Court declined to withdraw the reference and has indicated that the Time-Based Damages issues will be decided on remand to this Court. *See* Second HHI Objection, ¶ 10.

4.    The HHI Parties argue that they are not foreclosed from being heard in this Court on the Time-Based Damages issue as it relates to calculation of customer's net equity claims even though the HHI Non-Claimants elected not to file SIPA claims before the Bar Date. Even if the HHI Non-Claimants were successful in arguing that Time-Based Damages increase the amount of net equity claims, that decision could not be applied to the HHI Non-Claimants because they filed no customer claims on which a distribution could be made. They will not receive any amounts the Trustee currently holds in reserve on the Time-Based Damages issue regardless of the outcome of this claims proceeding.

5.    The HHI Parties raise for the first time, in the Second HHI Objection, that they have standing by virtue of their right to file claims under Bankruptcy Code Section 502(h). They argue that they have standing because once they return their avoided transfers they may be permitted to file claims. They may be right, they may be wrong—but either way that question is premature. In a bench ruling on this very question in connection with a motion dealing with the Bar Date, this Court explained:

> What the Movants actually seek is a declaration that the Claims Procedures Order will not affect the ability to file claims arising from future avoidance judgments pursuant to section 502(h) . . . [FN2] However, since no avoidance claims have been asserted, such relief would constitute an impermissible advisory opinion. A court may not exercise subject matter jurisdiction absent compliance with Article III of the Constitution which limits judicial authority to "cases" and "controversies." U.S. Const. Art. III, § 2. "To satisfy the Article III case or controversy requirement, a litigant must have suffered some actual injury that can be redressed by a favorable judicial decision." *Iron Arrow Honor Society v. Heckler*, 464 U .S. 555, 560–61 (1992). Here, the Movants fail to demonstrate that they have suffered or imminently will suffer, any real or substantial injury. Movants admit that they do not currently have claims against the Debtor. They merely allege that they are potential defendants to actions which may or may never be commenced. This Court is not deciding whether section 502(h) of the Bankruptcy Code applies unless and until that issue ripens and is brought by a party with standing to do so.
>
> FN2. Although section 78fff(b) of SIPA specifies that the provisions of the Bankruptcy Code shall apply in SIPA liquidation proceedings, to the extent that they are consistent with SIPA, it is unclear whether section 502(h) of the Code would apply. 15 U.S.C. § 78fff(b) (1981).
>
> In the meantime, and if so inclined, the Movants can file[] protective proofs of claim. Bar dates apply to creditors who have reason to believe they have a claim, even if the claim has not yet accrued. *See In re Globe Metallurgical, Inc.* 312 B.R. 34, 42 (Bankr. S.D.N.Y. 2004) citing *First Fidelity Bank, N.A. v. Hooker Investments, Inc., L.J. (In re Hooker Investments, Inc.)*, 937 F.2d 833, 837–38 (2d Cir. 1991).

*See SIPC v. BLMIS*, 2009 WL 458769, at *2 (Bankr. S.D.N.Y. 2009).

6.      The only difference between 2009 and now is that certain of the HHI Parties chose not to file claims and the avoidance actions have since been commenced by the Trustee.  The consequences were well known to the HHI Parties when they chose not to file "protective claims."

7.      Moreover, the fact that an avoidance action has been filed against them does not give the HHI Defendants standing under Bankruptcy Code Section 502(h) at this time. Claims asserted pursuant to section 502(h) are predicated on the return of money to the estate and may be disputed by the Trustee, particularly in a case in which HHI Defendants are not and will

not ever be entitled to net equity claims.  In order for any claims by the HHI Defendants under

Section 502(h) to be ripe, the following events must occur: (a) the HHI Defendants do not succeed

in their antecedent debt defense and/or other defenses; (b) an order is entered requiring them to

return amounts to the estate; (c) they are able to and do in fact return such amounts to the estate;

and (d)  this Court allows customers who did not file claims before the statutory bar date to file

claims under Section 502(h) even though they will not have net equity claims.  None of these

contingencies have yet occurred and until such time as they do, the HHI Defendants do not have

"contingent" standing.

        8.      The only path for the HHI Non-Claimants to have standing is for this Court

to grant their request to expand the scope of issues to include defenses under Bankruptcy Code

Section 548(c).  For the reasons described in the Reply and below, the scope of Time-Based

Damages should be limited to determinations involving the amount of net equity to which

customer claimants are entitled (and not expanded to involve defenses under Section 548(c),

including antecedent debt).

