**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
dsheehan@bakerlaw.com
Jorian L. Rose
jrose@bakerlaw.com
Seanna R. Brown
sbrown@bakerlaw.com
Natacha Carbajal
ncarbajal@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |

**TRUSTEE'S OBJECTION TO MOTION TO REMOVE
IRVING H. PICARD AS TRUSTEE FOR THE SUBSTANTIVELY
CONSOLIDATED SIPA LIQUIDATION OF BERNARD L. MADOFF
<u>INVESTMENT SECURITIES LLC AND BERNARD L. MADOFF</u>**

Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the estate of Bernard L. Madoff ("Madoff") (collectively, "Debtor"), by and through his undersigned counsel, respectfully submits this opposition to the Motion to Remove Irving H. Picard as Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff (the "Motion") filed by Martin M. Surabian, Richard Surabian and Steven Surabian (collectively, the "Surabians"). In opposition to the Motion, the Trustee respectfully submits as follows:

## BACKGROUND

1. The Bankruptcy Court entered an Order on April 19, 2012 ("Disallowance Order") disallowing and expunging the claims of the Surabians. *See* Disallowance Order (ECF No. 4779).[1] Pursuant to Federal Rule of Bankruptcy Procedure 8002(a), the Surabians did not file a notice of appeal or extension of time to appeal from the Disallowance Order. Accordingly, the Disallowance Order became final and unappealable on May 3, 2012.

2. On July 26, 2012, the Trustee filed a Motion for an Order Approving Second Allocation of Property to the Fund of Customer Property and Authorizing Second Interim Distribution to Customers (the "Allocation Motion"). (ECF No. 4930). On August 7, 2012, the Surabians filed an objection to the Allocation Motion (the "Surabian Allocation Objection"). (ECF No. 4952).

3. On August 15, 2012, the Trustee filed a reply to the objections to the Allocation Motion arguing that, among other things, the Surabians lacked standing because of the Disallowance Order. (ECF No. 5001).

---

[1] Unless otherwise noted, all "ECF No. __" references are to the docket of *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC*, No. 08-01789 (BRL) (Bankr. S.D.N.Y.).

4. On August 22, 2012, the Bankruptcy Court overruled the Surabian Allocation Objection for lack of standing and merit. (Judge Lifland Tr. 21:6 August 22, 2012).

5. On August 24, 2012, the instant Motion was filed by Steven and Richard Surabian.

**ARGUMENT**

6. This is neither the first time – nor is it likely to be the last time – the Surabians have filed baseless pleadings with or without standing to do so. The Surabians objected to the Trustee's Motion for an Order to Schedule Hearing on "Customer" Issue. (ECF No. 2052). The Court overruled the objection and approved the Trustee's proposed briefing schedule. (ECF No. 2205). The Surabians filed an objection to the settlement with the Estate of Jeffry M. Picower. (ECF No. 3641). The Surabians' objection was overruled. *See Picard v. Picower*, Adv. Pro. No. 09-01197 (BRL) (ECF No. 43). The Surabians filed the sole objection to the settlement between the Trustee and Trotanoy Investment Company, Ltd., et al. *See Picard v. Trotanoy Investment Company, Ltd., et al.*, Adv. Pro. No. 10-05208 (ECF No. 53). The objection was overruled by this Court and questioned as confusing and without basis. (Judge Lifland Tr. 8:1 May 16, 2012). The Surabians objected to the Trustee's Motion for a Second Interim Distribution. (ECF No. 4965). This Court overruled the Surabians' objection for lack of standing. (Judge Lifland Tr. 21:6 August 22, 2012) ("Finally, the objections that are unrelated to the reserve amount are I find frivolous, and they were set forth by individuals who I've already found previously lack standing as their claims have been denied and accordingly overruled.").[2] Having expunged their claims pursuant to the Disallowance Order, the Surabians are no longer parties in interest in this SIPA

---

[2] Most recently, on August 1, 2012, the Surabians filed an objection to the Trustee's Motion Seeking a Scheduling Order with respect to the Time-Based Damages Issue. (ECF. No. 4952). The Trustee filed a reply again arguing the Surabians lack standing. (ECF No. 5001). As of the date hereof, the Bankruptcy Court has not heard the Surabians' most recent objection.

liquidation proceeding.  Accordingly, as this Court found in the context of other objections, the Surabians lack standing to prosecute the Motion – which should be denied.

7.   The Surabians' argument that they are entitled to be treated as customers based on their inclusion on certain service lists is severely flawed.  As the Trustee noted in the Allocation Motion at paragraph 87, entitled "Notice," the Trustee served the Allocation Motion on all persons who have filed notices of appearance in the BLMIS proceedings pursuant to the applicable Federal Rules of Bankruptcy Procedure and the Order Establishing Notice Procedures entered by this Court.  (ECF. No. 4650).  The list referred to by the Motion is a service list.  This list does not determine the status of any parties seeking to be treated as customers.  The list simply included all entities that were served notice of the Allocation Motion.  The Surabians' argument is without merit.[3]

8.   The Securities Investor Protection Corporation has informed the Trustee that it has reviewed the Reply and concurs with the Trustee in this objection.

**WHEREFORE**, the Trustee requests that this Court to deny the Motion in its entirety and enter such relief as it determines appropriate.

---

[3] Richard and Steven Surabian also argue that the Trustee is somehow biased because of his failure to treat them as customers.  The Motion presents no sound legal argument or factual support apart from a generalized political statement unrelated to this SIPA proceeding.  The Surabians' statements are without support and they have presented no credible basis for alleging bias or removing the Trustee.

| | |
|---|---|
| Dated: New York, New York<br>September 4, 2012 | Respectfully submitted,<br><br>*/s/ David J. Sheehan*<br>David J. Sheehan<br>dsheehan@bakerlaw.com<br>Jorian L. Rose<br>jrose@bakerlaw.com<br>Seanna R. Brown<br>sbrown@bakerlaw.com<br>Natacha Carbajal<br>ncarbajal@bakerlaw.com<br>**Baker & Hostetler LLP**<br>45 Rockefeller Plaza<br>New York, NY 10111<br>Telephone: (212) 589-4200<br>Facsimile: (212) 589-4201<br><br>*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff* |