UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant.<br><br>In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidation) |



### STEVEN SURABIAN AND RICHARD SURABIAN'S REPLY TO TRUSTEE'S OBJECTION TO MOTION TO REMOVE IRVING H. PICARD AS TRUSTEE FOR THE SUBSTANTIVELY CONSOLIDATED SIPA LIQUIDATION OF BERNARD L. MADOFF INVESTMENT SECURITIES LLC AND BERNARD L. MADOFF

Steven Surabian and Richard Surabian (the "Surabian's") being direct customers of BLMIS by opening accounts directly with Bernard L. Madoff in the early 1990's have standing to bring Motion to remove the Trustee. Martin M. Surabian did not file the Motion to Remove as he is deathly ill over this continued scam now conducted by the Trustee, so the Trustee is again telling this Court things that are not so. In Reply to the Trustee's opposition to the Motion, the Surabian's submit the following:

### **BACKGROUND**

1. The Surabian's were never notified by this Court of an Order on April 19, 2012 ("Disallowance Order") disallowing and expunging the claims of the Surabians and the Trustee did not attach a copy of Disallowance Order (ECF No. 4779) nor did he show proof that the Surabians were notified that there was a hearing by this Court to disallow their claims against BLMIS stating that the Surabians claims were dismissed without hearing. Accordingly the Surabians could not file a notice of appeal or extension of time to appeal from the Disallowance Order, without receiving such an order from the Court stating the Surabian's claim was dismissed without hearing or notice to the Surabians. Non customers may have been disallowed and expunged but the Surabians were direct customers of Bernard L. Madoff himself. The Trustee is playing Judge in claiming non customers relate to the Surabians or others.

2. On July 26, 2012, the Trustee filed a Motion for an Order Approving Second Allocation of Property to the Fund of Customer Property and Authorizing Second Interim Distribution to Customers (the "Allocation Motion"). (ECF No. 4930). On August 7, 2012, the Surabians including Martin M. Surabian filed an objection to the Allocation Motion. Surabians are not sure but may be (ECF No. 4952). The Objection was based on the fact that the Trustee failed to state who was to be paid and how much. The Trustee attached Exhibits as to who was served which included a customer list of Madoff customers which included the Surabians and other customers leading this Court to believe that those customers were to be paid but as the Trustee now admits he was not plaining on paying all customers on the service list which were listed as customers, spicily the Surabians.

3. On August 15, 2012, the Trustee filed a reply to the objections to the Allocation Motion

including the Surabians, arguing that, the Surabians lacked standing because of the Disallowance Order, which had nothing to do with the Surabians claim as they were direct customers and were so indicated as such on the Trustees exhibits as customers he intended on paying with the Second Allocation. By the Trustee admitting now that he does not plan on paying the Surabians the Trustee was deceiving the Court and others into the belief that those customers listed under BLMis customer list were going to be the customers being allotted the funds.

4. The Surabians never received from the Court that on August 22, 2012, the Bankruptcy Court overruled the Surabians Allocation Objection for lack of Standing and Merit as claimed now by the Trustee. (Judge Lifland Tr. 21:6 August 22, 2012). This is a case of the Trustee playing Judge in his determination of who was a customer. The Surabians will now be filing a Notice of Appeal of that Order even without receiving one if the Order was directed at the Surabian's lack of Standing and will also file a Motion to file late an Appeal of Order entered on April 19, 2012 if that Order was intended for the Surabians.

5. After receiving the Trustee's opposition to his Removal were the Trustee claimed that the Court disallowed the Surabians' claims and the Surabians lacked standing because of the Disallowance Order and not knowing if they could reply to the Trustee's Reply to argue that they never were informed of the Surabians Disallowance by the Court, what the Surabians understood was that non customers had been Disallowed not the Surabians. The surabians were listed as Madoff customers in the Trustee's exhibit of customers to be paid see Surabians Exhibits A - G Motion to Remove Irving H. Picard, on August 24, 2012 the Motion to Remove was filed by Steven and Richard Surabian.

