SIMPSON THACHER & BARTLETT LLP
Mark G. Cunha, Esq.
Peter Kazanoff, Esq.
425 Lexington Avenue
New York, NY 10017
Telephone: (212) 455-2000
Facsimile: (212) 455-2502
Email: mcunha@stblaw.com
       pkazanoff@stblaw.com

*Attorneys for Fairfield Greenwich (Bermuda) Limited*

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
SECURITIES INVESTOR PROTECTION
CORPORATION,                              :  Adv. Pro. No. 08-01789 (BRL)
                                          :
                Plaintiff,                :  SIPA Liquidation
                                          :
        v.                                :
                                          :
BERNARD L. MADOFF INVESTMENT              :
SECURITIES LLC,                           :
                                          :
                Defendant.                :
---------------------------------------------------------------x

**OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM OF
FAIRFIELD GREENWICH (BERMUDA) LIMITED**

Fairfield Greenwich (Bermuda) Limited ("Claimant"), by and through its attorneys, hereby objects to the Trustee's Determination of Claim, and respectfully represents as follows:

1. Claimant invested in Greenwich Sentry Partners, L.P. ("GSP "), Greenwich Sentry, L.P. ("GS"), and Fairfield Sentry Limited ("Sentry"), all of which, in turn, invested in Bernard L. Madoff Investment Securities LLC ("BLMIS"). Claimant understands that GSP, GS, and Sentry invested substantially all of their capital with BLMIS. Through its investment in

GSP, Claimant lost $112,671; through its investment in GS, Claimant lost $3,863,791; and through its investment in Sentry, Claimant lost $1,347,559.30.

2. On July 1, 2009, prior to the claims filing deadline, Claimant duly filed a customer claim with the Trustee to recover its investment in GSP in the amount of $112,671, which was designated as Claim No. 014683 (see Exhibit A attached hereto). Also on July 1, 2009, Claimant duly filed customer claims with the Trustee to recover its investments in GS in the amount of $3,863,791 (designated as Claim No. 014682), and in Sentry in the amount of $1,347,559.30 (designated as Claim No. 014684) (see Exhibits B and C attached hereto).

3. On August 28, 2012, by Notice of Trustee's Determination of Claim (see Exhibit D attached hereto), the Trustee notified Claimant that Claim No. 014683 had been denied on the following basis:

> Based on a review of available books and records of BLMIS by the Trustee's staff, you did not have an account with BLMIS. Because you did not have an account, you are not a customer of BLMIS under SIPA as that term is defined at 15. U.S.C. § 78*lll* (2). Accordingly, your Claim for securities and/or a credit balance is **DENIED**.

4. To the extent the Trustee intended his Determination of Claim No. 014683 to also determine Claim No. 014682 or Claim No. 014684, or to the extent Claim No. 014682 or Claim No. 014684 has already been denied on the same basis as Claim No. 014683, Claimant objects to those determinations on the same grounds stated below.

5. Claimant objects to the Trustee's determination that it was not a "customer" of BLMIS for the reasons, to the extent relevant, set forth in the objections submitted by the following similarly-situated claimants: (1) Bricklayers & Allied Craftworkers, Local No. 2, AFL-CIO; Construction Employers Association of CNY, Inc.; Construction and General Laborers' Local No. 633, AFL-CIO; S.E.I.U. Local 200United, AFL-CIO; Syrabex, Inc.; Syracuse Builders Exchange, Inc.; and U.A. Local 73, Plumbers & Fitters, AFL-CIO, Objection

to the Trustee's Determination of Claim, filed February 8, 2010 (Docket No. 1923); (2) James L. Kruse, Objection, filed January 6, 2010 (Docket No. 1260); and (3) Henry T. DeNero and Nancy S. DeNero, Objection, filed January 6, 2010 (Docket No. 1257).

6.  Additionally, Claimant objects to the Trustee's determination that it was not a "customer" of BLMIS for the reasons, to the extent relevant, set forth in (1) the Brief of Appellants filed on May 16, 2012 in *SIPC v. Kruse (In re Bernard L. Madoff Inv. Sec., LLC)*, No. 12-483 (2d Cir.) (Docket No. 50); and (2) the Brief of Appellants filed on June 25, 2012 in *Bricklayers & Allied Craftsman Local 2 Annuity Fund v. SIPC (In re Bernard L. Madoff Inv. Sec., LLC)*, No. 12-410 (2d Cir.) (Docket No. 71).

7.  Claimant does not waive any additional grounds on which it might object to the Trustee's determination and expressly reserves the right to object to the Trustee's determination on additional grounds in the future. Claimant further preserves any rights which may be recognized by this Court for persons who made indirect investments in BLMIS through feeder funds.

8.  For the reasons set forth herein, Claimant's claim should be allowed in full by this Court to the extent covered under SIPA, the Trustee's objection should be overruled, and the Court should direct the Security Investors Protection Corporation to issue immediate payment to Claimant.

9.  To the extent applicable, Claimant joins in the claims of any other claimants similarly situated and demands such further relief as this Court shall deem fair and equitable.

10. Claimant respectfully requests that any hearing relating to this Objection be scheduled at the same time as the hearings for objections by other similarly-situated claimants, and that such hearing be deferred until after the Second Circuit decides the appeals in *SIPC v.*

*Kruse (In re Bernard L. Madoff Inv. Sec., LLC)*, No. 12-483 (2d Cir.) and *Bricklayers & Allied Craftsman Local 2 Annuity Fund v. SIPC (In re Bernard L. Madoff Inv. Sec., LLC)*, No. 12-410 (2d Cir.).

Dated:  New York, New York
September 24, 2012

                                 SIMPSON THACHER & BARTLETT LLP

                                 By:  /s/ Mark G. Cunha

                                 Mark G. Cunha, Esq.
                                 Peter Kazanoff, Esq.
                                 425 Lexington Avenue
                                 New York, New York  10017
                                 Telephone: (212) 455-2000
                                 Facsimile:  (212) 455-2502

                                 *Attorneys for Fairfield Greenwich*
                                 *(Bermuda) Limited*

CERTIFICATE OF SERVICE

   I, Mark G. Cunha, certify that on September 24, 2012 a copy of the annexed Objection to Trustee's Determination of Claim was served and filed electronically through the Court's electronic filing system on this date.

   I further certify that copies of the annexed Objection to Trustee's Determination of Claim were served on the below persons at the addresses set forth below by FedEx on September 24, 2012.

> Clerk of the United States Bankruptcy Court
> for the Southern District of New York
> One Bowling Green
> New York, New York 10004
>
> Irving H. Picard, Trustee
> c/o Baker & Hostetler LLP
> Attn: Claims Department
> 45 Rockefeller Plaza
> New York, New York 10011

Dated: New York, New York
    September 24, 2012

            SIMPSON THACHER & BARTLETT LLP

            By: /s/ Mark G. Cunha

              Mark G. Cunha, Esq.
              Peter Kazanoff, Esq.
              425 Lexington Avenue
              New York, New York 10017
              Telephone: (212) 455-2000
              Facsimile: (212) 455-2502

              *Attorneys for Fairfield Greenwich*
              *(Bermuda) Limited*