**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-01789 (BRL) <br><br> SIPA Liquidation <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |

## SCHEDULING ORDER

This matter came before the Court on August 29, 2012 on the motion (the "Scheduling Motion")[1] of Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the estate of Bernard L. Madoff ("Madoff") (collectively, "Debtor"), by and through his counsel, for entry of an order to schedule a hearing and a briefing schedule regarding the recalculation of account balances based on an interest factor or a constant dollar adjustment (collectively referred to herein as the "Time-Based Damages Issue"), as more fully set forth in the Scheduling Motion (ECF No. 4920); and the Court having jurisdiction to consider the Scheduling Motion and the relief requested therein in accordance with section 78eee(b)(4) of the Securities Investor Protection Act ("SIPA"), 15 U.S.C. § 78aaa, *et seq.*, the Protective Decree entered on December

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

08-01789-cgm    Doc 5038-1    Filed 10/12/12    Entered 10/12/12 18:57:49    Exhibit A to
Notice of Trustees Motion    Pg 2 of 5
08-01789-brl    Doc 5022    Filed 09/05/12    Entered 09/05/12 12:21:03    Main Document
Pg 2 of 5

15, 2008 by the United States District Court for the Southern District of New York in Case No. 08-CV-10791 (LLS), and 28 U.S.C. §§ 157 and 1334, and in accordance with SIPC's application under SIPA, 15 U.S.C. § 78eee(a)(3); the objections ("Objections") filed (ECF Nos. 4952, 4957, 5004); the Trustee's Replies (ECF No. 5001, 5009); and it appearing that the relief requested by the Scheduling Motion is necessary and in the best interests of the estate, its customers, creditors, and all parties-in-interest; and due notice of the Scheduling Motion having been given, and it appearing that no other or further notice need be given; and upon the proceedings before the Court and after due deliberation, it is hereby:

**ORDERED**, that the relief requested in the Scheduling Motion is granted; and it is further

**ORDERED**, that the Objections to the Scheduling Motion are hereby overruled; and it is further

**ORDERED**, that on or before October 12, 2012, the Trustee shall file a Motion For An Order To Affirm Trustee's Determinations Denying Claims of Claimants to Time-Based Damages Adjustments of their Customer Claims to be paid out of Customer Property, and a corresponding memorandum of law (together, the "Time-Based Damages Motion") seeking to affirm the Trustee's determination of claims which excludes any allowance of Time-Based Damages.  The sole purpose of the Time-Based Damages Motion shall be to resolve the legal issues raised in the claims and objections relating to the Time-Based Damages Issue as a component for calculation of customer claims. The Time-Based Damages Motion shall be served on all parties included in the Master Service List as defined in the Order Establishing Notice Procedures (ECF No. 4560). Parties that have not opted to be included in the Master Service List but wish to receive notice shall contact Baker & Hostetler LLP, counsel for the Trustee, 45

Rockefeller Plaza, New York, New York 10111, Attn: Bik Cheema, Esq.; and it is further

**ORDERED,** that on or before October 12, 2012, SIPC may file a brief with respect to the Time-Based Damages Motion. SIPC's brief shall be served on all parties included in the Master Service List as defined in the Order Establishing Notice Procedures (ECF No. 4560). Parties that have not opted to be included in the Master Service List but wish to receive notice shall contact Baker & Hostetler LLP, counsel for the Trustee, 45 Rockefeller Plaza, New York, New York 10111, Attn: Bik Cheema, Esq.; and it is further

**ORDERED**, that on or before November 12, 2012, claimants who wish to participate in the briefing on this issue ("Objecting Claimants") shall file a memorandum of law in opposition ("Opposition Briefs") to the Time-Based Damages Motion. Objecting Claimants must identify: (i) the claimant's interest in this matter, including, but not limited to, whether the claimant had an account at BLMIS, (ii) the timely-filed customer claim, if applicable, and (iii) the docket numbers of any objections to the Trustee's claim determination, and any other submissions to this Court or any other court related to this liquidation proceeding, if applicable. Failure to file timely Opposition Briefs shall bar those claimants from being heard on this issue, unless the Trustee agrees or the Court orders otherwise, and the Court's Order on the Time-Based Damages Motion shall be binding on them; and it is further

**ORDERED**, that the Objecting Claimants are encouraged by the Court, but not required, to choose one lead firm to brief the issue, or to brief particular issues, as may be appropriate; and it is further

**ORDERED**, that on or before November 19, 2012, any Interested Parties, defined as governmental entities, and specifically including the Securities & Exchange Commission, and the Internal Revenue Service, may file briefs relating to the Time-Based Damages Issue. Any

3

such briefs must be served upon (a) Baker & Hostetler LLP, counsel for the Trustee, 45 Rockefeller Plaza, New York, New York 10111, Attn: David J. Sheehan, Esq., and (b) the Securities Investor Protection Corporation, 805 Fifteenth Street, NW, Suite 800, Washington, DC 20005, Attn: Kevin H. Bell, Esq.; and it is further

**ORDERED**, that the Trustee may file any reply papers on or before December 18, 2012. Any such briefs must be served upon (a) counsel for Objecting Claimants, and (b) the Securities Investor Protection Corporation, 805 Fifteenth Street, NW, Suite 800, Washington, DC 20005, Attn: Kevin H. Bell, Esq., and (c) any Interested Party filing papers as set forth in paragraph E. of the Scheduling Motion; and it is further

**ORDERED**, that SIPC may file any reply papers on or before December 18, 2012. Any such briefs must be served upon (a) counsel for Objecting Claimants, and (b) Baker & Hostetler LLP, counsel for the Trustee, 45 Rockefeller Plaza, New York, New York 10111, Attn: David J. Sheehan, Esq., and (c) any Interested Party filing papers as set forth in paragraph E. of the Scheduling Motion; and it is further

**ORDERED**, that the Court shall hold a hearing on the Time-Based Damages Motion on January 10, 2013, at 10:00 a.m., or such other time as the Court determines. The Court will consider the Time-Based Damages Issue, whether the Objecting Claimants are entitled to time-based damages adjustments to their net equity customer claims to be paid from the fund of customer property, and whether the Trustee is allowed to release for distribution, funds previously reserved pending a decision on the Time-Based Damages Issue. Any other issues raised by Objecting Claimants will be resolved in subsequently scheduled hearings; and it is further

**ORDERED,** that the Trustee shall prepare a notice that sets forth the date, time, and

location of the hearing and apprise the Notice Parties of the relevant legal issues, their ability to file briefs, the deadline for any such filings, and the hearing date. The Trustee shall serve the notice on all parties included in the Master Service List as defined in the Order Establishing Notice Procedures (ECF No. 4560), and any other parties who have requested notice on this Motion.

      **ORDERED**, that this Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: New York, New York
      September 5, 2012               /s/Burton R. Lifland
                                              HONORABLE BURTON R. LIFLAND
                                              UNITED STATES BANKRUPTCY JUDGE