Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Jorian L. Rose
Email:  jrose@bakerlaw.com
Seanna R. Brown
Email: sbrown@bakerlaw.com
Bik Cheema
Email: bcheema@bakerlaw.com

Hearing Date:  January 10, 2013
Hearing Time:  10:00 AM (EST)
Objection Deadline: November 12, 2012

*Attorneys for Irving H. Picard, Esq., Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |

**TRUSTEE'S MOTION FOR AN ORDER AFFIRMING TRUSTEE'S CALCULATIONS OF NET EQUITY AND DENYING <u>TIME-BASED DAMAGES</u>**

Pursuant to this Court's order of September 5, 2012 scheduling adjudication of the "Time-Based Damages" issue (the "Scheduling Order") (ECF No. 5022), Irving H. Picard, trustee ("Trustee") for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"),[1] and for Bernard L. Madoff ("Madoff") (collectively, "Debtor"), respectfully submits this motion ("Motion"), the declarations of Bik Cheema and Robert J. Rock, and a memorandum of law in support, for an order: (a) affirming the Trustee's determinations of the claims listed on Exhibit A to the extent they relate to the recalculation of net equity customer claims based on interest, time value of money, or inflation adjustments such as constant dollar (collectively, "Time-Based Damages");[2] (b) affirming the Trustee's denial of the claims to the extent they seek amounts in excess of net equity calculated using the "Net Investment Method;" (c) affirming the Trustee's interpretation of net equity under SIPA as excluding Time-Based Damages; (d) expunging the objections to the Trustee's determinations listed on Exhibit A to the Declaration of Bik Cheema, submitted herewith, insofar as they relate to the recalculation of net equity customer claims based on Time-Based Damages; and (e) allowing the Trustee to release any funds previously reserved for the Time-Based Damages Issue.

---

[1] For convenience, future reference to SIPA will not include "15 U.S.C."

[2] There are numerous theories of law that claimants have raised, all of which seek some increase in their customer claims based upon the amount of time they invested with BLMIS. Most commonly, they seek an increase in their claims based on the time they were invested with BLMIS using the New York prejudgment rate of 9% per annum, lost opportunity cost damages, or the consumer price index to take inflation into account. The Trustee is using "Time-Based Damages" as an umbrella term.

**Factual Background**

1. On December 11, 2008 (the "Filing Date"),[3] the Securities and Exchange Commission ("SEC") filed a complaint in the United States District Court for the Southern District of New York (the "District Court") against Madoff and BLMIS (Case No. 08-CV-10791) (the "SEC Action").

2. On December 15, 2008, under section 78eee(a)(4)(A) of SIPA, the SEC consented to a combination of the SEC Action with an application filed by the Securities Investor Protection Corporation ("SIPC"). Thereafter, pursuant to 78eee(a)(3) of SIPA, SIPC filed an application in the District Court alleging that BLMIS was not able to meet its obligations to securities customers as they came due and, accordingly, its customers needed the protection afforded by SIPA as a result.

3. That same day, the District Court entered a protective decree, to which BLMIS consented, which, in pertinent part:

    (a) appointed Irving H. Picard as trustee for the liquidation of the business of BLMIS, pursuant to section 78eee(b)(3) of SIPA;

    (b) appointed Baker & Hostetler, LLP as counsel to the Trustee ("Counsel") pursuant to section 78eee(b)(3) of SIPA;

    (c) removed the case to this Bankruptcy Court pursuant to section 78eee(b)(4) of SIPA; and

    (d) authorized the Trustee to take immediate possession of the property of the debtor, wherever located.

4. On December 23, 2008, this Court entered an order (the "Claims Procedures Order") that, inter alia, specified the procedures for the filing, determination, and adjudication of customer claims in this liquidation proceeding. The Claims Procedures Order authorizes the

---

[3] In this case, the Filing Date is the date on which the SEC commenced its suit against BLMIS, December 11, 2008, which resulted in the appointment of a receiver for the firm. *See* Section 78*lll*(7)(B) of SIPA, 15 U.S.C. § 78*lll*(7)(B).

2

Trustee to determine claims, provides claimants with the right to oppose the Trustee's determinations of their claims by filing their objections with this Court, and directs the Trustee to request a hearing date for the objections and notify the objecting claimants thereof.

5.      As the Trustee appointed under SIPA, the Trustee has the job of recovering and distributing customer property to BLMIS's customers, assessing claims, and liquidating any other assets of the firm for the benefit of the estate and its creditors.  Pursuant to section § 78fff-1(a) of SIPA, the Trustee has the general powers of a bankruptcy trustee in addition to the powers granted by SIPA.  Pursuant to section 78fff(b) of SIPA, Chapters 1, 3, 5 and Subchapters I and II of Chapter 7 of the Bankruptcy Code are applicable to this case.

