UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |

**DECLARATION OF BIK CHEEMA IN SUPPORT OF THE TRUSTEE'S MOTION FOR AN ORDER AFFIRMING THE TRUSTEE'S CALCULATION OF NET EQUITY AND DENYING TIME-BASED DAMAGES**

I, Bik Cheema, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am an associate with Baker & Hostetler LLP. I am a member of both the New York Bar Association and the Southern District of New York, and am in good standing.

2. Baker & Hostetler LLP is counsel to Irving H. Picard, the Trustee appointed by the United States District Court for the Southern District of New York for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"), under the Securities Investor Protection Act ("SIPA"), and for Bernard L. Madoff ("Madoff").

3. I make this declaration based upon the information and knowledge acquired during the course of Baker & Hostetler LLP's engagement as counsel to the Trustee, as described herein.

300262093

**Claims, Determinations and Objections**

4.  During the course of my work on this matter, I have personally reviewed thousands of documents, including claims filed by claimants, determination letters issued by the Trustee in response to these claims, and objections filed by claimants in response to the Trustee's determination of their claims.

5.  As part of my review, I reviewed all objections received by the Trustee in response to his determination of all timely-filed claims. Most of the objections I reviewed had more than one basis for objection, but for purposes of the Trustee's motion for an order affirming the Trustee's calculation of net equity and denying time-based damages (the "Motion"), I have isolated the objections that raised the argument that claims should include interest, time value of money, or inflation adjustments such as constant dollar (collectively, "Time-Based Damages").

6.  Approximately 1,200 objections have been filed in response to the Trustee's determination of claims, arguing an entitlement to Time-Based Damages on behalf of approximately 1,600 claims.

7.  Based upon my review, Alix Partners LLP prepared a document entitled "Description of Time-Based Damages Claimants," which serves as Exhibit A ("Exhibit A") to this declaration.

8.  Attached hereto as Exhibit B is a true and correct copy of the decision in *Securities Investor Protection Corporation v. Horizon Securities, Inc.*, 72 Civ. 5112 (S.D.N.Y. May 31, 1974).

**Basis of Personal Knowledge**

9. Specifically, in order to populate Exhibit A,[1] I reviewed claims filed by claimants who objected on the basis of Time-Based Damages, reviewed the respective determination letters issued by the Trustee, and reviewed the respective objections by claimants.

10. In order to perform my review, I accessed and reviewed documents using PACER in addition to documents filed by claimants with the Trustee pursuant to this Court's Claims Procedures Order, determination letters issued by the Trustee, and objections to those determinations by claimants, filed with the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
October 12, 2012

By: _____
Bik Cheema

Sworn and subscribed to before me this 12th day of October, 2012

_____
Notary Public, State of New York
No. _____
Qualified in New York County
Commission Expires ___, 201[_]

MAGDALENA CHARLOTTEN
NOTARY PUBLIC, State of New York
No. 01CH6059474
Qualified in New York County
Certificate Filed in Kings, Queens,
Westchester, Bronx Counties
Commission Expires May 29, 20 15

---

[1] Exhibit A does not include approximately 100 objections where Time-Based Damages was raised in response to the Trustee's determination of claims but where the claimant has been ruled by the court not to have a valid customer claim. For example, those claimants that were included in the Motion For An Order To Affirm Trustee's Determinations Denying Claims of Claimants Without BLMIS Accounts in Their Names, Namely, Investors in Feeder Funds, a hearing for which was held on October 19, 2010, and that did not appeal Judge Cote's decision to the U.S. Court of Appeals for the Second Circuit. Such claimants are not included in Exhibit A because a final determination has issued that their indirect claims do not constitute customer claims in this SIPA proceeding. The Trustee also reserves his rights to add claimants to Exhibit A.