# EXHIBIT A

## Declaration of Disinterestedness

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>           Plaintiff-Applicant,<br><br>           v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>           Defendant. | No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>           Debtor. | |

## DECLARATION OF DISINTERESTEDNESS OF KEITH AZOPARDI OF TRIAY STAGNETTO NEISH AS PROPOSED SPECIAL COUNSEL TO TRUSTEE

I, Keith Azopardi, declare as follows:

1. I am a member of the Gibraltar bar and admitted to legal practice in Gibraltar under the Supreme Court Act.

2. I am a Queen's Counsel in the firm Triay Stagnetto Neish ("TSN"), a firm of barristers and solicitors in Gibraltar.

3. All matters stated herein are known by me to be true except as otherwise stated.

4. By the Order dated December 15, 2008, entered by the Honorable Louis A. Stanton of the United States District Court for the Southern District of New York, Irving H. Picard was appointed trustee ("Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("Debtor"). The Trustee has retained Baker & Hostetler LLP as his primary counsel. However, the Trustee wishes to retain TSN as Special Counsel to assist the Trustee in Gibraltar in gathering evidence pursuant to the various insolvency/bankruptcy laws of the United States and Gibraltar as well as to assist as necessary in advising on various matters, including any litigation seeking recovery from third parties of assets of the estate.

300260715

5.  Section 78eee(b)(6) of the Securities Investor Protection Act of 1970 ("SIPA") is
    entitled "Disinterestedness" and provides as follows:

    **(6) Disinterestedness**

    (A)      Standards

    For the purposes of paragraph (3), a person shall not be deemed disinterested if:

    (i)      such person is or was a creditor (including a customer), stockholder, or
             partner of the debtor;
    (ii)     such person is or was an underwriter of any of the outstanding securities
             of the debtor or within five years prior to the filing date was the
             underwriter of any securities of the debtor;
    (iii)    such person is, or was within two years prior to the filing date, a director
             partner, officer, or employee of the debtor or such an underwriter, or an
             attorney for the debtor or such an underwriter; or
    (iv)     it appears that such person has by reason of any other direct or indirect
             relationship to, connection with, or interest in the debtor or such an
             underwriter, or for any other reason an interest materially adverse to the
             interests of any class of creditors (including customers) or stockholders,

    except that SIPC shall in all cases be deemed disinterested, and an employee of
    SIPC shall be deemed disinterested if such employee would, except for his
    association with SIPC, meet the standards set forth in this subparagraph.

6.  In order to determine that TSN is disinterested within the meaning of SIPA §
    78eee(b)(6), I used the firm's conflicts check procedures and practices to
    determine that, to the best of my knowledge, TSN meets the "disinterestedness"
    requirements set forth in SIPA § 78eee(b)(6).

7.  TSN had previously served as counsel to SIAM, a defendant in an adversary
    proceeding brought by the Trustee.   However, the Trustee and SIAM
    consummated a settlement in advance of the retention of TSN, rendering moot
    that conflict.

8.  Based on these responses and that belief, it would appear that TSN meets the
    disinterestedness standard of § 78eee(b)(6)(A) of SIPA, as well as under
    Bankruptcy Code § 327(a) and Federal Rule of Civil Procedure 2014(a) and has
    no conflict nor an interest materially adverse to the Debtor.

9.  As a result, to the best of my knowledge, information and belief, I have been able
    to determine that

300260715

(A)    No fee-earner of TSN is a creditor (including customer), stockholder, or partner of the Debtor;

(B)    No fee-earner of TSN is or was an underwriter of any of the outstanding securities of the Debtor or within five years prior to the filing date was the underwriter of any securities of the Debtor;

(C)    No fee-earner of TSN is or was within two years prior to the filing date, a director, partner officer or employee of the Debtor or such an underwriter or any attorney for the Debtor or such an underwriter; and

(D)    It appears that no fee-earner of TSN has, by reason of any other direct or indirect relationship to, connection with, or interest in the Debtor or such an underwriter, or for any other reason, an interest materially adverse to the interest of any class of creditors (including customers) or stockholders.

10. I understand that the Trustee and SIPC are continuing to research and analyze the books and records of the Debtor. As a result, additional information may be discovered that may be relevant to the instant Declaration. I understand that TSN has a continuing duty to disclose any subsequently discovered information and/or connections within the meaning of 15 U.S.C. § 78eee(b)(6), and I will supplement this Declaration as appropriate.

I declare under penalty of perjury that the foregoing is true and correct and if called on as a witness I could testify competently thereto.

Executed on the 18th day of October 2012 at Burns House, 19 Town Range, Gibraltar.

Keith Azopardi
Triay Stagnetto Neish

300260715