**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                    Plaintiff,<br><br>                    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                  Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                  Debtor. | |

**ORDER DENYING MOTION TO REMOVE IRVING H. PICARD AS TRUSTEE FOR THE SUBSTANTIVELY CONSOLIDATED SIPA LIQUIDATION OF BERNARD L. MADOFF INVESTMENT SECURITIES LLC AND BERNARD L. MADOFF**

**WHEREAS**, before the Court is the Motion to Remove Irving H. Picard as Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff (the "Motion") of Martin M. Surabian, Richard Surabian and Steven Surabian (collectively, the "Surabians"), and

**WHEREAS**, the Court has reviewed the Surabians' Motion, the Surabians' Notice of Motion, the Trustee's Objection to the Motion, the Surabians' Reply to the Trustee's Objection to the Motion, and

**WHEREAS**, a hearing was held on November 14, 2012 to consider the Motion (the "Hearing"), and

**WHEREAS**, section 324(a) of the Bankruptcy Code permits a bankruptcy court to remove a trustee "for cause," *see* 11 U.S.C. § 324(a), and

**WHEREAS**, removal of a trustee is "an extreme remedy" because it can severely impact the estate and all parties involved, *see Morgan v. Goldman (In re Morgan)*, 375 B.R. 838, 847 (B.A.P. 8th Cir. 2007), and

**WHEREAS**, a party seeking the removal of a trustee must show specific facts supporting cause and "[a] conclusory contention unsupported by specific facts does not constitute sufficient grounds for the removal of a trustee," *Alexander v. Jensen-Carter (In re Alexander)*, 289 B.R. 711, 714 (B.A.P. 8th Cir. 2003), and

**WHEREAS**, the Surabians have not shown cause for implementing the extreme remedy of removing the Trustee, as they have failed to set forth specific facts in support thereof, either in their papers or at the Hearing, and have made only unsupported, conclusory allegations of prejudice on the part of the Trustee, and

**WHEREAS**, at most, the Surabians have shown that they disagree with the Trustee's treatment of their claims, which clearly does not rise to the level of demonstrating cause for removal of the Trustee, and it is hereby

**ORDERED**, that the Motion is denied with prejudice;

**ORDERED**, that this Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: New York, New York
November 14, 2012

/s/ Burton R. Lifland
UNITED STATES BANKRUPTCY JUDGE

2