**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-1789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |

**APPLICATION OF OSBORNE & OSBORNE, P.A. AS SPECIAL COUNSEL TO THE TRUSTEE FOR ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES RENDERED INCURRED FROM FEBRUARY 1, 2012 THROUGH JUNE 30, 2012**

Osborne & Osborne, P.A. ("Osborne Firm"), special counsel for Irving H. Picard (the "Trustee"), Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor") under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), and Bernard L. Madoff, submits this Application for Interim Allowance of Fees (the "Application") for compensation of legal fees in the amount of $1,375.20 (of which 20% is to be deferred through the conclusion of the liquidation period) for the period from February 1, 2012 through June 30, 2012 (the "Compensation Period"). In support of the Application, the Osborne Firm respectfully submits as follows:

## I. BACKGROUND

1. On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order (the "Decree Order") calling for the liquidation of the business of the Debtor in accordance with SIPA and by Paragraph II of the Decree Order, the Trustee was appointed as the trustee for the liquidation of the Debtor's business.

2. The Debtor's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, to the extent consistent with the provisions of SIPA, is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") pursuant to SIPA § 78fff(b).

3. Beginning on March 8, 2011, the Osborne Firm has served as special counsel for the Trustee.

4. On April 14, 2011, this Court entered an order approving the Trustee's motion for authority to retain the Osborne Firm as special counsel *nunc pro tunc* to March 8, 2011.

5. The Trustee's motion to retain the Osborne Firm established a fee arrangement pursuant to which the Osborne Firm agreed to a fee reduction in the amount of 10% as well as an additional holdback of fees in the amount of 20%.

## II. SERVICES RENDERED BY OSBORNE FIRM

6. The legal services performed on behalf of the Trustee during the time period covered by this Application are as follows:

7. The Osborne Firm reviewed and advised the Trustee's U.S. counsel, Baker & Hostetler LLP, on Florida statutory law as it related to the Trustee's draft Memorandum of Law in Opposition to the defendant's Motion to Withdraw the References.

2

### III. COMPENSATION REQUESTED

8. The Application demonstrates how the Osborne Firm has both added value to the Debtor's estate and has advanced the Debtor's SIPC liquidation proceeding.

9. The Osborne Firm has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism. To that end, the Osborne Firm has staffed this matter leanly and endeavored to eliminate duplication of effort by giving primary responsibility of the case to one partner, R. Brady Osborne, Jr.

10. From February 1, 2012 through June 30, 2012, the Osborne Firm provided a total of 4.8 hours of legal services to the Trustee in this case. Prior to the 10% discount, the total amount of fees incurred in this time period was $1,528.00 and the total blended rate for professional services was $318.34/hour. After the 10% discount, the total amount of fees incurred is $1,375.20 and the total blended rate is $286.51/hour. The Osborne Firm has agreed to a further holdback of 20% of its fees in the amount of $275.04, resulting in the present request for compensation in the amount of $1,100.16.

11. A breakdown of the total number of hours performed by each Osborne Firm timekeeper is provided on **Exhibit A** annexed hereto.

### IV. GENERAL MATTERS

12. All of the professional services for which compensation is requested herein were performed by the Osborne Firm for and on behalf of the Trustee and not on behalf of any other person or entity.

13. No agreement or understanding exists between the Osborne Firm and any other person for sharing compensations received in connection with this case nor has any other person

or entity agreed to provide the Osborne Firm with compensation for the legal services described herein.

14. Section 78eee(b)(5)(A) of SIPA provides in pertinent part that, upon appropriate application and after a hearing, "[t]he court shall grant reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred . . . by a trustee, and by the attorney for such a trustee." Section 78eee(b)(5)(C) of SIPA specifically establishes SIPC's role in connection with applications for compensation and the consideration the Court should give to SIPC's recommendation concerning fees. That section provides as follows:

> In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC. In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendation of SIPC.

SIPA § 78eee(b)(5)(C).

15. To the extent the general estate is insufficient to pay such allowances as an expense of administration, SIPA § 78eee(b)(5)(E) requires SIPC to advance the funds necessary to pay the compensation of the Osborne Firm (*see* SIPA § 78fff-3(b)(2)).

16. The Trustee has determined, at this time, that he has no reasonable expectation that the general estate will be sufficient to make a distribution to general creditors or pay administrative expenses. The Trustee has been advised by SIPC that it concurs in this belief of the Trustee. Accordingly, any fees and expenses allowed by this Court will be paid from advances by SIPC without any reasonable expectation by SIPC of recoupment thereof.

17. Therefore, with respect to this Application, the Osborne Firm requests that consistent with section 78eee(b)(5)(C) of SIPA, the Court "shall award the amounts

4

recommended by SIPC." *See In re Bell & Beckwith*, 112 B.R. 876 (Bankr. N.D. Ohio 1990). Young Conaway expects that SIPC's recommendation shall be filed with this Court separately.

**WHEREFORE**, the Osborne Firm respectfully requests that this Court enter an Order:

a. Granting this Application;

b. Allowing and awarding $1,375.20, of which $1,100.16 is to be paid currently and $275.04 is to be held back through the conclusion of the liquidation period or until further order of the Court, as an interim payment for professional services rendered by the Osborne Firm to the Trustee from February 1, 2012 through June 30, 2012; and

c. Granting the Osborne Firm such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: November 28, 2012                Osborne & Osborne, P.A.

By:  *s/ R. Brady Osborne, Jr.*
798 South Federal Highway
Boca Raton, Florida 33432
Telephone: (561) 395-1000
Fax: (561) 368-6930

5

# EXHIBIT A

## SUMMARY OF INTERIM FEE APPLICATION
## OF THE OSBORNE FIRM FOR SERVICES RENDERED
## FOR THE PERIOD FEBRUARY 1, 2012 THROUGH JUNE 30, 2012

|  | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| R. Brady Osborne, Jr. |  | $375.00 | 1.4 | $525.00 |
| Amy J. Fanzlaw |  | $295.00 | 3.4 | $1,003.00 |
|  |  |  |  |  |
| Total: |  | $318.34 | 4.8 | $1,528.00 |
| Total minus 10% Discount |  | $286.51 |  | $1,375.20 |
| **Total Net of 20% Holdback:** |  |  |  | **$1,100.16** |