UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-1789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |

**APPLICATION OF ATTIAS & LEVY AS SPECIAL COUNSEL TO THE TRUSTEE FOR ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM FEBRUARY 1, 2012 THROUGH APRIL 30, 2012 AS WELL AS <u>REIMBURSEMENT OF FEES PREVIOUSLY HELD BACK BY SIPC</u>**

Keith Azopardi, together with other members and associates at the law firm of Attias & Levy, special counsel for Irving H. Picard (the "Trustee"), Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor") under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA") and Bernard L. Madoff, submits this Application for Interim Allowance of Fees and Reimbursement of Expenses (the "Application") for compensation of legal fees in the amount of $12,832.49 and reimbursement of expenses in the amount of $1,279.73 for the period from February 1, 2012 through April 30, 2012 (the "Compensation Period"). Moreover, because Attias & Levy has ceased to act as special counsel to the Trustee, it seeks payment of the 20% holdback applied to its fees from the commencement of its retention as special counsel beginning on March 13, 2009

through the termination on May 1, 2012. The total amount withheld during that period is $260,019.66.

In support of the Application, Attias & Levy respectfully submits as follows:

## I. BACKGROUND

1.  On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order (the "Decree Order") calling for the liquidation of the business of the Debtor in accordance with SIPA and by Paragraph II of the Decree Order, the Trustee was appointed as the trustee for the liquidation of the Debtor's business.

2.  The Debtor's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, to the extent consistent with the provisions of SIPA, is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") pursuant to SIPA § 78fff(b).

3.  Beginning on March 13, 2009, Attias & Levy has served as special counsel for the Trustee.

4.  On April 7, 2009, this Court entered an order approving the Trustee's motion for authority to retain Attias & Levy as special counsel to the Trustee in matters pertaining to Gibraltar.

5.  The Trustee's motion to retain Attias & Levy established a fee arrangement pursuant to which Attias & Levy agreed to a fee reduction in the amount of 10% as well as an additional holdback of fees in the amount of 20%.

## II. SERVICES RENDERED BY ATTIAS & LEVY

6.     The legal services performed on behalf of the Trustee during the time period covered by this Application are as follows:

### *Overview*

### *A. The Vizcaya Actions*

7.     There are six related Gibraltar actions in which Gibraltar Special Counsel for the Trustee has been involved, namely:

(a)     A judicial review brought by Vizcaya Partners Limited ("Vizcaya") against the decision by the Gibraltar Financial Intelligence Unit to issue "no consent" orders, freezing monies held at Bank J Safra (Gibraltar) Limited ("Safra") in the names of Vizcaya, Zeus Partners Limited ("Zeus"), Asphalia Fund Limited ("Asphalia"), and Siam Investment Management Limited ("Siam") (the "Vizcaya Judicial Review");

(b)     An action brought by Siam against the Attorney General and the Bank seeking the release of the sums held in its account;

(c)     An action brought by Bank Safra to pay into Court approximately US$63 million held by it in the accounts of Zeus and Asphalia pending determination of the claims;

(d)     An action brought by the Trustee against Vizcaya, Zeus, Asphalia, Siam, and Bank Safra for assistance from the Gibraltar Court relating to the transfer of US$150 million and seeking orders for disclosure of information, freezing orders, payment into Court and turnover of the monies to the Trustee and/or the U.S. Bankruptcy Court (the "Trustee's Action");

(e)     A claim brought by Vizcaya, Zeus, Asphalia, and Siam on October 26, 2009 (the "VZAS Claim");

(f)     An action brought by the Trustee in December 2010 against the Vizcaya and other

recipient parties to pursue as a fall-back ("the Trustee's B Action").

8. Attias & Levy provided ongoing analysis of a claim brought by Robert Faissal against Vizcaya in BVI and its impact on the Trustee in Gibraltar.

9. Attias & Levy continued to provide assistance with serving the Trustee's B Action.

### B. Sonja Kohn/Tecno

10. During this time period, the majority of the work conducted was in relation to proceedings in Gibraltar against Sonja Kohn and other related defendants in support of proceedings issued against them in England and in aid of proceedings in the United States (the "Sonja Kohn Action").

11. Attias & Levy provided the analysis of possible actions to be taken in Gibraltar in support of the Sonja Kohn Action and drafted applications for same.

### III. COMPENSATION REQUESTED

12. The Application demonstrates how Attias & Levy has both added value to the Debtor's estate and has advanced the Debtor's SIPC liquidation proceeding.

13. Attias & Levy has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism. To that end, Attias & Levy has staffed this matter leanly and endeavored to eliminate duplication of effort by giving primary responsibility of the case to one partner, Mr. Keith Azopardi.

14. From February 1, 2012 through April 30, 2012, Attias & Levy provided a total of 43.6 hours of legal services to the Trustee in this case. Prior to the 10% discount, the total amount of fees incurred in this time period was $14,258.32 and the total blended rate for

professional services was $327.03/hour. After the 10% discount, the total amount of fees incurred is $12,832.49 and the total blended rate is $294.33/hour. Attias & Levy has agreed to a further holdback of 20% of its fees until such time as its retainer to act as special counsel to the Trustee was terminated. Because that retainer ended on May 1, 2012, Attias & Levy now also seeks reimbursement in this Application of the amount previously held back, totaling $260,019.66. Attias & Levy respectfully submits its fees for work performed during this period should not be reduced further. Accordingly, the present request for fees, including the holdback, is in the amount of $272,852.15.

