Page 1

1  UNITED STATES BANKRUPTCY COURT

2  SOUTHERN DISTRICT OF NEW YORK

3  Case No. 08-01789-brl

4  - - - - - - - - - - - - - - - - - - - - - - - - - x

5  In the Matter of:

6

7  SECURITIES INVESTOR PROTECTION CORP.,

8                    Plaintiff,

9

10  v.

11

12  BERNARD L. MADOFF, INVESTMENT SECURITES, LLC., ET. AL.,

13                    Defendant.

14  - - - - - - - - - - - - - - - - - - - - - - - - - x

15                    United States Bankruptcy Court

16                    One Bowling Green

17                    New York, New York

18

19                    November 14, 2012

20                    10:17 a.m.

21

22  B E F O R E :

23  HON BURTON R. LIFLAND

24  U.S. BANKRUPTCY JUDGE

25

Page 2

1    Steven & Richard Surabian Motion to Remove Irving Picard as

2    Trustee

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    Transcribed by:  Sherri L. Breach, CERT*D-397

1    A P P E A R A N C E S :

2    SECURITIES INVESTMENT PROTECTION CORPORATION (SiPC)

3         Attorneys for Plaintiff

4         805 15th Street, N.W.

5         Suite 800

6         Washington, D.C. 20005

7

8    BY:  KEVIN H. BELL, ESQ.

9

10   BAKER HOSTETLER

11        Attorneys for Irving Picard, Trustee

12        45 Rockefeller Plaza

13        New York, New York 10111

14

15   BY:  BIC CHEEMA, ESQ.

16        DAVID J. SHEEHAN, ESQ.

17

18   ALSO APPEARING:

19

20   STEVEN SURABIAN

21

22

23

24

25

Page 4

1              P R O C E E D I N G S

2         THE CLERK:  All rise.

3         THE COURT:  Be seated, please.

4         THE CLERK:  SiPC v Bernard Madoff.

5         MR. CHEEMA:  Good morning, Your Honor.

6         MR. SURABIAN:  Steven Surabian for, you know,

7    making the motion.

8         MR. CHEEMA:  Bic Cheema, Baker & Hostetler for

9    Irving Picard, trustee to the SiPC liquidation proceeding.

10        MR. BELL:  Kevin Bell for the Securities

11   Investment Protection Corporation.

12        THE COURT:  Go ahead, sir.  It's your motion.

13        MR. SURABIAN:  Yes.  The Surabians, Richard and

14   Steven Surabian filed this motion to remove Irving Picard

15   because in the trustee's motion for an order approving the

16   second allocation property to the funds of the customer's

17   property and authorizing the second interim distribution to

18   customers, the trustee failed to mention who were our

19   customers and how much he intended to pay each.  The

20   Surabians brought this up in their objection, among other

21   issues.

22        Now the Surabians have opened an account directly

23   with Bernie Madoff himself with the belief they have -- they

24   were customers of Bernie Madoff.  And SiPC listed the

25   Surabians as customers on August 15th and it was on Page 5.

Page 5

1    And on May 10th, in their support of the motion for the

2    allocation in their Schedule A -- and it was in my Schedule

3    A, Exhibit E.  It was their Schedule A, page 3, BLMIS

4    customers, then I attached and went to page 5 instead of

5    attaching everything.  And as my Exhibit F it stated, Martin

6    M. Surabian, Alice V. Surabian, in a trust for Cameron T.

7    Surabian, and went through all the Surabians.  So SiPC was

8    saying on May 10th that the Surabians were customers.

9         I -- the Surabians filed an objection.  Then in

10   the reply objection, the reply to the objection, the trustee

11   stated how this Court somehow said the Surabians weren't

12   customers.  He failed to attach any court document, because

13   the Surabians never received anything saying the Surabians

14   were not customers.  I believe that had something to do with

15   some ERISA or something and customers that -- who weren't

16   customers aren't customers.  That's fine.  That has nothing

17   to do with the Surabian family as far as I'm concerned.  The

18   Surabians were direct customers of Bernie Madoff.

19        Now -- so when I received that I had to file a

20   motion to remove Mr. Picard.  And that was done because I

21   believe in his motion that he was going to pay customers, he

22   should have paid all customers and not -- it's not up to the

23   trustee to decide which customers he'll pay and how much

24   he'll pay this customer or that customer.  Either they're

25   customers or not.  And it never was determined that the

Page 6

1    Surabians were never customers, or at least the Surabian

2    family was never notified of such, and we brought that --

3    that suit.

