STIM & WARMUTH, P.C.
2 Eighth Street
Farmingville, NY 11738
Telephone: 631-732-2000
Facsimile: 631-732-2662
Paula J. Warmuth
Glenn P. Warmuth

Attorneys for Claimant


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------x
SECURITIES INVESTOR PROTECTION              Adv. Proc. No.
CORPORATION,                                08-01789 (BRL)

        Plaintiff,                  SIPA LIQUIDATION

  v.                                    (Substantively
                                                      Consolidated)
BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

        Defendant.
-------------------------------------x
In Re:

BERNARD L. MADOFF,

        Debtor.
-------------------------------------x

**MEMORANDUM OF LAW IN OPPOSITION TO TIME-BASED DAMAGES MOTION**

i

# **Table of Contents**

**Page**

Table of Cases and Statutes . . . . . . . . . . . . . . . . . iii

I.     Introduction . . . . . . . . . . . . . . . . . . . . . 1

II.    Preliminary Statement . . . . . . . . . . . . . . . . 1

III.   Argument . . . . . . . . . . . . . . . . . . . . . . . 1

       A.  Customer's Net Equity Should Be Adjusted For
           Interest Or Inflation . . . . . . . . . . . . . . 1

IV.    Conclusion . . . . . . . . . . . . . . . . . . . . . . 4

<mark hidden>
<mark hidden>
</mark>

<mark hidden>
</mark>

<mark hidden>
</mark>

<mark hidden>
</mark>

<mark hidden>
</mark>

<mark hidden>
</mark>

<mark hidden>
</mark>

<mark hidden>
</mark>

<mark hidden>
</mark>

<mark hidden>
</mark>

<mark hidden>
</mark>

<mark hidden>
</mark>

<mark hidden>
</mark>

**Table of Cases and Statutes**

**Cases**                                                                                            **Page**

*In Re:  Bernard L. Madoff Investment Securities LLC Debtor*,
654 F.3d 229, 2011 WL 3568936 (2d Cir. 2011) . . . . . . 2

*Rolf v. Blyth, Eastman Dillon & Co., Inc.*,
637 F.2d 77 (2d Cir. 1980) . . . . . . . . . . . . . . . 3

**Statutes**

15 U.S.C. § 78fff-2(c)(1)(B ). . . . . . . . . . . . . . 1

**Other Authorities**

Rule 10b-5 . . . . . . . . . . . . . . . . . . . . . . . 3

## I. INTRODUCTION

The claimant, Michael Most (IRA) customer claim no. 002158 ("Michael Most"), respectfully submits this memorandum of law in opposition to the Trustee's motion for an order affirming the Trustee's calculations of net equity and denying time-based damages.

## II. PRELIMINARY STATEMENT

Michael Most had a securities account at BLMIS. He timely filed a customer claim. The docket number for his Objections to the Trustee's Determination of Claim is 1873 filed February 8, 2010 (exhibit A). Annexed to said Objections as exhibit A is the Notice of Trustee's Determination of Claim. Table 1 in such Notice shows that Michael Most started depositing money into his BLMIS brokerage account in 1992. In the 1990's, Michael Most deposited $2,699,635.50 into his BLMIS brokerage account. He did not start taking quarterly withdrawals of $50,000 from his IRA account until 2004.

## III. ARGUMENT

### A. CUSTOMER'S NET EQUITY SHOULD BE ADJUSTED FOR INTEREST OR INFLATION

Michael Most is a customer of BLMIS. Under a SIPA liquidation, each customer shares ratably in the fund of customer property to the extent of the customer's net equity. 15 U.S.C. § 78fff-2(c)(1)(B). The Trustee in this liquidation

most-136

calculated each customer's net equity using the "Net Investment Method" which credited the amount deposited less the amounts withdrawn. This method was affirmed by the Court of Appeals. *In re Bernard L. Madoff Inv. Secs. LLC,* 654 F.3d 229, 2011 WL 3568936 (2d Cir. 2011).

However, the Second Circuit in *Madoff, supra,* did not reach the issue of whether a customer's net equity claim should be adjusted to account for inflation or interest. This was because the Bankruptcy Court specifically limited consideration on the net equity issue to whether it was "cash in/cash out" or the balance on the customer's last statement (Order Scheduling Adjudication of "Net Equity" Issue dated September 16, 2009, docket no. 437, and Letter Endorsement dated September 14, 2009, docket no. 438). The Second Circuit recognized that in footnote 6 as follows:

> We express no view on whether the Net Investment Method should be adjusted to account for inflation or interest, an issue on which the bankruptcy court has not yet ruled and which is not before us on this interlocutory appeal.

The Second Circuit noted in footnote 4 of its decision in *Madoff, supra,* that the "SEC further argued that the Net Investment Method should be applied using inflation-adjusted dollars."

The SEC in its memorandum of law supporting the Trustee's determination that the net equity should not be based on

2

customer statements made the following argument in support of adjusting customer claims for inflation (docket no. 1052). The SEC stated:

> The Commission believes, however, that in determining customer claims under the cash-in/cash-out method, the amount of the payment should be calculated in constant dollars by adjusting for the effects of inflation (or deflation). Because customers will be receiving *pro rata* distributions from the limited pool of assets recovered for the BLMIS estate, calculating claims in constant dollars treats all investors fairly by taking into account the economic reality that a dollar invested in 2008 has a different value than a dollar invested twenty years earlier.

Michael Most should also get interest because it is undisputed that he was defrauded by BLMIS. The remedy for securities fraud under Rule 10b-5 can include interest. The reasons for this are explained by the Second Circuit in *Rolf v. Blyth, Eastman Dillon & Co., Inc.,* 637 F.2d 77 (2d Cir. 1980):

> An award of prejudgment interest is in the first instance, compensatory, and is customary in cases involving a breach of fiduciary duties. *See Norte & Co. v. Huffines,* 416 F.2d 1189, 1191 (2d Cir. 1969), *cert. denied,* 397 U.S. 989, 90 S.Ct. 1121, 25 L.Ed.2d 396 (1970). Rolf has not had the use of the principal sum in the nine years since Yamada defrauded him with Stott's assistance. In view of the high inflation rates that beset this period, a damage award without prejudgment interest (or, indeed, even one that does include it) would not give Ralf full compensation for the losses he suffered at the hands of his fiduciary.
>
> In addition to the compensatory principle, awards of prejudgment interest are governed by fundamental considerations of fairness. *Blau v. Lehman,* 368 U.S. 403, 414, 82 S.Ct. 451, 457, 7 L.Ed.2d 403 (1962); *Norte & Co. v. Huffines,* 416 F.2d at 1191.

3

**IV. CONCLUSION**

In conclusion, the Trustee's motion for an order affirming the Trustee's calculations of net equity and denying time-based damages should be denied. Fundamental fairness requires that Michael Most's customer claim be adjusted for inflation or interest. He invested substantially in the 1990's and only made small periodic withdrawals starting in 2004. Without this adjustment, he will not be fairly compensated when compared with short term investors.

Dated:  Farmingville, NY

       December 3, 2012

                STIM & WARMUTH, P.C.

                By:/s/_____
                PAULA J. WARMUTH
                Attorney for Claimant, Michael Most
                2 Eighth Street
                Farmingville, NY 11738
                Telephone:  631-732-2000
                Facsimile:  631-732-2662
                Paula J. Warmuth
                Email:  pjw@stim-warmuth.com
                Glenn P. Warmuth
                Email:  gpw@stim-warmuth.com