Josephine Wang
General Counsel
SECURITIES INVESTOR PROTECTION
 CORPORATION
805 15TH Street, N.W., Suite 800
Washington, DC  20005
Telephone: 202-371-8300
E-mail: jwang@sipc.org

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| SECURITIES INVESTOR PROTECTION ) <br>  CORPORATION, ) <br> ) <br> Plaintiff-Applicant, ) <br> ) <br> v. ) <br> ) <br> BERNARD L. MADOFF INVESTMENT ) <br> SECURITIES LLC, ) <br> ) <br> Defendant ) <br> ) <br> IN RE: ) <br> ) <br> BERNARD L. MADOFF, ) <br> ) <br> Debtor ) <br> ) | Adv. Pro. No. 08-01789 (BRL) <br><br> SIPA Liquidation <br><br> (Substantively Consolidated) |

**RECOMMENDATION OF THE**
**SECURITIES INVESTOR PROTECTION CORPORATION**
**IN SUPPORT OF APPLICATIONS OF INTERNATIONAL SPECIAL COUNSEL**
**TO IRVING H. PICARD, TRUSTEE, FOR**
**<u>INTERIM OR FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES</u>**

Eleven international special counsel to Irving H. Picard, Esquire, as trustee ("Trustee")

for the substantively consolidated liquidation proceedings of Bernard L. Madoff Investment

Securities LLC ("BLMIS" or "Debtor") and Bernard L. Madoff ("Madoff"), have filed their applications ("Applications") for allowance of interim compensation under the Securities Investor Protection Act, 15 U.S.C. section 78aaa et seq. ("SIPA"). Pursuant to section 5(b)(5)(C) of SIPA, 15 U.S.C. §78eee(b)(5)(C), SIPC submits this recommendation in support of the Applications. The grounds for this recommendation are as follows:

1.     Nine of the Applications involve the period from February 1, 2012 through June 30, 2012 ("Compensation Period"). One Application involves the Compensation Period, as well as a prior period of October 1, 2011 through October 31, 2011. Another Application is a final Application and seeks compensation for the period from February 1, 2012 through April 30, 2012 ("Attias Compensation Period"), as well as a release of the holdback of fees on the firm's prior Applications to the Court. As detailed in the Applications, international special counsel have rendered a range of services to the administration of the estate during this time. The liquidation proceeding has progressed to a point where the Trustee has reviewed and issued determinations for almost all of the filed customer claims. The completion of administration will require international special counsel to assist the Trustee in (1) continuing with the marshaling of the assets of the estate; and (2) dealing with such other matters as they may be called upon to resolve.

2.     The international special counsel who have filed Applications and the geographic locations where they represent the Trustee are: Taylor Wessing ("Taylor Wessing") and Mishcon de Raya ("Mishcon") (England, Wales, and other United Kingdom jurisdictions); Eugene F. Collins ("Collins") (Ireland); Higgs & Johnson (formerly Higgs Johnson Truman Bodden & Co.) ("Higgs") (Cayman Islands); Schiltz & Schiltz ("Schiltz") (Luxembourg); Attias & Levy (Gibraltar); Graf & Pitkowitz Rechtsänwalte GMBH ("Graf") (Austria); Williams Barristers &

Attorneys ("Williams") (Bermuda); Browne Jacobson ("Browne") (U.K Conflicts Counsel); SCA Creque ("SCA") (British Virgin Islands ("BVI")); Werder Vigano ("Werder") (Switzerland); UGGC & Associés ("UGGC") (France); and Soroker-Agmon ("Soroker") (Israel).

3. SIPC, by its staff, has carefully evaluated the Applications for compensation. This has included analyzing the detailed reports of time spent and services rendered as set forth in the applications and the exhibits thereto. SIPC also has consulted closely with the Trustee and his counsel (Baker & Hostetler LLP) regarding the need for the services of international special counsel, the nature and scope of services rendered by them, and the fees and reimbursement of costs sought by them. The detailed reports of services reflect the following totals of hours expended by international special counsel during the Compensation Period in the performance of their duties: Taylor Wessing – 6,155.8 hours (adjusted to 6,136.1 hours); Collins – 4.5 hours; Higgs – 210.2 hours; Schiltz – 86.6 hours; Graf – 1,370.7 hours; Williams – 636.6 hours (adjusted to 634.7 hours); Browne Jacobson – 173.1 hours; SCA – 206.6 hours; Werder – 63.1 hours; Attias – 43.6 hours; UGGC – 211.5 hours; and Soroker-Agmon – 1,122.5 hours.

