**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---

SECURITIES INVESTOR PROTECTION
CORPORATION,
        Plaintiff,

v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,
        Defendant.  /

In re:

BERNARD L. MADOFF,
        Debtor.  /

Adv. Pro. No. 08-01789 (BRL)

SIPA Liquidation

(Substantively Consolidated)

### STATEMENT OF ISSUES AND DESIGNATION OF THE CONTENTS OF THE RECORD ON APPEAL BY CUSTOMERS OF BERNARD L. MADOFF SECURITIES LLC, AND BERNARD L. MADOFF FROM ORDERS ENTERED BY THE BANKRUPTCY COURT

Steven Surabian, Richard Surabian and Martin M. Surabian (Surabians) as customers of Bernard L. Madoff Investment Securities LLC, hereby submit the following statement of issues to be presented and designation of record items to be included in the record on appeal to the United States District Court for the Southern District of New York in connection with the Notice of Appeal filed by the Surabians in the above-captioned case on November 30, 2012.

### STATEMENT OF ISSUES ON APPEAL

1. Did the Bankruptcy Court err in including Martin M. Surabian in the Order when he did not file the Motion to Remove the Trustee.

2. Did the Bankruptcy Court err in Denying Motion to Remove Irving H. Picard as Trustee.

3. Did the Bankruptcy Court err in Denying Motion to Remove Irving H. Picard as Trustee by

determining, among other things:

> (a) The Surabians have not shown cause for implementing the extreme remedy of removing the Trustee, as they have failed to set forth specific facts in support thereof, either in their papers or at hearing, and have made only unsupported, conclusory allegations of prejudice on the part of the Trustee, and;
>
> (b) at most, the Surabians have shown that they disagree with the Trustee's treatment of their claims, which clearly does not raise to the level of demonstrating cause for removal of the Trustee.

4. Did the Bankruptcy Court err in concluding non payment of customers does not cause implementing the extreme remedy of Removing the Trustee.

5. Did the Bankruptcy Court err in concluding a Trustee lying to the Court about customers being customers or lying to the Court that the Court had concluded customers were not customers when the Court never ruled on such was only conclusory allegations of prejudice on the part of the Trustee.

6. Did the Bankruptcy Court err in concluding that even though the Trustee Motioned the Court the intent of payments to customers when knowing full well the Trustee never intended on making payments was not cause for implementing the extreme remedy of removing the Trustee.

7. Did the Bankruptcy Court err when the Trustee admitted he did not like the Surabians objections to settlements and distribution of monies and wanted the Court to stop the Surabians from their rights by claiming they now were not customers when they are listed under SIPC as being customers entitled to the same treatment as all other customers, by concluding the

Surabians did not show cause for implementing the extreme remedy of removing the Trustee.

## DESIGNATION OF RECORD ITEMS FOR APPEAL

1. Notice of Appeal filed November 30, 2012.

2. Transcript of November 14, 2012 hearing.

3. Order Denying Motion to Remove Irving H. Picard as Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff.

4. Notice of Hearing Date.

5. SIPC's Memorandum of Law of the Securities Investor Protection Corporation in Support of Trustee's Motion for an Order Affirming Trustee's Calculations of Net Equity and Denying Time-Based Demands with certificate of Service.

6. Notice of Appeal of Judge Lifland Tr. 21:6 August 22, 2012 Order Approving Second Interim Distribution to Customers filed by David J. Sheehan Filed 7/26/2012 Docket No. 4930.

7. Steven Surabian and Richard Surabian's Reply to Trustee's Objection to Motion to Remove Irving H. Picard as Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff.

8. Trustee's Objection to Motion To Remove Irving H. Picard as Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff.

9. Trustee's Reply to Objections to Trustee's Motion for an Order to Schedule Hearing on

Time- Based Damages Issues.

10. Notice of Motion to Remove Irving H. Picard as Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff.

11. Richard Surabian and Steven Surabian's Motion to Remove Irving H. Picard as Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff.

12. SIPC's Memorandum of Law of the Securities Investor Protection Corporation in Support of Trustee' Motion for an Order Approving Second Allocation of Property to the Fund of Customer Property and Authorizing Second Interim Distribution to Customers, with Certificate of Service.

13. Trustee's Reply to Objections to Trustee's Motion for an Order Approving Second Allocation of Property to the Fund of Customer Property and Authorizing Second Interim Distribution to Customers.

14. Steven Surabian, Richard Surabian and Martin M. Surabian's Objection Authorizing Second Interim Distribution to Customers.

15. Notice of Motion For an Order Approving Second Allocation of Property to the Fund of Customer Property and Authorizing Second Interim Distribution to Customers.

16. Motion for an Order Approving Second Allocation of Property to the Fund of Customer Property and Authorizing Second Interim Distribution to Customers.

17. Affidavit of Matthew Cohen in Support of the Trustee's motion for an Order Approving the Second Allocation of property to the Fund of Customer Property and Authorizing Second

Interim Distribution to Customers.

18. Martin M. Surabian, Richard Surabian and Steven Surabian's Objection to Trustee's Motion for Scheduling order and Objection to Trustee's Motion Affirming Denial of Time-Based Damages Adjustment to Customer Claims.

19. Motion for Order Scheduling Hearing on Trustee's Motion Affirming Denial of Time-Based Damages Adjustment to Customer Claims.

20. Claimants Objection to Trustee's Response to Objection of Claimants Steven Surabian, Richard Surabian and Martin M. Surabian to Approval of a Settlement Between the Trustee and Trotanoy Investment Company, LTD.

21. Opposition to Motion for Entry Order Approving A settlement Agreement by and Between the Trustee and Trotanoy Investment Company, LTD.

22. Notice of and Motion for Entry of Order Pursuant to Section 105(a) of the Bankruptcy code and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure Approving a Settlement agreement by and Between the Trustee and Trotanoy Investment Company, LTD.

23. SIPC's (1) Memorandum of Law of the Securities Investor Protection Corporation in Support of Trustee's Motion for an Order Affirming Trustee's Determination Denying Claims Over ERISA Related Objections; (2) Sur-Reply of the Securities Investor Protection Corporation in Support of Trustee's Motion for an Order Affirming Trustee's Determination Denying Claims Over ERISA Related Objections; and (3) notice of electronic filing thereof.

24. Claimants Objection to the Motion, Claim #'s 001895, 001897, 001949, 001896, 002185, 002186, 001802 and 003367 Object to the Plaintiff's Motion to the entry of an order, (i) approving that certain Agreements by and between the Trustee on one hand and Barbara

Picower, as executor of the estate of Jeffry M. Picower, and on behalf of certain other related entities and their accounts maintained at BLMIS on the other hand, and (ii) enjoining customers or creditors of BLMIS, who filed or could have filed claims in the liquidation, from asserting certain claims, as more particularly set forth in the Trustee's supporting Memorandum of Law. Received by court on 01/03/2011.

*[signature]*
Steven Surabian Pro se
1230 Rt. 28
S. Yarmouth, MA 02664
(508) 688-4613

*[signature]*
Richard Surabian Pro se
PO Box 397
W. Hyannisport, MA 02672
(508) 579-9834

*[signature]*
Martin M. Surabian Pro se
PO Box 397
W. Hyannisport, MA 02672

Date; December 12, 2012