# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

December 12, 2012

David J. Sheehan
direct dial: 212.589.4616
dsheehan@bakerlaw.com

**VIA ELECTRONIC AND
OVERNIGHT MAIL**

Honorable Burton R. Lifland
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408
brl.chambers@nysb.uscourts.gov

Re:    *Non-Claimants' Request to File Motion to Intervene in Trustee's Time-Based Damages Motion*

Dear Judge Lifland:

We are writing on behalf of the trustee, Irving H. Picard (the "Trustee"), for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the estate of Bernard L. Madoff.

We respectfully submit this letter in response to the letter submitted to the Court on December 7, 2012 by Mr. Kirby, seeking leave from the Court to file a motion to intervene in the briefing related to the Trustee's time-based damages motion (the "Motion"), currently scheduled to be heard by the Court on February 13, 2013. Mr. Kirby seeks this relief on behalf of two groups of clients: (i) defendants in avoidance actions filed by the Trustee who did not file claims in the BLMIS liquidation (the "Non-Claimants"), and (ii) defendants in avoidance actions filed by the Trustee who submitted claims to the Trustee but did not object to the determination thereof (the "Non-Objectors"). The Non-Claimants and the Non-Objectors have successfully sought the removal of their avoidance actions to the District Court for the Southern District of New York (the "District Court").

With respect to the Non-Claimants, this Court has already determined that it is not appropriate for such customers to participate in the briefing on the Motion. Your Honor has ruled that customers who have not filed claims do not have standing to participate

Honorable Burton R. Lifland
December 12, 2012
Page 2

in the briefing, and there are no new facts associated with the Non-Claimants' request that would require reconsideration of that decision by the Court.[1]

This Court considered the issues raised by the Non-Claimants in connection with the scheduling hearing for the Motion, which was heard on September 5, 2012. An objection was filed on behalf of certain BLMIS customers who had not filed customer claims (the "Objectors"), among others, seeking authorization to participate in the briefing and oppose the Motion. The Objectors also sought to expand the scope of briefing to include the question of whether the value of the Objectors' antecedent debt defense should be increased for the amount of time they were invested with BLMIS. Like the Non-Claimants, the Objectors were net winners who were defendants in adversary proceedings commenced by the Trustee and who had successfully sought the withdrawal of those actions to the District Court.

The Trustee argued that, because they had not filed a claim, the Objectors did not have standing to participate in the time-based damages briefing. The Trustee noted that even if the Objectors were allowed to participate and were successful in arguing that time-based damages should increase net equity claims, the decision could not be applied to them because they filed no claims upon which a distribution could be made. The Trustee asserted that the only possible way for the Objectors to have standing would be if the Court expanded the scope of the issues being briefed to include defenses under section 548(c) of the Bankruptcy Code, which would be relevant to the Objectors' avoidance actions. However, the Objectors had moved to withdraw the reference to the District Court and a remand order had not yet been issued by the District Court. Thus, if the Court were to consider this issue, there would be a very real possibility of conflict with the District Court's consideration of the antecedent debt defense. (*See* Trustee's Reply to Objections, ECF No. 5001 and Reply to Second HHI Objection, ECF No. 5009.)

The Court noted that the issue before it on the Motion is a narrow one; specifically, whether customers are entitled to any enhancement to the value of their net equity claims for the period of time that their funds were invested with BLMIS. (Hr'g Tr. at 18.) Accordingly, the Court held that (i) it was not appropriate for the Objectors to participate in the briefing on the Motion because they had not filed claims and were well represented by the same counsel making arguments on behalf of other clients who had filed claims, and (ii) the Court would not deal with issues related to the avoidance action and other damages because those matters were before the District Court. (*Id.*) For the same reasons, the Non-Claimants should not be allowed to participate in the briefing on the Motion.

