**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SECURITIES INVESTOR PROTECTION CORPORATION,

    Plaintiff-Applicant,

v.

BERNARD L. MADOFF INVESTMENT SECURITIES LLC,

    Defendant.

In re:

BERNARD L. MADOFF,

    Debtor.

Adv. Pro. No. 08-01789 (BRL)

SIPA LIQUIDATION

(Substantively Consolidation)

JAN − 2 2013

**CUSTOMERS MARTIN M. SURABIAN, RICHARD SURABIAN AND STEVEN SURABIAN'S OBJECTION TO TRUSTEE'S THIRD OMNIBUS MOTION TO EXPUNG CLAIMS AND OBJECTIONS OF CLAIMANTS THAT DID NOT INVEST WITH BLMIS OR IN ENTITIES THAT INVESTED IN BLMIS.**

**NOW COMES** customers of BLMIS, Martin M. Surabian, Richard Surabian and Steven Surabian's Objection to Trustee's Third Omnibus Motion To Expunge claims and Objections of Claimants That Did Not Invest With BLMIS or Entities That Invested In BLMIS. In support is the following:

1. The Objectors Martin M. Surabian, Richard Surabian and Steven Surabian are all proceeding Pro se.

2. The Trustee bases his inclusion of the Surabians as not being customers of BLMIS on the fact the Trustee could find no evidence in the Debtor's books and records indicating that the Claimants actually invested with BLMIS or in entities that invested with BLMIS. See No. 8

of Trustee's Motion.

3. No. 9 of the Trustee's Motion makes claim that the Trustee is authorized to satisfy all customer claims and accounts which agree with the Debtor's Books and records.

4. The Objector disagree with this claim. What the Trustee is claiming that even-though that Debtor/Defendant Bernard L. Madoff is a known lier and has altered his books claiming to have bought and sold hundreds of Billions of dollars worth of securities and stocks when in fact the US Government said he never bought a dollars worth the Trustee is willing to base his payment and this motion on the evidence on the Defendant/ Debtor Bernard L. Madoff records. This indicates that the Trustee never investigated the records of those he intends to pay based on the fact that they are in the records of BLMIS.

5. The Affidavit by Matthew Cohen in support of Trustee's Motion attached as Exhibit B No. 6 only states that after a review of the records have not Identified any BLMIS accounts for which the claims and objections were filed, submitted by or on behalf of those Claimants identified on Exhibit A as attached to the Third Omnibus Motion under the heading "Claims and Objections to be Expunged".

6. The Trustee nor the supporting affidavit of Matthew Cohen shows any attempt of ether to contact the Objectors, the Surabians Martin M., Richard or Steven.

7. The Surabians have in the past objected to settlements and the way the Trustee has conducted himself as Trustee and now feel that even though the Surabians were listed as Customer and as Customers the Trustee intended on distributing monies to, now want the Surabians Expunged so they will not be able to object to the way he conducts himself

including how he as Trustee intends to distribute monies.

8. The Surabians will Motion the Court to have Bernard L. Madoff summoned, subpoenaed to be present during any proceedings or hearings involving the Surabians as customers of BLMIS so Bernard L. Madoff can testify as to the fact that the Surabians did in-fact open accounts directly with him.

9. No. 10 of the Trustee's Motion claims "A proof of claim filed by a party who is not a creditor is not a properly filed proof of claim. *See In re Musicland Holding Corp.*, 362 B.R. 644, 652 (Bankr. S.D.N.Y. 2007) citing *Kahler v. FirstPlus Fin., Inc. (In re FirstPlus Fin., Inc.)* 248 B.R. 60, 70 (Bankr. N.D. Tex. 2000) The Claimants have had ample opportunity to provide the Trustee with credible information to his satisfaction evidencing an investment with BLMIS directly or through another account holder. However, the Claimants have failed to show indicia of any such investment. Accordingly, those persons listed on Exhibit A have not established any relationship, no matter how remote or indirect, to BLMIS". The Trustee never supplied any evidence to support his accusation that the Trustee ever requested this information or that the Objectors were even in dispute as customers by the Trustee prior to the Trustee's filing the Motion to Expunge.

10. The Objectors repeatedly stated even in affidavit form that they opened their accounts directly with Bernard L. Madoff personally, making each of the Surabians direct customers of BLMIS which the Trustee is in possession of. This would be considered at very least "Remote or indirect".

11. The Trustee never supplied any evidence in support of his claim that the the Trustee or Matthew Cohen ever contacted the Surabians seeking proof as their being customers or that

this was requested of all other claimants.

12. Did the Trustee conduct similar requests on all other claimants?

13. What proof other than the fact that Bernard L. Madoff typed up statements for his friends or accomplices listing them as customers, has the Trustee supplied as proof of customers?

14. Did the Trustee supply canceled checks from all customers he intends to pay in the amounts he intends to pay?

15. What has the trustee done to insure that those he intends to pay actually deposed monies in the amount at least equal to or greater than the amounts intended to be paid?

16. Is this Trustee intending to pay some customers that may not be customers with the proceeds of the Surabians monies and monies of third parties that have already been determined not to have a direct claim?

17. The Surabians believe this is a true reason the Trustee wants the Surabians Expunged, so payments can be made to those the Trustee never really obtained credible proof of those being customers or that the amounts intended to be paid were actuarially deposited with BLMIS. The Trustee failed to do his job.

18. The Objectors have a motion to remove the Trustee these and other reasons.

**WHEREFORE** this Court must Deny the Trustee's Motion to Expunge the Surabians as Customers and to Expunge their Objections. Signed under the pains and penalties of perjury.

| _____ | _____ | _____ |
|---|---|---|
| Martin M. Surabian Pro se | Richard Surabian Pro Se | Steven Surabian Pro se |
| P.O. Box 397 | P.O. Box 397 | 1230 Rt. 28 |
| W. Hyannisport, MA 02672 | W. Hyannisport, MA 02672 | S. Yarmouth, MA 02664 |
| | (508) 579-9834 | (508) 688-4613 |

Date: December 27, 2012