# EXHIBIT A

**Declaration of Disinterestedness**

300270933

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. <br> In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | Adv. Pro. No. 08-01789 (BRL) <br><br> SIPA Liquidation <br><br> (Substantively Consolidated) <br><br><br> **DECLARATION OF DISINTERESTEDNESS OF MICHAEL RITTER OF RITTER & RITTER ADVOKATUR AG AS PROPOSED SPECIAL COUNSEL TO TRUSTEE** |

I, Michael Ritter, declare as follows:

1. I am a member of the Bar of Liechtenstein and am admitted to practice as an attorney in Liechtenstein.

2. I am a Partner at the firm of Ritter & Ritter Advokatur AG ("Ritter & Ritter"), a law firm located at Im Mühleholz 1, Postfach 1622, FL – 9490 Vaduz, Liechtenstein.

3. All matters stated herein are known by me to be true except as otherwise stated.

4. By the Order dated December 15, 2008, entered by the Honorable Louis A. Stanton of the United States District Court for the Southern District of New York, Irving H. Picard, Esq. was appointed trustee (the "Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff (the "Debtors"). The Trustee has retained Baker & Hostetler LLP as his

300270933

primary counsel. The Trustee wishes to retain Ritter & Ritter to serve as special counsel to the Trustee in Liechtenstein.

5. Section 78eee(b)(6) of the Securities Investor Protection Act of 1970 ("SIPA") is entitled "Disinterestedness" and provides as follows:

**(6) Disinterestedness**

(A) Standards

For the purposes of paragraph (3), a person shall not be deemed disinterested if:

(i) such person is or was a creditor (including a customer), stockholder, or partner of the debtor;

(ii) such person is or was an underwriter of any of the outstanding securities of the debtor or within five years prior to the filing date was the underwriter of any securities of the debtor;

(iii) such person is, or was within two years prior to the filing date, a director partner, officer, or employee of the debtor or such an underwriter, or an attorney for the debtor or such an underwriter; or

(iv) it appears that such person has by reason of any other direct or indirect relationship to, connection with, or interest in the debtor or such an underwriter, or for any other reason an interest materially adverse to the interests of any class of creditors (including customers) or stockholders,

except that SIPC shall in all cases be deemed disinterested, and an employee of SIPC shall be deemed disinterested if such employee would, except for his association with SIPC, meet the standards set forth in this subparagraph.

(B) Hearing

The court shall fix a time for a hearing on disinterestedness, to be held promptly after the appointment of a trustee. Notice of such hearing shall be mailed at least ten days prior thereto to each person who, from the books and record of the debtor, appears to have been a customer of the debtor with an open account within the past twelve months, to the address of such person as it appears from the books and records of the debtor, and to the creditors and stockholders of the debtor, to SIPC, and to such other persons as the court may designate. The court may, in its discretion, also require that notice be given by publication in such newspaper or newspapers of general circulation as it may designate. At such hearing, at any adjournment thereof, or upon application, the court shall hear objections to the retention in office of a trustee or attorney for a trustee on the grounds that such person is not disinterested.

15 U.S.C. section 78eee(b)(6)

6. In order to determine that Ritter & Ritter is disinterested within the meaning of SIPA section 78 eee(b)(6), I used the firm's conflicts check procedures and practices to determine that, to the best of my knowledge, Ritter & Ritter meets the disinterestedness requirements set forth in SIPA section 78eee(b)(6).

7. In particular, all fee-earners in Ritter & Ritter were sent a standard email on January 16, 2013 in addition to the normal conflict check procedures to determine whether Ritter & Ritter meets the "disinterestedness" requirements.

8. In response to the above email messages no conflict or association with the Debtors was disclosed.

9. Based on these responses and that belief, it appears that Ritter & Ritter meets the disinterestedness standard of section 78eee(b)(6)(A) of SIPA, as well as under Bankruptcy Code Section 327(a) and Federal Rule of Civil Procedure 2014(a) and has no conflict nor an interest materially adverse to the Debtors.

10. As a result, to the best of my knowledge, information and belief, I have been able to determine that:

   (A) No fee-earner of Ritter & Ritter is a creditor (including customer), stockholder, or partner of the Debtors;

   (B) No fee-earner of Ritter & Ritter is or was an underwriter of any of the outstanding securities of the Debtors or within five years prior to the filing date was the underwriter of any securities of the Debtors;

300270933

(C) No fee-earner of Ritter & Ritter is or was within two years prior to the filing date, a director, partner officer or employee of the Debtors or such an underwriter or any attorney for the Debtors or such an underwriter; and

(D) No fee-earner of Ritter & Ritter has, by reason of any other direct or indirect relationship to, connection with, or interest in the Debtors or such an underwriter, or for any other reason, an interest materially adverse to the interest of any class of creditors (including customers) or stockholders.

11. I understand that the Trustee and SIPC are continuing to research and analyze the books and records of the Debtors. As a result, additional information may be discovered that may be relevant to the instant Declaration. I understand that Ritter & Ritter has a continuing duty to disclose any subsequently discovered information and/or connections within the meaning of 15 U.S.C. section 78eee(b)(6) of SIPA, and I will supplement this Declaration as appropriate.

I declare under penalty of perjury that the foregoing is true and correct and if called on as a witness I could testify competently thereto.

Executed on the 16 of January, 2013 at Vaduz, Liechtenstein.

Michael Ritter

300270933