**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |

**AMENDED TIME-BASED DAMAGES SCHEDULING ORDER**

By Notice of Presentment dated January 15, 2013, Irving H. Picard, trustee ("**Trustee**") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff, by and through his counsel, sought an order amending this Court's September 5, 2012 Order [ECF No. 5022] ("**September Scheduling**

**Order**")[1] scheduling a hearing and a briefing schedule regarding consideration of the issue of recalculation of account balances based on an interest factor or a constant dollar adjustment (collectively referred to herein as the "**Time-Based Damages Issue**"); this Court having been informed that on December 17, 2012 certain parties calling themselves the "Customer Group" (collectively, the "**Discovery Parties**") have requested discovery (the "**Discovery Requests**") from the Trustee and his professionals in connection with the Time-Based Damages Issue which discovery was not addressed under the September Scheduling Order; and the Trustee having met and conferred with the Discovery Parties regarding their requests; the Trustee and the Discovery Parties have requested amendment of the September Scheduling Order as set forth below to accommodate such discovery, but the Trustee and Discovery Parties reserving all rights, claims and defenses in connection therewith; and the Court having jurisdiction to consider the relief requested herein in accordance with section 78eee(b)(4) of the Securities Investor Protection Act ("**SIPA**"), 15 U.S.C. § 78aaa, *et seq.*, the Protective Decree entered on December 15, 2008 by the United States District Court for the Southern District of New York in Case No. 08-CV-10791 (LLS), and 28 U.S.C. §§ 157 and 1334, and in accordance with SIPC's application under SIPA, 15 U.S.C. § 78eee(a)(3); and it appearing that the relief requested herein is necessary and in the best interests of the estate, its customers, creditors, and all parties-in-interest; and due notice of this Order having been given, and it appearing that no other or further notice need be given; and upon the proceedings before the Court and after due deliberation, it is hereby:

---

[1] All defined terms not otherwise capitalized herein shall have the meaning ascribed to them in the September Scheduling Order.

2

**ORDERED**, that the Trustee shall provide any written responses to the Discovery Parties regarding the Discovery Request on or before **February 22, 2013**; and it is further

**ORDERED**, that the Trustee shall conclude production to the Discovery Parties responsive to the Discovery Requests on or before **March 8, 2013**; and it is further

**ORDERED**, that the Trustee shall produce a witness (or witnesses) responsive to the Discovery Requests for a deposition(s) to extend no more than 7 hours per witness on a business day(s) that is between **March 18** and **March 29, 2013**, and will provide at least two weeks' notice of that date(s); and it is further

**ORDERED**, that the Discovery Parties (and any party as agreed to by the Trustee or ordered by the Court) shall file any supplement to their Objection to the Trustee's Time-Based Damages Motion and Memorandum of Law as set forth in the September Scheduling Order on or before **April 26, 2013**; and it is further

**ORDERED**, that the hearing date on the Trustee's Time-Based Damages Motion currently set for February 13, 2013 shall be adjourned to a date determined by the Court after April 26, 2013. The Court's scheduling of the hearing will be dependent on whether the Discovery Parties proffer a Rebuttal Witness or Affidavit (in any whatever form whatsoever) (collectively referred to herein as the "**Rebuttal Witness**"); and it is further

**ORDERED**, that any Interested Party, including the Securities and Exchange Commission, may file any supplement to its Objections to the Trustee's Time-Based Scheduling Motion and Memorandum of Law as set forth in the September Scheduling Order on or before **May 3, 2013**; and it is further

**ORDERED**, that in the event there is no Rebuttal Witness, the Trustee may file any reply in support of his Time-Based Damages Motion as set forth in the September Scheduling Order on or before **May 31, 2013;** and it is further

**ORDERED**, that in the event there is no Rebuttal Witness, SIPC shall file any reply in respect of the Trustee's Time-Based Damages Motion as set forth in the September Scheduling Order on or before **May 31, 2013;** and it is further

**ORDERED**, that in the event there is a Rebuttal Witness, the Trustee shall issue any discovery on or before **May 6, 2013;** and it is further

**ORDERED**, that in the event there is a Rebuttal Witness, the Discovery Parties shall provide written responses to any discovery request of the Trustee on or before **May 17, 2013;** and it is further

**ORDERED**, that in the event there is a Rebuttal Witness, the Discovery Parties shall produce a witness (or witnesses) responsive to the Trustee's discovery request for a deposition(s) to extend no more than 7 hours per witness on a business day(s) that is between **May 28** and **June 18, 2013**, and will provide at least two weeks' notice of that date(s); and it is further

**ORDERED**, that in the event there is a Rebuttal Witness, the Trustee may file any reply in support of his Time-Based Damages Motion as set forth in the September Scheduling Order on or before **July 18, 2013;** and it is further

**ORDERED**, that in the event there is a Rebuttal Witness, SIPC shall file any reply in respect of the Trustee's Time-Based Damages Motion as set forth in the September Scheduling Order on or before **July 18, 2013;** and it is further

4

**ORDERED**, that this Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: New York, New York
January 23, 2013

/s/Burton R. Lifland
HONORABLE BURTON R. LIFLAND,
UNITED STATES BANKRUPTCY JUDGE