```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- x
SECURITIES INVESTOR PROTECTION          :
CORPORATION,                            :
                                        :
              Plaintiff,                :
                                        :
          -v-                           :      12 MC 115 (JSR)
                                        :
BERNARD L. MADOFF INVESTMENT            :      ORDER
SECURITIES LLC,                         :
                                        :
              Defendant.                :
---------------------------------------- x
                                        :
In re:                                  :
                                        :
MADOFF SECURITIES                       :
                                        :
---------------------------------------- x
                                        :
PERTAINS TO THE FOLLOWING CASE:         :
                                        :
---------------------------------------- x
                                        :
IRVING H. PICARD,                       :
                                        :
       Plaintiff,                       :
                                        :
          -v-                           :      12 Civ. 5717 (JSR)
                                        :
HARVEY E. ROTHENBERG REVOCABLE TRUST    :
UAD 7/24/02, HARVEY E. ROTHENBERG as    :
trustee and beneficiary, and BETTY      :
KLEIN,                                  :
                                        :
       Defendants.                      :
                                        :
---------------------------------------- x
JED S. RAKOFF, U.S.D.J.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

On July 24, 2012, defendant Betty Klein moved to withdraw the

reference to the Bankruptcy Court of the adversarial proceeding

brought against her by Irving H. Picard ("the Trustee"), the trustee

of Bernard L. Madoff Investment Securities LLC ("Madoff Securities")

appointed pursuant to the Securities Investor Protection Act ("SIPA"),

15 U.S.C. § 78aaa et seq. On August 10, 2012, the Trustee informed

Klein's counsel, Charles A. Singer, Esq., that the motion was untimely

under the March 5, 2012, Administrative Order, filed in the related

Bankruptcy Court matter, which set April 2, 2012 as the deadline for

filing motions to withdraw the reference in then-pending cases. See

Administrative Order Establishing Deadline for Filing Mots. to

Withdraw the Reference, In re Madoff Sec., Adv. Pro. No. 08-01789, ECF

No. 4707 (Bankr. S.D.N.Y. Mar. 5, 2012). On August 28, 2012, this

Court granted leave to the parties to submit briefing on the instant

application for an order excusing the motion's untimeliness and

allowing consideration of Klein's motion to withdraw the reference on

the merits. Having fully considered the parties' arguments, the Court

hereby denies the application to excuse Klein's untimeliness and

therefore also denies Klein's motion to withdraw the reference.

The Trustee initially filed a complaint in this adversary

proceeding on December 2, 2010, long before the April 2, 2012

withdrawal deadline. Klein acknowledges that in a stipulation dated

September 6, 2011, Singer designated his e-mail address as the means

of receiving pleadings and documents on behalf of Klein, and further

that the Trustee was authorized to serve the March 5, 2012

Administrative Order by e-mail pursuant to the Notice Procedures Order

in the main Madoff Securities pending before the Bankruptcy Court. See

Order Establishing Notice Procedures and Limiting Notice, In re Madoff

Sec., Adv. Pro. No. 08-01789, ECF No. 4560 (Bankr. S.D.N.Y. Dec. 5,

2011). However, Singer avers in the affidavit he submitted with this

application that he never received the Administrative Order by ECF, e-

mail, or hard copy, and details the steps he took to search for the

document. Decl. of Charles A. Singer in Supp. of Appl. to Have Mot.

Seeking Withdrawal of Reference, Filed with this Ct. on July 25, 2012,

Heard on the Merits ¶¶ 33-43 (Sept. 7, 2012). Therefore, he claims

that Klein should be relieved from complying with the April 2, 2012

withdrawal deadline due to the Trustee's failure to adequately effect

service.

In response to Singer's averment that he never received the

Order, the Trustee submitted a sworn affidavit from Donlin, Recano &

Co., the Trustee's agent for serving process, stating that on March 6,

2012, an employee served an electronic copy of the Order on Singer at

his e-mail address, followed normal procedures in doing so, and the e-

mail was not returned as undeliverable. Aff. of Laura Campbell of

Donlin, Recano & Co. in Support of Trustee's Mem. Of Law in Opp'n to

Def. Betty Klein's Appl. for an Order Allowing Dist. Ct.'s

Consideration of Mot. Seeking Withdrawal of the Reference ("Cambpell

Aff.") ¶¶ 4-6 (Sept. 18, 2012). Singer's affidavit does little more

than deny receipt, which is insufficient to rebut the presumption of

service created by Ms. Campbell's affidavit. See Leon v. Murphy, 988

F.2d 303, 309 (2d Cir. 1993) (requiring "in addition to denial of receipt . . . some proof that the regular office practice was not followed or was carelessly executed so the presumption that notice was mailed becomes unreasonable" (quoting Meckel v. Cont'l Res. Co., 758 F.2d 811, 817 (2d Cir. 1985)). Nor is Klein's suggestion that Singer's e-mail address was case-sensitive (and therefore the e-mail was not received) plausible, as there is no indication that Singer previously failed to receive e-mails from the Trustee, regardless of capitalization, and this e-mail was not returned as undeliverable. See Cambpell Aff. ¶ 6.

Accordingly, because the Court must presume that Klein received service of the Order, and because Klein offers no other reason to excuse the untimeliness of her motion, the Court hereby finds that Klein has failed to show good cause as to why her failure to meet the withdrawal deadline should be excused. Thus, the Court denies both the application to excuse such untimeliness as well as the underlying motion to withdraw the reference. The Clerk of the Court is directed to close documents 1 and 8 on the docket of 12 Civ. 5717.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated:  New York, New York
        January 14, 2013

4