# EXHIBIT H

# United States Court of Appeals
## For the First Circuit

No. 11-1212

STEVEN SURABIAN; RICHARD SURABIAN

Plaintiffs - Appellants

v.

RESIDENTIAL FUNDING COMPANY, LLC,
f/k/a Residential Funding Corporation

Defendant - Appellee

Before

Lynch, Chief Judge,
Lipez and Howard, Circuit Judges.

JUDGMENT

Entered: September 28, 2011

    Plaintiffs Steven and Richard Surabian, two brothers allegedly in default on a mortgage note, brought a state court action to prevent defendant Residential Funding Co., LLC from foreclosing on their jointly-owned property in Massachusetts. Defendant removed the action to federal court on diversity grounds and then moved to dismiss, arguing that plaintiffs had failed to state a claim for relief under Fed. R. Civ. P. 12(b)(6). The district court granted the motion to dismiss and later denied plaintiffs' motion for reconsideration. It cited two reasons: the lack of merit to the complaint, and plaintiffs' failure to attend a scheduled hearing. We find it sufficient to affirm on the basis of the first rationale alone.

    Plaintiffs advanced three arguments in their complaint, each of which falls well short. They alleged as follows: (1) each page of the note and mortgage should have contained a notarized signature; (2) Richard Surabian's signature did not appear on any of the documents; and (3) defendant had not followed the "necessary requirements for foreclosure." Yet plaintiffs have not pointed to any law mandating page-by-page notarization of mortgage documents. Richard's signature was unnecessary because he acquired his ownership interest only after the loan was obtained. And the third claim is devoid of factual support.

      Nor is there anything in plaintiffs' district court or appellate papers to suggest that they could "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Indeed, in their more recent filings, they have expanded on their allegations to assert that the note and mortgage are fraudulent documents that were never executed and that Steven Surabian's signatures, both notarized and otherwise, were forged. These revised allegations, which are at some odds with plaintiffs' earlier contentions, simply lack "facial plausibility." Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009).

      For these reasons, we find no error in the district court's allowance of the motion to dismiss or in its denial of the motion for reconsideration.

      Affirmed.

      By the Court:

      /s/ Margaret Carter, Clerk

cc:

Steven Surabian
Richard Surabian
Richard E. Briansky
Joseph P. Calandrelli

# Supreme Court of the United States
## Office of the Clerk
### Washington, DC  20543-0001

William K. Suter
Clerk of the Court
(202) 479-3011

May 21, 2012

Clerk
United States Court of Appeals for the First Circuit
United States Courthouse
1 Courthouse Way
Boston, MA  02210

Re: Steven Surabian, et al.
v. Residential Funding Company, LLC, fka Residential Funding Corporation
No. 11-9337
(Your No. 11-1212)

Dear Clerk:

The Court today entered the following order in the above-entitled case:

The petition for a writ of certiorari is denied.

Sincerely,

William K. Suter

**William K. Suter**, Clerk