USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/6/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
SECURITIES INVESTOR PROTECTION       :
CORPORATION,                         :
                                     :
                    Plaintiff,       :     Adv. Pro. No.
                                     :     08-1789 (BRL)
          - against -                :
                                     :     SIPA LIQUIDATION
BERNARD L. MADOFF INVESTMENT         :     (Substantively
SECURITIES LLC,                      :     Consolidated)
                                     :
                    Defendant.       :
------------------------------------X
In re:                               :
                                     :
BERNARD L. MADOFF,                   :
                                     :
                    Debtor.          :
------------------------------------X
IRVING H. PICARD, Trustee for the    :
Liquidation of Bernard L. Madoff     :
Investment Securities LLC,           :     Adv. Pro. No.
                                     :     12-02047 (BRL)
                    Plaintiff,       :
                                     :     District Court No.
          - against -                :     12 Civ. 9408 (VM)
                                     :
FAIRFIELD GREENWICH                  :
LIMITED, et al.,                     :     **DECISION AND ORDER**
                                     :
                    Defendants.      :
------------------------------------X

**VICTOR MARRERO, United States District Judge.**

Irving Picard (the "Trustee"), trustee for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"), instituted adversary proceeding No. 12-02047 requesting an Application for Enforcement of Automatic Stay and Related Stay Orders and Issuance of a Preliminary Injunction (the "Stay Application") to enjoin the

-1-

preliminary class action settlement reached in <u>Anwar v. Fairfield Greenwich Ltd.</u>, No. 09 Civ. 118 (S.D.N.Y.) ("<u>Anwar</u>"). Plaintiffs Pacific West Health Medical Center Inc. Employees Retirement Trust, Harel Insurance Company Ltd., Martin and Shirley Bach Family Trust, Natalia Hatgis, Securities & Investment Company (SICO) Bahrain, Dawson Bypass Trust and St. Stephen's School (collectively the "Anwar Plaintiffs") filed a motion to withdraw the bankruptcy reference with respect to the Trustee's Stay Application pursuant to 28 U.S.C. § 157(d) (the "Motion"). The Trustee has filed opposition to the Motion. Defendants Fairfield Greenwich Ltd., Fairfield Greenwich (Bermuda) Limited, and certain of the defendant individuals associated with those entities (collectively, the "Fairfield Defendants") filed a declaration in support of the Anwar Plaintiffs' Motion, while reserving certain rights in connection with the matter.

For the reasons sets forth below, the Court GRANTS the Anwar Plaintiffs' Motion.

## I. LEGAL STANDARD

District courts have original jurisdiction over bankruptcy cases and all civil proceedings "arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334. Pursuant to 28 U.S.C. § 157(a),

the district court may refer actions within its bankruptcy jurisdiction to the bankruptcy judges of the district. The Southern District of New York has a standing order that provides for automatic reference. Notwithstanding the automatic reference, a district court has broad authority to withdraw the reference under appropriate circumstances. See 28 U.S.C. § 157(d). Section 157(d) provides for both (1) mandatory withdrawal when a court must consider federal laws other than the Bankruptcy Code and (2) permissive withdrawal for cause. See id.

A. MANDATORY WITHDRAWAL

Mandatory withdrawal of the reference is required "where substantial and material consideration of non-Bankruptcy Code federal statutes is necessary for resolution of the proceedings." In re Ionosphere Clubs, Inc., 922 F.2d 984, 995 (2d Cir.1990). "Substantial and material consideration" means "significant interpretation, as opposed to simply application, of federal laws apart from the bankruptcy statutes." City of New York v. Exxon Corp., 932 F.2d 1020, 1026 (2d Cir. 1991); Picard v. HSBC Bank PLC, 450 B.R. 406, 409 (S.D.N.Y. 2011). Mandatory withdrawal does not depend on whether a matter falls withn the bankruptcy court's "core" or "non-core" jurisdiction. See Exxon, 932 F.2d at 1026. Furthermore, the Court "need

-3-

not evaluate the merits of the parties' positions" to determine whether withdrawal is mandatory. Bear, Stearns Sec. Corp. v. Gredd, No. 01 Civ. 4379, 2001 WL 840187, at *4 (S.D.N.Y. July 25, 2001). Rather, it is sufficient that "resolution of this matter will require substantial and material consideration of federal law outside the Bankruptcy Code." Id. at *3. Although mandatory withdrawal does not require matters of first impression be involved, where they are, "the burden of establishing a right to mandatory withdrawal is more easily met." Picard v. JPMorgan Chase & Co., et al., 454 B.R. 307, 312 (S.D.N.Y. 2011) (quotation marks omitted); Gredd, 2001 WL 840187, at *2 (same).

