**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Seanna R. Brown
Email: sbrown@bakerlaw.com
Heather R. Wlodek
hwlodek@bakerlaw.com

Hearing Date: March 13, 2013
Hearing Time: 10:00 A.M. (EST)
Objection Deadline: March 6, 2013

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |

**TRUSTEE'S REPLY TO OBJECTION TO TRUSTEE'S MOTION FOR AN ORDER APPROVING THIRD ALLOCATION OF PROPERTY TO THE FUND OF CUSTOMER PROPERTY AND AUTHORIZING THIRD INTERIM DISTRIBUTION TO CUSTOMERS**

Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the estate of Bernard L. Madoff ("Madoff") (collectively, "Debtor"), by and through his undersigned counsel, respectfully submits this reply (the "Reply") to the only objection to the Trustee's motion (the "Motion") approving (1) the third allocation of property ("Third Allocation") to the fund of customer property ("Customer Fund"); and (2) authorizing a third pro rata interim distribution ("Third Interim Distribution") to customers whose claims for customer protection under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa *et seq.*,[1] have been allowed for amounts exceeding the SIPA statutory advance limits and not already satisfied by the first and second pro rata interim distributions,[2] and in support thereof, respectfully submits as follows:

**REPLY**

1. The Trustee's Motion seeks authorization to make a third significant distribution to BLMIS customers with allowed claims.

2. One objection was filed to the Third Interim Distribution. David Gross filed an objection on March 1, 2013 (ECF No. 5255) and March 4, 2013 (ECF No. 5259) (the "Objection").[3] The Objection should be overruled for the reasons described below.

**I.    Mr. and Mrs. Gross are not Entitled to a Distribution of Customer Property.**

3. Mr. Gross objects to the Third Interim Distribution to customers with allowed net equity claims, unless he and his wife, who are net winners, are included in the Third Interim Distribution. Only those customers with allowed net equity claims, however, are entitled to a distribution from the fund of customer property.

---

[1] For convenience, subsequent references to sections of the Act shall follow the form: "SIPA § __."

[2] All capitalized terms not defined herein shall have the meaning ascribed in the Motion.

[3] Both objections filed by Mr. Gross are substantively the same.

4. Mr. Gross and his wife, Irma Gross, filed two customer claims and one proof of claim in connection with BLMIS Account No. 1CM404, a joint account owned by Mr. and Mrs. Gross (the "BLMIS Account").[4]

5. For purposes of determining each customer's "net equity," the Trustee credited the amount of cash deposited by Mr. and Mrs. Gross into the BLMIS Account, less any amounts already withdrawn from the BLMIS Account (the "Trustee's Net Investment Method"). Under the Trustee's Net Investment Method, Mr. and Mrs. Gross withdrew more cash from the BLMIS Account than they deposited. The Trustee denied Mr. and Mrs. Gross' claims related to their BLMIS Account pursuant to a Notice of Trustee's Determination of Claim and a Notice of Trustee's Revised Determination of Claim, dated November 30, 2009 and October 25, 2010, respectively (the "Trustee's Determination").

6. Because Mr. and Mrs. Gross withdrew more cash from their BLMIS Account than they deposited, the Trustee denied their claims. Because they do not have an allowed claim, they are not entitled to a distribution from the fund of customer property and the Objection should be overruled.

## II.    Mr. Gross Further Objects to the Trustee's Denial of his Claims.

7. Mr. Gross improperly attempts to introduce additional objections to the Trustee's Determination of his customer claims. He alleges the Trustee did not research the full account history of Cohmad accountholders and, as such, did not make such information available to Mr. and Mr. Gross.

8. The Trustee denied Mr. and Mrs. Gross' claims related to their BLMIS Account in the Trustee's Determination.

---

[4] Mr. Gross has an interest in BLMIS Account No. 1CM302, an individual retirement account, which received transfers from BLMIS Account No. 1CM05130 on December 15, 1994, December 30, 1994 and February 17, 1995.

2

9. Under the Claims Procedures Order (ECF No. 12), Mr. and Mrs. Gross had thirty days to file an objection to the Trustee's Determination, after which time the Trustee may schedule it for a hearing. Mr. Gross has already filed numerous objections to the Trustee's Determination in this Court (ECF Nos. 1133, 2057, 2134, 3070, 3071, 3077, 3133, 3663, 4210, 4273, 4313, 5191 and 5213).[5]

10. Because Mr. and Mrs. Gross withdrew more funds than they deposited under the Trustee's Net Investment Method, the Trustee commenced an adversary proceeding against them to obtain the fictitious profits that they received. *See Picard v. David Gross & Irma Gross, Individually and as Joint Tenants*, Adv. Pro. No. 10-04667 (BRL). The Gross' filed a joinder to a motion to withdraw the reference to the District Court. *Picard v. Gross*, 11 CV 8280 (S.D.N.Y.) (JSR).

11. It is anticipated that their claims objections will be resolved in connection with the adversary proceeding pending against them. Otherwise, the Trustee will schedule a hearing with this Court on their claims objections in accordance with the Claims Procedures Order.

12. Mr. Gross has had his opportunity to object to the Trustee's Determination and will have further opportunity when his claims objections are scheduled for hearing. The Objection to the Trustee's Motion is not the proper place to continue setting forth such arguments and should be overruled.

---

[5] In addition, Mr. Gross has filed other documents in this Court that are not objections to the Trustee's Determination (ECF Nos. 2025, 4809, 4812 and 4888).

3

## CONCLUSION

Based on the foregoing, the Trustee respectfully requests that this Court overrule the Objection in its entirety.

Dated: New York, New York
March 8, 2013

Respectfully submitted,

*/s/ David J. Sheehan*
David J. Sheehan
Email: dsheehan@bakerlaw.com
Seanna R. Brown
Email: sbrown@bakerlaw.com
Heather R. Wlodek
hwlodek@bakerlaw.com
**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*