| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION<br>805 15th Street, N.W., Suite 800<br>Washington, D. C.  20005<br>Telephone: (202) 371-8300<br>Facsimile**:** (202) 371-6728<br>Josephine Wang, General Counsel<br>Email: jwang@sipc.org<br>Kevin H. Bell, Senior Associate General Counsel<br> for Dispute Resolution<br>Email: kbell@sipc.org | Hearing Date:  March 13, 2013<br>Hearing Time: 10:00 AM (EST)<br>Objection Deadline: March 6, 2013 |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------:

SECURITIES INVESTOR PROTECTION           :
CORPORATION,                                                         :
                                                                                         :
              Plaintiff-Applicant,                                   :
                                                                                         :           Adv. Pro. No. 08-01789 (BRL)
        v.                                                                           :           SIPA LIQUIDATION
                                                                                         :           (Substantively Consolidated)
BERNARD L. MADOFF INVESTMENT       :
SECURITIES LLC,                                                    :
                                                                                         :
              Defendant.                                                      :
------------------------------------------------------------:
In re:                                                                                :
        BERNARD L. MADOFF,                                  :
                                                                                         :
              Debtor.                                                             :
------------------------------------------------------------:

# MEMORANDUM OF LAW OF THE
# SECURITIES INVESTOR PROTECTION CORPORATION
# IN SUPPORT OF TRUSTEE'S MOTION FOR AN ORDER APPROVING THIRD
# ALLOCATION OF PROPERTY TO THE FUND OF CUSTOMER PROPERTY AND
# <u>AUTHORIZING THIRD INTERIM DISTRIBUTION TO CUSTOMERS</u>

The Securities Investor Protection Corporation ("SIPC") submits this Memorandum of

Law in support of the Motion For An Order Approving Third Allocation Of Property To The

Fund of Customer Property ("Third Allocation") And Authorizing Third Interim Distribution To

Customers ("Third Distribution") by the Trustee for the liquidation of Bernard L. Madoff Securities, LLC ("BLMIS") ("Trustee's Motion"), filed in this liquidation proceeding under the Securities Investor Protection Act, 15 U.S.C. §78aaa *et seq.* ("SIPA").

## I. THE TRUSTEE'S THIRD ALLOCATION IS CONSISTENT WITH AND PROMOTES THE PRINCIPLES UNDERLYING SIPA

SIPA was enacted, *inter alia*, to "restore investor confidence in the capital markets, and upgrade the financial responsibility requirements for registered brokers and dealers." *SIPC v. Barbour*, 421 U.S. 412, 415 (1975). See *In re Adler, Coleman Clearing Corp.*, 204 B.R. 99, 106 (Bankr. S.D.N.Y. 1997). This statutory scheme is "necessary to a comprehensive program of investor protection consistent not only with express congressional intent but with the high standards of financial responsibility which must prevail in the brokerage community," and to serve the objective of SIPA "that customer funds and securities not be exposed to risk of loss through broker-dealer insolvency." *See* Exchange Act Release No. 34-9856, 37 Fed. Reg. 25,224 at 25,225 (1972).

In part, SIPA advances its customer protection purpose "by according those claimants in a SIPA liquidation proceeding who qualify as 'customers' of the debtor priority over the distribution of 'customer property.' Each customer shares ratably in this fund of assets to the extent of the customer's net equity at the time of filing." *In re New Times Sec. Servs., Inc.*, 463 F.3d 125, 127 (2d Cir. 2006) (internal citations omitted). In the event the Fund of Customer Property proves insufficient to make the customers whole, SIPC provides protection – subject to statutory limitations – from the SIPC Fund.[1] In this way, Congress sought to insulate public customers, and the financial markets, from the adverse effects of the failure of a broker-dealer.

---

[1] In the BLMIS liquidation proceeding, SIPC has advanced or committed to advance over $806 million in the satisfaction of allowed customer claims.

2

*See In re Hanover Square Secs.*, 55 B.R. 235, 237 (Bankr. S.D.N.Y. 1985); *SEC v. F.O. Baroff Co.*, 497 F.2d 280, 281 (2d Cir. 1974) ("The object of [SIPA], and the function of [SIPC], is to protect the public customers of securities dealers from suffering the consequences of financial instability in the brokerage industry").

The Trustee's Motion accomplishes these goals. It continues to establish a framework for the orderly allocation of BLMIS's assets and for interim distributions of such property to BLMIS customers. It also seeks to bring BLMIS's Fund of Customer Property to the level that would have existed had BLMIS complied with the laws, rules, and regulations applicable to its financial responsibility requirements.

## II. THE TRUSTEE'S THIRD ALLOCATION AND THIRD INTERIM DISTRIBUTION IS CONSISTENT WITH THE FIRST AND SECOND INTERIM DISTRIBUTIONS AND SIPA

The Third Allocation and Third Interim Distribution is consistent with the First and Second Allocations and the First and Second Interim Distributions and with SIPA. The First Allocation and the First Interim Distribution, made pursuant to this Court's Order of July 12, 2011 (ECF No. 4217), put $335.5 million in the hands of customers with allowed claims relating to 1,243 accounts, or about 4.6% of each customer's allowed claim, unless the claim was fully satisfied. (Trustee's Motion, ¶ 4). In the Motion for First Allocation and First Distribution, the Trustee maintained a reserve pending a final and non-appealable order on the Net Equity Dispute.[2] (Trustee's Motion, ¶ 3). Those reserved funds were available for the second Interim Distribution.

