**THE SURABIAN FAMILY**
**P.O. BOX 397**
**W. HYANNISPORT, MA 02672**
**508-688-4613**

March 8, 2013

United States Bankruptcy Judge
Burton R. Lifland
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New Your, NY 10004-2870



RE: Securities Investor Protection Corp. v. Bernard L. Madoff Investments Securities LLC
    08-1789

Dear Judge Burton R. Lifland:

I was advised by Aren from your office to write you instead of filing a Motion to Strike Trustee's Objection To Surabians' Motions To Reconsider Order Expunging Claims and Objections Of Claimants That Did Not Invest With BLMIS Or Entities That Invested In BLMIS and Trustee's Objection To Motion Of Steven, Richard and Martin Surabian To Subpoena Bernard L. Madoff and to Strike Memorandum of Law of the Securities Investor Protection Corporation in Opposition To The Surabians' Motion To File Late Objection To Expungement Motion, Motion To Vacate Expungement Order, and Motion To Subpoena Madoff and Declaration of Amy Vanderwal In Support of (1) Trustee's Objection To Motions To Reconsider Order Expunging Claims and Objections of Claimants That Did Not Invest With BLMIS Or Entities That Invested In BLMIS and (2) Trustee's Objection To Motion To Subpoena Bernard L. Madoff.

Surabians mailed Motions to the Court and copies to the Trustee and SIPC on December 27, 2012 and on agreement agreed that all Objections would take place on or before February 28, 2013, giving almost two full months to Object.

No Objections were served on the Surabians by February 28, 2013 and the untimely Objections without Certificate of Service was mailed to the Surabians after the agreed time. See attached mailing envelopes dated after February 28, 2013.

Surabians would like opposition to be Stricken as being untimely and hope with unopposed Motions no hearing will be needed as it is inconvenient to travel to New York and Motions should be Allowed. But if hearing is necessary to Reschedule.

Rule 60 allows to motion up to a year late. The Surabians Filed their Motions within the year. SPIC claims regarding the Surabians "Now, over eight months later,(after the Expungement

Order) the Surabians have filed a series of motions (collectively, the "Motions") seeking to regain standing." SIPC wants the Motions denied because, even though the Surabians filed eight claims, because the Trustee claimed he and his staff found no evidence in BLMIS's records that the Surabians had invested in or Through BLMIS and with out speaking to the Surabians on December 9, 2009 denied the Surabians claims, which SPIC admits the Surabians objected timely. SIPC clam that the Surabians provided no evidence to the contrary, is without merit because the Surabians supplied no less evidence than any or most other claimants.

SPIC claims the Surabians received notice of the Expungement Motion, without showing proof that Surabians received the Motion and also claims by a personal phone call from a legal assistant for the Trustee's counsel who notified the Surabians of a change in the hearing date on the Motion. the assistant never indicated nor does the Trustee that the Surabians were named in the Expungement Motion. Without the Motion the Surabians never would or could know they were included. The Surabians thought as it was stated that the Motion to Expunge was referring to people unlike the Surabians. The Surabians opened their accounts directly with Madoff himself and that is why they stated they had no objection and would not be attending.

The Surabians had no way of knowing the Expungement Order referred to the Surabians and as such had no reason to Appeal the Order and continued to participate in actions which the Trustee mailed to them. If the Trustee truly felt the Surabians were justly Expunged he no longer would be suppling them with documents as he doe not supply non claimants with documents. Other wise the Trustee was deceiving the Surabians, he wanted to use the fact that the Surabians were notified by personal phone call but avoids the fact that the phone call never indicated the Surabians were the target, similar to the deceit Madoff made on the Surabians. The Expungement Order when read does not refer to the Surabians and as such the Surabian after receiving it would never know the order referred to them as the Order does not specify the Surabians.

SPIC claims "Time and again, the Trustee argued in opposition to the Surabians' various motions that the Surabians lacked standing, citing the Expungement Order" yet the trustee never attached a copy of the Order with the Motion. Surabians always claimed the Trustee was talking non sense and rightfully so, which SPIC states"Revealing, in their September 12, 2012 reply in futher support of their motion to remove the Trustee, the Surabians responded directly to the standing argument, calling it unsupported (despite the Trustee's citation to the Expungement Order) and asserting that they had never received the Expungement Order.

The Surabians after finely receiving the Motion and Order in December or January of 2013 from the Trustee, timely filed the Motions now before this Court.

SPIC agrees that "the bases for reconsideration asserted by the Surabians- that they never received the Expungement Motion or Order-falls closest to a plea for reconsideration pursuant to Rule 60(b)(1),".

