# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

March 14, 2013

David J. Sheehan
direct dial: 212.589.4616
dsheehan@bakerlaw.com

Honorable Burton R. Lifland,
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

Re:   Securities Investor Protection Corporation v. Bernard L. Madoff Investment
      Securities LLC ("BLMIS"), 08-1789 (BRL)

Dear Judge Lifland:

We are counsel to Irving H. Picard, Esq., Trustee for the substantively consolidated SIPA liquidation proceedings of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff.

We respectfully submit this letter in response to the letter submitted to the Court dated March 8, 2013 by Steven, Richard and Martin Surabian (the "Surabians"), in which they ask this Court to strike (the "Request to Strike") certain objections (the "Objections") filed by the Trustee on the basis that the Objections were untimely filed.[1] The Surabians are incorrect and the Request to Strike should be denied. The Objections were filed on February 28, 2013, the date agreed to by the Trustee and the Surabians and were served in accordance with the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Even if this were not the case, the Surabians have suffered no prejudice and thus there is no basis to strike the Objections.

As memorialized in a Notice of Adjournment of Briefing Schedules, dated January 30, 2013 (the "Notice"), the Trustee and the Surabians agreed that the Trustee would respond to the Expungement Motion on or before February 28, 2013 and the Surabians would file a reply brief on or before March 14, 2013. [ECF No. 5215.]

---

[1] Specifically, the Surabians filed several pleadings which sought reconsideration of the expungement of the claims they filed in the BLMIS liquidation (collectively, the "Expungement Motion"). [ECF Nos. 5186, 5187, 5188, 5206.] In response, the Trustee filed (i) Trustee's Objection to Motions to Reconsider Order Expunging Claims and Objections of Claimants That Did Not Invest With BLMIS or Entities That Invested in BLMIS; (ii) Trustee's Objection to Motion of Steven, Richard and Martin Surabian to Subpoena Bernard L. Madoff; and (iii) the supporting Declaration of Amy Vanderwal. [ECF Nos. 5250, 5251, 5252.]

Chicago   Cincinnati   Cleveland   Columbus   Costa Mesa   Denver   Houston   Los Angeles   New York   Orlando   Washington, DC

In accordance with the Notice, on February 28, 2013 the Trustee filed his Objections. The Objections were docketed on that date and assigned docket numbers 5250 and 5251. Individuals who receive service electronically were served on February 28, 2013 and paper copies were distributed by mail on March 1, 2013. An Affidavit of Service reflecting the foregoing was filed on behalf of the Trustee on March 1, 2013. [ECF No. 5253.]

Rule 5 of the Rules of Civil Procedure, made applicable to bankruptcy proceedings pursuant to Bankruptcy Rule 7005, authorizes service by mail and states that service is complete upon mailing. Fed. R. Civ. Pro. 5(b)(2)(C). While the Trustee believes that, by filing the Objections on February 28, 2013, he has complied with the Notice, taking the Surabians' arguments in their most positive light, service occurred one day late. No prejudice flows from such a delay. *See, e.g., In re Heyward,* 15 B.R. 629, 638 (Bankr. E.D.N.Y. 1981) ("The degree of prejudice resulting from a late filing of an objection or complaint depends on the length of the delay involved. Minor delays such as one week…or one day…have been held not to have prejudiced any rights of a debtor.")

In order to ensure that the Surabians were not prejudiced, even by a single day's delay in mailing, the Trustee offered the Surabians additional time to prepare their reply to the Objections or to seek to adjourn the hearing on the Expungement Motion, originally scheduled for March 20, 2013. The Surabians declined both options. Subsequently, this Court *sua sponte* adjourned the hearing until April 11, 2013, giving the Surabians an additional three weeks to prepare for the hearing.

Given the Trustee's timely filing of his Objections, the mailing thereof in accordance with the Bankruptcy Rules, and the actions subsequently taken by the Trustee and this Court, there is no possibility of prejudice to the Surabians. The Trustee therefore respectfully requests that this Court deny the Request to Strike. Should it be necessary, the Court should use its discretion to consider the Objections. *See Special Situations Fund III, L.P. v. Silverman (In re Suprema Specialties, Inc.),* 2005 U.S. Dist. LEXIS 18550, at *7-10 (S.D.N.Y. Aug. 25, 2005) ("The Bankruptcy Court has the discretion to consider late-filed objections.")[2]

Respectfully submitted,

David J. Sheehan

cc: Steven Surabian
    Kevin Bell (SIPC)

---

[2] The Trustee notes that the vast majority of the lengthy letter submitted to this Court by the Surabians addresses the merits of the expungement of their claims. Because the Trustee has fully addressed these arguments in the Objections, he does not rehash his position here.

300275423