**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X
SECURITIES INVESTOR PROTECTION
CORPORATION,                                                                SIPA LIQUIDATION

                Plaintiff,                                              No. 08-01789 (BRL)

                v.                                                         (Substantively Consolidated)

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,
        Defendant.
------------------------------------------------------------X
In re:

BERNARD L. MADOFF,

        Debtor.
------------------------------------------------------------X

APPEARANCES**:**

BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile:  (212) 589-4201
By:    David J. Sheehan

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

SECURITIES INVESTOR PROTECTION CORPORATION
805 Fifteenth Street, N.W., Suite 800
Washington, D.C. 20005
Telephone: (202) 371-8300
By:    Kevin H. Bell
       Nathanael S. Kelley

STEVEN SURABIAN, *pro se*
RICHARD SURABIAN, *pro se*
P.O. Box 397
W. Hyannisport, MA 02672
Telephone: (508) 688-4613

## ORDER DENYING SURABIANS' REQUEST TO STRIKE TRUSTEE'S OBJECTIONS AND SIPC'S OPPOSITION MEMORANDUM

**WHEREAS**, Martin M. Surabian, Richard Surabian, and Steven Surabian (the "Surabians") filed a (i) Motion to File Late Opposition to Trustee's Third Omnibus Motion to Expunge Claims and Objections of Claimants that Did Not Invest with BLMIS or in Entities that Invested in BLMIS, on January 2, 2013 ("Late Objection Motion") (Dkt. No. 5186), (ii) Motion to Subpoena Bernard L. Madoff ("Subpoena Motion") (Dkt. No. 5188), also on January 2, 2012, and (iii) Motion to Vacate Order and Judgment of Trustee's Third Omnibus Motion to Expunge Claims and Objections of Claimants that Did Not Invest with BLMIS or in Entities that Invested in BLMIS Regarding the Surabians' Claims ("Vacate Motion") (Dkt. No. 5206), on January 22, 2013, and

**WHEREAS**, the Trustee and the Surabians mutually agreed that the Trustee would respond to the Surabians' Late Objection Motion, Subpoena Motion, and Vacate Motion by February 28, 2013, *see* Notice of Adjournment of Briefing Schedules (Dkt. No. 5215), and

**WHEREAS**, on February 28, 2013, the Trustee filed on the docket the (i) Trustee's Objection to Motions to Reconsider Order Expunging Claims and Objections of Claimants That Did Not Invest with BLMIS or Entities That Invested in BLMIS (Dkt. No. 5250), (ii) Trustee's Objection to Motion of Steven, Richard, and Martin Surabian to Subpoena Bernard L. Madoff (Dkt. No. 5251), (iii) Declaration of Amy Vanderwal in Support of (1) Trustee's Objection to Motions to Reconsider Order Expunging Claims and Objections of Claimants That Did Not Invest With BLMIS or Entities That Invested in BLMIS and (2) Trustee's Objection to Motion to Subpoena Bernard L. Madoff (Dkt. No. 5252) (collectively, the "Objections"), and

**WHEREAS**, on February 28, 2013, SIPC filed a Memorandum of Law of the Securities Investor Protection Corporation in Opposition to the Surabians' Motion to File Late Objection to

2

Expungement Motion, Motion to Vacate Expungement Order, and Motion to Subpoena Madoff ("Opposition Memo") (Dkt. No. 5244), and

**WHEREAS**, the Trustee served his Objections and SIPC's Opposition Memo by e-mail on February 28, 2013, and by U.S. Mail on the Surabians one-day later, on March 1, 2013, *see* Affidavit of Service (Dkt. No. 5253), and

**WHEREAS**, on March 8, 2013, with the Court's permission, the Surabians submitted a letter request (the "Request"), in lieu of a motion, seeking an order to strike the Trustee's Objections and SIPC's Opposition Memo on the sole basis that the Objections and Opposition Memo were both served one day after the deadline, and

**WHEREAS**, the Trustee and SIPC submitted letters in response to the Surabians' Request on March 14, 2013 and March 15, 2013, respectively, and

**WHEREAS**, "[m]otions to strike are viewed with disfavor and [are] infrequently granted," *In re Lehman Bros. Holdings Inc.*, 474 B.R. 441, 446 (Bankr. S.D.N.Y. 2012), and

**WHEREAS**, in order to prevail on a motion to strike under Federal Rule of Civil Procedure 12(f), the movant must show that he would be prejudiced by the inclusion of the papers at issue, *see id.*; *see also* 4 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, Federal Practice and Procedure § 1381 (2012) ("[E]ven when technically appropriate and well-founded, Rule 12(f) motions often are not granted in the absence of a showing of prejudice to the moving party."), and

**WHEREAS**, the Surabians have failed to demonstrate that they would suffer any prejudice if the Court were to permit the Trustee's Objections and SIPC's Opposition Memo to remain on the record, and

**WHEREAS**, service of the Trustee's Objections and SIPC's Opposition Memo one day after the deadline does not constitute prejudice against the Surabians under these circumstances,

3

*see In re Heyward*, 15 B.R. 629, 638 (Bankr. E.D.N.Y. 1981) ("Minor delays such as one week, or one day, have been held not to have prejudiced any rights of a debtor) (internal citations omitted), and

**WHEREAS**, the Trustee offered the Surabians (i) additional time to submit their reply papers and (ii) an adjournment of the hearing originally scheduled for March 20, 2013, both of which the Surabians declined, and

**WHEREAS**, the hearing has been adjourned by this Court to April 11, 2013, it is therefore

**ORDERED**, that in light of the above, the Surabians' REQUEST to Strike is DENIED.

Dated: New York, New York
         March 20, 2013                                     /s Burton R. Lifland
                                                    UNITED STATES BANKRUPTCY JUDGE