**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SECURITIES INVESTOR PROTECTION

CORPORATION,

           Plaintiff,

v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC.

           Defendant,

In re:

BERNARD L. MADOFF,

           Debtor.

Adv. Pro. No. 08-01789(BRL)

SIPA LIQUIDATION

(Substantively Consolidated)

**REPLY TO TRUSTEE'S UNTIMELY OBJECTION TO MOTIONS OF STEVEN,**
**RICHARD AND MARTIN SURABIAN TO SUBPOENA BERNARD L. MADOFF**
**and TO RECONSIDER ORDER EXPUNGING CLAIMS AND OBJECTIONS OF**
**CLAIMANTS THAT DID NOT INVEST WITH BLMIS OR ENTITIES THAT**
**INVESTED IN BLMIS and MEMORANDUM OF LAW OF THE SECURITIES**
**INVESTOR PROTECTION CORPORATION EXPUNGEMENT MOTION, MOTION**
**TO VACATE EXPUNGEMENT ORDER, AND MOTION TO SUBPOENA MADOFF**

**NOW** come the Surabians Reply to the Untimely Objections to the Surabians Motions. The

Trustee and SPIC agreed that they would serve any objection if they had any on or before

February 28, 2013. They did not serve objection on or before February 28, 2013 see attached

mailing envelops. Rule 60 Allows to motion up to one year late and the Surabians filed their

Motions within the year. SIPC wants the Motions denied because, even though Surabians filed

eight claims, and because the Trustee claimed he and his staff found no evidence in BLMIS's

records that the Surabians had invested in or through BLMIS and with out speaking to the

Surabians on December 9, 2009 denied the Surabians claims, which SIPC admits the Surabians

Objected timely. SIPC's claim that the Surabians provided no evidence to the contrary, is without

merit because the Surabians confirmed each others accounts and the Surabians supplied no less

evidence than any or most other claimants. The Trustee has never supplied any evidence showing

that the Customers he paid supplied any evidence other than being in the records of BLMIS and

the Trustee has confirmed that Bernard L. Madoff can not be trusted. The Ponzie scheme was

conducted over the life of BLMIS.

SIPC and the Trustee claim three Arguments to Deny Surabians Motion to reconsider which all

three fail.

First they claim that **The Surabian's Failure to Respond was Willful**, Claiming Surabians were

mailed the Motion and was mailed the Order. They supply no evidence to Support that after the

mailing that the Surabians received the Motion. The Surabians have denied ever receiving the

Motion till end of December 2012. The Trustee then had the hearing rescheduled a day so he

could now clam that he called Steven Surabian trying to claim proof that the Surabians knew of

the Motion. The affidavit of the Trustee's assistant that called Steven Surabian never claims he

mentioned the Expungement Motion related to and named the Surabian, Vanderwal Decl. Ex E.

the Surabians were lead to believe without having received the motion that it involved those that

did not invest with Madoff and since the Surabians knew that they invested directly with Madoff

they assumed and were led to believe the motion did not concern them. The Trustee and SIPC

then refer to the reply they filed in August against the Surabians Objection to a Motion claiming

the Surabians had no standing per the Expungement Order, but never supplied the Order or copy

of Motion with their Objections. Surabians did not know what they were talking about and addressed that issue. Even if the Surabians later received the Order, no were in the Order does it refer to the Surabians and without a copy of the Motion no one could tell it was meant for the Surabians, The Surabians names were not listed on the Cover page of the Motion or Order. The Trustee (Vanderwal Delc. Ex. F) claims the court determined that it was up to Klene to check, but in that case Klene was listed on the Cover page as a Defendant. Surabians failure to Respond can not be willful when they never received the Motion and the Trustee admits he has no proof to the contrary.

Secondly the Trustee claimed **The Surabians Do Not Have a Legally Supportable Defense**, even though the Trustee admits "a defense does not have to be completely persuasive but does have to "give the factfinder some determination to make". " The Surabians have corroborating affidavits that they opened accounts with Madoff directly and when the Surabians want to Subpoena Madoff (a writ of habeas corpus ad testificandum), the Trustee objects claiming Madoff is a convicted felon who committed the biggest fraud in U.S. history, yet this same trustee claims he is using the records of this felon to determine who were customers and to pay out based on the Fraudulent Records. Madoff's crime did not just take place in the past few years since his arrest but was put into place well past twenty years ago, the time the Surabians opened their accounts.

The Trustee now wants the the Surabians to prove facts twenty years past yet has not mad this same requirement on other customers the Trustee has paid. The Trustee has paid customers solely on the forged and altered records of BLMIS, because in the Trustee's own words " Madoff's

credibility is highly questionable, and his testimony would be of little probative value" yet the

Trustee goes on and states "were the books and records of BLMIS conclusively establish that the

Surabians did not invest with BLMIS. These records and books were overseen by the same

Madoff and also **NO RECORDS HAVE ERVER BEEN PRODUCED FOR THE**

**SURABIANS TO REVIEW.**  Only statements from people working for the Trustee.

The Trustee claims "SIPA itself makes the potential claimant's burden clear as it requires that the

obligation of the debtor be determined by an examination of the books and records of the debtor

or be "otherwise established to the satisfaction of the trustee"." If it were solely up to the Trustee,

there would be no need for a hearing as was stated after the Trustee denied the Surabians.

