# EXHIBIT A

Declaration of Disinterestedness

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |

### DECLARATION OF DISINTERESTEDNESS OF MUNARI GIUDICI MANIGLIO & PANFILI ASSOCIATI AS PROPOSED SPECIAL COUNSEL TO TRUSTEE

I, Prof. Avv. Francesco Munari, declare as follows:

1. I am a member of the Italian bar and admitted to practice as an attorney in Italy.

2. I am a Partner at the firm of Munari Giudici Maniglio & Panfili ("MGMP"), a law firm located at Largo San Giuseppe, 3/23a – 16121, Genoa, Italy.

3. All matters stated herein are known by me to be true except as otherwise stated.

4. By the Order dated December 15, 2008, entered by the Honorable Louis A. Stanton of the United States District Court for the Southern District of New York, Irving H. Picard was appointed trustee ("Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("Debtor"). The Trustee has retained Baker & Hostetler LLP as his primary counsel. However, the Trustee wishes to retain MGMP as Special Counsel to assist the Trustee in Italy in gathering evidence pursuant to the various insolvency/bankruptcy laws of the United States and Italy as well as to assist as necessary in advising on various matters, including any litigation seeking recovery from third parties of assets of the estate.

5. Section 78eee(b)(6) of the Securities Investor Protection Act of 1970 ("SIPA") is entitled "Disinterestedness" and provides as follows:



**(6) Disinterestedness**

    (A)      Standards

For the purposes of paragraph (3), a person shall not be deemed disinterested if:

(i)    such person is or was a creditor (including a customer), stockholder, or partner of the debtor;

(ii)    such person is or was an underwriter of any of the outstanding securities of the debtor or within five years prior to the filing date was the underwriter of any securities of the debtor;

(iii)    such person is, or was within two years prior to the filing date, a director partner, officer, or employee of the debtor or such an underwriter, or an attorney for the debtor or such an underwriter; or

(iv)    it appears that such person has by reason of any other direct or indirect relationship to, connection with, or interest in the debtor or such an underwriter, or for any other reason an interest materially adverse to the interests of any class of creditors (including customers) or stockholders,

except that SIPC shall in all cases be deemed disinterested, and an employee of SIPC shall be deemed disinterested if such employee would, except for his association with SIPC, meet the standards set forth in this subparagraph.

6. In order to determine that MGMP is disinterested within the meaning of SIPA § 78eee(b)(6), I used the firm's conflicts check procedures and practices to determine that, to the best of my knowledge, MGMP meets the "disinterestedness" requirements set forth in SIPA § 78eee(b)(6).

7. Based on these responses and that belief, it would appear that MGMP meets the disinterestedness standard of § 78eee(b)(6)(A) of SIPA, as well as under Bankruptcy Code § 327(a) and Federal Rule of Civil Procedure 2014(a) and has no conflict nor an interest materially adverse to the Debtor.

8. As a result, to the best of my knowledge, information and belief, I have been able to determine that

    (A)      No fee-earner of MGMP is a creditor (including customer), stockholder, or partner of the Debtor;

    (B)      No fee-earner of MGMP is or was an underwriter of any of the outstanding securities of the Debtor or within five years prior to the filing date was the underwriter of any securities of the Debtor;



    (C)        No fee-earner of MGMP is or was within two years prior to the filing date, a director, partner officer or employee of the Debtor or such an underwriter or any attorney for the Debtor or such an underwriter; and

    (D)        It appears that no fee-earner of MGMP has, by reason of any other direct or indirect relationship to, connection with, or interest in the Debtor or such an underwriter, or for any other reason, an interest materially adverse to the interest of any class of creditors (including customers) or stockholders.

9. I understand that the Trustee and SIPC are continuing to research and analyze the books and records of the Debtor. As a result, additional information may be discovered that may be relevant to the instant Declaration. I understand that MGMP has a continuing duty to disclose any subsequently discovered information and/or connections within the meaning of 15 U.S.C. § 78eee(b)(6), and I will supplement this Declaration as appropriate.

I declare under penalty of perjury that the foregoing is true and correct and if called on as a witness I could testify competently thereto.

Executed on the 15th day of March 2013 at Genoa, Italy.

*[signature]*

Prof. Avv. Francesco Munari
Munari Giudici Maniglio & Panfili Associati