Hearing Date: **April 25, 2013**
Hearing Time: **10:00 a.m.**

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Jorian L. Rose
Email: jrose@bakerlaw.com
Edward J. Jacobs
Email: ejacobs@bakerlaw.com
Amy E. Vanderwal
Email: avanderwal@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　　　　　　　Defendant, | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>　　　　　　　　　　Debtor. | |

**TRUSTEE'S OBJECTION TO STEVEN, RICHARD
AND MARTIN SURABIAN'S MOTION TO SUBPOENA THE BOOKS
AND RECORDS OF BLMIS AND BERNARD L. MADOFF AND MOTION TO
SUBPOENA THE RECORDS OF SIPC AND THE TRUSTEE CONCERNING THE
CUSTOMERS AND PAYMENTS TO CUSTOMERS AND HOW THEY WERE
<u>DETERMINED TO BE CUSTOMERS OF BLMIS</u>**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ............................................................................................... 1

PROCEDURAL BACKGROUND ........................................................................................... 2

    A.    The Court-Ordered Claims Administration Process. ............................................. 2

    B.    Expungement of the Surabians' Claims and Objections......................................... 2

    C.    The Surabians' History of Frivolous Motions. ....................................................... 3

    D.    The Surabians' Efforts to Compel the Trustee to Produce Books and
          Records. ................................................................................................................... 5

ARGUMENT ............................................................................................................................. 5

    A.    The Facts Weigh Decidedly Against Ordering Production of Books and
          Records of BLMIS. ................................................................................................ 5

    B.    The Facts Weigh Decidedly Against Ordering Production of Records of
          SIPC and the Trustee Concerning the Customers, Payments to Customers,
          and How They Were Determined To Be Customers. ............................................ 9

CONCLUSION ........................................................................................................................ 11

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*In re Adler Coleman Clearing Corp.*,
   204 B.R. 111 (Bankr. S.D.N.Y. 1997) .................................................................................7

*In re Bernard L. Madoff Inv. Sec. LLC*,
   654 F.3d 229 (2d Cir. 2011), *reh'g and reh'g en banc den.* (2d Cir. Nov. 08, 2011),
   *cert. dismissed*, 132 S.Ct. 2712 (2012), *cert. den.*, 133 S. Ct. 24 (2012) ...................................9

*In re Brentwood Sec., Inc.*,
   925 F.2d 325 (9th Cir. 1991) ................................................................................................7

*Concord Boat Corp. v. Brunswick Corp.*,
   169 F.R.D. 44 (S.D.N.Y. 1996) ...........................................................................................5

*Horn & Hardart Co. v. Pillsbury Co.*,
   888 F. 2d 8 (2d Cir. 1989) ..................................................................................................10

*In re John Doe Corp.*,
   675 F. 2d 482 (2d Cir. 1982) ..............................................................................................10

*Night Hawk Ltd. v. Briarpatch Ltd.*,
   No. 03 Civ. 1382RWS, 2003 WL 23018833 (S.D.N.Y. Dec. 23, 2003) .................................6

*Picard v. Picower*,
   Adv. No. 09-01197 (BRL), ECF No. 43 ...............................................................................3

*Picard v. Trotanoy Inv. Co.*,
   Adv. No. 10-05208 (BRL), ECF No. 53 ...............................................................................3

*Redvanly v. NYNEX Corp.*,
   152 F.R.D. 460 (S.D.N.Y. 1993) .......................................................................................10

*U.S. ex rel. Schiff v. Atlantic Basin Iron Works*,
   53 F. Supp. 268 (E.D.N.Y. 1943) ........................................................................................6

*Schoolcraft v. City of New York*,
   No. 10 Civ. No. 6005 (RWS), 2012 WL 2161596 (S.D.N.Y. June 14, 2012) ....................6, 9

*Surabian v. Picard*,
   No. 12 Civ. 07999 (KBF), ECF No. 15 ...............................................................................4

