**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |

**MEMORANDUM OF LAW OF THE
SECURITIES INVESTOR PROTECTION CORPORATION
IN OPPOSITION TO THE SURABIANS' MOTION TO SUBPOENA
THE BOOKS AND RECORDS OF BLMIS AND BERNARD L. MADOFF AND
MOTION TO SUBPOENA THE RECORDS OF SIPC AND THE TRUSTEE
CONCERNING THE CUSTOMERS AND PAYMENTS TO CUSTOMERS AND HOW
THEY WERE DETERMINED TO BE CUSTOMERS OF BLMIS**

SECURITIES INVESTOR PROTECTION CORPORATION
805 Fifteenth Street, N.W., Suite 800
Washington, D.C. 20005
Telephone: (202) 371-8300
JOSEPHINE WANG
General Counsel
KEVIN H. BELL
Senior Associate General Counsel for Dispute Resolution
NATHANAEL S. KELLEY
Staff Attorney

**TABLE OF CONTENTS**

**PAGE**

PRELIMINARY STATEMENT ....................................................................................... 1

STATEMENT OF THE CASE ....................................................................................... 2

ARGUMENT ....................................................................................... 4

I. STANDARD FOR REVIEWING SUBPOENAS ....................................................................................... 4

II. THE SUBPOENA DOES NOT SEEK RELEVANT DISCOVERY AND WOULD CAUSE AN UNDUE BURDEN TO SIPC ....................................................................................... 6

A. The Subpoena Does Not Seek Relevant Discovery ....................................................................................... 6

B. The Subpoena Would Impose an Undue Burden Upon SIPC ....................................................................................... 7

CONCLUSION ....................................................................................... 9

**TABLE OF AUTHORITIES**

**CASES:** **PAGE**

*In re Bernard L. Madoff Inv. Sec. LLC*, 424 B.R. 122 (Bankr. S.D.N.Y. 2010), *aff'd*, 654 F.3d 229 (2d Cir. 2011), *reh'g and reh'g en banc den.* (2d Cir. Nov. 08, 2011), *cert. dismissed*, 132 S.Ct. 2712 (2012), *cert. den.*, 133 S. Ct. 24 (2012) ....3, 8

*Cleveland–Goins v. City of New York*, 1999 WL 673343 (S.D.N.Y. Aug. 30, 1999) ....5

*Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44 (S.D.N.Y. 1996) ....7

*Davis v. Hoffman*, 2000 WL 1514603 (S.D.N.Y. Oct. 12, 2000) ....8

*During v. City Univ. of N.Y.*, 2006 WL 2192843, at *2 (S.D.N.Y. Aug. 1, 2006) .... 4-6

*Hickman v. Taylor*, 329 U.S. 495 (1947) ....5

*ICU Med., Inc. v. B.Braun Med., Inc.*, 224 F.R.D. 461 (N.D. Cal. 2002) ....7

*Mishkin v. Siclari (In re Adler, Coleman Clearing Corp.)*, 277 B.R. 520 (Bankr. S.D.N.Y. 2002) ....6

*Milazzo v. Sentry Ins.*, 856 F.2d 321 (1st Cir. 1988) ....5

*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978) ....5, 6

*United States v. International Bus. Mach. Corp.*, 83 F.R.D. 97 (S.D.N.Y. 1979) ....7

*Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309 (S.D.N.Y. 2003) ....5

**STATUTES AND RULES:**

Securities Investor Protection Act, as amended, 15 U.S.C. §

78fff(b) ....4

## TABLE OF AUTHORITIES

**OTHER AUTHORITY:** **PAGE**

Federal Rule of Bankruptcy Procedure

9016........................................................................................................................4

Federal Rule of Civil Procedure

26(b)(1) ........................................................................................................................ 4-5
26(b)(2) ........................................................................................................................ 5-6
45.........................................................................................................................4
60(b) ........................................................................................................................4

The Securities Investor Protection Corporation ("SIPC") respectfully submits this memorandum in opposition to the motion filed by or on behalf of Martin M. Surabian (deceased), Richard Surabian, and Steven Surabian (collectively, the "Surabians") on March 22, 2013 (the "Motion") (ECF No. 5290)[1] seeking a subpoena (the "Subpoena") to compel SIPC to produce the books and records of Bernard L. Madoff Investment Securities LLC ("BLMIS") and documents regarding customer claims and determinations (collectively, the "Documents"). For the reasons discussed below, the Motion should be denied.

