Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Keith R. Murphy
Email: kmurphy@bakerlaw.com
George Klidonas
Email: gklidonas@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for
the SIPA Liquidation of Bernard L.
Madoff Investment Securities LLC*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-1789 (BRL) <br><br> SIPA Liquidation |

**OBJECTION OF TRUSTEE IRVING H. PICARD
TO MOTION OF ADE O. OGUNJOBI FOR
<u>ALLOWANCE OF CLAIMS OR INTERESTS AND REIMBURSEMENT</u>**

Irving H. Picard, trustee ("Trustee") for the liquidation of Bernard L. Madoff Investment

Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et*

*seq.* ("SIPA"), submits this objection to the Motion ("Motion") of Ade O. Ogunjobi/Toks, Inc.

("Ogunjobi" or the "Movant") under 11 U.S.C. § 502(c)(2) seeking allowance of claims or

interests of $750,000 to cover purported fees and expenses incurred in connection with

1

Ogunjobi's prior motion to intervene in these proceedings (the "Intervention Litigation"). The Trustee respectfully states as follows:

## BACKGROUND

1. On April 22, 2009, Ogunjobi sought to intervene in this proceeding to conduct what can be best described as a baseless and fantastical $75 billion tender offer to purchase BLMIS in connection with his global, all stock tax free transaction for $100 trillion or 400 million shares of Class A shares of Toks, Inc., the Movant's company. *See* Motion to Intervene, 08-1789 (BRL), ECF No. 179. Ogunjobi proposed to commence and fund this plan with the $1 billion that the Trustee had collected in customer property at that time. *Id.*[1]

2. The Trustee opposed Ogunjobi's motion to intervene, arguing among other things that: (1) Ogunjobi did not meet his burden for either mandatory or permissive intervention under Federal Rule of Civil Procedure 24; (2) Ogunjobi had presented a completely speculative, baseless and unachievable plan to raise capital to repay investors by utilizing funds collected by the Trustee, which was deceptive and misleading to the Court and victims in the case; and (3) Ogunjobi previously had been enjoined in connection with public tender offers comprised of similar unfounded plans. *See* Trustee's Objection to Motion to Intervene, at ¶7, 08-1789 (BRL), ECF No. 212.

3. On June 2, 2009, this Court denied Ogunjobi's motion to intervene. *See* Order Denying Motion to Intervene, 08-1789 (BRL), ECF No. 234. This Court found that Ogunjobi had no interest in the funds held by the Trustee, that he has had no assets over the years and no revenues, and that he failed to show any reasonable basis to believe that he could complete the tender offer proposed or that he has any ability to raise sufficient funds to do so. *See* Declaration

---

[1] According to the Motion, Ogunjobi's plan has now been modified to a $2 quadrillion all stock tax free global transaction. *See* Motion, at p.3.

of Keith R. Murphy, dated April 9, 2013 ("Murphy Decl."), at Ex. A (Transcript of Hearing on Motion to Intervene, June 2, 2009, pp. 20-21, lines 16-25, 1-10, ECF No. 258.)

4.  Ogunjobi appealed that decision to the District Court for the Southern District of New York. By Order dated October 30, 2009, the Honorable Denny Chin dismissed Ogunjobi's appeal for failure to provide his mailing address and telephone number despite being directed to do so. *See* Murphy Decl., at Ex. B (Order Dismissing Appeal, *In re Sec. Inv. Prot. Corp.*, No. 1:09-cv-05877 (DC), ECF No. 12 (S.D.N.Y. Oct. 30, 2009).)

5.  Ogunjobi then filed a Notice of Appeal to the United States Court of Appeals for the Second Circuit. The Trustee moved to dismiss the appeal on the grounds that Ogunjobi's arguments were frivolous. The Second Circuit agreed and entered an Order granting the Trustee's motion to dismiss, holding that Ogunjobi's appeal "lack[ed] an arguable basis in law or fact." *See* Murphy Decl. at Ex. C (Mandate of Ct. of Appeals, *In re Sec. Inv. Prot. Corp.*, No. 1:09-cv-05877 (DC), ECF No. 17 (S.D.N.Y. Sept. 2, 2010).)

6.  Ogunjobi subsequently filed a Writ of Mandamus with the United States Supreme Court, which was denied on November 1, 2010. *See* Murphy Decl. at Ex. D (*In re Ade O. Ogujobi*, No. 10-322 (U.S. Nov. 1, 2010).)

7.  Now nearly two and a half years later, Ogunjobi seeks a claim against the BLMIS estate for reimbursement of his purported fees and expenses under section 502(c)(2) of the Bankruptcy Code in connection with the buyout offer.

## ARGUMENT

8.  Ogunjobi's prior intervention request for his unsolicited and completely groundless proposal to conduct a tender offer to purchase BLMIS was properly denied. Ogunjobi should not now be permitted to foist obligations on the BLMIS estate for his

3

unmeritorious pleadings and groundless appeals. Rather than providing any measure of value to the BLMIS estate, Ogunjobi's activities have served to distract the Trustee and his counsel from their efforts to recover and return customer property back into the hands of the customers.

