**Richard Surabian**  
P.O. Box 397  
W. Hyannisport, MA 02672  
Telephone: (508) 579-9834  
**Steven Surabian**  
1230 Rt. 28  
S. Yarmouth, MA 02664  
Telephone: (508) 688-4613  

Pro se Attorneys for the Surabians  
customers of Bernard L. Madoff  
Investment Securities LLC  

Hearing date: April 25, 2013  
Hearing Time: 10:00 a.m.  

**UNITED STATES BANKRUPTCY COURT**  
**SOUTHERN DISTRICT OF NEW YORK**

---

SECURITIES INVESTOR PROTECTION  
CORPORATION,  
                        Plaintiff,

v.

BERNARD L. MADOFF INVESTMENT  
SECURITIES LLC,  
                        Defendant,

---

In re:

BERNARD L. MADOFF,  
                        Debtor.

Adv. Pro. No. 08-01789 (BRL)

SIPA LIQUIDATION

(Substantively Consolidated)

---

**REPLY TO TRUSTEE'S OBJECTION TO STEVEN, RICHARD AND MARTIN SURABIAN'S MOTION TO SUBPOENA THE BOOKS AND RECORDS OF BLMIS AND BERNARD L. MADOFF AND MOTION TO SUBPOENA THE RECORDS OF SIPC AND THE TRUSTEE CONCERNING THE CUSTOMERS AND PAYMENTS TO CUSTOMERS AND HOW THEY WERE DETERMINED TO BE <u>CUSTOMERS OF BLMIS</u>**

APR 1 2 2013

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT....................................................................................................1

PROCEDURAL BACKGROUND...............................................................................................3

      A.      The Court-Ordered Claims Administration Process......................................................3

      B.      Expungement of the Surabians' Claims and Objections..............................................4

      C.      The Surabians' History of Motions and Objections with Merit....................................5

      D.      The Surabians' Efforts to Compel the Trustee and SIPC to Produce Books and Records....................................................................................................................7

ARGUMENT..................................................................................................................................7

      A.      The Facts Weigh Decidedly in Favor of Ordering Production of Books and Records of BLMIS........................................................................................................7

      B.      The Facts Weigh Decidedly In Favor of Ordering Production of Records of SIPC and the Trustee Concerning the Customers, Payments to Customers, and How They Were Determined To Be Customers.......................................................10

CONCLUSION.............................................................................................................................13

CERTIFICATE OF SERVICE.....................................................................................................13

i

## TABLE OF AUTHORITIES

**CASES:**                                                                       **PAGE**

*During v. City Univ. of N.Y.*, 2006 WL 673343, at (S.D.N.Y. Aug1 2006)..................8

*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 351-52 (1978)..................8

*Cleveland-Goins v. City of New York*, 1999 WL 673343, at*2(S.D.N.Y. Aug.30, 1999)..................8

*Redvanly v. NYNEX Corp.*, 152 F.R.D. 460, 464 (S.D.N.Y. 1993)..................12

*Picard v. Picower*,
    Adv. No. 09-01197 (BRL), ECF No. 43..................5&6

*Picard v. Trotanoy Inv. Co.*,
    Adv. No. 10-05208 (BRL), ECF No. 53..................5&6

*Surabian v. Picard*,
    No. 12 Civ. 07999 (KBF), EFC NO. 15..................6

*Surabian v. Picard*,
    No. 13-CV-00935-JGK (S.D.N.Y. Feb. 8, 2013)..................6

# TABLE OF AUTHORITIES

## STATUTES AND OTHER AUTHORITY:

Securities Investor Protection Act, as amended, 15 U.S.C. sect.

78fff2(a)(3)..................................................................................................................3

Federal Rule of Bankruptcy Procedure

9016..............................................................................................................................8

Federal Rules of Civil Procedure

26(b)(1)........................................................................................................................8

26(b)(2)........................................................................................................................8

45..................................................................................................................................8

Steven Surabian and Richard Surabian and Martin M. Surabian (the"Surabians") as direct customers of Bernard L. Madoff Investment Securities LLC ("BLMIS") individually as Pro se attorneys, respectfully reply to Irving H. Picard, as trustee (the "Trustee") opposition to the motion filed by Steven, Richard and Martin M. Surabian (deceased) (collectively, the "Surabians") on March 22, 2013 (the "Motion") [ECF No. 5290] seeking a subpoena to compel the Trustee and SPIC to produce books and records of BLMIS.

