Hearing Date: (non-hearing motion)
Objection Deadline: April 9, 2013

ADE O. OGUNJOBI
5075 S. 6th Avenue # 207
Tucson, Arizona 85706-1368
310-924-5787
Pro Se

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES INVESTOR PROTECTION CORPORATION,

Plaintiff,

v.

BERNARD L. MADOFF INVESTMENT SECURITIES LLC,

Defendant,

Adv. Pro No. 08-01789

(BRL)

SIPA Liquidation

---

MOTION OF ADE O. OGUNJOBI FOR ALLOWANCE CLAIMS OR
INTERESTS AND REIMBURSEMENTS

TO THE HONORABLE BURTON R. LIFLAND
UNITED STATES BANKRUPTCY JUDGE:

Ade O. Ogunjobi, hereby file this motion (the "Motion For Claim"), under 11 USC Section 502( c)(2) of the Federal Rules of Bankruptcy Procedure (the 'Bankruptcy Rules"), for allowance of claims and interests of $750,000 payable to Ade O. Ogunjobi/Toks, Inc. to cover all expenses incurred and fee when motion for intervention to conduct $75,000,000,000 all stock

1

tax free buyout of Bernard L. Madoff Investment Securities LLC to reimburse all money lost by former clients through Toks Inc.'s $100,000,000,000,000 all stock tax free global transaction filed and denied on June 2, 2009. In support of this Motion For Claim, Ade O. Ogunjobi respectfully states as follows.

## PRELIMINARY STATEMENT

Ade O. Ogunjobi, founder of Toks, Inc. and Intervenor-Applicant was the only person on behalf of Toks, Inc. that filed Motion For Intervention pursuant to Rules FRCP 24 (a) Intervention of right; 24 (b) Permissive intervention to conduct $75,000,000,000 stock/cash program buyout of Bernard L. Madoff Investment Securities LLC through Toks, Inc.'s pending $100,000,000,000,000 all stock tax free global transaction.

Opposition to the motion to conduct the buyout by Trustee subsequently resulted in denial of the motion that led to numerous appeals to District Court, Appeals Court and Supreme Court. Due to all appeals lost with interpretation all legal proceedings exhausted to conduct the buyout, such disappointments resulted in loss of any potential earnings for Ade O. Ogunjobi, an entrepreneur by profession—and the fact that all expenses as in travels, housing, research, printing, copies, and auxiliary expenditures were paid out of his own pocket, not through special fund of fundraising from sympathizers.

Ade O. Ogunjobi, founded Toks, Inc. in 1996. Filed Registration Statements with United States Securities and Exchange Commission (the "Commission") in 2001 to register 20 Class A common shares at $5,000 per share which later had a stock split of 20-For-1 at $250 per share designed to induce investors. Toks, Inc. was never formed to seek out victims of frauds or Ponzi schemes, the Company was formed with business plan and foresight of an aspiring entrepreneur who believes he possessed a "gift" to make his own contribution in the world of "capitalism.".

2

Today, such "vision" is well and alive and the transaction is no longer $100,000,000,000 all stock tax free, but $2,000,000,000,000,000 ($2 Quadrillion) all stock tax free global transaction to fight global poverty and the spread of World Great Depression. Ongoing effort to raise "initial" capital continues and no time frame when such endeavor will be achieved---which ironically is the purpose to conduct buyout of BLMIS in order to use the remaining cash to structure the deal when it was introduced. The details of this upgraded transaction will not be elaborated to the court, other than Ade O. Ogunjobi continues with his "dream" and as the saying goes: "if you don't dream, you have nightmares."

Accordingly, Ade O. Ogunjobi displayed genuine and passionate characteristics as an entrepreneur to make this offer to conduct buyout of BLMIS, since such offer was rejected, he seeks $750,000 compensation for his honest troubles to make this offer work.

The compensation of $750,000 Ade Ogunjobi is seeking under 11 USC Section 502 (c)(2) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for allowance of claims and interests for $750,000 payable to Ade O. Ogunjobi/Toks, Inc. is nothing compared to what the Trustee has generated even though Trustee's role is different to Ade O. Ogunjhobi, whose goal is to use the buyout to fight global poverty, create jobs and influence governments and regulators around the globe to improve the financial system to benefit more disadvantaged peoples across the globe.

## BACKGROUND

1. On April 22, 2009 (the "Motion Date"), Motion For Intervention was filed to conduct a buyout of $75,000,000,000 in stock/cash program to reimburse former clients of Bernard L. Madoff Securities LLC all money lost. Motion was filed in a timely manner due to the infancy of the bankruptcy proceeding to liquidate all assets of Bernard L. Madoff Investment Securities

3

LLC.

