# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
SECURITIES INVESTOR PROTECTION
CORPORATION,                                                                SIPA LIQUIDATION

                    Plaintiff,                                                   No. 08-01789 (BRL)

                       v.                                                         (Substantively Consolidated)

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,
        Defendant.
---------------------------------------------------------X
In re:

BERNARD L. MADOFF,

        Debtor.
---------------------------------------------------------X

## BENCH RULING DENYING MOTION FOR LATE APPEAL OF DISTRIBUTION ORDER AND REFRAINING FROM RULING ON THE MOTION FOR LATE APPEAL OF EXPUNGEMENT ORDER

There are two motions that are scheduled to be addressed today, among others: (1) the Surabians' motion to file late appeal of the order approving the trustee's motion for an order granting the second interim distribution to customers of BLMIS ("Motion For Late Appeal Of Distribution Order"), *see* Dkt. No. 5209, and (2) the Surabians' motion to file late notice of appeal of order granting approval of the Expungement Motion ("Motion For Late Appeal Of Expungement Order"), *see* Dkt. No. 5186. As the Motion For Late Appeal Of Distribution Order must be denied as a matter of law, the Court will do so now and foreclose further unnecessary briefing.

1

Bankruptcy Rule 8002 provides that a notice of appeal must be filed within 14 days of the entry of the order appealed from. *See* Fed. R. Bankr. Pro. 8002. Parties can request extensions of time in limited circumstances, but "[a]n extension of time for filing a notice of appeal may not exceed 21 days from the expiration of the time for filing a notice of appeal otherwise prescribed by this rule or 14 days from the date of entry of the order granting the motion, whichever is later." *See* Fed. R. Bankr. Pro. 8002(c)(2).

The Surabians filed the Motion For Late Appeal Of Distribution Order on January 7, 2013, after having already filed a notice of appeal with the District Court on September 19, 2012. Judge Forrest denied the appeal as untimely because the deadline to appeal was September 5, 2012. *In re Bernard L. Madoff*, 12-cv-7999, Dkt. No. 15, p. 3 (S.D.N.Y Jan. 25, 2013). As noted by Judge Forrest, "[the Surabians'] appeal is untimely; they neither met the 14 day deadline to file a timely notice of appeal, *nor did they move for an extension within the 21 days following that deadline*." *Id.* at 2-3 (emphasis added); *see also* Ginsberg & Martin on Bankruptcy, § 1.06[C] (5th ed. Supp. 2012) ("Once the 35 days have run, no notice of appeal can be filed under any circumstances."). For the same reasons, the untimely Motion For Late Appeal Of Distribution Order is DENIED.

Likewise, the Surabians' Motion For Late Appeal Of Expungement Order, lodged here, would appear untimely as it was filed nearly nine months after the Court entered the Expungement Order. *See* Fed. R. Bankr. Pro. 8002(c)(2). While the Surabians claim they had no notice of the order, according to Bankruptcy Rule 9022(a), lack of notice does not prevent the running of this deadline. *See* Fed. R. Bankr. Pro. 9022(a) ("Lack of notice of the entry does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed."). Moreover, as explained by Judge Forrest, the Surabians, even though

2

proceeding *pro se*, "are charged with reviewing the docket and understanding the Federal Rules of Bankruptcy Procedure." *In re Bernard L. Madoff*, 12-cv-7999, Dkt. No. 15, p. 3; *see also Siemon v. Emigrant Savs. Bank*, 421 F.3d 167 (2d Cir. 2005) (per curiam) (holding that a *pro se* litigant's failure to comply with the filing deadlines for a notice of appeal set out in Bankruptcy Rule 8002 meant that the district court lacked jurisdiction over the litigant's appeal). Nevertheless, as the appeal of the Expungement Order is now docketed in the District Court and appears to be currently pending there, I will refrain from issuing a ruling, as the newly docketed appeal is now subject to disposition under the District Court's motion practice. *See In re Bernard L. Madoff*, 13-cv-2649, Dkt. No. 1, (S.D.N.Y April 23, 2013).