**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-1789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**APPLICATION OF HIGGS & JOHNSON (FORMERLY HIGGS JOHNSON TRUMAN
BODDEN & CO.) AS SPECIAL COUNSEL TO THE TRUSTEE FOR ALLOWANCE OF
INTERIM COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES
INCURRED FROM JULY 1, 2012 THROUGH NOVEMBER 30, 2012**

Mr. John Harris, together with the members and associates at the law firm of Higgs &
Johnson, special counsel for Irving H. Picard (the "Trustee"), Trustee for the liquidation of the
business of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor") under the
Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), and Bernard L.
Madoff, submits this Application for Interim Allowance of Fees and Reimbursement of
Expenses (the "Application") for compensation of legal fees in the amount of $56,936.25 (of
which 20% is to be deferred through the conclusion of the liquidation period) and reimbursement
of expenses in the amount of $1,578.21 for the period from July 1, 2012 through November 30,

2012 (the "Compensation Period").  In support of the Application, Higgs & Johnson respectfully submits as follows:

## I. BACKGROUND

1.    On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order (the "Decree Order") calling for the liquidation of the business of the Debtor in accordance with SIPA and by Paragraph II of the Decree Order, the Trustee was appointed as the trustee for the liquidation of the Debtor's business.

2.    The Debtor's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, to the extent consistent with the provisions of SIPA, is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") pursuant to SIPA § 78fff(b).

3.    Beginning on April 1, 2009, Higgs & Johnson has served as special counsel to the Trustee.

4.    On April 21, 2009, this Court entered an order approving the Trustee's motion for authority to retain Higgs & Johnson as special counsel to the Trustee in matters pertaining to the Cayman Islands.

5.    The Trustee's motion to retain Higgs & Johnson established a fee arrangement pursuant to which Higgs & Johnson agreed to a fee reduction in the amount of 10%.  Higgs & Johnson also agreed to an additional holdback of fees in the amount of 20%.

## II. SERVICES RENDERED BY HIGGS & JOHNSON

6.    The legal services performed on behalf of the Trustee during the time period covered by this Application are as follows:

*Maxam Absolute Return Fund Limited*

7.      Higgs & Johnson provided advice to the Trustee's U.S. counsel regarding relevant procedures for seeking recovery of legal costs from certain parties to Cayman Islands proceedings and related Cayman law.

*Primeo Fund*

8.      Higgs & Johnson's work during the Compensation Period included preparation for and representation of the Trustee at hearing on preliminary issues, including liaising with Trustee's U.S. and U.K. Counsel regarding drafts of Trustee's written submissions, preparation of authorities, consideration of Primeo's written submissions and drafting of submissions in reply.

9.      Higgs & Johnson also facilitated the applications for limited admission of Mr. Robin Dicker QC and Mr. Stephen Robins to the Cayman Bar for the purposes of these proceedings, the issue of their work permits, and the instruction of Court reporters to prepare transcripts of the hearing.

10.     Higgs & Johnson, together with the Trustee's U.S. and U.K. counsel, prepared for and attended the trial on preliminary issues on October 15 – 17, 2012.  In support of same, Higgs & Johnson, working in conjunction with the Trustee's U.S. and U.K. counsel, prepared evidentiary materials (including supporting affidavits), hearing bundles and authorities bundles.

11.     Higgs & Johnson also prepared written submissions after the trial on the decision of the U.K. Supreme Court in the *Rubin* case.  In November 2012, the Cayman Court issued a draft ruling and Higgs & Johnson assisted the Trustee's U.S. and U.K. counsel to prepare further written submissions on the draft ruling.

*Service of U.S. Proceedings in the Cayman Islands*

12.    Higgs & Johnson has acted as local agents for the Trustee's U.S. counsel, Baker & Hostetler LLP, for the purpose of effecting service of U.S. proceedings and other court documents on various Cayman-domiciled parties.

13.    In addition, Higgs & Johnson arranged service, provided necessary proof of service and generally advised the Trustee's U.S. counsel on issues of service regarding certain Cayman-domiciled defendants.

### III.  COMPENSATION REQUESTED

14.    The Application demonstrates how Higgs & Johnson has both added value to the Debtor's estate and has advanced the Debtor's SIPC liquidation proceeding.

15.    Higgs & Johnson has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism.  To that end, Higgs & Johnson has staffed this matter leanly and has endeavored to eliminate duplication of effort.

16.    From July 1, 2012 through November 30, 2012, Higgs & Johnson provided a total of 105.5 hours of legal services to the Trustee in this case.  Prior to the 10% discount, the total amount of fees incurred in this time period was $63,262.50 and the total blended rate for professional services was $599.64/hour.  After the 10% discount, the total amount of fees incurred is $56,936.25 and the total blended rate is $539.68/hour.  Higgs & Johnson has agreed to a further holdback of 20% of its fees in the amount of $11,387.25, resulting in the present request for compensation in the amount of $45,549.00.

