**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-1789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**APPLICATION OF LA TANZI, SPAULDING & LANDRETH, P.C. AS SPECIAL COUNSEL TO THE TRUSTEE FOR ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM JUNE 7, 2012 THROUGH NOVEMBER 30, 2012**

La Tanzi, Spaulding & Landreth, P.C. ("LS&L"), special counsel for Irving H. Picard (the "Trustee"), Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor") under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), and Bernard L. Madoff, submits this Application for Interim Allowance of Fees (the "Application") for compensation of legal fees in the amount of $7,128.00 (of which 20% is to be deferred through the conclusion of the liquidation period) and reimbursement of expenses in the amount of $349.40 for the period from June 7, 2012 through November 30, 2012 (the "Compensation Period"). In support of the Application, the LS&L respectfully submits as follows:

## I. BACKGROUND

1. On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order (the "Decree Order") calling for the liquidation of the business of the Debtor in accordance with SIPA and by Paragraph II of the Decree Order, the Trustee was appointed as the trustee for the liquidation of the Debtor's business.

2. The Debtor's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, to the extent consistent with the provisions of SIPA, is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") pursuant to SIPA § 78fff(b).

3. Beginning on June 7, 2012, LS&L has served as special counsel for the Trustee.

4. On August 8, 2012, this Court entered an order approving the Trustee's motion for authority to retain LS&L as special counsel *nunc pro tunc* to June 7, 2012.

5. The Trustee's motion to retain LS&L established a fee arrangement pursuant to which LS&L agreed to a fee reduction in the amount of 10% as well as an additional holdback of fees in the amount of 20%.

## II. SERVICES RENDERED BY LS&L

6. The legal services performed on behalf of the Trustee during the time period covered by this Application are as follows:

7. LS&L recorded a Statement of Claim by the Trustee against registered property owned by Stephanie Madoff on Nantucket Island, Massachusetts. This included conferring with other Trustee's counsel, Massachusetts Land Court personnel, reviewing Trustee's complain against various related defendants, and drafting court documents and submitting them to the

2

Massachusetts Land Court for informal court review, as well as recording the Notice of Claim against the property at the Nantucket Land Court Registry.

### III. COMPENSATION REQUESTED

8. The Application demonstrates how LS&L has both added value to the Debtor's estate and has advanced the Debtor's SIPC liquidation proceeding.

9. LS&L has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism. To that end, LS&L has staffed this matter leanly and endeavored to eliminate duplication of effort by giving primary responsibility of the case to one partner, Duane P. Landreth.

10. From June 7, 2012 through November 30, 2012, LS&L provided a total of 26.4 hours of legal services to the Trustee in this case. Prior to the 10% discount, the total amount of fees incurred in this time period was $7,920.00 and the total blended rate for professional services was $300.00/hour. After the 10% discount, the total amount of fees incurred is $7,128.00 and the total blended rate is $270.00/hour. LS&L has agreed to a further holdback of 20% of its fees in the amount of $1,425.60, resulting in the present request for compensation in the amount of $5,702.40.

11. A breakdown of the total number of hours performed by each LS&L timekeeper is provided on **Exhibit A** annexed hereto.

12. LS&L seeks reimbursement for out-of-pocket expenses incurred in connection with its representation of the Trustee during the Compensation Period in the amount of $349.40. An itemized list of these expenses is detailed on **Exhibit B** attached hereto.

3

## IV. GENERAL MATTERS

13. All of the professional services for which compensation is requested herein were performed by LS&L for and on behalf of the Trustee and not on behalf of any other person or entity.

14. No agreement or understanding exists between LS&L and any other person for sharing compensations received in connection with this case nor has any other person or entity agreed to provide LS&L with compensation for the legal services described herein.

15. Section 78eee(b)(5)(A) of SIPA provides in pertinent part that, upon appropriate application and after a hearing, "[t]he court shall grant reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred . . . by a trustee, and by the attorney for such a trustee." Section 78eee(b)(5)(C) of SIPA specifically establishes SIPC's role in connection with applications for compensation and the consideration the Court should give to SIPC's recommendation concerning fees. That section provides as follows:

> In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC. In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendation of SIPC.

SIPA § 78eee(b)(5)(C).

16. To the extent the general estate is insufficient to pay such allowances as an expense of administration, SIPA § 78eee(b)(5)(E) requires SIPC to advance the funds necessary to pay the compensation of LS&L (*see* SIPA § 78fff-3(b)(2)).

17. The Trustee has determined, at this time, that he has no reasonable expectation that the general estate will be sufficient to make a distribution to general creditors or pay administrative expenses. The Trustee has been advised by SIPC that it concurs in this belief of

4

the Trustee. Accordingly, any fees and expenses allowed by this Court will be paid from advances by SIPC without any reasonable expectation by SIPC of recoupment thereof.

18. Therefore, with respect to this Application, LS&L requests that consistent with section 78eee(b)(5)(C) of SIPA, the Court "shall award the amounts recommended by SIPC." *See In re Bell & Beckwith*, 112 B.R. 876 (Bankr. N.D. Ohio 1990). LS&L expects that SIPC's recommendation shall be filed with this Court separately.

**WHEREFORE**, LS&L respectfully requests that this Court enter an Order:

a. Granting this Application;

b. Allowing and awarding $7,128.00, of which $5,702.40 is to be paid currently and $1,425.60 is to be held back through the conclusion of the liquidation period or until further order of the Court, as an interim payment for professional services rendered by LS&L to the Trustee from June 7, 2012 through November 30, 2012; and

c. Allowing payment to LS&L in the amount of $349.40 for reimbursement of expenses incurred by LS&L from June 7, 2012 through November 30, 2012; and

d. Granting LS&L such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: April 29, 2013    La Tanzi, Spaulding & Landreth, P.C.

By:   *s/Duane P. Landreth*
8 Cardinal Lane
P.O. Box 2300
Orleans, MA 02653
Telephone: (508) 255-2133
Fax: (508) 255-3786

# EXHIBIT A

## SUMMARY OF INTERIM FEE APPLICATION
## OF LS&L FOR SERVICES RENDERED
## FOR THE PERIOD JUNE 7, 2012, 2012 THROUGH NOVEMBER 30, 2012

|  | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Duane P. Landreth |  | $300.00 | 26.4 | $7,920.00 |
| Total: |  | $300.00 | 26.4 | $7,920.00 |
| Total minus 10% Discount |  | $270.00 |  | $7,128.00 |
| **Total Net of 20% Holdback:** |  |  |  | **$5,702.40** |

## EXHIBIT B

## EXPENSE SUMMARY OF LS&L
## FOR THE PERIOD
## OF JUNE 7, 2012 THROUGH NOVEMBER 30, 2012

| EXPENSES | AMOUNTS |
|---|---|
|  |  |
| Travel Expenses | $179.00 |
| Copies | $5.40 |
| Facsimile | $15.00 |
| Recording Fees | $150.00 |
|  |  |
| **Total Expenses Requested:** | **$349.40** |