UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ X
                                       :

SECURITIES INVESTOR PROTECTION   :
CORPORATION,                             :             12 Civ. 7999

                                   :

                   Plaintiff,         :              ORDER

                                   :

v.                                       :

                                   :

BERNARD L. MADOFF INVESTMENT   :
SECURITIES LLC,                       :

                                   :

                   Defendant.      :

------------------------------------------------------------------------ X
                                   :

In re: BERNARD L. MADOFF,        :

                                   :

                   Debtor.        :

------------------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JAN 2 8 2013

KATHERINE B. FORREST, District Judge:

    Pro se appellants Martin M. Surabian, Richard Surabian, and Steven

Surabian filed the above-captioned bankruptcy appeal on October 26, 2012. (ECF

No. 1.) They seek relief from an August 22, 2012, Order of the Bankruptcy Court

for the Southern District of New York ("August 22 Order") approving a second

interim distribution to the customers of Bernard L. Madoff Investment Securities,

LLC ("BLMIS").[1]

    The Surabians claim that they held eight investment accounts with Madoff's

now-infamous Ponzi scheme. (Surabian decl. ¶ 2, ECF No. 11.) The Trustee of the

BLMIS bankruptcy estate, Irving Picard, claims that the Subrabians' accounts do

---

[1] Order, Securities Investor Protection Corp. v. Bernard L. Madoff Investment Securities LLC, Adv.
Pro. No. 08-01789 (Bankr. S.D.N.Y. Aug. 22, 2012)(BRL), ECF No. 4997.

1

not appear in any BLMIS records. (Trustee's Mem. of L. at 3-4, ECF No. 7.) The
instant appeal—noticed before the Bankruptcy Court on September 19, 2012—seeks
relief from that Court's August 22 Order that expunged the Surabians, among
others, from the list of claimants who received distributions.

The Trustee has filed a motion to dismiss the appeal on the grounds that the
appeal was untimely and, in the alternative, that appellants lack standing. (ECF
No. 6.) This Court agrees that the Appeal is untimely; it therefore dismisses the
appeal for lack of jurisdiction.

The Federal Rules of Bankruptcy Procedure require that a notice of appeal
"be filed with the clerk within 14 days of the date of the entry of the judgment,
order, or decree appealed from." Fed. R. Bankr. P. 8002(a); see Swiatkowski v.
Citimortgage Inc., 478 F. App'x 704 (2d Cir. 2012). "The 14–day time limit
prescribed by Rule 8002(a) . . . 'is jurisdictional, and . . . in the absence of a timely
notice of appeal in the district court, the district court is without jurisdiction to
consider the appeal, regardless of whether the appellant can demonstrate excusable
neglect.'" Swiatkowski, 478 F. App'x at 704 (quoting Siemon v. Emigrant Savings
Bank, 421 F.3d 167, 169 (2d Cir.2005) (per curiam)). The Bankruptcy Court may
extend the deadline to appeal only (1) where the motion for an extension is filed "not
later than 21 days after the expiration of the time for filing a notice of appeal" and
(2) appellant makes a showing of "excusable neglect." Fed. R. Bankr. P. 8002(c)(2).

Appellants' appeal is untimely; they neither met the 14 day deadline to file a
timely notice of appeal, nor did they move for an extension within the 21 days

2

following that deadline. September 5, 2012, was the deadline for a timely notice of appeal, 14 days after the August 22 Order. The Bankruptcy Court received appellants' notice of appeal on September 19, two weeks after the deadline. (Notice of Appeal, ECF No. 1.)

While appellants filed their notice of appeal within the 21-day period in which they were allowed to move for an extension of the appeal deadline, they did not make such a motion. (Id.) Nor is this Court permitted to construe the notice of appeal as having made such a motion. See Sellitti v. R.H. Macy & Co. (In re R.H. Macy & Co.), 173 B.R. 301 (Bankr. S.D.N.Y. 1994)("[The] Court may . . . no longer deem a late-filed notice of appeal to be an application for an extension of time to file that notice of appeal.") Appellants' appeal is thus untimely.

Appellants' arguments in opposition to the instant motion do not change this determination. They claim they did not receive notice of the Trustee's Motion to Expunge them from the list of claimants until December 22, 2012, four months after the Bankruptcy Court's August 22 Order.[2] (Surabian Decl. ¶¶ 7-8, ECF No. 11.) They argue that the late notice and their pending Bankruptcy Court motion—filed in December 2012—that objects to the Trustee's expungement motion should toll the time to appeal. (Id. ¶ 7.)

These are not valid excuses. Appellants—even those proceeding pro se—are charged with reviewing the docket and understanding the Federal Rules of Bankruptcy Procedure. See U.S. v. Enron Corp. (In re Enron Corp.), 364 B.R. 482,

---

[2] The Court notes that, despite appellants' professed lack of knowledge of their expungement until December, they nevertheless filed a notice of appeal on September 19, 2012. (ECF No. 1.)

3

487 (Bankr. S.D.N.Y. 2007)(declining to "countenance such blame-shifting by litigants"); <u>Chaturvedi v. O'Connell</u>, 335 F. App'x 145, 146 (2d Cir. 2009)(holding that <u>pro se</u> litigants are not excused from the jurisdictional nature of Rule 8002).

In light of the above determinations, the Court finds it lacks jurisdiction to hear this appeal; the Trustee's motion to dismiss is GRANTED.  Without jurisdiction to consider the appeal, the Court will not address the issue of standing or the additional arguments briefed by the parties.

The Clerk of Court is directed to close the motion at ECF No. 6 and to terminate this action.

SO ORDERED:

Dated: New York, New York
       January 25 2013

_____
KATHERINE B. FORREST
United States District Judge

Copies to:

Ricard Surabian
P.O. Box 397
W. Hyannisport, MA 02672

Steven Surabian
1230 Rt. 28
S. Yarmouth, Ma 02664

Martin M. Surabian
P.O. Box 397
W. Hyannisport, MA 02672