```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
SECURITIES INVESTOR PROTECTION       :
CORPORATION,                         :
                                     :
     Plaintiff,                      :
                                     :     12 MC 115 (JSR)
         -v-                         :
                                     :     MEMORANDUM ORDER
BERNARD L. MADOFF INVESTMENT         :
SECURITIES LLC,                      :
                                     :
     Defendant.                      :
------------------------------------x
In re:                               :
                                     :
MADOFF SECURITIES                    :
------------------------------------x
PERTAINS TO THE FOLLOWING CASE:      :
------------------------------------x
IRVING H. PICARD,                    :
                                     :
     Plaintiff,                      :
                                     :
         -v-                         :     12 Civ. 2434 (JSR)
                                     :
CACEIS BANK LUXEMBOURG and CACEIS    :
BANK,                                :
                                     :
     Defendants.                     :
------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

On October 6, 2011, Irving H. Picard ("the Trustee"), the trustee appointed under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. § 78aaa et seq., to administer the bankruptcy estate of Bernard L. Madoff Investment Securities LLC ("Madoff Securities"), commenced an action in the Bankruptcy Court against defendants Caceis Bank Luxembourg and Caceis Bank, to recover fraudulent transfers from Madoff Securities allegedly received by

1

the defendants. On April 2, 2012, defendants filed a motion under 28 U.S.C. § 157(d) seeking withdrawal of the reference of the Trustee's action to the Bankruptcy Court on six separate issues. In various orders, this Court has withdrawn the reference on five of the six issues for consolidated briefing by all defendants who raised such issues in their motions to withdraw the reference. See Order Regarding 11 U.S.C. § 550(a), No. 12 MC 115, ECF No. 314 (S.D.N.Y. Aug. 22, 2012); Order Regarding the "Good Faith" Standard, No. 12 MC 115, ECF No. 197 (S.D.N.Y. June 25, 2012); Order Regarding Extraterritoriality Issues, No. 12 MC 115, ECF No. 167 (S.D.N.Y. June 7, 2012); Order Regarding 11 U.S.C. § 546(e), No. 12 MC 115, ECF No. 119 (S.D.N.Y. May 16, 2012); Order Regarding Stern v. Marshall, No. 12 MC 115, ECF No. 4 (S.D.N.Y. April 13, 2012).

As to the remaining issue, defendants argue that the question of whether a custodian bank can be a transferee under the Bankruptcy Code requires withdrawal of the reference. The Court previously denied a motion to withdraw the reference on a nearly identical issue in Picard v. Connecticut General Life Insurance Co., 11 Civ. 7174, ECF No. 15 (S.D.N.Y. May 29, 2012). Accordingly, the Court denies the motion to withdraw the reference as to this remaining issue for the reasons stated in the Connecticut General Memorandum Order. The Clerk of the Court is directed to close item number one on the docket of 12 Civ. 2434.

Dated: New York, NY
May 2, 2013

JED S. RAKOFF, U.S.D.J.

2