**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Amy E. Vanderwal
Email: avanderwal@bakerlaw.com

*Attorneys for Irving H. Picard,
Trustee for the Substantively Consolidated
SIPA Liquidation of Bernard L. Madoff
Investment Securities LLC and Bernard L.
Madoff*

Presentment Date: July 18, 2013
Time: 12:00 p.m.

Objections Due: July 18, 2013
Time: 11:00 a.m.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-1789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |

**TRUSTEE'S MOTION FOR AN ORDER PURSUANT TO SECTION 78fff(a)
OF THE SECURITIES INVESTOR PROTECTION ACT AND SECTIONS
363 AND 105(a) OF THE BANKRUPTCY CODE AUTHORIZING THE SALE OF
ESTATE PROPERTY**

Irving H. Picard (the "Trustee"), as trustee for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq*. ("SIPA"),[1] and Bernard L. Madoff ("Madoff" and together with BLMIS, the "Debtors"), by and through his undersigned counsel, for his motion (the "Motion") for entry of an order, pursuant to section 78fff(a) of SIPA and sections 363 and 105(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), authorizing the Trustee to retain an auctioneer to sell certain furniture, china, glassware, flatware and other decorative items (collectively, the "Furniture") owned by BLMIS or Madoff and previously used or displayed in the BLMIS offices, as further described below, respectfully represents as follows:

**JURISDICTION AND VENUE**

1.   This Court has jurisdiction over the Motion pursuant to § 78eee(b)(4) of SIPA and the order entered on December 15, 2008 by the Honorable Louis L. Stanton, United States District Judge, United States District Court for the Southern District of New York (the "District Court") in Case No. 08 CV 10791 [ECF No. 4], and 28 U.S.C. §§ 157 and 1334.  Venue is proper in this district pursuant to § 78eee(b)(4) of SIPA and 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are §§ 78fff(a) of SIPA, §§ 363 and 105(a) of the Bankruptcy Code and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure.

---

[1] For convenience, future reference to SIPA will not include "15 U.S.C."

300292840

## BACKGROUND

2.     As is well known, on December 11, 2008, Madoff was arrested by the FBI in his Manhattan home and was criminally charged with a multi-billion dollar securities fraud scheme in violation of section 10(b)(5) of the Securities Exchange Act and § 78j(b) of SIPA in the District Court, captioned *United States v. Madoff*, No. 08-MAG-2735 (S.D.N.Y. filed Dec. 11, 2008). Also on December 11, 2008, the Securities and Exchange Commission ("SEC") filed a complaint in the District Court against Madoff and BLMIS. *Sec. Exch. Comm'n v. Madoff,* No. 08-10791 (S.D.N.Y. Dec. 11, 2008) (the "SEC Action").

3.     On December 15, 2008, pursuant to § 78eee(a)(4)(A) of SIPA, the SEC consented to a combination of the SEC Action with an application of the Securities Investor Protection Corporation ("SIPC"). Thereafter, pursuant to § 78eee(a)(3) of SIPA, SIPC filed an application in the District Court alleging, *inter alia*, that BLMIS was not able to meet its obligations to securities customers as they came due and, accordingly, its customers needed the protections afforded by SIPA.

4.     On that date, the District Court entered a protective decree, to which BLMIS consented, which, in pertinent part: (i) appointed the Trustee for the liquidation of the business of BLMIS pursuant to § 78eee(b)(3) of SIPA; (ii) appointed Baker & Hostetler LLP as counsel to the Trustee pursuant to § 78eee(b)(3) of SIPA; and (iii) removed the case to the Bankruptcy Court pursuant to § 78eee(b)(4) of SIPA.

5.     On March 12, 2009, Madoff pleaded guilty to an eleven-count criminal information. At the March 12, 2009 plea hearing, Madoff admitted that he "operated a Ponzi scheme through the investment advisory side of [BLMIS]." *See* Plea Hr'g Tr. 23:14–17, *United*

*States v. Madoff*, No. 09-CR-213(DC) (S.D.N.Y. Mar. 12, 2009). On June 29, 2009, Madoff was sentenced to 150 years in prison for his crimes.

