UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br>BERNARD L. MADOFF,<br>Debtor. | |

### DECLARATION OF VINEET SEHGAL IN SUPPORT OF THE TRUSTEE'S MOTION FOR AN ORDER AFFIRMING TRUSTEE'S CALCULATIONS OF NET EQUITY AND DENYING TIME-BASED DAMAGES

I, Vineet Sehgal, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a Director at AlixPartners LLP, a consultant to, and claims agent for, Irving H. Picard as trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities ("BLMIS") and Bernard L. Madoff ("Madoff") (collectively, the "Debtor").

2. On or about December 15, 2008, AlixPartners LLP was retained by the Trustee appointed by the United States District Court for the Southern District of New York for the substantively consolidated liquidation of BLMIS, under the Securities Investor Protection Act ("SIPA"), and for the Debtor, as the Trustee's claim agent. As the claims agent, AlixPartners was responsible for both mailing the notice of the liquidation and claim forms to potential claimants and causing the notice of the liquidation to be published. AlixPartners has also been responsible for processing all claims submitted to the Trustee and assisting the Trustee in

reviewing each customer claim filed to determine whether the asserted claim amount agrees with the "net equity" for that account. In addition, as the accountants for the BLMIS estate, AlixPartners has assisted and continues to assist the Trustee in accounting for the assets of the BLMIS estate, including the cash and cash equivalents available to the Trustee.

3. I have been actively involved in the liquidation of BLMIS and the claims process since December 2008 and have personal knowledge of the matters set forth herein.

4. I submit this declaration based upon the information and knowledge acquired during the course of my retention and in support of the motion ("Time-Based Damages Motion")[1] for an order upholding the Trustee's determination that net equity should be calculated based upon the Trustee's net investment method, without any adjustment for time-based damages.

5. I have performed certain calculations related to Time-Based Damages. Specifically, I analyzed 21 accounts identified by Mr. Timothy H. Hart in his Report submitted in conjunction with the Customers' Corrected Supplemental Brief Opposing Trustee's Motion For an Order Rejecting an Inflation Adjustment to the Calculation of "Net Equity" (the "Hart Report").

6. Mr. Hart analyzed these 21 accounts to demonstrate the effect of inflation thereon and concluded that there was a larger inflation adjustment for accounts where investments were made earlier in time. *See* Hart Report at 7-8. Instead of considering

---

[1] The capitalized term Time-Based Damages shall have the meaning ascribed to it in the Time-Based Damages Motion.

the effect of inflation, I analyzed the effect of market performance on these same accounts using the S&P 500 index.[2]

7.  Depending on the securities that were supposedly in customers' accounts, the value of an account may have been greater or less than the value when adjusted for inflation. If the accounts used in the Hart Report had invested in the S&P 500 index, the vast majority of those accounts would show a performance balance that is lower than the balance adjusted for inflation. Specifically, the balance for 16 of the 18 accounts I analyzed would be lower if they invested in the S&P 500 index as compared to the balance under an inflation adjustment. In addition, for 15 of these same 16 accounts, the balance would be lower if they invested in the S&P 500 index as compared to the balance under the Trustee's Net Investment Method.

8.  Pursuant to 28 U.S.C. § 1746, I hereby declare that the foregoing statements made by me are true and correct.

Dated: New York, New York
       July 18, 2013

*[signature]*

Vineet Sehgal, Director
AlixPartners LLP,
40 W 57th St,
New York, NY 10019

---

[2] The analysis could only be completed for 18 of the 21 accounts because Mr. Hart did not provide the account numbers or the date of the transactions, and 3 accounts had multiple transactions or other anomalies. *See* Appendix C to the Hart Report.