## **EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                    Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                    Defendant. | No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                    Debtor. | |

## ORDER MODIFYING THE JUNE 6, 2011 LITIGATION PROTECTIVE ORDER

Upon the amended motion (the "Amended Motion")[1] of Irving H. Picard (the "Trustee"),

as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC

---

[1] All references to the "Amended Motion" are references to the amended motion filed on July 24, 2013, requesting entry of:  (I) an Order establishing procedures for Third-Party Data Rooms; and (II) an Order modifying, in limited fashion, the Litigation Protective Order, dated June 6, 2011 [ECF No. 4137].

All terms not defined herein shall have such meanings ascribed to them in the Amended Motion and the Original Motion filed on August 5, 2011, requesting entry of: (I) a report and recommendation to the District Court for the appointment of Special Discovery Masters; (II) an Order expanding the Case Management Procedures approved by the Court on November 10, 2010, granting access to the Trustee's existing electronic data room to additional defendants and establishing procedures for the creation of a separate electronic data room for documents produced to the Trustee; and (III) an Order modifying, in limited fashion, the Litigation Protective Order, dated June 6, 2011 [ECF No. 4137], including superseding all individual confidentiality agreements between the Trustee and any parties.

("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"),

and the substantively consolidated estate of Bernard L. Madoff ("Madoff', and together with

BLMIS the "Debtors"), seeking entry of an order pursuant to section 105(a) of the United States

Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), and Rules 7016, 7026 and

9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), modifying the

Litigation Protective Order entered into by the Court on June 6, 2011 (the "Litigation Protective

Order"); and the Court having jurisdiction to consider the Amended Motion and the relief

requested therein in accordance with section 15 U.S.C. § 79eee(b)(4) of SIPA, the Protective

Decree, entered on December 15, 2008 by the United States District Court for the Southern

District of New York (the "District Court") in Case No. 08 CV 10791, and 28 U.S.C. §§ 157 and

1334; and it appearing that the relief requested in the Amended Motion is in the best interests of

the estate and its customers; and due notice of the Amended Motion having been given, and it

appearing that no other or further notice need be given; and the Court having determined that the

legal and factual bases set forth in the Amended Motion establish just cause for the relief granted

herein; and upon the proceedings before the Court and after due deliberation, it is hereby

**ORDERED,** that the relief requested in the Amended Motion is granted; and it is

further

**ORDERED,** that the Litigation Protective Order is modified as follows:

A.     The Trustee may create two electronic data rooms (the "Third-Party Data
Rooms") to house certain documents received by the Trustee, transcripts of
examinations conducted pursuant to Bankruptcy Rule 2004, and transcripts of
depositions conducted in litigation—one data room to contain non-confidential
Third-Party Documents (the "Third-Party Non-Confidential Data Room") and a
second data room to contain confidential Third-Party Documents (the "Third-
Party Confidential Data Room").  Non-confidential Third-Party Documents will
be viewable and searchable in the Third-Party Non-Confidential Data Room.
Confidential Third-Party Documents will be searchable, but not viewable, in the
Third-Party Confidential Data Room.

B.      The Third-Party Data Rooms will contain the following:  (i) all documents
produced to the Trustee in response to Bankruptcy Rule 2004 subpoenas (the
"Rule 2004 Documents"); (ii) documents produced to the Trustee voluntarily; (iii)
documents produced to the Trustee in actions where discovery has commenced, in
response to discovery requests served on defendants pursuant to Federal Rules of
Civil Procedure, including Federal Rules of Civil Procedure 26, 30, 33, 34, and
36, made applicable by Bankruptcy Rules 7026, 7030, 7033, 7034, and 7036, or
in response to subpoenas served on non-parties to those action pursuant to Federal
Rule of Civil Procedure 45, made applicable by Bankruptcy Rule 9016
(collectively, the "Litigation Documents"); (iv) transcripts of parties examined
pursuant to Bankruptcy Rule 2004 (the "Rule 2004 Examinations"); and (v)
transcripts of parties and non-parties deposed in litigation (the "Litigation
Depositions") (collectively, the "Third-Party Documents").

