**Presentment Date June 25, 2018 at 12:00 p.m. (Prevailing Eastern Time)**
**Objection Deadline: June 25, 2018 at 11:00 a.m. (Prevailing Eastern Time)**

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza
Suite 3335
New York, New York 10119
(212) 594-5000
Frank A. Oswald
Lauren L. Peacock

*Co-counsel to Reorganized Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x
                                              :
In re:                                     :   Chapter 11
                                              :
SUNEDISON, INC., *et al.*,          :   Case No. 16-10992 (SMB)
                                              :
        Reorganized Debtors.[1]        :   (Jointly Administered)
                                              :
------------------------------------------------------- x

**NOTICE OF PRESENTMENT OF**
**STIPULATION AND AGREED ORDER AMONG REORGANIZED**
**DEBTORS, WGSW, INC. AND SF ECHO LLC REGARDING**
**CLAIM NOS. 3045 AND 6299 AND THE DISPOSITION OF SWEPT FUNDS**

        **PLEASE TAKE NOTICE** that SunEdison, Inc. ("SUNE") and certain of its affiliates, the above-captioned Reorganized Debtors (as defined in the confirmed *Second*

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number are as follows: SunEdison, Inc. (5767); SunEdison DG, LLC (N/A); SUNE Wind Holdings, Inc. (2144); SUNE Hawaii Solar Holdings, LLC (0994); First Wind Solar Portfolio, LLC (5014); First Wind California Holdings, LLC (7697); SunEdison Holdings Corporation (8669); SunEdison Utility Holdings, Inc. (6443); SunEdison International, Inc. (4551); SUNE ML 1, LLC (3132); MEMC Pasadena, Inc. (5238); Solaicx (1969); SunEdison Contracting, LLC (3819); NVT, LLC (5370); NVT Licenses, LLC (5445); Team-Solar, Inc. (7782); SunEdison Canada, LLC (6287); Enflex Corporation (5515); Fotowatio Renewable Ventures, Inc. (1788); Silver Ridge Power Holdings, LLC (5886); SunEdison International, LLC (1567); Sun Edison LLC (1450); SunEdison Products Singapore Pte. Ltd. (7373); SunEdison Residential Services, LLC (5787); PVT Solar, Inc. (3308); SEV Merger Sub Inc. (N/A); Sunflower Renewable Holdings 1, LLC (6273); Blue Sky West Capital, LLC (7962); First Wind Oakfield Portfolio, LLC (3711); First Wind Panhandle Holdings III, LLC (4238); DSP Renewables, LLC (5513); Hancock Renewables Holdings, LLC (N/A); Buckthorn Renewables Holdings, LLC (7616); Greenmountain Wind Holdings, LLC (N/A); Rattlesnake Flat Holdings, LLC (N/A); Somerset Wind Holdings, LLC (N/A); SunE Waiawa Holdings, LLC (9757); SunE MN Development, LLC (8669); SunE MN Development Holdings, LLC (5388); SunE Minnesota Holdings, LLC (8926); Terraform Private Holdings, LLC (5993); SunEdison Products, LLC (3557); Hudson Energy Solar Corporation (1344); SunE REIT-D PR, LLC (2171); First Wind Energy, LLC (5519); First Wind Holdings, LLC (4445); Vaughn Wind, LLC (9605); Maine Wind Holdings, LLC (4825); SunEdison International Construction, LLC (6257); and EchoFirst Finance Co., LLC (1607). The address of the Reorganized Debtors' corporate headquarters is Two City Place Drive, 2nd floor, St. Louis, MO 63141. Everstream HoldCo Fund I, LLC (9564) is a Debtor in the Chapter 11 Cases (as defined herein) but is not a Reorganized Debtor.

*Amended Joint Plan of Reorganization of SunEdison, Inc. and its Debtor Affiliates* [Dkt. No. 3735]) (collectively, the "Debtors"), will present the proposed *Stipulation and Agreed Order Among Reorganized Debtors, WGSW, Inc. and SF Echo LLC Regarding Claim Nos. 3045 and 6299 and the Disposition of Swept Funds* (the "Stipulated Order") to the Honorable Stuart M. Bernstein, United States Bankruptcy Judge, for signature on **June 25, 2018 at 12:00 p.m. (Prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that unless a written objection to the Stipulated Order, with a proof of service, is filed with the Clerk of the Court, and a courtesy copy is delivered to the undersigned counsel and to the chambers of the Honorable Stuart M. Bernstein so as to be received by **June 25, 2018 at 11:00 a.m. (Prevailing Eastern Time)**, there will not be a hearing on the Stipulated Order and the Stipulated Order may be signed.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely filed, a hearing will be held to consider the Stipulated Order on a date and time to be set by the Court.

