Presentment Date June 25, 2018 at 12:00 p.m. (Prevailing Eastern Time)
Objection Deadline: June 25, 2018 at 11:00 a.m. (Prevailing Eastern Time)

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza
Suite 3335
New York, New York 10119
(212) 594-5000
Frank A. Oswald
Lauren L. Peacock

*Co-counsel to Reorganized Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
                                                           :
In re:                                                     :    Chapter 11
                                                           :
SUNEDISON, INC., *et al.*,                                 :    Case No. 16-10992 (SMB)
                                                           :
       Reorganized Debtors.[1]                             :    (Jointly Administered)
                                                           :
---------------------------------------------------------- x

## NOTICE OF PRESENTMENT OF STIPULATION AND AGREED ORDER REGARDING STORAGE FEES AND DISPOSITION OF STORED INVENTORY

**PLEASE TAKE NOTICE** that SunEdison, Inc. ("SUNE") and certain of its affiliates, the above-captioned Reorganized Debtors (as defined in the confirmed *Second Amended Joint Plan of Reorganization of SunEdison, Inc. and its Debtor Affiliates* [Dkt. No.

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number are as follows: SunEdison, Inc. (5767); SunEdison DG, LLC (N/A); SUNE Wind Holdings, Inc. (2144); SUNE Hawaii Solar Holdings, LLC (0994); First Wind Solar Portfolio, LLC (5014); First Wind California Holdings, LLC (7697); SunEdison Holdings Corporation (8669); SunEdison Utility Holdings, Inc. (6443); SunEdison International, Inc. (4551); SUNE ML 1, LLC (3132); MEMC Pasadena, Inc. (5238); Solaicx (1969); SunEdison Contracting, LLC (3819); NVT, LLC (5370); NVT Licenses, LLC (5445); Team-Solar, Inc. (7782); SunEdison Canada, LLC (6287); Enflex Corporation (5515); Fotowatio Renewable Ventures, Inc. (1788); Silver Ridge Power Holdings, LLC (5886); SunEdison International, LLC (1567); Sun Edison LLC (1450); SunEdison Products Singapore Pte. Ltd. (7373); SunEdison Residential Services, LLC (5787); PVT Solar, Inc. (3308); SEV Merger Sub Inc. (N/A); Sunflower Renewable Holdings 1, LLC (6273); Blue Sky West Capital, LLC (7962); First Wind Oakfield Portfolio, LLC (3711); First Wind Panhandle Holdings III, LLC (4238); DSP Renewables, LLC (5513); Hancock Renewables Holdings, LLC (N/A); Buckthorn Renewables Holdings, LLC (7616); Greenmountain Wind Holdings, LLC (N/A); Rattlesnake Flat Holdings, LLC (N/A); Somerset Wind Holdings, LLC (N/A); SunE Waiawa Holdings, LLC (9757); SunE MN Development, LLC (8669); SunE MN Development Holdings, LLC (5388); SunE Minnesota Holdings, LLC (8926); Terraform Private Holdings, LLC (5993); SunEdison Products, LLC (3557); Hudson Energy Solar Corporation (1344); SunE REIT-D PR, LLC (2171); First Wind Energy, LLC (5519); First Wind Holdings, LLC (4445); Vaughn Wind, LLC (9605); Maine Wind Holdings, LLC (4825); SunEdison International Construction, LLC (6257); and EchoFirst Finance Co., LLC (1607). The address of the Reorganized Debtors' corporate headquarters is Two City Place Drive, 2nd floor, St. Louis, MO 63141. Everstream HoldCo Fund I, LLC (9564) is a Debtor in the Chapter 11 Cases (as defined herein) but is not a Reorganized Debtor.

3735]) (collectively, the "Debtors"), will present the proposed *Stipulation and Agreed Order Regarding Storage Fees and Disposition of Stored Inventory* (the "Stipulated Order") to the Honorable Stuart M. Bernstein, United States Bankruptcy Judge, for signature on **June 25, 2018 at 12:00 p.m. (Prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that unless a written objection to the Stipulated Order, with a proof of service, is filed with the Clerk of the Court, and a courtesy copy is delivered to the undersigned counsel and to the chambers of the Honorable Stuart M. Bernstein so as to be received by **June 25, 2018 at 11:00 a.m. (Prevailing Eastern Time)**, there will not be a hearing on the Stipulated Order and the Stipulated Order may be signed.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely filed, a hearing will be held to consider the Stipulated Order on a date and time to be set by the Court.

