Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Jorian Rose
Email: jrose@bakerlaw.com
Seanna R. Brown
Email: sbrown@bakerlaw.com
Bik Cheema
Email: bcheema@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee
for the Substantively Consolidated SIPA Liquidation
of Bernard L. Madoff Investment Securities LLC
and Bernard L. Madoff*

Hearing Date: August 21, 2013
Hearing Time: 10:00 AM (EST)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF TRUSTEE'S
SECOND MOTION TO AFFIRM TRUSTEE'S DETERMINATIONS
DENYING CLAIMS OF CLAIMANTS WHO INVESTED IN CERTAIN
<u>FEEDER FUNDS AND DID NOT HAVE BLMIS ACCOUNTS IN THEIR NAMES</u>**

Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.* ("SIPA"), and for Bernard L. Madoff ("Madoff") (collectively, "Debtor"), respectfully submits this reply memorandum of law in further support of the Trustee's motion ("Second Feeder Fund Motion") to affirm the denial of the claims of certain claimants (the "Objecting Claimants") who did not have accounts with BLMIS but instead invested, directly or indirectly, in "feeder funds" that had accounts and invested with BLMIS.

## ARGUMENT

The sole objection filed to the Second Feeder Fund Motion was a letter from Remy Investments Corp. and Ms. Ann K. Kallgren (collectively, the "Remy Objectors," and the objection, the "Remy Objection").[1] This objection should be overruled. The Remy Objectors enumerate several bases that purportedly support their customer status but a review of their underlying claim and objection and the prior proceedings before this Court shows they simply have no interest in the Second Feeder Fund Motion. Their only claim relates to two of the Original Feeder Funds,[2] and that claim has already been ruled upon. They may not make arguments relating to that claim and objection again. Their objection is inadequate both procedurally and on the merits.

As an initial matter, neither Ms. Kallgren nor Remy Investments Corp are among the Objecting Claimants that are at issue in the Second Feeder Fund Motion. *See* Declaration Of

---

[1] The objection as filed with the court at ECF No. 5423 was incomplete, showing only every other page. A copy of the complete letter objection as sent to the Trustee is attached hereto as Exhibit A.

[2] Unless otherwise noted, capitalized terms have the same meanings given to them in the Memorandum Of Law In Support Of Trustee's Second Motion To Affirm Trustee's Determinations Denying Claims Of Claimants Who Invested In Certain Feeder Funds And Did Not Have BLMIS Accounts In Their Names, ECF No. 5397 (the "Trustee's Opening Brief").

David J. Sheehan In Support Of The Trustee's Second Motion To Affirm Trustee's Determinations Denying Claims Of Claimants Who Invested In Certain Feeder Funds And Did Not Have BLMIS Accounts In Their Names, ECF No. 5398 ("Sheehan Decl."), Exs. 2 and 3. Nor do the Remy Objectors claim to have made investments in any of the Feeder Funds at issue in the Second Feeder Fund Motion. Instead, they dealt solely with Fairfield Sentry Limited ("Fairfield") and Kingate Global Fund ("Kingate"), funds that were the subject of the Original Feeder Fund Motion.[3] *See* Sheehan Decl. Exhibit 1, and Declaration Of David J. Sheehan In Support Of The Trustee's Motion To Affirm Trustee's Determinations Denying Claims Of Claimants Without BLMIS Accounts In Their Names, Namely, Investors In Feeder Funds, ECF No. 2413, Ex. 1 ("Original Sheehan Decl.").

Remy Investments Corp was specifically listed among the Objecting Claimants covered by the Original Feeder Fund Motion. See Original Sheehan Declaration, Exs. 2, 3. Therefore, in determining the Original Feeder Fund Motion, this Court upheld the Trustee's determination that Remy Investments Corp. was not a customer. *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 454 B.R. 285, 292, 307 (Bankr. S.D.N.Y. 2011) ("Feeder Fund Decision"), *aff'd sub nom. In re Aozora Bank Ltd. v. Sec. Investor Prot. Corp.*, 480 B.R. 117 (S.D.N.Y. 2012), *aff'd sub nom. In re Bernard L. Madoff Inv. Sec. LLC*, 708 F.3d 422 (2d Cir. 2013). "[T]his Court affirms the Trustee's determination that the Objecting Claimants do not qualify as "customers" under SIPA, a position unanimously supported by both the SEC and SIPC." Feeder Fund Decision, 454 B.R. at 307. Remy Investments Corp took no appeal, is bound by the Feeder Fund Decision final order, and may not further contest the determination of its claim through an objection to Second Feeder Fund Motion.

---

[3] ECF Nos. 2411–13, 2416, 2995, 2996.

