UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
RICHARD SURABIAN, et al.,                                    :
                                                             :  **ORDER DISMISSING APPEAL**
                                   Appellants,               :
           -against-                                         :  13 Civ. 2649 (AKH)
                                                             :
IRVING H. PICARD,                                            :
                                                             :
                                   Appellee.                 :
                                                             :
------------------------------------------------------------ X
                                                             :
In re: BERNARD L. MADOFF INVESTMENT                          :
SECURITIES LLC,                                              :
                                                             :
                                   Debtor.                   :
                                                             :
------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/26/13

ALVIN K. HELLERSTEIN, U.S.D.J.:

  Pro se Appellants Martin Surabian, Richard Surabian, and Steven Surabian filed the above-captioned bankruptcy appeal seeking relief from an April 19, 2012, Order of the Bankruptcy Court for the Southern District of New York ("Expungement Order"). For the reasons stated below, I grant Appellee's motion to dismiss the appeal..

  The Surabians claim that they held eight investment accounts with Bernard L. Madoff Investment Securities LLC ("BLMIS"), Madoff's now-infamous Ponzi scheme. The Trustee appointed to liquidate BLMIS, Irving Picard, claims that the Surabians had no such accounts and provided no evidence that they had ever invested in BLMIS. On March 16, 2012, the Trustee moved to have the Bankruptcy Court expunge the Surabians' claims and the claims of others who did not invest in BLMIS. The Bankruptcy Court granted Trustee's motion, entering the Expungement Order on April 19, 2012. On January 7, 2013, the Surabians filed this appeal. The Trustee, as Appellee in this action, now moves to dismiss the appeal as untimely pursuant to Federal Rules of Bankruptcy Procedure 8002(a).

Rule 8002(a) requires that a "notice of appeal…be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from." Fed. R. Bankr. P. 8002(a). "The 14-day time limit prescribed by Rule 8002(a)…is jurisdictional, and…in the absence of a timely notice of appeal in the district court, the district court is without jurisdiction to consider the appeal, regardless of whether the appellant can demonstrate excusable neglect." Swiatkowski v. Citimortgage Inc., 478 F. App'x 704 (2d Cir. 2012) (internal quotation marks omitted). An appellant may file a motion to extend the deadline within the 14-day time period for filing an appeal or, if he can show "excusable neglect," within 21 days after the 14-day period. Fed. R. Bankr. P. 8002(c)(2).

The Surabians neither filed an appeal before the 14-day deadline, or moved for an extension either before, or within 21 days after, the deadline. The Bankruptcy Court's Expungement Order issued on April 19, 2012, and the Surabians did not appeal until January 7, 2013.

The Surabians argue that the deadline should be tolled because they were unaware of the Trustee's motion to expunge their claims and unaware of the Bankruptcy Court's April 19, 2012, decision. As Judge Forrest noted in a related appeal filed by the Surabians, "These are not valid excuses." Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC, 12 Civ. 7999 (Order, Doc. No. 15, Jan. 25, 2013). "Appellants—even those proceeding pro se—are charged with reviewing the docket and understanding the Federal Rules of Bankruptcy Procedure." Id. (citing U.S. v. Enron Corp. (In re Enron Corp.), 364 B.R. 482, 487 (Bankr. S.D.N.Y. 2007); Chaturvedi v. O'Connell, 335 F. App'x 145, 146 (2d Cir. 2009)). Moreover, the Surabians did receive notice of the Trustee's motion and filed a brief with the Bankruptcy Court in September 2012 "reflect[ing] their awareness of the Expungement Order." Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC, 2013 WL 1785406 (Bankr. S.D.N.Y. Apr. 25, 2013).

2

The Surabians' appeal is untimely and is therefore dismissed for lack of jurisdiction. The Clerk shall mark the motion (Doc. No. 8) terminated and close the case.

SO ORDERED.

Dated: July __, 2013
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge