**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
SECURITIES INVESTOR PROTECTION
CORPORATION,

                 Plaintiff,

    v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

                 Defendant.
------------------------------------------------------------X

Adv. Pro. No. 08-01789 (BRL)

SIPA LIQUIDATION

(Substantively Consolidated)

In re:

BERNARD L. MADOFF,

                 Debtor.
------------------------------------------------------------X

<u>Before</u>: Hon. Burton R. Lifland
        United States Bankruptcy Judge

**BENCH MEMORANDUM GRANTING TRUSTEE'S SECOND MOTION TO AFFIRM
TRUSTEE'S DETERMINATIONS DENYING CLAIMS OF CLAIMANTS WHO
INVESTED IN CERTAIN FEEDER FUNDS AND DID NOT HAVE BLMIS ACCOUNTS
<u>IN THEIR NAMES</u>**

Before the Court is the motion (the "Motion") of Irving H. Picard, Esq. (the "Trustee"), trustee for the substantively consolidated Securities Investor Protection Act ("SIPA") liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") and Bernard L. Madoff, seeking an order affirming the Trustee's denial of the claims of certain claimants who did not have accounts with BLMIS but instead invested, directly or indirectly, in feeder funds that had accounts and invested with BLMIS.

Over two years ago, the Trustee brought a nearly-identical motion seeking court approval of his denial of claims where claimants did not have BLMIS accounts in their names, but rather invested in one or more of 16 specified feeder funds that did have such accounts. This Court affirmed the Trustee's denial of those claims, finding, in light of the plain language of SIPA and relevant case law, these claimants did not qualify as "customers" under SIPA. *See SIPC v. BLMIS*, 454 B.R. 285, 290 (Bankr. S.D.N.Y. 2011) [hereinafter the "*2011 Feeder Fund Decision*"]. This Court explained that such claimants invested in, not through, the feeder funds, and had no individual accounts at BLMIS. *See id.* at 297. As such, it was the feeder funds that entrusted their monies with BLMIS for the purpose of trading or investing in securities, whereas these claimants purchased direct or indirect ownership interests in the feeder funds. *See id.* at 299. Accordingly, this Court held that absent a direct relationship with BLMIS, the claimants sought to stretch the definition of "customer" beyond its limits. *See id.* at 302. The *2011 Feeder Fund Decision* was affirmed by both the District Court for the Southern District of New York and the Second Circuit Court of Appeals. *See In re BLMIS*, 708 F.3d 422 (2d Cir. 2013); *Aozora Bank Ltd. v. SIPC*, 480 B.R. 117 (S.D.N.Y. 2012).

The *2011 Feeder Fund Decision* applied to investors in only 16 of the 28 feeder funds that invested with BLMIS, as, at that time, the Trustee did not have complete documentation regarding the remaining 12 feeder funds. Since then, the Trustee has compiled the relevant documents and, accordingly, the Motion seeks to apply the *2011 Feeder Fund Decision* to the investors of the remaining 12 feeder funds. In particular, the Trustee seeks an order from this Court affirming the Trustee's denial of 73 claims by certain investors (the "Instant Claimants") who invested in those funds and who are legally indistinguishable from the investors whose claims were denied by the Trustee in connection with the *2011 Feeder Fund Decision*.

The sole objection filed to the instant motion was submitted by Ann K. Kallgren ("Kallgren"), in the form of a letter signed by her on behalf of Remy Investments Corporation ("Remy Corp."). Kallgren is a self-styled "beneficiary of [Remy Corp. who] had a power of attorney to deal with the Feeder Fund/debtor." *See* Objection (Dkt. No. 5438), Ex. A., ¶ 17.

As an initial matter, Remy Corp. and Kallgren are not parties to the instant motion and therefore lack standing to object. Remy Corp. did not invest in any of the feeder funds at issue in the instant motion. Rather, Remy Corp. invested only in Fairfield Sentry Limited ("Fairfield") and Kingate Global Fund ("Kingate"), both of which were among those funds subject to the *2011 Feeder Fund Decision*. *See id.* at ¶ 1. Indeed, Remy Corp. was specifically listed among the claimants covered by the *2011 Feeder Fund Decision*. *See* Dkt. No. 2413, Exs. 2, 3. Remy Corp. did not appeal the *2011 Feeder Fund Decision*. Accordingly, it is bound by that decision, and may not further contest the determination of its claim through an objection to the Trustee's Motion. Further, to the extent Kallgren is objecting on her own behalf, she likewise lacks standing. Kallgren does not purport to have held a BLMIS account and did not file a SIPA claim. Therefore, Kallgren's sole connection to BLMIS is as a "beneficiary of Remy Investments Corp.," which is insufficient to accord her standing. *See Gordon v. Fundamental Investors, Inc.*, 362 F. Supp. 41, 44–45 (S.D.N.Y. 1973) (explaining that shareholder lacks standing to directly assert claims resulting from harm to the entity).

In addition, even if this Court were to reach the merits of the Objection, the vast majority of the arguments contained therein merely rehash ones that were rejected by this Court, the District Court, and the Second Circuit in the adjudication of the Trustee's first feeder fund motion. *See, e.g.*, Objection, ¶¶ 5, 6, 18. Only one contention set forth in the Objection could possibly be construed as raising a new argument. Namely that, unlike all of the other investors

3

in Fairfield and Kingate, Remy Corp. did not purchase ownership interests in such feeder funds, but entrusted its monies directly with the feeder funds. *See id.* at ¶ 4. However, this contention is not supported by documentary evidence and is belied by the feeder funds' offering materials and the documents appended to the SIPA claim of Remy Corp. *See 2011 Feeder Fund Decision*, 454 B.R. at 293 ("Indeed, prior to their investing in the Feeder Funds, the Objecting Claimants were provided with private placement memoranda, prospectuses, and other explanatory material explicitly stating . . . [that] each of the Objecting Claimants purchased an ownership interest in at least one of the Feeder Funds, and not in the assets of the Feeder Fund."); *see also* Remy SIPA Claim, Dkt. No. 5438, Ex. B. As such, the objection is hereby OVERRULED.

Returning to the instant Motion, at bottom, "the burden is on the claimant to establish he is a 'customer' entitled to SIPA protection, and such a showing is not easily met." *See 2011 Feeder Fund Decision*, 454 B.R. at 294 (internal quotations and citations omitted). Here, the Instant Claimants fail to do so because they lack any of the indicia of a "customer" relationship with BLMIS. Specifically, they had no securities accounts at BLMIS, were not known to BLMIS, lacked privity and any financial relationship with BLMIS, lacked property interests in any feeder fund account assets at BLMIS, entrusted no cash or securities to BLMIS, had no investment discretion over feeder fund assets invested with BLMIS, received no accounts statements or other communications from BLMIS and had no transactions reflected on the books and records of BLMIS. *See id.* at 290; *see also In re BLMIS*, 708 F.3d at 426–27.

Accordingly, the Trustee's Motion is hereby GRANTED. The Trustee is directed to submit an order consistent with this Bench Memorandum.

Dated: New York, New York
      August 21, 2013

                                /s/ Burton R. Lifland
                                United States Bankruptcy Judge