| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | |
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>        Plaintiff-Applicant,<br><br>        v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>        Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>        Debtor. | |

**ORDER APPROVING TRUSTEE'S SECOND MOTION TO AFFIRM TRUSTEE'S DETERMINATIONS DENYING CLAIMS OF CLAIMANTS WHO INVESTED IN CERTAIN FEEDER FUNDS AND DID NOT HAVE BLMIS ACCOUNTS <u>IN THEIR NAMES</u>**

Upon consideration of the motion (the "Second Feeder Fund Motion")[1] (ECF No. 5396) dated June 27 2013, filed by Irving H. Picard, as trustee ("Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.* ("SIPA"), and the substantively consolidated estate of Bernard L. Madoff ("Madoff") (collectively, "Debtor"), for an order to affirm the denial of the claims and overrule the objections of certain claimants (the "Objecting Claimants") who did not have accounts with BLMIS but instead invested, directly or indirectly, in "feeder funds" that had accounts and invested with BLMIS, and it appearing that due and proper notice of the Second Feeder Fund Motion and the relief requested therein have been given, and no other or further notice needing to be given; and a hearing having been held on the Second Feeder Fund

---

[1] All capitalized terms not defined herein shall have the meaning ascribed in the Motion.

Motion; and the Court having reviewed the Second Feeder Fund Motion, the Memorandum of Law in support of the Second Feeder Fund Motion, the Affidavits of David Sheehan and Matthew Greenblatt, the Memorandum of Law of the Securities Investor Protection Corporation in Support of Trustee's Second Feeder Fund Motion (ECF Nos. 5396–5400), the objections filed in response to the Second Feeder Fund Motion, the arguments of counsel and the record in this case; and the Court, as set forth in the transcript of the August 21, 2013 hearing on the Second Feeder Fund Motion, having determined that the legal and factual bases set forth in the Second Feeder Fund Motion establish just cause for the relief granted herein; and this Court having issued the *Bench Memorandum Granting Trustee's Second Motion To Affirm Trustee's Determinations Denying Claims Of Claimants Who Invested In Certain Feeder Funds And Did Not Have BLMIS Accounts In Their Names* [Docket No. 5450] (the "Memorandum Decision") on August 21, 2013; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY**:

**ORDERED**, that the relief requested in the Second Feeder Fund Motion is hereby granted for the reasons set forth in the Memorandum Decision; and it is further

**ORDERED,** that the Trustee's denial of the claims listed on Exhibit 2 annexed to the supporting affidavit of David Sheehan (the "Sheehan Declaration") is affirmed;[2] and it is further

---

[2] Three of the 73 claims allegedly involve—in part—indirect investment in BLMIS through a non-feeder fund account holder. Specifically, information in claims 012730, 013496, and 012088 (filed by Objecting Claimants The Repashee Trust, Kurt Niederhaus, and Suzanne Ciani) indicate a portion of their investments were associated with the BLMIS account held by the Rothschild Family Partnership. As requested by the Trustee, that portion of those claims and objections that are related to the Rothschild Family Partnership account are exempted from this Order and will be considered by this Court upon later motion by the Trustee.

**ORDERED**, that any objections to the Second Feeder Fund Motion are hereby overruled.

Dated: New York, New York
August 22, 2013

/s/Burton R. Lifland
HONORABLE BURTON R. LIFLAND
UNITED STATES BANKRUPTCY JUDGE