**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                    Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                    Defendant. | No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                    Debtor. | |

## ORDER ESTABLISHING PROCEDURES FOR THIRD-PARTY DATA ROOMS

Upon the amended motion (the "Amended Motion")[1] of Irving H. Picard (the

"Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment

Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa,

---

[1] All references to the "Amended Motion" are references to the amended motion filed on July 24, 2013, requesting entry of:  (I) an Order establishing procedures for Third-Party Data Rooms; and (II) an Order modifying, in limited fashion, the Litigation Protective Order, dated June 6, 2011 [ECF No. 4137].

All terms not defined herein shall have such meanings ascribed to them in the Amended Motion and the Original Motion filed on August 5, 2011, requesting entry of: (I) a report and recommendation to the District Court for the appointment of Special Discovery Masters; (II) an Order expanding the Case Management Procedures approved by the Court on November 10, 2010, granting access to the Trustee's existing electronic data room to additional defendants and establishing procedures for the creation of a separate electronic data room for documents produced to the Trustee; and (III) an Order modifying, in limited fashion, the Litigation Protective Order, dated June 6, 2011 [ECF No. 4137], including superseding all individual confidentiality agreements between the Trustee and any parties.

*et seq.* ("SIPA"),[2] and the substantively consolidated estate of Bernard L. Madoff ("Madoff"), seeking entry of an order, pursuant to section 105(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), and Rules 7016, 7026 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), establishing Procedures for Third-Party Data Rooms; and the Court having jurisdiction to consider the Amended Motion and the relief requested therein in accordance with section 78eee(b)(4) of SIPA, the Protective Decree, entered on December 15, 2008 by the United States District Court for the Southern District of New York in Case No. 08 CV 10791, and 28 U.S.C. §§ 157 and 1334; and it appearing that the relief requested in the Amended Motion is in the best interests of the estate and its customers; and due notice of the Amended Motion having been given, and it appearing that no other or further notice need be given; and the Court having determined that the legal and factual bases set forth in the Amended Motion establish just cause for the relief granted herein; and upon the proceedings before the Court and after due deliberation, it is hereby

**ORDERED THAT:**

1.      The relief requested in the Amended Motion is granted.

2.      The Trustee may create two electronic data rooms (the "Third-Party Data Rooms") to house certain documents received by the Trustee, transcripts of examinations conducted pursuant to Bankruptcy Rule 2004, and transcripts of depositions conducted in litigation—one data room to contain non-confidential Third-Party Documents, as defined in Paragraph 3 of this Order (the "Third-Party Non-Confidential Data Room"), and a second data

---

[2] For convenience, future reference to SIPA will not include "15 U.S.C."

room to contain confidential Third-Party Documents (the "Third-Party Confidential Data

Room"). Non-confidential Third-Party Documents will be viewable and searchable in the Third-

Party Non-Confidential Data Room. Confidential Third-Party Documents will be searchable, but

not viewable, in the Third-Party Confidential Data Room.

3.    The Third-Party Data Rooms will contain the following: (i) all documents

produced to the Trustee in response to Bankruptcy Rule 2004 subpoenas (the "Rule 2004

Documents"); (ii) documents produced to the Trustee voluntarily; (iii) documents produced to

the Trustee in actions where discovery has commenced, in response to discovery requests served

on defendants pursuant to Federal Rules of Civil Procedure, including Federal Rules of Civil

Procedure 26, 30, 33, 34, and 36, made applicable by Bankruptcy Rules 7026, 7030, 7033, 7034,

and 7036, or in response to subpoenas served on non-parties to those action pursuant to Federal

Rule of Civil Procedure 45, made applicable by Bankruptcy Rule 9016 (collectively, the

"Litigation Documents"); (iv) transcripts of parties examined pursuant to Bankruptcy Rule 2004

(the "Rule 2004 Examinations"); and (v) transcripts of parties and non-parties deposed in

litigation (the "Litigation Depositions") (collectively, the "Third-Party Documents").

4.    The following documents will not be included in the Third-Party Data Rooms: (i)

documents provided to the Trustee in connection with hardship applications; (ii) documents

provided to the Trustee with restrictions on use and/or disclosure in connection with possible

settlement and/or mediation; (iii) documents subject to or controlled by a domestic or foreign

court order; (iv) those documents that, due to contractual obligations, are no longer under the

care, custody or control of the Trustee; (v) documents produced to the Trustee in discovery in the

Avoidance Actions; (vi) exhibits to Rule 2004 Examinations and Litigation Depositions, which

will be provided in the Third-Party Data Rooms as they were originally produced to the Trustee

3

in accordance with this Order; and (vii) documents or data identified as being a record of

Cohmad Securities Corporation ("Cohmad"), a company that shared office space with BLMIS,

and/or where the original custodian identified was a Cohmad employee.

5.     Access to the Third-Party Data Rooms will not be provided to defendants in the

actions seeking solely fictitious profits in which a Notice of Applicability was filed pursuant to

the Order (1) Establishing Litigation Case Management Procedures for Avoidance Actions and

(2) Amending the February 16, 2010 Protective Order, dated November 10, 2010 [ECF No.

3141] (the "Avoidance Actions"). Access to the Third-Party Data Rooms will only be provided

to attorneys of record in the non-Avoidance Actions ~~with whom~~in which the Trustee is engaged

in active discovery under Federal Rule of Bankruptcy Procedure 7026 ("Outside Litigation

Counsel"), in accordance with Paragraphs 15 and 16. The Trustee shall provide access to the

Third-Party Data Rooms only to Outside Litigation Counsel to search for documents responsive

to document requests served on the Trustee, provided that the Outside Litigation Counsel

executes a Non-Disclosure Agreement ("NDA") in substantially the form attached hereto as

Exhibit 1. Copies of the Litigation Protective Order and NDA are available on the Trustee's

website: (http://www.madofftrustee.com/docket-06.html). ~~Defendants~~The defendants whose

Outside Litigation Counsel gain access to the Third-Party Data Rooms will bear the costs of: (i)

the software licenses for any users having access to the Third-Party Data Room; and (ii)

production of documents out of the Third-Party Data Rooms, which amount to copying costs

ordinarily taxed to the requesting party under Federal Rule of Civil Procedure 34(a). Outside

Litigation Counsel may also request electronic productions of documents in text-searchable

format. The Trustee shall not deny access to the Third-Party Data Rooms to Outside Litigation

4

Counsel qualified under this Paragraph 5 unless the Trustee asserts that there are no documents therein responsive to Outside Litigation Counsel's request for documents.

