WINDELS MARX LANE & MITTENDORF, LLP
156 West 56th Street
New York, New York 10019
Tel:  (212) 237-1000
Howard L. Simon
Email: hsimon@windelsmarx.com

Hearing Date: October 16, 2013
Hearing Time:  10:00 a.m. EST
Objection Deadline: October 7, 2013
Time: 4:00 p.m. EST

*Special Counsel to Irving H. Picard, Esq., Trustee for the
Substantively Consolidated SIPA Liquidation of
Bernard L. Madoff Investment Securities LLC and
Alan Nisselson, the Chapter 7 Trustee of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL)<br>SIPA Liquidation<br>(Substantively Consolidated) |
| Plaintiff-Applicant, | |
| v. | |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**ELEVENTH APPLICATION OF WINDELS MARX LANE & MITTENDORF, LLP
FOR ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY
EXPENSES INCURRED FROM DECEMBER 1, 2012 THROUGH APRIL 30, 2013**

Windels Marx Lane & Mittendorf, LLP ("Windels Marx" or the "Firm") as special

counsel to Irving H. Picard as trustee (the "Trustee") for the substantively consolidated

liquidation proceeding of Bernard L. Madoff Investment Securities LLC ("BLMIS" or

"Debtor"), and to Alan Nisselson as trustee (the "Chapter 7 Trustee") for the Chapter 7

estate of Bernard L. Madoff ("Madoff"), pursuant to the Orders of this Court dated July 16,

2009 [Docket No. 327] and November 23, 2011 [Docket No. 4547], respectfully submits this application (the "Eleventh Application") for an order pursuant to section 78eee(b)(5) of the Securities Investor Protection Act ("SIPA"), 15 U.S.C.§ 78eee(b)(5), sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101 et. seq. (the "Bankruptcy Code"), and Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), allowing and awarding interim compensation for services performed by Windels Marx for the period commencing December 1, 2012 through and including April 30, 2013 (the "Compensation Period") in the amount of $1,629,622.00 of which 80%, or $1,303,697.60 is to be paid currently and 20%, or $325,924.40, is to be deferred through the conclusion of the liquidation proceeding or further order of the Court, and reimbursement of Windels Marx's actual and necessary expenses incurred during the Eleventh Compensation Period in the amount of $9,539.18, and in support thereof, respectfully represents as follows:

## I.        PRELIMINARY STATEMENT

1.        During this Eleventh Compensation Period, Windels Marx continued to assist the Trustee and his counsel, Baker & Hostetler LLP ("Baker"), in their efforts to recover customer property for the victims of Madoff's fraud.

2.        Among other things, Windels Marx commenced preparations for the mediation of a significant bad faith action.  Windels Marx also continued its investigation into the facts and legal theories supporting the fraudulent conveyance actions against certain other insiders, feeder funds, and investment advisors previously filed by the Firm. We also continued our investigations into certain subsequent transferees of BLMIS Customer Property for which complaints were previously filed.

3.      In addition, Windels Marx, in coordination with Baker and the Trustee's consultants, continued to work on the three actions against entities owned by members of the Madoff family and on the over 30 "Good Faith" adversary proceedings that were in each case previously commenced by Windels Marx.

4.      The following discussion and the materials attached to this Eleventh Application cover the major categories of services for which allowance of compensation is sought.

## II.      PROCEDURAL BACKGROUND

The SIPA Liquidation

5.      On December 11, 2008, the United States Securities and Exchange Commission (the "SEC") filed a complaint in the United States District Court for the Southern District of New York (the "District Court") against defendants Madoff and BLMIS (Case No. 08 CV 10791) (the "SEC Action"). The SEC complaint alleged that Madoff and BLMIS engaged in fraud through the investment advisor activities of BLMIS.

6.      In the SEC Action, the SEC consented to a combination of its own action with an application of the Securities Investor Protection Corporation ("SIPC"). Thereafter, pursuant to section 78eee(a)(3) of the SIPA, SIPC filed an application in the District Court alleging, inter alia, that BLMIS was not able to meet its obligations to securities customers as they came due and, accordingly, its customers needed the protection afforded by SIPA.

