**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-1789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**APPLICATION OF SCHILTZ & SCHILTZ AS SPECIAL COUNSEL
TO THE TRUSTEE FOR ALLOWANCE OF INTERIM COMPENSATION FOR
SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY
EXPENSES INCURRED FROM DECEMBER 1, 2012 THROUGH APRIL 30, 2013**

Franz Schiltz, together with the other members and associates at the law firm of Schiltz &

Schiltz, which has offices in Luxembourg (collectively, "Schiltz"), special counsel for Irving H.

Picard (the "Trustee"), Trustee for the liquidation of the business of Bernard L. Madoff

Investment Securities LLC ("BLMIS" or "Debtor") under the Securities Investor Protection Act

of 1970, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), and Bernard L. Madoff, submits this Application

for Interim Allowance of Fees and Reimbursement of Expenses (the "Application") for

compensation of legal fees in the amount of $66,279.97 (of which 20% is to be deferred through

the conclusion of the liquidation period) and reimbursement of expenses in the amount of

$4,308.20 for the period from December 1, 2012 through April 30, 2013 (the "Compensation

Period").  In support of the Application, Schiltz respectfully submits as follows:

## I.  BACKGROUND

1.      On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order (the "Decree Order") calling for the liquidation of the business of the Debtor in accordance with SIPA and by Paragraph II of the Decree Order, the Trustee was appointed as the trustee for the liquidation of the Debtor's business.

2.      The Debtor's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, to the extent consistent with the provisions of SIPA, is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") pursuant to SIPA § 78fff(b).

3.      On March 3, 2009, Schiltz was retained as special counsel to the Trustee.

4.      On April 14, 2009, this Court entered an order approving the Trustee's motion for authority to retain Schiltz as special counsel to the Trustee in matters pertaining to Luxembourg.

5.      The Trustee's motion to retain Schiltz established a fee arrangement pursuant to which Schiltz agreed to a fee reduction in the amount of 10%.  Schiltz also agreed to an additional holdback of fees in the amount of 20%.

## II.  SERVICES RENDERED BY SCHILTZ

6.      The legal services performed on behalf of the Trustee during the time period covered by this Application are as follows:

### *Madoff-Related Cases Introduced and Pending before Luxembourg Courts*

7.      Schiltz continued to monitor, on behalf of the Trustee, various Madoff-related cases introduced and pending before the Luxembourg Courts.

300292150.2

8.       Schiltz also continued to advise the Trustee's U.S. counsel with respect to a third-party notice issued against the Trustee and related procedures.

### *Advice on Luxembourg Law Issues and Assistance With Respect to Luxembourg-Related Issues*

9.       Schiltz continued to advise the Trustee's U.S. counsel on specific requests concerning Luxembourg-law related issues.

### III.  <u>COMPENSATION REQUESTED</u>

10.      The Application demonstrates how Schiltz has both added value to the Debtor's estate and has advanced the Debtor's SIPC liquidation proceeding.

11.      Schiltz has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism.  To that end, Schiltz has staffed this matter leanly and has endeavored to eliminate duplication of effort by giving primary responsibility of the case to one partner, Franz Schiltz, and involving other attorneys only when necessary.

12.      From December 1, 2012 through April 30, 2013, Schiltz provided a total of 141.6 hours of legal services to the Trustee in this case.  Prior to the 10% discount, the total amount of fees incurred in this time period was $73,644.41 and the total blended rate for professional services was $520.09/hour.   After the 10% discount, the total amount of fees incurred is $66,279.97 and the total blended rate is $468.08/hour.  Schiltz has agreed to a further 20% holdback of fees in the amount of $13,255.99 resulting in the present request for compensation in the amount of $53,023.98.

13.      A breakdown of the total number of hours performed by each Schiltz timekeeper is provided on **Exhibit A** annexed hereto.

14.    Schiltz seeks reimbursement for out-of-pocket expenses incurred in connection with its representation of the Trustee during the Compensation Period in the amount of $4,308.20.  An itemized list of these expenses is detailed on **Exhibit B** attached hereto.  Schiltz typically charges his clients an additional amount equivalent to 8% of his fees in order to cover normal office expenses.  In this case, Schiltz agreed to charge normal office expenses at a reduced rate of 6.5%.

