**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-1789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**APPLICATION OF TRIAY STAGNETTO NEISH AS SPECIAL COUNSEL TO THE TRUSTEE FOR ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES <u>INCURRED FROM DECEMBER 1, 2012 THROUGH APRIL 30, 2013</u>**

Keith Azopardi, together with other members and associates at the law firm of Triay Stagnetto Neish ("TSN"), special counsel for Irving H. Picard (the "Trustee"), Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor") under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA") and Bernard L. Madoff, submits this Application for Interim Allowance of Fees and Reimbursement of Expenses (the "Application") for compensation of legal fees in the amount of $99,982.03 (of which 20% is to be deferred through the conclusion of the liquidation period) and reimbursement of expenses in the amount of $4,035.89 for the period from December 1, 2012 through April 30, 2013 (the "Compensation Period"). In support of the Application, TSN respectfully submits as follows:

## I. BACKGROUND

1. On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order (the "Decree Order") calling for the liquidation of the business of the Debtor in accordance with SIPA and by Paragraph II of the Decree Order, the Trustee was appointed as the trustee for the liquidation of the Debtor's business.

2. The Debtor's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, to the extent consistent with the provisions of SIPA, is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") pursuant to SIPA § 78fff(b).

3. Beginning on September 11, 2012, TSN has served as special counsel for the Trustee.

4. On November 13, 2012, this Court entered an order approving the Trustee's motion for authority to retain TSN as special counsel to the Trustee in matters pertaining to Gibraltar.

5. The Trustee's motion to retain TSN established a fee arrangement pursuant to which TSN agreed to a fee reduction in the amount of 10% as well as an additional holdback of fees in the amount of 20%.

## II. SERVICES RENDERED BY TSN

6. The legal services performed on behalf of the Trustee during the time period covered by this Application are as follows:

2

*Overview*

### A. The Vizcaya Actions

7. TSN assisted the Trustee's U.S. counsel in preparing oppositions to motions to dismiss filed by Vizcaya and Asphalia. TSN also assisted the Trustee's U.S. counsel in preparing for the hearing before the court on the applications, which was heard in part on March 19, 2013.

8. TSN also represented the Trustee in connection with a claim brought by Mr. Robert Faissal. Mr. Faissal sought enforcement in Gibraltar of a default judgment obtained against Vizcaya in the BVI courts. TSN represented the Trustee in his efforts to intervene in the proceedings before the Gibraltar Court, including assisting in drafting and making the application to join the proceedings before the Court, corresponding with Mr. Faissal's counsel, and preparing and participating in the hearing before the Gibraltar Court. Upon the entry of judgment, TSN assisted the Trustee in seeking a stay of the enforcement of Mr. Faissal's claim.

9. TSN continued to provide assistance with service of process obtained against Vizcaya in the BVI Courts.

### B. Sonja Kohn/Tecno

10. TSN continued to provide the Trustee and the Trustee's U.S. counsel assistance with the proceedings in Gibraltar against Sonja Kohn and other related defendants in support of proceedings pending against them in England and in aid of proceedings in the United States (the "Sonja Kohn Action").

### III. COMPENSATION REQUESTED

11. The Application demonstrates how TSN has both added value to the Debtor's estate and has advanced the Debtor's SIPC liquidation proceeding.

12. TSN has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism. To that end, TSN has staffed this matter leanly and endeavored to eliminate duplication of effort by giving primary responsibility of the case to one partner, Mr. Keith Azopardi.

13. From December 1, 2012 through April 30, 2013, TSN provided a total of 365.80 hours of legal services to the Trustee in this case. Prior to the 10% discount, the total amount of fees incurred in this time period was $111,091.15 and the total blended rate for professional services was $303.69/hour. After the 10% discount, the total amount of fees incurred is $99,982.03 and the total blended rate is $273.32/hour. TSN has agreed to a further holdback of 20% of its fees in the amount of $19,996.40, resulting in the present request for compensation in the amount of $79,985.63.

14. A breakdown of the total number of hours performed by each TSN timekeeper is provided on **Exhibit A** annexed hereto.

15. TSN seeks reimbursement for out-of-pocket expenses incurred in connection with its representation of the Trustee during the Compensation Period of $4,035.89.

