**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-01789 (BRL) <br><br> SIPA Liquidation <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |

**COURT'S CERTIFICATION OF NET EQUITY ADJUSTMENT ORDER OF SEPTEMBER 10, 2013 FOR IMMEDIATE APPEAL TO THE UNITED STATES COURT OF APPEALS PURSUANT TO 28 U.S.C. § 158(d)(2)**

The Court having issued the Memorandum Decision and Order Granting, to the Extent Set Forth Herein, the Trustee's Motion for an Order Affirming the Trustee's Calculations of Net Equity and Denying Time-Based Damages (the "Net Equity Adjustment Order") on September 10, 2013; and because the Net Equity Adjustment Order impacts the interests of the parties to the above captioned proceeding, the Court, on its own motion, joined by the annexed request (the "Certification Request") of the Trustee, the Securities Investor Protection Corporation, and the law firms of K&L Gates LLP, Kramer Levin Naftalis & Frankel LLP, Loeb & Loeb LLP, Milberg LLP, Schulte Roth & Zabel LLP and Seeger Weiss LLP, on behalf of the BLMIS claimants represented by the same, setting forth the bases for certification pursuant to 28 U.S.C. § 158(d)(2), which request the Court treats as a motion for certification; and the United States Securities & Exchange Commission having indicated that it has no objection to the Certification Request; and the Court having found that (i) the Court has jurisdiction over this matter pursuant

to 28 U.S.C. §§1334 and 157; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); and (iii) the legal and factual issues presented establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The relief sought in the request is GRANTED.

2. The Court certifies that an immediate appeal of the Net Equity Adjustment Order is appropriate for the reasons set out in the annexed Certification Request.

3. The Court therefore certifies the Net Equity Adjustment Order for immediate appeal to the United States Court of Appeals pursuant to 28 U.S.C. § 158(d)(2).

Dated: New York, New York
September 24, 2013

/s/ Burton R. Lifland
United States Bankruptcy Judge

# Baker Hostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

September 20, 2013

David J. Sheehan
direct dial: 212.589.4616
dsheehan@bakerlaw.com

**VIA EMAIL, FIRST CLASS MAIL, AND ECF**

Honorable Burton R. Lifland
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

Re: *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC,* 08-1789 (BRL) (Substantively Consolidated)

Dear Judge Lifland:

     Baker & Hostetler LLP, as counsel to Irving H. Picard ("Trustee"), the Trustee for the substantively consolidated liquidation proceedings of Bernard L. Madoff Investment Securities LLC ("BLMIS") and Bernard L. Madoff, the Securities Investor Protection Corporation, and the law firms of K&L Gates LLP, Kramer Levin Naftalis & Frankel LLP, Loeb & Loeb LLP, Milberg LLP, Schulte Roth & Zabel LLP and Seeger Weiss LLP, on behalf of the BLMIS claimants they represent, jointly write to request that this Court certify its Memorandum Decision and Order Granting, to the Extent Set Forth Herein, the Trustee's Motion for an Order Affirming the Trustee's Calculations of Net Equity and Denying Time-Based Damages, dated September 10, 2013 (the "Decision"), granting the Trustee's motion ("Motion") seeking an order affirming the Trustee's determination that the claims of BLMIS customers for "net equity," as defined in SIPA § 78*lll*(11), do not include interest, time value of money, or inflation or constant dollar adjustments (collectively, "Net Equity Adjustments"), for immediate direct appeal to the United States Court of Appeals for the Second Circuit, pursuant to 28 U.S.C. § 158(d)(2).

Honorable Burton R. Lifland
September 20, 2013
Page 2

This Court previously determined that the net investment method, as opposed to the "last statement method," was the proper manner in which to calculate "net equity," as defined in SIPA. *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Bernard L. Madoff Inv. Sec. LLC)*, 424 B.R. 122, 129-30 (Bankr. S.D.N.Y. 2010). This ruling was certified to the Second Circuit for an immediate direct appeal and was affirmed by the Second Circuit. *In re Bernard L. Madoff Inv. Sec. LLC*, 654 F.3d 229, 232 (2d Cir. 2011), *cert. denied*, 133 S. Ct. 24, 133 S. Ct. 25 (2012) ("*Net Equity Decision*").

The earlier litigation on the interpretation of net equity in the BLMIS liquidation did not determine the issue of whether the net equity definition includes Net Equity Adjustments. Accordingly, the Trustee's Motion sought to resolve that issue. After notice and a hearing, and after due consideration of all responses and oppositions filed in connection with the Motion, the Court granted the Motion and issued the Decision.

Under the terms of 28 U.S.C. § 158(d)(2), a bankruptcy court may certify an order for immediate appeal to a circuit court of appeal where, among other grounds, the order involves a "question of law as to which there is no controlling decision of the court of appeals," "involves a matter of public importance," or where an appeal from the order "may materially advance the progress of the case." 28 U.S.C. § 158(d)(2)(A)(i) and (iii). Certification is mandatory where the bankruptcy court determines that these circumstances exist. *Id.* § 158(d)(2)(B) ("If the bankruptcy court . . . determines that a circumstance specified in clause (i), (ii), or (iii) of subparagraph (A) exists . . . then the bankruptcy court shall make the certification described in subparagraph (A)").

As the Court is well-aware, this SIPA liquidation proceeding arises out of the fraud perpetrated by Bernard L. Madoff. The Trustee has recovered more than $9 billion thus far for distribution to BLMIS customers. While the Trustee distributed over $5 billion to customers with allowed claims, the pendency of this issue precludes the Trustee from distributing an additional $1.4 billion to customers until such time as this issue is resolved. Moreover, the Net Equity Adjustment issue impacts the determination and calculation of every customer claim filed in this proceeding because it determines the amounts in which claimants will be able to recover from the fund of customer property and whether they will be entitled to any advances from the SIPC fund. The entry of a final, non-appealable order regarding the Net Equity Adjustment dispute will provide finality and closure to those who were victimized as a result of Madoff's fraudulent scheme. Thus, all parties—both customer claimants and the Trustee— would benefit from an expedited resolution of this issue consistent with the law. Under these circumstances, a direct appeal from the order will materially advance the progress of the case, making certification appropriate. *See* 28 U.S.C. § 158(d)(2)(A)(iii).

As this liquidation proceeding affects a large number of customer claimants, and has generated Congressional hearings, proposed amendments to the United States Code, and sustained press coverage, we submit that this proceeding, and particularly the Net Equity Adjustment dispute, is a matter appropriate for certification to the Court of Appeals. As this Court indicated in its Decision, the factors contained in 28 U.S.C. § 158(d)(2)(A) are met. *See* Decision at 25.

Honorable Burton R. Lifland
September 20, 2013
Page 3

The United States Securities & Exchange Commission has indicated that they have no objection to this request.

Accordingly, we respectfully request that this appeal be certified for direct appeal to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 158(d)(2)(A).

Respectfully submitted,

*/s/ David J. Sheehan*

David J. Sheehan

*/s/ Richard A. Kirby*
K&L Gates LLP

*/s/ Elise S. Frejka*
Kramer Levin Naftalis & Frankel LLP

*/s/ Gregory Schwed*
Loeb & Loeb LLP

*/s/ Jennifer L. Young*
Milberg LLP

*/s/ Marcy R. Harris*
Schulte Roth & Zabel LLP

*/s/ Parvin K. Aminolroaya*
Seeger Weiss LLP


cc:   Irving H. Picard, Esq.
      Josephine Wang, Esq.
      John Avery, Esq.