Dennis J. Nolan, Esq.
Luma al-Shabib, Esq.
Beth D. Simon, Esq.
**ANDERSON KILL P.C.**
1251 Avenue of the Americas
New York, New York 10020
(212) 278-1000

**PRESENTMENT DATE:**
October 23, 2013 at 12:00 noon

**OBJECTION DEADLINE:**
October 16, 2013 at 11:30 a.m.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>**BERNARD L. MADOFF INVESTMENT SECURITIES LLC,**<br><br>Debtor. | Case No. 08-1789 (BRL)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| **IRVING L. PICARD**, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, Plaintiff,<br><br>- against –<br><br>**ALPHA PRIME FUND, LIMITED,** and **HSBC BANK PLC,** and **HSBC SECURITIES SERVICES (LUXEMBOURG) S.A.,**<br><br>Defendants. | Adv. Pro. No. 09-01364 (BRL) |

TO:   THE HONORABLE BURTON L. LIFLAND
      UNITED STATES BANKRUPTCY JUDGE

**APPLICATION OF ANDERSON KILL P.C. TO WITHDRAW AS COUNSEL TO DEFENDANTS ALPHA PRIME FUND, LTD., ALPHA PRIME ASSET MANAGEMENT, LTD., CARRUBA ASSET MANAGEMENT LTD., REGULUS ASSET MANAGEMENT LTD, SENATOR FUND SPA, SENATOR FUND SPC., TEREO TRUST COMPANY LIMITED, AND URSULA RADEL-LESZCZYNSKI**

Anderson Kill P.C. ("AK"), respectfully submits this Application, pursuant to Rule 2090-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York ("Local Bankruptcy Rule 2090-1") and 22 N.Y.C.R.R. Part 1200 Rule 1.16 ("Professional Conduct Rule 1.16") to withdraw as counsel to Defendants

nydocs1-1018486.1

Alpha Prime Fund, Ltd. ("Alpha Prime"), Alpha Prime Asset Management, Ltd. ("APAM", and together with Alpha Prime, the "Alpha Prime Defendants"), Carruba Asset Management Ltd. ("Carruba"), Regulus Asset Management Ltd. ("Regulus"), Senator Fund SPA ("Senator SPA"), Senator Fund SpC ("Senator SpC", and together with Senator SPA, the "Senator Defendants"), Tereo Trust Company Limited ("Tereo"), and Ursula Radel-Leszczynski ("Radel- Leszczynski", and collectively with the Alpha Prime Defendants, Carruba, Regulus, the Senator Defendants, and Tereo, the "Defendants"). In support of the Application, AK respectfully states as follows:

## PRELIMINARY STATEMENT

1.  AK's Application for leave to withdraw from its representation of the Defendants in the above-captioned cases should be granted. The Defendants have discharged AK and requested that it no longer represent them in this matter. Pursuant to the New York Rules of Professional Conduct, AK's withdrawal under these circumstances is mandatory. *See* Professional Conduct Rule 1.16(b)(3). Therefore, good cause exists for the Court to grant this Application.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334 and the "Standing Order of Referral of Cases to Bankruptcy Judges" for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

3.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4.  The predicate for the relief sought herein is Local Bankruptcy Rule 2090-1 and Professional Conduct Rule 1.16.

nydocs1-1018486.1

## GENERAL BACKGROUND

5.  On December 11, 2008, Bernard L. Madoff was arrested by federal agents for violation of the criminal securities laws, including, inter alia, securities fraud, investment adviser fraud, and mail and wire fraud.

6.  On December 15, 2008, pursuant to SIPA § 78eee(a)(4)(b), SIPC filed an application in the District Court alleging, inter alia, that BLMIS was not able to meet its obligations to securities customers as they came due and, accordingly, its customers needed the protections afforded by SIPA. Simultaneously therewith, the District Court appointed the Trustee for the liquidation of the business of BLMIS pursuant to SIPA § 78eee(b)(3).

7.  Shortly after the commencement of the SIPA proceeding, Alpha Prime and the Senator Defendants filed proofs of claim in these cases.

8.  On or about July 15, 2009, the Trustee filed the Complaint (as subsequently amended) seeking to avoid and recover allegedly preferential and/or fraudulent transfers of property, pursuant to 11 U.S.C. §§ 542, 547 and 548, made by the Debtor and to expunge the SIPA claims of various defendants, including Alpha Prime and the Senator Defendants.

9.  On or about September 3, 2009, Alpha Prime retained AK to defend it in connection with the adversary proceeding, and to take all steps necessary to maximize its recovery on its proof of claimed filed against the Madoff SIPA estate.

10. On or about November 6, 2009, the Senator Defendants retained AK to represent them in connection with a subpoena issued in this adversary proceeding. On March 17, 2011, the Senator Defendants retained AK to defend them in this adversary

3

proceeding, and to take all steps necessary to maximize their recovery on their proof of claim filed against the Madoff SIPSA estate.

11. On or about March 17, 2011, APAM, Carruba, Regulus, and Tereo retained AK to defend them in this adversary proceeding.

12. On or about February 13, 2013, Radel-Leszczynski retained AK to defend her in this adversary proceeding.

13. On June 30, 2013, Todd E. Duffy, the shareholder at AK responsible for the representation of the Defendants, left AK to join DuffyAmedeo. The Defendants elected to retain Mr. Duffy at his new firm and terminate their attorney-client relationship with AK. The docket for these cases reflects Mr. Duffy's representation of the Defendants through DuffyAmedeo.

## ARGUMENT

14. The Local Bankruptcy Rules of the Southern District of New York provide that "[a]n attorney who has appeared as attorney of record may withdraw or be replaced only by order of the Court for cause shown." Local Bankruptcy Rule 2090-1(e).

15. AK's request for leave to withdraw should be granted because AK's withdrawal complies with New York's Disciplinary Rules of the Code of Professional Responsibility which requires an attorney to withdraw where the client discharges the attorney. Professional Conduct Rule 1.16 (b)(3). Here, the Defendants expressly discharged AK and asked AK to cease working on this case.

4

## CONCLUSION

Because the Defendants requested that AK terminate its representation of them, good cause exists to grant this Application. Accordingly, AK respectfully requests that this Court enter an order: (i) allowing it to withdraw as counsel of record for the Defendants; and (ii) granting any other and further relief as the Court deems appropriate.

Dated: October 2, 2013

**ANDERSON KILL P.C.**
 /s/ Dennis J. Nolan
Dennis J. Nolan
Luma al-Shabib
Beth D. Simon
1251 Avenue of the Americas
New York, NY  10020
Telephone:  212-278-1000