|  |  |
|---|---|
| Presentment Date: | November 13, 2013 |
| Time: | 12:00 PM |
| Objections Due: | November 13, 2013 |
| Time: | 11:00 AM |

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Mark A. Kornfeld
Benjamin D. Pergament
Karin Scholz Jenson
Elyssa S. Kates
Samir K. Ranade

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |

**TRUSTEE'S MOTION FOR ISSUANCE OF LETTERS**
**OF REQUEST UNDER THE HAGUE EVIDENCE CONVENTION**

Pursuant to 28 U.S.C. § 1781(b)(2), the Convention of 18 March 1970 on the Taking of

Evidence Abroad in Civil or Commercial Matters (the "Hague Evidence Convention" or

"Convention"), and Rule 2004 of the Federal Rules of Bankruptcy Procedure, Irving H. Picard, as trustee ("Trustee") under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa *et seq.*, for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the estate of Bernard L. Madoff ("Madoff"), by and through his undersigned counsel, respectfully submits this Motion for Issuance of Letters of Request Under the Hague Evidence Convention (the "Motion"). In support thereof, the Trustee respectfully represents as follows:

## BACKGROUND

1.   By this Motion, the Trustee requests that the Court enter an order directing the issuance of the four accompanying letters of request ("Requests") pursuant to the Hague Evidence Convention.[1]

2.   The Requests seek assistance from an appropriate judicial authority in France to request the production of documents from non-parties (1) Ulysse Patrimoine Holding SAS ("Ulysse Patrimoine"), (2) Massena Partners SA ("Massena"), (3) Fondation Bettencourt Schueller ("Fondation Bettencourt"), entities located in Paris, France, and (4) Tethys SAS ("Tethys"), an entity located in Neuilly-sur-Seine, France (Ulysse Patrimoine, Massena, Fondation Bettencourt, and Tethys collectively referred to herein as "the Entities").

3.   The Trustee believes that each of the Entities is in possession of documents regarding transfers of Customer Property[2], including fictitious profits, made from BLMIS to the Entities via BLMIS feeder funds Oreades SICAV ("Oreades") and Luxalpha SICAV ("Luxalpha"). The Trustee believes the evidence sought is directly relevant to assessing

---

[1] *See* Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Mar. 18, 1970, 23 U.S.T. 2555, 847 U.N.T.S. 231.

[2] SIPA § 78*lll*(4) defines "Customer Property" as "cash and securities . . . at any time received, acquired, or held by or for the account of a debtor from or for the securities accounts of a customer, and the proceeds of any such property transferred by the debtor, including property unlawfully converted."

2

potential claims affecting the BLMIS estate and is essential to fulfilling the Trustee's duty to investigate the location of estate assets. Proceeding by way of the Hague Evidence Convention—under which a French judicial authority may direct the Entities to produce the relevant documents—is both necessary and appropriate in this case.

4.  According to the Trustee's records, in the six years before December 11, 2008, at least $430 million was transferred directly from BLMIS to Oreades, including $160,211,563 in fictitious profits, and in the six years before December 11, 2008, at least $766 million was transferred directly from BLMIS to Luxalpha. The Trustee believes that a substantial portion of these amounts was subsequently transferred to the Entities or their predecessors in interest. The Trustee seeks records from the Entities in order to shed light on these transfers.

5.  Specifically, the Requests seek documents regarding any suspicious activity, expression of concern, or other "red flag" or impossible events regarding BLMIS, Oreades or Luxalpha that would serve to put the Entities on notice of fraud at BLMIS. The Requests also seek evidence relating to due diligence inquiries and procedures taken by, or on behalf of, the Entities relating to BLMIS, Oreades or Luxalpha. Such evidence would be probative of the Entities' awareness of fraud at BLMIS.

6.  None of the entities is a defendant in any of the adversary proceedings filed by the Trustee. The Trustee has potential subsequent transferee claims against the Entities or their predecessors in interest for the funds transferred to them from Oreades and Luxalpha, and the requested documents will assist the Trustee in investigating these claims.

7.  Because none of the Entities are parties or located within the United States, and the Trustee may not be able to obtain the evidence through other means, the Trustee seeks to proceed via the appropriate channels under the Hague Evidence Convention.

3

## STANDARD FOR ISSUING LETTERS OF REQUEST

8. On January 12, 2009, this Court entered an "Order Granting Authority to Issue Subpoenas for the Production of Documents and the Examination of Witnesses" (the "January 2009 Order"). Under the January 2009 Order, the Trustee "is authorized to issue and serve Rule 2004 Subpoenas for examination under Bankruptcy Rule 2004."