        9.      Rather than have this Court preside over the avoidance actions against

them, the HHI Defendants moved to withdraw the reference to the District Court, where these

matters are now pending.  And since there has been no decision and a remand order has not yet

been issued by the District Court with respect to their avoidance actions, they ask this Court to

either hear a matter in which it lacks jurisdiction or hear a matter in which the District Court is

currently hearing related issues.

        10.    While the HHI Parties frame this as an issue of fairness, *see* Second HHI

Objection, ¶ 3, there are strategic and legal consequences flowing from electing not to file a claim

and moving to withdraw the reference, both of which impact this Court's jurisdiction and/or

decision to hear this matter.

11.     As stated in the brief attached to the Reply and the corresponding transcript from the August 20, 2012 hearing in District Court (attached hereto)—and as the Trustee and the HHI Parties agree—the arguments before the District Court demonstrate that the Avoidance Action Defendants seek damages under a variety of state and federal laws.

12.     In support of their request to be included in briefing on the Trustee's Motion, the HHI Parties assert that the Time-Based Damages issue they would raise and the "antecedent debt issue" currently before the District Court are separate and distinct legal issues. Specifically, the HHI Parties argue that the arguments before the District Court on their antecedent debt defenses are based in damages theories, while their Time-Based Damages issues they seek to raise here are about "adjustments" of claims. The HHI Parties attempt to walk a theoretical line that does not exist because no matter how it is framed, the HHI Parties are seeking a reduction in the amounts of their avoidance liability, which is not currently before this Court.

13.     There is a crucial difference, however, between what the Trustee and the HHI Parties are asking this Court to decide. Specifically, the Trustee respectfully requests that this Court interpret "net equity" under Sections 78*lll*(11) and 78fff-(2)(b) of SIPA and determine whether that Section allows for Time-Based Damages. The HHI Defendants ask this Court to decide whether Time-Based Damages reduce the amounts owing to the estate pursuant to Bankruptcy Code Section 548(c). They argue that this Court should hear their Time-Based Damages argument because they view the theories of damages before the District Court as distinguishable from those being argued before this Court.

14.     Whether or not those theories are in fact distinguishable,[3] the Trustee respectfully submits that the HHI Parties' attempt to have this Court determine whether certain

---

[3] The Trustee also does not believe the HHI Parties have demonstrated any substantive difference between "damage" and "adjustment" as it relates to Bankruptcy Code Section 548(c) or otherwise.

theories of damages/adjustment can alter the amounts of avoidance liability and thereafter be

asserted as "value" for antecedent debt purposes presents a real possibility of conflict between the

manner in which the District Court and this Court apply those theories to Section 548(c).  By

contrast, this Court's determination of whether Time-Based Damages alters the "net equity"

definition under Sections 78*lll*(11) and 78fff-(2)(b) of SIPA for claimants has little likelihood of

creating a conflict with the District Court's application of Section 548(c) of the Code.

15.     The Trustee has defined the Time-Based Damages theory at issue in the

Motion broadly to include:

> numerous theories of law that claimants have raised but which all commonly argue for an
> increase in the amount of their customer claims based on the perceived entitlement to
> interest on funds invested with BLMIS. The most common seek an increase in their claims
> based on the New York statutory rate of 9% per annum, expectation damages, or the
> consumer price index to take inflation into account. The Trustee is using "Time-Based
> Damages" as an umbrella term to cover each of those theories or any similar theory
> seeking an adjustment to the cash in/cash out method for calculating net equity in this
> case.

16.     The only articulated theories for a net equity claim adjustment are "constant

dollar" (including adjustments tied to the consumer price index or inflationary adjustments),

expectation damages, and prejudgment interest under New York law.  The Trustee believes that

that only issue for consideration is whether the amount of "net equity" for BLMIS customers

claims should be adjusted based on the duration of investment. The Trustee has not asked that

securities law damages be within the scope of this briefing (including, for example, claims arising

under Rule 10(b)(5)).  One of the issues specifically argued in the District Court that the Trustee

expects will recur here is the question of whether New York statutory prejudgment interest

applies.[4]

---

[4] As stated above, the District Court could be determining whether that interest constitutes value under 548(c) and this

WHEREFORE, the Trustee requests that this Court overrule the Second HHI Objection in

its entirety, and enter the Proposed Scheduling Order.

Dated: New York, New York
      August 30, 2012

Respectfully submitted,

*/s/ David J. Sheehan*
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Jorian L. Rose
Email: jrose@bakerlaw.com
Seanna R. Brown
Email: sbrown@bakerlaw.com
Bik Cheema
Email: bcheema@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities*
*LLC and Bernard L. Madoff*

300259799

---

Court is being asked to determine whether that interest changes the amount of net equity under Sections 78*lll*(11) and
78fff-(2)(b) of SIPA.