**ARGUMENT**

6. This is not the first time - nor will it be the last time - the Surabians have and will file pleadings with standing to do so when they believe they and other customers will suffer otherwise. The Surabians filed an objection to the settlement with the Estate of Jeffry M. Picower because the Trustee failed to proved enough information regarding the settlement. The Trustee did not supply what evidence he had that the Picower Estate owed over 7 billion, maybe with proper investigation the Picower Estate may have owed 12 billion or more and why he was willing to take only 66% if the Picower Estate was worth in excess of 7 billion. The reduction of 2 and one half billion is not frivolous considering the Trustee would not settle for 66% of his fee. Yet the Court Allowed the settlement. The Surabians objected to the Trustee's Motion for a Second Interim Distribution because the Trustee did not include to whom he intended to distribute funds to and for how much. As it turned out even though the Trustee listed the Surabians as Customers leading this Court to believe all customers listed as customers would be paid not just cousins or friends of the Trustee. As it turned out the Trustee claims that he does not have to pay the Surabian and the Trustee's claim that the Surabians' Objection is frivolous is outrageous. The Trustee's claim that the Court overruled the Surabians' objection for lack of standing without support of the Order is more outrageous. The Trustee's claim that the Surabians were already found previously lacking standing and now all the Surabians pleadings lack standing is unsupported. The Trustee's clam that non customers lack standing pursuant to the Disallowance Order refers to the Surabians is outrageous and if the Court referenced the Surabians, the Court did not send the Surabians that Order which denied the Surabians the opportunity to Appeal that Order. The Court never ruled the Surabians lacked standing or at-least

the Court never notified the Surabians of such Order so the Trustee can not claim the Surabians were.

7. The Trustee's argument that the Surabians argument that they should be treated as customers based on their inclusion on certain service lists is flawed, is in its self severely flawed. The Trustee is now claiming that the list supplied was just a service list, is flawed because the service list, the Surabians are listed under Customers, not just service list. See Surabians' Exhibits to their Motion to Remove the Trustee which were taken directly from the Trustee's very own exhibits in the Trustee's support of the Trustee's Motion for distribution of funds. This is another attempt by the Trustee to deceive this Court into believing the Surabians' arguments are without merit.

8. The Trustee's claim that the Securities Investment Protection Corporation has informed the Trustee that it has reviewed the Reply and concurs with the Trustee in his objection is unsupported and is another attempt by the Trustee to deceive this Court. SIPC has not filed an objection to Surabian's Motion to Remove and in such is agreeing with the Motion, at-least to the extent as not objecting.

9. The Trustee nor any representative of the Trustee has never contacted any of the Surabians regarding their claim as customers and has shown prejudice in his determination without contacting the Surabians that the Surabians are not customers and by denying the Surabians the opportunity to review all of the Madoff records. Would the Trustee say, if the German records of the 1930's and 1940's were altered, that the Holocaust did not happen based on altered records, without questioning the skin an bone survivors? Then how can he now say the Surabians were not customers and withhold from the Surabians and this Court all the Madoff

records which even altered, shows others are customers when they may in-fact may not have been.

## CONCLUSION

10. It is the Trustee that is trying to play Judge, which is not the duty of a trustee. The Trustee is to collect and distribute the funds accordingly, not to decide who should be excluded from the customer list. The Surabians are listed as customers of BLMIS and the Trustee on his own is unwilling to distribute funds to those customers, for reasons unknown to the Surabians other than that the Trustee is continuing the Madoff scam for reasons unbeknown to the Surabians.

**WHEREFORE**, the Surabians pray this Court protect real customers of the Madoff scam and Allow the Surabians' Motion To Remove Irving H. Picard As Trustee For The Substantively Consolidated SIPA Liquidation Of Bernard L. Madoff Investment Securities And Bernard L. Madoff and Deny payment for services not preformed.

Dated: September 10, 2012

_____
Steven Surabian Pro se
1230 Rt. 28
S. Yarmouth, MA 02664
(508) 688-4613

_____
Richard Surabian Pro se
P.O. Box 397
W. Hyannisport, MA 02672
(508) 579-9834

## CERTIFICATE OF SERVICE

I certify that this 10th day of September, 2012 I served by 1st class US Mail a true copy of Reply to Trustee's Objection to Motion to Remove Trustee to the Chambers of the Honorable Burton R. Lifland and (a) Baker & Hostetler LLP, counsel for the Trustee, 45 Rockefeller Plaza, NY, NY 10111, Attn: David J. Sheehan, and (b) the Securities Investor Protection Corporation, 805 Fifteenth Street, NW, Suite 800, Washington, DC 2005, Attn: Kevin H. Bell, Esq. Postage pre-paid.

_____
Steven Surabian