### Trustee's Interpretation of Net Equity

6.      Pursuant to section 78*lll*(11) of SIPA, "the term "net equity" means the "dollar amount of the account or accounts of a customer, to be determined by – (A) calculating the sum which would have been owed by the debtor to such customer if the debtor had liquidated, by sale or purchase on the filing date, all securities positions of such customer (other than customer name securities reclaimed by such customer); minus (B) any indebtedness of such customer to the debtor on the filing date[.]."  Furthermore, section 78fff-2(b) of SIPA provides that the Trustee should make payments to customers based on "net equity" insofar as the amount owed to the customer is "ascertainable from the books and records of the debtor or [is] otherwise established to the satisfaction of the trustee."

7.      On this basis, the Trustee determined that net equity claims should be calculated based upon the monies that customers deposited into their BLMIS accounts, minus any amounts they withdrew from their BLMIS accounts (the "Net Investment Method").  Some claimants

3

argued that the Trustee was required to calculate net equity using the amounts shown on the November 30, 2008 customer statements (the "Last Customer Statement Method").

8. The Trustee's use of the Net Investment Method was upheld by this Court, reported at 424 B.R. 122 (Bankr. S.D.N.Y. 2010). This Court's decision was affirmed by the United States Court of Appeals for the Second Circuit, reported at 654 F.3d 299, 241 (2d Cir. 2011). On June 25, 2012, the United States Supreme Court denied certiorari, and thus a final order has issued upholding the Trustee's use of the Net Investment Method.

9. Some of the claimants who argued that net equity must be calculated using the Last Customer Statement Method seek to alter the Trustee's net equity calculation to impose Time-Based Damages for the period of time that their funds were deposited with BLMIS.

### Motion for Scheduling Order on Time-Based Damages

10. Following the denial of certiorari, the Trustee moved the Court for a briefing schedule and hearing on the Time-Based Damages issue. (ECF No. 4920).

11. On September 5, 2012, this Court entered the Scheduling Order setting forth dates for briefing and hearing on the Time-Based Damages issue. In accordance with the Scheduling Order, the Trustee submits the herein Motion. (ECF No. 5022).

### RELIEF REQUESTED

12. Pursuant to the Scheduling Order and for the reasons set forth in the memorandum of law submitted in support of this Motion, the Trustee respectfully requests an order: (a) affirming the Trustee's determinations of the claims listed on Exhibit A to the Declaration of Bik Cheema, to the extent they relate to the recalculation of net equity customer claims based Time-Based Damages; (b) affirming the Trustee's denial of the claims to the extent they seek amounts in excess of net equity calculated using the "Net Investment Method;" (c) affirming the Trustee's interpretation of net equity under SIPA as excluding Time-Based

4

Damages; (d) expunging the objections to the Trustee's determinations listed on Exhibit A insofar as they relate to the recalculation of net equity customer claims based on Time-Based Damages; and (e) allowing the Trustee to release any funds previously reserved for the Time-Based Damages Issue.

## **NOTICE**

13. Notice of this Motion will be provided by U.S. Mail, postage prepaid or email to (i) all claimants listed on Exhibit A; (ii) all parties included in the Master Service List as defined in the Order Establishing Notice Procedures (ECF No. 4560); (iii) all parties that have filed a notice of appearance in this case; (iv) the SEC; (v) the IRS; (vi) the United States Attorney for the Southern District of New York; and (vii) SIPC, pursuant to the Order Establishing Notice Procedures (ECF No. 4560) (collectively, the "Notice Parties"). The Trustee submits that no other or further notice is required. In addition, all of the Trustee's pleadings filed in accordance with the schedule outlined above will be posted to the Trustee's website www.madofftrustee.com and are accessible, without charge, from that site.

**WHEREFORE**, the Trustee respectfully requests that the Court issue an order granting the relief requested herein, and grant such other and further relief to the Trustee as the Court deems proper.

Dated:  New York, New York
        October 12, 2012

**BAKER & HOSTETLER LLP**

By: */s/ David J. Sheehan*
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY  10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Jorian L. Rose
Email:  jrose@bakerlaw.com
Seanna R. Brown
Email: sbrown@bakerlaw.com
Bik Cheema
Email: bcheema@bakerlaw.com

Baker & Hostetler LLP
3200 PNC Center
Cleveland, Ohio  44114
Telephone:  (216) 621-0200
Facsimile:  (216) 696-0740
Brian A. Bash
Email:  bbash@bakerlaw.com
Thomas D. Warren
Email:  twarren@bakerlaw.com
Wendy J. Gibson
Email: wgibson@bakerlaw.com

*Attorneys for Irving H. Picard, Esq.,
Trustee for the Substantively Consolidated
SIPA Liquidation of Bernard L. Madoff
Investment Securities LLC and Bernard L.
Madoff*

6