15. A breakdown of the total number of hours performed by each Attias & Levy timekeeper is provided on **Exhibit A** annexed hereto.

16. Attias & Levy seeks reimbursement for out-of-pocket expenses incurred in connection with its representation of the Trustee during the Compensation Period of $1,279.73. An itemized list of these expenses is detailed on **Exhibit B** attached hereto. Attias & Levy does not charge for incoming faxes. Charges for electronic research, overnight delivery, postage, long-distance telephone calls, and other out-of-pocket disbursements are based on the actual amounts paid by Attias & Levy for those services.

## IV. GENERAL MATTERS

17. All of the professional services for which compensation is requested herein were performed by Attias & Levy for and on behalf of the Trustee and not on behalf of any other person or entity.

18. No agreement or understanding exists between Attias & Levy and any other person for sharing compensation received in connection with this case nor has any other person or entity agreed to provide Attias & Levy with compensation for the legal services described herein.

19. Section 78eee(b)(5)(A) of SIPA provides in pertinent part that, upon appropriate application and after a hearing, "[t]he court shall grant reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred . . . by a trustee, and by the attorney for such a trustee . . . ." Section 78eee(b)(5)(C) of SIPA specifically establishes SIPC's role in connection with applications for compensation and the consideration the Court should give to SIPC's recommendation concerning fees. That section provides as follows:

> In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC. In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendation of SIPC.

SIPA § 78eee(b)(5)(C).

20. To the extent the general estate is insufficient to pay such allowances as an expense of administration, SIPA § 78eee(b)(5)(E) requires SIPC to advance the funds necessary to pay the compensation of Attias & Levy (*see* SIPA § 78fff-3(b)(2)).

21. The Trustee has determined, at this time, that he has no reasonable expectation that the general estate will be sufficient to make a distribution to general creditors or pay administrative expenses. The Trustee has been advised by SIPC that it concurs in this belief of the Trustee. Accordingly, any fees and expenses allowed by this Court will be paid from advances by SIPC without any reasonable expectation by SIPC of recoupment thereof.

22. Therefore, with respect to this Application, Attias & Levy requests that consistent with section 78eee(b)(5)(C) of SIPA, the Court "shall award the amounts recommended by SIPC." *See In re Bell & Beckwith*, 112 B.R. 876 (Bankr. N.D. Ohio 1990). Attias & Levy expects that SIPC's recommendation shall be filed with this Court separately.

**WHEREFORE**, Attias & Levy respectfully requests that this Court enter an Order:

a.  Granting this Application; and

b.  Allowing and awarding $12,832.49, and a waiver of the 20% holdback ordinarily imposed, in light of Attias & Levy's withdrawal from the case, for professional services rendered by Attias & Levy to the Trustee from February 1, 2012 through April 30, 2012; and

c.  Allowing payment to Attias & Levy in the amount of $1,279.73 for reimbursement of expenses incurred by Attias & Levy from February 1, 2012 through April 30, 2012; and

d.  Allowing payment of the 20% previously held back from its fees, per agreement with the Trustee, in the amount of $260,019.66.  Granting Attias & Levy such other and further relief as this Court deems just and proper.

                                                Respectfully submitted,

Dated: November 29, 2012                ATTIAS & LEVY

                                                By: _s/ Levi J. Attias_
                                                    Levi J. Attias
                                                    First Floor Suites
                                                    39 Irish Town
                                                    P.O. Box 466
                                                    Gibraltar
                                                    London EC1A 2FG
                                                    Telephone: +350 200 72150
                                                    Fax: +350 200 74986

# EXHIBIT A

## SUMMARY OF INTERIM FEE APPLICATION
## OF ATTIAS & LEVY FOR SERVICES RENDERED
## FOR THE PERIOD FEBRUARY 1, 2012 THROUGH APRIL 30, 2012

|  | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Keith Azopardi | 1990 (UK & Gib) | $353.26 | 31.5 | $11,127.69 |
| Suzika Santiago | 2003 (UK) 2003 (Gib) | $281.37 | 4.9 | $1,378.72 |
| Carol Haw |  | $263.70 | 6 | $1,582.20 |
| Nicholas Bottino | 2011 (UK) 2011 (Gib) | $141.42 | 1.2 | $169.71 |
| Total: |  | $327.03 | 43.6 | $14,258.32 |
| Total minus 10% Discount |  | $294.33 |  | $12,832.49 |
| **Holdback Return** |  |  |  | **$260,019.66** |
| **Total including Holdback Return** |  |  |  | **$272,852.15** |

# EXHIBIT B

### EXPENSE SUMMARY OF ATTIAS & LEVY
### FOR THE PERIOD
### OF FEBRUARY 1, 2012 THROUGH APRIL 30, 2012

| EXPENSES | AMOUNTS |
|---|---|
| Translation | $1,184.45 |
| General Expenses (telephone, copies, postage, etc.) | $95.28 |
| **Total Expenses Requested:** | **$1,279.73** |