4           So, again, I don't know whether you want testimony

5    from me because Mr. Picard also states that the Surabians

6    never provided any proof.  Well, he never asked for any

7    proof.  I never met Mr. Picard.  I never met anyone from his

8    office or a law firm.  Nobody ever questioned us.  Nobody

9    ever said we weren't customers.

10          So that's where it is.  And I would like a -- I

11   don't know if Mr. Picard is here, but I would like to call

12   him to the witness stand if he's here and ask him, you know,

13   what he did for proof or no proof.

14          So that's why I'm here.

15          THE COURT:  Okay.

16          MR. CHEEMA:  Good morning, Your Honor.

17          Your Honor, there are several reasons why the

18   Surabians' motion shouldn't be granted today, not in the

19   least their lack of standing as a result of this Court's

20   expungement of their claims and objections in April of this

21   year.

22          Other reasons are set forth in our response to

23   their motion and I'm -- I'm happy to -- to go through our

24   papers if you would like.

25          THE COURT:  I don't know that you have to go

Page 7

1    through your papers, but, you know, Mr. Surabian is saying

2    that he has status because he says so and you're coming

3    before me and saying just the opposite, because you say so.

4    I've looked at the papers and, frankly, I'm not all that

5    concerned on the standing issue.  That may or may not be a

6    real issue.  But the real issue before the Court is whether

7    or not Picard should be removed and as -- if there's cause

8    for removal.

9              Frankly, the papers that I've got before me, if

10   you folks want me to act on the papers, are rather sparse on

11   the moving party's part.  I don't see any cause demonstrated

12   and I don't see anything in these papers, which are signed

13   under Rule 11, apparently, that state anything more than Mr.

14   Picard is prejudiced against these people and that cause has

15   not been shown.  So there's no way to really respond to that

16   except to say he's not prejudiced.

17             However, some of the grounds that are put in the

18   papers to demonstrate all of this are -- well, if there's a

19   chart I would say that they're off the chart.  And this is

20   just a colloquy that's going on here without any real basis.

21   I'm kind of disappointed in the response that I have before

22   me, merely to talk about the standing instead of talk about

23   cause.

24             I -- I've seen in the papers the listing of the

25   Surabians on all of the motions and appears that have been

Page 8

1    going out, but the allegation is that they've been treated

2    and listed as customers.

3              MR. CHEEMA:  This is not true, Your Honor.  The --

4    I mean, their main argument is -- seems to concern the

5    service list, and they think that being on the service list

6    is tantamount to customer status under Section 78LLL2 of

7    Sipler (ph) and that's just not the case.  They did have

8    ample opportunity to inform the trustee of --

9              THE COURT:  How did they get on the service list?

10             MR. CHEEMA:  They're on the service list because

11   anyone who has filed a notice of appearance or even filed a

12   claim in the case is on the service list.  And they -- they

13   received service or notice of the allocation motion.  That

14   was all, nothing more.  And even if -- I mean, even if they

15   -- even if being included on the service list was tantamount

16   to customer status, which it isn't, obviously that doesn't

17   go anywhere near, you know, justifying grounds for removal

18   of the trustee.

19             THE COURT:  And let me hear from -- you're not --

20             MR. SURABIAN:  Can I just --

21             THE COURT:  You're not the only one here.

22             MR. SURABIAN:  Okay.  Yeah.  Sorry.

23             THE COURT:  Go ahead.

24             MR. BELL:  Thank you, Your Honor.   On behalf of

25   SiPC.

Page 9

1              SiPC reviewed the trustee's document and supports

2       the trustee's document as was stated.  I am here to state

3       clearly to the Surabians we fully support the trustee's

4       request to deny this motion.

5              Back in April when the expungement of the claim

6       was before this Court, I was here on behalf of SiPC and the

7       Court granted the trustee an order expunging the claim.  I

8       have reviewed, myself, with -- on behalf of SiPC back when.

9       There was no account that the Surabians had with BLMIS,

10      which is the debtor.  What they did with Mr. Madoff away

11      from the liquidated -- liquid -- being liquidated broker

12      wasn't supported by anything that they filed.  There was a

13      determination that was sent out, an objection, and in April

14      of this year the Court expunged both the objection and the

15      claim in its order.