4. In reviewing the Applications, SIPC considered the requirements and standards for an application set forth in 15 U.S.C. §78eee(b)(5), the relevant sections of the Bankruptcy Code, and the Administrative Order re Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases. SIPC believes that the Applications substantially comply with the applicable law and this District's Administrative Order.

5. Based upon an average discounted hourly rate of $475.25, Taylor Wessing asserts the adjusted reasonable value of its discounted services with the VAT is $2,916,190.74 and requests allowance of 80% in the amount of $2,332,952.43 and reimbursement of expenses with the VAT in the amount of $1,211,136.84 incurred from January 1, 2012 through June 30, 2012.

6. Based on an average discounted hourly rate of $387.00, Collins asserts the reasonable value of its discounted services is $1,741.50, and requests allowance of 80% in the amount of $1,393.20, and reimbursement of expenses in the amount of $213.05 incurred from February 1, 2012 through June 30, 2012.

7. Based upon an average discounted hourly rate of $523.29, Higgs asserts the reasonable value of its discounted services is $109,995.75, and requests allowance of 80% in the amount of $87,996.60, and reimbursement of expenses in the amount of $13,189.15 incurred from February 1, 2012 through June 30, 2012.

8. Based upon an average discounted hourly rate of $525.52, Schiltz asserts the reasonable value of its discounted services is $45,509.76 and requests allowance of 80% in the amount of $36,407.81, and reimbursement of expenses in the amount of $2,958.15 incurred from February 1, 2012 through June 30, 2012 and October 1, 2011 to October 31, 2011.

9. Based upon an average discounted hourly rate of $479.05, Graf asserts the reasonable value of its discounted services is $656,636.18 and requests allowance of 80% in the amount of $525,308.95, and reimbursement of expenses in the amount of $30,701.66 incurred from February 1, 2012 through June 30, 2012.

10. Based upon an average discounted hourly rate of $517.83, Williams asserts the adjusted reasonable value of its discounted services is $328,668.12 and requests allowance of 80% in the amount of $262,934.50, and no reimbursement of expenses incurred from February 1, 2012 through June 30, 2012.

11. Based on an average discounted hourly rate of $424.50, Browne asserts the reasonable value of its discounted services is $73,480.81, and requests 80% in the amount of

4

$58,784.65 and reimbursement of expenses in the amount of $12.65 incurred from February 1, 2012 through June 30, 2012.

12.    Based upon an average discounted hourly rate of $553.17, SCA asserts the reasonable value of its discounted services is $114,284.97, and requests allowance of 80% in the amount of $91,427.98, and reimbursement of expenses in the amount of $1,993.00 incurred from February 1, 2012 through June 30, 2012.

13.    Based on an average discounted hourly rate of $484.71, Werder asserts the reasonable value of its discounted services is $30,585.15, and requests allowance of 80% in the amount of $24,468.12 and no reimbursement of expenses incurred from February 1, 2012 through June 30, 2012.

14.    Based on an average discounted hourly rate of $294.33, Attias asserts the reasonable value of its discounted services is $12,832.49, and requests allowance of that amount and reimbursement of expenses in the amount of $1,279.73 incurred from February 1, 2012 through April 30, 2012 ("Attias Compensation Period").  Attias has ceased to act as special counsel for the Trustee.  Attias seeks payment of the 20% holdback applied to its prior interim applications for the period from April 7, 2009 through January 31, 2012 in the amount of $260,019.66.

15.    Based upon an average discounted hourly rate of $401.11, UGGC asserts the reasonable value of its discounted services is $84,834.98, and requests allowance of 80% in the amount of $67,867.99 and no reimbursement of expenses incurred from February 1, 2012 through June 30, 2012.

16.    Based upon an average discounted hourly rate of $323.68, Soroker asserts the reasonable value of its discounted services with the 17% VAT is $425,091.79, and requests

5

allowance of 80% in the amount of $340,073.44, and reimbursement of expenses in the amount of $3,445.07 incurred from February 1, 2012 through June 30, 2012.

17. Generally, SIPC has no objection to the allowance of such interim compensation as the Court may deem appropriate once the liquidation proceeding has progressed to a point where a customer claims process is established and operational and significant work has been performed, and upon consideration of the potential hardship to the applicant. In this liquidation proceeding, a customer claims process has been established and is operational and significant work has been performed.