The Non-Claimants attempt to distance themselves from this Court's prior ruling by arguing that the Trustee's position regarding potential overlap between the calculation of net equity for claims purposes and the calculation of value for purposes of asserting a defense to the Trustee's avoidance actions, as set out in the Trustee's opening brief in connection with the Motion [ECF No. 5039], provides a basis for their request to intervene. However, this assertion has absolutely no impact on their standing to be

---

[1] *See* Scheduling Order dated September 5, 2012, ECF. No. 5022; Hr'g Tr. of Sept. 5, 2012 at 17-18.

300266141

Honorable Burton R. Lifland
December 12, 2012
Page 3

heard. Furthermore, this Court has determined it will not decide the antecedent debt issue at this time. The antecedent debt issue will either be determined by the District Court or by this Court following remand – at which time the Objectors should participate.

As a preliminary matter, the language in the Trustee's brief quoted by the Non-Claimants merely identifies the argument that defendants in avoidance actions made, that there should be an adjustment to net equity to account for the passage of time. In fact, the section from which the Non-Claimants quote begins "A Time Based Damages adjustment would undoubtedly be used by defendants as defenses to the Trustee's avoidance actions." (Trustee's Br. at 27.) The Trustee notes that these arguments have been made and the Trustee has and will continue to oppose them. (*Id.* at note 14.) Indeed, this exact antecedent debt argument was raised by all of the Non-Claimants in their District Court brief, of which Mr. Kirby was the lead author.

In any event, the Trustee's position regarding the relationship between the two calculations has no impact on what is actually before this Court on the Motion. As Your Honor has made clear, the Motion will address only the appropriate calculation of net equity for claims purposes and not the antecedent debt issue.

Finally, aside from the fact that because the Non-Claimants have not filed claims, they have no property interest in the outcome of the Motion, the Non-Claimants' assertion that they cannot be adequately represented without directly participating in the Motion is, to say the least, a stretch. Counsel for the Non-Claimants represents numerous net winners against whom the Trustee has commenced adversary proceedings and who have participated in a common brief filed in opposition to the Motion. (*See* Opposition Br. filed Dec. 3, 2012, Sch. A (ECF. No. 5133).) Accordingly, consistent with the prior decision of this Court, the interests of the Non-Claimants will be well-represented and any position that they would take regarding any enhancement to net equity will be articulated and heard. (*See* Hr'g Tr. of Sept. 5, 2012 at 18.)

Like the Objectors and all other BLMIS customers, the Non-Claimants had the opportunity to file a claim in the BLMIS liquidation, which would have given them standing to participate in the Motion, but chose not to do so. While the Non-Claimants frame this as an issue of fairness, there are strategic and legal consequences flowing from electing not to file a claim, both of which impact upon this Court's jurisdiction and/or decision to hear this matter.

Moreover, the Non-Claimants were provided with notice and failed to object to the Trustee's July 17, 2012 scheduling motion. The Non-Claimants should not be permitted to object to the Court's September 5, 2012 scheduling order in excess of two and one-half months after entry of that order. As discussed above, nothing has occurred in the intervening period that has altered the scope of the Motion.

Thus, based on the foregoing and Your Honor's prior decision, the Trustee respectfully requests that the Non-Claimants' request to file a motion to intervene be denied.

Regarding the Non-Objectors, the Trustee is not seeking to prevent them from participating in the briefing on the Motion at this time. The Court did not previously rule

300266141

Honorable Burton R. Lifland
December 12, 2012
Page 4

on this group of customers' standing. The Trustee proposes to deal with their standing in his reply briefing on the Motion. He intends to take the position that, pursuant to the Claims Order, the Trustee's determination of these claims is final. Accordingly, the Non-Objectors failed to preserve their rights to participate in the Motion; though they would of course benefit from any adjustment to their net equity should one be made. At this time, however, given that Mr. Kirby participated in a common opposition brief with other firms who represent clients with standing, it is the Trustee's position that the Court need not address this issue.

The Securities Investor Protection Corporation has informed the Trustee that it has reviewed the foregoing and concurs with the Trustee on the substance thereof.

Respectfully submitted,

David J. Sheehan

cc: Richard Kirby (K&L Gates)
    Josephine Wang (SIPC)
    Kevin Bell (SIPC)

300266141