B. PERMISSIVE WITHDRAWAL

Absent mandatory withdrawal, the Court has broad discretionary authority to withdraw the bankruptcy reference for cause shown. In re Enron Corp., 295 B.R. 21, 25 (Bankr. S.D.N.Y. 2003). In exercising its broad discretion to withdraw the bankruptcy reference, the Court should consider the following factors: (1) whether the bankruptcy court has constitutional authority to enter a final decision;[1] (2) judicial economy; (3) uniformity in

---

[1] The Court notes that, following the Supreme Court's decision in Stern v. Marshall, 131 S. Ct. 2594 (2011), the majority of courts in this

-4-

bankruptcy administration; (4) economical use of debtors' and creditors' resources; (5) reduction of forum shopping and confusion; (6) expediting the bankruptcy process and (7) the presence of a jury demand. See In re Orion Pictures Corp., 4 F.3d 1095, 1101 (2d Cir. 1993).

## II. **ANALYSIS**

A. MANDATORY WITHDRAWAL

The Anwar Plaintiffs claim that withdrawal of the bankruptcy reference here is mandatory because the Trustee's Stay Application will require significant interpretation of the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa et seq. ("SIPA"). Specifically, the Anwar Plaintiffs assert that resolution of the Trustee's Stay Application requires (1) significant interpretation of SIPA to determine whether the relevant funds are "customer property" under SIPA, "whether this classification requires application of the automatic stay to bar lawsuits seeking to recover such funds," and whether the Anwar causes of action are property of the BLMIS estate or "wholly separate

---

Circuit have determined that the primary Orion factor – whether or not a proceeding is core or non-core – has been supplanted by a determination "of whether the bankruptcy court may finally determine a proceeding or whether the bankruptcy court's proposals must be reviewed de novo by a district court is governed by Article III." Dynegy Danskammer, L.L.C. v. Peabody Coaltrade Int'l Ltd., No. 12-CV-5859, 2012 WL 5464619, at *3 (S.D.N.Y. Nov. 7, 2012); see also In re Lyondell Chem. Co., 467 B.R. 719 (S.D.N.Y. 2012) (collecting cases and explaining that "[a]fter Stern, the core/non-core distinction may or may not remain relevant to a district court's withdrawal of the reference 'for cause'").

and distinct legal rights"; (2) "substantial and material consideration of the preliminary injunction standard and the viability of the Trustee's avoidance action under SIPA"; and (3) significant interpretation of federal law on various equitable defenses. Pls.' Mot. 5-12. The Trustee disagrees, claiming that withdrawal of the reference is not necessary because, among other reasons, the Stay Application does not require the substantial and material consideration of non-bankruptcy federal law. Tr.'s Opp'n 11-19.

The Court finds that withdrawal of the bankruptcy references is mandatory because a determination of whether the Anwar Plaintiffs' independent claims against the Fairfield Defendants can become property of the BLMIS estate necessarily involves a significant interpretation of federal law outside the Bankruptcy Code.[2]

As a preliminary matter, the Court notes that much of the Trustee's argument goes to the <u>merits</u> of the dispute between the Anwar Plaintiffs and the Trustee rather than the appropriate forum in which the dispute should be adjudicated. This Court has repeatedly noted that it "need

---

[2] Because the Court finds that withdrawal of the reference is mandatory on these grounds alone, it need not address the merits of the Anwar Plaintiffs' other bases for mandatory withdrawal.

not evaluate the merits of the parties' positions" in order to determine whether withdrawal is warranted. Gredd, 2001 WL 840187, at *4. Accordingly, the Court declines to address the substantive merits of the dispute between the Trustee and the Anwar Plaintiffs regarding, among other things, whether the relevant funds and/or claims are property of the BLMIS estate.

The Court finds that the withdrawal of the reference is mandatory because the resolution of the Trustee's Stay Application will require substantial and material consideration of federal law outside of the Bankruptcy Code, including SIPA. The very nature of the Trustee's argument requires not only an interpretation of the Bankruptcy Code, but also a fundamental analysis of the nature of the Anwar Plaintiffs' legal claims themselves. The Trustee is not merely arguing that some pool of funds in possession of the Fairfield Defendants constitutes estate property – a conclusion which the Anwar Plaintiffs claim is contrary to the controlling law and which in theory could be determined by the bankruptcy court[3] – but

---

[3] Specifically, the Anwar Plaintiffs claim that the assets that the Trustee alleges to have been fraudulently conveyed do not, as a matter of law, become property of the estate until the Trustee recovers the assets through an official determination. Pls.' Mot. 6 (citing In re Colonial Realty (FDIC v. Hirsch), 980 F.2d 125, 131 (2d Cir. 1992); In re Maxwell Commc'ns Corp., 170 B.R. 800 (S.D.N.Y. 1994) ("[P]roperty which has been preferentially transferred does not become property of

-7-

also that the Anwar Plaintiffs' claims themselves are "causes of action that belong to the Trustee, which are property of the [BLMIS] estate." Tr.'s Opp'n 27. However, the Anwar Plaintiffs' claims, which they assert as direct investors against the Fairfield Defendants, are rooted in federal securities law and New York law.