---

[2] On June 5, 2012, the United States Supreme Court denied the two remaining petitions for certiorari on the Net Equity Dispute. Thus, the Order of this Court has become final. *In re Bernard L. Madoff Investment Securities LLC*, 654 F.3d 229 (2d Cir. 2011), *reh'g and reh'g en*

3

The Second Allocation and the Second Interim Distribution made pursuant to this Court's Order of August 22, 2012 ("Second Allocation Order") (ECF No. 4997), put approximately $3.6 billion in the hands of customers with allowed claims relating to 1,285 accounts, or 33.556% of each customer's allowed claim, unless the claim was fully satisfied. (Trustee's Motion ¶ 5). In the Second Allocation Order, the Court required the Trustee to maintain a reserve at not less than 3% ("the 3% Reserve") for the question of whether claimants are entitled to an increase of their claims based on the time that elapsed while their monies were deposited with BLMIS ("Time-Based Damages").

The Trustee has proposed to maintain a 3% Reserve of $1,357,903,492.06 for the Third Interim Distribution. (Trustee's Motion, ¶ 43).

A Third Interim Distribution with a 3% Reserve means that a total of 1,203 customer accounts will receive a distribution of approximately 4.709% of their allowed net equity claims (Trustee's Motion, ¶55), in addition to the 4.6% received under the First Interim Distribution and the 33.556% received under the Second Interim Distribution, or about 42.87% of their allowed net equity claims. Of these 1,103 accounts, 31 will become fully satisfied, bringing the total number of fully satisfied account holders to 1,106. Thus, 1,072 accounts will remain partially satisfied and will participate in future distributions by the Trustee. (Trustee's Motion, ¶56).

### II. THE ONE OBJECTION TO THE THIRD ALLOCATION AND THIRD INTERIM DISTRIBUTION IS WITHOUT MERIT AND SHOULD BE OVERRULED

---

*banc den.* (2d Cir. Nov. 08, 2011), *cert. dismissed*, 132 S. Ct. 2712 (2012), *and cert. denied*, 133 S. Ct. 24 and 133 S. Ct. 25 (2012).

4

David Gross filed an objection to the Trustee's Motion and the Third Interim Distribution on March 1, 2013 (ECF No. 5255) ("Objection"). The Objection, filed on behalf of Mr. Gross and his wife Irma Gross, is without merit and should be overruled.

Mr. Gross attempts to use his Objection to stop the Third Interim Distribution and to infuse two disputes with the Trustee into the Court's consideration of the Trustee's Motion. First, Mr. Gross disputes the Trustee's Determinations denying protection under SIPA for two customer claims filed by Mr. and Mrs. Gross on their joint BLMIS Account No. ICM404 ("BLMIS Account"). Second, Mr. Gross disputes the liability of his wife and himself, for the more than $900,000 in fictitious profits that the Trustee has sued Mr. and Mrs. Gross to recover.

The Trustee considered Mr. and Mrs. Gross's customer claims using the Trustee's Net Investment Method, that is, crediting the cash deposited into their BLMIS Account, less any amounts withdrawn from the BLMIS Account. Mr. and Mrs. Gross withdrew more cash from their BLMIS Account than they deposited. The Trustee denied their claims in his Determination Notices of November 30, 2009 and October 25, 2010 ("Trustee's Determinations"). Thus, Mr. and Mrs. Gross were told that they were not entitled to any distribution. Mr. and Mrs. Gross have filed numerous objections to the Trustee's Determinations. (ECF Nos. 1133, 2057, 2134, 3070, 3071, 3077, 3133, 3663, 4210, 4273, 5191, 5213).

As part of his recovery of customer property effort, the Trustee commenced an adversary proceeding against Mr. and Mrs. Gross to recover the more than $900,000 in fictitious profits – "other people's money" – that they received. *See Picard v. David Gross & Irma Gross, Individually and as Joint Tenants*, Adv. Pro. No. 10-04667 (BRL). A Joinder to a motion to withdraw the reference to the District Court was filed on behalf of Mr. and Mrs. Gross. *Picard v. Gross,* 11 CV 8280 (S.D.N.Y.) (JSR).

5

The Objection filed by Mr. Gross on behalf of his wife and himself should be overruled.

## **CONCLUSION**

For the foregoing reasons, SIPC submits that the Trustee's Motion should be granted.

Date:  March 11, 2013
       Washington, D.C.

        Respectfully submitted,

        JOSEPHINE WANG
        General Counsel


        /s/ Kevin H. Bell
        KEVIN H. BELL
        Senior Associate General Counsel for
        Dispute Resolution

        SECURITIES INVESTOR
          PROTECTION CORPORATION
        805 15th Street N.W., Suite 800
        Washington, D.C. 20005
        Telephone: (202) 371-8300
        Email: jwang@sipc.org
        Email: kbell@sipc.org