SPIC in 1.A. of their Argument claims the Surabians assert that they failed to respond to the

Expungement Motion or Order because they never received them them claim this conclusory assertion , without any evidence to support it does not overcome the presumption that the Surabians received both the Motion and Order. Surabians claim this conclusory assertion by SPIC is without any evidence to support it. SPIC supplied no evidence to indicate the Surabians ever received the Motion or Order prior to late December 2012 or January 2013. The specific fact is that no proof was ever shown that the Surabians receive Motion or Order. SPIC references Vanderwal Decl. Ex. F as support that claiming denying receipt is insufficient to rebut the presumption of service is now claimed by Surabian too be unrelated. this is an adversarial proceeding brought against her by Irving H. Picard. in which she is named on the cover sheet, the Surabians were never listed on the cover sheet. See the Exhibit. and also refers to electronic service of the Order.

Just like the Trustee's untimely Objections to the motions now before this Court it is more unlikely that the Motion was never mailed properly and is sufficient to under Rule 60 to Allow the Motions. The trustee's legal assistant call to Surabian in no way indicates that he indicated the Motion pertained to the Surabians and at the least was a ploy so at this later date the Trustee could cite the call as proof service was made when it was all a ploy on the part of the Trustee and the proof is the assistant never indicates the motion involved the Surabians.

SPIC even now claims that even if the Surabians never received the Expungement Motion or Order that by September 12, 2012, at the latest, when they responded to the Trustee's argument that they lacked standing to seek the removal of the Trustee. SPIC claims the Surabians did not investigate the Expungement Order, The Surabians do not have access to electronic documents and as indicated the Trustee should have supplied back then when it was apparent the Surabians claimed they knew nothing of the Expungement Order as they finally did in December of 2012 or January 2013 and supply the Surabians with copies so the Surabians could have done back then what they then did as soon as possible considering Martin M. Surabian needed constant care and Steven Surabian types with on finger. SPIC states"In the context of a motion to reconsider an order, parties should file a motion as soon as they discover that grounds may exist to warrant reconsideration." Surabians filed as soon as they became aware that they were the targets of the Expungement Motion and Order.

Even-though Rule 60 allows up to a year SPIC tries to claim that does not excuse their willful and unreasonable delay in bring the Reconsideration Motions upon learning of the existence of the Order that never mentions Surabians, and this is why the Surabians ask that the opposition and supporting documents to their motions be stricken. There was ample time which was agreed on by all parties involved yet no opposition was served timely and there is no excusable reason in not doing so.

SIPC's claim "The Surabians Have No Meritorious Defense to the Expungement Motion" is unsupported. SIPC wants the Surabians to produce documents that were never requested of any or at the very least most of the other claimants. SIPC and the Trustee agree that all claimants were paid simply because their names were in the records of Madoff, the United States biggest

frauder and yet when the Surabians want to Subpoena Madoff himself they are against it. Are they afraid not only will Madoff back up the Surabians claims but discredit claims already paid by the Trustee? Madoff's testimony would at trial prove the Surabians claims or at the very least prove that his records were altered which would also support the Surabians claims, and thus the court would have reason to believe that vacating the judgment will not be an empty exercise or a futile gesture and such evidence, if proven at trial, would constitute a complete defense. The case cited by SIPC has nothing to do with the Surabians, the Surabians will show that they have as much evidence as those that have been paid produced.

SIPC and the Trustee have never opened the records of Madoff to the Surabians in fair that the Surabians may or could uncover were their records may be. The Surabians will rebut the Trustee's determination that they did not hold accounts at BLMIS by supporting affidavits, by Madoff's testimony in his acknowledgment that he personally opened their accounts or at the very least to show Madoff can not support any of the paid claimants as being customers and that the Surabians possess the same evidence as all or most of all paid claimants as to being customers.

SIPC claims that the Surabians failed to support their objections with any documentary evidence and seek canceled checks from twenty years ago, without seeking same from all other claimants, they ask for tax returns reflecting investments knowing full well that tax returns do not show investments till the investment is sold which SIPC and Trustee acknowledge the Surabians never sold any. SIPC and Trustee claim the Surabians never produced any evidence yet they themselves cut communication and never attempted to find evidence because no natter what the Surabians could have or may have produced the trustee would say it was not conclusive. The Surabians can not prove to the Trustee but can prove to a Jury that they produced as much evidence as most of the claimants that were paid by the Trustee.