The only evidence the Trustee  has supplied to the Court as a bases to paying other customers

was based on the records of Bernard L. Madoff and in the Trustee's words " a convicted felon

who has admitted to operating an enormous Ponzi scheme and as such want to deny the

Surabians Madoff's testimony. As such the Surabians have a Legally Supportable Defense.

The Trustee also is trying to influence the Court by referring to unrelated cases were fraud was

committed against the Surabians and the Courts dismissed the actions by the Surabians to protect

their property when fraudulent mortgages and notes were placed on their property. The trial

judges even thought they knew the Surabians claimed the signatures were forged the Judges

dismissed prior to discovery even-though the Defendants showed no proof the Surabians signed

the documents the Surabians testified that they did not and wants this Court to do the same. To

Deny the Surabians the same right that was granted to all the customers paid by the Trustee and

that is Madoff's testimony, weather direct or indirect by way of records.

The third reason the Trustee claims the Motion should be denied is that **The Trustee Would be**

**Prejudiced if the Motions for Reconsideration Were Granted**, will not hold up. The Trustee will not be prejudiced regarding BLMIS estate as no objections by the Surabians to the Trustee's action were ever denied because the Court concluded the Surabians lacked standing and the Estate has ample reserve to pay the Surabians their claims. The Trustee will not be put in a position to re-litigate motions as they never litigated the Surabians Objections because the Surabians never received the Motion to object to. The Trustee nor SPIC has shown evidence to conclude the Surabians ever received the Motion even if the Motion was mailed. The Trustee's assistant only notified the Surabians of a re-scheduled hearing date but never indicated that the hearing and motion involved the Surabians. As such the Trustee would be saying the Surabians would have to attend every hearing because the hearing may involve the Surabians, a situation prohibitive to the Surabians or any other claimant. The trustee repeatedly claims the Surabians cannot overcome the fact that they have waited this long to act despite the fact that the expungement of their claims by the Claims Order has been repeatedly referenced in filings by the Trustee in response to the numerous pleadings they have filed with this Court as well as by this Court. Not once had the Trustee ever prior to December 2013 attached the Motion and Order for the Surabians to realize the Motion refereed to the Surabians and can not now claim the Surabians cannot now, after so much time is passed, decide that they would like another bite at the apple. The Surabians are not asking for another bite, they were not even shown the apple prior to late December 2012 and as such are entitled to have their Motions for Reconsideration Granted.

**SURABIANS REPLY TO TRUSTEE'S UNTIMELY OBJECTION TO THEIR MOTION**

**TO SUBPOENA MADOFF AND IN THE ALTERNATIVE A WRIT OF HABEAS**

**CORPUS AD TESTIFICANDUM.** The Trustee Objects to the Surabians seeking to Subpoena Bernard L. Madoff or in the alternative Object to the Surabians seeking a Writ of Habeas Corpus Ad Testificandum even though the Trustee acknowledges that he, Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. sect. 78aaa *et seq.*, ("SIPA") , and the estate of Bernard L. Madoff ("Madoff"). individually.

The Trustee wants to deny the Surabians the testimony of the one person the Trustee has allowed to determine all or most other claimants that the Trustee has paid. The trustee has repeatedly stated he used the records and books of Madoff's business, and as such Surabians Motion should be Granted.

The Trustee's objection was untimely, the Trustee an SIPC agreed that all Objection to Surabians Motion was to be served by February 28, 2013. There was no Objection served by that date and thus the Motion should be un-opposed. See copy of mailing envelopes attached.

The Trustee admits that Madoff was involved in a multi-billion dollar securities fraud scheme this was from the start or very close to the start of BLMIS life history and Madoff is now serving his sentence of 150 years at the Butner Federal Correctional Complex.

The Surabians timely filed eight claims which the Trustee acknowledges. The Trustee denied the Surabians' claims because he claimed there was no evidence in the books and records of BLMIS that they ever invested any money, either directly or indirectly, with BLMIS, yet the Trustee never offered or allowed the Surabians a chance to look at what the Trustee claims was evidence that the Surabians never invested and now the Trustee also wants to deny the Surabians

access to the one person who most over saw the books of BLMIS, Madoff himself. The

Surabians timely filed an Objection to the trustee's claim determinations [ECF No. 1209.]