*Surabian v. Picard*,
   No. 13-CV-00935-JGK (S.D.N.Y. Feb. 8, 2013) .................................................................4

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

**STATUTES**

15 U.S.C. §§ 78aaa *et seq.* ...........................................................................................................1

15 U.S.C. § 78fff-2(b) ................................................................................................................7, 8

15 U.S.C. § 78fff-2(a)(3) ................................................................................................................2

15 U.S.C. § 78fff–2(b)(2) ...........................................................................................................2, 8

Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA")[1], and the estate of Bernard L. Madoff ("Madoff"), individually, by and through his undersigned counsel, respectfully opposes the motion filed by Steven, Richard and Martin Surabian (deceased) (collectively, the "Surabians") on March 22, 2013 (the "Motion") [ECF No. 5290] seeking a subpoena to compel the Trustee to produce books and records of BLMIS.

## PRELIMINARY STATEMENT

The Surabians have offered numerous baseless motions and objections in these proceedings, and the present Motion, requesting the Court to compel the Trustee to produce nearly 30 million BLMIS documents, none of which mention the Surabians, is no different. Despite the Court having already expunged their claims, the Surabians now ask this Court to revisit its prior order and compel the Trustee to produce BLMIS books and records and attorney work product regarding claims determinations. The Surabians are engaged in a misplaced effort to deflect attention from the fact that they did not invest with BLMIS and have failed to provide a shred of evidence to the contrary. The production sought by the Surabians—the identity of and amounts paid to allowed claimants—has no bearing on the Surabians' claim determinations. The Motion is simply the latest installment in the Surabians' frivolous attempts to revisit prior orders of this Court. Accordingly, the Motion should be denied.

---

[1] For convenience, future references to SIPA shall omit "15 U.S.C."

## PROCEDURAL BACKGROUND

  A. **The Court-Ordered Claims Administration Process.**

  The Trustee sought and obtained a court order to implement a customer claims process in accordance with SIPA. Following an application by the Trustee dated December 21, 2008, this Court entered the Claims Procedures Order. [ECF No. 12.] By the mandatory statutory bar date for filing claims under § 78fff-2(a)(3) of SIPA, the Trustee received over 16,500 customer claims, including eight claims filed by the Surabians. [ECF No. 5252, Ex. A.] The Trustee denied the Surabians' claims on December 8, 2009 because (i) there was no evidence in the books and records of BLMIS that they ever invested any money with BLMIS, and (ii) they did not "otherwise establish[ ] to the satisfaction of the trustee" that they had accounts with BLMIS and that they were owed money by BLMIS. [SIPA § 78fff-2(b); *see also* ECF No. 5252, Ex. B.] On January 4, 2010, the Surabians filed an objection to the Trustee's claim determinations. [ECF No. 1209.]

  B. **Expungement of the Surabians' Claims and Objections.**

  On March 16, 2012, the Trustee filed a motion ("Third Omnibus Motion") seeking to have this Court expunge any and all claims and objections filed by or on behalf of (i) claimants that did not invest with BLMIS, or (ii) claimants that invested in entities unrelated to BLMIS, which included the Surabians. [ECF No. 4732.] Through the claims administration process or in response to the Third Omnibus Motion, the Surabians had the opportunity to provide the Trustee with credible information that showed that the Surabians invested directly with BLMIS. They did not. As a result, on April 19, 2012, after notice and a hearing—at which the Surabians did not appear—this Court expunged the Surabians' claims and objection with prejudice pursuant to § 78fff–2(b)(2) of SIPA and the Claims Procedures Order. [ECF No. 4779.] Nine months later, on January 23, 2013, the Surabians filed an untimely appeal of the order expunging their claims