**PRELIMINARY STATEMENT**

By order dated December 23, 2008, this Court granted a motion by Irving H. Picard (the "Trustee"), as trustee for the consolidated liquidation under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa *et seq.*, of BLMIS, and the estate of Bernard L. Madoff ("Madoff"),[2] to establish a procedure for determining claims in the liquidation of BLMIS (the "Claims Order"). (ECF No. 12.) Pursuant to the Claims Order, the Surabians filed claims with the Trustee, asserting that they opened accounts directly with Madoff. Unable to find any mention of the Surabians in any of the books and records of BLMIS, the Trustee denied the Surabians' claims. While the Surabians filed an objection to the Trustee's determination, they provided no objective evidence of their alleged customer relationship with BLMIS. Accordingly, the Trustee moved to expunge the Surabians' claims on the grounds that they never invested with or through BLMIS (the "Expungement Motion"). (ECF No. 4732.) On April 19,

[1] All ECF references refer to pleadings filed in *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC*, Adv. Pro. No. 08-01789 (BRL) (Bankr. S.D.N.Y.), unless otherwise noted.

[2] For convenience, references to provisions of SIPA shall omit "15 U.S.C."

2012, this Court granted that motion, unopposed by the Surabians, leaving the Surabians without standing in the liquidation (the "Expungement Order"). (ECF No. 4779.)

Over eight months later, the Surabians submitted a flurry of papers, challenging the Expungement Order and hoping to revive their claims on the assertion that they never received the Expungement Motion and Order. Now, nearly eleven months after the Expungement Order, the Surabians have filed the present Motion, asking this Court to issue the Subpoena for the books and records of BLMIS and all documents regarding customer claims and determinations held by SIPC (the "Documents"). SIPC respectfully submits this memorandum in opposition to the Surabians' Motion, the latest and likely not the last attempt by the Surabians to interfere with this liquidation. Because the Subpoena requested by the Surabians has no relevance to any legal issue currently before this Court and little relevance to the Surabians' claims should they be revived, and because a response would impose an undue burden upon SIPC, this Court should deny the Motion.

## STATEMENT OF THE CASE

On December 23, 2008, upon a motion by the Trustee, this Court entered the Claims Order in this liquidation proceeding for BLMIS establishing procedures governing, *inter alia*, the filing and determination of "customer" claims, and the adjudication of any "customer" claim determination objections under SIPA. (ECF No. 12.) Under these procedures, claimants filed claims directly with the Trustee, rather than with the Court as in a bankruptcy liquidation. The Trustee would determine the claims and notify each claimant of his determination in writing and of the claimant's right to request judicial review of the determination if the claimant disagreed with it. This Court would then adjudicate the claim and the Trustee's disposition thereof.

Pursuant to the claims process, the Surabians filed eight claims. (ECF No. 5252, Ex. A.) In researching the claims, the Trustee and his staff found no evidence in BLMIS's records that the Surabians had invested in or through BLMIS, and the Surabians provided no evidence to the contrary. Accordingly, on December 8, 2009, the Trustee issued a determination denying the Surabians' claims. (ECF No. 5252, Ex. B.) The Surabians objected to the Trustee's determination on January 4, 2010. (ECF No. 1209.)

Separately, other claimants objected to the Trustee's use of the "net investment method" for calculating net equity. In opinions describing how the Trustee calculates each customer's net equity, this Court and the Second Circuit Court of Appeals approved the Trustee's method of calculation. *In re Bernard L. Madoff Inv. Sec. LLC*, 424 B.R. 122, 135 (Bankr. S.D.N.Y. 2010), *aff'd*, 654 F.3d 229 (2d Cir. 2011), *reh'g and reh'g en banc den.* (2d Cir. Nov. 08, 2011), *cert. dismissed*, 132 S.Ct. 2712 (2012), *cert. den.*, 133 S. Ct. 24 (2012).

On March 16, 2012, the Trustee filed the Expungement Motion, seeking to expunge claims and objections of claimants that did not invest with BLMIS or in entities that invested in BLMIS, including the claims filed by the Surabians. (ECF No. 4732.) On April 19, 2012, this Court entered the Expungement Order, granting the Trustee's motion and expunging, *inter alia*, all of the Surabians' claims on the grounds that the Surabians did not invest with BLMIS or in entities that invested with BLMIS. (ECF No. 4779.) Having filed no timely appeal, the Surabians have no claims or objections remaining in this liquidation.