9. The Motion for fees and reimbursement of expenses should be denied. Ogunjobi has set forth no legal grounds for a claim against the BLMIS estate. Bankruptcy Code section 502(c)(2) relied upon by Ogunjobi does not provide authority for such a claim. Furthermore, Ogunjobi is not a party in interest with any pecuniary stake in the BLMIS liquidation, and his activities were unsolicited and provided no value or benefit to the BLMIS estate.

10. Given the baseless nature of the intervention request and corresponding tender offer, the Motion now seeking a claim for $750,000 needlessly increases litigation costs, and is not based on valid claims and contentions that can be supported.

I.    **Ogunjobi is Not Entitled to a Claim for Reimbursement of Fees or Expenses under Bankruptcy Code Section 502(c)(2)**

11. Ogunjobi argues that the Court should allow his claim for $750,000 based upon his passion and efforts to intervene in the BLMIS liquidation. *See* Motion at pp. 5-6. In support of his argument, Ogunjobi cites section 502(c)(2) of the Bankruptcy Code, which states that "[t]here shall be estimated for purposes of allowance under this section . . . any right to payment arising from a right to an equitable remedy for breach of performance." 11 U.S.C. § 502(c)(2). Section 502(c) is a claims estimation provision, which requires that "all claims against the debtor be converted into dollar amounts." *See* H.R.REP. NO. 95–595, at 354 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6310; S.REP. NO. 95–989, at 75 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5851; *see also Route 21 Assocs. of Belleville, Inc. v. MHC, Inc.*, 486 B.R. 75, 90 (S.D.N.Y. 2012). Section 502(c) does not create a basis for Ogunjobi's claim, nor does the provision create a substantive right to payment for Ogunjobi. Instead, section 502(c) generally "establishes a

4

procedure for the estimation of such claims by the bankruptcy court." *In re SNTL Corp.*, 571 F.3d 826, 839 n.13 (9th Cir. 2009).

12. Ogunjobi has not established that he has or is entitled to any claim, as defined under section 101(5) of the Code. *See* 11 U.S.C. § 101(5) (defining a claim to mean a "right to payment" or a "right to an equitable remedy for breach of performance"). Ogunjobi is neither a customer nor a creditor in the BLMIS liquidation, and has no pecuniary interest that entitles him to payment from the BLMIS estate. *See* Murphy Decl. at Ex. A, pp. 20, lines 16-19 (finding that Ogunjobi does not have standing to intervene in the BLMIS liquidation because he does not have an interest in the BLMIS estate funds).

## II. There is No Basis for an Administrative Expense Under Bankruptcy Code Section 503

13. Although not specifically argued, Ogunjobi's request also is not compensable under section 503(b) of the Bankruptcy Code addressing administrative expenses. That section provides for the allowance of administrative expenses for actual, necessary costs and expenses and reasonable compensation under the provisions set forth therein. *See* 11 U.S.C. § 503(b). Here, not only was the Intervention Litigation meritless and frivolous, but Trustee's counsel was forced to litigate through multiple levels of appeal rather than focusing more resources on recovering customer property for the BLMIS customers.[2]

14. Thus, the activities of Ogunjobi were not actual and necessary, nor did they preserve the BLMIS estate or otherwise benefit the creditors. Ogunjobi fails to, and is unable to, demonstrate otherwise. *See, e.g., In re Best Products Co., Inc.*, 173 B.R. 862, 865 (Bankr.

---

[2] Among other things, this Court found that Ogunjobi did not set forth any reasonable basis that he could complete the tender offer. *See* Murphy Decl. at Ex. A, pp. 20-21, lines 20-25, 1-10. Moreover, this Court recognized that Ogunjobi's company essentially had "no revenues." *Id.* at pp. 20, lines 23-24. Thus, there was nothing presented to the Court which demonstrated that Ogunjobi had any possibility at all of raising the necessary funds for the purported tender offer. *See id.* at pp. 20-21, lines 20-25, 1-10.

5

S.D.N.Y. 1994) (explaining that "courts have found that an applicant satisfies the substantial contribution test when it has provided 'actual and demonstrable benefit to the debtor's estate, its creditors, and to the extent relevant, the debtor's shareholders'") (quoting *In re U.S. Lines, Inc.*, 103 B.R. 427, 429 (Bankr. S.D.N.Y. 1989) (citations omitted)); *see also Matter of Baldwin-United Corp.*, 79 B.R. 321, 336 (Bankr. S.D. Ohio 1987) (explaining that "all applicants under § 503(b) have the burden of establishing their entitlement to an award by a preponderance of the evidence") (citations omitted). Ogunjobi sets forth no basis or evidence for his reimbursement request. Instead, he simply asserts that he spent time researching and responding to the Trustee's opposition to his offer, and that he is owed $750,000 because if an attorney represented him, "the claim would have been more than $750,000." Motion, at p.5.