### PRELIMINARY STATEMENT

The Surabians have offered numerous motions and objections in these proceeding, non of which were baseless. The Surabians have objected to the Trustee's settlement Motions filed by the Trustee because the Trustee failed to supply to the Court necessary information in the Motions to make an informed decision. Mainly how the amount owed by the individuals was determined, and what the net worth of the same individuals were. by not knowing this information it was impossible to determine if the settlement were justified. The individuals could have owed much more than the Trustee determined and also if the individuals were worth much more than what was owed then recovery of the amount owed would not justify a settlement which reduced the actual customer pay-out. The Surabians also objected to the Trustee's motion to pay customers because in the motion the Trustee failed to mention to whom and how much each would receive. Some customers the Trustee intended on paying and ultimately paid may not have been actual customers and may not have invested what they and the records of BLMIS indicated and as such no one could ever object if they in-fact knew otherwise. For these reasons and others the Surabians also Motioned to Remove the Trustee, non of the Surabians Motions or Objections were frivolous or baseless. The Trustee who failed to inform the Surabians that the

1

motion they did not receive involved the Surabians, the Expungement Motion. Now the Surabians have a Motion to Vacate the Motion that expunged their claims because they did not receive the motion and only in December of 2012 learned that the Motion was directed at the Surabians, but now the Trustee claims the Surabians want to revisit a issue they were not informed of, as the Surabians never received the Motion and the Trustee has never shown that the Surabians did receive the Motion, this can not be looked at as a revisit. The Trustee has never shown the Surabians the records that showed that the Surabians were not customers and that the people he paid were, yet the Trustee and SIPC keeps referring to records compiled by the United States biggest con-man. The production sought by the Surabians-the identity of and amounts paid to whom the Trustee has determined to be allowed claimants-has bearing on the Surabians' claim determinations. The Trustee and SIPC are basing everything they do on the records compiled by Madoff and the Surabians know that if they have the opportunity to review these records they will be able to uncover were their assets went and other customers assets went.. The Trustee and SIPC claims the Surabians failed to provide a shred of evidence that the Surabians invested with BLMIS. Each Surabian has separate accounts with BLMIS and each have supported each-others claims as first hand witnesses to account openings. If the Trustee is now saying that the Surabians are related and as such should not be used to support each others separate claims, then most of the customers are related to themselves and to Madoff himself and never should have been allowed. Madoff is a known Zionist as are some if not most of the allowed and paid customers by the Trustee and the Surabians are anti-Zionists and true Israelites. One might get the impression the Trustee is a Zionist himself or at least a supporter. The Surabians do not have

2

same accounts and the Trustee should have taken their supporting claims into account. In light of the fact that the Trustee will not honor the Surabians supporting claims that the accounts in question were in-fact opened with BLMIS the Surabians Motion must be allowed since it is these very records that the Trustee and SIPC based their determinations on, including the denying of the Surabians claims, which legal issue is before this Court, the Surabians have motioned to vacate the expungement order and to Appeal the order if the Expungement Order is not vacated.

SIPC's claim that Surabians only discernible ground upon which the Surabians hope to vacate the Expungement Order is an assertion that they did not receive the Expungement Motion or Expungement Order until December 2012. To date the Trustee or SIPC has not shown this Court that Surabian received the motion prior, therefore even SPIC agrees the Expungement Order should be Vacated.

## **PROCEDURAL BACKGROUND**

### A. The Court-Ordered Claims Administration Process.

The Trustee sought and obtained a court order to implement a customer claims process in accordance with SIPC. Following an application by the Trustee dated December 21, 2008, this Court entered the Claims Procedures Order. By the mandatory statutory bar date for filing claims under sect. 78fff-2(a)(3) of SIPA, the Trustee received eight claims filed by the Surabians, and supported each claim individually by by the other Surabians. Bernard L. Madoff over saw the the books and records of BLMIS and is credited with committing the United States largest fraud. The Trustee denied all the Surabians' claims on December 8, 2009 claiming (i) there was no evidence in the books and records of BLMIS that they ever invested any money with BLMIS, as that was how the Trustee determined who would be allowed as customers (ii) they did not

"otherwise establish [ ] to the satisfaction of the trustee" that they had accounts with BLMIS and that they were owed money by BLMIS. The Surabians' eight claims were denied in spite of the fact that there were two other witnesses to support each claim. On January 4, 2010, the Surabians filed eight timely objections to the Trustee's claim determinations. [ECF No. 1209.]