2. On June 2, 2009 at 10:00 a.m., the motion was denied.

3. On June 6, 2009, appeal was filed within 10 days of the minute to deny motion to the District Court with payment of $255.

4. On October 30, 2009, the appeal to District Court was denied.

5. On November 4, 2009, appeal was filed within 30 days of the appeal deny by District Court to United States Court of Appeals for the Second Circuit, SDNY with payment of $400.

6. On November 23, 2009, Emergency Motion For Expedited Appeal was filed.

7. On December 10, 2009, Emergency Motion For Expedited Appeal was denied.

8. On December 15, 2009, Appeals Court issued order to both Appellant-Petitioner and Appellee-Respondent providing dates to submit brief and oral argument schedule. Petitioner was ordered to submit brief on January 15, 2010 and Respondent was ordered to submit brief on February 15, 2010.

9. On December 29, 2009, Appellant-Petitioner submitted its brief and served Appellee-Respondent.

10. On January 7, 2010, Petitioner-Appellant sent a Letter to Appeals Court requesting Oral argument for March 30, 2010 since the order from Appeals Court sets such week for oral argument. Appelle-Respondent agreed to such date via Letter to Appeals Court.

11. On February 15, 2010, Petitioner-Appellant received Motion to Dismiss appeal from Appellee-Respondent as opposed to order to submit brief on February 15, 2010.

12. On June 18, 2010, Appeals Court dismissed the appeal.

13. On September 1, 2010, Petitioner-Appellant filed Petition For Writ of Mandamus with United States Supreme Court against Honorable Burton R. Lifland, Respondent, seeking the

Court to direct Respondent to grant the buyout offer.

14. On November 1, 2010, United States Supreme Court denied the Writ of Mandamus.

## RELIEF REQUESTED

15. Through the Motion For Claim, Ade O. Ogunjobi request an order to approve the $750,000 in compensation to cover all expenses incurred during the time spent filing numerous documents with the courts regarding the buyout offer of Bernard L. Madoff Investment Securities LLC for $75,000,000,000 in stock/cash program to reimburse all money lost by former clients of Bernard L. Madoff Investment Securities LLC.

## BASIS FOR RELIEF

16. A bankruptcy court should approve the claim when: i) the movant has displayed tremendous passion and belief that such buyout if its actually approved, it would have been successful; ii) the movant displayed inside the "Background" paragraph all its efforts to get the approval.

17. All the filings with the courts never established a "fraudulent" scheme by Ade O. Ogunjobi, on a contrary, details of his workings as an entrepreneur were displayed through the filings with courts.

18. Finally, granting the request for claim or reimbursement of $750,000 will support an individual's right to be productive or make a living. Ade O. Ogunjobi self-financed this offer and spent hours, days and months researching case laws and answering oppositions to the offer. It took over a year. If professional law firm represented Ade O. Ogunjobi, the claim would have been more than $750,000. If the buyout is granted, Ade O. Ogunjobi would be better compensated, not necessarily all in monetary, but the agenda to improve the financial system and

innovative ideals to narrow the gap between the rich and the poor. With great understanding that the "dream" has not died because the courts denied the buyout, at the same time, proper compensation for a legitimate offer (denied) is appropriate.

## NOTICE

19. Notice of this Motion For Claim will be provided to: i) Trustee; ii) SPIC.

20. Ade O. Ogunjobi submits that no other or further prior notice of the relief requested of the relief requested herein need be provided.

## NO PRIOR REQUEST

21. No prior request for the relief sought in the Motion For Claim has been made to this or any court.

## CONCLUSION

WHEREFORE, Ade O. Ogunjobi respectfully requests the Court to enter an order pursuant to Bankruptcy Rule 11 USC Section 502 ( c)(2) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for allowance of claims and interests of $750,000 payable to Ade O. Ogunjobi/Toks, Inc. to cover all expenses incurred and fee when motion for intervention to conduct $75,000,000,000 all stock tax free buyout of Bernard L. Madoff Investment Securities LLC to reimburse all money lost by former clients through Toks, Inc.'s $100,000,000,000,000 all stock tax free global transaction filed and denied on June 2, 2009.

Dated: March 26, 2013
    Tucson, Arizona

                                    Ade O. Ogunjobi
                                    5075 S. 6th Avenue # 207

Tucson, Arizona 85706-1368
Telephone: 310-924-5787
E-mail: tspnotes@tspnotes.com
    shanka42@yahoo.com
Pro Se

By:_____
    Ade O. Ogunjobi