17.    A breakdown of the total number of hours performed by each Higgs & Johnson timekeeper is provided on **Exhibit A** annexed hereto.

18.    Higgs & Johnson seeks reimbursement for out-of-pocket expenses incurred in connection with its representation of the Trustee during the Compensation Period in the amount of $1,578.21.  An itemized list of these expenses is detailed on **Exhibit B** attached hereto.

19.    Higgs & Johnson typically charges its clients $0.50 per page printed. Higgs & Johnson does not charge for incoming faxes.  Charges for telephone calls are based on the actual amounts paid by Higgs & Johnson for those services.

## IV.  GENERAL MATTERS

20.    All of the professional services for which compensation is requested herein were performed by Higgs & Johnson for and on behalf of the Trustee and not on behalf of any other person or entity.

21.    No agreement or understanding exists between Higgs & Johnson and any other person for sharing compensation received in connection with this case nor has any other person or entity agreed to provide Higgs & Johnson with compensation for the legal services described herein.

22.    Section 78eee(b)(5)(A) of SIPA provides in pertinent part that, upon appropriate application and after a hearing, "[t]he court shall grant reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred . . . by a trustee, and by the attorney for such a trustee."  Section 78eee(b)(5)(C) of SIPA specifically establishes SIPC's role in connection with applications for compensation and the consideration the Court should give to SIPC's recommendation concerning fees.  That section provides as follows:

> In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC.  In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendation of SIPC.

5

SIPA § 78eee(b)(5)(C).

23.    To the extent the general estate is insufficient to pay such allowances as an expense of administration, SIPA § 78eee(b)(5)(E) requires SIPC to advance the funds necessary to pay the compensation of Higgs & Johnson (*see* SIPA § 78fff-3(b)(2)).

24.    The Trustee has determined, at this time, that he has no reasonable expectation that the general estate will be sufficient to make a distribution to general creditors or pay administrative expenses.  The Trustee has been advised by SIPC that it concurs in this belief of the Trustee.  Accordingly, any fees and expenses allowed by this Court will be paid from advances by SIPC without any reasonable expectation by SIPC of recoupment thereof.

25.    Therefore, with respect to this Application, Higgs & Johnson requests that consistent with section 78eee(b)(5)(C) of SIPA, the Court "shall award the amounts recommended by SIPC."  *See In re Bell & Beckwith*, 112 B.R. 876 (Bankr. N.D. Ohio 1990). Higgs & Johnson expects that SIPC's recommendation shall be filed with this Court separately.

**WHEREFORE**, Higgs & Johnson respectfully requests that this Court enter an Order:

a.    Granting this Application; and

b.    Allowing and awarding $56,936.25, of which $45,549.00 is to be paid currently $11,387.25 is to be held back through the conclusion of the liquidation period or until further order of the Court, as an interim payment for professional services rendered by Higgs & Johnson to the Trustee from July 1, 2012 through November 30, 2012; and

c.    Allowing payment to Higgs & Johnson in the amount of $1,578.21 for reimbursement of expenses incurred by Higgs & Johnson from July 1, 2012 through November 30, 2012; and

    d.      Granting Higgs & Johnson such other and further relief as this Court deems just and proper.

                                     Respectfully submitted,

Dated: April 29, 2013             HIGGS & JOHNSON

                        By:   *s/John Harris*
                              John Harris
                              P.O. Box 866
                              Anderson Square
                              Building
                              Grand Cayman
                              KY1-1103
                              Cayman Islands
                              Telephone: +1(345) 949-7555
                              Fax: +1(345) 949-8492

## EXHIBIT A

### SUMMARY OF INTERIM FEE APPLICATION
### OF HIGGS & JOHNSON FOR SERVICES RENDERED
### FOR THE PERIOD
### OF JULY 1, 2012 THROUGH NOVEMBER 30, 2012

|  | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| John Harris | 1996 (England & Wales) 2010 (Cayman Islands) | $600.00 | 104 | $62,400.00 |
| Kate Palfrey | 2005 (England and Wales) 2009 (Cayman Islands) | $575.00 | 1.5 | $862.50 |
| Total | | $599.64 | 105.5 | $63,262.50 |
| Total minus 10% Discount | | $539.68 | | $56,936.25 |
| **Total Net of 20% Holdback:** | | | | **$45,549.00** |

## EXHIBIT B

### EXPENSE SUMMARY OF HIGGS & JOHNSON
### FOR THE PERIOD
### OF JULY 1, 2012 THROUGH NOVEMBER 30, 2012

| **EXPENSES** | **AMOUNTS** |
|---|---|
| Postage | $10.98 |
| Courier | $117.81 |
| Communication | $114.71 |
| Stationery [1] | $1,127.40 |
| Government Costs | $24.39 |
| Document Storage Costs | $182.92 |
| **Total Expenses Requested:** | **$1,578.21** |

---

[1] Stationery fees are incurred in connection with the service and submission of documents on defendants and preparation of document bundles in connection therewith