6. In accordance with his statutory responsibilities, the Trustee has marshaled the assets of BLMIS and has been liquidating BLMIS's assets for the benefit of the estate's customers and creditors.

7. As part of this process, the Trustee has determined that it is now appropriate to sell the Furniture, owned by BLMIS or Madoff, which was previously used or displayed at the BLMIS offices in the Lipstick Building at 885 Third Avenue or at BLMIS's back-up office at the Bulova Centre in Queens. The Furniture is currently in storage at the BLMIS warehouse in Long Island City. The Furniture includes office furniture and equipment, china, glassware, flatware and other decorative items. A listing of the principal items is attached hereto as Exhibit A.

8. As the Court is aware, the Trustee is in the process of preparing certain BLMIS artwork for sale at auction. By order dated July 2, 2013 (the "Sale Order"), this Court authorized the retention of Sotheby's and Stair Galleries ("Stair") to auction the artwork. [ECF No. 5405.] Pursuant to the Sale Order, the artwork will be offered for auction at the fall art sales which will occur in October and November or thereafter.

9. In addition to selling certain of the artwork, Stair has recently indicated interest in auctioning some of the Furniture. As noted in the Trustee's motion seeking authorization to sell the artwork, Stair is a full-service auction house, selling a wide range of furniture and decorative arts. It has been in business since 2001 and has sold over $50 million in arts, antiques, and furniture since its inception. Stair's sales are promoted through printed catalogues, advertisements in general and trade publications and through email and its client base includes collectors, decorators and dealers.

10. Because Stair has already been retained to conduct the sale of a portion of the artwork, having the Furniture sold by the same auctioneer will allow the Trustee to minimize logistical expenses associated with the transportation and storage of the Furniture.

11. In the event that Stair determines that certain of the Furniture is not appropriate for inclusion in its auctions, the Trustee will select another auctioneer or otherwise coordinate the sale of any such items in an appropriate manner.

12. The Furniture is currently generating no revenue and is burdening the estate with storage expenses. The Trustee will negotiate the fees that will be incurred in connection with the sale in an effort to minimize costs. However, in accordance with SIPA, BLMIS will be credited with the gross proceeds of the sales, notwithstanding any costs incurred for the payment of commission, transportation fees, storage fees, insurance, and fees associated with inclusion in auction catalogues. While there will be storage and insurance costs for the short period of time between delivery of the Furniture to the auction house and the auctions, the rates charged by Stair are lower than those currently being incurred.

## RELIEF REQUESTED

13. The Trustee requests entry of an Order, substantially in the form of Exhibit B attached hereto, authorizing the Trustee to (i) retain Stair to store the Furniture and sell it at auction, (ii) coordinate the later sale of pieces not sold by Stair without seeking further leave of the Court, and (iii) to execute any necessary documents to implement the foregoing.

## BASIS FOR RELIEF REQUESTED

A. SIPA requires the liquidation of the Debtors' business.

14.     Section 78fff(a) of SIPA outlines the purposes of a SIPA liquidation and provides in relevant part that: "[t]he purposes of a liquidation proceeding under this chapter shall be . . . (4) to liquidate the business of the debtor." Thus, the Trustee has an affirmative duty to liquidate the property and wind-down the business operations of the Debtors, including the sale of the Furniture.

15.     Pursuant to § 78fff-1(a)(1), SIPC has approved the Trustee's retention of Stair and is in favor of the sale of the Furniture. The U.S. Attorney's Office for the Southern District of New York has not objected to the proposed sales.

B.      <u>The sale of the Furniture is in accordance with sections 363 and 105 of the Bankruptcy Code and should be authorized.</u>

16.     Sections 363 and 105 of the Bankruptcy Code apply to liquidations under SIPA. *See* § 78fff(b) ("a liquidation proceeding shall be conducted in accordance with, and as though it were being conducted under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11."). Section 363 permits a trustee to "use, sell or lease, other than in the ordinary course of business, property of the estate . . . ." 11 U.S.C. § 363(b). Section 105(a) of the Bankruptcy Code authorizes the court to enter any order necessary or appropriate to carry out the provisions of the Code. 11 U.S.C. § 105(a).