C.      The following documents will not be included in the Third-Party Data Rooms:  (i)
documents provided to the Trustee in connection with hardship applications; (ii)
documents provided to the Trustee with restrictions on use and/or disclosure in
connection with possible settlement and/or mediation; (iii) documents subject to
or controlled by a domestic or foreign court order; (iv) those documents that, due
to contractual obligations, are no longer under the care, custody or control of the
Trustee; (v) documents produced to the Trustee in discovery in the Avoidance
Actions[2]; (vi) exhibits to Rule 2004 Examinations and Litigation Depositions,
which will be provided in the Third-Party Data Rooms as they were originally
produced to the Trustee in accordance with the Order Establishing Procedures for
Third-Party Data Rooms; and (vii) documents or data identified as being  a record
of Cohmad Securities Corporation ("Cohmad"), a company that shared office
space with BLMIS, and/or where the original custodian identified was a Cohmad
employee.

D.      Access to the Third-Party Data Rooms will not be provided to defendants in the
actions seeking solely fictitious profits in which a Notice of Applicability was
filed (the "Avoidance Actions").  Access will only be provided to attorneys of
record in the non-Avoidance Actions with whom the Trustee is engaged in active
discovery under Federal Rule of Bankruptcy Procedure 7026 ("Outside Litigation
Counsel").  The Trustee shall provide access to the Third-Party Data Rooms only
to Outside Litigation Counsel provided that the Outside Litigation Counsel
executes a Non-Disclosure Agreement ("NDA").  Copies of the Litigation
Protective Order and NDA are available on the Trustee's website:
(http://www.madofftrustee.com/docket-06.html).  Defendants will bear the costs
of:  (i) the software licenses for any users having access to the Third-Party Data
Room; and (ii) production of documents out of the Third-Party Data Rooms,

---

[2] "Avoidance Actions" are defined as actions seeking solely fictitious profits in which a Notice of Applicability was
filed pursuant to the Order (1) Establishing Litigation Case Management Procedures for Avoidance Actions and (2)
Amending the February 16, 2010 Protective Order, dated November 10, 2010 [ECF No. 3141].

3

which amount to copying costs ordinarily taxed to the requesting party under
Federal Rule of Civil Procedure 34(a).  Outside Litigation Counsel may also
request electronic productions of documents in text-searchable format.

E.      Third parties who, pursuant to Bankruptcy Rule 2004 subpoenas or in discovery
in the adversary proceedings, produce documents to the Trustee or are examined
or deposed by the Trustee (the "Producing Parties") will be provided access to the
Third-Party Confidential Data Room for the limited purposes of providing
consent to the disclosure of confidential documents requested or to object to the
disclosure of confidential documents.  Producing Parties will provide the Trustee
the name of up to three designated representatives per Producing Party, each of
whom may receive credentials to access the Third-Party Confidential Data Room,
for this purpose within thirty (30) days of entry of the Order Establishing
Procedures for Third-Party Data Rooms.  The Trustee will bear the costs of the
software licenses for one designated representative for each Producing Party who
is not a defendant in an action brought by the Trustee.  Within seven (7) days of
entry of the Order Establishing Procedures for Third-Party Data Rooms, the
Trustee will provide Producing Parties who have already produced documents
subject to the Order Establishing Procedures for Third-Party Data Rooms as of the
date of its entry with instructions on how to designate their representative(s) via
an electronic portal, including how to substitute designated representatives.[3]  The
Trustee shall not be obligated to provide notice to any Producing Party who does
not designate a representative within thirty (30) days after entry of the Order
Establishing Procedures for Third-Party Data Rooms.  To the extent any technical
issues result in Producing Parties being unable to access the electronic portal
during the thirty-day period for designating representatives, the thirty-day period
following entry of the Order Establishing Procedures for Third-Party Data Rooms
for designating representatives will be extended for a time period commensurate
with the time period in which the electronic portal is not accessible.