Dated: New York, New York
      June 8, 2018

                                  SUNEDISON, INC. et al,
                                  *Reorganized Debtors*
                                  By their Co-Counsel:
                                  TOGUT, SEGAL & SEGAL LLP
                                  By:

                                  */s/Frank A. Oswald*
                                  FRANK A. OSWALD
                                  LAUREN L. PEACOCK
                                  A Member of the Firm
                                  One Penn Plaza, Suite 3335
                                  New York, New York 10119
                                  Telephone: (212) 594-5000
                                  Fax: (212) 967-4258

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x
                                                         :
In re:                                                   : Chapter 11
                                                         :
SUNEDISON, INC., *et al*.,                               : Case No. 16-10992 (SMB)
                                                         :
          Reorganized Debtors.[1]      : (Jointly Administered)
                                                         :
------------------------------------------------------- x

**STIPULATION AND AGREED ORDER AMONG REORGANIZED
DEBTORS, WGSW, INC. AND SF ECHO LLC REGARDING
CLAIM NOS. 3045 AND 6299 AND THE DISPOSITION OF SWEPT FUNDS**

        This stipulation and agreed order (this "Stipulated Order") is entered into by and between: (i) the Reorganized Debtors, as defined in the confirmed *Second Amended Joint Plan of Reorganization of SunEdison, Inc. and its Debtor Affiliates* [Dkt. No. 3735] (collectively, the "Debtors"); and (ii) WGSW, Inc. ("WGSW") and SF Echo LLC ("SF Echo," together with WGSW (the "WGSW Parties"), the WGSW Parties together with the Debtors, the "Parties").

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number are as follows: SunEdison, Inc. (5767); SunEdison DG, LLC (N/A); SUNE Wind Holdings, Inc. (2144); SUNE Hawaii Solar Holdings, LLC (0994); First Wind Solar Portfolio, LLC (5014); First Wind California Holdings, LLC (7697); SunEdison Holdings Corporation (8669); SunEdison Utility Holdings, Inc. (6443); SunEdison International, Inc. (4551); SUNE ML 1, LLC (3132); MEMC Pasadena, Inc. (5238); Solaicx (1969); SunEdison Contracting, LLC (3819); NVT, LLC (5370); NVT Licenses, LLC (5445); Team-Solar, Inc. (7782); SunEdison Canada, LLC (6287); Enflex Corporation (5515); Fotowatio Renewable Ventures, Inc. (1788); Silver Ridge Power Holdings, LLC (5886); SunEdison International, LLC (1567); Sun Edison LLC (1450); SunEdison Products Singapore Pte. Ltd. (7373); SunEdison Residential Services, LLC (5787); PVT Solar, Inc. (3308); SEV Merger Sub Inc. (N/A); Sunflower Renewable Holdings 1, LLC (6273); Blue Sky West Capital, LLC (7962); First Wind Oakfield Portfolio, LLC (3711); First Wind Panhandle Holdings III, LLC (4238); DSP Renewables, LLC (5513); Hancock Renewables Holdings, LLC (N/A); Buckthorn Renewables Holdings, LLC (7616); Greenmountain Wind Holdings, LLC (N/A); Rattlesnake Flat Holdings, LLC (N/A); Somerset Wind Holdings, LLC (N/A); SunE Waiawa Holdings, LLC (9757); SunE MN Development, LLC (8669); SunE MN Development Holdings, LLC (5388); SunE Minnesota Holdings, LLC (8926); Terraform Private Holdings, LLC (5993); SunEdison Products, LLC (3557); Hudson Energy Solar Corporation (1344); SunE REIT-D PR, LLC (2171); First Wind Energy, LLC (5519); First Wind Holdings, LLC (4445); Vaughn Wind, LLC (9605); Maine Wind Holdings, LLC (4825); SunEdison International Construction, LLC (6257); and EchoFirst Finance Co., LLC (1607). The address of the Reorganized Debtors' corporate headquarters is Two City Place Drive, 2nd floor, St. Louis, MO 63141. Everstream HoldCo Fund I, LLC (9564) is a Debtor in the Chapter 11 Cases (as defined herein) but is not a Reorganized Debtor.