Dated: New York, New York
          June 8, 2018

                    SUNEDISON, INC. et al,
                    *Reorganized Debtors*
                    By their Co-Counsel:
                    TOGUT, SEGAL & SEGAL LLP
                    By:

                    /s/*Frank A. Oswald*
                    FRANK A. OSWALD
                    A Member of the Firm
                    One Penn Plaza, Suite 3335
                    New York, New York 10119
                    Telephone: (212) 594-5000
                    Fax: (212) 967-4258

```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x
                                                        :
In re:                                                  :  Chapter 11
                                                        :
SUNEDISON, INC., et al.,                                :  Case No. 16-10992 (SMB)
                                                        :
          Reorganized Debtors.[1]                       :  (Jointly Administered)
                                                        :
------------------------------------------------------- x
```

## STIPULATION AND AGREED ORDER REGARDING STORAGE FEES AND DISPOSITION OF STORED INVENTORY

This stipulation and agreed order (this "Stipulated Order") is entered into by and among: (i) the Reorganized Debtors, as defined in the confirmed *Second Amended Joint Plan of Reorganization of SunEdison, Inc. and its Debtor Affiliates* [Dkt. No. 3735] (collectively, the "Debtors"); (ii) WGSW, Inc. ("WGSW"); (iii) Dircks Moving and Logistics, Inc. ("Dircks"); and (iv) McCollister's Transportation Group, Inc. ("McCollister's" and, together with the Debtors, WGSW, and Dircks, the "Parties").

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number are as follows: SunEdison, Inc. (5767); SunEdison DG, LLC (N/A); SUNE Wind Holdings, Inc. (2144); SUNE Hawaii Solar Holdings, LLC (0994); First Wind Solar Portfolio, LLC (5014); First Wind California Holdings, LLC (7697); SunEdison Holdings Corporation (8669); SunEdison Utility Holdings, Inc. (6443); SunEdison International, Inc. (4551); SUNE ML 1, LLC (3132); MEMC Pasadena, Inc. (5238); Solaicx (1969); SunEdison Contracting, LLC (3819); NVT, LLC (5370); NVT Licenses, LLC (5445); Team-Solar, Inc. (7782); SunEdison Canada, LLC (6287); Enflex Corporation (5515); Fotowatio Renewable Ventures, Inc. (1788); Silver Ridge Power Holdings, LLC (5886); SunEdison International, LLC (1567); Sun Edison LLC (1450); SunEdison Products Singapore Pte. Ltd. (7373); SunEdison Residential Services, LLC (5787); PVT Solar, Inc. (3308); SEV Merger Sub Inc. (N/A); Sunflower Renewable Holdings 1, LLC (6273); Blue Sky West Capital, LLC (7962); First Wind Oakfield Portfolio, LLC (3711); First Wind Panhandle Holdings III, LLC (4238); DSP Renewables, LLC (5513); Hancock Renewables Holdings, LLC (N/A); Buckthorn Renewables Holdings, LLC (7616); Greenmountain Wind Holdings, LLC (N/A); Rattlesnake Flat Holdings, LLC (N/A); Somerset Wind Holdings, LLC (N/A); SunE Waiawa Holdings, LLC (9757); SunE MN Development, LLC (8669); SunE MN Development Holdings, LLC (5388); SunE Minnesota Holdings, LLC (8926); Terraform Private Holdings, LLC (5993); SunEdison Products, LLC (3557); Hudson Energy Solar Corporation (1344); SunE REIT-D PR, LLC (2171); First Wind Energy, LLC (5519); First Wind Holdings, LLC (4445); Vaughn Wind, LLC (9605); Maine Wind Holdings, LLC (4825); SunEdison International Construction, LLC (6257); and EchoFirst Finance Co., LLC (1607). The address of the Reorganized Debtors' corporate headquarters is Two City Place Drive, 2nd floor, St. Louis, MO 63141. Everstream HoldCo Fund I, LLC (9564) is a Debtor in the Chapter 11 Cases (as defined herein) but is not a Reorganized Debtor.