Even if the Remy Objection had been considered at the time of the Original Feeder Fund Motion, it would not have changed the result because it offers no evidence that could satisfy the claimants' burden of proof as to customer status, and raises no new issues. As determined in the Feeder Fund Decision, Fairfield and Kingate are separate entities that own the money invested in them. The Remy Objection does not demonstrate otherwise. Moreover, the Remy Objection admits that the Remy Objectors themselves were "unknown to the broker BLMIS." It provides no evidence that Fairfield and Kingate dealt with the Remy Objectors differently than it did any of its other investors. Even its conclusory allegations denying that Remy Investments Corp held ownership-type interests in Fairfield and Kingate are belied by the only factual evidence actually submitted by the Remy Objectors—the documents appended to the Remy Claim. Those documents showed Remy Investments Corp's ownership of units of Fairfield and Kingate.[4]

Accordingly, as already found by the Court, and comparable to the petitioners in *Securities Investor Protection Corporation v. Morgan, Kennedy & Co.*, 533 F.2d 1314 (2d Cir. ), *cert. den.* 426 U.S. 936 (1976) ("*Morgan Kennedy*"), the Remy Objectors cannot be "customers" under SIPA because: (1) the securities account with the debtor was in the name of the account holder, not them; (2) title to the assets was held by the account holder, not them; (3) the account holder had the exclusive power to entrust the assets to the debtor; (4) the Remy Objectors were unknown to the broker; and (5) the Remy Objectors had no legal capacity in which they could deal with the debtor. *See Morgan Kennedy*, 533 F.3d at 1318. In the appeal of the Original Feeder Fund decision, the Second Circuit also found such facts precluded customer status for the claims of the indirect investors in Fairfield and Kingate. *In re Bernard L. Madoff Inv. Sec. LLC*,

---

[4] The claim of Remy Investments Corp is attached hereto as Exhibit B. It was previously submitted in connection with the Original Feeder Fund Motion as Original Sheehan Declaration Exhibit 78.

3

708 F.3d 422, 426-27 (2d Cir. 2013). The Remy Objection has no merit and should be overruled.

While only one of the Remy Objectors was named in the Original Feeder Fund Motion, the fact that Ms. Ann K. Kallgren included herself in the Remy Objection changes nothing. Ms. Kallgren lacks standing because she, in contrast to Remy Investments Corp, never filed a claim in this case, and only persons who timely file a claim are potentially entitled to recovery under SIPA. *See* SIPA §78fff-2(a)(3) ("No claim of a customer or other creditor of the debtor which is received by the trustee after the expiration of the six-month period beginning on the date of publication of notice under paragraph (1) shall be allowed . . . ."). She does not even purport to have filed such a claim, nor does she purport to have held a BLMIS account.[5] In fact, Ms. Kallgren appears to have no interest in this case independent of Remy Investments Corp, which further precludes her from having standing. *See generally Gordon v. Fundamental Investors, Inc.*, 362 F. Supp. 41 (S.D.N.Y. 1973) (shareholder lacks standing to directly assert claims resulting from harm to the entity.)

Finally, the Remy Objection is defective because Ms. Kallgren cannot represent the interests of Remy Investments Corp before this Court, and the Remy Investments Corp cannot appear pro se. A corporation is not entitled to appear in court except through counsel. *See Rowland v California Men's Colony*, 506 U.S. 194, 202-203 ("[A] corporation may appear in the federal courts only through licensed counsel. . . . As the courts have recognized, the rationale for that rule applies equally to all artificial entities"); *Lattanzio v COMTA*, 481 F.3d 137, 139-140 (2d Cir. 2007) (artificial entities require counsel; sole owner of LLC not entitled to argue on its

---

[5] See Declaration Of Matthew B. Greenblatt In Further Support Of Trustee's Second Motion To Affirm Trustee's Determinations Denying Claims Of Claimants Who Invested In Certain Feeder Funds And Did Not Have BLMIS Accounts In Their Names, submitted herewith.

behalf). Ms. Kallgren does not aver that she is an attorney entitled to plead and conduct cases before this court as required by 28 U.S.C. §1654, only that she holds a "power of attorney" in regards to certain matters related to the investments of Remy Investments Corp. in Fairfield and Kingate. Ms. Kallgren describes herself as a "beneficiary of Remy Investments Corp." But she may not sidestep the requirements of having an attorney appear for that entity by trying to argue the interests of Remy Investments Corp herself. *See Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 21-23 (2d Cir. 1983) (requiring counsel even where corporation assigned its claim to its owner.)

## CONCLUSION

For all of the foregoing reasons, and those set out in the Second Feeder Fund Motion and the Trustee's Opening Brief, the Court should overrule all objections and affirm the Trustee's determination denying the claims of the Objecting Claimants.

5

Dated: New York, New York  
August 8, 2013

Respectfully submitted,

*/s/ David J. Sheehan*  
David J. Sheehan  
Email: dsheehan@bakerlaw.com  
Jorian L. Rose  
Email: jrose@bakerlaw.com  
Seanna R. Brown  
Email: sbrown@bakerlaw.com  
Bik Cheema  
Email: bcheema@bakerlaw.com  
**Baker & Hostetler LLP**  
45 Rockefeller Plaza  
New York, New York 10111  
Tel: (212) 589-4200  
Fax: (212) 589-4201

Wendy J. Gibson  
Email: wgibson@bakerlaw.com  
**Baker & Hostetler LLP**  
1900 E. 9th St Suite 3200  
Cleveland, Ohio 44114  
Tel: (216) 621-0200  
Fax: (216) 696-0740

*Attorneys for Irving H. Picard, Trustee*  
*for the Substantively Consolidated SIPA*  
*Liquidation of Bernard L. Madoff Investment*  
*Securities LLC and Bernard L. Madoff*