6.       Third parties who, pursuant to Bankruptcy Rule 2004 subpoenas or in discovery in the adversary proceedings, produce or have produced documents to the Trustee or are or have been examined or deposed by the Trustee (the "Producing Parties") will be provided access to the Third-Party ~~Confidential~~ Data Rooms for the limited purposes of providing consent to the disclosure of ~~confidential~~ documents requested or to object to the disclosure of ~~confidential~~ documents.  Producing Parties will provide the Trustee the name and email address of up to three designated representatives per Producing Party, each of whom may receive credentials to access the Third-Party ~~Confidential~~ Data Rooms, for this purpose within thirty (30) days of entry of this Order.  The Trustee will bear the costs of the software licenses for one designated representative for each Producing Party who is not a defendant in an action brought by the Trustee.  Within seven (7) days of entry of this Order, the Trustee will provide Producing Parties who have already produced documents subject to this Order as of the date of its entry with instructions on how to designate their representative(s) via an electronic portal, including how to substitute designated representatives.[3]  The Trustee shall not be obligated to provide notice to any Producing Party who does not designate a representative within thirty (30) days after entry of this Order.  To the extent any technical issues result in Producing Parties being unable to access the electronic portal during the thirty-day period for designating representatives, the thirty-day period following entry of this Order for designating representatives will be extended for a time period commensurate with the time period in which the electronic portal is not accessible.

---

[3] With respect to documents produced after entry of this Order, designation of representatives for Producing Parties shall be in accordance with Paragraph 13 below.

7.       Documents designated as confidential as of the date of the entry of this Order will be placed in the Third-Party Confidential Data Room.[4]  Placement of confidential documents in or production of confidential documents from the Third-Party Confidential Data Room does not disturb the confidential designation of the materials, unless the Trustee or Outside Litigation Counsel has specifically requested such relief been granted such relief by Court Order, or the Producing Party has agreed to remove the confidential designation.  Any Outside Litigation Counsel receiving documents via the Third-Party Data Rooms must redact any personally identifiable information ("PII") to the extent required by Bankruptcy Rule 9037 and applicable law.

8.       When Third-Party Documents are added to the Third-Party Data Rooms (i.e., documents fit the criteria set forth above for inclusion in the Third-Party Data Rooms), Outside Litigation Counsel with access to the Third-Party Data Rooms will receive notice.  By making the Third-Party Documents available to defendants in non-Avoidance Actions through their Outside Litigation Counsel, the Trustee will have satisfied his obligations under Federal Rules of Civil Procedure 26 and 34 to make documents available to defendants in non-Avoidance Actions.

9.       To the extent that a Producing Party and the Trustee have entered into an agreement regarding the confidentiality or non-disclosure of documents or discovery materials, such agreements that contain language ("Individual Confidentiality Standard") that differs from Paragraph 2 of the Litigation Protective Order dated June 6, 2011 (Docket No. 4137) (the "Litigation Protective Order") shall continue to apply to documents produced to the Trustee prior

---

[4] If documents are de-designated pursuant to a court order or an agreement of the Producing Party so designating the documents, then those de-designated documents will be placed in the Third-Party Non-Confidential Data Room.

to the date of the Litigation Protective Order, so long as the Producing Parties follow the

procedures specified in Paragraph 10 of this Order and Paragraph I of the Order Modifying the

June 6, 2011 Litigation Protective Order; however, in all other aspects, the Litigation Protective

Order will control.  Paragraph 19 of the Litigation Protective Order shall be deemed modified

accordingly.

10.    Producing Parties may request that their Individual Confidentiality Standard

continue to apply to the designation of documents produced to the Trustee prior to entry of the

Litigation Protective Order.  Such request must be submitted in a letter to Baker & Hostetler

LLP, counsel for the Trustee, at MadoffDataRooms@bakerlaw.com, within thirty (30) days from

entry of this Order.  The letter must:  1) attach the relevant confidentiality agreement; 2) identify

the relevant language in the individual confidentiality agreement (i.e., the Individual

Confidentiality Standard); and 3) identify the documents, by beginning Bates production

number, produced and designated as confidential prior to the date of the Litigation Protective

Order pursuant to the individual confidentiality agreement (and not subsequently de-designated).

If such a letter is submitted, the Individual Confidentiality Standard will govern the designation

of the identified documents.  If such a letter is not submitted to the Trustee within thirty (30)

days from entry of this Order and the Order Modifying the June 6, 2011 Litigation Protective

Order, then Paragraph 2 of the Litigation Protective Order will govern.[5]

11.    With respect to the Third-Party Data Rooms, the Third-Party Confidential Data

Room will contain a full text field that provides the Individual Confidentiality Standard for each

document, where relevant.  Any productions out of the Third-Party Confidential Data Room will

---

[5] The Trustee and a Producing Party may agree to a reasonable limited extension to the thirty-day time period, if the
Producing Party demonstrates circumstances that warrant an extension.

contain a load file that includes this full text field.  In addition, a user manual for the Third-Party

Data Rooms will, in an appendix, include a full list of Producing Parties whose documents are

governed by Individual Confidentiality Standards and the Individual Confidentiality Standard

that applies to that Producing Party's documents.

12.      Counsel for the Trustee will not be liable for any technical issues concerning the

data room caused by technical constraints, errors, or malfunctions beyond the Trustee's control.

Any inadvertent disclosure resulting from technical constraints, errors, or malfunctions will not

be construed as a waiver of any Producing Party's rights, and such documents will be subject to

clawback.

13.      With respect to documents produced after the entry of this Order, upon

production, Producing Parties shall provide the following information in a production cover

letter, to the extent any of the following information is applicable:  (i) the documents (listed in an

Excel file document-by-document by Beginning Bates and Ending Bates for each document) that

are designated as confidential pursuant to the Litigation Protective Order; (ii) the documents

(listed in an Excel file document-by-document by Beginning Bates and Ending Bates for each

document) that are designated confidential pursuant to an Individual Confidentiality Standard, if

applicable pursuant to Paragraph 10 of this Order; (iii) the documents (listed in an Excel file

document-by-document by Beginning Bates and Ending Bates for each document) that should be

excluded from the Third-Party Data Rooms pursuant to Paragraph 4 of this Order; and (iv) the

designated representative authorized for that production to provide consent to the disclosure of

confidential documents requested or to object to the disclosure of confidential documents.[6]

---

[6] Electronic productions containing documents designated as confidential shall also be accompanied by a database load file containing a field identifying if a document has been designated confidential.