7.      On December 15, 2008, District Judge Stanton granted the SIPC application, which among other things:

- appointed Irving H. Picard as the SIPA Trustee for the liquidation of the business of BLMIS pursuant to 15 U.S.C. § 78eee(b)(3);

- appointed Baker as counsel to the SIPA Trustee pursuant to 15 U.S.C. § 78eee(b)(3); and

- removed the liquidation proceeding (the "BLMIS Liquidation") to this Court pursuant to 15 U.S.C. § 78eee(b)(4).

The Bernard L. Madoff Chapter 7 Case

8.     On April 13, 2009, Blumenthal & Associates Florida General Partnership, Martin Rappaport Charitable Remainder Unitrust, Martin Rappaport, Marc Cherno and Steven Morganstern (collectively, the "Petitioning Creditors"), through their attorneys, Milberg LLP, filed an involuntary petition for relief under Chapter 7 of the Bankruptcy Code against Madoff.

9.     On April 16, 2009, the Petitioning Creditors filed a motion to appoint a trustee in Madoff's case, and on that same date, the Court entered an Order to Show Cause Why the Court Should Not Enter an Order Directing the United States Trustee to Appoint an Interim Trustee.

10.    On April 20, 2009, the Court entered an Order directing the Office of the United States Trustee for the Southern District of New York (the "UST") to appoint an interim trustee to perform the duties of trustee as set forth in Bankruptcy Code §§ 701 and 704, pursuant to which the UST appointed Alan Nisselson as the Chapter 7 Trustee on April 21, 2009.

11.     On April 24, 2009, the Court entered an Order authorizing and empowering the Chapter 7 Trustee to retain Windels Marx to represent him in the Madoff case, effective as of April 21, 2009.

12.     On May 5, 2009, the SIPA Trustee and SIPC filed a joint motion for entry of an order pursuant to section 105(a) of the Bankruptcy Code substantively consolidating the Madoff estate into the BLMIS Liquidation (the "Substantive Consolidation Motion").

13.     On June 4, 2009, after the Chapter 7 Trustee filed a Response to the Substantive Consolidation Motion, the Court entered a Consent Order ("Consent Order") [Docket No. 252] which, among other things:

- approved the Substantive Consolidation Motion, nunc pro tunc to December 11, 2008;

- ordered that the Chapter 7 Trustee would remain trustee to the Madoff estate and would continue to have all powers, rights, claims, and interests of a Chapter 7 trustee pursuant to, among others, Chapters 5 and 7 of the Bankruptcy Code;

- directed that the Trustee would have all the duties and powers of a SIPA trustee and of a Chapter 7 trustee, other than those specifically granted to the Chapter 7 Trustee as indicated above; and

- ordered that the Chapter 7 Trustee would be authorized to use as his counsel any counsel or special counsel retained by the Trustee, after consultation with, and the approval of, the Trustee and SIPC.

14.     On July 16, 2009, this Court entered an Order granting the Trustee's motion to retain Windels Marx as special counsel on behalf of the consolidated estate, *nunc pro tunc* as of June 9, 2009 [Docket No. 327], finding that Windels Marx is disinterested pursuant to provisions section 78eee(b)(6) of SIPA, section 327(a) of the Bankruptcy Code, and Bankruptcy Rule 2014(a) and is therefore in compliance with the disinterestedness requirement in section 78eee(b)(3) of SIPA, section 327(a) of the Bankruptcy Code, and Bankruptcy Rule 2014(a).

15.     On November 23, 2011, this Court entered an Order [Docket No. 4547] making certain provisions of this Court's Order Establishing Procedures Governing Interim Monthly Compensation of the Trustee and Baker & Hostetler LLP, amended and superseded in its entirety on June 1, 2011, applicable to Windels Marx, *nunc pro tunc* as of June 1, 2011.

## III.    SPECIAL COUNSEL'S EXPERIENCE

16.     Windels Marx engages in the general practice of law, and has substantial expertise in such areas as bankruptcy, commercial litigation, securities, tax and corporate law.

17.     In particular, the senior Windels Marx attorneys in charge of this matter specialize in advising Chapter 7 and Chapter 11 bankruptcy trustees in connection with complex bankruptcy litigation related to, among other things, asset analysis and recovery.