## IV.  GENERAL MATTERS

15.    All of the professional services for which compensation is requested herein were performed by Schiltz for and on behalf of the Trustee and not on behalf of any other person or entity.

16.    No agreement or understanding exists between Schiltz and any other person for sharing compensation received in connection with this case nor has any other person or entity agreed to provide Schiltz with compensation for the legal services described herein.

17.    Section 78eee(b)(5)(A) of SIPA provides in pertinent part that, upon appropriate application and after a hearing, "[t]he court shall grant reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred . . . by a trustee, and by the attorney for such a trustee."  Section 78eee(b)(5)(C) of SIPA specifically establishes SIPC's role in connection with applications for compensation and the consideration the Court should give to SIPC's recommendation concerning fees.  That section provides as follows:

> In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC.  In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendation of SIPC.

SIPA § 78eee(b)(5)(C).

4

18.    To the extent the general estate is insufficient to pay such allowances as an expense of administration, SIPA § 78eee(b)(5)(E) requires SIPC to advance the funds necessary to pay the compensation of Schiltz (*see* SIPA § 78fff-3(b)(2)).

19.    The Trustee has determined, at this time, that he has no reasonable expectation that the general estate will be sufficient to make a distribution to general creditors or pay administrative expenses.  The Trustee has been advised by SIPC that it concurs in this belief of the Trustee.  Accordingly, any fees and expenses allowed by this Court will be paid from advances by SIPC without any reasonable expectation by SIPC of recoupment thereof.

20.    Therefore, with respect to this Application, Schiltz requests that consistent with section 78eee(b)(5)(C) of SIPA, the Court "shall award the amounts recommended by SIPC." *See In re Bell & Beckwith*, 112 B.R. 876 (Bankr. N.D. Ohio 1990).  Schiltz expects that SIPC's recommendation shall be filed with this Court separately.

**WHEREFORE**, Schiltz respectfully requests that this Court enter an Order:

a.    Granting this Application; and

b.    Allowing and awarding $66,279.97, of which $53,023.98 is to be paid currently and $13,255.99 is to be held back through the conclusion of the liquidation period or until further order of the Court, as an interim payment for professional services rendered by Schiltz to the Trustee from December 1, 2012 through April 30, 2013; and

c.    Allowing payment to Schiltz in the amount of $4,308.20 for reimbursement of expenses incurred by Schiltz from December 1, 2012 through April 30, 2013; and

300292150.2

    d.    Granting Schiltz such other and further relief as this Court deems just and proper.


                                        Respectfully submitted,

Dated: September 23, 2013                SCHILTZ & SCHILTZ

                                        By:    s/ Franz Schiltz
                                        Franz Schiltz
                                        2 Rue du Fort
                                        Rheinsheim
                                        L-2419
                                        Luxembourg
                                        Telephone: +1(352) 45 64 80
                                        Fax: +1(352) 45 64 44

6

**EXHIBIT A**

**SUMMARY OF INTERIM FEE APPLICATION
OF SCHILTZ & SCHILTZ FOR SERVICES RENDERED
FOR THE PERIOD DECEMBER 1, 2012 THROUGH APRIL 30, 2013**

|  | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Franz Schiltz | 1993 | $633.34 | 59.9 | $37,937.07 |
| Laurence Frising | 1999 | $475.00 | 35.2 | $16,720.00 |
| Claude Veriter | 1997/2003 | $408.33 | 46.5 | $18,987.35 |
|  |  |  |  |  |
| Total: |  | $520.09 | 141.6 | $73,644.41 |
| Total minus 10% Discount |  | $468.08 |  | $66,279.97 |
| **Total Net of 20% Holdback:** |  |  |  | **$53,023.98** |

**EXHIBIT B**

**EXPENSE SUMMARY OF SCHILTZ & SCHILTZ FOR THE
INTERIM PERIOD OF DECEMBER 1, 2012 THROUGH APRIL 30, 2013**

| EXPENSES | AMOUNTS |
|---|---|
| Ordinary expenses @6.5% of fees | $4,308.20 |
| **Total Expenses Requested:** | **$4,308.20** |