16. An itemized list of these expenses is detailed on **Exhibit B** attached hereto.

### IV. GENERAL MATTERS

17. All of the professional services for which compensation is requested herein were performed by TSN for and on behalf of the Trustee and not on behalf of any other person or entity.

18. No agreement or understanding exists between TSN and any other person for sharing compensation received in connection with this case nor has any other person or entity agreed to provide TSN with compensation for the legal services described herein.

4

300294715.1

19. Section 78eee(b)(5)(A) of SIPA provides in pertinent part that, upon appropriate application and after a hearing, "[t]he court shall grant reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred . . . by a trustee, and by the attorney for such a trustee . . . ." Section 78eee(b)(5)(C) of SIPA specifically establishes SIPC's role in connection with applications for compensation and the consideration the Court should give to SIPC's recommendation concerning fees. That section provides as follows:

> In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC. In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendation of SIPC.

SIPA § 78eee(b)(5)(C).

20. To the extent the general estate is insufficient to pay such allowances as an expense of administration, SIPA § 78eee(b)(5)(E) requires SIPC to advance the funds necessary to pay the compensation of TSN (*see* SIPA § 78fff-3(b)(2)).

21. The Trustee has determined, at this time, that he has no reasonable expectation that the general estate will be sufficient to make a distribution to general creditors or pay administrative expenses. The Trustee has been advised by SIPC that it concurs in this belief of the Trustee. Accordingly, any fees and expenses allowed by this Court will be paid from advances by SIPC without any reasonable expectation by SIPC of recoupment thereof.

22. Therefore, with respect to this Application, TSN requests that consistent with section 78eee(b)(5)(C) of SIPA, the Court "shall award the amounts recommended by SIPC." *See In re Bell & Beckwith*, 112 B.R. 876 (Bankr. N.D. Ohio 1990). TSN expects that SIPC's recommendation shall be filed with this Court separately.

**WHEREFORE**, TSN respectfully requests that this Court enter an Order:

5

a. Granting this Application; and

b. Allowing and awarding $99,982.03, of which $79,985.63 is to be paid currently $19,996.40 is to be held back through the conclusion of the liquidation period or until further order of the Court, as an interim payment for professional services rendered by TSN to the Trustee from December 1, 2012 through April 30, 2013; and

c. Allowing payment to TSN in the amount of $4,035.89 for reimbursement of expenses incurred by TSN from December 1, 2012 through April 30, 2013; and

d. Granting TSN such other and further relief as this Court deems just and proper.

 

Respectfully submitted,

Dated: September 23, 2013          TSN

By: _s/ Keith Azopardi_
Keith Azopardi
Burns House
19 Town Range
Gibraltar
Telephone: +350 200 79423
Fax: +350 200 71405

# EXHIBIT A

## SUMMARY OF INTERIM FEE APPLICATION
## OF TSN FOR SERVICES RENDERED
## FOR THE PERIOD DECEMBER 1, 2012 THROUGH APRIL 30, 2013

|  | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Keith Azopardi | 1990 (UK & Gib) | $347.73 | 198.8 | $69,128.72 |
| Owen Smith | 2000 (UK) 2002 (Gib) | $347.27 | 49.9 | $17,328.77 |
| Kelly Power | 2009 (UK & Gib) | $225.76 | 42.3 | $9,549.65 |
| Lesley-Ann Saez | 2013 (Gib) | $210.67 | 41.9 | $8,827.07 |
| Alex Lugnani | 2011 (UK & Gib) | $195.13 | 0.5 | $97.57 |
| David Walsh | Trainee Solicitor | $190.95 | 17.5 | $3,341.63 |
| Nicholas Bottino | 2011 (UK & Gib) | $189.11 | 14.9 | $2,817.74 |
| Total: |  | $303.69 | 365.8 | $111,091.15 |
| Total minus 10% Discount |  | $273.32 |  | $99,982.03 |
| **Total Net of 20% Holdback:** |  |  |  | $79,985.63 |

# EXHIBIT B

## EXPENSE SUMMARY OF TSN
## FOR THE PERIOD
## OF DECEMBER 1, 2012 THROUGH APRIL 30, 2013

| EXPENSES | AMOUNTS |
|---|---|
|  |  |
| Travel Expenses | $2,839.90 |
| General Expenses (telephone, copies, postage, etc.) | $494.18 |
| Court Fees | $701.81 |
|  |  |
| **Total Expenses Requested:** | **$4,035.89** |