9. Under 28 U.S.C. § 1781(b)(2), this Court has the authority to issue a request under the Hague Evidence Convention to tribunals, officers, or agencies in France. The Hague Evidence Convention, of which both the United States and France are signatories,[3] provides a mechanism for gathering evidence abroad through the issuance of a letter of request.[4] "The party seeking to pursue discovery through the Hague Evidence Convention bears the burden of demonstrating that proceeding in that manner is 'necessary and appropriate.'" *Metso Minerals Inc. v. Powerscreen Int'l Distrib. Ltd.*, No. CV 06-1446 (ADS) (ETB), 2007 WL 1875560, at *2 (E.D.N.Y. June 25, 2007) (*quoting In re Baycol Prods. Litig.*, 348 F. Supp. 2d 1058, 1059 (D. Minn. 2004)). "That burden is not great, however, since the 'Convention procedures are available whenever they will facilitate the gathering of evidence by the means authorized in the Convention.'" *Tulip Computers Int'l B.V. v. Dell Computer Corp.*, 254 F. Supp. 2d 469, 474 (D. Del. 2003) (*quoting Société Nationale Industrielle Aerospatiale v. United States District Court for the District of Iowa*, 482 U.S. 522, 541 (1987)). The Convention procedures are available even when the entity from whom discovery is sought "is subject to the jurisdiction of an American court." *Société Nationale Industrielle Aerospatiale*, 482 U.S. at 540.

---

[3] *See* HCCH – Status Table, http://www.hcch.net/index_en.php?act=conventions.status&cid=82 (last visited October 29, 2013).

[4] The terms "letter of request" and "letter rogatory" are used interchangeably to denote a formal request, from a court in which an action is pending, to a foreign court to perform some judicial act. *See* 22 C.F.R 92.54 (2011); U.S. Department of State, Preparation of Letters Rogatory, http://travel.state.gov/law/judicial/judicial_683.html#sample (last visited October 29, 2013).

10. By this Motion, the Trustee seeks the entry of an order under 28 U.S.C. § 1781(b)(2), the Hague Evidence Convention, and Bankruptcy Rule 2004 directing that the Requests be issued in this proceeding for the purpose of obtaining relevant documents from the Entities. The Trustee seeks to serve the Requests in France by way of the Hague Evidence Convention, and in compliance with all applicable procedures and rules under French law. The Trustee seeks to utilize the Hague Evidence Convention to obtain the same evidence that could be requested via a Rule 2004 subpoena.

## THE LETTERS OF REQUEST ARE NECESSARY AND APPROPRIATE

11. Issuance of the accompanying Requests is necessary and appropriate in this case. First, the Requests comply with the requirements of Article 3 of the Hague Evidence Convention regarding the form and content of letters of request. Second, the Requests are narrowly tailored to lead to relevant evidence. Third, proceeding through the Hague Evidence Convention is an appropriate means of obtaining relevant evidence under the circumstances.

### The Requests Comply With Article 3 of the Convention

12. Article 3 of the Convention provides that a letter of request shall specify certain information, *see* Hague Evidence Convention, Art. 3., all of which appear on the Trustee's proposed Requests where applicable:

(a) The authority requesting its execution and the authority requested to execute it, if known to the requesting authority (*see* proposed Requests, Section I);

(b) The names and addresses of the parties to the proceedings and their representatives, if any (*see* proposed Requests, Section II ¶ 6);

(c) The nature of the proceedings for which the evidence is required, giving all necessary information in regard thereto (*see* proposed Requests, Section II ¶ 7);

(d) The evidence to be obtained or other judicial act to be performed (*see* proposed Requests, Section II ¶ 8);

5

  (e) The names and addresses of the persons to be examined (not applicable); and

  (f) The documents or other property, real or personal, to be inspected (*see* proposed Requests, Section III ¶ 9).

13. The Trustee's proposed Requests contain all of the necessary specifications and are therefore proper under Article 3.

### The Requests Are Narrowly Tailored To Lead To Relevant Evidence

14. The Requests seek records regarding BLMIS, Oreades, Luxalpha, and the Entities, including documents regarding meetings discussing investments or potential investments in BLMIS, documents concerning meetings with other individuals (including Harry Markopolous) who are known to have been suspicious of BLMIS, meetings with Madoff and/or employees of BLMIS, and prospectuses and offering memoranda from Oreades. *See* Exhibits to proposed Requests. As noted above, the Trustee has identified over $430,322,514 in transfers to Oreades and over $766 million in transfers to Luxalpha, which were made under suspicious circumstances, and of which the Trustee believes a substantial portion was transferred to the Entities or their predecessors in interest. *See* proposed Requests, Section II ¶ 7. The Trustee is entitled to investigate the Entities' knowledge of the fraud and/or suspicious circumstances surrounding BLMIS. This question is directly relevant to assessing the Trustee's potential subsequent transferee claims against the Entities.