16             So SiPC -- the thing that SiPC finds troubling is

17      the statement at paragraph 6 of the reply where the

18      Surabians say that this is not the last time they will be

19      filing objections to matters that are before the Court.

20      Maybe we are being too conservative in giving them notice to

21      matters.  Clearly, this Court expunged their claim in this

22      proceeding.  Maybe we shouldn't be doing that, but we did it

23      to -- just to be conservative.  Maybe we were too

24      conservative in giving them notice.

25             But SiPC supports the trustee's request that this

1   motion be denied, and that this Court yet again find they

2   have no standing because the Court may have to impose a

3   remedy to stop similar frivolous filings by the Surabians

4   which they assert are going to continue for the remainder of

5   this liquidation proceeding, which costs money for the

6   trustee to defend.  And that money comes from the general

7   estate, which, as this Court knows, is -- those expenses are

8   paid for by advances from the Securities Investor Protection

9   Corporation.

10          And we will be back each and every time, if the

11  Court does not grant an order and the Surabians file an

12  objection to assert the same positions that we did.  They

13  did not have a claim.  There was a determination that they

14  did not have a claim, which was fully supported by SiPC and

15  this Court expunged in the April order, that -- that claim

16  and objection.

17          So there -- there really is no remaining matter in

18  the liquidation proceeding where they have any claim.

19          Thank you, Your Honor.

20          MR. SURABIAN:  Two things.

21          In reply to that expungement they're talking

22  about, first of all, the Surabians were never notified there

23  was going to be a hearing, and I don't believe the

24  expungement had to really do with the Surabians claim, or

25  whether they did something in this Court that they shouldn't

Page 11

1    have done and brought it up when we weren't here, I have no

2    idea.  I don't -- I -- there was no order attached to

3    anything, so I can't read it and say, oh, that reply

4    specifically said the Surabians or it does this because I

5    never received anything, and I'll testify to that as -- as

6    what do you call it.

7              Now we heard a lot of stuff about being a -- just

8    a list.  It's actually, like I said, and SiPC actually

9    attached it.  SiPC says the Surabians are customers.  They

10   attached it to their -- as Exhibit A and it was on page 3

11   where it started.  It said BLMIS customers and it went

12   through and by page 5, which I attached as my Exhibit F to

13   my motion, Martin M. Surabian and them are customers, not

14   service list.  It specifically says customers.

15             So how can you be customers and not -- this is

16   what my problem was with the -- when they filed that motion

17   to allot the money.  I knew something was going haywire

18   here.  We don't even know who they're paying.  Maybe they're

19   not even paying half the people that are on the list that

20   they said when they said, hey, here's the list.  We're going

21   to pay these people.

22             I don't know, but, frankly, I shouldn't really

23   care who they pay afterwards.  All I care about is the

24   Surabian family.  And as the Surabians were listed as

25   customers, not just a service list as they want this Court

Page 12

1  now to believe, because I can go through the records and you

2  have it yourself, the May 10th one, the support of SiPC of

3  the motion to allot the money, and Schedule A, they had the

4  list of all the customers and the Surabian family was

5  listed.

6          So now for them to come into court and say, hey,

7  we're not going to follow through with the Surabians.  And,

8  like I said, I don't know if Mr. Picard is here or anyone

9  that he's not testifying to the fact that he -- what he ever

10  did to find out if the Surabians were customers.  I mean, if

11  he wanted to -- if nobody wants to find out, and look the

12  blind -- blind eye and say that -- excuse me -- I have no

13  record or they didn't give enough proof, I would like to

14  find out --

15          THE COURT:  The issue before me, sir --

16          MR. SURABIAN:  Well --

17          THE COURT:  -- is whether or not there was cause

18  to remove the trustee.

19          MR. SURABIAN:  Yes.  And the --

20          THE COURT:  That's a very, very high burden that

21  you have.

22          MR. SURABIAN:  I understand.  But if he's not

23  going to pay the customers and that's the job of the

24  trustee, I think that's the highest --

25          THE COURT:  Well, there is --

Page 13

1          MR. SURABIAN:  That's a failure.

2          THE COURT:  -- nothing in all of your papers or

3    argument to show that he's not paying the customers.  As a

4    matter of fact, in all the proceedings before this Court

5    it's quite the -- the opposite is the effect.  Your motion

6    is essentially following the allocation or is in response to

7    the allocation motion where customers were being paid.