18. Section 5(b)(5)(A) of SIPA, 15 U.S.C. § 78eee(b)(5)(A), provides that the Court shall "grant reasonable compensation for services rendered… by a trustee, and by the attorney for such a trustee, in connection with a liquidation proceeding." SIPA § 5(b)(5)(C), 15 U.S.C. § 78eee(b)(5)(C), sets forth the standard for the Court's determination of applications for allowances of compensation and reimbursement in SIPA cases. The section provides:

> Whenever an application for allowances is filed pursuant to subparagraph (B), SIPC shall file its recommendation with respect to such allowances with the court prior to the hearing on such application and shall, if it so requests, be allowed reasonable time after such hearing within which to file a further recommendation. <u>In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC</u>. In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendation of SIPC. [emphasis added]

19. In a SIPA proceeding, administrative costs and expenses, which include trustee and counsel fees and expenses, are to be borne by the general estate. SIPA § 5(b)(5)(E), 15 U.S.C. § 78eee(b)(5)(E). To the extent the estate is not sufficient, SIPC advances funds for their

payment. SIPA §§ 5(B)(5)(E), 6(e), and 9(b)(2), 15 U.S.C. §§ 78eee(b)(5)(E), 78fff(e), and 78fff-3(b)(2).

20. In this case, the Court has been advised that the Trustee has "no reasonable expectation that the general estate will be sufficient to make any distribution to general creditors or pay any administrative expenses." (Tenth Application of Trustee and Baker and Hostetler LLP at 81, ¶276.) Thus, any allowances for fees and expenses of international special counsel will be paid by SIPC without any expectation of recoupment by SIPC. Furthermore, there is no difference between the amounts requested by international special counsel and the amounts recommended by SIPC. Consequently, SIPA provides that this Court shall award international special counsel the amounts recommended by SIPC.

21. Resolution of outstanding matters in the liquidation proceeding will delay the completion of this proceeding. SIPC respectfully submits that an allowance of interim compensation is appropriate at this time. An interim allowance does not involve a determination as to the actual reasonable value of the services in question. It is merely a payment on account of the final allowance and does not imply that the Court or SIPC has approved the value which special counsel have placed on their services. The amounts sought do not exceed the sums the Court might reasonably award as final compensation for the services rendered. Accordingly, SIPC supports allowance of the interim Applications.

22. SIPC also supports the payment of the Application by Attias for final payment of (i) both the fees and expenses incurred in the Attias Compensation Period and (ii) the payment of the 20% holdback of $260,019.66 on Attias's prior interim Applications for the period from its appointment on April 7, 2009 through January 31, 2012. Thus, SIPC supports the total payment

7

of $272,852.15 to Attias as final compensation and $1,279.73 as final reimbursement of expenses.

WHEREFORE, SIPC respectfully recommends that: (1) interim compensation in the amount of $2,332,952.43 sought by Taylor Wessing and reimbursement of $1,211,136.84 of expenses; (2) interim compensation in the amount of $1,393.20 sought by Collins and reimbursement of $213.05 of expenses; (3) interim compensation in the amount of $87,996.60 sought by Higgs and reimbursement of $13,189.15 of expenses; (4) interim compensation in the amount of $36,407.81 sought by Schiltz and reimbursement of $2,958.15 of expenses; (5) interim compensation in the amount of $525,308.95 sought by Graf and reimbursement of $30,701.66 of expenses; (6) interim compensation in the amount of $262,934.50 sought by Williams and no reimbursement of expenses; (7) interim compensation in the amount of $58,784.65 sought by Browne and reimbursement of $12.65 of expenses; (8) interim compensation in the amount of $91,427.98 sought by SCA and reimbursement of $1,993.00 of expenses; (9) interim compensation in the amount of $24,468.12 sought by Werder and no reimbursement of expenses; (10) interim compensation in the amount of $67,867.99 sought by UGGC and no reimbursement of expenses; (11) interim compensation in the amount of $340,073.44 sought by Soroker and reimbursement of $3,445.07 of expenses, be allowed; and (12) final compensation in the amount of (a) $12,832.49 for fees and (b) the release of the 20%

holdback of $260,019.66 in fees sought by Attias and the reimbursement of $1,279.73 of expenses, be allowed.

Date:   December 14, 2012
        Washington, D.C.

                                      Respectfully submitted,

Of Counsel:                             __/s/Josephine Wang_____
KEVIN H. BELL                      JOSEPHINE WANG
Senior Associate General Counsel    General Counsel
 For Dispute Resolution            SECURITIES INVESTOR
E-mail: kbell@sipc.org              PROTECTION CORPORATION
                                           805 15TH Street, N.W.
                                           Suite 800
                                           Washington, D.C.  20005-2215
                                           Telephone: (202) 371-8300
                                           Facsimile:  (202) 371-6728
                                           E-mail: jwang@sipc.org