The Trustee claims that a resolution of the Stay Application merely involves the application of federal law because actions seeking the same funds as those sought by the Trustee on behalf of the estate clearly violate the automatic stay. Tr.'s Opp'n 16-17. However, unlike the Anwar action, the authorities cited by the Trustee as violating the automatic stay involve derivative claims, not direct claims. See, e.g., Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC, 429 B.R. 423, 431-32 (Bankr. S.D.N.Y. 2010) (plaintiffs "[n]owhere . . . contend that [defendants] owed a separate duty, or caused a separate harm"); Securities Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC, 443 B.R. 295, 312 (Bankr. S.D.N.Y. 2011). The extensive analysis of the Anwar Plaintiffs' claims already undertaken by this Court in multiple opinions - including the conclusion that the Anwar

---

the estate until recovered."); In re Bernard L. Madoff Inv. Sec., LLC (Picard v. Merkin), 440 B.R. 243, 271-72 (Bankr. S.D.N.Y. 2010).

-8-

Plaintiffs' surviving claims are direct rather than derivative - therefore directly implicates the substantive issues raised by the Trustee's Stay Application. See, e.g., Anwar v. Fairfield Greenwich Ltd., 728 F. Supp. 2d 372, 400-02 (S.D.N.Y. 2010) (finding plaintiffs properly alleged direct claims independent of the fund involving duties directly owed by the defendants to the individual investors). Because any determination of whether the Anwar Plaintiffs' direct and independent claims can become property of the BLMIS estate, either as a result of SIPA or pursuant to some other legal theory, is integrally intertwined with and will necessarily involve significant interpretation of federal law outside of the Bankruptcy Code, the Court finds that withdrawal of the bankruptcy reference here is mandatory.

B. PERMISSIVE WITHDRAWAL

Even if withdrawal of the reference in this case were not mandatory, the Court finds that there are compelling reasons warranting exercise of its discretion to withdraw the reference under these circumstances. Although whether or not a bankruptcy court has constitutional authority to enter a final decision in the particular action may be the most important factor in determining the permissive withdrawal of the bankruptcy reference, this Court may

-9-

exercise its broad discretion to withdraw the reference where "other factors to be considered favor the discretionary withdrawal of the adversary proceeding." In re Complete Mgmt., Inc., No. 02 Civ. 1736, 2002 WL 31163878, at *3 (S.D.N.Y. Sept. 27, 2002). Regardless of the bankruptcy court's authority to enter a final decision in this matter, the Court finds that a plethora of "other factors" exist counseling in favor of withdrawing the bankruptcy reference.

To begin with, the Anwar action has a long and complicated history before this Court. The Trustee filed the Stay Application – the first filing by the Trustee in this matter – nearly four years after Anwar was removed to federal court and following the filing of more than 1,000 docket entries in the case. Having considered numerous and contentious motions to dismiss in Anwar, this Court is intimately familiar with the nature of the Anwar Plaintiffs' claims and therefore is in the best position to analyze the Trustee's Stay Application and efficiently render a decision that will not unnecessarily delay both the BLMIS bankruptcy proceedings and Anwar. The impending final fairness hearing for the Anwar settlement – currently scheduled for March 22, 2013 – and the extensive litigation

costs the parties have expended to date only reinforce the Court's view.

This conclusion is especially compelling taking into account that any determination of this motion by the bankruptcy court may be subject to de novo review assuming that, contrary to the Trustee's assertions, the Anwar settlement does not in fact implicate property of the estate.[4] See In re Adelphia Commc'ns Corp. Sec. & Derivative Litig., No. 03 MDL 1529, 2006 WL 337667, at *3 n.5 (S.D.N.Y. Feb. 10, 2006) (quoting In re S.G. Phillips Constructors, Inc., 45 F.3d 702, 704 (2d Cir. 1995) (holding that in non-core proceedings the bankruptcy court "can only make recommended findings of fact and conclusions of law which are subject to de novo review in the district court.")). Finally, the Court finds that adjudication of the Trustee's motion does not implicate any forum shopping considerations, nor will it adversely affect the administration of the BLMIS bankruptcy. See Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP, 462 B.R. 457, 473 (S.D.N.Y. 2011) (resolution of issues that only have "the effect of augmenting the bankruptcy estate . . . will have no impact that would require

---

[4] Even if the bankruptcy court's ruling were not subject to de novo review, as the Anwar Plaintiffs point out, any appeal of that ruling would inevitably find itself before this Court. Pls.' Reply 9-10.

-11-

uniform, coordinated adjudication before the Bankruptcy Court.").

### III. ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion (Docket No. 1) of plaintiffs Pacific West Health Medical Center Inc. Employees Retirement Trust, Harel Insurance Company Ltd., Martin and Shirley Bach Family Trust, Natalia Hatgis, Securities & Investment Company (SICO) Bahrain, Dawson Bypass Trust and St. Stephen's School (the "Anwar Plaintiffs"), to withdraw the bankruptcy reference with respect to adversary proceeding No. 12-02047 (BRL), is GRANTED; and it is further

**ORDERED** that the parties shall meet and confer and submit to the Court a proposed briefing schedule on the underlying motion taking into consideration the final fairness hearing scheduled for March 22, 2013 in Anwar v. Fairfield Greenwich Ltd., No. 09 Civ. 118 (S.D.N.Y.).

**SO ORDERED.**

Dated:  New York, New York
        6 February 2013

VICTOR MARRERO
U.S.D.J.