Granting the Surabians' Reconsideration Motion would not prejudice the Trustee or the claims administration process so long as the Surabians are treated the same as most all other claimants and would not force the Trustee to re-litigate motions or put previous claims determinations and distributions in doubt unless the Trustee himself tries to force the Surabians into an undue course thus forcing the other claimants to comply likewise. SIPC's continued allegation that that the Surabians' willfully disregarded the Expungement Order when it was SIPC and the Trustee that denied the Surabians the extent the Expungement Order was targeted the Surabians is not enough to deny the Reconsideration Motions, and there would not be prejudice to the Trustee unless the Trustee himself does that.

SIPC wants to deny the Surabians the access to Madoff even though Madoff's presence will substantially further the resolution of the case and for the security risk the US Marshals move federal presioners all the time and denying Madoff's presence would not out weigh the millions of dollars the Surabians will lose if Madoff is not produced. Since Madoff will likely be in prison till his death, the suit can not be stayed until the prisoner is released without prejudice to the cause asserted.

The Trustee claims the present Motion to Subpoena Madoff or as SIPC address it as a writ of habeas corpus ad testificandum, as a frivolous motion even though Madoff would prove the Surabians claim as to being customers. The Trustee claims the court already heard the Expungement Motion and expunged the Surabians even though the Trustee supplied no proof the Surabians received any motion referring to the Expungement of the Surabians directly. The trustee claims Madoff's testimony is not necessary or appropriate yet the Trustee paid out Billions of Dollars based on Madoff's records. The trustee denied the Surabians claims based on their claim that the records of BLMIS which Madoff himself had access to did not contain the names of the Surabians, indicating they ever invested any money, either directly or indirectly. The Trustee then states that nor did the Surabians "otherwise established to the satisfaction of the trustee" that they had accounts with BLMIS and that they were owed money by BLMIS, and now want to prevent the Surabians from bring forth Madoff himself to prove the Surabians had indeed opened accounts directly with Madoff himself.

The Trustee further falls back on the Expungement Motion and Order which they have shown no proof that the Surabians ever received the Motion yet argue that the Surabians could have provided the Trustee with credible information that showed that the Surabians invested directly with BLMIS but when the Surabians try do do precisely that by seeking to produce Madoff the Trustee argues against that, clearly showing the Surabians can never prove to the Trustee's satisfaction that they had accounts with BLMIS.

The Surabians would like this Court to revise their Subpoena Motion to a writ of habeas corpus ad testificandum or allow time for the Surabians to do so and if a hearing is nessary that the hearing be rescheduled so all can be heard together.

The Surabians not only claim that Madoff's testimony would be relevant, but that his testimony is necessary and would advance the mover's case. In addition to Madoff being asked what his knowledge is regarding the Surabians he will be asked what his knowledge is to all the alleged customers the Trustee has paid to date and how accurate BLMIS records are since he claimed to have purchased and sold hundreds of billions of dollars worth of stocks and how much he actuarially did buy an sell. Madoff will be asked in-depth questions regarding the Ponzie scheme including but not limited to weather he altered any customer records.

The Trustee in all their papers fall back on the records of BLMIS and who better than Madoff himself would know just how accurate those records are yet the Trustee wants to prevent his valued testimony. In addition to records only the Surabians are asked to produce twenty year old records. The trustee has not shown that he requested bank records, cancelled checks, receipt trade confirmations, tax returns, or any record whatsoever going back twenty plus year or even less years from the Customers the Trustee paid so far. The trustee is tying to sell to this Court that BLMIS Records are fail-safe and only the books and records do not need to be verified.

All Madoff had to do was to list Surabians deposits under another name twenty years ago and the Trustee will just pay that person what should be the Surabians without letting the Surabians have

access to BLMIS records or having every customer prove were their deposits came from. Also if a close associate of Madoff gave Madoff a check for $100,000.00 then Madoff returned that money under the table and this associate redeposited the same money over and over again increasing to one hundred times the value. The by the Trustee's own admission he would prorate that money, so that associate would receive 30% of his factious value and the customer whose money was recovered would only receive a portion of what he actually deposited. The Trustee wants this Court to think Surabians objections are frivolous when in-fact the Surabians are trying to protect true customers.

The trustee even acknowledges that Madoff's credibility is highly questionable regarding Surabians request that he testify in their defense but has paid out Billions of dollars base precisely on Madoff's records. (SIPA requires that the obligations of the debtor be determined by an examination of the books and records of the debtor or be "otherwise established to the satisfaction of the trustee.") This Trustee wants to hold the Surabians to a stricter standard that he required other claimants/customers.

Surabians do not believe the Court has ever told them that they have no standing yet the Trustee repeats this allegation without showing proof just like in the past referring to the Expungement Motion. Even though the Trustee just recently served the Surabians with the Expungement Motion and Order the Trustee keeps saying the Surabians had ten months since the order was entered, to provide any additional support for their claims as reason why Surabians Motions should be denied yet the Trustee is trying to prevent the Surabians in doing so plus in their own words they are unwilling to except what other claimants were only required to do to prove their claims.