On March 16, 2012, the Trustee filed a motion ("Third Omnibus Motion") seeking to have this

Court expunge any and all claims and objections filed by or on behalf of (i) claimants that did

not invest with BLMIS, or (ii) claimants that invested in entities unrelated to BLMIS, which they

claimed included the Surabians. Although the trustee never has shown that the Surabians ever

received the Motion and does not want the Surabians hear and want to not only deny the

Surabians access to the books and records of BLMIS but also deny the Surabians access to the

one person who oversaw the books and records of BLMIS and that is Bernard L. Madoff himself

as the records and books were the only or mostly only record the Trustee used to conclude who

were customers and how much to pay to those same customers. After the Surabians for the first

time received the Motion in late December 2012, they filed the pending motions.

The trustee claims nine months later, on January 23, 2013, the Surabians appealed the order

expunging their claims and objections, the Surabians claim that they never received the motion

and that the Trustee has not shown that the Surabians received the motion also because the

Surabians first received the Motion in late December 2013they also, on January 2, 2013 filed a

Motion to File Late Opposition to the trustee's Third Omnibus Motion to Expunge Claims and

Objections That Did Not invest With BLMIS or in Entities that Invested in BLMIS and Motion

to File Late Notice of Appeal of Order Granting Approval. On January 22, 2013, the Surabians

soon after receiving a copy of the March 16,2012 Trustee's Motion filed a Motion to Vacate

Order and Judgment of Trustee's Third Omnibus Motion to Expunge Claims and Objections of

Claimants that Did Not Invest with BLMIS or in Entities that Invested in BLMIS as they

invested directly with and through Bernard L. Madoff.

The Surabians Do Not Have a History of Frivolous Motions. The Surabians had every right to

file the Motions and had a reasonable support for each. The Court never found any of Surabians

Motions or Objections to be Frivolous. The Court may not have ruled in favor but never said

they were Frivolous, although the Trustee keep referring to them as Frivolous.

Because the Trustee keeps referring to the books and Record of BLMIS which were overseen

directly by Bernard L. Madoof claiming the Surabians were not in those Books or Records

without showing the books and records to the Court or the Surabians and now want to prevent

Bernard L. Madoff from supporting the Surabians claim that they opened accounts directly with

and through Bernard L. Madoff and that Bernard L. Madoff altered the Books and Records of

BLMIS.

The Trustee's Argument in Support not to Allow is not justified. The Subpoena the Surabians

Motioned for can and should be viewed by this Court as a motion requesting the bankruptcy

court to issue a writ of habeas corpus ad testificandum.

The decision to issue a writ of habeas corpus ad testificandum is committed to the court's "sound

discretion," as the Trustee explained and the in deciding wheather to issue a writ, courts

consider: (1) whether the prisoner's presence will "substantially further" the case's resolution;

(2) the expenses required for the prisoner's transportation and safe keeping; and (3) if the suite

can be stayed until the prisoner is released without prejudice.

Regarding the first issue, since the Trustee has paid out and determined who is customers of

BLMIS based on the Records and Books prepared and over seen by Madoff himself it is only

fair that the Surabians have the same opportunity were Madoff can testify to his knowledge of

the Surabians as customers and to the issue of why the Surabians may now not be found in the

records and books of BLMIS as the Trustee claims. For this reason the Court must issue a writ of

habeas corpus ad testificandum.

Regarding the second issue, the cost should not matter since it was the records of Madoff that

the Trustee has used to determine customers and payouts and to deny the Surabians. Madoff is

required to testify to the accuracy of his records and books. For this reason the cost should not be

a factor.

As for the third issue, Madoff will be incarcerated in prison for 150 years, and the suit can not be

stated until the prisoner is released without prejudice.

For these reasons the motion to Subpoena Madoff or in the alternative a writ of habeas corpus ad

testificandum must be allowed, even if the untimely objection is allowed.

| | | |
|---|---|---|
| *Steven Surabian* | *Richard Surabian* | *Steven Surabian* |
| Steven Surabian Pro se | Richard Surabian Pro se | Martin M. Surabian Pro se |
| 1230 Rt. 28 | P.O. Box 397 | Deceased signed by his son |
| S. Yarmouth, MA 02664 | W. Hyannisport, MA 02672 | Steven Surabian |
| (508) 688-4613 | (508) 579-9834 | (508) 688-4613 |

### CERTIFICATE OF SERVICE

I certify I served a true copy of this Reply on March 12th 2013 by 1st class US Mail postage paid
on David J. Sheehan Baker & Hostetler LLP 45 Rockefeller Plaza, N.Y. NY 10111 and Kevin H.
Bell, Securities Investor Protection Corporation 805 15th Street, N.W. Suite 800, Washington,
D.C. 20005.

*Steven Surabian*

Steven Surabian

First Class Mail

BakerHostetler

Baker&Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111

Steven Surabian
1230 Rt. 28
S. Yarmouth, MA 02664

First Class Mail

BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

Martin M. Surabian
PO Box 397
W. Hyannisport, MA 02672







First Class Mail

BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

Richard Surabian
PO Box 397
W. Hyannisport, MA 02672