and objection. [ECF Nos. 5208, 5209.] Also, on January 2, 2013, the Surabians filed a Motion to File a Late Opposition to the Trustee's Third Omnibus Motion to Expunge Claims and Objections That Did Not Invest With BLMIS or in Entities that Invested in BLMIS and Motion to File Late Notice of Appeal of Order Granting Approval, together with the related Objection to Third Omnibus Motion. [ECF Nos. 5186, 5187.] In addition, on January 2, 2013, the Surabians filed a Motion to Subpoena Bernard L. Madoff. [ECF No. 5188.] On January 22, 2013, the Surabians filed a Motion to Vacate Order and Judgment of Trustee's Third Omnibus Motion to Expunge Claims and Objections of Claimants that Did Not Invest with BLMIS or in Entities that Invested in BLMIS Regarding the Surabians' Claims. [ECF No. 5206.] The Trustee has filed objections to these motions. [ECF No. 5244, 5250, 5251.]

### C. The Surabians' History of Frivolous Motions.

The Surabians have filed numerous baseless objections and motions in these proceedings, both before and after the Court expunged their claims:

- The Surabians objected to the Trustee's Motion for an Order to Schedule Hearing on "Customer" Issue. [ECF No. 2133.] The Court overruled the objection and approved the Trustee's proposed briefing schedule. [ECF No. 2205.]

- The Surabians filed an objection to the settlement with the Estate of Jeffry M. Picower. [ECF No. 3641.] The Surabians' objection was overruled. *See Picard v. Picower*, Adv. No. 09-01197 (BRL) (Bankr. S.D.N.Y. Jan. 13, 2011), ECF No. 43.

- The Surabians filed the sole objection to the settlement between the Trustee and Trotanoy Investment Company, Ltd., et al. *See Picard v. Trotanoy Inv. Co.*, Adv. No. 10-05208 (BRL) (Bankr. S.D.N.Y. Apr. 4, 2012), ECF No. 53. The objection was overruled by this Court and questioned as confusing and without basis. Hr'g Tr., 8:1, *Picard v. Trotanoy*, Adv. No. 10-05208, ECF No. 60.

- The Surabians objected to the Trustee's Motion for a Second Interim Distribution. [ECF No. 4965.] This Court overruled the Surabians' objection for lack of standing. [Hr'g Tr. 21:6, Aug. 22, 2012, ECF No. 5014.] ("Finally, the objections that are unrelated to the reserve amount are I find frivolous, and

3

they were set forth by individuals who I've already found previously lack standing as their claims have been denied and accordingly overruled.")

- On August 1, 2012, the Surabians filed an objection to the Trustee's Motion Seeking a Scheduling Order with respect to the Time-Based Damages Issue. [ECF No. 4952.] The Trustee filed a reply again arguing the Surabians lack standing. [ECF No. 5001.] On September 5, 2012, the Court entered a scheduling order and denied the Surabians' objection.

- On August 23, 2012, the Surabians filed a Motion to Remove Irving H. Picard as Trustee. [ECF No. 5003.] The Trustee objected to the Surabians' motion, again arguing that the Surabians lack standing. [ECF No. 5019.] The Surabians replied to the Trustee's objection on September 12, 2012. [ECF No. 5028.] The Bankruptcy Court denied the motion on November 14, 2012. [ECF No. 5080.] On November 30, 2012, the Surabians filed a notice of appeal of that decision. [ECF No. 5136.] That appeal is now pending before Judge Koeltl. *See Surabian v. Picard*, No. 13-CV-00935-JGK (S.D.N.Y. Feb. 8, 2013).

- On September 19, 2012, the Surabians filed a late Notice of Appeal of Order Approving Second Interim Distribution to Customers. [ECF No. 5031.] The Trustee objected to this appeal as untimely and on January 7, 2013, the Surabians filed a Motion to File Late Appeal of the Order Approving Second Allocation of Property to the Fund of Customer Property and Authorizing Second Interim Distribution to Customers. [ECF No. 5209.] The Trustee moved to dismiss the appeal and on January 25, 2013, the appeal was dismissed as untimely by Judge Forrest of the District Court for the Southern District of New York. *Surabian v. Picard*, No. 12 Civ. 07999 (KBF), ECF No. 15.