Nevertheless, the Surabians continued to bring numerous challenges and objections to the liquidation process, to which the Trustee repeatedly responded that they lacked standing to do so. Over eight months after the Expungement Order, in January 2013, the Surabians filed a series of motions seeking to reestablish their claims and regain standing. On January 2, 2013, the

Surabians filed the Motion to File Late Opposition to Trustee's Third Omnibus Motion to Expunge Claims and Objections of Claimants that Did Not Invest with BLMIS or in Entities that Invested in BLMIS (the "Motion to File Late Opposition") (ECF No. 5186), together with the related Objection to the Third Omnibus Motion. (ECF No. 5187.) Also on January 2, 2013, the Surabians filed a Motion to Subpoena Bernard L. Madoff. (ECF No. 5188.) On January 22, 2013, the Surabians filed the Motion to Vacate Order and Judgment of Trustee's Third Omnibus Motion to Expunge Claims and Objections of Claimants that Did Not Invest with BLMIS or in Entities that Invested in BLMIS, asserting Rule 60(b) grounds to vacate the Expungement Order (the "Motion to Vacate"). (ECF No. 5206.)[3] The only discernible ground upon which the Surabians hope to vacate the Expungement Order is an assertion that they did not receive the Expungement Motion or Expungement Order until December 2012.

## ARGUMENT

### I. STANDARD FOR REVIEWING SUBPOENAS

To the extent consistent with SIPA, a SIPA liquidation is to be "conducted in accordance with, and as though it were being conducted under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11." SIPA § 78fff(b). Federal Rule of Bankruptcy Procedure 9016 makes Federal Rule of Civil Procedure 45, regarding the issuance of subpoenas, applicable in a bankruptcy case. "Subpoenas issued under Rule 45 of the Federal Rules of Civil Procedure are subject to Rule 26(b)(1)'s overriding relevance requirement." *During v. City Univ. of N.Y.*, 2006 WL 2192843, at *2 (S.D.N.Y. Aug. 1, 2006). Under Rule 26(b)(1), "[p]arties may obtain

[3] Completing their attack upon the Expungement Order, the Surabians also filed a Notice of Appeal from the Expungement Order (the "Appeal") (ECF No. 5208), as well as a Motion to File a Late Appeal of the Expungement Order (the "Motion to File Late Appeal") (included as part of the Objection Motion, ECF No. 5186).

discovery regarding any non-privileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1).

While the scope of discovery is broad, the Rules and the courts have recognized its limits. As the Supreme Court noted, "discovery, like all matters of procedure, has ultimate and necessary boundaries." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Discovery must be "reasonably calculated to lead to the discovery of admissible evidence." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351-52 (1978). "Thus, it is proper to deny discovery of matter that is relevant only to claims or defenses that have been stricken . . . unless the information sought is otherwise relevant to issues in the case." *Id.* at 352. Additionally, discovery "is not intended to be a fishing expedition, but rather is meant to allow the parties to flesh out allegations for which they initially have *at least a modicum of objective support*." *Cleveland–Goins v. City of New York*, 1999 WL 673343, at *2 (S.D.N.Y. Aug. 30, 1999) (emphasis added); *see also Milazzo v. Sentry Ins.*, 856 F.2d 321, 322 (1st Cir. 1988) ("Discovery is not 'a fishing expedition'; parties must disclose some relevant factual basis for their claim before requested discovery will be allowed.").

Even when a subpoena seeks relevant material, "Rule 26(b)(2) imposes general limitations on the scope of discovery in the form of a 'proportionality test.'" *Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309, 316 (S.D.N.Y. 2003). "The relevance and undue-burden inquiries . . . are two distinct steps," *During*, 2006 WL 2192843, at *2. Rule 26(b)(2) states, in pertinent part, that

> the court *must limit* the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery

> outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. Proc. 26(b)(2) (emphasis added). Thus, a subpoena, even if it seeks relevant material, should be quashed—or, in this case, not be issued at all—if the relevant documents "would be unduly burdensome to produce." *During*, 2006 WL 2192843, at *2.

## II. THE SUBPOENA DOES NOT SEEK RELEVANT DISCOVERY AND WOULD CAUSE AN UNDUE BURDEN TO SIPC

### A. The Subpoena Does Not Seek Relevant Discovery

As a preliminary matter, the Documents sought by the Subpoena have no relevance to any issue currently before this Court. Having had their claims expunged in the Expungement Order, the Surabians presently have no standing in this liquidation. The Surabians have failed to meet their burden of proving themselves to be customers of BLMIS, *Mishkin v. Siclari (In re Adler, Coleman Clearing Corp.)*, 277 B.R. 520, 557 (Bankr. S.D.N.Y. 2002) ("[I]t is well-established in the Second Circuit that a claimant bears the burden of proving that he or she is a 'customer' under SIPA."), and they have no right to obtain discovery on their stricken claims. *Oppenheimer Fund*, 437 U.S. at 352. The Surabians' request for a Subpoena is nothing but a fishing expedition and a frivolous exercise: a request for discovery for which they offer no objective factual predicate in support.