15.    Ogunjobi's efforts also did not substantially contribute to the BLMIS case, and thus would not justify an award of reimbursement under sections 503(b)(3)(D) or (4) of the Bankruptcy Code. Sections 503(b)(3) and (4) generally allow for a creditor or applicant to seek reimbursement of expenses to the extent they made a substantial contribution to the bankruptcy case. "The substantial contribution test is intended to promote meaningful creditor participation in the reorganization process, but not to encourage mushrooming administrative expenses." *In re Dana Corp.*, 390 B.R. 100, 108 (Bankr. S.D.N.Y. 2008) (quoting *In re Granite Partners*, 213 B.R. 440, 445 (Bankr. S.D.N.Y. 1997); *In re Best Products Co., Inc.*, 173 B.R. 862, 865 (Bankr. S.D.N.Y. 1994)). This Court has further explained that "[i]nherent in the term 'substantial' is the concept that the benefit received by the estate must be more than an incidental one arising from activities the applicant has pursued in protecting his or her own interests." *In re Dana Corp.*, 390 B.R. 100, 108 (quoting *Lebron v. Mechem Financial Inc.*, 27 F.3d 937, 944 (3d Cir. 1994)). Given that Ogunjobi is not a creditor, and further that he cannot demonstrate that his frivolous

6

Intervention Litigation resulted in any actual, necessary, and reasonable costs and expenses, *a fortiori* Ogunjobi's conduct did not substantially contribute to the BLMIS case.

16. Moreover, section 503(b)(3)(D) addressing substantial contribution is applicable only in a case under chapter 9 or chapter 11 of the Bankruptcy Code. Given that a SIPA proceeding is treated like a chapter 7 bankruptcy case, and because a creditor in a non-SIPA chapter 7 proceeding would not be eligible for section 503(b)(3)(D) reimbursement, Ogunjobi's request also fails under this provision. *See, e.g., In re Lloyd Securities, Inc.*, 75 F.3d 853, 858 (3d Cir. 1996) (explaining that because reimbursement under section 503(b)(3)(D) is only possible in chapter 9 or chapter 11 cases, and SIPA proceedings are treated like chapter 7 cases, a creditor cannot seek reimbursement under a substantial contribution standard in a SIPA case).

### III. The Trustee Reserves the Right to Seek Sanctions

17. Rule 9011 of the Federal Rules of Bankruptcy Procedure allows the Bankruptcy Court to impose sanctions upon a party who signs and submits a pleading or motion "that he or she should know, after reasonable inquiry, contains misstatements, baseless contentions or frivolous arguments or is done with an improper purpose." *Hawkins v. Levine*, 426 B.R. 36, 40 (N.D.N.Y. 2010). The general rule in imposing sanctions is that a "bankruptcy court must find that an attorney has submitted a claim that has no chance of success under existing precedents and that fails to advance a 'reasonable argument to extend, modify or reverse the law as it stands.'" *In re Cohoes Indus. Terminal, Inc.*, 931 F.2d 222, 227 (2d Cir. 1991) (quoting *Mareno v. Rowe*, 910 F.2d 1043, 1047 (2d Cir. 1990)). The standard for imposing sanctions on parties or attorneys applies with equal force to *pro se* litigants. *See, e.g., In re Elmasri*, 2010 WL 1544420, at *4 (Bankr. E.D.N.Y. April 19, 2010) (explaining that Rule 9011 "applies to parties who act *pro se* and to attorneys"); *In re Kristan*, 395 B.R. 500, 509 (1st Cir. B.A.P. 2008) (stating that

7

"bankruptcy courts have discretion to impose sanctions against attorneys or *pro se* litigants who violated Bankruptcy Rule 9011(b)").

18. Ogunjobi knows or should know that the Motion is baseless and frivolous. He has set forth no reasonable argument in support of the request, nor does it contain legal or factual support. Ogunjobi has demonstrated in the past his willingness to litigate positions without any basis in fact or law, and the Motion is a continuation of that intention. The Motion results in a needless increase in the cost of litigation. The Trustee reserves the right to request that the Court impose sanctions against the Movant.

### Conclusion

Based on the foregoing, the Motion should be denied. Ogunjobi has specifically requested no hearing on the Motion. *See* Motion at p. 1. The Trustee agrees that the Bankruptcy Court can dispense with a hearing on the Motion, which would unnecessarily cause the expenditure of additional time and resources on this matter.

Dated: New York, New York
April 9, 2013

/s/ Keith R. Murphy
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Keith R. Murphy
Email: kmurphy@bakerlaw.com
George Klidonas
Email: gklidonas@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee*
*for the SIPA Liquidation of Bernard*
*L. Madoff Investment Securities LLC, and the*
*estate of Bernard L. Madoff*

8

300277922