### B. Expungement of the Surabians' Claims and Objections.

The Surabians never received and the Trustee has failed to show proof that the Surabians received the Trustee's motion filed on March 16, 2012 ("Third Omnibus Motion") seeking to have this Court Expunge any and all claims and objections filed by or on behalf of (i) claimants that did not invest with BLMIS, or (ii) claimants that invested in entities unrelated to BLMIS. The Surabians in December of 2012 or early January 2013 were served the motion to Expunge which included the Surabians as non customers. As a results of not being served timely the Surabians could not Object timely nor would they have reason to attend the hearing, this Court Granted the Expungement Motion. After the Surabians were served the Motion to Expunge in December of 2012 or early January 2013 and saw as an attachment their names listed as non-customers the Surabians filed an Appeal and a motion to File Late Appeal of the Order Expunging their claims and objections because they never received the Motion timely. The Surabians also filed a Motion to File a Late Opposition to to the Trustee's Third Omnibus Motion to Expunge Claims and Objection That Did Not Invest With BLMIS or in Entities that Invested in BLMIS and Motion to File Late Notice of Appeal of Order Granting Approval, together with the related Objection to Third Omnibus Motion. In addition the Surabians filed a Motion to Subpoena Bernard L. Madoff because he alone can shed light on the accuracy of the records of

4

BLMIS and of the Surabians being direct customers since he himself opened the Surabians accounts and that the Trustee is basing customers on these very same records. The Surabians also filed a Motion to Vacate Order and Judgment of Trustee's Third Omnibus Motion to Expunge Claims and Objections of Claimants that Did Not Invest with BLMIS or in Entities that Invested in BLMIS Regarding the Surabians' Claims, since the Surabians did not receive the Motion timely and the fact the Surabians did invest directly and the Surabians support each others claims and Bernard L. Madoff will also if he testifies truthfully. The Trustee is unsupportive of the Surabians and has filed frivolous objections to these motions, possibly to shift the blame from the Trustee's failures.

### C. The Surabians' History of Motions and Objections with Merit.

The Surabians have filed ten or so objections and motions with merit in these proceedings, both before and after the Court expunged their claims proving they were and still are intent on being involved and thus showing that if they receive the Expungement Motion that they would have Objected timely and would have attended the hearing.

* The Surabians objected to the Trustee's Motion for an Order to Schedule Hearing on "Customer" Issue.

* The Surabians filed an objection to the settlement with the Estate of Jeffry M. Picower. This was because the Trustee failed to supply needed information for the Surabians and others to make a intelligent decision, mainly how the claimed amount owed by Picower was determined and what was the stated net worth of Picower. If Picower was worth well in excess of the eight billion claimed owed then it would have been worth not settling, to benifet all customers. Clearly not a Frivolous Objection on the part of the Surabians. *See Picard v. Picower,* Adv. No. 09-01197 (BRL) (Bankr. S.D.N.Y. Jan 13, 2011), ECF No. 43.

* The Surabians filed objection to the settlement between the Trustee and Trotanto Investment Company, Ltd, for similar reason as objection to Picower. Clearly not a frivolous objection, the Surabians were looking out for all customers. *See Picard v.*

5

*Trotanoy*, Adv. No. 10-05208 (BRL) (Bankr. S.D.N.Y. Apr. 4, 2012), ECF No. 53.

* The Surabians objected to the Trustee's Motion for a Second Interim Distribution because the trustee failed to supply who and how much was being paid what amount. The Surabians believe that some of the alleged customers the Trustee is paying were not actually customers and were simply placed in the records of BLMIS. The Surabians believe their accounts were given to others by Bernard L. Madoff or under the direction of Bernard L. Madoff. Clearly not a frivolous objection. The Surabians do not believe the Court overruled the Surabian's objection for lack of standing, that was not in the Order Granting the Motion. This was not a Frivolous Objection by the Surabians.