17.     The Trustee submits that ample authority exists for the Court's approval of the retention of Stair, and the sale of the Furniture pursuant to sections 363 and 105 of the Bankruptcy Code, and such sale should be authorized by this Court. While Section 363(b) is devoid of any standards to be applied to a trustee's request to sell assets, a wide body of case law has evolved containing the judicial standards governing sales of assets.

18.     In *In re Lionel Corp.*, 722 F.2d 1063 (2d Cir. 1983), the Second Circuit determined that a sale of assets could be approved if the debtor could demonstrate an "articulated

business justification" for the sale. *Id.* at 1070; *see also, In re Iridium Operating LLC*, 478 F.3d 452, 466 (2d Cir.2007); *In re General Motors Corp.*, 407 B.R. 463, 490 (Bankr. S.D.N.Y. 2009); *In re Thomson McKinnon Sec., Inc.*, 120 B.R. 301 (Bankr. S.D.N.Y. 1990); *In re Channel One Commc'ns*, 117 B.R. 493 (Bankr. E.D. Mo. 1990).

19. Under the business judgment rule, courts give deference to a debtor's reasonable business decision and should not interfere absent a showing of bad faith, self-interest, or negligence. *In re Grubb & Ellis Co. et al.*, No. 12 Civ. 10685, 2012 WL 1036071, at *4 (Bankr. S.D.N.Y. Mar. 27, 2012); *In re Global Crossing Ltd.*, 295 B.R. 726, 743–44 (Bankr. S.D.N.Y. 2003). A debtor satisfies this standard if it acts on an informed basis, in good faith, and in the honest belief that the proposed action is in the best interest of the company. *In re Integrated Res., Inc.*, 147 B.R. 650, 656 (S.D.N.Y. 1992); *In re Global Crossing Ltd.*, 295 B.R. at 743–44.

20. In addition to requiring sound business reasons to approve a sale pursuant to section 363(b) of the Bankruptcy Code, many courts have required a showing that the price to be obtained for the assets be fair and reasonable and the sale to the proposed purchaser was negotiated in good faith. *In re MF Global Inc.*, 467 B.R. at 730. If a valid business justification exists there is a strong presumption these conditions are satisfied. *Id.*

21. The Trustee has determined, in accordance with his sound business judgment, that the retention of Stair to facilitate the sale of the Furniture will allow the Trustee to maximize the value obtained therefor and will increase the assets of the estate available for distribution to customers. The estate will also benefit from the efficiencies of having Stair sell both certain of the artwork and the Furniture.

22. The auction process will allow the Trustee to obtain the best possible value for the Furniture as the competitive bidding process provides assurance that the highest and best offer

for the Furniture is received from a good faith purchaser. The Trustee believes that an auction will encourage participation by a wide range of bidders and expose the Furniture to a broad and competitive market.

23.  Finally, courts often require that "fair and accurate notice" be given of the proposed sale under section 363(b) of the Bankruptcy Code. *See, e.g.*, *In re MF Global Inc.*, 467 B.R. at 730; *In re Delaware & Hudson Ry.*, 124 B.R. at 176; *Channel One*, 117 B.R. at 496. Fair and accurate notice should inform all interested parties of the liquidation of the debtor's business, disclose accurately the terms of the sale, explain the effect of the sale upon the debtor's business, and explain why the sale is in the best interests of the debtor's estate. *Delaware & Hudson*, 124 B.R. at 180.

24.  The Trustee submits that the notice given herein has sufficiently alerted parties in interest to the contemplated sale.

## **NOTICE**

25.  Notice of this Motion will be provided by U.S. mail, postage prepaid, or email to: (i) SIPC; (ii) the SEC; (iii) the Internal Revenue Service and; (iv) the United States Attorney's Office for the Southern District of New York. The Trustee shall also serve, via the ECF filing that will be made, each person or entity that has filed a notice of appearance in this case. The Trustee submits that no other or further notice need be given.

**WHEREFORE**, the Trustee respectfully requests that the Court (a) enter an order substantially in the form attached hereto as Exhibit B, granting the relief requested herein; and (b) grant such other and further relief to the Trustee as the Court deems proper.

Dated: New York, New York
      July 11, 2013

*/s/ Amy Vanderwal*
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Amy E. Vanderwal
Email: avanderwal@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*