F.      Documents designated as confidential as of the date of the entry of this Order will
be placed in the Third-Party Confidential Data Room.[4]  Placement of confidential
documents in or production of confidential documents from the Third-Party
Confidential Data Room does not disturb the confidential designation of the
materials, unless the Trustee or Outside Litigation Counsel has specifically
requested such relief.  Any Outside Litigation Counsel receiving documents via
the Third-Party Data Rooms must redact any personally identifiable information
("PII") to the extent required by Bankruptcy Rule 9037 and applicable law.

---

[3] With respect to documents produced after entry of this Order, designation of representatives for Producing Parties
shall be in accordance with Paragraph 13 of the Order Establishing Procedures for Third-Party Data Rooms.

[4] If documents are de-designated pursuant to a court order or an agreement of the Producing Party so designating the
documents, then those de-designated documents will be placed in the Third-Party Non-Confidential Data Room.

G.      When Third-Party Documents are added to the Third-Party Data Rooms (i.e., documents fit the criteria set forth above for inclusion in the Third-Party Data Rooms), Outside Litigation Counsel with access to the Third-Party Data Rooms will receive notice.  By making the Third-Party Documents available to defendants in non-Avoidance Actions through their Outside Litigation Counsel, the Trustee will have satisfied his obligations under Federal Rules of Civil Procedure 26 and 34 to make documents available to defendants in non-Avoidance Actions.

H.      To the extent that a Producing Party and the Trustee have entered into an agreement regarding the confidentiality or non-disclosure of documents or discovery materials, such agreements that contain language ("Individual Confidentiality Standard") that differs from Paragraph 2 of the Litigation Protective Order dated June 6, 2011 (Docket No. 4137) (the "Litigation Protective Order") shall continue to apply to documents produced to the Trustee prior to the date of the Litigation Protective Order, so long as the Producing Parties follow the procedures specified in Paragraph 10 of the Order Establishing Procedures for Third-Party Data Rooms and Paragraph I below; however, in all other aspects, the Litigation Protective Order shall control.  Paragraph 19 of the Litigation Protective Order shall be deemed modified accordingly.

I.      Producing Parties may request that their Individual Confidentiality Standard continue to apply to the designation of documents produced to the Trustee prior to entry of the Litigation Protective Order.  Such request must be submitted in a letter to Baker & Hostetler LLP, counsel for the Trustee, at MadoffDataRooms@bakerlaw.com, within thirty (30) days from entry of this Order.  The letter must:  1) attach the relevant confidentiality agreement; 2) identify the relevant language in the individual confidentiality agreement (i.e., the Individual Confidentiality Standard); and 3) identify the documents, by beginning Bates production number, produced and designated as confidential prior to the date of the Litigation Protective Order pursuant to the individual confidentiality agreement (and not subsequently de-designated).  If such a letter is submitted, the Individual Confidentiality Standard will govern the designation of the identified documents.  If such a letter is not submitted to the Trustee within thirty (30) days from entry of this Order and the Order Establishing Procedures for Third-Party Data Rooms, then Paragraph 2 of the Litigation Protective Order will govern.[5] With respect to the Third-Party Data Rooms, the Third-Party Confidential Data Room will contain a full text field that provides the individual confidentiality standard for each document, where relevant.  Any productions out of the Third-Party Confidential Data Room will contain a load file that includes this full text field.  In addition, a user manual for the Third-Party Data Rooms will, in an appendix, include a full list of Producing Parties whose documents are governed

---

[5] The Trustee and a Producing Party may agree to a reasonable limited extension to the thirty-day time period, if the Producing Party demonstrates circumstances that warrant an extension.

by individual confidentiality standards and the individual confidentiality standard
is that applies to that Producing Party's documents.