## RECITALS

**The Chapter 11 Cases**.

      A.      Beginning on April 21, 2016, SunEdison, Inc., ("SUNE") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors") commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). On April 7, 2017 (the "Petition Date"), certain additional SUNE affiliates, including EchoFirst Finance Co., LLC ("EchoFirst"), commenced chapter 11 cases in the Bankruptcy Court (each, a "Chapter 11 Case" and, collectively, the "Chapter 11 Cases").

      B.      On April 29, 2016, the United States Trustee formed an Official Committee of Unsecured Creditors in the Debtors' Chapter 11 Cases (the "Committee").

      C.      On March 28, 2017, the Debtors filed their *Joint Plan of Reorganization of SunEdison, Inc. and its Debtor Affiliates* [Dkt. No. 2671] (as amended, the "Plan") and corresponding disclosure statement [Dkt. No. 2672], each of which has been amended. Pursuant to an Order of this Court dated June 13, 2017 [Dkt. No. 3319], the Debtors' Amended Disclosure Statement dated as of June 12, 2017 [Dkt. No. 3314] was approved. The Plan was confirmed by order of this Court dated July 28, 2017 [Dkt. No. 3735] (the "Confirmation Order"). The Plan's Effective Date (as defined in the Plan) occurred on December 29, 2017 (the "Plan Effective Date"). *See* Dkt. No. 4495.

**The Washington Gas Parties' Agreements with the Debtors**.

      D.      Prior to commencing its Chapter 11 Case, EchoFirst was in the business of designing, installing, and maintaining certain solar thermal water heating systems (the "Systems") pursuant to, among other agreements, the Master Purchase

2

Agreement between WGSW and EchoFirst, dated June 27, 2012 (as amended, the "Purchase Agreement").

E.      Pursuant to the Purchase Agreement, WGSW would purchase the Systems completed by EchoFirst, while EchoFirst would continue to service such Systems pursuant to certain energy services agreements entered into between EchoFirst and the customers who own the buildings on which the Systems are installed (collectively, the "Energy Service Agreements").  Pursuant to a Master Lease Agreement also dated June 27, 2012 (as amended, the "Lease Agreement"), WGSW agreed to lease back to EchoFirst the Systems purchased under the Purchase Agreement for the purpose of leasing or selling electricity and thermal energy generated by such Systems to customers.

F.      In connection with this arrangement, WGSW and EchoFirst also entered into:

- a Tax Indemnity Agreement dated June 27, 2012 (the "Tax Indemnity Agreement"), pursuant to which EchoFirst agreed to, among other things, indemnify WGSW for the loss, reduction, unavailability or recapture of any Assumed Tax Benefits (as defined in the Tax Indemnity Agreement) on Systems leased to EchoFirst under the Lease Agreement, and

- a Security Agreement dated as of June 27, 2012 (as amended, the "Security Agreement"), pursuant to which EchoFirst granted WGSW a security interest in certain collateral, including EchoFirst's deposit accounts (collectively, the "Accounts") to secure EchoFirst's obligations to WGSW under the Lease Agreement and certain related Transaction Documents (as defined in the Lease Agreement).

G.      Additionally, WGSW and SUNE entered into a Parent Guaranty dated June 27, 2012 (the "Guaranty"), pursuant to which SUNE guaranteed EchoFirst's obligations under the Lease Agreement and the Tax Indemnity Agreement.

3

H. In connection with the Security Agreement, EchoFirst and WGSW entered into various deposit account control agreements (collectively, the "Control Agreements"), pursuant to which WGSW contends that it perfected security interests in and to funds held in the Accounts.

I. On April 5, 2017, WGSW and EchoFirst entered into the Eighth Omnibus Waiver and Amendment Agreement (the "Settlement Agreement"), which, among other things, terminated the Purchase Agreement, the Lease Agreement, the Security Agreement, the Guaranty, the Pledge Agreement between Echofirst Development Co, LLC, Echofirst Finance Co, LLC, and WGSW, Inc. (the "EFF Pledge Agreement"), the Tax Indemnity Agreement, and various omnibus agreements amending and altering other agreements (the "Omnibus Agreements") as to EchoFirst only and released EchoFirst from any and all claims based upon those agreements, with certain exceptions as set forth in the Settlement Agreement.