## RECITALS

**The Chapter 11 Cases**.

    A.    Beginning on April 21, 2016 (the "Petition Date"), SunEdison, Inc., ("SUNE") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors") commenced voluntary cases (collectively, the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

    B.    On April 29, 2016, the United States Trustee formed an Official Committee of Unsecured Creditors in the Debtors' Chapter 11 Cases (the "Committee").

    C.    No trustee or examiner has been appointed in the Debtors' cases.

    D.    By Order dated August 10, 2016, the Bankruptcy Court established September 23, 2016 (the "General Bar Date") as the deadline for filing proofs of claim against certain of the Debtors in connection with claims that arose prior to the Petition Date.

    E.    Dircks and McCollister's were each served with actual notice of the General Bar Date. *See* Dkt. No. 1076.

    F.    On June 16, 2016, McCollister's filed Claim No. 491 against SUNE in the amount of $61,927.25 (the "Claim") based on Dircks's storage of the Inventory (as defined below).

    G.    Dircks did not file a proof of claim in the Chapter 11 Cases on or before the General Bar Date.

    H.    On March 28, 2017, the Debtors filed their *Joint Plan of Reorganization of SunEdison, Inc. and its Debtor Affiliates* [Dkt. No. 2671] (as amended, the "Plan") and corresponding disclosure statement [Dkt. No. 2672], each of which has been

2

amended.  Pursuant to an Order of this Court dated June 13, 2017 [Dkt. No. 3319], the Debtors' Amended Disclosure Statement dated as of June 12, 2017 [Dkt. No. 3314] was approved.  The Plan was confirmed by Order of this Court dated July 28, 2017 [Dkt. No. 3735] (the "Confirmation Order").  The Plan's Effective Date (as defined in the Plan) occurred on December 29, 2017 (the "Plan Effective Date").  *See* Docket No. 4495.

   I. The Plan provides, in pertinent part, that all executory contracts and unexpired leases that were not previously assumed by order of the Bankruptcy Court, or assumed under the Plan, are deemed automatically rejected on the Plan Effective Date.  *See* Plan, § 8.1(a).  The deadline to file claims on account of such rejection was thirty (30) days after the Plan Effective Date (*i.e.* January 28, 2018) (the "Rejection Damages Bar Date").

   J. The Confirmation Order provides that administrative expense claims must be filed on or before the date that is thirty (30) days after the Plan Effective Date (*i.e.* January 28, 2018) (the "Administrative Claims Bar Date").

   K. Dircks and McCollister's were each served with actual notice of the Rejection Damages Bar Date and Administrative Claims Bar Date.  *See* Dkt. No. 4519.

   L. Dircks has not filed a proof of claim against any of the Debtors in these Chapter 11 Cases.

   M. Other than the Claim, McCollister's has not filed a proof of claim against any of the Debtors in these Chapter 11 Cases.

**The Storage Agreement and Related Storage Fees**.

   N. Pursuant to a prepetition agreement between the Debtors and McCollister's (the "Storage Agreement"), McCollister's agreed to store certain miscellaneous equipment and inventory (collectively, the "Inventory") of the Debtors, which was placed at a facility in Phoenix, Arizona owned and operated by Dircks.

3

O. The Debtors have determined that the Inventory is no longer useful in the operation of the Debtors' businesses and provides no value to the Debtors' estates.

P. The Storage Agreement was deemed rejected on the Plan Effective Date pursuant to the terms and conditions of the Plan.

Q. Dircks asserts that fees aggregating $203,250 are owed by the Debtors as of April 2018, and that an additional $8,130 will come due each month (the "Storage Fees"). The Debtors dispute that Dircks has a valid claim on account of the Storage Fees in light of Dircks's failure to file a proof of claim in these Chapter 11 Cases on or before the General Bar Date, the Rejection Damages Bar Date, or the Administrative Claims Bar Date.

R. The amount of the Storage Fees includes the amounts that McCollister's asserts it is entitled to in its Claim.

S. WGSW has expressed an interest in acquiring the Inventory in exchange for WGSW's payment and satisfaction of the Storage Fees.