Failure to provide such information in a production cover letter shall result in a waiver by the

Producing Parties to:  (i) any confidential designations; (ii) any objections to inclusion of the

documents in the Third-Party Data Rooms; and/or; (iii) notification that documents have been

requested for disclosure.  For the avoidance of doubt, notwithstanding Paragraph 13 of this

Order, Paragraphs 7 and 14 of the Litigation Protective will still apply with respect to:

(i) inadvertent failure to designate confidential material as confidential or incorrect designations

of confidential material (Paragraph 7 of the Litigation Protective Order)[7]; and (ii) inadvertent

production or disclosure of any document or other material otherwise protected by the attorney-

client privilege, work product protection or a joint defense/common interest privilege (Paragraph

14 of the Litigation Protective Order).[8]  The Trustee shall include in the instructions

accompanying any requests for documents (including any requests for the production of

documents or any subpoenas requesting documents from Producing Parties) the language set

forth in this Paragraph.

14.    Documents produced out of the Third-Party Data Rooms shall only be used by

Outside Litigation Counsel for purposes of the non-Avoidance Actions, initiated by the Trustee,

in which defendants are represented by Outside Litigation Counsel.

---

[7] Paragraph 7 of the LPO states in relevant part:

> "In the event that a producing party inadvertently fails to designate **CONFIDENTIAL MATERIAL** as **CONFIDENTIAL** or incorrectly designates **CONFIDENTIAL MATERIAL**, that party may make a late designation or change the designation by notifying in writing all parties to whom the **CONFIDENTIAL MATERIAL** has been disclosed . . . ."

[8] Paragraph 14 of the LPO states in relevant part:

> "The inadvertent production or disclosure of any document or other material (the "Inadvertent Production") otherwise protected by the attorney-client privilege, work product protection or a joint defense/common interest privilege shall not constitute or be deemed as a waiver or forfeiture of any such privilege or immunity . . . ."

15.     If a defendant in a non-Avoidance Action serves the Trustee with requests for production of documents that implicate Third-Party Documents, the Trustee will provide his responses and objections. ~~The Trustee reserves the right to object to requests for access to the Third-Party Data Rooms based on relevance or other objections.~~ The Trustee's objections may include any basis that would otherwise be available to object to the production of documents under the Federal Rules of Civil Procedure, the Bankruptcy Rules, the Local Bankruptcy Rules for the Southern District of New York, or any other applicable law or case law. Where a defendant in a non-Avoidance Action serves the Trustee with requests for production of documents that implicate Third-Party Documents~~appropriate and non-objectionable~~, the Trustee will direct Outside Litigation Counsel to the Third-Party Data Rooms in accordance with the provisions of Paragraph 5 above. The Trustee and Outside Litigation Counsel will meet and confer regarding whether access to the Third-Party Data Rooms is warranted, including with regard to the scope of relevant documents in the Third-Party Data Rooms. Outside Litigation Counsel for such defendant may request access to the Third-Party Data Rooms. To the extent the parties cannot reach agreement on appropriate access to the Third-Party Data Rooms, the parties retain all rights to seek appropriate relief from the Court.

16.     Subject to Paragraphs 5 and 15 above, A~~a~~fter executing the NDA attached to this Order and the Undertaking To Be Bound attached to the Litigation Protective Order (copies of both shall be sent to Baker & Hostetler LLP, counsel for the Trustee, at MadoffDataRooms@bakerlaw.com), Outside Litigation Counsel may obtain access to the Third-Party Data Rooms.

17.     With respect to non-confidential Third-Party Documents, Outside Litigation Counsel may execute searches over and view any non-confidential documents in the Third-Party

Non-Confidential Data Room.  Outside Litigation Counsel may also request a production of documents out of the Third-Party Non-Confidential Data Room.  An alert will be sent to the designated representative(s) of the Producing Party(ies) whose non-confidential documents have been requested for production.  The Producing Party will have ten (10) business days to respond to the alert by selecting the documents to be produced out of the Third-Party Non-Confidential Data Room.  The Producing Party may either approve or deny the production of its documents.  If the Producing Party approves the production of documents, the Producing Party's documents that have been approved for production will be produced to the Outside Litigation Counsel requesting production of the documents out of the Third-Party Non-Confidential Data Room.  If the Producing Party does not respond within the 10-business day time period, all of the Producing Party's documents that have been requested will be produced to the Outside Litigation Counsel requesting the documents.  If the Producing Party denies the request for production of any documents, those documents for which the request has been denied will not be produced.  The Producing Party and the Outside Litigation Counsel requesting the documents may negotiate regarding the production of the denied documents.  The denied documents will not be produced to the Outside Litigation Counsel requesting the documents for production out of the Third-Party Non-Confidential Data Room, unless the Producing Party subsequently approves the production in the Third-Party Non-Confidential Data Room or the Court orders the production of such documents.  If the Producing Party denies the request for production of its documents, the Outside Litigation Counsel requesting the documents may seek relief from the Court, including moving the Court to compel production, provided that service by email on the Trustee and the designated representative(s) of the Producing Party shall be deemed sufficient.

18.     With respect to confidential Third-Party Documents, Outside Litigation Counsel may execute searches over the Third-Party Confidential Data Room.  Outside Litigation Counsel will be provided with Bates numbers for each document that results from their searches and the name of the Producing Party that corresponds to each document.  Outside Litigation Counsel may tag documents they want to view.  An alert will be sent to the designated representative of the Producing Party(ies) whose confidential documents have been requested for viewing.

19.     The Producing Party will have ten (10) business days to respond to the alert by selecting the documents to be released in the Third-Party Confidential Data Room.  The Producing Party may either approve or deny the release of its documents.