## IV.    SUMMARY OF SERVICES

18.     The services rendered by Windels Marx during the five-month Eleventh Compensation Period are described below.  In rendering professional services to the Trustee and the Chapter 7 Trustee, Windels Marx's legal team has been composed of

professionals with extensive experience in bankruptcy and complex commercial litigation, securities, tax, and corporate law.

19.     Windels Marx professionals have worked closely with the Trustee, his counsel Baker, and the Trustee's other retained professionals to coordinate their efforts in order to maximize efficiency and to avoid any duplication of effort.

20.     This Eleventh Application is intended to serve as a summary description of the more significant services rendered by Windels Marx during the Eleventh Compensation Period. The following section provides an overview of those services, sorted by the matter and task codes used by Windels Marx for specific categories of work.

21.     Matter Number 02 is the general matter number used for tasks that affect all proceedings commenced by Windels Marx on behalf of the Trustee, and task numbers have been assigned for specific categories of work to permit a more detailed analysis of the fees incurred.[1]

22.     Matter Numbers 03-19 relate to specific projects, adversary proceedings, or groups of adversary proceedings commenced and/or being handled by Windels Marx on behalf of the Trustee. Common tasks conducted by Windels Marx in each of these projects, adversary proceedings, or groups of adversary proceedings include the drafting of reports, analyses, and internal memoranda; the filing of papers and the scheduling of matters with the Bankruptcy and/or District Courts; on-going coordination with Baker regarding investigation and litigation strategy; and/or discussions with opposing counsel regarding representation, service, and appearance issues, extensions of time to respond, adjournments

---

[1] Matter 01 is reserved for certain non-billable time entries.

of pre-trial conferences, discovery, and settlement. For the sake of brevity, the descriptions of specific projects, adversary proceedings, or groups of adversary proceedings in paragraphs 25 through 61 below will not repeat these common tasks, but will be limited to matter-specific tasks and case activity that occurred during the Compensation Period.

23.    Matter Number 20, a new matter that began in March 2013, is for work performed on a group of eight subsequent transferee cases, staffed with Baker attorneys, which Windels Marx is supervising to facilitate the exchange of information and the coordination of similar cases between the firms.

24.    Matter Number 21, a new matter added in April 2013, is limited to time spent by Windels Marx personnel on the review, and work ancillary to the review, of documents produced in specific cases, including without limitation documents produced in connection with anticipated mediation in *Picard v. Edward Blumenfeld, et al*., Adv. Pro. No. 10-04474 (Bankr. S.D.N.Y.) (BRL).  The time charges in this matter were billed at special reduced rates negotiated with SIPC.

**A.    MADOFF  GENERAL (MATTER 02)**

**Task Code 004: Case Administration (275.5 hours)**

25.    This category relates to various case management tasks, including (i) research projects and memoranda of general applicability for use by Windels Marx and/or Baker, (ii) the on-going review and reporting internally and to SIPC and Baker on the status of cases and case-wide issues, (iii) procedural tasks covering all or substantially all Windels Marx cases, (iv) the on-going review, organizing, and docketing of case-related

information into Baker's and Windels Marx's central databases for use across all Windels Marx and Baker teams, and (v) other general administrative tasks.

26.     Time entries during this Compensation Period related to, among other things, (i) legal research projects performed at the request of Baker, (ii) work on issues raised in the motions to withdraw the reference and related court decisions filed in many of the Firm's cases, (iii) review and analysis of legal and factual issues common to all of the Firm's subsequent transferee cases, (iv) review and analysis of written materials on amending complaints common to all of the Firm's cases, and (v) case plans and strategies for the Firm's good faith, bad faith, and non-investor cases.

### Task Code 007: Fee Application (87.3 hours)

27.     This category relates to the Firm's preparation of Windels Marx's monthly billing statements to SIPC, as well as Windels Marx's Applications for Interim Compensation, and the time spent by attorneys and paraprofessionals in reviewing the Windels Marx billing statements before they are submitted to SIPC, to ensure that time was properly billed, to correct any errors in time entries, to write off certain time and expenses as agreed to by Windels Marx for the benefit of SIPC, and to respond to certain adjustments requested by SIPC after its review of the monthly billing statements and draft fee application.