15. The proposed Requests are narrowly tailored to address precisely these questions. The Requests seeking documents concerning meetings or communications specify the time frames and/or locations of such meetings or communications, and the documents evidencing such meetings or communications are even attached to the Requests as exhibits. Should the French judicial authority deem the Requests overbroad, that authority may tailor the Requests as necessary to accord with local law and practice. *See Tulip Computers Int'l. B.V. v. Dell*

6

*Computer Corp.*, 254 F. Supp. 2d at 475 (noting that, if request is overbroad under foreign law, foreign judicial authority may narrow the request before any documents are produced). Accordingly, the Requests seek no more than is necessary to illuminate the issues discussed herein.

## Proceeding Through the Hague Evidence Convention Is An Appropriate Means Of Obtaining Relevant Evidence

16.     The Requests function as the equivalent of Rule 2004 subpoenas, which are "appropriate for revealing the nature and extent of the bankruptcy estate, and for discovering assets, examining transactions, and determining whether wrongdoing has occurred." *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002). As discussed above, those are precisely the reasons the Trustee seeks the issuance of the Requests via the Hague Evidence Convention here. *See In re Application of Hill*, No. M19-117 (RJH), 2005 WL 1330769, at *5 n.5 (S.D.N.Y. June 3, 2005) (granting judicial assistance to foreign liquidators in the issuance of subpoenas on non-party U.S. companies and noting that "[p]roviding discovery in aid of the Liquidators' administration and evaluation of the debtors' estate . . . serve [the] purpose in encouraging foreign countries by example to provide similar assistance to our courts.").

17.     In this case, the procedures under the Hague Evidence Convention are an appropriate means of obtaining the evidence sought from all the Entities, each of which is a non-party domiciled in France. Accordingly, the most efficient means of obtaining records from the Entities at the present stage is to seek compulsion through the Hague Evidence Convention, which will facilitate the gathering of relevant evidence regarding the Entities and transfers of Customer Property.

## **NOTICE**

18. Notice of this Motion will be provided by U.S. Mail, postage prepaid or email to (i) all parties included in the Master Service List as defined in the Order Establishing Notice Procedures (ECF No. 4560); (ii) all parties that have filed a notice of appearance in this case; (iii) the SEC; (iv) the IRS; (v) the United States Attorney for the Southern District of New York; and (vi) SIPC, pursuant to the Order Establishing Notice Procedures (ECF No. 4560). Copies of the Requests are available for review upon written or telephonic request to: Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, NY 10111, Attn: Nikki Landrio, Tel: (212) 589-4221, Email: nlandrio@bakerlaw.com. The Trustee submits that no other or further notice is required.

19. The Trustee made no prior request to this Court or to any other court for the relief requested by this Motion.

20. **WHEREFORE**, the Trustee respectfully requests that the Court enter an order, substantially in the form of the proposed order annexed hereto, directing that the accompanying Requests be signed and issued with the seal of the Court for transmission to the appropriate judicial authority in France.

Dated: New York, New York  
       November 4, 2013

Respectfully submitted,

By: /s/ Benjamin D. Pergament  
    BAKER & HOSTETLER LLP  
    45 Rockefeller Plaza  
    New York, New York 10111  
    Telephone: (212) 589-4200  
    Facsimile: (212) 589-4201  
    David J. Sheehan  
    Mark A. Kornfeld  
    Benjamin D. Pergament  
    Karin Scholz Jenson  
    Elyssa S. Kates  
    Samir K. Ranade

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

9

# EXHIBIT 1

|  | Presentment Date: | November 13, 2013 |
|---|---|---|
|  | Time: | 12:00 PM |
|  | Objections Due: | November 13, 2013 |
|  | Time: | 11:00 AM |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |

**ORDER ISSUING LETTERS OF REQUEST**
**UNDER THE HAGUE EVIDENCE CONVENTION**

Upon the motion (the "Motion") of Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the estate of Bernard L. Madoff, for an order issuing the accompanying letters of request (the "Requests") under the Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters for transmission to the appropriate judicial authority in France, and due and sufficient notice of the Motion having been given under the circumstances, and it appearing that the Requests are appropriate, it is hereby

ORDERED that the Motion is granted; and it is further

ORDERED that the Requests forwarded to the Court shall not be docketed and shall be signed by the Court and that the Clerk of this Court is directed to stamp the Requests with the seal of the Court for transmission to the appropriate judicial authority in France.

Dated: New York, New York
_____ \_\_, 2013

_____
Hon. Burton R. Lifland
UNITED STATES BANKRUPTCY JUDGE

2