8          MR. SURABIAN:  But we're listed here as customers.

9    SiPC says we're customers and then Mr. -- Mr. Picard is

10   refusing to pay the Surabian family.  That's -- so that's

11   what's before the Court.  That's -- that's my argument.  I

12   would like to -- and I have no idea where this expungement

13   of the Surabian claim came from or if it even exists.

14         MR. CHEEMA:  Your Honor, may I?

15         These arguments are all flawed.  The Surabians

16   were never reflected in the books and records of the debtor.

17   They say that they never received a disallowance order

18   expunging their claims and objections, but they did.

19         THE COURT:  Well, I -- I again ask you how did

20   they get on a service list if that is correct.  You say they

21   filed a notice of appearance?

22         MR. CHEEMA:  If you filed a claim in the case or

23   if you filed a notice of appearance.

24         THE COURT:  They filed a claim?

25         MR. CHEEMA:  Right.

1           THE COURT:  What was the amount of the claim?

2           MR. CHEEMA:  I don't recall.

3           THE COURT:  I don't have any of that before me.

4           MR. CHEEMA:  I don't recall.  It was -- they filed

5    a claim in the case as a claimant.

6           THE COURT:  Mr. Surabian, you filed a claim.  What

7    --

8           MR. SURABIAN:  Yeah.  There's --

9           THE COURT:  -- was the amount of the claim?

10          MR. SURABIAN:  There's, I think, nine claims.

11          THE COURT:  And they were based on what?

12          MR. SURABIAN:  Well, on -- on the accounts that we

13   opened with Bernie Madoff.

14          THE COURT:  You got the account numbers?

15          MR. SURABIAN:  You know --

16          THE COURT:  Do you have the account numbers?

17          MR. SURABIAN:  I -- I don't have them with me and

18   I don't know if I have them anymore.

19          THE COURT:  I don't ever see in any of the papers,

20   and you've filed papers before me four or five times --

21          MR. SURABIAN:  I've got --

22          THE COURT:  May I finish?

23          MR. SURABIAN:  Yeah.  Okay.

24          THE COURT:  I don't see any indication of any

25   specific accounts.

1          MR. SURABIAN:  I -- when I filed my claims I

2     attached the account information --

3          THE COURT:  Do you have a copy of your claim?

4          MR. SURABIAN:  I don't have it with me right at

5     this moment.

6          THE COURT:  Does the trustee have a copy of the

7     claims?

8          MR. CHEEMA:  We don't have it here.

9          THE COURT:  I'm going to adjourn this matter

10    because I'm quite concerned over a number of things.

11          No.  I -- actually, I'm going to take it back.

12    I'm going to say, based upon the record before me, there's

13    no cause shown here for incompetence or prejudice by the

14    trustee against you, sir.

15          The issue of whether or not you have a claim is a

16    separate issue entirely.  The only thing that's before me

17    today is whether the trustee has been removed -- should be

18    removed and, clearly, no grounds are being shown by you.  If

19    the trustee is -- is -- had made a mistake or a scrivener's

20    error put you or listed you incorrectly as a customer,

21    that's not necessarily before me.  But the main grounds that

22    I'm dealing with today is whether or not the trustee should

23    be removed.  Certainly, you haven't shown that.

24          At best you said maybe there is -- they or their

25    agent improperly listed you or list -- or should have listed

1   you more appropriately, or this is not a listing as a matter

2   of scheduling, but surely it has absolutely nothing at all

3   to do with the allegation motion, nor does it have to do

4   with the competency of the trustee to administer this

5   particular estate.

6           MR. SURABIAN:  Can I ask a question?

7           THE COURT:  Sure.

8           MR. SURABIAN:  Because I'm pro se, now how do I

9   get it back before the Court to --

10          THE COURT:  I can't help you.  If there's enough

11  money involved, it would seem to me you might be better off

12  hiring a lawyer.

13          MR. SURABIAN:  Lawyers want money now.  I don't

14  have money now.

15          THE COURT:  Well, although you are pro se, the

16  papers that you filed do have a high degree of plausibility

17  in that they seem to raise issues -- they file a legal

18  format and they almost indicate that you've had legal

19  training.  I don't know if you have or not.  But, certainly,

20  you haven't demonstrated in any way cause for the removal of

21  the trustee.