After the Surabians timely filed their claims the trustee denied their claims without ever giving Surabians access to BLMIS Records so they could search and discover were their fund were. Now the Trustee wants to deny the Surabians access to Madoff himself as he could add proof of the Surabians claims. The Surabians filed a timely objection to the Trustee's claim determinations.

Surabians mailed a letter dated August 23, 2010 indicating the Records of BLMIS had to be altered. The Trustee replied on August 30, 2010 stating when the Trustee has determined a claim and a claimant objects, it becomes a contested matter and thus is subject to a court hearing. That will occur in due course with respect to your objections to the above-referenced claims, which will be handled under the same procedures as other objections filed in this case. Vanderwal Decl. Ex. D. No were does the Trustee say to forward any other information the Surabians may have or if they seek information, yet now the Trustee claims the Surabians have done nothing in the past three years as a defense to holding the Surabians to a stricter standard than was required of other claimants.

The Trustee can not believe that even though they can not produce a single account statement, they claim to know (i) that there were no sales or withdrawals related to their accounts. Why

would the Surabians or anyone for that matter not remember not withdrawing any fund when no funds were withdrawn. The Trustee can not understand how the Surabians remember (ii) exactly how many shares of what securities were in each account and date of each transaction. The Trustee finds it now after four years difficult to understand how the Surabian's possess such information without any written records. The Surabians, more precisely Martin M. Surabian had handwritten notes, but the Trustee never mad a mention prior to this untimely opposition that he questioned how the Surabians could remember so precisely.

The Trustee claims that on March 16, 2012 sent to the Surabians by US Mail the Trustee's Third Omnibus Motion but shows no proof that it was indeed mailed or delivered other than claiming an assistant mailed. The Post Office has been known to lose items. The Trustee had Oleg Bitman, contact Steven Surabian but even by the Trustee's own account, Oleg Bitman never mentioned that the Motion concerned the Surabians even after he was informed that the Surabians would not be attending as it had nothing to do with the Surabians. Vanderwal Decl. Ex. E. On April 18, 2012, the Trustee's claims and noticing agent sent to the Surabians by U.S. Mail an Amended Notice of Adjournment of Hearing and a Notice of Agenda and also filed Affidavits of Mailing certifying that the Surabians were served. Notice the ajent never claims to have indicated the hearing involved the Surabians and that a copy of the Motion was not attached which would have indicated in Exhibit a the Surabians names. All the Surabians received or was informed of was a motion they were lead to believe had nothing to do with the Surabians.

Surabians without knowing the Motion pertained and was specifically for them would have no reason to provide the Trustee with information so one day latter as a results, on April 19, 2012, this Court expunged the Surabians' claims and objections with prejudice unknown to the Surabians because if you read the Order the Surabians are not listed you would need a copy of the Motion which was not served on the Surabians till eight or nine months latter. So when the Surabians received the Order after the April 23, 2012 mailing why would the Surabian believe it had anything to do with them because they opened their accounts directly with Madoff?

Surabians now filed first, a Motion to File Late Opposition to the Trustee's Third Omnibus Motion to Expunge Claims and Objections of Claimants That Did Not Invest With BLMIS or in Entities that Invested in BLMIS and Motion to File Late Notice of Appeal of Order Granting Approval along with Objection to the Third Omnibus Motion because they did not receive the Motion till December 22, 2012 or there about s.

The Trustee still refers to the records of BLMIS as if Madoff is still the messiah many thought he was, Not the Surabians, their Messiah came two thousand years ago. But then the Trustee wants to deny the Surabians access to bot Madoff himself and the Records.

The Trustee agrees that Motion for Reconsideration should not be Allowed if three factors is present, (i) whether the failure to respond was willful; (ii) whether the movant had a legally supportable defense, and (iii) the amount of prejudice that the non-movant would incur if the court granted the motion.

First the Trustee fails to show that the Surabians received the Motions prior to December 2012 and the assistants that called Steven Surabian never indicated to Steven Surabian that the motion was designed for and named the Surabians. He only indicated that was for people that did not invest with BLMIS and since the Surabians invested directly with Bernard Madoff himself there would be no reason for the Surabians to believe the Motion had any remote reference to the Surabians and the assistant that mailed the Order did not mail the Motion and the Order does not mention the Surabians. So the Motion should be Allowed. Otherwise the Surabians would have to move to New York City to attend every hearing.