- On January 2, 2012, the Surabians filed a Motion to File a Late Opposition to the Trustee's Third Omnibus Motion to Expunge Claims and Objections That Did Not Invest With BLMIS or in Entities that Invested in BLMIS and Motion to File Late Notice of Appeal of Order Granting Approval [ECF No. 5186], together with the related Objection to the Third Omnibus Motion [ECF No. 5187].

- Related to the Motions for Reconsideration and Motion to File Late Notice of Appeal addressed herein, the Surabians filed, on January 2, 2013, a Motion to Subpoena Bernard L. Madoff. [ECF No. 5188.]

- Finally, the Surabians filed a letter, dated March 8, 2013, requesting the Bankruptcy Court strike the Trustee's Responses to the Motions for Reconsideration and Motion to File Late Notice of Appeal and the Motion to Subpoena Bernard L. Madoff as untimely. [ECF No. 5267.]

4

### D. The Surabians' Efforts to Compel the Trustee to Produce Books and Records.

The Surabians filed the present Motion requesting that the Court "issue a Subpoena for SIPIC [sic] and the Trustee Irving H. Picard to supply the Surabians with copies of all the records of BLMIS including but not limited to Customers and to supply the Surabians with the names of all Allowed Customers and how they were determined to be customs [sic] and the amounts paid to those customers to date by BLMIS and or the Trustee." For the reasons that follow, the Motion should be denied.

## ARGUMENT

### A. The Facts Weigh Decidedly Against Ordering Production of Books and Records of BLMIS.

The Surabians have not met their burden of establishing that they are entitled to the production of the books and records of BLMIS.

First, the Trustee opposes the Surabians' motion to subpoena the books of records of BLMIS on the basis that such a request is unduly burdensome. The Trustee is in possession of a massive document collection of BLMIS electronic data, hosted in multiple databases and currently consisting of more than 28.8 million documents (4.0 terabytes of data). In addition, the Trustee is in possession of thousands of boxes of paper and documents and other physical items, as well as 19,000 pieces of electronic media. Requiring the Trustee to process and produce this colossal volume of data would be unduly burdensome, especially given that the Surabians are not a party to any litigation pertaining to BLMIS, and the Trustee has already established that the Surabians have no connection in fact or law to BLMIS or its records. To authorize such a subpoena would result in an immense waste of time and resources for no identifiable purpose. *See Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y. 1996) (ruling that a subpoena imposed an undue burden, the Court considered "such factors as relevance, the need of

5

the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed") (citation omitted).

Second, the Trustee opposes the Surabians' motion to subpoena BLMIS's books and records on the grounds that it is overbroad and that the information sought is irrelevant to the Surabians' effort to reverse the denial of their customer claims. *See Schoolcraft v. City of New York*, No. 10 Civ. No. 6005 (RWS), 2012 WL 2161596, at *2 (S.D.N.Y. June 14, 2012) (quoting *Night Hawk Ltd. v. Briarpatch Ltd.*, No. 03 Civ. 1382RWS, 2003 WL 23018833, at *8 (S.D.N.Y. Dec. 23, 2003) ("The party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings.")). As evidenced by the Surabians' numerous failed attempts to insert themselves in the underlying matter, they now seek to embark on a fishing expedition, hoping to discover any connection to BLMIS in the hopes of recovering from the estate. *See U.S. ex rel. Schiff v. Atlantic Basin Iron Works*, 53 F. Supp. 268, 271 (E.D.N.Y. 1943) (disallowing requested discovery for plaintiff who "set forth averments which disclose an aspiration rather than a claim" because the Federal Rules do not "permit the plaintiff to call witnesses in a fishing expedition, with the hope that somewhere or somehow it may develop that a defendant has some liability") (citation omitted). The Surabians have never established, nor has the Trustee identified, any evidence that connects the Surabians to BLMIS. Therefore, nothing that would be produced in response to the Surabians' requested subpoena will be relevant to the Surabians in any way.