While the Surabians have filed the Motion to File a Late Opposition and Motion to Vacate in an attempt to regain standing, the factual issue in these motions is whether the Surabians received the Expungement Motion and Order and thus whether they willfully disregarded them. The requested Documents cannot help the Surabians cure their failure to respond and thus have no relevance. Should the Surabians' claims be revived, any putative relevance still would not outweigh the undue burden imposed by the Subpoena.

**B. The Subpoena Would Impose an Undue Burden Upon SIPC**

Even if the Surabians' objections to the determinations of their claims were at issue, the scant relevance of the Documents to the Surabians' claims would not justify the undue burden placed upon SIPC in responding. "Whether a subpoena imposes upon a witness an 'undue burden' depends upon 'such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.'" *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y. 1996) (quoting *United States v. International Bus. Mach. Corp.*, 83 F.R.D. 97, 104 (S.D.N.Y. 1979)). The Surabians' proposed Subpoena meets every criterion for being unduly burdensome.

Most importantly, the Documents would, at best, have little bearing upon the determination of the Surabians' claims, *i.e.*, whether the Surabians opened an account with BLMIS and had a net equity claim at the time BLMIS entered liquidation. The books and records sought by the Subpoena do not contain any reference to the Surabians, as confirmed by the Trustee in his own exhaustive search. The Surabians' request for the claims and determinations related to other customers goes even further afield, as other customers' claims have no conceivable impact upon or relevance to the Surabians' claims. Additionally, the customer claims are filed directly with the Trustee (rather than on the public docket) and may contain confidential information regarding customers and claimants. Courts have recognized a heightened requirement for relevance where a subpoena seeks confidential information. *Cf. ICU Med., Inc. v. B.Braun Med., Inc.*, 224 F.R.D. 461, 462 (N.D. Cal. 2002) ("[M]aterials relating to a pending patent application are confidential, and therefore enjoy a degree of protection against disclosure."). As for the Surabians' request for documents regarding the process used to

determine customer claims, to the extent that it is relevant, it is publicly available through this Court's Claims Order (ECF No. 12) and described in this Court's and the Second Circuit's decisions affirming the Trustee's calculation of net equity. *In re Bernard L. Madoff Inv. Sec. LLC*, 424 B.R. 122, 135 (Bankr. S.D.N.Y. 2010), *aff'd*, 654 F.3d 229 (2d Cir. 2011).

The remaining factors in the undue burden analysis further illuminate the substantial onus imposed by the Subpoena. Given the Documents' minimal relevance, the Surabians have not demonstrated any need for the Documents. Furthermore, the Subpoena, in seeking *all* books and records and *all* customer claims and determinations, is patently overbroad, with no justification for such breadth. *See, e.g., Davis v. Hoffman*, 2000 WL 1514603, at *1 (S.D.N.Y. Oct. 12, 2000) ("Request 7, which seeks all documents relevant to this action, is overbroad on its face."). Likewise, the time period covered by the request is overbroad, as it seeks the books and records of BLMIS even prior to the early 1990's, when the Surabians allegedly opened their accounts. And the proposed Subpoena contains no specificity beyond its two broad requests for books and records and customer claims and determinations.

Finally, the Subpoena would impose a significant burden upon SIPC. Customer claims in the liquidation proceeding were filed with the Trustee and not SIPC. Claim determinations were issued by the Trustee, and not SIPC. To the extent that SIPC has copies of any BLMIS records in its possession or customer claim related materials, they are selective, incomplete, and random at best. Furthermore, without having undertaken an in-depth review, SIPC believes that many of these documents would be subject to the attorney-client privilege, joint-defense privilege, or the work product protection. Even if SIPC's actual production were relatively small, the burden of identifying responsive materials, if any, and grounds for withholding, and of preparing a privilege log, would be great and substantially outweigh any value of such production to the

Surabians. While the discovery process inherently imposes time and expense upon the producing party, a party should not incur such costs without some minimal justification or relevance. As evidenced by an undue burden analysis, the Surabians' Motion does not even come close to that minimal justification.

**CONCLUSION**

Because the Documents sought by the Surabians have no relevance to their pending legal claims, and because the issue of the Subpoena would cause SIPC undue burden, this Court should deny the Surabians' Motion.

Dated: April 4, 2013
Washington, D.C.

Respectfully submitted,

JOSEPHINE WANG
General Counsel

/s/ Kevin H. Bell
KEVIN H. BELL
Senior Associate General Counsel for Dispute Resolution

NATHANAEL S. KELLEY
Staff Attorney

SECURITIES INVESTOR PROTECTION CORPORATION
805 15th Street, N.W.
Suite 800
Washington, D.C. 20005
Telephone: (202) 371-8300
E-mail: jwang@sipc.org
E-mail: kbell@sipc.org
E-mail: nkelley@sipc.org