* On September 5, 2012, the Court entered a scheduling order and even though the Trustee filed a reply against the Surabians Objection to the Trustee's Motion, the Trustee arguing that the Surabians lack standing, this Court did not say in the Order that the Surabians lacked standing. The Surabians Objection was not Frivolous.

* On August 23, 2012, the Surabians filed a Motion to Remove Irving H. Picard as Trustee because among other issues the Trustee failed to submit motions that would allow an intelligent decision to be made, as not enough information was submitted with Trustee's Motions. The Trustee objected to the Surabians' motion, arguing that the Surabians lack standing but did not include a copy of the Expungement Motion. The Surabians Replied indicating they knew nothing of the Expungement Motion. This was not a Frivolous Motion on the part of the Surabians. The Court did not Grant the Motion to Remove and is now on Appeal. *See Surabian v. Picard*, No. 13-CV-00935-JGK (S.D.N.Y. Feb8, 2013).

* The Surabians on September 19, 2012 filed a Notice of Appeal of Order Approving Second Interim Distribution to Customers. The Trustee objected claiming the appeal was untimely, so Surabians filed a Motion to File Late Appeal of the Order Approving Second Allocation of Property to the Fund of Customer Property and Authorizing Second Interim Distribution to Customers. The Trustee moved to dismiss the appeal and on January 25, 2013, the appeal was dismissed as untimely not because the Surabians lack standing or the appeal lacked merit. This Appeal by the Surabians was not Frivolous. *Surabian v. Picard*, No. 12 Civ. 07999 (KBF), ECF No. 15.

* The Surabians in late December 2012 mailed their Motion to File Late Opposition to the Trustee's Third Omnibus Motion to Expunge Claims and Objections That Did Not Invest With BLMIS or in Entities that Invested in BLMIS and Motion to File Late Notice of Appeal of Order Granting Approval, together with related Objection to the Third Omnibus Motion because the Surabians were only just served by the Trustee in late December 2012 the Trustee's Motion with Order. Clearly the Surabians motions are not frivolous.

* Surabians Motions for Reconsideration and to File Late Notice of Appeal and Motion to Subpoena Bernard L. Madoff because it is his records that the Trustee only refers to in his determination of customers and amounts owed those customers can not be considered as Frivolous.

* Surabians letter requesting the Bankruptcy Court strike the Trustee's Responses to Surabians Motions can not be considered a Frivolous as those Motions were mailed to the Surabians later than all parties agreed and since the Trustee had Surabians Appeals dismissed because Surabians filed late.

### D. The Surabians' Efforts to Compel the Trustee and SIPC to Produce Books and Records.

The Surabians filed the present Motion requesting that the Court "issue a Subpoena for SPIC and the Trustee Irving H. Picard to supply the Surabians with copies of all the records of BLMIS including but not limited to customers and to supply the Surabians with the names of all Allowed Customers and how they were determined to be customers and the amounts paid to those customers to date by BLMIS and or the Trustee." The Trustee and SPIC based all customers and amounts paid based mostly on these records. The Trustee and SPIC's Arguments to Deny Surabians Motion is incorrect and for the reasons that follow, Surabians Motion should be Granted.

### ARGUMENT

### A. The Facts Weigh Decidedly in Favor of Ordering Production of Books and Records of BLMIS.

The Surabians have meet their burden of establishing that they are entitled to the production of the books and records of BLMIS. Surabians have Motioned to Vacate the Expungement Order and if that Motion is denied the Surabians have Motioned to File Late Appeal and filed an Appeal of the Order that Expunged Surabians Claims because the Surabians did not receive the

Expungement Motion prior to the hearing that Ordered the Surabians Expunged.