J.      If Outside Litigation Counsel seeks to file any pleading or other document with
        the Bankruptcy Court that contains **CONFIDENTIAL MATERIAL,** as defined
        in the Litigation Protective Order and accordingly designated by the Producing
        Party, it will file such pleading or other document under seal.  If Outside
        Litigation Counsel seeks to file any pleading or other document with the
        Bankruptcy Court that contains personally identifiable information, it will redact
        such information in accordance with Bankruptcy Rule 9037.

K.      Counsel for the Trustee will not be liable for any technical issues concerning the
        data room caused by technical constraints, errors, or malfunctions beyond the
        Trustee's control.  Any inadvertent disclosure resulting from technical constraints,
        errors, or malfunctions will not be construed as a waiver of any Producing Party's
        rights, and such documents will be subject to clawback.

L.      With respect to documents produced after the entry of this Order, upon
        production, Producing Parties shall provide the following information in a
        production cover letter, to the extent any of the following information is
        applicable:  (i) the documents (listed in an Excel file document-by-document by
        Beginning Bates and Ending Bates for each document) that are designated as
        confidential pursuant to the Litigation Protective Order; (ii) the documents (listed
        in an Excel file document-by-document by Beginning Bates and Ending Bates for
        each document) that are designated confidential pursuant to an Individual
        Confidentiality Standard, if applicable pursuant to Paragraph 10 of this Order; (iii)
        the documents (listed in an Excel file document-by-document by Beginning Bates
        and Ending Bates for each document) that should be excluded from the Third-
        Party Data Rooms pursuant to Paragraph 4 of this Order; and (iv) the designated
        representative authorized for that production to provide consent to the disclosure
        of confidential documents requested or to object to the disclosure of confidential
        documents.[6]  Failure to provide such information in a production cover letter shall
        result in a waiver by the Producing Parties to:  (i) any confidential designations;
        (ii) any objections to inclusion of the documents in the Third-Party Data Rooms;
        and/or; (iii) notification that documents have been requested for disclosure.  For
        the avoidance of doubt, notwithstanding Paragraph L of this Order, Paragraphs 7
        and 14 of the Litigation Protective will still apply with respect to:  (i) inadvertent
        failure to designate confidential material as confidential or incorrect designations

---

[6] Electronic productions containing documents designated as confidential shall also be accompanied by a database
load file containing a field identifying if a document has been designated confidential.

of confidential material (Paragraph 7 of the Litigation Protective Order)[7]; and (ii) inadvertent production or disclosure of any document or other material otherwise protected by the attorney-client privilege, work product protection or a joint defense/common interest privilege (Paragraph 14 of the Litigation Protective Order).[8]  The Trustee shall include in the instructions accompanying any requests for documents (including any requests for the production of documents or any subpoenas requesting documents from Producing Parties) the language set forth in this Paragraph.

M.      Documents produced out of the Third-Party Data Rooms shall only be used by Outside Litigation Counsel for purposes of the non-Avoidance Actions, initiated by the Trustee, in which defendants are represented by Outside Litigation Counsel.

N.      In accordance with Paragraph 9 of the Litigation Protective Order, in the event that the Trustee in good faith intends to use specific material appropriately designated as confidential in connection with litigation (such as for use in depositions), the Trustee may request that the Producing Party waive confidentiality with respect to that specific material.  The Trustee shall identify each document for which waiver is sought by beginning Bates number or other identifier.  Failure by the Producing Party or customer to object to the request within seven (7) business days will be deemed to be acquiescence to the request.  Should a Producing Party refuse to waive, the Trustee may refer the matter to this Court.  Pending resolution of a dispute, there shall be no disclosure of the confidential at issue.