J. Also on April 5, 2017, EchoFirst, WGSW, and SF Echo, an affiliate of WGSW, entered into the Assignment and Assumption Agreement (the "Assignment Agreement" and, together with the Settlement Agreement, the "April 5 Agreements"), pursuant to which, among other things, EchoFirst assigned its right, title, and interests in the Lease Agreement and Energy Service Agreements for the Systems to SF Echo, and SF Echo assumed the responsibility to provide the services formerly provided by EchoFirst thereunder.

K. Following entry into the April 5 Agreements, the WGSW Parties caused approximately $866,670 to be swept from the Accounts immediately prior to the Petition Date on grounds that the Accounts held monies that were now property of SF Echo under the Assignment Agreement and/or that WGSW had secured claims against EchoFirst under the terms of the Settlement Agreement (the "Sweep").

4

L. Following WGSW's Sweep of the Accounts, the Debtors identified $258,000 of unrelated funds that they assert constituted property of the Debtors and should not have been swept. Additionally, the Debtors asserted that WGSW's Sweep of the Accounts violated the automatic stay under Bankruptcy Code section 362, constituted an avoidable transfer under chapter 5 of the Bankruptcy Code, and violated the April 5 Agreements.

M. The WGSW Parties maintain that the Sweep was proper, denied that they violated section 362 of the Bankruptcy Code, or the April 5 Agreements, or that the April 5 Agreements were voidable.

**WGSW's Claims in the Chapter 11 Cases.**

N. On September 22, 2016, WGSW timely filed Claim No. 3045 against SUNE in an unliquidated amount based on SUNE's obligations under the Guaranty ("Claim No. 3045").

O. On June 23, 2017, WGSW timely filed Claim No. 6299 against EchoFirst in the amount of $3,275,739 based on certain its allegations that EchoFirst continued to have obligations under the Lease Agreement and the April 5 Agreements that were not released pursuant to the April 5 Agreements ("Claim No. 6299" and, together with Claim No. 3045, the "Claims"). WGSW asserts that Claim No. 6299 is secured by deposit accounts and other property of EchoFirst.

P. The Debtors dispute the validity, amount, and secured status of the Claims.

**The Settlement**.

Q. The Parties wish to finally and fully settle all claims and disputes between them arising from or in connection with the above-mentioned agreements, the

5

Sweep, and the Claims in order to avoid the risk, uncertainty, and costs of prolonged litigation related thereto.

R.      The Debtors believe that this Stipulated Order is an appropriate means of resolving these matters, constitutes a prudent exercise of the Debtors' business judgment, and is in the best interests of the Debtors.

S.      Contemporaneously herewith, the Debtors and WGSW, among others, entered into a second stipulated order (the "Second Stipulated Order"), subject to Bankruptcy Court approval, regarding the disposition of certain stored equipment that is potentially of use to SF Echo in performing its responsibilities to customers under the April 5 Agreements.

**NOW, THEREFORE,** without the admission of liability or the adjudication of any issue of fact or law except as otherwise provided herein, subject to approval of this Stipulated Order by the Bankruptcy Court, it is hereby agreed:

1.      Within no later than five (5) business days after this Stipulated Order has been approved by the Court (upon entry, the "Approval Order"), the WGSW Parties shall wire $100,000 to a bank account in the name of SunEdison, Inc., for the benefit of EchoFirst. The Debtors shall provide wire instructions to the WGSW Parties upon execution of this Stipulated Order by all parties.

2.      Upon entry of the Approval Order, the Claims shall be deemed disallowed and expunged in their entirety.

3.      Upon entry of the Approval Order, the WGSW Parties, on behalf of themselves and their respective heirs, representatives and assigns, do hereby fully, finally and forever waive and release the Debtors and their respective heirs, successors, assigns, affiliates, officers, directors, members, shareholders, associates, partners, subsidiaries, predecessors, employees, attorneys, professionals, and agents from any

6

and all claims, causes of action, suits, debts, obligations, liabilities, accounts, damages, demand rights, titles, defenses, or demands whatsoever, known or unknown, asserted or unasserted, contingent or non-contingent, arising from or otherwise related to the Purchase Agreement, the Lease Agreement, the Security Agreement, the Guaranty, the EFF Pledge Agreement, the Tax Indemnity Agreement, the Omnibus Agreements, the Energy Service Agreements, the April 5 Agreements, the Control Agreements, the Accounts, the Systems, the Sweep, and the Chapter 11 Cases, or any transactions, acts, or omissions referenced in the Claims.