**The Settlement**.

T. Following discussions and an exchange of information by and among the Parties, they have agreed to the terms set forth in this Stipulated Order, subject to Bankruptcy Court approval:

**IT IS HEREBY STIPULATED AND AGREED THAT:**

1. Upon approval by the Bankruptcy Court, this Stipulated Order shall be effective (the "Settlement Effective Date").

2. Upon the Settlement Effective Date, the Claim shall be deemed disallowed and expunged in its entirety, and, to the extent the Storage Agreement remains in effect as to the Debtors, that agreement shall be deemed terminated as to the Debtors only.

4

3. Within ten (10) business days of the Settlement Effective Date, WGSW shall pay Dircks $203,250 in full and final satisfaction of the Storage Fees (the "Payment").

4. The Debtors will be deemed to have abandoned the Inventory to WGSW upon Dirck's receipt of the Payment. For the avoidance of doubt, the Inventory will be transferred to WGSW on an "as is, where is" basis, with the Debtors making no representation or warranty regarding the Inventory whatsoever.

5. Upon Dirck's receipt of the Payment, Dircks shall release the Inventory to WGSW and, upon WGSW's request, continue the Storage Agreement with WGSW in lieu of the Debtors.

6. Upon the Settlement Effective Date, Dircks, on behalf of itself and its respective heirs, representatives and assigns, does hereby fully, finally and forever waive and release the Debtors and their respective heirs, successors, assigns, affiliates, officers, directors, members, shareholders, associates, partners, subsidiaries, predecessors, employees, attorneys, professionals, and agents from any and all claims, causes of action, suits, debts, obligations, liabilities, accounts, damages, demand rights, titles, defenses, or demands whatsoever, known or unknown, asserted or unasserted, contingent or non-contingent, arising from or otherwise related to the Storage Agreement, the Inventory, the Storage Fees, or the Chapter 11 Cases.

7. Upon the Settlement Effective Date, McCollister's, on behalf of itself and its respective heirs, representatives and assigns, does hereby fully, finally and forever waive and release the Debtors and their respective heirs, successors, assigns, affiliates, officers, directors, members, shareholders, associates, partners, subsidiaries, predecessors, employees, attorneys, professionals, and agents from any and all claims, causes of action, suits, debts, obligations, liabilities, accounts, damages, demand rights,

5

titles, defenses, or demands whatsoever, known or unknown, asserted or unasserted, contingent or non-contingent, arising from or otherwise related to the Storage Agreement, the Inventory, the Storage Fees, or the Chapter 11 Cases.

8. The Debtors, WGSW, Dircks, and McCollister's are authorized and empowered to take all actions necessary to implement the relief granted in this Stipulated Order.

9. The Debtors' claims and noticing agent is authorized and directed to reflect the disallowed and expunged Claim on the claims register in the Chapter 11 Cases.

10. This Stipulated Order may be executed by the Parties in counterparts, each of which shall be deemed an original and evidence of this Stipulated Order may be exchanged by fax or by electronic transmission of a scanned copy of the signature pages or by exchange of originally signed documents.

11. Each person who executes this Stipulated Order represents that he or she is duly authorized to execute this Stipulated Order.

[*Concluded on the following page*]

12. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Stipulated Order.

Dated: June 8, 2018

| | |
|---|---|
| SUNEDISON, INC., ET AL.<br>Reorganized Debtors<br>By their Co-Counsel<br>TOGUT, SEGAL & SEGAL LLP | WGSW, INC.<br>By its Counsel<br><br>SANDS ANDERSON PC |
| By: | By: |
| /s/Frank A. Oswald<br>FRANK A. OSWALD<br>A Member of the Firm<br>One Penn Plaza, Suite 3335<br>New York, New York 10119<br>(212) 594-5000 | /s/George R. Pitts<br>GEORGE R. PITTS<br>A Principal of the Firm<br>1497 Chain Bridge Road, Suite 202<br>McLean, VA 22101-5728<br>(703) 893-3600 |
| DIRCKS MOVING AND LOGISTICS, INC. | MCCOLLISTER'S TRANSPORTATION GROUP, INC. |
| By: | By: |
| /s/Holly Szotko<br>HOLLY SZOTKO<br>4340 West Mohave Street<br>Phoenix, AZ 85043<br>(602) 267-9401 | /s/ Daniel McCollister<br>DANIEL MCCOLISTER<br>1800 Route 130 North<br>Burlington, NJ 08016<br>(609) 526-9395 |

**SO ORDERED** this ___ day of June 2018
in New York, New York

_____
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE

7