20.     If the Producing Party approves the release of documents, the Producing Party's documents that have been approved for release will be released to the Outside Litigation Counsel requesting the documents.  If the Producing Party does not respond within the 10-business day time period, all of the Producing Party's documents that have been requested will be released to the Outside Litigation Counsel requesting the documents.  The Outside Litigation Counsel requesting the documents can then view the released documents and tag documents they would like produced out of the Third-Party Confidential Data Room.

21.     If the Producing Party denies the release of any documents, those documents that have been denied will not be released.  The Producing Party and the Outside Litigation Counsel requesting the documents may negotiate regarding the release of the denied documents.  The denied documents will not be released to the Outside Litigation Counsel requesting the documents for viewing unless the Producing Party subsequently approves the release in the Third-Party Data Room or the Court orders the release of such documents.  If the Producing Party continues to deny denies the release of its confidential documents, the Outside Litigation

Counsel requesting the documents may seek relief from the Court, including moving the Court to compel disclosure, provided that service by email on the Trustee and the designated representative(s) of the Producing Party shall be deemed sufficient.

21.22.  Nothing in this Order shall prevent the Trustee, outside of the Third-Party Data Rooms, from using (in accordance with the Litigation Protective Order, other applicable Individual Confidentiality Standards, and court orders and applicable law) Third-Party Documents deemed relevant by the Trustee.  Nothing in this Order shall prevent any Outside Litigation Counsel, outside of the Third-Party Data Rooms, from using (in accordance with the Litigation Protective order, other applicable Individual Confidentiality Standards and court orders  and applicable law) Third-Party Documents deemed relevant by the Outside Litigation Counsel seeking to use such documents.

[*INTENTIONALLY LEFT BLANK*]

22.23.  The procedures for the Third-Party Non-Confidential Data Room are illustrated

below:



14

23.24.  The procedures for the Third-Party Confidential Data Room are illustrated below:



24.25.  The Trustee and the Trustee's counsel shall not monitor or track Outside Litigation Counsels' activities within the Third-Party Data Rooms.

25.26.  A violation of a party's obligations under the NDA shall be treated as a violation of this Order and shall subject such party to such sanctions as the Court shall determine after notice and a hearing.

26.27.  Compliance with these procedures shall not constitute, nor be construed as, a waiver of a party's right to seek a protective order, confidentiality agreement, or other similar relief with respect to the production of documents in any action not pending before the Bankruptcy Court.

27.28.  The parties reserve all rights to object to any future requests for the production of documents.

28.29.  This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order. For the avoidance of doubt, nothing in this Order shall be deemed or construed as a submission or consent by any defendant to the exercise of personal jurisdiction by the Bankruptcy Court in the underlying adversary proceeding.

Dated: New York, New York
       September __, 2013

_____
HONORABLE BURTON R. LIFLAND
UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT 1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (BRL) |
| Plaintiff, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-_____ (BRL) |
| Plaintiff, | |
| v. | |
| _____, | |
| Defendant(s). | |

## <u>NON-DISCLOSURE AGREEMENT FOR THIRD-PARTY DATA ROOMS</u>

WHEREAS this non-disclosure agreement (the "Agreement") supplements the Litigation Protective Order entered on June 6, 2011 [ECF No. 4137] (the "Litigation Protective Order") entered in *Securities Investor Protection Corporation v. Bernard L. Madoff Investment*

*Securities, LLC, et al.*, Adv. Pro. No. 08-01789 (BRL), and any subsequent amendments or modifications thereto; and

WHEREAS, on _____ ____, 2013, the Bankruptcy Court entered an Order Establishing Procedures for Third-Party Data Rooms [Docket No._____] (the "Third-Party Data Rooms Order"). All capitalized terms not otherwise defined herein shall have the meanings given such terms in the Litigation Protective Order and the Third-Party Data Rooms Order; and

WHEREAS, in addition to the requirements set forth in the Litigation Protective Order, and any subsequent amendments or modifications thereto, this Agreement shall govern all materials provided in the Third-Party Data Rooms (as defined in the Third-Party Data Rooms Order) and produced in connection with the above-captioned adversary proceeding; and

WHEREAS, the Third-Party Data Rooms have been designated "OUTSIDE LITIGATION COUNSELS' EYES ONLY."

_____ (the "Recipient") hereby represents to each of the following:

A.      My office address is

_____,

and the name of my present employer is _____.

My firm has been retained by _____

 in the Adversary Proceeding: _____

(hereinafter, the "Adversary Proceeding").

B.      I have received a copy of the Litigation Protective Order and executed the

attached Undertaking and Consent To Be Bound (a copy of which has been or will be,

concurrent with a copy of this executed NDA, sent to Baker & Hostetler LLP, counsel for the

Trustee, at MadoffDataRooms@bakerlaw.com.

C.      I have carefully read and understand the provisions of the Litigation Protective

Order. Based on the foregoing representations, Recipient hereby agrees to each of the following:

1.      Recipient will abide by the terms of the Litigation Protective Order and any

subsequent amendments or modifications thereto as well as the additional requirements set forth

herein. Any such agreement to abide by the terms of the Litigation Protective Order and any

2

subsequent amendments or modifications, however, does not prejudice defendants' ability to object to any proposed amendment to the Litigation Protective Order.

2.    Prior to production of any material out of the Third-Party Data Rooms, Recipient will not, and shall ensure that his or her employees, agents, and staff will not, disclose any material placed in the Third-Party Data Rooms nor the information contained therein to any person, including, without limitation, his or her clients, other than (a) Recipient's employees, agents and staff who need to know such information in connection with its representation of defendant in the Adversary Proceeding, provided that such individuals have executed this NDA. All original executed NDAs shall be retained by Recipient, with a copy sent to Baker & Hostetler LLP, counsel for the Trustee, at MadoffDataRooms@bakerlaw.com. The Litigation Protective Order shall govern the treatment of documents produced out of the Third-Party Data Rooms.

3.    Recipient will not use any material placed in the Third-Party Data Rooms, directly or indirectly, for any purpose whatsoever other than in connection with the Adversary Proceeding.  Violations of this provision may result in Recipient, its employees, agents or staff being held in contempt of the Court.

5.    Recipient understands that this agreement does not preclude Recipient from using documents obtained from sources other than the Third-Party Data Rooms or limit the manner in which such documents may be used, irrespective of whether those documents are also in the Third-Party Data Rooms.