### Task Code 020: Internal Office Meetings (35.7 hours)

28.     This category covers internal Windels Marx strategy and case management sessions related to the Firm's pending adversary proceedings. Through these internal meetings and discussions, Windels Marx seeks to ensure the effective use of the time of all

timekeepers working on matters, to avoid duplicative efforts, and to provide a consistent approach to the approximately 60 adversary proceedings and legal matters being handled by the Firm.

### Task Code 041: Discovery, Document Review, Document Production (627.6 hours)

29.    This category relates to discovery and related issues not specific to a Windels Marx case, such as document productions in response to third party subpoenas, productions of documents produced by parties with whom Baker has a conflict, confidentiality issues concerning these document productions, and other discovery-related work that is responsive to special requests from Baker or applicable generally to Windels Marx's cases.

30.    Time entries during this Compensation Period related to, among other things, (i) working with Baker on issues related to obtaining discovery from foreign third-parties, (ii) creating protocols and spreadsheets for tracking and preserving confidential documents, documents produced in the Firm's non-conflict cases, conflict cases, or in settlement, and preservation notices and related correspondence, (iii) working with the Baker Discovery Management Team on general discovery protocols and issues impacting the Firm's Madoff cases, and (iv) working with Baker on issues related to the service list of the Firm's defendants and producing parties for Baker's motion to establish the third-party data rooms, ultimately served and filed on July 24, 2013.

### Task Code 042: Bankruptcy Court Litigation (187.1 hours)

31.    This category covers all litigation brought by Windels Marx on behalf of the Trustee other than adversary proceedings against BLMIS Investment Advisor

customers, including (i) fraudulent conveyance cases against Hoboken Radiology LLC, *Picard v Hoboken Radiology LLC*, Adv. Pro. No. 10-05386 (Bankr. S.D.N.Y.) (BRL), PetcareRX, *Picard v. PetCareRX*, Adv. Pro. No. 10-05392 (Bankr. S.D.N.Y.) (BRL), and a number of charities (which proceedings are under seal), (ii) a breach of loyalty action against a foreign consultant to the Trustee, *Picard v. Ewald Weninger, et al*., Adv. Pro. No. 11-01680 (Bankr. S.D.N.Y.) (BRL), and (iii) the on-going representation of the Trustee as a creditor in the bankruptcy case, pending in the Bankruptcy Court in the District of Connecticut, of a BLMIS Investment Advisor customer, *In re Robert Silverman*, 11-50504 (Bankr. D. Conn.) (AHWS).

32.    Time entries during this Compensation Period related to (i) work on the reorganization plan, disclosure statement, and other filings in order to continue the Trustee's rights in *In re Robert Silverman,* (ii) the negotiation and evaluation (with Trustee input) of potential settlements in certain of the charity and other cases, and (iii) the review and analysis of documents supporting the allegations in these complaints.

## B.    GOOD FAITH PROCEEDINGS (MATTER 07) (983.4 hours)

33.    This category relates to over 30 "Good Faith" adversary proceedings that Windels Marx commenced on behalf of the Trustee against BLMIS Investment Advisor net winner customers to recover approximately $229 million in fictitious profits paid out by BLMIS.

34.    In addition to the tasks outlined in ¶ 22, time entries during this Compensation Period included (i) working on various filings and related issues in the bankruptcy proceeding filed by one of the good faith defendants, (ii) reviewing and

analyzing the motion to dismiss filed by one of the good faith defendants, (iii) reviewing and analyzing documents supporting the allegations in the good faith cases, (iv) reviewing and analyzing complaints, background memoranda, and legal and case files to assess all good faith cases for settlement potential and update all related case plans, (v) negotiating and documenting dismissals and potential settlements, and working on productions of documents in the context of settlement negotiations and/or mediation, and (vi) updating Baker attorneys with good faith "snapshots" and other requested case summaries,

C.     **MADOFF FAMILY ENTITIES (MATTER 08) (<u>192.4 hours</u>)**

35.     This category relates to three cases against certain Madoff family-owned entities and Madoff family members seeking in the aggregate over $30 million in transfers from BLMIS that were used to capitalize and fund certain Madoff family personal business ventures. *Picard v. Madoff Technologies LLC, et al.,* Adv. Proc. No. 10-0483 (Bankr. S.D.N.Y.) (BRL); *Picard v. Madoff Family LLC, et al.,* Adv. Pro. No. 10-03485 (Bankr. S.D.N.Y.) (BRL); *Picard v. Madoff Energy Holdings,* Adv. Pro. No. 10-034184 (Bankr. S.D.N.Y.) (BRL).