22          You may disagree with the trustee's findings with

23  respect to your claims or the handling of those particular

24  matters, but this is an estate issue and you are standing

25  before me based upon the trustee's allegation motion saying

Page 17

1   that he ought to be thrown out and fired because you're not

2   on a distribution list.  That's not grounds for the removal

3   of the trustee.

4           MR. SURABIAN:  Even though I'm -- even though --

5   even if it was proven that I was a customer and he's not

6   paying me, he -- he -- that's fine and that's the bottom

7   line?

8           THE COURT:  He has duties as a trustee in

9   connection with the estate and nothing that you've

10  demonstrated here shows that he is incompetent --

11          MR. SURABIAN:  Could I --

12          THE COURT:  -- in dealing with those duties.  You

13  haven't shown appropriate cause for removal of the trustee.

14          MR. SURABIAN:  Could I ask the Court, though, to

15  show me, you know, or have them send me information which

16  shows that the Surabians' claim was expunged as he claims it

17  was?

18          THE COURT:  Sir, I asked you a simple question and

19  you didn't even respond to it.  You come to me and you tell

20  me you have claims.  I ask you details on those claims.  You

21  don't have them.

22          MR. SURABIAN:  Well, I didn't -- as the customer,

23  I was --

24          THE COURT:  Your motion is denied.

25          MR. SURABIAN:  -- listed on the --

Page 18

```
 1                THE COURT:  Your motion is denied, sir.

 2                MR. SURABIAN:  Yeah.  So this -- okay.

 3                THE COURT:  Thank you.

 4                MR. SURABIAN:  But I'm trying to get -- see where

 5     I --

 6                THE COURT:  It is so ordered.

 7                MR. SURABIAN:  -- where I go from here.  I don't

 8     -- if the motion -- if he's still the trustee, how do I get

 9     my claim -- if they -- I don't even believe my claim was

10     expunged.

11                THE COURT:  That's not an issue before me.

12                MR. SURABIAN:  Well --

13                THE COURT:  Your motion to have the trustee

14     removed is denied, sir.

15                MR. SURABIAN:  Okay.

16                THE COURT:  There have been no grounds shown for

17     that.

18                Thank you.  It is so ordered.

19                MR. CHEEMA:  Thank you, Your Honor.

20                Can I approach with the order?

21                THE COURT:  Have you shown him a copy of the order

22     that you're proposing?

23                MR. SURABIAN:  What order was that?

24                THE COURT:  The order denying your motion.

25                MR. SURABIAN:  Oh.
```

Page 19

1          THE COURT:  Do you have a copy for the Court?

2          MR. CHEEMA:  I don't.  I just have it on a disc.

3          THE COURT:  May I see the hard copy that you're

4    showing to your adversary?

5          It's a simple order.  I will entertain it and

6    enter that order.

7          MR. CHEEMA:  Thank you, Your Honor.

8          THE COURT:  Thank you, all.

9          Would you give it back to Mr. Surabian, please?

10         MR. CHEEMA:  Certainly.

11         THE COURT:  Thank you, all.

12         MR. BELL:  Thank you, Your Honor.

13        (Whereupon these proceedings were concluded at 10:39

14   a.m.)

15

16

17

18

19

20

21

22

23

24

25

1                              I N D E X

2

3                              RULINGS

4    DESCRIPTION                              PAGE        LINE

5

6    Steven & Richard Surabian Motion to

7    Remove Irving Picard as Trustee          15          11

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1               C E R T I F I C A T I O N

2

3    I, Sherri L. Breach, CERT*D-397, certified that the

4    foregoing transcript is a true and accurate record of the

5    proceedings.

6    Sherri L          Digitally signed by Sherri L
                        Breach
7    Breach            DN: cn=Sherri L Breach, o, ou,
                        email=digital1@veritext.com,
                        c=US
8                       Date: 2012.11.15 12:11:46 -05'00'

     SHERRI L. BREACH

9

     AAERT Certified Electronic Reporter & Transcriber

10

     CERT*D -397

11

12

13

     Veritext

14

     200 Old Country Road

15

     Suite 580

16

     Mineola, NY 11501

17

     Date:  April 10, 2012

18

19

20

21

22

23

24

25