The Surabians signally and collectively support each-others claims. The Trustee trys to say that the Surabians were only listed under a service list but that service list refereed to Customers of BLMIS and the Surabians were listed under customers of BLMIS in SIPC documents.

The Trustee wants to hold the Surabians to a standard that most or all the customers paid could not meet and have not meet, including checks from twenty years ago. The Trustee has not required that of any or most customers he has paid to date or at least the Trustee has not shown this. When the Surabians refer to Bernard Madoff as proof the Trustee has refered to him as "a convicted felon who has admitted to operating an enormous Ponzi scheme and Madoff's credibility is highly questionable at best, and his testimony would be of little probative value." Yet by the Trustee's own admission the trustee has paid Billions of dollars based entirely on records produced by or altered by Bernard Madoff, the Trustee states that "Futher, the likelihood that Madoff's testimony would resolve this matter is extremely doubtful, given his decades-long record of dishonesty".

The Trustee refers to other actions taken by Surabians against others hopeing this Court too will disregard the Surabians as insufficient referring to Vanderwal Decl. Ex. G.. The Memorandum and Order was made prior to any Discovery. Judge Woodlock avoided the facts that Surabian did address the Forgery, by stating he did not sign the mortgage or note recorded is forgery, yet Judge Zobel Dismissed and Judge Woodlock in the other case to after knowing Forgery was involved on the part of the bank. Judge Woodlock address "In their narrative opposition to HSBC's motion to dismiss, Plaintiffs raise for the first time the contention, not supported by an amended pleading, that the mortgage and note were forged. It was addressed in the complaint that the Surabians did not sign the mortgage an note and Judge Woodlock could have as he had with the defendant to revise their document mainly the pleading to use the words "FORGERY and FORGED". The case against Residential Funding Co. Dismissed by Judge Gertner was first dismissed prior to discovery, it was also dismissed because Surabians did not attend a hearing that they never were informed of and was for a motion they presented that was un-opposed, and should not have required a hearing. When the Surabians requested to be reinstated because they never were informed of the hearing Judge Gertner Denied it because she said although the Surabians did say they did not receive the Notice of the hearing that the Surabians did not sign under the pains and penalties of perjury when all the Judge had to do was raise the issue to give the Surabians the time to make that issue in the form of an affidavit. This caused the Surabians to lose in access of $1,000,000.00 between the two cases, because they did not Cross their I's or

Dot their T's or is that reversed. Precisely what this trustee wants this Court to do even-though they have a disregard to follow Rules. The trustee did not serve the Opposition timely, Surabians as Pro se have to obey all Rules of the Courts but the Banks and such can amend at anytime. Judge Woodlock states "In all three cases, Surabian initially made allegations of wrongful foreclosure in the pleadings but did not specify forgery." I guess Judge Woodlock did not understand that by showing and stating Surabians did not sign the documents that those documents were not forged. No need discussing anything else regarding these case because if the Forgery was allowed all other claims would also have been. Because of this the Surabians Motions should be Allowed, otherwise the same injustice will take place in this case against the Surabians.

The third argument the Trustee presents is if Motion for reconsideration were Granted the trustee would be prejudiced. First the Trustee will not be prejudiced due to re-litigate this Motion as he never Litigated the Motion against the Surabians in the first place. The Trustee further states that "Further, putative claimants must have the responsibility to read and respond to pleadings." Yet in the trustee's own admissions he does not state because his assistant never said that the hearing was related to the Surabians regarding the re-scheduled hearing and in the mailings of re-schedule there was no motion attached as with the mailing of the Order, no Motion so the Surabians would have nothing to respond to. The Trustee regarding the Surabians claim"The Trustee could not accurately calculate amounts for distribution to customers with valid claims if holders of expunged claims could pop up months and years after the final determinations of their claims and re-open those determinations". Again in the Trustee's own admissions the Surabians have continually been involved.

Finally the Trustee refers to the fact that "the Surabians cannot overcome the fact that they have waited this long to act despite the fact that the expungement of their claims by the Claims Order has been repeatedly referenced in fillings by the Trustee in response to the numerous pleadings they have filed with this Court as well as by this Court." Yet again the Trustee has never attached nor has he pleaded he has attached copies of the Order with Motion. To read just the Order even though he never attaches just the Order, the Order does not refer to the Surabians. So there will not be prejudice to the estate and thus the Reconsideration of the Claims Order should be Allowed.

Thank you,

_____          _____          _____
Steven Surabian                  Richard Surabian                 Martin M. Surabian Deiced
                                                                  Signed By Steven Surabian

Mailed to: Chambers Judge Lifland
           Clerk of Bankruptcy Court
           David J. Sheehan
           Kevin H. Bell