Third, the Trustee opposes this motion because the Surabians have, despite ample opportunity, failed to establish the very fact they are attempting to establish through the requested subpoena, namely that they invested in BLMIS. The burden to demonstrate that they

6

were customers of BLMIS who could potentially hold claims is on the Surabians. Because, under SIPA, customers receive priority status in the distribution of certain property, a potential claimant has the burden of demonstrating his or her status as a customer. *See In re Brentwood Sec., Inc.*, 925 F.2d 325, 328 (9th Cir. 1991) (claimants have the burden of proving they are customers by establishing that they entrusted cash or securities to the broker); *In re Adler Coleman Clearing Corp.*, 204 B.R. 111, 115 (Bankr. S.D.N.Y. 1997) (same). SIPA itself makes the potential claimant's burden clear as it requires that the obligations of the debtor be determined by an examination of the books and records of the debtor, which has been completed by the Trustee, or be "otherwise established to the *satisfaction of the trustee*." SIPA § 78fff-2(b) (emphasis added). The Surabians have failed to meet this burden.

On February 28, 2009, the Surabians filed eight SIPA claims [ECF No. 5252, Ex. A.], which the Trustee denied on December 8, 2009, because there was no evidence in the books and records of BLMIS that they ever invested any money with BLMIS. [ECF No. 5252, Ex. B.] Thereafter, the Surabians filed an objection to the Trustee's claim determination [ECF No. 1209], and wrote a letter to the Trustee, dated August 23, 2010, seeking reconsideration of the disallowance of their claims. [ECF No. 5252, Ex. C.] The Trustee responded, by letter dated August 30, 2010, and informed the Surabians that they had provided no factual basis on which the Trustee could reconsider the denial of their claims. [ECF No. 5252, Ex. D.] In response to this correspondence, the Surabians did not provide any documentation to support their claims. Despite the Surabians' failure to provide any support for their claims, the Trustee conducted his own exhaustive investigation into the Surabians' claims. As set forth in the Third Omnibus Motion, nothing in the BLMIS books and records indicates any investment in BLMIS by the Surabians. [ECF No. 4732.] The Third Omnibus Motion afforded the Surabians another

7

opportunity to provide the Trustee with evidence that they invested with BLMIS and they failed to do so. In fact, the Surabians have never produced any documentary evidence that their supposed multi-million dollar accounts ever existed or were funded by them. As a result, on April 19, 2012, after notice and a hearing, this Court expunged the Surabians' claims and objection with prejudice pursuant to section 78fff-2(b)(2) of SIPA and the Claims Procedures Order. [ECF No. 4779.] In light of the Surabians' repeated failure to meet their burden of proving their claims, the Trustee opposes the current motion, as it has become exceedingly evident that no such proof exists.

      All the factors here weigh against any order granting the relief sought in the Motion. The production of any BLMIS books and records would have no probative value because the absence of any record supporting the basis of any of the Surabians' claims establishes that the Surabians did not invest with BLMIS. The Surabians have known since December 2009 that the Trustee disputed their claims because there is no evidence in the books and records of BLMIS they ever invested in BLMIS. And yet during the more than three years that have elapsed, the Surabians have failed to produce any evidence demonstrating they ever had a customer relationship with BLMIS. SIPA § 78fff-2(b). The Surabians failed to explain how much and how they invested with BLMIS. They failed to provide bank records from any financial institutions that demonstrate the flow of their funds, cancelled checks, receipts from BLMIS, trade confirmations, tax returns, or any record whatsoever. Without burdening the Court, the Trustee incorporates each of the arguments from the Third Omnibus Motion and the Claims Reconsideration Objection that the Surabians have otherwise failed to properly show the existence of a customer relationship at any time. [*See* Third Omnibus Motion, ECF No. 4732; Claims Reconsideration Objection, ECF No. 5250.]