SIPC acknowledges Federal Rule of Bankruptcy Procedures 9016 makes Federal Rule of Civil Procedure 45, regarding the issuance of subpoenas, applicable in a bankruptcy case. "Subpoenas issued under Rule 45 of the Federal Rules of Civil Procedure are subject to Rule 26 (b)(1)'s overriding relevance requirement." *During v. City Univ. of N.Y., 2006 WL 2192843*, at (S.D.N.Y. Aug. 1 2006). Under Rule 26(b)(1), "[p]arties may obtain discovery regarding any non- privileged matter that is relevant to any party's claim or defense,.." Fed. R. Civ. P. 26(b)(1). SPIC also acknowledges Discovery must be "reasonably calculated to led to the discovery of admissible evidence." *Oppenheimer Fund, inc. v. Sanders*, 437 U.S. 340, 351-52 (1978). "Thus, it is proper to deny discovery of matter that is relevant only to claims or defenses that have been stricken... unless the information sought is otherwise relevant to issues in the case." *Id.* at 352. Surabians are Motioning to Vacate their claims that have been stricken and their defenses have not been stricken so discovery can not be denied. The Trustee and SIPC have agreed that all customers and payouts were based on the records of BLMIS and the Surabians have claimed that they will meet the same standards as the allowed customers have meet when the are able to show the Court the evidence which the Trustee used to allow the customers paid and is not intended on being a fishing expedition. Discovery "is meant to allow the parties to flesh out allegations for which they initially have *at least a modicum of objective support."  Cleveveland-Goins v. City of New York,* 1999 WL 673343, at *2 (S.D.N.Y. aug. 30, 1999)

SIPC and the Trustee both claim that the discovery sought by the Surabians is unduly burdensome to produce. SIPC acknowledges *During, 2006 WL 2192843*, at *2. Rule 26(b)(2) states, in pertinent part, that

8

the court *must limit* the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive: (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in this action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

The Surabians have for the first time requested discovery so there is no need for the Court to Limit frequency or: (i) the discovery sought can not be obtained from some other source that is more convenient, less burdensome, or less expensive and is not unreasonably cumulative or duplicative; (ii) the Surabians have now only needed this discovery once they became aware that the Trustee has tried to have their claims Expunged without receiving the Motion, so the opportunity has only now become necessary to obtain the information by discovery in this action to Vacate the Expungement Order and to Appeal the Order if the Order is not Vacated, and (iii) The Trustee has acknowledged the Surabians total claims exceed ten million ($10,000,000.00) dollars and the Trustee has received in excess of two hundred fifty Million ($250,000,000.00) dollars, so the burden or expense of the proposed discovery does not outweigh its likely benefit. It is the Trustee that is denying Surabians claims based on the facts that are in the documents the Surabians seek in their discovery request, thus the Subpoena has to be Granted since the Trustee nor SPIC is volunteering these documents to the Surabians.

Martin M. Surabian and Richard Surabian support Steven Surabian's claims, Richard Surabian and Steven Surabian Support Martin M. Surabian's claims and Martin M. Surabian and Steven Surabian support Richard Surabian's claims. As such the Surabians have shown that they are indeed customers. The Surabians supplied the amount of stock that was purchased in their

names and the dates. The Trustee acknowledges this but states he can not understand how the Surabians remember all this after twenty (20) years. The trustee claims that the records sought are irrelevant to the Surabian's effort to reverse the denial of their customer claims. In addition to not being served the Motion to Expunge their claims the Surabians have to show if the Order is Vacated that the Surabians will prove they are customers of BLMIS. It is the Trustee that will not except the Surabians evidence and the Trustee wants to prevent the Surabians from obtaining the same evidence he used to allow the customers paid. It is the Trustee that claims the records do not show any evidence of the Surabians being customers, so the Surabians are only seeking these records, the Surabians do not believe the Trustee or SIPC or that the Trustee and SIPC looked diligently. It is the Trustee and SPIC that opened the issue of the records.

### B. The Facts Weigh Decidedly In Favor of Ordering Production of Records of SIPC and the Trustee Concerning the Customers, Payments to Customers, and How They Were Determined To Be Customers.

The Surabians have met their burden of establishing that they are entitled to production of the Trustee and SIPC's records regarding BLMIS customers, their claims, and the Trustee's claims determination process, which is the second category of documents the Surabians are seeking.

The Trustee's objection to the Motion on the grounds that such information sought has no probative value in the Surabians' endeavor to reverse the denial of their customer claims is without support. First off the Surabians were not informed of the Expungement Motion and thus the Expungement Motion regarding the Surabians should be Vacated. But after the Expungement Order is Vacated the Surabians will be left with opposing the Expungement Motion and this is were the records are invaluable to the Surabians since this is were the Trustee determined who

10

was a customer.