O.      Paragraph 12 of the Litigation Protective Order will be modified as follows:

1.      If a defendant in a non-Avoidance Action serves the Trustee with requests for production of documents that implicate Third-Party Documents, the Trustee will provide his responses and objections.  The Trustee's objections may include any basis that would otherwise be available to object to the production of documents under the Federal Rules of Civil Procedure, the Bankruptcy Rules, the Local Bankruptcy Rules for the

---

[7] Paragraph 7 of the LPO states in relevant part:

"In the event that a producing party inadvertently fails to designate **CONFIDENTIAL MATERIAL** as **CONFIDENTIAL** or incorrectly designates **CONFIDENTIAL MATERIAL**, that party may make a late designation or change the designation by notifying in writing all parties to whom the **CONFIDENTIAL MATERIAL** has been disclosed . . . ."

[8] Paragraph 14 of the LPO states in relevant part:

"The inadvertent production or disclosure of any document or other material (the "Inadvertent Production") otherwise protected by the attorney-client privilege, work product protection or a joint defense/common interest privilege shall not constitute or be deemed as a waiver or forfeiture of any such privilege or immunity . . . ."

Southern District of New York, or any other applicable law or case law. The Trustee reserves the right to object to requests for access to the Third-Party Data Rooms based on relevance or other objections. Where appropriate and non-objectionable, the Trustee will direct Outside Litigation Counsel to the Third-Party Data Rooms. The Trustee and Outside Litigation Counsel will meet and confer regarding whether access to the Third-Party Data Rooms is warranted, including with regard to the scope of relevant documents in the Third-Party Data Rooms. Outside Litigation Counsel for such defendant may request access to the Third-Party Data Rooms.

2.  After executing the NDA attached to the Order Establishing Procedures for Third-Party Data Rooms and the Undertaking To Be Bound attached to the Litigation Protective Order (copies of both shall be sent to Baker & Hostetler LLP, counsel for the Trustee, at MadoffDataRooms@bakerlaw.com), Outside Litigation Counsel may obtain access to the Third-Party Data Rooms.

3.  With respect to non-confidential Third-Party Documents, Outside Litigation Counsel may execute searches over and view any non-confidential documents in the Third-Party Non-Confidential Data Room. Outside Litigation Counsel may also request a production of documents out of the Third-Party Non-Confidential Data Room. An alert will be sent to the designated representative(s) of the Producing Party(ies) whose non-confidential documents have been requested for production.

4.  With respect to confidential Third-Party Documents, Outside Litigation Counsel can run search terms over the Third-Party Confidential Data Room. Outside Litigation Counsel will be provided with Bates numbers for each document that results from their searches and the name of the Producing Party that corresponds to each document. Outside Litigation Counsel can tag documents they want to view. An alert will be sent to the designated representative(s) of the Producing Party(ies) whose confidential documents have been requested for viewing.

5.  The Producing Party will have ten (10) business days to respond to the alert by selecting the documents to be released in the Third-Party Confidential Data Room. The Producing Party may either approve or deny the release of its documents.

6.  If the Producing Party approves the release of documents, the Producing Party's documents that have been approved for release will be released to the Outside Litigation Counsel requesting the documents. If the Producing Party does not respond within the 10-business day time period, all of the Producing Party's documents that have been requested will be released to the Outside Litigation Counsel requesting the documents. The Outside Litigation Counsel requesting the documents can then view the

8

released documents and tag documents they would like produced out of
the Third-Party Confidential Data Room.

7.    If the Producing Party denies the release of any documents, those
documents that have been denied will not be released.  The Producing
Party and the Outside Litigation Counsel requesting the documents may
negotiate regarding the release of the denied documents.  The denied
documents will not be released to the Outside Litigation Counsel
requesting the documents for viewing unless the Producing Party
subsequently approves the release in the Third-Party Data Room.  If the
Producing Party continues to deny the release of its confidential
documents, the Outside Litigation Counsel requesting the documents may
seek relief from the Court, including moving the Court to compel
disclosure.

**ORDERED,** that this Court shall retain jurisdiction with respect to all matters

relating to the interpretation or implementation of this Order.


Dated: New York, New York
       September __, 2013


                                        _____
                                        HONORABLE BURTON R. LIFLAND
                                        UNITED STATES BANKRUPTCY JUDGE


300272385

9