4. Upon entry of the Approval Order and satisfaction of the WGSW Parties' payment obligations in paragraph 1 hereto, the Debtors, on behalf of themselves and their respective heirs, representatives and assigns, do hereby fully, finally and forever waive and release the WGSW Parties and their heirs, successors, assigns, affiliates, officers, directors, members, shareholders, associates, partners, subsidiaries, predecessors, employees, attorneys, professionals, and agents from any and all claims, causes of action, suits, debts, obligations, liabilities, accounts, damages, demand rights, titles, defenses, or demands whatsoever, known or unknown, asserted or unasserted, contingent or non-contingent, arising from or otherwise related to the Purchase Agreement, the Lease Agreement, the Security Agreement, the Guaranty, the EFF Pledge Agreement, the Tax Indemnity Agreement, the Omnibus Agreements, the Energy Service Agreements, the April 5 Agreements, the Control Agreements, the Accounts, the Systems, the Sweep, and the Chapter 11 Cases, or any transactions, acts, or omissions referenced in the Claims.

5. Upon the entry of the Approval Order, the Control Agreements shall be deemed terminated. The WGSW Parties acknowledge that they have been

advised by EchoFirst that no more than $10,000 is currently being held in accounts at Wells Fargo subject to Control Agreements that are being terminated hereunder.

6. Upon entry of the Approval Order, to the extent any obligations remain, the Debtors' obligations under the Purchase Agreement, the Lease Agreement, the Security Agreement, the Guaranty, the EFF Pledge Agreement, the Tax Indemnity Agreement, the Omnibus Agreements, the Energy Service Agreement, and the April 5 Agreements shall be deemed terminated.

7. The Parties are authorized and empowered to take all actions necessary to implement the relief granted in this Stipulated Order.

8. The Debtors' claims and noticing agent is authorized and directed to reflect the disallowed and expunged Claims on the claims register in the Chapter 11 Cases.

9. This Stipulated Order (together with the Second Stipulated Order) constitutes the entire agreement and understanding of the Parties regarding this Stipulated Order, the Second Stipulated Order, and the subject matter thereof, and can only be modified by a writing signed by the Parties and approved by the Bankruptcy Court.

10. This Stipulated Order shall be binding upon the Parties and their respective successors and/or assigns.

11. The Parties hereto understand and agree that neither the making of this Stipulated Order nor anything contained herein shall be construed or considered in any way to be an admission of guilt, wrongdoing, liability, or noncompliance with federal, state or local law, statute, order or regulation, tortious act, breach of contract, violation of common law, or any other wrongdoing whatsoever.

12. No statement made or action taken in connection with the negotiation of this Stipulated Order shall be offered or received in evidence or in any way referred to in any legal action between the Parties, other than as may be necessary to obtain approval of and enforce this Stipulated Order or any dispute hereunder.

13. This Stipulated Order shall be construed without regard to any presumption or other rule requiring construction against the party causing the document to be drafted.  Each Party warrants that it has been represented and advised by counsel or has had a full opportunity to be represented and advised by counsel with respect to this Stipulated Order and all matters covered by it.

14. This Stipulated Order may be executed by the Parties in counterparts, each of which shall be deemed an original and evidence of this Stipulated Order may be exchanged by fax or by electronic transmission of a scanned copy of the signature pages or by exchange of originally signed documents.

15. Each person who executes this Stipulated Order represents that he or she is duly authorized to execute this Stipulated Order.

[**Concluded on the Following Page**]

9

16. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Stipulated Order.

Dated: June 8, 2018

| | |
|---|---|
| SUNEDISON, INC., ET AL.<br>Reorganized Debtors<br>By their Co-Counsel | WGSW, INC.<br>SF Echo LLC<br>By their Counsel |
| TOGUT, SEGAL & SEGAL LLP | SANDS ANDERSON PC |
| By: | By: |
| */s/Frank A. Oswald*<br>FRANK A. OSWALD<br>A Member of the Firm<br>One Penn Plaza, Suite 3335<br>New York, New York 10119<br>(212) 594-5000 | */s/George R. Pitts*<br>GEORGE R. PITTS<br>A Principal of the Firm<br>1497 Chain Bridge Road, Suite 202<br>McLean, VA 22101-5728<br>(703) 893-3600 |

**SO ORDERED** this ___ day of June 2018
in New York, New York

_____
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE

10