6.    If Recipient seeks to file any pleading or other document with the Bankruptcy Court that contains **CONFIDENTIAL MATERIAL,** as defined in the Litigation Protective Order and accordingly designated by the Producing Party, it will file such pleading or other

document under seal.  If Recipient seeks to file any pleading or other document with the

Bankruptcy Court that contains personally identifiable information or HIPAA-protected

information, it will redact such information in accordance with Bankruptcy Rule 9037.

7.      Recipient will take all appropriate measures to ensure that any **CONFIDENTIAL**

**MATERIAL** that it may obtain is safeguarded consistent with the confidentiality protections set

forth herein including, without limitation, that its employees, agents and staff will keep all such

material and any copies thereof in a locked container, cabinet, drawer, room or other safe place.

8.      Recipient understands that pursuant to Paragraph 12 of the Litigation Protective

Order, as modified by the Order Establishing Procedures for Third-Party Data Rooms, and any

subsequent amendments or modifications thereto, requires that notice be given to the Producing

Party whose material has been requested before any material produced to the Trustee is produced

physically to a third party.

9.      Recipient understands that the materials produced out of Third-Party Confidential

Data Room retain their designations as **CONFIDENTIAL** in accordance with the Litigation

Protective Order.  A resolution from the Court that the Trustee shall produce **CONFIDENTIAL**

**MATERIAL** from the Third-Party Confidential Data Room does not disturb the

**CONFIDENTIAL** designation of the materials, unless the Recipient has ~~specifically requested~~ ~~such relief~~ been granted such relief by Court Order, or the Producing Party has agreed to remove the confidential designation.

10.     Recipient understands that any work product protection is not waived as to any

work product inadvertently placed in the Third-Party Data Rooms, subject to the provisions of

paragraph 14 of the Litigation Protective Order, and any subsequent amendments or

modifications thereto.

4

11.    Recipient understands and agrees that violation of this Agreement is the equivalent of violation of a Bankruptcy Court order.

12.    Recipient consents to the exercise of personal jurisdiction by the Bankruptcy Court in connection with this Agreement and its obligations hereunder and the Litigation Protective Order and any subsequent amendments or modifications thereto.  For the avoidance of doubt, nothing in this Agreement shall be deemed or construed as a submission or consent by any defendant to the exercise of personal jurisdiction by the Bankruptcy Court in the underlying adversary proceeding.

13.    Recipient declares under penalty of perjury under the laws of the State of New York that the foregoing is true and correct.

_____

Name of Recipient

_____

Address

_____

Date

Sworn before me on this
_____ day of _____, 201____

_____

Notary Public

300272384

5

**<u>EXHIBIT B</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>           Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>           Defendant. | No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>           Debtor. | |

## ORDER MODIFYING THE JUNE 6, 2011 LITIGATION PROTECTIVE ORDER

Upon the amended motion (the "Amended Motion")[1] of Irving H. Picard (the "Trustee"),

as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC

---

[1] All references to the "Amended Motion" are references to the amended motion filed on July 24, 2013, requesting entry of: (I) an Order establishing procedures for Third-Party Data Rooms; and (II) an Order modifying, in limited fashion, the Litigation Protective Order, dated June 6, 2011 [ECF No. 4137].

All terms not defined herein shall have such meanings ascribed to them in the Amended Motion and the Original Motion filed on August 5, 2011, requesting entry of: (I) a report and recommendation to the District Court for the appointment of Special Discovery Masters; (II) an Order expanding the Case Management Procedures approved by the Court on November 10, 2010, granting access to the Trustee's existing electronic data room to additional defendants and establishing procedures for the creation of a separate electronic data room for documents produced to the Trustee; and (III) an Order modifying, in limited fashion, the Litigation Protective Order, dated June 6, 2011 [ECF No. 4137], including superseding all individual confidentiality agreements between the Trustee and any parties.

("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"),

and the substantively consolidated estate of Bernard L. Madoff ("Madoff', and together with

BLMIS the "Debtors"), seeking entry of an order pursuant to section 105(a) of the United States

Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), and Rules 7016, 7026 and

9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), modifying the

Litigation Protective Order entered into by the Court on June 6, 2011 (the "Litigation Protective

Order"); and the Court having jurisdiction to consider the Amended Motion and the relief

requested therein in accordance with section 15 U.S.C. § 79eee(b)(4) of SIPA, the Protective

Decree, entered on December 15, 2008 by the United States District Court for the Southern

District of New York (the "District Court") in Case No. 08 CV 10791, and 28 U.S.C. §§ 157 and

1334; and it appearing that the relief requested in the Amended Motion is in the best interests of

the estate and its customers; and due notice of the Amended Motion having been given, and it

appearing that no other or further notice need be given; and the Court having determined that the

legal and factual bases set forth in the Amended Motion establish just cause for the relief granted

herein; and upon the proceedings before the Court and after due deliberation, it is hereby

      **ORDERED,** that the relief requested in the Amended Motion is granted; and it is

further

      **ORDERED,** that the Litigation Protective Order is modified as follows:

A.    The Trustee may create two electronic data rooms (the "Third-Party Data
Rooms") to house certain documents received by the Trustee, transcripts of
examinations conducted pursuant to Bankruptcy Rule 2004, and transcripts of
depositions conducted in litigation—one data room to contain non-confidential
Third-Party Documents (the "Third-Party Non-Confidential Data Room") and a
second data room to contain confidential Third-Party Documents (the "Third-
Party Confidential Data Room"). Non-confidential Third-Party Documents will
be viewable and searchable in the Third-Party Non-Confidential Data Room.
Confidential Third-Party Documents will be searchable, but not viewable, in the
Third-Party Confidential Data Room.

B.    The Third-Party Data Rooms will contain the following:  (i) all documents produced to the Trustee in response to Bankruptcy Rule 2004 subpoenas (the "Rule 2004 Documents"); (ii) documents produced to the Trustee voluntarily; (iii) documents produced to the Trustee in actions where discovery has commenced, in response to discovery requests served on defendants pursuant to Federal Rules of Civil Procedure, including Federal Rules of Civil Procedure 26, 30, 33, 34, and 36, made applicable by Bankruptcy Rules 7026, 7030, 7033, 7034, and 7036, or in response to subpoenas served on non-parties to those action pursuant to Federal Rule of Civil Procedure 45, made applicable by Bankruptcy Rule 9016 (collectively, the "Litigation Documents"); (iv) transcripts of parties examined pursuant to Bankruptcy Rule 2004 (the "Rule 2004 Examinations"); and (v) transcripts of parties and non-parties deposed in litigation (the "Litigation Depositions") (collectively, the "Third-Party Documents").