36.     In addition to the tasks outlined in ¶ 22, time entries during this Compensation Period related to (i) working on issues related to Peter Madoff's resignation as manager of the entities, and assessing options for a replacement manager, and the dismissal of Peter Madoff and other parties from the proceedings, (ii) consideration of possible asset sales from one of the entities, (iii) reviewing and analyzing documents and drafting potential amended complaints, and (iv) updating Baker attorneys with briefing reports and other requested case information.

**D.    IVY/BEACON (MATTER 09) (<u>102.3 hours</u>)**

37.    This category relates to an adversary proceeding commenced against Ivy, Beacon, and 26 other defendants to avoid and recover $114 million in avoidable transfers and to subordinate claims. *Picard v. Beacon Associates, et al*., Adv. Pro. No. 10-05356 (Bankr. S.D.N.Y.) (BRL).

38.    In addition to the tasks outlined in ¶ 22, time entries during this time period related to (i) preparing the Bankruptcy Code section  9019 motion to approve the settlement reached during the Last Compensation period, (ii) handling the steps for withdrawing/dismissing the pending Motions to Withdraw the Reference of the Ivy defendants, (iii)  closing the settlement and the case and filing a notice of dismissal, and (iv) working on the appropriate segregation and preservation of the Ivy party documents.

**E.    BLUMENFELD (MATTER 10) (<u>913.4 hours</u>)**

39.    This category relates to a fraudulent conveyance action to avoid and recover approximately $100 million in avoidable transfers from Edward Blumenfeld, a close friend and business partner of Madoff, and 58 other defendants, and to subordinate claims. *Picard v. Edward Blumenfeld, et al*., Adv. Pro. No. 10-04474 (Bankr. S.D.N.Y.) (BRL).

40.    In addition to the tasks outlined in ¶ 22, time entries during this Compensation Period included (i) preparations for review of defendants' pre-mediation document production, (ii) work on legal research and factual analysis in connection with the upcoming mediation and possible amendments to the complaint, and (iii) preparing mediation material for the mediator.

**F.    CREDIT SUISSE (MATTER 12) (<u>92.9 hours</u>)**

41.      This category relates to an avoidance action filed on December 12, 2011 to recover subsequent transfers of BLMIS Customer Property from certain BLMIS feeder funds to Defendants totaling over $375 million. *Picard v. Credit Suisse AG, et al.,* Adv. Pro. No. 11-02925 (Bankr. S.D.N.Y.) (BRL).

42.      In addition to the tasks outlined in ¶ 22, time entries during this Compensation Period related to (i) conducting research into jurisdiction and other legal issues, (ii) reviewing and analyzing documents to support allegations in the complaint, and (iii) working on possible amendments to the complaint.

### G.    SOLON CAPITAL (MATTER 13) (**4.0 hours**)

43.      This category relates to an avoidance action filed on January 17, 2012, amended July 30, 2012, to recover subsequent transfers of BLMIS Customer Property from a BLMIS feeder fund to Defendant totaling approximately $2 million. *Picard v. Solon Capital, Ltd.*, Adv. Pro. No. 12-01025 (Bankr. S.D.N.Y.) (BRL).

44.      In addition to the tasks outlined in ¶ 22, time entries during this Compensation Period related to (i) preparing briefing reports summarizing the status of the case for SIPC and the Trustee and (ii) drafting stipulations extending defendant's time to respond and adjourning the pre-trial conference.

### H.    ZEPHYROS (MATTER 14) (**4.7 hours**)

45.      This category relates to an avoidance action filed on April 5, 2012 to recover subsequent transfers of Customer Property from certain BLMIS feeder funds to Defendant totaling over $114 million. *Picard v. Zephyros Limited*, Adv Pro. No. 12-01278 (Bankr. S.D.N.Y.) (BRL).