8

### B. The Facts Weigh Decidedly Against Ordering Production of Records of SIPC and the Trustee Concerning the Customers, Payments to Customers, and How They Were Determined To Be Customers.

The Surabians have not met their burden of establishing that they are entitled to production of any of the Trustee's records regarding BLMIS customers, their claims, or the Trustee's claims determination process, which is the second category of documents the Surabians are seeking.

First, the Trustee objects to the Motion to the extent it seeks a subpoena for the Trustee's records pertaining to BLMIS customers and their claims on the grounds that such information has no probative value in the Surabians' endeavor to reverse the denial of their customer claims. *See Schoolcraft*, 2012 WL 2161596, at *2. The Surabians are on a quest, albeit futile, to establish that they invested in BLMIS. Information regarding other customers and their claims does not determine whether the Surabians invested with BLMIS. They should not be permitted to seek such irrelevant information.

Second, to the extent the Surabians seek to subpoena information pertaining to the claims determination process, the Trustee objects because this process has been made public and has been approved by the Court. The Trustee sought and maintained a court order to implement a customer claims process in accordance with SIPA. Following an application by the Trustee dated December 21, 2008, this Court established the procedure for filing, determining and adjudicating claims (the "Claims Procedures Order"). [ECF No. 12.] In addition, the United States Court of Appeals for the Second Circuit has upheld the Trustee's methodology for determining the value of BLMIS customers' claims in *In re Bernard L. Madoff Inv. Sec. LLC*, 654 F.3d 229 (2d Cir. 2011), *reh'g and reh'g en banc den.* (2d Cir. Nov. 08, 2011), *cert. dismissed*, 132 S.Ct. 2712 (2012), *cert. den.*, 133 S. Ct. 24 (2012). If the Surabians seek

9

information regarding the Trustee's claims determination process, they are free to obtain it in publicly filed documents, not through a subpoena of the Trustee's records.

Third, the Trustee objects to the Motion to the extent it seeks information pertaining to BLMIS customers' SIPA claims, as such information is, by Order of this Court, confidential and non-public. [ECF No. 12.] Pursuant to the Claims Procedures Order, all proofs of claims are filed with the Trustee, not the Court, and such claims are not available on a public docket. Furthermore, the Surabians have made no showing whatsoever as to why access to such third-party materials has any relevance to their purported claims.

Fourth, to the extent that the Trustee possesses information pertaining to the claims determination process that does not appear in a publicly filed document, the Trustee objects to the Motion on the basis that it seeks information shielded from discovery by the work product doctrine and/or the attorney-client privilege. *See In re John Doe Corp.*, 675 F. 2d 482, 493 (2d Cir. 1982) (mental processes and legal theories of the interviewing attorney are entitled to the "greatest protection available under the work product immunity"); *Horn & Hardart Co. v. Pillsbury Co.*, 888 F. 2d 8, 12 (2d Cir. 1989) ("[P]ermitting discovery of the [attorney's] notes would have contradicted "the general policy against invading the privacy of an attorney's course of preparation [that] is so well recognized and so essential to an orderly working of our system of legal procedure"); *Redvanly v. NYNEX Corp.*, 152 F.R.D. 460, 464 (S.D.N.Y. 1993) ("a litigant is entitled only to discovery of the facts relevant to a case and not his adversary's opinions or theories about the litigation"). The Trustee is simply not required to turn over his work product or privileged communications. This is especially true where, as is the case here, doing so would have absolutely no probative value to the issues in dispute.

10

## **CONCLUSION**

For the reasons set forth herein, the Trustee respectfully requests that this Court deny the Motion.

Dated: New York, New York
April 3, 2013

Respectfully submitted,

/s/ David J. Sheehan
David J. Sheehan
Email: dsheehan@bakerlaw.com
Jorian L. Rose
Email: jrose@bakerlaw.com
Edward J. Jacobs
Email: ejacobs@bakerlaw.com
Amy E. Vanderwal
Email: avanderwal@bakerlaw.com

Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

300277475