The Trustee secondly objects to the Motion to the extent the Surabians seek to subpoena information pertaining to the claims determination process, the Trustee objects because this process has been made public and has been approved by the Court. The Trustee wants this Court to believe two issues First is that even though the records of BLMIS may be forged and inaccurate the law says they have to base their determination on these forged records and Secondly if the Trustee on his own against the evidence determines a true customer not to be a customer for any reason the Court has to uphold the Trustee's decision. The Surabians disagree this was or is the Courts intent, the Records are needed to prove the Trustee did not act justly and did not have the customers of BLMIS best interest involved when the Trustee determined the Surabians were not Customers. The Surabians believe they meet most of all the standards the other customers meet. The Courts intent is not to allow a Trustee to deny claims when the record would show they meet the same standards as the allowed customers. Since the Trustee states his decision was based solely on the records of BLMIS then the Surabians are entitled to those records to show otherwise.

The Trustee's third objection to the Motion is that by Order of this Court, such information is confidential and non-public and claims the Surabians have made no showing whatsoever as to why access to such third-party materials has any relevance to their purported claims is without support. The Trustee keeps referring to the records of BLMIS which the Surabians disagree to the extent that the records do not support the Trustee's determination yet the Trustee wants to claim those same records are confidential and even though the Surabians did make a showing as to why access to such third-party materials has relevance to their purported claims the Trustee

without support claims the Surabians have not. The Surabians have always claimed the records will support their claims.

The Trustee's fourth objection is similar to his third objection. In short what the Trustee is saying is that even-though the the Surabians supplied as much if not more supporting evidence as other Allowed claims that the Trustee through prejudice or any other issue can deny any claims and allow any claims and the Court is not entitled to see the records, or anyone else. The Surabians are not seeking the theories involving the Trustee's denying or allowing claims. What the Surabians seek is the records for the Court to determine if the records support the Trustee's determinations. The trustee agrees that *Redvanly v. NYNEX Corp.*, 152 F.R.D. 460, 464 (S.D.N.Y. 1993) ("a litigant is entitled only to discovery of the facts relevant to a case and not his adversary's opinions or theories about the litigation"). The Surabians only seek the records of BLMIS in the possession of the Trustee and SIPC, of which records the Trustee keeps referring to in his denying of the Surabians and his allowing of others, which is relevant to this case. Surabians are not seeking the notes of the Trustee showing his prejudices but only the BLMIS records even if these records show Bernard L. Madoff's prejudices toward customers. BLMIS records are not privileged and not immune to discovery. Additionally the Trustee although he is and attorney he is not the attorney of the customers and as such nothing in his records concerning customers of BLMIS in the possession of the Trustee or SIPC are privileged.

What the Trustee is in effect saying is that he has absolute power and does not have to rely on records to support his determinations which contradicts what SIPC states. The Trustee is saying the records support his decision but you and this includes the Court, can not see those same very

records. The Surabians are saying that since the Trustee has included the records of BLMIS in there denying the Surabians claims, the Surabians are entitled to see for themselves if those records support the Trustee's determination of Allowed claims verses denied claims, otherwise the Trustee can through the Court continue the fraud started by Bernard L. Madoff. In fact any Trustee in the future will be able to deny any claim wrongly, simply by stating the records do not indicate that claim as being legitimate without ever having to produce those alleged records.

## CONCLUSION

For the reasons set forth herein, the Surabians respectfully request that this Court grant the Motion.

Dated: April 10, 2013

_/s/ Steven Surabian_  
Steven Surabian Pro se  
1230 Rt. 28  
S. Yarmouth, MA 02664  
(508) 688-4613

_/s/ Richard Surabian_  
Richard Surabian Pro se  
P.O. Box 397  
W. Hyannisport, MA 02672  
(508) 579-9834

_/s/ Martin M. Surabian_  
Martin M. Surabian Pro se  
(deceased)

## CERTIFICATE OF SERVICE

I certify that this 11th day of April I served a true copy of the above Reply on David J. Sheehan 45 Rockefeller Plaza, New York, NY 10111 by Express Mail and to the Chambers of Judge Burton R. Lifland US Bankruptcy Court one Bowling Green, 6th Floor, New York, NY 10004-1408 and Kevin H. Bell 805 15th Street, N.W. Suite 800 Washington, D.C. 20005 by 1st class US Mail postage prepaid.

_/s/ Steven Surabian_  
Steven Surabian