C.    The following documents will not be included in the Third-Party Data Rooms:  (i) documents provided to the Trustee in connection with hardship applications; (ii) documents provided to the Trustee with restrictions on use and/or disclosure in connection with possible settlement and/or mediation; (iii) documents subject to or controlled by a domestic or foreign court order; (iv) those documents that, due to contractual obligations, are no longer under the care, custody or control of the Trustee; (v) documents produced to the Trustee in discovery in the Avoidance Actions[2]; (vi) exhibits to Rule 2004 Examinations and Litigation Depositions, which will be provided in the Third-Party Data Rooms as they were originally produced to the Trustee in accordance with the Order Establishing Procedures for Third-Party Data Rooms; and (vii) documents or data identified as being  a record of Cohmad Securities Corporation ("Cohmad"), a company that shared office space with BLMIS, and/or where the original custodian identified was a Cohmad employee.

D.    Access to the Third-Party Data Rooms will not be provided to defendants in the actions seeking solely fictitious profits in which a Notice of Applicability was filed (the "Avoidance Actions").  Access to the Third-Party Data Rooms will only be provided to attorneys of record in the non-Avoidance Actions ~~with whom~~in which the Trustee is engaged in active discovery under Federal Rule of Bankruptcy Procedure 7026 ("Outside Litigation Counsel").  The Trustee shall provide access to the Third-Party Data Rooms only to Outside Litigation Counsel to search for documents responsive to document requests served on the Trustee, provided that the Outside Litigation Counsel executes a Non-Disclosure Agreement ("NDA").  Copies of the Litigation Protective Order and NDA are available on the Trustee's website: (http://www.madofftrustee.com/docket-06.html).  The defendants whose Outside Litigation Counsel gain access to the

---

[2] "Avoidance Actions" are defined as actions seeking solely fictitious profits in which a Notice of Applicability was filed pursuant to the Order (1) Establishing Litigation Case Management Procedures for Avoidance Actions and (2) Amending the February 16, 2010 Protective Order, dated November 10, 2010 [ECF No. 3141].

Third-Party Data Rooms ~~Defendants~~ will bear the costs of: (i) the software licenses for any users having access to the Third-Party Data Room; and (ii) production of documents out of the Third-Party Data Rooms, which amount to copying costs ordinarily taxed to the requesting party under Federal Rule of Civil Procedure 34(a). Outside Litigation Counsel may also request electronic productions of documents in text-searchable format. The Trustee shall not deny access to the Third-Party Data Rooms to Outside Litigation Counsel qualified under this Paragraph D unless the Trustee asserts that there are no documents therein responsive to Outside Litigation Counsel's request for documents.

E.     Third parties who, pursuant to Bankruptcy Rule 2004 subpoenas or in discovery in the adversary proceedings, produce or have produced documents to the Trustee or are or have been examined or deposed by the Trustee (the "Producing Parties") will be provided access to the Third-Party ~~Confidential~~ Data Rooms for the limited purposes of providing consent to the disclosure of ~~confidential~~ documents requested or to object to the disclosure of ~~confidential~~ documents. Producing Parties will provide the Trustee the name and email address of up to three designated representatives per Producing Party, each of whom may receive credentials to access the Third-Party ~~Confidential~~ Data Rooms, for this purpose within thirty (30) days of entry of the Order Establishing Procedures for Third-Party Data Rooms. The Trustee will bear the costs of the software licenses for one designated representative for each Producing Party who is not a defendant in an action brought by the Trustee. Within seven (7) days of entry of the Order Establishing Procedures for Third-Party Data Rooms, the Trustee will provide Producing Parties who have already produced documents subject to the Order Establishing Procedures for Third-Party Data Rooms as of the date of its entry with instructions on how to designate their representative(s) via an electronic portal, including how to substitute designated representatives.[3] The Trustee shall not be obligated to provide notice to any Producing Party who does not designate a representative within thirty (30) days after entry of the Order Establishing Procedures for Third-Party Data Rooms. To the extent any technical issues result in Producing Parties being unable to access the electronic portal during the thirty-day period for designating representatives, the thirty-day period following entry of the Order Establishing Procedures for Third-Party Data Rooms for designating representatives will be extended for a time period commensurate with the time period in which the electronic portal is not accessible.

F.     Documents designated as confidential as of the date of the entry of this Order will be placed in the Third-Party Confidential Data Room.[4] Placement of confidential documents in or production of confidential documents from the Third-Party

---

[3] With respect to documents produced after entry of this Order, designation of representatives for Producing Parties shall be in accordance with Paragraph 13 of the Order Establishing Procedures for Third-Party Data Rooms.

[4] If documents are de-designated pursuant to a court order or an agreement of the Producing Party so designating the documents, then those de-designated documents will be placed in the Third-Party Non-Confidential Data Room.

Confidential Data Room does not disturb the confidential designation of the materials, unless the Trustee or Outside Litigation Counsel has ~~specifically requested such relief~~ been granted such relief by Court Order, or the Producing Party has agreed to remove the confidential designation.  Any Outside Litigation Counsel receiving documents via the Third-Party Data Rooms must redact any personally identifiable information ("PII") to the extent required by Bankruptcy Rule 9037 and applicable law.

G.    When Third-Party Documents are added to the Third-Party Data Rooms (i.e., documents fit the criteria set forth above for inclusion in the Third-Party Data Rooms), Outside Litigation Counsel with access to the Third-Party Data Rooms will receive notice.  By making the Third-Party Documents available to defendants in non-Avoidance Actions through their Outside Litigation Counsel, the Trustee will have satisfied his obligations under Federal Rules of Civil Procedure 26 and 34 to make documents available to defendants in non-Avoidance Actions.