46.    In addition to the tasks outlined in ¶ 22, time entries during this Compensation Period related to (i) preparing briefing reports summarizing the status of the case for SIPC and the Trustee and (ii) drafting stipulations extending defendant's time to respond and adjourning the pre-trial conference.

## I.    MISTRAL (MATTER 15) (**2.8 hours**)

47.    This category relates to an avoidance action filed on April 5, 2012 to recover subsequent transfers of Customer Property from certain BLMIS feeder funds to Defendant totaling approximately $3.4 million.  *Picard v. Mistral (SPC)*, Adv Pro. No. 12-01273 (Bankr. S.D.N.Y.) (BRL).

48.    In addition to the tasks outlined in ¶ 22, time entries during this Compensation Period related to (i) preparing briefing reports summarizing the status of the case for SIPC and the Trustee and (ii) drafting stipulations extending defendant's time to respond and adjourning the pre-trial conference.

## J.    SOCIETE GENERALE (MATTER 16) (**186.4 hours**)

49.    This category relates to an avoidance action filed on May 30, 2012 to recover subsequent transfers of Customer Property from certain BLMIS feeder funds to Defendants totaling over $162 million.   *Picard v. Societe Generale Private Banking (Suisse) S.A. (f/k/a SG Private Banking Suisse S.A.)*, Adv Pro. No. 12-01677 (Bankr. S.D.N.Y.) (BRL).

50.    In addition to the tasks outlined in ¶ 22, time entries during this Compensation Period related to (i) conducting research into jurisdiction and other legal

issues, (ii) reviewing and analyzing documents to support allegations in the complaint, and (iii) working on possible amendments to the complaint.

**K.     ROYAL BANK OF CANADA (MATTER 17) (71.5 hours)**

51.     This category contains entries related to two avoidance actions. The first action relates to an avoidance action filed on June 6, 2012 to recover subsequent transfers of Customer Property from certain BLMIS feeder funds to Defendants totaling over $100 million. *Picard v. Royal Bank of Canada*, Adv Pro. No. 12-01699 (BRL).

52.     The second action under Matter 17 relates to an avoidance action filed on June 6, 2012 to recover subsequent transfers of Customer Property from certain BLMIS feeder funds to Defendants totaling over $80 million. *Picard v. Banque Internationale a Luxembourg S.A. (f/k/a Dexia Banque Internationale a Luxembourg S.A.*, Adv. Pro. No. 12-01698 (BRL).

53.     In addition to the tasks outlined in ¶ 22, time entries during this Compensation Period related to (i) conducting research into jurisdiction and other legal issues, (ii) reviewing and analyzing documents to support allegations in the complaint, and (iii) working on possible amendments to the complaint.

**L.     CREDIT SUISSE (as successor-in-interest to Clariden Leu) (MATTER 18) (8.0 hours)**

54.     This category relates to an avoidance action filed on May 30, 2012, amended July 30, 2012, to recover subsequent transfers of Customer Property from certain BLMIS feeder funds to Defendant totaling over $49 million. *Picard v. Credit Suisse AG., as successor-in-interest to Clariden Leu AG and Bank Leu AG*, Adv Pro. No. 12-01676 (BRL).

55.     In addition to the tasks outlined in ¶ 22, time entries during this Compensation Period related to (i) conducting research into jurisdiction and other legal issues, (ii) reviewing and analyzing documents to support allegations in the complaint, and (iii) preparing briefing reports summarizing the status of the case for SIPC and the Trustee.

**M.     TRINCASTAR (MATTER 19) (<u>42.9 hours</u>)**

56.     This category relates to an avoidance action filed on September 22, 2011 to recover subsequent transfers of Customer Property from a BLMIS feeder fund to Defendant totaling approximately $13.3 million. *Picard v. Trincastar Corp.*, 11-02731 (BRL).

57.     In addition to the tasks outlined in ¶ 22, time entries during this Compensation Period related to (i) preparing briefing reports summarizing the status of the case for SIPC and the Trustee and (ii) drafting stipulations extending defendant's time to respond and adjourning the pre-trial conference.