H.    To the extent that a Producing Party and the Trustee have entered into an agreement regarding the confidentiality or non-disclosure of documents or discovery materials, such agreements that contain language ("Individual Confidentiality Standard") that differs from Paragraph 2 of the Litigation Protective Order dated June 6, 2011 (Docket No. 4137) (the "Litigation Protective Order") shall continue to apply to documents produced to the Trustee prior to the date of the Litigation Protective Order, so long as the Producing Parties follow the procedures specified in Paragraph 10 of the Order Establishing Procedures for Third-Party Data Rooms and Paragraph I below; however, in all other aspects, the Litigation Protective Order shall control.  Paragraph 19 of the Litigation Protective Order shall be deemed modified accordingly.

I.    Producing Parties may request that their Individual Confidentiality Standard continue to apply to the designation of documents produced to the Trustee prior to entry of the Litigation Protective Order.  Such request must be submitted in a letter to Baker & Hostetler LLP, counsel for the Trustee, at MadoffDataRooms@bakerlaw.com, within thirty (30) days from entry of this Order.  The letter must:  1) attach the relevant confidentiality agreement; 2) identify the relevant language in the individual confidentiality agreement (i.e., the Individual Confidentiality Standard); and 3) identify the documents, by beginning Bates production number, produced and designated as confidential prior to the date of the Litigation Protective Order pursuant to the individual confidentiality agreement (and not subsequently de-designated).  If such a letter is submitted, the Individual Confidentiality Standard will govern the designation of the identified documents.  If such a letter is not submitted to the Trustee within thirty (30) days from entry of this Order and the Order Establishing Procedures for Third-Party

5

Data Rooms, then Paragraph 2 of the Litigation Protective Order will govern.[5]
With respect to the Third-Party Data Rooms, the Third-Party Confidential Data
Room will contain a full text field that provides the individual confidentiality
standard for each document, where relevant.  Any productions out of the Third-
Party Confidential Data Room will contain a load file that includes this full text
field.  In addition, a user manual for the Third-Party Data Rooms will, in an
appendix, include a full list of Producing Parties whose documents are governed
by individual confidentiality standards and the individual confidentiality standard
is that applies to that Producing Party's documents.

J.     If Outside Litigation Counsel seeks to file any pleading or other document with
the Bankruptcy Court that contains **CONFIDENTIAL MATERIAL,** as defined
in the Litigation Protective Order and accordingly designated by the Producing
Party, it will file such pleading or other document under seal.  If Outside
Litigation Counsel seeks to file any pleading or other document with the
Bankruptcy Court that contains personally identifiable information, it will redact
such information in accordance with Bankruptcy Rule 9037.

K.     Counsel for the Trustee will not be liable for any technical issues concerning the
data room caused by technical constraints, errors, or malfunctions beyond the
Trustee's control.  Any inadvertent disclosure resulting from technical constraints,
errors, or malfunctions will not be construed as a waiver of any Producing Party's
rights, and such documents will be subject to clawback.

L.     With respect to documents produced after the entry of this Order, upon
production, Producing Parties shall provide the following information in a
production cover letter, to the extent any of the following information is
applicable:  (i) the documents (listed in an Excel file document-by-document by
Beginning Bates and Ending Bates for each document) that are designated as
confidential pursuant to the Litigation Protective Order; (ii) the documents (listed
in an Excel file document-by-document by Beginning Bates and Ending Bates for
each document) that are designated confidential pursuant to an Individual
Confidentiality Standard, if applicable pursuant to Paragraph 10 of the Order
Establishing Procedures for Third-Party Data Rooms and Paragraph I of this
Order; (iii) the documents (listed in an Excel file document-by-document by
Beginning Bates and Ending Bates for each document) that should be excluded
from the Third-Party Data Rooms pursuant to Paragraph 4 of the Order
Establishing Procedures for Third-Party Data Rooms and Paragraph C of this
Order; and (iv) the designated representative authorized for that production to
provide consent to the disclosure of confidential documents requested or to object
to the disclosure of confidential documents.[6]  Failure to provide such information

---

[5] The Trustee and a Producing Party may agree to a reasonable limited extension to the thirty-day time period, if the
Producing Party demonstrates circumstances that warrant an extension.

[6] Electronic productions containing documents designated as confidential shall also be accompanied by a database
load file containing a field identifying if a document has been designated confidential.

6

in a production cover letter shall result in a waiver by the Producing Parties to: (i) any confidential designations; (ii) any objections to inclusion of the documents in the Third-Party Data Rooms; and/or; (iii) notification that documents have been requested for disclosure. For the avoidance of doubt, notwithstanding Paragraph L of this Order, Paragraphs 7 and 14 of the Litigation Protective will still apply with respect to: (i) inadvertent failure to designate confidential material as confidential or incorrect designations of confidential material (Paragraph 7 of the Litigation Protective Order)[7]; and (ii) inadvertent production or disclosure of any document or other material otherwise protected by the attorney-client privilege, work product protection or a joint defense/common interest privilege (Paragraph 14 of the Litigation Protective Order).[8] The Trustee shall include in the instructions accompanying any requests for documents (including any requests for the production of documents or any subpoenas requesting documents from Producing Parties) the language set forth in this Paragraph.

M.    Documents produced out of the Third-Party Data Rooms shall only be used by Outside Litigation Counsel for purposes of the non-Avoidance Actions, initiated by the Trustee, in which defendants are represented by Outside Litigation Counsel.

N.    In accordance with Paragraph 9 of the Litigation Protective Order, in the event that the Trustee in good faith intends to use specific material appropriately designated as confidential in connection with litigation (such as for use in depositions), the Trustee may request that the Producing Party waive confidentiality with respect to that specific material. The Trustee shall identify each document for which waiver is sought by beginning Bates number or other identifier. Failure by the Producing Party or customer to object to the request within seven (7) business days will be deemed to be acquiescence to the request. Should a Producing Party refuse to waive, the Trustee may refer the matter to this Court. Pending resolution of a dispute, there shall be no disclosure of the confidential material at issue.

O.    Paragraph 12 of the Litigation Protective Order will be modified as follows:

---

[7] Paragraph 7 of the LPO states in relevant part:

"In the event that a producing party inadvertently fails to designate **CONFIDENTIAL MATERIAL** as **CONFIDENTIAL** or incorrectly designates **CONFIDENTIAL MATERIAL**, that party may make a late designation or change the designation by notifying in writing all parties to whom the **CONFIDENTIAL MATERIAL** has been disclosed . . . ."