**N.     COORDINATED CASES (MATTER 20) (<u>44.1 hours</u>)**

58.     This category relates to a group of eight international subsequent transferee cases, filed by Baker and staffed with Baker attorneys, which Howard Simon is supervising, with limited work by other Windels attorneys, to facilitate the coordination of common information, issues, and documents between the firms and take advantage of staffing efficiencies.

59.     Time entries during this Compensation Period related to (i) initial meetings with Baker attorneys and Subsequent Transfer Team Leaders on the eight Baker cases,

related issues and timelines, and next steps to coordinate efforts, (ii) the review of pleadings, spreadsheets, and other material provided by Baker, and (iii) work on select legal issues and strategy.

**O.    LARGE CASE DOCUMENT REVIEWS (MATTER 21) (800.1 hours)**

60.    This category relates to the First Level, Second Level, and additional reviews of the documents produced in large case adversary proceedings.

61.    Time entries during this Compensation Period related to (i) the First and Second Level, Quality Control, and other document reviews and (ii) work on review protocols and strategies, and the creation of targeted searches, to create efficiencies in connection with the reviews.

**V.    COMPENSATION REQUESTED**

62.    During the Eleventh Compensation Period, Windels Marx expended 5,404.55 hours in the rendition of professional and paraprofessional services on behalf of the Trustee and the Chapter 7 Trustee, resulting in a blended attorney hourly rate of $386.65 for fees incurred.

63.    Prior to filing this Eleventh Application, Windels Marx provided to SIPC (i) its December 1, 2012 through April 30, 2013 monthly statements setting forth the Firm's total fees for services rendered and expenses incurred on behalf of the consolidated estate for each month during the period December 1, 2012 through April 30, 2013 in the aggregate amount of $1,922,375.00[2] and $12,467.62, respectively, and (ii) a draft of this Eleventh Application.  The Firm wrote off certain unbilled and billed time, and SIPC's

staff made certain additional adjustments and suggestions, which were adopted by Windels Marx. After such write-offs and adjustments (and the 10% discount), Windels Marx's December 1, 2012 through April 30, 2013 monthly statements reflected total fees and expenses of $1,629,622.00 and $9,539.18, respectively.

64.    Specifically, Windels Marx's total fees and expenses for this Eleventh Compensation Period were $1,922,375.00 and $12,467.62, respectively. In connection with preparing each of the five monthly statements and this Eleventh Application, Windels Marx voluntarily (i) wrote off unbilled time of $60,790.00, (ii) wrote off billed time of $50,893.88, and (iii) reduced its total remaining fees of $1,810,691.12 to $1,629,622.00 by discounting the Firm's rates by 10% at SIPC's request (resulting in a voluntary reduction of $292,753.00, or approximately 15.23% of Windels Marx's total fees). Windels Marx also agreed to write off expenses customarily charged to other clients in the amount of $2,928.44, resulting in $9,539.18 of remaining expenses. Such fees and expenses are reasonable based on the customary compensation charged by comparably skilled practitioners in the Chapter 7 and 11 Cases and comparable bankruptcy and non-bankruptcy cases in a competitive national legal market. Total hours expended after all reductions equal 4665.10.

65.    There is no agreement or understanding among the Trustee, Windels Marx or any other person, other than members of Windels Marx, for sharing of compensation to be received for services rendered in this case.

---

[2] Note that this amount is after reduction of billable rates for attorneys and staff in connection with the document review performed under Matter 21, as negotiated with SIPC and as described in paragraph 24, *supra.*

66.    This Eleventh Application has been prepared in accordance with the Amended Guidelines for Fees and Disbursements of Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on April 19, 1995 (the "Local Guidelines"). Pursuant to the Local Guidelines, the certification of Howard L. Simon, Esq. regarding compliance with the same is attached hereto as Exhibit A.

67.    Exhibit B annexed hereto provides a schedule of Windels Marx professionals and paraprofessionals who have provided services for the Debtors during the Eleventh Compensation Period, the capacity in which each individual is employed by the Firm, the year in which each attorney was licensed to practice law, the hourly billing rate charged by Windels Marx for services provided by each individual and the aggregate number of hours billed by each individual. The 10% discount (as described above) is already reflected in the total amount billed.