[8] Paragraph 14 of the LPO states in relevant part:

"The inadvertent production or disclosure of any document or other material (the "Inadvertent Production") otherwise protected by the attorney-client privilege, work product protection or a joint defense/common interest privilege shall not constitute or be deemed as a waiver or forfeiture of any such privilege or immunity . . . ."

1.    If a defendant in a non-Avoidance Action serves the Trustee with requests for production of documents that implicate Third-Party Documents, the Trustee will provide his responses and objections.  The Trustee's objections may include any basis that would otherwise be available to object to the production of documents under the Federal Rules of Civil Procedure, the Bankruptcy Rules, the Local Bankruptcy Rules for the Southern District of New York, or any other applicable law or case law.  ~~The Trustee reserves the right to object to requests for access to the Third-Party Data Rooms based on relevance or other objections.~~  Where <u>a defendant in a non-Avoidance Action serves the Trustee with requests for production of documents that implicate Third-Party Documents</u>~~appropriate and non-objectionable~~, the Trustee will direct Outside Litigation Counsel to the Third-Party Data Rooms <u>in accordance with the provisions of Paragraph D above</u>.  The Trustee and Outside Litigation Counsel will meet and confer regarding whether access to the Third-Party Data Rooms is warranted, including with regard to the scope of relevant documents in the Third-Party Data Rooms.  Outside Litigation Counsel for such defendant may request access to the Third-Party Data Rooms.  <u>To the extent the parties cannot reach agreement on appropriate access to the Third-Party Data Rooms, the parties retain all rights to seek appropriate relief from the Court.</u>

2.    <u>Subject to Paragraphs D and O(1) above, A</u>~~a~~fter executing the NDA attached to the Order Establishing Procedures for Third-Party Data Rooms and the Undertaking To Be Bound attached to the Litigation Protective Order (copies of both shall be sent to Baker & Hostetler LLP, counsel for the Trustee, at MadoffDataRooms@bakerlaw.com), Outside Litigation Counsel may obtain access to the Third-Party Data Rooms.

3.    With respect to non-confidential Third-Party Documents, Outside Litigation Counsel may execute searches over and view any non-confidential documents in the Third-Party Non-Confidential Data Room.  Outside Litigation Counsel may also request a production of documents out of the Third-Party Non-Confidential Data Room.  An alert will be sent to the designated representative(s) of the Producing Party(ies) whose non-confidential documents have been requested for production.  <u>The Producing Party will have ten (10) business days to respond to the alert by selecting the documents to be produced out of the Third-Party Non-Confidential Data Room.  The Producing Party may either approve or deny the production of its documents.  If the Producing Party approves the production of documents, the Producing Party's documents that have been approved for production will be produced to the Outside Litigation Counsel requesting production of the documents out of the Third-Party Non-Confidential Data Room.  If the Producing Party does not respond within the 10-business day time period, all of the Producing Party's documents that have been requested will be produced to the Outside Litigation Counsel requesting the documents.  If the Producing Party</u>

8

denies the request for production of any documents, those documents for which the request has been denied will not be produced. The Producing Party and the Outside Litigation Counsel requesting the documents may negotiate regarding the production of the denied documents. The denied documents will not be produced to the Outside Litigation Counsel requesting the documents for production out of the Third-Party Non-Confidential Data Room, unless the Producing Party subsequently approves the production in the Third-Party Non-Confidential Data Room or the Court orders the production of such documents. If the Producing Party denies the request for production of its documents, the Outside Litigation Counsel requesting the documents may seek relief from the Court, including moving the Court to compel production, provided that service by email on the Trustee and the designated representative(s) of the Producing Party shall be deemed sufficient.

4.     With respect to confidential Third-Party Documents, Outside Litigation Counsel can run search terms over the Third-Party Confidential Data Room. Outside Litigation Counsel will be provided with Bates numbers for each document that results from their searches and the name of the Producing Party that corresponds to each document. Outside Litigation Counsel can tag documents they want to view. An alert will be sent to the designated representative(s) of the Producing Party(ies) whose confidential documents have been requested for viewing.

5.     The Producing Party will have ten (10) business days to respond to the alert by selecting the documents to be released in the Third-Party Confidential Data Room. The Producing Party may either approve or deny the release of its documents.

6.     If the Producing Party approves the release of documents, the Producing Party's documents that have been approved for release will be released to the Outside Litigation Counsel requesting the documents. If the Producing Party does not respond within the 10-business day time period, all of the Producing Party's documents that have been requested will be released to the Outside Litigation Counsel requesting the documents. The Outside Litigation Counsel requesting the documents can then view the released documents and tag documents they would like produced out of the Third-Party Confidential Data Room.

7.     If the Producing Party denies the release of any documents, those documents that have been denied will not be released. The Producing Party and the Outside Litigation Counsel requesting the documents may negotiate regarding the release of the denied documents. The denied documents will not be released to the Outside Litigation Counsel requesting the documents for viewing unless the Producing Party subsequently approves the release in the Third-Party Data Room or the Court orders the release of such documents. If the Producing Party

9

continues to deny denies the release of its confidential documents, the Outside Litigation Counsel requesting the documents may seek relief from the Court, including moving the Court to compel disclosure, provided that service by email on the Trustee and the designated representative(s) of the Producing Party shall be deemed sufficient.

P.    Nothing in this Order shall prevent the Trustee, outside of the Third-Party Data Rooms, from using (in accordance with the Litigation Protective Order, other applicable Individual Confidentiality Standards, and court orders and applicable law) Third-Party Documents deemed relevant by the Trustee.  Nothing in this Order shall prevent any Outside Litigation Counsel, outside of the Third-Party Data Rooms, from using (in accordance with the Litigation Protective order, other applicable Individual Confidentiality Standards, and court orders and applicable law) Third-Party Documents deemed relevant by the Outside Litigation Counsel seeking to use such documents.

**ORDERED,** that this Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.  For the avoidance of doubt, nothing in this Order, the Litigation Protective Order, and the Undertaking and Consent to be Bound by the Litigation Protective Order, shall be deemed or construed as a submission or consent by any defendant to the exercise of personal jurisdiction by the Bankruptcy Court in the underlying adversary proceeding.

Dated: New York, New York
        September __, 2013

_____
HONORABLE BURTON R. LIFLAND
UNITED STATES BANKRUPTCY JUDGE

300272385

10