68.    Exhibit C annexed hereto provides a schedule of the expenses for which reimbursement is requested. The requested expenses are customarily charged to and paid by Windels Marx's bankruptcy and non-bankruptcy clients. At SIPC's request, Windels Marx has not charged for local travel expenses and overtime meals, which categories of expenses are regularly charged to and paid by Windels Marx's clients (*see* ¶64).

69.    Exhibit D annexed hereto is a summary by matter and task code of services performed by Windels Marx from December 1, 2012 through April 30, 2013.

70.    To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Eleventh Compensation Period, but were not classified or processed prior to the preparation of this Eleventh Application, Windels Marx reserves

the right to request additional compensation for such services and reimbursement of such

expenses in a future application.

### VI.    WINDELS MARX'S REQUEST FOR INTERIM COMPENSATION SHOULD BE GRANTED

71.    Section 78eee(b)(5)(A) of SIPA provides in pertinent part that, upon

appropriate application and after a hearing, "[t]he court shall grant reasonable

compensation for services rendered and reimbursement for proper costs and expenses

incurred ... by a trustee ..." Section 78eee(b)(5)(C) of SIPA specifically establishes SIPC's

role in connection with applications for compensation and the consideration the Court

should give to SIPC's recommendation concerning fees. That section provides as follows:

> In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this Chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC. In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendations of SIPC.

72.    To the extent the general estate is insufficient to pay such allowances as an

expense of administration, section 78eee(b)(5)(E) of SIPA requires SIPC to advance the

funds necessary to pay the compensation of Windels Marx (see section 78fff-3(b)(2) of

SIPA).

73.    Based on the allocation process set forth in SIPA, the Trustee has

determined at this time that he has no reasonable expectation that the general estate will be

sufficient to make any distribution to general creditors or pay any administrative expenses.

That is, the Trustee believes that any assets allocated to the BLMIS general estate will be

exhausted prior to his being able to reimburse SIPC fully.  The Trustee has been advised

by SIPC that it concurs with this belief of the Trustee.  Accordingly, any fees and expenses

allowed by this Court will be paid from advances by SIPC without any reasonable

expectation by SIPC of recoupment thereof.

74.     Therefore, with respect to this Eleventh Application, Windels Marx requests

that consistent with section 78eee(b)(5)(C) of SIPA, the Court "award the amounts

recommended by SIPC."  See In re Bell & Beckwith, 112 B.R. 876 (Bankr. N.D. Ohio

1990).  Windels Marx expects that SIPC will file its recommendation to the Court with

respect to this Eleventh Application prior to the hearing, currently scheduled for October

16, 2013.

75.     Windels Marx submits that the request for interim allowance of

compensation made through this Eleventh Application is reasonable and complies with the

provisions of the Bankruptcy Code governing applications for compensation and

reimbursement of expenses, pursuant to section 78eee(b)(5) of SIPA.

## VII.    CONCLUSION

76.     Windels Marx respectfully submits that the services rendered during the

Eleventh Compensation Period merit the approval of the fees and disbursements requested

herein, and respectfully requests that the Court enter an Order: (i) allowing and awarding

$1,629,622.00 (of which 80%, or $1,303,697.60, is to be paid currently, and 20%, or

$325,924.40 is to be deferred through the conclusion of the liquidation proceeding) as an

interim payment for professional services rendered by Windels Marx during the Eleventh

Compensation Period, and $9,539.18 as reimbursement of the actual and necessary costs

and expenses incurred by the Firm in connection with the rendition of such services; and

(ii) granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      September 23, 2013

                                Respectfully submitted,

                                WINDELS MARX LANE & MITTENDORF, LLP
                                *Special Counsel for Irving H. Picard, Trustee for the SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Alan Nisselson, the Chapter 7 Trustee of Bernard L. Madoff*

                                /s/ Howard L. Simon
                                Howard L. Simon (hsimon@windelsmarx.com)
                                156 West 56th Street
                                New York, New York 10019
                                Telephone: (212) 237-1000
                                Facsimile: (212) 262-1215